**MDL 875**

NOV – 9 2009

FILED
CLERK'S OFFICE

PLEADING NO. 5967

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

WILLIE GILL, et al., v. A.W. CHESTERTON COMPANY; *et al.,*  C.D. California,
C. A. No. CV-09-6952-R-(VBKx)

PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

---

**PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

PAGE 1

IMAGED NOV 9 : 2009   **OFFICIAL FILE COPY**   ORIGINAL

1      Plaintiffs hereby move the Judicial Panel on Multidistrict Litigation for an

2 order vacating the conditional transfer order of the instant action to the Eastern

3 District of Pennsylvania.  The motion is based on this notice, the memorandum of

4 points and authorities, the declaration of Daniel Keller, all papers and records on file

5 in the state and federal court files pertaining to this case, and such argument as may

6 be made at the hearing.

7      By this motion, plaintiffs seek an order of the Judicial Panel vacating the

8 conditional transfer order of October 8, 2009, to enable the transferee court to hear

9 and rule on plaintiffs' motion to remand the instant action to state court.

10

11 DATED: November 6, 2009     **KELLER, FISHBACK & JACKSON LLP**

12

13                 By:    _____

14                      Daniel Keller (State Bar No. 191738)
dkeller@kfjlegal.com

15                     **KELLER, FISHBACK & JACKSON LLP**

16                     18425 Burbank Blvd., Suite 610
Tarzana, CA  91356

17                     Telephone:  818.342.7442
Facsimile:  818.342.7616

18                     Attorneys for Plaintiffs Willie Gill and
Jeanetta Gill

19

20

21

22

23

24

25

26

27

28

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV – 9 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

WILLIE GILL, et al., v. A.W. CHESTERTON COMPANY; *et al.,*  C.D. California,
C. A. No. CV-09-6952-R-(VBKx)

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL
TRANSFER ORDER

ORIGINAL

## **INTRODUCTION**

Plaintiffs filed a motion to remand this action to state court set for hearing on November 16, 2009 before the transferee district court located in the Central District of California.  Should the transferee court remand this action to state court for the reasons set forth in plaintiffs' motion to remand and briefly summarized below, an order transferring the instant action to the Eastern District of Pennsylvania would be unnecessary and moot.  Plaintiffs therefore request that the conditional transfer order be vacated to enable the transferee court to hear and rule on plaintiffs' motion to remand the instant action.  Alternatively, plaintiffs' request that the Judicial Panel defer the decision on the transfer of this action to a date after the transferee court has heard and ruled on plaintiffs' motion to remand this action to state court.

Plaintiffs request that the conditional transfer order be vacated so that the transferee court may address the procedural and substantive defects in Defendant's removal of the instant action to federal court.  First, the removal of the instant action that necessitated the involvement of the Judicial Panel was untimely.  Second, removal of the instant action is without legal basis as plaintiffs disclaimed any cause of action for injuries caused by the acts or omissions of defendants committed at the specific and proven direction of an officer of the United States government acting within in his official capacity.

And lastly, defendant has not met its burden in demonstrating that removal of the instant action is proper under federal officer jurisdiction specified in 28 U.S.C. § 1442(a)(1), for the following reasons:  1) GE failed to establish that  this action should be removed based on federal officer jurisdiction under 28 U.S.C. §1442(a)(1), because it failed to set forth any admissible evidence that it acted under the direction of a federal officer, that it has a colorable federal defense to the plaintiffs' claims; and that there is a causal nexus between the plaintiffs' claims and the acts the defendant performed under color of federal office, 2) as plaintiffs' claims against GE are based on GE's failure to warn about the risks of working with

1  and around the asbestos in its products, removal is inappropriate because there is no

2  federal subject matter jurisdiction over failure to warn claims in an asbestos case,

3  and 3) removal is unwarranted because displacement of state law is appropriate only

4  where a 'significant conflict' exists between an identifiable 'federal policy or

5  interest and the [operation] of state law, and such conflict does not exist here.

6    To enable the transferee court to hear and rule on the issues raised in

7  plaintiffs' motion to remand the instant action to state court, plaintiffs respectfully

8  request that the Judicial Panel vacate its conditional transfer order, or alternatively,

9  defer the decision on the transfer of this action to a date after the transferee court has

10  heard and ruled on plaintiffs' motion to remand this action to state court.

11  **STATEMENT OF FACTS**

12    This motion arises from the removal of a wrongful action arising from the

13  death of James Gill due to exposure to defendants' asbestos and asbestos-containing

14  products. (Complaint, ¶ 10-12, Keller Dec. ¶ 2, Ex. A.)  On November 7, 2008,

15  heirs to decedent, Ms. Willie Gill and Ms. Jeanetta Gill, instituted the underlying

16  action in California state court alleging that Mr. Gill contracted lung cancer as a

17  result of his exposure to asbestos and asbestos-containing products, including but

18  not limited to turbines. (Complaint, ¶ 5, Keller Dec. ¶ 2, Ex. A.)  Plaintiffs further

19  alleged that decedent's exposure to turbines transpired during his employment as a

20  pipefitter, among other places, at the Long Beach and Philadelphia Naval Shipyards.

21  (Complaint, ¶ 9-10, 30, 32, Keller Dec. ¶ 2, Ex. A.)

22    Plaintiffs personally served GE with the Summons and Complaint on

23  December 1, 2008.  (Proof of Service on Defendant, Keller Dec. ¶ 3, Ex. B.)  GE

24  filed its notice of removal in this Court on September 24, 2009.  (Defendant's Proof

25  of Service on Plaintiff, Keller Dec. ¶ 4, Ex. C.)

26    On September 28, 2009, defendant filed a motion to stay the proceedings

27  pending a decision on transfer by the Judicial Panel.  (Keller Dec. ¶ 5.)

28    On October 8, 2009, the United States Judicial Panel on Multidistrict

---

1  Litigation, issued a conditional transfer order in this matter to the Eastern District of

2  Pennsylvania. (Conditional Transfer Order, Keller Dec. ¶ 6, Ex. D.)  Plaintiffs filed

3  a motion to remand the instant action to state court on October 13, 2009, said

4  motion scheduled to be heard on November 16, 2009 by Judge Manuel Real of the

5  United States District Court, Central District of California. (Keller Dec. ¶ 7.)

6  Plaintiffs on October 20, 2009, sent notice to the Judicial Panel of plaintiffs'

7  pending Remand Motion and intent to oppose the transfer of the instant action to the

8  Eastern District of Pennsylvania. (Plaintiffs' Notice of Opposition, Keller Dec. ¶ 8,

9  Ex. E.)  The Judicial Panel on October 23, 2009 stayed the transfer of the instant

10 action to the Eastern District of Pennsylvania until further order of the Panel.

11 (Judicial Panel's Notice of Stay, Keller Dec. ¶ 9, Ex. F.)

## LEGAL ANALYSIS

**A.    A DECISION ON WHETHER TO TRANSFER OF THE INSTANT ACTION TO THE EASTERN DISTRICT OF PENNSYLVANIA IS NOT RIPE FOR ADJUDICATION**

16        Upon receiving notice of the removal of the instant action, plaintiffs timely

17 filed a motion to remand this action to state court. Plaintiffs' motion is set for

18 hearing on November 16, 2009 before the transferee district court located in the

19 Central District of California. Should the transferee court remand this action to state

20 court, an order transferring the instant action to the Eastern District of Pennsylvania

21 would be unnecessary and moot. Plaintiffs therefore request that the conditional

22 transfer order be vacated to enable the transferee court to hear and rule on plaintiffs'

23 motion to remand the instant action set to be heard on November 16, 2009.

24 Alternatively, plaintiffs' request that the Judicial Panel defer the decision on the

25 transfer of this action to a date after the transferee court has heard and ruled on

26 plaintiffs' motion to remand this action to state court.

27 ///

28 ///

---

**B.    GE'S REMOVAL OF THIS ACTION TO FEDERAL COURT IS UNTIMELY**

Simply put, GE missed the deadline to file its notice of removal.  A defendant must file its notice of removal in the district court within 30 days after receipt of the first pleading, amended pleading, motion, order or other paper in the state action setting forth a removable claim otherwise it waives its right to remove. 28 U.S.C. § 1446(b); *Goldberg v. CPC Int'l, Inc.*, 495 F.Supp. 233, 236–237 (ND CA 1980). "Literally dozens of federal courts have held that the time provisions of §1446(b) are mandatory and must be strictly construed." *Dietrich v. Cooperstein*, 1995 WL 59494, *2 (N.D. Cal. Feb. 8, 1995).  Courts find a strong presumption against removal jurisdiction and will reject such jurisdiction if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.* 980 F2d *566.

Assuming GE's basis for removal under federal officer jurisdiction is valid, which plaintiffs dispute, GE was on notice of a removable claim on or about December 1, 2008 based on plaintiffs' Complaint, but filed its notice of removal over eight months after on September 24, 2009.  GE states in its notice of removal that it first learned of a removable claim when it received plaintiffs' discovery responses on August 28, 2009.  This is untrue.  Plaintiffs' Complaint identifies the products (*i.e.* turbines) that GE alleges in its notice of removal gives rise to a removable claim.  (Complaint, ¶ 5, Keller Dec., Ex. A.)  The Complaint also lists decedent's job descriptions at each site where exposure is alleged including the Long Beach and Philadelphia Naval Shipyards.  (P's Complaint, p. 31:1-26, Keller Dec., ¶ 2, Ex. A.)

Plaintiffs' Complaint put GE on notice of Mr. Gill's work with GE's turbines that Defendant contends form the basis for removal.  Because GE filed its notice of removal more than 30 days after accepting service of plaintiffs' Complaint, its notice of removal was untimely.  And GE thereby waived its right to remove this case.

Accordingly, plaintiffs' request that the Judicial Panel vacate its conditional transfer order to enable the transferee district court to determine whether defendant's removal of the instant action was untimely.

## C.   PLAINTIFFS DISCLAIMED ANY CAUSE OF ACTION FOR INJURIES CAUSED BY THE ACTS OR OMISSIONS OF DEFENDANTS COMMITTED AT THE DIRECTION OF FEDERAL OFFICERS

Plaintiffs, in their Complaint, expressly and specifically disclaimed "any cause of action or recovery for any injuries and damages resulting from exposure to asbestos caused by the acts or omissions of defendants committed at the specific and proven direction of an officer of the United States government acting within in his official capacity." (Complaint, ¶ 9A, pp. 6:23-7:11, Keller Dec., Ex. A.) In other words, plaintiffs are not suing GE, and waiving any claim against it, for anything that a federal officer or agency may have compelled or instructed GE to do.

Federal courts have frequently given effect to such disclaimers, and ordered remand, on the basis that there is nothing on which to rest jurisdiction. Indeed, plaintiffs may use such disclaimers to preserve state court jurisdiction. "The party who brings suit is master to decide what law he will rely upon." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir. 1988). Disclaimers to preclude removal are specifically authorized because "the plaintiff has the prerogative of determining the theory of his action and ... may defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction." *Jones v. General Tire & Rubber Co.*, 541 F .2d 660. 664 (7th Cir. 1976). "[I]f a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal." *Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d 362, 367 (5th Cir. 1995), citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391, fn. 7 (1987).

These principles are applied in products liability cases where plaintiffs – like here - seek to avoid removal and/or federal multi-district litigation. In a

1    pharmaceutical products liability case, the Supreme Court confirmed that "[a]
2    plaintiff with a choice between federal and state law claims may elect to proceed in
3    state court on the exclusive basis of state law, thus defeating the defendant's
4    opportunity to remove . . ." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478
5    U.S. 804, 809 (1986). In another pharmaceutical case, the court explained that "the
6    fact that a plaintiff could have alleged viable federal claims is of no moment. By
7    electing to disclaim all federal claims, plaintiffs will be precluded from trying
8    [them] in the state court ... but that does not prevent plaintiff from being entitled to
9    remand." *Caldwell v. American Home Products Corp.*, 210 F.Supp.2d 809,812
10   (S.D. Miss. 2002).

11        Finally, district courts in California have repeatedly remanded asbestos cases
12   based on disclaimers. In *Westbrook v. Asbestos Defendants* (BHC), 2001 WL
13   902642 (N.D. Cal. July 31, 2001), the plaintiffs provided a disclaimer that excluded
14   any claim based on exposure to asbestos at federal job sites. The court granted
15   remand, stating "[t]he court sees no reason not to hold plaintiffs in this case to their
16   waiver of claims arising out of work done on federal job sites in Vessels. ***This***
17   ***waiver, therefore, justifies remand.*** If plaintiffs later attempt to reverse course and
18   are allowed to do so by the state court despite their expressed waiver, [defendant]
19   can always file for removal once again." *Id.* at p. *3, emphasis added; *see also,*
20   *Overly v. Raybestos-Manhattan, Inc.*, 1996 WL 532150, *3 (N.D. Cal., Sept. 9,
21   1996); *Schilz v. A.P. Green Ind., Inc.*, 2002 WL 102608, * 1 (N.D. Cal., Jan. 15,
22   2002) [remand granted based on plaintiffs' waiver of design defect claims that could
23   have given rise to federal officer exposure]. Most recently, a district court in
24   Louisiana cited these California cases and held that plaintiffs' pre-removal
25   disclaimer precluded removal. *Sheppard v. Northrop Grumman Systems Corp.*,
26   2007 WL 1550992 (E.D. La., May 24, 2007. As it explained in *Sheppard*, "the
27   court concludes that its decision to follow plaintiffs' disclaimer is further supported
28   by the fact that, unlike the plaintiffs in *Overly* and *Westbrook* who disclaimed causes

of action post-removal, plaintiff here disclaimed these causes action in his original petition in state court." *Id.* at * 7.

In all these cases, the use of a disclaimer was based on the proposition that a plaintiff is free to plead his or her action, including the waiver of federal claims, so that he or she may proceed in state court. And that is exactly what plaintiffs did in this case: waive any and all possible federal claims in order to defeat removal and preserve state court jurisdiction. Again, their Complaint expressly states that they disclaim "any cause of action or recovery for any injuries and damages resulting from exposure to asbestos caused by the acts or omissions of defendants committed at the specific and proven direction of an officer of the United States government acting within in his official capacity." (Complaint, ¶ 9A, pp. 6:23-7:11, Keller Dec., Ex. A.) Plaintiffs therefore request that the Judicial Panel vacate its transfer order to enable the transferee district court to adjudicate whether plaintiff's waiver warrants remand of the instant action to state court.

**D.      DEFENDANT HAS NOT MET ITS BURDEN IN DEMONSTRATING THAT REMOVAL OF THE INSTANT ACTION IS PROPER UNDER FEDERAL OFFICER JURISDICTION**

The defendant seeking removal of an action to federal court has the burden of showing that it has (1) complied with the procedural requirements for removal and (2) established grounds for federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F3d 831, 838 (9th Cir. 2004); *Miller v. Diamond Shamrock Co.*, 275 F3d 414, 417 (5th Cir. 2001). GE fails to meet its burden either procedurally as explained above or substantively as summarized below.

First, GE failed to establish that  this action should be removed based on federal officer jurisdiction under 28 U.S.C. §1442(a)(1), because it failed to set forth any admissible evidence of the following: (1) that it acted under the direction of a federal officer;  (3) that it has a colorable federal defense to the plaintiffs' claims; and (4) that there is a causal nexus between the plaintiffs' claims and the acts the

1  defendant performed under color of federal office.  *Arnold v. Blue Cross & Blue*
2  *Shield*, 973 F.Supp. 726, 739 (S.D. Texas 1997) (*citing Mesa v. California*, 489 U.S.
3  121, 124-25, 129-31, 134-35 (1989)); *Overly v. Raybestos- Manhattan*, 1996 U.S.
4  Dist. LEXIS 13535 (N.D. Cal. 1996)

5      Second, as plaintiffs' claims against GE are based on GE's failure to warn
6  about the risks of working with and around the asbestos in its products, removal is
7  inappropriate because there is no federal subject matter jurisdiction over failure to
8  warn claims in an asbestos case. *Viala v. Owens-Corning Fiberglas*, 1994 U.S.
9  Dist. LEXIS 4824 (N.D. Cal. 1994); *Nguyen v. Allied Signal, Inc.*, 1998 U.S. Dist.
10  LEXIS 15517 (N.D. Cal. 1998); *Overly v. Raybestos- Manhattan*, 1996 U.S. Dist.
11  LEXIS 13535 (N.D. Cal. 1996); *Faulk v. Owens-Corning Fiberglass Corp.*
12  (E.D.Tex. 1999) 48 F.Supp.2d 653;  *In Re: Hawaii Federal Asbestos Cases* (9th
13  Cir. 1992) 960 F.2d 806.

14      Lastly, removal is unwarranted because displacement of state law is
15  appropriate only where a 'significant conflict' exists between an identifiable 'federal
16  policy or interest and the [operation] of state law, and such conflict does not exist
17  here. *In Re: Hawaii Federal Asbestos Cases*, 960 F.2d at 812-13 (internal
18  quotations omitted);  *Dorse v. Eagle-Picher Indus., Inc.*, (11th Cir. 1990) 898 F.2d
19  1487, 1489;  *In re Joint E. & S. Dist. N.Y. Asbestos Litig.* (2nd Cir. (N.Y.) 1990) 897
20  F.2d 626;  *Boyle v. United Tech. Corp,* (1988)487 U.S. 500;  *Anderson v. Owens-*
21  *Corning Fiberglass Corp.* (1991) 53 Cal.3d 987, 1002.  In other words, GE could
22  have complied with its duty under state law to warn Mr. Gill of the dangers of
23  working with its asbestos-containing turbines ***and*** complied with its alleged federal
24  directive to design and manufacture turbines manipulated, repaired, replaced, and/or
25  installed at the shipyards at issue.

26      Plaintiffs therefore request that the Judicial Panel vacate its transfer order to
27  enable the transferee court to adjudicate whether defendant met its burden in
28  demonstrating that removal of this action is proper under federal officer jurisdiction.

1

## CONCLUSION

Plaintiffs respectfully request that the Judicial Panel vacate its conditional transfer order, or alternatively, defer the decision on the transfer of this action to a date after the transferee court has heard and ruled on plaintiffs' motion to remand this action to state court.  An order vacating the conditional transfer order is necessary to enable the transferee court to hear and rule on the issues raised in plaintiffs' motion to remand the instant action to state court.

DATED: November 6, 2009    **KELLER, FISHBACK & JACKSON LLP**

By: _____

Daniel Keller (State Bar No. 191738)
dkeller@kfjlegal.com
**KELLER, FISHBACK & JACKSON LLP**
18425 Burbank Blvd., Suite 610
Tarzana, CA  91356
Telephone:  818.342.7442
Facsimile:   818.342.7616
Attorneys for Plaintiffs Willie Gill and
Jeanetta Gill

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 9 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

WILLIE GILL, et al., v. A.W. CHESTERTON COMPANY; *et al.,*  C.D. California,
C. A. No. CV-09-6952-R-(VBKx)

PROOF OF SERVICE

I hereby certify that copies of PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO VACATE CONDITIONAL TRANSFER ORDER, PLAINTIFFS'
MOTION TO VACATE CONDITIONAL TRANSFER ORDER, DECLARATION
OF DANIEL KELLER IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER, EXHIBITS IN SUPPORT OF MOTION
TO VACATE CONDITIONAL TRANSFER ORDER, and PROOF OF SERVICE,
were served by United Parcel Service Next Day Delivery, on Friday, November 6,
2009 on the following:

Jeffery N. Lüthi, Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, D.C. 20002-8004

I hereby certify that copies of the foregoing Motion, Brief, Declaration,
Exhibits, and Proof of Service were served by First Class Mail on Friday, November
6, 2009 to the following:

Involved Counsel List
(see attached)

_____
Keith Morriesette

ORIGINAL

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-327)

Willie Gill, etc. v. A.W. Chesterton Co., et al., C.D. California, C.A. No. 2:09-6952
(Judge Manuel L. Real)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ
ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Daniel L. Keller
KELLER FISHBACK JACKSON LLP
18425 Burbank Boulevard
Suite 610
Tarzana, CA 91356

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Edward Kong Low
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street
26th Floor
San Francisco, CA 94105

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-327) (Continued)**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Farah Sohaili Nicol
MCKENNA LONG & ALDRIDGE LLP
444 S Flower Street
8th Floor
Los Angeles, CA 90071-2901

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Bryan D. Parker
POND NORTH
350 S Grand Ave Ste 2850
Los Angeles, CA 90071

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Charles T. Sheldon
SEDGWICK DETERT MORAN &
ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Diran H. Tashjian
KELLER FISHBACK JACKSON LLP
18425 Burbank Bldv.
Suite 610
Tarzana, CA 91356

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV – 9 2009

FILED
CLERK'S OFFICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

WILLIE GILL, et al., v. A.W. CHESTERTON COMPANY; *et al.,*  C.D. California,
C. A. No. CV-09-6952-R-(VBKx)

DECLARATION OF DANIEL KELLER IN SUPPORT OF PLAINTIFFS'

MOTION TO VACATE CONDITIONAL TRANSFER ORDER

ORIGINAL

I, Daniel Keller, declare:

1. I am an attorney duly admitted to practice before all the courts in the State of California, including this Court, and am a partner of Keller, Fishback & Jackson LLP. The information stated in this declaration is based on my personal knowledge. If called upon as a witness to testify, I could and would testify to the following facts.

2. A true and correct copy of plaintiff's Complaint is attached hereto as Exhibit A.

3. Plaintiffs personally served GE with the Summons and Complaint on December 1, 2008. A true and correct copy of the proof of service of the same is attached hereto as Exhibit B.

4. GE filed its notice of removal in this Court on September 24, 2009. A true and correct copy of Defendant's Proof of Service on Plaintiff is attached hereto as Exhibit C.

5. On September 28, 2009, defendant filed a motion to stay the proceedings pending a decision on transfer by the Judicial Panel.

6. On October 8, 2009, the United States Judicial Panel on Multidistrict Litigation, issued a conditional transfer order in this matter to the Eastern District of Pennsylvania. A true and correct copy of the conditional transfer order is attached hereto as Exhibit D.

7. Plaintiffs filed a motion to remand the instant action to state court on October 13, 2009, said motion scheduled to be heard on November 16, 2009 by Judge Manuel Real of the United States District Court, Central District of California.

8. Plaintiffs on October 20, 2009, sent notice to the Judicial Panel of plaintiffs' pending Remand Motion and intent to oppose the transfer of the instant action to the Eastern District of Pennsylvania. A true and correct copy of plaintiffs' Notice of Opposition is attached hereto as Exhibit E.

**DECLARATION OF DANIEL KELLER IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

9.   The Judicial Panel on October 23, 2009 stayed the transfer of the instant action to the Eastern District of Pennsylvania until further order of the Panel. A true and correct copy of the Judicial Panel's Notice of Stay is attached hereto as Exhibit F.

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on November 6, 2009 in New York, New York.

Daniel Keller

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 9 2009

FILED
CLERK'S OFFICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

WILLIE GILL, et al., v. A.W. CHESTERTON COMPANY; *et al.,*  C.D. California,
C. A. No. CV-09-6952-R-(VBKx)

EXHIBITS IN SUPPORT OF MOTION TO VACATE CONDITIONAL

TRANSFER ORDER

---

**EXHIBITS IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 9 2009

FILED
CLERK'S OFFICE

# Exhibit A

Stephen M. Fishback, Esq. (State Bar No. 191646)
Daniel L. Keller, Esq. (State Bar No. 191738)
**KELLER, FISHBACK & JACKSON LLP**
18425 Burbank Blvd, Suite 610
Tarzana, California 91356
Telephone: 818.342.7442
Facsimile: 818.342.7616

Attorneys for Plaintiffs

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NUV 0 7 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## CITY AND COUNTY OF LOS ANGELES
### (UNLIMITED JURISDICTION)

| | |
|---|---|
| WILLIE GILL, Individually and as Successor-In-Interest to JAMES GILL, JEANETTA GILL<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY; AMERICAN STANDARD, INC.; ASBESTOS CORPORATION LTD.; BUFFALO PUMPS, INC.; CBS CORPORATION, A DELEWARE CORPORATION, fka VIACOM INC., successor by merger to CBS CORPORATION, A PENNSYLVANIA CORPORATION, fka WESTINGHOUSE ELECTRIC CORPORATON; CERTAINTEED CORPORATION; CRANE CO.; CROWN CORK & SEAL COMPANY, INC.; GARLOCK SEALING TECHNOLOGIES, LLC, individually and successor-in-interest to GARLOCK, INC.; GENERAL ELECTRIC COMPANY; GRINNELL CORPORATION: IMO INDUSTRIES, INC.; INGERSOLL-RAND COMPANY; ITT INDUSTRIES, INC.; J.T. THORPE & SON, INC.; METALCLAD INSULATION CORPORATION, individually and as | Case No. **BC401566**<br><br>**COMPLAINT FOR DAMAGES (WRONGFUL DEATH) (ASBESTOS)**<br><br>**(ACTION IS SUBJECT TO GENERAL ORDERS IN FILE NO. C700000)**<br><br>**Negligence**<br>**Strict Liability**<br>**False Representation**<br>**Intentional Tort**<br>**Premises Owner/Contractor Liability**<br>**Loss of Consortium**<br>**Survival Action** |

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                                    PAGE 1

1
2

successor-in-interest to NOR-CAL
    INSULATION;
PLANT INSULATION COMPANY;
QUINTEC INDUSTRIES, INC.;
RAPID AMERICAN CORPORATION;
THE GOODYEAR TIRE & RUBBER
    COMPANY;
UNIROYAL, INC.;
WARREN PUMPS, LLC;
WESTBURNE SUPPLY, INC.;
DOES 1-500;

3
4
5
6
7
8
9

Defendants

10      Plaintiffs, WILLIE GILL, Individually and as Successor-In-Interest to JAMES GILL

11   (hereinafter Decedent, and JEANETTA GILL (hereinafter Plaintiff(s)), COMPLAIN AND

12   ALLEGE AS FOLLOWS as against the above-named defendants:

13      1.   The true names and capacities, whether individual, corporate, associate, governmental

14   or otherwise, of defendants DOES 1 through 500, are unknown to plaintiffs at this time, who

15   therefore sue said defendants by such fictitious names.  When the true names and capacities of said

16   defendants have been ascertained, plaintiffs will amend this complaint accordingly.  Plaintiffs are

17   informed and believe, and thereon allege, that each defendant designated herein as a DOE is

18   responsible, negligently or in some other actionable manner, for the events and happenings

19   hereinafter referred to, and caused injuries and damages thereby to the plaintiff, as hereinafter

20   alleged.

21

22      2.   At all times herein mentioned, each of the defendants was the agent, servant,

23   employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each

24   defendant was acting in the full course and scope of said agency, service, employment and/or joint

25   venture.

26

27      3.   Plaintiffs are informed and believes, and thereon alleges that at all times herein

28

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                    PAGE 2

1   mentioned, defendants on Exhibits "B" through "C" and DOES 1 through 500, inclusive, were and

2   are corporations, partnerships, unincorporated associations, sole proprietorships and/or other

3   business entities organized and existing under and by virtue of the laws of the State of California,

4   or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them,

5   were and are authorized to do and are doing business in the State of California, and that said

6   defendants, or some of them, have regularly conducted business in the County of Los Angeles,

7   State of California.

8

9                          **FIRST CAUSE OF ACTION**
                               **(Negligence)**

10

11       **PLAINTIFF COMPLAINS OF DEFENDANTS ON EXHIBIT "B," AND DOES 1-**
      **300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE**
12   **OF ACTION FOR NEGLIGENCE ALLEGES AS FOLLOWS:**

13

14       4.       At all times herein mentioned, each of the named defendants and DOES 1

15   through 300 was the successor, successor in business, successor in product line or a portion

16   thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion

17   thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or

18   member in an entity researching, studying, manufacturing, fabricating, designing, modifying,

19   labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting,

20   servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding,

21   manufacturing for others, packaging and advertising a certain product, namely asbestos, and other

22   products containing asbestos. Said entities shall hereinafter collectively be called "alternate

23   entities." Each of the herein named defendants is liable for the tortious conduct of each successor,

24   successor in business, successor in product line or a portion thereof, assign, predecessor in product

25   line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

26   entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

27   fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

28   supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**

1  warranted, re-branded, manufactured for others and advertised a certain product, namely asbestos,

2  and other products containing asbestos. The defendants, and each of them, are liable for the acts of

3  each and every "alternate entity," and each of them, in that there has been a virtual destruction of

4  plaintiff's remedy against each such "alternate entity"; defendants, and each of them, have

5  acquired the assets, product line, or a portion thereof, of each such "alternate entity"; such

6  "alternate entity"; defendants, and each of them, caused the destruction of plaintiff's remedy

7  against each such "alternate entity"; each such defendant has the ability to assume the risk-

8  spreading role of each such "alternate entity"; and that each such defendant enjoys the goodwill

9  originally attached to each such "alternate entity."

10      5.      At all times herein mentioned, defendants, their "alternate entities," and each of

11  them, were and/or are engaged in the business of researching, manufacturing, fabricating,

12  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

13  supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

14  marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain

15  product, namely asbestos and other products containing asbestos.  Said asbestos and other products

16  containing asbestos (hereinafter "asbestos and other products containing asbestos" and/or

17  "asbestos-containing products") specifically include, but are not limited to: adhesives/tape/mastic;

18  thermal insulation/insulating materials; engines;  boilers; heaters; ductwork; cloth; gaskets;

19  fireproofing; chillers; fluid exchange systems; packing; pumps; rope; compressors; pipes; valves;

20  turbines; motors; generators; thermal paper; refractory materials; panels; boards; tubes.

21      6.      At all times herein mentioned, defendants, their "alternate entities" and each of

22  them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated,

23  designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of

24  the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

25  inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-

26  branded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

27  and other products containing asbestos, in that said products caused personal injuries to users,

28  consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter collectively

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                    PAGE 4

1    called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby

2    rendering said products unsafe and dangerous for use by "exposed persons".

3         7.      Defendants, their "alternate entities," and each of them, had a duty to exercise

4    due care in the pursuance of the activities mentioned above and defendants, and each of them,

5    breached said duty of due care.

6         8.      Defendants, their "alternate entities" and each of them, knew, or should have

7    known, and intended that the aforementioned asbestos and products containing asbestos would be

8    transported by truck, rail, ship and other common carriers, that in the shipping process the products

9    would break, crumble or be otherwise damaged; and/or that such products would be used for

10    insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other

11    applications, including, but not limited to sawing, chipping, hammering, scraping, sanding,

12    breaking, removal, "rip-out," and other manipulation, resulting in the release of airborne asbestos

13    fibers, and that through such foreseeable use and/or handling "exposed persons," including

14    plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers.

15         9.      Decedent  has used, handled or been otherwise exposed to asbestos and

16    asbestos-containing products referred to herein in a manner that was reasonably foreseeable.

17    Decedent's exposure to asbestos and asbestos-containing products occurred at various locations as

18    set forth in Exhibit "A," attached to plaintiff's complaint and incorporated by reference herein.

19         9A.   Defendants, their "alternate entities," and each of them breached their duties by,

20    among other things:

21             a.      failing to warn plaintiff of the dangers, characteristics, and potentialities of

22    their asbestos-containing products when they knew or should have known that exposure to their

23    asbestos-containing products would cause disease and injury;

24             b.      failing to warn Decedent of the dangers to which he was exposed when they

25    knew or should have known of the dangers;

26             c.      failing to exercise reasonable care to warn Decedent of what would be safe,

27    sufficient, and proper protective clothing, equipment, and appliances when working with or near or

28    being exposed to their asbestos and asbestos-containing products;

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**

d.      failing to provide safe, sufficient and proper protective clothing, equipment And appliances with their asbestos and asbestos-containing products;

e.      failing to test its asbestos and asbestos-containing products in order to ascertain the extent of danger involved upon exposure thereto;

f.      failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products;

g.      failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to their asbestos and asbestos-containing products;

h.      failing upon discovery of the dangers, hazards, and potentialities of exposure to  asbestos to adequately warn and apprise Decedent of said dangers, hazards, and potentialities discovered;

i.      failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and potentialities;

j.      failing to advise Decedent and others that the risks inherent in their asbestos-containing product greatly outweighed the benefits, if any,  afforded by such products; and

k.      generally using unreasonable, careless, and negligent conduct in the manufacture, fabrication, supply, distribution, sale, installation, and/or use of their asbestos and asbestos-containing products, among other actions/inactions.

Plaintiffs disclaim any cause of action or recovery for any injuries and damages resulting from exposure to asbestos caused by the acts or omissions of defendants committed at the specific and proven direction of an officer of the United States government acting within in his official capacity. To the extent that any of the Decedent's asbestos exposure occurred on board vessels or aircraft of the United States military or the construction and/or repair of such vessels or aircraft occurred on proven federal enclaves,  Plaintiffs' negligence and strict liability claims against

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**

1  manufacturers, sellers and suppliers of pumps, valves, boilers, turbines, separators, steam traps,

2  engines and other mechanical equipment/machinery installed in such vessels and aircraft are not

3  based on the theory of defective design, but rather on the theory of failure to warn of the health

4  risks and hazards associated with working with and/or around asbestos and asbestos-containing

5  products only.  Certainly, said defendants were not prohibited from providing proper warning,

6  labels, or safeguarding against asbestos exposure by the United States government or military

7  which was not a sophisticated user of asbestos or asbestos-containing products and relied instead

8  on the superior knowledge and ability of the defendants to advise and relate all proper information

9  regarding asbestos and asbestos health hazards which defendants failed to do. Thus, defendants'

10  actions and inactions render such defendants liable in both negligence and in strict products

11  liability for such defective products and improper conduct.

12      10.      As a direct and proximate result of the conduct of the defendants, their "alternate

13  entities," and each of them, as aforesaid, Decedent's exposure to asbestos and asbestos-containing

14  products caused severe and permanent injury to the Decedent, the nature of which, along with the

15  date of Decedent's diagnosis, are set forth in Exhibit "A," attached to Plaintiff's complaint and

16  incorporated by reference herein.

17      11.      Plaintiffs are informed and believe, and thereon allege, that progressive lung

18  disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without

19  perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing

20  products over a period of time.

21      12.      Decedent suffered and died  from a condition related to exposure to asbestos and

22  asbestos-containing products, namely asbestosis, asbestos pleural disease, and lung cancer.

23  Decedent was not aware at the time of exposure that asbestos or asbestos-containing products

24  presented any risk of injury and/or disease. Plaintiffs did not learn of the causal relationship

25  between Decedent's exposure to asbestos and his death on April 22, 2008, until less than one year

26

27  before the date on which this complaint is filed.

28      13.  Plaintiffs are the heirs of  JAMES GILL, deceased, as follows:

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                    PAGE 7

a.   WILLIE GILL, spouse and successor-in-interest to JAMES GILL;

b.   JEANETTA GILL, daughter;

14.   Defendants, their "alternate entities," and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

15.   Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities," and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

16.   As a result of the conduct of defendants, and each of them, plaintiffs' sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of Decedent in a sum invoking the unlimited jurisdiction limits of this Court.  Decedent suffered death, permanent injuries, and/or increased risk of injuries to his person, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his general damage in the sum in excess of the jurisdictional limits of a limited civil case in the Superior Court.

17.   Defendants, their "alternate entities," and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. The herein-described conduct of said defendants, their "alternate entities," and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons."  Plaintiffs, for the sake of example and by way of punishing said

1    defendants, seek punitive damages according to proof.

2        WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and

3    each of them, as hereinafter set forth.

4                        **SECOND CAUSE OF ACTION**
                           **(Strict Liability)**
5

6        AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
         ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF
7        DEFENDANTS ON EXHIBIT "B," DOES 1-300, THEIR "ALTERNATE
         ENTITIES," AND EACH OF THEM, AND ALLEGE AS FOLLOWS:
8

9        18.   Plaintiffs incorporate herein by reference, as though fully set forth herein, the

10   allegations contained in Paragraphs 4-5 and 8-17 of the First Cause of Action herein.

11       19.   Defendants, their "alternate entities," and each of them, knew and intended that the

12   above-referenced asbestos and asbestos-containing products would be used by the purchaser or

13   user without inspection for defects therein or in any of their component parts and without

14   knowledge of the hazards involved in such use.

15       20.   Said asbestos and asbestos-containing products were defective and unsafe for their

16   intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The

17   defect existed in the said products at the time they left the possession of defendants, their

18   "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including

19   asbestosis, other lung damage, and cancer to "exposed persons," including Decedent herein, while

20   being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and

     dangerous for use.
21
         21.   "Exposed persons" did not know of the substantial danger of using said products. Said
22
     dangers were not readily recognizable by "exposed persons". Said defendants, their "alternate
23
     entities," and each of them, further failed to adequately warn of the risks to which Decedent and
24
     others similarly situated were exposed.
25
         22.   In researching, manufacturing, fabricating, designing, modifying, testing or failing to
26
     test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
27
     sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
28

1   marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos

2   and asbestos-containing products, defendants, their "alternate entities," and each of them, did so

3   with conscious disregard for the safety of "exposed persons" who came in contact with said

4   asbestos and asbestos-containing products, in that said defendants, their "alternate entities," and

5   each of them, had prior knowledge that there was a substantial risk of injury or death resulting

6   from exposure to asbestos or asbestos-containing products, including, but not limited to,

7   mesothelioma, lung cancer, and asbestosis.  Said knowledge was obtained, in part, from scientific

8   studies, government data, and medical data to which defendants had access, as well as scientific

9   studies performed by, at the request of, or with the assistance of, said defendants, their "alternate

10  entities," and each of them, and which knowledge was obtained by said defendants, their "alternate

11  entities," and each of them on or before 1930, and thereafter.

12      23.    On or before 1930, and thereafter, said defendants, their "alternate entities" and each

13  of them, were aware that members of the general public and other "exposed persons," who would

14  come in contact with their asbestos and asbestos-containing products, had no knowledge or

15  information indicating that asbestos or asbestos-containing products could cause injury, and said

16  defendants, their "alternate entities," and each of them, knew that members of the general public

17  and other "exposed persons," who came in contact with asbestos and asbestos-containing products,

18  would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products

19  was safe, when in fact said exposure was extremely hazardous to health and human life.

20      24.    With said knowledge, said defendants, their "alternate entities," and each of them,

21  opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy,

22  offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant,

23  re-brand, manufacture for others, package and advertise said asbestos and asbestos-containing

24  products without attempting to protect "exposed persons" from or warn "exposed persons" of, the

25  high risk of injury or death resulting from exposure to asbestos and asbestos-containing products.

26  Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high

27  risk of injury or death resulting from exposure to asbestos and asbestos-containing products,

28  defendants, their "alternate entities," and each of them, intentionally failed to reveal their

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                              PAGE 10

1    knowledge of said risk, and consciously and actively concealed and suppressed said knowledge

2    from "exposed persons" and members of the general public, thus impliedly representing to

3    "exposed persons" and members of the general public that asbestos and asbestos-containing

4    products were safe for all reasonably foreseeable uses. Defendants, their "alternate entities," and

5    each of them, engaged in this conduct and made these implied representations with the knowledge

6    of the falsity of said implied representations.

7        25.    The above-referenced conduct of said defendants, their "alternate entities," and each

8    of them, was motivated by the financial interest of said defendants, their "alternate entities," and

9    each of them, in the continuing, uninterrupted research, design, modification, manufacture,

10   fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection,

11   installation, contracting for installation, repair, marketing, warranting, re-branding, manufacturing

12   for others, packaging and advertising of asbestos and asbestos-containing products. In pursuance

13   of said financial motivation, said defendants, their "alternate entities," and each of them,

14   consciously disregarded the safety of "exposed persons" and in fact were consciously willing and

15   intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons"

16   and induced persons to work with and be exposed thereto, including Decedent.

17       26.    Plaintiffs allege that the aforementioned defendants, their "alternate entities," and

18   each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for

19   their intended use but that their asbestos and asbestos-containing products, created an

20   unreasonable risk of bodily harm to exposed persons.

21       27.    Plaintiffs further allege Decedent's injuries are a result of cumulative exposure to

22   asbestos and various asbestos-containing products manufactured, fabricated, inadequately

23   researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased,

24   bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation,

25   repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised by

26   the aforementioned defendants, their "alternate entities," and each of them and that plaintiffs

27   cannot identify precisely which asbestos or asbestos-containing products caused the injuries

28   complained of herein.

28.   Decedent relied upon defendants, their "alternate entities'," and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products.  As a direct and proximate result of the conduct of the defendants, their "alternate entities," and each of them, as aforesaid, Decedent's exposure to asbestos and asbestos-containing products caused plaintiff Decedent  to contract asbestosis,  lung cancer and other asbestos-related diseases from which he died on  April 22, 2008.

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (False Representation Under Restatement of Torts Section 402-B)

**AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B, PLAINTIFFS COMPLAIN OF DEFENDANTS ON EXHIBIT "B," DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGE AS FOLLOWS:**

29.   Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the First and Second Causes of Action.

30.  At the aforementioned time when defendants, their "alternate entities," and each of them, researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised the said asbestos and asbestos-containing products, as herein above set forth, the defendants, their "alternate entities," and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and other "exposed persons," including the Decedent herein and potentially some or all of his employers, that asbestos and asbestos-containing products, were of merchantable quality, free of defects, and safe for the use for which they were intended. Said misrepresentations of such material facts impacting the safety, reliability, and quality of defendants' asbestos-containing products specifically included the failure to disclose known or suspected hazards of working with and around said asbestos-containing products to the Decedent

1   and others. Defendants' misrepresentations went far beyond the bounds of mere promises because

2   defendants affirmatively stated through those means more fully described herein that defendants'

3   asbestos and/or asbestos-containing products were safe and safe to use for their intended uses, but

4   they were not safe.  Defendants knew or should have known at the time of their misrepresentations

5   that such representations were false; defendants knew or should have known at the time of their

6   misrepresentations that their asbestos and/or asbestos-containing products were not safe or safe for

7   their intended uses.  Despite knowing of the dangers to plaintiff of working with and around

8   defendants' asbestos and/or asbestos-containing, defendants failed to disclose such dangers and in

9   fact concealed the same from Decedent.  Defendants' misrepresentations and concealment of the

10   dangers attendant to working with and around defendants' asbestos and/or asbestos-containing

11   products occurred during such periods as defendants researched, manufactured, fabricated,

12   designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of

13   the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

14   inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-

15   branded, manufactured for others, packaged and advertised asbestos and other products containing

16   asbestos, and more specifically as it relates to Decedent, during those periods of employment when

17   Decedent worked with defendants' asbestos and/or asbestos-containing products as detailed in

18   Exhibit A. The facts misrepresented regarding the safety, reliability, and quality of defendants'

19   asbestos-containing products are necessarily in possession of defendants who have full information

20   concerning the facts relevant to this controversy and defendants, and each of them, have more

21   knowledge or the facts of said misrepresentations than plaintiffs, herein.

22          31.    The purchasers and users of said asbestos and asbestos-containing products, and other

23   "exposed persons," including the Decedent and his employers, relied upon said representations of

24   defendants, their "alternate entities," and each of them, in the selection, purchase and use of

25   asbestos and asbestos-containing products.

26          32.    Said representations by defendants, their "alternate entities," and each of them, were

27   false and untrue, and defendants knew at the time they were untrue, in that the asbestos and

28

asbestos-containing products  were not safe for their intended use, nor were they of merchantable

quality as represented by defendants, their "alternate entities," and each of them, in that asbestos

and asbestos-containing products have very dangerous properties and defects whereby said

products cause asbestosis, other lung damages and cancer, and have other defects that cause injury

and damage to the users of said products and other "exposed persons," thereby threatening the

health and life of said persons, including Decedent herein.

33.    Defendants, their "alternate entities," and each of them, based on the state of

scientific and medical literature, as well as their own studies and research conducted regarding the

health hazards associated with working with and/or around asbestos-containing product had no

reasonable basis for believing the untrue representations made to Decedent, Decedent's employers,

and other groups and organizations with which Decedent was affiliated, such as unions, through

which Decedent would reasonably be expected to learn of such misrepresentations.

34.    Decedent and others, lacking the sophistication and knowledgeable regarding the

health hazards of working with and around defendants', their alternate entities, and each of them,

asbestos-containing products and relied upon the said misrepresentations and were, in fact,

deceived into believing that said asbestos-containing products were safe and free of defects and

would not cause severe risk of injury and death.  Had Decedent known that defendants' asbestos

and/or asbestos-containing products were unsafe for their intended uses, Decedent would not have

used and/or worked around the same or taken other steps to properly safeguard his health or the

health of others when working with or around defendants' and others' asbestos-containing

products.

35.    The facts intentionally omitted or misstated regarding the safety, reliability, and

quality of defendants' asbestos and/or asbestos-containing products were/are necessarily in

possession of defendants who had/have full information concerning the facts relevant to this

controversy and defendants, and each of them, had/have more knowledge of the facts of said concealments and nondisclosures than Decedent and plaintiffs, herein.

36.    As a direct and proximate result of the conduct of the defendants, their "alternate entities," and each of them, as aforesaid, Decedent's exposure to asbestos and asbestos-containing products caused plaintiffs' Decedent to contract asbestosis, cancer and other asbestos-related diseases from which he died on April 22, 2008.

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Intentional Tort)**

**AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR AN INTENTIONAL TORT UNDER CIVIL CODE SECTIONS 1708 THROUGH 1710, PLAINTIFFS COMPLAIN OF DEFENDANTS ON EXHIBIT "B," DOES 11-300, THEIR "ALTERNATE ENTITIES," AND ALLEGE AS FOLLOWS:**

37.    Plaintiffs, by this reference, hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First and Third Causes of Action herein excepting therefrom allegations pertaining to negligence.

38.    At all times pertinent hereto, the defendants, their "alternate entities," and each of them, owed Decedent a duty, as provided for in Section 1708, 1709 and 1710 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of the Decedent. When a duty to act was imposed, as set forth herein, the defendants, their "alternate entities," and each of them, did do the acts and omissions in violation of that duty, thereby causing injury to the Decedent as is more fully set forth herein. Such acts and omissions consisted of acts falling within Section 1709 (Deceit) and Section 1710 (Fraud) and, more specifically, included suggestions of fact which were not true and which defendants, their "alternate entities," and each of them, did not believe to be true; assertions of fact which were not true and which defendants, their "alternate entities," and each of them, had no reasonable ground for believing to be true, and the suppression of fact when a duty existed to disclose it, all as are more fully set forth herein; the violation of any

1   one such duty gave rise to a cause of action for violation of the rights of the Decedent as provided

2   for in the aforementioned Civil Code sections.

3       39.     Since on or before 1930, the defendants, their "alternate entities," and each of

4   them, have known and have possessed the true facts of medical and scientific data and other

5   knowledge which clearly indicated that the asbestos and asbestos-containing products referred to

6   in plaintiff's First Cause of Action were and are hazardous to the health and safety of Decedent,

7

8   and others in Decedent's position working in close proximity with such materials. The defendants,

9   their "alternate entities," and each of them, have known of the dangerous propensities of other of

10  the aforementioned materials and products since before that time. Defendants' misrepresentations

11  went far beyond the bounds of mere promises because defendants affirmatively stated through

12  those means more fully described herein that defendants' asbestos and/or asbestos-containing

13  products were safe and safe to use for their intended uses, but they were not safe.  Defendants

14  knew at the time of their misrepresentations that such representations were false; defendants knew

15

16  at the time of their misrepresentations that their asbestos and/or asbestos-containing products were

17  not safe or safe for their intended uses.  Despite knowing of the dangers to Decedent of working

18  with and around defendants' asbestos and/or asbestos-containing, defendants failed to disclose

19  such dangers and in fact concealed the same from Decedent.  Defendants' misrepresentations and

20  concealment of the dangers attendant to working with and around defendants' asbestos and/or

21  asbestos-containing products occurred during such periods as defendants researched,

22

23  manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate,

24  warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought,

25  offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

26  marketed, warranted, re-branded, manufactured for others, packaged and advertised asbestos and

27  other products containing asbestos, and more specifically as it relates to Decedent, during those

28

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                    PAGE 16

periods of employment when Decedent worked with defendants' asbestos and/or asbestos-containing products as detailed in exhibit A.  The mere fact that defendant made its asbestos-containing products available for purchase, use, sale, or otherwise to Decedent and others was an intentional and affirmative fraudulent act.  With intent to deceive, falsely represent facts regarding the true hazards of working with and around asbestos-containing products, conceal the health risks associated with working in an asbestos-contaminated  environment, and purposefully failing to disclosure such material facts to Decedent, and others in Decedent's position, and with the intent that Decedent and such others should be and remain ignorant of such facts with intent to induce Decedent and such others to alter his and their positions to his detriment, injury and/or risk and in order to gain economic advantages within the market, the following acts occurred:

      a.      Defendants, their "alternate entities," and each of them, did not label any of the aforementioned asbestos-containing materials and products regarding the hazards of such materials and products to the health and safety of Decedent, and others in Decedent's position working in close proximity with such materials, until 1964 when certain of such materials were labeled by some, but not all, of defendants, their "alternate entities," and each of them, herein when the knowledge of such hazards was existing and known to defendants, their "alternate entities," and each of them, since on or before 1930. By not labeling such materials as to their said hazards, defendants, their "alternate entities," and each of them, caused to be suggested as a fact to Decedent that it was safe for Decedent to work in close proximity to such materials, when in fact it was not true, and defendants, their "alternate entities," and each of them, did not believe it to be true;

      b.      Defendants, their "alternate entities," and each of them, suppressed information relating to the danger of use of the aforementioned materials by requesting the suppression of information to the Decedent and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would given general notice to the public and knowledge of the hazardous

1   nature thereof when defendant, their "alternate entities," and each of them, were bound to disclose

2   such information;

3         c.    Defendants, their "alternate entities," and each of them, sold the

4   aforementioned products and materials to Decedent's employer and others without advising

5   Decedent and others of the dangers of use of such materials to persons working in close proximity

6   thereto when defendants, their "alternate entities," and each of them, knew of such dangers, and

7   had a duty to disclose such dangers all as set forth herein. By said conduct, defendants, their

8   "alternate entities," and each of them, caused to be positively asserted to Decedent that which was

9   not true and that which defendants, their "alternate entities," and each of them, had no reasonable

10   ground for believing to be true, to wit, that it was safe for Decedent to work in close proximity to

11   such materials;

12         d.    Defendants, their "alternate entities," and each of them, suppressed from

13   Decedent medical and scientific data and knowledge of the results of studies including, but not

14   limited to, the information and knowledge of the contents of the Lanza report. Although bound to

15   disclose it, defendants, their "alternate entities," and each of them influenced A. J. Lanza to change

16   his report, the altered version of which was published in Public Health Reports, Volume 50 at page

17   1 in 1935, thereby causing Decedent and others to be and remain ignorant thereof. Defendants,

18   their "alternate entities," and each of them, caused Asbestos Magazine, a widely disseminated

19   trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to

20   the users thereof;

21         e.    Defendants, their "alternate entities," and each of them, belonged to,

22   participated in, and financially supported the Asbestos Textile Institute and other industry

23   organizations which, for and on behalf of defendants, their "alternate entities," and each of them,

24   actively promoted the suppression of information of danger to users of the aforementioned

25   products and materials, thereby misleading Decedent by the suggestions and deceptions set forth

26   above in this cause of action. The Dust Control Committee, which changed its name to the Air

27   Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject

28   of dust control. Discussions in this committee were held many times regarding the dangers

1  inherent in asbestos and the dangers which arise from the lack of control of dust, and such

2  information was suppressed from public dissemination from 1946 to a date unknown to Decedent

3  at this time;

4         f.         Commencing in 1930 with the study of mine and mill workers at Asbestos

5  and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in

6  Manheim and Charleston, South Carolina, defendants, their "alternate entities," and each of them,

7  knew and possessed medical and scientific information of the connection between inhalation of

8  asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile

9  Institute and other industry organizations to all other defendants, their "alternate entities," and each

10  of them, herein. Between 1942 and 1950, the defendants, their "alternate entities," and each of

11  them, acquired medical and scientific information of the connection between inhalation of asbestos

12  fibers and cancer, which information was disseminated through the Asbestos Textile Institute and

13  other industry organizations to defendant herein. Thereby, defendants, their "alternate entities,"

14  and each of them, suggested to the public as a fact that which is not true and disseminated other

15  facts likely to mislead Decedent. Such facts did mislead Decedent and others by withholding the

16  afore-described medical and scientific data and other knowledge and by not giving Decedent the

17  true facts concerning such knowledge of danger, which defendants, their "alternate entities," and

18  each of them, were bound to disclose;

19         g.         Defendants, their "alternate entities," and each of them, failed to warn

20  Decedent and others of the nature of said materials which were dangerous when breathed and

21  which could cause pathological effects without noticeable trauma, despite the fact that defendants,

22  their "alternate entities," and each of them, possessed knowledge and were under a duty to disclose

23  that said materials were dangerous and a threat to the health of persons coming into contact

24  therewith;

25         h.         Defendants, their "alternate entities," and each of them, failed to provide

26  Decedent with information concerning adequate protective masks and other equipment devised to

27  be used when applying and installing the products of the defendants, and each of them, despite

28  knowing that such protective measures were necessary, and that they were under a duty to disclose

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                                    PAGE 19

1   that such materials were dangerous and would result in injury to the Decedent and others applying

2   and installing such material;

3        i.   Defendants, their "alternate entities," and each of them, when under a duty

4   to so disclose, concealed from Decedent the true nature of the industrial exposure of Decedent and

5   knew that Decedent and anyone similarly situated, upon inhalation of asbestos would, in time,

6   develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants, their

7   "alternate entities," and each of them, also concealed from Decedent and others that harmful

8   materials to which they were exposed would cause pathological effects without noticeable trauma;

9        j.   Defendants, their "alternate entities," and each of them, failed to provide

10   information of the true nature of the hazards of asbestos materials and that exposure to these

11   materials would cause pathological effects without noticeable trauma to the public, including

12   buyers, users, and physicians employed by Decedent and Decedent's employers so that said

13   physicians could examine, diagnose and treat Decedent and others who were exposed to asbestos,

14   despite the fact that defendants, their "alternate entities," and each of them, were under a duty to so

15   inform and said failure was misleading; and

16        k.   Defendants, their "alternate entities," and each of them, failed to provide

17   adequate information to physicians and surgeons retained by Decedent's employers and their

18   predecessor companies, for purposes of making physical examinations of Decedent and other

19   employees as to the true nature of the risk of such materials and exposure thereto when they in fact

20   possessed such information and had a duty to disclose it.

21       40.   Defendants, their "alternate entities," and each of them, willfully failed and omitted

22   to complete and file First Report of Occupational Injury of Illness regarding Decedent's injuries, as

23   required by law, and did willfully fail and omit to file report of injury and occupational disease

24   with the State of California. Decedent was in the class of persons with respect to whom a duty was

25   owed to file such reports and who would have been protected thereby if the fact of danger from

26   products complained of had become known.

27       41.   Defendants, their "alternate entities," and each of them, having such aforementioned

28   knowledge, and the duty to inform Decedent about the true facts, and knowing the Decedent did

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**

1   not possess such knowledge and would breathe such material innocently, acted falsely and

2   fraudulently and with full intent to cause Decedent to remain unaware of the true facts and to

3   induce Decedent to work in a dangerous environment, all in violation of Sections 1708, 1709,

4   1710, and 1711 of the Civil Code of the State of California.

5       WHEREFORE, plaintiffs pray judgment as is hereinafter set forth.

6                 **FIFTH CAUSE OF ACTION**
          **(Premises Owner/Contractor Liability)**

7

8       **AS AND FOR A FURTHER AND FIFTH SEPARATE AND DISTINCT CAUSE OF
ACTION, PLAINTIFF COMPLAIN OF DEFENDANTS ON EXHIBIT "C," DOES
301-450, THEIR "ALTERNATE ENTITIES," (HEREINAFTER "PREMISES
OWNER/CONTRACTOR LIABILITY DEFENDANTS"), AND EACH OF THEM,
AND ALLEGE AS FOLLOWS:**

9

10

11       42.   Plaintiff, by this reference, incorporate the allegations contained in paragraphs 9-17

12   of the First Cause of Action.

13       43.   At all times herein mentioned, each of the Premises Owner/Contractor Liability

14   Defendants listed on Exhibit "C" was a successor, successor-in-business, assign, predecessor,

15   predecessor-in-business, parent, subsidiary, wholly or partially owned by, or the whole or partial

16   owner of an entity causing certain asbestos-containing insulation, other building materials,

17   products and toxic substances to be constructed, installed, maintained, used, replaced, repaired

18   and/or removed on the respective premises owned, leased, maintained, managed and/or controlled

19   by them. Said entities shall hereinafter collectively be called "alternate entities." Each of the

20   herein-named defendants is liable for the tortious conduct of each successor, successor-in-

21   business, assign, predecessor-in-business, parent, subsidiary, whole or partial owner, or wholly or

22   partially owned entity, that caused the presence as aforesaid of said asbestos-containing insulation

23   and other toxic substances. The defendants, and each of them, are liable for the acts of each and

24   every "alternate entity," and each of them, in that there has been a virtual destruction of plaintiff's

25   remedies against each such alternate entity; defendants, and each of them, have acquired the assets,

26   or a portion thereof, of each such alternate entity; defendants, and each of them, have caused the

27   destruction of plaintiff's remedies against each such alternate entity; each such defendant has the

28   ability to assume the risk-spreading role of each such alternate entity, and that each such defendant

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**              

1    enjoys the goodwill originally attached to each such alternate entity.

2         44.   At all times mentioned herein, the above-listed Premises Owner/Contractor Liability

3    Defendants, and each of them, respectively, owned, leased, maintained, managed, and/or

4    controlled the premises listed on Exhibit "A" and others where Decedent was present. The

5    information provided on Exhibit "A" is preliminary, based on recall over events covering many

6    years and further investigation and discovery may produce more reliable information.

7    Additionally, Decedent might have been present at those or other Premises Owner/Contractor

8    Liability Defendants' premises at other locations and on other occasions.

9         45.   Prior to and at said times and places, said Premises Owner/Contractor Liability

10   Defendants, and each of them, respectively, caused certain asbestos-containing materials,  other

11   building materials, products and toxic substances to be constructed, installed, disturbed,

12   maintained, used, supplied, replaced, repaired and/or removed on each of the aforesaid respective

13   premises, by their own workers and/or by various contractors and/or subcontractors, and caused

14   the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the

15   ambient air and thereby created a hazardous and unsafe condition to Decedent and other persons

16   exposed to said asbestos fibers and toxic substances while present at said premises.

17        46.   At all times mentioned herein, said Premises Owner/Contractor Liability Defendants,

18   and each of them, knew or in the exercise of ordinary and reasonable care should have known, that

19   the foregoing conditions and activities created a dangerous, hazardous, and unsafe condition and

20   unreasonable risk of harm and personal injury to Decedent and other workers or persons so

21   exposed present on each of the aforesaid respective premises.

22        47.   At all times relevant herein, Decedent entered said premises and used or occupied

23   each of said respective premises as intended and for each of the respective Premises

24   Owner/Contractor Liability Defendants' benefit and advantage and at each of the respective

25   Premises Owner/Contractor Liability Defendants' request and invitation. In so doing, Decedent

26   was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the

27   ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated,

28   and/or otherwise created, controlled, or caused by said Premises Owner/Contractor Liability

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                                    PAGE 22

1   Defendants, and each of them.

2       48.   Decedent at all times was unaware of the hazardous condition or the risk of personal

3   injury created by the aforesaid presence and use of asbestos products and materials and other toxic

4   substances on said premises.

5       49.   The hazardous condition or risk of personal injury created by the aforesaid presence

6   and use of asbestos products and materials and other toxic substances on said premises was not a

7   known condition that Decedent's employer was hired to correct or repair.

8       50.   At all times mentioned herein, said Premises Owner/Contractor Liability Defendants

9   and each of them, remained in control of the premises where Decedent was performing his work.

10       51.   At all times mentioned herein, the Premises Owner/Contractor Liability Defendants

11   owed to Decedent, and others similarly situated, a duty to exercise ordinary care in the

12   management of such premises in order to avoid exposing workers such as Decedent to an

13   unreasonable risk of harm and to avoid causing injury to said person.

14       52.   At all times mentioned herein, said Premises Owner/Contractor Liability Defendants,

15   and each of them, knew, or in the exercise of ordinary and reasonable care should have known,

16   that the premises that were in their control would be used without knowledge of, or inspection for,

17   defects or dangerous conditions, and that the persons present and using said premises would not be

18   aware of the aforesaid hazardous conditions to which they were exposed on the premises.

19       53.   At all times mentioned herein, said Premises Owner/Contractor Liability Defendants,

20   and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises

21   or to abate or correct, or to warn Decedent of, the existence of the aforesaid dangerous conditions

22   and hazards on said premises.

23       54.   At all times herein mentioned, said Premises Owner/Contractor Liability Defendants

24   and each of them, negligently provided unsafe equipment for the performance of the work that

25   caused or contributed to Decedent's injuries.

26       55.   Prior to and at the times and places aforesaid, said Premises Owner/Contractor

27   Liability Defendants, and each of them, respectively, caused certain asbestos-containing materials,

28   other building materials, products and toxic substances to be constructed, installed, maintained,

1  used, replaced, repaired and/or removed on each of their aforesaid respective premises, by their

2  own workers and/or by employing various contractors, and caused the release of dangerous

3  quantities of toxic asbestos fibers and other toxic substances into the ambient air, and thereby

4  injured Decedent.

5      56.   At all times mentioned herein, said Premises Owner/Contractor Liability Defendants,

6  and each of them, should have recognized that the work of said contractors would create during the

7  progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm

8  Decedent and others unless special precautions were taken.  The said Premises Owner/Contractor

9  Liability Defendants, and each of them, knew or should have known that the work required special

10  procedures and instruction so as to be accomplished in a safe manner and avoid injury to Decedent

11  and others. The Premises Owner/Contractor Liability Defendants were aware or should have been

12  aware that such special procedures and instructions were not taken nor provided.

13      57.   In part, Decedent was exposed to dangerous quantities of asbestos fibers and other

14  toxic substances by reason of such premises owners and/or contractors' failure to take the

15  necessary precautions.

16      58.   The work, actions and/or inactions of contractors on premises controlled by the

17  Premises Owner/Contractor Defendants created an unsafe premise and an unsafe work place by

18  reason of the release of dangerous quantities of toxic substances including but not limited to

19  asbestos.

20      59.   The unsafe premise or work place was created, in part, by the negligent conduct of

21  the contractors employed by the Premises Owner/Contractor Defendants. Said negligent conduct

22  includes but is not limited to:

23          a.   Failure to advise and warn of asbestos and other toxic dusts;

24          b.   Failure to suppress the asbestos-containing or toxic dusts;

25          c.   Failure to remove the asbestos-containing and toxic dusts through use of

26  ventilation or other approved appropriate means;

27          d.   Failure to provide adequate breathing protection, i.e., approved respirators

28      or

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**

1 masks;

2       e.     Failure to inspect and/or test the air;

3       f.     Failure to provide proper medical monitoring, medical check-ups, and

4 reviews.

5     60.    The Premises Owner/Contractor Defendants' duty to maintain and provide safe

6 premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties

7 arise out of common law, Civil Code §1708, and Labor Code §6400, et seq., or Health and Safety

8 Code §40200, et seq., and regulations promulgated thereunder. Therefore, the Premises

9 Owner/Contractor Defendants are responsible for any breach of said duties whether by themselves

10 or others.

11     61.    Prior to and at said times and places, said Premises Owner/Contractor Liability

12 Defendants were subject to certain ordinances, statutes, and other government regulations

13 promulgated by the United States Government, the State of California, and others, including but

14 not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code

15 §6400 and the California Administrative Code under the Division of Industrial Safety, Department

16 of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous

17 Substances), Article 81, §§4150, 4106, 4107, and 4108, and Threshold Limit Values as

18 documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety

19 Orders; additionally, California Health and Safety Code §40200, et seq., which empowers the Bay

20 Area Air Quality Management District  and South Coast Air Quality Management District and

21 others to promulgate regulations including but not limited to and similar to  BAAQMD.

22 Regulation 11, Rules 2 and 14, Title 40 Code of Federal Regulations, Chapter 1, Part 61, et seq. --

23 The National Emission Standards for Hazardous Air Pollutants, which required said Premises

24 Owner/Contractor Liability Defendants to provide specific safeguards or precautions to prevent or

25 reduce the inhalation of asbestos dust and other toxic fumes or substances; and said Premises

26 Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions,

27 or contractors employed by the Premises Owner/Contractor Liability Defendants failed to provide

28 the required safeguards and precautions. Defendants' violations of said codes include but are not

1   limited to:

2          a.    Failing to comply with statutes and allowing ambient levels of airborne

3   asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned

4   statutes;

5          b.    Failing to segregate work involving the release of asbestos or other toxic

6   dusts;

7          c.    Failing to suppress dust using prescribed ventilation techniques;

8          d.    Failing to suppress dust using prescribed "wet down" techniques;

9          e.    Failing to warn or educate Decedent or others regarding asbestos or other

10   toxic substances on the premises;

11          f.    Failing to provide approved respiratory protection devices;

12          g.    Failing to ensure "approved" respiratory protection devices were used

13   properly;

14          h.    Failing to provide for an on-going health screening program for those

15   exposed to asbestos on the premises which included disclosure and/or discussion of ongoing health

16   consequences of asbestos exposure with Decedent;

17          i.    Failing to provide adequate housekeeping and clean-up of the work place;

18          j.    Failing to properly warn of the hazards associated with asbestos as required

19   by regulations/statutes;

20          k.    Failing to properly report renovation and disturbance of asbestos-containing

21   materials, including but not limited to B.A.A.Q.M.D. Regulation 11-2-401 and S.C.A.Q.M.D

22   regulations;

23          l.    Failing to have an asbestos removal supervisor as required by regulation;

24          m.    Failing to get approval for renovation as required by statutes;

25          n.    Failing to maintain records as required by statute; and

26          o.    Failing to provide Decedent with alternative, safe, asbestos-free work areas

27   and/or failure to remove Decedent from an asbestos-laden environment where ongoing exposures

28   to asbestos increased the risk of Decedent contracting an asbestos-related disease.

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**

62.   Decedent at all times was unaware of the hazardous condition or the risk of personal injury created by defendants' violation of said regulations, ordinances or statutes.

63.   At all times mentioned herein, Decedent was a member of the class of persons whose safety was intended to be protected by the regulations, statutes or ordinances described in the foregoing paragraphs.

64.   In such circumstances where Decedent was the employee or "statutory employee" as defined by the California Labor Code and California case law of said Premises Owner/Contractor Liability Defendants, such Premises Owner/Contractor Liability Defendants owed a duty of care to prevent injury, harm, damage, or loss to Decedent.  Instead, well outside the normal risk of Decedent's employment, said Premises Owner/Contractor Liability Defendants caused Decedent to be exposed to asbestos-containing materials, products, and other toxic substances, and fraudulently concealed and failed to disclose the unsafe premises and conditions due to asbestos and toxic products contamination, as well as the known and recognized injurious health consequences of repeated and reoccurring exposures by Decedent to asbestos-containing materials, products, and other toxic substances.

65.   At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations and statutes.

66.   Said Premises Owner/Contractor Liability Defendants knew of the harmful exposures to asbestos sustained by Decedent at, by and/or through the actions and/or inactions of their own employees or others under the direct and immediate instruction, control and/or supervision of said Premises Owner/Contractor Liability and said Premises Owner/Contractor Liability Defendants concealed and/or failed to disclose to Decedent the harmful effects and bodily injuries suffered by Decedent as a result of such exposures to asbestos.

67.   As a legal consequence of the foregoing, Decedent's exposure to asbestos and

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**

1    asbestos-containing products caused plaintiff Decedent to contract lung cancer and other asbestos-

2    related diseases from which he died on April 22, 2008.

3         WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and

4    each of them, as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Loss of Consortium)**

6    **    AS AND FOR A FURTHER, SIXTH, SEPARATE, FURTHER AND DISTINCT
CAUSE OF ACTION FOR LOSS OF CONSORTIUM, DECEDENT'S SPOUSE**

7    **COMPLAINS OF DEFENDANTS, THEIR "ALTERNATE ENTITIES," AND EACH OF
THEM, AND ALLEGES AS FOLLOWS:**

9        68.    Plaintiff, JAMES GILL's, spouse, WILLIE GILL, incorporates by reference each

10   and every paragraph of the First through Fifth Causes of Action herein.

11       69.    Plaintiffs were legally married at all times relevant to this action were, and prior to

12   death of Decedent and when this lawsuit was initially filed, were husband and wife.

13       70.    Prior to Decedent's  injuries as alleged, Decedent  was able and did perform duties

15   as a spouse. Subsequent to the injuries and as a proximate result thereof, Decedent had been

16   unable to perform the necessary duties as a spouse, including physical and emotional

17   companionship, and the work and service usually performed in the care, maintenance and

18   management of the family home, and plaintiff will be unable to perform such work, service and

19   duties in the future.  As a proximate result thereof, plaintiff's spouse has been permanently

20   deprived and will be deprived of the consortium of her spouse, including the performance of

21   duties, all to her damages, in an amount presently unknown to plaintiffs but which will be proved

22   at the time of trial.

24       71.    Discovery of the cause of Decedent's spouse's loss of consortium, as herein

25   alleged, first occurred within one year of the date this complaint was originally filed and within

26   one year of the death of Decedent.

27       72.    As a direct and proximate result of the acts of defendants, their "alternate entities,"

28   and each of them, and the severe injuries caused thereby to plaintiff as set forth in this complaint,

Decedent's spouse has suffered, and for a long period of time continued to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

WHEREFORE, plaintiff prays judgment against defendant, and each of them, as is hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Survival Action)**

**AS AND FOR A FURTHER, SEVENTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR SURVIVAL DAMAGES, PLAINTIFFS COMPLAIN OF ALL DEFENDANTS, INCLUSIVE, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:**

73.    Plaintiffs incorporate by reference herein each and every paragraph of the First through Fifth Causes of Action of this complaint, and makes them a part of this, the Sixth Cause of Action, as though fully set forth herein.

74.    On April 22, 2008, Decedent, JAMES GILL., who would have been a plaintiff in this action if he had lived, died.

75.    As a proximate result of the conduct of the defendants and each of them, Decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him, and did incur medical and incidental expenses in a sum to be subsequently determined.

76.    As a further, direct and proximate cause of the conduct of defendants, and each of them, Decedent was prevented from attending to his usual occupation or another occupation for a period of time, and thereby incurred damages for loss of earnings and earning capacity in a sum to be subsequently determined.

WHEREFORE, plaintiffs pray judgment against defendant, and each of them, as is hereinafter set forth.

**DAMAGES**

Plaintiffs pray judgment against defendants and each of them as follows:

For general damages according to proof;

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**

1    For special damages according to proof;

2    For medical expenses according to proof;

3    For loss of income according to proof;

4    For punitive damages according to proof;

5    For burial and funeral expenses according to proof;

6    For plaintiff costs of suit herein; and,

7    For such other further relief as this Court and the law deems just and proper.

8

9    Dated: November 5, 2008                    KELLER, FISHBACK & JACKSON LLP

10

11                                             By: _____
                                                  Stephen M. Fishback
12                                                Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

Decedent, JAMES GILL'S, death on April 22, 2008 from asbestos-caused diseases, including but not limited to lung cancer. Decedent JAMES GILL, was exposed to asbestos of varied types and sources during his employment, which may have included, but are not limited to,: adhesives/tape/mastic; thermal insulation/insulating materials; engines; boilers; heaters; ductwork; cloth; gaskets; fireproofing; chillers; fluid exchange systems; packing; pumps; rope; compressors; pipes; valves; turbines; motors; generators; thermal paper; refractory materials; panels; boards; tubes, and other asbestos-containing products.  Plaintiffs allege and believe that JAMES GILL'S exposures to asbestos may have occurred at job sites including, but not limited to, the following:

EMPLOYER:  UNITED STATES ARMY
DATE:  Approximately 1947-1951
SITE:    Fort Bliss, TX; Korea; Fort Riley, KS
TITLE:  Unknown at this time

EMPLOYER: Tinker Air Force Base
DATE:  Approximately 1952-1954
SITE:    Oklahoma City, OK
TITLE:  Crater/Carpenter Helper

EMPLOYER:  Melvin Morris Plumbing Co.
DATE:  Approximately 1960-1964
SITE:    Various locations in and around Los Angeles County, CA.
TITLE:  Plumber/Pipefitter

EMPLOYER: Long Beach Naval Shipyard
DATE:  Approximately 1960-1970
SITE:    Long Beach, CA.
TITLE:  Plumber/Pipefitter

EMPLOYER: Philadelphia Naval Shipyard
DATE:  Approximately 1969
SITE:    Philadelphia, PA
TITLE:  Plumber/Pipefitter

EMPLOYER: Self Employed Plumbing
DATE: Approximately 1970-1994
SITE:  Various locations in and around Los Angeles and San Bernardino Counties, CA.,
TITLE:  Plumber/Pipefitter

Plaintiffs' investigation and discovery are continuing.

1

**EXHIBIT "B"**

2

A.W. CHESTERTON COMPANY;

3

AMERICAN STANDARD, INC.;

4

ASBESTOS CORPORATION LTD.;

5

BUFFALO PUMPS, INC.;

6

CBS CORPORATION, A DELAWARE CORPORATION, fka VIACOM INC.,
7
    successor by merger to CBS CORPORATION, A PENNSYLVANIA CORPORATION, fka
    WESTINGHOUSE ELECTRIC CORPORATON;
8

9

CERTAINTEED CORPORATION;

10

CRANE CO.;

11

CROWN CORK & SEAL COMPANY, INC.;

12

GARLOCK SEALING TECHNOLOGIES, LLC, individually and successor-in-interest to
13
    GARLOCK, INC.;

14

GENERAL ELECTRIC COMPANY;

15

GRINNELL CORPORATION:

16

IMO INDUSTRIES, INC.;

17

INGERSOLL-RAND COMPANY;

18

ITT INDUSTRIES, INC.;

19

20

J.T. THORPE & SON, INC.;

21

METALCLAD INSULATION CORPORATION, individually and as successor-in-interest to
    NOR-CAL INSULATION;
22

23

PLANT INSULATION COMPANY;

24

QUINTEC INDUSTRIES, INC.;

25

RAPID AMERICAN CORPORATION;

26

THE GOODYEAR TIRE & RUBBER COMPANY;

27

UNIROYAL, INC.;

28

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**        **PAGE 32**

1    WARREN PUMPS, LLC;

2    WESTBURNE SUPPLY, INC.;

3    DOES 1-300;

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT "C"

2

3   CBS CORPORATION, A DELAWARE  CORPORATION, fka VIACOM  INC.,
        successor by merger to CBS  CORPORATION, A PENNSYLVANIA   CORPORATION, fka
4       WESTINGHOUSE  ELECTRIC CORPORATON;

5   GENERAL ELECTRIC COMPANY:

6   J.T. THORPE & SON, INC.;

7
    METALCLAD INSULATION CORPORATION, individually and as successor-in-interest to
8       NOR-CAL  INSULATION;

9   PLANT INSULATOIN COMPANY;

10  DOES 301-450;

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**COMPLAINT FOR DAMAGES- WRONGFUL DEATH/ASBESTOS**                    PAGE 34

# Exhibit B

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KELLER, FISHBACK & JACKSON<br>18425 BURBANK BLVD. SUITE 610<br>TARZANA, CA 91356<br>TELEPHONE NO.: (818) 342-7442     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>DEC 22 2008<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Dept<br>RAUL SANCHEZ |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: 111 N. Hill St. | |
| MAILING ADDRESS: Same as above | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: Willie Gill | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: A.W. Chesterton Company, et al | BC401566 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Sucessor-In-Interest Declaration of Willie Gill

3. a. Party served *(specify name of party as shown on documents served):*
      **General Electric Company**

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Maria Sanchez: Agent for Service**

4. Address where the party was served:
   **818 W. 7th St. Los Angeles, CA 90017**

5. I served the party *(check proper box)*
   a. [✓] **by personal service. I** personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 12/1/08          (2) at *(time):*  3:00pm
   b. [ ] **by substituted service. On** *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Willie Gill | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: A.W. Chesterton Company, et al | BC401566 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* **General Electric Company**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                     ☐ other:

7. **Person who served papers**
  a. Name: **Tony Sandoval    Advocate Process Service**
  b. Address: **18425 Burbank Blvd., Suite 610  Tarzana, CA 91356**
  c. Telephone number: **(818) 455-6475**
  d. **The fee for service was: $ 55.00**
  e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: **12/16/08**

Tony Sandoval
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE )

Exhibit C

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On September 25, 2009, I served the within document(s):

### NOTICE TO PLAINTIFFS AND STATE COURT OF REMOVAL OF ACTION (ASBESTOS)

☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☐    LEXISNEXIS FILE & SERVE - by electronically serving the documents listed above via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website (plaintiffs and defense counsel).

☐    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☒    PERSONAL SERVICE - by having personally delivered by an authorized agent of First Legal, Inc., the document(s) listed above to the person(s) at the address(es) set forth below (**plaintiffs' counsel ONLY**).

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via FEDERAL EXPRESS.

DIRAN TASHJIAN, ESQ.                                Attorneys For Plaintiff(s)
KELLER • FISHBACK • JACKSON LLP
18425 Burbank Blvd., Suite 610
Tarzana, CA 91356
Telephone: (818) 342-7442
Facsimile:  (818) 342-7616

*All other defense counsel on attached service list served via facsimile

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 25, 2009, at San Francisco, California.

_____
Christine P. Williams

*Willie Gill, et al. vs. A.W. Chesterton Company, et al. / LASC No. BC401566
Our Client: Defendant General Electric Company / Our File No. 0045-136711*

SF/1627916v1

-3-

NOTICE OF REMOVAL

# Exhibit D

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

David G. Trager
United States District Court
Eastern District of New York

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

October 8, 2009

TO INVOLVED COUNSEL

Re:  MDL No. 875 -- IN RE: Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-327)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter.  This matter is transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001).  Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action.  These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.  Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:**   <u>October 23 , 2009</u>   **(12 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Jakeia Mells
Deputy Clerk

**RECEIVED**

OCT 1 3 2009

Initials: AKC
Time: 17:30
Attached:

JPML Form 39

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Oct 08, 2009**

**FILED**
**CLERK'S OFFICE**

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**

MDL No. 875

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-327)**

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 84,871 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Eduardo C. Robreno.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**                                    MDL No. 875

## SCHEDULE CTO-327 - TAG-ALONG ACTIONS

| **DIST.** | **DIV.** | **C.A. #** | **CASE CAPTION** |
|---|---|---|---|

**ALABAMA NORTHERN**
| ALN | 2 | 09-1812 | Charles Corley, et al. v. Long-Lewis, Inc., et al. |

**CALIFORNIA CENTRAL**
| CAC | 2 | 09-6698 | James H. Prange, et al. v. Alfa Laval, Inc., et al. |
| CAC | 2 | 09-6952 | **Willie Gill, etc. v. A.W. Chesterton Co., et al.** |

**CALIFORNIA NORTHERN**
| CAN | 3 | 09-4135 | Claudia Escalera, et al. v. Northrop Grumman Corp., et al. |
| CAN | 3 | 09-4394 | Harold Gerecke, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al. |
| CAN | 3 | 09-4605 | Jack E. Jones v. General Electric Co. |
| CAN | 4 | 09-4606 | Sidney Walker v. General Electric Co., et al. |

**CONNECTICUT**
| CT | 3 | 09-497 | Samuel Allen, et al. v. General Electric Co., et al. |
| CT | 3 | 09-645 | Louise Wight, et al. v. General Electric Co., et al. |
| CT | 3 | 09-879 | Donald Schaff v. Buffalo Pumps, Inc., et al. |

**LOUISIANA EASTERN**
| LAE | 2 | 09-6365 | Colleen Comer Marchand, et al. v. Anco Insulations, Inc., et al. |

**MAINE**
| ME | 2 | 09-486 | Donald Clark, et al. v. Trane U.S., Inc., et al. |

**NORTH CAROLINA EASTERN**
| NCE | 2 | 09-29 | Brenda Brown v. A.W. Chesterton Co., et al. |
| NCE | 2 | 09-46 | Rudolph Simmons v. A.W. Chesterton Co., et al. |
| NCE | 2 | 09-47 | Emma M. Knight v. A.W. Chesterton Co., et al. |
| NCE | 4 | 09-156 | Robert Liston Whitaker, et al. v. A.W. Chesterton Co., et al. |
| NCE | 5 | 09-174 | Erness H. Jandreau, etc. v. Alfa Laval USA, Inc., et al. |
| NCE | 5 | 09-342 | Connie L. Manis, etc. v. Anchor Packing Co., et al. |
| NCE | 7 | 09-140 | William Bernard Clark, Jr., et al. v. A.W. Chesterton Co., et al. |

**NORTH CAROLINA MIDDLE**
| NCM | 1 | 09-704 | Herman Joel Ennis, et al. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-757 | William Henry Oakley, et al. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-758 | Donald Edward Warren, et al. v. A.W. Chesterton Co., et al. |

**MDL No. 875 - Schedule CTO-327 Tag-Along Actions (Continued)**

| DIST. | DIV. | C.A. # | CASE CAPTION |
|-------|------|--------|--------------|

**NORTH CAROLINA WESTERN**

| | | | |
|-----|---|--------|---|
| NCW | 1 | 09-344 | Ronald Clark Bowman, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-345 | Ernest Wade Currie, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-346 | Nathan Lee Ottinger, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-363 | Sylvia Smith Readling, etc. v. A.W. Chesterton Co., et al. |

**VIRGINIA EASTERN**

| | | | |
|-----|---|---------|---|
| VAE | 2 | 09-9571 | Melvin W. Bicknell v. American Standard, Inc., et al. |
| VAE | 2 | 09-9572 | Pedro Flores, Jr. v. American Standard, Inc., et al. |
| VAE | 2 | 09-9573 | Charles C. Houska v. American Standard, Inc., et al. |
| VAE | 2 | 09-9574 | Wilfred J. Hudson v. American Standard, Inc., et al. |
| VAE | 2 | 09-9575 | Hilmar Pike v. American Standard, Inc., et al. |
| VAE | 2 | 09-9576 | Eugene A. Heldenbrand v. American Standard, Inc., et al. |
| VAE | 2 | 09-9577 | Gene Pacheco v. American Standard, Inc., et al. |
| VAE | 2 | 09-9578 | Thomas J. Quimby v. American Standard, Inc., et al. |
| VAE | 2 | 09-9579 | Jerry A. Baker v. American Standard, Inc., et al. |
| VAE | 2 | 09-9580 | Joseph L. Engley v. American Standard, Inc., et al. |
| VAE | 2 | 09-9581 | James Garner v. American Standard, Inc., et al. |
| VAE | 2 | 09-9582 | Charles E. Irving v. American Standard, Inc., et al. |
| VAE | 2 | 09-9583 | John D. Klepinger v. American Standard, Inc., et al. |
| VAE | 2 | 09-9584 | John A. Klomp v. American Standard, Inc., et al. |
| VAE | 2 | 09-9585 | Glen Rosier v. American Standard, Inc., et al. |
| VAE | 2 | 09-9586 | David L. Savage v. American Standard, Inc., et al. |
| VAE | 2 | 09-9587 | William T. Smith v. American Standard, Inc., et al. |
| VAE | 2 | 09-9588 | Edmund V. Sobota v. American Standard, Inc., et al. |
| VAE | 2 | 09-9589 | Ronald Valent v. American Standard, Inc., et al. |
| VAE | 2 | 09-9590 | Gailand A. Yates v. American Standard, Inc., et al. |
| VAE | 2 | 09-9591 | Richard E. Blackstone v. American Standard, Inc., et al. |
| VAE | 2 | 09-9592 | Willis W. Smeilis v. American Standard, Inc., et al. |
| VAE | 2 | 09-9593 | Raymond R. Wilson v. American Standard, Inc., et al. |
| VAE | 2 | 09-9594 | Roger L. Hill v. American Standard, Inc., et al. |
| VAE | 2 | 09-9595 | William H. Monroe, Jr., etc. (Harry Raymond Meeks, Sr.) v. American Standard, Inc., et al. |
| VAE | 2 | 09-9596 | William H. Monroe, Jr., etc. (Merele D Morrison) v. American Standard, Inc., et al. |
| VAE | 2 | 09-9597 | Leland Claybrook v. Alfa Laval, Inc., et al. |
| VAE | 2 | 09-9598 | Jose M. Montoya v. American Standard, Inc., et al. |
| VAE | 4 | 09-92 | Raymond Edward Stevens v. 3M Business Products Sales, Inc., et al. |

**WASHINGTON WESTERN**

| | | | |
|-----|---|--------|---|
| WAW | 2 | 09-967 | Paul George McKenzie, et al. v. Saberhagen Holdings, Inc., et al. |

**WISCONSIN EASTERN**

| | | | |
|-----|---|--------|---|
| WIE | 1 | 09-757 | Anthony Arendt v. A.W. Chesterton Co., et al. |

RULE 5.2:       SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation.  Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure.  The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each.  If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address.  The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading.  The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service.  After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings.  In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. § 1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion.  The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation.  Only one attorney shall be designated for each party.  Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address.  Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel.  After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel.  Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:    CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## INVOLVED COUNSEL LIST (CTO-327)

Jennifer E. Adams
DEUTSCH KERRIGAN &
STILES
755 Magazine Street
New Orleans, LA 70130

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Benno B. Ashrafi
WATERS & KRAUS LLP
222 North Sepulveda Blvd.
Suite 1900
El Segundo, CA 90245

Jamie Hebert Baglio
DEUTSCH KERRIGAN &
STILES LLP
755 Magazine St.
New Orleans, LA 70130

William D. Bayliss
WILLIAMS MULLEN
Two James Center
1021 East Cary Street
P.O. Box 1320
Richmond, VA 23218-1320

Joshua H. Bennett
BENNETT & GUTHRIE PLLC
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Gary A. Bezet
KEAN MILLER
HAWTHORNE ET AL
One American Place
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

David M. Bienvenu, Jr.
TAYLOR PORTER BROOKS &
PHILLIPS
451 Florida Street
8th Floor
P. O. Box 2471
Baton Rouge, LA 70821

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Brian M. Blythe
BRADLEY ARANT BOULT
CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North, 7th
Floor
P.O. Box 830709
Birmingham, AL 35283-0709

Barbara L. Bossetta
TALLEY ANTHONY HUGHES
& KNIGHT LLC
2250 7th Street
Mandeville, LA 70471

Timothy W. Bouch
LEATH BOUCH &
CRAWFORD
P.O. Box 59
Charleston, SC 29402

Sarah M. Bowman
DEAN & GIBSON PLLC
301 South McDowell Street
Suite 900
Charlotte, NC 28204-2686

Alan R. Brayton
BRAYTON PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948-6169

Donald E. Britt, Jr.
MORRIS SCHNEIDER &
PRIOR LLC
1101 Nowell Road
Suite 118
Raleigh, NC 27607

Edward Kenneth Brooks
PATTERSON DILTHEY LLP
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

James Arthur Butts
JOHN D SAXON PC
2119 3rd Avenue, North
Suite 100
Birmingham, AL 35203

Michael P. Cascino
CASCINO VAUGHAN LAW
OFFICES LTD
220 South Ashland Avenue
Chicago, IL 60607-5308

Keith E. Coltrain
ELMORE & WALL PA
1001 Wade Avenue
Suite 423
P.O. Box 10937
Raleigh, NC 27605

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

**MDL No. 875 - Involved Counsel List (CTO-327) (Continued)**

Kevin J. Craig
GORDON & REES LLP
701 Fifth Avenue
Suite 2130
Seattle, WA 98104

George J. Dancigers
MCKENRY DANCIGERS
WARNER DAWSON & LAKE
192 Ballard Court
Suite 400
Virginia Beach, VA 23462-6538

H. Lee Davis, Jr.
DAVIS & HAMRICK LLP
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

Glenn S. Draper
LAW OFFICES OF MATTHEW
BERGMAN
17530 Vashon Highway SW
P.O. Box 2010
Vashon, WA 98070

Daniel S. Elger
GASS WEBER &
MULLINS LLC
309 North Water Street
Milwaukee, WI 53202

Jenelle R. Evans
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 2700
P.O. Box 306
Birmingham, AL 35201-0306

Matthew J. Fisher
SCHIFF HARDIN LLP
Sears Tower
233 S. Wacker Drive
Suite 6600
Chicago, IL 60606-6473

Jeffrey E. Friedman
FRIEDMAN LEAK DAZZIO
ZULANAS & BOWLING PC
3800 Colonnade Parkway
Suite 650
P.O. Box 43219
Birmingham, AL 35243

John A. Gardner, III
HEDRICK GARDNER
KINCHELOE &
GAROFALO LLP
6000 Fairview Road
Suite 1000
P.O. Box 30397
Charlotte, NC 28230

Molly Marie Gattuso
FORMAN PERRY WATKINS
KRUTZ & TARDY LLP
1515 Poydras Street
Suite 1300
New Orleans, LA 70112

Joseph F. Giordano
SEMMES BOWEN & SEMMES
PC
1577 Spring Hill Road
Suite 200
Vienna, VA 22182

William M. Graham
WALLACE & GRAHAM PA
525 North Main Street
Salisbury, NC 28144

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

John Joseph Hainkel, III
FRILOT LLC
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3600

Anthony C. Harlow
STARNES & ATCHISON LLP
100 Brookwood Place
Seventh Floor
P.O. Box 598512
Birmingham, AL 35259

James A. Harris, III
HARRIS & HARRIS LLP
2501 20th Place South
Colonial Bank Building, Suite
450
Birmingham, AL 35223

Frederick G. Helmsing, Jr.
MCDOWELL KNIGHT
ROEDDER & SLEDGE LLC
63 South Royal Street
Suite 900
P.O. Box 350
Mobile, AL 36601

James G. House, III
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

John D. Hurst
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Frederick J. Jekel
JEKEL-DOOLITTLE LLC
P.O. Box 2579
Mt. Pleasant, SC 29465

Kelly Brooks Jones
WOMBLE CARLYLE
SANDRIDGE & RICE PLLC
P.O. Box 831
Raleigh, NC 27602

**MDL No. 875 - Involved Counsel List (CTO-327) (Continued)**

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Matthew D. Joss
JUNKER TADDEO & ST
3 West Cary Street
Richmond, VA 23220

Jeffrey A. Kaiser
LEVIN SIMES KAISER &
GORNICK LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue,
N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

G. Patterson Keahey, Jr.
G PATTERSON KEAHEY PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Daniel L. Keller
KELLER FISHBACK
JACKSON LLP
18425 Burbank Boulevard
Suite 610
Tarzana, CA 91356

Hatcher B. Kincheloe
HEDRICK GARDNER
KINCHELOE &
GAROFALO LLP
6000 Fairview Road
Suite 1000
P.O. Box 30397
Charlotte, NC 28230

Stacie Corbett Knight
HUNTON & WILLIAMS LLP
Bank of America Plaza
101 South Tryon Street
Suite 3500
Charlotte, NC 28280

Susan B. Kohn
SIMON PERAGINE SMITH &
REDFEARN LLP
Energy Centre
1100 Poydras Street
30th Floor
New Orleans, LA 70163-3000

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Dan E. LaBelle
HALLORAN & SAGE
315 Post Road, West
Westport, CT 06880

Brian F. Ladenburg
BERGMAN & FROCKT
614 First Avenue
4th Floor
Seattle, WA 98104

Carter T. Lambeth
JOHNSON & LAMBETH
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Frank E. Lankford, Jr.
HUIE FERNAMBUCQ &
STEWART
2801 Highway 280 South
Three Protective Center,
Suite 200
Birmingham, AL 35223-2484

Harold S. Lawlor
GLASSER & GLASSER PLC
580 E Main St
Suite 600
Norfolk, VA 23510

Harold Seward Lawlor
GLASSER & GLASSER PLC
580 East Main Street
600 Crown Center
Norfolk, VA 23510

Teresa Fizardi Lazzaroni
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

Christopher S. Marks
WILLIAMS KASTNER &
GIBBS
601 Union Street
Suite 4100
Seattle, WA 98101-2380

Bentford E. Martin
HAMILTON MOON
STEPHENS STEELE &
MARTIN PLLC
201 S. College Street
Suite 2020
Charlotte, NC 28244-2020

**MDL No. 875 - Involved Counsel List (CTO-327) (Continued)**

Kenneth R. Mayo
REED MAYO LAW FIRM PC
484 Viking Dr Ste 130
Virginia Beach, VA 23452

Edward Bailey McDonough Jr.
EDWARD B
MCDONOUGH JR PC
1800 AmSouth Bank Building
P.O. Box 1943
Mobile, AL 36633

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Christopher Meisenkothen
EARLY LUDWICK &
SWEENEY LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866

Robert O. Meriwether
NELSON MULLINS RILEY &
SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-0013

Anthony J. Milazzo, Jr.
HEBBLER & GIORDANO LLC
3636 S. I-10 Service Road West
Suite 300
Metairie, LA 70001

William T. Mills, II
PORTERFIELD HARPER
MILLS & MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Bryna Rosen Misiura
GOVERNO LAW FIRM LLC
260 Franklin Street
Suite 1500
Boston, MA 02110

Willard J. Moody, Jr.
MOODY STROPLE
KLOEPPEL &
HIGGINBOTHAM INC
500 Crawford St
Suite 300
Portsmouth, VA 23705

Edwin B. Nichols
MAYNARD COOPER &
GALE PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203-2618

Melissa M. Olson
EMBRY & NEUSNER
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

James R. Oswald
ADLER POLLOCK &
SHEEHAN PC
2300 Bank Boston Plaza
Providence, RI 02903-1345

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

E. Spencer Parris
MARTIN & JONES
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Timothy Peck
SMITH MOORE
LEATHERWOOD LLP
300 N. Greene Street
Suite 1400
P.O. Box 21927
Greensboro, NC 27429-1927

Lindsay M. Peed
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
201 South College Street
Suite 2300
Charlotte, NC 28202

Michael G. Phelan
BUTLER WILLIAMS &
SKILLING PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Jeffrey Scott Poretz
MILES & STOCKBRIDGE PC
1751 Pinnacle Drive
Suite 500
McLean, VA 22102-3833

Joshua Charles Prever
MORGAN LEWIS & BOCKIUS
5300 Wachovia Financial Center
200 S. Biscayne Boulevard
Miami, FL 33131-2339

Steven J. Pugh
RICHARSON PLOWDEN &
ROBINSON PA
P.O. Drawer 7788
Columbia, SC 29202

W. Larkin Radney, IV
LIGHTFOOT FRANKLIN &
WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203

**MDL No. 875 - Involved Counsel List (CTO-327) (Continued)**

F. Grey Redditt, Jr.
VICKERS RIIS MURRAY &
CURRAN
Eleventh Floor, Regions Bank
Building
106 Saint Francis Street
Post Office Drawer 2568
Mobile, AL 36652-2568

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Gerolyn Roussel
ROUSSEL & CLEMENT
1714 Cannes Drive
Laplace, LA 70068-2407

Peter A. Santos
NEXSEN PRUET PLLC
201 South Tryon Street
Suite 1200
Charlotte, NC 28202

Charles T. Sheldon
SEDGWICK DETERT MORAN
& ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Jan E. Simonsen
CARR MALONEY PC
1615 L Street, NW
5th Floor
Washington, DC 20036

Anne L. Smith
MCDOWELL KNIGHT
ROEDDER & SLEDGE LLC
P.O. Box 350
Mobile, AL 36601

Julian H. Smith, III
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

William Calvin Smith
SPILMAN THOMAS &
BATTLE PLLC
310 First Street
P.O. Box 90
Roanoke, VA 24002-0090

Charles Monroe Sprinkle, III
HAYNSWORTH SINKLER
BOYD PA
75 Beattie Place
Eleventh Floor
P.O. Box 2048
Greenville, SC 29602-2048

Geoffrey Lane Squitiero
MAHER & MURTHA
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT 06601

David Michael Sturm
JUNKER TADDEO &
STURM PLC
3 West Cary Street
Richmond, VA 23220

Anthony Berardo Taddeo, Jr.
JUNKER TADDEO &
STURM PLC
3 West Cary Street
Richmond, VA 23220

Jennifer M. Techman
EVERT WEATHERSBY &
HOUFF LLC
3405 Piedmont Road, NE
Suite 225
Atlanta, GA 30305

Mark S. Thomas
WILLIAMS MULLEN
MAUPIN TAYLOR PA
3200 Beechleaf Court
Suite 500
P.O. Drawer 19764
Raleigh, NC 27604-1064

Mark S. Thomas
WILLIAMS MULLEN
RBC Plaza, Suite 1700
301 Fayettville Street
P.O. Box 1000
Raleigh, NC 27601

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Timothy Kost Thorson
CARNEY BADLEY
SPELLMAN
701 Fifth Avenue
Suite 3600
Seattle, WA 98104-7010

Tracy E. Tomlin
NELSON MULLINS RILEY &
SCARBOROUGH LLP
100 North Tryon Street
42nd Floor
Charlotte, NC 28202-4007

Michael A. Vercher
CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

Walter G. Watkins, III
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
City Centre Building
200 South Lamar Street, Suite
100
P.O. Box 22608
Jackson, MS 39225-2608

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

**MDL No. 875 - Involved Counsel List (CTO-327) (Continued)**

Samuel J. Webster
WILLCOX & SAVAGE PC
One Commercial Place
Suite 1800
Norfolk, VA 23510

Paul A. Weykamp
LAW OFFICES OF PAUL A WEYKAMP
16 Stenersen Lane
Suite 2
Hunt Valley, MD 21030

Stephen R. Whalen
BREAZEALE SACHSE & WILSON
P.O. Box 3197
One American Place
23rd Floor
Baton Rouge, LA 70821

Allan R. Wheeler
BURR & FORMAN LLP
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

Stephen B. Williamson
KATTEN MUCHIN ROSENMAN
401 South Tryon Street
Suite 2600
Charlotte, NC 28202

James A. Wyatt, III
PARSONS LEE & JULIANO
300 Protective Center
2801 Highway 280 South
P.O. Box 530630
Birmingham, AL 35223-0630

Gary M. Zwain
DUPLASS ZWAIN BOURGEOIS PFISTER & WEINSTOCK
3838 North Causeway Blvd.
Suite 2900
Metairie, LA 70002

Exhibit E

# KELLER, FISHBACK & JACKSON LLP

NEW YORK   •   LOS ANGELES   •   SAN FRANCISCO

October 22, 2009

*VIA FACSIMILE* **202.502.2888**

Jeffery N. Lüthi
Clerk of the Panel
United States Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, DC 20002

   Re: <u>Willie Gill, etc. v. A. W. Chesterton Company, et al.</u>
     U.S. District Court, Central District Of California, Case No. Case No.  CV-09-
     6952-R-(VBKx)

Dear Mr. Lüthi:

  On behalf of plaintiffs in the above-captioned action, I write to notify the Judicial Panel on Multidistrict Litigation of plaintiffs' opposition to the conditional transfer order transferring the above-captioned action to the United States District Court for the Eastern District of Pennsylvania.  I also write to inform the Panel of plaintiffs' filing of a motion to remand the above-captioned action to the Superior Court of California, County of Los Angeles set to be heard on November 16, 2009, before the Honorable Manuel L. Real in the U.S. District Court for the Central District of California.  Accordingly, plaintiffs request that any decision on the transfer of the above captioned to the Eastern District of Pennsylvania be continued to a date after plaintiffs' motion to remand is heard on November 16, 2009.  Plaintiffs intend to file a motion to vacate the conditional transfer order and brief in support thereof in accordance with R.P.J.P.M.L. Rule 7.4.

  Thank you for your attention regarding this matter.  Please feel free to contact me should you have any questions.

      With regards,

      Diran H. Tashjian

cc: (via E-File and Courtesy copy)
Honorable Manuel L. Real
United States District Court
Central District of California
312 N. Spring Street
Los Angeles, CA

cc: (via E-File only)
All Defendants

# Miscellaneous Filings (Other Documents)

2:09-cv-06952-R-VBK Willie Gill v. A.W. Chesterton Company et al
(VBKx), DISCOVERY, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Keller, Daniel on 10/22/2009 at 3:06 PM PDT and filed on 10/22/2009

**Case Name:**       Willie Gill v. A.W. Chesterton Company et al
**Case Number:**     2:09-cv-6952
**Filer:**           Jeanetta Gill
                     Willie Gill

**Document Number:** 27

**Docket Text:**
**(Keller, Daniel)**

**2:09-cv-6952 Notice has been electronically mailed to:**

Charles T Sheldon    charles.sheldon@sdma.com, dawn.lyons@sdma.com, derek.johnson@sdma.com

Daniel L Keller    dkeller@kfjlegal.com

Edward Kong Low    eklow@sonnenschein.com

Farah Sohaili Nicol    fnicol@mckennalong.com

Joseph L Greenslade    jgreenslade@mckennalong.com

Katherine Paige Gardiner    katherine.gardiner@sdma.com, christine.williams@sdma.com

Kevin D Jamison    kjamison@pondnorth.com

Stephen M Fishback    sfishback@kfjlegal.com

William J Sayers    wsayers@mckennalong.com

**2:09-cv-6952 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Bryan D Parker
Pond North

350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071

Frank D Pond
Pond North LLP
350 South Grand Avenue Suite 2850
Los Angeles, CA 90071

Ivor E Samson
Sonnenschein Nath and Rosenthal
525 Market Street 26th Floor
San Francisco, CA 94105

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Users\KFJ\Desktop\USDC.CoverLtrtoMDL.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/22/2009] [FileNumber=8648700-0
] [07a46f819c1759420e2690068b31323c51573063107f4afc282db617a03615960a8
755b9686014a18418b921bdc8e91cf38ae183abadeb3f0e1c9a6a4f013861]]

1

## PROOF OF SERVICE

2

Case: <u>Gill, et al. v. A.W. Chesterton Company, Inc. et al.</u>
USDC Case No.: 09-6952

3

4      I am over the age of eighteen years and am employed in the county of Los Angeles, state of California.  I am employed at KELLER, FISHBACK & JACKSON LLP, a law firm with principals who are members of the Bar of the state of California, and I made the service referred to

5      below at their direction.  My business address is 18425 Burbank Blvd. Suite 610 Tarzana, CA

6      On **October 22, 2009,** I served (a) true copy(ies) of:

7   **PLAINTIFFS' CORRESPONDENCE WITH UNITED STATES PANEL ON MULTIDISTRICT LITIGATION REGARDING OPPOSITION TO CONDITIONAL**

8   **TRANSFER ORDER**

9

**[X]      VIA FACSIMILE** by transmitting the same via facsimile to the party(ies) listed below

10   using the facsimile number(s) listed beneath each name as shown below.  I caused the machine to print a transmission report of the transmission(s) confirming that the facsimile(s) was/were

11   sent and received without error.

12                          Clerk of the Panel
               United States Judicial Panel on Multidistrict Litigation

13                          One Columbus Circle, NE
                      Thurgood Marshall Federal Judiciary Building

14                          Room G-255, North Lobby
                              Washington, DC 20002

15

16      I have prepared the copy(ies) and/or the envelope(s) containing the copy(ies) to be served in accordance with the manner described above for delivery  in accordance with normal practices.

17   I further certify that I am fully familiar with the regular business practices of Keller, Fishback & Jackson LLP and I know the firm's procedures to be safe and reliable for delivery of said

18   document(s) as described above.

19      I certify under penalty of perjury, under the laws of the state of California and the United States of America, that the foregoing is true and correct.

20

21      Executed on **October 21, 2009** at Tarzana, California.

                                          _____
22                                          Keith Morrisette

23

24

25

26

27

28

                                          1

TRANSMISSION VERIFICATION REPORT

```
TIME  : 10/22/2009 15:07
NAME  : KELLERFISHBACK&JACKS
FAX   : 18183427616
SER.# : BROM6F168176
```

```
DATE,TIME          10/22  15:06
FAX NO./NAME       12025022888
DURATION           00:00:58
PAGE(S)            06
RESULT             OK
MODE               STANDARD
                   ECM
```

10/22
kom

SCANNED
10/22
A&G

Exhibit F

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

David G. Trager
United States District Court
Eastern District of New York

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:           [202] 502-2888
http://www.jpml.uscourts.gov

October 23, 2009

Diran H. Tashjian, Esq.
KELLER FISHBACK JACKSON LLP
18425 Burbank Bldv.
Suite 610
Tarzana, CA 91356

Re:  MDL No. 875 -- IN RE: Asbestos Products Liability Litigation (No. VI)

      Willie Gill, etc. v. A.W. Chesterton Co., et al., C.D. California, C.A. No. 2:09-6952
          (Judge Manuel L. Real)

Motion and Brief Due on or before:  November 9, 2009

Dear Mr. Tashjian:

     We have received and filed your Notice of Opposition to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings.  In accordance with Rule 7.4(c) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel.  You must adhere to the following filing requirements:

1)   **Your Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed above. An ORIGINAL and FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in Adobe Acrobat (PDF) format, are currently required for filing. **Fax transmission of your motion and brief will not be accepted.** *See* Panel Rule 5.12(d). **Counsel filing oppositions in more than one action are encouraged to consider filing a single motion and brief with an attached schedule of actions.**

2)   **Papers must be served on the enclosed Involved Counsel List.  Please attach a copy of this list to your certificate of service.** (Counsel who have subsequently made appearances in your action should be added to your certificate of service).

3)   **Rule 5.3 corporate disclosure statements are due within 11 days of the filing of the motion to vacate.**

**RECEIVED**

OCT 2 6 2009

Initials: *AKG*
Time: *10:15a*
Via: *USPS-Certified*

    **Failure to file and serve the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted.**

- 2 -

Any recent official change in the status of a referenced matter should be brought to the attention of the clerk's office as soon as possible by facsimile at (202) 502-2888.  Your cooperation would be appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Jakeia Mells*

Jakeia Mells
Deputy Clerk

Enclosure

cc:    Involved Counsel List
       Transferee Judge:  Judge Eduardo C. Robreno
       Transferor Judge:  Judge Manuel L. Real

JPML Form 37

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**                              MDL No. 875

**INVOLVED COUNSEL LIST (Excerpted from CTO-327)**

Willie Gill, etc. v. A.W. Chesterton Co., et al., C.D. California, C.A. No. 2:09-6952
(Judge Manuel L. Real)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ
ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Daniel L. Keller
KELLER FISHBACK JACKSON LLP
18425 Burbank Boulevard
Suite 610
Tarzana, CA 91356

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Edward Kong Low
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street
26th Floor
San Francisco, CA 94105

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-327) (Continued)**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Farah Sohaili Nicol
MCKENNA LONG & ALDRIDGE LLP
444 S Flower Street
8th Floor
Los Angeles, CA 90071-2901

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Bryan D. Parker
POND NORTH
350 S Grand Ave Ste 2850
Los Angeles, CA 90071

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Charles T. Sheldon
SEDGWICK DETERT MORAN &
ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Diran H. Tashjian
KELLER FISHBACK JACKSON LLP
18425 Burbank Bldv.
Suite 610
Tarzana, CA 91356

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608