JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL 875**

NOV 12 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§ | MDL DOCKET NO. 875 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA- SOUTHERN DIVISION

PLEADING NO. 5968

| | | |
|---|---|---|
| CHARLES CORLEY AND<br>MYRA CORLEY,<br><br>        Plaintiffs,<br><br>vs.<br><br>LONG-LEWIS,    INC.,<br>individually and as successor<br>to  Burrell  Corp., f/k/a<br>Long-Lewis    Hardware<br>Company, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:09-cv-1812<br>CTO - 327 |

### PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

COMES NOW Plaintiffs, by and through undersigned counsel, and files this brief in support of their Motion for Vacating Conditional Transfer

1 | Page

OFFICIAL FILE COPY

IMAGED NOV 1 2 2009

Order to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court, and respectfully shows as follows:

1. This case was originally filed in the Circuit Court of Jefferson County, Alabama and was removed to the United States District Court for the Northern District of Alabama-Southern Division. On October 8, 2009, the United State Judicial Panel on MultiDistrict Litigation entered an order conditionally transferring this case to the MDL-875 in the Eastern District of Pennsylvania. Currently, Plaintiff's Motion to Remand has been fully briefed and simply awaiting a ruling by the District Court.

2. As stated in Plaintiffs' Brief, Mr. and Mrs. Corley request this Honorable Panel to vacate the conditional transfer order to allow the District Court to rule on Plaintiffs' fully briefed Motion to Remand to state court to ensure that the stated purposes of this Court are served in this case at hand. The Panel has the power to vacate this conditional order as they have previously allowed such transferor courts to rule on remand issues.

3. The Panel is respectfully referred to Plaintiffs' Brief in Support in this Motion, filed herewith, for a full discussion of these issues.

## CONCLUSION

WHEREFORE, Plaintiffs' request that this Panel VACATE the conditional transfer order, pending decision by the United States District

Court for the Northern District of Alabama-Southern Division on Plaintiffs'

Motion to Remand.

RESPECTFULLY SUBMITTED, this the 10th day of November, 2009.

        s/G. Patterson Keahey
        G. Patterson Keahey
        Alabama State Bar No.: ASB-6357-A64G
        Tracey C. Dotson
        Alabama State Bar No.: ASB-T865-Y82
        John D. Saxon
        Alabama State Bar No.: ASB-3258-O71J
        James A. Butts
        Alabama State Bar No.: ASB-4872-J73B
        *Attorneys for the Plaintiff*

**OF COUNSEL:**
THE LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Drive, Ste. 612
Birmingham, Alabama 35209
Telephone: (205)871-0707
Email: pkeahey@mesohelp.com

JOHN D. SAXON, P.C.
2119 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 324-0223
Facsimile: (205) 323-1583
Email: jsaxon@saxonattorneys.com
       beau.butts@saxonattorneys.c

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 12 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been furnished to all parties listed on the attached Panel Service List.

RESPECTFULLY SUBMITTED, this the 10th day of November, 2009.

        s/G. Patterson Keahey
        G. Patterson Keahey
        Alabama State Bar No.: ASB-6357-A64G
        Tracey C. Dotson
        Alabama State Bar No.: ASB-T865-Y82D
        John D. Saxon
        Alabama State Bar No.: ASB-3258-O71J
        James A. Butts
        Alabama State Bar No.: ASB-4872-J73B
        *Attorneys for the Plaintiff*

**OF COUNSEL:**
THE LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Drive, Ste. 612
Birmingham, Alabama 35209
Telephone: (205)871-0707
Email:    pkeahey@mesohelp.com

JOHN D. SAXON, P.C.
2119 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 324-0223
Facsimile: (205) 323-1583
Email:    jsaxon@saxonattorneys.com
          beau.butts@saxonattorneys.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 2 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§ | MDL DOCKET NO. 875 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA- SOUTHERN DIVISION

| | |
|---|---|
| CHARLES CORLEY AND )<br>MYRA CORLEY, )<br> )<br>  Plaintiffs, )<br> )<br>vs. )<br> )<br>LONG-LEWIS, INC., )<br>individually and as successor )<br>to **Burrell Corp.**, f/k/a )<br>Long-Lewis Hardware )<br>Company, et al., )<br> )<br>  Defendants. | Case No. 2:09-cv-1812<br>CTO -327 |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER

COMES NOW Plaintiffs, by and through undersigned counsel, and files this

brief in support of their Motion for Vacating Conditional Transfer Order to Allow

1

Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court, and respectfully shows as follows:

## INTRODUCTION

1. Plaintiffs, Myra and Charles Corley, filed this asbestos personal-injury lawsuit in the Circuit Court of Jefferson County, Alabama on May 7, 2009 seeking to collect damages as a result of his exposure to asbestos from various manufacturers, suppliers and distributors of asbestos-containing products. This exposure to asbestos was a proximate cause of his mesothelioma, a terminal and painful cancer which Mr. Corley was diagnosis with on February 27, 2009.

2. Mr. Corley's Complaint specifically disclaims any cause of action based upon federal law or any other legal theory that would invoke federal jurisdiction. This lawsuit is currently set for trial in State Court on April 19, 2010.

## PROCEDURAL HISTORY

3. In the Alabama State Court Complaint, the plaintiffs alleged state-law negligence and breach of warranties claims against the defendants, based on their failure to warn of the health hazards associated with asbestos

exposure. No claim arising under federal law was alleged in the Complaint. No substantive federal question was raised and no substantive federal issue needs to be decided upon in order to establish the removing defendants' liability under the causes of action in the Plaintiffs' Original and Amended Complaint.

4. On September 11, 2009 Defendants Garlock Sealing Technologies LLC and Owens-Illinois, Inc. filed a Notice of Removal in the above referenced matter to federal court based on federal question jurisdiction under 28 U.S.C. § 1331, which all remaining Defendants consented.

5. On September 11, 2009 Defendant CBS Westinghouse consented to the above referenced Notice of Removal and pled additional grounds for removal under the federal officer removal statute.

6. On September 23, 2009 Plaintiffs' timely filed a Memorandum of Law in Support of the accompanying Motion to Remand in response to the Notice of Removal filed by Garlock Sealing Technologies LLC and Owens-Illinois, Inc., in that Motion to Remand Plaintiffs' also responded to the additional grounds that were argued by CBS Corporation.

7. On October 9, 2009 Removing Defendant CBS Corporation responded to Plaintiffs' Motion to Remand.

8. On October 13, 2009 Removing Defendants Garlock Sealing Technologies LLC and Owens-Illinois, Inc. filed a response to Plaintiffs' Motion to Remand.

9. On October 19, 2009 Plaintiffs' filed a response in Opposition to Defendant CBS Corporation's Response to Plaintiffs' Motion to Remand.

10. On October 23, 2009 Plaintiffs' filed a response in Opposition to Defendants Garlock Sealing Technologies LLC and Owens-Illinois, Inc. Response to Plaintiffs' Motion to Remand.

11. On October 29, 2009 Removing Defendant CBS Corporation was granted a Motion for Leave in order to file a Sur-Reply in Further Opposition to Plaintiff's Motion to Remand.

## ARGUMENT

### The Panel May Vacate Conditional Transfer Orders in Order to Allow the Time Needed for the Transferor Court to Rule on the Motion to Remand.

12. The Panel has vacated conditional transfer orders in the past, in order to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In *Vasura v. ACandS, Inc.*, involving a similar asbestos matter removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion

for remand." *Vasura v. ACandS, Inc.*, 84 F. Supp. 2d 531, at 533 (S.D.N.Y. 2000). Furthermore, the Panel denies motions for transfer when the transfer will neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. <u>In re A.H. Robins Co. Dalkon Shield</u>, 570 F.Supp. 1480 (J.P.M.L. 1983).

13. Plaintiffs' here are only requesting that this Panel allow a timely ruling to be made on the much deliberated Motion to Remand, so that their interests are fairly served. The Judicial Panel transfers cases for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. 1407, when the actions involve common questions of fact, and the transfers will serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation. <u>In re Sta-Power Industries, Inc.</u>, 404 F. Supp. 476 (J.P.M.L. 1975). Those interests would not be properly served in this present matter.

14. Moreover, the transfer of this case to MDL 875 would be manifestly unjust to the Plaintiffs. The Plaintiffs have already incurred unnecessary expense and delay in their cases due to the improper removal of their cases to the United States District Court of Northern Alabama-Southern Division from the Circuit Court of Jefferson County, Alabama. The injuries to Plaintiffs herein will be compounded if the Panel transfers

their cases to yet another forum. The transfer of Plaintiffs' cases to the MDL will serve no purpose other than to benefit the Removing Defendants by providing a delay of several years in the trial of Plaintiffs' claims. Plaintiffs would suffer irreparable harm and considerable delay in having their cases presented to a jury if their cases are now transferred to the MDL Court of Pennsylvania.

### It Would be a Waste of Judicial Resources to Transfer the Case to the MDL Without First Properly Establishing Whether Federal Jurisdiction is Appropriate, which the Plaintiffs' Reasonably Believe It Is NOT.

15. The basic purpose underlying the enactment of 28 U.S. Section 1407 was to secure in multidistrict litigation, as in all other civil litigation, the just, speedy and inexpensive determination of every action. In re National Student Marketing Litigation, 368 F. Supp. 1311, 1316 (J.P.M.L. 1983). This basic purpose will not be fulfilled in the case at hand because it will most likely languish for several years along with thousands of other cases on the backlog of this Court's docket.

16. The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. Federal jurisdiction has not been established at this point. Absent a finding of federal jurisdiction, the case would clearly not belong in the MDL. It makes abundant sense, in the interest of judicial economy, to allow the remand motion process to fully run its

course before burdening the MDL with yet another asbestos case. As provided above, as of today, all of the documentation of all parties has been filed, and all that is left is the decision of Judge Davis. Additionally, the Plaintiffs' have requested an expedited decision from Judge Davis in the interest of this Conditional Transfer Order.

17. Whether or not the case should be remanded to the state court is strictly a matter of Alabama law. Therefore, the United States District Court of the Northern District of Alabama-Southern Division still retains jurisdiction. It would be burdensome and inefficient to transfer this case to MDL 875 and require the MDL Judge to rule on these local issues, especially when the issue has been fully briefed before the transferor court and a decision on remand is imminent. Finalizing the Conditional Transfer Order prior to the ruling on jurisdiction will add yet another substantial case to the already overburdened docket of MDL-875.

18. Vacating the Conditional Transfer Order in this case until the United State District Court for the Northern Alabama-Southern Division ruled upon the Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy, which is reason for which this process was originally created. If jurisdiction is rejected, the case will be

returned to State Court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

## CONCLUSION

WHEREFORE, Plaintiffs request that the Panel VACATE the conditional transfer order, until such time as the United State District Court for the Northern District of Alabama-Southern Division has been given the opportunity to rule on Plaintiffs' Motion to Remand.

RESPECTFULLY SUBMITTED, this the 10th day of November, 2009.

s/G. Patterson Keahey
G. Patterson Keahey
Alabama State Bar No.: ASB-6357-A64G
Tracey C. Dotson
Alabama State Bar No.: ASB-T865-Y82
John D. Saxon
Alabama State Bar No.: ASB-3258-O71J
James A. Butts
Alabama State Bar No.: ASB-4872-J73B
*Attorneys for the Plaintiff*

**OF COUNSEL:**
THE LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Drive, Ste. 612
Birmingham, Alabama 35209
Telephone: (205)871-0707

Email:     pkeahey@mesohelp.com

JOHN D. SAXON, P.C.
2119 Third Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 324-0223
Facsimile:   (205) 323-1583
Email:     jsaxon@saxonattorneys.com
           beau.butts@saxonattorneys.c

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 2 2009

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that a true and correct copy of the foregoing pleading has been furnished to all parties listed on the attached Panel Service List.

RESPECTFULLY SUBMITTED, this the 10th day of November, 2009.

s/G. Patterson Keahey
G. Patterson Keahey
Alabama State Bar No.: ASB-6357-A64G
Tracey C. Dotson
Alabama State Bar No.: ASB-T865-Y82D
John D. Saxon
Alabama State Bar No.: ASB-3258-O71J
James A. Butts
Alabama State Bar No.: ASB-4872-J73B
*Attorneys for the Plaintiff*

**OF COUNSEL:**
THE LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Drive, Ste. 612
Birmingham, Alabama 35209
Telephone:  (205)871-0707

9

Email:     pkeahey@mesohelp.com

JOHN D. SAXON, P.C.
2119 Third Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 324-0223
Facsimile:   (205) 323-1583
Email:        jsaxon@saxonattorneys.com
              beau.butts@saxonattorneys.com

Case MDL No. 875   Document 5968   Filed 11/12/09   Page 15 of 18

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 12 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been furnished to all parties listed on the attached Panel Service List.

RESPECTFULLY SUBMITTED, this the 12th day of November, 2009.

                        s/G. Patterson Keahey
                        G. Patterson Keahey
                        Alabama State Bar No.: ASB-6357-A64G
                        Tracey C. Dotson
                        Alabama State Bar No.: ASB-T865-Y82D
                        John D. Saxon
                        Alabama State Bar No.: ASB-3258-O71J
                        James A. Butts
                        Alabama State Bar No.: ASB-4872-J73B
                        *Attorneys for the Plaintiff*

**OF COUNSEL:**
THE LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Drive, Ste. 612
Birmingham, Alabama 35209
Telephone:  (205)871-0707
Email:        pkeahey@mesohelp.com

JOHN D. SAXON, P.C.
2119 Third Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 324-0223
Facsimile:    (205) 323-1583
Email:        jsaxon@saxonattorneys.com
             beau.butts@saxonattorneys.com

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-327)

Charles Corley, et al. v. Long-Lewis, Inc., et al., N.D. Alabama, C.A. No. 2:09-1812
(Judge Harwell G. Davis, III)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Brian M. Blythe
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North, 7th Floor
P.O. Box 830709
Birmingham, AL 35283-0709

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

James Arthur Butts
JOHN D SAXON PC
2119 3rd Avenue, North
Suite 100
Birmingham, AL 35203

C. Paul Cavender
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Jenelle R. Evans
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 2700
P.O. Box 306
Birmingham, AL 35201-0306

Jeffrey E. Friedman
FRIEDMAN LEAK DAZZIO ZULANAS & BOWLING PC
3800 Colonnade Parkway
Suite 650
P.O. Box 43219
Birmingham, AL 35243

Anthony C. Harlow
STARNES & ATCHISON LLP
100 Brookwood Place
Seventh Floor
P.O. Box 598512
Birmingham, AL 35259

James A. Harris, III
HARRIS & HARRIS LLP
2501 20th Place South
Colonial Bank Building, Suite 450
Birmingham, AL 35223

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-327) (Continued)**

Frederick G. Helmsing, Jr.
MCDOWELL KNIGHT ROEDDER &
SLEDGE LLC
63 South Royal Street
Suite 900
P.O. Box 350
Mobile, AL 36601

James G. House, III
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

G. Patterson Keahey, Jr.
G PATTERSON KEAHEY PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Frank E. Lankford, Jr.
HUIE FERNAMBUCQ & STEWART
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Edward Bailey McDonough, Jr.
EDWARD B MCDONOUGH JR PC
1800 AmSouth Bank Building
P.O. Box 1943
Mobile, AL 36633

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-327) (Continued)**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

William T. Mills, II
PORTERFIELD HARPER MILLS &
MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Edwin B. Nichols
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203-2618

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

W. Larkin Radney, IV
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203

F. Grey Redditt, Jr.
VICKERS RIIS MURRAY & CURRAN
Eleventh Floor, Regions Bank Building
106 Saint Francis Street
Post Office Drawer 2568
Mobile, AL 36652-2568

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Anne L. Smith
MCDOWELL KNIGHT ROEDDER &
SLEDGE LLC
P.O. Box 350
Mobile, AL 36601

Julian H. Smith, III
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Michael A. Vercher
CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Allan R. Wheeler
BURR & FORMAN LLP
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

James A. Wyatt, III
PARSONS LEE & JULIANO
300 Protective Center
2801 Highway 280 South
P.O. Box 530630
Birmingham, AL 35223-0630