MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 30 2009

FILED
CLERK'S OFFICE

PLEADING NO. 5982

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS ) | |
| LIABILITY LITIGATION (No. VI) ) | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES CORLEY and MYRA CORLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:09-cv-1812 |
| ) | |
| LONG-LEWIS, INC., individually and as ) | |
| successor to Burrell Corp., f/k/a Long-Lewis ) | |
| Hardware Company, et al., ) | |
| ) | |
| Defendants. ) | |

DEFENDANT CBS CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

COMES NOW CBS Corporation ("Westinghouse")[1], opposing Plaintiffs' motion to vacate the Conditional Transfer Order ("CTO") entered in this case on October 8, 2009 (CTO-327). Plaintiffs have not shown good cause to vacate that CTO which is, instead,

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom, Inc ) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

IMAGED NOV 30 2009

OFFICIAL FILE COPY

consistent with this Panel's prior decisions and with the principles underlying the creation of MDL-875. Thus, Westinghouse respectfully requests that Plaintiffs' motion be denied.

### Rule 7.1(b) Response to Plaintiffs' Enumerated Factual Averments[2]

1.

For purposes of Plaintiffs' motion, Westinghouse admits that Charles Corley was diagnosed with mesothelioma on or around February 27, 2009 and that Plaintiffs filed suit in the Circuit Court of Jefferson County, Alabama on May 7, 2009 against numerous defendants including Westinghouse seeking damages for that injury. Westinghouse, however, denies that exposure to Westinghouse-attributable asbestos proximately caused any injury to Plaintiffs.

2.

Westinghouse admits that Plaintiffs' state-court complaints contain a provision purporting to disclaim any claims that might otherwise be removable to federal court. Westinghouse also admits that, prior to its removal, this matter had been set for trial on April 19, 2010.[3] However, as detailed in Westinghouse's response to Plaintiffs' motion to remand and as summarized below, Westinghouse denies that Plaintiffs' boilerplate disclaimer of removable claims has any bearing on Westinghouse's right of removal under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

---

[2] In discharging its responsibilities under this Panel's Rule 7.1(b), Westinghouse addresses each of the enumerated paragraphs contained in the "Introduction" and "Procedural History" sections of the "Brief in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order."

[3] To the best of Westinghouse's information and belief, Corley died in or around October 2009. However, as no amendment has been made to Plaintiffs' complaint as of the current date to reflect this event, Westinghouse refers to Corley and his wife as "Plaintiffs" herein. It is unknown to Westinghouse at this time what effect Corley's death would have on the previously-set expedited trial date, even were this case still pending in the Circuit Court of Jefferson County. Westinghouse generally notes, however, that similar non-exigent asbestos-related wrongful death cases are currently being assigned trial dates in 2011.

3.

Westinghouse admits that Plaintiffs' state court complaints state a number of claims based on Defendants' alleged failure to warn of asbestos-related hazards. However, to the extent Plaintiffs' Averment No. 3 is intended to suggest that *only* warning-based claims are stated, that Averment is denied. Rather, Plaintiffs also state non-warning-related design defect claims based on the mere use of asbestos in or on Defendants' products and equipment. Similarly, while Westinghouse admits that no federal law-based claim is stated on the face of Plaintiffs' state court complaints, it denies Plaintiffs' averment that "no substantive federal issue needs to be decided upon in order to establish the removing defendants' liability under the causes of action in the Plaintiffs' Original and Amended Complaint." Rather, as discussed in Westinghouse's "Notice of Consent to Removal and of Additional Grounds for Removal Jurisdiction under 28 U.S.C. § 1442(a)(1)" and in its response to Plaintiffs' remand motion, any determination of Westinghouse's liability in this case will entail a ruling on the merits of its federal law-based government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). The presence of that defense renders this case removable despite the non-federal cast of Plaintiffs' state court complaints given the inapplicability of the well-pleaded complaint rule to removals based on § 1442(a)(1).

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Admitted.

8.

Admitted.

9.

Admitted.

10.

Admitted.

11.

Admitted.

**Additional Enumerated Factual Averments Relevant to this Panel's Ruling**

WH-1.

On October 8, 2009, this Panel entered a CTO conditionally transferring this case to the United States District Court for the Eastern District of Pennsylvania for inclusion in MDL-875.

WH-2.

On or around October 23, 2009, Plaintiffs filed a Notice of Opposition to that CTO.

WH-3.

On October 26, 2009, the Clerk of this Panel instructed Plaintiffs' counsel that any motion to vacate "must be *received in the Panel office*" (emphasis added) by

November 10, 2009, and cautioned that a failure to comply with this requirement would be "considered a withdrawal of the opposition [to the conditional transfer order]" and would result in a lifting of the stay of that transfer.

WH-4.

Despite this clear direction, Plaintiffs' motion to vacate (while dated November 10, 2009) was not received by this Panel until November 12, 2009.

### Argument[4]

As noted above, Plaintiffs' motion to vacate was not filed by the deadline fixed by this Panel. Thus, consistent with the plain language of the letter issued by this Panel's Clerk, Plaintiffs' opposition to the CTO should be deemed withdrawn and the stay of the transfer of this case for inclusion in MDL-875 should be lifted without further delay.

Even if the merits of Plaintiffs' untimely motion are considered, however, their sole argument in opposition to this Panel's CTO is that their pending remand motion should first be decided by the transferor court – i.e., the United States District Court for the Northern District of Alabama. In support of this argument, Plaintiffs urge that: 1) the immediate transfer of this case would not serve the purposes of 28 U.S.C. § 1407 in that the determination of their remand motion will not involve any issues common to other matters currently pending in ML-875 and will, instead, turn "strictly on a matter of Alabama law;" and 2) the transfer of this case would prejudice Plaintiffs by delaying the

---

[4] While each paragraph of the "Argument" section of the "Brief in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order" is separately enumerated, each such paragraph is not limited to a "statement of a single factual averment" as anticipated by this Court's Rule 7.1(a). Accordingly, Westinghouse's response to Plaintiffs' Argument is set forth in narrative form. However, where specific enumerated paragraphs of Plaintiffs' Argument are implicated, they are parenthetically identified or referenced as "(Plaintiffs' Argument: p. _; ¶ _)."

trial of their claims. Neither assertion provides a valid basis for vacating this Panel's CTO.

To the extent Plaintiffs urge that this Panel can decline to transfer a particular case for inclusion in an existing multi-district consolidation where exceptional circumstances render such a transfer contrary to the purposes of § 1407 (Plaintiffs' Argument: pp. 4-5; ¶¶ 12-13 and 16), Westinghouse readily admits the truth of that proposition. *See, e.g., In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liability Litig.*, 570 F. Supp. 1480, 1482 (Jud. Pan. Mult. Lit. 1983) (declining to transfer newly-filed Dalkon Shield cases for inclusion in an existing multi-district consolidation given the impending expiration of that consolidation and given this Panel's intervening order that no further transfers would be made). However, to the extent Plaintiffs suggest a general rule of delay in transferring asbestos-related cases for inclusion in MDL-875 until any remand motions have been decided by the transferor courts (Plaintiffs' Argument: pp. 6-7 and 7-8; ¶¶ 16 and 18), that same suggestion was considered, and soundly rejected, by this Panel in *In re Asbestos Prods. Liability Litig. (No. VI)*, 170 F. Supp. 2d. 1348, 1349-50 (Jud. Pan. Mult. Lit. 2001) ("*Wooley/Baden*"). As stated therein:

> Plaintiffs . . . have argued in essence that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L. 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) ***accordingly, those courts wishing***

> *to address such motions* [for remand] *have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer to MDL-875 can continue without any unnecessary interruption or delay.*

*Wooley/Baden*, 170 F. Supp. 2d at 1349, n. 1 (emphasis added). *See also, In re Asbestos Prods. Liability Litig. (No. VI)*, 1996 WL 143826 at *1, n.2 (Jud. Pan. Mult. Lit. Feb. 16, 1996) ("*Gonzales*").

A similar conclusion is called for here. While the pendency of CTO-327 has not deprived the Northern District of Alabama of jurisdiction to decide Plaintiffs' remand motion, that court has thus far elected *not* to rule on that motion, which has been pending since September 23, 2009.[5] Thus, the pendency of Plaintiffs' remand motion does not provide good cause to vacate this Panel's CTO. Instead, this case should be transferred "without any unnecessary interruption or delay," allowing the Eastern District of Pennsylvania to rule on any pending motions, including Plaintiffs' motion for remand.

It should be further stressed in this regard that, despite Plaintiffs' representation that their remand motion turns solely on "a matter of Alabama law" (Plaintiffs' Argument: p. 7; ¶ 17), their remand motion *does* implicate issues of federal law which are common to numerous asbestos-related cases, including other cases presently included in MDL-875, and the litigation of those common issues in individual district courts outside

---

[5] Quite the contrary, while Plaintiffs filed a "Motion to Request an Emergency Hearing" on October 29, 2009 (based largely on the pendency of this Panel's CTO), no hearing has been scheduled nor has any other ruling been had on Plaintiffs' remand motion. It should also be noted that – as this matter has been assigned to a United States magistrate judge by the transferor court without the parties' consent – the likelihood of any immediate final resolution of Plaintiffs' motion has been rendered ever more remote. When and if the assigned magistrate judge issues a recommendation as to the disposition of Plaintiffs' remand motion, the losing party would then have an absolute right under Fed. R. Civ. P. 72 to a review of that ruling, at which time the clerk of the transferor court would assign a particular district court judge to perform that review. *See generally, Johnson v. Wyeth*, 313 F. Supp. 2d 1272 (N.D. Ala. 2004). Accordingly, any suggestion by Plaintiffs that a final ruling on their remand motion by the transferor court is imminent is difficult to square with the procedural posture of this case.

of MDL-875 has sometimes given rise to inconsistent rulings on these common issues of federal law.[6] Such common issues include: 1) the effect, if any, to be given a preemptive disclaimer of removable claims relative to a § 1442(a)(1)-based removal[7]; 2) the appropriate standard of jurisdictional scrutiny as to § 1442(a)(1)-based removals affected by civilian military contractors[8]; and 3) the nature of the evidence needed to state a colorable government contractor defense to warning-based asbestos-related claims for jurisdictional purposes under § 1442(a)(1)[9]. Thus, even if Plaintiffs' remand motion is

---

[6] It is on this basis that the authority relied on by Plaintiffs (Plaintiffs' Argument: pp. 7-8; ¶ 12), *Vasura v. ACandS*, 84 F. Supp. 2d 531 (S.D.N.Y. 2000), is readily distinguishable. While it appears that this Panel vacated a CTO in that asbestos-related case to allow the transferor court to decide a remand motion, it also appears that the motion in question did not turn on the resolution of any asbestos-specific legal issues. Rather, the issues presented were solely factual, relating to the citizenship of certain allegedly non-diverse defendants and the dates of foreign government ownership of another defendant.

[7] As alluded to above, the majority rule is that the type of boilerplate disclaimer of removable claims relied on by Plaintiffs in this case has no effect on a defendant's removal rights under § 1442(a)(1) given the inapplicability of the well-pleaded complaint rule to that particular removal statute. *See, e.g., Carroll v. Buffalo Pumps*, 2008 WL 4793725 at *2 (D. Conn. Oct. 27, 2008); *Redman v. A.W. Chesterton Co.*, 2008 WL 4447729 at *3 (N.D. Cal. Sept. 30, 2008); *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1274 (S.D. Fla. 2008); *Ballenger v. AGCO Corp.*, 2007 WL 1813821 at *2 (N.D. Cal. June 22, 2007). Plaintiffs, however, rely on the minority position that such disclaimers can impact § 1442(a)(1)-based removal rights. *See, Schilz v. A.P. Green Indus.*, 2002 WL 102608 (N.D. Cal. Jan. 15, 2002). In this regard, Plaintiffs' remand motion implicates the question of the proper interplay of § 1442(a)(1) and the well-pleaded complaint rule – a question of federal, not Alabama, law.

[8] The majority interpretation of § 1442(a)(1) is that this removal statute must be broadly construed in favor of removal, regardless of whether the removing party is an employee of the federal government or a civilian military contractor. *See, e.g., Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397-98 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999); *Prewett v. Goulds Pumps (IPG)*, 2009 WL 2959877 at *3 (W.D. Wash. Sept. 9, 2009); *Campbell v. Brook Trout Coal*, 2008 WL 4415078 at *6, n. 9 (S.D. W. Va. Sept. 25, 2008). Plaintiffs' remand motion, however, invokes the contrary minority view championed by *Freiberg v. Swinerton & Walberg Prop. Servs.*, 245 F. Supp. 2d 1144, 1150 (D. Colo. 2002), thus, once again, calling for the resolution of a question of federal, not Alabama, law.

[9] Plaintiffs' remand motion invokes the minority position – embodied by *Holdren v. Buffalo Pumps*, 614 F. Supp. 2d 129 (D. Mass. 2009) and *Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187 (D. Mass. 2008) – that a colorable government contractor defense cannot be stated for jurisdictional purposes under § 1442(a)(1) in the context of asbestos-related "failure to warn" claims brought against Navy equipment suppliers absent evidence that the defendant affirmatively proposed an asbestos-related warning only to have such a warning specifically and expressly forbidden by the Navy. Once again, this position urged by Plaintiffs has been rejected by most federal courts reaching the question – courts which have instead found that the jurisdictional requirements of § 1442(a)(1) are satisfied upon proof that the Navy was actively involved in the determination of which warnings, if any, were to be furnished with the defendant's equipment. *See, e.g., Seigfried v. Allegheny Ludlum Corp.*, 2009 WL 1035001 at *13 (W.D. Pa. Apr. 17, 2009); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51, 55 and 57, n. 12 (D. Mass. 2008); *Marley*, 545 F. Supp. 2d at 1273; *Ballenger*, 2007 WL 1813821 at *3. Again, this aspect of Plaintiffs' remand motion plainly implicates an issue of federal, not Alabama, law.

viewed in isolation, the benefit of avoiding further inconsistent pre-trial rulings on common issues of federal law strongly counsels in favor of transfer so that these issues can be uniformly decided in the global context of MDL-875. *Cf., Hoofkin v. Novartis Pharmaceutical Corp.*, 2002 WL 987369 at *1 (E.D. La. May 13, 2002) (staying consideration of an individual plaintiff's phenylpropanolamine ("PPA")-related claim pending its transfer for inclusion in an existing multi-district consolidation as the remand motion touched on issues common to many PPA-related cases and deferring the remand motion to the transferee court would thus avoid the risk of conflicting rulings on those common issues); *Boudreaux v. Metropolitan Life Ins.*, 1995 WL 83788 at *2 (E.D. La. Feb. 24, 1995) (reaching the same conclusion as to asbestos-related claims). Certainly, beyond the immediate question of Plaintiffs' motion for remand, there can be no serious debate that the substantive and procedural issues raised by their asbestos-related claims share sufficient similarity with other cases already included in MDL-875 to render the transfer of this case proper under § 1407. *See, In re Asbestos Prods. Liability Litig. (No. VI)*, 771 F. Supp. 415 (Jud. Pan. Mult. Lit. 1991). As such, the transfer of this case for inclusion in MDL-875 would be plainly consistent with § 1407.

Distilled to its essence, Plaintiffs' second assertion in support of their motion to vacate is that the transfer of their individual asbestos-related claims to MDL-875 would be "manifestly unjust" in that it would presumably delay the ultimate trial of those claims. (Plaintiffs' Argument: pp. 5-6; ¶¶ 14-15). This argument (which would be equally available to any asbestos-related plaintiff, and which is not associated with any unique aspect of these Plaintiffs' claims) is patently meritless.

This Panel has consistently rejected arguments against inclusion in MDL-875 by individual asbestos-related plaintiffs based on an allegation that such a transfer would deny such plaintiffs their right to a speedy resolution of their claims. *See, e.g., Wooley/Baden*, 170 F. Supp. 2d. at 1349-50. In fact, this Panel has noted that (particularly when viewed from a global rather than individual perspective) the "centralization of all federal asbestos personal injury/wrongful death actions . . . 'will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.'" *In re Asbestos Prods. Liability Litig. (No. VI)*, 771 F. Supp. at 418 (*quoting*, 28 U.S.C. § 1407(a)). In short, this Panel has already aptly observed that "[t]he heyday of individual adjudication of asbestos mass tort lawsuits has long passed," and has recognized that the overwhelming volume of such claims necessitates the current MDL approach so that the asbestos litigation crisis does not threaten the basic administration of justice in America's courts. *Id.*, at 418-19.

Westinghouse respectfully submits that the need for the uniform transfer of all federally-pending asbestos-related claims to MDL-875 has increased, rather than diminished, in intensity with the passage of time since this Panel's discussion of the asbestos litigation crisis in 1991. As later stated by this Panel, the need for the type of uniform and responsible handling of asbestos litigation exhibited by MDL-875 – with its "'prudent conservation'" of the resources available to compensate injured parties which otherwise might be expended in exorbitant punitive damages windfalls to individual plaintiffs and their counsel – becomes increasingly apparent as such resources are rapidly depleted and an increasing number of the entities who could provide such resources are

forced into bankruptcy. *Wooley/Baden*, 170 F. Supp. 2d at 1350 (*quoting*, *In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000), *cert. denied*, 532 U.S. 1066 (2001)).

In short, Plaintiffs have fallen far short of showing the type of compelling and extraordinary circumstances which might justify this Panel's deviation from its determined policy of centralizing all asbestos-related claims pending in federal courts within MDL-875. Certainly, if such unique circumstances were to develop, the transferee court can be expected to act accordingly. *See, Wooley/Baden*, 170 F. Supp. 2d at 1350. Thus, Plaintiffs' prejudice-based argument in support of their motion to vacate is likewise without merit.

## Conclusion

For the reasons set forth above, Plaintiffs have failed to show good cause in support of their motion to vacate. Thus, the transfer of this case for inclusion in MDL-875 should be affected without further delay.

RESPECTFULLY SUBMITTED, this 24th day of November, 2009.

/s/ Nicole M. Hardee
James A. Harris, III
**Attorney Code: Har141**
Nicole M. Hardee
**Attorney Code: MAP006**
2501 20th Place South, Suite 450
Birmingham, Alabama 35223
FAX: (205) 871-0029
TEL: (205) 871-5777
Email: jamey@harris-harris.com
Email: nicole@harris-harris.com

Counsel for Defendant
CBS CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 30 2009

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that I have on this date, November 24, 2009 served a copy of the above and foregoing pleading upon the Clerk of the Panel and all parties and counsel of record to the said cause by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed as follows: (See Involved Counsel List, attached hereto.)

*[signature]*
OF COUNSEL

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-327)

Charles Corley, et al. v. Long-Lewis, Inc., et al., N.D. Alabama, C.A. No. 2:09-1812
(Judge Harwell G. Davis, III)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Brian M. Blythe
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North, 7th Floor
P.O. Box 830709
Birmingham, AL 35283-0709

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

James Arthur Butts
JOHN D SAXON PC
2119 3rd Avenue, North
Suite 100
Birmingham, AL 35203

C. Paul Cavender
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Jenelle R. Evans
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 2700
P.O. Box 306
Birmingham, AL 35201-0306

Jeffrey E. Friedman
FRIEDMAN LEAK DAZZIO ZULANAS &
BOWLING PC
3800 Colonnade Parkway
Suite 650
P.O. Box 43219
Birmingham, AL 35243

Anthony C. Harlow
STARNES & ATCHISON LLP
100 Brookwood Place
Seventh Floor
P.O. Box 598512
Birmingham, AL 35259

James A. Harris, III
HARRIS & HARRIS LLP
2501 20th Place South
Colonial Bank Building, Suite 450
Birmingham, AL 35223

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-327) (Continued)**

Frederick G. Helmsing, Jr.
MCDOWELL KNIGHT ROEDDER &
SLEDGE LLC
63 South Royal Street
Suite 900
P.O. Box 350
Mobile, AL 36601

James G. House, III
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

G. Patterson Keahey, Jr.
G PATTERSON KEAHEY PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Frank E. Lankford, Jr.
HUIE FERNAMBUCQ & STEWART
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Edward Bailey McDonough, Jr.
EDWARD B MCDONOUGH JR PC
1800 AmSouth Bank Building
P.O. Box 1943
Mobile, AL 36633

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-327) (Continued)**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

William T. Mills, II
PORTERFIELD HARPER MILLS &
MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Edwin B. Nichols
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203-2618

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

W. Larkin Radney, IV
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203

F. Grey Redditt, Jr.
VICKERS RIIS MURRAY & CURRAN
Eleventh Floor, Regions Bank Building
106 Saint Francis Street
Post Office Drawer 2568
Mobile, AL 36652-2568

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Anne L. Smith
MCDOWELL KNIGHT ROEDDER &
SLEDGE LLC
P.O. Box 350
Mobile, AL 36601

Julian H. Smith, III
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Michael A. Vercher
CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Allan R. Wheeler
BURR & FORMAN LLP
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

James A. Wyatt, III
PARSONS LEE & JULIANO
300 Protective Center
2801 Highway 280 South
P.O. Box 530630
Birmingham, AL 35223-0630