UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 01, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)            MDL No. 875

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in actions pending in the Central District of California (two actions), the Southern District of Georgia, the District of Oregon, and the Western District of Washington, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the

---

[*]    Judge Heyburn took no part in the disposition of this matter. Judge Trager participated only in the disposition of the Central District of California *Staton* action.

[1]    Carrier Corp. (as to both Central District of California actions); General Electric Co. and Viad Corp. (as to the Central District of California *Nepomuceno* action); Leslie Controls, Inc. (as to both Central District of California actions and the District of Oregon action); Grinnell LLC and Yarway Corp. (as to the Central District of California *Staton* action); Ingersoll-Rand Co. (as to the Southern District of Georgia action); and Lockheed Martin Shipbuilding Co. (as to the Western District of Washington action).

[2]    Plaintiffs in all five actions principally argue that the Panel should deny or defer transfer of their actions in order to permit the resolution of motions for remand to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an

(continued...)

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Plaintiffs in the Central District of California *Staton* action also cite serious health issues of the plaintiff husband in arguing against transfer, and, indeed, express the concern that inclusion of their action in MDL No. 875 may deprive the plaintiff husband of his day in court and his ability to recover for pain and suffering. Although we have rejected similar arguments on multiple occasions in the past, we remain sensitive to such concerns. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

Under the stewardship of the transferee court, as of November 20, 2009, (1) over 108,000 actions were closed in the transferee district, and (2) over 1,400 actions or claims therein were returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby remand is available with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

---

$^{2}$(...continued)
action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should await presentation to the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager[*] |

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                 MDL No. 875

## SCHEDULE A

<u>Central District of California</u>

Ellis Michael Staton, et al. v. American Standard, Inc., et al., C.A. No. 2:09-3724
Lilia Nepomuceno, et al. v. A.W. Chesterton Co., et al., C.A. No. 2:09-6092

<u>Southern District of Georgia</u>

Anderson Kelly v. General Electric Co., et al., C.A. No. 2:09-134

<u>District of Oregon</u>

Daniel Holmes, etc. v. A.W. Chesterton, Co., et al., C.A. No. 1:09-678

<u>Western District of Washington</u>

Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al., C.A. No. 3:09-5385