JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# MDL 875

DEC - 3 2009

FILED
CLERK'S OFFICE

**THE HONORABLE EDUARDO C. ROBRENO**

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| SIEANN M. ZOEGER, Individually and as Personal Representative of the Estate of RICHARD J. ZOEGER,<br><br>                             Plaintiff,<br><br>vs.<br><br>SABERHAGEN HOLDINGS, INC., as Successor to TACOMA ASBESTOS COMPANY and THE BROWER COMPANY, et al.,<br>                       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>MDL DOCKET No. 875<br><br>U.S.D.C. No. C09-1457 RAJ<br><br>DEFENDANT HASKELL CORPORATION'S MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 328 |

## I. RELIEF REQUESTED

Defendant Haskell Corporation ("Haskell") moves the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation to vacate, or at a minimum stay, Conditional Transfer Order 328 ("CTO-328") because (1) a Motion to Remand is pending in U.S. District Court and (2) the case is not predominated by questions of fact common with Multidistrict Litigation No. 875 ("MDL No. 875").

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW
1115 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 fax 360.671.3781

## II.  EVIDENCE

This Motion is based on the instant Motion to Stay or Vacate Conditional Transfer Order 328, the Declaration of Frank J. Chmelik, and the papers and pleadings on file herein.

## III.  FACTUAL BACKGROUND

Plaintiff Sieann M. Zoeger ("Plaintiff") filed an action in Whatcom County Superior Court, individually and as Personal Representative of the Estate of Richard J. Zoeger, her husband.  The suit was for Wrongful Death and Survivorship based upon Richard Zoeger's 2009 death at the age of 66.  Plaintiff alleged that Mr. Zoeger died as a result of mesothelioma, an asbestos related cancer.  See Complaint.

Unlike classic cases filed against manufactures for asbestos exposure, this suit was filed against contractors and premise owners for so-called "take-away" asbestos exposure and direct asbestos exposure.  Plaintiff's take-away claims are predicated on the theory that Mr. Zoeger was *indirectly* exposed to asbestos as a child when his father, Harold "Bud" Zoeger brought asbestos home on his work clothes while working for an asbestos insulator, former defendant Saberhagen Holdings, Inc.[1]  According to Plaintiff, this indirect exposure led to Mr. Zoeger's death from mesothelioma some fifty (50) years later.  See Complaint.  Plaintiff also claims that Mr. Zoeger was *directly* exposed to asbestos while working as a "pipe coverer helper" at the Lockheed Shipyard in Seattle.  See Declaration of Frank J. Chmelik ("Chmelik Decl.") at ¶2.

---

[1] Saberhagen Holdings, Inc. was named in the lawsuit as the successor in interest to the Brower Company, who employed Harold "Bud" Zoeger.  Plaintiff has since settled with Saberhagen Holdings, Inc.

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 2

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

1

2      Plaintiff has sued two shipyards, eight premises owners and three contractors who

3  allegedly failed to maintain safe workplaces or safe premises.[2]  See Complaint.  Haskell is

4  a Whatcom County based contractor that was in existence in the late 1950s and early

5  1960s.  To Haskell's knowledge and belief, not a single existing defendant is a

6  manufacturer or supplier of asbestos or asbestos containing products.

7      While the case was pending in Whatcom County Superior Court, the parties

8  participated in discovery, including Plaintiff's Responses to Style Interrogatories

9  Propounded to the Personal Representative of the Estate of Decedent ("Style

10  Interrogatories").  In the Style Interrogatories, Plaintiff named each expert witness she

11  expects to call at trial, along with the substance and grounds of their opinions.  Chmelik

12  Decl. at ¶2.  The Style Interrogatories contain Mr. Zoeger's alleged *indirect* asbestos

13  exposure history and identified the following jobsites where Mr. Zoeger's father allegedly

14  worked with asbestos materials: Todd Shipyard, Lockheed Shipyard, Carnation Dairy,

15  Texaco Refinery, Boeing, Scott Paper, Shell Refinery and Arco Refinery.  *Id.*  According to

16  Plaintiff's Style Interrogatories, Mr. Zoeger was *directly* exposed to asbestos while working

17  at Lockheed Shipyard.  *Id.*  Plaintiff identified five witnesses who could identify asbestos

18  products purportedly used at those jobsites.  *Id.*

19

20

21

22  [2] The named shipyards are: Lockheed Shipbuilding Company; Todd Pacific Shipyards Corporation;
and Todd Shipyards Corporation, individually and successor in interest to Todd Pacific Shipyards

23  Corporation.  The premises owners are: AAA Washington; CBS Corporation; General Electric
Company; Key Bank National Association; Nestle USA, Inc.; Premera Blue Cross; Puget Sound

24  Energy, Inc.; and Texaco, Inc.  Haskell Corporation is a construction contractor.  To Haskell's
information and belief, Sequoia Ventures, Inc. and the Shaw Group, Inc. both are engineering and

25  construction companies.

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 3

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

Defendant Lockheed Shipbuilding Company ("Lockheed") filed a Notice of Removal on October 14, 2009, basing federal subject matter jurisdiction on 28 U.S.C. § 1442(a)(1), and implicating the so-called "military-contractor defense".[3]

Haskell filed a Motion to Remand on November 13, 2009.  *Id.* at 4.  The Motion to Remand explains that Lockheed's Notice of Removal was both untimely and failed to establish federal subject matter jurisdiction.  *Id.*  Haskell's Motion to Remand is noted for December 11, 2009.

## IV.  ISSUES

1.     Whether Conditional Transfer Order 328 should be vacated, or at least stayed pending an outcome, when there is a Motion to Remand pending.

2.     Whether Conditional Transfer Order 328 should be vacated when the majority of the issues in the underlying case are unique and not levied against asbestos manufacturers, meaning the case lacks the requisite common questions of fact to become a "tag-along" case.

## V.  ANALYSIS

**A.     The Conditional Transfer Order Should be Vacated or at a Minimum Stayed Pending Resolution of Defendant Haskell's Motion to Remand.**

Haskell filed a Motion to Remand this case back to Whatcom County Superior Court based on two independent grounds (1) Lockheed's Notice of Removal was untimely, and (2) it failed to establish federal subject matter jurisdiction.  See Motion to Remand.

---

[3] The same day, by separate notice, Lockheed requested that this case be added as a tag-along to MDL No. 875 (*In re Asbestos Cases*) in the U.S. District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1407.  See, Notice of Potential Tag-Along Action Pursuant to J.P.M.L. Rule 7.2(i).

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 4

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

In brief, the Motion to Remand explains that Lockheed's Notice of Removal was untimely.  Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within thirty (30) days of receipt of the complaint or some other paper indicating that the case is removable.  The affirmative defenses contained in Lockheed's answer clearly show that it was aware of the asserted basis for removal; namely, its military-contractor defense.  Yet, Lockheed waited more than thirty (30) days to file its Notice of Removal.  Pursuant to Ninth Circuit precedent, these affirmative defenses establish the untimeliness of Lockheed's Notice of Removal under *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773 (9th Cir. 1994).

Next, Lockheed also failed to establish federal subject matter jurisdiction. Lockheed's removal was based on 28 U.S.C. § 1442(a)(1), the federal-officer statute, which, in part, requires that Lockheed have a colorable federal defense to Plaintiff's claims. See *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 133-35 (1989).  The federal-officer defense requires that the removing defendant was acting under color of a federal officer. *Id*. Essentially, it requires the defendant to show, "The Government made me do it." *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992).  However, here, Lockheed's supporting affidavit only provided vague, broad statements about Navy projects in general, and did not show how the U.S. Government controlled asbestos warnings. See Motion to Remand.  When the United States District Court for the Western District of Washington was confronted with a strikingly similar affidavit in *Prewett v. Goulds Pumps (IPG)*, it remanded the case back to state court since the removing defendant had failed to provide evidence that it ever attempted to warn, or that the Navy prohibited warnings about asbestos.  Slip Copy, 2009 WI 2959877 at 6 (W.D. Wash. 2009).  We fully expect the Western District to remand this case back to Whatcom County Superior Court.

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 5

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

The Judicial Panel can not transfer an action under 28 U.S.C. § 1407 unless the District Court has subject matter jurisdiction over the case. *BancOhio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975). Therefore, the Judicial Panel should, at a minimum, stay CTO-328 until after the U.S. District Court for the Western District of Washington has ruled on Haskell's Motion to Remand noted for December 11, 2009.

**B.    Conditional Transfer Order 328 Should be Vacated Because Common Questions of Fact do not Predominate.**

In any event, the Judicial Panel should decline to transfer the case to Multidistrict Litigation as a "tag-along" to MDL No. 875 because this case lacks the requisite common questions of fact that would bring it within the ambit of 28 U.S.C. § 1407.

Title 28 U.S.C. § 1407 allows for civil actions involving one or more common questions of fact pending in different federal district courts to be transferred for consolidated pretrial proceedings.

> Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a).

Federal cases with common questions of fact are transferred to Multidistrict Litigation to prevent duplication of discovery, eliminate the possibility of inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation*, 391 F. Suppp. 763, 764 (J.P.M.L. 1975); *In re Global Crossing Ltd. Securities & "ERISA" Litigation*, 223 F. Supp. 2d 1384 (J.P.M.L. 2002). A case should not be transferred if the Judicial Panel is not persuaded that common questions of fact will predominate over individual questions of fact in each action. *In re Asbestos School Products Liability Litigation*, 606 F. Supp. 713, 714

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 6

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

(J.P.M.L. 1985).  Furthermore, even when actions contain limited common questions of fact, they should not necessarily be transferred.  See, *In re Harmony Loan Co., Inc. Securities Litigation*, 372 F. Supp. 1406, 1406-07 (J.P.M.L. 1974) (where the actions sought to protect different interests, requested different relief and were at different stages of development).

The Judicial Panel's order that initially transferred cases to the Eastern District of Pennsylvania, creating MDL No. 875, does not describe the parties or claims, aside from the explanation that the transferred actions involved "common questions of fact relating to injuries or wrongful death caused by exposure to asbestos or asbestos containing products."  *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415, 417 (J.P.M.L. 1991).  As of September 30, 2009, there were 54,700 MDL No. 875 cases with about 3,500,000 claims pending in the Eastern District of Pennsylvania.  See "Introduction to MDL 875, In Re: Asbestos Products Liability Litigation (No. VI) found on the website for the United States District Court of the Eastern District of Pennsylvania, at http://www.paed.uscourts.gov/mdl875.asp.

Therefore, as a practical matter, it is impossible for Haskell to determine its commonality (or lack thereof) with each case already a part of MDL No. 875.  However, because Plaintiff's suit was filed against premise owners and contractors, it is reasonable to assume that the predominating issues of fact in our case -- whether those particular defendants are liable for take-away and direct asbestos exposure -- are not shared with MDL No. 875 cases.  Presumably, the majority of the defendants in MDL No. 875 cases are manufacturers and distributors of asbestos products, while the defendants here are jobsite owners and contractors.  The relevant factual issues will be specifically tied to the unique events and circumstances of each project and/or work site, e.g., was Mr. Zoeger's

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 7

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

father even present at any Haskell project, did Lockheed provide adequate workplace warnings, did Mr. Zoeger's father ever work at the AAA Washington job site, was Mr. Zoeger exposed to asbestos while working as a pipe coverer helper at the Lockheed shipyard.

The purposes of Multidistrict Litigation, specifically the elimination of duplicated discovery and inconsistent pretrial rulings, would not be furthered by transferring the instant case since the instant case is predicated upon individual questions of fact related to the named defendants.  Furthermore, transferring this action would not be convenient for the parties and witnesses, nor would it promote the just and efficient conduct of the action since the acts complained of by Plaintiff all occurred in Washington State, and form a claim grounded in Washington State negligence law.

## VI.  CONCLUSION

For the foregoing reasons, Defendant Haskell Corporation respectfully requests that the Judicial Panel vacate Conditional Transfer Order 328, or at a minimum, stay any transfer until after the U.S. District Court for the Western District of Washington has ruled on Haskell's Motion to Remand.

DATED this _____ day of December, 2009.

FRANK J. CHMELIK, WSBA #13969
Chmelik Sitkin & Davis P.S.
1500 Railroad Avenue
Bellingham, WA  98225
Telephone:  (360) 671-1796
Facsimile:  (360) 671-3781
Email:  fchmelik@chmelik.com

F:\CLIENTS A-H\Haskell Corporation\Zoeger Claim\JUDICAL PANEL MULTIDISTRICT\Pleadings\Opposition to Transfer_Motion_ 11-30-09(HMS).doc

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 8

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 3 2009

FILED
CLERK'S OFFICE

**THE HONORABLE EDUARDO C. ROBRENO**

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| SIEANN M. ZOEGER, Individually and as Personal Representative of the Estate of RICHARD J. ZOEGER | ) ) ) MDL Docket No. 875 |
|                   Plaintiff, | ) ) U.S.D.C. No. C09-1457 RAC |
| vs. | ) ) |
| SABERHAGEN HOLDINGS, INC., as Successor to TACOMA ASBESTOS COMPANY and THE BROWER COMPANY, et al. | ) REVISED CERTIFICATE OF SERVICE ) OF HASKELL CORPORATION ) ) ) |
|                Defendants. | ) |

I certify under the laws of the United States of America that on the 3rd day of December, 2009 I served the following documents:

1. Haskell Corporation's Motion to Vacate or Stay Conditional Transfer Order 328; and

2. Declaration of Frank J. Chmelik In Support of Haskell Corporation's Motion to Vacate or Stay Conditional Transfer Order 328;

on counsel noted in the attached list.

Dated this 3rd day of December, 2009.

Jeanne La Plante
Legal Assistant to Frank J. Chmelik

P.\CLIENTS\A-H\Haskell Corporation\Zoeger Claim\JUDICIAL PANEL MULTI DISTRICT\Pleadings\Revised Certificate of Service.doc

REVISED CERTIFICATE OF SERVICE
OF HASKELL CORPORATION - 1

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2009 DEC -3  P 3: 24

RECEIVED
CLERK'S OFFICE

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**                                                    MDL No. 875

**INVOLVED COUNSEL LIST (Excerpted from CTO-328)**

Sieann M. Zoeger, etc. v. Saberhagen Holdings, Inc., et al., W.D. Washington,
C.A. No. 2:09-1457  (Judge Richard A. Jones)

Peter G. Angelos
LAW OFFICES OF PETER G
  ANGELOS PC
One Charles Center           — U.S. Mail
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Walter E. Barton
KARR TUTTLE & CAMPBELL
1201 3rd Avenue
Suite 2900                    — Email
Seattle, WA 98101-3028

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue — U.S Mail
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue   — U.S. Mail
Suite 1100
Dallas, TX 75219

Frank J. Chmelik
CHMELIK SITKIN & DAVIS PS  filer
1500 Railroad Avenue
Bellingham, WA 98225

John D. Cooney
COONEY & CONWAY    — U.S. Mail
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Glenn S. Draper
LAW OFFICES OF MATTHEW
  BERGMAN
17530 Vashon Highway SW — Email
P.O. Box 2010
Vashon, WA 98070

Kent M. Fandel
GRAHAM & DUNN PC
2801 Alaskan Way            — Email
Suite 300 Pier 70
Seattle, WA 98121-1128

Melissa K. Habeck
FORSBERG & UMLAUF
901 5th Avenue              — Email
Suite 1400
Seattle, WA 98164-1039

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana               — U.S. Mail
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP   — U.S. Mail
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
  FERNANDEZ ET AL
171 Twelfth Street          — U.S. Mail
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP    — U.S. Mail
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Brian F. Ladenburg
BERGMAN & FROCKT — E. Mail
614 First Avenue
4th Floor
Seattle, WA 98104

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-328) (Continued)**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower                    – U.S. Mail
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street          – U.S. Mail
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
   MAHONEY LTD
233 South Wacker Drive        – U.S. Mail
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway                  – U.S. Mail
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center            – U.S. Mail
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza              – U.S. Mail
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Barry N. Mesher
LANE POWELL PC
1420 Fifth Avenue             – Email
Suite 4100
Seattle, WA 98101

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street            U.S. Mail
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.           – U.S. Mail
P.O. Box 1792
Mount Pleasant, SC 29464

Aaron P. Riensche
OGDEN MURPHY & WALLACE
1601 5th Avenue               – Email
Suite 2100
Seattle, WA 98101

David A. Shaw
WILLIAMS KASTNER & GIBBS
601 Union Street
Suite 4100                    – Email
Seattle, WA 98101

Guy Jeffrey Sternal
EISENHOWER & CARLSON
1201 Pacific Avenue           – Email
Suite 1200
Tacoma, WA 98402

Jeffrey M. Thomas
GORDON TILDEN THOMAS &
   CORDELL LLP
1001 Fourth Avenue            – Email
Suite 4000
Seattle, WA 98154

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street             – U.S. Mail
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
   TARDY PLLC
P.O. Box 22608                – U.S. Mail
Jackson, MS 39225-2608

THE HONORABLE EDUARDO C. ROBRENO

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

SIEANN M. ZOEGER, Individually and as      )
Personal Representative of the Estate of     )   MDL Docket No.  875
RICHARD J. ZOEGER                            )
                            Plaintiff,       )   U.S.D.C. No.  C09-1457 RAC
        vs.                                  )
                                             )   REVISED CERTIFICATE OF SERVICE
SABERHAGEN HOLDINGS, INC., as                )   OF HASKELL CORPORATION
Successor to TACOMA ASBESTOS                 )
COMPANY and THE BROWER                       )
COMPANY, et al.                              )
                            Defendants.      )

        I certify under the laws of the United States of America that on the 3rd day of

December, 2009 I served the following documents:

        1.  Haskell Corporation's Motion to Vacate or Stay Conditional Transfer Order

        328; and

        2.  Declaration of Frank J. Chmelik In Support of Haskell Corporation's Motion

        to Vacate or Stay Conditional Transfer Order 328:

on counsel noted in the attached list.

        Dated this _3rd_ day of December, 2009.


                                        _Jeanne La Plante_
                                        Jeanne La Plante
                                        Legal Assistant to Frank J. Chmelik

F:\CLIENTS A-H\Haskell Corporation\Zoeger Claim\JUDICIAL PANEL MULTIDISTRICT\Pleadings\Revised Certificate of service.doc

REVISED CERTIFICATE OF SERVICE
OF HASKELL CORPORATION - 1

CHMELIK SITKIN & DAVIS P.S.
ATTORNEYS AT LAW
1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671 3781

**CERTIFICATE OF SERVICE**

I certify under the laws of the United States of America that on the _____ day of December, 2009 I filed a true and correct copy of the foregoing document with the Clerk of the Panel and served below by the method indicated:

Clerk of the Court                                              [X]  CM/EFC
U.S. District Court for the Western
District of Washington (Seattle)

Glenn S. Draper
Brian F. Ladenburg                                          [ ] U.S. Mail
Benjamin R. Couture                                         [ ] Messenger
Bergman Draper & Frockt, PLLC                               [ X ] Email
614 First Avenue, Third Floor                               [ ] CM/EFC
Seattle, WA  98104
glenn@bergmanlegal.com
brian@bergmanlegal.com
ben@bergmanlegal.com
**Attorneys for Plaintiff**

Melissa K. Habeck                                           [ ] U.S. Mail
Forsberg & Umlauf, P.S.                                     [ ] Messenger
901 Fifth Avenue, Suite 1400                                [X ] Email
Seattle, WA  98164                                          [ ] CM/EFC
mhabeck@forsberg-umlauf.com
**Attorney for AAA Washington**

Guy J. Sternal                                              [ ] U.S. Mail
Eisenhower & Carlson, PLLC                                  [ ] Messenger
1201 Pacific Avenue, Suite 1200                             [X ] Email
Tacoma, WA  98402                                           [ ] CM/EFC
gsternal@eisenhowerlaw.com
**Attorney for Key Bank National Assoc.**

Aaron P. Riensche
Robert G. Andre                                             [ ] U.S. Mail
Odgen, Murphy & Wallace, PLLC                               [ ] Messenger
1601 Fifth Avenue, Suite 2100                               [X ] Email
Seattle, WA  98101                                          [ ] CM/EFC
ariensche@omwlaw.com
randre@omwlaw.com
**Attorney for Lockheed Shipbuilding**

RECEIVED CLERK'S OFFICE
2009 DEC -2  A 10: 09
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 9

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

Eliot M. Harris                                    [ ] U.S. Mail
David A Shaw                                       [ ] Messenger
Williams, Kastner & Gibbs PLLC                     [X] Email
601 Union Street, Suite 4100                       [ ] CM/EFC
Seattle, WA  98101
eharris@williamskastner.com
dshaw@williamskastner.com
**Attorneys for Nestle USA, Inc.**

Barry N. Mesher
Gwendolyn C. Payton                                [ ] U.S. Mail
Lane Powell, PC                                    [ ] Messenger
1420 Fifth Avenue, Suite 4100                      [X] Email
Seattle, WA  98101                                 [ ] CM/ECF
mesherb@lanepowell.com
paytong@lanepowell.com
**Attorneys for Premera Blue Cross and
Texaco Inc.**

Jeffrey M. Thomas
Jeffrey I. Tilden                                  [ ] U.S. Mail
Gordon Tilden Thomas & Cordell, LLP                [ ] Messenger
1001 Fourth Avenue, Suite 4000                     [X] Email
Seattle, WA  98154                                 [ ] CM/ECF
jthomas@gordontilden.com
jtilden@gordontilden.com
**Attorney for Puget Sound Energy**

Timothy K. Thorson                                 [ ] U.S. Mail
Carney Badley Spellman, PS                         [ ] Messenger
701 Fifth Avenue, Suite 3600                       [X] Email
Seattle, WA  98104                                 [ ] CM/ECF
thorson@carneylaw.com
**Attorney for Saberhagen Holdings, Inc.**

Kevin C. Baumgardner                               [ ] U.S. Mail
Corr Cronin Michelson Baumgardner                  [ ] Messenger
 & Preece, LLP                                     [X] Email
1001 Fourth Avenue, Suite 3900                     [ ] CM/ECF
Seattle, WA  98154
kbaumgardner@corrcronin.com
**Attorney for Sequoia Ventures, Inc.**

DEFENDANT HASKELL CORPORATION'S
MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER
328- 10

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

1

2     Gene Barton                                   [ ] U.S. Mail
      Karr Tuttle Campbell                          [ ] Messenger
3     1201 Third Avenue, Suite 2900                 [X] Email
      Seattle, WA  98101                            [ ] CM/ECF
4     gbarton@karrtuttle.com
      **Attorney for Todd Shipyard Corporation and**
5     **Todd Pacific Shipyard Corporation**

6

7     Jeffrey Wolf                                  [ ] U.S. Mail
      Williams Kastner & Gibbs                      [ ] Messenger
8     601 Union Street, Suite 4100                  [X] Email
      Seattle, WA  98101                            [ ] CM/ECF
9     jwolf@williamskastner.com
      **Attorney for CBS Corporation, General**
10    **Electric Company**

11

12    _____
      Jeanne La Plante
13    Legal Assistant to Frank J. Chmelik

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT HASKELL CORPORATION'S          **CHMELIK SITKIN & DAVIS** P.S.
MOTION TO VACATE OR STAY                      ATTORNEYS AT LAW
CONDITIONAL TRANSFER ORDER
328- 11                                  1500 Railroad Avenue, Bellingham, Washington 98225
                                         phone 360.671.1796 • fax 360.671.3781

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 3 2009

FILED
CLERK'S OFFICE

**THE HONORABLE EDUARDO C. ROBRENO**

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| SIEANN M. ZOEGER, Individually and as Personal Representative of the Estate of RICHARD J. ZOEGER, <br> Plaintiff, <br> vs. <br><br> SABERHAGEN HOLDINGS, INC., as Successor to TACOMA ASBESTOS COMPANY and THE BROWER COMPANY, et al., <br> Defendants. | ) <br> ) MDL DOCKET No. 875 <br> ) <br> ) U.S.D.C. No. C09-1457 RAJ <br> ) <br> ) DECLARATION OF FRANK J. CHMELIK <br> ) IN SUPPORT OF DEFENDANT <br> ) HASKELL CORPORATION'S <br> ) MOTION TO VACATE OR STAY <br> ) CONDITIONAL TRANSFER ORDER <br> ) 328 |

I, FRANK J. CHMELIK, under penalty of perjury under the laws of the State of Washington, state and allege as follows:

1. I am one of the attorneys representing Defendant Haskell Corporation in the above-entitled matter and have personal knowledge of the facts testified to herein.

2. A true and correct copy of Plaintiff's Responses to Style Interrogatories, Propounded to the Personal Representative of the Estate of Decedent is attached hereto as Exhibit "A."

RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
DEC -2 A 8: 09

DECLARATION OF FRANK J. CHMELIK
IN SUPPORT OF DEFENDANT HASKELL
CORPORATION'S MOTION TO VACATE
OR STAY CONDITIONAL TRANSFER
ORDER 328- 1

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

ORIGINAL

1

2
**DATED** this _____ day of December, 2009, at Bellingham, Washington.

3

4

5

6
FRANK J. CHMELIK, WSBA #13969
Chmelik Sitkin & Davis P.S.

7
1500 Railroad Avenue
Bellingham, WA  98225

8
Tel:  (360) 671-1796/ Fax:  (360) 671-3781
Email:  fchmelik@chmelik.com

9
Attorney for Defendant Haskell Corporation

F:\CLIENTS A-H\Haskell Corporation\Zoeger Claim\JUDICAL PANEL MULTIDISTRICT\Pleadings\Opposition to Transfer_Chmelik Decl._11-30-09(HMS).doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF FRANK J. CHMELIK
IN SUPPORT OF DEFENDANT HASKELL
CORPORATION'S MOTION TO VACATE
OR STAY CONDITIONAL TRANSFER
ORDER 328- 2

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF SERVICE

     I certify under the laws of the United States of America that on the _1st_ day of December, 2009 I filed a true and correct copy of the foregoing document with the Clerk of the Panel and served below by the method indicated:

Clerk of the Court                             [X]  CM/EFC
U.S. District Court for the Western
District of Washington (Seattle)

Glenn S. Draper                             [ ] U.S. Mail
Brian F. Ladenburg                      [ ] Messenger
Benjamin R. Couture                  [ X ] Email
Bergman Draper & Frockt, PLLC        [ ] CM/EFC
614 First Avenue, Third Floor
Seattle, WA  98104
glenn@bergmanlegal.com
brian@bergmanlegal.com
ben@bergmanlegal.com
**Attorneys for Plaintiff**

Melissa K. Habeck                      [ ] U.S. Mail
Forsberg & Umlauf, P.S.                [ ] Messenger
901 Fifth Avenue, Suite 1400        [X] Email
Seattle, WA  98164                    [ ] CM/EFC
mhabeck@forsberg-umlauf.com
**Attorney for AAA Washington**

Guy J. Sternal                               [ ] U.S. Mail
Eisenhower & Carlson, PLLC         [ ] Messenger
1201 Pacific Avenue, Suite 1200     [X ] Email
Tacoma, WA  98402                  [ ] CM/EFC
gsternal@eisenhowerlaw.com
**Attorney for Key Bank National Assoc.**

Aaron P. Riensche
Robert G. Andre                            [ ] U.S. Mail
Odgen, Murphy & Wallace, PLLC    [ ] Messenger
1601 Fifth Avenue, Suite 2100       [X ] Email
Seattle, WA  98101                  [ ] CM/EFC
ariensche@omwlaw.com
randre@omwlaw.com
**Attorney for Lockheed Shipbuilding**

DECLARATION OF FRANK J. CHMELIK
IN SUPPORT OF DEFENDANT HASKELL
CORPORATION'S MOTION TO VACATE
OR STAY CONDITIONAL TRANSFER
ORDER 328- 3

**CHMELIK SITKIN & DAVIS** P.S.
ATTORNEYS AT LAW

1500 Railroad Avenue Bellingham, Washington 98225
phone 360.671.1796 • fax 360.671.3781

1

2      Eliot M. Harris                                          [ ] U.S. Mail
       David A Shaw                                             [ ] Messenger
3      Williams, Kastner & Gibbs PLLC                           [X] Email
       601 Union Street, Suite 4100                             [ ] CM/EFC
4      Seattle, WA  98101
       eharris@williamskastner.com
5      dshaw@williamskastner.com
       **Attorneys for Nestle USA, Inc.**
6

7      Barry N. Mesher
       Gwendolyn C. Payton                                      [ ] U.S. Mail
8      Lane Powell, PC                                          [ ] Messenger
       1420 Fifth Avenue, Suite 4100                            [X] Email
9      Seattle, WA  98101                                       [ ] CM/ECF
       mesherb@lanepowell.com
10     paytong@lanepowell.com
       **Attorneys for Premera Blue Cross and**
11     **Texaco Inc.**

12     Jeffrey M. Thomas
       Jeffrey I. Tilden                                        [ ] U.S. Mail
13     Gordon Tilden Thomas & Cordell, LLP                      [ ] Messenger
       1001 Fourth Avenue, Suite 4000                           [X] Email
14     Seattle, WA  98154                                       [ ] CM/ECF
       jthomas@gordontilden.com
15     jtilden@gordontilden.com
       **Attorney for Puget Sound Energy**
16

17     Timothy K. Thorson                                       [ ] U.S. Mail
       Carney Badley Spellman, PS                               [ ] Messenger
18     701 Fifth Avenue, Suite 3600                             [X] Email
       Seattle, WA  98104                                       [ ] CM/ECF
19     thorson@carneylaw.com
       **Attorney for Saberhagen Holdings, Inc.**
20

21     Kevin C. Baumgardner                                     [ ] U.S. Mail
       Corr Cronin Michelson Baumgardner                        [ ] Messenger
22      & Preece, LLP                                           [X] Email
       1001 Fourth Avenue, Suite 3900                           [ ] CM/ECF
23     Seattle, WA  98154
       kbaumgardner@corrcronin.com
24     **Attorney for Sequoia Ventures, Inc.**

25

       DECLARATION OF FRANK J. CHMELIK                  **CHMELIK SITKIN & DAVIS** P.S.
       IN SUPPORT OF DEFENDANT HASKELL                        ATTORNEYS AT LAW
       CORPORATION'S MOTION TO VACATE
       OR STAY CONDITIONAL TRANSFER                  1500 Railroad Avenue Bellingham, Washington 98225
       ORDER 328- 4                                    phone 360.671.1796 • fax 360.671.3781

1

2

3    Gene Barton                                          [ ] U.S. Mail
     Karr Tuttle Campbell                                 [ ] Messenger
4    1201 Third Avenue, Suite 2900                        [X] Email
     Seattle, WA  98101                                   [ ] CM/ECF
5    gbarton@karrtuttle.com
     **Attorney for Todd Shipyard Corporation and**
6    **Todd Pacific Shipyard Corporation**

7    Jeffrey Wolf                                         [ ] U.S. Mail
     Williams Kastner & Gibbs                             [ ] Messenger
8    601 Union Street, Suite 4100                         [X] Email
     Seattle, WA  98101                                   [ ] CM/ECF
9    jwolf@williamskastner.com
     **Attorney for CBS Corporation, General**
10   **Electric Company**

11

12

13   Jeanne La Plante
     Legal Assistant to Frank J. Chmelik

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF FRANK J. CHMELIK                    **CHMELIK SITKIN & DAVIS** P.S.
IN SUPPORT OF DEFENDANT HASKELL                    ATTORNEYS AT LAW
CORPORATION'S MOTION TO VACATE
OR STAY CONDITIONAL TRANSFER                        1500 Railroad Avenue Bellingham, Washington 98225
ORDER 328- 5                                        phone 360.671.1796  •  fax 360.671.3781

RECEIVED

JUL 2 2 2009

CHMELIK, SITKIN & DAVIS, P.S.

HONORABLE CHARLES R. SNYDER

SUPERIOR COURT OF WASHINGTON FOR WHATCOM COUNTY

SIEANN M. ZOEGER, Individually and as
Personal Representative of the Estate of
RICHARD J. ZOEGER,

               Plaintiff,

    v.

SABERHAGEN HOLDINGS INC, et al.,

          Defendants.

No. 09-00606-3

PLAINTIFF'S RESPONSES TO
STYLE INTERROGATORIES
PROPOUNDED TO THE
PERSONAL REPRESENTATIVE OF
THE ESTATE OF DECEDENT

## INTERROGATORIES

BACKGROUND

1.    Please provide the following for decedent and spouse, if applicable:
    (a)    Full name, including other names by which decedent has been known, including
          nicknames, maiden names, and aliases;
    (b)    Date and place of birth, Social Security number, and all addresses at which
          decedent lived during the past 20 years, including your current address;
    (c)    Dependents (including names, ages and relationship to you); and
    (d)    Your current height and weight.

ANSWER:

    (a)    **Richard John Zoeger**

    (b)    Date of Birth:    **December 27, 1942**
          Place of Birth:    **Salt Lake City, Utah**



BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    Date of Death:      **March 10, 2009**
     SSN:                **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**
2    Address:            **3711 Magrath Road, Bellingham, WA  98226**

3    (c)    **Sieann Malinda Zoeger**
            Date of Birth:      **January 28, 1947**
4           SSN:                **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**

5    (d)    **Not Applicable**

6
**MARITAL STATUS & CHILDREN**
7
2.    If decedent was ever married, provide the following:
8
     (a)    Full name, place of residence (i.e., city or town or specific address, if known), and
9           date of marriage for each spouse (and date of divorce, if applicable);
     (b)    The occupation and income of decedent's spouse;
10   (c)    Names, ages and place of residence (i.e., city or town or specific address, if
            known) of children from each marriage; and
11   (d)    The present general state of health of decedent's spouse and each child listed
            above, or if deceased, the date and cause of death.
12
**ANSWER**:
13
     (a)    **Sieann Malinda Zoeger**
14          Date of Marriage:   **July 20, 1968**
            Address:            **3711 Magrath Road, Bellingham, WA  98226**
15
     (b)    Occupation:         **Part time vender for Prologix Co.**
16
     (c)    **Marlo Sieann Highet**
17          Address:            **1423 Greenville Dr., Bellingham, WA 98226**
            Date of Birth:      **September 11, 1971**
18
            **Shayne Richeal Grams**
19          Address:            **1376 Lanti Dr., Bellingham, WA  98226**
            Date of Birth:      **March 17, 1974**
20
            **Gienna Dawn Voss**
21          Address:            **3715 Canterbury Ln. #33, Bellingham, WA  98226**
            Date of Birth:      **April 27, 1978**
22
     (d)    **Sieann Zoeger and her above-named children are presently in good health.**
23

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 2
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1  FAMILY MEMBERS

2  3.  Identify the following with respect to each of decedent's parents, step parents, siblings, adopted siblings, and half-siblings:

3

4      (a)  Name, place of residence (i.e., city or town or specific address, if known), relationship status, and age for each such person;

5      (b)  Whether any of the persons listed above has suffered from cancer, bronchitis, emphysema, or any other respiratory, pulmonary or cardiovascular condition or any other serious health condition or illness if known;

6      (c)  If deceased, the date, place, and cause of death for each person listed above, if known;

7      (d)  Whether any of the persons listed above has been exposed to asbestos-containing materials, and if so, the details of such exposure.

8  ANSWER:

9

10     (a)  Mother:              **Frances Hope Hansen Zoeger**
                                  Date of Birth:      **November 2, 1918**
                                  Date of Death:      **September 15, 19925**
11                                Place of Death:     **Seattle, WA**
                                  Cause of Death:     **Pancreatic cancer**

12

13          Father:             **Harold William Zoeger**
                                 Date of Birth:      **April 17, 1910**
                                 Date of Death:      **January 31, 1976**
14                               Place of Death:     **Seattle, WA**
                                 Cause of Death:     **Prostate cancer**

15

16          Siblings:           **Mary Jane Anderson**
                                 Address:            **251 Taylor Blvd.,
                                                     Sequim, WA 98383**
17                               Date of Birth:      **May 4, 1945**

18                               **Stephen William Zoeger**
                                 Address:            **17827 – 228th Pl. N.E.,
19                                                   Woodinville, WA 98072**
                                 Date of Birth:      **May 18, 1949**

20                               **Patricia Ann Vadjinia**
21                               Address:            **6202 72nd St. N.E.,
                                                     Marysville, WA 98270**
22                               Date of Birth:      **June 20, 1958**

23     (b)  **See above.**

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 3
S:\Clients\Z\ZOEGER. Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRog.WD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

(c)     See above.

(d)     **Richard Zoeger and his siblings above listed received second hand exposure from their father, Harold Zoeger, whose job was as an insulator employed by the Brower Company, Seattle, WA.  Harold Zoeger brought home asbestos dust on his work clothes.**

## EDUCATION

4.     Please state the highest grade or last school or educational facility attended by decedent, including the dates of attendance and degree attained, if applicable.  (Include technical, vocational training and correspondence courses.)

ANSWER:

**Richard Zoeger graduated from Ingraham High School, Seattle, WA.  He attended three years of college, one year of which at each of the following colleges:  Seattle University, Centralia Junior College, and Evergreen Community College.**

## MILITARY SERVICE

5.     If decedent ever served in the armed forces of any country, please state the following:
     (a)     Country served;
     (b)     Inclusive dates of service;
     (c)     Branch of service;
     (d)     Rank attained;
     (e)     Type of duty;
     (f)     Where duty was performed;
     (g)     When decedent was discharged;
     (h)     Type of discharge; and
     (i)     Decedent's serial number.
     (j)     If ever rejected by the armed forces, state the date and reasons.

ANSWER:

     (a)     **U.S.A.**
     (b)     **March 1964 – April 1970**
     (c)     **U.S. Army (USAR)**
     (d)     **Specialist Five/ USAR (RE-1)**
     (e)     **Light vehicles driving trainer/instructor**
     (f)     **Washington State, California, Nevada**
     (g)     **April 5, 1970**

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 4
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRog WD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    (h)    **Honorable**
     (i)    **Dog Tag #ER 19802552/Selective Service #45-6-42-1382**
2    (j)    **Not applicable**

3

OTHER LAWSUITS, PROCEEDINGS, ETC.

4

6.    If decedent was ever party to any lawsuit (excluding this lawsuit), arbitration or
5          administrative agency action involving personal injury or illness, please state the
           following:

6

     (a)    The names and addresses of all plaintiffs, defendants and other parties, and each
7            of their attorneys;
     (b)    The location and court, tribunal, arbitration board or administrative agency where
8            each lawsuit, arbitration, or administrative agency action was filed;
     (c)    The cause or identifying file number;
9    (d)    The approximate date of filing;
     (e)    The circumstances, nature and extent of the injuries or illnesses claimed; and
10   (f)    The present status of each lawsuit, arbitration or administrative agency action,
            including the decision, award or ruling, if any.

11

12   ANSWER:

           **Not applicable.**
13

INCOME
14

15   7.    For each of the past ten (10) years of decedent's working life, please state the following:

     (a)    The amount of all income decedent received;
16   (b)    The sources of all income decedent received (e.g., itemized as to each individual
            source);
17   (c)    For each full time job, decedent's employer, type of work, base rate of pay and
            overtime rate of pay, and the number of hours per week which decedent normally
18           worked, including how much of this was compensated as overtime; and
     (d)    For each part time job, decedent's employer, type of work, decedent's rate of pay
19           received for such work, and the total hours or days decedent worked part time.

20   ANSWER:

21         **Decedent was retired.  No wage loss is asserted in this case.**

22   EXPERT WITNESSES

23   8.    For each expert witness decedent expects to call at trial, please state the following:

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 5
S:\Clients\Z\ZOEGER, Richard\Zoeger R_Discovery\_Zoeger R_PLD_StyleRog WD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1
2
3
4

(a)   The name, address, and occupation of each expert witness;
(b)   The subject matter on which such expert witness is expected to testify;
(c)   The substance of the facts and opinions to which such expert witness is expected to testify; and
(d)   A summary of the grounds for each such opinion.

ANSWER:
   •

Plaintiff hereby identifies the following expert witnesses to be relied upon in this case. Plaintiff further states that this list of experts may not be inclusive at this time and reserves the right to supplement plaintiff's list of expert witnesses. Plaintiff further reserves the right to use and offer any transcript identified at any time in this action by the plaintiffs or any defendant in this matter.

**Samuel Hammar, M.D.**
**Diagnostic Specialties Laboratory**
**700 Lebo Blvd., P.O. Box 2171**
**Bremerton, Washington 98310**
**(206) 479-7707**

Dr. Hammar may testify about his background and qualifications as a medical doctor. Dr. Hammar may testify about Plaintiff's physical examinations and results of various diagnostic tests performed on Plaintiff or Decedent, as well as diagnosis of Plaintiff's or Decedent's health status and risks associated with that disease. Dr. Hammar may testify about asbestos-related diseases and their symptoms specifically, and occupational related diseases generally. Dr. Hammar may testify that past medical expenses are due to asbestos exposure and asbestos disease. Dr. Hammar may testify regarding future medical expenses due to asbestos exposure and asbestos disease. Dr. Hammar may testify that based upon the review of medical records, x-rays and bills for medical services that such bills are reasonable and necessary. Dr. Hammar may testify regarding asbestos medicine in general, including but not limited to the effects on the body, various disease processes and medical prognosis, including future expenses as a result of exposure to Defendants' asbestos products. Dr. Hammar may testify that as a result of Plaintiff's exposure to Defendants' asbestos-containing products that Plaintiff developed an asbestos-related disease and/or an asbestos-related cancer. Dr. Hammar may testify regarding the increased risk of developing cancer due to Plaintiff's or Decedent's exposure to Defendants' asbestos-containing products.

Dr. Hammar may testify regarding asbestos-related cancers generally, or specifically regarding Plaintiff. Dr. Hammar may testify that each and every exposure to asbestos-containing products contributed to Plaintiff's asbestos-related disease and or cancer. Dr. Hammar may testify that each and every exposure to Defendants' asbestos-containing product contributed to Plaintiffs' or Decedent's asbestos-related disease or cancer. Dr. Hammar may testify that all fiber types cause all asbestos-related disease and all asbestos-related cancers. Dr. Hammar may testify regarding his review of the literature regarding asbestos-related diseases and cancers and

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 6
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1  the opinions and conclusions contained therein.  Dr. Hammar may testify that Defendants' asbestos-containing products are unreasonably dangerous due to the hazardous nature of asbestos

2  and/or asbestos-containing products.  Dr. Hammar may testify as to the causes of Decedent's death and that Decedent's exposure to Defendants' asbestos-containing products was a cause of

3  Decedent's mesothelioma.  Dr. Hammar may testify regarding all facets of pathology medicine and the tests, examinations, interpretations and diagnoses of pathology materials and pathology

4  reports.  Dr. Hammar may testify regarding general medicine and the general medical condition of Plaintiff or Decedent.

5

6          Dr. Hammar may testify concerning all general and special damages.  Dr. Hammar may testify that based on the medical and scientific literature available to Defendants, Defendants

7  knew or should have known that their asbestos-containing products could cause disease.  Dr. Hammar may testify as to his review of the medical, scientific and/or technical literature and the

8  opinions and conclusions contained in that literature.  Dr. Hammar may testify regarding exposure levels to asbestos, at what levels asbestos may cause disease, and as to when these facts

9  were known in the medical, scientific and/or technical literature.  Dr. Hammar may testify as to the hazardous nature of asbestos and asbestos-containing products and as a result, that such

10  asbestos and/or asbestos-containing products are unreasonably dangerous.  Dr. Hammar may testify concerning the increased risk of cancer faced by asbestos exposed workers and the

11  epidemiological link between asbestos and cancer.  Dr. Hammar may testify regarding Plaintiff's or Decedent's exposure to asbestos-containing products.

12  **Barry Castleman, Sc. D.**
13  **4406 Oxford Street**
     **Garret Park, Maryland 20896**
14  **(301) 933-9097**

15          Dr. Castleman will testify consistent with the material set forth in his book on the history of corporate knowledge about asbestos and asbestos hazards.  It is Plaintiff's understanding that Dr.

16  Castleman has been deposed in the past by many of the Defendants in these cases, and it is Plaintiff's expectation that Dr. Castleman's testimony will cover much of the same material as

17  his been covered in those depositions. Defense counsel are believed to be in possession of numerous transcripts of Dr. Castleman's prior testimony within which his opinions concerning

18  these subjects have been fully explored.

19          In regard to the subject matter of his testimony, Dr. Castleman may testify about asbestos and the diseases caused by asbestos generally.  Dr. Castleman may testify that based on the

20  medical and scientific literature available to Defendants, Defendants knew or should have known that their asbestos-containing products or use of asbestos-containing products by Defendants

21  would cause disease.  Dr. Castleman may testify as to his review of the medical and scientific literature pertaining to asbestos over the past century and the opinions and conclusions contained

22  in that literature.  Dr. Castleman may testify regarding the availability of materials as substitutes for asbestos and when information concerning these substitute materials appeared in the medical

23  and scientific literature.  Dr. Castleman may testify regarding exposure levels of asbestos, including TLVs and their strengths and/or weaknesses, and at what levels asbestos may cause

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 7
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRog WD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1 disease, and as to when this was known in the medical and scientific literature. Dr. Castleman
2 may also testify as to his review of the documents entered into evidence in this case or reviewed
pertaining to Defendants, and as to his conclusions reached therefrom that Defendants were
negligent, are strictly liable, and acted with wanton and willful disregard for the rights and safety
3 of Plaintiff. Dr. Castleman may also testify as to the hazardous nature of all types of asbestos
and all types of asbestos-containing products and as a result, that such asbestos and/or
4 asbestos-containing products are unreasonably dangerous. Further, Dr. Castleman may testify
that all Defendants conspired to suppress information pertaining to the hazards of asbestos,
5 exposure to asbestos-containing products, and the diseases resulting therefrom. Dr. Castleman
may also testify about matters referred to in the designations of the other experts set forth by any
6 defendant.

7 **Arnold R. Brody, Ph.D.**
**North Carolina State University**
8 **Department of Molecular Biomedical Sciences**
**4700 Hillsborough St.**
9 **Raleigh, NC  27606**
**(919) 513-7662**

10
11 Dr. Brody may testify as to the physiological design and function of the lungs, the effect
of asbestos on the lungs and other parts of the body, and on the body's defense mechanisms. He
may also testify about asbestos, the diseases it causes, the progressive, irreversible effects of
12 asbestos disease and the prognosis for an asbestos exposed individual. He may also testify
concerning the scientific literature on the biological and toxicological effects of asbestos written
13 by himself and others. He may also testify about the body's biologic responses to brief exposure
to asbestos, the pathogenic effects produced by various asbestos fiber types, including chrysotile,
14 and mechanisms of asbestos-induced diseases including fibrosis and carcinogenesis. He may
further testify concerning asbestos deposition and migration in and through the lungs and body.
15 He may discuss all types of cancer risks from asbestos exposure. He may define what "injury"
means and that asbestos diseases are injuries. Dr. Brody may further testify as to facts and
16 circumstances regarding the nature of the injuries and damages that are the subject of this action.
Dr. Brody may testify that all exposures to asbestos are substantial contributing factors to an
17 individual's asbestos-related disease. Dr. Brody may testify that products which release asbestos
fibers are unreasonably dangerous and that asbestos fibers may remain in the body until death.
18 He may testify about smoking being addictive. Dr. Brody may testify regarding his review and
knowledge of medical literature, his education and work experience, his research, and the
19 research of others. Dr. Brody may also testify about matters referred to in the designations of
Victor Roggli.

20
/// 
21
/// 
22 **William Longo, Ph.D.**
**Materials Analytical Services**
23 **3597 Parkway Lane, Suite 250**

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 8
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

**Norcross, Georgia 30092**
**(770) 448-3200**

Dr. Longo is a scientist specializing in the measurement and analysis of materials and determining the constituent ingredients in materials, and characterizing those materials and ingredients.  Dr. Longo has examined and tested various asbestos products.  Dr. Longo has examined the amount of dust released by mixing and/or manipulating various asbestos-containing products, including, but not limited to Kaiser Gypsum, Georgia Pacific, Kelly Moore, CertainTeed, Flintkote, and Micarta.  These analyses include current and past techniques used to measure asbestos content in dust.  Dr. Longo will testify on his results from the release of asbestos-containing dust from the various products that he has tested by either mixing, application, removal or the normal use of those products. Dr. Longo has quantified the asbestos release generated from the aforementioned uses of these materials.  Dr. Longo will testify regarding the general background levels of asbestos release, bystander levels of exposure of the fiber release, air samples in the personal breathing zone generated from the fiber release and fiber release and contamination on clothing and other personal contamination.  He will compare his results of these dust studies by analysis using both particles per cubic foot, fibers per cc as well as current and past techniques used to analyze asbestos content in dust.  Dr. Longo will testify that the levels of asbestos dust measured during these tests exceeded established TLV's and PEL's in many instances.   In addition, Dr. Longo has prepared demonstrative aids regarding defendants' TLV defense.  Dr. Longo will compare and contrast his findings with other scientific findings.  Dr. Longo will offer opinions concerning air testing, if any, which has been performed on behalf of defendants or the lack of testing at defendants' facility. Dr. Longo may testify as to his opinion of the amount of asbestos dust that could be expected at a facility such as Defendant's.

**Jerold Abraham, M.D.**
**Professor of Pathology**
**Department of Environmental and Occupational Pathology**
**State University of New York**
**Upstate Medical University**
**750 East Adams Street**
**Syracuse, NY 13210**
**(315) 464-4750**

Dr. Abraham is a professor of Pathology at the above referenced medical school and may offer testimony about any lung fiber analysis of lung tissue of the Plaintiff.  His analysis includes the use of light and electron microscopy.  Dr. Abraham may testify as to his conclusions about the number of asbestos bodes found in the tissue of plaintiff as well as the types of fibers found in the tissue.

**Jerry Lauderdale P.E., M.S., C.I.H.**
**Lauderdale Environmental Engineering**
**3804 Cloudy Ridge Road**

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

Austin, Texas  78734
(512) 266-8933

Mr. Jerry F. Lauderdale is a Certified Industrial Hygienists and Professional Engineer who may testify about industrial hygiene principles related to the circumstances of Plaintiff's exposure to Defendants' asbestos-containing products, the use of asbestos-containing products on Defendants' equipment or machinery, and/or the use of asbestos-containing products while working on Defendants' premises and/or while employed by Defendants.  Mr. Lauderdale may testify regarding Plaintiff's exposures to asbestos at different times and may testify concerning his assessment of the various risks which were associated with such exposures. He may also testify regarding the material and characteristics of Defendants' asbestos products, release of asbestos fibers from Defendants' products, industry and regulatory protocols, constituent analysis with respect to the nature of the materials and the identity of the manufacturer of the materials, product formulae and product identification.  He may further testify regarding the availability of materials as substitutes for asbestos and when information concerning these substitute materials appeared in the medical and scientific literature.

Mr. Lauderdale may further testify concerning the conditions at Plaintiff's asbestos exposure sites based on testimony of the Plaintiff, co-workers, documents, discovery responses and/or conversations with workers.  He may testify concerning asbestos hazards resulting from maintenance, repair and construction operations taking place at those sites and Defendants' failure to respond adequately or appropriately to those hazards.  He may further testify that Defendants were in violation of asbestos regulations promulgated by state governments and the United States Government, and that Defendants violated their duties under the Occupational Safety and Health Act and its implementing regulations.  He may testify that Defendants' failure to comply with these laws, regulations and standards constitutes negligence and gross negligence, and was a cause of Plaintiff's injuries.  He may further testify that Defendants were aware, or should have been aware, of the hazards of asbestos by the time of Plaintiff's exposure to their products, the use of asbestos-containing products on Defendants' equipment or machinery, and/or the use of asbestos-containing products while working on Defendants' premises and/or while employed by Defendants. Mr. Lauderdale may also testify, based on his experience, training and education, as to the health risks associated with exposure to asbestos. He may testify regarding bystander exposure to asbestos, "fiber drift," and specifically that these are occupational hazards associated with asbestos and that they were significant contributing factors in the Plaintiff's asbestos exposure.  He may also testify that asbestos products are toxic and unreasonably dangerous, and that they are more dangerous than would be contemplated by the ordinary user with ordinary skills and characteristics common to the community.  He may also testify that there are no safe levels of exposure to asbestos dust in that there is no level of exposure to asbestos that has been proven too low to cause the disease mesothelioma.  He may testify further that all types of asbestos represent occupational hazards and that in the science of industrial hygiene, all types of commercial asbestos and tremolite asbestos are understood to cause all asbestos diseases, including but not limited to, malignant mesothelioma.  He may testify that "dose reconstruction" or similar efforts to quantify and model in numeric terms the Plaintiff's total and/or relative asbestos exposure, in the absence of measurements taken at the

1  Plaintiff's exposure sites during the relevant periods of time, are without adequate foundation or
2  generally accepted methodology to be considered reliable.

3        Mr. Lauderdale may testify regarding the general background levels of asbestos release,
   bystander levels of exposure of the fiber release, and fiber release and contamination on clothing
   and other personal contamination.  He may also testify regarding results of dust studies by
4  analysis of using both particles per cubic foot and fibers per cubic centimeter, as well as current
   and past techniques used to analyze asbestos content in dust. He may testify that the levels of
5  asbestos dust to which the Plaintiff was exposed during his working career would have likely
   exceeded established TLVs and PELs in many instances.  Mr. Lauderdale has examined studies
6  of the amount of asbestos fibers released into the breathing zone during ordinary and foreseeable
   operations of asbestos products.  He may testify that during foreseeable uses of Defendants'
7  asbestos products that those products released asbestos fibers into the breathing zone of workers,
   including but not limited to, Plaintiff, in levels that are above background.  These asbestos
8  products include dry powders that are mixed with water and sanded, pre-mixed pastes that are
   sanded, thermal insulation products that are cut, sawed and/or torn out, adhered gaskets that are
9  removed in whole or in part by brushing or sanding, boards or flat sheets or tiles or siding that
   are cut or scored or abraded, brake linings that are ground, filed or sanded and/or blown out of
10 drums with supplied air, and products scrap that is swept or blown or vacuumed or ripped out.
   He may testify that impregnated and/or encapsulated products, when disturbed or abraded, can
11 release asbestos fibers into the breathing zone of workers, like Plaintiff, in levels that are above
   background.  He may compare and contrast the findings with other scientific findings.  He may
12 offer opinions concerning testing which has been performed on behalf of Defendants or the lack
   of testing on Defendants' products. Mr. Lauderdale may testify that dust levels measured in
13 testing one Defendants' asbestos product would be similar to the results from another
   Defendant's similar product with similar ingredients.

14

15        It is anticipated, that Mr. Lauderdale will testify that asbestos exposure of the Plaintiff
   arising from Defendants' asbestos products or activities involving the use of asbestos or asbestos
16 products were substantial contributing factors in Plaintiff's overall asbestos exposure and were
   the result of Defendant's failure to exercise appropriate industrial hygiene controls for
17 suppressing or reducing exposures to asbestos, including but not limited to adequately warning
   Plaintiff of the dangers associated with asbestos and means to protect himself.  He will testify
18 that these failures by Defendants were knowing and/or unreasonable in the time and place in
   which they occurred given the information that was available to Defendants, medical and
19 scientific literature, statutes, regulations and/or based on the Defendant's actual knowledge.  Mr.
   Lauderdale's opinions may be based upon his review of any and all records and materials,
20 published and or expressed opinions of other experts in the field, corporate documents, as well as
   his expertise in the field, including experience and training, and his review of historical and more
21 recent scientific articles and journals as well as government regulations.

22        Mr. Lauderdale may testify that pure chrysotile asbestos, in the absence of tremolite,
   represents an industrial hygiene hazard for all asbestos-related diseases that need to be
23 controlled.  He may further testify that, in his opinion, chrysotile asbestos mined in the vicinity
   of Coalinga, California, including in Union Carbide's calidria mines, causes all of the asbestos

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 11
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1  disease caused by Canadian chrysotile.  Mr. Lauderdale may testify that chrysotile in asbestos-
2  containing products is contaminated with tremolite asbestos.

3  **Carl Andrew Brodkin, MD, MPH**
   **3607 – 47th Avenue N.E.**
4  **Seattle, WA  98105**
   **(206) 523-4180**
5
6  Dr. Brodkin may testify about his background and qualifications as a medical doctor
   specializing in Occupational and Environmental Health.  Dr. Brodkin may testify about asbestos-
   related diseases and their symptoms, and about the occupational mechanics of exposure to
7  asbestos.  Dr. Brodkin may testify about the occupational and environmental sources of exposure
   to asbestos.  Dr. Brodkin may testify regarding asbestos-related cancers generally, or specifically
8  regarding Plaintiff's mesothelioma.   Dr. Brodkin may testify that based upon his review of
   medical records, x-rays and bills for medical services, that such bills are reasonable and
9  necessary.  Dr. Brodkin may testify about asbestos medicine generally, including but not limited
   to the effect of asbestos exposure upon the human body, various disease processes and medical
10 prognosis, including future expenses as a result of exposure to Defendants' asbestos-containing
   products.
11
12 He may also testify as to the same matters set forth in the disclosures of Dr. Hammar
   herein.

13 **Alvin J. Schonfeld, D.O.**
   **57 McCoy Creek Drive**
14 **Edwards, CO  81632**
   **(773) 472-2810**
15
16 Dr. Schonfeld is board certified in Internal Medicine and is certified by the National
   Institute of Occupational Safety and Health (NIOSH) as a B-reader.  Dr. Schonfeld may offer
17 testimony about his determinations from review of radiographic presence/absence of
   malignant/non-malignant occupational diseases.  He may testify as to his conclusions about the
   analysis of plaintiff's radiographs and scans, and his B-Read report.
18
19 **Richard A. Lemen, Ph.D., M.S.P.H.**
   **241 Rose Ridge Court**
   **Canton, GA  30115**
20 **(678) 493-1736**

21 Dr. Lemen may testify as an expert and fact witness about asbestos and the diseases
   caused by asbestos generally.  Dr. Lemen may testify that based on epidemiological studies
22 plaintiff's asbestos-related disease was caused by exposure to defendants' asbestos-containing
   products.  Additionally, Dr. Lemen may testify that based on the medical and scientific literature
23 available to defendants, defendants knew or should have known that their asbestos-containing

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 12
S:\Clients\Z\ZOEGER, Richard\Zoeger\R_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

products could cause disease.   Dr. Lemen may testify about TLVs using demonstrative aids.   Dr. Lemen may testify as to his review of the literature and the opinions and conclusions contained in that literature.   Dr. Lemen may testify that asbestos was known to cause various diseases and cancers before 1950.   Dr. Lemen may testify regarding exposure levels of asbestos, at what levels asbestos may cause disease, and as to when this was known in the medical and scientific literature. He may testify that all the various types of asbestos fibers are capable of causing death, mesothelioma, asbestosis and all other asbestos diseases.

**Everett A. Cooper**
**70 Chapman Loop**
**Steilacoom, WA  98388**
**(253) 581-0873**

Mr. Cooper is familiar with the design, construction, overhaul, repair, maintenance, and operation of steam, diesel, and nuclear propelled ships of all sizes and types and may offer testimony in these areas.  He is familiar with the operation, maintenance, repair, and overhaul of the propulsion, power generating, and sub-systems necessary to the operation of other ships systems, including, but not limited to, lubricating systems, heating and cooling systems, and water delivery systems and may offer testimony on these subjects.  Mr. Cooper may testify concerning the operation of boilers, pumps, compressors, turbines, distillers, and many other pieces of equipment used in the operation of a ship.  Mr. Cooper may testify about the repair, maintenance, and overhaul of these various pieces of equipment and the work practices associated with those activities.  Mr. Cooper has knowledge concerning the piping on a ship, various types of valves and connections used in piping, and the repair, maintenance, and overhaul of the valves or connections and may offer testimony in these areas.  Mr. Cooper may testify about the use of insulating materials on board ship, work practices regarding the use of insulation products, and the types of insulation products specified and required on different types of vessels. He is familiar with and may testify concerning the types and quantities of materials used in vessel construction and repair including insulation materials.  Mr. Cooper may also testify regarding documents and materials admitted into evidence, including documents offered by other parties and testimony of the plaintiff, co-workers, or experts and fact witnesses designated by other parties.

Plaintiff reserves the right to designate additional experts as discovery progresses.

## SMOKING HISTORY

9.   If decedent smoked or used tobacco products during his/her lifetime, please describe his/her smoking history in detail (e.g., give specific information about the time period decedent smoked, amount smoked, whether or not decedent inhaled, type of tobacco product, brand names, etc.)

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    ANSWER:

2        **Mr. Zoeger smoked 1–3 cigarettes per day from 1963 until 1967.**

3    EMPLOYMENT

4    10.    For each employer for whom decedent ever worked (including self-employment and part
5           time employment) please identify:

6        (a)    In chronological order, the beginning and ending dates of each period of
                employment;
7        (b)    The place of each such employment;
         (c)    The nature of the business for each such employment; and
8        (d)    Decedent's particular title or job description or function for each such
                employment.

9    ANSWER:

10
         (a)    **1961**
11       (b)    **Puget Sound Bridge and Drydock (Todd Shipyard), Seattle, WA**
         (c)    **Shipyard**
12       (d)    **Pipe coverer assistant/heat and frost insulator**

13       (a)    **1962 - 1976**
         (b)    **House of Values/Payless Drug Stores, (various Western WA locations –**
14              **Seattle area)**
         (c)    **Retail Store/Pharmacy**
15       (d)    **Assistant Manager**

16       (a)    **1976 – 1977**
         (b)    **Payless Drug Stores, Klamath Falls, OR**
17       (c)    **Retail Store/Pharmacy**
         (d)    **Assistant Manager**

18
         (a)    **1977 - 1979**
19       (b)    **Payless Drug Stores, Grants Pass, OR**
         (c)    **Retail Store/Pharmacy**
20       (d)    **Assistant Manager**

21       (a)    **1979 - 1984**
         (b)    **Payless Drug Stores, Boise, ID**
22       (c)    **Retail Store/Pharmacy**
         (d)    **Assistant Manager/Store Manager**

23

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 14
S:\Clients\Z\ZOEGER. Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

(a)   **1984 - 2000**
(b)   **Rite Aid/Payless Drug, Bellingham, WA**
(c)   **Retail Store/Pharmacy**
(d)   **Store Manager**


(a)   **2000 - 2001**
(b)   **Longs Drugs, Bellingham, WA**
(c)   **Retail Store/Pharmacy**
(d)   **Supervisor**

(a)   **2001 - 2002**
(b)   **Rite Aid, Bellingham, WA**
(c)   **Retail Store/Pharmacy**
(d)   **Store Manager**

(a)   **2002 - 2004**
(b)   **Rite Aid/Payless Drug, Sedro Woolley, WA**
(c)   **Retail Store/Pharmacy**
(d)   **Store Manager**

**Pursuant to CR 33(c), plaintiff's Social Security records have been requested and will be provided upon receipt.  Investigation and discovery are continuing.**


ASBESTOS EXPOSURE/JOBSITES

11.   Identify each job site or ship (referencing its specific location and the dates of decedent's employment) at which you claim exposure to asbestos-containing products and decedent's occupation or trade at each job site.

ANSWER:

**Please see answer to Interrogatory No. 12.**


12.   State separately for each job site or ship enumerated in your response to Interrogatory No. 11, the following:
(a)   The name and address of decedent's employer;
(b)   The names of each contractor that brought, installed, or used the asbestos or asbestos-containing product on the job site, the date, and the contractor that is related to decedent's exposure;
(c)   The nature of decedent's exposure to asbestos containing products (include job title, duties performed, and details as to whether exposure occurred during rip-out, repair, new construction, etc.);

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 15
S:\Clients\ZOZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRog WD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

(d)    The names of the manufacturers, sellers, distributors and/or the brand names of the asbestos-containing products to which decedent was exposed and the dates you claim decedent's exposure to each product;

(e)    The names and addresses of co-workers and supervisors/foremen;

(f)    The name, address and telephone number of every witness who can identify asbestos-containing product(s) at the site. For each such witness, also please identify which specific products they will identify at each specific job site. (If you are relying on a deposition of the witness, please identify the deposition.);

(g)    Whether during the course of that employment decedent was advised, warned or made aware in any manner that exposure to or inhalation of, asbestos dust and fibers could have an adverse affect on his/her health. If so, for each such advice, warning or awareness, state who advised decedent, where he/she was advised, when he/she was advised, how he/she was advised, and the nature of the advice, warning or awareness that decedent was given;

(h)    Whether respiratory safety equipment (e.g., masks, respirators, suckers, blowers, etc.) were either required, made available to decedent, or recommended by decedent's employer, supervisor or anyone else at the job site;

(i)    Whether decedent's employer provided showers or separate lockers for work and personal clothing; and

(j)    Whether company sponsored physical examinations were required or made available to decedent by each employer, and if so, the nature and frequency of such examinations. If known, state the names and addresses of the examining doctor or facility.

ANSWER:

**Please see Appendix A.**

13.    If you contend decedent was exposed to asbestos or asbestos products under circumstances outside of decedent's employment, please state the following:

(a)    The physical location, place and circumstances of this exposure;

(b)    The trade name, manufacturer, product type, and product contents to which decedent was exposed;

(c)    The dates you contend decedent came into contact with each such product; and

(d)    The names and addresses of all persons who have knowledge or witnessed this exposure.

ANSWER:

**All asbestos exposure information, both through plaintiff's employment and otherwise, is detailed on Appendix A.**

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1 | UNION MEMBERSHIP

2 | 14. If decedent was ever a member of any professional association, labor union or other trade, labor or employment organization, please state the following:

3 |     (a)    The name and address of such union or labor organization, including local designation and dates of membership;

4 |     (b)    The type of work that decedent was authorized to perform by virtue of this membership;

5 |     (c)    Whether decedent received any newspapers, newsletters or other publications from this union or labor organization and if so, the title(s) of the publications, and

6 |            the time period, including dates during which decedent received such publications;

7 |     (d)    Whether or not decedent was ever informed during meetings or through publications offered by the union of possible hazards associated with decedent's

8 |            job, and specifically those hazards associated with exposure to asbestos dust; and

9 |     (e)    Whether or not there were any medical screening programs offered or encouraged by decedent's union, and whether decedent took part in any such program.  If

10 |           decedent took part, list the names of the facilities where the examinations took place and the names of the participating physicians, if known.

11 | ANSWER:

12 |     (a)    Union:  **Retail Clerks Association, Local 330 of Seattle, WA**
       Dates of Membership:  **1962-Retirement**

13 |

14 |     (b)    **Retail Work**

15 |     (c)    **Not to Plaintiff's knowledge.**

16 |     (d)    **Not to Plaintiff's knowledge.**

17 |     (e)    **Not to Plaintiff's knowledge.**

18 | RETIREMENT

19 | 15. If decedent was retired from full time employment, please state the following:

20 |     (a)    The date upon which decedent retired from full time employment;
       (b)    The reasons for decedent's retirement; and

21 |     (c)    The nature and amount of any benefits received as a result of decedent's retirement.

22 | ANSWER:

23 |

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1     (a)     **July 9, 2004**

2     (b)     **Reached retirement age**

3     (c)     **Social security benefits**

4

5     ASBESTOS-RELATED DOCUMENTS

6     16.   Provide the following with respect to the asbestos-related disease which forms the basis of this lawsuit.  (Do not refer defendants to decedent's medical records.  Provide specific answers.):

7

8     (a)     Nature of asbestos-related disease;
       (b)     Date disease was diagnosed;
       (c)     Physician or health care facility diagnosing the asbestos-related condition; and
9     (d)     Physicians or health care facilities which provided care or treatment for the asbestos-related condition after diagnosis.

10    ANSWER:

11    (a)     **Mesothelioma**

12

13    (b)     **December 23, 2008**

14    (c)     **Dr. Stuart Thorson - Pulmonologist**

15    (d)     **Stuart Thorson, M.D.**
             **Harry Herdman, M.D.**
             **James Douglas, M.D.**
16           **Laurie Carr, M.D.**
             **Patrick Nestor, M.D.**
17           **David Cahalan, M.D.**
             **St. Joseph Hospital, 2901 Squalicum Parkway, Bellingham, WA 98225**

18

19

20    HEALTH CARE PROVIDERS

21    17.   With respect to each doctor or health care provider who examined or treated decedent for any respiratory condition during his/her lifetime or for any other health condition during
22          the last 25 years of decedent's life, state the following:

23          (a)     The name and address of each such doctor or health care provider;

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

(b)   The reasons that decedent was seen by each doctor or health care provider;

(c)   The type of examination or nature of treatment that was given to decedent by each doctor or health care provider; and

(d)   The date or dates on which decedent was examined or treated by each doctor or health care provider.

ANSWER:

(a)   **Harry S. Herdman, M.D., 3015 Squalicum Parkway, Suite 120, Bellingham, WA 98225**

(b)   **Primary Care**

(c)   **Primary Care**

(d)   **2007 - 2009**

(a)   **Stuart Thorson, M.D., 4545 Cordata Parkway, Bellingham, WA 98225**

(b)   **Mesothelioma**

(c)   **Diagnosis**

(d)   **11/08 - 2009**

(a)   **James Douglas, M.D., 2979 Squalicum Parkway, Suite 201, Bellingham, WA 98225**

(b)   **Mesothelioma**

(c)   **Right thoracoscopic pleural biopsy and talc pleurodesis**

(d)   **12/19/08**

(a)   **Laurie Carr, M.D., Seattle Care Alliance, 825 Eastlake Ave. E., Seattle, WA 98109**

(b)   **Mesothelioma**

(c)   **Cancer treatment**

(d)   **11/08 - 2009**

(a)   **Patrick J. Nestor, M.D., 4465 Cordata Parkway, Belllingham, WA 98225**

(b)   **Mesothelioma**

(c)   **Oncologist**

(d)   **11/08 - 2009**

WORKERS' COMPENSATION/DISABILITY CLAIMS

18.   If decedent filed a state or federal workers' compensation claim, a social security claim or a disability claim with any other entity for benefits as a result of his/her alleged asbestos-related disease or for any other reason, please state the following:

(a)     The date the claim was filed and its nature (<u>i.e.</u>, Washington Department of Labor & Industries claim, Federal Department of Labor claim, Longshoreman's claim, Social Security, etc.);

(b)     The file number of the claim(s);

(c)     The status of decedent's claim(s) (<u>i.e.</u>, whether you are receiving benefits, your claim(s) have been denied, etc.); and

(d)     The nature of the disability for which decedent filed the claim.

<u>ANSWER</u>:

| (a) | Date of Filing: | **2004** |
| | Government Agency: | **Social Security Administration** |
| (b) | File Number: | **Unknown** |
| (c) | Status: | **Closed at death** |
| (d) | Nature of Disability: | **Retirement** |

<u>SPECIAL DAMAGES</u>

19.     Please state the following for <u>each and every</u> special damage amount (including wage loss, if any, and medical bills) which you allege as a result of decedent's asbestos-related injury:

(a)     Special damage amount;

(b)     Basis for this amount; and

(c)     Whether you have any documentation to support this special damage amount.  (If so, please provide the documentation.)

<u>ANSWER</u>:

**Investigation and discovery are continuing as to which specific special damages will be asserted in this matter.  Special damages may be based on the following: (1) medical bills associated with decedent's asbestos-related illness, (2) lost past and future earning capacity, (3) loss of household services, and (4) market services contracted due to loss of physical ability to perform such services.**

20.     If a death certificate was prepared after the death of decedent please attach a copy of the death certificate <u>or</u> state the following:

(a)     The identity of the person who signed the death certificate;

(b)     The identity of the person listed on the death certificate as the informant;

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 20
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

(c)  The identity of each doctor, pathologist, and coroner furnishing information appearing on the death certificate;

(d)  The immediate cause of death shown on the death certificate and the identity of the person(s) furnishing this stated cause of death; and

(e)  Whether the death certificate was filed and, if so, identify the agency or office where filed including its address.

ANSWER:

**Please see death certificate attached hereto.**

21.  If an autopsy was performed on decedent, please attach a copy of the autopsy report <u>or</u> state the following:

(a)  The person(s) performing such autopsy, including their employer, title, professional affiliations, etc.;

(b)  Date on which the autopsy was performed;

(c)  The place where the autopsy was performed; and

(d)  The basic results, findings, and conclusions of the autopsy report.

ANSWER:

**No autopsy was performed.**

22.  If an autopsy was performed on decedent, were any specimens or tissue samples taken or retained?  If so, identify:

(a)  The nature of the specimens or tissue samples taken or retained;

(b)  The person at whose direction such specimens or tissue samples were taken or retained;

(c)  The purpose for taking or retaining such specimens or tissue samples; and

(d)  The present location and custodian of all such specimens or tissue samples.

ANSWER:

**Not Applicable**

23.  Was decedent buried?  If so, state:

(a)  The date of burial;

(b)  The place of burial, naming the cemetery or other burial place and its location; and

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 21
S:\Clients\ZZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRog WD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    (c)    The cost of the burial services (attach a copy of any receipts or invoices, if
             available).

2    ANSWER:

3           **Not applicable**

4

5    24.    Was decedent cremated?  If so, state:

6           (a)    The date of cremation;
            (b)    The place of cremation;
7           (c)    The identity of the person(s) in charge of the cremation; and
            (d)    The cost of the cremation services (attach a copy of any receipts or invoices, if
8                  available).

9    ANSWER:

10          (a)    **March 16, 2009**

11          (b)    **Moles Greenacres Crematory, Ferndale, WA**

12          (c)    **Mary Lucas, Whatcom Cremation Society, Lynden, WA 98264**

13          (d)    Unknown

14

15   25.    Was decedent survived by a spouse?  If so, state:

16          (a)    Whether said surviving spouse has remarried; and
            (b)    If so, the date of remarriage and to whom.

17   ANSWER:

18          **Yes.**

19          (a)    **No**

20          (b)    **Not applicable**

21

22   26.    Did decedent die testate?  If so, state:

23          (a)    Whether the will has been filed for probate, and, if so, the title of the action, the
                   name of the court in which the action lies, and the court's file number;

1   (b)   Whether the will has been admitted to probate, and, if so, the date; and

    (c)   The name, address, and relationship to decedent of each executor named in the
2         will.

3   ANSWER:

4       **Yes**

5       (a)   ***In re the Estate of Richard J. Zoeger, Deceased,*** **Whatcom County Superior
              Court, No. 09-4-00119-1**
6
        (b)   **Yes, May 8, 2009**
7
        (c)   **Sieann M. Zoeger, 3711 Magrath Road, Bellingham, WA  98226**
8             **Relationship: Wife**
              **See answer to Interrogatory No. 2.**
9

10  27.   Has there been a contest of the will of decedent?  If so, state:

11      (a)   The name, address, and relationship to decedent of each person contesting the
              will;
12      (b)   The date on which each contest was filed;
        (c)   The grounds for each contest of the will;
13      (d)   The name of the court, and the court's file number for each contest; and
        (e)   How and when each contest was determined by the court, or otherwise settled.
14
    ANSWER:
15
        **No**
16

17  28.   Did decedent die intestate?  If so, state:

18      (a)   Whether application for administration has been filed, and, if so, the date of filing,
              name of court where filed, the court's file number, and the title of the action; and
19      (b)   The name and address of each duly qualified and appointed administrator of the
              estate.
20
    ANSWER:
21
        **Not applicable**
22

23

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

29. Have there been any proceedings to determine the heirs or beneficiaries of decedent's estate?  If so, state:

    (a)    The name of court, court's file number, and title of any proceeding in which such determination was made or is being made; and

    (b)    The date of commencement of each such proceeding.

ANSWER:

    **No**

30. With respect to the personal representative of decedent's estate, please state the following:

    (a)    The full name and address of the personal representative;

    (b)    The relationship, if any, of the personal representative to decedent;

    (c)    The court file number of the action in which this person was appointed personal representative;

    (d)    The date of appointment and the date of qualification as personal representative; and

    (e)    Whether this person succeeds another person as personal representative of decedent's estate, and if so, give the name and address of each previous personal representative.

ANSWER:

    (a)    **Sieann Malinda Zoeger, 3711 Magrath Road, Bellingham, WA  98226**

    (b)    **Wife**

    (c)    **09-4-00119-1**

    (d)    **May 8, 2009**

    (e)    **Not applicable**

31. For each person surviving the decedent and claiming damages in this action, state:

    (a)    Their name, address, relationship to decedent, and occupation;

    (b)    Date and place of their birth;

    (c)    The general condition of their present state of health; and

    (d)    The nature and amount of the damages claimed by each person.

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 24
S:\Clients\ZZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

ANSWER:

    (a)    **Sieann Malinda Zoeger**
                Relationship:  **Wife**
                Occupation:    **Part Time Vender for Prologix Co.**

                **See also answer to Interrogatory No. 2.**

    (b)    Date of Birth:      **January 28, 1947**
                Place of Birth:      **Hillsboro, OR**

    (c)    **Good**

    (d)    **To be determined at the time of trial.**

32.    Did decedent perform services for any parent, spouse or child who survived him or her? If so, for each such person, state:

    (a)    The name, address and relationship to decedent of the person for whom the service was performed;
    (b)    A description of each service performed for such person;
    (c)    The total time spent by decedent performing the service per year, and the frequency with which he or she performed each service;
    (d)    The date decedent last performed each such service;
    (e)    The compensation; if any, decedent received from performing each service;
    (f)    The name, address and relationship to decedent of each person or agency compensating decedent for each service;
    (g)    The total cost to such person for getting others to perform each service performed by decedent; and
    (h)    The name, address and occupation of each person performing each such service since decedent's death.

ANSWER:

    **No**

33.    At the time of his/her death, was decedent contributing money, tangible goods, or personal services for the support of persons other than his/her parents, spouse or children?  If so, identify the person(s) whom decedent helped support, the nature and amount of the support, and the dates of such support.

ANSWER:

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 25
S:\Clients\Z\ZOEGER. Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

**Not applicable**

34.   During the last five (5) years of decedent's life, did anyone other than decedent contribute to decedent's support?  If so, identify:

    (a)    The name and address of each person who contributed to decedent's support;

    (b)    The relationship to decedent of each such person who contributed to decedent's support; and

    (c)    The amount contributed to decedent's support in each of decedent's last five (5) years by each such person.

<u>ANSWER</u>:

**Not applicable**

35.   For each of the three (3) years prior to his/her death, separately state the decedent's average monthly personal expenditures or costs for each of the following items:

    (a)    Lodging;

    (b)    Food;

    (c)    Transportation;

    (d)    Travel;

    (e)    Cleaning and laundry;

    (f)    Recreation, hobbies, and entertainment;

    (g)    Haircuts and incidentals;

    (h)    Clothing and shoes;

    (i)    Dental examination and treatment;

    (j)    Other medical expenses not related to the alleged asbestos exposure;

    (k)    Insurance premiums;

    (1)    Dues; and

    (m)    Savings.

<u>ANSWER</u>:

**Investigation and discovery are continuing.**

36.   At the time of the decedent's death <u>and</u> for each of the three calendar years preceding the decedent's death, please list the following:

    (a)    The decedent's net worth;

    (b)    The nature and value of the decedent's assets; and

    (c)    The nature and extent of the decedent's liabilities or debts.

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 26
S:\Clients\Z\ZOEGER. Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1

ANSWER:

2

**Investigation and discovery are continuing.**

3

4   37.   Was decedent ever charged with failure to support any person alleged to be dependent
            upon him or her?  If so, for each such charge, state:

5

            (a)   The name, address and relationship to decedent of the alleged dependent;
6           (b)   The date such charges were brought;
            (c)   The name and address of the person making such charges;
7           (d)   The court, tribunal or other agency to which, or in which, such charge was made;
            (e)   A description of the charges against decedent; and
8           (f)   The final disposition of such charges.

9   ANSWER:

10          **No**

11  38.   If you claim you were exposed to asbestos-containing parts or products in a motor
            vehicle, for each claimed exposure:

12

            (a)   Identify the machine or motor vehicle for which the asbestos-containing part or
13                product was (or was intended to be) a component, including the year, make,
                  model number, or other identifying classification.
14          (b)   Identify the asbestos-containing part or product, including the type of product,
                  manufacturer of product, and model or product number.
15          (c)   Identify the circumstances under which the exposure took place, including date,
                  time, and location.
16          (d)   Identify the procedure, task, or circumstances that resulted in your exposure to the
                  asbestos-containing part or product.

17

ANSWER:

18

**Not applicable**

19

20  39.   For each **new** asbestos-containing part or product identified in Interrogatory 38(b), above:

21          (a)   State whether the part or product was purchased by you or provided to you.
            (b)   Describe the packaging of the part or product, including the size of the box (if
22                any); the color(s) of the packaging and/or any printing or pictures thereon; any
                  identifying marks on the part or product itself; and a description of the logo (if
23                any).

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 27
S:\Clients\ZZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    (c)    Identify the point of purchase (by store name and address) or provision (by
            location where it was provided to you, and name of the person providing it), and
2            the date and time of purchase or provision.

3    ANSWER:

4        **Not applicable**

5

6    40.    For each **used** asbestos-containing part or product identified in Interrogatory 38(b):

7    (a)    State whether the part or product was obtained by you or provided to you.
     (b)    State where the part or product came from, including:
8            i.     If it was removed from another motor vehicle, the make, model, and year
                    of the motor vehicle from which the part or product came (if other than the
9                    motor vehicle you were working on, identified in Interrogatory 38(a),
                    above);
             ii.    If it was obtained from a person or entity (such as, but not limited to, a
10                   friend, a store, or a junkyard), the name and address of the person or entity
                    from whom it was obtained.
11    (c)    Describe any identifying marks on the part or product, including but not limited to
             color, logo, or words or phrases engraved on the product.
12    (d)    If you believe the part or product was original equipment to the motor vehicle,
             state the basis for this belief.

13    ANSWER:

14       **Not applicable**

15       ANSWERS to the FOREGOING INTERROGATORIES were submitted this _16_
16    day of July 2009.

17                               BERGMAN DRAPER & FROCKT, PLLC

18

19                               _____

20                               Matthew P. Bergman, WSBA 20894
                                 David S. Frockt, WSBA 28568
                                 Glenn S. Draper, WSBA 24419
21                               Brian F. Ladenburg, WSBA 29531
                                 Anna D. Knudson, WSBA 37959
22                               Benjamin R. Couture, WSBA 39304
                                 Counsel for Plaintiff

23

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 28
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRog\WD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    STATE OF WASHINGTON          )
                                  )    ss.
2    COUNTY OF WHATCOM            )

3         I, SIEANN MALINDA ZOEGER, declare under penalty of perjury that I am the above
     named plaintiff, that I have read the foregoing answers to interrogatories, know the contents
4    thereof, and believe the same to be true.

5

6                                   _____
                                    SIEANN MALINDA ZOEGER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S RESPONSES TO STYLE INTERROGATORIES PROPOUNDED TO
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT - 29
S:\Clients\Z\ZOEGER, Richard\ZoegerR_Discovery\_ZoegerR_PLD_StyleRogWD_090519.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

Appendix A
**RICHARD ZOEGER**
Asbestos Exposure History

| Job Site & Employer | Exposure Dates | Nature of Exposure | Manufacturers Contractors Suppliers | Coworkers/ Product I.D. Witnesses |
|---|---|---|---|---|
| Brower Company, Seattle Washington | 1945-1971 | Indirect exposure as a resident of home during interval of father's employment as an insulator employed by the Brower Company. Mr. Zoeger's father worked with asbestos-containing materials at several jobsites and brought home asbestos dust on his work clothes.<br><br>Major jobsites where Richard Zoeger's father worked with asbestos materials included Todd Shipyard, Lockheed Shipyard, Carnation Dairy, Texaco Reinery (Anacortes) Boeing, Scott Paper (Everett) Shell Refinery and Arco Refinery. | Kaylo<br>Eagle Picher<br>Johns Manville<br>Quigley Insulag<br>Pabco<br>Mundet<br>Owens Corning | Ed Lontz<br>Leslie Sturgeon<br>Randy Kunkle<br>James Lyness<br>George Chiftis |

| Job Site & Employer | Exposure Dates | Nature of Exposure | Manufacturers Contractors Suppliers | Coworkers/ Product I.D. Witnesses |
|---|---|---|---|---|
| Lockheed Shipyard , Seattle Washington | 1961- 1963 | Direct exposure working as a pipe coverer helper during the summer of 1962 or 1963 at Lockeed Shipyard (then known as Puget Sound Bridge & Drydock).<br><br>Mr. Zoeger worked with and around pipe coverers aboard ships for one summer as a helper dispatched from the union. | Kaylo<br>Eagle Picher<br>Johns Manville<br>Quigley Insulag<br>Pabco<br>Mundet<br>Owens Corning | James Lyness<br>Leslie Sturgeon<br>Ed Lontz |

# STATE OF WASHINGTON
## DEPARTMENT OF HEALTH

**Washington State Certificate of Death**

Local File Number | State File Number

| 1. Legal Name (Include AKA's if any) First / Middle / LAST / Suffix | 2. Death Date |
|---|---|
| Richard   John   Zoeger | 03/10/2009 |

| 3. Sex (M/F): M | 4a. Age – Last Birthday: 66 | 4b. Under 1 Year Months/Days | 4c. Under 1 Day Hours/Minutes | 5. Social Security Number: 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 | 6. County of Death: Whatcom |
|---|---|---|---|---|---|

| 7. Birthdate: 12/27/1942 | 8a. Birthplace (City, Town, or County): Salt Lake City | 8b. (State or Foreign Country): Utah | 9. Decedent's Education: 3 Years College |
|---|---|---|---|

| 10. Was Decedent of Hispanic Origin? (Yes or No) If yes, specify: No | 11. Decedent's Race(s): White | 12. Was Decedent ever in U.S. Armed Forces? Yes |
|---|---|---|

Part 1 completed by Funeral Director

| 13a. Residence: Number and Street (e.g., 624 SE 5th St) (Include Apt. No.): 3711 Magrath Road | 13b. City or Town: Bellingham |
|---|---|

| 13c. Residence: County: Whatcom | 13d. Tribal Reservation Name (if applicable) | 13e. State or Foreign Country: Washington | 13f. Zip Code + 4: 98226 | 13g. Inside City Limits? ☒ Yes ☐ No ☐ Unk |
|---|---|---|---|---|

| 14. Estimated length of time at residence: 25 years | 15. Marital Status at Time of Death: Married | 16. Surviving Spouse's or Domestic Partner's Name (Give name prior to first marriage): Sieann Bettger |
|---|---|---|

| 17. Usual Occupation (Indicate type of work done during most of working life. DO NOT USE RETIRED): Retail Manager | 18. Kind of Business/Industry (Do not use Company Name): Retail |
|---|---|

| 19. Father's Name (First, Middle, Last, Suffix): Harold Zoeger | 20. Mother's Name Before First Marriage (First, Middle, Last): Frances Hansen |
|---|---|

| 21. Informant's Name: Sieann Zoeger | 22. Relationship to Decedent: Wife | 23. Mailing Address: Number and Street or RFD No. / City or Town / State / Zip: 3711 Magrath Road, Bellingham, WA 98226 |
|---|---|---|

| 24. Place of Death, if Death Occurred in a Hospital: | Place of Death, if Death Occurred Somewhere Other than a Hospital: Decedent's Home |
|---|---|

| 25. Facility Name (if not facility, give number & street or location): 3711 Magrath Road | 26a. City, Town, or Location of Death: Bellingham | 26b. State: WA | 27. Zip Code: 98226 |
|---|---|---|---|

| 28. Method of Disposition: Cremation | 29. Place of Final Disposition (Name of cemetery, crematory, other place): Moles Greenacres Crematory | 30. Location-City/Town, and State: Ferndale, Washington |
|---|---|---|

| 31. Name and Complete Address of Funeral Facility: Whatcom Cremation Society, 1907 Front Street, Lynden, WA 98264 | 32. Date of Disposition: 03/16/2009 |
|---|---|

33. Funeral Director Signature X *Mary Lucas*

## Cause of Death (See instructions and examples)

34. Enter the chain of events – diseases, injuries, or complications – that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Add additional lines if necessary.

Part 2 completed by Certifier

| | | Interval between Onset & Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → | a. mesothelioma | 4 months |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | Due to (or as a consequence of): b. | Interval between Onset & Death |
| | Due to (or as a consequence of): c. | Interval between Onset & Death |
| | Due to (or as a consequence of): d. | Interval between Onset & Death |

| 35. Other significant conditions contributing to death but not resulting in the underlying cause given above | 36. Autopsy? ☐ Yes ☒ No | 37. Were autopsy findings available to complete the Cause of Death? ☐ Yes ☐ No |
|---|---|---|

| 38. Manner of Death | 39. If female | 40. Did tobacco use contribute to death? |
|---|---|---|
| ☒ Natural ☐ Homicide ☐ Accident ☐ Undetermined ☐ Suicide ☐ Pending | ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days before death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year | ☐ Yes ☒ Probably ☐ No ☐ Unknown |

| 41. Date of Injury (MM/DD/YYYY) | 42. Hour of Injury (24hrs) | 43. Place of Injury (e.g., Decedent's home, construction site, restaurant, wooded area) | 44. Injury at Work? ☐ Yes ☐ No ☐ Unk |
|---|---|---|---|

| 45. Location of Injury: Number & Street: | | | Apt No.: |
|---|---|---|---|

| City or Town: | County: | State: | Zip Code+4: |
|---|---|---|---|

| 46. Describe how injury occurred: | 47. If transportation injury, specify: ☐ Driver/Operator ☐ Pedestrian ☐ Passenger ☐ Other (Specify) |
|---|---|

| 48a. Certifying Physician – To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner stated. | 48b. Medical Examiner/Coroner – On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated. |
|---|---|
| X | X |

| 49. Name and Address of Certifier – Physician, Medical Examiner or Coroner (Type or Print): Patrick Nestor, MD, 4465 Cordata Pkwy, Bellingham, WA 98226 | 50. Hour of Death (24hrs): 1250 |
|---|---|

| 51. Name and Title of Attending Physician if other than Certifier (Type or Print): | 52. Date Signed (MM/DD/YYYY): 3/12/2009 |
|---|---|

| 53. Title of Certifier: M.D. | 54. License Number: 4227.4 | 55. ME/Coroner File Number: | 56. Was case referred to ME/Coroner? ☐ Yes ☒ No |
|---|---|---|---|

| 57. Registrar Signature: *Greg Stern* | 58. Date Received (MM/DD/YYYY): 03/16/2009 |
|---|---|

59. Amendments

DOH/CHS 003 Rev 07/09/07

DOH 01-003 (5/99)

**Health**

**Affidavit for Correction**

This is a legal Document. Complete in ink and do not alter.

Center for Health Statistics
PO Box 9709
Olympia, WA 98507-9709
(360) 236-4300

### STATE OFFICE USE ONLY

| State File Number | Fee Number | Initials | Date | Affidavit Number |
|---|---|---|---|---|
| | | | | |

### Use the section below for requesting any changes on the record.

Record Type: ☐ Birth  ☐ Death  ☐ Marriage  ☐ Dissolution

| 1. Name on record: | 2. Date of Event: | 3. Place of Event: (City or County) |
|---|---|---|
| | | |

| 4. Father's Full Name (For Birth): (Husband for Marriage or Dissolution) | 5. Mother's Full Name (For Birth): (Wife for Marriage or Dissolution) |
|---|---|
| | |

### The Record is Incorrect or Incomplete as follows:

| The Record now shows: | The True fact is: |
|---|---|
| 6. | 7. |
| 8. | 9. |
| 10. | 11. |
| 12. | 13. |

14. I represent the person as: ☐ Self ☐ Parent ☐ Guardian ☐ Informant   Telephone Number:
☐ Funeral Director ☐ Other (Specify)

I declare under penalty of perjury under the laws of the State of Washington that the forgoing is true and correct.

| 15. Signature: | 16. Date: | 17. Address: |
|---|---|---|
| | | |

All vital records are registered as received. An item may be changed by affidavit only once. Subsequent changes must be made by court order. The incorrect certificate must be returned within one year of the date it was issued to receive a replacement copy free of charge.

**All changes must be established by documentary proof submitted with the affidavit**

Examples of documentary proof:
Certificate of Naturalization
Hospital Records
Insurance Records
Marriage/Divorce Records

Medical Record
Military Record (DD-214)
Birth Record
Passport

School Record
Voter's Registration Card (if it bears an effective date)
Alien Registration Card (front and back)

Birth Certificates:

1   Only a parent, legal guardian (if the child is under 18), or the adult themselves (if 18 or older) may change the birth certificate.
2   The proof(s) must match exactly the asserted true fact(s). For example, if the affidavit says the name is Mary Ann Doe, then the proof must show the name to be Mary Ann Doe. Mary A. Doe or M.A. Doe does not prove the name is Mary Ann Doe.
3   Proof must be five (or more) years old or have been established within five years of birth.
4   Up to age one, the parent(s) or legal guardian may change the child's last name with an affidavit for correction, provided:
   - This is a one time only change. Subsequent changes will require a certified copy of a court ordered name change.
   - The new last name may be the mothers maiden name or father's name (if present on the certificate) or any combination of the two.
   - After age one, last name changes require a certified copy of a court ordered name change. Minor spelling changes may be made with an affidavit and documentary proof.
5   Parent(s) may change their child's first or middle name by completing and signing an affidavit for correction (until their child's 18th birthday).
6   **This affidavit cannot be used to add a father to a birth certificate. (Use the paternity affidavit - form DOH/CHS 021)**

Death Certificates:

1   Only the informant, the funeral director, or executors/administrators (if evidence confirming such position is presented) may change the non-medical information.
2   The medical information (cause of death) may be changed only by the certifying physician or the coroner/medical examiner.
3   If it is less than sixty days from date of death please contact the county health department where the death occurred to make changes.

Marriage/Dissolution (Divorce) Certificates:

1   Personal fact(s) (minor spelling changes in name, date or place of birth or residence) may be changed by affidavit (with proof) by the person.
2   To change the date or place of marriage or dissolution, the officiant (marriage) or clerk of court (dissolution) must sign the affidavit.

DOH/CHS 021 Rev 4/2009

CERTIFIED
_____ COUNTY
HE_____ ____MENT
____PY

MAR 18 2009

_____ M.D.
_____ _____ M.D.
_____ _____CER

RR00663240

1  STATE OF WASHINGTON          )
                                )   ss.
2  COUNTY OF WHATCOM            )

3       I, SIEANN MALINDA ZOEGER, declare under penalty of perjury that I am the above
   named plaintiff, that I have read the foregoing answers to interrogatories, know the contents
4  thereof, and believe the same to be true.

5

6                                   _____
                                    SIEANN MALINDA ZOEGER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549