**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 8 2009

FILED
CLERK'S OFFICE

1   ALAN R. BRAYTON, ESQ., S.B. #73685
    LLOYD F. LEROY, ESQ., S.B. #203502
2   RICHARD M. GRANT, ESQ., S.B. #55677
    BRAYTON❖PURCELL LLP
3   222 Rush Landing Road
    PO Box 6169
4   Novato, California 94948-6169
    (415) 898-1555
5   (415) 898-1247 Fax

6   Attorneys for Plaintiffs

7

8              UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9   IN RE: ASBESTOS PRODUCTS LIABILITY   )   **MDL DOCKET NO. 875; CTO - 328**
    LITIGATION (NO. VI)                  )
10                                       )   **PLAINTIFFS' MOTIONS BEFORE**
                                         )   **THE JUDICIAL PANEL ON MULTI-**
11  This Document Relates to:            )   **DISTRICT LITIGATION TO**
                                         )   **VACATE CONDITIONAL**
12                                       )   **TRANSFER ORDER 328**
                                         )
13                                       )
    Edwin Ball v. Asbestos  Defendants, et al.,  )   N.D. California CA No. 4:09-4929  PJH
14                                       )
           and                          )
15                                       )
    Oliver Brown v. Metalclad Insulation Corp, et  )   N.D. California, CA No. 4:09-4681 SBA
16  al.,                                 )
                                         /
17

18    **PLAINTIFFS' MOTIONS BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT**

19             **LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER**

20                       **AND BRIEF IN SUPPORT OF MOTION**

21         EDWIN BALL and OLIVER BROWN ("Movants" or "Plaintiffs") by and through their

22  counsel of record files this consolidated Motion and Brief to Vacate Conditional Transfer Order

23  328 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel".)

24         Movants respectfully move the Panel pursuant to JPML Rule 7.4(c) to vacate its order

25  conditionally transferring the above entitled and numbered cases to the United States District

26  Court for the Eastern District of Pennsylvania.  This motion is based on the brief in support

27  which is made a part of this filing, and such other materials as may be presented to the JPML at

28  the time of the hearing on the motion.  Movants request the Clerk of the JPML to set this

K:\Injured\108687\FED\MDL-Mtn Vacate.wpd                1
PLAINTIFFS' MOTIONS BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
VACATE CONDITIONAL TRANSFER ORDER 328

**OFFICIAL FILE COPY**          **IMAGED** DEC - 8 2009

PLEADING NO. 6006

1   motion for hearing at a date following Movants pending motions to remand their actions to

2   state court, i.e. following February 2, 2010.

3   **I.       PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

4           These actions for asbestos-related personal injuries were originally filed by Edwin Ball

5   and Oliver Brown against numerous defendants in the Superior Court of the State of California,

6   County of San Francisco on July 7, 2009, and October 1, 2008, respectively..

7           Defendants McDonnell Douglas Corporation ("McDonnell Douglas") and Metalclad

8   Insulation Corporation ("Metalclad") removed these matters to the United States District Court

9   for the Northern District of California on October 16, 2009,  and October 1, 2009, respectively.

10  Plaintiffs have filed their Motions to remand to the San Francisco County Superior Court based

11  upon lack of subject matter jurisdiction.

12          The Conditional Order filed herein transferred these cases to the MDL-875 in the United

13  States District Court for the Eastern District of Pennsylvania.

14          Plaintiffs health is precarious and deteriorating. Mr. Ball is stricken with asbestos-

15  related pleural disease and asbestosis, and Mr. Brown is stricken with asbestos-related pleural

16  disease and asbestosis.  Both are inherently progressive illnesses, with inevitable and

17  predictable deterioration over time. The removal to MDL may well deny them their day in

18  court.

19           Plaintiffs, therefore, move this Panel to vacate the Conditional Order in furtherance of

20  justice, and to defer to the United States District Court for the Northern District of California or

21  the Superior Court for the State of California, County of San Francisco to move the case

22  speedily along to trial.  Justice and fairness demand that the delay occasioned by defendants

23  actions be ameliorated by the setting of an prompt date for trial, which requires that the matter

24  remain in the Northern District of California, or be remanded to San Francisco County Superior

25  Court.

26  **II.      ARGUMENT**

27          Title 28, United States Code, section 1407(a) allows for the transfer of a civil action

28  "involving one or more common questions of fact" only if  the Panel determines that a transfer

"will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  Movants submit that these cases do not meet these requirements. Grouping these cases with the MDL's inventory of huge and unrelated cases will impede rather than enhance the progress of these cases.

### A.   There Is No Federal Subject Matter Jurisdiction and These Cases Should Be Remanded to the State Court.

#### 1.   Edwin Ball

Defendant McDonnell Douglas Corporation ("McDonnell Douglas") filed its Notice of Removal on October 16, 2009.  Its alleged grounds for removal as stated in the Notice is that plaintiff alleged occupational exposures, while working as an aircraft mechanic in the U.S. Navy,  which occurred at the Naval Station in Lemoore, California and while aboard various U.S. Naval ships, and that McDonnell Douglas, in its manufacture and sale of equipment for the U.S. Navy, Air Force and Marines, was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1).

However, plaintiff specifically waived any claims against McDonnell Douglas relating to plaintiff's exposure to asbestos at military and federal government jobsites and aboard U.S. Navy vessels. (Paragraph 5 of the complaint, pg. 3, lines 6-8).  Accordingly, there can be no government contractor defense and removal was improper.

Removal was improper as a matter of law.  This Court does not have jurisdiction pursuant to the federal officer removal statute, 28 U.S. C. sec 1442, and is without subject-matter jurisdiction to hear the case.  Plaintiff's Motion to Remand, pending before the District Court for the Northern District of California, should be granted and the case remanded in its entirety to the California Superior Court for the County of San Francisco.

#### 2.   Oliver Brown

Defendant Metalclad Insulation Corporation ("Metalclad") filed its Notice of Removal on October 1, 2009.  Its alleged ground for removal as stated in the Notice is that defendant was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Defendant does not contest that Mr. Brown was exposed to Unibestos, an asbestos-containing

1   product, manufactured by Owens-Corning and brokered by Metalclad for use by the Navy.

2       Removal pursuant to 28 U.S.C.  Sec. 1442(a)(1) is inappropriate in that the moving

3   party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a

4   colorable federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between

5   plaintiff's claims and the acts it alleges it performed under color of federal office.

6       Removal is also inappropriate in that the Metalclad cannot demonstrate that the United

7   States approved reasonably precise specifications that actually specified the use of asbestos in a

8   product, that absent the specifications, would not have contained asbestos.  The product

9   brokered by Metalclad always contained asbestos as is reflected in its name "Unibestos".

10      Moreover, Metalclad cannot demonstrate that Unibestos is not available in the same or

11  substantially similar form to commercial users.  Metalclad fails to meet its burden under *In re*

12  *Hawaii Federal Asbestos Cases* (9th Cir. 1992) 960 F. 2d 806.

13      Removal was improper as a matter of law.  This Court does not have jurisdiction

14  pursuant to the federal officer removal statute, 28 U.S. C. sec 1442, and is without subject-

15  matter jurisdiction to hear the case.  Plaintiff's Motion to Remand, pending before the District

16  Court for the Northern District of California, should be granted and the case remanded in its

17  entirety to the California Superior Court for the County of San Francisco.

18      **B.    These Cases Do Not Share Common Factual Issues with Other MDL Cases**

19      Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common

20  facts present.  *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*

21  *1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976).  Implicit in this consideration is the

22  requirement that the common facts be more than minimal.  *In re Boeing Co. Employment*

23  *Practices Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.)   A mere showing of common

24  questions of fact is not sufficient alone to merit transfer.  *In re Truck Accident Near Almagordo,*

25  *New Mexico on June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).

26      Because Movants cases are dissimilar from the multi-party asbestos suits in MDL 875

27  they should remain in California.  The mere presence of some common factual issues does not

28  automatically require transfer, even in asbestos exposure and personal injury actions involving

1  scientific causation issues.  While these cases share with all MDL 875 cases the common
2  material, asbestos fibers, it is wholly different in its limited scope.

3      The facts in dispute in these matters (other than the generic fact of asbestos exposure)
4  are entirely unique to Movants' work histories and identification of the products with which
5  they, in particular, worked. The evidence that will be presented in these cases are essentially
6  applicable to these specific plaintiffs, and will be of little possible benefit to the parties in MDL
7  875.

8      **C.**    **Transfer Will Immensely Inconvenience Parties and Witnesses**

9      In its Order creating MDL 875, the Panel explained that since section 1407 transfer is
10  "primarily for pretrial, there is usually no need for the parties and witnesses to travel to
11  [Pennsylvania] for depositions or otherwise".  In re Asbestos Products Liability Litigation (No.
12  VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).

13      Movants respectfully submit, however, that effective practice before the Eastern District
14  of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in
15  chambers and court hearings. Travel to Philadelphia will require expensive air fares and lodging
16  for parties and, their attorneys.  There is little benefit, and thus little convenience, to adding the
17  present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash*
18  *Disaster Near Upperville, Va. on December 1, 1974*, 430 F.Supp. 1295 (J.P.M.L. 1977).  This
19  places a heavy and entirely unnecessary burden on Movants.

20      **D.**    **Transfer Will Be Unjust and Inefficient.**

21      In reaching its decision to transfer, in addition to the convenience of the parties and
22  witnesses, the Panel should consider whether transfer will promote the just and efficient
23  conduct of the actions in question.  See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000).
24  That is the most important factor in determining whether consolidation of a tag along case is
25  appropriate.  *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F.Supp. 2d 7-8 (D.D.C.
26  1999). The term "efficiency" in this context usually refers to conserving judicial resources.  17
27  Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

28      Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;

PLAINTIFFS' MOTIONS BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 328

1  (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and

2  judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993).  See

3  generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F.Supp. 244, 254-255

4  (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in

5  transfers for coordinated or consolidated pretrial.  Considerable time and trouble are in the sheer

6  mechanics of transferring and remanding.  After transfer, the process of segregating the pretrial

7  matters which should be remanded for handling by the transferor courts may be time-

8  consuming, as well as subject to reasonable disagreement.  The basic question before the Panel

9  in each proceeding looking to coordinated or consolidated pretrial is, then, whether the

10  objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer

11  and remand.")

12      Consolidation of Movants' cases with MDL 875 will not serve any of these aims.  These

13  cases are dissimilar to the vast majority of cases in the MDL and place them outside the area of

14  unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created.  Only end-stage

15  pretrial proceedings remain, which can be most efficiently handled by the California Superior

16  Court in San Francisco or in the Federal District Court for the Northern District of California

17  where the trial will take place.

18      The parties will not benefit from the MDL 875's focus on common asbestos defendants.

19  It is nothing like  a 'class action natured asbestos action' (multiple unrelated plaintiffs against

20  common asbestos product manufactures) which was the context in which MDL 875 was created

21  to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the

22  resources of the parties, their counsel, and the judiciary.   These cases are a straightforward

23  personal injury actions, ones that the state court and the parties would be able to move relatively

24  rapidly to trial.

25      In light of the above, Movants respectfully submit that transfer at this stage in the

26  proceedings to MDL-875 could not be more inconvenient to the parties and witnesses, or more

27  likely to obstruct rather than promote the just and efficient conduct of this case.  Transfer  will

28  ///

1  serve only to delay the matter, while increasing the judicial workload of the Pennsylvania court,

2  and accomplishing no effective progress in the action.

3  **CONCLUSION**

4       Transfer will serve neither the convenience of the parties nor the just and efficient

5  conduct of these cases.  They are not suitable for transfer to the MDL.

6       For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer

7  Order 328 as to Movants Edwin Ball and Oliver Brown..

8

9  Dated: December 7, 2009          BRAYTON ❖ PURCELL LLP

10

11

12                                Richard M. Grant

13                                222 Rush Landing Road
   Novato, California 94945
   Attorneys for Plaintiffs EDWIN BALL and
   OLIVER BROWN

14                                Telephone: (415) 898-1555

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED
CLERK'S OFFICE
2009 DEC -8  A 10: 28
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

K:\Injured\108687\FED\MDL-Mtn Vacate.wpd

PLAINTIFFS' MOTIONS BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
VACATE CONDITIONAL TRANSFER ORDER 328

DEC - 8 2009

FILED
CLERK'S OFFICE

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

PROOF OF SERVICE BY MAIL

1

2   I am employed in the County of Marin, State of California.  I am over the age of 18
years and am not a party to the within action.  My business address is 222 Rush Landing Road,
3   P.O. Box 6169, Novato, California 94948-6169.

4   On December 7, 2009, I served the following document(s) described as:

5   **PLAINTIFFS' MOTION S BEFORE THE JUDICIAL PANEL ON MULTI-
DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER
6   328**

7   on the interested party(ies) in this action as follows:

8   **TO ALL PARTIES ON THE ATTACHED SERVICE LISTS.**

9

10   __XX__          BY OFFICE MAILING

11

12   I am readily familiar with this office's practice of collection and processing
correspondence, pleadings and other matters for mailing with the United States Postal
13   Service on that same day with postage thereon fully prepaid at Petaluma, California in
the ordinary course of business.  I placed in the outgoing office mail, the above-
14   described document(s), in a sealed envelope, addressed to the party(ies) as stated above,
for collection and processing for mailing the same day in accordance with ordinary
15   office practices.

16   Executed December 7, 2009, at Novato, California.

17   I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

18

19   _Jane Ehni_

20

21

22

23

24   Edwin Ball v. Asbestos Defendants (B❖P), NDCA 4:09-4929 PJH
Oliver Brown v. Metalclad Insulation Corp, et al., NDCA 4:09-4681 SBA

25

26

27

28

1

PROOF OF SERVICE BY MAIL

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**                                    MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-328)

Oliver Brown v. Metalclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No. 4:09-4929
(Judge Phyllis J. Hamilton)

Peter G. Angelos
LAW OFFICES OF PETER G
 ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Garth W. Aubert
MENDES & MOUNT LLP
445 South Figueroa Street
38th Floor
Los Angeles, CA 90071

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-328) (Continued)**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
   MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Lisa L. Oberg
MCKENNA LONG & ALDRIDGE LLP
101 California Street
41st. Floor
San Franisco, CA 94111

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

James C. Pettis
BRYAN CAVE LLP
120 Broadway
Suite 300
Santa Monica, CA 90401

Glen R. Powell
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
   TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Date Created: 12/7/2009-2:11:43 PM                                      Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Reporting
Matter Number: 109692.001 - Edwin Ball

**Bassi, Edlin, Huie & Blum LLP**
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006   415-397-1339 (fax)
**Defendants:**
   J.T. Thorpe & Son, Inc. (THORPE)
   Parker-Hannifin Corporation (PARKHF)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
   Berry & Berry (B&B)

**Bryan Cave LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
310-576-2100   310-576-2200 (fax)
**Defendants:**
   McDonnell Douglas Corporation
   (MCDONL)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
**Defendants:**
   Goodyear Tire & Rubber Company, The
   (GOODYR)
   Meggitt Aircraft Braking Systems
Corporation ( fka Aircraft Braking Systems
Corporation) (ABS)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
   Garlock Sealing Technologies, LLC
(GARLCK)
   Goodrich Corporation (BFGOOD)
   Rohr, Inc. (ROHR)

**Mendes & Mount**
445 S. Figueroa Street
38th Floor
Los Angeles, CA 90071
213-955-7700   213-955-7725 (fax)
**Defendants:**
   Curtiss-Wright Corporation (CURTWR)

**Perkins Coie LLP**
1888 Century Park E
Suite 1700
Los Angeles, CA 90067-1721
310-788-9900   310-788-3399 (fax)
**Defendants:**
   Boeing Company, The (BOEING)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000   415-344-7288 (fax)
**Defendants:**
   Honeywell International, Inc. (HONEYW)

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900   415-781-2635 (fax)
**Defendants:**
   General Electric Company (GE)

**Tucker Ellis & West LLP**
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071-2223
213-430-3400   213-430-3409 (fax)
**Defendants:**
   United Technologies Corporation
(UNTECH)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400   415-617-2409 (fax)
**Defendants:**
   United Technologies Corporation
(UNTECH)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
   Thomas Dee Engineering Co., Inc. (DEE)

**Bassi, Edlin, Huie & Blum LLP**
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006   415-397-1339 (fax)
**Defendants:**
   J.T. Thorpe & Son, Inc. (THORPE)

**Becherer, Kannett & Schweitzer**
Water Tower
1255 Powell Street
Emeryville, CA 94608-2604
510-658-3600   510-658-1151 (fax)
**Defendants:**
   CSK Auto, Inc. (CSKAUT)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
   Berry & Berry (B&B)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300   415-808-0333 (fax)
**Defendants:**
   Foster Wheeler LLC (FKA Foster Wheeler
Corporation) (FOSTER)

**Foley & Mansfield PLLP**
1111 Broadway, 10th Floor
Oakland, CA 94607
510-590-9500   510-590-9595 (fax)
**Defendants:**
   J.C. Whitney & Company (JCWTNY)
   William Powell Company, The (WILPOW)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
**Defendants:**
   Goodyear Tire & Rubber Company, The
(GOODYR)
   Ingersoll-Rand Company (INGRSL)

**Hassard Bonnington LLP**
Two Embarcadero Center
Suite 1800
San Francisco, CA 94111
415-288-9800   415-288-9802 (fax)
**Defendants:**
   Honeywell International, Inc. (HONEYW)

**Howard Rome Martin & Ridley**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715   650-364-5297 (fax)
**Defendants:**
   IMO Industries, Inc. (IMOIND)

**K & L Gates LLP**
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8200   415-882-8220 (fax)
**Defendants:**
   Crane Co. (CRANCO)

**Knox Ricksen LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
510-285-2500   510-285-2505 (fax)
**Defendants:**
   Allis-Chalmers Corporation Product
Liability Trust (ALLIS)

**Lankford & Crawford LLP**
2 Theatre Square
Suite 240
Orinda, CA 94563
925-258-9091   925-258-9695 (fax)
**Defendants:**
   Ford Motor Company (FORD)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
   Garlock Sealing Technologies, LLC
(GARLCK)

**Law Offices of Nancy E. Hudgins**
565 Commercial, 4th Floor
San Francisco, CA 94111
415-979-0100   415-979-0747 (fax)
**Defendants:**
   Uniroyal Holding, Inc. (UNIROY)

**Lewis Brisbois Bisgaard & Smith LLP**
One Sansome Street
Suite 1400
San Francisco, CA 94104
415-362-2580   415-434-0882 (fax)
**Defendants:**
   Cameron International Corporation ( fka
Cooper Cameron Corporation) (COOCAM)

**Low, Ball & Lynch**
505 Montgomery Street, 7th Floor
San Francisco, CA 94111-2584
415-981-6630   415-982-1634 (fax)
**Defendants:**
   Armstrong International, Inc. (ARMINT)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000   415-267-4198 (fax)
**Defendants:**
   Metalclad Insulation Corporation
(METALC)

**Morgan, Lewis & Bockius LLP**
One Market, Spear Tower
San Francisco, CA 94105
415-442-1000   415-442-1001 (fax)
**Defendants:**
   Yarway Corporation (YARWAY)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000   415-344-7288 (fax)
**Defendants:**
   Honeywell International, Inc. (HONEYW)

**Pond North, LLP**
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90802
213-617-6170   213-623-3594 (fax)
**Defendants:**
   FMC Corporation (FMC)
   McNally Industries, Inc. (MCNLLY)
   Viacom, Inc. (VIACOM)

**Prindle, Amaro, Goetz, Hillyard, Barnes
& Reinholtz LLP.**
310 Golden Shore, Fourth Floor
Long Beach, CA 90802
562-436-3946   562-495-0564 (fax)
**Defendants:**
   Henry Vogt Machine Co. (HENVOG)

**Schiff Hardin LLP**
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
415-901-8700   415-901-8701 (fax)
**Defendants:**
   Owens-Illinois, Inc. (OI)

Date Created: 12/7/2009-2:11:47 PM                          Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Reporting
Matter Number: 108687.001 - Oliver Brown

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA  94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
  Quintec Industries, Inc. (QUINTC)
  Thomas Dee Engineering Co., Inc. (DEE)