MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 8 2009

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON

# MULTIDISTRICT LITIGATION

**MDL NO. 875 — IN RE: Ball v. Asbestos Defendants, et al.**

### DEFENDANT McDONNELL DOUGLAS CORPORATION'S
### OPPOSITION TO PLAINTIFF'S MOTION TO
### VACATE CONDITIONAL TRANSFER ORDER 328

PLEADING NO. 6033



RECEIVED
CLERK'S OFFICE
2009 DEC 18 A 9: 57
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**OFFICIAL FILE COPY**

ORIGINAL

**IMAGED** DEC 1 8 2009

128695.1

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS      ) MDL No. 875
LIABILITY LITIGATION (NO. VI)    )
                             )
                             )
Edwin Ball v. Asbestos Defendants, et al.,  )
   N.D. California, Case No. 4:09-4929   )
                             )

## DEFENDANT McDONNELL DOUGLAS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 328

Defendant McDonnell Douglas Corporation ("MDC") files this Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order 328 transferring this action as a tag-along action to the Multi-District Litigation ("MDL") No. 875 In Re Asbestos Product Liability Litigation proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL 875"), on the following grounds:

    1.     Plaintiff fails to articulate, let alone make the requisite strong showing for or provide evidence to support, any valid basis for this Panel to vacate its November 5, 2009 Conditional Transfer Order 328 ("CTO") to transfer this related tag-along asbestos action from the Northern District of California to MDL-875.

    2.     There is nothing unique about this case, including Plaintiff's alleged asbestosis or Motion to Remand, that warrants vacating the CTO.  This action is

similar to thousands of asbestos personal injury actions that have been transferred from federal district courts throughout the country to MDL-875 for coordinated proceedings ever since MDL-875 was established in 1991. The remand motion is not before this Panel and has no bearing on whether the CTO should be vacated. In any event, MDL-875 is the proper forum to hear Plaintiff's remand motion, particularly since Plaintiff is attempting to forum shop to evade proper federal court jurisdiction before the MDL.

3.    Vacating the CTO based on the conclusory reasons advanced by Plaintiff would completely undermine the primary reason for having MDL proceedings in general, and the main purpose of MDL-875 in particular.

Respectfully submitted this 16 day of December, 2009.

MCDONNELL DOUGLAS CORPORATION
By Counsel

Robert H. Boone III
James C. Pettis
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401
(310) 576-2100 phone
(310) 576-2200 facsimile
reboone@bryancave.com
james.pettis@bryancave.com

*Counsel for McDonnell Douglas Corporation*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY

Defendant McDonnell Douglas Corporation ("MDC") respectfully submits that this Panel should deny Plaintiff's request to vacate Conditional Transfer Order 328 ("CTO") the Panel issued on November 5, 2009, conditionally transferring this related tag-along asbestos action to the Multi-District Litigation ("MDL") No. 875 In Re Asbestos Product Liability Litigation proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875"), for the simple reason that Plaintiff has not articulated any legitimate reason for doing so.

As this Panel knows, a party seeking to vacate a CTO must make a strong showing on specific grounds for such relief before it can be granted.  Here, Plaintiff falls far short of meeting that burden.  While Plaintiff claims without providing any evidence whatsoever that the CTO should be vacated because this action is purportedly "unique" and transfer to the MDL proceedings would not promote judicial economy, he altogether fails to explain or substantiate those conclusory allegations.  Contrary to Plaintiff's bald and unsupported assertions, this asbestos action, including Plaintiff's alleged asbestosis and work history, is not unique so as to warrant vacating the CTO, nor will transferring the action to MDL-875 defeat goals of judicial economy or unduly inconvenience the parties.  Accordingly, Plaintiff's Motion should be denied.

### II.   BACKGROUND

Plaintiff filed this action in state court on or about July 7, 2009.  The Complaint asserts broad product liability claims against MDC, including claims for negligence, strict liability and false representation.  (Ex. A: Compl.)  The Complaint did not identify any MDC aircraft or other products that Plaintiff claimed were a source of his alleged asbestos exposure.  Thus, a basis for removal

jurisdiction was not apparent from the Complaint.

On September 18, 2009, Plaintiff served his Answers to Interrogatories that identified for the first time which MDC aircraft, *i.e.*, the AD Skyraider and A-4 Skyhawk military aircraft, Plaintiff claims were a source of his purported exposure to asbestos. (Ex. B: Pl.'s Answer to Interrogatories.)  These aircraft were built by MDC for the military, pursuant to military equipment procurement contracts with the United States Government.  Specifically, Plaintiff claims in his response to Interrogatory No. 26 that he was exposed to asbestos while he worked with or around brakes and engines on the AD and A-4 aircraft built by MDC while working as an aircraft mechanic in the Navy from 1965 to 1968 at Naval Air Station Lemoore, and while aboard the USS <u>Kitty Hawk</u> (CV-63), USS <u>Hancock</u> (CV-19) and USS <u>Ticonderoga</u> (CV-14).  (Ex. B at 7:12-9:6.)  Plaintiff's Answers to Interrogatories put MDC on notice for the first time of the particular MDC aircraft and components from which Plaintiff claims asbestos exposure, and thus that this case is one which is removable on the ground of federal officer removal jurisdiction pursuant to 28 U.S.C. section 1442(a)(1).  <u>See</u> <u>Durham v. Lockheed</u> <u>Martin Corp.</u>, 445 F.3d 1247, 1251, 1252 (9th Cir. 2006).

On October 16, 2009, MDC timely removed this case from the state court to the United States District Court for the Northern District of California on "federal officer" removal jurisdiction grounds.  On October 21, 2009, MDC requested that the Panel transfer this action as a related tag-along action to the MDL-875 proceedings before the Honorable Eduardo C. Robreno, Jr. in the United States District Court for the Eastern District of Pennsylvania, where all asbestos product liability cases pending in the federal courts are to be transferred

for coordinated pre-trial matters.  MDL-875 was established in 1991, and since that time, the Court has disposed of tens of thousands of asbestos suits.[1]

On November 5, 2009, the MDL Judicial Panel Clerk issued conditional transfer order 328 ("CTO") transferring this case to MDL-875, as anticipated.

On December 8, 2009, Plaintiff filed his Motion to Vacate the CTO, claiming—in conclusory fashion without any factual or evidentiary explanation or support whatsoever—that the CTO should be vacated because (a) this action is purportedly so "unique" that it should not be part of MDL-875 and (b) transfer to MDL-875 would inconvenience the parties and defeat judicial economy goals.

## III.   ARGUMENT

### A.   Plaintiff Must Satisfy a Heavy Burden of Proof Before the CTO Can Be Vacated

The hurdle for vacating a conditional transfer order is high.  Indeed, the party requesting such relief must make a strong showing on specific grounds demonstrating "no common questions of fact relating to injuries…allegedly caused by exposure to asbestos or asbestos containing products" in order to support its motion for vacating the CTO.  In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp.415 (JPML 1991)  The Panel has previously rejected distinctions based on the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties as grounds for carving out exceptions to transfer to MDL-875's extraordinary docket.  See In re

---

[1]   On July 29, 1991, the MDL Judicial Panel entered an order transferring all asbestos personal injury cases pending in federal courts to the Eastern District of Pennsylvania for coordinated pretrial proceedings pursuant to 28 U.S.C. section 1407.  That order also applies to "tag-along actions," or actions involving common questions of fact filed after January 17, 1991.

Asbestos Products Liability Litigation (No. VI), 170 F. Supp.2d 1348 (JPML 2001).

### B.     Plaintiff Fails to Satisfy His Burden for Vacating the CTO

Plaintiff falls miserably short of satisfying his burden.  In his short memorandum filed in support of the Motion to Vacate, Plaintiff fails to state any specific grounds for vacating the CTO, nor does he proffer any supporting facts or evidence.  Instead, Plaintiff engages in purely cursory rhetoric that is of no avail and that has been previously rejected as grounds to vacate, as explained more fully below.

### C.     Contrary to Plaintiff's Unsupported Assertion, His Case is Not Unique

Plaintiff contends that the Panel should vacate the CTO because his case is unique.  Aside from the fact that the Panel has declined to vacate CTOs on uniqueness grounds, Plaintiff offers nothing—no facts or evidence—to support his claim that this case is "unique."  The reason he does not do so is simple:  this action is not unique.  Rather, this case is just like literally thousands of other asbestos cases that have been previously transferred to MDL-875 from virtually every federal district court in this country.  Numerous future cases similar to this one will likewise be transferred to MDL-875 in the future.  There is nothing special or unique about Plaintiff's claims—he has alleged broad and traditional products liability theories against numerous manufacturing defendants based on his purported exposure to asbestos in defendants' respective products, just like almost every other asbestos plaintiff has alleged such theories.  There is nothing unique about Plaintiff's alleged exposure—he claims that he was exposed during his working career, just like thousands of other claimants have alleged occupational exposure.  The fact that he alleges exposure to asbestos in military equipment does not distinguish his case from numerous other military exposure

cases that have been part of the MDL proceedings from the beginning.

### D.   The Fact That Plaintiff Filed a Motion to Remand Does Not Warrant Vacating the CTO

Nor does the fact that Plaintiff has requested the transferor court to remand the case back to state court constitute grounds to vacate the CTO. Plaintiff's filing of such a motion does not make this action unique so as to warrant vacating the CTO. To the contrary, asbestos plaintiffs frequently file remand motions after removal.

Plaintiff's argument that this Panel should vacate the CTO pending a ruling by the transferor court on his Motion to Remand is without merit, particularly since a district court may wait for a transfer order without ruling on a motion to remand. In re Asbestos Products Liability Litigation, 170 F. Supp.2d 1348, 1349 n.1 (JPML 2001) ("[T]hose courts wishing to address [motions to remand] have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL 875 can continue without any unnecessary interruption or delay.") (emphasis added). Indeed, a majority of courts have concluded that it is appropriate and desirable to have the remand motions heard in the MDL because it provides for consistent treatment of similar issues and will reduce the burden on the Court. Id. at 1362; see also Moore v. Wyeth-Ayerst Laboratories, 236 F. Supp.2d 509, 511 (D. Md. 2002) (stay of consideration of motion to remand warranted pending transfer to MDL); Knearem v. Bayer Corp, 2002 WL 1173551 at 1 (D. Kan. May 7, 2002) (staying action pending transfer to MDL because it would allow the transferee judge to deal with the common issues raised by remand motions); Jackson v. Johnson & Johnson, Inc., 2001 WL 34048067, at 2-3 (W.D. Tenn. Apr. 2, 2001) ("[t]he general rule is for federal court to defer ruling on pending motions to remand in MDL litigation until after the [MDL Judicial Panel]

has transferred the case to the MDL court.").

Furthermore, the MDL court is fully capable of deciding—and in fact should decide—Plaintiff's remand motion, particularly since Plaintiff is attempting to forum shop by purportedly disclaiming claims in an effort to evade proper federal court jurisdiction and the MDL proceedings.  Indeed, the MDL court has indicated an interest in hearing remand motions based on Administrative Order No. 11, which provides, in part:

> All motions pending in MDL 875 which are neither granted nor denied as of the date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the Transferee Court shall be deemed denied *without prejudice* with all time requirements held in abeyance from the initial date of filing.  Counsel may re-file any unresolved motions for further transferee court action.

Similarly, MDL Administrative Order No. 12 provides for extensive disclosure and discovery deadlines and procedures.  The MDL Court has indicated a significant interest in managing federal asbestos litigation and ruling on motions pending at the time of a case's transfer.   Indeed, the MDL Court recently conducted case management conferences on December 9, 2009, in all Brayton Purcell cases pending in the MDL, to ensure compliance with all administrative orders governing the processing of these claims to quick resolution.  (Ex. C:  MDL No. 875 November 3, 2009 Scheduling Order.)  Thus, there is no reason to defer a ruling on the CTO, particularly since the MDL is actively administering these action, including Plaintiff's counsel's other virtually identical cases against MDC already pending in MDL, and this case belongs in the MDL-875.

**E.**   **Transfer of the Case to MDL-875 Will Best Serve Judicial Economy and Efficiency, and Will Not Unduly Inconvenience the Parties**

This case involves numerous questions of fact common with cases already pending in the MDL-875 proceedings.  As this Panel well knows, there are numerous military contractors being sued by asbestos plaintiffs in the MDL proceedings.  Asbestosis, the particular disease that Plaintiff has allegedly contracted, is shared by many asbestos plaintiffs in the MDL proceedings; it is not a new disease.  Indeed, Plaintiff's case is no different from the other eleven actions already in MDL-875 brought by his counsel on behalf of other plaintiffs against MDC asserting asbestos-related diseases based on alleged exposure to MDC's military aircraft.  As a result, there are numerous common questions of fact pertaining to exposure, medical and causation matters, as well as various defenses raised by MDC and other defendants, including the "government contractor" defense under Boyle v. United Technologies, Inc., 487 U.S. 500, 101 L.Ed. 442, 108 S.Ct. 2510 (1988), and its progeny.

The parties, including Plaintiff, will not be severely prejudiced by transfer of the action to the MDL proceedings.  In fact, Plaintiff has not provided any sensible explanation whatsoever as to how he, let alone the other parties, will be unfairly inconvenienced by a transfer.  It is clear that the case can be fairly and efficiently litigated in the MDL proceedings.  Plaintiff's counsel no doubt is familiar with the MDL proceedings as counsel of record in more than *two hundred* other cases pending there.  In fact, Plaintiff's counsel attended the December 9, 2009 Status and Scheduling Conference in the MDL, where the MDL explained its ability to actively manage these cases and strong desire to move them along.  What's more, the MDL Court indicated that it may transfer Brayton Purcell's approximately two hundred cases to a single Magistrate to ensure that

they are actively managed.

## IV.   **CONCLUSION**

MDC respectfully submits that the Panel should deny Plaintiff's Motion to Vacate Conditional Transfer Order 328, and transfer this action to MDL-875.

Respectfully submitted,

McDONNELL DOUGLAS CORPORATION
By Counsel

_____
Robert E. Boone III
James C. Pettis
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401
(310) 576-2100 phone
(310) 576-2200 facsimile
reboone@bryancave.com
james.pettis@bryancave.com

*Counsel for*
*McDonnell Douglas Corporation*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 8 2009

FILED
CLERK'S OFFICE

## PROOF OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of California and the United States of America that, on December 17, 2009, a copy of the following was sent by U.S. first class mail, postage pre-paid, to the following:

**Document title: DEFENDANT McDONNELL DOUGLAS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 328**

David R. Donadio, Esq.
Justin S. Fish, Esq.
BRAYTON PURCELL, LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
Tel: 415-898-1555; Fax: 415-898-1247

Counsel for Plaintiff, Edwin Ball
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

Ronald A. McIntire
Bo W. Kim
PERKINS COLE LLP
1888 Century Park East Suite 1700
Los Angeles, CA 90067-1721
Tel: 310-788-9900; Fax: 310-843-1284

Counsel for Defendant, The Boeing Company
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

Michael T. McCall
WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP
601 Montgomery Street, Ninth Floor
San Francisco, CA 94111-2612
Tel: (415) 781-7072; Fax: (415) 391-6258

Counsel for Defendant, Thomas Dee Engineering Company
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

2009 DEC 18 A 9: 51
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

3

128695.1

David M. Glaspy
Brian S. O'Malley
LAW OFFICES OF GLASPY & GLASPY, INC.
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
Tel: (925) 947-1300; Fax: (925) 947-1594

Counsel for Defendant, Goodrich Corporation and Rohr, Inc.
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929


Michael J. Pietrykowski
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco, CA 94111
Tel: (415) 986-5900; Fax: (415) 986-8054

Counsel for Defendant, The Goodyear Tire & Rubber Company
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929


David T. Biderman
Brien F. McMahon
PERKINS COIE LLP
Four Embarcadero, Suite 2400
San Francisco, CA 94111
Tel: (415) 344-7000; Fax: (415) 344-7288

Counsel for Defendant, Honeywell International Inc., *f/k/a* Alliedsignal, Inc., Successor-In-Interest
to the Bendix Corporation
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929


Garth W. Aubert
Lan P. Nguyen
MENDES & MOUNT, LLP
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
Tel: (213) 955-7700; Fax: (213) 955-7725

Counsel for Defendant, Curtiss-Wright Corporation
N.D. California, C09-04929 EMC

4

JPML Case No.: 4:09-4929
Charles Sheldon
Marc Brainich
SEDGWICK, DETERT, MORAN
& ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel: (415) 781-7900; Fax: (415) 781-2635

Counsel for Defendant, General Electric Company
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929


Lance Wilson
Ferlin P. Ruiz
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105
Tel: 415-617-2400; Fax: 415-617-2409

Counsel for Defendant, United Technologies Corporation
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929


Jeffery J. Fadeff
Reshma A. Bajaj
BASSI, EDLIN, HUIE & BLUM LLP
351 California Street, Suite 200
San Francisco, CA 94104
Tel: (415) 397-9006; Fax: (415) 397-1339

Counsel for Defendant, J. T. Thorpe & Son, Inc.
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

Karina Lopez

128695.1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2009

FILED
CLERK'S OFFICE

## PROOF OF SERVICE

    I hereby certify under penalty of perjury under the laws of the State of California and the United States of America that, on December 18, 2009, a copy of the following was sent by U.S. first class mail, postage pre-paid, to the following:

**Document title: DEFENDANT McDONNELL DOUGLAS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 328**

### INVOLVED COUNSEL LIST (Excerpted form CTO-328)
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)

David R. Donadio, Esq.
Justin S. Fish, Esq.
BRAYTON PURCELL, LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
Tel: 415-898-1555; Fax: 415-898-1247

Counsel for Plaintiff, Edwin Ball
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

Ronald A. McIntire
Bo W. Kim
PERKINS COLE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Tel: 310-788-9900; Fax: 310-843-1284

Counsel for Defendant, The Boeing Company
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929



RECEIVED
CLERK'S OFFICE
2009 DEC 18  P 3: 23
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Michael T. McCall
WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP
601 Montgomery Street, Ninth Floor
San Francisco, CA 94111-2612
Tel: (415) 781-7072; Fax: (415) 391-6258

Counsel for Defendant, Thomas Dee Engineering Company
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

764761.1

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

## PROOF OF SERVICE

**INVOLVED COUNSEL LIST (Excerpted form CTO-328)**
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)

David M. Glaspy
Brian S. O'Malley
LAW OFFICES OF GLASPY & GLASPY, INC.
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
Tel: (925) 947-1300; Fax: (925) 947-1594

Counsel for Defendant, Goodrich Corporation and Rohr, Inc.
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

Michael J. Pietrykowski
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco, CA 94111
Tel: (415) 986-5900; Fax: (415) 986-8054

Counsel for Defendant, The Goodyear Tire & Rubber Company
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

David T. Biderman
Brien F. McMahon
PERKINS COIE LLP
Four Embarcadero, Suite 2400
San Francisco, CA 94111
Tel: (415) 344-7000; Fax: (415) 344-7288

Counsel for Defendant, Honeywell International Inc., *f/k/a* Alliedsignal, Inc., Successor-In-Interest
to the Bendix Corporation
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

12

764761.1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

## PROOF OF SERVICE

**INVOLVED COUNSEL LIST (Excerpted form CTO-328)**
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)

Garth W. Aubert
Lan P. Nguyen
MENDES & MOUNT, LLP
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
Tel: (213) 955-7700; Fax: (213) 955-7725

Counsel for Defendant, Curtiss-Wright Corporation
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929
Charles Sheldon
Marc Brainich
SEDGWICK, DETERT, MORAN
& ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel: (415) 781-7900; Fax: (415) 781-2635

Counsel for Defendant, General Electric Company
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

Lance Wilson
Ferlin P. Ruiz
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105
Tel: 415-617-2400; Fax: 415-617-2409

Counsel for Defendant, United Technologies Corporation
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

13

764761.1

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**

## PROOF OF SERVICE

**INVOLVED COUNSEL LIST (Excerpted form CTO-328)**
Oliver Brown v. Metaclad Insulation Corp.,  et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)

Jeffery J. Fadeff
Reshma A. Bajaj
BASSI, EDLIN, HUIE & BLUM LLP
351 California Street, Suite 200
San Francisco, CA 94104
Tel: (415) 397-9006; Fax: (415) 397-1339

Counsel for Defendant, J. T. Thorpe & Son, Inc.
N.D. California, C09-04929 EMC
JPML Case No.: 4:09-4929

David R. Donadio
BRAYTON PURCELL LLP
222 Rush Landing Road
Novato, CA 94948-6169
Tel: (415) 898-1555; Fax (415) 898-1247

Counsel for Plaintiff, Oliver Brown
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Richard Martin Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
Novato, CA 94948-6169
Tel: (415) 898-1555; Fax (415) 898-1247

Counsel for Plaintiff, Oliver Brown
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

764761.1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

## PROOF OF SERVICE

### INVOLVED COUNSEL LIST (Excerpted form CTO-328)
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)


Lisa Lurline Oberg
McKENNA LONG & ALDRIDGE LLP
101 California Street, 41st Floor
San Francisco, CA 94111
Tel.: (415) 267-4000; Fax: (415) 267-4198

Counsel for Defendant, Metaclad Insulation Corporation
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856


Felicia Yi-Wen Feng
McKENNA LONG & ALDRIDGE LLP
101 California Street, 41st Floor
San Francisco, CA 94111
Tel.: (415) 267-4000; Fax: (415) 267-4198

Counsel for Defendant, Metaclad Insulation Corporation
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856


Peter G. Angelos
LAW OFFICES OF PETER G. ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

764761.1

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**

## PROOF OF SERVICE

### INVOLVED COUNSEL LIST (Excerpted form CTO-328)
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)

Garth W. Aubert
MENDES & MOUNT LLP
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

764761.1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

## PROOF OF SERVICE

**INVOLVED COUNSEL LIST (Excerpted form CTO-328)**
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

17

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

## PROOF OF SERVICE

### INVOLVED COUNSEL LIST (Excerpted form CTO-328)
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)


David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856


Roger B. Lane
ROGER B. LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856


William F. Mahoney
SEGAL McCAMBRIDGE SINGER & MAHONEY LTD.
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856


Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856


18

764761.1

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

## PROOF OF SERVICE

**INVOLVED COUNSEL LIST (Excerpted form CTO-328)**
Oliver Brown v. Metaclad Insulation Corp.,  et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)


John P. McShea
MCHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856


Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856


Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

764761.1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

### PROOF OF SERVICE

### INVOLVED COUNSEL LIST (Excerpted form CTO-328)
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)

James C. Pettis
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Glen R. Powell
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd., P.O. Box 1792
Mount Pleasant, SC 29464

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

20

764761.1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

## PROOF OF SERVICE

### INVOLVED COUNSEL LIST (Excerpted form CTO-328)
Oliver Brown v. Metaclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No.: 4:09-4929
(Judge Phyllis J. Hamilton)


Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Counsel of Record
N.D. California, C09-04681 SBA
San Francisco Superior Court Case No.: CGC-08-274856

Karina Lopez

764761.1