**MDL 875**

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 22 2009

FILED
CLERK'S OFFICE

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**

Elizabeth J. Coons, etc. v. A.O. Water Smith Products,   )
    et al., S.D. New York, C.A. No. 1:09-7496   )   **MDL No. 875**

<u>**MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER**</u>

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

**PRELIMINARY STATEMENT**

This is a motion by Elizabeth J. Coons, Individually and as Executrix of the Estate of

Vincent W. Coons ("Coons Estate"), by her attorneys, Belluck & Fox, LLP, for an Order to

Vacate the Conditional Transfer Order, thereby returning the case to the docket of the Hon.

Lawrence E. McKenna of the United States District Court for the Southern District of New York

("SDNY"); and for such further relief as the Bankruptcy Court deems just and proper.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Coons Estate respectfully incorporates and refers the United States Judicial Panel

on Multidistrict Litigation ("MDL") to the procedural background of this case set forth in the

accompanying Memorandum of Law and the Affidavit of Brian T. FitzPatrick ("FitzPatrick

Aff."). As there discussed, this case was mistakenly transferred - apparently due to an error by

the SDNY Clerk's Office. Therefore, the Coons Estate respectfully requests that this Panel return

1

**OFFICIAL FILE COPY**

**IMAGED** DEC 2 2 2009

PLEADING NO. 6034

the case to the SDNY where the remand motion can be briefed by the parties and heard by Judge McKenna, as he had directed.

## JURISDICTION

This Court has jurisdiction to consider this motion pursuant to 28 USC § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

## RELIEF REQUESTED

As fully set forth in the accompanying Memorandum of Law and the FitzPatrick Aff., the Coons Estate respectfully submits that this case was mistakenly transferred. The Coons Estate thus seeks an order returning the case to the SDNY.

To deny this motion would be to deny the Coons Estate its opportunity to file a remand motion, which Judge McKenna has already allowed. Accordingly, the Motion to Vacate the Conditional Transfer Order should be granted. Upon return to the SDNY, the remand motion will be briefed by the parties and ruled upon by Judge McKenna.

## NOTICE AND PRIOR APPLICATION

This Application is made on notice to all necessary parties on the attached Panel Service List. The relief requested has not been previously sought

**WHEREFORE**, Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W. Coons respectfully requests that the Panel issue an Order Vacating the Conditional Transfer Order and returning the case to the SDNY and the docket of Judge McKenna.

Dated: New York, New York
          December 18, 2009

                                                  By: _____
                                                         Brian T. FitzPatrick
                                                         BELLUCK & FOX, LLP
                                                         546 5th Avenue, 4th Fl.
                                                         New York, New York 10036
                                                         T:  212.681.1575
                                                         F:  212.681.1574

                                                         Attorney for Elizabeth J. Coons,
                                                         Individually and as Executrix of
                                                         the Estate of Vincent W. Coons

TO:     Hon. Lawrence E. McKenna
          United States District Court for the Southern District of New York

          Lawrence D. Bloomstein
          Counsel to Defendant Detroit Diesel Corporation

          All Counsel on the Panel Service List

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 2 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

Elizabeth J. Coons, etc. v. A.O. Water Smith Products,   )
    et al., S.D. New York, C.A. No. 1:09-7496     )      MDL No. 875
                                  )

## MEMORANDUM OF LAW IN SUPPORT OF THE COONS ESTATE'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Plaintiff Ellizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W.

Coons ("Coons Estate"), submits this Memorandum of Law in support of the Motion to Vacate

the Conditional Transfer Order, which seeks to return the case to the docket of the Hon.

Lawrence M. McKenna of the United States District Court for the Southern District of New York

("SDNY").

Briefly put, defendant Detroit Diesel Corporation had removed this asbestos wrongful

death case as to it only from New York Supreme Court to the SDNY. The removed case was

assigned to Judge McKenna, who permitted the Coons Estate to file a remand motion. The

Coons Estate was discussing the briefing schedule with DDC. Before that schedule was finalized,

however, the SDNY Clerk's Office evidently mistakenly transferred it to the United States

Judicial Panel on Multidistrict Litigation ("MDL"). Therefore, the Coons Estate respectfully

submits that the case should be returned to Judge McKenna's docket so that the parties may brief

and Judge McKenna may decide the remand issue.

### Background of the Case and Basis for Return to the SDNY

The procedural background largely encapsulates the basis for the Coons Estate's instant

1

request. On April 22, 2009, the Coons Estate filed an asbestos wrongful death suit in New York

Supreme Court. *See also Elizabeth J Coons, Individually and as Executrix of the Estate of*

*Vincent W Coons, Deceased v. A. O. Smith Water Products, et al.,* Index No. *190138/2009* (the

"state court action"). *See* Aff. of Brian T. FitzPatrick at ¶ 4 ("FitzPatrick Aff."). On August 27,

2009, state court defendant DDC filed a Notice of Removal as to claims against it. *Id.* at ¶ 5.

DDC's alleged bases for removal were 28 U.S.C. § 1452, and the Federal Rules of Bankruptcy

Procedure, Rule 9027. More specifically, DDC has asserted that the claims made by the Coons

Estate in the state court action "'are related to the General Motors Bankruptcy Case.'" *Id.*

(quoting Aug. 27, 2009, Notice of Removal of Clams Against Detroit Diesel Corporation Only)

("DDC Notice of Removal").[1]  The General Motors Bankruptcy is pending in the SDNY

Bankruptcy Court. *See In re Motors Liquidation Company, et al., flk/a General Motors Corp., et*

*al.,* Case Number 09-50026 (Gerber, B.J.).

    On September 17, 2009, Belluck & Fox received notice that a conference with Judge

McKenna regarding the removal was to be held on October 1, 2009.  FitzPatrick Aff. at ¶ 6.

Shortly before the conference, Judge McKenna adjourned it *sine die.  Id.*

    Later in October, 2009, Kenneth Zaepfel, Judge McKenna's courtroom deputy

clerk, called Brian T. FitzPatrick, counsel to the Coons Estate, inquiring as to the intentions of

the Coons Estate relative to DDC's removal. FitzPatrick Aff. at ¶ 6.  Mr. FitzPatrick  asked for

time to further review the matter and discuss it with DDC's counsel, Lawrence D. Bloomstein. *Id.*

Mr. FitzPatrick  wanted to determine whether the Coons Estate had a meritorious basis for

---

[1]  As correctly styled in its Notice of Removal papers, DDC seeks removal only as to the
case against it - not as to any other state court defendant. FitzPatrick Aff., Ex. B.

opposing the removal. *Id.*

Thereafter, Mr. FitzPatrick requested from Mr. Bloomstein certain documents relevant to the removal. FitzPatrick Aff. at ¶ 7. Mr. Bloomstein provided those documents or advised where they could be accessed. *Id.*

On November 20, 2009, after having further researched the removal basis and determining that DDC's position appeared flawed, Mr. FitzPatrick contacted Mr. Zaepfel. Mr. FitzPatrick requested that the Coons Estate be permitted to make a remand motion. FitzPatrick Aff. at ¶ 8. After discussing it with Judge McKenna, Mr. Zaepfel informed Mr. FitzPatrick that Judge McKenna would permit the motion. *Id.* Mr. Zaepfel stated that Judge McKenna wanted the briefing completed in December 2009. *Id.* Mr. Zaepfel asked that Mr. FitzPatrick consult with DDC's counsel to work out the briefing schedule. *Id.* Mr. Zaepfel also asked that Mr. FitzPatrick inquire of Mr. Bloomstein whether DDC objected to the Coons Estate making a motion. *Id.* Mr. Zaepfel further requested that Mr. FitzPatrick provide a letter to Judge McKenna with the agreed to briefing schedule and DDC's position as to allowing the remand motion. *See generally id.*

That same day, Mr. FitzPatrick spoke with Mr. Bloomstein, who said that DDC objected to Judge McKenna allowing the motion. FitzPatrick Aff. at ¶ 9. However, Mr. Bloomstein advised that he would get back to Mr. FitzPatrick as to the proposed date when DDC would be submitting its papers. *Id.*

Notwithstanding, on November 24, 2009, the MDL informed the parties that the Coons case had been transferred to the MDL  FitzPatrick Aff. at ¶ 10. The SDNY Clerk's Office apparently mistakenly had transferred the case to the MDL - despite Judge McKenna's direction that the remand motion be briefed. *Id.*

3

On December 1, 2009, the Coons Estate submitted a letter to Judge McKenna, advising

him of the foregoing and the action that the Coons Estate would take to return the case to Judge

McKenna's docket. FitzPatrick Aff., Ex. D.

On December 7, 2009, the Coons Estate filed a Notice of Objection with the MDL

FitzPatrick Aff. at ¶ 11. The Coons Estate now submits its Motion to Vacate the Conditional

Transfer Order, thereby seeking to effect the return of the case to Judge McKenna. Assuming that

it is successful, the Coons Estate will promptly contact DDC's counsel to finalize a briefing

schedule. The remand motion and any opposition will then be presented to Judge McKenna for

decision.

## Conclusion

This case was swept into the MDL before Judge McKenna had an opportunity to hear the

remand motion, which he directed could be made. The Coons Estate respectfully requests that the

MDL correct what apparently was a clerical mistake and allow Judge McKenna to decide the

remand motion.

Dated: New York, New York
       December 18, 2009

By: _____

Brian T. FitzPatrick
BELLUCK & FOX, LLP
546 5th Avenue, 4th Fl.
New York, New York 10036
T: 212.681.1575
F: 212.681.1574
bfitzpatrick@belluckfox.com

Attorney for Elizabeth J. Coons,
Individually and as Executrix of
the Estate of Vincent W. Coons

4

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 2 2009

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

Elizabeth J. Coons, etc. v. A.O. Water Smith Products,      )
    et al., S.D. New York, C.A. No. 1:09-7496      )      MDL No. 875

## NOTICE OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

**PLEASE TAKE NOTICE**, that upon the accompanying Motion, dated December 18,

2009, Memorandum of Law and Affidavit of Brian T. FitzPatrick,  the undersigned on behalf of

Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W. Coons ("Coons

Estate") will move this Court on January 16, 2009, or as soon thereafter as counsel may be heard,

to consider this Motion to Vacate the Conditional Transfer Order made pursuant to 28 U.S.C. §

1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation for

an Order; for such further relief as the Bankruptcy Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall be due on

January 11, 2010, be in writing and shall conform to and be served in accordance with the Rules

of Procedure of the Judicial Panel on Multidistrict Litigation and to the Notice of Filed

Opposition and Publication of Briefing Schedule, dated December 7, 2009.

Dated: New York, New York
      December 18, 2009

By: _____

      Brian T. FitzPatrick
      BELLUCK & FOX, LLP
      546 5th Avenue, 4th Fl.
      New York, New York 10036
      T:  212.681.1575
      F:  212.681.1574

      Attorney for Elizabeth J. Coons,
      Individually and as Executrix of
      the Estate of Vincent W. Coons

TO:    Hon. Lawrence E. McKenna
       United States District Court for the Southern District of New York

       Lawrence D. Bloomstein
       Counsel to Defendant Detroit Diesel Corporation

       All Counsel on the Panel Service List

**Rule 7.2 SCHEDULE**

Plaintiff
Elizabeth J. Coons
individually and as Executrix of the Estate of Vincent W. Coons

V.

Defendants

A.O. Water Smith Products
Detroit Diesel Corporation
A.W. Chesterton
Alfa Laval, Inc.
Allegheny Teledyne Incorporated Individually and as Successor to Allegheny Technologies
Incorporated and Farris Valves and/or Sprague Pumps
Alma Products Co.
American Standard, Inc.
Armstrong International, Inc.
Atwood & Morril Co., Inc. doing business as Weir Valves & Controls USA Inc.
Aurora Pump
Bird Incorporated
formerly known as
Bird & Son, Inc.
Bondex International, Inc.
Borg Warner Corporation by its successor-in-interest, Borg Warner Morse TEC Inc.
Buffalo Pumps, Inc.
Burnham Corporation
BW/IP International Co. formerly known as Borg Warner Industrial Products Inc. a former
subsidiary of and successor to Borg Warner Corp. and Byron Jackson Pumps
Carrier Corporation
Catterpiller Inc.
CBS Corporation formerly known as Viacom Inc. as successor in interest to Westinghouse
Electric Corp.
Certain-Teed Corporation
Cleaver-Brooks Company formerly known as Aqua-Chem Inc.
Crane Co. Individually and as successor to Cochrane
Crosby Valve and Gage Company
Cummins Engine Company, Inc.
Cummins, Inc.
Curtiss-Wright Flow Control Corporation
Individually and as Successor to Farris Valves and/or Sprague Pumps
DaimlerChrysler Corporation
Dana Corporation Individually and as Successor to the Vickers Pump Company and

Cutler-Hammer, Inc.

Electrolux·Home Products, Inc. Individually and as successor to Tappan and Copes-Vulcan

Elliot Turbomachinery Co. Inc.

ENPRO Industries Inc individually and as successor to Fairbanks Morse Engine

Fairbanks Morse Pump Company

Fairbanks Morse Engine

Flowserve US, Inc. Solely as Successor to Rockwell Manufacturing Company, Edward Valves, Inc., Nordstrom Valves, Inc., Edward Vogt Valve Company

FMC Corporation Individually and as Successor to Northern Pump Company, Coffin and Peerless Pump Company

Ford Motor Company

Foster Wheeler, LLC

Freightliner individually and as successor to Western Star Trucks

Gardner Denver, Inc.

Garlock, Inc.

General Electric Company

General Motors Corporation

Genuine Parts Company

Georgia-Pacific Corporation Individually and as Successor to Bestwall Gypsum Company

Goodyear Canada, Inc.

Goodyear Tire & Rubber Company (THE)

Goulds Pump, Inc.

Grinnell Corporation

Henry Vogt Company

Henry Vogt Machine Co.

Honeywell International, Inc. formerly known as Alliedsignal, Inc. and as Successor-interest to The Bendix Corp.

Howden Buffalo Inc. Individually and as successor-in-interest to FB Sturtevant, The Howden Buffalo Group and Buffalo Fan

I.T.T. Industries, Inc. Individually and as Successor to Bell & Gossett and Grinnell Corporation

IMO Industries, Inc. formerly known as Delaval, Inc.

International Truck and Engine Corporation

John Crane, Inc.

Kentile Floors, Inc. also known as Kentile Operating Company

Leslie Controls, Inc.

Mack Trucks, Inc.

Maremount Corporation Individually and as Successor to Grizzly

Marley Company (THE) Individually and a division of Weil-Mclain Company, Inc. and Successor-in-interest to the Wylain Co.

Metropolitan Life Insurance Company

Nash Engineering Company (THE)

Navistar International Corporation

Owens-Illinois, Inc.

Paccar Inc. Individually and through its division, peterbilt Motors Co. and Kenworth Truck Company

Patterson Pump Company
Peerless Industries, Inc.
Delaware, Inc.
Rapid-American Corporation as Successor-by-merger to Glen Alden Corporation, Briggs
Manufacturing Co. Philip Carey Corporation and Philip Carey Manufacturing Company
Rheem Manufacturing Corp.
Riley Power, Inc. formerly known as Riley-Stoker Corporation doing business as DB Riley, Inc.
formerly known as Babcock Borsig Power, Inc.
RPM, Inc. Individually and as Successor to Republic Powdered Metals and as Successor to
Bondex International, Inc.
Spears, Roebuck and Company
Spence Engineering Company, Inc.
Stewart Warner Corporation
Trane U.S. Inc. Formerly known as American Standard, Inc.
Tyco International(US), Inc. Individually and as Successor to Hancock Valves, Lonergan Valves
and Yarway Corporation and Grinnell Corporation
Vogt-Nem, Inc. Individually and as successor to Henry Vogt Machine Co.
Warren Pumps, Inc. Individually and as Successor to The Quimby Pump Company
Yarway Corporation
York International Corporation Individually and as Successor to Frick Company
Zurn Industries, Inc. also known as and Successor-in-interest to Erie City Iron Works


V.


Cross Defendants

American Standard, Inc.
Armstrong International, Inc.
Atwood & Morril Co., Inc.
Aurora Pump
Bird Incorporated
Bondex International, Inc.
Borg Warner Corporation by its successor-in-interest, Borg Warner Morse TEC Inc.
Buffalo Pumps, Inc.
Burnham Corporation
BW/IP International Co. formerly known as Borg Warner Industrial Products Inc. a former
subsidiary of and successor to Borg Warner Corp. and Byron Jackson Pumps
Carrier Corporation
Catterpiller Inc.
CBS Corporation
Certain-Teed Corporation
Cleaver-Brooks Company
Crane Co. Individually and as successor to Cochrane

Crosby Valve and Gage Company
Cummins Engine Company, Inc.
Cummins, Inc.
Curtiss-Wright Flow Control Corporation Individually and as Successor to Farris Valves and/or Sprague Pumps
DaimlerChrysler Corporation
Dana Corporation Individually and as Successor to the Vickers Pump Company and Cutler-Hammer, Inc.
Electrolux Home Products, Inc. Individually and as successor to Tappan and Copes-Vulcan
Elliot Turbomachinery Co. Inc.
ENPRO Industries Inc individually and as successor to Fairbanks Morse Engine
Fairbanks Morse Pump Company
A.O. Water Smith Products
Fairbanks Morse Engine
Flowserve US, Inc. Solely as Successor to Rockwell Manufacturing Company, Edward Valves, Inc., Nordstrom Valves, Inc., Edward Vogt Valve Company
FMC Corporation Individually and as Successor to Northern Pump Company, Coffin and Peerless Pump Company
Ford Motor Company
Foster Wheeler, LLC
Freightliner individually and as successor to Western Star Trucks
Gardner Denver, Inc.
Garlock, Inc.
General Electric Company
General Motors Corporation
Detroit Diesel Corporation
Genuine Parts Company
Georgia-Pacific Corporation Individually and as Successor to Bestwall Gypsum Company
Goodyear Canada, Inc.
Goodyear Tire & Rubber Company (THE)
Goulds Pump, Inc.
Grinnell Corporation
Henry Vogt Company
Henry Vogt Machine Co.
Honeywell International, Inc.
Howden Buffalo Inc. Individually and as successor-in-interest to FB Sturtevant, The Howden Buffalo Group and Buffalo Fan
I.T.T. Industries, Inc. Individually and as Successor to Bell & Gossett and Grinnell Corporation
IMO Industries, Inc.
International Truck and Engine Corporation
John Crane, Inc.
Kentile Floors, Inc.
Leslie Controls, Inc.
Mack Trucks, Inc.
A.W. Chesterton

Maremount Corporation Individually and as Successor to Grizzly
Marley Company (THE) Individually and a division of Weil-Mclain Company, Inc. and
Successor-in-interest to the Wylain Co.
Metropolitan Life Insurance Company
Nash Engineering Company (THE)
Navistar International Corporation
Owens-Illinois, Inc.
Paccar Inc. Individually and through its division, peterbilt Motors Co. and Kenworth Truck
Company
Patterson Pump Company
Peerless Industries, Inc.
Delaware, Inc.
Rapid-American Corporation as Successor-by-merger to Glen Alden Corporation, Briggs
Manufacturing Co. Philip Carey Corporation and Philip Carey Manufacturing Company
Alfa Laval, Inc.
Rheem Manufactoring Corp.
Riley Power, Inc.
RPM, Inc. Individually and as Successor to Republic Powdered Metals and as Successor to
Bondex International, Inc.
Spears, Roebuck and Company
Spence Engineering Company, Inc.
Stewart Warner Corporation
Trane U.S. Inc.
Allegheny Teledyne Incorporated Individually and as Successor to Allegheny Technologies
Incorporated and Farris Valves and/or Sprague Pumps
Tyco International(US), Inc. Individually and as Successor to Hancock Valves, Lonergan Valves
and Yarway Corporation and Grinnell Corporation
Vogt-Nem, Inc. Individually and as successor to Henry Vogt Machine Co.
Warren Pumps, Inc. Individually and as Successor to The Quimby Pump Company
Yarway Corporation
York International Corporation Individually and as Successor to Frick Company
Zurn Industries, Inc.
Alma Products Co.

V.

Cross Claimant
Detroit Diesel Corporation

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 22 2009

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

Elizabeth J. Coons, etc. v. A.O. Water Smith Products,       )
       et al., S.D. New York, C.A. No. 1:09-7496             )          MDL No. 875


### AFFIDAVIT

1.       I, Brian T. FitzPatrick, am Of Counsel to the law firm of Belluck & Fox, LLP,

attorneys for Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W.

Coons ("Coons Estate"). I am fully familiar with the facts of this asbestos wrongful death case.  I

submit this affidavit in support of the Coons Estate's Motion to Vacate the Conditional Transfer

Order, which seeks to return this case to the United States District Court for the Southern District

of New York ("SDNY"), from which it was wrongly transferred.

2.       As detailed more fully below, SDNY Judge Lawrence M. McKenna granted the

Coons Estate's request to submit a remand motion. Immediately thereafter and as Judge

McKenna had directed, the Coons Estate and defendant Detroit Diesel Corporation ("DDC"),

which had removed the case against it from New York Supreme Court, discussed a briefing

schedule.  However, while the parties were discussing the briefing schedule, the SDNY Clerk's

Office evidently transferred the case to the United States Judicial Panel on Multidistrict

Litigation ("MDL").

3.       Since Judge McKenna had allowed the Coons Estate to make the remand motion,

this case should not have been transferred. Accordingly, pursuant to MDL procedures, the Coons

1

Estate submitted the Notice of Opposition. We now respectfully request that the MDL return the case to Judge McKenna's docket for briefing and resolution of the remand motion.

4.     To recount more fully the background of this case, on April 22, 2009, the Coons Estate filed an asbestos wrongful death suit in New York Supreme Court. *See Elizabeth J Coons, Individually and as Executrix of the Estate of Vincent W Coons, Deceased v. A. O. Smith Water Products, et al.,* Index No. *190138/2009* (the "state court action"). Ex. A.

5.     On August 27, 2009, DDC filed a Notice of Removal as to claims against it. Ex. B (exhibits thereto omitted).[1] DDC's alleged bases for removal were 28 U.S.C. § 1452, and the Federal Rules of Bankruptcy Procedure, Rule 9027. More specifically, DDC contended that the claims made by the Coons Estate in the state court action "are related to the GM Bankruptcy Case and a resolution of the DDC Claims could conceivably have an effect on the estate of GM currently administered in the GM Bankuptcy Case." *Id.* at ¶ 9.[2]

6.     On September 17, 2009, Belluck & Fox received notice that a conference with Judge McKenna regarding DDC's removal would be held on October 1, 2009. Ex. C. Shortly before the conference, Judge McKenna adjourned it *sine die.* Later in October, 2009, Kenneth Zaepfel, Judge McKenna's courtroom deputy clerk, called me inquiring as to the intentions of the Coons Estate relative to DDC's removal. I asked for time to further review the matter and discuss it with DDC's counsel, Lawrence D. Bloomstein. I wanted to determine whether the Coons Estate had a meritorious basis for opposing the removal.

_____

[1] As correctly styled by DDC, the removal applies only as to the claims against DDC.

[2] The GM Bankruptcy is pending in the SDNY Bankruptcy Court. *See In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.,* Case Number 09-50026 (Gerber, B.J.)

7.      Thereafter, I requested from Mr. Bloomstein certain documents. Mr. Bloomstein provided those documents or directed me to where they could be located.

8.      On November 20, 2009, after having further researched the removal basis and determining that DDC's position appeared flawed, I contacted Mr. Zaepfel. I requested that Judge McKenna allow the Coons Estate to make the remand motion. After discussing it with Judge McKenna, Mr. Zaepfel informed me that Judge McKenna would permit the motion. Mr. Zaepfel stated that Judge McKenna wanted the briefing completed in December 2009. Mr. Zaepfel asked that I consult with DDC's counsel to work out the briefing schedule and find out whether DDC objected to the Coons Estate making a motion. *See generally* Ex. D.

9.      That same day, I spoke with Mr. Bloomstein, who informed me that DDC objected to Judge McKenna allowing the motion but that he would get back to me as to the proposed date when DDC would be submitting its papers. *See generally id.*

10.     Notwithstanding Judge McKenna's permission and the parties' ongoing discussions, on November 24, 2009, the MDL informed the parties that the Coons case had been transferred to the MDL. Ex. E. To all appearances, the SDNY Clerk's Office mistakenly transferred the case - evidently unaware that Judge McKenna had directed that the remand motion be briefed for decision.

11.     Pursuant to MDL procedures, on December 7, 2009, the Coons Estate filed a Notice of Opposition to the transfer. Ex. F.

12,     The MDL set a briefing schedule for our Motion to Vacate the Conditional Transfer Order and to return the case to Judge McKenna.

13.     Assuming success in having this case returned, Coons Estate will promptly

3

contact Judge McKenna with an agreed to briefing schedule so that he can address the remand

motion on the merits.

Brian T. FitzPatrick

Sworn to before me this

\_\_\_\_ day of December 17, 2009

Notary Public

SHARI P. FRANKLIN
Notary Public, State of New York
NO. 01FR5060237
Qualified in New York County
Commission Expires 1/12/20__

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 2 2009

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

Elizabeth J. Coons, etc. v. A.O. Water Smith Products,    )
   et al., S.D. New York, C.A. No. 1:09-7496    )     MDL No. 875
                                             )

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                         ss:
COUNTY OF NEW YORK )

       Michael Magner, being duly sworn, deposes and says:

       That I am not a party to the action; am over the age of 18 years, and reside within Kings

County.  On the 18th day of December 18, 2009, I served four copies and a pdf disk of the withn

Motion to Vacate the Conditional Transfer Order and related documents on the Judicial Panel on

Multidistrict Litigation by Federal Express for delivery on Monday, December 21, 2009. Further,

I served copies of same on counsel in the attached Panel Service List by  depositing a true copy

of same enclosed in a U.S.  Post-Office depository.

**MICHAEL MAGNER**

Sworn to before me on the
18th day of December, 2009

Notary Public

SHARI P. FRANKLIN
Notary Public, State of New York
NO. 01FR5060237
Qualified in New York County
Commission Expires 1/12/20/ /

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2009 DEC 22  A II: 45

RECEIVED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-329)

Peter G. Angelos
LAW OFFICES OF PETER G
  ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Anna M. DiLonardo
WEINER & LESNIAK LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

Brian T. Fitzpatrick
BELLUCK & FOX LLP
546 5th Avenue
4th Floor
New York, NY 10036-5000

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
  FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
  MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

**MDL No. 875 - Panel Service List (Excerpted from CTO-329) (Continued)**

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Nancy Loraine Pennie
AARONSON RAPPAPORT FEINSTEIN & DEUTSCH LLP
757 Third Avenue
New York, NY 10017

Donald Richard Pugliese, Sr.
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10017

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 2 2009

FILED
CLERK'S OFFICE

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
ELIZABETH J. COONS, Individually and as Executrix of
the Estate of VINCENT W. COONS, Deceased.

                                                  Plaintiff,

- against -

A.O. SMITH WATER PRODUCTS, et al.,

                                                  Defendants.

See Attached Rider-FULL CAPTION
-----------------------------------------------------------------x

Index No. : 119 0138 / 2009
Date Filed: 4/22/09

Plaintiff designates
**NEW YORK**
County as the place of trial

The basis of the venue is
**DEFENDANTS' PLACE
OF BUSINESS**

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANTS:**

       **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve

a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of

Appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons, exclusive

of the day of service (or within 30 days after the service is complete if this Summons is not

personally delivered to you within the State of New York). In the case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
          April 22, 2009

NEW YORK
COUNTY CLERK'S OFFICE

APR 2 2 2009

NOT COMPARED
WITH COPY FILED

**Defendants' addresses:**

**SEE ATTACHED DEFENDANT SERVICE LIST**

Yours, etc.

**BELLUCK & FOX LLP**
Attorneys for Plaintiff
295 Madison Avenue, 37th floor
New York, NY 10017
(212) 681-1575

By: _____
          Joseph W. Belluck, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
ELIZABETH J. COONS, Individually and as Executrix of    Index No.: 190138/2009
the Estate of VINCENT W. COONS, Deceased.

**FULL CAPTION RIDER**

                                    Plaintiffs,

- against -

A.O. SMITH WATER PRODUCTS;
A.W. CHESTERTON;
ALFA LAVAL, INC.;
ALLEGHENY TELEDYNE INCORPORATED,
        Individually and as Successor to Allegheny
        Technologies Incorporated and Farris Valves
        and/or Sprague Pumps;
ALMA PRODUCTS CO.;
AMERICAN STANDARD, INC.;
ARMSTRONG INTERNATIONAL, INC.;
ATWOOD & MORRILL CO., INC. d/b/a Weir Valves &
        Controls USA Inc.;
AURORA PUMP;
BIRD INCORPORATED f/k/a Bird & Son, Inc.;
BONDEX INTERNATIONAL, INC.;
BORG WARNER CORPORATION, by its
        Successor-In-Interest, Borg Warner Morse TEC
        Inc.;
BUFFALO PUMPS, INC.;
BURNHAM CORPORATION;
BW/IP INTERNATIONAL CO., formerly known as Borg
        Warner Industrial Products Inc., a former
        subsidiary of and successor to Borg Warner Corp.
        and Byron Jackson Pumps;
CARRIER CORPORATION;
CATERPILLAR INC.;
CBS CORPORATION, f/k/a Viacom Inc as Sucessor in
        Interest to Westinghouse Electric Corp.;
CERTAIN-TEED CORPORATION;
CLEAVER-BROOKS COMPANY f/k/a Aqua-Chem,
        Inc.;
CRANE CO., Individually and as Successor to Cochrane;
CROSBY VALVE AND GAGE COMPANY;

-2-

CUMMINS ENGINE COMPANY, INC.;
CUMMINS, INC.;
CURTISS-WRIGHT FLOW CONTROL
    CORPORATION, Individually and as Successor
    to Farris Valves and/or Sprague Pumps;
DAIMLERCHRYSLER CORPORATION;
DANA CORPORATION, Individually and as Successor
    to Warner Electric Brake & Clutch Company and
    Cutler-Hammer Inc.;
DEAN PUMP DIVISION;
DETROIT DIESEL CORPORATION;
EATON CORPORATION, Individually and now known
    as Eaton Electrical, Inc. and As Successor to The
    Vickers Pump Company and Cutler-Hammer, Inc.;
ELECTROLUX HOME PRODUCTS, INC., Individually
    and as Successor to Tappan and Copes-Vulcan;
ELLIOTT TURBOMACHINERY CO., INC.;
ENPRO INDUSTRIES, INC., Individually and as
    Successor to Fairbanks Morse Engine;
FAIRBANKS MORSE PUMP COMPANY;
FAIRBANKS MORSE ENGINE;
FLOWSERVE US, INC., solely as Successor to Rockwell
    Manufacturing Company, Edward Valves, Inc.,
    Nordstrom Valves, Inc. and Edward Vogt Valve
    Company;
FMC CORPORATION, Individually and as Successor to
    Northern Pump Company, Coffin and Peerless
    Pump Company;
FORD MOTOR COMPANY;
FOSTER WHEELER, LLC;
FREIGHTLINER, Individually and as Successor to
    Western Star Trucks;
GARDNER DENVER, INC.;
GARLOCK, INC.;
GENERAL ELECTRIC COMPANY;
GENERAL MOTORS CORPORATION;
GENUINE PARTS COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually and
    as successor to Bestwall Gypsum Company;
GOODYEAR CANADA, INC.;
GOODYEAR TIRE & RUBBER COMPANY (THE);
GOULDS PUMPS INC.;
GRINNELL CORPORATION;

HENRY VOGT COMPANY;

HENRY VOGT MACHINE CO.;

HONEYWELL INTERNATIONAL, INC. f/k/a
Alliedsignal, Inc., and as Successor-in-Interest to
The Bendix Corp.;

HOWDEN BUFFALO, INC., Individually and as
Successor-In-Interest to FB Sturtevant, The
Howden Buffalo Group and Buffalo Fan;

I.T.T. INDUSTRIES, INC., Individually and as successor
to Bell & Gossett and Grinnell Corporation;

IMO INDUSTRIES, INC. f/k/a Delaval, Inc.;

INTERNATIONAL TRUCK AND ENGINE
CORPORATION;

JOHN CRANE, INC.;

KENTILE FLOORS, INC. a/k/a Kentile Operating
Company;

LESLIE CONTROLS, INC.;

MACK TRUCKS, INC.;

MAREMONT CORPORATION, Individually and as
Successor to Grizzly;

MARLEY COMPANY (THE), Individually and a
division of Weil-Mclain Company, Inc. and
Successor-in-Interest to the Wylain Co.;

METROPOLITAN LIFE INSURANCE COMPANY;

NASH ENGINEERING COMPANY (THE);

NAVISTAR INTERNATIONAL CORPORATION;

NAVISTAR INTERNATIONAL TRANSPORTATION
CORPORATION;

OWENS-ILLINOIS, INC.;

PACCAR INC., Individually and through its division,
Peterbilt Motors Co., and Kenworth Truck
Company;

PATTERSON PUMP COMPANY, a Subsidiary of the
Gorman-Rupp Company and Individually and as
successor to C.H. Wheeler Manufacturing and
Griscom Russell;

PEERLESS INDUSTRIES, INC.;
DELAWARE, INC.;

RAPID-AMERICAN CORPORATION, as successor-
by-merger to Glen Alden Corporation, Briggs
Manufacturing Co., Philip Carey Corporation and
Philip Carey Manufacturing Company;

RHEEM MANUFACTURING CORP.;

RILEY POWER, INC. f/k/a Babcock Borsig Power, Inc.
    and f/k/a Riley-Stoker Corporation d/b/a DB
    Riley, Inc.;

RPM, INC., Individually and as Successor to Republic
    Powdered Metals and as Successor to Bondex
    International, Inc.;

SEARS, ROEBUCK AND COMPANY;

SPENCE ENGINEERING COMPANY, INC.;

STEWART WARNER CORPORATION;

TRANE U.S. INC. f/k/a American Standard, Inc.;

TYCO FLOW CONTROL, INC., Individually and as
    Successor to Yarway Corporation and Grinnell
    Corporation;

TYCO INTERNATIONAL (US) INC., Individually and
    as Successor to Hancock Valves, Lonergan
    Valves and Yarway Corporation and Grinnell
    Corporation;

VOGT-NEM, INC., Individually and as Successor to
    Henry Vogt Machine Co.;

WARREN PUMPS, INC., Individually and as Successor
    to The Quimby Pump Company;

WEIL-McLAIN, a division of Marley-Wylain Company;

YARWAY CORPORATION;

YORK INTERNATIONAL CORPORATION,
    Individually and as Successor to Frick Company;

ZURN INDUSTRIES, INC. a/k/a and successor-in-
    interest to Erie City Iron Works.

                                  Defendants.

-----------------------------------------------------------------------x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
ELIZABETH J. COONS, Individually and as Executrix of
the Estate of VINCENT W. COONS, Deceased.

Index No. : 190138/2009

**VERIFIED COMPLAINT**

Plaintiffs,

- against -

A.O. SMITH WATER PRODUCTS;
A.W. CHESTERTON;
ALFA LAVAL, INC.;
ALLEGHENY TELEDYNE INCORPORATED,
        Individually and as Successor to Allegheny
        Technologies Incorporated and Farris Valves
        and/or Sprague Pumps;
ALMA PRODUCTS CO.;
AMERICAN STANDARD, INC.;
ARMSTRONG INTERNATIONAL, INC.;
ATWOOD & MORRILL CO., INC. d/b/a Weir Valves &
        Controls USA Inc.;
AURORA PUMP;
BIRD INCORPORATED f/k/a Bird & Son, Inc.;
BONDEX INTERNATIONAL, INC.;
BORG WARNER CORPORATION, by its
        Successor-In-Interest, Borg Warner Morse TEC
        Inc.;
BUFFALO PUMPS, INC.;
BURNHAM CORPORATION;
BW/IP INTERNATIONAL CO., formerly known as Borg
        Warner Industrial Products Inc., a former
        subsidiary of and successor to Borg Warner Corp.
        and Byron Jackson Pumps;
CARRIER CORPORATION;
CATERPILLAR INC.;
CBS CORPORATION, f/k/a Viacom Inc as Sucessor in
        Interest to Westinghouse Electric Corp.;
CERTAIN-TEED CORPORATION;
CLEAVER-BROOKS COMPANY f/k/a Aqua-Chem,
        Inc.;
CRANE CO., Individually and as Successor to Cochrane;
CROSBY VALVE AND GAGE COMPANY;

-6-

CUMMINS ENGINE COMPANY, INC.;
CUMMINS, INC.;
CURTISS-WRIGHT FLOW CONTROL
     CORPORATION, Individually and as Successor
     to Farris Valves and/or Sprague Pumps;
DAIMLERCHRYSLER CORPORATION;
DANA CORPORATION, Individually and as Successor
     to Warner Electric Brake & Clutch Company and
     Cutler-Hammer Inc.;
DEAN PUMP DIVISION;
DETROIT DIESEL CORPORATION;
EATON CORPORATION, Individually and now known
     as Eaton Electrical, Inc. and As Successor to The
     Vickers Pump Company and Cutler-Hammer, Inc.;
ELECTROLUX HOME PRODUCTS, INC., Individually
     and as Successor to Tappan and Copes-Vulcan;
ELLIOTT TURBOMACHINERY CO., INC.;
ENPRO INDUSTRIES, INC., Individually and as
     Successor to Fairbanks Morse Engine;
FAIRBANKS MORSE PUMP COMPANY;
FAIRBANKS MORSE ENGINE;
FLOWSERVE US, INC., solely as Successor to Rockwell
     Manufacturing Company, Edward Valves, Inc.,
     Nordstrom Valves, Inc. and Edward Vogt Valve
     Company;
FMC CORPORATION, Individually and as Successor to
     Northern Pump Company, Coffin and Peerless
     Pump Company;
FORD MOTOR COMPANY;
FOSTER WHEELER, LLC;
FREIGHTLINER, Individually and as Successor to
     Western Star Trucks;
GARDNER DENVER, INC.;
GARLOCK, INC.;
GENERAL ELECTRIC COMPANY;
GENERAL MOTORS CORPORATION;
GENUINE PARTS COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually and
     as successor to Bestwall Gypsum Company;
GOODYEAR CANADA, INC.;
GOODYEAR TIRE & RUBBER COMPANY (THE);
GOULDS PUMPS INC.;
GRINNELL CORPORATION;

HENRY VOGT COMPANY;
HENRY VOGT MACHINE CO.;
HONEYWELL INTERNATIONAL, INC. f/k/a
     Alliedsignal, Inc., and as Successor-in-Interest to
     The Bendix Corp.;
HOWDEN BUFFALO, INC., Individually and as
     Successor-In-Interest to FB Sturtevant, The
     Howden Buffalo Group and Buffalo Fan;
I.T.T. INDUSTRIES, INC., Individually and as successor
     to Bell & Gossett and Grinnell Corporation;
IMO INDUSTRIES, INC. f/k/a Delaval, Inc.;
INTERNATIONAL TRUCK AND ENGINE
     CORPORATION;
JOHN CRANE, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
     Company;
LESLIE CONTROLS, INC.;
MACK TRUCKS, INC.;
MAREMONT CORPORATION, Individually and as
     Successor to Grizzly;
MARLEY COMPANY (THE), Individually and a
     division of Weil-Mclain Company, Inc. and
     Successor-in-Interest to the Wylain Co.;
METROPOLITAN LIFE INSURANCE COMPANY;
NASH ENGINEERING COMPANY (THE);
NAVISTAR INTERNATIONAL CORPORATION;
NAVISTAR INTERNATIONAL TRANSPORTATION
     CORPORATION;
OWENS-ILLINOIS, INC.;
PACCAR INC., Individually and through its division,
     Peterbilt Motors Co., and Kenworth Truck
     Company;
PATTERSON PUMP COMPANY, a Subsidiary of the
     Gorman-Rupp Company and Individually and as
     successor to C.H. Wheeler Manufacturing and
     Griscom Russell;
PEERLESS INDUSTRIES, INC.;
     DELAWARE, INC.;
RAPID-AMERICAN CORPORATION, as successor-
     by-merger to Glen Alden Corporation, Briggs
     Manufacturing Co., Philip Carey Corporation and
     Philip Carey Manufacturing Company;
RHEEM MANUFACTURING CORP.;

RILEY POWER, INC. f/k/a Babcock Borsig Power, Inc.
     and f/k/a Riley-Stoker Corporation d/b/a DB
     Riley, Inc.;
RPM, INC., Individually and as Successor to Republic
     Powdered Metals and as Successor to Bondex
     International, Inc.;
SEARS, ROEBUCK AND COMPANY;
SPENCE ENGINEERING COMPANY, INC.;
STEWART WARNER CORPORATION;
TRANE U.S. INC. f/k/a American Standard, Inc.;
TYCO FLOW CONTROL, INC., Individually and as
     Successor to Yarway Corporation and Grinnell
     Corporation;
TYCO INTERNATIONAL (US) INC., Individually and
     as Successor to Hancock Valves, Lonergan
     Valves and Yarway Corporation and Grinnell
     Corporation;
VOGT-NEM, INC., Individually and as Successor to
     Henry Vogt Machine Co.;
WARREN PUMPS, INC., Individually and as Successor
     to The Quimby Pump Company;
WEIL-McLAIN, a division of Marley-Wylain Company;
YARWAY CORPORATION;
YORK INTERNATIONAL CORPORATION,
     Individually and as Successor to Frick Company;
ZURN INDUSTRIES, INC. a/k/a and successor-in-
     interest to Erie City Iron Works.

                             Defendants.

---------------------------------------------------------------------x

       Plaintiff by her attorneys, BELLUCK & FOX LLP, upon information and belief, at all times

hereinafter mentioned allege as follows:

## THE PARTIES

    1.       Plaintiff and Plaintiff's Estate are residents of the State of Kentucky unless otherwise

specified in individual complaints.

2.      Plaintiff alleges that plaintiff, Vincent W. Coons has been diagnosed with Mesothelioma as a result of his exposure to asbestos which resulted in his death. Attached is a copy of Mr. Coons' Letters of Appointment.

3.      The term "Defendants" shall apply to all corporate and business entities, and/or their predecessors and/or successors in interest as more fully described and enumerated in the captions of individual complaints subsequently filed in the "short form" in accordance with the applicable case management order of this Court.

4.      The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within this state, or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

5.      Defendant **A.O. SMITH WATER PRODUCTS** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

6.      Defendant **A.W. CHESTERTON** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

7.      Defendant **ALFA LAVAL, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected

-10-

its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

8.    Defendant **ALLEGHENY TELEDYNE INCORPORATED, Individually and as Successor to Allegheny Technologies Incorporated and Farris Valves and/or Sprague Pumps** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

9.    Defendant **ALMA PRODUCTS CO.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

10.    Defendant **AMERICAN STANDARD, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

11.    Defendant **ARMSTRONG INTERNATIONAL, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

-11-

12.     Defendant **ATWOOD & MORRILL CO., INC. d/b/a Weir Valves & Controls USA Inc.** was and  is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

13.     Defendant **AURORA PUMP** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

14.     Defendant **BIRD INCORPORATED f/k/a Bird & Son, Inc.** was and  is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

15.     Defendant **BONDEX INTERNATIONAL, INC.** was and  is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

16.     Defendant **BORG WARNER CORPORATION, by its Successor-In-Interest, Borg Warner Morse TEC Inc.** was and is a duly organized foreign  corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have

-12-

consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

17.     Defendant **BUFFALO PUMPS, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

18.     Defendant **BURNHAM CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

19.     Defendant **BW/IP INTERNATIONAL CO., formerly known as Borg Warner Industrial Products Inc., a former subsidiary of and successor to Borg Warner Corp. and Byron Jackson Pumps** was and  is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

20.     Defendant **CARRIER CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

21.     Defendant **CATERPILLAR INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected

-13-

its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

22.     Defendant **CBS CORPORATION f/k/a Viacom Inc as Sucessor in Interest to Westinghouse Electric Corp.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

23.     Defendant **CERTAIN-TEED CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

24.     Defendant **CLEAVER-BROOKS COMPANY f/k/a Aqua-Chem, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

25.     Defendant **CRANE CO., Individually and as Successor to Cochrane** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

-14-

26.     Defendant **CROSBY VALVE AND GAGE COMPANY** wa s and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

27.     Defendant **CUMMINS ENGINE COMPANY, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

28.     Defendant **CUMMINS, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

29.     Defendant **CURTISS-WRIGHT FLOW CONTROL CORPORATION, Individually and as Successor to Farris Valves and/or Sprague Pumps** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

30.     Defendant **DAIMLERCHRYSLER CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or

should have expected its acts to have consequences within the State of New York. At all times

relevant, it has engaged in the sale and distribution of materials and products containing the

substance asbestos.

31.     Defendant **DANA CORPORATION, Individually and as Successor to Warner**

**Electric Brake & Clutch Company and Cutler-Hammer Inc.** was and is a duly organized foreign

corporation doing business and/or transacting business in the State of New York and/or should have

expected its acts to have consequences within the State of New York. At all times relevant, it has

engaged in the sale and distribution of materials and products containing the substance asbestos.

32.     Defendant **DEAN PUMP DIVISION** was and is a duly organized foreign corporation

doing business and/or transacting business in the State of New York and/or should have expected

its acts to have consequences within the State of New York. At all times relevant, it has engaged in

the sale and distribution of materials and products containing the substance asbestos.

33.     Defendant **DETROIT DIESEL CORPORATION** was and is a duly organized

foreign corporation doing business and/or transacting business in the State of New York and/or

should have expected its acts to have consequences within the State of New York. At all times

relevant, it has engaged in the sale and distribution of materials and products containing the

substance asbestos.

34.     Defendant **EATON CORPORATION, Individually and now known as Eaton**

**Electrical, Inc. and As Successor to The Vickers Pump Company and Cutler-Hammer, Inc.**

was and is a duly organized foreign corporation doing business and/or transacting business in the

State of New York and/or should have expected its acts to have consequences within the State of

-16-

New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

35. Defendant **ELECTROLUX HOME PRODUCTS, INC., Individually and as Successor to Tappan and Copes-Vulcan** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

36. Defendant **ELLIOTT TURBOMACHINERY CO., INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

37. Defendant **ENPRO INDUSTRIES, INC., Individually and as Successor to Fairbanks Morse Engine** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

38. Defendant **FAIRBANKS MORSE PUMP COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

-17-

39.     Defendant **FAIRBANKS MORSE ENGINE** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

40.     Defendant **FLOWSERVE US, INC., solely as Successor to Rockwell Manufacturing Company, Edward Valves, Inc., Nordstrom Valves, Inc. and Edward Vogt Valve Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

41.     Defendant **FMC CORPORATION, Individually and as Successor to Northern Pump Company, Coffin and Peerless Pump Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

42.     Defendant **FORD MOTOR COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

43.     Defendant **FOSTER WHEELER LLC** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have

-18-

expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

44.      Defendant **FREIGHTLINER, Individually and as Successor to Western Star Trucks** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

45.      Defendant **GARDNER DENVER, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

46.      Defendant **GARLOCK, INC.** is a duly organized domestic corporation doing business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

47.      Defendant **GENERAL ELECTRIC COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

48.      Defendant **GENERAL MOTORS CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or

-19-

should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

49.    Defendant **GENUINE PARTS COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

50.    Defendant **GEORGIA-PACIFIC CORPORATION, Individually and as successor to Bestwall Gypsum Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

51.    Defendant **GOODYEAR CANADA, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

52.    Defendant **GOODYEAR TIRE & RUBBER COMPANY (THE)** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

53.     Defendant **GOULDS PUMPS INC.,** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

54.     Defendant **GRINNELL CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

55.     Defendant **HENRY VOGT COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

56.     Defendant **HENRY VOGT MACHINE CO.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

57.     Defendant **HONEYWELL INTERNATIONAL, INC. f/k/a Alliedsignal, Inc., and as Successor-in-interest to The Bendix Corp.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

58.     Defendant **HOWDEN   BUFFALO,   INC.,   Individually   and   as Successor-In-Interest to FB Sturtevant, The Howden Buffalo Group and Buffalo Fan** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

59.     Defendant **I.T.T. INDUSTRIES, INC., Individually and as successor to Bell & Gossett and Grinnell Corporation** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

60.     Defendant **IMO INDUSTRIES, INC. f/k/a IMO Delaval** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

61.     Defendant **INTERNATIONAL TRUCK AND ENGINE CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

-22-

62.     Defendant **JOHN CRANE, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

63.     Defendant **KENTILE FLOORS, INC. a/k/a Kentile Operating Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

64.     Defendant **LESLIE CONTROLS, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

65.     Defendant **MACK TRUCKS, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

66.     Defendant **MAREMONT CORPORATION, Individually and as Successor to Grizzly** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

-23-

67.     Defendant **MARLEY CO., (THE), Individually and a division of Weil-Mclain Company, Inc. and Successor-in-Interest to the Wylain Co.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

68.     Defendant **METROPOLITAN LIFE INSURANCE COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

69.     Defendant **NASH ENGINEERING COMPANY (THE)** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

70.     Defendant **NAVISTAR INTERNATIONAL CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

71.     Defendant **NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting

business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

72. Defendant **OWENS-ILLINOIS, INC.** is a duly organized foreign corporation doing business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

73. Defendant **PACCAR INC., Individually and through its division, Peterbilt Motors Co., and Kenworth Truck Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

74. Defendant **PATTERSON PUMP COMPANY, a Subsidiary of the Gorman-Rupp Company and Individually and as successor to C.H. Wheeler Manufacturing and Griscom Russell** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

75. Defendant **PEERLESS INDUSTRIES, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

76.     Defendant **RAPID-AMERICAN CORPORATION, Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing Company** was and  is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

77.     Defendant **RHEEM MANUFACTURING CORP.**was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

78.     Defendant **RILEY POWER, INC. f/k/a Babcock Borsig Power, Inc. and f/k/a Riley-Stoker Corporation d/b/a DB Riley, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

79.     Defendant **RPM, INC., Individually and as Successor to Republic Powdered Metals and as Successor to Bondex International, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

80.     Defendant **SEARS, ROEBUCK AND COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

81.     Defendant **SPENCE ENGINEERING COMPANY, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

82.     Defendant **STEWART WARNER CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

83.     Defendant **TRANE U.S. INC. f/k/a American Standard, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

84.     Defendant **TYCO FLOW CONTROL, INC., Individually and as Successor to Yarway Corporation and Grinnell Corporation** was and is a duly organized foreign corporation

-27-

doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

85.    Defendant **TYCO INTERNATIONAL (US) INC., Individually and as Successor to Hancock Valves and Lonergan Valves and Yarway Corporation and Grinnell Corporation** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

86.    Defendant **VOGT-NEM, INC., Individually and as Successor to Henry Vogt Machine Co.** was and  is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

87.    Defendant **WARREN PUMPS, INC., Individually and as Successor to The Quimby Pump Company** was and  is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

88.    Defendant **WEIL-McLAIN, A Division of Marley-Wylain Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At

-28-

all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

89.     Defendant **YARWAY CORPORATION** was and is a duly organized foreign doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

90.     Defendant **YORK INTERNATIONAL CORPORATION, Individually and as Successor to Frick Company** was and is a duly organized foreign doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

91.     Defendant **ZURN INDUSTRIES, INC. a/k/a and Successor-in-Interest to Erie City Iron Works** was and is a duly organized foreign doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

92.     Defendant "JOHN DOE" #1 is a contractor, supplier, distributor and/or manufacturer of asbestos products and machinery and equipment including the installation and/or use of asbestos-containing products each of whom maintained a presence at the work sites and/or other facilities, structures and/or edifices where the Plaintiff was exposed to or  used several asbestos products, materials, and equipment and machinery.

93.     The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within this state, or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

94.     The actions and conduct of the Defendants as more fully described below were carried out through their respective offices, by authorized agents, servants and employees, who were acting in the course and scope of their employment and authority, and in furtherance of the business and profit of the Defendants.

95.     Each Defendant, with the exception of the **METROPOLITAN LIFE INSURANCE COMPANY**, has been engaged in the mining, production, processing, design, manufacture, marketing, supply, delivery, distribution, installation, use, purchase, removal and/or sale of raw asbestos fibers of various kinds and grades, asbestos-containing products, and/or machinery and equipment requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "asbestos products").

96.     Plaintiff, for a period of many years, worked with, came in contact with, or was exposed to, asbestos products while working in various shipyards, steel mills, refineries, paper mills, chemical plants, industrial sites and facilities, construction sites and other facilities or was exposed to the defendants' products through the normal use of these products.

97.     During the course of his/her employment, the Plaintiff was exposed on numerous occasions to asbestos products which were mined, produced, processed, designed, manufactured, marketed, supplied, delivered, distributed, installed, used, purchased, removed or sold by the Defendants.

-30-

98.    During the course, and in furtherance of, his/her employment and life, the Plaintiff was unavoidably exposed to, inhaled and ingested asbestos fibers and dust contained within and emanating from the Defendants' asbestos products.

99.    As a direct and proximate result of his/her unavoidable exposure to, and resultant inhalation and ingestion of, asbestos fibers and dust as contained within and emanating from the Defendants' asbestos products, Plaintiff has/did develop(ed) a progressive, debilitating asbestos-related illness/disease and/or risk of death.

100.    Plaintiff alleges that each and every exposure to Defendants' asbestos products caused or contributed to his/her injuries, such that the Defendants are jointly and severally liable to the Plaintiff for the resultant asbestos-related illness/disease and/or risk of death alleged herein.

### AS AND FOR A FIRST CAUSE OF ACTION SOUNDING IN NEGLIGENCE

101.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

102.    Defendants knew, or with reasonable diligence should have known and/or ascertained, that their asbestos products were inherently dangerous and hazardous to the health and well-being of those using, exposed to or coming in contact with Defendants' asbestos products.

103.    Defendants knew, or with reasonable diligence should have known and/or ascertained, that the reasonable and anticipated use of, exposure to or contact with their asbestos products would cause the release of asbestos fibers and dust into the ambient air, creating danger and unreasonable risk of injury and harm to those breathing the air contaminated with such asbestos fibers and dust.

104.    Defendants knew, or with reasonable diligence should have known and/or ascertained, that the Plaintiff would use or come into contact with Defendants' asbestos products and in so doing,

-31-

would become exposed to and inhale and ingest the asbestos fibers and dust in the ambient air as they were discharged and released from the Defendants' products in the course of ordinary and foreseeable contact, application and use of those products.

105.   Defendants knew, or with reasonable diligence should have known and/or ascertained that the Plaintiff used, came into contact with, and was exposed to Defendants' asbestos products and the fibers and dust emanating from and released by those products without any knowledge of the dangers and potential risk of harm to which he/she was being exposed.

106.   Despite knowledge of the unsafe and dangerous nature and properties of their respective asbestos products, the Defendants willfully, recklessly and negligently:

a)      failed to warn the public at large, and more particularly this Plaintiff, of the dangers and hazards associated with or caused by the use of, exposure to or contact with Defendants' asbestos products resulting from the ordinary, anticipated and foreseeable use of Defendants' asbestos products;

b)      failed to study, investigate and/or properly test their asbestos products for both potential and actual hazards associated with the use of, exposure to and contact with Defendants' asbestos products, when such products were used in a reasonably foreseeable and anticipated manner;

c)      failed to communicate or convey their suspicions and knowledge with respect to potential or actual dangers and health hazards associated with the use of, exposure to or contact with Defendants' asbestos products resulting in inhalation and ingestion of asbestos fibers and dust to the users and consumers of the Defendants' asbestos products;

-32-

d)      failed to design or redesign Defendants' asbestos products to prevent, impede or minimize the release of airborne inhalable and ingestible asbestos fibers and dust;

e)      failed to properly design and manufacture Defendants' asbestos products to insure safe use and handling by users and consumers under conditions that were reasonably anticipated and foreseeable;

f)      failed to advise the public at large, and more particularly this Plaintiff, of the necessity for protective garments, safety equipment and appliances to protect the user/consumer from harm caused by inhalation and ingestion of asbestos fibers and dust released by, and associated with, the ordinary and foreseeable use of, and contact with, Defendants' asbestos products;

g)      failed to institute, adopt or enforce appropriate safety protocols for handling and use of asbestos products to individuals working with, utilizing, handling or otherwise coming into contact with Defendants' asbestos products;

h)      failed to adequately package their respective asbestos products in a manner which would insure safe handling and use by those individuals, including this Plaintiff, who the Defendants' knew or should have reasonably anticipated would be exposed to asbestos fibers and dust released by and associated with the ordinary and foreseeable use of Defendants' asbestos products;

i)      failed to remove their asbestos products from the stream of commerce despite knowledge of the unsafe and dangerous nature of those products;

j)      continued to mine, produce, process, design, manufacture, market, supply, deliver, distribute, install, use, purchase, remove and sell asbestos products for general application

and purposes without any alteration or change, despite the potential and known health hazards and dangers posed to the foreseeable and anticipated user and consumer of those products;

        k)     failed to timely develop and utilize substitute materials for asbestos in their asbestos products;

        l)     failed to design or redesign asbestos-containing products to prevent, impede or minimize the release of airborne inhalable and ingestible asbestos fibers and dust; and,

        m)     failed to recall and/or issue a post-sale warning for their asbestos products.

    107.    The continued mining, production, processing, design, manufacture, marketing, distribution, supply, use, purchase, installation, removal, delivery, and sale by the Defendants' of their respective asbestos products under the circumstances and conditions enumerated above, demonstrates the callous, reckless, willful, depraved and wanton indifference to and disregard of the health, safety and welfare of the public at large, and more particularly, this Plaintiff.

    108.    As a result of the Defendants' negligence and recklessness, the Plaintiff unwittingly and unavoidably inhaled and ingested asbestos fibers and dust, resulting in the development of his/her asbestos related disease and illness; Plaintiff has been caused to endure severe physical pain and suffering and mental anguish; has been placed at increased risk for developing other serious bodily injuries; has expended sums of money for medical care, treatment and monitoring related to his/her asbestos exposure, inhalation and ingestion; will be required to expend additional monies for medical care, treatment and monitoring in the future; has been prevented from pursuing his/her normal activities and employment; has been deprived of his/her ordinary pursuits and enjoyment of life; has suffered pecuniary losses; and has otherwise been damaged.

109.     The illnesses and disabilities of the Plaintiff are a direct and proximate result of the negligence and carelessness of the Defendants, and their demonstrated wanton and reckless disregard for his/her safety and well-being.

## AS AND FOR A SECOND CAUSE OF ACTION SOUNDING IN
## BREACH OF WARRANTY

110.     Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

111.     The Defendants expressly and impliedly warranted that their asbestos products were of good and merchantable quality and fit for their intended uses and purposes.

112.     The express and implied warranties made by these Defendants were false, misleading and consequently breached since these products were unreasonably dangerous, defective, hazardous and harmful when used, applied or installed in the manner, and for the purposes, intended.

113.     As a direct and proximate result of Defendants' breached warranties the Plaintiff used, came into contact with and was exposed to Defendants' asbestos products, causing him to unknowingly and unwittingly inhale and ingest asbestos fibers and dust resulting from the ordinary and foreseeable use of those products.

114.     By virtue of the breach of the express and implied warranties of good and merchantable quality and fitness for particular use, the Plaintiff developed an asbestos-related disease, has suffered great pain and suffering and mental anguish, and has been otherwise damaged.

-35-

## AS AND FOR A THIRD CAUSE OF ACTION
### SOUNDING IN STRICT LIABILITY

115.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

116.    The Defendants sold or otherwise placed their asbestos products into the stream of commerce in a defective, unsafe and unreasonably dangerous condition.

117.    The Defendants knew or otherwise expected that their asbestos products would reach the ultimate user/consumer of their asbestos products, including this Plaintiff, without substantial change from, or alteration of, the condition in which these products were originally manufactured and sold.

118.    The Defendants knew, or in the exercise of reasonable diligence, should have ascertained that the Plaintiffs and others similarly situated, would be the ultimate users/consumers of Defendants' asbestos products or would be exposed to their asbestos products.

119.    Defendants knew that their asbestos products would be used without inspection for defects and, by placing them in the marketplace, represented to the public at large and more particularly this Plaintiff that these products could be utilized safely, in the manner, and for the purpose for which they were intended.

120.    Defendants knew that their asbestos products were defective and were incapable of being made safe for their ordinary and intended uses and purposes and that these defects were not discoverable by the Plaintiff, or others similarly situated, in the exercise of reasonable care nor were the dangers and hazards of these products perceivable to the Plaintiff and others similarly situated such that he/she might otherwise have averted his/her injury by the exercise of reasonable care.

-36-

121.    In light of the above, the ordinary and foreseeable use of Defendants' asbestos products constituted a dangerous and hazardous activity and placed the ultimate user/consumer, and this Plaintiff more particularly, at an unreasonable risk of harm and injury by contaminating the atmosphere in which the Plaintiff carried out his/her work related duties.

122.    The risks and dangers created by the use of Defendants' products outweighed the utility of these products.

123.    As a consequence of the defects of Defendants' products and the Plaintiff's resultant inhalation and/or ingestion of asbestos fibers and dust resulting from the ordinary and foreseeable use of those asbestos products, Plaintiff has sustained serious and permanent injuries as more fully described herein.

124.    The Defendants, by virtue of the foregoing, are strictly liable to the Plaintiff for injuries and illnesses resulting from the defects and dangerous propensities of their asbestos products alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
### LABOR LAW VIOLATIONS

125.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

126.    Defendants, their subsidiaries, agents and/or servants were/are owners, possessors, lessors, lessees operator, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises on witch plaintiff was lawfully frequenting and exposed to asbestos.

-37-

127.    Defendants, their subsidiaries, agents and/or servants had a legal duty to maintain and keep those premises in a safe and proper condition.

128.    At all times relevant hereto, plaintiff was lawfully frequenting the premises on witch plaintiff was exposed to asbestos.

129.    At all times relevant hereto, plaintiff's presence on the premisses on witch plaintiff was exposed to asbestos was known or knowable to the defendants.

130.    Defendants, their subsidiaries, agents, and/or servants negligently created, caused and/or permitted to exist, an unsafe, hazardous and/or dangerous condition to exit by specifying, using and/or permitted the presence of asbestos and/or asbestos containing products, equipment and/or fixtures at the premises on witch plaintiff was exposed to asbestos.

131.    Defendants, their subsidiaries, agents, and/or servants negligently permitted a defective, hazardous and/ or dangerous condition to remain uncorrected and/or unchanged at the premises on witch the plaintiff was present and exposed to asbestos.

132.    Defendants, their subsidiaries, agents, and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/ or dangerous condition and failed to correct this dangerous condition.

133.    Defendants, their subsidiaries, agents, and/or servants knew, or should have known of the existence of unsafe, hazardous and/or dangerous condition and failed to warn the plaintiff of the existence of the dangerous condition and/or provide the plaintiff the means to protect himself from the dangerous condition

134.    Defendants, their subsidiaries, agents, and/or servants were negligent in that they violated the common law duty to maintain a safe work place for individuals, such as plaintiff, who

-38-

were working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by them.

135.   Defendants, their subsidiaries, agents, and/or servants violated New York Labor law section 200 et seq: including, but not limited to, section 200 and 241(6) and the New York Industrial Code 12NYCR section 12 and 23 by their failure to provide a safe workplace, including, but not limited to, failure to make reasonable inspection to detect dangerous conditions and hidden defects and to warn of dangers of witch the knew or should have known, and by their failure to provide reasonable and adequate protection for individuals, such as plaintiff, who was lawfully at a construction site owned, maintained and/or controlled by them. Inter alia:

   a)   Defendants, their subsidiaries, agents, and/or servants violated the New York State Industrial Code Section 12, and 14, witch states that:

   I.   All operators or processes witch produce air contaminants shall be so conducted that the generation, release or dissemination of such contaminants is kept at the lowest practicable level in compliance with this Part (rule).  Using proper control of protective procedure and equipment.

   II.   (1) Every employer shall effect compliance with the provision of this Part (rule) relating to the prevention and removal of air contaminants, the storage and   use of flammable liquids and the provision, installation, operation and maintenance of control or protective equipment.

-39-

(2) Every employer shall instruct his employees as to the hazards of their work, the use of the protective equipment and their responsibility for complying with Provision of this Part (rule).

(3) No employee shall suffer or permit an employee to work in a room in witch their exist dangerous air contaminants in a work atmosphere.

(4) No employee shall suffer or permit dangerous air contaminants to accumulate remain in any place or area subject to the provision of this Part (rule) (b).

b)      Defendants, their subsidiaries, agents, and/or servants violated New York State Industrial Code Section 12, and 15, witch states that:

I.      Personal respiratory equipment shall not be used in lieu of other control methods, except for protection pf employees emergencies and in the repair, maintenance or adjustment or equipment or processes, or upon specific approval by the board.

c)      Defendants, their subsidiaries, agents, and/or servants violated New York States Industrial Code Section 12, subsection 1.9 (formerly section 12.9) witch states that:

I.      One or more of the following methods shall be used to prevent, remove or control dangerous air contaminants:

(1) Substitution of a material of a method witch does not produce dangerous air contaminants.

-40-

     (2)    Local exhaust ventilation conforming on the requirements of Industrial Code Part (Rule No.) 18.

     (3)   Dilution Ventilation.

     (4)   Application of water or other wetting agent.

     (5)   Other methods approved by the board.

d)    As evidence of defendants' their subsidiaries', agents' and/or servants violation of the abovementioned section of the New York Stated Industrial Code, defendants, their subsidiaries, agents, and/or servants permitted asbestos dust concentrations above the 5mppcf threshold limit value specified in section 12, subsection 3.1, without providing the requires reasonable and adequate protective measures, thereby rendering the premises unsafe.

e)    Defendants, their subsidiaries, agents, and/or servants violated section 23-3(d) of the New York Industrial Code witch state that:

f)    Provision shall be made at every demolition site control the amount of airborne dust resulting from demolition by wetting the debris and other materials with the appropriate spraying agents or other means.

136.    Defendants, their subsidiaries, agents, and/or servants negligently designed and/or specified the use of asbestos containing products, equipment and/ or fixtures at the premises on witch plaintiff was lawfully frequenting and exposed to asbestos.

137.    Defendants, their subsidiaries, agents, and/or servants negligently breached their contractual duty to the plaintiff, third-party beneficiary, to provide for the health, welfare and/ or

safety of those, such as plaintiff, lawfully frequenting the premisses on witch plaintiff was exposed to asbestos.

138.    Defendants, their subsidiaries, agents, and/or servants, breached their warranty to provide for the health, welfare, and/or safety of those such as plaintiff, lawfully frequenting the premisses on witch plaintiff was exposed to asbestos.

139.    Defendants, their subsidiaries, agents, and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in the restatement of the law, Second, Torts, including, but not limited to, section 342, 410, 411, 412, 413, 414, 414A, 416, 422 and 427.

140.    These acts and/ or omissions of the defendants constitute willful misconduct and conscience disregard of the health of the public, including the plaintiff.

141.    As a direct and proximate result of the defendant's conduct plaintiff was exposed to asbestos and asbestos containing products and sustained serious injuries and described above.

142.    Plaintiff was seriously injured.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT
METROPOLITAN LIFE INSURANCE COMPANY**

143.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

144.    Defendant **METROPOLITAN LIFE INSURANCE COMPANY** through its Policyholders Service Bureau undertook duties owed by the Defendants to the Plaintiff by testing asbestos workers and conducting scientific studies related to asbestos exposure.

145.    In undertaking these duties, the Defendant **METROPOLITAN LIFE INSURANCE COMPANY** knew, or in the exercise of reasonable diligence should have known, that it was providing testing service for the ultimate protection of third parties, including the Plaintiff.

146.    In both conducting said tests and in publishing the alleged results thereof the Defendant **METROPOLITAN LIFE INSURANCE COMPANY** failed to exercise reasonable care to conduct or publish timely complete, adequate and accurate tests concerning health effects of asbestos exposure.

147.    The Defendant **METROPOLITAN LIFE INSURANCE COMPANY** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the adverse health effects of asbestos exposure.

148.    The Plaintiff unwittingly but justifiably relied upon the purported thoroughness of the tests and information disseminated by the Defendant **METROPOLITAN LIFE INSURANCE COMPANY,** which published these test results and information in a leading medical journal.

149.    As a direct and proximate result of the failures on the part of this Defendant in conducting tests and publishing results thereof which were false, misleading, inaccurate, deceptive and untruthful, the Defendant **METROPOLITAN LIFE INSURANCE COMPANY** caused, encouraged and promoted the Plaintiff's asbestos exposure and caused and/or contributed to the injuries sustained by the Plaintiff as more fully described herein.

150.    By reason of the foregoing, the Defendant **METROPOLITAN LIFE INSURANCE COMPANY** acted with reckless and wanton disregard for the welfare of the general public, including this Plaintiff.

-43-

## AS AND FOR A SIXTH CAUSE OF ACTION SOUNDING IN CONSPIRACY AND COLLECTIVE LIABILITY/CONCERT OF ACTION

151.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

152.    The Defendants since the early 1900's have been possessed of medical and scientific data which raised questions concerning the safety of asbestos in the workplace and which demonstrated the existence of health hazards to those exposed to, or coming in contact with, asbestos products.

153.    Defendants collectively and through explicit agreement and consciously parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of asbestos products and controlled the level of knowledge on the part of the public regarding the hazards of exposure to fibers and dust emanating from and released by Defendants' asbestos products.

154.    The Defendants through agreement and consciously parallel behavior intentionally failed to warn potential users, and the Plaintiff in particular, of the serious bodily harm which may result from the inhalation of, and exposure to, asbestos fibers and dust emanating from and released by asbestos products.

155.    The Defendants conspired and/or acted in concert to withhold, conceal and suppress medical and scientific data and literature regarding the risks of exposure to asbestos and asbestos products, and the association of this exposure to the development of asbestosis, cancer, mesothelioma and other illnesses and diseases from the Plaintiff and others similarly situated, who

were using, being exposed to, or coming into contact with Defendants' asbestos products and airborne fibers and dust emanating from and released by those products.

156.   The Defendants through agreement and consciously parallel behavior  released, published and disseminated invalid, inaccurate, outdated and misleading medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases which Defendants knew were invalid, inaccurate, outdated and misleading.

157.   Defendants distorted the results of medical examinations conducted upon Plaintiff and/or workers similarly situated who were using asbestos products and being exposed to the inhalation of asbestos fibers and dust by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff had suffered.

158.   The Defendants while cognizant of this data deliberately chose to ignore the health and safety issues raised therein, and embarked upon a plan  of deception intended to deprive the public at large of  alarming  medical and scientific findings which remained in their exclusive possession and under their exclusive control.

159.   Defendants conspired and/or acted in concert with each other and with other members of the asbestos industry through agreement and consciously parallel behavior:

    (I)    to withhold from users of their products, and from persons who Defendants knew or should have known would be exposed to their products, information regarding the health risks of  inhaling or ingesting asbestos fibers and dust;

    (ii)    to eliminate or prevent investigation into the health hazards of exposure to asbestos fibers and dust;

-45-

(iii) to      assure that asbestos products became widely used in industries such as construction, shipbuilding, machine fabrication and similar such industries, irrespective of the potential and actual risk of harm to the user/consumer.

160.    Plaintiff reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos products and was deprived of an opportunity to make an informed decision concerning his/her use of, exposure to and contact with, Defendants' products.

161.    Plaintiff consequently in no respect can be blamed should he/she be unable to establish which of the asbestos products caused his/her injuries.

162.    Defendants, whether acting individually or in concert with others, violated their common law duty of care owed to the Plaintiff or otherwise engaged in culpable activity against the Plaintiff.

163.    The actions and inactions of Defendants independently and/or collectively constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damage and injury to the Plaintiff.

164.    By reason of the above, Defendants are jointly and severally liable to the Plaintiff(s) for the injuries and damages sustained by virtue of industry-wide or enterprise liability.

165.    Alternatively, Defendants are liable to the Plaintiff(s) for the injuries and damages sustained by virtue of their substantial share of the asbestos products market within the area in which Plaintiff was employed.

166.    As a direct and proximate result of his/her wrongful exposure to asbestos at the hands of Defendants, Plaintiff contracted an asbestos-related illnesses with sequela and was caused to suffer severe physical pain, mental anguish, pecuniary losses and loss of enjoyment of life.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT CONTRACTORS

167.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

168.    The term "contractor(s)" refers to any business entity, concern, individual or other engaged, employed or otherwise contracted to perform in whole or any part thereof construction work, renovation, excavation, demolition, installation of equipment and/or such other activities commensurate with the term "contractor" as used in the ordinary course of business.

169.    These    Defendant contractor(s) individually and by and/or through their subcontractors, agents, servants, assigns and employees developed, authored, devised and/or implemented specifications and plans relating to the construction, renovation, excavation, and/or demolition of buildings and other structures at which the Plaintiff was present and which Defendant contractor(s) knew, or should have reasonably ascertained in the exercise of due care, involved the use, application, installation, and/or removal of asbestos, asbestos-containing materials and/or equipment calling for the use and/or installation of asbestos-containing materials.

170.    These Defendant contractor(s), knew, or in the exercise of reasonable diligence should have known, that the above specifications and/or plans were dangerous and/or unsafe and presented a potential and/or actual health hazard to those individuals present at such sites where

construction, renovation, excavation and/or demolition as above described was being carried out, including this Plaintiff.

171.    These Defendant contractor(s) hired, employed, contracted with or otherwise engaged subcontractors and others to carry out the work required by and in accordance with the above-described specifications and plans.

172.    These Defendant contractor(s) supervised, oversaw and directed the activities, conduct and work of the both their own employees as well as the employees, agents and assigns of its subcontractors in the performance and carrying out of the above described specifications and plans at various locations including the Plaintiffs' work site(s).

173.    Additionally, Defendant contractor(s) purchased and/or delivered and/or caused to be delivered to Plaintiff's work site(s), and other locations and subsequently inventoried and/or warehoused at Plaintiff's work site(s) various asbestos-containing materials and/or machinery and equipment calling for the use of and/or installation of asbestos-containing materials.

174.    Defendant contractor(s) exercised control over the work sites at which their employees, subcontractors, agents and assigns were engaged in carrying out the specifications and plans of construction, renovation, excavation and/or demolition as described above, retained unlimited access to these work sites and directed all related construction, remodeling, excavating and demolition activities concerned therewith.

175.    Plaintiff was exposed to asbestos-containing products at various work sites and other locations within the State of New York where construction, renovation, excavation and demolition of buildings and/or other structures was being performed, while Plaintiff was engaged in his/her

-48-

occupational duties and responsibilities or while Plaintiff was otherwise lawfully upon at such work sites and locations.

176.    Plaintiff sustained asbestos-related personal injuries as a consequence of his/her exposure to asbestos, asbestos-containing products and machinery at such locations described above.

177.    Plaintiff's injuries resulted from Defendant contractor(s)' breach of common law and statutory obligations including, *inter alia*, violations of The New York State Labor Law Sections 200, 240 and 241 as a consequence of Plaintiff's exposure to and inhalation of dust from asbestos and asbestos-containing products delivered to, installed, used or employed at those work sites owned, operated, directed and controlled by the Defendant contractor(s).

178.    The above-described exposures were caused solely and wholly by the acts and /or omissions of the Defendant contractor(s), their agents, servants, employees and assigns as a consequence of their negligent, careless and reckless ownership, management, direction and control of the various premises and work sites where construction, renovation, demolition and excavation activities, as above described, occurred.

179.    Defendant contractor(s) were negligent, careless and reckless in *inter alia:* (1) permitting Plaintiff to work under dangerous and unsafe conditions; (2) requiring the Plaintiff to work in areas in which he/she was exposed to asbestos products; (3) in permitting and allowing the dangerous conditions to remain in working areas and other locations; (4) in failing to warn the Plaintiff and other members of the work force of the dangerous conditions; (5) in failing to provide a safe place to work; (5) in failing to follow or implement the usual workplace safety customs and procedures; (6) in failing to abide by, *inter alia,* Sections 200, 240 and 241 of the Labor Law; and

(7) in otherwise acting without due regard for, and in reckless disregard of, the safety, well being and health of the Plaintiff and the work force in general.

180.    Defendant contractor(s) are strictly liable for the injuries sustained by the Plaintiff.

### AS AND FOR A EIGHTH CAUSE OF ACTION FOR PREMISES LIABILITY AGAINST CERTAIN DEFENDANTS

181.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

182.    Plaintiff, was exposed to asbestos-containing products, materials and machines and equipment calling for the use of and/or installation of asbestos-containing products while working at certain facilities owned by certain named Defendants (hereinafter "Premises Owners").

183.    Each Premises Owner, at all times relevant to this Complaint, has been either the operator and/or the manager and/or the owner and occupier of various facilities within the State of New York as more fully specified in individual pleadings.

184.    Plaintiff was exposed to asbestos and asbestos-containing materials while he/she was an invitee at such Defendant Premises Owners' New York State  facility or facilities during all relevant time periods. Said facilities were defective in that the asbestos and asbestos-containing materials in Defendants' facilities created an unreasonable risk of harm to the Plaintiff and other persons thereupon. The defective condition of the facilities were a proximate cause of the Plaintiff's asbestos-related injuries and damages.

185.    Said Premises Owners are liable to Plaintiff for their respective failure to exercise reasonable care to protect Plaintiff from the foreseeable dangers associated with exposure to asbestos.

186.    Defendants Premises Owners as the premises operators and/or managers and/or owners and occupiers and/or custodians of their respective premises, had a non-delegable duty to keep the premises safe for invitees and others such as the Plaintiff herein.

187.    Said Defendant Premises Owners knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm.

188.    Defendant Premises Owners' failure to protect Plaintiff from known and/or foreseeable dangers constitutes negligence which such negligence is/was a proximate cause of Plaintiff 's asbestos-related injuries and damages.

189.    By reason of the foregoing Plaintiff has sustained grievous personal and physical injuries, physical and emotional  pain and suffering, all as more fully described herein and has been damaged as against each Defendant.

190.    Plaintiff was employed by or served as a seaman and member of a crew on numerous occasions upon various vessels owned, operated, controlled, navigated or chartered by Shipping Defendants.

191.    During all of the times herein mentioned, Shipping Defendants employed Plaintiff or owned, managed, operated, chartered, navigated or controlled said vessels used said vessels in the transportation of freight or passengers upon navigable waters of the United States in interstate and foreign commerce.

192.    Plaintiff would show that for a period of many years, and on numerous occasions, Plaintiff worked with or was exposed to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products while working in or on

various vessels.  Plaintiff would show that Plaintiff was exposed on numerous occasions during the course and scope of his employment to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products while employed by or working on vessels owned, managed, operated, chartered, navigated or controlled by Shipping Defendants and, in doing so, had inhaled great quantities of asbestos fibers from various asbestos products that were used, stored, manipulated, installed or removed aboard said vessels or appurtenances thereto.  Further, Plaintiff alleges, as more specifically set out below, that Plaintiff's injuries were proximately caused by his exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products

193.    Each Manufacturer Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos or asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products.

194.    Plaintiff would show that or a period of many years, they worked with and/or were exposed to asbestos-containing products and or machinery requiring or calling for the use of asbestos or asbestos-containing products while working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States.  Plaintiff will show that they have been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos or asbestos-containing products and/or sold by Manufacturer Defendants and, in so doing, have inhaled great quantities of asbestos fibers.  Further Plaintiff alleges, as more specifically set out below, that they have suffered injuries proximately caused by

their exposure to asbestos-containing products designed, manufactured and sold by Manufacturer Defendants.

195.    Plaintiff alleges that Plaintiff was exposed to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products in his occupation. In that each exposure to such products caused or contributed to Plaintiff's injuries, Plaintiff invokes the doctrine of joint and several liability and states that it should be applied to each Defendant herein.

196.    This cause of action is governed by Substantive Law of Admiralty and is, therefore, nonremovable.

### AS AND FOR AN NINTH CAUSE OF ACTION
### SPOUSAL LOSS OF CONSORTIUM

197.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

198.    Plaintiff spouse, Elizabeth J. Coons was the lawful wife of the Plaintiff's decedent, Vincent W. Coons .

199.    As a consequence of Plaintiff decedent's injuries, Plaintiff spouse has suffered a loss of consortium, including but not limited to companionship, affection, support, services and society.

### AS AND FOR A TENTH CAUSE OF ACTION SOUNDING
### IN WRONGFUL DEATH

200.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

201.    During the scope and course of his employment decedent was exposed to, came into contact with, and inhaled and ingested asbestos fibers and dust emanating from, and released by, the Defendants' asbestos products.

202.    As a result of the aforesaid unavoidable inhalation and ingestion of asbestos fibers and dust emanating from, and released, by Defendants' asbestos products, the decedent sustained asbestos-related injuries, disease and illness resulting in his death.

203.    The decedent's asbestos-related illness and death arose from, and was proximately caused by, the negligence, recklessness, and departures of the defendants as more fully described herein above.

204.    The decedent left surviving his next of kin, who have sustained pecuniary damages including loss of decedent's income, support, inheritance, care and assistance; have incurred medical, funeral and other expenses; and have suffered the loss of decedent's advice, guidance, counsel and consortium.

**WHEREFORE**, Plaintiffs pray for relief against defendants, together with interest, costs and disbursements in this action.

Dated:  New York, New York
         April 22, 2009

Yours, etc.,

**BELLUCK & FOX LLP**
Attorneys for Plaintiff
295 Madison Avenue, 37th floor
New York, New York 10017
(212) 681-1575

By: _____
          Joseph W. Belluck, Esq.

NEW YORK
COUNTY CLERK'S OFFICE

APR 22 2009

NOT COMPARED
WITH COPY FILED

-54-

STATE OF NEW YORK      )
                                            ss.:
COUNTY OF NEW YORK )

The undersigned, an attorney admitted to practice in the Courts of New York State,

shows:

Deponent is a member of the firm BELLUCK & FOX LLP, counsel for the plaintiffs in the

within action; deponent has read the foregoing Summons and Verified Complaint and knows the

contents thereof; the same is true to deponent's own knowledge, except as to the matters therein

stated to be alleged on information and belief, and that as to those matters deponent believes same

to be true.  This verification is made by deponent and not by plaintiffs because plaintiffs reside

outside of the County of New York where the deponent maintains his office.

Dated: New York, New York
          April 22, 2009

_____
                                    Joseph W. Belluck, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
ELIZABETH J. COONS, Individually and as Executrix of    Index No. : 3919 0138/2009
the Estate of VINCENT W. COONS, Deceased.

**CERTIFICATION**

                                                    Plaintiffs,

- against -

A.O. SMITH WATER PRODUCTS, et al.,

                                                    Defendants.
-------------------------------------------------------------------x

        Joseph W. Belluck, Esq., an attorney duly admitted to practice before the Courts of the State

of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of the

Chief Administrator that to the best of my knowledge, information and belief, which was formed

after a reasonable inquiry under the circumstances, the presentation of the foregoing Summons and

Verified Complaint and it contents are not frivolous, as the term is defined in Part 130.

Dated:  New York, New York
        April 21, 2009

                                Yours, etc.
                                **BELLUCK & FOX LLP**
                                Attorneys for Plaintiff
                                295 Madison Avenue, 37th floor
                                New York, New York 10017
                                (212) 681-1575

                                By:_____
                                        Joseph W. Belluck, Esq.

-56-

## VINCENT COONS DEFENDANT SERVICE LIST

| DEFENDANTS | SERVICE |
|---|---|
| **A.O. SMITH WATER PRODUCTS** | c/o The Prentice Hall Corp. Systems<br>80 State Street<br>Albany, New York 12207 |
| **A.W. CHESTERTON**<br>225 Fulton Road<br>Stoneham, Massachusetts 01280 | c/o Secretary of State<br>Albany, New York 12207 |
| **ALFA LAVAL, INC.**<br>5400 International Trade Drive<br>Richmond, Virginia 23231 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **ALLEGHENY TELEDYNE INCORPORATED, Individually and as Successor to Allegheny Technologies Incorporated and Farris Valves and/or Sprague Pumps**<br>1000 Six PPG Place<br>Pittsburgh, Pennsylvania 15222-5479 | DIRECT |
| **ALMA PRODUCTS CO.**<br>2000 Michigan Avenue<br>Alma, Michigan 48801 | DIRECT |
| **AMERICAN STANDARD, INC.**<br>One Continental Avenue<br>Piscataway, New Jersey 08855 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **ARMSTRONG INTERNATIONAL, INC.**<br>816 Maple Street<br>Three Rivers, Michigan 49093 | DIRECT |
| **ATWOOD & MORRILL CO., INC. d/b/a Weir Valves & Controls USA Inc.**<br>285 Canal Street<br>Salem, Massachusetts 01970 | c/o Secretary of State<br>Albany, New York 12207 |
| **AURORA PUMP**<br>800 Airport Road<br>North Aurora, Illinois 60542 | **DIRECT - CERTIFIED MAIL RRR**<br>c/o Lynette Jones<br>13515 Ballantyne Corporate Place<br>Charlotte, North Carolina 28277 |
| **BIRD INCORPORATED f/k/a Bird & Son, Inc.** | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **BONDEX INTERNATIONAL INC.** | **DIRECT - CERTIFIED MAIL RRR**<br>Legal Department<br>707 Spirit 40 Park Drive - Suite 130<br>Chesterfield, Missouri 63005 |

| DEFENDANTS | SERVICE |
|---|---|
| **BORG WARNER CORPORATION, by its Successor-In-Interest, Borg Warner Morse TEC Inc.** 3850 Hamlin Road Auburn Hills, Michigan 48326 | c/o The Corporation Trust Company 1209 North Orange Street Wilmington, Delaware 19801 |
| **BUFFALO PUMPS, INC.** Louis Berkman 600 Grant Street Pittsburgh, Pennsylvania 15219 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **BURNHAM CORPORATION** Albert Morrison III 1241 Harrisburg Ave. Lancaster, Pennsylvania 17604-3205 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **BW/IP INTERNATIONAL CO., formerly known as Borg Warner Industrial Products Inc., a former subsidiary of and successor to Borg Warner Corp. and Byron Jackson Pumps** BW/IP International Inc. Flowserve World Headquarters 5215 N. O'Connor Blvd., Suite 2300 Irving, Texas 75039 | DIRECT |
| **CARRIER CORPORATION** One Carrier Place Farmington, Connecticut 06032-4015 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CATERPILLAR INC.** 100 NE Adams Street Peoria, Illinois 61629-7310 Attention: Glen A. Barton | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CBS f/k/a Viacom Inc as Sucessor in Interest to Westinghouse Electric Corp.** c/o Adrienne Harrington 51 West 52nd Street New York, New York 10019 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CERTAIN-TEED CORPORATION** 750 East Swedesford Road Valley Forge, Pennsylvania 19482 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CLEAVER-BROOKS COMPANY f/k/a Aqua-Chem, Inc.** 11950 West lake Park Drive Milwaukee, Wisconsin 53224 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CRANE CO. (THE), Individually and as Successor to Cochrane** | c/o The Corporation Trust Company 1209 North Orange Street Wilmington, Delaware 19801 |

| DEFENDANTS | SERVICE |
|---|---|
| **CROSBY VALVE AND GAGE COMPANY**<br>43 Kendrick Street<br>Wrentham, Massachusetts 02093 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **CUMMINS ENGINE COMPANY, INC.**<br>500 Jackson Street<br>Columbus, Indiana 47201 | DIRECT |
| **CUMMINS INC.**<br>500 Jackson Street<br>Columbus, Indiana 47201 | DIRECT |
| **CURTISS-WRIGHT FLOW CONTROL CORPORATION,**<br>**Individually and as Successor to Farris Valves and/or Sprague**<br>**Pumps**<br>1966 Broadhollow Road<br>E. Farmingdale, New York 11735 | c/o Secretary of State<br>Albany, New York 12207 |
| **DAIMLERCHRYSLER CORPORATION**<br>1000 Chrysler Drive<br>Auburn Hills, Michigan 48326 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **DANA CORPORATION, Individually and as Successor to Warner**<br>**Electric Brake & Clutch Company and Cutler-Hammer Inc.**<br>4500 Dorr Street<br>Toledo, Ohio 43615 | DIRECT |
| **DEAN PUMP DIVISION**<br>6040 Guion Road<br>Indianapolis, Indiana 46254 | DIRECT |
| **DETROIT DIESEL CORPORATION**<br>13400 Outer Drive West<br>Detroit, Michigan 48239 | DIRECT |
| **EATON CORPORATION, Individually and now known as Eaton**<br>**Electrical, Inc. and As Successor to The Vickers Pump Company**<br>**and Cutler-Hammer, Inc.**<br>Eaton Center<br>1111 Superior Avenue<br>Cleveland, Ohio 44114-2584 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **ELECTROLUX HOME PRODUCTS, INC., Individually and as**<br>**Successor to Tappan and Copes-Vulcan**<br>18013 Cleveland Parkway, Suite 100<br>Cleveland, Ohio 44135 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH Floor<br>New York, New York 10011 |
| **ELLIOTT TURBOMACHINERY CO., INC.**<br>North 4th Street<br>Jeannette, Pennsylvania 15644 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |

| DEFENDANTS | SERVICE |
|---|---|
| **ENPRO INDUSTRIES, INC., Individually and as Successor to Fairbanks Morse Engine**<br>225 Hillsborough Street<br>Raleigh, North Carolina 27603 | DIRECT |
| **FAIRBANKS MORSE PUMP COMPANY**<br>3601 Fairbanks Avenue<br>Kansas City, Kansas 66106 | DIRECT - CERTIFIED MAIL RRR<br>c/o Belinda Smith<br>13515 Ballantyne Corporate Place<br>Charlotte, North Carolina 28277 |
| **FAIRBANKS MORSE ENGINE**<br>701 White Avenue<br>Beloit, Wisconsin 53511 | DIRECT |
| **FLOWSERVE US, INC., solely as Successor to Rockwell Manufacturing Company, Edward Valves, Inc., Nordstrom Valves, Inc. and Edward Vogt Valve Company**<br>General Counsel<br>5215 North O'Connor Blvd, Ste 2300<br>Irving, Texas 75039 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **FMC CORPORATION, Individually and as Successor to Northern Pump Company, Coffin and Peerless Pump Company**<br>1735 Market Street<br>Philadelphia, Pennsylvania 19103 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **FORD MOTOR COMPANY**<br>One American Road<br>Dearborn, Michigan 48126<br>Attention:  William Clayford, Jr. | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **FOSTER WHEELER, LLC**<br>Perryville, Corporate Park<br>Route 173 at Frontage Road<br>Clinton, New Jersey 08809 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **FREIGHTLINER, Individually and as Successor to Western Star Trucks**<br>c/o Western Star Trucks<br>North American Headquarters<br>12120 Telegraph Road<br>Redford Township, Michigan 48239 | DIRECT |
| **GARDNER DENVER, INC.**<br>1800 Gardner Expressway<br>Quincy, Illinois 62301 | c/o Corporation Service Company<br>80 State Street<br>Albany, New York 12207-2543 |
| **GARLOCK, INC.**<br>Federal-Mogul Corp.<br>World Headquarters<br>26555 Northwestern Highway<br>Southfield, Michigan 48034 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |

| DEFENDANTS | SERVICE |
|---|---|

**GENERAL ELECTRIC COMPANY**
3135 Easton Turnpike
Fairfield, Connecticut 06432

**DIRECT - CERTIFIED MAIL RRR**
Henry J. King, Jr., Esq.
Managing Attorney
Electric Insurance Company
152 Conant Street
Beverly, Mass. 01915

**GENERAL MOTORS CORPORATION**
300 Renaissance Center
Detroit, Michigan 48265
Attention:  G. Richard Wagoner Jr.

c/o Corporate Trust Systems
111 8th Avenue 13TH floor
New York, New York 10011

**GENUINE PARTS COMPANY**
2999 Circle 75 Parkway
Atlanta, Georgia 30339

c/o Secretary of State
Albany, New York 12207

**GEORGIA-PACIFIC CORPORATION, Individually and as
successor to Bestwall Gypsum Company**
133 Peachtree Street North East
Atlanta, Georgia 30303

c/o Corporate Trust Corporation Systems
111 8th Avenue 13TH floor
New York, New York 10011

**GOODYEAR CANADA, INC.**
450 Kipling Avenue
Toronto, Ontario
Canada 8M2 5E1

**DIRECT**

**GOODYEAR TIRE & RUBBER COMPANY (THE)**
1144 East Market Street
Akron, Ohio 44316

c/o Corporation Service Company
80 State Street
Albany, New York, 12207-2543

**GOULDS PUMPS, INC.**

c/o The Corporation Trust Company
1209 North Orange Street
Wilmington, Delaware 19801

**GRINNELL CORPORATION**
3 Tyco Park
Exeter, New Hampshire 03833

**DIRECT - CERTIFIED MAIL RRR**
Brady Edwards, Esq.
Morgan, Lewis & Bockius LLP
1000 Louisiana St., Suite 4200
Houston, Texas 77002-5006

Paul Scrudato, Esq.
Schiff Hardin LLP
900 Third Avenue, 23rd Floor
New York, New York 10022

**HENRY VOGT COMPANY**
120 Broadway,  Room 332
New York, New York 10005

c/o Secretary of State
Albany, New York 12207

**HENRY VOGT MACHINE CO.**
1000 W. Ormsby Avenue
Louisville, Kentucky 40210-1810

**DIRECT**

-61-

| DEFENDANTS | SERVICE |
|---|---|
| **HONEYWELL INTERNATIONAL, INC. f/k/a Alliedsignal, Inc., and as Successor-in-interest to the Bendix Corp.**<br>101 Columbia Rd<br>Morristown, New Jersey 07962-1057 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **HOWDEN BUFFALO, INC., Individually and as Successor-In-Interest to FB Sturtevant, The Howden Buffalo Group and Buffalo Fan**<br>2029 West Dekalb Street<br>Camden, South Carolina 29020 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **I.T.T. INDUSTRIES, INC., Individually and as successor to Bell & Gossett and Grinnell Corporation**<br>133 Peachtree Street North East<br>Atlanta, Georgia 30303 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **IMO INDUSTRIES, INC. f/k/a Delaval, Inc.**<br>1009 Lenox Drive<br>Lawrenceville, New Jersey 08648 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **INGERSOLL-RAND COMPANY**<br>200 Chestnut Ridge Road<br>Woodcliff Lake, New Jersey 07675 | **DIRECT - CERTIFIED MAIL RRR**<br>Lisa M. Pascarella<br>Pehlivanian & Braaten LLC<br>Paynter's Ridge Office Park<br>2430 Route 34<br>Manasquan, New Jersey 08736 |
| **INTERNATIONAL TRUCK AND ENGINE CORPORATION**<br>4201 Winfield Road<br>Warrenville, Illinois 60555<br>Attention: John R. Horne | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **JOHN CRANE, INC.**<br>6400 West Oakton<br>Morton Grove, Illinois 60053 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **KENTILE FLOORS, INC. f/k/a Kentile Operating Company** | **DIRECT - CERTIFIED MAIL RRR**<br>c/o G&K Consultants LLC<br>31 East 28th Street, 8th Floor<br>New York, NY |
| **LESLIE CONTROLS, INC.**<br>12501 Telecom Drive<br>Tampa, Florida 33637 | **DIRECT** |
| **MACK TRUCKS, INC.**<br>2100 Mack Boulevard<br>Allentown, Pennsylvania 18103 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |

| DEFENDANTS | SERVICE |
|---|---|
| **MAREMONT CORPORATION, Individually and as Successor to Grizzly**<br>One Noblitt Plaza<br>Columbus, IN 47202 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **MARLEY COMPANY (THE), Individually and a division of Weil-Mclain Company, Inc. and Successor-in-interest to the Wylain Co.** | c/o Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **METROPOLITAN LIFE INSURANCE CO.**<br>One Madison Avenue<br>New York, New York 10010-3603 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **NASH ENGINEERING COMPANY (THE)**<br>9 Trefoil Drive<br>Trunbull, Connecticut 06611 | c/o Secretary of State<br>Albany, New York 12207 |
| **NAVISTAR INTERNATIONAL CORPORATION**<br>455 N. Cityfront Plaza Drive<br>Chicago, Illinois 60611<br>Attention: John R. Horne | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION** | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **OWENS-ILLINOIS, INC.**<br>One Seagate<br>Toledo, Ohio 43659 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **PACCAR INC., Individually and through its division, Peterbilt Motors Co., and Kenworth Truck Company**<br>777 106th Avenue NE<br>Belluvue, Washington 98009 | c/o Corporation Service Company<br>80 State Street<br>Albany, New York 12207 |
| **PATTERSON PUMP COMPANY, a Subsidiary of the Gorman-Rupp Company and Individually and as successor to C.H. Wheeler Manufacturing and Griscom Russell**<br>9201 Ayersville Road<br>Toccoa, Georgia 30577 | **DIRECT** |
| **PEERLESS INDUSTRIES, INC.** | **DIRECT - CERTIFIED MAIL RRR**<br>Carol Martindell<br>National Coordinating Counsel Paralegal<br>McGivney & Kluger, P.C.<br>23 Vreeland Road - Suite 220<br>Florham Park, NJ 07932 |
| **RAPID-AMERICAN CORPORATION, Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing** | c/o The Prentice-Hall Corporation Systems<br>2711 Centerville Road<br>Wilmington, Delaware 19808 |

-63-

| DEFENDANTS | SERVICE |
|---|---|
| **RHEEM MANUFACTURING CORP.** | c/o Secretary of State<br>Albany, New York 12207 |
| **RILEY POWER, INC. f/k/a Babcock Borsig Power, Inc. and f/k/a Riley-Stoker Corporation d/b/a DB Riley, Inc.**<br>Thomas F Barile<br>5 Neponset Street<br>Worcester, Massachusetts 01606 | c/o Corporation Service Company<br>80 State Street<br>Albany, New York 12207-2543 |
| **RPM, INC., Individually and as Successor to Republic Powdered Metals and as Successor to Bondex International, Inc.** | **DIRECT - CERTIFIED MAIL RRR**<br>c/o Mr. Frank C. Sullivan, President<br>RPM, Inc.<br>2628 Pearl Road<br>Medina, Ohio 44258 |
| **SEARS, ROEBUCK AND COMPANY**<br>333 Beverly Road<br>Hoffman Estates, Illinois 60179 | c/o Secretary of State<br>Albany, New York 12207 |
| **SPENCE ENGINEERING COMPANY, INC.**<br>50 Coldenham Road<br>Walden, New York 12586 | c/o Secretary of State<br>Albany, New York 12207 |
| **STEWART WARNER CORPORATION**<br>33 Commercial Street B52-S1<br>Foxboro, Massachusetts 02035 | **SERVE VIA CT CORP**<br>One Commercial Plaza<br>Hartford, Connecticut |
| **TRANE U.S. INC. f/k/a American Standard, Inc.**<br>One Continental Avenue<br>P.O. Box 6820<br>Piscataway, New Jersey 08855 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **TYCO FLOW CONTROL, INC., Individually and as Successor to Yarway Corporation and Grinnell Corporation**<br>2405 Maryland Road<br>Willow Grove, Pennsylvania 19090 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |

| DEFENDANTS | SERVICE |
|---|---|
| **TYCO INTERNATIONAL (US) INC., Individually and as Successor to Hancock Valves and Lonergan Valves and Yarway Corporation and Grinnell Corporation**<br>9 Roszel Road<br>Princeton, New Jersey 08540 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **UNION CARBIDE CORPORATION**<br>2030 Dow Center<br>Midland, Michigan 48674 | **DIRECT - CERTIFIED MAIL RRR**<br>Judith A. Yavitz, Esq.<br>Anderson Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, New York 10020 |
| **VOGT-NEM, INC., Individually and as Successor to Henry Vogt Machine Co.**<br>4000 DuPont Circle<br>Louisville, Kentucky 40207 | **DIRECT** |
| **WARREN PUMPS, INC., Individually and as Successor to The Quimby Pump Company**<br>82 Bridges Avenue<br>Warren, Massachusetts 01083-0969 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **WEIL-McLAIN, a division of Marley-Wylain Company**<br>500 Blaine Street<br>Michigan City, Indiana 46360-2388 | **DIRECT** |
| **YARWAY CORPORATION**<br>480 Norristown Road<br>Blue Bell, Pennsylvania 19422 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **YORK INTERNATIONAL CORPORATION, Individually and as Successor to Frick Company**<br>631 South Richland Avenue<br>York, Pennsylvania 17405-1592 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **ZURN INDUSTRIES, INC. a/k/a and Successor-in-Interest to Erie City Iron Works**<br>500 Knowledge Parkway, Suite 200<br>Erie, Pennsylvania 16501 | c/o Secretary of State<br>Albany, New York 12207 |

AOC-056-11
Rev. 2-00

Commonwealth of Kentucky
Court of Justice

| Case | 09P001125 |
|---|---|
| County | Jefferson |
| Court District | Probate |

CERTIFICATE OF QUALIFICATION

IN Re: Estate of    Vincent W. Coons , Deceased

DOB: 08/25/20
DOD: 07/31/2008
SSN: last 4 #'s 3386

Proper petition having been filed and the Court having appointed

Elizabeth J. Coons                                    as

Administratrix with Will Annexed

of the above estate on the ___1st___ day of ___April___, ___2009___, and the fiduciary having filed in Court bond in the sum of $ _250,000_____, the amount fixed, with OUT SURETY as surety, which was approved by the Court, said fiduciary was thereupon duly sworn as required by law and thus qualified on the above date.

The above Order and Qualification is in full force and effect this ___1st___ day of ___April___, _2009_.

CERTIFIED COPY OF RECORD
OF JEFFERSON DISTRICT COURT

By _DAVID L. NICHOLSON, CLERK_
BY _____
DAVID L. NICHOLSON, DEPUTY CLERK

Attest: _____
DAVID L. NICHOLSON
_____ Clerk

By _____ D.C.

VERIFICATION
NOT A CERTIFIED COPY

**COMMONWEALTH OF KENTUCKY**
**CABINET FOR HEALTH & FAMILY SERVICES**
**REGISTRAR OF VITAL STATISTICS**
**CERTIFICATE OF DEATH**

2008 0 2 2 8 4 4
116

| | | |
|---|---|---|
| **DECEDENT** 1. DECEDENT'S NAME (First, Middle, Last) Vincent Warden Coons | 2. SEX Male | 3. DATE OF DEATH (Month, Day, Year) July 31, 2008 |

MUST BE TYPED

| 4. SOCIAL SECURITY NUMBER 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 | 5a. AGE Last Birthday (Years) 87 | 5b. UNDER 1 YEAR (Months) (Days) | 5c. UNDER 1 DAY (Hours) (Minutes) | 6. DATE OF BIRTH (Month, Day, Year) August 25, 1920 | 7. BIRTHPLACE (City/State or Foreign Country) Dansville, NY |
|---|---|---|---|---|---|

| 8. WAS DECEDENT EVER IN U.S. ARMED FORCES? [X] YES [ ] NO | 9. PLACE OF DEATH (Check only one) HOSPITAL: [X] Inpatient [ ] ER/Outpatient [ ] DOA OTHER: [ ] Nursing Home [ ] Residence [ ] Other (Specify) |
|---|---|

| 9a. FACILITY NAME (If not institution, give street and number) VA Medical Center | 9b. CITY, TOWN, OR LOCATION OF DEATH Louisville | 9c. COUNTY OF DEATH Jefferson |
|---|---|---|

| 10. MARITAL STATUS Married, Never Married Widowed, Divorced (Specify) Married | 11. SURVIVING SPOUSE (If wife, give maiden name) Elizabeth Heggie | 12a. DECEDENT'S USUAL OCCUPATION (Give kind of work done during most of working life. Do not use retired.) Self Employed | 12b. KIND OF BUSINESS/INDUSTRY Home Improvement |
|---|---|---|---|

| 13a. RESIDENCE – State Kentucky | 13b. COUNTY Jefferson | 13c. CITY, TOWN, OR LOCATION Louisville | 13d. STREET AND NUMBER 5327 Dever Avenue |
|---|---|---|---|

| 13e. INSIDE CITY LIMITS? [X] YES [ ] NO | 13f. ZIP CODE 40214 | 14. WAS DECEDENT OF HISPANIC ORIGIN? (Specify Yes or No – If yes, specify Cuban, Mexican, Puerto Rican, etc.) [ ] YES [X] NO | 15. RACE – American Indian, Black, White, etc. (Specify) White | 16. DECEDENT'S EDUCATION (Specify only highest grade completed) Elem/Secondary (0-12) 9  College (1-4 or 5+) |
|---|---|---|---|---|

| **PARENTS** 17. FATHER'S NAME (First, Middle, Last) John Coons | 18. MOTHER'S NAME (First, Middle, Maiden Surname) Emma Fox |
|---|---|

| **INFORMANT** 19a. INFORMANT'S NAME Elizabeth Coons | 19b. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, Zip Code) 5327 Dever Avenue Louisville , KY 40214 |
|---|---|

| **DISPOSITION** 20a. METHOD OF DISPOSITION [X] Burial [ ] Cremation [ ] Removal from State [ ] Donation [ ] Other (Specify) | 20b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) Evergreen Cemetery | 20c. LOCATION (City, Town, or State) Louisville, KY |
|---|---|---|

| **CERTIFIER** 21. SIGNATURE OF FUNERAL SERVICE LICENSEE (Or person acting as such) *Martha Sahuy* (Must Use Blue/Black Ink) Electronic signature is legally acceptable pursuant to KRS 369.107 and KRS 369.118 | DATE SIGNED (Month, Day, Year) 8/9/2008 | 22. NAME AND ADDRESS OF FACILITY Evergreen Funeral Home (536) 4623 Preston Hwy Louisville, KY 40213 |
|---|---|---|

| 23a. To the best of my knowledge, death occurred at the time, date, place and due to the cause(s) stated. Signature and Title _____ (Must Use Blue/Black Ink) Electronic signature is legally acceptable pursuant to KRS 369.107 and KRS 369.118 | 23b. DATE SIGNED (Month, Day, Year) 8/1/08 |
|---|---|

| 24. NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (ITEM 28) Dr. Lisa Vuocolo, 800 Zorn Avenue, Louisville, KY 40206 |
|---|

| **CAUSE OF DEATH** 25. TIME OF DEATH 9:45 a.m. | 26. DATE PRONOUNCED DEAD (Month, Day, Year) July 31, 2008 | 27. WAS CASE REFERRED TO MEDICAL EXAMINER/CORONER? [ ] YES [X] NO |
|---|---|---|

28. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock or heart failure. List only one cause on each line. NOTE: Kentucky data indicate that diabetes is likely underreported on death certificates. If known, document diabetes as a "cause of" or "contributing cause of" death as appropriate in Parts I and II.

Approximate interval between onset and death

| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. Sepsis DUE TO (OR AS A CONSEQUENCE OF): |
|---|---|
| Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST | b. DUE TO (OR AS A CONSEQUENCE OF): |
| | c. DUE TO (OR AS A CONSEQUENCE OF): |
| | d. DUE TO (OR AS A CONSEQUENCE OF): |

| PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | 26a. If female, was there a pregnancy in the past 12 months? [ ] Yes [ ] No | 28b. Was an autopsy performed? [X] Yes [ ] No | 28c. Were autopsy findings available prior to completion of cause of death? [ ] Yes [X] No |
|---|---|---|---|

| **CAUSE OF DEATH** 29. MANNER OF DEATH [X] Natural [ ] Homicide [ ] Accident [ ] Pending Investigation [ ] Suicide [ ] Could not be Determined | 30a. DATE OF INJURY (Month, Day, Year) | 30b. TIME OF INJURY | 30c. INJURY AT WORK? [ ] YES [ ] No | 30d. DESCRIBE HOW INJURY OCCURED |
|---|---|---|---|---|
| | 30e. PLACE OF INJURY – At home, farm, street, factory, office building, etc. (Specify) | | 30f. LOCATION (Street and Number or Rural Route Number, City or Town) | |

| **REGISTRAR** 31. REGISTRAR'S SIGNATURE *Paul F. Royse* | 32. DATE FILED (Month, Day, Year) AUG 1 2 2008 |
|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
ELIZABETH J. COONS, Individually and as Executrix of
the Estate of VINCENT W. COONS, Deceased.

            Plaintiff,

 - against -

A.O. SMITH WATER PRODUCTS, et al.,

           Defendants.
------------------------------------------------------------------x

Index No.: *190138/2009*

PLAINTIFFS
INITIAL FACT SHEET

NEW YORK
COUNTY CLERK'S OFFICE

APR 22 2009

NOT COMPARED
WITH COPY FILED

1. FULL NAME:  VINCENT COONS

2. ADDRESS: **5327 DEVERS AVENUE, LOUISVILLE, KENTUCKY 40214**

3. DATE OF BIRTH: **AUGUST 25, 1920**

4. SOCIAL SECURITY NUMBER: **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**

5. UNION/LOCAL/YEARS OF MEMBERSHIP: **N/A**

6. DATE OF CLAIMANT'S FIRST CLAIMED ASBESTOS EXPOSURE : **1943**

7. SMOKING HISTORY:

  FOR ALL CIGARETTES, PIPES, CIGARS, PLEASE STATE THE INCLUSIVE DATES OF CLAIMANT'S
  SMOKING HISTORY, THE PRODUCTS SMOKED AND THE AMOUNT OF PRODUCT CONSUMED PER
  DAY: **TO BE PROVIDED.**

8. AT THIS PRELIMINARY STAGE OF THE PROCEEDINGS, PLEASE PROVIDE AS MUCH OF THE
  FOLLOWING INFORMATION AS IS PRESENTLY AVAILABLE: WORKSITES, INCLUSIVE DATES, AND
  TRADE OR OCCUPATION FOR EACH SITE. (EACH WORKSITE SHOULD BE IDENTIFIED AS
  SPECIFICALLY AS POSSIBLE (I.E., SHIPS WORKED ON IN A GIVEN SHIPYARD): **1943-1945:**
  **UNITED STATES ARMY; 1946-1947: J.W. JONES CHEMICAL, CALEDONIA, NY.**

9. CLAIMED ASBESTOS-RELATED DISEASE, INCLUDING DATE OF DIAGNOSIS AND NAME OF
  DIAGNOSING PHYSICIAN OR INSTITUTION IF KNOWN (AN ATTACHED MEDICAL REPORT WOULD
  BE HELPFUL BUT IS OPTIONAL): **PLAINTIFF HAS BEEN DIAGNOSED WITH MESOTHELIOMA.**
  **PATHOLOGY ATTACHED.**

PLAINTIFFS ARE IMPRESSED WITH THE NEED FOR ACCURACY IN COMPLETING THIS FORM AND ARE REMINDED OF THE COURT'S INHERENT POWER TO SANCTION FOR THE FILING OF INACCURATE INFORMATION.

Dated:  New York, New York
        April 22, 2009

**BELLUCK & FOX LLP**
Attorneys for Plaintiff
295 Madison Avenue, 37th floor
New York, NY 10017
(212) 681-1575

By: _____
        Joseph W. Belluck, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
ELIZABETH J. COONS, Individually and as Executrix of     Index No.: 190138/2009
the Estate of VINCENT W. COONS, Deceased.

                             **CERTIFICATION**

                     Plaintiff,

- against -

A.O. SMITH WATER PRODUCTS, et al.,

                     Defendants.
-------------------------------------------------------------------x

NEW YORK
COUNTY CLERK'S OFFICE

APR 22 2009

NOT COMPARED
WITH COPY FILED

      Joseph W. Belluck, Esq., a attorney duly admitted to practice before the Courts of the State

of New York, hereby certified in accordance with 22 NYCRR Part 130-1.1-a of the Rules of the

Chief Administrator that to the best of my knowledge, information and belief, which was formed

after a reasonable inquiry under the circumstances, the presentation of the foregoing Plaintiff's Initial

Fact Sheet and its content are not frivolous, as the term is defined in Part 130.


Dated:  New York, New York        **BELLUCK & FOX LLP**
       April 22, 2009            Attorneys for Plaintiff
                                   295 Madison Avenue, 37th floor
                                   New York, NY 10017
                                   (212) 681-1575

                       By: _____
                              Joseph W. Belluck, Esq.

```
                              Report from: LOUISVILLE, KY VAMC    Station #603
Autopsy
COONS,VINCENT WARDEN  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                       AUG 25,1920 (87)
==============================================================================
                       *** WORK COPY ONLY ***

                       ---- AUTOPSY ----


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     CLINICAL RECORD |               AUTOPSY PROTOCOL
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Date died: Jul 31. 2008 09:45       | Autopsy date: JUL 31, 2008@13:30
Resident:                           | TRUNK ONLY    Autopsy No. AU 08 7
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



    CLINICAL DIAGNOSIS:


    1. ALZHEIMER'S DEMENTIA
    2. HYPERTENSION
    3. PLEURAL EFFUSION
    4. ANEMIA
    5. BENIGN PAROXYSMAL POSITIONAL VERTIGO
    6. OSTEOARTHRITIS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



    PROVISIONAL ANATOMICAL DIAGNOSIS:



    PRINCIPAL:


        I.  MALIGNANT MESOTHELIOMA, LEFT PLEURA AND LEFT LUNG

            A. Tumor involves left side entire parietal and
               visceral pleura, left side of thoracic diaphragm,
               and infiltrates left lower lobe of lung.


       II. ATHEROSCLEROTIC CARDIOVASCULAR DISEASE, SEVERE
            A. Coronary atherosclerosis
               1. Mostly left coronary artery and anterior
                  descending upto 85 % occlusion
               2. Pericarditis, fibrinous, with adhesions

            B. Atherosclerosis of aorta and major vessels, severe

            C. Cardiomegaly (720 gram)

               1. Systemic hypertension, clinical
               2. Evidence of congestive heart failure
                  a. Chronic passive congestion of liver and
                     spleen (liver 1700 gram, spleen 300 gram)
                  *** WORK COPY ONLY ***     (continued...)
```

Report from: LOUISVILLE, KY VAMC    Station #603

Autopsy
COONS,VINCENT WARDEN   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                          AUG 25,1920 (87)
================================================================================
                          *** WORK COPY ONLY ***
(...continued)

                   b. Bilateral pleural effusion (2.0 Litre left
                      and 500 cc right pleural cavity)
                   c. Pulmonary congestion

            D. Nephrosclerosis, arterio and arteriolosclerotic,
               moderate


      GENERAL (BY SYSTEM)


            RESPIRATORY
              I.  See Principal 1
             II.  Tracheo-bronchitis, mild

            GASTROINTESTINAL (INCLUDING HEPATOBILIARY)

              I.  Stomach with atrophic gastritis
             II.  Sigmoid colon with diverticular disease

            GENITOURINARY
              I.  See Principal IID
             II.  Renal cortical cysts,2.5 cm, left kidney
            III.  Urinary bladder with congestion
             IV.  Nodular prostatic hyperplasia


CLINICAL SUMMARY:

  87y.o. WHITE MALE with a h/o multiple admissions for pleural effusion
(thought secondary to mesothelioma), hx of alzhiemer's dementia and
anemia, benign paroxysmal positional vertigo, macular degeneration,
osteoarthrosis, anemia and history of hypertension presented on
07/24/08 with worsening pleural effusion and dementia. Patient was
hospitalized in April 08 for pleural effusion with an inconclusive
pathology report, however mesothelioma was highly likely.  Pt recieved
a pigtail catheter at that time and was sent home with pulmonary
follow up.  In May, pt was admitted again for similar complaint of
increasing pleural effusion at St. Mary's.  At that time, his pigtail
catheter was removed and a chest tube was placed for three days.
Thoracic surgeon was consulted for left VATS, biopsies were
inconclusive. At that time decortication was not recomended due to the
possibility of mesothelioma and conservative measures were offered in
agreement with their consulting pulmonology physician. Now patient
wife opted for DNR and comfort measures only. Comfort measures were
initiated. Patient died on July 31, 2008.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


COONS,VINCENT WARDEN            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        DOB: Aug 25, 1920
                          *** WORK COPY ONLY ***      (continued...)

```
                              Report from: LOUISVILLE, KY VAMC   Station #603
Autopsy
COONS,VINCENT WARDEN   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                    AUG 25,1920 (87)
===================================================================================
                        *** WORK COPY ONLY ***
(...continued)
Acc: AU 08 7                 AUTOPSY DATA        Age:  87
Date/time Died                                  Date/time of Autopsy
Jul 31, 2008 09:45           TRUNK ONLY         JUL 31, 2008@13:30
Resident:                                       Senior: NADEEM,MUHAMMAD




/es/ MUHAMMAD NADEEM
STAFF PATHOLOGIST
Signed AUG 01, 2008@17:27:08
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                               | Provisional Anatomic Dx
Pathologist: MUHAMMAD NADEEM MD            man| Date AUG 01, 2008
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
LOUISVILLE, KY VAMC                             AUTOPSY PROTOCOL
Patient: COONS,VINCENT WARDEN          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  SEX:M  DOB:Aug 25, 1920
HOSPICE TELEPHONE      Physician: LISA M VUOCOLO MD        AGE AT DEATH: 87
                        *** WORK COPY ONLY ***
```

# EXHIBIT B

# AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP

## ATTORNEYS AT LAW

757 THIRD AVENUE, NEW YORK, N.Y. 10017
212 593-6700
FAX: 212 593-6970

MEMBERS OF THE FIRM

| | | | |
|---|---|---|---|
| MARK J. AARONSON | MICHAEL M. FUTTERMAN | JAY A. RAPPAPORT | HILARY S. MACKLIN |
| LAWRENCE D. BLOOMSTEIN | ANDREW I. KAPLAN | LAWRENCE W. ROSENBLATT | (212) 593-8480 |
| NEIL F. BRENES | STEVEN Z. KRONOVET | CAROL E. RUSSELL | HSMacklin@ARFDLAW.COM |
| RICHARD V. CAPLAN | PHILIP D. LERNER | BARBARA A. RYAN | |
| ROBERT J. CECALA | NICHOLAS J. MAROTTA | BARRY M. SCHREIBER | |
| ROBERT S. DEUTSCH | DAVID A. MAYERI | DAWN C. SHAPIRO | |
| SUSAN ETRA | ROBERT S. MELNICK | ALISON R. SHIELDS | |
| PETER J. FAZIO | DANIEL NESSIM | NANCY A. STEPROE | |
| MARK B. FEINSTEIN | NANCY L. PENNIE | ELLIOTT J. ZUCKER | |
| CRAIG P. FENNO | | | |

August 27, 2009

BELLUCK & FOX, LLP
546 5th Avenue, 4th Floor
New York, New York 10036

Attn: Joseph Belluck, Esq.

Re:   **Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W. Coons  v. A.O. Smith Water Products**
      **Index No:  190138/09**
      **Our File No;  5015.001**

Dear Mr. Belluck:

Enclosed please find Detroit Diesel Corporation's Notice of Removal of Claims Against Detroit Diesel Corporation Only that was submitted to The United States District Court, Southern District of New York and the Notice of Filing Notice of Removal that was submitted at New York Supreme Court New York County on August 27, 2009. Please note that the following assignment has been made:

**Federal Court Number:  09 CIV 7496**
**Judge Assignment:  Judge McKenna**

If you have any questions please contact the undersigned at the number listed above.

Very truly yours,

Hilary S. Macklin
HSM:ed

Enclosure

cc: All co-defendants without exhibits

781423



JS 44C/SDNY
REV. 1/2008

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Belluck & Fox, LLP Attorneys for Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W. | Detroit Diesel Corporation |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Aaronson Rappaport Feinstein & Deutsch, LLP<br>757 Third Avenue<br>New York, New York 10017<br>1-212-593-6700 | Nancy L. Pennie, Esq. |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Notice of Removal pursuant to 28 U.S.C. s. 1452 and Federal Rules of Bankruptcy Procedure Rule 9027. The Detroit Diesel Corporation's claims may be removed to this court in that the claims are related to the GM Bankruptcy Case and a resolution of the claims could conceivably have an effect on the estate of GM currently being administered in the GM Bankruptcy Case

Has this or a similar case been previously filed in SDNY at any time? No?☐ Yes?☑  Judge Previously Assigned _____

If yes, was this case Vol.☐ Invol.☐ Dismissed. No☐ Yes☐ If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*               NATURE OF SUIT

TORTS                                           ACTIONS UNDER STATUTES

| CONTRACT | | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|---|
| [ ] 110 | INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 | MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 130 | MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [✗] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 140 | NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | | | [ ] 450 COMMERCE |
| [ ] 150 | RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 630 LIQUOR LAWS | PROPERTY RIGHTS | [ ] 460 DEPORTATION |
| | | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 | MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | |
| [ ] 152 | RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| | | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 690 OTHER | SOCIAL SECURITY | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 | RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | | | LABOR | [ ] 861 HIA (1395f) | [ ] 810 SELECTIVE SERVICE |
| | | | | | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/COMMODITIES/EXCHANGE |
| [ ] 160 | STOCKHOLDERS SUITS | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 190 | OTHER CONTRACT | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 864 SSID TITLE XVI | |
| [ ] 195 | CONTRACT PRODUCT LIABILITY | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 865 RSI (405(g)) | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 | FRANCHISE | ACTIONS UNDER STATUTES | | [ ] 740 RAILWAY LABOR ACT | FEDERAL TAX SUITS | [ ] 891 AGRICULTURAL ACTS |
| | | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 892 ECONOMIC STABILIZATION ACT |
| | | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 893 ENVIRONMENTAL MATTERS |
| | | [ ] 442 EMPLOYMENT | | | | [ ] 894 ENERGY ALLOCATION ACT |
| REAL PROPERTY | | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | IMMIGRATION | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 | LAND CONDEMNATION | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 220 | FORECLOSURE | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | [ ] 462 NATURALIZATION APPLICATION | | |
| [ ] 230 | RENT LEASE & EJECTMENT | | [ ] 550 CIVIL RIGHTS | [ ] 463 HABEAS CORPUS-ALIEN DETAINEE | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240 | TORTS TO LAND | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS | | |
| [ ] 245 | TORT PRODUCT LIABILITY | [ ] 440 OTHER CIVIL RIGHTS | | | | |
| [ ] 290 | ALL OTHER REAL PROPERTY | | | | | |

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____ OTHER _____    JUDGE _____ DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO    NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

**ORIGIN** *(PLACE AN x IN ONE BOX ONLY)*

☐ 1 Original Proceeding  ☑ 2a. Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ 2b. Removed from State Court AND at least one party is pro se.

**BASIS OF JURISDICTION** *(PLACE AN x IN ONE BOX ONLY)*

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Belluck & Fox LLP
51 East 42nd Street
New York, NY 10017  212-681-1575  NEW YORK COUNTY

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Aaronson, Rappaport Feinstein & Deutsch, LLP
757 Third Avenue
New York, New York 10017  NEW YORK COUNTY

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  ☐ WHITE PLAINS  ☑ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 8/26/09   SIGNATURE OF ATTORNEY OF RECORD   *Nancy L. Kevin*

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[✓] YES (DATE ADMITTED Mo. 9  Yr. 1990 )
Attorney Bar Code # NLP5485 5845

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ELIZABETH J. COONS, INDIVIDUALLY AND
AS EXECUTRIX FOR THE ESTATE OF                    Case No.  CV
VINCENT W. COONS
                              Plaintiff(s),

            -against-

DETROIT DIESEL CORPORATION,

                        Defendant(s).

## **RULE 7.1 CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, defendant Detroit Diesel

Corporation, a non-governmental corporate party, hereby discloses that:


1.  Detroit Diesel Corporation is a wholly owned subsidiary of Daimler North

America Corporation which in turn is a wholly owned subsidiary of Daimler AG.

2. No publically held corporation in the United States owns 10% or more of the stock in

Detroit Diesel Corporation.


Dated: August 25, 2009


                              By: Nancy L. Pennie, (NLP 5845)
                              Aaronson Rappaport Feinstein      &
                              Deutsch
                              Attorneys for Defendant Detroit Diesel
                              Corporation
                              757 Third Avenue
                              New York, New York 10017

{00780606.DOC }

CC: Belluck & Fox
Attorneys for Plaintiff
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212)681-1575

AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
Attorneys for Defendant
Detroit Diesel Corporation
757 Third Avenue
New York, New York 10017

JUDGE McKENNA   09 CIV 7496

RECEIVED
AUG 27 2009
U.S.D.C. S.D.
CASHIER'S COURT

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH J. COONS, individually and as Executrix of the ESTATE of VINCENT W. COONS | Case No.   CV |
| Plaintiff, | **NOTICE OF REMOVAL OF CLAIMS AGAINST DETROIT DIESEL CORPORATION ONLY** |
| v. | |
| A.O. WATER SMITH PRODUCTS, et al., | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Detroit Diesel Corporation ("DDC"), by its attorneys and for the purpose only of removing the claims asserted against it in the State Court Proceeding (as defined below), to the United States District Court for the Southern District of New York, respectfully avers as follows:

1.      This removal is of claims asserted against DDC only in that certain civil action filed and now pending in the Supreme Court of the State New York, County of New York, bearing case name Elizabeth J. Coons, Individually and as the Executrix of the Estate of Vincent W. Coons v. A.O. Water Smith Products et al. (the "State Court Proceeding").

{00780829.DOC }1

2.     The State Court Proceeding was commenced on or about April 22, 2009, by filing a Summons and Complaint and serving the same upon DDC.

3.     A copy of the Summons and Complaint is attached hereto and marked as Exhibit "A."

4.     The Complaint alleges that plaintiff Vincent W. Coons died as a result of his claimed exposure to asbestos fibers released from asbestos containing products and plaintiff Elizabeth J. Coons suffered a loss of consortium, including but not limited to affection, companionship, support, services and society (the "DDC Claims").

5.     The DDC Claims are not based on any direct action by DDC, but rather on DDC's former relationship with General Motors Corporation, now known as Motors Liquidation Co., ("GM") as a division of GM.  Any finding of liability based on the DDC Claims would, at best, be indirect liability on the part of DDC and direct liability on the part of GM.

6.     GM was previously obligated to indemnify and hold harmless DDC for any liability associated with the DDC Claims.

7.     On June 1, 2009, GM filed for bankruptcy protection in the United States Bankruptcy Court, Southern District of New York in the case entitled *In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.*, Case Number 09-50026 (REG) (the "GM Bankruptcy Case").

8.     Defendant has, simultaneously with the filing of this Notice, given written notice to Belluck & Fox, LLP, attorneys for Elizabeth J. Coons, individually and as Executrix of the estate of Vincent W. Coons.

9.     This Court has jurisdiction over the DDC Claims pursuant to 28 U.S.C. § 1452 and Federal Rules of Bankruptcy Procedure ("FRBP"), Rule 9027 and the DDC Claims may be removed to this Court by DDC in that these claims are related to the GM Bankruptcy Case and a

resolution of the DDC Claims could conceivably have an effect on the estate of GM currently being administered in the GM Bankruptcy Case.

10.     This Notice of Removal is filed within the 90 day time prescribed by FRBP Rule 9027.

11.     The prosecution of the DDC Claims constitutes a core proceeding in that it will affect the liquidation of the assets of the GM estate and will adjust the debtor-creditor relationship between DDC and GM as a result of, inter alia, GM's indemnification obligations to DDC. This Court, therefore, has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

12.     This Court embraces the county and court in which the State Court Proceeding was filed, therefore the DDC Claims are properly removed to this Court pursuant to 28 U.S.C. § 1331 and § 1334.

WHEREFORE, Defendant Detroit Diesel Corporation hereby removes the DDC Claims only to this Honorable Court.

DATED:  August 26, 2009

By _Nancy L. Pennie_
Nancy L. Pennie (NLP 5845)
Aaronson Rappaport Feinstein & Deutsch
Attorneys for Defendant
Detroit Diesel Corporation
757 Third Avenue
New York, New York 10017

{00780829.DOC }3

# EXHIBIT C

# AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP

## ATTORNEYS AT LAW

### 757 THIRD AVENUE, NEW YORK, N.Y. 10017
212 593-6700
FAX: 212 593-6970

LAWRENCE D. BLOOMSTEIN
(212) 593-8059
LDBLOOMSTEIN@ARFDLAW.COM

MEMBERS OF THE FIRM

| | | |
|---|---|---|
| MARK J. AARONSON | MICHAEL M. FUTTERMAN | JAY A. RAPPAPORT |
| LAWRENCE D. BLOOMSTEIN | ANDREW I. KAPLAN | LAWRENCE W. ROSENBLATT |
| NEIL F. BRENES | STEVEN Z. KRONOVET | CAROL E. RUSSELL |
| RICHARD V. CAPLAN | PHILIP D. LERNER | BARBARA A. RYAN |
| ROBERT J. CECALA | NICHOLAS J. MAROTTA | BARRY M. SCHREIBER |
| ROBERT S. DEUTSCH | DAVID A. MAYERI | DAWN C. SHAPIRO |
| SUSAN ETRA | ROBERT S. MELNICK | ALISON R. SHIELDS |
| PETER J. FAZIO | DANIEL NESSIM | NANCY A. STEPROE |
| MARK B. FEINSTEIN | NANCY L. PENNIE | ELLIOTT J. ZUCKER |
| CRAIG P. FENNO | | |

September 17, 2009

Joseph Belluck, Esq.
Belluck & Fox, LLP
546 5th Avenue, 4th Floor
New York, NY 10037

Re:  Elizabeth Coons as administratrix of Vincent Coons vs. A.O. Water Products, et al
     09 CV 7496
     Our File No.: 5015.001

Dear Mr. Belluck:

Please be advised that Judge Lawrence McKenna of SDNY has scheduled an initial conference on this case for October 1 at 3:00 P.M. in his courtroom.

Please call with any questions.

Very truly yours,

Lawrence D. Bloomstein
Lawrence D. Bloomstein
(per vmc)

cc:  codefendants (see attached rider)

LDB:vmc

{00787780.DOC}

# EXHIBIT D

# ⁝⁝ BELLUCK & FOX L.L.P.

546 Fifth Avenue, 4th Floor, New York, New York 10036
Tel (212) 681-1575  Fax (212) 681-1574
(877) NYLAW09 | www.belluckfox.com

December 1, 2009

**By Hand**

Hon. Lawrence M. McKenna
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    **Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W. Coons, Deceased v. A.O. Smith Water Products, et al., 09 CV 7496 (McKenna, J.)**

Dear Judge McKenna:

      This firm is counsel to Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W. Coons ("Coons Estate"). We write to advise Your Honor that this case has been transferred - wrongly - to the MDL No. 875.  *See* Notice of Filing of Conditional Transfer Order (CTO-329), in *In re Asbesos Products Liability Litigation (No. VI)*, E.D.N.Y. (Robreno, J.) (transmitted by the MDL via an email on Nov. 24, 2009) (attached).

      As detailed more fully below, Your Honor had granted the Coons Estate's request to submit a remand motion. However, while the parties were discussing the briefing schedule, we received the attached notice that the SDNY had transferred the case to the MDL. Since Your Honor had allowed the Coons Estate to make the remand motion and the parties were discussing the briefing schedule, this case should never have been transferred. Accordingly, pursuant to MDL procedures, the Coons Estate will submit a Notice of Opposition. We will request that the MDL return the case to Your Honor's docket for briefing and resolution of the remand motion. We will immediately advise Your Honor as soon as the MDL acts upon our request.

      To recount the background of this case, on April 22, 2009, the Coons Estate filed an

1

Upstate Offices:
160 Linden Oaks Drive, Rochester, New York 14625 • 52 Laura Lane, Woodstock, New York 12498
18 Corporate Woods Boulevard, 4th Floor, Albany, New York 12211

asbestos wrongful death suit in New York Supreme Court. *See Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W. Coons, Deceased v. A.O. Smith Water Products, et al.,* Index No. 190138/2009 (the "state court action"). On August 27, 2009, Detroit Diesel Corporation ("DDC"), a defendant in the state court action, filed a Notice of Removal as to claims against it.[1]  DDC's alleged bases for removal are 28 U.S.C. § 1452, and the Federal Rules of Bankruptcy Procedure, Rule 9027. More specifically,  DDC has asserted that the claims made by the Coons Estate in the state court action "are related to the GM Bankruptcy Case and a resolution of the DDC Claims could conceivably have an effect on the estate of GM currently administered in the GM Bankruptcy Case." Aug. 27, 2009, Notice of Removal of Clams Against Detroit Diesel Corporation Only, ¶ 9.  The GM Bankruptcy is, of course, pending in the SDNY Bankruptcy Court. *See In re Motors Liquidation Company, et al., f/k/a General Motors Corp., e al.,* Case Number 09-50026 (Gerber, B.J.). DDC argues that "related to" jurisdiction exists because DDC purportedly has an alleged indemnification agreement with GM whereby any liability of DDC to the Coons Estate would require GM to compensate DDC. *See generally* Aug. 27, 2009, Notice of Removal of Clams Against Detroit Diesel Corporation Only, ¶ 6.

On September 17, 2009, this firm received notice that a conference with Your Honor regarding the removal was to be held on Oct. 1 regarding DDC's removal.  Shortly before the conference, Your Honor adjourned it *sine die*. Later in October, Kenneth Zaepfel, Your Honor's courtroom deputy clerk, called me inquiring as to the intentions of the Coons Estate relative to DDC's removal. I asked for time to further review the matter and discuss it with DDC's counsel, Lawrence D. Bloomstein.  I wanted to determine whether the Coons Estate had a meritorious basis for opposing the removal. Thereafter,  I requested from Mr. Bloomstein certain documents. Mr. Bloomstein provided those documents or directed me to where they could be accessed.

On November 20, after having further researched the removal basis and determining that DDC's position  appeared flawed, I contacted Mr. Zaepfel. I requested that the Coons Estate be permitted to make a remand motion. After checking with Your Honor, Mr. Zaepfel  informed me that Your Honor would  permit  the motion. Mr. Zaepfel stated that Your Honor wanted the briefing completed in December 2009.  Mr. Zaepfel asked that I consult with DDC's counsel to work out the briefing schedule and find out whether DDC objected to the Coons Estate making a motion. That same day,  I spoke with Mr. Bloomstein, who informed me that DDC objected to Your Honor allowing the motion, but that he would get back to me as to the proposed date when DDC would be submitting its papers.

Nevertheless, on November 24, 2009, the MDL informed the parties that the Coons case

---

[1] As correctly styled by DDC, the removal applies <u>only</u> as to the claims against DDC. The removal does not pertain to the claims against any other party in the state court action. *See Parrett v. Bank One (In re National Century Financial Enterprises)*, 323 F. Supp. 2d 861, 873 (S.D. Ohio 2004) ("Given § 1452's plain language and the Congressional purpose behind it, this Court concludes that a single defendant may remove a claim or cause of action related to a bankruptcy proceeding.")

had been transferred to the Eastern District of Pennsylvania. Unfortunately, the case is now no longer before Your Honor, but rather with the Eastern District of Pennsylvania. Under the MDL procedures, the Coons Estate has until December 9 to file a Notice of Objection to the transfer. We will do so. The Eastern District of Pennsylvania will then set a briefing schedule for our motion to return the case to Your Honor. Assuming that we are successful in having this case returned,, the Coons Estate will promptly contact Your Honor with a briefing schedule so that - at last - the remand motion can be heard on the merits.

       If I can provide any further information, please have your staff contact me. Your Honor's indulgence is appreciated.

Very truly yours,

Brian T. FitzPatrick

cc: Kenneth Zaepfel (by hand)
     Courtroom Deputy Clerk to the
     Hon. Lawrence M. McKenna

   Jeffrey N. Luthi (by fax)
     Clerk of the U.S. Judicial Panel of the MDL

   Lawrence D. Bloomstein (by email)
     Counsel to DDC

   All Counsel on attached service list (by email)

3

# EXHIBIT E

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                                   MDL No. 875

## NOTICE OF FILING OF
## CONDITIONAL TRANSFER ORDER (CTO-329)

Today, the Judicial Panel on Multidistrict Litigation filed a conditional transfer order (CTO) involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). The order will be effective in 15 days unless opposed in accordance with Rule 7.4(c).

Notices of Opposition should be filed by facsimile. File one Notice of Opposition (with an attached schedule of actions, if necessary) if opposing the transfer of more than one action. A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and preferred. **Email or fax transmission of the motion and brief will not be accepted.**

Opposing counsel shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel. An appearance form is attached. (Note: If filing an appearance, include an email address for notification of subsequent filings.) The following deadlines pertain to this CTO Notice:

**Appearance Due on or Before: <u>December 9, 2009</u>  (12 noon EST)**

**Notice of Opposition Due on or Before: <u>December 9, 2009</u>   (12 noon EST)**

If/when Notices of Opposition are filed, counsel will be notified of subsequent briefing schedules and related filings.

Inasmuch as there is an unavoidable delay between notification of the pendency of a tag-along action and the filing of a CTO, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. Such changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.

Counsel should review Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions. A list of involved counsel is attached to this notice.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# EXHIBIT F

# ▪▪ BELLUCK & FOX L.L.P.

546 Fifth Avenue, 4th Floor, New York, New York 10036
Tel (212) 681-1575  Fax (212) 681-1574
(877) NYLAW09 | www.belluckfox.com

December 7, 2009

**By Fax**

Jeffery N. Luthi
Clerk of the Panel
United States Judical Panel
  On Multidistrict Litigation
Thurgood Marshall Federal Judicary Bldg.
One Columbus Circle, N.E.  Room G-255
Washington, D.C. 20002

Re:   **Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W.
       Coons, Deceased v. A.O. Smith Water Products, et al., 09 CV 7496 (SDNY)
       (McKenna, J.);
       Asbestos Products Liability Litigation (No. VI), MDL-875,  CTO-329**

Dear Mr. Luthi:

   As discussed with your office today, please treat this letter as a **Notice of Opposition** by
plaintiff Elizabeth J. Coons, Individually and as Executrix of the Estate of Vincent W. Coons,
Deceased, ("Coons Estate"), to the transfer of the above-captioned case from the U.S. District
Court for the Southern District of New York to the MDL. I understand that the MDL will advise
us as to the subsequent briefing schedule.

   I am also enclosing my **Notice of Appearance** form.

   If I can provide any further information, please contact me. Thank you.

Very truly yours,

Brian T. FitzPatrick

1

Upstate Offices:
160 Linden Oaks Drive, Rochester, New York 14625 • 52 Laura Lane, Woodstock, New York 12498
18 Corporate Woods Boulevard, 4th Floor, Albany, New York 12211