MDL- 875

RECOMMENDED ACTION

UAC CTO- 329

Approved/Date: RV by PA 23 Dec '09

**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEND

DEC 23 2009

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 09-7986 PA (VBKx) |
| Date | December 18, 2009 |
| Title | Lawrence Boman, et al. v. Alfa Laval, Inc., et al. |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None    None

**Proceedings:**    IN CHAMBERS - MOTION TO REMAND

Before the Court is a Motion to Remand filed by plaintiffs Lawrence Boman and Shirley Boman (collectively "Plaintiffs"). (Docket No. 9). A Notice of Removal was filed by defendants Volkswagen Group of America, Inc. ("VWGoA") and John Crane, Inc. ("Crane") (collectively "Removing Defendants") on October 30, 2009. Removing Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

A Conditional Transfer Order was issued by the Judicial Panel on Multidistrict Litigation ("JPML") on November 24, 2009, transferring this case and several others to the Eastern District of Pennsylvania. The Conditional Transfer Order was stayed for fifteen days to allow parties to file any notice of opposition. Plaintiffs did not file a timely opposition, and so this case was transferred on December 10, 2009. On December 14, 2009 this Court issued an Order taking this matter off calendar, since it no longer had jurisdiction to decide this Motion. Subsequently Plaintiffs filed a late notice of opposition with the JPML, claiming they had never received a copy of the Conditional Transfer Order. The JPML issued an Order Reinstating Stay of Conditional Transfer Order on December 16, 2009. As a result, this Court now has jurisdiction to rule on the Motion to Remand. See Rules of Procedure of the Judicial Panel on Multidistrict Litigation 1.5 ("The pendency of a . . . conditional transfer order . . . before the Panel . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."). Plaintiff's Ex Parte Application requesting that the Court vacate its December 14, 2009 order and rule on the Motion to Remand (Docket No. 15) is thus denied as moot.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject

PLEADING NO. 6035

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7986 PA (VBKx) | Date | December 18, 2009 |
|---|---|---|---|
| Title | Lawrence Boman, et al. v. Alfa Laval, Inc., et al. | | |

matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)). To establish citizenship for a natural person, he or she must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Failure to comply with the statutory time limit bars removal. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

This case was originally filed in Los Angeles County Superior Court on January 20, 2009. The Complaint named eighty-four defendants. Since then, Plaintiffs have voluntarily dismissed most defendants, and two others were granted summary judgment in their favor. There now remain three defendants: VWGoA, Crane, and Hill Brothers Chemical Company ("Hill"), who has not joined in the Notice of Removal. The Notice of Removal states that VWGoA is New Jersey corporation with its principal place of business in Virginia, and that Crane is a Delaware corporation with its principal place of business in Illinois. (Notice of Removal ¶¶ 7-8.) Both Plaintiffs are citizens of California. Id. ¶ 17.a.

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7986 PA (VBKx) | Date | December 18, 2009 |
|---|---|---|---|
| Title | Lawrence Boman, et al. v. Alfa Laval, Inc., et al. | | |

Defendant Hill is also a citizen of California, since it is a California corporation with its principal place of business in California. Id. ¶ 9.

    Although Hill's presence in this case destroys diversity, Removing Defendants insist that the Court disregard Hill's citizenship, arguing that it was fraudulently joined to defeat removal. If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "[I]t does not have to be shown that the joinder was for the purpose of preventing removal. Rather the question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question." Briano v. Conseco Life Ins. Co., 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Where a defendant seeking removal makes claims of fraudulent joinder, a district court may examine evidence beyond the complaint. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)). While fraudulent joinder may defeat diversity, the timeliness requirement of 28 U.S.C. § 1446(b) still applies. See Parrino, 146 F.3d at 703.

    The Notice of Removal states that Removing Defendants did not learn that Hill was a sham defendant until September 17, 2009. On this date Plaintiffs, Removing Defendants, and Hill were present at a hearing where counsel for Hill was asked why they had not discussed settling with Plaintiffs. Hill's counsel replied, "I was told it's because we are a California Defendant, and they do not want to make the case removable." (Notice of Removal, Ex. J, p. 6.) Later in the hearing Plaintiffs suggested that they would be willing to dismiss Hill if the Removing Defendants would stipulate that they would not remove the case to federal court. Id. p. 15. Removing Defendants received a transcript of this hearing on October 2, 2009. They claim that the transcript is an "other paper" which triggers removal under 28 U.S.C. § 1446(b), since this was the first paper which allowed them to ascertain that the case was removable due to the fraudulent joinder of Hill.

    Removing Defendants have not fulfilled their burden to establish that joinder was fraudulent. Removing Defendants must establish more than Plaintiffs' intent to prevent removal. "The burden of the defendant is not to show that the joinder of the non-diverse party was for the purpose of preventing removal because 'it is universally thought that the motive for joining such a defendant is immaterial.'" Tomback v. UnumProvident Corp., No. C 05-3157 CW, 2005 WL 2596449 at *2 (N.D. Cal. Oct. 13,

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7986 PA (VBKx) | Date | December 18, 2009 |
|---|---|---|---|
| Title | Lawrence Boman, et al. v. Alfa Laval, Inc., et al. | | |

2005)(quoting Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944)); see also Lewis v. Time Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979)("'Fraudulent joinder' is a term of art, it does not reflect on the integrity of plaintiff or counsel . . . ."). Although some courts consider whether there is "no real intention to get a joint judgment," the removing defendant must still show that there is no possibility that the plaintiff can recover against the alleged sham defendant. See Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998); Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998); Lewis, 83 F.R.D. at 460.

   Here Removing Defendants cannot establish that Plaintiffs have no possibility of recovering against Hill. The parties do not dispute that Hill made a motion for summary judgment, which the state court denied on September 14, 2009. "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Cal. Civ. Proc. Code § 437c(c). In other words, had the state court found that there was no way a jury could find Hill to be liable, it would have granted Hill's motion for summary judgment. The fact that Hill's motion for summary judgment was denied indicates that there is still some possibility that Plaintiffs may succeed against Hill. As such, Removing Defendants have failed to meet their "heavy burden" to show that Hill was fraudulently joined, as well as their burden to demonstrate that there is complete diversity of citizenship in this case.[1]

   Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC 405823 because Removing Defendants have not met their burden to establish this Court's jurisdiction. See 28 U.S.C. § 1447(c). Defendant VWGoA's Motion for Continuance and Stay (Docket No. 18) is denied as moot.

   IT IS SO ORDERED.

---

[1]   Plaintiffs also argue that the Notice of Removal is untimely because it was filed more than thirty days after the date of the hearing where the alleged basis for removal was revealed. The parties cite to authority from the Tenth and Fifth Circuits, which have come to different conclusions on whether removal is triggered by an oral statement made during a deposition or the transcript of that deposition. See Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078-79 (10th Cir. 1999)(holding that the time period for removal begins on the date of the deposition, rather than the date the removing party receives a transcript of the deposition); S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 491-92 (5th Cir. 1996)(calculating the period for removal based on the date of receipt of a deposition transcript). The Ninth Circuit does not appear to have ruled on this issue. However, since the Court has already determined that it lacks subject matter jurisdiction over this case, it need not also determine whether removal was timely.