JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 9 2009

FILED
CLERK'S OFFICE

MDL 875

LISA L. OBERG (BAR NO. 120139)
FELICIA Y. FENG (BAR NO. 184346)
D. PAUL BIRD II (BAR NO. 202066)
MCKENNA LONG & ALDRIDGE LLP
101 California Street, 41st Floor
San Francisco, CA 94111
*Telephone:* (415) 267-4000
*Facsimile:* (415) 267-4198

Attorneys for Defendant
METALCLAD INSULATION CORPORATION

# UNITED STATES JUDICIAL PANEL
# ON
# MULTIDISTRICT LITIGATION

| | |
|---|---|
| MYRTES FAYE KOLLAR, individually; and DIANNE L. CARON and LINDA A. HEATH, individually and as Co-Trustees of the Kollar Family Trust Dated May 9, 2002,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PACKING & SUPPLY, INC., et al.,<br><br>Defendants. | MDL DOCKET NO. 875; CTO - 328<br><br>IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)<br><br>Case No. CV-09-5106 JCS<br><br>**DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 328** |

Defendant METALCLAD INSULATION CORPORATION (hereinafter "Metalclad") opposes Plaintiffs' Motion to Vacate Conditional Transfer Order in the above-captioned action.

## I.
## INTRODUCTION

Plaintiffs Myrtes Kollar seek damages for wrongful death (mesothelioma) sustained by Albert Kollar due to his alleged exposure to asbestos while working as a draftsman at Mare Island Naval Shipyard in Vallejo, California from 1939 to 1941 and 1945 to 1973. On August 11, 2008, Plaintiffs filed this action in the Superior Court of California for the County of San Francisco. Nearly a year later, on September 28, 2009, Metalclad was served with Plaintiffs' complaint. Pursuant to 28 U.S.C. §1442(a)(1), on October 27, 2009, Metalclad filed a Notice of Removal of

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OFFICIAL FILE COPY      IMAGED DEC 2 9 2009

the case to the United States District Court for the Northern District of California. This case was properly removed under 28 U.S.C. § 1442(a)(1), as this is a civil action commenced in a State court against the United States or agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office. Metalclad has a federal defense to this action, *i.e.*, government contractor immunity from liabilities for injuries arising from any exposure to asbestos-containing thermal insulation from a shipment that it brokered that was used by the United States Navy on board four nuclear submarines at Mare Island Naval Shipyard.

Nonetheless, on November 15, 2009, Plaintiffs filed a motion to remand the action to the Superior Court of California for the County of San Francisco, claiming that Metalclad cannot demonstrate that it acted under the direction of a federal officer. On November 5, 2009, the Judicial Panel on Multidistrict Litigation ("the Panel"), issued a Conditional Transfer Order (CTO-328), conditionally transferring the action to the Eastern District of Pennsylvania. On November 24, 2009, the United States District Court for the Northern District of California denied Plaintiffs' Motion to Remand without prejudice to re-filing after the MDL Panel has issued a decision on the Transfer Order. Thereafter, on December 1, 2009, Plaintiffs filed a Motion to Vacate Conditional Transfer Order. Metalclad hereby opposes this motion.

## II.
## ARGUMENT

1. <u>Transfer of This Case Provides Commonality and Convenience</u>

After careful consideration of over 26,000 asbestos personal injury/wrongful death cases pending in 87 federal districts, and after extensive review of more than 180 responses to the Panel's order to show cause why all pending federal district court actions involving asbestos personal injury or wrongful death claims should not be centralized in a single forum under 18 U.S.C.A. section 1407, and after hearing exhaustive oral argument from 37 counsel, the Judicial Panel on Multidistrict Litigation held in 1991 that these asbestos personal injury/wrongful death actions should be transferred to the Eastern District of Pennsylvania because the "actions involved common questions of fact" and the "centralization of the actions would best serve the convenience

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER
ORDER 328

of the parties and witnesses, and promote the just and efficient conduct of litigation." *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415, 417 (J.P.M.L. 1991).

Plaintiffs wrongly contend that this case poses no issues that have commonality with other asbestos personal injury cases pending in the Eastern District of Pennsylvania. Plaintiffs further contend that the transfer of this case will not serve the convenience of the parties because it would be a consolidation with "a conglomeration of actions under various federal statutes and laws of many states." In reality, the multidistrict forum offers the broadly practical benefit of resolving common issues of wide impact posed by Plaintiffs' claim against Metalclad. When civil actions involving one or more common questions of fact are pending in different districts, 28 U.S.C. §1407(a) provides that the Panel may transfer the actions to any district for consolidated trial proceedings. The Panel has authority to determine that a transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions. When the Panel issues a Conditional Transfer Order pursuant to Panel Rule 7.4, the transferred action is deemed to be a "tag-along" action to the group of actions previously transferred under §1407. *Panel Rule No. 1.* ("A 'tag-along' action refers to a civil action pending in a district court and involving common issues of act with actions previously transferred under Section 1407").

Despite Plaintiffs' wish for the contrary, this Panel has determined that asbestos litigation should be consolidated in order to serve the objectives set forth in the Multidistrict Litigation statutory scheme. *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415, 417 (J.P.M.L. 1991). Because of the number and complexity of cases alleging personal injury and/or wrongful death as a result of exposure to asbestos, the centralization of these actions under §1407 streamlines the pretrial proceedings and avoids the most objectionable aspects of asbestos litigation, including growing dockets in both federal and state courts, delays, lengthy trials, repetition of litigation and higher costs than recoveries, among others. *Id.* at 419, See also *Report of the Judicial Conference Ad Hoc Committee on Asbestos Litigation*, 1-3 (1991).

While Plaintiffs argue otherwise, Plaintiffs' claim, in fact, share common questions of fact and procedure and meet requirements to tag-along to MDL 875. As with the cases already transferred for pretrial proceedings as a part of MDL 875, Plaintiffs' action will involve questions

of products liability, negligence, state of the art, and current perspectives of asbestos and pulmonary medicine. Plaintiffs seek, in effect, an exception to the general pattern of transfer of asbestos litigation. However, many of the issues raised by Plaintiffs' case are intertwined with issues posed in other asbestos cases. As Plaintiffs are undoubtedly aware, the Panel has previously declined to carve out exceptions to the principles reviewed in *In re Asbestos Products Liability Litigation*, 771 F.Supp. at 422.

> . . . [B]ecause many of the arguments of parties seeking exclusion from transfer are intertwined with the merits of their claims or defenses and affect the overall management of this litigation, we are unwilling, on the basis of the record presently before us, to carve out exceptions to transfer. We prefer instead to give the transferee court the opportunity to conduct a substantive review of such contentions and how they affect the whole proceedings.

Therefore, Plaintiffs' action is an appropriate tag-along to MDL 875 as specified by the multidistrict statutory scheme and this case should be transferred to the Eastern District of Pennsylvania.

2. Transfer of This Case is Justified.

Plaintiffs argue that the Conditional Transfer Order must be vacated as to this case so that Plaintiffs' motion to remand can be decided. However, consistent with the principles of tag-along review delineated above, the Panel, in the interest of convenience and efficiency, should transfer this action and allow the transferee court to resolve any "questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990), citing *In re Air Crash Disaster at Florida Everglades on* December 29, 1972, 368 F.Supp. 812, 813, n.1 (J.P.M.L. 1973). The *Ivy* court noted that the jurisdictional issue in question here, involving common issues of law and fact, was capable of arising in hundreds or thousands of cases to be resolved by a single court - the transferee court. Thus, the court decided that a single decision by the transferee court would serve consistency as well as economy.

Contrary to Plaintiffs' contentions, there is no evidence that a transfer of this case would "disrupt the proceedings of the MDL." In the instant case, the transferee court is best suited to make determinations as to the substantive jurisdictional questions raised by Plaintiffs. If Plaintiffs' case is transferred as a tag-along, not only will economy and convenience be served in regard to

the merits of this particular action, but the substantive jurisdictional issues can also be resolved in a single court with a decision carrying precedential authority for other federal asbestos cases.

## III.
## CONCLUSION

Based upon the foregoing, Plaintiffs' Motion to Vacate the Conditional Transfer Order should be denied. The Panel should issue a Transfer Order transferring this action to the Eastern District of Pennsylvania as a tag-along action to MDL-875.

Dated:   December 23, 2009                          MCKENNA LONG & ALDRIDGE LLP

By: _____
LISA L. OBERG
FELICIA Y. FENG
D. PAUL BIRD II

Attorneys for Defendant
METALCLAD INSULATION CORPORATION

SF:27402497.1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 29 2009

FILED
CLERK'S OFFICE

1  LISA L. OBERG (BAR NO. 120139)
   loberg@mckennalong.com
2  FELICIA Y. FENG (BAR NO. 184346)
   ffeng@mckennalong.com
3  MCKENNA LONG & ALDRIDGE LLP
   101 California Street
4  41st Floor
   San Francisco, CA 94111
5  Telephone:   (415) 267-4000
   Facsimile:   (415) 267-4198

Attorneys for Defendant,
METALCLAD INSULATION CORPORATION

# UNITED STATES JUDICIAL PANEL

## ON

## MULTIDISTRICT LITIGATION

| | |
|---|---|
| MYRTES FAYE KOLLAR, individually; and DIANNE L. CARON and LINDA A. HEATH, individually and as Co-Trustees of the Kollar Family Trust Dated May 9, 2002,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PACKING & SUPPLY, INC., et al.,<br><br>Defendants. | MDL DOCKET NO. 875; CTO - 328<br><br>**CERTIFICATE OF SERVICE** |

RECEIVED
CLERK'S OFFICE
2009 DEC 28 A 9:34
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE VIA MAIL

SF:27402469.1

# CERTIFICATE OF SERVICE
## MDL NO. 875

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 101 California Street, 41st Floor, San Francisco, California 94111. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On December 23, 2009, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 328**

in a sealed envelope, postage fully paid, addressed as follows:

**SEE ATTACHED INVOLVED COUNSEL LIST

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I further declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 23, 2009, at San Francisco, California.

_____
CAMILLE GLOVER

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-328)

Myrtes Faye Kollar, et al. v. Metalclad Insulation Corp., et al., N.D. California,
C.A. No. 3:09-5106 (Judge Joseph C. Spero)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Richard A. Brody
BRENT COON & ASSOCIATES
44 Montgomery Street
Suite 800
San Francisco, CA 94104

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Felicia Y. Feng
MCKENNA LONG ALDRIDGE LLP
101 California Street
41st Floor
San Francisco, CA 94111

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

## MDL No. 875 - Involved Counsel List (Excerpted from CTO-328) (Continued)

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608