MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 9 2009

FILED
CLERK'S OFFICE

1  LISA L. OBERG (BAR NO. 120139)
   FELICIA Y. FENG (BAR NO. 184346)
2  D. PAUL BIRD II (BAR NO. 202066)
   McKENNA LONG & ALDRIDGE LLP
3  101 California Street, 41st Floor
   San Francisco, CA 94111
4  *Telephone:*    (415) 267-4000
   *Facsimile:*    (415) 267-4198
5
   Attorneys for Defendant
6  METALCLAD INSULATION CORPORATION

7

8              **UNITED STATES JUDICIAL PANEL**
                         **ON**
9            **MULTIDISTRICT LITIGATION**

10

11  OLIVER BROWN,                      MDL DOCKET NO. 875; CTO - 328

12          Plaintiff,                 IN RE: ASBESTOS PRODUCTS LIABILITY
                                       LITIGATION (NO. VI)
13      v.
                                       Case No. CV 09-4681 SBA
14  ASBESTOS DEFENDANTS, As Reflected
    on Exhibits B, B-1, C, H, I and DOES 1-    **DEFENDANT METALCLAD**
15  8500, *et al.*,                    **INSULATION CORPORATION'S**
                                       **OPPOSITION TO PLAINTIFF'S MOTION**
16          Defendants.                **TO VACATE CONDITIONAL TRANSFER**
                                       **ORDER 328**
17

18      Defendant METALCLAD INSULATION CORPORATION (hereinafter "Metalclad")

19  opposes Plaintiff's Motion to Vacate Conditional Transfer Order in the above-captioned action.

20                              **I.**
21                       **INTRODUCTION**

22      Plaintiff Oliver Brown allege that he has asbestosis and asbestos-related pleural disease as a

23  result of his alleged exposure to asbestos while working as a machinist on various ships at Mare

24  Island Naval Shipyard in Vallejo, California from 1961 to 1983. On October 1, 2008, Plaintiff

25  filed this action in the Superior Court of California for the County of San Francisco. Pursuant to

26  28 U.S.C. §1442(a)(1), on October 1, 2009, Metalclad filed a Notice of Removal of the case to the

27  United States District Court for the Northern District of California. This case was properly

28  removed under 28 U.S.C. § 1442(a)(1), as this is a civil action commenced in a State court against

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

SF:27402159.1

**OFFICIAL FILE COPY**    IMAGED DEC 2 9 2009

PLEADING NO. 6041

1   the United States or agency thereof or any officer (or any person acting under that officer) of the

2   United States or any agency thereof, sued in an official or individual capacity for any act under

3   color of such office. Metalclad has a federal defense to this action, *i.e.*, government contractor

4   immunity from liabilities for injuries arising from any exposure to asbestos-containing thermal

5   insulation from a shipment that it brokered that was used by the United States Navy on board four

6   nuclear submarines at Mare Island Naval Shipyard.

7           Nonetheless, Plaintiff filed a motion to remand the action to the Superior Court of

8   California for the County of San Francisco, claiming that Metalclad cannot demonstrate that it

9   acted under the direction of a federal officer. Metalclad intends to oppose this motion to remand,

10   which is set for hearing on February 2, 2010. On November 5, 2009, the Judicial Panel on

11   Multidistrict Litigation ("the Panel"), issued a Conditional Transfer Order (CTO-328),

12   conditionally transferring the action to the Eastern District of Pennsylvania. Thereafter, on

13   December 7, 2009, Plaintiffs filed a Motion to Vacate Conditional Transfer Order. Metalclad

14   hereby opposes this motion.

15
                                **II.**
                             **ARGUMENT**
16

17           1.      Transfer of This Case Provides Commonality and Convenience

18           After careful consideration of over 26,000 asbestos personal injury/wrongful death cases

19   pending in 87 federal districts, and after extensive review of more than 180 responses to the

20   Panel's order to show cause why all pending federal district court actions involving asbestos

21   personal injury or wrongful death claims should not be centralized in a single forum under 18

22   U.S.C.A. section 1407, and after hearing exhaustive oral argument from 37 counsel, the Judicial

23   Panel on Multidistrict Litigation held in 1991 that these asbestos personal injury/wrongful death

24   actions should be transferred to the Eastern District of Pennsylvania because the "actions involved

25   common questions of fact" and the "centralization of the actions would best serve the convenience

26   of the parties and witnesses, and promote the just and efficient conduct of litigation." *In re*

27   *Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415, 417 (J.P.M.L. 1991).

28

MᴄKᴇɴɴᴀ Lᴏɴɢ &
Aʟᴅʀɪᴅɢᴇ LLP
Aᴛᴛᴏʀɴᴇʏs Aᴛ Lᴀᴡ
Sᴀɴ Fʀᴀɴᴄɪsᴄᴏ

- 2 -
DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER
ORDER 328
SF:27402159.1

1  Plaintiff wrongly contends that this case poses no issues that have commonality with other

2  asbestos personal injury cases pending in the Eastern District of Pennsylvania.  Plaintiff further

3  contends that the transfer of this case will not serve the convenience of the parties because it would

4  be "adding this present case to a massive number of cases in the Pennsylvania proceedings."  In

5  reality, the multidistrict forum offers the broadly practical benefit of resolving common issues of

6  wide impact posed by Plaintiff's claim against Metalclad.  When civil actions involving one or

7  more common questions of fact are pending in different districts, 28 U.S.C. §1407(a) provides that

8  the Panel may transfer the actions to any district for consolidated trial proceedings.  The Panel has

9  authority to determine that a transfer will be for the convenience of the parties and witnesses and

10  will promote the just and efficient conduct of the actions.  When the Panel issues a Conditional

11  Transfer Order pursuant to Panel Rule 7.4, the transferred action is deemed to be a "tag-along"

12  action to the group of actions previously transferred under §1407.  *Panel Rule No. 1.*  ("A 'tag-

13  along' action refers to a civil action pending in a district court and involving common issues of act

14  with actions previously transferred under Section 1407").

15  Despite Plaintiff's wish for the contrary, this Panel has determined that asbestos litigation

16  should be consolidated in order to serve the objectives set forth in the Multidistrict Litigation

17  statutory scheme.  *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415, 417

18  (J.P.M.L. 1991).  Because of the number and complexity of cases alleging personal injury and/or

19  wrongful death as a result of exposure to asbestos, the centralization of these actions under §1407

20  streamlines the pretrial proceedings and avoids the most objectionable aspects of asbestos

21  litigation, including growing dockets in both federal and state courts, delays, lengthy trials,

22  repetition of litigation and higher costs than recoveries, among others.  *Id.* at 419, See also *Report*

23  *of the Judicial Conference Ad Hoc Committee on Asbestos Litigation*, 1-3 (1991).

24  While Plaintiff argues otherwise, Plaintiff's claims, in fact, share common questions of fact

25  and procedure and meet requirements to tag-along to MDL 875.  As with the cases already

26  transferred for pretrial proceedings as a part of MDL 875, Plaintiff's action will involve questions

27  of products liability, negligence, state of the art, and current perspectives of asbestos and

28  pulmonary medicine.  Plaintiff seeks, in effect, an exception to the general pattern of transfer of

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 3 -

DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER
ORDER 328

SF:27402159.1

1  asbestos litigation.  However, many of the issues raised by Plaintiff's case are intertwined with

2  issues posed in other asbestos cases.  As Plaintiff is undoubtedly aware, the Panel has previously

3  declined to carve out exceptions to the principles reviewed in *In re Asbestos Products Liability*

4  *Litigation*, 771 F.Supp. at 422.

> . . . [B]ecause many of the arguments of parties seeking exclusion
> from transfer are intertwined with the merits of their claims or
> defenses and affect the overall management of this litigation, we
> are unwilling, on the basis of the record presently before us, to
> carve out exceptions to transfer.  We prefer instead to give the
> transferee court the opportunity to conduct a substantive review of
> such contentions and how they affect the whole proceedings.

9  Therefore, Plaintiff's action is an appropriate tag-along to MDL 875 as specified by the

10  multidistrict statutory scheme and this case should be transferred to the Eastern District of

11  Pennsylvania.

12         2.    <u>Transfer of This Case is Justified</u>.

13  Consistent with the principles of tag-along review delineated above, the Panel, in the

14  interest of convenience and efficiency, should transfer this action and allow the transferee court to

15  resolve any "questions going to the jurisdiction or the merits of a case, including issues relating to

16  a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990), citing *In re Air Crash Disaster at*

17  *Florida Everglades on* December 29, 1972, 368 F.Supp. 812, 813, n.1 (J.P.M.L. 1973).  The *Ivy*

18  court noted that the jurisdictional issue in question here, involving common issues of law and fact,

19  was capable of arising in hundreds or thousands of cases to be resolved by a single court - the

20  transferee court.  Thus, the court decided that a single decision by the transferee court would serve

21  consistency as well as economy.

22  Contrary to Plaintiff's contentions that "only end-stage pretrial proceedings remain in this

23  case which can be most effectively handled by the California Superior Court in San Francisco or in

24  the Federal District Court for the Northern District of California," this case is actually in its early

25  stages.  No trial date has been assigned for this case and Plaintiff's deposition has not yet been

26  completed.  There is no evidence that a transfer of this case will serve to "delay the matter" and

27  "accomplish no effective progress in the action."  In the instant case, the transferee court is best

28  suited to make determinations as to the substantive jurisdictional questions raised by Plaintiff.  If

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco
- 4 -
DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER
ORDER 328
SF:27402159.1

1  Plaintiff's case is transferred as a tag-along, not only will economy and convenience be served in

2  regard to the merits of this particular action, but the substantive jurisdictional issues can also be

3  resolved in a single court with a decision carrying precedential authority for other federal asbestos

4  cases.

5                                                    **III.**
                                              **CONCLUSION**
6

7         Based upon the foregoing, Plaintiff's Motion to Vacate the Conditional Transfer Order

8  should be denied.  The Panel should issue a Transfer Order transferring this action to the Eastern

9  District of Pennsylvania as a tag-along action to MDL-875.

10

11  Dated:      December 23, 2009                    MCKENNA LONG & ALDRIDGE LLP

12

13                                                   By:_____
                                                         LISA L. OBERG
14                                                       FELICIA Y. FENG
                                                         D. PAUL BIRD II
15

16                                                   Attorneys for Defendant
                                                     METALCLAD INSULATION
17                                                   CORPORATION

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 328

SF:27402159.1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 9 2009

FILED
CLERK'S OFFICE

1   LISA L. OBERG (BAR NO. 120139)
    loberg@mckennalong.com
2   FELICIA Y. FENG (BAR NO. 184346)
    ffeng@mckennalong.com
3   MCKENNA LONG & ALDRIDGE LLP
    101 California Street
4   41st Floor
    San Francisco, CA  94111
5   Telephone:    (415) 267-4000
    Facsimile:    (415) 267-4198
6
    Attorneys for Defendant,
7   METALCLAD INSULATION CORPORATION

8              **UNITED STATES JUDICIAL PANEL**

9                           **ON**

10           **MULTIDISTRICT LITIGATION**

11   OLIVER BROWN,                      | MDL DOCKET NO. 875; CTO - 328

12          Plaintiff,                  | **CERTIFICATE OF SERVICE**

13       v.

14   ASBESTOS DEFENDANTS, As Reflected
     on Exhibits B, B-1, C, H, I and DOES 1-
15   8500, *et al.*,

16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2009 DEC 28  A 9: 33

RECEIVED
CLERK'S OFFICE

PROOF OF SERVICE VIA MAIL

SF:27402380.1

## CERTIFICATE OF SERVICE
## MDL No. 875

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 101 California Street, 41st Floor, San Francisco, California 94111. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On December 23, 2009, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 328**

in a sealed envelope, postage fully paid, addressed as follows:

**SEE ATTACHED INVOLVED COUNSEL LIST

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I further declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 23, 2009, at San Francisco, California.

_____
CAMILLE GLOVER

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CERTIFICATE OF SERVICE

SF:27402380.1

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**　　　　　　　　　　　　MDL No. 875

### INVOLVED COUNSEL LIST (Excerpted from CTO-328)

Oliver Brown v. Metalclad Insulation Corp., et al., N.D. California, C.A. No. 4:09-4681
　　　(Judge Saundra Brown Armstrong)
Edwin Ball v. Asbestos Defendants, et al., N.D. California, C.A. No. 4:09-4929
　　　(Judge Phyllis J. Hamilton)

Peter G. Angelos
LAW OFFICES OF PETER G
　ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Garth W. Aubert
MENDES & MOUNT LLP
445 South Figueroa Street
38th Floor
Los Angeles, CA 90071

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

## MDL No. 875 - Involved Counsel List (Excerpted from CTO-328) (Continued)

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
  MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Lisa L. Oberg
MCKENNA LONG & ALDRIDGE LLP
101 California Street
41st. Floor
San Franisco, CA 94111

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

James C. Pettis
BRYAN CAVE LLP
120 Broadway
Suite 300
Santa Monica, CA 90401

Glen R. Powell
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
  TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608