JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL 875

MAR 22 2010

FILED CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

2010 MAR 18 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION RECEIVED CLERK'S OFFICE

PLEADING NO. 6111

RONALD PALMER and CAROL PALMER,

Plaintiffs,

v.

PNEUMO ABEX, LLC, et al.,

Defendants

No. C-10-0712 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND FOR COSTS AND FEES; REMANDING ACTION; VACATING HEARING**

Before the Court is plaintiffs Ronald and Carol Palmer's "Motion to Remand; for Costs and Fees; [and] for Issuance [of] Order to Show Cause Re: Sanctions," filed February 26, 2010. Defendant Pneumo Abex LLC ("Abex") and defendant Ford Motor Company ("Ford") have filed separate oppositions, to which plaintiffs have filed a single reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for March 19, 2010, and rules as follows.

**BACKGROUND**

In their complaint, initially filed in state court, plaintiffs allege that each plaintiff has been injured as a result of plaintiff Ronald Palmer's having been exposed to products containing asbestos; the complaint names over sixty defendants. On February 19, 2010,

United States District Court
For the Northern District of California

MDL- 875
RECOMMENDED ACTION
VAC CTO-331 (action)
Approved/Date: RN 3/19/10

OFFICIAL FILE COPY

IMAGED MAR 22 2010

1  Abex removed the case to district court, stating in its Notice of Removal that on February
2  18, 2010, shortly before a jury trial was set to begin in state court, plaintiffs, through
3  counsel, informed the state court that plaintiffs had, in Abex's words, "either dismissed or
4  entered into binding and enforceable settlement agreements with all defendants,"[1] other
5  than Abex, Ford, Carlisle Corporation ("Carlisle"), Kelsey-Hayes Company ("Kelsey-
6  Hayes"), and Maremont Corporation ("Maremont") (collectively, "Removing Defendants").
7  (See Notice of Removal ¶ 6.) Relying on its allegation that each plaintiff is a citizen of
8  Oregon, that each of the Removing Defendants is a citizen of a state other than Oregon,
9  and that the matter in controversy exceeds $75,000, Abex removed the above-titled action.
10 See 28 U.S.C. § 1332(a)(1) (providing district court has jurisdiction over civil action
11 between citizens of different states, where matter in controversy exceeds $75,000). Ford,
12 Carlisle, Kelsey-Hayes and Maremont each signed a notice of joinder in the removal, which
13 notices were filed by Abex as an exhibit to the Notice of Removal.

## DISCUSSION

15    Plaintiffs argue that Abex's Notice of Removal is substantively improper, because a
16 non-diverse defendant was a party to the action as of the date of the removal, see 28
17 U.S.C. §1332(a)(1), and procedurally improper, because fifteen diverse defendants who
18 were all parties as of the date of removal did not join in the Notice of Removal, see Hewitt
19 v. City of Stanton, 167 F.3d 1261, 1265-66 (9th Cir. 1999) (holding "all proper defendants"
20 must "join or consent in the removal"; finding notice of removal "facially defective" where all
21 served defendants had not joined in removal).

22 **A. Propriety of Removal**

23    It is undisputed that plaintiffs' complaint was not removable when filed, because
24 plaintiffs are citizens of Oregon, as is defendant Performance Warehouse Company

---

[1] Having reviewed the transcript of the state court proceedings, offered by Abex as well as by plaintiffs, the Court does not find therein any statement by plaintiffs that plaintiffs had "entered into binding and enforceable settlements" with any undismissed defendant. Indeed, Abex, in its opposition, does not contend plaintiffs ever used that particular language during the state court proceedings.

2

1  ("PW"). (See Gold Decl., filed February 26, 2010, Ex. C at 5.)[2]

2  Where, as here, a civil action is not removable when initially filed because of the
3  presence of a non-diverse party, the action may be removed if the plaintiff "discontinue[s]"
4  the action against the non-diverse defendant. See Powers v. Chesapeake & O. Ry. Co.,
5  169 U.S. 92, 101 (1898). For example, as the Ninth Circuit has noted, a complaint brought
6  against diverse and non-diverse defendants becomes removable "by the voluntary
7  dismissal or nonsuit by [the plaintiff] of [the non-diverse defendant]." See Self v. General
8  Motors Corp., 588 F.2d 655, 657, 659 (9th Cir. 1978).

9  At the outset, plaintiffs, citing Self, argue that they have not engaged in an act by
10  which plaintiffs have "discontinued" their claims against certain of the defendants named in
11  the complaint, and, in particular, their claims against non-diverse defendant PW. In
12  support thereof, plaintiffs rely on several district court cases for the proposition that a
13  settlement, in the absence of a dismissal, is insufficient for purposes of a finding that such
14  plaintiff has discontinued its suit against a non-diverse defendant. See, e.g., Mertan v.
15  E.R. Squibb & Sons, Inc., 581 F. Supp. 751, 752-53 (C.D. Cal. 1980) (finding removal
16  improper where, at time of removal, plaintiff's "proposed written Dismissal" of claims
17  against non-diverse defendant with whom plaintiff had "settled" remained pending before
18  state court).

19  Abex, on the other hand, relies on a number of cases in which federal courts have
20  held that where a plaintiff and a non-diverse defendant enter into a settlement agreement
21  or covenant not to sue, and the agreement or covenant is binding under the law of the
22  applicable state, the agreement or covenant constitutes a discontinuance of the action
23  against the non-diverse defendant, thus entitling the remaining diverse defendant to
24  remove the action. See Estate of Martineau v. Arco Chemical Corp., 203 F.3d 904, 910-12
25  (5th Cir. 2000) (holding plaintiff "effectively eliminated the non-diverse defendant," where

---

27  [2]Plaintiffs incorrectly refer to certain defendants who are citizens of California as
28  "non-diverse" (see, e.g., Pls.' Mem. of P. & A., filed February 26, 2010, at 2:13-15); no
plaintiff is a citizen of California.

3

plaintiff and non-diverse defendant entered into settlement agreement enforceable under Texas law); Hanahan v. John Hancock Life Ins. Co., 518 F. Supp. 2d 780, 786 (D. S.C. 2007) (holding, where "covenant not to execute" between plaintiff and non-diverse defendants constituted a "legally binding settlement agreement" under South Carolina law, covenant "ma[de] the [non-diverse defendants] no longer real parties in interest to [the] litigation," thus entitled remaining diverse defendant to remove complaint); see also Chohlis v. Cessna Aircraft Co., 760 F.2d 901, 903 n.2 (8th Cir. 1985) (holding, where settlement agreement between plaintiff and non-diverse defendant was "final," diverse defendant entitled to remove complaint).

To date, the Ninth Circuit has not addressed the question of whether an enforceable settlement agreement with a non-diverse defendant is the equivalent of a voluntary dismissal. In this instance, however, the Court need not endeavor to determine the matter, because, as discussed below, defendants have failed to show plaintiffs have a binding settlement agreement with any of the non-dismissed defendants.[3]

Plaintiffs assert that, at the time of removal, plaintiffs had not dismissed their claims against sixteen defendants that did not join in the Notice of Removal, including non-diverse defendant PW. In connection therewith, plaintiffs offer evidence that, as of the date of the removal, (1) plaintiffs had "executed a release" as to eleven of such defendants, but none of those defendants had signed "settlement papers" or paid any consideration, and (2) plaintiffs had "agreed in principle to settle" with five other defendants, including PW, but neither plaintiffs nor any of those five defendants had executed a "compromise[ ] and release[ ]" or any other type of "settlement paper." (See Gold Decl. ¶ 5.) With respect to the five defendants as to whom there exists "absolutely no settlement paperwork[ ] in place," plaintiffs also offer evidence to support a finding that some of those defendants are "still negotiating material terms" such as "confidentiality, timing of payments, and/or terms

---

[3] Neither Abex nor Ford argues that an agreement not enforceable as a contract is the equivalent of a voluntary dismissal.

1 relating to reimbursement and reporting of liens." (See id. ¶ 6.)[4]

2 Plaintiffs refer to the above-referenced "agreements" as "non-binding settlement agreements." (See Pls.' Mem. of P. & A. at 13:10-13.) Accordingly, plaintiffs argue, the notice of removal is improper not only because PW remains a party to the instant action, but also because neither PW nor any of the fifteen other non-dismissed defendants joined in the Notice of Removal.

Neither Abex nor Ford offers evidence to contradict plaintiffs' description of the status of any purported settlement or agreement to settle plaintiffs' claims against the above-referenced sixteen non-dismissed defendants. Nor does either Abex or Ford cite to any authority to support a finding that any of the above-referenced sixteen agreements or "agreements in principle" is binding and enforceable as so described.[5]

Rather, Abex and Ford argue the legal significance of such agreements should be determined in the context of certain waivers of conflict filed in state court. Specifically, Abex and Ford note that, prior to the filing of the Notice of Removal, the Honorable Jeffrey Ross, the state court judge to whom the matter was assigned for trial, advised the parties that his former law firm had represented seven defendants that had not been dismissed, and that a waiver of the conflict was necessary before he could hear the matter. Thereafter, plaintiffs and the Removing Defendants, as well as three other defendants, specifically, Dana Companies ("Dana"), Nissan North American ("Nissan"), and Toyota Motor Sales U.S.A. ("Toyota"), filed waivers of the conflict. Abex and Ford argue that the signing and subsequent filing of the waivers constituted confirmation that plaintiffs did not intend to proceed against any defendant other than the Removing Defendants.

//

---

[4]The declaration submitted by plaintiffs does not identify which specific defendants were, as of the date of the removal, still negotiating terms. In their motion, however, plaintiffs assert that one such defendant was PW. (See Pls.' Mem. of P. & A. at 2:26-27.)

[5]Although circumstances could exist where a written settlement agreement signed by one party but not the other, or signed by neither party, could constitute a binding and enforceable contract, neither Abex nor Ford offers any evidence to show such circumstances are present here.

1   At least several possible reasonable inferences can be drawn from the signing and
2  filing of the above-referenced waivers. Although, for example, the waivers could
3  reasonably be understood as an acknowledgment by certain of the signatories that they
4  deemed the settlements to be binding,[6] they also could reasonably be understood as
5  reflecting any such signatory's anticipation that there <u>would be</u> binding settlements before
6  the time the state court was likely to issue any ruling in the matter. Alternatively, and
7  irrespective of the issue of any settlement, the waivers could reasonably be understood as
8  an acceptance of, or preference for, the particular assigned trial judge, regardless of any
9  prior representation by his former firm. While the first such inference might support
10 removal, the latter two do not, and in the absence of other evidence, the Court can do no
11 more than speculate as to the meaning any of the signatories ascribed to any of the
12 waivers. Under the circumstances, the Court finds the waivers do not constitute sufficient
13 evidence to support removal, i.e., evidence to support a finding that plaintiffs had, on or
14 before the date of removal, "discontinued" the instant action against all defendants except
15 the Removing Defendants. See Cohn v. Petsmart, Inc., 281 F.3d 837, 839-40 (9th Cir.
16 2002) (holding removing defendant has burden to prove diversity exists by "preponderance
17 of the evidence").

18   Abex also argues that because jury selection in state court was expected to begin
19 shortly after the date on which the action was removed, and because plaintiffs were not
20 intending to try at that time any of their claims other than the claims alleged against the
21 Removing Defendants, plaintiffs, for that reason alone, evidenced a binding election to
22 discontinue their claims against all other non-dismissed defendants. The Court finds
23 Abex's argument unpersuasive, and Abex cites no case in which any federal court has
24 found a plaintiff's decision to try its claims against some but not all served defendants
25 //
26 //
27 ─────────────────
28   [6]Needless to say, at a minimum, the waivers signed by the Removing Defendants cannot be so construed.

1 constituted, by itself, a "discontinuance" of the claims not tried at that time.[7] Further, to the
2 extent state law may be relevant to the issue presented, Abex cites no statute or rule of
3 California procedure, or any other California authority, providing that a plaintiff's election to
4 try at a particular time his claims against some but not all defendants named in and served
5 with a complaint constitutes by itself a termination of the deferred claims.[8]

6 In sum, neither Abex nor Ford has established that the Court has diversity
7 jurisdiction over the instant complaint. Further, neither Abex nor Ford has established that
8 each non-diverse defendant has joined in the Notice of Removal.

9 Accordingly, the action will be remanded.

10 **B. Request For Fees and Costs**

11 Plaintiffs, citing 28 U.S.C. § 1447(c), seek an award of fees and costs in the total
12 amount of $29,277. Section 1447(c) provides that "[a]n order remanding the case may
13 require payment of just costs and any actual expenses, including attorney's fees, incurred
14 as a result of the removal." See 28 U.S.C. § 1447(c). An award of fees under § 1447(c) is
15 proper where "the removing party lacked an objectively reasonable basis for seeking
16 removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

17 As discussed above, the Court has found the removal at issue herein was not
18 proper. The Court does not find, however, that Abex lacked an objectively reasonable
19 basis for removing. Plaintiffs' counsel, shortly before the case was removed, referred to

20 ──────────

21 [7]Southern Pacific Co. v. Haight, 126 F.2d 900 (9th Cir. 1942), on which Abex relies, is distinguishable. In Haight, the plaintiff's complaint named three defendants, two of whom
22 were alleged to be non-diverse, and plaintiff subsequently served only the diverse defendant. When the matter was called for trial, the plaintiff announced she was ready to
23 proceed against the served, diverse defendant only. In other words, the non-diverse defendants had never become parties to the action. Under those circumstances, the Ninth
24 Circuit concluded the plaintiff had "elect[ed] to pursue the only defendant who [had] been drawn within the jurisdiction of the court," and that because the served defendant was
25 diverse, the case was properly removed. See id. at 904-05 (internal quotation and citation omitted). Haight does not address the situation where, as here, both the diverse and non-
26 diverse defendants have been served.

27 [8]If, following entry of a verdict on the tried claims, the state court, as a matter of case management, enters a dismissal of the action, such dismissal may well constitute a bar to
28 the plaintiff's further proceeding on the plaintiff's remaining claims. That issue, however, is not before the Court.

plaintiffs' claims against the non-dismissed, non-Removing Defendants as having been "settled," which could have led the Removing Defendants to assume plaintiffs had enforceable agreements with such other defendants. (See, e.g., Supp. Moses Decl., filed February 23, 2010, Ex. A at 5:21-23, Ex. B at 4:26-27.)

Accordingly, the request for fees and costs pursuant to 28 U.S.C. § 1447(c) will be denied.[9]

## CONCLUSION

For the reasons stated above, plaintiffs' motion for remand and for an award of costs and fees is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seek an order remanding the action, the motion is hereby GRANTED, and the action is hereby REMANDED to the Superior Court for the State of California, in and for the County of San Francisco.

2. To the extent the motion seeks an award of fees and costs, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 18, 2010

MAXINE M. CHESNEY
United States District Judge

---

[9]Although plaintiffs have titled the instant motion as one including a request "for order to show cause re sanctions," plaintiffs do not address Rule 11 therein. Rather, by separately-filed motion, plaintiffs set forth their argument in support of Rule 11 sanctions, and, alternatively, issuance of an order to show cause. The Court has addressed plaintiffs' Rule 11 arguments in an order filed concurrently herewith.

8