MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 31 2010

FILED
CLERK'S OFFICE

1 ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
2 RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
3 222 Rush Landing Road
PO Box 6169
4 Novato, California 94948-6169
(415) 898-1555
5 (415) 898-1247 Fax

6 Attorneys for Plaintiffs

7

8 **UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

9

| | |
|---|---|
| 10 IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | **MDL DOCKET NO. 875**<br>**CTO - 331** |
| 11 | |
| 12 This Document Relates to:<br>AVERY FONG, as Successor-in-interest to<br>SHERMAN FONG, Deceased; and SING | Northern California  CV 10-00287 TE H |
| 13 YEE FONG, CONNIE WONG, ARLENE<br>YOUNG, as legal Heirs of SHERMAN | |
| 14 FONG, Deceased,<br>                          Plaintiffs, | |
| 15 vs. | |
| 16 ASBESTOS DEFENDANTS (B❖P), et al.<br>                          Defendants. | |
| 17 | |

18
19 **PLAINTIFFS' MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT
LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 331
20 AND BRIEF IN SUPPORT OF MOTION**

21         AVERY FONG, as Successor-In-Interest to SHERMAN FONG, Deceased; and SING

22 YEE FONG, CONNIE WONG, ARLENE YOUNG, as legal Heirs of SHERMAN FONG,

23 Deceased, ("Movants" or "Plaintiffs") by and through their counsel of record file this Motion

24 and Brief to Vacate Conditional Transfer Order 331 entered by the Judicial Panel on Multi-

25 District Litigation ("JPML" or "Panel".)

26         Movants respectfully move the Panel pursuant to JPML Rule 7.4(c) to vacate its order

27 conditionally transferring the above entitled and numbered case to the United States District

28 Court for the Eastern District of Pennsylvania.  This motion is based on the brief in support

K:\Injured\112128\FED\MTN-VACATE CTO331.wpd                1
PLAINTIFFS' MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
CONDITIONAL TRANSFER ORDER 331 AND BRIEF IN SUPPORT OF MOTION

**OFFICIAL FILE COPY**          IMAGED MAR 31 2010

1  which is made a part of this filing, and such other materials as may be presented to the JPML at

2  the time of the hearing on the motion.

3  **I.**

4  **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

5  These actions for asbestos-related personal injuries were originally filed by Plaintiffs

6  against numerous defendants in the Superior Court of the State of California, County of San

7  Francisco.  Decedent Sherman Fong filed a Complaint for Personal Injury - Asbestos on

8  September 12, 2009 in the Superior Court for the State of California, County of San Francisco.

9  Following the death of Mr. Fong a First Amended Complaint for Survival, Wrongful Death -

10  Asbestos, was filed on December 30, 2009

11  Defendant Metalclad Insulation Corporation filed its Notice of Removal on January 21,

12  2010.  Its alleged ground for removal as stated in the Notice is that defendant was acting under

13  the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1),

14  and that defendant has a colorable federal defense to plaintiff's state court claims.  Plaintiffs

15  have filed their Motion to Remand to the San Francisco County Superior Court based upon lack

16  of subject matter jurisdiction.

17  The Conditional Order filed herein transferred this case to the MDL-875 in the United

18  States District Court for the Eastern District of Pennsylvania.

19  Plaintiffs move this Panel to vacate the Conditional Trasfer Order in furtherance of

20  justice, and to defer to the United States District Court for the Northern District of California or

21  the Superior Court for the State of California, County of San Francisco to move the case

22  speedily along to trial.

23  **II.**

24  **ARGUMENT**

25  Title 28, United States Code, section 1407(a) allows for the transfer of a civil action

26  "involving one or more common questions of fact" only if the Panel determines that a transfer

27  "will be for the convenience of parties and witnesses and will promote the just and efficient

28  conduct of such actions."  Movants submit that these cases do not meet these requirements.

1 Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather
2 than enhance the progress of these cases.

3
4 **A.   THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND THIS CASE SHOULD BE REMANDED TO THE STATE COURT.**

5      As set forth above, defendant Metalclad Insulation Corporation ("Metalclad") filed its
6 Notice of Removal on January 21, 2010.  Its alleged ground for removal as stated in the Notice
7 is that defendant was acting under the direction of an officer of the United States within the
8 meaning of 28 U.S.C. sec. 1442 (a)(1), and that defendant has a colorable federal defense to
9 plaintiff's state court claims.  Defendant does not contest that Mr. Fong was exposed to
10 Unibestos, an asbestos-containing product, manufactured by Owens-Corning and brokered by
11 Metalclad for use by the Navy.

12      Removal pursuant to 28 U.S.C. sec. 1442(a)(1) is inappropriate in that the moving party
13 cannot demonstrate that it acted under the direction of a federal officer, cannot raise a colorable
14 federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between plaintiff's
15 claims and the acts it alleges it performed under color of federal office.

16      Removal is also inappropriate in that Metalclad cannot demonstrate that the United
17 States approved reasonably precise specifications that actually specified the use of asbestos in a
18 product, that absent the specifications, would not have contained asbestos.  The product
19 brokered by Metalclad always contained asbestos as is reflected in its name "Unibestos".

20      Moreover, Metalclad cannot demonstrate that Unibestos is not available in the same or
21 substantially similar form to commercial users.  Metalclad fails to meet its burden under *In re*
22 *Hawaii Federal Asbestos Cases* (9th Cir. 1992) 960 F. 2d 806.

23      Removal was improper as a matter of law.  The United States District Courts do not
24 have jurisdiction pursuant to the federal officer removal statute, 28 U.S. C. sec. 1442, and are
25 without subject-matter jurisdiction to hear the case.  Plaintiff's Motion to Remand, pending
26 before the District Court for the Northern District of California, should be granted and the case
27 remanded in its entirety to the California Superior Court for the County of San Francisco.
28 ///

1  **B.     THESE CASES DO NOT SHARE COMMON FACTUAL
2            ISSUES WITH OTHER MDL CASES**

3          Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common

4  facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*

5  *1974*, 405 F.Supp. 1304, 1306 (J.P.M.L. 1976).  Implicit in this consideration is the requirement

6  that the common facts be more than minimal. *In re Boeing Co. Employment Practices*

7  *Litigation*, 293 F. Supp.2d 1382 (J.P.M.L. 2003.)   A mere showing of common questions of

8  fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo, New*

9  *Mexico on June 18, 1969*, 387 F.Supp. 732, 733 (J.P.M.L.1975).

10          Because Movants' case are dissimilar from the multi-party asbestos suits in MDL 875 it

11  should remain in California.  The mere presence of some common factual issues does not

12  automatically require transfer, even in asbestos exposure and personal injury actions involving

13  scientific causation issues.  While this case shares with all MDL 875 cases the common

14  material, asbestos fibers, it is wholly different in its limited scope.

15          The facts in dispute in these matters (other than the generic fact of asbestos exposure)

16  are entirely unique to decedent's work history and identification of the products with which he,

17  in particular, worked.  The evidence that will be presented in this case is essentially applicable

18  to these specific plaintiffs, and will be of little possible benefit to the parties in MDL 875.

19  **C.     TRANSFER WILL IMMENSELY INCONVENIENCE
20            PARTIES AND WITNESSES**

21          In its Order creating MDL 875, the Panel explained that since section 1407 transfer is

22  "primarily for pretrial, there is usually no need for the parties and witnesses to travel to

23  [Pennsylvania] for depositions or otherwise".  In re Asbestos Products Liability Litigation (No.

24  VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).

25          Movants respectfully submit, however, that effective practice before the Eastern District

26  of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in

27  chambers and court hearings.  Travel to Philadelphia will require expensive air fares and

28  lodging for parties and, their attorneys.  There is little benefit, and thus little convenience, to

adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F.Supp. 1295 (J.P.M.L. 1977). This places a heavy and entirely unnecessary burden on Movants.

### D.   TRANSFER WILL BE UNJUST AND INEFFICIENT.

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the actions in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F.Supp 2d. 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery; (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F.Supp. 85, 65-86 (J.P.M.L. 1993). See generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F.Supp. 244, 254-255 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer mechanics of transferring and remanding. After transfer, the process of segregating the pretrial matters which should be remanded for handling by the transferor courts may be time-consuming, as well as subject to reasonable disagreement. The basic question before the Panel in each proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer and remand.")

Consolidation of Movants' case with MDL 875 will not serve any of these aims. This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. This case can be most efficiently handled by the California Superior Court in San Francisco or in the Federal District Court for the Northern District of California where the trial will take place.

1    The parties will not benefit from the MDL 875's focus on common asbestos defendants.

2  It is nothing like  a 'class action natured asbestos action' (multiple unrelated plaintiffs against

3  common asbestos product manufactures) which was the context in which MDL 875 was created

4  to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the

5  resources of the parties, their counsel, and the judiciary.   This case is a straightforward personal

6  injury and wrongful death action, one that the state court and the parties would be able to move

7  relatively rapidly to trial.

8    In light of the above, Movants respectfully submit that transfer to MDL-875 could not

9  be more inconvenient to the parties and witnesses, or more likely to obstruct rather than

10  promote the just and efficient conduct of this case.  Transfer  will serve only to delay the matter,

11  while increasing the judicial workload of the Pennsylvania court, and accomplishing no

12  effective progress in the action.

13                          **CONCLUSION**

14    Transfer will serve neither the convenience of the parties nor the just and efficient

15  conduct of these cases.  It is not suitable for transfer to the MDL.  Most importantly, the United

16  States District Courts lack federal subject matter jurisdiction.

17    For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer

18  Order 331 as to this matter, AVERY FONG, as Successor-in-interest to SHERMAN FONG,

19  Deceased; and SING YEE FONG, CONNIE WONG, ARLENE YOUNG, as legal Heirs of

20  SHERMAN FONG vs. ASBESTOS DEFENDANTS.

21

22  DATED: March 29, 2010                    BRAYTON ❖ PURCELL LLP

23

24                              /s/Richad M. Grant
                            Richard M. Grant (Calif State Bar # 55677)
25                            222 Rush Landing Road
                            Novato, California 94948
26                            Attorneys for Plaintiffs
                            AVERY FONG, et al.
27                            Telephone: (415) 898-1555

28

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 31 2010

FILED
CLERK'S OFFICE

1

PROOF OF SERVICE BY MAIL

2   I am employed in the County of Marin, State of California.  I am over the age of 18

3 years and am not a party to the within action.  My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California 94948-6169.

4   On March 30, 2010, I served the following document(s) described as:

5   **PLAINTIFFS' MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER

6   331 AND BRIEF IN SUPPORT OF MOTION**

7 on the interested party(ies) in this action as follows:

8   **TO ALL PARTIES ON THE ATTACHED SERVICE LISTS**

9

10   __XX__          BY OFFICE MAILING

11   I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal

12   Service on that same day with postage thereon fully prepaid at Novato, California in the ordinary course of business.  I placed in the outgoing office mail, the above-described

13   document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office

14   practices.

15   Executed March 30, 2010, at Novato, California.

16   I declare under penalty of perjury that the foregoing is true and correct.

17

18                                   /s/ Jane Ehni
                                    Jane Ehni

19

20

21

22

23

24

25

26   <u>Avery Fong, et al.  v. Asbestos Defendants (B❖P)</u>

27   ASBESTOS MDL 875 - CTO 331

28

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2010 MAR 31  A 10: 18

RECEIVED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-331)

Avery Fong, et al. v. Asbestos Defendants (B-P), et al., N.D. California,
C.A. No. 3:10-287  (Judge Thelton E. Henderson)

Peter G. Angelos
LAW OFFICES OF PETER
G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Felicia Y. Feng
MCKENNA LONG
ALDRIDGE LLP
101 California Street
41st Floor
San Francisco, CA 94111

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL &
MORING LLP
1001 Pennsylvania Avenue,
N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN
ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON &
NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY
WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Date Created: 3/29/2010-10:50:53 AM
Created by: LitSupport - ServiceList - Reporting                    Run By : Ehni, Jane (JAE)
Matter Number: 112128.001 - Avery Fong

**Armstrong & Associates, LLP**
One Kaiser Plaza, Suite 625
Oakland, CA 94612
510-433-1830   510-433-1836 (fax)
**Defendants:**
  Crown Cork & Seal Company, Inc.
(CC&S)

**Bassi, Edlin, Huie & Blum LLP**
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006   415-397-1339 (fax)
**Defendants:**
  Hopeman Brothers, Inc. (HOPE)
  J.T. Thorpe & Son, Inc. (THORPE)
  Parker-Hannifin Corporation (PARKHF)

**Becherer, Kannett & Schweitzer**
Water Tower
1255 Powell Street
Emeryville, CA 94608-2604
510-658-3600   510-658-1151 (fax)
**Defendants:**
  CSK Auto, Inc. (CSKAUT)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
  Berry & Berry (B&B)

**Jackson & Wallace**
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300   415-982-6700 (fax)
**Defendants:**
  General Dynamics Corporation
(GENDYN)

**Lankford & Crawford LLP**
2 Theatre Square
Suite 240
Orinda, CA 94563
925-258-9091   925-258-9695 (fax)
**Defendants:**
  Ford Motor Company (FORD)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
  Garlock Sealing Technologies, LLC
(GARLCK)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000   415-267-4198 (fax)
**Defendants:**
  Metalclad Insulation Corporation
(METALC)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000   415-344-7288 (fax)
**Defendants:**
  Honeywell International, Inc. (HONEYW)

**Pond North, LLP**
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
213-617-6170   213-623-3594 (fax)
**Defendants:**
  CBS Corporation ( f/k/a Viacom Inc., f/k/a
Westinghouse Electric Corporation)
(VIACOM)

**Schiff Hardin LLP**
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
415-901-8700   415-901-8701 (fax)
**Defendants:**
  Owens-Illinois, Inc. (OI)

**Steptoe & Johnson LLP**
Kevin C. Mayer, Esq.
633 West Fifth St., 7th Floor
Los Angeles, CA 90071
213-439-9400   213-439-9599 (fax)
**Defendants:**
  Metropolitan Life Insurance Company
(MET)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
  Dowman Products, Inc. (DOWMAN)
  Quintec Industries, Inc. (QUINTC)
  Thomas Dee Engineering Co., Inc. (DEE)

**Wilson, Elser, Moskowitz, Edelman &
Dicker LLP**
525 Market Street, 17th Floor
San Francisco, CA 94105-2725
415-433-0990   415-434-1370 (fax)
**Defendants:**
  Asbestos Corporation Limited (ASBLTD)