ate: 4/6/2010  Time: 4:03 PM  To: Jeffrey Luthi @ 1-202-502-2888  Pau
& Hanley LLP    Case MDL No. 875  Document 6126  Filed 04/07/10  Page 1 of 4

Case3:10-cv-01058-TEH Document28 Filed03/30/10 Page1 of 4

**MDL 875**

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

APR - 7 2010

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE CLARK and JUDITH ANN CLARK,

    Plaintiffs,

v.

BHP COPPER, INC., et al.,

    Defendants.

NO. C10-1058 TEH

<u>ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO STAY</u>

  This matter comes before the Court on Plaintiffs' motion to remand and Defendant Honeywell International's motion to stay pending possible transfer to multidistrict litigation. The motion to remand is noticed for hearing on April 5, 2010, and has been fully briefed. The motion to stay is noticed for hearing on April 26, 2010, and Plaintiffs have filed an early opposition brief. Although Honeywell has not yet filed a reply brief on its motion to stay, the Court finds oral argument on both motions to be unnecessary and now DENIES the motion to stay and GRANTS the motion to remand as set forth below.

**BACKGROUND**

  Plaintiffs George S. Clark and Judith Ann Clark filed this action in the Superior Court of California for the County of San Francisco on August 7, 2009. The complaint seeks damages from multiple defendants based on injuries resulting from exposure to asbestos. Mr. Clark is dying from mesothelioma, and the state court fast-tracked this case for trial. Trial commenced on March 2, 2010, and a jury was empaneled on March 8, 2010.

  Plaintiffs have already dismissed several defendants from the action, including dismissal of three defendants following resolution by settlement. Plaintiffs also intend to dismiss another defendant that has now fulfilled all of the terms of its settlement agreement

OFFICIAL FILE COPY

IMAGED APR - 7 2010

ate: 4/6/2010 Time: 4:03 PM To: Jeffrey Luthi @ 1-202-502-2888 Pau
& Hanley LLP Case MDL No. 875 Document 6126 Filed 04/07/10 Page 2 of 4

Case3:10-cv-01058-TEH Document28 Filed03/30/10 Page2 of 4

with Plaintiffs. Two other defendants, including Metalclad Insulation Corporation, have reached agreement on terms of settlement, but they have not yet fulfilled their obligations to pay under those agreements and therefore have not been dismissed by Plaintiffs. Honeywell is the only defendant who has not reached an agreement to settle with Plaintiffs.

The parties agree that Plaintiffs and Metalclad are California residents for purposes of diversity jurisdiction. Honeywell contends that Metalclad's citizenship should no longer be considered for diversity purposes because Metalclad's settlement with Plaintiffs was announced in state court on March 11, 2010. Counsel for Metalclad did not appear for argument on motions in limine on March 11 or March 12, and Honeywell filed its notice of removal on March 12. Honeywell now seeks to transfer this case to Multidistrict Litigation ("MDL") No. 875, *In re Asbestos Products Liability Litigation*, and Plaintiffs seek remand to state court.

## DISCUSSION

### I. Motion to Stay

Honeywell is correct that this Court has discretion to stay proceedings in this case pending a possible transfer to multidistrict litigation. However, as made clear by an order in the asbestos-related MDL proceedings that Honeywell itself relies on, the Court also has discretion to rule on the pending motion to remand:

> We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address [pending motions to remand] have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

ate: 4/6/2010  Time: 4:03 PM  To: Jeffrey Luthi @ 1-202-502-2888  Pau
& Hanley LLP
Case MDL No. 875   Document 6126   Filed 04/07/10   Page 3 of 4

Case3:10-cv-01058-TEH   Document28   Filed03/30/10   Page3 of 4

*In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001).

As discussed below, the Court finds it necessary to remand this case because removal was improper. There is no need to delay this ruling on subject matter jurisdiction, particularly in a case in which trial has already begun and a jury empaneled in state court. The Court therefore DENIES Honeywell's motion to stay.

## II.  Motion to Remand

It is undisputed that Metalclad's presence as a defendant would destroy complete diversity and therefore render this Court without jurisdiction to hear this case. Honeywell contends that Plaintiffs' settlement with Metalclad renders Metalclad a sham defendant whose citizenship should be ignored for purposes of diversity jurisdiction. However, although Honeywell has cited several cases from other jurisdictions to support this proposition, it has cited none from any courts within the Ninth Circuit. In the absence of any binding contrary authority, this Court agrees with and follows the reasoning of its sister courts within this district – including two decisions this month – that have concluded that "settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action." *Dunkin v. A.W. Chesterton Co.*, Case No. 10-0458 SBA, 2010 WL 1038200, at *2 (N.D. Cal. Mar. 19, 2010) (granting remand on nearly identical facts); *Palmer v. Pneumo Abex, LLC*, Case No. 10-0712 MMC, 2010 WL 1029480, at *2-4 (N.D. Cal. Mar. 18, 2010) (granting remand where a non-diverse defendant had reached agreement in principle with plaintiffs but had not executed a compromise and release or other settlement paper, and concluding that decision not to try claims against the settling defendant at the time of trial against non-settling defendants did not constitute plaintiffs' "binding election to discontinue their claims against all other non-dismissed defendants"); *Roberts v. A.W. Chesterton Co.*, Case No. C08-1338 JL, 2008 WL 782569 (N.D. Cal. Mar. 24, 2008) (granting remand where a non-diverse defendant reached a confidential settlement with plaintiffs but had yet to pay the agreed upon amount and had not been formally dismissed from the case); *Hogge v. A.W. Chesterton Co.*, Case No. 07-2873 MJJ,

1  2007 WL 2854500, at *1 (N.D. Cal. Sept. 26, 2007) (awarding fees following remand where
2  a non-diverse defendant had settled with plaintiffs but "had not yet filed a Request for
3  Dismissal or been otherwise actually dismissed from the case"). Accordingly, Plaintiffs'
4  motion to remand is GRANTED.

## CONCLUSION

For the reasons discussed above, Defendant Honeywell's motion to stay is DENIED and Plaintiffs' motion to remand is GRANTED. The hearings scheduled for April 5 and April 26, 2010, are VACATED. This matter is hereby remanded forthwith to the Superior Court for the County of San Francisco. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 03/30/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT