JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL 875**

APR ~ 9 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

| MICHAEL MUSSELMAN, etc. v. AMPHENOL CORP. et al., | ) | |
|---|---|---|
| D. Delaware, C.A. No. 1:10-101 | ) | MDL No. 875 |

**MOTION TO VACATE CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT TO RULE ON PLAINTIFF'S MOTION FOR REMAND TO DELAWARE STATE COURT**

Comes now Plaintiff and files this Motion to Vacate Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiff's Motion for Remand to Delaware State Court, and would respectfully show as follows:

1. This state law personal injury cause of action was filed in Delaware state court but removed to the Federal District Court for the District of Delaware by Defendant United Technologies Corporation ("Pratt & Whitney").

2. Plaintiff, Mr. Michael Musselman, timely filed his Motion to Remand the case back to state court in Delaware.

PLEADING NO. 6129

**OFFICIAL FILE COPY**

IMAGED APR - 9 2010

3.  On March 12, 2010, this honorable Panel entered an order conditionally transferring the case to MDL-875 in the Eastern District of Pennsylvania.

4.  Plaintiff respectfully requests that the panel vacate its Conditional Transfer Order ("CTO") so that the transferor court may have time to rule on plaintiff's motion for remand to state court.

5.  Plaintiff's action is a state common law cause of action with no federal law significance, and therefore Plaintiff's motion to remand should be heard prior to the parties and the case being transferred to Pennsylvania federal court.

6.  The Panel has the power to vacate the conditional transfer order and has done so in the past so that transferor courts may rule on threshold jurisdictional motions for remand.

7.  The Panel is respectfully referred to Plaintiff's brief in support of this motion, filed herewith, for a fuller discussion of these issues.

## CONCLUSION

Wherefore, Plaintiff requests that the Panel VACATE the CTO, pending decision by the United States District Court for the District of Delaware on Plaintiff's Motion to Remand.

DATED:  April 8, 2010

Respectfully submitted,

Andrew J. Balcer, IL #6298225, DE pro hac vice
Saville & Flint, L.L.C.
322 East Broadway
Alton, Illinois 62002
(618) 465-3220:  telephone
(618) 465-3240:  facsimile
abalcer@toverdict.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2010

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that a true and correct copy of the foregoing was filed with the court via overnight courier and served on all counsel via regular mail.


DATED:  April 8, 2010

_____
Andrew J. Balcer


## SERVICE LIST

### Michael Musselman, et al v. Amphenol Corp, et al

Peter G. Angelos
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
Ward Black P.A.
208 West Wendover Avenue
Greensboro, NC 27401-1307

Amaryah K. Bocchino
Cooley Manion & Jones LLP
500 Delaware Avenue, Suite 710
Wilmington, DE 19801

Paul A. Bradley
Maron Marvel Bradley & Anderson, P.A.
1201 North Market Street, Suite 900
Wilmington, DE 19801

Russell W. Budd
Baron & Budd P.C.
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
Cooney & Conway

120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
Baker Botts LLPDallas, TX 75219

John D. Cooney
Cooney & Conway
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
Baker Botts LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595

Steven Kazan
Kazan McClain Abrams Fernandez et al
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
Waters & Kraus LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
Roger B. Lane, P.C.
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney

Segal, McCambridge, Singer & Mahoney, Ltd.
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Roger C. Malaby
Malaby & Bradley
150 Broadawy, Suite 600
New York, NY 10038

John P. McShea
McShea Tecce P.C.
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeney
Schiff Hardin LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29464

Michael L. Sensor
Perry & Sensor
One Customs House, Suite 560
P.O. Box 1568
702 North King Street
Wilmington, DE 19899

Nicholas E. Skiles
Swartz Campbell, LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330

Wilmington, DE 19899

Michael P. Thornton
Thonrton & Naumes LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
Forman Perry Watkins Krutz & Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608


Marshall, Dennehey, Warner, Coleman & Goggin
Eric Scott Thompson
1220 North Market St., 5th Floor
Wilmington, DE 19899
Attorneys for Defendants,
Kaiser Gypsum Company, Inc. and
Bondex International, Inc.

Paul A. Bradley
Maron Marvel Bradley & Anderson, P.A.
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

| MICHAEL MUSSELMAN, etc. v. AMPHENOL CORP. et al., | ) | |
|---|---|---|
| D. Delaware, C.A. No. 1:10-101 | ) | MDL No. 875 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER TO ALLOW TRANSFEROR COURT TO RULE ON
PLAINTIFF'S MOTION FOR REMAND TO DELAWARE STATE COURT**

Comes now Plaintiff and files this brief in support of his Motion for Order Vacating

Conditional Transfer Order ("CTO") to Allow Transferor Court to Rule on Plaintiff's Motion for

Remand to Delaware State Court, and would respectfully show as follows:

**INTRODUCTION**

1.  Plaintiff, Michael Musselman, filed this asbestos personal-injury case in the Superior

    Court of the State of Delaware in and for New Castle County on March 12, 2009.

    Plaintiff filed an amended complaint in the same case on December 9, 2009, adding the

    moving defendant, United Technologies Corporation ("Pratt & Whitney"). This case was

    filed against several defendants alleging that the plaintiff's decedent, Lisa Musselman,

    was exposed to asbestos through everyday contact with asbestos-containing products, and

from everyday contact with family members who were exposed to asbestos-containing products. This exposure to asbestos was a proximate cause of her mesothelioma, with cause her death on January 10, 2009.

2. Plaintiff's case was already set to be tried on May 20, 2010, in Delaware state court, and discovery had commenced in the case before it was removed to federal court by Pratt & Whitney.

## PROCEDURAL HISTORY

3. Pratt & Whitney was a party defendant and served with summons and the Complaint on December 23, 2009.

4. In the Delaware State Court Complaint, plaintiffs alleged state-law negligence "failure to warn" claims against the defendants, based on their failure to warn of the health hazards associated with asbestos exposure. No claim arising under federal law was alleged in the Complaint. No federal question was raised and no federal issue needs to be decided to establish defendants' liability under the causes of action in the Plaintiff's Complaint.

5. On February 8, 2010, Pratt & Whitney removed the above-captioned case to federal court based on federal officer removal.

6. Plaintiff promptly filed is Motion to Remand and Memorandum in Support.

7. On March 12, 2010, the Judicial Panel on Multidistrict Litigation, No. 875 ("MDL") issued its Conditional Transfer Order No. 332 ("CTO") in favor of the Eastern District of Pennsylvania.

8. Plaintiff's Motion and instant Memorandum pray that the MDL vacate that order in order to allow the District Court of Delaware to resolve Plaintiff's Motion to Remand to State Court.

## ARGUMENT

**Mr. Musselman will be Substantially Prejudiced if the Motion to Vacate the Conditional Transfer Order is not Granted.**

9. Mr. Musselman's state law case was scheduled for trial in state court on May 20, 2010. Because Pratt & Whitney removed the case to federal court, and now the CTO to Philadelphia, Pennsylvania, Mr. Musselman's access to a timely trial date is now in jeopardy. Mr. Musselman's ability to obtain a timely trial in this matter will be put in even more jeopardy if the federal judge in Delaware is not allowed to rule on Plaintiff's motion to remand. If the federal judge is allowed to rule on Plaintiff's motion to remand, there is little doubt that Plaintiff's case will be returned to Delaware state court, where Mr. Musselman's trial date can be rescheduled for a date not far off in the future.

10. "Justice delayed is justice denied," and there can is little doubt that the MDL does not provide a timely forum for Plaintiff's claims to be heard.

**The Panel May Vacate Conditional Transfer Orders for this Purpose.**

11. The Panel has in the past vacated conditional transfer orders to afford transferor courts an opportunity to rule promptly on motions to remand to state court. In Vasura v. ACandS, Inc., 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." Id. at 533.

12. Plaintiff seeks only a timely ruling on its motion for remand so that Mr. Musselman may have his cause of action heard and tried in a timely fashion.

**It Would be a Waste of Judicial and Private Resources to Transfer the Case to the MDL Without First Determining Whether Federal Jurisdiction Exists.**

13. The CTO should be vacated to allow the District Court Judge to rule on Mr. Musselman's Motion for Remand.

14. The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists.  If there is no valid basis for federal jurisdiction, the case does not belong in MDL 875.  It makes abundant sense, from a judicial resource standpoint, to allow the remand motion process to fully run its course before burdening the MDL with another asbestos case.

15. Vacating the CTO in this case until the United States District Court for the District of Delaware rules upon the Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy – the entire point of the MDL process.  If jurisdiction is rejected, the case leaves federal court.  If jurisdiction is confirmed, the CTO process can run its course at that point.

16. In contrast, finalizing the CTO prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875, further increasing the burden on Judge Robreno and his staff.  Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL procedures despite the lack of confirmation of jurisdiction.  Upon complete of those procedures, the case will be sent back to the transferor court – incurring yet more administrative costs and burdens – only to return to the same question pending today – whether the federal courts have jurisdiction over this matter.

## CONCLUSION

**WHEREFORE,** Plaintiff requests that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the District of Delaware on Plaintiff's Motion to Remand.

DATED:  April 8, 2010

Respectfully submitted,

Andrew J. Balcer, IL #6298225, DE *pro hac vice*
Saville & Flint, L.L.C.
322 East Broadway
Alton, Illinois 62002
(618) 465-3220:  telephone
(618) 465-3240:  facsimile
abalcer@toverdict.com

PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2010

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that a true and correct copy of the foregoing was filed with the court via overnight courier and served on all counsel via regular mail.

DATED:  April 8, 2010

_Andrew J. Balcer_

Andrew J. Balcer

## SERVICE LIST

### Michael Musselman, et al v. Amphenol Corp, et al

Peter G. Angelos
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
Ward Black P.A.
208 West Wendover Avenue
Greensboro, NC 27401-1307

Amaryah K. Bocchino
Cooley Manion & Jones LLP
500 Delaware Avenue, Suite 710
Wilmington, DE 19801

Paul A. Bradley
Maron Marvel Bradley & Anderson, P.A.
1201 North Market Street, Suite 900
Wilmington, DE 19801

Russell W. Budd
Baron & Budd P.C.
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
Cooney & Conway
120 North LaSalle Street, Suite 3000

Chicago, IL 60602-2415

Kevin M. Jordan
Baker Botts LLPDallas, TX 75219

John D. Cooney
Cooney & Conway
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
Baker Botts LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595

Steven Kazan
Kazan McClain Abrams Fernandez et al
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
Waters & Kraus LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
Roger B. Lane, P.C.
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
Segal, McCambridge, Singer & Mahoney, Ltd.

233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Roger C. Malaby
Malaby & Bradley
150 Broadawy, Suite 600
New York, NY 10038

John P. McShea
McShea Tecce P.C.
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeney
Schiff Hardin LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29464

Michael L. Sensor
Perry & Sensor
One Customs House, Suite 560
P.O. Box 1568
702 North King Street
Wilmington, DE 19899

Nicholas E. Skiles
Swartz Campbell, LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

Michael P. Thornton
Thonrton & Naumes LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
Forman Perry Watkins Krutz & Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608


Marshall, Dennehey, Warner, Coleman & Goggin
Eric Scott Thompson
1220 North Market St., 5th Floor
Wilmington, DE 19899
Attorneys for Defendants,
Kaiser Gypsum Company, Inc. and
Bondex International, Inc.

Paul A. Bradley
Maron Marvel Bradley & Anderson, P.A.
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

APR ~ 9 2010

FILED
CLERK'S OFFICE

---

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MICHAEL MUSSELMAN, etc. v. AMPHENOL CORP. et al.,     )
D. Delaware, C.A. No. 1:10-101                        )        MDL No. 875

---

## PROOF OF SERVICE

I hereby certify that an ORIGINAL and FOUR (4) COPIES, plus ONE CD containing a copy of the following documents was served by overnight courier in a sealed envelope, addressed to the Clerk of Panel, through services provided by Federal Express, and billed to Saville & Flint, L.L.C.:

(1) Plaintiff's Motion to Vacate Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiff's Motion for Remand to Delaware State Court; and

(2) Brief in Support of Plaintiff's Motion to Vacate Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiff's Motion for Remand to Delaware State Court

(3) Proof of Service

Andrew J. Balcer

## SERVICE LIST

### Michael Musselman, et al v. Amphenol Corp, et al

Peter G. Angelos
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
Ward Black P.A.

208 West Wendover Avenue
Greensboro, NC 27401-1307

Amaryah K. Bocchino
Cooley Manion & Jones LLP
500 Delaware Avenue, Suite 710
Wilmington, DE 19801

Paul A. Bradley
Maron Marvel Bradley & Anderson, P.A.
1201 North Market Street, Suite 900
Wilmington, DE 19801

Russell W. Budd
Baron & Budd P.C.
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
Cooney & Conway
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
Baker Botts LLPDallas, TX 75219

John D. Cooney
Cooney & Conway
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
Baker Botts LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595

Steven Kazan
Kazan McClain Abrams Fernandez et al
171 Twelfth Street, Third Floor

Oakland, CA 94607

Peter A. Kraus
Waters & Kraus LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
Roger B. Lane, P.C.
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
Segal, McCambridge, Singer & Mahoney, Ltd.
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Roger C. Malaby
Malaby & Bradley
150 Broadawy, Suite 600
New York, NY 10038

John P. McShea
McShea Tecce P.C.
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeney
Schiff Hardin LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105


Thomas A. Packer
Gordon & Rees, LLP
Embarcadero Center West

275 Battery Street, Suite 2000
San Francisco, CA 94111

Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29464

Michael L. Sensor
Perry & Sensor
One Customs House, Suite 560
P.O. Box 1568
702 North King Street
Wilmington, DE 19899

Nicholas E. Skiles
Swartz Campbell, LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

Michael P. Thornton
Thonrton & Naumes LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
Forman Perry Watkins Krutz & Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Marshall, Dennehey, Warner, Coleman & Goggin
Eric Scott Thompson
1220 North Market St., 5th Floor
Wilmington, DE 19899
Attorneys for Defendants,
Kaiser Gypsum Company, Inc. and
Bondex International, Inc.

Paul A. Bradley
Maron Marvel Bradley & Anderson, P.A.
1201 N. Market Street, Suite 900
P.O. Box 288

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2010

FILED
CLERK'S OFFICE

Wilmington, DE 19899

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "Proof of Service" was filed with the court via overnight courier and served on all counsel above via regular mail.

Andrew J. Balcer

RECEIVED
CLERK'S OFFICE
2010 APR -9 A 8:24
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION