UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 14, 2010

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

    Elizabeth J. Coons, etc. v. A.O. Water Smith Products, et al.,    )
        S.D. New York, C.A. No. 1:09-7496                                )      MDL No. 875

## TRANSFER ORDER

      **Before the entire Panel**[*]: Plaintiff in an action pending in the Southern District of New York has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portion of our order conditionally transferring the action to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendant Detroit Diesel Corp. opposes the motion to vacate.

      After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of this action to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in its original decision, the Panel considered and rejected – as grounds for carving out exceptions to transfer in this extraordinary docket – distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action. We are not persuaded to depart from this approach in dealing with the question of transfer of the present action.

---

    [*]    Judges Heyburn, Miller, and Trager took no part in the disposition of this matter.

    [1]    Although movant argues that the Panel should deny transfer so that she may file a motion for remand to state court to the Southern District of New York court, she is free to present that motion to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

- 2 -

Under the stewardship of the transferee court, as of March 26, 2010, (1) over 110,300 actions were closed in the transferee district, and (2) over 1,400 actions or claims therein were returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby remand is available with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

John G. Heyburn II, Chairman[*]         Robert L. Miller, Jr.[*]
David R. Hansen                         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.                   David G. Trager[*]