IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AVERY FONG, et al.,

    Plaintiffs,

v.

ASBESTOS DEFENDANTS (B*P), et al.,

    Defendants.

NO. C10-0287 TEH

ORDER GRANTING MOTION TO REMAND

This matter comes before the Court on Plaintiffs' motion to remand. After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and now GRANTS Plaintiffs' motion for the reasons set forth below.

**BACKGROUND**

Sherman Fong filed a complaint in the Superior Court of California for the County of San Francisco on August 21, 2009, alleging asbestos-related injuries against various defendants, including Defendant Metalclad Insulation Corporation. Mr. Fong alleges that he was exposed to asbestos while working as a shipfitter at Mare Island Naval Shipyard from 1956 to 1986. Metalclad's alleged liability stems from its involvement in brokering shipment of Unibestos thermal insulation from Pittsburgh Corning Corporation to Mare Island. It is undisputed that Unibestos, which was used in the nuclear reactor compartments of four submarines on which Mr. Fong worked, contained asbestos.

Mr. Fong passed away in September 2009, and Plaintiffs Avery Fong, Sing Yee Fong, Connie Wong, and Arlene Young subsequently filed an amended complaint for survival and wrongful death. The amended complaint identifies Avery Fong as Sherman Fong's

successor-in-interest and the other three Plaintiffs as Sherman Fong's siblings and legal heirs. The summons on the amended complaint was issued on December 30, 2009.

Metalclad timely removed the case to this Court on January 21, 2010, under 28 U.S.C. § 1442(a)(1). Plaintiffs now seek remand back to state court.

**DISCUSSION**

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), provides for removal of a state action to federal court by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." A party seeking removal under this section "must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 124-25, 131-35 (1989)). Although removal statutes are generally to be construed strictly, "when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." *Id.* at 1252. Thus, for example, the asserted federal defense need only be "colorable" and not "clearly sustainable . . . . The officer need not win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

Nonetheless, for the reasons discussed below, the Court finds that Metalclad has failed to raise a colorable federal defense to Plaintiffs' claims. Metalclad relies on the government contractor defense, which "immunizes contractors who supply military equipment to the Government from the duties imposed by state tort law." *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992). This defense can be invoked "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United*

*Technologies Corp.*, 487 U.S. 500, 512 (1988). However, "[w]here the goods ordered by the military are those readily available, in substantially similar form, to commercial users, the military contractor defense does not apply." *In re Hawaii*, 960 F.2d at 811.

Based on the same evidence presented in this case, another court in this district recently concluded that:

> At most, Metalclad demonstrates that the Unibestos was subject to testing by the United States Navy and that the Navy approved Unibestos as a material to be used. In fact, the witness Metalclad relies on to demonstrate that the Unibestos qualifies as "military equipment," Dan H. Helfin [sic], Jr. ("Heflin"), testified that he does not know whether the Unibestos brokered to the military was altered, manipulated or redesigned in any way. Heflin said that he did not know what physical differences there were, that he did not know what made it a special run of Unibestos, and that he did not know if [it] was manufactured differently than any other Unibestos made by Pittsburgh Corning. He further testified that he has no knowledge regarding whether or not the exact kind of Unibestos brokered by Metalclad for use on the submarines was sold to the private sector. Moreover, Donald Trueblood, the person Metalclad offered at the deposition of the "person most knowledgeable," testified that he could not say that there were any changes in the formulation of the Unibestos that was used on the four submarines Plaintiff worked on, as opposed to the Unibestos available to the general public.

*Delahaye v. Asbestos Defs.*, Case No. C09-5504 JSW, 2010 WL 366611, at *3 (N.D. Cal. Jan. 25, 2010) (citations omitted). Consequently, the court found "that Metalclad has not met its burden to demonstrate a colorable federal defense" and remanded the case to the state court from which it was removed. *Id.* at *4.

Metalclad failed to distinguish – or even cite – *Delahaye*, and this Court finds no basis for distinguishing that case or departing from that court's reasoning. Accordingly, the Court finds that Metalclad's removal under 28 U.S.C. § 1442(a)(1) was improper because Metalclad has not demonstrated that it has a colorable federal defense to Plaintiffs' claims.

//
//
//
//
//

**CONCLUSION**

For the reasons discussed above, Plaintiffs' motion to remand is GRANTED. The hearing scheduled for April 26, 2010, is VACATED. This matter is hereby remanded forthwith to the Superior Court of California for the County of San Francisco. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   04/15/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT