ORIGINAL

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 27 2010

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |
| MICHAEL MUSSELMAN, etc., Plaintiff, v. AMPHENOL CORP., et al., Defendants. | D. DEL. - C.A. NO.: 1:10-101 |

PLEADING NO. 6151

### DEFENDANT UNITED TECHNOLOGIES CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 332

#### Introduction

Plaintiff Michael Musselman moves to vacate Conditional Transfer Order No. 332 on the ground that Plaintiff has a motion for remand pending before the District Court of Delaware. This Panel, however, has repeatedly rejected the pendency of motions in the transferor court as sufficient ground for vacating its conditional transfer orders. There is more than sufficient time for the transferor court to rule on Plaintiff's motion for remand before the Panel's transfer order becomes final. Accordingly, Plaintiff's motion to vacate the conditional transfer order should be denied. Alternatively, in the event the transferor court delays in ruling on the remand motion, the Panel should stay the conditional transfer order pending resolution of the motion, as opposed to vacating it, to prevent any unnecessary delay in the process of transferring this matter to the MDL.

#### The Panel Has Already Determined That a Pending Motion for Remand is Not a Sufficient Basis for Vacating its Conditional Transfer Order

Plaintiff's argument that the Panel should vacate its conditional transfer order because of his pending motion for remand has been expressly rejected by the Panel. "Plaintiffs in these actions have argued in essence that transfer should be denied . . . in order to permit the resolution

1

of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest[,]" as the transferor courts have adequate time to rule on such pending motions before a final transfer order is issued. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 170 F.Supp.2d 1348, 1349, n. 1. The Panel recently noted that "there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order . . . ." JPML Transfer Order Dated December 1, 2009, n.3, **Exhibit A** hereto. Accordingly, "those courts wishing to address [pending motions for remand] have adequate time in which to do so . . . ." *Id.*

Here, Plaintiff has requested a hearing date for his remand motion, which has been fully briefed by all interested parties, and has filed a timely opposition this conditional transfer order. The transferor court will almost certainly rule on Plaintiff's motion for remand before the Panel issues a final transfer order. Moreover, even if the transferor court delays in ruling on the remand motion, a more efficient solution would be for the Panel to stay its conditional transfer order rather than vacate it, to prevent any delay in transferring this matter to the MDL.

### Plaintiff Does Not Deny That This Case Involves Common Questions of Fact with the Actions Previously Transferred to the MDL

The real issue before this Panel is whether this case involves common questions of fact with actions previously transferred to the Eastern District of Pennsylvania. Plaintiff does not deny that this case deals with common questions of fact relating to injuries allegedly caused by exposure to asbestos. Therefore, transfer of this action to the Eastern District of Pennsylvania for inclusion in the MDL for consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation. In the Panel's original decision ordering centralization of all pending federal asbestos cases, distinctions based on pendency of motions before the transferor court, the uniqueness of a party's status, the presence of unique claims, etc., were already considered and rejected as grounds for carving out

exceptions to transfer to the MDL. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Plaintiff's arguments in this motion do not warrant vacating the conditional transfer order.

### Conclusion

Vacating the conditional transfer order is unwarranted. Common questions of fact exist between Plaintiff's asbestos-related personal injury/wrongful death case and those cases previously transferred to MDL No. 875. And as repeatedly determined by the Panel under conditions almost identical to those presented here, tag-along consolidation with MDL No. 875 serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation. For the foregoing reasons, UTC respectfully requests that the Panel deny Plaintiff's motion to vacate Conditional Transfer Order No. 332. In the alternative, UTC respectfully requests that the Panel stay the Conditional Transfer Order pending the transferor court's ruling on Plaintiff's remand motion.

DATED: April 26, 2010

RESPECTFULLY SUBMITTED,

By: _____
John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Street
42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409
john.son@tuckerellis.com

Attorneys for Defendant
**UNITED TECHNOLOGIES CORPORATION**

3
UNITED TECHNOLOGIES CORPORATION'S
OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE CTO-332

LaImanage\074908.000614\660575.1-JKS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 27 2010

FILED
CLERK'S OFFICE

# EXHIBIT A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 01, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MDL No. 875

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in actions pending in the Central District of California (two actions), the Southern District of Georgia, the District of Oregon, and the Western District of Washington, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the

---

[*] Judge Heyburn took no part in the disposition of this matter. Judge Trager participated only in the disposition of the Central District of California *Staton* action.

[1] Carrier Corp. (as to both Central District of California actions);General Electric Co. and Viad Corp. (as to the Central District of California *Nepomuceno* action); Leslie Controls, Inc. (as to both Central District of California actions and the District of Oregon action); Grinnell LLC and Yarway Corp. (as to the Central District of California *Staton* action); Ingersoll-Rand Co. (as to the Southern District of Georgia action); and Lockheed Martin Shipbuilding Co. (as to the Western District of Washington action).

[2] Plaintiffs in all five actions principally argue that the Panel should deny or defer transfer of their actions in order to permit the resolution of motions for remand to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an
(continued...)

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Plaintiffs in the Central District of California *Staton* action also cite serious health issues of the plaintiff husband in arguing against transfer, and, indeed, express the concern that inclusion of their action in MDL No. 875 may deprive the plaintiff husband of his day in court and his ability to recover for pain and suffering. Although we have rejected similar arguments on multiple occasions in the past, we remain sensitive to such concerns. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

Under the stewardship of the transferee court, as of November 20, 2009, (1) over 108,000 actions were closed in the transferee district, and (2) over 1,400 actions or claims therein were returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby remand is available with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

---

[2](...continued)
action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should await presentation to the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager* |

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (No. VI)** MDL No. 875

## SCHEDULE A

<u>Central District of California</u>

Ellis Michael Staton, et al. v. American Standard, Inc., et al., C.A. No. 2:09-3724
Lilia Nepomuceno, et al. v. A.W. Chesterton Co., et al., C.A. No. 2:09-6092

<u>Southern District of Georgia</u>

Anderson Kelly v. General Electric Co., et al., C.A. No. 2:09-134

<u>District of Oregon</u>

Daniel Holmes, etc. v. A.W. Chesterton, Co., et al., C.A. No. 1:09-678

<u>Western District of Washington</u>

Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al., C.A. No. 3:09-5385



**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

APR 2 7 2010

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |
| MICHAEL MUSSELMAN, etc., <br><br> Plaintiff, <br><br> v. <br><br> AMPHENOL CORP., et al., <br><br> Defendants. | D. DEL. - C.A. NO.: 1:10-101 |

## PROOF OF SERVICE

I, Susan Walling, declare that I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071.

On April 26, 2010, I served the following documents:

(1) Defendant United Technologies Corporation's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order No. 332;

(2) Defendant United Technologies Corporation's Corporate Disclosure Statement Pursuant to Rule 5.3; and

(3) Notice of Appearance on Behalf of Defendant United Technologies Corporation

on all parties contained in the attached Service List and Involved Counsel List via first class mail.

Executed on April 26, 2010, at Los Angeles, California.

_____
Susan Walling

Michael L. Sensor
Perry & Sensor
One Customs House, Suite 560
P.O. Box 1568
Wilmington, DE 19899-1568

William J. Cattie
Rawle & Henderson LLP
300 Delaware Avenue
Suite 1015
P.O. Box 588
Wilmington, DE 19899-0588

Sarah A. Fruehauf, Esquire
Rawle & Henderson LLP
300 Delaware Avenue
Suite 1015
P.O. Box 588
Wilmington, DE 19899-0588

Armand J. Della Porta, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

Ana Marina McCann, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

Gary H. Kaplan, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

Beth Valocchi, Esquire
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899-0330

Nicholas E. Skiles, Esquire
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899-0330

Loreto P. Rufo, Esquire
Rufo Associates, P.A.
7217 Lancaster Pike, Suite F
Hockessin, DE 19707

Christian J. Singewald, Esquire
White and Williams, LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Josette F. Spivak, Esquire
Hollstein Keating Cattrell
Johnson & Goldstein PC
One Commerce Center, Suite 730
1201 N. Orange Street
Wilmington, DE 19801

Amaryah K. Bocchino, Esquire
Cooley Manion Jones LLP
500 Delaware Avenue, Suite 710
Wilmington, DE 19801

Margaret Juliano, Esquire
Cooley Manion Jones LLP
500 Delaware Avenue, Suite 710
Wilmington, DE 19801

Jason A. Cincilla, Esquire
Cooley Manion Jones LLP
500 Delaware Avenue, Suite 710
Wilmington, DE 19801

Donald E. Reid, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Karl Randall, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

{82020.00007 / W0459103}

Robert A. Ranieri, Esquire
Salmon Ricchezza Singer & Turchi LLP
222 Delaware Avenue
11th Floor
Wilmington, DE 19801

Ethan A. Flint, Esquire
Saville & Flint LLC
322 East Broadway
P.O. Box 602
Alton, Illinois 62002

Stephen Jones, Esquire
Saville & Flint LLC
322 East Broadway
P.O. Box 602
Alton, Illinois 62002

C. Scott Reese, Esquire
Cooch & Taylor PA
1000 West Street, 10 Floor
P.O. Box 1680
Wilmington, DE 19899-1680

William R. Adams, Esquire
Dickie McCamey & Chilcote PC
300 Delaware Avenue
Suite 1630
Wilmington, DE 19801-1607

Paul A. Bradley, Esquire
Maron Marvel Bradley & Anderson, P.A.
1201 N. Market Street, Suite 900
Wilmington, DE 19801

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)　　　　　　　　　　　　　　　　MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-332)**

Michael Musselman, etc. v. Amphenol Corp., et al., D. Delaware, C.A. No. 1:10-101 (Judge Sue L. Robinson)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Andrew J. Balcer
SAVILLE & FLINT LLC
322 East Broadway
Alton, IL 62002

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Amaryah K. Bocchino
COOLEY MANION & JONES LLP
500 Delaware Avenue
Suite 710
Wilmington, DE 19801

Paul A. Bradley
MARON MARVEL BRADLEY &
ANDERSON PA
1201 North Market Street
Suite 900
Wilmington, DE 19801

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

**MDL No. 875 - Panel Service List (Excerpted from CTO-332) (Continued)**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Michael L. Sensor
PERRY & SENSOR
One Customs House, Suite 560
P.O. Box 1568
702 North King Street
Wilmington, DE 19899

Nicholas E. Skiles
SWARTZ CAMPBELL LLC
300 Delaware Avenue
Suite 1130
P.O. Box 330
Wilmington, DE 19899

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608