UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 05, 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | | |
|---|---|---|
| SYLVIA J. EDEM, et al., | ) | |
| | ) | |
| | ) | Civil Action No. 2:10-1784 |
| Plaintiffs, | ) | |
| | ) | in the United States District Court |
| v. | ) | for the Central District of California |
| | ) | |
| | ) | |
| THE C.P. HALL CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-333)

Plaintiffs Sylvia J. Edem, et al., by and through their undersigned counsel, hereby move this Panel to vacate the Conditional Transfer Order entered as to the above-captioned action (CTO-333). The grounds for this Motion are set forth in the accompanying supporting Brief and are incorporated herein.

Wherefore, plaintiffs request that this Panel vacate the Conditional Transfer Order as to the above-captioned case.

Dated: May 4, 2010

Respectfully submitted,

Deborah R. Rosenthal
PAUL & HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:     (510) 559-9980
Facsimile:     (510) 559-9970
drosenthal@paulandhanley.com
Attorneys for Plaintiffs Sylvia J. Edem, et al.

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 05, 2010

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Anne Scott, hereby certify that I served a true and correct copy of Plaintiffs'
Motion to Vacate Conditional Transfer Order; Brief in Support of Plaintiffs' Motion to
Vacate Conditional Transfer Order; Declaration of Deborah R. Rosenthal; Appendix of
Exhibits; [Proposed] Order upon the Judicial Panel for Multidistrict Litigation via
overnight mail, and upon the attached Panel Service List via first class mail, postage
prepaid, on this __4th__ day of May, 2010.

Anne Scott

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**                                   MDL No. 875

## PANEL SERVICE LIST (CTO-333)

David Lee Amell
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Peter G. Angelos
LAW OFFICES OF PETER
G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Melissa R. Badgett
COOLEY MANION JONES
HAKE ET AL
201 Spear Street
Suite 1800
San Francisco, CA 94105

Joshua H. Bennett
BENNETT &
GUTHRIE PLLC
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Allison Naquin Benoit
KEAN MILLER
HAWTHORNE ET AL
301 Main Street
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Gary A. Bezet
KEAN MILLER
HAWTHORNE ET AL
One American Place
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Ian Connor Bifferato
BIFFERATO LLC
800 North King Street
Plaza Level
Wilmington, DE 19801

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Roy B. Blackwell
KAUFMAN &
CANOLES PC
4801 Courthouse Street
Suite 300
P.O. Box 6000
Williamsburg, VA 21385

Jordan Blumenfeld-James
SIMON EDDINS &
GREENSTONE LLP
301 East Ocean Boulevard
Suite 1950
Long Beach, CA 90802

Timothy W. Bouch
LEATH BOUCH &
CRAWFORD
P.O. Box 59
Charleston, SC 29402

Sarah M. Bowman
DEAN & GIBSON PLLC
301 South McDowell Street
Suite 900
Charlotte, NC 28204-2686

Richard A. Brody
BRENT COON &
ASSOCIATES
44 Montgomery Street
Suite 800
San Francisco, CA 94104

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Richard Soo Chon
PERKINS COIE LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111-4131

William D. Conner
HAYNSWORTH SINKLER
BOYD
P.O. Box 2048
Greenville, SC 29602

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

William Pearce Davis
BAKER RAVENEL &
BENDER
P.O. Box 8057
Columbia, SC 29202

James D. Gandy, III
PIERCE HERNS SLOAN &
MCLEOD
P.O. Box 22437
Charleston, SC 29413

Alan Scott Goldberg
SELMAN BREITMAN LLP
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025-6538

**MDL No. 875 - Panel Service List (CTO-333) (Continued)**

William M. Graham
WALLACE &
GRAHAM PA
525 North Main Street
Salisbury, NC 28144

Dean A. Hanley
PAUL HANLEY &
HARLEY
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Anthony C. Hayes
NELSON MULLINS RILEY
& SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-1070

Edward W. Hearn
JOHNSON & BELL LTD
1435 E. 85th Avenue
Merrillville, IN 46410

Stephanie F. Holtzlander
CANTRELL STRENSKI &
MEHRINGER LLP
2400 Market Tower
10 West Market Street
Indianapolis, IN 46204

Edward R. Hugo
BRYDON HUGO &
PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071

Arthur Timothy Jones
HAWKINS &
PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

David P. Jones
NEWBY LEWIS KAMINSKI &
JONES LLP
916 Lincolnway
P.O. Box 1816
LaPorte, IN 46350-1816

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL &
MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Daniel L. Keller
KELLER FISHBACK
JACKSON LLP
18425 Burbank Boulevard
Suite 610
Tarzana, CA 91356

James G. Kennedy
PIERCE HERNS SLOAN &
MCLEOD
P.O. Box 22437
Charleston, SC 29413

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Donald A. Krispin
MARITIME ASBESTOSIS
LEGAL CLINIC
645 Griswold Road
Suite 1550
Detroit, MI 48226

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY &
MANSFIELD PLLP
300 South Grand Avenue
Suite 2800
Los Angeles, CA 90071

J. Burton LeBlanc, IV
BARON & BUDD PC
9015 Bluebonnet Blvd.
Baton Rouge, LA 70808

Jo Ann Lea
BARON & BUDD PC
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810

David L. Levy
HEDRICK GARDNER
KINCHELOE &
GAROFALO LLP
P.O. Box 30397
Charlotte, NC 28230

R. Bates Lovett
HUNTER MACLEAN
EXLEY & DUNN PC
P.O. Box 9848
Savannah, GA 31412

Helen Marie Luetto
WALSWORTH FRANKLIN
BEVINS & MCCALL LLP
One City Boulevard, West
Fifth Floor
Orange, CA 92868-3604

**MDL No. 875 - Panel Service List (CTO-333) (Continued)**

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Moffatt Grier McDonald
HAYNSWORTH SINKLER
BOYD PA
P.O. Box 2048
Greenville, SC 29602

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Robert O. Meriwether
NELSON MULLINS RILEY
& SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-0013

Willard J. Moody, Jr.
MOODY LAW FIRM INC
500 Crawford Street
Suite 300
Portsmith, VA 23704

Thomas Jeffrey Moses
BRYDON HUGO &
PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Penelope B. O'Connell
ELZUFON AUSTIN
REARDON TARLOV &
MONDELL PA
300 Delaware Avenue
Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Armand J. Della Porta, Jr.
MARSHALL DENNEHEY
WARNER COLEMAN &
GOGGIN
1220 N. Market Street
Suite 500
P.O. Box 8888
Wilmington, DE 19899

Glen R. Powell
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Steven J. Pugh
RICHARDSON PLOWDEN &
ROBINSON PA
P.O. Drawer 7788
Columbia, SC 29202

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Barry R. Schirm
GRACE COSGROVE &
SCHIRM APC
444 South Flower Street
11th Floor
Los Angeles, CA 90071

Carl R. Schwertz
DUANE HAUCK & GNAPP
10 East Franklin Street
Richmond, VA 23219-2106

Charles T. Sheldon
SEDGWICK DETERT
MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Erin J. Sparkuhl
SHOOK HARDY &
BACON LLP
Jamboree Center
5 Park Plaza
Suite 1600
Irvine, CA 92614-2546

Kevin A. Sullivan
SAUTER
SULLIVAN ET AL
3415 Hampton Avenue
St. Louis, MO 63139

Robert E. Swickle
JAQUES ADMIRALTY
LAW FIRM PC
The Maritime Asbestos
Legal Clinic
1370 Penobscot Building
645 Griwsold Street
Detroit, MI 48226-4192

Jennifer M. Techman
EVERT WEATHERSBY &
HOUFF LLC
3405 Piedmont Road, NE
Suite 225
Atlanta, GA 30305

Michael P. Thornton
THORNTON &
NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

**MDL No. 875 - Panel Service List (CTO-333) (Continued)**

Tracy E. Tomlin
NELSON MULLINS RILEY & SCARBOROUGH LLP
100 North Tryon Street
42nd Floor
Charlotte, NC 28202-4007

Mark Hedderman Wall
ELMORE & WALL
P.O. Box 1200
Charleston, SC 29402

Mona Lisa Wallace
WALLACE &
GRAHAM PA
525 North Main Street
Salisbury, NC 28144

Timothy J. Walsh
5415 Buffet Ct.
Granger, IN 46530

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Michelle Marie Weathers
SWANSON MARTIN & BELL LLP
330 North Wabash
Suite 3300
Chicago, IL 60611

Stephen B. Williamson
KATTEN MUCHIN ROSENMAN LLP
550 South Tryon Street
Suite 2900
Charlotte, NC 28202-4213

Karen M. Zello
GLASSER & GLASSER PLC
Crown Center Building
580 East Main Street
Suite 600
Norfolk, VA 23510

Case MDL No. 875   Document 6167   Filed 05/05/10   Page

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 05, 2010

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)**

| | | |
|---|---|---|
| SYLVIA J. EDEM, et al., | ) | |
| | ) | |
| | ) | Civil Action No. 2:10-1784 |
| Plaintiffs, | ) | |
| | ) | in the United States District Court |
| v. | ) | for the Central District of California |
| | ) | |
| | ) | |
| THE C.P. HALL CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL**
**TRANSFER ORDER**

### I.      INTRODUCTION

Plaintiffs Sylvia J. Edem, et al., by and through their undersigned counsel, hereby move this Panel to Vacate the Conditional Transfer Order entered in the above-captioned case (CTO-333).  Transfer of this action to the consolidated Multidistrict Litigation proceedings in Pennsylvania, prior to or absent a ruling on plaintiffs' pending remand motion by the local District Court, is improper.  Moreover, transfer of this action would not serve the interests of judicial efficiency and economy nor would it be convenient for the parties. To the contrary, the unnecessary and potentially lengthy delays likely to be caused by such a transfer will prejudice plaintiffs' ability to promptly proceed in the litigation of their case.  In short, transfer of this action to the MDL would not in any way advance the policy objectives of 28 U.S.C. § 1407.

Perpetuating the length of time an action remains in federal court – when, as here, there exists a material, ongoing dispute as to the threshold issue of whether the federal courts have jurisdiction over the action at all – violates constitutional authority, including separation of powers and due process.  It is also contrary to the policy of comity. Transfer of this action prior to the issuance of a ruling on plaintiffs' pending remand motion will cause the burdensome and wasteful duplication of labor, expense, and time by the Courts as well as the parties.  The extreme backlog of the MDL Court, in conjunction with its procedural rules, will also cause the determination of plaintiffs' remand motion to be indefinitely delayed.  Indeed, transfer of this action at any juncture would cause unnecessary delay of the resolution of this matter as well as force plaintiffs to expend unanticipated amounts of time and money in order to proceed with their case.

## II.   <u>PROCEDURAL BACKGROUND</u> [1]

### A.   State Court Proceedings

On May 19, 2009, plaintiffs Sylvia J. Edem, Rachelle Fell, Kara Frazier, Dawn Pearce, and Kelly Spiker, all citizens of California, filed an asbestos-related survival and wrongful death action in Los Angeles County Superior Court against some twelve defendants.  (*Sylvia J. Edem, et al. v. The C.P. Hall Company, et al.*, Los Angeles Superior Court, Case No. BC414110.)  Plaintiffs, in said action, allege injuries and damages arising out of decedent Richard Edem's various exposures to asbestos caused as a result of the defendants' products and conduct.  Plaintiffs' complaint includes a variety

---

[1]  Pursuant to FED. R. EVID. 201, plaintiffs request this Panel take judicial notice of the pleadings, motions and orders referenced in this section of plaintiffs' Brief, all of which are currently on file and in the records of either this MDL Panel, the U.S. District Court for the Central District of California, and/or the Los Angeles County Superior Court. Plaintiffs will provide copies of these documents to this Panel upon request.

of allegations pertaining to the decedent's various exposures to asbestos. Plaintiffs, in said action, pursue remedies under state tort law only.

Throughout the course of litigation, plaintiffs voluntarily dismissed a number of defendants from the state court action. By February 18, 2010, five defendants remained.[2]

### B.   U.S. District Court Proceedings and MDL Proceedings

On March 11, 2010, defendants Lorillard Tobacco Company and Hollingsworth & Vose Company jointly filed a Notice of Removal and removed this action to the United States District Court for the Central District of California on the purported basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.[3] Defendants claimed that with the February 18, 2010 dismissal of Sepco Corporation, a California defendant, "complete diversity" between the parties was had.[4]

On March 15, 2010, the removing defendants notified this Panel of the *Edem* action as a pending related ("tag-along") action involving common questions of fact with asbestos-related actions previously transferred by the Panel to MDL-875.

On April 2, 2010, plaintiffs filed and served a motion to remand the action to state court. Plaintiffs, in that motion, submitted that because there remained a California defendant – defendant Quintec Industries, Inc. – in the action, "complete diversity" between the parties was in fact **not** had, that the U.S. District Court therefore lacked subject matter jurisdiction over the action, and that the removal of the action to federal court had thus been improper.

---

[2] The five remaining defendants are: Lorillard Tobacco Company, Hollingsworth & Vose Company, Michelin North America, Inc., R.T. Vanderbilt Company, Inc., and Quintec Industries, Inc.

[3] The U.S. District Court for the Central District of California shall hereinafter be respectively referred to as the "District Court."

[4] On that same date, the removing defendants notified the District Court of related asbestos cases pending in MDL-875.

Plaintiffs remand motion was scheduled to be heard on regularly noticed time, on May 3, 2010, before the Honorable Gary A. Feess, United States District Court Judge.

On April 5, 2010, plaintiffs notified this Panel of their objections to the transfer of the *Edem* action to MDL-875.

On April 6, 2010, this Panel issued CTO-333 transferring the *Edem* action to MDL-875 for coordinated and/or consolidated pretrial proceedings.

On April 9, 2010, the removing defendants notified the District Court of the MDL Panel's inclusion of the *Edem* case in CTO-333.

Proceedings in the District Court continued.  On April 12, 2010, defendants filed an opposition to plaintiffs' remand motion and, one week later, plaintiffs filed a reply. As of April 19, 2010, plaintiffs' remand motion had been fully briefed by the parties.

On April 28, just four days before plaintiffs' remand motion was scheduled to be heard before the District Court, Judge Feess issued a minute order indicating that the Court was in receipt of defendants' April 9, 2010 notice of CTO-333 and was now vacating all proceedings pending transfer of the action to the MDL Court.[5]

On May 4, 2010, plaintiffs filed an ex parte application asking the District Court to place plaintiffs' remand motion back on the Court's calendar for hearing.  Plaintiffs identified as "good cause" for the application the judicial inefficiencies and undue prejudice to plaintiffs sure to be caused if the District Court were to not issue a ruling on plaintiffs' remand motion prior to the potential transfer of this action to the MDL.  As of today's writing, that *ex parte* application is currently pending before Judge Feess.

---

[5]  Plaintiffs note that on April 5, 2010, removing defendants jointly filed a motion to stay the proceedings pending transfer of this action to MDL-875.  Plaintiffs thereafter filed an opposition thereto and, in response, defendants filed a reply.

With the filing of the instant motion and supporting brief, plaintiffs seek to have this Panel vacate CTO-333 for the reasons and on the grounds set forth hereafter.

## III.   LEGAL DISCUSSION

### A.      Transfer by the Judicial Panel on Multidistrict Litigation

Civil actions pending in different districts and involving one or more common questions of fact *may* be transferred by the Judicial Panel on Multidistrict Litigation to any district court for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a).  Such transfers are authorized and warranted when made for the convenience of the parties and for the purpose of effecting judicial economy and eliminating the potential for conflicting contemporaneous pretrial rulings. Id.; See, also, *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 493 (J.P.M.L. 1968).

The federal multidistrict litigation statute, more specifically, provides that such actions may be transferred by the Panel "*upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.*" 28 U.S.C. § 1407(a)(emphasis added).

The underlying objective of 28 U.S.C. § 1407 is "to secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action.'" *In re Nat'l Student Mktg. Litig.,* 368 F.Supp. 1311, 1316 (J.P.M.L. 1973)(citing to FED. R. CIV. P. 1).  Accordingly, "[t]he Panel's statutory mandate is to weigh the interests of all parties ... in light of the purposes of Section 1407." *In re Stirling Homex Corp. Sec. Litig.,* 442 F. Supp. 547, 550 (J.P.M.L. 1977).  And, while the Panel has broad discretion to carry out its functions, it abuses its discretion if it acts in a manner that frustrates the objectives of section 1407.

Plaintiffs submit that transfer of *Edem* to MDL-875, prior to the District Court's ruling on plaintiffs' pending remand motion, to be improper.  Plaintiffs further submit that transfer of *Edem* to MDL-875 would be both judicially inefficient and inconvenient for plaintiffs as well cause unnecessary and potentially excessive delay to the prejudice of plaintiffs.

**B.   Transfer of *Edem* to MDL-875 Should Not Be Further Considered nor Ordered Until After the District Court Issues a Ruling on Plaintiffs' Remand Motion**

**1.   Jurisdiction as a Threshold Matter**

Federal courts are courts of limited jurisdiction; because federal courts presumptively have no jurisdiction over civil actions, the burden of establishing to the contrary appropriately rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  Indeed, the failure by a Court to determine at the outset of an action whether jurisdiction exists "carries [it] beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers."  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998).

There are no exceptions to this rule:  "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co., supra,* 523 U.S. at 94-95, 118 S. Ct. at 1012 (citing to *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510 (1884).)

As to the instant matter, the threshold determination of whether there exists federal jurisdiction over this action has yet to be resolved.  This issue can and should be

determined by the local District Court prior to transfer of this action to the MDL because

transfer to the MDL without the jurisdictional issue resolved, when remand motions

regularly remain in the MDL for years before they are heard, ignores the strict rule that

jurisdiction be established at the outset.  Transfer of this case perpetuates delay and in a

case that does not belong on federal court at all, this delay threatens plaintiffs'

constitutional rights to due process and a speedy trial by jury.[6]

### 2.  Judicial Inefficiencies and Prejudice / Inconvenience to Plaintiffs

Transfer of this action prior to or absent a ruling on plaintiffs' remand motion by

the District Court is judicially inefficient, causes unnecessary delay and expense, and

inconveniences the plaintiffs.

If, as plaintiffs contend, no valid basis for federal jurisdiction exists, this case

does not belong in the local District Court much less MDL-875.  However, due to the

extreme backlog of cases and infrequent sessions of the MDL, it will most certainly take

the MDL Court longer to reach that determination than it will the District Court – which

already has been fully briefed on the issue.  The end result is substantial and needless

delay of the determination of a threshold jurisdictional issue and, likewise, to the

resolution of this case.  Such inefficiencies could be prevented, however, if CTO-333 is

vacated.  Vacating the order thus conserves judicial resources as well as fosters

expeditious administration of justice.

---

[6] Principles of comity also support vacating the CTO-333 while plaintiffs' remand motion is pending before the District Court. *In re L. E. Lay & Co. Antitrust Litig.,* 391 F.Supp. 1054, 1056 (J.P.M.L. 1975); *see also In re Multidistrict Private Civ. Treble Damages Litig.,* 298 F. Supp. 484, 496 (J.P.M.L. 1968)("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts … to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel.")

While the jurisdictional issue raised by plaintiffs' remand motion can be resolved in the MDL, transfer of *Edem* prior to the District Court's ruling thereon will require plaintiffs to spend additional time and money to file anew their remand motion in the MDL Court. An additional consequence of the filing of said motion anew: The burdensome duplication of labor, time, and expense by the MDL Court in its review and consideration of the issues presented by plaintiffs' remand motion, a process already undertaken by the local District Court. The District Court for the Central District of California already invested time and resources to familiarize itself with the jurisdictional issue present in this case. The parties have likewise spent time and money in preparation for this Court's adjudication of the remand motion. To cause the parties, as well as the MDL Court, to spend additional time and resources to repeat what has already been done amounts to a textbook example of judicial inefficiency and inconvenience to the parties.

Furthermore, transfer of *Edem* to MDL-875 prior to a ruling on plaintiffs' remand motion effectively forces aside the question of federal jurisdiction while it is still unresolved. Because of the extensive delay in the MDL in hearing remand motions, plaintiffs will be forced either to litigate their case in a court that potentially has no jurisdiction or simply wait in legal limbo for an indeterminate length of time, doing nothing to litigate their case, because until the jurisdictional issue remains determined. If the CTO is not vacated, plaintiffs must waive the issue if they want to have their case decided on its merits in the near future. This undermines justice and due process and does nothing to further the goals of the MDL.

Allowing the District Court to rule on plaintiffs' remand prior to any transfer of this action to the MDL not only conserves significant judicial resources as well as the

8

resources of the parties, but it is the only avenue of relief that safeguards the plaintiffs'
right to have the jurisdiction issue resolved in a prompt manner.

**C.    Transfer of *Edem* to MDL-875 is Contrary to the Policy Objectives of
28 U.S.C. § 1407**

Transfer of *Edem* to MDL-875 would thwart rather than serve the statutory goals
of promoting a just, speedy, and inexpensive determination of the action.  As this Panel is
no doubt well aware, MDL-875 currently consists of approximately 48,000 cases (and far
more claims) relating to personal injuries allegedly caused by asbestos products. (See,
Exhibit A to the accompanying Declaration of Deborah R. Rosenthal.)  All of these cases
are handled by a single judge.  If transferred to MDL-875, this case is sure to encounter
delay that is well-documented, significant, and unpredictable.

There is no schedule nor rule in the MDL allowing plaintiffs to obtain a specific
date to have their remand motion heard by the MDL Court.  Delay in the MDL's
resolution of jurisdictional issues is thus unavoidable and protracted—in fact, **the
Presiding Judge of the Asbestos MDL recently issued a ruling denying remand in an
action that had been awaiting determination in MDL-875 Court for <u>15 years</u>.**  (See,
Exhibit B to the Rosenthal Declaration.)  This means if this action were to be transferred
to MDL-875 prior to ruling on plaints' remand motion, the jurisdictional dispute between
the parties could easily be delayed many months if not years.  Given that this action has
no place in federal court at all, such an outcome is ridiculously inconvenient to the parties
and highly prejudicial to plaintiffs' ability to proceed with the litigation of the case.  It
also demonstrates just how counterproductive the premature transfer of *Edem* could be.

Federal courts have noted that "if these [asbestos-related] claims return to state
court, they will proceed to resolution. If they remain in federal court, they will encounter

9

significant delay upon their transfer through the Panel on Multidistrict Litigation to the Eastern District of Pennsylvania. ... This delay [in MDL-875] is of economic benefit to the defendants and imposes costs on the plaintiffs." *Alexander v. A.P. Green Indus., Inc. (In re Maine Asbestos Cases),* 44 F. Supp. 2d 368, 374 n.2 (D.Me. 1999); *see also Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187, 190 (D. Mass. 2008)(noting that if removal was upheld and the case was transferred to MDL-875, "the matter will likely be substantially delayed").

Transfer will add another case to the already overcrowded MDL docket, cause further delay of this action as well as the other actions in the MDL, and compel plaintiffs to spend additional money, time and resources to participate in further, distant court procedures. Moreover, it will result in an infringement of plaintiffs' due process rights. The MDL Court also will have to expend labor, time, and money already spent by the District Court in order to resolve the jurisdictional challenge presented by plaintiffs' remand motion.

In contrast, vacating CTO-333 will cause no prejudice to any party and will further the interests of judicial economy.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs request this Panel vacate CTO-333 and allow this case to proceed before the U.S. District Court for the Central District of California. Transfer of *Edem* to MDL-875 prior to a ruling on plaintiffs' remand motion by the District Court is judicially inefficient and inconvenient for the parties and as a result, is improper under the federal statute authorizing Multidistrict Litigation. This Panel should

therefore vacate CTO-333 and allow the District Court to rule on the remand motion

pending before it.


Dated:  May 4, 2010                          Respectfully submitted,


                                             Deborah R. Rosenthal
                                             PAUL & HANLEY LLP
                                             1608 Fourth Street, Suite 300
                                             Berkeley, California 94710
                                             Telephone:     (510) 559-9980
                                             Facsimile:     (510) 559-9970
                                             drosenthal@paulandhanley.com
                                             Attorneys for Plaintiffs Sylvia J. Edem, et al.

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 05, 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

### MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | |
|---|---|
| SYLVIA J. EDEM, et al., ) | |
| ) | Civil Action No. 2:10-1784 |
| Plaintiffs, ) | |
| ) | in the United States District Court |
| v. ) | for the Central District of California |
| ) | |
| THE C.P. HALL CO., et al., ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF
### PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

I, Deborah R. Rosenthal, declare as follows:

1.      I am an attorney admitted to practice law before the United States District Court, Central District of California and all courts of the State of California, and am entitled to practice before the Judicial Panel on Multidistrict Litigation pursuant to Panel Rule 1.4.

2.      I am an associate of Paul & Hanley LLP, attorneys of record for plaintiffs herein. I have been an associate with this toxic tort litigation law firm since April 2005, working primarily on asbestos cases, and have been involved in the pre-trial preparation of more than 50 cases that commenced trial since that time. The matters stated herein are true to my own personal knowledge, except as otherwise stated. If called upon as a witness, I could and would testify to the following facts:

3.      Attached hereto as Exhibit "**A**" is a true and correct copy of the current caseload statistics for MDL-875 (Multidistrict Litigation, In Re Asbestos Products Liability

Litigation (No. VI)) issued by the Office of the Clerk of Court of the United States

District Court, Eastern District of Pennsylvania. I accessed, downloaded, and printed that

document on today's date from the official website of the United States District Court,

Eastern District of Pennsylvania: http://www.paed.uscourts.gov.

4.      Attached hereto as Exhibit "**B**" is a true and correct copy of the February 12, 2010

Order issued by the Honorable Eduardo C. Robreno, United States District Court Judge

for the Eastern District of Pennsylvania, in a matter entitled *Roger Daub, et al., v. A.P.I.,*

*Inc., et al.*, Civil Action No. 01-md-875, consolidated under MDL Docket No. 875.


        I declare under the penalty of perjury under the laws of the State of California and

of the United States of America that the foregoing is true and correct.


Executed on May 4, 2010, at Berkeley, California.

                                                Deborah R. Rosenthal

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 05, 2010

FILED
CLERK'S OFFICE

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

# Asbestos Products Liability Litigation
## Caseload Statistics
Office of the Clerk of Court

**Michael E. Kunz**
Clerk of Court
3/31/2010

UNITED STATES DISTRICT COURT
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
875 -IN RE: Asbestos Products Liability Litigation (No.VI)
TRANSFERRED ON 7/29/1991
PENNSYLVANIA EASTERN

## CUMULATIVE TOTALS

| | CASES TRANSFERRED TO EDPA | CASES TERMINATED IN EDPA | CASES PENDING IN EDPA | |
|---|---|---|---|---|
| 8/1/2006 - 10/31/2008 | 53,794 | 1,806 | AS OF 10/31/08 | 51,988 |
| 11/1/2008 - 12/31/2009 | 43,929 | 45,028 | AS OF 12/31/09 | 50,889 |
| 1/1/2010 - 3/31/2010 | 9,002 | 11,755 | AS OF 3/31/10 | 48,136 |

| | | | | |
|---|---|---|---|---|
| TOTAL | 106,725 | 58,589 | AS OF 3/31/10 | 48,136 |

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER DAUB, et al., | : | |
| | : | Consolidated Under |
| Plaintiffs, | : | MDL DOCKET NO 875 |
| | : | |
| v. | : | Civil Action |
| | : | No. 01-md-875 |
| A.P.I., Inc., et al., | : | |
| | : | |
| Defendants. | : | |

## O R D E R

**AND NOW,** this **12th** day of **February 2010** it is hereby

**ORDERED** that, for the cases listed in exhibit "A", attached,

Plaintiffs' motion for remand (doc. no. 1405) to North Dakota

state district court, Burleigh County, filed on April 13, 1995 is

**DENIED.**[1]

---

[1]      The cases at issue were filed in North Dakota state district court, Burleigh County, for asbestos-related personal injury and/or wrongful death in 1989 and 1990.  The cases were subsequently removed to the United States District Court for the District of North Dakota, Southwestern Division, by defendant Asbestos Corporation, Ltd. ("ACL").  ACL, an instrumentality of a foreign state under 28 U.S.C. § 1603, removed the action under 28 U.S.C. § 1441(d).  The cases were then consolidated in the Eastern District of Pennsylvania as part of MDL No. 875.  After removal, ACL settled its claims and was dismissed from these cases.  Plaintiffs argue that they are entitled to remand because § 1441(d) does not provide for pendent-party jurisdiction over the state claims at issue, and additionally, that federal jurisdiction was lost when ACL settled its claims.

A district court considering a motion to remand "must focus on the plaintiff's complaint at the time the petition for removal was filed . . . [and] must assume as true all factual allegations of the complaint." In re Briscoe, 448 F.3d 201, 218 (3d Cir.

1

2006).  The "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists . . ." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); see also Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987), cert. dismissed sub nom. American Standard v. Steel Valley Auth., 484 U.S. 1021 (1988) ("It remains the defendant's burden to show the existence and continuance of federal jurisdiction.").  Because the removal of an action from the state court to a federal forum implicates comity and federalism, it is said that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Steel Valley Auth., 809 F.2d at 1010 (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)); accord Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); Boyer, 913 F.2d at 111.  See Various Plaintiffs v. Various Defendants ("Oil Field Cases"), No. 09-MC-103, 2009 WL 4729906 at *2 (E.D. Pa. Dec. 10th, 2009).

As to Plaintiff's first argument, the Court finds that § 1441(d) provides for pendent-party jurisdiction.  Section 1441(d) allows "[a]ny civil action brought in State court against a foreign state . . . [to be] removed by the foreign state to the district court of the United States."  The phrase "civil action" means not only the claims against the foreign state, but the entire action, including pendent-parties.  Therefore, applying Third Circuit precedent, the FSIA provides for pendent-party jurisdiction.  See Trump Taj. Mahal Assoc. v. Costruzioni Aeronautiche Giovanni Augusta S.P.A, 761 F. Supp. 1143, 1153 (D.N.J. 1991) (finding that the "jurisdictional provision of the FSIA is quite broad") (aff'd without opinion by Trump Taj. Mahal Assoc. v. Costruzioni Aeronautiche Giovanni Agusta S.P.A., 958 F.2d 365 (3d Cir. 1992).

Plaintiff's second argument is also unavailing.  Even though ACL is no longer a party to these cases, the continued exercise of jurisdiction under these circumstances is discretionary.  The Third Circuit has held that, "[W]here the jurisdiction-conferring party drops out and the federal court retains jurisdiction over what becomes a state law claim between non-diverse parties, the bounds of Article III have not been crossed."  New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492, 1506 (3d Cir. 1996).  In determining whether to maintain jurisdiction in the absence of the jurisdiction-conferring party, the court should weigh the consideration of "judicial economy, convenience and fairness to litigants."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

2

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

_____

    In the instant case, the considerations of judicial economy, convenience, and fairness to the litigants point squarely in favor of this Court maintaining jurisdiction. This Court has devoted substantial resources to Plaintiffs' cases, and to MDL-875 in general. Each Plaintiff in the instant cases has been referred to Chief Magistrate Judge Thomas J. Rueter for settlement proceedings. Judge Rueter has held several settlement conferences with Plaintiffs' counsel, and has made progress on these claims. Also, each of these Plaintiffs have a second case, based on the same exposure, filed against different Defendants and pending in MDL 875. Exercising jurisdiction over these cases allows the Court and Judge Rueter to conduct consolidated pretrial proceedings as to all claims by these Plaintiffs against all Defendants. This is the most efficient and fair administration of these cases. For the reasons stated above, Plaintiffs' motion to remand is denied.

3

Exhibit "A"

## DISTRICT OF NORTH DAKOTA - MDL 875 - (Pipefitter II Group)

| Plaintiff | Decedent/Estate | Transferor Court & Civil Action No. | EDPA Civil Action No. |
|-----------|-----------------|--------------------------------------|------------------------|
| Mauritz Alm | | ND - SW Div. A1-90-024 | 09-66581 |
| Norman Anvik | | ND - SW Div. A1-90-025 | 09-68082 |
| Alphonse Bailly | | ND - NE Div. A2-90-022 | 09-66687 |
| Willard Borlaug | | ND - SW Div. A1-90-026 | 09-68084 |
| Joseph Bosch | | ND - SW Div. A1-90-027 | 09-66584 |
| Billie Crawford | | ND - SW Div. A1-90-028 | 09-66585 |
| Arnold Dockter | | ND - SW Div. A1-90-029 | 09-66586 |
| Vernon Erickson | | ND - SW Div. A1-90-030 | 09-66587 |
| Leo G. Ferderer | | ND - SW Div. A1-90-031 | 09-68089 |
| Everett Finken | | ND - SW Div. A1-90-032 | 09-66589 |
| Alphonse Fleck | | ND - SW Div. A1-90-033 | 09-68091 |
| Fred Fredrickson | | ND - SW Div. A1-90-034 | 09-66591 |
| Stanley Freidt | | ND - SW Div. A1-90-035 | 09-66592 |
| Herbert Fried | | ND - SW Div. A1-90-036 | 09-66593 |
| Herbert Gartner | | ND - SW Div. A1-90-037 | 09-66594 |

## DISTRICT OF NORTH DAKOTA - MDL 875 - (Pipefitter II Group)

| Plaintiff | Decedent/Estate | Transferor Court & Civil Action No. | EDPA Civil Action No. |
|---|---|---|---|
| Byron F. Gaylord | Joseph Gaylord | ND - SW Div. A1-90-038 | 09-68124 |
| Leo Goldade | | ND - SW Div. A1-90-039 | 09-66596 |
| Glen Griffin | | ND - SW Div. A1-90-040 | 09-66597 |
| Roger Harris | | ND - SW Div. A1-90-041 | 09-66598 |
| Paul Hempel | | ND - NE Div. A2-90-023 | 09-66688 |
| Howard Herberg | | ND - SW Div. A1-90-042 | 09-66599 |
| Helmer Hoglund | | ND - SW Div. A1-90-043 | 09-66600 |
| Howard Holter | | ND - SW Div. A1-90-044 | 09-66601 |
| Allen Huelsman | | ND - SW Div. A1-90-045 | 09-66602 |
| Kenneth Jeffries | | ND - SW Div. A1-90-046 | 09-66603 |
| Svend Jensen | | ND - SW Div. A1-90-047 | 09-66604 |
| Raymond Johnson | | ND - NE Div. A2-90-024 | |
| Kenneth Kady | | ND - SW Div. A1-90-048 | 09-66605 |
| Sabastian Kraft | | ND - SW Div. A1-90-049 | 09-66606 |
| Mahlon Lantz | | ND - NE Div. A2-90-025 | 09-66690 |

## DISTRICT OF NORTH DAKOTA - MDL 875 - (Pipefitter II Group)

| Plaintiff | Decedent/Estate | Transferor Court & Civil Action No. | EDPA Civil Action No. |
|-----------|-----------------|-------------------------------------|------------------------|
| Ronald Lucier | | ND - SW Div. A1-90-050 | 09-66607 |
| Arnold Miller | | ND - SW Div. A1-90-051 | 09-66608 |
| Erasmus Monzelowsky | | ND - SW Div. A1-90-052 | 09-66609 |
| Dennis O'Shea | | ND - SW Div. A1-90-053 | 09-66610 |
| Arnold Paschke | | ND - NE Div. A2-90-026 | 09-66691 |
| Albert Rall | | ND - SW Div. A1-90-054 | |
| Richard Ramsett | | ND - NE Div. A2-90-027 | 09-66692 |
| James Ruelle | | ND - SW Div. A1-90-055 | 09-66612 |
| Jack Schaff | | ND - SW Div. A1-90-056 | 09-66613 |
| Emanuel Schutt | | ND - SW Div. A1-90-057 | 09-66614 |
| Layman Slavick | | ND - SW Div. A1-90-058 | 09-66615 |
| Raymond Sumpter | | ND - NE Div. A2-90-028 | 09-66693 |
| Lester Wallace | | ND - SW Div. A1-90-059 | 09-66616 |
| Fred Wendt | | ND - NE Div. A2-90-029 | 09-66694 |

## DISTRICT OF NORTH DAKOTA - MDL 875 ( AMOCO GROUP)

| Plaintiff | Transferor Court & Civil Action No. | EDPA Civil Action No. |
|---|---|---|
| Robert Albin | ND - SW Div. - A1-90-235 | 09-66618 |
| Douglas M. Anvik | ND - SW Div. - A1-90-236 | 09-68015 |
| Otto Anvik | ND - SW Div. - A1-90-237 | 09-66619 |
| Norlin O. Backman | ND - SW Div. - A1-90-238 | 09-66620 |
| Kenneth E. Baudien | ND - SW Div. - A1-90-239 | 09-66621 |
| William H. Bentley | ND - SW Div. - A1-90-240 | 09-66622 |
| Raymond W. Birst | ND - SW Div. - A1-90-241 | 09-66623 |
| Clarence G. Bolken | ND - SW Div. - A1-90-243 | 09-68020 |
| Emil W. Doerr | ND - SW Div. - A1-90-245 | 09-66626 |
| Michael W. Ehreth | ND - SW Div. - A1-90-246 | 09-68022 |
| Leonard J. Ereth | ND - SW Div. - A1-90-242 | 09-66624 |
| John D. Ewine | ND - SW Div. - A1-90-248 | 09-66629 |
| Clarence Fateley | ND - SW Div. - A1-90-249 | 09-66630 |
| Marlin L. Gay | ND - SW Div. - A1-90-250 | 09-66631 |
| Arnold C. Gilbert, Sr. | ND - SW Div. - A1-90-251 | 09-66632 |
| Warren W. Guenthner | ND - SW Div. - A1-90-252 | 09-66633 |
| Elmer A. Gustafson | ND - SW Div. - A1-90-253 | 09-66634 |
| Earl Hall | ND - SW Div. - A1-90-254 | 09-66635 |
| Lloyd R. Heid | ND - SW Div. - A1-90-255 | 09-66636 |
| Mike Hilzendeger | ND - SW Div. - A1-90-256 | 09-66637 |
| Eugene R. Hochhalter | ND - SW Div. - A1-90-257 | 09-66638 |
| Jerome Jacobs | ND - SW Div. - A1-90-258 | 09-66639 |
| Boyd F. Jaskoviak | ND - SW Div. - A1-90-259 | 09-66640 |

| | | |
|---|---|---|
| Gerald L. Karch | ND - SW Div. - A1-90-260 | 09-66641 |
| Ted Kary | ND - SW Div. - A1-90-261 | 09-66642 |
| Creighton G. Kettleson | ND - SW Div. - A1-90-262 | 09-66643 |
| Edmund Kindsvogel | ND - SW Div. - A1-90-263 | 09-66644 |
| Virgil D. Koenig | ND - SW Div. - A1-90-264 | 09-66645 |
| Joseph T. Leingang | ND - SW Div. - A1-90-265 | 09-66646 |
| Richard N. Leingang | ND - SW Div. - A1-90-266 | 09-66647 |
| Martin F. Lipp | ND - SW Div. - A1-90-267 | 09-66648 |
| Earl F. Lippert | ND - SW Div. - A1-90-268 | 09-66649 |
| Alvin J. Loebeck | ND - SW Div. - A1-90-269 | 09-66650 |
| Frank Manolovitz | ND - SW Div. - A1-90-271 | 09-66652 |
| Lorraine E. McCulley | ND - SW Div. - Al-90-270 | 09-66651 |
| Alvie E. Nixon | ND - SW Div. - A1-90-272 | 09-66653 |
| Theodore R. Ost | ND - SW Div. - Al-90-273 | 09-66654 |
| Wesley A. Perman | ND - SW Div. - A1-90-274 | 09-66655 |
| Albert J. Petrasek | ND - SW Div. - A1-90-275 | 09-66656 |
| Walter Quashnick | ND - SW Div. - A1-90-276 | 09-66657 |
| Thomas M. Rambur | ND - SW Div. - A1-90-277 | 09-66658 |
| Dale V. Satermo | ND - SW Div. - A1-90-278 | 09-66659 |
| Victor N. Schiermeister | ND - SW Div. - A1-90-279 | 09-66660 |
| David L. Schmidt | ND - SW Div. - A1-90-280 | 09-66661 |
| Joseph F. Schneider | ND - SW Div. - A1-90-281 | 09-66662 |
| Peter Schneider | ND - SW Div. - A1-90-282 | 09-66663 |
| Duane Selfors | ND - SW Div. - A1-90-283 | 09-66664 |
| Joe A. Senger | ND - SW Div. - A1-90-284 | 09-66665 |
| Russell F. Senne | ND - SW Div. - A1-90-285 | 09-66666 |

| Earl R. Setterlund | ND - SW Div. - A1-90-286 | 09-66667 |
|---|---|---|
| Daryl Sheldon | ND - SW Div. - A1-90-287 | 09-66668 |
| Gerard M. Sheldon | ND - SW Div. - A1-90-288 | 09-66669 |
| Melvin E. Skager | ND - SW Div. - A1-90-289 | 09-66670 |
| Sharon Stimac **(Estate of John Stimac)** | ND - SW Div. - A1-90-290 | 09-66671 |
| Donald T. Stumpf | ND - SW Div. - A1-90-291 | 09-66672 |
| Larrry Sullivan | ND - SW Div. - A1-90-292 | 09-66673 |
| Alan Sundby | ND - SW Div. - A1-90-293 | 09-66674 |
| Wallace E. Toepke | ND - SW Div. - A1-90-294 | 09-66675 |
| Gustof Voegele | ND - SW Div. - A1-90-295 | 09-66676 |
| Milan E. Ward | ND - SW Div. - A1-90-296 | 09-66677 |
| Clement Wirtz | ND - SW Div. - A1-90-297 | 09-66678 |
| William B. Woods | ND - SW Div. - A1-90-298 | 09-66679 |
| DuWayne R. Zachmeier | ND - SW Div. - Al-90-299 | 09-66680 |
| Richard G. Zachmeier | ND - SW Div. - A1-90-300 | 09-66681 |
| William R. Zachmeier | ND - SW Div. - A1-90-301 | 09-66682 |
| James P. Zoller | ND - SW Div. - A1-90-302 | 09-66683 |

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 05, 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

### MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | |
|---|---|
| SYLVIA J. EDEM, et al., | ) |
| | ) |
| | ) Civil Action No. 2:10-1784 |
| Plaintiffs, | ) |
| | ) in the United States District Court |
| v. | ) for the Central District of California |
| | ) |
| | ) |
| THE C.P. HALL CO., et al., | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-333), any opposition thereto, and any reply to opposition, it is hereby ordered, this _____ day of _____, 2010, that Plaintiffs' Motion to Vacate is GRANTED.

The above-captioned case will not be transferred to MDL No. 875 at this time.  If this case remains in federal court after the U.S. District Court for the Central District of California rules on plaintiffs' pending remand motion, removing defendants Lorillard Tobacco Company and Hollingsworth & Vose Company may file a motion to have this action transferred to this Court based on the existence of new and different circumstances that may exist at that time.

_____
United States Judicial Panel on
Multidistrict Litigation

Copies to:  Panel Service List

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | | |
|---|---|---|
| SYLVIA J. EDEM, et al., | ) | |
| | ) | |
| | ) | Civil Action No. 2:10-1784 |
| Plaintiffs, | ) | |
| | ) | in the United States District Court |
| v. | ) | for the Central District of California |
| | ) | |
| | ) | |
| THE C.P. HALL CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## APPENDIX OF EXHIBITS

A  –  **United States District Court, Eastern District of Pennsylvania, Multidistrict Litigation, In Re Asbestos Products Liability Litigation (No. VI) Caseload Statistics**

B  –  **February 12, 2010 Order issued by the Honorable Eduardo C. Robreno, United States District Court Judge in the Eastern District of Pennsylvania, in a matter entitled *Roger Daub, et al., v. A.P.I., Inc., et al.*, Civil Action No. 01-md-875, consolidated under MDL Docket No. 875**