UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 26, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY       )
LITIGATION (NO. VI)                      )
   Sylvia J. Edem, et al. v. The C.P. Hall Co., et. al.,  )   MDL NO. 875
     C.D. California, C.A. No. 2:10-1784           )

## OPPOSITION TO PLAINTIFF SYLVIA J. EDEM'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-333)

### I.  INTRODUCTION

Defendants Lorillard Tobacco Company and Hollingsworth & Vose Company ("defendants") oppose plaintiffs Sylvia J. Edem, Rachelle Fell, Kara L. Frazier, Fawn M. Pearce, and Kelly M. Spiker's ("plaintiffs") Motion to Vacate Conditional Transfer Order CTO-333 ("Motion to Vacate"). Transfer of this case by the Judicial Panel On Multidistrict Litigation ("JPML") to MDL No. 875 in the Eastern District of Pennsylvania ("MDL Court") is authorized by federal law and would promote – not inhibit – uniformity of judicial opinions and efficiency of the judicial system. Plaintiffs have failed to demonstrate they would suffer prejudice of any significance as a result of this case being transferred to MDL No. 875. For these reasons, defendants respectfully request this Panel deny plaintiffs' Motion to Vacate and allow this matter to continue to MDL No. 875.

### II.  STATEMENT OF FACTS

Plaintiffs filed their complaint for damages in the Superior Court of California on May 19, 2009, alleging various causes of action in connection with Richard Edem's exposure to asbestos and development of mesothelioma. (*See* Motion to Vacate, p. 2.) Plaintiffs have dismissed a number of parties since the filing of their complaint so that only five defendants now remain: Lorillard Tobacco Company; Hollingsworth & Vose Company; Michelin North America,

Inc.; R. T. Vanderbilt Company, Inc.; and Quintec Industries, Inc. (Motion to Vacate, p. 3, fn. 2.)

On March 11, 2009, defendants removed this case from the Superior Court of California to the U.S. District Court for the Central District of California ("Central District") on the ground that complete diversity exists amongst the parties. (Motion to Vacate, p. 3.) Defendants then notified the JPML of this matter, indicating it was related to the asbestos cases pending in MDL No. 875. (Motion to Vacate, p. 3.) On April 2, 2010, plaintiffs filed Motion to Remand this matter back to the Superior Court of California, arguing that defendant Quintec Industries, Inc. ("Quintec") is a citizen of California. (Motion to Remand Case to Los Angeles Superior Court ["Remand Motion"] [C.D. Case No., 2:10-cv-01784, Docket #15], pp. 2-4, 7-10; Motion to Vacate p. 3.)[1] Defendants filed an Opposition to the Remand Motion on April 12, 2010 and plaintiffs filed their Reply on April 19, 2010. (Motion to Vacate, p. 4.)

On April 5, 2010, defendants filed a Motion To Stay All Proceedings Pending Transfer To MDL No. 875. (Motion to Vacate, p. 4, fn. 5.) On April 6, 2010, the JPML decided this matter was related to those pending in MDL No. 875 and issued a conditional transfer order. (CTO-333 (issued April 6, 2010).) Defendants notified the Central District of CTO-333 on April 9, 2010 and, on April 28, 2010, the Central District issued an order vacating all proceedings and transferring this case to MDL No. 875. (Motion to Vacate, p. 4.)

---

[1] Though plaintiffs' Motion to Vacate does not ask the JPML to determine Quintec's citizenship, it is worth noting that plaintiffs have conceded that Quintec's one and only office is in Utah, that Quintec's President lives in Utah, and that Quintec is incorporated in Utah. (Remand Motion, pp. 8-9.) Furthermore, defendants have evidence that Quintec's Utah office serves as its principal place of business and that the company's business operations are directed, controlled, and coordinated from Utah, rendering the company a citizen of Utah for the purposes of diversity jurisdiction pursuant to *Hertz Corp. v. Friend*, 2010 U.S. LEXIS 1897, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (Feb. 23, 2010).

On May 4, 2010, plaintiffs filed the instant Motion to Vacate. (*See generally* Motion to Vacate.) Simultaneously, plaintiffs filed an *ex parte* application with the Central District requesting it place plaintiffs' Remand Motion back on calendar. (Motion to Vacate, p. 4.) On May 6, 2010, the Central District issued an order denying plaintiffs' *ex parte* application, stating that "[p]laintiffs have opposed the transfer order on jurisdictional grounds and admit that issues pertaining to the propriety of transfer will be addressed according to the MDL . . . [t]his Court will not offer [p]laintiffs an alternative venue for attacking jurisdiction in this matter." (*See* Declaration of Peter A. Cownan ("Cownan Decl."), Ex. A [Order Re: Plaintiffs' *Ex Parte* Application], p. 1.) Consequently, there is no motion or application pending with the Central District in this matter. (Cownan Decl., ¶ 3.)

## III.   ARGUMENT

Plaintiffs Motion to Vacate makes two general arguments: (1) this case should not be transferred to the MDL Court until the Central District has decided plaintiffs' Remand Motion; and (2) transfer of this case to the MDL Court will result in judicial inefficiency and prejudice to plaintiffs. (Motion to Vacate, pp. 5-10.) Plaintiffs' argument lacks merit because the MDL Court is properly charged with deciding any issues pertaining to the validity of defendants' removal of this matter to federal court and the transfer of this matter would promote uniformity in judicial decisions without prejudicing plaintiffs.

### A.   Jurisdictional Issues Are Properly Decided By The MDL Court

Plaintiffs argue that remand motions must be decided before any decision to transfer the matter to an MDL Court can be made. (Motion to Vacate, pp. 6-7.) In support of this position, plaintiffs cite authority stating only that the merits of a case cannot be adjudicated until all jurisdictional issues are resolved. (Motion to Vacate, p. 6.) This is a logically flawed argument and a misstatement of the law.

First, the Central District has vacated all proceedings relating to plaintiffs' Remand Motion. (Motion to Vacate, p. 4.).[2] Thus, even if plaintiffs' argument were correct, there is no remand motion or other jurisdictional issue pending before the Central District that must – or can – be decided before this case can be transferred to MDL No. 875.[3]

Second, even if plaintiffs' Remand Motion were pending in the Central District, well-settled federal law holds that the transfer of this case to the MDL Court is not only proper, *it is essentially required.* Federal courts around the country hold that "the general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation *until after the JPML has transferred the case to the MDL panel.*" *Hardin v. Merck & Co.*, No. C07-0070, 2007 U.S. Dist. LEXIS 29478 (N.D. Cal. Apr. 4, 2007) (emphasis added); *McMahon v. Merck & Co.*, No. 06-CV-2260, 2006 U.S. Dist. LEXIS 81772 (S.D. Cal. Nov. 3, 2006) (citing *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 U.S. Dist. LEXIS 22329 (W.D. Tenn. Apr. 3, 2001)); *Valentine v. Merck & Co.*, No. 06cv2154, 2006 U.S. Dist. LEXIS 86441 (S.D. Cal. Oct. 23, 2006); *Michael v. Warner-Lambert Co.*, No. 03cv1978, 2003 U.S. Dist. LEXIS 21525 (S.D. Cal. Nov. 20, 2003). Such deference to the MDL Court encourages judicial uniformity and

---

[2] Recall that the District Court vacated all proceedings in this case which were before it, and affirmed that decision after plaintiffs brought an *ex parte* request for reconsideration. (Motion to Vacate, p. 4; Cownan Decl., Ex. A [Order Re: Plaintiffs' *Ex Parte* Application], p. 1.)

[3] Plaintiffs argue in a footnote that principles of comity support its Motion to Vacate "*while plaintiffs' remand motion is pending before the District Court.*" (Motion to Vacate, p. 7, fn. 6 (emphasis added).) In support, they cite JPML opinions which warn against transferring cases in a manner that abruptly prevents districts courts from rendering decisions on pending issues. (*Id.* [citing *In re L. E. Lay & Co Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L 1975); *In re Multidistrict Private Civ. Treble Damages Litig.*, 298 F. Supp. 484, 496 (J.P.M.L. 1968)].) Yet, as no motion, pleading, or other issue is currently pending before the District Court, and as the district court invited the transfer of this case to MDL NO. 875, the transfer of this case does not run afoul of the principles cited by plaintiffs.

economy in the determination of jurisdictional issues as "the [transferee judge] can decide for all cases . . . whether the jurisdictional requirements are met." *Hardin, supra,* 2007 U.S. Dist. LEXIS 29478 at *6 (citing *Knearem v. Bayer Corp.,* 2002 U.S. Dist. LEXIS 9523, at *4 (D. Kan. 2002)); *see also McMahon, supra,* 2006 U.S. Dist Lexis 81772 at *4; *Valentine, supra,* 2006 U.S. Dist. LEXIS 86441 at *4; *Michael, supra,* 2003 U.S. Dist. LEXIS 21525 at *4-5.

In its conditional transfer order, the JPML found that this action "involves questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno." (Cownan Decl., Ex. A [CTO-333].)  In light of this, and the above-cited precedents, transfer of this case to MDL No. 875 is proper.

### B. Transfer Of This Case To The MDL Court Will Promote Judicial Uniformity And Efficiency Without Prejudicing Plaintiffs.

Plaintiffs' argue that transfer of this matter to MDL No. 875 will hamper judicially efficiency as the MDL Court is unable to adjudicate issues as quickly as the Central District.  Yet, at most, any delay would be inconsequential and pale in comparison to the benefits in uniformity and efficiency that transfer to the MDL Court would promote.

Plaintiffs' have failed to demonstrate that any delay associated with the MDL system would be detrimental to their case.  Rather, plaintiffs only argue that some delay – as compared to the Central District – will occur.  Yet, any such delay would be insignificant and inconsequential to this case, particularly as plaintiffs are neither elderly nor severely ill.  Moreover, neither the relevant state court nor the Central District have issued trial dates, nor are there any deadlines pending in those courts which would be threatened by such a delay.

While any delay would be inconsequential in nature and duration, transfer of this matter to MDL No. 875 will significantly promote judicial uniformity and

efficiency. *See In re Cal. Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001); *In re Eastern Airlines, Inc. Flight Attendant Wight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975) (purpose and function of MDL is to ensure efficient use of judicial resources and prevent duplicative discovery and inconsistent rulings); Manual for Complex Litigation (3d) § 31.131 (Federal Judicial Center  1995); *see also Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1362 (C.D. Cal. 1997)); *Hardin v. Merck & Co.*, 2007 U.S. Dist. LEXIS 29478 (N.D. Cal. Apr. 4, 2007); *Santillan v. Merck & Co.,* 2006 U.S. Dist. LEXIS 96873 (S.D. Cal. Dec. 11, 2006); *Valentine v. Merck & Co.*, 2006 U.S. Dist. LEXIS 86441 (S.D. Cal. Oct. 23, 2006); *McMahon v. Merck & Co.*, 2006 U.S. Dist. LEXIS 81772 (S.D. Cal. Nov. 3, 2006); *Michael v. Warner-Lambert Co.*, 2003 U.S. Dist. LEXIS 21525 (S.D. Cal. Nov. 20, 2003).  Absent transfer to the MDL, both the courts and the litigants would be forced to duplicate the work done in MDL No. 875.  Moreover, such redundancy risks the possibility of inconsistent rulings.[4]  Transfer to the MDL system avoids these pitfalls, and is why federal courts throughout the country disregard complaints centered on the relatively minor delays associated with the MDL system. *See, e.g.*, *Michael v. Warner-Lambert Co.*, *supra*, 2003 U.S. Dist. LEXIS 21525 at * 5 (refusing to consider complaints of "delays inherent in the transfer process to the MDL, and the MDL in general").

---

[4] This is especially true given the potential for future asbestos-exposure lawsuits against Quintec Industries, Inc. – the defendant whom plaintiffs contend destroys diversity jurisdiction – in MDL-875.  According to Quintec's President, Quintec has already been named in over seven thousand asbestos cases.  (Cownan Decl., Ex. B. [Deposition of Lynn O. Poulson in Vernon v. 3M Co., et. al.] 28:11-15). Given the potential for future cases against Quintec, the MDL Court should be allowed to definitively decide any jurisdictional issues involving the company to ensure the consistency, uniformity, and predictability of judicial rulings regarding the removability of California cases involving Quintec.

In what can only be deemed a scare tactic that is both improper and disingenuous, plaintiffs' cite an order which denied a remand motion filed more than a year before as proof that the delays associated with the MDL System are significant. (Motion to Vacate, p. 9.) Aside from confirming that such remand motions are handled by the MDL Court – and that judicial efficiency will best be served by allowing it to continue doing so – plaintiffs baselessly claim that the cited order proves that the instant matter will be similarly delayed should it be transferred to the MDL Court. (Motion to Vacate, p. 9.) Plaintiffs fail to mention, however, that the cited remand motion concerned <u>a large number of coordinated cases from one jurisdiction</u>, each involving <u>a settling party</u> that <u>removed the case pursuant to a different jurisdictional statute</u> than the one at issue in this case. (Declaration of Deborah R. Rosenthal In Support of Motion to Vacate, Ex. B.) In contrast, this case is a straightforward diversity jurisdiction case with the only apparent issue being whether one party – who is already before the MDL Court and is likely to be so several more times – is a citizen of Utah or California. Any suggestion that this issue cannot or will not be resolved by the MDL Court within a matter of months is both misleading and false.[5]

Just as disingenuous is plaintiffs' quotation of *Alexander v. A.P. Green Indus. Inc., (In re Maine Asbestos Cases),* 44 F. Supp. 2d 368, 374, fn. 2 (D.Me 1999) to support the assertion that the Panel should not transfer this matter to the MDL Court because doing so would harm plaintiffs. (*See* Motion to Vacate, p. 10.) Though the judge in *Alexander* does state *in dicta* that there are delays associated with the MDL System, and that such delays may at times benefit

---

[5] In fact, the presiding MDL judge – the Honorable Eduardo C. Robreno – has recently emphasized his desire to quickly process the MDL docket, stating that he aims to see the resolution of *all remand motions in every pending MDL case* by the end of 2010. (Cownan Decl., Ex. C [Slide Presentation by Judge Robreno], p. 28.) Thus, plaintiffs will have the ability to have their jurisdictional objections addressed in a timely matter.

defendants, plaintiffs' fail to mention the judge went on to state that "the Supreme Court has declared subjective motives [of the parties] irrelevant . . . and it is not for this court to fashion a different rule tailored specifically to the demands of mass tort litigation. Accordingly, *these facts have played no role in my decision* . . . ." *Alexander, supra*, 44 F. Supp. 2d at 374, fn. 2 (emphasis added). Such non-controlling dicta cannot refute the legion of federal cases affirming the goals and benefits of the MDL System, a conclusion the judge in *Alexander* himself acknowledged.[6] Thus, plaintiffs' manipulative attempts to fashion a favorable quote from such dicta should similarly be disregarded.

Finally, plaintiffs' argue that transfer of this case to the MDL Court will negate the time, money, and resources spent by the litigants and the Central District on the Remand Motion plaintiffs filed with that court. (Motion to Vacate, p. 8.) This argument also lacks merit. Plaintiffs have already prepared a brief arguing why they believe this case lacks diversity jurisdiction. They can simply re-file that brief in this court without the expenditure of significant time or money as the jurisdictional issues they seek to raise are based almost entirely on the United States Supreme Court's recent ruling in *Hertz Corp. v. Friend*, 2010 U.S. LEXIS 1897, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (Feb. 23, 2010).

In light of the fact that the MDL system promotes uniformity and efficiency in the judicial system, and given that plaintiffs have failed to demonstrate any significant harm that would result from transfer of this case, the Panel should deny plaintiffs' Motion to Vacate and allow transfer of this matter to MDL No. 875.

---

[6] In addition to *Alexander, supra,* 44 F. Supp. 2d at 374, fn. 2, plaintiffs also cite *Hilbert v. McDonnell Douglas Corp.,* 529 F.Supp.2d 187, 190 (D.Ma 2008) in support of their argument that the MDL System causes delays. But the *Hilbert* opinion simply states that delays are associated with the MDL System, nothing more. Consequently, it fails to provide any explanation why such delays are so prejudicial as to warrant a departure from the MDL System and the benefits it provides.

## IV.   CONCLUSION

Defendants' respectfully request this Panel deny plaintiffs' Motion to Vacate and allow the transfer of this case to MDL No. 875.

Dated:  May 25, 2010

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:_____

Randall D. Haimovici
rhaimovici@shb.com

Erin L. Sparkuhl
espakruhl@shb.com

Peter A. Cownan
pcownan@shb.com

333 Bush Street, Suite 600
San Francisco, CA 94104
415-544-1900 telephone
415-391-0281 fax

Attorneys for Defendants
LORILLARD TOBACCO COMPANY and
HOLLINGSWORTH & VOSE COMPANY

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 26, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI) )
    Sylvia J. Edem, et al. v. The C.P. Hall Co., et. al., )  MDL NO. 875
    C.D. California, C.A. No. 2:10-1784 )

## DECLARATION OF PETER A. COWNAN IN SUPPORT OF OPPOSITION
## TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER

I, Peter A. Cownan, declare:

1. The following statements are within my personal knowledge and, if sworn as a witness, I could and would testify competently thereto.

2. I am an attorney with the law firm of Shook, Hardy & Bacon, L.L.P., located at 333 Bush Street, San Francisco, California, 94104, tel. 415-544-1900, attorneys of record for defendants Lorillard Tobacco Company and Hollingsworth & Vose Company. I have been retained as an attorney of record for Lorillard Tobacco Company and Hollingsworth & Vose Company in this action.

3. There is no motion or application pending in this matter before the United States District Court for the Central District.

4. Attached as **Exhibit A** is a true and correct copy of the May 6, 2010 Order issued by the United States District Court for the Central District of California denying plaintiffs *Ex Parte* Application for reconsideration.

5. Attached as **Exhibit B** is a true and correct copy of selected pages of the April 2, 2009 deposition transcript of Lynn O. Poulson in *Vernon v. 3M Co., et. al.* (Superior Court of California, County of Los Angeles, No. BC398040), p. 28.

6. Attached as **Exhibit C** is a true and correct copy of selected pages of a PowerPoint Presentation entitled "MDL-875: In re: Asbestos Products Liability (No. VI)," (Copyright June 12, 2009, amended February 5, 2010), pp. 1, 28.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 25th day of May, 2010, in San Francisco, California.

Dated:  May 25, 2010

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____

Randall D. Haimovici
rhaimovici@shb.com

Erin L. Sparkuhl
espakruhl@shb.com

Peter A. Cownan
pcownan@shb.com

333 Bush Street, Suite 600
San Francisco, CA 94104
415-544-1900 telephone
415-391-0281 fax

Attorneys for Defendants
LORILLARD  TOBACCO  COMPANY
and
HOLLINGSWORTH    &    VOSE
COMPANY

185551 v1

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 26, 2010

FILED
CLERK'S OFFICE

# EXHIBIT A

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1784 GAF (JCx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Sylvia J. Edem et al v. The C.P. Hall Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **(In Chambers)**

## ORDER RE: PLAINTIFFS' EX PARTE APPLICATION

Plaintiffs apply ex parte for an order placing their remand motion on the Court's May 17, 2010 motion calendar.

Plaintiffs have indicated that they seek to vacate the Multidistrict Litigation Panel's conditional transfer order, and that "the MDL Panel will set a briefing schedule" for their motion to vacate. (App. at 6.) Clearly, Plaintiffs have opposed the transfer order on jurisdictional grounds (See Pl. Letter to Clerk of MDL Panel, Docket No. 18.), and admit that issues pertaining to the propriety of transfer will be addressed according to the MDL Panel's procedures. (App. at 6.)

This Court will not offer Plaintiffs an alternative venue for attacking jurisdiction in this matter. Their application is **DENIED**.

**IT IS SO ORDERED.**

# EXHIBIT B

LYNN O. POULSON

Page 1

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF LOS ANGELES

3

4   TOMMY LEE VERNON and LINDA        )
    VERNON,                           )
5                                     )
                 Plaintiffs,          )
6                                     )
            vs.                       )    CASE NO. BC398040
7                                     )
    3M COMPANY (f/k/a MINNESOTA       )
8   MINING and MANUFACTURING),        )
    et al.,                           )
9                                     )
                 Defendants.          )
10  _____ )

11

12

13

14              VIDEOTAPED DEPOSITION OF

                   LYNN O. POULSON
15
                THURSDAY, APRIL 2, 2009
16

17

18

19

20

21   Reported By:   Shirley Koch-Smith, RPR
                    California CSR No. 10849
22                  Arizona CR No. 50809
                    Washington CCR No. 3096
23                  Hawaii CSR No. 467
                    New Mexico CCR No. 111
24

25

LYNN O. POULSON

Page 28

```
 1          Q.   What about the present limits, sir?
 2          A.   Probably something in excess of 10
 3     million.
 4          Q.   And who is the carrier on that, sir?
 5          A.   Continental North America.
 6          Q.   Are there any additional policies held
 7     with Chubb?
 8          A.   One.
 9          Q.   And what are the limits on that one, sir?
10          A.   5 million.
11          Q.   Sir, how many, if you know, lawsuits
12     has -- with regards to asbestos litigation has
13     Quintec Industries been involved in?  I'm sorry.
14     Quintec Industries, Inc.
15          A.   Something in excess of 7,000.
16          Q.   Now, sir, I know you testified previously
17     at a deposition.  And, in fact, I believe, sir, it
18     is in the Arredondo case on July 1st, 2008.  Do you
19     recall that?
20          A.   I do.
21          Q.   Do you also recall, sir, having examined
22     copies of Westglas minutes?
23          A.   Yes.
24          MR. CHANNEL:  Vague as to time.
25     BY MR. LEE:
```

LYNN O. POULSON

Page 119

1

2              I, the undersigned, a Certified

3     Shorthand Reporter of the State of California, do

4     hereby certify:

5              That prior to being examined, the

6     witness in the foregoing proceedings were by me

7     duly sworn to testify to the truth, the whole

8     truth, and nothing but the truth;

9              That said proceedings were taken by me

10    stenographically and was thereafter transcribed

11    into typewriting under my direction, said

12    transcript being a true and accurate transcription

13    of my shorthand notes.

14              I further certify that I am neither

15    financially interested in the action nor a relative

16    or employee of any attorney or any of the parties.

17              IN WITNESS WHEREOF, I have this date

18    subscribed my name.

19

20              Dated:  April 13, 2009.

21

22              _____

                 SHIRLEY KOCH-SMITH
23               CSR No. 10849

24

25

# EXHIBIT C

# MDL-875: In re: Asbestos Products Liability (No. VI)

## United States District Judge

### Eduardo C. Robreno, Presiding Judge

Asbestos Litigation Conference: Cutting Edge Issues in Asbestos Litigation – February 25, 2010

© June 12, 2009
As Amended
February 5, 2010 [1]

# Concluding MDL-875

- By December 31, 2010, every case in MDL-875 will have been settled, dismissed, remanded, tried, or will have completed discovery and will be in a posture for remand.

- The Court will decide all remaining motions in these cases, and will remand the cases to the transferor districts under a program to insure that a trial is held within 30 days.

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 26, 2010

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) |
| Sylvia J. Edem, et al. v. The C.P. Hall Co., et. al., | ) MDL NO. 875 |
| C.D. California, C.A. No. 2:10-1784 | ) |

## [PROPOSED] ORDER DENYING PLAINTIFFS MOTION TO VACATE <u>CONDITIONAL TRANSFER ORDER</u>

After considering plaintiffs Sylvia J. Edem, Rachelle Fell, Kara L. Frazier, Fawn M. Pearce, and Kelly M. Spiker's ("plaintiffs") Motion to Vacate Conditional Transfer Order CTO-333 ("Motion to Vacate"), the Opposition submitted by defendants Lorillard Tobacco Company and Hollingsworth & Vose Company, and all other papers and argument associated with the Motion to Vacate, IT IS HEREBY ORDERED, this _____ day of _____, 2010, that plaintiffs' Motion to Vacate is **DENIED.** IT IS FURTHER ORDERED that the above-captioned case is transferred to MDL No. 875 pursuant to the April 6, 2010 Conditional Transfer Order (CTO-333) issued by this Panel.

_____

UNITED STATED JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 26, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGA

## IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Sylvia J. Edem, et al. v. The C.P. Hall Co., et al.,       )
C.D. California, C.A. No. 2:10-1784

### PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 333 Bush Street, Suite 600, San Francisco, California 94104.  On May 25, 2010, I served on the interested parties in said action the within:

### OPPOSITION TO PLAINTIFF SYLVIA J. EDEM'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-333)

### DECLARATION OF PETER A. COWNAN IN SUPPORT OF OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER

placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

**X**      (E-MAIL)  I provided the document(s) listed above electronically through the email  pursuant to the instructions set forth by the rules of the above referenced Court.

**X**      (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 25, 2010, at San Francisco, California.

<u>/s/ Sara Sabokrooh</u>

185735 v1  *(Edem)*

## SERVICE LIST

### Edem v. CP Hall Co., et al.
3/31/2010

| | |
|---|---|
| Peter G. Angelos<br>Law Offices of Peter G. Angelos PC<br>One Charles Center<br>100 North Charles Street<br>22nd Floor<br>Baltimore, MD 21201<br>**mjolley@lawpga.com** | Paul Kalish<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington DC 20004-2595<br>**pkalish@crowell.com** |
| Janet W. Black<br>Ward Black PA<br>208 West Wendover Avenue<br>Greensboro, NC 27401-1307<br>**jwblack@wardblacklaw.com** | Steven Kazan<br>Kazan McClain Abrams Fernandez et al.<br>171 Twelfth Street<br>3rd Floor<br>Oakland, CA 94607<br>**skazan@kazanlaw.com** |
| Russell W. Budd<br>Baron & Budd PC<br>3102 Oaklawn Avenue<br>Suite 1100<br>Dallas, TX 75219<br>**rbudd@baronbudd.com** | Peter A. Kraus<br>Waters & Kraus LLP<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas TX 75204<br>**kraus@waterskraus.com** |
| John D. Cooney<br>Cooney & Conway<br>120 North LaSalle Street<br>Suite 3000<br>Chicago, IL 60602-2415<br>**jcooney@cooneyconway.com** | David C. Landin<br>Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 East Byrd Street<br>Richmond, VA 23219-4074<br>**dlandin@hunton.com** |
| Alan Scott Goldberg<br>Selman Breitman LLP<br>11766 Wilshire Boulevard, 6th Floor<br>Los Angeles, CA 90025-6538<br>**sgoldberg@selmanbreitman.com** | Roget B. Lane<br>Roger B. Lane PC<br>1601 Reynolds Street<br>Brunswick, GA 3152<br>**attylane@bellsouth.net** |
| Kevin M. Jordan<br>Baker Botts LLP<br>910 Louisiana<br>One Shell Plaza | Helen Marie Luetto<br>Wallsworth Franklin Bevins & McCall<br>LLP<br>One City Boulevard, West |

185735 v1  *(Edem)*

| | |
|---|---|
| Houston ,TX 77002-4995<br>**kevin.jordan@bakerbotts.com** | 5th Floor<br>Orange, CA 92868-3677<br>**hluetto@wbfm.com** |
| Joseph F. Rice<br>Motley Rice LLC<br>28 Bridgeside Blvd.<br>P.O. Box 1792<br>Mount Pleasant, SC 29464<br>**jrice@motleyrice.com** | William F. Mahoney<br>Segal McCambridge Singer & Mahoney Ltd.<br>233 South Wacker Drice<br>Suite 550<br>Chicago IL, 60606<br>**wmahoney@smsm.com** |
| Deborah R. Rosenthal<br>Paul & Hanley LLP<br>1608 Fourth Street<br>Suite 300<br>Berkeley, CA 94710<br>**drosenthal@paulandhanley.com** | Robert C. Malaby<br>Malaby  & Bradley<br>150 Broadway<br>Suite 600<br>New York, NY 10038<br>**rcmalaby@mblaw.com** |
| Barry R. Schirm<br>Grace Cosgrove & Schirm APC<br>444 South Flower Street<br>11th Floor<br>Los Angeles, CA 90071<br>**bschirm@ggcs.com** | John P. McShea<br>McShea Tecce PC<br>Mellon Bank Center<br>1717 Arch Street<br>28th Floor<br>Philadelphia, PA 19103<br>**jmcshea@mcshea-tecce.com** |
| Philip McWeeney<br>Schiff Hardin LLP<br>One Market Plaza<br>32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105<br>**pmcweeny@schiffhardin.com** | Michael P. Thornton<br>Thorton & Naumcs LLP<br>100 Summer Street<br>30th Floor<br>Boston, MA 02110<br>**mthornton@tenlaw.com** |
| Thomas A. Packer<br>Gordon & Rees LLP<br>Embarcadero Center West<br>275 Battery Street<br>Suite 2000<br>San Francisco, CA 94111<br>**tpacker@gordonrees.com** | Walter G. Watkins, Jr.<br>Forman Perry Watkins Krutz & Tardy PLLC<br>P.O. Box 22608<br>Jackson, MS 39225-2608<br>**wwatkins@fpwk.com** |