UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

May 27, 2010

FILED
CLERK'S OFFICE

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   RICHARD M. GRANT, ESQ., S.B. #55677
2  BRAYTON❖PURCELL LLP
   ATTORNEYS AT LAW
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   Tel: 415-898-1555
5  Fax: 415-898-1247

6  Attorneys for Plaintiff

7

8          **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

9

10  IN RE: ASBESTOS PRODUCTS                )        MDL 875,  CTO-335
    LIABILITY LITIGATION,                   )
11  ———————————————————————                 )
                                            )
12  HOMER MOORE,                            )
            Plaintiff,                      )        USDC-Northern California,
13  v.                                      )        Case no. 3:10-cv-01638 RS
    ASBESTOS DEFENDANTS, et al.,            )
14  ———————————————————————                 /

15          **PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER**
                **ORDER 335 AND BRIEF IN SUPPORT OF MOTION**
16

17          HOMER MOORE ("Movant" or "Plaintiff") by and through his counsel of record files

18  this consolidated Motion and Brief to Vacate Conditional Transfer Order 335 entered by the

19  Judicial Panel on Multi-District Litigation ("JPML" or "Panel").

20          Movant respectfully moves the Panel pursuant to JPML Rule 7.4(c)to vacate its order

21  conditionally transferring the above entitled and numbered case to the United States District

22  Court for the Eastern District of Pennsylvania.  This motion is based on the brief in support

23  which is made a part of this filing, and such other materials as may be presented to the JPML at

24  the time of the hearing on the motion.  Movant requests the Clerk of the JPML to set this

25  motion for hearing at the next session of the Panel. Rule 7.4(c).

26  ///

27  ///

28  ///

# I.

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

This action for asbestos-related personal injury was originally filed by Homer Moore against numerous defendants in the Superior Court of the State of California (San Francisco Superior Court No. CGC-10-275505), County of San Francisco on March 2, 2010.

Defendant Metalclad Insulation Corporation ("Metalclad") removed this matter to the United States District Court for the Northern District of California on April 16, 2010.  Plaintiff has filed his Motion to remand to the San Francisco County Superior Court based upon lack of subject matter jurisdiction.

Metalclad's alleged ground for removal as stated in the Notice is that defendant was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Plaintiff has filed his Motion to remand to the San Francisco County Superior Court based upon lack of subject matter jurisdiction.

The Conditional Order filed herein transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff moves this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United States District Court for the Northern District of California or the Superior Court for the State of California, County of San Francisco to move the case speedily along to trial.  Conditional Transfer Order 335 potentially transfers this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Mr. Moore's health is precarious and deteriorating.  He is a 69 year old man suffering from asbestosis and asbestos-related pleural disease, an inherently progressive illness, with inevitable and predictable deterioration over time.  Mr. Moore is expected to experience a progressive decline in respiratory function and the removal to MDL may well deny him his day in court.

///

///

PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 335 AND BRIEF IN SUPPORT OF MOTION

1    Because of the deteriorating and disabling nature and of the disease there is a well

2    founded concern that Mr. Moore will be denied the right to stand up for himself and his family,

3    since he may become either too weak to travel or become incapacitated from his illness before

4    having his day in Court.

5        Mr. Moore, therefore, moves this Panel to vacate the Conditional Order in furtherance

6    of justice, and to defer to the United States District Court for the Northern District of California

7    to move the case speedily along to trial.  Justice and fairness demand that the delay occasioned

8    by Metalclad's action be ameliorated by the setting of an prompt date for trial, which requires

9    that the matter remain in the Northern District of California, or be remanded to San Francisco

10   County Superior Court.

11                                        II.

12                                   **ARGUMENT**

13       Title 28, United States Code, section 1407(a) allows for the transfer of a civil action

14   "involving one or more common questions of fact" only if  the Panel determines that a transfer

15   "will be for the convenience of parties and witnesses and will promote the just and efficient

16   conduct of such actions."  Mr. Moore submits that this case does not meet these requirements.

17   Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather

18   than enhance the progress of this case.

19   **A.    THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND
            THIS CASE SHOULD BE REMANDED TO THE STATE COURT.**

20

21       As set forth above, defendant Metalclad filed its Notice of Removal alleging defendant

22   was acting under the direction of an officer of the United States within the meaning of 28

23   U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state

24   court claims.  Defendant does not contest that Mr. Moore was exposed to Unibestos, an

25   asbestos-containing product, manufactured by Owens-Corning and brokered by Metalclad for

26   use by the Navy.

27       Removal pursuant to 28 U.S.C. sec. 1442(a)(1) is inappropriate in that the moving

28   party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a

K:\In\ured\111681\FED\PML-VACATE.CTO-335.wpd                3
PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 335 AND BRIEF IN SUPPORT
OF MOTION

1    colorable federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between

2    plaintiff's claims and the acts it alleges it performed under color of federal office.

3         Removal is also inappropriate in that the Metalclad cannot demonstrate that the United

4    States approved reasonably precise specifications that actually specified the use of asbestos in a

5    product, that absent the specifications, would not have contained asbestos.  The product

6    brokered by Metalclad always contained asbestos as is reflected in its name "Unibestos".

7         Moreover, Metalclad cannot demonstrate that Unibestos is not available in the same or

8    substantially similar form to commercial users.  Metalclad fails to meet its burden under *In re*

9    *Hawaii Federal Asbestos Cases* (9th Cir. 1992) 960 F.2d 806.

10        Removal was improper as a matter of law.  The United States District Courts do not

11   have jurisdiction pursuant to the federal officer removal statute, 28 U.S. C. sec 1442, and are

12   without subject-matter jurisdiction to hear the case.  Plaintiff's Motion to Remand, pending

13   before the District Court for the Northern District of California, should be granted and the case

14   remanded in its entirety to the California Superior Court for the County of San Francisco.

15   **B.    THIS CASE DOES NOT SHARE COMMON FACTUAL ISSUES WITH
          OTHER MDL CASES**

16

17        Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common

18   facts present.  *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*

19   *1974*, 405 F.Supp. 1304, 1306 (J.P.M.L. 1976).  Implicit in this consideration is the requirement

20   that the common facts be more than minimal.  *In re Boeing Co. Employment Practices*

21   *Litigation*, 293 F. Supp.2d 1382 (J.P.M.L. 2003.)   A mere showing of common questions of

22   fact is not sufficient alone to merit transfer.  *In re Truck Accident Near Almagordo, New*

23   *Mexico on June 18, 1969*, 387 F.Supp.732, 733 (J.P.M.L.1975).

24        Because Mr. Moore's case is dissimilar from the multi-party asbestos suits in MDL 875

25   it should remain in California.  The mere presence of some common factual issues does not

26   automatically require transfer, even in asbestos exposure and personal injury actions involving

27   scientific causation issues.  While this case shares with all MDL 875 cases the common

28   material, asbestos fibers, it is wholly different in its simplicity and limited scope.

PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 335 AND BRIEF IN SUPPORT
OF MOTION

1     The facts in dispute in this matter (other than the generic fact of asbestos exposure) are

2     entirely unique to Mr. Moore's work history and identification of the products with which he,

3     in particular, worked. The evidence that will be presented in this case is essentially applicable

4     to this one plaintiff, and will be of little possible benefit to the parties in MDL 875.

5     **C.    TRANSFER WILL IMMENSELY INCONVENIENCE PARTIES AND**
      **WITNESSES**

6

7     In its Order creating MDL 875, the Panel explained that since section 1407 transfer is

8     "primarily for pretrial, there is usually no need for the parties and witnesses to travel to

9     [Pennsylvania] for depositions or otherwise". *In re Asbestos Products Liability Litigation* (No.

10    VI), 771 F.Supp. 415, 422 (J.P.M.L. 1991).

11    Movants respectfully submit, however, that effective practice before the Eastern District

12    of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in

13    chambers and court hearings. Travel to Philadelphia will require expensive air fares and

14    lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to

15    adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re*

16    *Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F.Supp. 1295 (J.P.M.L.

17    1977). This places a heavy and entirely unnecessary burden on Mr. Moore.

18    **D.    TRANSFER WILL BE UNJUST AND INEFFICIENT.**

19    In reaching its decision to transfer, in addition to the convenience of the parties and

20    witnesses, the Panel should consider whether transfer will promote the just and efficient

21    conduct of the action in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000).

22    That is the most important factor in determining whether consolidation of a tag along case is

23    appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C.

24    1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17

25    Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

26    Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;

27    (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and

28    judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993). See

1   generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255

2   (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in

3   transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer

4   mechanics of transferring and remanding. After transfer, the process of segregating the pretrial

5   matters which should be remanded for handling by the transferor courts may be time-

6   consuming, as well as subject to reasonable disagreement. The basic question before the Panel

7   in each proceeding looking to coordinated or consolidated pretrial is, then, whether the

8   objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer

9   and remand.")

10       Consolidation of Mr. Moore's case with MDL 875 will not serve any of these aims.

11   This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of

12   unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. The present

13   proceedings can be most efficiently handled by the California Superior Court in San Francisco

14   or in the Federal District Court for the Northern District of California where the trial will take

15   place.

16       The parties will not benefit from the MDL 875's focus on common asbestos defendants.

17   It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against

18   common asbestos product manufactures) which was the context in which MDL 875 was created

19   to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the

20   resources of the parties, their counsel, and the judiciary. This case is a straightforward personal

21   injury action, one that the state court and the parties would be able to move relatively rapidly to

22   trial.

23       In light of these events, Movant respectfully submits that transfer to MDL-875 could

24   not be more inconvenient to the parties and witnesses, or more likely to obstruct rather than

25   promote the just and efficient conduct of this case. Transfer will serve only to delay the matter,

26   while increasing the judicial workload of the Pennsylvania court, and accomplishing no

27   effective progress in the action.

28   ///

1

## **CONCLUSION**

2       Transfer will serve neither the convenience of the parties nor the just and efficient

3   conduct of ths case.  It is not suitable for transfer to the MDL and no party will be prejudiced by

4   vacating the Conditional Transfer Order.  Most importantly, the United States District Courts

5   lack federal subject matter jurisdiction.

6       For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer

7   Order 335 as to Movant Homer Moore.

8

9   DATED: May 26, 2010       BRAYTON ❖ PURCELL LLP

10

11               /s/ Richard M. Grant
              Richard M. Grant

12               222 Rush Landing Road
              Novato, California 94945

13               Telephone: (415) 898-1555
              Fax: (415) 898-1247

14               rgrant@braytonlaw.com
              Attorneys for Plaintiff, Homer Moore

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 335 AND BRIEF IN SUPPORT
OF MOTION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

1  HOMER MOORE v. ASBESTOS DEFS

May 27, 2010

2  MDL 875, CTO 335   (Northern Calif. 3:10-cv-01638 RS)

FILED
CLERK'S OFFICE

3

4  CERTIFICATE OF SERVICE

5

6  I hereby certify that I emailed the following with the Clerk of the Judicial Panel on
Multidistrict Litigation by emailing to JPMLeFILE@jpml.uscourts.gov on May 26, 2010.

7  **PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER
ORDER 335 AND BRIEF IN SUPPORT OF MOTION**

8

9  I further certify that I have mailed the foregoing document by First-Class Mail, postage
prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar
10  days to the following participants:

11
**Armstrong & Associates, LLP**
12  One Kaiser Plaza, Suite 625
Oakland, CA  94612
13  510-433-1830   510-433-1836 (fax)
**Defendants:**
14  Crown Cork & Seal Company, Inc.
(CC&S)
15

**Bassi, Edlin, Huie & Blum LLP**
351 California Street, Suite 200
San Francisco, CA  94104
415-397-9006   415-397-1339 (fax)
**Defendants:**
Hopeman Brothers, Inc. (HOPE)
J.T. Thorpe & Son, Inc. (THORPE)
Parker-Hannifin Corporation
(PARKHF)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA  94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
Berry & Berry (B&B)

16

17
**Gordon & Rees LLP**
18  Embarcadero Center West
275 Battery Street, Suite 2000
19  San Francisco, CA  94111
415-986-5900   415-986-8054 (fax)
20  **Defendants:**
Ingersoll-Rand Company (INGRSL)
21

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA  94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
Garlock Sealing Technologies, LLC
(GARLCK)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA  94111
415-267-4000   415-267-4198 (fax)
**Defendants:**
Metalclad Insulation Corporation
(METALC)

22

23
**Pond North, LLP**
350 South Grand Avenue
24  Suite 3300
Los Angeles, CA  90071
25  213-617-6170   213-623-3594 (fax)
**Defendants:**
26  CBS Corporation (fka Viacom Inc.,
fka Westinghouse Electric
27  Corporation) (VIACOM)

**Schiff Hardin LLP**
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA  94105
415-901-8700   415-901-8701 (fax)
**Defendants:**
Owens-Illinois, Inc. (OI)

**Steptoe & Johnson LLP**
633 West Fifth St., 7th Floor
Los Angeles, CA  90071
213-439-9400   213-439-9599 (fax)
**Defendants:**
Metropolitan Life Insurance
Company (MET)

28  ///

1   **Walsworth, Franklin, Bevins &**
    **McCall**
2   601 Montgomery Street, 9th Floor
    San Francisco, CA  94111
3   415-781-7072    415-391-6258 (fax)
    **Defendants:**
4     Quintec Industries, Inc. (QUINTC)
      Thomas Dee Engineering Company
5   (DEE)

6
    **AND TO ALL PARTIES ON THE ATTACHED SERVICE LIST**
7

8
    Dated this 26th, day of May, 2010.
9

10                                        /s/ Jane Ehni

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                    MDL No. 875


PANEL SERVICE LIST (Excerpted from CTO-335)


Homer Moore v. Asbestos Defendants, et al., N.D. California, C.A. No. 3:10-1638
(Judge Richard G. Seeborg)


Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201
**mjolley@lawpga.com**

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
**jwblack@wardblacklaw.com**

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219
**rbudd@baronbudd.com**

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415
**jcooney@cooneyconway.com**

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
**rgrant@braytonlaw.com**

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
**kjamison@pondnorth.com**

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
**kevin.jordan@bakerbotts.com**

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
**pkalish@crowell.com**

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607
**skazan@kazanlaw.com**

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204
**kraus@waterskraus.com**

**MDL No. 875 - Panel Service List (CTO-335) (Continued)**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074
**DLandin@Hunton.com**

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
**attylane@bellsouth.net**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606
**wmahoney@smsm.com**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038
**rcmalaby@mblaw.net**

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103
**jmcshea@mcshea-tecce.com**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105
**pmcweeny@schiffhardin.com**

Lisa L. Oberg
MCKENNA LONG & ALDRIDGE LLP
101 California Street
41st. Floor
San Franisco, CA 94111
**loberg@mckennalong.com**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111
**tpacker@gordonrees.com**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464
**jrice@motleyrice.com**

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110
**mthornton@tenlaw.com**

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608
**wwatkins@fpwk.com**