UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 01, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |
| CHRIS CHILDERS, individually, and as the personal representative of the Estate of DAYTON SHEPHERD, deceased,<br><br>Plaintiff,<br><br>v.<br><br>LONG-LEWIS, INC. individually and as successor to BURRELL CORP., f/k/a LONG LEWIS HARDWARE COMPANY, et al.,<br><br>Defendants. | N.D. ALA. - C.A. NO.: 2:10-cv-00944-PWG |

### DEFENDANT UNITED TECHNOLOGIES CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 334

#### Introduction

Plaintiff Chris Childers moves to vacate Conditional Transfer Order No. 334, apparently on the ground that plaintiff has a motion for remand pending before the Northern District of Alabama. In support of his motion to vacate the CTO, plaintiff simply submits his motion for remand which is presently pending in the transferor court. Plaintiff provides no explanation or argument as to how or why his motion for remand supports the instant motion. In fact, this Panel has repeatedly rejected the pendency of motions in the transferor court as sufficient ground for vacating its conditional transfer orders. Plaintiff's remand motion has been fully briefed, fully argued, and taken under submission by the transferor court. The transferor court will almost certainly decide plaintiff's remand motion prior to the Panel's ruling on this motion to vacate the conditional transfer order. Plaintiff's motion, therefore, should be denied as moot. Alternatively, in the event of a delay in the transferor court's ruling on the remand motion, UTC respectfully requests that the Panel stay the conditional transfer order pending resolution of the motion, as opposed to vacating it, to prevent any unnecessary delay in transferring this matter to

the MDL.

### The Panel Has Already Determined That a Pending Motion for Remand is Not a Sufficient Basis for Vacating its Conditional Transfer Order

Plaintiff's apparent argument that the Panel should vacate its conditional transfer order because of his pending motion for remand has been expressly rejected by the Panel. "Plaintiffs in these actions have argued in essence that transfer should be denied . . . in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest[,]" as the transferor courts have adequate time to rule on such pending motions before a final transfer order is issued. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 170 F.Supp.2d 1348, 1349, n. 1. The Panel recently noted that "there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order . . . ." JPML Transfer Order Dated December 1, 2009, n.3, **Exhibit A** hereto. Accordingly, "those courts wishing to address [pending motions for remand] have adequate time in which to do so . . . ." *Id.*

Plaintiff's remand motion has been fully argued and taken under submission by the transferor court, and a ruling will almost certainly be issued before the Panel decides this motion. Even if the transferor court delays in ruling on the remand motion, the Panel should stay, rather than vacate, the conditional transfer to prevent any unnecessary delay in properly transferring this case to the MDL for pretrial coordination with other asbestos actions involving common questions of law and fact.

### Plaintiff Does Not Deny That This Case Involves Common Questions of Fact with the Actions Previously Transferred to the MDL

The only real issue before this Panel is whether this case involves common questions of fact with actions previously transferred to the Eastern District of Pennsylvania. Plaintiff does not deny that this case deals with common questions of fact relating to injuries allegedly caused by exposure to asbestos. Therefore, transfer of this action to the Eastern District of Pennsylvania

for inclusion in the MDL for consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation. In the Panel's original decision ordering centralization of all pending federal asbestos cases, distinctions based on pendency of motions before the transferor court, the uniqueness of a party's status, the presence of unique claims, etc., were already considered and rejected as grounds for carving out exceptions to transfer to the MDL. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Plaintiff's arguments in this motion do not warrant vacating the conditional transfer order.

## Conclusion

Vacating the conditional transfer order is unwarranted. Common questions of fact exist between plaintiff's asbestos-related wrongful death case and those cases previously transferred to MDL No. 875. Nothing distinguishes this case from those actions previously transferred, which plaintiff does not dispute. And as repeatedly determined by the Panel under conditions almost identical to those presented here, tag-along consolidation with MDL No. 875 serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation. Plaintiff's pending remand motion, which has already been taken under submission by the transferor court, does not warrant vacating of the conditional transfer order. For the foregoing reasons, UTC respectfully requests that the Panel deny Plaintiff's motion to vacate Conditional Transfer Order No. 334. In the alternative, UTC respectfully requests that the Panel stay the Conditional Transfer Order pending the transferor court's ruling on plaintiff's remand motion.

///
///
///
///
///
///

DATED: May 28, 2010           RESPECTFULLY SUBMITTED,

By: _____
John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Street
42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409
john.son@tuckerellis.com

Admitted *pro hac vice*

Attorneys for Defendant
**UNITED TECHNOLOGIES CORPORATION**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 01, 2010

FILED
CLERK'S OFFICE

# EXHIBIT A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 01, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)     MDL No. 875

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in actions pending in the Central District of California (two actions), the Southern District of Georgia, the District of Oregon, and the Western District of Washington, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the

---

[*]    Judge Heyburn took no part in the disposition of this matter. Judge Trager participated only in the disposition of the Central District of California *Staton* action.

[1]    Carrier Corp. (as to both Central District of California actions); General Electric Co. and Viad Corp. (as to the Central District of California *Nepomuceno* action); Leslie Controls, Inc. (as to both Central District of California actions and the District of Oregon action); Grinnell LLC and Yarway Corp. (as to the Central District of California *Staton* action); Ingersoll-Rand Co. (as to the Southern District of Georgia action); and Lockheed Martin Shipbuilding Co. (as to the Western District of Washington action).

[2]    Plaintiffs in all five actions principally argue that the Panel should deny or defer transfer of their actions in order to permit the resolution of motions for remand to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an

(continued...)

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Plaintiffs in the Central District of California *Staton* action also cite serious health issues of the plaintiff husband in arguing against transfer, and, indeed, express the concern that inclusion of their action in MDL No. 875 may deprive the plaintiff husband of his day in court and his ability to recover for pain and suffering. Although we have rejected similar arguments on multiple occasions in the past, we remain sensitive to such concerns. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

Under the stewardship of the transferee court, as of November 20, 2009, (1) over 108,000 actions were closed in the transferee district, and (2) over 1,400 actions or claims therein were returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby remand is available with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

---

[2](...continued)
action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should await presentation to the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager* |

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                  MDL No. 875

## SCHEDULE A

<u>Central District of California</u>

Ellis Michael Staton, et al. v. American Standard, Inc., et al., C.A. No. 2:09-3724
Lilia Nepomuceno, et al. v. A.W. Chesterton Co., et al., C.A. No. 2:09-6092

<u>Southern District of Georgia</u>

Anderson Kelly v. General Electric Co., et al., C.A. No. 2:09-134

<u>District of Oregon</u>

Daniel Holmes, etc. v. A.W. Chesterton, Co., et al., C.A. No. 1:09-678

<u>Western District of Washington</u>

Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al., C.A. No. 3:09-5385

Case MDL No. 875 Document 6196 Filed 06/01/10 Page 10 of 13

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 01, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |
| CHRIS CHILDERS, individually, and as the personal representative of the Estate of DAYTON SHEPHERD, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>LONG-LEWIS, INC. individually and as successor to BURRELL CORP., f/k/a LONG LEWIS HARDWARE COMPANY, et al.,<br><br>    Defendants. | N.D. ALA. - C.A. NO.: 2:10-cv-00944-PWG |

## PROOF OF SERVICE

I, Monica Brandenberg, declare that I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071.

On May 28, 2010, I served the following documents:

(1)    Defendant United Technologies Corporation's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order No. 334;

(2)    Defendant United Technologies Corporation's Corporate Disclosure Statement Pursuant to Rule 5.3; and

(3)    Notice of Appearance on Behalf of Defendant United Technologies Corporation

on all parties contained in the attached Service List, which includes the Panel Service List (Excerpted from CTO-334), via first class mail.

Executed on May 28, 2010, at Los Angeles, California.

*Monica Brandenberg*

Peter G. Angelos
LAW OFFICES OF PETER
G. ANGELOS, PC
One Charles Street
22nd Floor
Baltimore, MD 21201
mjolley@lawpga.com

S. Allen Baker, Jr.
BALCH & BINGHAM, LLP
1710 Sixth Avenue North
P.O. Box 306
Birmingham, AL 35201-0306
abaker@balch.com

Robert R. Baugh
SIROTE & PERMUTT PC
2222 Arlington Ave. South
P.O. Box 55727
Birmingham, AL 35255
baughnortherndistrict@sirote.com

Janet W. Black
WARD BLACK PA
208 West Wendover Ave.
Greensboro, NC 27401-1307
jwblack@wardblacklaw.com

Emily S. Bonds
WALSTON WELLS
ANDERSON & BAINS
1819 5th Ave. North,
Suite 1100
P.O. Box 830642
Birmingham, AL 35203-0642
ebonds@walstonwells.com

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Ave.
Suite 1100
Dallas, TX 75219
rbudd@baronbudd.com

John D. Cooney
COONEY & COONEY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415
jcooney@cooneyconway.com

Rocky W. Eaton
AULTMAN TYNER
RUFFIN & SWETMAN, LTD
315 Hemphill Street
P.O. Drawer 750
Hattiesburg, MS 39403-0750
reaton@aultmantyner.com

Jenelle R. Evans
BALCH & BINGHAM LLP
1901 Sixth Ave. North
Suite 2700
P.O. Box 306
Birmingham, AL 35201-0306
jevans@balch.com

Jeffrey E. Friedman
FRIEDMAN LEAK
DAZZIO ZULANAS &
BOWLING PC
3800 Corporate Woods Dr.
Suite 650
P.O. Box 43219
Birmingham, AL 35242
jfriedman@friedmanleak.com

Charles T. Greene
LIGHTFOOT FRANKLIN &
WHITE, LLC
400 20th Street North
Birmingham, AL 35203
cgreene@lightfootlaw.com

Mary B. Hankey
SIROTE & PERMUTT, PC
(BIRMINGHAM)
2311 Highland Ave. South
P.O. Box 55727
Birmingham, AL 35255-5727
baughnortherndistrict@sirote.com

Roy W. Harrell, III
VICKERS RIIS MURRAY
& CURRAN LLC
56 St. Joseph Street
P.O. Box 2568
Mobile, AL 36652-2568
tharrell@vickersriis.com

James A. Harris, III
HARRIS & HARRIS, LLP
2501 20th Place South
Colonial Bank Building
Suite 450
Birmingham, AL 35223
jamey@harris-harris.com

Kevin M. Jordan
BAKER BOTTS, LLP
910 Louisiana, One Shell
Plaza
Houston, TX 77002-4995
kevin.jordan@bakerbotts.com

Paul Kalish
CROWELL & MORNING,
LLP
1001 Pennsylvania Ave NW
Washington, DC 20004-2595
pkalish@crowell.com

Steven Kazan
KAZAN MCCLAIN
ABRAMS FERNANDEZ,
ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607
skazan@kazanlaw.com

Peter A. Kraus
WATERS & KRAUS, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204
Kraus@waterskraus.com

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
961 East Byrd Street
Richmond, VA 23219-4074
DLandin@Hunton.com

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
attylane@bellsouth.net

Frank E. Lankford, Jr.
HUIE FERNAMBUCQ &
STEWART, LLP
2801 Highway 280 South
Three Protective Center
Suite 200
Birmingham, AL 35223-2484
fel@hfsllp.com

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER & MAHONEY,
LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606
wmahoney@smsm.com

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038
remalaby@mblaw.net

Brooke G. Malcom
LIGHTFOOT, FRANKLIN
& WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203
bmalcom@lightfootlaw.com

Edward Bailey McDonough,
Jr.
EDWART B.
MCDONOUGH JR PC
1800 AmSouth Bank
Building
P.O. Box 1943
Mobile, AL 36633
ebm@emdonoughlaw.com

Katherine McFarland
LEVIN PAPANTONIO
THOMAS MITCHELL
ECHSNER & PROCTOR PC
316 South Baylen Street
Suite 6000
Pensacola, FL 32502
kmcfarland@levinlaw.com

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103
jmcshea@mcshea-tecce.com

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105
pmcwene@schiffhardin.com

Edwin B. Nichols
MAYNARD COOPER &
GALE, PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
bnichols@maynardcooper.com

Robert F. Northcutt
CAPELL & HOWARD PC
150 S. Perry Street
P.O. Box 2069
Montgomery, AL 36102-2069
Julie@chlaw.com

Thomas A. Packer
GORDON & REES, LLP
Embarcadero Center West
275 Battery Street,
Suite 2000
San Francisco, CA 94111
tpcker@gordonrees.com

F. Grey Redditt, Jr.
VICKERS FIIS MURRAY &
CURRAN
Eleventh Floor
Regions Bank Building
106 Saint Francis Street
P.O. Drawer 2568
Mobile, AL 36652-2568
gredditt@vickersriis.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464
jrice@motleyrice.com

C. Winston Sheehan
BALL BALL MATTHEWS
& NOVACK PA
2000 Interstate Park Drive
Suite 204
P.O. Box 2148
Montgomery, AL 36102-2148
wsheehan@ball-ball.comm

Michael P. Thonrton
THORNTON & NAUMES,
LLP
100 Summer Street
30th Floor
Boston, MA 02110
mthornton@tenlaw.com

Michael A. Vercher
CHRISTIAN & SMALL
LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696
mavercher@csattorneys.com

Walter G. Watkins, Jr.
FORMAN PERRY
WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608
wwatkins@fpwk.com

Leila H. Watson
CORY WATSON
CROWDER & DEGARIS,
PC
2131 Magnolia Avenue
2nd Floor
Birmingham, AL 35205
twatson@cwcd.com

William L. Waudby
BAKER DONALDSON
BEARMAN CALDWELL &
BERKOWITZ, PC
420 North 20th Street
SouthTrust Tower
Suite 1600
Birmingham, AL 35203-5202
bwaudby@bakerdonaldson.com

Lance C. Wilson
TUCKER ELLIS & WEST,
LLP
135 Main Street
Suite 700
San Francisco, CA 94105
lance.wilson@tuckerellis.com

Evelyn F. Davis
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
edavis@hplegal.com

Brian M. Blythe
BRADLEY ARANT BOULT
CUMMINGS, LLP
One Federal Place
1819 Fifth Ave. North
Birmingham, AL 35203
bblythe@babc.com