Case MDL No. 875   Document 6199   Filed 06/02/10   Page

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 02, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | |
|---|---|
| SYLVIA J. EDEM, et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>THE C.P. HALL CO., et al., )<br>)<br>Defendants. ) | Civil Action No. 2:10-1784<br><br>in the United States District Court<br>for the Central District of California |

### REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

### I. INTRODUCTION

The Judicial Panel on Multidistrict Litigation has the discretion to transfer this case to MDL No. 875 pursuant to Conditional Transfer Order 333 (CTO-333), but such transfer is not mandatory and should not be effectuated unless good cause exists for it to do so.

Here, there is no good cause for transfer, and certainly not any reason that is substantial enough to override the fact that to do so would be in direct contravention to the policy objectives of 28 U.S.C. § 1407. Indeed, transfer of Edem to MDL No. 875 will cause unanticipated and unnecessary delay, expense, and inconvenience to the plaintiffs as well as to the judicial system as an effective working body. The Conditional Transfer Order should, as a result, be vacated.

## II. ARGUMENT

**A.     Where, as here, transfer of this action prior to a ruling on plaintiffs' remand motion by the local District Court is judicially inefficient and will cause plaintiffs' unnecessary delay and expense, such transfer to MDL No. 875 would be inappropriate**

Transfer of this action prior to or absent a ruling on plaintiffs' remand motion by the District Court is judicially inefficient, causes unnecessary delay and expense, and inconveniences the plaintiffs.

While the jurisdictional issue raised by plaintiffs' remand motion can be resolved in the MDL, transfer of *Edem* prior to or absent the District Court's ruling thereon will require plaintiffs to spend additional time and money to file anew their remand motion in the MDL Court. An additional consequence of the filing of said motion anew will be the burdensome duplication of labor, time, and expense by the MDL Court in its review and consideration of the issues presented by plaintiffs' remand motion, a process already undertaken by the local District Court.

In short, the District Court for the Central District of California has already invested time and resources to familiarize itself with the jurisdictional issue present in this case. And, likewise, the parties have spent time and money in preparation for this Court's adjudication of the remand motion. To cause the parties, as well as the MDL Court, to spend additional time and resources to repeat what has already been done amounts to just the sort of judicial inefficiency and duplication of resources and labor §1407 was designed to prevent.

What's more, transfer of *Edem* to MDL-875 prior to or absent a ruling on plaintiffs' remand motion forces aside the question of federal jurisdiction while it is still

unresolved. Due to the well-known and commonly acknowledged extensive delays in the MDL in hearing remand motions, plaintiffs will be forced either to litigate their case in a court that potentially has no jurisdiction or simply wait in legal limbo for an indeterminate length of time, doing nothing to litigate their case, because until the jurisdictional issue remains determined. This means that if plaintiffs wish to have their case decided on the merits in at least the relative near future, they must essentially waive the jurisdictional issue – an end result which on its face quite obviously undermines justice and due process and certainly does nothing to further the goals of the MDL.

***Asking the local District Court to rule on plaintiffs' remand motion prior to any transfer of this action to the MDL will both conserve resources of the judiciary and the parties, it is the only viable avenue of relief plaintiffs have in terms of resolving the relevant jurisdictional issue in a prompt manner.***

> **B.** **Where, as here, transfer of this action to the MDL No. 875, would be contrary to the policy objectives of 28 U.S.C. § 1407, such transfer would be inappropriate**

The underlying objective of 28 U.S.C. § 1407 is "to secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action.'" *In re Nat'l Student Mktg. Litig.*, 368 F.Supp. 1311, 1316 (J.P.M.L. 1973)(citing to FED. R. CIV. P. 1). Accordingly, "[t]he Panel's statutory mandate is to weigh the interests of all parties … in light of the purposes of Section 1407." *In re Stirling Homex Corp. Sec. Litig.*, 442 F. Supp. 547, 550 (J.P.M.L. 1977). And, while the Panel has broad discretion to carry out its functions, it abuses its discretion if it acts in a manner that frustrates the objectives of section 1407.

Federal courts have noted that "if these [asbestos-related] claims return to state court, they will proceed to resolution. If they remain in federal court, they will encounter significant delay upon their transfer through the Panel on Multidistrict Litigation to the Eastern District of Pennsylvania. … This delay [in MDL-875] is of economic benefit to the defendants and imposes costs on the plaintiffs." *Alexander v. A.P. Green Indus., Inc. (In re Maine Asbestos Cases)*, 44 F. Supp. 2d 368, 374 n.2 (D.Me. 1999); *see also Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187, 190 (D. Mass. 2008)(noting that if removal was upheld and the case was transferred to MDL-875, "the matter will likely be substantially delayed").

Transfer of *Edem* to MDL-875 would thwart rather than serve the statutory goals of promoting a just, speedy, and inexpensive determination of the action. As this Panel is no doubt well aware, MDL-875 currently consists of nearly 50,000 cases (and far more claims) relating to personal injuries allegedly caused by asbestos products. (See, Exhibit A to plaintiffs' Motion to Vacate.) All of these cases are handled by a single judge – Honorable Judge Robreno. If transferred to MDL-875, this case is sure to encounter delay that is well-documented, significant, and unpredictable.

Defendant makes much of Judge Robreno's increasingly well-known intention of remanding all of the cases currently in the MDL No. 875 to the District Courts from which they came by year's end, but this is of course a mere goal – however honorable and worthwhile it certainly may be – and can no way be understood as a guarantee to plaintiffs in terms of with what speed their case will proceed to trial. After all, there is no schedule nor rule in the MDL allowing plaintiffs to obtain a specific date to have their remand motion heard by the MDL Court – leaving the MDL's resolution of jurisdictional

issues both unavoidable and protracted. Let us recall that Judge Robreno just recently issue a ruling denying remand in an action that had been awaiting determination in MDL-875 for 15 years. (See, Exhibit B to plaintiffs' Motion to Vacate.)

Given that this case has no place in federal court at all, the very real potential that the parties' jurisdictional dispute would not be resolved for months upon months and quite easily years warrants a refusal on behalf this MDL Panel to refuse transfer of this action at this time. Any other outcome would be incredibly inconvenient and economically costly to both parties and the judicial system. In short, transfer of Edem to MDL No. 875 would, at this juncture, be counter-productive in every way.

### III. CONCLUSION

For the foregoing reasons, plaintiffs request that the Panel vacate the Conditional Transfer Order in the above-captioned action and allow this case to proceed through pre-trial proceedings and trial before the U.S. District Court for the Central District of California.

Dated: June 1, 2010

Respectfully submitted,

/s/ Deborah Rosenthal

Deborah Rosenthal,
PAUL & HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:   (510) 559-9980
Facsimile:    (510) 559-9970
drosenthal@paulandhanley.com
Attorneys for Plaintiffs Sylvia J. Edem, *et al.*

Case MDL No. 875   Document 6199   Filed 06/02/10   Page 6 of 10

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 02, 2010

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Anne Scott, hereby certify that I served a true and correct copy of Plaintiffs' Reply Brief in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order upon the Judicial Panel for Multidistrict Litigation via overnight mail, and upon the attached Panel Service List via first class mail, postage prepaid, on this 1st day of June, 2010.

_____
Anne Scott

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)  MDL No. 875

PANEL SERVICE LIST (CTO-333)

David Lee Amell
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Peter G. Angelos
LAW OFFICES OF PETER
G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Melissa R. Badgett
COOLEY MANION JONES
HAKE ET AL
201 Spear Street
Suite 1800
San Francisco, CA 94105

Joshua H. Bennett
BENNETT &
GUTHRIE PLLC
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Allison Naquin Benoit
KEAN MILLER
HAWTHORNE ET AL
301 Main Street
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Gary A. Bezet
KEAN MILLER
HAWTHORNE ET AL
One American Place
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Ian Connor Bifferato
BIFFERATO LLC
800 North King Street
Plaza Level
Wilmington, DE 19801

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Roy B. Blackwell
KAUFMAN &
CANOLES PC
4801 Courthouse Street
Suite 300
P.O. Box 6000
Williamsburg, VA 21385

Jordan Blumenfeld-James
SIMON EDDINS &
GREENSTONE LLP
301 East Ocean Boulevard
Suite 1950
Long Beach, CA 90802

Timothy W. Bouch
LEATH BOUCH &
CRAWFORD
P.O. Box 59
Charleston, SC 29402

Sarah M. Bowman
DEAN & GIBSON PLLC
301 South McDowell Street
Suite 900
Charlotte, NC 28204-2686

Richard A. Brody
BRENT COON &
ASSOCIATES
44 Montgomery Street
Suite 800
San Francisco, CA 94104

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Richard Soo Chon
PERKINS COIE LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111-4131

William D. Conner
HAYNSWORTH SINKLER
BOYD
P.O. Box 2048
Greenville, SC 29602

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

William Pearce Davis
BAKER RAVENEL &
BENDER
P.O. Box 8057
Columbia, SC 29202

James D. Gandy, III
PIERCE HERNS SLOAN &
MCLEOD
P.O. Box 22437
Charleston, SC 29413

Alan Scott Goldberg
SELMAN BREITMAN LLP
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025-6538

**MDL No. 875 - Panel Service List (CTO-333) (Continued)**

William M. Graham
WALLACE &
GRAHAM PA
525 North Main Street
Salisbury, NC 28144

Dean A. Hanley
PAUL HANLEY &
HARLEY
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Anthony C. Hayes
NELSON MULLINS RILEY
& SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-1070

Edward W. Hearn
JOHNSON & BELL LTD
1435 E. 85th Avenue
Merrillville, IN 46410

Stephanie F. Holtzlander
CANTRELL STRENSKI &
MEHRINGER LLP
2400 Market Tower
10 West Market Street
Indianapolis, IN 46204

Edward R. Hugo
BRYDON HUGO &
PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071

Arthur Timothy Jones
HAWKINS &
PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

David P. Jones
NEWBY LEWIS KAMINSKI &
JONES LLP
916 Lincolnway
P.O. Box 1816
LaPorte, IN 46350-1816

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL &
MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Daniel L. Keller
KELLER FISHBACK
JACKSON LLP
18425 Burbank Boulevard
Suite 610
Tarzana, CA 91356

James G. Kennedy
PIERCE HERNS SLOAN &
MCLEOD
P.O. Box 22437
Charleston, SC 29413

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Donald A. Krispin
MARITIME ASBESTOSIS
LEGAL CLINIC
645 Griswold Road
Suite 1550
Detroit, MI 48226

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY &
MANSFIELD PLLP
300 South Grand Avenue
Suite 2800
Los Angeles, CA 90071

J. Burton LeBlanc, IV
BARON & BUDD PC
9015 Bluebonnet Blvd.
Baton Rouge, LA 70808

Jo Ann Lea
BARON & BUDD PC
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810

David L. Levy
HEDRICK GARDNER
KINCHELOE &
GAROFALO LLP
P.O. Box 30397
Charlotte, NC 28230

R. Bates Lovett
HUNTER MACLEAN
EXLEY & DUNN PC
P.O. Box 9848
Savannah, GA 31412

Helen Marie Luetto
WALSWORTH FRANKLIN
BEVINS & MCCALL LLP
One City Boulevard, West
Fifth Floor
Orange, CA 92868-3604

**MDL No. 875 - Panel Service List (CTO-333) (Continued)**

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Moffatt Grier McDonald
HAYNSWORTH SINKLER
BOYD PA
P.O. Box 2048
Greenville, SC 29602

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Robert O. Meriwether
NELSON MULLINS RILEY
& SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-0013

Willard J. Moody, Jr.
MOODY LAW FIRM INC
500 Crawford Street
Suite 300
Portsmith, VA 23704

Thomas Jeffrey Moses
BRYDON HUGO &
PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Penelope B. O'Connell
ELZUFON AUSTIN
REARDON TARLOV &
MONDELL PA
300 Delaware Avenue
Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Armand J. Della Porta, Jr.
MARSHALL DENNEHEY
WARNER COLEMAN &
GOGGIN
1220 N. Market Street
Suite 500
P.O. Box 8888
Wilmington, DE 19899

Glen R. Powell
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Steven J. Pugh
RICHARSON PLOWDEN &
ROBINSON PA
P.O. Drawer 7788
Columbia, SC 29202

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Barry R. Schirm
GRACE COSGROVE &
SCHIRM APC
444 South Flower Street
11th Floor
Los Angeles, CA 90071

Carl R. Schwertz
DUANE HAUCK & GNAPP
10 East Franklin Street
Richmond, VA 23219-2106

Charles T. Sheldon
SEDGWICK DETERT
MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Erin J. Sparkuhl
SHOOK HARDY &
BACON LLP
Jamboree Center
5 Park Plaza
Suite 1600
Irvine, CA 92614-2546

Kevin A. Sullivan
SAUTER
SULLIVAN ET AL
3415 Hampton Avenue
St. Louis, MO 63139

Robert E. Swickle
JAQUES ADMIRALTY
LAW FIRM PC
The Maritime Asbestosis
Legal Clinic
1370 Penobscot Building
645 Griwsold Street
Detroit, MI 48226-4192

Jennifer M. Techman
EVERT WEATHERSBY &
HOUFF LLC
3405 Piedmont Road, NE
Suite 225
Atlanta, GA 30305

Michael P. Thornton
THORNTON &
NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

**MDL No. 875 - Panel Service List (CTO-333) (Continued)**

Tracy E. Tomlin
NELSON MULLINS RILEY & SCARBOROUGH LLP
100 North Tryon Street
42nd Floor
Charlotte, NC 28202-4007

Mark Hedderman Wall
ELMORE & WALL
P.O. Box 1200
Charleston, SC 29402

Mona Lisa Wallace
WALLACE &
GRAHAM PA
525 North Main Street
Salisbury, NC 28144

Timothy J. Walsh
5415 Buffet Ct.
Granger, IN 46530

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Michelle Marie Weathers
SWANSON MARTIN & BELL LLP
330 North Wabash
Suite 3300
Chicago, IL 60611

Stephen B. Williamson
KATTEN MUCHIN ROSENMAN LLP
550 South Tryon Street
Suite 2900
Charlotte, NC 28202-4213

Karen M. Zello
GLASSER & GLASSER PLC
Crown Center Building
580 East Main Street
Suite 600
Norfolk, VA 23510