UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 03, 2010

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)
    Michael Musselman, etc. v. Amphenol Corp., et al.,    )
        D. Delaware, C.A. No. 1:10-101    )    MDL No. 875

**TRANSFER ORDER**

    **Before the entire Panel**[*]: Plaintiff in an action pending in the District of Delaware has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portion of our order conditionally transferring the action to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendant United Technologies Corp. opposes the motion to vacate.

    After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transferring the action to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In that decision, we considered and rejected – as grounds for carving out exceptions to transfer in this extraordinary docket – distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of

---

    [*] Judge Heyburn took no part in the disposition of this matter.

    [1] Movant argues that the Panel should deny or defer transfer of his action in order to permit the resolution of his pending motion for remand to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those

*(continued...)*

- 2 -

a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action.  We are not persuaded to depart from this approach in dealing with the question of transfer of the present action.

     Under the stewardship of the transferee court, as of May 27, 2010, (1) over 111,000 actions were closed in the transferee district, and (2) over 1,400 actions or claims therein were returned to their originating transferor districts.  To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby remand is available with a minimum of delay.  *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.  We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

     IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman[*]   Kathryn H. Vratil
David R. Hansen   W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.   Barbara S. Jones

---

[1](...continued)
courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should await presentation to the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.