## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Jun 04, 2010

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RONALD ECKERLE** | * | **CIVIL ACTION NO. 2:10-cv-1460** |
| | * | |
| **VS.** | * | **JUDGE:** **LEMMON** |
| | * | **SECTION:** **L** |
| | * | |
| **NORTHROP GRUMMAN SHIP,** | * | **MAGISTRATE:** **ROBY** |
| **SYSTEMS, INC., ET AL** | * | **DIVISION:** **4** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

***Pertains to:*** MDL-875 – In re Asbestos Products Liability Litigation (No. VI)
CONDITIONAL TRANSFER ORDER 336 (CTO-336)
Schedule CTO-336 - Tag-Along Action

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER WITH INCORPORATED MEMORANDUM, OR IN THE ALTERNATIVE, OPPOSITION AND MOTION FOR CONTINUANCE OF TRANSFER UNTIL TRANSFEROR JUDGE RULES ON MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff who files his Motion to Vacate Conditional Transfer Order for the reasons stated below, or in the alternative, Motion for Continuance of Transfer. If the Court is inclined to deny the Motion to Vacate, Plaintiff respectfully requests that MDL wait to transfer the case until Judge Lemmon of the U.S.D.C. for the Eastern District of Louisiana issues a ruling on Plaintiff's Motion to Remand. Plaintiff moves the MDL to vacate the Conditional Transfer Order for the following reasons:

This action was originally filed in Louisiana State Court and was improperly removed by one Defendant, Northrop Grumman Shipbuilding, Inc. Plaintiff is currently seeking to have the case remanded to the state court from which it was wrongfully removed. To this end, the hearing

1

on Plaintiff's Motion to Remand is set for June 16, 2010, before the Honorable Mary Ann Vial Lemmon. A District Court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc. (Preston II)*, 485 F.3d 804, 813 n. 3 (5th Cir.2007).

One purpose of Class Action Fairness Act ("CAFA") 28 USC § 1332 (d)(2) was to provide for "[f]ederal court consideration of interstate cases of national importance under diversity jurisdiction." CAFA § 2, *Pub.L. 109-2, 119 Stat. 4.*[1] Pursuant to CAFA, federal courts have jurisdiction over class actions if the following elements are satisfied: (1) the amount in controversy exceeds $5,000,000 in the aggregate, §§ 1332(d)(2) & (6); (2) any class member and any defendant are citizens of different states, § 1332(d)(2)(A); and (3) there are at least 100 members in the putative class, § 1332(d)(5)(B).[2]

CAFA also contains two mandatory exceptions from federal jurisdiction, §§ 1332(d)(4)(A) & (B). These two exceptions require a district court to decline jurisdiction when the controversy is uniquely local and does not reach into multiple states. This matter is uniquely local and does not reach into multiple states because each claim is a result of exposure to asbestos at Avondale Shipyard's facilities in Louisiana.

Nevertheless, Defendant Northrop Grumman Shipbuilding, Inc. removed this case on the sole basis that the amount in controversy exceeds the jurisdictional minimum for federal court while ignoring the fact that the exceptions to jurisdiction apply. This matter is uniquely local, federal court jurisdiction should not be exercised and this matter should be remanded back to state court.

---

[1] *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144,149, C.A.3 (N.J.), 2009.
[2] *Id.*

2

For the MDL's convenience, and in an effort to provide the MDL with a level of comfort to justify vacating the transfer order or at least waiting until Judge Lemmon rules on Plaintiff's Motion to Remand, attached is Plaintiff's Motion to Remand with Memo in Support (Exhibit 1).

In light of the above, Plaintiff submits that transferring the instant case at this time would be a significant waste of judicial resources as the Motion for Remand is already set. Plaintiff, on behalf of the putative class, filed this action in State Court because federal jurisdiction does not exist as set forth in the CAFA. Specifically, this Honorable Court should deny jurisdiction because it is primarily a local controversy.

**WHEREFORE**, Plaintiff respectfully requests that this matter not be transferred to the Asbestos Multidistrict Litigation.

Respectfully submitted,

**LANDRY & SWARR, L.L.C.**

/s/ Philip C. Hoffman
Mickey P. Landry (La. Bar No. 22817)
Frank J. Swarr (La. Bar No. 23322)
David R. Cannella (La. Bar 26231)
Philip C. Hoffman (La. Bar No. 32277)
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

COUNSEL FOR PLAINTIFF

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 04, 2010

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2010, a copy of the foregoing has been filed with the MDL and all Counsel of record on the attached Panel Service List are being served via electronic mail.

/s/ Philip C. Hoffman

3

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                           MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-336)

Ronald Eckerle v. Northrop Grumman Shipbuildings, Inc., et al., E.D. Louisiana,
C.A. No. 2:10-1460  (Judge Mary Ann Vial Lemmon)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201
**mjolley@lawpga.com**

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
**jwblack@wardblacklaw.com**

Brian C. Bossier
BLUE WILLIAMS LLP
3421 N. Causeway Boulevard
Suite 900
Metairie, LA 70002
**bbossier@bluewilliams.com**

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219
**rbudd@baronbudd.com**

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415
**jcooney@cooneyconway.com**

Philip C. Hoffman
LANDRY & SWARR LLC
1010 Common Street, Suite 2050
New Orleans, LA 70112
**phoffman@landryswarr.com**

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
**kevin.jordan@bakerbotts.com**

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
**pkalish@crowell.com**

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607
**skazan@kazanlaw.com**

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204
**kraus@waterskraus.com**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074
**DLandin@Hunton.com**

**MDL No. 875 - Panel Service List (Excerpted from-CTO-336) (Continued)**

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
attylane@bellsouth.net

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606
wmahoney@smsm.com

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038
rcmalaby@mblaw.net

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103
jmcshea@mcshea-tecce.com

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105
pmcweeny@schiffhardin.com

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
tpacker@gordonrees.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464
jrice@motleyrice.com

Samuel M. Rosamond, III
CRAWFORD LEWIS PLLC
400 Poydras Street
Suite 2100
New Orleans, LA 70130
srosamond@crawford-lewis.com

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110
mthornton@tenlaw.com

Walter G. Watkins Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
P.O. Box 22608
Jackson, MS 39225-2608
wwatkins@fpwk.com

Kristopher T. Wilson
LUGENBUHL WHEATON PECK RANKIN & HUBBARD
601 Poydras Street
Suite 2775
New Orleans, LA 70130
kwilson@lawla.com

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 04, 2010

FILED
CLERK'S OFFICE

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD ECKERLE | * | CIVIL ACTION NO. 2:10-cv-1460 |
| VS. | * | JUDGE: LEMMON |
| | * | SECTION: L |
| NORTHROP GRUMMAN SHIP, | * | MAGISTRATE: ROBY |
| SYSTEMS, INC., ET AL | * | DIVISION: 4 |

*********************************************************************

### MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff who moves this Honorable Court to grant Plaintiff's Motion to Remand, and to send this matter to the Civil District Court for the Parish of Orleans, State of Louisiana, for the reasons detailed in the attached memorandum in support.

Respectfully submitted,

By:/s/Philip C. Hoffman
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
DAVID R. CANNELLA, Bar No. 26231
PHILIP C. HOFFMAN, Bar No. 32277
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2010, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All Counsel of record are being served this filing by the court's electronic filing system.

/s/ Philip C. Hoffman



# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **RONALD ECKERLE** | * | **CIVIL ACTION NO. 2:10-cv-1460** | |
| | * | | |
| **VS.** | * | **JUDGE:** | **LEMMON** |
| | * | **SECTION:** | **L** |
| | * | | |
| **NORTHROP GRUMMAN SHIP,** | * | **MAGISTRATE:** | **ROBY** |
| **SYSTEMS, INC., ET AL** | * | **DIVISION:** | **4** |
| | * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF THE MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Plaintiff submits the following memorandum in support of his Motion to Remand. For the reasons set forth below, the motion should be GRANTED.

### I.   INTRODUCTION

On March 31, 2010, Plaintiff filed a Petition for Damages seeking medical monitoring in Louisiana State Court. Plaintiff is seeking to use the class action procedural device. The putative class is defined as all Avondale Shipyard employees at the Main and Harvey yards who were exposed to asbestos prior to October 1, 1976. Each member of the putative class was exposed to and inhaled or otherwise ingested, significant quantities of asbestos, having neither knowledge, nor reason to believe that asbestos was dangerous. When a person is exposed to a hazardous substance like asbestos it is often sound medical practice to undergo periodic examinations to ascertain whether the plaintiff has contracted a disease. An action for medical monitoring seeks to recover the quantifiable costs of periodic medical examinations necessary to detect the onset of physical harm.

Plaintiff, on behalf of the putative class, filed this action in State Court because federal jurisdiction does not exist as set forth in the Class Action Fairness Act ("CAFA") 28 USC § 1332 (d)(2). Specifically, this Honorable Court should deny jurisdiction because it is primarily a local controversy. Nevertheless, Defendant Northrop Grumman Shipbuilding, Inc. removed this case on the sole basis that the amount in controversy exceeds the jurisdictional minimum for federal court. Because this matter is uniquely local, federal court jurisdiction should not be exercised and this matter should be remanded back to state court.

## II.    EXCEPTIONS TO FEDERAL JURISDICTION

One purpose of CAFA was to provide for "[f]ederal court consideration of interstate cases of national importance under diversity jurisdiction." CAFA § 2, *Pub.L. 109-2, 119 Stat. 4.*[1] Pursuant to CAFA, federal courts have jurisdiction over class actions if the following elements are satisfied: (1) the amount in controversy exceeds $5,000,000 in the aggregate, §§ 1332(d)(2) & (6); (2) any class member and any defendant are citizens of different states, § 1332(d)(2)(A); and (3) there are at least 100 members in the putative class, § 1332(d)(5)(B).[2]

CAFA also contains two mandatory exceptions from federal jurisdiction, §§ 1332(d)(4)(A) & (B). These two exceptions require a district court to decline jurisdiction when the controversy is uniquely local and does not reach into multiple states. This matter is uniquely local and does not reach into multiple states because each claim is a result of exposure to asbestos at Avondale Shipyard's facilities in Louisiana.

28 U.S.C. § 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)-(A)(i) over a class action in which-

---

[1] *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144,149, C.A.3 (N.J.), 2009.
[2] *Id.*

2

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant-

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

Subsection (A), the "local controversy" exception, may apply when at least one significant defendant and more than two-thirds of the members of the putative classes are local. Subsection (B), the "home-state" exception, may apply when the primary defendants and at least two-thirds of the members of the putative classes are local. The instant class action fits at least one of the exceptions.

There is no reasonable dispute regarding the following: (1) more than two thirds of the members of the putative class are Louisiana citizens; (2) the alleged conduct happened in Louisiana; and (3) no similar class action has been filed in the three years prior to the filing of this suit. Therefore, the only remaining issue is whether a local defendant's conduct forms a significant basis for the claims asserted.

**A.     At Least Two-Thirds of The Putative Class Members are Louisiana Citizens**

3

Courts have acknowledged that where a proposed class is discrete in nature, a common sense presumption should be utilized in determining whether citizenship requirements have been met. *See Caruso v. Allstate Ins. Co.,* 469 F.Supp.2d 364, 368 (E.D.La.2007). Plaintiff respectfully submits that prior to 1976, most if not all, and at a minimum, two-thirds of the members of the putative class are Louisiana Citizens. If this Court is inclined to exercise jurisdiction, the Plaintiff respectfully submits that Avondale should be required to produce the last known address of all persons employed at Avondale's Main or Harvey yard prior to October 1, 1976.

### B.  All of Avondale's Executive Officers Are Significant Local Defendants

A local defendant's conduct forms a significant basis for the claims asserted.[3] A proposed plaintiff class seeks "significant relief" from a particular defendant when the relief sought from that defendant constitutes a significant portion of the entire relief sought by the class. *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1167 n. 3 (11th Cir.2006); *Phillips v. Severn Trent Envtl. Servs., Inc.,* No. 07-3889, 2007 WL 2757131, at 3 (E.D.La. Sept.19, 2007); *Escoe v. State Farm Fire & Cas. Co.,* No. 07-1123, 2007 WL 1207231, at 2 (E.D.La. Apr.23, 2007); *Caruso,* 469 F.Supp. at 368. "[W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Robinson v. Cheetah Transp.,* No. 06-0005, 2006 WL 468820, at 3 (W.D.La. Feb.27, 2006); *accord Escoe,* 2007 WL 1207231, at 2. A

---

[3] In asbestos cases, the law that applies is the law in effect at the time of exposure. See *Cole v. Celotex,* 599 So.2d 1058 (La. 1992). Therefore, prior to October 1, 1976, in asbestos related matters, workers were allowed to sue Executive Officers in tort for negligence in failing to provide a safe workplace. The seminal case regarding Executive Officer liability is *Canter v. Koehring Co.,* 283 So.2d 716 (La. 1973).

4

defendant should not be deemed significant when only a few class members have claims against that defendant. *Phillips,* 2007 WL 2757131, at 3.

Most if not all of Avondale's Executive Officers are Louisiana residents now or at least were at the time of their death. The local and non-local defendants are alleged to have participated in the exact same conduct against each member of the putative class and each class member seeks the same relief. Both Avondale and its executive officers failed to provide a safe work place free from the dangers of respirable asbestos-containing dust and, consequently, are responsible for the costs of medical monitoring. Further, the local and non-local defendants are equally able to pay the potential judgment. Therefore, in consideration of all definitions of a "significant" defendant, the local defendants in this matter are significant.

### C. The Alleged Conduct Happened in Louisiana

There is no dispute: all exposures alleged in this case occurred at Avondale Shipyard's facilities in Louisiana. In fact, the class definition is as follows:

> **All persons who were exposed to respirable asbestos fibers while working at the Avondale Shipyard Main Yard or Harvey Yard at any time prior to October 1, 1976, such that periodic medical monitoring is medically advisable.**

Avondale's Main and Harvey yards are located in Louisiana. Accordingly, the alleged conduct occurred in Louisiana.

### D. No Other Class Action With Similar Allegations Was Filed In The Last Three Years

To the best of undersigned counsel's knowledge, there have been no other class actions with this class definition filed against the same defendants within the last three years. Plaintiff

5

made a diligent search and found no other class actions filed for medical monitoring against the Avondale interests within the last three years.[4]

## III. REMAND IS PROPER

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc. (Preston II)*, 485 F.3d 804, 813 n. 3 (5th Cir.2007). The party seeking remand has the burden of proving that a CAFA exception to the exercise of federal jurisdiction exists, thereby divesting the court of subject matter jurisdiction pursuant to § 1332(d). *Preston I*, 485 F.3d at 797; *Frazier v. Pioneer Ams., LLC*, 455 F.3d 542, 546 (5th Cir.2006). As mentioned above, this matter satisfies the exceptions to federal jurisdiction. Accordingly, this matter shall be remanded to State Court.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the Motion and remand this case back to Civil District Court for the Parish of Orleans.

Respectfully submitted,

By:/s/Philip C. Hoffman
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
DAVID R. CANNELLA, Bar No. 26231
PHILIP C. HOFFMAN, Bar No. 32277
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

**ATTORNEYS FOR PLAINTIFF**

---

[4] There is a pending class action in the 24th Judicial District Court for the Parish of Jefferson against Avondale for medical monitoring, *Bourgeois, et al .v A.P. Green Industries, Inc.*, et al, 24th JDC, No. 488-642, Div. "Y". The matter was filed in 1996 and has a different class definition.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2010, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All Counsel of record are being served this filing by the court's electronic filing system.

/s/ Philip C. Hoffman

<u>**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**</u>

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES DISTRICT COURT**

Jun 04, 2010

**EASTERN DISTRICT OF LOUISIANA**

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| **RONALD ECKERLE** | * | **CIVIL ACTION NO. 2:10-cv-1460** |
| | * | |
| **VS.** | * | **JUDGE:**      **LEMMON** |
| | * | **SECTION:**      **L** |
| | * | |
| **NORTHROP GRUMMAN SHIP,** | * | **MAGISTRATE:**      **ROBY** |
| **SYSTEMS, INC., ET AL** | * | **DIVISION:**      **4** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*Pertains to:*   **MDL-875 – In re Asbestos Products Liability Litigation (No. VI)**
                 **CONDITIONAL TRANSFER ORDER 336 (CTO-336)**
                 **Schedule CTO-336 - Tag-Along Action**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**O R D E R**</u>

IT IS HEREBY ORDERED that the entitled matter is REMANDED to the United States District Court for the Eastern District of Louisiana for resolution of all outstanding motions relating to the jurisdiction of this matter in federal court.

Philadelphia, Pennsylvania, this _____ day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE