UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 23, 2010

FILED
CLERK'S OFFICE

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   RICHARD M. GRANT, ESQ., S.B. #55677
2  BRAYTON❖PURCELL LLP
   ATTORNEYS AT LAW
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   Tel: 415-898-1555
5  Fax: 415-898-1247

6  Attorneys for Plaintiff

7

8            **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

9

10  IN RE: ASBESTOS PRODUCTS          )      MDL 875,  CTO-336
    LIABILITY LITIGATION,             )
11                                    )
                                      )
12  LINDA OLSCHEWSKE, as Wrongful     )
    Death Heir, and as Successor-in-Interest to  )   USDC-Northern California,
13  THOMAS OLSCHEWSKE, Deceased;      )      Case no. 3:10-1729 SC
    and THOMAS R. OLSCHEWSKE, and     )
14  ELLAMAE PIKE, as Legal Heirs of   )
    THOMAS OLSCHEWSKE, Deceased,      )
15                                    )
         Plaintiffs,                  )
16                                    )
    v.                                )
17  ASBESTOS DEFENDANTS, et al.,      )
                                      )
18       Defendants.

19

20       **PLAINTIFFS' MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT
         LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 336
21                     AND BRIEF IN SUPPORT OF MOTION**

22

23       LINDA OLSCHEWSKE, as Wrongful Death Heir, and as Successor-in-Interest to

24  THOMAS OLSCHEWSKE, Deceased; and THOMAS R. OLSCHEWSKE, and

25  ELLAMAE PIKE, as Legal Heirs of  THOMAS OLSCHEWSKE, Deceased ("Movants" or

26  "Plaintiffs") by and through his counsel of record files this consolidated Motion and Brief to

27  Vacate Conditional Transfer Order 336 entered by the Judicial Panel on Multi-District

28  Litigation ("JPML" or "Panel").

1   Movants respectfully move the Panel pursuant to JPML Rule 7.4 (c) to vacate its order
2   conditionally transferring the above entitled and numbered case to the United States District
3   Court for the Eastern District of Pennsylvania. This motion is based on the brief in support
4   which is made a part of this filing, and such other materials as may be presented to the JPML at
5   the time of the hearing on the motion. Movant requests the Clerk of the JPML to set this
6   motion for hearing. Rule 7.4 (c).

7                                               I.

8                   **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

9   This is an action for wrongful death brought by the heirs of Thomas Olschewske as a
10  result of Thomas Olschewske's exposure to asbestos. Mr. Olschewske was stricken with
11  asbestosis and asbestos-related pleural disease, severe diseases of the lungs that are associated
12  with the inhalation of asbestos fibers. A First Amended Complaint was filed on June 15, 2009
13  in the Superior Court for the State of California, County of San Francisco.

14  Defendant Rockwell Automation, Inc. ("Rockwell") filed its Notice of Removal on
15  April 22, 2010. Its alleged ground for removal as stated in the Notice is that defendant
16  Rockwell was acting under the direction of an officer of the United States within the meaning of
17  28 U.S.C. sec. 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state
18  court claims. Plaintiffs has filed their Motion to remand to the San Francisco County Superior
19  Court based upon lack of subject matter jurisdiction.

20  The Conditional Order filed herein transferred this case to the MDL-875 in the United
21  States District Court for the Eastern District of Pennsylvania.

22  Plaintiffs move this Panel to vacate the Conditional Order in furtherance of justice, and
23  to defer to the United States District Court for the Northern District of California or the
24  Superior Court for the State of California, County of San Francisco to move the case speedily
25  along to trial. Conditional Transfer Order 336 potentially transfers this case to the MDL-875 in
26  the United States District Court for the Eastern District of Pennsylvania.

27  Plaintiffs, therefore, move this Panel to vacate the Conditional Order in furtherance of
28  justice, and to defer to the United States District Court for the Northern District of California or

1   the California Superior Court to move the case speedily along to trial. Justice and fairness

2   demand that the delay occasioned by Rockwell's action be ameliorated by the setting of an

3   prompt date for trial, which requires that the matter remain in the Northern District of

4   California, or be remanded to San Francisco County Superior Court. Moreover, the United

5   States District Courts lack subject matter jurisdiction over this case.

6                                                    II.

7                                          **ARGUMENT**

8         Title 28, United States Code, section 1407(a) allows for the transfer of a civil action

9   "involving one or more common questions of fact" only if the Panel determines that a transfer

10  "will be for the convenience of parties and witnesses and will promote the just and efficient

11  conduct of such actions." Plaintiffs submit that this case does not meet these requirements.

12  Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather

13  than enhance the progress of this case.

14  **A.   THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND THIS
    CASE SHOULD BE REMANDED TO THE STATE COURT.**

15

16        As set forth above, defendant Rockwell filed its Notice of Removal alleging defendant

17  was acting under the direction of an officer of the United States within the meaning of 28

18  U.S.C. sec. 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state

19  court claims. Defendant does not contest that Mr. Olschewske was exposed to asbestos-

20  containing products it manufactured for use by the Navy.

21        Removal pursuant to 28 U.S.C. sec. 1442(a)(1) is inappropriate in that the moving party

22  cannot demonstrate that it acted under the direction of a federal officer, cannot raise a colorable

23  federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between plaintiff's

24  claims and the acts it alleges it performed under color of federal office.

25        Removal is also inappropriate in that the Rockwell cannot demonstrate that the United

26  States approved reasonably precise specifications that actually specified the use of asbestos in a

27  product, that absent the specifications, would not have contained asbestos.

28  ///

1    Moreover, Rockwell cannot demonstrate that its products are not available in the same
2  or substantially similar form to commercial users.  Rockwell fails to meet its burden under *In re*
3  *Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992) .

4    Removal was improper as a matter of law.  The United States District Courts do not
5  have jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. sec. 1442, and are
6  without subject-matter jurisdiction to hear the case.  Plaintiff's Motion to Remand, pending
7  before the District Court for the Northern District of California, should be granted and the case
8  remanded in its entirety to the California Superior Court for the County of San Francisco.

9  **B.    THIS CASE DOES NOT SHARE COMMON FACTUAL ISSUES
       WITH OTHER MDL CASES**
10

11   Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common
12  facts present.  *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*
13  *1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976).  Implicit in this consideration is the
14  requirement that the common facts be more than minimal.  *In re Boeing Co. Employment*
15  *Practices Litigation*, 293 F. Supp.2d 1382 (J.P.M.L. 2003).   A mere showing of common
16  questions of fact is not sufficient alone to merit transfer.  *In re Truck Accident Near Almagordo,*
17  *New Mexico on June 18, 1969*, 387 F.Supp. 732, 733 (J.P.M.L.1975).

18   Because this  case is dissimilar from the multi-party asbestos suits in MDL 875 it should
19  remain in California.  The mere presence of some common factual issues does not automatically
20  require transfer, even in asbestos exposure and personal injury actions involving scientific
21  causation issues.  While this case shares with all MDL 875 cases the common material, asbestos
22  fibers, it is wholly different in its simplicity and limited scope.

23   The facts in dispute in this matter (other than the generic fact of asbestos exposure) are
24  entirely unique to decedent's work history and identification of the products with which he, in
25  particular, worked. The evidence that will be presented in this case is essentially applicable to
26  these plaintiffs only, and will be of little possible benefit to the parties in MDL 875.

27  ///
28  ///

1   **C.    TRANSFER WILL IMMENSELY INCONVENIENCE
2          PARTIES AND WITNESSES**

3          In its Order creating MDL 875, the Panel explained that since section 1407 transfer is

4   "primarily for pretrial, there is usually no need for the parties and witnesses to travel to

5   [Pennsylvania] for depositions or otherwise". *In re Asbestos Products Liability Litigation* (No.

6   VI), 771 F.Supp. 415, 422 (J.P.M.L. 1991).

7          Movants respectfully submit, however, that effective practice before the Eastern District

8   of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in

9   chambers and court hearings.  Travel to Philadelphia will require expensive air fares and

10  lodging for parties and, their attorneys.  There is little benefit, and thus little convenience, to

11  adding the present case to a massive number of cases in the Pennsylvania proceedings.  *In re*

12  *Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F.Supp. 1295 (J.P.M.L.

13  1977).  This places a heavy and entirely unnecessary burden on plaintiffs.

14  **D.    TRANSFER WILL BE UNJUST AND INEFFICIENT.**

15         In reaching its decision to transfer, in addition to the convenience of the parties and

16  witnesses, the Panel should consider whether transfer will promote the just and efficient

17  conduct of the action in question.  See *In re Patenaude*, 210 F.3d 135, 142 (3rd Circuit 2000).

18  That is the most important factor in determining whether consolidation of a tag along case is

19  appropriate.  *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F.Supp.2d 7-8 (D.D.C.

20  1999).  The term "efficiency" in this context usually refers to conserving judicial resources.

21  17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

22         Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;

23  (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and

24  judiciary.  *In re Computervision Corp. Sec. Litig.*, 814 F.Supp. 85, 65-86 (J.P.M.L. 1993).  See

25  generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F.Supp. 244, 254-255

26  (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in

27  transfers for coordinated or consolidated pretrial.  Considerable time and trouble are in the sheer

28  mechanics of transferring and remanding.  After transfer, the process of segregating the pretrial

1  matters which should be remanded for handling by the transferor courts may be time-
2  consuming, as well as subject to reasonable disagreement. The basic question before the Panel
3  in each proceeding looking to coordinated or consolidated pretrial is, then, whether the
4  objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer
5  and remand.")

6        Consolidation of this case with MDL 875 will not serve any of these aims. This case is
7  dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy,
8  multi-plaintiff/multi-defendant cases for which MDL was created. The present proceedings can
9  be most efficiently handled by the California Superior Court in San Francisco or in the Federal
10 District Court for the Northern District of California where the trial will take place.

11       The parties will not benefit from the MDL 875's focus on common asbestos defendants.
12 It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against
13 common asbestos product manufactures) which was the context in which MDL 875 was created
14 to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the
15 resources of the parties, their counsel, and the judiciary. This case is a straightforward
16 wrongful death action, one that the state court and the parties would be able to move relatively
17 rapidly to trial.

18       In light of these events, Movants respectfully submit that transfer to MDL-875 would
19 be inconvenient to the parties and witnesses, and more likely to obstruct rather than promote the
20 just and efficient conduct of this case. Transfer will serve only to delay the matter, while
21 increasing the judicial workload of the Pennsylvania court, and accomplishing no effective
22 progress in the action.

23                              **CONCLUSION**

24       Transfer will serve neither the convenience of the parties nor the just and efficient
25 conduct of ths case. It is not suitable for transfer to the MDL and no party will be prejudiced by
26 vacating the Conditional Transfer Order. Most importantly, the United States District Courts
27 lack federal subject matter jurisdiction.

28 ///

1        For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer

2   Order 336 as to Movants.

3

4   DATED: June 23, 2010                      BRAYTON ❖ PURCELL LLP

5

6                                              /s/ Richard M. Grant
                                              Richard M. Grant
7                                             222 Rush Landing Road
                                              Novato, California 94945
8                                             Attorneys for Plaintiffs
                                              Telephone: (415) 898-1555
9                                             rgrant@braytonlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
CONDITIONAL TRANSFER ORDER 336 AND BRIEF IN SUPPORT OF MOTION; MDL 875,  CTO-336

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 23, 2010

FILED
CLERK'S OFFICE

1  ASBESTOS MDL 875 - Re: CTO 336
   *LINDA OLSCHEWSKE, v. Asbestos Defs, et al.*, CAN 3:10-1729
2

3

4                        CERTIFICATE OF SERVICE

5

6          I hereby certify that I electronically filed the following with the Clerk of the Court for
   the United States District Court by emailing to JPMLeFILE@jpml.uscourts.gov on
7  June 23, 2010.

8       **MOTION TO VACATE  - CONDITIONAL TRANSFER ORDER- 336**

9
          I further certify that on June 23, 2010, I mailed the foregoing document(s) by First-Class
10 Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery
   within 3 calendar days to the following participants and:
11

   **Archer Norris**                    **Armstrong & Associates, LLP**      **Bassi, Edlin, Huie & Blum LLP**
12 P.O. Box 8035                         One Kaiser Plaza, Suite 625          351 California Street, Suite 200
   2033 N. Main Street, Suite 800        Oakland, CA 94612                    San Francisco, CA 94104
13 Walnut Creek, CA 94596                510-433-1830   510-433-1836 (fax)    415-397-9006   415-397-1339 (fax)
   925-930-6600   925-930-6620 (fax)     **Defendants:**                      **Defendants:**
14 **Defendants:**                          Crown Cork & Seal Company, Inc.      Hopeman Brothers, Inc. (HOPE)
      Graybar Electric Company, Inc.     (CC&S)                               J.T. Thorpe & Son, Inc. (THORPE)
15 (GRAYBR)                                                                   Parker-Hannifin Corporation
                                                                             (PARKHF)
16

17 **Berry & Berry**                     Anne Brauer, Esq.                    **Howard Rome Martin & Ridley**
   P.O. Box 16070                        **Cooley, Manion, Jones, Hake, &**   1775 Woodside Road, Suite 200
18 2930 Lakeshore Avenue                 **Kurowski LLP**                     Redwood City, CA 94061
   Oakland, CA 94610                     201 Spear Street, Suite 1800         650-365-7715   650-364-5297 (fax)
19 510-835-8330   510-835-5117 (fax)     San Francisco, CA 94105              **Defendants:**
   **Defendants:**                       415-512-4381   415-512-6791 (fax)       Eaton Corporation (EATON)
20    Berry & Berry (B&B)                **Defendants:**
                                            A.W. Chesterton Company
21                                       (CHESTR)

22

23 **K & L Gates LLP**                   **Pond North, LLP**                  **Prindle, Amaro, Goetz, Hillyard,**
   Four Embarcadero Center, Suite 1200   350 South Grand Avenue, Suite 3300   **Barnes & Reinholtz LLP.**
24 San Francisco, CA 94111               Los Angeles, CA 90071                One California Street, Suite 1910
   415-882-8200   415-882-8220 (fax)     213-617-6170   213-623-3594 (fax)    San Francisco, CA 94111
25 **Defendants:**                       **Defendants:**                      415-788-8354   415-788-3625 (fax)
      Crane Co. (CRANCO)                    CBS Corporation (fka Viacom Inc.,  **Defendants:**
26    Schneider Electric USA, Inc. (fka   fka Westinghouse Electric              ITT Industries, Inc. (ITTIND)
   Square D Company) (SQUARE)            Corporation) (VIACOM)

27

28

   K:\Injured\110617\FED\MTN-vacate.wpd                    1
   PLAINTIFFS MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
   CONDITIONAL TRANSFER ORDER 336 AND BRIEFIN SUPPORT OF MOTION; MDL 875, CTO-336

| | | |
|---|---|---|
| **Sedgwick, Detert, Moran & Arnold** | **Steptoe & Johnson LLP** | **Stevens, Drummond & Gifford** |
| One Market Plaza | 633 West Fifth St., 7th Floor | 1910 Olympic Blvd., Suite 250 |
| Steuart Tower, 8th Floor | Los Angeles, CA 90071 | Walnut Creek, CA 94596 |
| San Francisco, CA 94105 | 213-439-9400   213-439-9599 (fax) | 925-944-5550   925-256-9669 (fax) |
| 415-781-7900   415-781-2635 (fax) | **Defendants:** | **Defendants:** |
| **Defendants:** | Metropolitan Life Insurance | Cooper Industries, LLC ( fka Cooper |
| General Electric Company (GE) | Company (MET) | Industries, Inc.) (COOPIN) |

| | |
|---|---|
| **Tucker Ellis & West LLP** | **Walsworth, Franklin, Bevins &** |
| 135 Main Street, Suite 700 | **McCall** |
| San Francisco, CA 94105 | 601 Montgomery Street, 9th Floor |
| 415-617-2400   415-617-2409 (fax) | San Francisco, CA 94111 |
| **Defendants:** | 415-781-7072   415-391-6258 (fax) |
| Rockwell Automation, Inc. | **Defendants:** |
| (ROCAUT) | Quintec Industries, Inc. (QUINTC) |
| | Thomas Dee Engineering Company |
| | (DEE) |

and       TO ALL PARTIES ON THE ATTACHED SERVICE LISTS

Dated this 23rd day of June, 2010.

/s/ Jane Ehni

K:\Injured\110617\FED\MTN-vacate.wpd

PLAINTIFFS MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
CONDITIONAL TRANSFER ORDER 336 AND BRIEF IN SUPPORT OF MOTION; MDL 875, CTO-336

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

1   ASBESTOS MDL 875 - Re: CTO 336                              Jun 23, 2010
    *LINDA OLSCHEWSKE, v. Asbestos Defs, et al.*, CAN 3:10-1729

2                                                               FILED
                                                          CLERK'S OFFICE
3

4                    CERTIFICATE OF SERVICE

5

6        I hereby certify that I electronically filed the following with the Clerk of the Court for
7   the United States District Court by emailing to JPMLeFILE@jpml.uscourts.gov on
    June 23, 2010.

8        **MOTION TO VACATE  - CONDITIONAL TRANSFER ORDER- 336**

9

10       I further certify that on June 23, 2010, I mailed the foregoing document(s) by First-Class
    Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery
11  within 3 calendar days to the following participants and:

12  **Archer Norris**              **Armstrong & Associates, LLP**    **Bassi, Edlin, Huie & Blum LLP**
    P.O. Box 8035                  One Kaiser Plaza, Suite 625        351 California Street, Suite 200
13  2033 N. Main Street, Suite 800 Oakland, CA  94612                San Francisco, CA  94104
    Walnut Creek, CA 94596         510-433-1830   510-433-1836 (fax) 415-397-9006   415-397-1339 (fax)
14  925-930-6600   925-930-6620 (fax) **Defendants:**               **Defendants:**
    **Defendants:**                  Crown Cork & Seal Company, Inc.   Hopeman Brothers, Inc. (HOPE)
      Graybar Electric Company, Inc. (CC&S)                           J.T. Thorpe & Son, Inc. (THORPE)
15  (GRAYBR)                                                          Parker-Hannifin Corporation
                                                                      (PARKHF)
16

17  **Berry & Berry**             Anne Brauer, Esq.                  **Howard Rome Martin & Ridley**
    P.O. Box 16070                **Cooley, Manion, Jones, Hake, &** 1775 Woodside Road, Suite 200
18  2930 Lakeshore Avenue         **Kurowski LLP**                   Redwood City, CA  94061
    Oakland, CA  94610            201 Spear Street, Suite 1800       650-365-7715   650-364-5297 (fax)
19  510-835-8330   510-835-5117 (fax) San Francisco, CA  94105       **Defendants:**
    **Defendants:**               415-512-4381   415-512-6791 (fax)    Eaton Corporation (EATON)
20    Berry & Berry (B&B)         **Defendants:**
                                    A.W. Chesterton Company
21                                (CHESTR)

22

23  **K & L Gates LLP**           **Pond North, LLP**                **Prindle, Amaro, Goetz, Hillyard,**
    Four Embarcadero Center, Suite 1200  350 South Grand Avenue, Suite 3300  **Barnes & Reinholtz LLP.**
24  San Francisco, CA  94111      Los Angeles, CA  90071             One California Street, Suite 1910
    415-882-8200   415-882-8220 (fax)  213-617-6170   213-623-3594 (fax)  San Francisco, CA  94111
25  **Defendants:**               **Defendants:**                    415-788-8354   415-788-3625 (fax)
      Crane Co. (CRANCO)            CBS Corporation (fka Viacom Inc., **Defendants:**
      Schneider Electric USA, Inc. (fka  fka Westinghouse Electric     ITT Industries, Inc. (ITTIND)
26  Square D Company) (SQUARE)    Corporation) (VIACOM)

27

28

K:\Injured\110617\FED\MTN-vacate.wpd                    1
PLAINTIFFS MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
CONDITIONAL TRANSFER ORDER 336 AND BRIEF IN SUPPORT OF MOTION; MDL 875, CTO-336

| | |
|---|---|

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA  94105
415-781-7900    415-781-2635 (fax)
**Defendants:**
  General Electric Company (GE)

**Steptoe & Johnson LLP**
633 West Fifth St., 7th Floor
Los Angeles, CA  90071
213-439-9400    213-439-9599 (fax)
**Defendants:**
  Metropolitan Life Insurance
Company (MET)

**Stevens, Drummond & Gifford**
1910 Olympic Blvd., Suite 250
Walnut Creek, CA  94596
925-944-5550    925-256-9669 (fax)
**Defendants:**
  Cooper Industries, LLC ( fka Cooper
Industries, Inc.) (COOPIN)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA  94105
415-617-2400    415-617-2409 (fax)
**Defendants:**
  Rockwell Automation, Inc.
(ROCAUT)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA  94111
415-781-7072    415-391-6258 (fax)
**Defendants:**
  Quintec Industries, Inc. (QUINTC)
  Thomas Dee Engineering Company
(DEE)

and      TO ALL PARTIES ON THE ATTACHED SERVICE LISTS

Dated this 23rd day of June, 2010.

/s/ Jane Ehni

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

### PANEL SERVICE LIST (Excerpted from CTO-336)

Linda Olschewske, et al. v. Asbestos Defendants, et al., N.D. California,
C.A. No. 3:10-1729 (Judge Samuel Conti)
Dale Powers v. Allis Chalmer Corp. Product Liability Trust, et al., N.D. California,
C.A. No. 4:10-1921 (Judge Claudia Wilken)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
**mjolley@lawpga.com**

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
**jwblack@wardblacklaw.com**

Anthony Michael Blalock
COOLEY MANION JONES HAKE
KUROWSKI LLP
201 Spear Street, 18th Floor
San Francisco, CA 94105
**ablalock@cmjhklaw.com**

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219
**rbudd@baronbudd.com**

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415
**jcooney@cooneyconway.com**

Naomi Fribourg
HOWARD ROME MARTIN & RIDLEY LLP
1775 Woodside Road, Suite 200
Redwood, CA 94061
**nfribourg@hrmrlaw.com**

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
Novato, CA 94948-6169
**rgrant@braytonlaw.com**

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
**kjamison@pondnorth.com**

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
**kevin.jordan@bakerbotts.com**

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
**pkalish@crowell.com**

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ
ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607
**skazan@kazanlaw.com**

MDL No. 875 - Panel Service List (Excerpted from CTO-336) (Continued)

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204
**kraus@waterskraus.com**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
**DLandin@Hunton.com**

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
**attylane@bellsouth.net**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
**wmahoney@smsm.com**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038
**rcmalaby@mblaw.net**

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103
**jmcshea@mcshea-tecce.com**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105
**pmcweeny@schiffhardin.com**

Evan Craig Nelson
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105
**evan.nelson@tuckerellis.com**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111
**tpacker@gordonrees.com**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464
**jrice@motleyrice.com**

Shawn Michael Ridley
HOWARD ROME MARTIN &
RIDLEY LLP
1775 Woodside Road
#200
Redwood City, CA 94061-3436
**sridley@hrmrlaw.com**

John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
**john.son@tuckerellis.com**

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110
**mthornton@tenlaw.com**

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY LLP
P.O. Box 22608
Jackson, MS 39225-2608
**wwatkins@fpwk.com**