Case MDL No. 875 Document 6220 Filed 06/23/10 Page 1 of 10

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 23, 2010

FILED
CLERK'S OFFICE

ALAN R. BRAYTON, ESQ., S.B. #73685
RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON✢PURCELL LLP
ATTORNEYS AT LAW
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
Tel: 415-898-1555
Fax: 415-898-1247

Attorneys for Plaintiff

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION,

DALE POWERS,

    Plaintiff,

v.

ALLIS CHALMER CORP. PRODUCT LIABILITY TRUST, et al.,

    Defendants.

MDL 875, CTO-336

USDC-Northern California,
Case no. 4:10-1921

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 336 AND BRIEF IN SUPPORT OF MOTION**

    DALE POWERS,("Movant" or "Plaintiff") by and through his counsel of record files this consolidated Motion and Brief to Vacate Conditional Transfer Order 336 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel").

    Movant respectfully moves the Panel pursuant to JPML Rule 7.4 (c) to vacate its order conditionally transferring the above entitled and numbered case to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the brief in support which is made a part of this filing, and such other materials as may be presented to the JPML at the time of the hearing on the motion. Movant requests the Clerk of the JPML to set this motion for hearing. Rule 7.4 (c).

I.

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

This is an action for injuries suffered by plaintiff Dale Powers as a result of exposure to asbestos. Mr. Powers is stricken with asbestosis and asbestos-related pleural disease, severe diseases of the lungs that are associated with the inhalation of asbestos fibers. The Complaint was filed on May 6, 2009 in the Superior Court for the State of California, County of San Francisco.

Defendant Rockwell Automation, Inc. ("Rockwell") filed its Notice of Removal on May 4, 2010. Its alleged ground for removal as stated in the Notice is that defendant Rockwell was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Plaintiffs has filed their Motion to remand to the San Francisco County Superior Court based upon lack of subject matter jurisdiction.

The Conditional Order filed herein transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff moves this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United States District Court for the Northern District of California or the Superior Court for the State of California, County of San Francisco to move the case speedily along to trial. Conditional Transfer Order 336 potentially transfers this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff, therefore, moves this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United States District Court for the Northern District of California or the California Superior Court to move the case speedily along to trial. Justice and fairness demand that the delay occasioned by Rockwell's action be ameliorated by the setting of an prompt date for trial, which requires that the matter remain in the Northern District of California, or be remanded to San Francisco County Superior Court. Moreover, the United States District Courts lack subject matter jurisdiction over this case.

///

II.

**ARGUMENT**

Title 28, United States Code, section 1407(a) allows for the transfer of a civil action "involving one or more common questions of fact" only if the Panel determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Plaintiff submits that this case does not meet these requirements. Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than enhance the progress of this case.

A.   **THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND THIS CASE SHOULD BE REMANDED TO THE STATE COURT.**

As set forth above, defendant Rockwell filed its Notice of Removal alleging defendant was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec. 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Defendant does not contest that Mr. Powers was exposed to asbestos-containing products it manufactured.

Removal pursuant to 28 U.S.C. sec. 1442(a)(1) is inappropriate in that the moving party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a colorable federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between plaintiff's claims and the acts it alleges it performed under color of federal office.

Removal is also inappropriate in that the Rockwell cannot demonstrate that the United States approved reasonably precise specifications that actually specified the use of asbestos in a product, that absent the specifications, would not have contained asbestos.

Moreover, Rockwell cannot demonstrate that its products are not available in the same or substantially similar form to commercial users. Rockwell fails to meet its burden under *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992).

Removal was improper as a matter of law. The United States District Courts do not have jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. sec. 1442, and are without subject-matter jurisdiction to hear the case. Plaintiff's Motion to Remand, pending

before the District Court for the Northern District of California, should be granted and the case remanded in its entirety to the California Superior Court for the County of San Francisco.

**B. THIS CASE DOES NOT SHARE COMMON FACTUAL ISSUES WITH OTHER MDL CASES**

Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3, 1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. *In re Boeing Co. Employment Practices Litigation*, 293 F. Supp.2d 1382 (J.P.M.L. 2003). A mere showing of common questions of fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo, New Mexico on June 18, 1969*, 387 F.Supp. 732, 733 (J.P.M.L.1975).

Because this case is dissimilar from the multi-party asbestos suits in MDL 875 it should remain in California. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL 875 cases the common material, asbestos fibers, it is wholly different in its simplicity and limited scope.

The facts in dispute in this matter (other than the generic fact of asbestos exposure) are entirely unique to decedent's work history and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is essentially applicable to these plaintiffs only, and will be of little possible benefit to the parties in MDL 875.

**C. TRANSFER WILL IMMENSELY INCONVENIENCE PARTIES AND WITNESSES**

In its Order creating MDL 875, the Panel explained that since section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise". *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415, 422 (J.P.M.L. 1991).

Movant respectfully submits, however, that effective practice before the Eastern District of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in

1 chambers and court hearings. Travel to Philadelphia will require expensive air fares and
2 lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to
3 adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re*
4 *Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F.Supp. 1295 (J.P.M.L.
5 1977). This places a heavy and entirely unnecessary burden on plaintiffs.

6 **D.     TRANSFER WILL BE UNJUST AND INEFFICIENT.**

7 In reaching its decision to transfer, in addition to the convenience of the parties and
8 witnesses, the Panel should consider whether transfer will promote the just and efficient
9 conduct of the action in question. See *In re Patenaude*, 210 F.3d 135, 142 (3rd Circuit 2000).
10 That is the most important factor in determining whether consolidation of a tag along case is
11 appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F.Supp.2d 7-8 (D.D.C.
12 1999). The term "efficiency" in this context usually refers to conserving judicial resources.
13 17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

14 Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;
15 (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and
16 judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F.Supp. 85, 65-86 (J.P.M.L. 1993). See
17 generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F.Supp. 244, 254-255
18 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in
19 transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer
20 mechanics of transferring and remanding. After transfer, the process of segregating the pretrial
21 matters which should be remanded for handling by the transferor courts may be time-
22 consuming, as well as subject to reasonable disagreement. The basic question before the Panel
23 in each proceeding looking to coordinated or consolidated pretrial is, then, whether the
24 objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer
25 and remand.")

26 Consolidation of this case with MDL 875 will not serve any of these aims. This case is
27 dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy,
28 multi-plaintiff/multi-defendant cases for which MDL was created. The present proceedings can

1 | be most efficiently handled by the California Superior Court in San Francisco or in the Federal
2 | District Court for the Northern District of California where the trial will take place.

3 |     The parties will not benefit from the MDL 875's focus on common asbestos defendants.
4 | It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against
5 | common asbestos product manufactures) which was the context in which MDL 875 was created
6 | to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the
7 | resources of the parties, their counsel, and the judiciary.  This case is a straightforward
8 | wrongful death action, one that the state court and the parties would be able to move relatively
9 | rapidly to trial.

10 |     In light of these events, Movant respectfully submits that transfer to MDL-875 would
11 | be inconvenient to the parties and witnesses, and more likely to obstruct rather than promote the
12 | just and efficient conduct of this case.  Transfer will serve only to delay the matter, while
13 | increasing the judicial workload of the Pennsylvania court, and accomplishing no effective
14 | progress in the action.

## CONCLUSION

16 |     Transfer will serve neither the convenience of the parties nor the just and efficient
17 | conduct of ths case.  It is not suitable for transfer to the MDL and no party will be prejudiced by
18 | vacating the Conditional Transfer Order. Most importantly, the United States District Courts
19 | lack federal subject matter jurisdiction.

20 |     For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer
21 | Order 336 as to Movant.

23 | DATED: June 23, 2010                              BRAYTON ❖ PURCELL LLP

/s/ Richard M. Grant
Richard M. Grant
222 Rush Landing Road
Novato, California 94945
Attorneys for Plaintiffs
Telephone: (415) 898-1555
rgrant@braytonlaw.com

K:\Injured\110262\FED\MTN-vacate.wpd        6
PLAINTIFFS MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
CONDITIONAL TRANSFER ORDER 336 AND BRIEF IN SUPPORT OF MOTION; MDL 875, CTO-336

Case MDL No. 875   Document 6220   Filed 06/23/10   Page 7 of 10

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 23, 2010

FILED
CLERK'S OFFICE

1  ASBESTOS MDL 875 - Re: CTO 336
2  *DALE POWERS v. Allis Chalmer Corp Prod. Liab. Trust, et al.*, CAN 4:10-1921

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the following with the Clerk of the Court for the United States District Court by emailing to JPMLeFILE@jpml.uscourts.gov on June 23, 2010.

### MOTION TO VACATE - CONDITIONAL TRANSFER ORDER- 336

I further certify that on June 23, 2010, I mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following participants:

| | | |
|---|---|---|
| One Kaiser Plaza, Suite 625<br>Oakland, CA 94612<br>510-433-1830   510-433-1836 (fax)<br>**Defendants:**<br>  Crown Cork & Seal Company, Inc.<br>(CC&S) | **Bassi, Edlin, Huie & Blum LLP**<br>351 California Street, Suite 200<br>San Francisco, CA 94104<br>415-397-9006   415-397-1339 (fax)<br>**Defendants:**<br>  J.T. Thorpe & Son, Inc. (THORPE)<br>  Parker-Hannifin Corporation<br>(PARKHF) | **Berry & Berry**<br>P.O. Box 16070<br>2930 Lakeshore Avenue<br>Oakland, CA 94610<br>510-835-8330   510-835-5117 (fax)<br>**Defendants:**<br>  Berry & Berry (B&B) |
| **Hassard Bonnington LLP**<br>Two Embarcadero Center<br>Suite 1800<br>San Francisco, CA 94111<br>415-288-9800   415-288-9802 (fax)<br>**Defendants:**<br>  Honeywell International, Inc.<br>(HONEYW) | **Howard Rome Martin & Ridley**<br>1775 Woodside Road, Suite 200<br>Redwood City, CA 94061<br>650-365-7715   650-364-5297 (fax)<br>**Defendants:**<br>  Eaton Corporation (EATON) | **K & L Gates LLP**<br>Four Embarcadero Center<br>Suite 1200<br>San Francisco, CA 94111<br>415-882-8200   415-882-8220 (fax)<br>**Defendants:**<br>  Schneider Electric USA, Inc. (fka Square D Company) (SQUARE) |
| **Morgan, Lewis & Bockius LLP**<br>One Market, Spear Tower<br>San Francisco, CA 94105<br>415-442-1000   415-442-1001 (fax)<br>**Defendants:**<br>  Yarway Corporation (YARWAY) | **Perkins Coie LLP**<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111<br>415-344-7000   415-344-7288 (fax)<br>**Defendants:**<br>  Honeywell International, Inc.<br>(HONEYW) | **Pond North, LLP**<br>350 South Grand Avenue<br>Suite 3300<br>Los Angeles, CA 90071<br>213-617-6170   213-623-3594 (fax)<br>**Defendants:**<br>  CBS Corporation (fka Viacom Inc., fka Westinghouse Electric Corporation) (VIACOM) |

///

| | | |
|---|---|---|
| **Schiff Hardin LLP** | **Sedgwick, Detert, Moran & Arnold** | **Selman Breitman LLP** |
| One Market Plaza | One Market Plaza | 33 New Montgomery |
| Spear Street Tower, 32nd Floor | Steuart Tower, 8th Floor | 6th floor |
| San Francisco, CA 94105 | San Francisco, CA 94105 | San Francisco, CA 94105 |
| 415-901-8700   415-901-8701 (fax) | 415-781-7900   415-781-2635 (fax) | 415-979-0400   415-979-2099 (fax) |
| Defendants: | Defendants: | Defendants: |
|   Owens-Illinois, Inc. (OI) |   General Electric Company (GE) |   Pep Boys Manny Moe & Jack of California, The (PEPBOY) |

| | |
|---|---|
| **Steptoe & Johnson LLP** | **Tucker Ellis & West LLP** |
| 633 West Fifth St., 7th Floor | 135 Main Street, Suite 700 |
| Los Angeles, CA 90071 | San Francisco, CA 94105 |
| 213-439-9400   213-439-9599 (fax) | 415-617-2400   415-617-2409 (fax) |
| Defendants: | Defendants: |
|   Metropolitan Life Insurance Company (MET) |   Rockwell Automation, Inc. (ROCAUT) |

and   TO ALL PARTIES ON THE ATTACHED SERVICE LISTS

Dated this 23rd day of June, 2010.

/s/ Jane Ehni

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)     MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-336)

Linda Olschewske, et al. v. Asbestos Defendants, et al., N.D. California,
C.A. No. 3:10-1729 (Judge Samuel Conti)
Dale Powers v. Allis Chalmer Corp. Product Liability Trust, et al., N.D. California,
C.A. No. 4:10-1921 (Judge Claudia Wilken)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
mjolley@lawpga.com

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
jwblack@wardblacklaw.com

Anthony Michael Blalock
COOLEY MANION JONES HAKE
KUROWSKI LLP
201 Spear Street, 18th Floor
San Francisco, CA 94105
ablalock@cmjhklaw.com

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219
rbudd@baronbudd.com

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415
jcooney@cooneyconway.com

Naomi Fribourg
HOWARD ROME MARTIN & RIDLEY LLP
1775 Woodside Road, Suite 200
Redwood, CA 94061
nfribourg@hrmrlaw.com

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
Novato, CA 94948-6169
rgrant@braytonlaw.com

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
kjamison@pondnorth.com

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
kevin.jordan@bakerbotts.com

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
pkalish@crowell.com

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ
ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607
skazan@kazanlaw.com

MDL No. 875 - Panel Service List (Excerpted from-CTO-336) (Continued)

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204
kraus@waterskraus.com

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
DLandin@Hunton.com

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
attylane@bellsouth.net

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
wmahoney@smsm.com

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038
rcmalaby@mblaw.net

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103
jmcshea@mcshea-tecce.com

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105
pmcweeny@schiffhardin.com

Evan Craig Nelson
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105
evan.nelson@tuckerellis.com

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111
tpacker@gordonrees.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464
jrice@motleyrice.com

Shawn Michael Ridley
HOWARD ROME MARTIN &
RIDLEY LLP
1775 Woodside Road
#200
Redwood City, CA 94061-3436
sridley@hrmrlaw.com

John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
john.son@tuckerellis.com

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110
mthornton@tenlaw.com

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY LLP
P.O. Box 22608
Jackson, MS 39225-2608
wwatkins@fpwk.com