UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 29, 2010

FILED
CLERK'S OFFICE

LISA L. OBERG (BAR NO. 120139)
FELICIA Y. FENG (BAR NO. 184346)
MCKENNA LONG & ALDRIDGE LLP
101 California Street, 41st Floor
San Francisco, CA 94111
*Telephone:* (415) 267-4000
*Facsimile:* (415) 267-4198

Attorneys for Defendant
METALCLAD INSULATION CORPORATION

# UNITED STATES JUDICIAL PANEL
## ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875; CTO - 335<br><br>Case No. CV 10-01638 RS |
| HOMER MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASBESTOS DEFENDANTS (B*P) As Reflected on Exhibits B, B-1, C, H, I, J, N; and DOES 1-8500, *et al.*,<br><br>　　　　Defendants. | **DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 335** |

Defendant METALCLAD INSULATION CORPORATION (hereinafter "Metalclad") opposes Plaintiff's Motion to Vacate Conditional Transfer Order in the above-captioned action.

## I.
## INTRODUCTION

Plaintiff Homer Moore alleges that he was exposed to asbestos while working as a shipfitter from 1965 to 1971 and an insulator from 1971 to 1974 at Mare Island Naval Shipyard in Vallejo, California. On March 2, 2010, Plaintiff filed his Complaint for Personal Injury (Asbestos) in the Superior Court of California for the County of San Francisco. Pursuant to 28 U.S.C. §1442(a)(1), on April 16, 2010, Metalclad filed a Notice of Removal of the case to the United

States District Court for the Northern District of California. This case was properly removed under 28 U.S.C. § 1442(a)(1), as this is a civil action commenced in a State court against the United States or agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office. Metalclad has a federal defense to this action, *i.e.*, government contractor immunity from liabilities for injuries arising from any exposure to asbestos-containing thermal insulation from a shipment that it brokered that was used by the United States Navy on board four nuclear submarines at Mare Island Naval Shipyard.

On April 29, 2010, the Judicial Panel on Multidistrict Litigation ("the Panel"), issued a Conditional Transfer Order (CTO-331), conditionally transferring the action to the Eastern District of Pennsylvania. Thereafter, on or about May 27, 2010, Plaintiff filed a Motion to Vacate Conditional Transfer Order. Metalclad hereby opposes this motion.

## II.
## ARGUMENT

1. <u>Transfer of This Case Provides Commonality and Convenience</u>

After careful consideration of over 26,000 asbestos personal injury/wrongful death cases pending in 87 federal districts, and after extensive review of more than 180 responses to the Panel's order to show cause why all pending federal district court actions involving asbestos personal injury or wrongful death claims should not be centralized in a single forum under 18 U.S.C.A. section 1407, and after hearing exhaustive oral argument from 37 counsel, the Judicial Panel on Multidistrict Litigation held in 1991 that these asbestos personal injury/wrongful death actions should be transferred to the Eastern District of Pennsylvania because the "actions involved common questions of fact" and the "centralization of the actions would best serve the convenience of the parties and witnesses, and promote the just and efficient conduct of litigation." *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415, 417 (J.P.M.L. 1991).

Plaintiff wrongly contends that this case poses no issues that have commonality with other asbestos personal injury cases pending in the Eastern District of Pennsylvania. Plaintiff further claims that the transfer of this case will not serve the convenience of the parties because it would

be "adding this present case to a massive number of cases in the Pennsylvania proceedings." In reality, the multidistrict forum offers the broadly practical benefit of resolving common issues of wide impact posed by Plaintiff's claim against Metalclad. When civil actions involving one or more common questions of fact are pending in different districts, 28 U.S.C. §1407(a) provides that the Panel may transfer the actions to any district for consolidated trial proceedings. The Panel has authority to determine that a transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions. When the Panel issues a Conditional Transfer Order pursuant to Panel Rule 7.4, the transferred action is deemed to be a "tag-along" action to the group of actions previously transferred under §1407. *Panel Rule No. 1.* ("A 'tag-along' action refers to a civil action pending in a district court and involving common issues of act with actions previously transferred under Section 1407").

Despite Plaintiff's wishes for the contrary, this Panel has determined that asbestos litigation should be consolidated in order to serve the objectives set forth in the Multidistrict Litigation statutory scheme. *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415, 417 (J.P.M.L. 1991). Because of the number and complexity of cases alleging personal injury and/or wrongful death as a result of exposure to asbestos, the centralization of these actions under §1407 streamlines the pretrial proceedings and avoids the most objectionable aspects of asbestos litigation, including growing dockets in both federal and state courts, delays, lengthy trials, repetition of litigation and higher costs than recoveries, among others. *Id.* at 419, See also *Report of the Judicial Conference Ad Hoc Committee on Asbestos Litigation*, 1-3 (1991).

While Plaintiff argues otherwise, Plaintiff's claims, in fact, share common questions of fact and procedure and meet requirements to tag-along to MDL 875. As with the cases already transferred for pretrial proceedings as a part of MDL 875, Plaintiff's action will involve questions of products liability, negligence, state of the art, and current perspectives of asbestos and pulmonary medicine. Plaintiff seeks, in effect, an exception to the general pattern of transfer of asbestos litigation. However, many of the issues raised by Plaintiff's case are intertwined with issues posed in other asbestos cases. As Plaintiff is undoubtedly aware, the Panel has previously

declined to carve out exceptions to the principles reviewed in *In re Asbestos Products Liability Litigation*, 771 F.Supp. at 422.

> . . . [B]ecause many of the arguments of parties seeking exclusion from transfer are intertwined with the merits of their claims or defenses and affect the overall management of this litigation, we are unwilling, on the basis of the record presently before us, to carve out exceptions to transfer. We prefer instead to give the transferee court the opportunity to conduct a substantive review of such contentions and how they affect the whole proceedings.

Therefore, Plaintiff's action is an appropriate tag-along to MDL 875 as specified by the multidistrict statutory scheme and this case should be transferred to the Eastern District of Pennsylvania.

2. <u>Transfer of This Case is Justified</u>.

Consistent with the principles of tag-along review delineated above, the Panel, in the interest of convenience and efficiency, should transfer this action and allow the transferee court to resolve any "questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990), citing *In re Air Crash Disaster at Florida Everglades on* December 29, 1972, 368 F.Supp. 812, 813, n.1 (J.P.M.L. 1973). The *Ivy* court noted that the jurisdictional issue in question here, involving common issues of law and fact, was capable of arising in hundreds or thousands of cases to be resolved by a single court - the transferee court. Thus, the court decided that a single decision by the transferee court would serve consistency as well as economy.

As Plaintiff is aware, this case is in its early stages. No trial date has been assigned for this case and Plaintiff's deposition has not yet been taken. There is no evidence that a transfer of this case will serve to "delay the matter" and accomplish "no effective progress in the action." In the instant case, the transferee court is best suited to make determinations as to the substantive jurisdictional questions raised by Plaintiff. If Plaintiff's case is transferred as a tag-along, not only will economy and convenience be served in regard to the merits of this particular action, but the substantive jurisdictional issues can also be resolved in a single court with a decision carrying precedential authority for other federal asbestos cases.

## III. CONCLUSION

Based upon the foregoing, Plaintiff's Motion to Vacate the Conditional Transfer Order should be denied. The Panel should issue a Transfer Order transferring this action to the Eastern District of Pennsylvania as a tag-along action to MDL-875.

Dated: June 28, 2010

MCKENNA LONG & ALDRIDGE LLP

By: _____
LISA L. OBERG
FELICIA Y. FENG

Attorneys for Defendant
METALCLAD INSULATION CORPORATION

SF:27430320.1

<u>Homer Moore v. Asbestos Defendants, et al.</u>
MDL 875, CTO-335 (Northern California 3:10-cv-01638 RS)

## CERTIFICATE OF SERVICE

I, Kristina E. Chung, certify I am a citizen of the United States and employed by McKenna Long & Aldridge LLP in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action.

On June 28, 2010, I certify that I emailed the Clerk of the Judicial Panel on Multidistrict Litigation (JPMLefile@jpml.uscourts.gov) a true and correct copy of the within document(s):

**DEFENDANT METALCLAD INSULATION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 335**

I further certify that I have mailed the foregoing document(s) via First-Class Mail, by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

| | | |
|---|---|---|
| Armstrong and Associates<br>One Kaiser Plaza, Suite 625<br>Oakland, CA 94612 | Bassi, Martini, Edlin & Blum<br>351 California Street, #200<br>San Francisco, CA 94104 | Berry & Berry<br>P.O. Box 16070<br>Oakland, CA 94610 |
| Brayton Purcell<br>222 Rush Landing Road<br>P.O. Box 6169<br>Novato, CA 94948-6169 | Gordon & Rees<br>Embarcadero Center West<br>275 Battery St., Twentieth Fl.<br>San Francisco, CA 94111 | Glaspy & Glaspy<br>One Walnut Creek Center<br>100 Pringle Ave., Suite 750<br>Walnut Creek, CA 94596 |
| Pond North LLP<br>350 South Grand Avenue,<br>Suite 3300<br>Los Angeles, CA 90071 | Schiff Hardin<br>One Market Plaza<br>Spear Street Tower, 32nd Fl.<br>San Francisco, CA 94104 | Steptoe & Johnson<br>633 West Fifth Street, #700<br>Los Angeles, CA 90071 |
| Walsworth, Franklin, Bevins<br>601 Montgomery St., 9th Fl.<br>San Francisco, CA 94111 | | |

**AND TO ALL PARTIES ATTACHED ON THE PANEL SERVICE LIST (EXCERPTED FROM CTO-335), VIA FIRST-CLASS MAIL**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 28, 2010, at San Francisco, California.

*Kristina E. Chung*
KRISTINA E. CHUNG

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)  MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-335)**

Homer Moore v. Asbestos Defendants, et al., N.D. California, C.A. No. 3:10-1638
(Judge Richard G. Seeborg)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201
mjolley@lawpga.com

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
jwblack@wardblacklaw.com

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219
rbudd@baronbudd.com

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415
jcooney@cooneyconway.com

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
rgrant@braytonlaw.com

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
kjamison@pondnorth.com

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
kevin.jordan@bakerbotts.com

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
pkalish@crowell.com

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607
skazan@kazanlaw.com

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204
kraus@waterskraus.com

MDL No. 875 - Panel Service List (CTO-335) (Continued)

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074
DLandin@Hunton.com

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
attylane@bellsouth.net

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606
wmahoney@smsm.com

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038
rcmalaby@mblaw.net

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103
jmcshea@mcshea-tecce.com

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105
pmcweeny@schiffhardin.com

Lisa L. Oberg
MCKENNA LONG & ALDRIDGE LLP
101 California Street
41st. Floor
San Francisco, CA 94111
loberg@mckennalong.com

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111
tpacker@gordonrees.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464
jrice@motleyrice.com

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110
mthornton@tenlaw.com

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608
wwatkins@fpwk.com