Case MDL No. 875   Document 6234   Filed 07/16/10   Page :

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 16, 2010

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |
| DALE POWERS, <br><br> Plaintiff, <br> v. <br><br> ALLIS CHALMER CORP. PRODUCT LIABILITY TRUST, et al., <br><br> Defendants. | Transferor Court: <br> N.D. CAL. - C.A. NO.: 4:10-cv-01921-CW |

**DEFENDANT ROCKWELL AUTOMATION, INC.'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 336**

### Introduction

Plaintiff Dale Powers moves to vacate Conditional Transfer Order No. 336 on the grounds that: (1) there is no federal subject matter jurisdiction, (2) this case does not share common factual issues with other MDL cases, (3) transfer will inconvenience the parties and witnesses, and (4) transfer would be inefficient. Plaintiff's arguments, however, have repeatedly been rejected by this Panel, finding that the consolidation of cases such as this serve the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation. Accordingly, defendant Rockwell Automation, Inc. ("Rockwell") respectfully requests that the Panel deny plaintiff's motion to vacate the conditional transfer order.

### The Issue of Federal Subject Matter Jurisdiction is Not Before the Panel

Plaintiff's contention that this court lacks subject matter jurisdiction is not properly before this Panel. The only relevant issue in this motion is whether plaintiff's asbestos personal injury action involves common questions of fact with cases previously transferred to MDL-875. Rockwell properly removed this action based on federal officer removal jurisdiction and its government contractor defense, and jurisdiction may only be challenged through a motion for remand. Plaintiff has already filed a motion for remand in the Northern District of California,

which is fully briefed and set for hearing on August 15, 2010. Plaintiff's remand motion will almost certainly be heard and decided before the Panel sets a hearing session and issues its ruling on the conditional transfer order. Thus, "[t]here is no need to delay transfer to accommodate" plaintiffs' motion for remand. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 170 F.Supp.2d 1348, 1349, n. 1.

### Plaintiff Fails to Show That This Case Does Not Involve Common Questions of Fact with Actions Previously Transferred to the MDL

Plaintiff asserts, without any factual or legal basis, that his asbestos claims do not share common factual issues with other MDL cases. Plaintiff fails to articulate any basis for his argument that "this case is dissimilar from the multi-party asbestos suits in MDL 875 . . . ." Plaintiff's Motion to Vacate, p. 4, lines 12-13. In any event, in the Panel's original decision ordering centralization of all pending federal asbestos cases, distinctions based on the uniqueness of a party's status, lack of commonality among defendants and plaintiffs, individual questions of causation in each action, the presence of unique claims, etc., were already considered and rejected as grounds for carving out exceptions to transfer to the MDL. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 417-20 (J.P.M.L. 1991). The Panel determined that whatever minor distinctions may exist between potential tag-along actions and previously transferred cases were outweighed by the need for centralization in a single district of all pending federal personal injury and wrongful death asbestos actions. *Id.* at p. 420. Moreover, the Panel noted that the uniqueness of a party's claims or defenses, such that coordinated pretrial proceedings would not be proper, should be decided by the transferee court:

> [B]ecause many of the arguments of parties seeking exclusion from transfer are intertwined with the merits of their claims or defenses and affect the overall management of this litigation, we are unwilling, on the basis of the record presently before us, to carve out exceptions to transfer. We prefer instead to give the transferee court the opportunity to conduct a substantive review of such contentions and how they affect the whole proceedings. [¶] It may well be that on further refinement of the issues and close scrutiny by the **transferee** court, some claims or actions can be remanded in advance of the other actions in the transferee district. Should the transferee court deem remand of any claims or actions appropriate, the transferee court can communicate this to the Panel, and the Panel will accomplish remand with a minimum of delay.

*Id.* at 422.

Thus, plaintiff's argument that the Panel should carve out an exception to transfer based on the unidentified uniqueness of the his claims lacks merit.

### Transfer to the MDL Will Not Inconvenience the Parties or Witnesses

Plaintiff contends that transfer of this case to the Eastern District of Pennsylvania will "require expensive air fares and lodging for the parties and their attorneys," and be unjust and inefficient. Plaintiff's Motion to Vacate, p. 5, lines 1-2, p. 5, line 26 to p. 6, line 14.

In creating MDL No. 875, however, the Panel weighed the interests of all parties and looked at "multiple litigation as a whole in light of the purposes of the law" when it determined that centralization was necessary. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F.Supp. 415, 420 (J.P.M.L. 1991). The Panel was not unmindful of convenience concerns and noted that judicious use of resources would "eliminate the need for most counsel ever to travel to the transferee district." *Id.* at 422.

Indeed, the Panel has repeatedly found that the convenience of parties and witnesses was served by transferring the case to the MDL despite repeated attempts to vacate conditional transfer orders. *E.g., In re Asbestos Prods. Liab. Litig. (No. VI)*, 560 F.Supp.2d 1367, 1368 (J.P.M.L. 2008) (transferring cases from California, Florida, and Rhode Island); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 545 F.Supp.2d 1359, 1360 (J.P.M.L. 2008) (transferring cases from Connecticut, Illinois, Maryland, and New Jersey); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 170 F.Supp.2d 1348, 1348 (J.P.M.L. 2001) (transferring cases from Mississippi and Texas); *In re Asbestos Prods. Liab. Litig. (No. VI)*, Nos. 875, 3:01-540, 3:02-1627, & 1:00-1454, 2001 WL 1042562 (J.P.M.L. Aug. 29, 2001) (transferring cases from California and Illinois); *In re Asbestos Prods. Liab. Litig. (No. VI)*, Nos. 3:95-3705, 3:95-3709, 3:95-652, 3:95-1337, & 3:95-1543, 1996 WL 143826 (J.P.M.L. Feb. 16, 1996) (transferring cases from California, Louisiana, and Oregon). Despite the limited intrusion upon parties and counsel envisioned by the Panel creating MDL No. 875, a transferee court acts well within its discretion in tailoring pretrial proceedings for the convenience of the parties if and when the proceedings become unduly

burdensome. *In re East of the Rockies Concrete Pipe Antitrust Cases*, 302 F.Supp. 244 (J.P.M.L. 1969). Outright exclusion from the MDL, however, is unjustified.

## Conclusion

Vacating the conditional transfer order is unwarranted. Common questions of fact exist between plaintiff's asbestos-related personal injury case and those cases previously transferred to MDL No. 875. Nothing distinguishes this case from those actions previously transferred. As repeatedly determined by the Panel under conditions almost identical to those presented here, tag-along consolidation with MDL No. 875 serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation. For the foregoing reasons, Rockwell respectfully requests that the Panel deny Plaintiff's motion to vacate Conditional Transfer Order No. 336.

DATED: July 14, 2010

RESPECTFULLY SUBMITTED,

By: _____
John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Street
42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409
john.son@tuckerellis.com

Admitted *pro hac vice*

Attorneys for Defendant
**ROCKWELL AUTOMATION, INC.**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 16, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |
| DALE POWERS, Plaintiff, v. ALLIS CHALMER CORP. PRODUCT LIABILITY TRUST, et al., Defendants. | Transferor Court: N.D. CAL. - C.A. NO.: 4:10-cv-01921-CW |

## CERTIFICATE OF SERVICE

I, Monica Brandenberg, declare that I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071.

On July 14, 2010, I served a copy of the following documents on all parties contained in the attached service list and Panel Service List (excerpted from CTO-336) via first class mail:

1. Defendant Rockwell Automation, Inc.'s Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order No. 336;
2. Notice of Appearance on Behalf of Defendant Rockwell Automation, Inc; and
3. Defendant Rockwell Automation, Inc.'s Corporate Disclosure Statement Pursuant to Rule 5.3.

Executed on July 14, 2010, at Los Angeles, California.

*Monica Brandenberg*

# SERVICE LIST

| | |
|---|---|
| David Donadio, Esq.<br>Brayton Purcell LLP<br>222 Rush Landing Road<br>P.O. Box 6169<br>Novato, CA 94948-6169 | **Attorneys for Plaintiffs**<br><br>Tel: (415) 898-1555<br>Fax: (415) 898-1247 |
| Armstrong & Associates, LLP<br>One Kaiser Plaza, Suite 625<br>Oakland, CA 94612 | **Attorneys for Crown Cork & Seal Company, Inc.** |
| Bassi, Edlin, Huie & Blum LLP<br>351 California Steret, Suite 200<br>San Francisco, CA 94104 | **Attorneys for J.T. Thorpe & Son, Inc., Parker-Hannifin Corporation** |
| Berry & Berry<br>P.O. Box 16070<br>Oakland, CA 94610 | **Attorneys for Berry & Berry** |
| Gordon & Rees LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | **Attorneys for Ingersoll-Rand Company** |
| Howard Rome Martin & Ridley<br>1775 Woodside Road, Suite 200<br>Redwood City, CA 94061 | **Attorneys for Eaton Corporation** |
| K&L Gates LLP<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111 | **Attorneys for Schneider Electric USA, Inc. (fka Square D Company)** |
| Law Offices of Glaspy & Glaspy<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 750<br>Walnut Creek, CA 94596 | **Attorneys for Garlock Sealing Technologies, LLC** |
| Morgan, Lewis & Bockius LLP<br>One Market, Spear Tower<br>San Francisco, CA 94105 | **Attorneys for Yarway Corporation** |
| Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111 | **Attorneys for Honeywell, Inc.** |
| Pond North, LLP<br>350 South Grand Avenue, Suite 3300<br>Los Angeles, CA 90071 | **Attorneys for Viacom, Inc.** |

Tucker Ellis & West LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071

SFOiManage/011374/000223/186605/1

PROOF OF SERVICE

| | |
|---|---|
| Schiff Hardin LLP<br>One Market Plaza<br>Spear Street Tower, 32nd Floor<br>San Francisco, CA  94105 | *Attornes for Owens-Illionois, Inc.* |
| Sedgwick, Detert, Moran & Arnold<br>One Market Plaza, Steuart Tower, 8th Floor<br>San Francisco, CA  94105 | *Attorneys for General Electric Company* |
| Selman Breitman LLP<br>33 New Montgomery, 6th Floor<br>San Francisco, CA  94105 | *Attorneys for The Pep Boys Manny Moe & Jack of California* |
| Steptoe & Johnson LLP<br>Kevin C. Mayer, Esq.<br>633 West Fifth St., 7th Floor<br>Los Angeles, CA  90071 | *Attorneys for Metropolitan Life Insurance Company* |

Tucker Ellis & West LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071

SFOiManage/011374/000223/186605/1

PROOF OF SERVICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-336)

Linda Olschewske, et al. v. Asbestos Defendants, et al., N.D. California,
C.A. No. 3:10-1729  (Judge Samuel Conti)
Dale Powers v. Allis Chalmer Corp. Product Liability Trust, et al., N.D. California,
C.A. No. 4:10-1921  (Judge Claudia Wilken)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
**mjolley@lawpga.com**

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
**jwblack@wardblacklaw.com**

Anthony Michael Blalock
COOLEY MANION JONES HAKE
KUROWSKI LLP
201 Spear Street, 18th Floor
San Francisco, CA 94105
**ablalock@cmjhklaw.com**

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219
**rbudd@baronbudd.com**

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415
**jcooney@cooneyconway.com**

Naomi Fribourg
HOWARD ROME MARTIN & RIDLEY LLP
1775 Woodside Road, Suite 200
Redwood, CA 94061
**nfribourg@hrmrlaw.com**

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
Novato, CA 94948-6169
**rgrant@braytonlaw.com**

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
**kjamison@pondnorth.com**

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
**kevin.jordan@bakerbotts.com**

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
**pkalish@crowell.com**

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ
ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607
**skazan@kazanlaw.com**

MDL No. 875 - Panel Service List (Excerpted from-CTO-336) (Continued)

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204
kraus@waterskraus.com

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
DLandin@Hunton.com

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
attylane@bellsouth.net

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
wmahoney@smsm.com

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038
rcmalaby@mblaw.net

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103
jmcshea@mcshea-tecce.com

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105
pmcweeny@schiffhardin.com

Evan Craig Nelson
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105
evan.nelson@tuckerellis.com

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111
tpacker@gordonrees.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464
jrice@motleyrice.com

Shawn Michael Ridley
HOWARD ROME MARTIN & RIDLEY LLP
1775 Woodside Road
#200
Redwood City, CA 94061-3436
sridley@hrmrlaw.com

John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
john.son@tuckerellis.com

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110
mthornton@tenlaw.com

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
P.O. Box 22608
Jackson, MS 39225-2608
wwatkins@fpwk.com