UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 28, 2010

**FILED
CLERK'S OFFICE**

1
2
3
4
5
6
7
8

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

9
10

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

11
12
13

Charles Luce v. A.W. CHESTERTON COMPANY; *et al.*,  N.D. California, C. A. No. 3:10-cv-
02111-MMC

14
15
16
17

PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

18
19
20
21
22
23
24
25
26
27
28

1       Plaintiff hereby moves the Judicial Panel on Multidistrict Litigation for an order vacating

2 the conditional transfer order of the instant action to the Eastern District of Pennsylvania.  The

3 motion is based on this notice, the memorandum of points and authorities, the declaration of

4 Tenny Mirzayan, all papers and records on file in the state and federal court files pertaining to this

5 case, and such argument as may be made at the hearing.

6       By this motion, plaintiff seeks an order of the Judicial Panel vacating the conditional

7 transfer order of July 13, 2010, to enable the district court to issue the pending ruling on Plaintiff's

8 motion to remand the instant action to state court.

9

10 Dated: July 27, 2010         **KELLER, FISHBACK & JACKSON LLP**

11

12                By: _____

13                      Tenny Mirzayan (State Bar No. 233471)
                     tmirzayan@kfjlegal.com

14                      **KELLER, FISHBACK & JACKSON LLP**
                     18425 Burbank Blvd., Suite 610

15                      Tarzana, CA  91356
                     Telephone:  818.342.7442

16                      Facsimile:  818.342.7616
                     Attorneys for Plaintiff Charles Luce

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 28, 2010

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

Charles Luce v. A.W. CHESTERTON COMPANY; *et al.,*  N.D. California, C. A. No. 3:10-cv-
02111-MMC

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER

ORDER

## **INTRODUCTION**

An order regarding Plaintiff's Motion to Remand this matter to state court is currently pending in the Northern District of California.  Plaintiff filed a motion to remand this action to state court set for hearing on July 23, 2010 before the district court located in the Northern District of California.  The Northern District Court has taken the motion to remand under submission without argument, and an order is expected shortly.  Should the Northern District court remand this action to state court for the reasons set forth in Plaintiff's motion to remand and briefly summarized below, an order transferring the instant action to the Eastern District of Pennsylvania would be unnecessary and moot.  Plaintiff therefore requests that the conditional transfer order be vacated to enable the court to issue its pending ruling on Plaintiff's motion to remand the instant action.  Alternatively, Plaintiff requests that the Judicial Panel defer the decision on the transfer of this action to a date after the Northern District court has issued its ruling on Plaintiff's motion to remand this action to state court.

Plaintiff requests that the conditional transfer order be vacated so that the transferee court may address the procedural and substantive defects in Defendant's removal of the instant action to federal court.  First, the removal of the instant action that necessitated the involvement of the Judicial Panel was untimely.  Second, removal of the instant action is without legal basis as the transferee court has previously remanded this matter to state court based upon nearly identical facts.

And lastly, Defendant has not met its burden in demonstrating that removal of the instant action is proper under federal officer jurisdiction specified in 28 U.S.C. § 1442(a)(1), for the following reasons:  1) Rockwell failed to establish that  this action should be removed based on federal officer jurisdiction under 28 U.S.C. §1442(a)(1), because it failed to set forth any admissible evidence that it acted under the direction of a federal officer, that it has a colorable federal defense to the Plaintiff's claims; and that there is a causal nexus between the Plaintiff's claims and the acts the defendant performed under color of federal office, 2) as Plaintiff's claims against Rockwell are based on Rockwell's failure to warn about the risks of working with and around the asbestos in its products, removal is inappropriate because there is no federal subject

1  matter jurisdiction over failure to warn claims in an asbestos case, and 3) removal is unwarranted
2  because displacement of state law is appropriate only where a 'significant conflict' exists between
3  an identifiable 'federal policy or interest and the [operation] of state law, and such conflict does
4  not exist here.
5       To enable the transferee court to rule on the issues raised in Plaintiff's motion to remand
6  the instant action to state court, Plaintiff respectfully requests that the Judicial Panel vacate its
7  conditional transfer order, or alternatively, defer the decision on the transfer of this action to a date
8  after the transferee court has issued its ruling on Plaintiff's motion to remand this action to state
9  court.

10                      **STATEMENT OF FACTS**

11       This instant action is based on Charles Luce's injuries attendant to his exposure to
12  defendants' asbestos-containing products. (Complaint, ¶ 9-12, 30, 32, Mirzayan Dec., ¶ 2, Exh.
13  A.)  On January 14, 2010, Defendant CBS Corporation filed the first notice of removal in the
14  instant action. (Mirzayan Dec., ¶ 3, Exh. B.)  On February 10, 2010 Plaintiff filed a motion to
15  remand, based upon a lack of federal officer jurisdiction due to Mr. Luce's work with identical
16  electrical components aboard both military and commercial vessels. (Mirzayan Dec., ¶ 4, Exh. C.)
17  On March 16, 2010, the Honorable Maxine M. Chesney of the United States District in the
18  Northern District of California granted Plaintiff's motion without hearing, and remanded this case
19  back to San Francisco Superior Court, State of California. (Order Granting Plaintiff's Motion to
20  Remand, Mirzayan Dec., ¶ 5, Exh. D.)

21       On May 17, 2010, Defendant Rockwell Automation, Inc. also filed a notice of removal of
22  the instant action, based upon Mr. Luce's work with its own electrical components aboard both
23  military and commercial vessels. (Mirzayan Dec., ¶ 6, Exh. E.)  On June 15, 2010, Plaintiff once
24  again filed a motion to remand this matter to state court, with a hearing date scheduled on July 23,
25  2010. (Mirzayan Dec., ¶ 7, Exh. F.)

26       On July 8, 2010, the United States Judicial Panel on Multidistrict Litigation, issued a
27  conditional transfer order in this matter to the Eastern District of Pennsylvania. (Conditional
28  Transfer Order, Mirzayan Dec. ¶ 8, Ex. G.)   Plaintiff on July 8, 2010, sent notice to the Judicial

1  Panel of Plaintiff's pending Remand Motion and intent to oppose the transfer of the instant action

2  to the Eastern District of Pennsylvania.  (Plaintiff's Notice of Opposition, Mirzayan Dec. ¶ 9, Ex.

3  H.)

4          The Judicial Panel on July 13, 2010 stayed the transfer of the instant action to the Eastern

5  District of Pennsylvania and issued a notice of filed opposition and briefing schedule.  (Judicial

6  Panel's Notice of Stay, Mirzayan Dec. ¶ 10, Ex. I.)

7          On July 20, 2010, the July 23, 2010 hearing date for Plaintiff's Motion to Remand was

8  vacated, and the motion was deemed submitted on the papers.  (Clerk's July 20, 2010 Notice,

9  Mirzayan Dec., ¶ 11, Exh. J.)   The Northern District Court has taken the Motion to Remand under

10  submission, and an order is expected at any time.  (*Id.*)

11                                    **<u>LEGAL ANALYSIS</u>**

12  **A.     A DECISION ON WHETHER TO TRANSFER OF THE INSTANT ACTION TO**

13          **THE EASTERN DISTRICT OF PENNSYLVANIA IS NOT RIPE FOR**

14          **ADJUDICATION**

15          Upon receiving notice of the removal of the instant action, Plaintiff timely filed a motion

16  to remand this action to state court.  Plaintiff's Motion for Remand has been taken under

17  submission by the transferee district court located in the Northern District of California.  Should

18  court remand this action to state court, an order transferring the instant action to the Eastern

19  District of Pennsylvania would be unnecessary and moot.  Plaintiff therefore requests that the

20  conditional transfer order be vacated to enable the Northern District court to issue its ruling on

21  Plaintiff's motion to remand the instant action.  Alternatively, Plaintiff requests that the Judicial

22  Panel defer the decision on the transfer of this action to a date after the court has issued the

23  pending ruling on Plaintiff's motion to remand this action to state court.

24  **B.     ROCKWELL'S REMOVAL OF THIS ACTION TO FEDERAL COURT IS**

25          **UNTIMELY**

26          Simply put, Rockwell missed the deadline to file its notice of removal.  A defendant must

27  file its notice of removal in the district court within 30 days after receipt of the first pleading,

28  amended pleading, motion, order or other paper in the state action setting forth a removable claim

1   otherwise it waives its right to remove. 28 US.C. § 1446(b); *Goldberg v. CPC Int'l, Inc.*, 495

2   F.Supp. 233, 236–237 (ND CA 1980).  Where service of the paper making the case removable is

3   by mail, the removal period runs from the date such paper is deemed served, unless the defendant

4   receives the papers sooner. *See Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680(ND OH 2002).

5   "Literally dozens of federal courts have held that the time provisions of §1446(b) are mandatory

6   and must be strictly construed." *Dietrich v. Cooperstein*, 1995 WL 59494, *2 (N.D. Cal. Feb. 8,

7   1995).  Courts find a strong presumption against removal jurisdiction and will reject such

8   jurisdiction if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.* 980 F2d *566.

9        Rockwell was placed on notice that Mr. Luce's claims in this matter are based upon his 50

10   years career as an electrician no later than February 10, 2010 when Plaintiff filed his first Motion

11   to Remand.  That Motion to Remand included a declaration from Charles Luce which indicated

12   that his asbestos exposure resulted from his work with electrical components aboard both military

13   and civilian ships.   (February 10, 2010 Dec. of Charles Luce, Mirzayan Dec., ¶ 12, Exh. K.)

14   Plaintiff's entire Motion for Remand was based upon identical issues upon which Rockwell based

15   its Notice of Removal – Mr. Luce's work with electrical components.

16        Rockwell contends in its Notice of Removal that **ALL** products aboard commercial and

17   military vessels were subject to approval and/or specification by the United States, and therefore

18   under the direction of a federal officer.  As such, the basis of its notice of removal was triggered

19   by notice of Mr. Luce's work on **ANY** Rockwell components aboard any vessel.  Since Mr.

20   Luce's entire February 10, 2010 Motion for Remand was based upon his work with electrical

21   components, that Motion gave Rockwell notice of a removable claim, and ample opportunity to

22   respond to this exact issue. Rockwell failed to address this issue at that time, making the current

23   motion untimely.  Moreover, the Northern District Court previously made a determination

24   regarding this issue, and remanded this case back to state court based upon Mr. Luce's work with

25   electrical components.

26        Accordingly, Plaintiff requests that the Judicial Panel vacate its conditional transfer order

27   to enable the transferee district court to determine whether defendant's removal of the instant

28   action was untimely.

C.     **PLAINTIFF DISCLAIMED ANY CAUSE OF ACTION FOR INJURIES CAUSED BY THE ACTS OR OMISSIONS OF DEFENDANTS COMMITTED AT THE DIRECTION OF FEDERAL OFFICERS**

As stated, Defendant asserts federal officer jurisdiction under 28 U.S.C. § 1442, subdivision (a), as the exclusive basis for subject matter jurisdiction.  Rockwell generally contends (albeit without supporting evidence) that the actions for which it is supposedly being sued were directed and compelled by the United States Navy.  In their complaint, however, plaintiffs expressly and specifically disclaimed "any cause of action or recovery for any injuries and damages resulting from exposure to asbestos caused by the acts or omissions of defendants committed at the specific and proven direction of an officer of the United States government acting within in his official capacity."  (Compl., ¶ 9A, pp. 6:23-7:11, Mirzayan Dec., Ex. A.)  In other words, plaintiffs are not suing Rockwell, and waiving any claim against it, for anything that a federal officer or agency may have compelled or instructed Rockwell to do.

Federal courts have frequently given effect to such disclaimers, and ordered remand, on the basis that there is nothing on which to rest jurisdiction.  Indeed, plaintiffs may use such disclaimers to preserve state court jurisdiction.  "The party who brings suit is master to decide what law he will rely upon."  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir. 1988); *See also*, *Lindenmayer v. Allied Packing & Supply, Inc.*, 2010 WL 234906 (N.D.Cal., Jan. 14, 2010) and *Westbrook v. Asbestos Defendants* (BHC), 2001 WL 902642 (N.D. Cal. July 31, 2001).  Disclaimers to preclude removal are specifically authorized because "the plaintiff has the prerogative of determining the theory of his action and ... may defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction."  *Jones v. General Tire & Rubber Co.*, 541 F .2d 660, 664 (7th Cir. 1976).  "[I]f a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal."  *Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d 362, 367 (5th Cir. 1995), citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386,391, fn. 7 (1987).

These principles are applied in products liability cases where plaintiffs – like here – seek to avoid removal and/or federal multi-district litigation. In a pharmaceutical products liability case,

1    the Supreme Court confirmed that "[a] plaintiff with a choice between federal and state law claims

2    may elect to proceed in state court on the exclusive basis of state law, thus defeating the

3    defendant's opportunity to remove . . ." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478

4    U.S. 804, 809 (1986). In a similar case, the court wrote that "the fact that a plaintiff could have

5    alleged viable federal claims is of no moment. By electing to disclaim all federal claims, plaintiffs

6    will be precluded from trying [them] in the state court ... but that does not prevent plaintiff from

7    being entitled to remand." *Caldwell v. American Home Products Corp.*, 210 F.Supp.2d 809,812

8    (S.D. Miss. 2002).

9        Finally, district courts in California have repeatedly remanded asbestos cases based on

10    disclaimers. In *Westbrook v. Asbestos Defendants* (BHC), 2001 WL 902642 (N.D. Cal. July 31,

11    2001), the plaintiffs provided a disclaimer that excluded any claim based on exposure to asbestos

12    at federal job sites. The court granted remand, stating "[t]he court sees no reason not to hold

13    plaintiffs in this case to their waiver of claims arising out of work done on federal job sites in

14    Vessels. ***This waiver, therefore, justifies remand.*** If plaintiffs later attempt to reverse course and

15    are allowed to do so by the state court despite their expressed waiver, [defendant] can always file

16    for removal once again." *Id.* at p. *3, emphasis added; *see also, Overly v. Raybestos-Manhattan,*

17    *Inc.,* 1996 WL 532150, *3 (N.D. Cal., Sept. 9, 1996); *Schilz v. A.P. Green Ind., Inc.,* 2002 WL

18    102608, * 1 (N.D. Cal., Jan. 15, 2002) [remand granted based on plaintiffs' waiver of design

19    defect claims that could have given rise to federal officer exposure]. Most recently, a district court

20    in Louisiana cited these California cases and held that plaintiffs' pre-removal disclaimer precluded

21    removal. *Sheppard v. Northrop Grumman Systems Corp.,* 2007 WL 1550992 (E.D. La., May 24,

22    2007) As it explained in *Sheppard,* "the court concludes that its decision to follow plaintiffs'

23    disclaimer is further supported by the fact that, unlike the plaintiffs in *Overly* and *Westbrook* who

24    disclaimed causes of action post-removal, Plaintiff here disclaimed these causes action in his

25    original petition in state court." *Id.* at * 7.

26        In these cases, the use of a disclaimer was based on the proposition that a plaintiff is free to

27    plead his or her action, including the waiver of federal claims, so that he or she may proceed in

28    state court. And that is exactly what Plaintiff did in this case: waive any and all possible federal

1  claims in order to defeat removal and preserve state court jurisdiction.  Again, the Complaint

2  expressly states that they disclaim "any cause of action or recovery for any injuries and damages

3  resulting from exposure to asbestos caused by the acts or omissions of defendants committed at

4  the specific and proven direction of an officer of the United States government acting within in his

5  official capacity."  (Compl., ¶ 9A, pp. 6:23-7:11, Mirzayan Decl., Ex. A.)  Plaintiff therefore

6  requests that the Judicial Panel vacate its transfer order to enable the district court to adjudicate

7  whether Plaintiff's waiver warrants remand of the instant action to state court.

8  **D.    DEFENDANT HAS NOT MET ITS BURDEN IN DEMONSTRATING THAT**

9  **REMOVAL OF THE INSTANT ACTION IS PROPER UNDER FEDERAL**

10  **OFFICER JURISDICTION**

11  The defendant seeking removal of an action to federal court has the burden of showing that

12  it has (1) complied with the procedural requirements for removal and (2) established grounds for

13  federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F3d 831, 838 (9th

14  Cir. 2004); *Miller v. Diamond Shamrock Co.*, 275 F3d 414, 417 (5th Cir. 2001).  Rockwell fails to

15  meet its burden either procedurally as explained above or substantively as summarized below.

16  First, Rockwell failed to establish that  this action should be removed based on federal

17  officer jurisdiction under 28 U.S.C. §1442(a)(1), because it failed to set forth any admissible

18  evidence of the following: (1) that it acted under the direction of a federal officer; (3) that it has a

19  colorable federal defense to the Plaintiff's claims; and (4) that there is a causal nexus between the

20  Plaintiff's claims and the acts the defendant performed under color of federal office.  *Arnold v.*

21  *Blue Cross & Blue Shield*, 973 F.Supp. 726, 739 (S.D. Texas 1997) (*citing Mesa v. California*,

22  489 U.S. 121, 124-25, 129-31, 134-35 (1989)); *Overly v. Raybestos- Manhattan*, 1996 U.S. Dist.

23  LEXIS 13535 (N.D. Cal. 1996)

24  Second, as Plaintiff's claims against Rockwell are based on Rockwell's failure to warn

25  about the risks of working with and around the asbestos in its products, removal is inappropriate

26  because there is no federal subject matter jurisdiction over failure to warn claims in an asbestos

27  case. *Viala v. Owens-Corning Fiberglas*, 1994 U.S. Dist. LEXIS 4824 (N.D. Cal. 1994); *Nguyen*

28  *v. Allied Signal, Inc.*, 1998 U.S. Dist. LEXIS 15517 (N.D. Cal. 1998); *Overly v. Raybestos-*

1   *Manhattan*, 1996 U.S. Dist. LEXIS 13535 (N.D. Cal. 1996); *Faulk v. Owens-Corning Fiberglass*

2   *Corp.* (E.D.Tex. 1999) 48 F.Supp.2d 653; *In Re: Hawaii Federal Asbestos Cases* (9th  Cir. 1992)

3   960 F.2d 806.  In order for the federal contractor defense to apply in the failure to warn context, a

4   defendant must show a conflict between state law and federal policy.  *Hilbert v. McDonnell*

5   *Douglas Corp.* 529 F.Supp.2d 187 (D. Mass. 2008), (citing *Oliver v. Oshkosh Truck Corp.*, 96

6   F.3d 992 at 1003 (7th Cir.1996); *Tate v. Boeing Helicopters*, 55 F.3d 1150 (6th Cir.1995); *In re*

7   *Joint Eastern and Southern Dist. New York Asbestos Litig.*, 897 F.2d 626 (2d Cir.1990);

8   *Lindenmayer, supra,* 2010 WL 234906 N.D. Cal. 2010, *Holdren, supra*, 614 F. Supp.2d 129,

9   *Megill v. Worthington Pump, Inc.*, 1999 WL 191565 (D. Del. 1999);  and *Kuhlman v. A.W.*

10  *Chesterton, Inc.*, 2010 WL 910481 (S.D. Ill. 2010).  If both federal policy and state law can be

11  satisfied at the same time, the contractor may not assert the defense.  *See id*.  Defendant may not

12  defeat a failure to warn claim simply by showing the elements of the *Boyle* defense to a design

13  defect claim.  In order to assert a colorable federal defense in a failure to warn claim, defendant

14  "**must** rebut the obvious inference: that they never tried to warn about asbestos at all." *Hilbert,*

15  *supra* at 202.  Emphasis added.  Defendant can never meet this burden.

16        Lastly, removal is unwarranted because displacement of state law is appropriate only

17  where a 'significant conflict' exists between an identifiable 'federal policy or interest and the

18  [operation] of state law, and such conflict does not exist here.  *In Re: Hawaii Federal Asbestos*

19  *Cases*, 960 F.2d at 812-13 (internal quotations omitted);  *Dorse v. Eagle-Picher Indus., Inc.,* (11th

20  Cir. 1990) 898 F.2d 1487, 1489;  *In re Joint E. & S. Dist. N.Y. Asbestos Litig.* (2nd Cir. (N.Y.)

21  1990) 897 F.2d 626;  *Boyle v. United Tech. Corp.* (1988)487 U.S. 500;  *Anderson v. Owens-*

22  *Corning Fiberglass Corp.* (1991) 53 Cal.3d 987, 1002.  Here, Mr. Luce's claims arise from his

23  work with electrical equipment that was commercially available.  And electrical equipment that is

24  commercially available can never be the basis for removal under the federal officer statute.

25        The United States Supreme Court has specifically addressed this issue.  In *Boyle v. United*

26  *Tech. Corp,* 487 U.S. 500, 509 (1988) the Court held that the government contractor defense does

27  not apply to injury caused by "stock" items or "standard equipment."  The Court found that the

28  defense exists under certain circumstances to protect the "uniquely federal interest" that is

1  involved where state tort law imposes liability on government contractors for design defects that

2  "either the contractor will decline to manufacture the design specified by the Government, or it

3  will raise the price." *Tate v. Boeing Helicopters*, 55 F.3d 1150 at 1153, citing *Boyle* at 507.

4        In applying the principles set forth in *Boyle*, in *In Re: Hawaii Federal Asbestos Cases*, 960

5  F.2d at 806, the Ninth Circuit further addressed the instant situation.  In *In Re: Hawaii Federal*

6  *Asbestos Cases*, the court found that the military contractor defense was not a barrier to plaintiffs'

7  state court claims because the asbestos insulation at issue was not "military equipment" since it

8  was used in both commercial and military applications.

9        The Ninth Circuit, citing *Boyle*, set forth as follows:

10      …the fact that a company supplies goods to the military does not, in and of itself,
    immune it from liability for the injuries caused by those goods.  Where the goods

11      ordered by the military are those readily available, in substantially similar form, to
    commercial users, the military contractor defense does not apply.

12

13  *In Re: Hawaii Federal Asbestos Cases*, 960 F.2d at 811, *citing Boyle* at 512.

14        The court further explained:

15      These same concerns do not exist in respect to products readily available on the
    commercial market.  The fact that the military may order such products does not

16      make them "military equipment."  The products have not been developed on the
    basis of involved judgments made by the military but in response to the broader

17      needs and desires of end-users in the private sector.

18  *Id.*

19        As the Court explained in *Boyle*:

20      If, for example, the United States contracts for the purchase and installation of an
    air conditioning-unit, specifying the cooling capacity but not the precise manner of

21      construction, a state law imposing upon the manufacturer of such units a duty of
    care to include a certain safety feature would not be a duty identical to anything

22      promised the Government, but neither would it be contrary. 487 U.S. at 509.

23

24        Defendant did not, and cannot, present any evidence whatsoever to show that the insulated

25  wire, control panels, arc chutes, arc shields, electronic tubes, circuit breakers, fuses, fuse boxes,

26  switchboards, switches, and switchgear were in any way different aboard the military vessels than

27  the commercial vessels aboard which Mr. Luce worked.  This is because the electrical components

28  Mr. Luce worked with and around were **identical in both commercial and military applications**.

1   (Luce Dec.. ¶ 6)   They were not specially designed or manufactured for a military use or purpose.

2   (*Id.*)

3       Plaintiff therefore requests that the Judicial Panel vacate its transfer order to enable the

4   district court to adjudicate whether defendant met its burden in demonstrating that removal of this

5   action is proper under federal officer jurisdiction.

6                      **CONCLUSION**

7       Plaintiff respectfully requests that the Judicial Panel vacate its conditional transfer order. or

8   alternatively. defer the decision on the transfer of this action to a date after the transferee court has

9   issued the pending ruling on Plaintiff's motion to remand this action to state court.  An order

10   vacating the conditional transfer order is necessary to enable the district court to hear and rule on

11   the issues raised in Plaintiff's motion to remand the instant action to state court.

12

13   Dated: July 23. 2010        **KELLER, FISHBACK & JACKSON LLP**

14

15                   By: _____

16                          Tenny Mirzayan (State Bar No. 233471)
                             tmirzayan@kfjlegal.com

17                       **KELLER, FISHBACK & JACKSON LLP**
                       18425 Burbank Blvd.. Suite 610

18                       Tarzana, CA  91356
                       Telephone:  818.342.7442

19                       Facsimile:  818.342.7616
                       Attorneys for Plaintiff Charles Luce

20

21

22

23

24

25

26

27

28

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 28, 2010

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

Charles Luce v. A.W. CHESTERTON COMPANY; *et al.,* N.D. California, C. A. No. 3:10-cv-02111-MMC

DECLARATION OF TENNY MIRZAYAN IN SUPPORT OF PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER

I, Tenny Mirzayan, declare:

1.     I am an attorney duly admitted to practice before all the courts in the State of California, including the Northern and Central Districts of California, as well as the Ninth Circuit Court of Appeals, and am an associate attorney of Keller, Fishback & Jackson LLP.  The information stated in this declaration is based on my personal knowledge.  If called upon as a witness to testify, I could and would testify to the following facts.

2.     This instant action is based on Charles Luce's injuries attendant to his exposure to defendants' asbestos-containing products.  Attached hereto as Exhibit A is a true and correct copy of relevant portions of Plaintiff's Complaint.

3.     On January 14, 2010, Defendant CBS Corporation filed the first notice of removal in the instant action.  Attached hereto as Exhibit B is a true and correct copy of the face page of Defendant CBS Corporation's Notice of Removal.

4.     On February 10, 2010 Plaintiff filed a motion to remand, based upon a lack of federal officer jurisdiction due to Mr. Luce's work with identical electrical components aboard both military and commercial vessels.  Attached hereto as Exhibit C is a true and correct copy of the face page of Plaintiff's February 10, 2010 Motion to Remand.

5.     On March 16, 2010, the Honorable Maxine M. Chesney of the United States District in the Northern District of California granted Plaintiff's motion without hearing, and remanded this case back to San Francisco Superior Court, State of California.  Attached hereto as Exhibit D is a true and correct copy of the published Order Granting Plaintiff's Motion to Remand.

6.     On May 17, 2010, Defendant Rockwell Automation, Inc. also filed a notice of removal of the instant action, based upon Mr. Luce's work with its own electrical components aboard both military and commercial vessels.  Attached hereto as Exhibit E is a true and correct copy of the face page of Defendant Rockwell's Notice of Removal.

7.     On June 15, 2010, Plaintiff once again filed a motion to remand this matter to state court, with a hearing date scheduled on July 23, 2010.  Attached hereto as Exhibit F is a true and correct copy of the face page of Plaintiff's Notice of Motion to Remand.

1    8.    On July 8, 2010, the United States Judicial Panel on Multidistrict Litigation, issued

2    a conditional transfer order in this matter to the Eastern District of Pennsylvania.  Attached hereto

3    as Exhibit G is a true and correct copy of the Conditional Transfer Order.

4    9.    Plaintiff on July 8, 2010, sent notice to the Judicial Panel of Plaintiff's pending

5    Remand Motion and intent to oppose the transfer of the instant action to the Eastern District of

6    Pennsylvania.  Attached hereto as Exhibit H is a true and correct copy of Plaintiff's Notice of

7    Opposition.

8    10.    The Judicial Panel on July 13, 2010 stayed the transfer of the instant action to the

9    Eastern District of Pennsylvania and issued a notice of filed opposition and briefing schedule.

10   Attached hereto as Exhibit I is a true and correct copy of the Judicial Panel's Notice of Stay.

11   11.    The Northern District Court has taken the Motion to Remand under submission,

12   and an order is expected at any time.  On July 20, 2010, the July 23, 2010 hearing date for

13   Plaintiff's Motion to Remand was vacated, and the motion was deemed submitted on the papers.

14   Attached hereto as Exhibit J is a true and correct copy of the Clerk's July 20, 2010 Notice.

15   12.    Attached hereto as Exhibit K is a true and correct copy of the Declaration of

16   Charles Luce, submitted with Plaintiff's February 10, 2010 Motion to Remand.

17   I declare under the penalty of perjury under the laws of the State of California that the

18   above is true and correct.  Executed on July 27, 2010 in Los Angeles, California.

19

20   _____

21   Tenny Mirzayan

22

23

24

25

26

27

28

---

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 28, 2010

FILED
CLERK'S OFFICE

# EXHIBIT A

1  Stephen M. Fishback, Esq. (State Bar No. 191646)
   J. Bruce Jackson, Esq. (State Bar No. 173215)
2  Daniel L. Keller, Esq. (State Bar No. 191738)
   **KELLER, FISHBACK & JACKSON LLP**
3  18425 Burbank Blvd., Ste. 610
   Tarzana, California 91356
4  Telephone: 818.342.7442
   Facsimile: 818.342.7616
5
6  Attorneys for Plaintiffs

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

NOV 1 0 2009

CASE MANAGEMENT CONFERENCE SET GORDON PARK-LI, Clerk
BY:_____ PARAM NATT
                              Deputy Clerk

OCT **2 0** 2010  -1¼PM

DEPARTMENT 206

7
8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                **CITY AND COUNTY OF SAN FRANCICO**
                     **(UNLIMITED JURISDICTION)**
10

| | |
|---|---|
| 11  CHARLES LUCE AND JEAN LUCE, | Case No.  **C G C - 0 9 - 2 7 5 4 0 6** |
| 12            Plaintiffs, | **COMPLAINT FOR PERSONAL INJURY - ASBESTOS** |
| 13       vs. | |
| 14 | **(ACTION IS SUBJECT TO GENERAL ORDERS IN FILE NO. 828684)** |
| 15  A.W. CHESTERTON COMPANY, INC.; ARMSTRONG INTERNATIONAL, INC.; | |
| 16  ASBESTOS CORPORATION LTD.; BORG-WARNER CORPORATION by its | **Negligence** |
| 17    successor-in-interest BORGWARNER MORSE TEC INC.; | **Strict Liability** **False Representation** |
| 18  BUFFALO PUMPS, INC.; CBS CORPORATION, a DELAWARE | **Intentional Tort** **Premises Owner/Contractor Liability** |
| 19    CORPORATION, individually, successor- in-interest to and formerly known as | **Negligence/Strict Liability Vehicle, Friction Materials** |
| 20    VIACOM, INC. and WESTINGHOUSE ELECTRIC CORPORATION; | **Loss of Consortium** |
| 21  CRANE CO.; | |
| 22  CROWN CORK & SEAL COMPANY, INC., individually and as successor-in-interest to | |
| 23    MUNDET CORK COMPANY; | THIS CASE IS SUBJECT TO |
| 24  CUTLER-HAMMER, INC.; DANA CORPORATION; | MANDATORY ELECTRONIC FILING PURSUANT TO AMENDED G.O. 158 |
| 25  DOUGLASS INSULATION COMPANY, INC.; | |
| 26  DURABLA MANUFACTURING COMPANY; ERICSSON, INC, individually and as | |
| 27    successor-in-interest to ANACONDA WIRE AND CABLE COMPANY, | |
| 28    MARCONI CORPORATION PLC; | |

7.      Defendants, their "alternate entities," and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

8.      Defendants, their "alternate entities" and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos would be transported by truck, rail, ship and other common carriers, that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to sawing, chipping, hammering, scraping, sanding, breaking, removal, "rip-out," and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons," including plaintiffs herein, would use or be in proximity to and exposed to said asbestos fibers.

9.      Plaintiffs have used, handled or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiffs exposure to asbestos and asbestos-containing products occurred at various locations as set forth in Exhibit "A," attached to plaintiffs complaint and incorporated by reference herein.

9a.     Defendants, their "alternate entities," and each of them breached their duties by:

(a) failing to warn plaintiffs of the dangers, characteristics, and potentialities of their asbestos-containing products when they knew or should have known that exposure to their asbestos-containing products would cause disease and injury;

(b) failing to warn plaintiffs of the dangers to which they were exposed when they knew or should have known of the dangers;

(c) failing to exercise reasonable care to warn plaintiffs of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products;

(d) failing to provide safe, sufficient and proper protective clothing, equipment and appliances with their asbestos and asbestos-containing products;

(e) failing to test its asbestos and asbestos-containing products in order to ascertain the

extent of danger involved upon exposure thereto;

(f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products;

(g) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to their asbestos and asbestos-containing products;

(h) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise plaintiffs of said dangers, hazards, and potentialities discovered;

(i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and potentialities;

(j) failing to advise plaintiffs and others that the risks inherent in their asbestos-containing product greatly outweighed the benefits, if any, afforded by such products; and

(k) generally using unreasonable, careless, and negligent conduct in the manufacture, fabrication, supply, distribution, sale, installation, and/or use of their asbestos and asbestos-containing products, among other actions/inactions.

Plaintiffs disclaim any cause of action or recovery for any injuries and damages resulting from exposure to asbestos caused by the acts or omissions of defendants committed at the specific and proven direction of an officer of the United States Government acting within in his official capacity. To the extent that any of the plaintiffs relevant asbestos exposure occurred on board active vessels or aircraft of the United States military or the construction and/or repair of such vessels or aircraft occurred on proven federal enclaves,  plaintiffs negligence and strict liability claims against manufacturers. sellers and suppliers of pumps, valves, boilers, turbines, separators, steam traps, engines and other mechanical or similar equipment installed in such vessels and aircraft are not based on the theory of defective design, but rather on the theory of failure to warn

of the health risks and hazards associated with working with and/or around asbestos and asbestos-containing products only and renders such defendants liable in both negligence and in strict products liability for such marketing defect.

10.     As a direct and proximate result of the conduct of the defendants, their "alternate entities," and each of them, as aforesaid, plaintiffs exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiffs, the nature of which, along with the date of plaintiffs diagnosis, are set forth in Exhibit "A," attached to plaintiffs complaint and incorporated by reference herein.

11.     Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

12.     Plaintiffs suffer from a condition related to exposure to asbestos and asbestos-containing products. Plaintiffs were not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

13.     As a direct and proximate result of the aforesaid conduct of defendants, their "alternate entities," and each of them, plaintiffs have suffered, and continues to suffer, permanent injuries and/or future increased risk of injuries to their person, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to their general damage in the sum in excess of the jurisdictional limits of a limited civil case in the Superior Court.

14.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, plaintiffs have incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

1   fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection,

2   installation, contracting for installation, repair, marketing, warranting, re-branding, manufacturing

3   for others, packaging and advertising of asbestos and asbestos-containing products. In pursuance

4   of said financial motivation, said defendants, their "alternate entities," and each of them,

5   consciously disregarded the safety of "exposed persons" and in fact were consciously willing and

6   intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons"

7   and induced persons to work with and be exposed thereto, including plaintiffs.

8       27.     Plaintiff s allege that the aforementioned defendants, their "alternate entities," and

9   each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for

10  their intended use but that their asbestos and asbestos-containing products, created an

11  unreasonable risk of bodily harm to exposed persons.

12      28.     Plaintiffs further allege his injuries are a result of cumulative exposure to

13  asbestos and various asbestos-containing products manufactured, fabricated, inadequately

14  researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased,

15  bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation,

16  repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised by

17  the aforementioned defendants, their "alternate entities," and each of them and that plaintiffs

18  cannot identify precisely which asbestos or asbestos-containing products caused the injuries

    complained of herein.

19      29.     Plaintiffs relied upon defendants', their "alternate entities'," and each of their

20  representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-

21  containing products. As a direct, foreseeable and proximate result thereof, plaintiffs have been

22  injured permanently as alleged herein.

23      30.     As the above referenced conduct of said defendants was and is vile, base, willful,

24  malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the

25  safety and health of "exposed persons", including plaintiffs who have suffered the injuries and

26  damages previously alleged, plaintiffs, for the sake of example, and by way of punishing said

27  defendants, seek damages according to proof.

28

1    WHEREFORE, plaintiffs pray judgment against defendants, their "alternate

2  entities," and each of them, as hereinafter set forth.

3

4

### THIRD CAUSE OF ACTION
**(False Representation Under Restatement of Torts Section 402-B)**

**AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B, PLAINTIFFS COMPLAINS OF DEFENDANTS ON EXHIBIT "B," DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGE AS FOLLOWS:**

10       31.    Plaintiffs hereby incorporate by reference, as though fully set forth herein, each

11  and every allegation contained in the First and Second Causes of Action.

12       32.    At all times herein mentioned, each of the named defendants and DOES 1

13  through 300 was the successor, successor in business, successor in product line or a portion

14  thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion

15  thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or

16  member in an entity researching, studying, manufacturing, fabricating, designing, modifying,

17  labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting,

18  servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding,

19  manufacturing for others, packaging and advertising a certain product, namely asbestos, and other

20  products containing asbestos. Said entities shall hereinafter collectively be called "alternate

21  entities."  Each of the herein named defendants is liable for the tortious conduct of each successor,

22  successor in business, successor in product line or a portion thereof, assign, predecessor in product

23  line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

24  entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

25  fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

26  supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

27  warranted, re-branded, manufactured for others and advertised a certain product, namely asbestos,

28  and other products containing asbestos. The following defendants, and each of them, are liable for

**EXHIBIT B**

1 | FRANK D. POND (BAR NO. 126191)
KEVIN D. JAMISON (BAR NO. 222105)
2 | kjamison@pondnorth.com
JENNIFER C. RASMUSSEN (BAR NO. 194358)
3 | jrasmussen@pondnorth.com
POND NORTH LLP
4 | 350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
5 | Telephone:    (213) 617-6170
Facsimile:    (213) 623-3594
6 |
Attorneys for Defendant CBS CORPORATION, a Delaware
7 | corporation, f/k/a Viacom Inc., successor by merger to CBS
Corporation, a Pennsylvania corporation, f/k/a Westinghouse
8 | Electric Corporation

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11 |

12 | CHARLES LUCE and JEAN LUCE,  |  Case No:

13 | Plaintiffs,  |  **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1442(A)(1)**

14 | vs.  |  **(FEDERAL OFFICER); DEMAND FOR JURY TRIAL; DECLARATION IN**

15 | A. W. CHESTERTON COMPANY, INC., et al.,  |  **SUPPORT OF REMOVAL**

16 |

17 | Defendants.

18 |

19 | Pursuant to Title 28 U.S.C. §§ 1442(a)(1) and 1446, Defendant CBS Corporation, a

20 | Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a

21 | Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse") gives

22 | Notice of Removal of an action filed against it in the Superior Court of the State of California for

23 | the County of San Francisco to the United States District Court for the Northern District of

24 | California.

25 | In support of this Notice of Removal, Westinghouse respectfully offers the following:

26 | **STATEMENT OF FACTS**

27 | On or about November 10, 2009, Plaintiffs Charles Luce and Jean Luce ("Plaintiffs")

28 | filed a lawsuit entitled *Charles Luce and Jean Luce, Plaintiffs v. A. W. Chesterton Company,*

1

**EXHIBIT C**

1   Stephen M. Fishback (State Bar No. 191646)
    sfishback@kfjlegal.com
2   Tenny Mirzayan (State Bar No. 233471)
    tmirzayan@kfjlegal.com
3   **KELLER, FISHBACK & JACKSON LLP**
    18425 Burbank Blvd., Suite 610
4   Tarzana, CA  91356
    Telephone:  818.342.7442
5   Facsimile:  818.342.7616
6
7   Attorneys for Plaintiffs

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  CHARLES LUCE AND JEAN LUCE,              Case No.  3:10-CV-00174-MMC

12              Plaintiffs,                  **NOTICE OF MOTION AND MOTION TO**
                                             **REMAND CASE TO CALIFORNIA**
13      v.                                   **SUPERIOR COURT**

14  A.W. CHESTERTON COMPANY; et al.,         Date: March 19, 2010
15                                           Time: 9:00 a.m.
                                             Judge:  Hon. Maxine M. Chesney
16              Defendants.                  Courtroom: 7

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

Westlaw

Slip Copy, 2010 WL 963213 (N.D.Cal.)
**(Cite as: 2010 WL 963213 (N.D.Cal.))**

**H**Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
Charles **LUCE** and Jean **Luce**, Plaintiffs,
v.
A.W. CHESTERTON COMPANY, Inc., et al., De-
fendants.
**No. C-10-0174 MMC.**

March 16, 2010.

**ORDER GRANTING PLAINTIFFS' MOTION
TO REMAND; VACATING MARCH 19, 2010
HEARING**

MAXINE M. CHESNEY, District Judge.

*\*1* Before the Court is Plaintiffs Charles and Jean
**Luce's** "Motion to Remand Case to California Supe-
rior Court," filed February 10, 2010. Defendant Gen-
eral Electric Company ("GE") has filed opposition, in
which defendant CBS Corporation ("CBS") has
joined. Plaintiffs have filed a reply. Having read and
considered the papers filed in support and in opposi-
tion to the motion, [FN1] the Court deems the matter
suitable for decision on the parties' respective written
submissions, VACATES the hearing scheduled for
March 19, 2010, and rules as follows.

> FN1. In its joinder, CBS requests that the
> Court consider the argument it made in its
> "Reply in Further Support of its Ex Parte
> Application to Stay Pending Transfer to
> MDL 875"; the Court has considered such
> argument.

In their complaint, plaintiffs allege that each plaintiff
has been injured as a result of plaintiff Charles **Luce's**
having been exposed to products containing **asbestos**.
CBS removed the complaint from state court pursuant
to 28 U.S.C. § 1442(a)(1), which provides that a civil
action commenced in a state court may be removed by
"[t]he United States or any agency thereof or any
officer (or any person acting under that officer) of the
United States or of any agency thereof, sued in an
official or individual capacity for any act under color

of such office." *See* 28 U.S.C. § 1442(a). In its Notice
of Removal, CBS asserts that its predecessor Wes-
tinghouse Electric Corporation ("Westinghouse") is a
"person" who acted under an officer of the United
States Navy, in that "Westinghouse acted under the
direction of [the Navy]" when it "construct[ed] its
marine steam turbines for the Navy." (*See* Notice of
Removal at 3:24-25.)

CBS's assertion that Westinghouse constructed tur-
bines at the direction of the Navy, which assertion is
also made by GE in its opposition to the instant motion
to remand, supports a removal pursuant to §
1442(a)(1) only if plaintiffs have alleged that Charles
**Luce** was exposed to **asbestos** in turbines manufac-
tured by Westinghouse and/or GE. In their motion to
remand, however, plaintiffs deny that their claims are
based on a theory that Charles **Luce** was exposed to
**asbestos** from any turbine manufactured by Wes-
tinghouse or GE. Rather, plaintiffs argue, plaintiffs
have alleged that Charles **Luce** was exposed to **as-
bestos** in "electrical components" manufactured by
Westinghouse and GE. Neither CBS nor GE argues
that any electrical component manufactured by either
such defendant or its predecessors was manufactured
at the direction of a federal officer. Consequently, the
threshold issue is whether plaintiffs' claims against
CBS and GE are based on a claim that Charles **Luce**
was exposed to **asbestos** in a turbine or turbines
manufactured by Westinghouse or GE.

The complaint names over thirty defendants, some of
which are sued in their capacity as succes-
sors-in-interest to one or more entities. The complaint
is not a model of clarity as to the type of products to
which Charles **Luce** is alleged to have been exposed,
nor as to which products were manufactured by which
of the numerous defendants and/or their predecessors.
Rather, the complaint first alleges that "defendants,
their 'alternative entities,' and each of them" manu-
factured, sold, or otherwise placed in the stream of
commerce "**asbestos** and other products containing
**asbestos**." (*See* Compl. ¶ 5). Immediately after such
allegation, the complaint then alleges:

> *\*2* Said **asbestos** and other products containing
> **asbestos** ... specifically include, but are not limited
> to: adhesives/tape/mastic; *electrical components;*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 963213 (N.D.Cal.)
**(Cite as: 2010 WL 963213 (N.D.Cal.))**

phenolic resins; wire/cable; arcs/chutes; scanners; scopes; radar equipment; electronics; cloth; paper; board; tubes; switches; gears; panels; insulation materials; brakes; clutches; gaskets; engines; motors; pumps; valves; packing; automobiles; trucks; other automotive component parts; boilers; steam traps; refractory materials; engines; *turbines;* compressors; condensers[;] and other materials containing **asbestos** currently unknown or unspecified by plaintiffs.

(*See id.*) (emphasis added).

Plaintiffs further allege that Charles **Luce** "[has] used, handled or been otherwise exposed to **asbestos** and **asbestos**-containing products" and that such "exposure to **asbestos** and **asbestos**-containing products occurred at various locations as set forth in Exhibit 'A,' attached to plaintiffs' complaint." (*See* Compl. ¶ 9.) In Exhibit A, plaintiffs allege that Charles **Luce** was exposed to **asbestos** at various job sites, including a number of ships on which he worked during the time he was employed by the United States Navy, as well as six sites operated by private entities by whom he was employed. (*See* Compl. Ex. A.) With respect to the types of products to which Charles **Luce** was exposed at those job sites, plaintiffs allege:

> Plaintiff Charles **Luce** was exposed to **asbestos** of varied types and sources during his employment, which may have included, but is not limited to, **asbestos** containing: adhesives; *electrical components;* phenolic resins; wire/cable; arcs/chutes; scanners; scopes; radar equipment; electronics; cloth; paper; board; switches; gears; panels; tubes; insulation materials; brakes; clutches; gaskets; engines; motors; pumps; valves; packing; automobiles; trucks; other automotive component parts; boilers; steam traps; refractory materials; engines; *turbines;* compressors; condensers[;] and other materials containing **asbestos** currently unknown or unspecified by plaintiff.

(*See id.*) (emphasis added).

The above-quoted language in plaintiffs' complaint and Exhibit A thereto can be reasonably interpreted as alleging that Charles **Luce** was exposed to **asbestos** contained in turbines manufactured by Westinghouse and/or GE, as CBS and GE argue. The language, however, also can be reasonably interpreted as alleg-

ing that Charles **Luce** was exposed to **asbestos** contained in electrical components manufactured by Westinghouse and GE, as plaintiffs argue. Additionally, the language can be reasonably interpreted as alleging that Charles **Luce** was exposed to **asbestos** contained in any number of other products, for example, radar equipment, manufactured by Westinghouse and/or GE. The language also could be reasonably interpreted as alleging that Charles **Luce** was exposed to **asbestos** contained in a product manufactured by Westinghouse and/or GE that is not specifically identified in the complaint or in Exhibit A thereto. In sum, the complaint is ambiguous, both as to the types of **asbestos**-containing products to which Charles **Luce** was exposed, and as to which of those products was manufactured or sold by any specific defendant or its predecessor(s).

**\*3** In support of the instant motion and to clarify the ambiguity, plaintiffs submit a declaration of Charles **Luce.** "[I]f the basis for jurisdiction is ambiguous at the time of removal," a district court may consider "post-removal affidavits" to determine whether the court has jurisdiction over the removed complaint. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000). Here, as explained above, the complaint is ambiguous as to the type(s) of alleged Westinghouse and GE **asbestos**-containing products to which Charles **Luce** was exposed, i.e., whether such products were turbines, electrical components, both, or neither. Consequently, the Court finds it appropriate to consider Charles **Luce's** declaration.

In his declaration, Charles **Luce** states that during the years in which he was employed, he "worked extensively with **asbestos**-containing electrical components," including electrical components manufactured by Westinghouse and GE (*see* **Luce** Decl., filed February 10, 2010, ¶ 6), and he "did not work with or around any Westinghouse or [GE] marine turbines at any time during [his] lifetime" (*see id.* ¶ 7).[FN2]

> FN2. Consistent therewith, plaintiffs, in their motion to remand, state that "[c]ontrary to the basis for removal cited by [CBS] in its notice, the products at issue in this matter are not marine turbines, but rather the Westinghouse electrical components" (*see* Pls.' Mot., filed February 10, 2009, at 3:13-14), and that "[Charles] **Luce** was exposed to GE **asbestos**-containing electrical components in

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 963213 (N.D.Cal.)
**(Cite as: 2010 WL 963213 (N.D.Cal.))**

commercial and military applications, not turbines" (*see id.* at 20:24-25).

Because the declaration plainly indicates plaintiffs are claiming Charles **Luce** was exposed to **asbestos**-containing electrical components manufactured by Westinghouse and GE, and are not claiming he was exposed to **asbestos** in any turbine, and because neither CBS nor GE asserts that it manufactured any electrical component at the direction of a federal official, the Court finds there is no basis for federal jurisdiction over plaintiffs' claims against CBS or GE.

Accordingly, the motion to remand is hereby GRANTED, and the complaint is hereby RE-MANDED to the Superior Court for the State of California, in and for the County of San Francisco.

**IT IS SO ORDERED.**

N.D.Cal.,2010.
Luce v. A.W. Chesterton Co.
Slip Copy, 2010 WL 963213 (N.D.Cal.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT E**

1  TUCKER ELLIS & WEST LLP
   EVAN C. NELSON – SBN 172957
2  NICOLE GAGE – SBN 208658
   135 Main Street, Suite 700
3  San Francisco, California 94105
   Telephone: (415) 617-2400
4  Facsimile: (415) 617-2409
   evan.nelson@tuckerellis.com
5  nicole.gage@tuckerellis.com

6  Attorneys for Defendants
   ROCKWELL AUTOMATION, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  CHARLES LUCE and JEAN LUCE,          Case No.

12          Plaintiffs,                  **DEFENDANT ROCKWELL
                                         AUTOMATION, INC.'S NOTICE OF
13          v.                           REMOVAL OF ACTION UNDER 28
                                         U.S.C. § 1442(A)(1) (GOVERNMENT
14  A. W. CHESTERTON COMPANY, INC.;      CONTRACTOR IMMUNITY-ACTING
    ARMSTRONG INTERNATIONAL, INC.;       UNDER DIRECTION OF FEDERAL
15  ASBESTOS CORPORATION LTD.; BORG-     OFFICERS)
    WARNER CORPORATION by its successor-in-
16  interest BORGWARNER MORSE TEC IN.C;
    BUFFALO PUMPS, INC.; CBS
17  CORPORATION, a DELAWARE
    CORPORATION, individually, successor-in-
18  interest to and formerly known as VIACOM,
    INC. and WESTINGHOUSE ELECTRIC
19  CORPORATION; CRANE CO.; CROWN
    CORK & SEAL COMPANY, INC., individually
20  and as successor-in-interest to MUNDET CORK
    COMPANY; CUTLER-HAMMER, INC.;
21  DANA CORPORATION; DOUGLASS
    INSULATION COMPANY, INC.; DURABLA
22  MANUFACTURING COMPANY; ERICSSON,
    INC., individually and as successor-in-interest to
23  ANACONDA WIRE AND CABLE
    COMPANY, MARCONI CORPORATION PLC;
24  FORD MOTOR COMPANY; FMC
    CORPORATION; GARLOCK SEALING
25  TECHNOLOGIES, LLC, individually and
    successor-in-interest to GARLOCK, INC.;
26  GENERAL CABLE CORPORATION;
    GENERAL ELECTRIC COMPANY;
27  GRAYBAR ELECTRIC COMPANY;
    HONEYWELL INTERNATIONAL, INC.
28  individually and formerly known as ALLIED

                                    1
              DEFENDANT ROCKWELL AUTOMATION, INC.'S
                        NOTICE OF REMOVAL

RECEIVED

MAY 1 9 2010

Initials: SKA
Time: 12:30
Via: USPS

**EXHIBIT F**

1  Stephen M. Fishback (State Bar No. 191646)
   sfishback@kfjlegal.com
2  Daniel L. Keller (State Bar No. 191738)
   dkeller@kfjlegal.com
3  Tenny Mirzayan (State Bar No. 233471)
   tmirzayan@kfjlegal.com
4  **KELLER, FISHBACK & JACKSON LLP**
   18425 Burbank Blvd., Suite 610
5  Tarzana, CA 91356
   Telephone:  818.342.7442
6  Facsimile:  818.342.7616
7
   Attorneys for Plaintiff
8

9                **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12  CHARLES LUCE AND JEAN LUCE,          Case No. 3:10-CV-02111-MMC

13            Plaintiffs,                **NOTICE OF MOTION AND MOTION TO
                                         REMAND CASE TO CALIFORNIA**
14      v.                               **SUPERIOR COURT**

15  A.W. CHESTERTON COMPANY; et al.,     Date: July 23, 2010

16                                       Time: 9:00 a.m.
             Defendants.                 Judge:  Hon. Maxine M. Chesney
17                                       Courtroom: 7

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT G**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

Jul 08, 2010

FILED
CLERK'S OFFICE

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**                                            MDL No. 875

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-337)**

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 85,318 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Eduardo C. Robreno.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 14 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 14-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                                   MDL No. 875

## SCHEDULE CTO-337 - TAG-ALONG ACTIONS

| DIST. | DIV. | C.A. # | CASE CAPTION |
|-------|------|--------|--------------|

**CALIFORNIA CENTRAL**
| CAC | 2 | 10-3781 | Debra Neubrand, et al. v. A.W. Chesterton Co., et al. |

**CALIFORNIA NORTHERN**
| CAN | 3 | 10-1048 | Alan Bond v. CBS Corp., et al. |
| CAN | 3 | 10-1078 | Johnie D. Pelfrey, Jr., et al. v. CBS Corp., et al. |
| CAN | 3 | 10-1256 | Ned E. Cline, et al. v. CBS Corp., et al. |
| CAN | 3 | 10-2111 | Charles Luce, et al. v. A.W. Chesterton Co., Inc., et al. |
| CAN | 3 | 10-2214 | Frances Hruska, et al. v. A.W. Chesterton Co., et al. |
| CAN | 3 | 10-2670 | Valerie Anderson, et al. v. General Dynamics Corp. |
| CAN | 4 | 10-1231 | Maureen Grapenthin, et al. v. CBS Corp., et al. |

**CONNECTICUT**
| CT | 3 | 09-1053 | John Pianko, et al. v. General Electric Co., et al. |
| CT | 3 | 09-2085 | Lieselotte Zoldak, etc. v. Buffalo Pumps, Inc., et al. |
| CT | 3 | 10-50 | Timothy O. Moore, et al. v. CBS Corp., et al. |
| CT | 3 | 10-178 | Anthony Ferraiuolo, et al. v. Alfa Laval, Inc., et al. |
| CT | 3 | 10-310 | Dennis Gagnon v. CBS Corp., et al. |
| CT | 3 | 10-660 | Susan Lawton, etc. v. General Electric Co., et al. |
| CT | 3 | 10-845 | Joseph Killimade v. General Electric Co., et al. |

**DELAWARE**
| DE | 1 | 09-870 | Abed Semsarzadeh, et al. v. Ametek Inc., et al. |

**LOUISIANA EASTERN**
| LAE | 2 | 09-5896 | Judy Tabor v. George Engine Co., Inc., et al. |

**MAINE**
| ME | 2 | 10-212 | Willis Moore, et al. v. Metropolitan Life Insurance Co., et al. |

**NORTH CAROLINA MIDDLE**
| NCM | 1 | 10-394 | Edith Brown Kurfees, etc. v. Daniel International Corp., et al. |

**NORTH CAROLINA WESTERN**
| NCW | 1 | 09-454 | William Frank Byrum, et al. v. 3M Co., et al. |

**MDL No. 875 - Schedule CTO-337 Tag-Along Actions (Continued)**

| DIST. | DIV. | C.A. # | CASE CAPTION |
|-------|------|--------|--------------|

NEW JERSEY
| NJ | 3 | 10-2686 | Armand Deuber v. Asbestos Corp., Ltd., et al. |

RHODE ISLAND
| RI | 1 | 09-514 | Linda Groves, etc. v. A.W. Chesterton Co., et al. |

VIRGINIA EASTERN
| VAE | 4 | 10-3275 | Brenda J. Hartshorn v. Newport News Shipbuilding and Dry Dock Co., et al. |
| VAE | 4 | 10-3276 | Brenda J. Hartshorn v. Newport News Shipbuilding and Dry Dock Co., et al. |
| VAE | 4 | 10-3277 | Bernadine Adkins v. Air & Liquid Systems Corp., et al. |

WISCONSIN EASTERN
| WIE | 1 | 10-231 | Barbara L. Shew, etc. v. A.W. Chesterton Co., et al. |

WISCONSIN WESTERN
| WIW | 3 | 10-220 | Benjamin J. Yantorni, et al. v. Bondex International, Inc., et al. |

EXHIBIT H

# KELLER, FISHBACK & JACKSON LLP

N E W   Y O R K   ·   L O S   A N G E L E S   ·   S A N   F R A N C I S C O

July 8, 2010

*VIA FACSIMILE 202.502.2888*

Jeffery N. Luthi
Clerk of the Panel
United States Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, DC 20002

> Re: **Luce v. A.W. Chesterton, et al.**
> **USDC Case No.** 3:10-CV-02111-MMC
> **SFSC Case No.: CGC-09-275406**
> **MDL No.: 875**
> **CAN No.: 3 10-2111**
> **CTO No.: 337**

Dear Mr. Luthi:

On behalf of the plaintiff in the above-captioned action, I write to notify the Judicial Panel on Multidistrict Litigation of Plaintiff's opposition to the conditional transfer order transferring the above-captioned action to the United States District Court for the Eastern District of Pennsylvania. I also write to inform the Panel of Plaintiff's filing of a motion to remand the above-captioned action to the Superior Court of California, County of San Francisco set to be heard on July 23 2010, before the Honorable Maxine M. Chesney in the U.S. District Court for the Northern District of California. Accordingly, Plaintiff requests that any decision on the transfer of the above captioned to the Eastern District of Pennsylvania be continued to a date after Plaintiffs' motion to remand is heard on July 23, 2010. Plaintiff intends to file a motion to vacate the conditional transfer order and brief in support thereof in accordance with R.P.J.P.M.L. Rule 7.4.

Thank you for your attention regarding this matter. Please feel free to contact me should you have any questions.

Sincerely,

/s/

Tenny Mirzayan

18425 BURBANK BLVD., SUITE 610~ TARZANA, CALIFORNIA 91356
PH: 818.342.7442
FAX: 818.342.7616
WWW.KFJLEGAL.COM



# FAX COVER

**SEND TO:**

United States Judicial Panel On Multidistrict Litigation

**ATTENTION:**

Jeffery N. Luthi

**PHONE NUMBER:**

**FAX NUMBER:**

**FROM:**

Keller, Fishback & Jackson LLP

**REGARDING:**

Luce v. A.W. Chesterton, et al
USDC Case No. 3:10-CV-02111-MMC
SFSC Case No.: CGC-09-275406
MDL No: 875
CAN No.: 3 10-2111
CTO No: 337

**DATE:**

7.09.2010

**NUMBER OF PAGES, INCLUDING COVER:**

2

---

07/09/2010 08:37  18183427616                                              P.001

```
        *******************************
        ***        TX REPORT        ***
        *******************************
```

| JOB NO. | MODE | | NO. | DESTINATION TEL/ID | START TIME | PAGE | RESULT | |
|---------|------|-----|-----|--------------------|------------|------|--------|----|
| 1405 | TX | ECM | 001 | 12025022888 | 07/09 08:36 | 002 | OK | 00`33 |

FAXED

DATE 7/9/10

INTIALS SXA

**EXHIBIT I**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

Jul 13, 2010

FILED
CLERK'S OFFICE

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**

Charles Luce, et al. v. A.W. Chesterton Co., Inc., et al.,  )
N. D. California, C.A. No. 3:10-2111  )                    MDL No. 875

## NOTICE OF FILED OPPOSITION
## AND PUBLICATION OF BRIEFING SCHEDULE

Today, the Judicial Panel on Multidistrict Litigation filed the following pleading: Notice of Opposition filed by **Plaintiffs Charles Luce, et al.** to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings. In accordance with Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel.

The Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed below. See Rule 5.1.1 et seq. for filing options and requirements. Counsel filing oppositions in more than one action should file a single motion and brief with an attached schedule of actions. **Fax transmission of the motion and brief or response will not be accepted.** See Panel Rule 5.1.2(d).

Papers must be served on the attached Panel Service List. Attach a copy of this list to the certificate of service. (Counsel who have subsequently made appearances in this action should be added to the certificate of service).

All papers and correspondence filed with the Panel in this matter must bear the docket number and caption assigned by the Panel as noted above. The briefing schedule is set as follows:

**Rule 5.3 Corporate Disclosure Statements Due on or Before:   July 27, 2010**

**Motion and Brief Due on or Before:        July 27, 2010**

**Responses Due on or Before:               August 17, 2010**

Failure to file and serve the required motion and brief within the allotted 14 days will be considered a withdrawal of the opposition, and the stay of the conditional transfer order will be lifted.

Counsel will be notified if/when this matter is scheduled for hearing before the Panel. Rule 7.2(i) requires any party or counsel in these actions to notify this office promptly of any potential tag-along in which that party is also named or in which that counsel appears.

- 2 -

Any recent official change in the status of a referenced action should be brought to the attention of the Clerk's office as soon as possible by facsimile at (202) 502-2888.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-337)

Charles Luce, et al. v. A.W. Chesterton Co., Inc., et al., N. D. California, C.A. No. 3:10-2111
(Judge Maxine M. Chesney)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
**mjolley@lawpga.com**

Melissa R. Badgett
COOLEY MANION JONES
HAKE ET AL
201 Spear Street, Suite 1800
San Francisco, CA 94105
**rbadgett@cmjhklaw.com**

Anne Cherry Barnett
MCKENNA LONG &
ALDRIDGE LLP
101 California Street, 41st. Floor
San Francisco, CA 94111
**abarnett@mckennalong.com**

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
**jwblack@wardblacklaw.com**

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219
**rbudd@baronbudd.com**

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415
**jcooney@cooneyconway.com**

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
**ehugo@bhplaw.com**

Hillary H. Huth
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
**hhuth@wfbm.com**

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
**kjamison@pondnorth.com**

Kevin M. Jordan
BAKER BOTTS LLP
One Shell Plaza, 910 Louisiana
Houston, TX 77002-4995
**kevin.jordan@bakerbotts.com**

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
**pkalish@crowell.com**

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607
**skazan@kazanlaw.com**

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue,
Suite 3000
Dallas, TX 75204
**kraus@waterskraus.com**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074
**DLandin@Hunton.com**

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
**attylane@bellsouth.net**

Edward Kong Low
SONNENSCHEIN NATH &
ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105
**eklow@sonnenschein.com**

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606
**wmahoney@smsm.com**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038
**rcmalaby@mblaw.net**

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103
**jmcshea@mcshea-tecce.com**

**MDL No. 875 - Panel Service List (Excerpted from-CTO-337) (Continued)**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza. 32nd Floor
Spear Street Tower
San Francisco. CA 94105
**pmcweeny@schiffhardin.com**

Tenny Mirzayan
KELLER FISHBACK JACKSON LLP
18425 Burbank Boulevard
Suite 610
Tarzana. CA 91355
**tmirzayan@kfjlegal.com**

Evan Craig Nelson
TUCKER ELLIS & WEST LLP
135 Main Street. Suite 700
San Francisco. CA 94105
**evan.nelson@tuckerellis.com**

Farah Sohaili Nicol
MCKENNA LONG & ALDRIDGE LLP
444 South Flower Street. 8th Floor
Los Angeles. CA 90071-2901
**fnicol@mckennalong.com**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street. Suite 2000
San Francisco. CA 94111
**tpacker@gordonrees.com**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant. SC 29464
**OilSpillLitigationMDL@motleyrice.com**

Charles T. Sheldon
SEDGWICK DETERT MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower. 8th Floor
San Francisco. CA 94105
**charles.sheldon@sdma.com**

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston. MA 02110
**mthornton@tenlaw.com**

Walter G. Watkins. Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY LLP
P.O. Box 22608
Jackson. MS 39225-2608
**wwatkins@fpwk.com**

**EXHIBIT J**

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CHARLES LUCE, et al.,                    No. C-10-2111 MMC

12              Plaintiff,                    **CLERK'S NOTICE**

13   v.

14   A.W. CHESTERTON CO., INC., et al.,

15              Defendants.
     _____/

16

17

18       **YOU ARE NOTIFIED** that the hearing for Plaintiff's Motion to Remand previously noticed
19   for Friday, July 23, 2010 has been **VACATED** and the motion is deemed submitted on the papers.

20

21                                    **FOR THE COURT,**

22                                    Richard W. Wieking, Clerk

23   Dated: July 20, 2010

24                                    Tracy Lucero, Deputy Clerk

25

26

27

28

*(left margin, vertical text)* **United States District Court** For the Northern District of California

**EXHIBIT K**

Stephen M. Fishback (State Bar No. 191646)
sfishback@kfjlegal.com
Tenny Mirzayan (State Bar No. 233471)
tmirzayan@kfjlegal.com
**KELLER, FISHBACK & JACKSON LLP**
18425 Burbank Blvd., Suite 610
Tarzana, CA 91356
Telephone: 818.342.7442
Facsimile: 818.342.7616

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LUCE AND JEAN LUCE,<br><br>Plaintiffs,<br><br>v.<br><br>A.W. CHESTERTON COMPANY; et al.,<br><br>Defendants. | Case No.  3:10-CV-02111-MMC<br><br>**DECLARATION OF CHARLES LUCE IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT**<br><br>Date: July 23, 2010<br>Time: 9:00 a.m.<br>Judge:  Hon. Maxine M. Chesney<br>Courtroom: 7 |

1    I, Charles Luce, do hereby declare:

2        1.    I am over the age of 18 and am a plaintiff in the above caption matter.

3    All of the facts declared herein are personally known to me and if called upon to

4    testify to them, I could and would competently do so.

5        2.    I was born in 1929 and am 82 years old.

6        3.    Between 1948 and 1992, I worked as an electrician aboard various

7    commercial and military vessels and in shipyards, and as a ship inspector and

8    technical writer for various civilian employers such as Value Services Engineering,

9    M. Rosenblatt & Sons, Life Cycle Engineering, Envisions Engineering and National

10   Steel & Shipbuilding.

11       4.    During my career, I conducted shipboard investigations and researched

12   manufacturers' drawings and materials to gather data for use in writing texts and

13   technical manuals. I developed and modified electrical and electronic drawings for

14   conversion, modernization and repair of interior communication, lighting power and

15   sonar systems aboard various vessels. I also conducted pre-overhaul testing and

16   inspection of electrical equipment aboard vessels.

17       5.    I worked for the United States Navy Board of Inspection and Survey

18   between 1974 and 1978 inspecting electrical equipment for compliance with

19   contractor specification. In addition, I assessed material condition, maintenance

20   effectiveness and diagnosed problems with electrical equipment, including

21   generators, controllers, lighting, power and shipboard entertainment systems.

22       6.    Throughout my lifetime, I worked extensively with asbestos-containing

23   electrical components including insulated wire, control panels, arc chutes, arc

24   shields, electronic tubes, circuit breakers, fuses, fuse boxes, switchboards, switches,

25   switchgear manufactured by Allen-Bradley, Cutler-Hammer, Square D, Sylvania,

26   General Electric and Westinghouse. Those electrical components aboard

27   commercial vessels were identical and interchangeable with the components with

28   which I worked aboard military vessels. Additionally, I observed the same asbestos-

1  containing electrical components manufactured by Allen-Bradley, Cutler-Hammer,

2  Square D, Sylvania, General Electric and Westinghouse in non-maritime civilian

3  applications, including in commercial and residential structures.

4         Executed on June 10, 2010 in San Diego, California. I declare under the

5  penalty of perjury under the laws of the State of California that the foregoing is true

6  and correct.

7

8                                      Charles Luce

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF CHARLES LUCE IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE
TO CALIFORNIA SUPERIOR COURT**                                          PAGE 3

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 29, 2010

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7

8

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

9

10

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

11

12

13

Charles Luce v. A.W. CHESTERTON COMPANY; *et al.,* N.D. California, C. A. No. 3:10-cv-02111-MMC

14

15

16

PROOF OF SERVICE

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

## PROOF OF SERVICE

2          Case: <u>Luce v. A.W. Chesterton Company, et al.</u>
           USDC Case No.: 3:10-cv-02111-MMC

3

4          I am over the age of eighteen years and am employed in the county of Los Angeles, state of
California.  I am employed at KELLER, FISHBACK & JACKSON LLP, a law firm with
principals who are members of the Bar of the state of California, and I made the service referred to

5   below at their direction.  My business address is 18425 Burbank Blvd., Suite 610 Tarzana, CA
91356

6
           On **July 29, 2010** I served (a) true copy(ies) of:

7

8          **DECLARATION OF TENNY MIRZAYAN IN SUPPORT OF PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER;**

9          **PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER;**

10         **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL
TRANSFER**

11
     **[X]**    **EMAIL SERVICE** I emailed the document(s) listed above to:

12
                          **ALL DEFENDANTS**
13                       (See Attached Service List)

14         I have prepared the copy(ies) and/or the envelope(s) containing the copy(ies) to be served
in accordance with the manner described above for delivery  in accordance with normal practices.

15  I further certify that I am fully familiar with the regular business practices of Keller, Fishback &
Jackson LLP and I know the firm's procedures to be safe and reliable for delivery of said

16  document(s) as described above.
           I certify under penalty of perjury, under the laws of the state of California and the United

17  States of America, that the foregoing is true and correct.

18         Executed on **July 29, 2010** at San Francisco, California.

19                                                    **Yemi Kuku**

20

21

22

23

24

25

26

27

28

1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-337)

Charles Luce, et al. v. A.W. Chesterton Co., Inc., et al., N. D. California, C.A. No. 3:10-2111
(Judge Maxine M. Chesney)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
**mjolley@lawpga.com**

Melissa R. Badgett
COOLEY MANION JONES
HAKE ET AL
201 Spear Street, Suite 1800
San Francisco, CA 94105
**rbadgett@cmjhklaw.com**

Anne Cherry Barnett
MCKENNA LONG &
ALDRIDGE LLP
101 California Street, 41st. Floor
San Francisco, CA 94111
**abarnett@mckennalong.com**

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
**jwblack@wardblacklaw.com**

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219
**rbudd@baronbudd.com**

John D. Cooney
COONEY & CONWAY
120 North LaSalle Avenue, Suite 3000
Chicago, IL 60602-2415
**jcooney@cooneyconway.com**

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
**ehugo@bhplaw.com**

Hillary H. Huth
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
**hhuth@wfbm.com**

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
**kjamison@pondnorth.com**

Kevin M. Jordan
BAKER BOTTS LLP
One Shell Plaza, 910 Louisiana
Houston, TX 77002-4995
**kevin.jordan@bakerbotts.com**

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
**pkalish@crowell.com**

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607
**skazan@kazanlaw.com**

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue,
Suite 3000
Dallas, TX 75204
**kraus@waterskraus.com**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074
**DLandin@Hunton.com**

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
**attylane@bellsouth.net**

Edward Kong Low
SONNENSCHEIN NATH &
ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105
**eklow@sonnenschein.com**

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606
**wmahoney@smsm.com**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038
**rcmalaby@mblaw.net**

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103
**jmcshea@mcshea-tecce.com**

**MDL No. 875 - Panel Service List (Excerpted from-CTO-337) (Continued)**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105
**pmcweeny@schiffhardin.com**

Tenny Mirzayan
KELLER FISHBACK JACKSON LLP
18425 Burbank Boulevard
Suite 610
Tarzana, CA 91355
**tmirzayan@kfjlegal.com**

Evan Craig Nelson
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105
**evan.nelson@tuckerellis.com**

Farah Sohaili Nicol
MCKENNA LONG & ALDRIDGE LLP
444 South Flower Street, 8th Floor
Los Angeles, CA 90071-2901
**fnicol@mckennalong.com**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
**tpacker@gordonrees.com**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464
**OilSpillLitigationMDL@motleyrice.com**

Charles T. Sheldon
SEDGWICK DETERT MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
**charles.sheldon@sdma.com**

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110
**mthornton@tenlaw.com**

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY LLP
P.O. Box 22608
Jackson, MS 39225-2608
**wwatkins@fpwk.com**