**MDL 875**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
JUL 23 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BRENDA J. HARTSHORN,

    Plaintiff,

v.

    CIVIL ACTION NO. 4:10cv3275
    CIVIL ACTION NO. 4:10cv3276

NEWPORT NEWS SHIPBUILDING AND DRY DOCK CO., et al.,

    Defendant.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 29 2010

FILED
CLERK'S OFFICE

## OPINION AND ORDER

These unconsolidated, but related, matters are before the Court on two Motions to Remand and two Motions for a Hearing by Plaintiff Brenda J. Hartshorn ("Hartshorn").[1] On March 23, 2010, Hartshorn brought an asbestos suit in the Circuit Court for the City of Newport News against several defendants. On May 21, 2010, allegedly upon discovery that the asbestos exposure stemmed from Hartshorn's father's work on Navy vessels, Defendants Foster Wheeler Corporation ("Foster Wheeler") and General Electric Company ("General Electric") (collectively "Defendants") removed the case

---

[1] Although the two civil actions listed in the caption have not been formally consolidated, both defendants are represented by the same counsel, the cases constituted a single case prior to removal, and the allegations contained in the motions and briefs before the Court are largely duplicative. The only differences between the cases are minor details in each Defendant's factual conduct. Thus, although the Court disposes of these motions in a consolidated order, the Court has independently considered the facts of each case. MDL-875 VAE CTO 2 Actions
RECOMMENDED ACTION

OFFICIAL FILE COPY Approved/Date: _____

IMAGED JUL 29 2010

PLEADING NO. 6252

to this Court.[2] On May 25, 2010, Hartshorn moved to remand Foster Wheeler's case, alleging that the removal was improper, and on May 26, 2010, Hartshorn moved for an emergency hearing regarding this motion. On May 27, 2010, Hartshorn moved to remand General Electric's case and requested a hearing on that motion. Foster Wheeler and General Electric responded to these motions on June 7, 2010, and Hartshorn replied on June 10, 2010. Therefore these motions are now ripe for review.

The Court also notes that on July 8, 2010, both of these cases were conditionally transferred by the United States Judicial Panel on Multidistrict Litigation to the United States District Court for the Eastern District of Pennsylvania. (Conditional Transfer Order (CTO-337), MDL No. 875.) Notwithstanding this conditional transfer, this Court retains jurisdiction to decide the present motions to remand. In re: Asbestos Prod. Liab. Litig. (No. VI), 560 F. Supp. 2d 1367, 1368 n.2 (J.P.M.L. 2008) (noting that "the pendency of a [conditional transfer order] does not in any way . . . limit the pretrial jurisdiction of [the transferor] court" and that "accordingly, those courts wishing to address" any motions to remand are free to do so following the issuance of the conditional

---

[2] The Court notes that there is some disagreement concerning the timeliness of the Defendants' removals. (Br. Mot. Remand para. 2, 4:10cv3275 Docket No. 9; Br. Mot. Remand para. 16, 4:10cv3276 Docket No. 11.) Because the Court has determined that the removals were improper and now remands the cases on that basis, it need not address the issue of whether the removals were timely.

2

transfer order).

## I. STANDARD OF REVIEW

Because of the federalism issues inherent in removal of cases from state courts to federal courts, in cases alleging improper removal due to a lack of federal subject matter jurisdiction, the burden of proof is on the removing party to establish that removal was proper. E.g., Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). For the same reason, grants of federal jurisdiction are generally strictly construed in order to preserve our federal system of government. Id.

In this case Defendants' sole basis for claiming that removal was proper is 28 U.S.C. § 1442(a)(1). (Resp. Mot. Remand 1, 4:10cv3275 Docket No. 12; Resp. Mot. Remand 1, 4:10cv3276 Docket No. 14.) 28 U.S.C. § 1442 provides in pertinent part:

> (a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a)(1). Unlike most provisions for removal, 28 U.S.C. § 1442(a)(1) has been liberally construed for the purposes of protecting federal officers. Kolibash v. Committee on Legal Ethics of West Virginia Bar, 872 F.2d 571, 576 (4th Cir. 1989). At least one circuit has applied this rule of liberal construction to

3

cases involving defendants such as those here, who are not themselves federal officers but who merely allege to have been acting on behalf of federal officers. Isaacson v. Dow Chem. Co., 517 F.3d 129, 136 (2d Cir. 2008).

The Supreme Court of the United States has set forth three threshold requirements for parties who wish to invoke 28 U.S.C. § 1442(a)(1). See Mesa v. California, 489 U.S. 121, 124-25, 129, 131-32 (1989). First, the defendant must be a person to whom § 1442(a)(1) applies, such as a person who was "acting under an officer of the United States." Id., at 124-25 (quoting 28 U.S.C. § 1442(a)(1)) (internal quotation marks omitted). Second, the removing party must "allege a colorable defense under federal law." Id., at 129. This requirement is contained in the statutory provision that the acts occur "under color of [federal] office," without which the statute might be an unconstitutional expansion of federal jurisdiction. Id., at 135-36. However, to satisfy this requirement, the defendant need not establish that it will actually prevail under that defense. Id., at 129. Finally, there must be "a causal nexus between the plaintiff's claims and the acts performed by the defendant under the authority of a federal officer or agency," which is really another way of saying that the Defendant is being sued for an act under color of such office. Epperson v. Northrop Grumman Sys. Corp., No. 4:05cv2953, 2006 WL 90070, at *2 (E.D. Va. Jan. 11, 2006); see id. at 131-32. While

4

the causal nexus requirement has a similar premise to that of the colorable federal defense requirement, the two should not be confused; rather the Mesa Court noted that the "causal connection test . . . [is] a means of delimiting the pleading requirements for establishing a colorable defense." Mesa, 489 U.S. at 133.

Ultimately, each of the prongs of the Mesa test finds its origins in the language of the statute itself, and the judges of this District have repeatedly applied such requirements to failure to warn cases. See, e.g., King v. Northrop Grumman Sys. Corp., No. 4:05cv2951, at *5 (E.D. Va. Dec. 4, 2008); Epperson, No. 4:05cv2953, 2006 WL 90070, at *2; McCormick v. C.E. Thurston and Sons, Inc., 977 F. Supp. 400, 403 (E.D. Va. 1997) (citing Order of Oct. 19, 1988, Worley v. Celotex Corp., C.A. No. 88-243-N (E.D. Va. Oct. 19, 1988)).

## II. DISCUSSION

### A. Colorable Federal Defense

The parties' arguments in this case center primarily around whether Foster Wheeler has made a colorable showing that the government contractor immunity defense, set forth in Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988), might apply to this case. (Br. Mot. Remand paras. 14-36, 4:10cv3275 Docket No. 9; Br. Mot. Remand paras. 3-15, 4:10cv3276 Docket No. 11; Resp. Mot. Remand 7-8, 11-26, 4:10cv3275 Docket No. 12; Resp. Mot. Remand 5-21, 4:10cv3276 Docket No. 14; Reply Mot. Remand paras. 1-24,

4:10cv3275 Docket No. 14; Reply Mot. Remand paras. 1-24, 4:10cv3276 Docket No. 15.) Specifically, Defendants have questioned the various opinions from this District consistently holding that government contractor immunity applies to failure to warn cases only where the Government "mandate[d] a specific warning, or the lack thereof," such that "a civilian contractor can[not] follow government specifications while at the same time protect[ing] employees . . . by requiring printed warnings." Epperson, No. 4:05cv2953, 2006 WL 90070, at *2; accord McCormick, 977 F. Supp. at 403 (citing Order of Oct. 19, 1988, Worley, C.A. No. 88-243-N); see also Kaiu v. Raymark Indus. Inc. (In re Haw. Fed. Asbestos Cases), 960 F.2d 806, 813 (9th Cir. 1992) (holding that the defense applies only where the government's specifications specifically prohibited the warnings in question); Dorse v. Eagle-Picher Industries, Inc., 898 F.2d 1487, 1489 (11th Cir. 1990) (same); Grispo v. Eagle Picher Industries, Inc. (In re Joint E. & S. Dist. of N.Y. Asbestos Litig.), 897 F.2d 626, 632 (2d Cir. 1990) (same); cf. Boyle, 487 U.S. at 509 (stating that if "the contractor could comply with both its contractual obligations and the state-prescribed duty of care[,] [n]o one suggests that state law would generally be pre-empted" by the federal contractual duty that forms the basis for government contractor immunity). But see Oliver v. Oshkosh Truck Corp., 96 F.3d 992, 1003-04 (7th Cir. 1996) (instead setting forth a three-prong test similar to that used by Boyle for

design defects); Tate v. Boeing Helicopters (Tate I), 55 F.3d 1150, 1157 (6th Cir. 1995) (same); see also Yeroshefsky v. Unisys, Inc., 962 F. Supp. 710, 718 (D. Md. 1997) (following Tate). See generally Emory v. McDonnell Douglas Corp., 148 F.3d 347, 350 (4th Cir. 1998) (collecting cases applying government contractor immunity to failure to warn claims and stating in dicta that such cases were "reasoned soundly," without indicating a preference for either of the two tests).

Having reviewed the above cases and others like them, the Court is persuaded that the earlier opinions from this District are sound and that the holdings of such opinions, as most recently related in Epperson, should be followed. However, the Court need not reach the question of whether Defendants have alleged a colorable federal defense of government contractor immunity pursuant to such a failure to warn analysis, because the Court finds that Defendants have failed to meet the third requirement of Mesa by alleging a causal nexus between Hartsorn's claims and the acts performed by Foster Wheeler and General Electric under the authority of the Navy.

### B. Causal Nexus

In her opening and reply briefs, Hartshorn alleges that Defendants' removal is based on the "flawed premise" that her father's exposure to asbestos occurred only on U.S. Navy vessels and not on private vessels or facilities. (Br. Mot. Remand para.

7

3, 4:10cv3275 Docket No. 9; Br. Mot. Remand para. 3, 4:10cv3276 Docket No. 11; Reply Mot. Remand para. 3, 4:10cv3275 Docket No. 14; Reply Mot. Remand para. 3, 4:10cv3276 Docket No. 15.) Such assertions challenge Defendants' efforts to establish a causal nexus.

In order to allege a causal nexus, the defendant "'must by direct averment exclude the possibility that [the proceeding] was based on acts or conduct of his not justified by his federal duty.'" Mesa, 489 U.S. at 132 (quoting Maryland v. Soper (No. 1), 270 U.S. 9, 33 (1926)). The defendant need not admit to committing the acts in question; "[i]t is enough that his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution." Id. (quoting Soper, 270 U.S. at 33).

In this case, Hartshorn's complaint alleges that at least some of her father's exposure to asbestos occurred while working on private vessels "such as tankers, passenger liners[,] and cargo vessels," and that the asbestos-containing products on these ships were manufactured by Defendants. (Complaint para. 49; see also Reynolds Dep. 33-34, 38 (mentioning several private ships on which Hartshorn's father worked).) Neither Foster Wheeler nor General Electric has expressly denied the possibility that it produced the asbestos-containing equipment allegedly found on the privately-owned vessels where Hartshorn claims her father was exposed to

asbestos. Indeed, Defendants' pleadings leave open the possibility that a court that found government contractor immunity with respect to the equipment produced for the Navy vessels might nevertheless render judgment in full for Hartshorn on the basis of the equipment that Defendants allegedly produced for private vessels. Thus, because Defendants have not "directly averred" that Hartshorn's suit is based on their alleged actions under the authority of the Navy rather than on their alleged manufacturing of equipment for private vessels, they have failed to provide an adequate causal nexus as required by Mesa. Mesa, 489 U.S. at 133 (requiring that the removing party "must by direct averment exclude the possibility that [the proceeding] was based on acts or conduct of his not justified by his federal duty" (quoting Maryland v. Soper (No. 1), 270 U.S. 9, 33 (1926))).

General Electric also asserts that the arguments in Hartshorn's brief are directed against Foster Wheeler, and that therefore Hartshorn "has not presented any appropriate basis for remand because of [her] defective motion and brief." (Resp. Mot. Remand 2, 4:10cv3276 Docket No. 14; see Br. Mot. Remand para. 3, 4:10cv3276 Docket No. 11 ("[T]he Plaintiff adopts its May 26, 2010, Brief in Support filed with regard to Defendant Foster Wheeler's Notice of Removal, as if set forth herein.").) However, because the burden of justifying removal lies with the defendant, and because General Electric has not met this burden with respect to

9

the third prong of the Mesa test, any alleged deficiencies in Hartshorn's briefs are irrelevant.

### III. CONCLUSION

For the reasons discussed above, Hartshorn's Motions to Remand as to Foster Wheeler (4:10cv3275 Docket No. 8) and General Electric (4:10cv3276 Docket No. 10) are **GRANTED**, and these matters are therefore **REMANDED** to the Circuit Court for the City of Newport News. Finding that a hearing is not necessary for the disposition of these motions, Hartshorn's requests for hearings on these motions (4:10cv3275 Docket No. 8; 4:10cv3276 Docket No. 12) are **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Clerk of the Circuit Court for the City of Newport News, Virginia, to the Clerk of the United States Judicial Panel on Multidistrict Litigation, to the Clerk of the United States District Court for the Eastern District of Pennsylvania, and to all counsel of record.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 22, 2010