JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 3 2010

FILED
CLERK'S OFFICE

MDL 875

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LUCE and JEAN LUCE, | No. C-10-2111 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| A. W. CHESTERTON COMPANY, INC., et al., | |
| Defendants | |

Before the Court is plaintiffs Charles and Jean Luce's Motion to Remand Case to California Superior Court, filed June 15, 2010. Defendant Rockwell Automation, Inc. ("Rockwell") has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court rules as follows.[2]

//

---

[1] On July 19, 2010, after plaintiffs filed their reply, Rockwell filed a document titled "Summary of Arguments and Response to New Matters Raised for the First Time in Plaintiffs' Reply Brief" ("Summary"). Because Rockwell did not seek, let alone obtain, "prior Court approval" to file said document, see Civil L.R. 7-3(d), the Summary is hereby STRICKEN. The Court notes, however, that consideration of the Summary would not change the result stated herein.

[2] By a Clerk's notice filed July 20, 2010, the matter was taken under submission.

PLEADING NO. 6257

RECOMMENDED ACTION

VAC CTO -337
Approved/Date: AB 8/2/2010

OFFICIAL FILE COPY

IMAGED AUG 0 3 2010

In their complaint, plaintiffs allege that each plaintiff has been injured as a result of plaintiff Charles Luce's having been exposed to products containing asbestos. The complaint names over thirty defendants and sets forth the general types of products to which Charles Luce was exposed, but does not identify the specific product(s) manufactured or sold by any given defendant. According to Rockwell, however, plaintiffs "clarified" in their responses to Rockwell's interrogatories that the basis of their claim against Rockwell is Charles Luce's exposure to "electrical equipment" manufactured by Rockwell. (See Notice of Removal ¶ 3.) Subsequent to said responses, Rockwell, asserting it supplied the subject electrical equipment to the United States and that such equipment "would have been designed, manufactured, or supplied under the direction of an officer of the United States" (see id. ¶ 14), removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1).

Section 1442(a)(1) provides that a civil action commenced in a state court may be removed by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." See 28 U.S.C. § 1442(a)(1). "A [private] party seeking removal under section 1442 must demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (internal quotations and citations omitted).

At the outset, the Court must determine the nature of plaintiffs' claims against Rockwell. Rockwell contends the complaint alleges against Rockwell state law claims based on both a failure-to-warn theory and a design-defect theory, while plaintiffs assert they are not proceeding with design-defect claims against Rockwell. To the extent the complaint may be ambiguous as to the nature of the claims against Rockwell, any such ambiguity has been resolved in plaintiffs' motion, in which plaintiffs have expressly limited the scope of their claims against Rockwell to claims based on a failure-to-warn theory.

1 (See Mem. of P. & A. in Support of Pls.' Mot. to Remand at 15:20-26, 17:6-7.)

2 The Court next turns to the issue of whether the failure-to-warn claims alleged
3 against Rockwell are removable.

4 As noted, a party removing under § 1442 must establish, inter alia, a "colorable
5 federal defense." See Durham, 445 F.3d at 1251. Here, Rockwell relies on the federal
6 defense of "government contractor immunity." (See Notice of Removal ¶ 14.) Such
7 defense applies and "displaces state law only when the Government, making a
8 discretionary, safety-related military procurement decision contrary to the requirements of
9 state law, incorporates this decision into a military contractor's contractual obligations,
10 thereby limiting the contractor's ability to accommodate safety in a different fashion." See
11 In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 813 (9th Cir. 1992) (internal quotation
12 and citation omitted). Consequently, to establish such defense, Rockwell must show its
13 "obligations under its contract with the government were in conflict with its performance of
14 whatever state law might have been imposed on it." See Snell v. Bell Helicopter Textron,
15 Inc., 107 F.3d 744, 749 (9th Cir. 1997). Where, as here, the claims arising under state law
16 are based on a failure to warn, a "conflict" occurs when the government has "considered
17 the appropriate warnings, if any, that should accompany the product" or the government
18 has "approved reasonably precise specifications constraining [the contractor's] ability to
19 comply with whatever duty it may have had." See id. (internal quotations and citations
20 omitted).

21 In support of its argument that it has a colorable government contractor defense to
22 plaintiffs' failure-to-warn claims, Rockwell relies on the Declaration of Thomas F.
23 McCaffrey, a Commander in the United States Navy, who states that Rockwell "would not
24 have been permitted" to include on its electrical equipment "any type of warning or
25 cautionary statement not required or approved by the Navy without prior discussion,
26 approval, and acceptance by the Navy." (See McCaffrey Decl. ¶ 9.) McCaffrey also states
27 that because the Navy "did not consider asbestos-containing materials to be sufficiently
28 hazardous or toxic to add warning labels regarding the potential hazards of asbestos, or to

require such warnings be included in labels, until after 1970," the Navy "would have rejected any attempt by a manufacturer to add such a warning[ ] in the product manuals prior to 1970."[3] (See id. ¶ 13 (emphasis added).) Rockwell does not, however, assert, let alone offer evidence to show, that it proposed any type of warning to the Navy, much less that the Navy considered and rejected a warning. Rather, Rockwell's showing of a conflict between state law duties and its contract(s) with the federal government is based on a hypothetical set of facts, essentially, Rockwell's assumption that if Rockwell had proposed a warning, the Navy would have rejected it.

Several district courts have considered the type of showing submitted by Rockwell and have found such showing insufficient to establish a colorable federal defense to a failure-to-warn claim. Most recently, the Honorable Thelton E. Henderson of this District found that where, as here, a contractor does not offer any evidence that it proposed a warning to the government, the contractor "cannot rely on a hypothetical assertion that such an effort would have been futile." See Lindenmayer v. Allied Packing & Supply, Inc., No. C09-05800, 2010 WL 234906, at *6 (N.D. Cal. Jan. 14, 2010) (granting motion to remand); see also Holdren v. Buffalo Pumps, 614 F. Supp. 2d 129, 144 (D. Mass. 2009) (remanding action; holding government contractor defense "does not shield defendants where the government might have exercised its discretion and final authority but did not"); Prewett v. Goulds Pumps (IPG), No. C09-0838, 2009 WL 2959877, at *7 (W. D. Wash. Sept. 9, 2009) (remanding action; holding where defendant "provided no evidence that it ever attempted to warn, or that the Navy prohibited warnings," and relied solely on "hypothetical" theory that Navy "would have not allowed" defendant to place a warning on product if defendant had proposed a warning, defendant's "government contractor defense [was] not 'colorable'").

The Court agrees with the reasoning set forth in the above-cited cases. As

---

[3]The complaint does not specify the dates or years in which Charles Luce was exposed to asbestos in Rockwell products, but does allege Charles Luce was employed by the Navy from February 7, 1948 to March 31, 1978. (See Compl. Ex. A.)

explained in Lindenmayer, and equally applicable herein, "the federal government cannot have exercised its discretion to preclude [the contractor] from issuing asbestos warnings if the provision of asbestos warnings was never contemplated or proposed in the first place." See Lindenmayer, 2010 WL 234906, at *6. Indeed, the government contractor defense has been found to apply only where the Government has made a "discretionary, safety-related military procurement decision," see In re Hawaii Federal Asbestos Cases, 960 F.2d at 813 (holding defendants failed to establish government contractor defense where defendants did not show Navy "require[d] [defendants] to do anything with respect to the placement of warnings on their products"), and Rockwell has not shown the Navy was given any opportunity by Rockwell to make a decision regarding the propriety of warnings with respect to Rockwell's electrical equipment, let alone a discretionary, safety-related decision. See Snell, 107 F.3d at 748 (holding, where plaintiff alleged design-defect claim, defendant not entitled to government contractor defense if "government did not exercise judgment with respect to the design feature in question"). Consequently, Rockwell has failed to show it has a colorable federal defense to plaintiffs' failure to warn claims.[4]

Accordingly, the motion to remand is hereby GRANTED, and the complaint is hereby REMANDED to the Superior Court for the State of California, in and for the County of San Francisco.

**IT IS SO ORDERED.**

Dated:  July 29, 2010

MAXINE M. CHESNEY
United States District Judge

---

[4] In light of this finding, the Court does not address plaintiffs' alternative argument that the Notice of Removal was untimely.