JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 7 2010

FILED
CLERK'S OFFICE

1  Edward R. Hugo [Bar No. 124839]
   Charles S. Park [Bar No. 161430]
2  cpark@bhplaw.com
   Thomas J. Moses [Bar No. 116002]
3  tmoses@bhplaw.com
   BRYDON HUGO & PARKER
4  135 Main Street, 20th Floor
   San Francisco, CA 94105
5  Telephone: (415) 808-0300
   Facsimile: (415) 808-0333
6
7  Attorneys for Defendant
   FOSTER WHEELER LLC

MDL 875

8
9                UNITED STATES DISTRICT COURT

10           EASTERN DISTRICT OF PENNSYLVANIA

                                        DMR

11 IN RE: ASBESTOS PRODUCTS LIABILITY
   LITIGATION
12
   NO VI                               MDL 875
13
14 This Document Relates To:

15
16
17              UNITED STATES DISTRICT COURT

18        NORTHERN DISTRICT OF CALIFORNIA   DMR
                                 CV 10 3468
19

20 THOMAS O. MORRIS,
21          Plaintiff,              U.S. District Court Case No. _____
      vs.
22                                  San Francisco Superior Court Case No.
   CROWN CORK & SEAL COMPANY,       CGC-10-275609
23 INC.; THOMAS DEE ENGINEERING
   COMPANY; FOSTER WHEELER LLC      DEFENDANT FOSTER WHEELER LLC's
24 (FKA FOSTER WHEELER              NOTICE OF TAG-ALONG ACTION
   CORPORATION); INGERSOLL-RAND
25 COMPANY; METROPOLITAN LIFE
   INSURANCE COMPANY; PARKER-
26 HANNIFIN CORPORATION; CBS
   CORPORATION (FKA VIACOM INC.,
27 FKA WESTINGHOUSE ELECTRIC
   CORPORATION); WESTERN
28 MacARTHUR COMPANY; MacARTHUR
   COMPANY; WESTERN ASBESTOS

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

OFFICIAL FILE COPY

IMAGED AUG 1 7 2010

1

DEFENDANT FOSTER WHEELER LLC's NOTICE OF TAG-ALONG ACTION

1 | COMPANY; HONEYWELL
INTERNATIONAL, INC.;
2 | CATERPILLAR, INC.; NAVISTAR, INC.;
HOPEMAN BROTHERS, INC.;
3 | QUINTEC INDUSTRIES, INC.; J.T.
THORPE, INC.; J.T. THORPE & SON,
4 | INC.; and DOES 1-8500,

5 |         Defendants.

6

7 | **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF**

8 | **CALIFORNIA, PLEASE TAKE NOTICE OF THE FOLLOWING:**

9 |        1.     On July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an

10 | order transferring all asbestos cases pending in federal court to the United States District

11 | Court, Eastern District of Pennsylvania, for coordination pretrial proceedings pursuant to

12 | 28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions,"

13 | or actions involving common questions of fact filed after the January 17, 1991, filing of

14 | the Panel's Order to Show Cause. MDL Rule 13(e) provides:

15 |            Any party of counsel in actions previously transferred under
16 |            section 1407 or under consideration by the Panel for transfer under
17 |            section 1407 shall promptly notify the Clerk of the Panel of any
           potential "tag-along actions" in which that party is aslo named or
18 |            in which that counsel appears.

19 |        2.     The undersigned hereby notifies the court that this state court action being

20 | removed (a copy of the removed state court complaint is attached hereto as Exhibit "A")

21 | is a potential "tag-along action" which is subject to transfer to the Eastern District of

22 | Pennsylvania. The Clerk of the Panel may either (1) enter a conditional transfer order

23 | pursuant to MDL Rule 12(a), or (2) file an order to show cause why the action should not

24 | be transferred, pursuant to MDL Rule 13(b).

25 | ///

26 | ///

27 | ///

28 | ///

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2

DEFENDANT FOSTER WHEELER LLC's NOTICE OF TAG-ALONG ACTION

1        3.    Defendant FOSTER WHEELER LLC ("Foster Wheeler") is providing

2    written notice of this Notice of Tag-Along Action to all adverse parties.  Foster Wheeler

3    reserves the right to amend or supplement this Notice of Tag-Along Action.

4    Date: August 9, 2010                         BRYDON HUGO & PARKER

7                              By:

                              Edward R. Hugo

8                                  Charles S. Park

                              Thomas J. Moses

9                                  Attorneys for Defendant

                              FOSTER WHEELER LLC

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT FOSTER WHEELER LLC's NOTICE OF TAG-ALONG ACTION

1    **<u>Via Hand Delivery</u>**

2    David R. Donadio, Esq.
     BRAYTON❖PURCELL
3    222 Rush Landing Road
     Novato, CA 94948
4    Tel: (415) 898-1555

5    ATTORNEYS FOR PLAINTIFF

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4

DEFENDANT FOSTER WHEELER LLC's NOTICE OF TAG-ALONG ACTION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 7 2010

FILED
CLERK'S OFFICE

# EXHIBIT A

SUM-100

## SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CROWN CORK & SEAL COMPANY, INC.;
Defendants as Reflected on Exhibit 1
attached to the Summary Complaint herein; and DOES 1-8500.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THOMAS O. MORRIS

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

1001976&
7|16|10

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucort.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
**CGC-10-275609**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es):*
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✦PURCELL LLP
222 Rush Landing Road, Novato, CA 94948-6169          (415) 898-1555          **M.A. MORAN**

DATE:  **JUN 2 9 2010**    CLERK OF THE COURT    Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Foster Wheeler LLC(FKa Foster Wheeler Corporation)

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60(minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association of partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1

2

3    CROWN CORK & SEAL COMPANY, INC.
     THOMAS DEE ENGINEERING COMPANY
4    FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)
5    INGERSOLL-RAND COMPANY
     METROPOLITAN LIFE INSURANCE COMPANY
6    PARKER-HANNIFIN CORPORATION
     CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
7    WESTERN MacARTHUR COMPANY
     MacARTHUR COMPANY
8    WESTERN ASBESTOS COMPANY
     HONEYWELL INTERNATIONAL, INC.
9    CATERPILLAR, INC.
     NAVISTAR, INC.
10   HOPEMAN BROTHERS, INC.
     QUINTEC INDUSTRIES, INC.
11   J.T. THORPE, INC.
     J.T. THORPE & SON, INC.
12   and DOES 1-8500,

13       Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Thomas O. Morris vs. Crown Cork & Seal Company, Inc., et al.
     San Francisco Superior Court

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

CASE NUMBER: CGC-10-275609  THOMAS O MORRIS VS. CROWN CORK & SEAL COMPAN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

       **DATE:**     **JUN-16-2011**

       **TIME:**     **1:30PM**

       **PLACE:**   **Department 220**
                   **400 McAllister Street**
                   **San Francisco, CA  94102-3680**

All parties must appear and comply with California Rules of Court 3.110

---

**CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.**

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>DAVID R. DONADIO, ESQ., STATE BAR NO. 154436<br>BRAYTON❖PURCELL LLP<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>TELEPHONE NO.: (415) 898-1555     FAX NO.: (415) 898-1247<br>ATTORNEY FOR (NAME): Plaintiff(s) | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS:  400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | **ENDORSED**<br>**FILED**<br>Superior Court of California<br>County of San Francisco<br><br>JUN 29 2010<br><br>**CLERK OF THE COURT**<br>MARY ANN MORAN<br>BY:   Deputy Clerk |

CASE NAME:
THOMAS O. MORRIS vs. CROWN CORK & SEAL COMPANY, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited     ☐ Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC-10-275609**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☒ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400-3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental / Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-judgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☒ punitive
4. Number of causes of action *(specify)*: 8
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/26/10

David R. Donadio
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal.Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1  DAVID R. DONADIO, ESQ., S.B. #154436
2  KSENIA L. SNYLYK, ESQ., S.B. #265399
   BRAYTON✦PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
4  P.O. Box 6169
   Novato, California 94948-6169
5  (415) 898-1555

6  Attorneys for Plaintiff

ASBESTOS
CASE MANAGEMENT CONFERENCE

JUN 1 6 2011 1:30 PM

DEPARTMENT   220

ENDORSED
FILED
Superior Court of California
County of San Francisco

JUN 2 9 2010

CLERK OF THE COURT
BY: MARY ANN MORAN
Deputy Clerk

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10

11  THOMAS O. MORRIS,                    )   ASBESTOS
                                         )   No.      CGC-10-275609
12             Plaintiff,                )
                                         )
13  vs.                                  )   COMPLAINT FOR PERSONAL INJURY -
                                         )   ASBESTOS
14  CROWN CORK & SEAL COMPANY,           )
    INC.; Defendants as Reflected on Exhibit 1 )
15  attached to the Summary Complaint    )
    herein; and DOES 1-8500.             )
16                                       )

17       1.      Plaintiff THOMAS O. MORRIS was born September 4, 1942.

18       2.      The ©Brayton✦Purcell Master Complaint for Personal Injury [and Loss of

19  Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

20  Francisco Superior Court. A copy of the Master Complaint and General Order No. 55 may be

21  obtained upon request from Brayton✦Purcell, and designated portions of the Master Complaint

22  are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

23  Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

24  ///

25  ///

26  ///

27                          THIS CASE IS SUBJECT TO
                            MANDATORY ELECTRONIC FILING
28                          PURSUANT TO AMENDED G.O. 158

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

K:\Injured\112225\PLD\cmp-zipMst.wpd

1
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**DEFENDANTS* ON EXHIBITS:**

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | | | | | | | | | | | | | |
| Second (Strict Liability) | ☒ | ☒ | | | | | | | | | | | | |
| Third (False Representation) | ☐ | ☐ | | | | | | | | | | | | |
| Fourth (Loss of Consortium) | ☐ | ☐ | | | | | | | | | | | | |
| Fifth (Premises Owner/ Contractor Liability) | | ☒ | ☒ | | | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | ☒ | | | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | ☐ | | | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | ☐ | | | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | ☐ | | | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ☒ | | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | ☒ | | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | ☒ | | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | ☐ | | |
| Twenty-First (Aiding/Abetting Battery - Met Life) | | | | | | | | | | | ☐ | ☐ | ☐ | ☐ |
| Twenty-Second (Civil Battery) | | | | | | | | | | | | | | ☒ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

1    3.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and
2  history of exposure to asbestos are as stated on Exhibit A.

3    4.    Plaintiff's claims against defendant CBS CORPORATION (F/K/A VIACOM
4  INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) exclude plaintiff's asbestos
5  exposure at military and federal government jobsites and aboard U.S. Navy vessels.

6    5.    Plaintiff hereby amends the Master Complaint on file herein, to incorporate a
7  new Twenty-First Cause of Action, set forth below, specially plead against the defendant listed
8  on Exhibit N, namely METROPOLITAN LIFE INSURANCE COMPANY. (Plaintiffs are in
9  the process of amending the Master Complaint herein and will include this new Cause of Action
10  in said amendment.)

11                "TWENTY-FIRST CAUSE OF ACTION
12                Aiding and Abetting Battery
          [Against Metropolitan Life Insurance Company
13              and Does 7501-7900, Inclusive]

14    AS AND FOR A FURTHER, TWENTY-FIRST, SEPARATE AND DISTINCT
15  CAUSE OF ACTION FOR AIDING AND ABETTING BATTERY, PLAINTIFF
16  COMPLAINS OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY,
17  DEFENDANTS ON EXHIBIT N, DOES 7501-7900, THEIR ALTERNATE ENTITIES AND
18  EACH OF THEM, AND ALLEGES AS FOLLOWS:

19    225.    Plaintiff incorporates herein by reference, as though fully set forth hereat, each
20  and every allegation of the First through Third and Sixteenth, Seventeenth, Eighteenth and
21  Nineteenth Causes of Action as though fully set forth herein. (As used throughout this cause of
22  action, 'plaintiff' refers to all named plaintiffs and/or all named decedents from whom the
23  named plaintiff's injuries may derive.)

24    226. This cause of action is for the aiding and abetting of battery by METROPOLITAN
25  LIFE INSURANCE COMPANY ("MET LIFE"), primarily through its assistant medical
26  director Anthony Lanza, M.D., of a breach of duty committed by Johns-Manville Corporation
27  ("J-M").

28  ///

1      227. Plaintiff is informed and believes, and thereon alleges, that at all times herein
2  mentioned defendant MET LIFE was and is a corporation organized and existing under and by
3  virtue of the laws of the State of New York or the laws of some other state or foreign
4  jurisdiction, and that this defendant was and is authorized to do and/or was and is doing
5  business in the State of California, and regularly conducted or conducts business in the County
6  of San Francisco, State of California. At times relevant to this cause of action, MET LIFE was
7  an insurer of J-M.

8      228. Plaintiff, was exposed to asbestos-containing dust created by the use of the
9  asbestos products manufactured, distributed and/or supplied by J-M. This exposure to the
10  asbestos or asbestos-related products supplied by J-M caused Plaintiff's asbestos-related disease
11  and injuries.

12      229. Starting in 1928, MET LIFE sponsored studies of asbestos dust and asbestos-
13  related disease in Canadian mines and mills, including those of J-M. Those studies revealed
14  that miners and mill workers were contracting asbestosis at relatively low levels of dust.
15  McGill University, which conducted the studies, sought permission from MET LIFE to publish
16  the results but they were never published. MET LIFE prepared its own report of these studies.

17      230. Between 1929 and 1931, MET LIFE studied dust levels and disease at five U.S.
18  plants manufacturing asbestos-containing products, including a J-M plant. Those studies
19  showed that workers in substantial numbers were contracting asbestosis, at levels less than what
20  became the Threshold Limit Value ('TLV") of 5mppcf. The MET LIFE report was never
21  published or disseminated except to plant owners, including J-M.

22      231. In 1932, MET LIFE studied dust levels and disease at the J-M plant at Manville,
23  New Jersey. Results were consistent with those of the Canadian and previous U.S. plant
24  studies. They were never published.

25      232. In 1934, J-M and others whose plants MET LIFE had studied agreed with MET
26  LIFE that it should issue a report of its studies.

27  ///

28  ///

1    233. MET LIFE submitted a draft of its report to J-M. J-M requested, for legal and
2  business reasons, that certain critical parts of the draft be changed. MET LIFE's official in
3  charge was Lanza. MET LIFE through Lanza did make changes that J-M requested, including:

4        (a)    Deletion of MET LIFE's conclusion that the permissible dust level for asbestos
5               should be less than that for silica;

6        (b)    Addition of the phrase that asbestosis clinically appeared to be milder than
7               silicosis.

8  The report, thus altered, was published in 1935. It was misleading, and intentionally so,
9  because it conveyed the incorrect propositions that asbestosis was a less serious disease process
10 than silicosis and that higher levels of asbestos dust could be tolerated without contracting
11 diseases than was the case for silica dust.

12       234. MET LIFE had a close relationship with J-M. It invested money in J-M. It
13 provided group health and life insurance to J-M. MET LIFE IN 1934 agreed to supply
14 industrial hygiene services to J-M, including dust counts, training employees to monitor dust
15 levels, examining employees, and recommending protective equipment. MET LIFE and Lanza
16 were viewed as experts on industrial dusts.

17       235. In 1933, MET LIFE through Lanza issued the following advices to J-M:

18       (a)    Disagreeing with the recommendation of a J-M plant physician, MET LIFE
19              advised against warning workers of the fact that asbestos dust is hazardous to
20              their health, basing its advice in view of the extraordinary legal situation;

21       (b)    When the plant physician judged the best disposition of an employee with
22              asbestosis was to remove him from the dust, MET LIFE advised instead that
23              disposition should depend on his age, nature of work and other factors and to
24              leave him alone if he is old and showing no disability, for, MET LIFE stated,
25              economic and production factors must be balanced against medical factors.

26       236. J-M followed the MET LIFE advices and did not warn its workers, including
27 plaintiff, of the hazards of asbestos dust, and J-M also intentionally refrained from notifying
28 workers of their disease.

1        237. In 1936, MET LIFE, J-M and others founded the Air Hygiene Foundation
2   ("AHF"). One of the AHF purposes was to develop standards for dust levels that would serve
3   as a defense in lawsuits and workers' compensation claims.

4        238. MET LIFE funded partially another study that tentatively recommended in 1938 a
5   TLV for asbestos dust of 5mpccf, the same as for silica dust. MET LIFE was aware of data
6   from its own, unpublished reports that showed that level was too high for asbestos dust. MET
7   LIFE nonetheless promoted that TLV as proper.

8        239. In June 1947, the Industrial Hygiene Foundation ("IHF") which succeeded to the
9   AHF, issued a report of studies by Dr. Hemeon of U.S. asbestos plants, including a J-M plant.
10  That report showed that workers exposed to less than the recommended maximum levels of
11  dust were developing disease. MET LIFE was a member of the IHF and Lanza was on its
12  medical committee. The Hemeon report, which was supplied to J-M and other owners, never
13  was published.

14       240. In 1936, J-M and other asbestos companies agreed with a leading medical research
15  facility, Saranac Laboratories, that Saranac would research asbestos disease, but J-M and the
16  others retained control over publication of the results. In 1943 Saranac's Dr. Leroy Gardner, in
17  charge of the research, sent a draft to J-M that revealed that 81.8% of mice exposed to long
18  fiber asbestos contracted cancer.

19       241. Dr. Gardner died in 1946. J-M and other companies wanted parts of the Saranac
20  results published and enlisted the assistance of MET LIFE's Lanza. J-M and other companies
21  decided that Saranac's findings of cancer caused by asbestos in mice must be deleted, as well as
22  Saranac's critique of existing dust standards. Lanza directed Saranac to delete the offending
23  materials. Saranac did so, and the altered report was published in 1951 by Saranac's Dr.
24  Vorwald, in the *AMA Archives of Industrial Hygiene.*

25       242. Lanza left MET LIFE at the end of 1948, and took a position at New York
26  University, funded by MET LIFE. He continued to misrepresent that asbestos does not cause
27  cancer into the 1950s.

28  ///

1    243. The IHF (formerly AHF), of which MET LIFE was a member and MET LIFE

2    official was on its medical committee, through Drs. Braun and Truan conducted a study of

3    Canadian miners. The original report, in 1957, found an increased incidence of lung cancer in

4    persons exposed to asbestos. The sponsors, including J-M, caused those findings to be stricken,

5    and the report published in 1958 contained the false conclusion that asbestos exposure alone did

6    not increase the risk of lung cancer.

7    244. The false and misleading reports that a link between asbestos exposure and cancer

8    was not proven influenced the TLV, for if a substance causes cancer the TLV must be very low

9    or zero.

10    245. J-M not later than 1933 was inflicting asbestos dust on its workers in its plants

11    knowing that the dust was hazardous and was causing workers to contract disease that could

12    and would disable and kill them. As MET LIFE advised, J-M did not warn its workers of the

13    hazard. J-M committed battery on workers in its plants, including plaintiff, by that conduct.

14    246. MET LIFE knew that J-M's conduct constituted a breach of its duties to its

15    workers. MET LIFE gave substantial assistance to J-M in committing batteries on its workers,

16    including plaintiff, through MET LIFE's conduct described above, including by:

17        (a)   Affirmatively urging J-M not to warn workers of the hazards of asbestos dust, in

18            view of the extraordinary legal situation, such that J-M did not warn its workers,

19            including plaintiff;

20        (b)   Deleting the findings of its own draft report that the allowable limits for asbestos

21            dust should be less than those for silica dust, and promoting a false and unsafe

22            TLV which specified maximum levels of silica dust, and promoting a false and

23            unsafe TLV which specified maximum levels of dust for workers, including

24            plaintiff, which MET LIFE knew was wrong through its own studies;

25    ///

26    ///

27    ///

28

1      (c)    Advising J-M to keep certain workers continuing to work at dusty areas in the

2      plant even after J-M was aware that their lungs showed asbestos-induced

3      changes, lest other workers including plaintiff be alerted to the dangers of

4      working in the dust.

5    WHEREFORE, plaintiff prays judgment as is hereinafter set forth."

6  Dated: 6/26/11              BRAYTON❖PURCELL LLP

7

8                       By:

9                          David R. Donadio
                          Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1

## EXHIBIT 1 - LIST OF DEFENDANTS

2

3     CROWN CORK & SEAL COMPANY, INC.
    THOMAS DEE ENGINEERING COMPANY
4     FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)
    INGERSOLL-RAND COMPANY
5     METROPOLITAN LIFE INSURANCE COMPANY
    PARKER-HANNIFIN CORPORATION
6     CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
    WESTERN MacARTHUR COMPANY
7     MacARTHUR COMPANY
    WESTERN ASBESTOS COMPANY
8     HONEYWELL INTERNATIONAL, INC.
    CATERPILLAR, INC.
9     NAVISTAR, INC.
    HOPEMAN BROTHERS, INC.
10     QUINTEC INDUSTRIES, INC.
    J.T. THORPE, INC.
11     J.T. THORPE & SON, INC.
    and DOES 1-8500,
12

13       Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\12225\PLD\cmp-pipMei.wpd           10
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT A

1

## EXHIBIT A

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Copper River Inc. Seattle, WA | Copper River Co., Cordova, AR | Laborer | 07/1959-09/1962 |
| | Lake Union Dryd Dock Co., 2470 West Lake North, Seattle, WA | | |
| Eugene Duncan Duncan Engine Co. Seattle, WA | Lake Union Dry Dock Co., Seattle, WA | Machinist | 10/1961-03/1962 |
| U.S. Navy | EVERETT LARSON (DD-830) Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 1962-1966 |
| | Naval Repair Facility, Subic Bay, Philippines | | (approximately 2 weeks) |
| | Naval Repair Facility, Sasebo, Japan | | (approximately 2 weeks) |
| | Naval Repair Facility Yokosuka, Japan | | (approximately 2 weeks) |
| U.S. Navy | Boiler Technician School, Philadelphia, PA | Trainee | 1966-1967 |
| U.S. Navy | ROGERS (DD-876) Naval Repair Facility, San Diego, CA | Boiler Tender | 05/1967-06/1967 (approximately 2 months) |
| U.S. Navy | BROOKE (DEG-1) Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 07/1967-12/1969 |
| U.S. Navy | RICHARD S. EDWARDS (DD-950) Pearl Harbor Naval Shipyard, Honolulu, HI | Boiler Tender | 12/1973-03/1974 |

///

EXHIBIT A

1                    EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | HENRY B. WILSON (DDG-7) Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 08/1974-08/1979 |
| | Naval Repair, Subic Bay, Philippines | | (approximately 4-5 days) |
| | Naval Repair Facility Sasebo, Japan | | |
| | Naval Air Station, North Island San Diego, CA | | (approximately 1-2 weeks) |
| U.S. Navy | JASON (AR-8) Pearl Harbor Naval Shipyard, Honolulu, HI | Boiler Tender (Assistant Machinery Division Repair Officer) | 11/1982-11/1985 |
| | DAVIDSON (DE-1045) | | |
| U.S. Navy | KNOX (DE-1052) Pearl Harbor Naval Shipyard, Honolulu, HI | Boiler Technician | 03/1989-07/1991 |

NON-OCCUPATIONAL EXPOSURE:

FRICTION:

Beginning in the 1950s through the 1970s, plaintiff performed automotive repair work on his own personal vehicles. Plaintiff performed approximately 20 brake replacement jobs. Plaintiff performed a similar procedure during each brake replacement job. Plaintiff removed the existing asbestos-containing brakes and blew out the remaining asbestos-containing brake dust and wiped the assembly. Plaintiff recalls using BENDIX (HONEYWELL INTERNATIONAL, INC.) asbestos-containing replacement brake pads.

Plaintiff purchased a new, 1973 VOLSKWAGEN (VOLKSWAGEN GROUP OF AMERICA, INC. (FKA VOLKSWAGEN OF AMERICA, INC.)) from a VOLSKWAGEN (VOLKSWAGEN GROUP OF AMERICA, INC. (FKA VOLKSWAGEN OF AMERICA, INC.)) dealership in Philadelphia, Pennsylvania. Plaintiff removed the original manufacturer's equipment asbestos-containing brakes from this vehicle and installed new asbestos-containing replacement brake pads.

///                                        EXHIBIT A

1   EXHIBIT A (cont'd.)

2

3   Plaintiff purchased a new 1977 INTERNATIONAL HARVESTER (NAVISTAR, INC.), from
an unknown dealership in Montana.  Plaintiff removed the original manufacturer's equipment
4   asbestos-containing brakes from this vehicle and installed new asbestos-containing replacement
brake pads.
5

6       Plaintiff's exposure to asbestos and asbestos-containing products caused severe and

7   permanent injury to the plaintiff, including, but not limited to breathing difficulties and/or other

8   lung damage.  Plaintiff was diagnosed with asbestosis on or about January 2010.

9       Plaintiff retired from his last place of employment at regular retirement age.  He has

10  therefore suffered no disability from his asbestos-related disease as "disability" is defined in

11  California Code of Civil Procedure § 340.2.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                    **EXHIBIT A**

K:\Injured\11222\PLD\cmp-pipMst.wpd                14
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT B

1          **EXHIBIT B**

2     **DEFENDANTS**

3     CROWN CORK & SEAL COMPANY, INC.              PARKER-HANNIFIN CORPORATION
      THOMAS DEE ENGINEERING COMPANY               QUINTEC INDUSTRIES, INC.
4     FOSTER WHEELER LLC (FKA FOSTER               WESTERN MacARTHUR COMPANY
          WHEELER CORPORATION)                     MacARTHUR COMPANY
5     INGERSOLL-RAND COMPANY                       WESTERN ASBESTOS COMPANY
      METROPOLITAN LIFE INSURANCE                  HONEYWELL INTERNATIONAL, INC.
6         COMPANY                                  CATERPILLAR, INC.
      CBS CORPORATION (FKA VIACOM INC., FKA        NAVISTAR, INC.
7         WESTINGHOUSE ELECTRIC CORPORATION)       DOES 1-800

8                          **ALTERNATE ENTITY**

9     CROWN CORK & SEAL COMPANY,          MUNDET CORK COMPANY
          INC.
10
      FOSTER WHEELER LLC                  FOSTER WHEELER CORPORATION
11
      INGERSOLL-RAND COMPANY              INGERSOLL-DRESSER PUMP
12                                        DRESSER-RAND CO.
                                          PACIFIC PUMP WORKS
13                                        FLOWSERVE CORPORATION
                                          INGERSOLL ROCK DRILL COMPANY
14                                        TERRY STEAM TURBINE CO.
                                          WHITON MACHINE COMPANY
15                                        RAND DRILL COMPANY
                                          RAND & WARING DRILL AND COMPRESSOR COMPANY
16                                        INGERSOLL-SERGEANT
                                          SCHLAGE LOCK COMPANY
17                                        VON DUPRIN
                                          THE TORRINGTON COMPANY
18                                        BLAW-KNOX COMPANY
                                          ALDRICH PUMPS
19                                        HUSSMANN CORPORATION

20    PARKER-HANNIFIN CORPORATION         SACOMA-SIERRA, INC.
                                          SACOMA MANUFACTURING COMPANY
21                                        E.I.S. AUTOMOTIVE CORPORATION
                                          CONDREN CORPORATION, THE
22                                        PARKER SEAL COMPANY
                                          DENISON HYDRAULICS INC.
23                                        GREER HYDRAULICS CORPORATION

24    WESTERN MacARTHUR                   WESTERN ASBESTOS CO.
          COMPANY                         MAC ARTHUR COMPANY
25                                        BAY CITIES ASBESTOS COMPANY
                                          F.K. PINNEY, INC.
26    ///

27    ///

28    ///                                                         **EXHIBIT B**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

CBS CORPORATION (F/K/A VIACOM
INC., F/K/A WESTINGHOUSE
ELECTRIC CORPORATION)

VIACOM, INC.
CBS CORPORATION
WESTINGHOUSE ELECTRIC CORPORATION
WESTINGHOUSE ELECTRIC AND
MANUFACTURING COMPANY
B.F. STURTEVANT
KPIX TELEVISION STATION
PARAMOUNT COMMUNICATIONS, INC
GULF & WESTERN INDUSTRIES, INC.
NORTH & JUDD MANUFACTURING COMPANY

HONEYWELL INTERNATIONAL, INC.

HONEYWELL, INC.
HONEYWELL CONTROLS
ALLIEDSIGNAL, INC.
AIRESEARCH DOMESTIC INTERNATIONAL SALES
CORPORATION
ALLIED-SIGNAL, INC.
THE BENDIX CORPORATION
BENDIX PRODUCTS AUTOMOTIVE DIVISION
BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP.
BENDIX HOME SYSTEMS
ALLIED CORPORATION
ALLIED CHEMICAL CORPORATION
GENERAL CHEMICAL CORPORATION
FRAM
FRICTION MATERIALS OF LOS ANGELES
NORTH AMERICAN REFRACTORIES COMPANY
EM SECTOR HOLDINGS INC.
UNIVERSAL OIL PRODUCTS COMPANY
BOYLSTON CORPORATION
EHRHART & ASSOCIATES, INC.
EHRHART & ARTHUR, INC.
GARRETT AIR RESEARCH CORP.
STANLEY G. FLAGG & CO.
MERGENTHALER LINOTYPE COMPANY
ELTRA CORPORATION
BUNKER RAMO-ELTRA CORPORATION
UNION TEXAS NATURAL GAS CORPORATION
UNION OIL AND GAS OF LOUISIANA
UNION SULPHUR AND OIL CORPORATION
UNION SULPHUR COMPANY, INC., THE
MINNEAPOLIS-HONEYWELL REGULATOR COMPANY
SIGNAL COMPANIES, INC., THE
HANCOCK OIL COMPANY
BARRETT DIVISION, ALLIED CHEMICAL & DYE
CORPORATION
SIGNAL COMPANIES, INC., THE
SIGNAL OIL & GAS CO.
BANKLINE OIL COMPANY

///                                                                    EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

CATERPILLAR, INC.                    BARBER-GREENE PAVING MACHINES

NAVISTAR, INC.                       INTERNATIONAL TRUCK & ENGINE CORPORATION
                                     NAVISTAR INTERNATIONAL CORPORATION
                                     INTERNATIONAL HARVESTER COMPANY
                                     INTERNATIONAL HARVESTER CORPORATION
                                     FARM ALL
                                     MCCORMICK DEERING

EXHIBIT B

# EXHIBIT B-1

1

<u>EXHIBIT B-1</u>

2 <u>DEFENDANTS</u>

3 HOPEMAN BROTHERS, INC.
  J.T. THORPE, INC.
4 THOMAS DEE ENGINEERING COMPANY
  J.T. THORPE & SON, INC.
5                                    <u>ALTERNATE ENTITY</u>

6 J.T. THORPE & SON, INC.          THE THORPE COMPANY
                                   THORPE PRODUCTS CO.
7                                  J.T. THORPE NORTHWEST

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                        EXHIBIT B-1

K:\Injured\112225\PLD\temp-plgMtr.wpd                20
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT C

1

## EXHIBIT C

2  **DEFENDANTS**

3  HOPEMAN BROTHERS, INC.                  WESTERN MacARTHUR COMPANY
   J.T. THORPE, INC.                        MacARTHUR COMPANY
4  THOMAS DEE ENGINEERING COMPANY    WESTERN ASBESTOS COMPANY
   J.T. THORPE & SON, INC.                  DOES 1001-2000
5

6

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| HOPEMAN BROTHERS, INC. | Various | Various |
| J.T. THORPE, INC. | Various | Various |
| THOMAS DEE ENGINEERING COMPANY | Various | Various |
| J.T. THORPE & SON, INC. | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                **EXHIBIT C**

# EXHIBIT H

1

<u>EXHIBIT H</u>

2

<u>DEFENDANTS</u>

3
4

METROPOLITAN LIFE INSURANCE COMPANY
HONEYWELL INTERNATIONAL, INC. (successor-in-interest to ALLIEDSIGNAL, INC.)
DOES 5000-8000

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT H**

K.\Injured\112225\PLD\cmp-cinMet.wpd
**COMPLAINT FOR PERSONAL INJURY - ASBESTOS**                24

# EXHIBIT I

1

**EXHIBIT I**

2  <u>DEFENDANTS</u>

3  METROPOLITAN LIFE INSURANCE COMPANY
    DOES 5000-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT I

# EXHIBIT J

1

<u>EXHIBIT J</u>

2  <u>DEFENDANTS</u>

3  METROPOLITAN LIFE INSURANCE COMPANY
   DOES 7400-7500
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT J**

# EXHIBIT N

<u>EXHIBIT N</u>

**<u>DEFENDANTS</u>**

METROPOLITAN LIFE INSURANCE COMPANY
DOES 7501-7900

**EXHIBIT N**

1  DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON✦PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  Attorneys for Plaintiff
6
7
8              **SUPERIOR COURT OF CALIFORNIA**
9                **COUNTY OF SAN FRANCISCO**
10
11  THOMAS O. MORRIS,                    )    **ASBESTOS**
                                         )    No.
12           Plaintiff,                  )         **CGC-10-275609**
                                         )
13  vs.                                  )    **PRELIMINARY FACT SHEET/NEW**
                                         )    **FILING/ASBESTOS LITIGATION**
14  CROWN CORK & SEAL COMPANY.           )
    INC.; Defendants as Reflected on the )
15  attached to the Summary Complaint    )    (See General Order No. 129, In Re:
    herein; and DOES 1-8500.             )    Complex Asbestos Litigation)
16                                       )
17                         NOTICE

18  TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
19  SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF
    SAN FRANCISCO

20       You have been served with process in an action which has been designated by the Court
21  as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This
    litigation bears the caption "In Re: Complex Asbestos Litigation", [San Francisco Superior
    Court No. 828684].
22
         This litigation is governed by various general orders, some of which affect the judicial
23  management and/or discovery obligations, including the responsibility to answer interrogatories
    deemed propounded in the case. You may contact the Court or Designated Defense Counsel,
24  Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone:
    (510) 835-8330; FAX: (510) 835-5117, for further information and/or copies of these orders, at
25  your expense.

26  1. State the complete name and address of each person whose claimed exposure to asbestos is

27  the basis of this lawsuit ("exposed person"): Thomas O. Morris, 983 Mistletoe Loop, Keizer,

28  Oregon 97303.

K:\Injured\112225\PLD\cmp-facts.wpd                    1
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

*[left margin vertical text]* BRAYTON✦PURCELL LLP / ATTORNEYS AT LAW / 222 RUSH LANDING ROAD / P O BOX 6169 / NOVATO, CALIFORNIA 94948-6169 / (415) 898-1555

*[stamp, upper right]* ENDORSED FILED / Superior Court of California / County of San Francisco / JUN 2 9 2010 / CLERK OF THE COURT / BY: MARY ANN MORAN / Deputy Clerk

1   2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four

2   months?          Yes                              X   No

3   [If yes, the action will be governed by General Order No. 140; if no, the action will be governed

4   by General Order No. 129.]

5   3. Date of birth of each exposed person in item one and, if applicable, date of death:

6              Date of Birth:    September 4, 1942

7              Date of Death:        N/A

8   Social Security Number of each exposed person:

9              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

10  4. Specify the nature or type of asbestos-related disease alleged by each exposed person.

11      X   Asbestosis                        Mesothelioma

12      X   Pleural Thickening/Plaques        Other Cancer: Specify: _____

13      Lung Cancer Other Than Mesothelioma       Other: Specify: _____

14  5. For purposes of identifying the nature of exposure allegations involved in this action, please

15  check one or more:

16      X   Shipyard              Construction          X   Friction-Automotive

17      Premises                  Aerospace           X   Military

18      Other: Specify all that apply: _____

19  If applicable, indicate which exposure allegations apply to which exposed person.

20  6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known,

21  provide the beginning and ending year(s) of each such exposure. Also specify each exposed

22  person's employer and job title or job description during each period of exposure. (For example:

23  "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure

24  might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized

25  descriptions such as "merchant marine" or "construction". If an exposed person claims exposure

26  during only a portion of a year, the answer should indicate that year as the beginning and ending

27  year (e.g., 1947-1947).

28  ///

K:\Injured\112225\PLD\camp-factst.wpd                    2
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Copper River Inc. Seattle, WA | Copper River Co., Cordova, AR | Laborer | 07/1959-09/1962 |
|  | Lake Union Dryd Dock Co., 2470 West Lake North, Seattle, WA |  |  |
| Eugene Duncan Duncan Engine Co. Seattle, WA | Lake Union Dry Dock Co., Seattle, WA | Machinist | 10/1961-03/1962 |
| U.S. Navy | EVERETT LARSON (DD-830) Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 1962-1966 |
|  | Naval Repair Facility, Subic Bay, Philippines |  | (approximately 2 weeks) |
|  | Naval Repair Facility, Sasebo, Japan |  | (approximately 2 weeks) |
|  | Naval Repair Facility Yokosuka, Japan |  | (approximately 2 weeks) |
| U.S. Navy | Boiler Technician School, Philadelphia, PA | Trainee | 1966-1967 |

(Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

7. For each exposed person who:

a. worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

b. may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

c. served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

K:\Injured\112225\PLD\comp-factst.wpd                3
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1     d. was employed by the United States government in a civilian capacity, attach to the

2 copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of

3 the stipulation (Exhibit N-3 to General Order No. 129).

4 8. If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated

5 Defense Counsel a copy of the death certificate, if available. If an autopsy report was done, also

6 attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

7 9. State the date of the filing of the initial complaint in this matter:

8 Dated: _6/24/2010_     BRAYTON❖PURCELL LLP

10 By: _____

11    David R. Donadio
    Attorneys for Plaintiff

K:\Injured\112225\PLD\cmp-facts.wpd    4
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| U.S. Navy | ROGERS (DD-876) Naval Repair Facility, San Diego, CA | Boiler Tender | 05/1967-06/1967 (approximately 2 months) |
| U.S. Navy | BROOKE (DEG-1) Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 07/1967-12/1969 |
| U.S. Navy | RICHARD S. EDWARDS (DD-950) Pearl Harbor Naval Shipyard, Honolulu, HI | Boiler Tender | 12/1973-03/1974 |
| U.S. Navy | HENRY B. WILSON (DDG-7) Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 08/1974-08/1979 |
| | Naval Repair, Subic Bay, Philippines | | (approximately 4-5 days) |
| | Naval Repair Facility Sasebo, Japan | | |
| | Naval Air Station, North Island San Diego, CA | | (approximately 1-2 weeks) |
| U.S. Navy | JASON (AR-8) Pearl Harbor Naval Shipyard, Honolulu, HI | Boiler Tender (Assistant Machinery Division Repair Officer) | 11/1982-11/1985 |
| | DAVIDSON (DE-1045) | | |
| U.S. Navy | KNOX (DE-1052) Pearl Harbor Naval Shipyard, Honolulu, HI | Boiler Technician | 03/1989-07/1991 |

NON-OCCUPATIONAL EXPOSURE:

FRICTION:

Beginning in the 1950s through the 1970s, plaintiff performed automotive repair work on his own personal vehicles. Plaintiff performed approximately 20 brake replacement jobs. Plaintiff

K:\Injuror\112225PLD\cmp-factst.wpd

5

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1    performed a similar procedure during each brake replacement job. Plaintiff removed the existing
     asbestos-containing brakes and blew out the remaining asbestos-containing brake dust and wiped
2    the assembly. Plaintiff recalls using BENDIX (HONEYWELL INTERNATIONAL, INC.)
     asbestos-containing replacement brake pads.
3
     Plaintiff purchased a new, 1973 VOLSKWAGEN (VOLKSWAGEN GROUP OF AMERICA,
4    INC. (FKA VOLKSWAGEN OF AMERICA, INC.)) from a VOLSKWAGEN
     (VOLKSWAGEN GROUP OF AMERICA, INC. (FKA VOLKSWAGEN OF AMERICA,
5    INC.)) dealership in Philadelphia, Pennsylvania. Plaintiff removed the original manufacturer's
     equipment asbestos-containing brakes from this vehicle and installed new asbestos-containing
6    replacement brake pads.

7    Plaintiff purchased a new 1977 INTERNATIONAL HARVESTER (NAVISTAR, INC.), from an
     unknown dealership in Montana. Plaintiff removed the original manufacturer's equipment
8    asbestos-containing brakes from this vehicle and installed new asbestos-containing replacement
     brake pads.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CIV-050

**– DO NOT FILE WITH THE COURT –**
**– UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 –**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>DAVID R. DONADIO, ESQ.   (Bar # 154436)<br>BRAYTON❖PURCELL LLP<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>ATTORNEY FOR *(name):* Plaintiff(s) | TELEPHONE NO.<br>(415) 898-1555<br>FAX NO.<br>(415) 898-1247 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

PLAINTIFF: THOMAS O. MORRIS
DEFENDANT: CROWN CORK & SEAL COMPANY, INC., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>CGC-10-275609 |
|---|---|

To *(name of one defendant only):* FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)
Plaintiff *(name of one plaintiff only):* THOMAS O. MORRIS
seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                                            AMOUNT
   a. ☒ Pain, suffering, and inconvenience ....................................................... $ 250,000.00
   b. ☒ Emotional distress ...................................................................... $ 50,000.00
   c. ☐ Loss of consortium ...................................................................... $
   d. ☐ Loss of society and companionship *(wrongful death actions only)* ...................... $
   e. ☐ Other *(specify)* ....................................................................... $
   f. ☐ Other *(specify)* ....................................................................... $
   g. ☐ Continued on Attachment 1.g.

2. **Special damages**
   a. ☒ Medical expenses *(to date)* ........................................................... $ 10,000.00
   b. ☒ Future medical expenses *(present value)* .............................................. $ 50,000.00
   c. ☐ Loss of earnings *(to date)* ........................................................... $
   d. ☐ Loss of future earning capacity *(present value)* ...................................... $
   e. ☐ Property damage ....................................................................... $
   f. ☐ Funeral expenses *(wrongful death actions only)* ....................................... $
   g. ☐ Future contributions *(present value) (wrongful death actions only)* ................... $
   h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ......... $
   i. ☒ Other *(specify)* LOSS OF HOUSEHOLD SERVICES .......................................... $ 50,000.00
   j. ☐ Other *(specify)* ...................................................................... $
   k. ☐ Continued on Attachment 2.k.

3. ☒ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* ...... $ 2,500,000.00
   when pursuing a judgment in the suit filed against you.

   Date:

   David R. Donadio                          ▶ *(signature)*
   (TYPE OR PRINT NAME)                       (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms*