## YARON & ASSOCIATES
### ATTORNEYS AT LAW

GEORGE D. YARON, ESQ.†*
JAMES I. SILVERSTEIN, ESQ.†
DAVID GRAY DOUGLAS, ESQ.†
D. DAVID STEELE, ESQ.†
HENRY M. SU, ESQ.†
KEITH E. PATTERSON, ESQ.†

BLAKE J. RUSSUM, ESQ.†
ANDREW K. MURPHY, ESQ.†
ALICE T. WONG, ESQ.†
MICHAEL J. PENG, ESQ.†
SHAWN A. BANANZADEH, ESQ.†
MATTHEW A. ZAVALA, ESQ.†
HIELAM CHAN, ESQ.†

†ADMITTED IN CALIFORNIA
*ADMITTED IN NEVADA

601 CALIFORNIA STREET · TWENTY-FIRST FLOOR
SAN FRANCISCO · CALIFORNIA  94108-2826
TELEPHONE: (415) 658-2929
FACSIMILE: (415) 658-2930

**MDL 875**

August 5, 2010

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 7 2010

FILED
CLERK'S OFFICE

### _Via U.S. Mail_

Office of Michael J. Beck
Clerk of the Judicial Panel
One Columbus Circle, N.E.
Federal Judiciary Building, Room G-255
Washington, D.C.  20002

**Re:** ***Joy Stevens, et al. v. A.W. Chesterton Company, et al.***
United States District Court, Northern District of California
Case No.        CV-10-3371
Our Client:    Todd Shipyards Corporation
Our File No.:  3468

Dear Mr. Beck:

We represent Defendant Todd Shipyards Corporation in the above-referenced matter. Please let this correspondence serve as our request that the above-captioned matter be added as a "tag-along" case to the Multi-District Litigation, No. 875 (MDL-875) (*In re Asbestos Cases*, in the U.S. District Court, Eastern District of Pennsylvania.)

We have enclosed a copy of our Notice of Removal to Federal Court, which was filed in the U.S. District Court, Northern District of California, on July 30, 2010, our Notice of Tag-Along to the MDL, and the Civil Cover Sheet. Please let us know if you require additional material or information. Thank you.

Very truly yours,

HIELAM CHAN

CC: All Counsel (Letter Only)
Enclosures

G:\3468\Correspondence\MDL.wpd

IMAGED AUG 1 7 2010

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 17 2010

ORIGINAL OFFICE
FILED

JUL 3 0 2010  E-filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  GEORGE D. YARON, ESQ. (State Bar #96246)
   D. DAVID STEELE, ESQ. (State Bar #171636)
2  HIELAM CHAN, ESQ. (State Bar #267321)
   YARON & ASSOCIATES
3  601 California Street, 21st Floor
   San Francisco, California 94108
4  Telephone: (415) 658-2929
   Facsimile: (415) 658-2930
5
   Attorneys for Defendant
6  TODD SHIPYARDS CORPORATION

7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        C V  10  3371

11  JOY STEVENS, individually and as successor in)   CASE NO.
    interest to WILLIAM L. STEVENS, JR.,)
12  Deceased; JOHN STEVENS; SUSAN)           **NOTICE OF REMOVAL OF ACTION**
    STEVENS; and TERRI STEVENS,)              **UNDER 28 U.S.C. §1442(a)(1)**
13                                          )
                    Plaintiffs,             )
14                                          )
           vs.                              )
15                                          )
16  A.W. CHESTERTON COMPANY, et al.,        )
                                            )
17                  Defendants.             )
                                            )
18  _____ )

19

20  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

21  DISTRICT OF CALIFORNIA:

22       PLEASE TAKE NOTICE that Defendant TODD SHIPYARDS CORPORATION

23  ("TODD"), by counsel, removes the above-entitled action from the Superior Court of the State of

24  California, in and for the County of Alameda, to this Court, pursuant to 28 U.S.C. §§1442(a)(1) and

25  1446.

26       This is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C.

27  §1331, as the action arises under the Constitution, laws, or treaties of the United States within the

28  meaning of 28 U.S.C. §1331 by virtue of Plaintiffs' attempt to adjudicate claims with respect to

NOTICE OF REMOVAL                    -1-          G:\3468\Pleadings\Removal\Removal.wpd

1   persons acting under an officer of the United States pursuant to 28 U.S.C. §1442(a)(1).

2       The grounds for removal are as follows:

3       1.    On June 17, 2010, Plaintiffs Joy Stevens, individually and as successor in interest

4   to William L. Stevens, Jr., Deceased ("Decedent"); John Stevens; Susan Stevens; and Terri Stevens

5   (collectively "Plaintiffs") filed their First Amended Complaint in the Superior Court of the State

6   of California, in and for the County of Alameda, Case No. RG-10-511843, against Defendant Todd

7   Shipyards and a number of other Defendants. A copy of Plaintiffs' First Amended Complaint and

8   Amended Summons is attached hereto as Exhibit "A".

9       2.    On July 2, 2010, the Summons, Amendments (2 sets), First Amended Complaint,

10   Civil Case Cover Sheet, Statement, Proof of Service, Notice of Case Management Conference and

11   Order, Instructions, and Stipulation were served on TODD. A copy of the service of process is

12   attached hereto as Exhibit "B".

13       3.    Plaintiffs' First Amended Complaint for Damages (Wrongful Death) alleges

14   Negligence, Strict Products Liability, Failure to Warn, Breach of Implied Warranties, Fraud and

15   Conspiracy, False Representation Under Restatement Section 402-B, Loss of Consortium and

16   Survival Action and Punitive Damages causes of action against various Defendants, including

17   TODD. (See Exhibit "A".)

18       4.    Plaintiffs' Complaint contends that Decedent was exposed to asbestos in 1950, as

19   a pipefitter in Long Beach, CA, and from 1951 - 1954 as an engineman in the U.S. Navy. While

20   in the U.S. Navy, Decedent worked at San Diego Naval Shipyard, CA, Long Beach Naval Shipyard,

21   CA, and aboard the USS Neches, which was present at numerous shipyards, including: Port

22   Chicago; Mare Island Naval Shipyard; and Pearl Harbor Naval Shipyard. Plaintiffs also contend

23   Decedent was exposed to asbestos while working as an appraiser for numerous employers,

24   including American Savings and U.S. Life Savings & Loan at numerous locations throughout

25   California. (See ¶ 7 of Plaintiffs' First Amended Complaint, attached hereto as Exhibit "A".)

26       5.    On July 23, 2010, our office sent Plaintiffs' counsel a letter offering Plaintiffs to

27   stipulate that Plaintiffs' claim against TODD was limited to non-military vessels. On July 26, 2010,

28   Plaintiffs' counsel sent TODD a letter refusing to the stipulation. A copy of Plaintiffs' letter is

1 attached hereto as Exhibit "C".

2     6.    Upon review of Plaintiffs' First Amended Complaint and Plaintiffs' letter to TODD,

3 there is no indication that Plaintiffs are alleging a premises liability cause of action against Todd.

4 Rather, it appears that Plaintiffs' are limited to essentially alleging a products liability cause of

5 action, ostensibly, because asbestos-containing products were incorporated into the vessel during

6 the course and scope of repairs which allegedly occurred at TODD's San Pedro shipyard facility.

7 (See ¶ 2 of Plaintiffs' letter, attached as Exhibit "C".)

8     7.    28 U.S.C. § 1442(a)(1) provides:

9
10     A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

11
12
13     (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

14     The basis for the removal of this action is that it involves a person – TODD – that acted

15 under the authority of officers of the United States or any agency thereof, in this case, the United

16 States Navy, within the meaning of 28 U.S.C. §1442(a)(1). (*Mesa v. California*, 489 U.S. 121, 124-

17 125; 109 S.Ct. 959 (1989); *Pack v. AC&S, Inc., et al.*, 838 F.Supp. 1099, 1101 (D. Md. 1993).)

18     8.    In *Fung v. Abex Corp., et al.*, 816 F.Supp. 569 (N.D. Cal. 1993), the Court addressed

19 the propriety of the removal of a case involving the alleged exposure to asbestos while aboard

20 submarines manufactured by General Dynamics. In denying Plaintiffs' motion to remand, the Court

21 stated that, to satisfy removal under 28 U.S.C. §1442(a), General Dynamics must show that, in

22 manufacturing submarines, it "(1) acted under the direction of a federal officer, (2) raised a federal

23 defense to plaintiffs' claims, and (3) demonstrated a causal nexus between plaintiffs' claims and

24 the acts it performed under color of federal office." (*Id.* at 571-572.)

25     9.    In *Issacson v. Dow Chemical Company*, 304 F.Supp.2d 442 (E.D.N.Y. 2004), the

26 sufficiency of the federal officer removal statute to deny a motion to remand was examined. The

27 federal officer removal statute expands the scope of federal jurisdiction, overcoming the "well

28 pleaded complaint" to allow removal if three elements are satisfied. (*Id. at 446.*) First, a defendant

1    must demonstrate that it is a person within the meaning of the statute.  Second, a defendant must

2    establish that the suit is under color of federal office, that is, there is a causal connection between

3    the plaintiff's claims and the defendant's asserted authority.  Third, a defendant must raise a

4    colorable federal defense to the plaintiff's claims.  (*Id.*)

5         10.    The *Issacson* court discussed that a corporation is included in the definition of

6    "person" in this statute.  (*Id.*)  The second prong of *Issacson* calling for a causal connection between

7    the defendant's actions under the authority of a federal officer and the plaintiff's state court claims

8    requires a substantial degree of direct and detailed federal control over the defendant's work.  (*Id.*

9    at 447.)  What constitutes sufficient federal control is often central to a court's decision to uphold

10   removal or remand a case.  Several courts have upheld removal because defendants were sued as

11   a result of building products pursuant to military specifications.  (*See Crocker v. Borden,* 862

12   F.Supp 132 (E.D.La 1994) (holding that removal was proper for Westinghouse because its marine

13   turbines were manufactured pursuant to Navy specifications; *see also, Pack v. AC and S, Inc.,* 838

14   F.Supp. 1099 (D.Md. 1993) (holding that removal was proper for Westinghouse because the

15   government had extensive control over the manufacture of turbines, even specifying the type of

16   asbestos cloth).)

17        11.    The *Issacson* Court concluded that the government-ordered specifications differed

18   from the specifications for the defendants' commercial application of the product.  (*Issacson, supra*

19   at 450.)  In addition, the method of warning and application was completely in the government's

20   hands.  (*Id.*)  Finally, the government had full knowledge of the dioxin "problem" inherent in the

21   production of Agent Orange.  (*Id.*)  These factors demonstrated the control with which the

22   government operated.

23        12.    This analysis also applies in "failure to warn" cases where "there is evidence that the

24   government was involved in the decision to give, or not to give a warning."  (*Kerstetter v. Pacific*

25   *Scientific Co.,* 210 F.3d 431, 438 (5th Cir.), *cert denied,* 531 U.S. 919 (2000).  The Court of

26   Appeals for the Fifth Circuit has made it clear that the government contractor defense is available

27   in "failure to warn" claims where the evidence shows the lack of a warning reflect governmental

28   direction or control rather than the unfettered discretion of the product's manufacturer, and applies

1   wherever: 1) the government approved or authorized warnings which the plaintiff contends were

2   inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings

3   as approved or authorized by the government; and 3) the manufacturer warned the government as

4   to any product hazards known by the manufacturer, but unknown to the government. (*Id.*)

5         13.    As stressed in *Kerstetter,* "[t]he government need not prepare the specifications to

6   be considered to have approved them." (*Id.* at 435.) The only material issue is whether the designs

7   and specifications were subjected to "substantial review" rather than a mere "rubber stamp"

8   approval. (*Id.*) In this regard, "[t]he specifications need not address the specific defect alleged; the

9   government need only evaluate the design feature in question." (*Id.*) Once again, applying these

10   general principles to "failure to warn" claims, the fact that government specifications or regulations

11   did not specifically preclude the exact warning desired by Plaintiffs does not take a "failure to warn"

12   claim outside the scope of the government contractor defense so long as the government was

13   involved generally as to the issue of product warnings (or specifically approced the warning

14   provided by the contractor) and was generally aware of the hazard in question. (*Id.* at 438.) Stated

15   another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in

16   the first place." (*Id,*)

17         14.    In the present case, TODD was involved in the construction and maintenance of

18   vessels for the U.S. Navy. For the purposes of this removal, TODD acknowledges having

19   constructed, converted, or repaired at its San Pedro shipyard facilities, vessels for the U.S. Navy.

20   However, such construction, conversion, or repair, was necessarily performed pursuant to contracts

21   and specifications executed by an officer of the United States, the U.S. Navy. This case is

22   substantially similar to *Issacson*, as during the construction and maintenance of vessels for the U.S.

23   Navy, TODD acted under the direction of a federal officer when it allegedly repaired the USS

24   Neches within the precise and exacting specifications promulgated by the U.S. Navy.

25         15.    If the USS Neches was at TODD San Pedro, as alleged, the repair of the USS

26   Neches for the U.S. Navy was necessarily performed pursuant to (a) contracts that mandated

27   adherence to comprehensive and detailed U.S. Navy-created specifications regarding, among other

28   things, the use of asbestos-containing products, as well as (b) repair oversight by on-site U.S. Navy

1  representatives.   Under the terms of its contracts with the U.S. Navy, TODD's construction,
2  conversion or repair of Naval vessels was necessarily performed under the authority and control of
3  an officer of the United States.  Thus, during all phases of TODD's construction, conversion or
4  repair of Naval vessels, pursuant to U.S. Navy contracts and specifications, TODD performed its
5  work under the control and supervision of officers of the U.S. Navy.

6       16.     Moreover, TODD can and will assert a federal defense to this action: its work was
7  performed pursuant to contract with, and under the supervision of, the United States government,
8  and any recovery by Plaintiffs is barred by consequence of the judicially recognized doctrine of
9  immunity conferred upon that contractual relationship, and any occurrences arising therefrom.
10  (*Boyle v. United Technologies Corp.* 487 U.S. 500, 509-511; 108 S.Ct. 2510 (1988); *Niemann v.*
11  *McDonnell Douglas Corp.*, 721 F.Supp. 1019, 1021-1023 (S.D.Ill. 1989)).

12       17.     Finally, TODD acted under color of a federal officer or agency in its construction,
13  conversion or repair of U.S. Navy vessels, aboard which Decedent allegedly worked and where he
14  was allegedly exposed to asbestos-containing materials.   Therefore, removal of this civil action
15  pursuant to 28 U.S.C. §1442(a)(1) is proper. (*Williams v. Brooks*, 945 F.2d 1322, 1325 fn.2. (5th Cir.
16  1991).)

17       18.     Should Plaintiffs file a Motion to Remand this case, TODD respectfully requests the
18  opportunity to respond more fully in writing, including the submission of affidavits and authorities.

19       19.     Since Defendant TODD was acting under an officer of the United States of America
20  pursuant to 28 U.S.C. §1442(a)(1), all Defendants are not required to join in this Notice of
21  Removal. (See, e.g., *Ely Mines, Inc. v. Hartford Accident & Indemnity Co.*, 644 F.2d 1310, 1315
22  (9th Cir. 1981).)

23       20.     Defendant TODD has not filed an Answer in the above-entitled matter.

24       21.     As Plaintiffs' First Amended Complaint was filed on June 17, 2010, and TODD was
25  served on July 2, 2010, TODD is filing this Notice of Removal within thirty (30) days from the date
26  it first learned of a basis upon which to remove this action, as required by 28 U.S.C. Section
27  1446(b).

28       22.     Written notice of the filing of this Notice of Removal will be given to Plaintiffs and

1   the other Defendants remaining in this action, together with a copy of the Notice to Adverse Party

2   of Removal to Federal Court and supporting papers with the Superior Court of California, County

3   of Alameda, as required by 28 U.S.C. §1446(d).

4       23.    Further, TODD is requesting that this case be added as a tag-along case to the Multi-

5   District Litigation No. 875 (MDL-875) (*In re Asbestos Cases*, in the U. S. District Court, Eastern

6   District of Pennsylvania.).

7       WHEREFORE, TODD hereby removes this action to this Court.

8   DATED: July 30, 2010             YARON & ASSOCIATES

10                   By

11                     GEORGE D. YARON

12                     D. DAVID STEELE

                        HIELAM CHAN

13                     Attorneys for Defendant

                        TODD SHIPYARDS CORPORATION

# EXHIBIT A

1   Richard A. Brody, Esq. (SBN 100379)
    Paula A. Rasmussen, Esq. (SBN 258352)
2   BRENT COON & ASSOCIATES
    44 Montgomery Street, Suite 800
3   San Francisco, CA  94104
    Telephone: 415.489.7420
4   Facsimile:  415.489.7426

5   Attorneys for Plaintiffs

6

7

8

9               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  IN AND FOR THE COUNTY OF ALAMEDA

11

12   JOY STEVENS, individually and as successor in       Case No. RG-10-511843
     interest to WILLIAM L. STEVENS, JR.,
13   Deceased; JOHN STEVENS; SUSAN                        FIRST AMENDED COMPLAINT FOR
     STEVENS; and TERRI STEVENS,                          DAMAGES
14                                                        (WRONGFUL DEATH – ASBESTOS)
15          Plaintiffs,
                                                          1.   Negligence
16   v.                                                   2.   Strict Products Liability
                                                          3.   Failure to Warn
17   A.W. CHESTERTON COMPANY;                             4.   Breach of Implied Warranties
     ADVOCATE MINES, LTD; ALLIED                          5.   Fraud and Conspiracy
18   PACKING & SUPPLY, INC.; AMCORD, INC.;                6.   False Representation Under
     ASBESTOS CORPORATION, LTD; BAE                            Restatement Section 402-B
19   SYSTEMS, INC., individually and as the parent,      7.   Loss of Consortium
     alter ego, successor in interest and/or formerly    8.   Survival Action and
20   known as BAE SYSTEMS SAN FRANCISCO                        Punitive Damages
     SHIP REPAIR, INC., BAE SYSTEMS
21   NORFOLK SHIP REPAIR, INC., BAE
     SYSTEMS HAWAII SHIPYARDS, INC., and
22   BAE SYSTEMS SAN DIEGO SHIP REPAIR,
     INC.; BELL ASBESTOS MINES, LTD;
23   CALIFORNIA PORTLAND CEMENT
     COMPANY; EATON ELECTRICAL, INC.,
24   formerly known as CUTLER-HAMMER, INC.;
     GEORGIA-PACIFIC LLC, formerly known as
25   GEORGIA-PACIFIC CORPORATION,
     individually and as successor in interest to
26   BESTWALL GYPSUM COMPANY; HANSON
     PERMANENTE CEMENT, INC., formerly
27

28

                                                    1

COPY

ENDORSED
FILED
ALAMEDA COUNTY

JUN 17 2010

CLERK OF THE SUPERIOR COURT
By Molly Kautz

1  known as KAISER CEMENT CORPORATION;
2  KAISER GYPSUM COMPANY, INC.;
   KENTILE FLOORS, INC.; M. SLAYEN AND
3  ASSOCIATES, INC.; METALCLAD
4  INSULATION CORPORATION, individually
   and as successor in interest to NORTHERN
5  CALIFORNIA INSULATION; MOORE DRY
   DOCK COMPANY; PARKER-HANNIFIN
6  CORPORATION individually and as successor
   in interest to SACOMO-SIERRA; QUINTEC
7  INDUSTRIES, INC.; RAPID-AMERICAN
8  CORPORATION; RHEEM
   MANUFACTURING COMPANY;
9  SCHNEIDER ELECTRIC USA, INC., formerly
   known as SQUARE D CO.; SOCO WEST,
10 INC., formerly known as BRENNTAG WEST,
11 INC.; SYD CARPENTER MARINE
   CONTRACTOR, INC.; THE GOODYEAR
12 TIRE & RUBBER COMPANY; TODD
   SHIPYARDS CORPORATION; TRIPLE A
13 MACHINE SHOP, INC.; UNION CARBIDE
14 CORPORATION; UNIROYAL HOLDING,
   INC.; and DOES 1-500, inclusive,
15
          Defendants.
16

17      Plaintiffs JOY STEVENS, individually and as successor in interest to WILLIAM L.

18  STEVENS, JR., Deceased; JOHN STEVENS; SUSAN STEVENS; and TERRI STEVENS

19  (hereinafter "plaintiffs") complain of all defendants, and each of them, and allege:

20      GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

21      1.    (a)    Plaintiffs are the legal heirs of WILLIAM L. STEVENS, JR., Deceased

22  (hereinafter referred to as the "Decedent"). The decedent died from asbestos related mesothelioma

23  on August 15, 2009. The name of each plaintiff and the relationship to Decedent is as follows:

24      Name                            Relationship

25      Joy Stevens                     Wife

26      John Stevens                    Son

27      Susan Stevens                   Daughter

28      Terri Stevens                   Daughter

                                    2

*Stevens, et al. v. A.W. Chesterton Company, et al.*        FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843                                                   (WRONGFUL DEATH)

1    (b)    Each plaintiff brings this action on his or her own behalf. In addition, JOY

2    STEVENS brings this action as successor in interest to WILLIAM L. STEVENS, JR., Decedent.

3    (c)    Plaintiffs are collectively referred to as "plaintiffs" herein. Plaintiffs know

4    of no other parties who should be named as a plaintiff herein.

5    2.    Plaintiffs are ignorant of the true names and capacities of DOES 1-500 named as

6    plaintiffs herein. Plaintiffs are ignorant of the true names and capacities of defendants sued herein

7    as DOES 1 through 500, inclusive, and therefore sue these defendants by such fictitious names.

8    Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

9    Plaintiffs are informed and believe and thereon allege that each of said fictitiously named

10   defendants are, through their negligence, intentional torts, and/or conduct giving rise to strict

11   liability, responsible or liable in some manner for the occurrences herein alleged, and that the

12   injuries herein alleged were the direct and legal result of said negligence, intentional torts, and/or

13   conduct giving rise to strict liability.

14   3.    At all times mentioned in this complaint, each of the defendants was the agent and

15   employee of each of the remaining defendants, and by their actions as alleged in this complaint

16   each defendant was acting within the course and scope of this agency and employment, and each

17   defendant has ratified and approved the acts of the remaining defendants. The federal courts lack

18   subject matter jurisdiction over this action, as there is no federal question and incomplete diversity

19   of citizenship exists due to the presence of one or more California defendants. Removal is

20   improper. Every claim arising under the constitution, treaties, or laws of the United States is

21   expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or

22   of any officer of the U.S. or any agency or person acting under him occurring under color of such

23   office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency.

24   Venue is proper in Alameda County.

25   Plaintiff specifically disclaims any federal cause of action or any claim that would give rise

26   to federal jurisdiction. To the extent that any of Decedent's asbestos exposure took place on a

27   federal enclave, or to the extent that any of Decedent's asbestos exposure occurred on board vessels

28   of the United States military (including Naval ships) or in the construction, maintenance and/or

3

*Stevens, et al. v. A.W. Chesterton Company, et al.*          FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843                                                              (WRONGFUL DEATH)

1    repair of United States military vessels and/or aircraft, plaintiff's negligence claims against
2    manufacturers, sellers and suppliers of asbestos-containing products installed on such vessels
3    and/or aircraft are not based on the theory of defective design, but rather are based only on the
4    theory of failure to warn. Since there is no evidence that the United States Government, or any of
5    its military branches, specifically instructed manufacturers from which it purchased asbestos-
6    containing products not to warn about the health hazards associated with exposure to asbestos,
7    there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or
8    federal contractor provisions of the United States Code. This disclaimer pertains to all of plaintiffs'
9    claims, including those of negligence and products liability, as asserted herein.
10        4.    A.W. CHESTERTON COMPANY; ADVOCATE MINES, LTD; ALLIED
11   PACKING & SUPPLY, INC.; AMCORD, INC.; ASBESTOS CORPORATION, LTD; BAE
12   SYSTEMS, INC., individually and as the parent, alter ego, successor in interest and/or formerly
13   known as BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., BAE SYSTEMS NORFOLK
14   SHIP REPAIR, INC., BAE SYSTEMS HAWAII SHIPYARDS, INC., and BAE SYSTEMS SAN
15   DIEGO SHIP REPAIR, INC.; BELL ASBESTOS MINES, LTD; CALIFORNIA PORTLAND
16   CEMENT COMPANY; EATON ELECTRICAL, INC., formerly known as CUTLER-HAMMER,
17   INC.; GEORGIA-PACIFIC LLC, formerly known as GEORGIA-PACIFIC CORPORATION,
18   individually and as successor in interest to BESTWALL GYPSUM COMPANY; HANSON
19   PERMANENTE CEMENT, INC., formerly known as KAISER CEMENT CORPORATION;
20   KAISER GYPSUM COMPANY, INC.; KENTILE FLOORS, INC.; M. SLAYEN AND
21   ASSOCIATES, INC.; METALCLAD INSULATION CORPORATION, individually and as
22   successor in interest to NORTHERN CALIFORNIA INSULATION; MOORE DRY DOCK
23   COMPANY; PARKER-HANNIFIN CORPORATION individually and as successor in interest to
24   SACOMO-SIERRA; QUINTEC INDUSTRIES, INC.; RAPID-AMERICAN CORPORATION;
25   RHEEM MANUFACTURING COMPANY; SCHNEIDER ELECTRIC USA, INC., formerly
26   known as SQUARE D CO.; SOCO WEST, INC., formerly known as BRENNTAG WEST, INC.;
27   SYD CARPENTER MARINE CONTRACTOR, INC.; THE GOODYEAR TIRE & RUBBER
28   COMPANY; TODD SHIPYARDS CORPORATION; TRIPLE A MACHINE SHOP, INC.;

4

1  UNION CARBIDE CORPORATION; UNIROYAL HOLDING, INC.; and DOES 1-500,

2  inclusive, are at all times herein mentioned, and were corporations or other business entities

3  organized and existing under the laws of the state of California and/or qualified to do business in

4  this State.

5       5.      At all times mentioned herein defendants, and each of them, were engaged in the

6  business of mining, milling, manufacturing, testing, developing, processing, importing, converting,

7  compounding, assembling, fabricating, modifying, designing, specifying, approving, supplying,

8  distributing, delivering, packaging, labeling, advertising, marketing, warranting, applying,

9  installing, and inspecting asbestos, and products produced therefrom, for sale to and use by

10  members of the general public, as well as for sale to and use by other parties to manufacture,

11  assemble, supply, distribute, label, apply and install products made therefrom, or both.

12      6.      The defendants, and each of them, acting through their agents, servants and/or

13  employees, cause, and have caused in the past, certain asbestos-containing products and asbestos-

14  related insulation, refractory materials, fireproofing, gasket and packing materials, bulkhead

15  insulation, decking materials, rope, cloth, tile flooring, boiler and turbine covers, as well as various

16  automotive gaskets, brakes, clutch and other materials to be placed on the market and in the stream

17  of interstate commerce with the result that said products and materials came into use by decedent

18  and those working in close proximity to decedent at relevant times herein.

19      7.      Decedent WILLIAM L. STEVENS, JR. was exposed to asbestos during the course

20  of his life in the manner and during the time periods set forth below:

| YEAR(S) | EMPLOYER/LOCATION | JOB TITLE | JOB DUTIES |
|---|---|---|---|
| June 1950 to December 1950 | Rockwell Long Beach, CA | Pipefitter | Pipefitter |
| 1951 – 1954 | United States Navy | Engineman | |
| a) 1951 – 1952 | San Diego Naval Shipyard | | Plaintiff worked as an engineman recommissioning |

5

| YEAR(S) | EMPLOYER/LOCATION | JOB TITLE | JOB DUTIES |
|---|---|---|---|
| | | | ships |
| b) 1952 - 1953 | Long Beach Naval Shipyard and other shipyards. | | Plaintiff worked as an engineman recommissioning ships. |
| c) 1953 - 1954 | Plaintiff served aboard the USS Neches as an engineman. The USS Neches had been recommissioned on January 3, 1951 at Oakland, California. Plaintiff was present at numerous shipyards, including Port Chicago, Mare Island Naval Shipyard and Pearl Harbor Naval Shipyard. | | |
| 1955 – 2005 (approximate) | Numerous employers, including American Savings and U.S. Life Savings & Loan. Numerous locations throughout the state of California. | Appraiser | Plaintiff appraised residential, commercial and industrial properties. |

Decedent sustained no exposure to asbestos subsequent to December 5, 1980.

///

///

6

1       8.   During the course and scope of his employment, Decedent continually worked with

2   and in close proximity to others who were working with asbestos and asbestos-containing products.

3   He routinely and regularly worked in close proximity to asbestos and asbestos-containing products,

4   and was continually exposed to asbestos fibers which were released from asbestos and asbestos-

5   containing products which were mined, milled, manufactured, processed, imported, converted,

6   compounded, applied, installed, designed, specified, inspected, approved, supplied, distributed and

7   sold by defendants, and each of them.

8       9.   Decedent's exposure to asbestos was the direct and legal cause of his development

9   of an asbestos-related disease designated as mesothelioma and other asbestos-related illnesses and

10   disabilities whose relationship to asbestos is as yet unknown to plaintiffs herein.

11                    FIRST CAUSE OF ACTION

12                       (Negligence)

13       FOR A FIRST CAUSE OF ACTION, plaintiffs complain of the defendants, and each of

14   them, and allege:

15       10.   Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

16   fully set forth herein, each and every allegation contained in the General Allegations herein.

17       11.   At all times relevant herein, defendants and each of them, owed a duty of due care

18   which required them to exercise ordinary care to protect against an unreasonable risk of harm. This

19   duty was owed to Decedent and plaintiffs.

20       12.   Decedent's development of mesothelioma and related conditions is the direct and

21   legal result of the conduct of the defendants, and each of them, in that they negligently and

22   carelessly researched, tested or failed to test, manufactured, designed, specified, developed,

23   labeled, advertised, marketed, warranted, inspected, fabricated, modified, applied, installed,

24   distributed and supplied asbestos and asbestos-containing products. Defendants, and each of them,

25   without any adequate warning to the consumer or user, produced, sold, and otherwise put into the

26   stream of interstate commerce the foregoing materials which said defendants and each of them

27   knew, or in the exercise of ordinary care should have known, were deleterious, poisonous and

28   highly harmful to decedent's body, lungs, respiratory system, skin and health. Further, defendants

7

*Stevens, et al. v. A.W. Chesterton Company, et al.*        FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843                            (WRONGFUL DEATH)

1  and each of them knew, or through the exercise of ordinary care should have known, that exposure
2  to asbestos is, and at all times relevant herein has been, associated with terminal and incurable
3  diseases which have caused and continue to cause death.

4      13.    During the time period when Decedent was exposed to asbestos in the manner
5  described above, he had no knowledge that said exposure placed him at risk for developing the
6  diseases described herein and therefore had no opportunity, nor can he be charged with a duty or
7  breach of duty, to protect himself against said harmful asbestos exposure. Plaintiffs had no
8  knowledge that the alleged conduct, misconduct and culpability of defendants, and each of them,
9  were actionable at law when they were committed and cannot be charged with knowledge or
10  inquiry thereof.

11      14.    The mesothelioma, asbestosis, pleural plaques, and other asbestos-related conditions
12  that afflicted Decedent developed at a microscopic and undetectable level over an extended period
13  of time, without noticeable trauma, and was therefore unknown and unknowable to Decedent until
14  his physicians diagnosed him with mesothelioma, asbestosis, pleural plaques and related conditions
15  within the pertinent statute of limitations. Prior to his diagnosis, Decedent did not know, nor
16  through the exercise of reasonable diligence could he have known, that his disease and related
17  conditions were caused by his exposure to the defendants' asbestos and asbestos-containing
18  products.

19      15.    As a direct and legal result of the conduct of the defendants, and each of them,
20  Decedent developed a disease known and designated as mesothelioma, asbestosis, pleural plaques
21  and related conditions, from which he died.

22      16.    And as a further direct and legal result it was necessary for Decedent to retain the
23  services of physicians, hospitals, hospice, and other health care professionals to diagnose, treat, and
24  provide palliative care for Decedent from when he first experienced symptoms related to his
25  asbestos-caused conditions until the end of his life. Plaintiffs do not yet know the full extent of
26  treatment rendered to Decedent nor the reasonable value of medical services rendered to Decedent
27  herein and therefore requests leave to amend this complaint when that sum is determined.
28  ///

8

*Stevens, et al. v. A. W. Chesterton Company, et al.*
Case No. RG-10-511843
    FIRST AMENDED COMPLAINT FOR DAMAGES
(WRONGFUL DEATH)

1      17.    As a direct and legal result of the conduct of the defendants, and each of them, and

2  of Decedent's diagnosis of, and death from, mesothelioma, asbestosis, pleural plaques and related

3  conditions, Decedent was unable to follow his normal or any gainful occupation for certain periods

4  of time preceding his diagnosis and until Decedent's death.  Plaintiffs and Decedent incurred, and

5  will incur, loss of income, wages, pensions, earning potential, profits and commissions, and other

6  pecuniary losses. Plaintiffs do not know the amount of said past losses and therefore request leave

7  to amend this complaint when that sum is determined.

8      18.    As a further, direct and proximate result of the conduct of defendants, and each of

9  them, plaintiffs buried Decedent and incurred damages for consequential costs of Decedent's

10  funeral, burial and related expenses in a sum to be subsequently determined.

11      19.    As a further direct and legal result of the conduct of the defendants, and each of

12  them, plaintiffs sustained the loss of Decedent's love, companionship, comfort, care, assistance,

13  protection, affection, society, support, teaching and tutelage, all to plaintiffs' damage in an amount

14  of at least $50,000.

15      20.    Since 1924, the defendants, and each of them, knew or should have known of

16  medical and scientific data and other knowledge which clearly indicated that the materials and

17  products referred to herein were and are hazardous to the health and safety of the Decedent, and

18  others in Decedent's position working in close proximity with such materials.  The defendants, and

19  each of them, knew or should have known of the dangerous propensities of the aforementioned

20  materials and products since before that time.

21.      21.    Although defendants knew or should have known of the aforementioned

22  information, defendants, and each of them, negligently, carelessly, and recklessly failed to label

23  any of the aforementioned asbestos-containing materials and products, including those with which

24  and around which Decedent worked such as thermal insulation materials specified for or on/in

25  boilers, regarding the hazards of such materials and products to the health and safety of Decedent

26  and others in Decedent's position working in close proximity with such materials until 1964.

27  ///

28  ///

9

1      22.    Commencing in 1964, many of such asbestos-containing materials were not labeled

2 as hazardous by all of the defendants herein, despite the fact that the knowledge of such hazards

3 existed and that defendants, and each of them, knew or should have known of such hazards since

4 1924. At all times herein mentioned, defendants, and each of them, negligently, carelessly, and

5 recklessly:

6             A.  failed to provide information relating to the danger of the use of the

7 aforementioned materials to Decedent and others in Decedent's position and the general public

8 concerning the dangerous nature of the aforementioned materials to workers;

9             B.  failed to disseminate such information in a manner which would give general

10 notice to the public and knowledge of the hazardous nature thereof, when defendants were bound to

11 disclose such information;

12             C.  sold the aforementioned products and materials to Decedent's employer(s) and

13 others without advising such employers and others of dangers of the use of such materials to

14 persons working in close proximity thereto, when defendants knew or should have known of such

15 dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers;

16             D.  negligently, carelessly and recklessly misrepresented to Decedent, others in

17 Decedent's position, and Decedent's employer that it was safe for Decedent to work in close

18 proximity to such materials, when they knew that this was not the case; and

19             E.  negligently, carelessly and recklessly failed to disclose to Decedent, others in

20 Decedent's position, Decedent's employer, and members of the general public, medical and

21 scientific data and knowledge of the results of studies including, but not limited to, the information

22 and knowledge of the contents of the Lanza report.

23      23.    Defendants, and each of them, knew or should have known of the connection

24 between inhalation of asbestos fibers and mesothelioma, asbestosis, pleural plaques, and related

25 conditions which information was disseminated through the Asbestos Textile Institute and other

26 industry organizations to all other defendants, and each of them, herein.

27      24.    At all times mentioned herein, defendants, and each of them, knew or should have

28 known of the connection between inhalation of asbestos fibers and cancer, which information

10

1   disseminated through the Asbestos Textile Institute and other industry organizations to all other
2   defendants herein.

3         25.   Defendants, and each of them, negligently, carelessly and recklessly failed to
4   provide the above described medical and scientific data to Decedent, others in Decedent's position,
5   Decedent's employer(s), and members of the general public concerning such knowledge of danger,
6   when defendants were bound to disclose it.

7         26.   Defendants, and each of them, knew or should have known that said asbestos-
8   containing materials were dangerous when breathed and caused pathological effects without
9   noticeable trauma, and that such material was dangerous and a threat to the health of persons
10   coming into contact therewith.  Defendants, and each of them negligently, carelessly and recklessly
11   did not warn Decedent, other's in Decedent's position, Decedent's employer(s) and the general
12   public of this information.

13         27.   Defendants, and each of them, knew or should have known that adequate protective
14   masks and devices should be used by workers such as Decedent when applying and installing the
15   asbestos-containing products of the defendants.  Defendants, and each of them, knew or should
16   have known that not wearing an adequate protective mask and/or device would result in injury to
17   the Decedent and others applying and installing such materials. Defendants, and each of them,
18   negligently, carelessly and recklessly do not inform workers such as Decedent, and others applying
19   and installing such materials of the aforementioned information.

20         28.   Defendants, and each of them, knew or should have known that Decedent and
21   anyone similarly situated in an industrial and construction setting would be exposed to defendants'
22   asbestos-containing products, and that, upon inhalation of asbestos such persons would, in time,
23   develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all.  Defendants,
24   and each of them, negligently, carelessly and recklessly failed to provide information to the public
25   at large and buyers, users, and physicians employed by Decedent and Decedent's employer for the
26   purpose of conducting physical examinations of Decedent and others working with or near asbestos
27   that exposure to these materials would cause pathological effects without noticeable trauma.

28   ///

---

*Stevens, et al. v. A.W. Chesterton Company, et al.*      FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843                      (WRONGFUL DEATH)

1  29.·    The foregoing acts of the defendants, and each of them, and the negligent, careless

2  and reckless conduct of the defendants, and each of them, as described hereinabove, and were done

3  recklessly, wantonly, willfully, oppressively, and in conscious disregard of the safety of Decedent

4  herein, in that

5        A.  The defendants, and each of them, prior to and at the time of sale, distribution or

6  supply of the aforementioned products to Decedent s employer or to others who in turn sold to

7  Decedent's employers, and to other persons relevant herein, knew or should have known that the

8  foregoing asbestos fibers released from said products during the foreseeable operations of applying

9  and removing same, were dangerous when inhaled.

10        B.  Defendants, and each of them, knew or should have known of the hazards and

11  dangers of working with or around asbestos products produced or supplied by defendants, and each

12  of them. The defendants, and each of them, knew or should have known that said products would

13  be used by Decedent and others who had no knowledge of the dangerous and hazardous nature

14  thereof.

15        C.  Defendants, and each of them, either did not warn or insufficiently warned

16  regarding the dangerous nature of said products.  Defendants, and each of them, did not place a

17  sufficient warning on the said product or package thereof regarding said dangerous nature.

18  Accordingly, plaintiffs are entitled to an award of punitive damages.

19     WHEREFORE, plaintiffs pray judgment as hereinafter set forth.

20                  SECOND CAUSE OF ACTION

21                  (Strict Products Liability)

22     AS AND FOR A SECOND CAUSE OF ACTION, plaintiffs complain of the defendants,

23  and each of them, and allege:

24  30.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

25  fully set forth herein, each and every allegation contained in the General Allegations and the First

26  Cause of Action herein, except allegations pertaining to negligence contained in Paragraphs 11

27  through 14 herein.

28  ///

1    31.    At all times mentioned herein defendants, and each of them, during the ordinary

2  course of business, mined, milled, manufactured, imported, supplied, distributed, delivered,

3  packaged, labeled, advertised, sold, marketed, distributed, delivered, installed, applied and

4  otherwise introduced into the stream of commerce asbestos and asbestos-containing products which

5  were defective due to their design, manufacture, sufficiency or lack of warning, and/or failure to

6  meet ordinary use or consumer expectations of safety when used in an intended or reasonably

7  foreseeable manner.

8    32.    The asbestos and asbestos-containing products were defective when the defendants,

9  and each of them, marketed and introduced them into the stream of commerce.  Defendants, and

10  each of them, knew that the aforementioned products would be used without inspection for defects

11  by the user thereof.

12    33.    At all times herein mentioned Decedent, Decedent's employer, and other persons

13  relevant herein, purchased from defendants, and each of them, asbestos and asbestos-containing

14  products.

15    34.    *Defective Design*: The products were defectively designed in that:

16    A.    The products failed to perform as safely as an ordinary consumer would

17  expect in their intended or reasonably foreseeable use or manner of operation, or,

18    B.    The products had inherent risks of danger that outweighed their benefits;

19  alternate and safer substitute products existed and the state-of-the-art required their use given the

20  seriousness of the potential danger, likelihood of its occurrence, feasibility, cost and adverse

21  consequences to the product and to the consumer of a safer alternative design.

22    35.    *Failure to Warn*: Defendants knew or reasonably should have known of the

23  dangerous propensities of their products but nonetheless distributed and marketed their products

24  with inadequate warning of its dangers.

25    36.    Each of Defendants' products reached Decedent without substantial change in its

26  condition.

27  ///

28  ///

13

*Stevens, et al. v. A.W. Chesterton Company, et al.*            FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843 .                                                        (WRONGFUL DEATH)

1     37.    The aforementioned products were used by Decedent and those in close proximity to

2    Decedent in a foreseeable manner, and in the manner for which they were intended. Defendants'

3    products were used in a manner reasonably foreseeable by Defendants, which Defendants intended

4    or knew they would be used, or for which they marketed them or knew they were marketed to be

5    used.

6     38.    At all times mentioned herein, plaintiffs and Decedent were unaware of the

7    dangerous nature of the aforementioned products.

8     39.    The defective design of Defendants' products and failure to warn were the

9    proximate causes of Decedent's injuries and death.

10     40.    As a direct and legal result of the conduct of the defendants, and each of them,

11    Decedent developed an asbestos-related mesothelioma, asbestosis, pleural plaques, and related

12    conditions and disabilities as previously set forth, from which he died.

13     41.    The aforementioned products were used by Decedent and those in close proximity to

14    Decedent in a foreseeable manner, and in the manner for which they were intended.

15     42.   A.    Defendants, and each of them, knew that defendants' asbestos-containing

16    products would be used by Decedent and anyone similarly situated in an industrial and construction

17    setting without inspection for defects.

18     B.    Defendants, and each of them, knew that such persons would be exposed to

19    defendants' asbestos-containing products

20     C.    Defendants, and each of them, knew that, upon inhalation of asbestos from

21    defendant's asbestos-containing products, such persons would, in time, develop irreversible

22    conditions of either pneumoconiosis, asbestosis or cancer, or all.

23     D.    At the time defendants, and each of them, placed such asbestos-containing

24    products in to the stream of commerce, defendants and each of them knew or should have known of

25    the risks and hazards associated with the use and/or exposure of its products.

26    ///

27    ///

28    ///

14

1        E.     At the time defendants, and each of them, placed such asbestos-containing

2 products in to the stream of commerce, and subsequent thereto, defendants, and each of them failed

3 to warn or provided inadequate warnings to persons who used or would be exposed to its defective

4 asbestos-containing products, including Decedent, of the dangers and hazards associated with its

5 products.

6        F.     At the time defendants, and each of them, placed such asbestos-containing

7 products in to the stream of commerce, and subsequent thereto, defendants, and each of them failed

8 to provide instructions or provided inadequate instructions to persons who used its defective

9 asbestos-containing products, or who would be exposed to said products, including Decedent, of

10 the dangers and hazards associated with its products.

11        G.     Defendants, and each of them, prior to and at the time of placing the

12 aforementioned products in to the stream of commerce, including but not limited to supplying said

13 products to Decedent's employer or to others who in turn sold to Decedent's employers, and to

14 other persons relevant herein, knew that the asbestos which Decedent and others around him were

15 exposed to was dangerous. The defendants, and each of them, either did not warn or insufficiently

16 warned regarding the dangerous nature of said products, and failed to place a sufficient warning on

17 the said product or package thereof regarding said dangerous nature, despite knowing that said

18 products would be used by Decedent and others around him who had no knowledge of the

19 dangerous and hazardous nature thereof.

20    43.     The conduct of the Defendants, and each of them, was motivated by their financial

21 interests. In this financial pursuit, Defendants consciously disregarded the safety of users, and

22 persons exposed to their products, and were consciously willing to permit their products and

23 premises to injure workers and others, including Decedent in order to maximize profits. They

24 consciously disregarded the well-publicized risks of asbestos exposure because to have kept

25 consumers and end users like Decedent safe would have required said defendants to make less

26 money or limit distribution of their products. The defendants, and each of them, either did not

27 warn or insufficiently warned regarding the dangerous nature of said products, nor placed a

28 sufficient warning on the said product or package thereof regarding said dangerous nature, despite

15

1 | knowing that said products would be used by Decedent and others around him who had no
2 | knowledge of the dangerous and hazardous nature thereof. Defendants' conduct as described
3 | herein was and is willful, malicious, outrageous, and in conscious disregard and indifferent to the
4 | safety and health of workers and others exposed to asbestos, including Decedent, and therefore
5 | Plaintiffs are entitled to an award of punitive damages.

6 |     WHEREFORE, plaintiffs pray judgment as hereinafter set forth.

7 | ### THIRD CAUSE OF ACTION

8 | #### (Failure to Warn)

9 |     AS AND FOR A THIRD CAUSE OF ACTION, plaintiffs complain of the defendants, and
10 | each of them, and allege:

11 |     44.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though
12 | fully set forth herein, each and every allegation contained in the General Allegations and the First
13 | and Second Causes of Action herein, except allegations pertaining to negligence contained in
14 | Paragraphs 11 through 14 herein and those allegations pertaining to design and manufacturing
15 | defect contained in the Second Cause of Action.

16 |     45.    At all relevant times, the asbestos and asbestos-containing products which were
17 | mined, milled, manufactured, tested, developed, processed, imported, converted, compounded
18 | assembled, fabricated, modified, designed, specified, approved, sold, supplied, distributed,
19 | delivered, packaged, labeled, advertised, marketed, warranted, applied, installed, and inspected by
20 | defendants, and each of them, were defective as a result of defendants' failure to warn or give
21 | adequate warning that the particular risk of developing an asbestos-related disease, and risk of
22 | death from an asbestos-related disease resulting from exposure to asbestos, rendered the product
23 | unsafe for its intended or reasonably foreseeable use.

24 |     46.    At all relevant times, the defendants and each of them had specific knowledge of
25 | these risks or could have known of these risks by the application of scientific knowledge available
26 | at the time of mining, manufacturing, selling, supplying, distributing, marketing, specifying,
27 | approving, inspecting, applying and installing the asbestos and asbestos-containing products.
28 | ///

1      47.    As a direct and legal result of the conduct of the defendants, and each of them,

2 Decedent developed an asbestos-related mesothelioma, asbestosis, pleural plaques, and related

3 conditions and disabilities as previously set forth, and has incurred damages in excess of

4 $50,000.00 in addition to the special damages alleged herein.

5      WHEREFORE, plaintiffs pray judgment as hereinafter set forth.

6               FOURTH CAUSE OF ACTION

7                (Breach of Warranties)

8      AS AND FOR A FOURTH CAUSE OF ACTION, plaintiffs complain of defendants, and

9 each of them, and allege:

10      48.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

11 fully set forth herein, each and every allegation contained in the General Allegations and the First

12 Cause of Action herein, except allegations pertaining to negligence contained in Paragraphs 11

13 through 14 herein.

14      49.    The defendants, and each of them, sold, supplied, delivered or otherwise distributed

15 to Decedent, or to another purchaser or user who subsequently sold, supplied, delivered or

16 otherwise distributed to Decedent, or to others working in close proximity to Decedent, the above-

17 described asbestos and asbestos-containing products to which Decedent was exposed.

18      50.    The defendants, and each of them, knew the intended purpose of the asbestos and

19 asbestos-containing products prior to marketing said products, and knew or should have known that

20 dangerous levels of asbestos fiber would be released during the process of applying, installing and

21 removing these products.

22      51.    The defendants, and each of them, placed said asbestos and asbestos-containing

23 products on the market without any warning, or with an inadequate warning, and by so doing

24 impliedly warranted that said products were of good and merchantable quality and fit for their

25 intended purpose.

26      52.    Defendants, and each of them, impliedly warranted that their products were of

27 merchantable quality and safe, fit and proper for the uses which Defendants knew or intended were

28 to be made of them at the time of selling them.

17

1      53.    Decedent reasonably relied on the skill, knowledge and judgment of defendants, and

2 each of them, in Decedent's use of the products as a basis of the bargain under which such products

3 were bought and used.

4      54.    The products were neither safe for their intended use nor of merchantable quality or

5 fit for use as warranted by defendants, and each of them, in that said products had dangerous

6 propensities when put to the use for which each of these Defendants knew or intended they were

7 marketed or sold, and would cause severe injury to users or bystanders, such as Decedent.

8      55.    The defendants, and each of them, breached the implied warranties of

9 merchantability and fitness for an intended purpose by marketing asbestos and asbestos-containing

10 products without a warning, or with an inadequate warning, advising Decedent and others working

11 in close proximity to Decedent that dangerous levels of asbestos fiber would be released during the

12 process of applying, installing and removing said products.

13      56.    As a direct and legal result of the conduct of the defendants, and each of them,

14 Decedent developed an asbestos-related disease known and designated as asbestos related

15 mesothelioma, from which he died. Plaintiffs have incurred damages in excess of $50,000.00 in

16 addition to the special damages alleged herein.

17      WHEREFORE, plaintiffs pray judgment as is hereinafter set forth.

18 FIFTH CAUSE OF ACTION

19 (Fraud and Conspiracy)

20      AS AND FOR A FIFTH CAUSE OF ACTION, plaintiffs complain of the defendants, and

21 each of them, and allege:

22      57.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

23 fully set forth herein, each and every allegation contained in the First through Fourth Causes of

24 Action herein.

25      58.    Pursuant to Section 1708 of the Civil Code of California, the defendants and each of

26 them, owed a duty to Decedent at all times relevant herein to abstain from injuring the Decedent or

27 infringing upon any of his rights.

28 ///

18

Stevens, et al. v. A.W. Chesterton Company, et al.     FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843     (WRONGFUL DEATH)

59.     The defendants, and each of them, breached the duty they owed to Decedent and plaintiffs pursuant to Section 1708 of the Civil Code of California by willfully deceiving him with the intent to induce him to alter his position to his injury or risk. The defendants, and each of them, deceived the Decedent and committed actionable fraud pursuant to Section 1709 and Section 1710 of the Civil Code of California.

60.     The defendants, and each of them, as more fully set forth below, suggested as fact that which was not true, and that which defendants, and each of them, did not believe was true.

61.     The defendants, and each of them, as more fully set forth below, asserted as fact that which was not true, and that which defendants, and each of them, had no reasonable grounds for believing was true. .

62.     The defendants, and each of them, as more fully set forth below, suppressed facts which they were obligated to disclose, and gave information of other facts which were likely to mislead for want of communication of the undisclosed facts.

63.     The defendants, and each of them, made promises without any intention of keeping those promises.

64.     Since 1924, the defendants, and each of them, have known and have possessed the true facts of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of the Decedent, and others in plaintiffs' position working in close proximity with such materials. The defendants, and each of them, have known of the dangerous propensities of the aforementioned materials and products since before that time, and with intent to deceive Decedent, and others in his position, and with intent that he and such others should be and remain ignorant of such facts, and with intent to induce Decedent and such others to alter his and their positions to his and their injury and/or risk and in order to gain advantages did do the following acts:

A.     Defendants, and each of them, did not label any of the aforementioned asbestos-containing materials and products regarding the hazards of such materials and products to the health and safety of Decedent and others in Decedent's position working in close proximity with such materials until 1964, when certain of such materials were labeled by some, but not all, of

19

1   the defendants herein, despite the fact that the knowledge of such hazards existed and was known

2   to defendants, and each of them, since 1924. By not labeling such materials as to their said hazards,

3   defendants, and each of them, caused to be suggested as a fact to Decedent and Decedent's

4   employer that it was safe for Decedent to work in close proximity to such materials when in fact it

5   was not true and defendants did not believe it to be true;

6          B.      Defendants, and each of them, suppressed information relating to the danger

7   of the use of the aforementioned materials by requesting the suppression of information to the

8   Decedent and the general public concerning the dangerous nature of the aforementioned materials

9   to workers and by not allowing such information to be disseminated in a manner which would give

10  general notice to the public and knowledge of the hazardous nature thereof, when defendants were

11  bound to disclose such information;

12         C.      Defendants, and each of them, sold the aforementioned products and

13  materials Decedent's employer and others without advising such employers and others of dangers

14  of the use of such materials to persons working in close proximity thereto, when defendants knew

15  of such dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers.

16  Thereby, defendants caused to be positively asserted to Decedent's employer that which was not

17  true and which defendants had no reasonable ground for believing to be true, and in a manner not

18  warranted by the information possessed by said defendants, and each of them, to wit, that it was

19  safe for Decedent to work in close proximity to such materials;

20         D.      Defendants, and each of them, suppressed and continue to suppress from

21  everyone, including Decedent and Decedent's employer, medical and scientific data and knowledge

22  of the results of studies including, but not limited to, the information and knowledge of the contents

23  of the Lanza report. Although bound to disclose it, defendants, and each of them, influenced A. J.

24  Lanza to change his report, the altered version of which was published in Public Health Volume at

25  page I in 1935, thereby causing Decedent to be and remain ignorant thereof.   Defendants, and each

26  of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of

27  danger, thereby lessening the probability of notice of danger to the users thereof;

28  ///

20

1      E.    Defendants, and each of them, belonged to, participated in, and financially

2  supported the Asbestos Textile Institute and other industry organizations which, and on behalf of

3  defendants, and each of them, actively promoted the suppression of information of danger to users

4  of the aforementioned products and materials, thereby misleading Decedent and Decedent's

5  employer by the suggestions and deceptions set forth above in this cause of action. The Dust

6  Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos

7  Textile Institute was specifically enjoined to study the subject of dust control. Discussions in this

8  committee were held many times regarding the dangers inherent in asbestos and the dangers which

9  arise from the lack of control of dust, and the suppression of such information from 1946 to a date

10  unknown to plaintiffs at this time;

11      F.    Commencing in 1930 with the study of mine and mill workers at Asbestos

12  and Thetford Mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in

13  Manheim and Charleston, South Carolina, defendants knew and possessed medical and scientific

14  information of the connection between inhalation of asbestos fibers and mesothelioma, asbestosis,

15  pleural plaques, and related conditions which information was disseminated through the Asbestos

16  Textile Institute and other industry organizations to all other defendants, and each of them, herein.

17  Between 1942 and 1950, the defendants, and each of them, acquired medical and scientific

18  information of the connection between inhalation of asbestos fibers and cancer, which information

19  disseminated through the Asbestos Textile Institute and other industry organizations to all other

20  defendants herein. Thereby, defendants suggested as a fact that which is not true and disseminated

21  other facts likely to mislead Decedent and Decedent's employer and which did mislead them by

22  withholding afore described medical and scientific data and by not giving Decedent or Decedent's

23  employer the true facts concerning such knowledge of danger, when defendants were bound to

24  disclose it;

25  / / /

26  / / /

27  / / /

28  / / /

*Stevens, et al. v. A.W. Chesterton Company, et al.*        FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843                    (WRONGFUL DEATH)

1    G.    Defendants, and each of them, failed to warn Decedent and Decedent's

2  employer that said materials were dangerous when breathed and caused pathological effects

3  without noticeable trauma, despite the fact that defendants possessed knowledge and were under a

4  duty to disclose that such material was dangerous and a threat to the health of persons coming into

5  contact therewith;

6    H.    Defendants, and each of them, failed to provide Decedent with information

7  concerning adequate protective masks and devices to be used when applying and installing the

8  products of the defendants, and each of them, despite the knowledge of defendants and a duty to

9  disclose that such protective measures were necessary and would result in injury to the Decedent

10  and others applying and installing such materials if not so advised;

11    I.    Defendants, and each of them, concealed from Decedent the true nature of

12  the industrial and construction exposure of Decedent, and knew that Decedent and anyone similarly

13  situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either

14  pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was exposed would

15  cause pathological effects without noticeable trauma despite the fact that defendants were under a

16  duty to and bound to disclose it; and

17    J.    Defendants, and each of them, failed to provide information to the public at

18  large and buyers, users, and physicians employed by Decedent and Decedent's employer for the

19  purpose of conducting physical examinations of Decedent and others working with or near asbestos

20  of the true nature of the hazards of asbestos, and that exposure to these materials would cause

21  pathological effects without noticeable trauma to the public, including buyers, users, and

22  physicians employed by Decedent and Decedent's employer so that said physicians could examine,

23  diagnose and treat Decedent and others who were exposed to asbestos, despite the fact that

24  defendants, and each of them, were under a duty to so inform and said failure was misleading.

25  ///

26  ///

27  ///

28  ///

22

*Stevens, et al. v. A.W. Chesterton Company, et al.*
Case No. RG-10-511843

FIRST AMENDED COMPLAINT FOR DAMAGES
(WRONGFUL DEATH)

1        K.    Defendants, and each of them, having the aforementioned knowledge of

2  facts and knowing that the Decedent did not possess such knowledge, acted falsely and

3  fraudulently and with full intent to cause Decedent to remain unaware of those facts and to induce

4  Decedent to work with and around unsafe products in a dangerous environment, all in violation of

5  Section 1710 of the Civil Code of the State of California.

6        65.    At all times mentioned, the defendants, and each of them, knowingly and willfully

7  conspired and agreed among themselves to perpetrate upon Decedent the unlawful acts complained

8  of in Paragraph 20 through 29 of the First Cause of Action, and this Fifth Causes of Action.

9  The defendants, and each of them, and at least one of them, did the acts herein alleged in

10  Paragraphs 59 through 64 of this Cause of Action in furtherance of the conspiracy and agreement

11  as herein alleged, and also acted in furtherance of a conspiracy and agreement between and among

12  the defendants, and each of them, to violate State and Federal laws and regulations, the exact nature

13  and extent of which are unknown at this time, but known full well to defendants, and each of them.

14  These actions were done maliciously, wantonly, and in reckless disregard for the health and safety

15  of others, including Decedent herein.

16        66.    Decedent reasonably relied upon the misrepresentations of the defendants, and each

17  of them, and in reliance on same continued to work with and around asbestos and asbestos-

18  containing products. Decedent would have taken steps to protect his health and life had he known

19  the facts, which were known to the defendants, and each of them, about exposure to asbestos and

20  asbestos-containing products. Decedent would not have knowingly continued to work in an unsafe

21  environment. He had no knowledge of the foregoing facts and actions of the defendants, and each

22  of them, at the time when they were committed, and cannot be charged with knowledge or inquiry

23  thereof.

24        67.    As a direct and legal result of the conduct of the defendants, and each of them,

25  Decedent developed an asbestos-related mesothelioma, asbestosis, pleural plaques, and related

26  conditions and disabilities as previously set forth, from which he died.  Plaintiffs have incurred

27  damages in excess of $50,000.00 in addition to the special damages alleged.

28  ///

*Stevens, et al. v. A.W. Chesterton Company, et al.*          FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843                          (WRONGFUL DEATH)

1    WHEREFORE, plaintiffs pray judgment as is hereinafter set forth.

2                    SIXTH CAUSE OF ACTION

3           (False Representation Under Restatement Torts Section 402-B)

4           AS AND FOR A SIXTH CAUSE OF ACTION, plaintiffs complain of the defendants, and

5    each of them, and allege:

6           68.    Plaintiffs incorporate by reference as though fully set forth herein, each and every

7    allegation of the First, Second, Third, Fourth and Fifth Causes of Actions herein.

8    At the aforementioned time when defendants, and each of them, researched, manufactured, tested

9    or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed,

10   warranted, inspected, repaired, offered for sale and sold the said asbestos and asbestos-containing

11   products, as hereinabove set forth, the defendants, and each of them, expressly and impliedly

12   represented to members of the general public, including the purchasers and users of said product,

13   and including Decedent herein and his employers, that asbestos and asbestos-containing products

14   were of merchantable quality, and safe for the use for which they were intended.

15          69.    The purchasers and users of said asbestos and asbestos-containing products,

16   including Decedent and his employers, relied upon said representations of defendants and each of

17   them, in the selection, purchase and use of asbestos and asbestos-containing products.

18          70.    Said representations by defendants, and each of them, were false and untrue, in that

19   the asbestos and asbestos-containing products were not safe for their intended use, nor were they of

20   merchantable quality as represented by defendants, and each of them, in that asbestos and asbestos

21   containing products have very dangerous properties and defects whereby said products cause

22   mesothelioma, asbestosis, pleural plaques, and other diseases, and have other defects that cause

23   injury and damage to the users of said products, including the Decedent herein, thereby threatening

24   the health and life of Decedent.

25   ///

26   ///

27   ///

28   ///

                                        24

1    71.   As a direct and legal result of the conduct of the defendants, and each them

2  Decedent developed an asbestos-related mesothelioma, asbestosis, pleural plaques, and related

3  conditions and disabilities as previously set forth, from which he died.  Plaintiffs have incurred

4  damages in excess of $50,000.00 in addition to the special damages alleged herein.

5             WHEREFORE, plaintiff prays judgment as hereinafter set forth.

6                        SEVENTH CAUSE OF ACTION

7                          (Loss of Consortium)

8    72.   AS AND FOR A SEVENTH CAUSE of action, plaintiff JOY STEVENS complains

9  of defendants, and each of them, as follows:

10    73.   Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though

11  fully set forth herein, each and every allegation contained in the General Allegations and each of

12  the foregoing Causes of Action herein.

13    74.   At the time that Decedent sustained injury as more fully alleged in the First through

14  Seventh Causes of Action, and at all times thereafter, plaintiff JOY STEVENS was the spouse of

15  Decedent.

16    75.   Prior to said injuries and death, Decedent was able to and did perform his duties as

17  the spouse of plaintiff JOY STEVENS.  Plaintiff is informed and believes and thereon alleges that

18  subsequent to said injuries and as a proximate result thereof, Decedent was incapacitated, and

19  remained so until the time of his death and was unable to perform the necessary duties as spouse of

20  plaintiff JOY STEVENS and the work and service usually performed in the care, maintenance, and

21  management of the family home.

22    76.   As a proximate result of Decedent's injuries, as alleged herein, plaintiff JOY

23  STEVENS was deprived of consortium with Decedent, including the performance of his spouse's

24  duties, thus requiring plaintiff to perform the duties previously performed by Decedent, all to

25  plaintiff's damage in a sum which cannot be ascertained at this time.  Plaintiff requests the right to

26  amend this complaint to allege the amount of said damages when they are ascertained.

27  ///

28  ///

25

Stevens, et al. v. A.W. Chesterton Company, et al.          FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. RG-10-511843                                                            (WRONGFUL DEATH)

1    WHEREFORE, plaintiffs pray judgment as hereinafter set forth.

2                              EIGHTH CAUSE OF ACTION

3                        (Survival Action and Punitive Damages)

.4          AS AND FOR AN EIGHTH CAUSE OF ACTION, plaintiffs complain of the defendants,

5    and each of them, and allege as follows:

6          77.    Plaintiffs hereby incorporate each allegation contained in each and every paragraph

7    of the General Allegations and the First through Seventh Causes of Action, inclusive, as though

8    fully realleged in respect to this cause of action.

9          78.    Prior to his death, Decedent had a cause of action against defendants herein for

10   personal injuries arising from his exposure to asbestos. Subsequent to the arisal of this cause of

11   action and within the pertinent statutes of limitation, Decedent who would have been the plaintiff in

12   this action if he had lived, died.

13         79.    As a proximate result of the conduct of defendants, and each of them, Decedent was

14   required to, and did, employ physicians and surgeons to examine, treat and care for him and did

15   incur medical and incidental expenses in a sum to be subsequently determined.

16         80.    As a further, direct and proximate result of the conduct of defendants, and each of

17   them, Decedent was prevented from attending to his usual occupation for a period of time and

18   thereby incurred damages for loss of earnings in a sum to be subsequently determined.

19         81.    As a further, direct and proximate result of the conduct of defendants, and each of

20   them, Plaintiffs buried Decedent and incurred damages for consequential costs of Decedent's

21   funeral and burial in a sum to be subsequently determined.

22         82.    As a direct and legal result of the conduct of the defendants, and each of them, prior

23   to Decedent's death, Decedent sustained the damages alleged herein, in an amount of at least

24   $50,000.

25         WHEREFORE, plaintiffs JOY STEVENS, individually and as successor in interest to

26   WILLIAM L. STEVENS, JR., Deceased; JOHN STEVENS; SUSAN STEVENS; and TERRI

27   STEVENS pray judgment as follows:

28   ///

                                           26

First, Second, and Fifth Causes of Action

1.  General damages in an amount in excess of $50,000.00 in accordance with proof;

2.  Damages for fraud and conspiracy in an amount in excess of $50,000.00 in accordance with proof;

3.  Punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with proof;

4.  Special damages in accordance with the proof;

5.  Prejudgment interest and post-judgment interest in accordance with law;

6.  Costs of suit; and,

7.  Such and other and further relief as the Court deems just and proper.

Third, Fourth, and Sixth Causes of Action

1.  General damages in an amount in excess of $50,000.00 in accordance with proof;

2.  Special damages in accordance with the proof;

3.  Prejudgment interest and post-judgment interest in accordance with law;

4.  Costs of suit; and,

5.  Such and other and further relief as the Court deems just and proper.

Eighth Cause of Action

1.  General damages in an amount in excess of $50,000.00 in accordance with proof;

2.  Special damages in accordance with the proof;

3.  Punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with proof;

4.  Prejudgment interest and post-judgment interest in accordance with law;

5.  Costs of suit; and

6.  Such and other and further relief as the Court deems just and proper.

///
///
///
///

*Stevens, et al. v. A.W. Chesterton Company, et al.*
Case No. RG-10-511843

FIRST AMENDED COMPLAINT FOR DAMAGES
(WRONGFUL DEATH)

1    WHEREFORE, plaintiff JOY STEVENS prays judgment as follows:

2    <u>Seventh Cause of Action</u>

3    1.    General damages in an amount in excess of $50,000.00 in accordance with proof;

4    2.    Special damages in accordance with the proof;

5    3.    Prejudgment interest and post-judgment interest in accordance with law;

6    4.    Costs of suit; and,

7    5.    Such and other and further relief as the Court deems just and proper.

8

9    DATED: June 1(, 2010                    BRENT COON & ASSOCIATES

10

11

12    By: _____
                     RICHARD A. BRODY
13                   PAULA A. RASMUSSEN
                     Attorneys for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard A. Brody, Esq.   SBN:  100379<br>BRENT COON & ASSOCIATES<br>44 Montgomery Street, Suite 800, San Francisco, CA 94104<br>TELEPHONE NO: 415-489-7420   FAX NO: 415-489-7426<br>ATTORNEY FOR *(Name):* Joy Stevens, et al. | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>APR 9 7 2010<br><br>CLERK OF THE SUPERIOR COURT<br>By ERICA BAKER<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, 94607
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME: JOY STEVENS, et al. v. A.W. CHESTERTON COMPANY, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>RG10511843 |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[X] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: April 27, 2010

Richard A. Brody, Esq.
_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]   CIVIL CASE COVER SHEET   ProDoc®   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*7/1/10 2:40 pm*

**SUM-100**

AMENDED SUMMONS ON FIRST AMENDED COMPLAINT
(CITACION JUDICIAL)

NOTICE TO DEFENDANT: A.W. CHESTERTON COMPANY; ADVOCATE
(AVISO AL DEMANDADO): MINES, LTD; ALLIED PACKING & SUPPLY, INC.
AMCORD, INC; ASBESTOS CORPORATION, LTD;
Additional Parties Attachment Page is Attached

YOU ARE BEING SUED BY PLAINTIFF: JOY STEVENS, individually and as
(LO ESTÁ DEMANDANDO EL DEMANDANTE): successor in interest to
WILLIAM L. STEVENS, JR., Deceased; JOHN STEVENS; SUSAN STEVENS; and
TERRI STEVENS

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
| --- |
| ENDORSED FILED ALAMEDA COUNTY |
| JUN 29 2010 |
| CLERK OF THE SUPERIOR COURT |
| By MARGARET J. DOWNIE |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Alameda
1225 Fallon St.
Oakland, California 94612

| CASE NUMBER (Número del Caso): RG-10-511843 |
| --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Paula A. Rasmussen, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
BRENT COON & ASSOCIATES
44 Montgomery Street, Suite 800, San Francisco, CA 94104                                415-489-7420

DATE: JUN 29 2010   PAT S. SWEETEN   Clerk, by   MARGARET J. DOWNIE   , Deputy
(Fecha)                                            (Secretario)                           (Adjunto)
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): *TODD Shipyards Corporation*

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Page 1 of 1 |
| --- | --- | --- |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
PCDOC™

SUM-200(A)

| SHORT TITLE: Stevens, et al. v. A.W. Chesterton Company, et al. | CASE NUMBER: RG-10-511843 |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BAE SYSTEMS, INC., individually and as the parent, alter ego, successor in interest and/or formerly known as BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., BAE SYSTEMS NORFOLK SHIP REPAIR, INC., BAE SYSTEMS HAWAII SHIPYARDS, INC., and BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC.; BELL ASBESTOS MINES, LTD; CALIFORNIA PORTLAND CEMENT COMPANY; EATON ELECTRICAL, INC., formerly known as CUTLER-HAMMER, INC.; GEORGIA-PACIFIC LLC, formerly known as GEORGIA-PACIFIC CORPORATION, individually and as successor in interest to BESTWALL GYPSUM COMPANY; HANSON PERMANENTE CEMENT, INC., formerly known as KAISER CEMENT CORPORATION; KAISER GYPSUM COMPANY, INC.; KENTILE FLOORS, INC.; M. SLAYEN AND ASSOCIATES, INC.; METALCLAD INSULATION CORPORATION, individually and as successor in interest to NORTHERN CALIFORNIA INSULATION; MOORE DRY DOCK COMPANY; PARKER-HANNIFIN CORPORATION individually and as successor in interest to SACOMO-SIERRA; QUINTEC INDUSTRIES, INC.; RAPID-AMERICAN CORPORATION; RHEEM MANUFACTURING COMPANY; SCHNEIDER ELECTRIC USA, INC., formerly known as SQUARE D CO.; SOCO WEST, INC., formerly known as BRENNTAG WEST, INC.; SYD CARPENTER MARINE CONTRACTOR, INC.; THE GOODYEAR TIRE & RUBBER COMPANY; TODD SHIPYARDS CORPORATION; TRIPLE A MACHINE SHOP, INC.; UNION CARBIDE CORPORATION; UNIROYAL HOLDING, INC.; and DOES 1-500, inclusive.

Page ___1___ of ___1___

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Page 1 of 1
ProDoc®

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
07/01/2010
CT Log Number 516882570

TO: Michael G Marsh, General Counsel
Todd Shipyards Corporation
1801 16th Avenue SW
Seattle, WA 98134

**REC'D JUL 0 2 2010**

RE: **Process Served in Washington**

FOR: Todd Shipyards Corporation (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Joy Stevens, individually and as successor in interest to William L. Stevens, Jr., et al., Pltfs. vs. A.W. Chesterton Company, et al. including Todd Shipyards Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Amendment (2 sets), First Amended Complaint, Civil Case Cover Sheet, Statement, Proof of Service, Notice of Case Mangement Conference and Order, Instructions, Stipulation |
| **COURT/AGENCY:** | Alameda County Superior Court, CA Case # RG-10-511843 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Olympia, WA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/01/2010 at 14:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - Response Date // August 27, 2010 at 9:45 a.m. - Case Management Conference Date |
| **ATTORNEY(S) / SENDER(S):** | Paula Rasmussen Brent Coon & Associates 44 Montgomery Street Suite 800 San Francisco, CA 94104 415-489-7420 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791270897949 Email Notification, Hilary Pickerel Hilary.pickerel@toddpacific.com |
| **SIGNED:** | CT Corporation System |
| **PER:** | Michele Rowe |
| **ADDRESS:** | 1801 West Bay Drive NW Suite 206 Olympia, WA 98502 |
| **TELEPHONE:** | 360-357-6794 |

Page 1 of  1 / TG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

BRENT COON & ASSOC      Fax:415-489-7426          Jul 26 2010 10:50am  P001/001

**BCA**

3468
3468 GDY/DDS/AKU

# BRENT COON & ASSOCIATES

44 Montgomery, Suite 800 • San Francisco, CA 94104 • 415.489.7420 • 415.489.7426 Facsimile

July 26, 2010

Mr. Andrew Murphy
VIA FAX: 415-658-2930
Yaron & Assoc.
601 California St.
Twenty-first floor
San Francisco, CA 94108-2826

     Re:  Stevens v. AW Chesterton Co., et al
     Your Client: Todd Shipyards Corp.

Dear Counsel:

     I received your letter dated July 23, 2010 in which you have notified plaintiffs that your client intends to remove the above-mentioned case to federal court. Plaintiffs disagree with your basic assertions regarding this case and your client's liability.

     First, your client did not build the USS Neches; it was built by Sun Shipbuilding and Drydock. It appears your client did repairs at Todd's San Pedro which, in our view, is more analogous to selling a product rather than building a piece of machinery for military purposes. Accordingly, we will not sign your client's enclosed stipulation.

     Second, it is our experience that these cases are currently being put on a preferential 120 day trial schedule in the MDL. Therefore we would suggest discussing with your client a resolution in this case now, rather than removal. If your client still insists on removal, we expect the case to be sent back here to go to trial within the year.

               Very truly yours,

               Paula Rasmussen
          BRENT COON & ASSOCIATES

1  GEORGE D. YARON, ESQ. (State Bar #96246)
   D. DAVID STEELE, ESQ. (State Bar #171636)
2  HIELAM CHAN (State Bar #267321)
   YARON & ASSOCIATES
3  601 California Street, 21st Floor
   San Francisco, California 94108
4  Telephone: (415) 658-2929
   Facsimile: (415) 658-2930
5
   Attorneys for Defendant
6  TODD SHIPYARDS CORPORATION

7

8            BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

9  IN RE: ASBESTOS PRODUCTS LIABILITY        )     **MDL DOCKET NO. 875**
   LITIGATION (NO. VI),                      )
10                                           )
   This Document Relates to:                 )
11 JOY STEVENS et al. vs.                    )
   A.W. CHESTERTON COMPANY, et al.           )
12 _____ )

13                IN THE UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15
   JOY STEVENS, individually and as successor in )  CASE NO.  CV-10-3371
16 interest to  WILLIAM L. STEVENS, JR.,)
   Deceased;   JOHN   STEVENS;   SUSAN )        **DEFENDANT   TODD   SHIPYARDS
17 STEVENS; and TERRI STEVENS,          )        CORPORATION'S  NOTICE  OF  TAG-
                                        )        ALONG ACTION**
18              Plaintiffs,             )
                                        )        Multi-District Rule 7.5(e)
19         vs.                          )
                                        )
20                                      )
   A.W. CHESTERTON COMPANY, et al.,     )
21                                      )
               Defendants.             )
22 _____ )

23  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR

24  ATTORNEYS OF RECORD:

25          PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel of Multi-District

26  Litigation entered an order transferring all asbestos cases pending in the federal courts to the United

27  States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial

28  Notice of Tag-Along Action       -1-       G:\3468\Pleadings\Removal\Notice.Tag.Along.wpd

1  proceedings pursuant to 28 U.S.C. §1207 ("MDL Transfer Order"). The MDL Transfer Order also

2  applies to "tag-along actions," which refers to a civil action pending in a District Court and involving

3  common questions of fact with actions previously transferred under Section 1407 by the Judicial

4  Panel of Multi-District Litigation pursuant to a January 17, 1991 Order to Show Cause. See Multi-

5  District Litigation Rules ("MDL Rules"), Rule 11.

6      Pursuant to MDL Rule 7.5(c),

7          Any party or counsel in actions previously transferred under Section
           1407 or under consideration by the Panel for transfer under Section
8          1407 shall notify the Clerk of the Panel of any potential "tag-along
           actions" in which that party is also named or in which that counsel
9          appears.

10     Defendant Todd Shipyards Corporation hereby notifies the Court that the above-entitled

11  action involves all or a material part of the same subject matter as another action which is pending

12  in another federal court. Accordingly, the above-entitled action is considered a "tag-along action,"

13  subject to transfer to the United States District Court for the Eastern District of Pennsylvania,

14  because the action involves alleged injuries due to exposure to asbestos. The Clerk of the Panel may

15  either (1) enter a conditional transfer pursuant to MDL Rule 7.4(a) or (2) file an order to show cause

16  why this action should not be transferred pursuant to MDL Rule 7.5(b).

17  DATED: August 3, 2010                    YARON & ASSOCIATES

18

19                                   By: _____

20                                       GEORGE D. YARON
                                         D. DAVID STEELE
21                                       HIELAM CHAN
                                         Attorneys for Defendant
22                                       TODD SHIPYARDS CORPORATION

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **August 3, 2010,** I served the within:

**DEFENDANT TODD SHIPYARDS CORPORATION'S NOTICE OF TAG-ALONG ACTION**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

**VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **August 3, 2010,** at San Francisco, California.

MARISELA H. NAVARRO

mnavarro@yaronlaw.com

Certificate of Service     -1-     G:\3468\POS\ECF POS.wpd

JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOY STEVENS, et al. | A.W. CHESTERSON COMPANY, et al. |

| **(b)** County of Residence of First Listed Plaintiff<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br><br>Paula Rasmussen<br>Brent Coon & Associates<br>44 Montgomery Street, suite 800<br>San Francisco, CA 94104 | Attorneys (If Known)<br><br>(See attached) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☒ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1442(a)(1)

Brief description of cause:
Asbestos exposure from person acting under color of federal officer.

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☐ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". |
|---|---|

| IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)<br>(PLACE AND "X" IN ONE BOX ONLY) | ☒ SAN FRANCISCO/OAKLAND | ☐ SAN JOSE | ☐ EUREKA |
|---|---|---|---|

| DATE<br>July 30, 2010 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

For Defendant Todd Shipyards:

George D. Yaron
D. David Steele
Hielam Chan
Yaron & Associates
601 California Street, Suite 2100
San Francisco, CA 94108
(415) 658-2929