2400 EAST COMMERCIAL BLVD, SUITE 1100   FORT LAUDERDALE, FLORIDA 33308-4044
www.sdma.com   954.958.2500 phone   954.958.2513 fax

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 7 2010

FILED
CLERK'S OFFICE

# Sedgwick
DETERT, MORAN & ARNOLD LLP

Tanya M. Lawson, Esq.
Phone: (954) 351-4815
E-Mail: Tanya.lawson@sdma.com

August 10, 2010

**MDL 875**

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

**VIA FACSIMILE – 202-502-2888**

Re:   In re Asbestos Products Liability Litigation
      Multidistrict Litigation 875 – Notice of Tag-Along Action

Dear Mr. Beck:

In compliance with the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Foster Wheeler Energy Corporation gives notice of the following potential "tag-along action":

*Gale and Patricia Lyautey v. Foster Wheeler, et al.,*
*USDC – Southern District, Miami Division – Case No.: 1:10-cv-22891-AJ.*

A copy of the Complaint is attached for your convenience. Please do not hesitate to contact me or my paralegal, Muhsinah Lateef, if you have questions.

Very truly yours,

Tanya M. Lawson

VJA:vjr
Encls

cc: Case Dam, Esq. (via email only)
    Clerk of the USDC – Southern District

03375-222184 | 6

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2010 AUG 11 A 6:39
RECEIVED CLERK'S OFFICE

# OFFICIAL FILE COPY

IMAGED AUG 1 7 2010

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 7 2010

FILED
CLERK'S OFFICE

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife,

    Plaintiff,

-vs-

ALFA LAVAL, INC., Individually and as
    successor in interest to THE DELAVAL SEPERATOR CO.
    and SHARPLES, INC.,
ASCO VALVE, INC.,
A.W. CHESTERTON COMPANY,
BIGHAM INSULATION & SUPPLY COMPANY,
BIRD, INC.,
BORG WARNER CORPORATION,
BUFFALO PUMPS, INC.,
CARRIER CORPORATION,
CATERPILLAR, INC.,
CBS CORPORATION, f/k/a VIACOM, INC. successor by merger to
    CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC
    CORPORATION,
CERTAINTEED CORPORATION,
CLEAVER-BROOKS, INC.,
COMPUDYNE CORP., Individually and as successor-in-interest to
    YORK-SHIPLEY GLOBAL,
CRANE COMPANY,
CUMMINS, INC.,
DANA COMPANIES LLC, f/k/a DANA CORPORATION, Individually and as successor in
    interest to and/or f/k/a WISCONSIN GASKET & MANUFACTURING COMPANY,
DETROIT DIESEL CORPORATION,
EATON HYDRAULICS, INC., f/k/a and/or successor-in-interest to
    VICKERS, INC.,
ELLIOTT TURBOMACHINERY COMPANY, INC.,
FAIRBANKS MORSE PUMP CORPORATION,
FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST,
    as successor to FELT-PRODUCTS MANUFACTURING CO.
    and as successor to the former VELLUMOID Division of
    FEDERAL-MOGUL,
FLOWSERVE CORPORATION, F/K/A DURAMETALLIC
    CORPORATION,
FORD MOTOR COMPANY,
FOSTER WHEELER ENERGY CORPORATION, f/k/a FOSTER
    WHEELER CORPORATION,

ASBESTOS LITIGATION

CASE NO.: 10 - 35 08 6 CA 31

ORIGINAL
FILED
JUN 2 3 2010
HARVEY RUVIN
CLERK

2010 AUG 11  A 6: 39
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

1

GARDNER DENVER, INC.,
GARDNER DENVER NASH, LLC,
GENERAL ELECTRIC COMPANY,
GENUINE PARTS COMPANY,
GEORGIA-PACIFIC LLC, f/k/a GEORGIA-PACIFIC CORPORATION,
THE GOODYEAR TIRE & RUBBER COMPANY,
GOULDS PUMPS, INC., a subsidiary of ITT INDUSTRIES, INC.,
GREENE, TWEED & CO., INC.,
HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL,
    as successor in interest to ALLIED CORPORATION, as
    successor in interest to THE BENDIX CORPORATION,
IMO INDUSTRIES, INC., f/k/a DELAVAL TURBINE, INC.
    (a division of COLFAX CORPORATION),
INGERSOLL-RAND COMPANY,
ITT CORPORATION, as successor in interest or parent company
    to BELL & GOSSETT PUMPS,
JOHN CRANE, INC.,
LESLIE CONTROLS, INC.,
MCCORD CORPORATION,
MELRATH GASKET, INC.,
NATIONAL SERVICE INDUSTRIES, INC.,
OFFICEMAX INC., f/k/a BOISE CASCADE L.L.C., f/k/a
    BOISE CASCADE CORPORATION,
OWENS-ILLINOIS INC.,
PNEUMO ABEX LLC, a successor in interest to PNEUMO ABEX
    CORPORATION,
RAPID AMERICAN CORPORATION,
SPX CORPORATION, Individually and as Successor to DeZURIK, INC.,
STONE & WEBSTER ENGINEERING CORPORATION, Individually
    and as successor-in-interest to, parent to and/or alter ego to
    E.B. BADGER & SONS COMPANY,
UNION CARBIDE CORPORATION,
VELAN VALVE CORPORATION,
VIAD CORPORATION, f/k/a THE DIAL CORPORATION; Individually
    and as successor to GRISCOM RUSSELL COMPANY,
VIKING PUMPS, INC.,
WARREN PUMPS, LLC, Individually and as successor-in-interest to
    QUIMBY PUMP CO.,
WEIR VALVES AND CONTROLS USA, INC., f/k/a and/or successor-in-interest
    To ATWOOD AND MORRILL CO.,
YARWAY CORPORATION,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiffs, GALE LYAUTEY and PATRICIA LYAUTEY, and file their Complaint against the above named Defendants and allege as follows:

1.      Plaintiffs' action is an action for damages in excess of the sum of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS exclusive of interest and costs.

2.      GALE LYAUTEY and PATRICIA LYAUTEY are husband and wife and are the Plaintiffs herein.

3.      Plaintiff, GALE LYAUTEY, was diagnosed with mesothelioma in February of 2010, resulting from exposure to asbestos-containing products manufactured, sold, supplied and/or distributed by Defendants named above.

4.      Venue in the Circuit Civil Court in and for Miami-Dade County is proper in that several of the Defendants against whom this action is brought have offices, agents and/or representatives in this County, including, GENUINE PARTS CO., BIGHAM INSULATION & SUPPLY, FORD MOTOR CO., AND THE GOODYEAR TIRE & RUBBER CO.

5.      "Products" as used in this complaint means all products that contained or included asbestos or asbestos-containing components in whole or in any mixture with other materials manufactured, marketed, sold, distributed and/or supplied by the Defendants.

6.      During his lifetime, Plaintiff purchased, worked with and/or was exposed to asbestos on, from or in products manufactured, sold, supplied and/or distributed by each of the above-named Defendants, individually or through its predecessors or subsidiaries.

7.      Plaintiff purchased, worked with and used Defendants' products in the intended manner, without significant change in the products' condition, and being unaware of the dangerous properties of asbestos, relied on the Defendants instructions as to proper methods of handling the products.

3

8.    Plaintiff's subsequent exposure to and inhalation of asbestos fibers from Defendants' products caused Plaintiff to contract mesothelioma.

9.    Plaintiff specifically disclaims any federal cause of action or any claim that would give rise to federal jurisdiction. To the extent that any of Plaintiff's asbestos exposure took place on a federal enclave, or to the extent that any of Plaintiff's asbestos exposure occurred on board vessels of the United States military (including Naval ships) or in the construction, maintenance and/or repair of United States military vessels and/or aircraft, Plaintiff's negligence and strict liability state law claims against the manufacturers, sellers and suppliers of asbestos-containing products installed on such vessels and/or aircraft are not based on the theory of defective design, but rather are based only on the theory of failure to warn.

10.   There is no evidence that the United States Government, or any of its military branches, specifically instructed manufacturers from which it purchased asbestos-containing products not to warn about the health hazards associated with exposure to asbestos, there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or federal contractor provisions of the United States Code. This disclaimer pertains to all of plaintiffs' claims, including those of negligence and strict products liability, as asserted herein.

## DEFENDANTS

11.   Defendant, ALFA LAVAL INC., f/k/a DELAVAL INC., is a New Jersey corporation with its principal place of business located in Virginia. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

12.    Defendant, ASCO VALVE, INC., is a Delaware corporation with its principal place of business located in New Jersey. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

13.    Defendant, A.W. CHESTERTON COMPANY, is a Massachusetts corporation with its principal place of business located in Massachusetts. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

14.    Defendant, BIGHAM INSULATION & SUPPLY CO., is a Florida corporation with its principal place of business located in Florida. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

15.    Defendant, BIRD, INC., is a Massachusetts corporation with its principal place of business located in Massachusetts. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing

Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. §
48.081 and Fla. Stat. § 48.091.

16.     Defendant, BORG WARNER CORPORATION, is a Delaware corporation with
its principal place of business located in Michigan. At all times material to this cause of action,
Defendant manufactured, sold and/or distributed asbestos-containing products throughout the
United States, including Florida, which Plaintiff purchased, used and was exposed to in his life,
causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla.
Stat. § 48.081 and Fla. Stat. § 48.091.

17.     Defendant, BUFFALO PUMPS, INC., is a Delaware corporation with its
principal place of business located in New York. At all times material to this cause of action,
Defendant manufactured, sold and/or distributed asbestos-containing products throughout the
United States, including Florida, which Plaintiff purchased, used and was exposed to in his life,
causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla.
Stat. § 48.081 and Fla. Stat. § 48.091.

18.     Defendant, CARRIER CORPORATION, is a Delaware corporation with its
principal place of business located in Connecticut. At all times material to this cause of action,
Defendant manufactured, sold and/or distributed asbestos-containing products throughout the
United States, including Florida, which Plaintiff purchased, used and was exposed to in his life,
causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla.
Stat. § 48.081 and Fla. Stat. § 48.091.

19.     Defendant, CATERPILLAR, INC., is a Delaware corporation with its principal
place of business located in Illinois. At all times material to this cause of action, Defendant
manufactured, sold and/or distributed asbestos-containing products throughout the United States,

including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

20.    Defendant, CBS CORPORATION, f/k/a VIACOM, INC. successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a Delaware corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

21.    Defendant, CERTAINTEED CORPORATION, is a Delaware corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

22.    Defendant, CLEAVER-BROOKS, INC., is a Delaware corporation with its principal place of business located in Connecticut. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

23.   Defendant, COMPUDYNE CORP., Individually and as successor in interest to YORK SHIPLEY GLOBAL, is a Maryland corporation with its principal place of business located in Maryland. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

24.   Defendant, CRANE COMPANY, is a Delaware corporation with its principal place of business located in Connecticut. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

25.   Defendant, CUMMINS, INC., is a Indiana corporation with its principal place of business located in Indiana.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

26.   Defendant, DANA COMPANIES LLC, is a Virginia corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life,

causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

27.    Defendant, DETROIT DIESEL CORPORATION, is a Delaware corporation with its principal place of business located in Michigan. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

28.    Defendant, EATON HYDRAULIC LLC, f/k/a EATON HYDRAULIC, INC., individually and/or successor in interest to VICKERS, INC., is a Delaware corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

29.    Defendant, ELLIOTT TURBOMACHINERY COMPANY, INC., is a Delaware corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

30.    Defendant, FAIRBANKS MORSE PUMP CORPORATION, is a Kansas corporation with its principal place of business located in Kansas. At all times material to this

cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

31. Defendant, FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT-PRODUCTS MANUFACTURING CO. and as successor to the former VELLUMOID Division of FEDERAL-MOGUL, is a Delaware corporation with its principal place of business located in Delaware. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

32. Defendant, FLOWSERVE CORPORATION, f/k/a DURAMETALLIC CORPORATION, is a Delaware corporation with its principal place of business located in Michigan. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

33. Defendant, FORD MOTOR COMPANY, is a Delaware corporation with its principal place of business located in Michigan. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life,

causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

34.   Defendant, FOSTER WHEELER ENERGY CORPORATION, f/k/a FOSTER WHEELER CORPORATION, is a Delaware corporation with its principal place of business located in New Jersey. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

35.   Defendant, GARDNER DENVER, INC., is a Delaware corporation with its principal place of business located in Illinois. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

36.   Defendant, GARDNER DENVER NASH LLC, is a Delaware corporation with its principal place of business located in Connecticut. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

37.   Defendant, GENERAL ELECTRIC COMPANY, is a New York corporation with its principal place of business located in Connecticut. At all times material to this cause of

action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

38.    Defendant, GENUINE PARTS COMPANY, is a Georgia corporation with its principal place of business located in Georgia. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

39.    Defendant, GEORGIA-PACIFIC LLC, f/k/a GEORGIA-PACIFIC CORP., is a Georgia corporation with its principal place of business located in Georgia. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

40.    Defendant, THE GOODYEAR TIRE & RUBBER CO., is a Ohio corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

41.     Defendant, GOULDS PUMPS, INC., a subsidiary of ITT INDUSTRIES, INC., is a New York corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

42.     Defendant, GREEN, TWEED & CO., INC., is a New York Delaware corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

43.     Defendant, HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor-in-interest to ALLIED CORPORATION, as successor-in-interest to THE BENDIX CORPORATION, is a Delaware corporation with its principal place of business located in New Jersey. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

44.     Defendant, IMO INDUSTRIES, INC., f/k/a DELAVAL TURBINE, INC. (a division of COLFAX CORPORATION), is a Delaware corporation with its principal place of business located in New Jersey. At all times material to this cause of action, Defendant

manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

45.    Defendant, INGERSOLL-RAND COMPANY, is a New Jersey corporation with its principal place of business located in New Jersey. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

46.    Defendant, ITT CORPORATION, as successor in interest or parent company to BELL & GOSSETT PUMPS, is a New York corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

47.    Defendant, JOHN CRANE INC., is a Delaware corporation with its principal place of business located in Illinois. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

48.    Defendant, LESLIE CONTROLS, INC., is a New Jersey corporation with its principal place of business located in the State of Florida. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

49.    Defendant, MCCORD CORPORATION, is a Delaware corporation with its principal place of business located in Tennessee. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

50.    Defendant, MELRATH GASKET, INC., is a Pennsylvania corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

51.    Defendant, NATIONAL SERVICE INDUSTRIES, as a successor in interest to NORTH BROTHERS, is a Georgia corporation with its principal place of business located in Georgia. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop

mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

52.    Defendant, OFFICEMAX INC., f/ka/ BOISE CASCADE CORPORATION, is a Georgia corporation with its principal place of business located in Georgia. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

53.    Defendant, OWENS-ILLINOIS, INC., is a Ohio corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

54.    Defendant, PNEUMO ABEX LLC, is a Delaware corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

55.    Defendant, RAPID AMERICAN CORPORATION, f/k/a GLEN ALDEN CORPORATION, is an Ohio corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or

distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

56.     Defendant, SPX CORPORATION, Individually and as Successor to DeZURIK, INC., is a Delaware corporation with its principal place of business located in North Carolina. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

57.     Defendant, STONE & WEBSTER ENGINEERING CORPORATION, Individually and as successor in interest to, parent to and/or alter ego to E.B. BADGER & SONS COMPANY, is a Massachusetts corporation with its principal place of business located in North Massachusetts. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

58.     Defendant, UNION CARBIDE CORPORATION, is a Connecticut corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his

life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

59. Defendant, VELAN VALVE CORPORATION, is a Vermont corporation with its principal place of business located in Vermont. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

60. Defendant, VIAD CORP., f/k/a THE DIAL CORPORATION, Individually and as Successor to GRISCOM RUSSELL COMPANY, is a Delaware corporation with its principal place of business located in Arizona. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

61. Defendant, VIKING PUMPS, INC., is a Delaware corporation with its principal place of business located in Iowa. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

62. Defendant, WARREN PUMPS, LLC, is a Delaware corporation with its principal place of business located in Massachusetts. At all times material to this cause of action,

Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48,081 and Fla. Stat. § 48,091.

63. Defendant, WEIR VALVES AND CONTROLS USA, INC., is a Massachusetts corporation with its principal place of business located in Massachusetts. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

64. Defendant, YARWAY CORPORATION, is a Pennsylvania corporation with its principal place of business located in Texas. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff purchased, used and was exposed to in his life, causing Plaintiff to develop mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

65. Each of the above Defendants is either a foreign or domestic corporation that now conducts or has conducted significant revenue-producing business in Florida. Defendants have derived substantial revenue from intrastate and interstate commerce and could reasonably expect their sale and distribution of asbestos-containing or contaminated products to have consequences in Florida or any other state.

66. Defendants commercial activities in Florida were not isolated and Defendants have maintained sufficient contacts with Florida and/or transacted substantial revenue-producing

business in Florida to subject it to the jurisdiction of this Court pursuant to Florida Statutes §
48.181, § 48.182, or § 48.193.

67.      The above-named Defendants have, at all times material to this cause of action,
through their agents, officers and representatives, operated, conducted, engaged in and carried on
a business venture in Florida; maintained an office or agency in this state; solicited business or
provided service activities within this state, and/or committed a tortious act within the state by
manufacturing, selling and disseminating to the public inherently dangerous products:

a.      1) Without testing said products to determine their harmful effects on
persons coming in contact with said products; and

b.      2) By failing to take any reasonable precautions or to exercise reasonable
care to adequately or sufficiently warn Plaintiff and other persons similarly situated,
of the risks, dangers and harm of contracting asbestosis, lung cancer and other forms
of cancers, through exposure to, contact with, use of, handling and/or manipulation of
Defendants' products and the consequent inhalation of the asbestos dust and fibers
resulting from the ordinary and foreseeable use of said products.

68.      Defendants' tortious conduct, including but not limited to failure to warn and/or
the manufacture, sale and/or distribution of products without adequate warnings, is continuing
and presently existing; arose from Defendants acts and/or omissions which occurred inside and
outside of Florida during the relevant period; and proximately caused Plaintiff's present injuries.

## COUNT I: NEGLIGENCE

Plaintiffs adopt, reallege and incorporate the allegations in paragraphs 1 through 68
above, and further allege the following:

20

69.   While working with or around Defendants' products, Plaintiff inhaled asbestos fibers contained within, on and emitted from Defendants' products, causing Plaintiff to eventually develop mesothelioma.   Each exposure to Defendants' products, which were connected to and incidental to Defendants' manufacture, sale, supply and/or distribution of its products, was harmful and substantially contributed in causing Plaintiff's mesothelioma.

70.   Due to his mesothelioma, Plaintiff has required and will continue to require medical treatment; has been greatly inconvenienced in his ability to lead and enjoy a normal life; has lost and will continue to lose substantial income; and has been permanently impaired. As a result of his condition, Plaintiff has suffered and will continue to suffer pain, mental anguish, depression and other mental disorders; has incurred and will continue to incur medical expenses for treatment of physical and mental injuries; and has suffered physical handicap.  Said injuries are permanent and continuing in nature, causing Plaintiff to horribly suffer.

71.   The aforementioned injuries and disabilities of Plaintiff are and will be the direct and proximate cause of the negligence of the Defendants and/or their predecessors-in-interest or subsidiaries, in that Defendants produced, sold and/or otherwise placed into the stream of intrastate and interstate commerce products which Defendants knew, or, in the exercise of ordinary care should have known, were deleterious and highly harmful to Plaintiff's health and well being, and yet did nothing to advise the Plaintiff of this information.

72.   Before manufacturing, selling and/or distributing their products, to which Plaintiff was exposed, each Defendant knew, or in the exercise of reasonable care should have known, that Plaintiff and/or others similarly situated would purchase, use and be exposed to asbestos from using their products by inhaling asbestos fibers emitted or released from the same.

73.   At all times materials to this cause of action Defendants' products contained latent

characteristics at the time of manufacture and Plaintiff's exposure, and each Defendant knew, or should have known that Plaintiff's exposures to their products was harmful and could cause serious injuries including, but not limited to, asbestosis, lung cancer, mesothelioma and/or other forms of cancer.

74.    Each Defendant also knew, or should have known, that its products would be used by and around Plaintiff, or those similarly situated, without the ability to inspect for asbestos and furthermore, that any such inspection would not have revealed the asbestos fibers or underlying danger contained in each Defendant's products; or that exposure to the same could cause severe injury.

75.    These facts, known to or readily ascertainable by the Defendants, and corresponding failure to warn of such dangers made each Defendant's products inherently and unreasonably dangerous in that Plaintiff could not know nor contemplate the dangers of inhaling asbestos fibers from, in or on Defendants' products that Plaintiff used or was exposed to during his lifetime.

76.    Each Defendant who was in the business of manufacturing, selling and/or distributing products during the times pertinent to this suit, was negligent and/or failed to exercise reasonable care in one, some and/or all of the following respects, the same being the proximate cause of Plaintiff's injuries:

a.    In failing to adequately warn Plaintiff of the dangerous characteristics of products and replacement products in that each Defendant failed to warn Plaintiff that he could develop fatal injuries including, but not limited to, asbestosis, lung cancer, mesothelioma and/or other forms of cancer, as a result of being exposed to asbestos emitted from each Defendants' products.

b. In failing to place adequate warnings on or in the containers of said products to warn of the dangers to one's health of coming in contact with said asbestos and/or asbestos-containing materials and of the gravity of the risk and extent of danger that Plaintiff was exposing himself by working with and being exposed to said products.

c. In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of using, handling and installing the products.

d. In failing to develop and utilize a substitute material to eliminate asbestos fibers in the products manufactured, sold and distributed.

e. In continuing to manufacture, sell and otherwise distribute products when each Defendant knew at the time of said manufacture, sale and/or distribution of said products that such products caused injuries including, but not limited to, lung cancer, mesothelioma, asbestosis and/or other forms of cancer, to those persons exposed to said products.

f. In affirmatively misrepresenting to Plaintiff and other members of the public in advertising, by labels and otherwise, that the products manufactured, sold and/or distributed were safe in their ordinary and foreseeable use, which material misrepresentation induced Plaintiff to unknowingly expose himself to the hazards of developing injuries including, but not limited to, asbestosis, lung cancer and/or other forms of cancer.

g. In failing to adequately test their respective products before offering them for sale and use so that Plaintiff and other persons similarly situated would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said products

and thereby expose himself to the development of fatal injuries including, but not limited to, asbestosis, lung cancer, mesothelioma and/or other forms of cancer as a result of such inhalation of the asbestos dust and fibers.

WHEREFORE, Plaintiffs pray for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## COUNT II: STRICT LIABILITY

Plaintiffs adopt, reallege and incorporate the allegations in paragraphs 1 through 68, and further allege the following matters:

77.     Each Defendant, their predecessors-in-interest and/or their alter egos are and/or have been a manufacturer, distributor, supplier, retailer, wholesaler and/or assembler of products used with or containing asbestos.

78.     The products complained of were manufactured, distributed, supplied, and/or sold by each of the Defendants and used by and/or in the vicinity of the Plaintiff during his lifetime.

79.     Defendants manufactured, distributed, supplied, sold and/or otherwise placed into the stream of commerce and/or caused to be placed into the stream of commerce their products.

80.     Plaintiff alleges that the Plaintiff used, was around and was exposed to each Defendant's products during his lifetime, during which time asbestos fibers from or on Defendants' products were liberated into the air and inhaled by Plaintiff, eventually causing his mesothelioma.

81.     At the time the Defendants manufactured, distributed, supplied, and/or sold the aforesaid products, such products were expected to, and did, reach Plaintiff in a condition without substantial change from that in which such products were when within the possession of

24

Defendants.

82.  Defendants' products to which Plaintiff was exposed were used in the manner in which they were intended.

83.  When used, Defendants' products failed to perform as safely as Plaintiff expected in that the products released respirable asbestos fibers causing Plaintiff's mesothelioma.

84.  Defendants' products were, by reason of their use of asbestos, in a condition unreasonably dangerous to users and/or bystanders, such as Plaintiff, as Defendants' products were dangerous beyond the expectation of the ordinary user/consumer/bystander when used as intended or in a manner reasonably foreseeable; and because the risk of danger to users and/or bystanders, such as Plaintiff, outweighed the benefits of the design.

85.  Defendants' products were in a defective condition and unreasonably dangerous, in that those products:

a.  Did not provide an adequate warning of the potential harm that might result from exposure to asbestos and/or asbestos containing dust and, alternatively, did not have adequate instructions for safe use of the products;

b.  Did not contain proper respirators to protect users and/or bystanders, such as Plaintiff, from the potential harm that might result from exposure to asbestos and/or asbestos containing dust;

c.  Did not have warnings to persons, such as Plaintiff, who had been, or reasonably may have been, exposed to Defendants' products, of their disease potential, the proper steps to take to reduce the harmful effects of previous exposure, the need to have periodic chest x-rays and medical examinations including the giving of histories which revealed the details of the previous exposure, and the need to have immediate and vigorous

25

medical treatment for all respiratory problems;

86.    Plaintiff, unaware of the defective and unreasonably dangerous condition of the Defendants' products at a time when such products were being used for the purposes for which they were intended, was exposed to asbestos contained in Defendants' asbestos-containing products causing his mesothelioma, making Defendants' products that lacked adequate warnings unsafe for the purpose of handling, installation and removal of the same.

87.    Each Defendant knew that their products would be used without inspection for defects, and by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include the safe handling, installation and replacement of said asbestos products.

88.    As a direct and proximate result of the product defects as described herein, Plaintiff was caused to contract diseases and injuries to his body, including mesothelioma. Due to his mesothelioma, Plaintiff has required and will require medical treatment; has been greatly inconvenienced in his ability to lead and enjoy a normal life; has lost and will continue to lose substantial income; and has been permanently impaired. As a result of his condition, Plaintiff has suffered and will continue to suffer pain, mental anguish, depression and other mental disorders; has incurred and will continue to incur medical expenses for treatment of physical and mental injuries; and suffered physical handicap and impairment. Said injuries are permanent and continuing in nature, causing Plaintiff to horribly suffer.

WHEREFORE, Plaintiffs pray for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## COUNT III: LOSS OF CONSORTIUM—PATRICIA LYAUTEY

The Plaintiffs adopt, reallege and incorporate the allegations in paragraphs 1 through 88 above, and further allege the following:

89.     As a direct and proximate result of all of the foregoing allegations and injuries, Plaintiff's spouse, has suffered, and will continue to suffer from the loss of her spouse's services, his support, income, consortium and the care and comfort of his society; and due to the injuries and disabilities suffered by the Plaintiff, as alleged herein, Plaintiff's spouse, has also incurred and will continue to incur expenses for medical attention rendered to her said spouse.

WHEREFORE, Plaintiffs pray for judgment against the defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## DAMAGES

The Plaintiffs adopt, reallege and incorporate the allegations in paragraphs 1 through 89 above, and further allege the following:

90.     As a direct and proximate result of the negligence, carelessness, gross negligence, strict liability, and/or willful omissions of the Defendants as described herein, Plaintiff was caused to contract mesothelioma herein causing Plaintiff, pain, suffering and mental anguish.

91.     As a direct and proximate result of the aforesaid, Plaintiff was obliged to spend various sums of money to treat Plaintiff's diseases and injuries, and Plaintiff continues to be obliged for the expenses of same.

92.     As a direct and proximate result of the aforesaid, Plaintiff has and will stand a loss of earnings and earning capacity; and as a direct and proximate result of the aforesaid, Plaintiff's

27

enjoyment of life has been impaired and Plaintiff's life expectancy has been shortened, all to Plaintiff's great loss,

93.   As a direct and proximate result of the aforesaid, and since Plaintiff first learned of his aforementioned injuries, Plaintiff has suffered, and will continue to suffer, severe anxiety and ongoing psychological damage, which may require future psychological and/or medical treatment.

94.   As a direct and proximate result of the aforesaid, Plaintiff has and will continue to suffer a disintegration and deterioration of the family unit and the relationships existing therein, resulting in enhanced anguish, depression and other symptoms of psychological stress and disorder.

95.   As a direct and proximate result of all of the foregoing allegations and injuries, Plaintiff's spouse has suffered, and will continue to suffer from the loss of her spouse's services, his support, consortium and the care and comfort of his society; and due to the injuries and disabilities suffered by the Plaintiff, as alleged herein, Plaintiff's spouse, has also incurred and will continue to incur expenses for medical attention rendered to his said spouse.

WHEREFORE, Plaintiffs prays for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## OFFICEMAX DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable as a matter of right.

DATE: 6/22/10

Respectfully submitted,

THE FERRARO LAW FIRM, P.A.
*Attorneys for Plaintiffs*
4000 Ponce de Leon Boulevard, Suite #700
Miami, Florida 33146
Telephone (305) 375-0111
Facsimile (305) 379-6222

By:

DAVID A. JAGOLINZER, ESQ.
Florida Bar No. 181153
CASE A. DAM, ESQ.
Florida Bar No. 756091

29

*Exposure Sheets*
**GALE LYAUTEY**

**THE FERRARO LAW FIRM, P.A.**
JULY 13, 2010

*Manufacturer:*     ALFA LAVAL, INC., f/k/a DELAVAL INC,

*Products:*     *Asbestos- Containing Pumps, Gaskets, Valves & Exchangers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

---

*Manufacturer:*  ASCO VALVE, INC.

*Products:*  *Asbestos-Containing Valves, Packing, Gaskets and Insulation*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*   A.W. CHESTERTON COMPANY,

*Products:*   *Asbestos-Containing Packing & Gaskets*

<u>Jobsite</u>

<u>City and State</u>

<u>Dates of Exposure</u>

USS Rangel, USS Beatty
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

U.S. Navy

1954-1974

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010.

---

*Manufacturer:*  **BIGHAM INSULATION & SUPPLY COMPANY**

*Products:*  *Asbestos Insulation*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| A Paper Mill | Jacksonville, FL | " " |

*Exposure Sheets*
**GALE LYAUTEY**

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

**Manufacturer:**  BIRD, INC.,

**Products:**  *Asbestos-Containing Roofing Cements, Coatings, Shingles & Siding*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Parent's Home | Shinglehouse, Pennsylvania | 1950-1954 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.

JULY 13, 2010

*Manufacturer:*  BORG WARNER CORPORATION,

*Products:*  *Asbestos Containing Clutches, Transmissions and Brakes*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Parent's Home | Shinglehouse, Pennsylvania | 1950-1954 |
| Plaintiff's Home | Grove City, Pennsylvania | 1974-1979 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010.

*Manufacturer:*  BUFFALO PUMPS, INC.,

*Products:*  *Asbestos-Containing Pumps, Gaskets and Packing*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*    CARRIER CORPORATION,

*Products:*    *Asbestos-Containing Refrigeration Units And Condensers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*   CATERPILLAR, INC.

*Products:*   *Asbestos- Containing Gaskets, Engines & Insulation*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

| *Manufacturer:* | CBS CORPORATION, f/k/a VIACOM, INC. successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, |
| --- | --- |

*Products:* | *Asbestos-Containing Turbines, Board & Generators*

| Jobsite | City and State | Dates of Exposure |
| --- | --- | --- |
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "    " |
| Monsanto | Decatur, Alabama | "    " |
| A Refinery | Texas City, Texas | "    " |
| A Paper Mill | Savannah, GA | "    " |
| A Paper Mill | Jacksonville, FL | "    " |
| State Hospital | Kalamazoo, MI | "    " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

---

*Manufacturer:*    CERTAINTEED CORPORATION,

*Products:*    *Asbestos-Containing Shingles, Roof Coating, Siding*

<u>Jobsite</u>    <u>City and State</u>    <u>Dates of Exposure</u>

Parent's Home    Shinglehouse, Pennsylvania    1950-1954

*Exposure Sheets*
**GALE LYAUTEY**

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

**Manufacturer:**  CLEAVER-BROOKS, INC.

**Products:**  *Asbestos-Containing Boilers and Distillers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "    " |
| Monsanto | Decatur, Alabama | "    " |
| A Refinery | Texas City, Texas | "    " |
| A Paper Mill | Savannah, GA | "    " |
| A Paper Mill | Jacksonville, FL | "    " |
| State Hospital | Kalamazoo, MI | "    " |

## *Exposure Sheets*
**GALE LYAUTEY**

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

---

*Manufacturer:*   **COMPUDYNE CORP, Individually and as successor-in-interest to YORK-SHIPLEY GLOBAL,**

*Products:*   *Asbestos-Containing Boilers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "         " |
| Monsanto | Decatur, Alabama | "         " |
| A Refinery | Texas City, Texas | "         " |
| A Paper Mill | Savannah, GA | "         " |
| A Paper Mill | Jacksonville, FL | "         " |
| State Hospital | Kalamazoo, MI | "         " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*     CRANE COMPANY,

*Products:*     *Asbestos-Containing Boilers, Valves, Pumps, Gaskets & Pumps*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

| *Manufacturer:* | CUMMINS, INC. | |
|---|---|---|
| *Products:* | *Asbestos-Containing Engines & Gaskets* | |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty, USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "        " |
| Monsanto | Decatur, Alabama | "        " |
| A Refinery | Texas City, Texas | "        " |
| A Paper Mill | Savannah, GA | "        " |
| A Paper Mill | Jacksonville, FL | "        " |
| State Hospital | Kalamazoo, MI | "        " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

| Manufacturer: | DANA COMPANIES LLC, f/k/a DANA CORPORATION, |
| --- | --- |

*Products:* *Asbestos- Containing Gaskets and rope*

| Jobsite | City and State | Dates of Exposure |
| --- | --- | --- |
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "        " |
| Monsanto | Decatur, Alabama | "        " |
| A Refinery | Texas City, Texas | "        " |
| A Paper Mill | Savannah, GA | "        " |
| A Paper Mill | Jacksonville, FL | "        " |
| State Hospital | Kalamazoo, MI | "        " |

*Exposure Sheets*
GALE LYAUTEY

**THE FERRARO LAW FIRM, P.A.**
JULY 13, 2010

*Manufacturer:*   DETROIT DEISEL CORP.,

*Products:*   *Asbestos- Containing Brakes, Gaskets, Clutches & Engines*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "  " |
| Monsanto | Decatur, Alabama | "  " |
| A Refinery | Texas City, Texas | "  " |
| A Paper Mill | Savannah, GA | "  " |
| A Paper Mill | Jacksonville, FL | "  " |
| State Hospital | Kalamazoo, MI | "  " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

| Manufacturer: | EATON HYDRAULICS, INC., f/k/a and/or successor-in-interest to VICKERS, INC., |
|---|---|

**Products:** *Asbestos- Containing Pumps & Valves*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty, USS Tutuila, USS Cavalla, USS Hissim, USS Constant, USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "  " |
| Monsanto | Decatur, Alabama | "  " |
| A Refinery | Texas City, Texas | "  " |
| A Paper Mill | Savannah, GA | "  " |
| A Paper Mill | Jacksonville, FL | "  " |
| State Hospital | Kalamazoo, MI | "  " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:* ELLIOT TURBOMACHINERY CO., INC.,

*Products:* *Asbestos- Containing Deaerating Feed Tanks & Compressors, Turbines, Super Chargers & Blowers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | " " " |
| Monsanto | Decatur, Alabama | " " |
| A Refinery | Texas City, Texas | " " |
| A Paper Mill | Savannah, GA | " " |
| A Paper Mill | Jacksonville, FL | " " |
| State Hospital | Kalamazoo, MI | " " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*  FAIRBANKS MORSE PUMPS CORPORATION,

*Products:*  *Asbestos-Containing Pumps, Gaskets and Packing*

Jobsite

USS Rangel, USS Beatty
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*    FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as
successor to FELT-PRODUCTS MANUFACTURING CO. and as
successor to the former VELLUMOID division of FEDERAL-
MOGUL,

Products:    *Asbestos-Containing Gaskets*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*

FLOWSERVE CORPORATION, f/k/a DURAMETALLIC
CORPORATION,

*Products:*

*Asbestos-Containing Pumps, Gaskets & Packings*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*     FORD MOTOR COMPANY,

*Products:*     *Asbestos-Containing Vehicles, Brakes, Clutches & Gaskets*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| Parent's Home | Shinglehouse, Pennsylvania | 1950-1954 |
| Plaintiff's Home | Grove City, Pennsylvania | 1974-1979 |
| Plaintiff's Home | Orlando, Florida | 1986-2000 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

**Manufacturer:** FOSTER WHEELER ENERGY CORPORATION, f/k/a FOSTER WHEELER CORPORATION,

**Products:** *Boilers, Block and Cement*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steel | Pittsburg, Pennsylvania | " " |
| Monsanto | Decatur, Alabama | " " |
| A Refinery | Texas City, Texas | " " |
| A Paper Mill | Savannah, GA | " " |
| A Paper Mill | Jacksonville, FL | " " |
| State Hospital | Kalamazoo, MI | " " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

**Manufacturer:** GARDNER DENVER, INC.

**Products:** *Asbestos-Containing Air Compressor, Pumps and Blowers*

**Jobsite**

USS Rangel, USS Beatty
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

**City and State**

U.S. Navy

**Dates of Exposure**

1954-1974

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

**Manufacturer:**  GARDNER DENVER NASH LLC

**Products:**  *Asbestos-Containing Air Compressor, Pumps and Blowers*

| Jobsite | City and State | Dates of Exposure: |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
**GALE LYAUTEY**

**THE FERRARO LAW FIRM, P.A.**
JULY 13, 2010

---

*Manufacturer:* **GENERAL ELECTRIC COMPANY,**

*Products:* *Asbestos-Containing Electrical Equipment, Generators, Steam Turbines Wire and Cable, Textolite, Brakes, Delta Beston, Vulkrene & Generators*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | " " |
| Monsanto | Decatur, Alabama | " " |
| A Refinery | Texas City, Texas | " " |
| A Paper Mill | Savannah, GA | " " |
| A Paper Mill | Jacksonville, FL | " " |
| State Hospital | Kalamazoo, MI | " " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:* **GENUINE PARTS COMPANY,**

*Products:* *Asbestos Containing Brakes, Clutches & Gaskets*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Parent's Home | Shinglehouse, Pennsylvania | 1950-1954 |
| Plaintiff's Home | Grove City, Pennsylvania | 1974-1979 |
| Plaintiff's Home | Orlando, Florida | 1986-2000 |

**Exposure Sheets**
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:* **GEORGIA PACIFIC LLC, f/k/a GEORGIA PACIFIC CORPORATION,**

*Products:* *Joint Compounds, Spackle, Texture, Wall and Ceiling Spray*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Parent's Home | Shinglehouse, Pennsylvania | 1950–1954 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*  THE GOODYEAR TIRE & RUBBER COMPANY,

*Products:*  *Asbestos-Containing Gaskets & Brakes*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

## *Exposure Sheets*
**GALE LYAUTEY**

**THE FERRARO LAW FIRM, P.A.**
JULY 13, 2010

---

*Manufacturer:*　　　　**GOULDS PUMPS, INC.,**

*Products:*　　　　*Asbestos-Containing Pumps, Gaskets & Packing*

**Jobsite**

USS Rangel, USS Beatty
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

**City and State**

U.S. Navy

**Dates of Exposure**

1954-1974

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*  GREENE, TWEED, & CO., INC.

*Products:*  *Asbestos-Containing Gaskets, Packing, & Cloth*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE·LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*   HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED·SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION,

*Products:*   *Asbestos–Containing Brakes & Clutches*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Parent's Home | Shinglehouse, Pennsylvania | 1950-1954 |
| Plaintiff's Home | Grove City, Pennsylvania | 1974-1979 |
| Plaintiff's Home | Orlando, Florida | 1986-2000 |

SEDGWICK, LLP    9549592513

*Exposure Sheets*
GALE LYAUTEY.

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

---

*Manufacturer:*    IMO INDUSTRIES, INC., f/k/a DELAVAL TURBINE, INC.
(a division of COLFAX CORPORATION)

*Products:*    *Asbestos-Containing Turbines, Compressors, Pumps, Gears, and Motion Control Equipment*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | " " |
| Monsanto | Decatur, Alabama | " " |
| A Refinery | Texas City, Texas | " " |
| A Paper Mill | Savannah, GA | " " |
| A Paper Mill | Jacksonville, FL | " " |
| State Hospital | Kalamazoo, MI | " " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

| Manufacturer: | INGERSOLL-RAND COMPANY | |
|---|---|---|

Products: *Asbestos-Containing Pumps, Gaskets, Packing & Compressors*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "        " |
| Monsanto | Decatur, Alabama | "        " |
| A Refinery | Texas City, Texas | "        " |
| A Paper Mill | Savannah, GA | "        " |
| A Paper Mill | Jacksonville, FL | "        " |
| State Hospital | Kalamazoo, MI | "        " |

*Exposure Sheets.*
**GALE LYAUTEY**

**THE FERRARO LAW FIRM, P.A.**
JULY 13, 2010

| | |
|---|---|
| *Manufacturer:* | ITT CORPORATION, as successor in interest or parent company to BELL & GOSSETT PUMPS, |
| *Products:* | Asbestos-Containing Pumps, Gaskets, Packing & Compressors |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:* **LESLIE CONTROLS, INC.**

*Products:* *Asbestos-Containing valves, steam and thermal fluid controls, control instrumentation, steam conditioning systems, steam water heaters, regulators*

**Jobsite**

USS Rangel, USS Beatty
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

**City and State**

U.S. Navy

**Dates of Exposure**

1954-1974

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:* JOHN CRANE, INC.

*Products:* *Asbestos-Containing Packing, Gaskets, & Valves*

**Jobsite**

USS Rangel, USS Beatty
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

**City and State**

U.S. Navy

**Dates of Exposure**

1954-1974

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*     MCCORD CORPORATION,

*Products:*     *Asbestos-Containing Gaskets*

<u>Jobsite</u>                    <u>City and State</u>                    <u>Dates of Exposure</u>

USS Rangel, USS Beatty          U.S. Navy                    1954-1974
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

---

*Manufacturer:*  MELRATH GASKET, INC.

*Products:*  *Asbestos-Containing Gaskets, Tape, Strip & Rope*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:* NATIONAL SERVICE INDUSTRIES, INC., as successor in interest to NORTH BROTHERS, INC.,

*Products:* *Asbestos-Containing Insulation*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Republic Steel | Youngstown, Ohio | 1974-1982 |
| US Steal | Pittsburg, Pennsylvania | "  " |
| Monsanto | Decatur, Alabama | "  " |
| A Refinery | Texas City, Texas | "  " |
| A Paper Mill | Savannah, GA | "  " |
| A Paper Mill | Jacksonville, FL | "  " |
| State Hospital | Kalamazoo, MI | "  " |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*     OFFICEMAX INC., f/k/a BOISE CASCADE L.L.C., f/k/a BOISE
CASCADE CORPORATION,

*Products:*     *Asbestos-Containing Paper, Gaskets, Phelps and Shingles*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty, USS Tutuila, USS Cavalla, USS Hissim, USS Constant, USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
**GALE LYAUTEY**

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*  OWENS-ILLINOIS, INC. f/k/a OWENS BOTTLE MACHINE

*Products:*  *Asbestos-Containing Insulation*

**Jobsite**                    **City and State**              **Dates of Exposure**

USS Rangel, USS Beatty          U.S. Navy                      1954-1958
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*  PNEUMO ABEX LLC, as successor in interest to PNEUMO ABEX CORPORATION,

Products:  *Asbestos-Containing Brakes & Clutch Materials*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Parent's Home | Shinglehouse, Pennsylvania | 1950-1954 |
| Plaintiff's Home | Grove City, Pennsylvania | 1974-1979 |
| Plaintiff's Home | Orlando, Florida | 1986-2000 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

---

*Manufacturer:*    RAPID AMERICAN CORPORATION

*Products:*    *Asbestos-Containing Insulation*

Jobsite                        City and State              Dates of Exposure

USS Rangel, USS Beatty         U.S. Navy                   1954-1974
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*    SPX CORPORATION, Individually and as Successor to DeZURIK, INC.,

*Products:*    *Asbestos-Containing Valves, Packing & Insulation*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

| Manufacturer: | STONE & WEBSTER ENGINEERING CORPORATION, Individually and as successor-in-interest to, parent to and/or alter ego to E.B. BADGER & SONGS COMPANY |
|---|---|

Products: *Asbestos-Containing Distillers, Evaporators & Condensers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*    UNION CARBIDE CORPORATION,

*Products:*    *Joint Compounds, Wall and Ceiling Spray/Texture, Calidria Asbestos, Stucco*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Parent's Home | Shinglehouse, Pennsylvania | 1950-1954 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

---

*Manufacturer:*  VELAN VALVE CORPORATION,

*Products:*  *Asbestos–Containing Valves, Gaskets & Packing.*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

## *Exposure Sheets*
### GALE LYAUTEY

**THE FERRARO LAW FIRM, P.A.**
JULY 13, 2010

*Manufacturer:*

VIAD CORPORATION, f/k/a THE DIAL CORPORATION, Individually and as successor to GRISCOM RUSSELL COMPANY,

*Products:*

*Asbestos-Containing Distiller Units & Exchangers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:*  VIKING PUMPS, INC.,

*Products:*  *Asbestos-Containing Pumps, Gaskets*

Jobsite                          City and State                    Dates of Exposure

USS Rangel, USS Beatty           U.S. Navy                         1954-1974
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

*Exposure Sheets*
GALE LYAUTEY

**THE FERRARO LAW FIRM, P.A.**
JULY 13, 2010

*Manufacturer:*  **WARREN PUMPS, LLC,**

*Products:*  *Asbestos-Containing Pumps, Gaskets and Packing*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty. USS Tutuila, USS Cavalla USS Hissim, USS Constant USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

*Exposure Sheets*
GALE LYAUTEY

THE FERRARO LAW FIRM, P.A.
JULY 13, 2010

*Manufacturer:* WEIR VALVES AND CONTROLS USA, INC., f/k/a and/or successor-in-interestTo ATWOOD AND MORRILL CO.,

*Products:* *Asbestos-Containing Valves, Gaskets & Packing*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| USS Rangel, USS Beatty<br>USS Tutuila, USS Cavalla<br>USS Hissim, USS Constant<br>USS Barber County, USS Direct | U.S. Navy | 1954-1974 |

## *Exposure Sheets*
### GALE LYAUTEY

**THE FERRARO LAW FIRM, P.A.**
JULY 13, 2010

---

**Manufacturer:**     YARWAY CORPORATION,

**Products:**     *Asbestos-Containing Valves, Gaskets & Packing*

### Jobsite

**City and State**

**Dates of Exposure**

USS Rangel, USS Beatty
USS Tutuila, USS Cavalla
USS Hissim, USS Constant
USS Barber County, USS Direct

U.S. Navy

1954-1974

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GALE L. LYAUTEY, and,
PATRICIA LYAUTEY, his wife,

ASBESTOS LITIGATION

CASE NO. 10-35086 CA 31

Plaintiffs,

-vs-

ALFA LAVAL, INC., et al.,

Defendants.

_____/

## PLAINTIFFS' SWORN INFORMATION FORM

COMES NOW the Plaintiff, GALE L. LYAUTEY, pursuant to Florida Statute § 774.205,
and files the following sworn information form:

1. Pursuant to Florida Statute § 774.205(3)(a) Plaintiff, GALE L. LYAUTEY, attests to the
following:

| | |
|---|---|
| *Claimant's Name:* | Gale L. Lyautey |
| *Address*: | 2970 Wildhorse Road, Orlando, FL 32822 |
| *Date of Birth*: | 07/13/1937 |
| *Marital Status*: | Married |

2. Pursuant to Florida Statute § 774.205(3)(b), Plaintiff, GALE L. LYAUTEY, will testify
to his work with products and/or component product that may have contained asbestos or
asbestos-containing materials.

*Plaintiff's Sworn Information Form*

3. Pursuant to Florida Statute § 774.205(3)(c), and based upon available information and belief, Plaintiff alleges exposure to products that may have contained asbestos and asbestos-containing materials while at the following locations:

    a. At his parent's home in Shinglehouse, Pennsylvania;

    b. While serving in the U.S. Navy aboard the USS Rangel, USS Beatty, USS Tutuila, USS Cavalla, USS Hissim, USS Constant, USS Barber County, USS Direct and various submarines.

    c. At various industrial jobsites throughout the United States, including but not limited to Republic Steel in Youngstown, Ohio; US Steel near Pittsburgh, Pennsylvania; Monsanto in Decatur, Alabama; a refinery in Texas City, Texas; a paper mill in Savannah, Georgia,; the state hospital in Kalamazoo, Michigan, and a paper mill in Jacksonville, Florida.

    d. At his home in Grove City, Pennsylvania.

    e. At his home located at 10615 Godfrey Lane, Orlando, Florida.

4. Pursuant to Florida Statute § 774.205(3)(d), and based upon available information and belief, Plaintiff gives the following beginning and ending dates and locations for his alleged exposure to products that may have contained asbestos or asbestos-containing materials:

    a. Shingles, brakes and joint compound while at his parent's home in, around or between 1950 and 1954.

    b. Valves, diesel engines, generators, economizers, evaporators, distillers, compressors, steam traps, heat transfer units, boilers, insulation, gaskets, packing, pumps and/or turbines while serving in the U.S. Navy aboard the vessels listed in paragraph 3. above between or within the years 1954 and 1974.

c. Turbines, generators, blowers and their corresponding components at various industrial jobsites throughout the United States, including but not limited to Republic Steel in Youngstown, Ohio, US Steel near Pittsburgh, Pennsylvania, Monsanto in Decatur, Alabama, a refinery in Texas City, Texas, a paper mill in Savannah, Georgia, the state hospital in Kalamazoo, Michigan, and a paper mill in Jacksonville, Florida between or within the years 1974 and 1982.

d. Brakes while at this home in Grove City, Pennsylvania between approximately 1975 and 1979.

e. Brakes while at his home located at 10615 Godfrey Lane, Orlando, Florida between approximately 1986 and 2000.

5. Pursuant to Florida Statute § 774.205(3)(e), Plaintiff attests that he was self-employed while working at his homes; an engineman, fireman or striker while serving in the U.S. Navy; and a Service Mechanic/Field Engineer while working for Turbodyne and Ingersoll Rand.

6. Pursuant to Florida Statute § 774.205(3)(f), Plaintiff states that he has been definitively diagnosed with mesothelioma.

7. Pursuant to Florida Statute § 774.205(3)(g), Plaintiff states that documentation supporting his diagnosis has been attached hereto.

8. Pursuant to Florida Statute § 774.207(2), Plaintiff states that he has not received any *Collateral Source Payments and/or Settlements* related to his asbestos related claims.

*Plaintiff's Sworn Information Form*

I swear under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT

_Gale L. Lyautey_
Gale L. Lyautey

I HEREBY CERTIFY that on this day, the above personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments in the State of Florida, and County of _Orange_, [ ] being personally known to me or [X] who produced _FLN (2002923)350_ identification, executed the foregoing Sworn Information Form, and acknowledged before me that he executed same for the purpose therein expressed.

I have hereunto set my hand and affixed my official seal this _06_ day of _____, 2010.

BONNIE FAYE WERSINGER
Notary Public - State of Florida
My Commission Expires Jul 11, 2010
Commission # DD 529450
Bonded By National Notary Assn.

## FLORIDA HOSPITAL MEDICAL CENTER
### Pathology Department – Central Florida Pathology Associates, P.A.
Telephone (407) 303-1932 Fax (407) 303-7252

| FH Orlando | FH Altamonte | FH Apopka | FH East | FH Kissimmee | Celebration Health | Winter Park Mem. Hosp. |
|---|---|---|---|---|---|---|
| 601 E. Rollins St. Orlando, FL 32803 | 601 E. Altamonte Dr. Alt. Springs, FL 32701 | 201 N. Park Ave. Apopka, FL 32703 | 7727 Lake Underhill Dr. Orlando, FL 32822 | 2450 N. Orange Blossom Kissimmee, FL 34744 | 400 Celebration Place Celebration, FL 34747 | 200 N. Lakemont Ave. Winter Park, FL 32792 |

### PATHOLOGIST'S CONSULTATION

### FLORIDA HOSPITAL WINTER PARK SURGICAL REPORT

Patient Name: **LYAUTEY, GALE**
MRI: 914503
D.O.B.: 7/13/1937 (Age: 72)         Client:    FHO
Gender: M                           Location:  W1SW
Pathologist: Paul A. Baekey MD      Account #: 0080899405
Admitting Physician: Mikhael, Victor W. MD (14130)
Submitting Physician: Ferrero, Alessandro MD* (8140)
Copy To:

Accession #: **WPS10-891**
Collected: 2/11/2010
Accessioned: 2/11/2010
Reported: 2/18/2010

ADDENDA, IF ANY, APPEAR IN CHRONOLOGIC ORDER AT REPORT TOP; PRELIMINARIES, IF ANY, AT REPORT END.

### DIAGNOSIS:
LEFT PARIETAL PLEURA, BIOPSY:
MALIGNANT MESOTHELIOMA (SEE COMMENT).

### COMMENT:
A panel of immunohistochemical stains has been performed. The tumor cells are positive for mesothelial markers (calretinin, CK5/3, and WT1). Two epithelial markers (*MOC31 and *BEREP4) are also positive. Stains for B72.3, CEA, PSA, and TTF-1 are negative. Despite the two positive epithelial markers, the strong positivity for mesothelial markers as well as the morphology is considered to represent malignant mesothelioma. Intradepartmental consultation has also been obtained.

BAEKEY/pj 02/17/10; 21524
CPT code(s): 88305, 88342 x 9

### CLINICAL HISTORY:
Pleural effusion.

### MATERIAL(S) SUBMITTED:
PARIETAL PLEURA (LEFT)

### GROSS DESCRIPTION:
The surgical requisition slip and specimen container match patient's name, date of birth, and specimen description. Received in formalin labeled "left parietal pleura" are multiple irregular to elongated tan to tan-red fragments of tissue ranging in size from 0.4 up to 2.6 cm in maximum dimension. Some of the fragments are partially covered by adipose tissue. Several of the larger fragments are serially sectioned and all tissue fragments received are entirely submitted in three cassettes labeled WPS10-891 A-C.   r0y 02/12/10; 19623

tdy/2/12/2010.

### MICROSCOPIC EXAMINATION:
A microscopic examination has been performed and the findings are incorporated in the diagnosis.

| | |
|---|---|
| ACCESSION #: | WPS10-891 |
| ACCOUNT #: | 0080899405 |
| PATIENT: | LYAUTEY, GALE |
| MRI: | 914503 |
| PAGE: | 1 of 2 |

**LYAUTEY, GALE**

**Surgical Pathology Report**

**WPS10-891**

"This test was developed and its performance characteristics determined by Florida Hospital Medical Center Laboratory. It has not been cleared or approved by the U.S. Food and Drug Administration. The FDA has determined that such clearance or approval is not necessary. This test is used for clinical purposes. It should not be regarded as investigational or for research. This laboratory is regulated under the Clinical Laboratory Improvement Amendments of 1988 (CLIA) as qualified to perform high complexity clinical testing.

Electronically signed by
Paul A. Baekey MD
2/18/2010

**PRELIMINARY DIAGNOSIS**
LEFT PARIETAL PLEURA, BIOPSY:
MALIGNANCY PRESENT.
FINAL DIAGNOSIS PENDING IMMUNOHISTOCHEMICAL STAINS FOR FURTHER CHARACTERIZATION.
A FINAL REPORT WILL FOLLOW

BAEKEY/ess 02/15/10; 20558

**PRELIMINARY COMMENT**
Slides on this accession have been initially viewed. The final report will be delayed pending the following: SPECIAL STAINS. A final report may be expected as soon as the procedure has been completed. The following is a tentative diagnosis only. It is to be understood that THIS IS NOT A FINAL REPORT AND IS SUBJECT TO REVISION.

Electronically Signed By: Paul A. Baekey MD

Date Reported:2/15/2010

| | |
|---|---|
| ACCESSION #: | WPS10-891 |
| ACCOUNT #: | 0080899405 |
| PATIENT: | LYAUTEY, GALE |
| MRI: | 914503 |
| PAGE: | 2 of 2 |

## FORUM NON CONVENIENS FACT SHEET

## GALE AND PATRICIA LYAUTEY

1. **Residence of the Plaintiff(s):**

   a. Does Plaintiff currently reside in Florida? If so, where in Florida?

      Yes, Orlando, Florida.

   b. Did Plaintiff reside in Florida when alleged exposure to asbestos occurred? If so, where in Florida?

      Yes, Orange and Duval County, Florida.

2. **Asbestos Exposure:**

   a. Did any alleged asbestos exposure occur in Florida? If so, where in Florida?

      Yes, Orange and Duval County, Florida.

   b. Did any alleged asbestos exposure occur in Miami-Dade County, Florida?

      Undetermined at this time.

   c. In which state(s), other than Florida, did alleged asbestos exposure occur?

      Pennsylvania, Texas, Alabama, Michigan and Ohio.

   d. What percentage of total asbestos exposure occurred in Florida?

      Undetermined at this time.

3. **Witnesses:**

   a. Do any fact witnesses reside in Florida? If so, where in Florida?

      Yes, Miami-Dade, Broward, Lee and Orange County, Florida.

   b. Do any expert witnesses reside in Florida? If so, where in Florida?

      Yes, Broward, Lee, Hillsborough and Miami-Dade Counties among others.

## GALE AND PATRICIA LYAUTEY

4. **Medical Treatment:**

   a.  In which state did diagnosis of disease relevant to this lawsuit take place?

   Florida

   b.  In which state(s) has Plaintiff received medical treatment relevant to this lawsuit?

   Florida

   c.  What percentage of said medical treatment was rendered in Florida?

   100%

5. **Defendant(s):**

   a.  Does any Defendant reside in Florida? If so, where in Florida?

   Yes, Broward, Leon, Hillsborough and Miami-Dade Counties, Florida.

   b.  Does any domestic corporate Defendant have or usually keep an office for transaction of its customary business in Florida? If so, where in Florida?

   Yes, Broward, Hillsborough and Miami-Dade Counties, Florida.

   c.  Does any foreign corporate Defendant have an agent or other representative in Florida? If so, where in Florida?

   Yes, Broward Leon, Hillsborough and Miami-Dade Counties, Florida.



Kelsey Black <kelsey.black@gmail.com>

# Session Receipt
1 message

NoReply@gbcblue.com <NoReply@gbcblue.com>   Wed, Aug 4, 2010 at 12:25 PM
To: kelsey.black@gmail.com

## Session Receipt

|  | |
|---|---|
| **Trx #:** | 8021830 |
| **Date/Time:** | Aug 4, 2010 [09:21] |
| **Location:** | OMNI Jacksonville Hotel |
| **Name:** | KELSEY K BLACK |

| Description | Ea | Qty | Ext |
|---|---|---|---|
| PC Use | $0.46 | 15 | $6.95 |
| Printer Use | $0.49 | 3 | $1.47 |
| | | | $8.42 |



Kelsey Black <kelsey.black@gmail.com>

## Session Receipt

1 message

NoReply@gbcblue.com <NoReply@gbcblue.com>
To: kelsey.black@gmail.com

Wed, Aug 4, 2010 at 12:25 PM

## Session Receipt

Trx #: 8021830

Date/Time: Aug 4, 2010 [09:21]

Location: OMNI Jacksonville Hotel

Name: KELSEY K BLACK

| Description | Ea | Qty | Ext |
|---|---|---|---|
| PC Use | $0.46 | 15 | $6.95 |
| Printer Use | $0.49 | 3 | $1.47 |
| | | | $8.42 |