JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 17 2010

FILED
CLERK'S OFFICE

**MDL 875**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS          MDL DOCKET NO. 875
LIABILITY (NO. VI)

This Document Relates To:
GLORIA F. JOHNS and SHERYL J.
KENT, as Co-Executrices of the
Estate of JAMES L. JOHNS, Deceased,
Vs.
CSX TRANSPORTATION, INC.,

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| GLORIA F. JOHNS and SHERYL J. KENT, As Co-Executrices of the Estate of JAMES L. JOHNS, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CSX TRANSPORTATION, INC., Individually and as Successor in Interest to Seaboard Systems Railroad, Inc., The Seaboard Coastline Railroad, The Atlantic Coastline Railroad, and The Georgia and Florida Railroad,<br><br>Defendant. | CIVIL ACTION NUMBER:<br>5:10-CV-00075-LGW-JEG |

PLEADING NO. 6278

## NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel of Multidistrict Litigation entered an order transferring all asbestos cases pending in the federal courts to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving

1

common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania under the MDL Docket 875, In re Asbestos Products Litigation. The Clerk of the Panel may either (1) enter a conditional transfer order pursuant to MDL Rule 7.4(a), or (2) file an order to show cause why they action should not be transferred, pursuant to Rule 7.5(b).

Respectfully submitted, this 16th day of August, 2010.

By: /s/ Grant C. Buckley
Ga. Bar No. 092802

THE JORDAN FIRM
1804 Frederica Road, Suite C
St. Simons Island, Georgia 31522
Tel. (912) 638-0505
Fax (912) 638-0605

Counsel for Defendant CSX Transportation, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF TAG-ALONG ACTION and attachments was served to the following by U.S. Mail:

Roger B. Lane, Esquire
1601 Reynolds Street
Brunswick, Georgia 31520
COUNSEL FOR PLAINTIFF

This 16th day of August, 2010.

/s/ Grant C. Buckley
Ga. Bar No. 092802

THE JORDAN FIRM
1804 Frederica Road, Suite C
St. Simons Island, Georgia 31522
Tel. (912) 638-0505
Fax (912) 638-0605

Counsel for Defendant CSX Transportation, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| GLORIA F. JOHNS and SHERYL J. KENT, As Co-Executrices of The Estate of JAMES L. JOHNS, Deceased, <br><br> Plaintiffs <br><br> Vs. <br><br> CSX TRANSPORTATION, INC., Individually and as Successor in Interest to Seaboard Systems Railroad, Inc. The Seaboard Coastline Railroad, The Atlantic Coastline Railroad and The Georgia and Florida Railroad, <br><br> Defendants | CV510-075 <br><br> CIVIL ACTION NO.: <br><br> C O M P L A I N T |

The Plaintiffs would respectfully allege and show unto the Court:

1. That the plaintiffs Gloria F. Johns and Sheryl J. Kent, as co-executrices of the Estate of James L. Johns, deceased, are citizens and residents of the State of Georgia.

2. That the defendant, CSX Transportation, Inc., is a corporation organized and existing under the laws of various states having railroad lines, repair shops, and rail cars which it operates in interstate commerce within the jurisdictional district of this Court. Furthermore, CSX Transportation Inc. is a successor in interest and liability to Seaboard Systems Railroad Inc., The Seaboard Coastline Railroad, The Atlantic Coastline Railroad and The Georgia and Florida Railroad.

3. That during the course of the plaintiffs' decedent's

employment, the railroad defendants were engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the plaintiffs' decedent were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore, the rights and liabilities of the parties were and are governed by the Federal Employer's Liability Act, 45 U.S.C. Section 1, et.seq., which Act grants this Court jurisdiction over this action.

4. That throughout plaintiffs' decedent's employment with the railroad defendants, he was engaged in the performance of his duties in furtherance of interstate commerce and was required and caused to work with and around asbestos containing products in the defendants' various railroad shops, including the shop in Waycross, Georgia.

5. That plaintiffs' decedent while engaged in the course of his employment with the railroad defendants, was required and caused to work with, and in the vicinity of toxic materials including asbestos and asbestos containing products which caused him to suffer severe and permanent injury to his person.

6. That at all times relevant, plaintiffs' decedent was unaware of the dangerous propensities of asbestos and asbestos containing products and was unaware of the cause of his latent abnormal medical condition.

### COUNT 1 – AS TO THE RAILROAD DEFENDANTS
### FOR A FIRST CAUSE OF ACTION

7. Plaintiffs reallege Paragraphs 1-6 as if restated here verbatim.

2

8. That the railroad defendants, by and through its duly authorized agents, servants and employees, were then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employer's Liability Act.

(a) in failing to provide plaintiffs' decedent with a reasonably safe place within which to work;

(b) in failing to furnish plaintiffs' decedent with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn plaintiffs' decedent of the true nature and hazardous effects of the asbestos-related materials;

(d) in failing to operate the locomotive repair facility in a safe and reasonable manner.

(e) in failing to provide instructions or a method for the safe use of asbestos.

(f) in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g) in failing to test asbestos containing products prior to requiring employees to work with same, to determine their ultra hazardous nature;

(h) in formulating and using a method of handling asbestos and asbestos related materials exposing plaintiffs' decedent to high concentrations of asbestos fibers;

(i) in failing to provide plaintiffs' decedent with safe and proper ventilation systems in the locomotive repair facility;

(j) in allowing unsafe practices to become the standard practice;

(k) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos insulation materials and other asbestos containing products;

(l) in failing to inquire of the suppliers of asbestos containing products, the hazardous nature of asbestos;

(m) in requiring employees to work with ultra-hazardous products;

(n) in failing to exercise adequate, if any, care for the health and safety of employees, including the plaintiffs' decedent;

(o) in failing to periodically test and examine plaintiffs' decedent to determine if he was subject to any ill effects of his exposure to asbestos related products;

(p) in failing to periodically inspect its locomotives, boilers, and their appurtenances in order to ascertain any contamination by asbestos fibers;

(q) in allowing excessive fumes from diesel exhaust to exist and remain in the work area;

(r) in failing to provide any or adequate warning to the plaintiffs' decedent of the exposure to the carcinogen asbestos at any time including the time of filing.

9. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad defendants, plaintiffs' decedent suffered exposure to toxic substances including asbestos and asbestos containing materials which caused him to sustain severe injury to his body and respiratory system, resulting in his

progressive impairment and disability.

10. That, as a result, plaintiffs' decedent suffered great pain, extreme nervousness and mental anguish and plaintiffs verily believe that their decedent's injuries and disabilities were permanent in nature and that he was forced to suffer the same for the remainder of his life; that his enjoyment of life and earning capacity were greatly reduced; that he developed lung cancer, and further, that his expected life span was greatly shortened. Plaintiffs further allege that as a result of their decedent's health problems, he was forced to incur medical expenses by way of doctor, hospital and drug bills in an effort to treat his condition.

11. That plaintiffs' decedent was a strong and able bodied man at the time of the manifestation of his illnesses. As a result of those illnesses he suffered damages as set forth above and by way of diminished ability to render services, society, affection, counseling and support to his household.

FOR A SECOND CAUSE OF ACTION

12. Plaintiffs reallege Paragraphs 1-11 as if restated here verbatim.

13. That throughout his employment with the railroad defendants plaintiffs' decedent was required to work on and about locomotives, boilers and their appurtenances, and was engaged in the performance of his duties at the time he was exposed to toxic substance including asbestos and asbestos containing materials.

14. That at said time and subsequent thereto, the railroad defendants were engaged in interstate commerce as common carriers by rail, by reason whereof the rights and liabilities of the

parties were and are governed by the Act of Congress known as the Locomotive Boiler Inspection Act, 45 U.S.C. Sections 22-34.

15. That the railroad defendants, by and through their agents, servants and employees, violated the Locomotive Boiler Inspection Act, in that they failed to provide plaintiffs' decedent with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the acts or omissions hereinbefore alleged in Paragraph 8 of plaintiffs' complaint.

16. That as a direct and proximate result, in whole or in part, of one or more of the above foregoing acts or omissions on the part of the railroad defendants, plaintiffs' decedent was forced to work on or about defective and unsafe locomotives, locomotive boilers and their appurtenances, all of which resulted in his injury, impairment, and disability as hereinbefore described.

WHEREFORE, plaintiffs demand judgment against the railroad defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus the costs of this action.

JURY TRIAL DEMANDED.

Respectfully submitted,

ROGER B. LANE,
Attorney at Law, P.C.

BY: _____
GA State Bar # 302936
Attorney for Plaintiffs

1601 Reynolds Street
Brunswick, Georgia 31520
912/264-8296

6

```
Court Name: Southern District of Georgia
Division: 2
Receipt Number: BWK002530
Cashier ID: robinson
Transaction Date: 07/30/2010
Payer Name: Roger B Lane

CIVIL FILING FEE
 For: Gloria F Johns
 Case/Party: D-GAS-5-10-CV-000075-001
 Amount:         $350.00

CHECK
 Check/Money Order Num: 3084
 Amt Tendered: $350.00

Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:        $0.00

CV510-75
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GLORIA F. JOHNS AND SHERYL J. KENT, CO-EXECUTRICES ESTATE OF JAMES L. JOHNS, DECEASED

**DEFENDANTS**
CSX TRANSPORTATION, INC.

(b) County of Residence of First Listed Plaintiff **WARE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
ROGER B. LANE, ATTORNEY AT LAW, P.C.
1601 Reynolds Street, Brunswick, GA 31520    912-264-8296

Attorneys (If Known)
RANDALL A. JORDAN, THE JORDAN FIRM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☒ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332 DIVERSITY OF CITIZENSHIP

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ exceeds $75,000.00
CHECK YES only if demanded in complaint.
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7/30/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____