# MARTZELL & BICKFORD

ATTORNEYS AT LAW
*A Professional Corporation*
338 LAFAYETTE STREET
NEW ORLEANS, LOUISIANA 70130

WWW.MBFIRM.COM

TELEPHONE: (504) 581-9065
FACSIMILE: (504) 581-7635

JOHN R. MARTZELL (1937-2007)
SCOTT R. BICKFORD †
REGINA O. MATTHEWS
SPENCER R. DOODY
LAWRENCE J. CENTOLA, III
NEIL F. NAZARETH
ROSHAWN H. DONAHUE

† *also admitted in Texas & Colorado*

E-MAIL: MB@MBFIRM.COM

*Writer's Direct Email:*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 23 2010

FILED
CLERK'S OFFICE

August 23, 2010

MDL 875

**VIA FAX 202-502-2888**
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255
Washington, D.C. 20002

    **Re:**    **In re: Asbestos Products Liability Litigation (No. VI)**
              **Calvin Stevens, et al v. Cooper/T. Smith Stevedoring Co.,**
              **USDC Eastern District of Louisiana**
              **No. 2:10-cv-968, "S" (2); Our File #10823-01**

To Whom It May Concern:

    Plaintiffs in the referenced case were directed to "promptly notify the Clerk of the Panel when the Eastern District of Louisiana court rules on their remand motion" by the attached "Order Deferring Decision on Transfer." (Order, Fn. 1). In accordance with this order, Plaintiffs hereby notify the Clerk that on August 18, 2010, the Eastern District issued the attached order denying Plaintiffs' motion to remand this case to the state court.

    If you have any questions, please contact me.

                              Yours truly,
                              MARTZELL & BICKFORD

                              SPENCER R. DOODY

SRD/cv
ENCL.

cc:   Pius Akamdi Obioha, Esq., w/encl.
      Ronald J. Sholes, Esq., w/encl.
      Patrick E. Costello, Esq., w/encl.
      James A. Bolles, Esq., w/encl.
      Gary A. Lee, Esq., w/encl.
      Antonio J. Rodriguez, Esq., w/encl.

PLEADING NO. 6286

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2010 AUG 23 P 1:46
RECEIVED
CLERK'S OFFICE

**OFFICIAL FILE COPY**            IMAGED AUG 2 3 2010

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 09, 2010

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)
   Calvin Stevens, et al. v. Cooper/T. Smith Stevedoring Co., )
   E.D. Louisiana, C.A. No. 2:10-968                )

MDL No. 875

### ORDER DEFERRING DECISION ON TRANSFER

      **Before the entire Panel**: Plaintiffs in an action pending in the Eastern District of Louisiana have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portion of our order conditionally transferring the action to the Eastern District of Pennsylvania for inclusion in MDL No. 875. No defendant responded to the motion to vacate.

      After considering all argument of counsel, we have decided, under the somewhat unusual circumstances presented here, to defer a decision on plaintiffs' motion for a period of 60 days in order to provide the Eastern District of Louisiana with a sufficient opportunity to rule upon plaintiffs' fully-briefed motion for remand to state court. A hearing on that motion has already taken place, and the question of remand appears to turn on the discrete and case-specific issue of whether certain South African vessels visited the Port of New Orleans prior to 1961. The Eastern District of Louisiana court has given the parties until August 4, 2010, to complete discovery on that issue, and thus a decision on plaintiffs' remand motion may come shortly.[1]

      IT IS THEREFORE ORDERED that a decision on transfer of this action is deferred for a period of 60 days from the date of this order.

---

   [1] Plaintiffs are directed to promptly notify the Clerk of the Panel when the Eastern District of Louisiana court rules on their remand motion.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 23 2010

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN STEVENS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 10-968 |
| COOPER/T. STEVENS STEVEDORING CO., INC. ET AL. | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand or Alternatively, to Sever the Third Party Claims and Remand the Main Action, or for an Order Directing the Parties to Conduct Limited Jurisdictional Discovery[1] (Doc. #7) is **DENIED**.

## BACKGROUND

Plaintiffs, the surviving children of Green Stevens, Sr. ("Stevens"), filed this suit against Stevens' former employers for survival damages in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiffs allege that Stevens was exposed to substantial quantities of asbestos fibers and asbestos dust during the unloading and loading of cargoes containing raw asbestos fibers and asbestos-containing products while he worked as a stevedore in the Port of New Orleans from

---

[1] On June 28, 2010, the court ordered that the parties conduct limited jurisdictional discovery by August 4, 2010, and submit supplemental memoranda regarding the results of that discovery by August 16, 2010. This Order and Reasons follows the receipt of those submissions.

1945 to 1956. Plaintiffs allege that Stevens developed and died from malignant, pleural mesothelioma as a result of his exposure to asbestos.

Defendant, Cooper/T. Smith Stevedoring Company, Inc. ("Cooper/T. Smith"), filed a third-party demand against Industrial Development Corporation of South Africa, Ltd. ("IDC") and South African Marine Corporation, Ltd. ("Safmarine"). Cooper/T. Smith alleges that IDC and Safmarine are liable because they transported asbestos cargoes to which Stevens was exposed. IDC removed the action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441(d), which permits removal of actions brought against foreign states. IDC alleges that it is an instrumentality of the South African government because the South African government is its sole shareholder.

Plaintiffs filed a motion to remand arguing that IDC and Safmarine should not be parties to this litigation because Stevens stopped working as a stevedore five years before they began shipping asbestos into the Port of New Orleans. Further, plaintiffs argue that they disclaimed any claims that they may have against IDC or Safmarine in their petition. Plaintiffs also argue that the removal was procedurally defective because, in its notice of removal, IDC did not state that it is not a citizen of the United States, did not state that it is not created under the laws of a third country, and did not indicate whether it was an instrumentality of the South African government during the time of its alleged wrongful conduct. Plaintiffs contend that IDC's removal was procedurally defective because it did not obtain the consent of the other defendants for removal. In the alternative, plaintiffs argue that the third-party demand against IDC and Safmarine should be severed and their complaint be remanded.

IDC, Safmarine, and Cooper/T. Smith (collectively "defendants") argue that IDC's removal was procedurally proper because at all times IDC was an instrumentality of the South African government, and IDC provided enough information in its notice of removal. Defendants also argue that, as a foreign state, IDC was not required to obtain the consent of the other defendants before it removed the case. Further, defendants argue that plaintiffs failed to mention that they asserted claims against IDC and Safmarine in their first supplemental and amending petition.[2] Finally, defendants argue that the court does not have discretion to sever the action

## ANALYSIS

### 1. Legal Standard

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 114 S.Ct. 192 (1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276

---

[2] Plaintiffs contend that they alleged claims against IDC and Safmarine in their first supplemental and amending petition with the intention of dismissing them with prejudice so that IDC and Safmarine could not be made parties to the action and remove it to federal court. Plaintiffs contend that IDC removed the action before plaintiffs could do so.

3

F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

### 2. Foreign State Removal

Pursuant to 28 U.S.C. § 1330, federal district courts have original jurisdiction over civil actions brought against a foreign state. Section 1603 defines a foreign state as:

> (a) A "foreign state" ... includes a political subdivision of a foreign states or an agency or instrumentality of a foreign state as defined in subsection (b).
>
> (b) An "agency or instrumentality of a foreign state" means an entity -
>
>     (1) which is a separate legal person, corporate or otherwise, and
>
>     (2) which is an organ of a foreign state or a political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>
>     (3) which is neither a citizen of a State of the United States . . ., nor created under the laws of any third country.

Foreign states have the right to remove actions brought against them in state court to the federal district court. Pursuant to 28 U.S.C. § 1441(d):

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

4

Foreign state defendants, including third-party defendants, have a "broad right of removal" under § 1441(d). See Nolan v. Boeing Co., 919 F.2d 1058, 1064-66 (5th Cir. 1990), cert. denied, 111 S.Ct. 1587 (1991). When any foreign state defendant initiates removal pursuant to § 1441(d), the entire action is removed, not just the claims asserted against the foreign state, and the foreign states is not required to obtain consent to removal from the other defendants. Id. at 1064-65.

In its notice of removal, IDC stated that it is an instrumentality of a foreign state as determined by § 1603, and that at all times the South African government has been its sole shareholder. Section 1446(a) requires that the notice or removal contain "a short and plan statement of the grounds for removal." IDC's allegations regarding its status as an instrumentality of a foreign state satisfy § 1446(a). IDC was not required to state that it is not a citizen of the United States and was not created under the laws of a third country. Further, as an instrumentality of a foreign state, IDC was not required to obtain consent to removal from the other defendants. Therefore the removal was procedurally proper.

### 3.   Improper Joinder

Plaintiffs argue that IDC and Safmarine are improperly joined because they did not begin shipping asbestos to the Port of New Orleans until five years after Stevens retired from stevedoring. Also, plaintiffs argue that they disclaimed any claims against IDC and Safmarine in their petition.

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the defendant in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). The United States Court of Appeals for the Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a] defendant.
>
> \* \* \*
>
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the ... defendants ... [but if] ... a plaintiff ... has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Id.

Cooper/T. Smith argues that IDC is not improperly joined because it is not bound by plaintiffs' purported disclaimer, and plaintiffs belied their intentions by filing a supplemental and amending petition that alleges claims against IDC. Further, Cooper/T. Smith present the following facts that may establish liability on the part of IDC: (1) IDC was created in 1940; (2) Safmarine was incorporated in 1946; (3) IDC was a shareholder of Safmarine; (4) IDC owned greater than 50% of Safmarine at various points in time; (5) vessels that Safmarine owned or chartered carried asbestos cargoes into the Port of New Orleans; (6) at least ten Safmarine vessels, including the SOUTH AFRICAN CONSTANTIA, carried bagged asbestos into the Port of New Orleans; and, (7) the SOUTH AFRICAN CONSTANTIA was present in the United States as early as 1947. Cooper/T. Smith also submitted portions of the "Gulf Daily Shipping Guide" which shows that from 1945 to 1956 there were 34 different Safmarine vessels in the Port of New Orleans.

Based on the facts shown by IDC, there is no basis to determine that IDC was improperly joined. Further, IDC may assert claims for indemnity against IDC and Safmarine although plaintiffs may have disclaimed any claims they may have against those entities.

**4.   Severance**

Plaintiffs argue that the third-party demand should be severed and the principal action remanded to state court. In Nolan, 919 F.2d at 1065, the United States Court of Appeals for the Fifth Circuit stated that, when a foreign state exercises its right to removal under § 1441(d), the entire action is removed. Therefore, the entire action should remain in federal court.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand or Alternatively, to Sever the Third Party Claims and Remand the Main Action, or for an Order Directing the Parties to Conduct Limited Jurisdictional Discovery (Doc. #7) is **DENIED.**

New Orleans, Louisiana, this __18th__ day of August, 2010.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

7