Case MDL No. 875   Document 6291   Filed 08/31/10   Page 1 of 20

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 31, 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL NO. 875 – IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
CONDITIONAL TRANSFER ORDER 338

| | | |
|---|---|---|
| GAIL GARNER AND THE ESTATE OF ANGELO PALERMO,<br>      PLAINTIFFS, | )<br>)<br>) | |
| V. | )<br>)<br>) | CIVIL ACTION NO. 6:10-6345<br>WESTERN DISTRICT OF NEW YORK, ROCHESTER DIVISION |
| DII INDUSTRIES, LLC ASBESTOS PI TRUST, MARK GLEASON, AND MARCELLENE MALOUF,<br>      DEFENDANTS | )<br>)<br>)<br>) | (JUDGE CHARLES SIRAGUSA) |

## NOTICE OF FIRST AMENDED COMPLAINT

Pursuant to Rule 7.2(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the defendants in the above-captioned action submit this Notice of Plaintiffs' First Amended Complaint. On July 22, 2010, the Western District of New York notified the Judicial Panel on Multidistrict Litigation of the pendency of the above-captioned action. That same day, the plaintiffs to that action filed the attached First Amended Complaint, which dismissed their claims against defendants Mark Gleason and Marcellene Malouf.

Respectfully submitted,

 /s/ Gregg McHugh
Gregg McHugh
DII Industries, LLC Asbestos PI Trust
7557 Rambler Road, Suite 285
Dallas, Texas 75231
214-271-0554
gmchugh@diiasbestostrust.org

Counsel for Defendants DII Industries, LLC Asbestos PI Trust, Mark Gleason, and Marcellene Malouf

Case MDL No. 875   Document 6291   Filed 08/31/10   Page 2 of

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 31, 2010

FILED
CLERK'S OFFICE

## **CERTIFICATE OF SERVICE**

      I certify that I have this date served a copy of the foregoing pleading upon all counsel of record identified on the Panel Service List (CTO-338) via the email addresses specified on such list.

Dated this 26th day of August, 2010.

                                                          /s/ Andrew J. Ostapko
                                                            Andrew J. Ostapko

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                                                                    MDL No. 875

**PANEL SERVICE LIST ( Excerpted from CTO-338)**

Gail Garner, et al. v. DII Industries, LLC Asbestos PI, et al., W.D. New York, C.A. No. 6:10-6345
(Judge Charles J. Siragusa)

Christina A. Agola
2100 First Federal Plaza
28 East Main Street
Rochester, NY 14614
**cagola@wnycivilrights.com**

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
**mjolley@lawpga.com**

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
**jwblack@wardblacklaw.com**

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219
**rbudd@baronbudd.com**

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415
**jcooney@cooneyconway.com**

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
**kevin.jordan@bakerbotts.com**

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
**pkalish@crowell.com**

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607
**skazan@kazanlaw.com**

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204
**kraus@waterskraus.com**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
**DLandin@Hunton.com**

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
**attylane@bellsouth.net**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
**wmahoney@smsm.com**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038
**rcmalaby@mblaw.net**

Gregg McHugh
DII Industries LLC Asbestos PI Trust
7557 Rambler Road, Suite 285
Dallas, TX 75231
**gmchugh@diiasbestostrust.org**

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103
**jmcshea@mcshea-tecce.com**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105
**pmcweeny@schiffhardin.com**

Andrew Lee Morrison
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022-6030
**andrew.morrison@klgates.com**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
**tpacker@gordonrees.com**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29466
**OilSpillLitigationMDL@motleyrice.com**

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110
**mthornton@tenlaw.com**

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY LLP
P.O. Box 22608
Jackson, MS 39225-2608
**wwatkins@fpwk.com**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 31, 2010

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Gail Garner, The Estate of Angelo Palermo,

                Plaintiffs,

v.

DII Industries Asbestos PI Trust, LLC,
                Defendant (s).

---

**FIRST AMENDED COMPLAINT**[1]

Civ. No.: 10-cv-6345 CJS

JURY TRIAL DEMANDED

## PRELIMINARY INTRODUCTION

1. This is an action brought to redress the death of Angelo Palermo due to his exposure to asbestos-containing products of entities of Haliburton and Harbison-Walker through the execution of the DII Asbestos Personal Injury Trust.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a resident of a different state from the defendant and because the value of the matter in controversy exceeds $75,000.00. Further, the Plaintiff has jurisdiction pursuant to Title 28 §157 (b)(5) & 11 U.S.C. § 524 (9) which authorized Plaintiff to commence litigation pursuant to 7.6 of the TDP dated December 16, 2004, and pursuant to Fourth Amended and Restated Joint prepackaged plan of Reorganization § 13.4 for exclusive District Court jurisdiction.

---

[1] This First Amended Complaint is filed pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure which states in relevant part that a party may amend its pleading..."21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) on July 2nd, 2010; the instant First Amended Complaint was filed on July 22nd, 2010, within "21 days after service" of Defendant's motion.

1

3.     Venue is proper pursuant to 28 U.S.C. §1391.

## ADMINISTRATIVE EXHAUSTION

4.     By notice dated August 30, 2007, pursuant to the Defendant DII Industries, LLC Asbestos PI Trust Alternative Dispute Resolution (ADR), Procedures, it was determined that pursuant to a non-binding hearing in the matter of Angelo Palermo conducted on August 21, 2007 in Boston, Massachusetts that the Plaintiff Gail Garner was denied compensation with regard to her claims.

5.     Thereafter, by notice dated October 2nd, 2007, Plaintiff Gail Garner duly advised DII Industries, LLC of her intention to pursue the asbestos unsecured PI Trust claim.

6.     Pursuant to Sections 5.11 and 7.6 of the TDP, Plaintiff Gail Garner was entitled to commence litigation in this matter within 180 days after her receipt of notice from the Defendant DII Industries, LLC, dated October 29, 2007.

7.     Pursuant to the Defendant DII Industries, LLC Asbestos PI Trust Distribution Procedures, ("TDP") at Sections 5.3(b)(2) and 7.6, which permits the filing of asbestos claims in a court in the "Claimant's Jurisdiction" in which the Claimant resided or experienced exposure to an asbestos-containing product or to conduct for which any of the Halliburton Entities or the Harbison-Walker Entities has legal responsibility.

8. Pursuant to New York Civil Practice Law and Rules ("CPLR") section 205(a), Plaintiff re-filed her Complaint in New York State Supreme Court, Monroe County.

**PARTIES**

9. Plaintiff Gail Garner ("Garner") is an individual woman who was at all times relevant herein a resident of the County of Monroe, State of New York, the daughter and representative of the Estate of Angelo Palermo, a deceased union insulation mason for 29 years, from 1937 through 1966, in the construction asbestos industry, survived by Marlene Fargo ("Daughter") and Gail Garner ("Daughter").

10. Defendant DII Industries, LLC Asbestos PI Trust ("Trust") is a trust organized for which a Halliburton Entity or a Harbison-Walker Entity has legal responsibility, as provided in and required by the Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, Section 524(g).

**FACTS**

11. Angelo Palermo ("Palermo") was a union mason for 29 years, from 1937 through 1966 in the construction asbestos industry.

12. Palermo "spray coated" and handled asbestos containing products while working directly for one or more of the Halliburton or Harbison-Walker Entities or their predecessors' valid work sites in New York State.

3

13. Specifically, Palermo worked from 1941-1945 for Symington Gould (later renamed Symington Wayne), a direct subsidiary of Halliburton and Harbison-Walker, where application of asbestos-containing products-especially insulation materials were a key element of the manufacturing process utilized or installed regularly and in large quantities at this location.

14. Symington-Gould received government contracts; a maker of ships, tanks, railroad parts, large and small armor (machine guns and shells) and produced iron and steel foundry products; cast armor plates, electric steel castings, airplane engine cylinder castings and static turbine castings.

15. Plaintiff wrote "A109" on the Claim Form from the DII "A" Entity List: A109 = Symington-Wayne.

16. Palermo also worked for Johns-Manville (largest asbestos company in the world) and City of Albany, which were listed as specific sites recognized by the Trust where asbestos is known to have been present.

17. Plaintiff wrote "B2434, B2435, B2436, B2437 and B4247" on the Claim Form from the DII "B" Entity List, in addition to, an Affidavit within the claim package.

4

18. Asbestos was used in products manufactured or sold by Harbison-Walker Refractories Company, which DII Industries, LLC acquired in 1967. In 1968, Dresser took over Harbison-Walker Refractories Company until transferred to another division of DII Industries, LLC. Harbison-Walker was spun-off by DII Industries, LLC in July 1992. In 1998, Halliburton purchased Dresser (Symington-Wayne is a subsidiary of Dresser). DII Industries continued to retain responsibility for all asbestos claims pending as of the date of the spin-off.

19. Palermo died on April 23, 1966 at age 51.

20. Palermo's death certificate states that the immediate cause was acute liver failure due to "metastasis cancer due to primary stomach" (place of origin).

21. However, the state of medical or scientific knowledge was such that the causation of Palermo's injury could not have been identified at the time of his death.

22. The doctor, who signed the death certificate, was an inexperienced resident (became a plastic surgeon) who received his license 2 ½ years after Angelo Palermo's death.

23. Garner was advised that Angelo Palermo's co-worker/friend was diagnosed with Mesothelioma.

5

24. Garner filed a claim for her father with the Manville Personal Injury Settlement Trust ("Manville Trust") in February 2000.

25. Garner requested Dr. William Beckett, a local occupational doctor, specializing in pulmonary (lung) and toxic substance diseases to evaluate Angelo Palermo's medical, work history and pictures of his digital clubbing (indicative of impaired blood oxygenation resulting from advanced lung scarring).

26. Dr. Beckett's expert opinion: Peritoneal mesothelioma is a difficult diagnosis to distinguish from carcinoma metastatic to the abdominal cavity or primary to the stomach, and it seems quite possible that the patient's fatal malignancy could have been a diffuse malignant mesothelioma of the peritoneum rather than a primary from the stomach.....patients with malignant mesothelioma can develop digital clubbing.

27. Manville trust did not accept Dr. Beckett's opinion as a diagnosis.

28. On February 14, 2002, Harbison-Walker filed with the U.S. bankruptcy court, and a temporary restraining order was issued to Harbison-Walker, staying asbestos claims against Halliburton's Dresser Industries Inc and claims against all Halliburton units.

29. On June 6, 2003, a tribunal of asbestos experts of the Extraordinary Claims Panel of the Manville Trust diagnosed Angelo Palermo posthumously, with mesothelioma.

30. On October 27, 2003, David Austern, president of the Manville Trust, confirmed the tribunal's unanimous determination that Palermo's claim is a Mesothelioma Extraordinary claim and issued financial restitution.

31. Four months after the Manville diagnosis, Garner filed other asbestos claims.

32. Four Trusts, including Manville, Celotex, Eagle-Picher and H.K. Porter (Trustee Mark Gleason is also the Trustee of H.K. Porter Trust), confirmed Palermo's death an asbestos related "mesothelioma" using the same medical evidence and trust standards as the DII Trust. On December 16, 2003, Halliburton filed their petitions as a prepackaged bankruptcy plan for Dresser Industries and other subsidiaries.

33. From the "stay" of February 14, 2002 (Harbison-Walker filing) until November 20, 2005, the effective date of the DII Industries, LLC PI Trust, all new asbestos personal injury claims were prohibited from being filed.

34. On April 4, 2006, Plaintiff filed a pro se asbestos personal injury liability claim with DII Industries, LLC PI Trust for the Estate of Angelo Palermo.

7

35. Plaintiff filed under the Trust's Individual Review (IR) Process, TDP 5.3(b)(1), which states: "Subject to the provisions set forth below, an Asbestos PI Trust claimant may elect to have his or her Asbestos Unsecured PI Trust Claim reviewed for purposes of determining whether the claim would be compensable in the tort system even though it does not meet the presumptive Medical/Exposure Criteria for any of the Disease Levels set forth in section 5.3(a)(3) above."

36. Trust Alternative Dispute Resolution (ADR), page 2: "Showing Required: As set forth in the TDP, in order to establish a valid asbestos unsecured PI Trust Claim, a claimant must make a demonstration of exposure to asbestos-containing products for which one or more of the Halliburton Entities and/or the Harbison-Walker Entities bears legal responsibility."

37. The DII Trust Director of Claims, in accordance with the TDP, confirmed that the Plaintiffs provided "conclusive evidence" of Angelo Palermo's high asbestos exposure in his capacity as a Union insulation mason in the asbestos industry and specifically working for one or more of a Harbison-Walker/Halliburton Entities.

38. The Defendants denied the claim for compensation due to (1) insufficient medical diagnosis; (2) Statute of Limitation, 3 year requirement under New York's Statute for filing of a lawsuit upon diagnosis of an asbestos-related disease; (3) the requirements, and the claim will not be reviewed as an Extraordinary Claim.

39. The Trust TDP 5.7(a)(2) states: "Medical evidence (I) that is a kind shown to have been received in evidence by a state or federal judge at trial."

40. Plaintiff referenced Federal Rule of Evidence 702, Testimony by Experts to qualify for valid medical evidence, as the Manville Extraordinary Claims Panel members all testified before the United States Judiciary Committee on the Fairness in Asbestos Injury Resolution Act of 2003, as experts, and deemed Angelo Palermo's death an asbestos-related mesothelioma.

41. Per the Trust TDP, 5.1(a)(2) "Effect of Statutes of Limitations and Repose: To be eligible for a place in the FIFO Processing Queue, a claim must meet either (i)…(ii) for claims not filed against one or more of the Halliburton Entities or the Harbison-Walker Entities in the tort system prior to the DII Industries Petition Date, (December 16, 2003) the applicable statute of limitation that was in effect at the time of the filing with Asbestos PI Trust. However, the running of the relevant statute of limitations shall be tolled as of the earliest of … (D) the filing of a proof of claim with requisite supporting documentation with the Asbestos PI Trust after the DII Industries Effective Date. (November 2005)

9

42. If an Asbestos PI Trust Claim meets any of the tolling provisions described in the preceding sentence and the claim was not barred by the applicable federal, state, or foreign statute of limitations at the time of the tolling event, it will be treated as timely filed if it is actually filed with Asbestos PI Trust within three (3) years after the DII Industries Effective Date" or November 2008.

43. DII Trust (TDP, 6.1) provided supporting documentation over the Internet: www.diiasbestostrust.org, Forms, SOL Definition, "The Asbestos Trust has two different dates for the calculation of the statute of limitations. For Halliburton or Non-Harbison-Walker claims the petition date is December 16, 2003. For Harbison-Walker claims the petition date is February 14, 2002. All Claims: If the claim meets any of tolling provisions described below and the claim was not barred by the applicable federal, state, or foreign statute of limitation at the time of the tolling event, it will be treated as timely filed if it is actually filed with the Trust on or before November 20, 2008. The running of the relevant statute of limitation shall be tolled as of the earliest of ... (D) the occurrence of the Harbison-Walker Petition Date (for Harbison-Walker Claims)" - February 14, 2002.

44. Plaintiff's claim was timely pursuant to the Discovery Rule of CPLR 214-c and the three-year New York Statute of Limitations, applying the stay - February 14, 2002 –November 20, 2005).

45. As calculated, the date of Plaintiff's first filing with the Manville Trust in February 2000 to February 2002, it would equal 2 years (not barred at time of stay); from November 2005 (the termination of the Stay and the establishment of the DII Trust) adding one more year, it would equal the 3-year deadline date of November 2006. The Plaintiff filed in April 2006; within 3 years, and before the November 2008 TDP expiration date.

46. Per the Trust TDP 5.4(a)(1) "Extraordinary Claims means an Asbestos Unsecured PI Trust Claim that otherwise satisfies the Medical Criteria for Disease Levels ... and that is held by a claimant whose exposure to asbestos (i) occurred primarily as a result of working in manufacturing facilities of one or more facilities of one or more Halliburton Entities or Harbison-Walker Entities or their predecessors during a period in which the Halliburton entities or the Harbison-Walker entities were manufacturing asbestos-containing products at their facility, and the claim is a tort claim that is not otherwise barred by a statutory worker's compensation program, or (ii) was at least 75% the result of Company Exposure as defined in section 5.7 ( c ) below, and there is little likelihood of a substantial recovery elsewhere."

11

47. TDP 5.4 states: "Any dispute as to Extraordinary Claim status shall be submitted to a special Extraordinary Claims panel established by the Asbestos PI Trust with the consent of the Asbestos TAC and the Legal Representative. All decisions of the Extraordinary Claims Panel were deemed final and "not subject to any further administrative or judicial review"."

48. Not withstanding, the defendants rejected Plaintiff's numerous legitimate requests for a review of the DII Extraordinary Claims Panel.

49. After the Pro Bono Evaluator confirmed the Trusts' denial, the Plaintiff requested non-binding arbitration; thereafter, the Plaintiff was denied recovery.

50. Defendants did not abide by the Court approved procedures contained in the TDP/ADR in they failed to notify Plaintiff of any potential conflicts, (i.e. Trust Arbitrator and Trust Legal Representative are co-founders of Resolutions, LLC in Boston, Massachusetts, same Arbitrator and location of the non-binding arbitration); that they failed to allow Plaintiffs to go before the DII Extraordinary Claims Panel; engaged in ex-parte communications, (i.e. defendants went directly to the Panel without the consent of the Asbestos "TAC" and the Legal Representative; also, the Arbitrator, Executive Director Marcellene Malouf and the Trust's attorney spoke outside the arbitration room together without the Plaintiff) and failed to value Plaintiffs' claims.

12

51. On October 29, 2007, Defendants issued a notice of authorization to commence litigation within 180 days.

52. On April 25, 2008, Plaintiff filed a Complaint with the Federal Court as pro se, with causes of action of: (I) Asbestos Personal Injury Product Liability; (II) Violation of Bankruptcy Code 11 U.S.C. §524(g)(2)(b)(ii)(v); (III) Not following trust distribution procedures (TDP); (IV) Unfair Practices; (v) Breach of Fiduciary duties.

53. Plaintiff was notified, by Order of the Court, that her case was being transferred to Pennsylvania. Plaintiff and Defendants sent a motion to vacate the order. The order was vacated to remain in New York State.

54. Pro se Plaintiff was notified, by Order of the Court, to obtain an Attorney to litigate the Estate.

55. Plaintiff filed with the Court an Amended Complaint with causes of action of: (I) Asbestos Personal Injury Product Liability; (ii) Breach of Fiduciary Duty by Defendants Gleason and Malouf; and (iii) Negligent Hiring & Supervision of Defendants Gleason and Malouf.

56. On September 17, 2009, a Hearing took place with the appearance of the Plaintiff and Defendants' attorneys.

57. On February 4, 2010, Judge Charles J. Siragusa issued a decision that the Court finds no factual basis alleged for Federal jurisdiction. Defendants' motion to dismiss was granted.

58. Plaintiff asserts State Court Jurisdiction pursuant to CPLR section 205(a), based on Tort and Personal Injury Law.

59. Plaintiffs' claim arises from exposure to asbestos by Halliburton and Harbison-Walker at employment locations in New York State.

## FIRST CAUSE OF ACTION

### Asbestos Personal Injury Product Liability

60. Plaintiffs repeat the allegations contained in the above stated paragraphs in the complaint as if fully set forth herein.

61. Upon information and belief, Defendant DII Industries knew and/or should have known that Angelo Palermo was a union insulation mason for 29 years, from 1937 through 1966 in the construction asbestos industry.

62. Upon information and belief, Defendant DII Industries knew or should have known that Angelo Palermo was subject to extreme and dangerous levels of asbestos during his tenure.

14

63. Upon information and belief, Defendant DII Industries knew or should have known that Angelo Palermo "spray coated" and handled asbestos containing products while working directly for one or more of the Halliburton or Harbison-Walker Entities or their predecessors' valid work sites.

64. Upon information and belief, Defendant DII Industries knew or should have known that Angelo Palermo worked from 1941-1945 for Symington-Gould (later renamed Symington Wayne), a direct subsidiary of Halliburton and Harbison-Walker.

65. Upon information and belief, Defendant DII Industries knew or should have known that Angelo Palermo ingested and/or inhaled asbestos at the work site causing him to suffer mesothelioma.

66. That upon information and belief, Angelo Palermo suffered continuous, injurious and harmful exposure to asbestos culminating in his untimely death at the age of 51 from mesothelioma.

67. That the foregoing injuries to Angelo Palermo occurred as a result of the negligence of the Defendants DII Industries, Harbison-Walker and Halliburton in that they permitted Angelo Palermo to work in and maintained a hazardous and dangerous condition for such an extended period of time and in failing to exercise a degree of care which would be reasonably prudent to maintain, manage and

15

inspect said work sites, in failing to comply with the statutes, rules, ordinances and regulations in the manner as provided by law and in being otherwise careless and negligent in maintaining Angelo Palermo's work sites.

68. That said duty to abate said asbestos in a safe, effective and lawful manner was non-delegable by virtue of the fact that exposure to asbestos is inherently dangerous and that defendants knew or should have known, upon information and belief, that the tasks they asked Angelo Palermo to perform would expose him to asbestos.

69. That by reason of the foregoing negligent acts of defendants DII Industries, Harbison-Walker and Halliburton; Angelo Palermo sustained severe, serious and fatal injuries culminating in his death. The Defendant, DII Industries, LLC Asbestos Trust was organized for which Halliburton Entity or Harbison-Walker Entity has legal responsibility, as provided in and required by the Debtors' Joint Prepackaged Plan of Reorganization under Chapter 11 of the Bankruptcy Code, Section 524 (g) to liquidate valid unsecured claims.

**WHEREFORE**, Plaintiff seeks judgment in accord with the above stated causes of action.

Dated: July 22, 2010
Rochester, New York

By:

CHRISTINA A. AGOLA, PLLC

/s/ Christina A. Agola, Esq.

Christina A. Agola, Esq

ATTORNEYS FOR PLAINTIFF
28 East Main Street
2100 First Federal Plaza
Rochester, New York 14614
585.262.3320
585.262.3325 (fax)
caa@wnycivilrights.com

17