MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 4 2010

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)
MDL NO. 875**

|  |  |  |
|---|---|---|
| **JULIA DENNY** | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION NO. 10-04299** |
| | : | **(FLW)(LHG)** |
| VS. | : | |
| | : | |
| | : | |
| **BENJAMIN FOSTER COMPANY,** | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT GENERAL ELECTRIC COMPANY'S RESPONSE TO PLAINTIFF'S
OPPOSITION TO TRANSFER**

PLEADING NO. 6 3 1 0

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2010 SEP 13 ʰ 11: 00

RECEIVED
CLERK'S OFFICE

OFFICIAL FILE COPY   IMAGED SEP 1 4 2010

## I.      **INTRODUCTION**

Defendant General Electric Company[1] ("GE") files this Response to Opposition to

Transfer filed by Plaintiff in the case of *Julia Denny v. Benjamin Foster Company, et al.*, Civil

Action Number 10-04299 (FLW)(LHG) (D.N.J).  The Judicial Panel on Multidistrict Litigation's

(the "Panel") CTO-339 transferred this case for coordinated or consolidated pretrial proceedings

in the United States District Court for the Eastern District of Pennsylvania ("MDL-875")

pursuant to 28 U.S.C. § 1407.  This case is similar, if not identical, to cases that have been or will

be subject to transfer to MDL-875.  To ensure the efficient and consistent adjudication of this

case, along with the many others throughout the United States, this Panel should deny Plaintiff's

Opposition to Transfer.

For both efficiency and consistency, the Panel routinely denies objections to transfer that

are premised on jurisdictional issues or pending motions to remand.  In fact, the Panel has denied

these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996

WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170

F.Supp.2d 1348 (J.P.M.L. October 18, 2001).)  Although Plaintiff has filed a motion to remand

in this case, it has not been heard by the district court, but can just as easily be decided by the

MDL Panel after transfer.

The only factual issues germane to CTO-339 are already known in this case.  Namely, it is

contended that plaintiff developed mesothelioma as a result of her exposure to asbestos.  This is

---

[1] Defendants Foster Wheeler Energy Corporation ("Foster Wheeler") and General Electric Company ("GE") removed plaintiff's state court action to the United States District Court for the District of New Jersey.  Foster Wheeler and GE filed a Notice of Potential Tag Along Action on or about August 25, 2010.  As Foster Wheeler settled this matter, only GE files this Response to Plaintiff's Opposition to Transfer to MDL 875.

exactly the type of asbestos personal injury case that should be transferred to MDL-875.  The threat of a jurisdictional objection does not change this fact.  Since any motion filed by Plaintiff could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny Plaintiff's Opposition to Transfer and Vacate CTO-339.

## II.    TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons.  First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections.  Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court.   Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

### A.    The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections.  Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).)  Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re Ivy, 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. (*See* e.g. *Wolgamott v. Asbestos Defendants*, 2010 U.S. Dist. LEXIS (N.D. Ca. 2010); *Miller v. Merck & Co., Inc.,* 2008 U.S. Dist. LEXIS 88430 (M.D. Fla. 2008); *In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. The existence of such a pending motion in this case does not mandate a return of this case to the district court.

**B.      Transfer Promotes Judicial Efficiency and Consistency.**

Through Section 1407, Congress intended to promote the "just and efficient conduct" of

the actions transferred thereunder. (*In re Ivy,* 901 F.2d 7 (2d Cir. 1990).)   In mass tort cases

consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in

hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.)

"Consistency and economy are both served by resolution of [motions to remand] by a single court

after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.,* 2000 WL 310391, at * 1 (E.D. La.,

Mar. 24, 2000).)   "If remand issues are common to many [cases], decisions by the transferee

judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v.*

*Metropolitan Life Ins. Co.,* 1995 WL 83788, at *2 (E.D. La., February 24, 1995).) In fact, in the

present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in
> the coordinated or consolidated pretrial proceedings in that district will serve the
> convenience of the parties and witnesses and promote the just and efficient conduct
> of the litigation… In particular, we note that in the Panel's original decision
> distinctions based on such matters as the pendency of motions or other matters
> before the transferor court, the uniqueness of a party's status, the type of defendant,
> the docket condition of any specific federal district…were considered and rejected
> by the Panel as grounds for carving out exceptions to transfer in this extraordinary
> docket. (*In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L.
> 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in

multidistrict litigation will assist the determination of jurisdictional issues and "should not be

wasted." (*Tench v. Jackson Nat'l Life Ins. Co.,* 1999 WL 1044923, at *2 (N.D. 111. Nov. 12,

1999).  Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional

issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972).)  Indeed, remand and other motions can be presented to and decided by the transferee judge. (See, e.g., *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

The sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.IP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.,* 2001 WL 980541, at *1 (J.P.ML. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise

transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM,* 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

Thus, because the Panel has the authority to transfer this action despite the pendency of the Plaintiff's motion to remand, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiff's Opposition to Transfer and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI),* pending in the United States District Court for the Eastern District of Pennsylvania.

## III.  **CONCLUSION**

Defendant GENERAL ELECTRIC COMPANY respectfully requests that this Panel deny Plaintiff's Opposition to Transfer.

RESPECTFULLY SUBMITTED, this 10th Day of September, 2010.

Christopher J. Keale
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 242-0002
Attorneys for Defendant General Electric Company

**SPEZIALI, GREENWALD & HAWKINS, P.C.**
Joanne Hawkins
P.O. Box 1086
1081 Winslow Road
Williamstown, New Jersey 08094
(856) 728-3600
Co-Counsel for Defendant General Electric Company

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 14 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| JULIA DENNY, | § | |
| | § | Civil Action No.: 10-04299 |
| Plaintiff, | § | |
| | § | |
| -against- | § | |
| | § | **CERTIFICATION OF SERVICE** |
| BENJAMIN FOSTER COMPANY, et. al. | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATION OF SERVICE

I hereby certify that I have on this 10th day of September, 2010, caused to be served a copy of Defendant, General Electric Company's Response to Plaintiff's Opposition to Transfer and Certification of Service to plaintiff's counsel by United States mail, first class postage, and on the 10th day of September, 2010, to all known defense counsel listed on the attached Attorney Service List by regular mail.

DATED:  September 10, 2010

Respectfully submitted,

Christopher J. Keale
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center - 12th Floor
Newark, New Jersey 07102
(973) 242-0002
(973) 242-8099 (Fax)
Counsel for Defendant General Electric Company

RECEIVED
CLERK'S OFFICE
2010 SEP 13  P 11: 00
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

NJ/392548v1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 4 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)
MDL NO. 875**

| | | |
|---|---|---|
| JULIA DENNY, | § | |
| | § | Civil Action No.: 10-04299 |
| Plaintiff, | § | |
| | § | |
| -against- | § | |
| | § | **ATTORNEY SERVICE LIST** |
| BENJAMIN FOSTER COMPANY, et. al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

Michael E. McMahon, Esq.                                  Counsel for Plaintiff
Cohen, Placitella & Roth, P.C.
127 Maple Avenue
Red Bank, New Jersey 07701
cplacitella@cprlaw.com;
mmcmahon@cprlaw.com;

Lisa P.  Wildstein, Esq.                                  Counsel for Coltec Co. and Coltec Industries
David C. Weinberg, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
103 Carnegie Center, Suite 103
Princeton, NJ 08540
lwildstein@smsm.com
dweinberg@smsm.com

Anthony James Caruso, Esq.                                Counsel for Benjamin Foster Co., Certainteed
Picillo Caruso O'Toole                                    Corp. and Union Carbide Corp.
60 Route 46 East
Fairfield, New Jersey 07004
acaruso@carusopope.com

Michael Waller, Esq.                                      Counsel for Crane Co.
K&L Gates LLP
One Newark Center, 10th Floor
Newark, NJ 07102
michael.waller@klgates.com

John Garde, Esq.
McCARTER & ENGLISH
100 Mulberry Street
Four Gateway Center
Newark, NJ 07101-0652
jgarde@mccarter.com

Counsel for Owens-Illinois, Inc.

Joanne Hawkins, Esq.
SPEZIALI, GREENWALD & HAWKINS
1081 Winslow Road
Box 1086
Williamstown, NJ 08094
Josiehawkins@comcast.net

Counsel for General Electric

Charles F. Forer, Esq.
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street
22nd Floor
Philadelphia, PA 19102
cforer@eckertseamans.com

Counsel for CBS Corp. and Warren Pumps LLC

Dawn Dezii
Margolis Edelstein
Sentry Office Plaza, Suite 200
216 Haddon Avenue, P.O. Box 2222
Westmont, New Jersey 08108
ddezii@margolisedelstein.com

Counsel for Yarway Corp.

Benajmin Bucca, Jr. Esq.
Bucca & Campisano
90 Livingston Avenue
New Brunswick, New Jersey 08901
buccacampisano@verizon.net

Counsel for IMO Industries Inc.

Michael A. Moroney, Esq.
Weber, Gallagher, Simpson, Stapleton, Fires &
Newby, LLP
33 Washington Street, 10th Floor
Newark, NJ 07102
mmoroney@wglaw.com

Counsel for Copes-Vulcan, Inc.

Christopher Iannicelli, Esq.
Morgan Lewis & Bockius
502 Carnegie Center
Princeton , New Jersey 08540
ciannicelli@morganlewis.com

Counsel for Tyco International

Charles F. Holmgren, Esq.
WILBRAHAM, LAWLER & BUBA, PC
1818 Market Street, Suite 3100
Philadelphia, Pennsylvania 19103
cfh@wlbdeflaw.com

Counsel for Buffalo Pumps, Inc.

Don Cipoletto, Esq.
Joel R. Clark, Jr.
McGivney & Kluger, PC
23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932
DCipoletto@mcgivneyandkluger.com
jclark@mcgivneyandkluger.com

Counsel for Blackmer Pump Co.

Steven F. Satz, Esq.
Hoagland, Longo, Moran, Dunst & Doukas LLP
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903
ssatz@hoaglandlongo.com

Counsel for Gould Pumps, Inc.