IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PORTIS PHARMACY, INC., | : | CONSOLIDATED UNDER MDL 875 |
| Plaintiff, | : | Transferred from the Eastern District of New York (Civil Action No. 02-cv-3701) |
| v. | : | |
| ABBOT LABORATORIES, et al., | : | E.D. PA. CIVIL ACTION NO. 09-81447 |
| Defendants. | : | |

### SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **August, 2010**, upon review of the above captioned case, the Court finds that this action appears unrelated to asbestos personal injury actions traditionally consolidated under MDL-875.

Therefore, it is hereby **ORDERED** that the orders of dismissal without prejudice, entered on May 21, 2010 and June 25, 2010 (doc. nos 5 & 6) are **VACATED**.[1]

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Eastern District of New York for the resolution of this matter.

**AND IT IS SO ORDERED.**

EDUARDO C. ROBRENO

---

1. Theses Orders were improvidently granted. Fed. R. Civ. P. 60(b)(6).

PLEADING NO. 6323

MDL- 875
RECOMMENDED ACTION
CRD - 11 Actions
Approved/Date: RN 9/17/10
IMAGED SEP 23 2010
OFFICIAL FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFERSON PHARMACY, INC., | : | CONSOLIDATED UNDER MDL 875 |
| | : | |
| Plaintiff, | : | Transferred from the Eastern District of New York (Civil Action No. 02-cv-3701) |
| v. | : | |
| ABBOT LABORATORIES, et al., | : | E.D. PA. CIVIL ACTION NO. 09-81446 |
| Defendants. | : | |

### SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **August, 2010**, upon review of the above captioned case, the Court finds that this action appears unrelated to asbestos personal injury actions traditionally consolidated under MDL-875.

Therefore, it is hereby **ORDERED** that the orders of dismissal without prejudice, entered on May 21, 2010 and June 25, 2010 (doc. nos 5 & 6) are **VACATED**.[1]

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Eastern District of New York for the resolution of this matter.

**AND IT IS SO ORDERED.**

EDUARDO C. ROBRENO

---

1. Theses Orders were improvidently granted. Fed. R. Civ. P. 60(b)(6).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZIMM PHARMACY, INC., | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | Transferred from the |
| | : | Eastern District of New York |
| v. | : | (Civil Action No. 02-cv-3701) |
| | : | |
| ABBOT LABORATORIES, et al., | : | E.D. PA. CIVIL ACTION NO. |
| | : | 09-81448 |
| Defendants. | : | |

### SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **August, 2010**, upon review of the above captioned case, the Court finds that this action appears unrelated to asbestos personal injury actions traditionally consolidated under MDL-875.

Therefore, it is hereby **ORDERED** that the orders of dismissal without prejudice, entered on May 21, 2010 and June 25, 2010 (doc. nos 5 & 6) are **VACATED**.[1]

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Eastern District of New York for the resolution of this matter.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO**

---

1. Theses Orders were improvidently granted. Fed. R. Civ. P. 60(b)(6).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 23 2010

FILED
CLERK'S OFFICE

| | |
|---|---|
| FAMILY DISCOUNT PHARMACY, INC., | CONSOLIDATED UNDER MDL 875 |
| Plaintiff, | Transferred from the Eastern District of New York (Civil Action No. 02-cv-3701) |
| v. | |
| ABBOT LABORATORIES, et al., | E.D. PA. CIVIL ACTION NO. 07-66973 |
| Defendants. | |

FILED AUG 26 2010

### SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **August, 2010**, upon review of the above captioned case, the Court finds that this action appears unrelated to asbestos personal injury actions traditionally consolidated under MDL-875.

Therefore, it is hereby **ORDERED** that the order of dismissal without prejudice, entered on June 25, 2010 (doc. no. 6) is **VACATED**.[1]

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Eastern District of New York for the resolution of this matter.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO

---

1. This Order was improvidently granted. Fed. R. Civ. P. 60(b)(6).

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 23 2010

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIOLET CURRY, Personal representative of the estate MICHAEL CURRY, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN STANDARD, INC., et al.,<br><br>    Defendants. | CONSOLIDATED UNDER MDL 875<br><br>Transferred from the Southern District of New York (Civil Action No. 08-cv-10228)<br><br>FILED AUG 2 6 2010<br><br>E.D. PA. CIVIL ACTION NO. 09-65685 |

## SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **August, 2010**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

    a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

    c.) All discovery has been completed.

    d.) Settlement conferences have been held in front of the Honorable Magistrate Judge Elizabeth T. Hey, and these negotiations have been exhausted as to the remaining viable defendants.

    e.) The Court has adjudicated all outstanding motions, except for the limited summary judgment issue of the "bare metal" defense, raised by both Buffalo Pumps and

Crane Co.[1]  (See doc. no. 60.)  Although the Court has not ruled on the motion, it is fully briefed and ripe for adjudication upon remand to the Southern District of New York.

f.) The Court finds that, upon determination of the "bare metal" issue by the transferor court, this case is prepared for trial without delay once on the transferor court's docket.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Southern District of New York for resolution of all matters pending within this case except punitive damages.[2]

---

1. As the MDL transferee court, and as a matter of efficient judicial administration, this Court is reluctant to predict the outcome of this unsettled issue, the merits of which have not been adjudicated by the New York Court of Appeals. See, e.g., Berkowitz v. A.C. & S, Inc., 288 A.D.2d 148, 148 (N.Y. App. Div. 2001)(finding that defendant may have had a "duty to warn concerning the dangers of asbestos that it neither manufactured or installed on its pumps"). But see, Rastelli v. Goodyear Tire & Rubber Co., 79 N.Y.2d 289, 297-98 (1992) (holding that there is no duty to warn when a manufacturer "produces a sound product which is compatible for use with a defective product"). Therefore, the merits of the "bare metal defense" is best left for determination in the transferor court, the Southern District of New York, which has more experience and familiarity with the application of New York state substantive law. This ground for summary judgment will be denied without prejudice with leave to refile in the Southern District of New York after remand.

2. The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO

---

compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 3 2010

FILED
CLERK'S OFFICE

| | |
|---|---|
| GITTO, et al., | CONSOLIDATED UNDER MDL 875 |
| Plaintiff, | |
| v. | Transferred from the Southern District of New York (Civil Action No. 07-cv-04771) |
| A.W. CHESTERTON CO., et al., | E.D. PA. CIVIL ACTION NO. 07-73417 |
| Defendants. | |

FILED AUG 2 6 2010

### SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **August, 2010**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

   a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

   b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

   c.) All discovery has been completed.

   d.) Settlement conferences have been held in front of the Honorable Magistrate Judge Elizabeth T. Hey, and these negotiations have been exhausted as to the remaining viable defendants.

   e.) The Court has adjudicated all outstanding motions, except for the limited summary judgment issue of the "bare metal" defense, raised by both Buffalo Pumps and

Crane Co.¹ (See doc. no. 44.) Although the Court has not ruled on the motion, it is fully briefed and ripe for adjudication upon remand to the Southern District of New York.

f.) The Court finds that, upon determination of the "bare metal" issue by the transferor court, this case is prepared for trial without delay once on the transferor court's docket.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Southern District of New York for resolution of all matters pending within this case except punitive damages.²

---

1. As the MDL transferee court, and as a matter of efficient judicial administration, this Court is reluctant to predict the outcome of this unsettled issue, the merits of which have not been adjudicated by the New York Court of Appeals. See, e.g., Berkowitz v. A.C. & S, Inc., 288 A.D.2d 148, 148 (N.Y. App. Div. 2001)(finding that defendant may have had a "duty to warn concerning the dangers of asbestos that it neither manufactured or installed on its pumps"). But see, Rastelli v. Goodyear Tire & Rubber Co., 79 N.Y.2d 289, 297-98 (1992) (holding that there is no duty to warn when a manufacturer "produces a sound product which is compatible for use with a defective product"). Therefore, the merits of the "bare metal defense" is best left for determination in the transferor court, the Southern District of New York, which has more experience and familiarity with the application of New York state substantive law. This ground for summary judgment will be denied without prejudice with leave to refile in the Southern District of New York after remand.

2. The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO

---

compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).