MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 23 2010

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOSTON ET AL., | : | |
| | : | Consolidated Under |
| Plaintiffs, | : | MDL DOCKET NO 875 |
| | : | |
| v. | : | |
| | : | Transferred from the District |
| EASTERN REFRACTORIES | : | of Maine (Civil Action No. |
| COMPANY INC., ET AL. | : | 04-00122) |
| | : | |
| | : | E.D. PA. CIVIL ACTION NO. |
| Defendants. | : | 07-63993 |

### SUGGESTION OF REMAND

**AND NOW**, this **26th** day of **August, 2010**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions, except for the limited summary judgment issue of the "bare metal" defense, raised by General Electric.[1]

---

[1] A multidistrict litigation transferee court has "authority to dispose of a cases on the merits – for example, by ruling on motions for summary judgment." MANUAL FOR COMPLEX LITIGATION § 22.36 (4th ed. 2010) (citing In re Temporomandibular Joint (TMJ) Prods.

1

OFFICIAL FILE COPY     IMAGED SEP 23 2010

Liab. Litig., 113 F.3d 1484, 1488 (8th Cir. 1997)). Although the MDL court has such authority, and in the appropriate case the exercise of such authority generally promotes the multidistrict litigation goals of efficiency and economy, there are cases where ruling on summary judgment by the transferee court would not advance the litigation or serve a useful purpose. Id. (citing In Re Orthopedic Bone Screw Prods. Liab. Litig., MDL No. 1014, 1997 WL 109595 at *2 (E.D. Pa. Mar. 7, 1997)). This appears to be such a case, as Maine law is not settled on the merits of GE's "bare metal" defense.

Plaintiff urges that Maine law is settled on this issue, citing to Maine Judicial Supreme Court precedent holding that manufacturers can be held liable for foreseeable subsequent modifications that render the product hazardous. Marois v. Paper Converting Machine Co., 539 A.2d 621, 624 (Me. 1988). Defendants argue that this approach is disfavored, and in the asbestos context, has been explicitly abrogated by Maine trial courts. See Boyden v. Tri-State Packing Supply, No. 04-452, 2007 Me. Super. LEXIS 47 (Me. Super. Ct. Feb. 28, 2007); Rumery v. Garlock Sealing Technologies, Inc., No. 05-599, 2009 Me. Super. LEXIS 76, at *6 (Me. Super. Ct. Apr. 28, 2009).

In Marois v. Paper Converting Machine Co., the paper rewinder that caused plaintiff's injuries came with a "jog button" to assist in the event of a jam. Id. at 621. Subsequently, a second "jog button" was installed, which was the button that was in use when plaintiff was injured. Id. The Court found that, both as a matter of statutory interpretation and public policy, manufacturers can be held liable for hazardous alterations that are "expected" and thus foreseeable. Id. Maine's strict liability statute requires a plaintiff to prove that defendant's product " . . . is expected to and does reach the consumer without significant change in the condition in which it is sold." 14 M.S.R.A. § 221 (1980). Therefore, the trial jury in Marois was correctly instructed that it could hold defendant liable if the addition of the second button was "expected," i.e., foreseeable. Id.

On the other hand, recent Maine trial court decisions seem to disfavor this approach in the context of "bare metal" asbestos cases. In Boyden v. Tri-State Packing Supply, the record indicated that the boilers were insulated with fiberglass that asbestos insulation was applied by purchasers. 2007 Me. Super. LEXIS 47 at *13. Without citing to Marois, the court found that a manufacturer could not be held liable for putting a boiler into the stream of commerce that was later insulated with asbestos

2

Although the Court has not ruled on the motion, it is fully briefed and ripe for adjudication upon remand to the District Court of Maine.

f.) The Court finds that, upon determination of the "bare metal" issue by the transferor court, this case is prepared for trial without delay once on the transferor court's docket.

---

which it neither produced or applied. Id. at *15.; see also Rumery v. Garlock Sealing Technologies, Inc., No. 05-599, 2009 Me. Super. LEXIS 76, at *6 (Me. Super. Ct. Apr. 28, 2009)(requiring a plaintiff to show that exposure was due to "asbestos from defendant's product.").

Given the absence of guidance by the Maine Supreme Court and the conflicting nature of lower court decisions on the issue, the Court is reluctant to impose upon the parties its prediction of the future course of Maine jurisprudence on this unsettled issue. Under these circumstances, this issue is best left to the transferee court with expertise and familiarity in the application of Maine substantive law.

This ground for summary judgment was denied without prejudice.

3

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court of Maine for resolution of all matters pending within this case except punitive damages.[2]

**AND IT IS SO ORDERED.**

                                                         EDUARDO C. ROBRENO

---

[2] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

4