UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Sep 27, 2010

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | | |
|---|---|---|
| JULIA DENNY, | ) | |
| | ) | |
| | ) | Civil Action No. 10-4299 |
| Plaintiff, | ) | |
| | ) | in the United States District Court |
| v. | ) | for the District of New Jersey |
| | ) | |
| | ) | |
| BENJAMIN FOSTER CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-339)

Plaintiff Julia Denny, by and through her undersigned counsel, hereby moves this Panel to vacate the Conditional Transfer Order entered as to the above-captioned action (CTO-339). The grounds for this Motion are set forth in the accompanying supporting Brief and are incorporated herein.

Wherefore, plaintiffs request that this Panel vacate the Conditional Transfer Order as to the above-captioned case.

Dated: September 27, 2010

Respectfully submitted,

/s/ Michael E. McMahon
Michael E. McMahon
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, New Jersey 07701
Telephone:    (732) 747-9003
Facsimile:    (732) 747-9004
mmcmahon@cprlaw.com
Attorneys for Plaintiff Julia Denny

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Sep 27, 2010**

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I, Michael E. McMahon, hereby certify that I served a true and correct copy of Plaintiff's Motion to Vacate Conditional Transfer Order and Brief in Support of Plaintiff's Motion to Vacate Conditional Transfer Order upon the Judicial Panel for Multidistrict Litigation via electronic mail, and upon the attached Panel Service List via electronic mail and first class mail, postage prepaid, on this 27th day of September, 2010.

/s/ Michael E. McMahon

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-339)

Julia Denny v. Benjamin Foster Co., et al., D. New Jersey, C.A. No. 3:10-4299  (Judge Freda L. Wolfson)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
mjolley@lawpga.com

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
jwblack@wardblacklaw.com

Michael J. Block
WILBRAHAM LAWLER & BUBA
24 Kings Highway West
Haddonfield, NJ 08033-2122
mblock@wlbdeflaw.com

Benjamin Bucca, Jr.
90 Livingston Avenue
New Brunswick, NJ 08901

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219
rbudd@baronbudd.com

Bertram Busch
BUSCH & BUSCH
215 North Center Drive
P.O. Box 7448
North Brunswick, NJ 08902
beb@buschlaw.com

Anthony James Caruso
CARUSO POPE EDELL PICINI
60 Route 46 East
Fairfield, NJ 07004
acaruso@carusopopesmith.com

Joel R. Clark
MCGIVNEY & KLUGER PC
23 Vreeland Road
Suite 220
Florham Park, NJ 07932
jclark@mcgivneyandkluger.com

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street,
Suite 3000
Chicago, IL 60602-2415
jcooney@cooneyconway.com

Dawn Dezii
MARGOLIS & EDELSTEIN
100 Century Pkwy Ste 200
Mt Laurel, NJ 08054
ddezii@margolisedelstein.com

Charles F. Forer
ECKERT SEAMANS CHERIN &
MELLOTT LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
cforer@eckertseamans,com

John C. Garde
MCCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
jgarde@mccarter.com

Joanne Hawkins
SPEZIALI GREENWALD &
HAWKINS
1081 Winslow Road
Williamstown, NJ 08094
josiehawkins@comcast.net

Christopher Iannicello
MORGAN LEWIS &
BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
ciannicelli@morganlewis.com

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
kevin.jordan@bakerbotts.com

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
pkalish@crowell.com

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607
skazan@kazanlaw.com

Christopher J. Keale
SEDGWICK DETERT MORAN &
ARNOLD LLP
Three Gateway Center
100 Mulberry Street - 12th Floor
Newark, NJ 07102
christopher.keale@sdma.com

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204
kraus@waterskraus.com

**MDL No. 875 - Panel Service List (Excerpted from-CTO-339) (Continued)**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
**DLandin@Hunton.com**

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
**attylane@bellsouth.net**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
**wmahoney@smsm.com**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038
**rcmalaby@mblaw.net**

Michael Emmett McMahon
COHEN PLACITELLA & ROTH PC
127 Maple Avenue
Red Bank, NJ 07701
**mmcmahon@cprlaw.com**

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103
**jmcshea@mcshea-tecce.com**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105
**pmcweeny@schiffhardin.com**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111
**tpacker@gordonrees.com**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
**OilSpillLitigationMDL@motleyrice.com**

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110
**mthornton@tenlaw.com**

Michael E. Waller
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM
One Newark Center
Newark, NJ 07102
**michael.waller@klgates.com**

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
P.O. Box 22608
Jackson, MS 39225-2608
**wwatkins@fpwk.com**

David Weinberg
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
103 Carnegie Center
Suite 103
Princeton, NJ 08540
**dweinberg@smsm.com**

Lisa P. Wildstein
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
15 Exchange Place
Suite 1020
Jersey City, NJ 07302
**lwildstein@smsm.com**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Sep 27, 2010**

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

_____

| | | |
|---|---|---|
| JULIA DENNY, | ) | |
| | ) | |
| | ) | Civil Action No. 10-4299 |
| Plaintiff, | ) | |
| | ) | in the United States District Court |
| v. | ) | for the District of New Jersey |
| | ) | |
| | ) | |
| BENJAMIN FOSTER CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

### I.    INTRODUCTION

Plaintiff Julia Denny through her undersigned counsel, hereby move this Panel to Vacate the Conditional Transfer Order entered in the above-captioned case (CTO-339). Transfer of this action to the consolidated Multidistrict Litigation proceedings in Pennsylvania, prior to or absent a ruling on plaintiffs' pending remand motion by the local District Court, is improper.  Moreover, transfer of this action would not serve the interests of judicial efficiency and economy nor would it be convenient for the parties. To the contrary, the unnecessary and potentially lengthy delays likely to be caused by such a transfer will prejudice plaintiff's ability to promptly proceed in the litigation of her case. In short, transfer of this action to the MDL would not in any way advance the policy objectives of 28 U.S.C. § 1407.

Perpetuating the length of time an action remains in federal court – when, as here, there exists a material, ongoing dispute as to the threshold issue of whether the federal courts have jurisdiction over the action at all – violates constitutional authority, including separation of powers and due process.  It is also contrary to the policy of comity. Transfer of this action prior to the issuance of a ruling on plaintiff's pending remand motion will cause the burdensome and wasteful duplication of labor, expense, and time by the Courts as well as the parties.  The extreme backlog of the MDL Court, in conjunction with its procedural rules, will also cause the determination of plaintiff's remand motion to be indefinitely delayed.  Indeed, transfer of this action at any juncture would cause unnecessary delay of the resolution of this matter as well as force plaintiff to expend unanticipated amounts of time and money in order to proceed with their case.

## II.   <u>PROCEDURAL BACKGROUND</u> [1]

### A.   State Court Proceedings

On July 26, 2010, Julia Denny, a citizen of New Jersey, filed an asbestos-related action in the Superior Court of New Jersey, Middlesex County against some seventeen defendants.  (*Julia Denny v. Benjamin Foster Co., et al. Docket No. L-5391-10 AS*) Plaintiff, in said action, alleges injuries and damages arising out of her various exposures to asbestos caused as a result of the defendants' products and conduct.  Plaintiff's complaint includes a variety of allegations pertaining to her various exposures to asbestos.  Plaintiff, in said action, pursues remedies under state tort law only.

---

[1]  Pursuant to FED. R. EVID. 201, plaintiff requests this Panel take judicial notice of the pleadings, motions and orders referenced in this section of plaintiff's Brief, all of which are currently on file and in the records of either this MDL Panel, the U.S. District Court for the District of New Jersey, and/or the Middlesex County Superior Court. Plaintiff will provide copies of these documents to this Panel upon request.

### B.        U.S. District Court Proceedings and MDL Proceedings

On August 20, 2010, defendants General Electric Company and Foster Wheeler Energy Corp.[2] jointly filed a Notice of Removal and removed this action to the United States District Court for the District of New Jersey on the purported basis of the federal officer status pursuant to 28 U.S.C. § 1442(a)(1).[3]

On August 25, 2010, the removing defendants notified this Panel of the *Denny* action as a pending related ("tag-along") action involving common questions of fact with asbestos-related actions previously transferred by the Panel to MDL-875.

On August 27, 2010, plaintiff filed and served a motion to remand the action to state court.  Plaintiff, in that motion, submitted that subject matter jurisdiction is lacking because of the defendants' inability to meet the requirements of the federal officer removal statute and the four necessary elements for removal outlined in Feidt v. Owens Corning Fiberglas Corporation, 153 F.3d 124 (3d Cir. 1998), and that the removal of the action to federal court had thus been improper.

Plaintiff's remand motion was scheduled to be heard on regularly noticed time, on September 20, 2010, before the Honorable Frieda Wolfson, United States District Court Judge.

On September 10, 2010, plaintiff notified this Panel of her objections to the transfer of the *Denny* action to MDL-875.

On September 1, 2010, this Panel issued CTO-339 transferring the *Denny* action to MDL-875 for coordinated and/or consolidated pretrial proceedings.

---

[2] Defendant Foster Wheeler Energy Corp. has settled with the Plaintiff in this matter.
[3] The U.S. District Court for the District of New Jersey shall hereinafter be respectively referred to as the "District Court."

Proceedings in the District Court continued.  On September 7, 2010, defendants General Electric Company and Crane Company[4] filed an opposition to plaintiff's remand motion and, one week later, plaintiffs filed a reply.  As of September 13, 2010, plaintiff's remand motion had been fully briefed by the parties.

With the filing of the instant motion and supporting brief, plaintiffs seek to have this Panel vacate CTO-333 for the reasons and on the grounds set forth hereafter.

### III.   LEGAL DISCUSSION

#### A.      Transfer by the Judicial Panel on Multidistrict Litigation

Civil actions pending in different districts and involving one or more common questions of fact *may* be transferred by the Judicial Panel on Multidistrict Litigation to any district court for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a).  Such transfers are authorized and warranted when made for the convenience of the parties and for the purpose of effecting judicial economy and eliminating the potential for conflicting contemporaneous pretrial rulings. Id.; See, also, *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 493 (J.P.M.L. 1968).

The federal multidistrict litigation statute, more specifically, provides that such actions may be transferred by the Panel "*upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions*." 28 U.S.C. § 1407(a)(emphasis added).

The underlying objective of 28 U.S.C. § 1407 is "to secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action.'" *In re Nat'l Student Mktg. Litig.,* 368 F.Supp. 1311, 1316 (J.P.M.L.

---

[4] Defendant Crane Company did not file a removal action with the District Court, nor did it join in General Electric Company's removal action.

1973)(citing to FED. R. CIV. P. 1).  Accordingly, "[t]he Panel's statutory mandate is to weigh the interests of all parties … in light of the purposes of Section 1407."  *In re Stirling Homex Corp. Sec. Litig.,* 442 F. Supp. 547, 550 (J.P.M.L. 1977).  And, while the Panel has broad discretion to carry out its functions, it abuses its discretion if it acts in a manner that frustrates the objectives of section 1407.

Plaintiff submits that transfer of *Denny* to MDL-875, prior to the District Court's ruling on plaintiff's pending remand motion, is improper.  Plaintiff further submits that transfer of *Denny* to MDL-875 would be both judicially inefficient and inconvenient for plaintiff as well cause unnecessary and potentially excessive delay to the prejudice of plaintiff.

### B.  Transfer of *Denny* to MDL-875 Should Not Be Further Considered nor Ordered Until After the District Court Issues a Ruling on Plaintiff's Remand Motion

#### 1.  Jurisdiction as a Threshold Matter

Federal courts are courts of limited jurisdiction; because federal courts presumptively have no jurisdiction over civil actions, the burden of establishing to the contrary appropriately rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  Indeed, the failure by a Court to determine at the outset of an action whether jurisdiction exists "carries [it] beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers."  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998).

There are no exceptions to this rule:  "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power

of the United States' and is 'inflexible and without exception.'"  *Steel Co., supra,* 523 U.S. at 94-95, 118 S. Ct. at 1012 (citing to *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510 (1884).)

As to the instant matter, the threshold determination of whether there exists federal jurisdiction over this action has yet to be resolved.  This issue can and should be determined by the local District Court prior to transfer of this action to the MDL because transfer to the MDL without the jurisdictional issue resolved, when remand motions regularly remain in the MDL for years before they are heard, ignores the strict rule that jurisdiction be established at the outset.  Transfer of this case perpetuates delay and in a case that does not belong in federal court at all, this delay threatens plaintiff's constitutional rights to due process and a speedy trial by jury.[5]

## 2.  Judicial Inefficiencies and Prejudice / Inconvenience to Plaintiffs

Transfer of this action prior to or absent a ruling on plaintiffs' remand motion by the District Court is judicially inefficient, causes unnecessary delay and expense, and inconveniences the plaintiffs.

If, as plaintiffs contend, no valid basis for federal jurisdiction exists, this case does not belong in the local District Court much less MDL-875.  However, due to the extreme backlog of cases and infrequent sessions of the MDL, it will most certainly take the MDL Court longer to reach that determination than it will the District Court – which already has been fully briefed on the issue.  The end result is substantial and needless

---

[5] Principles of comity also support vacating the CTO-339 while plaintiff's remand motion is pending before the District Court. *In re L. E. Lay & Co. Antitrust Litig.,*  391 F.Supp. 1054, 1056 (J.P.M.L. 1975); *see also In re Multidistrict Private Civ. Treble Damages Litig.,* 298 F. Supp. 484, 496 (J.P.M.L. 1968)("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts … to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel.")

delay of the determination of a threshold jurisdictional issue and, likewise, to the resolution of this case.  Such inefficiencies could be prevented, however, if CTO-339 is vacated.   Vacating the order thus conserves judicial resources as well as fosters expeditious administration of justice.

While the jurisdictional issue raised by plaintiff's remand motion can be resolved in the MDL, transfer of *Denny* prior to the District Court's ruling thereon will require plaintiff to spend additional time and money to file anew their remand motion in the MDL Court.   An additional consequence of the filing of said motion anew:   The burdensome duplication of labor, time, and expense by the MDL Court in its review and consideration of the issues presented by plaintiff's remand motion, a process already undertaken by the local District Court.  The District Court for the District of New Jersey already invested time and resources to familiarize itself with the jurisdictional issue present in this case.  The parties have likewise spent time and money in preparation for this Court's adjudication of the remand motion.  To cause the parties, as well as the MDL Court, to spend additional time and resources to repeat what has already been done amounts to a textbook example of judicial inefficiency and inconvenience to the parties.

Furthermore, transfer of *Denny* to MDL-875 prior to a ruling on plaintiff's remand motion effectively forces aside the question of federal jurisdiction while it is still unresolved.  Because of the extensive delay in the MDL in hearing remand motions, plaintiff will be forced either to litigate her case in a court that potentially has no jurisdiction or simply wait in legal limbo for an indeterminate length of time, doing nothing to litigate their case, because until the jurisdictional issue remains determined.  If the CTO is not vacated, plaintiff must waive the issue if she wants to have her case

7

decided on its merits in the near future.  This undermines justice and due process and does nothing to further the goals of the MDL.

Allowing the District Court to rule on plaintiff's remand prior to any transfer of this action to the MDL not only conserves significant judicial resources as well as the resources of the parties, but it is the only avenue of relief that safeguards the plaintiff's right to have the jurisdiction issue resolved in a prompt manner.

**C.      Transfer of *Denny* to MDL-875 is Contrary to the Policy Objectives of 28 U.S.C. § 1407**

Transfer of *Denny* to MDL-875 would thwart rather than serve the statutory goals of promoting a just, speedy, and inexpensive determination of the action.  As this Panel is no doubt well aware, MDL-875 currently consists of approximately 48,000 cases (and far more claims) relating to personal injuries allegedly caused by asbestos products.  All of these cases are handled by a single judge.  If transferred to MDL-875, this case is sure to encounter delay that is well-documented, significant, and unpredictable.

There exists no schedule or rule in the MDL allowing plaintiffs to obtain a specific date to have their remand motion heard by the MDL Court.  Delay in the MDL's resolution of jurisdictional issues is thus unavoidable and protracted.  This means if this action were to be transferred to MDL-875 prior to ruling on plaints' remand motion, the jurisdictional dispute between the parties could easily be delayed many months if not years.  Given that this action has no place in federal court at all, such an outcome is ridiculously inconvenient to the parties and highly prejudicial to plaintiff's ability to proceed with the litigation of the case.  It also demonstrates just how counterproductive the premature transfer of *Denny* could be.

Federal courts have noted that "if these [asbestos-related] claims return to state court, they will proceed to resolution. If they remain in federal court, they will encounter significant delay upon their transfer through the Panel on Multidistrict Litigation to the Eastern District of Pennsylvania. … This delay [in MDL-875] is of economic benefit to the defendants and imposes costs on the plaintiffs." *Alexander v. A.P. Green Indus., Inc. (In re Maine Asbestos Cases),* 44 F. Supp. 2d 368, 374 n.2 (D.Me. 1999); *see also Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187, 190 (D. Mass. 2008)(noting that if removal was upheld and the case was transferred to MDL-875, "the matter will likely be substantially delayed").

Transfer will add another case to the already overcrowded MDL docket, cause further delay of this action as well as the other actions in the MDL, and compel plaintiff to spend additional money, time and resources to participate in further, distant court procedures.  Moreover, it will result in an infringement of plaintiff's due process rights. The MDL Court also will have to expend labor, time, and money already spent by the District Court in order to resolve the jurisdictional challenge presented by plaintiff's remand motion.

In contrast, vacating CTO-339 will cause no prejudice to any party and will further the interests of judicial economy.

### IV.    __CONCLUSION__

For the foregoing reasons, plaintiff requests this Panel vacate CTO-339 and allow this case to proceed before the U.S. District Court for the District of New Jersey. Transfer of *Denny* to MDL-875 prior to a ruling on plaintiff's remand motion by the District Court is judicially inefficient and inconvenient for the parties and as a result, is

improper under the federal statute authorizing Multidistrict Litigation. This Panel should therefore vacate CTO-339 and allow the District Court to rule on the remand motion pending before it.

Respectfully submitted,

COHEN, PLACITELLA, AND ROTH, P.C.
Attorneys for Plaintiffs

By: /s/ Michael E. McMahon
  MICHAEL E. MCMAHON, ESQ.

Dated:  September 27, 2010