BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

IN RE  ASBESTOS PRODUCTS         )

LIABILITY LITIGATION (No. VI)        )     MDL DOCKET NO. 875

---

This document relates to:

---

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT W. MILLSAPS, INDIVIDUALLY | ) | |
| And as PERSONAL REPRESENTATIVE OF | ) | |
| THE ESTATE OF BRENDA LEE MILLSAPS | ) | |
| AND FOR THE BENEFIT OF THE CHILDREN | ) | |
| OF ROBERT W. MILLSAPS AND BRENDA | ) | |
| LEE MILLSAPS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10-cv-358 |
| | ) | |
| v. | ) | |
| | ) | |
| ALUMINUM COMPANY OF AMERICA | ) | |
| (ALCOA, INC.), a Pennsylvania Corporation | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| BREEDING INSULATION COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (339)

Plaintiff, Robert W. Millsaps, Individually and as Personal Representative Estate of

Brenda Lee Millsaps, submits this Brief in Support of his Motion to Vacate Conditional Transfer

Order (339) (hereinafter "CTO") pursuant to Rules of Procedure of the Judial Panel on

Multidistrict Litigation Rule 7.4(d).  Plaintiff requests that the Panel vacate its CTO and remand the above-captioned case to the United States District Court for the Eastern District of Tennessee.

## **BACKGROUND**

This case was filed by Plaintiff Robert Millsaps in the Circuit Court for Blount County, Tennessee on June 24, 2010, styled *Robert Millsaps, et al. v. Aluminum Company of America (Alcoa, Inc.), a Pennsylvania Corporation, and Breeding Insulation Company, Inc., a Tennessee Corporation*; docket number L-17083.  Robert Millsaps is a citizen and resident of Blount County, Tennessee.  The named defendants are Alcoa, Inc. ("Alcoa"), a Pennsylvania corporation, and Breeding Insulation Company, Inc. ("Breeding"), a Tennessee corporation. This case was filed in the Circuit Court for Blount County because Defendant Breeding is a Tennessee business.

On or about August 20, 2010, Defendant Alcoa filed its Notice of Removal.  The case was then removed to the United States District Court for the Eastern District of Tennessee, docket number 3:10-cv-358.  On or about September 1, 2010, Conditional Transfer Order (339) was entered by this Panel ordering the transfer and consolidation of the *Millsaps* action with the numerous pending civil actions in MDL No. 875.

On September 13, 2010, Plaintiff filed his Notice of Opposition to said Conditional Transfer Order.  This is Plaintiff's Brief in support of his Motion to Vacate the Conditional Transfer Order pertaining to the above-captioned case and to remand the case to the United States District Court for the Eastern District of Tennessee.

## ARGUMENT

The federal court lacks subject matter jurisdiction to hear this case because there is not complete diversity of jurisdiction among the parties.  Plaintiff, Robert Millsaps, is a citizen and resident of Blount County, Tennessee and Defendant, Breeding Insulation, is a Tennessee Corporation.  As a result, on September 2, 2010, Plaintiff filed his Motion to Remand and to Stay Transfer to the MDL, asking that the case be remanded back to state court where it was properly filed.

Rather than restating all the arguments made in the Motion to Remand, Plaintiff attaches to this Motion and incorporates by reference his Motion to Remand and to Stay Transfer to the MDL, as **Exhibit A**.  For the same reason set forth in the attached Motion to Remand, this Court lacks subject matter jurisdiction over this case.

## CONCLUSION

Plaintiff, Robert Millsaps, respectfully submits that there exists sufficient cause for this Panel to vacate its Conditional Transfer Order, namely the fact that this Court lacks subject matter jurisdiction.

WHEREFORE, Plaintiff Robert Millsaps respectfully prays that his Panel vacate its conditional transfer order and all this matter to proceed in the venue where it originated.


DATED this 27th day of September, 2010.

RESPECTFULLY SUBMITTED,

BY:     /s/ Gregory F. Coleman_____

Gregory F. Coleman
**GREG COLEMAN LAW PC**
Bank of America Center
550 Main Avenue, 6th Floor
Knoxville, TN 37902
Telephone:  (865) 247-0080
Facsimile:  (865) 522-0049
greg@gregcolemanlaw.com

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 27th day of September, 2010, service of the foregoing

Brief in Support of Motion to Vacate Conditional Transfer Order (339) was made this day by

depositing a true copy of the same for mailing, first class mail at Knoxville, Tennessee,

addressed as follows:

BY:     /s/ Gregory F. Coleman_____

Gregory F. Coleman

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| **ROBERT W. MILLSAPS, INDIVIDUALLY**<br>**And as PERSONAL REPRESENTATIVE OF**<br>**THE ESTATE OF BRENDA LEE MILLSAPS**<br>**AND FOR THE BENEFIT OF THE**<br>**CHILDREN OF ROBERT W. MILLSAPS**<br>**AND BRENDA LEE MILLSAPS,** | ) ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 3:10-cv-358** |
| **v.** | ) ) | |
| **ALUMINUM COMPANY OF AMERICA**<br>**(ALCOA, INC.), a Pennsylvania Corporation**<br>**AND BREEDING INSULATION**<br>**COMPANY, INC.,** | ) ) ) ) ) | |
| **Defendants.** | ) ) ) ) | |

## PLAINTIFF'S MOTION TO REMAND
## AND TO STAY TRANSFER TO THE MDL

Plaintiff, Robert W. Millsaps, Individually and as Personal Representative of the Estate of Brenda Lee Millsaps (deceased), by and through undersigned counsel, files this Motion to Remand in response to the Notice of Removal filed by Defendant, Alcoa Inc., on August 20, 2010, and in support states:

### BRIEF FACTUAL HISTORY

Brenda Lee Millsaps died from mesothelioma, an incurable cancer caused by exposure to asbestos. Her husband, Robert Millsaps (hereinafter referred to as

1



EXHIBIT

A

"Plaintiff"), filed a Complaint against two defendants on June 24, 2010, in Blount County, Tennessee, asserting claims for Ms. Millsaps' development of mesothelioma and resulting death.  Robert Millsaps is a citizen and resident of Blount County, Tennessee.  The named defendants are Alcoa, Inc. ("Alcoa"), a Pennsylvania corporation, and Breeding Insulation Company, Inc. ("Breeding"), a Tennessee corporation.  This case was filed in the Circuit Court for Blount County because Defendant Breeding is a Tennessee business.

The Complaint alleges several causes of action against both Alcoa and Breeding, as well as two causes of action against Breeding, alone, for strict liability and breach of implied warranty, all of which stem from the physical and emotional injuries suffered by the Plaintiff for the loss of his wife due to the asbestos-related disease mesothelioma.

On August 20, 2010, Defendant Alcoa removed this case to the United States District Court for the Eastern District of Tennessee, Knoxville Division, based on an alleged "fraudulent joinder" of the non-diverse party, Breeding Insulation Company, Inc. *See Alcoa, Inc.'s Notice of Removal* [Doc. 1].  Alcoa's removal of this case to Federal Court is baseless pursuant Sixth Circuit and United States Supreme Court rulings.  Plaintiff made numerous assertions in its Complaint setting forth various allegations of negligent acts or omissions on the part of the Tennessee Defendant. As a result, this Court does not have jurisdiction over the properly joined non-diverse Tennessee Defendant.  This case should be remanded to Circuit Court for Blount County because this Court lacks complete diversity of jurisdiction.

2

This case was recently transferred to the MDL Panel according to a CTO issued September 1, 2010, and Plaintiff and Plaintiff's counsel will be filing a Notice of Opposition and Notice to Vacate.

## ARGUMENT

### I.    Motion to Stay Transfer to the Federal MDL

As an initial matter, Plaintiff objects to Alcoa's Notice of Tag-Along Action, in which notifies the Court that this case is a "potential tag-along action," which may be subject to transfer to the United States District Court for the Eastern District of Pennsylvania.  Alcoa filed its Notice of Removal on August 20, 2010.  Under 28 U.S.C. §1447(c), Plaintiff is entitled to at least 30 days after notice of removal to file a Motion for Remand.  As such, Plaintiff is entitled to have his Motion for Remand heard and considered before any decision is made on whether to transfer this case to the Eastern District of Pennsylvania.

### II.    Alcoa Bears the Burden of Establishing That This Honorable Court has Jurisdiction

An action may be removed from state to federal court only if the federal court has original jurisdiction over the case.  28 U.S.C. 1441(a).  A federal court has original jurisdiction in two types of cases:  those involving a federal question, which does not apply here, see 28 U.S.C. §1331, and those involving complete diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees.  See 28 U.S.C.  §1332.  Alcoa attempts to remove this case on the basis of

complete diversity of citizenship arguing that the Tennessee Defendant, Breeding, was fraudulently joined as a defendant.

The party removing an action to federal court "bear[s] the burden of establishing jurisdiction." Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). Thus, Alcoa bears the burden of proving that the Tennessee Defendant was fraudulently joined. Alexander v. Elec. Data Sys. Corp., 13 F. 3d 940, 949 (6th Cir. 1994). Where, as here, Alcoa asserts fraudulent joinder of a nondiverse defendant (i.e., Breeding), it has a "heavy burden of pleading, production, and persuasion." Bucksnort Oil Co., Inc. v. National Convenience Stores, Inc., 585 F.Supp. 883, 886 (M.D. Tenn. 1984). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720. 723 (5th Cir. 2002). Thus, Alcoa has a heavy burden of establishing jurisdiction, and the removal statute must be strictly construed in favor of remand. Based on the allegations in the Complaint, Alcoa cannot establish jurisdiction is proper in this Court.

## III. Alcoa Failed to Establish That Defendant Breeding Insulation was Fraudulently Joined As a Defendant to Prevent Removal.

The primary issue in determining whether it is proper to remand a case to State Court is to first determine whether that case was properly removed to Federal Court. See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996). It is a well settled principle that "diversity jurisdiction attaches only when all parties on one side of the litigation are of different citizenship from all parties on the

4

other side of the litigation." <u>SHR Ltd. Partnership v. Braun</u>, 888 F.2d 455, 456 (6th Cir. 1989). Of course, the party who attempts to bring the matter into Federal Court has the burden of establishing diversity jurisdiction. <u>See</u> <u>England v. Lane</u>, 26 F.3d 39, 41 (6th Cir. 1994). In an attempt to circumvent the rules requiring complete diversity, Alcoa argues that the inclusion of the Tennessee Defendant in this action amounts to fraudulent joinder.

Under established federal case law, "to establish fraudulent joinder, the test is that there be absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law or that there is an out-right fraud in the plaintiff's pleadings of jurisdictional facts." <u>Id.</u> at 886 (citing <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981)); <u>see also</u> <u>Triggs v. John Crump Toyota</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). Further, a party relying on fraudulent joinder must plead fraud with particularity and support its claim with "clear and convincing evidence that joinder of a non-diverse party was done with intent to prevent removal." <u>Bucksnort Oil Co.</u>, 585 F. Supp. at 885-86. As noted above, "[t]he party asserting fraudulent joinder has a heavy burden of pleading, production, and persuasion." As the Court in <u>Bucksnort</u> noted, the standard of proof is no less substantial. As long as the district court, after reviewing the allegations in the petition for removal in the light most favorable to the plaintiff, determines that there is a ***possible*** or ***arguably valid*** state law cause of action alleged against the non-diverse defendant, joinder of the non-diverse defendant is not fraudulent. <u>Id.</u>

5

In the case at hand, to prove fraudulent joinder, Alcoa must present sufficient evidence that the Plaintiff could not have established a cause of action against the Defendant, Breeding Insulation Co.  See Coyne v. AM Tobacco Company, 183 F.3d 488, 493 (6th Cir. 1999).  If there is a colorable basis for predicting that the Plaintiff may recover against the Tennessee Defendant, this Court must remand the action to State Court.  Id.  In making this determination, this Court must resolve all disputed questions of fact using controlling state law in favor of the Plaintiff.  Id.  Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Collins vs. Bacon, 2005 WL 2429844, *2 (E.D. Tenn. September 30, 2005) (unreported decision) ("**Exhibit 1**" attached hereto).  In Collins, the Court reiterated that "a party bears a heavy burden when it relies on fraudulent joinder to establish subject matter jurisdiction."  Id.   In discussing this burden, the Court noted:

> The law of fraudulent joinder 'requires removing defendants to do more than simply articulate a basis for dismissal of the plaintiff's claims against the non-diverse defendants who have allegedly been fraudulent joined'.  *Waterloo Coal Co. v. Komatsu Mining Sys., 2003 U.S. Dist. LEXIS 411, 2003 WL 124137, *2 (S.D. Ohio Jan. 9, 2003)* [*6] (unpublished).  The benefit of the doubt given to a plaintiff in a fraudulent joinder inquiry is more deferential than the benefit of doubt given under *Fed. R. Civ. P. 12(b)(6). Little v. Purdue Pharma, L.P., 227 F. Supp. 2d 838, 846 (S.D. Ohio 2002).*  Because the fraudulent joinder jurisdictional inquiry is different from the inquiry on a motion to dismiss, there could be a colorable basis for predicting a plaintiff may recover on claims against a non-diverse defendant such that the defendant is not fraudulently joined, even if those claims later fail to survive a motion to dismiss in state court.  *See Batoff v. State Farm Ins. Co., 977 F.2d 848, 852-53 (3d. Cir. 1992).*

Id.

6

In the instant case, Alcoa has not alleged fraud in Plaintiff's pleadings of jurisdictional facts. Thus, the only issue before the court is whether the allegations in Mr. Millsaps Complaint set forth a possible valid state law cause of action against the non-diverse defendant Breeding. In evaluating the Complaint, "this Court should not and need not engage in a full in-depth review of the ultimate issues of substantive liability." As the United States District Court for the Middle District of Tennessee in Bucksnort held:

> In determining whether a valid state law claim has been asserted, this Court may engage in an abbreviated review of the record utilizing a "synoptic rather than microscopic" focus of the jurisdictional issue as opposed to "factual minutiae." Only if the Court can conclude that this is no possibility that a valid state law claim is brought against the non-diverse defendants should the Court then find that joinder of those defendants is fraudulent and for the sole purpose of defeating removal.

Id. at 886 (internal citations removed). "The motive of the plaintiff in bringing in the action . . . is immaterial." Id.

In the case *sub judice*, the facts are relatively straight forward. The Complaint alleges that decedent's father-in-law worked for Alcoa at its plant in Tennessee where he was exposed to asbestos and asbestos-containing products. Defendant Breeding sold asbestos-containing products to Alcoa for use at the Tennessee plant where decedent's father-in-law worked. Because of the close relationship between decedent and her then boyfriend, Plaintiff, and his family, she was exposed to the asbestos dust and fibers carried home on her father-in-law's clothing that he wore to work. As alleged more thoroughly in the Complaint, Decedent often assisted in household chores, such as the laundry. As a result of her exposure to the asbestos dust and

fibers on her father-in-law's clothing, Decedent developed mesothelioma, a fatal cancer caused by exposure to asbestos.

The Complaint for Wrongful Death alleges six causes of action: negligence; negligence per se; failure to warn; negligent hiring, training and supervision; strict liability; and breach of implied warranty. Counts I (negligence), II (negligence per se), III (failure to warn), V (strict liability); and VI (breach of implied warranty) assert claims against the non-diverse defendant, Breeding. Under Tennessee state law, an action for personal injury exists against the seller of a product for injury caused the product's defective or unreasonably dangerous condition. Such cause of action may be based on theories of strict liability, negligence, failure to warn, and breach of implied warranty, among others, as was done in this case.

In Counts I and II, Plaintiff alleges two causes of action based on negligence and negligence per se. Count III alleges a cause of action based on failure to warn. In Count I, Plaintiff alleges that Defendants Alcoa and Breeding negligently failed to warn decedent's father-in-law of the dangerous characteristics of their asbestos products or place adequate warnings on the asbestos-containing products, failed to package the products in a manner to lessen or eliminate inhalation of asbestos fibers, failed to develop and distribute asbestos-free products, and failed to employ reasonable precautions or communicate safety plans for the handling, installing and removal of asbestos products. In Count III, Plaintiff alleges that both Defendants had a duty to warn individuals working in the plant of the existence and danger of asbestos materials; that each Defendant knew or should have known that the

8

products, without adequate warnings, created an unreasonably dangerous condition that posed substantial risk of harm to the decedent; and that after each Defendant became aware that asbestos posed a substantial risk of harm, they failed to take reasonable steps to provide adequate warnings.   Nothing under Tennessee law restricts or limits a plaintiff from suing a seller of a defective or unreasonably dangerous product under a theory of liability for negligence or failure to warn. Indeed, under Tennessee state law a cause of action based on product liability exists against both the manufacturer and seller of a defective or unreasonably dangerous product.   Therefore, the Complaint alleges a valid cause of action against the Tennessee Defendant, Breeding.

Similarly, Count II alleges that both Defendants, Alcoa and Breeding, violated state and local statues, ordinances and/or regulations, which were designed to protect and safeguard individuals such as decedent.   Nothing under Tennessee law restricts or limits a plaintiff from suing a seller of a defective or unreasonably dangerous product under a theory of liability for negligence per se.   And Defendant Alcoa has not cited to any statute or case law precluding a cause of action against a seller based on negligence per se.   Thus, Plaintiff has stated a valid cause of action against Defendant Breeding based on negligence per se.

In Count V, Plaintiff alleges that Defendant Breeding is strictly liability to Plaintiff for selling an unreasonably dangerous product.   Under the Tennessee statutory code, section 29-28-105(a), a cause of action for strict liability exists against a manufacturer or seller of an unreasonably dangerous product.   Defendant,

9

Alcoa's, objection to Count V is that Breeding is not a manufacturer of the alleged asbestos-containing products and the Complaint does not allege that the manufacturer of the products is insolvent or not amenable to service in Tennessee. Alcoa's assertions are immaterial at this point. As stated above, this Court "should not and need not engage in a full in-depth review of the ultimate issues of substantive liability" in determining whether Plaintiff has a "possible or arguably valid state law cause of action." Bucksnort Oil Co., 585 F. Supp. at 886. See also Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing B., Inc., 663 F.2d at 548-49) ("When considering a motion for remand, federal courts are not to consider the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."). Thus, whether Defendant Breeding may ultimately be held liable for strict liability is not at issue; rather, the only issue is whether Plaintiff stated a valid cause of action against Breeding. In this case, he has. Count V asserts a valid state law cause of action against Breeding, a seller of an allegedly defective and/or unreasonably dangerous product.

The same analysis applies to Count VI, which asserts a valid state law cause of action against the non-diverse Defendant, Breeding, based on breach of implied warranty. Plaintiff alleged that Defendant Breeding breached its implied warranty of merchantability because the products it sold released "harmful, poisonous, deleterious, and inherently dangerous asbestos dust and fibers into the air" where decedent's father-in-law worked and came into contact with its products, thereby exposing decedent to the same dust and fibers, as a result of which she developed

10

mesothelioma and died.  Alcoa's argument that the statute of limitation prevents a cause of action against Breeding under the facts in this case is immaterial to the Court's analysis in deciding whether removal is proper.  The Plaintiff need not have a winning case against the defendant; he need only have a possible claim against the non-diverse defendant for the joinder to be legitimate.  Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001).  Any doubts as to whether a plaintiff has stated a valid cause of action must be resolved in favor of remand.  Because Plaintiff has asserted a valid cause of action against the non-diverse Defendant, Breeding, his joinder of Breeding as a defendant to the state court action was legitimate.  Alcoa's motion for removal must be denied and the case remanded to state court.

## V.    Plaintiff is Entitled to Costs and Attorney's Fees Incurred As a Result of Removal Should This Court Remand This Case to State Court.

Under 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."  Therefore, should this Court enter an order remanding this case to state court, Plaintiff reserves his right to request an award of attorney's fees and costs associated with responding to Alcoa's improper removal of this action.  Plaintiff's counsel will submit affidavits setting forth the time spent responding to this improper removal by separate motion.

11

## CONCLUSION

Based on the foregoing legal analysis and authorities, this Court should remand this case to state court.  Defendant has failed to establish that the non-diverse Defendant, Breeding Insulation Company, Inc., was fraudulently joined as a defendant in this case.  Because Breeding is a Tennessee corporation and the Plaintiff is a citizen and resident of Tennessee, this Court lacks complete diversity of jurisdiction.  As such, it does not have subject matter jurisdiction to over this case.

WHEREFORE, Plaintiff respectfully requests that this Court enter and order remanding this case to the Circuit Court for Blount County Tennessee where it was filed and grant any further relief it deems appropriate and just.

RESPECTFULLY SUBMITTED,


/s/ Gregory F. Coleman
Gregory F. Coleman, BPR No. 014092
**GREG COLEMAN LAW PC**
Bank of America Center
550 Main Avenue, 6th Floor
Knoxville, TN 37902
Telephone:  (865) 247-0080
Facsimile:  (865) 522-0049
greg@gregcolemanlaw.com


/s/ Mona Lisa Wallace
Mona Lisa Wallace
Wallace and Graham, P.A.
525 North Main Street
Salisbury, NC 28144
(800) 849-5291 (telephone)
(704) 633-9424 (facsimile)
mwallace@wallacegraham.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 2nd day of September, 2010, I electronically filed the foregoing Motion to Remand and to Stay Transfer to the MDL with the Clerk of the Court using the CM/ECF filing system, which will electronically serve on the same date, the attorneys for Defendant Aluminum Company of America (Alcoa Inc.) as indicated on the electronic filing receipt.   A copy of the Motion to Remand and to Stay Transfer to the MDL was served this date upon Steven L. Hurdle, attorney for Defendant Breeding Insulation Company, Inc., Suite 2300, First Tennessee Plaza, Knoxville, Tennessee 37929-2300  by First Class Mail.

/s/ Gregory F. Coleman

13

# EXHIBIT 1

Westlaw.

Not Reported in F.Supp.2d, 2005 WL 2429844 (E.D.Tenn.)
**(Cite as: 2005 WL 2429844 (E.D.Tenn.))**

**C**Only the Westlaw citation is currently available.

United States District Court,
E.D. Tennessee, Southern Division.
George W. COLLINS, Plaintiff,
v.
Stuart Peter BACON, M.D., Individually and d/b/a
Rhea Family Physicians, P.C., Astrazeneca LP, and
Astrazeneca Pharmaceuticals LP, Defendants.
No. 1:05-CV-211.

Sept. 30, 2005.

John D. McMahan, James R. Kennamer, McMahan
Law Firm, Chattanooga, TN, for Plaintiff.

Nathaniel Stuart Goggans, Chambliss, Bahner & Sto-
phel, P.C., Chattanooga, TN, James M. Doran, Jr.,
Waller Lansden Dortch & Davis, Nashville, TN, for
Defendants.

*MEMORANDUM*

COLLIER, J.

*1 This case was removed from Rhea County (Ten-
nessee) Circuit Court based on diversity of citizen-
ship. However, on the face of the complaint, two par-
ties are residents of the same state. To avoid remand
back to state court, Defendants AstraZeneca LP and
AstraZeneca Pharmaceuticals LP (collectively,
"AstraZeneca"), and Defendant Stuart P. Bacon
("Dr.Bacon") argue Plaintiff George Collins
("Plaintiff") fraudulently joined Dr. Bacon. Before
the Court is a Motion to Dismiss (Court File No. 6)
filed by Dr. Bacon. Plaintiff filed a response
opposing the motion (Court File No. 10)
incorporating his Motion to Remand to State Court
[FN1] (Court File No. 9). AstraZeneca filed a response
to Plaintiff's motion to remand (Court File No. 11)
and Plaintiff filed a reply (Court File No. 12). Since
both motions hinge on the Court's determination of
whether Dr. Bacon was fraudulently joined, the Court
will address both motions in a single memorandum
and order. For the following reasons, the Court will
DENY Dr. Bacon's motion and GRANT Plaintiff's
motion to remand.

FN1. Plaintiff's Motion to Remand includes
a request for costs under 28 U.S.C. §
1447(c) (See Court File No. 9, p. 3). The
Sixth Circuit recently reiterated § 1447(c)
costs are inappropriate where the defendant's
attempt to remove was "fairly supportable"
or where there has not been a finding of
fault with the defendant's decision to
remove. *Bartholomew v. Town of
Collierville*, 409 F.3d 684, 687 (6th
Cir.2005). Since AstraZeneca relies on some
authority with similar facts, mentioned
below, the Court will not award costs to the
Plaintiff.

I. *RELEVANT FACTS*

Plaintiff, a citizen of Tennessee, originally filed this
action on June 20, 2005, in Rhea County (Tennessee)
Circuit Court asserting various claims under
Tennessee law against three entities: Defendants, two
Delaware corporations, and an individual Tennessee
citizen, Dr. Bacon (Court File No. 1, Notice of
Removal, Complaint at ¶¶ 1-4). Plaintiff alleges
AstraZeneca misrepresented Crestor was safe and
effective and concealed the risks of Crestor from the
public and Dr. Bacon (*See, e.g., id.* at ¶ 35). As for
Dr. Bacon, Plaintiff alleges "he was not provided
with any oral and/or written information" from Dr.
Bacon about Crestor (*Id.* at ¶¶ 10, 39). Consequently,
he asserts Dr. Bacon did not obtain his informed
consent in deviation of the recognized standard of
professional practice in Tennessee (*Id.* at ¶ 39).
Plaintiff claims Dr. Bacon's "deviations from the
recognized standard of acceptable professional
practice contributed to and/or caused [his] injuries"
(*Id.* at ¶¶ 40-41).

On July 25, 2005 AstraZeneca removed this case to
this Court on the grounds of diversity jurisdiction
(Court File No. 1, Notice of Removal). It claimed
Plaintiff was a citizen of Tennessee and it was a citi-
zen of a different state (*Id.* at ¶ 4). Further, it asserted
while Dr. Bacon was a citizen of Tennessee, he had
been fraudulently joined to this action (*Id.* at ¶ 5). Dr.
Bacon then filed a motion to dismiss himself as a
party to this case because he was fraudulently joined
(Court File No. 6).

II. *DISCUSSION*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 2005 WL 2429844 (E.D.Tenn.)
(Cite as: 2005 WL 2429844 (E.D.Tenn.))

In any case removed from state court, the federal district court shall remand the case if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). If a case does not involve a federal question, complete diversity of citizenship must exist between the parties and the amount in controversy must exceed $75,000 for the federal court to have subject matter jurisdiction. 28 U.S.C. § 1332; see U.S. Fid. & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir.1992). Here, the parties do not have complete diversity of citizenship because Dr. Bacon and Plaintiff are residents of the same state. However, AstraZeneca and Dr. Bacon argue the citizenship of Dr. Bacon should be ignored because Dr. Bacon was fraudulently joined.

*2 "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998). The citizenship of a defendant who has been fraudulently joined should be disregarded when determining whether the federal court has diversity of citizenship jurisdiction over the subject matter. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999) ("[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). The Defendants bear the burden of proving Dr. Bacon was fraudulent joined. Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir.1994). A party is fraudulently joined if "it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." Id.; see also Triggs, 154 F.3d at 1287 (stating "[j]oinder has been deemed fraudulent ... when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"). In other words, the inquiry is whether a plaintiff has stated "at least a colorable cause of action" against the defendants "in the state courts." Jerome-Duncan, Inc. v. Auto-By-Tel, LLC, 176 F.3d 904, 907 (6th Cir.1999). In this case, to prove fraudulent joinder the Defendants must present sufficient evidence that the Plaintiff could not have established a cause of action against Dr. Bacon under Tennessee law. Coyne, 183 F.3d at 493. If there is a colorable basis for predicting Plaintiff may recover against Dr. Bacon, he was not fraudulently joined and the Court must remand the action to state court. Id. In making this determination, the Court must resolve all disputed questions of fact and ambi-

guities in the controlling state law in favor of Plaintiff. Id. Further, any doubt as to the propriety of removal should be resolved in favor of remand. See id.

The Court notes a party bears a heavy burden when it relies on fraudulent joinder to establish subject matter jurisdiction. The law of fraudulent joinder "requires removing defendants to do more than simply articulate a basis for dismissal of the plaintiff's claims against the non-diverse defendants who have allegedly been fraudulently joined." Waterloo Coal Co., Inc., v. Komatsu Mining Sys., Inc., 2003 WL 124137, *2 (S.D.Ohio Jan.9, 2003) (unpublished). The benefit of the doubt given to a plaintiff in a fraudulent joinder inquiry is more deferential than the benefit of doubt given under Fed.R.Civ.P. 12(b)(6). Little v. Purdue Pharma, L.P., 227 F.Supp.2d 838, 846 (S.D.Ohio 2002). Because the fraudulent joinder jurisdictional inquiry is different from the inquiry on a motion to dismiss, there could be a colorable basis for predicting a plaintiff may recover on claims against a non-diverse defendant such that the defendant is not fraudulently joined, even if those claims later fail to survive a motion to dismiss in state court. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 852-53 (3d. Cir.1992).

*3 AstraZeneca argues Dr. Bacon was fraudulently joined to this action because Plaintiff does not have any cognizable claims against him. AstraZeneca argues the thrust of the complaint is directed at Astra-Zeneca's alleged concealment of the risks of Crestor from the consuming public and even from Dr. Bacon. Yet, the Plaintiff alleges Dr. Bacon should have warned him of risks of taking Crestor (Court File No. 11). In response, Plaintiff argues alternative pleading is allowed and it is possible for a jury to find the manufacturer and/or the treating physician liable under comparative fault principles (Court File Nos. 9, 12).

In Tennessee, a doctor is not required to disclose risks that are "unforeseeable or unknowable." Shadrick v. Coker, 963 S.W.2d 726, 733 (Tenn.1998). Further, a prescription medical product is not unreasonably dangerous where the medical practitioner is aware of the risks associated with using the product. Jastrebski v. Smith & Nephew Richards, Inc., 1999 WL 144935, at *5 (Tenn.Ct.App. March 18, 1999) (unpublished opinion); Tenn.Code Ann. § 29-28-105(d). Therefore, AstraZeneca is cor-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 2429844 (E.D.Tenn.)
**(Cite as: 2005 WL 2429844 (E.D.Tenn.))**

rect in its assertion the Plaintiff's complaint is inconsistent. However, the Complaint itself admits it is inconsistent. After making several allegations against AstraZeneca, the Plaintiff states, *"[i]n the alternative,* plaintiff avers that ... Dr. Bacon ... violated the recognized standard of acceptable practice...." (Court File No. 1, Complaint at ¶ 38) (emphasis added). Such inconsistent pleading is clearly allowed in Tennessee. Tenn. R. Civ. P. 8.05(2). Further, it is clear Tennessee provides a cause of action for patients who were not given the appropriate information when their consent was obtained. Tenn.Code Ann. § 29-26-118. To the extent AstraZeneca relies on contrary authority in arguing Dr. Bacon was fraudulently joined, the Court notes it is not bound by such authority and it thinks such authority distinguishable from the present case. [FN2] Thus, Dr. Bacon and Astra-Zeneca have not met their heavy burden in proving fraudulent joinder.

> FN2. AstraZeneca cites two unpublished opinions from the Southern District of Mississippi in its response. *See Welborn v. AstraZeneca Pharms. LP,* No. 4:04CV191LN, slip op. at 6 (S.D.Miss. Jan. 28, 2005) (unpublished opinion) (finding fraudulent joinder where plaintiffs's claim against physician "wholly conclusory ... and ... the only *facts* the plaintiff has alleged are entirely inconsistent with his putative theory of liability against his physician"); *Louis v. Wyeth-Ayerst Pharms., Inc.,* No. 5:00CV102LN, slip op. at 4-5 (S.D.Miss. Sept. 25, 2000) (unpublished opinion) (denying remand because the complaint failed to allege the pharmacy defendants lacked knowledge or reason to know of any of the dangers associated with the drug(s) but instead alleged that the manufacturer intentionally concealed the true risks of the drug(s)).

III. *CONCLUSION*

For the reasons listed above, the Court will DENY Dr. Bacon's motion (Court File No. 6), GRANT Plaintiff's motion to remand (Court File No. 9), DENY Plaintiff's request for costs, and REMAND this matter to Rhea County (Tennessee) Circuit Court.

An Order shall enter.

E.D.Tenn.,2005.
Collins v. Bacon
Not Reported in F.Supp.2d, 2005 WL 2429844 (E.D.Tenn.)

END OF DOCUMENT