B



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOSTON ET AL., | : | |
| Plaintiffs, | : | Consolidated Under<br>MDL DOCKET NO 875 |
| v. | : | Civil Action<br>No. 07-63993 |
| EASTERN REFRACTORIES COMPANY<br>INC., ET AL. | : | |
| Defendants. | : | |

FILED
AUG 30 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

O R D E R

AND NOW, this 25th day of August 2010 it is hereby ORDERED that Defendant General Dynamic's Motion for Summary Judgment (doc. no. 61), filed on June 1, 2010 is GRANTED.[1]

---

[1] Plaintiffs, Gail Boston and his wife Elizabeth Boston, filed this case against approximately 25 defendants in York County Maine in 2004, alleging injuries caused to Mr. Boston due to asbestos exposure. (Pl.'s Compl., doc. no. 61-1). The case was subsequently removed to federal court on the basis of federal enclave and federal officer jurisdiction and transferred to the Eastern District of Pennsylvania as part of MDL 875 in April 2007 (doc no. 1). Mr. Boston passed away on January 24, 2005, as a result of lung cancer.

Mr. Boston was employed at the Portsmouth Naval Shipyard from 1973-1988, where he alleges that he was exposed to asbestos dust and fibers that were present in the work area. (Pl.'s Compl. at 6). The Portsmouth Naval Shipyard was in the business of repairing and overhauling United States Navy nuclear submarines, as well as the original construction of submarines. (Id.) Many of the submarines on which Mr. Boston worked were constructed by defendant General Dynamics in a separate facility, located in Connecticut.

Mr. Boston testified that he was exposed to asbestos during the "blowing down" process, wherein the crew used air hoses at 90 PSI to clean the ship from top to bottom. (Dep. of Gail Boston, doc no. 71-1, at 16). Mr. Boston testified that he was exposed

1



to asbestos-containing insulation from turbines, pumps, valves, pipes during the blowing-down process and that ". . . it would be so cloudy there . . . dusty that it would be like working in a cotton mill." (Id. at 17).

When evaluating a motion for summary judgment, Federal Rule of Civil Procedure 56 provides that the Court must grant judgment in favor of the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. Id. at 248-249. "In considering the evidence the court should draw all reasonable inferences against the moving party." El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Once the moving party has thus discharged its burden the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In the instant case, Defendant General Dynamics argues that summary judgment is appropriate because, as a government contractor for the construction of U.S Navy submarines, it is immune from tort liability for Mr. Boston's injuries. To invoke the government contractor defense, General Dynamics must establish that (1) the United States approved reasonably precise specifications for the product at issue (2) the equipment conformed to those specifications and (3) it warned the United States about the dangers in the use of the equipment that were known to it but not to the United States. Boyle v. United Technologies Corporation, 487 U.S. 500, 512 (1988). The third

2

prong may also be established by showing that the government "knew as much or more than the defendant contractor about the hazards" of the product. Beaver Valley Power Co. v. National Engineering & Contracting Co., 883 F.2d 1210, 1216 (3d Cir. 1989). In a failure to warn context, a defendant must show that the government's warning specifications conflicted with the contractor's state law duty to warn. In re Joint Eastern & Southern District New York Asbestos Litigation, 897 F.2d 626, 630 (2d Cir. 1990).

As to the first prong, General Dynamics has produced evidence showing that the United States provided precise specifications, which conflicted with General Dynamics' ability to placing warnings on asbestos-containing components. Retired Naval Admiral Roger B. Horne Jr. testified that,

> "[N]o private contractor, such as Electric Boat, could have affixed a written warning anywhere aboard an active Naval warship during its construction or repair, advising of the risk of asbestos exposure, except by express permission of the United States Navy. To do so without the Navy's express approval would be a deviation from the detailed and specific instructions mandated by the Navy. The Navy's detailed specifications did not leave room for individual vendors to make determinations about inclusion of asbestos warnings. (Aff. of Admiral Roger B. Horne, Jr., Exhibit E, ¶ 21).

This testimony satisfies Defendant's burden as to the first prong of Boyle. It shows that the United States government provided precise and exacting specifications for the product at issue, and that these specifications excluded warnings from individual manufacturers.

As to the second prong, there is no dispute that General Dynamics complied with the specifications, as they did not affix warnings to asbestos-containing components.

As to the third prong, General Dynamics has established that the U.S. Navy knew of the hazards of asbestos. (See Aff. of Admiral Roger B. Horne, Jr., doc. no. 61, Exhibit E, ¶ 19, 20, discussing safety procedures instituted by the Navy regarding asbestos removal dating back to 1950).

Plaintiffs' counsel asserted at oral argument that there is no evidence on record that General Dynamics warned the Navy

3

AND IT IS SO ORDERED.

*[signature]*

EDUARDO C. ROBRENO, J.

---

of the hazards of asbestos, or inquired as to whether warnings were permissible. Plaintiffs' counsel argued that because General Dynamics failed to do so, it is essentially called upon to prove the negative, i.e., General Dynamics did not attempt to produce warnings.

However, under Fed. R. Civ. P. 56(e)(2), Plaintiffs must do more than point to an absence of evidence to defeat a motion for summary judgment. Under Rule 56, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In the instant case, Plaintiffs have asserted no specific facts to controvert Admiral Horne's testimony. Therefore, there is no genuine issue of material fact for trial, as Admiral Horne's testimony established the first and third prongs of the government contractor defense in this case; that the Navy provided precise specifications precluding General Dynamic's ability to warn, and that the Navy knew of the hazards of asbestos.

Therefore, General Dynamic's Motion for Summary Judgment will be granted.

4