UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)
    Ronald Eckerle v. Northrop Grumman Ship Systems, Inc., et al.,    )
        E.D. Louisiana, C.A. No. 2:10-1460    )    MDL No. 875
    Calvin Stevens, et al. v. Cooper/T. Smith Stevedoring Co.,    )
        E.D. Louisiana, C.A. No. 2:10-968    )


**TRANSFER ORDER**


**Before the entire Panel**: Plaintiffs in two actions pending in the Eastern District of Louisiana (*Eckerle* and *Stevens*) have moved, pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendant Northrop Grumman Shipbuilding, Inc., opposes the motion filed by the *Eckerle* plaintiff.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liability Litig. (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991).

The *Eckerle* and *Stevens* plaintiffs cite the pendency of motions for remand to state court as the principal reason why the Panel should grant the requested relief. Since briefing on plaintiffs' motions to vacate was completed, however, the Eastern District of Louisiana court has denied both plaintiffs' remand motions.[2]

---

[1] Amended Panel Rules became effective on October 4, 2010.

[2] On August 9, 2010, the Panel issued an order deferring a decision on the *Stevens* plaintiffs' motion to vacate, in order to provide the Eastern District of Louisiana court with a sufficient opportunity to rule upon plaintiffs' then fully-briefed remand motion, which appeared to turn on the discrete and case-specific issue of whether certain South African vessels visited the Port of New

*(continued...)*

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

         PANEL ON MULTIDISTRICT LITIGATION

            John G. Heyburn II
              Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

---

[2](...continued)
Orleans prior to 1961. The court denied the remand motion on August 18, 2010.