# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| G. DIANE CONROY, Individually and as Special Administrator of the Estate of THOMAS J. CONROY, deceased, | ) ) ) | Case No. 1:10-cv-6190 |
|  | ) | IN RE: ASBESTOS LITIGATION |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| A.W. Chesterton Co., et al., | ) ) |  |
| Defendants. | ) ) |  |

## DEFENDANT GENERAL ELECTRIC COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

Defendant General Electric Company (hereinafter "General Electric"), by and through its attorneys, answers Plaintiff's Complaint at Law as follows:

## JURISDICTION

1.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

3.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies same.

4.  With respect to the allegations regarding defendants that are not General Electric, General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding their states of incorporation or principal places of business, and

therefore denies same.  General Electric admits that it is a corporation incorporated under the laws of the State of New York with its principal place of business in Fairfield, Connecticut.

5.      General Electric makes no response to the allegations in paragraph 5 to the extent that they state legal conclusions to which no response is required.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6.      General Electric makes no response to the allegations in paragraph 6 to the extent that they state legal conclusions to which no response is required.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies them.

7.      General Electric makes no response to the allegations in paragraph 7 to the extent that they state legal conclusions to which no response is required.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

## GENERAL ALLEGATIONS

8.      To the extent the allegations in paragraph 8 pertain to defendants other than General Electric, General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.  General Electric denies all remaining allegations in paragraph 8.  General Electric further states that it has never been a seller, distributor, or packager of raw asbestos fiber.

9.      General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies same.

10.     General Electric makes no response to the allegations in paragraph 10 to the extent that they state legal conclusions to which no response is required.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies same.

11.     General Electric denies the allegations in paragraph 11 as they pertain to General Electric.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies same.

12.     General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies same.

## COUNT I – PRODUCTS LIABILITY – NEGLIGENCE

13.     General Electric adopts and reasserts its responses to all general allegations as though fully set forth herein.

14.     General Electric makes no response to the allegations in paragraph 14 as they only state legal conclusions to which no response is required, although General Electric denies any inference of wrongdoing or liability that may be said to arise from such allegations. General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies same.

15.     General Electric makes no response to the allegations in paragraph 15 as they only state legal conclusions to which no response is required.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies same.

16.     General Electric makes no response to the allegations in paragraph 16 as they only state legal conclusions to which no response is required, although General Electric denies any inference of wrongdoing or liability that may be said to arise from such allegations. General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies same.

17.     General Electric denies each and every allegation in paragraph 17 as it pertains to General Electric, including, but not limited to, the allegations set forth in subparagraphs (a) through (e) of paragraph 17.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies same.

18.     General Electric denies the allegations in paragraph 18 as they pertain to General Electric.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies same.

## COUNT II – NEGLIGENCE – PREMISE OWNER

General Electric makes no response to the allegations in Count II (paragraphs 19-28) as they do not pertain to this defendant.  To the extent that any allegations are made with respect to General Electric, they are denied.

## WRONGFUL DEATH

29.     General Electric adopts and reasserts its responses to paragraphs 1 through 28 as though fully set forth herein.

30.     General Electric denies the allegations in paragraph 30 as they pertain to General Electric.  General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies same.

## **PRAYER FOR RELIEF**

31.     General Electric denies that Plaintiff is entitled to any relief, including but not limited to the relief requested in the "Prayer for Relief" clause of the complaint.

## SEPARATE AND/OR AFFIRMATIVE DEFENSES

NOW COMES General Electric, and in further answer and defense to Plaintiff's Complaint at Law, asserts the following Separate and Affirmative Defenses:

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Plaintiff has failed to provide a reasonable statement of a claim for relief against General Electric.  General Electric does not have reasonable notice of the time, place, nature, and manner of the claimed wrongs by General Electric.  Therefore, plaintiff has failed to state a claim against General Electric upon which relief can be granted.

3.      If plaintiff, or plaintiff's decedent, sustained any injuries or damages, which General Electric denies, then such injuries or damages were solely or proximately caused by, or contributed to by the negligence of plaintiff's decedent which either bars or reduces plaintiff's claims herein in an amount to be determined by the trier of fact.

4.      If plaintiff, or plaintiff's decedent, sustained any injuries or damages, which General Electric denies, then such injuries or damages were solely and proximately caused by the plaintiff's decedent when the plaintiff's decedent assumed and voluntarily exposed himself to specific and appreciated risks pursuant to the doctrines of volenti non fit injuria and assumption of risk, for which plaintiff is barred from receiving damages, or, in the alternative, for which recovery is reduced.

5.      If plaintiff, or plaintiff's decedent, sustained any injuries or damages as alleged in the Complaint at Law, all of which General Electric specifically denies, then such injuries and damages were caused or contributed to by reason of the negligence of said plaintiff's decedent by reason of, but not limited to, said decedent's failure to wear a respirator, engage in safe work practices or to protect himself adequately from risk of harm.

6.      If plaintiff, or plaintiff's decedent, sustained any injury as alleged, which is denied, the same resulted, upon information and belief, from plaintiff's decedent's own negligence in failing to care for his own health by using tobacco products over an extended period of time.  The use of said tobacco products is the sole, direct and proximate cause, or a contributing cause, of the alleged injury or damage, if any, about which plaintiff complains.

7.       If plaintiff, or plaintiff's decedent, sustained any injuries or damages, which General Electric denies, then such injuries or damages were caused by unauthorized, unintended, or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which General Electric is not liable or not responsible.

8.      If plaintiff, or plaintiff's decedent, sustained any injuries or damages as alleged in the Complaint, which General Electric denies, then such injuries and damages were caused by the intervening and superseding conduct of the parties over whom General Electric had no authority or control, and are not recoverable as against General Electric.

9.      If plaintiff, or plaintiff's decedent, sustained any injuries or damages, which General Electric denies, then such injuries or damages were due solely or in part to the failure of plaintiff's decedent's employer or employers to take adequate precautions and provide plaintiff's decedent with a safe place to work.

10.      If plaintiff, or plaintiff's decedent, sustained any injury or damage, which is denied, then such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on plaintiff's decedent's job sites and substances other than those

manufactured or sold by General Electric, if any, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

11. If at the time of trial General Electric is held accountable for any asbestos-containing products, plaintiff's decedent's exposure to asbestos, if any, was of a de minimis nature and could not within a reasonable degree of medical certainty be the legal and proximate cause of plaintiff's injuries.

12. The asbestos and/or asbestos-containing products specified, manufactured, and/or installed by other individuals and/or entities was the sole proximate cause of plaintiff's and/or plaintiff's decedent's injuries. General Electric is entitled to introduce evidence regarding plaintiff's and/or plaintiff's decedent's exposures to the asbestos and/or asbestos-containing products of others pursuant to Nolan v. Weil-McLain, 233 Ill. 2d 415, 910 N.E.2d 549 (2009), if Illinois law applies to this case, or other applicable state law.

13. Any asbestos-containing products for which General Electric might be held legally accountable and which plaintiff's decedent used or was exposed to, if any, were not in the same condition as when they were sold, having been materially altered after the sale and prior to the use or exposure as alleged.

14. If it is proven at the time of trial that any asbestos-containing products for which General Electric might be held legally accountable were manufactured, furnished and supplied as alleged in Plaintiff's Complaint at Law, and if said products were used in the fashion alleged, all of which on information and belief is denied, then any such product was so manufactured, furnished, supplied and/or sold in strict conformity with the prevailing standard of medical art and the prevailing standards of the industry.

15.     If it is proven at the time of trial that any asbestos-containing products for which General Electric might be held legally accountable were manufactured, furnished and supplied as alleged in Plaintiff's Complaint at Law, and if said products were used in the fashion alleged, all of which on information and belief is denied, then any harm to plaintiff's decedent which may have been caused by exposure to such products was caused after the expiration of the useful safe lives of such products, for which General Electric is not subject to liability.

16.     At all times material to plaintiff's claims, the state of medical and scientific knowledge did not provide General Electric with either knowledge or reason to know of a foreseeable risk of harm to plaintiff's decedent.

17.     There should be no recovery against General Electric because of any failure to warn or inadequacy of warning because, upon information and belief, at all times pertinent to plaintiff's claims, plaintiff's decedent was possessed of or should have been possessed of good and adequate knowledge which negated any need for said warning and because plaintiff's decedent was required to follow specific written safety procedures as established by his employers which negated the need or requirement for any such warning.

18.     Plaintiff's decedent's employers were, upon information and belief, so experienced and sophisticated that no duty to warn existed.

19.     There should be no recovery because, upon information and belief, plaintiff's decedent failed to mitigate damages as required by law.

20.     There should be no recovery against General Electric for medical expenses incurred in the case, including diagnosis or treatment of any injury to plaintiff's decedent, if any, because said decedent's employers are obligated under the worker's compensation laws of the states of decedent's residence to pay for said decedent's medical expenses which were incurred

by said decedent as a result of this occurrence, or because said plaintiff is entitled to receive benefits from private or public health insurance programs, health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present and/or future medical expenses.

21.     If it is proven at the time of trial that General Electric is liable for damages, if any, to plaintiff, said liability is not sole but rather proportionate or alternatively joint and several between or among General Electric and one or more of the other defendants, and consequently, General Electric is entitled to have its liability, if any, limited to its proximate share, or alternatively is entitled to contribution and/or indemnity from such other defendant or defendants based on comparative fault and/or vicarious liability.

22.     If plaintiff has heretofore settled or should hereafter settle or have any judgment rendered in their favor for any of their alleged injuries and damages with any entity, then General Electric is entitled to a set-off in the amount of said settlement.

23.     Plaintiff's claims are barred by applicable statutes of limitation and/or statutes of repose.

24.     Plaintiff's claims are barred by unclean hands, laches and/or waivers.

25.     General Electric reserves the right to assert any additional defenses which it may learn through discovery.

WHEREFORE, Defendant General Electric Company prays that judgment be entered in its favor and against Plaintiff, that Plaintiff take nothing thereby, and that Defendant be awarded its costs incurred by reason of this suit.

Dated:  October 18, 2010

By:  _____ *s/ John Fonstad* _____

Maja C. Eaton
Edward P. Kenney
John A. Fonstad
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
Attorneys for Defendant
General Electric Company

Case MDb No 875 Document 6346 2 Filed 10/18/10 Page 12 of 13

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.  I further certify that I caused a copy of the foregoing document to be served upon all other counsel of record, per the attached Service List, via U.S. Mail, postage prepaid, at their listed addresses, on this 18th day of October, 2010.



           *s/ John Fonstad*

## SERVICE LIST

**G. DIANE CONROY,** Individually and as Special Administrator of the
Estate of **THOMAS J. CONROY,** deceased, v. A.W. Chesterton Co., et al., **Case No. 1:10-cv-6190**

Michael P. Cascino, Esq.
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL  60607
*Attorney for* Plaintiff

Demetra Arapakis Christos
Foley & Mansfield, P.L.L.P.
39 S. LaSalle, Suite 1110
Chicago, IL  60603
*Attorney for* CBS Corporation

William F. Mahoney, Esq.
Kathleen McDonough, Esq.
Segal, McCambridge, Singer & Mahoney
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL 60606
*Attorney for* A.W. Chesterton Co.

David A. Cyr
Johnson & Bell Ltd.
33 West Monroe St. – Suite 2700
Chicago, IL 60603
*Attorney for* Koppers Company, Inc.

Joseph J. O'Hara, Jr.
Matthew Jardine
Schiff, Hardin & Waite, LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
*Attorney for* Owens-Illinois, Inc.

Daniel P. Stoeberl
Sonnenschein Nath & Rosenthal, LLP
One Metropolitan Square
St. Louis, MO 63102
*Attorney for* Rapid American Corporation

Christopher P. Larson
Tobin J. Taylor
Adam J. Lagocki
Heyl, Royster, Voelker & Allen
Chase Building, Suite 600
124 SW Adams Street
Peoria, IL 61502
*Attorney for* Certainteed Corp. and Union
Carbide Corporation

Unknown Counsel for BP America Inc.