MASON

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:10-cv-06190

| | |
|---|---|
| Conroy v. A.W. Chesterton Company et al | Date Filed: 09/27/2010 |
| Assigned to: Honorable James F. Holderman | Jury Demand: Plaintiff |
| Demand: $75,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

| | | |
|---|---|---|
| **G Diane Conroy** | represented by | **Michael Peter Cascino** |
| *individually and as Special* | | Cascino Vaughan Law Offices, Ltd. |
| *Administrator for the Estate of Thomas* | | 220 South Ashland Avenue |
| *J Conroy, deceased,* | | Chicago, IL 60607 |
| | | (312) 944-0600 |
| | | Email: michaelp.cascino@gmail.com |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**BP America, Inc.**

**Defendant**

**CBS Corporation**

**Defendant**

**Certainteed Corporation**

**Defendant**

| | | |
|---|---|---|
| **General Electric Company** | represented by | **Edward P Kenney** |
| | | Sidley Austin LLP |
| | | One South Dearborn Street |
| | | Chicago, IL 60603 |
| | | (312) 853-7000 |
| | | Email: ekenney@sidley.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **John Anthony Fonstad** |
| | | Sidley Austin LLP |
| | | One South Dearborn |
| | | Chicago, IL 60603 |

(312) 853-0752
Email: jfonstad@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maja C. Eaton**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
Email: meaton@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Koppers, Inc.**

**Defendant**

**Owens-Illinois, Inc.**

**Defendant**

**Rapid American Corporation**

**Defendant**

**Union Carbide Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/27/2010 | 1 | COMPLAINT filed by G Diane Conroy; Jury Demand. Filing fee $ 350, receipt number 0752-5259573. (Attachments: # 1 Exhibit A - Defendant's Home States and Principal Places of Business, # 2 Exhibit B - Decedent's Work History)(Cascino, Michael) (Entered: 09/27/2010) |
| 09/27/2010 | 2 | ATTORNEY Appearance for Plaintiff G Diane Conroy by Michael Peter Cascino (Cascino, Michael) (Entered: 09/27/2010) |
| 09/27/2010 | 3 | CIVIL Cover Sheet (Cascino, Michael) (Entered: 09/27/2010) |
| 09/27/2010 | 4 | CERTIFICATE of Interest (Cascino, Michael) (Entered: 09/27/2010) |
| 09/27/2010 | 5 | Notice of Tag-Along Action by G Diane Conroy (Cascino, Michael) (Entered: 09/27/2010) |
| 09/28/2010 | | CASE ASSIGNED to the Honorable Milton I. Shadur. Designated as Magistrate Judge the Honorable Michael T. Mason. (kjd, ) (Entered: 09/28/2010) |
| 09/29/2010 | 6 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable James F. Holderman for all further proceedings pursuant to IOP 13F. Signed by Executive Committee on 9/29/2010.(lp, ) (Entered: 10/01/2010) |
| | | |

| 10/18/2010 | 7 | ATTORNEY Appearance for Defendant General Electric Company by Maja C. Eaton (Eaton, Maja) (Entered: 10/18/2010) |
| 10/18/2010 | 8 | ATTORNEY Appearance for Defendant General Electric Company by Edward P Kenney (Kenney, Edward) (Entered: 10/18/2010) |
| 10/18/2010 | 9 | ATTORNEY Appearance for Defendant General Electric Company by John Anthony Fonstad (Fonstad, John) (Entered: 10/18/2010) |
| 10/18/2010 | 10 | Notice of Tag-Along Action and Certificate of Service by General Electric Company (Fonstad, John) (Entered: 10/18/2010) |
| 10/18/2010 | 11 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by General Electric Company (Fonstad, John) (Entered: 10/18/2010) |
| 10/18/2010 | 12 | ANSWER to Complaint by General Electric Company(Fonstad, John) (Entered: 10/18/2010) |

**PACER Service Center**

**Transaction Receipt**

10/18/2010 11:58:58

| **PACER Login:** | sa0019 | **Client Code:** | 07900-41030-30152 |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-06190 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| G Diane Conroy, individually and as Special Administrator of the Estate of Thomas J Conroy, deceased, | |
| Plaintiff, | |
| v. | Case No. |
| A.W. Chesterton Company, a corporation, BP America, Inc., a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, General Electric Company, a corporation, Koppers, Inc., a corporation, Owens-Illinois Inc., a corporation, Rapid American Corporation, a corporation, Union Carbide Corporation, a corporation, | |
| Defendants. | |

## COMPLAINT

Now comes the plaintiff, G Diane Conroy, (hereinafter "Plaintiff"), individually and as Special Administrator of the Estate of Thomas J Conroy (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants A.W. Chesterton Company, a corporation, BP America, Inc., a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, General Electric Company, a corporation, Koppers, Inc., a corporation, Owens-Illinois Inc., a corporation, Rapid American Corporation, a corporation, and Union Carbide Corporation, a corporation, as follows:

## JURISDICTION

1. Plaintiff, G Diane Conroy is the wife of decedent, Thomas J Conroy, and resides in Glenwood, Illinois

2. Decedent was an adult citizen and resident of Illinois.

3. Decedent passed away on 06/29/2010.

4. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

5. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

6. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

8. Decedent during the course of his employment as a Pipefitter at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

9. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

10. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

11. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with rectal cancer on 10/2/2010.

12. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property

and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

13. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

14. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

15. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

16. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

17. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.    Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b.    Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.    Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.    Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

18. As a direct and proximate result of the acts and omissions of the product defendants above, plaintiff was injured as described above.

Case MDL No. 875 Document 6346-4 Filed 10/28/10 Page 7 of 12

## COUNT II- NEGLIGENCE - PREMISE OWNER

19.     Plaintiff reasserts and realleges the above allegations 1-18 above.

20.     This claim for negligence is brought against the following Defendants;

a. BP America, Inc.

b. Koppers Inc.

21.     Defendant was the owner of the premise during the dates and times of Decedent's

exposures to asbestos indicated on exhibit B.

22.     The condition of airborne dust containing asbestos insulation fibers released during the

process of applying and removing thermal insulation existed at the premises in exhibit B.

23.     When Decedent worked at the premises, defendant knew or should have known about the

health hazards of asbestos.

24.     Defendant in the exercise of ordinary care knew or should have known that the condition

of its property involved an unreasonable risk of harm to persons on the premises,

including employees of independent contractors such as Decedent, working at the

premises.

25.     Defendant knew or should have known that persons on the premises would not discover

or realize the danger or would otherwise fail to protect themselves against it.

26.     As the owner of the premises, defendant owed a duty to use ordinary care to provide a

reasonably safe place for persons lawfully on the property, including Decedent.

27.     Defendant breached its duty of care and was negligent by one or more of the following

acts or omissions:

a.      failing to adequately warn Decedent of the dangers of harm from exposure to
        asbestos;

b.      failing to instruct Decedent adequately about safety precautions for exposure to

asbestos;

c.     failing to establish adequate safety measures to protect Decedent from exposure to asbestos;

d.     failing to adequately test for asbestos where Decedent worked;

e.     employing any contractor which failed to take reasonable precautions against the danger of asbestos;

f.     allowing the use of asbestos containing products at the premises;

g.     failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

28.     As a direct and proximate result of defendant's negligence, Decedent suffered injuries as described above.

## WRONGFUL DEATH

29.     Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 28 above.

30.     Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

## PRAYER FOR RELIEF

31.     Plaintiff prays for relief as follows:

a.     Judgment against defendants, jointly and severally, for compensatory and general damages.

b.     Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: September 27, 2010


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| BP America, Inc. | Delaware | Texas |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| General Electric Company | New York | Connecticut |
| Koppers, Inc. | Pennsylvania | Pennsylvania |
| Owens-Illinois Inc. | Delaware | Ohio |
| Rapid American Corporation | Delaware | New York |
| Union Carbide Corporation | New York | Texas |

## Exhibit B
### Decedent's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| South Works Steel Plant | Chicago | IL | 1968 | 1970 |
| Caterpillar Plant | Joliet | IL | 1969 | 1971 |
| Amoco Chemical Refinery | Joliet | IL | 1964 | 1999 |
| Texaco Refining & Marketing | Lockport | IL | 1966 | 1967 |
| Koppers Refining | Chicago | IL | 1968 | 1970 |
| Clinton Nuclear Power Station | Clinton | IL | 1980 | 1983 |
| Interlake Steel | Chicago | IL | 1965 | 1966 |
| Whiting Refinery | Whiting | IN | 1963 | 1993 |
| Youngstown Sheet & Tube | East Chicago | IN | 1961 | 1970 |
| Bethlehem Steel | Burns Harbor | IN | 1962 | 1964 |

Case MDL No. 875 Document 6346-4 Filed 10/18/10 Page 12 of 12

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
G Diane Conroy, individually and as Special Administrator of the Estate of Thomas J Conroy, deceased,

## DEFENDANTS
A.W. Chesterton Company, et al.,

**(b)** County of Residence of First Listed Plaintiff    Cook County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue, Chicago, IL 60607
(312) 944-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Med. Malpractice | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ☒ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability |    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |    Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations | ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |    Under Equal Access |
| |    Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |    to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |    Alien Detainee | | ☐ 950 Constitutionality of |
| |    Other | | ☐ 465 Other Immigration | |    State Statutes |
| | ☐ 440 Other Civil Rights | |    Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Title 28, United States Sec. 1332
Brief description of cause:
Asbestos Injury Occupational Exposure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9-27-2010
SIGNATURE OF ATTORNEY OF RECORD _Mike Cas___

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____