# United States District Court
## Eastern District of Wisconsin (Milwaukee)
## CIVIL DOCKET FOR CASE #: 2:10-cv-00356-AEG

Burkee v. Degussa-Ney Dental Inc et al
Assigned to: Magistrate Judge Aaron E Goodstein
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 04/26/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**James A Burkee**

represented by **Michael P Cascino**
Cascino Vaughan Law Offices Ltd
220 S Ashland Ave
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: michaelp.cascino@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Degussa-Ney Dental Inc**

represented by **John J Laffey**
Whyte Hirschboeck Dudek SC
555 E Wells St - Ste 1900
Milwaukee, WI 53202-3819
414-978-5441
Fax: 414-223-5000
Email: jlaffey@whdlaw.com
*ATTORNEY TO BE NOTICED*

**Kristina C Lemanski**
Whyte Hirschboeck Dudek SC
555 E Wells St - Ste 1900
Milwaukee, WI 53202-3819
414-273-2100
Fax: 414-223-5000
Email: klemanski@whdlaw.com
*ATTORNEY TO BE NOTICED*

**Sarah Thomas Pagels**
Whyte Hirschboeck Dudek SC
555 E Wells St - Ste 1900
Milwaukee, WI 53202-3819
414-273-2100
Fax: 414-223-5000
Email: stpagels@whdlaw.com
*ATTORNEY TO BE NOTICED*

**Thomas Gonzales**
Whyte Hirschboeck Dudek SC
555 E Wells St - Ste 1900
Milwaukee, WI 53202-3819
414-273-2100
Fax: 414-223-5000
*ATTORNEY TO BE NOTICED*

**Thomas Waxter , III**
Goodell DeVries Leech & Dann LLP
Commerce Place
1 South St - Ste 2000
Baltimore, MD 21202
410-783-4980
Fax: 410-783-4040
*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific LLC**                    represented by  **Michael W Drumke**
Hepler Broom LLC
150 N Wacker Dr - Ste 3100
Chicago, IL 60606
312-205-7734
Fax: 312230-9201
Email: mdrumke@heplerbroom.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Grobet File Company of America Inc**     represented by  **David E Scouton**
Foley & Mansfield PLLP
250 Marquette Ave - Ste 1200
Minneapolis, MN 55401
612-338-8788
Fax: 612-338-8690
*ATTORNEY TO BE NOTICED*

**Heather H Neubauer**
Foley & Mansfield PLLP
250 Marquette Ave - Ste 1200
Minneapolis, MN 55401
612-338-8788
Fax: 612-338-8690
Email: hneubauer@foleymansfield.com

*ATTORNEY TO BE NOTICED*

**James H Gempeler**
Foley & Mansfield PLLP
250 Marquette Ave - Ste 1200

Minneapolis, MN 55401
612-338-8788
Fax: 612-338-8690
*ATTORNEY TO BE NOTICED*

**Kyle B Mansfield**
Foley & Mansfield PLLP
250 Marquette Ave - Ste 1200
Minneapolis, MN 55401
612-338-8788
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sybron Dental Specialties Inc**                  represented by   **David B Bartel**
Quarles & Brady LLP
411 E Wisconsin Ave - Ste 2040
Milwaukee, WI 53202-4497
414-277-5369
Fax: 414-271-3552
Email: david.bartel@quarles.com
*ATTORNEY TO BE NOTICED*

**Khalaf M Khalaf**
Quarles & Brady LLP
411 E Wisconsin Ave - Ste 2040
Milwaukee, WI 53202-4497
414-277-5765
Fax: 414-978-8289
Email: khalaf.khalaf@quarles.com
*ATTORNEY TO BE NOTICED*

**Mitchell S Moser**
Quarles & Brady LLP
411 E Wisconsin Ave - Ste 2040
Milwaukee, WI 53202-4497
414-277-5333
Fax: 414-271-3552
Email: mitchell.moser@quarles.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DENTSPLY Prosthetics US LLC**                  represented by   **John J Laffey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristina C Lemanski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Thomas Pagels**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Gonzales**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Waxter , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2010 | 1 | COMPLAINT (Summons Issued) with Jury Demand; Consent forms distributed to plaintiff for Magistrate Judge Goodstein (Filing Fee PAID $350) (Attachments: # 1 Civil Cover Sheet)(vkb) |
| 04/26/2010 | 2 | DISCLOSURE Statement by plaintiff James A Burkee (vkb) |
| 04/26/2010 | 3 | NOTICE of Tag-Along Action filed by plaintiff James A Burkee (vkb) |
| 05/27/2010 | 4 | NOTICE of Appearance by Michael W Drumke on behalf of Georgia-Pacific LLC. Attorney(s) appearing: Michael W. Drumke (Attachments: # 1 Certificate of Service of Appearance of Counsel)(Drumke, Michael) |
| 05/27/2010 | 5 | ANSWER to 1 Complaint with Jury Demand by Georgia-Pacific LLC. (Attachments: # 1 Certificate of Service of Short Form Answer and Affirmative Defenses)(Drumke, Michael) |
| 05/27/2010 | 6 | DISCLOSURE Statement by Georgia-Pacific LLC. (Attachments: # 1 Certificate of Service of Disclosure Statement)(Drumke, Michael) |
| 05/27/2010 | 7 | NOTICE by Georgia-Pacific LLC *of Filing* (Attachments: # 1 Certificate of Service of Notice of Filing)(Drumke, Michael) |
| 06/01/2010 | 8 | NOTICE of Appearance by Heather H Neubauer on behalf of Grobet File Company of America Inc. Attorney(s) appearing: Heather H. Neubauer (Attachments: # 1 Certificate of Service)(Neubauer, Heather) |
| 06/01/2010 | 9 | ANSWER to 1 Complaint with Jury Demand by Grobet File Company of America Inc. (Attachments: # 1 Certificate of Service)(Neubauer, Heather) |
| 06/25/2010 | 10 | NOTICE of Appearance by Khalaf M Khalaf on behalf of Sybron Dental Specialties Inc. Attorney(s) appearing: David Bartel, Mitchell Moser, Khalaf M. Khalaf (Khalaf, Khalaf) |
| 06/25/2010 | 11 | First MOTION to Dismiss *Complaint* by Sybron Dental Specialties Inc. (Khalaf, Khalaf) |
| 06/25/2010 | 12 | BRIEF in Support filed by Sybron Dental Specialties Inc re 11 First MOTION to Dismiss *Complaint*. (Khalaf, Khalaf) |
| 06/25/2010 | 13 | AFFIDAVIT of James Thornton *In Support of Motion to Dismiss*. (Khalaf, |

| | | Khalaf) |
|---|---|---|
| 06/25/2010 | 14 | DISCLOSURE Statement by Sybron Dental Specialties Inc. (Khalaf, Khalaf) |
| 06/25/2010 | 15 | CERTIFICATE OF SERVICE by Sybron Dental Specialties Inc *Motion to Dismiss, Brief and Affidavit in Support of Motion, and Disclosure Statement* (Khalaf, Khalaf) |
| 06/25/2010 | 16 | DISCLOSURE Statement by Grobet File Company of America Inc. (Attachments: # 1 Certificate of Service)(Neubauer, Heather) |
| 06/25/2010 | 17 | ANSWER to 1 Complaint with Jury Demand by Degussa-Ney Dental Inc, DENTSPLY Prosthetics U.S. LLC.(Pagels, Sarah) |
| 06/25/2010 | 18 | DISCLOSURE Statement by DENTSPLY Prosthetics U.S. LLC, Degussa-Ney Dental Inc. (Pagels, Sarah) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/30/2010 14:27:27 | | | |
| **PACER Login:** | cv0032 | **Client Code:** | mdl |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-00356-AEG |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

James A Burkee

                                        Plaintiff,

          v.

Degussa-Ney Dental, Inc., a corporation,
Georgia Pacific LLC, a corporation,                    Case No.
Grobet File Company of America Inc., a
corporation,
Sybron Dental Specialties Inc., a corporation,

                              Defendants.

## COMPLAINT

Now comes the Plaintiff, James A Burkee, (hereinafter "Plaintiff"), by and through his attorneys,

Cascino Vaughan Law Offices, Ltd., and complains against defendants Degussa-Ney Dental, Inc., a

corporation, Georgia Pacific LLC, a corporation, Grobet File Company of America Inc., a

corporation, and Sybron Dental Specialties Inc., a corporation, as follows:

### JURISDICTION

1.    Plaintiff is an adult citizen and resident of Wisconsin, and resides in Milwaukee, Wisconsin.

2.    Defendants are all corporations, none of which is incorporated in or has its principal place of

       business in the State of Wisconsin, and at all times relevant to the allegations contained herein

       were engaged in the business of designing, manufacturing, mining and selling asbestos and/or

       asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as

       "asbestos products."  Please refer to the attached Exhibit A for the state of incorporation and

       principal place of business of each defendant.

3.    Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States

       Code, §1332.

4.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000),

exclusive of interest and costs.

5.      Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6.      Plaintiff during the course of his employment as a Goldsmith and Jeweler at various job sites,

including those listed on the attached Exhibit B was exposed to asbestos dust or fibers

emanating from the asbestos products and/or asbestos insulated equipment which was sold,

manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by

defendants.

7.      Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred

by workers working with or near asbestos products.

8.      Plaintiff became aware of the asbestos-related condition and that said condition was caused by

Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9.      As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been

diagnosed with lung cancer on 4/27/2007

10.     Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large

sums of money for medical and hospital care, and suffered losses to his personal property and

possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11.     Plaintiff brings this count for negligence against all defendants and incorporates by

reference all general allegations.

12.     It was reasonably foreseeable that Plaintiff and other workers would be working with or

in the proximity of defendants' asbestos products and be exposed to airborne asbestos

fibers.

13.     Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others

who worked with or were exposed to the defendants' asbestos products.

14.  Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

15.  Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a.  Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

   b.  Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c.  Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d.  Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e.  Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16.  As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17.  This cause of action is asserted against the manufacturing and supplying defendants.

18.  The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

19.  At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

20. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

21. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a.    Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b.    Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c.    Was not subjected to adequate investigation regarding its hazards to health; and

    d.    Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

22. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III – DECLARATORY JUDGMENT

23. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

24. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

25.   Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to

the facts of this case would be unreasonable and unconstitutional, in violation of Article I,

§10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and

in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary

to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket

#91-0016, 1995).

### PRAYER FOR RELIEF

26.   Plaintiff prays for relief as follows:

a.   Judgment against defendants, jointly and severally, for compensatory and general
damages.

b.   Such further legal and equitable relief as the Court orders to do justice in this
case; costs and disbursements of this action.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by a jury of 6.

Dated: April 22, 2010.

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| Degussa-Ney Dental Inc. | Delaware | Connecticut |
| Georgia Pacific, LLC | Delaware | Georgia |
| Grobet File Company of America, Inc. | New York | New Jersey |
| Sybron Dental Specialties, Inc. | Delaware | California |

**Exhibit B**
**Plaintiff's Work History**

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Borland Jewelers | Milwaukee | WI | 1974 | 1977 |
| MJC Company | Milwaukee | WI | 1978 | 1979 |
| Residential Construction | Milwaukee | WI | 1970 | 2010 |