(VBKx), DISCOVERY, MANADR, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:10-cv-06698-R -VBK

| | |
|---|---|
| John Lewis Jones et al v. Air & Liquid Systems Corporation et al | Date Filed: 09/09/2010 |
| Assigned to: Judge Manuel L. Real | Jury Demand: Both |
| Referred to: Magistrate Judge Victor B. Kenton | Nature of Suit: 368 P.I. : Asbestos |
| Related Case: 2:07-cv-02241-R-JTL | Jurisdiction: Federal Question |
| Case in other court: Superior Court State of CA County of Los Angeles, BC444213 | |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

**John Lewis Jones**                    represented by    **Jennifer L Bartlett**
                                                         Simon Eddins and Greenstone LLP
                                                         301 East Ocean Boulevard Suite 1950
                                                         Long Beach, CA 90802
                                                         562-590-3400
                                                         Fax: 562-590-3412
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Robert Allen Green**
                                                         Simon Eddins & Greenstone LLP
                                                         301 East Ocean Boulevard Suite 1950
                                                         Long Beach, CA 90802
                                                         562-590-3400
                                                         Fax: 562-590-3412
                                                         Email: rgreen@seglaw.com
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ronald Cary Eddins**
                                                         Simon Eddins and Greenstone LLP
                                                         301 East Ocean Boulevard Suite 1950
                                                         Long Beach, CA 90802
                                                         562-590-3400
                                                         Fax: 562-590-3412
                                                         Email: reddins@seglaw.com
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Tyson Brannan Gamble**
                                                         Simon Eddins & Greenstone LLP
                                                         301 East Ocean Boulevard Suite 1950
                                                         Long Beach, CA 90802
                                                         562-590-3400

Fax: 562-590-3412
Email: tgamble@seglaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karen Lee Jones**                     represented by **Jennifer L Bartlett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Allen Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyson Brannan Gamble**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*sued as successor-by-merger to Buffalo
Pumps, Inc.*

**Defendant**

**CBS Corporation**                     represented by **Kevin D Jamison**
*a Delaware Corporation f/k/a Viacom,*                  Pond North LLP
*Inc. (sued as successor-by-merger to*                  350 South Grand Avenue Suite 3300
*CBS Corporation a Pennsylvania*                        Los Angeles, CA 90071
*Corporation f/k/a Westinghouse*                        213-617-7170
*Electric Corporation and also as*                      Fax: 213-623-3594
*successor-in-interest to BF Sturtevant*                Email: kjamison@pondnorth.com
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Elliot Turbo Machinery Company**      represented by **Elizabeth L Huynh**
*also known as*                                         Walsworth Franklin Bevins & McCall
Elliot Company                                          LLP
                                                        One City Boulevard West 5th Floor
                                                        Orange, CA 92868
                                                        714-634-2522
                                                        Fax: 714-634-0686
                                                        Email: elhuynh@wfbm.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Michael T McCall**
Walsworth Franklin Bevins and McCall

1 City Boulevard West 5th Fl
Orange, CA 92868-3677
714-634-2522
Fax: 714-634-0686
*ATTORNEY TO BE NOTICED*

**Thomas G Scully**
Walsworth Franklin Bevins and McCall

1 City Boulevard West 5th Floor
Orange, CA 92868-3677
714-634-2522
Fax: 714-634-0686
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**                represented by   **Charles T Sheldon**
Sedgwick Detert Moran and Arnold
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: charles.sheldon@sdma.com
*ATTORNEY TO BE NOTICED*

**Derek S Johnson**
Sedgwick Detert Moran & Arnold LLP
Steuart Tower 18th Floor
One Market Plaza
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
*ATTORNEY TO BE NOTICED*

**Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold
LLP
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane, Inc.**                    represented by    **Kurt T Putnam**
                                                          Hassard Bennington LLP
                                                          2 Embarcadero Center Suite 1800
                                                          San Francisco, CA 94115
                                                          415-288-9800
                                                          Fax: 415-288-9801
                                                          Email: ktp@hassard.com
                                                          *ATTORNEY TO BE NOTICED*


**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Viad Corporation**                    represented by    **Peter B Langbord**
*f/k/a The Dial Corporation (sued*                        Foley & Mansfield PLLP
*individually and as successor-in-*                       300 South Grand Avenue Suite 2800
*interest to Griscom-Russell Company)*                    Los Angeles, CA 90071
                                                          213-283-2100
                                                          Fax: 213-283-2101
                                                          Email: plangbord@foleymansfield.com
                                                          *ATTORNEY TO BE NOTICED*


**Defendant**

**DOES**
*1-140 Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2010 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC44213 with Conformed copy of summons and complaint. Case assigned to Judge George H Wu, Discovery to Magistrate Judge Margaret A Nagle. (Filing fee $ 350 PAID), filed by Defendant Viad Corporation. [Conformed Copy of Answer of Viad Corp Filed in State Court on 9/2/10; submitted attached Exhibit D to Notice of Removal](car) (mg). (Entered: 09/09/2010) |
| 09/09/2010 |   | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendant Viad Corporation. [Filed in State Court on 9/2/10; submitted attached Exhibit D to Notice of Removal] (car) Modified on 9/9/2010 (car). (Entered: 09/09/2010) |
| 09/09/2010 | 2 | NOTICE of Tag-Along Action filed by plaintiff Viad Corporation. (car) (mg). (Entered: 09/09/2010) |
| 09/09/2010 | 3 | NOTICE TO PARTIES OF ADR PROGRAM filed.(car) (Entered: 09/09/2010) |
| 09/09/2010 | 4 | DEFENDANT VIAD CORP'S NOTICE of Re-Filing State Court Answer to Complaint(car) Modified on 9/9/2010 (car). (mg). (Entered: 09/09/2010) |

| 09/09/2010 | 5 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation (car) (mg). (Entered: 09/09/2010) |
| 09/09/2010 | 6 | NOTICE of Related Case(s) filed by Defendant Viad Corporation. Related Case(s): CV07-8338 VBF (RCx); CV08-0118 R (JTLx); CV08-0248 R (PLAx); CV08-00282 VBF (AGRx); CV08-00501 GPS (AJWx); CV08-1296 R (JTLx); CV08-3133 R (JTLx) [See Document For Further Details] (car) (mg). (Entered: 09/09/2010) |
| 09/09/2010 | 7 | CERTIFICATE OF SERVICE OF SERVICE filed by Defendant Viad Corporation, re Notice of Tag-Along Action 2 , Certification and Notice of Interested Parties 5 , Defendant Viad Corp's Notice of Refiling State Court Answer to Complaint 4 , Notice of Removal, 1 , Civil Cover Sheet served on 9/9/10. (car) (mg). (Entered: 09/09/2010) |
| 09/13/2010 | 8 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 - Related Case- filed. Related Case No: CV 07-02241 R(JTLx). Case transferred from Magistrate Judge Margaret A. Nagle and Judge George H Wu to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 10-06698 R(JTLx).Signed by Judge Manuel L. Real (rn) (Entered: 09/13/2010) |
| 09/14/2010 | 9 | NOTICE Plaintiffs' Opposition to Notice of Related Cases and Request for Reinstatement on Calendar of Originally-Assigned Judge filed by Plaintiff John Lewis Jones, Karen Lee Jones. (Barrow, Brian) (Entered: 09/14/2010) |
| 09/15/2010 | 10 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 9 . The following error(s) was found: Incorrect event selected. The correct event is: OBJECTIONS - NON-MOTION. Other error(s) with document(s): Incorrect Judges' initials appear on case number. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vh) (Entered: 09/15/2010) |
| 09/17/2010 | 11 | NOTICE OF MOTION AND First MOTION for Joinder in Notice of Removal, 1 filed by Defendant John Crane, Inc.. (Putnam, Kurt) (Entered: 09/17/2010) |
| 09/20/2010 | 12 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: First MOTION for Joinder in Notice of Removal, 1 11 . The following error(s) was found: Incorrect event selected. The correct event is: Joinder (non-motion) under MISCELLANEOUS FILINGS (OTHER DOCUMENTS) link to NOTICE OF REMOVAL. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 09/20/2010) |
| 09/22/2010 | 13 | ORDER re NOTICE TOP COUNSEL by Judge Manuel L. Real, (pj) (Entered: 09/22/2010) |

| 09/23/2010 | 14 | ANSWERJURY DEMAND. filed by Defendant CBS Corporation.(Jamison, Kevin) (Entered: 09/23/2010) |
|---|---|---|
| 09/23/2010 | 15 | JOINDER filed by Defendant CBS Corporation joining in Notice of Removal, 1 . (Jamison, Kevin) (Entered: 09/23/2010) |
| 09/23/2010 | 16 | *Notice of Related Cases* of Interested Parties filed by Defendant CBS Corporation, (Attachments: # 1 Affidavit)(Jamison, Kevin) (Entered: 09/23/2010) |
| 09/24/2010 | 17 | NOTICE OF MOTION AND First MOTION to Dismiss Case *DEFENDANT JOHN CRANE INC.S NOTICE OF MOTION AND MOTION* filed by Defendant John Crane, Inc.. Motion set for hearing on 11/1/2010 at 10:00 AM before Judge Manuel L. Real. (Attachments: # 1 DECLARATION OF KURT T. PUTNAM IN SUPPORT OF DEFENDANT JOHN CRANE INC.S MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR PERSONAL INJURY ASBESTOS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6))(Putnam, Kurt) (Entered: 09/24/2010) |
| 09/27/2010 | 18 | NOTICE filed by defendant General Electric Company. *Of Refiling State Court Answer to Complaint for Damages* (Gardiner, Katherine) (Entered: 09/27/2010) |
| 09/27/2010 | | CONFORMED COPY OF ANSWER to COMPLAINT, 1 filed by Defendant General Electric Company. **FILED IN SUPERIOR COURT ON 9/24/10 ATTACHED TO EXHIBIT A OF NOTICE OF REFILING STATE COURT PURSUANT TO DOCUMENT NUMBER 18**(pj) (Entered: 09/28/2010) |
| 09/30/2010 | 19 | NOTICE of Joinder in Viad Corp.'s Notice of Removal to Federal Court filed by Defendant Elliot Turbo Machinery Company. (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 20 | CORPORATE DISCLOSURE STATEMENT filed by Defendant Elliot Turbo Machinery Company identifying Ebara Corporation as Corporate Parent. (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 21 | *Certification* as to Interested Parties of Interested Parties filed by Defendant Elliot Turbo Machinery Company, (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 22 | NOTICE of Filing State Court Answer filed by Defendant Elliot Turbo Machinery Company. (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 23 | Civil Cover Sheet filed by Defendant Elliot Turbo Machinery Company (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 24 | CERTIFICATE OF SERVICE filed by Defendant Elliot Turbo Machinery Company, served on September 30, 2010. (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | | CONFORMED COPY OF ANSWER to COMPLAINT 1 FILED IN SUPERIOR COURT ON 9/23/10 filed by Defendant Elliot Turbo Machinery Company. (THIS DOCUMENT IS ATTACHED TO DOCUMENT NUMBER 22)(pj) (Entered: 10/04/2010) |

| | | |
|---|---|---|
| 10/01/2010 | 25 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 19 . The following error(s) was found: Incorrect event selected. The correct event is: Joinder (non-motion) under MISCELLANEOUS FILINGS (OTHER DOCUMENTS) link to NOTICE OF REMOVAL. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 10/01/2010) |
| 10/01/2010 | 26 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Miscellaneous Document 23 . No need to e-file a Civil Cover Sheet. One was previously filed by the Removing Defendant Viad Corporation. The following error(s) was found: Other error(s) with document(s) are specified below. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 10/01/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/19/2010 09:57:57 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-06698-R -VBK End date: 10/19/2010 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

1   RON C. EDDINS, CA Bar No. 243581
JENNIFER L. BARTLETT, CA Bar No. 183154
2   ROBERT A. GREEN, CA Bar No. 216116
TYSON B. GAMBLE, CA Bar No. 266677
3   **SIMON, EDDINS & GREENSTONE, LLP**
301 E. Ocean Blvd., Ste. 1950
4   Long Beach, California 90802
5   Telephone (562) 590-3400
Facsimile (562) 590-3412
6
7   Attorneys for Plaintiffs

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF LOS ANGELES

11

12   **JOHN LEWIS JONES and KAREN LEE** )   Case No.    **BC444213**
**JONES,**                         )
13                     )   THIS ACTION CONSTITUTES COMPLEX
               Plaintiffs,   )   ASBESTOS LITIGATION – SUBJECT TO THE
14                     )   GENERAL ORDERS CONTAINED IN FILE NO.
          vs.            )   C 700000 – DEPT. 59
15                     )
                    )   **COMPLAINT FOR PERSONAL INJURY –**
16   **AIR & LIQUID SYSTEMS**         )   **ASBESTOS (NEGLIGENCE; STRICT**
**CORPORATION** (sued as successor-by- )   **LIABILITY; LOSS OF CONSORTIUM)**
17   merge to **BUFFALO PUMPS, INC.**);   )
  **CBS CORPORATION** (a Delaware    )
18   Corporation) f/k/a VIACOM, INC. (sued as )
  successor-by-merger to CBS        )
19   CORPORATION (a Pennsylvania     )
  Corporation) f/k/a WESTINGHOUSE   )
20   ELECTRIC CORPORATION and also as  )
  successor-in-interest to BF         )
21   STURTEVANT);               )
  **ELLIOTT TURBO MACHINERY**    )
22   **COMPANY** a/k/a ELLIOTT COMPANY; )
  **GENERAL ELECTRIC COMPANY;**   )
23   **JOHN CRANE, INC.; J.T. THORPE &**  )
  **SON, INC.; and VIAD CORPORATION** )
24   f/k/a THE DIAL CORPORATION (sued  )
  individually and as successor-in-interest to )
25   GRISCOM-RUSSELL COMPANY), and  )
  **DOES 1-140 Inclusive**          )
26                     )
27               Defendants.   )
28                     )

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California

AUG 2 3 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
RUGENA LOPEZ

1

GENERAL ALLEGATIONS

COME NOW Plaintiffs **JOHN LEWIS JONES** and **KAREN LEE JONES** (hereinafter "Plaintiffs") and complain and allege as follows:

1.     At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his Co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.); **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT); **ELLIOTT TURBO MACHINERY COMPANY** a/k/a ELLIOTT COMPANY; **GENERAL ELECTRIC COMPANY**; **JOHN CRANE, INC.; J.T. THORPE & SON, INC.**; and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY),   were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

2.     Plaintiffs allege herein that Plaintiff JOHN LEWIS JONES developed malignant mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.) (for Buffalo Pumps); **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania

2

1  Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest
2  to BF STURTEVANT) (for Westinghouse Turbines, Pumps and Condensers, and BF Sturtevant
3  Forced-Draft Blowers); **ELLIOTT TURBO MACHINERY COMPANY** a/k/a ELLIOTT
4  COMPANY (for Elliott Deaerating Feed Systems); **GENERAL ELECTRIC COMPANY** (for
5  General Electric's Ship's Service Generators); **JOHN CRANE, INC.,** (Gaskets and Packing) **J.T.**
6  **THORPE & SON, INC.** (as a Boiler Contractor and Supplier of asbestos-containing insulation); and
7  **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-
8  interest to GRISCOM-RUSSELL COMPANY) (for Griscom Russell Fuel Oil Heaters and
9  Evaporators).

10     3.     Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise
11  to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. §
12  1442, subdivision (a)(1) (federal officer). Specifically, Plaintiffs disclaim any cause of action or claim
13  for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to
14  Article I, section 8, clause 17 of the United States Constitution. Plaintiffs also disclaim any cause of
15  action or claim for recovery based on any exposure to asbestos caused by any defendant acting under
16  the authority of a federal officer or agency.

17                          **FIRST CAUSE OF ACTION**

18                                (Negligence)

19

20     PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND
21  EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

22     4.     Plaintiffs incorporate herein by reference, as though fully set forth therein, the general
23  allegations set forth above.

24     5.     At all times herein mentioned, each of the named Defendants was the successor,
25  successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or
26  partially owned by, or the whole or partial owner of or member in an entity researching, studying,
27  manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying,
28  offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation,

                                     3

1  repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising
2  asbestos, and products containing asbestos, including but not limited to, those products identified in
3  paragraph 3 above. Said entities shall hereinafter collectively be called "alternate entities." Each of
4  the herein named Defendants is liable for the tortious conduct of each successor, successor-in-
5  business, successor-in-product line or a portion thereof, assign, predecessor in product line or a portion
6  thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it
7  was a member of, or funded, that researched, repaired, marketing, warranted, re-branded,
8  manufactured for others and advertised asbestos, and asbestos products. The following Defendants,
9  and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that
10  there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity";
11  Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such
12  "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiffs' remedy
13  against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading
14  role of each such "alternate entity"; and that each such Defendant enjoys the goodwill originally
15  attached to each such "alternate entity".

16  **DEFENDANT**                                 **ALTERNATE ENTITY**

17

18  AIR AND LIQUID SYSTEMS CORPORATION    BUFFALO PUMPS, INC.

19  CBS CORPORATION                       VIACOM INC.
                                          WESTINGHOUSE ELECTRIC CORPORATION
                                          BF STURTEVANT
20                                        VIACOM INTERNATIONAL, INC.
                                          VIACOM PLUS
21

22  ELLIOTT TURBOMACHINERY COMPANY        ELLIOTT COMPANY

23  GENERAL ELECTRIC COMPANY              GENERAL ELECTRIC BROADCASTING
                                          COMPANY, INC.
                                          GENERAL ELECTRIC CAPITAL
24                                        ASSURANCE COMPANY
                                          GENERAL ELECTRIC PROFESSIONAL
25                                        SERVICES COMPANY
                                          GENERAL ELECTRIC TRADING COMPANY
26

27  VIAD CORPORATION                      THE DIAL CORPORATION
                                          GRISCOM-RUSSELL COMPANY

28

4

1        6.      At all times herein mentioned, Defendants, their "alternate entities", and each of them,
2    were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying,
3    labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting,
4    servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding,
5    manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter
6    Defendants' Products).

7        7.      At all times herein mentioned, Defendants, their "alternate entities", and each of them,
8    singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified,
9    designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the
10   health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold,
11   inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded,
12   manufactured for others, packaged, and advertised Defendants' Products, including but not limited to
13   those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably
14   dangerous because they released respirable asbestos fibers which resulted in personal injuries to users,
15   consumers, workers, bystanders, and others, including Plaintiff JOHN LEWIS JONES herein
16   (hereinafter collectively called "exposed person"). Said products were used at all times in a manner that
17   was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering
18   said products unsafe and dangerous for use by "exposed person". Plaintiffs herein allege that JOHN
19   LEWIS JONES exposure to Defendants' Products, including but not limited to those products identified
20   in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and
21   asbestos-containing products"), were a substantial contributing factor in the development of his
22   malignant mesothelioma, and therefore proximately caused Plaintiff JOHN LEWIS JONES' injuries.

23       8.      Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable
24   care while engaging in the activities mentioned above and each Defendant breached said duty of
25   reasonable care in that Defendants, and each of them, failed to safely and adequately design,
26   manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the
27   hazards of said products; failed to warn "exposed person", including Plaintiff JOHN LEWIS JONES, of
28   the health hazards of using Defendants' products; failed to disclose the known or knowable dangers of

5

1 using Defendants' products; failed to obtain suitable alternative materials to asbestos when such
2 alternatives were available; and as otherwise stated herein.

3    9.    The Defendants' products were and are hazardous to the health and safety of Plaintiff,
4 and others in Plaintiff's position working with and in close proximity to such products, and since on or
5 before 1930, the hazards and dangerous propensities of the Defendants' products were both known and
6 knowable to the Defendants, their "alternate entities", and each of them, through the use of medical
7 and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of
8 them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,
9 modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,
10 installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for
11 others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous
12 propensities of asbestos presented a substantial danger to users, including Plaintiff, JOHN LEWIS
13 JONES, of Defendants' Products through the intended and reasonably foreseeable use of those products.

14    10.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have
15 known, that Defendants' Products were dangerous and were likely to be dangerous when used in their
16 intended and reasonably foreseeable manner.

17    11.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have
18 known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,
19 sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed
20 in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and
21 dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff JOHN
22 LEWIS JONES herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants,
23 their "alternate entities", and each of them, knew or reasonably should have known that users, such as
24 Plaintiff JOHN LEWIS JONES and others in his position, working with and in close proximity to
25 Defendants' Products would not realize or know the danger. Defendants, their "alternate entities," and
26 each of them negligently failed to adequately warn or instruct of the dangers of the products. A
27 reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or
28 similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk

6
COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1 of harm. The negligent failure of Defendants, their "alternate entities," and each of them to warn was a

2 substantial factor in causing harm to Plaintiff JOHN LEWIS JONES.

3        12.    Plaintiff JOHN LEWIS JONES used, handled, or was otherwise exposed to asbestos from

4 Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and

5 each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

6 Exhibit "A", which is attached hereto and incorporated by reference herein.

7        13.    As a direct and proximate result of the conduct of the Defendants, their "alternate

8 entities", and each of them, as aforesaid, Plaintiff JOHN LEWIS JONES' exposure to asbestos from use

9 of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along

10 with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

11 to Defendants' Products, are set forth in Exhibit "B", which is attached hereto and incorporated by

12 reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease,

13 cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma

14 and that said disease results from exposure to Defendants' Products over a period of time.

15        14.    Plaintiff JOHN LEWIS JONES suffers from malignant pleural mesothelioma, caused by

16 exposure to asbestos from Defendants' Products including those products identified in paragraph 3

17 above. Plaintiff JOHN LEWIS JONES was not aware at the time of exposure that Defendants' Products

18 presented any risk of injury and/or disease.

19        15.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

20 entities," and each of them, Plaintiff JOHN LEWIS JONES has suffered and will continue to suffer

21 permanent injuries and future injuries to his person, body and health, including, but not limited to, pain,

22 discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other

23 physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant

24 mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a

25 limited civil case.

26        16.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

27 "alternate entities", and each of them, Plaintiff JOHN LEWIS JONES has incurred, is presently

28 incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine,

7

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   hospices, X-rays and other medical treatment, the true and exact amount thereof being presently
2   unknown to Plaintiffs, subject to proof at trial.

3       17.   As a further direct and proximate result of the said conduct of the Defendants, their
4   "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,
5   profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and
6   exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

7       18.   Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also
8   engaged in the following wrongful acts:

9       (a)   Defendants, their "alternate entities", and each of them, suppressed from all consumers,
10   including Plaintiff JOHN LEWIS JONES, medical and scientific information concerning the health
11   hazards associated with inhalation of asbestos, including the substantial risk of injury or death
12   therefrom.   Although Defendants, and each of them, knew of the substantial risks associated with
13   exposure to asbestos, they willfully and knowingly concealed such information from the users of their
14   asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of
15   "exposed person", including Plaintiff JOHN LEWIS JONES.

16       (b)   Defendants, their "alternate entities", and each of them, belonged to, participated in, and
17   financially supported industry organizations, including but not limited to the Gypsum Association,
18   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf
19   of Defendants, their "alternate entities", and each of them, actively promoted the suppression of
20   information about the dangers of asbestos to users of the aforementioned products and materials, thereby
21   misleading Plaintiff JOHN LEWIS JONES   as to the safety of their products.   Through their
22   participation and association with such industry organizations, Defendants and each of them knowingly
23   and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and
24   propagated misinformation intended to instill in users of Defendants' Products a false security about the
25   safety of their products.   The Dust Control Committee, which changed its name to the Air Hygiene
26   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust
27   control.   Discussions in this committee were held many times regarding the dangers inherent in asbestos
28   and the dangers, which arise from the lack of control of dust, and such information was suppressed from

8

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   public dissemination from 1946 to a date unknown to Plaintiff JOHN LEWIS JONES at this time;

2       (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford
3   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and
4   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed
5   medical and scientific information of the connection between the inhalation of asbestos fibers and
6   asbestosis, which information was disseminated through the Asbestos Textile Institute and other
7   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.
8   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide
9   this information to consumers;

10      (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff JOHN
11  LEWIS JONES and others of the nature of said materials which were dangerous when breathed and
12  which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their
13  "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said
14  materials were dangerous and a threat to the health of persons coming into contact therewith;

15      (e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff JOHN
16  LEWIS JONES with information concerning adequate protective masks and other equipment devised to
17  be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate
18  entities", and each of them, despite knowing that such protective measures were necessary, and that they
19  were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff
20  JOHN LEWIS JONES and others applying and installing such material;

21      (f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that
22  Plaintiff JOHN LEWIS JONES and anyone similarly situated, upon inhalation of asbestos would, in
23  time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,
24  mesothelioma and/or cancer;

25      (g)     Defendants, their "alternate entities", and each of them, failed to provide information of
26  the true nature of the hazards of asbestos materials and that exposure to these material would cause
27  pathological effects without noticeable trauma to the public, including buyers, users, and physicians
28  employed by Plaintiff JOHN LEWIS JONES so that said physicians could not examine, diagnose, and

9

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

2  entities", and each of them, were under a duty to so inform and said failure was misleading.

3      19.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

4  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

5  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

6  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

7  them, and each Defendant's officers, directors, and managing agents participated in, authorized,

8  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

9  their "alternate entities" as set forth herein.

10      20.    The herein-described conduct of said Defendants, their "alternate entities", and each of

11  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

12  to the safety and health of "exposed person," including Plaintiff JOHN LEWIS JONES, in that

13  Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

14  to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

15  posed by use of their products, in order to continue to profit financially therefrom. Defendants, their

16  "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

17  miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

18  justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,

19  for the sake of example and by way of punishing said Defendants, seek punitive damages according to

20  proof.

21      21.    Defendants and each of them engaged in conduct which was intended by Defendants and

22  each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

23  Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

24  JOHN LEWIS JONES.

25      22.    Defendants, and each of them, engaged in the despicable conduct described herein that

26  subjected persons, including Plaintiff JOHN LEWIS JONES, to cruel and unjust hardship in the form of

27  severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

28  disregard of those persons' rights.

23.    As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff JOHN LEWIS JONES sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

24.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

25.    Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, JOHN LEWIS JONES, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff JOHN LEWIS JONES and others in Plaintiff's position working with and in close proximity to such products.

26.    Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff JOHN LEWIS JONES. The defect existed in all of said products when they left the possession of the Defendants, their "alternate entities," and each of them. At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the

**11**

1  possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the
2  products after they left the possession of Defendants, their "alternate entities", and each of them were
3  reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos
4  and asbestos products were used by Plaintiff JOHN LEWIS JONES, and others in Plaintiff's position
5  working with and in close proximity to such products, in a way that was reasonably foreseeable to
6  Defendants, and each of them. The defect in said products was a substantial factor in causing harm and
7  personal injuries to Plaintiff JOHN LEWIS JONES, including malignant mesothelioma, while being
8  used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and
9  unreasonably dangerous for their ordinary and intended use.

10      27.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'
11  Products failed to perform as safely as an ordinary consumer would have expected in that Defendants'
12  products, and each of them, during their ordinary and intended use, and such hazardous exposures
13  lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including
14  asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that
15  "exposed person", including Plaintiff JOHN LEWIS JONES, were unaware of the harmful effects of
16  asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures
17  occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff JOHN LEWIS
18  JONES had reason to expect was a substantial factor in causing his injuries.

19      28.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff
20  JOHN LEWIS JONES has suffered the injuries and damages alleged herein.

21      29.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also
22  engaged in the following wrongful acts:

23      (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,
24  including Plaintiff JOHN LEWIS JONES, medical and scientific information concerning the health
25  hazards associated with inhalation of asbestos, including the substantial risk of injury or death
26  therefrom. Although Defendants, and each of them, knew of the substantial risks associated with
27  exposure to asbestos, they willfully and knowingly concealed such information from the users of their
28  asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

12

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   "exposed person", including Plaintiff JOHN LEWIS JONES.

2       (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and
3 financially supported industry organizations, including but not limited to the Gypsum Association,
4 Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf
5 of Defendants, their "alternate entities", and each of them, actively promoted the suppression of
6 information about the dangers of asbestos to users of the aforementioned products and materials, thereby
7 misleading Plaintiff JOHN LEWIS JONES as to the safety of their products. Through their participation
8 and association with such industry organizations, Defendants and each of them knowingly and
9 deliberately concealed and suppressed the true information regarding asbestos and its dangers, and
10 propagated misinformation intended to instill in users of Defendants' Products a false security about the
11 safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene
12 Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust
13 control. Discussions in this committee were held many times regarding the dangers inherent in asbestos
14 and the dangers, which arise from the lack of control of dust, and such information was suppressed from
15 public dissemination from 1946 to a date unknown to Plaintiff JOHN LEWIS JONES at this time;

16       (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford
17 Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and
18 Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed
19 medical and scientific information of the connection between the inhalation of asbestos fibers and
20 asbestosis, which information was disseminated through the Asbestos Textile Institute and other
21 industry organizations to all other Defendants, their "alternate entities", and each of them, herein.
22 Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide
23 this information to consumers;

24       (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff JOHN
25 LEWIS JONES and others of the nature of said materials which were dangerous when breathed and
26 which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their
27 "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said
28 materials were dangerous and a threat to the health of persons coming into contact therewith;

13

1      (e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff JOHN

2  LEWIS JONES with information concerning adequate protective masks and other equipment devised to

3  be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate

4  entities", and each of them, despite knowing that such protective measures were necessary, and that they

5  were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff

6  JOHN LEWIS JONES and others applying and installing such material;

7      (f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that

8  Plaintiff JOHN LEWIS JONES and anyone similarly situated, upon inhalation of asbestos would, in

9  time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

10  mesothelioma and/or cancer;

11      (g)     Defendants, their "alternate entities", and each of them, failed to provide information of

12  the true nature of the hazards of asbestos materials and that exposure to these material would cause

13  pathological effects without noticeable trauma to the public, including buyers, users, and physicians

14  employed by Plaintiff JOHN LEWIS JONES so that said physicians could not examine, diagnose, and

15  treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

16  entities", and each of them, were under a duty to so inform and said failure was misleading; and

17      30.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

18  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

19  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

20  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

21  them, and each Defendant's officers, directors, and managing agents participated in, authorized,

22  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

23  their "alternate entities" as set forth herein.

24      31.    The herein-described conduct of said Defendants, their "alternate entities", and each of

25  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

26  to the safety and health of "exposed person," including Plaintiff JOHN LEWIS JONES, in that

27  Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

28  to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

14

1  posed by use of their products, in order to continue to profit financially therefrom. Defendants, their
2  "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,
3  miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and
4  justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,
5  for the sake of example and by way of punishing said Defendants, seek punitive damages according to
6  proof.

7       32.    Defendants and each of them engaged in conduct which was intended by Defendants and
8  each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the
9  Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff
10  JOHN LEWIS JONES.

11       33.    Defendants, and each of them, engaged in the despicable conduct described herein that
12  subjected persons, including Plaintiff JOHN LEWIS JONES, to cruel and unjust hardship in the form of
13  sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious
14  disregard of those persons' rights.

15       34.    As a direct and proximate result of such intentional conduct by Defendants, their
16  "alternate entities" and each of them, Plaintiff JOHN LEWIS JONES sustained the injuries and damages
17  alleged herein.

18       WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities",
19  and each of them, as hereinafter set forth.

20

21

22                          **THIRD CAUSE OF ACTION**

23

24                          (Loss of Consortium)

25

26  AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION
27  FOR LOSS OF CONSORTIUM, PLAINTIFF KAREN LEE JONES COMPLAINS OF
28  DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS

15
COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  FOLLOWS:

2      35.     Plaintiff KAREN LEE JONES incorporates by reference, each and every allegation
3  contained in the general allegations and in the First, Second and Third Causes of Action herein.

4      36.     Plaintiffs JOHN LEWIS JONES and KAREN LEE JONES were married on April 11,
5  1960, and at all times relevant to this action were, and are now, husband and wife.

6      37.     Prior to Plaintiff JOHN LEWIS JONES' injuries as alleged, he was able and did perform
7  duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff JOHN LEWIS
8  JONES has been unable to perform the necessary duties as a spouse and the work and services usually
9  performed in the care, maintenance, and management of the family home, and he will be unable to
10 perform such work, service and duties in the future. As a proximate result thereof, KAREN LEE
11 JONES has been permanently deprived and will be deprived of the consortium of her spouse, including
12 the performance of duties, all to her damages, in an amount presently unknown but which will be proved
13 at the time of trial.

14     38.     Plaintiff KAREN LEE JONES' discovery of this cause of her loss of consortium, as
15 herein alleged, first occurred within one year of the date this Complaint was filed.

16     39.     As a direct and proximate result of the acts of Defendants, their "alternate entities", and
17 each of them, and the severe injuries caused thereby to Plaintiff JOHN LEWIS JONES as set forth in
18 this complaint, Plaintiff KAREN LEE JONES has suffered, and for a long period of time will continue
19 to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society,
20 comfort, companionship, love and affection of said spouse, and has suffered severe mental and
21 emotional distress and general nervousness as a result thereof.

22     40.     WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities",
23 and each of them, in an amount to be proved at trial in each individual case, as follows:

24             Plaintiff JOHN LEWIS JONES:

25             1.     For Plaintiff's general damages according to proof;

26             2.     For Plaintiff's loss of income, wages, and earning potential according to proof;

27             3.     For Plaintiff's medical and related expenses according to proof;

28             Plaintiff KAREN LEE JONES:

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1        4.    For Plaintiff's damages for loss of consortium and/or society according to proof;

2        Plaintiffs JOHN LEWIS JONES and KAREN LEE JONES:

3        5.    For Plaintiffs' cost of suit herein;

4        6.    For exemplary or punitive damages according to proof;

5        7.    For such other and further relief as the Court may deem just and proper, including

6 costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

7 provisions of law.

8 DATED: August 2̶3̶, 2010             SIMON, EDDINS & GREENSTONE, LLP

9

10                   By

11                       JENNIFER L. BARTLETT
                            ROBERT A. GREEN

12                       TYSON B. GAMBLE
                            Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4    DATED: August 27, 2010                    SIMON, EDDINS & GREENSTONE, LLP

5

6                                              By: _____
                                                   JENNIFER L. BARTLETT
7                                                  ROBERT A. GREEN
                                                   TYSON B. GAMBLE
8                                                  Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**18**

1

**EXHIBIT "A"**

2    Plaintiff JOHN LEWIS JONES' exposure to asbestos and asbestos-containing products occurred

3  at various locations within the States of California, New Mexico, Washington, Colorado, and Arizona

4  including, but not limited to:

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| US Navy | USS Yorktown Alameda, CA; Long Beach, CA; | Fireman Apprentice | 1956-1959 |
| Forest Products | Albuquerque, NM | Laborer | 12/1961 - 3/1964 |
| Simpson Timber Co. | Shelton, WA | Laborer | 3/1964 - 2/1965 |
| Cimax Molybdenum Mine (CMM) | Henderson, CO | Motorman; Ore Crusher | 12/1965 - 7/1977 |
| Self | Buena Vista, CA | Home Builder | 1972-1975 |
| J.L. Goodman Plumbing Co. | Tucson, AZ | Plumber; Heating & Cooling | 5/1977 – 5/1978 |
| Magma Copper Mine | Superior, AZ | Contract Miner | 6/1978 – 9/1982; 9/1989 – 2/1992 |

19
COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "B"

2          Plaintiff JOHN LEWIS JONES' exposure to Defendants' Products caused severe and

3   permanent injury to Plaintiff JOHN LEWIS JONES including, but not limited to, mesothelioma.

4   Plaintiff was diagnosed with mesothelioma on or about May 20, 2010.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS