GLEN R. POWELL
GPOWELL@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA 94111
PHONE: (415) 986-5900
FAX: (415) 986-8054
WWW.GORDONREES.COM

October 5, 2010

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-225, North Lobby
Washington, DC 20002-8004

>   Re:   *Kwang Scanlon, et al v. Asbestos Companies,, et al.*
>         United States District Court –Central District No. CV-10-7264-SVW (JCGx)
>         Los Angeles County Superior Court No. BC 443647
>         Our Client: Air & Liquid Systems Corporation, successor by merger to Buffalo
>         Pumps, Inc. (erroneously sued as Buffalo Pumps, Inc.)

Dear Clerk:

This letter will serve as defendant Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc.'s ("Buffalo") formal request for the above referenced tag-along action to be transferred to the MDL Panel No. 875, pursuant to 28 U.S.C. section 1407.

On July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordination of pretrial proceedings pursuant to 28 U.S.C. section 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991, filing of the Panel's Order to Show Cause. MDL Rule 13(e) provides:

Any party or counsel in actions previously transferred under section 1407 or under consideration by the Panel for transfer under section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the court that this state court action removed to the United States District Court, Central District of California on **September 29, 2010**, (a copy of the notice of tag along action and the state court complaint is attached hereto as Exhibit A) is a potential "tag-along action" which is subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either (1) enter a conditional transfer order pursuant to MDL Rule

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
October 5, 2010
Page 2

The Clerk of the Panel may either (1) enter a conditional transfer order pursuant to MDL Rule 12(a), or (2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 13(b).

Buffalo has provided written notice of the Notice of Tag-Along Action to adverse parties. Buffalo reserves the right to amend or supplement the Notice of Tag-Along Action.

Please contact me with any questions at 415.875.3144.

Respectfully submitted,

*[signature]*

Glen R. Powell

GRP:so
Enclosure

ISR/1062847/7899001v.1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Embarcadero Center West, 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the date set forth below, I served the within documents:

**DEFENDANT AIR & LIQUID SYSTEMS CORPORATION, SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.'S NOTICE OF TAG-ALONG ACTION**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by personally arranging for the hand delivery via *USA Network Messengers* the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Baron & Budd, LLP<br>9465 Wilshire Blvd Ste 460<br>Beverly Hills, CA 90212<br>Telephone:   310.860.0476<br>Facsimile:    310.860.0480<br>***Plaintiffs' Counsel*** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.   Executed on **September 29, 2009**, at San Francisco, California.

*Samantha Oryall*
Samantha Oryall

BUFFP/1065431/855554lv 1