BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS ) | |
| LIABILITY LITIGATION (NO VI) ) | MDL No. 875 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| ROBERT W. MILLSAPS INDIVIDUALLY ) | |
| And as PERSONAL REPRESENTATIVE OF ) | |
| THE ESTATE OF BRENDA LEE MILLSAPS ) | Transferor Court: |
| AND FOR THE BENEFIT OF THE ) | United States District Court |
| CHILDREN OF ROBERT W. MILLSAP ) | Eastern District of Tennessee |
| AND BRENDA LEE MILLSAPS, ) | |
| ) | |
| Plaintiff, ) | Transferor Court Case No. |
| ) | 3:10-cv-358 |
| v. ) | |
| ) | |
| ALCOA INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ALCOA INC.'S
BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-339)**

Defendant Alcoa Inc. ("Alcoa"), by counsel, submits its Brief in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-339) and states as follows:

## I.     INTRODUCTION

On September 1, 2010, this Panel entered CTO-339, which identified asbestos claims in 18 additional tag-along actions to be conditionally transferred to MDL 875 pursuant to 28 U.S.C. § 1407.  See CTO-339, attached as **Exhibit A**.  On September 27, 2010, Plaintiff filed a Motion to Vacate Conditional Transfer Order (CTO-339).  This Panel has already determined that the centralization of all pending federal court actions involving allegations of personal injury or wrongful death caused by asbestos is necessary for the convenience of the parties and witnesses

and will promote the just and efficient conduct of such actions. In re Asbestos Prod. Liab. Litig. (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991). These considerations apply with equal force to the claims at issue here, which share one or more common issues with the cases currently pending in MDL 875.

Plaintiff's motion to vacate fails to articulate any valid basis for the Panel to vacate its conditional transfer order to transfer this tag-along asbestos action from the Eastern District of Tennessee to MDL 875. There is nothing unique about this case, including Plaintiff's motion to remand, that warrants vacating the conditional transfer order. Simply stated, this action is similar to the thousands of asbestos personal injury and wrongful death actions that have been transferred from federal district courts throughout the country to MDL 875 for coordinated proceedings ever since MDL 875 was established in 1991—and similar to thousands more such actions that will continue to be transferred to MDL 875 in the future. Not only can Plaintiff's motion to remand be resolved by the MDL 875 Court, but allowing that court to decide the issue will ensure consistent results in similarly situated cases and promote judicial efficiency. Vacating the conditional transfer order in this case, however, would completely undermine the primary reason for having multidistrict litigation proceedings. Accordingly, the Panel should deny Plaintiff's motion to vacate.

## II.   BACKGROUND

On June 23, 2010, Plaintiff filed a Complaint in the Circuit Court for Blount County, Tennessee. Plaintiff alleges "household exposure" to asbestos as a result of the decedent's contact with her father-in-law who purportedly worked at an Alcoa facility. Plaintiff alleges that the decedent's father-in-law brought asbestos dust home from work on his clothes and body. (Compl. ¶¶8, 52.)

Alcoa removed the case to the United State District Court for the Eastern District of Tennessee based on diversity jurisdiction and filed a Notice of Tag-Along Action for transfer to MDL 875. Plaintiff filed a motion to remand, alleging that this case should not have been removed to federal court, which Alcoa opposed. Alcoa also sought to have the district court enter a stay and defer judgment on the remand issue, which the district court granted. See Order Granting Alcoa's Motion to Stay, attached as **Exhibit B**.

### III.   ARGUMENT

Transfer of this tag-along action to MDL 875 is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending motions to remand. Second, a ruling on Plaintiff's motion to remand is well within the MDL 875 Court's authority and should be heard by a single court. Finally, transfer, coordination, and consolidation promote judicial efficiency and consistency.

**A.   Plaintiffs Cannot Satisfy The Significant Burden Required To Vacate A Conditional Transfer Order.**

The hurdle for vacating a conditional transfer order is high. Indeed, the party seeking such relief must make a strong showing on specific grounds demonstrating "*no common questions of fact relating to injuries . . . allegedly caused by exposure to asbestos or asbestos containing products*" in order to supports its motion to vacate. In re Asbestos Prod. Liab. Litig. (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991) (emphasis added). The Panel has previously rejected distinctions based on *the pendency of motions* or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties

as grounds for carving out exceptions to transfer to MDL 875.  See In re Asbestos Prod. Liab. Litig. (No. VI), 170 F. Supp. 2d 1348 (J.P.M.L. 2001).

**B.     Plaintiff's Motion To Remand Is Not A Sufficient Reason To Deny Transfer Of Asbestos Exposure Claims to MDL 875.**

It is beyond dispute that this Panel has the authority to transfer cases to MDL 875 in which motions to remand are pending.  See, e.g., In re Asbestos Prod. Liab. Litig. (No. VI), 170 F. Supp. 2d 1348, 1349 (J.P.M.L. 2001) (finding that there is no need to delay transfer in order to permit resolution of pending motions to remand); In re Asbestos Prod. Liab. Litig. (No. VI), 1999 U.S. Dist. LEXIS 12131, *2 (J.P.M.L. Aug. 2, 1999) (declining to delay transfer to MDL pending resolution on various dispositive motions); In re Asbestos Prod. Liab. Litig. (No. VI), 1996 WL 143826, *1 (J.P.M.L. Feb. 16, 1996) (declining to delay transfer to MDL pending resolution of motions to remand); In re Asbestos Prod. Liab. Litig. (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991) (rejecting the pendency of motions or other matters before the transferor court as grounds for carving out exceptions to transfer).  Plaintiffs in asbestos litigation frequently file motions to remand after removal before a conditional transfer order is issued and before the district court stays the action.  For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand.

Once transferred, such motions can be resolved by the MDL 875 Court.  See, e.g., In re Bextra & Celebrez Mktg., Sales Prac. & Prods. Liab. Litig. (No. 1699), slip op., at 2 (J.P.M.L. Apr. 13, 2006) (noting that "[p]ending motions to remand these actions to state court can . . . be presented to and decided by" the MDL 875 Court), attached as **Exhibit C**; In re Bextra & Celebrez Mktg., Sales Prac. & Prods. Liab. Litig. (No. 1699), slip op., at 2 (J.P.M.L. Feb. 15, 2006) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."), attached at **Exhibit D**; In re Rezulin Prods. Liab.

Litig., 133 F. Supp. 2d 272, 288–92 (S.D.N.Y. 2001) (resolving motions to remand within MDL proceedings); Falgoust v. Microsoft Corp., 2000 U.S. Dist. LEXIS 5417, *1–3 (E.D. La. Apr. 19, 2000) (stating that "the JPML does have jurisdiction to transfer a case even where a jurisdictional objection is pending"); In re Amino Acid Lysine Antitrust Litig., 910 F. Supp. 696, 700 (J.P.M.L. 1995) (noting that a pending motion to remand "can be presented to and decided by transferee judge"); In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972, 368 F. Supp. 812, 813 (J.P.M.L. 1973) (stating that "the transferee judge certainly has the power to determine the question of remand").

Indeed, courts have recognized that motions to remand *should* be decided by the MDL court to avoid inconsistent results in similarly situated cases. In Ivy v. Diamond Shamrock Chem. Co., 901 F.2d 7 (2d Cir. 1990)—a case addressing the propriety of MDL transfer while motions to remand were pending in various district courts—the Second Circuit acknowledged that "the jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation . . . Once transferred, the jurisdictional objections can be heard and resolved by a single court . . . *Consistency as well as economy is thus served*." Id. at 9 (emphasis added). Numerous courts have cited and relied on Ivy for this proposition. See, e.g., In re Cal. Retail Nat. Gas & Elec. Antitrust Litig., 150 F. Supp. 2d 1383, 1384 (J.P.M.L. Aug. 15, 2001); In re Bridgestone/Firestone, Inc., 151 F. Supp. 2d 1381, 1382 (J.P.M.L. 2001); Meyers v. Bayer, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001); Ryan v. Dow Chem. Co., 781 F. Supp. 902, 912 (E.D.N.Y. 1991); Johnson v. AMR Corp., 1996 U.S. Dist. LEXIS 4172, *1–3 (N.D. Ill. Apr. 3, 1996).

This approach is consistent with that of the Manual for Complex Litigation, which notes that "the pendency of motions raising questions common to related actions can itself be an

additional justification for transfer." Manual for Complex Litig. § 20.131, at 221. Indeed, the district court in this case already determined that a stay was appropriate and has refused to consider Plaintiff's motion to remand, as a majority of courts have likewise concluded, to provide for consistent treatment of similar issues and the reduction of the burden on the courts. See Exh. B, Order Granting Stay; In re Asbestos Prod. Liab. Litig. (No. VI), 170 F. Supp. 2d 1348, 1362 (J.P.M.L. 2001); Moore v. Wyeth-Ayerst Labs., 236 F. Supp. 2d 509, 511 (D. Md. 2002) (finding stay of consideration of motion to remand warranted pending transfer to MDL); Knearem v. Bayer Corp., 2002 U.S. Dist. LEXIS 9523, *1–3 (D. Kan. May 7, 2002) (staying action pending transfer to MDL because it would allow the transferee judge to deal with the common issues raised by remand motions); Jackson v. Johnson & Johnson, Inc., 2001 U.S. Dist. LEXIS 22329, *1–4 (W.D. Tenn. Apr. 2, 2001) ("The general rule is for federal courts to defer ruling on pending motion to remand in MDL litigation until after the [Panel] has transferred the case to the MDL court.").

Plaintiff has not identified *any* reason why the MDL 875 Court is not capable of deciding the pending motion to remand. To the contrary, the MDL 875 Court is certain to be very knowledgeable on issues relating to asbestos exposure and the range of issues raised by Plaintiff. This case involves the very same questions of fact common with all cases already pending in MDL 875. Mesothelioma, the particular disease Plaintiff has allegedly been diagnosed with, is shared by many other asbestos plaintiffs in MDL 875. As a result, there are numerous common questions of fact pertaining to exposure, medical, and causation matters, as well as various defenses raised by Alcoa and other defendants. A judge with such experience and knowledge is actually in a better position to decide the often legal and factual issues that are presented by motions to remand than numerous courts across the country. Recurrent jurisdictional issues have

arisen in numerous cases in MDL 875 and the MDL 875 Court is well-positioned to address these matters in an efficient and consistent manner for the benefit of all parties and the judiciary. See In re Asbestos Cases of Hatch, James & Dodge, G. Patterson Keahey, No. 2:06-cv-741, slip op. at 2 ("The MDL is familiar with the subject matter and the reoccurring common issues, and will be able to resolve asbestos litigation cases in an efficient and expedition manner; it does by the thousands."), attached as **Exhibit E**.

Furthermore, coordinated resolution of all motions to remand will serve another purpose of 28 U.S.C. § 1407—conservation of resources of the parties, their counsel, and the judiciary. Absent coordinated treatment, substantially similar arguments for remand will be heard and decided in multiple district courts. The benefits of avoiding such a substantial waste of time and expense far outweigh any possible minor inconvenience to Plaintiff. In fact, Plaintiff has not provided any explanation whatsoever as to show they will be unfairly inconvenienced by a transfer. Moreover, this Panel already has determined that "centralization of all federal court actions as one multi-district docket (MDL 875) in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of such actions." In re Asbestos Prod. Liab. Litig. (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991). It is clear that this case be fairly and efficiently litigated in MDL 875.

Simply put, this Panel should reject Plaintiff's argument that their asbestos claims should not be transferred to MDL 875 due to the pending motion to remand. Rather, transfer of these claims will effectual the purposes of 28 U.S.C. § 1407 by ensuring consistency and conserving resources with respect to the motion to remand, as well as all other pretrial matters.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Alcoa Inc. respectfully requests that the Panel deny Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-339).

**ALCOA INC.**

　　*/s/ Benita W. Ellen*
Benita W. Ellen, Esq.
Glen H. Sturtevant, Jr., Esq.
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219
804.788.8200
bellen@hunton.com
*Counsel for Alcoa Inc.*

-and-

John A. Lucas, Esq.
John T. Winemiller, Esq.
**MERCHANT & GOULD, PC**
110 Tyson Boulevard, Suite 203
Alcoa, TN 37701-4105
865-380-5960 (telephone)
865-380-5999 (fax)
jlucas@merchantgould.com
jwinemiller@merchantgould.com
*Counsel for Alcoa Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2010, a true and correct copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via electronic mail.  Parties may access this filing through the Court's electronic filing system.

> Gregory F. Coleman, Esq.
> COLEMAN EDWARDS, PC
> 4800 Old Kingston Pike
> Suite 120
> Knoxville, TN 37919
> (865) 247-0080
> Fax: (865) 247-0081
> gcoleman@colemanedwardspc.com
> *Counsel for Plaintiff*
>
> Mona Lisa Wallace, Esq.
> WALLACE AND GRAHAM, PC
> 525 North Main Street
> Salisbury, NC 28144
> (704) 633-5244
> Fax: (704) 633-9434
> mwallace@wallacegraham.com
> *Counsel for Plaintiff*
>
> Steven L. Hurdle, Esq.
> ARNETT, DRAPER, & HAGOOD
> Suite 2300
> First Tennessee Plaza
> Knoxville, TN  37929-2300
> shurdle@adhknox.com
> *Counsel for Defendant Breeding Insulation Co.*

                              */s/ Benita W. Ellen*

**PANEL SERVICE LIST (Excerpted from CTO-339)**

Robert W. Millsaps, etc. v. Aluminum Co. of America, et al., E.D. Tennessee
C.A. No. 3:10-358 (Judge R. Leon Jordan)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
mjolley@lawpga.com

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC  27401-1307
jwblack@wardblacklaw.com

Russell W. Bond
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219
rbudd@baronbudd.com

Gregory F. Coleman
COLEMAN & EDWARDS PC
4800 Old Kingston Pike, Suite 120
Knoxville, TN 37919
gcoleman@colemanedwardspc.com

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415
jcooney@cooneyconway.com

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995
kevin.jordan@bakerbotts.com

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
pkalish@crowell.com

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607
skazan@kazanlaw.com

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204
kraus@waterskraus.com

David Craig Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
dlandin@hunton.com

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520
attylane@bellsouth.net

John A. Lucas
MERCHANT & GOULD PC
110 McGhee Tyson Boulevard, Suite 203
Knoxville, TN 37701
jlucas@merchantgould.com

**MDL NO. 875 - Panel Service List (Excerpted from CTO-339) (Continued)**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
wmahoney@smsm.com

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, New York 10038
rcmalaby@mblaw.net

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103
jmcshea@mcshea-tecce.com

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105
pmcweeny@schiffhardin.com

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
tpacker@gordonrees.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgestone Boulevard
Mount Pleasant, SC 29464
oilspilllitigationmdl@motleyrice.com

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110
mthornton@tenlaw.com

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY LLP
P.O. Box 26608
Jackson, MS 39225-2608
wwatkins@fpwk.com