# **EXHIBIT E**

C

In re Asbestos Cases of Hatch, James & Dodge, G. Patterson Keahey
D.Utah,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Utah,Central Division.
In re ASBESTOS CASES OF HATCH, JAMES & DODGE and G. PATTERSON KEAHEY.
Joseph Alexander Anderson, Jr. and Arva Anderson, Plaintiffs,
v.
Asbestos Defendants, et al., Defendants.
No. 2:06-CV-741 TS.

Feb. 20, 2007.

G. Patterson Keahey, Law Offices of G. Patterson Keahey, Birmingham, AL, Mark F. James. Hatch James & Dodge. Salt Lake City, UT, for Plaintiffs.
Dan R. Larsen, Karthik Nadesan, Tracy H. Fowler, Scott A. Dubois, Kamie F. Brown, Snell & Wilmer, Ross I. Romero, Mark J. Williams, Jones Waldo Holbrook & McDonough, Melinda A. Morgan, Richards Brandt Miller & Nelson, Patricia W. Christensen, Parr Waddoups Brown Gee & Loveless, J. Kevin Murphy, Kipp & Christian, Katherine E. Venti, John P. Ball, Jr., Parsons Behle & Latimer, Jonathan L. Hawkins, Morgan Minnock Rice & James, Barbara K. Berrett, Mark D. Taylor, Berrett & Associates, Casey K. McGarvey, E. Scott Savage, Berman & Savage PC, Rebecca L. Hill, Scot A. Boyd, Christensen & Jensen PC, Peter W. Billings, Christian D. Austin, Fabian & Clendenin, Gregory S. Roberts, Ray Quinney & Nebeker, Kenneth Leigh Reich, Snow Christensen & Martineau, Dennis C. Ferguson, Mark R. Anderson, Williams & Hunt, Steven T. Densley, Strong & Hanni, Salt Lake City, UT, Dennis H. Markusson, Markusson Green & Jarvis, Mary Price Birk, Ronald L. Hellbusch, Baker & Hostetler, Denver, CO, Joseph J. Joyce, Ryan J. Schriever, J. Joyce & Associates, South Jordan, UT, for Defendants.

MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF

TED STEWART, United States District Judge.

*1 This matter is before the Court on Plaintiffs' Motion for Relief,[FN1] wherein Plaintiff's ask the Court to reconsider its prior determination not to rule on Plaintiffs' Motion to Remand[FN2] this case to state court. Defendants argue that judicial efficiency demands that this Court deny Plaintiff's Motion and continue in its declination to rule on the Motion to Remand. The Court, having considered the pleadings, the case law, and being otherwise fully informed, will deny Plaintiff's Motion for Relief, as set forth more fully below.

FN1.Docket No. 150.

FN2.Docket No. 80.

I. *BACKGROUND*

This matter was initially filed in state court, but was removed to this Court on September 1, 2006.[FN3] This Court scheduled a hearing on Plaintiffs' Motion to Remand to the state court for January 25, 2007. Prior to the hearing, the United States of America Judicial Panel on Multidistrict Litigation ("MDL") issued Conditional Transfer Order 269 ("CTO 269"),[FN4] which transferred Plaintiffs' case to the United States District Court for the Eastern District of Pennsylvania. The case will become one of many under *In re Asbestos Products Liability Litigation (No. VI)*.

FN3.Docket No. 1.

FN4.*See* Docket No. 143.

In response to CTO 269, the Court struck the hearing on Plaintiffs' Motion to Remand.[FN5] Plaintiffs now move for relief, requesting this Court to reconsider its determination not to rule on the Motion to Remand the case, and urging the Court, in its dis-

cretion, to grant Mr. Anderson, who suffers from asbestos-caused **Mesothelioma**, his "day in court." Defendants oppose the Motion.

>  FN5. Docket, November 30, 2006.

## II. DISCUSSION

Plaintiffs base their Motion for Relief on Mr. Anderson's poor health due to the Mesothelioma and the discretionary nature of the **conditional transfer order**. In opposition, Defendants claim that denial of the Motion will promote judicial efficiency.

A **conditional transfer order** issued by the MDL does not divest this Court of jurisdiction of pending pre-trial motions.[FN6] The Court's decision is therefore discretionary, resting largely on facts and underlying policy implications.

> FN6. Rules of Procedure of the Judicial Panel on Multidistrict Litigation R. 1.5.

### A. Mr. Anderson's Health.

Plaintiffs emphasize the rapid, terminal nature of the cancer known as **Mesothelioma** which plagues Mr. Anderson's body. The only known cause of Mesothelioma is asbestos. Based on the average two-year life expectancy following diagnosis, and Mr. Anderson's diagnosis with the disease on October 10, 2005, time is a major consideration. Plaintiffs assert that failure to remand the case to state court will deprive Mr. Anderson of his "day in court." But if remand is granted, Plaintiffs assert that they may be able to take advantage of the state's expedited proceeding, including an earlier trial setting.

If Mr. Anderson's health were the only factor before the Court, the decision would be easier. Unfortunately, it is not. While the Court extends its sympathy to Mr. and Mrs. Anderson, it must also consider the policy implications of judicial efficiency.

### B. *Judicial Efficiency.*

\*2 Defendants assert that denial of Plaintiffs' Motion for Relief will further the goal of judicial efficiency. Following the finalization of CTO 269 and this Court's resolution or deferral of pending pre-trial delays, the case will be in the hands of the MDL. The MDL is familiar with the subject matter and the reoccurring common issues, and will be able to resolve asbestos litigation cases in an efficient and expeditious manner; it does so by the thousands.

These thousands of other cases concern Plaintiffs. Fearing that the case will "languish" in the MDL's extensive docket of products liability cases, Plaintiffs contend that the better use of judicial resources is to simply grant the Motion for Relief and address the issue of whether the removal was proper and, if federal subject matter jurisdiction is determined not to exist under the federal enclave clause because of the Master Complaint's disclaimer, then the time and resources of only one court have been expended.

Clearly, judicial efficiency depends on the issue of subject matter jurisdiction. This Court does not and will not address this issue. Whether a plaintiff under a state law tort may disclaim federal enclave jurisdiction by a master complaint without specific disclaimer in his own complaint, yet relate underlying facts of cumulative asbestos exposure during employment, which includes several federal enclaves among the many private, is not well settled by law. For this Court to decide that issue when the MDL is more than capable of making that determination would waste judicial resources and the progression of this litigation. Moreover, if the MDL decides that it has subject matter jurisdiction based on Mr. Anderson's federal enclave employment, all claims against all Defendants will be fully resolved.

The Court believes that the MDL is able to expeditiously and thoroughly resolve the issue of removal and all of Plaintiffs' claims. This judicial efficiency leads the Court to conclude that denial of Plaintiffs'

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Motion for Relief and continued deference on the Motion to Remand is proper under this situation. Despite Mr. Anderson's unfortunate and bleak health situation, policy implications of judicial efficiency persuade the Court to deny Plaintiffs' Motion for Relief.

### III. *CONCLUSION*

Based upon the above, Plaintiffs Motion for Relief (Docket No. 150) is DENIED. The Court will continue to defer on Plaintiffs' **Motion to Remand** the case to the state court in order for the MDL to finalize the **conditional transfer order** and resolve the case.

SO ORDERED.

D.Utah,2007.
In re Asbestos Cases of Hatch, James & Dodge, G. Patterson Keahey
Slip Copy, 2007 WL 582983 (D.Utah)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.