# U.S. District Court
## District of South Carolina (Charleston)
## CIVIL DOCKET FOR CASE #: 2:10-cv-01185-ASB
### Internal Use Only

Johnson v. AW Chesterton Company et al                    Date Filed: 05/10/2010
Assigned to: Unassigned - ASB                             Jury Demand: Defendant
Case in other court: Charleston County Court of Common Pleas,   Nature of Suit: 368 P.I. : Asbestos
           10-CP-10-03016         Jurisdiction: Diversity
Cause: 28:1332 Diversity-Asbestos Litigation

## Plaintiff

**William R Johnson**                  represented by   **V Brian Bevon**
                                           Motley Rice
                                           28 Bridgeside Boulevard
                                           Mt Pleasant, SC 29464
                                           843-216-9090
                                           Fax: 843-216-9430
                                           Email: bbevon@motleyrice.com
                                           *ATTORNEY TO BE NOTICED*

V.

## Defendant

**AW Chesterton Company**              represented by   **Jennifer M Techman**
        Evert and Weathersby
        3405 Piedmont Road NE
        Suite 225
        Atlanta, GA 30305
        404-233-8718
        Fax: 404-233-8933
        Email: jmtechman@ewhlaw.com
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

## Defendant

**Bayer Cropscience Inc**              represented by   **Moffatt Grier McDonald**
*as successor in interest to Amchem*           Haynsworth Sinkler Boyd
*Products Inc*                                 PO Box 2048
        Greenville, SC 29602
        864-240-3200
        Email: mmcdonald@hsblawfirm.com
        *ATTORNEY TO BE NOTICED*

        **William David Conner**
        Haynsworth Sinkler Boyd
        PO Box 2048

Greenville, SC 29602
864-240-3200
Fax: 864-240-3336
Email: dconner@hsblawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**                      represented by   **Jennifer M Techman**
*fka Viacom Inc. successor by merger to*                  (See above for address)
*CBS Corporation, fka Westinghouse*                       *LEAD ATTORNEY*
*Corporation*                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Crane CPO**                            represented by   **Robert O Meriwether**
                                                          Nelson Mullins Riley and Scarborough
                                                          PO Box 11070
                                                          Columbia, SC 29211
                                                          803-799-2000
                                                          Fax: 803-255-9060
                                                          Email:
                                                          robert.meriwether@nelsonmullins.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Anthony C Hayes**
                                                          Nelson Mullins Riley and Scarborough
                                                          PO Box 11070
                                                          Columbia, SC 29211
                                                          803-799-2000
                                                          Fax: 803-256-7500
                                                          Email: anthony.hayes@nelsonmullins.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David Gaillard Traylor , Jr**
                                                          Nelson Mullins Riley and Scarborough
                                                          PO Box 11070
                                                          Columbia, SC 29211
                                                          803-799-2000
                                                          Email: david.traylor@nelsonmullins.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Dana Holding Corporation**            represented by   **Moffatt Grier McDonald**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William David Conner**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**                represented by    **Jennifer M Techman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Garlock Sealing Technologies Inc**                represented by    **Timothy William Bouch**
Leath Bouch and Crawford
PO Box 59
Charleston, SC 29402
843-937-8811
Fax: 843-937-0606
Email: tbouch@leathbouchlaw.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**General Electric Company**                represented by    **Timothy Peck**
Smith Helms Mulliss and Moore
PO Box 21927
Greensboro, NC 27420
336-378-5200
*ATTORNEY TO BE NOTICED*

**Zandra Lynn Johnson**
Smith Moore Leatherwood
PO Box 87
Greenville, SC 29602
864-242-6440
Email:
zandra.johnson@smithmoorelaw.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Georgia Pacific LLC**                represented by    **Robert O Meriwether**
*fka Georgia-Pacific Corporation*                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony C Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Gaillard Traylor , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Goulds Pumps Incorporated**

<u>**Defendant**</u>

**IMO Industries Inc**
*individually and as successor to*
*Transamerica Delaval Inc. and Imo*
*Delaval Inc.*

represented by **William Ansel Collins , Jr**
Thomas Dougall Law Office
1700 Woodcreek Farms Road
Suite 100
Elgin, SC 29045
803-865-8858
Fax: 803-865-8944
Email: wcollins@dougallfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas F Dougall**
Thomas Dougall Law Office
1713 Woodcreek Farms Road
Elgin, SC 29045
803-865-8858
Fax: 803-865-8944
Email: tdougall@dougallfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Industrial Holdings Corporation**
*fka The Carborundum Company*

represented by **George L Inabinet , Jr**
Pierce Herns Sloan and McLeod
PO Box 22437
Charleston, SC 29413
843-722-7733
Fax: 843-722-7732
Email: beauinabinet@phsm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**

represented by **Robert Bates Lovett**
Hunter Maclean Exley and Dunn
PO Box 9848
Savannah, GA 31412
912-236-0261
Email: blovett@huntermaclean.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**F Saunders Aldridge , III**
Hunter Maclean Exley and Dunn
PO Box 9848
Savannah, GA 31412
912-236-0261
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance Company**      represented by  **Mark Hedderman Wall**
Elmore and Wall
PO Box 1200
Charleston, SC 29402
843-329-9500
Fax: 843-329-9501
Email: mark.wall@elmorewall.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**National Service Industries Inc**      represented by  **James Dowell Gandy , III**
*fka North Brothers Inc.*
Pierce Herns Sloan and McLeod
PO Box 22437
Charleston, SC 29413
843-722-7733
Fax: 843-722-7732
Email: trippgandy@phsm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Pneumo Abex LLC**      represented by  **James H Elliott**
*successor in interest to Abex Corporation*
Pritchard and Elliott
129 Broad Street
Charleston, SC 29401
843-722-3300
Fax: 843-722-3379
Email: jelliott@pritchard-elliott.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Sterling Fluid System USA LLC**      represented by  **William David Conner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Moffatt Grier McDonald**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**William Powell Company, The**      represented by  **Steven J Pugh**
Richardson Plowden and Robinson
PO Drawer 7788
Columbia, SC 29202
803-771-4400
Fax: 803-779-0016
Email: spugh@richardsonplowden.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Joseph E Thoensen**
Richardson Plowden and Robinson
PO Drawer 7788
Columbia, SC 29202
803-771-4400
Email: jthoensen@richardsonplowden.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Uniroyal Inc**

**Defendant**

**Warren Pumps Inc**           represented by  **Steven Wayne Ouzts**
*a member of the Colfax Pump Company*           Turner Padget Graham and Laney
PO Box 1473
Columbia, SC 29202
803-254-2200
Fax: 803-799-3957
Email: souzts@turnerpadget.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**           represented by  **Robert O Meriwether**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony C Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Gaillard Traylor , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2010 | 1 | NOTICE OF REMOVAL from Charleston County Court of Common Pleas, case number 10-co-10-3016. (Filing fee $ 350 receipt number 042-2713754), filed by William R Johnson. (Attachments: # 1 State Court Documents)(gpre, ) (Entered: 05/12/2010) |
| 05/10/2010 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (gpre, ) (Entered: 05/12/2010) |
| 05/10/2010 | 10 | (Court only) ***Attorney Moffatt Grier McDonald,William David Conner for Bayer Cropscience Inc,Moffatt Grier McDonald,William David Conner for Dana |

| | | |
|---|---|---|
| | | Holding Corporation added. (jsmi, ) (Entered: 05/13/2010) |
| 05/10/2010 | 37 | (Court only) ***Attorney V Brian Bevon for William R Johnson added. (gpre, ) (Entered: 05/20/2010) |
| 05/12/2010 | 3 | AFFIDAVIT in Support re 1 Notice of Removal by Garlock Sealing Technologies Inc. (Bouch, Timothy) (Entered: 05/12/2010) |
| 05/12/2010 | 4 | AFFIDAVIT re 1 Notice of Removal by General Electric Company. (Johnson, Zandra) (Entered: 05/12/2010) |
| 05/12/2010 | 11 | (Court only) ***Attorney Timothy William Bouch for Garlock Sealing Technologies Inc added. (jsmi, ) (Entered: 05/13/2010) |
| 05/12/2010 | 12 | (Court only) ***Attorney Zandra Lynn Johnson,Timothy Peck for General Electric Company added. (jsmi, ) (Entered: 05/13/2010) |
| 05/13/2010 | 5 | CONSENT TO REMOVAL FROM STATE COURT by AW Chesterton Company. (Techman, Jennifer) (Entered: 05/13/2010) |
| 05/13/2010 | 6 | CONSENT TO REMOVAL FROM STATE COURT by Foster Wheeler Energy Corporation. (Techman, Jennifer) (Entered: 05/13/2010) |
| 05/13/2010 | 7 | CONSENT TO REMOVAL FROM STATE COURT by CBS Corporation. (Techman, Jennifer) (Entered: 05/13/2010) |
| 05/13/2010 | 8 | *Entry of Appearance and* ANSWER to Complaint by Ingersoll-Rand Company. (Lovett, Robert) (Entered: 05/13/2010) |
| 05/13/2010 | 9 | AFFIDAVIT in Support *of Removal* by Ingersoll-Rand Company. (Lovett, Robert) (Entered: 05/13/2010) |
| 05/13/2010 | 13 | (Court only) ***Attorney F Saunders Aldridge, III for Ingersoll-Rand Company added. (jsmi, ) (Entered: 05/13/2010) |
| 05/13/2010 | 14 | AFFIDAVIT of Mark H. Wall *Affidavit of Removal* by Metropolitan Life Insurance Company. (Wall, Mark) (Entered: 05/13/2010) |
| 05/13/2010 | 15 | CERTIFICATE OF SERVICE by General Electric Company re 4 Affidavit *of Consent to Removal* (Johnson, Zandra) (Entered: 05/13/2010) |
| 05/13/2010 | 16 | CONSENT TO REMOVAL FROM STATE COURT by Warren Pumps Inc. (Ouzts, Steven) (Entered: 05/13/2010) |
| 05/13/2010 | 17 | ANSWER to Complaint *Jury Trial Demanded* by Warren Pumps Inc.(Ouzts, Steven) (Entered: 05/13/2010) |
| 05/13/2010 | 18 | Corporate Disclosure Statement by Warren Pumps Inc. (Ouzts, Steven) (Entered: 05/13/2010) |
| 05/13/2010 | 19 | ANSWER to Complaint by Crane CPO.(Meriwether, Robert) (Entered: 05/13/2010) |
| 05/13/2010 | 20 | ANSWER to Complaint by Georgia Pacific LLC.(Meriwether, Robert) (Entered: 05/13/2010) |
| 05/13/2010 | 21 | ANSWER to Complaint by Yarway Corporation.(Meriwether, Robert) (Entered: 05/13/2010) |

| 05/13/2010 | 22 | ANSWER to Complaint by General Electric Company.(Johnson, Zandra) (Entered: 05/13/2010) |
| 05/13/2010 | 23 | Corporate Disclosure Statement by General Electric Company. (Johnson, Zandra) (Entered: 05/13/2010) |
| 05/13/2010 | 24 | (Court only) ***Attorney Mark Hedderman Wall for Metropolitan Life Insurance Company added. (jsmi, ) (Entered: 05/14/2010) |
| 05/13/2010 | 25 | (Court only) ***Attorney David Gaillard Traylor, Jr,Anthony C Hayes for Crane CPO,David Gaillard Traylor, Jr,Anthony C Hayes for Georgia Pacific LLC,David Gaillard Traylor, Jr,Anthony C Hayes for Yarway Corporation added. (jsmi, ) (Entered: 05/14/2010) |
| 05/14/2010 | 26 | CERTIFICATE OF SERVICE by General Electric Company re 23 Corporate Disclosure Statement, 22 Answer to Complaint (Johnson, Zandra) (Entered: 05/14/2010) |
| 05/14/2010 | 27 | AFFIDAVIT in Support re 1 Notice of Removal *on behalf of Crane Co., Georgia-Pacific LLC and Yarway Corporation*. (Traylor, David) (Entered: 05/14/2010) |
| 05/17/2010 | 28 | CONSENT TO REMOVAL FROM STATE COURT by Pneumo Abex LLC. (Elliott, James) (Entered: 05/17/2010) |
| 05/17/2010 | 29 | ANSWER to Complaint by Bayer Cropscience Inc.(Conner, William) (Entered: 05/17/2010) |
| 05/17/2010 | 30 | ANSWER to Complaint by Dana Holding Corporation.(Conner, William) (Entered: 05/17/2010) |
| 05/17/2010 | 31 | ANSWER to Complaint by Sterling Fluid System USA LLC.(Conner, William) (Entered: 05/17/2010) |
| 05/17/2010 | 32 | ANSWER to Complaint by Industrial Holdings Corporation. (Attachments: # 1 Affidavit Consent To Removal)(Inabinet, George) (Entered: 05/17/2010) |
| 05/17/2010 | 33 | ANSWER to Complaint by National Service Industries Inc. (Attachments: # 1 Affidavit Consent to Removal)(Gandy, James) (Entered: 05/17/2010) |
| 05/17/2010 | 34 | (Court only) ***Attorney Moffatt Grier McDonald for Sterling Fluid System USA LLC added. (jsmi, ) (Entered: 05/18/2010) |
| 05/20/2010 | 35 | NOTICE and Acknowledgment of receipt of Notice of Removal by Clerk of Court for Charleston County. (Conner, William) (Entered: 05/20/2010) |
| 05/20/2010 | 36 | MOTION to Dismiss by Dana Holding Corporation. Response to Motion due by 6/7/2010 No proposed order(Conner, William) (Entered: 05/20/2010) |
| 05/20/2010 | 38 | (Court only) ***Clerk Staff notes. Plaintiff's attorney was not added when case was opened. Brian Bevon added on 5/20/10 37 and NEF's regenerated for all filed documents. (gpre, ) (Entered: 05/20/2010) |
| 05/20/2010 | 39 | (Court only) Set/Reset Docket Correction Deadlines in Re Document Number: 8 login and signature do not match Docket Correction due 5/21/2010. (gpre, ) (Entered: 05/20/2010) |

| 05/21/2010 | 40 | ANSWER to Complaint by William Powell Company, The.(Pugh, Steven) (Entered: 05/21/2010) |
| 05/21/2010 | 41 | CONSENT TO REMOVAL FROM STATE COURT by William Powell Company, The. (Pugh, Steven) (Entered: 05/21/2010) |
| 05/21/2010 | 42 | (Court only) ***Attorney Joseph E Thoensen for William Powell Company, The added. (jsmi, ) (Entered: 05/24/2010) |
| 06/04/2010 | 43 | CONSENT TO REMOVAL FROM STATE COURT by IMO Industries Inc. (Collins, William) (Entered: 06/04/2010) |
| 06/04/2010 | 44 | (Court only) ***Attorney Thomas F Dougall for IMO Industries Inc added. (jsmi, ) (Entered: 06/07/2010) |

STATE OF SOUTH CAROLINA      )

COUNTY OF CHARLESTON      )

WILLIAM R. JOHNSON,

             Plaintiff,

    v.

A.W. CHESTERTON COMPANY
BAYER CROPSCIENCE, INC., as Successor in
  Interest to Amchem Products, Inc.
CBS CORPORATION f/k/a Viacom, Inc.,
  Successor by Merger to CBS Corporation
  f/k/a Westinghouse Corporation
CRANE CO.
DANA HOLDING CORPORATION
FOSTER WHEELER ENERGY CORPORATION
GARLOCK SEALING TECHNOLOGIES LLC
GENERAL ELECTRIC COMPANY
GEORGIA-PACIFIC, LLC f/k/a Georgia-
  Pacific Corporation
GOULDS PUMPS, INCORPORATED
IMO INDUSTRIES, INC., Individually and as
  Successor to Transamerica Delaval, Inc. and
  Imo Delaval, Inc.
INDUSTRIAL HOLDINGS CORPORATION
  f/k/a The Carborundum Company
INGERSOLL RAND COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
NATIONAL SERVICE INDUSTRIES, INC.
PNEUMO ABEX LLC, Successor in interest
  to Abex Corporation
STERLING FLUID SYSTEMS (USA) LLC
THE WILLIAM POWELL COMPANY
UNIROYAL, INC.
WARREN PUMPS, INC., a Member of the
  Colfax Pump Group
YARWAY CORPORATION

             Defendants.

IN THE COURT OF COMMON PLEAS

C/A No. 10-CP-10-3016

Diesel Mechanic (U.S. Navy)
Auto Mechanic; Lung Cancer


SUMMONS FOR RELIEF

Plaintiffs Demand
A Jury Trial


FILED
2010 APR 12 PM 3: 03
JULIE J. ARMSTRONG
CLERK OF COURT
BY_____

TO THE DEFENDANTS ABOVE-NAMED:

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS

COUNTY OF CHARLESTON )  C/A No. 09-CP-10-_____

WILLIAM R. JOHNSON, )  Diesel Mechanic (U.S. Navy)
)  Auto Mechanic; Lung Cancer
        Plaintiff, )

    v. )

A.W. CHESTERTON COMPANY )
A Massachusetts Corporation] )

BAYER CROPSCIENCE, INC., as successor )  **COMPLAINT**
  in interest to Amchem Products )
A Delaware Corporation )  (Personal Injury)

CBS CORPORATION f/k/a Viacom, Inc., )  Plaintiff Demands
  successor by merger to CBS Corporation )  A Jury Trial
  f/k/a Westinghouse Corporation )
A Delaware Corporation )

CRANE CO. )
A Delaware Corporation )

DANA HOLDING CORPORATION )
A Delaware Corporation )

FOSTER WHEELER ENERGY CORPORATION )
A Delaware Corporation )

GARLOCK SEALING TECHNOLOGIES LLC )
A Delaware Corporation )

GENERAL ELECTRIC COMPANY )
A New York Corporation )

GEORGIA-PACIFIC, LLC f/k/a Georgia- )
Pacific Corporation )
A Georgia Corporation )

GOULDS PUMPS, INCORPORATED )
A New York Corporation )

IMO INDUSTRIES, INC. )
A Delaware Corporation )

INDUSTRIAL HOLDINGS CORPORATION )

2010 APR 12 PH 3: 03
JULIE J. ARMSTRONG
CLERK OF COURT
FILED

f/k/a The Carborundum Company )
A Delaware Corporation )
)
INGERSOLL-RAND COMPANY )
A New Jersey Corporation )
)
METROPOLITAN LIFE INSURANCE COMPANY )
A New York Corporation )
)
NATIONAL SERVICE INDUSTRIES, INC. )
f/k/a North Brothers Company )
A Georgia Corporation )
)
PNEUMO ABEX LLC, Successor in interest to )
Abex Corporation )
A Delaware Corporation )
)
STERLING FLUID SYSTEMS (USA) LLC )
A Delaware Corporation )
)
UNIROYAL, INC. )
A New Jersey Corporation )
)
WARREN PUMPS, INC., a Member of the )
Colfax Pump Group )
A Delaware Corporation )
)
YARWAY CORPORATION )
A Pennsylvania Corporation )
)
                            Defendants.     )
                                            )
_____ )

Now comes Plaintiff, William R. Johnson, U.S. Navy diesel mechanic, and self-employed auto mechanic, citizen and resident of the State of South Carolina, and sues the defendants and alleges as follows:

<u>JURISDICTION</u>

1.      That as is evidenced by the caption of the instant Complaint which is specifically incorporated herein, some of the defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long-Arm Statute. Each defendant mines, manufactures, processes, imports, converts, compounds and/or retails substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in South Carolina. Plaintiff was exposed to various asbestos-containing

products while working in various locations in South Carolina. That certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina. That lung cancer is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to Plaintiff's contraction of his lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FIRST CAUSE OF ACTION

2.      Defendants, and each of them, are or at time relevant hereto, were miners, manufacturers, processors, importers, converters, compounders and/or retailers of asbestos and asbestos-related materials, including asbestos-containing maritime materials.

3.      The defendants, acting through their agents, servants, and/or employees cause and have caused in the past certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by Plaintiff.

4.      Plaintiff is a diesel engine mechanic, and auto mechanic, who for a long period of time, while in the United States Navy, and self-employed as an auto mechanic, worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, compounded and/or sold by the defendants, some of the exposure being within the State of South Carolina.

5.      During the course and scope of his employment, Plaintiff has been exposed to defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop an illness known and designated as lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

6.      The illness and disability of Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health.

7.      The illness and disability of Plaintiff are the direct and proximate result of the negligence, recklessness, and willfulness of the defendants, jointly and severally, in that, even though the defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-related materials were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health, and the defendants nonetheless:

(a)     Failed to advise Plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

(b)     Failed or omitted to provide Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect

5

him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos materials;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos materials;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they knew of the dangers and cancer-causing effects and up until the present time;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

(h) Continued to use a known cancer-causing product, to wit: asbestos;

At all times relevant, it was feasible for defendants to have warned Plaintiffs, tested their asbestos products, designed safer asbestos products and/or substituted asbestos-free products.

As a result of the negligence, recklessness and willfulness, Plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

8. Plaintiff repeats the allegations of the First Cause of Action where relevant.

9. That subsequent to the time the defendants caused the asbestos products to be sold and placed in buildings and on jobsites, the defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using buildings or on jobsites, but nevertheless, the defendants negligently and recklessly failed and refused to warn and advise Plaintiff of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing products even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the defendants have refused to provide that information to Plaintiff, despite the defendants' knowledge that their asbestos has contaminated Plaintiff's buildings and jobsites.

6

10.    Plaintiff has furthermore suffered continuing and lingering injury to himself due to the defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, cause repeated and continuing injury to Plaintiff.

11.    That as a proximate result of the aforesaid acts of the defendants, and the continued presence of asbestos products in buildings and on jobsites, Plaintiff has been damaged as herein set forth.

## FOR A THIRD CAUSE OF ACTION

12.    Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

13.    The defendants, and each of them, impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

14.    The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous and deleterious matter was given off into the atmosphere wherein Plaintiff carried out his duties as a diesel engine mechanic and auto mechanic working with asbestos and asbestos-related materials.

15.    As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit: lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FOURTH CAUSE OF ACTION

16.    Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

17.    Plaintiff further alleges that at the time the defendants, and each of them sold and/or delivered the aforesaid asbestos and asbestos-related products and at the time said products were used by Plaintiff in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to Plaintiff's body.

The above was the proximate cause of the severe damages sustained by Plaintiff as hereinafter set forth.

## FOR A FIFTH CAUSE OF ACTION

18.    Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

7

19.    That at various times from 1929 to the filing of this lawsuit, defendants had actual knowledge of the dangers to Plaintiff of asbestos exposure, nevertheless, defendants deliberately, intentionally and purposefully withheld such information from Plaintiff, thus denying Plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants' intentional acts being as follows:

(a)    Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b)    Never issued recall-type letters or notices to prior users;

(c)    Frustrated the publication of articles on the asbestos health hazards in the literature;

(d)    Top management officials of defendants rejected advice of other corporate officials to warn of the hazards of their asbestos products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

(e)    Intentional inadequacy and delay of use of warnings on asbestos products;

(f)    Failed to advise Plaintiff of medical findings known to defendants concerning the dangers of asbestos exposure;

(g)    Suppressed the dissemination of information to plaintiff concerning the hazards of asbestos exposure.

20.    The foregoing deliberate, intentional and purposeful acts of the defendants were the direct and proximate cause of Plaintiff's injuries and damages hereinafter described, and the Plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

21.    Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

22.    That during, before and after Plaintiff's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure to Plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff. And while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

23.    The foregoing representations were material conditions precedent to Plaintiff's continued exposure to asbestos-containing products and defendants each intended that Plaintiff act

upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

24.     As a direct and proximate result of Plaintiff's reliance upon defendants' false representations, Plaintiff has suffered injury and damages hereinafter described.

## FOR A SEVENTH CAUSE OF ACTION

25.     Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

26.     The defendants had a post-sale duty to warn, which duty was breached and, as a result, Plaintiff suffered injury and damages as hereinafter described.

## DAMAGES

27.     As a result of the development of lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products, Plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

28.     Plaintiff has further suffered great pain, extreme nervousness and mental anguish as a direct result of the aforesaid injuries.

29.     Plaintiff verily believes that his injuries and illnesses are permanent in nature and that he will be forced to suffer same for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been greatly shortened. Plaintiff alleges that as a result of his injuries and illnesses, he has lost and will continue to lose substantial wages and income.

30.     Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid, all to Plaintiff's damage, compensatory and punitive in amounts to be determined by the trier of fact.

WHEREFORE, Plaintiff prays judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and the costs of this action.

WHEREFORE, Plaintiff William R. Johnson prays for judgment against all defendants for actual punitive damages in amounts to be determined by the trier of fact, and costs.

[SIGNATURE BLOCK ON NEXT PAGE]

10

MOTLEY RICE LLC


By: _V. Brian Bevon_
V. Brian Bevon
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000
ATTORNEYS FOR THE PLAINTIFFS

April ___12___, 2010
Mount Pleasant, South Carolina

11