# U.S. District Court
## District of South Carolina (Charleston)
## CIVIL DOCKET FOR CASE #: 2:10-cv-01409-ASB
### Internal Use Only

Donnelly et al v. AW Chesterton Company et al
Assigned to: Unassigned - ASB
Case in other court: Charleston County Court of Common Pleas, 10-CP-10-03618
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 06/01/2010
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

George E Donnelly      represented by    **V Brian Bevon**
Motley Rice
28 Bridgeside Boulevard
Mt Pleasant, SC 29464
843-216-9090
Fax: 843-216-9430
Email: bbevon@motleyrice.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Pauline C Donnelly      represented by    **V Brian Bevon**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

AW Chesterton Company      represented by    **Jennifer M Techman**
Evert and Weathersby
3405 Piedmont Road NE
Suite 225
Atlanta, GA 30305
404-233-8718
Fax: 404-233-8933
Email: jmtechman@ewhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Aurora Pump Company      represented by    **Robert O Meriwether**
Nelson Mullins Riley and Scarborough
PO Box 11070
Columbia, SC 29211
803-799-2000
Fax: 803-255-9060

|  |  |  |
|---|---|---|
|  |  | Email: robert.meriwether@nelsonmullins.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Anthony C Hayes**<br>Nelson Mullins Riley and Scarborough<br>PO Box 11070<br>Columbia, SC 29211<br>803-799-2000<br>Fax: 803-256-7500<br>Email: anthony.hayes@nelsonmullins.com<br>*ATTORNEY TO BE NOTICED*<br><br>**David Gaillard Traylor , Jr**<br>Nelson Mullins Riley and Scarborough<br>PO Box 11070<br>Columbia, SC 29211<br>803-799-2000<br>Email: david.traylor@nelsonmullins.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Bayer Cropscience Inc**<br>*as Successor in Interest to Amchem Products Inc* | represented by | **Moffatt Grier McDonald**<br>Haynsworth Sinkler Boyd<br>PO Box 2048<br>Greenville, SC 29602<br>864-240-3200<br>Email: mmcdonald@hsblawfirm.com<br>*ATTORNEY TO BE NOTICED*<br><br>**William David Conner**<br>Haynsworth Sinkler Boyd<br>PO Box 2048<br>Greenville, SC 29602<br>864-240-3200<br>Fax: 864-240-3336<br>Email: dconner@hsblawfirm.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Buffalo Pumps Inc** | represented by | **Robert O Meriwether**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**CBS Corporation**<br>*fka Viacom Inc successor merge to CBS Corporation fka Westinghouse* | represented by | **Jennifer M Techman**<br>(See above for address)<br>*LEAD ATTORNEY* |

| | | |
|---|---|---|
| *Corporation* | | ATTORNEY TO BE NOTICED |

**Defendant**

| | | |
|---|---|---|
| Crane Co | represented by | **Robert O Meriwether**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Anthony C Hayes**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **David Gaillard Traylor , Jr**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| Foster Wheeler Energy Corporation | represented by | **Jennifer M Techman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

Garlock Sealing Technologies LLC

**Defendant**

| | | |
|---|---|---|
| General Electric Company | represented by | **Zandra Lynn Johnson**<br>Smith Moore Leatherwood<br>PO Box 87<br>Greenville, SC 29602<br>864-242-6440<br>Email: zandra.johnson@smithmoorelaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Timothy Peck**<br>Smith Helms Mulliss and Moore<br>PO Box 21927<br>Greensboro, NC 27420<br>336-378-5200<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| Goulds Pumps Incorporated | represented by | **Joseph A Rhodes , Jr**<br>Ogletree Deakins Nash Smoak and Stewart<br>PO Box 2757<br>Greenville, SC 29602<br>864-271-1300<br>Fax: 864-241-1861 |

                                Email: drew.rhodes@ogletreedeakins.com
                                *LEAD ATTORNEY*
                                *ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries Inc**     represented by     **William Ansel Collins , Jr**
*Individually and as successor to*                                     Thomas Dougall Law Office
*Transamerica Delaval Inc and IMO*                               1700 Woodcreek Farms Road
*Delaval Inc*                                                          Suite 100
                                Elgin, SC 29045
                                803-865-8858
                                Fax: 803-865-8944
                                Email: wcollins@dougallfirm.com
                                *LEAD ATTORNEY*
                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Industrial Holdings Corporation**     represented by     **George L Inabinet , Jr**
*fka The Carborundum Company*                                       Pierce Herns Sloan and McLeod
                                PO Box 22437
                                Charleston, SC 29413
                                843-722-7733
                                Fax: 843-722-7732
                                Email: beauinabinet@phsm.net
                                *LEAD ATTORNEY*
                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**     represented by     **Robert Bates Lovett**
                                Hunter Maclean Exley and Dunn
                                PO Box 9848
                                Savannah, GA 31412
                                912-236-0261
                                Email: blovett@huntermaclean.com
                                *LEAD ATTORNEY*
                                *ATTORNEY TO BE NOTICED*

                                **F Saunders Aldridge , III**
                                Hunter Maclean Exley and Dunn
                                PO Box 9848
                                Savannah, GA 31412
                                912-236-0261
                                *ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane Inc**     represented by     **James H Elliott**
                                Pritchard and Elliott
                                129 Broad Street
                                Charleston, SC 29401
                                843-722-3300

<pre>
                                                            Fax: 843-722-3379
                                                            Email: jelliott@pritchard-elliott.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
</pre>

**Defendant**

| | | |
|---|---|---|
| **Metropolitan Life Insurance Company** | represented by | **Mark Hedderman Wall**<br>Elmore and Wall<br>PO Box 1200<br>Charleston, SC 29402<br>843-329-9500<br>Fax: 843-329-9501<br>Email: mark.wall@elmorewall.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **National Service Industries Inc** | represented by | **James Dowell Gandy , III**<br>Pierce Herns Sloan and McLeod<br>PO Box 22437<br>Charleston, SC 29413<br>843-722-7733<br>Fax: 843-722-7732<br>Email: trippgandy@phsm.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Sterling Fluid System USA LLC** | represented by | **Moffatt Grier McDonald**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**William David Conner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Union Carbide Corporation** | represented by | **Moffatt Grier McDonald**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**William David Conner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Uniroyal Inc**

**Defendant**

| | | |
|---|---|---|
| **Warren Pumps Inc**<br>*a member of the Colfax Pump Group* | represented by | **Steven Wayne Ouzts**<br>Turner Padget Graham and Laney |

PO Box 1473  
Columbia, SC 29202  
803-254-2200  
Fax: 803-799-3957  
Email: souzts@turnerpadget.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**   represented by   **Robert O Meriwether**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2010 | 1 | NOTICE OF REMOVAL from Charleston County Court of Common Pleas, case number 10-CP-10-3618. (Filing fee $ 350 receipt number 0420-2754050), filed by George E Donnelly, Pauline C Donnelly. (Attachments: # 1 State Court Documents, # 2 State Court Documents -summons)(gpre, ) Modified on 6/3/2010 to replace main document with corrected document provided by filing user (gpre, ). (Entered: 06/02/2010) |
| 06/01/2010 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (gpre, ) (Entered: 06/02/2010) |
| 06/02/2010 | 3 | (Court only) Set/Reset Docket Correction Deadlines in Re Document Number: 1 complaint not signed Docket Correction due 6/3/2010. (gpre, ) (Entered: 06/02/2010) |
| 06/03/2010 | 4 | *Entry of Appearance and* ANSWER to Complaint by Ingersoll-Rand Company. (Lovett, Robert) (Entered: 06/03/2010) |
| 06/03/2010 | 5 | AFFIDAVIT in Support *of Removal* by Ingersoll-Rand Company. (Lovett, Robert) (Entered: 06/03/2010) |
| 06/03/2010 |  | (Court only) ***Deadlines terminated. (gpre, ) (Entered: 06/03/2010) |
| 06/03/2010 | 6 | *Short Form* ANSWER to Complaint *and Certificate of Service* by AW Chesterton Company.(Techman, Jennifer) (Entered: 06/03/2010) |
| 06/03/2010 | 7 | Corporate Disclosure Statement by AW Chesterton Company. (Techman, Jennifer) (Entered: 06/03/2010) |
| 06/03/2010 | 8 | CONSENT TO REMOVAL FROM STATE COURT by AW Chesterton Company. (Techman, Jennifer) (Entered: 06/03/2010) |
| 06/03/2010 | 9 | *Short Form* ANSWER to Complaint *and Certificate of Service* by Foster Wheeler Energy Corporation.(Techman, Jennifer) (Entered: 06/03/2010) |
| 06/03/2010 | 10 | Corporate Disclosure Statement by Foster Wheeler Energy Corporation. (Techman, Jennifer) (Entered: 06/03/2010) |
| 06/03/2010 | 12 | *Entry of Appearance,* ANSWER to Complaint *and Certificate of Service* by CBS Corporation.(Techman, Jennifer) (Entered: 06/03/2010) |

| | | |
|---|---|---|
| 06/03/2010 | 13 | Corporate Disclosure Statement by CBS Corporation. (Techman, Jennifer) (Entered: 06/03/2010) |
| 06/03/2010 | 14 | CONSENT TO REMOVAL FROM STATE COURT by CBS Corporation. (Techman, Jennifer) (Entered: 06/03/2010) |
| 06/03/2010 | 15 | CONSENT TO REMOVAL FROM STATE COURT by General Electric Company. (Johnson, Zandra) (Entered: 06/03/2010) |
| 06/03/2010 | 16 | CONSENT TO REMOVAL FROM STATE COURT by Foster Wheeler Energy Corporation. (Techman, Jennifer) (Entered: 06/03/2010) |
| 06/03/2010 | 17 | CONSENT TO REMOVAL FROM STATE COURT by John Crane Inc. (Elliott, James) (Entered: 06/03/2010) |
| 06/03/2010 | 18 | ANSWER to Complaint by Crane Co.(Meriwether, Robert) Modified on 6/4/2010 to replace with corrected document provided by filing user (gpre, ). (Entered: 06/03/2010) |
| 06/03/2010 | 19 | ANSWER to Complaint by Buffalo Pumps Inc.(Meriwether, Robert) Modified on 6/4/2010 to replace with corrected document provided by filing user (gpre, ). (Entered: 06/03/2010) |
| 06/03/2010 | 20 | ANSWER to Complaint by Yarway Corporation.(Meriwether, Robert) Modified on 6/4/2010 to replace with corrected document provided by filing user (gpre, ). (Entered: 06/03/2010) |
| 06/03/2010 | 21 | AFFIDAVIT in Support re 1 Notice of Removal,. (Meriwether, Robert) (Entered: 06/03/2010) |
| 06/03/2010 | 25 | (Court only) ***Attorney F Saunders Aldridge, III for Ingersoll-Rand Company added. (jsmi, ) (Entered: 06/04/2010) |
| 06/03/2010 | 26 | DELETION OF DOCKET ENTRY NUMBER 11 Reason: filed in error by the attyCorrected Filing Document Number 16 Modified filing date to that of original filing: 6/3/10 (jsmi, ) (Entered: 06/04/2010) |
| 06/03/2010 | 32 | (Court only) ***Attorney David Gaillard Traylor, Jr,Anthony C Hayes for Crane Co added. (gpre, ) (Entered: 06/04/2010) |
| 06/04/2010 | 22 | CONSENT TO REMOVAL FROM STATE COURT by Warren Pumps Inc. (Ouzts, Steven) (Entered: 06/04/2010) |
| 06/04/2010 | 23 | ANSWER to Complaint *Jury Trial Demanded* by Warren Pumps Inc.(Ouzts, Steven) (Entered: 06/04/2010) |
| 06/04/2010 | 24 | Corporate Disclosure Statement by Warren Pumps Inc. (Ouzts, Steven) (Entered: 06/04/2010) |
| 06/04/2010 | 27 | ANSWER to Complaint by General Electric Company.(Johnson, Zandra) (Entered: 06/04/2010) |
| 06/04/2010 | 28 | Corporate Disclosure Statement by General Electric Company. (Johnson, Zandra) (Entered: 06/04/2010) |
| 06/04/2010 | 29 | AFFIDAVIT of Mark H. Wall by Metropolitan Life Insurance Company. (Wall, Mark) (Entered: 06/04/2010) |

| | | |
|---|---|---|
| 06/04/2010 | 30 | CONSENT TO REMOVAL FROM STATE COURT by IMO Industries Inc. (Collins, William) (Entered: 06/04/2010) |
| 06/04/2010 | 31 | (Court only) Set/Reset Docket Correction Deadlines in Re Document Number: 18,19,20 documents not signed Docket Correction due 6/7/2010. (gpre, ) (Entered: 06/04/2010) |
| 06/04/2010 | 33 | ANSWER to Complaint by Industrial Holdings Corporation. (Attachments: # 1 Affidavit Affidavit of George L. Inabinet, Jr.)(Inabinet, George) (Entered: 06/04/2010) |
| 06/04/2010 | 34 | (Court only) ***Attorney Timothy Peck for General Electric Company added. (jsmi, ) (Entered: 06/07/2010) |
| 06/04/2010 | 35 | (Court only) ***Attorney Mark Hedderman Wall for Metropolitan Life Insurance Company added. (jsmi, ) (Entered: 06/07/2010) |
| 06/07/2010 | 36 | ANSWER to Complaint by National Service Industries Inc. (Attachments: # 1 Affidavit Affidavit)(Gandy, James) (Entered: 06/07/2010) |
| 06/07/2010 | 37 | CERTIFICATE OF SERVICE by General Electric Company re 27 Answer to Complaint (Johnson, Zandra) (Entered: 06/07/2010) |
| 06/10/2010 | 38 | ANSWER to Complaint by Bayer Cropscience Inc.(Conner, William) (Entered: 06/10/2010) |
| 06/10/2010 | 39 | ANSWER to Complaint by Union Carbide Corporation.(Conner, William) (Entered: 06/10/2010) |
| 06/10/2010 | 40 | ANSWER to Complaint by Sterling Fluid System USA LLC.(Conner, William) (Entered: 06/10/2010) |
| 06/11/2010 | 41 | ANSWER to Complaint by Goulds Pumps Incorporated.(Rhodes, Joseph) (Entered: 06/11/2010) |
| 06/11/2010 | 42 | DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 by Goulds Pumps Incorporated.(Rhodes, Joseph) (Entered: 06/11/2010) |
| 06/11/2010 | 43 | CONSENT TO REMOVAL FROM STATE COURT by Goulds Pumps Incorporated. (Attachments: # 1 Affidavit Affidavit of Consent to Removal on Behalf of Defendant Goulds Pumps, Incorporated)(Rhodes, Joseph) (Entered: 06/11/2010) |
| 06/17/2010 | 44 | NOTICE and Acknowledgment of receipt of Notice of Removal by Clerk of Court for Charleston County. (Conner, William) (Entered: 06/17/2010) |
| 08/09/2010 | 45 | ANSWER to Complaint by Aurora Pump Company.(Meriwether, Robert) (Entered: 08/09/2010) |
| 08/09/2010 | 46 | (Court only) ***Attorney David Gaillard Traylor, Jr,Anthony C Hayes for Aurora Pump Company added. (gpre, ) (Entered: 08/10/2010) |

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | C/A No. 10-CP-10-3618 |
| GEORGE E. DONNELLY and<br>PAULINE C. DONNELLY, ) ) ) | Aircraft Electrician (U.S. Air Force)<br>Electrician Technician,<br>Charleston Naval Shipyard; Mesothelioma |
| v. ) | |
| A.W. CHESTERTON COMPANY<br>A Massachusetts Corporation ) ) ) | |
| AURORA PUMP COMPANY<br>A Delaware Corporation ) ) ) | **COMPLAINT** |
| BAYER CROPSCIENCE, INC., as successor<br>in interest to Amchem Products<br>A Delaware Corporation ) ) ) ) | (Personal Injury)<br><br>Plaintiffs Demand<br>A Jury Trial |
| BUFFALO PUMPS, INC.<br>A Delaware Corporation ) ) ) | |
| CBS CORPORATION f/k/a Viacom, Inc.,<br>successor by merger to CBS Corporation<br>f/k/a Westinghouse Corporation<br>A Delaware Corporation ) ) ) ) ) | |
| CRANE CO.<br>A Delaware Corporation ) ) ) | |
| FOSTER WHEELER ENERGY CORPORATION<br>A Delaware Corporation ) ) | |
| GARLOCK SEALING TECHNOLOGIES LLC<br>A Delaware Corporation ) ) ) | |
| GENERAL ELECTRIC COMPANY<br>A New York Corporation ) ) ) | |
| GOULDS PUMPS, INCORPORATED<br>A New York Corporation ) ) ) | |
| IMO INDUSTRIES, INC.<br>A Delaware Corporation ) ) ) | |
| INDUSTRIAL HOLDINGS CORPORATION<br>f/k/a The Carborundum Company<br>A Delaware Corporation ) ) ) | |



FILED 2010 MAY -3 AM 11:44 JULIE J. ARMSTRONG CLERK OF COURT

| | |
|---|---|
| INGERSOLL-RAND COMPANY<br>A New Jersey Corporation | )<br>)<br>) |
| JOHN CRANE, INC<br>A Delaware Corporation | )<br>)<br>) |
| METROPOLITAN LIFE INSURANCE COMPANY<br>A New York Corporation | )<br>)<br>) |
| NATIONAL SERVICE INDUSTRIES, INC<br>  f/k/a North Brothers Company<br>A Georgia Corporation | )<br>)<br>)<br>) |
| STERLING FLUID SYSTEMS (USA) LLC<br>A Delaware Corporation | )<br>)<br>) |
| UNION CARBIDE CORPORATION<br>A New York Corporation | )<br>)<br>) |
| UNIROYAL, INC<br>A New Jersey Corporation | )<br>)<br>) |
| WARREN PUMPS, INC., a Member of the<br>  Colfax Pump Group<br>A Delaware Corporation | )<br>)<br>)<br>) |
| YARWAY CORPORATION<br>A Pennsylvania Corporation | )<br>)<br>) |
|                     Defendants. | )<br>) |

     Now come Plaintiffs, George E. Donnelly, aircraft electrician and electrician technician, and Pauline C. Donnelly, spouse, citizens and residents of the State of South Carolina, and sue the defendants and allege as follows:

## JURISDICTION

     1.    That as is evidenced by the caption of the instant Complaint which is specifically incorporated herein, some of the defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long Arm Statute. Each defendant mines, manufactures, processes, imports, converts, compounds and/or retails substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in South Carolina. Plaintiff was exposed to various asbestos-containing products while working in various locations in South Carolina. That certain asbestos-containing

4

products were manufactured at plant sites located within the State of South Carolina. That mesothelioma is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to Plaintiff's contraction of his mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

### FOR A FIRST CAUSE OF ACTION

2. Defendants, and each of them, are or at time relevant hereto, were miners, manufacturers, processors, importers, converters, compounders and/or retailers of asbestos and asbestos-related materials, including asbestos-containing maritime materials.

3. The defendants, acting through their agents, servants, and/or employees cause and have caused in the past certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by Plaintiff.

4. Plaintiff is an aircraft electrician in the United States Air Force, and an electrician technician at the Charleston Naval Shipyard, who for a long period of time, while employed by the United States Air Force and at the Charleston Naval Shipyard, worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, compounded and/or sold by the defendants, some of the exposure being within the State of South Carolina.

5. During the course and scope of his employment, Plaintiff has been exposed to defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

6. The illness and disability of Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health.

7. The illness and disability of Plaintiff are the direct and proximate result of the negligence, recklessness, and willfulness of the defendants, jointly and severally, in that, even though the defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-related materials were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health, and the defendants nonetheless:

(a) Failed to advise Plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

(b) Failed or omitted to provide Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect

5

him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos materials;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos materials;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they knew of the dangers and cancer-causing effects and up until the present time;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

(h) Continued to use a known cancer causing product, to wit: asbestos;

At all times relevant, it was feasible for defendants to have warned Plaintiffs, tested their asbestos products, designed safer asbestos products and/or substituted asbestos-free products.

As a result of the negligence, recklessness and willfulness, Plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

8. Plaintiff repeats the allegations of the First Cause of Action where relevant.

9. That subsequent to the time the defendants caused the asbestos products to be sold and placed in buildings and on jobsites, the defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using buildings or on jobsites, but nevertheless, the defendants negligently and recklessly failed and refused to warn and advise Plaintiff of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing products even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the defendants have refused to provide that information to Plaintiff, despite the defendants' knowledge that their asbestos has contaminated Plaintiff's buildings and jobsites.

10. Plaintiff has furthermore suffered continuing and lingering injury to himself due to the defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, cause repeated and continuing injury to Plaintiff.

6

11. That as a proximate result of the aforesaid acts of the defendants, and the continued presence of asbestos products in buildings and on jobsites, Plaintiff has been damaged as herein set forth.

### FOR A THIRD CAUSE OF ACTION

12. Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

13. The defendants, and each of them, impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

14. The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous and deleterious matter was given off into the atmosphere wherein Plaintiff carried out his duties as a shipworker working with asbestos and asbestos-related materials.

15. As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit: mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

### FOR A FOURTH CAUSE OF ACTION

16. Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

17. Plaintiff further alleges that at the time the defendants, and each of them sold and/or delivered the aforesaid asbestos and asbestos-related products and at the time said products were used by Plaintiff in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to Plaintiff's body.

The above was the proximate cause of the severe damages sustained by Plaintiff as hereinafter set forth.

### FOR A FIFTH CAUSE OF ACTION

18. Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

19. That at various times from 1929 to the filing of this lawsuit, defendants had actual knowledge of the dangers to Plaintiff of asbestos exposure, nevertheless, defendants deliberately, intentionally and purposefully withheld such information from Plaintiff, thus denying Plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants' intentional acts being as follows:

7

(a) Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b) Never issued recall-type letters or notices to prior users;

(c) Frustrated the publication of articles on the asbestos health hazards in the literature;

(d) Top management officials of defendants rejected advice of other corporate officials to warn of the hazards of their asbestos products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

(e) Intentional inadequacy and delay of use of warnings on asbestos products;

(f) Failed to advise Plaintiff of medical findings known to defendants concerning the dangers of asbestos exposure;

(g) Suppressed the dissemination of information to plaintiff concerning the hazards of asbestos exposure.

20. The foregoing deliberate, intentional and purposeful acts of the defendants were the direct and proximate cause of Plaintiff's injuries and damages hereinafter described, and the Plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

21. Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

22. That during, before and after Plaintiff's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure to Plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff. And while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

23. The foregoing representations were material conditions precedent to Plaintiff's continued exposure to asbestos-containing products and defendants each intended that Plaintiff act upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

24. As a direct and proximate result of Plaintiff's reliance upon defendants' false representations, Plaintiff has suffered injury and damages hereinafter described.

## FOR A SEVENTH CAUSE OF ACTION

25. Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

8

26. The defendants had a post-sale duty to warn, which duty was breached and, as a result, Plaintiff suffered injury and damages as hereinafter described.

## DAMAGES

As a result of the development of mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products, Plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

Plaintiff has further suffered great pain, extreme nervousness and mental anguish as a direct result of the aforesaid injuries.

Plaintiff verily believes that his injuries and illnesses are permanent in nature and that he will be forced to suffer same for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been greatly shortened.

Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid, all to Plaintiff's damage, compensatory and punitive in amounts to be determined by the trier of fact

WHEREFORE, Plaintiff prays judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and the costs of this action.

## FOR AN EIGHTH CAUSE OF ACTION
## (CONSORTIUM)

28. Plaintiff repeats the allegations of the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action where relevant.

28. As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff George E. Donnelly, and as a direct and proximate result of the acts and omissions of the defendants, Plaintiff Pauline C. Donnelly has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband.

## DAMAGES

WHEREFORE, Plaintiff Pauline C. Donnelly verily believes that she is entitled to actual damages against the defendants, jointly and severally, by reason of said loss of consortium and society, proximately caused by the fault of the defendants, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

9

WHEREFORE, Plaintiffs George E. Donnelly and Pauline C. Donnelly pray for judgment, against all defendants for actual and punitive damages in amounts to be determined by the trier of fact, and costs.

MOTLEY RICE LLC

By: /s/ V. Brian Bevon
V. Brian Bevon
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000
bbevon@motleyrice.com

ATTORNEYS FOR THE PLAINTIFFS

4-30, 2010
Mount Pleasant, South Carolina

10