# U.S. District Court
## District of South Carolina (Greenville)
## CIVIL DOCKET FOR CASE #: 6:10-cv-00905-ASB
## Internal Use Only

Wilson v. 3M Company et al                        Date Filed: 04/13/2010
Assigned to: Unassigned - ASB                     Jury Demand: Both
Cause: 28:1332 Diversity-Asbestos Litigation      Nature of Suit: 368 P.I. : Asbestos
                                                  Jurisdiction: Diversity

**Plaintiff**

**Jane W Wilson**                    represented by   **Mona Lisa Wallace**
*Personal Representative for the Estate of*          Wallace and Graham
*Claude Donald Wilson, deceased*                     525 North Main Street
*Estate of*                                          Salisbury, NC 28144
Claude Donald Wilson                                 704-633-5244
                                                     Fax: 704-633-9434
                                                     Email: mwallace@wallacegraham.com
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**                       represented by   **Robert O Meriwether**
*formerly known as*                                   Nelson Mullins Riley and Scarborough
Minnesota Mining and Manufacturing                    PO Box 11070
Company                                               Columbia, SC 29211
                                                      803-799-2000
                                                      Fax: 803-255-9060
                                                      Email:
                                                      robert.meriwether@nelsonmullins.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Anthony C Hayes**
                                                      Nelson Mullins Riley and Scarborough
                                                      PO Box 11070
                                                      Columbia, SC 29211
                                                      803-799-2000
                                                      Fax: 803-256-7500
                                                      Email: anthony.hayes@nelsonmullins.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David Gaillard Traylor , Jr**
                                                      Nelson Mullins Riley and Scarborough
                                                      PO Box 11070
                                                      Columbia, SC 29211

803-799-2000
Email: david.traylor@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AW Chesterton Company**                    represented by    **Jennifer M Techman**
Evert and Weathersby
3405 Piedmont Road NE
Suite 225
Atlanta, GA 30305
404-233-8718
Fax: 404-233-8933
Email: jmtechman@ewhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer Cropscience Inc**                     represented by    **William David Conner**
*Individually and as successor to Aventis*                     Haynsworth Sinkler Boyd
*Cropscience USA, Inc*                                         PO Box 2048
*formerly known as*                                           Greenville, SC 29602
Rhone Poulenc Ag Company Inc                                  864-240-3200
Fax: 864-240-3336
Email: dconner@hsblawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Moffatt Grier McDonald**
Haynsworth Sinkler Boyd
PO Box 2048
Greenville, SC 29602
864-240-3200
Email: mmcdonald@hsblawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BW IP Inc**                                  represented by    **Mark Hedderman Wall**
*a subsidiary of Flowserve Corporation*                        Elmore and Wall
PO Box 1200
Charleston, SC 29402
843-329-9500
Fax: 843-329-9501
Email: mark.wall@elmorewall.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**                            represented by    **Jennifer M Techman**
*a successor by merger*                                        (See above for address)
*formerly known as*                                           *LEAD ATTORNEY*

Viacom Inc                                          *ATTORNEY TO BE NOTICED*
*formerly known as*
Westinghouse Electric Company

**Defendant**

**Crown Cork & Seal USA Inc**          represented by   **Timothy William Bouch**
                                                        Leath Bouch and Crawford
                                                        PO Box 59
                                                        Charleston, SC 29402
                                                        843-937-8811
                                                        Fax: 843-937-0606
                                                        Email: tbouch@leathbouchlaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Fluor Daniel Services Inc**          represented by   **William David Conner**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Moffatt Grier McDonald**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Fluor Daniel Inc**                   represented by   **William David Conner**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Moffatt Grier McDonald**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**  represented by   **Jennifer M Techman**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Gardner Denver Inc**                 represented by   **Steven Wayne Ouzts**
                                                        Turner Padget Graham and Laney
                                                        PO Box 1473
                                                        Columbia, SC 29202
                                                        803-254-2200
                                                        Fax: 803-799-3957
                                                        Email: souzts@turnerpadget.com
                                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technologies LLC**          represented by **Timothy William Bouch**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**                  represented by **Zandra Lynn Johnson**
                                                Smith Moore Leatherwood
                                                PO Box 87
                                                Greenville, SC 29602
                                                864-242-6440
                                                Email:
                                                zandra.johnson@smithmoorelaw.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**General Refractories Company, .**

**Defendant**

**Georgia Pacific LLC**                       represented by **Robert O Meriwether**
*formerly known as*                             (See above for address)
Georgia Pacific Corp                            *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Anthony C Hayes**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **David Gaillard Traylor , Jr**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Grinnell LLC**                              represented by **Robert O Meriwether**
*formerly known as*                             (See above for address)
Grinnell Corporation                            *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Anthony C Hayes**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **David Gaillard Traylor , Jr**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries Inc**                    represented by   **William Ansel Collins , Jr**
                                                          Thomas Dougall Law Office
                                                          1700 Woodcreek Farms Road
                                                          Suite 100
                                                          Elgin, SC 29045
                                                          803-865-8858
                                                          Fax: 803-865-8944
                                                          Email: wcollins@dougallfirm.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Thomas F Dougall**
                                                          Thomas Dougall Law Office
                                                          1713 Woodcreek Farms Road
                                                          Elgin, SC 29045
                                                          803-865-8858
                                                          Fax: 803-865-8944
                                                          Email: tdougall@dougallfirm.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Industrial Holdings Corporation**       represented by   **George L Inabinet , Jr**
*formerly known as*                                       Pierce Herns Sloan and McLeod
Carborundum Company, The                                  PO Box 22437
                                                          Charleston, SC 29413
                                                          843-722-7733
                                                          Fax: 843-722-7732
                                                          Email: beauinabinet@phsm.net
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll Rand Company**                represented by   **Robert Bates Lovett**
                                                          Hunter Maclean Exley and Dunn
                                                          PO Box 9848
                                                          Savannah, GA 31412
                                                          912-236-0261
                                                          Email: blovett@huntermaclean.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **F Saunders Aldridge , III**
                                                          Hunter Maclean Exley and Dunn
                                                          PO Box 9848
                                                          Savannah, GA 31412
                                                          912-236-0261
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**ITT Corporation**
*individually and as successor in interest to*
*Bell & Gossett*

represented by **Franklin Greene**
McGuireWoods (Char NC)
Bank of America Plaza
100 N Tryon Street
Suite 2900
Charlotte, NC 28280
704-373-8527
Fax: 704-373-8826
Email: fgreene@mcguirewoods.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ITT Corporation**
*individually and as successor in interest to*
*Kennedy Valve Manufacturing Company*

represented by **Franklin Greene**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MetLife Inc**

represented by **Mark Hedderman Wall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Service Industries Inc**

represented by **James Dowell Gandy , III**
Pierce Herns Sloan and McLeod
PO Box 22437
Charleston, SC 29413
843-722-7733
Fax: 843-722-7732
Email: trippgandy@phsm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Parker Hannifin Corporation**

represented by **Ronald B Cox**
Profitt and Cox
8910 Two Notch Road
Suite 400
Columbia, SC 29223
803-771-8900
Fax: 803-253-8277
Email: rcox@proffittcox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**

represented by **James Dowell Gandy , III**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Riley Power Inc**                        represented by  **Arthur Timothy Jones**
                                                           Hawkins and Parnell
                                                           4000 Suntrust Plaza
                                                           300 Peachtree Street NE
                                                           Atlanta, GA 30308-3243
                                                           404-614-7400
                                                           Fax: 404-614-7500
                                                           Email: tjones@hplegal.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Robertshaw Controls Company**
*individually and as successor to Fulton*
*Sylphon Company*

**Defendant**

**Sepco Corporation**                      represented by  **Arthur Timothy Jones**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**JR Clarkson Company, The**               represented by  **Robert O Meriwether**
*solely as a successor by merger to*                       (See above for address)
*Anderson Greenwood & Co*                                  *LEAD ATTORNEY*
*formerly known as*                                        *ATTORNEY TO BE NOTICED*
Crosby Valve Inc

**Defendant**

**JR Clarkson Company, The**
*solely as a successor by merger to*
*Anderson Greenwood & Co*
*formerly known as*
JE Longergan Co

**Defendant**

**JR Clarkson Company, The**               represented by  **Robert O Meriwether**
*solely as a successor by merger to*                       (See above for address)
*Anderson Greenwood & Co*                                  *LEAD ATTORNEY*
*formerly known as*                                        *ATTORNEY TO BE NOTICED*
Kunkle Valve Company Inc

**Defendant**

**Trane US Inc**                   represented by    **Robert Bates Lovett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**F Saunders Aldridge , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**       represented by    **William David Conner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Moffatt Grier McDonald**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Uniroyal Inc**
*formerly known as*
United States Rubber Corporation

**Defendant**

**Velan Valve Corporation**         represented by    **Robert H Hood , Jr**
Hood Law Firm
PO Box 1508
Charleston, SC 29402
843-577-4435
Fax: 843-722-1630
Email: bobbyjr.hood@hoodlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Tyson Nettles**
Hood Law Firm
PO Box 1508
Charleston, SC 29402
843-577-4435
Email: tyson.nettles@hoodlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**            represented by    **Robert O Meriwether**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony C Hayes**

(See above for address)
*ATTORNEY TO BE NOTICED*

**David Gaillard Traylor , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Zurn Industries LLC**                  represented by   **Robert O Meriwether**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony C Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Gaillard Traylor , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/13/2010 | 1 | COMPLAINT against All Defendants ( Filing fee $ 350 receipt number 0420-2662457.), filed by Jane W Wilson.(gpre, ) (Modified on 4/15/2010 to replace with corrected document as provided by filing user (gpre, ). (Entered: 04/14/2010) |
| 04/13/2010 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (gpre, ) (Entered: 04/14/2010) |
| 04/14/2010 | 3 | Summons Issued as to All Defendants. (gpre, ) (Additional attachment(s) added on 4/15/2010: # 1 Defendant List) (gpre, ). (Entered: 04/14/2010) |
| 04/28/2010 | 4 | ANSWER to 1 Complaint by Velan Valve Corporation.(Hood, Robert) (Entered: 04/28/2010) |
| 04/28/2010 | 5 | Corporate Disclosure Statement by Velan Valve Corporation identifying Corporate Parent Velan Valve Corporation for Velan Valve Corporation.. (Hood, Robert) (Entered: 04/28/2010) |
| 04/28/2010 | 6 | *Short Form* ANSWER to 1 Complaint *and Certificate of Service* by AW Chesterton Company.(Techman, Jennifer) (Entered: 04/28/2010) |
| 04/28/2010 | 7 | Corporate Disclosure Statement by AW Chesterton Company. (Techman, Jennifer) (Entered: 04/28/2010) |
| 04/28/2010 | 8 | *Short Form* ANSWER to 1 Complaint *and Certificate of Service* by Foster Wheeler Energy Corporation.(Techman, Jennifer) (Entered: 04/28/2010) |
| 04/28/2010 | 9 | Corporate Disclosure Statement by Foster Wheeler Energy Corporation. (Techman, Jennifer) (Entered: 04/28/2010) |
| 04/28/2010 | 10 | (Court only) ***Attorney Christopher Tyson Nettles for Velan Valve Corporation added. (jsmi, ) (Entered: 04/29/2010) |

| 04/29/2010 | 12 | *Entry of Appearance,* ANSWER to 1 Complaint *and Certificate of Service* by CBS Corporation.(Techman, Jennifer) (Entered: 04/29/2010) |
| 04/29/2010 | 13 | Corporate Disclosure Statement by CBS Corporation. (Techman, Jennifer) (Entered: 04/29/2010) |
| 04/30/2010 | 14 | DELETION OF DOCKET ENTRY NUMBER 11 Reason: At the request of the filer, incorrect document, filed in wrong case number. (gpre, ) (Entered: 04/30/2010) |
| 04/30/2010 | 15 | *Entry of Appearance and* ANSWER to 1 Complaint by Trane US Inc.(Lovett, Robert) (Entered: 04/30/2010) |
| 04/30/2010 | 16 | *Entry of Appearance and* ANSWER to 1 Complaint by Ingersoll Rand Company. (Lovett, Robert) (Entered: 04/30/2010) |
| 05/03/2010 | 17 | ANSWER to 1 Complaint *Jury Trial Demanded* by Gardner Denver Inc.(Ouzts, Steven) (Entered: 05/03/2010) |
| 05/04/2010 | 18 | Corporate Disclosure Statement by Gardner Denver Inc. (Ouzts, Steven) (Entered: 05/04/2010) |
| 05/04/2010 | 19 | ANSWER to 1 Complaint by MetLife Inc.(Wall, Mark) (Entered: 05/04/2010) |
| 05/04/2010 | 20 | ANSWER to 1 Complaint by Crown Cork & Seal USA Inc.(Bouch, Timothy) (Entered: 05/04/2010) |
| 05/04/2010 | 21 | ANSWER to 1 Complaint by Garlock Sealing Technologies LLC.(Bouch, Timothy) (Entered: 05/04/2010) |
| 05/04/2010 | 22 | Corporate Disclosure Statement by Crown Cork & Seal USA Inc. (Bouch, Timothy) (Entered: 05/04/2010) |
| 05/04/2010 | 23 | Corporate Disclosure Statement by Garlock Sealing Technologies LLC. (Bouch, Timothy) (Entered: 05/04/2010) |
| 05/05/2010 | 24 | ANSWER to 1 Complaint by IMO Industries Inc.(Collins, William) (Entered: 05/05/2010) |
| 05/05/2010 | 25 | Corporate Disclosure Statement by IMO Industries Inc identifying Corporate Parent Colfax Corporation, Corporate Parent CLFX LLC, Corporate Parent IMO Holdings Inc for IMO Industries Inc.. (Collins, William) (Entered: 05/05/2010) |
| 05/05/2010 | 26 | ANSWER to 1 Complaint by BW IP Inc.(Wall, Mark) (Entered: 05/05/2010) |
| 05/06/2010 | 27 | ANSWER to 1 Complaint by Riley Power Inc.(Jones, Arthur) (Entered: 05/06/2010) |
| 05/06/2010 | 28 | Corporate Disclosure Statement by Riley Power Inc. (Jones, Arthur) (Entered: 05/06/2010) |
| 05/06/2010 | 29 | ANSWER to 1 Complaint by Georgia Pacific LLC.(Meriwether, Robert) (Entered: 05/06/2010) |
| 05/06/2010 | 30 | ANSWER to 1 Complaint by Grinnell LLC.(Meriwether, Robert) (Entered: 05/06/2010) |
| 05/06/2010 | 31 | ANSWER to 1 Complaint by JR Clarkson Company, formerly known as JE Longergan Company.(Meriwether, Robert) Modified on 5/7/2010 to edit text (gpre, ). (Entered: 05/06/2010) |

| 05/06/2010 | 32 | ANSWER to 1 Complaint by JR Clarkson Company, formerly known as Kunkle Valve Company Inc.(Meriwether, Robert) Modified on 5/7/2010 to edit text (gpre, ). (Entered: 05/06/2010) |
| 05/06/2010 | 33 | ANSWER to 1 Complaint by 3M Company.(Meriwether, Robert) (Entered: 05/06/2010) |
| 05/06/2010 | 34 | ANSWER to 1 Complaint by Yarway Corporation.(Meriwether, Robert) (Entered: 05/06/2010) |
| 05/06/2010 | 35 | ANSWER to 1 Complaint by Zurn Industries LLC.(Meriwether, Robert) (Entered: 05/06/2010) |
| 05/06/2010 | 36 | ANSWER to 1 Complaint by Bayer Cropscience Inc.(Conner, William) (Entered: 05/06/2010) |
| 05/06/2010 | 37 | ANSWER to 1 Complaint by Union Carbide Corporation.(Conner, William) (Entered: 05/06/2010) |
| 05/06/2010 | 38 | ANSWER to 1 Complaint by Fluor Daniel Inc.(Conner, William) (Entered: 05/06/2010) |
| 05/06/2010 | 39 | ANSWER to 1 Complaint by Fluor Daniel Services Inc.(Conner, William) (Entered: 05/06/2010) |
| 05/07/2010 | 40 | ANSWER to 1 Complaint by Parker Hannifin Corporation.(Cox, Ronald) (Entered: 05/07/2010) |
| 05/07/2010 | 41 | DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 by Parker Hannifin Corporation.(Cox, Ronald) (Entered: 05/07/2010) |
| 05/10/2010 | 42 | ANSWER to 1 Complaint by National Service Industries Inc.(Gandy, James) (Entered: 05/10/2010) |
| 05/10/2010 | 43 | ANSWER to 1 Complaint by Rapid American Corporation.(Gandy, James) (Entered: 05/10/2010) |
| 05/11/2010 | 44 | ANSWER to 1 Complaint by ITT Corporation(individually and as successor in interest to Kennedy Valve Manufacturing Company), ITT Corporation(individually and as successor in interest to Bell & Gossett).(Greene, Franklin) (Entered: 05/11/2010) |
| 05/11/2010 | 45 | Local Rule 26.01 Answers to Interrogatories by ITT Corporation(individually and as successor in interest to Kennedy Valve Manufacturing Company), ITT Corporation(individually and as successor in interest to Bell & Gossett).(Greene, Franklin) (Entered: 05/11/2010) |
| 05/12/2010 | 46 | ANSWER to 1 Complaint by Sepco Corporation.(Jones, Arthur) (Entered: 05/12/2010) |
| 05/12/2010 | 47 | Corporate Disclosure Statement by Sepco Corporation. (Jones, Arthur) (Entered: 05/12/2010) |
| 05/24/2010 | 48 | ANSWER to 1 Complaint by Industrial Holdings Corporation.(Inabinet, George) (Entered: 05/24/2010) |

| 08/09/2010 | 49 | ANSWER to 1 Complaint by General Electric Company.(Johnson, Zandra) (Entered: 08/09/2010) |
| 08/09/2010 | 50 | Corporate Disclosure Statement by General Electric Company. (Johnson, Zandra) (Entered: 08/09/2010) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | Civil Action No. MDL 875 |
| _____ | : | |
| | : | |
| This Document Relates to: | : | |
| | : | |
| Jane W. Wilson, Personal Representative for the Estate of, Claude Donald Wilson, deceased, | : | |
| | : | |
| Plaintiff, | : | District of South Carolina |
| vs. | : | Civil Action No. 6:10-cv-00905 |
| 3M Company, *(f/k/a Minnesota Mining and Manufacutring Company)*; | : | |
| A. W. Chesterton Company; | : | |
| Bayer Cropscience, Inc. *(individually and as successor to Aventis Cropscience USA, INC.; f/k/a Rhone-Poulence AG CO.)*; | : | **COMPLAINT** |
| BW/IP Inc., *(a subsidiary of Flowserve Corporation*; CBS Corporation, *(f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation)*; | : | |
| CBS Corporation *(f/k/a Viacom, Inc., successor by Merger to CBS Corporation, f/k/a Westinghouse Electric Corporation)*; | : | **Plaintiff Demands A Jury Trial** |
| CROWN Cork & Seal USA, Inc.; | : | |
| Fluor Daniel Services, Inc.; | : | |
| Fluor Daniel, Inc.; | : | |
| Foster Wheeler Energy Corporation; | : | |
| Gardner Denver, Inc.; | : | |
| Garlock Sealing Technologies LLC; | : | |
| General Electric Company; | : | |
| General Refractories Company; | : | |
| Georgia-Pacific LLC, f/k/a Georgia Pacific Corp; | : | |
| Grinnell LLC *(f/k/a Grinnell Corp)*; | : | |
| IMO Industries, Inc.; | : | |
| Industrial Holdings Corporation, *(f/k/a The Carborundum Company)*; | : | |
| Ingersoll-Rand Company; | : | |
| ITT Corporation, *(individually and as successor in interest to Bell & Gossett)*; | : | |
| ITT Corporation, *(individually and as successor in interest to Kennedy Valve Manufacturing Company)*; | : | |
| Metlife Inc.; | : | |
| National Service Industries, Inc.; | : | |
| Parker Hannifin Corporation, | : | |

1

Rapid-American Corporation;                                          :
Riley Power, Inc.;                                                   :
Robertshaw Controls Company, *(individually and as*                  :
    *successor to Fulton Sylphon Company);*       :
SEPCO Corporation;                                                   :
The J.R. Clarkson Company, *(solely as a successor by*               :
    *merger to Anderson Greenwood & Co. f/k/a Crosby* :
*Valve, Inc.);*                                                      :
The J.R. Clarkson Company, *(solely as a successor by*               :
    *merger to Anderson Greenwood & Co. f/k/a J.E.* :
    *Longergan Co.)*                               :
The J.R. Clarkson Company, *(solely as a successor by*               :
    *merger to Anderson Greenwood & Co. f/k/a Kunkle* :
    *Valve Company, Inc.;*                         :
Trane U.S. Inc. *(f/k/a American Standard, Inc.);*                   :
Union Carbide Corporation;                                           :
Uniroyal, Inc., (*f/k/a United States Rubber Corporation*);          :
Velan Valve Corporation;                                             :
Yarway Corporation;                                                  :
Zurn Industries, LLC;                                                :

<u>Defendants</u>

    Plaintiff, Jane W. Wilson, as Personal Representative of the Estate of Claude Donald Wilson (deceased) sues the above-named defendants for compensatory and punitive damages and alleges:

    1.    This action is brought pursuant to the South Carolina Wrongful Death Statute, §15-51-10 *et seq*., of the South Carolina Codes of Laws, for the wrongful death of the decedent, Claude Donald Wilson, on behalf of all persons entitled to recover damages.

    2.    The decedent died on April 18, 2008 in Greenville County, South Carolina. The cause of death was lung cancer. The decedent had been diagnosed with asbestosis/lung cancer by Dr. W. Larry Gluck on or about March 8, 2007.

3.     The plaintiff, Jane W. Wilson ("Plaintiff"), is the Personal Representative of the Estate of Claude Donald Wilson, deceased. Plaintiff was appointed Personal Representative of the Estate of Claude Donald Wilson, deceased, on or about May 22, 2008 in Greenville County, South Carolina.

4.     Decedent's exposure to asbestos and/or asbestos-containing products occurred during the years 1968 through 2002 during his various places of employment listed on Schedule I.  Decedent worked as a substation maintenance and engineer manager at various locations in South Carolina and was exposed to various asbestos-containing products while working in South Carolina.   Decedent's exposures to Defendants' asbestos-containing products in South Carolina contributed in part to his contraction of asbestosis and lung cancer, which resulted in his death.

5.     The defendants, as identified in the caption and on the attached "Defendants List," are foreign corporations who are amenable to jurisdiction in the courts of South Carolina by virtue of their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina courts pursuant to the South Carolina Long-Arm Statute. At all material times, each of the named defendants mined, manufactured, processed, imported, converted, compounded, and/or sold substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or were sold, distributed, and used in South Carolina.

6.     At all times pertinent hereto, the defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said defendants.

7.     At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Decedent's employer or to such

3

other entities so that these materials were caused to be used at the Decedent's job sites in South Carolina.

8.    This Court has personal jurisdiction over the defendants because the Defendants are duly licensed to do business in the State of South Carolina and/or, at all material times are or have been engaged in business in the State of South Carolina.

9.    Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in South Carolina.

10.    This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332 because Plaintiff is a Personal Representative appointed in South Carolina and is a citizen of Greenville, SC.  Further, the amount in controversy exceeds $100,000.00, exclusive of interest and costs.

11.    Further, the Court has jurisdiction over this matter pursuant to the Multidistrict Litigation Order dated July 29, 1991, Civil Action No. MDL 875.

12.    Plaintiff has satisfied all conditions precedent to the filing of this action.

<u>FIRST CAUSE OF ACTION</u>
<u>NEGLIGENCE</u>

13.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 12.

14.    At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

15.    The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the decedent.

4

16.     Decedent was a substation maintenance and engineer manager who, for a long period of time, worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of South Carolina.

17.     During the course and scope of his employment, decedent was exposed to defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as asbestosis and lung cancer, which ultimately resulted in death.

18.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products (as mentioned above) that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

19.     Decedent, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons employed as Decedent would be required to and would come into contact with and would work in close proximity to said products.

20.     Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-

containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being.  Further, defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

21.    Decedent's illness and disability are the direct and proximate result of the negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to decedent's body, lungs, respiratory system, skin and health.

22.    Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)    Failed to advise decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)    Failed or omitted to provide the decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)    Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

6

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the defendants did not inform the decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

23.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time that they left the control of the defendants.

24.     Defendants were negligent and breached their duty of due care to decedent by taking or failing to take the actions as previously alleged to avoid harm to the decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

25.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to decedent were reasonably

foreseeable, or should have been reasonably foreseen by defendants.

26.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the decedent developed asbestosis and lung cancer, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

SECOND CAUSE OF ACTION<br>BREACH OF IMPLIED WARRANTY

27.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 26.

28.     The defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

29.     The implied warranty made by the defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the decedent carried out his duties as a substation maintenance and engineer manager working with asbestos and asbestos-containing materials, products or equipment.

30.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, decedent developed asbestos-related illnesses, to-wit: asbestosis and lung cancer, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

THIRD CAUSE OF ACTION<br>GROSS NEGLIGENCE—WILFUL, WANTON, AND RECKLESS CONDUCT

31.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 30.

8

32.     Decedent and others in his position were substation maintenance technicians working in close proximity to the asbestos and asbestos-containing materials of the defendants, and the exposure and hazard to each of them, in decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the defendants, and each of them.

33.     The defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the decedent and others in the decedent's position, and prompted by pecuniary motives, the defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said defendants.  As a result, the decedent has been severely damaged as is set forth below.

34.     The defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users even as late as the 1970's when the defendants had knowledge of the need for monitoring due to prior exposure;

(b)     failure to issue recall-type letters to prior users;

(c)     frustrating the publication of articles on the asbestos health hazards in the literature;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of

9

their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products;

(f)     failing to advise decedent of medical findings known to Defendants concerning the dangers of asbestos exposures;

(g)     suppressing the dissemination of information to decedent concerning the hazards of asbestos exposure.

35.     The acts of the defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of decedent and others similarly situated at a time when defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including decedent and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of decedent and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

36.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

## FOURTH CAUSE OF ACTION
## FALSE REPRESENTATION

37.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 36.

38.     During, before, and after decedent's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure, to decedent in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as decedent, and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

39.     The foregoing representations were material conditions precedent to decedent's continued exposure to asbestos containing products, and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Decedent was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

40.     As a direct and proximate result of decedent's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FIFTH CAUSE OF ACTION
## FAILURE TO WARN

41.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 40.

42.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or

11

significantly contributed to the Decedent's development of asbestosis and lung cancer.

43.     Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to Decedent, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

45.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Decedent of the dangers, including but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Decedent  knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Decedent;

(e)     Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)     Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures; and

(j)     otherwise failing to act reasonably under the totality of the circumstances.

45.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Decedent's employer, and these products were used by Decedent's various employers.  Thus, Defendants had a duty to warn individuals working at Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

46.     Despite Defendants' knowledge of the harm and/or potential harm associated with

13

the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

47.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent.  In the alternative, after the coal tar pitch-containing products left Defendants' control, Defendant became aware of or in the exercise of ordinary care should have known that their product posed a substantial risk of harm to a reasonably foreseeable user, such as the Decedent, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

48.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Decedent to develop asbestosis as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

49.     As a result of the Defendant corporations' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or proper instructions on the use, handling, storage of said products caused decedent to develop asbestosis and lung cancer, which resulted in serious injury, disablement, damage, and death.

14

## COUNT SIX
## DAMAGES

50.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 49.

51.    Plaintiff files this action under and pursuant to S.C. Code Ann. §15-51-10, *et. seq.*, of the South Carolina Code of Laws, and seeks to recover any and all damages allowable and incurred by the Estate of Claude Donald Wilson and all beneficiaries.

52.    As a result of the above-alleged conduct of the Defendants, the decedent developed asbestosis and lung cancer, as a consequence of which, he has been damaged as follows:

(a)    for hospital and medical expenses incidental to decedent's last illness;

(b)    for loss of earnings and future earning power of the decedent;

(c)    for the loss of decedent's general health, strength, and vitality.

(d)    for the loss of pecuniary contributions to the Plaintiff;

(e)    for the loss of aid, companionship, society, and services to the Plaintiff;

(f)    for the future loss of aid, companionship, society, and services to Plaintiff;

(g)    for the pain, mental shock, and suffering of the decedent;

(h)    for all other damages recoverable under the South Carolina Wrongful Statute.

53.    Finally, as a result of the Defendants' conduct in which they acted in willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

15

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, wrongful death damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

**<u>PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u>**

Respectfully submitted,

WALLACE AND GRAHAM, P.A.

<u>s/Mona Lisa Wallace</u>
S.C. Bar No. 15844
Attorney for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC  28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: mwallace@wallacegraham.com

Date: _____

CLAUDE DONALD WILSON, DECEASED
SCHEDULE I
Deceased Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information

DECEASED'S OCCUPATION:

Substation Maintenance and Engineer Manager at Duke Energy
Military Security Service

| EMPLOYER/WORKSITE: | APPROXIMATE DATES |
|---|---|
| Duke Energy – all Duke locations | 5/68 – 8/68; 1972 - 2002 |
| US Air Force – Kelly AFB – San Antonio, TX | 8/6/ - 11/62 |

SMOKING HISTORY:

Non - Smoker

PRODUCTS CONTAINING ASBESTOS:

Raw Asbestos Fiber, Pipe Covering, Block, Cements, Gaskets, Refractory Materials, Boilers, Joint Compounds, Wall Board, and other asbestos containing materials.

DEPENDENTS:

None

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## **DEFENDANTS LIST**

3M Company f/k/a Minnesota Mining and Manufacturing Company
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

A.W. Chesterton Company
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Bayer Cropscience, Inc., individually and as successor to Aventis Cropscience USA, INC. f/k/a Rhone-Poulence AG CO. f/k/a Amchem Products, Inc.
Corporation Service Company - SC
1703 Laurel St
Columbia, SC 29203

BW/IP Inc., a subsidiary of Flowserve Corporation
Flowserve Legal Department
5212 N. O'Connor Blvd
Irving, TX 75039

CBS Corporation
Corporation Service Company - SC
1703 Laurel St
Columbia, SC 29203

CROWN Cork & Seal USA, Inc.
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Fluor Daniel Services, Inc.
Corporation Service Company
1703 Laurel Street
Columbia, SC  29201

Fluor Daniel, Inc.
Corporation Service Company
1703 Laurel Street
Columbia, SC  29201

Foster Wheeler Energy Corporation
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Gardner Denver, Inc.
Corporation Service Company - NY
80 State St
Albany, NY 12207

Garlock Sealing Technologies, LLC
1666 Division St
Palmyra, NY 14522
General Electric Company
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

General Refractories Company
1 Bala Ave. Suite 310
Bala Cynwyd, PA 19004

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation
CT Corporation System - SC
2 Office Park CT Ste 103
Columbia, SC 29223

Grinnell LLC, (f/k/a Grinnell Corp)
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

IMO Industries, Inc.
1009 Lenox Dr Bldg. 4 West
Lawrenceville, NJ 08648

Industrial Holdings Corporation, f/k/a The Carborundum Company
2351 Whirlpool St
Niagara Falls, NY  14305

Ingersoll-Rand Company
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

ITT Corporation, individually and as successor in interest to Kennedy Valve Manufacturing Company
CT Corporation System
111 Eighth Ave
New York, NY  10011

ITT Corporation, individually and as successor in interest to Bell & Gossett

19

CT Corporation System - NY
111 Eighth Ave
New York, NY 10011

Metlife Inc.
200 Park Ave.
New York, NY 10166

National Services Industries, Inc.
Corporation Service Company - GA
40 Technology Parkway S Ste 300
Norcross, GA 30092

Parker Hannifin Corporation
CT Corporation System - SC
2 Office Park CT Ste 103
Columbia, SC 29223

Rapid American Corporation
Corporation Service Company - DE
2711 Centerville Rd Ste 400
Wilmington, DE 19808

Riley Power, Inc.
CT Corporation System - SC
2 Office Park CT Ste 103
Columbia, SC 29223

Robertshaw Controls Company,
1602 Mustang Dr
Maryville, TN 37801

SEPCO Corporation
CT Corporation System - CA
818 W Seventh St
Los Angeles, CA 90017

The J.R. Clarkson Company solely as a successor by merger to Anderson Greenwood & Co. f/k/a J.E.
Longergan Co.
The Corporation Trust Company of Nevada
311 S. Division St.
Carson City, NV 89703

The J.R. Clarkson Company solely as a successor by merger to Anderson Greenwood & Co. f/k/a Kunkle
Valve Company, Inc.
The Corporation Trust Company of Nevada
311 S. Division St.
Carson City, NV 89703

The J.R. Clarkson Company solely as a successor by merger to Crosby Valve, Inc.
The Corporation Trust Company of Nevada

311 S. Division St.
Carson City, NV 89703

Trane U.S. Inc., f/k/a American Standard Inc.
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Union Carbide Corporation
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Uniroyal, Inc., f/k/a/ United States Rubber Company, Inc
70 Great Hill Rd
Naugatuck, CT 06770

Velan Valve Corp
94 Avenue C
Williston, VT  05495

Yarway Corporation
CT Corporation
116 Pine St. Suite 320
Harrisburg, PA 17101

Zurn Industries, LLC
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223