# U.S. District Court
## District of South Carolina (Anderson/Greenwood)
## CIVIL DOCKET FOR CASE #: 8:10-cv-01844-ASB
## Internal Use Only

Dawson v. AW Chesterton Company et al                Date Filed: 07/15/2010
Assigned to: Unassigned - ASB                        Jury Demand: Defendant
Cause: 28:1332 Diversity-Asbestos Litigation         Nature of Suit: 368 P.I. : Asbestos
                                                     Jurisdiction: Diversity

## Plaintiff

**Wilma Dawson**                         represented by    **Mona Lisa Wallace**
*Personal Representative for the Estate of*              Wallace and Graham
*James Lee Dawson, deceased*                             525 North Main Street
*Estate of*                                              Salisbury, NC 28144
James Lee Dawson                                         704-633-5244
                                                         Fax: 704-633-9434
                                                         Email: mwallace@wallacegraham.com
                                                         *ATTORNEY TO BE NOTICED*

V.

## Defendant

**AW Chesterton Company**                represented by    **Jennifer M Techman**
                                                         Evert and Weathersby
                                                         3405 Piedmont Road NE
                                                         Suite 225
                                                         Atlanta, GA 30305
                                                         404-233-8718
                                                         Fax: 404-233-8933
                                                         Email: jmtechman@ewhlaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

## Defendant

**Alfa Laval Inc**                       represented by    **Amy Harmon Geddes**
                                                         Nexsen Pruet Jacobs and Pollard
                                                         PO Drawer 2426
                                                         Columbia, SC 29202
                                                         803-771-8900
                                                         Fax: 803-540-2103
                                                         Email: ageddes@nexsenpruet.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

## Defendant

**Bayer Cropscience Inc**
*individually and as successor to Aventis
Cropscience USA Inc formerly known as
Rhone-Poulence AG CO*

<u>Defendant</u>

**CBS Corporation**                 represented by  **Jennifer M Techman**
*a Delaware Corporation formerly known*              (See above for address)
*as Viacom Inc, successor by merger to*              *LEAD ATTORNEY*
*CBS Corporation, a Pennsylvania*                    *ATTORNEY TO BE NOTICED*
*Corporation, formerly known as*
*Westinghouse Electric Corporation*                  **C Michael Evert , Jr**
                                                     Evert and Weathersby
                                                     3405 Piedmont Road NE
                                                     Suite 225
                                                     Atlanta, GA 30305
                                                     404-233-8718
                                                     *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Certainteed Corporation**

<u>Defendant</u>

**Cleaver Brooks Inc**               represented by  **Steven J Pugh**
                                                     Richardson Plowden and Robinson
                                                     PO Drawer 7788
                                                     Columbia, SC 29202
                                                     803-771-4400
                                                     Fax: 803-779-0016
                                                     Email: spugh@richardsonplowden.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Crane Co**                         represented by  **Robert O Meriwether**
                                                     Nelson Mullins Riley and Scarborough
                                                     PO Box 11070
                                                     Columbia, SC 29211
                                                     803-799-2000
                                                     Fax: 803-255-9060
                                                     Email:
                                                     robert.meriwether@nelsonmullins.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Anthony C Hayes**
                                                     Nelson Mullins Riley and Scarborough
                                                     PO Box 11070
                                                     Columbia, SC 29211
                                                     803-799-2000

Fax: 803-256-7500
Email: anthony.hayes@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**David Gaillard Traylor , Jr**
Nelson Mullins Riley and Scarborough
PO Box 11070
Columbia, SC 29211
803-799-2000
Email: david.traylor@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Curtiss Wright Flow Control**            represented by   **John Edward Cuttino**
**Corporation**                                            Turner Padget Graham and Laney
*individually and as successor of Farris*                  PO Box 1473
*Valves and or Sprague Pumps*                              Columbia, SC 29202
                                                           803-227-4271
                                                           Fax: 803-400-1472
                                                           Email: jcuttino@turnerpadget.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Flowserve Corporation**
*individually and as successor to Anchor*
*Darling Valve Company*

**Defendant**

**Flowserve Corporation**                  represented by   **Mark Hedderman Wall**
*individually and as successor to Duriron*                  Elmore and Wall
*Co Inc and Durco International Inc*                         PO Box 1200
                                                            Charleston, SC 29402
                                                            843-329-9500
                                                            Fax: 843-329-9501
                                                            Email: mark.wall@elmorewall.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Flowserve US Inc**
*individuallly and as successor to Edward*
*Valves Inc*

**Defendant**

**Foster Wheeler Energy Corporation**      represented by   **Jennifer M Techman**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Capital Company**

**Defendant**

| | | |
|---|---|---|
| **Georgia Pacific LLC** | represented by | **Robert O Meriwether** |
| *formerly known as Georgia Pacific Corp* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Anthony C Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Gaillard Traylor , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gould Pumps Inc**

**Defendant**

**IMO Industries Inc**

**Defendant**

| | | |
|---|---|---|
| **Ingersoll Rand Company** | represented by | **Robert Bates Lovett** |
| | | Hunter Maclean Exley and Dunn |
| | | PO Box 9848 |
| | | Savannah, GA 31412 |
| | | 912-236-0261 |
| | | Email: blovett@huntermaclean.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Metlife** | represented by | **Mark Hedderman Wall** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

**National Services Industries**
*formerly known as North Brothers*
*Company and North Brothers Corporation*

**Defendant**

**Parker Hannifin Corporation**

**Defendant**

**Rapid American Corporation**                    represented by   **James Dowell Gandy , III**
Pierce Herns Sloan and McLeod
PO Box 22437
Charleston, SC 29413
843-722-7733
Fax: 843-722-7732
Email: trippgandy@phsm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Riley Power Inc**                                represented by   **Arthur Timothy Jones**
*formerly known as Babcock Borsig Power*                          Hawkins and Parnell
*Inc, formerly known as DB Riley Inc,*                            4000 Suntrust Plaza
*formerly known as Riley Stoker*                                  300 Peachtree Street NE
*Corporation*                                                     Atlanta, GA 30308-3243
404-614-7400
Fax: 404-614-7500
Email: tjones@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robertshaw Controls Company**
*individually and as successor to Fulton*
*Sylphon Company*

**Defendant**

**Sepco Corporation**

**Defendant**

**JR Clarkson Company, The**
*solely as a successor or by merger to*
*Crosby Valve Inc*

**Defendant**

**Trane US Inc**                                   represented by   **Robert Bates Lovett**
*formerly known as American Standard Inc*                         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Velan Valve Corporation**                        represented by   **Robert H Hood , Jr**
Hood Law Firm
PO Box 1508
Charleston, SC 29402
843-577-4435
Fax: 843-722-1630
Email: bobbyjr.hood@hoodlaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Christopher Tyson Nettles**
Hood Law Firm
PO Box 1508
Charleston, SC 29402
843-577-4435
Email: tyson.nettles@hoodlaw.com
*ATTORNEY TO BE NOTICED*

**Robert H Hood**
Hood Law Firm
PO Box 1508
Charleston, SC 29402
843-577-4435
Fax: 843-722-1630
Email: info@hoodlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**         represented by    **Robert O Meriwether**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                        **Anthony C Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                        **David Gaillard Traylor , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Zurn Industries LLC**         represented by    **Robert O Meriwether**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                        **Anthony C Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                        **David Gaillard Traylor , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 07/15/2010 | 1 | COMPLAINT against All Defendants ( Filing fee $ 350 receipt number 0420-2834615.), filed by Wilma Dawson.(gpre, ) (Entered: 07/16/2010) |
| 07/15/2010 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (gpre, ) Modified on 7/16/2010 to correct filed date (gpre, ). (Entered: 07/16/2010) |
| 07/16/2010 | 3 | Summons Issued as to All Defendants. (gpre, ) (Entered: 07/16/2010) |
| 08/02/2010 | 4 | ANSWER to 1 Complaint by Velan Valve Corporation.(Hood, Robert) (Entered: 08/02/2010) |
| 08/02/2010 | 5 | Corporate Disclosure Statement by Velan Valve Corporation identifying Corporate Parent Velan Inc., Other Affiliate Velan Valve Inc. for Velan Valve Corporation.. (Hood, Robert) (Entered: 08/02/2010) |
| 08/06/2010 | 6 | ANSWER to 1 Complaint *Jury Trial Demanded* by Curtiss Wright Flow Control Corporation.(Cuttino, John) (Entered: 08/06/2010) |
| 08/06/2010 | 7 | Corporate Disclosure Statement by Curtiss Wright Flow Control Corporation identifying Corporate Parent Curtiss-Wright Corporation for Curtiss Wright Flow Control Corporation.. (Cuttino, John) (Entered: 08/06/2010) |
| 08/09/2010 | 8 | *Entry of Appearance and* ANSWER to 1 Complaint by Ingersoll Rand Company. (Lovett, Robert) (Entered: 08/09/2010) |
| 08/09/2010 | 9 | *Entry of Appearance and* ANSWER to 1 Complaint by Trane US Inc.(Lovett, Robert) (Entered: 08/09/2010) |
| 08/09/2010 | 10 | ANSWER to 1 Complaint by Alfa Laval Inc.(Geddes, Amy) (Entered: 08/09/2010) |
| 08/09/2010 | 11 | Corporate Disclosure Statement by Alfa Laval Inc. (Geddes, Amy) (Entered: 08/09/2010) |
| 08/10/2010 | 12 | *ENTRY OF APPEARANCE AND SHORT FORM* ANSWER to 1 Complaint by Cleaver Brooks Inc.(Pugh, Steven) (Entered: 08/10/2010) |
| 08/10/2010 | 13 | *Short Form* ANSWER to 1 Complaint *and Certificate of Service* by AW Chesterton Company.(Techman, Jennifer) (Entered: 08/10/2010) |
| 08/10/2010 | 14 | Corporate Disclosure Statement by AW Chesterton Company. (Techman, Jennifer) (Entered: 08/10/2010) |
| 08/10/2010 | 15 | *Short Form* ANSWER to 1 Complaint *and Certificate of Service* by Foster Wheeler Energy Corporation.(Techman, Jennifer) (Entered: 08/10/2010) |
| 08/10/2010 | 16 | Corporate Disclosure Statement by Foster Wheeler Energy Corporation. (Techman, Jennifer) (Entered: 08/10/2010) |
| 08/10/2010 | 17 | *Entry of Appearance,* ANSWER to 1 Complaint *and Certificate of Service* by CBS Corporation.(Techman, Jennifer) (Entered: 08/10/2010) |
| 08/10/2010 | 18 | Corporate Disclosure Statement by CBS Corporation. (Techman, Jennifer) (Entered: 08/10/2010) |
| 08/10/2010 | 19 | ANSWER to 1 Complaint by Rapid American Corporation.(Gandy, James) (Entered: 08/10/2010) |
| 08/10/2010 | 20 | ANSWER to Complaint by Crane Co.(Meriwether, Robert) (Entered: 08/10/2010) |

| 08/10/2010 | 21 | ANSWER to Complaint by Georgia Pacific LLC.(Meriwether, Robert) (Entered: 08/10/2010) |
| 08/10/2010 | 22 | (Court only) ***Attorney C Michael Evert, Jr for CBS Corporation added. (gpre, ) (Entered: 08/10/2010) |
| 08/10/2010 | 23 | ANSWER to Complaint by Yarway Corporation.(Meriwether, Robert) (Entered: 08/10/2010) |
| 08/10/2010 | 24 | ANSWER to Complaint by Zurn Industries LLC.(Meriwether, Robert) (Entered: 08/10/2010) |
| 08/10/2010 | 25 | (Court only) ***Attorney David Gaillard Traylor, Jr,Anthony C Hayes for Crane Co, for Georgia Pacific LLC, for Yarway Corporation, for Zurn Industries LLC added. (gpre, ) (Entered: 08/10/2010) |
| 08/11/2010 | 26 | ANSWER to 1 Complaint by Flowserve Corporation(individually and as successor to Duriron Co Inc and Durco International Inc).(Wall, Mark) (Entered: 08/11/2010) |
| 08/11/2010 | 27 | ANSWER to 1 Complaint *for Wronful Death* by Riley Power Inc.(Jones, Arthur) (Entered: 08/11/2010) |
| 08/11/2010 | 28 | Corporate Disclosure Statement by Riley Power Inc. (Jones, Arthur) (Entered: 08/11/2010) |
| 08/12/2010 | 29 | ANSWER to 1 Complaint by Metlife.(Wall, Mark) (Entered: 08/12/2010) |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)
_____

This Document Relates to:

 Wilma Dawson, Personal Representative for the
Estate of, James Lee Dawson  deceased,

Plaintiff,

vs.

A. W. Chesterton Company;
Alfa Laval, Inc.;
Bayer Cropscience, Inc. (*individually and as successor
 to Aventis Cropscience USA, INC.; f/k/a Rhone-
 Poulence AG CO.);*
CBS Corporation *(a Delaware Corporation f/k/a Viacom,
 Inc., successor by merger to CBS Corporation, a
 Pennsylvania Corporation, f/k/a Westinghouse
 Electric Corporation);*
CertainTeed Corporation;
Cleaver-Brooks, Inc.;
Crane Co.;
Curtiss-Wright Flow Control Corporation, (*Individually
 and as Successor of Farris Valves and/or Sprague
 Pumps);*
Flowserve Corporation, (*individually and as successor to
 Anchor/Darling Valve Company)*;
Flowserve Corporation, (*individually and as successor to
 Duriron Co., Inc., and Durco International Inc.);*
Flowserve US Inc., (*individually and as successor to
 Edward Valves Inc.*);
Foster Wheeler Energy Corporation;
General Electric Company;
Georgia-Pacific LLC, (*f/k/a Georgia Pacific Corp*);
Goulds Pumps, Inc.;
IMO Industries, Inc.;
Ingersoll-Rand Company;
Metlife Inc.;
National Services Industries, Inc.
 (*f/k/a North Brothers Company ) and North Brothers
 Corporation*;

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO: 8:10-cv-1844

**COMPLAINT FOR
WRONGFUL DEATH**

**Plaintiff Demands A
Jury Trial**

1

Parker Hannifin Corporation;                                          :
Rapid American Corporation;                                           :
Riley Power, Inc. *(f/k/a Babcock Borsig Power, Inc., f/k/a*          :
    *D.B. Riley, Inc., f/k/a Riley Stoker Corporation);*             :
Robertshaw Controls Company, *(individually and as*                  :
    *successor to Fulton Sylphon Company);*                         :
SEPCO Corporation;                                                   :
The J.R. Clarkson Company *(solely as a successor or by*             :
    *Merger to Crosby Valve, Inc.);*                                :
Trane U.S. Inc. *(f/k/a American Standard, Inc.);*                   :
Velan Valve Corp.;                                                   :
Yarway Corporation;
Zurn Industries, LLC;
                                                                     :
                            Defendants

Plaintiff, Wilma Dawson, as Personal Representative of the Estate of James Lee Dawson (deceased) sues the above-named defendants for compensatory and punitive damages and alleges:

1.      This action is brought pursuant to the South Carolina Wrongful Death Statute, §15-51-10 *et seq*., of the South Carolina Codes of Laws, for the wrongful death of the decedent, James Lee Dawson, on behalf of all persons entitled to recover damages.

2.      The decedent died on October 24, 2008 in Greenville, South Carolina. The cause of death was lung cancer. The decedent had been diagnosed with asbestosis/lung cancer at Greenville Memorial Hospital on or about July 18, 2008.

3.      The plaintiff, Wilma Dawson ("Plaintiff"), is the Personal Representative of the Estate of James Lee Dawson, deceased. Plaintiff was appointed Personal Representative of the Estate of James Lee Dawson, deceased, on or about December 4, 2009 in Anderson, South Carolina.

4.     Decedent's exposure to asbestos and/or asbestos-containing products occurred during the years 1955 through 1991 during his various places of employment listed on Schedule I.  Decedent worked as a pipe fitter helper and carpenter at various locations in South Carolina and was exposed to various asbestos-containing products while working in South Carolina. Decedent's exposures to Defendants' asbestos-containing products in South Carolina contributed in part to his contraction of asbestosis and lung cancer, which resulted in his death.

5.     The defendants, as identified in the caption and on the attached "Defendants List," are foreign corporations who are amenable to jurisdiction in the courts of South Carolina by virtue of their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina courts pursuant to the South Carolina Long-Arm Statute. At all material times, each of the named defendants mined, manufactured, processed, imported, converted, compounded, and/or sold substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or were sold, distributed, and used in South Carolina.

6.     At all times pertinent hereto, the defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said defendants.

7.     At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Decedent's employer or to such other entities so that these materials were caused to be used at the Decedent's job sites in South Carolina.

8.     This Court has personal jurisdiction over the defendants because the Defendants are duly licensed to do business in the State of South Carolina and/or, at all material times are or

have been engaged in business in the State of South Carolina.

9.  Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in South Carolina.

10.  This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332 because Plaintiff is a Personal Representative appointed in South Carolina and is a citizen of Anderson, SC.  Further, the amount in controversy exceeds $100,000.00, exclusive of interest and costs.

11.  Further, the Court has jurisdiction over this matter pursuant to the Multidistrict Litigation Order dated July 29, 1991, Civil Action No. MDL 875.

12.  Plaintiff has satisfied all conditions precedent to the filing of this action.

<u>FIRST CAUSE OF ACTION</u>
<u>NEGLIGENCE</u>

13.  Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 12.

14.  At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

15.  The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the decedent.

16.  Decedent was a pipe fitter helper and carpenter who, for a long period of time, worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of South Carolina.

4

17.     During the course and scope of his employment, decedent was exposed to defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as asbestosis and lung cancer, which ultimately resulted in death.

18.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products (as mentioned above) that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

19.     Decedent, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons employed as Decedent would be required to and would come into contact with and would work in close proximity to said products.

20.     Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being.  Further,

5

defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

21.     Decedent's illness and disability are the direct and proximate result of the negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to decedent's body, lungs, respiratory system, skin and health.

22.     Defendants breached their duties and were negligent in the following acts and/or omissions:

> (a)     Failed to advise decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;
>
> (b)     Failed or omitted to provide the decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;
>
> (c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;
>
> (d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;
>
> (e)     Inadequately warned, if, in fact, they warned at all, persons such as decedent of

6

the dangers to their health in coming in contact with and breathing said asbestos

fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)    Did not recommend methods to improve the work environment;

(g)    Did not develop alternative products;

(h)    Continued to use a known cancer-causing product, to-wit: asbestos; and

(i)    After discovering that the asbestos exposure caused a progressive lung disease,
the defendants did not inform the decedent of the need for monitoring and
periodic evaluations up to and including the filing of this complaint.

23.    Defendants, at the time of designing, manufacturing, distributing, selling, or

otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the

stream of commerce, knew, or in the exercise of reasonable care, should have known about the

risks associated with their products.  The products in question were defective at the time that

they left the control of the defendants.

24.    Defendants were negligent and breached their duty of due care to decedent by

taking or failing to take the actions as previously alleged to avoid harm to the decedent and other

foreseeable users, in light of the reasonably foreseeable dangers caused by the design,

manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or

equipment at issue in the stream of commerce.

25.    The hazards posed by exposure to asbestos and/or asbestos-containing products,

materials or equipment and the resulting injuries and damages to decedent were reasonably

foreseeable, or should have been reasonably foreseen by defendants.

26.    As a direct and proximate result of the aforesaid negligent acts and/or omissions

by the Defendants, the decedent developed asbestosis and lung cancer, as a consequence of

which, through no fault of his own, he became severely injured, disabled, damaged, and died.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

27.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 26.

28.    The defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

29.    The implied warranty made by the defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the decedent carried out his duties as a pipe fitter and carpenter working with asbestos and asbestos-containing materials, products or equipment.

30.    As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, decedent developed asbestos-related illnesses, to-wit: asbestosis and lung cancer, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

## THIRD CAUSE OF ACTION
## GROSS NEGLIGENCE—WILFUL, WANTON, AND RECKLESS CONDUCT

31.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 30.

32.    Decedent and others in his position were pipe fitter helpers and carpenters working in close proximity to the asbestos and asbestos-containing materials of the defendants, and the exposure and hazard to each of them, in decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the defendants, and each of them.

33. The defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the decedent and others in the decedent's position, and prompted by pecuniary motives, the defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said defendants. As a result, the decedent has been severely damaged as is set forth below.

34. The defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a) failure to warn prior users even as late as the 1970's when the defendants had knowledge of the need for monitoring due to prior exposure;

(b) failure to issue recall-type letters to prior users;

(c) frustrating the publication of articles on the asbestos health hazards in the literature;

(d) rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e) The intentional inadequacy of (and delay in the use of) the warnings on asbestos products;

9

(f) failing to advise decedent of medical findings known to Defendants concerning the dangers of asbestos exposures;

(g) suppressing the dissemination of information to decedent concerning the hazards of asbestos exposure.

35. The acts of the defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of decedent and others similarly situated at a time when defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including decedent and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of decedent and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

36. Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

FOURTH CAUSE OF ACTION
FALSE REPRESENTATION

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 36.

10

38.     During, before, and after decedent's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure, to decedent in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as decedent, and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

39.     The foregoing representations were material conditions precedent to decedent's continued exposure to asbestos containing products, and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Decedent was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

40.     As a direct and proximate result of decedent's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FIFTH CAUSE OF ACTION
## FAILURE TO WARN

41.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 40.

42.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or significantly contributed to the Decedent's development of asbestosis and lung cancer.

43.     Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to Decedent, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

11

45. Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Decedent of the dangers, including but not limited to:

(a) Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b) Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c) Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d) Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Decedent;

(e) Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f) Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures; and

(j)     otherwise failing to act reasonably under the totality of the circumstances.

45.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, to Decedent's employer, and these products were used by Decedent's various employers. Thus, Defendants had a duty to warn individuals working at Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-

containing products, materials, or equipment.

46.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

47.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent.   In the alternative, after the asbestos containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to a reasonably foreseeable user, such as the Decedent, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

48.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Decedent to develop asbestosis as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

49.     As a result of the Defendant corporations' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or proper instructions on the use, handling, storage of said products

caused decedent to develop asbestosis and lung cancer, which resulted in serious injury, disablement, damage, and death.

COUNT SIX
DAMAGES

50.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 49.

51.    Plaintiff files this action under and pursuant to S.C. Code Ann. §15-51-10, *et. seq.*, of the South Carolina Code of Laws, and seeks to recover any and all damages allowable and incurred by the Estate of James Lee Dawson and all beneficiaries.

52.    As a result of the above-alleged conduct of the Defendants, the decedent developed asbestosis and lung cancer, as a consequence of which, he has been damaged as follows:

(a)    for hospital and medical expenses incidental to decedent's last illness;

(b)    for loss of earnings and future earning power of the decedent;

(c)    for the loss of decedent's general health, strength, and vitality.

(d)    for the loss of pecuniary contributions to the Plaintiff;

(e)    for the loss of aid, companionship, society, and services to the Plaintiff;

(f)    for the future loss of aid, companionship, society, and services to Plaintiff;

(g)    for the pain, mental shock, and suffering of the decedent;

(h)    for all other damages recoverable under the South Carolina Wrongful Statute.

53.    Finally, as a result of the Defendants' conduct in which they acted in willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish

15

the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

WHEREFORE, the Plaintiff verily believes she is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, wrongful death damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

WALLACE AND GRAHAM, P.A.

s/Mona Lisa Wallace
S.C. Bar No. 15844
Attorney for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC  28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: mwallace@wallacegraham.com

Date: _____

JAMES LEE DAWSON, DECEASED
SCHEDULE I
Deceased Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information

DECEASED'S OCCUPATION:
Carpenter Helper
Part-Time Garbage Truck Driver
Fireman
Garbage Truck Driver
Retail Route Salesman
Carpenter
Retail Route Sales
Truck Driver
Material Handler
Pipe Fitter Helper
Carpenter – Skimmer Foreman
Pipe Fitter
Plumber

| EMPLOYER/WORKSITE: | APPROXIMATE DATES |
|---|---|
| Color Prints, Inc. – Honolulu, HI | 01/01/1955 – 03/31/1955 |
| Dawson Construction – Knoxville, TN | 01/01/1956 – 12/31/1957 |
| Fountain City Disposal Company – Fountain City, TN | 04/01/1956 – 06/30/1965 |
| Norwood Fire Department – Knoxville, TN | 07/01/1956 – 03/31/1957 |
| R.K. Vann – Knoxville, TN | 01/01/1960 – 03/31/1960 |
| McCampbells Dairy Inc. – Fountain City, TN | 04/01/1960 – 06/30/1960 |
| James A. Robertson Ice Cream – Lebanon, TN | 01/01/1961 – 03/31/1961 |
| Browning Ferris Industries – Knoxville, TN | 01/01/1961 – 09/30/1962 |
| Wolfe Dairies Inc. – Knoxville, TN | 07/01/1961 – 09/30/1961 |
| US Army – Virginia | 07/01/1961 – 06/30/1962 |
| Bruin Supply Corp. – Knoxville, TN | 10/01/1962 – 12/31/1962 |
| Knox Farmers Cooperative – Knoxville, TN | 10/01/1962 – 12/31/1962 |
| Browning Ferris Industries – Knoxville, TN | 07/01/1965 – 03/31/1966 |
| W.M. Wilson Building Contractors – Knoxville, TN | 10/01/1965 – 12/31/1965 |
| Carolina Mechanical Contractor Inc – Greenville, SC | 01/01/1966 – 12/31/1967 |
| Daniel International Corp – Chemstrand Greenwood, SC | 01/01/1966 – 09/30/1968 |
| Daniel International Corp – Dewey Chemical Inman, SC | 01/01/1966 – 09/30/1968 |
| Daniel International Corp – General Electric Greenville, SC | 01/01/1966 – 09/30/1968 |
| Daniel International Corp – Owens-Corning Fiberglass Aiken, SC | 01/01/1966 – 09/30/1968 |
| Daniel International Corp – Watts Cotton Mill Laurens, SC | 01/01/1966 – 09/30/1968 |
| South Atlantic Construction – Greenwood, SC | 01/01/1967 – 06/30/1967 |

17

| General Heating & Air Conditioning Inc –<br>    General Electric Greenville, SC | 07/01/1968 – 09/30/1968 |
| Southwest Industrial Contracto General<br>    Electric Greenville, SC | 07/01/1968 – 09/30/1968 |
| Freeman Mechanical Company<br>    Wofford College Spartanburg, SC | 07/01/1968 – 03/31/1969 |
| Sanitary Plumbing & Heating Co Inc<br>    Bob Jones University Greenville, SC | 04/01/1969 – 06/30/1969 |
| Duke Energy Corporation – Oconee | 04/02/1969 – 12/05/1973 |
| Duke Energy Corporation – Belews Creek | 12/05/1973 – 08/01/1974 |
| Duke Energy Corporation – McGuire | 08/01/1974 – 11/01/1977 |
| Duke Energy Corporation – Catawba | 11/01/1977 – 07/16/1984 |
| Duke Energy Corporation – Lee | 11/01/1977 – 07/16/1984 |
| Duke Energy Corporation – McGuire | 07/16/1984 – 10/01/1991 |
| Duke Energy Corporation – Oconee | 07/16/1984 – 10/01/1991 |

## PRODUCTS CONTAINING ASBESTOS:

Raw Asbestos Fiber, Pipe Covering, Block, Cements, Gaskets, Refractory Materials, Boilers, Joint Compounds, Wall Board, and other asbestos containing materials.

18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

**DEFENDANTS LIST**

A.W. Chesterton Company
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Alfa Laval, Inc
5400 International Trade Dr.
Richmond, VA 23231

Bayer Cropscience, Inc., individually and as successor to Aventis Cropscience USA, INC. f/k/a
Rhone-Poulence AG CO. f/k/a Amchem Products, Inc.
Corporation Service Company - SC
1703 Laurel St
Columbia, SC 29203

CBS Corporation a Delaware Corporation f/k/a Viacom, Inc., successor by merger to CBS
Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation
1703 Laurel St
Columbia, SC 29203

CertainTeed Corporation
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Cleaver-Brooks, Inc.
11950 W Lake Park Dr.
Milwaukee, WI 53224

Crane Co.
1209 Orange St.
Wilmingtom, DE 19801

Curtiss-Wright Flow Control Corporation, Individually and as Successor of Farris Valves and/or
Sprague Pumps
2 Office Park CT Ste 103
Columbia, SC 29223

Flowserve Corporation, individually and as successor to Anchor/Darling Valve Company
5215 N. O'Connor Blvd. Ste 2300
Irving, TX 75039

19

Flowserve Corporation, individually and as successor to Duriron Co., Inc., and Durco International Inc.
5215 N. O'Connor Blvd. Ste 2300
Irving, TX 75039

Flowserve US Inc., individually and as successor to Edward Valves Inc.
5215 N. O'Connor Blvd. Ste 2300
Irving, TX 75039

Foster Wheeler Energy Corporation
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

General Electric Company
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation
CT Corporation System - SC
2 Office Park CT Ste 103
Columbia, SC 29223

Goulds Pumps, Inc.
240 Fall St.
Seneca Falls, NY 13148

IMO Industries, Inc.
1009 Lenox Dr.
Bldg. 4 West
Lawrenceville, NJ 08648

Ingersoll-Rand Company
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Metlife Inc.
200 Park Ave.
New York, NY 10166

National Services Industries, Inc. (f/k/a North Brothers Company) and North Brothers Corporation
Corporation Service Company - GA
40 Technology Parkway S Ste 300
Norcross, GA 30092

Parker Hannifin Corporation
2 Office Park CT Ste 103
Columbia, SC 29223

Rapid American Corporation
Corporation Service Company - DE
2711 Centerville Rd Ste 400
Wilmington, DE 19808

Riley Power, Inc., f/k/a Babcock Borsig Power, Inc., f/k/a/ D.B. Riley, Inc., f/k/a Riley Stoker
Corporation
CT Corporation System - SC
2 Office Park CT Ste 103
Columbia, SC 29223

Robertshaw Controls Company, Individually and as successor to Fulton Sylphon Company,
1602 Mustang Dr
Maryville, TN 37801

SEPCO Corporation
818 W Seventh St.
Los Angeles, CA 90017

The J.R. Clarkson Company solely as a successor or by merger to Crosby Valve, Inc.
311 S. Division St.
Carson City, NV 89703

Trane U.S. Inc., f/k/a American Standard Inc.
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Velan Valve Corp
94 Avenue C
Williston, VT  05495

Yarway Corporation
CT Corporation
116 Pine St. Suite 320
Harrisburg, PA 17101

Zurn Industries, LLC
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223