ASBESTOS

# U.S. District Court
## Western District of North Carolina (Asheville)
## CIVIL DOCKET FOR CASE #: 1:10−cv−00238−MR

Morgan et al v. 3M Company et al
Assigned to: District Judge Martin Reidinger
Demand: $75,000,000
Cause: 28:1332 Diversity−Asbestos Litigation

Date Filed: 10/15/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Joseph D Morgan**
*individually and as co−executor of the*
*estate of Eugene C. Morgan, deceased*

represented by **Janet Ward Black**
Ward Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
336−273−3812
Fax: 336−312−4571
Email: jwblack@wardblacklaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisa M Bowling**
*individually and as co−executor of the*
*estate of Eugene C. Morgan, deceased*

represented by **Janet Ward Black**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**
*a Delaware Corporation*
*also known as*
Minnesota Mining &Manufacturing
Company

**Defendant**

**A.W. Chesterton Company**
*a Massachusetts corporation*

**Defendant**

**Air &Liquid Systems Corporation**
*as succesor by merger to Buffalo Pumps,*
*Inc. A Pennsylvania Corporation*

**Defendant**

**Alfa Laval, Inc.**
*Individually and as successor−in−interest*
*to Sharples, inc., Alfa−Laval Separation,*
*Inc and Delval Separator Company, a*
*Delaware Corporation*

**Defendant**

**Aurora Pump**
*a Foreign Corporation*

**Defendant**

**Baldwin−Lima−Hamilton**
*a Foreign Corporation*

**Defendant**

**Bayer CropScience, Inc.**
*a successor in interest to Benjamin Foster*
*Company, a Delaware Corporation*
*formerly known as*
Aventis Cropscience USA Inc.
*formerly known as*
Rhone–Poulenc AG Company, Inc.
*formerly known as*
Rhone Poulenc, Inc.
*formerly known as*
Union Carbide Agricultural Products, Inc.
*formerly known as*
Amchem Products, Inc.

**Defendant**

**Borg–Warner Corporation**
*by Its Successor–in–interest to*
*BORGWARNER MORSE TEC INC., a*
*Delaware Corporation*

**Defendant**

**CertainTeed Corporation**
*a Delaware Corporation*

**Defendant**

**Crane Co.**
*a Delaware Corporation*

**Defendant**

**Crown Cork &Seal Company, Inc.**
*a Delaware Corporation*

**Defendant**

**Elliott Turbomachinery Company**
*a Delaware Corporation*

**Defendant**

**Florida Power &Light**
*a Florida Corporation*

**Defendant**

**Flowserve US, Inc.**
*Individually and as Successor to Byron*
*Jackson Pump Company f/k/a Flowserve*
*Pump Corporation, a Delaware*
*Corporation*

**Defendant**

**Fluor Enterprises, Inc.**
*Successor–in–Interest corporation to a*
*merger between Fluor Construction*
*Corporation and Daniel Construction*
*Company, a Foreign Corporation*

**Defendant**

**Foster Wheeler Energy Corporation**
*a New York Corporation*
*also known as*

Foster Wheeler Corporation
*also known as*
Foster Wheeler Inc.

**Defendant**

**General Refractories Company**
*a Pennsylvania Corporation*
*also known as*
Grefco

**Defendant**

**Georgia Power Company (A Soutern Company)**
*a Georgia Corporation*

**Defendant**

**Goodrich Corporation**
*a New York Corporation*
*formerly known as*
The B.F. Goodrich Company

**Defendant**

**The Goodyear Tire &Rubber Co.**
*an Ohio Corporation*

**Defendant**

**Goulds Pumps, Incorporated**
*a Delaware Corporation*

**Defendant**

**Hobart Brothers Company**
*an Ohio Corporation*

**Defendant**

**IMO Industries, Inc.**
*formerly Delaval Turbine Inc., formerly De Laval Turbine Inc., formerly IMO Delaval Inc. and Transamerica Delaval Inc., a Delaware Corporation*

**Defendant**

**Industrial Holdings Corporation**
*a Delaware Corporation*
*formerly known as*
The Carborundum Company

**Defendant**

**Ingersoll–Rand Company**
*a New Jersey Corporation*

**Defendant**

**John Crane, Inc.**
*a Delaware Corporation*
*formerly known as*
John Crane Packing Company

**Defendant**

**John Wood Company (An ALCO Industries Company)**
*a FOreign Corporation*

**Defendant**

**Kvaerner**
*Successor to Keeler Boiler Works,*
*aForeign Corporation*

**Defendant**

**The Lincoln Electric Company**
*an Ohio Corporation*

**Defendant**

**Linde, inc.**
*a Delaware Corporation*
*formerly known as*
The BOC Group, Inc
*formerly known as*
Airco, Inc.
*also known as*
Airco Delaware, Inc

**Defendant**

**Metropolitan Life Insurance Company**
*a New York Corporation*

**Defendant**

**National Services Industries, Inc.**
*a Georgia Corporation*
*formerly known as*
NSI Enterprises, Inc.
*formerly known as*
North Brothers, Inc.

**Defendant**

**Owens–Illinois, Inc.**
*a Delaware Corporation*

**Defendant**

**Rapid American Corporation**
*a Foreign Corporation*

**Defendant**

**Riley Power Inc.**
*as Successor in interest to D.B. RILEY*
*INC. (Successor in interest to Riley Stoker*
*Corporation and Union Iron Works a/k/a*
*UIW) a Massachusetts Corporation*
*formerly known as*
Babcock Borsig Power, Inc.

**Defendant**

**Sepco Corporation**
*a Foreign Corporation*

**Defendant**

**Southwestern Engineering Co.**
*a Foreign Corporation*

**Defendant**

**Sterling Fluid Systems (USA), LLC**
*a Foreign Corporation*
*formerly known as*
Peerless Pump Company

**Defendant**

**Sulzer Pumps (US) Inc.**
*Individually and successor−in−interest to*
*Bingham Pumps, a Delaware Corporation*

**Defendant**

**Trane US, Inc.**
*a Delaware Corporation*
*formerly known as*
American Standard Inc.

**Defendant**

**Union Carbide Corporation**
*a New York Corporation*

**Defendant**

**Uniroyal Holdings, Inc.**
*successor to Uniroyal Inc., a New Jersey*
*Corporation*

**Defendant**

**Volvo Construction Equipment North**
**America, Inc.**
*a Delaware Corporation*

**Defendant**

**Warren Pumps LLC**
*a Foreign Corporation*

**Defendant**

**Weil−McLain**
*a subsidiary of SPX Corporation, a*
*Delaware Corporation*

**Defendant**

**Weyerhaeuser Company**
*a Washington Corporation*

**Defendant**

**Yarway Corporation**
*a Tyco Subsidiary, a Pennsylvania*
*Corporation*

**Defendant**

**Zurn Industries, Inc.**
*Individually and as successor to Erie City*
*Iron Works, a Pennsylvania Corporation*

| Date Filed | # | Docket Text |
|------------|---|-------------|

| 10/15/2010 | 1 | COMPLAINT against 3M Company, A.W. Chesterton Company, Air &Liquid Systems Corporation, Alfa Laval, Inc., Aurora Pump, Baldwin−Lima−Hamilton, Bayer CropScience, Inc., Borg−Warner Corporation, CertainTeed Corporation, Crane Co., Crown Cork &Seal Company, Inc., Elliott Turbomachinery Company, Florida Power &Light, Flowserve US, Inc., Fluor Enterprises, Inc., Foster Wheeler Energy Corporation, General Refractories Company, Georgia Power Company (A Soutern Company), Goodrich Corporation, Goulds Pumps, Incorporated, Hobart Brothers Company, IMO Industries, Inc., Industrial Holdings Corporation, Ingersoll−Rand Company, John Crane, Inc., John Wood Company (An ALCO Industries Company), Kvaerner, Linde, inc., Metropolitan Life Insurance Company, National Services Industries, Inc., Owens−Illinois, Inc., Rapid American Corporation, Riley Power Inc., Sepco Corporation, Southwestern Engineering Co., Sterling Fluid Systems (USA), LLC, Sulzer Pumps (US) Inc., The Goodyear Tire &Rubber Co., The Lincoln Electric Company, Trane US, Inc., Union Carbide Corporation, Uniroyal Holdings, Inc., Volvo Construction Equipment North America, Inc., Warren Pumps LLC, Weil−McLain, Weyerhaeuser Company, Yarway Corporation, Zurn Industries, Inc. with Jury Demand ( Filing fee $ 350 receipt number 0419−1184831), filed by Lisa M Bowling, Joseph D Morgan.(Black, Janet Ward) (Entered: 10/15/2010) |
| 10/15/2010 | | Case assigned to District Judge Martin Reidinger. *This is your only notice − you will not receive a separate document.*(jhg) (Entered: 10/15/2010) |
| 10/15/2010 | | In Re: Asbestos Products Liability Litigation − MDL #875. Notice to Clerk of MDL Panel of tag−along case. (jhg) (Entered: 10/15/2010) |
| 10/18/2010 | 2 | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos−Related Litigation, WDCP−83−1. Signed by Clerk, Frank G. Johns on October 15, 2010. (jhg)** (Entered: 10/18/2010) |
| 10/18/2010 | 3 | Summons Issued Electronically as to All Defendants. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (jhg) (Entered: 10/18/2010) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI) )
_____ )   **Civil Action No. MDL 875**
)
This Document Relates to: )
_____ )

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**File No.  1:10cv00238**

<u>**CIVIL ACTION COMPLAINT**</u>

JOSEPH D. MORGAN and LISA M. )
BOWLING, Individually and as )
Co-Executors of the Estate of )
EUGENE C. MORGAN, Deceased, )
)
     Plaintiffs, )
)
        v. )
)
3M COMPANY a/k/a )
MINNESOTA MINING & MANUFACTURING )
COMPANY, a Delaware Corporation; )
)
A.W. CHESTERTON COMPANY, a )
Massachusetts Corporation; )
)
AIR & LIQUID SYSTEMS CORPORATION, )
As SUCCESSOR BY MERGER TO )
BUFFALO PUMPS, INC., )
a Pennsylvania Corporation; )
)
ALFA LAVAL, INC., INDIVIDUALLY AND )
AS SUCCESSOR-IN-INTEREST TO )
SHARPLES, INC.,ALFA-LAVAL )
SEPARATION INC. AND DELAVAL )
SEPARATOR COMPANY, a Delaware )
Corporation; )
)

AURORA PUMP, a Foreign                              )
Corporation:                                         )
                                                     )
BALDWIN-LIMA-HAMILTON, a Foreign                     )
Corporation;                                         )
                                                     )
BAYER CROPSCIENCE, INC. f/k/a                        )
AVENTIS CROPSCIENCE USA, INC.                        )
f/k/a RHONE-POULENC AG COMPANY, INC. )
f/k/a RHONE POULENC, INC. f/k/a                      )
UNION CARBIDE AGRICULTURAL                           )
PRODUCTS, INC. f/k/a                                 )
AMCHEM PRODUCTS, INC., a successor                   )
In interest to Benjamin Foster Company,              )
a Delaware Corporation;                              )
                                                     )
BORG-WARNER CORPORATION by Its                       )
Successor-in-interest to BORGWARNER                  )
MORSE TEC INC., a Delaware Corporation;              )
                                                     )
CERTAINTEED CORPORATION, a                           )
Delaware Corporation;                                )
                                                     )
CRANE CO., a Delaware Corporation;                   )
                                                     )
CROWN CORK & SEAL COMPANY, INC.,                     )
a Delaware Corporation,                              )
                                                     )
ELLIOTT TURBOMACHINERY COMPANY,                      )
A Delaware Corporation;                              )
                                                     )
FLORIDA POWER & LIGHT COMPANY,                       )
a Florida Corporation;                               )
                                                     )
FLOWSERVE US, INC., Individually and as              )
Successor to Byron Jackson Pump                      )
Company f/k/a Flowserve Pump Corpo-                  )
ration, a Delaware Corporation;                      )
                                                     )
FLUOR ENTERPRISES, INC., successor-in-              )
Interest corporation to a merger between             )
Fluor Construction Corporation and Daniel            )
Construction Company, a Foreign Corporation; )
                                                     )
FOSTER WHEELER ENERGY                                )
CORPORATION a/k/a FOSTER WHEELER                     )

2

CORPORATION a/k/a FOSTER WHEELER           )
INC., A New York Corporation;              )
                                           )
GENERAL REFRACTORIES COMPANY               )
a/k/a GREFCO, a  Pennsylvania Corporation; )
                                           )
GEORGIA POWER COMPANY, (A                  )
SOUTHERN COMPANY), a Georgia               )
Corporation;                               )
                                           )
GOODRICH CORPORATION f/k/a                 )
THE B.F. GOODRICH COMPANY,                 )
a New York Corporation;                    )
                                           )
THE GOODYEAR TIRE & RUBBER CO.,            )
an Ohio Corporation;                       )
                                           )
GOULDS PUMPS, INCORPORATED,                )
a Delaware Corporation;                    )
                                           )
HOBART BROTHERS COMPANY,                   )
an Ohio Corporation;                       )
                                           )
IMO INDUSTRIES, INC., formerly             )
Delaval Turbine Inc., formerly De Laval    )
Turbine Inc., formerly IMO Delaval Inc. and )
Transamerica Delaval Inc., a Delaware      )
Corporation;                               )
                                           )
INDUSTRIAL HOLDINGS CORPORATION            )
f/k/a THE CARBORUNDUM COMPANY,             )
a Delaware Corporation;                    )
                                           )
INGERSOLL-RAND COMPANY, a New              )
Jersey Corporation;                        )
                                           )
JOHN CRANE, INC. f/k/a JOHN CRANE          )
PACKING COMPANY, a Delaware                )
Corporation;                               )
                                           )
JOHN WOOD COMPANY (an ALCO                 )
INDUSTRIES COMPANY),                       )
a Foreign Corporation;                     )
                                           )
KVAERNER, Parent Company Dorr-Oliver,      )
Successor to Keeler Boiler Works, a        )

3

Foreign Corporation;                           )
                                               )
THE LINCOLN ELECTRIC COMPANY,                  )
an Ohio Corporation;                           )
                                               )
LINDE, INC. f/k/a  THE BOC GROUP, INC.         )
f/k/a AIRCO, INC. a/k/a AIRCO                   )
DELAWARE, INC., a Delaware                      )
Corporation;                                   )
                                               )
METROPOLITAN LIFE INSURANCE                     )
COMPANY, A New York Corporation;               )
                                               )
NATIONAL SERVICES INDUSTRIES, INC              )
f/k/a NSI ENTERPRISES, INC.                     )
f/k/a NORTH BROTHERS, INC.,                     )
a Georgia corporation;                          )
                                               )
OWENS-ILLINOIS, INC., a Delaware                )
Corporation;                                   )
                                               )
RAPID AMERICAN CORPORATION,                    )
a foreign corporation;                          )
                                               )
RILEY POWER INC. f/k/a                          )
BABCOCK BORSIG POWER, INC., as                 )
Successor in interest to D.B. RILEY             )
INC. (Successor in interest to Riley            )
Stoker Corporation and Union Iron               )
Works a/k/a UIW) a Massachusetts                )
Corporation;                                   )
                                               )
SEPCO CORPORATION, a Foreign                    )
Corporation;                                   )
                                               )
SOUTHWESTERN ENGINEERING CO.,                  )
a Foreign Corporation;                          )
                                               )
STERLING FLUID SYSTEMS (USA), LLC              )
f/k/a PEERLESS PUMP COMPANY, a                  )
Foreign Corporation;                            )
                                               )
SULZER PUMPS (US) INC., Individually            )
and successor-in-interest to Bingham            )
Pumps, a Delaware Corporation;                  )
                                               )

4

TRANE US, INC. f/k/a                                )
AMERICAN STANDARD, INC                              )
a Delaware Corporation;                             )
                                                    )
UNION CARBIDE CORPORATION;                          )
a New York corporation;                             )
                                                    )
UNIROYAL HOLDINGS, INC., successor to               )
UNIROYAL INC., a New Jersey Corporation;            )
                                                    )
VOLVO CONSTRUCTION EQUIPMENT                         )
NORTH AMERICA, INC., a Delaware                      )
Corporation;                                        )
                                                    )
WARREN PUMPS LLC, a Foreign                          )
Corporation:                                        )
                                                    )
WEIL-McLAIN, a subsidiary of SPX                    )
CORPORATION, a Delaware                             )
Corporation;                                        )
                                                    )
WEYERHAEUSER COMPANY, a                              )
Washington Corporation;                             )
                                                    )
YARWAY CORPORATION, a Tyco                           )
Subsidiary, a Pennsylvania Corporation;             )
                                                    )
ZURN INDUSTRIES, INC., Individually and             )
As Successor to Erie City Iron Works,               )
a Pennsylvania Corporation;                         )
                                                    )
                              Defendants.            )

This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

NOW COME the Plaintiffs, JOSEPH D. MORGAN and LISA M. BOWLING, Individually and as Co-Executors of the Estate of EUGENE C. MORGAN, deceased citizen and resident of North Carolina, and sue the Defendants and allege as follows:

1.      (a)      Jurisdiction is founded on diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).  As is evidenced by the caption of the instant Complaint which is specifically incorporated herein, the Defendants are corporations incorporated under the laws of various states as stated in said caption and having their principal places of business in states other than North Carolina and which are amenable to jurisdiction in the Courts of North Carolina by virtue of their respective contacts with the State of North Carolina and/or their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of North Carolina.  At times relevant hereto, each foreign corporation and/or its predecessors mined, manufactured, processed, produced, imported, converted, compounded, supplied, provided, distributed, disturbed and/or retailed substantial amounts of asbestos and asbestos-containing materials and/or dust protection equipment which were sold, distributed and used in North Carolina.

(b)      Schedule A attached hereto identifies the asbestos exposed individual and at least one doctor who diagnosed the decedent with an asbestos related disease.

6

## FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

2.      (a)      Defendants, and each of them, are, or at times relevant

hereto were miners, manufacturers, processors, producers, distributors,

importers, converters, compounders, and/or retailers of asbestos and asbestos-

containing materials or were installers or distributors of asbestos-containing

materials or dust protective equipment.

(b)      Defendant 3M COMPANY a/k/a MINNESOTA MINING &

MANUFACTURING COMPANY is a corporation duly organized and existing

under the laws of the State of Delaware which was or is currently doing business

within the State of North Carolina.  At all times material hereto, Defendant 3M

COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY

mined, manufactured, produced, distributed, and/or sold asbestos products,

either directly or indirectly, to the employer(s) of the Decedent or to such other

entities so that these materials were caused to be used on Decedent's job sites.

(c)      Defendant A.W. CHESTERTON COMPANY is a corporation

duly organized and existing under the laws of the State of Massachusetts which

has done or is currently doing business in the State of North Carolina.  At all

times material hereto, Defendant A.W. CHESTERTON COMPANY mined,

manufactured, produced, distributed, and/or sold asbestos products, either

directly or indirectly, to the employer(s) of the decedent or to such other entities

so that these materials were caused to be used on decedent's job sites.

(d)      Defendant AIR & LIQUID SYSTEMS CORPORATION, as

Successor by Merger to BUFFALO PUMPS, INC., is a corporation duly

7

organized and existing under the laws of the State of Pennsylvania which has done or is currently doing business in the State of North Carolina.   At all times material hereto, Defendant AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to BUFFALO PUMPS, INC., mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(e)     Defendant ALFA LAVAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SHARPLES, INC.,ALFA-LAVAL SEPARATION INC. AND DELAVAL SEPARATOR COMPANY, a Delaware Corporation,  is a corporation duly organized and existing under the laws of the State of Massachusetts which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant ALFA LAVAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SHARPLES, INC.,ALFA-LAVAL SEPARATION INC. AND DELAVAL SEPARATOR COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(f)     Defendant AURORA PUMP is a corporation duly organized and existing under the laws of a state other than the State of North Carolina, which has done or is currently doing business within the State of North Carolina. At all times material hereto, Defendant  AURORA PUMP mined, manufactured,

8

produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(g)     Defendant BALDWIN-LIMA-HAMILTON is a corporation duly organized and existing under the laws of a state other than the State of North Carolina, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant  BALDWIN-LIMA-HAMILTON mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(h)     Defendant BAYER CROPSCIENCE, INC. f/k/a AVENTIS CROPSCIENCE USA, INC. f/k/a RHONE-POULENC AG CO. INC. f/k/a RHONE POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC., a successor to Benjamin Foster Company, is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant BAYER CROPSCIENCE, INC. f/k/a AVENTIS CROPSCIENCE USA, INC. f/k/a RHONE-POULENC AG CO. INC. f/k/a RHONE POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC., a successor to Benjamin Foster Company, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent

9

or to such other entities so that these materials were caused to be used on decedent's job sites.

(i)        Defendant BORG-WARNER CORPORATION by Its Successor-in-interest to BORGWARNER MORSE TEC INC. is a corporation duly organized and existing under the laws of the State of Delaware which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant BORG-WARNER CORPORATION by Its Successor-in-interest to BORGWARNER MORSE TEC INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(j)        Defendant CERTAINTEED CORPORATION is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant CERTAINTEED CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(k)        Defendant CRANE CO. is a corporation duly organized and existing under the laws of the State of Delaware which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant CRANE CO. mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of

10

the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(l)     Defendant CROWN CORK & SEAL COMPANY, INC., individually and as successor in interest to Mundet Cork Corporation, is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant CROWN CORK & SEAL COMPANY, INC., individually and as successor in interest to Mundet Cork Corporation, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(m)     Defendant ELLIOTT TURBOMACHINERY COMPANY is a corporation duly organized and existing under the laws of the State of Delaware which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant ELLIOTT TURBOMACHINERY COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

11

(n)     Defendant FLORIDA POWER & LIGHT COMPANY, is a corporation duly organized and existing under the laws of the State of Florida, which has done or is currently doing business within the State of North Carolina. At times material hereto, Defendant  FLORIDA POWER & LIGHT COMPANY was an employer of decedent and caused decedent to be exposed to asbestos products.

(o)     Defendant FLOWSERVE US, INC., Individually and as Successor to Byron Jackson Pump Company, f/k/a Flowserve Pump Corporation, is a corporation duly organized and existing under the laws of the State of Delaware which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant FLOWSERVE US, INC., Individually and as Successor to Byron Jackson Pump Company, f/k/a Flowserve Pump Corporation, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(p)     Defendant FLUOR ENTERPRISES, INC, Successor-in-Interest Corporation to a Merger between Fluor Construction Corporation and Daniel Construction Company, is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is currently doing business in the State of North Carolina.   At all times material hereto, Defendant FLUOR ENTERPRISES, INC., Successor-in-interest Corporation to a Merger between Fluor Construction Corporation and Daniel

12

Construction Company, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites, and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(q)     Defendant FOSTER WHEELER ENERGY CORPORATION a/k/a FOSTER WHEELER CORPORATION a/k/a FOSTER WHEELER INC. is a corporation duly organized and existing under the laws of the State of Delaware, which has or is currently doing business within the State of North Carolina.  At all time material hereto, Defendant FOSTER WHEELER ENERGY CORPORATION a/k/a FOSTER WHEELER CORPORATION a/k/a FOSTER WHEELER INC. mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(r)     Defendant GENERAL REFRACTORIES COMPANY a/k/a GREFCO is a corporation duly organized and existing under the laws of the State of Pennsylvania, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant GENERAL REFRACTORIES COMPANY a/k/a GREFCO mined, manufactured, produced,

13

distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(s)     Defendant GEORGIA POWER COMPANY (A SOUTHERN COMPANY), is a corporation duly organized and existing under the laws of the State of Georgia, which has done or is currently doing business within the State of North Carolina.  At times material hereto, Defendant GEORGIA POWER COMPANY (A SOUTHERN COMPANY) was an employer of decedent and caused decedent to be exposed to asbestos products.

(t)     Defendant GOODRICH CORPORATION f/k/a THE B.F. GOODRICH COMPANY is a corporation duly organized and existing under the laws of State of New York, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant GOODRICH CORPORATION f/k/a THE B.F. GOODRICH COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(u)     Defendant THE GOODYEAR TIRE & RUBBER COMPANY is a corporation duly organized and existing under the laws of State of Ohio, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant THE GOODYEAR TIRE & RUBBER COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products,

14

either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(v)     Defendant GOULDS PUMPS, INCORPORATED is a corporation duly organized and existing under the laws of State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant GOULDS PUMPS, INCORPORATED mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(w)     Defendant HOBART BROTHERS COMPANY is a corporation duly organized and existing under the laws of State of Ohio, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant HOBART BROTHERS COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(x)     Defendant IMO INDUSTRIES, INC., formerly IMO De Laval; formerly TransAmerica De Laval; formerly De Laval Turbine, is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina.  At all times

15

material hereto, Defendant IMO INDUSTRIES, INC., formerly IMO De Laval;

formerly TransAmerica De Laval; formerly De Laval Turbine, mined,

manufactured, produced, distributed, specified and/or sold asbestos products,

either directly or indirectly, to the employer(s) of the decedent or to such other

entities so that these materials were caused to be used on decedent's job sites

and/or had contracting units and/or employees perform work in the vicinity of the

decedent that caused respirable asbestos dust to be generated and breathed by

decedent.

   (y)  Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a

THE CARBORUNDUM COMPANY is a corporation duly organized and existing

under the laws of the State of Delaware, which has done or is currently doing

business within the State of North Carolina.  At all times material hereto,

Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE

CARBORUNDUM COMPANY mined, manufactured, produced, distributed,

and/or sold asbestos products, either directly or indirectly, to the employer(s) of

the decedent or to such other entities so that these materials were caused to be

used on decedent's job sites.

   (z)  Defendant INGERSOLL-RAND COMPANY is a corporation

duly organized and existing under the laws of the State of New Jersey, which has

done or is currently doing business within the State of North Carolina.  At all

times material hereto, Defendant INGERSOLL-RAND COMPANY mined,

manufactured, produced, distributed, specified and/or sold asbestos products,

either directly or indirectly, to the employer(s) of the decedent or to such other

16

entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(aa)    Defendant JOHN CRANE, INC. f/k/a JOHN CRANE PACKING COMPANY is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant JOHN CRANE, INC. f/k/a JOHN CRANE PACKING COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(bb)    Defendant JOHN WOOD COMPANY (an ALCO INDUSTRIES COMPANY) is a corporation duly organized and existing under the laws of a state other than the State of North Carolina, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant JOHN WOOD COMPANY (an ALCO INDUSTRIES COMPANY.) mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(cc)    Defendant KVAERNER, Parent Company Dorr-Oliver, successor to Keeler Boiler Works,  is a corporation duly organized and existing

17

under the laws of a state other than the State of North Carolina, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant KVAERNER, Parent Company Dorr-Oliver, successor to Keeler Boiler Works, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(dd)    Defendant THE LINCOLN ELECTRIC COMPANY is a corporation duly organized and existing under the laws of the State of Ohio, which has done or is currently doing business within the State of North Carolina. At all times material hereto, Defendant THE LINCOLN ELECTRIC COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(ee)    Defendant LINDE, INC. f/k/a THE BOC GROUP, INC. f/k/a AIRCO, INC. a/k/a AIRCO DELAWARE, INC. is a corporation duly organized and existing under the laws of the State of Delaware which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant LINDE, INC. f/k/a THE BOC GROUP, INC. f/k/a AIRCO, INC. a/k/a AIRCO DELAWARE, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Decedent or to such other entities so that these materials were caused to be used on Decedent's job sites.

18

(ff)     Defendant METROPOLITAN LIFE INSURANCE COMPANY is a corporation duly organized and existing under the laws of a State other than the State of North Carolina which has done or is doing business within the State of North Carolina.

(gg)     Defendant NATIONAL SERVICES INDUSTRIES f/k/a NSI ENTERPRISES, INC f/k/a NORTH BROTHERS, INC. is a corporation duly organized and existing under the laws of the State of Georgia, which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant NATIONAL SERVICES INDUSTRIES, INC f/k/a NSI ENTERPRISES, INC. f/k/a NORTH BROTHERS, INC. mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or performed work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(hh)     Defendant OWENS-ILLINOIS, INC. is a corporation duly organized and existing under the laws of the State of Ohio which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant OWENS-ILLINOIS, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

19

(ii)      Defendant RAPID AMERICAN CORPORATION is a corporation duly organized and existing under the laws of a state other than the State of North Carolina, which is doing business within the State of North Carolina.  At all times material hereto, Defendant RAPID AMERICAN CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(jj)      Defendant RILEY POWER INC. f/k/a BABCOCK BOSIG POWER, INC. as successor in interest to D.B. RILEY, INC. f/k/a RILEY STOKER CORPORATION is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Massachusetts which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant RILEY POWER INC. f/k/a BABCOCK BOSIG POWER, INC. as successor in interest to D.B. RILEY, INC. f/k/a RILEY STOKER CORPORATION manufactured, produced, specified and sold, either directly or indirectly, asbestos materials to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or performed work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(kk)     Defendant SEPCO CORPORATION is a corporation duly organized and existing under the laws of a state other than the State of North

20

Carolina, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant SEPCO CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(ll)    Defendant SOUTHWESTERN ENGINEERING CO. is a corporation duly organized and existing under the laws of a state other than the State of North Carolina, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant SOUTHWESTERN ENGINEERING CO. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(mm)   Defendant  STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP COMPANY,  is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant STERLING FLUID SYSTEMS (USA), LLC f/k/a PEERLESS PUMP COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Decedent or to such other entities so that these materials were caused to be used on Decedent's job sites and/or had contracting units and/or employees

21

perform work in the vicinity of the Decedent that caused respirable asbestos dust to be generated and breathed by Decedent.

(nn)   Defendant SULZER PUMPS (US), INC., Individually and successor-in-interest to Bingham Pumps, is a corporation duly organized and existing under the laws of State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant SULZER PUMPS (US), INC., Individually and successor-in-interest to Bingham Pumps, mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Decedent or to such other entities so that these materials were caused to be used on Decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the Decedent that caused respirable asbestos dust to be generated and breathed by Decedent.

(oo)   Defendant TRANE US, INC. f/k/a AMERICAN STANDARD, INC is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant TRANE US, INC. f/k/a AMERICAN STANDARD, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(pp)  Defendant, UNION CARBIDE CORPORATION, is a corporation duly organized and existing under the laws of a State of New York,

22

which has done or is currently doing business within the State of North Carolina. At all times material hereto, defendant, UNION CARBIDE CORPORATION, mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or performed work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(qq)    Defendant UNIROYAL HOLDINGS, INC., successor to UNIROYAL INC. is a corporation duly organized and existing under the laws of the State of New Jersey, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant UNIROYAL HOLDINGS, INC., successor to UNIROYAL, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites.

(rr)    Defendant VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC. is a corporation duly organized and existing under the laws of the State of Delaware which was or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Decedent or to such other entities so that these materials were caused to be used on Decedent's job sites.

23

(ss)    Defendant WARREN PUMPS LLC is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant WARREN PUMPS LLC mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(tt)    Defendant WEIL-McLAIN, a Subsidiary of SPX CORPORATION, is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant WEIL-McLAIN, a Subsidiary of SPX CORPORATION, mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(uu)    Defendant WEYERHAEUSER COMPANY ("WEYERHAEUSER"), is a corporation duly organized and existing under the laws of the State of Washington, which has done or is currently doing business

24

within the State of North Carolina.  At times material hereto, Defendant

WEYERHAEUSER COMPANY ("WEYERHAEUSER") was an employer of

decedent and caused decedent to be exposed to asbestos products.

(vv)    Defendant YARWAY CORPORATION, a Tyco subsidiary, is

a corporation duly organized and existing under the laws of the State of

Pennsylvania, which has done or is currently doing business in the State of North

Carolina.  At all times material hereto, Defendant YARWAY CORPORATION, a

Tyco subsidiary, mined, manufactured, produced, distributed, and/or sold

asbestos products, either directly or indirectly, to the employer(s) of the decedent

or to such other entities so that these materials were caused to be used on

decedent's job sites.

(ww)   Defendant ZURN INDUSTRIES, INC., Individually and as

Successor to ERIE CITY IRON WORKS,   is a corporation duly organized and

existing under the laws of the State of Pennsylvania, which has done or is

currently doing business within the State of North Carolina.  At all times material

hereto, Defendant ZURN INDUSTRIES, INC., Individually and as Successor to

ERIE CITY IRON WORKS,  mined, manufactured, produced, specified,

distributed, and/or sold asbestos products, either directly or indirectly, to the

employer(s) of the decedent or to such other entities so that these materials were

caused to be used on decedent's job sites and/or performed work in the vicinity

of the decedent that caused respirable asbestos dust to be generated and

breathed by decedent.

3.      The Defendants and/or their predecessors in interest, acting through their agents, servants and/or employees, caused and have caused in the past certain asbestos,  asbestos-containing materials and asbestos protective equipment to be placed in the stream of interstate commerce with the result that asbestos and asbestos-containing materials came to be used by workers within states in which decedent was exposed and/or performed work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

4.      The employment history, to the extent possible at this time, of the decedent is attached here as Schedule B.  His exposure was a proximate cause of the decedent's contraction of an asbestos-related disease.

5.      Each of the Defendants named in this lawsuit (except METROPOLITAN LIFE INSURANCE COMPANY), or their predecessors, mined, manufactured, processed, produced, imported, converted, specified, distributed, and/or sold said asbestos and asbestos products to which the decedent was exposed during his work career as described herein in Paragraph 4 and/or had contracting units or employees working at decedent's job sites where activities caused the generation of respirable asbestos dust which was breathed by the decedent.

6.      During the course and scope of his employment, decedent was exposed to asbestos and asbestos-containing materials as described herein above, which exposure directly and proximately caused decedent to develop an asbestos-related disease.

26

7.      The illnesses and disabilities of the decedent were a direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to decedent's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

(a)      Failed to advise decedent of the dangerous characteristics of their asbestos and asbestos-containing products;

(b)      Failed or omitted to provide the decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, they were in any way able to protect them from being poisoned and disabled as they were exposure to such deleterious and harmful asbestos-containing products;

(c)      Failed and omitted to place any warnings or sufficient warning on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos-containing materials;

(d)      Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials;

27

(e)     Inadequately warned, if, in fact, they warned at all, persons such as decedent of the dangers to his health in coming in contact with and breathing said asbestos and asbestos related materials;

(f)     Did not recommend methods to improve the work environment with regard to decedent's exposure to asbestos and asbestos-related products;

(g)     Did not adequately test their products and did not develop alternative products;

(h)     Continued to use and sell a known cancer-causing product, to-wit:  asbestos, even though the defendants knew, or in the exercise of ordinary care should have known, that asbestos was a cancer causing product;

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants failed to warn the decedent, and did not inform the decedent of the need for monitoring and periodic evaluations up to and including the filing of this Complaint;

(j)     Were otherwise negligent.

8.     The injuries of decedent are also a direct and proximate result of 3M's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

9.     3M knew or should have known that workers would use and rely upon their respiratory devices at sites where asbestos materials were commonly

28

and extensively used which created substantial and constant quantities of dust and that their respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

10.     Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

<u>FOR A SECOND CAUSE OF ACTION - IMPLIED WARRANTY</u>

11.      Plaintiffs hereby incorporates by reference Paragraphs one (1) through ten (10), inclusive, as if the same were hereto set forth at length.

12.     The Defendants, and each of them, impliedly warranted that their products or materials at issue were of good and merchantable quality and fit for their intended use and the decedent relied on said warranty.

13.     The implied warranty made by the Defendants, and each of them, that its materials at issue were of good and merchantable quality and safe for its particular intended use, was breached and that certain harmful, poisonous and deleterious asbestos and asbestos-related substances were given off into the atmosphere wherein the decedent carried out his duties with the result that the decedent inhaled and ingested harmful asbestos and asbestos-related substances.

14.     As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, decedent developed an illness, to-wit:  asbestosis and/or other asbestos-induced diseases and the decedent was damaged as set out herein.

FOR A THIRD CAUSE OF ACTION – PREMISES LIABILITY

15.     Plaintiffs hereby incorporates by reference Paragraphs one (1) through fourteen (14), inclusive, as if the same were hereto set forth at length.

16.     During the course of Decedent's working career, Decedent was required to work with and around asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products.  In his work, Decedent was exposed to asbestos dust and fiber.

17.     The asbestos products Decedent was exposed to between 1970 and 1976 included those located on the property owned, operated, controlled and, *inter alia*, maintained by Florida Power & Light Company and:

A.     The properties were owned by the Defendant delineated above and were negligently owned, operated, maintained and controlled.

B.     Defendant Florida Power & Light Company failed to timely institute reasonable industrial hygiene procedures on its property and adequately take precautions to protect Decedent from the hazards of asbestos and warn Decedent of said hazards.

C.     As a direct and proximate consequence of the actions of Florida Power & Light Company and other members of the asbestos industry, Decedent was exposed to and came in contact with asbestos or asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

30

18.     Decedent was caused to suffer the injuries, expenses, and losses alleged in this complaint as a direct and proximate result of the above-described conduct.

19.     During the course of Decedent's working career, Decedent was required to work with and around asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products.  In his work, Decedent was exposed to asbestos dust and fiber.

20.     The asbestos products Decedent was exposed to between 1970 and 1976 included those located on the property owned, operated, controlled and, *inter alia*, maintained by Georgia Power Company (Southern Power) and:

A.     The properties were owned by the Defendant delineated above and were negligently owned, operated, maintained and controlled.

B.     Defendant Georgia Power Company (Southern Power) failed to timely institute reasonable industrial hygiene procedures on its property and adequately take precautions to protect Decedent from the hazards of asbestos and warn Decedent of said hazards.

C.     As a direct and proximate consequence of the actions of Georgia Power Company (Southern Power) and other members of the asbestos industry, Decedent was exposed to and came in contact with asbestos or asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

31

21.    Decedent was caused to suffer the injuries, expenses, and losses alleged in this complaint as a direct and proximate result of the above-described conduct.

22.    During the course of Decedent's working career, Decedent was required to work with and around asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products.  In his work, Decedent was exposed to asbestos dust and fiber.

23.    The asbestos products Decedent was exposed to between 1970 and 1976 included those located on the property owned, operated, controlled and, *inter alia*, maintained by Weyerhaeuser Company ("Weyerhaeuser") and:

A.    The properties were owned by the Defendant delineated above and were negligently owned, operated, maintained and controlled.

B.    Defendant Weyerhaeuser failed to timely institute reasonable industrial hygiene procedures on its property and adequately take precautions to protect Decedent from the hazards of asbestos and warn Decedent of said hazards.

C.    As a direct and proximate consequence of the actions of Weyerhaeuser and other members of the asbestos industry, Decedent was exposed to and came in contact with asbestos or asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

32

24.     Decedent was caused to suffer the injuries, expenses, and losses alleged in this complaint as a direct and proximate result of the above-described conduct.

<u>FOR A FOURTH CAUSE OF ACTION - PUNITIVE DAMAGES</u>

25.     Plaintiffs hereby incorporates by reference Paragraphs one (1) through twenty-four (24), inclusive, as if the same were hereto set forth at length.

26.     Decedent, and others in his position, was working in close proximity to the asbestos and asbestos-related products of the Defendants or asbestos dust generated or not prevented by the Defendants, and each of them, and decedent's presence and others in their position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

27.     The Defendants have possessed since 1929 medical and scientific data which clearly indicates that the asbestos and asbestos-containing products were hazardous to the health and safety of the decedent and others in the decedent's positions.  Despite such knowledge and the medical and scientific data possessed by them and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, willfully, deliberately, maliciously, and callously ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity to prevent their exposure to the asbestos products of said Defendants.  As a direct result, the decedent was severely damaged as set forth below.

33

28.    From 1929 through the 1970's, the Defendants had actual knowledge of the dangers of asbestos exposure but, nevertheless, deliberately, intentionally and willfully failed to act upon and withheld from the public the scientific and medical data in their possession regarding such dangers, thus denying decedent of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure.  The specifics which support an award of punitive damages to the decedent are represented, in part, by the following:

(a)    Failed to warn prior users even as late as the 1970's when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)    Issued no recall type letters to prior users even to the date of filing of the Complaint;

(c)    Manipulated the medical data and reports concerning the hazards of asbestos before such reports were released to the medical professions;

(d)    Frustrated the publication of articles and literature from the 1930's through at least 1976;

(e)    Working through the American Textile Institute, labeled Dr. Irving Selikoff a "dangerous man" and embarked upon a concerted effort to denounce Dr. Selikoff's findings regarding the hazards of asbestos and thereby prevent the public from being alerted to those hazards;

34

(f)     Fought to exclude asbestosis and asbestos-induced cancers from state worker's compensation laws, fearing such inclusion would lead to discovery by workers of the hazards of asbestos and claims resulting therefrom;

(g)     Sought methods to defeat worker's compensation and other claims of asbestos workers who suffered from illnesses or disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(h)     Attempted to discredit scientists, doctors, writers and medical literature who or which indicated, demonstrated or established a relationship between illness and disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(i)     Refused to conduct research on the relationship between asbestos exposure and disease, acting with pecuniary motives of profit at the expense of human lives;

(j)     Sought to create favorable publicity about asbestos products for pecuniary motives when they knew of their risks and dangers;

(k)     Concealed the existence of tests, data, literature and medical reports regarding the causal relationship of asbestos to mesothelioma, asbestosis, scarred lungs, respiratory disorders, cancer and other illnesses;

(l)     Despite the urging of medical personnel, refused to authorize testing and research involving the relationship of illness and disease to

35

exposure, use of and inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of their asbestos products, fearing adverse publicity would affect the highly profitable market of asbestos sales.

29.     The acts of the Defendants, and each of them, as hereinabove set forth were fraudulent, wanton and willful and done with malice in disregard of the rights and safety of decedent and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials upon the body of human beings, including decedent and others similarly situated, and even though forewarned of said dangers and further after having been forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material or defective dust protection equipment with full knowledge that the products were being used and would be used in the future to the detriment of the health of decedent and others similarly situated and Plaintiffs, who are the decedent's representatives, are, therefore, entitled to punitive damages.

30.     As a direct and proximate result of the negligence, carelessness, gross negligence, willful and wanton misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants,  Decedent was caused to contract diseases and injuries to his body systems, lungs, respiratory system, heart and damage to various organs of his body, including injury to

tissue and bone, such as but not limited to asbestosis, scarred lungs, respiratory disorders and other injuries, causing his pain and suffering and both mental and physical anguish.

31.     As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants, decedent was damaged and Decedent's representatives are  entitled to compensatory and punitive damages.

<u>FOR A FIFTH CAUSE OF ACTION - NEGLIGENT TESTING/LIABILITY TO THIRD PERSONS FOR NEGLIGENT PERFORMANCE OF UNDERTAKING AGAINST METROPOLITAN LIFE INSURANCE CO.</u>

32.     Plaintiffs hereby incorporates by reference Paragraphs one (1) through thirty-one (31), inclusive, as if the same were hereto set forth at length.

33.     Defendant Metropolitan Life Insurance Co. through its Policyholders Service Bureau undertook duties owed by the asbestos producing defendants to the decedent by the testing of asbestos workers and the conduct of scientific studies.  These duties included without limitation, the duties

(a)     to test fully and adequately for health risks concomitant to the normal and intended use of their products; and,

(b)     to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, Metropolitan Life knew or should have known that it was providing testing services of the ultimate protection of third persons, including the decedent.

37

34.    In both conducting said tests and in publishing their alleged results, Metropolitan Life failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. Metropolitan Life also caused to be published intentionally false, misleading, inaccurate, and deceptive information about the health effects of asbestos exposure.

35.    The decedent unwittingly but justifiably relied upon the thoroughness of Metropolitan Life's testing and information dissemination, the results of which Metropolitan Life published in leading medical journals.

36.    As a direct and proximate result of Metropolitan Life's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so, (i) the risk of harm to the decedent from asbestos exposure were increased; and (ii) the decedent suffered the injuries described below.

37.    In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos producing defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, Metropolitan Life acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the decedent, and, as a proximate cause, he suffered damaged.

38

<u>AS AN ADDITIONAL CAUSE OF ACTION – WRONGFUL DEATH</u>

38.     As a result of the development of lung cancer, decedent suffered and sustained very serious injuries to his person and died as a result of those injuries.

39.     Decedent's representatives allege that, as a result of the conduct of the defendants, the decedent's injuries and illnesses were permanent in nature and that he was forced to suffer until his death; that his enjoyment of life was impaired and, further, that his expected life span was shortened.

40.     Eugene C. Morgan died in Macon County, North Carolina, and Plaintiffs Joseph D. Morgan and Lisa M. Bowling qualified as Co-Executors of the Estate of Eugene C. Morgan.

41.     Further, as a result of the conduct of the defendants, the decedent's representatives are entitled to recover compensatory and punitive damages from each of the defendants and other losses as described in NCGS 28A-18-2.  The heirs of the decedent have additionally lost the services, protection, care and assistance of the decedent.

WHEREFORE, Plaintiffs pray that the defendants, and each of them, be cited to appear and answer herein as the law directs,  that upon final hearing hereof, Plaintiffs recover judgment of and from the defendants, and each of them, jointly and severally, for the damages as alleged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for general, compensatory and special damages; plus a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages; for medical expenses in an amount to be shown upon the

trial hereof; together with costs and disbursements herein, and interest on said judgment from the date of filing until paid as by law provided, for costs of this action and such other and further relief as to which they may be entitled.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON THE ISSUES TRIABLE OF RIGHT BY A JURY.

<p style="margin-left:40%">by: s/Janet Ward Black<br>
Janet Ward Black<br>
NC Bar No. 12869<br>
Attorneys for Plaintiffs<br>
WARD BLACK LAW<br>
208 W. Wendover Avenue<br>
Greensboro, North Carolina 27401<br>
Tel. No. 336/273-3812<br>
jwblack@wardblacklaw.com</p>

DATE:  October 15, 2010

40

<u>SCHEDULE A</u>

| <u>Decedent/Plaintiff Name</u> | <u>Disease/Diagnosis Date</u> | <u>Doctor</u> |
|---|---|---|
| Eugene C. Morgan | Lung Cancer, 5/1/2008<br>Date of Death 10/17/2008 | David Troxler |

41

## SCHEDULE B

Plaintiff-Worker Employment History
Asbestos Exposure-Worksite Information

NAME :          EUGENE C. MORGAN

ADDRESS:        464 Saunders Road
                Franklin, NC 28734

OCCUPATION:     Boilermaker


EMPLOYMENT/WORKSITE          APPROXIMATE DATES

           See Attached Preliminary Work History of Plaintiff

RELATED ASBESTOS LITIGATION

           None

SMOKING HISTORY

           Up to 1 ppd from 1951-1966

PRODUCTS CONTAINING ASBESTOS

                pipecovering
                block
                cements
                plasters
                gaskets
                cloth
                rope
                tape
                yarn
                roofing products
                fireproofing
                packing
                pipe
                brakes
                clutches

DEPENDENTS:     Jean T. Morgan

42

## WORK HISTORY OF EUGENE MORGAN

| Years | Employer | Jobsite | Job Duties |
|---|---|---|---|
| 1944-1950 | unknown | | |
| 1950-1951 | U.S. Navy<br>San Diego, CA | | Enlistee |
| 1952-1964 | Boilermaker Union | | Boilermaker |
| 1964-1970 | Combustion Engineering | | Boilermaker |
| | 1963 | DPC Allen (shutdown) | |
| | 1966 | CP&L Roxboro | |
| | 1967 | PA Power & Light | |
| | 1967 | Potomac Electric & Power - Washington, DC | |
| | 1967 | Chesapeake Corp (VA) | |
| | 1967-1968 | VA Electric & Power (VEPCO) | |
| | 1968 | Carnation Can Co - Virginia | |
| | 1968 | Brunswick Pulp & Paper (GP) Mill – Brunswick, GA | |
| | 1968 | FL Pwr & Light plants (Crystal River, FL) | |
| | 1968 | Dairyland Power Genoa Plt 3 – Lacrosse/Genoa, WI | |
| | 1968 | Crown-Zellerbach Paper Mill - South Dakota | |
| | 1968 | Con Ed Arthur Kill Powerhouse – Staten Island, NY | |
| | 1969 | Oxford Paper - Maine | |
| | 1969 | St. Regis Paper Co. - Jacksonville, FL | |
| | 1969-1970 | DPC Marshall Units 3-4 (new construction) | |
| | 1969 | Albemarle Paper – Roanoke Rapids, NC | |
| | 1969 | Riegel Paper Mill - Riegelwood/Acme, NC | |
| | 1970 | Alton Box Board Co - Jacksonville, FL | |
| 1971-1976 | Boilermaker Union<br>Local #30 | | Boilermaker |
| 1971-1974 | B&W | DPC Belews Creek<br>Walnut Cove, NC | Boilermaker<br>(off and on) |
| 1971 | CE or Flame? | CP&L Cape Fear Plant<br>Moncure/Sanford, NC | Boilermaker |
| 1972 | B&W | Chatham Mfg. (CMI) Plant | Boilermaker |

|  |  | Elkin, NC |  |
|---|---|---|---|
| 1975 | Flame | CP&L Sutton Plant<br>Wilmington, NC | Boilermaker<br>(approx 4 mos.) |
| 1975 | Flame | CP&L Lee Plant<br>Goldsboro, NC | Boilermaker<br>(approx. 4 mos.) |
| 1970's | Flame | Weyerhaeuser Plant<br>New Bern, NC | Boilermaker |
| 1970's | Flame | Weyerhaeuser Plant<br>Plymouth, NC | Boilermaker |
| 1970's | unknown | DPC Cliffside Plant<br>Cliffside/Brice, NC | Boilermaker |
| 1970's | Riley Stoker | CP&L Roxboro Plant<br>Roxboro, NC | Boilermaker<br>(shutdown) |
| 1970's | ABB (CE) | VEPCO Mount Storm Plant<br>Mount Storm, WV | Boilermaker |
| 1976 | Lucey Boiler | Champion Paper Mill<br>Canton, NC | Boilermaker<br>(approx. 2 mos.) |
| 1976 | CE | GA Pwr Bowen Plant<br>Cartersville, GA<br>mos.) | Boilermaker<br>(approx. 4 |

Also worked at:

Alcoa Aluminum in Badin, NC
American Enka  in Asheville/Enka, NC
DPC Riverbend, DPC Lee, DPC Cowan's Ford,
        DPC Buck, DPC McGuire
SCE&G plants
TVA plants (TVA Kingston, etc.)
Missile Silos in AZ
Dutch Gap, VA
West Point, VA

| 1976 | Retired (Disability) |  |  |
|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDANTS LIST

3M COMPANY.
a/k/a Minnesota Mining & Manufacturing Co.
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

A.W. Chesterton Company
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Air & Liquid Systems Corporation,
as Successor by Merger to Buffalo Pumps, Inc,
c/o Its Registered Agent
CT Corporation System, Registered Agent
116 Pine Street, Suite 320
Harrisburg, PA 17101

Alfa Laval Inc., Individually and as
Successor-in-Interest to Sharples, Inc.,
Alfa-LaVal Separation Inc. and DeLaval
Separator Company
By and Through Its Registered Agent:
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Aurora Pump
c/o Lynette Jones
13515 Ballantyne Corporate Place
Charlotte, NC 28277

Baldwin-Lima-Hamilton
By and Through its Registered Agent or Registered Counsel
Minn Par, LLC
900 6th Avenue
Minneapolis, MN 55414-21378

45

Bayer Cropscience, Inc. f/k/a
Aventis CropScience USA, Inc. f/k/a
Rhone-Poulenc AG Company, Inc., f/k/a
Rhone Poulenc, Inc. f/k/a
Union Carbide Agricultural Products, Inc.
f/k/a Amchem Products, Inc., a Successor
in interest to Benjamin Foster Company
By and Through Its Registered Agent:
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Borg-Warner Corporation by its Successor-in-interest
BorgWarner Morse TEC Inc.
c/o  Its Registered Counsel or Managing Agent
3850 Hamlin Rd.
Auburn Hills, MI 48326

CertainTeed Corporation
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Crane Co.
By and Through Its Registered Agent:
The Corporation Trust Company
1209 N. Orange Street
Wilmington, DE 19801

Crown, Cork & Seal Company, Inc.
Individually and as Successor-in-Interest
to Mundet Cork Corporation
c/o Its Managing Agent
P. O. Box 63290
Philadelphia, PA 19114

Elliott Turbomachinery Company
By and Through Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Florida Power & Light Company

46

c/o Its Registered Agent
J. E. Leon
9250 W. Flagler Street
Miami, FL 33174 US

Flowserve US, Inc., Individually and as Successor to
Byron Jackson Pump Company, f/k/a
Flowserve Pump Corporation
c/o Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601


Fluor Enterprises, Inc.,
Successor-in-Interest corporation to a
Merger between Fluor Construction
Corporation and Daniel Construction Company
By and Through Its Registered Agent
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27601

Foster Wheeler Energy Corporation
a/k/a Foster Wheeler Corporation a/k/a
Foster Wheeler Inc.
By and Through Its Registered Agent:
C T Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

General Refractories Company
a/k/a GREFCO
By and Through Its Registered Agent
c/o Managing Agent or Chief Counsel
225 Cityline Avenue
Bala Cynwyd, PA 19001

Georgia Power Company (a Southern Company)
By and Through Its Registered Agent
Terry Hodges
241 Ralph McGill Blvd B-10180
Atlanta, GA 30308


Goodrich Corporation f/k/a
The B. F. Goodrich Company

47

c/o Its Registered Agent
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Goodyear Tire & Rubber Co.
c/o Its Registered Agent:
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Goulds Pumps, Incorporated
c/o Its Registered Agent
C. T. Corporation System
111 – 8th Ave.
New York, NY 10011

Hobart Brothers Company
c/o Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

IMO Industries, Inc.formerly Delaval Turbine, Inc
formerly De Laval Turbine, Inc., formerly IMO Delaval, Inc
formerly Transamerica Delaval, Inc
c/o Its Registered Agent:
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Industrial Holdings Corporation
f/k/a The Carborundum Company
By and Through Its Registered Agent:
The Prentice-Hall Corporation System
80 State Street
Albany, NY 12207

Ingersoll-Rand Company
c/o Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

John Crane, Inc. f/k/a John Crane Packing Company
 By and Through Its Registered Agent:

48

C.T. Corporation System
225 Hillsborough Street
Raleigh, NC 27603

John Wood Company (an Alco Industries Co.)
c/o Its Registered Agent or Counsel
The John Wood Company
Highland Business Park
P. O. Box 923
Valley Forge, PA 19482-0923

Kvaerner
Parent Company Dorr-Oliver, Successor to
Keeler Boiler Works
By and Through Its Registered Agent or Counsel
2600 Reach Road
Williamsport, PA 17701

The Lincoln Electric Company
c/o Its Registered Agent
C. T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Linde, Inc. f/k/a The Boc Group, Inc.
f/k/a Airco, Inc. a/k/a Airco Delaware, Inc.
c/o Its Registered Agent
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Metropolitan Life Insurance Company
c/o  Chief Counsel, Legal Department
27-01 Queens Plaza North
Long Island, NY 11101

National Services Industries, Inc.
f/k/a NSI Enterprises, Inc.
f/k/a North Brothers, Inc.
By and Through Its Registered Agent:
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Owens-Illinois, Inc.
c/o Registered Agent/Managing Agent

49

One Michael Owens Way
Perrysburg, OH 43551

Rapid American Corporation
By and Through Its Registered Agent/Managing Agent
2711 Centerville Road
#400
Wilmington, DE 19808

Riley Power Inc. f/k/a Babcock Borsig Power, Inc.
As Successor in interest to D.B. RILEY, INC.
(Successor in interest to Riley Stoker Corporation
And Union Iron Works a/k/a UIW)
By and Through Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Sepco Corporation
By and Through Its Registered Agent:
C.T. Corporation System
350 N. St. Paul Street
Suite 2900
Dallas, TX 75201

Southwestern Engineering Co.
c/o Its Managing Agent or Chief Counsel
5006 Barrow Avenue
Cincinnati, OH 45209

Sterling Fluid Systems (USA), LLC
Peerless Pump Company
c/o Its Managing Agent or Chief Counsel
2005 Martin Luther King Street
Indianapolis, IN 46207

Sulzer Pumps (US) Inc.
By and Through Its Registered Agent
C.T. Corporation System
388 State Street. Suite 420
Salem, OR 97301-3581

Trane US, Inc. f/k/a
American Standard, Inc.
c/o Its Registered Agent:
C.T. Corporation System

150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Union Carbide Corporation
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Uniroyal Holdings, Inc., successor to Uniroyal, Inc.
By and Through Its Vice President and General Counsel
Robert D'Angelo
70 Great Hill Road
Naugatuck, CT 06770

Volvo Construction Equipment North America, Inc.
By and Through Its Registered Agent
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Warren Pumps LLC
c/o Its Registered Agent
Corporation Service Company
84 State Street
Boston, MA 02109

Weil-McLain, a Subsidiary of SPX
c/o Its Managing Agent or Chief Counsel
500 Blaine Street
Michigan City, IN 46360

Weyerhaeuser Company
By and Through Its Registered Agent
National Registered Agents, Inc.
120 Penmarc Drive
Raleigh, NC 27603

Yarway Corporation, a Tyco subsidiary
By and Through Its Registered Agent:
C.T. Corporation System
1515 Market Street, Suite 1210
Philadelphia, PA 19102

Zurn Industries, Inc.
Individually and as Successor to

51

Erie City Iron Works
c/o Its Registered Agent:
C. T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

52