MDL, TRIAL-OMAHA

## U.S. District Court
## District of Nebraska (8 Omaha)
## CIVIL DOCKET FOR CASE #: 8:10-cv-00376-LES -CRZ
## Internal Use Only

Velasquez v. BNSF Railway Company
Assigned to: Senior Judge Lyle E. Strom
Referred to: Magistrate Judge Cheryl R. Zwart
Case in other court: USDC-NE, 8:10cv00374
                          USDC-NE, 8:10cv00375
                          USDC-NE, 8:10cv00377
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 10/06/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Joseph Velasquez**            represented by    **E. Terry Sibbernsen**
SIBBERNSEN, STRIGENZ LAW FIRM
1111 North 102nd Court
Suite 330
Omaha, NE 68114
(402) 493-7221
Fax: (402) 397-3515
Email: etsibbernsen@sibbandstrig.com
*ATTORNEY TO BE NOTICED*

**Robert L. Norton**
JONES, GRANGER LAW FIRM - TEXAS
P.O. Box 4340
Houston, TX 77210-4340
(713) 668-0230
Fax: (713) 956-7139
Email: bnor@jonesgranger.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**BNSF Railway Company**
*Individually and as Successor-in-Interest to*
*successor*
Burlington Northern Santa Fe Railway Company
*successor*
Atchison Topeka and Santa Fe Railway

I certify this to be a true copy of the original record in my custody.

OFFICE OF THE CLERK

By _____ Deputy Clerk

Company
*successor*
Chicago, Burlington and Quincy Railroad Company
*successor*
Burlington Northern Inc.
*successor*
Burlington Northern Railroad Company

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 10/06/2010 | 1 | ☐ | COMPLAINT with jury demand against BNSF Railway Company ( Filing fee $ 350, receipt number 0867-1879120), by Attorney E. Terry Sibbernsen on behalf of Joseph Velasquez(Sibbernsen, E.) (Entered: 10/06/2010) |
| 10/06/2010 | 2 | ☐ | NOTICE *of Place of Trial* by Attorney E. Terry Sibbernsen on behalf of Plaintiff Joseph Velasquez (Sibbernsen, E.) (Entered: 10/06/2010) |
| 10/06/2010 | 3 | ☐ | Summons Requested as to regarding Complaint 1 , Notice (Other) 2 . (Sibbernsen, E.) (Entered: 10/06/2010) |
| 10/06/2010 | 4 | ☐ | Summons Requested as to regarding Complaint 1 , Notice (Other) 2 . (Sibbernsen, E.) (Entered: 10/06/2010) |
| 10/06/2010 | 5 | | TEXT NOTICE OF JUDGES ASSIGNED: Senior Judge Lyle E. Strom and Magistrate Judge Cheryl R. Zwart assigned. (KBJ) (Entered: 10/06/2010) |
| 10/06/2010 | 6 | ☐ | Summons Issued as to defendant BNSF Railway Company YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (KBJ) (Entered: 10/06/2010) |
| 10/07/2010 | | | (Court only) ***Set TRIAL-OMAHA Flag. ***Attorney Robert L. Norton for Joseph Velasquez added pursuant to filing 2 . (JAB) (Entered: 10/07/2010) |
| 10/07/2010 | 7 | ☐ | ATTORNEY LETTER by Clerk that Attorney Robert L. Norton has not registered for admittance to practice. If the requested action is not taken within fifteen (15) days of the date of this letter, this matter will be referred to the assigned magistrate judge for the entry of a show cause order. (JAB) (Entered: 10/07/2010) |
| 10/07/2010 | 8 | ☐ | GENERAL ORDER 2010-07 regarding Assignment of Cases Involving Berkshire Hathaway or its Subsidiaries as Parties. Ordered by Chief Judge Joseph F. Bataillon. (JAB) (Entered: 10/07/2010) |
| 10/07/2010 | 9 | | NOTICE of Related Case by Attorney E. Terry Sibbernsen on |

| | | | |
|---|---|---|---|
| | | ☐ | behalf of Plaintiff Joseph Velasquez (Sibbernsen, E.) (Entered: 10/07/2010) |
| 10/08/2010 | | | (Court only) ***Terminate Notice of related case 9 . (DKM, ) (Entered: 10/08/2010) |
| 10/12/2010 | 10 | ☐ | ORDER - It has come to this court's attention that the above cases are related as defined under NEGenR1.4(a)(4). Accordingly, case 8:10CV375 Bixler v. BNSF Railway Company is reassigned to Senior Judge Lyle E. Strom for disposition are remains assigned to Magistrate Judge Cheryl Zwart. Ordered by Chief Judge Joseph F. Bataillon. (MKR) (Entered: 10/12/2010) |
| 10/13/2010 | 11 | ☐ | LETTER by Clerk regarding Complaint 1 with certified copy of docket sheet to Multidistrict Litigation Clerks Office. (JAB) (Entered: 10/13/2010) |

[ View Selected ]

or

[ Download Selected ]

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH VELASQUEZ ) | |
| ) | |
| PLAINTIFF, ) | CASE NO._____ |
| ) | |
| vs. ) | |
| ) | |
| BNSF RAILWAY COMPANY ) | |
| (Individually and as Successor-in ) | |
| Interest to the Burlington Northern ) | |
| and Santa Fe Railway Company, ) | |
| Atchison Topeka and Santa Fe ) | |
| Railway Company, Chicago, ) | |
| Burlington and Quincy Railroad ) | |
| Company, Burlington Northern Inc., ) | |
| and Burlington Northern Railroad ) | |
| Company) ) | |
| ) | |
| DEFENDANT. ) | JURY TRIAL DEMANDED |

SERVE: C.T. Corporation System
208 South LaSalle Street
Chicago, Illinois 60604

### PLAINTIFFS' ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, by and through counsel, and for this action against the BNSF Railway Company, individually and as successor-in-interest to the Burlington Northern & Santa Fe Railway Company, Atchison Topeka and Santa Fe Railway Company, Chicago, Burlington and Quincy Railroad Company, Burlington Northern Inc., and Burlington Northern Railroad Company, "Defendant Railroad", respectfully states:

- 1 -

1. Plaintiff JOSEPH VELASQUEZ is a resident of Lincoln, Nebraska, who worked for the Defendant Railroad and/or its predecessors from 1967-2002 as a laborer and pipefitter. He has been diagnosed with an occupational lung disease and an occupationally related cancer.

2. That at all times mentioned herein, and for some time prior thereto and thereafter, BNSF Railway Company (Individually and as Successor-in-Interest to The Burlington Northern Santa Fe Railway Company, The Atchison Topeka & Santa Fe Railway Company, and Burlington Northern Railroad Company), and/or its predecessors in interest, were engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout the state of Nebraska.

3. That during the course of Plaintiff's employment, the Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of their duties were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 1 et. seq., which Act grants this Court jurisdiction over this action.

4. That during the course of Plaintiff's employment with the Defendant Railroad, he was engaged in the course of his employment performing his craft and in

other various roles and capacities where he was required and caused to work with, and in the vicinity of, toxic substances and dusts including dust from asbestos-containing products and materials, silicates and silica-containing products, diesel fumes, diesel exhaust, welding fumes, cleaning solvents, and others, which caused him to suffer severe and permanent personal injuries.

5. That at all times relevant, Plaintiff was unaware of the dangerous propensities of the dusts, fumes, vapors and toxins he was required to work with and around and was unaware of the cause of any latent abnormal medical condition.

## COUNT I - NEGLIGENCE

6. Plaintiff re-alleges Paragraphs 1-5 as if restated here verbatim.

7. That the Defendant Railroad, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiff of the true nature and hazardous effects of exposure to dusts, fumes, vapors, toxins, and other hazardous materials;

(d) in failing to exercise reasonable care in publishing and enforcing a safety

plan and method of handling and installing products that contained or produced hazardous dusts and toxins;

(e) in failing to provide adequate, if any, instructions in the use or removal of products that contained or produced hazardous dusts, fumes, vapors and toxins;

(f) in failing to provide Plaintiff with safe and proper ventilation systems in the workplace;

(g) in failing to inquire of the suppliers of products to its shops regarding the hazardous nature of exposure to the dusts, fumes, vapors and toxins contained in such products;

(i) in requiring Plaintiff to work with and around ultra-hazardous products; and

(j) in failing to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to dusts, fumes, vapors, toxins and other hazardous substances.

8. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant Railroad, Plaintiff developed an occupational lung disease and as a result sustained injury to his body and respiratory systems, resulting in pain and suffering, mental anguish, and progressive impairment and disability.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9. Plaintiff re-alleges Paragraphs 1-8 as if set forth herein verbatim.

10. That during the course of his employment and in the performance of his duties with the Defendant Railroad, Plaintiff worked with, came into contact with, and was physically struck with hazardous dusts, fumes, vapors and toxins, including asbestos fibers and other toxic substances. Plaintiff's contact with these hazardous dusts, fumes, vapors and toxins occurred directly with his clothing, skin, mouth, nose, and respiratory and digestive tract.

11. That Plaintiff's contact with these hazardous dusts, fumes, vapors and toxins have manifested in the form of occupationally-related injuries to Plaintiff.

12. That Plaintiff has been informed by physicians that as a result of his employment with the Defendant Railroad, he is at a significantly increased risk for the development of various medical ailments, including but not limited to progressive lung disease, bronchogenic carcinomas and gastro-intestinal carcinomas. Further, his expected life span has been greatly diminished.

13. That, as a result, in whole or in part, of one or more of the Defendant Railroad's aforementioned negligent acts or omissions, Plaintiff has suffered mental anguish, distress and a decreased ability to enjoy life.

## DAMAGES COMMON TO ALL COUNTS

14. That as a result of the Defendant Railroad's negligent actions as are described above, Plaintiff has suffered pain, nervousness and mental anguish. Plaintiff will be forced to suffer the same for the remainder of his life and his enjoyment of life

has been greatly reduced. Also as a result of the Defendant Railroad's negligent acts and omissions, Plaintiff's expected life span has been greatly shortened.

15. As a result of his health problems, Plaintiff has been forced to incur medical expenses by way of doctor, hospital and drug bills. Plaintiff will be forced to incur additional, similar expenses in the future in an effort to treat his permanent and progressive condition.

16. Further, Plaintiff will incur medical expenses necessary to monitor his permanent and progressive condition, including regular and periodic chest x-rays, computerized tomography scans, pulmonary function tests, blood work and physical examinations, which may lead to other testing, all in an attempt to adequately diagnose and treat his condition, which includes a significantly increased risk of the development and progression of the ailments and carcinomas set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendant Railroad, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with costs and all other relief permitted.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

SIBBERNSEN & STRIGENZ, P.C.

By_____
Terry Sibbernsen
Nebraska Bar No.13826
1111 N. 102nd Crt., Ste. 330
Omaha, NE 68114
(402) 415-0704
(402) 397-3515 (Fax)


JONES & GRANGER
10,000 Memorial Drive, #888
Houston, TX 77024
(713) 668-0230
(713) 956-7139 fax

ATTORNEYS FOR PLAINTIFFS