# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.1.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:10-cv-06974

Ellis et al v. Rapid American Corporation et al      Date Filed: 10/29/2010
Assigned to: Honorable Rebecca R. Pallmeyer      Jury Demand: None
Case in other court: Circuit Court of Cook County, Law      Nature of Suit: 368 P.I. : Asbestos
                Division, 10L10552      Jurisdiction: Federal Question
Cause: 28:1441 Petition for Removal- Asbestos Litigation

**Plaintiff**

**Glen Ellis**             represented by   **Glen Ellis**
                                               PRO SE

**Plaintiff**

**Delmar Ellis**           represented by   **Delmar Ellis**
                                               PRO SE

V.

**Defendant**

**Rapid American Corporation**

**Defendant**

**H.B. Fuller Company**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Certainteed Corporation**

**Defendant**

**Uniroyal Inc**

**Defendant**

**C.P. Hall Company**

**Defendant**

**Crown, Cork & Seal USA, Inc.**

**Defendant**

**Kentile Floors Inc**

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**John Crane, Inc.**

**Defendant**

**Dana Companies, LLC.**

**Defendant**

**Dana Holding Corporation**

**Defendant**

**Federal-Mogul U.S. Asbestos
Personal Injury Trust**

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**Kelly Moore Paint Company Inc**

**Defendant**

**Dap Inc**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Goulds Pumps Inc**

**Defendant**

**Sterling Fluid Systems (USA)**

**Defendant**

**FMC Corporation**

**Defendant**

**Gardner Denver Inc**

**Defendant**

**Joy Technologies Inc.**

**Defendant**

**BW/IP Inc**

**Defendant**

**Air & Liquid Systems Inc.**

**Defendant**

**ITT Industries Inc**

**Defendant**

**Aurora Pump Company**

**Defendant**

**General Electric Company**                    represented by  **Edward P Kenney**
                                                               Sidley Austin LLP
                                                               One South Dearborn Street

Chicago, IL 60603
(312) 853-7000
Email: ekenney@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Michael Schieber**
Sidley Austin LLP
1 South Dearborn
Chicago, IL 60603
(312) 853-7925
Email: jschieber@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Anthony Fonstad**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-0752
Email: jfonstad@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maja C. Eaton**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
Email: meaton@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viacom Inc**

**Defendant**

**Crane Company**

**Defendant**

**Henry Vogt Machine Company**

**Defendant**

**Yarway Corporation**

**Defendant**

**Anderson, Greenwood & Co.**

**Defendant**

**Grinnell Corporation**

**Defendant**

**Grinnell LLC**

**Defendant**

Mueller Group LLC

**Defendant**

**Mueller Company**

**Defendant**

**Henry Pratt Company**

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Riley Power, Inc.**

**Defendant**

**Square D Company**

**Defendant**

**Pneumo-Abex**

**Defendant**

**Borg-Warner Corporation**

**Defendant**

**Kelsey-Hayes Company**

**Defendant**

**Maremont Corporation**

**Defendant**

**CNH America LLC**

**Defendant**

**Caterpillar Inc.**

**Defendant**

**Cummins Inc**

**Defendant**

**Deere & Company**

**Defendant**

**Eaton Corporation**

**Defendant**

**Metropolitan Life Insurance Co.**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/29/2010 | 1 | NOTICE of Removal from Circuit Court of Cook County, Law Division, case number (10L10552) filed by General Electric Company Filing fee $ 350, receipt number 0752-5369933. (Schieber, Jeffrey) (Entered: 10/29/2010) |

| | | |
|---|---|---|
| 10/29/2010 | 2 | CIVIL Cover Sheet (Schieber, Jeffrey) (Entered: 10/29/2010) |
| 10/29/2010 | 3 | ATTORNEY Appearance for Defendant General Electric Company by Jeffrey Michael Schieber (Schieber, Jeffrey) (Entered: 10/29/2010) |
| 10/29/2010 | 4 | Notice of Tag-Along Action and Certificate of Service by General Electric Company (Schieber, Jeffrey) (Entered: 10/29/2010) |
| 10/29/2010 | 5 | ANSWER to Complaint by General Electric Company(Schieber, Jeffrey) (Entered: 10/29/2010) |
| 10/29/2010 | 6 | ATTORNEY Appearance for Defendant General Electric Company by Maja C. Eaton (Eaton, Maja) (Entered: 10/29/2010) |
| 10/29/2010 | 7 | ATTORNEY Appearance for Defendant General Electric Company by Edward P Kenney (Kenney, Edward) (Entered: 10/29/2010) |
| 10/29/2010 | 8 | ATTORNEY Appearance for Defendant General Electric Company by John Anthony Fonstad (Fonstad, John) (Entered: 10/29/2010) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GLEN ELLIS, Special Administrator of the Estate
of DELMAR ELLIS, Deceased,

      Plaintiff,

v.

RAPID AMERICAN CORPORATION,
Individually and as Successor-in-Interest to Philip
Carey Manufacturing Corporation; H.B.
FULLER COMPANY; UNION CARBIDE
CORPORATION, Individually     and f/k/a/
Union Carbide Chemicals and Plastics Company;
CERTAINTEED CORPORATION; UNIROYAL,
INC.; C.P. HALL COMPANY; CROWN, CORK
AND SEAL, USA, INC.; KENTILE FLOORS,
INC.; A.W. CHESTERTON COMPANY; JOHN
CRANE, INC., f/k/a Crane packing Company;
DANA COMPANIES, LLC;  DANA HOLDING
CORPORATION;  Federal-Mogul U.S. Asbestos
Personal     Injury Trust as successor to Fel-Pro.;
GEORGIA-PACIFIC CORPORATION    a.k.a.
Hopper Paper Company; KELLY MOORE
PAINT COMPANY, INC.; DAP, INC.;
INGERSOLL-RAND COMPANY; GOULDS
PUMPS, INC.; STERLING    FLUID SYSTEMS
(USA), Individually and    as Successor-in-Interest
to Peerless Pump Company and as Successor-in-
Interest to Indian Head, Inc.; FMC
CORPORATION; GARDNER DENVER, INC.;
GARDNER DENVER, INC., as Successor-in-
Interest to JOY MANUFACTURING CO.; JOY
TECHNOLOGIES, INC.; BW/IP, Inc. and its
Wholly Owned Subsidiaries; AIR &    LIQUID
SYSTEMS, INC., Successor by merger to
BUFFALO PUMPS, INC.; ITT INDUSTRIES,
INC., Individually and as Successor-in-Interest to
BELL & GOSSETT PUMP CO.; AURORA
PUMP COMPANY; GENERAL ELECTRIC
COMPANY; VIACOM, INC., Successor-by-
Merger to   CBS Corporation f/k/a Westinghouse
Electric Corporation; CRANE CO.;    HENRY
VOGT MACHINE COMPANY; YARWAY

In re: Asbestos Litigation

Case No. 2010 L 010552

JURY TRIAL DEMANDED

**CORPORATION; ANDERSON, GREENWOOD & CO.; GRINNELL CORPORATION f/k/a GRINNELL FIRE PROTECTION SYSTEMS, INC; GRINNELL LLC; MUELLER GROUP, LLC d/b/a/ MUELLER FLOW, LLC; MUELLER COMPANY; HENRY PRATT COMPANY; FOSTER WHEELER ENERGY CORPORATION; RILEY POWER, INC., f/k/a RILEY STOKER CORPORATION; SQUARE D COMPANY; PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation; BORG-WARNER CORPORATION, by its Successor-in-Interest, Borg Warner Morse TEC Inc.; KELSEY-HAYES COMPANY; MAREMONT CORPORATION; CNH AMERICA, LLC f/k/a CASE, INC.; CATERPILLAR, INC.; CUMMINS, INC., Individually and as Successor-in-Interest to Cummins Engine Company, Inc.; DEERE AND COMPANY; EATON CORPORATION; METROPOLITAN LIFE INSURANCE CO.,**

**Defendants.**

---

### NOTICE OF REMOVAL

Defendant General Electric Company ("General Electric"), through the undersigned counsel, hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, General Electric states as follows:

**I.    THE STATE COURT ACTION.**

1.    On September 15, 2010, Plaintiff Glen Ellis, as special administrator of the estate of Delmar Ellis, deceased, filed his Complaint at Law ("Complaint"), styled as *Glen Ellis, as Special Administrator of the Estate of Delmar Ellis, Deceased v. Rapid American Corp., et al.*, No. 2010 L 010552, in the Circuit Court of Cook County, Illinois. General Electric is a named

defendant.  True and correct copies of the Summons and Complaint served on General Electric are attached hereto as part of Exhibit A.

2.      Plaintiff alleges that the decedent was exposed to asbestos-containing products manufactured, sold, distributed, marketed, or installed by the defendants.  Compl. ¶ 5.  Plaintiff further claims that the decedent developed mesothelioma, which led to his death, as a result of his exposure to these asbestos-containing products.  *Id.* ¶ 12.  Plaintiff alleges that the decedent was exposed to asbestos-containing products manufactured, sold, distributed, marketed, or installed by General Electric while the decedent served in the United States Navy (the "Navy") at Great Lakes Naval Base and aboard the USS Grand Canyon.  *See* Exhibit A to Compl. at 1-3.

3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441.  The procedural requirements for removal are satisfied, as are the requirements 28 U.S.C. § 1442(a)(1), and this Notice of Removal has been filed within thirty days of October 1, 2010, the date of service of the Complaint upon General Electric.

## II.      THE MDL PROCEEDINGS.

4.      In 1991, the Judicial Panel on Multidistrict Litigation established *In re Asbestos Product Liability Litigation (No. VI)*, MDL 875 (E.D. Pa.), to coordinate all federal asbestos personal injury litigation.  Approximately 60,000 cases are now being coordinated by the MDL, which is presided over by Judge Eduardo C. Robreno.

5.      General Electric intends to identify this action as a potential "tag-along" to the MDL proceeding.

## III.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

6.     The Complaint was served on General Electric on October 1, 2010.  Therefore, this Notice of Removal, filed October 29, 2010, is timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  *See also Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007) ("Neither the language of nor the purpose behind the time limits contained in § 1446(b) could possible support a reading that the limits run against defendants who are unaware of the pending claim.").  Additionally, because General Electric is not required to obtain the consent of other defendants to remove this action pursuant to 28 U.S.C. § 1442(a)(1), *see O'Callaghan v. United States*, 686 F. Supp. 2d 826, 828 (N.D. Ill. 2010), "the requirement of unanimity is eliminated, and so too is the first-served defendant rule."  *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *7 (S.D. Ill. May 18, 2006).  *See also Springman v. AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *4 (S.D. Ill. Nov. 14, 2007) (same).

7.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the State Court Action are attached hereto as Exhibit A.

8.     This Court embraces the locality in which the State Court Action is now pending, and thus is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).
No previous application has been made for the relief requested herein.

9.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court of Cook County, State of Illinois.

10.     A filing fee of $350.00 has been tendered to the Clerk of the United States District Court for the Northern District of Illinois.

11.     This Notice of Removal is being signed pursuant to Federal Rule of Civil

Procedure 11.  A copy of the civil cover sheet and removal supplemental cover sheet are attached

hereto.

### III.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1442.

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442 because,

in the manufacture and sale of marine turbines and other equipment for and to the Navy, General

Electric was acting under the direction of an officer of the United States within the meaning of

28 U.S.C. § 1442(a)(1).

13.     Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving

party (1) demonstrates that it is a "person" within meaning of the statute; (2) demonstrates that it

acted under the direction of a federal officer, meaning there is a nexus or causal connection

between plaintiff's claims and its actions; and (3) raises a colorable federal defense to plaintiff's

claims.  *Mesa v. California*, 489 U.S. 121, 129-31, 134-35 (1989); *Venezia v. Robinson*, 16 F.3d

209, 212 (7th Cir. 1994); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1003 (N. D. Ill.

2007); *Crescent Care, LLC v. Total Home Health, Inc.*, No. 08 C 127, 2008 WL 4542666, at *2

(N.D. Ill. May 28, 2008); *Papapetrou v. Boeing Co.*, No. 07 C 5892, 2008 WL 548770, at *3

(N.D. Ill. Feb. 25, 2008).  Here, all three requirements have been satisfied and General Electric is

entitled to the federal officer removal provision.

14.     Plaintiff claims the decedent was exposed to asbestos from products

manufactured, sold, distributed, marketed, or installed by General Electric, including marine

turbines, while the decedent served in the Navy at Great Lakes Naval Base and aboard the USS

Grand Canyon.  Exhibit A to Compl. at 1-3.  Plaintiff does not allege that the decedent was

exposed to asbestos from products manufactured, sold, distributed, marketed, or installed by

General Electric at any other time. *See id.* at 4-5.

15.     A corporation, such as General Electric, is a "person" for purposes of 28 U.S.C.

§ 1442(a). *Crescent Care*, 2008 WL 4542666, at *2; *Papapetrou*, 2008 WL 548770, at *3.

16.     Plaintiff's claims are based on General Electric's conduct in compliance with

federal regulations and instructions including, but not limited to, those issued by the Department

of Defense, the Secretary of the Navy, and the Navy and its officers.  As such, this case is subject

to removal pursuant to 28 U.S.C. § 1442(a)(1) because it involves an action against an "officer

(or any person acting under that officer) of the United States."  28 U.S.C. § 1442 (a)(1).

17.     General Electric's actions at issue in this suit took place under the direct and

detailed control of a federal agency — the Navy — as well as several Navy officers and Navy-

employed civilians, all acting under the command of the Secretary of the Navy.  These

individuals exercised direct control over the construction and installation of General Electric

marine turbines, as well as control over all information affixed to equipment supplied to the

Navy.  Further, the turbines were subject to various tests and trials supervised by the Navy before

they were approved for use on military vessels.  In sum, virtually no aspect of the design and

manufacture of the marine steam turbines at issue escaped the close control of the Navy and its

officers.

18.     As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988),

General Electric has a federal defense to this action — government contractor immunity from

liability for injuries arising from any exposure to asbestos related to turbines or other equipment

at Navy bases or onboard Navy vessels, insofar as they were constructed or repaired by General

Electric.  *Id.* at 511-12.  Under the government contractor defense, "[l]iability for design defects

Case: 1:10-cv-06974 Document #: 63 Filed: 10/29/10 Page 7 of 50 PageID #:7

in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512. Here, the Navy provided General Electric with precise specifications regarding its equipment and General Electric manufactured and delivered equipment that conformed to those specifications. Additionally, the Navy, as one of the world's leaders in industrial hygiene at the time of plaintiff's decedent's alleged exposure to General Electric's products, possessed information equal to or superior to that possessed by Navy contractors such as General Electric. As such, General Electric has a colorable claim that it is entitled to immunity from state tort liability under the government contractor defense.

19.     Indeed, in the MDL proceedings, Judge Robreno recently held that the government contractor defense applied to bar plaintiff's state law duty to warn claims in a very similar case involving claims of exposure to General Electric's asbestos-containing products while plaintiff's decedent served in the Navy aboard the USS Essex. *See Faddish v. Gen. Elec. Co.*, MDL No. 875, Civil Action No. 09-70626, 2010 WL 4146108, at *6-9 (E.D. Pa. Oct. 20, 2010). A courtesy copy of the *Faddish* decision is attached hereto as Exhibit B.

20.     General Electric is not required , though, to prove the merits of its defense in order to remove this case successfully. General Electric need only present a colorable claim such that the validity of the defense should be tried in federal rather than state court. *Jefferson County v. Acker*, 527 U.S. 423, 431 ("In construing the colorable federal defense requirement, we have rejected a 'narrow, grudging interpretation' of the statute, recognizing that 'one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a

federal court.'  We therefore do not require the officer virtually to 'win his case before he can have it removed.'") (quoting *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969)); *Venezia*, 16 F.3d at 212 ("Once the federal defendant has a plausible federal defense, removal is appropriate so that the federal court may determine whether the defense succeeds.  A federal defendant need not show that he is entitled to *prevail* in order to have access to the federal forum") (emphasis original).

21.     General Electric is not required to notify and obtain consent of any other defendant in this action in order to remove Plaintiff's action as a whole under section 1442(a)(1). *See O'Callaghan*, 686 F. Supp. 2d at 828 ("In the context of federal officials (or persons acting under a federal official), courts have been clear in holding that a federal officer need not obtain the consent of other defendants to remove under Section 1442.").  *See also Ely Valley Mines, Inc. v. Hartford Accident Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

WHEREFORE, General Electric respectfully removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1441 and 1446.  Should any question arise as to this removal, General Electric respectfully requests an opportunity to provide briefing and an oral argument as to why removal is proper.

Dated:  October 29, 2010          Respectfully submitted,


*/s/ Jeffrey M. Schieber*
Maja C. Eaton
Edward P. Kenney
John A. Fonstad
Jeffrey M. Schieber
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
*Attorneys for Defendant*
*General Electric Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record. I further certify that I caused a copy of the foregoing document to be served upon all other counsel of record, per the attached Service List, via U.S. Mail, postage prepaid, at their listed addresses, on this 29th day of October, 2010.


_____ *s/ Jeffrey M. Schieber* _____

## SERVICE LIST

**GLEN ELLIS,** Special Administrator of the Estate of **DELMAR ELLIS,** Deceased,

v. **RAPID AMERICAN CORP**., et al., **Case No. 1:10-cv-_____**

David O. Barrett
Timothy G. Martin
Michael T. Egan
Cooney and Conway
120 North LaSalle Street, 30th Floor
Chicago, IL 60602
*Attorney for* Plaintiff

Douglas Prochnow
Jennifer A. Johnston
Martha Brown
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
*Attorney for* Square D Co., and Metropolitan
Life Insurance Co.

Stephen Hoke
Sarah Hixon
Stephen Hoke Associates LLC
117 N. Jefferson Street, L2
Chicago, IL 60661-2387
*Attorney for* C P Hall Co.

Christopher M. Davis
Steptoe & Johnson
Complex Litigation Support Center
400 A Guide Drive
Rockville, Maryland 20850
*Attorney for* Metropolitan Life Insurance Co.

Kevin Dreher
Morgan Lewis & Bockius
77 West Wacker Dr.
Chicago, IL 60601-5094
*Attorney for* Grinnell Corp., Mueller Co. and Yarway
Corp.

Demetra Arapakis Christos
Foley & Mansfield, P.L.L.P.
39 S. LaSalle, Suite 1110
Chicago, IL  60603
*Attorney for* Kelly Moore Paint Co. and Viacom

William F. Mahoney
Kathleen McDonough
Segal, McCambridge, Singer & Mahoney
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL 60606
*Attorney for* Kentile Floors Inc., DAP Inc., Gardner
Denver Inc., Joy Technologies Inc., Aurora Pump
Co., BW/IP Inc., Foster Wheeler Energy Co., and
Cummins Inc.

Christopher P. Larson
Tobin J. Taylor
Adam J. Lagocki
Heyl, Royster, Voelker & Allen
Chase Building, Suite 600
124 SW Adams Street
Peoria, IL 61502
*Attorney for* H.B. Fuller Co.,  Certainteed Corp.,
Air & Liquid Systems Inc., Buffalo Pumps Co.,
Riley Stoker Corp. and Union Carbide
Corporation

Joseph J. O'Hara, Jr.
Matthew Jardine
Edward M. Casmere
Schiff, Hardin & Waite, LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
*Attorney for* Anderson Greenwood & Co., Henry
Pratt Co., Uniroyal Co. and Deere & Co.

Scott Solberg
David M. Stahl
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
*Attorney for* Borg-Warner Corp.

Edward Matushek, III
David Warren
Matushek, Nilles & Sinars L.L.C.
55 West Monroe, Suite 700
Chicago, IL 60603
*Attorney for* Maremont Corp.

James P. Kasper
Gunty & McCarthy
150 South Wacker Drive
Chicago, IL 60606-4163
*Attorney for* Crane Co.

Robert W. Scott
Swain, Hartshorn & Scott
411 Hamilton Blvd., Suite 1812
Peoria, IL 61602
*Attorney for* Pneumo-Abex, Inc.

John J. Kurowski
Kurowski Bailey & Schultz, LLC
24 Bronze Point

George Fitzpatrick
McRay Judge
Swanson, Martin & Bell
One IBM Plaza, Suite 3300
330 N. Wabash Ave.
Chicago, IL 60611
*Attorney for* Sterling Fluid Systems Inc., FMC
Corp.

Law Offices of Robert P. Harris
180 North Michigan Ave., Suite 2105
Chicago, IL 60601-7478
*Attorney for* Crown Cork & Seal Co.

Daniel O'Connell
O'Connell Tivin Miller & Burns LLC
135 S. LaSalle Street, Suite 2300
Chicago, IL 60603
*Attorney for* John Crane Co.

Brenda G. Baum
George Kiser
Hepler Broom
150 N. Wacker Dr., Suite 3100
Chicago, IL 60606
*Attorney for* Georgia Pacific LLC f/k/a Georgia
Pacific Corp.

Steven P. Sanders
Thomas L. Orris
Williams Venker & Sanders LLC
10 South Broadway, Ste. 1600
St. Louis, MO 63102
*Attorney for* Caterpillar Inc.

Daniel J. Cheely
Cheely, O'Flaherty, & Ayres
19 S. LaSalle Street, Suite 1203
Chicago, IL 60603

Swansea, IL 62226
*Attorney for* A.W. Chesterton Co.
Edward H. MacCabe
MacCabe & McGuire
77 West Wacker Drive
Suite 3333
Chicago, IL 60601
*Attorney for* Eaton Corp.

Craig Liljestrand
Hinshaw & Culbertson
222 N. LaSalle St., Suite 300
Chicago, IL 60601
*Attorney for* Goulds Pumps Inc.

Leslie Davis
Roger K. Heidenreich
SNR Denton US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606-6404
*Attorney for* Rapid American Co.

Anthony Goldner
David Holmes
Wilson Elser Moskowitz Edelman & Dicker LLP
120 N. LaSalle St., Suite 2600
Chicago, IL 60602-2729
*Attorney for* Kelsey-Hayes Co.

*Attorney for* Ingersoll Rand Co. and Henry Vogt
Inc.
Undray Willes
Paul Doerscheln
McGuireWoods
77 West Wacker Drive, Suite 4110
Chicago, IL 60601-8100
*Attorney for* ITT Industries Corp. and Bell &
Gossett Co.

Lance Mueller
Celba & Desrochers LLC
225 E. Mason Street, 5th Fl.
Milwaukee, WI 53202
*Attorney for* Dana Companies

David A. Cyr
Jeffrey G. Chrones
Johnson & Bell Ltd.
33 West Monroe St. – Suite 2700
Chicago, IL 60603
*Attorney for* CNH America Co.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased,**

    **Plaintiff,**

**v.**

**RAPID AMERICAN CORPORATION, Individually and as Successor-in-Interest to Philip Carey Manufacturing Corporation; H.B. FULLER COMPANY; UNION CARBIDE CORPORATION, Individually and f/k/a/ Union Carbide Chemicals and Plastics Company; CERTAINTEED CORPORATION; UNIROYAL, INC.; C.P. HALL COMPANY; CROWN, CORK AND SEAL, USA, INC.; KENTILE FLOORS, INC.; A.W. CHESTERTON COMPANY; JOHN CRANE, INC., f/k/a Crane packing Company; DANA COMPANIES, LLC; DANA HOLDING CORPORATION; Federal-Mogul U.S. Asbestos Personal Injury Trust as successor to Fel-Pro.; GEORGIA-PACIFIC CORPORATION a.ka. Hopper Paper Company; KELLY MOORE PAINT COMPANY, INC.; DAP, INC.; INGERSOLL-RAND COMPANY; GOULDS PUMPS, INC.; STERLING FLUID SYSTEMS (USA), Individually and as Successor-in-Interest to Peerless Pump Company and as Successor-in-Interest to Indian Head, Inc.; FMC CORPORATION; GARDNER DENVER, INC.; GARDNER DENVER, INC., as Successor-in-Interest to JOY MANUFACTURING CO.; JOY TECHNOLOGIES, INC.; BW/IP, Inc. and its Wholly Owned Subsidiaries; AIR & LIQUID SYSTEMS, INC., Successor by merger to BUFFALO PUMPS, INC.; ITT INDUSTRIES, INC., Individually and as Successor-in-Interest to BELL & GOSSETT PUMP CO.; AURORA PUMP COMPANY; GENERAL ELECTRIC COMPANY;**

**Case No. _____**

**JURY TRIAL DEMANDED**

**In re: Asbestos Litigation**

**Case No.**

**JURY TRIAL DEMANDED**

VIACOM, INC., Successor-by-Merger to
CBS Corporation f/k/a Westinghouse
Electric Corporation; CRANE CO.;
HENRY VOGT MACHINE COMPANY;
YARWAY CORPORATION; ANDERSON,
GREENWOOD & CO.; GRINNELL
CORPORATION f/k/a GRINNELL FIRE
PROTECTION SYSTEMS, INC;
GRINNELL LLC; MUELLER GROUP,
LLC d/b/a/ MUELLER FLOW, LLC;
MUELLER COMPANY; HENRY PRATT
COMPANY; FOSTER WHEELER
ENERGY CORPORATION;  RILEY
POWER, INC., f/k/a RILEY STOKER
CORPORATION; SQUARE D COMPANY;
PNEUMO-ABEX, as Successor-in-Interest
to Abex Corporation; BORG-WARNER
CORPORATION, by its Successor-in-
Interest, Borg Warner Morse TEC Inc.;
KELSEY-HAYES COMPANY;
MAREMONT CORPORATION; CNH
AMERICA, LLC f/k/a CASE, INC.;
CATERPILLAR, INC.; CUMMINS, INC.,
Individually and as Successor-in-Interest to
Cummins Engine Company, Inc.; DEERE
AND COMPANY;  EATON
CORPORATION; METROPOLITAN LIFE
INSURANCE CO.,

     Defendants.

---

## EXHIBITS TO GENERAL ELECTRIC'S NOTICE OF REMOVAL

**Exhibit A** – State Court Pleadings and Process

**Exhibit B –** *Faddish v. General Electric Co.*, MDL No. 875, Civil Action No. 09-70626, 2010 WL 4146108 (E.D. Pa. Oct. 20, 2010)

# Exhibit A

09-0605 DOB/kl                                                        Firm I.D. No: 90200

STATE OF ILLINOIS   )
                    ) §
COUNTY OF COOK      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, | IN RE:   ASBESTOS LITIGATION |
| Plaintiff, | NO: |
| vs. | |

RAPID AMERICAN CORPORATION, Individually and as
Successor-in-Interest to Philip Carey Manufacturing
Corporation; H.B. FULLER COMPANY; UNION CARBIDE
CORPORATION, Individually and f/k/a Union Carbide
Chemicals and Plastics Company; CERTAINTEED
CORPORATION; UNIROYAL, INC.; C.P. HALL COMPANY;
CROWN, CORK AND SEAL, USA, INC.; KENTILE FLOORS,
INC.; A.W. CHESTERTON COMPANY; JOHN CRANE, INC.
f/k/a Crane Packing Company; DANA COMPANIES, LLC;
DANA HOLDING CORPORATION; Federal-Mogul U.S.
Asbestos Personal Injury Trust as successor to Fel-Pro.;
GEORGIA-PACIFIC CORPORATION a.k.a. Hopper Paper
Company; KELLY MOORE PAINT COMPANY, INC; DAP,
INC.; INGERSOLL-RAND COMPANY; GOULDS PUMPS,
INC.; STERLING FLUID SYSTEMS (USA), Individually and
as Successor-in-Interest to Peerless Pump Company
and as Successor-in-Interest to Indian Head, Inc.; FMC
CORPORATION; GARDNER DENVER, INC.; GARDNER
DENVER, INC., as Successor-in-Interest to JOY
MANUFACTURING CO.; JOY TECHNOLOGIES, INC.;
BW/IP, Inc. and its Wholly Owned Subsidiaries; AIR &
LIQUID SYSTEMS, INC., Successor by Merger to
BUFFALO PUMPS, INC.; ITT INDUSTRIES, INC.,
Individually and as Successor-in-Interest to BELL &
GOSSETT PUMP CO.; AURORA PUMP COMPANY;
GENERAL ELECTRIC COMPANY; VIACOM, INC.,
Successor-by-Merger to CBS Corporation f/k/a
Westinghouse Electric Corporation; CRANE CO.; HENRY
VOGT MACHINE COMPANY; YARWAY CORPORATION;
ANDERSON, GREENWOOD & CO.; GRINNELL
CORPORATION f/k/a GRINNELL FIRE PROTECTION
SYSTEMS, INC.; GRINNELL LLC; MUELLER GROUP, LLC
d/b/a MUELLER FLOW, LLC; MUELLER COMPANY;

HENRY PRATT COMPANY; FOSTER WHEELER ENERGY
CORPORATION; RILEY POWER, INC. f/k/a RILEY STOKER
CORPORATION; SQUARE D COMPANY; PNEUMO-ABEX,
as Successor-in-Interest to Abex Corporation; BORG-
WARNER CORPORATION, by its Successor-in-Interest,
Borg Warner Morse TEC Inc.; KELSEY-HAYES COMPANY;
MAREMONT CORPORATION; CNH America, LLC. f/k/a
CASE, INC.; CATERPILLAR, INC.; CUMMINS, INC.,
Individually and as Successor-in-Interest to Cummins
Engine Company, Inc.; DEERE AND COMPANY; EATON
CORPORATION; METROPOLITAN LIFE INSURANCE CO.,
INSURANCE CO.,

2010L010556
CALENDAR/ROOM 31
TIME 00:00
Asbestos

Defendants.

## COMPLAINT AT LAW

### COUNT 1

NOW COMES the Plaintiff, GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS,

Deceased, by and through his attorneys, COONEY and CONWAY, and for his cause of action against the

Defendants, individually and concurrently, states:

1.      The Plaintiff is the duly appointed Special Administrator of the Estate of DELMAR ELLIS,

Deceased, pursuant to an Order of the Circuit Court of Cook County, Illinois.

2.      Plaintiff brings this action pursuant to 740 ILCS 180/1-et seq.

3.      GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS brings this action for

use and benefit of the surviving heirs of the Decedent:

Surviving Heirs:

| | | |
|---|---|---|
| Glen Ellis | - | Son |
| Hugh Ellis | - | Son |
| Delmar Ellis, Jr. | - | Son |
| Mischelle Edgar | - | Daughter |
| Angela Clennon | - | Daughter |

4.      The Plaintiff's Decedent, DELMAR ELLIS, was employed from 1952 to 1990 in various

capacities including, Machinist Mate at various locations.

5.      During the course of his employment, non-occupational work projects (including, but

not limited to, home and automotive repairs, maintenance and remodeling) and/or in other ways, the

Plaintiff's Decedent, DELMAR ELLIS, was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers emanating from certain products that he worked with and around which were manufactured, sold, distributed, marketed or installed by the Defendants: RAPID AMERICAN CORPORATION, Individually and as Successor-in-Interest to Philip Carey Manufacturing Corporation; H.B. FULLER COMPANY; UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics Company; CERTAINTEED CORPORATION; UNIROYAL, INC.; C.P. HALL COMPANY; CROWN, CORK AND SEAL, USA, INC.; KENTILE FLOORS, INC.; A.W. CHESTERTON COMPANY; JOHN CRANE, INC. f/k/a Crane Packing Company; DANA COMPANIES, LLC; DANA HOLDING CORPORATION; Federal-Mogul U.S. Asbestos Personal Injury Trust as successor to Fel-Pro.; GEORGIA-PACIFIC CORPORATION a.k.a. Hopper Paper Company; KELLY MOORE PAINT COMPANY, INC; DAP, INC.; INGERSOLL-RAND COMPANY; GOULDS PUMPS, INC.; STERLING FLUID SYSTEMS (USA), Individually and as Successor-in-Interest to Peerless Pump Company and as Successor-in-Interest to Indian Head, Inc.; FMC CORPORATION; GARDNER DENVER, INC.; GARDNER DENVER, INC., as Successor-in-Interest to JOY MANUFACTURING CO.; JOY TECHNOLOGIES, INC.; BW/IP, Inc. and its Wholly Owned Subsidiaries; AIR & LIQUID SYSTEMS, INC., Successor by Merger to BUFFALO PUMPS, INC.; ITT INDUSTRIES, INC., Individually and as Successor-in-Interest to BELL & GOSSETT PUMP CO.; AURORA PUMP COMPANY; GENERAL ELECTRIC COMPANY; VIACOM, INC., Successor-by-Merger to CBS Corporation f/k/a Westinghouse Electric Corporation; CRANE CO.; HENRY VOGT MACHINE COMPANY; YARWAY CORPORATION; ANDERSON, GREENWOOD & CO.; GRINNELL CORPORATION f/k/a GRINNELL FIRE PROTECTION SYSTEMS, INC.; GRINNELL LLC; MUELLER GROUP, LLC d/b/a MUELLER FLOW, LLC; MUELLER COMPANY; HENRY PRATT COMPANY; FOSTER WHEELER ENERGY CORPORATION; RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION; SQUARE D COMPANY; PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation; BORG-WARNER CORPORATION, by its Successor-in-Interest, Borg Warner Morse TEC Inc.; KELSEY-HAYES COMPANY; MAREMONT CORPORATION; CNH America, LLC. f/k/a CASE, INC.; CATERPILLAR, INC.; CUMMINS, INC., Individually and as Successor-in-Interest to Cummins Engine Company, Inc.; DEERE AND COMPANY; and

EATON CORPORATION. ("Defendants"). (See Exhibit "A" Attached Hereto)

6.    At all times herein set forth, the Defendants' products were being used in the manner and for the purposes for which they were intended.

7.    DELMAR ELLIS's exposure to and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was foreseeable and could or should have been anticipated by the Defendants.

8.    The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

9.    The Plaintiff's Decedent, DELMAR ELLIS, suffered from an asbestos-related disease, including Mesothelioma and became aware of said disease on or about August 20, 2009, and, subsequently thereto, became aware that the same was wrongfully caused.

10.    At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff's Decedent and others working with and around the asbestos-containing products of the Defendants.

11.    The Defendants failed to exercise ordinary care and caution for the safety of DELMAR ELLIS in one or more of the following respects:

> (a) Included asbestos in their products, even though it was foreseeable and could or should have been anticipated that persons such as DELMAR ELLIS working with or around them would inhale, ingest or otherwise absorb asbestos;
>
> (b) Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;
>
> (c) Included asbestos in their products when adequate substitutes for the asbestos in them was available;
>
> (d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

(e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f) Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as DELMAR ELLIS might be exposed while working with the products;

(g) Marketed and/or distributed a product containing asbestos fibers;

(h) Failed to provide instruction as to what appropriate apparel, if any, would be safe to wear while using and/or working in proximity to the Defendants' products;

(i) Failed to develop alternative, non-asbestos containing products in a timely manner;

(j) Failed to inform users that asbestos containing products caused asbestosis and cancer in laboratory animals and humans; and,

(k) Failed to provide safe packaging for its products.

12.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendants, DELMAR ELLIS was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing DELMAR ELLIS to develop Mesothelioma, which ultimately led to his death on November 22, 2009; DELMAR ELLIS, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; DELMAR ELLIS prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, DELMAR ELLIS was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his estate; further, by reason of the death of DELMAR ELLIS, his family has been deprived of his means of support and has lost the society of DELMAR ELLIS; lastly, substantial sums of money were expended by DELMAR ELLIS's Estate for funeral and burial.

WHEREFORE, the Plaintiff, GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, demands judgment against the Defendants, in an amount in excess of jurisdictional amount, plus costs.

## COUNT 2

NOW COMES the Plaintiff, GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, by and through his attorneys, COONEY and CONWAY, and for his cause of action against the Defendants, states:

1-12.　Plaintiff adopts and re-alleges paragraphs 1-12 of Count 1 as paragraphs 1-12 of Count 2 as though fully set forth herein.

13.　GLEN ELLIS is the duly appointed Administrator of the Estate of DELMAR ELLIS, Deceased.

14.　Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/26-6, for the disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of, the aforesaid wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, demands judgment against the Defendants, in an amount in excess of jurisdictional amount, plus costs.

## COUNT 3

NOW COMES the Plaintiff, GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, by and through his attorneys, COONEY AND CONWAY, and complaining of the Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., alleges and says:

1.　DELMAR ELLIS contracted Mesothelioma as a result of his exposure to asbestos.

2.　Before Plaintiff's Decedent worked with Defendants' products at the aforesaid jobsites, each of the Defendants knew that exposure to asbestos caused serious disease and death.

3. Asbestos was present, and rendered airborne, at the aforesaid jobsites.

4. Unarco Industries, Inc., Johns-Manville Corporation, Johns-Manville Sales Corporation, Raymark Industries, Inc. (formerly Raybestos-Manhattan, Inc.), Owens Corning, Pittsburgh Corning Corporation, United States Gypsum and T & N Ltd., are corporations, and they, or their corporate predecessors, were during the time relevant to the allegations herein, in the business of manufacturing and distributing asbestos and asbestos-containing products.

5. Defendant, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation, is a corporation and was, during the times relevant to the allegations herein, itself or through predecessors, in the business of manufacturing and distributing asbestos-containing products.

6. Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a corporation.

7. Hereafter "Conspirators" refers to each of the corporations named in paragraphs 4 through 6.

8. DELMAR ELLIS was exposed to asbestos, including asbestos from one or more of the Conspirators.

9. Exposure to asbestos is a cause of serious disease and death, including asbestosis and malignancies.

10. The Mesothelioma from which DELMAR ELLIS suffered is an indivisible injury which resulted from the total and cumulative effect of all the asbestos to which he was exposed.

. 11. Before DELMAR ELLIS's exposure to asbestos, Conspirators knew that exposure to asbestos caused serious disease and death.

12. Conspirators knew that individuals exposed to asbestos were ignorant of the hazardous properties of asbestos.

13. Before and during his exposure to asbestos, DELMAR ELLIS, was unaware that exposure to asbestos caused serious disease and death.

14. The knowledge of the Conspirators included the following:

> (a)    two or more Conspirators had been in the asbestos business for years and had directed manufacturing operations;
>
> (b)    each had actual knowledge of asbestos disease and death among workers exposed to asbestos as early as the 1940's.

15.    Conspirators knew that asbestos was inherently dangerous and knew that under the decisional law of Illinois and other states, each was under a duty not to sell asbestos without providing adequate warning of its harmful qualities.

16.    Conspirators had employees who were exposed to asbestos dust and each of them had a statutory, regulatory, and decisional law duty to provide their employees with a safe place to work, or at the least, to warn the employees of the hazards presented by the presence of asbestos dust.

17.    Conspirators knew that if they adequately warned their own employees and other persons who were at risk of asbestos disease, the publication of such warning would cause workers to leave the industries using asbestos and therefore reduce the sale and usage of asbestos and cause those who were exposed through household and neighborhood exposures to press for the cessation of such exposures.

18.    Conspirators knowingly conspired and agreed among themselves to, among others:

> (a)    positively assert that which was not true, that it was safe for people to be exposed to asbestos and asbestos-containing products;
>
> (b)    suppress information about the harmful effects of asbestos causing people to be ignorant of that information.

19.    One or more of the Conspirators performed the following overt acts in furtherance of the conspiracy:

> (a)    sold asbestos products which were used at locations within the state of Illinois, where DELMAR ELLIS worked without warning of the hazards known to the seller;
>
> (b)    refused to warn its own employees about the hazards of asbestos known to it; among the employees who were not warned were those who worked within the state of Illinois;

(c)   edited and altered the reports and drafts of publications initially prepared by Dr. Lanza concerning the hazards of asbestos during the 1930's;

(d)   agreed in writing not to disclose the results of research on the effects of asbestos upon health unless the results suited their interests;

(e)   obtained an agreement in the 1930's from the editors of ASBESTOS, the only trade magazine devoted exclusively to asbestos, that the magazine would never publish articles on the fact that exposure to asbestos caused disease, and sustained this agreement into the 1970's;

(f)   suppressed the dissemination of a report by Dr. Gardner in 1943 which was critical of the concept that there was a safe level of asbestos exposure;

(g)   through their control of the Asbestos Textile Institute (ATI), defeated further study of health of workers when William Hemeon graphically demonstrated the need for such study and dissemination of information in the 1940's;

(h)   edited and altered the reports and drafts of publications regarding asbestos and health initially prepared by Dr. Vorwald during 1948-1951;

(i)   suppressed the results of the Fibrous Dust Studies conducted during 1966-74 by Industrial Hygiene Foundation, John-Manville, Raybestos Manhattan, Owens Corning, Pittsburgh Corning Corporation and PPG Industries, which results demonstrate and confirmed that exposure to asbestos caused cancer and asbestosis.

20.   The agreement and the acts done in furtherance of the agreement, including those performed in the State of Illinois, were proximate causes of the injury, specifically Mesothelioma, and the death of DELMAR ELLIS.

21.   DELMAR ELLIS died on November 22, 2009.

22.   The next of kin of Decedent are:

Surviving Heirs:

| | | |
|---|---|---|
| Glen Ellis | - | Son |
| Hugh Ellis | - | Son |
| Delmar Ellis, Jr. | - | Son |
| Mischelle Edgar | - | Daughter |
| Angela Clennon | - | Daughter |

23.   DELMAR ELLIS was a person of value.

24.     As a result of his death, his family and next of kin have suffered a loss of the love, affection, care, attention, comfort, guidance, protection, assistance in rearing children, money, goods, and services which he would have contributed to them had he lived.

25.     GLEN ELLIS brings this action pursuant to 740 ILCS 180/2 (2005).

WHEREFORE, the Plaintiff, GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, demands judgment against the Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., jointly and severally, in an amount in excess of jurisdictional amount, plus costs.

### COUNT 4

NOW COMES the Plaintiff, GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, by his attorneys, COONEY AND CONWAY, and complaining of the Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., alleges and says:

1-21.     Plaintiff repeats and re-alleges paragraphs 1-21 of Count 3 as paragraphs 1-21 of Count 4 as though fully set forth herein.

22.     DELMAR ELLIS was ill from Mesothelioma for a period before his death.

23.     Neither Decedent nor Plaintiff knew or should have known that Decedent had Mesothelioma prior to August 20, 2009.

24.     Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/26-6, for the disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of, the aforesaid wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, demands judgment against the Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., jointly and severally, in an amount in excess of jurisdictional amount, plus costs.

Respectfully submitted,

COONEY AND CONWAY

By: _____

Attorney for Plaintiff

David O. Barrett
**COONEY AND CONWAY**
Attorneys for Plaintiff
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
Firm I.D. No.: 90200

09-0605
**Glen Ellis, Special Administrator of the Estate of Delmar Ellis, Deceased**

EXHIBIT "A"
Personal Exposure of Plaintiff's Decedent,
Delmar Ellis

| Jobsite | Years | Defendant: Products |
|---|---|---|
| United States Navy<br>• Great Lakes Naval Base<br>• USS Grand Canyon (AD-28) | 1952-1956 | **RAPID AMERICAN CORPORATION, Individually and as Successor-in-Interest to Philip Carey Manufacturing Corporation:** Carey Asbestos Pipe Covering, Block, Cement, Paper, Felt, Board, Tile and Other Asbestos Containing Products<br>**H.B. FULLER COMPANY:** Benjamin Foster Mastics, Compounds, Cement, Thin Set Cement and Other Asbestos Containing Products<br>**UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics Company:** Asbestos Containing Bakelite, Paper, Felt, Roll, Raw Asbestos Fibers and Other Asbestos Containing Products<br>**CERTAINTEED CORPORATION:** Asbestos Cement, Pipe, Pipe Covering, Shingles, Siding, Roofing Materials, Compounds, Bestwall Joint Compound, Flexible Train Line and Other Asbestos Containing Products<br>**UNIROYAL, INC.:** Asbestos Blankets, Cloth, Curtains, Paper, Felt and Other Asbestos Containing Products<br>**C.P. HALL COMPANY:** Raw Asbestos Fibers and Other Asbestos Containing Products<br>**CROWN, CORK AND SEAL, USA, INC.:** Asbestos Cement, Pipe Covering, Block and Other Asbestos Containing Products<br>**KENTILE FLOORS, INC.:** Asbestos Containing Floor Tile, Asbestos Containing Adhesives and Other Asbestos Containing Products<br>**A.W. CHESTERTON COMPANY:** Asbestos Containing Packings, Seals, Gaskets and Other Asbestos Containing Products<br>**JOHN CRANE, INC. f/k/a Crane Packing Company:** Asbestos Containing Packings, Seals, Gaskets and Other Asbestos Containing Products<br>**GEORGIA-PACIFIC CORPORATION a.k.a. Hopper Paper Company:** Asbestos Containing Cement, Plaster, Joint Compounds, Roof Coating, Mastics, Wall Board and Other Asbestos Containing Products<br>**KELLY MOORE PAINT COMPANY, INC. :** Asbestos Containing Compounds, Paco Joint Compound and Other Asbestos Containing Products<br>**DAP, INC.:** Asbestos Compounds and Other Asbestos Containing Products<br>**INGERSOLL-RAND COMPANY:** Asbestos Containing Pumps, |

**Glen Ellis, Special Administrator of the Estate of Delmar Ellis, Deceased**

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| | | Turbines, Heat Exchangers, Compressors, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | **GOULDS PUMPS, INC.:** Asbestos Containing Pumps, Morris Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | **STERLING FLUID SYSTEMS (USA), Individually and as Successor-in-Interest to Peerless Pump Company and as Successor-in-Interest to Indian Head, Inc.:** Asbestos Containing Pumps, Peerless Pumps, Asbestos Containing Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | **FMC CORPORATION:** Asbestos Containing Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | **GARDNER DENVER, INC.:** Asbestos Containing Compressors, Heat Exchangers, Turbines, Vessels, Pumps, Pipe Covering, Block, Cement, Packing, Spray, Blankets, Gaskets and Other Asbestos Containing Products and Equipment |
| | | **GARDNER DENVER, INC., as Successor-in-Interest to JOY MANUFACTURING CO.:** Asbestos Containing Compressors, Heat Exchangers, Turbines, Vessels, Pumps, Stationary Joy Air Compressors, Pipe Covering, Block, Cement, Packing, Spray, Blankets, Gaskets and Other Asbestos Containing Products and Equipment |
| | | **JOY TECHNOLOGIES, INC.:** Asbestos Containing Compressors, Heat Exchangers, Turbines, Vessels, Pumps, Portable Joy Air Compressors, Pipe Covering, Block, Cement, Packing, Spray, Blankets, Gaskets and Other Asbestos Containing Products and Equipment |
| | | **BW/IP, INC. and its Wholly Owned Subsidiaries:** Asbestos Containing Pumps, Pipe Covering, Byron Jackson Pumps, Block, Cement, Blankets, Gaskets, Packings, Mastics and Other Asbestos Containing Products and Equipment |
| | | **AIR & LIQUID SYSTEMS, INC. Successor by Merger to BUFFALO PUMPS, INC.:** Asbestos Containing Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | **ITT INDUSTRIES, INC., Individually and as Successor-in-Interest to BELL & GOSSETT PUMP CO.:** Asbestos Containing Valves, Heat Exchangers, Pumps, Boilers, HVAC Systems, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | **AURORA PUMP COMPANY:** Asbestos Containing Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other |

09-0605
Glen Ellis, Special Administrator of the Estate of Delmar Ellis, Deceased

| Jobsite | Years | Defendant: Products |
|---|---|---|
| | | Asbestos Containing Products and Equipment |
| | | **GENERAL ELECTRIC COMPANY:** Asbestos Containing Pumps, Turbines, Heat Exchangers, Vessels, Valves, Steam Traps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | **VIACOM, INC., Successor-by-Merger to CBS Corporation f/k/a Westinghouse Electric Corporation:** Asbestos Containing Pumps, Turbines, Heat Exchangers, Vessels, Valves, Steam Traps, Packings, Gaskets, Block, Cement, Micarta Board, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | **CRANE CO.:** Cranite, Crane-Deming Pumps, Cochrane Asbestos Containing Feedwater Heaters, Deaerators, Heat Exchangers, Degasifiers, Valves, Asbestos Packings, Asbestos Cement, Asbestos Block, Asbestos Pipe Covering, Gaskets, Seals, Pumps, Boilers, Jenkins Valves, Pacific Boilers and Other Asbestos Containing Products and Equipment |
| | | **HENRY VOGT MACHINE COMPANY:** Asbestos Containing Valves, Pumps, Pipe Covering, Block, Cement, Blankets, Gaskets, Packings, Mastics and Other Asbestos Containing Products and Equipment |
| | | **YARWAY CORPORATION:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | **ANDERSON, GREENWOOD & CO.:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | **GRINNELL CORPORATION f/k/a GRINNELL FIRE PROTECTION SYSTEMS, INC.:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | **GRINNELL LLC:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | **MUELLER GROUP, LLC d/b/a MUELLER FLOW, LLC:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | **MUELLER COMPANY:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | **HENRY PRATT COMPANY:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |

09-0605
**Glen Ellis, Special Administrator of the Estate of Delmar Ellis, Deceased**

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| | | **FOSTER WHEELER ENERGY CORPORATION**: Asbestos Containing Boilers, Condensers, Mills, Ejectors, Hoggers, Pumps, Heat Exchangers, Strainers, Economizers, Evaporators, Pipe Covering, Block, Cement, Gaskets, Packings, Spray, Board, Blankets and Other Asbestos Containing Products and Equipment **RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION**: Asbestos Containing Boilers, Union Iron Works Boilers, Heat Exchangers, Pipe Covering, Block, Cement, Gaskets, Packings, Spray, Board, Blankets and Other Asbestos Containing Products and Equipment |

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| Auto Repairs | 1956-1990 | **DANA COMPANIES, LLC**: Asbestos Containing Victor Gaskets and Asbestos Containing Gaskets **DANA HOLDING CORPORATION**: Asbestos Containing Victor Gaskets and Asbestos Containing Gaskets and Packing **Federal-Mogul U.S. Asbestos Personal Injury Trust as successor to Fel-Pro.**: Asbestos Containing Gaskets and Seals **PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation**: Asbestos Brake Linings, Clutches, Brake Blocks and Other Asbestos Containing Products and Equipment **BORG-WARNER CORPORATION, by its Successor-in-Interest, Borg Warner Morse TEC Inc.**: Asbestos Clutches, Brake Linings, Brake Shoes, Pressure Plates and Other Asbestos Containing Products and Equipment **KELSEY-HAYES COMPANY**: Asbestos Containing Brake Pads, Linings, Clutches, Blocks, Friction Materials and Other Asbestos Containing Products and Equipment **MAREMONT CORPORATION**: Asbestos Containing Brakes, Grizzly Brakes, Linings, Clutches, Mufflers, Gaskets and Other Asbestos Containing Products and Equipment **CNH America, LLC. f/k/a CASE, INC.**: Asbestos Containing Brakes, Linings, Clutches, Gaskets and Other Asbestos Containing Products and Equipment **CATERPILLAR, INC.**: Asbestos Containing Generator Sets, Pipe Covering, Block, Cement, Gaskets, and Other Asbestos Containing Products and Equipment **CUMMINS, INC., Individually and as Successor-in-Interest to Cummins Engine Company, Inc.**: Asbestos Containing Brakes, Linings, Clutches, Gaskets and Other Asbestos Containing Products and Equipment **DEERE AND COMPANY**: Asbestos Containing Brakes, Linings, Clutches, Gaskets and Other Asbestos Containing |

09-0605
**Glen Ellis, Special Administrator of the Estate of Delmar Ellis, Deceased**

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| | | Products and Equipment<br>**EATON CORPORATION**: Asbestos Containing Brakes, Linings, Clutches, Gaskets and Other Asbestos Containing Products and Equipment |

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| Home Remodeling Projects | 1960s-1970s | **UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics Company**: Asbestos Containing Bakelite, Paper, Felt, Roll, Raw Asbestos Fibers and Other Asbestos Containing Products<br>**CERTAINTEED CORPORATION**: Asbestos Cement, Pipe, Pipe Covering, Shingles, Siding, Roofing Materials, Compounds, Bestwall Joint Compound, Flexible Train Line and Other Asbestos Containing Products<br>**C.P. HALL COMPANY**: Raw Asbestos Fibers and Other Asbestos Containing Products<br>**KENTILE FLOORS, INC.**: Asbestos Containing Floor Tile, Asbestos Containing Adhesives and Other Asbestos Containing Products<br>**GEORGIA-PACIFIC CORPORATION a.k.a. Hopper Paper Company**: Asbestos Containing Cement, Plaster, Joint Compounds, Roof Coating, Mastics, Wall Board and Other Asbestos Containing Products<br>**KELLY MOORE PAINT COMPANY, INC.** : Asbestos Containing Compounds, Paco Joint Compound and Other Asbestos Containing Products<br>**DAP, INC.**: Asbestos Compounds and Other Asbestos Containing Products<br>**SQUARE D COMPANY**: Asbestos Cable, Wire, Electrical Boxes and Other Asbestos Containing Products and Equipment |

| 120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS - SUMMONS | (Rev. 5/1/92) CCG-1 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

GLEN ELLIS, Special Administrator of the Estate of
DELMAR ELLIS, Deceased,

        Plaintiff,

vs.

RAPID AMERICAN CORP., et al.

        Defendants.

IN RE: ASBESTOS LITIGATION 552
      CALENDAR/ROOM J1
      TIME 00:00
      Asbestos

PLEASE SERVE
See Attached Service Information

**SUMMONS**

2010 L 010 552
General Electric

To Each Defendant: See Attached Service List

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which s hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

        To the Officer:

        This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness, _____ SEP 15 2010 _____, 2010

Clerk of Court _____

Name: Cooney and Conway
Attorneys for Plaintiff
Address: 120 N. LaSalle St.
City: Chicago, IL 60602
Telephone: (312) 236-6166
Atty. No. 90200

Date of Service: _____, 2010
(To be inserted by Officer on Copy Left with Defendant or Other Person)

DOROTHY BROWN
CLERK OF CIRCUIT COURT

**Service by Facsimile Transmission will be accepted at

_____

(A.C.)(Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
 County Division Room 801

Chancery-Divorce Room 802
Probate Division Room 1202

**09-0605**
**Glen Ellis, Special Administrator of the Estate of Delmar Ellis, Deceased**

## SUMMONS SERVICE LIST

Rapid American Corporation, Individually and as
Successor-in-Interest to Philip Carey Manufacturing Co.
R/A: The Prentice Hall Corporation
2711 Centerville Road, Suite 400
Wilmington, DE 19808

H.B. Fuller Company
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Union Carbide Corporation,
Individually and f/k/a Union
Carbide Chemicals & Plastics Co.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

CertainTeed Corporation
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Uniroyal, Inc.
c/o Uniroyal Holding, Inc.
70 Great Hill Road
Naugatuck, CT 06770

C.P. Hall Company
Barry Shkolnik-Registered Agent
c/o Ungaretti and Harris
70 West Madison Street Suite 3500
Chicago, IL 60602

Crown, Cork and Seal, USA, Inc.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Kentile Floors, Inc.
4 Rita Street
Syosset, NY 11791

A.W. Chesterton Company
R/A: Robert Congdon
650 W. Grand, Unit 313
Elmhurst, IL 60126

John Crane, Inc. f/k/a Crane Packing Company
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Dana Companies, LLC
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Dana Holding Corporation,
Blumbergerxcelsior Corporation Services, Inc.
1209 Orange St.
Wilmington, DE 19801

Federal-Mogul U.S. Asbestos Personal Injury Trust as successor to Fel-Pro.
c/o Wilmington Trust SP Services, Inc
1105 N. Market Street, Suite 1300
Wilmington, DE 19801

Georgia-Pacific Corporation
a.k.a. Hopper Paper Company
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Kelly Moore Paint Company, Inc.
R/A: Patrick T. McDonald
987 Commercial Street
San Carlos, CA 94070

DAP, Inc.
R/A: The Prentice Hall Corporation
50 West Broad Street, Suite 1800
Columbus, OH 43215

Ingersoll-Rand Company
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Goulds Pumps, Inc.
R/A: CT Corporation System
111 Eighth Avenue
New York, NY 10011

Sterling Fluid Systems (USA), Individually and as
Successor-in-Interest to Peerless Pump Company
and as Successor-in-Interest to Indian Head, Inc.
R/A: The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FMC Corporation
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Gardner Denver, Inc.
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Gardner Denver, Inc. as Successor-in-Interest to Joy Manufacturing Co.
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Joy Technologies, Inc.
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

BW/IP, Inc. and its Wholly Owned Subsidiaries
5215 N. O'Conner Blvd., Suite 2300
Irving, TX 75039

Air & Liquid Systems, Inc., Successor by Merger to Buffalo Pumps, Inc.
116 Pine Street, Suite 320
Harrisburg, PA 17101

ITT Industries, Inc., Individually and as
Successor-in-Interest to Bell & Gossett Pump Co.
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Aurora Pump Company
R/A: Lynette Jones
13515 Ballantyne Corporate Place
Charlotte, NC 28277

General Electric Company
R/A: CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Viacom, Inc., Successor-by-Merger to CBS Corporation
f/k/a Westinghouse Electric Corporation
R/A: Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Crane Co.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Henry Vogt Machine Company
1000 West Ormsby Ave
Louisville, KY 40210

Yarway Corporation
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Anderson, Greenwood & Co.
10707 Clay Rd.,
Houston, TX 77041

Grinnell Corporation
f/k/a Grinnell Fire Protection Systems.
116 Pine St. 3325
Harrisburg, PA 17101

Grinnell LLC
1209 Orange St.
Wilmington, DE 19801

Mueller Group, LLC d/b/a Mueller Flow, LLC
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Mueller Company
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Henry Pratt Company
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Foster Wheeler Energy Corporation
c/o Thomas R. O'Brian, Esq.
Perryville Corporate Park
Clinton, NJ 08809

Riley Power, Inc. f/k/a Riley Stoker Corporation
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Square D Company
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Pneumo-Abex, as Successor-in-Interest to Abex Corporation
R/A: The Prentice Hall Corporation
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Borg-Warner Corporation
3850 Hamlin Road
Auburn Hills, MI 48326

Kelsey-Hayes Company
R/A: Corporation Service Company
2711 Centerville Road
Wilmington, DE 19808

Maremont Corporation
R/A: Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

CNH America, LLC. f/k/a Case, Inc.
R/A: CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Caterpillar, Inc.
R/A: CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Cummins, Inc., Individually and as
Successor-in-Interest to Cummins Engine Company, Inc.
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Deere and Company
One John Deere Place
Moline, IL 61265

Eaton Corporation
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Metropolitan Life Insurance Co.
ATTN: Director of Insurance of the State of Illinois
100 W. Randolph St., Suite 15-100
Chicago, IL 60601

 CT Corporation

**Service of Process Transmittal**
10/01/2010
CT Log Number 517371136

**TO:** Carol Light, Senior Trial Risk Analyst
Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915

**RE:** **Process Served in Illinois**

**FOR:** General Electric Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Glen Ellis, Special Administrator of the Estate of Delmar Ellis, Deceased, Pltf. vs. Rapid American Corporation, etc., et al. including General Electric Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2010L010552 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/01/2010 at 08:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | David O. Barrett<br>Cooney and Conway<br>120 North LaSalle Street<br>30th Floor<br>Chicago, IL 60602<br>312-236-6166 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/01/2010, Expected Purge Date: 10/06/2010<br>Image SOP<br>Email Notification, Josh Miller josh.miller@electricinsurance.com<br>Email Notification, Laurie Konowitz Laura.konowitz@electricinsurance.com<br>Email Notification, Brigid Esposito besposito@sidley.com<br>Email Notification, Meredith Dudley mdudley@sidley.com<br>Email Notification, Cassandra Flavin cflavin@armstrongteasdale.com<br>Email Notification, Greg Iken giken@armstrongteasdale.com<br>Email Notification, Carol Light Carol.Light@electricinsurance.com<br>Email Notification, Joann Phillips joann.phillips@electricinsurance.com<br>Email Notification, Kate Cook kate.cook@ElectricInsurance.com<br>Email Notification, Shaina Rasmussen shaina.rasmussen@ge.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Thad DiBartelo<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / DT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case MDL No. 875   Document 6378-3   Filed 10/29/10   Page 46 of 62

# Exhibit B



Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

**H**Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
Ruth FADDISH, Individually and as executrix of the
estate of John Faddish, deceased, Plaintiff,
v.
GENERAL ELECTRIC CO. et al., Defendants.
**MDL No. 875.**
**Civil Action No. 09-70626.**

Oct. 20, 2010.

Jordan Matthew Kirby, The Ferraro Law Firm, Miami,
FL, for Plaintiff.

Brenda Godfrey, Marsad A. Quraishi, Bice Cole Law
Firm, PC, Coral Gables, FL, Thomas W. Tardy, III,
Forman Perry Watkins Krutz & Tardy LLP, Jackson,
MS, for Defendants.

MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

**\*1** Before the Court is Defendant General Electric's
Motion for Summary Judgment, and Objections to the
Magistrate Judges' Report and Recommendation that
summary judgment in favor of General Electric be
denied.

I. BACKGROUND

This case is part of MDL-875, the consolidated as-
bestos products liability multidistrict litigation pend-
ing in the Eastern District of Pennsylvania. The instant
claims are based on failure to warn causes of action
under Florida law. (Compl. ¶ 5.; Pl.'s Resp. to Def.'s
Mot. Summ. J., doc. no. 129, at 8.) Plaintiff's husband
and the injured party in the instant case, John Faddish
("Mr.Faddish"), was a serviceman in the U.S. Navy.
Mr. Faddish served aboard the U.S.S. Essex from
1958-1961. (Suppl.Compl.¶¶ 3-5.) Plaintiff alleges
that Mr. Faddish's death from mesothelioma was re-
lated to asbestos-containing General Electric ("GE")

products used aboard the U.S.S. Essex. (*Id.*) It is un-
disputed that GE manufactured four Ship Service
Turbo Generators ("SSTG") that were installed on
the U.S.S. Essex (Def.'s Mot. Summ. J., doc. no. 105-1, at
3.) [FN1]

> FN1. Plaintiff has also offered the reports of
> two medical experts, Douglas A. Pohl, M.D.,
> Ph.D. and Steven H. Dikman, M.D., who
> opined, with a reasonable degree of medical
> certainty, that Mr. Faddish's occupational
> asbestos exposure was the cause of his ma-
> lignant mesothelioma. (doc. no. 129, Exhibits
> H, I.)

GE moved for summary judgment, asserting that
Plaintiff has failed to raise a genuine issue of material
fact as to whether GE products were the cause of Mr.
Faddish's asbestos-related injuries. Pursuant to this
Court's referral order, the Panel issued an R & R de-
nying GE'S Motion for Summary Judgment on the
issue of product identification only, finding that the
combination of Mr. Faddish's testimony and Plaintiff's
expert witness could lead a reasonable jury to find that
asbestos-insulated GE products were a substantial
contributing cause to Mr. Faddish's injuries. (R & R,
doc. no. 161, at 6.)

GE raises numerous objections to the Panel's R & R,
including a general objection to the ultimate conclu-
sion that summary judgment in favor of GE should be
denied. (Def.'s Objects., doc. no. 189 at 2.) GE asserts
that Mr. Faddish's deposition testimony and Plaintiff's
expert report are insufficient to raise a genuine issue of
fact. (*Id.*)

Additionally, GE moves for summary judgment on
two grounds that are outside the scope of this Court's
referral order to the Panel. First, GE argues that the
asbestos-containing gaskets, packing and insulation
"as delivered by GE for use on the Essex in 1942
would have been removed and replaced by other par-
ties before Faddish's arrival on that ship" and that they
cannot be held liable for replacement parts that they
did not manufacture or supply. (Def.'s Mot. Summ. J.,
doc. no. 105-1, at 20.) Second, General Electric argues
that it is entitled to summary judgment as a matter of
law based on the government contractor defense. (*Id.*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

at 30.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

**\*2** When evaluating a motion for summary judgment, Federal Rule of Civil Procedure 56 provides that the Court must grant judgment in favor of the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact...." Fed.R.Civ.P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. *Id.* at 248-49. "In considering the evidence, the court should draw all reasonable inferences against the moving party." *El v. SEPTA,* 479 F.3d 232, 238 (3d Cir.2007).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." *Conoshenti v. Pub. Serv. Elec. & Gas Co.,* 364 F.3d 135, 140 (3d Cir.2004) (quoting *Singletary v. Pa. Dep't of Corr.,* 266 F.3d 186, 192 n. 2 (3d Cir.2001)). Once the moving party has thus discharged its burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in [Rule 56]-set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

## III. DISCUSSION

A. GE's Objections to the Panel's R & R

GE has raised seven objections to the Panel's R & R, in addition to generally objecting to the ultimate determination that there remains a genuine issue of material fact as to whether GE products were a substantial contributing cause of Mr. Faddish's asbestos-related injuries. For the reasons set forth below, each of Defendant GE's objections are overruled, and the Court adopts the Panel's findings.

1. The Panel Erred in its Choice of Law Analysis by Failing to Recognize that Florida does not have a "Significant Relationship" with this Litigation

Notably, GE objects to the Panel's choice of law approach, but not to the Panel's ultimate determination that Florida law is applicable to this case. A multi-district litigation transferee court is bound by the transferor court's substantive law, including choice of law rules. *Menowitz v. Brown,* 991 F.2d 36, 40 (2d Cir.1993). Therefore, Florida choice of law rules must be applied.

The Panel found that Florida courts apply the "significant relationship" test to determine what law applies and concluded that, "in accordance with this standard, the court will apply Florida law in deciding the substantive issues in the case at bar." (R & R at 2 n.1 (citing *Connell v. Riggins,* 994 So.2d 1174, 1176-77 (Fla.Dist.App.Ct.2006))).

**\*3** Under Florida law, the first step in conducting the "significant relationship" test is to determine which sovereigns have an interest in applying its laws, and whether there is a "true conflict" or merely a "false conflict" between the laws of the different sovereigns. *Pycsa Panama, S.A. v. Tensar Earth Tech, Inc.,* 625 F.Supp.2d 1198, 1218 (S.D.Fl.2008). A "false conflict" exists "when the laws of the interested jurisdictions are the same." *Id.*

In determining the merits of an asbestos claim, Florida law and maritime law employ the same test for proximate causation. *Compare Singleton Stone v. Amquip Corp.,* 98-cv-4691, 2000 WL 1448817 at \*3 (E.D.Pa. Sep.29, 2000) (applying "substantial contributing factor" test in products liability case under maritime law) *with Reaves v. Armstrong World Industries, Inc.,* 569 So.2d 1307, 1309 (Fl.Dist.App.Ct.1990) (applying a "substantial contributing factor" test in an asbestos case). As no "true

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case: 1:10-cv-08974 Document #: 1 Filed: 10/29/10 Page 44 of 50 PageID #:44
Case: MDL No. 875 Document #: 6378-1 Filed: 10/29/10 Page 49 of 62

Page 3

Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

conflict" exists between Florida and maritime law, Florida law is applicable to the instant case. (*See* doc. no. 161, at 4 n.2.) [FN2]

> [FN2.] The Panel's discussion of the "false conflict" was set forth in the Report and Recommendation denying Defendant Warren Pumps LLC's Motion for Summary Judgment in this case, but is equally applicable to Defendant GE's Motion for Summary Judgment.

GE does not object to the conclusion that there is no "true conflict" between Florida law and maritime law causation standards. GE states that "it is [our] position here that the substantive law of the State of Florida on asbestos causation is coincidental with, and not different from, the recognized national standards set forth by [ ] maritime asbestos cases ... [a]ccordingly, the error of the Report with regard to the jurisdiction and choice of substantive law to be applied, which is rightfully maritime in nature, may well be meaningless and a moot point." (Def.'s Objects., doc. no. 189, at 6.)

Under these circumstances, this Court will not disturb the Panel's finding that Florida law is applicable to this case.

2. The Panel Erred in Its Application of the Summary Judgment Standard

GE objects to the Panel's statement that "an issue is 'genuine' if a reasonable jury possibly could hold in the nonmovant's favor on that issue." (R & R at 3 (citing *Boyle v. County of Allegheny Pennsylvania,* 139 F.3d 386, 393 (3d Cir.1998))). GE avers that a mere possibility of a jury verdict in favor of plaintiff is not enough to survive summary judgment, but that, in accordance with *Anderson v. Liberty Lobby, Inc.,* plaintiff must produce "sufficient evidence" to support a jury verdict in his or her favor. 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); (Def.'s Objects. at 7.)

First, it should be noted that the Panel's statement that summary judgment is inappropriate if a jury could "possibly" find in favor of a non-moving party is a **direct quote** from the Third Circuit Court of Appeals decision in *Boyle v. County of Allegheny Pennsylvania,* 139 F.3d 386. GE may disagree with the Third

Circuit's articulation of what gives rise to a genuine issue of material fact, but that is not grounds for objecting to the Panel's correct recitation of the standard.

**\*4** Second, both the *Boyle* court and the Panel went on to say that the non-moving party has the burden of presenting "more than a scintilla" of evidence showing that there is a genuine issue for trial. (R & R at 4 (quoting *Anderson,* 477 U.S. at 251)). In finding that there is a "genuine issue" remaining in the instant case, the Panel determined that Plaintiff has produced evidence to support "a reasonable basis to infer that defendant's asbestos-containing product was a substantial contributing factor to Mr. Faddish's injury." (R & R at 9.) The Panel correctly determined that, under Fed.R.Civ.P. 56(c), Plaintiff had alleged facts to support a favorable jury verdict, and thus a genuine issue of material fact remained.

Accordingly, Defendant's objection on this ground is overruled.

3. The Panel Failed to Apply the "Frequency, Regularity, Proximity" Standard.

GE avers that the Panel "erred by failing to utilize and explicitly apply" the frequency, regularity, and proximity standard applicable to asbestos claims, set forth in *Lohrmann v. Pittsburgh Corning Corp.,* 782 F.2d 1156, 1162 (4th Cir.1986), and applied by "numerous courts." (Def.'s Objects. at 9-10). GE further argues that the Panel failed to address its argument that manufacturers cannot be held liable for products which it did not manufacture or supply. (*Id.* at 10.) Finally, GE asserts that the Panel failed to find that GE's failure to warn Mr. Faddish of the harms of asbestos caused his injuries. (*Id.*)

It is beyond argument that Florida courts have not adopted the *Lohrmann* standard. Indeed, GE does not cite to a single Florida case adopting the *Lohrmann* standard. Rather, under Florida law, a plaintiff must simply show that a defendant's product was a "substantial contributing factor" to the injury that occurred to bring a claim in Florida courts. (Asbestos and Silica Compensation Fairness Act, FLA. STAT. § 774.205). If defendant's products are identified in a given case, "traditional" methods of finding causation apply. *Celotex Corp. v. Copeland,* 471 So.2d 533, 536 (Fla.1985).

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

The traditional method of establishing causation in negligence cases requires the plaintiff to "introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result." *Gooding v. University Hospital Bldg., Inc.,* 445 So.2d 1015 (Fl.1984) (quoting Prosser, LAW OF TORTS § 41 (4th Ed.1971)). Therefore, the Panel was correct in its restatement of Florida law on causation. (*See* R & R at 5 (setting forth the "substantial contributing factor" test)).

Additionally, the Panel did not consider GE's "bare metal" defense because it is outside of this Court's Referral Order to Magistrate Judges, as it entails a different analysis than product identification. Finally, there is no dispute that no warnings were placed on GE products containing asbestos, and no dispute that asbestos was known to be hazardous at the time of Mr. Faddish's exposure. [FN3] Implicit in the Panel's determination that there remains a genuine issue of material fact is the finding that there is sufficient evidence to show that GE's failure to warn Mr. Faddish of the harms of asbestos were a substantial contributing cause of Mr. Faddish's injuries.

> FN3. Indeed, these two facts are the heart of GE's government contractor defense, discussed below.

**\*5** Accordingly, GE's objection on this ground is overruled.

4. The Panel Failed to take into Account Unrebutted Evidence Submitted by GE

GE avers that Mr. Faddish's own testimony indicates that the asbestos dust he cleaned off of a GE SSTG had fallen from insulation on overhead piping. (Def.'s Objects. at 12.) Defendant asserts that its expert, David Hobson, provided uncontroverted evidence that GE was not involved in the design, manufacture, or installation of the pipes to which Mr. Faddish referred. (*Id.*)

However, Mr. Faddish's testimony is not limited to cleaning. Rather, Mr. Faddish also testified to "assisting" in the performance of maintenance on both the service generators and turbines connected to service generators in the engine rooms on the U.S.S. Essex.

(Faddish Video Dep., doc. no. 129-3, at 32:14.) Mr. Faddish testified that he worked on "all" of the turbines and steam generators aboard the U.S.S. Essex, "at one point or another standing watch, or in the case of breakdown or something." (*Id.* at 31:19-23, 32:4-8.) When asked about a "breakdown," Mr. Faddish responded, "If you drop a load, it's an old ship, you are talking of old pieces of equipment and they basically wear and tear like anything else." (*Id.* at 32:9-11.)

When taken as a whole and viewed in a light most favorable to Mr. Faddish, this evidence is sufficient to show that he performed general maintenance on the GE turbo generators aboard the U.S.S. Essex. Given the undisputed evidence on record that, at the time of Mr. Faddish's maintenance work, these GE turbines were insulated with asbestos and incorporated asbestos-containing gaskets and packing, this raises a genuine issue of fact as to whether GE's failure to warn Mr. Faddish of the hazards inherent in the type of work he was performing was a substantial contributing factor to his injuries. The Panel properly took the testimony regarding Mr. Faddish's maintenance work into account. (*See* R & R at 7,9.)

Accordingly, GE's objection on this ground is overruled.

5. The Panel Erred in Finding that the Record Could Support a Jury Verdict in Favor of Plaintiff and Against GE

GE asserts that Mr. Faddish's deposition testimony relied on by the Panel is too vague to be relied upon. (Def.'s Objects., doc. no. 13.) The Panel noted in its R & R that there seem to be some inconsistencies in Mr. Faddish's testimony. (R & R at 8.) To the extent that GE wishes to highlight these inconsistencies to undermine Mr. Faddish's credibility, it is free to do so at trial. Additionally, GE incorrectly asserts that there is no testimony indicated that Mr. Faddish ever performed maintenance of any kind on a GE SSTG. (Def.'s Objects. at 18.) However, the testimony excerpted in Section 4, *supra,* is to the contrary.

There is no requirement under Florida law that a Plaintiff perform "hands on" maintenance in order to show that a Defendant's asbestos-containing products were a cause of Plaintiff's injuries. GE makes much of the fact that Mr. Faddish's involvement with the GE SSTG was observational. However, this Court finds

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case: 3:10-cv-00974 Document #: 1 Filed: 10/29/10 Page 46 of 50 PageID #:46
Case MDL No. 875 Document 6378-3 Filed 10/29/10 Page 51 of 62

Page 5

Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

that observing the maintenance or overhaul of an asbestos-containing and asbestos-insulated piece of equipment can certainly give rise to a genuine issue of material fact as to whether exposure resulted.

**\*6** Accordingly, GE's objection on this ground is overruled.

6. The Panel's Reliance on Plaintiff's Expert's Unsworn Report and Deposition Testimony is in Error

GE asserts that Arnold Moore's expert report cannot be relied upon to defeat a motion for summary judgment, and that Mr. Moore's deposition testimony supercedes his expert report. (Def.'s Objects., doc. no. 189 at 21.) GE is correct in its assertion that the letter from Arnold Moore to Plaintiff's counsel is not a sworn statement. (*See* doc. no. 131-7.) Therefore, it cannot be relied on to defeat a motion for summary judgment. *Wolosyzyn v. County of Lawrence, 396 F.3d 314, 323 (3d Cir.2005); see also Coleman v. Blockbuster, Inc.,* 2008 U.S. LEXIS 49957 \*40 n. 13 (E.D. Pa 2008) (Robreno, J.) *aff'd by Coleman v. Blockbuster, Inc., 352 Fed. Appx. 676 (3d Cir.2009).*

However, the Panel also relied on Mr. Moore's sworn deposition testimony. Mr. Moore stated that he would testify at trial that the work Mr. Faddish described regarding gaskets and packing on the GE SSTG involved asbestos. (Moore Dep., doc. no. 129-7 at 38:9-21.) He stated that "[t]he basis for that opinion is the General Electric drawing I have seen that show[s] the locations of the gaskets and packing aboard-a GE generator onboard the destroyer." (*Id.*) GE attacks Mr. Moore's deposition testimony as speculative, and argues that Mr. Moore is attempting to supply facts about Mr. Faddish's maintenance work, which he lacks personal knowledge about. (Def.'s Objects. at 22).

Mr. Moore was asked about the type of maintenance Mr. Faddish performed, and gave his opinion based on his reading of Mr. Faddish's testimony. Mr. Moore then stated the basis for his opinion that Mr. Faddish would have been exposed to asbestos-containing packing and gaskets from a GE SSTG during his tenure on the U.S.S. Essex.

When taken as a whole and viewed in a light most favorable to Plaintiff, the Panel was correct in determining that a genuine issue of material fact exists as to

whether GE's failure to warn Mr. Faddish of the hazards of asbestos was a substantial contributing cause to his asbestos-related injuries.

Accordingly, GE's objection on this ground is overruled. The Panel's R & R denying summary judgment in favor of GE on the issue of product identification is adopted.

B. The Government Contractor Defense

In GE's Motion for Summary Judgment, **GE asserted** the **government contractor defense**, averring that it's state law duty to warn about the harms associated with its product was superceded by the United States Government's directives. This argument was outside of this Court's referral order to the Panel, and is considered here for the first time.

As set forth by the Supreme Court in *Boyle v. United Technologies Corporation,* independent contractors are immune from state law tort claims when (1) the United States Government approved reasonably precise specifications for the product at issue (2) the equipment conformed to those specifications and (3) the contractor warned the United States about dangers in the use of the equipment that were known to it, but not known to the United States. 487 U.S. 500, 512, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988).

**\*7** It is now well established that the government contractor defense is not limited to design defect causes of action, but also applies to failure to warn claims. *Oliver v. Oshkosh Truck Corp., 96 F.3d 992, 1003 (7th Cir.1996), cert. denied, 520 U.S. 1116, 117 S.Ct. 1246, 137 L.Ed.2d 328 (1997); see also In re Joint Eastern & Southern District New York Asbestos Litigation, 897 F.2d 626 (2d Cir.1990); Chicano v. GE,* 2004 U.S. Dist. LEXIS 20330 at \*38 (E.D.Pa.2004).

To satisfy the first prong of the test in a failure to warn claim, a defendant must produce evidence that the United States Government " 'dictated' the content of the warnings" by producing military specifications "discuss[ing] product warnings" and "placing limit[s] upon any additional information a manufacturer may have wished to convey to those using the product." *In re Joint Eastern & Southern District New York Asbestos Litigation, 897 F.2d at 629-30; see also Oliver, 96 F.3d 992* (contractor's state law duty to warn is

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

displaced if the government "exercised its discretion" in approving warnings or the government "chooses its own warnings"). *But see Dorse v. Eagle-Pitcher Industries, Inc., 898 F.2d 1487, (11th Cir.1990)* (requiring a showing of an express "prohibition against health warnings on the product").

Once a defendant establishes that the United States Government exercised its discretion regarding the warnings (or lack of warnings) to be given, and that a defendant complied with the directive, the defendant still must show that it warned the government of hazards in the products, *or* that the United States Government "knew as much or more than the defendant contractor about the hazards" of the product. *Beaver Valley Power Co. v. National Engineering & Contracting Co., 883 F.2d 1210, 1216 (3d Cir.1989); see also Chicano v. GE,* 2004 U.S. Dist. LEXIS 20330 at *38 (E.D.Pa.2004) ("Defendant can also satisfy [the third prong] by showing that the government knew as much or more than defendant contractor about the hazards of the equipment.").

Therefore, in the instant case, GE must show that (1) the government provided warning directives (2) GE complied with those directives and (3) GE either warned the U.S. Government about the hazards of asbestos, or the U.S. Government knew about the hazards of asbestos.

As to the first and second prongs, GE has produced the following pieces of evidence regarding the government's warning directives.[FN4]

> [FN4]. GE has produced extensive evidence regarding the government's involvement in the design and manufacture of GE turbines. However, as Plaintiff's claim is limited to a failure to warn cause of action, the Court's analysis focuses on the evidence relating to the government's warning directives.

• **Declaration of Ben J. Lehman, retired Rear Admiral of the United States Navy** (doc. no. 105-10 at 7). Mr. Lehman states that, "Drawings for nameplates, texts of instruction manuals, and every other document relating to the construction, maintenance, and operation of the vessel were approved by the Navy." This control included the decision of what warnings should or should not be included.

• **Declaration of David Hobson, Manager of Navy Customer Service for GE's Navy and Small Steam Turbine Department** (doc. no. 105-8). Mr. Hobson states that "[U]nless expressly directed to do so by the Navy, GE was not permitted, under the specifications, associated regulations and procedures, and the actual practice as it existed in the field, to affix any type of warning to a Navy turbine that addressed alleged hazards of products ..." (*Id.* at 21.)[FN5]

> [FN5]. Plaintiff filed a motion to strike GE's incorporation of Mr. Hobson's testimony in its Motion for Summary Judgment, which was denied by the Court on March 25, 2010. (doc. no. 141). Plaintiff was given thirty (30) days to take the depositions of said experts and fourteen (14) days thereafter to supplement the record. In Plaintiff's Notice Supplementing the Summary Judgment Record, Plaintiff argues that Mr. Hobson's testimony "once again solidifies the fact that Defendant GE was **not** prohibited by the U.S. Navy from providing an asbestos-related warning with or on its equipment it knew required the use of thermal asbestos-containing insulation." (doc. no. 158, at 20) (emphasis in original). As discussed below, this Court declines to follow the *Dorse* standard requiring a prohibition of warnings, and this argument against Mr. Hobson's testimony is therefore unavailing.

**\*8** • **MIL-I-15024** (SHIPS) (Interim Military Specification Identification Plates, Information Plates and Marking Information for Identification of Electric, Electronic and Mechanical Equipment) (1952). This specification provides that "Marking information to appear on identification plates shall be in accordance with the following subparagraphs outlines ...". Figure 4A exhibits the plate for a generator. (doc. no. 105-18 at 16). There is no space designated for a warning on this plate.

• **MIL-B-15071** (SHIPS) (1950): Specifications for technical manuals that manufacturers could provide. The manuals had to be approved by the Navy and safety warnings could be included for some types of equipment. Specific examples were provided by the Navy.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

• **Letter from Philip Drinker, Chief Health Consultant to the U.S. Maritime Commission, to Captain Thomas Carter of the U.S. Navy Department's Bureau of Medicine and Surgery** (doc. no. 105-9). The letter states that manufacturers who provided asbestos insulation to Bath Iron Works were willing to disseminate "a brief statement of precautions which should be taken" but that it was Dr. Drinker's understanding that "neither the Navy nor Maritime wants any change in the specifications as the performance with the present materials is entirely satisfactory."

In response, Plaintiff incorporated and adopted the arguments set for in her Motion to Remand to State Court (doc. no. 92) wherein Plaintiff asserts that the removing defendants "could have complied with both their contractual obligations and their state law duty to warn" and they have produced no evidence that the United States Government "forbade" warnings, or that Defendants tried to incorporate warnings and were prevented from doing so. (*Id.* at 9 .) Additionally, in Plaintiff's Response to Defendant GE's Motion for Summary Judgment, Plaintiff points the Court to *Dorse v. Eagle-Pitcher Industries, Inc., 898 F.2d 1487,* to support the proposition that GE has not presented affirmative evidence that there was a government directive specifically prohibiting a warning from being placed. (Pl.'s Resp., doc. no. 129, at 16.) Plaintiff asserts that "[t]he record in this case is completely devoid of any such specification upon which the government exercised the requisite discretion as to warnings." (*Id.* at 13.)

However, GE has produced a record establishing that the United States Navy was intimately involved with both the labeling of equipment on its ships and the manufacturer-produced information that was allowed to accompany any product. GE has produced military specifications (MIL-I-15024) referring to turbines in particular, and the parameters of a label that could be placed on that equipment. Plaintiff is correct in asserting that Defendants must show something more than "reasonably precise specifications" in a failure-to warn-case. In the instant case, GE has made such a showing.

It is true that Defendant has not produced evidence that the Navy expressly forbade any warnings from being placed on GE turbines. However, this standard, articulated by the Eleventh Circuit in *Dorse,* has been

rejected by every Circuit court to consider the issue, as well as district courts in this circuit.[FN6]

> FN6. Plaintiff asserts that *Dorse,* as "Florida law ... must be applied by this Court as the transferee Court from the Southern District of Florida." (Pl.'s Mot. Supp. Summ. J. Rec., doc. no. 158 at 2, n.1). This is incorrect.

> First, the question of whether the government contractor defense applies in a given case is a question of federal law, not state law. *See Carley v. Wheeled Coach, 991 F.2d 1117, 1128 (3d Cir.1993)* (holding that the government contractor defense is a matter of "federal common law" and therefore it need not be considered whether the transferee state recognizes the defense). Federal court interpretations of the government contractor defense, rather than Florida state substantive law, provide the rule of decision regarding GE's government contractor defense.

> Second, it is well established that, in interpreting federal law, the transferee circuit in multi-district litigation cases is not bound by the transferor forum's approach to federal questions. *In Re Asbestos Prods. Liab. Litig. ( Oil Field Cases ), 673 F.Supp.2d 358, 362 (E.D.Pa.2009)* ( "[I]n cases where jurisdictions is based on federal question, this Court, as the transferee court, will apply federal law as interpreted by the Third Circuit."); *see also In Re Korean Air Lines Disaster, 829 F.2d 1171, 1174 (D.C.Cir.1987)* (Ginsburg, J.) (finding that "the transferee court should be free to decide a federal claim in the manner it views as correct without deferring to the interpretations of the transferor circuit.") (internal citation omitted); *see also Menowitz v. Brown, 991 F.2d 36, 40 (2d Cir.1993)* (holding that a transferee court should apply its own "construction of relevant federal law," not the transferor's court's construction).

> Therefore, this Court is not bound by the Eleventh Circuit's decision in *Dorse,* and may arrive at its own interpretation of

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case: MDL No. 875   Document: 6378-3   Filed: 10/29/10   Page: 54 of 62
Case: 1:10-cv-08974   Document #: 1   Filed: 10/29/10   Page 49 of 50 PageID #:49

Page 8

Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

federal law, within the bounds articulated by Third Circuit precedent.

**\*9** The prevailing view is that an independent contractor does not have to show an express government prohibition on all warnings, but rather, must establish that the government "exercised its discretion" regarding warnings to be placed on defendant's product. *Oliver,* 96 F.3d 992 (7th Cir.1996); *In re Joint Eastern & Southern District New York Asbestos Litigation,* 897 F.2d 626, 630 (2d Cir.1990); *Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 437 (5th Cir.2000); *Tate v. Boeing Helicopters,* 140 F.3d 654, 660 (6th Cir.1998); *Butler v. Ingalls Shipping, Inc.,* 89 F.3d 582, 586 (9th Cir.1996); *Crespo v. Unisys Corp.,* 1996 WL 875565 \*15 (D.N.J.1996) (adopting the 6th Circuit's standard requiring a showing that the United States "exercised its discretion and approved warnings").

In the instant case, GE has established that the United States Navy "exercised its discretion" regarding the type and content of warnings that could be placed on GE turbines, and that GE complied with the applicable military specifications.

Finally, GE argues that, as to the third prong of the test, the United States Navy possessed superior knowledge regarding the hazards of asbestos and that GE therefore had no duty to warn the Navy about the hazards of asbestos insulation to be applied to its turbines. (Def.'s Mot. Summ. J., doc. no. 105-1, at 55-61.) GE has produced extensive evidence to this effect. (*See* Declaration of Lawrence Stilwell Betts, retired United Stats Navy Captain, MD, PhD, CIH, FACOEM, doc. no. 105-9.) Plaintiff has allowed this evidence to go un-controverted on the record.

Therefore, there remains no genuine issue of material fact as to whether the United States Navy possessed state-of-the-art knowledge of the hazards of asbestos, thereby absolving GE of its duty to warn the Navy. As GE has satisfied all three prongs of the *Boyle* test (as modified for failure to warn cases) summary judgment on this ground is appropriate.

C. The Bare Metal Defense

Based on this Court's finding that GE is entitled to the government contractor defense, it is not necessary to address GE's argument that it is not liable for external

asbestos insulation or replacement gaskets and packing applied to its turbines aboard the U .S.S. Essex.

IV. CONCLUSION

This Court adopts the Panel's finding that Plaintiff has raised a genuine issue of material fact as to whether GE's failure to warn Mr. Faddish about the hazards of asbestos-containing components of its products were a substantial contributing factor to Mr. Faddish's injuries.

However, Plaintiff has failed to raise a genuine issue of material fact as to whether GE retained its state law duty to warn in light of the discretion exercised by the U.S. Navy in the warnings to be placed on products installed on the U.S.S. Essex. Plaintiff in the instant case incorrectly relied on the minority view in *Dorse,* insisting that GE has failed to produce evidence that the United States Navy expressly prohibited warnings from being placed on turbines, such as those manufactured by GE. In response, GE has produced numerous pieces of evidence showing that the Navy exercised its discretion in every aspect of the warnings to be given on ship equipment, from the labels to be placed on machinery, to the information that could accompany it. The Navy reserved the right to reject any equipment or information that did not comply with its specifications. Specifically, regarding the hazards of asbestos, the Navy was intimately involved with the warnings to be given and the procedures to follow, and GE produced significant evidence showing that the Navy possessed state-of-the-art knowledge regarding the hazards of asbestos. Under these circumstances, GE's state law duty to warn was displaced by the Navy's directives. As GE had no duty to warn Mr. Faddish of the hazards of asbestos, this Court need not reach the issue of whether GE can be held liable for asbestos-containing to external insulation or replacement parts incorporated into its products.

**\*10** An appropriate order follows.

### *ORDER*

**AND NOW,** this **21st** day of **October 2010** it is hereby **ORDERED** that Defendant General Electric's Objections to the Magistrate Judges' Report and Recommendation (doc. no. 189) filed on June 16, 2010 are **OVERRULED.**

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 4146108 (E.D.Pa.)
**(Cite as: 2010 WL 4146108 (E.D.Pa.))**

It is further **ORDERED** that General Electric's Motion for Summary Judgment (doc. no. 105), filed on January 29, 2010 is **GRANTED.**

**AND IT IS SO ORDERED.**

E.D.Pa.,2010.
Faddish v. General Elec. Co.
Slip Copy, 2010 WL 4146108 (E.D.Pa.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

1 ☐ U.S. Government Plaintiff

2 ☐ U.S. Government Defendant

3 ☐ Federal Question (U.S. Government Not a Party)

4 ☐ Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (excl. vet.)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Inj. | **PERSONAL INJURY**<br>362 Personal Injury— Med. Malpractice<br>365 Personal Injury — Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 610 Agriculture<br>620 Other Food & Drug<br>625 Drug Related Seizure of Property 21 USC 881<br>630 Liquor Laws<br>640 R.R. & Truck<br>650 Airline Regs.<br>660 Occupational Safety/Health<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>840 Trademark | 400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Security/Commodity/Exch.<br>875 Customer Challenge 12 USC 3410<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>895 Freedom of Information Act<br>900 Appeal of Fee Determination Under Equal Access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt.Reporting & Disclosure Act<br>740 Railway Labor Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>444 Welfare<br>445 ADA—Employment<br>446 ADA — Other<br>440 Other Civil Rights | 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>530 General<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

1 ☐ Original Proceeding

2 ☐ Removed from State Court

3 ☐ Remanded from Appellate Court

4 ☐ Reinstated or Reopened

5 ☐ Transferred from another district (specify)

6 ☐ Multidistrict Litigation

7 ☐ Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**IX. This case** ☐ **is not a refiling of a previously dismissed action.**

☐ **is a refiling of case number** _____ , **previously dismissed by Judge** _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |  |
|---|---|---|
| GLEN ELLIS, Special Administrator of the Estate of DELMAR ELLIS, Deceased, | ) ) ) | Case No. 1:10-cv-6974 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | IN RE: ASBESTOS PRODUCT |
| v. | ) | LIABILITY LITIGATION (NO. VI) |
|  | ) | CIVIL ACTION NO. MDL 875 |
| Rapid American Co., et al., | ) | PENDING IN THE UNITED STATES |
|  | ) | DISTRICT COURT FOR THE EASTERN |
| Defendants. | ) | DISTRICT OF PENNSYLVANIA |
|  | ) |  |

## NOTICE OF TAG-ALONG ACTION AND CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on

Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to

the United States District Court, Eastern District of Pennsylvania, for coordinated or

consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). That

order also applies to "tag-along actions," or actions involving common questions of fact filed

after the January 17, 1991 filings of the Panel's order to Show Cause. MDL Rule 7.5(e)

provides:

> Any party or counsel in actions previously transferred under
> Section 1407 or under consideration by the Panel for transfer under
> Section 1407 shall promptly notify the Clerk of the Panel of any
> potential "tag-along actions" in which that party is also named or
> in which that counsel also appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along

action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of

the Panel may either (1) enter a conditional transfer order, pursuant to MDL Rule 7.4(a) or

(2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule

7.5(b).

This is also to certify that this same pleading has been mailed to the Clerk of the

Judicial Panel on Multidistrict Litigation, Thurgood Marshall Federal Judiciary Building, One

Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004.


DEFENDANT DEMANDS
TRIAL BY JURY


Respectfully submitted,

SIDLEY AUSTIN LLP

_____ s/ Jeffrey M. Schieber _____


Maja C. Eaton
Edward P. Kenney
John A. Fonstad
Jeffrey M. Schieber
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Attorneys for Defendant
General Electric Company

Dated:  October 29, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.  I further certify that I caused a copy of the foregoing document to be served upon all other counsel of record, per the attached Service List, via U.S. Mail, postage prepaid, at their listed addresses, on this 29th day of October, 2010.


                     *s/ Jeffrey M. Schieber*

## SERVICE LIST

**GLEN ELLIS,** Special Administrator of the Estate of **DELMAR ELLIS,** Deceased,
v. Rapid American Corp., et al., **Case No. 1:10-cv-_____**

David O. Barrett
Timothy G. Martin
Michael T. Egan
Cooney and Conway
120 North LaSalle Street, 30th Floor
Chicago, IL 60602
*Attorney for* Plaintiff

Douglas Prochnow
Jennifer A. Johnston
Martha Brown
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
*Attorney for* Square D Co., and Metropolitan
Life Insurance Co.

Stephen Hoke
Sarah Hixon
Stephen Hoke Associates LLC
117 N. Jefferson Street, L2
Chicago, IL 60661-2387
*Attorney for* C P Hall Co.

Christopher M. Davis
Steptoe & Johnson
Complex Litigation Support Center
400 A Guide Drive
Rockville, Maryland 20850
*Attorney for* Metropolitan Life Insurance Co.

Kevin Dreher
Morgan Lewis & Bockius
77 West Wacker Dr.
Chicago, IL 60601-5094
*Attorney for* Grinnell Corp., Mueller Co. and Yarway
Corp.

Demetra Arapakis Christos
Foley & Mansfield, P.L.L.P.
39 S. LaSalle, Suite 1110
Chicago, IL 60603
*Attorney for* Kelly Moore Paint Co. and Viacom

William F. Mahoney
Kathleen McDonough
Segal, McCambridge, Singer & Mahoney
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL 60606
*Attorney for* Kentile Floors Inc., DAP Inc., Gardner
Denver Inc., Joy Technologies Inc., Aurora Pump
Co., BW/IP Inc., Foster Wheeler Energy Co., and
Cummins Inc.

Christopher P. Larson
Tobin J. Taylor
Adam J. Lagocki
Heyl, Royster, Voelker & Allen
Chase Building, Suite 600
124 SW Adams Street
Peoria, IL 61502
*Attorney for* H.B. Fuller Co., Certainteed Corp.,
Air & Liquid Systems Inc., Buffalo Pumps Co.,
Riley Stoker Corp. and Union Carbide
Corporation

Joseph J. O'Hara, Jr.
Matthew Jardine
Edward M. Casmere
Schiff, Hardin & Waite, LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
*Attorney for* Anderson Greenwood & Co., Henry
Pratt Co., Uniroyal Co. and Deere & Co.

Scott Solberg
David M. Stahl
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
*Attorney for* Borg-Warner Corp.

Edward Matushek, III
David Warren
Matushek, Nilles & Sinars L.L.C.
55 West Monroe, Suite 700
Chicago, IL 60603
*Attorney for* Maremont Corp.

James P. Kasper
Gunty & McCarthy
150 South Wacker Drive
Chicago, IL 60606-4163
*Attorney for* Crane Co.

Robert W. Scott
Swain, Hartshorn & Scott
411 Hamilton Blvd., Suite 1812
Peoria, IL 61602
*Attorney for* Pneumo-Abex, Inc.

John J. Kurowski
Kurowski Bailey & Schultz, LLC
24 Bronze Point
Swansea, IL 62226
*Attorney for* A.W. Chesterton Co.

George Fitzpatrick
McRay Judge
Swanson, Martin & Bell
One IBM Plaza, Suite 3300
330 N. Wabash Ave.
Chicago, IL 60611
*Attorney for* Sterling Fluid Systems Inc., FMC
Corp.

Law Offices of Robert P. Harris
180 North Michigan Ave., Suite 2105
Chicago, IL 60601-7478
*Attorney for* Crown Cork & Seal Co.

Daniel O'Connell
O'Connell Tivin Miller & Burns LLC
135 S. LaSalle Street, Suite 2300
Chicago, IL 60603
*Attorney for* John Crane Co.

Brenda G. Baum
George Kiser
Hepler Broom
150 N. Wacker Dr., Suite 3100
Chicago, IL 60606
*Attorney for* Georgia Pacific LLC f/k/a Georgia
Pacific Corp.

Steven P. Sanders
Thomas L. Orris
Williams Venker & Sanders LLC
10 South Broadway, Ste. 1600
St. Louis, MO 63102
*Attorney for* Caterpillar Inc.

Daniel J. Cheely
Cheely, O'Flaherty, & Ayres
19 S. LaSalle Street, Suite 1203
Chicago, IL 60603
*Attorney for* Ingersoll Rand Co. and Henry Vogt
Inc.

Edward H. MacCabe
MacCabe & McGuire
77 West Wacker Drive
Suite 3333
Chicago, IL  60601
*Attorney for* Eaton Corp.

Undray Willes
Paul Doerscheln
McGuireWoods
77 West Wacker Drive, Suite 4110
Chicago, IL 60601-8100
*Attorney for* ITT Industries Corp. and Bell &
Gossett Co.

Craig Liljestrand
Hinshaw & Culbertson
222 N. LaSalle St., Suite 300
Chicago, IL 60601
*Attorney for* Goulds Pumps Inc.

Lance Mueller
Celba & Desrochers LLC
225 E. Mason Street, 5th Fl.
Milwaukee, WI 53202
*Attorney for* Dana Companies

Leslie Davis
Roger K. Heidenreich
SNR Denton US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606-6404
*Attorney for* Rapid American Co.

David A. Cyr
Jeffrey G. Chrones
Johnson & Bell Ltd.
33 West Monroe St. – Suite 2700
Chicago, IL 60603
*Attorney for* CNH America Co.

Anthony Goldner
David Holmes
Wilson Elser Moskowitz Edelman & Dicker LLP
120 N. LaSalle St., Suite 2600
Chicago, IL 60602-2729
*Attorney for* Kelsey-Hayes Co.