JURY

# U.S. District Court
## Eastern District of Virginia - (Norfolk)
## CIVIL DOCKET FOR CASE #: 2:10-cv-09711-MSD

Monroe v. American Standard, Inc. et al
Assigned to: District Judge Mark S. Davis
Demand: $9,999,000
Lead case: 2:10-cv-09999-MSD
Member case: (View Member Case)
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 10/13/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**William H. Monroe, Jr.**
*Personal Representative of the Estate of Tony A. Mezzanotte, Deceased*

represented by **Karen M. Zello**
Glasser & Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625-6787
Email: karen@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Kip Andrew Harbison**
Glasser & Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625-6787
*ATTORNEY TO BE NOTICED*

**Marc Christian Greco**
Glasser & Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625-6787
Email: marcg@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Richard Steven Glasser**
Glasser & Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625-6787
*ATTORNEY TO BE NOTICED*

**Willard James Moody , Jr.**

The Moody Law Firm, Inc.
500 Crawford St
Commerce Bank Bldg
Suite 300
Portsmouth, VA 23704
(757) 393-4093
Fax: (757) 397-7257
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Standard, Inc.**
*d/b/a Westinghouse Air Brake Co.*

**Defendant**

**Amsted Rail Company, Inc.**
*individually and as successor in interest to Griffin Wheel Company*

**Defendant**

**General Electric Company**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Old Orchard Industrial Corp.**
*individually and as successor in interest to Vapor, A Brunswick Company, Vapor Corporation, and Vapor Heating Corporation*

**Defendant**

**Pneumo Abex, LLC**
*as successor in interest to Pneumo Abex Corporation*

**Defendant**

**Railroad Friction Products Corporation**

**Defendant**

**Trane US, Inc.**
*f/k/a American Standard, Inc.*

**Defendant**

**Vapor, A Brunswick Company**

**Defendant**

**Westinghouse Air Brake Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2010 | 1 | COMPLAINT ( Filing fee $ 350 receipt number 24683008763.) (Attachments: # 1 Civil Cover Sheet, # 2 Receipt)(tjoh, ) (Entered: 10/14/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/04/2010 10:22:34 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-09711-MSD |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

WILLIAM H. MONROE, JR., Personal Representative of the Estate of TONY A. MEZZANOTTE, Deceased, Plaintiff,

v.

AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO.; AMSTED RAIL COMPANY, INC., individually and as successor in interest to GRIFFIN WHEEL COMPANY; GENERAL ELECTRIC COMPANY; METROPOLITAN LIFE INSURANCE COMPANY; OLD ORCHARD INDUSTRIAL CORP., individually and as successor in interest to Vapor, A Brunswick Company, Vapor Corporation, and Vapor Heating Corporation; PNEUMO ABEX, LLC, as successor in interest to PNEUMO ABEX CORPORATION; RAILROAD FRICTION PRODUCTS CORPORATION; TRANE US, INC., f/k/a AMERICAN STANDARD, INC., VAPOR, A BRUNSWICK COMPANY; and WESTINGHOUSE AIR BRAKE COMPANY, Defendants.

FILED
OCT 1 3 2010
CIVIL ACTION
CLERK, US DISTRICT COURT
NORFOLK, VA

NO. 2:10cv9711

ASBESTOS CASE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

This Document Relates To:
William H. Monroe, Jr., Personal Representative of the Estate of Tony A. Mezzanotte, Deceased,
Plaintiff, v. American Standard, Inc., et al.

CIVIL ACTION NO.
MDL 875

**COMPLAINT**

Plaintiff, by his attorneys, Glasser and Glasser, P.L.C. and The Moody Law Firm, Inc., for his Complaint states:

1. Plaintiff is deemed a resident of the state of West Virginia; and defendants are corporations incorporated under the laws of, and having their principal places of business in, states other than West Virginia. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

2. Deceased Plaintiff-worker (hereinafter "Decedent") is: Tony A. Mezzanotte
Former Address: Fairmont, West Virginia

Decedent's Surviving Spouse is: Betty Jo Mezzanotte
Address: Same as above

Social Security no: XXX-XX-9142
Date of Death: 5/15/2009
Date of Birth: XX/XX/1930
Date of Birth: XX/XX/1936

3. Defendants are those companies listed in the caption.
4. Decedent's asbestos employment history including, to the extent possible at this time, the asbestos products to which Decedent was exposed, are contained in Schedule 1 which is numbered paragraph 6. *infra*.
5. Decedent was caused to contract asbestos-related diseases, including but not limited to mesothelioma.
6. Schedule 1 as required by CA # MDL 875

   A. Employer/Worksite, Trade, Approx. dates:
      CSX Transportation, Inc., trackman, conductor and brakeman, Fairmont, WV and Grafton, WV, 1951 to 1989

   B. Decedent's Smoking history: Client never smoked.

   C. Asbestos-containing products exposed to: Block, Pipe Covering, Cement, Gaskets and Packing, Cloth, Dust, Wall Covering, Brakeshoes and Friction Products and Insulation

   D. Decedent's Dependants
      Betty Jo Mezzanotte

7. Plaintiff adopts by reference the following Counts from the Master-Long Form Complaint filed in the United States District Court for the Eastern District of Pennsylvania pursuant to Order dated August 20, 1986: Counts I, II, III, IV, IX and X. Further, Plaintiff alleges as follows:

**COUNT I**   8. Plaintiff incorporates by reference the preceding paragraphs as if they were set forth herein.

9. At all times material hereto, Defendants knew, or had reason to know or should have known, that their asbestos products were inherently and imminently dangerous and that exposure to the inhalation of asbestos and industrial dust and fibers was dangerous and potentially deadly, whereas Decedent was not fully aware of this.

10. At all times material hereto, Defendants knew, or had reason to know or should have known, that Decedent would be exposed to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products and despite this, Defendants: (a) Failed to protect Decedent by exercising reasonable care to prevent such exposure; (b) Failed to warn Decedent of the risks of such exposure; (c) Failed to advise Decedent to use special equipment and procedures to prevent such exposure; (d) Failed to place adequate warnings on the containers of these products regarding the risks of such exposure and the precautions necessary to prevent such exposure; (e) Failed to safely package these products; (f) Failed to make these products safe for use; (g) Failed to use safe substitutes for asbestos in these products; (h) Failed to conduct research on disease and test products to determine the extent of dangers inherent in them and make them safe for use; (i) Failed to recall these products after determining that they were dangerous; (j) Failed, after determining that such products were dangerous, to warn Decedent to cease all exposure to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products already placed in the stream of commerce; (k) Failed to comply with the Federal Hazardous Substance Act, 15 USCA 1261, *et seq.* and (l) Failed to advise Decedent to cease all future exposure to the inhalation of any dust, fibers, fumes and smoke and be examined by a lung specialist.

**COUNT II**   11. Plaintiff incorporates by reference the preceding paragraphs as if they were set forth herein.

12. Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose:

(a) That, at the time of the manufacture and sale of their asbestos products by the Defendants to Decedent's Employer(s), Defendants knew, or had reason to know or should have known, that the said asbestos products would be used by the Decedent, and other persons similarly employed, as the ultimate user or consumer; (b) That the said asbestos products were sold by the Defendants in a defective condition and were unreasonably dangerous to Decedent, and others similarly employed, as users or consumers, and throughout many years of the Decedent's exposure to and use of said products, the same asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold; and (c) That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use, and said Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products.

13. Defendants breached said warranties to Decedent in that their said asbestos products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable uses and purposes.

**COUNT III** 14. Plaintiff incorporates by reference the preceding paragraphs as if they were set forth herein.

15. Defendants, including but not limited to Metropolitan Life Insurance Company, for many decades, have been aware of medical and scientific data and reports which clearly indicated that exposure to the inhalation of asbestos and industrial dust and fibers caused, contributed to and/or was associated with the development of disease and was potentially deadly.

16. Despite this, Defendants, including but not limited to Metropolitan Life Insurance Company, prompted by pecuniary motives, individually, jointly and in conspiracy with each other, and through trade associations in which they were members, deliberately, maliciously, and callously (a) Concealed this information from persons such as Decedent who were being exposed to the inhalation of asbestos and industrial dust and fibers from their asbestos products, fearing that adverse publicity would reduce their highly profitable sales; (b) Concealed the actual results of research on disease and tests done on these products because they were adverse, and distorted these results to mislead persons into believing they were not adverse; (c) Discredited doctors and scientists who indicated that there was a relationship between asbestos and disease; (d) Concealed the actual results of medical examinations conducted upon persons who contracted asbestosis, cancer, and other industrial dust diseases, and distorted these results to minimize the role of asbestos; (e) Concealed claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (f) Procured false testimony during the litigation of claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (g) Disseminated data and reports regarding the relationship between asbestos and disease which were incorrect, incomplete, outdated and misleading; (h) Placed misleading information on the containers of these products, fearing that adequate warnings would adversely affect sales; (i) Disseminated favorable publicity about these products and indicated that they were safe for use, to maximize profit at the expense of human lives; (j) Acted with criminal indifference and conscious disregard of the rights of Decedent; (k) Participated in the fraudulent scheme described above to keep persons such as Decedent in ignorance of their rights and, in fact, this fraudulent scheme did keep Decedent in such ignorance; and (l) Intended by the fraudulent misrepresentations and concealments and willful omissions described above to induce persons such as Decedent to rely upon the same and to continue to expose themselves to the dangers that Defendants knew to be inherent in their products.

17. Decedent, reasonably and in good faith, relied upon the fraudulent misrepresentations, fraudulent concealments, and willful omissions of Defendants, which reliance resulted in detriment to Decedent, the particulars of which will be set forth below.

**COUNT IV** 18. Plaintiff incorporates by reference the preceding paragraphs as if they were set forth herein.

19. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendants, Decedent was caused to contract diseases and injuries to his body systems, lungs and heart, including asbestosis and other injuries, which he was forced to endure and which his Survivors were forced to witness until his death.

20. Decedent's asbestos-induced disease and death were proximately caused by Defendants' asbestos products and such disease is the indivisible biological result of the unique dose response of Decedent's body to inhalation or ingestion of asbestos and industrial dust and fibers from Defendants' asbestos products.

21. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentation and willful omissions of Defendents resulting in the death of Decedent, Decedent's survivors were caused to suffer substantial sorrow, mental anguish and solace, including loss of society, companionship, comfort, guidance, kindly offices and advise of Decedent, and Decedent's survivors lost the benefit of the earnings the Decedent would have earned and the many services, protection, care and assistance that Decedent would have provided. In addition, the survivors were caused to incur expenses for Decedent's care, treatment and hospitalization incident to the illness resulting in his death, and reasonable funeral expenses, all of which are compensable under the Virginia Wrongful Death Statute.

22. Decedents survivors' causes of action set forth in this Complaint accrued within two years prior to the filing of this Complaint and any delay in filing Decedent's or Decedent's survivors' causes of action is a direct and proximate result of Defendants' failure to warn and the fraudulent concealment hereinafter described. For a long time Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn persons such as Decedent, of the hazards of their asbestos products. Defendants intentionally and fraudulently concealed said knowledge from Decedent resulting in the failure of Decedent to discover the facts which are the basis of his causes of action despite the exercise of due diligence on behalf of Decedent. Decedent remained unaware of Defendants' long-time knowledge of the hazards of exposure to asbestos products and their correlative duties to warn until within the period of limitations for filing of this Complaint. Accordingly, any attempt on the part of any Defendant to complain about the timeliness of Decedent's commencement of this action should be estopped.

23. Decedent has not been a party to any related third party asbestos litigation, except for a FELA action against his former employer(s).

24. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in the sum of Five Million Dollars ($5,000,000.00) and punitive damages in the sum of Five Million Dollars ($5,000,000.00), together with interest, costs and such other and further relief as is just and proper.

Richard S. Glasser, Esq. - VA Bar No. 4092
Kip A. Harbison, Esq. - VA Bar No. 38648
Marc C. Greco, Esq. - VA Bar No. 41496
Karen M. Zello, Esq. – VA Bar No. 66783
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 E. Main Street
Norfolk, Virginia 23510-2212
(757) 625-6787

Of Counsel:
Willard J. Moody, Jr., Esq. – VA Bar No. 22866
THE MOODY LAW FIRM, INC.

GLASSER AND GLASSER, P.L.C.

By: _____
Counsel