# U.S. District Court
## EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
## CIVIL DOCKET FOR CASE #: 5:10-cv-00364-FL

Gregory, et al v. Bayer Cropscience, Inc. et al
Assigned to: Chief Judge Louise Wood Flanagan
Demand: $75,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 09/08/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Kenneth W Gregory**
*and spouse Jean F. Gregory*

represented by **Janet Ward Black**
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC 27401
336-273-3812
Fax: 336-379-9415
Email: jwblack@wardblacklaw.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Jean F Gregory**

represented by **Jean F Gregory**
PRO SE

V.

### Defendant

**Bayer Cropscience, Inc.**
*a successor In interest to Benjamin
Foster Company, a Delaware
corporation
formerly known as*
Aventis Cropscience USA, Inc.
*formerly known as*
Rhone-Poulenc AG Company, Inc.
*formerly known as*
Rhone Poulenc, Inc.
*formerly known as*
Union Carbide Agricultural Products,
Inc.
*formerly known as*
Amchem Products, Inc.

### Defendant

**CBS Corporation**
*a Delaware Corporation
formerly known as*
Viacom, Inc.
*formerly known as*

represented by **Jennifer M. Techman**
Evert Weathersby Houff
3405 Piedmont Rd.
Suite 200
Atlanta, GA 30305

Westinghouse Electric Corporation

678-651-1200
Fax: 678-651-1201
Email: jmtechman@ewhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**E.I. DuPont De Nemours and Company**
*a Delaware Corporation*

represented by **Daniel Gray Clodfelter**
Moore & Van Allen PLLC
100 N. Tryon St.
Suite 4700
Charlotte, NC 28202-4003
704-331-1000
Fax: 704-378-2041
Email: danclodfelter@mvalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**
*a New York Corporation*
*also known as*
Foster Wheeler Corporation
*also known as*
Foster Wheeler Inc.

represented by **Jennifer M. Techman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**
*a New York Corporation*

**Defendant**

**Ingersoll-Rand Company**
*a New Jersey Corporation*

**Defendant**

**Metropolitan Life Insurance Company**
*a New York Corporation*

represented by **Keith E. Coltrain**
Elmore & Wall, P.A.
1001 Wade Ave., Suite 423
Raleigh, NC 27605
919-865-9500
Fax: 919-865-9501
Email: keith.coltrain@elmorewall.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**
*a foreign corporation*

**Defendant**

**Riley Power Inc.**
*as Successor in interest to D.B. RILEY*
*INC. (Successor in interest to*
*RileyStoker Corporation and Union*
*Iron Works a/k/a UIW) a Massachusetts*
*Corporation*
*formerly known as*
BABCOCK BORSIG POWER, INC.

## Defendant

**Trane US, Inc.**
*a Delaware corporation*
*formerly known as*
American Standard, Inc.

## Defendant

**Zurn Industries, Inc.**
*Individually andas successor to Erie*
*City Iron Works, a Pennsylvania*
*Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2010 | 1 | COMPLAINT against Bayer Cropscience, Inc., CBS Corporation, E.I. DuPont De Nemours and Company, Foster Wheeler Energy Corporation, General Electric Company, Ingersoll-Rand Company, Metropolitan Life Insurance Company, Rapid American Corporation, Riley Power Inc., Trane US, Inc., Zurn Industries, Inc. ( Filing fee $ 350 receipt number 0417-1320178.), filed by Kenneth W Gregory. (Attachments: # 1 Summonses) (Black, Janet Ward) (Entered: 09/08/2010) |
| 09/14/2010 | 2 | NOTICE by Kenneth W Gregory *Summonses* (Attachments: # 1 CBS Summons, # 2 DuPunt Summons, # 3 Foster Wheeler Summons, # 4 General Electric Summons, # 5 Indersoll-Rand Summons, # 6 Metropolitan Life Summons, # 7 Rapid American Summons, # 8 Riley Stoker Summons, # 9 Trane US Summons, # 10 Zurn Summons) (Black, Janet Ward) (Entered: 09/14/2010) |
| 09/14/2010 | | NOTICE OF DEFICIENCY - Failure to File Financial Disclosure Statement as to Kenneth W Gregory. Pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.3, all parties must file a corporate affiliate/financial interest disclosure statement. A negative statement is required if a party has no disclosures to make. The disclosure statement must be on a form provided by the clerk. This form is available at the clerks office and on the courts website. (Berryhill, E.) (Entered: 09/14/2010) |
| 09/14/2010 | | NOTICE OF DEFICIENCY re: 1 Complaint - Counsel should add Jean F. Gregory to the case as a plaintiff. (Berryhill, E.). (Entered: 09/14/2010) |
| 09/14/2010 | 3 | NOTICE by Kenneth W Gregory and Jean F Gregory - *Civil Cover Sheet* (Black, Janet Ward). (Entered: 09/14/2010) |

| 09/14/2010 | 4 | NOTICE by Jean F Gregory, Kenneth W Gregory *of Corporate Disclosure* (Black, Janet Ward) (Entered: 09/14/2010) |
|---|---|---|
| 09/15/2010 | 5 | Summons Issued as to Bayer Cropscience, Inc., CBS Corporation, E.I. DuPont De Nemours and Company, Foster Wheeler Energy Corporation, General Electric Company, Ingersoll-Rand Company, Metropolitan Life Insurance Company, Rapid American Corporation, Riley Power Inc., Trane US, Inc., Zurn Industries, Inc. (Berryhill, E.). (Entered: 09/15/2010) |
| 10/05/2010 | 6 | NOTICE *(summons to be re-issued)* by Jean F Gregory, Kenneth W Gregory (Attachments: # 1 summons, # 2 summons, # 3 summons, # 4 summons, # 5 summons, # 6 summons, # 7 summons) (Black, Janet Ward). (Entered: 10/05/2010) |
| 10/08/2010 | 7 | Summonses Reissued as to Bayer Cropscience, Inc., E.I. DuPont De Nemours and Company, Foster Wheeler Energy Corporation, General Electric Company, Ingersoll-Rand Company, Riley Power Inc., Trane US, Inc., and Zurn Industries, Inc. Counsel should print reissued summonses to effect service. (Baker, C.) (Entered: 10/08/2010) |
| 10/08/2010 | 8 | ANSWER to 1 Complaint, with Jury Demand *and to Crossclaims of Any and All Other Defendants* by Metropolitan Life Insurance Company. (Coltrain, Keith) (Entered: 10/08/2010) |
| 10/08/2010 | 9 | FINANCIAL DISCLOSURE STATEMENT by Metropolitan Life Insurance Company. (Coltrain, Keith) (Entered: 10/08/2010) |
| 10/20/2010 | 10 | ANSWER to 1 Complaint, by CBS Corporation. (Techman, Jennifer) (Entered: 10/20/2010) |
| 10/20/2010 | 11 | FINANCIAL DISCLOSURE STATEMENT by CBS Corporation. (Techman, Jennifer) (Entered: 10/20/2010) |
| 10/20/2010 | 12 | ANSWER to 1 Complaint, by Foster Wheeler Energy Corporation. (Techman, Jennifer) (Entered: 10/20/2010) |
| 10/20/2010 | 13 | FINANCIAL DISCLOSURE STATEMENT by Foster Wheeler Energy Corporation (Techman, Jennifer) (Entered: 10/20/2010) |
| 10/20/2010 | 14 | ANSWER to 1 Complaint, by Foster Wheeler Energy Corporation. (Techman, Jennifer) (Entered: 10/20/2010) |
| 10/29/2010 | 15 | ANSWER to 1 Complaint, with Jury Demand by E.I. DuPont De Nemours and Company. (Clodfelter, Daniel) (Entered: 10/29/2010) |
| 11/03/2010 | 16 | FINANCIAL DISCLOSURE STATEMENT by E.I. DuPont De Nemours and Company (Clodfelter, Daniel) (Entered: 11/03/2010) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |
| 11/04/2010 10:12:33 |
| | | | |

| PACER Login: | jp0001 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 5:10-cv-00364-FL |
| Billable Pages: | 3 | Cost: | 0.24 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI)                 )
                                    )      **Civil Action No. MDL 875**
_____ )
                                    )
**This Document Relates to:**            )
_____ )

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## File No. 5:10-cv-364

## CIVIL ACTION COMPLAINT

KENNETH W. GREGORY and Spouse,      )
JEAN F. GREGORY,                    )
                                    )
      Plaintiffs,                   )
                                    )
      v.                            )
                                    )
BAYER CROPSCIENCE, INC. f/k/a       )
AVENTIS CROPSCIENCE USA, INC.       )
f/k/a RHONE-POULENC AG COMPANY, INC. )
f/k/a RHONE POULENC, INC. f/k/a     )
UNION CARBIDE AGRICULTURAL          )
PRODUCTS, INC. f/k/a                )
AMCHEM PRODUCTS, INC., a successor  )
In interest to Benjamin Foster Company, )
a Delaware Corporation;             )
                                    )
CBS CORPORATION, a Delaware         )
Corporation, f/k/a VIACOM, INC., successor )
by merger to CBS CORPORATION, a     )
Pennsylvania Corporation, f/k/a     )
WESTINGHOUSE ELECTRIC               )
CORPORATION,                        )
                                    )
E. I. DU PONT DE NEMOURS AND        )
COMPANY, a Delaware Corporation;    )
                                    )
FOSTER WHEELER ENERGY               )
CORPORATION a/k/a FOSTER WHEELER    )

CORPORATION a/k/a FOSTER WHEELER )
INC., A New York Corporation; )
)
GENERAL ELECTRIC COMPANY, a )
New York Corporation; )
)
INGERSOLL-RAND COMPANY, a New )
Jersey Corporation; )
)
METROPOLITAN LIFE INSURANCE )
COMPANY, A New York Corporation; )
)
RAPID AMERICAN CORPORATION, )
a foreign corporation; )
)
RILEY POWER INC. f/k/a )
BABCOCK BORSIG POWER, INC., as )
Successor in interest to D.B. RILEY )
INC. (Successor in interest to Riley )
Stoker Corporation and Union Iron )
Works a/k/a UIW) a Massachusetts )
Corporation; )
)
TRANE US, INC. f/k/a )
AMERICAN STANDARD, INC )
a Delaware Corporation; )
)
ZURN INDUSTRIES, INC., Individually and )
As Successor to Erie City Iron Works, )
a Pennsylvania Corporation; )
)
              Defendants. )

       This action is appropriate for inclusion in the coordinated proceeding as an

asbestos related action. This action is further appropriate for treatment as a "tag-along"

action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal

injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of

Pennsylvania.

2

NOW COME the Plaintiffs, KENNETH W. GREGORY and Spouse, JEAN F. GREGORY, citizens and residents of North Carolina, and sue the Defendants and allege as follows:

1.   (a)   Jurisdiction is founded on diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). As is evidenced by the caption of the instant Complaint which is specifically incorporated herein, the Defendants are corporations incorporated under the laws of various states as stated in said caption and having their principal places of business in states other than North Carolina and which are amenable to jurisdiction in the Courts of North Carolina by virtue of their respective contacts with the State of North Carolina and/or their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of North Carolina. At times relevant hereto, each foreign corporation and/or its predecessors mined, manufactured, processed, produced, imported, converted, compounded, supplied, provided, distributed, disturbed and/or retailed substantial amounts of asbestos and asbestos-containing materials and/or dust protection equipment which were sold, distributed and used in North Carolina.

(b)   Schedule A attached hereto identifies the asbestos exposed individual and at least one doctor who diagnosed the injured plaintiff with an asbestos related disease.

## FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

2.   (a)   Defendants, and each of them, are, or at times relevant hereto were miners, manufacturers, processors, producers, distributors, importers, converters,

3

compounders, contractors and/or retailers of asbestos and asbestos-containing materials, asbestos protective equipment or insurance.

(b)     Defendant BAYER CROPSCIENCE, INC. f/k/a AVENTIS CROPSCIENCE USA, INC. f/k/a RHONE-POULENC AG CO. INC. f/k/a RHONE POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC., a successor to Benjamin Foster Company, is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business in the State of North Carolina. At all times material hereto, Defendant BAYER CROPSCIENCE, INC. f/k/a AVENTIS CROPSCIENCE USA, INC. f/k/a RHONE-POULENC AG CO. INC. f/k/a RHONE POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC., a successor to Benjamin Foster Company, mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(c)     Defendant CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a corporation duly organized and existing under the laws of the State of Delaware, which was or is currently doing business within the State of North Carolina. At all times material hereto, Defendant CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, mined,

4

manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or performed work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(d)     Defendant E. I. DUPONT DE NEMOURS AND COMPANY ("DUPONT"), is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina. At times material hereto, Defendant E. I. DUPONT DE NEMOURS AND COMPANY ("DUPONT") was an employer of Plaintiff and caused Plaintiff to be exposed to asbestos products.

(e)     Defendant FOSTER WHEELER ENERGY CORPORATION a/k/a FOSTER WHEELER CORPORATION a/k/a FOSTER WHEELER INC. is a corporation duly organized and existing under the laws of the State of Delaware, which has or is currently doing business within the State of North Carolina. At all time material hereto, Defendant FOSTER WHEELER ENERGY CORPORATION a/k/a FOSTER WHEELER CORPORATION a/k/a FOSTER WHEELER INC. mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

5

(f)     Defendant GENERAL ELECTRIC COMPANY is a corporation duly organized and existing under the laws of the State of New York, which has done or is currently doing business within the State of North Carolina. At all times material hereto, Defendant GENERAL ELECTRIC COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(g)     Defendant INGERSOLL-RAND COMPANY is a corporation duly organized and existing under the laws of the State of New Jersey, which has done or is currently doing business within the State of North Carolina. At all times material hereto, Defendant INGERSOLL-RAND COMPANY mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(h)     Defendant METROPOLITAN LIFE INSURANCE COMPANY is a corporation duly organized and existing under the laws of a State other than the State of North Carolina which has done or is doing business within the State of North Carolina.

(i)     Defendant RAPID AMERICAN CORPORATION is a corporation duly organized and existing under the laws of a state other than the State of North

6

Carolina, which is doing business within the State of North Carolina. At all times material hereto, Defendant RAPID AMERICAN CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiffs or to such other entities so that these materials were caused to be used on Plaintiffs' job sites.

(j)      Defendant RILEY POWER INC. f/k/a BABCOCK BORSIG POWER, INC., As Successor in interest to D.B. RILEY, INC. (Successor in interest to Riley Stoker Corporation and Union Iron Works a/k/a UIW) is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Massachusetts which has done or is doing business within the State of North Carolina. At all times material hereto, Defendant RILEY POWER INC. f/k/a BABCOCK BORSIG POWER, INC., As Successor in interest to D.B. RILEY, INC. (Successor in interest to Riley Stoker Corporation and Union Iron Works a/k/a UIW) manufactured, produced, specified and sold, either directly or indirectly, asbestos materials to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or performed work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(k)      Defendant TRANE US, INC. f/k/a AMERICAN STANDARD, INC. is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business in the State of North Carolina. At all times material hereto, Defendant TRANE US, INC. f/k/a AMERICAN STANDARD, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either

7

directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(l)     Defendant ZURN INDUSTRIES, INC., Individually and as Successor to ERIE CITY IRON WORKS, is a corporation duly organized and existing under the laws of the State of Pennsylvania, which has done or is currently doing business within the State of North Carolina. At all times material hereto, Defendant ZURN INDUSTRIES, INC., Individually and as Successor to ERIE CITY IRON WORKS, mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or performed work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

3.     The Defendants and/or their predecessors in interest, acting through their agents, servants and/or employees, caused and have caused in the past certain asbestos, asbestos-containing materials and asbestos protective equipment to be placed in the stream of interstate commerce with the result that asbestos and asbestos-containing materials came to be used by workers within states in which Plaintiff was exposed and/or performed work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

8

4.      The employment history, to the extent possible at this time, of the Plaintiff is attached here as Schedule B. His exposure was a proximate cause of the Plaintiff's contraction of an asbestos-related disease.

5.      Each of the Defendants named in this lawsuit (except METROPOLITAN LIFE INSURANCE COMPANY), or their predecessors, mined, manufactured, processed, produced, imported, converted, specified, distributed, and/or sold said asbestos and asbestos products to which the Plaintiff was exposed during his work career as described herein in Paragraph 4 and/or had contracting units or employees working at Plaintiff's job sites where activities caused the generation of respirable asbestos dust which was breathed by the Plaintiff.

6.      During the course and scope of his employment, Plaintiff was exposed to asbestos and asbestos-containing materials as described herein above, which exposure directly and proximately caused Plaintiff to develop an asbestos-related disease.

7.      The illnesses and disabilities of the Plaintiff were a direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

(a)      Failed to advise Plaintiff of the dangerous characteristics of their asbestos and asbestos-containing products;

(b)      Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective

9

equipment and appliances, if, in truth, they were in any way able to protect them from being poisoned and disabled as they were exposure to such deleterious and harmful asbestos-containing products;

(c)     Failed and omitted to place any warnings or sufficient warning on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos-containing materials;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to his health in coming in contact with and breathing said asbestos and asbestos related materials;

(f)     Did not recommend methods to improve the work environment with regard to Plaintiff's exposure to asbestos and asbestos-related products;

(g)     Did not adequately test their products and did not develop alternative products;

(h)     Continued to use and sell a known cancer-causing product, to-wit: asbestos, even though the defendants knew, or in the exercise of ordinary care should have known, that asbestos was a cancer causing product;

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants failed to warn the Plaintiff, and did not inform the Plaintiff

10

of the need for monitoring and periodic evaluations up to and including the filing of this Complaint;

(j)     Were otherwise negligent.

## FOR A SECOND CAUSE OF ACTION – IMPLIED WARRANTY

8.     Plaintiffs hereby incorporate by reference Paragraphs one (1) through ten (10), inclusive, as if the same were hereto set forth at length.

9.     The Defendants, and each of them, impliedly warranted that their products or materials at issue were of good and merchantable quality and fit for their intended use and the Plaintiff relied on said warranty.

10.     The implied warranty made by the Defendants, and each of them, that its materials at issue were of good and merchantable quality and safe for its particular intended use, was breached and that certain harmful, poisonous and deleterious asbestos and asbestos-related substances were given off into the atmosphere wherein the Plaintiff carried out his duties with the result that the Plaintiff inhaled and ingested harmful asbestos and asbestos-related substances.

11.     As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit:  asbestosis and/or other asbestos-induced diseases, and the Plaintiff was damaged as set out herein.

## FOR A THIRD CAUSE OF ACTION – PREMISES LIABILITY

12.     During the course of Plaintiff's working career, Plaintiff was required to work with and around asbestos, asbestos-containing products, or machinery requiring

11

or calling for the use of asbestos or asbestos-containing products. In his work, Plaintiff was exposed to asbestos dust and fiber.

13. The asbestos products Plaintiff was exposed to between 1970 and 1991 included those located on the property owned, operated, controlled and, *inter alia*, maintained by DuPont and:

A. The properties were owned by the Defendant delineated above and were negligently owned, operated, maintained and controlled.

B. Defendant DuPont failed to timely institute reasonable industrial hygiene procedures on its property and adequately take precautions to protect Plaintiff from the hazards of asbestos and warn Plaintiff of said hazards.

C. As a direct and proximate consequence of the actions of DuPont and other members of the asbestos industry, Plaintiff was exposed to and came in contact with asbestos or asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

14. Plaintiff was caused to suffer the injuries, expenses, and losses alleged in this complaint as a direct and proximate result of the above-described conduct.

## FOR A FOURTH CAUSE OF ACTION – PUNITIVE DAMAGES

15. Plaintiffs hereby incorporate by reference Paragraphs one (1) through fourteen (14), inclusive, as if the same were hereto set forth at length.

16. Plaintiff was working in close proximity to the asbestos and asbestos-related products of the Defendants or asbestos dust generated or not prevented by the

12

Defendants, and each of them, and Plaintiff's presence (and others in his position) was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

17.    The Defendants have possessed since 1929 medical and scientific data which clearly indicates that the asbestos and asbestos-containing products were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position. Despite such knowledge and the medical and scientific data possessed by them and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, willfully, deliberately, maliciously, and callously ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity to prevent their exposure to the asbestos products of said Defendants. As a direct result, the Plaintiff was severely damaged as set forth below.

18.    From 1929 through the 1970's, the Defendants had actual knowledge of the dangers of asbestos exposure but, nevertheless, deliberately, intentionally and willfully failed to act upon and withheld from the public the scientific and medical data in their possession regarding such dangers, thus denying Plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure.  The specifics which support an award of punitive damages to the Plaintiff are represented, in part, by the following:

(a)    Failed to warn prior users even as late as the 1970's when the Defendants had knowledge of the need for monitoring due to prior exposure;

13

(b) Issued no recall type letters to prior users even to the date of filing of the Complaint;

(c) Manipulated the medical data and reports concerning the hazards of asbestos before such reports were released to the medical professions;

(d) Frustrated the publication of articles and literature from the 1930's through at least 1976;

(e) Working through the American Textile Institute, labeled Dr. Irving Selikoff a "dangerous man" and embarked upon a concerted effort to denounce Dr. Selikoff's findings regarding the hazards of asbestos and thereby prevent the public from being alerted to those hazards;

(f) Fought to exclude asbestosis and asbestos-induced cancers from state worker's compensation laws, fearing such inclusion would lead to discovery by workers of the hazards of asbestos and claims resulting therefrom;

(g) Sought methods to defeat worker's compensation and other claims of asbestos workers who suffered from illnesses or disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(h) Attempted to discredit scientists, doctors, writers and medical literature who or which indicated, demonstrated or established a relationship between illness and disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

14

(i)     Refused to conduct research on the relationship between asbestos exposure and disease, acting with pecuniary motives of profit at the expense of human lives;

(j)     Sought to create favorable publicity about asbestos products for pecuniary motives when they knew of their risks and dangers;

(k)     Concealed the existence of tests, data, literature and medical reports regarding the causal relationship of asbestos to mesothelioma, asbestosis, scarred lungs, respiratory disorders, cancer and other illnesses;

(l)     Despite the urging of medical personnel, refused to authorize testing and research involving the relationship of illness and disease to exposure, use of and inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of their asbestos products, fearing adverse publicity would affect the highly profitable market of asbestos sales.

19.     The acts of the Defendants, and each of them, as hereinabove set forth were fraudulent, wanton and willful and done with malice in disregard of the rights and safety of Plaintiff and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials upon the body of human beings, including Plaintiff and others similarly situated, and even though forewarned of said dangers and further after having been forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material or defective dust protection equipment with full knowledge

15

that the products were being used and would be used in the future to the detriment of the health of Plaintiff and others similarly situated and Plaintiff is, therefore, entitled to punitive damages.

20.     As a direct and proximate result of the negligence, carelessness, gross negligence, willful and wanton misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants, Plaintiff was caused to contract diseases and injuries to his body systems, lungs, respiratory system, heart and damage to various organs of his body, including injury to tissue and bone, such as but not limited to asbestosis, scarred lungs, respiratory disorders and other injuries, causing his pain and suffering and both mental and physical anguish.

21.     As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants, Plaintiffs have been damaged and are entitled to compensatory and punitive damages.

## FOR A FIFTH CAUSE OF ACTION - NEGLIGENT TESTING/LIABILITY TO THIRD PERSONS FOR NEGLIGENT PERFORMANCE OF UNDERTAKING AGAINST METROPOLITAN LIFE INSURANCE CO.

22.     Plaintiffs hereby incorporates by reference Paragraphs one (1) through twenty-one (21), inclusive, as if the same were hereto set forth at length.

23.     Defendant Metropolitan Life Insurance Co. through its Policyholders Service Bureau undertook duties owed by the asbestos producing defendants to the plaintiff by the testing of asbestos workers and the conduct of scientific studies.  These duties included without limitation, the duties

16

(a)      to test fully and adequately for health risks concomitant to the
normal and intended use of their products; and,

(b)      to instruct fully and adequately in the uses of their products so as to
eliminate or reduce the health hazards concomitant with their normal or
intended use.

In undertaking these duties, Metropolitan Life knew or should have known that it was
providing testing services of the ultimate protection of third persons, including the
Plaintiff.

24.      In both conducting said tests and in publishing their alleged results,
Metropolitan Life failed to exercise reasonable care to conduct or publish complete,
adequate and accurate tests of the health effects of asbestos. Metropolitan Life also
caused to be published intentionally false, misleading, inaccurate, and deceptive
information about the health effects of asbestos exposure.

25.      The Plaintiff unwittingly but justifiably relied upon the thoroughness of
Metropolitan Life's testing and information dissemination, the results of which
Metropolitan Life published in leading medical journals.

26.      As a direct and proximate result of Metropolitan Life's failures to conduct
or accurately publish adequate tests or disseminate accurate and truthful information,
after undertaking to do so, (i) the risk of harm to the plaintiff from asbestos exposure
were increased; and (ii) the plaintiff suffered the injuries described below.

27.      In failing to test fully and adequately for the adverse health effects from
exposure to asbestos; in delaying the publication of such results; and in falsely editing
such results as were obtained; in suppressing relevant medical inquiry and knowledge

17

about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos producing defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, Metropolitan Life acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Plaintiff, and, as a proximate cause, he suffered damaged.

## FOR A SIXTH CAUSE OF ACTION -- LOSS OF CONSORTIUM

28.     Plaintiffs hereby incorporate by reference Paragraphs one (1) through twenty-seven (27), inclusive, as if the same were hereto set forth at length.

29.     Plaintiffs hereto are husband and wife, and at the time of the aforesaid development of an asbestos-related disease still maintained a marital relationship.

30.     The parties have had a marital relationship that included marital services, society, affection, companionship and physical relations which constituted consortium between a husband and a wife.

31.     The defendants' negligence in causing the development of an asbestos-related disease of plaintiff was a proximate cause of the loss of consortium of the female plaintiff.

## DAMAGES

32.     As a result of the development of asbestosis and/or other asbestos induced diseases, Plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

33.     Plaintiff alleges that, as a result of the conduct of the defendants, his injuries and illnesses are permanent in nature and that he will be forced to suffer for the

18

remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been shortened, and he has sustained lost wages and diminished earning capacities.

34. Plaintiffs allege that as a result of the aforesaid illnesses, they have been forced to incur amounts of medical expenses for the male plaintiff by way of doctor and drug bills and verily believe that they will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid.

35. On account of the fraudulent, malicious and willful and wanton conduct of the defendants, the Plaintiffs are entitled to recover punitive damages from each of the defendants.

WHEREFORE, plaintiffs pray that the defendants, and each of them, be cited to appear and answer herein as the law directs, and that upon final hearing hereof, plaintiffs recover judgment of and from the defendants, and each of them, jointly and severally, for their damages as alleged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for general, compensatory and special damages; plus a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages; for medical expenses in an amount to be shown upon the trial hereof; together with their costs and disbursements herein, and interest on said judgment from the date of filing until paid as by law provided, for costs of this action and such other and further relief as to which he may be entitled.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON THE ISSUES TRIABLE OF RIGHT BY A JURY.

19

s/ Janet Ward Black
Janet Ward Black
NC Bar No. 12869
Attorneys for Plaintiffs
WARD BLACK, P.A. d/b/a WARD BLACK LAW
208 W. Wendover Avenue
Greensboro, North Carolina 27401
Tel. No. 336/273-3812
jwblack@wardblacklaw.com

DATE:  September 8, 2010

20

## SCHEDULE A

Plaintiff Name                 Disease/Diagnosis Date           Doctor

Kenneth W. Gregory            Asbestosis, 9/14/2007       Albert Britton, III

## SCHEDULE B

Plaintiff-Worker Employment History
Asbestos Exposure-Worksite Information

NAME:              KENNETH W. GREGORY

ADDRESS:          4420 Mockingbird Lane
                  Wilmington, NC 28409

OCCUPATION:       insulator

EMPLOYMENT/WORKSITE              APPROXIMATE DATES

See Attached Preliminary Work History of Plaintiff

### RELATED ASBESTOS LITIGATION

None

### SMOKING HISTORY

Up to 1 ppd from 1967-1998

### PRODUCTS CONTAINING ASBESTOS

pipecovering
block
cements
plasters
gaskets
cloth
rope
tape
yarn
roofing products
fireproofing
packing
pipe

DEPENDENTS:       Jean F. Gregory

22

Work History of Kenneth W. Gregory

| Year | Employer | Jobsites | Job Duties |
|------|----------|----------|------------|
| 1962-1963 | Ben Strother<br>Cary, NC | Strothers Coal<br>Cary, NC | laborer |
| 1963-1967 | Taylor Biscuit Co.   Plant<br>Cary, NC | machine operator<br>Cary, NC | |
| 1967-1969 | U S Army | Germany | truck driver |
| 1969-1970 | Asplundh Service Co<br>Willow Grove, PA | Raleigh, NC | electrical laborer |
| 1969 | Stewart Septic Tank Raleigh, NC<br>& Grading<br>Charlotte, NC | | laborer |
| 1969-1972 | Union-Local 72<br>Greensboro, NC | all over | |
| 1970 | Starr Davis   Kelly Springfield Tire<br>Thru Local #72 | Fayetteville, NC | insulator helper |
| 1970-1972 | Porter Hayden<br>Thru Local #72 | Dupont<br>Wilmington, NC | insulator helper |
| 1972-1991 | Daniel Construction | Dupont,<br>- Kinston, NC<br>DuPont Plant<br>- Leland, NC | insulator |
| 1974 | Durhem Insulation<br>Wilmington, NC | | insulator |
| 1991-1992 | Inpro | Dupont<br>Leland, NC | insulator |
| 1992 | Carolina Blueberry Coop.<br>Garland, NC | Bonnie Blue<br>Burgaw, NC | Forklift operator |
| 1992-1994 | Becon Construction | CP&L<br>Southport, NC | insulator |

| Year | Employer | Jobsites | Job Duties |
|------|----------|----------|------------|
| 1993-1994 | United Insulation of Wilmington Wilmington, NC | Federal Papermill - Riegelwood, NC GE Plant - Wilmington, NC Wright Chemical of Delco - Delco, NC Phizer Plant - Southport, NC Corning Plant - Wilmington, NC | insulator |
| 1994-1997 | Ellington Insulation Wilmington, NC | Invista Wilmington, NC | insulator |
| 1995 | Bechtel Capital Management San Francisco, CA | CP&L Southport, NC | insulator |
| 1995-1999 | Becon Construction Division of Bechtel | Invista Wilmington, NC | insulator |
| 1997-1998 | Mills Consulting Services | Corning Wilmington, NC | insulator |
| 1998-1999 | Bechtel Group Inc San Francisco, CA | Invista Wilmington, NC | insulator |
| 1999 | National Insulating | NC Corning Wilmington, NC | insulator |
| 1999-Present | Mundy Maintenance | Invista - Wilmington, NC Dak - Leland, NC | insulator pipefitter |

24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DEFENDANTS LIST

Bayer Cropscience, Inc. f/k/a
Aventis CropScience USA, Inc. f/k/a
Rhone-Poulenc AG Company, Inc., f/k/a
Rhone Poulenc, Inc. f/k/a
Union Carbide Agricultural Products, Inc.
f/k/a Amchem Products, Inc., a Successor
in interest to Benjamin Foster Company
By and Through Its Registered Agent:
CT Corporation System
111 Eighth Avenue
New York, NY 10011

CBS CORPORATION, a Delaware
Corporation, f/k/a VIACOM, INC.,
successor by merger to CBS
CORPORATION Pennsylvania Corporation,
f/k/a WESTINGHOUSE ELECTRIC CORPORATION,
By and Through Its Registered Agent:
Michael D. Fricklas
1515 Broadway
New York, NY 10036

E. I. DuPont De Nemours and Company
c/o Its Registered Agent
C.T. Corporation System
225 Hillsborough Street
Raleigh, NC 27603

Foster Wheeler Energy Corporation
a/k/a Foster Wheeler Corporation a/k/a
Foster Wheeler Inc.
By and Through Its Registered Agent:
C T Corporation System
225 Hillsborough Street
Raleigh, NC 27603

General Electric Company
By and Through Its Registered Agent
C.T. Corporation System
225 Hillsborough Street

25

Raleigh, NC 27603

Ingersoll-Rand Company
c/o Its Registered Agent:
C.T. Corporation System
225 Hillsborough Street
Raleigh, NC 27603

Metropolitan Life Insurance Company
c/o Chief Counsel, Legal Department
27-01 Queens Plaza North
Long Island, NY 11101

Rapid American Corporation
By and Through Its Registered Agent/Managing Agent
2711 Centerville Road
#400
Wilmington, DE 19808

Riley Power Inc. f/k/a Babcock Borsig Power, Inc.
As Successor in interest to D.B. RILEY, INC.
(Successor in interest to Riley Stoker Corporation
And Union Iron Works a/k/a UIW)
By and Through Its Registered Agent
C.T. Corporation System
225 Hillsborough Street
Raleigh, NC 27603

Trane US, Inc. f/k/a
American Standard, Inc.
c/o Its Registered Agent:
C.T. Corporation System
225 Hillsborough Street
Raleigh, NC 27603

Zurn Industries, Inc.
Individually and as Successor to
Erie City Iron Works
c/o Its Registered Agent:
C. T. Corporation System
225 Hillsborough Street
Raleigh, NC 27603

26