STAYED

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:10-cv-02430-VMC-TGW

| | |
|---|---|
| Owens v. American Honda Motor Company, Inc. et al | Date Filed: 10/29/2010 |
| Assigned to: Judge Virginia M. Hernandez Covington | Jury Demand: Both |
| Referred to: Magistrate Judge Thomas G. Wilson | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: State Court - 04/05/10, 10-007398 | Jurisdiction: Federal Question |
| Cause: 28:1446pl Petition for Removal - Product Liability | |

**Plaintiff**

**Barbara Owens**
*Individually and As Personal*
*Representative of the Estate of Russell*
*Owens*

represented by **David A. Jagolinzer**
The Ferraro Law Firm
Suite 700
4000 Ponce de Leon Blvd
Miami, FL 33146
305/375-0111
Fax: 305/379-6222
Email: daj@ferrarolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American Honda Motor Company,
Inc.**

represented by **Henry Salas**
Cole, Scott & Kissane, PA
Suite 1400
9150 S Dadeland Blvd
Miami, FL 33156
305/350-5300
Fax: 305/373-2294
Email: Henry.Salas@csklegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Optical Corporation**

represented by **Hugh J. Turner , Jr.**
Akerman Senterfitt
Suite 1600
350 E Las Olas Blvd
Ft Lauderdale, FL 33301-2229
954/463-2700
Fax: 954-463-2224
Email: hugh.turner@akerman.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Bayer Cropscience, Inc.**
*formerly known as*
Aventis Cropscience USA, Inc.
*formerly known as*
Rhone Poulenc AG Company, Inc.
*formerly known as*
Rhone Poulenc, Inc.
*formerly known as*
Union Carbide Agricultural Products,
Inc.
*formerly known as*
Amchem Products, Inc.

**Defendant**

**Bondex International Inc.**
*a subsidiary of BONDEX COMPANY*

**Defendant**

**Borg Warner Corporation**          represented by  **Jonathan C. Hollingshead**
Fisher, Rushmer, Werrenrath, Dickson,
Talley & Dunlap, PA
20 N Orange Ave - Ste 1500
PO Box 712
Orlando, FL 32802-0712
407/843-2111
Fax: 407/422-1080
Email:
jhollingshead@fisherlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Buffalo Pumps, Inc.**          represented by  **Marsad Quraishi**
Bice Cole Law Firm, P.L.
999 Ponce de Leon Blvd. Suite 710
Coral Gables, FL 33134
305/444-1225
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**          represented by  **C. Michael Evert , Jr.**
*a Delaware Corporation, f/k/a*          3405 Piedmont Rd., NE, Suite 225
*VIACOM INC., a successor by merger*          Atlanta, GA 30305

*to CBS CORPORATION, a*
*Pennsylvania Corporation, f/k/a*
WESTINGHOUSE ELECTRIC
*CORPORATION*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard M. Lauth**
Evert Weathersby Houff
Suite 200
3405 Piedmont Rd NE
Atlanta, GA 30305
678-651-1200
Fax: 678-651-1201
Email: RMLauth@ewhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CertainTeed Corporation**    represented by  **Evelyn F. Davis**
4000 Sun Trust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308
404-614-7400
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cleaver-Brooks, Inc.**    represented by  **Timothy Clark**
Law Office of Timothy Clark, PA
Suite 700
888 E Las Olas Blvd
Ft Lauderdale, FL 33301
954/475-8803
Fax: 954/475-9199
Email: tim@timclarklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**    represented by  **Rebecca Kibbe**
K & L Gates, LLP
Suite 3900
200 S Biscayne Blvd
Miami, FL 33131-2399
305-539-3386
Fax: 305-358-7095
Email: rebecca.kibbe@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dana Companies LLC**    represented by  **Evelyn F. Davis**
*formerly known as*    (See above for address)

Dana Corporation                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Elliott Turbomachinery Company,**          represented by   **Edward J. Briscoe**
**Inc.**                                                       Fowler White Burnett, PA
                                                               Espirito Santo Plaza - 14th Floor
                                                               1395 Brickell Ave
                                                               Miami, FL 33131
                                                               305/789-9200
                                                               Fax: 305/789-9201
                                                               Email: ejb@fowler-white.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Helaine S. Goodner**
                                                               Fowler White Burnett, PA
                                                               Espirito Santo Plaza - 14th Floor
                                                               1395 Brickell Ave
                                                               Miami, FL 33131
                                                               305/789-9200
                                                               Fax: 305/789-9201
                                                               Email: hgoodner@fowler-white.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Exxonmobil Oil Corporation**               represented by   **Marsad Quraishi**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Morse Pump Corporation**

**Defendant**

**Federal-Mogul Asbestos Personal**          represented by   **Ernest L. Wetzler**
**Injury Trust**                                               Hawkins & Parnell, LLP
*as successor to FELT-PRODUCTS*                                4300 SunTrust Plaza
*MANUFACTURING CO. and successor*                             303 Peachtree St., N.W.
*to the former VELLUMOID Division of*                         Atlanta, GA 30308-3243
*FEDERAL-MOGUL*                                                404/614-7400
                                                               Fax: 404/614-7500
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Flowserve Corporation**
*formerly known as*
Durametallic Corporation

**Defendant**

**Ford Motor Company**                    represented by    **Henry Salas**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Ford Motor Company**
*Individually and parent to, successor to,*
*and/or d/b/a VOLVO*
*PERSONVAGNAR AB*

**Defendant**

**Foster Wheeler Energy Corporation**     represented by    **Tanya M. Lawson**
*formerly known as*                                         Sedgwick, Detert, Moran & Arnold,
Foster Wheeler Corporation                                  LLP
                                                            Suite 1100
                                                            2400 E Commercial Blvd
                                                            Ft Lauderdale, FL 33308
                                                            954/958-1515
                                                            Fax: 954/958-2513
                                                            Email: tanya.lawson@sdma.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technology**
*formerly known as*
Garlock, Inc.

**Defendant**

**General Electric Company**              represented by    **Brenda Godfrey**
                                                            2500 East Commercial Boulevard,
                                                            #1100
                                                            Fort Lauderdale, FL 33308
                                                            954-958-2500
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Genuine Parts Company**                 represented by    **Lucia V. Pazos**
                                                            Brown Sims, PC
                                                            Suite 1609
                                                            9130 S Dadeland Blvd
                                                            Miami, FL 33156
                                                            305-274-5507
                                                            Fax: 305-274-5517
                                                            Email: lpazos@brownsims.com
                                                            *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia Pacific LLC**                  represented by    **Jana Marie Fried**
*formerly known as*                                       Bennett, Aiello, Cohen & Fried
Georgia Pacific Corporation                               The Ingraham Building - Ste 808
                                                          25 SE Second Ave
                                                          Miami, FL 33131
                                                          (305) 438-9899
                                                          Fax: (305) 438-9819
                                                          Email: jfried@bennettaiello.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**The Goodyear Tire & Rubber**           represented by    **Marsad Quraishi**
**Company**                                               (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps, Inc.**                   represented by    **Daniel Alberto Garcia**
*a subsidiary of ITT INDUSTRIES, INC.*                    Hinshaw & Culbertson, LLP
                                                          Suite 1010
                                                          One E Broward Blvd
                                                          Ft Lauderdale, FL 33301
                                                          954-467-7900
                                                          Fax: 954-467-1024
                                                          Email: dgarcia@hinshawlaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Peter J. Frommer**
                                                          HINSHAW & CULBERTSON LLP
                                                          One E. Broward Boulevard, Suite 1010
                                                          Ft. Lauderdale, FL 33301
                                                          954-467-7900
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Green, Tweed & Co., Inc.**             represented by    **M. Stephen Smith , III**
                                                          Rumberger, Kirk & Caldwell, PA
                                                          80 SW 8th St - Ste 3000
                                                          PO Box 01-9041
                                                          Miami, FL 33130
                                                          305/358-5577 ext: 5410
                                                          Fax: 305/371-7580
                                                          Email: ssmith@rumberger.com
                                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International, Inc.**
*formerly known as*
Allied Signal, Inc., as successor-in-
interest to Allied Corporation, as
successor-in-interest to The Bendix
Corporation, a Deleware Corporation

represented by **Anthony Nolan Upshaw**
Adorno & Yoss, LLP
Suite 400
2525 Ponce de Leon Blvd
Miami, FL 33134-6012
305/460-1052
Fax: 305/460-1422
Email: anu@adorno.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**

represented by **Steven A. Edelstein**
Law Office of Steven A. Edelstein
Biltmore Executive Center
1200 Anastasia Ave., Suite 410
Coral Gables, FL 33134-6364
305/444-5660
Email: stevee@saelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane, Inc.**

represented by **M. Stephen Smith**
Rumberger, Kirk & Caldwell, PA
80 SW 8th St - Ste 3000
PO Box 01-9041
Miami, FL 33130
305/358-5577 ext: 5410
Fax: 305/371-7580
Email: ssmith@rumberger.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kaiser Gypsum Company, Inc.**

represented by **Marsad Quraishi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kelly-Moore Paint Company**

represented by **Beranton J. Whisenant , Jr.**
Foley & Mansfield, PLLP
Suite 1000
4770 Biscayne Blvd
Miami, FL 33137
305-438-9899

Fax: 305-438-9819
Email:
bwhisenant@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Virginia Easley Johnson**
Foley & Mansfield, PLLP
Suite 1000
4770 Biscayne Blvd
Miami, FL 33137
305-438-9899
Fax: 305-438-9819
Email: vjohnson@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leslie Controls, Inc.**

**Defendant**

**Maremont Corporation**     represented by   **Evelyn F. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**McCord Corporation**     represented by   **Hugh J. Turner**
Akerman Senterfitt
Suite 1600
350 E Las Olas Blvd
Ft Lauderdale, FL 33301-2229
954/463-2700
Fax: 954-463-2224
Email: hugh.turner@akerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nissan North America, Inc.**     represented by   **Michael James Crist**
*Individually and as a wholly owned*     McGivney and Kluger
*subsidiary of NISSAN MOTOR CO.,*     110 East Broward Blvd., Suite 1580
*LTD.*     Fort Lauderdale, FL 33301
954-848-3681
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owens-Illinois, Inc.**     represented by   **Tracy E. Tomlin**
Nelson Mullins Riley & Scarborough,

LLP
42nd Floor
Bank of America Corporate Center
100 North Tyron Street
Charlotte, NC 28202
704-417-3101
Fax: 704-417-3227
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex LLC**                    represented by   **Henry Salas**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**         represented by   **Robert W. Cockren**
                                                        1221 Avenue of the Americas
                                                        New York, NY 10020
                                                        212-768-6928
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Republic Powdered Metals, Inc.**
*(RPM, INC.), Individually and as*
*successor-in-interest to and/or Alter*
*ego of an/or otherwise responsible for*
*THE REARDON COMPANY and*
*BONDEX INTERNATIONAL*

**Defendant**

**Riley Stoker Corporation**           represented by   **Eric Thompson**
                                                        Bennett Aiello Cohen & Fried
                                                        The Ingraham Bldg.
                                                        25 Southeast Second Avenue
                                                        Suite 808
                                                        Miami, FL 33131
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Stuart L. Cohen**
                                                        Rumberger, Kirk & Caldwell, PA
                                                        80 SW 8th St - Ste 3000
                                                        PO Box 01-9041
                                                        Miami, FL 33130
                                                        305/358-5577
                                                        Fax: 305/371-7580
                                                        Email: scohen@bennettaiello.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SPX Corporation**        represented by  **Marsad Quraishi**
*Individually and as successor to*                            (See above for address)
*DeZURIK, INC.*                                   *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan J. Cole**
Bice Cole Law Firm, PL
Suite 710
999 Ponce de Leon Blvd
Coral Gables, FL 33134
305/444-1225
Fax: 305/446-1598
Email: cole@bicecolelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**3M Company**

**Defendant**

**Toyota Motor Sales, U.S.A., Inc.**    represented by  **M. Stephen Smith**
*Individually and as subsidiary of*                          (See above for address)
*TOYOTA MOTOR CORPORATION*                *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trane U.S. Inc.**               represented by  **Edward J. Briscoe**
*formerly known as*                              (See above for address)
American Standard, Inc.                         *LEAD ATTORNEY*
*formerly known as*                              *ATTORNEY TO BE NOTICED*
American Radiator & Standard Sanitary
Corporation                            **Helaine S. Goodner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**    represented by  **Evelyn F. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viking Pumps, Inc.**         represented by  **Evelyn F. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Volkswagen Group of American, Inc.**      represented by   **Ari Shapiro**
Bennett Aiello Cohen & Fried

*formerly known as*                               The Ingraham Bldg., Suite 808
Volkswagen of America, Inc.,                 22 Southeast 2nd Ave.
Individually and as wholly owned         Miami, FL 33131-1603
subsidiary of VOLKSWAGEN AG          305/358-9011
Fax: 305/958-9012
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart L. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warren Pumps, LLC**              represented by   **Evelyn F. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Weil-McClain Company, Inc.**       represented by   **M. Stephen Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**

**Defendant**

**York-Shipley Global**
*a Division of AESYS TECHNOLOGIES,*
*LLC, ZURN INDUSTRIES, LLC, a/k/a*
*and successor-by-merger to ERIE CITY*
*IRON WORKS*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2010 | 1 | NOTICE OF REMOVAL from in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, case number 10-007398 filed in State Court on 04/05/10. Filing fee $350, receipt number T57810 filed by Elliott Turbomachinery Company, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(LDB) (Entered: 11/02/2010) |
| 10/29/2010 | 2 | COMPLAINT against 3M Company, A.W. Chesterton Company, American Honda Motor Company, Inc., American Optical Corporation, Bayer |

| | | |
|---|---|---|
| | | Cropscience, Inc., Bondex International Inc., Borg Warner Corporation, Buffalo Pumps, Inc., CBS Corporation, CertainTeed Corporation, Cleaver-Brooks, Inc., Crane Co., Dana Companies LLC, Elliott Turbomachinery Company, Inc., Exxonmobil Oil Corporation, Fairbanks Morse Pump Corporation, Federal-Mogul Asbestos Personal Injury Trust, Flowserve Corporation, Ford Motor Company, Ford Motor Company(Individually and parent to, successor to, and/or d/b/a VOLVO PERSONVAGNAR AB), Foster Wheeler Energy Corporation, Garlock Sealing Technology, General Electric Company, Genuine Parts Company, Georgia Pacific LLC, Goulds Pumps, Inc., Green, Tweed & Co., Inc., Honeywell International, Inc., Ingersoll-Rand Company, John Crane, Inc., Kaiser Gypsum Company, Inc., Kelly-Moore Paint Company, Leslie Controls, Inc., Maremont Corporation, McCord Corporation, Nissan North America, Inc., Owens-Illinois, Inc., Pneumo Abex LLC, Rapid American Corporation, Republic Powdered Metals, Inc., Riley Stoker Corporation, SPX Corporation, The Goodyear Tire & Rubber Company, Toyota Motor Sales, U.S.A., Inc., Trane U.S. Inc., Union Carbide Corporation, Viking Pumps, Inc., Volkswagen Group of American, Inc., Warren Pumps, LLC, Weil-McClain Company, Inc., Yarway Corporation, York-Shipley Global with Jury Demand filed in state court on 04/05/10 by Barbara Owens.(LDB) (Entered: 11/02/2010) |
| 10/29/2010 | 3 | ANSWER to 2 Complaint by CBS Corporation.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 4 | ANSWER and affirmative defenses to 2 Complaint by Federal-Mogul Asbestos Personal Injury Trust.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 5 | ANSWER and affirmative defenses to Complaint by Federal-Mogul Asbestos Personal Injury Trust, as successor to the former vellumoid division of federal-mogul.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 6 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by Genuine Parts Company.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 7 | ANSWER and affirmative defenses to 2 Complaint by Ingersoll-Rand Company.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 8 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by Nissan North America, Inc..(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 9 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by Owens-Illinois, Inc..(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 10 | ANSWER and affirmative defenses to 2 Complaint by Rapid American Corporation.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 11 | MOTION to dismiss complaint by American Honda Motor Company, Inc.. (filed in state court 10/20/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 12 | MOTION to dismiss complaint by American Optical Corporation (filed in state court on 10/21/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 13 | MOTION to dismiss complaint by Buffalo Pumps, Inc.. (filed in state court on 10/19/10) (LDB) (Entered: 11/03/2010) |
| | | |

| 10/29/2010 | 14 | MOTION to dismiss complaint and memorandum of law by Cleaver-Brooks, Inc.. (filed in state court on 10/18/10) (LDB) (Entered: 11/03/2010) |
|---|---|---|
| 10/29/2010 | 15 | MOTION to strike 2 Complaint by Cleaver-Brooks, Inc.. (filed in state court on 10/18/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 16 | MOTION to dismiss complaint by SPX Corporation (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 17 | MOTION to dismiss complaint by Elliott Turbomachinery Company, Inc.. (filed in state court on 10/18/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 18 | MOTION to dismiss complaint by Ford Motor Company (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 19 | MOTION to dismiss complaint by Foster Wheeler Energy Corporation(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 20 | MOTION for joinder by Genuine Parts Company (filed in state court on 10/20/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 21 | MOTION to dismiss complaint by General Electric Company (filed in state court on 10/20/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 22 | MOTION to dismiss complaint by Goulds Pumps, Inc. (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 23 | MOTION to dismiss complaint by Georgia Pacific LLC. (filed in state court on 10/18/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 24 | MOTION to dismiss complaint by Green, Tweed & Co., Inc.(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 25 | MOTION to dismiss complaint by John Crane, Inc.(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 26 | MOTION to dismiss complaint by Kaiser Gypsum Company, Inc.(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 27 | MOTION to dismiss complaint by Kelly-Moore Paint Company(filed in state court on 10/20/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 28 | MOTION to dismiss complaint by CertainTeed Corporation, Dana Companies LLC, Maremont Corporation, Union Carbide Corporation, Viking Pumps, Inc., Warren Pumps, LLC. (filed in state court on 10/18/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 29 | MOTION to dismiss complaint by McCord Corporation(filed in state court on 10/21/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 30 | MOTION to dismiss complaint by Exxonmobil Oil Corporation (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 31 | MOTION to dismiss complaint by Pneumo Abex LLC(filed in state court on 10/21/10). (LDB) (Entered: 11/03/2010) |

| 10/29/2010 | 32 | MOTION to dismiss complaint by Riley Stoker Corporation (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 33 | MOTION to dismiss complaint by The Goodyear Tire & Rubber Company (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 34 | MOTION to dismiss complaint by Toyota Motor Sales, U.S.A., Inc. (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 35 | MOTION to dismiss complaint by Trane U.S. Inc.(filed in state court on 10/18/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 36 | MOTION to dismiss complaint by Volkswagen Group of American, Inc.(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 37 | MOTION to dismiss complaint by Weil-McClain Company, Inc.(filed in state court on 10/21/10). (LDB) (Entered: 11/03/2010) |
| 11/03/2010 | 38 | Corporate Disclosure Statement by McCord Corporation Identifying Corporate Parent Textron, Inc. for McCord Corporation.. (Turner, Hugh) (Entered: 11/03/2010) |
| 11/03/2010 | 39 | Corporate Disclosure Statement by American Optical Corporation Identifying Corporate Parent Pfizer Inc. for American Optical Corporation.. (Turner, Hugh) (Entered: 11/03/2010) |
| 11/03/2010 | 40 | MOTION to dismiss Previously Filed In State Court Proceedings *and Notice of Filing Motion to Quash Service* by Honeywell International, Inc.. (Upshaw, Anthony) (Entered: 11/03/2010) |
| 11/03/2010 | 41 | Corporate Disclosure Statement by Honeywell International, Inc.. (Upshaw, Anthony) (Entered: 11/03/2010) |
| 11/04/2010 | 42 | NOTICE of designation under Local Rule 3.05 - track 2 (LS) (Entered: 11/04/2010) |
| 11/04/2010 | 43 | CERTIFICATE of interested persons and corporate disclosure statement by Ford Motor Company. (Salas, Henry) (Entered: 11/04/2010) |
| 11/04/2010 | 44 | DOCUMENT TERMINATED. NOTICE by Elliott Turbomachinery Company, Inc. *Tag-Along Action* (Goodner, Helaine) NOTE: COUNSEL NOTIFIED TO RE-FILE WITH PROPER ATTORNEY LOG IN. Modified on 11/4/2010 (LDB). (Entered: 11/04/2010) |
| 11/04/2010 | 45 | NOTICE by Elliott Turbomachinery Company, Inc. *Tag-Along Action* (Goodner, Helaine) (Entered: 11/04/2010) |
| 11/04/2010 | 46 | NOTICE of Appearance by Richard M. Lauth on behalf of CBS Corporation (Lauth, Richard) (Entered: 11/04/2010) |
| 11/04/2010 | 47 | Corporate Disclosure Statement by CBS Corporation. (Lauth, Richard) (Entered: 11/04/2010) |
| 11/04/2010 | 48 | NOTICE of Appearance by Daniel Alberto Garcia on behalf of Goulds Pumps, Inc. (Garcia, Daniel) (Entered: 11/04/2010) |

| 11/04/2010 | 49 | Corporate Disclosure Statement by Goulds Pumps, Inc.. (Garcia, Daniel) (Entered: 11/04/2010) |
| 11/05/2010 | 50 | Corporate Disclosure Statement by Foster Wheeler Energy Corporation. (Lawson, Tanya) (Entered: 11/05/2010) |
| 11/05/2010 | 51 | NOTICE by CBS Corporation re 1 Notice of removal *CBS Corporation's Notice of Joinder in Removal* (Lauth, Richard) (Entered: 11/05/2010) |
| 11/05/2010 | 52 | NOTICE of Appearance by Timothy Clark on behalf of Cleaver-Brooks, Inc. (Clark, Timothy) (Entered: 11/05/2010) |
| 11/05/2010 | 53 | CERTIFICATE of interested persons and corporate disclosure statement by Cleaver-Brooks, Inc.. (Clark, Timothy) (Entered: 11/05/2010) |
| 11/05/2010 | 54 | NOTICE of Appearance by Virginia Easley Johnson on behalf of Kelly-Moore Paint Company (Johnson, Virginia) (Entered: 11/05/2010) |
| 11/05/2010 | 55 | NOTICE of Appearance by Beranton J. Whisenant, Jr on behalf of Kelly-Moore Paint Company (Whisenant, Beranton) (Entered: 11/05/2010) |
| 11/05/2010 | 56 | Corporate Disclosure Statement by Kelly-Moore Paint Company. (Whisenant, Beranton) (Entered: 11/05/2010) |
| 11/05/2010 | 57 | NOTICE of Appearance by Helaine S. Goodner on behalf of Elliott Turbomachinery Company, Inc. (Goodner, Helaine) (Entered: 11/05/2010) |
| 11/05/2010 | 58 | Corporate Disclosure Statement by Elliott Turbomachinery Company, Inc.. (Goodner, Helaine) (Entered: 11/05/2010) |
| 11/05/2010 | 59 | NOTICE of Appearance by Helaine S. Goodner on behalf of Trane U.S. Inc. (Goodner, Helaine) (Entered: 11/05/2010) |
| 11/05/2010 | 60 | Corporate Disclosure Statement by Trane U.S. Inc.. (Goodner, Helaine) (Entered: 11/05/2010) |
| 11/05/2010 | 61 | CERTIFICATE of interested persons and corporate disclosure statement by Pneumo Abex LLC. (Salas, Henry) (Entered: 11/05/2010) |
| 11/05/2010 | 62 | MOTION to stay of Proceedings and Supporting Memorandum of Law by Elliott Turbomachinery Company, Inc.. (Goodner, Helaine) (Entered: 11/05/2010) |
| 11/05/2010 | 63 | NOTICE of Appearance by Edward J. Briscoe on behalf of Elliott Turbomachinery Company, Inc. (Briscoe, Edward) (Entered: 11/05/2010) |
| 11/05/2010 | 64 | NOTICE of Appearance by Edward J. Briscoe on behalf of Trane U.S. Inc. (Briscoe, Edward) (Entered: 11/05/2010) |
| 11/05/2010 | 65 | NOTICE of Appearance by M. Stephen Smith, III on behalf of Green, Tweed & Co., Inc. (Smith, M.) (Entered: 11/05/2010) |
| 11/05/2010 | 66 | NOTICE of Appearance by M. Stephen Smith, III on behalf of Weil-McClain Company, Inc. (Smith, M.) (Entered: 11/05/2010) |
| 11/05/2010 | 67 | NOTICE of Appearance by M. Stephen Smith, III on behalf of John Crane, |

|  |  | Inc. (Smith, M.) (Entered: 11/05/2010) |
|---|---|---|
| 11/05/2010 | 68 | NOTICE of Appearance by M. Stephen Smith, III on behalf of Toyota Motor Sales, U.S.A., Inc. (Smith, M.) (Entered: 11/05/2010) |
| 11/05/2010 | 69 | NOTICE of Appearance by Rebecca Kibbe on behalf of Crane Co. (Kibbe, Rebecca) (Entered: 11/05/2010) |
| 11/05/2010 | 70 | Corporate Disclosure Statement by Crane Co.. (Kibbe, Rebecca) (Entered: 11/05/2010) |
| 11/05/2010 | 71 | MOTION to dismiss Plaintiff's Complaint (previously filed in State Court on 10/18/10) by Crane Co.. (Kibbe, Rebecca) (Entered: 11/05/2010) |
| 11/08/2010 | 72 | ORDER: Defendant Elliott Turbomachinery Company, Inc.'s Motion for Stay of Proceedings 62 is GRANTED. The Clerk is directed to STAY AND ADMINISTRATIVELY CLOSE this case until such time as the Judicial Panel on Multidistrict Litigation has dispositively ruled as to whether this case will be transferred to the consolidated multidistrict litigation in the United States District Court for the Eastern District of Pennsylvania. The parties shall immediately inform the Court when the Panel has made its final ruling. Signed by Judge Virginia M. Hernandez Covington on 11/8/2010. (KAK) (Entered: 11/08/2010) |
| 11/08/2010 | 73 | CERTIFICATE of interested persons and corporate disclosure statement by American Honda Motor Company, Inc.. (Salas, Henry) (Entered: 11/08/2010) |
| 11/08/2010 | 74 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by Borg Warner Corporation.(Hollingshead, Jonathan) (Entered: 11/08/2010) |
| 11/08/2010 | 75 | Corporate Disclosure Statement by Borg Warner Corporation. (Hollingshead, Jonathan) (Entered: 11/08/2010) |
| 11/08/2010 | 76 | NOTICE by Kelly-Moore Paint Company *of Joinder in Defendant, Greene, Tweed & Co.'s Motion to Dismiss Plaintiff's Original Complaint* (Whisenant, Beranton) (Entered: 11/08/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/09/2010 09:53:27 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:10-cv-02430-VMC-TGW |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

# EXHIBIT A
# TO
# NOTICE OF
# TAG-ALONG
# ACTION

IN THE CIRCUIT COURT OF THE
13th JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

BARBARA OWENS, Individually and
As Personal Representative of the
Estate of RUSSELL OWENS,

GENERAL JURISIDICTION

CASE NO.:  **10  007398**

Plaintiff,

𝓩

-vs-

AMERICAN HONDA MOTOR COMPANY, INC.,
AMERICAN OPTICAL CORPORATION,
A.W. CHESTERTON COMPANY,
BAYER CROPSCIENCE, INC., f/k/a AVENTIS CROPSCIENCE USA, INC. f/k/a RHONE
    POULENC AG COMPANY, INC. f/k/a RHONE POULENC, INC. f/k/a UNION
    CARBIDE AGRIGULTURAL PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC., A
    Successor To BENJAMIN FOSTER COMPANY,
BONDEX INTERNATIONAL, INC., a subsidiary of BONDEX COMPANY,
BORG WARNER CORPORATION,
BUFFALO PUMPS, INC.,
CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM INC., successor by merger to
    CBS CORPORATION, a Pennsylvania Corporation, f/k/a WESTINGHOUSE
    ELECTRIC CORPORATION,
CERTAINTEED CORPORATION,
CLEAVER-BROOKS, INC.,
CRANE CO.,
DANA COMPANIES LLC, f/k/a DANA CORPORATION,
ELLIOTT TURBOMACHINERY COMPANY, INC.,
EXXONMOBIL OIL CORPORATION,
FAIRBANKS MORSE PUMP CORPORATION,
FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT-
    PRODUCTS MANUFACTURING CO. and as successor to the former VELLUMOID
    Division of FEDERAL-MOGUL,
FLOWSERVE CORPORATION, f/k/a DURAMETALLIC CORPORATION,
FORD MOTOR COMPANY,
FORD MOTOR COMPANY, Individually and parent to, successor to, and/or d/b/a VOLVO
    PERSONVAGNAR AB
FOSTER WHEELER ENERGY CORPORATION, f/k/a FOSTER WHEELER
    CORPORATION,
GARLOCK SEALING TECHNOLOGY f/k/a GARLOCK, INC.,
GENERAL ELECTRIC COMPANY,
GENUINE PARTS COMPANY,
GEORGIA PACIFIC LLC, f/k/a GEORGIA PACIFIC CORPORATION,
THE GOODYEAR TIRE & RUBBER COMPANY,
GOULDS PUMPS, INC., a subsidiary of ITT INDUSTRIES, INC.,
GREEN, TWEED & CO., INC.,

**RECEIVED**

**APR 0 5 2010**

CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

1

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to
    ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION,
INGERSOLL-RAND COMPANY,
JOHN CRANE, INC.,
KAISER GYPSUM COMPANY, INC.,
KELLY-MOORE PAINT COMPANY,
LESLIE CONTROLS, INC.,
MAREMONT CORPORATION,
MCCORD CORPORATION,
NISSAN NORTH AMERICA, INC., Individually and as a wholly owned subsidiary of NISSAN
    MOTOR CO., LTD.,
OWENS-ILLINOIS, INC.,
PNEUMO ABEX LLC, a successor in interest to PNEUMO ABEX CORPORATION,
RAPID AMERICAN CORPORATION,
REPUBLIC POWDERED METALS, INC. (RPM, INC.), Individually and as successor-in-
    interest to and/or Alter ego of and/or otherwise responsible for THE REARDON
    COMPANY and BONDEX INTERNATIONAL,
RILEY STOKER CORPORATION,
SPX CORPORATION, Individually and as successor to DeZURIK, INC.,
3M COMPANY,
TOYOTA MOTOR SALES, U.S.A., INC., Individually and as subsidiary of TOYOTA MOTOR
    CORPORATION,
TRANE U.S. INC., f/k/a AMERICAN STANDARD, INC., f/k/a AMERICAN RADIATOR &
    STANDARD SANITARY CORPORATION,
UNION CARBIDE CORPORATION,
VIKING PUMPS, INC.,
VOLKSWAGEN GROUP OF AMERICA, INC., f/k/a VOLKSWAGEN OF AMERICA, INC.,
    Individually and as wholly owned subsidiary of VOLKSWAGEN AG,
WARREN PUMPS, LLC,
WEIL-MCCLAIN COMPANY, INC.,
YARWAY CORPORATION,
YORK-SHIPLEY GLOBAL, a Division of AESYS TECHNOLOGIES, LLC,
ZURN INDUSTRIES, LLC, a/k/a and successor-by-merger to ERIE CITY IRON WORKS,

    Defendants.

_____/

## COMPLAINT FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, BARBARA OWENS, Individually and as Personal

Representative of the Estate of RUSSELL OWENS, and files her Amended Complaint for

Wrongful Death against the above named Defendants and alleges as follows:

    1.    Plaintiff's action is an action for damages in excess of the sum of FIFTEEN

THOUSAND AND NO/100 ($15,000.00) DOLLARS.

2.     Barbara Owens is the surviving spouse, Personal Representative of the Estate of Russell Owens, and the Plaintiff herein.

3.     Russell Owens was diagnosed with lung cancer resulting from exposure to asbestos-containing products manufactured, sold, supplied and/or distributed by all Defendants named above.

4.     Venue is proper in the county in which this Circuit Court sits as several of the Defendants, including FORD MOTOR COMPANY, AMERICAN HONDA MOTOR COMPANY, INC., NISSAN NORTH AMERICA, INC., and VOLKSWAGEN GROUP OF AMERICA, INC. have agents and/or representatives in Hillsborough County.

5.     Russell Owens died from lung cancer on April 4, 2008.

6.     "Products" as used in this complaint means all products and/or other parts or components that contained or included asbestos or asbestos-containing components in whole or in any mixture with other materials manufactured, marketed, sold, distributed and/or supplied by the Defendants.

7.     During his lifetime, decedent purchased, worked with and was exposed to asbestos on, from or in products manufactured, sold, supplied and/or distributed by each of the above-named Defendants, individually or through its predecessors or subsidiaries.

8.     Decedent purchased, worked with and used Defendants' products in the intended manner, without significant change in the products' condition, and being unaware of the dangerous properties of asbestos, relied on the Defendants' instructions as to proper methods of handling the products.

9.     Decedent's exposure to and inhalation of asbestos fibers from Defendants' products caused decedent to contract lung cancer.  Plaintiff's alleged causes of action arise out of, or are incidental to each Defendants' interstate, intrastate and international business ventures conducted in the United States including Florida.

3

## DEFENDANTS

10.     Defendant, AMERICAN HONDA MOTOR COMPANY, INC., is a California corporation with its principal place of business located in California.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

11.     Defendant, AMERICAN OPTICAL CORPORATION, is a Delaware corporation with its principal place of business located in Delaware.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

12.     Defendant, A.W. CHESTERTON COMPANY, is a Massachusetts corporation with its principal place of business located in Massachusetts.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

13.     Defendant, BAYER CROPSCIENCE USA, INC. f/k/a AVENTIS CROPSCIENCE USA, INC. f/k/a RHONE POULENC AG COMPANY, INC. f/k/a RHONE POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC. a successor to BENJAMIN FOSTER COMPANY, is a Delaware corporation with its principal place of business located in North Carolina.  At all times material to this cause of action, Defendant

4

manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

14.     Defendant, BONDEX INTERNATIONAL, INC., a subsidiary of BONDEX COMPANY, is an Ohio corporation with its principal place of business located in Missouri. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

15.     Defendant, BORG WARNER CORPORATION, is a Delaware corporation with its principal place of business located in Michigan. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

16.     Defendant, BUFFALO PUMPS, INC., is a Delaware corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

17.     Defendant, CBS CORPORATION, f/k/a VIACOM, INC. successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a Delaware

corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

18.     Defendant, CERTAINTEED CORPORATION, is a Delaware corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

19.     Defendant, CLEAVER-BROOKS, INC., is a Delaware corporation with its principal place of business located in Connecticut. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

20.     Defendant, CRANE COMPANY, is a Delaware corporation with its principal place of business located in Connecticut. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

6

21.     Defendant, DANA COMPANIES LLC, f/k/a DANA CORPORATION, is a Virginia corporation with its principal place of business located in Ohio.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

22.     Defendant ELLIOTT TURBOMACHINERY COMPANY, INC., is a Delaware corporation with its principal place of business located in Pennsylvania.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

23.     Defendant, EXXONMOBIL OIL CORPORATION, is a Texas corporation with its principal place of business located in Texas.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

24.     Defendant, FAIRBANKS MORSE PUMP CORPORATION, is a Kansas corporation with its principal place of business located in Kansas.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

7

25.     Defendant, FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT-PRODUCTS MANUFACTURING CO. and as successor to the former VELLUMOID Division of FEDERAL-MOGUL, is a Delaware corporation with its principal place of business located in Delaware. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

26.     Defendant, FLOWSERVE CORPORATION, f/k/a DURAMETALLIC CORPORATION, is a Delaware corporation with its principal place of business located in Texas. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

27.     Defendant, FORD MOTOR COMPANY, is a Delaware corporation with its principal place of business located in Michigan.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

28.     Defendant, FORD MOTOR COMPANY, Individually and parent to, successor to, and/or d/b/a VOLVO PERSONVAGNAR AB, is a Delaware corporation with its principal place of business located in Michigan.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States,

including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

29.    Defendant, FOSTER WHEELER ENERGY CORPORATION, f/k/a FOSTER WHEELER CORPORATION, is a Delaware corporation with its principal place of business located in New Jersey. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

30.    Defendant, GARLOCK SEALING TECHNOLOGY f/k/a GARLOCK, INC., is a New York corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

31.    Defendant, GENERAL ELECTRIC COMPANY, is a New York corporation with its principal place of business located in Connecticut. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

32.    Defendant, GENUINE PARTS COMPANY, is a Georgia corporation with its principal place of business located in Georgia. At all times material to this cause of action,

9

Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

33. Defendant, GEORGIA PACIFIC LLC, f/k/a GEORGIA PACIFIC CORPORATION, is a Georgia corporation with its principal place of business located in Georgia. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

34. Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, is an Ohio corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

35. Defendant, GOULDS PUMPS, INC., a subsidiary of ITT INDUSTRIES, INC., is a New York corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

36. Defendant, GREEN, TWEED & CO., INC., is a New York corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action,

10

Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

37.    Defendant, HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor- in-interest to ALLIED CORPORATION, as successor-in-interest to THE BENDIX CORPORATION, is a Delaware corporation with its principal place of business located in New Jersey.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

38.    Defendant, INGERSOLL-RAND COMPANY, is a New Jersey corporation with its principal place of business located in New Jersey.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

39.    Defendant, JOHN CRANE, INC., is a Delaware corporation with its principal place of business located in Illinois.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

11

40.     Defendant, KAISER GYPSUM COMPANY, INC., is a Washington corporation with its principal place of business located in California.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

41.     Defendant, KELLY-MOORE PAINT COMPANY, is a California corporation with its principal place of business located in California.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

42.     Defendant, LESLIE CONTROLS, INC., is a New Jersey corporation with its principal place of business located in Florida.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

43.     Defendant, MAREMONT COPRORATION, is a Delaware corporation with its principal place of business located in Tennessee.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

12

44.     Defendant, MCCORD CORPORATION, is a Delaware corporation with its principal place of business located in Michigan.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

45.     Defendant, NISSAN NORTH AMERICA, INC., is a California corporation with its principal place of business located in California.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

46.     Defendant, OWENS-ILLINOIS, INC. f/k/a OWENS BOTTLE MACHINE CORP f/k/a OWENS BOTTLE CO f/k/a OWENS-ILLINOIS GLASS CO., is a Delaware corporation with its principal place of business located in Ohio.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

47.     Defendant, PNEUMO ABEX LLC, is a Delaware corporation with its principal place of business located in New York.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing

Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

48.    Defendant, RAPID AMERICAN CORPORATION, is an Ohio corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

49.    Defendant, REPUBLIC POWDERED METALS, INC. (RPM, INC.) Individually and as success-in-interest to and/or Alter ego of and/or otherwise Responsible for THE REARDON COMPANY AND BONDEX INTERNATIONAL, is an Ohio corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

50.    Defendant, RILEY STOKER CORPORATION, is a Massachusetts corporation with its principal place of business located in Massachusetts. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

51.    Defendant, SPX CORPORATION, Individually and as Successor to DeZURIK, INC., is a Delaware corporation with its principal place of business located in North Carolina. At

14

all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

52.    Defendant, 3M COMPANY, is a Delaware corporation with its principal place of business located in Minnesota.    At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

53.    Defendant, TOYOTA MOTOR SALES, U.S.A, INC., is a California corporation with its principal place of business located in California.    At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

54.    Defendant, TRANE U.S. INC., f/k/a AMERICAN STANDARD, INC., f/k/a AMERICAN RADIATOR & STANDARD SANITARY CORPORATION, is a Delaware corporation with its principal place of business located in New Jersey.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

55.     Defendant, UNION CARBIDE CORPORATION is a New York corporation with its principal place of business located in Connecticut.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

56.     Defendant, VIKING PUMPS, INC., is a Delaware corporation with its principal place of business located in Iowa.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

57.     Defendant, VOLKSWAGEN GROUP OF AMERICA, INC., f/k/a VOLKSWAGEN OF AMERICA, INC., Individually and as wholly owned subsidiary of VOLKSWAGEN AG, is a New Jersey corporation with its principal place of business located in Delaware.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death.  Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

58.     Defendant, WARREN PUMPS, LLC, is a Delaware corporation with its principal place of business located in Massachusetts.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing

Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

59.     Defendant, WEIL-MCLAIN COMPANY, INC., a division of THE MARLEY-WYLAIN COMPANY, is a Delaware corporation with its principal place of business located in Kansas. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

60.     Defendant, YARWAY CORPORATION, is a Pennsylvania corporation with its principal place of business located in Texas. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

61.     Defendant, YORK-SHIPLEY GLOBAL, a Division of AESYS TECHNOLOGIES, LLC, is a Pennsylvania corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

62.     Defendant, ZURN INDUSTRIES, LLC, a/k/a and successor by merger to ERIE CITY IRON WORKS, is a Pennsylvania corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or

distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's lung cancer and eventual death. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

63.  Each of the above Defendants is either a foreign or domestic corporation that now conducts or has conducted significant revenue-producing business in Florida. Defendants have derived substantial revenue from intrastate and interstate commerce and could reasonably expect their sale and distribution of asbestos-containing or asbestiform contaminated products to have consequences in Florida or any other state. Defendants' commercial activities in Florida were not isolated and Defendants have maintained sufficient contacts with Florida and/or transacted substantial revenue-producing business in Florida to subject it to the jurisdiction of this Court pursuant to Florida Statutes § 48.181, § 48.182, or § 48.193.

64.  The above-named Defendants have, at all times material to this cause of action, through their agents, officers and representatives, operated, conducted, engaged in and carried on a business venture in Florida; maintained an office or agency in this state; solicited business or provided service activities within this state, and/or committed a tortious act within the state by manufacturing, selling and disseminating to the public inherently dangerous products: 1) Without testing said products to determine their harmful effects on persons coming in contact with said products; and 2) By failing to take any reasonable precautions or to exercise reasonable care to adequately or sufficiently warn decedent and other persons similarly situated, of the risks, dangers and harm of contracting asbestosis, lung cancer and other forms of cancers, through exposure to, contact with, use of, handling and/or manipulation of Defendants' products and the consequent inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said products.

18

65.     Defendants' tortious conduct, including but not limited to failure to warn and/or the manufacture, sale and/or distribution of defective products, is continuing and presently existing; arose from Defendants acts and/or omissions which occurred inside and outside of Florida during the relevant period; and proximately caused Plaintiff's present injuries.

## COUNT I: NEGLIGENCE

Plaintiff adopts, realleges and incorporates the allegations in paragraphs 1 through 65 above, and further alleges the following:

66.     While working with or around Defendants' products, decedent inhaled asbestos fibers contained within, on and emitted from Defendants' products, causing decedent to eventually develop and die from lung cancer. Each exposure to Defendants' products, which were connected to and incidental to Defendants' manufacture, sale, supply and/or distribution of its products, was harmful and substantially contributed in causing decedent's lung cancer.

67.     The aforementioned injuries and disabilities of decedent are the direct and proximate cause of the negligence of the Defendants and/or their predecessors-in-interest or subsidiaries, in that Defendants produced, sold and/or otherwise placed into the stream of intrastate and interstate commerce products which Defendants knew, or, in the exercise of ordinary care should have known, were deleterious and highly harmful to decedent's health and well being, and yet did nothing to advise the decedent of this information.

68.     Before designing, manufacturing, selling and/or distributing their products, to which decedent was exposed, each Defendant knew, or in the exercise of reasonable care should have known, that decedent and/or others similarly situated would purchase, use and be exposed to asbestos from using their products by inhaling asbestos fibers emitted or released from the same.

69.     At all times material to this cause of action Defendants' products contained latent characteristics and/or design defects at the time of manufacture and decedent's exposure, and each

Defendant knew, or should have known that decedent's exposures to their products was harmful and could cause serious injuries including, but not limited to, asbestosis, lung cancer, mesothelioma and/or other forms of cancer.

70.     Each Defendant also knew, or should have known, that its products would be used by and around decedent, or those similarly situated, without inspection for these defects and furthermore, that any such inspection would not have revealed the asbestos fibers or underlying danger contained in each Defendant's products; or that exposure to the same could cause severe injury and eventually death. These facts, known to or readily ascertainable by the Defendants, made each Defendant's products inherently and unreasonably dangerous in that decedent could not know nor contemplate the dangers of inhaling asbestos fibers from, in or on Defendants' products that decedent used or was exposed to during his lifetime and daily life.

71.     Each Defendant who was in the business of manufacturing, selling and/or distributing products during the times pertinent to this suit, was negligent and/or failed to exercise reasonable care in one, some and/or all of the following respects, the same being the proximate cause of decedent's injuries and death:

a. In failing to adequately warn decedent of the dangerous characteristics of products and replacement products in that each Defendant failed to warn decedent that he could develop fatal injuries including, but not limited to, asbestosis, mesothelioma and/or other forms of cancer, as a result of being exposed to asbestos emitted from each Defendants' products.

b. In failing to place adequate warnings on or in the containers of said products to warn of the dangers to one's health of coming in contact with said asbestos and/or asbestos-containing materials and of the gravity of the risk and extent of danger that decedent was exposing himself by working with and being exposed to said products.

20

c.  In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of using, handling and installing the products.

d.  In failing to develop and utilize a substitute material to eliminate asbestos fibers in the products manufactured, sold and distributed.

e.  In failing to utilize the available substitute materials for asbestos fibers in the products mined, milled, manufactured, sold and distributed.

f.  In continuing to manufacture, sell and otherwise distribute products when each Defendant knew at the time of said manufacture, sale and/or distribution of said products that such products caused injuries including, but not limited to, mesothelioma, asbestosis and/or other forms of cancer, to those persons exposed to said products.

g.  In affirmatively misrepresenting to decedent and other members of the public in advertising, by labels and otherwise, that the products manufactured, sold and/or distributed were safe in their ordinary and foreseeable use, which material misrepresentation induced decedent to unknowingly expose himself to the hazards of developing injuries including, but not limited to, asbestosis, mesothelioma and/or other forms of cancer.

h.  In failing to adequately test their respective products before offering them for sale and use so that decedent and other persons similarly situated would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said products and thereby expose himself to the development of fatal injuries including, but not limited to, asbestosis, mesothelioma and/or other forms of cancer as a result of such inhalation of the asbestos dust and fibers.

WHEREFORE, Plaintiff prays for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs

21

expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show to be justly entitled.

## COUNT II: STRICT LIABILITY

The Plaintiff adopts, realleges and incorporates the allegations in paragraphs 1 through 65, and further alleges the following matters:

72.     Each Defendant, their predecessors-in-interest and/or their alter egos are and/or have been a manufacturer, distributor, supplier, retailer, wholesaler and/or assembler of products used with or containing asbestos.

73.     The products complained of were designed, manufactured, distributed, supplied, and/or sold by each of the Defendants and used by and/or in the vicinity of the Decedent during his lifetime.

74.     Defendants manufactured, distributed, supplied, sold and/or otherwise placed into the stream of commerce and/or caused to be placed into the stream of commerce their products.

75.     Plaintiff alleges that the Decedent used, was around and was exposed to each Defendant's products during his lifetime, during which time asbestos fibers from or on Defendants' products were liberated into the air and inhaled by Decedent eventually causing his lung cancer and eventual death.

76.     At the time the Defendants designed, manufactured, distributed, supplied, and/or sold the aforesaid products, such products were expected to, and did, reach decedent in a condition without substantial change from that in which such products were when within the possession of Defendants.

77.     Defendants' products to which Decedent was exposed were used in the manner in which they were intended.

78.     When used, Defendants' products failed to perform as safely as Decedent expected in that the products released respirable asbestos fibers causing Decedent's lung cancer and his eventual and unfortunate death.

22

79.     Defendants' products were, by reason of their design, in a condition unreasonably dangerous to users and/or bystanders, such as Decedent, as Defendants' products were dangerous beyond the expectation of the ordinary user/consumer/bystander when used as intended or in a manner reasonably foreseeable; and because the risk of danger to users and/or bystanders, such as Decedent, outweighed the benefits of the design.

80.     Defendants' products were in a defective condition and unreasonably dangerous, in that those products:

a.  Did not provide an adequate warning of the potential harm that might result from exposure to asbestos and/or asbestos containing dust and, alternatively, did not have adequate instructions for safe use of the products;

b.  Did not contain proper respirators to protect users and/or bystanders, such as decedent, from the potential harm that might result from exposure to asbestos and/or asbestos containing dust;

c.  Did not have warnings to persons, such as Decedent, who had been, or reasonably may have been, exposed to Defendants' products, of their disease potential, the proper steps to take to reduce the harmful effects of previous exposure, the need to have periodic chest x-rays and medical examinations including the giving of histories which revealed the details of the previous exposure, and the need to have immediate and vigorous medical treatment for all respiratory problems;

d.  By design contained asbestos,  a substance deleterious, poisonous, and highly harmful to Decedent; or

e.  Contained asbestos when and after it became feasible to design, manufacture and market reasonably comparable products not containing asbestos fibers.

23

81.     Decedent, unaware of the defective and unreasonably dangerous condition of the Defendants' products at a time when such products were being used for the purposes for which they were intended, was exposed to asbestos contained in Defendants' asbestos-containing products, causing his lung cancer and death, making Defendants' products unsafe for the purpose of handling, installation and removal of the same.

82.     Each Defendant knew that their products would be used without inspection for defects, and by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include the safe handling, installation and replacement of said asbestos products.

83.     As a direct and proximate result of the product defects as described herein, Decedent was caused to contract diseases and injuries to his body, including lung cancer and/or other diseases, causing decedent pain, suffering, and mental anguish.

84.     Defendants' products were also unreasonably dangerous because a less dangerous alternative, substitute and/or modification was economically feasible and readily available.  Plaintiff alleges that there were substitute materials for asbestos fibers known to each Defendant and unknown to the Decedent, which could have been used by each Defendant in designing and manufacturing their products which Decedent handled, used, and was exposed.  Being in the business of manufacturing, selling and/or distributing products during the times pertinent to this suit, and being considered an expert in its field, each Defendant knew or should have known that Decedent or others similarly situated would come in contact with their asbestos-containing products, and would be exposed to asbestos by inhaling the asbestos fibers contained in each of their products, eventually causing fatal injury including, but not limited to, asbestosis, mesothelioma and/or other forms of cancer.

24

WHEREFORE, Plaintiff prays for judgment against the defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## DAMAGES

The Plaintiffs adopt, reallege and incorporate the allegations in paragraphs 1 through 84 above, and further allege the following:

85.     As a direct and proximate result of all of the foregoing allegations and injuries, Plaintiff has suffered, and will continue to suffer from the loss of Decedent's services, support, income, companionship, protection, consortium and the care and comfort of his society.

86.     As a direct and proximate result of all of the foregoing allegations and injuries, and from the date of Decedent's injuries Plaintiff has also sustained severe mental pain, grief and suffering as a result of decedent's injuries and death and will suffer such losses into the future.

87.     As a direct and proximate result of the aforesaid, Plaintiff and/or decedent's Estate were obliged to spend various sums of money to treat Decedent's injuries and are obliged for the expenses of same.

88.     As a direct and proximate result of the aforesaid, Plaintiff and/or Decedent's Estate were obliged to spend various sums of money for Decedent's funeral expenses.

89.     As a direct and proximate result of the aforesaid, Decedent's Estate has lost and will continue to lose earnings, net income and net accumulations of Decedent.

WHEREFORE, Plaintiff prays for judgment against the defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show to be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

DATE: 4/1/10

Respectfully submitted,

THE FERRARO LAW FIRM, P.A.
*Attorneys for Plaintiffs*
4000 Ponce de Leon Boulevard, Suite #700
Miami, Florida 33146
Telephone (305) 375-0111
Facsimile (305) 379-6222

By:

DAVID A. JAGOLINZER, ESQ.
Florida Bar No. 181153
ADAM WARDEN, ESQ.
Florida Bar No. 873691

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| | |
|---|---|
| *Manufacturer:* | **AMERICAN HONDA MOTOR CO., INC., Individually and as wholly owned subsidiary of HONDA MOTOR CO., LTD.,** |
| *Products:* | *Vehicles, Gaskets, Brakes, and Clutches* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| *Manufacturer:* | **AMERICAN OPTICAL CORPORATION,** |
| *Products:* | *Asbestos Gloves, Clothing, Masks, and Various Asbestos-containing Products* |

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| *Manufacturer:* | **A.W. CHESTERTON COMPANY** |
| *Products:* | ***Asbestos-Containing Packing & Gaskets*** |

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

| | |
|---|---|
| *Manufacturer:* | **BAYER CROPSCIENCE, INC., f/k/a AVENTIS CROPSCIENCE USA,  INC. f/k/a RHONE POULENC AG COMPANY, INC. f/k/a RHONE POULENC, INC. f/k/a UNION CARBIDE AGRIGULTURAL  PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC., A Successor To BENJAMIN FOSTER COMPANY,** |
| **Products:** | *Cements, Sprays, Mastics and Sealants* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
Russell Owens, et al.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**   **BONDEX INTERNATIONAL, INC.,**

- **Products:**   **Asbestos-Containing Joint Cements, Joint Compounds, Putties Mastics & Patching Compounds**

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**   **BORG WARNER CORPORATION**

*Products:*   *Asbestos-containing brakes, clutches and transmissions*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*     **BUFFALO PUMPS, INC.**

Products:        *Asbestos-Containing Pumps, Gaskets and Packing*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**   **CBS CORPORATION, f/k/a VIACOM INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION**

**Products:**   *Asbestos-Containing Turbines, Pumps, Gaskets, and Valves*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*      **CERTAINTEED CORPORATION,**

*Products:*      *Asbestos-Containing Boilers, Valves, Pumps, Gaskets & Pumps*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

---

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| *Manufacturer:* | **CLEAVER BROOKS, INC.** |
| *Products:* | *Asbestos-Containing Boilers* |

| Jobsite | City and State | Dates of Exposure |
| --- | --- | --- |
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*  **CRANE CO.**

*Products:*  ***Asbestos-Containing Boilers, Valves, Pumps, Gaskets & Pumps***

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

## Exposure Sheets
RUSSELL OWENS, ET AL.

**THE FERRARO LAW FIRM, P.A.**
April 1, 2010

---

*Manufacturer:*  **DANA COMPANIES LLC, f/k/a DANA CORPORATION**

*Products:*  *Asbestos-Containing Gaskets*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

---

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| *Manufacturer:* | **ELLIOTT TURBOMACHINERY COMPANY, INC.** |
| *Products:* | *Turbines, boilers* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*     **EXXONMOBIL OIL CORPORATION**

*Products:*     ***Dum-Dum Cement, Plastics and Adhesives***

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**   **FAIRBANKS MORSE PUMPS CORPORATION**

*Products:*   *Asbestos-containing pumps, gaskets, and packing*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

---

**Exposure Sheets**
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| *Manufacturer:* | **FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT-PRODUCTS MANUFACTURING CO. and as successor to the former VELLUMOID division of FEDERAL-MOGUL,** |
|---|---|

| Products: | *Asbestos Containing Gaskets* |
|---|---|

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*     **FLOWSERVE CORPORATION, f/k/a DURAMETALLIC CORPORATION**

*Products:*         *Packing, Gaskets and Valves*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| | |
|---|---|
| *Manufacturer:* | **FORD MOTOR COMPANY** |
| **Products:** | *Asbestos-Containing Vehicles, Brakes, Clutches, Gaskets and Mufflers* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

*Manufacturer:*   **FORD MOTOR COMPANY, Individually and parent to, successor to, and/or d/b/a VOLVO PERSONVAGNAR AB**

Products:   *Asbestos-Containing Vehicles, Brakes, Clutches, Gaskets and Mufflers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**  **FOSTER WHEELER ENERGY CORPORATION, f/k/a FOSTER WHEELER CORPORATION**

**Products:**  *Asbestos-Containing Boilers, Evaporators, Refractories*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**   **GARLOCK SEALING TECHNOLOGY, f/k/a GARLOCK, INC.**

**Products:**   *Asbestos-Containing Gaskets and Packing*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **GENERAL ELECTRIC COMPANY**

**Products:**   *Asbestos-Containing Turbines, Generators, Windlasses, Insulation, Engines*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**    **GENUINE PARTS COMPANY**

**Products:**    *Asbestos-Containing Brakes, Clutches & Gaskets*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**     **GEORGIA-PACIFIC LLC., f/k/a GEORGIA-PACIFIC CORPORATION**

**Products:**     **Asbestos-Containing Ceiling Texture, Joint Compound, Topping Compound, Plaster Mix & Wall Board**

| *Jobsite* | *City and State* | *Dates of Exposure* |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**     **THE GOODYEAR TIRE & RUBBER COMPANY**

*Products:*     *Asbestos-Containing Gaskets & Packing*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **GOULDS PUMPS, INC., a subsidiary of ITT INDUSTRIES, INC.**

**Products:**   *Asbestos-Containing Pumps, Gaskets and Packing*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

**Manufacturer:**   **GREEN, TWEED & CO., INC.**

*Products:*   *Asbestos-Containing gaskets, packing's and cloth*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION,**

*Products:*   *Asbestos-Containing automobile parts, including but limited to brakes and clutches*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **INGERSOLL-RAND COMPANY**

**Products:**   *Pumps and compressors*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| Manufacturer: | JOHN CRANE, INC. |
|---|---|

**Products:**   *Asbestos-Containing Packing, Gaskets, & Valves*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

## Exposure Sheets
RUSSELL OWENS, ET AL.

**THE FERRARO LAW FIRM, P.A.**
April 1, 2010

---

**Manufacturer:**   **KAISER GYPSUM COMPANY,**

**Products:**   *Joint Compounds, Wall and Ceiling Spray/Texture*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **KELLY-MOORE PAINT COMPANY,**

*Products:*   *Joint compounds, cement, ceiling texture, textured paint*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

---

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

| *Manufacturer:* | **LESLIE CONTROLS, INC.** |
|---|---|
| *Products:* | ***Valves, steam and thermal fluid controls, control instrumentation, steam conditioning systems, steam water heaters, regulators*** |

| <u>Jobsite</u> | <u>City and State</u> | <u>Dates of Exposure</u> |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **MAREMONT CORPORATION,**

**Products:**   *Asbestos Containing Brakes, Mufflers & Gaskets*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**   **MCCORD CORPORATION**

*Products:*       *Gaskets*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**   **NISSAN NORTH AMERICA, INC., Individually and as a wholly owned subsidiary of NISSAN MOTOR CO., LTD.**

**Products:**   *Asbestos-Containing Brakes, Gaskets, Clutches*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| *Manufacturer:* | **OWENS-ILLINOIS, INC.** |
| *Products:* | *Kaylo PC and Block* |

| **Jobsite** | **City and State** | **Dates of Exposure** |
| --- | --- | --- |
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

## *Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.

April 1, 2010

---

**Manufacturer:**     **PNEUMO ABEX LLC, a successor in interest to PNEUMO ABEX CORPORATION,**

**Products:**     *Brake and Clutch Materials*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| | |
|---|---|
| *Manufacturer:* | **RAPID AMERICAN CORPORATION** |
| *Products:* | *Asbestos-Containing Insulation* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

**Manufacturer:**   **REPUBLIC POWDERED METALS, INC. (RPM, INC.), Individually and as successor-in-interest to and/or alter ego of and/or otherwise responsible for THE REARDON COMPANY and BONDEX INTERNATIONAL**

**Products:**   *Asbestos-Containing joint compounds, cements and patching*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

*Manufacturer:*   **RILEY STOKER CORPORATION,**

*Products:*   *Asbestos-Containing Boilers*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

## Exposure Sheets
RUSSELL OWENS, ET AL.

**THE FERRARO LAW FIRM, P.A.**
April 1, 2010

| | |
|---|---|
| *Manufacturer:* | **SPX CORPORATION, Individually and as Successor to DeZURIK, Inc.,** |
| *Products:* | *Asbestos-Containing Valves, Packing & Insulation* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| *Manufacturer:* | **3M COMPANY,** |
|---|---|
| *Products:* | *Asbestos Gloves, Clothing, Masks, and Various Asbestos-containing Products* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

## *Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**     **TOYOTA MOTOR SALES, U.S.A., INC., Individually and as wholly owned subsidiary of TOYOTA MOTOR CORPORATION,**

*Products:*     *Vehicles, Brakes, Gaskets, and Clutches*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**     TRANE U.S. INC., f/k/a AMERICAN STANDARD, INC., f/k/a
                      AMERICAN RADIATOR & STANDARD SANITARY
                      CORPORATION,

**Products:**         *Asbestos-Containing Boilers*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **UNION CARBIDE CORPORATION,**

**Products:**   *Joint Compounds, Wall and Ceiling Spray/Texture, Calidria Asbestos, Stucco*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

---

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| | | |
|---|---|---|
| *Manufacturer:* | **VIKING PUMPS, INC.** | |
| **Products:** | *Asbestos-Containing Pumps, Gaskets and Turbines* | |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**    **VOLKSWAGEN GROUP OF AMERICA, INC., f/k/a
VOLKSWAGEN OF AMERICA, INC., Individually and as wholly
owned subsidiary of VOLKSWAGEN AG,**

**Products:**     *Vehicles, Brakes, Gaskets and Clutches*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Hudson Oil | Battle Creek, Michigan | Approx. 1963-1967 |
| Park Equipment Co. | Battle Creek, Michigan | Approx. 1968-1972 |
| Hanblin Body Shop | Battle Creek, Michigan | Approx. 1973-1981 |
| Lakeview Body Shop | Battlecreek, Michigan | Approx. 1981-1985 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**     WARREN PUMPS, LLC

**Products:**          *Asbestos-Containing Pumps, gaskets, and packing*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **WEIL-MCCLAIN COMPANY, INC.**

*Products:*   **Asbestos-Containing Boilers and Heaters**

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

---

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

| *Manufacturer:* | YARWAY CORPORATION |
| *Products:* | *Valves, packing, steam traps* |

| Jobsite | City and State | Dates of Exposure |
| --- | --- | --- |
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

*Manufacturer:*   **YORK-SHIPLEY GLOBAL, a Division of AESYS TECHNOLOGIES, LLC**

*Products:*   *Boilers, HVAC*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

*Exposure Sheets*
RUSSELL OWENS, ET AL.

THE FERRARO LAW FIRM, P.A.
April 1, 2010

---

**Manufacturer:**   ZURN INDUSTRIES, LLC., a/k/a and successor-by-merger to ERIE CITY IRONS WORKS,

**Products:**   Asbestos-Containing Boilers

| *Jobsite* | *City and State* | *Dates of Exposure* |
|---|---|---|
| U.S.S. Bremerton | San Diego, California | Approx. 1957-1960 |
| U.S.S. Coral Sea | Jacksonville, Florida | Approx. 1960-1962 |

**U.S. District Court**
**Middle District of Florida (Tampa)**
**CIVIL DOCKET FOR CASE #: 8:10-cv-02430-VMC-TGW**

Owens v. American Honda Motor Company, Inc. et al
Assigned to: Judge Virginia M. Hernandez Covington
Referred to: Magistrate Judge Thomas G. Wilson
Case in other court: State Court - 04/05/10, 10-007398
Cause: 28:1446pl Petition for Removal - Product Liability

Date Filed: 10/29/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2010 | 1 | NOTICE OF REMOVAL from in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, case number 10-007398 filed in State Court on 04/05/10. Filing fee $350, receipt number T57810 filed by Elliott Turbomachinery Company, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(LDB) (Entered: 11/02/2010) |
| 10/29/2010 | 2 | COMPLAINT against 3M Company, A.W. Chesterton Company, American Honda Motor Company, Inc., American Optical Corporation, Bayer Cropscience, Inc., Bondex International Inc., Borg Warner Corporation, Buffalo Pumps, Inc., CBS Corporation, CertainTeed Corporation, Cleaver-Brooks, Inc., Crane Co., Dana Companies LLC, Elliott Turbomachinery Company, Inc., Exxonmobil Oil Corporation, Fairbanks Morse Pump Corporation, Federal-Mogul Asbestos Personal Injury Trust, Flowserve Corporation, Ford Motor Company, Ford Motor Company(Individually and parent to, successor to, and/or d/b/a VOLVO PERSONVAGNAR AB), Foster Wheeler Energy Corporation, Garlock Sealing Technology, General Electric Company, Genuine Parts Company, Georgia Pacific LLC, Goulds Pumps, Inc., Green, Tweed & Co., Inc., Honeywell International, Inc., Ingersoll-Rand Company, John Crane, Inc., Kaiser Gypsum Company, Inc., Kelly-Moore Paint Company, Leslie Controls, Inc., Maremont Corporation, McCord Corporation, Nissan North America, Inc., Owens-Illinois, Inc., Pneumo Abex LLC, Rapid American Corporation, Republic Powdered Metals, Inc., Riley Stoker Corporation, SPX Corporation, The Goodyear Tire & Rubber Company, Toyota Motor Sales, U.S.A., Inc., Trane U.S. Inc., Union Carbide Corporation, Viking Pumps, Inc., Volkswagen Group of American, Inc., Warren Pumps, LLC, Weil-McClain Company, Inc., Yarway Corporation, York-Shipley Global with Jury Demand filed in state court on 04/05/10 by Barbara Owens.(LDB) (Entered: 11/02/2010) |
| 10/29/2010 | 3 | ANSWER to 2 Complaint by CBS Corporation.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 4 | ANSWER and affirmative defenses to 2 Complaint by Federal-Mogul Asbestos Personal Injury Trust.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 5 | ANSWER and affirmative defenses to Complaint by Federal-Mogul Asbestos Personal Injury Trust, as successor to the former vellumoid division of federal-mogul.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 6 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by Genuine Parts Company.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 7 | ANSWER and affirmative defenses to 2 Complaint by Ingersoll-Rand Company.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 8 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by Nissan North America, Inc..(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 9 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by Owens-Illinois, |

| | | Inc..(LDB) (Entered: 11/03/2010) |
|---|---|---|
| 10/29/2010 | 10 | ANSWER and affirmative defenses to 2 Complaint by Rapid American Corporation.(LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 11 | MOTION to dismiss complaint by American Honda Motor Company, Inc.. (filed in state court 10/20/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 12 | MOTION to dismiss complaint by American Optical Corporation (filed in state court on 10/21/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 13 | MOTION to dismiss complaint by Buffalo Pumps, Inc.. (filed in state court on 10/19/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 14 | MOTION to dismiss complaint and memorandum of law by Cleaver-Brooks, Inc.. (filed in state court on 10/18/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 15 | MOTION to strike 2 Complaint by Cleaver-Brooks, Inc.. (filed in state court on 10/18/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 16 | MOTION to dismiss complaint by SPX Corporation (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 17 | MOTION to dismiss complaint by Elliott Turbomachinery Company, Inc..(filed in state court on 10/18/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 18 | MOTION to dismiss complaint by Ford Motor Company (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 19 | MOTION to dismiss complaint by Foster Wheeler Energy Corporation(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 20 | MOTION for joinder by Genuine Parts Company (filed in state court on 10/20/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 21 | MOTION to dismiss complaint by General Electric Company (filed in state court on 10/20/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 22 | MOTION to dismiss complaint by Goulds Pumps, Inc. (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 23 | MOTION to dismiss complaint by Georgia Pacific LLC. (filed in state court on 10/18/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 24 | MOTION to dismiss complaint by Green, Tweed & Co., Inc.(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 25 | MOTION to dismiss complaint by John Crane, Inc.(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 26 | MOTION to dismiss complaint by Kaiser Gypsum Company, Inc.(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 27 | MOTION to dismiss complaint by Kelly-Moore Paint Company(filed in state court on 10/20/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 28 | MOTION to dismiss complaint by CertainTeed Corporation, Dana Companies LLC, Maremont Corporation, Union Carbide Corporation, Viking Pumps, Inc., Warren Pumps, LLC. (filed in state court on 10/18/10) (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 29 | MOTION to dismiss complaint by McCord Corporation(filed in state court on 10/21/10). (LDB) (Entered: 11/03/2010) |

| 10/29/2010 | 30 | MOTION to dismiss complaint by Exxonmobil Oil Corporation (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
|---|---|---|
| 10/29/2010 | 31 | MOTION to dismiss complaint by Pneumo Abex LLC(filed in state court on 10/21/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 32 | MOTION to dismiss complaint by Riley Stoker Corporation (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 33 | MOTION to dismiss complaint by The Goodyear Tire & Rubber Company (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 34 | MOTION to dismiss complaint by Toyota Motor Sales, U.S.A., Inc. (filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 35 | MOTION to dismiss complaint by Trane U.S. Inc.(filed in state court on 10/18/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 36 | MOTION to dismiss complaint by Volkswagen Group of American, Inc.(filed in state court on 10/19/10). (LDB) (Entered: 11/03/2010) |
| 10/29/2010 | 37 | MOTION to dismiss complaint by Weil-McClain Company, Inc.(filed in state court on 10/21/10). (LDB) (Entered: 11/03/2010) |
| 11/03/2010 | 38 | Corporate Disclosure Statement by McCord Corporation Identifying Corporate Parent Textron, Inc. for McCord Corporation.. (Turner, Hugh) (Entered: 11/03/2010) |
| 11/03/2010 | 39 | Corporate Disclosure Statement by American Optical Corporation Identifying Corporate Parent Pfizer Inc. for American Optical Corporation.. (Turner, Hugh) (Entered: 11/03/2010) |
| 11/03/2010 | 40 | MOTION to dismiss Previously Filed In State Court Proceedings *and Notice of Filing Motion to Quash Service* by Honeywell International, Inc.. (Upshaw, Anthony) (Entered: 11/03/2010) |
| 11/03/2010 | 41 | Corporate Disclosure Statement by Honeywell International, Inc.. (Upshaw, Anthony) (Entered: 11/03/2010) |
| 11/04/2010 | 42 | NOTICE of designation under Local Rule 3.05 - track 2 (LS) (Entered: 11/04/2010) |
| 11/04/2010 | 43 | CERTIFICATE of interested persons and corporate disclosure statement by Ford Motor Company. (Salas, Henry) (Entered: 11/04/2010) |
| 11/04/2010 | 44 | DOCUMENT TERMINATED. NOTICE by Elliott Turbomachinery Company, Inc. *Tag-Along Action* (Goodner, Helaine) NOTE: COUNSEL NOTIFIED TO RE-FILE WITH PROPER ATTORNEY LOG IN. Modified on 11/4/2010 (LDB). (Entered: 11/04/2010) |
| 11/04/2010 | 45 | NOTICE by Elliott Turbomachinery Company, Inc. *Tag-Along Action* (Goodner, Helaine) (Entered: 11/04/2010) |
| 11/04/2010 | 46 | NOTICE of Appearance by Richard M. Lauth on behalf of CBS Corporation (Lauth, Richard) (Entered: 11/04/2010) |
| 11/04/2010 | 47 | Corporate Disclosure Statement by CBS Corporation. (Lauth, Richard) (Entered: 11/04/2010) |
| 11/04/2010 | 48 | NOTICE of Appearance by Daniel Alberto Garcia on behalf of Goulds Pumps, Inc. (Garcia, Daniel) (Entered: 11/04/2010) |
| 11/04/2010 | 49 | Corporate Disclosure Statement by Goulds Pumps, Inc.. (Garcia, Daniel) (Entered: 11/04/2010) |
| 11/05/2010 | 50 | Corporate Disclosure Statement by Foster Wheeler Energy Corporation. (Lawson, Tanya) (Entered: 11/05/2010) |