# EXHIBIT "A"

## CASE DOCKET SHEET AND THIRD AMENDED COMPLAINT

*Victor L. Rice v. American Standard, Inc., et al.*

Civil Action No. 1:10-CV-00606 SLR.

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00606-SLR

Rice v. American Standard Inc. et al
Assigned to: Judge Sue L. Robinson
Case in other court:  Superior Ct/DE/NCC, 09C-03-00186 ASB
Cause: 28:1442 Notice of Removal

Date Filed: 07/15/2010
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

## Special Master

**SPECIAL MASTER Vincent J. Poppiti**
Fox Rothschild LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

## Plaintiff

**Obdulia S. Rice**
*Individually and as Representative of the*
*Estate of Victor L. Rice, Deceased*

represented by **Thomas C. Crumplar**
Jacobs & Crumplar, P.A.
2 East 7th Street
P. O. Box 1271
Wilmington, DE 19899
(302) 656-5445
Email: Tom@jcdelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**American Standard Inc.**

## Defendant

**Boeing Company**

## Defendant

**Carborundum Corporation**

## Defendant

**Carrier Corporation**

## Defendant

**Caterpillar Inc.**

## Defendant

**Certainteed Corporation**

## Defendant

**Chicago Pneumatic Tool Co LLC**

## Defendant

**Defendant**

**Copes Vulcan Inc.**

**Defendant**

**DB Riley Inc.**
*formerly known as*
Riley Stoker Corporation

**Defendant**

**Dap Products Inc.**

**Defendant**

**Foster Wheeler LLC**
*Successor-In-Interest to Foster Wheeler Corp.*

**Defendant**

**Gardner Denver Inc.**
*formerly known as*
Gardner Denver Machinery Inc.

**Defendant**

**Garlock Sealing Technologies LLC**

**Defendant**

**General Electric Company**              represented by **Josette Ferrazza Spivak**
                                                        Hollstein Keating Cattell Johnson &
                                                        Goldstein PC
                                                        1201 Orange Street
                                                        Ste. 730
                                                        Wilmington, DE 19801
                                                        302-884-6700
                                                        Email: jspivak@hollsteinkeating.com
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**General Motors Corp.**

**Defendant**

**Georgia Pacific Corporation**

**Defendant**

**Glidden Company**

**Defendant**

**Goulds Pumps Inc.**

**Defendant**

**Honeywell International Inc.**
*and as Successor-in-Interest to Bendix*
*Corporation*
*agent of*
Allied Chemical Corporation

**Defendant**

**IMO Industries Inc.**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Kelly Moore Paint Co Inc.**

**Defendant**

**Lockheed Martin Corporation**
*Individually and as Successor-by-Merger to
Lockheed Corporation*

**Defendant**

**Navistar Inc.**
*and Individually and as Successor-in-Interest
to International Harvester
formerly known as*
International Truck and Engine Corporation

**Defendant**

**Owens-Illinois Inc.**

**Defendant**

**CBS Corporation**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**United Technologies Corporation**                  represented by  **Paul A. Bradley**
Maron Marvel Bradley & Anderson, P.A.
1201 North Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19801
(302) 425-5177
Email: pab@maronmarvel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**AW Chesterton Company**

**Defendant**

**Bondex International Inc.**

**Defendant**

**Cleaver Brooks Inc**

**Defendant**

**Crane Co.**

**Defendant**

**Deere & Company**

**Defendant**

**Garlock Inc.**

**Defendant**

**Union Carbide Corporation**
*formerly known as*
Union Carbide Chemicals and Plastics
Company

**Defendant**

**Zurn Industries LLC**

**Cross Claimant**

**United Technologies Corporation**          represented by **Paul A. Bradley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

**AW Chesterton Company**

**Cross Defendant**

**American Standard Inc.**

**Cross Defendant**

**Boeing Company**

**Cross Defendant**

**Bondex International Inc.**

**Cross Defendant**

**CBS Corporation**

**Cross Defendant**

**Carborundum Corporation**

**Cross Defendant**

**Carrier Corporation**

**Cross Defendant**

**Caterpillar Inc.**

**Cross Defendant**

**Certainteed Corporation**

**Cross Defendant**

**Chicago Pneumatic Tool Co LLC**

**Cross Defendant**

**Chrysler LLC**

**Cross Defendant**

**Cleaver Brooks Inc**

<u>**Cross Defendant**</u>

**Copes Vulcan Inc.**

<u>**Cross Defendant**</u>

**Crane Co.**

<u>**Cross Defendant**</u>

**DB Riley Inc.**

<u>**Cross Defendant**</u>

**Dap Products Inc.**

<u>**Cross Defendant**</u>

**Deere & Company**

<u>**Cross Defendant**</u>

**Foster Wheeler LLC**
*Successor-In-Interest to Foster Wheeler Corp.*

<u>**Cross Defendant**</u>

**Gardner Denver Inc.**

<u>**Cross Defendant**</u>

**Garlock Inc.**

<u>**Cross Defendant**</u>

**Garlock Sealing Technologies LLC**

<u>**Cross Defendant**</u>

**General Electric Company**                    represented by **Josette Ferrazza Spivak**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

<u>**Cross Defendant**</u>

**General Motors Corp.**

<u>**Cross Defendant**</u>

**Georgia Pacific Corporation**

<u>**Cross Defendant**</u>

**Glidden Company**

<u>**Cross Defendant**</u>

**Goulds Pumps Inc.**

<u>**Cross Defendant**</u>

**Honeywell International Inc.**
*and as Successor-in-Interest to Bendix*
*Corporation*

<u>**Cross Defendant**</u>

**IMO Industries Inc.**

**Cross Defendant**

**Ingersoll-Rand Company**

**Cross Defendant**

**Kelly Moore Paint Co Inc.**

**Cross Defendant**

**Lockheed Martin Corporation**
*Individually and as Successor-by-Merger to*
*Lockheed Corporation*

**Cross Defendant**

**Metropolitan Life Insurance Company**

**Cross Defendant**

**Navistar Inc.**
*and Individually and as Successor-in-Interest*
*to International Harvester*

**Cross Defendant**

**Owens-Illinois Inc.**

**Cross Defendant**

**Union Carbide Corporation**

**Cross Defendant**

**Zurn Industries LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/15/2010 | 1 | NOTICE OF REMOVAL and copies of documents from Superior Court of the State of Delaware, Case Number 09C-03-186 ASB (Filing fee $350, receipt number 0311-758872)- filed by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(ksr) (Entered: 07/16/2010) |
| 07/15/2010 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction (ksr) (Entered: 07/16/2010) |
| 07/15/2010 | 3 | Disclosure Statement pursuant to Rule 7.1 filed by United Technologies Corporation. (ksr) (Entered: 07/16/2010) |
| 07/16/2010 | 4 | NOTICE of Tag-Along Action by United Technologies Corporation (Bradley, Paul) (Entered: 07/16/2010) |
| 07/21/2010 | | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb) (Entered: 07/21/2010) |
| 07/27/2010 | 5 | ORDER REFERRING CASE to Special Master. Vincent J. Poppiti appointed. Signed by Judge Sue L. Robinson on 7/26/2010. (nmf) (Entered: 07/27/2010) |
| 08/24/2010 | 6 | NOTICE of Appearance by Josette Ferrazza Spivak on behalf of General Electric Company (Spivak, Josette) (Entered: 08/24/2010) |
| 10/14/2010 | 7 | ANSWER to Complaint with Jury Demand, CROSSCLAIM *for Contribution and/or Set-Off* against AW Chesterton Company, American Standard Inc., Boeing Company, Bondex International Inc., CBS Corporation, Carborundum Corporation, Carrier Corporation, Caterpillar Inc., Certainteed Corporation, Chicago Pneumatic Tool Co LLC, Chrysler LLC, |

| | | |
|---|---|---|
| | | Cleaver Brooks Inc, Copes Vulcan Inc., Crane Co., DB Riley Inc., Dap Products Inc., Deere & Company, Foster Wheeler LLC, Gardner Denver Inc., Garlock Inc., Garlock Sealing Technologies LLC, General Electric Company, General Motors Corp., Georgia Pacific Corporation, Glidden Company, Goulds Pumps Inc., Honeywell International Inc., IMO Industries Inc., Ingersoll-Rand Company, Kelly Moore Paint Co Inc., Lockheed Martin Corporation, Metropolitan Life Insurance Company, Navistar Inc., Owens-Illinois Inc., Union Carbide Corporation, Zurn Industries LLC by United Technologies Corporation. (Attachments: # 1 Certificate of Service)(Bradley, Paul) (Entered: 10/14/2010) |
| 11/01/2010 | 8 | MOTION for Pro Hac Vice Appearance of Attorney Aaron M. Heckaman, Esquire - filed by Obdulia S. Rice. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Certification by Counsel)(Crumplar, Thomas) (Entered: 11/01/2010) |
| 11/01/2010 | 9 | MOTION for Pro Hac Vice Appearance of Attorney G. Sean Jez, Esquire - filed by Obdulia S. Rice. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Certification by Counsel)(Crumplar, Thomas) (Entered: 11/01/2010) |
| 11/02/2010 | 10 | REVISED ORDER REFERRING CASE to Special Master Vincent J. Poppiti. Signed by Judge Sue L. Robinson on 11/2/2010. (nmf) (Entered: 11/02/2010) |
| 11/04/2010 | | SO ORDERED- re 9 MOTION for Pro Hac Vice Appearance of Attorney G. Sean Jez, Esquire, 8 MOTION for Pro Hac Vice Appearance of Attorney Aaron M. Heckaman, Esquire. Signed by Judge Sue L. Robinson on 11/3/2010. (lid) (Entered: 11/04/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/05/2010 12:10:08 | | |
| **PACER Login:** | fh0074 | **Client Code:** | 32100-268244 |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-00606-SLR Start date: 1/1/1970 End date: 11/5/2010 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

EFiled:  Jun  3 2010 10:52AM EDT
Transaction ID 31434556
Case No. 09C-03-186 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| OBDULIA S. RICE, Individually and as Representative of the Estate of VICTOR L. RICE, Deceased | §§§§ | C.A. No. 09C-03-186 ASB |
| Plaintiffs, | §§ | **THIRD AMENDED COMPLAINT** <br> **UNDERSCORED LANGUAGE** <br> **REFLECTS CHANGES FROM THE** |
| v. | §§ | **ORIGINAL COMPLAINT** |
| AMERICAN STANDARD, INC., et al. | § | ASBESTOS |
| Defendants. | §§ | |
| | § | NON-ARBITRATION |
| | §§ | |
| | § | JURY TRIAL DEMANDED |

## THIRD AMENDED COMPLAINT

### COUNT I

### FACTS

Come now Plaintiff VICTOR L. RICE and Plaintiff's wife OBDULIA S. RICE, by and through their attorneys, JACOBS & CRUMPLAR, P.A., and in support of their claims against the Defendants, state as follows:

1.  Plaintiff VICTOR L. RICE resides at 316 Woodrow St., Apt. 1, Fort Walton Beach, FL 32547, and has lived at this address from 2006 to the present.

2.  Plaintiff VICTOR L. RICE'S date of birth is November 17, 1933.  Plaintiff VICTOR L. RICE'S Social Security Number is 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.

(a)     On September 27, 2009, as a direct and proximate result of asbestos-related disease and problems, VICTOR L. RICE died.

(b) As a result of the defendants' wrongful conduct which caused VICTOR L. RICE'S painful death, Plaintiff OBDULIA S. RICE suffered extensive mental anguish and have

been and will continue to be deprived of pecuniary benefits, contributions of support, household services and funeral expenses, all of which are recoverable under 10 Del. C. §3724.

(c) OBDULIA S. RICE is Representative of the Estate of VICTOR L. RICE, Deceased, and as such is pursuing the estate claims for the injuries VICTOR L. RICE suffered during his life.

3.  Plaintiff VICTOR L. RICE and Plaintiff's wife OBDULIA S. RICE allege no claim arising under the Maritime Law of the United States or arising under any other law of the United States of America or its Constitution.  One or more Defendants are citizens of the State of Delaware and this action is not properly removable on any theory of jurisdictional basis.

4.  Defendants herein are incorporated as follows:

AMERICAN STANDARD, INC. is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

THE BOEING COMPANY is a Delaware Corporation whose registered agent for service of process is the Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

CARBORUNDUM CORPORATION is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

CARRIER CORPORATION is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

CATERPILLAR INC. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

CERTAINTEED CORPORATION is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

CHICAGO PNEUMATIC TOOL CO., LLC is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

CHRYSLER, LLC is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

COPES VULCAN INC. is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

DAP PRODUCTS INC. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808-1645.

FOSTER WHEELER LLC, Successor-In-Interest to FOSTER WHEELER CORP. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

GARDNER DENVER, INC. f/k/a Gardner Denver Machinery, Inc. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

GARLOCK SEALING TECHNOLOGIES, L.L.C., Individually And as Successor-in-Interest to Garlock, Inc., is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c).

GENERAL ELECTRIC COMPANY is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

GENERAL MOTORS CORP. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

GEORGIA-PACIFIC CORPORATION is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

THE GLIDDEN COMPANY is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

GOULDS PUMPS, INC. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

HONEYWELL INTERNATIONAL INC., formerly known as ALLIED CHEMICAL CORPORATION and as Successor-in-Interest to BENDIX CORPORATION is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808-1645.

IMO INDUSTRIES, INC. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808-1645.

INGERSOLL-RAND COMPANY is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

KELLY-MOORE PAINT CO., INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) .

LOCKHEED MARTIN CORPORATION, Individually and as Successor-by-Merger to LOCKHEED CORPORATION, is a Delaware Corporation whose registered agent for service of process is the Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19801.

NAVISTAR, INC., f/k/a INTERNATIONAL TRUCK & ENGINE CORPORATION, and Individually and as Successor-in-Interest to INTERNATIONAL HARVESTER is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

NORTHRUP GRUMMAN CORPORATION is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c).

OWENS-ILLINOIS, INC. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

CBS Corporation, a Delaware Corporation, f/k/a VIACOM, INC., Successor by Merger to CBS CORPORATION, a Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION is a Delaware Corporation whose registered agent for service of process is Corporation Service Co., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

METROPOLITAN LIFE INSURANCE COMPANY is an insurance company licensed to do business in the State of Delaware and as such is subject to service of process by serving the Insurance Commissioner of Delaware, 841 Silver Lake Boulevard, Dover, Delaware 19901.

<u>UNITED TECHNOLOGIES CORPORATION, is a Delaware Corporation whose registered agent for service of process is Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, Individually and d/b/a PRATT & WHITNEY doing business in Delaware.</u>

A.W. CHESTERTON COMPANY is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) .

BONDEX INTERNATIONAL, INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) .

CLEAVER-BROOKS, INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) .

CRANE CO. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

DEERE & COMPANY is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c).

THE FORD MOTOR COMPANY is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c).

GARLOCK INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c).

UNION CARBIDE CORPORATION, f/k/a UNION CARBIDE CHEMICALS & PLASTICS COMPANY, INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c).

ZURN INDUSTRIES, LLC is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

5.     As a result of the Defendants' wrongful conduct, Plaintiff VICTOR L. RICE has developed the asbestos-related diseases and health problems named herein:

**Mesothelioma**

and other asbestos-related pulmonary injuries and diseases.  Plaintiff VICTOR L. RICE has endured great physical pain and suffering, mental anguish and emotional pain and suffering. Further, as a result of Defendants' wrongful conduct, Plaintiff VICTOR L. RICE has been required to review and receive medical treatment to mitigate his asbestos-related diseases and injuries, incurring reasonable and necessary costs for medical care, diagnosis and treatment. These diseases and injuries are permanent.

6.     In addition to the aforementioned permanent asbestos-related diseases and injuries, Plaintiff VICTOR L. RICE suffers a high risk of developing additional asbestos-related diseases and problems such that he presently has and will continue to have a reasonable fear of future diseases.  Plaintiff VICTOR L. RICE has and will continue to receive medical assistance to protect, prevent and minimize such potential future consequences of his exposure to asbestos, and asbestos-containing products, and the furthering of asbestos-related diseases and injuries.

7.     These herein named asbestos-related diseases and problems have put a strain on the physical and emotional system of Plaintiff VICTOR L. RICE's family and have caused, and will continue to cause, physical pain and suffering, mental anguish, and emotional pain to Plaintiff VICTOR L. RICE.

8.     The aforementioned asbestos-related injuries and diseases resulted in a decrease of past and will result in a decrease of future earnings.  In addition, these aforementioned asbestos-related injuries and diseases will result in an increase of future expenses which Plaintiff would not have otherwise incurred.

9.      As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff VICTOR L. RICE was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff VICTOR L. RICE to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff VICTOR L. RICE.  Plaintiff VICTOR L. RICE has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions.  Plaintiff VICTOR L. RICE has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions.  Plaintiff VICTOR L. RICE has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

10.     Plaintiff VICTOR L. RICE's recovery herein is predicated upon the substantive law of the State of Delaware or such law as the Court holds to be applicable.

## COUNT II
## EMPLOYMENT EXPOSURE

11.     The allegations in Paragraphs One (1) through ten (10) are re-alleged and incorporated by reference within this count.

| Employer | Address | Dates | Work Performed |
|---|---|---|---|
| Fred Treadway | Lyons, Ohio | 1953 – 1954 | Laborer |
| Morris Barden | Lyons, Ohio | 1953 – 1954 | Laborer |
| U.S. Air Force | Various USAF Bases | 06/1954 – 07/1975 | Jet Engine Mechanic |
| Clark Landmark Inc. | Springfield, OH | 1975 – 1995 | Laborer |

12.     Plaintiff VICTOR L. RICE was exposed to asbestos and asbestos-containing products in the course of his employment herein noted.

13.     During the course of Plaintiff VICTOR L. RICE's asbestos exposure herein noted, Plaintiff VICTOR L. RICE was wrongly exposed to, inhaled, ingested, and otherwise absorbed asbestos fibers emanating from asbestos-containing products, from various sources, which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by Defendants including, but not limited to, industrial and construction products, equipment, machinery, and materials.

14.     Plaintiff VICTOR L. RICE was exposed to asbestos as a result of the installation, maintenance, servicing and/or removal of Defendants' products which resulted in exposure to asbestos even if that asbestos was not mined, manufactured, sold, or distributed by the Defendants.

### COUNT III

### NEGLIGENCE
### AS TO MANUFACTURERS, SELLERS, DISTRIBUTORS AND INSTALLERS OF ASBESTOS PRODUCTS

15.     The allegations in paragraphs One (1) through fourteen (14) are re-alleged and incorporated by reference within this Count.

16.     The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of Plaintiff VICTOR L. RICE in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos in their products when adequate substitutes, for the asbestos in those products, were available;

(b)     Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as Plaintiff VICTOR L. RICE working around them would inhale, ingest, or otherwise absorb asbestos;

(c)     Include asbestos in their products when Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious upon the health of persons inhaling, ingesting or otherwise absorbing them;

(d)     Failed to provide any warning or adequately warn all the potential victims of asbestos including Plaintiff VICTOR L. RICE as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated of the unreasonable risks of exposure to, inhaling, ingesting, or otherwise absorbing asbestos fibers, knowing that they will not discover or realize the danger or will fail to protect themselves against it;

(e)     Failed to provide any or adequate instructions concerning the safe methods of working in and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f)     Failed to require and/or advise workers such as Plaintiff VICTOR L. RICE of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home and thereby exposing family members including Plaintiff VICTOR L. RICE;

(g)     Failed to adequately test, research and investigate asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants and/or their effects prior to sale, use, and/or exposure of Plaintiff VICTOR L. RICE as well as other business invitees, users, bystanders, household members, members of the general public and others

similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(h)     Failed to adequately package, distribute and/or use asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of Plaintiff VICTOR L. RICE, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or fail to protect themselves against it;

(i)     Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

(j)     Failed to exercise reasonable care to protect the Plaintiff VICTOR L. RICE against the danger and/or take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.     During the course of Plaintiff's employment at the various sites of the companies named herein, Plaintiff was wrongly exposed to and inhaled, ingested, or otherwise absorbed fibers, an inherently dangerous and toxic substance emanating from certain products Plaintiff was working with or exposed to and around were manufactured, sold, distributed, or installed by Defendants:

AMERICAN STANDARD, INC.
A.W. CHESTERTON COMPANY
THE BOEING COMPANY
D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION

BONDEX INTERNATIONAL, INC.
CARBORUNDUM CORPORATION
CARRIER CORPORATION
CATERPILLAR
CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM, INC., Successor by
        Merger to CBS CORPORATION, a Pennsylvania Corporation, f/k/a
        WESTINGHOUSE ELECTRIC CORPORATION
CERTAINTEED CORPORATION
CHICAGO PNEUMATIC TOOL CO., LLC
CHRYSLER, LLC
CLEAVER-BROOKS, INC.
COPES VULCAN INC.
CRANE CO.
DAP PRODUCTS INC.
DEERE & COMPANY
FOSTER WHEELER LLC, Successor-In-Interest to FOSTER WHEELER CORP.
GARDNER DENVER, INC.
GARLOCK INC.
GARLOCK SEALING TECHNOLOGIES, LLC., Individually And as Successor-in-
        Interest to Garlock, Inc.
GENERAL ELECTRIC
GENERAL MOTORS CORP.
GEORGIA-PACIFIC CORPORATION
THE GLIDDEN CO.
GOULDS PUMPS, INC.
HONEYWELL INTERNATIONAL INC., formerly known as ALLIED CHEMICAL
        CORPORATION and as Successor-in-Interest to BENDIX CORPORATION
IMO INDUSTRIES, INC.
INGERSOLL-RAND COMPANY
KELLY-MOORE PAINT CO., INC.
LOCKHEED MARTIN CORPORATION, Individually and as Successor-by-Merger to
        LOCKHEED CORPORATION
NAVISTAR, INC., f/k/a INTERNATIONAL TRUCK & ENGINE CORPORATION,
and Individually and as Successor-in-Interest to INTERNATIONAL HARVESTER
NORTHRUP GRUMMAN CORPORATION
OWENS-ILLINOIS, INC.
THE FORD MOTOR COMPANY
UNION CARBIDE CORPORATION, f/k/a UNION CARBIDE CHEMICALS &
        PLASTICS COMPANY, INC.
UNITED TECHNOLOGIES CORPORATION
ZURN INDUSTRIES, LLC.

18.     At all times herein set forth, the Defendants' products were being employed in the

proper manner and for the purposes for which they were intended.

19.    Plaintiff's exposure to and inhalation, ingestion, or absorption of asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

20.    The Defendants knew or should have known that the asbestos fibers used and/or contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

21.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff VICTOR L. RICE was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff VICTOR L. RICE to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff VICTOR L. RICE.  Plaintiff VICTOR L. RICE has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions.  Plaintiff VICTOR L. RICE has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions.  Plaintiff VICTOR L. RICE has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

## COUNT IV

## STRICT LIABILITY

22.    The allegations in paragraphs One (1) through twenty-one (21) are re-alleged and incorporated by reference within this Count.

23.     At the time Defendants and each and all defendants used, installed, manufactured, sold and distributed the asbestos-containing products to which Plaintiff was exposed, said products were in a defective condition and unreasonably dangerous in that:

(a)     Said products contained friable asbestos fibers as a constituent substance;

(b)     Said fibers were highly toxic, deleterious, poisonous and harmful to the health of Plaintiff and others similarly situated; and

(c)     Said products were not accompanied by any warning/instructions or by inadequate warning/instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing products.

24.     Said products reached the point of Plaintiff's exposure in substantially the same condition as when used, manufactured, distributed, and sold.

25.     At all times relevant hereto, said products were used in the manner and environment intended, and in the manner reasonably foreseeable and anticipated by each of the Defendants.

26.     The following Defendants are strictly liable to Plaintiff for all injuries and damages that were contracted as a direct and proximal result of his exposure to asbestos from said products:

AMERICAN STANDARD, INC.
A.W. CHESTERTON COMPANY
THE BOEING COMPANY
D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION
BONDEX INTERNATIONAL, INC.
CARBORUNDUM CORPORATION
CARRIER CORPORATION
CATERPILLAR
CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM, INC., Successor by
        Merger to CBS CORPORATION, a Pennsylvania Corporation, f/k/a
        WESTINGHOUSE ELECTRIC CORPORATION
CERTAINTEED CORPORATION

CHICAGO PNEUMATIC TOOL CO., LLC
CHRYSLER, LLC
CLEAVER-BROOKS, INC.
COPES VULCAN INC.
CRANE CO.
DAP PRODUCTS INC.
DEERE & COMPANY
FOSTER WHEELER LLC, Successor-In-Interest to FOSTER WHEELER CORP.
GARDNER DENVER, INC.
GARLOCK INC.
GARLOCK SEALING TECHNOLOGIES, LLC., Individually And as Successor-in-
    Interest to Garlock, Inc.
GENERAL ELECTRIC
GENERAL MOTORS CORP.
GEORGIA-PACIFIC CORPORATION
THE GLIDDEN CO.
GOULDS PUMPS, INC.
HONEYWELL INTERNATIONAL INC., formerly known as ALLIED CHEMICAL
    CORPORATION and as Successor-in-Interest to BENDIX CORPORATION
IMO INDUSTRIES, INC.
INGERSOLL-RAND COMPANY
KELLY-MOORE PAINT CO., INC.
LOCKHEED MARTIN CORPORATION, Individually and as Successor-by-Merger to
    LOCKHEED CORPORATION
NAVISTAR, INC., f/k/a INTERNATIONAL TRUCK & ENGINE CORPORATION,
and Individually and as Successor-in-Interest to INTERNATIONAL HARVESTER
NORTHRUP GRUMMAN CORPORATION
OWENS-ILLINOIS, INC.
THE FORD MOTOR COMPANY
UNION CARBIDE CORPORATION, f/k/a UNION CARBIDE CHEMICALS &
    PLASTICS COMPANY, INC.
UNITED TECHNOLOGIES CORPORATION
ZURN INDUSTRIES, LLC

27.     Asbestos and asbestos-containing products are inherently dangerous and as such

all Defendants who made or sold asbestos or the equipment, processes or other things necessary

for its use, are strictly liable to Plaintiff for all injuries and damages which were contracted

thereby.

28.     All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos, asbestos-containing products and all equipment necessary for their use are strictly liable to Plaintiff for all the injuries and damages which were contracted thereby.

29.     The handling of asbestos packages, installation, removal and use of asbestos and asbestos-containing products is an ultra-hazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff's injuries which were caused thereby.

30.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use.  Defendants violated this warranty, as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to Plaintiff for all injuries caused thereby.

31.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff.  Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions.  Plaintiff has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions.  Plaintiff has been hindered and prevented from pursuing his normal course of employment, thereby loosing large sums of money which otherwise would have accrued him.

## COUNT V

## WILLFUL AND WANTON CONDUCT

32.     The allegations in paragraphs One (1) through thirty-one (31) are re-alleged and incorporated by reference within this Count.

33.     The aforementioned Defendants had a duty to refrain from willful, wanton, intentional and/or reckless acts and/or omissions which, would harm Plaintiff.

34.     Defendants named herein willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff, as well as other business invitees, users, bystanders, household members, members of the general public, and others similarly situated, are guilty of one or more of the following acts and/or omissions:

(a)     Intentionally or with reckless disregard for the safety of the Plaintiff included asbestos in their products when adequate substitutes for the asbestos was available;

(b)     Intentionally or with reckless disregard for the safety of the Plaintiff failed to substitute, suggest, promote or require the substitution of materials other than asbestos in their products when adequate substitutes, for the asbestos in those products, were available;

(c)     Intentionally or with reckless disregard for the safety of the Plaintiff included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working around them would inhale, ingest, or otherwise absorb asbestos;

(d)     Intentionally or with reckless disregard for the safety of the Plaintiff included asbestos in their products when Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious upon the health of persons inhaling, ingesting or otherwise absorbing them;

(e)     Intentionally or with reckless disregard for the safety of the Plaintiff failed to provide any warning or adequately warn all the potential victims of asbestos, including the Plaintiff as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated, of the unreasonable risks of exposure to, inhaling, ingesting, or otherwise absorbing asbestos fibers, knowing that they will not discover or realize the danger or will fail to protect themselves against it;

(f)     Intentionally or with reckless disregard for the safety of the Plaintiff failed to provide any or adequate instructions concerning the safe methods of working in and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(g)     Intentionally or with reckless disregard for the safety of the Plaintiff failed to require and/or advise workers such as Plaintiff of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home and thereby exposing family members;

(h)     Intentionally or with reckless disregard for the safety of The Plaintiff failed to adequately test, research and investigate asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants and/or their effects prior to sale, use, and/or exposure of Plaintiff as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated, knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(i)     Intentionally or with reckless disregard for the safety of the Plaintiff failed to adequately label, warn, market, package, distribute, install, remove, and/or use asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants in a reasonable manner which would minimize the escape of asbestos fibers therefore adding to the

exposure of the Plaintiff as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated, knowing that they would not discover or realize the danger or would fail to protect themselves against it;

        (j)    Intentionally or with reckless disregard for the safety of the Plaintiff designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components;

        (k)    Intentionally or with reckless disregard for the safety of the Plaintiff failed to exercise reasonable care to protect the Plaintiff against the danger and/or take adequate steps to remedy the above failure, including, but not limited to, recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place;

        (l)    Intentionally or with reckless disregard for the safety of the Plaintiff as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated, concealed information concerning the health effects of exposure to asbestos, knowing that they would not discover or realize the danger or would fail to protect themselves against it.

    35.    The aforementioned Defendants, knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally:

        (a)    Conceal the existence, nature and extent of that risk; and,

(b)     Failed to warn and disclose the existence, nature and extent of that unreasonable risk to the Plaintiff as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated;

(c)     That the aforementioned Defendants knew or should have known of the unreasonable risk and that invitees such as the Plaintiff as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated, would not be expected to discover or realize the danger or would fail to protect themselves against it.

36.     No manufacturer or supplier who had or should have had knowledge of the dangers of asbestos, provided any information to the user of its products or the customers of its products, that warned that removing asbestos-containing materials, at least up until 1980, caused deadly illness.   No manufacturer provided any information on how to safely remove these asbestos products at any time to anyone who they could identify had purchased these asbestos-containing products.

37.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff.   Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions.   Plaintiff has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions. Plaintiff has been hindered and prevented from pursuing his normal course of employment, thereby loosing large sums of money which otherwise would have accrued him.

38.    In addition to Compensatory Damages, an award of Punitive Damages is appropriate and necessary in order to punish Defendants and each of them, for their willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

**COUNT VI**

**CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY AND OWENS-ILLINOIS, INC.**

39.    The allegations in paragraphs One (1) through thirty-eight (38) are re-alleged and incorporated by reference within this Count.  Plaintiff VICTOR L. RICE's recovery herein is predicated upon the substantive law of the State of Delaware or such law as the Court holds to be applicable.

40.    Defendant METROPOLITAN LIFE INSURANCE COMPANY agreed and conspired with the Defendants named herein and with other miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

41.    Defendants METROPOLITAN LIFE INSURANCE COMPANY and OWENS-ILLINOIS, INC., as well as other members of the asbestos industry, including, but not limited to, Defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors to mislead and obfuscate.

42.    Owens Illinois aided and abetted the sale of Kaylo and other asbestos-containing products by Owens Corning Fiberglass from 1952 until Kaylo was no longer an asbestos-

containing product. Owens Illinois aided and abetted by sharing with Owens Corning Fiberglass their knowledge of the dangers of asbestos and kept their knowledge of the dangers of asbestos secret from those who installed and/or removed asbestos-containing products, including the customers to whom Owens-Illinois shipped the Kaylo product.

43.     The Defendants knowingly and willfully conspired among themselves to perpetuate the actions and omissions referred to herein, as well as aided and abetted their co-defendants and manufacturers of asbestos-containing products, in keeping the Plaintiff VICTOR L. RICE as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated, ignorant of the risks they faced when exposed to asbestos and asbestos-containing products, knowing that they would not discover or realize the danger or would fail to protect themselves against it.

44.     The Defendants directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

     (a)     Had no adequate basis for such representations;

     (b)     Knew that a significant health hazard to human life existed from asbestos.

45.     Defendants had reason to expect that as a result of such representation, Plaintiff VICTOR L. RICE as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated, would be exposed to asbestos.

46.     Even after the dangers of asbestos finally began to be known to Plaintiff VICTOR L. RICE as well as other business invitees, users, bystanders, household members, members of the general public or others similarly situated, Defendants continued to act wrongfully, both individually and together, in a conspiracy to mislead and misrepresent the extent of the past

wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

(a)    Prevent and delay Plaintiff VICTOR L. RICE and others similarly situated from filing legal action to recover for these injuries, and/or;

(b)    Defeat and/or delay such legal actions and the final collection of any judgment.

47.    Similarly, Defendants aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

48.    As a direct and proximate result of the above wrongful conspiracy of the Defendants, Plaintiff VICTOR L. RICE was exposed to asbestos and Plaintiff VICTOR L. RICE developed the asbestos-related diseases discussed and sustained the injuries described herein.

49.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff VICTOR L. RICE was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff VICTOR L. RICE to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff VICTOR L. RICE.  Plaintiff VICTOR L. RICE has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions.  Plaintiff VICTOR L. RICE has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions.  Plaintiff VICTOR L. RICE has been hindered and prevented from pursuing his normal course of employment, thereby loosing large sums of money which otherwise would have accrued him.

WHEREFORE, Plaintiff demands judgment against each of the Defendants jointly and severally for such sums, including, but not limited to, prejudgment interest, as would be necessary to compensate Plaintiff for the injuries he suffered.

Plaintiff further demands judgment against each of the Defendants for punitive damages.

Plaintiff further demands payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

**JACOBS & CRUMPLAR, P.A.**

By:    /s/*Thomas C. Crumplar*
Thomas C. Crumplar  DE #0942
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899
(302) 656-5445
*Attorney for Plaintiff*

Date: <u>06-03-10</u>