# EXHIBIT "A"

## CASE DOCKET SHEET AND ORIGINAL COMPLAINT

*Lee Wiersma & Janice Wiersma v. A.W. Chesterton Co., et al.*

Civil Action No. 1:08-cv-00857-SLR

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00857-SLR

Wiersma et al v. A W Chesteron Company et al        Date Filed: 11/17/2008
Assigned to: Judge Sue L. Robinson        Jury Demand: Plaintiff
Related Cases: 1:08-cv-00856-SLR        Nature of Suit: 368 P.I. : Asbestos
                1:91-mc-00126-UNA        Jurisdiction: Federal Question
Case in other court:  Superior Ct/DE/NCC, 08C-01-00305
                      USDC ED/PA, 2:02MD875 ER
Cause: 28:1442 Notice of Removal

## Special Master

**SPECIAL MASTER Vincent J. Poppiti**
Fox Rothschild LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

## Plaintiff

**Lee Wiersma**                 represented by  **Thomas C. Crumplar**
                                        Jacobs & Crumplar, P.A.
                                        2 East 7th Street
                                        P. O. Box 1271
                                        Wilmington, DE 19899
                                        (302) 656-5445
                                        Email: Tom@jcdelaw.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

## Plaintiff

**Janice Wiersma**              represented by  **Thomas C. Crumplar**
                                          (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

## Defendant

**A W Chesterton Company**      represented by  **Amaryah K. Bocchino**
                                          Cooley Manion Jones LLP
                                        500 Delaware Avenue, Suite 710
                                        Wilmington, DE 19801
                                        302-657-2100
                                        Email: abocchino@cmjlaw.com
                                        *ATTORNEY TO BE NOTICED*

## Defendant

**Buffalo Pumps Inc.**

## Defendant

**Certainteed Corporation**

**Defendant**

**Crane Co.**

**Defendant**

**Crown Cork & Seal Corporation**
*individually and as successor-in-interest to*
*Mundet Cork Corporation*

**Defendant**

**DaimlerChrysler Corporation**
*formerly known as*
Chrysler Corporation

**Defendant**

**Deere & Company**                    represented by    **James S. Green**
                                                         Seitz, Van Ogtrop & Green, P.A.
                                                         222 Delaware Avenue, Suite 1500
                                                         P.O. Box 68
                                                         Wilmington, DE 19899
                                                         (302) 888-0600
                                                         Email: jgreen@svglaw.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Ford Motor Company**                 represented by    **Christian J. Singewald**
                                                         White & Williams
                                                         824 Market Street, Suite 902
                                                         P.O. Box 709
                                                         Wilmington, DE 19899-0709
                                                         (302) 654-0424
                                                         Email: singewaldc@whiteandwilliams.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler LLC**
*successor-in-interest to Foster Wheeler Corp.*

**Defendant**

**Garlock Inc.**

**Defendant**

**Garlock Sealing Technologies LLC**

**Defendant**

**General Electric Company**           represented by    **Josette Ferrazza Spivak**
                                                         Hollstein Keating Cattell Johnson &
                                                         Goldstein PC
                                                         1201 Orange Street
                                                         Ste. 730
                                                         Wilmington, DE 19801
                                                         302-884-6700
                                                         Email: jspivak@hollsteinkeating.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**General Motors Corp.**

**Defendant**

**Georgia-Pacific Corporation**                    represented by    **Amaryah K. Bocchino**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps**

**Defendant**

**Honeywell International Inc.**
*as successor-in-interest to Bendix*
*Corporation*

**Defendant**

**IMO Industries Inc.**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Johnson Controls Inc.**

**Defendant**

**Leslie Controls**

**Defendant**

**National Automotive Parts Assocation**          represented by    **Paul A. Bradley**
                                                                      Maron Marvel Bradley & Anderson, P.A.
                                                                      1201 North Market Street, Suite 900
                                                                      P.O. Box 288
                                                                      Wilmington, DE 19801
                                                                      (302) 425-5177
                                                                      Email: pab@maronmarvel.com
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Navistar Inc.**                                  represented by    **Kevin A. Guerke**
*individually and as successor-in-interest to*                        Seitz, Van Ogtrop & Green, P.A.
*International Harvester*                                              222 Delaware Avenue, Suite 1500
                                                                      P.O. Box 68
                                                                      Wilmington, DE 19899
                                                                      (302) 888-0600
                                                                      Email: kguerke@svglaw.com
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Michael T. Wharton**
                                                                      Email: mtw@wlekn.com
                                                                      *PRO HAC VICE*
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**R T Vanderbilt Company Inc.**

**Defendant**

**Rapid American Corporation**
*successor-in-interest to Philip Carey*
*Manufacturing Co. Philip Carey Corporation*
*and Carey Canadian Mines*

**Defendant**

**Republic Powdered Metals Inc.**                    represented by **Eric Scott Thompson**
Marshall, Dennehey, Warner, Coleman &
Goggin
1220 N. Market St., Suite 500
P.O. Box 8888
Wilmington, DE 19899
(302) 552-4370
Email: ethompson@mdwcg.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**T H Agriculture & Nutrition**

**Defendant**

**Union Carbide Corporation**
*formerly known as*
Union Carbide Chemicals & Plastics
Company Inc.

**Defendant**

**Viacom Inc.**
*successor by merger to CBS Corporation f/k/a*
*Westinghouse Electric Corporation*

**Defendant**

**Warren Pumps**

**Defendant**

**Metropolitan Life Insurance Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/17/2008 | 1 | NOTICE OF REMOVAL and copies of documents from Superior Ct/DE/NCC, Case Number 08C-01-305 (Filing fee $350, receipt number 0311000000000519073)- filed by General Electric Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D (Part 1), # 5 Exhibit D (Part 2), # 6 Exhibit D (Part 3), # 7 Exhibit D (Part 4), # 8 Exhibit D (Part 5), # 9 Certificate of Service, # 10 Civil Cover Sheet)(fms) (Entered: 11/18/2008) |
| 11/17/2008 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (fms) (Entered: 11/18/2008) |
| 11/17/2008 | 3 | Disclosure Statement pursuant to Rule 7.1 filed by General Electric Company. General Electric Company does not have any parent corporation and publicly held corporation that owns 10% or more of its stock. (fms) (Entered: 11/18/2008) |

| | | |
|---|---|---|
| 11/26/2008 | | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb) (Entered: 11/26/2008) |
| 12/16/2008 | 4 | MOTION to Remand *And Memorandum Of Law* - filed by Lee Wiersma, Janice Wiersma. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Affidavit Certificate of Service)(Crumplar, Thomas) (Entered: 12/16/2008) |
| 01/09/2009 | 5 | ANSWERING BRIEF in Opposition re 4 MOTION to Remand *And Memorandum Of Law* filed by General Electric Company.Reply Brief due date per Local Rules is 1/20/2009. (Attachments: # 1 Certificate of Service, # 2 Exhibit "A", # 3 Exhibit "B", # 4 Exhibit "C" Part 1A, # 5 Exhibit "C" Pat 1B, # 6 Exhibit "C" Part 2A, # 7 Exhibit "C" Part 2B, # 8 Exhibit "C" Part 3, # 9 Exhibit "C" Part 4A, # 10 Exhibit "C" Part 4B, # 11 Exhibit "C" Part 5, # 12 Exhibit "C" Part 6, # 13 Exhibit "C" Part 7, # 14 Exhibit "C" Part 8, # 15 Exhibit "C" Part 9, # 16 Exhibit "C" Part 10, # 17 Exhibit "C" Part 11, # 18 Exhibit "C" Part 12, # 19 Exhibit "C" Part 13, # 20 Exhibit "D", # 21 Exhibit "E", # 22 Exhibit "F", # 23 Exhibit "G", # 24 Exhibit "H", # 25 Exhibit "I")(Spivak, Josette) (Entered: 01/09/2009) |
| 01/27/2009 | 6 | MOTION for Pro Hac Vice Appearance of Attorney Michael T. Wharton - filed by Navistar Inc.. (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Guerke, Kevin) (Entered: 01/27/2009) |
| 02/03/2009 | 7 | REPLY BRIEF re 4 MOTION to Remand *And Memorandum Of Law In Response to the Defendant General Electric's Opposition to the Motion to Remand* filed by Lee Wiersma, Janice Wiersma. (Attachments: # 1 Affidavit Certificate of Service)(Crumplar, Thomas) (Entered: 02/03/2009) |
| 02/10/2009 | | SO ORDERED- re 6 MOTION for Pro Hac Vice Appearance of Attorney Michael T. Wharton. Signed by Judge Sue L. Robinson on 2/9/2009. (lid) (Entered: 02/10/2009) |
| 02/17/2009 | 8 | MOTION to Strike 7 Reply Brief, *or in the alternative*, MOTION for Leave to File *a Sur-Reply in Response to Plaintiffs' Reply Brief* - filed by General Electric Company. (Attachments: # 1 Exhibit "A", # 2 Certificate of Service, # 3 Text of Proposed Order) (Spivak, Josette) (Entered: 02/17/2009) |
| 09/17/2009 | 9 | MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 9/17/2009. (lid) (Entered: 09/17/2009) |
| 09/17/2009 | 10 | ORDER denying (4 in 1:08-cv-00856-SLR) MOTION to Remand, (4 in 1:08-cv-00857-SLR) MOTION to Remand. Signed by Judge Sue L. Robinson on 9/17/2009. (lid) (Entered: 09/17/2009) |
| 01/13/2010 | 11 | ORDER REFERRING CASE to Special Master Panel for appointment of a Special Master. Signed by Judge Sue L. Robinson on 1/12/2010. (nmf) (Entered: 01/13/2010) |
| 01/13/2010 | 12 | NOTICE of by General Electric Company (Attachments: # 1 January 13, 2010 correspondence to Jeffrey N. Luthi, Clerk of Judicial Panel on Multidistrict Litigation) (Spivak, Josette) (Entered: 01/13/2010) |
| 01/14/2010 | 13 | ORDER REFERRING CASE to Special Master. Vincent J. Poppiti appointed. Signed by Judge Sue L. Robinson on 1/14/2010. (nmf) (Entered: 01/14/2010) |
| 02/03/2010 | 14 | NOTICE of Appearance by Paul A. Bradley on behalf of National Automotive Parts Assocation (Bradley, Paul) (Entered: 02/03/2010) |
| 02/05/2010 | 15 | Ominus status hearing agenda (lid) (Entered: 02/08/2010) |
| 02/16/2010 | 16 | Letter to counsel and parties from Special master Poppiti regarding rescheduling hearing. (lid) (Entered: 02/16/2010) |
| 02/16/2010 | 17 | REVISED ORDER REFERRING CASE to Special Master Vincent J. Poppiti. Signed by Judge Sue L. Robinson on 2/16/2010. (nmf) (Entered: 02/16/2010) |

| 02/16/2010 | 18 | NOTICE of Appearance by Amaryah K. Bocchino on behalf of A W Chesterton Company, Georgia-Pacific Corporation (Bocchino, Amaryah) (Entered: 02/16/2010) |
| 03/03/2010 | 19 | NOTICE of Appearance by Christian J. Singewald on behalf of Ford Motor Company (Singewald, Christian) (Entered: 03/03/2010) |
| 04/06/2010 | 20 | NOTICE of Appearance by Eric Scott Thompson on behalf of Republic Powdered Metals Inc. (Thompson, Eric) (Entered: 04/06/2010) |
| 07/06/2010 | 21 | NOTICE of Appearance by James S. Green on behalf of Deere & Company (Green, James) (Entered: 07/06/2010) |
| 08/19/2010 | 22 | NOTICE of Appearance by Thomas C. Crumplar on behalf of Janice Wiersma, Lee Wiersma (Attachments: # 1 Affidavit Certificate of Service)(Crumplar, Thomas) (Entered: 08/19/2010) |
| 11/01/2010 | 23 | MOTION for Pro Hac Vice Appearance of Attorney Aaron M. Heckaman, Esquire - filed by Janice Wiersma, Lee Wiersma. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Certification by Counsel)(Crumplar, Thomas) (Entered: 11/01/2010) |
| 11/01/2010 | 24 | MOTION for Pro Hac Vice Appearance of Attorney G. Sean Jez, Esquire - filed by Janice Wiersma, Lee Wiersma. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Certification by Counsel)(Crumplar, Thomas) (Entered: 11/01/2010) |
| 11/02/2010 | 25 | REVISED ORDER REFERRING CASE to Special Master Vincent J. Poppiti. Signed by Judge Sue L. Robinson on 11/2/2010. (nmf) (Entered: 11/02/2010) |
| 11/04/2010 | | SO ORDERED- re 23 MOTION for Pro Hac Vice Appearance of Attorney Aaron M. Heckaman, Esquire, 24 MOTION for Pro Hac Vice Appearance of Attorney G. Sean Jez, Esquire. Signed by Judge Sue L. Robinson on 11/3/2010. (lid) (Entered: 11/04/2010) |

### PACER Service Center

#### Transaction Receipt

11/05/2010 12:02:12

| PACER Login: | fh0074 | Client Code: | 32100-268244 |
| Description: | Docket Report | Search Criteria: | 1:08-cv-00857-SLR Start date: 1/1/1970 End date: 11/5/2010 |
| Billable Pages: | 4 | Cost: | 0.32 |

EFiled: Jan 29 2008 9:57AM EST
Transaction ID 18301470
Case No. 08C-01-305 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| LEE WIERSMA & JANICE WIERSMA, | : | |
| | : | C.A. No.: |
| Plaintiffs, | : | |
| | : | ORIGINAL COMPLAINT |
| v. | : | |
| | : | ASBESTOS |
| A.W. CHESTERTON COMPANY; | : | |
| | : | NON-ARBITRATION |
| BUFFALO PUMPS, INC.; | : | JURY TRIAL DEMANDED |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| CRANE CO.; | : | |
| | : | |
| CROWN CORK & SEAL CORPORATION, | : | |
| Individually and as Successor-In-Interest to | : | |
| MUNDET CORK CORPORATION; | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | |
| f/k/a CHRYSLER CORPORATION; | : | |
| | : | |
| DEERE & COMPANY; | : | |
| | : | |
| THE FORD MOTOR COMPANY; | : | |
| | : | |
| FOSTER WHEELER LLC, Successor-In- | : | |
| Interest to FOSTER WHEELER CORP.; | : | |
| | : | |
| GARLOCK INC.; | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES, | : | |
| LLC; | : | |
| | : | |
| GENERAL ELECTRIC COMPANY; | : | |
| | : | |
| GENERAL MOTORS CORP.; | : | |
| | : | |
| GEORGIA-PACIFIC CORPORATION; | : | |
| | : | |
| GOULDS PUMPS; | : | |
| | : | |
| HONEYWELL INTERNATIONAL, INC., | : | |

as Successor-In-Interest to BENDIX            :
CORPORATION;                                  :
                                              :
IMO INDUSTRIES, INC.;                         :
                                              :
INGERSOLL-RAND COMPANY;                       :
                                              :
JOHNSON CONTROLS, INC.;                       :
                                              :
LESLIE CONTROLS;                              :
                                              :
NATIONAL AUTOMOTIVE PARTS                     :
ASSOCIATION;                                  :
                                              :
NAVISTAR, INC. Individually and as            :
Successor-in-Interest to INTERNATIONAL        :
HARVESTER;                                    :
                                              :
R.T. VANDERBILT COMPANY, INC.;                :
                                              :
RAPID AMERICAN CORPORATION,                   :
Successor-In-Interest to the PHILIP CAREY     :
MANUFACTURING CO., PHILIP CAREY               :
CORPORATION and CAREY CANADIAN                :
MINES;                                        :
                                              :
REPUBLIC POWDERED METALS, INC.;               :
                                              :
T.H. AGRICULTURE & NUTRITION;                 :
                                              :
UNION CARBIDE CORPORATION f/k/a               :
UNION CARBIDE CHEMICALS &                     :
PLASTICS COMPANY, INC.;                       :
                                              :
VIACOM INC., Successor By Merger to           :
CBS CORPORATION, f/k/a                        :
WESTINGHOUSE ELECTRIC                         :
CORPORATION;                                  :
                                              :
WARREN PUMPS;                                 :
                                              :
and METROPOLITAN LIFE INSURANCE               :
COMPANY,                                      :
                                              :
          Defendants.                         :

## ORIGINAL COMPLAINT

## COUNT I

## FACTS

Comes now Plaintiff-Decedent LEE WIERSMA, by and through his attorneys, JACOBS
& CRUMPLAR, P.A., and in support of his claims against the Defendants, states as follows:

1.     Plaintiff-Decedent LEE WIERSMA resided at 1818 20th Street South, Brookings,
SD  57006 and lived at this address from 1969 to 2007.  Plaintiff-Decedent LEE WIERSMA's
former addresses, during his asbestos exposure, include:  Hamlin, South Dakota.

2.     Plaintiff-Decedent LEE WIERSMA's date of birth is 03/30/1947.   Plaintiff-
Decedent LEE WIERSMA's Social Security Number is 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.

3.     Plaintiff-Decedent LEE WIERSMA alleges no claim arising under the Maritime
Law of the United States or arising under any other law of the United States of America or its
Constitution.  One or more Defendants are citizens of the State of Delaware and this action is not
properly removable on any theory of jurisdictional basis.

4.     Defendants herein are incorporated as follows:

CERTAINTEED CORPORATION is a Delaware Corporation whose registered
agent for service of process is Corporation Trust Center, 1209 Orange Street,
Wilmington, DE  19801.

DAIMLERCHRYSLER CORPORATION f/k/a CHRYSLER CORPORATION is
a  Delaware  Corporation  whose  registered  agent  for  service  of  process  is
Corporation Trust Company, 1209 Orange Street, Wilmington, DE  19801.

DEERE & COMPANY is a Delaware Corporation whose registered agent for
service  of  process  is  Corporation  Trust  Company,  1209  Orange  Street,
Wilmington, DE  19801.

FOSTER  WHEELER  LLC,  Successor-In-Interest  to  FOSTER  WHEELER
CORP. is a Delaware Corporation whose registered agent for service of process is
Corporation Trust Company, 1209 Orange Street, Wilmington, DE  19801.

GENERAL ELECTRIC COMPANY is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

GENERAL MOTORS CORP. is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

GEORGIA-PACIFIC CORPORATION is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

GOULDS PUMPS is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

HONEYWELL INTERNATIONAL, INC., as Successor-In-Interest to BENDIX CORPORATION is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808-1645.

INGERSOLL-RAND COMPANY is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

JOHNSON CONTROLS, INC. is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

NAVISTAR, INC. Individually and as Successor-in-Interest to INTERNATIONAL HARVESTER is a Delaware Corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

R.T. VANDERBILT COMPANY, INC. is a Delaware Corporation whose registered agent for service of process is United States Corporation Company, Corporate Filing Service, Inc., 1013 Centre Road, Wilmington, DE 19805.

RAPID AMERICAN CORPORATION, Successor-In-Interest to the PHILIP CAREY MANUFACTURING CO., PHILIP CAREY CORPORATION and CAREY CANADIAN MINES is a Delaware Corporation whose registered agent for service of process is Prentice-Hall Corporation Systems, Inc., 2711 Centreville Road, Suite 400, Wilmington, DE 19808-1645.

T.H. AGRICULTURE & NUTRITION is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

VIACOM INC., Successor By Merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, DE 19808.

METROPOLITAN LIFE INSURANCE COMPANY is an insurance company licensed to do business in the State of Delaware and as such is subject to service of process by serving the Insurance Commissioner of Delaware, 841 Silver Lake Boulevard, Dover, Delaware 19901.

A.W. CHESTERTON COMPANY is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

BUFFALO PUMPS, INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

CRANE CO. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

CROWN CORK & SEAL CORPORATION, Individually and as Successor-In-Interest to MUNDET CORK CORPORATION is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

THE FORD MOTOR COMPANY is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

GARLOCK INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

GARLOCK SEALING TECHNOLOGIES, LLC is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

IMO INDUSTRIES, INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

LESLIE CONTROLS is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

NATIONAL AUTOMOTIVE PARTS ASSOCIATION is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

REPUBLIC POWDERED METALS, INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

UNION CARBIDE CORPORATION f/k/a UNION CARBIDE CHEMICALS & PLASTICS COMPANY, INC. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

WARREN PUMPS is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104(c) by service upon the Secretary of State of the State of Delaware.

5.    As a result of the Defendants' wrongful conduct, Plaintiff-Decedent LEE WIERSMA developed Mesothelioma and other asbestos-related pulmonary injuries and diseases. Plaintiff-Decedent LEE WIERSMA first became aware that he suffered from said diseases on or about November 2006 and subsequently hereto, became aware that the same was wrongfully caused. As a result of developing Mesothelioma, Plaintiff-Decedent LEE WIERSMA endured great physical pain and suffering, mental anguish and emotional pain and suffering. Further, as a result of Defendants' wrongful conduct, Plaintiff-Decedent LEE WIERSMA was required to review and receive medical treatment to mitigate his Mesothelioma injuries, incurring reasonable and necessary costs for medical care, diagnosis and treatment. These diseases and injuries were permanent.

6.     On July 1, 2007, as a direct and proximate result of Mesothelioma and injuries, Plaintiff LEE WIERSMA died.

7.     Plaintiff LEE WIERSMA was married to Plaintiff JANICE WIERSMA.  As a result of Defendants' wrongful conduct which caused her husband Plaintiff LEE WIERSMA's Mesothelioma and death, Plaintiff JANICE WIERSMA, his wife, has and will continue to suffer a loss of support, consortium and society of her husband, together with related mental anguish and pain and suffering.

8.     Plaintiff JANICE WIERSMA is Executor of the Estate of Plaintiff LEE WIERSMA, deceased, and as such is pursuing the Estate Claims for the injuries Plaintiff-Decedent LEE WIERSMA suffered during his life.

9.     In addition to the Mesothelioma and injuries heretofore mentioned, Plaintiff-Decedent LEE WIERSMA suffered a high risk of developing additional asbestos-related diseases and problems such that he had, until his death in July 2007, a reasonable fear of further disease and continued to receive medical assistance to protect, prevent and minimize such potential future consequences of his exposure to asbestos and asbestos-containing products and the furthering of his asbestos-related diseases and injuries.

10.     The Mesothelioma and problems have put a strain on the physical and emotional system of Plaintiff-Decedent LEE WIERSMA's family and, until his death in July 2007 caused physical pain and suffering, mental anguish, and emotional pain and suffering to Plaintiff-Decedent.

11.     Until Plaintiff-Decedent LEE WIERSMA's death in July 2007 the Mesothelioma resulted in a loss of earnings which would have otherwise accrued Plaintiff-Decedent LEE

WIERSMA.  In addition, the Mesothelioma has mandated additional expenses Plaintiff-Decedent would not have been required to bear.

12.   As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff-Decedent LEE WIERSMA was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff-Decedent LEE WIERSMA to develop Mesothelioma, which disabled and disfigured Plaintiff-Decedent LEE WIERSMA.  Plaintiff-Decedent LEE WIERSMA has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his Mesothelioma.  Plaintiff-Decedent LEE WIERSMA experienced great physical pain and mental anguish as a result of his Mesothelioma.  Plaintiff-Decedent LEE WIERSMA has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

## COUNT II

## EMPLOYMENT EXPOSURE

13.   Plaintiff-Decedent LEE WIERSMA was exposed to asbestos and asbestos-containing products in the course of his employment herein noted:

| Employer | Address | Dates | Work Performed | Site |
|---|---|---|---|---|
| U.S. Navy | | 1965-1969 | Radio operator responsible for repairing and maintaining radio and electrical equipment.  He worked around other sailors repairing pipes, valves, pumps, compressors and boilers aboardship. | U.S.S. Wright U.S.S. Lawrence |
| Gauger Farm | | 1969-1971 | Worked on a farm performing labor work and assisting with repairs to tractors and other farm equipment. | Clear Lake, SD |
| Self-employed in part-time auto racing team | | 1971-1980 | Performed mechanic work, including but not limited to, brake, clutch, and engine repairs and overhauls, as well as driver duties for auto racing. | Brookings, SD |

14.     During the course of Plaintiff-Decedent LEE WIERSMA's asbestos exposure herein noted, Plaintiff-Decedent LEE WIERSMA was wrongly exposed to, inhaled, ingested, and otherwise absorbed asbestos fibers emanating from asbestos-containing products from various sources, which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by Defendants including, but not limited to, industrial and construction products, equipment, machinery, and materials, pipe covering, gaskets, packing, valves, pumps, boilers, compressors, brakes, clutches, engines.

<u>COUNT III</u>

<u>NEGLIGENCE</u>
<u>AS TO MANUFACTURERS, SELLERS, DISTRIBUTORS AND INSTALLERS</u>
<u>OF ASBESTOS PRODUCTS</u>

15.     The allegations in paragraphs One (1) through (14) are re-alleged and incorporated by reference within this Count.  Plaintiff-Decedent LEE WIERSMA's recovery herein is predicated upon the substantive law of the State of Delaware or such law as the Court holds to be applicable.

16.     The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of Plaintiff-Decedent LEE WIERSMA in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos in their products when adequate substitutes, for the asbestos in those products, were available;

(b)     Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as

Plaintiff-Decedent LEE WIERSMA working around them would inhale, ingest, or otherwise absorb asbestos;

(c)    Included asbestos in their products when Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious upon the health of persons inhaling, ingesting or otherwise absorbing them;

(d)    Failed to provide any warning or adequately warn all the potential victims of asbestos, including Plaintiff-Decedent LEE WIERSMA, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated of the unreasonable risks of exposure to, inhaling, ingesting, or otherwise absorbing asbestos fibers, knowing that they will not discover or realize the danger or will fail to protect themselves against it;

(e)    Failed to provide any or adequate instructions concerning the safe methods of working in and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f)    Failed to require and/or advise workers such as Plaintiff-Decedent LEE WIERSMA of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home and thereby exposing family members including Plaintiff-Decedent LEE WIERSMA;

(g)    Failed to adequately test, research and investigate asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants and/or their effects prior to sale, use, and/or exposure of Plaintiff-Decedent LEE WIERSMA, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(h)    Failed to adequately package, distribute and/or use asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of Plaintiff-Decedent LEE WIERSMA, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(i)    Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components; and/or

(j)     Failed to exercise reasonable care to protect Plaintiff-Decedent LEE WIERSMA against the danger and/or take adequate steps to remedy the above failure, including, but not limited to, recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.     During the course of Plaintiff-Decedent LEE WIERSMA's exposure through his employment at the various sites and companies named herein, Plaintiff-Decedent LEE WIERSMA was wrongly exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers, an inherently dangerous and toxic substance emanating from certain products Plaintiff-Decedent LEE WIERSMA was working with or exposed to and around were manufactured, sold, distributed, or installed by Defendants:

A.W. Chesterton
Buffalo Pumps
Certainteed
Crane Co.
Crown Cork & Seal/Mundet
Daimler Chrysler
Deer & Co.
Ford Motor Company
Foster Wheeler
Garlock
General Electric
General Motors
Georgia Pacific
Goulds Pumps
Honeywell International/Bendix
IMO Industries
Ingersoll-Rand
Johnson Controls
Leslie Controls
National Automotive Parts Association
Navistar/International Harvester
R.T. Vanderbilt Company
Rapid American Corporation
Republic Powdered Metals
T.H. Agriculture & Nutrition
Union Carbide Corporation
Viacom/Westinghouse

Warren Pumps

18.     At all times herein set forth, the Defendants' products were being employed in the proper manner and for the purposes for which they were intended.

19.     Plaintiff-Decedent LEE WIERSMA's exposure to and inhalation, ingestion, or absorption of asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

20.     The Defendants knew or should have known that the asbestos fibers used and/or contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

<u>**COUNT IV**</u>

<u>**STRICT LIABILITY**</u>

21.     The allegations in paragraphs one (1) through     (20) are re-alleged and incorporated by reference within this Count.  Plaintiff-Decedent LEE WIERSMA's recovery herein is predicated upon the substantive law of the State of Delaware or such law as the Court holds to be applicable.

22.     At the time each and all Defendants used, installed, manufactured, sold and distributed the asbestos-containing products to which Plaintiff-Decedent LEE WIERSMA was exposed, said products were in a defective condition and unreasonably dangerous in that:

   (a)     Said products contained friable asbestos fibers as a constituent substance;

   (b)     Said fibers were highly toxic, deleterious, poisonous and harmful to the health of Plaintiff-Decedent LEE WIERSMA and others similarly situated; and

   (c)     Said products were not accompanied by any warning/instructions or by inadequate warning/instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing products.

23.     Said products reached the point of Plaintiff-Decedent LEE WIERSMA's exposure in substantially the same condition as when used, manufactured, distributed, and sold.

24.     At all times relevant hereto, said products were used in the manner and environment intended, and in the manner reasonably foreseeable and anticipated by each of the Defendants.

25.     Defendants are strictly liable to Plaintiff-Decedent LEE WIERSMA for all injuries and damages that were contracted as a direct and proximal result of his exposure to asbestos from said products.

26.     Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to Plaintiff-Decedent LEE WIERSMA for all injuries and damages which were contracted thereby.

27.     All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos, asbestos-containing products and all equipment necessary for their use are strictly liable to Plaintiff-Decedent LEE WIERSMA for all the injuries and damages which were contracted thereby.

28.     The handling of asbestos packages, installation, removal and use of asbestos and asbestos-containing products is an ultra-hazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff-Decedent LEE WIERSMA's injuries which were caused thereby.

29.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use.  Defendants violated this warranty, as the product was neither

packaged nor provided in a method proper for its intended use, and are strictly liable to the Plaintiff-Decedent LEE WIERSMA for all injuries caused thereby.

30.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff-Decedent LEE WIERSMA was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff-Decedent LEE WIERSMA to develop Mesothelioma, which has disabled and disfigured Plaintiff-Decedent LEE WIERSMA.  Plaintiff-Decedent LEE WIERSMA has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his Mesothelioma.  Plaintiff-Decedent LEE WIERSMA experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions. Plaintiff-Decedent LEE WIERSMA has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

**COUNT V**

**WILLFUL AND WANTON CONDUCT**
**AS TO MANUFACTURERS, SELLERS, DISTRIBUTORS, AND INSTALLERS**
**OF ASBESTOS PRODUCTS**

31.     The allegations in paragraphs one (1) through  (30) are re-alleged and incorporated by reference within this Count.  Plaintiff-Decedent LEE WIERSMA's recovery herein is predicated upon the substantive law of the State of Delaware or such law as the Court holds to be applicable.

32.     The following Defendants named herein had a duty to refrain from willful, wanton, intentional and/or reckless acts and/or omissions which would harm Plaintiff-Decedent LEE WIERSMA:

A.W. Chesterton
Buffalo Pumps
Certainteed
Crane Co.
Crown Cork & Seal/Mundet
Daimler Chrysler
Deer & Co.
Ford Motor Company
Foster Wheeler
Garlock
General Electric
General Motors
Georgia Pacific
Goulds Pumps
Honeywell International/Bendix
IMO Industries
Ingersoll-Rand
Johnson Controls
Leslie Controls
National Automotive Parts Association
Navistar/International Harvester
R.T. Vanderbilt Company
Rapid American Corporation
Republic Powdered Metals
T.H. Agriculture & Nutrition
Union Carbide Corporation
Viacom/Westinghouse
Warren Pumps

33.     Defendants named herein willfully and wantonly for their own economic gain and

with reckless indifference to the health and safety of Plaintiff-Decedent LEE WIERSMA's wife

and Plaintiff-Decedent LEE WIERSMA, as well as other business invitees, users, bystanders,

household members, members of the general public, and others similarly situated, are guilty of

one or more of the following acts and/or omissions:

(a)     Intentionally or with reckless disregard for the safety of Plaintiff-Decedent
LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, included
asbestos in their products when adequate substitutes for the asbestos was
available;

(b)     Intentionally or with reckless disregard for the safety of Plaintiff-Decedent
LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, failed to
substitute, suggest, promote or require the substitution of materials other

than asbestos in their products when adequate substitutes for the asbestos in those products were available;

(c)     Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff Plaintiff-Decedent LEE WIERSMA working around them would inhale, ingest, or otherwise absorb asbestos;

(d)     Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, included asbestos in their products when Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(e)     Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, failed to provide any warning or adequately warn all the potential victims of asbestos, including Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated of the unreasonable risks of exposure to, inhaling, ingesting, or otherwise absorbing asbestos fibers, knowing that they will not discover or realize the danger or will fail to protect themselves against it;

(f)     Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, failed to provide any or adequate instructions concerning the safe methods of working in and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(g)     Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, failed to require and/or advise workers such as Plaintiff-Decedent LEE WIERSMA's wife of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home and thereby exposing family members;

(h)     Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, failed to adequately test, research and investigate asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants

and/or their effects prior to sale, use, and/or exposure of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(i)   Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, failed to adequately label, warn, market, package, distribute, install, remove, and/or use asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants in a reasonable manner which would minimize the escape of asbestos fibers therefore adding to the exposure of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(j)   Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components;

(k)   Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, failed to exercise reasonable care to protect Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, against the danger and/or take adequate steps to remedy the above failure, including, but not limited to, recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place; and/or

(l)   Intentionally or with reckless disregard for the safety of Plaintiff-Decedent LEE WIERSMA's wife and Plaintiff-Decedent LEE WIERSMA, other business invitees, users, bystanders, household members, members of the general public and others similarly situated, concealed information concerning the health effects of exposure to asbestos knowing that they would not discover or realize the danger or would fail to protect themselves against it.

34.   The aforementioned Defendants, knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

(a)     Conceal the existence, nature and extent of that risk;

(b)     Failed to warn and disclose the existence, nature and extent of that unreasonable risk to Plaintiff-Decedent LEE WIERSMA's wife, Plaintiff-Decedent LEE WIERSMA, other business invitees, users, bystanders, household members, members of the general public and others similarly situated; and/or

(c)     That the aforementioned Defendants knew or should have known of the unreasonable risk and that invitees such as Plaintiff-Decedent LEE WIERSMA's wife, Plaintiff-Decedent LEE WIERSMA, other business invitees, users, bystanders, household members, members of the general public and others similarly situated; would not be expected to discover or realize the danger or would fail to protect themselves against it.

35.     The Defendants had reason to expect that Plaintiff-Decedent LEE WIERSMA, whose injuries were caused by his exposure to Defendants' asbestos-containing products, was within the class of persons whose actions or inaction would be materially affected by the aforementioned concealment and nondisclosure.

36.     No manufacturer or supplier who had or should have had knowledge of the dangers of asbestos provided any information to the user of its products or the customers of its products that warned that removing asbestos-containing materials, at least up until 1980, caused deadly illness.   No manufacturer provided any information on how to safely remove these asbestos-containing products at any time to any one who they could identify had purchased these asbestos-containing products.

37.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff-Decedent LEE WIERSMA was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff-Decedent LEE WIERSMA to develop Mesothelioma, which has disabled and disfigured Plaintiff-Decedent LEE WIERSMA.   Plaintiff-Decedent LEE WIERSMA has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for

the treatment of his Mesothelioma.  Plaintiff-Decedent LEE WIERSMA has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions. Plaintiff-Decedent LEE WIERSMA has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

38.    In addition to Compensatory Damages, an award of Punitive Damages is appropriate and necessary in order to punish each of the Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

## COUNT VI

### CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY

39.    The allegations in paragraphs one (1) through (38) are re-alleged and incorporated by reference within this Count.  Plaintiff-Decedent LEE WIERSMA's recovery herein is predicated upon the substantive law of the State of Delaware or such law as the Court holds to be applicable.

40.    Defendant **METROPOLITAN LIFE INSURANCE COMPANY** agreed and conspired with the Defendants named herein and with other miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

41.    Defendant **METROPOLITAN LIFE INSURANCE COMPANY,** as well as other members of the asbestos industry, including, but not limited to, Defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions

of their findings and/or refrained from publishing anything.   Furthermore, Metropolitan Life Insurance Company financially aided the asbestos industry in its endeavors to mislead and obfuscate.

42.     The Defendants knowingly and willfully conspired among themselves to perpetuate the actions and omissions referred to herein, as well as aided and abetted their co-defendants and manufacturers of asbestos-containing products, in keeping the Plaintiff-Decedent LEE WIERSMA, Plaintiff-Decedent LEE WIERSMA's wife, other business invitees, users, bystanders, household members, members of the general public and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos-containing products, knowing that they would not discover or realize the danger or would fail to protect themselves against it.

43.     The Defendants directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)     Had no adequate basis for such representations; and/or

(b)     Knew that a significant health hazard to human life existed from asbestos.

44.     Defendants had reason to expect that as a result of such representation, Plaintiff-Decedent LEE WIERSMA, Plaintiff-Decedent LEE WIERSMA's wife, other business invitees, users, bystanders, household members, members of the general public and others similarly situated would be exposed to asbestos.

45.     Even after the dangers of asbestos finally began to be known to Plaintiff-Decedent LEE WIERSMA, Plaintiff-Decedent LEE WIERSMA's wife, other business invitees, users, bystanders, household members, members of the general public or others similarly situated, Defendants continued to act wrongfully, both individually and together, in a conspiracy to

mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

    (a)    Prevent and delay Plaintiff-Decedent LEE WIERSMA and others similarly situated from filing legal action to recover for these injuries; and/or

    (b)    Defeat and/or delay such legal actions and the final collection of any judgment.

46.    Similarly, Defendants aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos-containing products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

47.    As a direct and proximate result of the above wrongful conspiracy of the Defendants, Plaintiff-Decedent LEE WIERSMA was exposed to asbestos and Plaintiff-Decedent LEE WIERSMA developed Mesothelioma and sustained the injuries described herein.

48.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff-Decedent LEE WIERSMA was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff-Decedent LEE WIERSMA to develop Mesothelioma, which has disabled and disfigured Plaintiff-Decedent LEE WIERSMA.  Plaintiff-Decedent LEE WIERSMA has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his Mesothelioma.  Plaintiff-Decedent LEE WIERSMA has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions. Plaintiff-Decedent LEE WIERSMA has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

## COUNT VII

## LOSS OF CONSORTIUM

49.     The allegations in paragraphs one (1) through (48) are re-alleged and incorporated by reference within this Count.   Plaintiff-Decedent LEE WIERSMA's recovery herein is predicated upon the substantive law of the State of Delaware or such law as the Court holds to be applicable.

50.     Plaintiff JANICE WIERSMA was married to Plaintiff LEE WIERSMA.   As a result of Defendants' wrongful conduct which caused her husband's above stated asbestos-related diseases and death, Plaintiff JANICE WIERSMA, his wife, has and will continue to suffer a loss of support, consortium and society of her husband, together with related mental anguish and pain and suffering.

WHEREFORE, Plaintiff-Decedent LEE WIERSMA demands judgment against each of the Defendants jointly and severally for such sums, including, but not limited to, prejudgment interest, as would be necessary to compensate the Plaintiff-Decedent LEE WIERSMA for the injuries he suffered.

Plaintiff-Decedent LEE WIERSMA further demands judgment against each of the Defendants for punitive damages.

Plaintiff-Decedent LEE WIERSMA further demands payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiff-Decedent LEE WIERSMA further demands payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**JACOBS & CRUMPLAR, P.A.**

By:  /s/ Thomas C. Crumplar, Esquire
       Thomas C. Crumplar  DE #0942
       2 East 7th Street
       P.O. Box 1271
       Wilmington, DE 19899
       (302) 656-5445

**ATTORNEYS FOR PLAINTIFFS**

DATE:  January 25, 2007

S:\Asbestos\Asbestos Case Folders\Referral Cases - Fleming Law Firm (Texas-Dave)\Wiersma,
Lee\ORIGINAL CMPL FILE\Orig Cmpl.doc