ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:10-cv-07345-GBD

Clark v. Georgia-Pacific, LLC et al
Assigned to: Judge George B. Daniels
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 09/23/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Willie Otis Clark**                    represented by    **Donald Patrick Blydenburgh**
Levy Phillips & Konigsberg, LLP
800 Third Avenue
New York, NY 10022
(212) 605-620
Fax: (212) 605-6290
Email: dblydenburgh@lpklaw.com
*ATTORNEY TO BE NOTICED*

**Jerome Howard Block**
Levy, Phillips & Konigsberg, LLP
800 Third Avenue
13th Floor
New York, NY 10022
(212) 605-6270
Fax: (212) 605-6290
Email: jblock@lpklaw.com
*ATTORNEY TO BE NOTICED*

**Sharon Jessica Zinns**
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 605-6200
Fax: (212) 605-6290
Email: szinns@lpklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Georgia-Pacific, LLC**
*formerly known as*
Georgia-Pacific Corporation

**Defendant**

**Kelly Moore Paint, Co.**

<u>Defendant</u>

**The Dow Chemical Company**
*(individually and as successor to Union*
*Carbide Corporation)*

<u>Defendant</u>

**Union Carbide Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2010 | 1 | COMPLAINT against Georgia-Pacific, LLC, Kelly Moore Paint, Co., The Dow Chemical Company, Union Carbide Corporation. (Filing Fee $ 350.00, Receipt Number 915750)Document filed by Willie Otis Clark.(mbe) (Entered: 09/27/2010) |
| 09/23/2010 | | SUMMONS ISSUED as to Georgia-Pacific, LLC, Kelly Moore Paint, Co., The Dow Chemical Company, Union Carbide Corporation. (mbe) (Entered: 09/27/2010) |
| 09/23/2010 | | Magistrate Judge Frank Maas is so designated. (mbe) (Entered: 09/27/2010) |
| 09/23/2010 | | Case Designated ECF. (mbe) (Entered: 09/27/2010) |
| 09/29/2010 | 2 | ORDER FOR INITIAL PRETRIAL CONFERENCE. Initial Conference set for 1/19/2011 at 09:30 AM in Courtroom 21D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (Signed by Judge George B. Daniels on 9/28/10) (rjm) (Entered: 09/29/2010) |
| 10/01/2010 | 3 | NOTICE OF APPEARANCE by Sharon Jessica Zinns on behalf of Willie Otis Clark (Attachments: # 1 Certificate of Service of Notice of Appearance of Sharon J. Zinns)(Zinns, Sharon) (Entered: 10/01/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/26/2010 15:18:04 | | |
| **PACER Login:** ld1115 | **Client Code:** | GP Clark |
| **Description:** Docket Report | **Search Criteria:** | 1:10-cv-07345-GBD |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

WILLIE OTIS CLARK,

              Plaintiff,

      -against-

GEORGIA-PACIFIC, LLC (f/k/a Georgia-Pacific
Corporation),
KELLY MOORE PAINT, CO.,
THE DOW CHEMICAL COMPANY (individually
and as successor to Union Carbide Corporation), and
UNION CARBIDE CORPORATION,

              Defendants.

-----------------------------------------------------------X

**10 CIV 7345**

Civil Action No.

**COMPLAINT**

Plaintiff demands a trial by jury

Plaintiff, as and for his Complaint, by his attorneys, LEVY PHILLIPS &
KONIGSBERG LLP, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff WILLIE OTIS CLARK is 54 years old, a resident of Mississippi, and suffers from mesothelioma, a cancer linked to asbestos exposure. Plaintiff WILLIE OTIS CLARK has filed this lawsuit to recover compensatory and punitive damages against various defendants.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1333 (a) the matter in controversy exceeds $75,000 exclusive of interests and costs; and (b) the matter is between citizens of different states.

3. Venue is proper under 28 U.S.C. §1391 (a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

Specifically, at all relevant time of Plaintiff's exposure to asbestos and asbestos-containing products[1] designed, marketed, manufactured, distributed, supplied and sold by Defendant Union Carbide Corporation, Union Carbide Corporation was a New York corporation with its headquarters in this judicial district at 270 Park Avenue, New York, New York.

## THE PARTIES

### I.    THE PLAINTIFF

4.    Plaintiff WILLIE OTIS CLARK resides in Ellisville, Jones County, Mississippi. He is a citizen of the State of Mississippi. WILLIE OTIS CLARK was born on December 30, 1955.

5.    Plaintiff WILLIE OTIS CLARK was diagnosed with mesothelioma, a cancer caused by exposure to asbestos, on or about July 16, 2010.

6.    At present, the Plaintiff WILLIE OTIS CLARK is undergoing medical treatment for his disease, including hospice care, at his home in Ellisville, Mississippi. However, death is imminent as there is no remedy for mesothelioma.

7.    As a proximate result of defendants' misconduct, which is detailed below, Plaintiff WILLIE OTIS CLARK has developed mesothelioma; he has endured, and will continue to endure rounds of debilitating cancer treatments and medical procedures; he has experienced, and will experience, physical pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, disabilities, and loss of bodily functions; he has incurred, and will continue to incur medical expenses; and he has suffered from any and all other damages associated with the diagnosis, treatment, and medical course of his cancer and has

---

[1] Throughout this Complaint, Plaintiff's references to "asbestos-containing products" includes asbestos, asbestos-containing products, products designed to be used with asbestos-containing products, and/or products that it was foreseeable would be used with asbestos-containing products.

otherwise suffered injury and damages.  Plaintiff WILLIE OTIS CLARK has incurred and will continue to incur substantial loss of income.

## II.    THE DEFENDANTS

8.    Upon information and belief, and at all times hereinafter mentioned, Georgia-Pacific, LLC (f/k/a Georgia-Pacific Corporation) (hereinafter "**Georgia-Pacific**") is a Georgia business entity with its principal place of business located in Georgia. For the purposes of this Complaint, Georgia-Pacific shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Georgia-Pacific: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Georgia-Pacific designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

9.    Upon information and belief, and at all times hereinafter mentioned, Kelly-Moore Paint Company, Inc. (hereinafter "**Kelly-Moore**") is a California corporation with its principal place of business located in California. For the purposes of this Complaint, Kelly-Moore shall include the present corporation, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Kelly-Moore: (a) was and still is a foreign corporation, duly

{00203626.DOC}                                          3

authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Kelly-Moore designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

      10.    Upon information and belief, and at all times hereinafter mentioned, The Dow Chemical Company (individually and as successor to Union Carbide Corporation) (hereinafter "Dow") is a Delaware corporation with its principal place of business located in Michigan. For the purposes of this Complaint, Dow shall include the present corporation, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Dow: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Dow designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

11.     Upon information and belief, and at all times hereinafter mentioned, Union Carbide Corporation (hereinafter "**Union Carbide**") is currently a Texas corporation with its principal place of business located in Texas. For the purposes of this Complaint, Union Carbide shall include the present corporation, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Union Carbide: (a) was, at the relevant time, a New York corporation with its headquarters in this judicial district at the Union Carbide Building at 270 Park Avenue, New York, New York; (b) is now a foreign corporation, duly authorized to do business in the State of New York; (c) in person or through an agent, transacts business in the State of New York; (d) regularly does and/or solicits business within the State of New York; (e) derives substantial revenue from goods used or consumed in the State of New York; (f) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (g) owns, uses or possesses real property situated within the State of New York. At all relevant times, Union Carbide designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

12.     All Defendants herein were, at all times pertinent, directly or indirectly engaged in the specification, mining, manufacturing, distribution, sales, licensing, leasing, installation, removal or use of asbestos, asbestos-containing products, products designed to be used with asbestos-containing products, and/or products that it was foreseeable would be used with asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment, procedures, or

technology necessary to mine, manufacture, sell, distribute, install, remove and use asbestos and asbestos-containing products.

## COUNT I

## NEGLIGENCE

13.     The allegations in paragraphs One (1) through Twelve (12) above are realleged and incorporated by reference within this Count.

14.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of WILLIE OTIS CLARK and others working with and around the Defendants' asbestos-containing products.

15.     Defendants negligently produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

16.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

17.     As a designer, developer, manufacturer, distributor, supplier and seller of the above-described asbestos and asbestos-containing products, and/or machinery requiring the use of asbestos and/or asbestos-containing products, and Defendants owe a duty to foreseeable users and handlers of said products, to use ordinary care in designing, manufacturing, marketing, supplying and selling said products in such a manner as to render them safe for their intended and foreseeable users.

18.     The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of WILLIE OTIS CLARK in one or more of the following respects:

a.     Included asbestos in their products when the Defendants knew or should have known that said asbestos would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

b.     Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as WILLIE OTIS CLARK, working with or around them, would inhale, ingest or otherwise absorb asbestos;

c.     Included asbestos in their products when adequate substitutes for the asbestos were available;

d.     Failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.     Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.     Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as WILLIE OTIS CLARK might be exposed while working with or around the products; and,

g.     Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

19.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, WILLIE OTIS CLARK was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing WILLIE OTIS CLARK to develop the aforesaid asbestos disease, which disabled and disfigured WILLIE

OTIS CLARK; WILLIE OTIS CLARK has in the past and will in the future be compelled

to expend and become liable for large sums of monies for hospital, medical and other

health care services necessary for the treatment of his asbestos-induced disease and

conditions; WILLIE OTIS CLARK has in the past and will in the future experience great

physical pain and mental anguish as a result of his asbestos-induced disease and conditions.

Plaintiff WILLIE OTIS CLARK has incurred and will continue to incur substantial loss of

income.

## COUNT II

### STRICT PRODUCT LIABILITY

20.    The allegations in paragraphs One (1) through Nineteen (19) above are

realleged and incorporated by reference within this Count.

21.    The Defendants placed their asbestos and asbestos-containing products on

the market and knew or should have known they would be used without inspection for

defects.

22.    Defendants failed to design, manufacture, market, distribute, supply and sell

asbestos and asbestos-containing products and/or machinery requiring the use of asbestos

and/or asbestos-containing products in such a manner as to render them safe for their

intended and foreseeable uses. By way of example and not limitation, Defendants:

   a. Failed to design, develop, manufacture and test the asbestos,
    asbestos-containing products and/or machinery requiring the use of
    asbestos and/or asbestos-containing products in such a manner as to
    render them safe for their intended and foreseeable users, when
    Defendants knew or should have known that the foreseeable use of
    intended purpose of its products was by persons, specifically
    Plaintiff WILLIE OTIS CLARK, who worked with and around said
    products;

b.      Marketed and sold said products while the same was in an unreasonably dangerous and defective condition, presenting a hazardous risk to Plaintiff WILLIE OTIS CLARK'S well-being;

c.      Failed to recall or attempt to repair the defective products when Defendants were and had been aware of the propensity of said products to injure Plaintiff WILLIE OTIS CLARK;

d.      Failed to properly test said products to ensure that they were reasonably safe for use throughout their product lifetime.

23.    Moreover, when Defendants' asbestos and asbestos-containing products left the Defendants' possession and were placed on the market, the products were defective in that:

a.      When used in the intended or reasonably foreseeable manner, the products were not reasonably safe for their intended use;

b.      When used in the intended or reasonably foreseeable manner, the products failed to perform as safely as would be expected by an ordinary user or consumer;

c.      When used in the intended or reasonably foreseeable manner, the products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

24.    Defendants violated the requirements of Section 402A of the Restatement of Torts, 2d, as adopted by the Supreme Court of the State of Ohio, all of which proximately resulted in Plaintiff WILLIE OTIS CLARK' asbestos-related disease.

25.    Additionally, although Defendants knew or, in the exercise of ordinary care, should have known that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious, and highly harmful to Plaintiff WILLIE OTIS CLARK's health, Defendants nonetheless:

a.      Failed to advise or warn Plaintiff WILLIE OTIS CLARK of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

{00203626.DOC}                9

b.  Failed to provide Plaintiff WILLIE OTIS CLARK with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if any, to protect Plaintiff WILLIE OTIS CLARK from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

c.  Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Plaintiff WILLIE OTIS CLARK of the dangers to health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

d.  Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

26.  Defendants' products were also defective due to inadequate warning or instruction during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Plaintiff WILLIE OTIS CLARK.

27.  As a direct and proximate result of using Defendants' asbestos and asbestos-containing products for the general purpose for which they were designed and intended, WILLIE OTIS CLARK was exposed to asbestos, contracted mesothelioma and has suffered and continues to suffer the injuries and damages set forth herein.

28.     Accordingly, Defendants are strictly liable to Plaintiff WILLIE OTIS CLARK for their failure to warn, and for defective design and manufacture and/or marketing, distributing, supplying and selling a defective product.

## COUNT III

## BREACH OF WARRANTY

29.     Defendants caused Plaintiff's injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos-containing products and raw materials which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Plaintiff had a right to rely and did rely.

30.     As a direct and proximate result of the breaches of these warranties, WILLIE OTIS CLARK was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing WILLIE OTIS CLARK to develop the aforesaid asbestos disease, which disabled and disfigured WILLIE OTIS CLARK; WILLIE OTIS CLARK has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; WILLIE OTIS CLARK has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions. Plaintiff WILLIE OTIS CLARK has incurred and will continue to incur substantial loss of income.  Defendants are liable to Plaintiff for his damages.

## COUNT IV

## PREMISES LIABILITY – NEGLIGENCE AND RECKLESSNESS

31.     The allegations in paragraphs One (1) through Thirty (30) above are realleged and incorporated by reference within this Count.

32.     During the course of Plaintiff WILLIE OTIS CLARK's employment, WILLIE OTIS CLARK was required to work on the premises under the care, custody and control of Defendant Dow Chemical Company, Inc. In the course of such work, Dow negligently exposed WILLIE OTIS CLARK to asbestos and/or asbestos-containing products, all of which were within the care, custody and control of Dow.

33.     Dow and its designated executive officers negligently failed in the performance of their responsibilities and/or actual undertakings to provide Plaintiff with a safe work environment by various acts and omissions, including, but not limited to:

  a.    Allowing the purchase, installation and usage of asbestos and/or asbestos-containing materials in and throughout the building;

  b.    Allowing the installation and/or usage of asbestos and/or asbestos-containing materials while Plaintiff WILLIE OTIS CLARK herein was present and/or working in close proximity thereto;

  c.    Acting and/or failing to act in a reasonable safe manner to prevent Plaintiff WILLIE OTIS CLARK from coming into contact with airborne asbestos fibers;

  d.    Failing to properly ventilate the area in which WILLIE OTIS CLARK was required to enter in connection with his work;

  e.    Failing to provide Plaintiff herein with adequate warning and/or instruction as to the presence, location and hazardous nature of asbestos and/or asbestos-containing materials;

  f.    Failing to warn WILLIE OTIS CLARK of the dangers posed by the polluted atmosphere in which he was required to work including but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of

lung cancer caused by asbestos exposure to person with pre-existing smoking habits;

g.   Failing to provide Plaintiff WILLIE OTIS CLARK with adequate safety equipment including but not limited to protective enclosures, clothing and respirators to prevent the exposure to asbestos and asbestos-containing materials;

h.   Failing to institute safety procedures and plans for the adequate protection of WILLIE OTIS CLARK;

i.   Failing to enforce applicable safety rules after such rules were actually adopted;

j.   Failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and the protection against, the occupational exposure to asbestos;

k.   Failing to properly supervise operations, including without limitation the method and manner of work with asbestos and asbestos-containing products;

l.   Failing to properly instruct Plaintiff on the method and manner of installing, removing, manipulating and handling asbestos and asbestos-containing products;

m.
Commencing and continuation of operations which were under their control and supervision when they knew or should have known that such operations caused WILLIE OTIS CLARK to be exposed to asbestos dust, without protection;

n.   Failing to abide by the applicable state and federal regulations regulating the premises' exposure to asbestos, including but not limited to those regulations promulgated by the U.S. Department of Labor, pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act;

o.   Failing to measure the levels of asbestos dust in the premises working environment;

p.   Intentionally or with reckless disregard for the safety of WILLIE OTIS CLARK, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, thereby adding to the exposure of WILLIE OTIS CLARK and others similarly situated; and

{00203626.DOC}                         13

q. Intentionally or with reckless disregard for the safety of WILLIE OTIS CLARK, failed to take adequate steps to remedy the above failures, including but not limited to: (1) failure to recall or require removal of asbestos and asbestos products; coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it sage; and (3) failure to promptly and safely remove the asbestos now in place.

34. It was reasonably foreseeable that the negligence of **Dow**, as set forth above, would result in exposure to asbestos of workers such as WILLIE OTIS CLARK.

35. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the premises defendant, WILLIE OTIS CLARK was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing WILLIE OTIS CLARK to develop the aforesaid asbestos disease, which disabled and disfigured WILLIE OTIS CLARK; WILLIE OTIS CLARK has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; WILLIE OTIS CLARK has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions. Plaintiff WILLIE OTIS CLARK has incurred and will continue to incur substantial loss of income.

## COUNT V

### PREMISES LIABILTY - FAILURE TO WARN

36. The allegations in paragraph One (1) through Thirty-Five (35) above are realleged and incorporated by reference within this Count.

{00203626.DOC}                    14

37.     That all times material hereto, Dow knew or should have known of the harmful effects of exposure to asbestos dust and fibers to human health, including the health of Plaintiff WILLIE OTIS CLARK.

38.     That Dow had a duty to warn individuals working within its premises of the existence and danger of asbestos-containing materials that had been purchased, supplied, assembled, installed, removed, transported and/or otherwise handled by the Defendants, their agents and/or employees on the premises.

39.     That Dow breached that duty by failing to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them.

40.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of the Defendants, WILLIE OTIS CLARK was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing WILLIE OTIS CLARK to develop the aforesaid asbestos disease, which disabled and disfigured WILLIE OTIS CLARK; WILLIE OTIS CLARK has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; WILLIE OTIS CLARK has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions. Plaintiff WILLIE OTIS CLARK has incurred and will continue to incur substantial loss of income.

## COUNT VI

### FRAUDULENT CONDUCT, MALICE AND GROSS NEGLIGENCE

41.    The allegations in paragraph One (1) through Forty (40) above are realleged and incorporated by reference within this Count.

42.    The Defendants had a duty to refrain from gross negligence, fraud and/or malicious acts or omissions which would harm WILLIE OTIS CLARK.

43.    Defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice and gross negligent:

   a.    Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as WILLIE OTIS CLARK working with or around their products would inhale, ingest or otherwise absorb asbestos;

   b.    Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of person inhaling, ingesting or otherwise absorbing them;

   c.    Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, included asbestos in their products when adequate substitutes for the asbestos in them was available;

   d.    Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, removed any warnings regarding the dangers of asbestos from the packaging of asbestos-containing products supplied to persons working with an around the products and using the products in their intended and/or reasonably foreseeable manner;

   e.    Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

   f.    Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, failed to provide any or adequate instructions

concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

g. Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as WILLIE OTIS CLARK might be exposed while working with and around the products;

h. Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, thereby adding to the exposure of WILLIE OTIS CLARK and others similarly situated;

i. Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, failed to take adequate steps to remedy the above failures, including but not limited to: (1) failure to recall or require removal of asbestos and asbestos products; coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe; and (3) failure to promptly and safely remove the asbestos now in place; and

j. Intentionally or with gross negligence for the safety of WILLIE OTIS CLARK, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

51.    As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, WILLIE OTIS CLARK was exposed to asbestos, has contracted mesothelioma and has suffered and continues to suffer the injuries and damages as described herein.

52.    Defendants' actions, as stated herein, constitute a flagrant disregard for the rights and safety of Plaintiffs and by engaging in such actions, Defendants acted with gross

negligence, fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Plaintiff WILLIE OTIS CLARK.

WHEREFORE, Plaintiff, as a direct and proximate result of the negligence and conduct of each Defendant, has suffered and will continue to suffer great pain and severe mental anguish.

Plaintiff, as a direct and proximate result of the negligence of other conduct of Defendants, has incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined, and will continue to incur such expenses into the future.

Plaintiff, as a direct and proximate result of the negligence and other conditions of Defendants, has suffered economic damages and will continue to suffer them throughout their lifetimes.

The aforesaid acts and/or omissions of Defendants were grossly negligent, fraudulent and malicious.

Plaintiff demands judgment against Defendants jointly and severally in an amount in excess of One Hundred Thousand Dollars ($100,000.00); punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and such other and further relief that this Court deems appropriate.

A trial by jury is hereby demanded as to all counts.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

*LEVY PHILLIPS & KONIGSBERG, LLP*

BY: _____
Jerome H. Block, Esq (JB█████)
Donald P. Blydenburgh, Esq. (DB█████)
800 Third Avenue
New York, NY 10022
Telephone: (212) 605-6200
Fax: (212) 605-6290

Attorneys for Plaintiff

Dated: September 22, 2010