BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 875 IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Kwang Scanlon. v. Asbestos Companies, et al.,* C.D. CALIFORNIA, C.A. NO. 2:10-07264

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER NO. 341**

COME NOW Plaintiff and hereby files the following brief opposing the transfer of their case from the Central District of California to the Eastern District of Pennsylvania until such time as the Central District of California has the opportunity to rule upon Plaintiffs' Amended Motion for Remand, which was filed in that Court on November 8, 2010.

**INTRODUCTION**

Defendant Buffalo Pumps, Inc. ("Buffalo Pumps") wrongfully removed this case from state court to federal court, claiming federal officer removal was warranted because Buffalo Pumps could establish a "colorable federal defense" pursuant to *Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988) and *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992). This case does not belong in federal court; there is no federal subject matter jurisdiction. Buffalo Pumps is entirely unable to demonstrate that it can avail itself of the governmental contractor affirmative defense as established by *Boyle* and interpreted by the Ninth Circuit in *In re Hawaii*. Thus, on November 8, 2010, Plaintiff filed an Amended Motion for Remand asking the Central District of California to apply the clear dictates of the holding in *In re Hawaii* – a factually analogous asbestos-

1

disease case – and remand this lawsuit back to state court.  The Central District of California has yet to issue a ruling on Plaintiff's Motion.  Thus, Plaintiff respectfully requests that, in the interests of justice and judicial economy, this case not be transferred by this Panel to the Eastern District of Pennsylvania until such time as the Central District of California has been offered the opportunity to rule upon Plaintiff's Motion and uphold the continuing vitality of its opinion in *In re Hawaii*.

## PROCEDURAL HISTORY

On April 22, 2008, Michael Scanlon and his wife Kwang filed a personal injury and loss of consortium action in the Superior Court of the State of California, County of Los Angeles against Buffalo Pumps and many other defendants, alleging that the products and activities of the defendants exposed Mr. Scanlon to asbestos, thereby causing injury.  (Plaintiffs' Complaint, attached hereto as Exhibit "A").  Plaintiffs alleged that the Defendants' products and activities exposed Mr. Scanlon to asbestos throughout his career, including while serving his country in the U.S. Navy aboard the U.S.S. Piedmont from 1964 to 1966. (Plaintiff's Responses to Standard Interrogatories, attached hereto as Exhibit "B").  On February 13, 2010, Michael Scanlon died at the age of 66 after developing mesothelioma, a terminal cancer caused by his exposure to asbestos. (Death Certificate of Michael Scanlon, dated February 23, 2010, attached hereto as Exhibit "C").  After Mr. Scanlon's death, his wife, Kwang, filed an amended Complaint for Wrongful Death and Survival on August 13, 2010.  (Plaintiff's Complaint for Wrongful Death and Survival, attached hereto as Exhibit "D").

On September 29, 2010, Buffalo Pumps wrongly removed this case to federal court.  (Buffalo Pumps's Notice of Removal, attached hereto as Exhibit "E").  Since that

time, Plaintiff has strenuously opposed the removal and sought remand on the basis that federal courts lack subject matter jurisdiction over this action. (Plaintiff's Amended Motion for Remand, dated November 8, 2010, attached hereto as Exhibit "F"). Pursuant to the clear dictates of *Boyle* and *In re Hawaii*, Buffalo Pumps does not have a "colorable federal defense" to this lawsuit because its asbestos-containing products sold to the Navy were substantially similar to Buffalo Pumps products readily available on the commercial market, and therefore do not qualify as "military equipment." (*Id.* at p. 5-6). Thus, as a threshold matter, Buffalo Pumps's removal is entirely without legal support. Further, Buffalo Pumps cannot meet its burden under *Boyle*'s first and second prongs because the Navy did not approve "reasonably precise specifications" for Buffalo Pumps's asbestos-containing products that conflicted with state tort law. (*Id.* at p. 4) Finally, Buffalo Pumps cannot meet its burden under *Boyle*'s third prong because Buffalo Pumps has no evidence indicating that it warned the Navy about the hazards of its products that were known to Buffalo Pumps, but not to the Navy. (*Id.* at p. 7-9). Plaintiff's Motion for Remand is set for hearing on December 6, 2010 before District Court Judge Stephen V. Wilson. (*Id.*).

On October 21, 2010, this Court issued Conditional Transfer Order 341 in the Kwang Scanlon v. Asbestos Companies case. (United States Judicial Panel on Multidistrict Litigation Conditional Transfer Order 341, attached hereto as Exhibit "G"). Plaintiff submitted an opposition to the conditional transfer order on October 26, 2010. (Plaintiff's Notice of Opposition to CTO-341-Tag-Along Actions, attached hereto as Exhibit "H").

**ARGUMENT**

The federal statute governing multidistrict litigation provides that actions may be transferred "by the judicial panel on multidistrict litigation authorized by this section *upon its determination that transfers for such proceedings . . . will promote the just and efficient conduct of such actions*." 28 U.S.C. § 1407(a) (emphasis added). "The Panel's statutory mandate is to weigh the interests of all parties . . . in light of the purposes of Section 1407." *In re Stirling Homex Corp. Sec. Litig.*, 442 F. Supp. 547, 550 (J.P.M.L. 1977). On prior occasions, this Panel has vacated orders transferring cases to MDL No. 875 in order to allow the transferring court adequate time to rule on remand motions. *Vasura v. AC&S*, 84 F. Supp. 2d 531, 532-33 (S.D.N.Y. 2000). Such relief is warranted here, where transfer of this case to MDL No. 875 prior to a decision by the Central District of California on Plaintiff's Amended Motion for Remand would promote injustice and inefficiency.

  **A.**  **Transfer of this Lawsuit to MDL No. 875 Would Not Promote Justice.**

As demonstrated at length in Plaintiffs' Amended Motion for Remand, there is absolutely no federal subject matter jurisdiction over Plaintiffs' cause of action. Thus, this case must be remanded to state court with all due haste. If this lawsuit is transferred to MDL No. 875, Buffalo Pumps's wrongful removal of this action – without the requisite proof required by the Supreme Court in *Boyle* and the Ninth Circuit in *In re Hawaii* – may succeed in misusing Mr. Scanlon's service to his country as a means to delay the resolution of his case for his wife, Kwang.

If this case is now transferred through the Panel on Multidistrict Litigation to the Eastern District of Pennsylvania for pretrial proceedings, thereby denying the Central

4

District of California the opportunity to rule upon Plaintiffs' writ petition, Mrs. Scanlon will most certainly be involved in this litigation for several more years than is necessary. *See, e.g., Madden v. Able Supply Co.*, 205 F.Supp.2d 695, 702 (S.D. Tex. 2002) ("There are thousands of asbestos cases pending in [the asbestos MDL court in the Eastern District of Pennsylvania] and, if history be any indicator, Plaintiff's claims against the Remaining Defendants will not be heard for many years."); *In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 374 (D. Me. 1999). Thus, transfer of this action to MDL No. 875 without affording the Central District of California the opportunity to remand this erroneously removed case will serve to promote injustice rather than justice, denying Mrs. Scanlon the timely resolution of her case. As a result, transfer of this case at this time is not appropriate under 28 U.S.C. § 1407(a).

      **B.**      **Transfer of this Lawsuit to MDL No. 875 Would Not Promote Judicial Efficiency.**

Judicial efficiency and economy are best served when issues relating to the remand of erroneously removed cases are considered and decided by courts in the original federal jurisdiction prior to the transfer of such lawsuits to an MDL court. *Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627, 630 (W.D. Tex. 2002); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) ("For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended [by transferring the case to an MDL]."). Thus, because judicial economy would be undermined by a transfer of this action to MDL No. 875 prior to a resolution of the jurisdictional question by the Central District of

5

California, transfer is inappropriate pursuant to the plain language of 28 U.S.C. § 1407(a).

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Panel Vacate Conditional Transfer Order No. 341 as it relates to Plaintiff's cause of action, pending a decision by the Central District of California on Plaintiff's Amended Motion for Remand, seeking remand of this lawsuit back to state court.

Date:   November 12, 2010                         Respectfully Submitted,

                                                  BARON & BUDD, P.C.

                                                  /s/ Denyse F. Clancy
                                                  Denyse F. Clancy, Esq. (SBN 255276)
                                                  Counsel for Plaintiff, Kwang Scanlon
                                                  3102 Oak Lawn Avenue, Suite 1100
                                                  Dallas, Texas 75219
                                                  Telephone: (214) 521-3605
                                                  Facsimile: (214) 520-1181