18RA

## U.S. District Court
## North Carolina Middle District (NCMD)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00850-TDS -WWD

WAGONER v. AIR & LIQUID SYSTEMS
CORPORATION SUCCESSOR BY MERGER TO
BUFFALO PUMPS, INC. et al
Assigned to: JUDGE THOMAS D. SCHROEDER
Referred to: MAG/JUDGE WALLACE W. DIXON
Demand: $100,000
Case in other court: Eastern District of Pennsylvania, MDL
                     875
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 11/11/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**LINDA WATSON WAGONER**
*other*
INDIVIDUALLY AND EXECUTOR
OF THE ESTATE OF DWIGHT LEE
WAGONER, DECEASED

represented by **WILLIAM MARC GRAHAM**
WALLACE AND GRAHAM, P.A.
525 N. MAIN ST.
SALISBURY, NC 28144
704-633-5244
Fax: 704-633-9434
Email: bgraham@wallacegraham.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**AIR & LIQUID SYSTEMS
CORPORATION SUCCESSOR BY
MERGER TO BUFFALO PUMPS,
INC.**

### Defendant

**AURORA PUMP**

### Defendant

**BLACKMER PUMP**

### Defendant

**CARRIER CORPORATION**

### Defendant

**CBS CORPORATION A
DELAWARE CORPORATION
F/K/A VIACOM, INC.,**

represented by **JENNIFER M. TECHMAN**
EVERT WEATHERSBY HOUFF
3405 PIEDMONT RD., STE. 225

**SUCCESSOR BY MERGER TO
CBS CORPORATION, A
PENNSYLVANIA CORPORATION,
F/K/A WESTINGHOUSE
ELECTRIC CORPORATION**

ATLANTA, GA 30305
678-651-1200
Fax: 678-651-1201
Email: JMTechman@ewhlaw.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**CLEAVER-BROOKS, INC.**

**Defendant**

**COOPER CAMERON
CORPORATION, INDIVIDUALLY
AND AS SUCCESSOR TO
PENNSYLVANIA PUMP &
COMPRESSOR COMPANY AND
COOPER BESSEMER**

**Defendant**

**CRANE CO.**

**Defendant**

**DANA COMPANIES, LLC**

**Defendant**

**EATON CORPORATION,
INDIVIDUALLY AND NOW
KNOWN AS EATON
ELECTRICAL, INC. AND AS
SUCCESSOR TO THE VICKERS
PUMP COMPANY AND CUTLER-
HAMMER, INC.**

**Defendant**

**FLOWSERVE CORPORATION,
INDIVIDUALLY AND AS
SUCCESSOR TO BYRON
JACKSON**

**Defendant**

**FLOWSERVE CORPORATION,
INDIVIDUALLY AND AS
SUCCESSOR TO DURIRON CO.
INC., AND DURCO
INTERNATIONAL INC.**

**Defendant**

**FOSTER WHEELER ENERGY
CORPORATION**

represented by **JENNIFER M. TECHMAN**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GARDNER DENVER, INC.**

**Defendant**

**GENERAL ELECTRIC COMPANY**

**Defendant**

**GENERAL REFRACTORIES COMPANY**

**Defendant**

**GEORGIA-PACIFIC LLC, F/K/A GEORGIA-PACIFIC CORPORATION**

**Defendant**

**GOULDS PUMPS, INC.**

**Defendant**

**ITT CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KENNEDY VALVE MANUFACTURING COMPANY**

**Defendant**

**HENRY VOGT MACHINE CO.**

**Defendant**

**HONEYWELL INTERNATIONAL, INC.**

**Defendant**

**IMO INDUSTRIES, INC.**

**Defendant**

**INDUSTRIAL HOLDINGS CORPORATION, F/K/A THE CARBORUNDUM COMPANY**

**Defendant**

**INGERSOLL-RAND COMPANY**

**Defendant**

**J-LINE PUMP CO. D/B/A AMERICAN MARSH PUMPS**

**Defendant**

**LAWRENCE PUMPS, INC.**

**Defendant**

**MARSHAL SAFETY &
ENVIRONMENTAL F/K/A
MARSHAL GLOVE AND SAFETY
SUPPLY**

**Defendant**

**METROPOLITAN LIFE
INSURANCE COMPANY, A
WHOLLY-OWNED SUBSIDIARY
OF METLIFE INC.**

**Defendant**

**MILTON ROY COMPANY**

**Defendant**

**PNEUMO ABEX CORPORATION
(SUCCESSOR-IN-INTEREST TO
ABEX CORPORATION F/K/A
AMERICAN BRAKE SHOE
COMPANY, F/K/A AMERICAN
BRAKE SHOE AND FOUNDRY
COMPANY INCLUDING THE
AMERICAN BRAKEBLOK
DIVISION, SUCCESSOR**

**Defendant**

**RAPID AMERICAN
CORPORATION**

**Defendant**

**RILEY POWER, INC., F/K/A
BABCOCK BORSIG POWER, INC.,
F/K/A/ D.B. RILEY, INC., F/K/A
RILEY STOKER CORPORATION**

**Defendant**

**SCHNEIDER ELECTRIC USA,
INC. FORMERLY KNOWN AS
SQUARE D COMPANY**

**Defendant**

**SEPCO CORPORATION**

**Defendant**

**SFS (USA) HOLDING INC. D/B/A
PEERLESS PUMP COMPANY**

Defendant

**THE GORMAN-RUPP COMPANY**

Defendant

**UNION CARBIDE CORPORATION**

Defendant

**UNIROYAL, INC., F/K/A/ UNITED
STATES RUBBER COMPANY, INC**

Defendant

**VELAN VALVE CORP.**

Defendant

**VIKING PUMP, INC.**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/11/2010 | 1 | COMPLAINT against AIR & LIQUID SYSTEMS CORPORATION SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC., AURORA PUMP, BLACKMER PUMP, CARRIER CORPORATION, CBS CORPORATION A DELAWARE CORPORATION F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION, CLEAVER-BROOKS, INC., COOPER CAMERON CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO PENNSYLVANIA PUMP & COMPRESSOR COMPANY AND COOPER BESSEMER, CRANE CO., DANA COMPANIES, LLC, EATON CORPORATION, INDIVIDUALLY AND NOW KNOWN AS EATON ELECTRICAL, INC. AND AS SUCCESSOR TO THE VICKERS PUMP COMPANY AND CUTLER-HAMMER, INC., FLOWSERVE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO BYRON JACKSON, FLOWSERVE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO DURIRON CO. INC., AND DURCO INTERNATIONAL INC., FOSTER WHEELER ENERGY CORPORATION, GARDNER DENVER, INC., GENERAL ELECTRIC COMPANY, GENERAL REFRACTORIES COMPANY, GEORGIA-PACIFIC LLC, F/K/A GEORGIA-PACIFIC CORPORATION, GOULDS PUMPS, INC., HENRY VOGT MACHINE CO., HONEYWELL INTERNATIONAL, INC., IMO INDUSTRIES, INC., INDUSTRIAL HOLDINGS CORPORATION, F/K/A THE CARBORUNDUM COMPANY, INGERSOLL-RAND COMPANY, ITT CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KENNEDY VALVE MANUFACTURING COMPANY, J-LINE PUMP CO. D/B/A AMERICAN MARSH PUMPS, LAWRENCE PUMPS, INC., MARSHAL SAFETY & ENVIRONMENTAL F/K/A MARSHAL GLOVE AND SAFETY SUPPLY, METROPOLITAN LIFE INSURANCE COMPANY, A WHOLLY-OWNED SUBSIDIARY OF METLIFE INC., MILTON ROY |

| | | |
|---|---|---|
| | | COMPANY, PNEUMO ABEX CORPORATION (SUCCESSOR-IN-INTEREST TO ABEX CORPORATION F/K/A AMERICAN BRAKE SHOE COMPANY, F/K/A AMERICAN BRAKE SHOE AND FOUNDRY COMPANY INCLUDING THE AMERICAN BRAKEBLOK DIVISION, SUCCESSOR, RAPID AMERICAN CORPORATION, RILEY POWER, INC., F/K/A BABCOCK BORSIG POWER, INC., F/K/A/ D.B. RILEY, INC., F/K/A RILEY STOKER CORPORATION, SCHNEIDER ELECTRIC USA, INC. FORMERLY KNOWN AS SQUARE D COMPANY, SEPCO CORPORATION, SFS (USA) HOLDING INC. D/B/A PEERLESS PUMP COMPANY, THE GORMAN-RUPP COMPANY, UNION CARBIDE CORPORATION, UNIROYAL, INC., F/K/A/ UNITED STATES RUBBER COMPANY, INC, VELAN VALVE CORP., VIKING PUMP, INC. ( Filing fee \$ 350 receipt number 0418-844175.), filed by LINDA WATSON WAGONER. (GRAHAM, WILLIAM) (Entered: 11/11/2010) |
| 11/12/2010 | 2 | Summons Issued as to AIR & LIQUID SYSTEMS CORPORATION SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC., AURORA PUMP, BLACKMER PUMP, CARRIER CORPORATION, CBS CORPORATION A DELAWARE CORPORATION F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION, CLEAVER-BROOKS, INC., COOPER CAMERON CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO PENNSYLVANIA PUMP & COMPRESSOR COMPANY AND COOPER BESSEMER, CRANE CO., DANA COMPANIES, LLC, EATON CORPORATION, INDIVIDUALLY AND NOW KNOWN AS EATON ELECTRICAL, INC. AND AS SUCCESSOR TO THE VICKERS PUMP COMPANY AND CUTLER-HAMMER, INC., FLOWSERVE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO BYRON JACKSON, FLOWSERVE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO DURIRON CO. INC., AND DURCO INTERNATIONAL INC., FOSTER WHEELER ENERGY CORPORATION, GARDNER DENVER, INC., GENERAL ELECTRIC COMPANY, GENERAL REFRACTORIES COMPANY, GEORGIA-PACIFIC LLC, F/K/A GEORGIA-PACIFIC CORPORATION, GOULDS PUMPS, INC., HENRY VOGT MACHINE CO., HONEYWELL INTERNATIONAL, INC., IMO INDUSTRIES, INC., INDUSTRIAL HOLDINGS CORPORATION, F/K/A THE CARBORUNDUM COMPANY, INGERSOLL-RAND COMPANY, ITT CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KENNEDY VALVE MANUFACTURING COMPANY, J-LINE PUMP CO. D/B/A AMERICAN MARSH PUMPS, LAWRENCE PUMPS, INC., MARSHAL SAFETY & ENVIRONMENTAL F/K/A MARSHAL GLOVE AND SAFETY SUPPLY, METROPOLITAN LIFE INSURANCE COMPANY, A WHOLLY-OWNED SUBSIDIARY OF METLIFE INC., MILTON ROY COMPANY, PNEUMO ABEX CORPORATION (SUCCESSOR-IN-INTEREST TO ABEX CORPORATION F/K/A AMERICAN BRAKE SHOE COMPANY, F/K/A AMERICAN BRAKE SHOE AND FOUNDRY COMPANY INCLUDING THE AMERICAN BRAKEBLOK DIVISION, SUCCESSOR, RAPID AMERICAN CORPORATION, RILEY POWER, INC., F/K/A BABCOCK BORSIG POWER, INC., F/K/A/ D.B. RILEY, INC., F/K/A RILEY STOKER CORPORATION, SCHNEIDER ELECTRIC USA, INC. FORMERLY KNOWN AS SQUARE D COMPANY, SEPCO |

|  |  | CORPORATION, SFS (USA) HOLDING INC. D/B/A PEERLESS PUMP COMPANY, THE GORMAN-RUPP COMPANY, UNION CARBIDE CORPORATION, UNIROYAL, INC., F/K/A/ UNITED STATES RUBBER COMPANY, INC, VELAN VALVE CORP., VIKING PUMP, INC. (Taylor, Abby) (Entered: 11/12/2010) |
|---|---|---|
| 11/12/2010 | 3 | Notice of Right to Consent. Counsel shall serve the attached form on all parties. (Taylor, Abby) (Entered: 11/12/2010) |
| 11/23/2010 | 5 | ANSWER to 1 Complaint by CBS CORPORATION A DELAWARE CORPORATION F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION (TECHMAN, JENNIFER) Modified on 11/23/2010 to edit text and delete dupilcate text. (Butler, Carol). (Entered: 11/23/2010) |
| 11/23/2010 | 6 | Corporate Disclosure Statement by CBS CORPORATION A DELAWARE CORPORATION F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION. (TECHMAN, JENNIFER) (Entered: 11/23/2010) |
| 11/23/2010 | 7 | ANSWER to 1 Complaint by FOSTER WHEELER ENERGY CORPORATION by FOSTER WHEELER ENERGY CORPORATION. (TECHMAN, JENNIFER) Modified on 11/23/2010 to edit text. (Butler, Carol). (Entered: 11/23/2010) |
| 11/23/2010 | 8 | Corporate Disclosure Statement by FOSTER WHEELER ENERGY CORPORATION. (TECHMAN, JENNIFER) (Entered: 11/23/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/29/2010 13:41:04 | | | |
| PACER Login: | jp0001 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:10-cv-00850-TDS - WWD |
| Billable Pages: | 4 | Cost: | 0.32 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY    :    Civil Action No. MDL 875
LITIGATION (NO. VI)                          :
                                      :
_____ :

This Document Relates to:            :

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
File No.: 1:10-cv-850

LINDA WATSON WAGONER, INDIVIDUALLY    :
AND EXECUTOR OF THE ESTATE OF DWIGHT    :
LEE WAGONER, DECEASED             :
                                      :    **CIVIL ACTION COMPLAINT**
         Plaintiffs,             :
                                      :
vs.                                         :
                                      :
AIR & LIQUID SYSTEMS CORPORATION,     :    **JURY TRIAL DEMANDED**
       SUCCESSOR BY MERGER TO BUFFALO    :
       PUMPS, INC.;                    :
AURORA PUMP;                    :
BLACKMER PUMP;                  :
CARRIER CORPORATION;             :
CBS CORPORATION A DELAWARE        :
       CORPORATION F/K/A VIACOM,      :
       INC., SUCCESSOR BY MERGER TO    :
       CBS CORPORATION, A             :
       PENNSYLVANIA CORPORATION,     :
       F/K/A WESTINGHOUSE ELECTRIC    :
       CORPORATION;                  :
CLEAVER-BROOKS, INC.;            :
COOPER CAMERON CORPORATION,      :
       INDIVIDUALLY AND AS SUCCESSOR    :
       TO PENNSYLVANIA PUMP &         :
       COMPRESSOR COMPANY AND COOPER   :
       BESSEMER;                     :
CRANE CO.;                        :
DANA COMPANIES, LLC;             :
EATON CORPORATION, INDIVIDUALLY AND   :
       NOW KNOWN AS EATON ELECTRICAL,   :
       INC. AND AS SUCCESSOR TO THE     :
       VICKERS PUMP COMPANY AND       :
       CUTLER-HAMMER, INC.;             :
FLOWSERVE CORPORATION, INDIVIDUALLY   :
       AND AS SUCCESSOR TO BYRON      :
       JACKSON;                     :

FLOWSERVE CORPORATION, INDIVIDUALLY :
  AND AS SUCCESSOR TO DURIRON CO., :
  INC., AND DURCO INTERNATIONAL :
  INC.; :
FOSTER WHEELER ENERGY CORPORATION; :
GARDNER DENVER, INC.; :
GENERAL ELECTRIC COMPANY; :
GENERAL REFRACTORIES COMPANY; :
GEORGIA-PACIFIC LLC, F/K/A GEORGIA- :
  PACIFIC CORPORATION; :
GOULDS PUMPS, INC.; :
ITT CORPORATION, INDIVIDUALLY AND AS :
  SUCCESSOR IN INTEREST TO KENNEDY :
  VALVE MANUFACTURING COMPANY; :
HENRY VOGT MACHINE CO.; :
HONEYWELL INTERNATIONAL, INC.; :
IMO INDUSTRIES, INC.; :
INDUSTRIAL HOLDINGS CORPORATION, F/K/A :
  THE CARBORUNDUM COMPANY; :
INGERSOLL-RAND COMPANY; :
J-LINE PUMP CO. D/B/A AMERICAN MARSH :
  PUMPS; :
LAWRENCE PUMPS, INC.; :
MARSHAL SAFETY & ENVIRONMENTAL :
  F/K/A MARSHAL GLOVE AND SAFETY :
  SUPPLY; :
METROPOLITAN LIFE INSURANCE COMPANY, :
  A WHOLLY-OWNED SUBSIDIARY OF :
  METLIFE INC.; :
MILTON ROY COMPANY; :
PNEUMO ABEX CORPORATION (SUCCESSOR- :
  IN-INTEREST TO ABEX CORPORATION :
  F/K/A AMERICAN BRAKE SHOE :
  COMPANY, F/K/A AMERICAN BRAKE :
  SHOE AND FOUNDRY COMPANY :
  INCLUDING THE AMERICAN :
  BRAKEBLOK DIVISION, SUCCESSOR- :
  BY-MERGER TO THE AMERICAN BRAKE :
  SHOE AND FOUNDRY; :
RAPID AMERICAN CORPORATION; :
RILEY POWER, INC., F/K/A BABCOCK BORSIG :
  POWER, INC., F/K/A/ D.B. RILEY, INC., :
  F/K/A RILEY STOKER CORPORATION; :
SCHNEIDER ELECTRIC USA, INC. FORMERLY :
  KNOWN AS SQUARE D COMPANY; :
SEPCO CORPORATION; :
SFS (USA) HOLDING INC. D/B/A PEERLESS :
  PUMP COMPANY; :

THE GORMAN-RUPP COMPANY;                          :
UNION CARBIDE CORPORATION;                        :
UNIROYAL, INC., F/K/A/ UNITED STATES              :
    RUBBER COMPANY, INC;                          :
VELAN VALVE CORP.;                                :
VIKING PUMP, INC.                                 :
                                                  :
            Defendants,             :
                                                  :
_____         :
                                                  :
                                                  :

## CIVIL ACTION COMPLAINT

Plaintiff, Linda Watson Wagoner, Individually and as Executor of the Estate of Dwight Lee Wagoner (deceased) sues the above-named defendants for compensatory and punitive damages and alleges:

1.      This action is brought pursuant to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 *et seq.*, for the wrongful death of the decedent, Dwight Lee Wagoner, on behalf of all persons entitled to recover damages.

2.      The decedent died on January 24, 2010 in Stanly County, North Carolina. The cause of death was Metastatic Mesothelioma. The decedent had been diagnosed with Mesothelioma on or about January 19, 2009.

3.      This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action. This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## PARTIES

4.      The plaintiff, Linda Watson Wagoner ("Plaintiff"), is the Personal Representative of the Estate of Dwight Lee Wagoner, deceased, and is a citizen of the State of North Carolina. Plaintiff was appointed Personal Representative of the Estate of Dwight Lee Wagoner, deceased,

by the General Court of Justice, Superior Court Division, Stanly County, North Carolina on or about March 18, 2010. Plaintiff maintains this action on behalf of the estate pursuant to her powers under N.C. Gen. Stat. 28A-13-3.

5.      Decedent's exposure to asbestos and/or asbestos-containing products occurred during his employment at the sites listed on the attached Schedule I, which is incorporated by reference herein.

6.      The defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. At all material times, each of the named defendants mined, manufactured, processed, imported, converted, compounded, and/or sold substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or were sold, distributed, and used in North Carolina.

7.      All of the named defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each defendant corporation uses, mines, manufactures, processes, imports, converts, compounds, supplies, installs, replaces, repairs and/or retails substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment which are sold, distributed, and used in North Carolina. The plaintiff was exposed to various asbestos-containing products while working at various jobs, as listed on the attached Schedule I.

8.     At all times pertinent hereto, the defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said defendants.

9.     At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Decedent's employer or to such other entities so that these materials were caused to be used at the Decedent's job site.

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over the defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or, at all material times are or have been engaged in business in the State of North Carolina.

11.     Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because Plaintiff resides in Stanly County, North Carolina and a substantial part of the events or omissions occurred in North Carolina.

12.     This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332 because the Plaintiff is a citizen of the State of North Carolina and no defendant is a citizen of the State of North Carolina.  Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Plaintiff has satisfied all conditions precedent to the filing of this action.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

14.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

15.     At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

16.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the decedent.

17.     Decedent, for a long period of time, worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

18.     During the course and scope of his employment, decedent was exposed to defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as asbestosis and lung cancer, which ultimately resulted in death.

19.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products (as mentioned above) that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

20.     Decedent, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed,

supplied and/or sold by Defendants. Defendants knew or should have known that persons employed as Decedent would be required to and would come into contact with and would work in close proximity to said products.

21.    Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being. Further, defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

22.    Decedent's illness, disability, and death are the direct and proximate result of the negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to decedent's body, lungs, respiratory system, skin, and health.

23.    Defendants breached their duties and were negligent in the following acts and/or omissions:

   (a)    Failed to advise decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

   (b)    Failed or omitted to provide the decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the defendants did not inform the decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

24.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time that they left the control of the defendants.

25.     Defendants were negligent and breached their duty of due care to decedent by taking or failing to take the actions as previously alleged to avoid harm to the decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

26.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to decedent were reasonably foreseeable, or should have been reasonably foreseen by defendants.

27.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the decedent developed asbestosis and lung cancer, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

28.     Accordingly, plaintiff has suffered injury and damages hereinafter described.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

29.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

30.     The defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

31.     The implied warranty made by the defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the decedent carried out his duties as a dye house mechanic working with asbestos and asbestos-containing materials, products, or equipment.

32.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, decedent developed asbestos-related illnesses, to-wit: asbestosis and lung cancer, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

33.     Accordingly, plaintiff has suffered injury and damages hereinafter described.

## THIRD CAUSE OF ACTION

## GROSS NEGLIGENCE—WILFUL, WANTON, AND RECKLESS CONDUCT

34.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

35.    Decedent and others in his position worked in close proximity to the asbestos and asbestos-containing materials of the defendants, and the exposure and hazard to each of them, in decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the defendants, and each of them.

36.    The defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the decedent and others in the decedent's position, and prompted by pecuniary motives, the defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said defendants.  As a result, the decedent has been severely damaged as is set forth below.

37.    The defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)    failure to warn prior users of the need for monitoring due to prior exposure;

(b)    failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

38.     The acts of the defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of decedent and others similarly situated at a time when defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including decedent and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of decedent and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

39.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

## FOURTH CAUSE OF ACTION

### FALSE REPRESENTATION

40.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

41.     During, before, and after decedent's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure, to decedent in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as decedent, and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

42.     The foregoing representations were material conditions precedent to decedent's continued exposure to asbestos containing products, and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Decedent was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

43.     As a direct and proximate result of decedent's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FIFTH CAUSE OF ACTION

### FAILURE TO WARN

44.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

45.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing

products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or

significantly contributed to the Decedent's development of asbestosis and lung cancer.

46.     Defendants had a duty to warn individuals working at the Decedent's jobsites,

including but not limited to Decedent, of the dangers associated with the use and/or inhalation of

asbestos dust and fibers.

47.     Despite Defendants' knowledge of the harm and/or potential harm associated with

the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products,

materials, or equipment, the Defendants failed to warn and/or inadequately warned Decedent of

the dangers, including but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or
explanations with its products which should have been designed to provide to the
Decedent knowledge about the hazards caused by exposure to their products and how to
eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee
training literature, posters, and/or other written materials with their products which
should have been designed to provide to the Decedent  knowledge about the hazards
caused by exposure to its products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which
should have been designed to provide to the workers knowledge about the hazards caused
by exposure to the products, and how to eliminate the hazards;

(d)     Failing to adequately test and research their products as to the hazards created
during their use and failed thereafter to provide the results of such tests and research to
exposed workers such as Decedent;

(e)     Failing to inspect the workplace in which their products were being used to
determine whether the products being used were deleterious to the health of exposed
workers;

(f)     Failing to design, process and transport their products in a manner intended to
minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that
necessary engineering controls, work practices, and other industrial hygiene controls
would be implemented in conjunction with use of the products after it was known or
should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures; and

(j)     otherwise failing to act reasonably under the totality of the circumstances.

48.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Decedent's employer, and these products were used by Decedent's various employers. Thus, Defendants had a duty to warn individuals working at Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

49.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

50.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent. In the alternative, after the asbestos-containing products left Defendants' control, Defendant became

aware of or in the exercise of ordinary care should have known that their product posed a

substantial risk of harm to a reasonably foreseeable user, such as the Decedent, and failed to take

reasonable steps to give adequate warning or instruction or to take any other reasonable action

under the circumstances.

51.    Defendants' failure to provide adequate warnings as to the hazards associated

with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to

provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-

containing products, materials, or equipment caused Decedent to develop asbestosis as a

consequence of which he has been injured and damaged and claims damages of the Defendant

jointly and severally.

52.    As a result of the Defendant corporations' failure to provide adequate warnings as

to the hazards associated with exposure to asbestos and/or asbestos-containing products,

materials, or equipment or proper instructions on the use, handling, storage of said products

caused decedent to develop asbestosis and lung cancer, which resulted in serious injury,

disablement, damage, and death.

53.    Accordingly, plaintiff has suffered injury and damages hereinafter described.

## DAMAGES

54.    Plaintiff incorporates by reference as if fully set forth herein the allegations

contained in the preceding paragraphs.

55.    Plaintiff files this action under and pursuant to N.C. Gen. Stat. §§28A-18-1, *et.*

*seq.*, and seeks to recover any and all damages allowable and incurred by the Estate of Dwight

Lee Wagoner and all beneficiaries.

56.    As a result of the above-alleged conduct of the Defendants, the decedent

developed Mesothelioma, as a consequence of which, he has been damaged as follows:

(a)     for hospital and medical expenses incidental to decedent's last illness;

(b)     for loss of earnings and future earning power of the decedent;

(e)     for the loss of decedent's general health, strength, and vitality.

(c)     for the loss of pecuniary contributions to the Plaintiff;

(d)     for the loss of aid, companionship and services to the Plaintiff;

(e)     for the future loss of aid, companionship and services to Plaintiff;

(f)     for the pain and suffering of the decedent;

(g)     for all other damages recoverable under said Act.

57.     Finally, as a result of the Defendants' conduct in which they acted in willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, wrongful death damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

WALLACE AND GRAHAM, P.A.

/s/William M. Graham Esquire

William M. Graham
NC Bar No. 17972
Cathy A. Williams
NC Bar No. 33534
Attorneys for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC 28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: bgraham@wallacegraham.com
E-Mail: cwilliams@wallacegraham.com

Date:   11/11/10

Dwight Lee Wagoner
SCHEDULE I
Deceased Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information

## DECEASED'S OCCUPATION:

Cloth Cutter
Construction Mechanic, Brick Mason, Refractory Specialist
General Clerk
Stone Mason
Truck Driver

## EMPLOYER/WORKSITE:

## APPROXIMATE DATES:

| EMPLOYER/WORKSITE | APPROXIMATE DATES |
|---|---|
| Atlantic Marble & Tile Co Inc - | 04/01/59 - 09/30/59 |
| U S Army - Fort Jackson - Columbia, SC | 07/01/59 - 12/31/59 |
| Herman D. Wagoner Masonry - Duke Energy Office Building - Charlotte, NC; Clemson University - Clemson, SC; Furman University - Clemson, SC; Duke University - Durham, NC; Wake Forest University | 01/01/60 - 12/31/62 |
| U S Army Reserves - Atlanta General Depot - Atlanta, GA | 07/01/61 - 09/30/61 |
| Department of Defense in FT Benning Civilian Pay - | 10/01/61 - 09/30/62 |
| U S Army - Fort Eustice Army Base - Newport News, VA | 01/01/62 - 12/31/64 |
| Herman D. Wagoner Masonry - Duke Energy Office Building - Charlotte, NC; Clemson University - Clemson, SC; Furman University - Clemson, SC; Duke University - Durham, NC; Wake Forest University | 01/01/62 - 12/31/64 |
| Alson Goode Corp - | 01/01/64 - 12/31/68 |
| Perfect Fit Industries Inc - Richfield, NC | 01/01/64 - 03/31/68 |
| Richfield MFG Corp - | 01/01/69 - 12/31/99 |
| Alcoa Inc & Affiliated Corporations - Badin, NC | 01/01/00 - 12/31/00 |
|  | 01/01/07 - 12/31/07 |

## PRODUCTS CONTAINING ASBESTOS:

Raw Asbestos Fiber, Pipe Covering, Block, Cements, Gaskets, Refractory Materials, Boilers, Joint Compounds, Wall Board, and other asbestos containing materials.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NC DEFENDANTS LIST

Air & Liquid Systems Corporation, Successor By Merger to Buffalo Pumps, Inc.
874 Oliver St
North Tanawanda, NY 14120-3298

Aurora Pump
Lynette Jones
13515 Ballantyne Corp Pl
Charlotte, NC 28277

Blackmer Pump
1809 Century Ave SW
Grand Rapids, MI 49503-1530

Carrier Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

CBS Corporation a Delaware Corporation f/k/a Viacom, Inc., successor by merger to CBS
Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Cleaver-Brooks, Inc.
11950 W Lake Park Dr
Milwaukee, WI 53224

Cooper Cameron Corporation, Individually and as Successor to Pennsylvania Pump &
Compressor Company and Cooper Bessemer
Corporate Trust Systems
111 8th Avenue 13th Floor
New York, NY 10011

Crane Co.
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Dana Companies, LLC
CT Corporation System - VA
4701 Cox Rd Ste 301
Glen Allen, VA 23060

Eaton Corporation, Individually and now known as Eaton Electrical, Inc. and as successor to The
Vickers Pump Company and Cutler-Hammer, Inc.
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Flowserve Corporation, individually and as successor to Byron Jackson
5215 N. O'Connor Blvd. Ste 2300
Irving, TX 75039

Flowserve Corporation, individually and as successor to Duriron Co., Inc., and Durco
International Inc.
5215 N. O'Connor Blvd. Ste 2300
Irving, TX 75039

Foster Wheeler Energy Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Gardner Denver, Inc.
Corporation Service Company - NY
80 State St
Albany, NY 12207

General Electric Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

General Refractories Company
1 Bala Ave., Suite 310
Bala Cynwyd, PA 19004

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Goulds Pumps, Inc.
240 Fall St
Seneca Falls, NY 13148

ITT Corporation, individually and as successor in interest to Kennedy Valve Manufacturing
Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Henry Vogt Machine Co.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Honeywell International, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

IMO Industries, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Industrial Holdings Corporation, f/k/a The Carborundum Company
2351 Whirlpool St
Niagra Falls, NY 14305

Ingersoll-Rand Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

J-Line Pump Co. d/b/a American Marsh Pumps
185 Progress Rd.
Collierville, TN 38017

Lawrence Pumps, Inc.
Paul D. Reddick
371 Market St.
Lawrence, MA 01843

Marshal Safety & Environmental f/k/a Marshal Glove and Safety Supply
Alan Shavitz
801 Wiltshire Drive
Evansville, IN 47715

Metropolitan Life Insurance Company, a wholly-owned subsidiary of Metlife Inc.
200 Park Ave.
New York, NY 10166

Milton Roy Company
CT Corporation System - PA
1635 Market Street
Philadelphia, PA 19103

Pneumo Abex Corporation (successor-in-interest to Abex Corporation f/k/a American Brake
Shoe Company, f/k/a American Brake Shoe and Foundry Company including The American
Brakeblok Division, successor-by-merger to the American Brake Shoe and Foundry
The Prentice-Hall Corporation Systems, Inc.
327 Hillsborough St.
Raleigh, NC 27603

Rapid American Corporation
Corporation Service Company
2711 Centerville Rd., Ste 400
Wilmington, DE 19808

Riley Power, Inc., f/k/a Babcock Borsig Power, Inc., f/k/a/ D.B. Riley, Inc., f/k/a Riley Stoker
Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Schneider Electric USA, Inc. formerly known as Square D Company
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

SEPCO Corporation
CT Corporation System
818 W Seventh St
Los Angeles, CA 90017

SFS (USA) Holding Inc. d/b/a Peerless Pump Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

The Gorman-Rupp Company
James C. Gorman
600 South Airport Rd.
Mansfield, OH 44903

Union Carbide Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Uniroyal, Inc., f/k/a/ United States Rubber Company, Inc
70 Great Hill Rd
Naugatuck, CT 06770

Velan Valve Corp.
94 Ave C
Williston, VT 05495-9732

Viking Pump, Inc.
406 State St
Cedar Falls, IN 50613-0008