IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |
| This Document Relates To: <br><br> LOLA and MICHAEL BOUCHARD, wife and husband, <br><br> Plaintiffs, <br><br> v. <br><br> CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; et al., <br><br> Defendants. | GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW DISCOVERY PRIOR TO FRCP 26(f) CONFERENCE <br><br> United States District Court for the Western District of Washington Cause No. 2:10-cv-01810 |

## I. INTRODUCTION

Plaintiffs' desire to preserve Lola Bouchard's testimony should be balanced with the rights of the Defendants to conduct discovery and adequately prepare for the trial cross-examination of Mrs. Bouchard. Defendant General Electric[1] requests that the Court allow the preservation deposition of Mrs. Bouchard only after the parties have completed a FRCP 26(f)

---

[1] Defendant General Electric Company shall be referred to as "GE."

GENERAL ELECTRIC COMPANY'S OPPOSITION TO
PLAINTIFFS' MOTION TO ALLOW DISCOVERY PRIOR TO
FRCP 26(f) CONFERENCE  (2:10-cv-01810 and MDL 875) - 1

2993649.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  discovery conference and prepared a discovery plan[2]. GE further requests that the Court order
2  Plaintiffs to provide Defendants with their initial disclosures, as required by FRCP 26(a)(1),
3  prior to the deposition. Furthermore, GE requests that the Court allow Defendants to conduct an
4  off-camera discovery deposition, with no time limitation, following Mrs. Bouchard's videotaped
5  perpetuation deposition, and be allowed to obtain a copy of the discovery deposition transcript
6  before proceeding with a videotaped perpetuation cross-examination deposition of Mrs.
7  Bouchard.

8  Moreover, GE requests that the Court deny Plaintiffs' request to conduct Fred Gerlach's
9  deposition on an expedited basis. Plaintiffs have failed to demonstrate an urgent need to conduct
10 Mr. Gerlach's deposition so quickly. Plaintiffs have not shown that Mr. Gerlach is ill or will be
11 unavailable for deposition after the parties have completed their initial discovery. Thus, there is
12 no urgency to conduct Mr. Gerlach's deposition on an expedited basis. If the Court is inclined to
13 allow Mr. Gerlach's deposition to proceed, the Court should allow the deposition to be set after
14 the parties have completed their discovery conference and after Plaintiffs make their initial
15 disclosures under FRCP 26(a)(1). Moreover, the Court should allow the Defendants to conduct
16 an off-camera discovery deposition prior to the videotaped perpetuation cross-examination
17 deposition.

## II.  STATEMENT OF FACTS

19 Plaintiffs claim that Mrs. Bouchard was diagnosed with mesothelioma in April 2010.[3]
20 Plaintiff filed this suit against ten different defendants on or about September 13, 2010.[4]
21 Plaintiffs also filed a second lawsuit on the same date against 18 additional defendants.[5]

---

[2] On November 30, 2010, Plaintiffs' General Counsel advised Victoria Erickson at the United Staets District Court, Western District of Washington, via email, that Plaintiffs intend to have their motion heard by the MDL Court and by the District Court. General Electric does not believe that Plaintiffs properly filed their motion in MDL 875. Nevertheless, GE files this opposition in both USDC Western District of Washington and in MDL 875.
[3] See Plaintiffs' Complaint in King County Cause No. 10-2-32586-7 SEA as Exhibit 1 to Declaration of Eliot M. Harris ("Harris Decl.").
[4] See id.
[5] See Plaintiffs' Complaint in King County Cause No. 10-2-32587-5 SEA as Exhibit 2 to Harris Decl.

GENERAL ELECTRIC COMPANY'S OPPOSITION TO
PLAINTIFFS' MOTION TO ALLOW DISCOVERY PRIOR TO
FRCP 26(f) CONFERENCE  (2:10-cv-01810 and MDL 875) - 2

2993649.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

In both suits, Plaintiffs claim that Mrs. Bouchard was exposed to asbestos at various times for almost two decades.[6]  Mrs. Bouchard was allegedly exposed to asbestos during her father's construction of their home in 1969.[7]  She was also allegedly exposed to asbestos from her father's work clothes during his employment at Northwestern Glass Company from 1960 to 1975.[8]  Mrs. Bouchard was also allegedly exposed to asbestos from her ex-husband Ronald Berger's clothes during his employment at various shipyards from 1976 to 1979.[9]

GE removed this case to Federal Court under the Federal Officer Doctrine[10] because Plaintiffs alleged that Mr. Berger worked on a U.S. Naval vessel in the late 1970's.[11]  On November 10, 2010, the United States Judicial Panel on Multidistrict Litigation (MDL Court) entered a Conditional Transfer Order removing this case to the United States District Court for the Eastern District of Pennsylvania for consolidated pretrial proceedings with other asbestos cases in Federal Courts.[12]  The MDL Court will rule shortly on Plaintiffs' opposition to GE's removal of this case to the MDL Court.[13]

### III. AUTHORITY

1. <u>Initial Discovery Should Occur Before Mrs. Bouchard's Deposition</u>.

Fed. R. Civ. P. 26(d) precludes parties from conducting discovery, without leave of the Court, until they have conferred as required by Fed. R. Civ. P. 26(f).[14]  Defendant GE does not disagree, in principle, that Plaintiff may preserve trial testimony on an expedited basis where exigent circumstances exist as long Plaintiffs have taken reasonable steps to mitigate the prejudice caused to Defendant, which includes the following: answering all outstanding written

---

[6] <u>See</u> Ex. A to Harris Decl. at 2.
[7] <u>See id.</u>
[8] <u>See id.</u>
[9] <u>See id.</u>
[10] 28 U.S.C. 1442(a)(1) provides that a civil action commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending for actions brought against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States.
[11] <u>See</u> Notice of Removal as Ex. 3 to Harris Decl.
[12] <u>See</u> Conditional Transfer Order as Ex. 4 to Harris Decl.
[13] <u>See</u> Plaintiffs' Notice of Opposition to Conditional Transfer Order as Ex. 5 to Harris Decl.
[14] <u>See</u> FRCP 26(d).

GENERAL ELECTRIC COMPANY'S OPPOSITION TO
PLAINTIFFS' MOTION TO ALLOW DISCOVERY PRIOR TO
FRCP 26(f) CONFERENCE  (2:10-cv-01810 and MDL 875) - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2993649.1

1   discovery, fully and completely; providing copies of all pertinent records in their possession;
2   completing a discovery conference pursuant to Fed. R. Civ. P. 26(f) to prepare a discovery plan;
3   and providing initial disclosures as required by Fed. R. Civ. P. 26(a)(1).

4   Plaintiffs admittedly have already provided information pursuant to Fed. R. Civ. P.
5   26(a)(1)(A)(i).  However, Plaintiffs should also be ordered to disclose information responsive to
6   subparts (ii) and (iii): a copy of all documents that the disclosing party has in its possession,
7   custody, or control and may use to support its claims; and a computation of each category of
8   damages claimed and production of all documents on which each computation is based,
9   including materials bearing on the nature and extent of injuries suffered.[15]  This should include
10  all records in Plaintiffs' possession, or that Plaintiffs have reasonable access to, regarding Mr.
11  Gerlach's and Mr. Berger's employment.

12  Under normal circumstances, the above discovery would occur before any depositions are
13  taken.  Because Defendants are unlikely to be able to collect these records themselves before
14  proceeding with Mrs. Bouchard's deposition, GE requests that the Court allow Mrs. Bouchard's
15  deposition to proceed only after Plaintiffs have satisfied the above conditions.

16  2. There is No Compelling Reason to Expedite Mr. Gerlach's Deposition.

17  Plaintiffs make no showing that Mr. Gerlach's deposition cannot proceed after the parties
18  have completed initial discovery.  To be certain, there is no evidence before the Court that Mr.
19  Gerlach is ill or will be otherwise unavailable for deposition in the near future.  Thus, there is no
20  compelling reason why this deposition cannot proceed in due course pursuant to the Federal
21  Rules.  Defendants have the right to conduct initial discovery before being forced to depose key
22  witnesses.  This right is heightened when Plaintiffs seek to conduct a trial perpetuation
23  deposition.

24  GE, as well as other defendants, will be prejudiced by being forced to take this deposition
25  on an expedited basis.  Moreover, the prejudice suffered by Defendants is not outweighed by the

---

[15] See Plff's Motion to Allow Discovery at 3:22-24.

GENERAL ELECTRIC COMPANY'S OPPOSITION TO
PLAINTIFFS' MOTION TO ALLOW DISCOVERY PRIOR TO
FRCP 26(f) CONFERENCE  (2:10-cv-01810 and MDL 875) - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2993649.1

1  need to expedite Mr. Gerlach's deposition absent a showing of why this deposition cannot take
2  place at a later date. Therefore, the Court should deny Plaintiffs' request to perpetuate Mr.
3  Gerlach's testimony on an expedited basis.
4      Alternatively, if the Court allows Mr. Gerlach's deposition to proceed on an expedited
5  basis, the Court should condition such an order on the same conditions as Mrs. Bouchard's
6  deposition. That is, the Court should require that the parties complete their discovery conference
7  prior to the deposition; that Plaintiffs make their initial disclosures under FRCP 26(a)(1) prior to
8  the deposition; and that Defendants be allowed to conduct a discovery deposition, off-camera,
9  prior to the videotaped perpetuation cross-examination deposition.
10     DATED this 1st day of December, 2010.

    s/Christopher S. Marks, WSBA #28634
Eliot M. Harris, WSBA #36590
Samantha W. Noonan, WSBA #41885
Attorneys for Defendant General Electric Company
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:  cmarks@williamskastner.com
    eharris@williamskastner.com
    snoonan@williamskastner.com

GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW DISCOVERY PRIOR TO FRCP 26(f) CONFERENCE  (2:10-cv-01810 and MDL 875) - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2993649.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2010, I caused the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

| | |
|---|---|
| Janet L. Rice<br>SCHROETER GOLDMARK & BENDER<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104<br>***Attorneys for Plaintiff*** | David R. West<br>GARVEY SCHUBERT BARER<br>1191 Second Avenue, 18th Floor<br>Seattle, WA 98101<br>***Attorneys for Foss Maritime Company*** |
| Dirk Bernhardt<br>MURRAY, DUNHAM & MURRAY<br>200 West Thomas, Suite 350<br>Seattle, WA 98109-0844<br>***Attorneys for Foster Wheeler Energy Corporation; Hopeman Brothers Inc.*** | T. Arlen Rumsey<br>GORDON & POLSCER LLC<br>1000 Second Avenue, Suite 1500<br>Seattle, WA 98104<br>***Attorneys for Fryer-Knowles, Inc.*** |
| Walter Barton<br>KARR, TUTTLE, CAMPBELL<br>1201 Third Avenue, Suite 2900<br>Seattle, WA 98101-3028<br>***Attorneys for Todd Shipyards Corp.*** | Robert G. Andre<br>OGDEN MURPHY WALLACE PLLC<br>1601 Fifth Avenue, Suite 2100<br>Seattle, WA 98101<br>***Attorneys for Lockheed Shipbuilding Company*** |
| Melissa Habeck<br>FORSBERG & UMLAUF, PS<br>901 Fifth Avenue, Suite 1400<br>Seattle, WA 98164<br>***Attorneys for Lake Union Drydock Company*** | J. Michael Mattingly<br>RIZZO MATTINGLY BOSWORTH PC<br>411 SW Second Avenue, Suite 200<br>Portland, OR 97204<br>***Attorneys for International Paper Company*** |

Signed at Seattle, Washington this 1st day of December, 2010.

    s/Christopher S. Marks, WSBA #28634
Attorneys for Defendant CBS Corporation
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: cmarks@williamskastner.com

GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW DISCOVERY PRIOR TO FRCP 26(f) CONFERENCE (2:10-cv-01810 and MDL 875) - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2993649.1