IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| LOLA and MICHAEL BOUCHARD, wife and husband<br>Plaintiffs,<br>v.<br>CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION;<br>FOSS MARITIME COMPANY, a Washington corporation;<br>FOSTER WHEELER USA CORPORATION;<br>FRYER-KNOWLES, INC., A WASHINGTON CORPORATION;<br>GENERAL ELECTRIC COMPANY, a Delaware corporation;<br>HOPEMAN BROTHERS INC.;<br>INTERNATIONAL PAPER;<br>LAKE UNION DRYDOCK COMPANY, a Washington corporation;<br>LOCKHEED SHIPBUILDING CO.; and TODD SHIPYARDS CORP.,<br>Defendants. | No.<br><br>SUPPLEMENTAL COMPLAINT FOR PERSONAL INJURY |

FACTUAL BACKGROUND:

1. Plaintiffs are Lola and Michael Bouchard, wife and husband. Plaintiffs reside in Everett, Washington.

2. For Plaintiff Lola Bouchard:

   A. Date of Birth: November 7, 1959.

SUPPLEMENTAL COMPLAINT FOR PERSONAL INJURY – 1
N:\ASBESTOS\Bouchard 18387\CBS et al\P\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

EXHIBIT 1

B.  Plaintiff Lola Bouchard was exposed to asbestos from asbestos dust and fibers brought home on her ex-husband Ronald Berger's work clothing when they were married from 1975 to 1979. During 1975, Mr. Berger worked as a floorboy at Northwestern Glass Company in Seattle, WA. From approximately 1976 to 1979, Mr. Berger was a shipscaler working out of the Shipscalers Union, Local 541 at local shipyards including Todd Shipyard, Lockheed Shipyard, Foss Shipyard and Lake Union Shipyard. Throughout Mrs. Bouchard's marriage to Mr. Berger, Mr. Berger also performed brake work on cars, both his own and those of friends and family. Mr. Berger purchased all of his brake materials at CSK Auto. During his employment and home brake work, he was exposed to asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by the defendants.

C.  Plaintiff Lola Bouchard was also exposed to asbestos from asbestos dust and fibers brought home on her father, Fred Carl Gerlach's clothes. Mr. Gerlach began building his family home in 1969. Plaintiff Lola Bouchard resided in this home during its construction, which included drywall and joint compound work. Additionally, during Plaintiff Lola Bouchard's childhood from 1960 until 1975, Mr. Gerlach worked at Northwestern Glass Company in Seattle, WA. Mr. Gerlach's work at Northwestern Glass Company included facility maintenance as a floorboy, machinery maintenance and operation as an oiler, operator, and working foreman. During his employment and home construction work, he was exposed to asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by defendants.

D.  Based on information and belief Plaintiff Lola Bouchard has been exposed to the asbestos-containing products of every named defendant in this lawsuit.

SUPPLEMENTAL COMPLAINT FOR PERSONAL INJURY – 2
N:\ASBESTOS\Bouchard 15387\CBS et al\F\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

     E.    As a result of the exposure, Plaintiff Lola Bouchard has developed an asbestos-related disease, mesothelioma. The defendants' products and/or negligence proximately caused the development of the mesothelioma. Plaintiff Lola Bouchard first learned in approximately April, 2010 that she had mesothelioma, caused by asbestos exposure. Plaintiff has been treated for mesothelioma by Dr. James Congdon.

     3.    Defendant CBS Corporation, successor by merger to Viacom, Inc., f/k/a Westinghouse Electric Corporation, is a Delaware corporation licensed to do business in the state of Washington. Westinghouse Electric Corporation and/or its predecessor(s) was engaged in the manufacture, sale, distribution and/or supply of products that contained asbestos.

     4.    Defendant Foss Maritime Company, is a Washington state corporation. Foss Maritime Company was formerly known as Foss Launch & Tug Co. and is the owner of several vessels commonly known as tug boats.

     5.    Defendant Fryer-Knowles, Inc., a Washington Corporation, used vinyl asbestos tile in marine decking installation throughout much of the Pacific Northwest.

     6.    Defendant General Electric Company is a Delaware corporation, licensed to do business in the state of Washington. General Electric was a manufacturer of engines that contained asbestos.

     7.    Defendant Hopeman Brothers Inc. is a Virginia corporation licensed to do business in the state of Washington. Hopeman Brothers Inc. and/or its predecessor(s) manufactured, distributed and installed asbestos-containing products.

SUPPLEMENTAL COMPLAINT FOR PERSONAL INJURY – 3
N:\ASBESTOS\Bouchard 18387\CBS et al\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

8. Defendant International Paper is a New York corporation licensed to do business in the state of Washington. International Paper and/or its predecessor(s) manufactured and distributed asbestos-containing products.

9. Defendant Lake Union Drydock Company is a Washington corporation.

10. Defendant Lockheed Shipbuilding is a Nevada corporation licensed to do business in the State of Washington.

11. Defendant Todd Shipyards Corporation is a Delaware corporation licensed to do business in the state of Washington.

## LIABILITY AS TO CERTAIN DEFENDANTS

12. Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding, and Todd Shipyards Corporation, during the relevant periods of time, negligently failed to provide a safe place to work and were negligent towards plaintiff.

13. Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding and Todd Shipyards Corporation, during relevant periods of time, negligently failed to take corrective action to eliminate a dangerous condition that the defendant knew or in the exercise of reasonable care should have known existed.

14. Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding and Todd Shipyards Corporation, during relevant periods of time, negligently failed to provide sufficient and adequately trained personnel throughout its Shipyards and negligently failed to warn Ronald Berger or plaintiff of the hazards of asbestos.

15. In addition, because of the nature of the material, substances and/or operations involved at its Shipyards, during relevant periods of time, working there was an abnormally dangerous activity, with a high degree of risk for substantial harm. Plaintiff's injuries were

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 4
N:\ASBESTOS\Bouchard 18387\CBS et al\P\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

proximately caused by the abnormally dangerous nature of the work activities performed by Ronald Berger at these shipyards. Because the activities at its Shipyards were abnormally dangerous, defendant is strictly liable for the injuries to plaintiff.

## THEORIES OF LIABILITY

16. Plaintiffs' claims are as set forth in Schroeter, Goldmark & Bender First Amended Style Complaint For Personal Injury and Wrongful Death No. 81-2-08703-5 filed November 10, 1994, in King County Superior Court.

17. Plaintiffs' claims against each defendant are based *inter alia* on strict product liability pursuant to Restatement Second of Torts, Section 402A including both design defect and failure to provide warnings and also based on negligence.

## DAMAGES

18. Plaintiffs have suffered the following damages:

   A. Past and future medical expenses;

   B. Loss of wage-earning capacity;

   C. Past and future disability; pain and suffering, both physical and emotional; greatly increased risk of further disease; anxiety and fear of further disease and shortening of life expectancy; and interference with normal life, all resulting in general damages;

   D. Interest from the date of injury;

   E. Plaintiff Michael Bouchard has suffered and will suffer damages for loss of companionship, services and consortium;

   F. Mrs. Bouchard's children have also suffered and will suffer damages for loss of love, care, and companionship; and

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 5
N:\ASBESTOS\Bouchard 18387\CBS et al\P\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

G. The aforementioned damages sought from each of the above-named defendants are in an amount to be proved at trial.

DATED this 15th day of September, 2010.

SCHROETER, GOLDMARK & BENDER

_____
JANET L. RICE, WSBA #9386
Counsel for Plaintiffs

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 6
N:\ASBESTOS\Bouchard 18387\CBS et al\P\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305