UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOLA and MICHAEL BOUCHARD, wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; et al.,<br><br>Defendants. | NO. _____<br><br>GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL FROM STATE COURT<br><br>King County Cause No. 10-2-32586-7 SEA |

PLEASE TAKE NOTICE that defendant General Electric Company (hereinafter "GE"), hereby removes this civil action to the United States District Court for the Western District of Washington from the Superior Court of the State of Washington in and for the County of King pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting under an officer or agency of the United States. The grounds for removal are more particularly stated as follows:

1. On or around September 13, 2010, plaintiffs filed this action in the Superior Court of the State of Washington for the County of King, Cause No. 10-2-32586-7 SEA. GE received a copy of the Supplemental Complaint for Personal Injury on September 17, 2010.

2. Plaintiffs Lola Bouchard and Michael Bouchard allege causes of action for personal injuries allegedly arising from exposure to asbestos-containing products. Copies of

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

EXHIBIT 3

1  the Pleadings filed in this case are attached to the Affidavit of Christopher S. Marks as
2  Exhibit A.
3    3.    This Notice of Removal is being filed within thirty days after the Defendants
4  received Plaintiffs' Responses to Defendants First Set of Interrogatories and Requests for
5  Production, from which the Defendants first ascertained that the case is one which may be
6  removed to Federal Court. 28 U.S.C. §1446(b).
7    4.    In the Complaint, plaintiffs allege that Lola Bouchard was exposed to asbestos-
8  containing products used at Puget Sound Naval Shipyard from 1960 to 1979 through clothing
9  worn home by her father and her ex-husband. See Marks Affidavit, Exhibit A (Supplemental
10 Complaint, ¶¶ 2 and 6).
11   5.    On October 8, 2010, counsel for General Electric received a copy of the
12 Attachment C to the Plaintiffs' Responses to Defendants First Set of Interrogatories and
13 Requests for Production. Marks Affidavit, Exhibit B. This was the first "paper," within the
14 meaning of 28 U.S.C. § 1446(b), from which the Defendants were able to ascertain that the
15 case is removable. Specifically, the Supplement Complaint identifies that Mrs. Bouchard
16 alleged exposure to asbestos may have occurred from asbestos used in conjunction with
17 "engines." See Marks Affidavit (Supplemental Complaint, ¶¶ 2 and 6). Attachment C to
18 Plaintiffs' Response to Defendants First Set of Interrogatories and Requests for Production lists
19 the USS Bremerton (CA-130). Upon information and belief, General Electric manufactured
20 the main propulsion and the steam turbine generators aboard the USS Bremerton. GE
21 manufactured marine steam turbines for use on Navy ships pursuant to contracts and
22 specifications executed by the U.S. Navy. The basis for removal is that, in the manufacture
23 and sale of turbines and other equipment for the U.S. Navy, GE was acting under an officer or
24 agency of the United States within the mean of 28 U.S.C. § 1442(a)(1).
25

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

6. GE is not required to notify and obtain the consent of any other defendant in this action in order to remove Plaintiffs' action under § 1442(a)(1), the federal officer removal provision. Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co., 644 F.2d 1310, 1315 (9th Cir. 1981); National Audubon Society v. Department of Water & Power of the City of Los Angeles, 496 F. Supp. 499, 509 (E.D. Cal. 1980).

7. Should Plaintiffs file a motion to remand this case, GE respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

8. As recognized in Boyle v. United Technologies Corp., 487 U.S. 500, 504 (1988), GE has a federal defense to this action, i.e., government contractor immunity from liability for injuries arising from any exposure to asbestos related to turbines on board U.S. Navy vessels, insofar as they were constructed or repaired by GE. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs claims and acts it performed under color of federal office. Mesa v. California, 489 U.S. 121,124-25,129-31,134-35 (1989).

9. In Isaacson v. Dow Chemical Company, 304 F.Supp.2d 442 (E.D.N.Y. 2004), plaintiff originally sued the manufacturer of Agent Orange in New Jersey State Court. Defendants removed to federal court asserting, among other things, federal jurisdiction under the All Writs Act. Id. at 445. The New Jersey District Court found removal appropriate under the All Writs Act. Id. The case was then transferred to the Eastern District of New York by the Multidistrict Panel. Id. The Court of Appeals for the Second Circuit affirmed the district court's denial of remand finding jurisdiction appropriate under the All Writs Act. Stephenson v. Dow Chemical Company, 273 F.3d 19 (2d Cir. 2003). On review, the United States Supreme Court remanded the case finding that the All Writs Act alone would not support removal. Dow Chemical Company v. Stephenson, 539 U.S. 111 (2003). On remand from the

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

1  Supreme Court, the Second Circuit determined that jurisdiction could not be grounded in the
2  All Writs Act and remanded the case back to the Eastern District of New York to determine if
3  there was an alternative ground supporting federal jurisdiction. Stephenson v. Dow Chemical
4  Company, 346 F.3d 19 (2d Cir. 2003). It is with that extensive procedural history that the
5  district court examined the federal officer removal statute and found it sufficient to deny
6  plaintiff's motion to remand. Isaacson, 304 F.Supp. at 445.

7      10.    In reaching its conclusion, the Isaacson court discussed in detail the three
8  elements necessary for removal under this statute. First, a defendant must demonstrate that it is
9  a "person" within the meaning of the statute. Id. at 446. The definition of a "person" includes
10 a corporation. Id. Second, the defendant must establish that the suit is "for any act under color
11 of federal office," i.e., there is a causal connection between the charged conduct and asserted
12 official authority. Id. (citations omitted). Causation exists if the predicate acts of the state
13 court suit were undertaken while the person was acting as or under a federal officer, and the
14 acts were under color of the relevant federal office. Id. Third, defendants must raise a
15 colorable claim to a federal law defense. Id. As previously stated, a colorable claim to a
16 federal defense can be predicated upon the federal government contractor defense. Id. at 449.

17     11.    The second element requires a causal nexus between the defendant's actions
18 under the federal officer and plaintiff's state court claims. Id. at 447. A substantial degree of
19 direct and detailed federal control over defendant's work is required. Id. What constitutes
20 sufficient federal control is often central to a court's decision to uphold removal or remand a
21 case. Several courts have upheld removal because defendants were sued as a result of building
22 products pursuant to military specifications. See Crocker v. Borden, 852 F.Supp. 1322
23 (E.D.La. 1994) (holding that removal was proper for Westinghouse because its marine turbines
24 were manufactured pursuant to Navy specifications); see also, Pack v. AC and S, Inc., 838
25 F.Supp. 1099 (D.Md. 1993) (holding that removal was proper for Westinghouse because the

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

1 government had extensive control over the manufacture of turbines, even specifying the type of
2 asbestos cloth).

3     12.    This case is removable under the authority cited above. In constructing its
4 marine steam turbines for the Navy, GE acted under the direction of a federal officer. GE
5 manufactured and designed the marine steam turbines at issue according to precise, detailed
6 specifications promulgated by Navy Sea Systems Command. Additionally, an Inspector of
7 Naval Machinery, who had offices on the premises of GE's plants, personally oversaw the
8 manufacturing process and enforced compliance with the Navy design specifications. Further,
9 the turbines were subject to various tests and trials supervised by the Navy before they were
10 approved for use on military vessels. Moreover, the U.S. Navy, as one of the world's leaders
11 in industrial hygiene state-of-the-art at the time, would have possessed information superior to
12 its equipment suppliers such as GE. In sum, virtually no aspect of the design and manufacture
13 of the marine steam turbines at issue escaped the close control of the U.S. Navy and its
14 officers. Consequently, removal is appropriate.

15     13.    A properly removed case cannot be remanded for discretionary or policy
16 reasons such as allegedly related State court cases or a contention that judicial economy
17 compels remand. 28 U.S.C. § 1447(c); ThermItron Products, Inc. v. Hermansdorfer, 423 U.S.
18 336 (1976). The federal officer removal statute is not narrow or limited, and it should not be
19 frustrated by a narrow or grudging interpretation of § 1442(a)(1). Willingham v. Morgan, 395
20 U.S. 402, 405 (1960).

21     14.    GE is not required to notify and obtain the consent of any other defendant in this
22 action in order to remove Plaintiff's action as a whole under § 1442(a)(1). See Torres v. CBS
23 News, 854 F.Supp. 245 (S.D.N.Y. 1994).

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

15. As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon GE are being filed with this Notice of Removal.

16. This action arose in King County, Washington, and is therefore properly assigned to the United States District Court for the Western District of Washington, at Seattle, pursuant to Local Rules W.D. Wash. 5(e)(1).

17. Plaintiffs' Action against the Defendants alleges damages to be proven at the time of trial. See Marks Affidavit (Supplemental Complaint, Damages.) Because plaintiffs have sued four defendants, on information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18. This Notice of Removal is timely filed under the 30-day provision of 28 U.S.C. § 1446(b) because it was filed within thirty days of October 8, 2010, the date of service of Plaintiffs' answers to Defendants' Interrogatories and Requests for Production.

19. Immediately upon filing of this Notice of Removal, the GE will file a copy of the Notice of Removal with the Clerk of the Court of the Superior Court of the State of Washington in and for the County of King, and will provide written notice to counsel for plaintiffs, all in accordance with 28 U.S.C. § 1446(d). A true copy of that notice is attached to the Affidavit of Christopher S. Marks.

20. By seeking removal, GE does not waive any defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process, or service of process.

21. This matter is subject to transfer to the Easter District of Pennsylvania pursuant to the July 29, 1991 order entered by the Judicial Panel on Multidistrict Litigation.

WHEREFORE, GE respectfully requests that this action now pending in the Superior Court of the State of Washington in and for the County of King be removed to this Court and that further proceedings be conducted in this Court as provided by law.

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL FROM STATE COURT - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

RESPECTFULLY SUBMITTED this 5th day of November, 2010.

        s/ Christopher S. Marks, WSBA #28634
Eliot M. Harris, WSBA #36590
Attorneys for Defendant General Electric Company
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: cmarks@williamskastner.com
       eharris@williamskastner.com

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                MDL No. 875

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO−343)**

On July 29, 1991, the Panel transferred 21,937 civil action(s) to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 170 F.Supp.2d 1348 (J.P.M.L. 2001). Since that time, 85,420 additional action(s) have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Eduardo C Robreno.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable Eduardo C Robreno.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*[signature]*

Jeffery N. Lüthi
Clerk of the Panel

**EXHIBIT 4**

IN RE: ASBESTOS PRODUCTS LIABILITY  
LITIGATION (NO. VI)                                                                MDL No. 875

SCHEDULE CTO-343 — TAG-ALONG ACTIONS

| DIST | DIV. | C.A.NO. | CASE CAPTION |
|---|---|---|---|
| ALABAMA NORTHERN | | | |
| ALN | 2 | 10-02935 | Evans et al v. CBS Corporation et al |
| FLORIDA MIDDLE | | | |
| FLM | 8 | 10-02430 | Owens v. American Honda Motor Company, Inc. et al |
| ILLINOIS NORTHERN | | | |
| ILN | 1 | 10-06974 | Ellis et al v. Rapid American Corporation et al |
| NEW YORK SOUTHERN | | | |
| NYS | 1 | 10-07345 | Clark v. Georgia-Pacific, LLC et al |
| VIRGINIA EASTERN | | | |
| VAE | 2 | 10-09706 | Cohenour v. Dana Companies, LLC et al |
| VAE | 2 | 10-09707 | Crews v. American Standard, Inc. et al |
| VAE | 2 | 10-09708 | Hillman v. American Standard, Inc. et al |
| VAE | 2 | 10-09709 | Kelleher v. American Standard, Inc. et al |
| VAE | 2 | 10-09710 | Loveless v. American Standard, Inc. et al |
| VAE | 2 | 10-09711 | Monroe v. American Standard, Inc. et al |
| VAE | 2 | 10-09712 | Mote v. American Standard, Inc. et al |
| VAE | 2 | 10-09713 | Smith v. American Standard, Inc. et al |
| VAE | 2 | 10-09714 | Stockwell v. American Standard, Inc. et al |
| VAE | 2 | 10-09715 | Baroni v. American Standard, Inc. et al |
| WASHINGTON WESTERN | | | |
| WAW | 2 | 10-01810 | Bouchard et al v. CBS Corporation et al |

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

*Lola and Michael Bouchard v. CBS Corporation, et al.*, W.D. Washington No. 2:10-cv-01810

## NOTICE OF OPPOSITION TO CTO-343

I represent plaintiffs, Lola and Michael Bouchard in the above captioned actions which are included on the conditional transfer order (CTO-343). Plaintiffs submit this opposition to the conditional transfer order. I understand that the motion and brief to vacate are due in 14 days.

Sincerely,

*Janet L. Rice*

JANET L. RICE, WSBA #9386
Counsel for Plaintiffs
810 Third Avenue, Suite 500
Seattle, Washington 98104
(206) 622-8000
rice@sgb-law.com



