MICHAEL J. PIETRYKOWSKI (SBN: 118677)
mpietrykowski@gordonrees.com
JAMES SCADDEN (SBN: 090127)
jhughes@gordonrees.com
GLEN R. POWELL (SBN 219453)
gpowell@gordonrees.com
KRISTINE M. GLOVER (SBN 245246)
kglover@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
AIR & LIQUID SYSTEMS CORPORATION,
successor by merger to BUFFALO PUMPS, INC.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |
| KWANG SCANLON v. ASBESTOS COMPANIES, ET AL. | **DEFENDANT AIR & LIQUID SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-341)** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWANG SCANLON, individually and as successor-in-interest to MICHAEL SCANLON, Deceased,<br><br>Plaintiffs<br><br>v.<br><br>ASBESTOS COMPANIES; et al.<br><br>Defendants. | Case No. 2:10-CV-07264-SVW-JCG<br><br>DEFENDANT AIR & LIQUID SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-341) |

## I.   INTRODUCTION

There is no reason for this Panel to vacate its transfer order. This asbestos-related wrongful death action is just like many other cases transferred to the MDL for pre-trial proceedings "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a) (2009). Plaintiffs give no reason why their cases should receive different treatment. Instead, they make arguments about remand, which are improperly addressed to this Panel to the extent Plaintiffs argue the alleged substantive merits of their remand motion as reason to vacate the CTO. Plaintiffs argue that the transfer order should be vacated because there are pending jurisdictional issues and that the district court should hear those issues, rather than the MDL court. However, Plaintiffs provide no compelling reason why those issues are so unique that the district court is better positioned to hear them. Rather, the remand issues in this case deal with federal officer jurisdiction only, and are federal jurisdictional issues with which the MDL court is readily familiar in asbestos-related MDL-875 actions. This Panel should let its transfer order stand.

## II.   FACTS

### A.   Procedural Posture of District Court Litigation

Defendant Air & Liquid Systems Corporation, successor by merger to

1

Buffalo Pumps, Inc. ("Buffalo") filed its Notice of Removal of Plaintiffs' wrongful death complaint on September 29, 2010. (Buffalo's Notice of Removal, Declaration of Kristine M. Glover ("Glover Decl."), Exhibit A.) Buffalo argues that removal is proper under 28 U.S.C. § 1442(a)(1), providing federal officer jurisdiction, because: (1) any products Buffalo sold to the U.S. Navy were manufactured in strict compliance with detailed government specifications, including markings and labeling specifications; and (2) the Navy had superior knowledge about potential health hazards, including asbestos-related hazards.

Plaintiffs filed their Amended Motion to Remand on November 8, 2010. On November 15, 2010, Buffalo responded with its Opposition to Plaintiffs' Motion to Remand. The hearing on the remand motion is set for December 6, 2010. In addition, Buffalo requested a stay of all proceedings pending resolution of the instant motion before the Panel. (Buffalo's Opposition to Plaintiffs' Motion to Remand and Stay for of All Proceedings, Glover Decl., Exhibit B.)

All parties jointly stipulated to stay the November 1, 2010 status conference "pending final transfer to the United States District Court for the Eastern District of Pennsylvania." (Stipulation, Glover Decl., Exhibit C.) On November 3, 2010, the Court rescheduled the status conference for December 6, 2010. (Chambers Order, Glover Decl., Exhibit D.)

### B. Conditional Transfer Order (CTO-341)

On October 21, 2010, this Panel filed its Conditional Transfer Order (CTO-341) identifying this case as a tag-along action pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. (Dkt. No. 1.) Under CTO-341, these actions will be transferred to the Eastern District Of Pennsylvania (MDL No. 875) before the Honorable Eduardo C. Robreno for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. (*Id.*) In response, Plaintiffs filed their Notice of Opposition on October 27, 2010, Dkt. No. 3, followed by Plaintiffs' instant Motion.

DEFENDANT AIR & LIQUID SYSTEM CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE

### III. ARGUMENT

**A. Transferring This Case Under CTO-341 Will Promote Justice And Efficient Conduct And The Pending Jurisdictional Issues Do Not Defeat Transfer, Nor Will Prejudice Plaintiffs In Any Way.**

**1. Plaintiffs Provide No Persuasive Authority That Transfer Would Not Promote Justice Or Efficient Conduct.**

Plaintiffs' argument that transfer of this case promotes no justice or efficient conduct lacks merit. Plaintiffs cite a number of cases that allegedly endorse this argument, but none of these cases are instructive or otherwise provide ample support.

First, Plaintiffs cite *Vasura v. ACandS*, 84 F.Supp.2d 531 (S.D.N.Y. 2000), as authority for the proposition that the Panel should vacate its order transferring this case simply because it has done so in the past. This case is unhelpful. The relevant issue in this motion is whether transfer of this case under CTO-341 is "[…] for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. The issues in *Vasura* had nothing to do with the transfer standard under 28 U.S.C. § 1407. Rather, the district court in *Vasura* evaluated whether removal was proper based on diversity of citizenship or under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a). 84 F.Supp.2d at 533. In *dicta*, the court merely *commented* on that case's procedural posture by noting that it specifically conferred with the MDL court regarding transfer back to its original district, and to ultimately confirm whether the remand motion was properly before the district court. *Id.*, at 533-34. The court stated that, after the two judges conferred, the MDL court referred the issue to the MDL Panel, who then transferred the case back to its original district. *Id.*, at 534. There is no mention of any facts – let alone reasoning – supporting the Panel's decision to vacate its prior CTO. Thus, *Vasura* provides little guidance or analogous facts regarding whether to vacate CTO-341 in this case.

Plaintiffs also offer *Aetna U.S. Heathcare, Inc. v. Hoechst Aktiengesellschaft* for authority that a CTO should be vacated when a remand motion is pending. 54 F.Supp.2d 1042 (D. Kan. 1999). *Aetna* is factually distinguishable. In *Aetna*, consolidation of numerous similar pharmaceutical cases was pending, which would transfer the case to an MDL court handling pharmaceutical litigation. *Id.* There, plaintiff's Motion to Remand was pending while the Panel was considering consolidating those actions, but the district court retained jurisdiction to rule on the remand motion anyway. *Id.*, at 1047-48. The key distinguishing fact, however, is that there were significant issues of Kansas state law involved in the remand motion, which led the court to conclude that it would be easier for it to decide such issues. *Id.* "The Court is well versed in both Kansas and federal law, while the transferor court would need to apply the law of different states to different claims." *Id.*, citing *Karofsky v. Abbott Laboratories*, 921 F.Supp. 18, 21 n. 4 (easier for federal judge in forum state to resolve issues implicating state law).

Here, there are no issues of state law to analyze in Plaintiffs' Motion to Remand whatsoever. Buffalo removed Plaintiffs' case on the basis of federal officer jurisdiction under 28 U.S.C. § 1442(a)(1), which is an entirely federal issue. Accordingly, there is no compelling reason why the district court is uniquely positioned, or should otherwise rule on Plaintiffs' remand motion for ease or efficiency due to unique state law issues. The MDL court and district courts are well-versed in issues of federal law, such as federal officer jurisdiction, and can address the relevant issues comprehensively. Indeed, as MDL-875 Judge Eduardo C. Robreno noted in his removal recent decision in *Hagen v. Benjamin Foster Co., et al.*, Case No. 2:07-CV-07-63346-ER, p. 2, "In many of the MDL-875 cases, the jurisdictional basis for removal is the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which allows a defendant to remove a suit to federal court following a preliminary showing of a federal defense." (*Hagen* Opinion, Glover Decl., Exhibit E.) Therefore, the MDL-874 knows the removal issues in this case well.

Finally, Plaintiffs also cite *Barragan v. Warner-Lambert Co.* for support, however, this case merely echoes the Panel's Rules of Procedure providing that a pending CTO does not limit the pre-trial jurisdiction of a district court. 216 F.Supp.2d 627, 639 (W.D. Tex. 2002); JUDICIAL PANEL ON MULTIDISTRICT LITIG., RULES OF PROCEDURE 2.1(d). While the district court indeed retains jurisdiction until a CTO becomes final, Plaintiffs still provide no sufficient reason to justify vacating CTO-341 under the relevant standard. *Barragan* provide no other insight, as it was a case analyzing diversity of citizenship and whether one defendant was fraudulently joined, and further analyzed issues of Texas state law as to plaintiff's medical malpractice claims. 216 F.Supp.2d 627, 639. Here, as mentioned in detail above, the removal issues are federal only and very common in MDL-875 actions.

### 2. The Pending Jurisdictional Issues Involving Buffalo's Federal Officer Defense Do Not Defeat Transfer, Nor Will Prejudice Plaintiffs In Any Way Because Their Motion May Be Heard Before The MDL Court.

Plaintiffs' argument is misguided for two additional reasons.

First and foremost, outstanding jurisdictional issues are insufficient reason to prohibit transfer by this Panel. *See In re Asbestos Prods. Liab. Litig (No. VI.)*, 170 F. Supp.2d 1348 (J.P.M.L. 2001); *accord In re Gypsum Wallboard*, 302 F.Supp 794 (J.P.M.L 1969); *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990) ("The MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending."). Plaintiffs' Amended Motion to Remand is set for hearing in less that one week, on December 6. Assuming the court denies Plaintiffs' remand motion without prejudice due to the pending CTO, Plaintiffs are still afforded the opportunity to renew its motion before the MDL court. The transferee court can just as easily – and expeditiously – hear Plaintiffs' motion, and order remand if and when appropriate. MDL No. 875 Administrative Order No. 18; *see also, e.g., Hagen v. Benjamin Foster Co., et al.*, Case No. 2:07-CV-07-63346-ER. (*Hagen* Opinion,

Glover Decl., Exhibit E.) Therefore, Plaintiffs will suffer no prejudice by transfer because their remand arguments will be heard by the MDL court if they wish.

Second, to the extent Plaintiffs argue the merits of remand as a reason to vacate the CTO, Plaintiffs' argument that Buffalo lacks subject matter jurisdiction over its claims is immaterial to the current issue before the Panel. The issue here is only whether transfer is appropriate under 28 U.S.C. § 1407 and this Panel's prior decisions. And whether remand is appropriate is not a relevant factor. To be sure, Section 1407 does not even empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990). Rather, Plaintiffs may properly seek to remand post-transfer, where the transferee court may decide whether remand is substantively warranted. In this motion, however, the substantive merits of remand are irrelevant.

**B.  There Is No Reason For This Panel To Vacate Its Conditional Transfer Order Because This Case Is No Different Than Other Federal Asbestos Actions In MDL No. 875 And Transferring Is Proper Under 28 U.S.C. § 1407.**

**1.  Transfer Of The Subject Actions Serves Convenience Of The Parties And Witnesses And Promotes Just And Efficient Adjudication Of The Claims.**

Transfers under 28 U.S.C. § 1407 "shall be made by [this Panel] upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." Pursuant to that mandate, this Panel long ago ruled that transferring all asbestos-related personal injury and wrongful death claims in federal court promoted the policy and goals of Section 1407. Other than arguing that remand is warranted and that ruling should be obtained in the Central District of California, Plaintiffs provide no reason why this case is so unique and factually distinguishable from the other asbestos actions before the Panel.

6

DEFENDANT AIR & LIQUID SYSTEM CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE

Likewise, Plaintiffs provide no reason why this case is not subject to the Panel's other key reasons for transferring federal asbestos actions to the MDL. This Panel has ruled that transfer advances convenience of the parties and witnesses in preventing needless and duplicative discovery, and other pretrial rulings and events. *In re Asbestos Prods. Liab. Litig (No. VI.)*, 771 F. Supp. 415 (J.P.M.L. 1991) ("economies to be achieved…should be secured before claims against distinct types or groups of defendants are separated out of the litigation."). This Panel also decided that such transfers would avoid duplication of efforts (and unnecessary expenses) by the parties and witnesses, counsel and the judiciary, and prevent inconsistent decisions. *In re Asbestos Prods. Liab. Litig (No. VI.)*, 771 F. Supp. 415, 421-22 (J.P.M.L. 1991). The same efficiencies apply here.

Furthermore, there is little burden on the parties in coordinating pretrial proceedings in these cases. Though transfer is primarily for pretrial purposes only, this Panel noted in its original decision regarding MDL-875 that there is usually little need for counsel to travel to the transferee district. *In re Asbestos Prods. Liab. Litig (No. VI.)*, 771 F. Supp. at 422.

This case is an asbestos-related wrongful death claim with common issues of fact to those before MDL-875 currently, and this Panel has many times ordered the transfer of similar tag-along actions. *See, e.g., In re Asbestos Prods. Liab. Litig (No. VI.)*, 560 F. Supp.2d 1367 (J.P.M.L. 2008); *In re Asbestos Prods. Liab. Litig (No. VI.)*, 545 F. Supp.2d 1359 (J.P.M.L. 2008). There is no reason why this Panel should depart from its established line of decisions ordering transfer of similar asbestos-related wrongful death claims.

### IV. CONCLUSION

This Panel should transfer this asbestos-related wrongful death action under its Conditional Transfer Order (CTO-341) and there is no reason why it should depart from its initial order. Transfer is appropriate because this case is similar to those before MDL-875, and moreover, Plaintiffs failed to demonstrate any viable

7

1 | reason why this case is factually dissimilar. Further, Plaintiffs' substantive
2 | jurisdictional arguments are irrelevant to the issues before this Panel. Outstanding
3 | jurisdictional issues are insufficient reason alone to justify this Panel vacating its
4 | CTO. Plaintiffs may have their remand motion heard before the MDL-875 Court,
5 | who is aptly familiar with federal officer removal jurisdiction.

Respectfully submitted,

Dated: December 2, 2010

GORDON & REES LLP

By: _____
KRISTINE M. GLOVER
Attorneys for Defendants
AIR & LIQUID SYSTEMS
CORPORATION, successor by merger to
BUFFALO PUMPS, INC.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Embarcadero Center West, 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the date set forth below, I served the within documents:

**DEFENDANT AIR & LIQUID SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-341)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by personally arranging for the hand delivery via *USA Network Messengers* the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by electronically serving the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website.

| Baron & Budd, PC<br>9465 Wilshire Blvd Ste 460<br>Beverly Hills, CA 90212<br>Telephone:    310.860.0476<br>Facsimile:    310.860.0480<br>***Plaintiffs' Counsel*** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.    Executed on **December 2, 2010**, at San Francisco, California.

*Samantha Oryall*
Samantha Oryall

BUFFP/1065431/8555541v.1