ATYADM, CV

## U.S. District Court
## District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: 0:10-cv-04229-RHK -JJG

Robson v. Organon USA, Inc. et al
Assigned to: Judge Richard H. Kyle
Referred to: Magistrate Judge Jeanne J. Graham
Demand: $75,000
Cause: 28:1332-pip-Diversity-Personal Injury, Product Liability

Date Filed: 10/13/2010
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

### Plaintiff

**Courtney Robson**                represented by **Lucia J W McLaren**
                                                    Goldenberg & Johnson, PLLC
                                                    33 S 6th St Ste 4530
                                                    Mpls, MN 55402
                                                    612-335-9968
                                                    Fax: 612-339-8168
                                                    Email: ljmclaren@goldenberglaw.com
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Michael K Johnson**
                                                    Goldenberg & Johnson, PLLC
                                                    33 S 6th St Ste 4530
                                                    Mpls, MN 55402
                                                    612-333-4662
                                                    Fax: 612-339-8168
                                                    Email: mkjohnson@goldenberglaw.com
                                                    *ATTORNEY TO BE NOTICED*

V.

### Defendant

**Organon USA, Inc.**              represented by **Joseph M Price**
*jointly and individually*                          Faegre & Benson LLP
                                                    90 S 7th St Ste 2200
                                                    Mpls, MN 55402-3901
                                                    612-766-7000
                                                    Fax: 612-766-1600
                                                    Email: jprice@faegre.com
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Melissa-NA A. Geist**
                                                    Not Admitted
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Organon Pharmaceuticals USA, Inc.**
*jointly and individually*
*n/k/a*
Organon Pharmaceuticals USA, INC., LLC

represented by **Joseph M Price**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa-NA A. Geist**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Akzo Nobel NV**
*jointly and individually*

**Defendant**

**Schering-Plough Corporation**
*jointly and individually*

represented by **Joseph M Price**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa-NA A. Geist**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Merck & Company, Inc.**
*jointly and individually*

represented by **Joseph M Price**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa-NA A. Geist**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Organon International, Inc.**
*jointly and individually*

represented by **Joseph M Price**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa-NA A. Geist**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2010 | 1 | COMPLAINT against Akzo Nobel NV, Merck & Company, Inc., Organon Pharmaceuticals USA, Inc., Organon USA, Inc., Schering-Plough Corporation ( Filing fee $ 350 receipt number 4-49232.) assigned to Judge Richard H. Kyle per Master List and referred to Magistrate Judge Jeanne J. Graham, filed by Courtney Robson. (Attachments: # 1 Civil Cover Sheet). (LMB) Modified text on 10/15/2010 (lmb). (Entered: 10/14/2010) |

| | | |
|---|---|---|
| 10/13/2010 | | Summons Issued as to Akzo Nobel NV, Merck & Company, Inc., Organon Pharmaceuticals USA, Inc., Organon USA, Inc., Schering-Plough Corporation. (LMB) Modified text on 10/15/2010 (lmb). (Entered: 10/14/2010) |
| 11/11/2010 | 2 | AMENDED COMPLAINT against Akzo Nobel NV, Merck & Company, Inc., Organon Pharmaceuticals USA, Inc., Organon USA, Inc., Schering-Plough Corporation, Organon International, Inc., filed by Courtney Robson. (Attachments: # 1 Certificate of Service) (Johnson, Michael) (Entered: 11/11/2010) |
| 11/23/2010 | 3 | ANSWER to Complaint by Merck & Company, Inc., Organon Pharmaceuticals USA, Inc., Organon USA, Inc., Schering-Plough Corporation. (Price, Joseph) (Entered: 11/23/2010) |
| 11/23/2010 | 4 | RULE 7.1 DISCLOSURE STATEMENT. Effective November 3, 2009, the parent company of the Organon Defendants, Schering-Plough Corporation, is now Merck & Co., Inc. No publicly held corporation owns 10% or more of Merck & Co., Inc. (Price, Joseph) Modified text on 11/23/2010 (lmb). (Entered: 11/23/2010) |
| 11/23/2010 | 5 | RULE 7.1 DISCLOSURE STATEMENT. Effective November 3, 2009, Schering-Plough Corporation is now Merck & Co., Inc. No publicly held corporation owns 10% or more of Merck & Co., Inc. (Price, Joseph) Modified text on 11/23/2010 (lmb). (Entered: 11/23/2010) |
| 11/23/2010 | 6 | CERTIFICATE OF SERVICE by Merck & Company, Inc., Organon Pharmaceuticals USA, Inc., Organon USA, Inc., Schering-Plough Corporation re 3 Answer to Complaint, 5 Rule 7.1 - Disclosure Statement, 4 Rule 7.1 - Disclosure Statement. (Price, Joseph) (Entered: 11/23/2010) |
| 12/01/2010 | 7 | ANSWER to 2 Amended Complaint by Merck & Company, Inc., Organon International, Inc., Organon Pharmaceuticals USA, Inc., Organon USA, Inc., Schering-Plough Corporation. (Price, Joseph) Modified link on 12/1/2010 (lmb). (Entered: 12/01/2010) |
| 12/01/2010 | 8 | RULE 7.1 DISCLOSURE STATEMENT. The parent company of Organon International, Inc., Schering-Plough Corporation, is now Merck & Co., Inc. No publicly held corporation owns 10% or more of Merck & Co., Inc. (Price, Joseph) Modified text on 12/1/2010 (lmb). (Entered: 12/01/2010) |
| 12/01/2010 | 9 | CERTIFICATE OF SERVICE by Merck & Company, Inc., Organon International, Inc., Organon Pharmaceuticals USA, Inc., Organon USA, Inc., Schering-Plough Corporation re 7 Answer to Amended Complaint, 8 Rule 7.1 - Disclosure Statement. (Price, Joseph) (Entered: 12/01/2010) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/06/2010 09:51:10 | | |
| PACER Login: | jp0001 | Client Code: |

| Description: | Docket Report | Search Criteria: | 0:10-cv-04229-RHK - JJG |
|---|---|---|---|
| Billable Pages: | 3 | Cost: | 0.24 |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| COURTNEY ROBSON,<br><br>  Plaintiff,<br><br>v.<br><br>ORGANON USA, INC.;<br>ORGANON PHARMACEUTICALS USA,<br>INC.; AKZO NOBEL NV; SCHERING-<br>PLOUGH CORPORATION; MERCK &<br>COMPANY, INC.; jointly and individually,<br><br>  Defendants. | Court File No.: _____<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, by and through counsels, and for her complaint against Defendants, alleges as follows:

### PARTIES AND JURISDICTION

1.   Plaintiff is a citizen of the state of Nevada.

2.   Plaintiff seeks an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

3.   Defendant, ORGANON USA, INC., is a global pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the contraceptive, NuvaRing.

4.   Defendant, ORGANON USA, INC., is or at pertinent time was a wholly owned subsidiary and the largest pharmaceutical business unit of Defendant, AKZO NOBEL NV.

5.   Defendant, ORGANON PHARMACEUTICALS USA, INC., is a foreign corporation authorized to and actually transacting business in the State of New Jersey and

Minnesota, with its principal place of business located at 56 Livingston Avenue, Roseland, New Jersey 07068.

6. Defendant, ORGANON PHARMACEUTICALS USA, INC., is a global pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the contraceptive, NuvaRing.

7. Defendant, ORGANON PHARMACEUTICALS USA, INC., is or at pertinent time was a wholly owned subsidiary and a pharmaceutical business unit of Defendant, AKZO NOBEL NV.

8. Defendant, ORGANON INTERNATIONAL, INC., is a foreign corporation authorized and actually transacting business in the State of New Jersey and Minnesota, with its principal place of business located at 56 Livingston Avenue, Roseland, New Jersey 07068.

9. Defendant, ORGANON INTERNATIONAL, INC., is a global pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the contraceptive, NuvaRing.

10. Defendant, ORGANON INTERNATIONAL, INC., is or at pertinent time was a wholly owned subsidiary and a pharmaceutical business unit of Defendant, AKZO NOBEL NV.

11. Defendant, AZKO NOBEL NV, is a global Fortune 500 Company incorporated and existing under the laws of The Netherlands.

12. Defendant, AZKO NOBEL NV, individually and through its wholly owned subsidiaries, including Defendants herein, and the trading of its stock on NASDAQ regularly transacts or solicits business, engages in a persistent course of conduct, and derives substantial revenue from goods used or consumed in the State of New Jersey and Minnesota.

13. Defendant, AZKO NOBEL NV, individually and through its wholly owned subsidiaries, including Defendants herein, is a company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the contraceptive, NuvaRing.

14. Defendant, SCHERING-PLOUGH CORPORATION acquired the above named Defendants in 2007 and assumed the liabilities attendant thereto, and has its principal place of doing business in New Jersey.

14a. In 2008, defendant SCHERING-PLOUGH CORPORATION acquired defendant ORGANON PHARMACEUTICAL USA, INC.; caused it to be dissolved as a corporation; and made it a subsidiary. In so doing, defendant SCHERING-PLOUGH CORPORATION assumed the liabilities of ORGANON PHARMACEUTICAL USA, INC., as pleaded in this complaint.

14b. In 2009, defendant MERCK & CO., INC., which has its principal place of business in New Jersey, and is authorized to and is actually conducting business in New Jersey and Minnesota, acquired defendant SCHERING-PLOUGH CORPORATION and assumed the liabilities attendant to both SCHERING-PLOUGH CORPORATION and the previously named ORGANON defendants, plus became liability for injuries which the said product caused after it took control of it.

15. This court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds 75,000.00, exclusive of interest and costs. Venue is proper in this jurisdiction because defendants are engaged in marketing, promoting, labeling, distributing and selling of their ring product in the State of Minnesota.

## FACTUAL BACKGROUND

16. Pursuant to prescription, Plaintiff utilized Defendants' ring product for a period of time from approximately November 26, 2009 through March 1, 2010.

17. Defendants marketed, promoted and advertised the ring product to physicians and to the public as equally or more safe than oral contraceptive pills, whereas it was less safe than the pill, as defendants knew.

18. Defendants marketed, promoted and advertised the ring product as presenting less of a risk of thrombotic side effects than other means of contraception because of its relatively low amount of estrogen in an attempt to disguise the fact that it had a high level of a dangerous third-generation progestin, capable to causing thrombotic side effects.

19. Defendants failed to warn prescribing physicians and the public that the ring product was associated with more thrombotic events than the pill.

20. Defendants failed to provide proper and full information as to safety to the United States Food and Drug Administration ("FDA"), which regulated the sale of the ring, and thereby avoided having appropriate warnings and cautions added to its labeling and advertising.

21. Defendants obtained permission to market the ring product by presenting safety data derived from studies on the pill and failed to do proper clinical investigation with actual users of the ring product.

22. In actuality, as defendants knew but failed to disclose, the ring product released a continuous stream of hormones (progestin and estrogen) into the body of the user, and at a higher level than the pill provided, and more than defendants stated were being released into the blood stream in its promotional literature.

23. Plaintiff on or about March 1, 2010, sustained an injury due to her use of the ring, namely, four (4) pulmonary embolisms in her right lung.

24. As a further result plaintiff incurred damages, both special and general.

25. Plaintiff and her prescribing health care providers were unaware of the increased risk of the use of the ring and would have used and prescribed other methods for birth control if they had been so informed.

26. Up until the time that plaintiff was injured, the FDA had never forbidden the defendants from mentioning the subjects about enhanced risks stated above, nor had it ever prevented defendants from enlarging on their warnings about thrombotic risks associated with the use of the ring product.

### FIRST CAUSE OF ACTION - STRICT PRODUCT LIABILITY

27. The said ring product was defective and unreasonably dangerous as a result of manufacturing defects, design defects and a failure to warn, including post-market, among other conduct, when Defendants placed it into the stream of commerce.

28. The defects in the ring product were a proximate cause of the injuries suffered by the Plaintiff and the damages thereby incurred.

29. By engaging in the said conduct, Defendants have become strictly liable to Plaintiff, pursuant to applicable state law.

30. Defendants' ring product was defective and unreasonably dangerous when Defendants placed it into the stream of commerce, in violation of all State and Local Product Liability Acts.

31. As a result of the Defendants' said conduct, plaintiff has sustained general and special damages.

### SECOND CAUSE OF ACTION - BREACH OF WARRANTY

32. Plaintiff repeats and realleges paragraphs of the Complaint designated 16-31.

33. Defendants have breached applicable warranties, express and implied, including safety, pursuant to applicable state law and are therefore liable to Plaintiff.

34. As a result of the Defendants' said conduct, Plaintiff has sustained general and special damages.

### THIRD CAUSE OF ACTION - NEGLIGENCE

35. Plaintiff repeats and realleges paragraphs of the Complaint designated 16-34.

36. Defendants were negligent in designing, manufacturing, inspecting, testing, labeling, warning, monitoring, promoting, distributing and selling the product, pursuant to applicable state law.

37. Defendants are therefore liable to Plaintiff.

38. As a result of Defendants' said conduct, Plaintiff has sustained general and special damages.

### FOURTH CAUSE OF ACTION – FRAUD AND MISREPRESNTATION

39. Plaintiff repeats and realleges paragraphs of the Complaint designated 16-38.

40. Defendants deliberately and carelessly made false and misleading statements about the safety of the product, on which Plaintiff and her prescribing doctor relied to her detriment.

41. Defendants concealed research which it did or had done for it, or changed it before presentation to the FDA or for publication so as to minimize health hazard, and caused to be published articles unjustifiably representing the safety of the product.

42. As a result of Defendants' said conduct, Plaintiff has sustained general and special damages.

### FIFTH CAUSE OF ACTION–CONSUMER FRAUD

43. Plaintiff repeats and realleges paragraphs of the Complaint designated 16-43.

44.     Defendants, through their agents, servants and/or employees violated state and local Consumer Protection Acts, through their design, manufacture, testing, distribution, promotion and sale of the ring product by engaging in one or more of the following unlawful practices: unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentations, and/or the knowing concealment, suppression or omission of material facts with the intent that Plaintiff herein and other users would rely upon such concealment, suppression or omission, and otherwise pursuant to applicable state law.

45.     As a direct and proximate result of the wrongful acts and conduct of the Defendants, as described above, Plaintiff was caused to suffer serious and permanent injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses; was caused to lose time from her employment and will in the future be caused to lose time from her employment; and was caused to suffer and will in the future continue to suffer an adverse and material change in her quality of life, entitling Plaintiff to damages including, but not limited to exemplary damages, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Economic and non-economic damages and damages for pain and suffering and loss of basic and pleasurable activities in an amount in excess of $75,000 as provided by law and to be supported by the evidence at trial;

2. For compensatory and other damages according to proof;

3. For disgorgement of profits to the extent allowed by law;

4. For an award of attorneys' fees and costs to the extent allowed by law;

5. For prejudgment interest and the costs of suit; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests trial by jury on all issues.

Dated: October 7, 2010

Respectfully,

MICHAEL K. JOHNSON (#258696)
LUCIA J. W. MCLAREN (#388088)
**GOLDENBERG & JOHNSON, PLLC**
33 SOUTH SIXTH STREET, SUITE 4530
MINNEAPOLIS, MINNESOTA 55402
PH: (612) 333-4662
FAX: (612) 339-8168

**ATTORNEYS FOR PLAINTIFF**