## United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:10-cv-07738

Cropper et al v. Rapid American Corporation et al
Assigned to: Honorable William J. Hibbler
Case in other court: Circuit Court of Cook County, Law
                     Division, 10L 12247
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 12/06/2010
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Robert W. Cropper**                represented by   **Robert W. Cropper**
                                                      PRO SE

**Plaintiff**

**Norma Cropper**                    represented by   **Norma Cropper**
                                                      PRO SE

V.

**Defendant**

**Rapid American Corporation**

**Defendant**

**H.B. Fuller Company**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Certainteed Corporation**

**Defendant**

**Uniroyal Inc**

**Defendant**

**C.P. Hall Company**

**Defendant**

**Crown, Cork & Seal USA, Inc.**

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**John Crane Inc**

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**DAP, Inc.**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Sterling Fluid Systems (USA)**

**Defendant**

**FMC Corporation**

**Defendant**

**Gardner Denver Inc**

**Defendant**

**IMO Industries, Inc.**

**Defendant**

**BW/IP Inc**

**Defendant**

**Air & Liquid Systems Inc.**

**Defendant**

**Aurora Pump Company**

**Defendant**

**Taco, Inc.**

**Defendant**

**General Electric Company**                 represented by   **Edward P Kenney**
                                                              Sidley Austin LLP
                                                              One South Dearborn Street
                                                              Chicago, IL 60603
                                                              (312) 853-7000
                                                              Email: ekenney@sidley.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Jeffrey Michael Schieber**
                                                              Sidley Austin LLP
                                                              1 South Dearborn
                                                              Chicago, IL 60603
                                                              (312) 853-7925
                                                              Email: jschieber@sidley.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **John Anthony Fonstad**
                                                              Sidley Austin LLP
                                                              One South Dearborn
                                                              Chicago, IL 60603

(312) 853-0752
Email: jfonstad@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maja C. Eaton**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
Email: meaton@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Viacom Inc**

<u>Defendant</u>

**Elliott Turbomachinery Co., Inc.**

<u>Defendant</u>

**Crane Co.**

<u>Defendant</u>

**Henry Vogt Machine Company**

<u>Defendant</u>

**Yarway Corporation**

<u>Defendant</u>

**Anderson, Greenwood & Co.**

<u>Defendant</u>

**Grinnell Corporation**

<u>Defendant</u>

**Grinnell LLC**

<u>Defendant</u>

**Mueller Group LLC**

<u>Defendant</u>

**Mueller Company**

<u>Defendant</u>

**Henry Pratt Company**

<u>Defendant</u>

**Fisher Controls International LLC**

<u>Defendant</u>

**Fisher Controls Company**

<u>Defendant</u>

**Foster Wheeler Energy Corporation**

**Defendant**

**Riley Power, Inc.**

**Defendant**

**A.O. Smith Corporation**

**Defendant**

**Trane U.S. Inc.**

**Defendant**

**Warren Pumps, LLC**

**Defendant**

**Blackmer**

**Defendant**

**Metropolitan Life Insurance Co.**

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 12/06/2010 | 1 | ☐ | NOTICE of Removal from Circuit Court of Cook County, Law Division, case number (10L 12247) filed by General Electric Company Filing fee $ 350, receipt number 0752-5487622. *with Exhibit List and Exhibits A & B* (Schieber, Jeffrey) (Entered: 12/06/2010) |
| 12/06/2010 | 2 | ☐ | CIVIL Cover Sheet (Schieber, Jeffrey) (Entered: 12/06/2010) |
| 12/06/2010 | 3 | ☐ | ATTORNEY Appearance for Defendant General Electric Company by Jeffrey Michael Schieber (Schieber, Jeffrey) (Entered: 12/06/2010) |
| 12/06/2010 | 4 | ☐ | ATTORNEY Appearance for Defendant General Electric Company by Maja C. Eaton (Eaton, Maja) (Entered: 12/06/2010) |
| 12/06/2010 | 5 | ☐ | ATTORNEY Appearance for Defendant General Electric Company by Edward P Kenney (Kenney, Edward) (Entered: 12/06/2010) |
| 12/06/2010 | 6 | ☐ | ATTORNEY Appearance for Defendant General Electric Company by John Anthony Fonstad (Fonstad, John) (Entered: 12/06/2010) |
| 12/06/2010 | 7 | ☐ | Notice of Tag-Along Action by General Electric Company (Fonstad, John) (Entered: 12/06/2010) |
| 12/06/2010 | 8 | ☐ | ANSWER to Complaint by General Electric Company(Schieber, Jeffrey) (Entered: 12/06/2010) |
| 12/06/2010 | 9 | ☐ | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by General Electric Company (Schieber, Jeffrey) (Entered: 12/06/2010) |

[ View Selected ]

or

[ Download Selected ]

 CT Corporation

**Service of Process Transmittal**
11/15/2010
CT Log Number 517601132

**TO:** Carol Light, Senior Trial Risk Analyst
Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915

**RE:** **Process Served in Illinois**

**FOR:** General Electric Company (Domestic State: NY)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert W. Cropper and Norma Cropper, Pltfs. vs. Rapid American Corporation, etc., et al. including General Electric Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL<br>Case # 2010L012247 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2010 at 08:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | David O. Barrett<br>Cooney and Conway<br>120 North LaSalle Street<br>30th Floor<br>Chicago, IL 60602<br>312-236-6166 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/15/2010, Expected Purge Date: 11/20/2010<br>Image SOP<br>Email Notification, Josh Miller josh.miller@electricinsurance.com<br>Email Notification, Laurie Konowitz Laura.konowitz@electricinsurance.com<br>Email Notification, Brigid Esposito besposito@sidley.com<br>Email Notification, Meredith Dudley mdudley@sidley.com<br>Email Notification, Cassandra Flavin cflavin@armstrongteasdale.com<br>Email Notification, Greg Iken giken@armstrongteasdale.com<br>Email Notification, Carol Light Carol.Light@electricinsurance.com<br>Email Notification, Joann Phillips joann.phillips@electricinsurance.com<br>Email Notification, Kate Cook kate.cook@ElectricInsurance.com<br>Email Notification, Shaina Rasmussen shaina.rasmussen@ge.com<br>Email Notification, Mark Cohen mark.cohen1@ge.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / LV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS - SUMMONS    (Rev. 5/1/92) CCG-1 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT W. CROPPER and NORMA CROPPER,

    IN RE:   ASBESTOS LITIGATION
    2010L012247
    CALENDAR/ROOM J1
    TIME 00:00
    Asbestos

                  Plaintiffs,

        vs.

RAPID AMERICAN CORP., et al.

    PLEASE SERVE
    See Attached Service Information

                  Defendants.

                              SUMMONS        2010L012247
                                             General Filing

        To Each Defendant: See Attached Service List

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which s hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

        To the Officer:

        This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than 30 days after its date.

                                             OCT 26 2010

                                    Witness, _____, 2010

                                    Clerk of Court

Name: Cooney and Conway                 Date of Service:_____, 2010
Attorneys for Plaintiffs                (To be inserted by Officer on Copy Left with Defendant or
Address: 120 N. LaSalle St.             Other Person)
City: Chicago, IL 60602
Telephone: (312) 236-6166
Atty. No. 90200

    **Service by Facsimile Transmission will be accepted at     _____

                                             (A.C.)(Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801                  Chancery-Divorce Room 802
 County Division Room 801                Probate Division Room 1202

10-0545
Robert W. Cropper and Norma Cropper

## SUMMONS SERVICE LIST

Rapid American Corporation, Individually and as
Successor-in-Interest to Philip Carey Manufacturing Co.
R/A: The Prentice Hall Corporation
2711 Centerville Road, Suite 400
Wilmington, DE 19808

H.B. Fuller Company
R/A:  CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL  60604

Union Carbide Corporation,
Individually and f/k/a Union
Carbide Chemicals & Plastics Co.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

CertainTeed Corporation
R/A:  CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Uniroyal, Inc.
c/o Uniroyal Holding, Inc.
70 Great Hill Road
Naugatuck, CT 06770

C.P. Hall Company
Barry Shkolnik-Registered Agent
c/o Ungaretti and Harris
70 West Madison Street Suite 3500
Chicago, IL 60602

Crown, Cork and Seal, USA, Inc.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

A.W. Chesterton Company
R/A: Robert Congdon
650 W. Grand, Unit 313
Elmhurst, IL 60126

John Crane, Inc. f/k/a Crane Packing Company
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Georgia-Pacific Corporation
a.k.a. Hopper Paper Company
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

DAP, Inc.
R/A: The Prentice Hall Corporation
50 West Broad Street, Suite 1800
Columbus, OH 43215

Ingersoll-Rand Company
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL  60604

Goulds Pumps, Inc.
R/A: CT Corporation System
111 Eighth Avenue
New York, NY 10011

Sterling Fluid Systems (USA), Individually and as
Successor-in-Interest to Peerless Pump Company
and as Successor-in-Interest to Indian Head, Inc.
R/A: The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

FMC Corporation
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Gardner Denver, Inc.
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Imo Industries, Inc.
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

BW/IP, Inc. and its Wholly Owned Subsidiaries
5215 N. O'Conner Blvd., Suite 2300
Irving, TX 75039

Air & Liquid Systems, Inc., Successor by Merger to Buffalo Pumps, Inc.
116 Pine Street, Suite 320
Harrisburg, PA 17101

Aurora Pump Company
R/A: Lynette Jones
13515 Ballantyne Corporate Place
Charlotte, NC  28277

Taco, Inc.
1160 Cranston Street
Cranston, RI 02920

General Electric Company
R/A: CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Viacom, Inc., Successor-by-Merger to CBS Corporation
f/k/a Westinghouse Electric Corporation
R/A: Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Elliott Turbomachinery Co., Inc.
Daniel G. Donahue
Foley & Mansfield P.L.L.P.
1001 Highland Plaza Drive West, Suite 400
St. Louis, Missouri 63110

Crane Co.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Henry Vogt Machine Company
1000 West Ormsby Ave
Louisville, KY 40210

Yarway Corporation
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Anderson, Greenwood & Co.
10707 Clay Rd.,
Houston, TX 77041

Grinnell Corporation
f/k/a Grinnell Fire Protection Systems.
116 Pine St. 3325
Harrisburg, PA 17101

Grinnell LLC
1209 Orange St.
Wilmington, DE 19801

Mueller Group, LLC d/b/a Mueller Flow, LLC
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Mueller Company
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Henry Pratt Company
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Fisher Controls International, LLC
Individually and as Successor-in-Interest to
Fisher Controls Company F/K/A
Fisher Governor Company
120 S. Central Ave.
Clayton, MO 63105

Foster Wheeler Energy Corporation
c/o Thomas R. O'Brian, Esq.
Perryville Corporate Park
Clinton, NJ 08809

Riley Power, Inc. f/k/a Riley Stoker Corporation
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

A.O. Smith Corporation
R/A: The Prentice Hall Corporation
33 N. LaSalle St.
Chicago, IL 60602

Trane U.S. Inc.
R/A: CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Warren Pumps, LLC.
R/A: Corporation Service Company
2711 Centerville Road
Wilmington, DE 19808

Blackmer, a Dover Company
1809 Century Ave. SW
Grand Rapids, MI 49503-1530

Metropolitan Life Insurance Co.
ATTN: Director of Insurance of the State of Illinois
100 W. Randolph St., Suite 15-100
Chicago, IL 60601

10-0545 DOB/kl                                                    Firm I.D. No: 90200

STATE OF ILLINOIS   )
                    ) §
COUNTY OF COOK      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT W. CROPPER and NORMA CROPPER, | IN RE:   ASBESTOS LITIGATION |
| Plaintiffs, | NO: |
| vs. | |
| RAPID AMERICAN CORPORATION, Individually and as Successor-in-Interest to Philip Carey Manufacturing Corporation; H.B. FULLER COMPANY; UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics Company; CERTAINTEED CORPORATION; UNIROYAL, INC.; C.P. HALL COMPANY; CROWN, CORK AND SEAL, USA, INC.; A.W. CHESTERTON COMPANY; JOHN CRANE, INC. f/k/a Crane Packing Company; GEORGIA-PACIFIC CORPORATION a.k.a. Hopper Paper Company; DAP, INC.; INGERSOLL-RAND COMPANY; GOULDS PUMPS, INC.; STERLING FLUID SYSTEMS (USA), Individually and as Successor-in-Interest to Peerless Pump Company and as Successor-in-Interest to Indian Head, Inc.; FMC CORPORATION; GARDNER DENVER, INC.; IMO INDUSTRIES, INC.; BW/IP, Inc. and its Wholly Owned Subsidiaries; AIR & LIQUID SYSTEMS, INC., Successor by Merger to BUFFALO PUMPS, INC.; AURORA PUMP COMPANY; TACO, INC.; GENERAL ELECTRIC COMPANY; VIACOM, INC., Successor-by-Merger to CBS Corporation f/k/a Westinghouse Electric Corporation; ELLIOTT TURBOMACHINERY CO., INC.; CRANE CO.; HENRY VOGT MACHINE COMPANY; YARWAY CORPORATION; ANDERSON, GREENWOOD & CO.; GRINNELL CORPORATION f/k/a GRINNELL FIRE PROTECTION SYSTEMS, INC.; GRINNELL LLC; MUELLER GROUP, LLC d/b/a MUELLER FLOW, LLC; MUELLER COMPANY; HENRY PRATT COMPANY; FISHER CONTROLS INTERNATIONAL, LLC, Individually and as Successor-in-Interest TO FISHER CONTROLS COMPANY f/k/a FISHER GOVERNOR COMPANY; FOSTER WHEELER ENERGY CORPORATION; RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION; A.O. SMITH CORPORATION; TRANE U.S., INC.; WARREN PUMPS, LLC; BLACKMER, a Dover Company; METROPOLITAN LIFE INSURANCE CO., | |

Defendants.

COMPLAINT AT LAW

COUNT 1

NOW COMES the Plaintiff, ROBERT W. CROPPER, by and through his attorneys, COONEY and

CONWAY, and for his cause of action against the Defendants, individually and concurrently, states:

1.      The Plaintiff, ROBERT W. CROPPER, was employed from 1958 to 1962 in various

capacities including, Boiler Technician at various locations.

2.      During the course of his employment, non-occupational work projects (including, but

not limited to, home and automotive repairs, maintenance and remodeling) and/or in other ways, the

Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers emanating from

certain products he was working with and around that manufactured, sold, distributed, marketed or

installed by the Defendants: RAPID AMERICAN CORPORATION, Individually and as Successor-in-Interest

to Philip Carey Manufacturing Corporation; H.B. FULLER COMPANY; UNION CARBIDE CORPORATION,

Individually and f/k/a Union Carbide Chemicals and Plastics Company; CERTAINTEED CORPORATION;

UNIROYAL, INC.; C.P. HALL COMPANY; CROWN, CORK AND SEAL, USA, INC.; A.W. CHESTERTON

COMPANY; JOHN CRANE, INC. f/k/a Crane Packing Company; GEORGIA-PACIFIC CORPORATION a.k.a.

Hopper Paper Company; DAP, INC.; INGERSOLL-RAND COMPANY; GOULDS PUMPS, INC.; STERLING

FLUID SYSTEMS (USA), Individually and as Successor-in-Interest to Peerless Pump Company and as

Successor-in-Interest to Indian Head, Inc.; FMC CORPORATION; GARDNER DENVER, INC.; IMO

INDUSTRIES, INC.; BW/IP, Inc. and its Wholly Owned Subsidiaries; AIR & LIQUID SYSTEMS, INC.;

Successor by Merger to BUFFALO PUMPS, INC.; AURORA PUMP COMPANY; TACO, INC.; GENERAL

ELECTRIC COMPANY; VIACOM, INC., Successor-by-Merger to CBS Corporation f/k/a Westinghouse

Electric Corporation; ELLIOTT TURBOMACHINERY CO., INC.; CRANE CO.; HENRY VOGT MACHINE

COMPANY; YARWAY CORPORATION; ANDERSON, GREENWOOD & CO.; GRINNELL CORPORATION f/k/a

GRINNELL FIRE PROTECTION SYSTEMS, INC.; GRINNELL LLC; MUELLER GROUP, LLC d/b/a MUELLER

FLOW, LLC; MUELLER COMPANY; HENRY PRATT COMPANY; FISHER CONTROLS INTERNATIONAL, LLC,

Individually and as Successor-in-Interest to FISHER CONTROLS COMPANY f/k/a FISHER GOVERNOR

COMPANY; FOSTER WHEELER ENERGY CORPORATION; RILEY POWER, INC. f/k/a RILEY STOKER

CORPORATION; A.O. SMITH CORPORATION; TRANE U.S., INC.; WARREN PUMPS, LLC; and BLACKMER, a

Dover Company. ("Defendants"). (See Exhibit "A" Attached Hereto)

3.      At all times herein set forth, the Defendants' products were being employed in the

manner and for the purposes for which they were intended.

4.      ROBERT W. CROPPER's exposure to and inhalation, ingestion or absorption of the

asbestos fibers emanating from the above-mentioned products was foreseeable and could or should

have been anticipated by the Defendants.

5.      The Defendants knew or should have known that the asbestos fibers contained in their

products had a toxic, poisonous and highly deleterious effect upon the health of persons inhaling,

ingesting or otherwise absorbing them.

6.      The Plaintiff, ROBERT W. CROPPER, suffered from an asbestos-related disease, including

Mesothelioma and became aware of said disease on or about August 26, 2010, and, subsequently

thereto, became aware that the same was wrongfully caused.

7.      At all times herein relevant, the Defendants had a duty to exercise reasonable care and

caution for the safety of the Plaintiff and others working with and around the asbestos-containing

products of the Defendants.

8.      The Defendants failed to exercise ordinary care and caution for the safety of ROBERT W.

CROPPER in one or more of the following respects:

> (a)    Included asbestos in their products, even though it was foreseeable and
> could or should have been anticipated that persons such as ROBERT W.
> CROPPER working with or around them would inhale, ingest or
> otherwise absorb asbestos;

> (b)    Included asbestos in their products when the Defendants knew or
> should have known that said asbestos fibers would have a toxic,
> poisonous and highly deleterious effect upon the health of persons

inhaling, ingesting or otherwise absorbing them;

(c) Included asbestos in their products when adequate substitutes for the asbestos in them was available;

(d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

(e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and,

(f) Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as ROBERT W. CROPPER might be exposed while working with the products.

(g) Marketed and/or distributed a product containing asbestos fibers;

(h) Failed to provide instruction as to what appropriate apparel, if any, would be safe to wear while using and/or working in proximity to the Defendants' products;

(i) Failed to develop alternative, non-asbestos containing products in a timely manner;

(j) Failed to inform users that asbestos containing products caused asbestosis and cancer in laboratory animals and humans; and,

(k) Failed to provide safe packaging for its products.

9.      That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendants, ROBERT W. CROPPER was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing ROBERT W. CROPPER to develop Mesothelioma; ROBERT W. CROPPER is compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; ROBERT W. CROPPER experiences great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, ROBERT W. CROPPER is hindered from enjoying his normal life activities and routines; lastly, his family has been deprived of his means of support.

WHEREFORE, the Plaintiff, ROBERT W. CROPPER, demands judgment against the Defendants, in an amount in excess of jurisdictional amount, plus costs.

COUNT 2

NOW COMES the Plaintiff, ROBERT W. CROPPER, by and through his attorneys, COONEY AND CONWAY, and complaining of the Defendant, METROPOLITAN LIFE INSURANCE CO., alleges and says:

1.      ROBERT W. CROPPER contracted Mesothelioma as a result of his exposure to asbestos.

2.      Before Plaintiff worked with Defendants' products at the aforesaid jobsites, each of the Defendants knew that exposure to asbestos caused serious disease and death.

3.      Asbestos was present, and rendered airborne, at the aforesaid jobsites.

4.      Unarco Industries, Inc., Johns-Manville Corporation, Johns-Manville Sales Corporation, Raymark Industries, Inc. (formerly Raybestos-Manhattan, Inc.), Owens Corning, Pittsburgh Corning Corporation, United States Gypsum and T&N Ltd., are corporations, and they, or their corporate predecessors, were during the time relevant to the allegations herein, in the business of manufacturing and distributing asbestos and asbestos-containing products.

5.      Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a corporation.

6.      Hereafter "Conspirators" refers to each of the corporations named in paragraphs 4 through 5.

7.      ROBERT W. CROPPER was exposed to asbestos, including asbestos from one or more of the Conspirators.

8.      Exposure to asbestos is a cause of serious disease and death, including asbestosis and malignancies.

9.      The Mesothelioma from which ROBERT W. CROPPER suffers is an indivisible injury which resulted from the total and cumulative effect of all the asbestos to which he was exposed.

10.      Before ROBERT W. CROPPER's exposure to asbestos, Conspirators knew that exposure to asbestos caused serious disease and death.

11.     Conspirators knew that individuals exposed to asbestos were ignorant of the hazardous properties of asbestos.

12.     Before and during his exposure to asbestos, ROBERT W. CROPPER, was unaware that exposure to asbestos caused serious disease and death.

13.     The knowledge of the Conspirators included the following:

> (a)     two or more Conspirators had been in the asbestos business for years and had directed manufacturing operations;
>
> (b)     each had actual knowledge of asbestos disease and death among workers exposed to asbestos as early as the 1940's.

14.     Conspirators knew that asbestos was inherently dangerous and knew that under the decisional law of Illinois and other states, each was under a duty not to sell asbestos without providing adequate warning of its harmful qualities.

15.     Conspirators had employees who were exposed to asbestos dust and each of them had a statutory, regulatory, and decisional law duty to provide their employees with a safe place to work, or at the least, to warn the employees of the hazards presented by the presence of asbestos dust.

16.     Conspirators knew that if they adequately warned their own employees and other persons who were at risk of asbestos disease, the publication of such warning would cause workers to leave the industries using asbestos and therefore reduce the sale and usage of asbestos and cause those who were exposed through household and neighborhood exposures to press for the cessation of such exposures.

17.     Conspirators knowingly conspired and agreed among themselves to, among others:

> (a)     positively assert that which was not true, that it was safe for people to be exposed to asbestos and asbestos-containing products;
>
> (b)     suppress information about the harmful effects of asbestos causing people to be ignorant of that information.

18.     One or more of the Conspirators performed the following overt acts in furtherance of the conspiracy:

(a)     sold asbestos products which were used at locations within the state of Illinois, where ROBERT W. CROPPER worked without warning of the hazards known to the seller;

(b)     refused to warn its own employees about the hazards of asbestos known to it; among the employees who were not warned were those who worked within the state of Illinois;

(c)     edited and altered the reports and drafts of publications initially prepared by Dr. Lanza concerning the hazards of asbestos during the 1930's;

(d)     agreed in writing not to disclose the results of research on the effects of asbestos upon health unless the results suited their interests;

(e)     obtained an agreement in the 1930's from the editors of ASBESTOS, the only trade magazine devoted exclusively to asbestos, that the magazine would never publish articles on the fact that exposure to asbestos caused disease, and sustained this agreement into the 1970's;

(f)     suppressed the dissemination of a report by Dr. Gardner in 1943 which was critical of the concept that there was a safe level of asbestos exposure;

(g)     through their control of the Asbestos Textile Institute (ATI), defeated further study of health of workers when William Hemeon graphically demonstrated the need for such study and dissemination of information in the 1940's;

(h)     edited and altered the reports and drafts of publications regarding asbestos and health initially prepared by Dr. Vorwald during 1948 1951; and

(i)     suppressed the results of the Fibrous Dust Studies conducted during 1966-74 by Industrial Hygiene Foundation, John-Manville, Raybestos Manhattan, Owens Coring, Pittsburgh Corning Corporation and PPG Industries, which results demonstrate and confirmed that exposure to asbestos caused cancer and asbestosis.

19.     The agreement and the acts done in furtherance of the agreement, including those performed in the State of Illinois, were proximate causes of the of the injury, specifically Mesothelioma.

WHEREFORE, the Plaintiff, ROBERT W. CROPPER, demands judgment against the Defendant, METROPOLITAN LIFE INSURANCE CO., in an amount in excess of jurisdictional amount, plus costs.

<u>COUNT 3</u>

NOW COMES the Plaintiff, NORMA CROPPER, by and through her attorneys, COONEY AND

CONWAY, and for her cause of action against the Defendants, individually and concurrently, state:

1.      Plaintiff adopts and re-alleges paragraphs 1 to 9 of Count 1 as though fully set forth

herein.

10.      NORMA CROPPER was and is the lawfully wedded wife of ROBERT W. CROPPER.  As a

result of the injuries sustained by ROBERT W. CROPPER, NORMA CROPPER has been deprived of society,

companionship and sexual relationship with her husband and will continue to be deprived in the future.

NORMA CROPPER, has suffered the loss of services of her husband, which had been prior to said injuries

of great value to her, and has been caused to spend large sums of money in and about having the

services performed for her which had previously been performed by her husband and will be compelled

in the future to spend large sums of money for the services which her husband could and would have

performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and

harassed by means of the negligence and carelessness of the aforementioned Defendants.

WHEREFORE, the Plaintiff, NORMA CROPPER, demands judgment against the Defendants, in an

amount in excess of jurisdictional amount, plus costs.


Respectfully submitted,

COONEY AND CONWAY

By: _____

Attorney for Plaintiffs


David O. Barrett
**COONEY AND CONWAY**
Attorneys for Plaintiffs
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
Firm I.D. No.: 90200

10-0545
Robert W. Cropper and Norma Cropper

EXHIBIT "A"
Personal Exposure,
Robert W. Cropper

| Jobsite | Years | Defendant: Products |
|---|---|---|
| United States Navy<br>• San Diego Naval Training Center<br>• Great Lakes Naval Base<br>• U.S.S. Vogelgesang (DD-862)<br>• Boston Naval Shipyard | 1958-1962 | **RAPID AMERICAN CORPORATION, Individually and as Successor-in-Interest to Philip Carey Manufacturing Corporation:** Carey Asbestos Pipe Covering, Block, Cement, Paper, Felt, Board, Tile and Other Asbestos Containing Products<br>**H.B. FULLER COMPANY:** Benjamin Foster Mastics, Compounds, Cement, Thin Set Cement and Other Asbestos Containing Products<br>**UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics Company:** Asbestos Containing Bakelite, Paper, Felt, Roll, Raw Asbestos Fibers and Other Asbestos Containing Products<br>**CERTAINTEED CORPORATION:** Asbestos Cement, Pipe, Pipe Covering, Shingles, Siding, Roofing Materials, Compounds, Bestwall Joint Compound, Flexible Train Line and Other Asbestos Containing Products<br>**UNIROYAL, INC.:** Asbestos Blankets, Cloth, Curtains, Paper, Felt and Other Asbestos Containing Products<br>**C.P. HALL COMPANY:** Raw Asbestos Fibers and Other Asbestos Containing Products<br>**CROWN, CORK AND SEAL, USA, INC.:** Asbestos Cement, Pipe Covering, Block and Other Asbestos Containing Products<br>**A.W. CHESTERTON COMPANY:** Asbestos Containing Packings, Seals, Gaskets and Other Asbestos Containing Products<br>**JOHN CRANE, INC. f/k/a Crane Packing Company:** Asbestos Containing Packings, Seals, Gaskets and Other Asbestos Containing Products<br>**GEORGIA-PACIFIC CORPORATION a.k.a. Hopper Paper Company:** Asbestos Containing Cement, Plaster, Joint Compounds, Roof Coating, Mastics, Wall Board and Other Asbestos Containing Products<br>**DAP, INC.:** Asbestos Compounds and Other Asbestos Containing Products<br>**INGERSOLL-RAND COMPANY:** Asbestos Containing Pumps, Turbines, Heat Exchangers, Compressors, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment<br>**GOULDS PUMPS, INC.:** Asbestos Containing Pumps, Morris Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |

10-0545
Robert W. Cropper and Norma Cropper

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| | | STERLING FLUID SYSTEMS (USA), Individually and as Successor-in-Interest to Peerless Pump Company and as Successor-in-Interest to Indian Head, Inc.: Asbestos Containing Pumps, Peerless Pumps, Asbestos Containing Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | FMC CORPORATION: Asbestos Containing Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | GARDNER DENVER, INC.: Asbestos Containing Compressors, Heat Exchangers, Turbines, Vessels, Pumps, Pipe Covering, Block, Cement, Packing, Spray, Blankets, Gaskets and Other Asbestos Containing Products and Equipment |
| | | IMO INDUSTRIES, INC.: Asbestos Containing Imo Pumps, DeLaval Pumps, Packings, Gaskets, Block, Turbines, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | BW/IP, INC. and its Wholly Owned Subsidiaries: Asbestos Containing Pumps, Pipe Covering, Byron Jackson Pumps, Block, Cement, Blankets, Gaskets, Packings, Mastics and Other Asbestos Containing Products and Equipment |
| | | AIR & LIQUID SYSTEMS, INC. Successor by Merger to BUFFALO PUMPS, INC.: Asbestos Containing Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | AURORA PUMP COMPANY: Asbestos Containing Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | TACO, INC.: Asbestos Containing Pumps, Heat Exchangers, Pipe Covering, Block, Cement, Blankets, Gaskets, Packings, Mastics and Other Asbestos Containing Products and Equipment |
| | | GENERAL ELECTRIC COMPANY: Asbestos Containing Pumps, Turbines, Heat Exchangers, Vessels, Valves, Steam Traps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | VIACOM, INC., Successor-by-Merger to CBS Corporation f/k/a Westinghouse Electric Corporation: Asbestos Containing Pumps, Turbines, Heat Exchangers, Vessels, Valves, Steam Traps, Packings, Gaskets, Block, Cement, Micarta Board, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | ELLIOTT TURBOMACHINERY CO., INC.: Asbestos Containing Turbines, Strainers, Tanks, Compressors, Pumps, Deaerators, Packings, Gaskets, Pipe Covering, |

10-0545
Robert W. Cropper and Norma Cropper

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| | | Block, Cement, Blankets and Other Asbestos Containing Products and Equipment<br><br>**CRANE CO.:** Cranite, Crane-Deming Pumps, Cochrane Asbestos Containing Feedwater Heaters, Deaerators, Heat Exchangers, Degasifiers, Valves, Asbestos Packings, Asbestos Cement, Asbestos Block, Asbestos Pipe Covering, Gaskets, Seals, Pumps, Boilers, Jenkins Valves, Pacific Boilers and Other Asbestos Containing Products and Equipment<br><br>**HENRY VOGT MACHINE COMPANY:** Asbestos Containing Valves, Pumps, Pipe Covering, Block, Cement, Blankets, Gaskets, Packings, Mastics and Other Asbestos Containing Products and Equipment<br><br>**YARWAY CORPORATION:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment<br><br>**ANDERSON, GREENWOOD & CO.:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment<br><br>**GRINNELL CORPORATION f/k/a GRINNELL FIRE PROTECTION SYSTEMS, INC.:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment<br><br>**GRINNELL LLC:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment<br><br>**MUELLER GROUP, LLC d/b/a MUELLER FLOW, LLC:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment<br><br>**MUELLER COMPANY:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment<br><br>**HENRY PRATT COMPANY:** Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment<br><br>**FISHER CONTROLS INTERNATIONAL, LLC, Individually and as Successor-in-Interest to FISHER CONTROLS COMPANY f/k/a FISHER GOVERNOR COMPANY:** Asbestos Containing Valves, Packings, Asbestos Cement, Asbestos Block, Asbestos Pipe Covering, Gaskets, Seals, Valves and Other Asbestos Containing Products and Equipment<br><br>**FOSTER WHEELER ENERGY CORPORATION:** Asbestos Containing Boilers, Condensers, Mills, Ejectors, Hoggers, Pumps, Heat Exchangers, Strainers, Economizers, |

10-0545
Robert W. Cropper and Norma Cropper

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
|  |  | Evaporators, Pipe Covering, Block, Cement, Gaskets, Packings, Spray, Board, Blankets and Other Asbestos Containing Products and Equipment |
|  |  | **RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION:** Asbestos Containing Boilers, Union Iron Works Boilers, Heat Exchangers, Pipe Covering, Block, Cement, Gaskets, Packings, Spray, Board, Blankets and Other Asbestos Containing Products and Equipment |
|  |  | **A.O. SMITH CORPORATION:** Asbestos Containing Boilers, Hot Water Heaters, Heat Exchangers, Tanks, Pipe Covering, Vessels, Block, Cement, Gaskets, Packings, Spray, Board, Blankets and Other Asbestos Containing Products and Equipment |
|  |  | **TRANE U.S., INC.:** Asbestos Containing Boilers, Kewanee Boilers, American Standard Boilers, Heat Exchangers, Steam Traps, Air Handlers, Chillers, HVAC Systems, Cooling Towers, Pumps, Tanks, Pipe Covering, Block, Cement, Gaskets, Packings, Spray, Board, Blankets and Other Asbestos Containing Products and Equipment |
|  |  | **WARREN PUMPS, LLC.:** Asbestos Containing Pumps, Packings, Gaskets, Pipe Covering, Block, Cement and Other Asbestos Containing Products and Equipment |
|  |  | **BLACKMER, a Dover Company:** Asbestos Containing Pumps, Compressors, Packings, Gaskets, Pipe Covering, Block, Cement and Other Asbestos Products and Equipment |