Mark A. Kille (AZ Bar No. 024441)
THE KILLE LAW FIRM, PLLC
8521 East Florentine Road, Suite A
Prescott Valley, AZ 86314
P: 928.775.9398  F: 928.775.9817
Email: mark@killelaw.com
COUNSEL FOR PLAINTIFF

John D. Roven
Hector L. Sandoval
ROVEN-KAPLAN, LLP
2190 North Loop West, Suite 410
Houston, TX 77018
P: 713.465.8522  F: 713.465.3658
E-mail: hsandovol@rovenlaw.com
E-mail: jroven@rovenlaw.com
CO-COUNSEL FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **TRACY MANKER,** | ) Case No: |
| Plaintiffs, | ) |
| vs. | ) |
| **The BNSF RAILWAY COMPANY,** a corporation, individually and as successor in interest to the Burlington Northern and Santa Fe Railway Company | ) **COMPLAINT**<br>) **(Tort –Federal Employers' Liability)** |
| Defendants. | ) **JURY TRIAL DEMANDED** |

    NOW COMES PLAINTIFF, TRACY MANKER, by and through his attorneys, and for his complaint against the Defendant, states:

### PARTIES

    1.    Plaintiff, TRACY MANKER, is a citizen of Arizona. Tracy Manker resides in Yuma County, Arizona.

    2.    That at all times mentioned herein, and for some time prior thereto and thereafter, the Defendant, the BNSF RAILWAY COMPANY, was engaged in the business of interstate commerce

1

in and throughout the several states of the United States as a common carrier by railroad and is the successor-in-interest to the Burlington Northern; and for the purposes thereof, did operate its business, maintain offices and place its agent, servants and employee throughout Navajo County, Arizona. Service of process may be had upon Defendant, BNSF RAILWAY COMPANY, by serving CT Corporation, 2394 East Camelback Road, Phoenix, Arizona 85016.

### JURISDICTION AND VENUE

3. That during the course of Plaintiff's employment, the railroad Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the Plaintiff was in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 51 *et seq.*, which Act grants this Court jurisdiction over this action.

4. That beginning in 1974, Plaintiff was engaged in the performance of his duties in furtherance of interstate commerce and was required to work with and around asbestos-containing products in the Defendant's various railroad shops and facilities, including the shops and facilities in and around the State of Washington.

5. That during the course of Plaintiff's employment with the Defendant railroad, or its predecessors, the Plaintiff was engaged in the course of his employment at its repair shops and facilities in and around Vancouver, Washington, and elsewhere for Plaintiff Tracy Manker who worked as a Sheetmetal worker and in other various roles and assignments where he was required and caused to work with and in the vicinity of toxic substances, including asbestos and asbestos-containing products and materials. Plaintiff's exposure to asbestos and other toxic substances is herein alleged for the specific period of time commencing with the onset of Plaintiff's railroad work through December 31, 1979. Such exposures caused the Plaintiff to suffer severe and permanent

injury to their person, to-wit: asbestos-related lung disease which was, in all, diagnosed and discovered less than three years prior to the commencement of this civil action and within the time frame required by 45 U.S.C. §56.

6. That at all times relevant, Plaintiff was unaware of the dangerous propensities of asbestos and asbestos-containing products he was required to work with and around and was unaware of the development of his latent abnormal medical conditions.

## CAUSE OF ACTION

7. Plaintiff re-alleges Paragraphs 1-6 as if restated here verbatim.

8. That the railroad Defendant, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide the Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish the Plaintiff with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn the Plaintiff of the true nature and hazardous effects of the asbestos-related and other hazardous materials;

(d) in failing to operate the locomotive repair facility in a safe and reasonable manner;

(e) in failing to provide instructions or a method for the safe use of asbestos;

(f) in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g) in failing to test asbestos-containing products prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

(h) in formulating and using a method of handling asbestos and asbestos-related materials exposing the Plaintiff to high concentrations of asbestos fibers;

3

(i) in failing to provide the Plaintiff with safe and proper ventilation system in the Plaintiff's workplace;

(j) in allowing unsafe practices to become the standard practice;

(k) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products;

(l) in failing to inquire of the suppliers of asbestos-containing products, the hazardous nature of asbestos;

(m) in requiring employees to work with an ultra-hazardous product;

(n) in failing to exercise adequate, if any, care for the health and safety of employees, including Plaintiff;

(o) in failing to periodically test and examine the Plaintiff to determine if he was subject to any ill effects of his exposure to asbestos-related products and other hazardous substances;

(p) in failing to periodically inspect its locomotives, boilers, and their appurtenances in order to ascertain any contamination by asbestos fibers;

(q) in allowing excessive fumes from aerosol, dust, chemicals and exhaust fumes to remain in the work area;

(r) in failing to provide any or adequate warning to the Plaintiff of the exposure to the carcinogen asbestos at any time, including the time of filing.

9. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad Defendant, Plaintiff suffered exposure to toxic substances including asbestos and asbestos-containing materials which caused him to sustain severe injury to his respective body and respiratory system, which will likely result in

4

impairment in the future, and which cannot be effectively cured by conservative medical procedures or medications.

10. That, as a result, Plaintiff's enjoyment of life, enjoyment of retirement and earning capacity has been greatly impaired and shortened; and further, that the Plaintiff's expected life span is greatly shortened. Plaintiff further alleges that as a result of his health problems, he has been and will in the future be forced to incur medical expenses by way of doctor, hospital and drug bills expended in an effort to diagnose and monitor his respective permanent, progressive asbestos-related illnesses and potential complications resulting therefrom.

11. That Plaintiff was a strong and able-bodied man and was gainfully employed prior to the manifestation of his illnesses. As a result of the illness, he has suffered damages by way of lost earning capacity, fear of future cancer and/or progressive asbestosis, and by way of his diminished ability to render services, society, affection, counseling and support to his household and family.

WHEREFORE, Plaintiff demands judgment against the defendant, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with applicable interest, costs and all other relief permitted by law.

PLAINTIFF DEMANDS A TRIAL BY JURY.

//

//

//

//

1  DATED this 11th day of August, 2010.

2                                          Respectfully submitted,

3                                          **THE KILLE LAW FIRM, PLLC**

5                                          /s/ Mark A. Kille_____
                                           By:  Mark A. Kille
6                                          8521 East Florentine Road, Suite A
                                           Prescott Valley, Arizona 86314
7                                          P:  928.775.9398  F:  928.775.9817
8                                          **COUNSEL FOR PLAINTIFFS**

9                                          and

10                                         **ROVEN-KAPLAN, LLP**
                                           John D. Roven
11                                         Hector L. Sandoval
                                           2190 North Loop West, Suite 410
12                                         Houston, TX  77018
13                                         P: 713.465.8522  F: 713.465.3658

14                                         **CO-COUNSEL FOR PLAINTIFFS**