UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

|  |  |
|---|---|
| Gail Lyautey, et al. v. Alfa Laval, Inc., et al.,<br>    S.D. Florida, C.A. No. 1:10-22891 | ) <br> ) |
| Julia Denny v. Benjamin Foster Co., et al.,<br>    D. New Jersey, C.A. No. 3:10-4299 | )    MDL No. 875 <br> ) |
| Robert W. Millsaps, et al. v. Aluminum Co. of America, et al.,<br>    E.D. Tennessee, C.A. No. 3:10-358 | ) <br> ) |


**TRANSFER ORDER**

**Before the Panel**[*]: Plaintiffs in actions pending in the Southern District of Florida (*Lyautey*), the District of New Jersey (*Denny*), and the Eastern District of Tennessee (*Millsaps*) have moved, pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] to vacate the respective portions of our orders conditionally transferring these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[2] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). These actions clearly fall within the MDL's ambit.

---

[*]   Judge John G. Heyburn II took no part in the disposition of this matter.

[1]   Amended Panel Rules became effective on October 4, 2010.

[2]   Elliott Turbomachinery Co., Inc., Foster Wheeler Energy Corp, and Viad Corp. (as to *Lyautey*), General Electric Co. (as to *Denny*), and Alcoa Inc. (as to *Millsaps*).

      Plaintiffs in all three actions principally argue that the Panel should deny or defer transfer of their actions in order to permit the resolution of motions for remand to state court.[3] As we have previously stated on multiple occasions, there is no need to delay transfer in order to accommodate such an interest. Panel Rule 1.5 (now Rule 2.1(d)) expressly provides that the pendency of a conditional transfer order (CTO) does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so. If plaintiffs' remand motions are not resolved prior to transfer, they can present those motions to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir.1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chair

| | |
|---|---|
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones. |
| Paul J. Barbadoro | |

---

[3]    The *Lyautey* plaintiffs also argue that the manner in which the MDL is being administered effectively denies them their constitutional right to a jury trial. We have repeatedly rejected this argument. *See, e.g., In re: Asbestos Prods. Liability Litig. (No. VI)*, 560 F.Supp.2d 1367, 1369 n.3 (J.P.M.L. 2008).