# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
## CIVIL DOCKET FOR CASE #: 2:10-cv-01967-MJP

Yockey et al v. Bartells Asbestos Settlement Trust et al
Assigned to: Judge Marsha J. Pechman
Case in other court: King County Superior Court, 10-00002-36529-0
Cause: 28:1446 Notice of Removal

Date Filed: 12/07/2010
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

## Plaintiff

**Charles Jerry Yockey**                    represented by   **Cameron O. Carter**
BRAYTON PURCELL LLP (ORE)
111 SW COLUMBIA ST
STE 250
PORTLAND, OR 97201
503-295-4931
Email: ccarter@braytonlaw.com
*ATTORNEY TO BE NOTICED*

**Jane Elizabeth Vetto**
BRAYTON PURCELL LLP (ORE)
111 SW COLUMBIA ST
STE 250
PORTLAND, OR 97201
206-295-4931
Email: jvetto@braytonlaw.com
*ATTORNEY TO BE NOTICED*

## Plaintiff

**Scarlett Yockey**                    represented by   **Cameron O. Carter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jane Elizabeth Vetto**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Bartells Asbestos Settlement Trust**

## Defendant

**Bayer Cropscience Inc.**

## Defendant

**Coltec Industries, Inc.**

**Defendant**

**Dana Companies, LLC**
*formerly known as*
Dana Corporation

represented by **Diane J. Kero**
GORDON THOMAS HONEYWELL
(SEA)
600 UNIVERSITY
STE 2100
SEATTLE, WA 98101-4185
206-676-7500
Fax: 206-447-9505
Email: dkero@gth-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**E.J. Bartell's**

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

represented by **R Dirk Bernhardt**
MURRAY DUNHAM & MURRAY
PO BOX 9844
200 W THOMAS ST, SUITE 350
SEATTLE, WA 98109-0844
206-622-2655
Email: dirk@murraydunham.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**J.T. Thorpe, Inc.**

represented by **Katherine M. Steele**
STAFFORD FREY COOPER
3100 TWO UNION SQ
601 UNION ST
SEATTLE, WA 98101-1374
206-623-9900
Email: ksteele@staffordfrey.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leslie Controls, Inc.**

**Defendant**

**MacArthur Company**

represented by **Diane J. Kero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Goodyear Tire & Rubber
Company**

represented by **Ronald C Gardner**
GARDNER BOND TRABOLSI
MCDONALD & CLEMENT
2200 6TH AVE
STE 600

SEATTLE, WA 98121
206-256-6309
Fax: FAX 256-6318
Email: rgardner@gandtlawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

represented by **Christopher S Marks**
WILLIAMS KASTNER & GIBBS
(SEA)
601 UNION ST
STE 4100
SEATTLE, WA 98101
206-628-6600
Email: cmarks@wkg.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Western Asbestos Company**

represented by **David Tewell**
THE TEWELL FIRM
600 STEWART STREET
STE 1100
SEATTLE, WA 98101
206-623-2369
Fax: FAX 682-5196
Email: dtewell@tewellfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Western MacArthur Company**

**Defendant**

**Atlantic Richfield Company**
*also known as*
ARCO Refinery

represented by **Kent Michael Fandel**
GRAHAM & DUNN PC
2801 ALASKAN WAY
STE 300 PIER 70
SEATTLE, WA 98121-1128
206-624-8300
Fax: FAX 340-9599
Email: mfandel@grahamdunn.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Oil Company of California**

**Defendant**

**American Premier Underwriters, Inc.**

represented by **Brian D Zeringer**
LANE POWELL PC (SEA)
1420 FIFTH AVE
STE 4100

SEATTLE, WA 98101-2338
206-223-7000
Email: zeringerb@lanepowell.com
*ATTORNEY TO BE NOTICED*

**Tim D. Wackerbarth**
LANE POWELL PC (SEA)
1420 FIFTH AVE
STE 4100
SEATTLE, WA 98101-2338
206-223-7000
Fax: FAX 223-7107
Email: wackerbartht@lanepowell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance Company**
represented by **Richard G Gawlowski**
WILSON SMITH COCHRAN & DICKERSON
1700 FINANCIAL CENTER
1215 4TH AVE
SEATTLE, WA 98161-1007
206-623-4100
Fax: 206-623-4100
Email: gawlowski@wscd.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Plant Insulation Company**

**Defendant**

**Doe**
*First through One Hundredth*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/07/2010 | 1 | NOTICE OF REMOVAL from King County Superior Court, case number 10-2-36529-0; (Receipt # 0981-2266428), filed by Foster Wheeler LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit, # 3 Exhibit)(Bernhardt, R) (Entered: 12/07/2010) |
| 12/08/2010 |  | Judge Marsha J. Pechman added. (PM) (Entered: 12/08/2010) |
| 12/08/2010 | 2 | LETTER from Clerk to counsel re receipt of case from King County Superior Court and advising of WAWD case number and judge assignment. (PM) (Entered: 12/08/2010) |

## PACER Service Center

| Transaction Receipt | | | |
|---|---|---|---|
| 12/09/2010 15:10:27 | | | |
| PACER Login: | | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:10-cv-01967-MJP |
| Billable Pages: | 3 | Cost: | 0.24 |

1
2
3
4
5
6
7

8          IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

9                       FOR THE COUNTY OF KING

10  CHARLES JERRY YOCKEY AND          )   Cause No.  10-2-36529-0SEA
    SCARLETT YOCKEY,                  )
11                                    )
            Plaintiffs,               )   COMPLAINT (Negligence; Strict Liability;
12                                    )   Loss of Consortium; Federal Employers'
        v.                            )   Liability Act [F.E.L.A] - Negligence;
13                                    )   Federal Employers' Liability Act [F.E.L.A]
    BARTELLS ASBESTOS SETTLEMENT      )   - Violation of the Boiler Inspection Act;)
14  TRUST; BAYER CROPSCIENCE INC.;    )
    COLTEC INDUSTRIES, INC.; DANA     )
15  COMPANIES, LLC (fka DANA          )
    CORPORATION); E.J. BARTELL'S;     )
16  FOSTER WHEELER LLC (fka FOSTER     )
    WHEELER CORPORATION); J.T.        )
17  THORPE, INC.; LESLIE CONTROLS,    )
    INC.; MACARTHUR COMPANY, THE      )
18  GOODYEAR TIRE & RUBBER            )
    COMPANY; CBS CORPORATION (fka     )
19  VIACOM INC., fka WESTINGHOUSE     )
    ELECTRIC CORPORATION); WESTERN    )
20  ASBESTOS COMPANY; WESTERN         )
    MACARTHUR COMPANY; ARCO           )
21  REFINERY; UNION OIL COMPANY OF    )
    CALIFORNIA; AMERICAN PREMIER      )
22  UNDERWRITERS, INC. and FIRST DOE  )
    through ONE HUNDREDTH DOE;        )
23                                    )
            Defendants.               )
24                                    )

25  _____        _____

26  COME NOW Plaintiffs herein and as and for causes of action against the Defendants, and each

27  of them, alleges as follows:

28                              **BACKGROUND**

    1 -  COMPLAINT
         J:\WA\114446\Pld\Cmp-01-LOC.wpd
                                              **BRAYTON ❖ PURCELL, LLP**
                                                  Columbia Square Building
                                              111 SW Columbia Street, Suite 250
                                                     Portland, OR 97201
                                          Phone: (503) 295-4931; Fax: (503) 241-2573

1.    The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants FIRST DOE through ONE HUNDREDTH DOE, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs, as hereinafter alleged.

2.    At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, their "alternate entities," and each of them, and at all said times, each Defendants were acting in the full course and scope of said agency, service, employment and/or joint venture.

3.    Plaintiffs are informed and believe, and thereon alleges that at all times herein, Bartells Asbestos Settlement Trust, Bayer Cropscience Inc.; Coltec Industries, Inc.; Dana Companies, LLC (fka Dana Corporation); E.J. Bartell's; Foster Wheeler LLC (fka Foster Wheeler Corporation); J.T. Thorpe, Inc.;  Leslie Controls, Inc.; MacArthur Company; Metropolitan Life Insurance Company; Plant Insulation Company; The Goodyear Tire & Rubber Company; CBS Corporation ( f/k/a Viacom Inc., f/k/a Westinghouse Electric Corporation); Western Asbestos Company; Western MacArthur Company; Arco Refinery; Union Oil Company of California; and American Premier Underwriters, Inc.; Defendants, were and are corporations organized and existing under and by virtue of the laws of the State of Washington, or the laws of some other state or foreign jurisdiction, and that at all times material herein said  Defendants, their "alternate entities," and each of them, were and are authorized to do and were and are doing business in the State of Washington, and that said Defendants have regularly conducted business in the State of Washington.

4.    At all times herein mentioned, each of the Defendants, with the exceptions of Railroad Defendants, was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a

2 -  COMPLAINT

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1    portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of

2    or member in an entity researching, studying, manufacturing, re-manufacturing, fabricating,

3    constructing, designing, labeling, assembling, distributing, leasing, buying, offering for sale,

4    selling, inspecting, servicing, installing, contracting for installation, repairing, marketing,

5    warranting, re-branding, manufacturing for others, packaging and/or advertising a certain

6    substance the generic name of which is asbestos, and other products containing said substance.

7    Said entities shall hereinafter collectively be called "alternate entities."  Each of the herein named

8    Defendants are liable for the tortious conduct of each successor, successor in business, successor

9    in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in

10   product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

11   owned entity, or entity that it was a member of, or funded, that research, studied, manufactured,

12   remanufactured, fabricated, constructed, designed, labeled, assembled, distributed, leased,

13   bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired,

14   marketed, warranted, re-branded, manufactured for others and/or advertised a certain substance,

15   the generic name of which is asbestos, and other products containing said substance.  The

16   following  Defendants, their "alternate entities," and each of them, are liable for the acts of each

17   and every "alternate entity," and each of them, in that there has been a virtual destruction of

18   Plaintiffs' remedy against each such "alternate entity"; Defendants, their "alternate entities," and

19   each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate

20   entity";  Defendants, their "alternate entities," and each of them, caused the destruction of

21   Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the ability to

22   assume the risk-spreading role of each such "alternate entity"; and that each such Defendant

23   enjoys the goodwill originally attached to each such "alternate entity".

24        5.     At all time herein mentioned, each Railroad Defendant, was a common carrier by

25   railroad, and each of them owned, operated, and/or managed, certain railroads for which Plaintiff

26   worked on and around locomotives and other railroad equipment within the term of the Federal

27   Employers Liability Act, 45 U.S.C. Section 51, which locomotive and railroad equipment was

28   manufactured and/or built with asbestos products, or on which locomotive and railroad

3 -   COMPLAINT

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1    equipment asbestos products were used.

2        6.    At all times herein, each Railroad Defendant, was the successor, successor in

3    business, successor in product line or a portion thereof, assign, predecessor, predecessor in

4    business, predecessor in product line or a portion thereof, parent, subsidiary, wholly or partially

5    owned by, or the whole or partial owner of or member in an entity which owned, operated,

6    maintained and controlled those certain common carriers by railroad herein mentioned, and used

7    said railroads in the transportation of freight and cargo in interstate and/or foreign commerce.

8    Said entities shall hereinafter be called "alternate entities." Each of the herein named Defendants

9    are liable for the tortious conduct of each successor, successor in business, successor in product

10   line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line

11   or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

12   entity, or entity that it was a member of, or funded, that owned, operated, maintaining, and

13   controlled those certain railroads herein mentioned, and used said railroads in the transportation

14   of freight and cargo in interstate and/or foreign commerce.

| DEFENDANT | ALTERNATE ENTITY(IES) |
|---|---|
| BAYER CROPSCIENCE, INC. | BAYER CROPSCIENCE USA, INC.<br>AVENTIS CROPSCIENCE USA, INC.<br>RHONE-POULENC AG COMPANY, INC.<br>RHODIA, INC.<br>RHONE-POULENC, INC.<br>STAUFFER CHEMICAL COMPANY<br>STAUFFER CHEMICALS CO.<br>AMCHEM PRODUCTS, INC.,<br>THE BENJAMIN FOSTER DIVISION |
| COLTEC INDUSTRIES, INC. | FAIRBANKS-MORSE LOCOMOTIVES<br>COLT INDUSTRIES<br>GARLOCK, INC.<br>GARLOCK SEALING TECHNOLOGIES, LLC<br>THE ANCHOR PACKING COMPANY<br>BELMONT PACKING<br>ANCHOR PACKING COMPANY, THE |
| DANA COMPANIES, LLC | DANA CORPORATION<br>VICTOR MANUFACTURING AND GASKET COMPANY<br>SMITH AND KANZLER CO., INC.<br>SMITH AND KANZLER CORPORATION |

4 -   COMPLAINT
J:\WA\114446\Cmp-01-LOC.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

| | |
|---|---|
| 1 | SPRAYED INSULATION, INC. |
| 2 | S.K. INSULROCK CORPORATION |
| | SPRAYON RESEARCH CORPORATION |
| 3 | SPRAYON INSULATION & ACOUSTICS, INC. |
| | SPRAYED INSULATION INC. |
| 4 | WARNER ELECTRIC BRAKE & CLUTCH CO. |
| | SPICER CLUTCH DIVISION |
| | VICTOR WISCONSIN GASKET |
| 5 | REINZ WISCONSIN GASKET CO. |

**1**
**2** SPRAYED INSULATION, INC.
S.K. INSULROCK CORPORATION
SPRAYON RESEARCH CORPORATION
**3** SPRAYON INSULATION & ACOUSTICS, INC.
SPRAYED INSULATION INC.
**4** WARNER ELECTRIC BRAKE & CLUTCH CO.
SPICER CLUTCH DIVISION
VICTOR WISCONSIN GASKET
**5** REINZ WISCONSIN GASKET CO.

**6** FOSTER WHEELER LLC          FOSTER WHEELER CORPORATION

**7** LESLIE CONTROLS, INC.          LESLIE CO.
LESLIE
**8** LESLIE EVENTEMP
LESLIE TYFON
**9** LESLIE CONSTANTEMP
LUBRASOFT
**10**

**11** PLANT INSULATION COMPANY          ASBESTOS COMPANY OF CALIFORNIA
PLANT ASBESTOS COMPANY

**12** AMERICAN PREMIER          PENNSYLVANIA RAILROAD CO.
UNDERWRITERS, INC          PENN CENTRAL RAILROAD CO.
**13**

THE GOODYEAR TIRE & RUBBER          GOODYEAR AEROSPACE CORP. COMPANY
**14**                                 LOCKHEED MARTIN TACTICAL SYSTEMS, INC.
LORAL CORPORATION
**15**                                 AIRCRAFT BRAKING SYSTEMS CORP.

**16** CBS CORPORATION (F/K/A VIACOM          VIACOM, INC.
INC., F/K/A WESTINGHOUSE          CBS CORPORATION
**17** ELECTRIC CORPORATION)          WESTINGHOUSE ELECTRIC CORPORATION
WESTINGHOUSE ELECTRIC AND MANUFACTURING
**18**                                 COMPANY
B.F. STURTEVANT
**19**                                 KPIX TELEVISION STATION
PARAMOUNT COMMUNICATIONS, INC
**20**                                 GULF & WESTERN INDUSTRIES, INC.
NORTH & JUDD MANUFACTURING COMPANY
**21**

WESTERN MACARTHUR COMPANY          WESTERN ASBESTOS CO.
**22**                                 BAY CITIES ASBESTOS COMPANY
F.K. PINNEY, INC.
**23**                                 MACARTHUR COMPANY

**24** UNION OIL COMPANY          COLLIER CARBON AND CHEMICAL CORPORATION
OF CALIFORNIA          UNION CHEMICAL
**25**                                 UNION OIL COMPANY
WEST COAST SHIPPING COMPANY
**26**                                 UNION OIL-GRAYLING PLATFORM-COOKS INLET,
ALASKA
**27**                                 UNION OIL-KING SALMON PLATFORM-COOKS INLET,
ALASKA
**28**

5 -   COMPLAINT
J:\WA\114446\Cmp-01-LOC.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

ARCO REFINERY                              ARCO REFINERY-CHERRY POINT-BLAINE, WASHINGTON

FIRST DOE through TENTH DOE is responsible for, and liable for the acts of ELEVENTH

DOE through FIFTIETH DOE, inclusive.  The Defendants, their "alternate entities," and each of

them, are corporations organized and existing under and by virtue of the laws of the State of

Washington, or the laws of some other state or foreign jurisdiction, and said Defendants, their

"alternate entities," and each of them, were and are authorized to do and are doing business in the

State of Washington, and said defendants, their "alternate entities," and each of them, have

regularly conducted business in Washington.

      7.     At all times herein mentioned,  Defendants, their "alternate entities," and each of

them, were and are engaged in the business of researching, manufacturing, re-manufacturing,

fabricating, constructing, designing, labeling, assembling, distributing, leasing, buying, offering

for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing

warranting, re-branding, manufacturing for others, packaging and/or advertising a certain

substance, the generic name of which is asbestos, and other products containing said substance.

     Plaintiff's claims against Defendant CBS Corporation ( f/k/a Viacom Inc., f/k/a

Westinghouse Electric Corporation) exclude military and federal government job sites.

     Plaintiffs' claims against Defendant FOSTER WHEELER LLC (FKA FOSTER

WHEELER CORPORATION) exclude Plaintiffs' asbestos exposure at military and federal

government jobsites and aboard U.S. Navy vessels.

     Plaintiffs' claims against Defendant LESLIE CONTROLS, INC. exclude Plaintiffs'

asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels.

### FIRST CAUSE OF ACTION
#### (Negligence - Personal Injury)

      8.     Plaintiffs incorporate herein by reference, as though fully set forth herein,

Paragraphs 1 through 7 of the Background herein.

      9.     At all times herein mentioned, Defendants, and each of them, singularly and

6 -   COMPLAINT
J:\WA\114446\Cmp-01-LOC.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1   jointly, negligently and carelessly researched, manufactured, remanufactured, fabricated,

2   constructed, designed, tested or failed to test, warned or failed to warn, instructed or failed to

3   instruct, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected,

4   serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded,

5   manufactured for others, packaged and/or advertised, a certain substance, the generic name of

6   which is asbestos, and other products containing said substance, and that said substance

7   proximately caused personal injuries to users, consumers, workers, bystanders and others,

8   including the Plaintiffs herein, (hereinafter collectively called "exposed persons"), while being

9   used in a manner that was reasonably foreseeable, thereby rendering said substance unsafe and

10  dangerous for use by "exposed persons."

11        10.    Additionally, at all times mentioned, said substances were not reasonably safe as

12  designed and/or not reasonably safe because adequate warnings or instructions were not

13  provided.  Further, subsequent to the manufacture, remanufacture, fabrication, construction,

14  design, testing, warning, labeling, assembling, installation, repair, marketing, packaging and/or

15  advertising the defendants, and each of them learned, or should have learned, of the extreme

16  danger connected with these substances and failed to issue warnings or instructions concerning

17  that danger.  Further, the defendants and each of them, intentionally concealed information

18  and/or intentionally misrepresented facts about the substance.

19        11.    Defendants, and each of them, had a duty to exercise due care in the pursuance of

20  the activities mentioned above and defendants, and each of them, breached said duty of due care.

21        12.    Defendants, their "alternate entities," and each of them, knew, or should have

22  known, and intended that the aforementioned asbestos and products containing asbestos would

23  be used for insulation purposes, would require sawing, chipping, hammering, scraping, sanding,

24  breaking, removal, "rip-out," and other manipulation which would result in the release of

25  airborne asbestos fibers, and that through such foreseeable use "exposed persons" would use or

26  be in proximity to and exposed to said asbestos fibers.

27        13.    Plaintiff has used, handled or been otherwise exposed to asbestos and asbestos-

28  containing products referred to herein in a manner that was reasonably foreseeable.  Plaintiff's

7 -   COMPLAINT
      J:\WA\114446\Cmp-01-LOC.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1      exposure to asbestos and asbestos-containing products occurred at various locations as set forth

2      in Exhibit "A," which is attached hereto and incorporated by reference herein.

3           14.     As a direct and proximate result of the conduct of the Defendants, and each of

4      them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused

5      severe and permanent injury to the Plaintiff, the nature of which, along with the date of

6      Plaintiff's diagnosis, are set forth in Exhibit "B," which is attached hereto and incorporated by

7      reference herein.

8           15.     Plaintiffs are informed and believe, and thereon alleges, that progressive lung

9      disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without

10      perceptible trauma and that said disease results from exposure to asbestos and asbestos-

11      containing products over a period of time.

12           16.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-

13      containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-

14      containing products presented any risk of injury and/or disease.

15           17.     As a direct and proximate result of the aforesaid conduct of the Defendants, and

16      each of them, Plaintiff has suffered, and continues to suffer, permanent injuries and/or future

17      increased risk of injuries to his person, body and health, including but not limited to, asbestosis,

18      other lung damage, and cancer, and the mental and emotional distress attendant thereto, all to his

19      general damage in a sum to be proven at the time of trial.

20           18.     As a direct and proximate result of the aforesaid conduct of the Defendants, and

21      each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability

22      for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical

23      treatment. The true and exact amount thereof shall be proven at the time of trial.

24           19.     As a further direct and proximate result of the said conduct of the Defendants, and

25      each of them, Plaintiff has incurred and will incur, loss of income, profits and commissions, a

26      diminishment of earning potential, and other pecuniary losses, the full nature and extent of which

27      shall be proven at the time of trial.

28

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

## SECOND CAUSE OF ACTION
### (Strict Liability)

20.     Plaintiffs incorporate herein by reference, as though fully set forth herein, and Paragraphs 1 through 7, Paragraphs 8 through 19, of the First Cause of Action.

21.     Defendants, their "alternate entities," and each of them, researched, manufactured, remanufactured, fabricated, constructed, designed, tested or failed to test, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and/or advertised a certain substance, the generic name of which is asbestos, and other products containing said substance.

22.     Defendants, their "alternate entities," and each of them, knew and intended that the above referenced asbestos and other products containing asbestos would be used by the purchaser or user without inspection for defects therein or in any of its component parts and without knowledge of the hazards involved in such use.

23.     Said asbestos and products containing asbestos were defective and not reasonably safe in construction and were unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death.  The defect existed in the said products at the time they left the possession of defendants, their "alternate entities," and each of them.  Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons" while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use.

24.     "Exposed person" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed person."  Said Defendants, their "alternate entities," and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

25.     Plaintiffs allege that the aforementioned Defendants, their "alternate entities," and each of them, expressly and/or impliedly warranted their asbestos and asbestos-containing products to be safe for their intended use.  The substances and products did not conform to either

9 -   COMPLAINT

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1    the express or implied warranties but rather their asbestos and asbestos-containing products

2    created an unreasonable risk of bodily harm to exposed persons.  The substances and products

3    were not reasonably safe.

4        26.    Plaintiffs further allege Plaintiff's injuries were a result of cumulative exposure to

5    asbestos and various asbestos-containing products manufactured, remanufactured, fabricated,

6    constructed, inadequately researched, designed, inadequately tested, labeled, assembled,

7    distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for

8    installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and/or

9    advertised by the aforementioned defendants, their "alternate entities," and each of them, and that

10   Plaintiff cannot identify precisely which asbestos or asbestos-containing product(s) caused the

11   injuries complained of herein.

12       27.    The Defendants, their "alternate entities," and each of them served in this action

13   constitute a substantial share of the asbestos or asbestos-containing products market which

14   caused Plaintiff's injuries.

15       28.    The aforementioned asbestos and asbestos-containing products were toxic and

16   carcinogenic and were used in conjunction with one another, all being under the exclusive

17   control of the Defendants and each of them and all resulting in cumulative injury and harm to the

18   Plaintiff herein. Plaintiffs therefore allege it is the burden of the Defendants, their "alternate

19   entities," and each of them, to prove the asbestos and asbestos-containing products manufactured

20   by or asbestos or asbestos-containing products supplied or distributed by them, were not the

21   cause of Plaintiff's injury in accordance with the holdings of <u>Metro Mortgage</u> v. <u>Wash. Water</u>

22   <u>Power</u>, 37 Wn.App. 241, 243-247, 679 P.2d 943 (1984).

23       29.    In researching, manufacturing, re-manufacturing, fabricating, constructing,

24   designing, testing or failing to test, warning or failing to warn, labeling, assembling, distributing,

25   leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for

26   installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging

27   and/or advertising asbestos and asbestos-containing products, Defendants, their "alternate

28   entities," and each of them, did so with conscious disregard for the safety of "exposed persons"

10 - COMPLAINT
J:\WA\114446\Cmp-01-LOC.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1   who came in contact with said asbestos and asbestos-containing products, in that said

2   Defendants, their "alternate entities," and each of them, had prior knowledge that there was a

3   substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing

4   products, including but not limited to, asbestosis, other lung disabilities and cancer.  Said

5   knowledge was obtained, in part, from scientific studies performed by, at the request of, or with

6   the assistance of, said defendants, their "alternate entities," and each of them, and said

7   knowledge was obtained by said Defendants, their "alternate entities," and each of them on or

8   before 1930, and thereafter.

9         30.     On or before 1930, and thereafter, said Defendants, their "alternate entities," and

10   each of them, were aware that members of the general public and other "exposed persons," who

11   would come in contact with asbestos and asbestos-containing products, had no knowledge or

12   information indicating that asbestos or asbestos-containing products could cause injury, and said

13   Defendants, their "alternate entities," and each of them, knew that members of the general public

14   and other "exposed persons," who came in contact with asbestos and asbestos-containing

15   products, would assume, and in fact did assume, that exposure to asbestos and asbestos-

16   containing products was safe, when in fact said exposure was extremely hazardous to health and

17   human life.

18         31.     With said knowledge, said Defendants, their "alternate entities," and each of

19   them, opted to research, manufacture, remanufacture, fabricate, construct, design, label assemble,

20   distribute, lease, buy, offer for sale, inspect, service, install, contract for installation, repair,

21   market, warrant, re-brand, manufacture for others, package and/or advertise said asbestos and

22   asbestos-containing products without attempting to protect "exposed persons" from or warn

23   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

24   asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn

25   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

26   asbestos-containing products, Defendants, their "alternate entities," and each of them,

27   intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

28   and suppressed said knowledge from "exposed persons" and members of the general public, thus

11 - COMPLAINT

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1   impliedly representing to "exposed persons" and members of the general public that asbestos and

2   asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

3   "alternate entities," and each of them, engaged in this conduct and made these

4   implied representations and warranties with the knowledge of the falsity of said implied

5   representations and warranties.

6        32.    The above-referenced conduct of said Defendants, their "alternate entities," and

7   each of them, was motivated by the financial interest of said Defendants, their "alternate

8   entities," and each of them, in the continuing, uninterrupted research, manufacture,

9   remanufacture, fabrication, construction, design, labeling, assembly, distribution, lease, purchase,

10  sale, offer for sale, inspection, installation, contracting for installation, repair, marketing,

11  warranting, re-branding, manufacturing for others, packaging and/or advertising of asbestos and

12  asbestos-containing products. In pursuance of said financial motivation, said Defendants, their

13  "alternate entities," and each of them, consciously disregarded the safety of "exposed persons"

14  and were in fact consciously willing and intended to permit asbestos and asbestos-containing

15  products to cause injury to "exposed persons" and induced persons to work with and be exposed

16  thereto, including Plaintiff.

17       33.    Plaintiff relied upon Defendants, their "alternate entities," and each of their

18  representations, lack of warnings, and implied warranties of fitness of asbestos and their

19  asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff

20  suffered injury as alleged herein.

21       34.    Defendants, their "alternate entities," and each of them, and their officers,

22  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

23  had full knowledge of, or should have known of, each of the acts set forth herein.

24       35.    Defendants, and each of them, are liable for the fraudulent, oppressive, and

25  malicious acts of their "alternate entities," and each of them, and each Defendants' officers,

26  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

27  had full knowledge of, or should have known of, the acts of each of their "alternate entities," as

28  set forth herein.

12 - COMPLAINT
J:\WA\114446\Cmp-01-LOC.wpd

36.     The above-referenced conduct of said Defendant, their "alternate entities," and each of them, were and are willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons."

37.     As a direct and proximate result thereof, Plaintiff suffered the injuries and damages previously alleged.

## THIRD CAUSE OF ACTION

### (Loss of Consortium)

38.     Plaintiffs incorporate herein by reference as though fully set forth herein Paragraphs 1 through 7, Paragraphs 8 through 19 of the First Cause of Action, and Paragraphs 20 through 37 of the Second Cause of Action.

39.     Plaintiff Charles Yockey and Plaintiff Scarlett Yockey were married on September 23, 1978, and at all times relevant to this action were, and are now, husband and wife.

40.     Prior to Plaintiff Charles Yockey's injuries as alleged, Plaintiff was able and did perform duties as spouse.  Subsequent to the injuries and as a proximate result thereof, Plaintiff has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance and management of the family home, and Plaintiff will be unable to perform such work, services and duties in the future.  As a proximate result thereof, Plaintiff Scarlett Yockey has been permanently deprived and will be deprived of the consortium of Plaintiff, including the performance of duties, all to Plaintiff Charles Yockey's damages.

41.     As a direct and proximate result of the acts of Defendants, their "alternate entities," and each of them, and the severe injuries caused thereby to Plaintiff as set forth in this complaint, Plaintiff Scarlett Yockey has suffered, and for a long period of time will continue to suffer loss of consortium, including, but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

///

///

///

13 - COMPLAINT
J:\WA\114446\Cmp-01-LOC.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

## FOURTH CLAIM FOR RELIEF

### (Federal Employers' Liability Act [F.E.L.A] - Negligence)

AS AND FOR SEPARATE AND DISTINCT FOURTH CLAIM FOR RELIEF FOR NEGLIGENCE, PLAINTIFF COMPLAINS OF DEFENDANT AMERICAN PREMIER UNDERWRITERS, INC., ITS "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

42.     Plaintiff incorporates herein by reference, as though fully set forth herein, and Paragraphs 8 through 19 of the First Cause of Action.

43.     This claim arises and is being brought under and pursuant to provisions of the Federal Employers Liability Act, 45 U.S.C. 51, et seq.

44.     At all times herein mentioned, each Railroad Defendant, and its "alternate entities," were common carriers by railroad, engaged in interstate commerce doing business as such in Washington and other states, and Plaintiff was employed by each Railroad Defendant, and its "alternate entities," and each of them, in such interstate commerce, and the negligence complained of arose while Plaintiff and each Railroad Defendant, its "alternate entities," and each of them, were engaged in the conduct of interstate commerce.

45.     Plaintiff's work, as set forth in Exhibit A to the complaint, required him to work on and around locomotives and other railroad equipment. By requiring Plaintiff to work on and around said locomotives and other railroad equipment, each Railroad Defendant, its "alternate entities," and each of them, negligently allowed Plaintiff to be in and about and exposed to excessive amounts of asbestos and diesel fumes and other fumes and dusts and second-hand smoke, silica, asbestos- and silica-containing products, and other toxic substances. As a direct and proximate result of each Railroad Defendant's, its "alternate entities," and each of their failure to provide Plaintiff with a safe place to work, Plaintiff sustained injuries caused by his exposure to these various products and substances.

46.     Plaintiff's work was performed in the regular course and scope of his duties, and at said time and place each Railroad Defendant, its "alternate entities," and each of them, owed to Plaintiff a duty of exercising ordinary care to provide him with a reasonably safe place of

14 - COMPLAINT

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1    employment in which to perform his work.

2         47.    At said time and place of Plaintiff's employment, each Railroad Defendant, its

3    "alternate entities," and each of them were under a duty to provide workers at said place of

4    employment with a safe workplace with proper and reasonable safeguards against injury to

5    workers, to refrain from creating defective and dangerous situation, and refrain from any

6    negligent conduct which might jeopardize the health and safety of workers therein. Each Railroad

7    Defendant, its "alternate entities," and each of them, owed a duty of inspection and a duty to

8    warn all workers at said place of employment of situations which would  constitute a hazard to

9    the health and safety of the workers employed in and about said locomotives and other railroad

10   equipment. Each Railroad Defendant, its "alternate entities," and each of them negligently failed

11   to perform these duties.

12        48.    Plaintiff's injuries were caused by the negligence of each Railroad Defendant, its

13   "alternate entities," and each of them, and resulted from the failure of each said Railroad

14   Defendant, their "alternate entities," and each of them, to fulfill their aforesaid obligations and

15   duties to the Plaintiff in the following respects:

16        a.     By creating a defective and dangerous situation;

17        b.     By failing to provide the decedent with a safe place to work;

18        c.     By failing to properly inspect;

19        d.     By failing to warn Plaintiff of the dangers existing in this place of work; and

20        e.     By failing to provide proper safeguards against injuries to the Plaintiff who was

21   employed at said place of work.

22                                    **FIFTH CLAIM FOR RELIEF**

23   **(Federal Employers' Liability Act [F.E.L.A] - Violation of the Boiler Inspection Act)**

24        AS AND FOR A SEPARATE AND DISTINCT FIFTH CLAIM FOR RELIEF FOR

25   NEGLIGENCE, PLAINTIFF COMPLAINS OF DEFENDANT AMERICAN PREMIER

26   UNDERWRITERS, INC., ITS "ALTERNATE ENTITIES," AND EACH OF THEM, AND

27   ALLEGES AS FOLLOWS:

28        49.    Plaintiff incorporates herein by reference, as though fully set forth herein, and

15 - COMPLAINT
   J:\WA\114446\Cmp-01-LOC.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1   Paragraphs 8 through 19 of the First Cause of Action.

2        50.    This is a claim based on the Federal Boiler Inspection Act, 45 U.S.C. Section 22,

3   et seq., and the Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq. Jurisdiction is

4   invoked under 28 U.S.C. Section 1337.

5        51.    Each Railroad Defendant, its "alternate entities," and each of them, were in

6   violation of the Federal Boiler Inspection Act in failing to install, remove, repair, and maintain

7   safe materials and appliances to insulate and maintain the steam pipes, boilers, and other

8   equipment of the aforementioned locomotives in that the products they used released asbestos

9   fibers, diesel fumes and other fumes and dusts and second-hand smoke and particles and other

10  dangerous substances into the atmosphere where Plaintiff carried out his duties and onto

11  Plaintiff's person and clothing.

12       52.    As a direct and proximate result of the actions and conduct of each Railroad

13  Defendant, its "alternate entities," and each of them, as outlines herein, Plaintiff suffered the

14  injuries and damages previously alleged.

15       WHEREFORE, Plaintiffs pray for judgment and damages against the Defendants, their

16  "alternate entities," and each of them, as follows:

17       1.    For general damages as proven at trial;

18       2.    For medical and related expenses as proven at trial;

19       3.    For pain and suffering as proven at trial;

20       4.    For loss of earnings, wages and future earning potential as proven at trial;

21       5.    For loss of consortium; and

22       6.    For Plaintiffs' costs of suit herein; and

23       7.    For such other and further relief as the court may deem just and proper.

24

25  DATED this 15th day of October, 2010.

26  ///

27  ///

28  ///

16 - COMPLAINT
J:\WA\114446\Cmp-01-LOC.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRAYTON ❖ PURCELL, LLP

_____
Cameron O. Carter, WSBA No. 33326
CCarter@braytonlaw.com
Jane E. Vetto, WSBA No. 21649
JVetto@braytonlaw.com
Attorneys for Plaintiffs

17 - COMPLAINT
J:\WA\114446\Cmp-01-LOC.wpd

EXHIBIT A

Charles and Scarlet Yockey v. Bartells Asbestos Settlement Trust

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Army | US Army Fort Knox, KY | Trainee | 9/1960 (approx. 8 weeks) |

Job Duties: Plaintiff completed basic training at this location. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Army | US Army Fort Sill Lawton, OK | Trainee | 1960 - 1961 (approx. 1 year) |

Job Duties: Plaintiff completed artillery training at this location. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Army | Various locations South Korea | Artilleryman | 1961 - 9/1963 |

Job Duties: Plaintiff worked as an artillery spotter and forward observer. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pennsylvania Railroad Company Cincinnati, OH | Penn Central Railroad Co Cincinnati, OH Roundhouse | Railroad Worker | 1963 - 1964 |

Job Duties: Plaintiff worked as a member of the locomotive crew on diesel locomotives. Plaintiff assisted the engineer by monitoring controls. Plaintiff boarded the locomotives in the roundhouse in proximity to other trades who were repairing diesel engines and asbestos containing brakes. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| North Brothers Insulation Tampa, FL | West Palm Beach Hospital West Palm Beach, FL | Insulator (apprentice) | 1965 - 1967 |

Job Duties: Plaintiff worked as an apprentice insulator. Plaintiff handled and cut JOHNS MANVILLE, Pabco (FIBREBOARD), OWENS CORNING FIBERGLAS Kaylo and EAGLE-PICHER INDUSTRIES, INC. asbestos-containing pipe insulation and asbestos-containing block insulation. Plaintiff recalls the asbestos-containing insulation created a lot of dust when it was cut. Plaintiff supplied materials to insulators. Plaintiff worked adjacent to insulators who installed asbestos-containing insulation on steam pipe and hot water pipe, and installed asbestos-containing block insulation. Plaintiff mixed asbestos-containing cement and insulators applied it to the fittings and then covered the fittings with asbestos cloth and finishing cement. Plaintiff cut and sawed insulation. Plaintiff worked in proximity to insulators who applied BENJAMIN FOSTER (BAYER CROPSCIENCE) mastic. Plaintiff worked in proximity to pipefitters installing valves, checking the packing during the installation process, and repacking the valves when necessary.   Plaintiff worked in proximity to plasterers mixing and applying asbestos-containing fireproofing spray to the beams in the boiler room. Plaintiff worked in proximity to sheet metal workers putting metal wraps over existing asbestos-containing pipe insulation, which disturbed the insulation and created dust, and installing flexible duct connectors that contained asbestos, and hammering, drilling, and bolting the duct connectors to make them fit.  Plaintiff worked in proximity to electricians disturbing existing asbestos insulation when laying wire. Plaintiff worked in proximity to drywallers and tapers mixing, applying, and sanding joint compound.  Plaintiff worked in proximity to carpenters building scaffolding that collected discarded asbestos insulation, which later fell to the ground and created a lot of dust.  Plaintiff worked in proximity to laborers sweeping the work area, which created a lot of dust. Plaintiff recalls the following co-worker: Jim Puten, Miami, Florida. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| North Brothers Insulation Tampa, FL | Sugar Cane Growers Cooperative of Florida (Glades Sugar House) Belle Glade, FL | Insulator (apprentice) | 1965 - 1967 |

Job Duties: Plaintiff worked as an apprentice insulator. Plaintiff handled and cut JOHNS MANVILLE, Pabco (FIBREBOARD), OWENS CORNING FIBERGLAS Kaylo and EAGLE-PICHER INDUSTRIES, INC. asbestos-containing pipe insulation and asbestos-containing block insulation. Plaintiff recalls the asbestos-containing insulation created a lot of dust when it was cut. Plaintiff supplied materials to insulators. Plaintiff worked adjacent to insulators who installed asbestos-containing insulation on steam pipe and hot water pipe, and installed asbestos-containing block insulation. Plaintiff mixed asbestos-containing cement and insulators applied it to the fittings and then covered the fittings with asbestos cloth and finishing cement. Plaintiff cut and sawed insulation. Plaintiff worked in proximity to insulators who applied BENJAMIN FOSTER (BAYER CROPSCIENCE) mastic. Plaintiff worked in proximity to pipefitters installing valves, checking the packing during the installation process, and repacking the valves when necessary. Plaintiff worked in proximity to plasterers mixing and applying asbestos-containing fireproofing spray to the beams in the boiler room. Plaintiff worked in proximity to sheet metal workers putting metal wraps over existing asbestos-containing pipe insulation, which disturbed the insulation and created dust, and installing flexible duct connectors that contained asbestos, and hammering, drilling, and bolting the duct connectors to make them fit. Plaintiff worked in proximity to electricians disturbing existing asbestos insulation when laying wire. Plaintiff worked in proximity to drywallers and tapers mixing, applying, and sanding joint compound. Plaintiff worked in proximity to carpenters building scaffolding that collected discarded asbestos insulation, which later fell to the ground and created a lot of dust. Plaintiff worked in proximity to laborers sweeping the work area, which created a lot of dust. Plaintiff recalls the following co-worker: Jim Puten, Miami, Florida. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| R. L. Lawler Fort Wainwright, AK | US Army Fort Richardson military housing, Anchorage, AK | Insulator (apprentice) | 1968 - 1972 (on and off) |

Job Duties:  Plaintiff worked as an apprentice insulator. Plaintiff assisted insulators who removed and repaired asbestos-containing insulation on hot and cold water lines for military housing.

Plaintiff insulated pipelines in utilidores, small tunnels running steam, water and electric lines between homes. Plaintiff removed and repaired insulation on pipelines in utilidores. Plaintiff primarily used JOHNS-MANVILLE and OWENS CORNING FIBERGLAS insulation. Plaintiff recalls working in the mechanical room adjacent to pipefitters cutting and installing asbestos-containing gaskets. Plaintiff recalls pipefitters installing, repairing and removing valves, repairing and replacing valve stems when necessary. Plaintiff recalls the following co-workers: Philip LaFramboise c/o Brayton❖Purcell, LLP, Bill Moore, deceased and Henry Jorgenson, deceased. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| E. J. Bartells Co.<br>P.O. Box 4160<br>Renton, WA 98057-416 | Union Oil<br>Grayling Platform<br>Cooks Inlet, AK | Insulator | 1968 - 1969 |

Job Duties:  Plaintiff worked as an insulator. Plaintiff handled and cut JOHNS MANVILLE, Pabco (FIBREBOARD), OWENS CORNING FIBERGLAS Kaylo and EAGLE-PICHER INDUSTRIES, INC. asbestos-containing pipe insulation and asbestos-containing block insulation. Plaintiff recalls the asbestos-containing insulation created a lot of dust when it was cut. Plaintiff supplied materials to insulators. Plaintiff installed asbestos-containing insulation on steam pipe and hot water pipe, and installed asbestos-containing block insulation. Plaintiff mixed asbestos-containing cement and applied it to the fittings and then covered the fittings with asbestos cloth and finishing cement. Plaintiff cut and sawed insulation. Plaintiff applied BENJAMIN FOSTER (BAYER CROPSCIENCE) mastic. Plaintiff worked in proximity to pipefitters installing valves, checking the packing during the installation process, and repacking the valves when necessary. Plaintiff recalls the following co-workers: Philip LaFramboise c/o Brayton❖Purcell, LLP and Rudy Richardson, deceased.  Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| E. J. Bartells Co.<br>P.O. Box 4160<br>Renton, WA 98057-4160 | Union Oil<br>King Salmon Platform<br>Cooks Inlet, AK | Insulator | 1968 - 1969 |

Job Duties:  Plaintiff worked as an insulator. Plaintiff handled and cut JOHNS MANVILLE, Pabco (FIBREBOARD), OWENS CORNING FIBERGLAS Kaylo and EAGLE-PICHER INDUSTRIES, INC. asbestos-containing pipe insulation and asbestos-containing block insulation. Plaintiff recalls the asbestos-containing insulation created a lot of dust when it was

cut. Plaintiff supplied materials to insulators. Plaintiff installed asbestos-containing insulation on steam pipe and hot water pipe, and installed asbestos-containing block insulation. Plaintiff mixed asbestos-containing cement and applied it to the fittings and then covered the fittings with asbestos cloth and finishing cement. Plaintiff cut and sawed insulation. Plaintiff applied BENJAMIN FOSTER (BAYER CROPSCIENCE) mastic. Plaintiff worked in proximity to pipefitters installing valves, checking the packing during the installation process, and repacking the valves when necessary.  Plaintiff recalls the following co-workers: Philip LaFramboise c/o Brayton✠Purcell, LLP, and Rudy Richardson, deceased.  Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| E. J. Bartells Co.<br>P.O. Box 4160<br>Renton, WA 98057-4160 | US Army<br>Fort Richardson<br>military housing,<br>Anchorage, AK | Insulator | 1969 - 1971 |

Job Duties: Plaintiff worked as an insulator. Plaintiff removed and repaired asbestos-containing insulation on hot and cold water lines for military housing. Plaintiff insulated pipelines in utilidores, or a small tunnels running steam, water and electric lines between homes. Plaintiff removed and repaired insulation on pipelines in utilidores.  Plaintiff primarily used JOHNS-MANVILLE and OWENS CORNING FIBERGLAS Kaylo insulation.  Plaintiff recalls working in the mechanical room adjacent to pipefitters cutting and installing asbestos-containing gaskets. Plaintiff recalls pipefitters installing, repairing and removing valves, repairing and replacing valve stems when necessary. Plaintiff recalls the following co-workers: Philip LaFramboise c/o Brayton✠Purcell, LLP, and Rudy Richardson, deceased. Plaintiff currently contends he was exposed to asbestos during this employment

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown employer | Puget Sound Naval<br>Shipyard<br>Bremerton, WA<br>Unknown<br>Navy Ships | Insulator | 1970 |

Job Duties: Plaintiff worked as an insulator on various unknown naval vessels. Plaintiff worked in engine rooms and boiler rooms. Plaintiff worked in proximity to boilermakers tearing out asbestos-containing  refractory materials from FOSTER WHEELER (FOSTER WHEELER LLC

(FKA FOSTER WHEELER CORPORATION)) boilers. Plaintiff currently contends he was exposed to asbestos during this employment

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Brand Insulations Inc.<br>5 Westbrook Corp. Center,<br>Ste. 800<br>Westchester, IL 60154-5760 | ARCO Refinery<br>Cherry Point<br>Blaine, WA | Insulator | 1970 |

Job Duties: Plaintiff worked as an insulator. Plaintiff handled and cut JOHNS MANVILLE, Pabco (FIBREBOARD), OWENS CORNING FIBERGLAS Kaylo and EAGLE-PICHER INDUSTRIES, INC. asbestos-containing pipe insulation and asbestos-containing block insulation. Plaintiff recalls the asbestos-containing insulation created a lot of dust when it was cut. Plaintiff supplied materials to insulators. Plaintiff installed asbestos-containing insulation on steam pipe and hot water pipe, and installed asbestos-containing block insulation. Plaintiff mixed asbestos-containing cement and applied it to the fittings and then covered the fittings with asbestos cloth and finishing cement. Plaintiff cut and sawed insulation. Plaintiff applied BENJAMIN FOSTER (BAYER CROPSCIENCE) mastic. Plaintiff worked in proximity to pipefitters installing valves, checking the packing during the installation process, and repacking the valves when necessary. Plaintiff recalls the following co-worker:  Philip LaFramboise c/o Brayton✢Purcell, LLP.  Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Various unknown employers | Unknown locations<br>New Jersey;<br>Oklahoma;<br>Boston, MA | Insulator | 1971 - 1975 |

Job Duties: Plaintiff worked as an insulator. Plaintiff handled and cut JOHNS MANVILLE, Pabco (FIBREBOARD), OWENS CORNING FIBERGLAS Kaylo and EAGLE-PICHER INDUSTRIES, INC. asbestos-containing pipe insulation and asbestos-containing block insulation. Plaintiff recalls the asbestos-containing insulation created a lot of dust when it was cut. Plaintiff supplied materials to insulators. Plaintiff installed asbestos-containing insulation on steam pipe and hot water pipe, and installed asbestos-containing block insulation. Plaintiff mixed asbestos-containing cement and applied it to the fittings and then covered the fittings with

asbestos cloth and finishing cement. Plaintiff cut and sawed insulation. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Various unknown employers through Heat & Frost Insulators and Asbestos Workers Union Local 97 741 Sesame St., Ste. 201A Anchorage, AK 99503-6644 | Various unknown locations in Alaska | Insulator | 1975 - 1992 |

Job Duties: Plaintiff worked as an insulator. Plaintiff removed asbestos-containing pipe and block insulation. Plaintiff does not currently recall the specifics of this employment. Plaintiff currently contends he was exposed to asbestos during this employment.

J:\WA\114446\Exhibit A.wpd

EXHIBIT B

<u>Charles Yockey and Scarlett Yockey v. Bartells Asbestos Settlement Trust, et al.</u>

| <u>DIAGNOSIS</u> | <u>DOCTOR</u> | <u>DATE OF DIAGNOSIS</u> |
|---|---|---|
| Lung Cancer | Dr. Raju of St. John's Hospital, Springfield , Missouri | June 7, 2010 |

EXHIBIT B – Page 1
J:\WA\114446\Cmp-01-Exb B.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square
111 SW Columbia Street, Suite 250
Portland, OR 97201
Phone: (503) 295-4931; (503) 241-2573