(JTLx), CLOSED, DISCOVERY, MANADR, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-08338-R-JTL

Donald Nelson et al v. Alfa Laval, Inc. et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Jennifer T. Lum
Related Case: 2:07-cv-02241-R-JTL
Case in other court:  Superior Court State of CA County Los
                                   Angeles, BC380991
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 12/27/2007
Date Terminated: 02/22/2008
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Donald Nelson**                                    represented by    **Brian P Barrow**
                                                                                   Simon Eddins and Greenstone
                                                                                   301 Ocean Boulevard, Suite 1950
                                                                                   Long Beach, CA 90802
                                                                                   562-590-3400
                                                                                   Email: bbarrow@seglaw.com
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Jennifer L Bartlett**
                                                                                   Simon Eddins and Greenstone
                                                                                   301 E Ocean Blvd Suite 1950
                                                                                   Long Beach, CA 90802
                                                                                   562-590-3400
                                                                                   Fax: 562-590-3412
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Ronald Cary Eddins**
                                                                                   Simon Eddins and Greenstone
                                                                                   301 East Ocean Blvd Suite 1950
                                                                                   Long Beach, CA 90802
                                                                                   562-590-3400
                                                                                   Fax: 562-590-3412
                                                                                   Email: reddins@seglaw.com
                                                                                   *LEAD ATTORNEY*
                                                                                   *ATTORNEY TO BE NOTICED*

                                                                                   **Stuart J Purdy**
                                                                                   Simon Eddins and Greenstone LLP
                                                                                   301 East Ocean Boulevard Suite 1950
                                                                                   Long Beach, CA 90802

562-590-3400
Fax: 562-590-3412
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hilaria Nelson**                              represented by    **Brian P Barrow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart J Purdy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Alfa Laval, Inc.**
*individually*
*Successor*
The Delaval Separator Company

**Defendant**

**Allis Chalmers Corporation Product
Liability Trust**
*individually*
*Successor*
Allis-Chalmers Corporation

**Defendant**

**Armstrong International, Inc.**

**Defendant**

**Buffalo Pumps, Inc.**
*individually*
*Successor*
Buffalo Forge Company

**<u>Defendant</u>**

**CBS Corporation**
*formerly known as*
B.F. Strutevant
*formerly known as*
Westinghouse Electric Corporation
*Successor*
CBS Corporation
*formerly known as*
Viacom, Inc.

**<u>Defendant</u>**

**CLA-VAL Co.**                  represented by  **Julia A Gowin**
                                                Hawkins Parnell Thackston & Young LLP
                                                444 S. Flower Street
                                                Suite 1100
                                                Los Angeles, CA 90071
                                                213-486-8022
                                                Fax: 213-486-8080
                                                Email: jgowin@hptylaw.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Coltec Industries, Inc.**
*individually*
*Successor*
Fairbanks Morse Engine

**<u>Defendant</u>**

**Crane Co.**
*Successor*
Chapman Valve Company

**<u>Defendant</u>**

**Crosby Valve, Inc.**               represented by  **Ryan S Landis**
                                                McKenna Long & Aldridge
                                                444 S Flower St, 8th Fl
                                                Los Angeles, CA 90071-2901
                                                213-688-1000
                                                Email: rlandis@mckennalong.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Crown Cork & Seal Co., Inc.**
*individually*
*Successor*
Mundet Cork Company

**Defendant**

**Durabla Manfacturing Company**

**Defendant**

**Elliott Turnbomachinery Company**
*also known as*
Elliott Company

**Defendant**

**Flowerserve US Inc.**
*individually*
*Successor*
Edward Valve & Manufacturing
*Successor*
Durko International

**Defendant**

**Foster Wheeler Energy Corporation**                represented by **Edward R Hugo**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James C Parker**
Brydon Hugo and Parker
135 Main Street Suite 2000
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Jeffrey Moses**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: tmoses@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Motors Corporation**

**Defendant**

**Hopeman Brothers, Inc.**

<u>Defendant</u>

**Hopeman Brothers Marine Interiors, L.L.C.**
*also known as*
Hopeman Brothers, Inc.

<u>Defendant</u>

**IMO Industries, Inc.**
*individually*
*Successor*
Delaval Turbine, Inc.

<u>Defendant</u>

**Invensys Systems, Inc.**
*individually*
*Successor*
Edward Valve & Manufacturing

<u>Defendant</u>

**J.T. Thorpe & Son, Inc.**

<u>Defendant</u>

**John Crane, Inc.**

<u>Defendant</u>

**Leslie Controls, Inc.**                     represented by  **Aaron P Rudin**
                                                              Gordon and Rees
                                                              633 West 5th Street Ste 4900
                                                              Los Angeles, CA 90071
                                                              213-576-5000
                                                              Fax: 213-680-4470
                                                              Email: arudin@gordonrees.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**M. Slayen and Associates, Inc.**

<u>Defendant</u>

**Metalcald Insulation Corporation**          represented by  **Ryan S Landis**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Parker-Hannifin Corporation**
*individually*

*Successor*
Sacomo Maufacturing Co.
*Successor*
Sacomo Sierra

**Defendant**

**Peerless Industries, Inc.**

**Defendant**

**Rapid-American Corporation**
*Successor*
Philip Carey Manufacturing Corporation

**Defendant**

**Sepco Corporation**

**Defendant**

**Spirol International Corporation**          represented by  **Dawn M Ceizler**
*individually*                                               Glynn and Finley
*Successor*                                                  100 Pringle Avenue, Suite 500
United States Gasket Co.                                     Walnut Creek, CA 94596
                                                             925-210-2800
                                                             Email: dceizler@glynnfinley.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**SYD Carpenter, Marine Contractor,
Inc.**

**Defendant**

**Tyco Flow Control, Inc.**
*indivdually*
*Successor*
The Lunkenheimer Company
*Successor*
Hancock Valves
*Successor*
Gimpel Corporation

**Defendant**

**Velan Valve Corporation**                   represented by  **Ryan S Landis**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Warren Pumps, L.L.C.**

**Defendant**

**Weir Valves & Controls USA, Inc.**
*formerly known as*
Atwood & Morrill

**Defendant**

**The William Powell Company**

**Defendant**

**Yarway Corporation**
*individually*
*Successor*
Geimpel Corporation

**Defendant**

**Does 1-450 Inclusive**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/27/2007 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California for the County of Los Angeles, case number BC380991 with conformed copy of summons and complaint. Case assigned to Judge Valerie Baker Fairbank, Discovery to Magistrate Judge Rosalyn M. Chapman. (Filing fee $ 350 PAID.), filed by defendant Foster Wheeler Energy Corporation.(ghap) Modified on 1/3/2008 (ghap, ). Modified on 1/3/2008 (ghap, ). (Entered: 01/03/2008) |
| 12/27/2007 | 2 | DISCLOSURE STATEMENT filed by Defendant Foster Wheeler Energy Corporation. (ghap) (Entered: 01/03/2008) |
| 12/27/2007 | 3 | NOTICE OF TAG-ALONG ACTION filed by defendant Foster Wheeler Energy Corporation. (ghap) (Entered: 01/03/2008) |
| 12/27/2007 | 4 | NOTICE of Interested Parties filed by Defendant Foster Wheeler Energy Corporation. (ghap) (Entered: 01/03/2008) |
| 12/27/2007 | 5 | DECLARATION of Lawrence Stilwell Betts filed by Defendant Foster Wheeler Energy Corporation. (ghap) (Entered: 01/03/2008) |
| 12/27/2007 | 6 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(ghap) (Entered: 01/03/2008) |
| 12/27/2007 | | FAX number for Attorneys Edward R Hugo, Thomas J Moses, James C. Parker is 415-808-0333. (ghap) (Entered: 01/03/2008) |
| 12/27/2007 | | FAX number for Attorneys Jennifer L Bartlett, Ronald Cary Eddins, Stuart J. Purdy is 562-590-3412. (ghap) (Entered: 01/03/2008) |
| 01/07/2008 | 7 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by plaintiff Donald Nelson, Hilaria Nelson.Motion set for hearing on 2/4/2008 at 01:30 PM before Judge Valerie Baker Fairbank. (Attachments: # 1 Proposed Order granting remand)(Barrow, Brian) (Entered: 01/07/2008) |
| 01/07/2008 | 8 | DISCLOSURE of Interested Parties *(certification)* filed by Plaintiffs Donald Nelson, |

| | | |
|---|---|---|
| | | Hilaria Nelson (Barrow, Brian) (Entered: 01/07/2008) |
| 01/15/2008 | 10 | STANDING ORDER by Judge Valerie Baker Fairbank: READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND ADDS TO THE LOCAL RULES. COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE THIS ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO THE ACTION. IF THIS CASE WAS REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.) Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages (see document for further details.) (jp) (Entered: 01/17/2008) |
| 01/17/2008 | 9 | ANSWER filed by Defendant Foster Wheeler Energy Corporation.(Moses, Thomas) (Entered: 01/17/2008) |
| 01/18/2008 | 11 | MEMORANDUM in Opposition *to Plaintiffs' Motion to Remand to State Court* filed by Defendant Foster Wheeler Energy Corporation. (Moses, Thomas) (Entered: 01/18/2008) |
| 01/18/2008 | 12 | PROOF OF SERVICE filed by Defendant Foster Wheeler Energy Corporation, re MEMORANDUM in Opposition to Motion 11 *to Remand case to California State Court by Plaintiffs'* served on 1/18/08. (Moses, Thomas) Modified on 1/22/2008 (mb, ). (Entered: 01/18/2008) |
| 01/18/2008 | 13 | DECLARATION of Thomas J. Moses in opposition to MOTION to Remand Case to Los Angeles Superior Court 7 filed by Defendant Foster Wheeler Energy Corporation. (Attachments: # 1 Exhibit part 2# 2 Exhibit part 3# 3 Exhibit part 4)(Moses, Thomas) (Entered: 01/18/2008) |
| 01/25/2008 | 14 | REPLY in support MOTION to Remand Case to Los Angeles Superior Court 7 filed by Plaintiffs Donald Nelson, Hilaria Nelson. (Barrow, Brian) (Entered: 01/25/2008) |
| 01/25/2008 | 15 | NOTICE OF MOTION AND MOTION for Joinder in MEMORANDUM in Opposition to Motion 11 , Notice of Removal, 1 *and Joinder in Opposition to Plaintiff's Motion to Remand Case to California Superior Court* filed by defendant Leslie Controls, Inc..Motion set for hearing on 2/4/2008 at 01:30 PM before Judge Valerie Baker Fairbank. (Rudin, Aaron) (Entered: 01/25/2008) |
| 01/25/2008 | 16 | *Certification* Of Interested Parties or Persons of Interested Parties filed by Defendant Leslie Controls, Inc.. (Rudin, Aaron) (Entered: 01/25/2008) |
| 01/28/2008 | 17 | MINUTES OF IN CHAMBERS ORDER before Judge Valerie Baker Fairbank: On the Court's own motion, MOTION to Remand Case to Los Angeles Superior Court 7 , 15 set for 2/4/2008 has been continued to 2/11/2008 at 01:30 PM. (jp) (Entered: 01/28/2008) |
| 01/29/2008 | 18 | REPLY *to Leslie Controls Opposition to Remand* filed by Plaintiffs Donald Nelson, Hilaria Nelson. (Barrow, Brian) (Entered: 01/29/2008) |
| 01/30/2008 | 19 | Certificate of Interested Parties filed by Defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 01/30/2008) |
| 02/01/2008 | 20 | ANSWER *To Complaint* filed by Defendant Spirol International Corporation.(Ceizler, Dawn) (Entered: 02/01/2008) |
| | | |

| 02/08/2008 | 21 | MINUTES OF IN CHAMBERS ORDER held before Judge Valerie Baker Fairbank DENYING MOTION to Remand Case to Los Angeles Superior Court 7 . The hearing set for 2/11/08 17 is vacated and the matter taken off calendar. No appearances necessary. (se) (Entered: 02/08/2008) |
| --- | --- | --- |
| 02/08/2008 | 22 | DECLARATION of Brian P. Barrow in support of MOTION to Remand Case to Los Angeles Superior Court 7 filed by Plaintiffs Donald Nelson, Hilaria Nelson. (Barrow, Brian) (Entered: 02/08/2008) |
| 02/19/2008 | 23 | STIPULATION to Dismiss Case pursuant to FRCP 41(a)(1) filed by Plaintiffs Donald Nelson, Hilaria Nelson. (Attachments: # 1 Proposed Order of Dismissal)(Barrow, Brian) (Entered: 02/19/2008) |
| 02/22/2008 | 24 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 -Related Case- filed. Related Case No: CV 07-2241 R (JTLx). Case transfered from Judge Rosalyn M. Chapman and Valerie Baker Fairbank to Judge Manuel L. Real and Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 07-8338 R (JTLx).Signed by Judge Manuel L. Real (rn) (Entered: 02/22/2008) |
| 02/22/2008 | 25 | ORDER OF DISMISSAL by Judge Valerie Baker Fairbank that this entire case is hereby dismissed without prejudice pursuant to FRCP 41(a)(1) and in accordance with a Stipulation of Dismissal executed by and between the parties that have appeared in this action through their designated counsel 23 . (Made JS-6. Case Terminated.) (jp) Modified on 2/26/2008 (jp). (Entered: 02/26/2008) |
| 02/25/2008 | 27 | ORDER RE: NOTICE TO COUNSEL: This case has been assigned to the calendar of Judge Manuel L. Real. Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. The attention of counsel is particularly directed to Local Rule 16. Counsel should also be guided by the following special requirements when litigating cases assigned to Judge Real. (See document for further detail) by Judge Manuel L. Real (pj) (Entered: 02/28/2008) |
| 02/26/2008 | 26 | CERTIFICATE of Interested Parties filed by Defendants Crosby Valve, Inc., Metalcald Insulation Corporation, Velan Valve Corporation. (Landis, Ryan) (Entered: 02/26/2008) |
| 04/02/2008 | 28 | ORDER VACATING CONDITIONAL TRANSFER ORDER: The Panel's conditional transfer order designated as CTO 303 filed 2/26/2008 is VACATED insofar as its relates to this action by Clerk of the Panel (pj) (Entered: 04/04/2008) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 12/09/2010 11:44:22 | | |
| PACER Login: | fm1158 | Client Code: | 8027-0049 |
| Description: | Docket Report | Search Criteria: | 2:07-cv-08338-R-JTL End date: 12/9/2010 |
| Billable | | | |

| Pages: | 7 | Cost: | 0.56 |
| --- | --- | --- | --- |

1  RON C. EDDINS, CA Bar No. 243581
2  JENNIFER L. BARTLETT, CA Bar No. 183154
   STUART J. PURDY, CA Bar No. 239878
3  **SIMON, EDDINS & GREENSTONE, LLP**
   301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
   Telephone (562) 590-3400
5  Facsimile (562) 590-3412
6
   Attorneys for Plaintiffs
7
8             SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  FOR THE COUNTY OF LOS ANGELES
10
11  **DONALD NELSON** and **HILARIA**      Case No.            BC380991
    **NELSON**
12                                         THIS ACTION CONSTITUTES COMPLEX
13                          Plaintiffs,    ASBESTOS LITIGATION – SUBJECT TO
                                           THE GENERAL ORDERS CONTAINED IN
14            vs.                          FILE NO. C 700000 – DEPT. 59
15  **ALFA LAVAL, INC.** (sued            **COMPLAINT FOR PERSONAL INJURY –**
16  individually and as successor-in-interest  **ASBESTOS (NEGLIGENCE; STRICT**
    to THE DELAVAL SEPARATOR              **LIABILITY; LOSS OF CONSORTIUM)**
17  COMPANY);
    **ALLIS CHALMERS**
18  **CORPORATION PRODUCT**
    **LIABILTY TRUST** (sued individually
19  and as successor-in-interest to ALLIS-
    CHALMERS CORPORATION);
20  **ARMSTRONG INTERNATIONAL,**
    **INC.;**
21
    **BUFFALO PUMPS, INC.** (sued
22  individually and as successor-in-interest
    to BUFFALO FORGE COMPANY);
23  **CBS CORPORATION** f/k/a
24  VIACOM, INC. (sued as successor-by-
    merger to CBS CORPORATION f/k/a
25  WESTINGHOUSE ELECTRIC
    CORPORATION and B.F.
26  STURTEVANT);
    **CLA-VAL CO.;**
27  **COLTEC INDUSTRIES, INC.** (sued
28  individually and as successor-in-interest

COMPLAINT FOR PERSONAL INJURY – ASBESTOS                          1

to FAIRBANKS MORSE ENGINE);
**CRANE CO.** (sued individually and as successor-in-interest to CHAPMAN VALVE COMPANY);
**CROSBY VALVE, INC.;**
**CROWN CORK & SEAL CO., INC.** (sued individually and as successor-in-interest to MUNDET CORK COMPANY);
**DURABLA MANUFACTURING COMPANY;**
**ELLIOTT TURBOMACHINERY COMPANY** a/k/a ELLIOTT COMPANY;
**FLOWSERVE US INC.** (sued individually and as successor-in-interest to DURCO INTERNATIONAL and EDWARD VALVE & MANUFACTURING)
**FOSTER WHEELER ENERGY CORPORATION;**
**GENERAL MOTORS CORPORATION;**
**HOPEMAN BROTHERS, INC.;**
**HOPEMAN BROTHERS MARINE INTERIORS, L.L.C.** a/k/a HOPEMAN BROTHERS, INC.;
**IMO INDUSTRIES, INC.** (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.);
**INVENSYS SYSTEMS, INC.** (sued individually and as successor in interest to EDWARD VALVE & MANUFACTURING);
**J.T. THORPE & SON, INC.**
**JOHN CRANE, INC.;**
**LESLIE CONTROLS, INC.;**
**M. SLAYEN AND ASSOCIATES, INC.;**
**METALCLAD INSULATION CORPORATION;**
**PARKER-HANNIFIN CORPORATION** (sued individually and as successor-in-interest to SACOMO SIERRA and SACOMO MANUFACTURING CO.);

2

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  PEERLESS INDUSTRIES, INC.;
2  RAPID-AMERICAN
   CORPORATION (sued as successor in
3  interest to PHILIP CAREY
   MANUFACTURING
4  CORPORATION);
5  SEPCO CORPORATION;
   SPIROL INTERNATIONAL
6  CORPORATION (sued individually
   and as successor-in-interest to UNITED
7  STATES GASKET CO.);
8  SYD CARPENTER, MARINE
   CONTRACTOR, INC.;
9  TYCO FLOW CONTROL, INC.
   (sued individually and as successor-in-
10 interest to THE LUNKENHEIMER
   COMPANY, GIMPEL
11 CORPORATION, and HANCOCK
12 VALVES);
   VELAN VALVE CORPORATION;
13 VIAD CORPORATION f/k/a THE
   DIAL CORPORATION (sued
14 individually and as successor-in-interest
   to GRISCOM-RUSSELL COMPANY);
15 WARREN PUMPS, L.L.C.;
16 WEIR VALVES & CONTROLS
   USA, INC. f/k/a ATWOOD &
17 MORRILL;
18 THE WILLIAM POWELL
   COMPANY;
19 YARWAY CORPORATION (sued
   individually and as successor-in-interest
20 to GIMPEL CORPORATION),
21 and DOES 1-450 INCLUSIVE,

22                            Defendants.

## GENERAL ALLEGATIONS

23

24        COME NOW Plaintiffs **DONALD NELSON** and **HILARIA NELSON**

25 (hereinafter "Plaintiffs") and complain and allege as follows:

26        1.      The true names and capacities, whether individual, corporate, associate,

27 governmental or otherwise, of defendants DOES 1 through 450, inclusive, are unknown to

28 Plaintiffs at this time, who therefore sues said defendants by such fictitious names. When the

3

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   true names and capacities of said defendants have been ascertained, Plaintiffs will amend this

2   complaint accordingly.   Plaintiffs are informed and believe, and thereon allege, that each

3   defendant designated herein as a DOE is responsible, negligently or in some other actionable

4   manner, for the events and happenings hereinafter referred to, and caused injuries and damages

5   proximately thereby to the Plaintiffs, as hereinafter alleged.

6       2.      At all times herein mentioned, each of the defendants was the agent, servant,

7   employee and/or joint venture of his co-defendants, and each of them, and at all said times

8   each defendant was acting in the full course and scope of said agency, service, employment

9   and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times

10  herein mentioned, defendants **ALFA LAVAL, INC.** (sued individually and as successor-in-

11

12  interest  to  THE  DELAVAL  SEPARATOR  COMPANY);  **ALLIS  CHALMERS**

13  **COPORATION PRODUCT LIABILITY TRUST** (sued individually and as successor-in-

14  interest to ALLIS-CHALMERS CORPORATION); **ARMSTRONG INTERNATIONAL,**

15  **INC.; BUFFALO PUMPS, INC.** (sued individually and as successor-in-interest to

16  BUFFALO FORGE COMPANY); **CBS CORPORATION** f/k/a VIACOM, INC. (sued as

17

18  successor-by-merger  to  CBS  CORPORATION  f/k/a  WESTINGHOUSE  ELECTRIC

19  CORPORATION and B.F. STURTEVANT); **CLA-VAL CO.; COLTEC INDUSTRIES,**

20  **INC.** (sued individually and as successor-in-interest to FAIRBANKS MORSE ENGINE);

21  **CRANE CO.** (sued individually and as successor-in-interest to CHAPMAN VALVE

22  COMPANY); **CROSBY VALVE, INC.; CROWN CORK & SEAL CO., INC.** (sued

23  individually and as successor-in-interest to MUNDET CORK COMPANY); **DURABLA**

24

25  **MANUFACTURING COMPANY; ELLIOTT TURBOMACHINERY COMPANY** a/k/a

26  ELLIOTT COMPANY; **FLOWSERVE US INC.** (sued individually and as successor-in-

27  interest to DURCO INTERNATIONAL and EDWARD VALVE & MANUFACTURING);

28  **FOSTER   WHEELER   ENERGY   CORPORATION;   GENERAL   MOTORS**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  CORPORATION; HOPEMAN BROTHERS, INC.; HOPEMAN BROTHERS MARINE

2  INTERIORS, L.L.C. a/k/a HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC.

3  (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.); INVENSYS

4  SYSTEMS, INC. (sued individually and as successor in interest to EDWARD VALVE &

5  MANUFACTURING); J.T. THORPE & SON, INC.; JOHN CRANE, INC.; LESLIE

6  CONTROLS, INC.; M. SLAYEN AND ASSOCIATES, INC.; METALCLAD

7  INSULATION CORPORATION; PARKER-HANNIFIN CORPORATION (sued

8  individually and as successor-in-interest to SACOMO SIERRA and SACOMO

9  MANUFACTURING CO.; PEERLESS INDUSTRIES, INC.; RAPID-AMERICAN

10 CORPORATION (sued as successor in interest to PHILIP CAREY MANUFACTURING

11 CORPORATION); SEPCO CORPORATION; SPIROL INTERNATIONAL

12 CORPORATION (sued individually and as successor-in-interest to UNITED STATES

13 GASKET CO.); SYD CARPENTER, MARINE CONTRACTOR, INC.; TYCO FLOW

14 CONTROL, INC. (sued individually and as successor-in-interest to THE LUNKENHEIMER

15 COMPANY, GIMPEL CORPORATION, and HANCOCK VALVES); VELAN VALVE

16 CORPORATION; VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued

17 individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); WARREN

18 PUMPS, L.L.C.; WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD &

19 MORRILL; THE WILLIAM POWELL COMPANY; YARWAY CORPORATION (sued

20 individually and as successor-in-interest to GIMPEL CORPORATION), and DOES 1-450

21 inclusive, were individuals, corporations, partnerships and/or unincorporated associations

22 organized and existing under and by virtue of the laws of the State of California, or the laws of

23 some other state or foreign jurisdiction, and that said defendants, and each of them, were and

5

are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Los Angeles, State of California.

3.     Plaintiffs allege herein that Plaintiff DONALD NELSON developed malignant mesothelioma as a result of exposure to asbestos from defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **ALFA LAVAL, INC.** (sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY) (for DeLaval purifiers); **ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST** (sued individually and as successor-in-interest to ALLIS-CHALMERS CORPORATION) (for Allis Chalmers turbines); **ARMSTRONG INTERNATIONAL, INC.** (for Armstrong steam traps); **BUFFALO PUMPS, INC.** (sued individually and as successor-in-interest to BUFFALO FORGE COMPANY) (for Buffalo pumps); **CBS CORPORATION** f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and B.F. STURTEVANT) (for Westinghouse turbines, blowers and generators, and B.F. Sturtevant turbines); **CLA-VAL CO.** (for Cla-Val valves); **COLTEC INDUSTRIES, INC.** (sued individually and as successor-in-interest to FAIRBANKS MORSE ENGINE) (for Fairbanks Morse diesel engines); **CRANE CO.** (sued individually and as successor-in-interest to CHAPMAN VALVE CO.) (for Crane and Chapman valves and Cranite gaskets); **CROSBY VALVE, INC.** (for Crosby valves); **CROWN CORK & SEAL CO., INC.** (sued individually and as successor-in-interest to MUNDET CORK COMPANY) (for Mundet block insulation); **DURABLA MANUFACTURING COMPANY** (for Durabla

6

gaskets); **ELLIOTT TURBOMACHINERY COMPANY** a/k/a ELLIOTT COMPANY (for

Elliot deaerating feed system); **FLOWSERVE US INC.** (sued individually and as successor-

in-interest to DURCO INTERNATIONAL and EDWARD VALVE & MANUFACTURING)

(for Durco and Edward valves); **FOSTER WHEELER ENERGY CORPORATION** (for

Foster Wheeler boilers); **GENERAL MOTORS CORPORATION** (for General motors

generators); **HOPEMAN BROTHERS, INC.** (for asbestos-containing marinite and micarta

board); **HOPEMAN BROTHERS MARINE INTERIORS, L.L.C.** a/k/a HOPEMAN

BROTHERS, INC. (for asbestos-containing marinite and micarta board); **IMO**

**INDUSTRIES, INC.** (sued individually and as successor-in-interest to DELAVAL

TURBINE, INC.) (for DeLaval turbines and pumps); **INVENSYS SYSTEMS, INC.** (sued

individually and as successor in interest to EDWARD VALVE & MANUFACTURING) (for

Edward valves); **J.T. THORPE & SON, INC.** (as a boiler contractor and as a supplier of

asbestos-containing insulation); **JOHN CRANE, INC.** (for John Crane gaskets); **LESLIE**

**CONTROLS, INC.** (for Leslie valves); **M. SLAYEN AND ASSOCIATES, INC.** (as a

contractor of asbestos-containing insulation); **METALCLAD INSULATION**

**CORPORATION** (as a contractor of asbestos-containing insulation); **PARKER-HANNIFIN**

**CORPORATION** (sued individually and as successor-in-interest to SACOMO SIERRA and

SACOMO MANUFACTURING CO. (for Sacomo gaskets and packing); **PEERLESS**

**INDUSTRIES, INC.** (for Peerless boilers); **RAPID-AMERICAN CORPORATION** (sued

as successor in interest to PHILIP CAREY MANUFACTURING CORPORATION) (as a

distributor of Carey insulation); **SEPCO CORPORATION** (for Sepco gaskets); **SPIROL**

**INTERNATIONAL CORPORATION** (sued individually and as successor-in-interest to

UNITED STATES GASKET CO.) (for United States Gasket Co. gaskets); **SYD**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

CARPENTER, MARINE CONTRACTOR, INC. (as a contractor of asbestos-containing insulation); TYCO FLOW CONTROL, INC. (sued individually and as successor-in-interest to THE LUNKENHEIMER COMPANY, GIMPEL CORPORATION, and HANCOCK VALVES) (for Gimpel valves, Lunkenheimer valves and Hancock valves); VELAN VALVE CORPORATION (for Velan valves); VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell fuel oil heaters and distilling plants); WARREN PUMPS, L.L.C. (for Warren pumps); WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL (for Atwood & Morrill valves); THE WILLIAM POWELL COMPANY (for Powell valves); YARWAY CORPORATION (sued individually and as successor-in-interest to GIMPEL CORPORATION) (for Yarway valves and steam traps and Gimpel valves).

4.　　Plaintiffs hereby disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, which expressly excludes U.S. Navy vessels. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party Defendant committed at the direction of an officer of the United States Government.

**FIRST CAUSE OF ACTION**

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.　　Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6.　　At all times herein mentioned, each of the named defendants and DOES 1 through 450 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or

8

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  member in an entity researching, studying, manufacturing, fabricating, designing, modifying,

2  labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling,

3  inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting,

4  re-branding, manufacturing for others, packaging and advertising asbestos, asbestos products,

5  and products containing asbestos, including but not limited to, those products identified in

6  paragraph 3 above.  Said entities shall hereinafter collectively be called "alternate entities."

7  Each of the herein named defendants is liable for the tortious conduct of each successor,

8  successor in business, successor in product line or a portion thereof, assign, predecessor in

9  product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or

10 partially owned entity, or entity that it was a member of, or funded, that researched, repaired,

11 marketing, warranted, re-branded, manufactured for others and advertised asbestos, products

12 containing asbestos.  The following defendants, and each of them, are liable for the acts of

13 each and every "alternate entity", and each of them, in that there has been a virtual destruction

14 of Plaintiffs' remedy against each such "alternate entity"; defendants, and each of them, have

15 acquired the assets, product line, or a portion thereof, of each such "alternate entity";

16 defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each

17 such "alternate entity"; each such defendant has the ability to assume the risk-spreading role of

18 each such "alternate entity"; and that each such defendant enjoys the goodwill originally

19 attached to each such "alternate entity".

20 **DEFENDANT**                                      **ALTERNATE ENTITY**

21

22 ALFA LAVAL, INC.                                   SHARPLES, INC.
                                                      ALFA-LAVAL SEPARATION, INC.
23                                                    DE LAVAL SEPARATOR COMPANY

24 ALLIS CHALMERS CORPORATION                         ALLIS-CHALMERS CORPORATION
   PRODUCT LIABILITY TRUST                            THE BUDA COMPANY

25 BUFFALO PUMPS, INC.                                BUFFALO FORGE COMPANY

26 CBS CORPORATION                                    VIACOM INC.
                                                      WESTINGHOUSE ELECTRIC
27                                                    CORPORATION
                                                      BF STURTEVANT
28                                                    VIACOM INTERNATIONAL, INC.

9

| | |
|---|---|
| 1 | VIACOM PLUS |
| 2 | COLTEC INDUSTRIES, INC. | FAIRBANKS MORSE ENGINE |
| 3 | CRANE CO. | CRANE ENVIRONMENTAL |
| | | CRANE PUMPS AND SYSTEMS |
| 4 | | VALVE SERVICES |
| | | CRANE VALVE GROUP |
| 5 | | CRANE SUPPLY |
| | | CHAPMAN VALVE CO. |
| 6 | | DEMING PUMP COMPANY |
| | | JENKINS VALVES |
| 7 | | COCHRANE FEED TANKS |
| | | COCHRANE DIVISION |
| 8 | | CHEMPUMP |
| 9 | CROWN CORK & SEAL USA, INC. | CROWN CORK & SEAL COMPANY |
| | | (USA), INC. |
| 10 | | |
| | ELLIOTT TURBOMACHINERY COMPANY | ELLIOTT COMPANY |
| 11 | | |
| | FLOWSERVE CORPORATION | FLOWSERVE PUMP CORPORATION |
| 12 | | EDWARDS VALVE & MANUFACTURING |
| | | JOHNSTON PUMP COMPANY |
| 13 | | BW/IP INTERNATIONAL, INC. (f/k/a |
| | | BYRON JACKSON PUMP DIVISION) |
| 14 | | BYRON JACKSON PUMP COMPANY |
| | | PACIFIC PUMPS |
| 15 | | NORDSTROM VALVES, INC. |
| | | NORDSTROM AUDCO, LLC |
| 16 | | MERCO-NORDSTROM VALVE |
| | | COMPANY |
| 17 | | KAMMER VALVES INC. |
| | | KAMMER CONTROL VALVES |
| 18 | | KAMMER VENTILE |
| | | DURION CASTINGS COMPANY |
| 19 | | THE DURIRON COMPANY, INC. |
| | | DURCO INTERNATIONAL, INC. |
| 20 | | ALDRICH |
| | | ALDRICH DARLING VALVE |
| 21 | | |
| | FOSTER WHEELER ENERGY | FOSTER WHEELER BOILER |
| 22 | CORPORATION | CORPORATION |
| | | FOSTER WHEELER CONTRACTORS, |
| 23 | | INC. |
| | | FOSTER WHEELER CORPORATION |
| 24 | | FOSTER WHEELER DEVELOPMENT |
| | | CORP. |
| 25 | | FOSTER WHEELER ENERGY |
| | | RESOURCES INC. |
| 26 | | FOSTER WHEELER ENERGY SERVICES, |
| | | INC. |
| 27 | | FOSTER WHEELER ENVIRESPONSE, |
| | | INC. |
| 28 | | FOSTER WHEELER ENVIRONMENTAL |
| | | CORPORATION |

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | |
|---|---|
| | FOSTER WHEELER POWER GROUP, INC. |
| | FOSTER WHEELER POWER SYSTEMS, INC. |
| | FOSTER WHEELER PYROPOWER, INC. |
| | FOSTER WHEELER REALTY SERVICES, INC. |
| | FOSTER WHEELER USA CORPORATION |
| | C.H. WHEELER |
| GENERAL MOTORS CORPORATION | DELCO |
| | AC-DELCO |
| | AC SPARK PLUG COMPANY |
| | GARWOOD INDUSTRIES, INC. |
| | GENERAL MOTORS ACCEPTANCE CORPORATION |
| | GENERAL MOTORS OVERSEAS DISTRIBUTION CORPORATION |
| HOPEMAN BROTHERS MARINE INTERIORS, L.L.C. | HOPEMAN BROTHERS, INC. |
| IMO INDUSTRIES, INC. | DE LAVAL TURBINE INC. |
| | WARREN PUMPS, LLC. |
| | COLFAX CORPORATION |
| | IMO PUMP |
| | IMO AB |
| | COLFAX PUMP GROUP |
| | ALLWEILER |
| | HOUTTUIN |
| INVENSYS SYSTEMS, INC. | EDWARD VALVE & MANUFACTURING |
| LESLIE CONTROLS, INC. | CIRCOR INTERNATIONAL, INC. |
| | KIELEY & MUELLER, INC. |
| METALCLAD INSULATION CORPORATION | METALCLAD CORPORATION |
| | NORTHERN CALIFORNIA INSULATION, INC. |
| | METALCLAD INS. CORP OF NEW MEXICO |
| | METALCLAD INS. CORP OF WASHINGTON |
| | METALCLAD INS. CORP OF CALIFORNIA |
| PARKER-HANNIFIN CORPORATION | SACOMO SIERRA |
| | SACOMO MANUFACTURING CO. |
| | BERTEA CORPORATION |
| | SEITZ INDUSTRIAL PRODUCTS, INC. |
| | AREMAC ASSOCIATES |
| RAPID-AMERICAN CORPORATION | KENTON CORPORATION |
| | PHILIP CAREY MANUFACTURING CORPORATION |

11

COMPLAINT FOR PERSONAL INJURY -- ASBESTOS

| | |
|---|---|
| SPIROL INTERNATIONAL CORPORATION | UNITED STATES GASKET CO. |
| TYCO FLOW CONTROL, INC. | THE LUNKENHEIMER COMPANY<br>CINCINNATI BRASS WORKS<br>LUNKENHEIMER BRASS WORKS COMPANY<br>GIMPEL CORPORATION<br>HANCOCK VALVES<br>CROSBY VALVE & GAGE COMPANY |
| VIAD CORPORATION | THE DIAL CORPORATION<br>GRISCOM-RUSSELL COMPANY |
| WARREN PUMPS LLC | WARREN PUMPS INC.<br>WARREN PUMPS-HOUDAILLE, INC.<br>COLFAX PUMP GROUP<br>ALWEILER AG<br>HOUTTUIN BV<br>IMO PUMP<br>ZENITH PUMPS<br>QUIMBY PUMP CO. |
| WEIR VALVE & CONTROLS USA, INC. | ATWOOD & MORRILL CO.,INC.<br>THE WEIR GROUP PLC<br>WEIR MINERALS<br>WEIR CLEAR LIQUID<br>WEIR VALVES & CONTROLS<br>WEIR SERVICES<br>WEIR TECHNA<br>A & M VALVE<br>HOPHOLD A & M, INC. |
| THE WILLIAM POWELL COMPANY | POWELL VALVES |
| YARWAY CORP. | GIMPEL CORP. |

7.     At all times herein mentioned, defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos, asbestos products and/or products (hereinafter Defendants' Products).

8.     At all times herein mentioned, defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated,

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

2   to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for

3   sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

4   warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products,

5   including but not limited to those products identified in paragraph 3 above, in that the

6   Defendants' Products were unreasonably dangerous because they released respirable asbestos

7   fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others,

8   including Plaintiff DONALD NELSON   herein (hereinafter collectively called "exposed

9   person"). Said products were used at all times in a manner that was reasonably foreseeable to

10   defendants, their "alternate entities," and each of them, thereby rendering said products unsafe

11   and dangerous for use by "exposed person". Plaintiffs herein allege that DONALD NELSON's

12   exposures to Defendants' Products, including but not limited to those products identified in

13   paragraph 3 above (hereinafter referred to as "defendants' products" or "defendants' asbestos

14   and asbestos-containing products"), were a substantial contributing factor in the development of

15   his malignant mesothelioma, and therefore proximately caused Plaintiff DONALD NELSON 's

16   injuries.

17      9.      Defendants, their "alternate entities," and each of them, had a duty to exercise

18   reasonable care while engaging in the activities mentioned above and each defendants breached

19   said duty of reasonable care in that defendants, and each of them, failed to safely and adequately

20   design, manufacture and/or sell defendants' products; failed to test said products; failed to

21   investigate the hazards of said products; failed to warn "exposed person", including Plaintiff

22   DONALD NELSON, of the health hazards of using defendants' products; failed to disclose the

23   known or knowable dangers of using defendants' products; failed to obtain suitable alternative

24   materials to asbestos when such alternatives were available; and as otherwise stated herein.

25      10.      The defendants' products were and are hazardous to the health and safety of

26   Plaintiff, and others in Plaintiff's position working with and in close proximity to such products,

27   and since on or before 1930, the hazards and dangerous propensities of the defendants' products

28   were both known and knowable to the defendants, their "alternate entities", and each of them,

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

through the use of medical and/or scientific data and other knowledge available to defendants, their "alternate entities", and each of them at the time of defendants' manufacture, distribution, sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service, installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous propensities of asbestos presented a substantial danger to users, including Plaintiff, DONALD NELSON, of Defendants' Products through the intended and reasonably foreseeable use of those products.

11.   Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products were dangerous and were likely to be dangerous when used in their intended and reasonably foreseeable manner.

12.   Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff DONALD NELSON herein, would be exposed to said hazardous and dangerous asbestos fibers.  Defendants, their "alternate entities", and each of them, knew or reasonably should have known that users, such as Plaintiff DONALD NELSON and others in his position, working with and in close proximity to Defendants' Products would not realize or know the danger.  Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of the products.  A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm.  The negligent failure of defendants, their "alternate entities," and each of them to warn was a substantial factor in causing harm to Plaintiff DONALD NELSON .

13.   Plaintiff DONALD NELSON   used, handled, or was otherwise exposed to asbestos from Defendants' Products referred to herein in a manner that was reasonably

**14**

1   foreseeable to defendants and each of them.  Plaintiff's exposure to Defendants' Products
2   occurred at various locations set forth in **Exhibit "A"**, which is attached hereto and incorporated
3   by reference herein.

4   14.   As a direct and proximate result of the conduct of the defendants, their "alternate
5   entities", and each of them, as aforesaid, Plaintiff DONALD NELSON's exposure to asbestos
6   from use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature
7   of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were
8   attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached
9   hereto and incorporated by reference herein.  Plaintiffs are informed and believe, and thereon
10  allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation
11  of asbestos fibers without perceptible trauma and that said disease results from exposure to
12  Defendants' Products over a period of time.

13  15.   Plaintiff DONALD NELSON suffers from malignant pleural mesothelioma,
14  caused by exposure to asbestos including those products identified in paragraph 3 above.
15  Plaintiff DONALD NELSON was not aware at the time of exposure that Defendants' Products
16  presented any risk of injury and/or disease.

17  16.   As a direct and proximate result of the aforesaid conduct of defendants, their
18  "alternate entities," and each of them, Plaintiff DONALD NELSON  has suffered and will
19  continue to suffer permanent injuries and future injuries to his person, body and health,
20  including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue,
21  somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and
22  emotional distress attendant thereto, as Plaintiff's malignant mesothelioma progresses, all to his
23  general damage in a sum in excess of the jurisdictional limit of a limited civil case.

24  17.   As a direct and proximate result of the aforesaid conduct of the defendants, their
25  "alternate entities", and each of them, Plaintiff DONALD NELSON has incurred, is presently
26  incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care,
27  medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being
28  presently unknown to Plaintiffs, subject to proof at trial.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

18.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

19.     Plaintiffs further allege that defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff DONALD NELSON, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.   Although defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff DONALD NELSON.

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff DONALD NELSON as to the safety of their products.   Through their participation and association with such industry organizations, defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products.   The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.   Discussions in this committee were held many times regarding the

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and

2   such information was suppressed from public dissemination from 1946 to a date unknown to

3   Plaintiff DONALD NELSON at this time;

4        (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and

5   Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants

6   in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of

7   them, knew and possessed medical and scientific information of the connection between the

8   inhalation of asbestos fibers and asbestosis, which information was disseminated through the

9   Asbestos Textile Institute and other industry organizations to all other defendants, their

10   "alternate entities", and each of them, herein.  Between 1942 and 1950, the defendants, their

11   "alternate entities", and each of them, failed to provide this information to consumers;

12        (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

13   DONALD NELSON  and others of the nature of said materials which were dangerous when

14   breathed and which could cause pathological effects without noticeable trauma, despite the fact

15   that defendants, their "alternate entities", and each of them, possessed knowledge and were

16   under a duty to disclose that said materials were dangerous and a threat to the health of persons

17   coming into contact therewith;

18        (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

19   DONALD NELSON  with information concerning adequate protective masks and other

20   equipment devised to be used when applying, mixing, installing and sanding the products of the

21   defendants, their "alternate entities", and each of them, despite knowing that such protective

22   measures were necessary, and that they were under a duty to disclose that such materials were

23   dangerous and would result in injury to Plaintiff DONALD NELSON  and others applying and

24   installing such material;

25        (f)    Defendants, their "alternate entities", and each of them, knew and failed to

26   disclose that Plaintiff DONALD NELSON  and anyone similarly situated, upon inhalation of

27   asbestos would, in time, have a substantial risk of developing irreversible conditions of

28   pneumoconiosis, asbestosis, mesothelioma and/or cancer;

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

(g)   Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff DONALD NELSON so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

20.   Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

21.   The herein-described conduct of said defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff DONALD NELSON, in that defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said defendants, seek punitive damages according to proof.

22.   Defendants and each of them engaged in conduct which was intended by defendants and each of them to cause injury to the plaintiffs, and despicable conduct which was

18

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  carried on by the defendant with a willful and conscious disregard of the rights or safety of

2  others, including Plaintiff DONALD NELSON .

3      23.    Defendants, and each of them, engaged in the despicable conduct described herein

4  that subjected persons, including Plaintiff DONALD NELSON , to cruel and unjust hardship in

5  the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma,

6  in conscious disregard of those persons' rights.

7      24.    As a direct and proximate result of such intentional conduct by defendants, their

8  "alternate entities" and each of them, Plaintiff DONALD NELSON  sustained the injuries and

9  damages alleged herein.

10     WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities",

11  and each of them, as hereinafter set forth.

12              **SECOND CAUSE OF ACTION**

13                  (Strict Liability)

14     AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
   ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES
15  1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS
16  FOLLOWS:

17     25.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each

18  and every one of the general allegations and the allegations contained in the First Cause of

19  Action herein.

20     26.    Defendants, their "alternate entities", and each of them, sold the aforementioned

21  Defendants' Products and failed to adequately warn or instruct of the known and knowable

22  dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers

23  and risks would not have been, and were not, recognized by ordinary consumers of the products,

24  including Plaintiff, DONALD NELSON , and the lack of sufficient instructions and/or warnings

25  was a substantial factor in causing harm to Plaintiff DONALD NELSON  and others in

26  Plaintiff's position working with and in close proximity to such products.

27     27.    Defendants' Products were defective and unsafe for their intended purpose and

28  foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled,

19

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or
2   otherwise disturbed; said products would result in the release, and therefore inhalation of,
3   hazardous and dangerous asbestos fibers by exposed person, including Plaintiff DONALD
4   NELSON .  The defect existed in all of said products when they left the possession of the
5   defendants, their "alternate entities," and each of them.  At the time Defendants' Products were
6   used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such
7   products, the products were substantially the same as when they left the possession of the
8   defendants, their "alternate entities," and each of them and/or any changes made to the products
9   after they left the possession of defendants, their "alternate entities", and each of them were
10  reasonably foreseeable to defendants, their "alternate entities", and each of them.  Defendants'
11  asbestos and asbestos products were used by Plaintiff DONALD NELSON , and others in
12  Plaintiff's position working with and in close proximity to such products, in a way that was
13  reasonably foreseeable to defendants, and each of them.  The defect in said products was a
14  substantial factor in causing harm and personal injuries to Plaintiff DONALD NELSON ,
15  including malignant mesothelioma, while being used in a reasonably foreseeable manner,
16  thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary
17  and intended use.

18      28.   As a direct and proximate result of the actions and conduct outlined herein,
19  Defendants' Products failed to perform as safely as an ordinary consumer would have expected
20  in that defendants' products, and each of them, during their ordinary and intended use, and such
21  hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe
22  and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans.
23  Plaintiffs further allege that "exposed person", including Plaintiff DONALD NELSON , were
24  unaware of the harmful effects of asbestos and further unaware of the harmful exposures to
25  Defendants' Products when such exposures occurred, and thus the failure of defendants'
26  products to perform as safely as Plaintiff DONALD NELSON  had reason to expect was a
27  substantial factor in causing his injuries.

28      29.   As a direct and proximate result of the actions and conduct outlined herein,

20

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   Plaintiff DONALD NELSON has suffered the injuries and damages alleged herein.

2       30.    Plaintiffs further allege that defendants, their "alternate entities", and each of

3   them, also engaged in the following wrongful acts:

4       (a)    Defendants, their "alternate entities", and each of them, suppressed from all

5   consumers, including Plaintiff DONALD NELSON, medical and scientific information

6   concerning the health hazards associated with inhalation of asbestos, including the substantial

7   risk of injury or death therefrom. Although defendants, and each of them, knew of the

8   substantial risks associated with exposure to asbestos, they willfully and knowingly concealed

9   such information from the users of their asbestos and/or asbestos-containing products in

10  conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff

11  DONALD NELSON.

12      (b)    Defendants, their "alternate entities", and each of them, belonged to, participated

13  in, and financially supported industry organizations, including but not limited to the Gypsum

14  Association, Asbestos Information Association, Industrial Hygiene Foundation and others,

15  which, for and on behalf of defendants, their "alternate entities", and each of them, actively

16  promoted the suppression of information about the dangers of asbestos to users of the

17  aforementioned products and materials, thereby misleading Plaintiff DONALD NELSON as to

18  the safety of their products. Through their participation and association with such industry

19  organizations, defendants and each of them knowingly and deliberately concealed and

20  suppressed the true information regarding asbestos and its dangers, and propagated

21  misinformation intended to instill in users of Defendants' Products a false security about the

22  safety of their products. The Dust Control Committee, which changed its name to the Air

23  Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the

24  subject of dust control. Discussions in this committee were held many times regarding the

25  dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and

26  such information was suppressed from public dissemination from 1946 to a date unknown to

27  Plaintiff DONALD NELSON at this time;

28      (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and

COMPLAINT FOR PERSONAL INJURY -- ASBESTOS

1    Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants
2    in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of
3    them, knew and possessed medical and scientific information of the connection between the
4    inhalation of asbestos fibers and asbestosis, which information was disseminated through the
5    Asbestos Textile Institute and other industry organizations to all other defendants, their
6    "alternate entities", and each of them, herein.  Between 1942 and 1950, the defendants, their
7    "alternate entities", and each of them, failed to provide this information to consumers;

8        (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff
9    DONALD NELSON  and others of the nature of said materials which were dangerous when
10   breathed and which could cause pathological effects without noticeable trauma, despite the fact
11   that defendants, their "alternate entities", and each of them, possessed knowledge and were
12   under a duty to disclose that said materials were dangerous and a threat to the health of persons
13   coming into contact therewith;

14       (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff
15   DONALD NELSON  with information concerning adequate protective masks and other
16   equipment devised to be used when applying, mixing, installing and sanding the products of the
17   defendants, their "alternate entities", and each of them, despite knowing that such protective
18   measures were necessary, and that they were under a duty to disclose that such materials were
19   dangerous and would result in injury to Plaintiff DONALD NELSON  and others applying and
20   installing such material;

21       (f)    Defendants, their "alternate entities", and each of them, knew and failed to
22   disclose that Plaintiff DONALD NELSON  and anyone similarly situated, upon inhalation of
23   asbestos would, in time, have a substantial risk of developing irreversible conditions of
24   pneumoconiosis, asbestosis, mesothelioma and/or cancer;

25       (g)    Defendants, their "alternate entities", and each of them, failed to provide
26   information of the true nature of the hazards of asbestos materials and that exposure to these
27   material would cause pathological effects without noticeable trauma to the public, including
28   buyers, users, and physicians employed by Plaintiff DONALD NELSON  so that said physicians

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos,
2  despite the fact that defendants, their "alternate entities", and each of them, were under a duty to
3  so inform and said failure was misleading; and

4      31.   Defendants, their "alternate entities", and each of them, and their officers,
5  directors, and managing agents participated in, authorized, expressly and impliedly ratified, and
6  had full knowledge of, or should have known of, each of the acts set forth herein. Defendants,
7  their "alternate entities", and each of them, are liable for the oppressive and malicious acts of
8  their "alternate entities", and each of them, and each defendant's officers, directors, and
9  managing agents participated in, authorized, expressly and impliedly ratified, and had full
10  knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth
11  herein.

12      32.   The herein-described conduct of said defendants, their "alternate entities", and
13  each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard
14  and indifference to the safety and health of "exposed person," including Plaintiff DONALD
15  NELSON , in that defendants, and each of them, continued to manufacture, market and/or sell
16  dangerous products known to cause severe, permanent injuries and death, despite possessing
17  knowledge of the substantial hazards posed by use of their products, in order to continue to
18  profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in
19  such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be
20  looked down upon and despised by ordinary people and justifies an award of punitive and
21  exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of example and
22  by way of punishing said defendants, seek punitive damages according to proof.

23      33.   Defendants and each of them engaged in conduct which was intended by
24  defendants and each of them to cause injury to the plaintiffs, and despicable conduct which was
25  carried on by the defendant with a willful and conscious disregard of the rights or safety of
26  others, including Plaintiff DONALD NELSON .

27      34.   Defendants, and each of them, engaged in the despicable conduct described herein
28  that subjected persons, including Plaintiff DONALD NELSON , to cruel and unjust hardship in

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma,

2   in conscious disregard of those persons' rights.

3       35.    As a direct and proximate result of such intentional conduct by defendants, their

4   "alternate entities" and each of them, Plaintiff DONALD NELSON  sustained the injuries and

5   damages alleged herein.

6       WHEREFORE, Plaintiffs pray for judgment against defendants, and their "alternate

7   entities", and each of them, as hereinafter set forth.

8   ### THIRD CAUSE OF ACTION

9   (Loss of Consortium)

10      AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF HILARIA NELSON COMPLAINS

11  OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

12

13      40.    Plaintiff HILARIA NELSON incorporates by reference, each and every allegation

14  contained in the general allegations and in the First and Second Causes of Action herein.

15      41.    Plaintiffs DONALD NELSON  and HILARIA NELSON were married on

16  February 17, 1976, and at all times relevant to this action were, and are now, husband and wife.

17      42.    Prior to Plaintiff DONALD NELSON's injuries as alleged, he was able and did

18  perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, plaintiff

19  DONALD NELSON  has been unable to perform the necessary duties as a spouse and the work

20  and services usually performed in the care, maintenance, and management of the family home,

21  and he will be unable to perform such work, service and duties in the future. As a proximate

22  result thereof, HILARIA NELSON has been permanently deprived and will be deprived of the

23  consortium of her spouse, including the performance of duties, all to her damages, in an amount

24  presently unknown but which will be proved at the time of trial.

25      43.    Plaintiff HILARIA NELSON's discovery of this cause of her loss of consortium,

26  as herein alleged, first occurred within one year of the date this Complaint was filed.

27      44.    As a direct and proximate result of the acts of defendants, their "alternate entities",

28  and each of them, and the severe injuries caused thereby to plaintiff DONALD NELSON  as set

forth in this complaint, plaintiff HILARIA NELSON has suffered, and for a long period of time

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  will continue to suffer, loss of consortium, including, but not limited, loss of services, marital

2  relations, society, comfort, companionship, love and affection of said spouse, and has suffered

3  severe mental and emotional distress and general nervousness as a result thereof.

4       44.      WHEREFORE, plaintiffs pray for judgment against defendants, their "alternate

5  entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

6            Plaintiff DONALD NELSON:

7            1.      For plaintiff's general damages according to proof;

8            2.      For plaintiff's loss of income, wages, and earning potential according to

9  proof;

10           3.      For plaintiff's medical and related expenses according to proof;

11           Plaintiff HILARIA NELSON:

12           4.      For plaintiff's damages for loss of consortium and/or society according to

13  proof;

14           Plaintiffs DONALD NELSON and HILARIA NELSON:

15           5.      For plaintiffs' cost of suit herein;

16           6.      For exemplary or punitive damages according to proof;

17           7.      For such other and further relief as the Court may deem just and proper,

18  including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032,

19  and related provisions of law.

20  DATED: November 17, 2007          **SIMON, EDDINS & GREENSTONE, LLP**

21

22                                      By:

23                                      JENNIFER L. BARTLETT
                                        STUART J. PURDY
24                                      Attorneys for Plaintiffs

25

26

27

28

25

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1
## DEMAND FOR JURY TRIAL
2
Plaintiffs hereby demand trial by jury as to all issues so triable.
3
4 DATED: November 17, 2007         **SIMON, EDDINS & GREENSTONE, LLP**
5
6                                  By:
7                                  JENNIFER L. BARTLETT
8                                  STUART J. PURDY
                                   Attorneys for Plaintiffs
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26
COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "A"

2

Plaintiff DONALD NELSON's exposure to asbestos and asbestos-containing products

3

occurred at various locations within the States of Alaska, Illinois, Michigan, Ohio, and

4

California, including, but not limited to:

5

6

7

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| U.S. Navy | USS Shelton (DD-790) San Diego, California Long Beach, California Chicago, Illinois | fireman/boiler tender | 1959-1963 |
| Hannah Mining Company | Thomas E. Millsop (U.S. 224662) Cleveland, Ohio Great Lakes, Michigan | Watchman; Maintenance | Mid 1960s |
| Automatic Welding | Anchorage, Alaska | Oiler/Maintenance | 1969 |
| Alaska Marine Highway System | M/V Bartlett Valdez, Alaska | Oiler | 1970-1976 |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "B"

2      Plaintiff DONALD NELSON's exposure to Defendants' Products caused severe

3  and permanent injury to Plaintiff DONALD NELSON including, but not limited to,

4  mesothelioma. Plaintiff was diagnosed with mesothelioma on or about September 19, 2007.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS