(JTLx), CLOSED, DISCOVERY, LEADTR, MANADR, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:08-cv-00118-PA-JTL

| | |
|---|---|
| Robert Oberstar v. CBS Corporation et al | Date Filed: 01/08/2008 |
| Assigned to: Judge Percy Anderson | Date Terminated: 08/26/2008 |
| Referred to: Magistrate Judge Jennifer T. Lum | Jury Demand: None |
| Member case: (View Member Case) | Nature of Suit: 368 P.I. : Asbestos |
| Related Cases: 2:07-cv-02241-R-JTL | Jurisdiction: Federal Question |
| 2:08-cv-00143-PA-JTL | |

Case in other court: Superior Court State of CA County Los
                                        Angeles, BC381646

Cause: 28:1441 Notice of Removal - Asbestos Litigation

**Plaintiff**

**Robert Oberstar**                                        represented by   **Brian P Barrow**
                                                    Simon Eddins and Greenstone
                                                    301 Ocean Boulevard, Suite 1950
    Long Beach, CA 90802
    562-590-3400
    Email: bbarrow@seglaw.com
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

    **H.W. Trey Jones**
    Simon Eddins and Greenstone
    301 East Ocean Boulevard Suite 1950
    Long Beach, CA 90802
    562-590-3400
    Fax: 562-590-3412
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

    **Jennifer L Bartlett**
    Simon Eddins and Greenstone
    301 E Ocean Blvd Suite 1950
    Long Beach, CA 90802
    562-590-3400
    Fax: 562-590-3412
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

    **Ronald Cary Eddins**
    Simon Eddins and Greenstone
    301 East Ocean Blvd Suite 1950

Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Linda Oberstar**                    represented by    **Brian P Barrow**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **H.W. Trey Jones**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jennifer L Bartlett**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ronald Cary Eddins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**
*sued as successor-by-merger to CBS*
*Corporation f/k/a Westinghouse Electric*
*Corporation and also*
*Successor*
BF Sturtevant
*formerly known as*
Viacom Inc.

**Defendant**

**CLA-VAL Co.**                       represented by    **Charles H Kanter**
                                                         Palmieri Tyler Wiener Wilhelm &
                                                         Waldron
                                                         East Tower
                                                         2603 Main Street Suite 1300
                                                         Irvine, CA 92614-4281
                                                         949-851-9400
                                                         Email: ckanter@ptwww.com
                                                         *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Erica M Sorosky**
Palmieri Tyler Wiener Wilhelm and
Waldron
2603 Main Street Suite 1300
Irvine, CA 92614
949-851-7271
Fax: 949-757-1225
Email: esorosky@ptwww.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R Lister**
Palmieri Tyler Wiener Wilhelm and
Waldron LLP
2603 Main Street
East Tower - Suite 1300
Irvine, CA 92614-6228
949-851-9400
Email: jlister@ptwww.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia A Gowin**
Hawkins Parnell Thackston & Young LLP
444 S. Flower Street
Suite 1100
Los Angeles, CA 90071
213-486-8022
Fax: 213-486-8080
Email: jgowin@hptylaw.com
*TERMINATED: 09/17/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**         represented by   **James L Nelson**
Sedgwick Detert Moran and Arnold
801 S Figueroa St, 18th Fl
Los Angeles, CA 90017-5556
213-426-6900
Email: james.nelson@sdma.com
*TERMINATED: 02/12/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold
Steuart Tower

One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**                           represented by    **Peter B Langbord**
*sued individually*                                              Foley and Mansfield PLLP
*Successor*                                                      300 South Grand Ave., Suite 2800
Griscom-Russell Company                                          Los Angeles, CA 90071
*formerly known as*                                              213-283-2100
The Dial Corporation                                             Fax: 213-283-2101
                                                                 Email: plangbord@foleymansfield.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-450 Inclusive**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/08/2008 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California for the County of Los Angeles, case number BC381646 with conformed copy of summons and complaint. Case assigned to Judge Percy Anderson, Discovery to Magistrate Judge Jeffrey W. Johnson. (Filing fee $ 350 PAID. ), filed by defendant Viad Corporation.(ghap) Modified on 1/11/2008 (ghap, ). Additional attachment(s) added on 1/30/2008 (lra, ). (Entered: 01/11/2008) |
| 01/08/2008 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by defendant Viad Corporation. (Filed in State Court on 1/7/08 submit attached Exhibit D)(ghap) (Entered: 01/11/2008) |
| 01/08/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation. (ghap) Additional attachment(s) added on 1/30/2008 (lra, ). (Entered: 01/11/2008) |
| 01/08/2008 | 3 | NOTICE OF TAG-ALONG filed by defendant Viad Corporation. (ghap) Additional attachment(s) added on 1/30/2008 (lra, ). (Entered: 01/11/2008) |
| 01/08/2008 | 4 | CERTIFICATE OF SERVICE filed by defendant Viad Corporation, re Notice of Removal, 1 , Notice (Other) 3 , Certificate of Interested Parties 2 served on 1/8/08. (ghap) Additional attachment(s) added on 1/30/2008 (lra, ). (Entered: 01/11/2008) |
| 01/08/2008 | 5 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(ghap) (Entered: 01/11/2008) |
| 01/08/2008 | | FAX number for Attorney Peter B Langbord is 626-744-1702. (ghap) (Entered: 01/11/2008) |

| 01/08/2008 | | FAX number for Attorneys Jennifer L Bartlett, Ronald Cary Eddins, H.W. Trey Jones is 562-590-3412. (ghap) (Entered: 01/11/2008) |
|---|---|---|
| 01/14/2008 | 9 | STANDING ORDER by Judge Percy Anderson, (kr) (Entered: 01/18/2008) |
| 01/14/2008 | 10 | SCHEDULING MEETING OF COUNSEL by Judge Percy Anderson: Scheduling Conference set for 2/25/2008 10:30 AM before Judge Percy Anderson. Counsel shall meet at least 21 days in advance of the Scheduling Conference to prepare a jointly signed report for the court to be submitted no less than 14 days before the Scheduling Conference. See document for details. (gk) (Entered: 01/22/2008) |
| 01/17/2008 | 6 | OF SERVICE Viad Corporation, *Certificate of Service re: Notice to Adverse Party* served on January 08, 2008. (Langbord, Peter) (Entered: 01/17/2008) |
| 01/17/2008 | 7 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by plaintiffs Linda Oberstar, Robert Oberstar.Motion set for hearing on 2/11/2008 at 01:30 PM before Judge Percy Anderson. (Attachments: # 1 Proposed Order)(Barrow, Brian) (Entered: 01/17/2008) |
| 01/17/2008 | 8 | Certificate of Interested Parties filed by Plaintiffs Linda Oberstar, Robert Oberstar (Barrow, Brian) (Entered: 01/17/2008) |
| 01/24/2008 | 18 | MINUTES OF IN CHAMBERS - COURT ORDER by Judge Percy Anderson: Cases CV 08-00118 PA (JWJx) and CV 08-00143 PA (JWJx) refer to the same case originally filed by plaintiffs in Los Angeles Superior Court. The Court therefore consolidates the two actions into CV 08-00118 PA (JWJx). The Court dismisses CV 08-00143 PA (JWJx). All future filings should reference only CV 08-118 PA (JWJx). Plaintiffs and defendants have indicated that this matter, involving claims arising out of exposure to asbestos, is a potential "tag-along action" to Multidistrict Litigation Number 875 currently pending in the Eastern District of Pennsylvania. Based on the apparent relationship between this action and the earlier case transferred to MDL 875, the parties are ordered to show cause why they should not file a Notice of Related Case as required by Local Rule 83-1.3, indicating that this action is related to CV 07-2241 R (JTLx) or any other similar action. The parties' responses to the order to show cause shall be filed no later than 2/1/2008. The filing of a Notice of Related Case shall be deemed a response to the order to show cause. Court Reporter: Not Reported. (gk) (Entered: 01/28/2008) |
| 01/25/2008 | 11 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 7 filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 01/25/2008) |
| 01/25/2008 | 12 | DECLARATION of Peter B. Langbord in opposition to MOTION to Remand Case to Los Angeles Superior Court 7 filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 01/25/2008) |
| 01/25/2008 | 13 | DECLARATION of Charles R. Cushing in opposition to MOTION to Remand Case to Los Angeles Superior Court 7 filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 01/25/2008) |
| 01/25/2008 | 14 | DECLARATION of Admiral Ben J. Lehman in opposition to MOTION to Remand Case to Los Angeles Superior Court 7 filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B (part 1)# 3 Exhibit B (part 2)# 4 Exhibit B (part 3)# 5 Exhibit B (part 4)# 6 Exhibit B (part 5)# 7 Exhibit B (part 6)# 8 Exhibit C# |

| | | |
|---|---|---|
| | | 9 Exhibit D (part 1)# 10 Exhibit D (part 2)# 11 Exhibit D (part 3)# 12 Exhibit D (part 4))(Langbord, Peter) (Entered: 01/25/2008) |
| 01/25/2008 | 15 | Notice of related cases filed by Defendant Viad Corporation re: Notice of Removal, 1 (Langbord, Peter) (Entered: 01/25/2008) |
| 01/25/2008 | 16 | NOTICE OF LODGING filed *[proposed} order denying plaintiffs' motion to remand to state court* (Langbord, Peter) (Entered: 01/25/2008) |
| 01/28/2008 | 17 | MEMORANDUM in Opposition *to Defendant General Electric's Motion to Stay Pretrial Proceedings Pending Transfer* filed by Plaintiffs Linda Oberstar, Robert Oberstar. (Barrow, Brian) (Entered: 01/28/2008) |
| 01/28/2008 | 19 | OPPOSITION *OF GENERAL ELECTRIC COMPANY TO PLAINTFFS' MOTION TO REMAND* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/28/2008) |
| 01/28/2008 | 20 | DECLARATION of KATHERINE P. GARDINER IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 7 *FILED BY PLAINTIFFS* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/28/2008) |
| 01/28/2008 | 21 | DECLARATION of LAWRENCE BETTS IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 7 *FILED BY PLAINTIFFS* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/28/2008) |
| 01/28/2008 | 22 | DECLARATION of DAVID HOBSON IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 7 *FILED BY PLAINTIFFS* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/28/2008) |
| 01/28/2008 | 23 | DECLARATION of ADMIRAL BEN J. LEHMAN IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 7 *FILED BY PLAINTIFFS* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/28/2008) |
| 01/28/2008 | 24 | MANUAL FILING NOTIFICATION OF EXHIBITS A-EE TO THE DECLARATION OF LAWRENCE BETTS IN SUPPORT OF GENERAL ELECTRIC COMPANY'S OPPOSITION re MOTION to Remand Case to Los Angeles Superior Court 7 *FILED BY PLAINTIFFS* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/28/2008) |
| 01/29/2008 | 25 | SUPPLEMENT *NOTICE OF RELATED CASES* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/29/2008) |
| 01/29/2008 | 26 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found: Incorrect event selected RE Miscellaneous Document 8 (mmu) (Entered: 01/29/2008) |
| 01/29/2008 | 27 | DECLARATION of KATHERINE P. GARDINER IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 7 *FILED BY PLAINTIFFS* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/29/2008) |
| 01/30/2008 | 28 | Certificate of Interested Parties filed by Defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 01/30/2008) |
| 01/30/2008 | | FAX number for Attorney Julia A Gowin, Charles H Kanter, John R Lister is 949-757-1225. (gk) (Entered: 02/07/2008) |

| | | |
|---|---|---|
| 01/31/2008 | 29 | DECLARATION of Katherine P. Gardiner IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 7 *FILED BY PLAINTIFFS* filed by Defendant General Electric Company. (Nelson, James) (Entered: 01/31/2008) |
| 02/01/2008 | 30 | RESPONSE filed by Plaintiffs Linda Oberstar, Robert Oberstar *to Order to Show Cause re Notice of Related Case* (Barrow, Brian) (Entered: 02/01/2008) |
| 02/04/2008 | 31 | REPLY IN SUPPORT *OF GENERAL ELECTRIC COMPANY'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION* filed by Defendant General Electric Company. (Nelson, James) (Entered: 02/04/2008) |
| 02/04/2008 | 32 | RESPONSE IN SUPPORT *OF REPLY IN SUPPORT OF MOTION TO STAY* filed by Defendant General Electric Company. (Nelson, James) (Entered: 02/04/2008) |
| 02/04/2008 | 33 | SUPPLEMENT *REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF GENERAL ELECTRIC COMPANY'S SUPPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION* filed by Defendant General Electric Company. (Nelson, James) (Entered: 02/04/2008) |
| 02/04/2008 | 34 | REPLY *in support of motions for remand to State Court* filed by Plaintiffs Linda Oberstar, Robert Oberstar. (Barrow, Brian) (Entered: 02/04/2008) |
| 02/04/2008 | 35 | RESPONSE filed by Plaintiffs Linda Oberstar, Robert Oberstar *to General Electric Company's Request for Judicial Notice* (Barrow, Brian) (Entered: 02/04/2008) |
| 02/06/2008 | 36 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found: Incorrect event selected. Correct event is Motion Related Document. The text of the docket entry reads, "Declaration of Katherine P. Gardiner in Opposition to Motion to Remand Case to Los Angeles Superior Court 7 ...": RE Notice of Lodging [Proposed] Order Denying Plaintiffs' Motion to Remand filed 1/28/2008 20 . (gk) (Entered: 02/06/2008) |
| 02/06/2008 | 37 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found: Incorrect event selected. Correct event is Motion Related Document. The text of the docket entry reads, "Declaration of Katherine P. Gardiner in Opposition to Motion to Remand Case to Los Angeles Superior Court 7 ...": RE Notice of Lodging [Proposed] Order Denying Plaintiffs' Motion to Remand filed 1/29/2008 27 . (gk) (Entered: 02/06/2008) |
| 02/06/2008 | 38 | DECLARATION of Lawrence Stilwell Betts, MD, PhD in Support of General Electric Company's Opposition to Plaintiffs' Motion to Remand 7 filed by Defendant General Electric Company. [Manually filed voluminous document] (gk) (Entered: 02/08/2008) |
| 02/08/2008 | 39 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found: Incorrect event selected. Correct event is Notices - Related Cases. Copy of document forwarded to the Case Assignment Administrator: RE Notice of Related Cases filed 1/25/2008 15 . (gk) (Entered: 02/09/2008) |
| 02/08/2008 | 40 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found: Incorrect event selected. Correct event is Notices - Related Cases. Copy of document forwarded to the Case Assignment Administrator: RE Notice of Related Cases filed 1/29/2008 25 . (gk) (Entered: 02/10/2008) |

| | | |
|---|---|---|
| 02/11/2008 | 41 | NOTICE of Related Case(s) filed by defendant General Electric Company. Related Case(s): CV 07-8338 VBF (RCx) (Gardiner, Katherine) (Entered: 02/11/2008) |
| 02/11/2008 | 42 | REQUEST FOR JUDICIAL NOTICE filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 02/11/2008) |
| 02/11/2008 | 43 | RESPONSE filed by Plaintiffs Linda Oberstar, Robert Oberstar *to General Electric Company's Second Request for Judicial Notice* (Barrow, Brian) (Entered: 02/11/2008) |
| 02/11/2008 | 44 | JOINT REPORT of RULE 26(f) and Request for Continuance of Scheduling Conference filed by Plaintiffs Linda Oberstar, Robert Oberstar. (Barrow, Brian) (Entered: 02/11/2008) |
| 02/11/2008 | 45 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 -Related Case-filed. Related Case No: CV 07-2241 R (JTLx). Case transferred from Judge Percy Anderson and Jeffrey W. Johnson to Judge Manuel L. Real and Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-0118 R (JTLx).Signed by Judge Manuel L. Real (rn) (Entered: 02/11/2008) |
| 02/11/2008 | 48 | MINUTES OF IN CHAMBERS ORDER held before Judge Percy Anderson : re: MOTION to Remand Case to Los Angeles Superior Court 7 .The hearing calendared for February 11, 2008, is vacated, and the matters taken off calendar. (sbu) (Entered: 02/20/2008) |
| 02/12/2008 | 46 | NOTICE of Change of Attorney Information for attorney Katherine Paige Gardiner counsel for Defendant General Electric Company. James L. Nelson will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.James L. Nelson is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by defendant General Electric Company (Gardiner, Katherine) (Entered: 02/12/2008) |
| 02/13/2008 | 47 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found Incorrect event selected. The correct event to use is Joint Rule 26(f) Discovery Plan under PRETRIAL AND TRIAL DOCUMENTS. The Joint Rpt & Request are 2 different documents to be E-filed separately, action was or will be taken by Filer Filer: RE Report 44 (pj) (Entered: 02/13/2008) |
| 02/20/2008 | 49 | Scheduling Conference currently set for February 25, 2008, is continued to April 7, 2008, at 10:30 am. See document for details (mmo) (Entered: 02/22/2008) |
| 02/29/2008 | 50 | ORDER TRANSFERRING CIVIL ACTION pursuant to Section 3.1 of General Order 07-02. ORDER case transferred from Judge Manuel L. Real to the calendar of Judge Percy Anderson for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-118 PA (JTLx). Signed by Judge Manuel L. Real. (rn) (Entered: 02/29/2008) |
| 03/10/2008 | 51 | NOTICE Notice of Refiling State Court Answer to Complaint filed by defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 03/10/2008) |
| 03/11/2008 | 52 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found Case number is incorrect or missing; Case was transferred to Judge Percy Anderson on 02/29/08. Case number should read CV 08-00118PA(JTLx): RE Notice (Other) 51 (csl) (Entered: 03/11/2008) |

| 03/17/2008 | 53 | STIPULATION to Dismiss defendant General Electric Company filed by defendant General Electric Company.(Gardiner, Katherine) (Entered: 03/17/2008) |
| 04/02/2008 | 54 | MINUTES OF IN CHAMBERS ORDER held before Judge Percy Anderson vacating hearing: (rmo) (Entered: 04/02/2008) |
| 06/10/2008 | 55 | SCHEDULING MEETING OF COUNSEL AND SCHEDULING CONFERENCE ORDER by Judge Percy Anderson: This action has been assigned to the calendar of United States District Judge Percy Anderson. The responsibility for the progress of litigation in the federal courts falls not only upon the attorneys in the action, but upon the court as well. Scheduling Conference is set for 7/21/2008 10:30 AM. (pso) (Entered: 06/17/2008) |
| 08/26/2008 | 56 | TRANSFER ORDER from the Judicial Panel on Multidistrict Litigation, MDL 875, that the action is transferred to USDC, Eastern District of Pennsylvania and, with the consent of that court, assigned to Judge James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Electronic file, transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (Attachments: # 1 CV-117 MDL Transfer Out Letter) (gk) (Entered: 09/03/2008) |
| 09/10/2008 | 57 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co.. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Co. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/10/2008) |
| 09/17/2008 | 58 | NOTICE of Change of Attorney Information for attorney Erica M Sorosky counsel for Defendant CLA-VAL Co.. Julia A. Gowin will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Julia A. Gowin is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Sorosky, Erica) (Entered: 09/17/2008) |

| **PACER Service Center** | | |
| **Transaction Receipt** | | |
| 12/09/2010 11:47:31 | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-00118-PA-JTL End date: 12/9/2010 |
| **Billable Pages:** | 8 | **Cost:** | 0.64 |

RON C. EDDINS, CA Bar No. 243581
JENNIFER L. BARTLETT, CA Bar No. 183154
H.W. TREY JONES, CA Bar No. 237607
**SIMON, EDDINS & GREENSTONE, LLP**
301 E. Ocean Blvd., Ste. 1950
Long Beach, California 90802
Telephone (562) 590-3400
Facsimile (562) 590-3412

Attorneys for Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 03 2007

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| **ROBERT OBERSTAR and LINDA OBERSTAR,**<br><br>                    Plaintiffs,<br><br>          vs.<br><br>**CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT); **CLA-VAL CO.; GENERAL ELECTRIC COMPANY; VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); and **DOES 1-450** INCLUSIVE,<br><br>                    Defendants. | Case No.    B C 3 8 1 6 4 6<br><br>THIS ACTION CONSTITUTES COMPLEX ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO. C 700000 – DEPT. 59<br><br>**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (NEGLIGENCE; STRICT LIABILITY; LOSS OF CONSORTIUM)** |

## GENERAL ALLEGATIONS

COME NOW Plaintiffs **ROBERT OBERSTAR** and **LINDA OBERSTAR** (hereinafter "Plaintiffs") and complain and allege as follows:

      1.    The true names and capacities, whether individual, corporate, associate,

1

1    governmental or otherwise, of defendants DOES 1 through 450, inclusive, are unknown to

2    Plaintiffs at this time, who therefore sues said defendants by such fictitious names.  When the

3    true names and capacities of said defendants have been ascertained, Plaintiffs will amend this

4    complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each

5    defendant designated herein as a DOE is responsible, negligently or in some other actionable

6    manner, for the events and happenings hereinafter referred to, and caused injuries and damages

7    proximately thereby to the Plaintiffs, as hereinafter alleged.

8         2. ·    At all times herein mentioned, each of the defendants was the agent, servant,

9    employee and/or joint venture of his co-defendants, and each of them, and at all said times

10   each defendant was acting in the full course and scope of said agency, service, employment

11   and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times

12   herein mentioned, defendants CBS CORPORATION f/k/a VIACOM, INC. (sued as successor-

13   by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION

14   and also as successor-in-interest to BF STURTEVANT); CLA-VAL CO.; GENERAL

15   ELECTRIC COMPANY; and VIAD CORPORATION f/k/a THE DIAL CORPORATION

16   (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); and

17   DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated

18   associations organized and existing under and by virtue of the laws of the State of California,

19   or the laws of some other state or foreign jurisdiction, and that said defendants, and each of

20   them, were and are authorized to do and are doing business in the State of California, or the

21   laws of some other state or foreign jurisdiction, and that said defendants, and each of them,

22   were and are authorized to do and are doing business in the State of California, and that said

23   defendants have regularly conducted business in the County of Los Angeles, State of

24   California.

25        3. ·    Plaintiffs allege herein. that Plaintiff ROBERT OBERSTAR developed

26   malignant mesothelioma as a result of exposure to asbestos from defendants' asbestos,

27   asbestos-containing products and/or products designed to be used in association with asbestos

28   products ("Defendants' Products"), including: CBS CORPORATION f/k/a VIACOM, INC.

                                        2

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

(sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT) (for Westinghouse turbines and BF Sturtevant pump turbines); CLA-VAL CO. (for Cla-Val valves); GENERAL ELECTRIC COMPANY (for GE turbines and generators); and VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell distilling plants and oil heaters).

4.    Plaintiffs hereby disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, which expressly excludes U.S. Navy vessels.  Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party Defendant committed at the direction of an officer of the United States Government.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.    Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6.    At all times herein mentioned, each of the named defendants and DOES 1 through 450 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos, asbestos products and/or products designed to cut, saw or otherwise manipulate, and products containing asbestos, including but not limited to, those products identified in paragraph 3 above.  Said

3

1  entities shall hereinafter collectively be called "alternate entities." Each of the herein named
2  defendants is liable for the tortious conduct of each successor, successor in business, successor
3  in product line or a portion thereof, assign, predecessor in product line or a portion thereof,
4  parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it
5  was a member of, or funded, that researched, repaired, marketing, warranted, re-branded,
6  manufactured for others and advertised asbestos, asbestos products and/or products designed to
7  cut, saw or otherwise manipulate products containing asbestos.  The following defendants, and
8  each of them, are liable for the acts of each and every "alternate entity", and each of them, in
9  that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate
10 entity"; defendants, and each of them, have acquired the assets, product line, or a portion
11 thereof, of each such "alternate entity"; defendants, and each of them, have caused the
12 destruction of Plaintiffs' remedy against each such "alternate entity"; each such defendant has
13 the ability to assume the risk-spreading role of each such "alternate entity"; and that each such
14 defendant enjoys the goodwill originally attached to each such "alternate entity".

| **DEFENDANT** | **ALTERNATE ENTITY** |
| --- | --- |
| CBS CORPORATION | VIACOM INC. WESTINGHOUSE ELECTRIC CORPORATION BF STURTEVANT VIACOM INTERNATIONAL, INC. VIACOM PLUS |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC. GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY GENERAL ELECTRIC TRADING COMPANY |
| VIAD CORPORATION | THE DIAL CORPORATION GRISCOM-RUSSELL COMPANY |

26      7.     At all times herein mentioned, defendants, their "alternate entities", and each of
27 them, were and are engaged in the business of researching, manufacturing, fabricating,
28 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

4

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
2   renting, marketing, warranting, re-branding, manufacturing for others, packaging, and
3   advertising asbestos, asbestos products and/or products designed to cut, saw or otherwise
4   manipulate products containing asbestos (hereinafter Defendants' Products).

5       8.    At all times herein mentioned, defendants, their "alternate entities", and each of
6   them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated,
7   specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
8   to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for
9   sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,
10  warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products,
11  including but not limited to those products identified in paragraph 3 above, in that the
12  Defendants' Products were unreasonably dangerous because they released respirable asbestos
13  fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others,
14  including Plaintiff ROBERT OBERSTAR herein (hereinafter collectively called "exposed
15  person").  Said products were used at all times in a manner that was reasonably foreseeable to
16  defendants, their "alternate entities," and each of them, thereby rendering said products unsafe
17  and dangerous for use by "exposed person".  Plaintiffs herein allege that ROBERT OBERSTAR
18  was exposed to asbestos that was caused to be released as a result of exposures to Defendants'
19  Products, including but not limited to those products identified in paragraph 3 above (hereinafter
20  referred to as "defendants' products" or "defendants' asbestos and asbestos-containing
21  products"), were a substantial contributing factor in the development of his malignant
22  mesothelioma, and therefore proximately caused Plaintiff ROBERT OBERSTAR's injuries.

23      9.    Defendants, their "alternate entities," and each of them, had a duty to exercise
24  reasonable care while engaging in the activities mentioned above and each defendants breached
25  said duty of reasonable care in that defendants, and each of them, failed to safely and adequately
26  design, manufacture and/or sell defendants' products; failed to test said products; failed to
27  investigate the hazards of said products; failed to warn "exposed person", including Plaintiff
28  ROBERT OBERSTAR, of the health hazards of using defendants' products; failed to disclose

5

1   the known or knowable dangers of using defendants' products; failed to warn of the harmful
2   exposures caused by use of said products to cut, saw or otherwise manipulate asbestos
3   containing products; failed to obtain suitable alternative materials to asbestos when such
4   alternatives were available; and as otherwise stated herein.

5       10.    The defendants' products were and are hazardous to the health and safety of
6   Plaintiff, and others in Plaintiff's position working with and in close proximity to such products,
7   and since on or before 1930, the hazards and dangerous propensities of the defendants' products
8   were both known and knowable to the defendants, their "alternate entities", and each of them,
9   through the use of medical and/or scientific data and other knowledge available to defendants,
10  their "alternate entities", and each of them at the time of defendants' manufacture, distribution,
11  sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying,
12  offering for sale, supply, inspection, service, installation, contracting for installation, repair,
13  marketing, warranting, re-branding, re-manufacturing for others, packaging and advertising, of
14  those products, which clearly indicated the hazards and dangerous propensities of asbestos
15  presented a substantial danger to users, including Plaintiff, ROBERT OBERSTAR, of
16  Defendants' Products through the intended and reasonably foreseeable use of those products.

17      11.    Defendants, their "alternate entities", and each of them, knew, or reasonably
18  should have known, that Defendants' Products were dangerous and were likely to be dangerous
19  when used in their intended and reasonably foreseeable manner.

20      12.    Defendants, their "alternate entities", and each of them, knew, or reasonably
21  should have known, that Defendants' Products would be installed, repaired, maintained,
22  overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, removed with
23  compressed air, arched, swept, broken, "ripped out," and/or used to cut, saw or otherwise
24  manipulate products containing asbestos, or otherwise disturbed in their ordinary, intended and
25  foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and
26  that through such activity, "exposed person," including Plaintiff ROBERT OBERSTAR herein,
27  would be exposed to said hazardous and dangerous asbestos fibers. Defendants, their "alternate
28  entities", and each of them, knew or reasonably should have known that users, such as Plaintiff

6

1   ROBERT OBERSTAR and others in his position, working with and in close proximity to
2   Defendants' Products would not realize or know the danger. Defendants, their "alternate
3   entities," and each of them negligently failed to adequately warn or instruct of the dangers of the
4   products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier,
5   under the same or similar circumstances, would have warned of the dangers to avoid exposing
6   others to a foreseeable risk of harm. The negligent failure of defendants, their "alternate
7   entities," and each of them to warn was a substantial factor in causing harm to Plaintiff
8   ROBERT OBERSTAR.

9       13.   Plaintiff ROBERT OBERSTAR used, handled, or was otherwise exposed to
10   asbestos from Defendants' Products referred to herein in a manner that was reasonably
11   foreseeable to defendants and each of them. Plaintiff's exposure to Defendants' Products
12   occurred at various locations set forth in **Exhibit "A"**, which is attached hereto and incorporated
13   by reference herein.

14       14.   As a direct and proximate result of the conduct of the defendants, their "alternate
15   entities", and each of them, as aforesaid, Plaintiff ROBERT OBERSTAR's exposure to asbestos
16   from use of Defendants' Products caused severee and permanent injury to the Plaintiff, the
17   nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries
18   were attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is
19   attached hereto and incorporated by reference herein. Plaintiffs are informed and believe, and
20   thereon allege, that progressive lung disease, cancer and other serious diseases are caused by
21   inhalation of asbestos fibers without perceptible trauma and that said disease results from
22   exposure to Defendants' Products over a period of time.

23       15.   Plaintiff ROBERT OBERSTAR suffers from malignant pleural mesothelioma,
24   caused by exposure to asbestos from Defendants' Products and/or from the use of Defendants'
25   Products to cut, saw or otherwise manipulate products containing asbestos including those
26   products identified in paragraph 3 above. Plaintiff ROBERT OBERSTAR was not aware at the
27   time of exposure that Defendants' Products presented any risk of injury and/or disease.

28       16.   As a direct and proximate result of the aforesaid conduct of defendants, their

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    "alternate entities," and each of them, Plaintiff ROBERT OBERSTAR has suffered and will

2    continue to suffer permanent injuries and future injuries to his person, body and health,

3    including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue,

4    somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and

5    emotional distress attendant thereto, as Plaintiff's malignant mesothelioma progresses, all to his

6    general damage in a sum in excess of the jurisdictional limit of a limited civil case.

7        17.    As a direct and proximate result of the aforesaid conduct of the defendants, their

8    "alternate entities", and each of them, Plaintiff ROBERT OBERSTAR has incurred, is presently

9    incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care,

10   medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being

11   presently unknown to Plaintiffs, subject to proof at trial.

12       18.    As a further direct and proximate result of the said conduct of the defendants, their

13   "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income,

14   wages, profits and commissions, a diminishment of earning potential, and other pecuniary

15   losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof

16   at trial.

17       19.    Plaintiffs further allege that defendants, their "alternate entities", and each of

18   them, also engaged in the following wrongful acts:

19       (a)    Defendants, their "alternate entities", and each of them, suppressed from all

20   consumers, including Plaintiff ROBERT OBERSTAR, medical and scientific information

21   concerning the health hazards associated with inhalation of asbestos, including the substantial

22   risk of injury or death therefrom.  Although defendants, and each of them, knew of the

23   substantial risks associated with exposure to asbestos, they willfully and knowingly concealed

24   such information from the users of their asbestos and/or asbestos-containing products in

25   conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff

26   ROBERT OBERSTAR.

27       (b)    Defendants, their "alternate entities", and each of them, belonged to, participated

28   in, and financially supported industry organizations, including but not limited to the Gypsum

8

Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff ROBERT OBERSTAR as to the safety of their products. Through their participation and association with such industry organizations, defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff ROBERT OBERSTAR at this time;

(c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff ROBERT OBERSTAR and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

9

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff ROBERT OBERSTAR with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff ROBERT OBERSTAR and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff ROBERT OBERSTAR and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff ROBERT OBERSTAR so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

20.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

21.     The herein-described conduct of said defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard

**10**

1   and indifference to the safety and health of "exposed person," including Plaintiff ROBERT

2   OBERSTAR, in that defendants, and each of them, continued to manufacture, market and/or sell

3   dangerous products known to cause asbestos to be released, and to cause severee, permanent

4   injuries and death, despite possessing knowledge of the substantial hazards posed by use of their

5   products, in order to continue to profit financially therefrom.  Defendants, their "alternate

6   entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

7   miserable, wretched and loathsome as to be looked down upon and despised by ordinary people

8   and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.

9   Plaintiffs, for the sake of example and by way of punishing said defendants, seek punitive

10   damages according to proof.

11       22.   Defendants and each of them engaged in conduct which was intended by

12   defendants and each of them to cause injury to the plaintiffs, and despicable conduct which was

13   carried on by the defendant with a willful and conscious disregard of the rights or safety of

14   others, including Plaintiff ROBERT OBERSTAR.

15       23.   Defendants, and each of them, engaged in the despicable conduct described herein

16   that subjected persons, including Plaintiff ROBERT OBERSTAR, to cruel and unjust hardship

17   in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and

18   mesothelioma, in conscious disregard of those persons' rights.

19       24.   As a direct and proximate result of such intentional conduct by defendants, their

20   "alternate entities" and each of them, Plaintiff ROBERT OBERSTAR sustained the injuries and

21   damages alleged herein.

22       WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities",

23   and each of them, as hereinafter set forth.

24   ## SECOND CAUSE OF ACTION

25   (Strict Liability)

26       AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES
27   1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS
FOLLOWS:
28

11

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

25.   Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

26.   Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, ROBERT OBERSTAR, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff ROBERT OBERSTAR and others in Plaintiff's position working with and in close proximity to such products.

27.   Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, removed with compressed air, arched, swept, broken, "ripped out," cut, sawed, installed, and/or used as intended, or used to cut, saw or manipulate products containing asbestos or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff ROBERT OBERSTAR.  The defect existed in all of said products when they left the possession of the defendants, their "alternate entities," and each of them.  At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the possession of the defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of defendants, their "alternate entities", and each of them were reasonably foreseeable to defendants, their "alternate entities", and each of them.  Defendants' asbestos and asbestos products were used by Plaintiff ROBERT OBERSTAR, and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to defendants, and each of them.  The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff ROBERT OBERSTAR, including malignant mesothelioma, while being used in a reasonably

12

1  foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably

2  dangerous for their ordinary and intended use.

3      28.   As a direct and proximate result of the actions and conduct outlined herein,

4  Defendants' Products failed to perform as safely as an ordinary consumer would have expected

5  in that defendants' products, and each of them, caused respirable asbestos fibers to be released

6  from asbestos products during their ordinary and intended use, and such hazardous exposures

7  lacked any perceptible qualities to the human body, yet they cause severee and fatal diseases,

8  including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further

9  allege that "exposed person", including Plaintiff ROBERT OBERSTAR, were unaware of the

10  harmful effects of asbestos and further unaware of the harmful exposures to Defendants'

11  Products when such exposures occurred, and thus the failure of defendants' products to perform

12  as safely as Plaintiff ROBERT OBERSTAR had reason to expect was a substantial factor in

13  causing his injuries.

14      29.   As a direct and proximate result of the actions and conduct outlined herein,

15  Plaintiff ROBERT OBERSTAR has suffered the injuries and damages alleged herein.

16      30.   Plaintiffs further allege that defendants, their "alternate entities", and each of

17  them, also engaged in the following wrongful acts:

18    (a)   Defendants, their "alternate entities", and each of them, suppressed from all

19  consumers, including Plaintiff ROBERT OBERSTAR, medical and scientific information

20  concerning the health hazards associated with inhalation of asbestos, including the substantial

21  risk of injury or death therefrom. Although defendants, and each of them, knew of the

22  substantial risks associated with exposure to asbestos, they willfully and knowingly concealed

23  such information from the users of their asbestos and/or asbestos-containing products in

24  conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff

25  ROBERT OBERSTAR.

26    (b)   Defendants, their "alternate entities", and each of them, belonged to, participated

27  in, and financially supported industry organizations, including but not limited to the Gypsum

28  Association, Asbestos Information Association, Industrial Hygiene Foundation and others,

13

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    which, for and on behalf of defendants, their "alternate entities", and each of them, actively

2    promoted the suppression of information about the dangers of asbestos to users of the

3    aforementioned products and materials, thereby misleading Plaintiff ROBERT OBERSTAR as

4    to the safety of their products.  Through their participation and association with such industry

5    organizations, defendants and each of them knowingly and deliberately concealed and

6    suppressed the true information regarding asbestos and its dangers, and propagated

7    misinformation intended to instill in users of Defendants' Products a false security about the

8    safety of their products.  The Dust Control Committee, which changed its name to the Air

9    Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the

10   subject of dust control.  Discussions in this committee were held many times regarding the

11   dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and

12   such information was suppressed from public dissemination from 1946 to a date unknown to

13   Plaintiff ROBERT OBERSTAR at this time;

14       (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and

15   Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants

16   in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of

17   them, knew and possessed medical and scientific information of the connection between the

18   inhalation of asbestos fibers and asbestosis, which information was disseminated through the

19   Asbestos Textile Institute and other industry organizations to all other defendants, their

20   "alternate entities", and each of them, herein.  Between 1942 and 1950, the defendants, their

21   "alternate entities", and each of them, failed to provide this information to consumers;

22       (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

23   ROBERT OBERSTAR and others of the nature of said materials which were dangerous when

24   breathed and which could cause pathological effects without noticeable trauma, despite the fact

25   that defendants, their "alternate entities", and each of them, possessed knowledge and were

26   under a duty to disclose that said materials were dangerous and a threat to the health of persons

27   coming into contact therewith;

28       (e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

**14**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

ROBERT OBERSTAR with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff ROBERT OBERSTAR and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff ROBERT OBERSTAR and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff ROBERT OBERSTAR so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

31.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

32.     The herein-described conduct of said defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff ROBERT

15

1  OBERSTAR, in that defendants, and each of them, continued to manufacture, market and/or sell

2  dangerous products known to cause severee, permanent injuries and death, despite possessing

3  knowledge of the substantial hazards posed by use of their products, in order to continue to

4  profit financially therefrom.  Defendants, their "alternate entities", and each of them, engaged in

5  such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be

6  looked down upon and despised by ordinary people and justifies an award of punitive and

7  exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of example and

8  by way of punishing said defendants, seek punitive damages according to proof.

9     33.    Defendants and each of them engaged in conduct which was intended by

10  defendants and each of them to cause injury to the plaintiffs, and despicable conduct which was

11  carried on by the defendant with a willful and conscious disregard of the rights or safety of

12  others, including Plaintiff ROBERT OBERSTAR.

13     34.    Defendants, and each of them, engaged in the despicable conduct described herein

14  that subjected persons, including Plaintiff ROBERT OBERSTAR, to cruel and unjust hardship

15  in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and

16  mesothelioma, in conscious disregard of those persons' rights.

17     35.    As a direct and proximate result of such intentional conduct by defendants, their

18  "alternate entities" and each of them, Plaintiff ROBERT OBERSTAR sustained the injuries and

19  damages alleged herein.

20     WHEREFORE, Plaintiffs pray for judgment against defendants, and their "alternate

21  entities", and each of them, as hereinafter set forth.

22              **THIRD CAUSE OF ACTION**

23               (Loss of Consortium)

24     AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF
   ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF LINDA OBERSTAR COMPLAINS
25  OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF
   THEM, AND ALLEGES AS FOLLOWS:
26
     40.    Plaintiff LINDA OBERSTAR incorporates by reference, each and every allegation
27
   contained in the general allegations and in the First and Second Causes of Action herein.
28
     41.    Plaintiffs ROBERT OBERSTAR and LINDA OBERSTAR were married on

                           16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   August 11, 1984, and at all times relevant to this action were, and are now, husband and wife.

2       42.   Prior to Plaintiff ROBERT OBERSTAR's injuries as alleged, he was able and did

3   perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, plaintiff

4   ROBERT OBERSTAR has been unable to perform the necessary duties as a spouse and the

5   work and services usually performed in the care, maintenance, and management of the family

6   home, and he will be unable to perform such work, service and duties in the future. As a

7   proximate result thereof, LINDA OBERSTAR has been permanently deprived and will be

8   deprived of the consortium of her spouse, including the performance of duties, all to her

9   damages, in an amount presently unknown but which will be proved at the time of trial.

10       43.   Plaintiff LINDA OBERSTAR's discovery of this cause of her loss of consortium,

11   as herein alleged, first occurred within one year of the date this Complaint was filed.

12       44.   As a direct and proximate result of the acts of defendants, their "alternate entities",

13   and each of them, and the severee injuries caused thereby to plaintiff ROBERT OBERSTAR as

14   set forth in this complaint, plaintiff LINDA OBERSTAR has suffered, and for a long period of

15   time will continue to suffer, loss of consortium, including, but not limited, loss of services,

16   marital relations, society, comfort, companionship, love and affection of said spouse, and has

17   suffered severee mental and emotional distress and general nervousness as a result thereof.

18       44.   WHEREFORE, plaintiffs pray for judgment against defendants, their "alternate

19   entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

20       Plaintiff ROBERT OBERSTAR :

21       1.   For plaintiff's general damages according to proof;

22       2.   For plaintiff's loss of income, wages, and earning potential according to

23   proof;

24       3.   For plaintiff's medical and related expenses according to proof;

25       Plaintiff LINDA OBERSTAR:

26       4.   For plaintiff's damages for loss of consortium and/or society according to

27   proof;

28       Plaintiffs ROBERT OBERSTAR and LINDA OBERSTAR:

**17**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    5.    For plaintiffs' cost of suit herein;

2    6.    For exemplary or punitive damages according to proof;

3    7.    For such other and further relief as the Court may deem just and proper,

4  including

5  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and

6  related provisions of law.

7  DATED: December 3, 2007                    **SIMON, EDDINS & GREENSTONE, LLP**

8

9                                            By: _____

10                                           JENNIFER L. BARTLETT
                                             H. W. TREY JONES
11                                           Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**18**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

<u>DEMAND FOR JURY TRIAL</u>

2   Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4   DATED: December 3, 2007          **SIMON, EDDINS & GREENSTONE, LLP**

5

6   By: _____

7   JENNIFER L. BARTLETT

    H. W. TREY JONES

8   Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**19**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "A"

2    Plaintiff ROBERT OBERSTAR's exposure to asbestos and asbestos-containing products

3  occurred at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| U.S. Navy | USS Midway (CVA/CVB/CV-41), San Diego, CA; San Francisco, CA; Alameda, CA | Machinist Mate | 1959-1963 |
| Self | Superior, WI | Brake repairs on personal vehicles | Late 1960's-1980's |
| Self | Hibbing, MN Duluth, MN Superior, WI | Part-time home remodeling, including personal residences | 1960's-1980's |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "B"

2          Plaintiff ROBERT OBERSTAR's exposure to Defendants' Products caused

3  severe and permanent injury to Plaintiff ROBERT OBERSTAR including, but not limited to,

4  mesothelioma.  Plaintiff was diagnosed with mesothelioma on or about May 20, 2005.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS