(JTLx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00248-R-JTL

| | |
|---|---|
| Ted Munn et al v. CLA-VAL Co. et al | Date Filed: 01/15/2008 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 06/12/2008 |
| Referred to: Magistrate Judge Jennifer T. Lum | Jury Demand: Plaintiff |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court State of California LA County, BC 381874 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

**Ted Munn**                            represented by    **H.W. Trey Jones**
                                                          Simon Eddins and Greenstone
                                                          301 East Ocean Boulevard Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jennifer L Bartlett**
                                                          Simon Eddins and Greenstone
                                                          301 E Ocean Blvd Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ronald Cary Eddins**
                                                          Simon Eddins and Greenstone
                                                          301 East Ocean Blvd Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          Email: reddins@seglaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donna Munn**                          represented by    **H.W. Trey Jones**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CLA-VAL Co.**

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Viad Corporation**                    represented by **Peter B Langbord**
*sued individually and as successor-in-*          Foley and Mansfield PLLP
*interest to*                                      300 South Grand Ave., Suite 2800
*formerly known as*                                Los Angeles, CA 90071
The Dial Corporation                               213-283-2100
                                                   Fax: 213-283-2101
                                                   Email: plangbord@foleymansfield.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Griscom-Russell Company**

**Defendant**

**DOES**
*1-450 INCLUSIVE*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/15/2008 | 1 | NOTICE OF REMOVAL from Superior court of the State of California County of Los Angeles, case number BC 381874 with CONFORMED copy of summons and complaint. Case assigned to Judge J. Spencer Letts, Discovery to Magistrate Judge Suzanne H Segal. (Filing fee $ 350 PAID ), filed by Defendant Viad Corporation.(car) Additional attachment(s) added on 1/31/2008 (lra, ). (Entered: 01/18/2008) |
| 01/15/2008 | 2 | CERTIFICATE of Interested Parties filed by Defendant Viad Corporation. (car) Additional attachment(s) added on 1/31/2008 (lra, ). Additional attachment(s) added on 1/31/2008 (lra, ). (Entered: 01/18/2008) |

| 01/15/2008 | 3 | NOTICE OF TAG-ALONG ACTION filed by Defendant Viad Corporation. (car) Additional attachment(s) added on 1/31/2008 (lra, ). (Entered: 01/18/2008) |
| 01/15/2008 | | UNCONFORMED COPY OF ANSWER to Notice of Removal, 1 Filed on: 1/7/2008 from Superior Court of the State of California, County of Los Angeles filed by Defendant Viad Corporation.(car) (Entered: 01/18/2008) |
| 01/15/2008 | | FAX number for Attorney Peter B Langbord is (626) 744-1702. (car) (Entered: 01/18/2008) |
| 01/15/2008 | | FAX number for Attorney Jennifer L Bartlett, Ronald Cary Eddins, H.W. Trey Jones is (562) 590-3412. (car) (Entered: 01/18/2008) |
| 01/15/2008 | 4 | CERTIFICATE OF SERVICE filed by Defendant Viad Corporation, re Notice of Removal, 1 , Certificate of Interested Parties 2 , Notice (Other) 3 served on 1/15/2008. (car) Additional attachment(s) added on 1/31/2008 (lra, ). (Entered: 01/18/2008) |
| 01/24/2008 | 5 | CERTIFICATE OF SERVICE Viad Corporation, *Notice to adverse party of removal to Federal Court* served on JANUARY 16, 2008. (Langbord, Peter) (Entered: 01/24/2008) |
| 01/24/2008 | 6 | CERTIFICATE OF SERVICE Viad Corporation, *court documents* served on JANUARY 16, 2008. (Langbord, Peter) (Entered: 01/24/2008) |
| 01/28/2008 | 7 | NOTICE OF RELATED CASES Viad Corporation. (Langbord, Peter) (Entered: 01/28/2008) |
| 01/30/2008 | 8 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge J. Spencer Letts. ORDER case returned to the Clerk for random reassignment pursuant to General Order 07-02. Case randomly reassigned from Judge J. Spencer Letts to Judge Christina A. Snyder for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-0248 CAS (SSx). (rn) (Entered: 01/30/2008) |
| 02/05/2008 | 9 | NOTICE TO COUNSEL by Judge Christina A. Snyder. This Notice to Counsel shall be to all parties appearing in propria persona, and for purposes of this notice, the term counsel shall include any person appearing in pro per. [**SEE DOCUMENT FOR DETAILS**]. Counsel for plaintiff is responsible for promptly serving a copy of this Order on all defendants counsel. If this case came to the Court via removal, the removing defendant shall promptly serve a copy of this Order on all parties of record. (cj) (Entered: 02/05/2008) |
| 02/08/2008 | 10 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found: Incorrect event selected. Correct event is Notices - Related Cases. Copy of document forwarded to the Case Assignment Administrator: RE Notice of Related Cases filed 1/28/2008 7 . (gk) (Entered: 02/10/2008) |
| 02/11/2008 | 11 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 -Related Case-filed. Related Case No: CV 07-2241 R (JTLx). Case transfered from Judge Suzanne H. Segal and Christina A. Snyder to Judge Manuel L. Real and Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-0248 R (JTLx).Signed by Judge Manuel L. Real (rn) (Entered: 02/11/2008) |
| 02/25/2008 | 12 | ORDER RE: NOTICE TO COUNSEL: This case has been assigned to the calendar of |

| | | |
|---|---|---|
| | | Judge Manuel L. Real. Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. The attention of counsel is particularly directed to Local Rule 16. Counsel should also be guided by the following special requirements when litigating cases assigned to Judge Real. (See document for further detail) by Judge Manuel L. Real, (pj) (Entered: 02/28/2008) |
| 04/07/2008 | 13 | DECLARATION of Thomas J. Moses *(Supplemental) in Support of Ex Parte Application for Order Staying All Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation or, in the Alternative, to Shorten Time for Hearing on Motion to Stay,* filed by Defendant Foster Wheeler Energy Corporation. (Moses, Thomas) (Entered: 04/07/2008) |
| 06/12/2008 | 14 | TRANSFER ORDER from the Judicial Panel on Multidistrict Litigation (No VI) MDL 875, transferring case to USDC Eastern District Pennsylvania assigned to the Honorable James T Giles. (MD JS-6. Case Terminated.) (pj) (Entered: 06/12/2008) |
| 06/12/2008 | 15 | Transfer Out Transmittal Letter. A copy of the Letter sent to USDC Eastern District of Pennsylvania at Philadelphia, Pennsylvania on 6/12/2008 (pj) (Entered: 06/12/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/09/2010 11:51:20 | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-00248-R-JTL End date: 12/9/2010 |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

1  RON C. EDDINS, CA Bar No. 243581
   JENNIFER L. BARTLETT, CA Bar No. 183154
2  H. W. TREY JONES, CA Bar No. 237607
   **SIMON, EDDINS & GREENSTONE, LLP**
3  301 E. Ocean Blvd., Ste. 1950
   Long Beach, California 90802
4  Telephone (562) 590-3400
5  Facsimile (562) 590-3412

6  Attorneys for Plaintiffs

7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 6 2007

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10

11 **TED MUNN** and **DONNA MUNN**

12                          Plaintiffs,

13           vs.

14 **CLA-VAL CO.;**
   **FOSTER WHEELER ENERGY**
15 **CORPORATION;**
   **VIAD CORPORATION** f/k/a THE DIAL
16 CORPORATION (sued individually and as
   successor-in-interest to GRISCOM-
17 RUSSELL COMPANY),
   and **DOES 1-450** INCLUSIVE,
18
19                          Defendants.

Case No.   B C 3 8 1 8 7 4

THIS ACTION CONSTITUTES COMPLEX
ASBESTOS LITIGATION – SUBJECT TO THE
GENERAL ORDERS CONTAINED IN FILE NO.
C 700000 – DEPT. 59

**COMPLAINT FOR PERSONAL INJURY –
ASBESTOS (NEGLIGENCE; STRICT
LIABILITY; LOSS OF CONSORTIUM)**

20

21                    GENERAL ALLEGATIONS

22         COME NOW Plaintiffs **TED MUNN** and **DONNA MUNN** (hereinafter "Plaintiffs")

23 and complain and allege as follows:

24         1.      The true names and capacities, whether individual, corporate, associate, governmental

25 or otherwise, of defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who

26 therefore sues said defendants by such fictitious names.  When the true names and capacities of said

27 defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are

28 informed and believe, and thereon allege, that each defendant designated herein as a DOE is

   responsible, negligently or in some other actionable manner, for the events and happenings hereinafter

                                         1
COMPLAINT FOR PERSONAL INJURY – ASBESTOS

referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.    At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venture of his co-defendants, and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, defendants **CLA-VAL CO.; FOSTER WHEELER ENERGY CORPORATION; VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY), and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Los Angeles, State of California.

3.    Plaintiffs allege herein that Plaintiff TED MUNN developed malignant mesothelioma as a result of exposure to asbestos from defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including:  **CLA-VAL CO.** (for Cla-Val valves);  **FOSTER WHEELER ENERGY CORPORATION** (for Foster Wheeler condensers); **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell distilling plants).

4.    Plaintiffs hereby disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, which expressly excludes U.S. Navy vessels.  Plaintiffs further disclaim any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party Defendant committed at the

2

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   direction of an officer of the United States Government.

2   **FIRST CAUSE OF ACTION**

3   (Negligence)

4   PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE
5   ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE
    ALLEGE AS FOLLOWS:

6   5.    Plaintiffs incorporate herein by reference, as though fully set forth therein, the general

7   allegations set forth above.

8   6.    At all times herein mentioned, each of the named defendants and DOES 1 through 450

9   was the successor, successor in business, successor in product line or a portion thereof, parent,

10  subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

11  researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

12  distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

13  contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

14  packaging and advertising asbestos, and products containing asbestos, including but not limited to,

15  those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called

16  "alternate entities."  Each of the herein named defendants is liable for the tortious conduct of each

17  successor, successor in business, successor in product line or a portion thereof, assign, predecessor in

18  product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

19  owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing,

20  warranted, re-branded, manufactured for others and advertised asbestos, and products containing

21  asbestos.  The following defendants, and each of them, are liable for the acts of each and every

22  "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy

23  against each such "alternate entity"; defendants, and each of them, have acquired the assets, product

24  line, or a portion thereof, of each such "alternate entity"; defendants, and each of them, have caused

25  the destruction of Plaintiffs' remedy against each such "alternate entity"; each such defendant has the

26  ability to assume the risk-spreading role of each such "alternate entity"; and that each such defendant

27  enjoys the goodwill originally attached to each such "alternate entity".

28  **DEFENDANT**                                    **ALTERNATE ENTITY**

3

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

FOSTER WHEELER ENERGY CORPORATION

FOSTER WHEELER BOILER CORPORATION
FOSTER WHEELER CONTRACTORS, INC.
FOSTER WHEELER CORPORATION
FOSTER WHEELER DEVELOPMENT CORP.
FOSTER WHEELER ENERGY RESOURCES INC.
FOSTER WHEELER ENERGY SERVICES, INC.
FOSTER WHEELER ENVIRESPONSE, INC.
FOSTER WHEELER ENVIRONMENTAL CORPORATION
FOSTER WHEELER POWER GROUP, INC.
FOSTER WHEELER POWER SYSTEMS, INC.
FOSTER WHEELER PYROPOWER, INC.
FOSTER WHEELER REALTY SERVICES, INC.
FOSTER WHEELER USA CORPORATION

VIAD CORPORATION

THE DIAL CORPORATION
GRISCOM-RUSSELL COMPANY

7.     At all times herein mentioned, defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter Defendants' Products).

8.     At all times herein mentioned, defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff TED MUNN   herein (hereinafter collectively called "exposed person").   Said products were used at all times in a manner that was reasonably foreseeable to defendants, their "alternate entities," and each of them, thereby rendering said

4

1  products unsafe and dangerous for use by "exposed person". Plaintiffs herein allege that TED MUNN's

2  exposures to Defendants' Products, including but not limited to those products identified in paragraph 3

3  above (hereinafter referred to as "defendants' products" or "defendants' asbestos and asbestos-

4  containing products"), were a substantial contributing factor in the development of his malignant

5  mesothelioma, and therefore proximately caused Plaintiff TED MUNN 's injuries.

6     9.     Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable

7  care while engaging in the activities mentioned above and each defendants breached said duty of

8  reasonable care in that defendants, and each of them, failed to safely and adequately design, manufacture

9  and/or sell defendants' products; failed to test said products; failed to investigate the hazards of said

10  products; failed to warn "exposed person", including Plaintiff TED MUNN, of the health hazards of

11  using defendants' products; failed to disclose the known or knowable dangers of using defendants'

12  products; failed to obtain suitable alternative materials to asbestos when such alternatives were

13  available; and as otherwise stated herein.

14     10.     The defendants' products were and are hazardous to the health and safety of Plaintiff, and

15  others in Plaintiff's position working with and in close proximity to such products, and since on or

16  before 1930, the hazards and dangerous propensities of the defendants' products were both known and

17  knowable to the defendants, their "alternate entities", and each of them, through the use of medical

18  and/or scientific data and other knowledge available to defendants, their "alternate entities", and each of

19  them at the time of defendants' manufacture, distribution, sale, research, study, fabrication, design,

20  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

21  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

22  others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

23  propensities of asbestos presented a substantial danger to users, including Plaintiff, TED MUNN, of

24  Defendants' Products through the intended and reasonably foreseeable use of those products.

25     11.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have

26  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

27  intended and reasonably foreseeable manner.

28     12.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have

5

1   known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,

2   sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed

3   in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and

4   dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff TED

5   MUNN herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants, their

6   "alternate entities", and each of them, knew or reasonably should have known that users, such as

7   Plaintiff TED MUNN and others in his position, working with and in close proximity to Defendants'

8   Products would not realize or know the danger. Defendants, their "alternate entities," and each of them

9   negligently failed to adequately warn or instruct of the dangers of the products. A reasonable designer,

10  manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances,

11  would have warned of the dangers to avoid exposing others to a foreseeable risk of harm. The negligent

12  failure of defendants, their "alternate entities," and each of them to warn was a substantial factor in

13  causing harm to Plaintiff TED MUNN.

14      13.   Plaintiff TED MUNN   used, handled, or was otherwise exposed to asbestos from

15  Defendants' Products referred to herein in a manner that was reasonably foreseeable to defendants and

16  each of them.  Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

17  **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

18      14.   As a direct and proximate result of the conduct of the defendants, their "alternate

19  entities", and each of them, as aforesaid, Plaintiff TED MUNN's exposure to asbestos from use of

20  Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along

21  with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

22  to Defendants' Products, are set forth in **Exhibit "B",** which is attached hereto and incorporated by

23  reference herein.  Plaintiffs are informed and believe, and thereon allege, that progressive lung disease,

24  cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma

25  and that said disease results from exposure to Defendants' Products over a period of time.

26      15.   Plaintiff TED MUNN suffers from malignant pleural mesothelioma, caused by exposure

27  to asbestos including those products identified in paragraph 3 above.  Plaintiff TED MUNN was not

28  aware at the time of exposure that Defendants' Products presented any risk of injury and/or disease.

6

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

16.     As a direct and proximate result of the aforesaid conduct of defendants, their "alternate entities," and each of them, Plaintiff TED MUNN  has suffered and will continue to suffer permanent injuries and future injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

17.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities", and each of them, Plaintiff TED MUNN has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

19.     Plaintiffs further allege that defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff TED MUNN, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom. Although defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff TED MUNN.

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

7

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

of defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff TED MUNN  as to the safety of their products.  Through their participation and association with such industry organizations, defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff TED MUNN  at this time;

(c)      Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)      Defendants, their "alternate entities", and each of them, failed to warn Plaintiff TED MUNN and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)      Defendants, their "alternate entities", and each of them, failed to provide Plaintiff TED MUNN  with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were

1    under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff TED

2    MUNN and others applying and installing such material;

3        (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that

4    Plaintiff TED MUNN and anyone similarly situated, upon inhalation of asbestos would, in time, have a

5    substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma

6    and/or cancer;

7        (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

8    the true nature of the hazards of asbestos materials and that exposure to these material would cause

9    pathological effects without noticeable trauma to the public, including buyers, users, and physicians

10   employed by Plaintiff TED MUNN so that said physicians could not examine, diagnose, and treat

11   Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate

12   entities", and each of them, were under a duty to so inform and said failure was misleading.

13       20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

14   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

15   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

16   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

17   them, and each defendant's officers, directors, and managing agents participated in, authorized,

18   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

19   their "alternate entities" as set forth herein.

20       21.    The herein-described conduct of said defendants, their "alternate entities", and each of

21   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

22   to the safety and health of "exposed person," including Plaintiff TED MUNN, in that defendants, and

23   each of them, continued to manufacture, market and/or sell dangerous products known to cause severe,

24   permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of

25   their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities",

26   and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched

27   and loathsome as to be looked down upon and despised by ordinary people and justifies an award of

28   punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of

9

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  example and by way of punishing said defendants, seek punitive damages according to proof.

2   22.   Defendants and each of them engaged in conduct which was intended by defendants and

3  each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the

4  defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

5  TED MUNN.

6   23.   Defendants, and each of them, engaged in the despicable conduct described herein that

7  subjected persons, including Plaintiff TED MUNN , to cruel and unjust hardship in the form of sever,

8  debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of

9  those persons' rights.

10   24.   As a direct and proximate result of such intentional conduct by defendants, their

11  "alternate entities" and each of them, Plaintiff TED MUNN sustained the injuries and damages alleged

12  herein.

13   WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities", and

14  each of them, as hereinafter set forth.

15   **SECOND CAUSE OF ACTION**

16   (Strict Liability)

17  AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
   FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR
18  "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

19   25.   Plaintiffs incorporate herein by reference, as though fully set forth therein, each and

20  every one of the general allegations and the allegations contained in the First Cause of Action herein.

21   26.   Defendants, their "alternate entities", and each of them, sold the aforementioned

22  Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and

23  risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

24  have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, TED

25  MUNN , and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm

26  to Plaintiff TED MUNN  and others in Plaintiff's position working with and in close proximity to such

27  products.

28   27.   Defendants' Products were defective and unsafe for their intended purpose and

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

2  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed,

3  said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos

4  fibers by exposed person, including Plaintiff TED MUNN . The defect existed in all of said products

5  when they left the possession of the defendants, their "alternate entities," and each of them.  At the time

6  Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close

7  proximity to such products, the products were substantially the same as when they left the possession of

8  the defendants, their "alternate entities," and each of them and/or any changes made to the products after

9  they left the possession of defendants, their "alternate entities", and each of them were reasonably

10  foreseeable to defendants, their "alternate entities", and each of them.  Defendants' asbestos and

11  asbestos products were used by Plaintiff TED MUNN, and others in Plaintiff's position working with

12  and in close proximity to such products, in a way that was reasonably foreseeable to defendants, and

13  each of them.  The defect in said products was a substantial factor in causing harm and personal injuries

14  to Plaintiff TED MUNN, including malignant mesothelioma, while being used in a reasonably

15  foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for

16  their ordinary and intended use.

17        28.     As a direct and proximate result of the actions and conduct outlined herein, Defendants'

18  Products failed to perform as safely as an ordinary consumer would have expected in that defendants'

19  products, and each of them, during their ordinary and intended use, and such hazardous exposures

20  lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including

21  asbestosis, lung cancer, mesothelioma and other cancers in humans.  Plaintiffs further allege that

22  "exposed person", including Plaintiff TED MUNN , were unaware of the harmful effects of asbestos and

23  further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and

24  thus the failure of defendants' products to perform as safely as Plaintiff TED MUNN  had reason to

25  expect was a substantial factor in causing his injuries.

26        29.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiff TED

27  MUNN has suffered the injuries and damages alleged herein.

28        30.     Plaintiffs further allege that defendants, their "alternate entities", and each of them, also

11

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    engaged in the following wrongful acts:

2           (a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers,

3    including Plaintiff TED MUNN, medical and scientific information concerning the health hazards

4    associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.

5    Although defendants, and each of them, knew of the substantial risks associated with exposure to

6    asbestos, they willfully and knowingly concealed such information from the users of their asbestos

7    and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed

8    person", including Plaintiff TED MUNN.

9           (b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and

10   financially supported industry organizations, including but not limited to the Gypsum Association,

11   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

12   of defendants, their "alternate entities", and each of them, actively promoted the suppression of

13   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

14   misleading Plaintiff TED MUNN  as to the safety of their products.  Through their participation and

15   association with such industry organizations, defendants and each of them knowingly and deliberately

16   concealed and suppressed the true information regarding asbestos and its dangers, and propagated

17   misinformation intended to instill in users of Defendants' Products a false security about the safety of

18   their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of

19   the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions

20   in this committee were held many times regarding the dangers inherent in asbestos and the dangers,

21   which arise from the lack of control of dust, and such information was suppressed from public

22   dissemination from 1946 to a date unknown to Plaintiff TED MUNN  at this time;

23          (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

24   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

25   Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed

26   medical and scientific information of the connection between the inhalation of asbestos fibers and

27   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

28   industry organizations to all other defendants, their "alternate entities", and each of them, herein.

**12**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide

2  this information to consumers;

3      (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff TED

4  MUNN and others of the nature of said materials which were dangerous when breathed and which could

5  cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate

6  entities", and each of them, possessed knowledge and were under a duty to disclose that said materials

7  were dangerous and a threat to the health of persons coming into contact therewith;

8      (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff TED

9  MUNN with information concerning adequate protective masks and other equipment devised to be used

10  when applying, mixing, installing and sanding the products of the defendants, their "alternate entities",

11  and each of them, despite knowing that such protective measures were necessary, and that they were

12  under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff TED

13  MUNN and others applying and installing such material;

14      (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that

15  Plaintiff TED MUNN and anyone similarly situated, upon inhalation of asbestos would, in time, have a

16  substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma

17  and/or cancer;

18      (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

19  the true nature of the hazards of asbestos materials and that exposure to these material would cause

20  pathological effects without noticeable trauma to the public, including buyers, users, and physicians

21  employed by Plaintiff TED MUNN so that said physicians could not examine, diagnose, and treat

22  Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate

23  entities", and each of them, were under a duty to so inform and said failure was misleading; and

24      31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

25  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

26  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

27  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

28  them, and each defendant's officers, directors, and managing agents participated in, authorized,

13

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

2    their "alternate entities" as set forth herein.

3        32.    The herein-described conduct of said defendants, their "alternate entities", and each of

4    them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

5    to the safety and health of "exposed person," including Plaintiff TED MUNN, in that defendants, and

6    each of them, continued to manufacture, market and/or sell dangerous products known to cause severe,

7    permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of

8    their products, in order to continue to profit financially therefrom.  Defendants, their "alternate entities",

9    and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched

10   and loathsome as to be looked down upon and despised by ordinary people and justifies an award of

11   punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of

12   example and by way of punishing said defendants, seek punitive damages according to proof.

13       33.    Defendants and each of them engaged in conduct which was intended by defendants and

14   each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the

15   defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

16   TED MUNN.

17       34.    Defendants, and each of them, engaged in the despicable conduct described herein that

18   subjected persons, including Plaintiff TED MUNN, to cruel and unjust hardship in the form of sever,

19   debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of

20   those persons' rights.

21       35.    As a direct and proximate result of such intentional conduct by defendants, their

22   "alternate entities" and each of them, Plaintiff TED MUNN sustained the injuries and damages alleged

23   herein.

24       WHEREFORE, Plaintiffs pray for judgment against defendants, and their "alternate entities",

25   and each of them, as hereinafter set forth.

26                        **THIRD CAUSE OF ACTION**

27                            (Loss of Consortium)

28       AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION
     FOR LOSS OF CONSORTIUM, PLAINTIFF DONNA MUNN  COMPLAINS OF DEFENDANTS,

                                    14
     COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS
2   FOLLOWS:

3       36.     Plaintiff DONNA MUNN incorporates by reference, each and every allegation contained
    in the general allegations and in the First and Second Causes of Action herein.
4
5       37.     Plaintiffs TED MUNN  and DONNA MUNN were married on November 17, 1973, and
    at all times relevant to this action were, and are now, husband and wife.
6
7       38.     Prior to Plaintiff TED MUNN's injuries as alleged, he was able and did perform duties as
    a spouse.  Subsequent to the injuries and as a proximate result thereof, plaintiff TED MUNN  has been
8
9   unable to perform the necessary duties as a spouse and the work and services usually performed in the
    care, maintenance, and management of the family home, and he will be unable to perform such work,
10
11  service and duties in the future.  As a proximate result thereof, DONNA MUNN has been permanently
    deprived and will be deprived of the consortium of her spouse, including the performance of duties, all
12
13  to her damages, in an amount presently unknown but which will be proved at the time of trial.

14      39.     Plaintiff DONNA MUNN's discovery of this cause of her loss of consortium, as herein
    alleged, first occurred within one year of the date this Complaint was filed.
15
16      40.     As a direct and proximate result of the acts of defendants, their "alternate entities", and
    each of them, and the severe injuries caused thereby to plaintiff TED MUNN  as set forth in this
17
18  complaint, plaintiff DONNA MUNN has suffered, and for a long period of time will continue to suffer,
    loss of consortium, including, but not limited, loss of services, marital relations, society, comfort,
19
20  companionship, love and affection of said spouse, and has suffered severe mental and emotional distress
    and general nervousness as a result thereof.
21
22      41.     WHEREFORE, plaintiffs pray for judgment against defendants, their "alternate entities",
    and each of them, in an amount to be proved at trial in each individual case, as follows:
23
24      Plaintiff TED MUNN:

25      1.      For plaintiff's general damages according to proof;

26      2.      For plaintiff's loss of income, wages, and earning potential according to proof;

27      3.      For plaintiff's medical and related expenses according to proof;

28      Plaintiff DONNA MUNN:

        4.      For plaintiff's damages for loss of consortium and/or society according to proof;

                                        15

5.    For plaintiff's loss of income, wages, and earning potential according to proof;

6.    For plaintiff's medical and related expenses according to proof;

Plaintiffs TED MUNN and DONNA MUNN:

7.    For plaintiffs' cost of suit herein;

8.    For exemplary or punitive damages according to proof;

9.    For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.

DATED: December 6, 2007

SIMON, EDDINS & GREENSTONE, LLP

By: _____
H. W. TREY JONES
Attorneys for Plaintiffs

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: December 6, 2007

**SIMON, EDDINS & GREENSTONE, LLP**

By: _____
        H. W. TREY JONES
        Attorneys for Plaintiffs

17

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "A"

2  Plaintiff TED MUNN's exposure to asbestos and asbestos-containing products occurred at

3 various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|----------|---------------------|-----------|------------------|
| U.S. Navy | USS Rogers (DD/DDR-876)<br>San Diego<br>Charleston, South Carolina<br>Korea | Boiler Technician | 1959-1963 |
| Ingalls Shipbuilding Plant | Pascagoula, Mississippi | Crane Operator | 1964-1968 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**18**

1

## EXHIBIT "B"

2           Plaintiff TED MUNN's exposure to Defendants' Products caused severe and permanent

3    injury to Plaintiff TED MUNN including, but not limited to, mesothelioma.   Plaintiff was diagnosed

4    with mesothelioma on or about August 24, 2007.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS