(JTLx), CLOSED, DISCOVERY, MANADR, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:08-cv-00282-R-JTL

Ted Munn et al v. CLA-VAL Co. et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Jennifer T. Lum
Related Case: 2:07-cv-02241-R-JTL
Case in other court: Superior Court State of CA County Los
Angeles, BC379250
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 01/16/2008
Date Terminated: 06/12/2008
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Ted Munn**                                    represented by    **Brian P Barrow**
                                                                   Simon Eddins and Greenstone
                                                                   301 Ocean Boulevard, Suite 1950
                                                                   Long Beach, CA 90802
                                                                   562-590-3400
                                                                   Email: bbarrow@seglaw.com
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **H.W. Trey Jones**
                                                                   Simon Eddins and Greenstone
                                                                   301 East Ocean Boulevard Suite 1950
                                                                   Long Beach, CA 90802
                                                                   562-590-3400
                                                                   Fax: 562-590-3412
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Jennifer L Bartlett**
                                                                   Simon Eddins and Greenstone
                                                                   301 E Ocean Blvd Suite 1950
                                                                   Long Beach, CA 90802
                                                                   562-590-3400
                                                                   Fax: 562-590-3412
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Ronald Cary Eddins**
                                                                   Simon Eddins and Greenstone
                                                                   301 East Ocean Blvd Suite 1950
                                                                   Long Beach, CA 90802
                                                                   562-590-3400

Fax: 562-590-3412
Email: reddins@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donna Munn**                          represented by    **Brian P Barrow**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **H.W. Trey Jones**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jennifer L Bartlett**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ronald Cary Eddins**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CLA-VAL Co.**                         represented by    **Erica M Sorosky**
                                                          Palmieri Tyler Wiener Wilhelm and
                                                          Waldron
                                                          2603 Main Street Suite 1300
                                                          Irvine, CA 92614
                                                          949-851-7271
                                                          Fax: 949-757-1225
                                                          Email: esorosky@ptwww.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Julia A Gowin**
                                                          Hawkins Parnell Thackston & Young LLP
                                                          444 S. Flower Street
                                                          Suite 1100
                                                          Los Angeles, CA 90071
                                                          213-486-8022
                                                          Fax: 213-486-8080
                                                          Email: jgowin@hptylaw.com
                                                          *TERMINATED: 09/16/2008*
                                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**       represented by   **Edward R Hugo**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory S Rosse**
Brydon Hugo and Parker
135 Main Street 22nd Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Jeffrey Moses**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: tmoses@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**                         represented by   **Peter B Langbord**
*sued indivdually and as*                                     Foley and Mansfield PLLP
*Successor*                                                   300 South Grand Ave., Suite 2800
Griscom-Russell Company                                       Los Angeles, CA 90071
*formerly known as*                                           213-283-2100
The Dial Corporation                                          Fax: 213-283-2101
Email: plangbord@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-450 Inclusive**

**Defendant**

**Leslie Controls, Inc.**                    represented by   **Glen R Powell**
Gordon and Rees
275 Battery Street Suite 2000
San Francisco, CA 94111

415-986-5900
Email: gpowell@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/16/2008 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California for the County of Los Angeles, case number BC379250 with conformed copy of summons and complaint. Case assigned to Judge Valerie Baker Fairbank, Discovery to Magistrate Judge Alicia G. Rosenberg. (Filing fee $ 350 PAID.), filed by defendant Foster Wheeler Energy Corporation.(ghap) Additional attachment(s) added on 1/22/2008 (lra, ). (Entered: 01/22/2008) |
| 01/16/2008 | 2 | NOTICE of Interested Parties filed by Defendant Foster Wheeler Energy Corporation. (ghap) Additional attachment(s) added on 1/22/2008 (lra, ). (Entered: 01/22/2008) |
| 01/16/2008 | 3 | NOTICE OF TAG-ALONG ACTION filed by defendant Foster Wheeler Energy Corporation. (ghap) Additional attachment(s) added on 1/22/2008 (lra, ). (Entered: 01/22/2008) |
| 01/16/2008 | 4 | DISCLOSURE STATEMENT filed by Defendant Foster Wheeler Energy Corporation. (ghap) Additional attachment(s) added on 1/22/2008 (lra, ). (Entered: 01/22/2008) |
| 01/16/2008 | 5 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(ghap) (Entered: 01/22/2008) |
| 01/16/2008 | | FAX number for Attorneys Edward R Hugo, Thomas J Moses, Gregory S Rosse is 415-808-0333. (ghap) (Entered: 01/22/2008) |
| 01/16/2008 | | FAX number for Attorneys Jennifer L Bartlett, Ronald Cary Eddins, H.W. Trey Jones is 562-590-3412. (ghap) (Entered: 01/22/2008) |
| 01/22/2008 | 6 | STANDING ORDER by Judge Valerie Baker Fairbank: READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND ADDS TO THE LOCAL RULES. COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE THIS ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO THE ACTION. IF THIS CASE WAS REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES; Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages (see document for further details.) (jp) (Entered: 01/22/2008) |
| 01/29/2008 | 7 | MINUTES OF IN CHAMBERS before Judge Valerie Baker Fairbank: COURT ORDER. Counsel are hereby notified that a Scheduling Conference has been set for 3/31/2008 at 08:30 AM. Lead Trial Counsel shall attend all proceedings before this Court, including the Scheduling Conference. Counsel are directed to comply with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 in a timely fashion and to file a Joint Rule 26(f) Report and an ADR Pilot Program Questionnaire on or before 3/17/2008. The Court requests that a conformed courtesy copy of the report be delivered to chambers on the day it is filed. If counsel fail to file the required Joint |

| | | |
|---|---|---|
| | | Rule 26(f) Report and a Notice of Settlement Procedure Selection form or fail to appear at the Scheduling Conference and such failure is not otherwise satisfactorily explained to the Court, the Court may take such action as it deems appropriate, such as monetary sanctions, or ultimately, dismissal or default.Plaintiff's counsel is directed to give notice of the scheduling conference to all parties that have appeared in this action, and is directed to give notice of the scheduling conference immediately to each party that makes an initial appearance in the action after this date. (jp) (Entered: 01/29/2008) |
| 01/30/2008 | 8 | ANSWER *to Complaint for Personal Injury* filed by Defendant Foster Wheeler Energy Corporation.(Moses, Thomas) (Entered: 01/30/2008) |
| 01/30/2008 | 9 | Certificate of Interested Parties filed by Defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 01/30/2008) |
| 01/30/2008 | 10 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by Plaintiffs Ted Munn, Donna Munn.Motion set for hearing on 3/10/2008 at 01:30 PM before Judge Valerie Baker Fairbank. (Attachments: # 1 Proposed Order Granting Plaintiffs' Motion to Remand)(Barrow, Brian) (Entered: 01/30/2008) |
| 01/30/2008 | 11 | *Plaintiffs'* Certificate of Interested Parties filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 01/30/2008) |
| 01/30/2008 | 12 | NOTICE of Related Case(s) filed by Plaintiffs Ted Munn, Donna Munn. Related Case (s): 08-00248 (Barrow, Brian) (Entered: 01/30/2008) |
| 02/01/2008 | 13 | RESPONSE filed by Defendant Viad Corporationto Notice of Related Case(s) 12 *Opposition to Plaintiffs' Notice of Related Case* (Langbord, Peter) (Entered: 02/01/2008) |
| 02/11/2008 | 14 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 -Related Case- filed. Related Case No: CV 07-2241 R (JTLx). Case transferred from Judge Valerie Baker Fairbank and Alicia G. Rosenberg to Judge Manuel L. Real and Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-0282 R (JTLx).Signed by Judge Manuel L. Real (rn) (Entered: 02/11/2008) |
| 02/22/2008 | 15 | OPPOSITION *TO MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES* filed by Defendant Viad Corporation. (Attachments: # 1 Proposed Order Proposed Order)(Langbord, Peter) (Entered: 02/22/2008) |
| 02/22/2008 | 16 | DECLARATION of CHARLES R. CUSHING in opposition to MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 02/22/2008) |
| 02/22/2008 | 17 | DECLARATION of ADMIRAL BEN J. LEHMAN in opposition to MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B (part 1)# 3 Exhibit Exhibit B - part2# 4 Exhibit Exhibit B - part3# 5 Exhibit Exhibit B - part4# 6 Exhibit Exhibit B - part5# 7 Exhibit Exhibit B - part6# 8 Exhibit Exhibit C# 9 Exhibit Exhibit D - part1# 10 Exhibit Exhibit D - part2# 11 Exhibit Exhibit D - part3# 12 Exhibit Exhibit D - part4)(Langbord, Peter) (Entered: 02/22/2008) |
| 02/22/2008 | 18 | REQUEST FOR JUDICIAL NOTICE (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C)(Langbord, Peter) (Entered: 02/22/2008) |

| | | |
|---|---|---|
| 02/22/2008 | 19 | CERTIFICATE OF SERVICE Viad Corporation, served on February 22, 2008. (Langbord, Peter) (Entered: 02/22/2008) |
| 02/25/2008 | 20 | OBJECTIONS Opposition to Plaintiffs' Motion to Remand re: MOTION to Remand Case to Los Angeles Superior Court 10 *Memorandum of Law in Opposition to Plaintiffs' Motion to Remand* filed by Defendant Foster Wheeler Energy Corporation. (Attachments: # 1 Exhibit Exhibits One and Two# 2 Exhibit Exhibit Three# 3 Exhibit Exhibit Four# 4 Exhibit Exhibit Five# 5 Exhibit Exhibits Six and Seven# 6 Exhibit Exhibit Eight# 7 Exhibit Exhibit Nine Part 1 of 15# 8 Exhibit Exhibit Nine Part 2 of 15# 9 Exhibit Exhibit Nine Part 3 of 15# 10 Exhibit Exhibit Nine Part 4 of 15# 11 Exhibit Exhibit Nine Part 5 of 15# 12 Exhibit Exhibit Nine Part 6 of 15# 13 Exhibit Exhibit Nine Part 7 of 15# 14 Exhibit Exhibit Nine Part 8 of 15# 15 Exhibit Exhibit Nine Part 9 of 15# 16 Exhibit Exhibit Nine Part 10 of 15# 17 Exhibit Exhibit Nine Part 11 of 15# 18 Exhibit Exhibit Nine Part 12 of 15# 19 Exhibit Exhibit Nine Part 13 of 15# 20 Exhibit Exhibit Nine Part 14 of 15# 21 Exhibit Exhibit Nine Part 15 of 15) (Moses, Thomas) (Entered: 02/25/2008) |
| 02/25/2008 | 23 | ORDER RE: NOTICE TO COUNSEL: This case has been assigned to the calendar of Judge Manuel L. Real. Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. The attention of counsel is particularly directed to Local Rule 16. Counsel should also be guided by the following special requirements when litigating cases assigned to Judge Real. (See document for further detail) by Judge Manuel L. Real (pj) (Entered: 02/28/2008) |
| 02/28/2008 | 21 | JOINDER in MOTION to Remand Case to Los Angeles Superior Court 10 *Leslie Controls, Inc.'s Joinder in Defendant Foster Wheeler's Notice of Removal and Opposition to Plaintiffs' Motion to Remand Case to California Superior Court.* (Powell, Glen) (Entered: 02/28/2008) |
| 02/28/2008 | 22 | JOINDER in MOTION to Remand Case to Los Angeles Superior Court 10 *Certification of Interested Parties or Persons (L.R. 7.1-1)* filed by Defendant Leslie Controls, Inc.. (Powell, Glen) (Entered: 02/28/2008) |
| 03/03/2008 | 24 | REPLY in support of a motion *for Remand to State Court* filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 03/03/2008) |
| 03/03/2008 | 26 | MINUTES OF IN CHAMBERS ORDER held before Judge Manuel L. Real :Plaintiff's Motion for Remand to State Court is hereby ORDERED CONTINUED FROM MARCH 10, 2008 AT 10:00 A.M.TO MARCH 24, 2008 AT 10:00 A.M. Opposition and Reply papers remaindue on the dates previously set. The continuation of the hearing dateDOES NOT move the due dates of those filings.cc: counsel of record 10 . (pj) (Entered: 03/07/2008) |
| 03/06/2008 | 25 | REPLY *to Leslie Controls' Opposition to Remand* filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 03/06/2008) |
| 03/07/2008 | 27 | NOTICE of Continuance of reset to March 24, 2008 at 1:30 p.m. (Barrow, Brian) (Entered: 03/07/2008) |
| 03/10/2008 | 28 | NOTICE Notice of Refiling State Court Answer to Complaint filed by defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 03/10/2008) |
| | | |

| 03/24/2008 | 29 | MINUTES OF Plaintiff's Motion for Remand to State Court Motion Hearing held before Judge Manuel L. Real : The matter is continued to 4/14/2008 at 10:00 AM before Judge Manuel L. Real.Court Reporter: Sheri Kleeger. (pj) (Entered: 04/01/2008) |
|---|---|---|
| 04/02/2008 | 30 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 10 *SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT* filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 04/02/2008) |
| 04/04/2008 | 31 | EX PARTE APPLICATION to Stay Case pending Decision by Judicial Panel on Multidistrict Litigation *or, to Shorten Time for Hearing on Motion to Stay* filed by Defendant Foster Wheeler Energy Corporation. (Attachments: # 1 Declaration In Support of Ex Parte Application# 2 Exhibit Exhibit B to Declaration in Support of Ex Parte Application# 3 Exhibit Exhibit C to the Declaration in Support of Ex Parte Application# 4 Exhibit Exhibits D and E ISO Ex Parte Application# 5 Exhibit Exhibit F ISO Ex Parte Application# 6 Exhibit Exhibits G through J ISO Ex Parte Application# 7 Proposed Order Granting Ex Parte Application or Order Shortening Time for Hearing)(Moses, Thomas) (Entered: 04/04/2008) |
| 04/07/2008 | 32 | OPPOSITION to EX PARTE APPLICATION to Stay Case pending Decision by Judicial Panel on Multidistrict Litigation *or, to Shorten Time for Hearing on Motion to Stay* 31 filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 04/07/2008) |
| 04/09/2008 | 33 | MEMORANDUM in Support of MOTION to Remand Case to Los Angeles Superior Court 10 *and Response to Viad's Supplemental Opposition to Motion for Remand* filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 04/09/2008) |
| 04/10/2008 | 34 | OBJECTIONS in support of re: MOTION to Remand Case to Los Angeles Superior Court 10 *Objections to Viad's Declarations* filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 04/10/2008) |
| 04/10/2008 | 35 | OBJECTIONS in support of re: MOTION to Remand Case to Los Angeles Superior Court 10 *Objections to Foster Wheelers' Declarations* filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 04/10/2008) |
| 04/11/2008 | 36 | OBJECTIONS Opposition re: MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant Foster Wheeler Energy Corporation. (Attachments: # 1 Declaration In Support of Opposition to Plaintiffs' Motion to Remand)(Moses, Thomas) (Entered: 04/11/2008) |
| 04/11/2008 | 37 | RESPONSE IN SUPPORT of MOTION to Remand Case to Los Angeles Superior Court 10 *Response to Foster Wheeler's Suppl. Opposition to Motion for Remand* filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 04/11/2008) |
| 04/11/2008 | 38 | RESPONSE IN SUPPORT of MOTION to Remand Case to Los Angeles Superior Court 10 *Response to Foster Wheeler's Suppl. Opposition to Motion for Remand (part 2-exhibits)* filed by Plaintiffs Ted Munn, Donna Munn. (Barrow, Brian) (Entered: 04/11/2008) |
| 04/14/2008 | 39 | MINUTES OF IN CHAMBERS ORDER held before Judge Manuel L. Real : re: Plaintiffs MOTION to Remand Case to Los Angeles Superior Court 10 . The Court |

| | | |
|---|---|---|
| | | hears arguments of counsel.The Court DENIES the motion. (pj) (Entered: 04/14/2008) |
| 04/15/2008 | 40 | EX PARTE APPLICATION to Set Trial Date on no later than August 14, 2008 filed by Plaintiffs Ted Munn, Donna Munn. (Attachments: # 1 Proposed Order Granting Plaintiffs' Ex Parte Application)(Barrow, Brian) (Entered: 04/15/2008) |
| 04/16/2008 | 41 | OBJECTIONS Plaintiffs' Ex Parte Application for Order Setting Expedited Trial Date or for Reconsideration of Motion to Remand re: EX PARTE APPLICATION to Set Trial Date on no later than August 14, 2008 40 filed by Defendant Foster Wheeler Energy Corporation. (Moses, Thomas) (Entered: 04/16/2008) |
| 04/16/2008 | 42 | *OPPOSITION to Plaintiffs' Ex-parte Application to reconsider denial of motion to remand and setting of trial date; Memorandum of Points and Authorities* re: EX PARTE APPLICATION to Set Trial Date on no later than August 14, 2008 40 (Langbord, Peter) (Entered: 04/16/2008) |
| 04/21/2008 | 43 | DENIED ORDER by Judge Manuel L. Real, re EX PARTE APPLICATION for order setting expedited trial date or alternatively reconsidering plaintiffs motion for remand 40 (pj) (Entered: 04/22/2008) |
| 04/25/2008 | 44 | ORDER by Judge Manuel L. Real, this Court hereby DENIES Defendant Foster Wheeler Energy Corporation's Ex parte Application for an Order Staying all proceedings pending a Decision by the Judicial Panel on Multidistrict Litigation (pj) (Entered: 04/25/2008) |
| 06/12/2008 | 45 | TRANSFER ORDER from the Judicial Panel on Multidistrict Litigation (No VI) MDL 875, transferring case to USDC Eastern District Pennsylvania assigned to the Honorable James T Giles. (MD JS-6. Case Terminated.) (pj) (Entered: 06/12/2008) |
| 06/12/2008 | 46 | Transfer Out Transmittal Letter. A copy of the and Letter sent to USDC Eastern District of Pennsylvania at Philadephia, Pennsylvania on 6/12/2008. (pj) (Entered: 06/12/2008) |
| 09/10/2008 | 47 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co.. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Vo. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/10/2008) |
| 09/17/2008 | 48 | NOTICE of Change of Attorney Information for attorney Erica M Sorosky counsel for Defendant CLA-VAL Co.. Julia A. Gowin will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Julia A. Gowin is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Sorosky, Erica) (Entered: 09/17/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/09/2010 11:54:53 | | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| | | | |

| Description: | Docket Report | Search Criteria: | 2:08-cv-00282-R-JTL End date: 12/9/2010 |
|---|---|---|---|
| Billable Pages: | 7 | Cost: | 0.56 |

1    RON C. EDDINS, CA Bar No. 243581
2    JENNIFER L. BARTLETT, CA Bar No. 183154
     H. W. TREY JONES, CA Bar No. 237607
3    **SIMON, EDDINS & GREENSTONE, LLP**
     301 E. Ocean Blvd., Ste. 1950
4    Long Beach, California 90802
     Telephone (562) 590-3400
5    Facsimile (562) 590-3412

6    Attorneys for Plaintiffs

7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 17 2007

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES

10                 B C379250

| | |
|---|---|
| 11   **TED MUNN and DONNA MUNN**      ) | Case No. |
| 12           Plaintiffs,    ) | THIS ACTION CONSTITUTES COMPLEX |
| 13       vs.          ) | ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO. |
| 14   **ARMSTRONG INTERNATIONAL,**    ) | C 700000 – DEPT. 59 |

11 **TED MUNN and DONNA MUNN** )
12          Plaintiffs, )
13     vs. )
14 **ARMSTRONG INTERNATIONAL,**
15 **INC.;**
    **BUFFALO PUMPS, INC.** (sued
16 individually and as successor-in-interest to
    BUFFALO FORGE COMPANY);
17 **CBS CORPORATION** f/k/a VIACOM,
    INC. (sued as successor-by-merger to CBS
18 CORPORATION f/k/a WESTINGHOUSE
    ELECTRIC CORPORATION);
19 **CLA-VAL CO.;**
    **CRANE CO.** (sued individually and as
20 successor-in-interest to CHAPMAN
    VALVE COMPANY);
21 **CROWN CORK & SEAL CO., INC.**
    (sued individually and as successor-in-
22 interest to MUNDET CORK COMPANY);
    **FLOWSERVE US INC.** (sued
23 individually and as successor-in-interest to
    DURCO INTERNATIONAL and
24 EDWARD VALVES INC.);
    **FMC CORPORATION** (sued individually
25 and as successor-in-interest to PEERLESS
    PUMP COMPANY);
26 **FOSTER WHEELER ENERGY**
    **CORPORATION;**
27 **GARLOCK SEALING**
28

Case No.

**THIS ACTION CONSTITUTES COMPLEX ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO. C 700000 – DEPT. 59**

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (NEGLIGENCE; STRICT LIABILITY; LOSS OF CONSORTIUM)**

1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | |
|---|---|
| 1 | TECHNOLOGIES, L.L.C. (sued ) |
| | individually and as successor-in-interest to ) |
| 2 | GARLOCK, INC.); ) |
| | **GENERAL ELECTRIC COMPANY;** ) |
| 3 | **GENERAL MOTORS** ) |
| | **CORPORATION;** ) |
| 4 | **HOKE INCORPORATED;** ) |
| | **IMO INDUSTRIES, INC.** (sued ) |
| 5 | individually and as successor-in-interest to ) |
| 6 | DELAVAL TURBINE, INC.); ) |
| | **J.T. THORPE & SON, INC.;** ) |
| 7 | **JOHN CRANE, INC.;** ) |
| | **LESLIE CONTROLS, INC.;** ) |
| 8 | **M. SLAYEN AND ASSOCIATES, INC.;** ) |
| | **MUELLER CO.;** ) |
| 9 | **NATIONAL SERVICE INDUSTRIES** ) |
| 10 | f/k/a NORTH BROTHERS, INC.; ) |
| | **NITRAM ENERGY, INC.** (sued ) |
| 11 | individually and as successor-in-interest to ) |
| | ALCO PRODUCTS); ) |
| 12 | **THE NORTHROP GRUMMAN** ) |
| | **FOUNDATION** (sued individually and as ) |
| 13 | successor-in-interest to LITTON ) |
| 14 | INDUSTRIES); ) |
| | **PARKER-HANNIFIN CORPORATION** ) |
| 15 | (sued individually and as successor-in- ) |
| | interest to SACOMO SIERRA and ) |
| 16 | SACOMO MANUFACTURING CO.); ) |
| | **PLANT INSULATION COMPANY;** ) |
| 17 | **RAPID-AMERICAN CORPORATION** ) |
| | (sued as successor in interest to PHILIP ) |
| 18 | CAREY MANUFACTURING ) |
| | CORPORATION); ) |
| 19 | **SEPCO CORPORATION;** ) |
| | **SPENCE ENGINEERING COMPANY,** ) |
| 20 | **INC.;** ) |
| | **STERLING FLUID SYSTEMS, INC.** ) |
| 21 | f/k/a PEERLESS PUMP COMPANY; ) |
| 22 | **VELAN VALVE CORPORATION;** ) |
| | **VIAD CORPORATION** f/k/a THE DIAL ) |
| 23 | CORPORATION (sued individually and as ) |
| | successor-in-interest to GRISCOM- ) |
| 24 | RUSSELL COMPANY); ) |
| | **WARREN PUMPS, LLC;** ) |
| 25 | **WEIR VALVES & CONTROLS USA,** ) |
| | **INC.** f/k/a ATWOOD & MORRILL; ) |
| 26 | **THE WILLIAM POWELL COMPANY;** ) |
| 27 | **YARWAY CORPORATION,** ) |
| | and **DOES 1-450** INCLUSIVE, ) |
| 28 | |

Defendants.

2

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

GENERAL ALLEGATIONS

COME NOW Plaintiffs **TED MUNN** and **DONNA MUNN** (hereinafter "Plaintiffs") and complain and allege as follows:

1.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venture of his co-defendants, and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, defendants **ARMSTRONG INTERNATIONAL, INC.; BUFFALO PUMPS, INC.** (sued individually and as successor-in-interest to BUFFALO FORGE COMPANY); **CBS CORPORATION** f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION); **CLA-VAL CO.; CRANE CO.** (sued individually and as successor-in-interest to CHAPMAN VALVE COMPANY); **CROWN CORK & SEAL CO., INC.** (sued individually and as successor-in-interest to MUNDET CORK COMPANY); **FLOWSERVE US INC.** (sued individually and as successor-in-interest to DURCO INTERNATIONAL and EDWARD VALVES INC.); **FMC CORPORATION** (sued individually and as successor-in-interest to PEERLESS PUMP COMPANY); **FOSTER WHEELER ENERGY CORPORATION; GARLOCK SEALING TECHNOLOGIES, L.L.C.** (sued individually and as successor-in-interest to GARLOCK, INC.); **GENERAL**

3

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1  ELECTRIC COMPANY; GENERAL MOTORS CORPORATION; HOKE INCORPORATED;

2  IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DELAVAL TURBINE,

3  INC.); J.T. THORPE & SON, INC.; JOHN CRANE, INC.; LESLIE CONTROLS, INC.; M.

4  SLAYEN AND ASSOCIATES, INC.; MUELLER CO.; NATIONAL SERVICE INDUSTRIES

5  f/k/a NORTH BROTHERS, INC.; NITRAM ENERGY, INC. (sued individually and as successor-in-

6  interest to ALCO PRODUCTS); THE NORTHROP GRUMMAN FOUNDATION (sued

7  individually and as successor-in-interest to LITTON INDUSTRIES); PARKER-HANNIFIN

8  CORPORATION (sued individually and as successor-in-interest to SACOMO SIERRA and

9  SACOMO MANUFACTURING CO.); PLANT INSULATION COMPANY; RAPID-AMERICAN

10 CORPORATION (sued as successor in interest to PHILIP CAREY MANUFACTURING

11 CORPORATION); SEPCO CORPORATION; SPENCE ENGINEERING COMPANY, INC.;

12 STERLING FLUID SYSTEMS, INC. f/k/a PEERLESS PUMP COMPANY; VELAN VALVE

13 CORPORATION; VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually

14 and as successor-in-interest to GRISCOM-RUSSELL COMPANY); WARREN PUMPS, L.L.C.;

15 WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL; THE WILLIAM

16 POWELL COMPANY; YARWAY CORPORATION, and DOES 1-450 inclusive, were

17 individuals, corporations, partnerships and/or unincorporated associations organized and existing

18 under and by virtue of the laws of the State of California, or the laws of some other state or foreign

19 jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing

20 business in the State of California, or the laws of some other state or foreign jurisdiction, and that said

21 defendants, and each of them, were and are authorized to do and are doing business in the State of

22 California, and that said defendants have regularly conducted business in the County of Los Angeles,

23 State of California.

24      3.      Plaintiffs allege herein that Plaintiff TED MUNN developed malignant mesothelioma

25 as a result of exposure to asbestos from defendants' asbestos, asbestos-containing products and/or

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

products designed to be used in association with asbestos products ("Defendants' Products"), including: **ARMSTRONG INTERNATIONAL, INC.** (for Armstrong steam traps); **BUFFALO PUMPS, INC.** (sued individually and as successor-in-interest to BUFFALO FORGE COMPANY) (for Buffalo pumps); **CBS CORPORATION** f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION) (for Westinghouse blowers and condensers); **CLA-VAL CO.** (for Cla-Val valves); **CRANE CO.** (sued individually and as successor-in-interest to CHAPMAN VALVE COMPANY) (for Crane and Chapman valves, compressors and Cranite gaskets); **CROWN CORK & SEAL CO., INC.** (sued individually and as successor-in-interest to MUNDET CORK COMPANY) (for Mundet block insulation); **FLOWSERVE US INC.** (sued individually and as successor-in-interest to DURCO INTERNATIONAL and EDWARD VALVES INC.) (for Durco and Edward valves); **FMC CORPORATION** (sued individually and as successor-in-interest to PEERLESS PUMP COMPANY) (for Peerless pumps); **FOSTER WHEELER ENERGY CORPORATION** (for Foster Wheeler condensers); **GARLOCK SEALING TECHNOLOGIES, L.L.C.** (sued individually and as successor-in-interest to GARLOCK, INC.) (for Garlock gaskets and packing); **GENERAL ELECTRIC COMPANY** (for General Electric turbines and generators); **GENERAL MOTORS CORPORATION** (for General Motors diesel engines); **HOKE INCORPORATED** (for Hoke valves); **IMO INDUSTRIES, INC.** (sued individually and as successor-in-interest to DELAVAL TURBINE, INC.) (for DeLaval pumps); **J.T. THORPE & SON, INC.** (as a supplier of asbestos insulation); **JOHN CRANE, INC.** (for John Crane gaskets); **LESLIE CONTROLS, INC.** (for Leslie valves); **M. SLAYEN AND ASSOCIATES, INC.** (as an insulation contractor); **MUELLER CO.** (for Mueller valves); **NATIONAL SERVICE INDUSTRIES** f/k/a NORTH BROTHERS, INC. (as a supplier of asbestos fibers); **NITRAM ENERGY, INC.** (sued individually and as successor-in-interest to ALCO PRODUCTS) (for Alco valves); **THE NORTHROP GRUMMAN FOUNDATION** (sued individually and as successor-in-interest to LITTON INDUSTRIES) (as an

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

employer defendant); **PARKER-HANNIFIN CORPORATION** (sued individually and as successor-in-interest to SACOMO SIERRA and SACOMO MANUFACTURING CO.) (for Sacomo gaskets); **PLANT INSULATION COMPANY** (as a supplier of asbestos fibers); **RAPID-AMERICAN CORPORATION** (sued as successor in interest to PHILIP CAREY MANUFACTURING CORPORATION) (as a distributor of Carey insulation); **SEPCO CORPORATION** (for Sepco gaskets); **SPENCE ENGINEERING COMPANY, INC.** (for Spence valves); **STERLING FLUID SYSTEMS, INC.** f/k/a PEERLESS PUMP COMPANY (for Peerless pumps); **VELAN VALVE CORPORATION** (for Velan valves); **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell distilling plants); **WARREN PUMPS, L.L.C.** (for Warren pumps); **WEIR VALVES & CONTROLS USA, INC.** f/k/a ATWOOD & MORRILL (for Atwood & Morrill valves); **THE WILLIAM POWELL COMPANY** (for Powell valves); **YARWAY CORPORATION** (for Yarway valves, and steam traps).

    4.    Plaintiffs hereby disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, which expressly excludes U.S. Navy vessels. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party Defendant committed at the direction of an officer of the United States Government.

**FIRST CAUSE OF ACTION**

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

    5.    Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

    6.    At all times herein mentioned, each of the named defendants and DOES 1 through 450

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  was the successor, successor in business, successor in product line or a portion thereof, parent,

2  subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

3  researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

4  distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

5  contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

6  packaging and advertising asbestos, and products containing asbestos, including but not limited to,

7  those products identified in paragraph 3 above. Said entities shall hereinafter collectively be called

8  "alternate entities." Each of the herein named defendants is liable for the tortious conduct of each

9  successor, successor in business, successor in product line or a portion thereof, assign, predecessor in

10  product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

11  owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing,

12  warranted, re-branded, manufactured for others and advertised asbestos, and products containing

13  asbestos. The following defendants, and each of them, are liable for the acts of each and every

14  "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy

15  against each such "alternate entity"; defendants, and each of them, have acquired the assets, product

16  line, or a portion thereof, of each such "alternate entity"; defendants, and each of them, have caused

17  the destruction of Plaintiffs' remedy against each such "alternate entity"; each such defendant has the

18  ability to assume the risk-spreading role of each such "alternate entity"; and that each such defendant

19  enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BUFFALO PUMPS, INC. | BUFFALO FORGE COMPANY |
| CBS CORPORATION | VIACOM INC. |
| | WESTINGHOUSE ELECTRIC CORPORATION |
| | BF STURTEVANT |
| | VIACOM INTERNATIONAL, INC. |
| | VIACOM PLUS |
| CRANE CO. | CRANE ENVIRONMENTAL |
| | CRANE PUMPS AND SYSTEMS |
| | VALVE SERVICES |
| | CRANE VALVE GROUP |
| | CRANE SUPPLY |
| | CHAPMAN VALVE CO. |
| | DEMING PUMPS |
| | JENKINS VALVES |

7

| | |
|---|---|
| 1 | COCHRANE FEED TANKS |
| 2 | COCHRANE DIVISION |
| | CHEMPUMP |
| 3 | CROWN CORK & SEAL CO., INC. |
| 4 | CROWN HOLDINGS, INC. |

CROWN CORK & SEAL CO., INC.
CROWN HOLDINGS, INC.
MUNDET CORK COMPANY

FLOWSERVE CORPORATION
FLOWSERVE PUMP CORPORATION
EDWARD VALVE INC.
EDWARD VOGT VALVE COMPANY
JOHNSTON PUMP COMPANY
BW/IP INTERNATIONAL, INC. (f/k/a
BYRON JACKSON PUMP DIVISION)
BYRON JACKSON PUMP COMPANY
PACIFIC PUMPS
NORDSTROM VALVES, INC.
NORDSTROM AUDCO, LLC
MERCO-NORDSTROM VALVE COMPANY
KAMMER VALVES INC.
KAMMER CONTROL VALVES
KAMMER VENTILE
DURION CASTINGS COMPANY
THE DURIRON COMPANY, INC.
DURCO INTERNATIONAL, INC.
ALDRICH
ALDRICH DARLING VALVE

FMC CORPORATION
PEERLESS PUMP COMPANY
McNALLY INDUSTRIES-NORTHERN PUMP
FMC AGRICULTURAL PRODUCTS
FMC BIOPOLYMER
FMC LITHIUM
FMC ALKALI CHEMICALS
FMC FORET
NORTHERN PUMP COMPANY

FOSTER WHEELER ENERGY CORPORATION
FOSTER WHEELER BOILER CORPORATION
FOSTER WHEELER CONTRACTORS, INC.
FOSTER WHEELER CORPORATION
FOSTER WHEELER DEVELOPMENT CORP.
FOSTER WHEELER ENERGY RESOURCES
INC.
FOSTER WHEELER ENERGY SERVICES,
INC.
FOSTER WHEELER ENVIRESPONSE, INC.
FOSTER WHEELER ENVIRONMENTAL
CORPORATION
FOSTER WHEELER POWER GROUP, INC.
FOSTER WHEELER POWER SYSTEMS, INC.
FOSTER WHEELER PYROPOWER, INC.
FOSTER WHEELER REALTY SERVICES,
INC.
FOSTER WHEELER USA CORPORATION

GARLOCK SEALING TECHNOLOGIES, LLC
GARLOCK, INC.
GARLOCK SEALING TECHNOLOGIES

8

|   |   |   |
|---|---|---|
| 1 | | GULFWESTERN |
| 2 | | GARLOCK FLUIDTEC PRODUCTS |
|   | | GARLOCK HELICOFLEX |
| 3 | | GARLOCK METALLIC GASKETS |
|   | | GARLOCK RUBBER TECHNOLOGIES |
| 4 | | BELMONT PACKING & RUBBER CO. |
|   | | GARLOCK PACKING CO. |
| 5 | | U.S. GASKET CO. |
| 6 | GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC. |
| 7 | | GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY |
| 8 | | GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY |
| 9 | | GENERAL ELECTRIC TRADING COMPANY |
| 10 | GENERAL MOTORS CORPORATION | DELCO |
|   | | AC-DELCO |
| 11 | | AC SPARK PLUG COMPANY |
|   | | GARWOOD INDUSTRIES, INC. |
| 12 | | GENERAL MOTORS ACCEPTANCE CORPORATION |
| 13 | | GENERAL MOTORS OVERSEAS DISTRIBUTION CORPORATION |
| 14 | IMO INDUSTRIES, INC. | DE LAVAL TURBINE INC. |
| 15 | | WARREN PUMPS, INC. |
|   | | COLFAX CORPORATION |
| 16 | | IMO PUMP |
|   | | IMO AB |
| 17 | | COLFAX PUMP GROUP |
|   | | ALLWEILER |
| 18 | | HOUTTUIN |
| 19 | JOHN CRANE, INC. | JOHN CRANE-HOUDAILLE, INC. |
|   | | HOUDAILLE JOHN CRANE, INC. |
| 20 | LESLIE CONTROLS, INC. | CIRCOR INTERNATIONAL, INC. |
| 21 | | KIELEY & MUELLER, INC. |
| 22 | NATIONAL SERVICES INDUSTRIES | NORTH BROTHERS, INC. |
| 23 | NITRAM ENERGY, INC. | ALCO PRODUCTS |
| 24 | THE NORTHROP GRUMMAN FOUNDATION | LITTON INDUSTRIES |
| 25 | PARKER-HANNIFIN CORPORATION | SACOMO SIERRA |
|   | | SACOMO MANUFACTURING CO. |
| 26 | | BERTEA CORPORATION |
|   | | SEITZ INDUSTRIAL PRODUCTS, INC. |
| 27 | | AREMAC ASSOCIATES |
| 28 | RAPID-AMERICAN CORPORATION | KENTON CORPORATION |
|   | | PHILIP CAREY MANUFACTURING CORPORATION |

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | |
|---|---|
| STERLING FLUID SYSTEMS (AMERICAS) INC. | STERLING FLUID SYSTEMS (CANADA) LTD.<br>STERLING FLUID SYSTEMS (COLOMBIA) LTD.<br>PEERLESS PUMP COMPANY<br>LaBOUR PUMP COMPANY<br>STERLING PEERLESS PUMPS |
| VIAD CORPORATION | THE DIAL CORPORATION<br>GRISCOM-RUSSELL COMPANY |
| WARREN PUMPS LLC | WARREN PUMPS INC.<br>WARREN PUMPS-HOUDAILLE, INC.<br>COLFAX PUMP GROUP<br>ALWEILER AG<br>HOUTTUIN BV<br>IMO PUMP<br>ZENITH PUMPS<br>QUIMBY PUMP CO. |
| WEIR VALVE & CONTROLS USA, INC. | ATWOOD & MORRILL CO.,INC.<br>THE WEIR GROUP PLC<br>WEIR MINERALS<br>WEIR CLEAR LIQUID<br>WEIR VALVES & CONTROLS<br>WEIR SERVICES<br>WEIR TECINA<br>A & M VALVE<br>HOPHOLD A & M, INC. |
| THE WILLIAM POWELL COMPANY | POWELL VALVES |
| YARWAY CORPORATION | GIMPEL CORP. |

7.     At all times herein mentioned, defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter Defendants' Products).

8.     At all times herein mentioned, defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold,

10

1  inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded,
2  manufactured for others, packaged, and advertised Defendants' Products, including but not limited to
3  those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably
4  dangerous because they released respirable asbestos fibers which resulted in personal injuries to users,
5  consumers, workers, bystanders, and others, including Plaintiff TED MUNN   herein (hereinafter
6  collectively called "exposed person").   Said products were used at all times in a manner that was
7  reasonably foreseeable to defendants, their "alternate entities," and each of them, thereby rendering said
8  products unsafe and dangerous for use by "exposed person". Plaintiffs herein allege that TED MUNN's
9  exposures to Defendants' Products, including but not limited to those products identified in paragraph 3
10 above (hereinafter referred to as "defendants' products" or "defendants' asbestos and asbestos-
11 containing products"), were a substantial contributing factor in the development of his malignant
12 mesothelioma, and therefore proximately caused Plaintiff TED MUNN 's injuries.

13      9.      Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable
14 care while engaging in the activities mentioned above and each defendants breached said duty of
15 reasonable care in that defendants, and each of them, failed to safely and adequately design, manufacture
16 and/or sell defendants' products; failed to test said products; failed to investigate the hazards of said
17 products; failed to warn "exposed person", including Plaintiff TED MUNN, of the health hazards of
18 using defendants' products; failed to disclose the known or knowable dangers of using defendants'
19 products; failed to obtain suitable alternative materials to asbestos when such alternatives were
20 available; and as otherwise stated herein.

21      10.     The defendants' products were and are hazardous to the health and safety of Plaintiff, and
22 others in Plaintiff's position working with and in close proximity to such products, and since on or
23 before 1930, the hazards and dangerous propensities of the defendants' products were both known and
24 knowable to the defendants, their "alternate entities", and each of them, through the use of medical
25 and/or scientific data and other knowledge available to defendants, their "alternate entities", and each of
26 them at the time of defendants' manufacture, distribution, sale, research, study, fabrication, design,
27 modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,
28 installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

11

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1    others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

2    propensities of asbestos presented a substantial danger to users, including Plaintiff, TED MUNN, of

3    Defendants' Products through the intended and reasonably foreseeable use of those products.

4         11.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

5    known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

6    intended and reasonably foreseeable manner.

7         12.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

8    known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,

9    sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed

10   in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and

11   dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff TED

12   MUNN herein, would be exposed to said hazardous and dangerous asbestos fibers.  Defendants, their

13   "alternate entities", and each of them, knew or reasonably should have known that users, such as

14   Plaintiff TED MUNN and others in his position, working with and in close proximity to Defendants'

15   Products would not realize or know the danger.  Defendants, their "alternate entities," and each of them

16   negligently failed to adequately warn or instruct of the dangers of the products.  A reasonable designer,

17   manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances,

18   would have warned of the dangers to avoid exposing others to a foreseeable risk of harm.  The negligent

19   failure of defendants, their "alternate entities," and each of them to warn was a substantial factor in

20   causing harm to Plaintiff TED MUNN.

21        13.    Plaintiff TED MUNN   used, handled, or was otherwise exposed to asbestos from

22   Defendants' Products referred to herein in a manner that was reasonably foreseeable to defendants and

23   each of them.  Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

24   **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

25        14.    As a direct and proximate result of the conduct of the defendants, their "alternate

26   entities", and each of them, as aforesaid, Plaintiff TED MUNN's exposure to asbestos from use of

27   Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along

28   with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

12

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

to Defendants' Products, are set forth in **Exhibit "B",** which is attached hereto and incorporated by reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to Defendants' Products over a period of time.

15.    Plaintiff TED MUNN suffers from malignant pleural mesothelioma, caused by exposure to asbestos including those products identified in paragraph 3 above. Plaintiff TED MUNN was not aware at the time of exposure that Defendants' Products presented any risk of injury and/or disease.

16.    As a direct and proximate result of the aforesaid conduct of defendants, their "alternate entities," and each of them, Plaintiff TED MUNN has suffered and will continue to suffer permanent injuries and future injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

17.    As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities", and each of them, Plaintiff TED MUNN has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.    As a further direct and proximate result of the said conduct of the defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

19.    Plaintiffs further allege that defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff TED MUNN, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.

13
COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   Although defendants, and each of them, knew of the substantial risks associated with exposure to

2   asbestos, they willfully and knowingly concealed such information from the users of their asbestos

3   and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed

4   person", including Plaintiff TED MUNN.

5          (b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and

6   financially supported industry organizations, including but not limited to the Gypsum Association,

7   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

8   of defendants, their "alternate entities", and each of them, actively promoted the suppression of

9   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

10  misleading Plaintiff TED MUNN  as to the safety of their products.  Through their participation and

11  association with such industry organizations, defendants and each of them knowingly and deliberately

12  concealed and suppressed the true information regarding asbestos and its dangers, and propagated

13  misinformation intended to instill in users of Defendants' Products a false security about the safety of

14  their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of

15  the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions

16  in this committee were held many times regarding the dangers inherent in asbestos and the dangers,

17  which arise from the lack of control of dust, and such information was suppressed from public

18  dissemination from 1946 to a date unknown to Plaintiff TED MUNN  at this time;

19         (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

20  Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

21  Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed

22  medical and scientific information of the connection between the inhalation of asbestos fibers and

23  asbestosis, which information was disseminated through the Asbestos Textile Institute and other

24  industry organizations to all other defendants, their "alternate entities", and each of them, herein.

25  Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide

26  this information to consumers;

27         (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff TED

28  MUNN and others of the nature of said materials which were dangerous when breathed and which could

14

cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff TED MUNN with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff TED MUNN and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff TED MUNN and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff TED MUNN so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

20.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

21.     The herein-described conduct of said defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1  to the safety and health of "exposed person," including Plaintiff TED MUNN, in that defendants, and

2  each of them, continued to manufacture, market and/or sell dangerous products known to cause severe,

3  permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of

4  their products, in order to continue to profit financially therefrom.  Defendants, their "alternate entities",

5  and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched

6  and loathsome as to be looked down upon and despised by ordinary people and justifies an award of

7  punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of

8  example and by way of punishing said defendants, seek punitive damages according to proof.

9      22.    Defendants and each of them engaged in conduct which was intended by defendants and

10  each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the

11  defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

12  TED MUNN.

13      23.    Defendants, and each of them, engaged in the despicable conduct described herein that

14  subjected persons, including Plaintiff TED MUNN , to cruel and unjust hardship in the form of sever,

15  debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of

16  those persons' rights.

17      24.    As a direct and proximate result of such intentional conduct by defendants, their

18  "alternate entities" and each of them, Plaintiff TED MUNN sustained the injuries and damages alleged

19  herein.

20      WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities", and

21  each of them, as hereinafter set forth.

22                      **SECOND CAUSE OF ACTION**

23                          (Strict Liability)

24      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
   FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR
25  "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

26      25.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and

27  every one of the general allegations and the allegations contained in the First Cause of Action herein.

28      26.    Defendants, their "alternate entities", and each of them, sold the aforementioned

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and

2  risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

3  have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, TED

4  MUNN , and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm

5  to Plaintiff TED MUNN  and others in Plaintiff's position working with and in close proximity to such

6  products.

7       27.    Defendants' Products were defective and unsafe for their intended purpose and

8  foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

9  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed,

10  said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos

11  fibers by exposed person, including Plaintiff TED MUNN .  The defect existed in all of said products

12  when they left the possession of the defendants, their "alternate entities," and each of them.  At the time

13  Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close

14  proximity to such products, the products were substantially the same as when they left the possession of

15  the defendants, their "alternate entities," and each of them and/or any changes made to the products after

16  they left the possession of defendants, their "alternate entities", and each of them were reasonably

17  foreseeable to defendants, their "alternate entities", and each of them.  Defendants' asbestos and

18  asbestos products were used by Plaintiff TED MUNN, and others in Plaintiff's position working with

19  and in close proximity to such products, in a way that was reasonably foreseeable to defendants, and

20  each of them.  The defect in said products was a substantial factor in causing harm and personal injuries

21  to Plaintiff TED MUNN, including malignant mesothelioma, while being used in a reasonably

22  foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for

23  their ordinary and intended use.

24       28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'

25  Products failed to perform as safely as an ordinary consumer would have expected in that defendants'

26  products, and each of them, during their ordinary and intended use, and such hazardous exposures

27  lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including

28  asbestosis, lung cancer, mesothelioma and other cancers in humans.  Plaintiffs further allege that

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    "exposed person", including Plaintiff TED MUNN , were unaware of the harmful effects of asbestos and

2    further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and

3    thus the failure of defendants' products to perform as safely as Plaintiff TED MUNN  had reason to

4    expect was a substantial factor in causing his injuries.

5          29.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff TED

6    MUNN has suffered the injuries and damages alleged herein.

7          30.    Plaintiffs further allege that defendants, their "alternate entities", and each of them, also

8    engaged in the following wrongful acts:

9          (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

10   including Plaintiff TED MUNN, medical and scientific information concerning the health hazards

11   associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.

12   Although defendants, and each of them, knew of the substantial risks associated with exposure to

13   asbestos, they willfully and knowingly concealed such information from the users of their asbestos

14   and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed

15   person", including Plaintiff TED MUNN.

16         (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

17   financially supported industry organizations, including but not limited to the Gypsum Association,

18   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

19   of defendants, their "alternate entities", and each of them, actively promoted the suppression of

20   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

21   misleading Plaintiff TED MUNN  as to the safety of their products.  Through their participation and

22   association with such industry organizations, defendants and each of them knowingly and deliberately

23   concealed and suppressed the true information regarding asbestos and its dangers, and propagated

24   misinformation intended to instill in users of Defendants' Products a false security about the safety of

25   their products.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of

26   the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions

27   in this committee were held many times regarding the dangers inherent in asbestos and the dangers,

28   which arise from the lack of control of dust, and such information was suppressed from public

18

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1    dissemination from 1946 to a date unknown to Plaintiff TED MUNN at this time;

2         (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

3    Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

4    Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed

5    medical and scientific information of the connection between the inhalation of asbestos fibers and

6    asbestosis, which information was disseminated through the Asbestos Textile Institute and other

7    industry organizations to all other defendants, their "alternate entities", and each of them, herein.

8    Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide

9    this information to consumers;

10        (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff TED

11   MUNN and others of the nature of said materials which were dangerous when breathed and which could

12   cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate

13   entities", and each of them, possessed knowledge and were under a duty to disclose that said materials

14   were dangerous and a threat to the health of persons coming into contact therewith;

15        (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff TED

16   MUNN with information concerning adequate protective masks and other equipment devised to be used

17   when applying, mixing, installing and sanding the products of the defendants, their "alternate entities",

18   and each of them, despite knowing that such protective measures were necessary, and that they were

19   under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff TED

20   MUNN and others applying and installing such material;

21        (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that

22   Plaintiff TED MUNN and anyone similarly situated, upon inhalation of asbestos would, in time, have a

23   substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma

24   and/or cancer;

25        (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

26   the true nature of the hazards of asbestos materials and that exposure to these material would cause

27   pathological effects without noticeable trauma to the public, including buyers, users, and physicians

28   employed by Plaintiff TED MUNN so that said physicians could not examine, diagnose, and treat

19

1  Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate
2  entities", and each of them, were under a duty to so inform and said failure was misleading; and

3      31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and
4  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,
5  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and
6  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of
7  them, and each defendant's officers, directors, and managing agents participated in, authorized,
8  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of
9  their "alternate entities" as set forth herein.

10     32.    The herein-described conduct of said defendants, their "alternate entities", and each of
11 them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference
12 to the safety and health of "exposed person," including Plaintiff TED MUNN, in that defendants, and
13 each of them, continued to manufacture, market and/or sell dangerous products known to cause severe,
14 permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of
15 their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities",
16 and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched
17 and loathsome as to be looked down upon and despised by ordinary people and justifies an award of
18 punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of
19 example and by way of punishing said defendants, seek punitive damages according to proof.

20     33.    Defendants and each of them engaged in conduct which was intended by defendants and
21 each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the
22 defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff
23 TED MUNN.

24     34.    Defendants, and each of them, engaged in the despicable conduct described herein that
25 subjected persons, including Plaintiff TED MUNN, to cruel and unjust hardship in the form of sever,
26 debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of
27 those persons' rights.

28     35.    As a direct and proximate result of such intentional conduct by defendants, their

20

1  "alternate entities" and each of them, Plaintiff TED MUNN sustained the injuries and damages alleged

2  herein.

3      WHEREFORE, Plaintiffs pray for judgment against defendants, and their "alternate entities",

4  and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Loss of Consortium)

AS AND FOR A FURTHER FOURTH SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF DONNA MUNN  COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

10      36.    Plaintiff DONNA MUNN incorporates by reference, each and every allegation contained

11  in the general allegations and in the First, Second and Third Causes of Action herein.

12      37.    Plaintiffs TED MUNN  and DONNA MUNN were married on November 17, 1973, and

13  at all times relevant to this action were, and are now, husband and wife.

14      38.    Prior to Plaintiff TED MUNN's injuries as alleged, he was able and did perform duties as

15  a spouse.  Subsequent to the injuries and as a proximate result thereof, plaintiff TED MUNN  has been

16  unable to perform the necessary duties as a spouse and the work and services usually performed in the

17  care, maintenance, and management of the family home, and he will be unable to perform such work,

18  service and duties in the future.  As a proximate result thereof, DONNA MUNN has been permanently

19  deprived and will be deprived of the consortium of her spouse, including the performance of duties, all

20  to her damages, in an amount presently unknown but which will be proved at the time of trial.

21      39.    Plaintiff DONNA MUNN's discovery of this cause of her loss of consortium, as herein

22  alleged, first occurred within one year of the date this Complaint was filed.

23      40.    As a direct and proximate result of the acts of defendants, their "alternate entities", and

24  each of them, and the severe injuries caused thereby to plaintiff TED MUNN  as set forth in this

25  complaint, plaintiff DONNA MUNN has suffered, and for a long period of time will continue to suffer,

26  loss of consortium, including, but not limited, loss of services, marital relations, society, comfort,

27  companionship, love and affection of said spouse, and has suffered severe mental and emotional distress

28  and general nervousness as a result thereof.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    41.    WHEREFORE, plaintiffs pray for judgment against defendants, their "alternate entities",

2  and each of them, in an amount to be proved at trial in each individual case, as follows:

3    Plaintiff TED MUNN:

4       1.    For plaintiff's general damages according to proof;

5       2.    For plaintiff's loss of income, wages, and earning potential according to proof;

6       3.    For plaintiff's medical and related expenses according to proof;

7    Plaintiff DONNA MUNN:

8       4.    For plaintiff's damages for loss of consortium and/or society according to proof;

9       5.    For plaintiff's loss of income, wages, and earning potential according to proof;

10      6.    For plaintiff's medical and related expenses according to proof;

11   Plaintiffs TED MUNN and DONNA MUNN:

12      7.    For plaintiffs' cost of suit herein;

13      8.    For exemplary or punitive damages according to proof;

14      9.    For such other and further relief as the Court may deem just and proper, including

15  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

16  provisions of law.

17  DATED: October 17, 2007                    **SIMON, EDDINS & GREENSTONE, LLP**

18

19                                             By: _____

20                                             JENNIFER L. BARTLETT
                                               H. W. TREY JONES
21                                             Attorneys for Plaintiffs

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

<u>DEMAND FOR JURY TRIAL</u>

2

Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4

DATED: October 17, 2007

**SIMON, EDDINS & GREENSTONE, LLP**

5

6

By:

7

JENNIFER L. BARTLETT
H. W. TREY JONES

8

Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS</u>

1

## EXHIBIT "A"

2

Plaintiff TED MUNN's exposure to asbestos and asbestos-containing products occurred at

3

various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| U.S. Navy | USS Rogers (DD/DDR-876) San Diego Charleston, South Carolina Korea | Boiler Technician | 1959-1963 |
| Ingalls Shipbuilding Plant | Pascagoula, Mississippi | Crane Operator | 1964-1968 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT "B"

Plaintiff TED MUNN's exposure to Defendants' Products caused severe and permanent injury to Plaintiff TED MUNN including, but not limited to, mesothelioma.  Plaintiff was diagnosed with mesothelioma on or about August 24, 2007.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS