(JTLx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00501-R -JTL

| | |
|---|---|
| Larry Lindquist et al v. CLA-VAL Co. et al | Date Filed: 01/25/2008 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 03/30/2009 |
| Referred to: Magistrate Judge Jennifer T. Lum | Jury Demand: None |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court State of CA County Los Angeles, BC382728 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

**Larry Lindquist**                    represented by   **Brian P Barrow**
Simon Eddins and Greenstone
301 Ocean Boulevard, Suite 1950
Long Beach, CA 90802
562-590-3400
Email: bbarrow@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ethan A Horn**
Simon Eddins and Greenstone
301 East Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
Simon Eddins and Greenstone
301 E Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone
301 East Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400

Fax: 562-590-3412
Email: reddins@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sheryl Lindquist**                    represented by    **Brian P Barrow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ethan A Horn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CLA-VAL Co.**                         represented by    **Erica M Sorosky**
Palmieri Tyler Wiener Wilhelm and
Waldron
2603 Main Street Suite 1300
Irvine, CA 92614
949-851-7271
Fax: 949-757-1225
Email: esorosky@ptwww.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia A Gowin**
Hawkins Parnell Thackston & Young LLP
444 S. Flower Street
Suite 1100
Los Angeles, CA 90071
213-486-8022
Fax: 213-486-8080
Email: jgowin@hptylaw.com
*TERMINATED: 09/16/2008*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Fryer-Knowles, Inc.**                    represented by **Michael Karatov**
                                                          Connor and Bishop
                                                          44Montgomery Street Suite 1750
                                                          San Francisco, CA 94104
                                                          415-434-3006
                                                          Email: mkaratov@connbish.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**               represented by **James L Nelson**
                                                          Sedgwick Detert Moran and Arnold
                                                          801 S Figueroa St, 18th Fl
                                                          Los Angeles, CA 90017-5556
                                                          213-426-6900
                                                          Email: james.nelson@sdma.com
                                                          *TERMINATED: 02/12/2008*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Katherine Paige Gardiner**
                                                          Sedgwick Detert Moran and Arnold
                                                          Steuart Tower
                                                          One Market Plaza 8th Floor
                                                          San Francisco, CA 94105
                                                          415-781-7900
                                                          Fax: 415-781-2635
                                                          Email: katherine.gardiner@sdma.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**                       represented by **Peter B Langbord**
*sued individually and*                                   Foley and Mansfield PLLP
*Successor*                                               300 South Grand Ave., Suite 2800
Griscom-Russell Company                                   Los Angeles, CA 90071
*formerly known as*                                       213-283-2100
The Dial Corporation                                      Fax: 213-283-2101
                                                          Email: plangbord@foleymansfield.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-450 Inclusive*

**Defendant**

**Spirol International Corporation**

represented by **Dawn M Ceizler**
Glynn and Finley
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
925-210-2800
Email: dceizler@glynnfinley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2008 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California for the County of Los Angeles, case number BC382728 with conformed copy of summons and complaint. Case assigned to Judge George P. Schiavelli, Discovery to Magistrate Judge Andrew J. Wistrich. (Filing fee $ 350 PAID. ), filed by defendant Viad Corporation.(ghap) Additional attachment(s) added on 1/30/2008 (lra, ). (Entered: 01/30/2008) |
| 01/25/2008 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by defendant Viad Corporation. (Filed in State Court on 1/18/08 submit attached Exhibit D)(ghap) (Entered: 01/30/2008) |
| 01/25/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation. (ghap) Additional attachment(s) added on 1/30/2008 (lra, ). (Entered: 01/30/2008) |
| 01/25/2008 | 3 | NOTICE OF TAG-ALONG ACTION filed by defendant Viad Corporation. (ghap) Additional attachment(s) added on 1/30/2008 (lra, ). (Entered: 01/30/2008) |
| 01/25/2008 | 4 | PROOF OF SERVICE filed by defendant Viad Corporation, re Certificate of Interested Parties 2 , Notice of Removal, 1 , Notice (Other) 3 served on 1/25/08. (ghap) Additional attachment(s) added on 1/30/2008 (lra, ). (Entered: 01/30/2008) |
| 01/25/2008 | | FAX number for Attorney Peter B Langbord is 626-744-1702. (ghap) (Entered: 01/30/2008) |
| 01/25/2008 | | FAX number for Attorneys Jennifer L Bartlett, Ronald Cary Eddins, Ethan A Horn is 562-590-3412. (ghap) (Entered: 01/30/2008) |
| 02/01/2008 | 5 | ANSWER to Notice of Removal, 1 *JOINDER IN NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1442(a)(1), AND 1446* filed by Defendant General Electric Company General Electric Company.(Nelson, James) (Entered: 02/01/2008) |
| 02/04/2008 | 6 | OF SERVICE Viad Corporation, *re: Court Documentation, Notice of Related Cases and Notice of Related Action* served on January 30, 2008. (Langbord, Peter) (Entered: 02/04/2008) |
| 02/04/2008 | 7 | PROOF OF SERVICE Viad Corporation, *re: Notice of Adverse Party* served on January 30, 2008. (Langbord, Peter) (Entered: 02/04/2008) |
| 02/04/2008 | 8 | NOTICE OF RELATED CASES Viad Corporation. (Langbord, Peter) (Entered: 02/04/2008) |
| | | |

| 02/05/2008 | 9 | ANSWER *To Complaint* filed by Defendant Spirol International Corporation.(Ceizler, Dawn) (Entered: 02/05/2008) |
|---|---|---|
| 02/05/2008 | 10 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by Plaintiffs Larry Lindquist, Sheryl Lindquist.Motion set for hearing on 3/17/2008 at 01:30 PM before Judge George P. Schiavelli. (Attachments: # 1 Proposed Order Granting Plaintiffs Motion for Remand to State Court)(Barrow, Brian) (Entered: 02/05/2008) |
| 02/05/2008 | 11 | Certificate of Interested Parties filed by Plaintiffs Larry Lindquist, Sheryl Lindquist. (Barrow, Brian) (Entered: 02/05/2008) |
| 02/05/2008 | 12 | RESPONSE filed by Plaintiffs Larry Lindquist, Sheryl Lindquist *to Viad's Notice of Related Cases* (Barrow, Brian) (Entered: 02/05/2008) |
| 02/05/2008 | | FAX number for Attorney Brian P Barrow is 562-590-3412. (lc) (Entered: 02/06/2008) |
| 02/06/2008 | 13 | NOTICE OF CLERICAL ERROR: Due to clerical error The case will now reflect the initials of the transferee Judge CV 08-501GPS (AJWx). (ghap) (Entered: 02/06/2008) |
| 02/11/2008 | 14 | NOTICE of Related Case(s) filed by defendant General Electric Company. Related Case(s): CV 07-8338 VBF (RCx) (Gardiner, Katherine) (Entered: 02/11/2008) |
| 02/11/2008 | 15 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 -Related Case-filed. Related Case No: CV 07-2241 R (JTLx). Case transfered from Judge George P. Schiavelli and Andrew J. Wistrich to Judge Manuel L. Real and Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV08-0501 R (JTLx).Signed by Judge Manuel L. Real (rn) (Entered: 02/11/2008) |
| 02/11/2008 | 16 | NOTICE of Change of Attorney Information for attorney Katherine Paige Gardiner counsel for Defendant General Electric Company. Adding Katherine Paige Gardiner as attorney as counsel of record for Defendant General Electric Company for the reason indicated in the G-06 Notice. Filed by defendant General Electric Company (Gardiner, Katherine) (Entered: 02/11/2008) |
| 02/12/2008 | 17 | NOTICE of Change of Attorney Information for attorney Katherine Paige Gardiner counsel for Defendant General Electric Company. James L. Nelson will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.James L. Nelson is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by Defendant General Electric Company (Gardiner, Katherine) (Entered: 02/12/2008) |
| 02/13/2008 | 18 | NOTICE OF ERRATA filed by Defendant Spirol International Corporation. correcting Answer to Complaint 9 (Ceizler, Dawn) (Entered: 02/13/2008) |
| 02/14/2008 | 19 | NOTICE of Related Case(s) filed by defendant General Electric Company. Related Case(s): CV 08-008730 ABC (PLAx) (Gardiner, Katherine) (Entered: 02/14/2008) |
| 02/19/2008 | 20 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found Incorect judge's initials on the document. NOTE: In response to this notice the court may order 1) an amended or correct document to be filed 2) the document stricken or 3) take other action as the court deems appropriate.: |

| | | |
|---|---|---|
| | | RE Errata 18 (shb) (Entered: 02/19/2008) |
| 02/27/2008 | 21 | NOTICE OF RELATED CASES (AMENDED) filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 02/27/2008) |
| 02/29/2008 | 22 | MEMORANDUM in Opposition to MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 02/29/2008) |
| 02/29/2008 | 23 | DECLARATION of Lawrence Stilwell Betts, MD, PhD Opposition MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 02/29/2008) |
| 02/29/2008 | 24 | NOTICE of Manual Filing filed by Defendant General Electric Company of Exhibits A-EE To The Declaration Of Betts In Support Of GE's Opposition To Plaintiffs' Motion To Remand. (Gardiner, Katherine) (Entered: 02/29/2008) |
| 02/29/2008 | 25 | DECLARATION of David Hobson in Opposition MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 02/29/2008) |
| 02/29/2008 | 26 | DECLARATION of Admiral Ben J. Lehman in Opposition to MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 02/29/2008) |
| 02/29/2008 | 27 | NOTICE OF LODGING filed (Attachments: # 1 Proposed Order Denying Plaintiffs' Motion to Remand)(Gardiner, Katherine) (Entered: 02/29/2008) |
| 02/29/2008 | 28 | NOTICE OF LODGING filed (Gardiner, Katherine) (Entered: 02/29/2008) |
| 02/29/2008 | 29 | NOTICE OF LODGING filed (Attachments: # 1 Proposed Order Proposed Order Denying Plaintiffs' Motion to Remand)(Gardiner, Katherine) (Entered: 02/29/2008) |
| 03/03/2008 | 30 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 10 *AND MEMORANDUM OF POINTS AND AUTHORITIES* filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 03/03/2008) |
| 03/03/2008 | 31 | DECLARATION of ADMIRAL BEN J. LEHMAN, U.S. NAVY, RET. IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B - PART 1# 3 Exhibit B - PART 2# 4 Exhibit B - PART 3# 5 Exhibit B - PART 4# 6 Exhibit B - PART 5# 7 Exhibit B - PART 6# 8 Exhibit C# 9 Exhibit D - PART 1# 10 Exhibit PART 2# 11 Exhibit D - PART 3# 12 Exhibit D - PART 4)(Langbord, Peter) (Entered: 03/03/2008) |
| 03/03/2008 | 32 | DECLARATION of CHARLES R. CUSHING IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit 1)(Langbord, Peter) (Entered: 03/03/2008) |
| 03/03/2008 | 33 | REQUEST FOR JUDICIAL NOTICE (Attachments: # 1 Exhibit A# 2 Exhibit B) (Langbord, Peter) (Entered: 03/03/2008) |
| 03/03/2008 | 34 | NOTICE OF LODGING filed *[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT* (Langbord, Peter) (Entered: 03/03/2008) |
| | | |

| 03/03/2008 | 35 | PROOF OF SERVICE Viad Corporation, *RE: OPPOSITION TO MOTION TO REMAND TO STATE COURT* served on March 3, 2008. (Langbord, Peter) (Entered: 03/03/2008) |
|---|---|---|
| 03/03/2008 | 36 | NOTICE OF LODGING filed *[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT* (Langbord, Peter) (Entered: 03/03/2008) |
| 03/03/2008 | 37 | RESPONSE filed by Plaintiffs Larry Lindquist, Sheryl Lindquist *to GE's Notice of Related Cases* (Barrow, Brian) (Entered: 03/03/2008) |
| 03/03/2008 | 39 | DECLARATION of LAWRENCE STILWELL BETTS MD PHD IN SUPPORT OF OPPOSITION TO PLAINTIFFS MOTION to Remand Case to Los Angeles Superior Court 10 filed by Defendant General Electric Company. (pj) (Entered: 03/04/2008) |
| 03/04/2008 | 38 | PROOF OF SERVICE filed by defendant General Electric Company, re Notice of Removal, 1 served on March 3, 2008. (Gardiner, Katherine) (Entered: 03/04/2008) |
| 03/10/2008 | 40 | NOTICE Notice of Refiling State Court Answer to Complaint filed by defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 03/10/2008) |
| 03/10/2008 | 41 | Certificate of Interested Parties filed by Defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 03/10/2008) |
| 03/10/2008 | 44 | NOTICE TO COUNSEL by Judge Manuel L Real: This case has been assigned to the calendar of Judge Manuel L Real. Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. NONCOMPLIANCE MAY LEAD TO THEA IMPOSITION OF SANCTIONS WHICH MAY INCLUDE THE STRIKING OF THE PLEADINGS AND ENTRY OF JUDGMENT OR DISMISSAL OF THE ACTION (See document for further details) (shb) (Entered: 03/20/2008) |
| 03/11/2008 | 42 | REPLY in support *of Motion For Remand to State Court* filed by Plaintiffs Larry Lindquist, Sheryl Lindquist. (Attachments: # 1 Exhibit A and B in support of Plaintiffs Reply# 2 Exhibit C in Support of Motion for Remand)(Barrow, Brian) (Entered: 03/11/2008) |
| 03/17/2008 | 43 | STIPULATION to Dismiss defendant General Electric Company filed by defendant General Electric Company.(Gardiner, Katherine) (Entered: 03/17/2008) |
| 03/17/2008 | 45 | MINUTES OF IN CHAMBERS ORDER held before Judge Manuel L. Real: re: MOTION to Remand Case to Los Angeles Superior Court 10 . On the Court's own motion, the Motion to Remand is hereby set to he heard on 3/24/2008 at 10:00 AM before Judge Manuel L. Real. (shb) (Entered: 03/24/2008) |
| 03/24/2008 | 46 | MINUTES OF Motion Hearing held before Judge Manuel L. Real :, RE: MOTION to Remand Case to Los Angeles Superior Court 10 The matter is continued to 4/14/2008 at 10:00 AM before Judge Manuel L. Real.Court Reporter: Sheri Kleeger. (pj) (Entered: 04/01/2008) |
| 04/09/2008 | 47 | MEMORANDUM in Support of MOTION to Remand Case to Los Angeles Superior Court 10 *and in Response to Viad's Supplemental Opposition* filed by Plaintiffs Larry Lindquist, Sheryl Lindquist. (Barrow, Brian) (Entered: 04/09/2008) |
| 04/14/2008 | 48 | MINUTES OF Motion Hearing held before Judge Manuel L. Real :, DENIES the |

| | | MOTION to Remand Case to Los Angeles Superior Court 10 Court Reporter: Sheri Kleeger. (pj) (Entered: 04/14/2008) |
|---|---|---|
| 05/02/2008 | 49 | ANSWER filed by Defendant Fryer-Knowles, Inc..(Karatov, Michael) (Entered: 05/02/2008) |
| 05/02/2008 | 50 | Notice of Interested Parties filed by Defendant Fryer-Knowles, Inc.. (Karatov, Michael) (Entered: 05/02/2008) |
| 05/02/2008 | 51 | Demand for Jury Trial filed by Defendant Fryer-Knowles, Inc. re: Answer to Complaint 49 (Karatov, Michael) (Entered: 05/02/2008) |
| 05/02/2008 | 52 | CERTIFICATE OF SERVICE filed by DEFENDANT Fryer-Knowles, Inc., re Certificate of Interested Parties 50 , Answer to Complaint 49 , Miscellaneous Document 51 served on May 2, 2008. (Karatov, Michael) (Entered: 05/02/2008) |
| 05/05/2008 | 53 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected.Correct event is Jury Demand under PT and Trl Documents RE: Miscellaneous Document 51 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 05/05/2008) |
| 09/10/2008 | 54 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co.. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Co. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/10/2008) |
| 09/16/2008 | 55 | NOTICE of Change of Attorney Information for attorney Erica M Sorosky counsel for Defendant CLA-VAL Co.. Julia A. Gowin will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Julia A. Gowin is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Sorosky, Erica) (Entered: 09/16/2008) |
| 03/30/2009 | 56 | CONDITIONAL TRANSFER ORDER (CTO-319) from the Judicial Panel on Multidistrict Litigation MDL 875, transferring case to US District Court Eastern District of Pennsylvania, at Philadelphia, assigned to Judge Eduardo C. Robreno. Case electronically transferred. (MD JS-6. Case Terminated.) (Attachments: # 1 Transmittal Letter) (mg) (Entered: 03/31/2009) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/09/2010 11:56:12 | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-00501-R -JTL End date: 12/9/2010 |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

1  RON C. EDDINS, CA Bar No. 243581
2  JENNIFER L. BARTLETT, CA Bar No. 183154
   ETHAN A. HORN, CA Bar No. 190296
3  **SIMON, EDDINS & GREENSTONE, LLP**
   301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
   Telephone (562) 590-3400
5  Facsimile (562) 590-3412

6  Attorneys for Plaintiffs

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 21 2007

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
D.M. SWAIN

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF LOS ANGELES**

10

11  **LARRY LINDQUIST and SHERYL**          )   Case No.   BC382728
    **LINDQUIST,**                          )
12                                          )   THIS ACTION CONSTITUTES COMPLEX
13                        Plaintiffs,       )   ASBESTOS LITIGATION – SUBJECT TO THE
                                            )   GENERAL ORDERS CONTAINED IN FILE NO.
14            vs.                           )   C 700000 – DEPT. 59
                                            )
15  **CLA-VAL CO.;**                        )
    **FRYER-KNOWLES, INC.;**                )   **COMPLAINT FOR PERSONAL INJURY –**
16  **GENERAL ELECTRIC COMPANY;**           )   **ASBESTOS (NEGLIGENCE; STRICT**
    **VIAD CORPORATION** f/k/a THE DIAL     )   **LIABILITY; LOSS OF CONSORTIUM)**
17  CORPORATION (sued individually and as   )
    successor-in-interest to GRISCOM-       )
18  RUSSELL COMPANY);                       )
19  and **DOES 1-450** INCLUSIVE,           )
                                            )
20                        Defendants.       )

21

22

23                    GENERAL ALLEGATIONS

24          COME NOW Plaintiffs **LARRY LINDQUIST** and **SHERYL LINDQUIST**

25  (hereinafter "Plaintiffs") and complain and allege as follows:

26          1.      The true names and capacities, whether individual, corporate, associate, governmental

27  or otherwise, of defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who

28  therefore sues said defendants by such fictitious names.  When the true names and capacities of said

                                          1
**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venture of his co-defendants, and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, defendants CLA-VAL CO.; FRYER-KNOWLES, INC.; GENERAL ELECTRIC COMPANY; VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY), and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Los Angeles, State of California.

3.     Plaintiffs allege herein that Plaintiff LARRY LINDQUIST developed malignant mesothelioma as a result of exposure to asbestos from defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: CLA-VAL CO. (for Cla-Val valves); FRYER-KNOWLES, INC. (an asbestos-containing floor and decking contractor); GENERAL ELECTRIC COMPANY (for General Electric generators); VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell distilling plants).

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

4.     Plaintiffs hereby disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, which expressly excludes U.S. Navy vessels.  Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party Defendant committed at the direction of an officer of the United States Government.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.     Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6.     At all times herein mentioned, each of the named defendants and DOES 1 through 450 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos, asbestos products and/or products designed to cut, saw or otherwise manipulate, and products containing asbestos, including but not limited to, those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called "alternate entities."  Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and advertised asbestos, asbestos products and/or products designed to cut, saw or otherwise manipulate products containing asbestos.  The following defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such defendant enjoys the goodwill originally attached to each such "alternate entity".

| **DEFENDANT** | **ALTERNATE ENTITY** |
|---|---|
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC.<br>GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY<br>GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY<br>GENERAL ELECTRIC TRADING COMPANY |
| VIAD CORPORATION | THE DIAL CORPORATION<br>GRISCOM-RUSSELL COMPANY |

7.    At all times herein mentioned, defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos, asbestos products and/or products designed to cut, saw or otherwise manipulate products containing asbestos (hereinafter Defendants' Products).

8.    At all times herein mentioned, defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably

4

dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff LARRY LINDQUIST herein (hereinafter collectively called "exposed person"). Said products were used at all times in a manner that was reasonably foreseeable to defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person". Plaintiffs herein allege that LARRY LINDQUIST was exposed to asbestos that was caused to be released as a result of exposures to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "defendants' products" or "defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant mesothelioma, and therefore proximately caused Plaintiff LARRY LINDQUIST 's injuries.

9.      Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each defendants breached said duty of reasonable care in that defendants, and each of them, failed to safely and adequately design, manufacture and/or sell defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn "exposed person", including Plaintiff LARRY LINDQUIST, of the health hazards of using defendants' products; failed to disclose the known or knowable dangers of using defendants' products; failed to warn of the harmful exposures caused by use of said products to cut, saw or otherwise manipulate asbestos containing products; failed to obtain suitable alternative materials to asbestos when such alternatives were available; and as otherwise stated herein.

10.     The defendants' products were and are hazardous to the health and safety of Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, and since on or before 1930, the hazards and dangerous propensities of the defendants' products were both known and knowable to the defendants, their "alternate entities", and each of them, through the use of medical and/or scientific data and other knowledge available to defendants, their "alternate entities", and each of them at the time of defendants' manufacture, distribution, sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service, installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

5

1  propensities of asbestos presented a substantial danger to users, including Plaintiff, LARRY

2  LINDQUIST, of Defendants' Products through the intended and reasonably foreseeable use of those

3  products.

4       11.   Defendants, their "alternate entities", and each of them, knew, or reasonably should have

5  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

6  intended and reasonably foreseeable manner.

7       12.   Defendants, their "alternate entities", and each of them, knew, or reasonably should have

8  known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,

9  sawed, chipped, hammered, mixed, scraped, sanded, removed with compressed air, arched, swept,

10  broken, "ripped out," and/or used to cut, saw or otherwise manipulate products containing asbestos, or

11  otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne

12  hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including

13  Plaintiff LARRY LINDQUIST herein, would be exposed to said hazardous and dangerous asbestos

14  fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have known

15  that users, such as Plaintiff LARRY LINDQUIST and others in his position, working with and in close

16  proximity to Defendants' Products would not realize or know the danger. Defendants, their "alternate

17  entities," and each of them negligently failed to adequately warn or instruct of the dangers of the

18  products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the

19  same or similar circumstances, would have warned of the dangers to avoid exposing others to a

20  foreseeable risk of harm. The negligent failure of defendants, their "alternate entities," and each of them

21  to warn was a substantial factor in causing harm to Plaintiff LARRY LINDQUIST.

22       13.   Plaintiff LARRY LINDQUIST used, handled, or was otherwise exposed to asbestos from

23  Defendants' Products referred to herein in a manner that was reasonably foreseeable to defendants and

24  each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

25  **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

26       14.   As a direct and proximate result of the conduct of the defendants, their "alternate

27  entities", and each of them, as aforesaid, Plaintiff LARRY LINDQUIST's exposure to asbestos from use

28  of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along

6

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1   with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

2   to Defendants' Products, are set forth in **Exhibit "B",** which is attached hereto and incorporated by

3   reference herein.  Plaintiffs are informed and believe, and thereon allege, that progressive lung disease,

4   cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma

5   and that said disease results from exposure to Defendants' Products over a period of time.

6       15.    Plaintiff LARRY LINDQUIST suffers from malignant pleural mesothelioma, caused by

7   exposure to asbestos from Defendants' Products and/or from the use of Defendants' Products to cut, saw

8   or otherwise manipulate products containing asbestos including those products identified in paragraph 3

9   above.  Plaintiff LARRY LINDQUIST was not aware at the time of exposure that Defendants' Products

10  presented any risk of injury and/or disease.

11      16.    As a direct and proximate result of the aforesaid conduct of defendants, their "alternate

12  entities," and each of them, Plaintiff LARRY LINDQUIST has suffered and will continue to suffer

13  permanent injuries and future injuries to his person, body and health, including, but not limited to, pain,

14  discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other

15  physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant

16  mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a

17  limited civil case.

18      17.    As a direct and proximate result of the aforesaid conduct of the defendants, their

19  "alternate entities", and each of them, Plaintiff LARRY LINDQUIST has incurred, is presently

20  incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine,

21  hospices, X-rays and other medical treatment, the true and exact amount thereof being presently

22  unknown to Plaintiffs, subject to proof at trial.

23      18.    As a further direct and proximate result of the said conduct of the defendants, their

24  "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

25  profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

26  exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

27      19.    Plaintiffs further allege that defendants, their "alternate entities", and each of them, also

28  engaged in the following wrongful acts:

**7**

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

    (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff LARRY LINDQUIST, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.   Although defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff LARRY LINDQUIST.

    (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff LARRY LINDQUIST as to the safety of their products.   Through their participation and association with such industry organizations, defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products.   The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.   Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff LARRY LINDQUIST at this time;

    (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide

8

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1   this information to consumers;

2       (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff LARRY

3   LINDQUIST and others of the nature of said materials which were dangerous when breathed and which

4   could cause pathological effects without noticeable trauma, despite the fact that defendants, their

5   "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said

6   materials were dangerous and a threat to the health of persons coming into contact therewith;

7       (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

8   LARRY LINDQUIST with information concerning adequate protective masks and other equipment

9   devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the

10   defendants, their "alternate entities", and each of them, despite knowing that such protective measures

11   were necessary, and that they were under a duty to disclose that such materials were dangerous and

12   would result in injury to Plaintiff LARRY LINDQUIST and others applying and installing such

13   material;

14       (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that

15   Plaintiff LARRY LINDQUIST and anyone similarly situated, upon inhalation of asbestos would, in

16   time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

17   mesothelioma and/or cancer;

18       (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

19   the true nature of the hazards of asbestos materials and that exposure to these material would cause

20   pathological effects without noticeable trauma to the public, including buyers, users, and physicians

21   employed by Plaintiff LARRY LINDQUIST so that said physicians could not examine, diagnose, and

22   treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate

23   entities", and each of them, were under a duty to so inform and said failure was misleading.

24       20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

25   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

26   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

27   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

28   them, and each defendant's officers, directors, and managing agents participated in, authorized,

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of
2  their "alternate entities" as set forth herein.

3      21.    The herein-described conduct of said defendants, their "alternate entities", and each of
4  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference
5  to the safety and health of "exposed person," including Plaintiff LARRY LINDQUIST, in that
6  defendants, and each of them, continued to manufacture, market and/or sell dangerous products known
7  to cause asbestos to be released, and to cause severe, permanent injuries and death, despite possessing
8  knowledge of the substantial hazards posed by use of their products, in order to continue to profit
9  financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct
10  so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon
11  and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to
12  Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said defendants,
13  seek punitive damages according to proof.

14      22.    Defendants and each of them engaged in conduct which was intended by defendants and
15  each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the
16  defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff
17  LARRY LINDQUIST.

18      23.    Defendants, and each of them, engaged in the despicable conduct described herein that
19  subjected persons, including Plaintiff LARRY LINDQUIST, to cruel and unjust hardship in the form of
20  sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious
21  disregard of those persons' rights.

22      24.    As a direct and proximate result of such intentional conduct by defendants, their
23  "alternate entities" and each of them, Plaintiff LARRY LINDQUIST sustained the injuries and damages
24  alleged herein.

25      WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities", and
26  each of them, as hereinafter set forth.

27

28

## SECOND CAUSE OF ACTION

10

(Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

25.     Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

26.     Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, LARRY LINDQUIST, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff LARRY LINDQUIST and others in Plaintiff's position working with and in close proximity to such products.

27.     Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, removed with compressed air, arched, swept, broken, "ripped out," cut, sawed, installed, and/or used as intended, or used to cut, saw or manipulate products containing asbestos or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff LARRY LINDQUIST.  The defect existed in all of said products when they left the possession of the defendants, their "alternate entities," and each of them.  At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the possession of the defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of defendants, their "alternate entities", and each of them were reasonably foreseeable to defendants, their "alternate entities", and each of them.  Defendants' asbestos and asbestos products were used by Plaintiff LARRY LINDQUIST, and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to defendants, and each of them.  The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff LARRY

**11**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  LINDQUIST, including malignant mesothelioma, while being used in a reasonably foreseeable manner,

2  thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and

3  intended use.

4       28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'

5  Products failed to perform as safely as an ordinary consumer would have expected in that defendants'

6  products, and each of them, caused respirable asbestos fibers to be released from asbestos products

7  during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to

8  the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer,

9  mesothelioma and other cancers in humans.  Plaintiffs further allege that "exposed person", including

10  Plaintiff LARRY LINDQUIST, were unaware of the harmful effects of asbestos and further unaware of

11  the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of

12  defendants' products to perform as safely as Plaintiff LARRY LINDQUIST had reason to expect was a

13  substantial factor in causing his injuries.

14       29.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

15  LARRY LINDQUIST has suffered the injuries and damages alleged herein.

16       30.    Plaintiffs further allege that defendants, their "alternate entities", and each of them, also

17  engaged in the following wrongful acts:

18       (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

19  including Plaintiff LARRY LINDQUIST, medical and scientific information concerning the health

20  hazards associated with inhalation of asbestos, including the substantial risk of injury or death

21  therefrom.  Although defendants, and each of them, knew of the substantial risks associated with

22  exposure to asbestos, they willfully and knowingly concealed such information from the users of their

23  asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

24  "exposed person", including Plaintiff LARRY LINDQUIST.

25       (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

26  financially supported industry organizations, including but not limited to the Gypsum Association,

27  Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

28  of defendants, their "alternate entities", and each of them, actively promoted the suppression of

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

2   misleading Plaintiff LARRY LINDQUIST as to the safety of their products.  Through their participation

3   and association with such industry organizations, defendants and each of them knowingly and

4   deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

5   propagated misinformation intended to instill in users of Defendants' Products a false security about the

6   safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene

7   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

8   control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos

9   and the dangers, which arise from the lack of control of dust, and such information was suppressed from

10  public dissemination from 1946 to a date unknown to Plaintiff LARRY LINDQUIST at this time;

11       (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

12  Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

13  Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed

14  medical and scientific information of the connection between the inhalation of asbestos fibers and

15  asbestosis, which information was disseminated through the Asbestos Textile Institute and other

16  industry organizations to all other defendants, their "alternate entities", and each of them, herein.

17  Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide

18  this information to consumers;

19       (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff LARRY

20  LINDQUIST and others of the nature of said materials which were dangerous when breathed and which

21  could cause pathological effects without noticeable trauma, despite the fact that defendants, their

22  "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said

23  materials were dangerous and a threat to the health of persons coming into contact therewith;

24       (e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

25  LARRY LINDQUIST with information concerning adequate protective masks and other equipment

26  devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the

27  defendants, their "alternate entities", and each of them, despite knowing that such protective measures

28  were necessary, and that they were under a duty to disclose that such materials were dangerous and

13

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1  would result in injury to Plaintiff LARRY LINDQUIST and others applying and installing such
2  material;

3      (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that
4  Plaintiff LARRY LINDQUIST and anyone similarly situated, upon inhalation of asbestos would, in
5  time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,
6  mesothelioma and/or cancer;

7      (g)    Defendants, their "alternate entities", and each of them, failed to provide information of
8  the true nature of the hazards of asbestos materials and that exposure to these material would cause
9  pathological effects without noticeable trauma to the public, including buyers, users, and physicians
10  employed by Plaintiff LARRY LINDQUIST so that said physicians could not examine, diagnose, and
11  treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate
12  entities", and each of them, were under a duty to so inform and said failure was misleading; and

13      31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and
14  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,
15  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and
16  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of
17  them, and each defendant's officers, directors, and managing agents participated in, authorized,
18  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of
19  their "alternate entities" as set forth herein.

20      32.    The herein-described conduct of said defendants, their "alternate entities", and each of
21  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference
22  to the safety and health of "exposed person," including Plaintiff LARRY LINDQUIST, in that
23  defendants, and each of them, continued to manufacture, market and/or sell dangerous products known
24  to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards
25  posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their
26  "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,
27  miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and
28  justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1  for the sake of example and by way of punishing said defendants, seek punitive damages according to
2  proof.

3      33.    Defendants and each of them engaged in conduct which was intended by defendants and
4  each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the
5  defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff
6  LARRY LINDQUIST.

7      34.    Defendants, and each of them, engaged in the despicable conduct described herein that
8  subjected persons, including Plaintiff LARRY LINDQUIST, to cruel and unjust hardship in the form of
9  sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious
10  disregard of those persons' rights.

11     35.    As a direct and proximate result of such intentional conduct by defendants, their
12  "alternate entities" and each of them, Plaintiff LARRY LINDQUIST sustained the injuries and damages
13  alleged herein.

14     WHEREFORE, Plaintiffs pray for judgment against defendants, and their "alternate entities",
15  and each of them, as hereinafter set forth.

16

17              **THIRD CAUSE OF ACTION**

18                   (Loss of Consortium)

19     AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION
   FOR LOSS OF CONSORTIUM, PLAINTIFF SHERYL LINDQUIST COMPLAINS OF
20  DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND
   ALLEGES AS FOLLOWS:
21

22     40.    Plaintiff SHERYL LINDQUIST incorporates by reference, each and every allegation
   contained in the general allegations and in the First and Second Causes of Action herein.
23

24     41.    Plaintiffs LARRY LINDQUIST and SHERYL LINDQUIST were married on February 7,
25  1976, and at all times relevant to this action were, and are now, husband and wife.

26     42.    Prior to Plaintiff LARRY LINDQUIST's injuries as alleged, he was able and did perform
27  duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, plaintiff LARRY
28  LINDQUIST has been unable to perform the necessary duties as a spouse and the work and services
   usually performed in the care, maintenance, and management of the family home, and he will be unable

                            15
**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1  to perform such work, service and duties in the future.  As a proximate result thereof, SHERYL

2  LINQUISTY has been permanently deprived and will be deprived of the consortium of her spouse,

3  including the performance of duties, all to her damages, in an amount presently unknown but which will

4  be proved at the time of trial.

5      43.    Plaintiff SHERYL LINDQUIST's discovery of this cause of her loss of consortium, as

6  herein alleged, first occurred within one year of the date this Complaint was filed.

7      44.    As a direct and proximate result of the acts of defendants, their "alternate entities", and

8  each of them, and the severe injuries caused thereby to plaintiff LARRY LINDQUIST as set forth in this

9  complaint, plaintiff SHERYL LINDQUIST has suffered, and for a long period of time will continue to

10 suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort,

11 companionship, love and affection of said spouse, and has suffered severe mental and emotional distress

12 and general nervousness as a result thereof.

13     44.    WHEREFORE, plaintiffs pray for judgment against defendants, their "alternate entities",

14 and each of them, in an amount to be proved at trial in each individual case, as follows:

15 Plaintiff LARRY LINDQUIST:

16     1.    For plaintiff's general damages according to proof;

17     2.    For plaintiff's loss of income, wages, and earning potential according to proof;

18     3.    For plaintiff's medical and related expenses according to proof;

19 Plaintiff SHERYL LINDQUIST:

20     4.    For plaintiff's damages for loss of consortium and/or society according to proof;

21 Plaintiffs LARRY LINDQUIST and SHERYL LINDQUIST:

22     5.    For plaintiffs' cost of suit herein;

23     6.    For exemplary or punitive damages according to proof;

24 ///

25

26

27

28

**16**

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1    7.    For such other and further relief as the Court may deem just and proper, including

2  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

3  provisions of law.

4  DATED: December 21 , 2007                    SIMON, EDDINS & GREENSTONE, LLP

5

6                                              By:
7                                              JENNIFER L. BARTLETT
                                               ETHAN A. HORN
8                                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**17**

<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS</u>

1

2      <u>DEMAND FOR JURY TRIAL</u>

3      Plaintiffs hereby demand trial by jury as to all issues so triable.

4

5   DATED: December 21 , 2007          **SIMON, EDDINS & GREENSTONE, LLP**

6

7                                       By:

8                                       JENNIFER L. BARTLETT
                                        ETHAN A. HORN
9                                       Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**18**

<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS</u>

1

## EXHIBIT "A"

2    Plaintiff LARRY LINDQUIST's exposure to asbestos and asbestos-containing products occurred

3  at various locations within the State of California, including, but not limited to:

4

5

6

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|----------|---------------------|-----------|------------------|
| U.S. Navy | USS ASHTABULA (AO-51) Long Beach/Mare Island, California | Fireman, Machinist Mate | 1956-1959 |
| Self | California and Washington | Maintenance and repair of personal vehicles | Mid-1950's to early 1980's |
| Self | Marysville, WA | Renovations and remodeling of personal residence | 1974-1976 |
| Self | Marysville, WA Canoga Park, CA | Residential landscaping | Late 1950's to late 1970's |

**19**

**EXHIBIT "B"**

Plaintiff LARRY LINDQUIST's exposure to Defendants' Products caused severe and permanent injury to Plaintiff LARRY LINDQUIST including, but not limited to, mesothelioma. Plaintiff was diagnosed with mesothelioma on or about September 15, 2006.

**20**