(JTLx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-01296-R-JTL

| | |
|---|---|
| Robert Reaser et al v. Allis Chalmers Corporation Product Liability Trust et al | Date Filed: 02/26/2008 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 08/26/2008 |
| Referred to: Magistrate Judge Jennifer T. Lum | Jury Demand: Defendant |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court State of CA County Los Angeles, BC384385 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

**Robert Reaser**                    represented by    **Brian P Barrow**
                                                        Simon Eddins and Greenstone
                                                        301 Ocean Boulevard, Suite 1950
                                                        Long Beach, CA 90802
                                                        562-590-3400
                                                        Email: bbarrow@seglaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Ethan A Horn**
                                                        Simon Eddins and Greenstone
                                                        301 East Ocean Blvd Suite 1950
                                                        Long Beach, CA 90802
                                                        562-590-3400
                                                        Fax: 562-590-3412
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jennifer L Bartlett**
                                                        Simon Eddins and Greenstone
                                                        301 E Ocean Blvd Suite 1950
                                                        Long Beach, CA 90802
                                                        562-590-3400
                                                        Fax: 562-590-3412
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Ronald Cary Eddins**
                                                        Simon Eddins and Greenstone
                                                        301 East Ocean Blvd Suite 1950
                                                        Long Beach, CA 90802

562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christine Reaser**                    represented by  **Brian P Barrow**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Ethan A Horn**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Jennifer L Bartlett**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Ronald Cary Eddins**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Allis Chalmers Corporation Product
Liability Trust**
*sued individually*
*Successor*
Allis-Chalmers Corporation

**Defendant**

**CBS Corporation**
*sued as successor-by merger to CBS*
*Corporation and also*
*Successor*
BF Sturtevant
*formerly known as*
Westinghouse Electric Corporation
*formerly known as*
Viacom Inc.

**Defendant**

**CLA-VAL Co.**                        represented by  **Julia A Gowin**

Hawkins Parnell Thackston & Young LLP
444 S. Flower Street
Suite 1100
Los Angeles, CA 90071
213-486-8022
Fax: 213-486-8080
Email: jgowin@hptylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**          represented by  **Thomas Jeffrey Moses**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: tmoses@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**          represented by  **Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**          represented by  **Keith M Ameele**
*sued indiviually*
*Successor*
Griscom-Russell Company
*formerly known as*
The Dial Corporation
Foley and Mansfield
150 South Los Robles Avenue
Suite 400
Pasadena, CA 91101
626-744-9359
Fax: 626-744-1702
Email: kameele@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter B Langbord**
Foley and Mansfield PLLP
300 South Grand Ave., Suite 2800
Los Angeles, CA 90071
213-283-2100

Fax: 213-283-2101
Email: plangbord@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-450 Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/2008 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California for the County of Los Angeles, case number BC384385 with conformed copy of summons and complaint. Case assigned to Judge Stephen V. Wilson, Discovery to Magistrate Judge Suzanne H Segal. (Filing fee $ 350 PAID. ), filed by defendant Viad Corporation.(ghap) Additional attachment(s) added on 3/7/2008 (hha, ). Additional attachment(s) added on 3/7/2008 (hha, ). Additional attachment(s) added on 3/7/2008 (hha, ). (Entered: 03/06/2008) |
| 02/26/2008 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 JURY DEMAND. filed by plaintiffs Robert Reaser, Christine Reaser. (Filed in State Court on submit attached Exhibits A)(ghap) (Entered: 03/06/2008) |
| 02/26/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation. (ghap) Additional attachment(s) added on 3/7/2008 (hha, ). (Entered: 03/06/2008) |
| 02/26/2008 | 3 | NOTICE OF TAG-ALONG ACTION filed by defendant Viad Corporation. (ghap) Additional attachment(s) added on 3/10/2008 (cyo, ). (Entered: 03/06/2008) |
| 02/26/2008 | 4 | CERTIFICATE OF SERVICE filed by defendant Viad Corporation, re Certificate of Interested Parties 2 , Notice of Removal, 1 , Notice (Other) 3 served on 2/26/08. (ghap) Additional attachment(s) added on 3/10/2008 (cyo, ). (Entered: 03/06/2008) |
| 02/26/2008 | | FAX number for Attorney Peter B Langbord is 626-744-1702. (ghap) (Entered: 03/06/2008) |
| 02/26/2008 | | FAX number for Attorneys Jennifer L Bartlett, Ronald Cary Eddins, Ethan A Horn is 562-590-3412. (ghap) (Entered: 03/06/2008) |
| 03/07/2008 | 5 | PROOF OF SERVICE Viad Corporation, *RE: COURT DOCUMENTATION* served on FEBRUARY 29, 2008. (Langbord, Peter) (Entered: 03/07/2008) |
| 03/07/2008 | 6 | PROOF OF SERVICE Viad Corporation, *RE: NOTICE TO ADVERSE PARTY* served on FEBRUARY 29, 2008. (Langbord, Peter) (Entered: 03/07/2008) |
| 03/07/2008 | 7 | JOINDER filed by Defendant General Electric Company joining in Notice of Removal, 1 . (Gardiner, Katherine) (Entered: 03/07/2008) |
| 03/11/2008 | 8 | NEW CASE ORDER by Judge Stephen V. Wilson : This case has been assigned to the calendar of Judge Stephen V. Wilson. The Court fully adheres to Rule 1 of the Federal Rules of Civil Procedure which requires that the Rules be construed to secure the just, speedy and inexpensive determination of every action. (See document for |

|  |  | details.) (pc) (Entered: 03/11/2008) |
|---|---|---|
| 03/11/2008 | 9 | ORDER RE: STATUS CONFERENCE by Judge Stephen V. Wilson : IT IS HEREBY ORDERED that a Status Conference be set for Monday, April 14, 2008 at 3:00 p.m. before the Honorable Stephen V. Wilson. The attorneys attending this conference MUST be those who are in charge of the conduct of the trial. Attendance is mandatory. (See document for details.) (pc) (Entered: 03/11/2008) |
| 03/11/2008 | 10 | NOTICE of Related Case(s) filed by Plaintiffs Robert Reaser, Christine Reaser. Related Case(s): 08-01441 (Barrow, Brian) (Entered: 03/11/2008) |
| 03/12/2008 | 11 | NOTICE of Related Case(s) filed by Defendant General Electric Company. *Notice of Related Cases* Related Case(s): CV08-1441; CV07-2241; CV08-118 (Gardiner, Katherine) (Entered: 03/12/2008) |
| 03/14/2008 | 12 | OPPOSITION *TO PLAINTIFFS' NOTICE OF RELATED CASE* filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 03/14/2008) |
| 03/21/2008 | 13 | NOTICE of Change of Attorney Information for attorney Katherine Paige Gardiner counsel for Defendant General Electric Company. Adding Katherine P. Gardiner as attorney as counsel of record for General Electric Company for the reason indicated in the G-06 Notice. Filed by defendant General Electric Company (Gardiner, Katherine) (Entered: 03/21/2008) |
| 03/26/2008 | 14 | NOTICE OF MOTION AND MOTION to Stay Case pending A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION filed by defendant General Electric Company.Motion set for hearing on 4/21/2008 at 01:30 PM before Judge Stephen V. Wilson. (Gardiner, Katherine) (Entered: 03/26/2008) |
| 03/26/2008 | 15 | MEMORANDUM in Support of MOTION to Stay Case pending A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION 14 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 03/26/2008) |
| 03/26/2008 | 16 | DECLARATION of Katherine P. Gardiner in support of MOTION to Stay Case pending A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION 14 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 03/26/2008) |
| 03/26/2008 | 17 | NOTICE OF LODGING filed (Attachments: # 1 Proposed Order)(Gardiner, Katherine) (Entered: 03/26/2008) |
| 04/14/2008 | 18 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by Plaintiffs Robert Reaser, Christine Reaser.Motion set for hearing on 5/12/2008 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Exhibit to Motion to Remand to State Court# 2 Exhibit D - F to Motion to Remand)(Barrow, Brian) (Entered: 04/14/2008) |
| 04/14/2008 | 19 | MINUTES OF Status Conference held before Judge Stephen V. Wilson : The Court is advised that plaintiffs will file a motion to remand. Court Reporter: Not Reported. (pc) (Entered: 04/16/2008) |
| 04/17/2008 | 20 | MEMORANDUM in Opposition to MOTION to Stay Case pending A DECISION |

| | | |
|---|---|---|
| | | ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION 14 filed by Plaintiffs Robert Reaser, Christine Reaser. (Barrow, Brian) (Entered: 04/17/2008) |
| 04/18/2008 | 21 | REPLY in support of MOTION to Stay Case pending A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION 14 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 04/18/2008) |
| 04/18/2008 | 22 | MINUTES OF IN CHAMBERS ORDER CONTINUING MOTION HEARING held before Judge Stephen V. Wilson : The Court, on its own motion, continues the hearing of Defendant GE's Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation 14 (fld 03/26/08) from April 21, 2008 to May 12, 2008 at 1:30 p.m. (pc) (Entered: 04/18/2008) |
| 04/25/2008 | 23 | OBJECTIONS Opposition re: MOTION to Remand Case to Los Angeles Superior Court 18 filed by Defendant Foster Wheeler Energy Corporation. (Attachments: # 1 Exhibit Exhibits One through Four to Memorandum of Law in Opposition to Plaintiffs' Motion to Remand# 2 Exhibit Exhibits 5 through 8 to Memorandum of Law in Opposition to Plaintiffs' Motion to Remand# 3 Exhibit Exhibit Nine (Part one of four) to Memorandum of Law in Opposition to Plaintiffs' Motion to Remand# 4 Exhibit Exhibit Nine (part Two of Four) to Memorandum of Law in Opposition to Plaintiffs' Motion to Remand# 5 Exhibit Exhibit Nine (part three of four) to Memorandum of Law in Opposition to Plaintiffs' Motion to Remand# 6 Exhibit Exhibit Nine (part four of four) to Memorandum of Law in Opposition to Plaintiffs' Motion to Remand# 7 Exhibit Exhibit Ten to Memorandum of Law in Opposition to Plaintiffs' Motion to Remand)(Moses, Thomas) (Entered: 04/25/2008) |
| 04/28/2008 | 24 | MEMORANDUM in Opposition to MOTION to Remand Case to Los Angeles Superior Court 18 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 04/28/2008) |
| 04/28/2008 | 25 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 18 ; *Memorandum of Points and Authorites* filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C-E# 4 Exhibit F-J)(Ameele, Keith) (Entered: 04/28/2008) |
| 04/28/2008 | 26 | DECLARATION of David Hobson in opposition MOTION to Remand Case to Los Angeles Superior Court 18 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 04/28/2008) |
| 04/28/2008 | 27 | certificate of Interested Parties filed by Defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 04/28/2008) |
| 04/28/2008 | 28 | DECLARATION of Lawrence Stilwell Betts, MD, PhD in opposition to MOTION to Remand Case to Los Angeles Superior Court 18 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 04/28/2008) |
| 04/28/2008 | 29 | DECLARATION of Admiral Ben J. Lehman in opposition MOTION to Remand Case to Los Angeles Superior Court 18 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 04/28/2008) |
| 04/28/2008 | 30 | DECLARATION of CHARLES R. CUSHING IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 18 filed by Defendant Viad Corporation. |

| | | |
|---|---|---|
| | | (Ameele, Keith) (Entered: 04/28/2008) |
| 04/28/2008 | 31 | NOTICE of Manual Filing of Exhibits A-EE to the Declaration of Lawrence Stilwell Betts filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 04/28/2008) |
| 04/28/2008 | 32 | DECLARATION of ADMIRAL BEN J. LEHMAN IN OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 18 filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B -PART1# 3 Exhibit B -PART2# 4 Exhibit B -PART3# 5 Exhibit B -PART4# 6 Exhibit B -PART5# 7 Exhibit B -PART6# 8 Exhibit C# 9 Exhibit D -PART1# 10 Declaration D -PART2# 11 Exhibit D -PART3# 12 Exhibit D -PART4)(Ameele, Keith) (Entered: 04/28/2008) |
| 04/28/2008 | 33 | PROOF OF SERVICE Viad Corporation, re Response in Opposition to Motion 25 , Declaration (Motion related), Declaration (Motion related) 32 , Declaration (Motion related) 30 served on April 28, 2008. (Ameele, Keith) (Entered: 04/28/2008) |
| 04/28/2008 | 34 | DECLARATION of LAWRENCE STILWELL BETTS, MD, PhD in support of General Electric Compay's Opposition to Plaintiffs MOTION to Remand 18 filed by Defendant General Electric Company. (jp) (Entered: 05/02/2008) |
| 05/05/2008 | 35 | RESPONSE IN SUPPORT of MOTION to Remand Case to Los Angeles Superior Court 18 filed by Plaintiffs Robert Reaser, Christine Reaser. (Barrow, Brian) (Entered: 05/05/2008) |
| 05/06/2008 | 36 | OBJECTIONS in opposition to re: MOTION to Stay Case pending A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION 14 *and Motion to Strike Declarations of Charles R. Cushing and Ben J. Lehman submitted by Viad, as well as Declarations of Lawrence Betts, David Hobson and Ben J. Lehman submitted by GE* filed by Plaintiffs Robert Reaser, Christine Reaser. (Barrow, Brian) (Entered: 05/06/2008) |
| 05/12/2008 | 37 | STIPULATION to Dismiss Defendant General Electric Company filed by Defendant General Electric Company.(Gardiner, Katherine) (Entered: 05/12/2008) |
| 06/23/2008 | 38 | ORDER by Judge Stephen V. Wilson DENYING MOTION to Remand Case to Los Angeles Superior Court 18 : (See document for details.) (pc) (Entered: 06/23/2008) |
| 07/22/2008 | 39 | IN CHAMBERS ORDER SETTING TRIAL SCHEDULING CONFERENCE held before Judge Stephen V. Wilson: The Court, on its own motion, sets a trial scheduling conference on August 4, 2008 at 1:30 p.m. (ake) (Entered: 07/22/2008) |
| 07/28/2008 | 40 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV07-2241 R (JTLx). Case transferred from Magistrate Judge Suzanne H. Segal and Judge Stephen V. Wilson to Judge Manuel L. Real and Magistrate Judge Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV08-1296 R (JTLx).Signed by Judge Manuel L. Real (at) (Entered: 07/28/2008) |
| 07/31/2008 | 41 | MINUTES OF IN CHAMBERS ORDER VACATING TRIAL SETTING CONFERENCE held before Judge Stephen V. Wilson: Pursuant to the transfer order dated July 25, 2008, the above-entitled action was transferred to the Honorable Manuel Real. The August 4, 2008 trial scheduling conference before the Honorable Stephen V. Wilson is vacated. (pc) (Entered: 07/31/2008) |

| 08/05/2008 | 42 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real, (pj) (Entered: 08/06/2008) |
|---|---|---|
| 08/26/2008 | 43 | MDL TRANSFER ORDER 875 re Asbestos Products Liability Litigation. Order transferring case electronically to Eastern District of Pennsylvania in Philadelphia assigned to Honorable James T Giles (MD JS-6. Case Terminated.) (pj) (Entered: 08/28/2008) |
| 08/28/2008 | 44 | Transfer Out Transmittal Letter. A certified copy of the docket sheet and Entire case file electronically sent to USDC Eastern District of Pennsylvania at Philadelphia, Pennsylvania on 8/28/2008. (pj) (Entered: 08/28/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/09/2010 11:57:23 | | | |
| PACER Login: | fm1158 | Client Code: | 8027-0049 |
| Description: | Docket Report | Search Criteria: | 2:08-cv-01296-R-JTL End date: 12/9/2010 |
| Billable Pages: | 7 | Cost: | 0.56 |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 25 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1  RON C. EDDINS, CA Bar No. 243581
JENNIFER L. BARTLETT, CA Bar No. 183154
2  ETHAN A. HORN, CA Bar No. 190296
**SIMON, EDDINS & GREENSTONE, LLP**
3  301 E. Ocean Blvd., Ste. 1950
Long Beach, California 90802
4  Telephone (562) 590-3400
Facsimile (562) 590-3412
5

6  Attorneys for Plaintiffs

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF LOS ANGELES**

10  BC384385

11  **ROBERT REASER** and **CHRISTINE**      )   Case No.
    **REASER**                                )
12                                            )   THIS ACTION CONSTITUTES COMPLEX
                                              )   ASBESTOS LITIGATION – SUBJECT TO THE
13                    Plaintiffs,             )   GENERAL ORDERS CONTAINED IN FILE NO.
                                              )   C 700000 – DEPT. 59
14           vs.                              )
                                              )
15  **ALLIS CHALMERS CORPORATION**           )   **COMPLAINT FOR PERSONAL INJURY –**
    **PRODUCT LIABILITY TRUST** (sued        )   **ASBESTOS (NEGLIGENCE; STRICT**
16  individually and as successor-in-interest to )  **LIABILITY; LOSS OF CONSORTIUM)**
    ALLIS-CHALMERS CORPORATION);             )
17  **CBS CORPORATION** f/k/a VIACOM,         )
    INC. (sued as successor-by-merger to CBS  )
18  CORPORATION f/k/a WESTINGHOUSE           )
    ELECTRIC CORPORATION and also as          )
19  successor-in-interest to BF               )
    STURTEVANT);                              )
20  **CLA-VAL CO. ;**                         )
    **FOSTER WHEELER ENERGY**                 )
21  **CORPORATION;**                          )
    **GENERAL ELECTRIC COMPANY;**             )
22  **VIAD CORPORATION f/k/a THE**            )
    **DIAL CORPORATION** (sued                )
23  individually and as successor-in-interest to )
    GRISCOM-RUSSELL COMPANY);                 )
24  and **DOES 1-450** INCLUSIVE,             )
                                              )
25                    Defendants.             )
                                              )
26                                            )
                                              )
27

28

1

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

## GENERAL ALLEGATIONS

COME NOW Plaintiffs **ROBERT REASER** and **CHRISTINE REASER** (hereinafter "Plaintiffs") and complain and allege as follows:

1.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venture of his co-defendants, and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, defendants **ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST** (sued individually and as successor-in-interest to ALLIS-CHALMERS CORPORATION); **CBS CORPORATION** f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT); **CLA-VAL CO.; FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY;** and **VIAD CORPORATION f/k/a THE DIAL CORPORATION** (sued individually and as successor-in-interest to  GRISCOM-RUSSELL  COMPANY) and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of

2

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

California, and that said defendants have regularly conducted business in the County of Los Angeles, State of California.

3.      Plaintiffs allege herein that Plaintiff ROBERT REASER developed malignant mesothelioma as a result of exposure to asbestos from defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST** (sued individually and as successor-in-interest to ALLIS-CHALMERS CORPORATION) (for Allis Chalmers pumps); **CBS CORPORATION** f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT) (for BF Sturtevant blowers and high pressure air compressor turbines,  and Westinghouse turbines and blowers); **CLA-VAL CO.** (for Cla-Val valves); **FOSTER WHEELER ENERGY CORPORATION** (for Foster Wheeler boilers); **GENERAL ELECTRIC COMPANY** (for General Electric generators and turbines); **VIAD CORPORATION f/k/a THE DIAL CORPORATION** (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell distilling plants and fuel oil heaters).

4.      Plaintiffs hereby disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, which expressly excludes U.S. Navy vessels. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party Defendant committed at the direction of an officer of the United States Government.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.      Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

3

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

6.     At all times herein mentioned, each of the named defendants and DOES 1 through 450 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos, and products containing asbestos, including but not limited to, those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called "alternate entities."  Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and advertised asbestos, products containing asbestos. The following defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such defendant enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST | ALLIS-CHALMERS CORPORATION THE BUDA COMPANY |
| CBS CORPORATION | VIACOM INC. WESTINGHOUSE ELECTRIC CORPORATION BF STURTEVANT VIACOM INTERNATIONAL, INC. VIACOM PLUS |

4

| | |
|---|---|
| FOSTER WHEELER ENERGY CORPORATION | FOSTER WHEELER BOILER CORPORATION<br>FOSTER WHEELER CONTRACTORS, INC.<br>FOSTER WHEELER CORPORATION<br>FOSTER WHEELER DEVELOPMENT CORP.<br>FOSTER WHEELER ENERGY RESOURCES INC.<br>FOSTER WHEELER ENERGY SERVICES, INC.<br>FOSTER WHEELER ENVIRESPONSE, INC.<br>FOSTER WHEELER ENVIRONMENTAL CORPORATION<br>FOSTER WHEELER POWER GROUP, INC.<br>FOSTER WHEELER POWER SYSTEMS, INC.<br>FOSTER WHEELER PYROPOWER, INC.<br>FOSTER WHEELER REALTY SERVICES, INC.<br>FOSTER WHEELER USA CORPORATION<br>C.H. WHEELER |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC.<br>GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY<br>GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY<br>GENERAL ELECTRIC TRADING COMPANY |
| VIAD CORPORATION | THE DIAL CORPORATION<br>GRISCOM-RUSSELL COMPANY |

7.     At all times herein mentioned, defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos, and/or asbestos products (hereinafter Defendants' Products).

8.     At all times herein mentioned, defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded,

5

manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff ROBERT REASER herein (hereinafter collectively called "exposed person"). Said products were used at all times in a manner that was reasonably foreseeable to defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person". Plaintiffs herein allege that ROBERT REASER was exposed to asbestos as a result of exposures to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "defendants' products" or "defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant mesothelioma, and therefore proximately caused Plaintiff ROBERT REASER 's injuries.

9.      Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each defendants breached said duty of reasonable care in that defendants, and each of them, failed to safely and adequately design, manufacture and/or sell defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn "exposed person", including Plaintiff ROBERT REASER, of the health hazards of using defendants' products; failed to disclose the known or knowable dangers of using defendants' products; failed to obtain suitable alternative materials to asbestos when such alternatives were available; and as otherwise stated herein.

10.     The defendants' products were and are hazardous to the health and safety of Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, and since on or before 1930, the hazards and dangerous propensities of the defendants' products were both known and knowable to the defendants, their "alternate entities", and each of them, through the use of medical and/or scientific data and other knowledge available to defendants, their "alternate entities", and each of them at the time of defendants' manufacture, distribution, sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service, installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

6

others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous propensities of asbestos presented a substantial danger to users, including Plaintiff, ROBERT REASER, of Defendants' Products through the intended and reasonably foreseeable use of those products.

11.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products were dangerous and were likely to be dangerous when used in their intended and reasonably foreseeable manner.

12.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff ROBERT REASER  herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have known that users, such as Plaintiff ROBERT REASER and others in his position, working with and in close proximity to Defendants' Products would not realize or know the danger. Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of the products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm. The negligent failure of defendants, their "alternate entities," and each of them to warn was a substantial factor in causing harm to Plaintiff ROBERT REASER.

13.     Plaintiff ROBERT REASER  used, handled, or was otherwise exposed to asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to defendants and each of them.  Plaintiff's exposure to Defendants' Products occurred at various locations set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

14.     As a direct and proximate result of the conduct of the defendants, their "alternate entities", and each of them, as aforesaid, Plaintiff ROBERT REASER's exposure to asbestos from use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

7

<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS</u>

to Defendants' Products, are set forth in **Exhibit "B",** which is attached hereto and incorporated by reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to Defendants' Products over a period of time.

15.   Plaintiff ROBERT REASER suffers from malignant pleural mesothelioma, caused by exposure to asbestos from Defendants' Products and/or from the use of Defendants' Products containing asbestos including those products identified in paragraph 3 above. Plaintiff ROBERT REASER was not aware at the time of exposure that Defendants' Products presented any risk of injury and/or disease.

16.   As a direct and proximate result of the aforesaid conduct of defendants, their "alternate entities," and each of them, Plaintiff ROBERT REASER has suffered and will continue to suffer permanent injuries and future injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

17.   As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities", and each of them, Plaintiff ROBERT REASER has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.   As a further direct and proximate result of the said conduct of the defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

19.   Plaintiffs further allege that defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)   Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff ROBERT REASER, medical and scientific information concerning the health hazards

8

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

associated with inhalation of asbestos, including the substantial risk of injury or death therefrom. Although defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff ROBERT REASER.

(b)      Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff ROBERT REASER  as to the safety of their products.  Through their participation and association with such industry organizations, defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff ROBERT REASER  at this time;

(c)      Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)      Defendants, their "alternate entities", and each of them, failed to warn Plaintiff ROBERT

9

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1    REASER  and others of the nature of said materials which were dangerous when breathed and which
2    could cause pathological effects without noticeable trauma, despite the fact that defendants, their
3    "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said
4    materials were dangerous and a threat to the health of persons coming into contact therewith;

5         (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff
6    ROBERT REASER  with information concerning adequate protective masks and other equipment
7    devised to be used when applying, mixing, installing and sanding the products of the defendants, their
8    "alternate entities", and each of them, despite knowing that such protective measures were necessary,
9    and that they were under a duty to disclose that such materials were dangerous and would result in injury
10   to Plaintiff ROBERT REASER  and others applying and installing such material;

11        (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that
12   Plaintiff ROBERT REASER  and anyone similarly situated, upon inhalation of asbestos would, in time,
13   have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,
14   mesothelioma and/or cancer;

15        (g)    Defendants, their "alternate entities", and each of them, failed to provide information of
16   the true nature of the hazards of asbestos materials and that exposure to these material would cause
17   pathological effects without noticeable trauma to the public, including buyers, users, and physicians
18   employed by Plaintiff ROBERT REASER  so that said physicians could not examine, diagnose, and
19   treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate
20   entities", and each of them, were under a duty to so inform and said failure was misleading.

21       20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and
22   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,
23   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and
24   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of
25   them, and each defendant's officers, directors, and managing agents participated in, authorized,
26   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of
27   their "alternate entities" as set forth herein.

28       21.    The herein-described conduct of said defendants, their "alternate entities", and each of

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1 | them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

2 | to the safety and health of "exposed person," including Plaintiff ROBERT REASER, in that defendants,

3 | and each of them, continued to manufacture, market and/or sell dangerous products known to cause

4 | severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by

5 | use of their products, in order to continue to profit financially therefrom.  Defendants, their "alternate

6 | entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable,

7 | wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an

8 | award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake

9 | of example and by way of punishing said defendants, seek punitive damages according to proof.

10 |     22.    Defendants and each of them engaged in conduct which was intended by defendants and

11 | each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the

12 | defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

13 | ROBERT REASER.

14 |     23.    Defendants, and each of them, engaged in the despicable conduct described herein that

15 | subjected persons, including Plaintiff ROBERT REASER , to cruel and unjust hardship in the form of

16 | sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

17 | disregard of those persons' rights.

18 |     24.    As a direct and proximate result of such intentional conduct by defendants, their

19 | "alternate entities" and each of them, Plaintiff ROBERT REASER sustained the injuries and damages

20 | alleged herein.

21 |     WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities", and

22 | each of them, as hereinafter set forth.

23 | **SECOND CAUSE OF ACTION**

24 | (Strict Liability)

25 |     AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION

26 | FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

27 |     25.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and

28 | every one of the general allegations and the allegations contained in the First Cause of Action herein.

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

26.   Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, ROBERT REASER , and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff ROBERT REASER  and others in Plaintiff's position working with and in close proximity to such products.

27.   Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff ROBERT REASER .  The defect existed in all of said products when they left the possession of the defendants, their "alternate entities," and each of them.  At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the possession of the defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of defendants, their "alternate entities", and each of them were reasonably foreseeable to defendants, their "alternate entities", and each of them.  Defendants' asbestos and asbestos products were used by Plaintiff ROBERT REASER, and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to defendants, and each of them.  The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff ROBERT REASER, including malignant mesothelioma, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

28.   As a direct and proximate result of the actions and conduct outlined herein, Defendants' Products failed to perform as safely as an ordinary consumer would have expected in that defendants' products, and each of them, during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including

12

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including Plaintiff ROBERT REASER, were unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of defendants' products to perform as safely as Plaintiff ROBERT REASER had reason to expect was a substantial factor in causing his injuries.

29.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff ROBERT REASER has suffered the injuries and damages alleged herein.

30.    Plaintiffs further allege that defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff ROBERT REASER, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom. Although defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff ROBERT REASER.

(b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff ROBERT REASER as to the safety of their products. Through their participation and association with such industry organizations, defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos

13

and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff ROBERT REASER at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff ROBERT REASER  and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff ROBERT REASER  with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff ROBERT REASER  and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff ROBERT REASER  and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians

14

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

employed by Plaintiff ROBERT REASER so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

31.      Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

32.      The herein-described conduct of said defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff ROBERT REASER , in that defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said defendants, seek punitive damages according to proof.

33.      Defendants and each of them engaged in conduct which was intended by defendants and each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff ROBERT REASER.

34.      Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff ROBERT REASER , to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

15

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

35.   As a direct and proximate result of such intentional conduct by defendants, their "alternate entities" and each of them, Plaintiff ROBERT REASER sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF CHRISTINE REASER COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

40.   Plaintiff CHRISTINE REASER incorporates by reference, each and every allegation contained in the general allegations and in the First, and Second Causes of Action herein.

41.   Plaintiffs ROBERT REASER and CHRISTINE REASER were married on November 10, 1956, and at all times relevant to this action were, and are now, husband and wife.

42.   Prior to Plaintiff ROBERT REASER's injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, plaintiff ROBERT REASER has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, CHRISTINE REASER has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

43.   Plaintiff CHRISTINE REASER's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

44.   As a direct and proximate result of the acts of defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to plaintiff ROBERT REASER as set forth in this complaint, plaintiff CHRISTINE REASER has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort,

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  companionship, love and affection of said spouse, and has suffered severe mental and emotional distress

2  and general nervousness as a result thereof.

3       44.    WHEREFORE, plaintiffs pray for judgment against defendants, their "alternate entities",

4  and each of them, in an amount to be proved at trial in each individual case, as follows:

5      Plaintiff ROBERT REASER :

6      1.    For plaintiff's general damages according to proof;

7      2.    For plaintiff's loss of income, wages, and earning potential according to proof;

8      3.    For plaintiff's medical and related expenses according to proof;

9      Plaintiff CHRISTINE REASER:

10      4.    For plaintiff's damages for loss of consortium and/or society according to proof;

11      Plaintiffs ROBERT REASER  and CHRISTINE REASER:

12      5.    For plaintiffs' cost of suit herein;

13      6.    For exemplary or punitive damages according to proof;

14      7.    For such other and further relief as the Court may deem just and proper, including

15  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

16  provisions of law.

17  DATED: January 24, 2008            **SIMON, EDDINS & GREENSTONE, LLP**

18

19              By

20              JENNIFER BARTLETT

21              ETHAN A. HORN
            Attorneys for Plaintiffs

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: January 24, 2008

**SIMON, EDDINS & GREENSTONE, LLP**

By: _____

ETHAN A. HORN
Attorneys for Plaintiffs

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

## EXHIBIT "A"

Plaintiff ROBERT REASER's exposure to asbestos and asbestos-containing products occurred at various locations within the States of California, South Carolina, Massachusetts, Florida and Rhode Island including, but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| United States Navy | USS Shea (DM-30)<br>San Diego, CA<br>Charleston, SC | Welder; Pipefitter; Fireman; Seaman Apprentice | 1951-1956 |
| United States Navy | USS Boston (CA-69/CAG-1)<br>Boston Naval Shipyard<br>Boston, MA | Damage Control, Third Class | 1951-1956 |
| United States Navy | USS Providence (CLG-6/CL-82)<br>Providence, RI | Damage Control, Second Class | 1959-1960 |
| United States Navy | USS Wilkinson (DL-5)<br>Long Beach, CA | Damage Control, Second Class | 1960-1964 |
| United States Navy | NAS Cecil Field<br>Jacksonville, FL | Damage Control, First Class | 1964-1967 |
| F. C. James Construction | Florida | Framer | 1971-1997 |
| Self | Florida | Brake replacement | 1960s and 1970s |

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

## EXHIBIT "B"

Plaintiff ROBERT REASER's exposure to Defendants' Products caused severe and permanent injury to Plaintiff ROBERT REASER including, but not limited to, mesothelioma. Plaintiff was diagnosed with mesothelioma on or about December 13, 2007.

20

COMPLAINT FOR PERSONAL INJURY – ASBESTOS