(JTLx), CLOSED, DISCOVERY, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-03133-R -JTL

Allen Christiansen et al v. CBS Corporation et al                Date Filed: 05/13/2008
Assigned to: Judge Manuel L. Real                                Date Terminated: 10/01/2008
Referred to: Magistrate Judge Jennifer T. Lum                    Jury Demand: Defendant
Related Case: 2:07-cv-02241-R-JTL                                 Nature of Suit: 368 P.I. : Asbestos
Case in other court: Los Angeles Superior Court, BC 388763       Jurisdiction: Federal Question
Cause: 28:1441 Notice of Removal - Personal Injury

**Plaintiff**

**Allen Christiansen**                          represented by   **Brian P Barrow**
                                                                Simon Eddins and Greenstone
                                                                301 Ocean Boulevard, Suite 1950
                                                                Long Beach, CA 90802
                                                                562-590-3400
                                                                Email: bbarrow@seglaw.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **H.W. Trey Jones**
                                                                Simon Eddins and Greenstone
                                                                301 East Ocean Boulevard Suite 1950
                                                                Long Beach, CA 90802
                                                                562-590-3400
                                                                Fax: 562-590-3412
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Jennifer L Bartlett**
                                                                Simon Eddins and Greenstone
                                                                301 E Ocean Blvd Suite 1950
                                                                Long Beach, CA 90802
                                                                562-590-3400
                                                                Fax: 562-590-3412
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Ronald Cary Eddins**
                                                                Simon Eddins and Greenstone
                                                                301 East Ocean Blvd Suite 1950
                                                                Long Beach, CA 90802
                                                                562-590-3400
                                                                Fax: 562-590-3412

Email: reddins@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kathleen Christiansen**                 represented by   **Brian P Barrow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**H.W. Trey Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**
*sued as successor-by-merger to CBS*
*Corporation*
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**CLA-VAL Co**                            represented by   **Erica M Sorosky**
Palmieri Tyler Wiener Wilhelm and
Waldron
2603 Main Street Suite 1300
Irvine, CA 92614
949-851-7271
Fax: 949-757-1225
Email: esorosky@ptwww.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia A Gowin**
Hawkins Parnell Thackston & Young LLP
444 S. Flower Street
Suite 1100

Los Angeles, CA 90071
213-486-8022
Fax: 213-486-8080
Email: jgowin@hptylaw.com
*TERMINATED: 09/16/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**          represented by   **Edward R Hugo**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James C Parker**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Jeffrey Moses**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: tmoses@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**          represented by   **Charles T Sheldon**
*TERMINATED: 08/04/2008*                              Sedgwick Detert Moran and Arnold
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: charles.sheldon@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Paige Gardiner**

Sedgwick Detert Moran and Arnold
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Henry Technologies, Inc.**       represented by   **Craig R Maki**
*sued individually and as successor-in-*                  Selman Breitman
*interest to Henry Valve Co.*                          11766 Wilshire Blvd, 6th Fl
Los Angeles, CA 90025-6538
310-445-0800
Email: CMaki@selmanbreitman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**           represented by   **Keith M Ameele**
*Guardian Ad Litem*                            Foley and Mansfield
The Dial Corporation (sued individually            150 South Los Robles Avenue
and as successor-in-interest to Griscom             Suite 400
Russell Company                            Pasadena, CA 91101
626-744-9359
Fax: 626-744-1702
Email: kameele@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1-450, Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2008 | 1 | NOTICE OF REMOVAL from Los Angeles Superior Court, case number BC 388763. Case assigned to Judge George P. Schiavelli, Discovery to Magistrate Judge Rosalyn M Chapman. (Filing fee $ 350 PAID), filed by Defendant Foster Wheeler Energy Corporation.(car) Additional attachment(s) added on 5/16/2008 (cyo, ). (Entered: 05/14/2008) |
| 05/13/2008 | 2 | NOTICE OF TAG-ALONG ACTION filed by Defendant Foster Wheeler Energy Corporation. CONFORMED copy of Summons and Complaint from Los Angeles Superior Court Case Number BC 388763 is attached. (car) Additional attachment(s) added on 5/16/2008 (cyo, ). (Entered: 05/14/2008) |
| 05/13/2008 | 3 | CORPORATE DISCLOSURE STATEMENT filed by Defendant Foster Wheeler |

| | | |
|---|---|---|
| | | Energy Corporation identifying None as Corporate Parent. (car) Additional attachment(s) added on 5/16/2008 (cyo, ). (Entered: 05/14/2008) |
| 05/13/2008 | 4 | NOTICE of Interested Parties filed by Defendant Foster Wheeler Energy Corporation. (car) Additional attachment(s) added on 5/16/2008 (cyo, ). (Entered: 05/14/2008) |
| 05/13/2008 | | FAX number for Attorney Edward R Hugo, Thomas J Moses, James C Parker is (415) 807-0333. (car) (Entered: 05/14/2008) |
| 05/13/2008 | | FAX number for Attorney Jennifer L Bartlett, Ronald Cary Eddins, H.W. Trey Jones is (562) 590-3412. (car) (Entered: 05/14/2008) |
| 05/14/2008 | 5 | JOINDER in Notice of Removal, 1 ,filed by defendant General Electric Company (Gardiner, Katherine) (Entered: 05/14/2008) |
| 05/16/2008 | 6 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: wrong event: Joinder in Complaint(EVENT IS FOR COMPLAINTS ONLY); Correct event found under misc: Joinder(non-motion): filing party is a defendant. RE: Joinder in Complaint 5 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (lc) (Entered: 05/16/2008) |
| 05/16/2008 | 8 | NOTICE OF DISCREPANCY AND ORDER: by Judge George P. Schiavelli, ORDERING Joinder in notice of removal submitted by Defendant General Electric Company received on 5/14/08 is not to be filed but instead rejected. Denial based on: G.O. 08-02, case designated for e-filing. (lc) (Entered: 05/19/2008) |
| 05/19/2008 | 7 | JOINDER filed by Defendant General Electric Company joining in Notice of Removal, 1 . (Gardiner, Katherine) (Entered: 05/19/2008) |
| 05/20/2008 | 9 | NOTICE Notice of Refiling State Court Answer to Complaint filed by defendant CLA-VAL Co. (Gowin, Julia) (Entered: 05/20/2008) |
| 05/20/2008 | 10 | Certificate of Interested Parties filed by Defendant CLA-VAL Co. (Gowin, Julia) (Entered: 05/20/2008) |
| 05/20/2008 | 11 | DEMAND for Jury Trial filed by defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 05/20/2008) |
| 05/21/2008 | 12 | NOTICE of Change of Attorney Information for attorney Katherine Paige Gardiner counsel for Defendant General Electric Company. Adding Katherine P. Gardiner as attorney as counsel of record for Defendant General Electric Company for the reason indicated in the G-06 Notice. Filed by Defendant General Electric Company (Gardiner, Katherine) (Entered: 05/21/2008) |
| 05/23/2008 | 13 | ANSWER *to Complaint for Personal Injury* filed by Defendant Foster Wheeler Energy Corporation.(Moses, Thomas) (Entered: 05/23/2008) |
| 05/23/2008 | 14 | Certification and Notice of Interested Parties filed by Defendant Viad Corporation. (Ameele, Keith) (Entered: 05/23/2008) |
| 05/23/2008 | 15 | NOTICE of refiling state court answer to complaint Viad Corporation. (Ameele, Keith) (Entered: 05/23/2008) |
| 05/23/2008 | 16 | Demand for Jury Trial filed by Defendant Viad Corporation (Ameele, Keith) (Entered: |

| | | |
|---|---|---|
| | | 05/23/2008) |
| 05/27/2008 | 17 | ANSWER to Notice of Removal, 1 *Notice of Refiling State Court Answer to Complaint* filed by defendant Henry Technologies, Inc..(Maki, Craig) (Entered: 05/27/2008) |
| 05/27/2008 | 18 | ANSWER to Notice of Removal, 1 *Demand for Jury Trial* filed by defendant Henry Technologies, Inc..(Maki, Craig) (Entered: 05/27/2008) |
| 05/27/2008 | 19 | ANSWER *Certification as to Interested Parties* filed by defendant Henry Technologies, Inc..(Maki, Craig) (Entered: 05/27/2008) |
| 05/27/2008 | 20 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Miscellaneous document; correct event found under pretrial and trial documents: Jury demand RE: Miscellaneous Document 16 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (lc) (Entered: 05/27/2008) |
| 05/28/2008 | 21 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Wrong event: answer and then texted over; correct event found under: Pretrial and trial documents: Jury Demand RE: Answer to Complaint 18 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (lc) (Entered: 05/28/2008) |
| 05/28/2008 | 22 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: wrong event: answer; correct event found under notices: Certificate of interested party RE: Answer to Complaint 19 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (lc) (Entered: 05/28/2008) |
| 05/29/2008 | 23 | DEMAND for Jury Trial filed by defendant Henry Technologies, Inc... (Maki, Craig) (Entered: 05/29/2008) |
| 05/29/2008 | 24 | Certificate of Interested Parties filed by Defendant Henry Technologies, Inc., identifying Fireman's Fund Insurance Company; Hanover Insurance. (Maki, Craig) (Entered: 05/29/2008) |
| 05/30/2008 | 25 | DEMAND for Jury Trial Viad Corporation.. (Langbord, Peter) (Entered: 05/30/2008) |
| 06/06/2008 | 26 | MINUTES OF IN CHAMBERS ORDER held before Judge George P. Schiavelli: Pursuant to F.R.Civ.P. 16(b), a scheduling conference is set in this matter for August 11, 2008 at 11:00 a.m. The parties are reminded of their obligations to disclose information, confer on a discovery plan, and report to the Court, as required by F.R.Civ.P. 26 and the Local Rules of this Court. Trial counsel are ordered to be present. (lc) (Entered: 06/06/2008) |
| 06/09/2008 | 27 | NOTICE of Related Case(s) filed by defendant General Electric Company. Related Case(s): CV08-03744 DDP (JWJx) (Gardiner, Katherine) (Entered: 06/09/2008) |
| 06/09/2008 | 28 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by Plaintiffs Allen Christiansen, Kathleen Christiansen. Motion set for |

| | | |
|---|---|---|
| | | hearing on 7/14/2008 at 01:30 PM before Judge George P. Schiavelli. (Attachments: # 1 Exhibit Exhibits A-E, # 2 Exhibit Exhibit F to Motion for Remand, # 3 Proposed Order Granting Pltfs' Motion for Remand)(Barrow, Brian) (Entered: 06/09/2008) |
| 06/09/2008 | 29 | Certificate of Interested Parties filed by Plaintiffs Allen Christiansen, Kathleen Christiansen, (Barrow, Brian) (Entered: 06/09/2008) |
| 06/09/2008 | 30 | OBJECTIONS in support of re: MOTION to Remand Case to Los Angeles Superior Court 28 *and Motion to Strike Declarations of J. Thomas Schroppe, Ben J. Lehman, and Lawrence S. Betts* filed by Plaintiffs Allen Christiansen, Kathleen Christiansen. (Barrow, Brian) (Entered: 06/09/2008) |
| 06/30/2008 | 31 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 28 filed by Defendant Foster Wheeler Energy Corporation. (Attachments: # 1 Exhibit Exhibits 1 through 4 to Memo of Law in Opposition to Plaintiffs' Motion for Remand, # 2 Exhibit Exhibits 5 through 8 to Memo of Law in Opposition to Plaintiffs' Motion for Remand, # 3 Exhibit Exhibit 9 (Part 1 of 4) to Memo of Law in Opposition to Plaintiffs' Motion for Remand, # 4 Exhibit Exhibit 9 (Part 2 of 4) to Memora of Law in Opposition to Plaintiffs' Motion for Remand, # 5 Exhibit Exhibit 9 (part 3 of 4) to Memo of Law in Opposition to Plaintiffs' Motion for Remand, # 6 Exhibit Exhibit 9 (part 4 of 4) to Memo of Law in Opposition to Plaintiffs' Motion for Remand, # 7 Exhibit Exhibits 10 through 12 to Memo of Law in Opposition to plaintiffs' Motion for Remand)(Moses, Thomas) (Entered: 06/30/2008) |
| 06/30/2008 | 32 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 28 *DEFENDANT VIAD CORP'S OPPOSITION TO MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES AND AFFIDAVITS OF ADMIRAL BEN J. LEHMAN, U.S. NAVY, RET., AND CHARLES R. CUSHING IN SUPPORT THEREOF* filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit A-D in support of Viad's Opposition, # 2 Exhibit E-J in support of Viad's Opposition)(Langbord, Peter) (Entered: 06/30/2008) |
| 06/30/2008 | 33 | DECLARATION re Response in Opposition to Motion, 32 *DECLARATION OF CHARLES R. CUSHING IN SUPPORT OF OPPOSITION TO MOTION FOR REMAND TO STATE COURT* filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 06/30/2008) |
| 06/30/2008 | 34 | DECLARATION of ADMIRAL BEN J. LEHMAN, U.S. NAVY, RET. re Response in Opposition to Motion, 32 *DECLARATION OF ADMIRAL BEN J. LEHMAN, U.S. NAVY, RET. IN SUPPORT OF OPPOSITION TO MOTION FOR REMAND TO STATE COURT* filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit A to Dec of Admiral Lehman, # 2 Exhibit B to Dec of Admiral Lehman - Part 1, # 3 Exhibit B to Dec of Admiral Lehman - Part 2, # 4 Exhibit B to Dec of Admiral Lehman - Part 3, # 5 Exhibit B to Dec of Admiral Lehman - Part 4, # 6 Exhibit B to Dec of Admiral Lehman - Part 5, # 7 Exhibit B to Dec of Admiral Lehman - Part 6, # 8 Exhibit C to Dec of Admiral Lehman, # 9 Exhibit D to Dec of Admiral Lehman - Part 1, # 10 Exhibit D to Dec of Admiral Lehman - Part 2, # 11 Exhibit D to Dec of Admiral Lehman - Part 3, # 12 Exhibit D to Dec of Admiral Lehman - Part 4) (Langbord, Peter) (Entered: 06/30/2008) |
| 06/30/2008 | 35 | PROOF OF SERVICE Viad Corporation, re Declaration (non-motion), Declaration (non-motion), Declaration (non-motion), Declaration (non-motion) 34 , Response in |

| | | |
|---|---|---|
| | | Opposition to Motion, 32 , Declaration (non-motion) 33 *PROOF OF SERVICE RE: OPPOSITION TO MOTION FOR REMAND TO STATE COURT* served on June 30, 2008. (Langbord, Peter) (Entered: 06/30/2008) |
| 06/30/2008 | 36 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 28 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 06/30/2008) |
| 06/30/2008 | 37 | DECLARATION of Lawrence Stilwell Betts, MD, PhD in opposition to MOTION to Remand Case to Los Angeles Superior Court 28 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 06/30/2008) |
| 06/30/2008 | 38 | DECLARATION of Admiral Ben J. Lehman in opposition to MOTION to Remand Case to Los Angeles Superior Court 28 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 06/30/2008) |
| 06/30/2008 | 39 | DECLARATION of David Hobson in opposition to MOTION to Remand Case to Los Angeles Superior Court 28 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 06/30/2008) |
| 06/30/2008 | 40 | DECLARATION of Katherine P. Gardiner in opposition to MOTION to Remand Case to Los Angeles Superior Court 28 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 06/30/2008) |
| 06/30/2008 | 41 | NOTICE of Manual Filing filed by Defendant General Electric Company of Exhibits A-EE to the Declaration of Lawrence Betts in support of General Electric Company's Opposition to Plaintiffs' Motion to Remand. (Gardiner, Katherine) (Entered: 06/30/2008) |
| 06/30/2008 | 42 | NOTICE OF LODGING filed re Response in Opposition to Motion 36 (Attachments: # 1 Proposed Order)(Gardiner, Katherine) (Entered: 06/30/2008) |
| 06/30/2008 | 44 | DECLARATION of Lawrence Stilwell Betts, MD, PhD in support MOTION to Remand Case to Los Angeles Superior Court 28 filed by Defendant General Electric Company. (Attachments: # 1 part 2, # 2 part 3, # 3 part 4, # 4 part 5, # 5 part 6, # 6 part 7, # 7 part 8, # 8 part 9, # 9 part 10, # 10 part 11, # 11 part 12, # 12 part 13, # 13 part 14, # 14 part 15, # 15 part 16, # 16 part 17, # 17 part 18, # 18 part 19, # 19 part 20, # 20 part 21, # 21 part 22, # 22 part 23, # 23 part 24) # 24(lc) Modified on 7/1/2008 (lc). (Entered: 07/01/2008) |
| 07/01/2008 | 43 | PROOF OF SERVICE filed by defendant General Electric Company, re Declaration (Motion related) 37 *of Lawrence Stilwell Betts in support of General Electric Company's Opposition to Plaintiffs' Motion to Remand* served on June 30, 2008. (Gardiner, Katherine) (Entered: 07/01/2008) |
| 07/08/2008 | 45 | REPLY in support of MOTION to Remand Case to Los Angeles Superior Court 28 filed by Plaintiffs Allen Christiansen, Kathleen Christiansen. (Barrow, Brian) (Entered: 07/08/2008) |
| 07/08/2008 | 46 | MINUTES OF IN CHAMBERS ORDER held before Judge George P. Schiavelli: Order Requiring Hyperlinked Electronic Versions of All Briefs on CD-ROMS (see document for specific requirements); Continuing Hearing on plaintiff's motion to remand to 7/28/08 28 . (lc) (Entered: 07/09/2008) |
| 07/14/2008 | 47 | STIPULATION to Dismiss defendant General Electric Company filed by defendant |

| | | General Electric Company.(Gardiner, Katherine) (Entered: 07/14/2008) |
|---|---|---|
| 07/14/2008 | 48 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: General Electric's answer on record(attached to its joinder on the removal; FRCP cite incomplete; requires a formal proposed order which should have been submitted as a separate attachment thereto. RE: Stipulation to Dismiss Party 47 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (lc) (Entered: 07/14/2008) |
| 07/23/2008 | 49 | MINUTES OF IN CHAMBERS ORDER held before Judge George P. Second Order Requiring Hyperlinked Electronic Versions of All Briefs on CD-ROMS.Defendants have lodged their CD-ROMs. Plaintiffs, however, have failed to timely submit a CD-ROM version of their briefs.Accordingly, the Court CONTINUES the hearing to August 4, 2008, at1:30 p.m. 28 Plaintiffs shall lodge an electronic version of their motion and reply by July 28, 2008. Additionally, the Court ORDERS Plaintiffs to SHOW CAUSE why it should not impose sanctions for their failure to comply with a Court order. An OSC response is due July 28, 2008. The OSChearing will also be August 4, 2008, at 1:30 p.m. (lc) (Entered: 07/23/2008) |
| 07/24/2008 | 50 | STIPULATION to Dismiss Defendant General Electric Company filed by Defendant General Electric Company.(Gardiner, Katherine) (Entered: 07/24/2008) |
| 07/24/2008 | 51 | NOTICE OF LODGING filed *July 24, 2008* re Stipulation to Dismiss Party 50 (Attachments: # 1 Proposed Order)(Gardiner, Katherine) (Entered: 07/24/2008) |
| 07/28/2008 | 52 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV07-2241 R (JTLx). Case transfered from Magistrate Judge Rosalyn M. Chapman and Judge George P. Schiavelli to Judge Manuel L. Real and Magistrate Judge Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV08-3133 R (JTLx).Signed by Judge Manuel L. Real (at) (Entered: 07/28/2008) |
| 07/28/2008 | 53 | NOTICE OF LODGING filed *Plaintiffs of Electronic Version of Plaintiffs' Briefs* re MOTION to Remand Case to Los Angeles Superior Court 28 , Reply (Motion related) 45 (Barrow, Brian) (Entered: 07/28/2008) |
| 07/28/2008 | 54 | DECLARATION of Brian P. Barrow in support of MOTION to Remand Case to Los Angeles Superior Court 28 *and in Response to Order to Show Cause re Electronic Version of Documents* filed by Plaintiffs Allen Christiansen, Kathleen Christiansen. (Barrow, Brian) (Entered: 07/28/2008) |
| 07/31/2008 | 55 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real, (pj) (Entered: 08/04/2008) |
| 07/31/2008 | 56 | MINUTES OF IN CHAMBERS ORDER held before Judge Manuel L. Real: COUNSEL ARE NOTIFIED that this matter has been transferred to the calendar of Judge Manuel L. Real. On the Court's own motion, the SCHEDULING CONFERENCE previously scheduled for AUGUST 11, 2008 AT 11:00 A.M. before Judge Schiavelli is hereby VACATED. The parties may refer to Judge Real's Order re: Notice to Counsel on how to proceed in Judge Real's court. IT IS SO ORDERED. (pj) (Entered: 08/04/2008) |
| | | |

| 08/04/2008 | 57 | ORDER by Judge Manuel L. Real: Based upon the Stipulation to Dismiss Party 50 , The Court orders that Defendant General Electric Company is Dismissed Without prejudice pursuant to FRCP 41(a)(1). (jp) (Entered: 08/06/2008) |
| 08/04/2008 | 58 | MINUTES OF Motion Hearing held before Judge Manuel L. Real: The Court DENIES Plaintiff's MOTION to Remand Case to Los Angeles Superior Court 28 . Court Reporter: Sheri Kleeger. (jp) (Entered: 08/06/2008) |
| 09/10/2008 | 59 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Co. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/10/2008) |
| 09/16/2008 | 60 | NOTICE of Change of Attorney Information for attorney Erica M Sorosky counsel for Defendant CLA-VAL Co. Julia A. Gowin will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Julia A. Gowin is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Sorosky, Erica) (Entered: 09/16/2008) |
| 09/30/2008 | 61 | STIPULATION to Dismiss Case pursuant to FRCP 41(a)(1) filed by Plaintiffs Allen Christiansen, Kathleen Christiansen. (Attachments: # 1 Proposed Order Dismissing the action with prejudice)(Barrow, Brian) (Entered: 09/30/2008) |
| 10/01/2008 | 62 | ORDER OF DISMISSAL: For good cause appearing and based on the parties' Stipulation, this case is hereby dismissed with prejudice by Judge Manuel L. Real,, (Made JS-6. Case Terminated.) (bp) (Entered: 10/01/2008) |
| 10/16/2008 | 63 | TRANSFER ORDER REGARDING MDL 875 IN RE ABESTOS PRODUCTS LIABILITY LITIGATION NO VI. Actions are transferred to the Eastern District of Pennsylvania. NOTE FROM EASTERN DISTRICT OF PA. PLEASE DO NOT FORWARD A CERTIFIED DOCKET OR A CERTIFIED COPY OF THE TRANSFER ORDER OF THIS DISTRICT. (pj) (Entered: 10/22/2008) |
| 12/30/2008 | 64 | ORDER VACATING TRANSFER ORDER REGARDING MDL 875 IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION NO VI. IT IS ORDERED that the Panel's transfer order in this docket is VACATED insofar as it relates to this action by Panel On Multi district Litigation Robert L Miller Jr Acting Chairman 62 (pj) (Entered: 12/31/2008) |

| **PACER Service Center** | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 12/09/2010 11:58:35 | | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-03133-R -JTL End date: 12/9/2010 |
| **Billable Pages:** | 8 | **Cost:** | 0.64 |

1   RON C. EDDINS, CA Bar No. 243581
2   JENNIFER L. BARTLETT, CA Bar No. 183154
    H. W. TREY JONES, CA Bar No. 237607
3   **SIMON, EDDINS & GREENSTONE, LLP**
    301 E. Ocean Blvd., Ste. 1950
4   Long Beach, California 90802
    Telephone (562) 590-3400
5   Facsimile (562) 590-3412

6   Attorneys for Plaintiffs

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 8 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

8   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9   **FOR THE COUNTY OF LOS ANGELES**

11  **ALLEN CHRISTIANSEN and**          Case No.    B C 388763
    **KATHLEEN CHRISTIANSEN**

12                                      THIS ACTION CONSTITUTES COMPLEX
                          Plaintiffs,   ASBESTOS LITIGATION – SUBJECT TO THE
13                                      GENERAL ORDERS CONTAINED IN FILE NO.
              vs.                       C 700000 – DEPT. 59
14
15  **CBS CORPORATION f/k/a VIACOM,**   **COMPLAINT FOR PERSONAL INJURY –**
    **INC.** (sued as successor-by-merger to CBS   **ASBESTOS (NEGLIGENCE; STRICT**
16  CORPORATION f/k/a WESTINGHOUSE      **LIABILITY; LOSS OF CONSORTIUM)**
    ELECTRIC CORPORATION);
17  **CLA-VAL CO.**
    **FOSTER WHEELER ENERGY**
18  **CORPORATION;**
    **GENERAL ELECTRIC COMPANY;**
19  **HENRY TECHNOLOGIES, INC.** (sued
    individually and as successor-in-interest to
20  HENRY VALVE CO.);
    **VIAD CORPORATION** f/k/a THE DIAL
21  CORPORATION (sued individually and as
    successor-in-interest to GRISCOM-
22  RUSSELL COMPANY);
    and **DOES 1-450** INCLUSIVE,
23
24                          Defendants.

25                         GENERAL ALLEGATIONS

26      COME NOW Plaintiffs **ALLEN CHRISTIANSEN** and **KATHLEEN CHRISTIANSEN**

27  (hereinafter "Plaintiffs") and complain and allege as follows:

28      1.   The true names and capacities, whether individual, corporate, associate, governmental

                                        I

or otherwise, of defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly.   Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.    At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venture of his co-defendants, and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, defendants **CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION); **CLA-VAL CO.; FOSTER WHEELER ENERGY CORPORATION;   GENERAL   ELECTRIC   COMPANY;   HENRY TECHNOLOGIES, INC.** (sued individually and as successor-in-interest to HENRY VALVE CO.); **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY), and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Los Angeles, State of California.

3.    Plaintiffs allege herein that Plaintiff ALLEN CHRISTIANSEN developed malignant mesothelioma as a result of exposure to asbestos from defendants' asbestos, asbestos-containing

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **CBS CORPORATION** f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION) (for Westinghouse turbines and BF Sturtevant blowers); **CLA-VAL CO.** (for Cla-Val valves); **FOSTER WHEELER ENERGY CORPORATION** (for Foster Wheeler boilers); **GENERAL ELECTRIC COMPANY** (for General Electric turbines); **HENRY TECHNOLOGIES, INC.** (sued individually and as successor-in-interest to HENRY VALVE CO.) (for Henry valves); and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom Russell distilling plants).

4.     Plaintiffs hereby disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also hereby disclaim any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any act(s) or omission(s) of a party Defendant committed at the direction of an officer of the United States Government.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.     Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6.     At all times herein mentioned, each of the named defendants and DOES 1 through 450 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   packaging and advertising asbestos, and products containing asbestos, including but not limited to,

2   those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called

3   "alternate entities."  Each of the herein named defendants is liable for the tortious conduct of each

4   successor, successor in business, successor in product line or a portion thereof, assign, predecessor in

5   product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

6   owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing,

7   warranted, re-branded, manufactured for others and advertised asbestos, products containing asbestos.

8   The following defendants, and each of them, are liable for the acts of each and every "alternate entity",

9   and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such

10  "alternate entity"; defendants, and each of them, have acquired the assets, product line, or a portion

11  thereof, of each such "alternate entity"; defendants, and each of them, have caused the destruction of

12  Plaintiffs' remedy against each such "alternate entity"; each such defendant has the ability to assume

13  the risk-spreading role of each such "alternate entity"; and that each such defendant enjoys the

14  goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CBS CORPORATION | VIACOM INC.<br>WESTINGHOUSE ELECTRIC CORPORATION<br>BF STURTEVANT<br>VIACOM INTERNATIONAL, INC.<br>VIACOM PLUS |
| FOSTER WHEELER ENERGY CORPORATION | FOSTER WHEELER BOILER CORPORATION<br>FOSTER WHEELER CONTRACTORS, INC.<br>FOSTER WHEELER CORPORATION<br>FOSTER WHEELER DEVELOPMENT CORP.<br>FOSTER WHEELER ENERGY RESOURCES INC.<br>FOSTER WHEELER ENERGY SERVICES, INC.<br>FOSTER WHEELER ENVIRESPONSE, INC.<br>FOSTER WHEELER ENVIRONMENTAL CORPORATION<br>FOSTER WHEELER POWER GROUP, INC.<br>FOSTER WHEELER POWER SYSTEMS, INC.<br>FOSTER WHEELER PYROPOWER, INC.<br>FOSTER WHEELER REALTY SERVICES, INC.<br>FOSTER WHEELER USA CORPORATION |

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | |
|---|---|
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC. |
| | GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY |
| | GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY |
| | GENERAL ELECTRIC TRADING COMPANY |
| VIAD CORPORATION | THE DIAL CORPORATION |
| | GRISCOM-RUSSELL COMPANY |

7.     At all times herein mentioned, defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising products containing asbestos (hereinafter Defendants' Products).

8.     At all times herein mentioned, defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff ALLEN CHRISTIANSEN herein (hereinafter collectively called "exposed person").  Said products were used at all times in a manner that was reasonably foreseeable to defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person".  Plaintiffs herein allege that ALLEN CHRISTIANSEN's exposures to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "defendants' products" or "defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant mesothelioma, and therefore proximately caused Plaintiff ALLEN CHRISTIANSEN's

5

1   injuries.

2        9.      Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable

3   care while engaging in the activities mentioned above and each defendants breached said duty of

4   reasonable care in that defendants, and each of them, failed to safely and adequately design, manufacture

5   and/or sell defendants' products; failed to test said products; failed to investigate the hazards of said

6   products; failed to warn "exposed person", including Plaintiff ALLEN CHRISTIANSEN, of the health

7   hazards of using defendants' products; failed to disclose the known or knowable dangers of using

8   defendants' products; failed to obtain suitable alternative materials to asbestos when such alternatives

9   were available; and as otherwise stated herein.

10       10.      The defendants' products were and are hazardous to the health and safety of Plaintiff, and

11  others in Plaintiff's position working with and in close proximity to such products, and since on or

12  before 1930, the hazards and dangerous propensities of the defendants' products were both known and

13  knowable to the defendants, their "alternate entities", and each of them, through the use of medical

14  and/or scientific data and other knowledge available to defendants, their "alternate entities", and each of

15  them at the time of defendants' manufacture, distribution, sale, research, study, fabrication, design,

16  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

17  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

18  others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

19  propensities of asbestos presented a substantial danger to users, including Plaintiff, ALLEN

20  CHRISTIANSEN, of Defendants' Products through the intended and reasonably foreseeable use of

21  those products.

22       11.      Defendants, their "alternate entities", and each of them, knew, or reasonably should have

23  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

24  intended and reasonably foreseeable manner.

25       12.      Defendants, their "alternate entities", and each of them, knew, or reasonably should have

26  known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,

27  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed

28  in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and

6

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff ALLEN CHRISTIANSEN herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have known that users, such as Plaintiff ALLEN CHRISTIANSEN and others in his position, working with and in close proximity to Defendants' Products would not realize or know the danger. Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of the products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm. The negligent failure of defendants, their "alternate entities," and each of them to warn was a substantial factor in causing harm to Plaintiff ALLEN CHRISTIANSEN.

13.    Plaintiff ALLEN CHRISTIANSEN used, handled, or was otherwise exposed to asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to defendants and each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

14.    As a direct and proximate result of the conduct of the defendants, their "alternate entities", and each of them, as aforesaid, Plaintiff ALLEN CHRISTIANSEN's exposure to asbestos from use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure to Defendants' Products, are set forth in **Exhibit "B",** which is attached hereto and incorporated by reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to Defendants' Products over a period of time.

15.    Plaintiff ALLEN CHRISTIANSEN suffers from malignant pleural mesothelioma, caused by exposure to asbestos including those products identified in paragraph 3 above. Plaintiff ALLEN CHRISTIANSEN was not aware at the time of exposure that Defendants' Products presented any risk of injury and/or disease.

16.    As a direct and proximate result of the aforesaid conduct of defendants, their "alternate

7

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

entities," and each of them, Plaintiff ALLEN CHRISTIANSEN has suffered and will continue to suffer permanent injuries and future injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

17.    As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities", and each of them, Plaintiff ALLEN CHRISTIANSEN has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.    As a further direct and proximate result of the said conduct of the defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

19.    Plaintiffs further allege that defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff ALLEN CHRISTIANSEN, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.  Although defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff ALLEN CHRISTIANSEN.

(b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of defendants, their "alternate entities", and each of them, actively promoted the

8

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff ALLEN CHRISTIANSEN as to the safety of their products. Through their participation and association with such industry organizations, defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff ALLEN CHRISTIANSEN at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff ALLEN CHRISTIANSEN and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff ALLEN CHRISTIANSEN with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the defendants, their

9

"alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff ALLEN CHRISTIANSEN and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff ALLEN CHRISTIANSEN and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff ALLEN CHRISTIANSEN so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

21.    The herein-described conduct of said defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff ALLEN CHRISTIANSEN, in that defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said defendants, seek punitive damages according to proof.

22.    Defendants and each of them engaged in conduct which was intended by defendants and each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff ALLEN CHRISTIANSEN.

23.    Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff ALLEN CHRISTIANSEN, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

24.    As a direct and proximate result of such intentional conduct by defendants, their "alternate entities" and each of them, Plaintiff ALLEN CHRISTIANSEN sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

25.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

26.    Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, ALLEN CHRISTIANSEN, and the lack of sufficient instructions and/or warnings was a substantial factor in

11

1  causing harm to Plaintiff ALLEN CHRISTIANSEN and others in Plaintiff's position working with and

2  in close proximity to such products.

3      27.    Defendants' Products were defective and unsafe for their intended purpose and

4  foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

5  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," ALLEN

6  CHRISTIANSEN or otherwise disturbed, said products would result in the release, and therefore

7  inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff ALLEN

8  CHRISTIANSEN.   The defect existed in all of said products when they left the possession of the

9  defendants, their "alternate entities," and each of them.  At the time Defendants' Products were used by

10  Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the

11  products were substantially the same as when they left the possession of the defendants, their "alternate

12  entities," and each of them and/or any changes made to the products after they left the possession of

13  defendants, their "alternate entities", and each of them were reasonably foreseeable to defendants, their

14  "alternate entities", and each of them.  Defendants' asbestos and asbestos products were used by

15  Plaintiff ALLEN CHRISTIANSEN, and others in Plaintiff's position working with and in close

16  proximity to such products, in a way that was reasonably foreseeable to defendants, and each of them.

17  The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff

18  ALLEN CHRISTIANSEN, including malignant mesothelioma, while being used in a reasonably

19  foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for

20  their ordinary and intended use.

21      28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'

22  Products failed to perform as safely as an ordinary consumer would have expected in that defendants'

23  products, and each of them, during their ordinary and intended use, and such hazardous exposures

24  lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including

25  asbestosis, lung cancer, mesothelioma and other cancers in humans.  Plaintiffs further allege that

26  "exposed person", including Plaintiff ALLEN CHRISTIANSEN, were unaware of the harmful effects of

27  asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures

28  occurred, and thus the failure of defendants' products to perform as safely as Plaintiff ALLEN

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    CHRISTIANSEN had reason to expect was a substantial factor in causing his injuries.

2       29.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

3    ALLEN CHRISTIANSEN has suffered the injuries and damages alleged herein.

4       30.     Plaintiffs further allege that defendants, their "alternate entities", and each of them, also

5    engaged in the following wrongful acts:

6           (a)     Defendants, their "alternate entities", and each of them, suppressed from all

7    consumers, including Plaintiff ALLEN CHRISTIANSEN, medical and scientific information

8    concerning the health hazards associated with inhalation of asbestos, including the substantial risk of

9    injury or death therefrom.   Although defendants, and each of them, knew of the substantial risks

10   associated with exposure to asbestos, they willfully and knowingly concealed such information from the

11   users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety

12   and welfare of "exposed person", including Plaintiff ALLEN CHRISTIANSEN.

13          (b)     Defendants, their "alternate entities", and each of them, belonged to, participated

14   in, and financially supported industry organizations, including but not limited to the Gypsum

15   Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for

16   and on behalf of defendants, their "alternate entities", and each of them, actively promoted the

17   suppression of information about the dangers of asbestos to users of the aforementioned products and

18   materials, thereby misleading Plaintiff ALLEN CHRISTIANSEN as to the safety of their products.

19   Through their participation and association with such industry organizations, defendants and each of

20   them knowingly and deliberately concealed and suppressed the true information regarding asbestos and

21   its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false

22   security about the safety of their products.  The Dust Control Committee, which changed its name to the

23   Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject

24   of dust control.  Discussions in this committee were held many times regarding the dangers inherent in

25   asbestos and the dangers, which arise from the lack of control of dust, and such information was

26   suppressed from public dissemination from 1946 to a date unknown to Plaintiff ALLEN

27   CHRISTIANSEN at this time;

28          (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and

13

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in

2  Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew

3  and possessed medical and scientific information of the connection between the inhalation of asbestos

4  fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and

5  other industry organizations to all other defendants, their "alternate entities", and each of them, herein.

6  Between 1942 and 1950, the defendants, their "alternate entities", and each of them, failed to provide

7  this information to consumers;

8      (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

9  ALLEN CHRISTIANSEN and others of the nature of said materials which were dangerous when

10  breathed and which could cause pathological effects without noticeable trauma, despite the fact that

11  defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to

12  disclose that said materials were dangerous and a threat to the health of persons coming into contact

13  therewith;

14      (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

15  ALLEN CHRISTIANSEN with information concerning adequate protective masks and other equipment

16  devised to be used when applying, mixing, installing and sanding the products of the defendants, their

17  "alternate entities", and each of them, despite knowing that such protective measures were necessary,

18  and that they were under a duty to disclose that such materials were dangerous and would result in injury

19  to Plaintiff ALLEN CHRISTIANSEN and others applying and installing such material;

20      (f)    Defendants, their "alternate entities", and each of them, knew and failed to

21  disclose that Plaintiff ALLEN CHRISTIANSEN and anyone similarly situated, upon inhalation of

22  asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis,

23  asbestosis, mesothelioma and/or cancer;

24      (g)    Defendants, their "alternate entities", and each of them, failed to provide

25  information of the true nature of the hazards of asbestos materials and that exposure to these material

26  would cause pathological effects without noticeable trauma to the public, including buyers, users, and

27  physicians employed by Plaintiff ALLEN CHRISTIANSEN so that said physicians could not examine,

28  diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that defendants,

14

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    their "alternate entities", and each of them, were under a duty to so inform and said failure was

2    misleading; and

3        31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

4    managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

5    or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

6    each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

7    them, and each defendant's officers, directors, and managing agents participated in, authorized,

8    expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

9    their "alternate entities" as set forth herein.

10       32.    The herein-described conduct of said defendants, their "alternate entities", and each of

11   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

12   to the safety and health of "exposed person," including Plaintiff ALLEN CHRISTIANSEN, in that

13   defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

14   to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

15   posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their

16   "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

17   miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

18   justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,

19   for the sake of example and by way of punishing said defendants, seek punitive damages according to

20   proof.

21       33.    Defendants and each of them engaged in conduct which was intended by defendants and

22   each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the

23   defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

24   ALLEN CHRISTIANSEN.

25       34.    Defendants, and each of them, engaged in the despicable conduct described herein that

26   subjected persons, including Plaintiff ALLEN CHRISTIANSEN, to cruel and unjust hardship in the

27   form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

28   disregard of those persons' rights.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

35.     As a direct and proximate result of such intentional conduct by defendants, their "alternate entities" and each of them, Plaintiff ALLEN CHRISTIANSEN sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF KATHLEEN CHRISTIANSEN COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

40.     Plaintiff KATHLEEN CHRISTIANSEN incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

41.     Plaintiffs ALLEN CHRISTIANSEN and KATHLEEN CHRISTIANSEN were married on August 5, 1972, and at all times relevant to this action were, and are now, husband and wife.

42.     Prior to Plaintiff ALLEN CHRISTIANSEN's injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, plaintiff ALLEN CHRISTIANSEN has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, KATHLEEN CHRISTIANSEN has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

43.     Plaintiff KATHLEEN CHRISTIANSEN's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

44.     As a direct and proximate result of the acts of defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to plaintiff ALLEN CHRISTIANSEN as set forth in this complaint, plaintiff KATHLEEN CHRISTIANSEN has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations,

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and

2    emotional distress and general nervousness as a result thereof.

3         44.    WHEREFORE, plaintiffs pray for judgment against defendants, their "alternate entities",

4    and each of them, in an amount to be proved at trial in each individual case, as follows:

5              Plaintiff ALLEN CHRISTIANSEN:

6         1.    For plaintiff's general damages according to proof;

7         2.    For plaintiff's loss of income, wages, and earning potential according to proof;

8         3.    For plaintiff's medical and related expenses according to proof;

9              Plaintiff KATHLEEN CHRISTIANSEN:

10        4.    For plaintiff's damages for loss of consortium and/or society according to proof;

11             Plaintiffs ALLEN CHRISTIANSEN and KATHLEEN CHRISTIANSEN:

12        5.    For plaintiffs' cost of suit herein;

13        6.    For exemplary or punitive damages according to proof;

14        7.    For such other and further relief as the Court may deem just and proper, including

15   costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

16   provisions of law.

17   DATED: April 8, 2008                    **SIMON, EDDINS & GREENSTONE, LLP**

18

19                                          By: _____

20                                              JENNIFER L. BARTLETT
                                                Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4  DATED: April 8, 2008                    **SIMON, EDDINS & GREENSTONE, LLP**

5

6                                          By: _____

7                                          JENNIFER L. BARTLETT
                                           Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "A"

2      Plaintiff ALLEN CHRISTIANSEN's exposure to asbestos and asbestos-containing products

3   occurred at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| United States Navy | *USS Passumpsic* (AO-107); *USS Sierra* (AD-14) Long Beach, California; Norfolk, Virginia | Seaman; Storekeeper | 1962-1966 |
| Commonwealth Edison | Aurora, Illinois | Lineman | 1965-2002 |
| Self | Aurora, Illinois | Construction of personal residence | Early to mid-1970's |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

2

## EXHIBIT "B"

3

     Plaintiff ALLEN CHRISTIANSEN's exposure to Defendants' Products caused severe

4
and permanent injury to Plaintiff ALLEN CHRISTIANSEN including, but not limited to,

5
mesothelioma. Plaintiff was diagnosed with mesothelioma on or about Feburary 28, 2008.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS