(VBKx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-04735-R-VBK

Mary Lou Vidergar et al v. Buffalo Pumps, Inc. et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Case in other court: Superior Court of CA for the County of Los
               Angeles, BC392622
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 07/18/2008
Date Terminated: 10/27/2008
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Mary Lou Vidergar**
*as Personal Representative of the Estate of*
*Frank Joseph Vidergar, Deceased*

represented by **H.W. Trey Jones**
Simon Eddins and Greenstone
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
Simon Eddins and Greenstone
301 E Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone
301 East Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Frank Vidergar, Jr**

represented by **H.W. Trey Jones**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisa Lucas Vidergar**                    represented by   **H.W. Trey Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Buffalo Pumps, Inc.**

**Defendant**

**CBS Corporation**
*(sued as successor-by-merger to CBS*
*Corporation f/k/a Estinghouse Electric*
*Corporation and also as successor-in-*
*interest to BF Sturtevant*
*formerly known as*
Viacom Inc.

**Defendant**

**CLA-VAL Co.**                    represented by   **Erica M Sorosky**
Palmieri Tyler Wiener Wilhelm and
Waldron
2603 Main Street Suite 1300
Irvine, CA 92614
949-851-7271

Fax: 949-757-1225
Email: esorosky@ptwww.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia A Gowin**
Hawkins Parnell Thackston & Young LLP
444 S. Flower Street
Suite 1100
Los Angeles, CA 90071
213-486-8022
Fax: 213-486-8080
Email: jgowin@hptylaw.com
*TERMINATED: 09/17/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**J. T. Thorpe & Sons, Inc.**

**Defendant**

**Viad Corporation**
*formerly known as*
The Dial Corporation (sued individually
and as successor-in-interest to Griscom
Russell Company

represented by **Keith M Ameele**
Foley and Mansfield
150 South Los Robles Avenue
Suite 400
Pasadena, CA 91101
626-744-9359
Fax: 626-744-1702
Email: kameele@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter B Langbord**
Foley and Mansfield PLLP
300 South Grand Ave., Suite 2800
Los Angeles, CA 90071
213-283-2100
Fax: 213-283-2101
Email: plangbord@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-450 Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2008 | 1 | NOTICE OF REMOVAL from Superior Court of CA for the County of Los Angeles, case number BC392622 with conformed copy of summons and complaint. Case assigned to Judge George H. King, Discovery to Magistrate Judge Victor B. Kenton. (Filing fee $ 350 PAID) filed by defendant Viad Corporation.(cbr) (ds). (Entered: 07/22/2008) |
| 07/18/2008 | | CONFORMED COPY OF Answer to Complaint re Notice of Removal 1 filed by defendant Viad Corporation. [Filed in State Court June 26, 2008](cbr) (Entered: 07/22/2008) |
| 07/18/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation, identifying Other Affiliate Morgan Stanley & Co. Incorporated for Viad Corporation. (cbr) (ds). (Entered: 07/22/2008) |
| 07/18/2008 | 3 | NOTICE of Tag-Along Action filed by Defendant Viad Corporation. (cbr) (ds). (Entered: 07/22/2008) |
| 07/18/2008 | 4 | CERTIFICATE OF SERVICE filed by Defendant Viad Corporation, re Notice (Other) 3 , Notice of Removal, 1 , Certificate/Notice of Interested Parties 2 served on 07/18/08. (cbr) (ds). (Entered: 07/22/2008) |
| 07/18/2008 | 5 | NOTICE of Related Case(s) filed by Defendant Viad Corporation. Related Case(s): CV 07-8338 VBF(RCx), CV 08-118 R (JTLx), CV 08-248 R (PLAx) and other related cases (rn) (Entered: 07/23/2008) |
| 07/28/2008 | 6 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV07-2241 R (JTLx). Case transfered from Magistrate Judge Victor B. Kenton and Judge George H. King to Judge Manuel L. Real and Magistrate Judge Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV08-4735 R (JTLx).Signed by Judge Manuel L. Real (at) (Entered: 07/28/2008) |
| 07/30/2008 | 7 | PROOF OF SERVICE Viad Corporation, *PROOF OF SERVICE RE: COURT DOCUMENTATION, NOTICE OF RELATED ACTION* served on July 30, 2008. (Ameele, Keith) (Entered: 07/30/2008) |
| 07/31/2008 | 8 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real, (pj) (Entered: 08/04/2008) |
| 08/04/2008 | 9 | CERTIFICATE OF SERVICE Viad Corporation, *CERTIFICATE OF SERVICE RE: NOTICE TO ADVERSE PARTY* served on July 24, 2008. (Langbord, Peter) (Entered: 08/04/2008) |
| 08/11/2008 | 10 | certificate of Interested Parties filed by defendant CLA-VAL Co., (Gowin, Julia) (Entered: 08/11/2008) |
| 08/11/2008 | 11 | NOTICE Notice of Refiling State Court Answer to Complaint filed by defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 08/11/2008) |
| 08/11/2008 | 12 | DEMAND for Jury Trial filed by defendant CLA-VAL Co... (Gowin, Julia) (Entered: 08/11/2008) |
| 08/19/2008 | 13 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by |

| | | Defendant, Viad Corporation. (Ameele, Keith) (Entered: 08/19/2008) |
|---|---|---|
| 08/28/2008 | 14 | ORDER RETURNING CASE FOR REASSIGNMENT UPON RECUSAL by Magistrate Judge Jennifer T. Lum. ORDER case returned to the Clerk for random reassignment Discovery pursuant to General Order 05-07 and General Order 08-05. Case randomly reassigned from Magistrate Judge Jennifer T. Lum to Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-4735 R (VBKx). (rn) (Entered: 08/28/2008) |
| 09/10/2008 | 15 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co.. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Co. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/10/2008) |
| 09/11/2008 | 16 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: INCORRECT CASE CAPTION - CASE CAPTION SHOULD READ Mary Lou Vidergar, et al. v. Buffalo Pumps, Inc., et al. re Notice of Change of Attorney Information (G-06) 15 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (vh) (Entered: 09/11/2008) |
| 09/12/2008 | 17 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co.. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Co. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/12/2008) |
| 09/17/2008 | 18 | NOTICE of Change of Attorney Information for attorney Erica M Sorosky counsel for Defendant CLA-VAL Co.. Julia A. Gowin will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Julia A. Gowin is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Sorosky, Erica) (Entered: 09/17/2008) |
| 10/27/2008 | 19 | ORDER LIFTING STAY OF CONDITIONAL TRANSFER ORDER RE MDL 875: IT IS THEREFORE ORDERED that the stay of the Panel's conditional transfer order designated as "CTO-315" filed on September 19, 2008, is LIFTED insofar as it relates to these actions. These actions are transferred to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings under 28 U.S.C. 1407 being conducted by the Honorable James T. Giles. Pursuant to the opinion and order of 7/29/91, 771 F.Supp. 415, our court is not accepting the original records and or docket responsibility on the involved 93,000 actions. PLEASE DO NOT FORWARD A CERTIFIED DOCKET OR A CERTIFIED COPY OF THE TRANSFER ORDER TO THIS DISTRICT. Please continue to process the litigation in your court, per the opinion, pretrial and administrative orders. If you have any questions please contact me at (267) 299-7018. (MD JS-6. Case Terminated.) (pj) (Entered: 10/30/2008) |
| 10/30/2008 | 20 | Transfer Out Transmittal Letter RE USDC Eastern District of Pennsylvania at Philadelphia, Pennsylvania on 10/30/2008. CASE FILE AND CERTIFIED NOT FORWARDED PURSUANT TO LETTER FILED WITH MDL ORDER. (pj) (Entered: 10/30/2008) |
| 01/13/2009 | 21 | MOTION FOR FINAL DISMISSAL RE MDL 875: Plaintiffs Mary Lou Vidergar, |

Frank Vidergar Lucas hereby request immediate and final dismissal of this entire action with prejudice against all defendants. SO ORDERED by Edmundo C Robreno J from USDC Eastern District of Pennsylvania (pj) (Entered: 01/13/2009)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/09/2010 11:59:39 | | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-04735-R-VBK End date: 12/9/2010 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

1  RON C. EDDINS, CA Bar No. 243581
2  JENNIFER L. BARTLETT, CA Bar No. 183154
   H. W. TREY JONES, CA Bar No. 237607
3  **SIMON, EDDINS & GREENSTONE, LLP**
   301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
   Telephone (562) 590-3400
5  Facsimile (562) 590-3412

6  Attorneys for Plaintiffs

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 1 3 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF LOS ANGELES**

10

11  **MARY LOU VIDERGAR**, as Personal
    Representative of the Estate of **FRANK**
12  **JOSEPH VIDERGAR**, Deceased;
    **FRANK VIDERGAR, JR.**, and **LISA**
13  **VIDERGAR LUCAS**,

14                          Plaintiffs,

15          vs.

16  **BUFFALO PUMPS, INC.**;
17  **CBS CORPORATION** f/k/a **VIACOM,
    INC.** (sued as successor-by-merger to CBS
18  CORPORATION f/k/a WESTINGHOUSE
    ELECTRIC CORPORATION and also as
19  successor-in-interest to BF
    STURTEVANT);
20  **CLA-VAL CO.**;
21  **GENERAL ELECTRIC COMPANY**;
    **J.T. THORPE & SON, INC.**;
22  **VIAD CORPORATION** f/k/a THE DIAL
    CORPORATION (sued individually and as
23  successor-in-interest to GRISCOM-
    RUSSELL COMPANY),
24  and **DOES 1-450** INCLUSIVE,

25                          Defendants.

26

Case No.   B C 3 9 2 6 2 2

THIS ACTION CONSTITUTES COMPLEX
ASBESTOS LITIGATION – SUBJECT TO THE
GENERAL ORDERS CONTAINED IN FILE NO.
C 700000 – DEPT. 59

**COMPLAINT FOR WRONGFUL DEATH AND
A SURVIVAL ACTION – ASBESTOS
(NEGLIGENCE; STRICT LIABILITY)**

27                              GENERAL ALLEGATIONS

28          COME NOW Plaintiffs MARY LOU VIDERGAR, FRANK VIDERGAR, JR., and LISA

VIDERGAR LUCAS, (hereinafter "Plaintiffs") who bring this action for wrongful death pursuant to

1

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

section 377.60 of the California Code of Civil Procedure, and comes now MARY LOU VIDERGAR, as personal representative of the ESTATE OF FRANK JOSEPH VIDERGAR, who brings this survival action pursuant to section 377.30 of the California Code of Civil Procedure, and complains and alleges as follows:

1.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his Co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **BUFFALO PUMPS, INC.; CBS CORPORATION** f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to  BF STURTEVANT); **CLA-VAL CO.; GENERAL ELECTRIC COMPANY; J.T. THORPE & SON, INC.;** and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY), and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

2

3.      Plaintiffs allege herein that Decedent FRANK JOSEPH VIDERGAR developed malignant mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **BUFFALO PUMPS, INC.** (for Buffalo pumps); **CBS CORPORATION** f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT) (for Westinghouse turbines, air ejectors, and pumps and B.F. Sturtevant blowers and turbines); **CLA-VAL CO.** (for Cla-Val valves); **GENERAL ELECTRIC COMPANY** (for General Electric generators); **J.T. THORPE & SON, INC.** (as a boiler contractor and supplier of asbestos-containing insulation); and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell distilling plants and fuel oil heaters).

4.      Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency.  Finally, to the extent that Decedent was exposed to asbestos aboard a vessel of the United States Navy, Plaintiffs' product liability claims are based solely on the failure to warn, and not on any defects in design.

## FIRST CAUSE OF ACTION

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.      Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

3

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1    6.    At all times herein mentioned, each of the named Defendants and DOES 1 through 450

2 were the successor, successor in business, successor in product line or a portion thereof, parent,

3 subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

4 researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

5 distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

6 contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

7 packaging and advertising asbestos and products containing asbestos, including but not limited to,

8 those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called

9 "alternate entities."  Each of the herein named Defendants is liable for the tortious conduct of each

10 successor, successor in business, successor in product line or a portion thereof, assign, predecessor in

11 product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

12 owned entity, or entity that it was a member of, or funded, that researched, repaired, marketed,

13 warranted, re-branded, manufactured for others and advertised asbestos and/or products containing

14 asbestos.  The following Defendants, and each of them, are liable for the acts of each and every

15 "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedies

16 against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product

17 line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused

18 the destruction of Plaintiffs' remedies against each such "alternate entity"; each such Defendant has

19 the ability to assume the risk-spreading role of each such "alternate entity"; and that each such

20 Defendant enjoys the goodwill originally attached to each such "alternate entity".

21

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CBS CORPORATION | VIACOM INC.<br>WESTINGHOUSE ELECTRIC CORPORATION<br>BF STURTEVANT<br>VIACOM INTERNATIONAL, INC.<br>VIACOM PLUS |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING<br>  COMPANY, INC.<br>GENERAL ELECTRIC CAPITAL<br>  ASSURANCE COMPANY<br>GENERAL ELECTRIC PROFESSIONAL<br>  SERVICES COMPANY<br>GENERAL ELECTRIC TRADING COMPANY |

4

VIAD CORPORATION                    THE DIAL CORPORATION
                                    GRISCOM-RUSSELL COMPANY

7.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising Defendants' Products.

8.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiffs' Decedent FRANK JOSEPH VIDERGAR herein (hereinafter collectively called "exposed persons"). Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed persons". Plaintiffs herein allege that their Decedent FRANK JOSEPH VIDERGAR's exposures to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' Products" or "Defendants' Asbestos and Asbestos-Containing Products"), were a substantial contributing factor in the development of his malignant mesothelioma, and his death on December 27, 2007, and therefore proximately caused Plaintiffs' injuries.

9.     Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendant breached said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn "exposed persons", including Plaintiffs' Decedent FRANK

5

1    JOSEPH VIDERGAR, of the health hazards of using Defendants' products; failed to disclose the known

2    or knowable dangers of using Defendants' products; failed to obtain suitable alternative materials to

3    asbestos when such alternatives were available; and as otherwise stated herein.

4         10.    The Defendants' products were hazardous to the health and safety of Decedent, and

5    others in Decedent's position working with and in close proximity to such products, and since on or

6    before 1930, the hazards and dangerous propensities of the Defendants' Products were both known and

7    knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

8    and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of

9    them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

10   modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

11   installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

12   others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

13   propensities of asbestos presented a substantial danger to users, including Plaintiffs' Decedent FRANK

14   JOSEPH VIDERGAR, of Defendants' Asbestos and Asbestos-Containing Products through the intended

15   and reasonably foreseeable use of those products.

16        11.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

17   known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

18   intended and reasonably foreseeable manner.

19        12.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

20   known, that Defendants' Asbestos Products would be installed, repaired, maintained, overhauled,

21   removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out" or otherwise

22   disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous

23   and dangerous asbestos fibers, and that through such activity, "exposed persons," including Plaintiffs'

24   Decedent FRANK JOSEPH VIDERGAR  herein, would be exposed to said hazardous and dangerous

25   asbestos fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have

26   known that users, such as Plaintiffs' Decedent FRANK JOSEPH VIDERGAR and others in his position,

27   working with and in close proximity to Defendants' Products would not realize or know the danger.

28   Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct

6

COMPLAINT FOR WRONGFUL DEATH -- ASBESTOS

1   of the dangers of the products.  A reasonable designer, manufacturer, distributor, seller, installer, buyer

2   or supplier, under the same or similar circumstances, would have warned of the dangers to avoid

3   exposing others to a foreseeable risk of harm.  The negligent failure of Defendants, their "alternate

4   entities," and each of them to warn was a substantial factor in causing harm to Plaintiffs' Decedent

5   FRANK JOSEPH VIDERGAR, proximately resulting in his death on December 27, 2007, the nature of

6   which is set forth in Exhibit "B", which is attached hereto and incorporated by reference herein.

7        13.    Plaintiffs' Decedent FRANK JOSEPH VIDERGAR used, handled, or was otherwise

8   exposed to Defendants' Products referred to herein in a manner that was reasonably foreseeable to

9   Defendants and each of them.  Plaintiffs' Decedent's exposure to Defendants' Products occurred at

10  various locations set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference

11  herein.

12       14.    As a direct and proximate result of the conduct of the Defendants, their "alternate

13  entities", and each of them, as aforesaid, Decedent FRANK JOSEPH VIDERGAR's exposure to

14  Defendants' Products caused severe and permanent injury and death to the Decedent, the nature of

15  which, along with the date of Decedent's diagnosis and the date he learned such injuries were

16  attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached hereto

17  and incorporated by reference herein.  Plaintiffs are informed and believe, and thereon allege, that

18  progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers

19  without perceptible trauma and that said disease results from exposure to Defendants' Products over a

20  period of time.

21       15.    Decedent FRANK JOSEPH VIDERGAR suffered from malignant pleural mesothelioma,

22  caused by exposure to asbestos and asbestos-containing products, including those products identified in

23  paragraph 3 above.  Decedent FRANK JOSEPH VIDERGAR was not aware at the time of exposure that

24  Defendants' Products presented any risk of injury and/or disease.

25       16.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

26  entities," and each of them, Decedent FRANK JOSEPH VIDERGAR suffered permanent injuries to his

27  person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite,

28  fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and

7

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1  emotional distress attendant thereto, as Decedent's malignant mesothelioma progressed, from the effect

2  of exposure to asbestos fibers, proximately resulting in his death on December 27, 2007, all to Plaintiffs'

3  general damage in a sum in excess of the jurisdictional limit of a limited civil case.

4      17.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

5  "alternate entities", and each of them, Decedent FRANK JOSEPH VIDERGAR incurred, and Plaintiffs

6  continue to incur, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and

7  other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs,

8  subject to proof at trial.

9      18.    As a further direct and proximate result of the said conduct of the Defendants, their

10  "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

11  profits and commissions, a diminishment of earning potential, funeral and burial expenses, and other

12  pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to

13  proof at trial.  As a further direct and proximate result of the said conduct of the Defendants, their

14  "alternate entities," Plaintiffs have been, and in the future will be, deprived of the support, society,

15  solace, care, comfort, companionship, affection, advice, services and guidance of Decedent, FRANK

16  JOSEPH VIDERGAR, the full nature and extent of which are not yet known to Plaintiffs and leave is

17  requested to amend this complaint to conform to proof at the time of trial.

18      19.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

19  engaged in the following wrongful acts which support Plaintiffs' prayer for punitive damages:

20      (a)    Defendants, their "alternate entities", and each of them, suppressed from all

21  consumers, including Plaintiffs' Decedent FRANK JOSEPH VIDERGAR, medical and scientific

22  information concerning the health hazards associated with inhalation of asbestos, including the

23  substantial risk of injury or death therefrom.  Although Defendants, and each of them, knew of the

24  substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such

25  information from the users of their asbestos and/or asbestos-containing products in conscious disregard

26  of the rights, safety and welfare of "exposed person", including Plaintiffs' Decedent FRANK JOSEPH

27  VIDERGAR

28      (b)    Defendants, their "alternate entities", and each of them, belonged to, participated

8

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1  in, and financially supported industry organizations, including but not limited to the Gypsum

2  Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for

3  and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the

4  suppression of information about the dangers of asbestos to users of the aforementioned products and

5  materials, thereby misleading Plaintiffs' Decedent FRANK JOSEPH VIDERGAR as to the safety of

6  their products.  Through their participation and association with such industry organizations, Defendants

7  and each of them knowingly and deliberately concealed and suppressed the true information regarding

8  asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants'

9  Products a false security about the safety of their products.  The Dust Control Committee, which

10  changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically

11  enlisted to study the subject of dust control.  Discussions in this committee were held many times

12  regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust,

13  and such information was suppressed from public dissemination from 1946 to a date unknown to

14  Plaintiffs' Decedent FRANK JOSEPH VIDERGAR;

15           (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and

16  Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in

17  Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew

18  and possessed medical and scientific information of the connection between the inhalation of asbestos

19  fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and

20  other industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

21  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

22  this information to consumers;

23           (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiffs'

24  Decedent FRANK JOSEPH VIDERGAR and others of the nature of said materials which were

25  dangerous when breathed and which could cause pathological effects without noticeable trauma, despite

26  the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were

27  under a duty to disclose that said materials were dangerous and a threat to the health of persons coming

28  into contact therewith;

9

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiffs' Decedent FRANK JOSEPH VIDERGAR with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Decedent FRANK JOSEPH VIDERGAR and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Decedent FRANK JOSEPH VIDERGAR and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Decedent FRANK JOSEPH VIDERGAR so that said physicians could not examine, diagnose, and treat Decedent and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

20.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

21.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Decedent FRANK JOSEPH VIDERGAR, in that

10

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1  Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known
2  to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards
3  posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their
4  "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,
5  miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and
6  justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,
7  for the sake of example and by way of punishing said Defendants, seek punitive damages according to
8  proof.

9       22.    Defendants and each of them engaged in the malicious conduct described hereinwhich
10  was intended by Defendants and each of them to cause injury to the Decedent, and despicable conduct
11  which was carried on by the Defendants with a willful and conscious disregard of the rights or safety of
12  others, including Decedent FRANK JOSEPH VIDERGAR.

13       23.    Defendants, and each of them, engaged in oppressive conduct described herein which
14  was despicable conduct that subjected persons, including Decedent FRANK JOSEPH VIDERGAR, to
15  cruel and unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung
16  cancer and mesothelioma, in conscious disregard of those persons' rights.

17       24.    As a direct and proximate result of such intentional conduct by Defendants, their
18  "alternate entities" and each of them, Decedent FRANK JOSEPH VIDERGAR sustained the injuries
19  and damages alleged herein.

20       WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and
21  each of them, as hereinafter set forth.

22                         **SECOND CAUSE OF ACTION**

23                              (Strict Liability)

24   AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
25  FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR
    "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

26       25.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and
27  every one of the general allegations and the allegations contained in the First Cause of Action herein.

28       26.    Defendants, their "alternate entities", and each of them, sold the aforementioned

                                      11

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1  Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and

2  risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

3  have been, and were not, recognized by ordinary consumers of the products, including Decedent

4  FRANK JOSEPH VIDERGAR, and the lack of sufficient instructions and/or warnings was a substantial

5  factor in causing harm to Decedent FRANK JOSEPH VIDERGAR and others in Decedent's position

6  working with and in close proximity to such products.

7         27.    Defendants' Products were defective and unsafe for their intended purpose and

8  foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

9  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out" or otherwise disturbed,

10  said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos

11  fibers by exposed persons, including Decedent FRANK JOSEPH VIDERGAR.  The defect existed in all

12  of said products when they left the possession of the Defendants, their "alternate entities," and each of

13  them.  At the time Defendants' Products were used by Decedent, and others in Decedent's position

14  working with and in close proximity to such products, the products were substantially the same as when

15  they left the possession of the Defendants, their "alternate entities," and each of them and/or any

16  changes made to the products after they left the possession of Defendants, their "alternate entities", and

17  each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them.

18  Defendants' Asbestos and Asbestos Products were used by Decedent FRANK JOSEPH VIDERGAR,

19  and others in Decedent's position working with and in close proximity to such products, in a way that

20  was reasonably foreseeable to Defendants, and each of them.  The defect in said products was a

21  substantial factor in causing harm and personal injuries to Decedent FRANK JOSEPH VIDERGAR,

22  including malignant mesothelioma, while being used in a reasonably foreseeable manner, thereby

23  rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended

24  use.

25         28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'

26  Products failed to perform as safely as an ordinary consumer would have expected in that Defendants'

27  products, and each of them, released respirable asbestos fibers during their ordinary and intended use,

28  and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe

1   and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans.

2   Plaintiffs further allege that "exposed person", including Decedent FRANK JOSEPH VIDERGAR, were

3   unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants'

4   Products when such exposures occurred, and thus the failure of Defendants' Products to perform as

5   safely as Decedent FRANK JOSEPH VIDERGAR had reason to expect was a substantial factor in

6   causing his injuries.

7        29.    As a direct and proximate result of the actions and conduct outlined herein, Decedent

8   FRANK JOSEPH VIDERGAR has suffered the injuries and damages alleged herein.

9        30.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

10   engaged in the following wrongful acts:

11          (a)    Defendants, their "alternate entities", and each of them, suppressed from all

12   consumers, including Decedent FRANK JOSEPH VIDERGAR, medical and scientific information

13   concerning the health hazards associated with inhalation of asbestos, including the substantial risk of

14   injury or death therefrom.  Although Defendants, and each of them, knew of the substantial risks

15   associated with exposure to asbestos, they willfully and knowingly concealed such information from the

16   users of their Asbestos and/or Asbestos-Containing Products in conscious disregard of the rights, safety

17   and welfare of "exposed person", including Decedent FRANK JOSEPH VIDERGAR.

18          (b)    Defendants, their "alternate entities", and each of them, belonged to, participated

19   in, and financially supported industry organizations, including but not limited to the Gypsum

20   Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for

21   and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the

22   suppression of information about the dangers of asbestos to users of the aforementioned products and

23   materials, thereby misleading Decedent FRANK JOSEPH VIDERGAR as to the safety of their

24   products.  Through their participation and association with such industry organizations, Defendants and

25   each of them knowingly and deliberately concealed and suppressed the true information regarding

26   asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants'

27   Products a false security about the safety of their products.  The Dust Control Committee, which

28   changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically

13

enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Decedent FRANK JOSEPH VIDERGAR and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)     Defendants, their "alternate entities", and each of them, failed to provide Decedent FRANK JOSEPH VIDERGAR with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Decedent FRANK JOSEPH VIDERGAR and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Decedent FRANK JOSEPH VIDERGAR and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis,

14

1   asbestosis, mesothelioma and/or cancer;

2         (g)    Defendants, their "alternate entities", and each of them, failed to provide

3   information of the true nature of the hazards of asbestos materials and that exposure to these material

4   would cause pathological effects without noticeable trauma to the public, including buyers, users, and

5   physicians employed by Decedent FRANK JOSEPH VIDERGAR so that said physicians could not

6   examine, diagnose, and treat Decedent and others who were exposed to asbestos, despite the fact that

7   Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure

8   was misleading; and

9      31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

10   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

11   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

12   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

13   them, and each Defendant's officers, directors, and managing agents participated in, authorized,

14   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

15   their "alternate entities" as set forth herein.

16      32.    The herein-described conduct of said Defendants, their "alternate entities", and each of

17   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

18   to the safety and health of "exposed persons," including Decedent FRANK JOSEPH VIDERGAR, in

19   that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products

20   known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial

21   hazards posed by use of their products, in order to continue to profit financially therefrom. Defendants,

22   their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base,

23   vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

24   justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,

25   for the sake of example and by way of punishing said Defendants, seek punitive damages according to

26   proof.

27      33.    Defendants and each of them engaged in malicious conduct described herein which was

28   intended by Defendants and each of them to cause injury to the Decedent, and despicable conduct which

15

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1   was carried on by the Defendants with a willful and conscious disregard of the rights or safety of others,

2   including Decedent FRANK JOSEPH VIDERGAR.

3       34.     Defendants, and each of them, engaged in the oppressive conduct described herein which

4   was despicable conduct that subjected persons, including Decedent FRANK JOSEPH VIDERGAR, to

5   cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer

6   and mesothelioma, in conscious disregard of those persons' rights.

7       35.     As a direct and proximate result of such intentional conduct by Defendants, their

8   "alternate entities" and each of them, Decedent FRANK JOSEPH VIDERGAR sustained the injuries

9   and damages alleged herein.

10      WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities",

11  and each of them, as hereinafter set forth.

12      36.     WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities",

13  and each of them, in an amount to be proved at trial in each individual case, as follows:

14      DECEDENT FRANK JOSEPH VIDERGAR, by and through his personal representative,

15  MARY LOU VIDERGAR, pursuant to Code of Civil Procedure § 377.30. et seq.:

16          1.      For DECEDENT'S medical and related expenses according to proof;

17          2.      For DECEDENT'S loss of income and income potential;

18          3.      For exemplary or punitive damages according to proof;

19      FRANK VIDERGAR, JR., and LISA VIDERGAR LUCAS, pursuant to Code of Civil Procedure

20  § 377.60. et seq.:

21          4.      For PLAINTIFFS' medical and related expenses according to proof;

22          5.      For PLAINITFFS' loss of income and income potential caused by DECEDENT'S

23                  death, and for PLAINTIFFS' loss of Decedent's financial support and financial

24                  contributions;

25          6.      For funeral and burial expenses caused by DECEDENT'S death;

26          7.      For PLAINTIFFS' general damages according to proof, including damages for

27                  loss of love, companionship, comfort, affection, solace, moral support and/or

28                  society according to proof caused by DECEDENT'S death;

16

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1        8.    For exemplary or punitive damages according to proof;

2  ALL PLAINTIFFS

3        9.    For Plaintiffs' cost of suit herein;

4       10.    For exemplary or punitive damages according to proof;

5       11.    For such other and further relief as the Court may deem just and proper, including

6          costs and prejudgment interest as provided in C.C.P. § 998, C.C.P. § 1032 and

7          related provisions of law.

8

9  DATED: June 12, 2008              **SIMON, EDDINS & GREENSTONE, LLP**

10                   By: _____

11                   JENNIFER BARTLETT
H. W. TREY JONES
Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1

<u>DEMAND FOR JURY TRIAL</u>

2
Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4
DATED:   June 12, 2008

**SIMON, EDDINS & GREENSTONE, LLP**

5

6
By:

7
JENNIFER BARTLETT
H. W. TREY JONES

8
Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

**EXHIBIT "A"**

Decedent FRANK JOSEPH VIDERGAR'S exposure to asbestos and asbestos-containing products occurred at various locations within the State of California, including, but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| U.S. Navy | USS Boxer<br>San Francisco, CA | Boilerman | 1953-1957 |
| Vidergar's Auto Wreckers | Ontario, CA | Laborer | 1949 |
| Kaiser Steel | Fontana, CA | Steel Cutter | 1953 |
| Self | Ontario, California | Auto repair<br>Engine car builder | 1951-1958 |
| Self | Fontana, California | Home Remodeling | 1959; 1965;<br>1977-1978 |

19

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

1

### EXHIBIT "B"

2    Decedent FRANK JOSEPH VIDERGAR's exposure to Defendants' Products caused severe

3  and permanent injury and death to Decedent FRANK JOSEPH VIDERGAR including, but not limited

4  to, mesothelioma.  Decedent was diagnosed with mesothelioma on or about July 10, 2007.

5    FRANK JOSEPH VIDERGAR died on December 27, 2007.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS