(JCx), CLOSED, DISCOVERY, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-04736-R-JC

Vaught et al v. CBS Corporation et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Jacqueline Chooljian
Case in other court: Superior Court of CA for the County of Los
                      Angeles, BC392621
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 07/18/2008
Date Terminated: 10/27/2008
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**James W. Vaught**                    represented by   **Jennifer L Bartlett**
                                                        Simon Eddins and Greenstone
                                                        301 E Ocean Blvd Suite 1950
                                                        Long Beach, CA 90802
                                                        562-590-3400
                                                        Fax: 562-590-3412
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Robert Allen Green**
                                                        Simon Eddins and Greenstone
                                                        301 E Ocean Blvd Suite 1950
                                                        Long Beach, CA 90802
                                                        562-590-3400
                                                        Fax: 562-590-3412
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Ronald Cary Eddins**
                                                        Simon Eddins and Greenstone
                                                        301 East Ocean Blvd Suite 1950
                                                        Long Beach, CA 90802
                                                        562-590-3400
                                                        Fax: 562-590-3412
                                                        Email: reddins@seglaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Betty Vaught**                       represented by   **Jennifer L Bartlett**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Robert Allen Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**CBS Corporation**
*(sued as successor-by-merger to CBS*
*Corporation f/k/a Westinghouse Electric*
*Corporation and also as successor-in-*
*interest to BF Sturtevant*
*formerly known as*
Viacom Inc.

<u>**Defendant**</u>

**CLA-VAL Co.**                    represented by **Erica M Sorosky**
                                                  Palmieri Tyler Wiener Wilhelm and
                                                  Waldron
                                                  2603 Main Street Suite 1300
                                                  Irvine, CA 92614
                                                  949-851-7271
                                                  Fax: 949-757-1225
                                                  Email: esorosky@ptwww.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Julia A Gowin**
                                                  Hawkins Parnell Thackston & Young LLP
                                                  444 S. Flower Street
                                                  Suite 1100
                                                  Los Angeles, CA 90071
                                                  213-486-8022
                                                  Fax: 213-486-8080
                                                  Email: jgowin@hptylaw.com
                                                  *TERMINATED: 09/17/2008*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Foster Wheeler Energy Corporation**    represented by **Thomas Jeffrey Moses**
                                                        Brydon Hugo and Parker
                                                        135 Main Street 20th Floor

San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: tmoses@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**    represented by    **Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**    represented by    **Keith M Ameele**
*formerly known as*                            Foley and Mansfield
The Dial Corporation (sued individually    150 South Los Robles Avenue
and as successor-in-interest to Griscom    Suite 400
Russell Company)                            Pasadena, CA 91101
626-744-9359
Fax: 626-744-1702
Email: kameele@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter B Langbord**
Foley and Mansfield PLLP
300 South Grand Ave., Suite 2800
Los Angeles, CA 90071
213-283-2100
Fax: 213-283-2101
Email: plangbord@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-450 Inclusivve*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2008 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California for the County of Los Angeles, case number BC392621 with conformed copy of summons and complaint. Case assigned to Judge Manuel L. Real, Discovery to Magistrate Judge |

| | | |
|---|---|---|
| | | Jennifer T. Lum. (Filing fee $ 350 PAID) filed by Defendant Viad Corporation.(cbr) (ds). (Entered: 07/22/2008) |
| 07/18/2008 | | CONFORMED COPY OF ANSWER TO COMPLAINT RE Notice of Removal, 1 filed by Defendant Viad Corporation. [Filed in State Court on June 25, 2008](cbr) (Entered: 07/22/2008) |
| 07/18/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation, identifying Other Affiliate Morgan Stanley & Co. Incorporated for Viad Corporation. (cbr) (ds). (Entered: 07/22/2008) |
| 07/18/2008 | 3 | NOTICE of Tag-Along Action filed by defendant Viad Corporation. (cbr) (ds). (Entered: 07/22/2008) |
| 07/18/2008 | 4 | CERTIFICATE OF SERVICE filed by defendant Viad Corporation, re Notice of Removal, 1 , Certificate/Notice of Interested Parties 2 , Notice of Tag-Along Action 3 served on July 18, 2008. (cbr) (ds). (Entered: 07/22/2008) |
| 07/18/2008 | 7 | NOTICE of Related Case(s) filed by Defendant Viad Corporation. Related Case(s): CV 07-8338 VBF (RCx), CV 08-8118 R (JTLx), CV 08-282 VBF (AGRx) and other related cases (rn) (Entered: 07/23/2008) |
| 07/21/2008 | 5 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real, (pj) (Entered: 07/22/2008) |
| 07/23/2008 | 6 | ORDER RETURNING CASE FOR REASSIGNMENT UPON RECUSAL by Magistrate Judge Jennifer T. Lum. ORDER case returned to the Clerk for random reassignment Discovery pursuant to General Order 05-07 and General Order 08-05. Case randomly reassigned from Magistrate Judge Jennifer T. Lum to Judge Magistrate Judge Carla Woehrle for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-4736 R (CWx). (rn) (Entered: 07/23/2008) |
| 07/25/2008 | 8 | ORDER RETURNING CASE FOR REASSIGNMENT UPON RECUSAL by Magistrate Judge Carla Woehrle. ORDER case returned to the Clerk for random reassignment Discovery pursuant to General Order 05-07 and General Order 08-05. Case randomly reassigned from Magistrate Judge Carla Woehrle to Magistrate Judge Jacqueline Chooljian for all further proceedings. The case number will now reflect the initials of the transferee Judge CV08-4736 R (JCx). (at) (Entered: 07/25/2008) |
| 07/30/2008 | 9 | PROOF OF SERVICE Viad Corporation, *PROOF OF SERVICE RE: COURT DOCUMENTATION, NOTICE OF RELATED ACTION* served on July 30, 2008. (Ameele, Keith) (Entered: 07/30/2008) |
| 07/30/2008 | 10 | CERTIFICATE OF SERVICE Viad Corporation, *CERTIFICATE OF SERVICE RE: NOTICE TO ADVERSE PARTY* served on July 30, 2008. (Ameele, Keith) (Entered: 07/30/2008) |
| 08/05/2008 | 11 | NOTICE of Change of Attorney Information for attorney Katherine Paige Gardiner counsel for Defendant General Electric Company. Adding Katherine P. Gardiner as attorney as counsel of record for General Electric Company for the reason indicated in the G-06 Notice. Filed by Defendant General Electric Company (Gardiner, Katherine) (Entered: 08/05/2008) |
| 08/11/2008 | 12 | Certificate of Interested Parties filed by defendant CLA-VAL Co., (Gowin, Julia) |

| | | |
|---|---|---|
| | | (Entered: 08/11/2008) |
| 08/11/2008 | 13 | NOTICE Notice of Refiling State Court Answer to Complaint filed by defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 08/11/2008) |
| 08/11/2008 | 14 | DEMAND for Jury Trial filed by defendant CLA-VAL Co... (Gowin, Julia) (Entered: 08/11/2008) |
| 08/11/2008 | 15 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT FOR DAMAGES filed by DEFENDANT General Electric Company. (Gardiner, Katherine) (Entered: 08/11/2008) |
| 08/14/2008 | 16 | Certification of Interested Parties or Persons by Defendant CBS Corporation Pursuant to Local Rule 7.1-1 filed by Defendant CBS Corporation (Jamison, Kevin) (Entered: 08/14/2008) |
| 08/14/2008 | 17 | Demand for Jury Trial filed by Defendant CBS Corporation (Jamison, Kevin) (Entered: 08/14/2008) |
| 08/14/2008 | 18 | NOTICE of Filing Documents Filed in State Court Action filed by Defendant CBS Corporation. (Jamison, Kevin) (Entered: 08/14/2008) |
| 08/19/2008 | 19 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by Defendant, Viad Corporation. (Ameele, Keith) (Entered: 08/19/2008) |
| 08/19/2008 | 20 | ANSWER *to Complaint for Personal Injury* filed by Defendant Foster Wheeler Energy Corporation. (Attachments: # 1 Answer, # 2 Notice of Interested Parties) (Moses, Thomas) (Entered: 08/19/2008) |
| 09/10/2008 | 21 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co.. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Co. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/10/2008) |
| 09/10/2008 | 22 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: case caption is incorrect. Your case caption reads James W Vaught et al v. Allis Chalmers Corporation Product Liability Trust et al. The correct case caption is James W. Vaught, et al v. CBS Corporation, et al. RE: Notice of Change of Attorney Information (G-06) 21 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (vh) (Entered: 09/11/2008) |
| 09/12/2008 | 23 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co.. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Co. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/12/2008) |
| 09/17/2008 | 24 | NOTICE of Change of Attorney Information for attorney Erica M Sorosky counsel for Defendant CLA-VAL Co.. Julia A. Gowin will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Julia A. Gowin is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Sorosky, Erica) (Entered: 09/17/2008) |

| 10/27/2008 | 25 | ORDER LIFTING STAY OF CONDITIONAL TRANSFER ORDER by MDL Clerk of the Panel transferring case to Eastern District of Pennsylvania.Pursuant to the opinion and order of 7/29/91, 771 F. Supp. 415, CERTIFIED DOCKET OR CERTIFIED COPY OF THE TRANSFER ORDER NOT FORWARDED TO THE DISTRICT OF PENNSYLVANIA. Continue to process the litigation in your court, per the opinion, pretrial and administrative orders. (MD JS-6. Case Terminated.) (shb) (Entered: 10/30/2008) |
| --- | --- | --- |
| 10/30/2008 | 26 | Transfer Out Transmittal Letter Re Eastern District of Pennsylvania at Philadelphia, on 10/30/08. NO DOCUMENTS FORWARDED PURSUANT TO MDL TRANSFER ORDER. (shb) (Entered: 10/30/2008) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 12/09/2010 12:00:35 | | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-04736-R-JC End date: 12/9/2010 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

1  RON C. EDDINS, CA Bar No. 243581
2  JENNIFER L. BARTLETT, CA Bar No. 183154
   ROBERT A. GREEN, CA Bar No. 216116
3  **SIMON, EDDINS & GREENSTONE, LLP**
   301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
   Telephone (562) 590-3400
5  Facsimile (562) 590-3412

6  Attorneys for Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 1 3 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

11 **JAMES W. VAUGHT** and **BETTY**          Case No.    BC392621
12 **VAUGHT**
                                              THIS ACTION CONSTITUTES COMPLEX
13                      Plaintiffs,           ASBESTOS LITIGATION – SUBJECT TO THE
                                              GENERAL ORDERS CONTAINED IN FILE NO.
14        vs.                                 C 700000 – DEPT. 59

15 **CBS CORPORATION f/k/a VIACOM,**          **COMPLAINT FOR PERSONAL INJURY –**
   **INC.** (sued as successor-by-merger to CBS   **ASBESTOS (NEGLIGENCE; STRICT**
16 CORPORATION f/k/a WESTINGHOUSE             **LIABILITY; LOSS OF CONSORTIUM)**
   ELECTRIC CORPORATION and also as
17 successor-in-interest to BF
   STURTEVANT);
18 **CLA-VAL CO.;**
   **FOSTER WHEELER ENERGY**
19 **CORPORATION;**
   **GENERAL ELECTRIC COMPANY;**
20 **VIAD CORPORATION f/k/a THE**
21 **DIAL CORPORATION** (sued
   individually and as successor-in-interest to
22 GRISCOM-RUSSELL COMPANY);
   and **DOES 1-450** INCLUSIVE,
23
24                      Defendants.

26                      GENERAL ALLEGATIONS

27        COME NOW Plaintiffs **JAMES W. VAUGHT and BETTY VAUGHT** (hereinafter

28 "Plaintiffs") and complain and allege as follows:

                                   1
   COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1.    The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.    At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT); **CLA-VAL CO.;** **FOSTER WHEELER ENERGY CORPORATION;** **GENERAL ELECTRIC COMPANY;** **VIAD CORPORATION f/k/a THE DIAL CORPORATION** (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY);  and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

3.    Plaintiffs allege herein that Plaintiff JAMES W. VAUGHT developed malignant

2

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT) (for Westinghouse turbines, forced draft blowers, blower turbines and BF Sturtevant high pressure air compressor turbines and gland leak-off exhausters); **CLA-VAL CO.** (for Cla-Val valves.); **FOSTER WHEELER ENERGY CORPORATION** (for Foster Wheeler boilers and condensers); **GENERAL ELECTRIC COMPANY** (for General Electric turbines and turbine generators); **VIAD CORPORATION f/k/a THE DIAL  CORPORATION** (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell distilling plants and fuel oil heaters);

4.      Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency.  Finally, to the extent that plaintiff was exposed to asbestos aboard a vessel of the United States Navy, plaintiffs' product liability claims are based solely on the failure to warn, and not on any defects in design.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.      Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

3

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

6.      At all times herein mentioned, each of the named Defendants and DOES 1 through 450 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos and products containing asbestos, including but not limited to, those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called "alternate entities."  Each of the herein named Defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and advertised asbestos products containing asbestos. The following Defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each such "alternate entity".

| **DEFENDANT** | **ALTERNATE ENTITY** |
|---|---|
| CBS CORPORATION | VIACOM INC.<br>WESTINGHOUSE ELECTRIC CORPORATION<br>BF STURTEVANT<br>VIACOM INTERNATIONAL, INC.<br>VIACOM PLUS |
| FOSTER WHEELER ENERGY CORPORATION | FOSTER WHEELER BOILER CORPORATION<br>FOSTER WHEELER CONTRACTORS, INC.<br>FOSTER WHEELER CORPORATION<br>FOSTER WHEELER DEVELOPMENT CORP.<br>FOSTER WHEELER ENERGY RESOURCES |

4

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

INC.
FOSTER WHEELER ENERGY SERVICES, INC.
FOSTER WHEELER ENVIRESPONSE, INC.
FOSTER WHEELER ENVIRONMENTAL CORPORATION
FOSTER WHEELER POWER GROUP, INC.
FOSTER WHEELER POWER SYSTEMS, INC.
FOSTER WHEELER PYROPOWER, INC.
FOSTER WHEELER REALTY SERVICES, INC.
FOSTER WHEELER USA CORPORATION

GENERAL ELECTRIC COMPANY

GENERAL ELECTRIC BROADCASTING COMPANY, INC.
GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY
GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY
GENERAL ELECTRIC TRADING COMPANY

VIAD CORPORATION

THE DIAL CORPORATION
GRISCOM-RUSSELL COMPANY

7.    At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos products containing asbestos (hereinafter Defendants' Products).

8.    At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff JAMES W. VAUGHT herein

5

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   (hereinafter collectively called "exposed person").  Said products were used at all times in a manner that

2   was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering

3   said products unsafe and dangerous for use by "exposed person".  Plaintiffs herein allege that JAMES

4   W. VAUGHT was exposed to asbestos that was caused to be released as a result of exposures to

5   Defendants' Products, including but not limited to those products identified in paragraph 3 above

6   (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing

7   products"), were a substantial contributing factor in the development of his malignant mesothelioma,

8   and therefore proximately caused Plaintiff JAMES W. VAUGHT 's injuries.

9          9.     Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable

10  care while engaging in the activities mentioned above and each Defendants breached said duty of

11  reasonable care in that Defendants, and each of them, failed to safely and adequately design,

12  manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the

13  hazards of said products; failed to warn "exposed person", including Plaintiff JAMES W. VAUGHT, of

14  the health hazards of using Defendants' products; failed to disclose the known or knowable dangers of

15  using Defendants' products; failed to warn of the harmful exposures caused by use of said products to

16  cut, saw or otherwise manipulate asbestos containing products; failed to obtain suitable alternative

17  materials to asbestos when such alternatives were available; and as otherwise stated herein.

18         10.    The Defendants' products were and are hazardous to the health and safety of Plaintiff,

19  and others in Plaintiff's position working with and in close proximity to such products, and since on or

20  before 1930, the hazards and dangerous propensities of the Defendants' products were both known and

21  knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

22  and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of

23  them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

24  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

25  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

26  others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

27  propensities of asbestos presented a substantial danger to users, including Plaintiff, JAMES W.

28  VAUGHT, of Defendants' Products through the intended and reasonably foreseeable use of those

6

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    products.

2    　　　11.　　Defendants, their "alternate entities", and each of them, knew, or reasonably should have

3    known, that Defendants'·Products were dangerous and were likely to be dangerous when used in their

4    intended and reasonably foreseeable manner.

5    　　　12.　　Defendants, their "alternate entities", and each of them, knew, or reasonably should have

6    known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,

7    sawed, chipped, hammered, mixed, scraped, sanded, removed with compressed air, arched, s wept,

8    broken, "ripped out," and/or used to cut, saw or otherwise manipulate products containing asbestos, or

9    otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne

10   hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including

11   Plaintiff JAMES W. VAUGHT  herein, would be exposed to said hazardous and dangerous asbestos

12   fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have known

13   that users, such as Plaintiff JAMES W. VAUGHT and others in his position, working with and in close

14   proximity to Defendants' Products would not realize or know the danger.  Defendants, their "alternate

15   entities," and each of them negligently failed to adequately warn or instruct of the dangers of the

16   products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the

17   same or similar circumstances, would have warned of the dangers to avoid exposing others to a

18   foreseeable risk of harm.  The negligent failure of Defendants, their "alternate entities," and each of

19   them to warn was a substantial factor in causing harm to Plaintiff JAMES W. VAUGHT .

20   　　　13.　　Plaintiff JAMES W. VAUGHT used, handled, or was otherwise exposed to asbestos from

21   Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and

22   each of them.  Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

23   **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

24   　　　14.　　As a direct and proximate result of the conduct of the Defendants, their "alternate

25   entities", and each of them, as aforesaid, Plaintiff JAMES W. VAUGHT's exposure to asbestos from

26   use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which,

27   along with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to

28   exposure to Defendants' Products, are set forth in **Exhibit "B,"** which is attached hereto and

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  incorporated by reference herein.   Plaintiffs are informed and believe, and thereon allege, that

2  progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers

3  without perceptible trauma; and that said disease results from exposure to Defendants' Products over a

4  period of time.

5    15.   Plaintiff JAMES W. VAUGHT suffers from malignant pleural mesothelioma, caused by

6  exposure to asbestos from Defendants' Products and/or from the use of Defendants' Products to cut, saw

7  or otherwise manipulate products containing asbestos including those products identified in paragraph 3

8  above.  Plaintiff JAMES W. VAUGHT was not aware at the time of exposure that Defendants' Products

9  presented any risk of injury and/or disease.

10    16.   As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

11  entities," and each of them, Plaintiff JAMES W. VAUGHT has suffered and will continue to suffer

12  permanent injuries and future injuries to his person, body and health, including, but not limited to, pain,

13  discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other

14  physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant

15  mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a

16  limited civil case.

17    17.   As a direct and proximate result of the aforesaid conduct of the Defendants, their

18  "alternate entities", and each of them, Plaintiff JAMES W. VAUGHT has incurred, is presently

19  incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine,

20  hospices, X-rays and other medical treatment, the true and exact amount thereof being presently

21  unknown to Plaintiffs, subject to proof at trial.

22    18.   As a further direct and proximate result of the said conduct of the Defendants, their

23  "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

24  profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

25  exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

26    19.   Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

27  engaged in the following wrongful acts:

28    (a)   Defendants, their "alternate entities", and each of them, suppressed from all consumers,

8

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1  including Plaintiff JAMES W. VAUGHT, medical and scientific information concerning the health

2  hazards associated with inhalation of asbestos, including the substantial risk of injury or death

3  therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with

4  exposure to asbestos, they willfully and knowingly concealed such information from the users of their

5  asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

6  "exposed person", including Plaintiff JAMES W. VAUGHT.

7       (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

8  financially supported industry organizations, including but not limited to the Gypsum Association,

9  Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

10  of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

11  information about the dangers of asbestos to users of the aforementioned products and materials, thereby

12  misleading Plaintiff JAMES W. VAUGHT as to the safety of their products.  Through their participation

13  and association with such industry organizations, Defendants and each of them knowingly and

14  deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

15  propagated misinformation intended to instill in users of Defendants' Products a false security about the

16  safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene

17  Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

18  control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos

19  and the dangers, which arise from the lack of control of dust, and such information was suppressed from

20  public dissemination from 1946 to a date unknown to Plaintiff JAMES W. VAUGHT at this time;

21       (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

22  Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

23  Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

24  medical and scientific information of the connection between the inhalation of asbestos fibers and

25  asbestosis, which information was disseminated through the Asbestos Textile Institute and other

26  industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

27  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

28  this information to consumers;

9

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1        (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff JAMES

2    W. VAUGHT and others of the nature of said materials which were dangerous when breathed and which

3    could cause pathological effects without noticeable trauma, despite the fact that Defendants, their

4    "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said

5    materials were dangerous and a threat to the health of persons coming into contact therewith;

6        (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

7    JAMES W. VAUGHT with information concerning adequate protective masks and other equipment

8    devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the

9    Defendants, their "alternate entities", and each of them, despite knowing that such protective measures

10   were necessary, and that they were under a duty to disclose that such materials were dangerous and

11   would result in injury to Plaintiff JAMES W. VAUGHT and others applying and installing such

12   material;

13       (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that

14   Plaintiff JAMES W. VAUGHT and anyone similarly situated, upon inhalation of asbestos would, in

15   time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

16   mesothelioma and/or cancer;

17       (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

18   the true nature of the hazards of asbestos materials and that exposure to these material would cause

19   pathological effects without noticeable trauma to the public, including buyers, users, and physicians

20   employed by Plaintiff JAMES W. VAUGHT so that said physicians could not examine, diagnose, and

21   treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

22   entities", and each of them, were under a duty to so inform and said failure was misleading.

23       20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

24   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

25   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

26   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

27   them, and each Defendant's officers, directors, and managing agents participated in, authorized,

28   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1    their "alternate entities" as set forth herein.

2      21.    The herein-described conduct of said Defendants, their "alternate entities", and each of
3 them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference
4 to the safety and health of "exposed person," including Plaintiff JAMES W. VAUGHT, in that
5 Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known
6 to cause asbestos to be released, and to cause severe, permanent injuries and death, despite possessing
7 knowledge of the substantial hazards posed by use of their products, in order to continue to profit
8 financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct
9 so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon
10 and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to
11 Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said Defendants,
12 seek punitive damages according to proof.

13      22.    Defendants and each of them engaged in conduct which was intended by Defendants and
14 each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the
15 Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff
16 JAMES W. VAUGHT.

17      23.    Defendants, and each of them, engaged in the despicable conduct described herein that
18 subjected persons, including Plaintiff JAMES W. VAUGHT, to cruel and unjust hardship in the form of
19 sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious
20 disregard of those persons' rights.

21      24.    As a direct and proximate result of such intentional conduct by Defendants, their
22 "alternate entities" and each of them, Plaintiff JAMES W. VAUGHT sustained the injuries and damages
23 alleged herein.

24      WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and
25 each of them, as hereinafter set forth.

26                        **SECOND CAUSE OF ACTION**

27                            (Strict Liability)

28      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

2      25.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and

3  every one of the general allegations and the allegations contained in the First Cause of Action herein.

4      26.    Defendants, their "alternate entities", and each of them, sold the aforementioned

5  Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and

6  risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

7  have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, JAMES

8  W. VAUGHT, and the lack of sufficient instructions and/or warnings was a substantial factor in causing

9  harm to Plaintiff JAMES W. VAUGHT and others in Plaintiff's position working with and in close

10  proximity to such products.

11      27.    Defendants' Products were defective and unsafe for their intended purpose and

12  foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

13  sawed, chipped, hammered, mixed, scraped, sanded, removed with compressed air, arched, swept,

14  broken, "ripped out," cut, sawed, installed, and/or used as intended, or used to cut, saw or manipulate

15  products containing asbestos or otherwise disturbed, said products would result in the release, and

16  therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff

17  JAMES W. VAUGHT.  The defect existed in all of said products when they left the possession of the

18  Defendants, their "alternate entities," and each of them. At the time Defendants' Products were used by

19  Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the

20  products were substantially the same as when they left the possession of the Defendants, their "alternate

21  entities," and each of them and/or any changes made to the products after they left the possession of

22  Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their

23  "alternate entities", and each of them.  Defendants' asbestos and asbestos products were used by

24  Plaintiff JAMES W. VAUGHT, and others in Plaintiff's position working with and in close proximity to

25  such products, in a way that was reasonably foreseeable to Defendants, and each of them.  The defect in

26  said products was a substantial factor in causing harm and personal injuries to Plaintiff JAMES W.

27  VAUGHT, including malignant mesothelioma, while being used in a reasonably foreseeable manner,

28  thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   intended use.

2       28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'

3   Products failed to perform as safely as an ordinary consumer would have expected in that Defendants'

4   products, and each of them, caused respirable asbestos fibers to be released from asbestos products

5   during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to

6   the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer,

7   mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including

8   Plaintiff JAMES W. VAUGHT, were unaware of the harmful effects of asbestos and further unaware of

9   the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of

10   Defendants' products to perform as safely as Plaintiff JAMES W. VAUGHT had reason to expect was a

11   substantial factor in causing his injuries.

12       29.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

13   JAMES W. VAUGHT has suffered the injuries and damages alleged herein.

14       30.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

15   engaged in the following wrongful acts:

16       (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

17   including Plaintiff JAMES W. VAUGHT, medical and scientific information concerning the health

18   hazards associated with inhalation of asbestos, including the substantial risk of injury or death

19   therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with

20   exposure to asbestos, they willfully and knowingly concealed such information from the users of their

21   asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

22   "exposed person", including Plaintiff JAMES W. VAUGHT.

23       (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

24   financially supported industry organizations, including but not limited to the Gypsum Association,

25   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

26   of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

27   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

28   misleading Plaintiff JAMES W. VAUGHT as to the safety of their products. Through their participation

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1   and association with such industry organizations, Defendants and each of them knowingly and

2   deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

3   propagated misinformation intended to instill in users of Defendants' Products a false security about the

4   safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene

5   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

6   control. Discussions in this committee were held many times regarding the dangers inherent in asbestos

7   and the dangers, which arise from the lack of control of dust, and such information was suppressed from

8   public dissemination from 1946 to a date unknown to Plaintiff JAMES W. VAUGHT at this time;

9          (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

10  Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

11  Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

12  medical and scientific information of the connection between the inhalation of asbestos fibers and

13  asbestosis, which information was disseminated through the Asbestos Textile Institute and other

14  industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

15  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

16  this information to consumers;

17         (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff JAMES

18  W. VAUGHT and others of the nature of said materials which were dangerous when breathed and which

19  could cause pathological effects without noticeable trauma, despite the fact that Defendants, their

20  "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said

21  materials were dangerous and a threat to the health of persons coming into contact therewith;

22         (e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

23  JAMES W. VAUGHT with information concerning adequate protective masks and other equipment

24  devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the

25  Defendants, their "alternate entities", and each of them, despite knowing that such protective measures

26  were necessary, and that they were under a duty to disclose that such materials were dangerous and

27  would result in injury to Plaintiff JAMES W. VAUGHT and others applying and installing such

28  material;

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

(f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff JAMES W. VAUGHT and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)    Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff JAMES W. VAUGHT so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

32.    The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff JAMES W. VAUGHT, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

33.     Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff JAMES W. VAUGHT.

34.     Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff JAMES W. VAUGHT, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

35.     As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff JAMES W. VAUGHT sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF BETTY VAUGHT COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

40.     Plaintiff BETTY VAUGHT incorporates by reference, each and every allegation contained in the general allegations and in the First and Second Causes of Action herein.

41.     Plaintiffs JAMES W. VAUGHT and BETTY VAUGHT were married on September 9, 1953, and at all times relevant to this action were, and are now, husband and wife.

42.     Prior to Plaintiff JAMES W. VAUGHT's injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, plaintiff JAMES W. VAUGHT has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, BETTY VAUGHT has been permanently deprived and will be deprived of the consortium of her spouse,

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  including the performance of duties, all to her damages, in an amount presently unknown but which will

2  be proved at the time of trial.

3      43.    Plaintiff BETTY VAUGHT's discovery of this cause of her loss of consortium, as herein

4  alleged, first occurred within one year of the date this Complaint was filed.

5      44.    As a direct and proximate result of the acts of Defendants, their "alternate entities", and

6  each of them, and the severe injuries caused thereby to plaintiff JAMES W. VAUGHT  as set forth in

7  this complaint, plaintiff BETTY VAUGHT has suffered, and for a long period of time will continue to

8  suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort,

9  companionship, love and affection of said spouse, and has suffered severe mental and emotional distress

10  and general nervousness as a result thereof.

11      44.    WHEREFORE, plaintiffs pray for judgment against Defendants, their "alternate entities",

12  and each of them, in an amount to be proved at trial in each individual case, as follows:

13      Plaintiff JAMES W. VAUGHT:

14      1.    For plaintiff's general damages according to proof;

15      2.    For plaintiff's loss of income, wages, and earning potential according to proof;

16      3.    For plaintiff's medical and related expenses according to proof;

17      Plaintiff BETTY VAUGHT:

18      4.    For plaintiff's damages for loss of consortium and/or society according to proof;

19      Plaintiffs JAMES W. VAUGHT  and BETTY VAUGHT:

20      5.    For plaintiffs' cost of suit herein;

21      6.    For exemplary or punitive damages according to proof;

22      7.    For such other and further relief as the Court may deem just and proper, including

23  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

24  provisions of law.

25  DATED: June 12, 2008                    SIMON, EDDINS & GREENSTONE, LLP

26

27                                 By: _____

28                                 JENNIFER L. BARTLETT
                                   ROBERT A. GREEN
                                   Attorneys for Plaintiffs

17

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: June 12, 2008

**SIMON, EDDINS & GREENSTONE, LLP**

By: _____
JENNIFER L. BARTLETT
ROBERT A. GREEN
Attorneys for Plaintiffs

**18**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "A"

2    Plaintiff JAMES W. VAUGHT's exposure to asbestos and asbestos-containing products

3    occurred at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| US Navy | Hunters Point Naval Shipyard San Francisco, California; San Diego, California | Seaman/Fireman | 1947 - 1951 |
| City of Glendale, California | Glendale, California | Operator | 1955 - 1966 |
| Bendix Field Engineering | Los Angeles, California Marshall Islands; Antigua, West Indies | Boiler Tender/Mechanic/Plant Operator | 1966 - 1968 |
| City of Los Angeles, CA | Los Angeles, California | Maintenance Mechanic/Assistant Chief Engineer | 1968 - 1983 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1

## EXHIBIT "B"

2         Plaintiff JAMES W. VAUGHT's exposure to Defendants' Products caused severe and

3  permanent injury to Plaintiff JAMES W. VAUGHT including, but not limited to, mesothelioma.

4  Plaintiff was diagnosed with mesothelioma on or about May 19, 2008.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS