(VBKx), CLOSED, DISCOVERY, MANADR, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-05156-R-VBK

| | |
|---|---|
| Martha H. Demko et al v. CBS Corporation et al | Date Filed: 08/06/2008 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 10/27/2008 |
| Referred to: Magistrate Judge Victor B. Kenton | Jury Demand: Defendant |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Los Angeles Superior Court, BC393941 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

### Plaintiff

**Martha H. Demko**
*as Personal Representative of the Estate of
Bruno A. Demko, Deceased*

represented by **Ethan A Horn**
Simon Eddins and Greenstone
301 East Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
Simon Eddins and Greenstone
301 E Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Theresa L Peterson**

represented by **Ethan A Horn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Nancy Radford**                          represented by    **Ethan A Horn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Linda Bissett**                          represented by    **Ethan A Horn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**CBS Corporation**
*sued as successor-by-merger to CBS*
*Corporation*
*Successor*

BF Sturtevant
*formerly known as*
Westinghouse Electric Corporation and
also as
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**CLA-VAL Co.**                          represented by    **Erica M Sorosky**
                                                           Palmieri Tyler Wiener Wilhelm and
                                                           Waldron
                                                           2603 Main Street Suite 1300
                                                           Irvine, CA 92614
                                                           949-851-7271
                                                           Fax: 949-757-1225
                                                           Email: esorosky@ptwww.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Julia A Gowin**
                                                           Hawkins Parnell Thackston & Young LLP
                                                           444 S. Flower Street
                                                           Suite 1100
                                                           Los Angeles, CA 90071
                                                           213-486-8022
                                                           Fax: 213-486-8080
                                                           Email: jgowin@hptylaw.com
                                                           *TERMINATED: 09/17/2008*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Comapny**             represented by    **Katherine Paige Gardiner**
                                                           Sedgwick Detert Moran and Arnold
                                                           One Market Plaza 8th Floor
                                                           San Francisco, CA 94105
                                                           415-781-7900
                                                           Fax: 415-781-2635
                                                           Email: katherine.gardiner@sdma.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**                     represented by    **Keith M Ameele**
*formerly known as*                                        Foley and Mansfield PLLP
The Dial Corporation sued individually                     150 South Los Robles Avenue Suite 400
and as                                                     Pasadena, CA 91101
*Successor*                                                626-744-9359

Griscom-Russel Company

Fax: 626-744-1702
Email: kameele@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter B Langbord**
Foley and Mansfield PLLP
300 South Grand Ave., Suite 2800
Los Angeles, CA 90071
213-283-2100
Fax: 213-283-2101
Email: plangbord@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2008 | 1 | NOTICE OF REMOVAL from Los Angeles Superior Court, case number BC393941 with Conformed copy of summons and complaint. Case assigned to Judge John F. Walter, Discovery to Magistrate Judge Suzanne H Segal. (Filing fee $ 350 PAID), filed by Defendant Viad Corporation f/k/a The Dial Corporation, sued individually and as successor-in-interest to Griscom Russell Company.(car) (ds). (Additional attachment(s) added on 8/11/2008: # 1 Notice of Assignment, # 2 Civil Cover Sheet) (ds). (Entered: 08/07/2008) |
| 08/06/2008 |  | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendant Viad Corporation f/k/a The Dial Corporation, sued individually and as successor-in-interest to Griscom Russell Company.[Filed in State Court on 7/22/08 submitted attached Exhibit D](car) (Entered: 08/07/2008) |
| 08/06/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation, f/k/a The Dial Corporation, sued individually and as successor-in-interest to Griscom Russell Company identifying Other Affiliate Morgan Stanley & Co. Incorporated for Viad Corporation. (car) (ds). (Entered: 08/07/2008) |
| 08/06/2008 | 3 | NOTICE OF TAG-ALONG ACTION filed by Defendant Viad Corporation, f/k/a The Dial Corporation, sued individually and as successor-in-interest to Griscom Russell Company. (car) (ds). (Entered: 08/07/2008) |
| 08/06/2008 | 4 | CERTIFICATE OF SERVICE filed by Defendant Viad Corporation, f/k/a The Dial Corporation, sued individually and as successor-in-interest to Griscom Russell Company re Certification and Notice of Interested Parties, 2 , Notice of Tag-Along Action 3 , Notice of Removal, 1 Civil Cover sheet, Notice of related cases served on 8/6/08. (car) (ds). (Entered: 08/07/2008) |
| 08/06/2008 | 5 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(car) (Entered: 08/07/2008) |
| 08/11/2008 | 6 | NOTICE OF MOTION AND MOTION for Joinder in Notice of Removal, 1 filed by Defendant General Electric Comapny. (Gardiner, Katherine) (Entered: 08/11/2008) |
| 08/11/2008 | 7 | JOINDER filed by Defendant General Electric Comapny joining in Notice of |

| | | |
|---|---|---|
| | | Removal, 1 . (Gardiner, Katherine) (Entered: 08/11/2008) |
| 08/11/2008 | 8 | PROOF OF SERVICE Viad Corporation, *PROOF OF SERVICE RE: COURT DOCUMENTATION, NOTICE OF RELATED ACTION* served on August 11, 2008. (Langbord, Peter) (Entered: 08/11/2008) |
| 08/12/2008 | 9 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV 07-2241 R (JTLx). Case transferred from Magistrate Judge Suzanne H. Segal and Judge John F. Walter to Judge Manuel L. Real and Magistrate Judge Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-5156 R (JTLx).Signed by Judge Manuel L. Real (rn) (Entered: 08/12/2008) |
| 08/13/2008 | 10 | CERTIFICATE OF SERVICE Viad Corporation, *CERTIFICATE OF SERVICE RE: NOTICE TO ADVERSE PARTY* served on August 13, 2008. (Langbord, Peter) (Entered: 08/13/2008) |
| 08/14/2008 | 11 | ORDER Re: Notice to Counsel by Judge Manuel L. Real. This case has been assigned to the calendar of Judge Manuel L. Real. Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. Noncompliance may lead to the imposition of sanctions which may include the striking of pleadings and entry of judgment or dismissal of the action. Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is responsible for promptly serving this notice on defendant's counsel, and filing a proof of service with the notice attached as an exhibit with the Court. If this case came to the Court via a Noticed Removal, this burden falls to the removing defendant. See attached Order. (rj) (Entered: 08/16/2008) |
| 08/19/2008 | 12 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by Defendant, Viad Corporation. (Ameele, Keith) (Entered: 08/19/2008) |
| 08/19/2008 | 13 | PROOF OF SERVICE filed by Defendant Viad Corporation, *regarding Order re: Notice of Counsel* served on 08/19/08. (Ameele, Keith) (Entered: 08/19/2008) |
| 08/28/2008 | 14 | ORDER RETURNING CASE FOR REASSIGNMENT UPON RECUSAL by Magistrate Judge Jennifer T. Lum. ORDER case returned to the Clerk for random reassignment Discovery pursuant to General Order 05-07 and General Order 08-05. Case randomly reassigned from Magistrate Judge Jennifer T. Lum to Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-5156 R (VBKx). (rn) (Entered: 08/28/2008) |
| 09/09/2008 | 15 | certificate of Interested Parties filed by defendant CLA-VAL Co., (Gowin, Julia) (Entered: 09/09/2008) |
| 09/09/2008 | 16 | NOTICE Notice of Refiling State Court Answer to Complaint filed by defendant CLA-VAL Co.. (Gowin, Julia) (Entered: 09/09/2008) |
| 09/09/2008 | 17 | DEMAND for Jury Trial filed by defendant CLA-VAL Co... (Gowin, Julia) (Entered: 09/09/2008) |
| 09/10/2008 | 18 | NOTICE of Change of Attorney Information for attorney Julia A Gowin counsel for Defendant CLA-VAL Co.. Adding Erica M. Sorosky as attorney as counsel of record for Cla-Val Co. for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Gowin, Julia) (Entered: 09/10/2008) |

| 09/17/2008 | 19 | NOTICE of Change of Attorney Information for attorney Erica M Sorosky counsel for Defendant CLA-VAL Co.. Julia A. Gowin will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Julia A. Gowin is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by defendant Cla-Val Co. (Sorosky, Erica) (Entered: 09/17/2008) |
| --- | --- | --- |
| 10/27/2008 | 20 | ORDER LIFTING STAY OF CONDITIONAL TRANSFER ORDER by MDL Clerk of the Panel. Transferring case to Eastern District of Pennsylvania. Pursuant to the order of 7/29/91, 771 F. Supp. 415, the Eastern District of Pennsylvanis is not accepting the original records and/or docket responsibilty. CERTIFIED DOCKET OR CERTIFIED COPY OF TRANSFER ORDER NOT FORWARDED TO THE EASTERN DISTRICT OF PENNSYLVANIA PURSUANT TO CTO. Continue to process the litigation in your court, per the opinion, pretrial and administrative orders. (MD JS-6. Case Terminated.) (shb) (Entered: 10/30/2008) |
| 10/30/2008 | 21 | Transfer Out Transmittal Letter. NO COPY OF CERTIFIED DOCKET OR TRANSFER ORDER SENT PURSUANT TO MDL CONDITIONAL TRANSFER ORDER sent to USDC Eastern District of Pennsylvania at Philadelphia, Philadelphia on 10/30/08. (shb) (Entered: 10/30/2008) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 12/09/2010 12:01:35 | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-05156-R-VBK End date: 12/9/2010 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

1  RON C. EDDINS, CA Bar No. 243581
   JENNIFER L. BARTLETT, CA Bar No. 183154
2  ETHAN A. HORN, CA Bar No. 190296
   **SIMON, EDDINS & GREENSTONE, LLP**
3  301 E. Ocean Blvd., Ste. 1950
   Long Beach, California 90802
4  Telephone (562) 590-3400
   Facsimile (562) 590-3412
5
6  Attorneys for Plaintiffs
7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 07 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF LOS ANGELES**

10

11  **MARTHA H. DEMKO,** as Personal            )   Case No.   BC393941
    Representative of the Estate of **BRUNO A.**  )
12  **DEMKO,** Deceased, **THERESA**             )
    **PETERSON, NANCY RADFORD** and           )   THIS ACTION CONSTITUTES COMPLEX
13  **LINDA BISSETT,**                          )   ASBESTOS LITIGATION – SUBJECT TO THE
                                                )   GENERAL ORDERS CONTAINED IN FILE NO.
14                                              )   C 700000 – DEPT. 59
                          Plaintiffs,           )
15                                              )   **COMPLAINT FOR WRONGFUL DEATH AND**
             vs.                                )   **A SURVIVAL ACTION – ASBESTOS**
16                                              )   **(NEGLIGENCE; STRICT LIABILITY)**
    **CBS CORPORATION f/k/a VIACOM,**           )
17  **INC.** (sued as successor-by-merger to CBS )
    CORPORATION f/k/a WESTINGHOUSE            )
18  ELECTRIC CORPORATION and also as          )
    successor-in-interest to BF                )
19  STURTEVANT);                               )
    **CLA-VAL CO.;**                            )
20  **GENERAL ELECTRIC COMPANY;**              )
    **VIAD CORPORATION f/k/a THE DIAL**        )
21  CORPORATION (sued individually and as      )
    successor-in-interest to GRISCOM-         )
22  RUSSELL COMPANY);                          )
                                                )
23                          Defendants.         )
                                                )
24  _____  )

25                        GENERAL ALLEGATIONS

26          COME NOW Plaintiffs MARTHA H. DEMKO, as Personal Representative of the

27  Estate of BRUNO A. DEMKO, Deceased, THERESA PETERSON, NANCY RADFORD and LINDA

28  BISSETT  (hereinafter "Plaintiffs") who bring this action for wrongful death pursuant to section

                                        1
    **COMPLAINT FOR WRONGFUL DEATH – ASBESTOS**                                    /JF

377.60 of the California Code of Civil Procedure, and comes now MARTHA H. DEMKO, as personal representative of the ESTATE OF BRUNO A. DEMKO, who brings this survival action pursuant to section 377.30 of the California Code of Civil Procedure, and complains and alleges as follows:

1.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT);   **CLA-VAL   CO.;   GENERAL   ELECTRIC   COMPANY;   VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

3.     Plaintiffs allege herein that Decedent BRUNO A. DEMKO developed malignant

2

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS                                                                    /JF

mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including:; **CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT) (for Westinghouse turbines, compressors, condensers, heat exchangers, air ejectors, generator turbines and BF Sturtevant air compressors and turbines); **CLA-VAL CO.** (for Cla-Val valves); **GENERAL ELECTRIC COMPANY** (for General Electric turbines); **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell distilling plants).

4.      Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency.  Finally, to the extent that Plaintiff was exposed to asbestos aboard a vessel of the United States Navy, Plaintiffs' product liability claims are based solely on the failure to warn, and not on any defects in design.

**FIRST CAUSE OF ACTION**

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.      Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6.      At all times herein mentioned, each of the named Defendants and DOES 1 through 450

3

1   was the successor, successor in business, successor in product line or a portion thereof, parent,

2   subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

3   researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

4   distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

5   contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

6   packaging and advertising asbestos and products containing asbestos, including but not limited to,

7   those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called

8   "alternate entities."  Each of the herein named Defendants is liable for the tortious conduct of each

9   successor, successor in business, successor in product line or a portion thereof, assign, predecessor in

10  product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

11  owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing,

12  warranted, re-branded, manufactured for others and advertised asbestos and/or products containing

13  asbestos.  The following Defendants, and each of them, are liable for the acts of each and every

14  "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy

15  against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product

16  line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused

17  the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the

18  ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant

19  enjoys the goodwill originally attached to each such "alternate entity".

20  **DEFENDANT**                                    **ALTERNATE ENTITY**

21

22  CBS CORPORATION                                  VIACOM INC.
                                                     WESTINGHOUSE ELECTRIC CORPORATION
23                                                   BF STURTEVANT
                                                     VIACOM INTERNATIONAL, INC.
24                                                   VIACOM PLUS

25

26  GENERAL ELECTRIC COMPANY                         GENERAL ELECTRIC BROADCASTING
                                                       COMPANY, INC.
27                                                   GENERAL ELECTRIC CAPITAL
                                                       ASSURANCE COMPANY
28                                                   GENERAL ELECTRIC PROFESSIONAL
                                                       SERVICES COMPANY

4

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS                                      /JF

GENERAL ELECTRIC TRADING COMPANY

VIAD CORPORATION

THE DIAL CORPORATION
GRISCOM-RUSSELL COMPANY

7.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising Defendants' Products.

8.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiffs' Decedent BRUNO A. DEMKO herein (hereinafter collectively called "exposed persons"). Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed persons". Plaintiffs herein allege that their Decedent BRUNO A. DEMKO's exposures to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant mesothelioma, and his death on February 24, 2008, and therefore proximately caused Plaintiffs' injuries.

9.     Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendants breached said duty of

**5**

1  reasonable care in that Defendants, and each of them, failed to safely and adequately design,

2  manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the

3  hazards of said products; failed to warn "exposed persons", including Plaintiffs' Decedent BRUNO A.

4  DEMKO, of the health hazards of using Defendants' products; failed to disclose the known or knowable

5  dangers of using Defendants' products; failed to obtain suitable alternative materials to asbestos when

6  such alternatives were available; and as otherwise stated herein.

7      10.    The Defendants' products were and are hazardous to the health and safety of Plaintiff,

8  and others in Decedent's position working with and in close proximity to such products, and since on or

9  before 1930, the hazards and dangerous propensities of the Defendants' products were both known and

10  knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

11  and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of

12  them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

13  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

14  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

15  others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

16  propensities of asbestos presented a substantial danger to users, including Plaintiffs' Decedent BRUNO

17  A. DEMKO, of Defendants' asbestos and asbestos-containing products through the intended and

18  reasonably foreseeable use of those products.

19      11.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

20  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

21  intended and reasonably foreseeable manner.

22      12.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

23  known, that Defendants' asbestos products would be installed, repaired, maintained, overhauled,

24  removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out" or otherwise

25  disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous

26  and dangerous asbestos fibers, and that through such activity, "exposed persons," including Plaintiffs'

27  Decedent BRUNO A. DEMKO  herein, would be exposed to said hazardous and dangerous asbestos

28  fibers.  Defendants, their "alternate entities", and each of them, knew or reasonably should have known

6

that users, such as Plaintiffs' Decedent BRUNO A. DEMKO and others in his position, working with and in close proximity to Defendants' products would not realize or know the danger. Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of the products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm. The negligent failure of Defendants, their "alternate entities," and each of them to warn was a substantial factor in causing harm to Plaintiffs' Decedent BRUNO A. DEMKO, proximately resulting in his death on February 24, 2008, the nature of which is set forth in Exhibit "B", which is attached hereto and incorporated by reference herein.

13.    Plaintiffs' Decedent BRUNO A. DEMKO used, handled, or was otherwise exposed to Defendants' products referred to herein in a manner that was reasonably foreseeable to Defendants and each of them. Plaintiffs' Decedent's exposure to Defendants' products occurred at various locations set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

14.    As a direct and proximate result of the conduct of the Defendants, their "alternate entities", and each of them, as aforesaid, Decedent BRUNO A. DEMKO's exposure to Defendants' products caused severe and permanent injury and death to the Decedent, the nature of which, along with the date of Decedent's diagnosis and the date he learned such injuries were attributable to exposure to Defendants' products, are set forth in **Exhibit "B",** which is attached hereto and incorporated by reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to Defendants' products over a period of time.

15.    Decedent BRUNO A. DEMKO suffered from malignant pleural mesothelioma, caused by exposure to asbestos and asbestos-containing products, including those products identified in paragraph 3 above. Decedent BRUNO A. DEMKO was not aware at the time of exposure that Defendants' products presented any risk of injury and/or disease.

16.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate entities," and each of them, Decedent BRUNO A. DEMKO suffered permanent injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue,

**7**

<u>COMPLAINT FOR WRONGFUL DEATH – ASBESTOS</u>                                                    /JF

somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Decedent's malignant mesothelioma progressed, from the effect of exposure to asbestos fibers, proximately resulting in his death on February 24, 2008, all to Plaintiffs' general damage in a sum in excess of the jurisdictional limit of a limited civil case.

17.     As a direct and proximate result of the aforesaid conduct of the Defendants, their "alternate entities", and each of them, Decedent BRUNO A. DEMKO incurred, and Plaintiffs continue to incur, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.     As a further direct and proximate result of the said conduct of the Defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, funeral and burial expenses, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.   As a further direct and proximate result of the said conduct of the Defendants, their "alternate entities," Plaintiffs have been, and in the future will be, deprived of the support, society, solace, care, comfort, companionship, affection, advice, services and guidance of Decedent, BRUNO A. DEMKO, the full nature and extent of which are not yet known to Plaintiffs and leave is requested to amend this complaint to conform to proof at the time of trial.

19.     Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts which support Plaintiffs' prayer for punitive damages:

(a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiffs' Decedent BRUNO A. DEMKO, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.   Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiffs' Decedent BRUNO A. DEMKO.

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated

8

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS                                    /JF

in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiffs' Decedent BRUNO A. DEMKO as to the safety of their products.  Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' products a false security about the safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiffs' Decedent BRUNO A. DEMKO;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiffs' Decedent BRUNO A. DEMKO and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

**9**

**COMPLAINT FOR WRONGFUL DEATH – ASBESTOS**                                    /JF

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiffs' Decedent BRUNO A. DEMKO, with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Decedent BRUNO A. DEMKO and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Decedent BRUNO A. DEMKO and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Decedent BRUNO A. DEMKO so that said physicians could not examine, diagnose, and treat Decedent and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

20.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

21.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Decedent BRUNO A. DEMKO, in that

10

1   Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

2   to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

3   posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their

4   "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

5   miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

6   justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,

7   for the sake of example and by way of punishing said Defendants, seek punitive damages according to

8   proof.

9        22.     Defendants and each of them engaged in the malicious conduct described hereinwhich

10  was intended by Defendants and each of them to cause injury to the Decedent, and despicable conduct

11  which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of

12  others, including Decedent BRUNO A. DEMKO.

13       23.     Defendants, and each of them, engaged in oppressive conduct described herein which

14  was despicable conduct that subjected persons, including Decedent BRUNO A. DEMKO, to cruel and

15  unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and

16  mesothelioma, in conscious disregard of those persons' rights.

17       24.     As a direct and proximate result of such intentional conduct by Defendants, their

18  "alternate entities" and each of them, Decedent BRUNO A. DEMKO sustained the injuries and damages

19  alleged herein.

20       WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and

21  each of them, as hereinafter set forth.

22

23                      **SECOND CAUSE OF ACTION**

24                           (Strict Liability)

25       AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
26  FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR
    "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

27       25.     Plaintiffs incorporate herein by reference, as though fully set forth therein, each and

28

**11**

1   every one of the general allegations and the allegations contained in the First Cause of Action herein.

2       26.    Defendants, their "alternate entities", and each of them, sold the aforementioned

3   Defendants' products and failed to adequately warn or instruct of the known and knowable dangers and

4   risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

5   have been, and were not, recognized by ordinary consumers of the products, including Decedent

6   BRUNO A. DEMKO, and the lack of sufficient instructions and/or warnings was a substantial factor in

7   causing harm to Decedent BRUNO A. DEMKO and others in Decedent's position working with and in

8   close proximity to such products.

9       27.    Defendants' products were defective and unsafe for their intended purpose and

10   foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

11   sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out" or otherwise disturbed,

12   said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos

13   fibers by exposed person, including Decedent BRUNO A. DEMKO.  The defect existed in all of said

14   products when they left the possession of the Defendants, their "alternate entities," and each of them.  At

15   the time Defendants' products were used by Decedent, and others in Decedent's position working with

16   and in close proximity to such products, the products were substantially the same as when they left the

17   possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the

18   products after they left the possession of Defendants, their "alternate entities", and each of them were

19   reasonably foreseeable to Defendants, their "alternate entities", and each of them.  Defendants' asbestos

20   and asbestos products were used by Decedent BRUNO A. DEMKO, and others in Decedent's position

21   working with and in close proximity to such products, in a way that was reasonably foreseeable to

22   Defendants, and each of them.  The defect in said products was a substantial factor in causing harm and

23   personal injuries to Decedent BRUNO A. DEMKO, including malignant mesothelioma, while being

24   used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and

25   unreasonably dangerous for their ordinary and intended use.

26       28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'

27   products failed to perform as safely as an ordinary consumer would have expected in that Defendants'

28   products, and each of them, released respirable asbestos fibers during their ordinary and intended use,

**12**

and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including Decedent BRUNO A. DEMKO, were unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' products when such exposures occurred, and thus the failure of Defendants' products to perform as safely as Decedent BRUNO A. DEMKO had reason to expect was a substantial factor in causing his injuries.

29.    As a direct and proximate result of the actions and conduct outlined herein, Decedent BRUNO A. DEMKO has suffered the injuries and damages alleged herein.

30.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Decedent BRUNO A. DEMKO, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Decedent BRUNO A. DEMKO.

(b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Decedent BRUNO A. DEMKO as to the safety of their products.  Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' products a false security about the safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject

13

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS                                      /JF

1  of dust control.  Discussions in this committee were held many times regarding the dangers inherent in

2  asbestos and the dangers, which arise from the lack of control of dust, and such information was

3  suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

4        (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and

5  Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in

6  Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew

7  and possessed medical and scientific information of the connection between the inhalation of asbestos

8  fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and

9  other industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

10  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

11  this information to consumers;

12        (d)     Defendants, their "alternate entities", and each of them, failed to warn Decedent

13  BRUNO A. DEMKO and others of the nature of said materials which were dangerous when breathed

14  and which could cause pathological effects without noticeable trauma, despite the fact that Defendants,

15  their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that

16  said materials were dangerous and a threat to the health of persons coming into contact therewith;

17        (e)     Defendants, their "alternate entities", and each of them, failed to provide

18  Decedent BRUNO A. DEMKO with information concerning adequate protective masks and other

19  equipment devised to be used when applying, mixing, installing and sanding the products of the

20  Defendants, their "alternate entities", and each of them, despite knowing that such protective measures

21  were necessary, and that they were under a duty to disclose that such materials were dangerous and

22  would result in injury to Decedent BRUNO A. DEMKO and others applying and installing such

23  material;

24        (f)     Defendants, their "alternate entities", and each of them, knew and failed to

25  disclose that Decedent BRUNO A. DEMKO and anyone similarly situated, upon inhalation of asbestos

26  would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis,

27  asbestosis, mesothelioma and/or cancer;

28        (g)     Defendants, their "alternate entities", and each of them, failed to provide

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS       /JF

1    information of the true nature of the hazards of asbestos materials and that exposure to these material

2    would cause pathological effects without noticeable trauma to the public, including buyers, users, and

3    physicians employed by Decedent BRUNO A. DEMKO so that said physicians could not examine,

4    diagnose, and treat Decedent and others who were exposed to asbestos, despite the fact that Defendants,

5    their "alternate entities", and each of them, were under a duty to so inform and said failure was

6    misleading; and

7         31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

8    managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

9    or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

10   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

11   them, and each Defendant's officers, directors, and managing agents participated in, authorized,

12   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

13   their "alternate entities" as set forth herein.

14        32.    The herein-described conduct of said Defendants, their "alternate entities", and each of

15   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

16   to the safety and health of "exposed person," including Decedent BRUNO A. DEMKO, in that

17   Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

18   to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

19   posed by use of their products, in order to continue to profit financially therefrom. Defendants, their

20   "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

21   miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

22   justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,

23   for the sake of example and by way of punishing said Defendants, seek punitive damages according to

24   proof.

25        33.    Defendants and each of them engaged in malicious conduct described herein which was

26   intended by Defendants and each of them to cause injury to the decedent, and despicable conduct which

27   was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others,

28   including Decedent BRUNO A. DEMKO.

15

**COMPLAINT FOR WRONGFUL DEATH – ASBESTOS**                         /JF

34.     Defendants, and each of them, engaged in the oppressive conduct described herein which was despicable conduct that subjected persons, including Decedent BRUNO A. DEMKO, to cruel and unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

35.     As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Decedent BRUNO A. DEMKO sustained the injuries and damages alleged herein.

36.     WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

DECEDENT BRUNO A. DEMKO, by and through his personal representative, MARTHA H. DEMKO, pursuant to Code of Civil Procedure § 377.30. et seq.:

     1.     For DECEDENT'S medical and related expenses according to proof;

     2.     For DECEDENT'S loss of income and income potential;

     3.     For exemplary or punitive damages according to proof;

THERESA PETERSON, NANCY RADFORD and LINDA BISSETT, pursuant to Code of Civil Procedure § 377.60. et seq.:

     4.     For PLAINTIFFS' medical and related expenses according to proof;

     5.     For PLAINTIFFS' loss of income and income potential caused by DECEDENT'S death, and for PLAINTIFFS' loss of decedent's financial support and financial contributions;

     6.     For funeral and burial expenses caused by DECEDENT'S death;

     7.     For PLAINTIFFS' general damages according to proof, including damages for loss of love, companionship, comfort, affection, solace, moral support and/or society according to proof caused by DECEDENT'S death;

     8.     For exemplary or punitive damages according to proof;

ALL PLAINTIFFS

     9.     For Plaintiffs' cost of suit herein;

16

1    10. For exemplary or punitive damages according to proof;

2    11. For such other and further relief as the Court may deem just and proper, including

3      costs and prejudgment interest as provided in C.C.P. § 998, C.C.P. § 1032 and

4      related provisions of law.

5

6 DATED: July 3, 2008.        **SIMON, EDDINS & GREENSTONE, LLP**

7               By: _____

8                 JENNIFER L. BARTLETT
                 Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS            /JF

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4    DATED:    July 3, 2008                    **SIMON, EDDINS & GREENSTONE, LLP**

5

6                                             By: _____

7                                             JENNIFER L. BARTLETT
                                              Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**18**

1

### EXHIBIT "A"

2

Decedent BRUNO A. DEMKO's exposure to asbestos and asbestos-containing products occurred

3

at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| U.S. Navy | Terminal Island<br>San Pedro, CA | Boiler Tender | 1943-1946 |
| U.S. Navy | Naval Repair Base<br>San Diego, CA | Boiler Tender | 1943-1946 |
| U.S. Navy | USS Santee (CVE-29) | Boiler Tender | 1943-1946 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS                                    /JF

1

## EXHIBIT "B"

2

Decedent BRUNA A. DEMKO.'s exposure to Defendants' products caused severe and

3

permanent injury and death to Decedent BRUNO A. DEMKO including, but not limited to,

4

mesothelioma.  Decedent was diagnosed with mesothelioma on or about February 19, 2008.

5

BRUNO A. DEMKO died on February 24, 2008.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**20**

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS

/JF