(JTLx), CLOSED, DISCOVERY, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-06004-R-JTL

| | |
|---|---|
| Dianna Calkins v. Allied Packing & Supply, Inc. et al | Date Filed: 09/12/2008 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 11/17/2008 |
| Referred to: Magistrate Judge Jennifer T. Lum | Jury Demand: None |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court State of CA County of Los Angeles, BC393738 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

## Plaintiff

**Dianna Calkins**
*individually and as the to the Estate of Successor*
Denise Campbell
*Successor*
Earnest Calkins

represented by

**Lenneal K. Gardner**
Brent Coon and Associates
44 Montgomery Street Suite 800
San Francisco, CA 94101
415-489-7420
Fax: 415-489-7426
Email: lenneal.gardner@bcoonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard A. Brody**
Brent Coon and Associates
44 Montgomery Street Suite 800
San Francisco, CA 94104
415-489-7420
Fax: 415-489-7426
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M Fishback**
Keller Fishback and Jackson LLP
18425 Burbank Boulevard Suite 610
Tarzana, CA 91356
818-342-7442
Fax: 818-342-7616
Email: sfishback@kfjlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yvonne Huggins-McLean**
Brent Coon and Associates
44 Montgomery Street Suite 800

San Francisco, CA 94104
415-489-7420
Fax: 415-489-7426
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BRENT COON**                 represented by **Lenneal K. Gardner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Allied Packing & Supply, Inc.**

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Alfa Laval, Inc.**
*individually and as parent, alter ego and*
*Successor*
Alfa Laval Separation, Inc.
*Successor*
Sharples, Inc.
*Successor*
Delaval Separator Company

**Defendant**

**Allis Chalmers Product Liability Trust**

**Defendant**

**Amchem Product, Inc.**
*individually and as*
*Successor*
Benjamin Foster

**Defendant**

**American Biltrite, Inc.**

**Defendant**

**American Standard, Inc.**

**Defendant**

**Ametek, Inc.**
*individually and as parent, alter ego and*
*Successor*

Haveg

**<u>Defendant</u>**

**Asbestos Corporation, LTD.,**

**<u>Defendant</u>**

**Atlas Valve Company, Inc.**

**<u>Defendant</u>**

**Bondex International**

**<u>Defendant</u>**

**Brown & Root Technical Services, Inc.**
*Individually and as*
*Successor*
C.F. Braun, Inc.

**<u>Defendant</u>**

**Buffalo Pumps, Inc.**
*individually and as parent, alter ego*
*and/or subsidiary of*
*Successor*
Ampco-Pittsburgh Corporation
*Successor*
Buffalo Forge Company

**<u>Defendant</u>**

**CBS Corporation**
*individually and as parent, alter ego and*
*Successor*
Wesco Corporation
*Successor*
B.F. Sturtevant Co.
*Successor*
Westinghouse Electric Corporation

**<u>Defendant</u>**

**Certainteed Corporation**

**<u>Defendant</u>**

**Cleavaer-Brooks, Inc.**

**<u>Defendant</u>**

**Coltec Industries, Inc.**
*individually and as parent, alter ego, and*
*Successor*
Colt Manufacturing Company

**<u>Defendant</u>**

**Coltec Industries, Inc.**
*individually and as parent, alter ego and*
*Successor*
Fairbanks Morse Engines

**Defendant**

**Combustion Engineering**

**Defendant**

**Cooper Bessemer**

**Defendant**

**Crane Company**
*individually and as parent, alter ego and*
*Successor*
Cockrane Corporation
*Successor*
Chempump
*Successor*
Chapman Valve Company

**Defendant**

**Crown Cork & Seal (USA)**
*individually and as*
*Successor*
Mundet Cork Corporation

**Defendant**

**Dial Corporation**
*individually and as parent alter ago and*
*Successor*
Griscom Russell Schack Company, Inc.

**Defendant**

**Durez Corporation**
*individually and as parent, alter ego and*
*Successor*
Durez Plastics & Chemical

**Defendant**

**Elliott Turbomachinery Company, Inc.**

**Defendant**

**Enpro Engineered Products, Inc.**
*individually and as parent, alter ego and*
*Successor*
Fairbanks Morse Engine

**Defendant**

**Enpro Industries**
*individually and as parent, alter ego and*
*Successor*
Fairbanks Morse Engine

**Defendant**

**Fairbanks Morse Pump Corporation**
*individually and as parent, alter ego and*
*Successor*
Fairbanks Morse Engine

**Defendant**

**Fiatallis North America, Inc.**
*individually and as parent, alter ego and*
*Successor*
Allis-Chalmers Corporation

**Defendant**

**Flowserve Management Company**
*individually and as parent, alter ego and*
*Successor*
Babcock Power, Inc. Company
*Successor*
Pacific Pumps, Inc.
*Successor*
Henry Vogt Machine Company

**Defendant**

**Flowserve US Inc.**
*individually and as parent, alter ego and*
*Successor*
Byron Jackson
*Successor*
Sier Bath Gear & Pump Company

**Defendant**

**Fluor Corporation**

**Defendant**

**FMC Corporation**
*individually and as parent, alter ego and*
*Successor*
Allis Chalmers
*Successor*
Northern Pump Company

**Defendant**

**Foster Wheeler LLC**
*individually and as parent, alter ego and*

*Successor*
Foster Wheeler Coiler Corporation
*Successor*
Foster Wheeler Corporation
*Successor*
Foster Wheeler USA Corporation
*Successor*
Foster Wheeler Energy Corporation

**Defendant**

**Garlock Sealing Technologies LLC**
*individually and as parent, alter ego and*
*Successor*
Fairbanks Morse Engines
*Successor*
Coltec Industries
*Successor*
Garlock, Inc.

**Defendant**

**General Dynamics Corporation**
*individually and as parent, alter ego and*
*Successor*
Asbestos Corporation, LTD.,

**Defendant**

**General Electric Company**                 represented by **Katherine Paige Gardiner**
                                              Sedgwick Detert Moran and Arnold
                                              One Market Plaza 8th Floor
                                              San Francisco, CA 94105
                                              415-781-7900
                                              Fax: 415-781-2635
                                              Email: katherine.gardiner@sdma.com
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**Goodyear Tire & Rubber Company**

**Defendant**

**Goulds Pumps (ipd), Inc.**

**Defendant**

**Graybar Electric, Inc.**

**Defendant**

**Hanson Permanente Cement, Inc.**

*formerly known as*
Kaiser Cement Corporation

### Defendant

**Hill Brothers Chemical Corporation**

### Defendant

**Hopeman Brothers, Inc.**

### Defendant

**IMO Industries, Inc.**
*parent, alter ego and*
*formerly known as*
IMO Delaval Inc.

### Defendant

**IMO Industries, Inc.**
*parent, alter ego and*
*formerly known as*
IMO Delaval Inc.
*formerly known as*
Transamerica Delaval
*Successor*
Delaval Turbines
*Successor*
IMO Delaval
*Successor*
Delaval Pumps
*formerly known as*
Enterprise Engine & Foundry Company
*formerly known as*
Worthington Turbine, Inc.
*Successor*
IMO Delaval Inc.
*formerly known as*
Delaval Turbines
*formerly known as*
IMO Delaval
*Successor*
Enterprise Engine & Foundry Company
*Successor*
Worthington Turbine, Inc.

### Defendant

**Ingersoll-Rand**
*individually and as parent, alter ego and*
*formerly known as*
Worthington Pump and Machinery
Corporation
*formerly doing business as*

Worthington Pump Inc.
*Successor*
Terry Turbines
*Successor*
Dresser-Rand
*Successor*
Worthington Pump Inc.

**Defendant**

**International Paper**
*individually and as parent, alter ego*
*Successor*
U.S. Plywood, Inc.
*Successor*
Champion Paper Corporation

**Defendant**

**ITT Industries, Inc.**
*individually and as parent, alter ego and*
*Successor*
Goulds Pumps, Inc.

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Kaiser Gypsum Co., Inc.**

**Defendant**

**Kentile Corporation**

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**Leslie Controls, Inc.**

**Defendant**

**Master Pumps & Equipment**
**Corporation**

**Defendant**

**McNally Industries, Inc.**
*individually and as parent, alter ego and*
*Successor*
FMC Corporation

**Defendant**

**Metalclad Insulation Corporation**

*individually and as
Successor*
Norcal Insulation

**Defendant**

**Owens-Illinois Corporation**
*individually and as parent, alter ego and
Successor*
Dennison Engineering
*Successor*
Sacomo Sierra

**Defendant**

**Peerless Pump Company, Inc.**

**Defendant**

**Plant Insulation Company**
*individually and as parent, alter ego and
Successor*
Plant Asbestos Company

**Defendant**

**Plastics Engineering Company**
*individually and as parent, alter ego and
Successor*
Plenco Corporation

**Defendant**

**Riley Power, Inc.**
*individually and as parent, alter ego and
Successor*
Riley Stoker Corporation

**Defendant**

**Ouintec Industries, Inc.**
*individually and as parent, alter ego and
successor by merger and/or in interest or
otherwise liable for the acts or omissions
of Western Fiberglass Supply Company,
Western Fibrous Glass Products Company
and/or Wesglas Inc.*

**Defendant**

**Rapid American Corp.**
*individually and as parent, atler ego and
Successor*
Carey Canada, Inc.

**Defendant**

**SB Decking, Inc.**
*formerly known as*
Selby, Battersby & Company

**Defendant**

**Rapid American Corp.**
*individually and as parent, alter ego and*
*Successor*
Philip Carey Corp.

**Defendant**

**Rheem Manufacturing Company**
*individually an as parent, alter ego and as*
*the entity*
*Successor*
Ruud Manufacturing Company
*formerly known as*
Ruud Manufacturing Company
*Successor*
Ruud Boilers
*formerly known as*
Ruud Boilers

**Defendant**

**Sequoia Ventures, Inc.**
*Successor*
The Bechtel Corporation

**Defendant**

**Soco West Corporation**
*Successor*
A.J. Lynch & Co.
*Successor*
Western Chemical & Manufacturing
Company

**Defendant**

**Sterling Fluid Systems (U.S.A.), Inc.**
*individually and as parent, alter ego and*
*formerly known as*
Peerless Pumps

**Defendant**

**Sulzer Pumps (US Inc.)**
*formerly known as*
Sulzer Bingham Pumps, Inc.

**Defendant**

**Tarkett, Inc.**

*individually and as parent, alter ego and*
*Successor*
Domco
*Successor*
Azrock Flooring

**Defendant**

**Terry Corporation of Connecticut**
*individually and as parent, alter ego and*
*Successor*
Terry Steam Turbines

**Defendant**

**T. H. Agriculture & Nutrition, LLC**
*individually and as parent, alter ego and*
*Successor*
Thompson Hayward Chemical Company,
Inc.

**Defendant**

**Thomas Dee Engineering Company, Inc.**

**Defendant**

**Triple A Machine Shop, Inc.**

**Defendant**

**Tuthill Corporation**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Uniroyal, Inc.**

**Defendant**

**Viacom, Inc.**
*individually and as parent, alter ego*
*and/or successor by merger to*
*Successor*
BF Sturtevant

**Defendant**

**Viad Corporation**                     represented by  **Peter B Langbord**
*individually and as parent, alter ego*                  Foley and Mansfield PLLP
*and/or the entity*                                      300 South Grand Ave., Suite 2800
*TERMINATED: 11/17/2008*                                 Los Angeles, CA 90071
*Successor*                                              213-283-2100
Griscom-Russell Company                                  Fax: 213-283-2101
*TERMINATED: 11/17/2008*                                 Email: plangbord@foleymansfield.com

*Successor*                                                     *LEAD ATTORNEY*
The Dial Corporation                                            *ATTORNEY TO BE NOTICED*
*TERMINATED: 11/17/2008*

**<u>Defendant</u>**

**Vimasco Corporation**

**<u>Defendant</u>**

**Waldron Duffy, NC.**

**<u>Defendant</u>**

**Warren Pumps Inc.**

**<u>Defendant</u>**

**Wesco International, Inc.**
*individually and*
*Successor*
To Wesco Distribution, Inc.

**<u>Defendant</u>**

**Wstern Asbestos Company and Bay
Cities Asbestos**

**<u>Defendant</u>**

**Worth Brothers Company**

**<u>Defendant</u>**

**Does**
*41-500 inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/12/2008 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California for the County of Los Angeles, case number BC393738 with conformed copy of summons and complaint. Case assigned to Judge R. Gary Klausner, Discovery to Magistrate Judge Andrew J. Wistrich. (Filing fee $ 350: FEE PAID.), filed by defendant Viad Corporation.(ghap) (ds). (Entered: 09/16/2008) |
| 09/12/2008 |  | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by defendant Viad Corporation. (Filed in the State Court on 8/28/08 submit attached Exhibit D)(ghap) (Entered: 09/16/2008) |
| 09/12/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation. (ghap) (ds). (Entered: 09/16/2008) |
| 09/12/2008 | 3 | NOTICE OF TAG-ALONG ACTION filed by defendant Viad Corporation. (ghap) (ds). (Entered: 09/16/2008) |
| 09/12/2008 | 4 | CERTIFICATE OF SERVICE filed by defendant Viad Corporation, re Notice of Removal, 1 , Notice (Other) 3 , Certificate/Notice of Interested Parties 2 served on |

| | | |
|---|---|---|
| | | 9/12/08. (ghap) (ds). (Entered: 09/16/2008) |
| 09/12/2008 | 5 | NOTICE of Related Case(s) filed by Defendant Viad Corporation. Related Case(s): CV07-8338 VBF(RCx)and other Related Cases. (at) Modified on 9/18/2008 (at). (Entered: 09/18/2008) |
| 09/18/2008 | 6 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT Riley Power, Inc.. *DEFENDANT RILEY POWER INC.'S NOTICE OF REFILING STAT COURT ANSWER TO COMPLAINT* (Langbord, Peter) (Entered: 09/18/2008) |
| 09/18/2008 | 7 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT Viad Corporation. *DEFENDANT VIAD CORP.'S NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT* (Langbord, Peter) (Entered: 09/18/2008) |
| 09/18/2008 | 8 | PROOF OF SERVICE Viad Corporation, *PROOF OF SERVICE RE: COURT DOCUMENTATION, DEFENDANT'S NOTICE OF RELATED ACTION* served on September 18, 2008. (Langbord, Peter) (Entered: 09/18/2008) |
| 09/18/2008 | 9 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV07-2241 R (JTLx). Case transfered from Judge R. Gary Klausner and Magistrate Judge Andrew J. Wistrich to Judge Manuel L. Real and Magistrate Judge Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV08-6004 R (JTLx).Signed by Judge Manuel L. Real (at) (Entered: 09/18/2008) |
| 09/19/2008 | 10 | CERTIFICATE OF SERVICE Viad Corporation, *CERTIFICATE OF SERVICE RE: NOTICE TO ADVERSE PARTY* served on September 17, 2008. (Langbord, Peter) (Entered: 09/19/2008) |
| 09/19/2008 | 11 | NOTICE OF DISCREPANCY AND ORDER: by Judge R. Gary Klausner, ORDERING Letter to Judge submitted received on 9/18/08 is not to be filed but instead rejected. Denial based on: Pursuant to Local Rule 83-2.11, No Communications with Judge. (sch) (Entered: 09/19/2008) |
| 10/09/2008 | 12 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by plaintiff BRENT COON. Motion set for hearing on 11/10/2008 at 09:00 AM before Judge R. Gary Klausner. (Gardner, Lenneal) (Entered: 10/09/2008) |
| 10/09/2008 | 13 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by plaintiff BRENT COON. Motion set for hearing on 11/10/2008 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 MEMO OF POINTS AND AUTHORITIES, # 2 Proposed Order)(Gardner, Lenneal) (Entered: 10/09/2008) |
| 10/10/2008 | 14 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected. Correct event is Notice of Lodging under NOTICES 12; Hearing information is missing, incorrect, or not timely; This case now belongs to Judge Manuel L Real as of 9/18/2008. The initials to use for Judge Real is "R". RE: MOTION to Remand Case to Los Angeles Superior Court 12 , MOTION to Remand Case to Los Angeles Superior Court 13 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 10/10/2008) |
| 10/10/2008 | 15 | MINUTES OF IN CHAMBERS ORDER held before Judge Manuel L. Real:This case |

| | | |
|---|---|---|
| | | was transferred to Judge Real from Judge Klausner on September 18, 2008. Plaintiffs have incorrectly noticed a Motion for Remand before Judge Klausner on November 10, 2008 at 9:00 a.m. IT IS ORDERED that plaintiffs Motion to Remand is re-set to NOVEMBER 17, 2008 AT 10:00 A.M. in Courtroom 8 before Judge Real in the 312 North Spring Street Courthouse. 13 (pj) (Entered: 10/10/2008) |
| 10/14/2008 | 16 | NOTICE of Change of Attorney Information for attorney Katherine Paige Gardiner counsel for Defendant General Electric Company. Adding Katherine P. Gardiner as attorney as counsel of record for General Electric Company for the reason indicated in the G-06 Notice. Filed by Defendant General Electric Company (Gardiner, Katherine) (Entered: 10/14/2008) |
| 10/31/2008 | 17 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 13 *DEFENDANT VIAD CORP'S OPPOSITION TO MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ADMIRAL BEN J. LEHMAN, U.S. NAVY RET., DR. CHARLES R. CHUSHING AND PETER B. LANGBORD IN SUPPORT THEREOF* filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit A-C to Opposition to Motion to Remand to State Court, # 2 Exhibit D-K to Opposition to Motion to Remand to State Court) (Langbord, Peter) (Entered: 10/31/2008) |
| 10/31/2008 | 18 | DECLARATION of PETER B. LANGBORD re Response in Opposition to Motion,, 17 *DECLARATION OF PETER B. LANGBORD IN SUPPORT OF DEFENDANT VIAD CORP'S OPPOSITION TO MOTION TO REMAND TO STATE COURT* filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 10/31/2008) |
| 10/31/2008 | 19 | DECLARATION of CHARLES R. CUSHING re Response in Opposition to Motion,, 17 *DECLARATION OF CHARLES R. CUSHING* filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 10/31/2008) |
| 10/31/2008 | 20 | DECLARATION of Ben J. Lehman re Response in Opposition to Motion,, 17 *DECLARATION OF REAR ADMIRAL (USN, RETIRED) BEN J. LEHMAN* filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit 1-3 to Declaration of B. Lehman in support of Opposition, # 2 Exhibit 4, Part 1 to Declaration of B. Lehman in support of Opposition, # 3 Exhibit 4, Part 2 to Declaration of B. Lehman in support of Opposition, # 4 Exhibit 5 to Declaration of B. Lehman in support of Opposition, # 5 Exhibit 6, Part 1 to Declaration of B. Lehman in support of Opposition, # 6 Exhibit 6, Part 2 to Declaration of B. Lehman in support of Opposition)(Langbord, Peter) (Entered: 10/31/2008) |
| 10/31/2008 | 21 | PROOF OF SERVICE filed by DEFENDANT Viad Corporation, re Response in Opposition to Motion,, 17 *PROOF OF SERVICE RE: OPPOSITION TO MOTION TO REMAND TO STATE COURT* served on October 31, 2008. (Langbord, Peter) (Entered: 10/31/2008) |
| 11/10/2008 | 22 | REPLY MOTION to Remand Case to Los Angeles Superior Court 12 filed by Plaintiff Dianna Calkins. (Attachments: # 1 PLAINTIFFS OBJECTIONS, # 2 DECLARATION)(Gardner, Lenneal) (Entered: 11/10/2008) |
| 11/17/2008 | 23 | MINUTES OF Motion Hearing held before Judge Manuel L. Real Re: MOTION to Remand Case to Los Angeles Superior Court, 12 13 . The Court GRANTS the motion and signs the proposed stipulation and order dismissing defendant Viad with prejudice and remanding the action to state court. Court Reporter: Bridget Montero. (rj) |

| | | (Entered: 11/17/2008) |
|---|---|---|
| 11/17/2008 | 24 | STIPULATION AND ORDER Dismissing defendant Viad Corporation without prejudice and remanding case to state court by Judge Manuel L. Real. cc remand order,docket and letter of remand to Los Angeles Superior Court, Case number BC 393738, (Made JS-6. Case Terminated.) (Attachments: # 1 Letter of remand) (lc) (Entered: 11/19/2008) |
| 11/24/2008 | 25 | ACKNOWLEDGMENT of Receipt of Order of Remand and Docket Sheet by Los Angeles County Superior Court. (mg) (Entered: 12/03/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/09/2010 12:02:25 | | | |
| PACER Login: | fm1158 | Client Code: | 8027-0049 |
| Description: | Docket Report | Search Criteria: | 2:08-cv-06004-R-JTL End date: 12/9/2010 |
| Billable Pages: | 10 | Cost: | 0.80 |



1  Richard A. Brody. Esq. (SBN 100379)
   Yvonne Huggins-McLean, Esq. (SBN 188204)
2  Lenneal K. Gardner, Esq. (SBN 248739)
   BRENT COON & ASSOCIATES
3  44 Montgomery Street, Suite 800
   San Francisco, CA  94104
4  Telephone:  415.489.7420
   Facsimile:  415.489.7426
5
6  Stephen Fishback, Esq. (SBN 191646)
   KELLER, FISHBACK & JACKSON LLP
7  28720 Roadside Drive, Suite 201
   Agoura Hills, California 91301
8  Telephone:  818.879.8033
   Facsimile:  818.292.8891

9  Attorneys for Plaintiffs

10

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 02 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

11           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                IN AND FOR THE COUNTY OF LOS ANGELES

13                                        BC393738

14  DIANNA CALKINS, individually and as the        Case No.
15  Successor in Interest to the Estate of EARNEST
    CALKINS, and DENISE CAMPBELL              COMPLAINT FOR DAMAGES
16                                            (WRONGFUL DEATH – ASBESTOS)
           Plaintiff,
17                                              1.  Negligence
    v.                                          2.  Strict Liability
18                                              3.  Failure to Warn
    ALLIED PACKING & SUPPLY, INC.; A.W.         4.  Breach of Warranties
19  CHESTERTON COMPANY; ALFA LAVAL,            5.  Fraud and Conspiracy
    INC., individually and as parent, alter ego and  6.  False Representation Under
20  successor in interest to SHARPLES, INC.,        Restatement Torts Section 402-B
    ALFA-LAVAL SEPARATION, INC., and         7.  Loss Of Consortium
21  DELAVAL SEPARATOR COMPANY; ALLIS         8.  Survival Action
    CHALMERS PRODUCT LIABILITY TRUST;            Punitive Damages
22  AMCHEM PRODUCTS, INC., individually and
    as successor in interest to BENJAMIN FOSTER;
23  AMERICAN BILTRITE, INC.; AMERICAN
    STANDARD, INC.; AMETEK, INC.,
24  individually and as parent, alter ego and
    successor in interest to HAVEG; ASBESTOS
25  CORPORATION, LTD.; ATLAS VALVE
    COMPANY, INC.; BONDEX
26  INTERNATIONAL; BROWN & ROOT
    TECHNICAL SERVICES, INC., Individually
27  and as Successor-in-Interest to C.F. BRAUN,
    INC.; BUFFALO PUMPS, INC., individually and
28  as parent, alter ego, successor in interest and/or

                              1

1  as parent, alter ego, successor in interest and/or
2  subsidiary of AMPCO-PITTSBURGH
   CORPORATION and/or BUFFALO FORGE
3  COMPANY; CBS CORPORATION individually
   and as parent, alter ago, and/or successor in
4  interest to WESTINGHOUSE ELECTRIC
   CORPORATION, B.F. STURTEVANT CO., and
5  WESCO CORPORATION; CERTAINTEED
   CORPORATION; CLEAVER-BROOKS, INC.;
6  COLTEC INDUSTRIES, INC., individually and
   as parent, alter ego and successor in interest to
7  COLT MANUFACTURING COMPANY;
   COLTEC INDUSTRIES, INC., individually and
8  as parent, alter ego and successor in interest to
   FAIRBANKS MORSE ENGINES;
9  COMBUSTION ENGINEERING; COOPER
   INDUSTRIES, INC., individually and as parent,
10 alter ego and successor in interest to COOPER
   BESSEMER; CRANE COMPANY, individually
11 and as parent, alter ego and successor in interest
   to CHAPMAN VALVE COMPANY,
12 COCHRANE CORPORATION, and/or
   CHEMPUMP; CROWN CORK & SEAL (USA),
13 individually and as successor in interest to
   MUNDET CORK CORPORATION; DIAL
14 CORPORATION, individually and as parent,
   alter ego and successor in interest to GRISCOM
15 RUSSELL SCHACK COMPANY, INC.;
   DUREZ CORPORATION, individually and as
16 parent, alter ego and successor in interest to
   DUREZ PLASTICS & CHEMICAL; ELLIOTT
17 TURBOMACHINERY COMPANY, INC.;
   ENPRO ENGINEERED PRODUCTS, INC.,
18 individually and as a parent, alter ego and
   successor in interest to FAIRBANKS MORSE
19 ENGINE; ENPRO INDUSTRIES, individually
   and as parent, alter ego and successor in interest
20 to FAIRBANKS MORSE ENGINE;
   FAIRBANKS MORSE PUMP CORPORATION,
21 individually and as parent, alter ego and
   successor in interest to FAIRBANKS MORSE
22 ENGINE; FIATALLIS NORTH AMERICA,
   INC., individually and as parent, alter ego and
23 successor in interest to ALLIS-CHALMERS
   CORPORATION; FLOWSERVE
24 MANAGEMENT COMPANY, individually and
   as parent, alter ego and successor in interest to
25 HENRY VOGT MACHINE COMPANY,
   BABCOCK POWER INC., COMPANY and/OR
26 PACIFIC PUMPS, INC.; FLOWSERVE US
   INC., individually and as parent, alter ego and
27 successor in interest to BYRON JACKSON and
   SIER BATH GEAR & PUMP COMPANY;
28

Calkins, et al. v. Allied Packing & Supply, et al.     2
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

1   FLUOR CORPORATION; FMC
2   CORPORATION, individually and as parent,
    alter ego and successor in interest to ALLIS
3   CHALMERS and/or NORTHERN PUMP
    COMPANY; FOSTER WHEELER LLC,
4   individually and as parent, alter ego and
    successor by merger and/or in interest to
5   FOSTER WHEELER BOILER
    CORPORATION, FOSTER WHEELER
6   CORPORATION, FOSTER WHEELER
    ENERGY CORPORATION and/or FOSTER
7   WHEELER USA CORPORATION; GARLOCK
    SEALING TECHNOLOGIES LLC, individually
8   and as parent, alter ego and/or successor in
    interest to GARLOCK, INC., and/or
9   FAIRBANKS MORSE ENGINES, and as
    successor in interest to COLTEC INDUSTRIES;
10  GENERAL DYNAMICS CORPORATION,
    Individually and as Successor-in-Interest to
11  ASBESTOS CORPORATION, LTD.;
    GENERAL ELECTRIC COMPANY;
12  GEORGIA-PACIFIC CORPORATION;
    GOODYEAR TIRE & RUBBER COMPANY;
13  GOULDS PUMPS (ipb), INC.; GRAYBAR
    ELECTRIC, INC.; HANSON PERMANENTE
14  CEMENT, INC., formerly known as KAISER
    CEMENT CORPORATION; HILL BROTHERS
15  CHEMICAL CORPORATION; HOPEMAN
    BROTHERS, INC.; IMO INDUSTRIES, INC.,
16  parent, alter ego, successor in interest and/or
    formerly known as IMO DELAVAL INC.; IMO
17  INDUSTRIES, INC., parent, alter ego, successor
    in interest and/or formerly known as
18  WORTHINGTON TURBINE, INC., IMO
    DELAVAL INC., DELAVAL TURBINES,
19  DELAVAL PUMPS, TRANSAMERICA
    DELAVAL, IMO DELAVAL, ENTERPRISE
20  ENGINE & FOUNDRY COMPANY, and/or
    WORTHINGTON TURBINE, INC.;
21  INGERSOLL-RAND COMPANY, individually
    and as parent, alter ego and successor in interest
22  to DRESSER-RAND, TERRY TURBINES,
    WORTHINGTON PUMP INC., formerly known
23  as WORTHINGTON PUMP AND
    MACHINERY CORPORATION, and/or
24  formerly doing business as WORTHINGTON
    PUMP INC., formerly known as
25  WORTHINGTON PUMP AND MACHINERY
    CORPORATION; INTERNATIONAL PAPER,
26  individually and as parent, alter ego and
    successor in interest to CHAMPION PAPER
27  CORPORATION AND U.S. PLYWOOD, INC.;
    ITT INDUSTRIES, INC., individually and as
28

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.                                    3

COMPLAINT FOR DAMAGES (WRONGFUL

parent, alter ego and successor in interest to GOULDS PUMPS, INC.; J.T. THORPE & SON, INC.; KAISER GYPSUM CO., INC.; KENTILE CORPORATION; KENTILE FLOORS, INC.; LESLIE CONTROLS, INC.; MASTER PUMPS & EQUIPMENT CORPORATION; MCNALLY INDUSTRIES, INC., individually and as parent, alter ego and successor in interest to FMC CORPORATION; METALCLAD INSULATION CORPORATION, individually and as successor in interest to NORCAL INSULATION; OWENS-ILLINOIS CORPORATION; PARKER HANNAFIN CORPORATION, individually and as parent, alter ego and successor in interest to SACOMO SIERRA and/or DENNISON ENGINEERING; PEERLESS PUMP COMPANY, INC.; PLANT INSULATION COMPANY, individually and as parent, alter ego and/or successor in interest to PLANT ASBESTOS COMPANY; PLASTICS ENGINEERING COMPANY, individually and as parent, alter ego, and successor in interest to PLENCO CORPORATION; POWER ENGINEERING & MECHANICAL CORPORATION; REICHOLD, INC.; RILEY POWER, INC. individually and as successor, alter ego, and/or as parent to RILEY STOKER CORPORATION; QUINTEC INDUSTRIES, INC., individually and as the parent, alter ego, successor by merger and/or in interest or otherwise liable for the acts or omissions of WESTERN FIBERGLAS SUPPLY COMPANY, WESTERN FIBROUS GLASS PRODUCTS COMPANY and/or WESGLAS INC.; RAPID AMERICAN CORP., as parent, alter ego and successor in interest to CAREY CANADA, INC.; SB DECKING, INC. formerly known as SELBY, BATTERSBY & COMPANY; RAPID AMERICAN CORP., individually and as parent, alter ego and successor in interest to PHILIP CAREY MANUFACTURING CORP. as successor in interest to PANACON CORP.; RAPID AMERICAN CORPORATION, as parent, alter ego and successor in interest to PHILIP CAREY CORP.; RHEEM MANUFACTURING COMPANY, individually and as parent, alter ego, successor-in-interest and as the entity formerly known as RUUD MANUFACTURING COMPANY, successor-in-interest and as the entity formerly known as RUUD BOILERS; SEPCO CORPORATION; SEQUOIA VENTURES, INC., as Successor-in-Interest to THE BECHTEL CORPORATION;

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

4

COMPLAINT FOR DAMAGES (WRONGFUL

1  SOCO WEST CORPORATION, successor-in-interest to WESTERN CHEMICAL &

2  MANUFACTURING COMPANY and A.J. LYNCH & CO.; STERLING FLUID SYSTEMS

3  (U.S.A.), INC., individually and as parent, alter ego, successor in interest and fka PEERLESS

4  PUMPS; SULZER PUMPS (US INC.) formerly known as SULZER BINGHAM PUMPS, INC.;

5  TARKETT, INC., individually and as parent, alter ego and successor in interest to DOMCO

6  and AZROCK FLOORING; TERRY CORPORATION OF CONNECTICUT

7  individually and as parent, alter ego and/or successor-in-interest to TERRY STEAM

8  TURBINES; T.H. AGRICULTURE & NUTRITION, LLC, individually and as parent,

9  alter ego and successor in interest to THOMPSON HAYWARD CHEMICAL

10  COMPANY, INC.; THOMAS DEE ENGINEERING COMPANY, INC.; TRIPLE A

11  MACHINE SHOP, INC.; TUTHILL CORPORATION; UNION CARBIDE

12  CORPORATION; UNIROYAL, INC.; VIACOM, INC., individually and as parent, alter

13  ego, successor in interest and/or successor by merger to BF STURTEVANT; VIAD

14  CORPORATION, individually and as parent, alter ego and successor in interest and/or the

15  entity formerly known as THE DIAL CORPORATION, individually and as successor

16  in interest to GRISCOM-RUSSELL COMPANY; VIMASCO CORPORATION; WALDRON

17  DUFFY, INC.; WARREN PUMPS, INC.; WESCO INTERNATIONAL, INC., individually

18  and as successor in interest to WESCO DISTRIBUTION, INC.; WESTERN

19  MACARTHUR COMPANY, individually and as successor in interest to WESTERN ASBESTOS

20  COMPANY and BAY CITIES ASBESTOS; WORTH BROTHERS COMPANY; and DOES

21  41-500, inclusive;

22

23      Defendants.

24

25      Plaintiff DIANNA CALKINS, individually and as the Successor in Interest to the Estate of

26  EARNEST CALKINS, DENISE CAMPBELL and DOES 1-40 complain of all defendants

27  ("Defendants"), and each of them, and allege:

28    **GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

    1.    (a)    Plaintiffs are the legal heir of EARNEST CALKINS, deceased

---

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1    ("Decedent").  Decedent died from asbestos related lung cancer on January 1, 2008.  The name o:

2    each plaintiff and the relationship to Decedent is as follows:

3

| Name | Relationship |
|------|--------------|
| DIANNA CALKINS | Surviving Spouse |
| DENISE CAMPBELL | Daughter |

7

8         (b)    Plaintiff DIANNA CALKINS brings this action on her own behalf and as

9 Successor in Interest to the Estate of EARNEST CALKINS. Denise Campbell brings this action on her own behalf.

10         (c)    Plaintiffs Dianna Calkins and Denise Campbell are ignorant of the true

11 names and capacities of plaintiffs named herein as DOES 1 through 40, inclusive, and therefore

12 name these plaintiffs by such fictitious names.  Plaintiffs will amend this complaint to allege their

13 true names and capacities when ascertained.

14       2.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

15 DOES 41 through 500, inclusive, and therefore sue these Defendants by such fictitious names.

16 Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

17 Plaintiff are informed and believe and thereon alleges that each of said fictitiously named

18 Defendants are, through their negligence, intentional torts, and/or conduct giving rise to strict

19 liability, responsible or liable in some manner for the occurrences herein alleged, and that the

20 injuries herein alleged were the direct and legal result of said negligence, intentional torts, and/or

21 conduct giving rise to strict liability.

22       3.    At all times mentioned in this complaint, each of Defendants was the agent and

23 employee of each of the remaining Defendants, and by their actions as alleged in this complaint

24 each defendant was acting within the course and scope of this agency and employment, and each

25 defendant has ratified and approved the acts of the remaining Defendants.  The federal courts lack

26 subject matter jurisdiction over this action, as there is no federal question and incomplete diversity

27 of citizenship exists due to the presence of one or more California Defendants.  Removal is

28 improper.  Every claim arising under the constitution, treaties, or laws of the United States is

---

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1    expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or
2    of any officer of the U.S. or any agency or person acting under him occurring under color of such
3    office).  No claim of admiralty or maritime law is raised.  Plaintiff sues no foreign state or agency.
4    Venue is proper in Los Angeles County.

5         4.    ALLIED PACKING & SUPPLY, INC.; A.W. CHESTERTON COMPANY; ALFA
6    LAVAL, INC., individually and as parent, alter ego and successor in interest to SHARPLES, INC.,
7    ALFA-LAVAL SEPARATION, INC., and DELAVAL SEPARATOR COMPANY; ALLIS
8    CHALMERS PRODUCT LIABILITY TRUST; AMCHEM PRODUCTS, INC., individually and
9    as successor in interest to BENJAMIN FOSTER; AMERICAN BILTRITE, INC.; AMERICAN
10   STANDARD, INC.; AMETEK, INC., individually and as parent, alter ego and successor in interest
11   to HAVEG; ASBESTOS CORPORATION, LTD.; ATLAS VALVE COMPANY, INC.; BONDEX
12   INTERNATIONAL; BROWN & ROOT TECHNICAL SERVICES, INC., Individually and as
13   Successor-in-Interest to C.F. BRAUN, INC.; BUFFALO PUMPS, INC., individually and as parent,
14   alter ego, successor in interest and/or subsidiary of AMPCO-PITTSBURGH CORPORATION
15   and/or BUFFALO FORGE COMPANY; CBS CORPORATION individually and as parent, alter
16   ago, and/or successor in interest to WESTINGHOUSE ELECTRIC CORPORATION, B.F.
17   STURTEVANT CO., and WESCO CORPORATION; CERTAINTEED CORPORATION;
18   CLEAVER-BROOKS, INC.; COLTEC INDUSTRIES, INC., individually and as parent, alter ego
19   and successor in interest to COLT MANUFACTURING COMPANY; COLTEC INDUSTRIES,
20   INC., individually and as parent, alter ego and successor in interest to FAIRBANKS MORSE
21   ENGINES; COMBUSTION ENGINEERING; COOPER INDUSTRIES, INC., individually and as
22   parent, alter ego and successor in interest to COOPER BESSEMER; CRANE COMPANY,
23   individually and as parent, alter ego and successor in interest to CHAPMAN VALVE COMPANY,
24   COCHRANE CORPORATION, and/or CHEMPUMP; CROWN CORK & SEAL (USA),
25   individually and as successor in interest to MUNDET CORK CORPORATION; DIAL
26   CORPORATION, individually and as parent, alter ego and successor in interest to GRISCOM
27   RUSSELL SCHACK COMPANY, INC.; DUREZ CORPORATION, individually and as parent,
28   alter ego and successor in interest to DUREZ PLASTICS & CHEMICAL; ELLIOTT

7

1   TURBOMACHINERY COMPANY, INC.; ENPRO ENGINEERED PRODUCTS, INC.,

2   individually and as a parent, alter ego and successor in interest to FAIRBANKS MORSE ENGIN

3   ENPRO INDUSTRIES, individually and as parent, alter ego and successor in interest to

4   FAIRBANKS MORSE ENGINE; FAIRBANKS MORSE PUMP CORPORATION, individually

5   and as parent, alter ego and successor in interest to FAIRBANKS MORSE ENGINE; FIATALLIS

6   NORTH AMERICA, INC., individually and as parent, alter ego and successor in interest to

7   ALLIS-CHALMERS CORPORATION; FLOWSERVE MANAGEMENT COMPANY,

8   individually and as parent, alter ego and successor in interest to HENRY VOGT MACHINE

9   COMPANY, BABCOCK POWER INC., COMPANY and/OR PACIFIC PUMPS, INC.;

10  FLOWSERVE US INC., individually and as parent, alter ego and successor in interest to BYRON

11  JACKSON and SIER BATH GEAR & PUMP COMPANY; FLUOR CORPORATION; FMC

12  CORPORATION, individually and as parent, alter ego and successor in interest to ALLIS

13  CHALMERS and/or NORTHERN PUMP COMPANY; FOSTER WHEELER LLC, individually

14  and as parent, alter ego and successor by merger and/or in interest to FOSTER WHEELER

15  BOILER CORPORATION, FOSTER WHEELER CORPORATION, FOSTER WHEELER

16  ENERGY CORPORATION and/OR FOSTER WHEELER USA CORPORATION; GARLOCK

17  SEALING TECHNOLOGIES LLC, individually and as parent, alter ego and/or successor in

18  interest to GARLOCK, INC., and/or FAIRBANKS MORSE ENGINES, and as successor in

19  interest to COLTEC INDUSTRIES; GENERAL DYNAMICS CORPORATION, Individually and

20  as Successor-in-Interest to ASBESTOS CORPORATION, LTD.; GENERAL ELECTRIC

21  COMPANY; GEORGIA-PACIFIC CORPORATION; GOODYEAR TIRE & RUBBER

22  COMPANY; GOULDS PUMPS (ipb), INC.; GRAYBAR ELECTRIC, INC.; HANSON

23  PERMANENTE CEMENT, INC., formerly known as KAISER CEMENT CORPORATION;

24  HILL BROTHERS CHEMICAL CORPORATION; HOPEMAN BROTHERS, INC.; IMO

25  INDUSTRIES, INC., parent, alter ego, successor in interest and/or formerly known as IMO

26  DELAVAL INC.; IMO INDUSTRIES, INC., parent, alter ego, successor in interest and/or

27  formerly known as WORTHINGTON TURBINE, INC., IMO DELAVAL INC., DELAVAL

28  TURBINES, DELAVAL PUMPS, TRANSAMERICA DELAVAL, IMO DELAVAL,

---

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

8

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

1   ENTERPRISE ENGINE & FOUNDRY COMPANY, and/or WORTHINGTON TURBINE, II

2   INGERSOLL-RAND COMPANY, individually and as parent, alter ego and successor in intere

3   DRESSER-RAND, TERRY TURBINES, WORTHINGTON PUMP INC., formerly known as

4   WORTHINGTON PUMP AND MACHINERY CORPORATION, and/or formerly doing busin

5   as WORTHINGTON PUMP INC., formerly known as WORTHINGTON PUMP AND

6   MACHINERY CORPORATION; INTERNATIONAL PAPER, individually and as parent, alter

7   ego and successor in interest to CHAMPION PAPER CORPORATION AND U.S. PLYWOOD,

8   INC.; ITT INDUSTRIES, INC., individually and as parent, alter ego and successor in interest to

9   GOULDS PUMPS, INC.; J.T. THORPE & SON, INC.; KAISER GYPSUM CO., INC.; KENTILl

10  CORPORATION; KENTILE FLOORS, INC.; LESLIE CONTROLS, INC.; MASTER PUMPS &

11  EQUIPMENT CORPORATION; MCNALLY INDUSTRIES, INC., individually and as parent,

12  alter ego and successor in interest to FMC CORPORATION; METALCLAD INSULATION

13  CORPORATION, individually and as successor in interest to NORCAL INSULATION; OWENS-

14  ILLINOIS CORPORATION; PARKER HANNAFIN CORPORATION, individually and as

15  parent, alter ego and successor in interest to SACOMO SIERRA and/or DENNISON

16  ENGINEERING; PEERLESS PUMP COMPANY, INC.; PLANT INSULATION COMPANY,

17  individually and as parent, alter ego and/or successor in interest to PLANT ASBESTOS

18  COMPANY; PLASTICS ENGINEERING COMPANY, individually and as parent, alter ego, and

19  successor in interest to PLENCO CORPORATION; POWER ENGINEERING & MECHANICAL

20  CORPORATION; REICHOLD, INC.; RILEY POWER, INC. individually and as parent, alter ego,

21  and/or as successor to RILEY STOKER CORPORATION; QUINTEC INDUSTRIES, INC.,

22  individually and as the parent, alter ego, successor by merger and/or in interest or otherwise liable

23  for the acts or omissions of WESTERN FIBERGLAS SUPPLY COMPANY, WESTERN

24  FIBROUS GLASS PRODUCTS COMPANY and/or WESGLAS INC.; RAPID AMERICAN

25  CORP., as parent, alter ego and successor in interest to CAREY CANADA, INC.; SB DECKING,

26  INC. formerly known as SELBY, BATTERSBY & COMPANY; RAPID AMERICAN CORP.,

27  individually and as parent, alter ego and successor in interest to PHILIP CAREY

28  MANUFACTURING CORP, as successor in interest to PANACON CORP.; RAPID AMERICAN

1   CORPORATION, as parent, alter ego and successor in interest to PHILIP CAREY CORP.;

2   RHEEM MANUFACTURING COMPANY, individually and as parent, alter ego, successor-in-

3   interest and as the entity formerly known as RUUD MANUFACTURING COMPANY, successo

4   in-interest and as the entity formerly known as RUUD BOILERS; SEPCO CORPORATION;

5   SEQUOIA VENTURES, INC., as Successor-in-Interest to THE BECHTEL CORPORATION;

6   SOCO WEST CORPORATION, successor-in-interest to WESTERN CHEMICAL &

7   MANUFACTURING COMPANY and A.J. LYNCH & CO.; STERLING FLUID SYSTEMS

8   (U.S.A.), INC., individually and as parent, alter ego, successor in interest and fka PEERLESS

9   PUMPS; SULZER PUMPS (US INC.) formerly known as SULZER BINGHAM PUMPS, INC.;

10  TARKETT, INC., individually and as parent, alter ego and successor in interest to DOMCO and

11  AZROCK FLOORING; TERRY CORPORATION OF CONNECTICUT individually and as

12  parent, alter ego and/or successor-in-interest to TERRY STEAM TURBINES; T.H.

13  AGRICULTURE & NUTRITION, LLC, individually and as parent, alter ego and successor in

14  interest to THOMPSON HAYWARD CHEMICAL COMPANY, INC.; THOMAS DEE

15  ENGINEERING COMPANY, INC.; TRIPLE A MACHINE SHOP, INC.; TUTHILL

16  CORPORATION; UNION CARBIDE CORPORATION; UNIROYAL, INC.; VIACOM, INC.,

17  individually and as parent, alter ego, successor in interest and/or successor by merger to BF

18  STURTEVANT; VIAD CORPORATION, individually and as parent, alter ego and successor in

19  interest and/or the entity formerly known as THE DIAL CORPORATION, individually and as

20  successor in interest to GRISCOM-RUSSELL COMPANY; VIMASCO CORPORATION;

21  WALDRON DUFFY, INC.; WARREN PUMPS, INC.; WESCO INTERNATIONAL, INC.,

22  individually and as successor in interest to WESCO DISTRIBUTION, INC.; WESTERN

23  MACARTHUR COMPANY, individually and as successor in interest to WESTERN ASBESTOS

24  COMPANY and BAY CITIES ASBESTOS; WORTH BROTHERS COMPANY; and DOES 1-

25  500, inclusive, are at all times herein mentioned, and were corporations or other business entities

26  organized and existing under the laws of the state of California and/or qualified to do business in

27  this State.

28      5.      At all times mentioned herein Defendants, and each of them, were engaged in the

---

1  business of mining, milling, manufacturing, testing, developing, processing, importing, converti
2  compounding, assembling, fabricating, modifying, designing, specifying, approving, supplying,
3  distributing, delivering, packaging, labeling, advertising, marketing, warranting, applying,
4  installing, and inspecting asbestos, and products produced therefrom, for sale to and use by
5  members of the general public, as well as for sale to and use by other parties to manufacture,
6  assemble, supply, distribute, label, apply and install products made therefrom, or both.

7      6.      Defendants, and each of them, acting through their agents, servants and/or
8  employees, cause, and have caused in the past, certain asbestos-containing products and asbestos-
9  related insulation, refractory materials, fireproofing, electrical, switching, office equipment,
10  Bakelite, gasket and packing materials, bulkhead insulation, decking materials, rope, cloth, tile
11  flooring, boiler and turbine covers, and building materials to be placed on the market and in the
12  stream of interstate commerce with the result that said products and materials came into use by
13  Decedent and those working in close proximity to Decedent at relevant times herein.

14      7.      Decedent was exposed to asbestos during the course of his life in the manner and
15  during the time periods set forth below:

| Job Title | Employer | Site | Years |
|---|---|---|---|
| PIPEFITTER WELDER | UNITED STATES NAVY | USS PRAIRIE AD-15<br>Service included numerous locations in Southern California. | 1958 to 1966 |
| PIPEFITTER WELDER | UNITED STATES NAVY, Civil Division | Shipyards and numerous locations in Southern California | 1966-1979 |

21      Throughout his adult life, and possibly earlier, Decedent also performed home repair and
22  remodel work at numerous locations.

23      8.      During the course and scope of his employment, Decedent continually worked with
24  and in close proximity to others who were working with asbestos and asbestos-containing products.
25  He routinely and regularly worked in close proximity to asbestos and asbestos-containing products,
26  and was continually exposed to asbestos fibers which were released from asbestos and asbestos-
27  containing products which were mined, milled, manufactured, processed, imported, converted,
28  compounded, applied, installed, designed, specified, inspected, approved, supplied, distributed and

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

11

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1   sold by Defendants, and each of them.

2       9.    Decedent's exposure to asbestos was the direct and legal cause of his development

3   of the asbestos-related lung cancer and other illnesses and disabilities whose relationship to

4   asbestos is as yet unknown to Plaintiffs herein, from which Decedent died.

5   ## FIRST CAUSE OF ACTION

6

7   ### (Negligence)

   FOR A FIRST CAUSE OF ACTION, Plaintiffs complain of Defendants, and each of them,

8   and allege:

9       10.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

10   fully set forth herein, each and every allegation contained in the General Allegations herein.

11       11.    At all times relevant herein, Defendants and each of them, owed a duty of due care

12   which required them to exercise ordinary care to protect against an unreasonable risk of harm. This

13   duty was owed to Decedent and Plaintiffs.

14       12.    Decedent's development of mesothelioma and related conditions was the direct and

15   legal result of the conduct of Defendants, and each of them, in that they negligently and carelessly

16   researched, tested or failed to test, manufactured, designed, specified, developed, labeled,

17   advertised, marketed, warranted, inspected, fabricated, modified, applied, installed, distributed and

18   supplied asbestos and asbestos-containing products. Defendants, and each of them, without any

19   adequate warning to the consumer or user, produced, sold, and otherwise put into the stream of

20   interstate commerce the foregoing materials which said Defendants and each of them knew, or in

21   the exercise of ordinary care should have known, were deleterious, poisonous and highly harmful

22   to Decedent's body, lungs, respiratory system, skin and health.  Further, Defendants and each of

23   them knew, or through the exercise of ordinary care should have known, that exposure to asbestos

24   is, and at all times relevant herein has been, associated with terminal and incurable diseases which

25   have caused and continue to cause death.

26       13.    During the time period when Decedent was exposed to asbestos in the manner

27   described above, he had no knowledge that said exposure placed him at risk for developing the

28   diseases described herein and therefore had no opportunity, nor can he be charged with a duty or

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

12

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

1 breach of duty, to protect himself against said harmful asbestos exposure. Plaintiffs had no
2 knowledge that the alleged conduct, misconduct and culpability of Defendants, and each of them,
3 were actionable at law when they were committed and cannot be charged with knowledge or
4 inquiry thereof.

5      14.    The mesothelioma and related conditions that afflicted Decedent developed at a
6 microscopic and undetectable level over an extended period of time, without noticeable trauma, and
7 was therefore unknown and unknowable to Decedent until his physicians diagnosed him with
8 mesothelioma and related conditions within the pertinent statute of limitations. Prior to his
9 diagnosis, Decedent did not know, nor through the exercise of reasonable diligence could he have
10 known, that his disease and related conditions were caused by his exposure to Defendants' asbestos
11 and asbestos-containing products.

12      15.    As a direct and legal result of the conduct of Defendants, and each of them,
13 Decedent developed a disease known and designated as mesothelioma and related conditions, from
14 which he died.

15      16.    And as a further direct and legal result it was necessary for Decedent to retain the
16 services of physicians, hospitals, hospice, and other health care professionals to diagnose, treat, and
17 provide palliative care for Decedent from when he first experienced symptoms related to his
18 asbestos-caused conditions until the end of his life. Plaintiffs do not yet know the full extent of
19 treatment rendered to Decedent nor the reasonable value of medical services rendered to Decedent
20 herein and therefore requests leave to amend this complaint when that sum is determined.

21      17.    As a direct and legal result of the conduct of Defendants, and each of them, and of
22 Decedent's diagnosis of, and death from, mesothelioma and related conditions, Decedent was
23 unable to follow his normal or any gainful occupation for certain periods of time preceding his
24 diagnosis and until Decedent's death. Plaintiffs and Decedent incurred, and will incur, loss of
25 income, wages, pensions, earning potential, profits and commissions, and other pecuniary losses.
26 Plaintiffs do not know the amount of said past losses and therefore request leave to amend this
27 complaint when that sum is determined.

28      18.    As a further, direct and proximate result of the conduct of Defendants, and each of

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1  them, Plaintiffs buried Decedent and incurred damages for consequential costs of Decedent's
2  funeral, burial, and related expenses in a sum to be subsequently determined.

3      19.      As a further direct and legal result of the conduct of Defendants, and each of them,
4  Plaintiffs sustained the loss of Decedent's love, companionship, comfort, care, assistance,
5  protection, affection, society, support, teaching and tutelage, all to Plaintiffs' damage in an amount
6  of at least $50,000.

7      20.      Since 1924, Defendants, and each of them, knew or should have known of medical
8  and scientific data and other knowledge which clearly indicated that the materials and products
9  referred to herein were and are hazardous to the health and safety of the Decedent, and others in
10  Decedent's position working in close proximity with such materials.  The Defendants, and each of
11  them, knew or should have known of the dangerous propensities of the aforementioned materials
12  and products since before that time.

13      21.      Although Defendants knew or should have known of the aforementioned
14  information, Defendants, and each of them, negligently, carelessly, and recklessly failed to label
15  any of the aforementioned asbestos-containing materials and products, including those with which
16  and around which Decedent worked such as thermal insulation materials specified for or on/in
17  boilers, regarding the hazards of such materials and products to the health and safety of Decedent
18  and others in Decedent's position working in close proximity with such materials throughout
19  Decedent's working career, and throughout Decedent's non-occupational exposure history.

20      22.      Commencing in 1964, many of such asbestos-containing materials were not labeled
21  as hazardous by all of Defendants herein, despite the fact that the knowledge of such hazards
22  existed and that Defendants, and each of them, knew or should have known of such hazards since
23  1924.  At all times herein mentioned, Defendants, and each of them, negligently, carelessly, and
24  recklessly:

25          (a)      failed to provide information relating to the danger of the use of the
26  aforementioned materials to Decedent and others in Decedent's position and the general public
27  concerning the dangerous nature of the aforementioned materials to workers;
28

14

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.                                    COMPLAINT FOR DAMAGES (WRONGFUL
                                                               DEATH)

1    (b)    failed to disseminate such information in a manner which would give general

2    notice to the public and knowledge of the hazardous nature thereof, when Defendants were bound

3    to disclose such information;

4    (c)    sold the aforementioned products and materials to Decedent's employer(s)

5    and others without advising such employers and others of dangers of the use of such materials to

6    persons working in close proximity thereto, when Defendants knew or should have known of such

7    dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers;

8    (d)    negligently, carelessly and recklessly misrepresented to Decedent, others in

9    Decedent's position, and Decedent's employer that it was safe for Decedent to work in close

10    proximity to such materials, when they knew that this was not the case; and

11    (e)    negligently, carelessly and recklessly failed to disclose to Decedent, others in

12    Decedent's position, Decedent's employer, and members of the general public, medical and

13    scientific data and knowledge of the results of studies including, but not limited to, the information

14    and knowledge of the contents of the Lanza report.

15    23.    Defendants, and each of them, knew or should have known of the connection

16    between inhalation of asbestos fibers and mesothelioma, lung cancer, asbestosis, pleural plaques,

17    and related conditions which information was disseminated through the Asbestos Textile Institute

18    and other industry organizations to all other Defendants, and each of them, herein.

19    24.    At all times mentioned herein, Defendants, and each of them, knew or should have

20    known of the connection between inhalation of asbestos fibers and cancer, which information

21    disseminated through the Asbestos Textile Institute and other industry organizations to all other

22    Defendants herein.

23    25.    Defendants, and each of them, negligently, carelessly and recklessly failed to

24    provide the above described medical and scientific data to Decedent, others in Decedent's position,

25    Decedent's employer(s), and members of the general public concerning such knowledge of danger,

26    when Defendants were bound to disclose it;

27    26.    Defendants, and each of them, knew or should have known that said asbestos-

28    containing materials were dangerous when breathed and caused pathological effects without

1   noticeable trauma, and that such material was dangerous and a threat to the health of persons
2   coming into contact therewith. Defendants, and each of them negligently, carelessly and recklessly
3   did not warn Decedent, other's in Decedent's position, Decedent's employer(s) and the general
4   public of this information.

5       27.   Defendants, and each of them, knew or should have known that adequate protective
6   masks and devices should be used by workers such as Decedent when applying and installing the
7   asbestos-containing products of Defendants.  Defendants, and each of them, knew or should have
8   known that not wearing an adequate protective mask and/or device would result in injury to the
9   Decedent and others applying, installing, and removing such materials.  Defendants, and each of
10  them, negligently, carelessly and recklessly do not inform workers such as Decedent, and others
11  applying, installing, and removing such materials of the aforementioned information.

12      28.   Defendants, and each of them, knew or should have known that Decedent and
13  anyone similarly situated in an industrial and construction setting would be exposed to Defendants'
14  asbestos-containing products, and that, upon inhalation of asbestos such persons would, in time,
15  develop irreversible conditions of either mesothelioma, pneumoconiosis, asbestosis or cancer, or
16  all.  Defendants, and each of them, negligently, carelessly and recklessly failed to provide
17  information to the public at large and buyers, users, and physicians employed by Decedent and
18  Decedent's employer for the purpose of conducting physical examinations of Decedent and others
19  working with or near asbestos that exposure to these materials would cause pathological effects
20  without noticeable trauma.

21      29.   The foregoing acts of Defendants, and each of them, and the negligent, careless and
22  reckless conduct of Defendants, and each of them, as described hereinabove, and were done
23  recklessly, wantonly, willfully, oppressively, and in conscious disregard of the safety of Decedent
24  herein, in that:

25      (a)   Defendants, and each of them, prior to and at the time of sale, distribution or
26  supply of the aforementioned products to Decedent s employer or to others who in turn sold to
27  Decedent's employers, and to other persons relevant herein, knew or should have known that the
28

16

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.                                    COMPLAINT FOR DAMAGES (WRONGFUL
                                                                        DEATH)

1  foregoing asbestos fibers released from said products during the foreseeable operations of applying,

2  installing, and removing same, were dangerous when inhaled.

3          (b)    Defendants, and each of them, knew or should have known of the hazards

4  and dangers of working with or around asbestos products produced or supplied by Defendants, and

5  each of them. Defendants, and each of them, knew or should have known that said products would

6  be used by Decedent and others who had no knowledge of the dangerous and hazardous nature

7  thereof.

8          (c)    Defendants, and each of them, either did not warn or insufficiently warned

9  regarding the dangerous nature of said products.  Defendants, and each of them, did not place a

10  sufficient warning on the said product or package thereof regarding said dangerous nature.

11  Accordingly, Plaintiffs are entitled to an award of punitive damages.

12      WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

13  ## SECOND CAUSE OF ACTION

14  ### (Strict Products Liability)

15      AS AND FOR A SECOND CAUSE OF ACTION, Plaintiffs complain of Defendants, and

16  each of them, and allege:

17      30.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

18  fully set forth herein, each and every allegation contained in the General Allegations and the First

19  Cause of Action herein, except allegations pertaining to negligence.

20      31.    At all times mentioned herein Defendants, and each of them, during the ordinary

21  course of business, mined, milled, manufactured, imported, supplied, distributed, delivered,

22  packaged, labeled, advertised, sold, marketed, distributed, delivered, installed, applied and

23  otherwise introduced into the stream of commerce asbestos and asbestos-containing products which

24  were defective due to their design, manufacture, insufficiency or lack of warning, and/or failure to

25  meet ordinary use or consumer expectations of safety when used in an intended or reasonably

26  foreseeable manner.

27      32.    The asbestos and asbestos-containing products were defective when Defendants, and

28  each of them, marketed and introduced them into the stream of commerce.  Defendants, and each of

17

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1  them, knew that the aforementioned products would be used without inspection for defects by the

2  user thereof.

3      33.    At all times herein mentioned Decedent, Decedent's employer, and other persons

4  relevant herein, purchased from Defendants, and each of them, asbestos and asbestos-containing

5  products.

6      34.    *Defective Design*: The products were defectively designed in that:

7          (a)    The products failed to perform as safely as an ordinary consumer would

8  expect in their intended or reasonably foreseeable use or manner of operation, or,

9          (b)    The products had inherent risks of danger that outweighed their benefits;

10  alternate and safer substitute products existed and the state-of-the-art required their use given the

11  seriousness of the potential danger, likelihood of its occurrence, feasibility, cost and adverse

12  consequences to the product and to the consumer of a safer alternative design.

13      35.    *Failure to Warn*: Defendants knew or reasonably should have known of the

14  dangerous propensities of their products but nonetheless distributed and marketed their products

15  with inadequate warning of its dangers.

16      36.    Each of Defendants' products reached Decedent without substantial change in its

17  condition.

18      37.    The aforementioned products were used by Decedent and those in close proximity to

19  Decedent in a foreseeable manner, and in the manner for which they were intended. Defendants'

20  products were used in a manner reasonably foreseeable by Defendants, which Defendants intended

21  or knew they would be used, or for which they marketed them or knew they were marketed to be

22  used.

23      38.    At all times mentioned herein, Plaintiffs and Decedent were unaware of the

24  dangerous nature of the aforementioned products.

25      39.    The defective design of Defendants' products and failure to warn were the

26  proximate causes of Decedent's injuries and death.

27      40.    As a direct and legal result of the conduct of Defendants, and each of them,

28  Decedent developed an asbestos-related mesothelioma and related conditions and disabilities as

18

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

1 | previously set forth, from which he died.

2 |     41.    The aforementioned products were used by Decedent and those in close proximity to

3 | Decedent in a foreseeable manner, and in the manner for which they were intended.

4 |     42.    (a)    Defendants, and each of them, knew that Defendants' asbestos-containing

5 | products would be used by Decedent and anyone similarly situated in an industrial and construction

6 | setting without inspection for defects.

7 |     (b)    Defendants, and each of them, knew that such persons would be exposed to

8 | Defendants' asbestos-containing products

9 |     (c)    Defendants, and each of them, knew that, upon inhalation of asbestos from

10 | defendant's asbestos-containing products, such persons would, in time, develop irreversible

11 | conditions of either mesothelioma, pneumoconiosis, asbestosis or cancer, or all.

12 |     (d)    At the time Defendants, and each of them, placed such asbestos-containing

13 | products in to the stream of commerce, Defendants and each of them knew or should have known

14 | of the risks and hazards associated with the use and/or exposure of its products.

15 |     (e)    At the time Defendants, and each of them, placed such asbestos-containing

16 | products in to the stream of commerce, and subsequent thereto, Defendants, and each of them

17 | failed to warn or provided inadequate warnings to persons who used or would be exposed to its

18 | defective asbestos-containing products, including Decedent, of the dangers and hazards associated

19 | with its products.

20 |     (f)    At the time Defendants, and each of them, placed such asbestos-containing

21 | products in to the stream of commerce, and subsequent thereto, Defendants, and each of them

22 | failed to provide instructions or provided inadequate instructions to persons who used its defective

23 | asbestos-containing products, or who would be exposed to said products, including Decedent, of

24 | the dangers and hazards associated with its products.

25 |     (g)    Defendants, and each of them, prior to and at the time of placing the

26 | aforementioned products in to the stream of commerce, including but not limited to supplying said

27 | products to Decedent's employer or to others who in turn sold to Decedent's employers, and to

28 | other persons relevant herein, knew that the asbestos which Decedent and others around him were

19

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

1  exposed to was dangerous. Defendants, and each of them, either did not warn or insufficiently
2  warned regarding the dangerous nature of said products, and failed to place a sufficient warning on
3  the said product or package thereof regarding said dangerous nature, despite knowing that said
4  products would be used by Decedent and others around him who had no knowledge of the
5  dangerous and hazardous nature thereof.

6       43.    The conduct of Defendants, and each of them, was motivated by their financial
7  interests. In this financial pursuit, Defendants consciously disregarded the safety of users, and
8  persons exposed to their products, and were consciously willing to permit their products and
9  premises to injure workers and others, including Decedent in order to maximize profits. They
10  consciously disregarded the well-publicized risks of asbestos exposure because to have kept
11  consumers and end users like Decedent safe would have required said Defendants to make less
12  money or limit distribution of their products. Defendants, and each of them, either did not warn or
13  insufficiently warned regarding the dangerous nature of said products, nor placed a sufficient
14  warning on the said product or package thereof regarding said dangerous nature, despite knowing
15  that said products would be used by Decedent and others around him who had no knowledge of the
16  dangerous and hazardous nature thereof. Defendants' conduct as described herein was and is
17  willful, malicious, outrageous, and in conscious disregard and indifferent to the safety and health of
18  workers and others exposed to asbestos, including Decedent, and therefore Plaintiffs are entitled to
19  an award of punitive damages.

20      WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

21  ### THIRD CAUSE OF ACTION

22  ### (Failure to Warn)

23      AS AND FOR A THIRD CAUSE OF ACTION, Plaintiffs complain of Defendants, and
24  each of them, and allege:

25      44.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though
26  fully set forth herein, each and every allegation contained in the General Allegations and the First
27  and Second Causes of Action herein, except allegations pertaining to negligence and design and
28  manufacturing defect.

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.                                                   COMPLAINT FOR DAMAGES (WRONGFUL
                                                                                                DEATH)

45.     At all relevant times, the asbestos and asbestos-containing products which were mined, milled, manufactured, tested, developed, processed, imported, converted, compounded assembled, fabricated, modified, designed, specified, approved, sold, supplied, distributed, delivered, packaged, labeled, advertised, marketed, warranted, applied, installed, and inspected by Defendants, and each of them, were defective as a result of Defendants' failure to warn or give adequate warning that the particular risk of developing an asbestos-related disease, and risk of death from an asbestos-related disease resulting from exposure to asbestos, rendered the product unsafe for its intended or reasonably foreseeable use.

46.     At all relevant times, Defendants and each of them had specific knowledge of these risks or could have known of these risks by the application of scientific knowledge available at the time of mining, manufacturing, selling, supplying, distributing, marketing, specifying, approving, inspecting, applying and installing the asbestos and asbestos-containing products.

47.     As a direct and legal result of the conduct of Defendants, and each of them, Decedent developed an asbestos-related mesothelioma and related conditions and disabilities as previously set forth, and incurred damages in excess of $50,000.00 in addition to the special damages alleged herein.

WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Breach of Warranties)

AS AND FOR A FOURTH CAUSE OF ACTION, Plaintiffs complain of Defendants, and each of them, and allege:

48.     Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though fully set forth herein, each and every allegation contained in the General Allegations and the First Cause of Action herein, except allegations pertaining to negligence.

49.     Defendants, and each of them, sold, supplied, delivered or otherwise distributed to Decedent, or to another purchaser or user who subsequently sold, supplied, delivered or otherwise distributed to Decedent, or to others working in close proximity to Decedent, the above-described asbestos and asbestos-containing products to which Decedent was exposed.

21

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.                                         COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1    50.    Defendants, and each of them, knew the intended purpose of the asbestos and
2  asbestos-containing products prior to marketing said products, and knew or should have known that
3  dangerous levels of asbestos fiber would be released during the process of applying, installing and
4  removing these products.

5    51.    Defendants, and each of them, placed said asbestos and asbestos-containing
6  products on the market without any warning, or with an inadequate warning, and by so doing
7  impliedly warranted that said products were of good and merchantable quality and fit for their
8  intended purpose.

9    52.    Defendants, and each of them, impliedly warranted that their products were of
10 merchantable quality and safe, fit and proper for the uses which Defendants knew or intended were
11 to be made of them at the time of selling them.

12   53.    Decedent reasonably relied on the skill, knowledge and judgment of Defendants,
13 and each of them, in Decedent's use of the products as a basis of the bargain under which such
14 products were bought and used.

15   54.    The products were neither safe for their intended use nor of merchantable quality or
16 fit for use as warranted by Defendants, and each of them, in that said products had dangerous
17 propensities when put to the use for which each of these Defendants knew or intended they were
18 marketed or sold, and would cause severe injury to users or bystanders, such as Decedent.

19   55.    Defendants, and each of them, breached the implied warranties of merchantability
20 and fitness for an intended purpose by marketing asbestos and asbestos-containing products
21 without a warning, or with an inadequate warning, advising Decedent and others working in close
22 proximity to Decedent that dangerous levels of asbestos fiber would be released during the process
23 of applying, installing and removing said products.

24   56.    As a direct and legal result of the conduct of Defendants, and each of them,
25 Decedent developed an asbestos-related disease known and designated as asbestos related
26 mesothelioma, from which he died.  Plaintiffs have incurred damages in excess of $50,000.00 in
27 addition to the special damages alleged herein.

28   WHEREFORE, Plaintiffs pray judgment as is hereinafter set forth.

22

# FIFTH CAUSE OF ACTION

## (Fraud and Conspiracy)

AS AND FOR A FIFTH CAUSE OF ACTION, Plaintiffs complain of Defendants, and each of them, and allege:

57. Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though fully set forth herein, each and every allegation contained in the First through Fourth Causes of Action herein.

58. Pursuant to Section 1708 of the Civil Code of California, Defendants and each of them, owed a duty to Decedent at all times relevant herein to abstain from injuring the Decedent or infringing upon any of his rights.

59. Defendants, and each of them, breached the duty they owed to Decedent and Plaintiffs pursuant to Section 1708 of the Civil Code of California by willfully deceiving him with the intent to induce him to alter his position to his injury or risk. Defendants, and each of them, deceived the Decedent and committed actionable fraud pursuant to Section 1709 and Section 1710 of the Civil Code of California.

60. Defendants, and each of them, as more fully set forth below, suggested as fact that which was not true, and that which Defendants, and each of them, did not believe was true.

61. Defendants, and each of them, as more fully set forth below, asserted as fact that which was not true, and that which Defendants, and each of them, had no reasonable grounds for believing was true.

62. Defendants, and each of them, as more fully set forth below, suppressed facts which they were obligated to disclose, and gave information of other facts which were likely to mislead for want of communication of the undisclosed facts.

63. Defendants, and each of them, made promises without any intention of keeping those promises.

64. Since 1924, Defendants, and each of them, have known and have possessed the true facts of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of the Decedent,

23

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1  and others in Plaintiffs' position working in close proximity with such materials. The Defendants,

2  and each of them, have known of the dangerous propensities of the aforementioned materials and

3  products since before that time, and with intent to deceive Decedent, and others in his position, and

4  with intent that he and such others should be and remain ignorant of such facts, and with intent to

5  induce Decedent and such others to alter his and their positions to his and their injury and/or risk

6  and in order to gain advantages did do the following acts:

7          (a)     Defendants, and each of them, did not label any of the aforementioned

8  asbestos-containing materials and products regarding the hazards of such materials and products to

9  the health and safety of Decedent and others in Decedent's position working in close proximity

10  with such materials until 1964, when certain of such materials were labeled by some, but not all, of

11  Defendants herein, despite the fact that the knowledge of such hazards existed and was known to

12  Defendants, and each of them, since 1924. By not labeling such materials as to their said hazards,

13  Defendants, and each of them, caused to be suggested as a fact to Decedent and Decedent's

14  employer that it was safe for Decedent to work in close proximity to such materials when in fact it

15  was not true and Defendants did not believe it to be true;

16          (b)     Defendants, and each of them, suppressed information relating to the danger

17  of the use of the aforementioned materials by requesting the suppression of information to the

18  Decedent and the general public concerning the dangerous nature of the aforementioned materials

19  to workers and by not allowing such information to be disseminated in a manner which would give

20  general notice to the public and knowledge of the hazardous nature thereof, when Defendants were

21  bound to disclose such information;

22          (c)     Defendants, and each of them, sold the aforementioned products and

23  materials Decedent's employer and others without advising such employers and others of dangers

24  of the use of such materials to persons working in close proximity thereto, when Defendants knew

25  of such dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers.

26  Thereby, Defendants caused to be positively asserted to Decedent's employer that which was not

27  true and which Defendants had no reasonable ground for believing to be true, and in a manner not

28  warranted by the information possessed by said Defendants, and each of them, to wit, that it was

24

1   safe for Decedent to work in close proximity to such materials;

2         (d)    Defendants, and each of them, suppressed and continue to suppress from

3   everyone, including Decedent and Decedent's employer, medical and scientific data and knowledge

4   of the results of studies including, but not limited to, the information and knowledge of the contents

5   of the Lanza report. Although bound to disclose it, Defendants, and each of them, influenced A. J.

6   Lanza to change his report, the altered version of which was published in Public Health Volume at

7   page I in 1935, thereby causing Decedent to be and remain ignorant thereof.  Defendants, and each

8   of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of

9   danger, thereby lessening the probability of notice of danger to the users thereof;

10        (e)    Defendants, and each of them, belonged to, participated in, and financially

11  supported the Asbestos Textile Institute and other industry organizations which, and on behalf of

12  Defendants, and each of them, actively promoted the suppression of information of danger to users

13  of the aforementioned products and materials, thereby misleading Decedent and Decedent's

14  employer by the suggestions and deceptions set forth above in this cause of action. The Dust

15  Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos

16  Textile Institute was specifically enjoined to study the subject of dust control.  Discussions in this

17  committee were held many times regarding the dangers inherent in asbestos and the dangers which

18  arise from the lack of control of dust, and the suppression of such information from 1946 to a date

19  unknown to Plaintiffs at this time;

20        (f)    Commencing in 1930 with the study of mine and mill workers at Asbestos

21  and Thetford Mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in

22  Manheim and Charleston, South Carolina, Defendants knew and possessed medical and scientific

23  information of the connection between inhalation of asbestos fibers and mesothelioma, lung cancer,

24  asbestosis, pleural plaques, and related conditions which information was disseminated through the

25  Asbestos Textile Institute and other industry organizations to all other Defendants, and each of

26  them, herein. Between 1942 and 1950, Defendants, and each of them, acquired medical and

27  scientific information of the connection between inhalation of asbestos fibers and cancer, which

28  information disseminated through the Asbestos Textile Institute and other industry organizations to

25

1   all other Defendants herein. Thereby, Defendants suggested as a fact that which is not true and

2   disseminated other facts likely to mislead Decedent and Decedent's employer and which did

3   mislead them by withholding afore described medical and scientific data and by not giving

4   Decedent or Decedent's employer the true facts concerning such knowledge of danger, when

5   Defendants were bound to disclose it;

6          (g)    Defendants, and each of them, failed to warn Decedent and Decedent's

7   employer that said materials were dangerous when breathed and caused pathological effects

8   without noticeable trauma, despite the fact that Defendants possessed knowledge and were under a

9   duty to disclose that such material was dangerous and a threat to the health of persons coming into

10   contact therewith;

11          (h)    Defendants, and each of them, failed to provide Decedent with information

12   concerning adequate protective masks and devices to be used when applying, installing, and the

13   products of Defendants, and each of them, despite the knowledge of Defendants and a duty to

14   disclose that such protective measures were necessary and would result in injury to the Decedent

15   and others applying and installing such materials if not so advised;

16          (i)    Defendants, and each of them, concealed from Decedent the true nature of

17   the industrial and construction exposure of Decedent, and knew that Decedent and anyone similarly

18   situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either

19   mesothelioma, pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was

20   exposed would cause pathological effects without noticeable trauma despite the fact that

21   Defendants were under a duty to and bound to disclose it; and

22          (j)    Defendants, and each of them, failed to provide information to the public at

23   large and buyers, users, and physicians employed by Decedent and Decedent's employer for the

24   purpose of conducting physical examinations of Decedent and others working with or near asbestos

25   of the true nature of the hazards of asbestos, and that exposure to these materials would cause

26   pathological effects without noticeable trauma to the public, including buyers, users, and

27   physicians employed by Decedent and Decedent's employer so that said physicians could examine,

28   diagnose and treat Decedent and others who were exposed to asbestos, despite the fact that

26

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1   Defendants, and each of them, were under a duty to so inform and said failure was misleading.

2       65.    Defendants, and each of them, having the aforementioned knowledge of facts and

3   knowing that the Decedent did not possess such knowledge, acted falsely and fraudulently and with

4   full intent to cause Decedent to remain unaware of those facts and to induce Decedent to work with

5   and around unsafe products in a dangerous environment, all in violation of Section 1710 of the

6   Civil Code of the State of California.

7       66.    At all times mentioned, Defendants, and each of them, knowingly and willfully

8   conspired and agreed among themselves to perpetrate upon Decedent the unlawful acts complained

9   of in the First and this Fifth Causes of Action.

10      67.    Defendants, and each of them, and at least one of them, did the acts herein alleged in

11  this Cause of Action in furtherance of the conspiracy and agreement as herein alleged, and also

12  acted in furtherance of a conspiracy and agreement between and among Defendants, and each of

13  them, to violate State and Federal laws and regulations, the exact nature and extent of which are

14  unknown at this time, but known full well to Defendants, and each of them.  These actions were

15  done maliciously, wantonly, and in reckless disregard for the health and safety of others, including

16  Decedent herein.

17      68.    Decedent reasonably relied upon the misrepresentations of Defendants, and each of

18  them, and in reliance on same continued to work with and around asbestos and asbestos-containing

19  products. Decedent would have taken steps to protect his health and life had he known the facts,

20  which were known to Defendants, and each of them, about exposure to asbestos and asbestos-

21  containing products. Decedent would not have knowingly continued to work in an unsafe

22  environment. He had no knowledge of the foregoing facts and actions of Defendants, and each of

23  them, at the time when they were committed, and cannot be charged with knowledge or inquiry

24  thereof.

25      69.    As a direct and legal result of the conduct of Defendants, and each of them,

26  Decedent developed an asbestos-related mesothelioma and related conditions and disabilities as

27  previously set forth, from which he died.  Plaintiffs have incurred damages in excess of $50,000.00

28  in addition to the special damages alleged.

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

WHEREFORE, Plaintiffs pray judgment as is hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (False Representation Under Restatement Torts Section 402-B)

AS AND FOR A SIXTH CAUSE OF ACTION, Plaintiffs complain of Defendants, and each of them, and allege:

70.    Plaintiffs incorporate by reference as though fully set forth herein, each and every allegation of the First, Second, Third, Fourth, and Fifth Causes of Actions herein.

71.    At the aforementioned time when Defendants, and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale and sold the said asbestos and asbestos-containing products, as hereinabove set forth, Defendants, and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and including Decedent herein and his employers, that asbestos and asbestos-containing products were of merchantable quality, and safe for the use for which they were intended.

72.    The purchasers and users of said asbestos and asbestos-containing products, including Decedent and his employers, relied upon said representations of Defendants and each of them, in the selection, purchase and use of asbestos and asbestos-containing products.

73.    Said representations by Defendants, and each of them, were false and untrue, in that the asbestos and asbestos-containing products were not safe for their intended use, nor were they of merchantable quality as represented by Defendants, and each of them, in that asbestos and asbestos containing products have very dangerous properties and defects whereby said products cause mesothelioma, lung cancer, asbestosis, pleural plaques, and other diseases, and have other defects that cause injury and damage to the users of said products, including the Decedent herein, thereby threatening the health and life of Decedent.

74.    As a direct and legal result of the conduct of Defendants, and each them Decedent developed an asbestos-related lung cancer and related conditions and disabilities as previously set forth, from which he died.  Prior to Decedent's death, Decedent had incurred damages in excess of

28

1  $50,000.00 in addition to the special damages alleged herein.

2        WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

3                    **SEVENTH CAUSE OF ACTION**

4                        **(Loss of Consortium)**

5        AS AND FOR AN EIGHTH CAUSE of action, plaintiff DIANNA CALKINS complains of

6  defendants, and each of them, as follows:

7        75.    Plaintiff, by her reference, hereby incorporates and makes a part thereof, as though

8  fully set forth herein, each and every allegation contained in each of the foregoing Causes of Action

9  herein.

10       76.    At the time that Decedent EARNEST CALKINS sustained injury as more fully

11 alleged in the First through Sixth Causes of Action, and at all times thereafter, plaintiff DIANNA

12 CALKINS was the wife of Decedent EARNEST CALKINS.

13       77.    Prior to said injuries, Decedent EARNEST CALKINS was able to and did perform

14 his duties as the husband of DIANNA CALKINS.  Plaintiff is informed and believes and thereon

15 alleges that subsequent to said injuries and as a proximate result thereof, Decedent EARNEST

16 CALKINS has been, and at some time in the future will be, incapacitated and unable to perform the

17 necessary duties as husband of plaintiff and the work and service usually performed in the care,

18 maintenance, and management of the family home.

19       78.    As a proximate result of said injuries, plaintiff DIANNA CALKINS has been and

20 will be deprived of consortium with Decedent EARNEST CALKINS, including the performance of

21 his husband's duties and on plaintiff's part will be required to perform the duties previously

22 performed by Decedent EARNEST CALKINS, all to plaintiff's damage in a sum which cannot be

23 ascertained at this time.  Plaintiff requests the right to amend this complaint to allege the amount of

24 said damages when they are ascertained.

25                    **EIGHTH CAUSE OF ACTION**

26                **(Survival Action and Punitive Damages)**

27       AS AND FOR AN EIGHTH CAUSE OF ACTION, Plaintiffs complain of Defendants, and

28 each of them, and allege as follows:

29

*Calkins, et al. v. Allied Packing & Supply, et al.*                    COMPLAINT FOR DAMAGES (WRONGFUL
Case No.                                                                                                      DEATH)

79.     Plaintiffs hereby incorporate each allegation contained in each and every paragraph of the General Allegations and the First through Seventh Causes of Action, inclusive, as though fully re-alleged in respect to this cause of action.

80.     Prior to his death, Decedent had a cause of action against Defendants herein for personal injuries arising from his exposure to asbestos. Subsequent to the arisal of this cause of action and within the pertinent statutes of limitation, Decedent who would have been the plaintiff in this action if he had lived, died.

81.     As a proximate result of the conduct of Defendants, and each of them, Decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

82.     As a further, direct and proximate result of the conduct of Defendants, and each of them, Decedent was prevented from attending to his usual occupation for a period of time and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

83.     As a further, direct and proximate result of the conduct of Defendants, and each of them, Plaintiffs buried Decedent and incurred damages for consequential costs of Decedent's funeral and burial in a sum to be subsequently determined.

84.     As a direct and legal result of the conduct of Defendants, and each of them, prior to Decedent's death, Decedent sustained the damages alleged herein, in an amount of at least $50,000.

WHEREFORE, DIANNA CALKINS, individually and as the Successor in Interest to the Estate of EARNEST CALKINS and DENISE CAMPBELL pray judgment as follows:

**First, Second, and Fifth Causes of Action**

1.     General damages in an amount in excess of $50,000.00 in accordance with proof;

2.     Damages for fraud and conspiracy in an amount in excess of $50,000.00 in accordance with proof;

3.     Punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with proof;

4.     Special damages in accordance with the proof;

5.     Prejudgment interest and post-judgment interest in accordance with law;

*Calkins, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1      6.      Costs of suit; and,

2      7.      Such and other and further relief as the Court deems just and proper.

3  **Third, Fourth, and Sixth Causes of Action**

4      1.      General damages in an amount in excess of $50,000.00 in accordance with proof;

5      2.      Special damages in accordance with the proof;

6      3.      Prejudgment interest and post-judgment interest in accordance with law;

7      4.      Costs of suit; and,

8      5.      Such and other and further relief as the Court deems just and proper.

9  **Seventh Cause of Action**

10     1.      General damages in an amount in excess of $50,000.00 in accordance with proof;

11     2.      Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

12  accordance with proof;

13     3.      Punitive and exemplary damages in an amount found appropriate by the trier of fact

14  in accordance with proof;

15     4.      Special damages in accordance with the proof;

16     5.      Prejudgment interest and post-judgment interest in accordance with law;

17     6.      Costs of suit; and,

18     7.      Such and other and further relief as the Court deems just and proper.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

31

**Eighth Cause of Action**

1.     General damages in an amount in excess of $50,000.00 in accordance with proof;

2.     Special damages in accordance with the proof;

3.     Punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with proof;

4.     Prejudgment interest and post-judgment interest in accordance with law;

5.     Costs of suit; and

6.     Such and other and further relief as the Court deems just and proper.

DATED:  June 30, 2008                              BRENT COON & ASSOCIATES

                                                By: _____
                                                    Lenneal K. Gardner
                                                    Attorney for Plaintiffs

*Calkins, et al. v. Allied Packing & Supply, et al.*                COMPLAINT FOR DAMAGES (WRONGFUL
Case No.                                                                          DEATH)