(JTLx), CLOSED, DISCOVERY, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-06007-R -JTL

| | |
|---|---|
| Gwendolyn Glenn et al v. Allied Packing & Supply, Inc. et al | Date Filed: 09/12/2008 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 11/17/2008 |
| Referred to: Magistrate Judge Jennifer T. Lum | Jury Demand: None |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court State of CA County of Los Angeles, BC390560 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Personal Injury | |

**Plaintiff**

**Gwendolyn Glenn**
*individually and as the Trustee of the*
*William D. and Betty I. Bell Living Trust*

represented by **Kathleen K. Chio**
Brent Coon and Associates
44 Montgomery Street Suite 800
San Francisco, CA 94104
415-489-7420
Fax: 415-489-7426
Email: kathleen.chio@bcoonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard A. Brody**
Brent Coon and Associates
44 Montgomery Street Suite 800
San Francisco, CA 94104
415-489-7420
Fax: 415-489-7426
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M Fishback**
Keller Fishback and Jackson LLP
18425 Burbank Boulevard Suite 610
Tarzana, CA 91356
818-342-7442
Fax: 818-342-7616
Email: sfishback@kfjlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yvonne Huggins-McLean**
Brent Coon and Associates
44 Montgomery Street Suite 800

San Francisco, CA 94104
415-489-7420
Fax: 415-489-7426
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lucindy Bell Peters**                  represented by **Kathleen K. Chio**
*by Gwendolyn Glenn, the conservator of*                 (See above for address)
*the person and*                                          *LEAD ATTORNEY*
*Estate of*                                               *ATTORNEY TO BE NOTICED*
Lucindy Bell Peters

                                                         **Richard A. Brody**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Stephen M Fishback**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Yvonne Huggins-McLean**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pandy Elizabeth Bell Moore**

**Plaintiff**

**Rodger Dallas Bell**                   represented by **Kathleen K. Chio**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Richard A. Brody**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Stephen M Fishback**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Yvonne Huggins-McLean**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeremy Dallas Bell**                  represented by   **Kathleen K. Chio**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Richard A. Brody**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stephen M Fishback**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Yvonne Huggins-McLean**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**BRENT COON**                          represented by   **Lenneal K. Gardner**
                                                          Brent Coon and Associates
                                                          44 Montgomery Street Suite 800
                                                          San Francisco, CA 94101
                                                          415-489-7420
                                                          Fax: 415-489-7426
                                                          Email: lenneal.gardner@bcoonlaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Allied Packing & Supply, Inc.**

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Alfa Laval Inc.**
*individually and as parent, alter ego and*
*Successor*
Sharples, Inc.
*Successor*
Alfa-Laval Separation, Inc.
*Successor*
Delaval Separator Company

**Defendant**

**Allis Chalners Product Liability Trust**

**Defendant**

**Amchem Products, Inc.**
*individually and as*
*Successor*
Benjamin Foster

**Defendant**

**American Biltrite, Inc.**

**Defendant**

**American Standard, Inc.**

**Defendant**

**Ametek, Inc.**
*individually and as parent, alter ego and*
*Successor*
Haveg Asbestos Corporation, Ltd.

**Defendant**

**Haveg Asbestos Corporation, Ltd.**

**Defendant**

**Atlas Valve Company Inc.**

**Defendant**

**Bondex International**

**Defendant**

**Brown & Root Technical Services, Inc.**
*individually*
*Successor*
C.F. Braun, Inc.

**Defendant**

**Buffalo Pumps, Inc.**
*individually and as parent, alter ego,*
*successor in interest and/or subsidiary of*
*AMPCO-Pittsburgh Corporation and/or*
*Buffalo Forge Company*

**Defendant**

**CBS Corporation**
*individually and as parent, alter ego,*
*and/or*
*Successor*

B.F. Sturtevant Co.
*Successor*
Westco Corporation
*Successor*
Westinghouse Electric Corporation

**Defendant**

**Certainteed Corporation**

**Defendant**

**Cleaver-Brooks, Inc.**

**Defendant**

**Coltec Industries, Inc.**
*individually and as parent, alter ego and*
*Successor*
Colt Manufacturing Company

**Defendant**

**Coltec Industries Inc.**
*individually and as parent, alter ego and*
*Successor*
Firbanks Morse Engines

**Defendant**

**Combustion Engineering**

**Defendant**

**Cooper Industries, Inc.**
*individually and as parent, alter ego and*
*Successor*
Cooper Bessemer

**Defendant**

**Crane Company**
*individually and as parent, alter ego and*
*Successor*
Chapman Valve Company, Cochrane
Corporation, and/or Chempump

**Defendant**

**Crown Cork & Seal**
*(USA), individually and as parent, alter*
*ego and*
*Successor*
Mundet Cork Corporation

**Defendant**

**Dial Corporation**

*individually and as parent, alter ego and*
*Successor*
Griscom Russell Schack Company, Inc.

**Defendant**

**Durez Corporation**
*individually and as parent, alter ego and*
*Successor*
Durez Plastics & Chemical

**Defendant**

**Elliott Turbomachinery Company, Inc.**

**Defendant**

**Enpro Engineered Products, Inc.**
*individually and as parent, alter ego and*
*Successor*
Fairbanks Morse Engine

**Defendant**

**Enpro Industries**
*individually and as parent, alter ego and*
*Successor*
Fairbanks Morse Engine

**Defendant**

**Fairbanks Morse Pump Corporation**
*individually and as parent, alter ego and*
*Successor*
Fairbanks Morse Engine

**Defendant**

**Fiatallis North America, Inc.**
*individually and as parent, alter ego and*
*Successor*
Allis-Chalners Corporation

**Defendant**

**Flowserve Management Company**
*individually and as parent, alter ego and*
*Successor*
Henry Vogt Machine Company, Babcock
Power Inc., Company and/or Pacific
Pumps, Inc.

**Defendant**

**Flowserve US Inc.**
*individually and as parent, alter ego and*
*Successor*

Byron Jackson and Sier Bath Gear &
Pump Company

**Defendant**

**Fluor Corporation**

**Defendant**

**FMC Corporation**
*individually and as parent, alter ego and*
*Successor*
Allis Chalmers and/or Northern Pump
Company

**Defendant**

**Foster Wheeler LLC**
*individually and as parent, alter ego and*
*successor by merger and/or in interest to*
*Foster Wheeler Boiler Corporation ,*
*Foster Wheeler Corporation Foster*
*Wheeler Energy Corporation and/or*
*Foster Wheeler USA Corporation*

**Defendant**

**Garlock Sealing Technologies LLC**
*individually and as parent, alter ego*
*and/or*
*Successor*
Garlock, Inc.
*Successor*
Fairbanks Morse Engines
*Successor*
Coltec Industries

**Defendant**

**General Dynamics Corporation**
*individually and as parent, alter ego and*
*Successor*
Asbestos Corporation Ltd.

**Defendant**

**General Electric Company**                        represented by **Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**Goodyear Tire & Rubber Company**

**Defendant**

**Goulds Pumps (IPB), Inc.**

**Defendant**

**Graybar Electric, Inc.**

**Defendant**

**Hanson Permanente Cement, Inc.**
*formerly known as*
Kaiser Cement Corporation

**Defendant**

**Hill Brothers Chemical Corporation**

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**IMO Industries, Inc.**
*parent, alter ego,*
*Successor*
IMO Delaval Inc.

**Defendant**

**IMP Industries, Inc.**
*parent alter ego*
*Successor*
Worthington Turbine, Inc.
*Successor*
IMO Delaval Inc.
*formerly known as*
IMO Delaval Inc.
*Successor*
Delaval Turbbines
*Successor*
Delaval Pumps
*formerly known as*
Transamerica Delaval

**Defendant**

**Ingersoll-Rand Company**
*individually and as parent, alter ego and*
*Successor*
Dresser-Rand

*Successor*
Terry Turbines
*formerly known as*
Worthington Pump and Machinery
Corporation
*formerly doing business as*
Worthington Pump Inc.

**Defendant**

**International Paper**
*individually and as parent, alter ego and*
*Successor*
Champion Paper Corporation
*Successor*
U.S. Plywood Inc.

**Defendant**

**ITT Industries, Inc.**
*individually and as parent, alter ego and*
*Successor*
Coulds Pumps, Inc.

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Kaiser Gypsum Co., Inc.**

**Defendant**

**Kentile Corporation**

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**Leslie Controls, Inc.**

**Defendant**

**Master Pumps & Equipment**
**Corporation**

**Defendant**

**McNally Industries, Inc.**
*individually and as parent, alter ego and*
*Successor*
FMC Corporation

**Defendant**

**Metalclad Insulation Corporation**

*individually and as*
*Successor*
Norcal Insulation

**Defendant**

**Ownes-Illinois Corporation**

**Defendant**

**Parker Hannfin Corporation**
*individually and as parent, alter ego and*
*Successor*
Dennison Engineering
*Successor*
Sacomo Sierra

**Defendant**

**Peerless Pump Company, Inc.**

**Defendant**

**Plant Insulation Company**
*individually and as parent, alter ego and*
*Successor*
Plant Asbestos Company

**Defendant**

**Plastics Engineering Company**
*individually and as parent, alter ego and*
*Successor*
Plenco Corporation

**Defendant**

**Power Engineering & Mechanical**
**Corporation**

**Defendant**

**Rreichold, Inc.**

**Defendant**

**Riley Power, Inc.**
*individually and as parent, alter ego and*
*Successor*
Riley Stoker Corporation

**Defendant**

**Quintec Industries, Inc.**
*individually and as the parent, alter ego,*
*successor by merger and/or interest or*
*otherwise liable for the acts or omissions*
*of Western Fiberglas Supply Company,*

*Western Fibrous Glass Products Company
and/or Westglas Inc.*

**Defendant**

**Rapid American Corp.**
*as parent, alter ego and
Successor*
Carey Canada, Inc.

**Defendant**

**SB Decking, Inc.**
*formerly known as*
Selby, Battersby & Cmpany

**Defendant**

**Rapid American Corp.**
*individually and as parent, alter ego and
Successor*
Philip Carey Manufacturing Corp.
*Successor*
Panacon Corp.

**Defendant**

**Rheem Manufacturing Company**
*individuall and as parent, alter ego and
Successor*
Ruud Manufacturing Company
*formerly known as*
Ruud Boilers

**Defendant**

**Sepco Corporation**

**Defendant**

**Sequoia Ventures, Inc.**
*Successor*
The Bechtel Corporation

**Defendant**

**Soco West Corporation**
*Successor*
Western Chemical & Manufacturing
Company
*Successor*
A.J. Lynch & Co.

**Defendant**

**Sterling Fluid Systems (U.S.A.), Inc.**
*individually and as parent, alter ego*

*Successor*
Peerless Pumps

**Defendant**

**Sulzer Pumps**
*(US Inc.)*
*formerly known as*
Sulzer Bingham Pumps, Inc.

**Defendant**

**Tarkett, Inc.**
*individually and as parent, alter ego and*
*Successor*
Domco
*Successor*
Azrock Flooring

**Defendant**

**Terry Corporation of Connecticut**
*individually and as parent, alter ego*
*and/or*
*Successor*
Terry Steam Turbines

**Defendant**

**Thorpe Insulation Company**

**Defendant**

**T.H. Agriculture & Nutrition LLC**
*individually and as parent, alter ego and*
*Successor*
Thompson Hayward Chemical Company,
Inc.

**Defendant**

**Triple a Machine Shop, Inc.**

**Defendant**

**Tuthill Corporation**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Uniroyal, Inc.**

**Defendant**

**Viacom, Inc.**
*individually and as parent, alter ego*

*successor in interest and/or successor by*
*merger to BF Sturvant*

**Defendant**

**Viad Corporation**                                    represented by  **Peter B Langbord**
*individually and as parent, alter ego*                                  Foley and Mansfield PLLP
*TERMINATED: 11/17/2008*                                                 300 South Grand Ave., Suite 2800
*Successor*                                                              Los Angeles, CA 90071
The Fial Coporation                                                      213-283-2100
*TERMINATED: 11/17/2008*                                                 Fax: 213-283-2101
*Successor*                                                              Email: plangbord@foleymansfield.com
Griscom-Russell Company                                                  *LEAD ATTORNEY*
*TERMINATED: 11/17/2008*                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Wimasco Corporation**

**Defendant**

**Waldron Duffy, Inc.**

**Defendant**

**Warren Pumps, Inc.**

**Defendant**

**Wesco International, Inc.**
*individually and as*
*Successor*
Wesco Distribution, Inc.

**Defendant**

**Western MacArthur Company**
*individually and as*
*Successor*
Western Asbestos Company
*Successor*
Bay Cities Asbestos

**Defendant**

**Worth Brothers Company**

**Defendant**

**DOES**
*1-500, inclusive*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/12/2008 | 3 | NOTICE OF REMOVAL from Los Angeles Superior Court, case number BC390560 with Conformed copy of summons and complaint. Case assigned to Judge Florence- |

| | | |
|---|---|---|
| | | Marie Cooper, Discovery to Magistrate Judge Victor B Kenton. (Filing fee $ 350 PAID), filed by Defendant Viad Corporation.(car) (ds). (Entered: 09/16/2008) |
| 09/12/2008 | | CONFORMED COPY OF ANSWER OF VIAD CORP TO COMPLAINT FOR DAMAGES FOR DAMAGES (WRONFUL DEATH - ASBESTOS) filed by Defendant Viad Corporation [Filed in State Court on 8/28/08 submitted attached Exhibit D to Notice of Removal, 3 (car) (Entered: 09/16/2008) |
| 09/12/2008 | 4 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation, identifying Other Affiliate Morgan Stanley & Co. for Viad Corporation. (car) (ds). (Entered: 09/16/2008) |
| 09/12/2008 | 5 | NOTICE OF TAG-ALONG ACTION filed by Defendant Viad Corporation. (car) (ds). (Entered: 09/16/2008) |
| 09/12/2008 | 6 | CERTIFICATE OF SERVICE OF DOCUMENTS filed by Defendant Viad Corporation, re Notice of Tag-Along Action, 5 , Certification and Notice of Interested Parties, 4 , Notice of Removal, 3 , Civil Cover Sheet served on 9/12/08. (car) (ds). (Entered: 09/16/2008) |
| 09/12/2008 | 7 | NOTICE of Related Case(s) filed by Defendant Viad Corporation. Related Case(s): CV07-8338 (VBF) RCx) and other Related Cases. (at) (Entered: 09/18/2008) |
| 09/16/2008 | 1 | MINUTES OF IN CHAMBERS ORDER SETTING SCHEDULING CONFERENCE by Judge Florence-Marie Cooper: Scheduling Conference set for 11/17/2008 09:00 AM before Judge Florence-Marie Cooper. (ama) (Entered: 09/16/2008) |
| 09/16/2008 | 2 | NOTICE TO PARTIES OF ADR PILOT PROGRAM-DISCRETIONARY REFERRAL filed. (Attachments: # 1 ADR Questionnaire)(ama) (Entered: 09/16/2008) |
| 09/18/2008 | 8 | NOTICE OR REFILING STATE COURT ANSWER TO COMPLAINT Riley Power, Inc.. *DEFENDANT RILEY POWER INC.'S NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT* (Langbord, Peter) (Entered: 09/18/2008) |
| 09/18/2008 | 9 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT Viad Corporation. *DEFENDANT VIAD CORP.'S NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT* (Langbord, Peter) (Entered: 09/18/2008) |
| 09/18/2008 | 10 | PROOF OF SERVICE Viad Corporation, *PROOF OF SERVICE RE: COURT DOCUMENTATION, DEFENDANT'S NOTICE OF RELATED ACTION* served on September 18, 2008. (Langbord, Peter) (Entered: 09/18/2008) |
| 09/18/2008 | 11 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case- filed. Related Case No: CV07-2241 R (JTLx). Case transfered from Judge Florence-Marie Cooper and Magistrate Judge Victor B. Kenton to Judge Manuel L. Real and Magistrate Judge Jennifer T. Lum for all further proceedings. The case number will now reflect the initials of the transferee Judge CV08-6007 R (JTLx).Signed by Judge Manuel L. Real (at) (Entered: 09/18/2008) |
| 09/19/2008 | 12 | CERTIFICATE OF SERVICE Viad Corporation, *CERTIFICATE OF SERVICE RE: NOTICE TO ADVERSE PARTY* served on September 17, 2008. (Langbord, Peter) (Entered: 09/19/2008) |
| | | |

| 10/09/2008 | 13 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by plaintiff BRENT COON. Motion set for hearing on 11/10/2008 at 10:00 AM before Judge R. Gary Klausner. (Attachments: # 1 MEMO OF POINTS AND AUTHORITIES, # 2 Proposed Order)(Gardner, Lenneal) (Entered: 10/09/2008) |
|---|---|---|
| 10/10/2008 | 14 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Hearing information is missing, incorrect, or not timely;This case now belongs to Judge Manuel L Real as of 9/18/2008. The initials to use for Judge Real is "R RE: MOTION to Remand Case to Los Angeles Superior Court 13 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 10/10/2008) |
| 10/10/2008 | 15 | MINUTES OF IN CHAMBERS ORDER held before Judge Manuel L. Real: re: MOTION to Remand Case to Los Angeles Superior Court 13 . This case was transferred to Judge Real from Judge Cooper on September 18, 2008. Plaintiffs have incorrectly noticed a Motion for Remand before Judge Cooper on November 10, 2008 at 10:00 a.m. IT IS ORDERED that plaintiffs Motion to Remand is re-set to NOVEMBER 17, 2008 AT 10:00 A.M. in Courtroom 8 before Judge Real in the 312 North Spring Street Courthouse. (pj) (Entered: 10/10/2008) |
| 10/14/2008 | 16 | NOTICE of Change of Attorney Information for attorney Katherine Paige Gardiner counsel for Defendant General Electric Company. Adding Katherine P. Gardiner as attorney as counsel of record for General Electric Company for the reason indicated in the G-06 Notice. Filed by Defendant General Electric Company (Gardiner, Katherine) (Entered: 10/14/2008) |
| 10/17/2008 | 17 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real, (pj) (Entered: 10/20/2008) |
| 10/31/2008 | 18 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 13 *DEFENDANT VIAD CORP'S OPPOSITION TO MOTIONTO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ADMIRAL BEN J. LEHMAN, U.S. NAVY RET., DR. CHARLES R. CUSHING AND PETER B. LANGBORD IN SUPPORT THEREOF* filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit A-C to Opposition to Motion to Remand to State Court, # 2 Exhibit D-K to Opposition to Motion to Remand to State Court) (Langbord, Peter) (Entered: 10/31/2008) |
| 10/31/2008 | 19 | DECLARATION of PETER B. LANGBORD re Response in Opposition to Motion,, 18 *DECLARATION OF PETER B. LANGBORD IN SUPPORT OF DEFENDANT VIAD CORP'S OPPOSITION TO MOTION TO REMAND TO STATE COURT* filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 10/31/2008) |
| 10/31/2008 | 20 | DECLARATION of CHARLES R. CUSHING re Response in Opposition to Motion,, 18 filed by Defendant Viad Corporation. (Langbord, Peter) (Entered: 10/31/2008) |
| 10/31/2008 | 21 | DECLARATION of ADMIRAL BEN J. LEHMAN re Response in Opposition to Motion,, 18 filed by Defendant Viad Corporation. (Attachments: # 1 Exhibit 1-3 to Declaration of Admiral Ben J. Lehman, # 2 Exhibit 4, Part 1 to Declaration of Admiral Ben J. Lehman, # 3 Exhibit 4, Part 2 to Declaration of Admiral Ben J. Lehman, # 4 Exhibit 5 to Declaration of Admiral Ben J. Lehman, # 5 Exhibit 6, Part 1 to Declaration of Admiral Ben J. Lehman, # 6 Exhibit 6, Part 2 to Declaration of Admiral |

| | | Ben J. Lehman)(Langbord, Peter) (Entered: 10/31/2008) |
|---|---|---|
| 10/31/2008 | 22 | PROOF OF SERVICE filed by DEFENDANT Viad Corporation, re Response in Opposition to Motion,, 18 *PROOF OF SERVICE RE: OPPOSITION TO MOTION TO REMAND TO STATE COURT* served on October 31, 2008. (Langbord, Peter) (Entered: 10/31/2008) |
| 11/10/2008 | 23 | REPLY MOTION to Remand Case to Los Angeles Superior Court 13 filed by Plaintiff Gwendolyn Glenn. (Attachments: # 1 PLAINTIFF'S OBJECTION, # 2 DECLARATION OF LENNEAL GARDNER)(Gardner, Lenneal) (Entered: 11/10/2008) |
| 11/17/2008 | 24 | MINUTES OF Motion Hearing held before Judge Manuel L. Real Re: MOTION to Remand Case to Los Angeles Superior Court, 13 . The Court GRANTS the motion and signs the proposed order dismissing defendant Viad with prejudice and remanding the action to state court. Court Reporter: Bridget Montero. (rj) (Entered: 11/17/2008) |
| 11/17/2008 | 25 | STIPULATION JOINTLY REQUESTING the Dismissal of Defendant Viad Corporation Without Prejudice, and Requesting Remand of Case in Its Entirety to State Court, and ORDER by Judge Manuel L. Real: Based on the Stipulation of the Parties, defendant Viad Corporation is hereby dismissed without prejudice from the instant action. It Is Further Ordered that the above case, Gwendolyn Glenn, etc., et al., vs. Allied Packing, et al., CV 08-6007 R (JTLx) be remanded to Los Angeles County Superior Court, Case number BC 390560. (Made JS-6. Case Terminated.) (mg) (Entered: 11/24/2008) |
| 11/24/2008 | 26 | TRANSMITTAL of documents: Certified copy of Order of Remand, of docket sheet, and Form CV 103 sent to Los Angeles County Superior Court. Their case number is BC 390560. (mg) (Entered: 11/24/2008) |
| 12/08/2008 | 27 | Receipt of is acknowledged of the documents from Los Angeles County Superior Court on 11/26/2008 (pj) (Entered: 12/12/2008) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/09/2010 12:03:25 | | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-06007-R -JTL End date: 12/9/2010 |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

COPY

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 0 9 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1  Richard A. Brody. Esq. (SBN 100379)
   Yvonne Huggins-McLean, Esq. (SBN 188204)
2  Kathleen K. Chio, Esq. (SBN 245388)
   BRENT COON & ASSOCIATES
3  44 Montgomery Street, Suite 800
   San Francisco, CA  94104
4  Telephone:  415.489.7420
   Facsimile:  415.489.7426
5
   Stephen Fishback, Esq. (SBN 191646)
6  KELLER, FISHBACK & JACKSON LLP
   28720 Roadside Drive, Suite 201
7  Agoura Hills, California 91301
   Telephone: 818.879.8033
8  Facsimile:  818.292.8891

9  Attorneys for Plaintiffs

10

11            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12               IN AND FOR THE COUNTY OF LOS ANGELES

13

| | |
|---|---|
| 14  GWENDOLYN GLENN, individually and as the Trustee of the WILLIAM D. AND BETTY I. BELL LIVING TRUST; LuCINDY BELL PETERS, by Gwendolyn Glenn, the conservator of the person and estate of LuCINDY BELL PETERS; PANDY ELIZABETH BELL MOORE; RODGER DALLAS BELL; and JEREMY DALLAS BELL,<br><br>          Plaintiffs,<br><br>v.<br><br>ALLIED PACKING & SUPPLY, INC.; A.W. CHESTERTON COMPANY; ALFA LAVAL, INC., individually and as parent, alter ego and successor in interest to SHARPLES, INC., ALFA-LAVAL SEPARATION, INC., and DELAVAL SEPARATOR COMPANY; ALLIS CHALMERS PRODUCT LIABILITY TRUST; AMCHEM PRODUCTS, INC., individually and as successor in interest to BENJAMIN FOSTER; AMERICAN BILTRITE, INC.; AMERICAN STANDARD, INC.; AMETEK, INC., individually and as parent, alter ego and successor in interest to HAVEG; ASBESTOS CORPORATION, LTD.; ATLAS VALVE COMPANY, INC.; BONDEX | Case No.  BC390560<br><br>**COMPLAINT FOR DAMAGES (WRONGFUL DEATH – ASBESTOS)**<br><br>1.  Negligence<br>2.  Strict Products Liability<br>3.  Failure to Warn<br>4.  Breach of Implied Warranties<br>5.  Fraud and Conspiracy<br>6.  False Representation Under Restatement Section 402-B<br>7.  Survival Action and Punitive Damages |

1

---

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1  INTERNATIONAL; BROWN & ROOT
2  TECHNICAL SERVICES, INC., Individually
   and as Successor-in-Interest to C.F. BRAUN,
3  INC.; BUFFALO PUMPS, INC., individually and
   as parent, alter ego, successor in interest and/or
4  subsidiary of AMPCO-PITTSBURGH
   CORPORATION and/or BUFFALO FORGE
5  COMPANY; CBS CORPORATION individually
   and as parent, alter ego, and/or successor in
6  interest to WESTINGHOUSE ELECTRIC
   CORPORATION, B.F. STURTEVANT CO., and
7  WESCO CORPORATION; CERTAINTEED
   CORPORATION; CLEAVER-BROOKS, INC.;
8  COLTEC INDUSTRIES, INC., individually and
   as parent, alter ego and successor in interest to
9  COLT MANUFACTURING COMPANY;
   COLTEC INDUSTRIES, INC., individually and
10 as parent, alter ego and successor in interest to
   FAIRBANKS MORSE ENGINES;
11 COMBUSTION ENGINEERING; COOPER
   INDUSTRIES, INC., individually and as parent,
12 alter ego and successor in interest to COOPER
   BESSEMER; CRANE COMPANY, individually
13 and as parent, alter ego and successor in interest
   to CHAPMAN VALVE COMPANY,
14 COCHRANE CORPORATION, and/or
   CHEMPUMP; CROWN CORK & SEAL (USA),
15 individually and as successor in interest to
   MUNDET CORK CORPORATION; DIAL
16 CORPORATION, individually and as parent,
   alter ego and successor in interest to GRISCOM
17 RUSSELL SCHACK COMPANY, INC.;
   DUREZ CORPORATION, individually and as
18 parent, alter ego and successor in interest to
   DUREZ PLASTICS & CHEMICAL; ELLIOTT
19 TURBOMACHINERY COMPANY, INC.;
   ENPRO ENGINEERED PRODUCTS, INC.,
20 individually and as a parent, alter ego and
   successor in interest to FAIRBANKS MORSE
21 ENGINE; ENPRO INDUSTRIES, individually
   and as parent, alter ego and successor in interest
22 to FAIRBANKS MORSE ENGINE;
   FAIRBANKS MORSE PUMP CORPORATION,
23 individually and as parent, alter ego and
   successor in interest to FAIRBANKS MORSE
24 ENGINE; FIATALLIS NORTH AMERICA,
   INC., individually and as parent, alter ego and
25 successor in interest to ALLIS-CHALMERS
   CORPORATION; FLOWSERVE
26 MANAGEMENT COMPANY, individually and
   as parent, alter ego and successor in interest to
27 HENRY VOGT MACHINE COMPANY,
   BABCOCK POWER INC., COMPANY and/OR
28

2

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

PACIFIC PUMPS, INC.; FLOWSERVE US
INC., individually and as parent, alter ego and
successor in interest to BYRON JACKSON and
SIER BATH GEAR & PUMP COMPANY;
FLUOR CORPORATION; FMC
CORPORATION, individually and as parent,
alter ego and successor in interest to ALLIS
CHALMERS and/or NORTHERN PUMP
COMPANY; FOSTER WHEELER LLC,
individually and as parent, alter ego and
successor by merger and/or in interest to
FOSTER WHEELER BOILER
CORPORATION, FOSTER WHEELER
CORPORATION, FOSTER WHEELER
ENERGY CORPORATION and/or FOSTER
WHEELER USA CORPORATION; GARLOCK
SEALING TECHNOLOGIES LLC, individually
and as parent, alter ego and/or successor in
interest to GARLOCK, INC., and/or
FAIRBANKS MORSE ENGINES, and as
successor in interest to COLTEC INDUSTRIES;
GENERAL DYNAMICS CORPORATION,
Individually and as Successor-in-Interest to
ASBESTOS CORPORATION, LTD.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION;
GOODYEAR TIRE & RUBBER COMPANY;
GOULDS PUMPS (ipb), INC.; GRAYBAR
ELECTRIC, INC.; HANSON PERMANENTE
CEMENT, INC., formerly known as KAISER
CEMENT CORPORATION; HILL BROTHERS
CHEMICAL CORPORATION; HOPEMAN
BROTHERS, INC.; IMO INDUSTRIES, INC.,
parent, alter ego, successor in interest and/or
formerly known as IMO DELAVAL INC.; IMO
INDUSTRIES, INC., parent, alter ego, successor
in interest and/or formerly known as
WORTHINGTON TURBINE, INC., IMO
DELAVAL INC., DELAVAL TURBINES,
DELAVAL PUMPS, TRANSAMERICA
DELAVAL, IMO DELAVAL, ENTERPRISE
ENGINE & FOUNDRY COMPANY, and/or
WORTHINGTON TURBINE, INC.;
INGERSOLL-RAND COMPANY, individually
and as parent, alter ego and successor in interest
to DRESSER-RAND, TERRY TURBINES,
WORTHINGTON PUMP INC., formerly known
as WORTHINGTON PUMP AND
MACHINERY CORPORATION, and/or
formerly doing business as WORTHINGTON
PUMP INC., formerly known as
WORTHINGTON PUMP AND MACHINERY
CORPORATION; INTERNATIONAL PAPER,

3

individually and as parent, alter ego and
successor in interest to CHAMPION PAPER
CORPORATION AND U.S. PLYWOOD, INC.;
ITT INDUSTRIES, INC., individually and as
parent, alter ego and successor in interest to
GOULDS PUMPS, INC.; J.T. THORPE & SON,
INC.; KAISER GYPSUM CO., INC.; KENTILE
CORPORATION; KENTILE FLOORS, INC.;
LESLIE CONTROLS, INC.; MASTER PUMPS
& EQUIPMENT CORPORATION; MCNALLY
INDUSTRIES, INC., individually and as parent,
alter ego and successor in interest to FMC
CORPORATION; METALCLAD
INSULATION CORPORATION, individually
and as successor in interest to NORCAL
INSULATION; OWENS-ILLINOIS
CORPORATION; PARKER HANNAFIN
CORPORATION, individually and as parent,
alter ego and successor in interest to SACOMO
SIERRA and/or DENNISON ENGINBERING;
PEERLESS PUMP COMPANY, INC.; PLANT
INSULATION COMPANY, individually and as
parent, alter ego and/or successor in interest to
PLANT ASBESTOS COMPANY; PLASTICS
ENGINEERING COMPANY, individually and
as parent, alter ego, and successor in interest to
PLENCO CORPORATION; POWER
ENGINEERING & MECHANICAL
CORPORATION; REICHOLD, INC.; RILEY
POWER, INC. individually and as parent, alter
ego, and/or as successor to RILEY STOKER
CORPORATION; QUINTEC INDUSTRIES,
INC., individually and as the parent, alter ego,
successor by merger and/or in interest or
otherwise liable for the acts or omissions of
WESTERN FIBERGLAS SUPPLY COMPANY,
WESTERN FIBROUS GLASS PRODUCTS
COMPANY and/or WESGLAS INC.; RAPID
AMERICAN CORP., as parent, alter ego and
successor in interest to CAREY CANADA, INC.;
SB DECKING, INC. formerly known as SELBY,
BATTERSBY & COMPANY; RAPID
AMERICAN CORP., individually and as parent,
alter ego and successor in interest to PHILIP
CAREY MANUFACTURING CORP, as
successor in interest to PANACON CORP.;
RAPID AMERICAN CORPORATION, as
parent, alter ego and successor in interest to
PHILIP CAREY CORP.; RHEEM
MANUFACTURING COMPANY, individually
and as parent, alter ego, successor-in-interest and
as the entity formerly known as RUUD
MANUFACTURING COMPANY, successor-in-

4

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

interest and as the entity formerly known as RUUD BOILERS; SEPCO CORPORATION; SEQUOIA VENTURES, INC., as Successor-in-Interest to THE BECHTEL CORPORATION; SOCO WEST CORPORATION, successor-in-interest to WESTERN CHEMICAL & MANUFACTURING COMPANY and A.J. LYNCH & CO.; STERLING FLUID SYSTEMS (U.S.A.), INC., individually and as parent, alter ego, successor in interest and fka PEERLESS PUMPS; SULZER PUMPS (US INC.) formerly known as SULZER BINGHAM PUMPS, INC.; TARKETT, INC., individually and as parent, alter ego and successor in interest to DOMCO and AZROCK FLOORING; TERRY CORPORATION OF CONNECTICUT individually and as parent, alter ego and/or successor-in-interest to TERRY STEAM TURBINES; THORPE INSULATION COMPANY; T.H. AGRICULTURE & NUTRITION, LLC, individually and as parent, alter ego and successor in interest to THOMPSON HAYWARD CHEMICAL COMPANY, INC.; THOMAS DEE ENGINEERING COMPANY, INC.; TRIPLE A MACHINE SHOP, INC.; TUTHILL CORPORATION; UNION CARBIDE CORPORATION; UNIROYAL, INC.; VIACOM, INC., individually and as parent, alter ego, successor in interest and/or successor by merger to BF STURTEVANT; VIAD CORPORATION, individually and as parent, alter ego and successor in interest and/or the entity formerly known as THE DIAL CORPORATION, individually and as successor in interest to GRISCOM-RUSSELL COMPANY; VIMASCO CORPORATION; WALDRON DUFFY, INC.; WARREN PUMPS, INC.; WESCO INTERNATIONAL, INC., individually and as successor in interest to WESCO DISTRIBUTION, INC.; WESTERN MACARTHUR COMPANY, individually and as successor in interest to WESTERN ASBESTOS COMPANY and BAY CITIES ASBESTOS; WORTH BROTHERS COMPANY; and DOES 1-500, inclusive;

    Defendants.

/ / /

/ / /

5

1    Plaintiffs GWENDOLYN GLENN, individually and as the Trustee of the WILLIAM D.

2  AND BETTY I. BELL LIVING TRUST; LuCINDY BELL PETERS, by Gwendolyn Glenn, the

3  conservator of the person and estate of LuCINDY BELL PETERS; PANDY ELIZABETH BELL

4  MOORE; RODGER DALLAS BELL; and JEREMY DALLAS BELL ("Plaintiffs") complain of

5  all defendants ("Defendants"), and each of them, and allege:

6    **GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

7    1.    (a)    Plaintiffs are the legal heirs of WILLIAM DALLAS BELL, JR., deceased

8  ("Decedent"). Decedent died from asbestos related mesothelioma on May 16, 2007. The name of

9  each plaintiff and the relationship to Decedent is as follows:

| Name | Relationship |
|---|---|
| GWENDOLYN GLENN | Daughter |
| LuCINDY BELL PETERS | Daughter |
| PANDY ELIZABETH BELL MOORE | Daughter |
| RODGER DALLAS BELL | Son |
| JEREMY DALLAS BELL | Son |

17    (b)    Each plaintiff brings this action on his or her own behalf. In addition,

18  GWENDOLYN GLENN brings this action as trustee of the WILLIAM D. AND BETTY I. BELL

19  LIVING TRUST.

20    (c)    Plaintiffs know of no other party who should be named as a plaintiff herein.

21    2.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

22  DOES 1 through 500, inclusive, and therefore sue these Defendants by such fictitious names.

23  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

24  Plaintiffs are informed and believe and thereon allege that each of said fictitiously named

25  Defendants are, through their negligence, intentional torts, and/or conduct giving rise to strict

26  liability, responsible or liable in some manner for the occurrences herein alleged, and that the

27  injuries herein alleged were the direct and legal result of said negligence, intentional torts, and/or

28  conduct giving rise to strict liability.

6

*Glenn, et al. v. Allied Packing & Supply, et al.*                    COMPLAINT FOR DAMAGES (WRONGFUL
Case No.                                                              DEATH)

3.      At all times mentioned in this complaint, each of Defendants was the agent and employee of each of the remaining Defendants, and by their actions as alleged in this complaint each defendant was acting within the course and scope of this agency and employment, and each defendant has ratified and approved the acts of the remaining Defendants.   The federal courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship exists due to the presence of one or more California Defendants.  Removal is improper.  Every claim arising under the constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office).  No claim of admiralty or maritime law is raised.  Plaintiffs sue no foreign state or agency. Venue is proper in Los Angeles County.

4.      ALLIED PACKING & SUPPLY, INC.; A.W. CHESTERTON COMPANY; ALFA LAVAL, INC., individually and as parent, alter ego and successor in interest to SHARPLES, INC., ALFA-LAVAL SEPARATION, INC., and DELAVAL SEPARATOR COMPANY; ALLIS CHALMERS PRODUCT LIABILITY TRUST; AMCHEM PRODUCTS, INC., individually and as successor in interest to BENJAMIN FOSTER; AMERICAN BILTRITE, INC.; AMERICAN STANDARD, INC.; AMETEK, INC., individually and as parent, alter ego and successor in interest to HAVEG; ASBESTOS CORPORATION, LTD.; ATLAS VALVE COMPANY, INC.; BONDEX INTERNATIONAL; BROWN & ROOT TECHNICAL SERVICES, INC., Individually and as Successor-in-Interest to C.F. BRAUN, INC.; BUFFALO PUMPS, INC., individually and as parent, alter ego, successor in interest and/or subsidiary of AMPCO-PITTSBURGH CORPORATION and/or BUFFALO FORGE COMPANY; CBS CORPORATION individually and as parent, alter ago, and/or successor in interest to WESTINGHOUSE ELECTRIC CORPORATION, B.F. STURTEVANT CO., and WESCO CORPORATION; CERTAINTEED CORPORATION; CLEAVER-BROOKS, INC.; COLTEC INDUSTRIES, INC., individually and as parent, alter ego and successor in interest to COLT MANUFACTURING COMPANY; COLTEC INDUSTRIES, INC., individually and as parent, alter ego and successor in interest to FAIRBANKS MORSE ENGINES; COMBUSTION ENGINEERING; COOPER INDUSTRIES, INC., individually and as

7

1  parent, alter ego and successor in interest to COOPER BESSEMER; CRANE COMPANY,

2  individually and as parent, alter ego and successor in interest to CHAPMAN VALVE COMPANY,

3  COCHRANE CORPORATION, and/or CHEMPUMP; CROWN CORK & SEAL (USA),

4  individually and as successor in interest to MUNDET CORK CORPORATION; DIAL

5  CORPORATION, individually and as parent, alter ego and successor in interest to GRISCOM

6  RUSSELL SCHACK COMPANY, INC.; DUREZ CORPORATION, individually and as parent,

7  alter ego and successor in interest to DUREZ PLASTICS & CHEMICAL; ELLIOTT

8  TURBOMACHINERY COMPANY, INC.; ENPRO ENGINEERED PRODUCTS, INC.,

9  individually and as a parent, alter ego and successor in interest to FAIRBANKS MORSE ENGINE;

10  ENPRO INDUSTRIES, individually and as parent, alter ego and successor in interest to

11  FAIRBANKS MORSE ENGINE; FAIRBANKS MORSE PUMP CORPORATION, individually

12  and as parent, alter ego and successor in interest to FAIRBANKS MORSE ENGINE; FIATALLIS

13  NORTH AMERICA, INC., individually and as parent, alter ego and successor in interest to

14  ALLIS-CHALMERS CORPORATION; FLOWSERVE MANAGEMENT COMPANY,

15  individually and as parent, alter ego and successor in interest to HENRY VOGT MACHINE

16  COMPANY, BABCOCK POWER INC., COMPANY and/OR PACIFIC PUMPS, INC.;

17  FLOWSERVE US INC., individually and as parent, alter ego and successor in interest to BYRON

18  JACKSON and SIER BATH GEAR & PUMP COMPANY; FLUOR CORPORATION; FMC

19  CORPORATION, individually and as parent, alter ego and successor in interest to ALLIS

20  CHALMERS and/or NORTHERN PUMP COMPANY; FOSTER WHEELER LLC, individually

21  and as parent, alter ego and successor by merger and/or in interest to FOSTER WHEELER

22  BOILER CORPORATION, FOSTER WHEELER CORPORATION, FOSTER WHEELER

23  ENERGY CORPORATION and/or FOSTER WHEELER USA CORPORATION; GARLOCK

24  SEALING TECHNOLOGIES LLC, individually and as parent, alter ego and/or successor in

25  interest to GARLOCK, INC., and/or FAIRBANKS MORSE ENGINES, and as successor in

26  interest to COLTEC INDUSTRIES; GENERAL DYNAMICS CORPORATION, Individually and

27  as Successor-in-Interest to ASBESTOS CORPORATION, LTD.; GENERAL ELECTRIC

28  COMPANY; GEORGIA-PACIFIC CORPORATION; GOODYEAR TIRE & RUBBER

8

1  COMPANY; GOULDS PUMPS (ipb), INC.; GRAYBAR ELECTRIC, INC.; HANSON

2  PERMANENTE CEMENT, INC., formerly known as KAISER CEMENT CORPORATION;

3  HILL BROTHERS CHEMICAL CORPORATION; HOPEMAN BROTHERS, INC.; IMO

4  INDUSTRIES, INC., parent, alter ego, successor in interest and/or formerly known as IMO

5  DELAVAL INC.; IMO INDUSTRIES, INC., parent, alter ego, successor in interest and/or

6  formerly known as WORTHINGTON TURBINE, INC., IMO DELAVAL INC., DELAVAL

7  TURBINES, DELAVAL PUMPS, TRANSAMERICA DELAVAL, IMO DELAVAL,

8  ENTERPRISE ENGINE & FOUNDRY COMPANY, and/or WORTHINGTON TURBINE, INC.;

9  INGERSOLL-RAND COMPANY, individually and as parent, alter ego and successor in interest to

10  DRESSER-RAND, TERRY TURBINES, WORTHINGTON PUMP INC., formerly known as

11  WORTHINGTON PUMP AND MACHINERY CORPORATION, and/or formerly doing business

12  as WORTHINGTON PUMP INC., formerly known as WORTHINGTON PUMP AND

13  MACHINERY CORPORATION; INTERNATIONAL PAPER, individually and as parent, alter

14  ego and successor in interest to CHAMPION PAPER CORPORATION AND U.S. PLYWOOD,

15  INC.; ITT INDUSTRIES, INC., individually and as parent, alter ego and successor in interest to

16  GOULDS PUMPS, INC.; J.T. THORPE & SON, INC.; KAISER GYPSUM CO., INC.; KENTILE

17  CORPORATION; KENTILE FLOORS, INC.; LESLIE CONTROLS, INC.; MASTER PUMPS &

18  EQUIPMENT CORPORATION; MCNALLY INDUSTRIES, INC., individually and as parent,

19  alter ego and successor in interest to FMC CORPORATION; METALCLAD INSULATION

20  CORPORATION, individually and as successor in interest to NORCAL INSULATION; OWENS-

21  ILLINOIS CORPORATION; PARKER HANNAFIN CORPORATION, individually and as

22  parent, alter ego and successor in interest to SACOMO SIERRA and/or DENNISON

23  ENGINEERING; PEERLESS PUMP COMPANY, INC.; PLANT INSULATION COMPANY,

24  individually and as parent, alter ego and/or successor in interest to PLANT ASBESTOS

25  COMPANY; PLASTICS ENGINEERING COMPANY, individually and as parent, alter ego, and

26  successor in interest to PLENCO CORPORATION; POWER ENGINEERING & MECHANICAL

27  CORPORATION; REICHOLD, INC.; RILEY POWER, INC. individually and as parent, alter ego,

28  and/or as successor to RILEY STOKER CORPORATION; QUINTEC INDUSTRIES, INC.,

9

1  individually and as the parent, alter ego, successor by merger and/or in interest or otherwise liable

2  for the acts or omissions of WESTERN FIBERGLAS SUPPLY COMPANY, WESTERN

3  FIBROUS GLASS PRODUCTS COMPANY and/or WESGLAS INC.; RAPID AMERICAN

4  CORP., as parent, alter ego and successor in interest to CAREY CANADA, INC.; SB DECKING,

5  INC. formerly known as SELBY, BATTERSBY & COMPANY; RAPID AMERICAN CORP.,

6  individually and as parent, alter ego and successor in interest to PHILIP CAREY

7  MANUFACTURING CORP, as successor in interest to PANACON CORP.; RAPID AMERICAN

8  CORPORATION, as parent, alter ego and successor in interest to PHILIP CAREY CORP.;

9  RHEEM MANUFACTURING COMPANY, individually and as parent, alter ego, successor-in-

10  interest and as the entity formerly known as RUUD MANUFACTURING COMPANY, successor-

11  in-interest and as the entity formerly known as RUUD BOILERS; SEPCO CORPORATION;

12  SEQUOIA VENTURES, INC., as Successor-in-Interest to THE BECHTEL CORPORATION;

13  SOCO WEST CORPORATION, successor-in-interest to WESTERN CHEMICAL &

14  MANUFACTURING COMPANY and A.J. LYNCH & CO.; STERLING FLUID SYSTEMS

15  (U.S.A.), INC., individually and as parent, alter ego, successor in interest and fka PEERLESS

16  PUMPS; SULZER PUMPS (US INC.) formerly known as SULZER BINGHAM PUMPS, INC.;

17  TARKETT, INC., individually and as parent, alter ego and successor in interest to DOMCO and

18  AZROCK FLOORING; TERRY CORPORATION OF CONNECTICUT individually and as

19  parent, alter ego and/or successor-in-interest to TERRY STEAM TURBINES; THORPE

20  INSULATION COMPANY; T.H. AGRICULTURE & NUTRITION, LLC, individually and as

21  parent, alter ego and successor in interest to THOMPSON HAYWARD CHEMICAL COMPANY,

22  INC.; THOMAS DEE ENGINEERING COMPANY, INC.; TRIPLE A MACHINE SHOP, INC.;

23  TUTHILL CORPORATION; UNION CARBIDE CORPORATION; UNIROYAL, INC.;

24  VIACOM, INC., individually and as parent, alter ego, successor in interest and/or successor by

25  merger to BF STURTEVANT; VIAD CORPORATION, individually and as parent, alter ego and

26  successor in interest and/or the entity formerly known as THE DIAL CORPORATION,

27  individually and as successor in interest to GRISCOM-RUSSELL COMPANY; VIMASCO

28  CORPORATION; WALDRON DUFFY, INC.; WARREN PUMPS, INC.; WESCO

1  INTERNATIONAL, INC., individually and as successor in interest to WESCO DISTRIBUTION,

2  INC.; WESTERN MACARTHUR COMPANY, individually and as successor in interest to

3  WESTERN ASBESTOS COMPANY and BAY CITIES ASBESTOS; WORTH BROTHERS

4  COMPANY; and DOES 1-500, inclusive, are at all times herein mentioned, and were corporations

5  or other business entities organized and existing under the laws of the state of California and/or

6  qualified to do business in this State.

7         5.      At all times mentioned herein Defendants, and each of them, were engaged in the

8  business of mining, milling, manufacturing, testing, developing, processing, importing, converting,

9  compounding, assembling, fabricating, modifying, designing, specifying, approving, supplying,

10 distributing, delivering, packaging, labeling, advertising, marketing, warranting, applying,

11 installing, and inspecting asbestos, and products produced therefrom, for sale to and use by

12 members of the general public, as well as for sale to and use by other parties to manufacture,

13 assemble, supply, distribute, label, apply and install products made therefrom, or both.

14        6.      Defendants, and each of them, acting through their agents, servants and/or

15 employees, cause, and have caused in the past, certain asbestos-containing products and  asbestos-

16 related insulation, refractory materials, fireproofing, electrical, switching, office equipment,

17 Bakelite, gasket and packing materials, bulkhead insulation, decking materials, rope, cloth, tile

18 flooring, boiler and turbine covers, and building materials to be placed on the market and in the

19 stream of interstate commerce with the result that said products and materials came into use by

20 Decedent and those working in close proximity to Decedent at relevant times herein.

21        7.      Decedent was exposed to asbestos during the course of his life in the manner and

22 during the time periods set forth below:

| Job Title | Employer | Site | Years |
|---|---|---|---|
| BOILER TENDER | UNITED STATES NAVY | USS MOALE DD-693<br>USS ROGERS DD-876<br><br>Service included numerous locations in Southern California. | 1945 to 1949 |
| LABORER, AIRCRAFT MECHANIC, MAINTENANCE WORKER | TINKER CIVIL SERVICE | TINKER CIVIL SERVICE; MIDWAY CITY AIRFORCE BASE, OKLAHOMA | 1949 to 1954 |

11

| Job Title | Employer | Site | Years |
|---|---|---|---|
| LABORER, MAINTENANCE WORKER | FAA MIKE MONRONEY AERONAUTICAL CENTER | FAA MIKE MONRONEY AERONAUTICAL CENTER, OKLAHOMA CITY, OKLAHOMA | 1954 to 1963 |
| MAINTENANCE WORKER | WAREHOUSE BASE | DEL CITY, OKLAHOMA | 1963 to 1970 |

Throughout his adult life, Decedent also performed mechanical work on vehicles for his family, friends, and neighbors, at various locations. Plaintiffs are informed and believe and thereon allege that some of this work occurred at various locations in Southern California.

Throughout his adult life, and possibly earlier, Decedent also performed home repair and remodel work at numerous locations.

8.      During the course and scope of his employment, Decedent continually worked with and in close proximity to others who were working with asbestos and asbestos-containing products. He routinely and regularly worked in close proximity to asbestos and asbestos-containing products, and was continually exposed to asbestos fibers which were released from asbestos and asbestos-containing products which were mined, milled, manufactured, processed, imported, converted, compounded, applied, installed, designed, specified, inspected, approved, supplied, distributed and sold by Defendants, and each of them.

9.      Decedent's exposure to asbestos was the direct and legal cause of his development of the asbestos-related mesothelioma and other illnesses and disabilities whose relationship to asbestos is as yet unknown to Plaintiffs herein, from which Decedent died..

## FIRST CAUSE OF ACTION

### (Negligence)

FOR A FIRST CAUSE OF ACTION, Plaintiffs complain of Defendants, and each of them, and allege:

10.      Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though fully set forth herein, each and every allegation contained in the General Allegations herein.

11.      At all times relevant herein, Defendants and each of them, owed a duty of due care which required them to exercise ordinary care to protect against an unreasonable risk of harm. This duty was owed to Decedent and Plaintiffs.

12

12.     Decedent's development of mesothelioma and related conditions was the direct and legal result of the conduct of Defendants, and each of them, in that they negligently and carelessly researched, tested or failed to test, manufactured, designed, specified, developed, labeled, advertised, marketed, warranted, inspected, fabricated, modified, applied, installed, distributed and supplied asbestos and asbestos-containing products. Defendants, and each of them, without any adequate warning to the consumer or user, produced, sold, and otherwise put into the stream of interstate commerce the foregoing materials which said Defendants and each of them knew, or in the exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to Decedent's body, lungs, respiratory system, skin and health.  Further, Defendants and each of them knew, or through the exercise of ordinary care should have known, that exposure to asbestos is, and at all times relevant herein has been, associated with terminal and incurable diseases which have caused and continue to cause death.

13.     During the time period when Decedent was exposed to asbestos in the manner described above, he had no knowledge that said exposure placed him at risk for developing the diseases described herein and therefore had no opportunity, nor can he be charged with a duty or breach of duty, to protect himself against said harmful asbestos exposure.  Plaintiffs had no knowledge that the alleged conduct, misconduct and culpability of Defendants, and each of them, were actionable at law when they were committed and cannot be charged with knowledge or inquiry thereof.

14.     The mesothelioma and related conditions that afflicted Decedent developed at a microscopic and undetectable level over an extended period of time, without noticeable trauma, and was therefore unknown and unknowable to Decedent until his physicians diagnosed him with mesothelioma and related conditions within the pertinent statute of limitations.  Prior to his diagnosis, Decedent did not know, nor through the exercise of reasonable diligence could he have known, that his disease and related conditions were caused by his exposure to Defendants' asbestos and asbestos-containing products.

///

///

13

1    15.    As a direct and legal result of the conduct of Defendants, and each of them,

2  Decedent developed a disease known and designated as mesothelioma and related conditions, from

3  which he died.

4    16.    And as a further direct and legal result it was necessary for Decedent to retain the

5  services of physicians, hospitals, hospice, and other health care professionals to diagnose, treat, and

6  provide palliative care for Decedent from when he first experienced symptoms related to his

7  asbestos-caused conditions until the end of his life. Plaintiffs do not yet know the full extent of

8  treatment rendered to Decedent nor the reasonable value of medical services rendered to Decedent

9  herein and therefore requests leave to amend this complaint when that sum is determined.

10    17.    As a direct and legal result of the conduct of Defendants, and each of them, and of

11  Decedent's diagnosis of, and death from, mesothelioma and related conditions, Decedent was

12  unable to follow his normal or any gainful occupation for certain periods of time preceding his

13  diagnosis and until Decedent's death. Plaintiffs and Decedent incurred, and will incur, loss of

14  income, wages, pensions, earning potential, profits and commissions, and other pecuniary losses.

15  Plaintiffs do not know the amount of said past losses and therefore request leave to amend this

16  complaint when that sum is determined.

17    18.    As a further, direct and proximate result of the conduct of Defendants, and each of

18  them, Plaintiffs buried Decedent and incurred damages for consequential costs of Decedent's

19  funeral, burial, and related expenses in a sum to be subsequently determined.

20    19.    As a further direct and legal result of the conduct of Defendants, and each of them,

21  Plaintiffs sustained the loss of Decedent's love, companionship, comfort, care, assistance,

22  protection, affection, society, support, teaching and tutelage, all to Plaintiffs' damage in an amount

23  of at least $50,000.

24  ///

25  ///

26  ///

27  ///

28  ///

14

20.     Since 1924, Defendants, and each of them, knew or should have known of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of the Decedent, and others in Decedent's position working in close proximity with such materials.  The Defendants, and each of them, knew or should have known of the dangerous propensities of the aforementioned materials and products since before that time.

21.     Although Defendants knew or should have known of the aforementioned information, Defendants, and each of them, negligently, carelessly, and recklessly failed to label any of the aforementioned asbestos-containing materials and products, including those with which and around which Decedent worked such as thermal insulation materials specified for or on/in boilers, regarding the hazards of such materials and products to the health and safety of Decedent and others in Decedent's position working in close proximity with such materials throughout Decedent's working career, and throughout Decedent's non-occupational exposure history.

22.     Commencing in 1964, many of such asbestos-containing materials were not labeled as hazardous by all of Defendants herein, despite the fact that the knowledge of such hazards existed and that Defendants, and each of them, knew or should have known of such hazards since 1924.  At all times herein mentioned, Defendants, and each of them, negligently, carelessly, and recklessly:

(a)     failed to provide information relating to the danger of the use of the aforementioned materials to Decedent and others in Decedent's position and the general public concerning the dangerous nature of the aforementioned materials to workers;

(b)     failed to disseminate such information in a manner which would give general notice to the public and knowledge of the hazardous nature thereof, when Defendants were bound to disclose such information;

(c)     sold the aforementioned products and materials to Decedent's employer(s) and others without advising such employers and others of dangers of the use of such materials to persons working in close proximity thereto, when Defendants knew or should have known of such dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers;

15

1         (d)     negligently, carelessly and recklessly misrepresented to Decedent, others in

2  Decedent's position, and Decedent's employer that it was safe for Decedent to work in close

3  proximity to such materials, when they knew that this was not the case; and

4         (e)     negligently, carelessly and recklessly failed to disclose to Decedent, others in

5  Decedent's position, Decedent's employer, and members of the general public, medical and

6  scientific data and knowledge of the results of studies including, but not limited to, the information

7  and knowledge of the contents of the Lanza report.

8      23.    Defendants, and each of them, knew or should have known of the connection

9  between inhalation of asbestos fibers and mesothelioma, lung cancer, asbestosis, pleural plaques,

10  and related conditions which information was disseminated through the Asbestos Textile Institute

11  and other industry organizations to all other Defendants, and each of them, herein.

12      24.    At all times mentioned herein, Defendants, and each of them, knew or should have

13  known of the connection between inhalation of asbestos fibers and cancer, which information

14  disseminated through the Asbestos Textile Institute and other industry organizations to all other

15  Defendants herein.

16      25.    Defendants, and each of them, negligently, carelessly and recklessly failed to

17  provide the above described medical and scientific data to Decedent, others in Decedent's position,

18  Decedent's employer(s), and members of the general public concerning such knowledge of danger,

19  when Defendants were bound to disclose it;

20      26.    Defendants, and each of them, knew or should have known that said asbestos-

21  containing materials were dangerous when breathed and caused pathological effects without

22  noticeable trauma, and that such material was dangerous and a threat to the health of persons

23  coming into contact therewith. Defendants, and each of them negligently, carelessly and recklessly

24  did not warn Decedent, other's in Decedent's position, Decedent's employer(s) and the general

25  public of this information.

26      27.    Defendants, and each of them, knew or should have known that adequate protective

27  masks and devices should be used by workers such as Decedent when applying and installing the

28  asbestos-containing products of Defendants.  Defendants, and each of them, knew or should have

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.                                  COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

1   known that not wearing an adequate protective mask and/or device would result in injury to the

2   Decedent and others applying, installing, and removing such materials.  Defendants, and each of

3   them, negligently, carelessly and recklessly do not inform workers such as Decedent, and others

4   applying, installing, and removing such materials of the aforementioned information.

5        28.    Defendants, and each of them, knew or should have known that Decedent and

6   anyone similarly situated in an industrial and construction setting would be exposed to Defendants'

7   asbestos-containing products, and that, upon inhalation of asbestos such persons would, in time,

8   develop irreversible conditions of either mesothelioma, pneumoconiosis, asbestosis or cancer, or

9   all.  Defendants, and each of them, negligently, carelessly and recklessly failed to provide

10   information to the public at large and buyers, users, and physicians employed by Decedent and

11   Decedent's employer for the purpose of conducting physical examinations of Decedent and others

12   working with or near asbestos that exposure to these materials would cause pathological effects

13   without noticeable trauma.

14        29.    The foregoing acts of Defendants, and each of them, and the negligent, careless and

15   reckless conduct of Defendants, and each of them, as described hereinabove, and were done

16   recklessly, wantonly, willfully, oppressively, and in conscious disregard of the safety of Decedent

17   herein, in that:

18        (a)    Defendants, and each of them, prior to and at the time of sale, distribution or

19   supply of the aforementioned products to Decedent s employer or to others who in turn sold to

20   Decedent's employers, and to other persons relevant herein, knew or should have known that the

21   foregoing asbestos fibers released from said products during the foreseeable operations of applying,

22   installing, and removing same, were dangerous when inhaled.

23        (b)    Defendants, and each of them, knew or should have known of the hazards

24   and dangers of working with or around asbestos products produced or supplied by Defendants, and

25   each of them. Defendants, and each of them, knew or should have known that said products would

26   be used by Decedent and others who had no knowledge of the dangerous and hazardous nature

27   thereof.

28   ///

1         (c)    Defendants, and each of them, either did not warn or insufficiently warned

2    regarding the dangerous nature of said products.  Defendants, and each of them, did not place a

3    sufficient warning on the said product or package thereof regarding said dangerous nature.

4    Accordingly, Plaintiffs are entitled to an award of punitive damages.

5         WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

6                  **SECOND CAUSE OF ACTION**

7                  **(Strict Products Liability)**

8         AS AND FOR A SECOND CAUSE OF ACTION, Plaintiffs complain of Defendants, and

9    each of them, and allege:

10        30.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

11   fully set forth herein, each and every allegation contained in the General Allegations and the First

12   Cause of Action herein, except allegations pertaining to negligence.

13        31.    At all times mentioned herein Defendants, and each of them, during the ordinary

14   course of business, mined, milled, manufactured, imported, supplied, distributed, delivered,

15   packaged, labeled, advertised, sold, marketed, distributed, delivered, installed, applied and

16   otherwise introduced into the stream of commerce asbestos and asbestos-containing products which

17   were defective due to their design, manufacture, insufficiency or lack of warning, and/or failure to

18   meet ordinary use or consumer expectations of safety when used in an intended or reasonably

19   foreseeable manner.

20        32.    The asbestos and asbestos-containing products were defective when Defendants, and

21   each of them, marketed and introduced them into the stream of commerce.  Defendants, and each of

22   them, knew that the aforementioned products would be used without inspection for defects by the

23   user thereof.

24        33.    At all times herein mentioned Decedent, Decedent's employer, and other persons

25   relevant herein, purchased from Defendants, and each of them, asbestos and asbestos-containing

26   products.

27   ///

28   ///

18

34.    *Defective Design*: The products were defectively designed in that:

(a)    The products failed to perform as safely as an ordinary consumer would expect in their intended or reasonably foreseeable use or manner of operation, or,

(b)    The products had inherent risks of danger that outweighed their benefits; alternate and safer substitute products existed and the state-of-the-art required their use given the seriousness of the potential danger, likelihood of its occurrence, feasibility, cost and adverse consequences to the product and to the consumer of a safer alternative design.

35.    *Failure to Warn*: Defendants knew or reasonably should have known of the dangerous propensities of their products but nonetheless distributed and marketed their products with inadequate warning of its dangers.

36.    Each of Defendants' products reached Decedent without substantial change in its condition.

37.    The aforementioned products were used by Decedent and those in close proximity to Decedent in a foreseeable manner, and in the manner for which they were intended. Defendants' products were used in a manner reasonably foreseeable by Defendants, which Defendants intended or knew they would be used, or for which they marketed them or knew they were marketed to be used.

38.    At all times mentioned herein, Plaintiffs and Decedent were unaware of the dangerous nature of the aforementioned products.

39.    The defective design of Defendants' products and failure to warn were the proximate causes of Decedent's injuries and death.

40.    As a direct and legal result of the conduct of Defendants, and each of them, Decedent developed an asbestos-related mesothelioma and related conditions and disabilities as previously set forth, from which he died.

41.    The aforementioned products were used by Decedent and those in close proximity to Decedent in a foreseeable manner, and in the manner for which they were intended.

///

///

1   42.   (a)   Defendants, and each of them, knew that Defendants' asbestos-containing

2   products would be used by Decedent and anyone similarly situated in an industrial and construction

3   setting without inspection for defects.

4   (b)   Defendants, and each of them, knew that such persons would be exposed to

5   Defendants' asbestos-containing products

6   (c)   Defendants, and each of them, knew that, upon inhalation of asbestos from

7   defendant's asbestos-containing products, such persons would, in time, develop irreversible

8   conditions of either mesothelioma, pneumoconiosis, asbestosis or cancer, or all.

9   (d)   At the time Defendants, and each of them, placed such asbestos-containing

10   products in to the stream of commerce, Defendants and each of them knew or should have known

11   of the risks and hazards associated with the use and/or exposure of its products.

12   (e)   At the time Defendants, and each of them, placed such asbestos-containing

13   products in to the stream of commerce, and subsequent thereto, Defendants, and each of them

14   failed to warn or provided inadequate warnings to persons who used or would be exposed to its

15   defective asbestos-containing products, including Decedent, of the dangers and hazards associated

16   with its products.

17   (f)   At the time Defendants, and each of them, placed such asbestos-containing

18   products in to the stream of commerce, and subsequent thereto, Defendants, and each of them

19   failed to provide instructions or provided inadequate instructions to persons who used its defective

20   asbestos-containing products, or who would be exposed to said products, including Decedent, of

21   the dangers and hazards associated with its products.

22   (g)   Defendants, and each of them, prior to and at the time of placing the

23   aforementioned products in to the stream of commerce, including but not limited to supplying said

24   products to Decedent's employer or to others who in turn sold to Decedent's employers, and to

25   other persons relevant herein, knew that the asbestos which Decedent and others around him were

26   exposed to was dangerous. Defendants, and each of them, either did not warn or insufficiently

27   warned regarding the dangerous nature of said products, and failed to place a sufficient warning on

28   the said product or package thereof regarding said dangerous nature, despite knowing that said

*Glenn, et al. v. Allied Packing & Supply, et al.*   COMPLAINT FOR DAMAGES (WRONGFUL
Case No.                                              DEATH)

1    products would be used by Decedent and others around him who had no knowledge of the

2    dangerous and hazardous nature thereof.

3          43.      The conduct of Defendants, and each of them, was motivated by their financial

4    interests.  In this financial pursuit, Defendants consciously disregarded the safety of users, and

5    persons exposed to their products, and were consciously willing to permit their products and

6    premises to injure workers and others, including Decedent in order to maximize profits.  They

7    consciously disregarded the well-publicized risks of asbestos exposure because to have kept

8    consumers and end users like Decedent safe would have required said Defendants to make less

9    money or limit distribution of their products.  Defendants, and each of them, either did not warn or

10   insufficiently warned regarding the dangerous nature of said products, nor placed a sufficient

11   warning on the said product or package thereof regarding said dangerous nature, despite knowing

12   that said products would be used by Decedent and others around him who had no knowledge of the

13   dangerous and hazardous nature thereof.  Defendants' conduct as described herein was and is

14   willful, malicious, outrageous, and in conscious disregard and indifferent to the safety and health of

15   workers and others exposed to asbestos, including Decedent, and therefore Plaintiffs are entitled to

16   an award of punitive damages.

17         WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

18                        **THIRD CAUSE OF ACTION**

19                          **(Failure to Warn)**

20         AS AND FOR A THIRD CAUSE OF ACTION, Plaintiffs complain of Defendants, and

21   each of them, and allege:

22         44.      Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

23   fully set forth herein, each and every allegation contained in the General Allegations and the First

24   and Second Causes of Action herein, except allegations pertaining to negligence and design and

25   manufacturing defect.

26         45.      At all relevant times, the asbestos and asbestos-containing products which were

27   mined, milled, manufactured, tested, developed, processed, imported, converted, compounded

28   assembled, fabricated, modified, designed, specified, approved, sold, supplied, distributed,

21

1   delivered, packaged, labeled, advertised, marketed, warranted, applied, installed, and inspected by

2   Defendants, and each of them, were defective as a result of Defendants' failure to warn or give

3   adequate warning that the particular risk of developing an asbestos-related disease, and risk of

4   death from an asbestos-related disease resulting from exposure to asbestos, rendered the product

5   unsafe for its intended or reasonably foreseeable use.

6       46.   At all relevant times, Defendants and each of them had specific knowledge of these

7   risks or could have known of these risks by the application of scientific knowledge available at the

8   time of mining, manufacturing, selling, supplying, distributing, marketing, specifying, approving,

9   inspecting, applying and installing the asbestos and asbestos-containing products.

10      47.   As a direct and legal result of the conduct of Defendants, and each of them,

11  Decedent developed an asbestos-related mesothelioma and related conditions and disabilities as

12  previously set forth, and incurred damages in excess of $50,000.00 in addition to the special

13  damages alleged herein.

14      WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

15                          **FOURTH CAUSE OF ACTION**

16                             **(Breach of Warranties)**

17      AS AND FOR A FOURTH CAUSE OF ACTION, Plaintiffs complain of Defendants, and

18  each of them, and allege:

19      48.   Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

20  fully set forth herein, each and every allegation contained in the General Allegations and the First

21  Cause of Action herein, except allegations pertaining to negligence.

22      49.   Defendants, and each of them, sold, supplied, delivered or otherwise distributed to

23  Decedent, or to another purchaser or user who subsequently sold, supplied, delivered or otherwise

24  distributed to Decedent, or to others working in close proximity to Decedent, the above-described

25  asbestos and asbestos-containing products to which Decedent was exposed.

26  ///

27  ///

28  ///

22

*Glenn, et al. v. Allied Packing & Supply, et al.*              COMPLAINT FOR DAMAGES (WRONGFUL
Case No.                                                                                DEATH)

50.     Defendants, and each of them, knew the intended purpose of the asbestos and asbestos-containing products prior to marketing said products, and knew or should have known that dangerous levels of asbestos fiber would be released during the process of applying, installing and removing these products.

51.     Defendants, and each of them, placed said asbestos and asbestos-containing products on the market without any warning, or with an inadequate warning, and by so doing impliedly warranted that said products were of good and merchantable quality and fit for their intended purpose.

52.     Defendants, and each of them, impliedly warranted that their products were of merchantable quality and safe, fit and proper for the uses which Defendants knew or intended were to be made of them at the time of selling them.

53.     Decedent reasonably relied on the skill, knowledge and judgment of Defendants, and each of them, in Decedent's use of the products as a basis of the bargain under which such products were bought and used.

54.     The products were neither safe for their intended use nor of merchantable quality or fit for use as warranted by Defendants, and each of them, in that said products had dangerous propensities when put to the use for which each of these Defendants knew or intended they were marketed or sold, and would cause severe injury to users or bystanders, such as Decedent.

55.     Defendants, and each of them, breached the implied warranties of merchantability and fitness for an intended purpose by marketing asbestos and asbestos-containing products without a warning, or with an inadequate warning, advising Decedent and others working in close proximity to Decedent that dangerous levels of asbestos fiber would be released during the process of applying, installing and removing said products.

56.     As a direct and legal result of the conduct of Defendants, and each of them, Decedent developed an asbestos-related disease known and designated as asbestos related mesothelioma, from which he died.  Plaintiffs have incurred damages in excess of $50,000.00 in addition to the special damages alleged herein.

WHEREFORE, Plaintiffs pray judgment as is hereinafter set forth.

23

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

**FIFTH CAUSE OF ACTION**

**(Fraud and Conspiracy)**

AS AND FOR A FIFTH CAUSE OF ACTION, Plaintiffs complain of Defendants, and each of them, and allege:

57.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though fully set forth herein, each and every allegation contained in the First through Fourth Causes of Action herein.

58.    Pursuant to Section 1708 of the Civil Code of California, Defendants and each of them, owed a duty to Decedent at all times relevant herein to abstain from injuring the Decedent or infringing upon any of his rights.

59.    Defendants, and each of them, breached the duty they owed to Decedent and Plaintiffs pursuant to Section 1708 of the Civil Code of California by willfully deceiving him with the intent to induce him to alter his position to his injury or risk. Defendants, and each of them, deceived the Decedent and committed actionable fraud pursuant to Section 1709 and Section 1710 of the Civil Code of California.

60.    Defendants, and each of them, as more fully set forth below, suggested as fact that which was not true, and that which Defendants, and each of them, did not believe was true.

61.    Defendants, and each of them, as more fully set forth below, asserted as fact that which was not true, and that which Defendants, and each of them, had no reasonable grounds for believing was true.

62.    Defendants, and each of them, as more fully set forth below, suppressed facts which they were obligated to disclose, and gave information of other facts which were likely to mislead for want of communication of the undisclosed facts.

63.    Defendants, and each of them, made promises without any intention of keeping those promises.

64.    Since 1924, Defendants, and each of them, have known and have possessed the true facts of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of the Decedent,

24

1  and others in Plaintiffs' position working in close proximity with such materials.  The Defendants,

2  and each of them, have known of the dangerous propensities of the aforementioned materials and

3  products since before that time, and with intent to deceive Decedent, and others in his position, and

4  with intent that he and such others should be and remain ignorant of such facts, and with intent to

5  induce Decedent and such others to alter his and their positions to his and their injury and/or risk

6  and in order to gain advantages did do the following acts:

7          (a).     Defendants, and each of them, did not label any of the aforementioned

8  asbestos-containing materials and products regarding the hazards of such materials and products to

9  the health and safety of Decedent and others in Decedent's position working in close proximity

10  with such materials until 1964, when certain of such materials were labeled by some, but not all, of

11  Defendants herein, despite the fact that the knowledge of such hazards existed and was known to

12  Defendants, and each of them, since 1924. By not labeling such materials as to their said hazards,

13  Defendants, and each of them, caused to be suggested as a fact to Decedent and Decedent's

14  employer that it was safe for Decedent to work in close proximity to such materials when in fact it

15  was not true and Defendants did not believe it to be true;

16          (b)      Defendants, and each of them, suppressed information relating to the danger

17  of the use of the aforementioned materials by requesting the suppression of information to the

18  Decedent and the general public concerning the dangerous nature of the aforementioned materials

19  to workers and by not allowing such information to be disseminated in a manner which would give

20  general notice to the public and knowledge of the hazardous nature thereof, when Defendants were

21  bound to disclose such information;

22          (c)      Defendants, and each of them, sold the aforementioned products and

23  materials Decedent's employer and others without advising such employers and others of dangers

24  of the use of such materials to persons working in close proximity thereto, when Defendants knew

25  of such dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers.

26  Thereby, Defendants caused to be positively asserted to Decedent's employer that which was not

27  ///

28  ///

25

1     true and which Defendants had no reasonable ground for believing to be true, and in a manner not

2     warranted by the information possessed by said Defendants, and each of them, to wit, that it was

3     safe for Decedent to work in close proximity to such materials;

4               (d)     Defendants, and each of them, suppressed and continue to suppress from

5     everyone, including Decedent and Decedent's employer, medical and scientific data and knowledge

6     of the results of studies including, but not limited to, the information and knowledge of the contents

7     of the Lanza report. Although bound to disclose it, Defendants, and each of them, influenced A. J.

8     Lanza to change his report, the altered version of which was published in <u>Public Health Volume</u> at

9     page I in 1935, thereby causing Decedent to be and remain ignorant thereof.   Defendants, and each

10     of them, caused <u>Asbestos Magazine</u>, a widely disseminated trade journal, to omit mention of

11     danger, thereby lessening the probability of notice of danger to the users thereof;

12               (e)     Defendants, and each of them, belonged to, participated in, and financially

13     supported the Asbestos Textile Institute and other industry organizations which, and on behalf of

14     Defendants, and each of them, actively promoted the suppression of information of danger to users

15     of the aforementioned products and materials, thereby misleading Decedent and Decedent's

16     employer by the suggestions and deceptions set forth above in this cause of action. The Dust

17     Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos

18     Textile Institute was specifically enjoined to study the subject of dust control.  Discussions in this

19     committee were held many times regarding the dangers inherent in asbestos and the dangers which

20     arise from the lack of control of dust, and the suppression of such information from 1946 to a date

21     unknown to Plaintiffs at this time;

22               (f)     Commencing in 1930 with the study of mine and mill workers at Asbestos

23     and Thetford Mines in Quebec, Canada, and the study of workers at Raybestos- Manhattan plants

24     in Manheim and Charleston, South Carolina, Defendants knew and possessed medical and

25     scientific information of the connection between inhalation of asbestos fibers and mesothelioma,

26     lung cancer, asbestosis, pleural plaques, and related conditions which information was

27     disseminated through the Asbestos Textile Institute and other industry organizations to all other

28     Defendants, and each of them, herein. Between 1942 and 1950, Defendants, and each of them,

26

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.                                        COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

1    acquired medical and scientific information of the connection between inhalation of asbestos fibers

2    and cancer, which information disseminated through the Asbestos Textile Institute and other

3    industry organizations to all other Defendants herein. Thereby, Defendants suggested as a fact that

4    which is not true and disseminated other facts likely to mislead Decedent and Decedent's employer

5    and which did mislead them by withholding afore described medical and scientific data and by not

6    giving Decedent or Decedent's employer the true facts concerning such knowledge of danger,

7    when Defendants were bound to disclose it;

8              (g)    Defendants, and each of them, failed to warn Decedent and Decedent's

9    employer that said materials were dangerous when breathed and caused pathological effects

10    without noticeable trauma, despite the fact that Defendants possessed knowledge and were under a

11    duty to disclose that such material was dangerous and a threat to the health of persons coming into

12    contact therewith;

13              (h)    Defendants, and each of them, failed to provide Decedent with information

14    concerning adequate protective masks and devices to be used when applying, installing, and the

15    products of Defendants, and each of them, despite the knowledge of Defendants and a duty to

16    disclose that such protective measures were necessary and would result in injury to the Decedent

17    and others applying and installing such materials if not so advised;

18              (i)    Defendants, and each of them, concealed from Decedent the true nature of

19    the industrial and construction exposure of Decedent, and knew that Decedent and anyone similarly

20    situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either

21    mesothelioma, pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was

22    exposed would cause pathological effects without noticeable trauma despite the fact that

23    Defendants were under a duty to and bound to disclose it; and

24              (j)    Defendants, and each of them, failed to provide information to the public at

25    large and buyers, users, and physicians employed by Decedent and Decedent's employer for the

26    purpose of conducting physical examinations of Decedent and others working with or near asbestos

27    of the true nature of the hazards of asbestos, and that exposure to these materials would cause

28    pathological effects without noticeable trauma to the public, including buyers, users, and

27

1 physicians employed by Decedent and Decedent's employer so that said physicians could examine,

2 diagnose and treat Decedent and others who were exposed to asbestos, despite the fact that

3 Defendants, and each of them, were under a duty to so inform and said failure was misleading.

4      65.    Defendants, and each of them, having the aforementioned knowledge of facts and

5 knowing that the Decedent did not possess such knowledge, acted falsely and fraudulently and with

6 full intent to cause Decedent to remain unaware of those facts and to induce Decedent to work with

7 and around unsafe products in a dangerous environment, all in violation of Section 1710 of the

8 Civil Code of the State of California.

9      66.    At all times mentioned, Defendants, and each of them, knowingly and willfully

10 conspired and agreed among themselves to perpetrate upon Decedent the unlawful acts complained

11 of in the First and this Fifth Causes of Action.

12      67.    Defendants, and each of them, and at least one of them, did the acts herein alleged in

13 this Cause of Action in furtherance of the conspiracy and agreement as herein alleged, and also

14 acted in furtherance of a conspiracy and agreement between and among Defendants, and each of

15 them, to violate State and Federal laws and regulations, the exact nature and extent of which are

16 unknown at this time, but known full well to Defendants, and each of them.  These actions were

17 done maliciously, wantonly, and in reckless disregard for the health and safety of others, including

18 Decedent herein.

19      68.    Decedent reasonably relied upon the misrepresentations of Defendants, and each of

20 them, and in reliance on same continued to work with and around asbestos and asbestos-containing

21 products. Decedent would have taken steps to protect his health and life had he known the facts,

22 which were known to Defendants, and each of them, about exposure to asbestos and asbestos-

23 containing products. Decedent would not have knowingly continued to work in an unsafe

24 environment. He had no knowledge of the foregoing facts and actions of Defendants, and each of

25 them, at the time when they were committed, and cannot be charged with knowledge or inquiry

26 thereof.

27 ///

28 ///

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL
DEATH)

69.     As a direct and legal result of the conduct of Defendants, and each of them, Decedent developed an asbestos-related mesothelioma and related conditions and disabilities as previously set forth, from which he died.  Plaintiffs have incurred damages in excess of $50,000.00 in addition to the special damages alleged.

WHEREFORE, Plaintiffs pray judgment as is hereinafter set forth.

### SIXTH CAUSE OF ACTION

### (False Representation Under Restatement Torts Section 402-B)

AS AND FOR A SIXTH CAUSE OF ACTION, Plaintiffs complain of Defendants, and each of them, and allege:

70.     Plaintiffs incorporate by reference as though fully set forth herein, each and every allegation of the First, Second, Third, Fourth, and Fifth Causes of Actions herein.

71.     At the aforementioned time when Defendants, and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale and sold the said asbestos and asbestos-containing products, as hereinabove set forth, Defendants, and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and including Decedent herein and his employers, that asbestos and asbestos-containing products were of merchantable quality, and safe for the use for which they were intended.

72.     The purchasers and users of said asbestos and asbestos-containing products, including Decedent and his employers, relied upon said representations of Defendants and each of them, in the selection, purchase and use of asbestos and asbestos-containing products.

73.     Said representations by Defendants, and each of them, were false and untrue, in that the asbestos and asbestos-containing products were not safe for their intended use, nor were they of merchantable quality as represented by Defendants, and each of them, in that asbestos and asbestos

///

///

///

29

1    containing products have very dangerous properties and defects whereby said products cause

2    mesothelioma, lung cancer, asbestosis, pleural plaques, and other diseases, and have other defects

3    that cause injury and damage to the users of said products, including the Decedent herein, thereby

4    threatening the health and life of Decedent.

5          74.     As a direct and legal result of the conduct of Defendants, and each them Decedent

6    developed an asbestos-related lung cancer and related conditions and disabilities as previously set

7    forth, from which he died. Prior to Decedent's death, Decedent had incurred damages in excess of

8    $50,000.00 in addition to the special damages alleged herein.

9                 WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

10                      **SEVENTH CAUSE OF ACTION**

11                 **(Survival Action and Punitive Damages)**

12        AS AND FOR A SEVENTH CAUSE OF ACTION, Plaintiffs complain of Defendants, and

13    each of them, and allege as follows:

14          75.     Plaintiffs hereby incorporate each allegation contained in each and every paragraph

15    of the General Allegations and the First through Sixth Causes of Action, inclusive, as though fully

16    realleged in respect to this cause of action.

17          76.     Prior to his death, Decedent had a cause of action against Defendants herein for

18    personal injuries arising from his exposure to asbestos. Subsequent to the arisal of this cause of

19    action and within the pertinent statutes of limitation, Decedent who would have been the plaintiff in

20    this action if he had lived, died.

21          77.     As a proximate result of the conduct of Defendants, and each of them, Decedent was

22    required to, and did, employ physicians and surgeons to examine, treat and care for him and did

23    incur medical and incidental expenses in a sum to be subsequently determined.

24          78.     As a further, direct and proximate result of the conduct of Defendants, and each of

25    them, Decedent was prevented from attending to his usual occupation for a period of time and

26    thereby incurred damages for loss of earnings in a sum to be subsequently determined.

27    ///

28    ///

30

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1   79.   As a further, direct and proximate result of the conduct of Defendants, and each of

2   them, Plaintiffs buried Decedent and incurred damages for consequential costs of Decedent's

3   funeral and burial in a sum to be subsequently determined.

4   80.   As a direct and legal result of the conduct of Defendants, and each of them, prior to

5   Decedent's death, Decedent sustained the damages alleged herein, in an amount of at least $50,000.

6   WHEREFORE, Plaintiffs GWENDOLYN GLENN, individually and as the Trustee of the

7   WILLIAM D. AND BETTY I. BELL LIVING TRUST; LuCINDY BELL PETERS, by

8   Gwendolyn Glenn, the conservator of the person and estate of LuCINDY BELL PETERS; PANDY

9   ELIZABETH BELL MOORE; RODGER DALLAS BELL; and JEREMY DALLAS BELL pray

10  judgment as follows:

11  **First, Second, and Fifth Causes of Action**

12  1.   General damages in an amount in excess of $50,000.00 in accordance with proof;

13  2.   Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

14  accordance with proof;

15  3.   Punitive and exemplary damages in an amount found appropriate by the trier of fact

16  in accordance with proof;

17  4.   Special damages in accordance with the proof;

18  5.   Prejudgment interest and post-judgment interest in accordance with law;

19  6.   Costs of suit; and,

20  7.   Such and other and further relief as the Court deems just and proper.

21  **Third, Fourth, and Sixth Causes of Action**

22  1.   General damages in an amount in excess of $50,000.00 in accordance with proof;

23  2.   Special damages in accordance with the proof;

24  3.   Prejudgment interest and post-judgment interest in accordance with law;

25  4.   Costs of suit; and,

26  5.   Such and other and further relief as the Court deems just and proper.

27  ///

28  ///

31

**Seventh Cause of Action**

     1.    General damages in an amount in excess of $50,000.00 in accordance with proof;

     2.    Special damages in accordance with the proof;

     3.    Punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with proof;

     4.    Prejudgment interest and post-judgment interest in accordance with law;

     5.    Costs of suit; and

     6.    Such and other and further relief as the Court deems just and proper.


DATED: May 2, 2008                BRENT COON & ASSOCIATES

                                      By: _____

                                        YVONNE HUGGINS-McLEAN
                                        Attorney for Plaintiffs

*Glenn, et al. v. Allied Packing & Supply, et al.*
Case No.

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)