(VBKx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:09-cv-03724-R -VBK

| | |
|---|---|
| Ellis Michael Staton et al v. American Standard, Inc. | Date Filed: 05/26/2009 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 12/09/2009 |
| Referred to: Magistrate Judge Victor B. Kenton | Jury Demand: Plaintiff |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court State of CA County of Los Angeles, BC412018 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

**Ellis Michael Staton**                    represented by **Denyse F Clancy**
Baron & Budd PC
3102 Oak Lawn Avenue Suite 1100
Dallas, TX 75219
214-521-3605
Fax: 214-520-1181
Email: dclancy@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric L Brown**
Baron and Budd PC
9465 Wilshire Blvd Suite 460
Beverly Hills, CA 90212
310-860-0476
Fax: 310-860-0480
Email: ebrown@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jed Borghei**
Baron and Budd PC
9465 Wilshire Boulevard Suite 460
Beverly Hills, CA 90212
310-860-0476
Fax: 310-860-0480
Email: jborghei@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer K Berg**
Baron & Budd PC

9465 Wilshire Boulevard Suite 460
Beverly Hills, CA 90212
310-860-0476
Fax: 310-860-0480
Email: jberg@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Langdoc**
Barron and Budd
3102 Oak Lawn Avenue Suite 1100
Dallas, TX 75219
214-521-3605
Fax: 214-520-1181
Email: jlangdoc@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R Kiesel**
Kiesel Boucher Larson LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
310-854-4444
Fax: 310-854-0812
Email: kiesel@kbla.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Susan Mary Staton**                     represented by   **Denyse F Clancy**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Eric L Brown**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jed Borghei**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jennifer K Berg**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **John Langdoc**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American Standard, Inc.**
*individually and as*
*Successor*
The Trane Company

**Defendant**

**Aurora Pump Company**                represented by    **Craig R Maki**
Selman Breitman
11766 Wilshire Blvd, 6th Fl
Los Angeles, CA 90025-6538
310-445-0800
Email: CMaki@selmanbreitman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Armstrong International, Inc.**          represented by    **Thomas J LoSavio**
Low Ball & Lynch
601 California Street
21st Floor
San Francisco, CA 94108
415-981-6630
Email: tlosavio@lowball.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Buffalo Pumps, Inc.**

**Defendant**

**Carrier Corporation**                  represented by    **Lillian Chia-Ai Ma**
*individually and as*                                     Tucker Ellis & West
*Successor*                                               135 Main Street
Crocker-Wheeler Company                                   Suite 700
*Successor*                                               San Francisco, CA 94105
Elliot Company                                            415-617-2400
                                                          Fax: 415-617-2409
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Nathan T Newman**
                                                          Nathan T Newman Law Offices

1114 12th St, Apt 106
Santa Monica, CA 90403
310-394-9926
Email: nathan.newman@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cleaver-Brooks, Inc.**
*individually and*
*formerly known as*
Aqua-Chem, Inc.

**Defendant**

**Crane Co.**
*individually and as*
*Successor*
Chapman Valves

**Defendant**

**Dowman Products, Inc.**

**Defendant**

**FMC Corporation**                         represented by **Francis D Pond**
*individually,*                                              Pond North LLP
*Successor*                                                  350 South Grand Avenue Suite 3300
Peerless Pump Co.                                            Los Angeles, CA 90071
                                                            213-617-6170
                                                            Fax: 213-623-3594
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Previn A Wick**
                                                            Pond North LLP
                                                            350 South Grand Avenue Suite 3300
                                                            Los Angeles, CA 90071
                                                            213-617-6170
                                                            Email: pwick@pondnorth.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technologies, L.L.C.**
*individually and as*
*Successor*
Garlock, Inc.

**Defendant**

**Georgia-Pacific, LLC**                     represented by **Bo W Kim**
*individually and as*                                       Perkins Coie LLP

| | |
|---|---|
| *Successor*<br>Bestwall Gypsum Company<br>*formerly known as*<br>Georgia-pacific Corporation | Suite 1700<br>1888 Century Park East<br>Los Angeles, CA 90067-1721<br>310-788-9900<br>Fax: 310-843-1284<br>Email: bkim@perkinscoie.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**David T Biderman**
Perkins Coie LLP
1888 Century Park East Suite 1700
Los Angeles, CA 90067-1721
310-788-9900
Fax: 310-788-3399
Email: dbiderman@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps Incorporated**

**Defendant**

**Grinnell, L.L.C.**
*formerly known as*
Hamilton Distributing, Inc.

represented by **Tricia A Takagi**
Morgan Lewis and Bockius
Five Park Plaza Suite 1750
Irvine, CA 92614
949-399-7150
Email: ttakagi@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Georgia Zoe Schneider**
Morgan Lewis and Bockius
300 South Grand Avenue
Twenty-Second Fl
Los Angeles, CA 90071-3132
213-612-2500
Fax: 213-612-2501
Email: gschneider@morganlewis.com
*TERMINATED: 07/22/2009*

**Defendant**

**IMO Industries, Inc.**
*individually and as*
*Successor*
De Laval Turbine, Inc.

**Defendant**

**Ingersoll-Rand Company**

*individually and as*
*Successor*
The Aldrich Company

**Defendant**

**ITT Corporation**
*individually and as successor-in-interst to*
*"Bell & Gossett" branded product and*
*Grinnell Corporation*
*formerly known as*
ITT Industries, Inc.

**Defendant**

**John K. Bice Co., Inc.**

**Defendant**

**Johnson Controls, Inc.**                  represented by   **John Lewis Holcomb , Jr**
                                                             Baker Keener and Nahra LLP
                                                             633 West Fifth Street Suite 5400
                                                             Los Angeles, CA 90071
                                                             213-241-0900
                                                             Fax: 213-241-0990
                                                             Email: jholcomb@bknlawyers.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Michael H Bailey**
                                                             Baker Keener and Nahra LLP
                                                             Library Tower
                                                             633 W 5th Street Ste 5400
                                                             Los Angeles, CA 90071
                                                             213-241-0900
                                                             Fax: 213-241-0990
                                                             Email: mbailey@bknlawyers.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Kaiser Gypsum Company, Inc.**             represented by   **Gregory Kim**
                                                             Hassard Bonnington
                                                             444 South Flower Street
                                                             Suite 1700
                                                             Los Angeles, CA 90071
                                                             213-683-0800
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Kelly-Moore Paint Company, Inc.**         represented by   **David K Schultz**
*TERMINATED: 07/27/2009*                                     Grace Genson Cosgrove & Schirm

444 S Flower St, 11th Fl
Los Angeles, CA 90071-2912
213-533-5400
Email: dschultz@gcslaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leslie Controls, Inc.**                represented by    **Jennifer Judin**
Dehay & Elliston LLP
800 West Sixth Street Suite 788
Los Angeles, CA 90017
213-271-2727
Fax: 213-271-2730
Email: jjudin@dehay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Christopher White , II**
DeHay and Elliston LLP
800 West 6th Street Suite 788
Los Angeles, CA 90017
213-271-2727
Fax: 213-277-2730
Email: pwhite@dehay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mechanical Drives & Belting**
*formerly known as*
L.A. Rubber Company

**Defendant**

**Metalclad Insulation Corporation**
*TERMINATED: 07/24/2009*

**Defendant**

**Pentair, Inc.**
*individually and as*
*Successor*
Aurora Pump Company

**Defendant**

**Red-White Valve Corporation**          represented by    **Peter B Langbord**
Foley & Mansfield PLLP
300 South Grand Avenue Suite 2800
Los Angeles, CA 90071
213-283-2100
Fax: 213-283-2101

Email: plangbord@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Spence Engineering Company, Inc.**

**Defendant**

**Spirax Sarco, Inc.**                    represented by    **Anne C Gritzer**
Walsworth Franklin Bevins and McCall
LLP
One City Boulevard West Fifth Floor
Orange, CA 92868
714-624-2522
Fax: 714-634-0686
Email: agritzer@wfbm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SPX Corporation**
*individually and as (successor in-interest
to Aurora Pump Company)*

**Defendant**

**Thomas Dee Engineering Co.**

**Defendant**

**Triple A Machine Shop, Inc.**
*also known as*
Triple A Shipyard

**Defendant**

**Union Carbide Corporation**            represented by    **Farah Sohaili Nicol**
McKenna Long and Aldridge LLP
300 South Grand Suite 1400
Los Angeles, CA 90071
213-688-1000
Fax: 213-243-6330
Email: fnicol@mckennalong.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lesa M Meyers**
McKenna Long & Aldridge LLP
444 South Flower Street
8th Floor
Los Angeles, CA 90071-2901
213-688-1000
Fax: 213-243-6330

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan S Landis**
McKenna Long & Aldridge
444 S Flower St, 8th Fl
Los Angeles, CA 90071-2901
213-688-1000
Email: rlandis@mckennalong.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J Sayers**
McKenna Long and Aldridge LLP
300 South Grand Suite 1400
Los Angeles, CA 90071
213-688-1000
Fax: 213-243-6330
Email: wsayers@mckennalong.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The William Powell Company**

**Defendant**

**Yarway Corporation**                    represented by **Joseph Duffy**
Morgan Lewis and Bockius
300 South Grand Avenue
Twenty-Second Fl
Los Angeles, CA 90071-3132
213-612-2500
Fax: 213-612-2501
Email: jduffy@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Josi Raye Kennon Swonetz**
Morgan Lewis and Bockius
300 South Grand Avenue 22nd Floor
Los Angeles, CA 90071
213-612-2500
Fax: 213-612-2501
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tricia A Takagi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**York Interarional Corporation**
*individually and as*
*Successor*
Central Environmental Systems, Inc.
*formerly known as*
Borg-Warner Central Environmental
Systems, Inc.

represented by **John Lewis Holcomb , Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael H Bailey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**York-Luxaire, Inc.**

**Defendant**

**Luxaire Inc. and The C.A. Olsen**
**Manufacturing Company**
*doing business as*
"Moncrief Furnaces"
*doing business as*
York Hearing & Air Conditioning

**Defendant**

**Zurn Industries, LLC**
*and successor-by-merger to Erie City Iron*
*Works*
*doing business as*
"Keystone" branded products
*formerly known as*
Zurn Industries, Inc.
*also known as*
Erie City Iron Works

**Defendant**

**DOES**
*9-300 inclusive*

**Defendant**

**Fraser's Boiler Service, Inc.**

represented by **Bryan Douglas Parker**
Pond North LLP
350 South Grand Avenue Suite 3300
Los Angeles, CA 90071
213-617-6170
Fax: 213-623-3594
Email: bparker@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Francis D Pond**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sandra L Gryder**
Pond North LLP
350 South Grand Avenue Suite 3300
Los Angeles, CA 90071
213-617-6170
Fax: 213-623-3594
Email: sgryder@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Atwood & Morrill Co Inc**
*also known as*
Doe 1

**Defendant**

**Cleaver-Brooks Inc**
*formerly known as*
Agua-Chem Inc
*Successor*
Davis Engineering Company
*also known as*
Doe 2
*doing business as*
Cleaver-Brooks Division

**Defendant**

**Dresser-Rand Company**
*indivdiually and as successor in interest to*
*Terry Stream Turbine Company and*
*Whiton machine Company*
*also known as*
Doe 3

**Defendant**

**Gardner Denver Nash LLC**
*individual and as sccessor in interest to*
*Successor*
The Nash Engineering Company
*also known as*
Doe 5

**Defendant**

**Velan Steam Trap Corporation**
*TERMINATED: 07/24/2009*
*also known as*

Doe 6
*TERMINATED: 07/24/2009*

**Defendant**

**Velan Valve Corpoation**
*individually and as successor in interest to*
*Velan Stream Trap Corporation*
*TERMINATED: 07/24/2009*
*also known as*
Doe 7
*TERMINATED: 07/24/2009*

**Defendant**

**Weil Pump Company Inc**
*also known as*
Doe 8

**Defendant**

**Ingersoll-Rand Company**
*individually and as successor in interest to*
*Terry Stream Turbine and the Whiton*
*Machine Company*
*also known as*
Doe 4

| Date Filed | # | Docket Text |
|---|---|---|
| 05/26/2009 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC412018 with CONFORMED copy of summons and complaint. Case assigned to Judge J. Spencer Letts, Discovery to Magistrate Judge Margaret A Nagle. (Filing fee $ 350 PAID), filed by Defendant Leslie Controls, Inc.(car) (Additional attachment(s) added on 6/2/2009: # 1 Notice of Assignment, # 2 Civil Cover Sheet, # 3 Exhibit Part 1, # 4 Exhibit Part 2, # 5 Exhibit Part 3, # 6 Exhibit Part 4, # 7 Exhibit Part 5, # 8 Exhibit Part 6, # 9 Exhibit Part 7) (ds). (Entered: 05/28/2009) |
| 05/26/2009 | 2 | CERTIFICATION of Interested Parties filed by Defendant Leslie Controls, Inc., identifying Corporate Parent Circor International for Leslie Controls, Inc. (car) (ds). (Entered: 05/28/2009) |
| 05/26/2009 | 3 | NOTICE OF TAG-ALONG ACTION filed by Defendant Leslie Controls, Inc. (car) (Additional attachment(s) added on 6/2/2009: # 1 Exhibit) (ds). (Entered: 05/28/2009) |
| 05/26/2009 | 4 | DEFENDANT Leslie Controls Inc.'s Notice of Removal to Adverse Party (car) (ds). (Entered: 05/28/2009) |
| 05/26/2009 | 5 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Danyse Clancy for Plaintiffs Ellis Michael Staton, Susan Mary Staton. (car) (Entered: 05/28/2009) |
| 05/26/2009 | 6 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney John Langdoc for Plaintiffs Ellis Michael Staton, Susan Mary Staton. (car) (Entered: |

| | | |
|---|---|---|
| | | 05/28/2009) |
| 05/29/2009 | 7 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge J. Spencer Letts. ORDER case returned to the Clerk for random reassignment pursuant to General Order 08-05. Case randomly reassigned from Judge J. Spencer Letts to Judge Margaret M. Morrowfor all further proceedings. The case number will now reflect the initials of the transferee Judge CV 09-3724 MMM (MANx). (rn) (Entered: 05/29/2009) |
| 05/29/2009 | 8 | ORDER TO REASSIGN CASE due to self-recusal pursuant to General Order 08-05 by Judge Margaret M. Morrow. Case transferred to the calendar of Judge George H. King for all further proceedings. Case number now reads as CV 09-03724 GHK (MANx). (rn) (Entered: 05/29/2009) |
| 06/02/2009 | 9 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by Plaintiff Ellis Michael Staton. Motion set for hearing on 6/29/2009 at 09:30 AM before Judge George H. King. (Attachments: # 1 PROOF OF SERVICE, # 2 Proposed Order)(Kiesel, Paul) (Entered: 06/02/2009) |
| 06/02/2009 | 10 | MEMORANDUM in Support of MOTION to Remand Case to Los Angeles Superior Court 9 filed by Plaintiff Ellis Michael Staton. (Kiesel, Paul) (Entered: 06/02/2009) |
| 06/02/2009 | 11 | DECLARATION of Paul R. Kiesel in Support of MOTION to Remand Case to Los Angeles Superior Court 9 filed by Plaintiff Ellis Michael Staton. (Attachments: # 1 PART 2 of 6 of Kiesel Declaration, # 2 PART 3 of 6 of Kiesel Declaration, # 3 PART 4 of 6 of Kiesel Declaration, # 4 PART 5 of 6 of Kiesel Declaration, # 5 PART 6 of 6 of Kiesel Declaration)(Kiesel, Paul) (Entered: 06/02/2009) |
| 06/02/2009 | 12 | NOTICE OF MOTION AND MOTION to Strike and Objects to Evidence Filed in Support of Leslie Controls, Inc. Notice of Removal filed by Plaintiff Ellis Michael Staton. Motion set for hearing on 6/29/2009 at 09:30 AM before Judge George H. King. (Attachments: # 1 MOTION, # 2 PROOF, # 3 Proposed Order)(Kiesel, Paul) (Entered: 06/02/2009) |
| 06/02/2009 | 15 | ORDER by Judge George H. King Re: Case Management (Revised as of January 2008) Read Immediately. (mg) (Entered: 06/03/2009) |
| 06/03/2009 | 13 | APPLICATION to Shorten Time for hearing re MOTION to Strike and Objects to Evidence Filed in Support of Leslie Controls, Inc. Notice of Removal 12 , MOTION to Remand Case to Los Angeles Superior Court 9 to June 8, 2009 *PLAINTIFFS EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND; MOTION TO STRIKE AND OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF LESLIE CONTROLS, INC. NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1442 (a)(1)* filed by Plaintiff Ellis Michael Staton. Application set for hearing on 6/8/2009 at 09:30 AM before Judge George H. King. (Attachments: # 1 PROOF OF SERVICE, # 2 Proposed Order)(Kiesel, Paul) (Entered: 06/03/2009) |
| 06/03/2009 | 14 | DECLARATION of Paul R. Kiesel in Support of APPLICATION to Shorten Time for hearing re MOTION to Strike and Objects to Evidence Filed in Support of Leslie Controls, Inc. Notice of Removal 12 , MOTION to Remand Case to Los Angeles Superior Court 9 to June 8, 2009 *PLAINTIFFS EX PARTE APPLICAT APPLICATION to Shorten Time for hearing re MOTION to Strike and Objects to Evidence Filed in* |

| | | |
|---|---|---|
| | | *Support of Leslie Controls, Inc. Notice of Removal 12 , MOTION to Remand Case to Los Angeles Superior Court 9 to June 8, 2009 PLAINTIFFS EX PARTE APPLICAT APPLICATION to Shorten Time for hearing re MOTION to Strike and Objects to Evidence Filed in Support of Leslie Controls, Inc. Notice of Removal 12 , MOTION to Remand Case to Los Angeles Superior Court 9 to June 8, 2009 PLAINTIFFS EX PARTE APPLICAT 13 filed by Plaintiff Ellis Michael Staton. (Kiesel, Paul) (Entered: 06/03/2009)* |
| 06/03/2009 | 16 | NOTICE OF ERRATA filed by Plaintiff Ellis Michael Staton. correcting Declaration (Motion related), Declaration (Motion related) 11 , Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related) 14 *PLAINTIFFS' NOTICE OF ERRATA REGARDING EX. 2 ATTACHED TO THE DEC OF PAUL KIESEL, FILED IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR SHORTENING TIME FOR A BRIEFING AND HEARING ON MTN FOR REMAND; MTS AND OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF LESLIE CONTROLS, INC. NOTICE OF REMOVAL ATTD. TO THE DEC OF PAUL KIESEL* (Kiesel, Paul) (Entered: 06/03/2009) |
| 06/03/2009 | 18 | MINUTES: TELEPHONE STATUS CONFERENCE; Telephonic Status Conference held regarding Plaintiffs Ex Parte Application to Shorten Time to hear Motion to Remand on June 8, 2009. The Court having heard from counsel, DENIES the Ex Parte Application to Shorten time 13 . The present motion 9 shall remain as noticed for hearing on June 29, 2009 at 9:30 a.m. Plaintiffs scheduled deposition shall go forward on June 8, 2009 IT IS SO ORDERED by Judge George H. King Court Reporter: Lisa Gonzalez. (ir) (Entered: 06/04/2009) |
| 06/04/2009 | 17 | NOTICE of Related Case(s) filed by defendant Leslie Controls, Inc.. Related Case(s): CV 07-8338 VBF, CV 08-0118 R, CV 08-0248 R, CV 08-00282 VBF, CV 08-00501 GPS, CV 08-1296 R, CV 08-3133 R, CV 08-04735 R, CV 08-04736 R, CV 08-05156 JFW (White, Paul) (Entered: 06/04/2009) |
| 06/04/2009 | 19 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Ex Parte Application to Shorten Time 13 . Docket entry text indicates application is set for hearing. Unless ordered by the court, Ex Parte applications are not noticed for hearing and ruled on by submission. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (bm) (Entered: 06/04/2009) |
| 06/05/2009 | 20 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS 19 by Clerk of Court that the document is accepted as filed. RE: Ex Parte Application to Shorten Time 13 . (bm) (Entered: 06/05/2009) |
| 06/05/2009 | 21 | ANSWER *To Plaintiffs' Complaint For Personal Injuries* filed by Defendant Grinnell, L.L.C.. (Attachments: # 1 Supplement)(Schneider, Georgia) (Entered: 06/05/2009) |
| 06/05/2009 | 22 | ANSWER *TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES* filed by Defendant Grinnell, L.L.C.. (Attachments: # 1 Supplement)(Schneider, Georgia) (Entered: 06/05/2009) |
| 06/05/2009 | 23 | ANSWERJURY DEMAND. filed by Defendant Armstrong International, Inc.. (LoSavio, Thomas) (Entered: 06/05/2009) |

| 06/05/2009 | 24 | ANSWER *Certificate of Interested Entities* filed by Defendants Armstrong International, Inc..(LoSavio, Thomas) (Entered: 06/05/2009) |
|---|---|---|
| 06/08/2009 | 25 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Answers 21 , 22 . Answers appear to be duplicates. Supplement attachments are actually Certification of Interested parties, which should be filed as separate documents. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (bm) (Entered: 06/08/2009) |
| 06/09/2009 | 26 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV 07-02241 R (JTLx). Case transferred from Judge George H. King and Magistrate Judge Margaret A. Nagle to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 09-03724 R (VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 06/09/2009) |
| 06/09/2009 | 27 | OBJECTIONS to Notice of Related Case(s) 17 *PLAINTIFFS OPPOSITION TO DEFENDANT LESLIE CONTROLS, INC.S NOTICE OF RELATED CASES; [PROPOSED] ORDER DENYING DEFENDANT LESLIE CONTROLS, INC.S NOTICE OF RELATED CASES* filed by Plaintiff Ellis Michael Staton. (Attachments: # 1 Proposed Order)(Kiesel, Paul) (Entered: 06/09/2009) |
| 06/09/2009 | 30 | MINUTES OF Telephone Conference held before Magistrate Judge Margaret A. Nagle regarding Joint Request of Defense Counsel for Additional Time to Complete the Deposition of Plaintiff Ellis Michael StatonCourt Recorder: N/A. (ec) (Entered: 06/10/2009) |
| 06/10/2009 | 28 | NOTICE of Appearance filed by attorney Michael H Bailey on behalf of Defendants Johnson Controls, Inc., York Interational Corporation (Bailey, Michael) (Entered: 06/10/2009) |
| 06/10/2009 | 29 | NOTICE Notice of Filing Conformed Copies of Answers of York International Corporation and Johnson Controls, Inc. to Plaintiffs' Complaint filed by Defendants Johnson Controls, Inc., York Interational Corporation. (Bailey, Michael) (Entered: 06/10/2009) |
| 06/10/2009 | 31 | EX PARTE APPLICATION for Order for GRANTING OF PLAINTIFFS MOTION FOR REMAND IN LIGHT OF THE PRIMA FACIE DEFICIENCY OF THE REMOVAL, OR IN THE ALTERNATIVE, FOR AN ORDER MAINTAINING THE CURRENT HEARING DATE OF JUNE 29, 2009 *EX PARTE APPLICATION for Order for GRANTING OF PLAINTIFFS MOTION FOR REMAND IN LIGHT OF THE PRIMA FACIE DEFICIENCY OF THE REMOVAL, OR IN THE ALTERNATIVE, FOR AN ORDER MAINTAINING THE CURRENT HEARING DATE OF JUNE 29, 2009* filed by Plaintiff Ellis Michael Staton. (Attachments: # 1 Proposed Order)(Clancy, Denyse) (Entered: 06/10/2009) |
| 06/10/2009 | 32 | DECLARATION of DENYSE F. CLANCY in Support EX PARTE APPLICATION for Order for GRANTING OF PLAINTIFFS MOTION FOR REMAND IN LIGHT OF THE PRIMA FACIE DEFICIENCY OF THE REMOVAL, OR IN THE ALTERNATIVE, FOR AN ORDER MAINTAINING THE CURRENT HEARING DATE OF JUNE 29, 2009 *EX PARTE APPLICATION for Or 31 , MOTION to Strike and Objects to Evidence Filed in Support of Leslie Controls, Inc. Notice of Removal* |

| | | |
|---|---|---|
| | | *12* , MOTION to Remand Case to Los Angeles Superior Court *9* DECLARATION OF DENYSE F. CLANCY IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER THAT PLAINTIFFS' MOTION FOR REMAND BE GRANTED IN LIGHT OF THE PRIMA FACIE DEFICIENCY OF THE REMOVAL,OR IN THE ALTERNATIVE, FOR AN ORDER MAINTAINING THE CURRENT HEARING DATE OF JUNE 29, 2009 filed by Plaintiff Ellis Michael Staton. (Clancy, Denyse) (Entered: 06/10/2009) |
| 06/10/2009 | | ANSWER to Notice of Removal,, 1 filed by defendant Johnson Controls, Inc. (CONFORMED COPY FILED IN SUPERIOR COURT ON 5/22/2009, ATTACHED TO NOTICE OF RE-FILING STATE COURT ANSWER DOCUMENT NUMBER 29)(pj) (Entered: 06/18/2009) |
| 06/10/2009 | | ANSWER to Notice of Removal,, 1 filed by defendant York Interantional Corporation. (CONFORMED COPY FILED IN SUPERIOR COURT ON 5/22/2009, ATTACHED TO NOTICE OF RE-FILING STATE COURT ANSWER DOCUMENT NUMBER 29) (pj) (Entered: 06/18/2009) |
| 06/11/2009 | 33 | ANSWER *Defendant Carrier Corporation's Notice of Refiling of State Court Answer* filed by defendant Carrier Corporation.(Newman, Nathan) (Entered: 06/11/2009) |
| 06/11/2009 | 34 | Certificate of Interested Parties filed by Defendant Carrier Corporation, identifying United Technologies Corporation; Travelers Insurance Company. (Newman, Nathan) (Entered: 06/11/2009) |
| 06/11/2009 | 35 | DEFENDANT LESLIE CONTROLS INC.S OPPOSITION TO PLAINTIFFS EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME FOR BRIEFING AND HEARING OF MOTION FOR REMAND; MOTION TO STRIKE AND OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF LESLIE CONTROLS INC.S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)(1); DECLARATION OF PAUL C. WHITE IN SUPPORT THEREOF Opposition re: EX PARTE APPLICATION for Order for GRANTING OF PLAINTIFFS MOTION FOR REMAND IN LIGHT OF THE PRIMA FACIE DEFICIENCY OF THE REMOVAL, OR IN THE ALTERNATIVE, FOR AN ORDER MAINTAINING THE CURRENT HEARING DATE OF JUNE 29, 2009 *EX PARTE APPLICATION for Or 31* filed by Defendant Leslie Controls, Inc.. (White, Paul) (Entered: 06/11/2009) |
| 06/11/2009 | | ANSWER to Notice of Removal,, 1 filed by Defendant Carrier Corporation. (CONFORMED COPY FILED IN SUPERIOR COURT ON 5/12/2009, ATTACHED TO NOTICE OF RE-FILING STATE COURT ANSWER DOCUMENT NUMBER 33)(pj) (Entered: 06/18/2009) |
| 06/12/2009 | 36 | ORDER GRANTING PLAINTIFFS EX PARTE APPLICATION for an Order that Plaintiffs Motion for Remand Be Decided on the Papers in Light of the Prima Facie Deficiency of the Removal, or in the Alternative, for an Order Maintaining the Current Hearing Date of June 29, 2009, was filed on June 10, 2009 31 . the current hearing date of June 29, 2009 will be maintained. The hearing will take place at 10:00 a.m. in Courtroom 8 by Judge Manuel L. Real (lc) (Entered: 06/12/2009) |
| 06/15/2009 | 37 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by DEFENDANT Red-White Valve Corporation. (Langbord, Peter) (Entered: 06/15/2009) |

| 06/15/2009 | 38 | ANSWER *Notice Of Refiling* filed by Defendant Georgia-Pacific, LLC.(Kim, Bo) (Entered: 06/15/2009) |
| 06/15/2009 | 39 | NOTICE OF MOTION AND MOTION for Joinder in Notice of Removal,, 1 *Defendant Carrier Corporation's Joinder in Leslie Controls, Inc.'s (1) Notice of Removal to Federal Court Pursuant to 28 USC 1442(a)(1) and (2) Opposition to Plaintiffs' Motion to Remand* filed by Defendant Carrier Corporation. Motion set for hearing on 6/29/2009 at 09:00 AM before Judge Manuel L. Real. (Newman, Nathan) (Entered: 06/15/2009) |
| 06/15/2009 | 40 | OPPOSITION In Opposition To re: MOTION to Remand Case to Los Angeles Superior Court 9 filed by Defendant Leslie Controls, Inc.. (White, Paul) (Entered: 06/15/2009) |
| 06/15/2009 | 41 | REPLY In Opposition To MOTION to Strike and Objects to Evidence Filed in Support of Leslie Controls, Inc. Notice of Removal 12 filed by Defendant Leslie Controls, Inc.. (White, Paul) (Entered: 06/15/2009) |
| 06/15/2009 | 42 | DECLARATION of Paul C. White In Opposition To MOTION to Remand Case to Los Angeles Superior Court 9 filed by Defendant Leslie Controls, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(White, Paul) (Entered: 06/15/2009) |
| 06/15/2009 | | ANSWER to Notice of Removal, 1 filed by Defendant Georgia-Pacific, LLC. (CONFORMED COPY FILED IN SUPERIOR COURT ON 5/27/2009, ATTACHED TO NOTICE OF RE-FILING STATE COURT ANSWER DOCUMENT NUMBER 38)(pj) (Entered: 06/18/2009) |
| 06/15/2009 | | ANSWER to Notice of Removal,, 1 filed by defendant Red-White Valve Corporation. (CONFORMED COPY FILED IN SUPERIOR COURT ON 5/27/2009, ATTACHED TO NOTICE OF RE-FILING STATE COURT ANSWER DOCUMENT NUMBER 37)(pj) (Entered: 06/18/2009) |
| 06/16/2009 | 43 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real, (pj) (Entered: 06/16/2009) |
| 06/16/2009 | 44 | NOTICE COURT ORDER filed by plaintiff Ellis Michael Staton. *NOTICE OF COURT ORDER* (Clancy, Denyse) (Entered: 06/16/2009) |
| 06/18/2009 | 45 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected. Correct event to be used is NOTICE (other) under OTHER FILING RE: Answer to Complaint 38 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 06/18/2009) |
| 06/18/2009 | 46 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected. Correct event to be used is NOTICE (other) under OTHER FILING RE: Answer to Complaint 33 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 06/18/2009) |

| | | |
|---|---|---|
| 06/18/2009 | 47 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Initiating documents * are NOT to be e-filed, but Manually filed with Civil Intake Section; Afterwards, e-mail a conformed copy to (CivilIntakeCourtDocs-LA@cacd.uscourts.gov). RE: Joinder in Notice of Removal,, 1 *Defendant Carrier Corporation's Joinder in Leslie Controls, Inc.'s (1) Notice of Removal to Federal Court Pursuant to 28 USC 1442(a)(1) and (2) Opposition to Plaintiffs' Motion to Remand MOTION for Joinder in Notice of Removal,, 1 Defendant Carrier Corporation's Joinder in Leslie Controls, Inc.'s (1) Notice of Removal to Federal Court Pursuant to 28 USC 1442(a)(1) and (2) Opposition to Plaintiffs' Motion to Remand 39 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 06/18/2009)* |
| 06/19/2009 | 48 | NOTICE filed by Defendant Leslie Controls, Inc.. *Re: Refiling State Court Answer* (White, Paul) (Entered: 06/19/2009) |
| 06/20/2009 | 49 | NOTICE of Change of Address by Bo W Kim attorney for Defendant Georgia-Pacific, LLC, changing Address to Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067-1721. Filed by Defendant Georgia-Pacific LLC (Kim, Bo) (Entered: 06/20/2009) |
| 06/22/2009 | 50 | REPLY in support of MOTION to Remand Case to Los Angeles Superior Court 9 filed by Plaintiff Ellis Michael Staton. (Attachments: # 1 Proposed Order PROPOSED ORDER, GRANTING PLAINTIFFS' MOTION FOR REMAND)(Clancy, Denyse) (Entered: 06/22/2009) |
| 06/22/2009 | 51 | DECLARATION of Denyse F. Clancy in support of MOTION to Remand Case to Los Angeles Superior Court 9 *In support of Plaintiffs' Reply Brief* filed by Plaintiff Ellis Michael Staton. (Attachments: # 1 Exhibit EXHIBITS 1 and 2, # 2 Exhibit EXHIBITS 3, 4, 5 and 6)(Clancy, Denyse) (Entered: 06/22/2009) |
| 06/22/2009 | 52 | OBJECTION in Support of re: MOTION to Remand Case to Los Angeles Superior Court 9 *OBJECTIONS TO EVIDENCE AND NOTICE OF INTENTION TO STRIKE THE DECLARATION OF LAWERENCE S. BETTS* filed by Plaintiff Ellis Michael Staton. (Clancy, Denyse) (Entered: 06/22/2009) |
| 06/22/2009 | 53 | OBJECTION IN SUPPORT OF re: MOTION to Remand Case to Los Angeles Superior Court 9 *PLAINTIFFS' OBJECTIONS TO EVIDENCE AND NOTICE OF INTENTION TO STRIKE THE DECLARATION OF GERALD KERBY* filed by Plaintiff Ellis Michael Staton. (Clancy, Denyse) (Entered: 06/22/2009) |
| 06/22/2009 | 54 | OBJECTION IN SUPPORT OF re: MOTION to Remand Case to Los Angeles Superior Court 9 *PLAINTIFFS' OBJECTIONS TO EVIDENCE AND NOTICE OF INTENTION TO STRIKE THE DECLARATION OF ERNANI D. STORLAZZI* filed by Plaintiff Ellis Michael Staton. (Clancy, Denyse) (Entered: 06/22/2009) |
| 06/23/2009 | 55 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by Defendant Union Carbide Corporation. (Attachments: # 1 Exhibit A)(Landis, Ryan) (Entered: 06/23/2009) |
| 06/23/2009 | | ANSWER to Notice of Removal,, 1 filed by defendant Union Carbide Corporation. CONFORMED COPY OF ANSWER TO COMPLAINT FILED IN STATE COURT ON 5/22/2009 ATTACHED TO DOCUMENT NUMBER 55 (pj) (Entered: |

| | | 06/26/2009) |
|---|---|---|
| 06/25/2009 | 56 | NOTICE OF LODGING filed *PLAINTIFFS' NOTICE OF LODGEMENT OF THE DEPOSITION OF PLAINTIFF ELLIS MICHEAL STATON AND INDEX OF THE PORTIONS OF THE DEPOSITION OFFERED* re MOTION to Remand Case to Los Angeles Superior Court 9 (Clancy, Denyse) (Entered: 06/25/2009) |
| 06/25/2009 | 57 | ANSWER *of Defendant Kaiser Gypsum Company, Inc. to Unverified Complaint for Personal Injury-Asbestos filed in Los Angeles County Superior Court* filed by defendants Kaiser Gypsum Company, Inc..(Kim, Gregory) (Entered: 06/25/2009) |
| 06/25/2009 | 58 | NOTICE filed by Plaintiff Ellis Michael Staton. *PLAINTIFFS' NOTICE OF ERRATA REGARDING PLAINTIFFS' COUNSELS' BAR NUMBERS AND THE SPELLING OF PLAINTIFFS' COUNSEL'S NAME; DECLARATION OF DENYSE F. CLANCY* (Clancy, Denyse) (Entered: 06/25/2009) |
| 06/26/2009 | 59 | *Certification* of Interested Parties filed by defendant Kelly-Moore Paint Company, Inc., (Schultz, David) (Entered: 06/26/2009) |
| 06/26/2009 | 60 | NOTICE OF MOTION AND MOTION to Dismiss For Failure to State a Claim for Relief; *Motion to Strike Para. 26*, MOTION for More Definite Statement filed by defendant Kelly-Moore Paint Company, Inc.. Motion set for hearing on 7/20/2009 at 10:00 AM before Judge Manuel L. Real. (Schultz, David) (Entered: 06/26/2009) |
| 06/26/2009 | 61 | REPLY Opposition *to Plaintiffs' Motion to Strike/Objections to Evidence Re: Betts, Kerby, and Storlazzi Decls.* filed by Defendant Leslie Controls, Inc.. (White, Paul) (Entered: 06/26/2009) |
| 06/29/2009 | 62 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: account information (new address and account information taking effect 6/29/09) was not updated in the ECF system. Each attorney must update his/her account information immediately by going to Utilities - Maintain Your Address or Maintain Your E-mail Address RE: Notice of Change of Address 49 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (vh) (Entered: 06/29/2009) |
| 06/29/2009 | 63 | MINUTES 1) Plaintiffs' Motion for Remand to the Superior Court (fld 6-2-09)2) Plaintiffs' Motion to Strike (fld 6/2/09): Motion Hearing held before Judge Manuel L. Real:; The Court hears arguments of counsel. The Court DENIES each of the above-listed motions, for reasons as stated on the record. Defendant Leslie Controls shall submit a proposed order. 12 , 9 Court Reporter: Bridget Montero. (pj) (Entered: 06/29/2009) |
| 07/01/2009 | 64 | MINUTE ORDER (IN CHAMBERS) by Judge Manuel L. Real. COUNSEL ARE NOTIFIED that on the Court's own motion: Defendant Kelly-Moore Paint's motion to dismiss 60 is hereby ORDERED CONTINUED FROM JULY 20, 2009 AT 10:00 A.M. TO JULY 27, 2009 AT 10:00 A.M. Opposition papers remain due on JULY 6, 2009, and the reply papers remain due on JULY 13, 2009. The continuation of the hearing date DOES NOT move the due dates of those filings. (lom) (Entered: 07/02/2009) |
| 07/02/2009 | 65 | TRANSCRIPT for proceedings held on 6-29-09 10:05 a.m. Court Reporter/Electronic |

| | | |
|---|---|---|
| | | Court Recorder: Bridget Montero, phone number www.bridgetmontero.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through the court reporter, www.bridgetmontero.com, or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/23/2009. Redacted Transcript Deadline set for 8/2/2009. Release of Transcript Restriction set for 9/30/2009. (Montero, Bridget) (Entered: 07/02/2009) |
| 07/02/2009 | 66 | NOTICE OF FILING TRANSCRIPT filed for proceedings 6-29-09 10:05 a.m. (Montero, Bridget) (Entered: 07/02/2009) |
| 07/06/2009 | 67 | MEMORANDUM in Opposition to MOTION to Dismiss For Failure to State a Claim for Relief; *Motion to Strike Para. 26* MOTION for More Definite Statement 60 *PLAINTIFFS OPPOSITION TO DEFENDANT KELLY-MOORES MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF; MOTION TO STRIKE PARAGRAPH 36; MOTION FOR A MORE DEFINITE STATEMENT; DECLARATION OF DENYSE F. CLANCY* filed by Plaintiff Ellis Michael Staton. (Attachments: # 1 Proposed Order [PROPOSED] ORDER DENYING DEFENDANT KELLY-MOORE PAINT COMPANY, INCS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF; MOTION TO STRIKE PARAGRAPH 36; AND MOTION FOR MORE DEFINITE STATEMENT)(Clancy, Denyse) (Entered: 07/06/2009) |
| 07/13/2009 | 68 | REPLY in support MOTION to Dismiss For Failure to State a Claim for Relief; *Motion to Strike Para. 26* MOTION for More Definite Statement 60 filed by Defendant Kelly-Moore Paint Company, Inc.. (Schultz, David) (Entered: 07/13/2009) |
| 07/13/2009 | 69 | NOTICE OF LODGING filed *[Proposed] Order Denying Plaintiffs' Motion* re MOTION to Remand Case to Los Angeles Superior Court 9 (White, Paul) (Entered: 07/13/2009) |
| 07/13/2009 | 70 | NOTICE OF LODGING filed *[Proposed] Order Denying Plaintiffs' Motion* re MOTION to Remand Case to Los Angeles Superior Court 9 (White, Paul) (Entered: 07/13/2009) |
| 07/14/2009 | 77 | ORDER DENYING PLAINTIFFS' MOTION FOR REMAND 9 AND MOTION TOSTRIKE AND OBJECTIONS TO EVIDENCE 12 by Judge Manuel L. Real. (lom) (Entered: 07/16/2009) |
| 07/15/2009 | 71 | Certifcate of Interested Parties filed by Defendant FMC Corporation, identifying FMC Corporation. (Wick, Previn) (Entered: 07/15/2009) |
| 07/15/2009 | 72 | NOTICE of Related Case(s) filed by Defendant FMC Corporation. Related Case(s): unaware (Wick, Previn) (Entered: 07/15/2009) |
| 07/15/2009 | 73 | NOTICE Notice of Filing State Court Answer to Complaint and State Court Demand for Jury Trial filed by Defendant FMC Corporation. (Wick, Previn) (Entered: 07/15/2009) |
| 07/15/2009 | 74 | NOTICE of Related Case(s) filed by Defendant Fraser's Boiler Service, Inc. FMC Corporation. Related Case(s): unknown (Wick, Previn) (Entered: 07/15/2009) |
| 07/15/2009 | 75 | Certificate of Interested Parties filed by Defendant Fraser's Boiler Service, Inc. FMC |

| | | |
|---|---|---|
| | | Corporation, (Wick, Previn) (Entered: 07/15/2009) |
| 07/15/2009 | 76 | NOTICE Notice of Filing State Court Answer to Complaint and State Court Demand for Jury Trial filed by Defendant Fraser's Boiler Service, Inc. FMC Corporation. (Wick, Previn) (Entered: 07/15/2009) |
| 07/15/2009 | | (CONFORMED COPY OF ANSWER to complaint FILED IN SUPERIOR COURT ON 5/22/2009) 1 filed by Defendant FMC Corporation. (THIS ANSWER IS ATTACHED TO DOCUMENT NUMBER 73 FILED ON 7/15/2009) (pj) (Entered: 07/16/2009) |
| 07/15/2009 | | CONFORMED COPY OF ANSWER to complaint FILED IN SUPERIOR COURT ON 5/26/2009), 1 filed by Defendant Fraser's Boiler Service, Inc..THIS ANSWER IS ATTACHED TO DOCUMENT NUMBER 76 FILED ON 7/15/2009(pj) (Entered: 07/16/2009) |
| 07/20/2009 | 78 | NOTICE OF DISMISSAL filed by Plaintiff Ellis Michael Staton pursuant to FRCP 41a(1) *Metalclad Insulation Corporation; (2)Velan Valve Corporation (Individually and as Successor In-Interest to Velan Steam Trap Corporation); and (3) Velan Valve Steam Trap Corporation* as to DOES, Metalclad Insulation Corporation. (Borghei, Jed) (Entered: 07/20/2009) |
| 07/22/2009 | 79 | NOTICE of Change of Attorney Information for attorney Tricia A Takagi counsel for Defendants Grinnell, L.L.C., Yarway Corporation. Adding TRICIA A. TAKAGI as attorney as counsel of record for YARWAY CORPORATION and GRINNELL LLC for the reason indicated in the G-06 Notice. Filed by Defendants YARWAY CORPORATION and GRINNELL LLC (Takagi, Tricia) (Entered: 07/22/2009) |
| 07/22/2009 | 80 | NOTICE of Change of Attorney Information for attorney Tricia A Takagi counsel for Defendants Grinnell, L.L.C., Yarway Corporation. GEORGIA SCHNEIDER will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.GEORGIA SCHNEIDER is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by Defendants YARWAY CORPORATION and GRINNELL LLC (Takagi, Tricia) (Entered: 07/22/2009) |
| 07/22/2009 | 81 | NOTICE OF FILING STATE COURT ANSWER TO COMPLAINT BY DEFENDANT YARWAY CORPORATION filed by Defendant Yarway Corporation. (Attachments: # 1 Exhibit 1)(Takagi, Tricia) (Entered: 07/22/2009) |
| 07/22/2009 | 82 | *Defendant Yarway Corporation's* CERTIFICATE of Interested Parties filed by Defendant Yarway Corporation, identifying Tyco International, Ltd.. (Takagi, Tricia) (Entered: 07/22/2009) |
| 07/22/2009 | 83 | NOTICE OF FILING OF LOS ANGELES COUNTY SUPERIOR COURT AMENDMENTS TO ORIGINAL COMPLAINT [ DOES 1-8] and LOS ANGELES COUNTY SUPERIOR COURT AMENDED SUMMONS with AMENDED ADDITIONAL PARTIES ATTACHMENT filed by Plaintiff Ellis Michael Staton. (Borghei, Jed) (Entered: 07/22/2009) |
| 07/22/2009 | | ANSWER to Notice of Removal,, 1 filed by defendant Yarway Corporation. (CONFORMED COPY OF ANSWER TO COMPLAINT FILED IN STATE COURT ON 5/13/2009 ATTACHED TO DOCUMENT NUMBER 81 (pj) (Entered: |

|            |     | 07/24/2009)                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 07/24/2009 | 84  | ANSWER *Notice of Refiling State Court Answer* filed by defendant Aurora Pump Company.(Maki, Craig) (Entered: 07/24/2009)                                                                                                                                                                                                                                                                                                                                                          |
| 07/27/2009 | 85  | STIPULATION TO RESOLVE DEFENDANT KELLY-MOORE PAINT COMPANY INC'S MOTION TO DISMISS AND DISMISS CERTAIN CLAIMS AGIANST KELLY-MOORE PAINT COMPANY ORDER by Judge Manuel L. Real: (SEE ATTACHED OF FOR FURTHER DETAIL) 60 (pj) (Entered: 07/28/2009)                                                                                                                                                                                                                                   |
| 08/12/2009 | 86  | ANSWER *and DEMAND FOR JURY* filed by defendant Kelly-Moore Paint Company, Inc..(Schultz, David) (Entered: 08/12/2009)                                                                                                                                                                                                                                                                                                                                                             |
| 09/01/2009 | 87  | NOTICE of Change of Attorney Information for attorney Anne C. Gritzer counsel for Defendant Spirax Sarco, Inc.. Adding Anne C. Gritzer as attorney as counsel of record for Spirax Sarco, Inc. for the reason indicated in the G-06 Notice. Filed by defendant Spirax Sarco, Inc. (Gritzer, Anne) (Entered: 09/01/2009)                                                                                                                                                              |
| 09/15/2009 | 88  | ORDER GRANTING STAY: Plaintiffs in Staton have now filed a request to stay further action by the Panel pending resolution by the U.S. Court of Appeals for the Ninth Circuit of plaintiffs Emergency Petition for a Writ of Mandamus. Recourse to the Ninth Circuit docket reveals that it has ordered the real parties in interest to file a response to the petition no later than September 17, 2009. IT IS THEREFORE ORDERED that consideration by the Panel of plaintiffs opposition to transfer is deferred until after the Ninth Circuits ruling. Plaintiffs are ordered to provide the Panel with a copy of that ruling no later than five days after it is issued (pj) (Entered: 09/16/2009) |
| 09/28/2009 | 89  | ORDER from 9th CCA filed, CCA # 09-72230. Petitioners have not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. Accordingly, the petition is DENIED. Order received in this district on 9/28/09. (car) (Entered: 09/29/2009)                                                                                                                                                                                   |
| 10/05/2009 | 90  | DEMAND for Jury Trial filed by Plaintiffs Ellis Michael Staton, Susan Mary Staton.. (Clancy, Denyse) (Entered: 10/05/2009)                                                                                                                                                                                                                                                                                                                                                         |
| 12/09/2009 | 91  | CONDITIONAL TRANSFER ORDER from the Judicial Panel on Multidistrict Litigation MDL No.875, transferring case to US District Court, Eastern District of Pennsylvania, assigned to Judge Eduardo C. Robreno. (MD JS-6. Case Terminated.) (Attachments: # 1 CV 117) (mg) (Entered: 12/10/2009)                                                                                                                                                                                           |

| **PACER Service Center**                          |||
|---------------------|--------------------|----------------------------------------|
| **Transaction Receipt**                           |||
| 12/09/2010 12:06:53                               |||
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:09-cv-03724-R -VBK End date: 12/9/2010 |
| **Billable Pages:** | 16 | **Cost:** | 1.28 |

1  Denyse Clancy, Esq. (SBN 255276)
   John Langdoc, Esq. (SBN 235509)
2  BARON & BUDD, P.C.
   3102 Oak Lawn Avenue, Suite 1100
3  Dallas, Texas 75219
   Telephone: 214/521-3605
4  Facsimile: 214/520-1181

5  Jennifer K. Berg, Esq. (SBN 147427)
   Eric Brown, Esq. (SBN 229622)
6  Jed Borgehi, Esq. (SBN 147427)
   BARON & BUDD, P.C.
7  9465 Wilshire Blvd., Suite 460
   Beverly Hills, CA 90212
8  Telephone: 310/860-0476
   Facsimile: 310/860-0480

9

10 Attorneys for Plaintiffs

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12            COUNTY OF LOS ANGELES-CENTRAL DISTRICT

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 16 2009

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

**BC 412018**

13 ELLIS MICHAEL STATON AND SUSAN MARY    ) CASE NO.
   STATON                                  )
14                                         ) **COMPLAINT FOR**
15            Plaintiffs,                   ) **PERSONAL INJURIES**
                                           )
16 vs.                                     ) [COMPLEX ASBESTOS
                                           ) LITIGATION-SUBJECT
17 AMERICAN STANDARD, INC., individually and ) TO THE GENERAL
   as successor-in-interest to The TRANE   ) ORDERS CONTAINED
18 COMPANY;                                ) IN FILE NO. C700000].
   AURORA PUMP COMPANY;                    )
19 ARMSTRONG INTERNATIONAL, INC.;          )
   BONDEX INTERNATIONAL, INC.;             )
20 BUFFALO PUMPS, INC.;                    )
   CARRIER CORPORATION, individually and as )
21 successor-in-interest to Elliott Company, )  **BY FAX**
   successor-in-interest to Crocker-Wheeler Company; )
22 CLEAVER-BROOKS, INC., individually and f/k/a )
   Aqua-Chem, Inc.;                        )
23 CRANE CO., individually and as successor in )
   interest to Chapman Valves;             )
24 DOWMAN PRODUCTS, INC.;                  )
   FMC CORPORATION, individually, on behalf of )
25 and as successor-in-interest to Peerless Pump Co.; )
   FRASER'S BOILER SERVICE, INC.;          )
26 GARLOCK SEALING TECHNOLOGIES, L.L.C. )
   individually and as successor-in-interest to Garlock, )
27 Inc.;                                   )
   GEORGIA-PACIFIC, LLC, f/k/a Georgia-Pacific )
28 Corporation, individually and as        )

successor-in-interest to Bestwall Gypsum Company;  )
GOULDS PUMPS INCORPORATED;  )
GRINNELL , L.L.C. (f/k/a Grinnell Corporation);  )
HAMILTON MATERIALS, INC. (f/k/a Hamilton  )
Distributing, Inc.);  )
IMO INDUSTRIES, INC. (individually and as  )
successor-in-interest to De Laval Turbine, Inc.);  )
INGERSOLL-RAND COMPANY individually and  )
as successor-in-interest to The Aldrich Company;  )
ITT CORPORATION, f/k/a ITT INDUSTRIES,  )
INC., individually, and as successor-in-interest to  )
"BELL & GOSSETT" branded products and  )
Grinnell Corporation;  )
JOHN K. BICE CO., INC.;  )
JOHNSON CONTROLS, INC.;  )
KAISER GYPSUM COMPANY, INC.;  )
KELLY-MOORE PAINT COMPANY, INC.;  )
LESLIE CONTROLS, INC.;  )
MECHANICAL DRIVES & BELTING (f/k/a L.A.  )
Rubber Company);  )
METALCLAD INSULATION CORPORATION;  )
PENTAIR, INC., individually and as successor-in-  )
interest to Aurora Pump Company;  )
RED - WHITE VALVE CORPORATION;  )
SPENCE ENGINEERING COMPANY, INC.;  )
SPIRAX SARCO, INC.;  )
SPX Corporation, individually and as successor-in-  )
interest to General Signal Corporation (successor-in-  )
interest to Aurora Pump Company);  )
THOMAS DEE ENGINEERING CO.;  )
TRIPLE A MACHINE SHOP, INC. (a/k/a Triple A  )
Shipyard);  )
UNION CARBIDE CORPORATION;  )
THE WILLIAM POWELL COMPANY;  )
YARWAY CORPORATION;  )
YORK INTERNATIONAL CORPORATION,  )
individually and as successor-in-interest to Central  )
Environmental Systems, Inc., f/k/a Borg-Warner  )
Central Environmental Systems, Inc.; York-Luxaire,  )
Inc.; Luxaire, Inc., and The C.A. Olsen  )
Manufacturing Company and d/b/a "Moncrief  )
Furnaces" d/b/a York Hearing & Air Conditioning;  )
ZURN INDUSTRIES, LLC., f/k/a Zurn Industries,  )
Inc., a/k/a and successor-by-merger to Erie City Iron  )
Works and d/b/a "Keystone" branded products, and  )
DOES 1-300  )
  )
        Defendants.  )

_____

1  COME NOW, Plaintiff ELLIS MICHAEL STATON AND MARY SUSAN

2  STATON and for causes of action against Defendants, and each of them, complain and

3  allege as follows:

4  <u>STATEMENT OF COMPLEX LITIGATION</u>

5  This case is being brought by ELLIS MICHAEL STATON AND SUSAN MARY

6  STATON as a result of ELLIS MICHAEL STATON being diagnosed with mesothelioma,

7  an incurable and terminal lung disease caused by exposure to asbestos.

8  Asbestos litigation has long been designated complex in Los Angeles County for

9  several historical reasons, including the number of parties, the length, duration and

10  complexity of anticipated deposition testimony of fact, lay and expert witnesses, the wide-

11  ranging medical issues that may or may not be involved, the complexity of industrial

12  hygiene and governmental regulations that may or may not be involved, and the

13  anticipated proportionate amount of economic, non-economic and punitive damages

14  sought for plaintiffs' anticipated death and the loss of consortium for their spouses and

15  dependants.

16  The average life expectancy of a patient diagnosed with mesothelioma is extremely

17  short.  Some patients diagnosed with mesothelioma only live weeks or months following

18  their diagnosis.  Further, as their diseases progress, their prognosis slowly worsens such

19  that their ability to participate in trial may diminish drastically. Often, plaintiffs in

20  mesothelioma cases must present videotaped deposition testimony taken at the outset of

21  their cases, as their medical condition has worsened so severely that even traveling a few

22  miles to the courthouse is impossible. Plaintiffs in such cases routinely bring motions for

23  trial preference and often stipulate to expedited and/or shortened time periods for

24  responsive pleadings in order to permit the granting of trial dates in less than 120 days.

25  In this matter, ELLIS MICHAEL STATON was diagnosed with mesothelioma on or

26  about March 10, 2009.  Because of ELLIS MICHAEL STATON's varied work history and

27  the numerous asbestos products to which he is alleged to have been exposed, Plaintiffs

28

1  have named numerous manufacturers of asbestos products, contractors and suppliers of

2  asbestos products and fibers as defendants.

3  <u>GENERAL ALLEGATIONS</u>

4      1.    The true names and/or capacities, whether individual, corporate, associate,

5  governmental, or otherwise, of Defendants, DOES 1 through 300, inclusive, are unknown

6  to Plaintiffs at this time; who, therefore, sue said Defendants by such fictitious names; and

7  when the true names and capacities of said Defendants have been ascertained, Plaintiffs

8  will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon

9  allege that each Defendant designated herein as a DOE is responsible, negligently or in

10  some other actionable manner, for the events and happenings hereinafter referred to, and

11  caused injuries and damages proximately thereby to Plaintiffs, as hereinafter alleged,

12  either through said Defendant's own conduct or through the conduct of its agents, servants

13  or employees, or due to the ownership, lease or sale of the instrumentality causing the

14  injury, or in some other manner.

15      2.    Plaintiffs are informed and believe, and thereon allege that at all times

16  mentioned herein, Defendants and each of them, were the agents, servants, employees

17  and/or joint venturers of their co-Defendants and were, as such, acting within the scope,

18  course, and authority of said agency, employment and/or joint venture, in that each and

19  every Defendant, as aforesaid, when acting as a principal, was negligent in the selection

20  and hiring or each and every other Defendant as the agent, servant, employee and/or joint

21  venturer.

22      3.    Plaintiff, ELLIS MICHAEL STATON, was a California resident during a

23  substantial period of his asbestos exposure upon which Plaintiffs' claims are based.

24      4.    Plaintiffs are informed and believe, and thereon allege, that at all times

25  mentioned herein, Defendants, AMERICAN STANDARD, INC., individually and as

26  successor-in-interest to The TRANE COMPANY; AURORA PUMP COMPANY;

27  ARMSTRONG INTERNATIONAL, INC.; BONDEX INTERNATIONAL, INC.;

28  BUFFALO PUMPS, INC.; CARRIER CORPORATION, individually and as

1   successor-in-interest to Elliott Company, successor-in-interest to Crocker-Wheeler

2   Company; CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc.; CRANE

3   CO., individually and as successor in interest to Chapman Valves; DOWMAN

4   PRODUCTS, INC.; FMC CORPORATION, individually, on behalf of and as

5   successor-in-interest to Peerless Pump Co.; FRASER'S BOILER SERVICE, INC.;

6   GARLOCK SEALING TECHNOLOGIES, L.L.C. individually and as

7   successor-in-interest to Garlock, Inc.; GEORGIA-PACIFIC, LLC, f/k/a Georgia-Pacific

8   Corporation, individually and as successor-in-interest to Bestwall Gypsum Company;

9   GOULDS PUMPS INCORPORATED; GRINNELL , L.L.C. (f/k/a Grinnell Corporation);

10   HAMILTON MATERIALS, INC. (f/k/a Hamilton Distributing, Inc.); IMO INDUSTRIES,

11   INC. (individually and as successor-in-interest to De Laval Turbine, Inc.);

12   INGERSOLL-RAND COMPANY individually and as successor-in-interest to The

13   Aldrich Company; ITT CORPORATION, f/k/a ITT INDUSTRIES, INC., individually,

14   and as successor-in-interest to "BELL & GOSSETT" branded products and Grinnell

15   Corporation; JOHN K. BICE CO., INC.; JOHNSON CONTROLS, INC.;KAISER

16   GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; LESLIE

17   CONTROLS, INC.; MECHANICAL DRIVES & BELTING (f/k/a L.A. Rubber

18   Company); METALCLAD INSULATION CORPORATION; PENTAIR, INC.,

19   individually and as successor-in-interest to Aurora Pump Company; RED -WHITE

20   VALVE CORPORATION; SPENCE ENGINEERING COMPANY, INC.; SPIRAX

21   SARCO, INC.;  SPX Corporation, individually and as successor-in-interest to General

22   Signal Corporation (successor-in-interest to Aurora Pump Company); THOMAS DEE

23   ENGINEERING CO.; TRIPLE A MACHINE SHOP, INC. (a/k/a Triple A Shipyard);

24   UNION CARBIDE CORPORATION; THE WILLIAM POWELL COMPANY;

25   YARWAY CORPORATION; YORK INTERNATIONAL CORPORATION, individually

26   and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner

27   Central Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A.

28   Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air

1  Conditioning; ZURN INDUSTRIES, LLC., f/k/a Zurn Industries, Inc., a/k/a and

2  successor-by-merger to Erie City Iron Works and d/b/a "Keystone" branded products, and

3  DOES 1-300, inclusive, are corporations organized and existing under and by virtue of the

4  laws of the State of California, or the laws of some other state of the United States of

5  America, or some foreign jurisdiction, and that said Defendants were authorized to do and

6  are doing business in the State of California, and that said Defendants have regularly

7  conducted business in the State of California.

8      5.    At all times mentioned above, Defendants, and each of them, were engaged

9  in the business of manufacturing, fabricating, designing, assembling, distributing, leasing,

10  buying, selling, inspecting, servicing, installing, repairing, marketing, warranting, and

11  advertising a certain substance, the generic name of which is asbestos, and other products

12  containing said substance.

13      6.    Plaintiff, ELLIS MICHAEL STATON, was exposed to Defendants' asbestos

14  and asbestos containing products contributing to and causing the development of

15  mesothelioma.  A listing of Defendants' asbestos and asbestos-containing products alleged

16  at this time to have caused Plaintiff's injuries.   As a result of exposure to Defendants'

17  asbestos and asbestos containing products, asbestos fibers entered his body.  Plaintiff

18  suffers from mesothelioma and each of Defendants asbestos and asbestos containing

19  products that entered his body was a substantial factor in bringing about, prolonging, or

20  aggravating Plaintiff's mesothelioma.  The asbestos and asbestos containing products

21  Plaintiff was exposed to were manufactured or supplied by a named defendant.

22                    **FIRST CAUSE OF ACTION**

23                        (Negligence)

24                      (Against all Defendants)

25      7.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

26  each and every allegation contained in the General Allegations above.

27      8.    At all times herein mentioned, each of the named Defendants and DOES 1

28  through 300 was the successor, successor in business, successor in product line or a

1  portion thereof, assign, predecessor, predecessor in business, predecessor in product line

2  or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or

3  partial owner of or member in an entity researching, studying, manufacturing, fabricating,

4  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

5  supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

6  marketing, warranting, re-branding, manufacturing for others, packaging and advertising

7  as certain product, namely asbestos, and other products containing asbestos.  Said entities

8  shall hereinafter collectively be called "Alternate Entities."  Each of the herein named

9  Defendants is liable for the tortious conduct of each successor, successor in business,

10  successor in product line or a portion thereof, assign, predecessor in product line or a

11  portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

12  entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

13  fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for

14  sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

15  marketed, warranted, re-branded, manufactured for others and advertised a certain

16  product, namely asbestos, and other products containing asbestos.  The following

17  Defendants, and each of them, are liable for the acts of each and every "Alternate Entity,"

18  and each of them, in that there has been a virtual destruction of Plaintiff's remedy against

19  each such "Alternate Entity;" Defendants, and each of them, have acquired the assets,

20  product line, or a portion thereof, of each such "Alternate Entity;" such "Alternate Entity;"

21  Defendants, and each of them, caused the destruction of Plaintiff's remedy against each

22  such "Alternate Entity;" each such Defendant has the ability to assume the risk-spreading

23  role of each such "Alternate Entity;" and that each such Defendant enjoys the goodwill

24  originally attached to each such "Alternate Entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AMERICAN STANDARD, INC. | individually and as successor-in-interest to The TRANE COMPANY |
| CARRIER CORPORATION | individually and as successor-in-interest to Elliott Company, successor-in-interest to Crocker-Wheeler Company |

| | |
|---|---|
| CLEAVER-BROOKS, INC. | individually and f/k/a Aqua-Chem, Inc. |
| CRANE CO. | individually and as successor in interest to Chapman Valves |
| FMC CORPORATION, | individually, on behalf of and as successor-in-interest to Peerless Pump Co. |
| GARLOCK SEALING TECHNOLOGIES, L.L.C. | individually and as successor-in-interest to Garlock, Inc. |
| GEORGIA-PACIFIC, LLC | f/k/a Georgia-Pacific Corporation, individually and as successor-in-interest to Bestwall Gypsum Company |
| GRINNELL , L.L.C. | (f/k/a Grinnell Corporation) |
| HAMILTON MATERIALS, INC. | (f/k/a Hamilton Distributing, Inc.) |
| IMO INDUSTRIES, INC. | (individually and as successor-in-interest to De Laval Turbine, Inc.) |
| INGERSOLL-RAND COMPANY | individually and as successor-in-interest to The Aldrich Company |
| ITT CORPORATION, f/k/a ITT INDUSTRIES, INC. | individually, and as successor-in-interest to "BELL & GOSSETT" branded products and Grinnell Corporation |
| MECHANICAL DRIVES & BELTING | (f/k/a L.A. Rubber Company) |
| PENTAIR, INC. | individually and as successor-in-interest to Aurora Pump Company2 |
| SPX Corporation | individually and as successor-in-interest to General Signal Corporation (successor-in-interest to Aurora Pump Company) |
| TRIPLE A MACHINE SHOP, INC. | (a/k/a Triple A Shipyard) |
| YORK INTERNATIONAL CORPORATION | individually and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air Conditioning |
| ZURN INDUSTRIES, LLC. | f/k/a Zurn Industries, Inc., a/k/a and successor-by-merger to Erie City Iron Works and d/b/a "Keystone" branded products |

9.     Defendants had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe.  At all times mentioned herein, Defendants, and each of them, negligently and carelessly researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, and sold a certain substance, the generic name of which is asbestos, and other products

1  containing said substance, in that said substance was capable of causing and did, in fact,

2  proximately cause personal injuries to users and consumers thereof while being used in

3  manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for

4  use by the consumer, users, or bystanders thereof, and others to whom Defendants owe a

5  duty, including Plaintiff ELLIS MICHAEL STATON.

6        10. Plaintiff, ELLIS MICHAEL STATON, is a worker who, for a substantial

7  length of time, has used, handled, and been otherwise exposed to the asbestos and asbestos

8  products referred to in Paragraph 6 above, in a manner that was reasonably foreseeable,

9  through his occupational exposure to asbestos while serving in the United States Navy

10  from 1968 through 1972 as a boiler tender aboard the U.S.S. Edson at locations including,

11  but not limited to, the Long Beach Naval Shipyard, Long Beach, California; while

12  working for Broadway Hospital in Los Angeles, California in the early 1970's; and while

13  working for St. Francis Hospital in Lynwood, California and Tulsa, Oklahoma the through

14  the 1970's. As a result of exposure to Defendants' asbestos and asbestos containing

15  products, asbestos fibers entered his body. Plaintiff suffers from mesothelioma and each of

16  Defendants' asbestos and asbestos containing products that entered his body was a

17  substantial factor in bringing about, prolonging, or aggravating Plaintiff's mesothelioma.

18  The asbestos and asbestos containing products Plaintiff was exposed to were

19  manufactured or supplied by a named Defendant.

20        11.    As a direct and proximate result of the above-referenced conduct of the

21  Defendants, and each of them, as aforesaid, said exposure to said asbestos caused severe

22  and permanent injury to Plaintiff's lungs and body, including, but not limited to the disease

23  mesothelioma.

24        12.    On or about March 10, 2009, Plaintiff, ELLIS MICHAEL STATON, was

25  advised that he has the asbestos-related disease, mesothelioma.  Prior to that date, Plaintiff

26  did not know, nor did he have reason to know, that he had contracted this disease related

27  to his exposure to asbestos.  Prior to said date, Plaintiff was not aware that exposure to

28  asbestos presented any risk of injury and/or disease to him, and had not been advised or

1    informed by anyone that he could contract, nor indeed did contract, any disease, sickness

2    or injury as a result of working in the vicinity of asbestos.

3        13.    Plaintiff is informed and believes, and thereupon alleges, that mesothelioma

4    is a vicious, painful and invariably fatal malignancy of the lining of the lung, stomach, or

5    heart and that said disease results from exposure to asbestos and asbestos products over a

6    period of time.  There is no known cure for any form of malignant mesothelioma.

7        14.    As a direct and proximate result of the aforesaid conduct of the Defendants,

8    and each of them, Plaintiff has suffered, and continues to suffer, severe and permanent

9    injuries to his person, body and health, including, but not limited to, the disease

10    mesothelioma, all to his general damage in a sum within the jurisdictional limits of this

11    court.

12        15.    As a direct and proximate result of the aforesaid conduct of the Defendants,

13    and each of them, Plaintiff was compelled to and did employ the services of hospitals,

14    surgeons, physicians, nurses, and the like, to care for and treat him, and did incur medical,

15    hospital and professional incidental expenses, and Plaintiff is informed and believes and

16    thereupon alleges that by reason of said Plaintiff's injuries, he will necessarily incur

17    additional like expenses for an indefinite period of time in the future, and when said

18    amounts are ascertained, he will allege said amounts.

19        16.    The above-referenced conduct of said Defendant was and is willful,

20    malicious, outrageous and/or in conscious disregard and indifference to the safety of users

21    of said asbestos and asbestos products, including Plaintiff.  Defendant is guilty of

22    oppression, fraud, or malice and engaged in conduct which was intended by the defendant

23    to cause injury to the plaintiff or conduct which was carried on by the defendant with a

24    conscious disregard of the rights or safety of others.  Defendant subjected Plaintiff to cruel

25    and unjust hardship in conscious disregard of his rights and engaged in intentional

26    misrepresentation, deceit, or concealment of a material fact known to the defendant with

27    the intention on the part of the defendant of thereby depriving Plaintiff of property or legal

28

1    rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way

2    of punishing Defendant, seeks punitive damages, according to proof.

3        17.    Plaintiffs further allege all of the foregoing portions of this cause of action

4    specifically against those Defendants who supplied asbestos fibers (as pled against those

5    Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

6    distributor to manufacturers of the asbestos-containing products to which Plaintiff was

7    exposed, as well as any DOE Defendants who may be determined at a later date.

8                           **SECOND CAUSE OF ACTION**

9                              (Strict Liability)

10                            (Against all Defendants)

11       18.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

12   each and every allegation contained in the First Cause of Action.

13       19.    At all times mentioned herein, Defendants, and each of them, researched,

14   manufactured, tested, designed, labeled, distributed, advertised, marketed, warranted,

15   inspected, repaired, offered for sale, and sold a certain substance, the generic name of

16   which is asbestos, and other products containing said substance which Defendants knew

17   were to be used without inspection for defects and which substance contained design and

18   manufacturing defects, in that same was capable of causing and did, in fact, cause personal

19   injuries to the users, consumers, and bystanders while being used in a reasonably

20   foreseeable manner, thereby rendering same unsafe and dangerous for use by the

21   consumers, users, and bystanders.

22       20.    As a direct and proximate result of the above described conduct by

23   Defendants and each of them, Plaintiff ,ELLIS MICHAEL STATON, suffered severe and

24   permanent injuries to his person, as alleged hereinabove.

25       21.    At all times mentioned herein, the asbestos and products containing said

26   substance discussed above failed to perform as safely as an ordinary consumer would

27   expect when used in an intended or reasonably foreseeable manner, and the risk of danger

28

1   inherent in this substance and products outweighs the benefits of said substance and

2   products.

3       22.    At all times mentioned herein, the foreseeable use of the asbestos and

4   products containing said substance discussed above involved a substantial danger not

5   readily recognizable to an ordinary user, consumer, or bystander, but which danger was

6   known or knowable to Defendants, and Defendants failed to adequately warn of the

7   substantial danger.

8       23.    As a direct and proximate result of the above described conduct by

9   Defendants and each of them, Plaintiff suffered severe and permanent injuries to his

10   person, as alleged hereinabove.

11       24.    The above-referenced conduct of said Defendant was and is willful,

12   malicious, outrageous and/or in conscious disregard and indifference to the safety of users

13   of said asbestos and asbestos products, including Plaintiff.  Defendant is guilty of

14   oppression, fraud, or malice and engaged in conduct which was intended by the defendant

15   to cause injury to the plaintiff or conduct which was carried on by the defendant with a

16   conscious disregard of the rights or safety of others.  Defendant subjected Plaintiff to cruel

17   and unjust hardship in conscious disregard of his rights and engaged in intentional

18   misrepresentation, deceit, or concealment of a material fact known to the defendant with

19   the intention on the part of the defendant of thereby depriving Plaintiff of property or legal

20   rights or otherwise causing injury.  Plaintiff therefore, for the sake of example and by way

21   of punishing Defendant, seeks punitive damages, according to proof.

22       25.    Plaintiffs further allege all of the foregoing portions of this cause of action

23   specifically against those Defendants who supplied asbestos fibers (as pled against those

24   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

25   distributor to manufacturers of the asbestos-containing products to which Plaintiff was

26   exposed, as well as any DOE Defendants who may be determined at a later date.

27

28

## THIRD CAUSE OF ACTION

(False Representation Under Restatement of Torts Section 402-B)

(Against All Defendants)

26.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First through Second Causes of Action.

27.     At the aforementioned time when Defendants, their "Alternate Entities," and each of them, researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised the said asbestos and asbestos-containing products, as herein above set forth, the Defendants, their "Alternate Entities," and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and other "exposed persons," including the Plaintiff herein and his employers, that asbestos and asbestos-containing products, were of merchantable quality, and safe for the use for which they were intended.

28.     The purchasers and users of said asbestos and asbestos-containing products, and other "exposed persons," including the Plaintiff and his employers, relied upon said representations of Defendants, their "Alternate Entities," and each of them, in the selection, purchase and use of asbestos and asbestos-containing products.

29.     Said representations by Defendants, their "Alternate Entities," and each of them, were false and untrue, and Defendants knew at the time they were untrue, in that the asbestos and asbestos-containing products were not safe for their intended use, nor were they of merchantable quality as represented by Defendants, their "Alternate Entities," and each of them, in that asbestos and asbestos-containing products have very dangerous properties and defects whereby said products cause asbestosis, other lung damages and cancer, and have other defects that cause injury and damage to the users of said products

1   and other "exposed persons," thereby threatening the health and life of said persons

2   including Plaintiff herein.

3        30.    As a direct and proximate result of said false representations by Defendants,

4   their "Alternate Entities," and each of them, the Plaintiffs sustained the injuries and

5   damages herein above set forth.

6        31.    The above-referenced conduct of said Defendant was and is willful,

7   malicious, outrageous and/or in conscious disregard and indifference to the safety of users

8   of said asbestos and asbestos products, including Plaintiff.  Defendant is guilty of

9   oppression, fraud, or malice and engaged in conduct which was intended by the defendant

10   to cause injury to the plaintiff or conduct which was carried on by the defendant with a

11   conscious disregard of the rights or safety of others.  Defendant subjected Plaintiff to cruel

12   and unjust hardship in conscious disregard of his rights and engaged in intentional

13   misrepresentation, deceit, or concealment of a material fact known to the defendant with

14   the intention on the part of the defendant of thereby depriving Plaintiff of property or legal

15   rights or otherwise causing injury.  Plaintiff therefore, for the sake of example and by way

16   of punishing Defendant, seeks punitive damages, according to proof.

17        32.    Plaintiffs further allege all of the foregoing portions of this cause of action

18   specifically against those Defendants who supplied asbestos fibers (as pled against those

19   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

20   distributor to manufacturers of the asbestos-containing products to which Plaintiff was

21   exposed, as well as any DOE Defendants who may be determined at a later date.

22                    **FOURTH CAUSE OF ACTION**

23                        (Intentional Tort)

24                    (Against All Defendants)

25        33.    Plaintiffs, hereby incorporate by reference, as though fully set forth herein,

26   each and every allegation contained in the First through Third Causes of Action.

27        34.    At all times pertinent hereto, the Defendants, their "Alternate Entities," and

28   each of them, owed Plaintiff a duty, as provided for in Section 1708, 1709 and 1710 of the

1   Civil Code of the State of California, to abstain from injuring the person, property or

2   rights of the Plaintiff.  When a duty to act was imposed, as set forth herein, the

3   Defendants, their "Alternate Entities," and each of them, did do the acts and omissions in

4   violation of that duty, thereby causing injury to the Plaintiff as is more fully set forth

5   herein.  Such acts and omissions consisted of acts falling within Section 1709 (Deceit) and

6   Section 1710 (Fraud) and more specifically, included suggestions of fact which were not

7   true and which Defendants, their "Alternate Entities," and each of them, did not believe to

8   be true; assertions of fact which were not true and which Defendants, their "Alternate

9   Entities," and each of them, had no reasonable ground for believing to be true, and the

10   suppression of fact when a duty existed to disclose it, all as are more fully set forth herein;

11   the violation of any one such duty gave rise to a cause of action for violation of the rights

12   of the Plaintiff as provided for in the aforementioned Civil Code sections.

13       35.      Since on or before 1930, the Defendants, their "Alternate Entities," and each

14   of them, have known and have possessed the true facts of medical and scientific data and

15   other knowledge which clearly indicated that the asbestos and asbestos-containing

16   products referred to in Plaintiff's First Cause of Action were and are hazardous to the

17   health and safety of Plaintiff, and others in Plaintiff's position working in close proximity

18   with such materials.  The Defendants, their "Alternate Entities," and each of them, have

19   known of the dangerous propensities of other of the aforementioned materials and

20   products since before that time.  With intent to deceive Plaintiff, and others in Plaintiff's

21   position, and with intent that he and such others should be and remain ignorant of such

22   facts with intent to induce Plaintiff and such others to alter his and their positions to his

23   and their injury and/or risk and in order to gain advantages, the following acts occurred:

24       (a)      Defendants, their "Alternate Entities," and each of them, did not label any of

25   the aforementioned asbestos-containing materials and products regarding the hazards of

26   such materials and products to the health and safety of Plaintiff and others in Plaintiff's

27   position working in close proximity with such materials until 1964 when certain of such

28   materials were labeled by some, but not all, of Defendants, their "Alternate Entities," and

---

PLAINTIFF'S ORIGINAL ASBESTOS COMPLAINT

N:\_CLIENTS\S\STATON. EM.CA\Complaint.Answer.Service\Staton.EM.CA LA Original Complaint.wpd (cra ) (4.13.09 )

1    each of them, herein when the knowledge of such hazards was existing and known to

2    Defendants, their "Alternate Entities," and each of them, since on or before 1930.  By not

3    labeling such materials as to their said hazards, Defendants, their "Alternate Entities," and

4    each of them, caused to be suggested as a fact to Plaintiff that it was safe for Plaintiff to

5    work in close proximity to such materials when in fact it was not true and Defendants,

6    their "Alternate Entities," and each of them, did not believe it to be true.

7         (b)     Defendants, their "Alternate Entities," and each of them, suppressed

8    information relating the danger of use of the aforementioned materials by requesting the

9    suppression of information to the Plaintiff and the general public concerning the

10    dangerous nature of the aforementioned materials to workers, by not allowing such

11    information to be disseminated in a manner which would have given general notice to the

12    public and knowledge of the hazardous nature thereof when Defendants, their "Alternate

13    Entities," and each of them, were bound to disclose such information;

14         (c)     Defendants, their "Alternate Entities," and each of them, sold the

15    aforementioned products and materials to Plaintiff's employer and others without advising

16    Plaintiff and others of the dangers of use of such materials to persons working in close

17    proximity thereto when Defendants, their "Alternate Entities," and each of them, knew of

18    such dangers, and had a duty to disclose such dangers all as set forth herein.  By said

19    conduct, Defendants, their "Alternate Entities," and each of them, caused to be positively

20    asserted to Plaintiff that which was not true and that which Defendants, their "Alternate

21    Entities," and each of them, had not reasonable ground for believing to be true, to wit, that

22    it was safe for Plaintiff to work in close proximity to such materials;

23         (d)     Defendants, their "Alternate Entities," and each of them, suppressed from

24    Plaintiff medical and scientific data and knowledge of the contents of the Lanza report.

25    Although bound to disclose it, Defendants, their "Alternate Entities," and each of them

26    influenced A.J. Lanza to change his report, the altered version of which was published in

27    Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Plaintiff and others

28    to be and remain ignorant thereof.  Defendants, there "Alternate Entities," and each of

1  them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of

2  danger, thereby lessening the probability of notice of danger to users thereof;

3       (e)    Defendants, their "Alternate Entities," and each of them, belonged to,

4  participated in, and financially supported the Asbestos Textile Institute and other industry

5  organizations which, for and on behalf of Defendants, their "Alternate Entities," and each

6  of them, actively promoted the suppression of information of danger to users of the

7  aforementioned products and materials, thereby misleading Plaintiff by the suggestions

8  and deceptions set forth above in this cause of action.  The Dust Control Committee,

9  which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute

10  was specifically enlisted to study the subject of dust control.  Discussions in this

11  committee were held many times regarding the dangers inherent in asbestos and the

12  dangers which arise from the lack of control of dust, and such information was suppressed

13  from public dissemination from 1946 to a date unknown to Plaintiff at this time;

14       (f)    Commencing in 1930 with the study of mine and mill workers at Asbestos

15  and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan

16  plants in Manheim and Charleston, South Carolina, Defendants, their "Alternate Entities,"

17  and each of them, knew and possessed medical and scientific information of the

18  connection between inhalation of asbestos fibers and asbestosis, which information was

19  disseminated through the Asbestos Textile Institute and other industry organizations to all

20  other Defendants, their "Alternate Entities," and each of them, herein.  Between 1942 and

21  1950, the Defendants, their "Alternate Entities," and each of them suggested to the public

22  as a fact that which is not true and disseminated other facts likely to mislead Plaintiff.

23  Such facts did mislead Plaintiff and others by withholding the afore-described medical and

24  scientific data and other knowledge and by not giving Plaintiff the true facts concerning

25  such knowledge of danger, which Defendants, their "Alternate Entities," and each of them,

26  were bound to disclose;

27       (g)    Defendants, their "Alternate Entities," and each of them, failed to warn

28  Plaintiff and others of the nature of said materials which were dangerous when breathed

1  and which could cause pathological effects without noticeable trauma, despite the fact that

2  Defendants, their "Alternate Entities," and each of them, possessed knowledge and were

3  under a duty to disclose that said materials were dangerous and a threat to the health of

4  persons coming into contact therewith;

5      (h)    Defendants, their "Alternate Entities," and each of them, failed to provide

6  Plaintiff with information concerning adequate protective masks and other equipment

7  devised to be used when applying and installing the products of the Defendants, and each

8  of them, despite knowing that such protective measures were necessary, and that they were

9  under a duty to disclose that such materials were dangerous and would result in injury to

10  the Plaintiff and others applying and installing such material;

11      (i)    Defendants, their "Alternate Entities," and each of them, when under a duty

12  to so disclose, concealed from Plaintiff the true nature of the industrial exposure of

13  Plaintiff and knew that Plaintiff and anyone similarly situated, upon inhalation of asbestos

14  would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or

15  cancer.  Defendants, their "Alternate Entities," and each of them, also concealed from

16  Plaintiff and others that harmful materials to which they were exposed would cause

17  pathological effects without noticeable trauma;

18      (j)    Defendants, their "Alternate Entities," and each of them, failed to provide

19  information of the true nature of the hazards of asbestos materials and that exposure to

20  these materials would cause pathological effects without noticeable trauma to the public,

21  including buyers, users, and physicians employed by Plaintiff and Plaintiff's employers so

22  that said physicians could examine, diagnose and treat Plaintiff and others who were

23  exposed to asbestos, despite the fact that Defendants, their "Alternate Entities," and each

24  of them, were under a duty to so inform and said failure was misleading; and

25      (k)    Defendants, their "Alternate Entities," and each of them, failed to provide

26  adequate information to physicians and surgeons retained by Plaintiff's employers and

27  their predecessor companies, for purposes of making physical examinations of Plaintiff

28

1    and other employees as to the true nature of the risk of such materials and exposure thereto

2    when they in fact possessed such information and had a duty to disclose it.

3         36.    Defendants, their "Alternate Entities," and each of them, willfully failed and

4    omitted to complete and file First Report of Occupational Injury of Illness regarding

5    Plaintiff's injuries, as required by law, and did willfully fail and omit to file report of

6    injury and occupational disease with the State of California.  Plaintiff was in the class of

7    persons with respect to whom a duty was owed to file such reports and who would have

8    been protected thereby if the fact of danger from products complained of had become

9    known.

10         37.    Defendants, their "Alternate Entities," and each of them, having such

11    aforementioned knowledge, and the duty to inform Plaintiff about the true facts, and

12    knowing the Plaintiff did not possess such knowledge and would breathe such material

13    innocently, acted falsely and fraudulently and with full intent to cause Plaintiff to remain

14    unaware of the true facts and to induce Plaintiff to work in a dangerous environment, all in

15    violation of sections 1708, 1709 and 1710 of the Civil Code of the State of California.

16         38.    The above-referenced conduct of said Defendant was and is willful,

17    malicious, outrageous and/or in conscious disregard and indifference to the safety of users

18    of said asbestos and asbestos products, including Plaintiff.  Defendant is guilty of

19    oppression, fraud, or malice and engaged in conduct which was intended by the defendant

20    to cause injury to the plaintiff or conduct which was carried on by the defendant with a

21    conscious disregard of the rights or safety of others.  Defendant subjected Plaintiff to cruel

22    and unjust hardship in conscious disregard of his rights and engaged in intentional

23    misrepresentation, deceit, or concealment of a material fact known to the defendant with

24    the intention on the part of the defendant of thereby depriving Plaintiff of property or legal

25    rights or otherwise causing injury.  Plaintiff therefore, for the sake of example and by way

26    of punishing Defendant, seeks punitive damages, according to proof.

27         39.    Plaintiffs further allege all of the foregoing portions of this cause of action

28    specifically against those Defendants who supplied asbestos fibers (as pled against those

Defendants who manufactured asbestos products), and any other asbestos fiber supplier or distributor to manufacturers of the asbestos-containing products to which Plaintiff was exposed, as well as any DOE Defendants who may be determined at a later date.

### FIFTH CAUSE OF ACTION

(Breach of Warranty)

(Against all Defendants)

40.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First through Fourth Causes of Action.

41.     Defendants, and each of them, expressly and implicitly, warranted that said substance was reasonably fit for its intended use without endangering human life, and that such substance was of interchangeable quality.

42.     Defendants and each of them breached the above described expressed and implied warranties in that said substance was defective, which defects permitted and/or caused said substance to seriously and permanently cause injury to Plaintiff, ELLIS MICHAEL STATON, including, but not limited to, the disease mesothelioma and other lung damage, while said substance was used in a manner that was reasonably foreseeable.

43.     As a direct and proximate result of the above described breaches of warranties by Defendants, and each of them, Plaintiff suffered severe and permanent injuries to his person, as alleged hereinabove in this complaint.

44.     The above-referenced conduct of said Defendant was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos and asbestos products, including Plaintiff.  Defendant is guilty of oppression, fraud, or malice and engaged in conduct which was intended by the defendant to cause injury to the plaintiff or conduct which was carried on by the defendant with a conscious disregard of the rights or safety of others.  Defendant subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving Plaintiff of property or legal

PLAINTIFF'S ORIGINAL ASBESTOS COMPLAINT
N:\_CLIENTS\S\STATON. EM.CA\Complaint.Answer.Service\Staton.EM.CA LA Original Complaint.wpd (cra ) (4.13.09 )

Page 20

1  rights or otherwise causing injury.  Plaintiff therefore, for the sake of example and by way

2  of punishing Defendant, seeks punitive damages, according to proof.

3      45.    Plaintiffs further allege all of the foregoing portions of this cause of action

4  specifically against those Defendants who supplied asbestos fibers (as pled against those

5  Defendants who manufactured asbestos products),  and any other asbestos fiber supplier or

6  distributor to manufacturers of the asbestos-containing products to which Plaintiff was

7  exposed, as well as any DOE Defendants who may be determined at a later date.

8

9                          **SIXTH CAUSE OF ACTION**

10                          (Premises Owner/Contractor Liability)

11     46.    Plaintiffs, by this reference, incorporate the allegations contained in the First

12  through Fifth Causes of Action.

13     47.    At all times mentioned herein, the Premises Owner/Contractor Liability

14  Defendants, and each of them, respectively, owned, leased, maintained, managed, and/or

15  controlled the premises  where Plaintiff was present.  The information provided is

16  preliminary, based on recall over events covering many years and further investigation and

17  discovery may produce more reliable information.  Additionally, Plaintiff might have been

18  present at these or other Premises Owner/Contractor Liability Defendants' premises at

19  other locations and on other occasions.

20     48.    Prior to and at said times and places, said Premises Owner/Contractor

21  Liability Defendants, and each of them, respectively, caused certain asbestos-containing

22  insulation, other building materials, products and toxic substances to be constructed,

23  installed, maintained, used, supplied, replaced, repaired and/or removed on each of the

24  aforesaid respective premises, by their own workers and/or by various contractors, and

25  caused the release of dangerous quantities of toxic asbestos fibers and other toxic

26  substances into the ambient air and thereby created a hazardous and unsafe condition to

27  Plaintiff and other persons exposed to said asbestos fibers and toxic substances while

28  present at said premises.

49.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew or in the exercise of ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and personal injury to Plaintiff and other workers or persons so exposed present on each of the aforesaid respective premises.

50.     At all times relevant herein, Plaintiff entered said premises and used or occupied each of said respective premises as intended and for each of the respective Premises Owner/Contractor Liability Defendants' request and invitation.  In so doing, Plaintiff was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by said Premises Owner/Contractor Liability Defendants, and each of them.

51.     Plaintiff at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

52.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, remained in control of the premises where Plaintiff was performing his work.

53.     At all times mentioned herein, the Premises Owner/Contractor Liability Defendants, owed to Plaintiffs and others similarly situated a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as Plaintiff to an unreasonable risk of harm and to avoid causing injury to said person.

54.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff of, the existence of the aforesaid dangerous conditions and hazards on said premises.

55.     Prior to and at the times and places aforesaid, said Premises Owner/Contractor Liability Defendants, and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff.

56.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff and others unless special precautions were taken.

57.     In part, Plaintiff was exposed to dangerous quantities of asbestos fibers and other toxic substances by reason of such contractors' failure to take necessary precautions.

58.     The work of contractors on premises controlled by the Premises Owner/Contractor Defendants created an unsafe premise and an unsafe work place by reason of the release of dangerous quantities of toxic substances including but not limited to asbestos.

59.     The unsafe premise or work place was created, in part, by the negligent conduct of the contractors employed by the Premises Owner/Contractor Defendants.  Said negligent conduct includes but is not limited to:

a.      Failure to warn of asbestos and other toxic dusts;

b.      Failure to suppress the asbestos-containing or toxicdusts;

c.      Failure to remove the asbestos-containing and toxic dusts through the use of ventilation or appropriate means;

d.      Failure to provide adequate breathing protection, i.e., approved respirators or masks;

e.      Failure to inspect and/or test the air;

f.      Failure to provide medical monitoring.

PLAINTIFF'S ORIGINAL ASBESTOS COMPLAINT
N:\_CLIENTS\S\STATON. EM.CA\Complaint.Answer.Service\Staton.EM.CA LA Original Complaint.wpd (cra ) (4.13.09 )

Page 23

60.    The Premises Owner/Contractor Defendants' duty to maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated thereunder. Therefore, the Premises Owner/Contractor Defendants are responsible for any breach of said duties whether by themselves or others.

61.    Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants were subject to certain ordinances, statutes, and other government regulations promulgated by the United States Government, the State of California, and others, including but not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health & Safety Code §40200, et seq., which empowers the California Air Quality Management Districts to promulgate regulations covering emission standards for hazardous air pollutants.  Such state and federal standards required said Premises Owner/Contractor Liability Defendants to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said Premises Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions.  Defendants' violations of said codes include but are not limited to:

(a)    Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

(b)    Failing to segregate work involving the release of asbestos or other toxic dusts;

PLAINTIFF'S ORIGINAL ASBESTOS COMPLAINT
N:\_CLIENTS\S\STATON. EM.CA\Complaint.Answer.Service\Staton.EM.CA LA Original Complaint.wpd (cra ) (4.13.09 )

Page 24

1     (c)     Failing to suppress dust using prescribed ventilation techniques;

2     (d)     Failing to suppress dust using prescribed "wet down" techniques;

3     (e)     Failing to warn or educate Plaintiff or others regarding asbestos or other toxic

4              substances on the premises;

5     (f)     Failing to provide approved respiratory protection devices;

6     (g)     Failing to ensure "approved" respiratory protection devices were used

7              properly;

8     (h)     Failing to provide for an on-going health and screening program for those

9              exposed to asbestos on the premises;

10    (i)     Failing to provide adequate housekeeping and clean-up of the work place;

11    (j)     Failing to properly warn of the hazards associated with asbestos as required

12              by statute;

13    (k)     Failing to properly report renovation and disturbance of asbestos-containing

14              materials;

15    (l)     Failing to have an asbestos removal supervisor as required by regulation;

16    (m)    Failing to get approval for renovation as required by statutes; and

17    (n)     Failing to maintain records as required by statute.

18    62.     Premises Owner/Contractor Liability Defendants, and each of them, were the

19 "statutory employer" of Plaintiff as defined by the California Labor Code and California

20 case law.

21    63.     Plaintiff at all times was unaware of the hazardous condition or the risk of

22 personal injury created by Defendants' violation of said regulations, ordinances or statutes.

23    64.     At all times mentioned herein, Plaintiff was a member of the class of persons

24 whose safety was intended to be protected by the regulations, statutes or ordinances

25 described in the foregoing paragraphs.

26    65.     At all times mentioned herein, said Premises Owner/Contractor Liability

27 Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care

28 should have known, that the premises that were in their control would be used without

1   knowledge of, or inspection for, defects or dangerous conditions, that the persons present

2   and using said premises would not be aware of the aforesaid hazardous conditions to

3   which they were exposed on the premises, and that such persons were unaware of the

4   aforesaid violations of codes, regulations and statutes.

5        66.    As a legal consequence of the foregoing, Plaintiff developed an asbestos-

6   related illness - mesothelioma, which has caused great injury and disability as previously

7   set forth, and Plaintiff has suffered damages as herein alleged.

8        67.    The above-referenced conduct of said Defendant was and is willful,

9   malicious, outrageous and/or in conscious disregard and indifference to the safety of users

10   of said asbestos and asbestos products, including Plaintiff.  Defendant is guilty of

11   oppression, fraud, or malice and engaged in conduct which was intended by the defendant

12   to cause injury to the plaintiff or conduct which was carried on by the defendant with a

13   conscious disregard of the rights or safety of others.  Defendant subjected Plaintiff to cruel

14   and unjust hardship in conscious disregard of his rights and engaged in intentional

15   misrepresentation, deceit, or concealment of a material fact known to the defendant with

16   the intention on the part of the defendant of thereby depriving Plaintiff of property or legal

17   rights or otherwise causing injury.  Plaintiff therefore, for the sake of example and by way

18   of punishing Defendant, seeks punitive damages, according to proof.

19   **SEVENTH CAUSE OF ACTION**

20   (Loss of Consortium)

21   (Against All Defendants)

22

23        68.    Plaintiff's spouse incorporates by reference each and every paragraph of the

24   First through Sixth Causes of Action herein.

25        69.    Plaintiffs were married at all times relevant to this action were, and are now,

26   husband and wife.

27        70.    Prior to Plaintiff, ELLIS MICHAEL STATON's, injuries as alleged, Plaintiff,

28   ELLIS MICHAEL STATON was able and did perform duties as a spouse.  Subsequent to

1    10.    Such other and further relief as this Court may deem just and proper,

2           including costs and prejudgment interest as provided in C.C.P. §998, C.C.P.

3           §1032 and related provisions of law.

4    DATED: April 16 , 2009                    BARON & BUDD, P.C

5

6                                    By: _____

7                                         ERIC BROWN, ESQ.
                                          JED BORGHEI, ESQ.
                                          Attorneys for Plaintiffs: ELLIS MICHAEL
8                                         STATON AND MARY SUE STATON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28