(VBKx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:09-cv-04744-R-VBK

| | |
|---|---|
| Nancy Jo Banchik et al v. Buffalo Pumps, Inc. et al | Date Filed: 07/01/2009 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 08/10/2009 |
| Referred to: Magistrate Judge Victor B. Kenton | Jury Demand: Plaintiff |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court State of CA County of Los Angeles, BC415135 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

| | | |
|---|---|---|
| **Nancy Jo Banchik**<br>*Individually* | represented by | **Alexandra Shef**<br>Simon Eddins and Greenstone LLP<br>301 East Ocean Blvd Suite 1950<br>Long Beach, CA 90802<br>562-590-3400<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Ethan A Horn**<br>Simon Eddins and Greenstone<br>301 East Ocean Blvd Suite 1950<br>Long Beach, CA 90802<br>562-590-3400<br>Fax: 562-590-3412<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jennifer L Bartlett**<br>Simon Eddins and Greenstone LLP<br>301 East Ocean Boulevard Suite 1950<br>Long Beach, CA 90802<br>562-590-3400<br>Fax: 562-590-3412<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Ronald Cary Eddins**<br>Simon Eddins and Greenstone LLP<br>301 East Ocean Boulevard Suite 1950<br>Long Beach, CA 90802<br>562-590-3400<br>Fax: 562-590-3412 |

Email: reddins@seglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nancy Jo Banchik**                    represented by    **Alexandra Shef**
*as Personal Representative of the Estate of*                      (See above for address)
*Dale Dean Woeppel, Deceased*                      *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ethan A Horn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Lee Woeppel**                    represented by    **Alexandra Shef**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ethan A Horn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Buffalo Pumps, Inc.**

**Defendant**

**Foster Wheeler Energy Corporation**          represented by   **Edward R Hugo**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James C Parker**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karleen Frances Murphy**
Brydon Hugo and Parker
135 Main street 20th Fl
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Jeffrey Moses**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: tmoses@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**          represented by   **Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Viad Corporation**                                    represented by   **Peter B Langbord**
*sued individually and as*                                              Foley & Mansfield PLLP
*Successor*                                                             300 South Grand Avenue Suite 2800
Girscom Russell Company                                                 Los Angeles, CA 90071
*formerly known as*                                                     213-283-2100
The Dial Corporation                                                    Fax: 213-283-2101
                                                                        Email: plangbord@foleymansfield.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1-450, Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/01/2009 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC415135 with CONFORMED copy of summons and complaint. Case assigned to Judge R. Gary Klausner, Discovery to Magistrate Judge Jacqueline Chooljian. (Filing fee $ 350 PAID), filed by Defendant Foster Wheeler Energy Corporation.(car) (Additional attachment(s) added on 7/8/2009: # 1 Exhibits A - D, # 2 Exhibits E - F, # 3 Exhibits G - H) (ds). (Additional attachment(s) added on 7/8/2009: # 4 Exhibit I, Part 1, # 5 Exhibit I, Part 2, # 6 Exhibit I, Part 3, # 7 Exhibit I, Part 4, # 8 Exhibit I, Part 5, # 9 Exhibit I, Part 6, # 10 Exhibit I, Part 7, # 11 Exhibit I, Part 8, # 12 Exhibit I, Part 9, # 13 Exhibit I, Part 10, # 14 Exhibit I, Part 11, # 15 Exhibit I, Part 12, # 16 Exhibit I, Part 13, # 17 Exhibit I, Part 14, # 18 Exhibit I, Part 15, # 19 Exhibit I, Part 16, # 20 Exhibit I, Part 17, # 21 Exhibit I, Part 18, # 22 Exhibit I, Part 19, # 23 Exhibit I, Part 20, # 24 Exhibit I, Part 21, # 25 Exhibit I, Part 22, # 26 Exhibit I, Part 23, # 27 Exhibit I, Part 24, # 28 Exhibit I, Part 25, # 29 Exhibit I, Part 26, # 30 Exhibit I, Part 27, # 31 Exhibit I, Part 28, # 32 Exhibit I, Part 29, # 33 Exhibit I, Part 30, # 34 Exhibit I, Part 31, # 35 Exhibit I, Part 32, # 36 Exhibit I, Part 33, # 37 Exhibit I, Part 34, # 38 Exhibit I, Part 35, # 39 Exhibit I, Part 36, # 40 Exhibit I, Part 37, # 41 Exhibit I, Part 38, # 42 Exhibit I, Part 39, # 43 Exhibit I, Part 40, # 44 Exhibit I, Part 41, # 45 Exhibit I, Part 42, # 46 Exhibit I, Part 43, # 47 Exhibit I, Part 44, # 48 Exhibit I, Part 45, # 49 Exhibit I, Part 46, # 50 Exhibit I, Part 47, # 51 Exhibit I, Part 48, # 52 Exhibit I, Part 49, # 53 Exhibit I, Part 50, # 54 Exhibit I, Part 51, # 55 Exhibit I, Part 52, # 56 Exhibit I, Part 53, # 57 Exhibit I, Part 54) (ds). Modified on 7/8/2009 (ds). (Entered: 07/02/2009) |
| 07/01/2009 | 2 | DISCLOSURE STATEMENT filed by Defendant Foster Wheeler Energy Corporation (car) (ds). (Entered: 07/02/2009) |
| 07/01/2009 | 3 | NOTICE OF TAG-ALONG ACTION filed by Defendant Foster Wheeler Energy Corporation. (car) (ds). (Entered: 07/02/2009) |
| 07/01/2009 | 4 | NOTICE of Interested Parties filed by Defendant Foster Wheeler Energy Corporation (car) (ds). (Entered: 07/02/2009) |

| 07/02/2009 | 5 | JOINDER filed by Defendant Viad Corporation joining in Notice of Removal, 1 . (Attachments: # 1 Exhibit Exhibits A-D to Notice of Joinder of Removal of Action) (Langford, Peter) (Entered: 07/02/2009) |
|---|---|---|
| 07/02/2009 | 6 | NOTICE OF RELATED CASES (L.R. 83-1.3.1.) filed by DEFENDANT Viad Corporation. (Langford, Peter) (Entered: 07/02/2009) |
| 07/06/2009 | 7 | NOTICE of Related Case(s) filed by Defendant Foster Wheeler Energy Corporation. Related Case(s): 07-8338, 08-0118, 08-0248. 08-0282, 08-0501, 08-1296, 08-3133, 08-4735, 08-4736, 08-5156, 08-6004, 08-6007, 08-7434, 09-3724 (Moses, Thomas) (Entered: 07/06/2009) |
| 07/06/2009 | 8 | CERTIFICATE OF SERVICE filed by Defendant Foster Wheeler Energy Corporation, *of Removal Documents* served on July 1, 2009. (Moses, Thomas) (Entered: 07/06/2009) |
| 07/06/2009 | 9 | NOTICE Joinder in Notice of Removal Under 28 U.S.C. Sections 1331, 1442(a)(1), and 1446 filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 07/06/2009) |
| 07/06/2009 | 14 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected. Correct event is Notice of Related Cases. Also, initiating documents such as Joinders are to be manually filed. RE: Notice (Other) 6 , Joinder (non-motion) 5 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (shb) (Entered: 07/13/2009) |
| 07/07/2009 | 10 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by DEFENDANT Viad Corporation. (Langford, Peter) (Entered: 07/07/2009) |
| 07/08/2009 | 11 | NOTICE of Interested Parties filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 07/08/2009) |
| 07/09/2009 | 12 | STANDING ORDER REGARDING NEWLY ASSIGNED CASES by Judge R. Gary Klausner: READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE. This action has been assigned to the calendar of Judge R Gary Klausner. The Responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action but upon the Court as well. To secure the just, speedy and inexpensive determination of every action, all counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedures (See document for further details). (shb) (Entered: 07/09/2009) |
| 07/10/2009 | 13 | ANSWER to Notice of Removal,,,,,,, 1 filed by Defendant Foster Wheeler Energy Corporation.(Moses, Thomas) (Entered: 07/10/2009) |
| 07/10/2009 | 15 | ORDER by Courtroom Deputy Clerk: The document is accepted as filed. E-filing is proper. Joinder is not an initiating document. RE: Joinder (non-motion) 5 (shb) (Entered: 07/13/2009) |
| 07/10/2009 | 16 | ORDER by Judge R. Gary Klausner The document is stricken and counsel is ordered to file an amended or corrected document by 7/15/09 RE: Notice (Other) 6 (yl) (Entered: 07/13/2009) |
| 07/21/2009 | 17 | NOTICE OF MOTION AND MOTION to Stay Case pending A Decision on Transfer |

| | | by the Judicial Panel on Multidistrict Litigation filed by Defendant General Electric Company. Motion set for hearing on 8/31/2009 at 10:00 AM before Lodge R. Gary Klausner. (Attachments: # 1 MPA, # 2 Proposed Order Notice of Lodging Proposed Order Granting Defendant General Electric Company's Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation)(Gardiner, Katherine) (Entered: 07/21/2009) |
|---|---|---|
| 07/22/2009 | 18 | NOTICE General Electric Company's Notice of Errata to Its Notice of Motion and Motion to Stay All Proceedings Pendig a Decision on Transfer by the Judicial Panel on Multidistrict Litigation filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 07/22/2009) |
| 07/22/2009 | 19 | NOTICE of Related Case(s) filed by DEFENDANT Viad Corporation. *AMENDED NOTICE OF RELATED CASES (L.R. 83-1.3.1)* Related Case(s): CV07-8338 VBF (RCx); CV08-0118 R (JTLx); CV08-0248 R (PLAx); CV08-00282 VBF (AGRx); CV08-00501 GPS (AJWx); CV08-1296 R (JTLx); CV08-3133 R (JTLx); CV08-04735 R (JTLx); CV08-04736 R (JCx); CV08-05156 JFW (SSx); CV08-06004 R (JTLx); CV08-6007 R (JTLx); CV08-07434 SVW (CTx); CV09-03724 R (VBK) (Langbord, Peter) (Entered: 07/22/2009) |
| 07/23/2009 | 20 | JOINDER in MOTION to Stay Case pending A Decision on Transfer by the Judicial Panel on Multidistrict Litigation 17 filed by Defendant Foster Wheeler Energy Corporation. (Moses, Thomas) (Entered: 07/23/2009) |
| 07/24/2009 | 21 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected. Correct event to be used is: Miscellaneous - Errata RE: Notice (Other), Notice (Other) 18 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (shb) (Entered: 07/24/2009) |
| 08/03/2009 | 22 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV 07-02241 R (JTLx). Case transferred from Magistrate Judge Jacqueline Chooljian and Judge R. Gary Klausner to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee judge CV 09-04744 R (VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 08/03/2009) |
| 08/07/2009 | 23 | MINUTE ORDER (IN CHAMBERS) by Judge Manuel L. Real. COUNSEL ARE NOTIFIED that on the Court's own motion the: Defendant General Electric's motion to stay 17 etc is hereby ORDERED CONTINUED FROM AUGUST 31, 2009 AT 9:00 A.M. TO SEPTEMBER 8, 2009 AT 10:00 A.M. before Judge Real in Courtroom 8 of the 312 North Spring Street Courthouse. (lom) (Entered: 08/07/2009) |
| 08/10/2009 | 24 | CONDITIONAL TRANSFER ORDER (CTO 324) IN re: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) RE MDL 875: These actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29. 1991, and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno. (MD JS-6. Case Terminated.), (pj) (Entered: 08/11/2009) |
| 08/11/2009 | 25 | Transfer Out Transmittal Letter. Eastern District of Pennsylvania does not require any documents forward to their court at this time. They will extract our case through |

| | | |
|---|---|---|
| | | Pacer. (pj) (Entered: 08/11/2009) |
| 08/18/2009 | 26 | MINUTES ORDER (IN CHAMBERS) by Judge Manuel L. Real: As this case has been transferred to the MDL proceedings in the Eastern District of Pennsylvania, Defendant GEs motion to stay etc, previously set for hearing on September 8, 2009 at 10 am is off calendar as moot. (ca) (Entered: 08/20/2009) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/09/2010 12:07:56 | | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:09-cv-04744-R-VBK End date: 12/9/2010 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 3 -- 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1  RON C. EDDINS, CA Bar No. 243581
   JENNIFER L. BARTLETT, CA Bar No. 183154
2  ETHAN A. HORN, CA Bar No. 190296
   ALEXANDRA SHEF, CA Bar No. 245109
3  **SIMON, EDDINS & GREENSTONE, LLP**
   301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
   Telephone (562) 590-3400
5  Facsimile (562) 590-3412

6
   Attorneys for Plaintiffs
7

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF LOS ANGELES**

11                                                    BC 4 1 5 1 3 5

12  **NANCY JO BANCHIK,** Individually and    )   Case No.
    as Personal Representative of the Estate of  )
13  **DALE DEAN WOEPPEL,** Deceased, and    )   THIS ACTION CONSTITUTES COMPLEX
    **RICHARD LEE WOEPPEL,**                )   ASBESTOS LITIGATION – SUBJECT TO THE
14                                          )   GENERAL ORDERS CONTAINED IN FILE NO.
                          Plaintiffs,       )   C 700000 – DEPT. 59
15                                          )
                                            )
16          vs.                             )   **COMPLAINT FOR WRONGFUL DEATH AND**
                                            )   **A SURVIVAL ACTION – ASBESTOS**
17  **BUFFALO PUMPS, INC.;**                )   **(NEGLIGENCE; STRICT LIABILITY)**
    **FOSTER WHEELER ENERGY**              )
18  **CORPORATION;**                        )
    **GENERAL ELECTRIC COMPANY;**          )
19  **J.T. THORPE & SON, INC.;**            )
    **VIAD CORPORATION** f/k/a THE DIAL    )
20  CORPORATION (sued individually and as   )
    successor-in-interest to GRISCOM-       )
21  RUSSELL COMPANY);                       )
    and **DOES 1-450, Inclusive.**          )
22                                          )
                                            )
23                        Defendants.       )
                                            )
24                _____

                     **GENERAL ALLEGATIONS**
25
            COME NOW Plaintiffs NANCY JO BANCHIK, Individually and as Personal
26
    Representative of the Estate of DALE DEAN WOEPPEL, Deceased, and RICHARD LEE WOEPPEL
27
    (hereinafter "Plaintiffs") who bring this action for wrongful death pursuant to section 377.60 of the
28

                                            1

    COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

California Code of Civil Procedure, and comes now NANCY BANCHIK, as personal representative of the ESTATE OF DALE DEAN WOEPPEL, who brings this survival action pursuant to section 377.30 of the California Code of Civil Procedure, and complains and alleges as follows:

1.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants **BUFFALO PUMPS, INC.; FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; J.T. THORPE & SON, INC.; VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY), and **DOES 1 through 450**, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

3.     Plaintiffs allege herein that Decedent DALE DEAN WOEPPEL developed malignant mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **BUFFALO PUMPS, INC.** (Buffalo pumps); **FOSTER WHEELER ENERGY CORPORATION** (Foster Wheeler boilers and distilling plants); **GENERAL ELECTRIC COMPANY** (General Electric turbines and ship's service generators); **J.T. THORPE & SON, INC.** (boiler contractor and supplier of asbestos-containing insulation); **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (Griscom-Russell distilling plants and fuel oil heaters).

4.     Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.     Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6.     At all times herein mentioned, each of the named Defendants and DOES 1 through 450 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

3

1  researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

2  distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

3  contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

4  packaging and advertising asbestos and products containing asbestos, including but not limited to,

5  those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called

6  "alternate entities."  Each of the herein named Defendants is liable for the tortious conduct of each

7  successor, successor in business, successor in product line or a portion thereof, assign, predecessor in

8  product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

9  owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing,

10  warranted, re-branded, manufactured for others and advertised asbestos and/or products containing

11  asbestos.  The following Defendants, and each of them, are liable for the acts of each and every

12  "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy

13  against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product

14  line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused

15  the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the

16  ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant

17  enjoys the goodwill originally attached to each such "alternate entity".

18  **DEFENDANT**                                      **ALTERNATE ENTITY**

19

20

21  FOSTER WHEELER ENERGY CORPORATION   FOSTER WHEELER BOILER CORPORATION
     FOSTER WHEELER CONTRACTORS, INC.
22     FOSTER WHEELER CORPORATION
     FOSTER WHEELER DEVELOPMENT CORP.
23     FOSTER WHEELER ENERGY RESOURCES
     INC.
24     FOSTER WHEELER ENERGY SERVICES,
     INC.
25     FOSTER WHEELER ENVIRESPONSE, INC.
     FOSTER WHEELER ENVIRONMENTAL
26       CORPORATION
     FOSTER WHEELER POWER GROUP, INC.
27     FOSTER WHEELER POWER SYSTEMS, INC.
     FOSTER WHEELER PYROPOWER, INC.
28     FOSTER WHEELER REALTY SERVICES,
     INC.

4

|                              |                                                                                          |
|------------------------------|------------------------------------------------------------------------------------------|
|                              | FOSTER WHEELER USA CORPORATION                                                           |
| GENERAL ELECTRIC COMPANY     | GENERAL ELECTRIC BROADCASTING COMPANY, INC.                                             |
|                              | GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY                                              |
|                              | GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY                                          |
|                              | GENERAL ELECTRIC TRADING COMPANY                                                        |
| VIAD CORPORATION             | THE DIAL CORPORATION                                                                    |
|                              | GRISCOM-RUSSELL COMPANY                                                                  |

7.   At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising Defendants' Products.

8.   At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiffs' Decedent DALE DEAN WOEPPEL herein (hereinafter collectively called "exposed persons").  Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed persons".  Plaintiffs herein allege that their Decedent DALE DEAN WOEPPEL's exposures to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), were a substantial contributing

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1   factor in the development of his malignant mesothelioma, and his death on February 13, 2009, and

2   therefore proximately caused Plaintiffs' injuries.

3         9.     Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable

4   care while engaging in the activities mentioned above and each Defendants breached said duty of

5   reasonable care in that Defendants, and each of them, failed to safely and adequately design,

6   manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the

7   hazards of said products; failed to warn "exposed persons", including Plaintiffs' Decedent DALE DEAN

8   WOEPPEL, of the health hazards of using Defendants' products; failed to disclose the known or

9   knowable dangers of using Defendants' products; failed to obtain suitable alternative materials to

10  asbestos when such alternatives were available; and as otherwise stated herein.

11        10.    The Defendants' products were and are hazardous to the health and safety of Plaintiff,

12  and others in Decedent's position working with and in close proximity to such products, and since on or

13  before 1930, the hazards and dangerous propensities of the Defendants' products were both known and

14  knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

15  and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of

16  them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

17  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

18  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

19  others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

20  propensities of asbestos presented a substantial danger to users, including Plaintiffs' Decedent DALE

21  DEAN WOEPPEL, of Defendants' asbestos and asbestos-containing products through the intended and

22  reasonably foreseeable use of those products.

23        11.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

24  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

25  intended and reasonably foreseeable manner.

26        12.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

27  known, that Defendants' asbestos products would be installed, repaired, maintained, overhauled,

28  removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out" or otherwise

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1  disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous

2  and dangerous asbestos fibers, and that through such activity, "exposed persons," including Plaintiffs'

3  Decedent DALE DEAN WOEPPEL herein, would be exposed to said hazardous and dangerous asbestos

4  fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have known

5  that users, such as Plaintiffs' Decedent DALE DEAN WOEPPEL and others in his position, working

6  with and in close proximity to Defendants' products would not realize or know the danger. Defendants,

7  their "alternate entities," and each of them negligently failed to adequately warn or instruct of the

8  dangers of the products.  A reasonable designer, manufacturer, distributor, seller, installer, buyer or

9  supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing

10  others to a foreseeable risk of harm.  The negligent failure of Defendants, their "alternate entities," and

11  each of them to warn was a substantial factor in causing harm to Plaintiffs' Decedent DALE DEAN

12  WOEPPEL, proximately resulting in his death on February 24, 2008, the nature of which is set forth in

13  Exhibit "B", which is attached hereto and incorporated by reference herein.

14        13.      Plaintiffs' Decedent DALE DEAN WOEPPEL used, handled, or was otherwise exposed

15  to Defendants' products referred to herein in a manner that was reasonably foreseeable to Defendants

16  and each of them.  Plaintiffs' Decedent's exposure to Defendants' products occurred at various locations

17  set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

18        14.      As a direct and proximate result of the conduct of the Defendants, their "alternate

19  entities", and each of them, as aforesaid, Decedent DALE DEAN WOEPPEL's exposure to Defendants'

20  products caused severe and permanent injury and death to the Decedent, the nature of which, along with

21  the date of Decedent's diagnosis and the date he learned such injuries were attributable to exposure to

22  Defendants' products, are set forth in **Exhibit "B"**, which is attached hereto and incorporated by

23  reference herein.  Plaintiffs are informed and believe, and thereon allege, that progressive lung disease,

24  cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma

25  and that said disease results from exposure to Defendants' products over a period of time.

26        15.      Decedent DALE DEAN WOEPPEL suffered from malignant pleural mesothelioma,

27  caused by exposure to asbestos and asbestos-containing products, including those products identified in

28  paragraph 3 above.  Decedent DALE DEAN WOEPPEL was not aware at the time of exposure that

7

Defendants' products presented any risk of injury and/or disease.

16.   As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate entities," and each of them, Decedent DALE DEAN WOEPPEL suffered permanent injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Decedent's malignant mesothelioma progressed, from the effect of exposure to asbestos fibers, proximately resulting in his death on February 24, 2008, all to Plaintiffs' general damage in a sum in excess of the jurisdictional limit of a limited civil case.

17.   As a direct and proximate result of the aforesaid conduct of the Defendants, their "alternate entities", and each of them, Decedent DALE DEAN WOEPPEL incurred, and Plaintiffs continue to incur, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.   As a further direct and proximate result of the said conduct of the Defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, funeral and burial expenses, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.   As a further direct and proximate result of the said conduct of the Defendants, their "alternate entities," Plaintiffs have been, and in the future will be, deprived of the support, society, solace, care, comfort, companionship, affection, advice, services and guidance of Decedent, DALE DEAN WOEPPEL, the full nature and extent of which are not yet known to Plaintiffs and leave is requested to amend this complaint to conform to proof at the time of trial.

19.   Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts which support Plaintiffs' prayer for punitive damages:

(a)   Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiffs' Decedent DALE DEAN WOEPPEL, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.   Although Defendants, and each of them, knew of the substantial risks

8

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1    associated with exposure to asbestos, they willfully and knowingly concealed such information from the

2    users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety

3    and welfare of "exposed person", including Plaintiffs' Decedent DALE DEAN WOEPPEL.

4            (b)     Defendants, their "alternate entities", and each of them, belonged to, participated

5    in, and financially supported industry organizations, including but not limited to the Gypsum

6    Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for

7    and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the

8    suppression of information about the dangers of asbestos to users of the aforementioned products and

9    materials, thereby misleading Plaintiffs' Decedent DALE DEAN WOEPPEL as to the safety of their

10   products. Through their participation and association with such industry organizations, Defendants and

11   each of them knowingly and deliberately concealed and suppressed the true information regarding

12   asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants'

13   products a false security about the safety of their products. The Dust Control Committee, which

14   changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically

15   enlisted to study the subject of dust control. Discussions in this committee were held many times

16   regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust,

17   and such information was suppressed from public dissemination from 1946 to a date unknown to

18   Plaintiffs' Decedent DALE DEAN WOEPPEL;

19           (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and

20   Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in

21   Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew

22   and possessed medical and scientific information of the connection between the inhalation of asbestos

23   fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and

24   other industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

25   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

26   this information to consumers;

27           (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiffs'

28   Decedent DALE DEAN WOEPPEL and others of the nature of said materials which were dangerous

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1  when breathed and which could cause pathological effects without noticeable trauma, despite the fact

2  that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty

3  to disclose that said materials were dangerous and a threat to the health of persons coming into contact

4  therewith;

5          (e)    Defendants, their "alternate entities", and each of them, failed to provide

6  Plaintiffs' Decedent DALE DEAN WOEPPEL, with information concerning adequate protective masks

7  and other equipment devised to be used when applying, mixing, installing and sanding the products of

8  the Defendants, their "alternate entities", and each of them, despite knowing that such protective

9  measures were necessary, and that they were under a duty to disclose that such materials were dangerous

10  and would result in injury to Decedent DALE DEAN WOEPPEL and others applying and installing

11  such material;

12          (f)    Defendants, their "alternate entities", and each of them, knew and failed to

13  disclose that Decedent DALE DEAN WOEPPEL and anyone similarly situated, upon inhalation of

14  asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis,

15  asbestosis, mesothelioma and/or cancer;

16          (g)    Defendants, their "alternate entities", and each of them, failed to provide

17  information of the true nature of the hazards of asbestos materials and that exposure to these material

18  would cause pathological effects without noticeable trauma to the public, including buyers, users, and

19  physicians employed by Decedent DALE DEAN WOEPPEL so that said physicians could not examine,

20  diagnose, and treat Decedent and others who were exposed to asbestos, despite the fact that Defendants,

21  their "alternate entities", and each of them, were under a duty to so inform and said failure was

22  misleading; and

23          20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

24  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

25  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

26  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

27  them, and each Defendant's officers, directors, and managing agents participated in, authorized,

28  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

10

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1 | their "alternate entities" as set forth herein.

2 |     21.     The herein-described conduct of said Defendants, their "alternate entities", and each of

3 | them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

4 | to the safety and health of "exposed person," including Decedent DALE DEAN WOEPPEL, in that

5 | Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

6 | to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

7 | posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their

8 | "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

9 | miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

10 | justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,

11 | for the sake of example and by way of punishing said Defendants, seek punitive damages according to

12 | proof.

13 |     22.     Defendants and each of them engaged in the malicious conduct described hereinwhich

14 | was intended by Defendants and each of them to cause injury to the Decedent, and despicable conduct

15 | which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of

16 | others, including Decedent DALE DEAN WOEPPEL.

17 |     23.     Defendants, and each of them, engaged in oppressive conduct described herein which

18 | was despicable conduct that subjected persons, including Decedent DALE DEAN WOEPPEL, to cruel

19 | and unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and

20 | mesothelioma, in conscious disregard of those persons' rights.

21 |     24.     As a direct and proximate result of such intentional conduct by Defendants, their

22 | "alternate entities" and each of them, Decedent DALE DEAN WOEPPEL sustained the injuries and

23 | damages alleged herein.

24 |     WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and

25 | each of them, as hereinafter set forth.

26 |

27 |

28 |

11

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

25.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

26.    Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Decedent DALE DEAN WOEPPEL, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Decedent DALE DEAN WOEPPEL and others in Decedent's position working with and in close proximity to such products.

27.    Defendants' products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out" or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Decedent DALE DEAN WOEPPEL. The defect existed in all of said products when they left the possession of the Defendants, their "alternate entities," and each of them. At the time Defendants' products were used by Decedent, and others in Decedent's position working with and in close proximity to such products, the products were substantially the same as when they left the possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos and asbestos products were used by Decedent DALE DEAN WOEPPEL, and others in Decedent's position working with and in close proximity to such products, in a way that was reasonably foreseeable to Defendants, and each of them. The defect in said products was a substantial

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

factor in causing harm and personal injuries to Decedent DALE DEAN WOEPPEL, including malignant mesothelioma, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

28.   As a direct and proximate result of the actions and conduct outlined herein, Defendants' products failed to perform as safely as an ordinary consumer would have expected in that Defendants' products, and each of them, released respirable asbestos fibers during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including Decedent DALE DEAN WOEPPEL, were unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' products when such exposures occurred, and thus the failure of Defendants' products to perform as safely as Decedent DALE DEAN WOEPPEL had reason to expect was a substantial factor in causing his injuries.

29.   As a direct and proximate result of the actions and conduct outlined herein, Decedent DALE DEAN WOEPPEL suffered the injuries and damages alleged herein.

30.   Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)   Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Decedent DALE DEAN WOEPPEL, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.   Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Decedent DALE DEAN WOEPPEL.

(b)   Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the

13

1   suppression of information about the dangers of asbestos to users of the aforementioned products and

2   materials, thereby misleading Decedent DALE DEAN WOEPPEL as to the safety of their products.

3   Through their participation and association with such industry organizations, Defendants and each of

4   them knowingly and deliberately concealed and suppressed the true information regarding asbestos and

5   its dangers, and propagated misinformation intended to instill in users of Defendants' products a false

6   security about the safety of their products.  The Dust Control Committee, which changed its name to the

7   Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject

8   of dust control.  Discussions in this committee were held many times regarding the dangers inherent in

9   asbestos and the dangers, which arise from the lack of control of dust, and such information was

10  suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

11              (c)      Commencing in 1930 with the study of mine and mill workers at Asbestos and

12  Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in

13  Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew

14  and possessed medical and scientific information of the connection between the inhalation of asbestos

15  fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and

16  other industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

17  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

18  this information to consumers;

19              (d)      Defendants, their "alternate entities", and each of them, failed to warn Decedent

20  DALE DEAN WOEPPEL and others of the nature of said materials which were dangerous when

21  breathed and which could cause pathological effects without noticeable trauma, despite the fact that

22  Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to

23  disclose that said materials were dangerous and a threat to the health of persons coming into contact

24  therewith;

25              (e)      Defendants, their "alternate entities", and each of them, failed to provide

26  Decedent DALE DEAN WOEPPEL with information concerning adequate protective masks and other

27  equipment devised to be used when applying, mixing, installing and sanding the products of the

28  Defendants, their "alternate entities", and each of them, despite knowing that such protective measures

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1    were necessary, and that they were under a duty to disclose that such materials were dangerous and

2    would result in injury to Decedent DALE DEAN WOEPPEL and others applying and installing such

3    material;

4          (f)    Defendants, their "alternate entities", and each of them, knew and failed to

5    disclose that Decedent DALE DEAN WOEPPEL and anyone similarly situated, upon inhalation of

6    asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis,

7    asbestosis, mesothelioma and/or cancer;

8          (g)    Defendants, their "alternate entities", and each of them, failed to provide

9    information of the true nature of the hazards of asbestos materials and that exposure to these material

10   would cause pathological effects without noticeable trauma to the public, including buyers, users, and

11   physicians employed by Decedent DALE DEAN WOEPPEL so that said physicians could not examine,

12   diagnose, and treat Decedent and others who were exposed to asbestos, despite the fact that Defendants,

13   their "alternate entities", and each of them, were under a duty to so inform and said failure was

14   misleading; and

15        31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

16   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

17   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

18   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

19   them, and each Defendant's officers, directors, and managing agents participated in, authorized,

20   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

21   their "alternate entities" as set forth herein.

22        32.    The herein-described conduct of said Defendants, their "alternate entities", and each of

23   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

24   to the safety and health of "exposed person," including Decedent DALE DEAN WOEPPEL, in that

25   Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

26   to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

27   posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their

28   "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1    miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

2    justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,

3    for the sake of example and by way of punishing said Defendants, seek punitive damages according to

4    proof.

5        33.      Defendants and each of them engaged in malicious conduct described herein which was

6    intended by Defendants and each of them to cause injury to the Decedent, and despicable conduct which

7    was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others,

8    including Decedent DALE DEAN WOEPPEL.

9        34.      Defendants, and each of them, engaged in the oppressive conduct described herein which

10    was despicable conduct that subjected persons, including Decedent DALE DEAN WOEPPEL, to cruel

11    and unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and

12    mesothelioma, in conscious disregard of those persons' rights.

13        35.      As a direct and proximate result of such intentional conduct by Defendants, their

14    "alternate entities" and each of them, Decedent DALE DEAN WOEPPEL sustained the injuries and

15    damages alleged herein.

16        36.      WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities",

17    and each of them, in an amount to be proved at trial in each individual case, as follows:

18        Decedent DALE DEAN WOEPPEL, by and through his personal representative, NANCY JO

19    BANCHIK, pursuant to Code of Civil Procedure § 377.30. et seq.:

20          1.      For DECEDENT'S medical and related expenses according to proof;

21          2.      For DECEDENT'S loss of income and income potential;

22          3.      For exemplary or punitive damages according to proof;

23        NANCY JO BANCHIK and RICHARD LEE WOEPPEL, pursuant to Code of Civil Procedure §

24    377.60. et seq.:

25          4.      For PLAINTIFFS' medical and related expenses according to proof;

26          5.      For PLAINITFFS' loss of income and income potential caused by DECEDENT'S

27                   death, and for PLAINTIFFS' loss of DECEDENT's financial support and

28                   financial contributions;

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1    6.    For funeral and burial expenses caused by DECEDENT'S death;

2    7.    For PLAINTIFFS' general damages according to proof, including damages for

3          loss of love, companionship, comfort, affection, solace, moral support and/or

4          society according to proof caused by DECEDENT'S death;

5    8.    For exemplary or punitive damages according to proof;

6

7    ALL PLAINTIFFS

8    9.    For Plaintiffs' cost of suit herein;

9    10.   For exemplary or punitive damages according to proof;

10   11.   For such other and further relief as the Court may deem just and proper, including

11         costs and prejudgment interest as provided in C.C.P. § 998, C.C.P. § 1032 and

12         related provisions of law.

13   DATED: June 3, 2009                          **SIMON, EDDINS & GREENSTONE, LLP**

14

15

16   By:

17   JENNIFER BARTLETT
     ETHAN A. HORN
     ALEXANDRA SHEF

18

19             Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

                              17

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4 DATED: June 3, 2009                                     **SIMON, EDDINS & GREENSTONE, LLP**

5

6                                                          By: _____

7                                                          JENNIFER BARTLETT
                                                           ETHAN A. HORN

8                                                          ALEXANDRA SHEF

9                                                          Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

## EXHIBIT "A"

Decedent DALE DEAN WOEPPEL's exposure to asbestos and asbestos-containing products occurred at various locations within the State of California, including, but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| US Navy | At the following locations: | Engineman (except as noted below) | 1949-1970 |
| | Navy Training Center, San Diego | | 1949 |
| | Long Beach Naval Station | | 1955 |
| | Nuclear Poer School, Mare Island, CA | | 1959-1960 |
| | Naval Nulclear Power Training Unit, Idaho Falls, ID | | 1961 |
| | Mobile Support Unit 3, Vietnam | | 1964-1965 |
| | Naval Recruiting Station, Omaha, NE | (Recruiter-in-Charge) | 1968-1970 |
| | USS Caliente (AO-53) | | 1949-1950 |
| | USS Bryce Canyon (AD-36) | | 1951-1952 |
| | USS Nereus (AS-17) | | 6/1956 – 8/1956 |
| | USS Chittenden County (LST-561) | | 3/1958- 4/1958 |
| | USS Wexford County (LST 1168) | | 6/1958-7/1959 |
| | USS Buckley (DDR-808) | | 11/1961-6/1963 |
| | USS Sacramento (AOE-1) | | 1970 |
| | USS Tombigbee (AOG-11) | | 6/1970-6/1971 |

19

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)

1

## EXHIBIT "B"

2       Decedent DALE DEAN WOEPPEL's exposure to Defendants' products caused severe and

3   permanent injury and death to Decedent DALE DEAN WOEPPEL including, but not limited to,

4   mesothelioma. Decedent was diagnosed with mesothelioma on or about January 20,2009.

5       DALE DEAN WOEPPEL died of mesothelioma on February 13, 2009.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR WRONGFUL DEATH – ASBESTOS (GLT)