(VBKx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:09-cv-05549-R-VBK

William Pfeifer et al v. Buffalo Pumps Inc. et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Case in other court: Superior Court State of CA County of Los
                     Angeles, BC416536
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 07/29/2009
Date Terminated: 09/08/2009
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**William Pfeifer**                         represented by **Jennifer L Bartlett**
                                                          Simon Eddins and Greenstone LLP
                                                          301 East Ocean Boulevard Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Robert Allen Green**
                                                          Simon Eddins and Greenstone LLP
                                                          301 East Ocean Boulevard Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ronald Cary Eddins**
                                                          Simon Eddins and Greenstone LLP
                                                          301 East Ocean Boulevard Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          Email: reddins@seglaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stuart J Purdy**
                                                          Simon Eddins and Greenstone LLP
                                                          301 East Ocean Boulevard Suite 1950
                                                          Long Beach, CA 90802

562-590-3400
Fax: 562-590-3412
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anne Pfeifer**                                 represented by   **Jennifer L Bartlett**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Robert Allen Green**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Ronald Cary Eddins**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Stuart J Purdy**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Buffalo Pumps, Inc.**

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**General Electric Company**                     represented by   **Charles T Sheldon**
                                                                  Sedgwick Detert Moran & Arnold LLP
                                                                  Steuart Tower
                                                                  One Market Plaza 8th Floor
                                                                  San Francisco, CA 94105
                                                                  415-781-7900
                                                                  Fax: 415-781-2635
                                                                  Email: charles.sheldon@sdma.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Katherine Paige Gardiner**
                                                                  Sedgwick Detert Moran & Arnold LLP
                                                                  Steuart Tower

One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SYD Carpenter, Marine Contractor, Inc.**

**Defendant**

| | |
|---|---|
| **Viad Corporation** | represented by **Peter B Langbord** |
| *Successor* | Foley & Mansfield PLLP |
| Griscom-Russell Company | 300 South Grand Avenue Suite 2800 |
| *formerly known as* | Los Angeles, CA 90071 |
| The Dial Corporation | 213-283-2100 |
| | Fax: 213-283-2101 |
| | Email: plangbord@foleymansfield.com |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |

**Defendant**

**DOES**
*1-450 Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/29/2009 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC416536 with CONFORMED copy of summons and complaint. Case assigned to Judge Ronald S.W. Lew, Discovery to Magistrate Judge Victor B Kenton. (Filing fee $ 350 PAID), filed by Defendant Viad Corp(car) (amar). (Entered: 07/30/2009) |
| 07/29/2009 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendant Viad Corp [Filed in State Court on 7/09/09; submitted attached Exhibit D to Notice of Removal](car) (Entered: 07/30/2009) |
| 07/29/2009 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corp (car) (amar). (Entered: 07/30/2009) |
| 07/29/2009 | 3 | NOTICE of Related Case(s) filed by Defendant Viad Corp Related Case(s): CV07-8338 VBF(RCx), CV08-0118 R(JTLx), CV08-0248 R(PLAx), CV 08-00282 VBF (AGRx), CV08-00501 GPS(AJWx), CV08-1296 R(JTLx) [SEE DOCUMENT FOR FURTHER DETAILS] (car) (amar). (Entered: 07/30/2009) |
| 07/29/2009 | 4 | NOTICE OF TAG-ALONG ACTION filed by Defendant Viad Corp (car) (amar). (Entered: 07/30/2009) |
| 07/29/2009 | 5 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by |

| | | |
|---|---|---|
| | | Defendant Viad Corp (car) (amar). (Entered: 07/30/2009) |
| 07/29/2009 | 6 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(car) (Entered: 07/30/2009) |
| 07/29/2009 | 7 | CERTIFICATE OF SERVICE filed by Defendant Viad Corp re Notice of Related Case(s), 3 , Notice of Removal, 1 , Certification and Notice of Interested Parties 2 , Notice of Tag-Along Action, 4 , Civil Cover Sheet, served on 7/29/09. (car) (amar). (Entered: 07/30/2009) |
| 08/03/2009 | 8 | CERTIFICATE OF SERVICE filed by DEFENDANT Viad Corporation, *CERTIFICATE OF SERVICE RE: NOTICE TO ADVERSE PARTY* served on July 30, 2009. (Langbord, Peter) (Entered: 08/03/2009) |
| 08/03/2009 | 9 | CERTIFICATE OF SERVICE filed by DEFENDANT Viad Corporation, *CERTIFICATE OF SERVICE RE: COURT DOCUMENTATION; DEFENDANT'S NOTICE OF RELATED ACTION* served on July 30, 2009. (Langbord, Peter) (Entered: 08/03/2009) |
| 08/03/2009 | 10 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge Ronald S.W. Lew. ORDER case returned to the Clerk for random reassignment pursuant to General Order 08-05. Case randomly reassigned from Judge Ronald S.W. Lew to Judge Christina A. Snyder for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 09-05549 CAS(VBKx). (rn) (Entered: 08/03/2009) |
| 08/05/2009 | 11 | NOTICE Joinder in Notice of Removal Under 28 USC Sections 1331, 1442(a)(1), and 1446 filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 08/05/2009) |
| 08/05/2009 | | (CONFORMED COPY) ANSWER to Complaint 1 by Defendant General Electric Company [filed in Los Angeles Superior Court, Case No. BC 416536, on 7/10/2009]. (gk) (Entered: 08/06/2009) |
| 08/06/2009 | 12 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case- filed. Related Case No: CV 07-02241 R (JTLx). Case transferred from Judge Christina A. Snyder to Judge Manuel L. Real for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 09-05549 R (VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 08/06/2009) |
| 08/06/2009 | 13 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected. Correct event to be used is Joinder (non-motion). Notice (other) event utilized in docketing this filing. No Certification of Interested Parties, Local Rule 7.1-1 RE: Joinder in Notice of Removal Under 28 U.S.C. Section 1331, 1442(a)(1), and 1446 filed 8/5/2009 11 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (gk) (Entered: 08/06/2009) |
| 08/06/2009 | 14 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real. This case has been assigned to the calendar of Judge Manuel L. Real. Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. The attention of counsel is particularly directed to Local Rule 16. (See attached Order for details). (lom) (Entered: 08/06/2009) |

| 08/06/2009 | 15 | MINUTES OF IN CHAMBERS ORDER held before Judge CHRISTINA A. SNYDER: Reference of the above case to the Alternative Dispute Resolution Pilot Program GeneralOrder 02-07, is vacated. All further settlement procedures in this action shall be pursuant to Local Civil Rule 16-15. (kpa) (Entered: 08/06/2009) |
|---|---|---|
| 08/06/2009 | 16 | NOTICE VACATING ADR REFERRAL by Judge Christina A. Snyder: Notice is given to the parties that the reference to the Alternative Dispute Resolution Pilot Program, General Order 02-07 is vacated. All further settlement procedures in this action shall be pursuant to Local Rule R 16-14. (kpa) (Entered: 08/06/2009) |
| 08/06/2009 | 17 | NOTICE OF CLERICAL ERROR: Due to clerical error, Minutes of In Chambers Order 15 used the wrong event and is a duplicate. Please refer to docket entry 16. (kpa) (Entered: 08/06/2009) |
| 08/07/2009 | 18 | JOINDER filed by Defendant General Electric Company joining in Notice of Removal, 1 . (Attachments: # 1 Notice of Interested Parties)(Gardiner, Katherine) (Entered: 08/07/2009) |
| 08/10/2009 | 19 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: The Certification and Notice of Interested parties must be e-filed separately. The event is "Certificate/Notice of Interested Parties under NOTICES". RE: Joinder (non-motion) 18 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 08/10/2009) |
| 09/08/2009 | 20 | CONDITIONAL TRANSFER ORDER (CTO-325) from the Judicial Panel on Multidistrict Litigation, MDL 875, transferring case to US District Court, Eastern District of Pennsylvania, Philadelphia, assigned to Judge Eduardo C. Robreno. Case electronically transferred. (MD JS-6. Case Terminated.) (Attachments: # 1 CV 117) (mg) (Entered: 09/09/2009) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/09/2010 12:08:59 | | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:09-cv-05549-R-VBK End date: 12/9/2010 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

1  RON C. EDDINS, CA Bar No. 243581
   JENNIFER L. BARTLETT, CA Bar No. 183154
2  ROBERT A. GREEN, CA Bar No. 216116
   STUART J. PURDY, CA Bar No. 239878
3  **SIMON, EDDINS & GREENSTONE, LLP**
   301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
   Telephone (562) 590-3400
5  Facsimile (562) 590-3412

6

7  Attorneys for Plaintiffs

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF LOS ANGELES**

11                                              BC416536

12  **WILLIAM PFEIFER** and **ANNE**          ) Case No.
    **PFEIFER**                                )
13                                             ) THIS ACTION CONSTITUTES COMPLEX
                              Plaintiffs,      ) ASBESTOS LITIGATION – SUBJECT TO THE
14                                             ) GENERAL ORDERS CONTAINED IN FILE NO.
              vs.                              ) C 700000 – DEPT. 59
15                                             )
    **BUFFALO PUMPS, INC.;**                   )
16  **FOSTER WHEELER ENERGY**                  ) **COMPLAINT FOR PERSONAL INJURY –**
    **CORPORATION;**                           ) **ASBESTOS (NEGLIGENCE; STRICT**
17  **GENERAL ELECTRIC COMPANY;**              ) **LIABILITY; LOSS OF CONSORTIUM)**
    **SYD CARPENTER, MARINE**                  )
18  **CONTRACTOR, INC.;**                      )
    **VIAD CORPORATION** f/k/a THE DIAL        )
19  CORPORATION (sued individually and as      )
    successor-in-interest to GRISCOM-          )
20  RUSSELL COMPANY);                          )
    and **DOES 1-450**                         )
21                                             )
22                              Defendants.    )
                                               )
23  _____

24

25                    GENERAL ALLEGATIONS

26          COME NOW Plaintiffs **WILLIAM PFEIFER** and **ANNE PFEIFER** (hereinafter

27  "Plaintiffs") and complain and allege as follows:

28          1.      The true names and capacities, whether individual, corporate, associate, governmental

    or otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 25 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

                              1

who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.      At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **BUFFALO PUMPS, INC.; FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; SYD CARPENTER, MARINE CONTRACTOR, INC.; VIAD CORPORATION f/k/a THE DIAL CORPORATION** (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY), and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

3.      Plaintiffs allege herein that Plaintiff WILLIAM PFEIFER developed malignant mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **BUFFALO PUMPS, INC.** (Buffalo pumps); **FOSTER WHEELER ENERGY CORPORATION** (Foster Wheeler boilers and distilling plants); **GENERAL**

2

ELECTRIC COMPANY (General Electric turbines); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (insulation and decking contractor); and **VIAD CORPORATION f/k/a THE DIAL CORPORATION** (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (Griscom-Russell distilling plants and fuel oil heaters).

4.      Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any defendant acting under the authority of a federal officer or agency.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.      Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6.      At all times herein mentioned, each of the named Defendants and DOES 1 through 450 was the successor, successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos, and products containing asbestos, including but not limited to, those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called "alternate entities."  Each of the herein named Defendants is liable for the tortious conduct of each successor, successor-in-business, successor-in-product line or a portion thereof, assign, predecessor in

3

1   product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

2   owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing,

3   warranted, re-branded, manufactured for others and advertised asbestos, products containing asbestos.

4   The following Defendants, and each of them, are liable for the acts of each and every "alternate

5   entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each

6   such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a

7   portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the

8   destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the

9   ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant

10   enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| FOSTER WHEELER ENERGY CORPORATION | FOSTER WHEELER BOILER CORPORATION |
| | FOSTER WHEELER CONTRACTORS, INC. |
| | FOSTER WHEELER CORPORATION |
| | FOSTER WHEELER DEVELOPMENT CORP. |
| | FOSTER WHEELER ENERGY RESOURCES INC. |
| | FOSTER WHEELER ENERGY SERVICES, INC. |
| | FOSTER WHEELER ENVIRESPONSE, INC. |
| | FOSTER WHEELER ENVIRONMENTAL CORPORATION |
| | FOSTER WHEELER POWER GROUP, INC. |
| | FOSTER WHEELER POWER SYSTEMS, INC. |
| | FOSTER WHEELER PYROPOWER, INC. |
| | FOSTER WHEELER REALTY SERVICES, INC. |
| | FOSTER WHEELER USA CORPORATION |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC. |
| | GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY |
| | GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY |
| | GENERAL ELECTRIC TRADING COMPANY |
| VIAD CORPORATION | THE DIAL CORPORATION |
| | GRISCOM-RUSSELL COMPANY |

**4**

7.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter Defendants' Products).

8.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff WILLIAM PFEIFER herein (hereinafter collectively called "exposed person"). Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person". Plaintiffs herein allege that WILLIAM PFEIFER was exposed to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant mesothelioma, and therefore proximately caused Plaintiff WILLIAM PFEIFER's injuries.

9.     Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendants breached said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn "exposed person", including Plaintiff WILLIAM PFEIFER, of the health hazards of using Defendants' products; failed to disclose the known or knowable dangers of

5

1  using Defendants' products; failed to obtain suitable alternative materials to asbestos when such
2  alternatives were available; and as otherwise stated herein.

3    10. The Defendants' products were and are hazardous to the health and safety of Plaintiff,
4  and others in Plaintiff's position working with and in close proximity to such products, and since on or
5  before 1930, the hazards and dangerous propensities of the Defendants' products were both known and
6  knowable to the Defendants, their "alternate entities", and each of them, through the use of medical
7  and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of
8  them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,
9  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,
10 installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for
11 others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous
12 propensities of asbestos presented a substantial danger to users, including Plaintiff, WILLIAM
13 PFEIFER, of Defendants' Products through the intended and reasonably foreseeable use of those
14 products.

15   11. Defendants, their "alternate entities", and each of them, knew, or reasonably should have
16 known, that Defendants' Products were dangerous and were likely to be dangerous when used in their
17 intended and reasonably foreseeable manner.

18   12. Defendants, their "alternate entities", and each of them, knew, or reasonably should have
19 known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,
20 sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed
21 in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and
22 dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff
23 WILLIAM PFEIFER herein, would be exposed to said hazardous and dangerous asbestos fibers.
24 Defendants, their "alternate entities", and each of them, knew or reasonably should have known that
25 users, such as Plaintiff WILLIAM PFEIFER and others in his position, working with and in close
26 proximity to Defendants' Products would not realize or know the danger. Defendants, their "alternate
27 entities," and each of them negligently failed to adequately warn or instruct of the dangers of the
28 products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1  same or similar circumstances, would have warned of the dangers to avoid exposing others to a

2  foreseeable risk of harm.  The negligent failure of Defendants, their "alternate entities," and each of

3  them to warn was a substantial factor in causing harm to Plaintiff WILLIAM PFEIFER.

4      13.    Plaintiff WILLIAM PFEIFER used, handled, or was otherwise exposed to asbestos from

5  Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and

6  each of them.  Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

7  **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

8      14.    As a direct and proximate result of the conduct of the Defendants, their "alternate

9  entities", and each of them, as aforesaid, Plaintiff WILLIAM PFEIFER's exposure to asbestos from use

10  of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along

11  with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

12  to Defendants' Products, are set forth in **Exhibit "B",** which is attached hereto and incorporated by

13  reference herein.  Plaintiffs are informed and believe, and thereon allege, that progressive lung disease,

14  cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma

15  and that said disease results from exposure to Defendants' Products over a period of time.

16      15.    Plaintiff WILLIAM PFEIFER suffers from malignant pleural mesothelioma, caused by

17  exposure to asbestos from Defendants' Products including those products identified in paragraph 3

18  above.  Plaintiff WILLIAM PFEIFER was not aware at the time of exposure that Defendants' Products

19  presented any risk of injury and/or disease.

20      16.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

21  entities," and each of them, Plaintiff WILLIAM PFEIFER has suffered and will continue to suffer

22  permanent injuries and future injuries to his person, body and health, including, but not limited to, pain,

23  discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other

24  physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant

25  mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a

26  limited civil case.

27      17.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

28  "alternate entities", and each of them, Plaintiff WILLIAM PFEIFER has incurred, is presently incurring,

7

1   and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices,

2   X-rays and other medical treatment, the true and exact amount thereof being presently unknown to

3   Plaintiffs, subject to proof at trial.

4       18.    As a further direct and proximate result of the said conduct of the Defendants, their

5   "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

6   profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

7   exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

8       19.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

9   engaged in the following wrongful acts:

10       (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

11   including Plaintiff WILLIAM PFEIFER, medical and scientific information concerning the health

12   hazards associated with inhalation of asbestos, including the substantial risk of injury or death

13   therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with

14   exposure to asbestos, they willfully and knowingly concealed such information from the users of their

15   asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

16   "exposed person", including Plaintiff WILLIAM PFEIFER.

17       (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

18   financially supported industry organizations, including but not limited to the Gypsum Association,

19   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

20   of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

21   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

22   misleading Plaintiff WILLIAM PFEIFER as to the safety of their products.  Through their participation

23   and association with such industry organizations, Defendants and each of them knowingly and

24   deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

25   propagated misinformation intended to instill in users of Defendants' Products a false security about the

26   safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene

27   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

28   control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos

**8**

1   and the dangers, which arise from the lack of control of dust, and such information was suppressed from

2   public dissemination from 1946 to a date unknown to Plaintiff WILLIAM PFEIFER at this time;

3        (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

4   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

5   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

6   medical and scientific information of the connection between the inhalation of asbestos fibers and

7   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

8   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

9   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

10  this information to consumers;

11       (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

12  WILLIAM PFEIFER and others of the nature of said materials which were dangerous when breathed

13  and which could cause pathological effects without noticeable trauma, despite the fact that Defendants,

14  their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that

15  said materials were dangerous and a threat to the health of persons coming into contact therewith;

16       (e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

17  WILLIAM PFEIFER w ith information concerning adequate protective masks and other equipment

18  devised to be used when applying, mixing, installing and sanding the products of the Defendants, their

19  "alternate entities", and each of them, despite knowing that such protective measures were necessary,

20  and that they were under a duty to disclose that such materials were dangerous and would result in injury

21  to Plaintiff WILLIAM PFEIFER and others applying and installing such material;

22       (f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that

23  Plaintiff WILLIAM PFEIFER and anyone similarly situated, upon inhalation of asbestos would, in time,

24  have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

25  mesothelioma and/or cancer;

26       (g)     Defendants, their "alternate entities", and each of them, failed to provide information of

27  the true nature of the hazards of asbestos materials and that exposure to these material would cause

28  pathological effects without noticeable trauma to the public, including buyers, users, and physicians

9

1   employed by Plaintiff WILLIAM PFEIFER so that said physicians could not examine, diagnose, and

2   treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

3   entities", and each of them, were under a duty to so inform and said failure was misleading.

4        20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

5   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

6   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

7   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

8   them, and each Defendant's officers, directors, and managing agents participated in, authorized,

9   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

10   their "alternate entities" as set forth herein.

11        21.    The herein-described conduct of said Defendants, their "alternate entities", and each of

12   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

13   to the safety and health of "exposed person," including Plaintiff WILLIAM PFEIFER, in that

14   Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

15   to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

16   posed by use of their products, in order to continue to profit financially therefrom. Defendants, their

17   "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

18   miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

19   justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,

20   for the sake of example and by way of punishing said Defendants, seek punitive damages according to

21   proof.

22        22.    Defendants and each of them engaged in conduct which was intended by Defendants and

23   each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

24   Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

25   WILLIAM PFEIFER.

26        23.    Defendants, and each of them, engaged in the despicable conduct described herein that

27   subjected persons, including Plaintiff WILLIAM PFEIFER, to cruel and unjust hardship in the form of

28   sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

1 | disregard of those persons' rights.

2 |      24.   As a direct and proximate result of such intentional conduct by Defendants, their

3 | "alternate entities" and each of them, Plaintiff WILLIAM PFEIFER sustained the injuries and damages

4 | alleged herein.

5 |      WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and

6 | each of them, as hereinafter set forth.

7 | **SECOND CAUSE OF ACTION**

8 | (Strict Liability)

9 |      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR

10 | "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

11 |      25.   Plaintiffs incorporate herein by reference, as though fully set forth therein, each and

12 | every one of the general allegations and the allegations contained in the First Cause of Action herein.

13 |      26.   Defendants, their "alternate entities", and each of them, sold the aforementioned

14 | Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and

15 | risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

16 | have been, and were not, recognized by ordinary consumers of the products, including Plaintiff,

17 | WILLIAM PFEIFER, and the lack of sufficient instructions and/or warnings was a substantial factor in

18 | causing harm to Plaintiff WILLIAM PFEIFER and others in Plaintiff's position working with and in

19 | close proximity to such products.

20 |      27.   Defendants' Products were defective and unsafe for their intended purpose and

21 | foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

22 | sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed,

23 | said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos

24 | fibers by exposed person, including Plaintiff WILLIAM PFEIFER.  The defect existed in all of said

25 | products when they left the possession of the Defendants, their "alternate entities," and each of them.  At

26 | the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and

27 | in close proximity to such products, the products were substantially the same as when they left the

28 | possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the

11

products after they left the possession of Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos and asbestos products were used by Plaintiff WILLIAM PFEIFER, and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to Defendants, and each of them. The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff WILLIAM PFEIFER, including malignant mesothelioma, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

28. As a direct and proximate result of the actions and conduct outlined herein, Defendants' Products failed to perform as safely as an ordinary consumer would have expected in that Defendants' products, and each of them, during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including Plaintiff WILLIAM PFEIFER, were unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff WILLIAM PFEIFER had reason to expect was a substantial factor in causing his injuries.

29. As a direct and proximate result of the actions and conduct outlined herein, Plaintiff WILLIAM PFEIFER has suffered the injuries and damages alleged herein.

30. Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a) Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff WILLIAM PFEIFER, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom. Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff WILLIAM PFEIFER.

**12**

1    (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

2    financially supported industry organizations, including but not limited to the Gypsum Association,

3    Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

4    of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

5    information about the dangers of asbestos to users of the aforementioned products and materials, thereby

6    misleading Plaintiff WILLIAM PFEIFER as to the safety of their products.  Through their participation

7    and association with such industry organizations, Defendants and each of them knowingly and

8    deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

9    propagated misinformation intended to instill in users of Defendants' Products a false security about the

10   safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene

11   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

12   control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos

13   and the dangers, which arise from the lack of control of dust, and such information was suppressed from

14   public dissemination from 1946 to a date unknown to Plaintiff WILLIAM PFEIFER at this time;

15   (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

16   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

17   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

18   medical and scientific information of the connection between the inhalation of asbestos fibers and

19   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

20   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

21   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

22   this information to consumers;

23   (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

24   WILLIAM PFEIFER and others of the nature of said materials which were dangerous when breathed

25   and which could cause pathological effects without noticeable trauma, despite the fact that Defendants,

26   their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that

27   said materials were dangerous and a threat to the health of persons coming into contact therewith;

28   (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

13

1   WILLIAM PFEIFER with information concerning adequate protective masks and other equipment

2   devised to be used when applying, mixing, installing and sanding the products of the Defendants, their

3   "alternate entities", and each of them, despite knowing that such protective measures were necessary,

4   and that they were under a duty to disclose that such materials were dangerous and would result in injury

5   to Plaintiff WILLIAM PFEIFER and others applying and installing such material;

6        (f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that

7   Plaintiff WILLIAM PFEIFER and anyone similarly situated, upon inhalation of asbestos would, in time,

8   have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

9   mesothelioma and/or cancer;

10        (g)     Defendants, their "alternate entities", and each of them, failed to provide information of

11   the true nature of the hazards of asbestos materials and that exposure to these material would cause

12   pathological effects without noticeable trauma to the public, including buyers, users, and physicians

13   employed by Plaintiff WILLIAM PFEIFER so that said physicians could not examine, diagnose, and

14   treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

15   entities", and each of them, were under a duty to so inform and said failure was misleading; and

16        31.     Defendants, their "alternate entities", and each of them, and their officers, directors, and

17   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

18   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

19   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

20   them, and each Defendant's officers, directors, and managing agents participated in, authorized,

21   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

22   their "alternate entities" as set forth herein.

23        32.     The herein-described conduct of said Defendants, their "alternate entities", and each of

24   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

25   to the safety and health of "exposed person," including Plaintiff WILLIAM PFEIFER, in that

26   Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

27   to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

28   posed by use of their products, in order to continue to profit financially therefrom. Defendants, their

**14**

1    "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

2    miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

3    justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,

4    for the sake of example and by way of punishing said Defendants, seek punitive damages according to

5    proof.

6        33.    Defendants and each of them engaged in conduct which was intended by Defendants and

7    each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

8    Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

9    WILLIAM PFEIFER.

10        34.    Defendants, and each of them, engaged in the despicable conduct described herein that

11    subjected persons, including Plaintiff WILLIAM PFEIFER, to cruel and unjust hardship in the form of

12    sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

13    disregard of those persons' rights.

14        35.    As a direct and proximate result of such intentional conduct by Defendants, their

15    "alternate entities" and each of them, Plaintiff WILLIAM PFEIFER sustained the injuries and damages

16    alleged herein.

17        WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities",

18    and each of them, as hereinafter set forth.

19

20                    **THIRD CAUSE OF ACTION**

21                        (Loss of Consortium)

22    AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION
     FOR LOSS OF CONSORTIUM, PLAINTIFF ANNE PFEIFER COMPLAINS OF DEFENDANTS,
     DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS
23    FOLLOWS:

24        36.    Plaintiff ANNE PFEIFER incorporates by reference, each and every allegation contained

25    in the general allegations and in the First, Second and Third Causes of Action herein.

26        37.    Plaintiffs WILLIAM PFEIFER and ANNE PFEIFER were married on December 2,

27    1989, and at all times relevant to this action were, and are now, husband and wife.

28        38.    Prior to Plaintiff WILLIAM PFEIFER's injuries as alleged, he was able and did perform

                            **15**

1   duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, Plaintiff WILLIAM

2   PFEIFER has been unable to perform the necessary duties as a spouse and the work and services usually

3   performed in the care, maintenance, and management of the family home, and he will be unable to

4   perform such work, service and duties in the future.  As a proximate result thereof, ANNE PFEIFER has

5   been permanently deprived and will be deprived of the consortium of her spouse, including the

6   performance of duties, all to her damages, in an amount presently unknown but which will be proved at

7   the time of trial.

8        39.     Plaintiff ANNE PFEIFER's discovery of this cause of her loss of consortium, as herein

9   alleged, first occurred within one year of the date this Complaint was filed.

10       40.     As a direct and proximate result of the acts of Defendants, their "alternate entities", and

11   each of them, and the severe injuries caused thereby to Plaintiff WILLIAM PFEIFER as set forth in this

12   complaint, Plaintiff ANNE PFEIFER has suffered, and for a long period of time will continue to suffer,

13   loss of consortium, including, but not limited, loss of services, marital relations, society, comfort,

14   companionship, love and affection of said spouse, and has suffered severe mental and emotional distress

15   and general nervousness as a result thereof.

16       41.     WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities",

17   and each of them, in an amount to be proved at trial in each individual case, as follows:

18       Plaintiff WILLIAM PFEIFER:

19       1.      For Plaintiff's general damages according to proof;

20       2.      For Plaintiff's loss of income, wages, and earning potential according to proof;

21       3.      For Plaintiff's medical and related expenses according to proof;

22       Plaintiff ANNE PFEIFER:

23       4.      For Plaintiff's damages for loss of consortium and/or society according to proof;

24       Plaintiffs WILLIAM PFEIFER and ANNE PFEIFER:

25       5.      For Plaintiffs' cost of suit herein;

26       6.      For exemplary or punitive damages according to proof;

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1

2       7.    For such other and further relief as the Court may deem just and proper, including

3  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

4  provisions of law.

5

6  DATED: June 25, 2009             **SIMON, EDDINS & GREENSTONE, LLP**

7

8                          By

9                          JENNIFER L. BARTLETT
                              ROBERT A. GREEN

10                        STUART J. PURDY
                        Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**17**

1
2 <u>DEMAND FOR JURY TRIAL</u>
3 Plaintiffs hereby demand trial by jury as to all issues so triable.
4
5 DATED: June ___, 2009               **SIMON, EDDINS & GREENSTONE, LLP**
6
7                                     By: _____
8                                     JENNIFER L. BARTLETT
                                      ROBERT A. GREEN
                                      STUART J. PURDY
9                                     Attorneys for Plaintiffs
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1

## EXHIBIT "A"

2

Plaintiff WILLIAM PFEIFER's exposure to asbestos and asbestos-containing products occurred

3

at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| U.S. Navy | USS COLAHAN (DD-658)<br>USS DIXIE (AD-14)<br>USS TOWERS (DDG-9) | Fireman and Boiler<br>Tender (BT1, BT2, BT3) | 1963-1971 |
| Long Beach Naval<br>Station | Long Beach, CA | Boiler Operator | 3/1971- 6/1973 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1

2

## EXHIBIT "B"

3

Plaintiff WILLIAM PFEIFER's exposure to Defendants' Products caused severe and

4

permanent injury to Plaintiff WILLIAM PFEIFER including, but not limited to, mesothelioma.

5

Plaintiff was diagnosed with mesothelioma on or about June 3, 2009.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)