(VBKx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:09-cv-06092-R-VBK

Lilia Nepomuceno et al v. A.W. Chesterton Company et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Case in other court: Superior Court State of CA County of Los
                Angeles, BC418256
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 08/20/2009
Date Terminated: 12/09/2009
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Lilia Nepomuceno**
*individually and as Successor-In-Interest*
*to Eugenio Nepomuceno, deceased*

represented by **Denyse F Clancy**
Baron & Budd P.C.
3102 Oak Lawn Avenue Suite 1100
Dallas, TX 75219
214-521-3605
Fax: 214-520-1181
Email: dclancy@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric L Brown**
Baron and Budd P.C.
9465 Wilshire Boulevard Suite 460
Beverly Hills, CA 90212
310-860-0476
Fax: 310-860-0480
Email: ebrown@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jed Borghei**
Baron and Budd P.C.
9465 Wilshire Boulevard Suite 460
Beverly Hills, CA 90212
310-860-0476
Fax: 310-860-0480
Email: jborghei@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer K Berg**
Baron & Budd P.C.

9465 Wilshire Boulevard Suite 460
Beverly Hills, CA 90212
310-860-0476
Fax: 310-860-0480
Email: jberg@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Langdoc**
Barron and Budd P.C.
3102 Oak Lawn Avenue Suite 1100
Dallas, TX 75219
214-521-3605
Fax: 214-520-1181
Email: jlangdoc@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eugene R. Nepomuceno**                   represented by   **Denyse F Clancy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric L Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jed Borghei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer K Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Langdoc**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael R. Nepomuceno**                  represented by   **Denyse F Clancy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric L Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jed Borghei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer K Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Langdoc**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Ronald Nepomuceno**               represented by   **Denyse F Clancy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric L Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jed Borghei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer K Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Langdoc**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**A.W. Chesterton Company**

**Defendant**

**Alfa Laval, Inc.**

**Defendant**

**Allis-Chalmers Corporation Product
Liability Trust**

**Defendant**

**Armstrong International, Inc.**

**Defendant**

**Aurora Pump Company**                represented by   **Alan Scott Goldberg**
                                                        Selman Breitman LLP
                                                        11766 Wilshire Boulevard
                                                        6th Floor
                                                        Los Angeles, CA 90025-6538
                                                        310-445-0800
                                                        Fax: 310-473-2525
                                                        Email: sgoldberg@selmanbreitman.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Arash Nematollahi**
                                                        Selman Breitman LLP
                                                        11766 Wilshire Boulevard, 6th Floor
                                                        Los Angeles, CA 90025
                                                        310-445-0800
                                                        Fax: 310-473-2525
                                                        Email: anematollahi@selmanbreitman.com

                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Craig R Maki**
                                                        Selman Breitman
                                                        11766 Wilshire Blvd, 6th Fl
                                                        Los Angeles, CA 90025-6538
                                                        310-445-0800
                                                        Fax: 310-473-2525
                                                        Email: CMaki@selmanbreitman.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Buffalo Pumps, Inc.**

**Defendant**

**Carrier Corporation**                represented by   **John K Son**
*individually and as*                                   Tucker Ellis and West

*Successor*
Crocker-Wheeler Company
*Successor*
Elliott Company

515 S Flower Street 42nd Fl
Los Angeles, CA 90017-2223
213-430-3400
Fax: 213-430-3409
Email: john.son@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lillian Chia-Ai Ma**
Tucker Ellis and West
135 Main Street
Suite 700
San Francisco, CA 94105
415-617-2400
Fax: 415 617 2409
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*f/k/a Viacom, Inc. (successory-by-merger to Westinghouse Electric Corporation, individually and as successor-in-interest to B.F. Sturtevant Company formerly known as*
Viacom, Inc.

represented by **Christopher G Conley**
Evert Weathersby Houff
200 Cleveland Road Suite 6
Bogart, GA 30622
706-389-7300
Fax: 706-389-7301
Email: cgconley@ewhlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin D Jamison**
Pond North LLP
350 South Grand Avenue Suite 3300
Los Angeles, CA 90071
213-617-7170
Fax: 213-623-3594
Email: kjamison@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Previn A Wick**
Pond North LLP
350 South Grand Avenue Suite 3300
Los Angeles, CA 90071
213-617-6170
Email: pwick@pondnorth.com
*TERMINATED: 10/13/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cleaver-Brooks, Inc.**
*individually and*
*formerly known as*
Aqua-Chem, Inc.

**Defendant**

**Cleaver-Brooks, Inc.**
*individually and f/k/a Aqua-Chem, Inc.,*
*d/b/a Cleaver-Brooks Division (successor-*
*in-interest to Davis Engineering Company)*

**Defendant**

**Crane Co.**
*individually and as*
*Successor*
Chapman Valves

**Defendant**

**Crown Cork & Seal Company, Inc.**
*individually and*
*Successor*
Mundet Cork Company

**Defendant**

**Dresser-Rand Company**
*individually and as successor-in-interest to*
*Terry Steam Turbine and Whiton Machine*
*Company*

**Defendant**

**FMC Corporation**                     represented by **Previn A Wick**
*individually, on behalf of and as*              (See above for address)
*successor-in-interest to Peerless Pump*          *LEAD ATTORNEY*
*Co., John Bean Pumps, Chicago Pumps,*            *ATTORNEY TO BE NOTICED*
*Dayton-Dowd Pump Co., Ohio Apex*
*Division, and Link Belt Company*

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Gardner Denver Nash, L.L.C.**
*individually and as*
*Successor*
The Nash Engineering Co.

**Defendant**

**Gardner Denver, Inc.**                 represented by **Charles William Jenkins**

*formerly known as*
Gardner Denver Machinery, Inc.

Poole & Shaffery LLP
445 South Figueroa Street Suite 2520
Los Angeles, CA 90071
213-439-5390
Fax: 213-439-0183
Email: cjenkins@pooleshaffery.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John H Shaffery**
Poole & Shaffery LLP
445 S Figueroa Street
Suite 2520
Los Angeles, CA 90071
213-439-5390
Fax: 213-439-0183
Email: jshaffery@pooleshaffery.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yaebin Kay Na**
Poole & Shaffery LLP
445 South Figueroa Street Suite 2520
Los Angeles, CA 90071
213-439-5390
Fax: 213-439-0183
Email: kna@pooleshaffery.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technologies, LLC**
*individually and as*
*Successor*
Garlock, Inc.

**Defendant**

**General Electric Company**                represented by   **Charles T Sheldon**
Sedgwick Detert Moran and Arnold
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: charles.sheldon@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold

Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps Incorporated**

**Defendant**

**Griscom Russell Company**      represented by   **Peter B Langbord**
*also known as*                                     Foley & Mansfield PLLP
Viad Corporation                               300 South Grand Avenue Suite 2800
Los Angeles, CA 90071
213-283-2100
Fax: 213-283-2101
Email: plangbord@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries, Inc.**
*individually and as*
*Successor*
Delaval Turbine, Inc.

**Defendant**

**Ingersoll-Rand Company**      represented by   **Glen R Powell**
*individually and*                                     Gordon and Rees
*Successor*                                     275 Battery Street Suite 2000
Aldrich Company                            San Francisco, CA 94111
415-986-5900
Email: gpowell@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**      represented by   **Glen R Powell**
*individually and successor-in-interest to*     (See above for address)
*Terry Steam Turbine Company and the*      *LEAD ATTORNEY*
*Whiton Machine Company*              *ATTORNEY TO BE NOTICED*

**Defendant**

**Johnson Controls, Inc.**      represented by   **John Lewis Holcomb , Jr**
Baker Keener and Nahra LLP
633 West Fifth Street Suite 5400
Los Angeles, CA 90071

213-241-0900
Fax: 213-241-0990
Email: jholcomb@bknlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael H Bailey**
Baker Keener and Nahra LLP
633 W 5th Street Ste 5400
Los Angeles, CA 90071
213-241-0900
Fax: 213-241-0990
Email: mbailey@bknlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leslie Controls, Inc.**                    represented by    **Jennifer Judin**
Dehay & Elliston LLP
800 West Sixth Street Suite 788
Los Angeles, CA 90017
213-271-2727
Fax: 213-271-2730
Email: jjudin@dehay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Christopher White , II**
DeHay and Elliston LLP
800 West 6th Street Suite 788
Los Angeles, CA 90017
213-271-2727
Fax: 213-277-2730
Email: pwhite@dehay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mechanical Drives & Belting**
*formerly known as*
L.A. Rubber Company

**Defendant**

**Metalclad Insulation Corporation**

**Defendant**

**Owens-Illinois, Inc.**
*individually and as successor-in-interest to*
*Owens-Illinois Glass Company and d/b/a*
*O-I*

**Defendant**

**Pentair, Inc.**
*individually and as*
*Successor*
Aurora Pump Company

**Defendant**

**SPX Corporation**
*individually and as successor-in-interst to*
*General Signal Corp. (successor-in-*
*interest to Aurora Pump Company)*
*Erroneously Sued As*
Aurora Pump Company

represented by **Alan Scott Goldberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arash Nematollahi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig R Maki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Dee Engineering Co.**

**Defendant**

**Triple A Machine Shop, Inc.**
*also known as*
Triple A Shipyard

**Defendant**

**Velan Steam Trap Corporation**

**Defendant**

**Velan Valve Corp.**
*individually and as*
*Successor*
Velan Steam Trap Corporation

**Defendant**

**Warren Pumps, L.L.C.**
*f/k/a Warren Pumps, Inc. (individually and*
*as successor-in-interest to the Quimby*
*Pump Company)*

represented by **Edward R Ulloa**
Carroll, Burdick & McDonough LLP
633 W 5th St 51st FL
Los Angeles, CA 90071
(213) 833-4500
Email: eulloa@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennie Levin**
Hawkins Parnell & Thackston LLP
444 South Flower Street Suite 1100
Los Angeles, CA 90071
213-486-8000
Fax: 213-486-8080
Email: jennielevin@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia A Gowin**
Hawkins Parnell Thackston & Young LLP
444 S. Flower Street
Suite 1100
Los Angeles, CA 90071
213-486-8022
Fax: 213-486-8080
Email: jgowin@hptylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E Thackston**
Hawkins Parnell and Thackston
444 South Flower Street Suite 1100
Los Angeles, CA 90071
213-486-8000
Fax: 213-486-8080
Email: rthackston@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Weir Valves & Controls USA, Inc.**
*individually and as*
*Successor*
Atwood & Morill Co., Inc.

**Defendant**

**Yarway Corporation**

**Defendant**

**York International Corporation**         represented by **Michael H Bailey**
*individually and as successor-in-interest to*                Baker Keener and Nahra LLP
*Central Environmental Systems, Inc., f/k/a*                  Library Tower
*Borg-Warner Central Environmental*                           633 W 5th Street Ste 5400
*Systems, Inc.; York-Luxaire, Inc., Luxaire,*                 Los Angeles, CA 90071
*Inc., and the C.A. Olsen Manufacturing*                      213-241-0900
*Company and d/b/a/ "Moncrief Furnaces"*                      Fax: 213-241-0990
                                                              Email: mbailey@bknlawyers.com
                                                              *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1-300*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2009 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC418256 with CONFORMED copy of summons and complaint. Case assigned to Judge George H. King, Discovery to Magistrate Judge Ralph Zarefsky. (Filing fee $ 350 PAID ), filed by Defendant Griscom Russell Company.(car) (ds). (Entered: 08/21/2009) |
| 08/20/2009 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendant Griscom Russell Company. [Filed in State Court on 7/30/09; submitted attached Exhibit D to Notice of Removal] (car) (Entered: 08/21/2009) |
| 08/20/2009 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Griscom Russell Company (car) (ds). (Entered: 08/21/2009) |
| 08/20/2009 | 3 | NOTICE of Related Case(s) filed by Defendant Griscom Russell Company. Related Case(s): CV 07-8338 VBF (RCx), CV08-0118 R (JTLx) CV08-248 R (PLAx), CV08-00282 VBF (AGRx) [SEE DOCUMENT FOR FURTHER DETAILS] (car) (ds). (Entered: 08/21/2009) |
| 08/20/2009 | 4 | DEFENDANT Viad Corp.'s Notice of Refiling State Court Answer to Complaint (car) (ds). (Entered: 08/21/2009) |
| 08/20/2009 | 5 | NOTICE of Tag-Along Action filed by Defendant Griscom Russell Company. (car) (ds). (Entered: 08/21/2009) |
| 08/20/2009 | 6 | CERTIFICATE OF SERVICE OF DOCUMENTS filed by Defendant Griscom Russell Company, re Notice of Related Case(s) 3 , Certification and Notice of Interested Parties 2 , Notice of Tag-Along Action 5 , Notice of Removal, 1 , Civil Cover Sheet, served on 8/20/09. (car) (ds). (Entered: 08/21/2009) |
| 08/24/2009 | 7 | ORDER RE: CASE MANAGEMENT by Judge George H. King. (pp) (Entered: 08/24/2009) |
| 08/24/2009 | 8 | NOTICE filed by PLAINTIFF Lilia Nepomuceno. *NOTICE OF CASE MANAGEMENT ORDER* (Borghei, Jed) (Entered: 08/24/2009) |
| 08/24/2009 | 9 | JOINDER (Attachments: # 1 Notice of Interested Parties)(Gardiner, Katherine) (Entered: 08/24/2009) |
| 08/24/2009 | 10 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Joinder in Notice of Removal and Notice of Interested Parties 9 . Docket entry text does not specify Joinder in Notice of Removal. Notice of Interested Parties should be filed as a separate document, not as an attachment to the Joinder. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (bm) (Entered: 08/24/2009) |

| 08/27/2009 | 11 | CERTIFICATION of Interested Parties filed by DEFENDANT FMC Corporation, (Wick, Previn) (Entered: 08/27/2009) |
|---|---|---|
| 08/27/2009 | 12 | NOTICE NOTICE OF FILING STATE COURT ANSWER TO COMPLAINT AND STATE COURT DEMAND FOR JURY TRIAL filed by DEFENDANT FMC Corporation. (Wick, Previn) (Entered: 08/27/2009) |
| 08/27/2009 | 13 | NOTICE of Related Case(s) filed by DEFENDANT FMC Corporation. Related Case (s): MDL NO. 875 (Wick, Previn) (Entered: 08/27/2009) |
| 08/27/2009 | 14 | NOTICE of Related Case(s) filed by DEFENDANT CBS Corporation. Related Case (s): MDL NO. 875 (Wick, Previn) (Entered: 08/27/2009) |
| 08/27/2009 | 15 | CERTIFICATION of Interested Parties filed by DEFENDANT CBS Corporation, (Wick, Previn) (Entered: 08/27/2009) |
| 08/27/2009 | 16 | NOTICE JOINDER BY DEFENDANY CBS CORPORATION TO NOTICE OF REMOVAL filed by DEFENDANT CBS Corporation. (Wick, Previn) (Entered: 08/27/2009) |
| 08/27/2009 | 17 | ANSWER filed by DEFENDANT CBS Corporation.(Wick, Previn) (Entered: 08/27/2009) |
| 08/28/2009 | 18 | RESPONSE filed by Plaintiff Lilia Nepomucenoto Notice of Related Case(s) 3 *PLAINTIFFS' OPPOSITION TO DEFENDANT VIAD CORP'S NOTICE OF RELATED CASES; DECLARATION OF JED BORGHEI* (Clancy, Denyse) (Entered: 08/28/2009) |
| 08/31/2009 | 19 | JOINDER (Gardiner, Katherine) (Entered: 08/31/2009) |
| 08/31/2009 | 20 | *Notice of Interested Parties* re: Joinder (non-motion) 19 (Gardiner, Katherine) (Entered: 08/31/2009) |
| 08/31/2009 | 21 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case- filed. Related Case No: CV 07-02241 R (JTLx). Case transferred from Judge George H. King and Magistrate Judge Ralph Zarefsky to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 09-06092 R (VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 08/31/2009) |
| 09/02/2009 | 22 | ANSWERJURY DEMAND. filed by defendant Warren Pumps, L.L.C..(Gowin, Julia) (Entered: 09/02/2009) |
| 09/02/2009 | 23 | CERTIFICATE of Interested Parties filed by defendant Warren Pumps, L.L.C., identifying Warren Pumps, LLC; IMO Industries; Colfax Corporation; Liberty Mutual. (Gowin, Julia) (Entered: 09/02/2009) |
| 09/02/2009 | 24 | NOTICE OF MOTION AND MOTION for Joinder in Notice of Removal, 1 filed by defendant Warren Pumps, L.L.C.. (Gowin, Julia) (Entered: 09/02/2009) |
| 09/03/2009 | 25 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected. Correct event to be used is Joinder (non-motion) UNDER Miscellaneous Filings (Non-Motion) ). The SEARCH feature is available on the CM/ECF menu bar if you are unsure of the events to use. RE: MOTION for Joinder in Notice of Removal, 1 24 . In response to this notice the |

| | | |
|---|---|---|
| | | court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 09/03/2009) |
| 09/11/2009 | 26 | NOTICE of Appearance filed by attorney John K Son on behalf of Defendant Carrier Corporation (Attachments: # 1 Exhibit A)(Son, John) (Entered: 09/11/2009) |
| 09/11/2009 | 27 | *Disclosure Statement and Certification* of Interested Parties filed by Defendant Carrier Corporation, identifying Corporate Parent. (Son, John) (Entered: 09/11/2009) |
| 09/11/2009 | 28 | NOTICE of Related Case(s) filed by Defendant Carrier Corporation. (Son, John) (Entered: 09/11/2009) |
| 09/11/2009 | 29 | NOTICE of Tag-Along Action filed by Defendant Carrier Corporation. (Son, John) (Entered: 09/11/2009) |
| 09/14/2009 | 30 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real: This case has been assigned to the calendar of Judge Manuel L. Real.Counsel are advised that the Court expects strict compliance with theprovisions of the Local Rules and the Federal Rules of Civil Procedure.NONCOMPLIANCE MAY LEAD TO THE IMPOSITION OF SANCTIONS WHICHMAY INCLUDE THE STRIKING OF PLEADINGS AND ENTRY OF JUDGMENT ORDISMISSAL OF THE ACTION.The attention of counsel is particularly directed to Local Rule 16.Counsel should also be guided by the following special requirements whenlitigating cases assigned to Judge Real: [See document for details] (ake) (Entered: 09/14/2009) |
| 09/17/2009 | 31 | ANSWER *to Plaintiffs' Complaint (Wrongful Death)* filed by Defendant Leslie Controls, Inc..(White, Paul) (Entered: 09/17/2009) |
| 09/18/2009 | 32 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Case number is incorrect or missing. Incorrect Judge's initials. Local Rule 7.1-1 No Certification of Interested Parties and/or no copies; The event to be used is event is "Certificate/Notice of Interested Parties under NOTICES". This case belongs the Judge Manuel L. Real and Magistrate Judge Victor B. Kenton. CV 09-06092 R (VBKx) RE: Answer to Complaint 31 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (pj) (Entered: 09/18/2009) |
| 09/18/2009 | 33 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by Plaintiff Lilia Nepomuceno. Motion set for hearing on 10/19/2009 at 10:00 AM before Judge Manuel L. Real. (Attachments: # 1 Exhibit Declaration of Jed Borghei Supporting Motion to Remand Exhibits A-B ( Exhibits C-H Filed separately), # 2 Exhibit Declaration of Jed Borghei Supporting Motion to Remand Exhibit C, # 3 Exhibit Declaration of Jed Borghei Supporting Motion to Remand Exhibits D-F, # 4 Exhibit Declaration of Jed Borghei Supporting Motion to Remand Exhibits G-H, # 5 Proposed Order Proposed Order)(Borghei, Jed) (Entered: 09/18/2009) |
| 09/23/2009 | 34 | NOTICE Defendant York International Corporation's Notice of Filing State Court Answer to Complaint and State Court Request for Jury Trial filed by Defendant York International Corporation. (Bailey, Michael) (Entered: 09/23/2009) |
| 09/23/2009 | 35 | NOTICE Defendant Johnson Controls, Inc's Notice of Filing State Court Answer to |

| | | Complaint and State Court Request for Jury Trial filed by Defendant Johnson Controls, Inc.. (Bailey, Michael) (Entered: 09/23/2009) |
|---|---|---|
| 09/23/2009 | | ANSWER to Notice of Removal, 1 filed by Defendant York International Corporation. (CONFORMED COPY ATTACHED DOCUMENT NUMBER 34 FILED IN SUPERIOR COURT ON 8/25/2009) (pj) (Entered: 09/24/2009) |
| 09/23/2009 | | ANSWER to Notice of Removal, 1 filed by Defendant Johnson Controls, Inc..CONFORMED COPY ATTACHED DOCUMENT NUMBER 35 FILED IN SUPERIOR COURT ON 8/25/2009) (pj) (Entered: 09/24/2009) |
| 09/24/2009 | 36 | ANSWER *to Plaintiffs' Complaint for Damages and Demand for Jury Trial* filed by Defendant Ingersoll-Rand Company(individually and successor-in-interest to Terry Steam Turbine Company and the Whiton Machine Company).(Powell, Glen) (Entered: 09/24/2009) |
| 09/24/2009 | 37 | *Certification* of Interested Entities or Persons of Interested Parties filed by Defendant Ingersoll-Rand Company(individually and), identifying none. (Powell, Glen) (Entered: 09/24/2009) |
| 09/26/2009 | 38 | Certificate of Interested Parties filed by Defendant Leslie Controls, Inc., identifying Circor International. (White, Paul) (Entered: 09/26/2009) |
| 09/26/2009 | 39 | DEMAND for Jury Trial filed by Defendant Leslie Controls, Inc... (White, Paul) (Entered: 09/26/2009) |
| 09/29/2009 | 40 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by DEFENDANT Gardner Denver, Inc.. (Na, Yaebin) (Entered: 09/29/2009) |
| 09/29/2009 | 41 | CERTIFICATION OF INTERESTED PARTIES filed by Defendant Gardner Denver, Inc. (Na, Yaebin) (Entered: 09/29/2009) |
| 09/29/2009 | | CONFORMED COPY OF ANSWER TO TO PLAINTIFFS COMPLAINT 1 filed by Defendant Gardner Denver, Inc. (FILED IN SUPERIOR COURT ON 8/20/2009 WHICH NOW ATTACHED TO THE NOTICE OF REFILING DOCUMENT NUMBER 40) (pj) (Entered: 09/29/2009) |
| 10/01/2009 | 42 | OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 33 *DEFENDANT VIAD CORP'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ADMIRAL BEN J. LEHMAN, U.S. NAVY, RET., AND DR. CHARLES R. CUSHING IN SUPPORT THEREOF* filed by Defendant Griscom Russell Company. (Attachments: # 1 Exhibit EXHIBITS A-J)(Langbord, Peter) (Entered: 10/01/2009) |
| 10/01/2009 | 43 | DECLARATION of REAR ADMIRAL (USN, RETIRED) BEN J. LEHMAN re Response in Opposition to Motion, 42 *DECLARATION OF REAR ADMIRAL (USN, RETIRED) BEN J. LEHMAN IN SUPPORT TO DEFENDANT VIAD CORP'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND* filed by Defendant Griscom Russell Company. (Attachments: # 1 Exhibit EXHIBIT 1-3, # 2 Exhibit EXHIBIT 4 - PART 1, # 3 Exhibit EXHIBIT 4 - PART 2, # 4 Exhibit EXHIBIT 5, # 5 Exhibit EXHIBIT 6)(Langbord, Peter) (Entered: 10/01/2009) |
| 10/01/2009 | 44 | DECLARATION of CHARLES R. CUSHING re Response in Opposition to Motion, |

| | | |
|---|---|---|
| | | 42 DECLARATION OF CHARLES R. CUSHING IN SUPPORT TO DEFENDANT VIAD CORP'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND filed by Defendant Griscom Russell Company. (Langbord, Peter) (Entered: 10/01/2009) |
| 10/03/2009 | 45 | JOINDER filed by Defendant Leslie Controls, Inc. joining in Notice of Removal, 1 . (White, Paul) (Entered: 10/03/2009) |
| 10/03/2009 | 46 | JOINDER filed by Defendant Leslie Controls, Inc. joining in Response in Opposition to Motion, 42 . (White, Paul) (Entered: 10/03/2009) |
| 10/03/2009 | 47 | DECLARATION of Paul C. White re Joinder (non-motion) 46 filed by Defendant Leslie Controls, Inc.. (Attachments: # 1 Exhibit Part II, # 2 Exhibit Part III, # 3 Exhibit Part IV, # 4 Exhibit Part V, # 5 Exhibit Part VI, # 6 Exhibit Part VII, # 7 Exhibit Part VIII)(White, Paul) (Entered: 10/03/2009) |
| 10/05/2009 | 48 | JOINDER filed by Defendant Warren Pumps, L.L.C. joining in Response in Opposition to Motion, 42 . (Gowin, Julia) (Entered: 10/05/2009) |
| 10/05/2009 | 49 | Opposition to Plaintiffs' Motion to Remand in Opposition re: MOTION to Remand Case to Los Angeles Superior Court 33 filed by Defendant General Electric Company. (Attachments: # 1 Declaration Declaration of Admiral Ben Lehman ISO GE's Opposition to Plaintiffs' Motion to Remand, # 2 Declaration Declaration of David Hobson ISO of GE's Opposition to Plaintiffs Motion to Remand, # 3 Declaration Declaration of Lawrence Stilwell Betts ISO GE's Opposition to Plaintiffs' Motion to Remand, # 4 Exhibit Manual Filing Notification of Exhibits A-EE to the Declaration of Lawrence Betts ISO of GE's Opposition to Plaintiffs' Motion to Remand, # 5 Proof of Service)(Gardiner, Katherine) (Entered: 10/05/2009) |
| 10/05/2009 | 50 | OPPOSITION TO MOTION FOR REMAND re: MOTION to Remand Case to Los Angeles Superior Court 33 OPPOSITION TO MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF filed by Defendant CBS Corporation. (Wick, Previn) (Entered: 10/05/2009) |
| 10/05/2009 | 51 | DECLARATION OF KEVIN D. JAMISON IN SUPPORT OF OPPOSITION TO MOTION to Remand Case to Los Angeles Superior Court 33 filed by Defendant CBS Corporation. (Wick, Previn) (Entered: 10/05/2009) |
| 10/05/2009 | 52 | OPPOSITION In Opposition re: MOTION to Remand Case to Los Angeles Superior Court 33 NOTICE OF MANUAL FILING filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 10/05/2009) |
| 10/05/2009 | 53 | DEMAND for Jury Trial filed by Plaintiffs Lilia Nepomuceno.. (Borghei, Jed) (Entered: 10/05/2009) |
| 10/05/2009 | 55 | EXHIBIT A-EE TO THE DECLARATION OF LAWRENCE STILLWELL BETTS, MD PHD in support OF GENERAL ELEECTRIC COMPANY'S OPPOSITION to MOTION to Remand Case to Los Angeles Superior Court 33 filed by Defendant General Electric Company. (pj) (Entered: 10/07/2009) |
| 10/06/2009 | 54 | NOTICE DEFENDANT AURORA PUMP COMPANY'S NOTICE OF FILING STATE COURT ANSWER TO COMPLAINT AND STATE COURT REQUEST FOR JURY TRIAL filed by Defendant Aurora Pump Company. (Nematollahi, Arash) (Entered: 10/06/2009) |
| | | |

| 10/06/2009 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 JURY DEMAND. filed by Defendant Aurora Pump Company individually and erroneously sued herein as Defendant SPX Corporation individually and as successor-in-interest to General Signal Corp successor-in-interest to Aurora Pump Company. (FILED IN SUPERIOR COURT ON 8/21/2009. THIS DOCUMENT IS ATTACHED TO DOCUMENT NUMBER 54 "NOTICE OF FILING STATE COURT ANSWER")(pj) (Entered: 10/08/2009) |
| 10/09/2009 | 56 | REPLY In Support MOTION to Remand Case to Los Angeles Superior Court 33 filed by Plaintiff Lilia Nepomuceno. (Attachments: # 1 Exhibit Filed in support of the Declaration of Jed Borghei Suppporting Plaintiffs' Reply Brief Filed in Support of Plaintiffs' Motion for Remand to State Court; Exhibits # 1-5)(Borghei, Jed) (Entered: 10/09/2009) |
| 10/13/2009 | 57 | MINUTES OF IN CHAMBERS ORDER held before Judge Manuel L. Real: COUNSEL ARE NOTIFIED that on the Court's own motion the: Plaintiffs motion to Remand to State Court is hereby ORDERED CONTINUED FROM OCT. 19, 2009 AT 10:00 A.M.TO OCT. 26, 2009 AT 10:00 A.M. Opposition papers remain due onOCT. 5, 2009, and the reply papers remain due on OCT. 13, 2009.The continuation of the hearing date DOES NOT move the due dates ofthose filings. 33 (pj) (Entered: 10/13/2009) |
| 10/13/2009 | 58 | NOTICE of Change of Attorney Information for attorney Previn A Wick counsel for Defendant CBS Corporation.PREVIN A. WICK is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by DEFENDANT CBS CORPORATION (Wick, Previn) (Entered: 10/13/2009) |
| 10/13/2009 | 59 | NOTICE of Change of Attorney Information for attorney Kevin D Jamison counsel for Defendant CBS Corporation. Adding KEVIN D. JAMISON as attorney as counsel of record for CBS CORPORATION for the reason indicated in the G-06 Notice. Filed by DEFENDANT CBS CORPORATION (Jamison, Kevin) (Entered: 10/13/2009) |
| 10/19/2009 | 60 | APPLICATION for attorney Christopher G. Conley to Appear Pro Hac Vice (PHV FEE NOT PAID.) filed by Defendant CBS Corporation. (Attachments: # 1 Proposed Order Order on Application of Non-Resident Attorney to Appear in a Specific Case) (Jamison, Kevin) (Entered: 10/19/2009) |
| 10/20/2009 | 61 | ORDER by Judge Manuel L. Real: granting 60 Application to Appear Pro Hac Vice by Attorney Christopher G. Conley on behalf of Defendant CBS Corporation, designating Kevin D. Jamison as local counsel. (Fee Paid 10/19/09) (lom) (Entered: 10/21/2009) |
| 10/26/2009 | 62 | MINUTES OF Plaintiff's motion to remand to state court held before Judge Manuel L. Real: The Court hears arguments of counsel. The Court DENIES plaintiffs motion. Defendant shall prepare a proposed order. 33 Court Reporter: Sheri Kleeger. (ake) (Entered: 10/27/2009) |
| 10/28/2009 | 63 | NOTICE OF LODGING filed *NOTICE OF LODGING [PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT* re Order on Motion to Remand Case to State Court, Motion Hearing,, 62 (Attachments: # 1 Proposed Order DENYING MOTION TO REMAND TO STATE COURT) (Langbord, Peter) (Entered: 10/28/2009) |

| 10/28/2009 | 64 | ORDER by Judge Manuel L. Real, re DENYING MOTION to Remand Case to Los Angeles Superior Court 33 (pj) (Entered: 10/29/2009) |
| 12/09/2009 | 65 | CONDITIONAL TRANSFER ORDER from the Judicial Panel on Multidistrict Litigation MDL No.875, transferring case to US District Court, Eastern District of Pennsylvania, assigned to Judge Eduardo C. Robreno. (MD JS-6. Case Terminated.) (Attachments: # 1 CV-117) (mg) (Entered: 12/10/2009) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/09/2010 12:09:47 | | | |
| PACER Login: | fm1158 | Client Code: | 8027-0049 |
| Description: | Docket Report | Search Criteria: | 2:09-cv-06092-R-VBK End date: 12/9/2010 |
| Billable Pages: | 14 | Cost: | 1.12 |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2 7 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1  Denyse Clancy, Esq. (SBN 255276)
   John Langdoc, Esq. (SBN 235509)
2  BARON & BUDD, P.C.
   3102 Oak Lawn Avenue, Suite 1100
3  Dallas, Texas 75219
   Telephone: 214/521-3605
4  Facsimile: 214/520-1181

5  Jennifer K. Berg, Esq. (SBN 147427)
   Eric Brown, Esq. (SBN 229622)
6  Jed Borghei, Esq. (SBN 257049)
   BARON & BUDD, P.C.
7  9465 Wilshire Blvd., Suite 460
   Beverly Hills, CA 90212
8  Telephone: 310/860-0476
   Facsimile: 310/860-0480

9

10 Attorneys for Plaintiffs,

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12            COUNTY OF LOS ANGELES - CENTRAL DISTRICT

13                                                    BC 418256

14 LILIA R. NEPOMUCENO Individually and as       )   CASE NO.
   Successor-In-Interest to EUGENIO              )
15 NEPOMUCENO, Deceased;  EUGENE R.              )   COMPLAINT FOR
   NEPOMUCENO; MICHAEL R. NEPOMUCENO;            )   WRONGFUL DEATH
16 AND RONALD NEPOMUCENO,                        )   AND SURVIVAL
                                                 )
17                 Plaintiffs,                    )
                                                 )
18         vs.                                    )   BY FAX
                                                 )
19 A. W. CHESTERTON COMPANY;                     )
   ALFA LAVAL, INC.;                             )
20 ALLIS-CHALMERS CORPORATION PRODUCT            )
   LIABILITY TRUST;                              )
21 ARMSTRONG INTERNATIONAL, INC.;                )
   AURORA PUMP COMPANY;                          )
22 BUFFALO PUMPS, INC.;                          )
   CARRIER CORPORATION, Individually and as      )
23 successor-in-interest to Elliott Company and  )
   successor-in-interest to Crocker-Wheeler Company; )
24 CBS CORPORATION, f/k/a Viacom, Inc.           )
   (successor-by-merger to CBS Corporation,      )
25 successor-by-merger to Westinghouse Electric  )
   Corporation), Individually and as             )
26 successor-in-interest to B.F. Sturtevant Company; )
   CLEAVER-BROOKS, INC., Individually and f/k/a  )
27 Aqua-Chem, Inc.;                              )
   CLEAVER-BROOKS, INC., Individually and f/k/a  )
28 AQUA-CHEM, Inc., d/b/a Cleaver-Brooks Division )

---

1   (successor-in-interest to Davis Engineering                )
2   Company);                                                  )
    CRANE CO., Individually and as successor-in-              )
3   interest to Chapman Valves;                               )
    CROWN CORK & SEAL COMPANY, INC.,                          )
4   Individually and as successor-in-interest to Mundet       )
    Cork Company;                                             )
5   DRESSER-RAND COMPANY, Individually and as                )
    successor-in-interest to Terry Steam Turbine and         )
6   Whiton Machine Company;                                   )
    FMC CORPORATION, Individually, on behalf of              )
7   and as successor-in-interest to Peerless Pump Co.,        )
    John Bean Pumps, Chicago Pumps, Dayton-Dowd              )
8   Pump Co., Ohio Apex Division, and Link Belt              )
    Company;                                                 )
9   FOSTER WHEELER ENERGY CORPORATION;                       )
    GARDNER DENVER NASH, LLC, Individually                   )
10  and as successor-in-interest to The Nash                 )
    Engineering Co.;                                         )
11  GARDNER DENVER, INC. f/k/a Gardner Denver               )
    Machinery, Inc.;                                         )
12  GARLOCK SEALING TECHNOLOGIES, L.L.C.,                   )
    Individually and as successor-in-interest to Garlock,   )
13  Inc.;                                                    )
    GENERAL ELECTRIC COMPANY;                                )
14  GOULDS PUMPS INCORPORATED;                               )
    GRISCOM RUSSELL COMPANY;                                 )
15  IMO INDUSTRIES, INC., Individually and as               )
    successor-in-interest to DeLaval Turbine, Inc.;          )
16  INGERSOLL-RAND COMPANY, Individually and                )
    as successor-in-interest to the Aldrich Company;         )
17  INGERSOLL-RAND COMPANY, Individually                    )
    and as successor-in-interest to Terry Steam Turbine      )
18  Company and the Whiton Machine Company;                  )
    JOHNSON CONTROLS, INC.;                                  )
19  LESLIE CONTROLS, INC.;                                   )
    MECHANICAL DRIVES & BELTING (f/k/a L.A.                 )
20  Rubber Company);                                         )
    METALCLAD INSULATION CORPORATION;                        )
21  OWENS-ILLINOIS, INC., Individually and as               )
    successor-in-interest to Owens-Illinois Glass            )
22  Company and d/b/a O-I;                                   )
    PENTAIR, INC., Individually and as                      )
23  successor-in-interest to Aurora Pump Company;            )
    SPX CORPORATION, Individually and as                    )
24  successor-in-interest to General Signal Corp.            )
    (successor-in-interest to Aurora Pump Company);          )
25  THOMAS DEE ENGINEERING CO.;                              )
    TRIPLE A MACHINE SHOP, INC. (a/k/a Triple A             )
26  Shipyard);                                               )
    VELAN STEAM TRAP CORPORATION;                            )
27  VELAN VALVE CORP., Individually and as                  )
    successor-in-interest to Velan Steam Trap                )
28  Corporation;                                             )

| | |
|---|---|
| 1 | WARREN PUMPS, L.L.C., f/k/a Warren Pumps, ) |
| 2 | Inc. (Individually and as successor-in-interest to The ) |
| | Quimby Pump Company); ) |
| 3 | WEIR VALVES & CONTROLS USA, INC., ) |
| | Individually and as successor-in-interest to Atwood ) |
| 4 | & Morrill Co., Inc.; ) |
| | YARWAY CORPORATION; ) |
| 5 | YORK INTERNATIONAL CORPORATION, ) |
| | Individually and as successor-in-interest to Central ) |
| 6 | Environmental Systems, Inc., f/k/a Borg-Warner ) |
| | Central Environmental Systems, Inc.; York-Luxaire, ) |
| 7 | Inc.; Luxaire, Inc., and The C.A. Olsen ) |
| | Manufacturing Company and d/b/a "Moncrief ) |
| 8 | Furnaces" d/b/a York Hearing & Air Conditioning, |
| | and DOES 1-300 |

9                     Defendants.

10  _____

11      COME NOW, Plaintiffs  LILIA R. NEPOMUCENO Individually and as Successor-

12  In-Interest to EUGENIO NEPOMUCENO, Deceased,  EUGENE R. NEPOMUCENO,

13  MICHAEL R. NEPOMUCENO, AND RONALD NEPOMUCENO for causes of action

14  against Defendants, and each of them, complain and allege as follows:

15                     GENERAL ALLEGATIONS

16      1.      Lilia R. Nepomuceno appears individually and as Decedent, Eugenio

17  Nepomuceno's, successor-in-interest.  Plaintiffs, Lilia R. Nepomuceno, Eugene R.

18  Nepomuceno , Michael R. Nepomuceno and Ronald Nepomuceno are the heirs at law of

19  Decedent.  At all times mentioned herein, these Plaintiffs have been and are citizens of the

20  United States, residing in the State of California.

21      2.      The true names and/or capacities, whether individual, corporate, associate,

22  governmental, or otherwise, of Defendants, Does 1 through 300, inclusive, are unknown to

23  Plaintiffs at this time; who, therefore, sue said Defendants by such fictitious names; and

24  when the true names and capacities of said Defendants by such fictitious names; and when

25  the true names and capacities of said Defendants have been ascertained, Plaintiffs will

26  amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege

27  that each Defendant designated herein as a DOE is responsible, negligently or in some

28

1   other actionable manner, for the events and happenings hereinafter alleged, either through

2   said Defendant's own conduct or through the conduct of its agents, servants or employees,

3   or due to the ownership, lease or sale of the instrumentality causing the injury, or in some

4   other manner.

5       3.      Plaintiffs are informed and believe, and thereon allege that at all times

6   mentioned herein, that Defendants, and each of them, were the agents, servants, employees

7   and/or joint venturers of their co-Defendants and were, as such, acting within the scope,

8   course, and authority of said agency, employment and/or joint venture, in that each and

9   every Defendant, as aforesaid, when acting as a principal, was negligent in the selection

10  and hiring of each and every other Defendant as the agent, servant, employee and/or joint

11  venturer.

12      4.      Decedent EUGENIO NEPOMUCENO ("Decedent") was a California

13  resident during a substantial period of his asbestos exposure upon which Plaintiffs' claims

14  are based.

15      5.      Plaintiffs are informed and believe, and thereon allege, that at all times

16  mentioned herein, Defendants A. W. CHESTERTON COMPANY; ALFA LAVAL, INC.;

17  ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST; ARMSTRONG

18  INTERNATIONAL, INC.; AURORA PUMP COMPANY; BUFFALO PUMPS, INC.;

19  CARRIER CORPORATION, individually and as successor-in-interest to Elliott

20  Company, successor-in-interest to Crocker-Wheeler Company; CBS CORPORATION,

21  f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to

22  Westinghouse Electric Corporation), individually and as successor-in-interest to B.F.

23  Sturtevant Company; CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem,

24  Inc.; CLEAVER-BROOKS, INC., individually and f/k/a AQUA-CHEM, Inc., d/b/a

25  Cleaver-Brooks Division (successor-in-interest to Davis Engineering Company); CRANE

26  CO., individually and as successor-in-interest to Chapman Valves; CROWN CORK &

27  SEAL COMPANY, INC. (individually and as successor-in-interest to Mundet Cork

28  Company); DRESSER-RAND COMPANY, individually and as successor-in-interest to

1   Terry Steam Turbine and Whiton Machine Company; FMC CORPORATION,

2   individually, on behalf of and as successor-in-interest to Peerless Pump Co., John Bean

3   Pumps, Chicago Pumps, Dayton-Dowd Pump Co., Ohio Apex Division, and Link Belt

4   Company; FOSTER WHEELER ENERGY CORPORATION; GARDNER DENVER

5   NASH, LLC, individually and as successor-in-interest to The Nash Engineering Co.;

6   GARDNER DENVER, INC. f/k/a Gardner Denver Machinery, Inc.; GARLOCK

7   SEALING TECHNOLOGIES, L.L.C., individually and as successor-in-interest to

8   Garlock, Inc.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS

9   INCORPORATED; GRISCOM RUSSELL COMPANY; IMO INDUSTRIES, INC.

10  (individually and as successor-in-interest to DeLaval Turbine, Inc.); INGERSOLL-RAND

11  COMPANY individually and as successor-in-interest to the Aldrich Company;

12  INGERSOLL-RAND COMPANY individually and as successor-in-interest to Terry

13  Steam Turbine Company and the Whiton Machine Company; JOHNSON CONTROLS,

14  INC.; LESLIE CONTROLS, INC.; MECHANICAL DRIVES & BELTING (f/k/a L.A.

15  Rubber Company); METALCLAD INSULATION CORPORATION;

16  OWENS-ILLINOIS, INC. individually and as successor-in-interest to Owens-Illinois

17  Glass Company and d/b/a O-I; PENTAIR, INC., individually and as successor-in-interest

18  to Aurora Pump Company; SPX CORPORATION, individually and as

19  successor-in-interest to General Signal Corp. (successor-in-interest to Aurora Pump

20  Company); THOMAS DEE ENGINEERING CO.; TRIPLE A MACHINE SHOP, INC.

21  (a/k/a Triple A Shipyard); VELAN STEAM TRAP CORPORATION; VELAN VALVE

22  CORP., individually and as successor-in-interest to Velan Steam Trap Corporation;

23  WARREN PUMPS, L.L.C., f/k/a Warren Pumps, Inc. (individually and as successor-in-

24  interest to The Quimby Pump Company); WEIR VALVES & CONTROLS USA, INC.,

25  individually and as successor-in-interest to Atwood & Morrill Co., Inc.; YARWAY

26  CORPORATION; YORK INTERNATIONAL CORPORATION, individually and as

27  successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central

28  Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen

1    Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air

2    Conditioning and DOES 1-300, inclusive, are corporations organized and existing under

3    and by virtue of the laws of the State of California, or the laws of some other state of the

4    United States of America, or some foreign jurisdiction, and that said Defendants were

5    authorized to do and are doing business in the State of California, and that said Defendants

6    have regularly conducted business in the State of California.

7         6.    At all times mentioned above, Defendants, and each of them, were engaged

8    in the business of manufacturing, fabricating, designing, assembling, distributing, leasing,

9    buying, selling, inspecting, servicing, installing, repairing, marketing, warranting, and

10   advertising a certain substance, the generic name of which is asbestos, and other products

11   containing said substance.

12        7.    Decedent EUGENIO NEPOMUCENO was exposed to Defendants' asbestos

13   and asbestos containing products contributing to and causing the development of

14   mesothelioma.   As a result of exposure to Defendants' asbestos and asbestos containing

15   products, asbestos fibers entered his body.  Decedent suffered from mesothelioma and

16   each of defendants asbestos and asbestos containing products that entered his body was a

17   substantial factor in bringing about, prolonging, or aggravating Decedent's mesothelioma

18   and, eventually, Decedent's death.  The asbestos and asbestos containing products

19   decedent was exposed to were manufactured or supplied by a named Defendant.

20        8.    Decedent Eugene R. Nepomuceno and Plaintiff Lilia R. Nepomuceno were

21   married at all times relevant to this action, and had been husband and wife.  Plaintiffs

22   Lilia R. Nepomuceno, Eugene R. Nepomuceno , Michael R. Nepomuceno and Ronald

23   Nepomuceno, are each wrongful death heirs of the Decedent.

24        9.    Prior to Decedent's injuries and eventual death as alleged, Decedent was able

25   and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result

26   thereof, Decedent was unable to perform the necessary duties as a spouse and the work

27   and service usually performed in the care, maintenance and management of the family

28   home, and due to his death, Decedent will be unable to perform such work, service and

1   duties in the future. As a proximate result thereof, Decedent's spouse, Lilia Nepomuceno

2   has been permanently deprived and will be deprived of the consortium of her spouse,

3   including the performance of duties, all to her damages, in an amount presently unknown

4   to Plaintiffs, but which will be proved at the time of trial.

5         10.    Prior to Decedent's injuries and eventual death as alleged, Plaintiff, Lilia R.

6   Nepomuceno as the Decedent's wife, and Plaintiffs Eugene R. Nepomuceno , Michael R.

7   Nepomuceno and Ronald Nepomuceno, as children of the Decedent, enjoyed love,

8   comfort, society, companionship, solace, and moral support of Decedent. Due to

9   Decedent's death, and as a proximate result thereof, Plaintiffs Lilia R. Nepomuceno,

10   Eugene R. Nepomuceno , Michael R. Nepomuceno and Ronald Nepomuceno will be

11   deprived of such consortium of Decedent in the future, in an amount presently unknown to

12   Plaintiffs, but which will be proved at the time of trial.

13         11.    Discovery of the cause of Plaintiffs' loss of consortium, as herein alleged,

14   first occurred within one year of the date this complaint was filed.

15         12.    Further, as a direct and proximate result of the acts of Defendants, and each

16   of them, and the severe injuries caused thereby to decedent as set forth in this complaint,

17   Decedent's spouse has suffered, and for a long period of time will continue to suffer loss

18   of consortium, including but not by way of limitation, loss of services, marital relations,

19   society, comfort, companionship, love and affection of said spouse, and has suffered

20   severe mental and emotional distress as a result thereof.

21                         **FIRST CAUSE OF ACTION**

22                             (Negligence)

23                     (Against all Defendants)

24         13.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

25   each and every allegation contained in the General Allegations above.

26         14.    At all times herein mentioned, each of the named Defendants and DOES 1

27   through 300 was the successor, successor in business, successor in product line or a

28   portion thereof, assign, predecessor, predecessor in business, predecessor in product line

1   or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or

2   partial owner of or member in an entity researching, studying, manufacturing, fabricating,

3   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

4   supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

5   marketing, warranting, re-branding, manufacturing for others, packaging and advertising

6   as certain product, namely asbestos, and other products containing asbestos.  Said entities

7   shall hereinafter collectively be called "Alternate Entities."  Each of the herein named

8   Defendants is liable for the tortious conduct of each successor, successor in business,

9   successor in product line or a portion thereof, assign, predecessor in product line or a

10  portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

11  entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

12  fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for

13  sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

14  marketed, warranted, re-branded, manufactured for others and advertised a certain

15  product, namely asbestos, and other products containing asbestos.  The following

16  Defendants, and each of them, are liable for the acts of each and every "Alternate Entity,"

17  and each of them, in that there has been a virtual destruction of Plaintiff's remedy against

18  each such "Alternate Entity;" Defendants, and each of them, have acquired the assets,

19  product line, or a portion thereof, of each such "Alternate Entity;" such "Alternate Entity;"

20  Defendants, and each of them, caused the destruction of Plaintiff's remedy against each

21  such "Alternate Entity;" each such Defendant has the ability to assume the risk-spreading

22  role of each such "Alternate Entity;" and that each such Defendant enjoys the goodwill

23  originally attached to each such "Alternate Entity."

24

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CARRIER CORPORATION | individually and as successor-in-interest to Elliott Company, successor-in-interest to Crocker-Wheeler Company |

25

26

27

28

| CBS CORPORATION | f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric Corporation), individually and as successor-in-interest to B.F. Sturtevant Company |
| CLEAVER-BROOKS, INC. | individually and f/k/a Aqua-Chem, Inc. |
| CLEAVER-BROOKS, INC. | individually and f/k/a AQUA-CHEM, Inc., d/b/a Cleaver-Brooks Division (successor-in-interest to Davis Engineering Company) |
| CRANE CO. | individually and as successor-in-interest to Chapman Valves |
| CROWN CORK & SEAL COMPANY, INC. | (individually and as successor-in-interest to Mundet Cork Company) |
| DRESSER-RAND COMPANY | individually and as successor-in-interest to Terry Steam Turbine and Whiton Machine Company |
| FMC CORPORATION | individually, on behalf of and as successor-in-interest to Peerless Pump Co., John Bean Pumps, Chicago Pumps, Dayton-Dowd Pump Co., Ohio Apex Division, and Link Belt Company |
| GARDNER DENVER NASH, LLC | individually and as successor-in-interest to The Nash Engineering Co. |
| GARDNER DENVER, INC. | f/k/a Gardner Denver Machinery, Inc. |
| GARLOCK SEALING TECHNOLOGIES, L.L.C. | individually and as successor-in-interest to Garlock, Inc. |
| IMO INDUSTRIES, INC. | (individually and as successor-in-interest to DeLaval Turbine, Inc.) |
| INGERSOLL-RAND COMPANY | individually and as successor-in-interest to Terry Steam Turbine Company and the Whiton Machine Company |
| MECHANICAL DRIVES & BELTING | (f/k/a L.A. Rubber Company) |
| OWENS-ILLINOIS, INC. | individually and as successor-in-interest to Owens-Illinois Glass Company and d/b/a O-I |
| PENTAIR, INC. | individually and as successor-in-interest to Aurora Pump Company |
| SPX CORPORATION | individually and as successor-in-interest to General Signal Corp. (successor-in-interest to Aurora Pump Company) |
| TRIPLE A MACHINE SHOP, INC. | (a/k/a Triple A Shipyard) |
| VELAN VALVE CORP. | individually and as successor-in-interest to Velan Steam Trap Corporation |
| WARREN PUMPS, L.L.C. | f/k/a Warren Pumps, Inc. (individually and as successor-in-interest to The Quimby Pump Company) |
| WEIR VALVES & CONTROLS USA, INC. | individually and as successor-in-interest to Atwood & Morrill Co., Inc. |

| YORK INTERNATIONAL CORPORATION | individually and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air Conditioning |
|---|---|

15.     Defendants had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe. At all times mentioned herein, Defendants, and each of them, negligently and carelessly researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users and consumers thereof while being used in manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumer, users, or bystanders thereof, and others to whom Defendants owe a duty, including Decedent EUGENIO NEPOMUCENO.

16.     Decedent EUGENIO NEPOMUCENO was a worker who, for a substantial length of time, used, handled, and was otherwise exposed to the asbestos and asbestos containing products manufactured, sold, or distributed by the entities listed in Paragraph 5 above, in a manner that was reasonably foreseeable, through his occupational exposure to asbestos while serving in the United States Navy as a Steward, Machinist Mate, and Engineering Officer from 1953 through 1975 aboard the USS Kearsage; USS General J.C. Breckinridge; USS Watchman; USS Kishwaukee; USS Ticonderoga; USS Ajax; and when stationed at locations including, but not limited to, Todd Shipyard, Seattle, WA; Naval Shipyard, Subic Bay, Philippines; Naval Shipyard, Pearl Harbor, HI; Hunter's Point, San Francisco, CA; Naval Air Station, Pt. Mugu, CA;  Naval Training Center, San Diego, CA; Naval Air Station, Key West, FL; Long Beach Naval Shipyard, Long Beach, CA.  Decedent was also exposed to Defendants' asbestos and asbestos-containing

products while working as a ship inspector with the Planning Research Corp., San Diego, CA from 1975 to 1978. As a result of his exposure to Defendants' asbestos and asbestos containing products, asbestos fibers entered Decedent's body. Decedent suffered from mesothelioma and each of Defendants' asbestos and asbestos containing products that entered his body was a substantial factor in bringing about, prolonging, or aggravating Decedent's mesothelioma and, eventually, Decedent's death. The asbestos and asbestos containing products Decedent was exposed to were manufactured or supplied by a named Defendant.

17.  As a direct and proximate result of the above-referenced conduct of the Defendants, and each of them, as aforesaid, said exposure to said asbestos caused severe and permanent injury to Decedent's lungs and body, including, but not limited to the disease mesothelioma.

18.  On or about January 21, 2009, Decedent EUGENIO NEPOMUCENO died as a result of his mesothelioma.

19.  Plaintiffs are informed and believe, and thereupon allege, that mesothelioma is a vicious, painful and invariably fatal malignancy of the lining of the lung, stomach, or heart and that said disease results from exposure to asbestos and asbestos products over a period of time. There is no known cure for any form of malignant mesothelioma.

20.  As a direct and proximate result of the aforesaid conduct of the Defendants, and each of them, Decedent suffered severe and permanent injuries leading to his eventual death from mesothelioma.

21.  As a direct and proximate result of the aforesaid conduct of the Defendants, and each of them, Decedent was compelled to and did employ the services of hospitals, surgeons, physicians, nurses, and the like, to care for and treat him, and did incur medical, hospital and professional incidental expenses, including funeral expenses. When said amounts are ascertained and calculated, Plaintiffs will allege said amounts.

22.  The above-referenced conduct of said Defendants, and each of them, was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the

1    safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

2    Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

3    intended by the Defendants to cause injury to the Decedent or conduct which was carried

4    on by the Defendants with a conscious disregard of the rights or safety of others.

5    Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

6    disregard of his rights and engaged in intentional misrepresentation, deceit, or

7    concealment of a material fact known to the Defendants with the intention on the part of

8    the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

9    otherwise causing injury. Plaintiffs therefore, for the sake of example and by way of

10   punishing Defendants, seek punitive damages, according to proof.

11        23.    Plaintiffs further allege all of the foregoing portions of this cause of action

12   specifically against those Defendants who supplied asbestos fibers (as pled against those

13   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

14   distributor to manufacturers of the asbestos-containing products to which Plaintiff's

15   Decedent was exposed, as well as any DOE Defendants who may be determined at a later

16   date.

17                            **SECOND CAUSE OF ACTION**

18                                 (Strict Liability)

19                               (Against all Defendants)

20        24.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

21   each and every allegation contained in the First Cause of Action.

22        25.    At all times mentioned herein, Defendants, and each of them, researched,

23   manufactured, tested, designed, labeled, distributed, advertised, marketed, warranted,

24   inspected, repaired, offered for sale, and sold a certain substance, the generic name of

25   which is asbestos, and other products containing said substance which Defendants knew

26   were to be used without inspection for defects and which substance contained design and

27   manufacturing defects, in that same was capable of causing and did, in fact, cause personal

28   injuries to the users, consumers, and bystanders while being used in a reasonably

1   foreseeable manner, thereby rendering same unsafe and dangerous for use by the

2   consumers, users, and bystanders.

3       26.   As a direct and proximate result of the above described conduct by

4   Defendants and each of them, Decedent EUGENIO NEPOMUCENO suffered severe and

5   permanent injuries to his person, as alleged hereinabove.

6       27.   At all times mentioned herein, the asbestos and asbestos products

7   manufactured, sold, or distributed by the Defendants failed to perform as safely as an

8   ordinary consumer would expect when used in an intended or reasonably foreseeable

9   manner, and the risk of danger inherent in this substance and products outweighs the

10   benefits of said substance and products.

11       28.   At all times mentioned herein, the foreseeable use of the asbestos and

12   products containing said substance discussed above involved a substantial danger not

13   readily recognizable to an ordinary user, consumer, or bystander, but which danger was

14   known or knowable to Defendants, and Defendants failed to adequately warn of the

15   substantial danger.

16       29.   As a direct and proximate result of the above described conduct by

17   Defendants, and each of them, Decedent suffered severe and permanent injuries to his

18   person, including his eventual death, as alleged herein above.

19       30.   The above-referenced conduct of said Defendants, and each of them, was and

20   is willful, malicious, outrageous and/or in conscious disregard and indifference to the

21   safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

22   Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

23   intended by the Defendants to cause injury to the Decedent or conduct which was carried

24   on by the Defendants with a conscious disregard of the rights or safety of others.

25   Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

26   disregard of his rights and engaged in intentional misrepresentation, deceit, or

27   concealment of a material fact known to the Defendants with the intention on the part of

28   the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

1   otherwise causing injury. Plaintiffs therefore, for the sake of example and by way of

2   punishing Defendants, seek punitive damages, according to proof.

3       31.    Plaintiffs further allege all of the foregoing portions of this cause of action

4   specifically against those Defendants who supplied asbestos fibers (as pled against those

5   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

6   distributor to manufacturers of the asbestos-containing products to which Plaintiff's

7   Decedent was exposed, as well as any DOE Defendants who may be determined at a later

8   date.

9                **THIRD CAUSE OF ACTION**

10               (Breach of Warranty)

11               (Against all Defendants)

12      32.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

13  each and every allegation contained in the First and Second Causes of Action.

14      33.    Defendants, and each of them, expressly and implicitly, warranted that said

15  substance was reasonably fit for its intended use without endangering human life, and that

16  such substance was of interchangeable quality.

17      34.    Defendants, and each of them, breached the above described expressed and

18  implied warranties in that said substance was defective, which defects permitted and/or

19  caused said substance to seriously and permanently cause injury to Decedent EUGENIO

20  NEPOMUCENO including, but not limited to, the disease mesothelioma and other lung

21  damage, while said substance was used in a manner that was reasonably foreseeable.

22      35.    As a direct and proximate result of the above described breaches of

23  warranties by Defendants, and each of them, Decedent suffered severe and permanent

24  injuries to his person, including death, as alleged herein above in this complaint.

25      36.    The above-referenced conduct of said Defendants, and each of them, was and

26  is willful, malicious, outrageous and/or in conscious disregard and indifference to the

27  safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

28  Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

1   intended by the Defendants to cause injury to the Decedent or conduct which was carried

2   on by the Defendants with a conscious disregard of the rights or safety of others.

3   Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

4   disregard of his rights and engaged in intentional misrepresentation, deceit, or

5   concealment of a material fact known to the Defendants with the intention on the part of

6   the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

7   otherwise causing injury.  Plaintiffs therefore, for the sake of example and by way of

8   punishing Defendants, seek punitive damages, according to proof.

9        37.     Plaintiffs further allege all of the foregoing portions of this cause of action

10   specifically against those Defendants who supplied asbestos fibers (as pled against those

11   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

12   distributor to manufacturers of the asbestos-containing products to which Plaintiff's

13   Decedent was exposed, as well as any DOE Defendants who may be determined at a later

14   date.

15                          **FOURTH CAUSE OF ACTION**

16            (False Representation Under Restatement of Torts Section 402-B)

17                          (Against All Defendants)

18        38.     Plaintiffs hereby incorporate by reference, as though fully set forth herein,

19   each and every allegation contained in the First through Third Causes of Action.

20        39.     At the aforementioned time when Defendants, their "Alternate Entities," and

21   each of them, researched, manufactured, fabricated, designed, modified, tested or failed to

22   test, inadequately warned or failed to warn, labeled, assembled, distributed, leased,

23   bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for

24   installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged

25   and advertised the said asbestos and asbestos-containing products, as herein above set

26   forth, the Defendants, their "Alternate Entities," and each of them, expressly and impliedly

27   represented to members of the general public, including the purchasers and users of said

28   product, and other "exposed persons," including the Decedent herein and his employers,

1   that asbestos and asbestos-containing products, were of merchantable quality, and safe for

2   the use for which they were intended.

3       40.    The purchasers and users of said asbestos and asbestos-containing products,

4   and other "exposed persons," including the Decedent and his employers, relied upon said

5   representations of Defendants, their "Alternate Entities,"and each of them, in the selection,

6   purchase and use of asbestos and asbestos-containing products.

7       41.    Said representations by Defendants, their "Alternate Entities," and each of

8   them, were false and untrue, and Defendants knew at the time they were untrue, in that the

9   asbestos and asbestos-containing products were not safe for their intended use, nor were

10   they of merchantable quality as represented by Defendants, their "Alternate Entities," and

11   each of them, in that asbestos and asbestos-containing products have very dangerous

12   properties and defects whereby said products cause asbestosis, other lung damages and

13   cancer, and have other defects that cause injury and damage to the users of said products

14   and other "exposed persons," thereby threatening the health and life of said persons

15   including Decedent herein.

16       42.    As a direct and proximate result of said false representations by Defendants,

17   their "Alternate Entities," and each of them, the Decedent suffered severe and permanent

18   injuries to his person, including death, as alleged herein above in this complaint.

19       43.    The above-referenced conduct of said Defendants, and each of them, was and

20   is willful, malicious, outrageous and/or in conscious disregard and indifference to the

21   safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

22   Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

23   intended by the Defendants to cause injury to the Decedent or conduct which was carried

24   on by the Defendants with a conscious disregard of the rights or safety of others.

25   Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

26   disregard of his rights and engaged in intentional misrepresentation, deceit, or

27   concealment of a material fact known to the Defendants with the intention on the part of

28   the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

otherwise causing injury. Plaintiffs therefore, for the sake of example and by way of punishing Defendants, seek punitive damages, according to proof.

44.     Plaintiffs further allege all of the foregoing portions of this cause of action specifically against those Defendants who supplied asbestos fibers (as pled against those Defendants who manufactured asbestos products), and any other asbestos fiber supplier or distributor to manufacturers of the asbestos-containing products to which Plaintiff's Decedent was exposed, as well as any DOE Defendants who may be determined at a later date.

## FIFTH CAUSE OF ACTION

(Intentional Tort)

(Against All Defendants)

45.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First through Fourth Causes of Action.

46.     At all times pertinent hereto, the Defendants, their "Alternate Entities," and each of them, owed Decedent a duty, as provided for in Section 1708, 1709 and 1710 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of the Decedent. When a duty to act was imposed, as set forth herein, the Defendants, their "Alternate Entities," and each of them, did do the acts and omissions in violation of that duty, thereby causing injury to the Decedent as is more fully set forth herein. Such acts and omissions consisted of acts falling within Section 1709 (Deceit) and Section 1710 (Fraud) and more specifically, included suggestions of fact which were not true and which Defendants, their "Alternate Entities," and each of them, did not believe to be true; assertions of fact which were not true and which Defendants, their "Alternate Entities," and each of them, had no reasonable ground for believing to be true, and the suppression of fact when a duty existed to disclose it, all as are more fully set forth herein; the violation of any one such duty gave rise to a cause of action for violation of the rights of the Decedent as provided for in the aforementioned Civil Code sections.

47.     Since on or before 1930, the Defendants, their "Alternate Entities," and each

1    of them, have known and have possessed the true facts of medical and scientific data and

2    other knowledge which clearly indicated that the asbestos and asbestos-containing

3    products they manufactured, sold, or distributed, to which Decedent was exposed, were

4    and are hazardous to the health and safety of Decedent, and others in Decedent's position

5    working in close proximity with such materials.  The Defendants, their "Alternate

6    Entities," and each of them, have known of the dangerous propensities of other of the

7    aforementioned materials and products since before that time.  With intent to deceive

8    Decedent, and others in Decedent's position, and with intent that he and such others should

9    be and remain ignorant of such facts with intent to induce Decedent and such others to

10    alter his and their positions to his and their injury and/or risk and in order to gain

11    advantages, the following acts occurred:

12        (a)    Defendants, their "Alternate Entities," and each of them, did not label any of

13    the aforementioned asbestos-containing materials and products regarding the hazards of

14    such materials and products to the health and safety of Decedent and others in Decedent's

15    position working in close proximity with such materials until 1964 when certain of such

16    materials were labeled by some, but not all, of Defendants, their "Alternate Entities," and

17    each of them, herein when the knowledge of such hazards was existing and known to

18    Defendants, their "Alternate Entities," and each of them, since on or before 1930.  By not

19    labeling such materials as to their said hazards, Defendants, their "Alternate Entities," and

20    each of them, caused to be suggested as a fact to Decedent that it was safe for Decedent to

21    work in close proximity to such materials when in fact it was not true and Defendants,

22    their "Alternate Entities," and each of them, did not believe it to be true.

23        (b)    Defendants, their "Alternate Entities," and each of them, suppressed

24    information relating the danger of use of the aforementioned materials by requesting the

25    suppression of information to the Decedent and the general public concerning the

26    dangerous nature of the aforementioned materials to workers, by not allowing such

27    information to be disseminated in a manner which would have given general notice to the

28    public and knowledge of the hazardous nature thereof when Defendants, their "Alternate

1   Entities," and each of them, were bound to disclose such information;

2        (c)     Defendants, their "Alternate Entities," and each of them, sold the

3   aforementioned products and materials to Decedent's employer and others without

4   advising Decedent and others of the dangers of use of such materials to persons working

5   in close proximity thereto when Defendants, their "Alternate Entities," and each of them,

6   knew of such dangers, and had a duty to disclose such dangers all as set forth herein.  By

7   said conduct, Defendants, their "Alternate Entities," and each of them, caused to be

8   positively asserted to Decedent that which was not true and that which Defendants, their

9   "Alternate Entities," and each of them, had not reasonable ground for believing to be true,

10  to wit, that it was safe for Decedent to work in close proximity to such materials;

11       (d)     Defendants, their "Alternate Entities," and each of them, suppressed from

12  Decedent medical and scientific data and knowledge of the contents of the Lanza report.

13  Although bound to disclose it, Defendants, their "Alternate Entities," and each of them

14  influenced A.J. Lanza to change his report, the altered version of which was published in

15  Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Decedent and others

16  to be and remain ignorant thereof.  Defendants, there "Alternate Entities," and each of

17  them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of

18  danger, thereby lessening the probability of notice of danger to users thereof;

19       (e)     Defendants, their "Alternate Entities," and each of them, belonged to,

20  participated in, and financially supported the Asbestos Textile Institute and other industry

21  organizations which, for and on behalf of Defendants, their "Alternate Entities," and each

22  of them, actively promoted the suppression of information of danger to users of the

23  aforementioned products and materials, thereby misleading Decedent by the suggestions

24  and deceptions set forth above in this cause of action.  The Dust Control Committee,

25  which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute

26  was specifically enlisted to study the subject of dust control.  Discussions in this

27  committee were held many times regarding the dangers inherent in asbestos and the

28  dangers which arise from the lack of control of dust, and such information was suppressed

1    from public dissemination from 1946 to a date unknown to Decedent at this time;

2        (f)    Commencing in 1930 with the study of mine and mill workers at Asbestos

3    and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan

4    plants in Manheim and Charleston, South Carolina, Defendants, their "Alternate Entities,"

5    and each of them, knew and possessed medical and scientific information of the

6    connection between inhalation of asbestos fibers and asbestosis, which information was

7    disseminated through the Asbestos Textile Institute and other industry organizations to all

8    other Defendants, their "Alternate Entities," and each of them, herein.  Between 1942 and

9    1950, the Defendants, their "Alternate Entities," and each of them suggested to the public

10   as a fact that which is not true and disseminated other facts likely to mislead Decedent.

11   Such facts did mislead Decedent and others by withholding the afore-described medical

12   and scientific data and other knowledge and by not giving Decedent the true facts

13   concerning such knowledge of danger, which Defendants, their "Alternate Entities," and

14   each of them, were bound to disclose;

15       (g)    Defendants, their "Alternate Entities," and each of them, failed to warn

16   Decedent and others of the nature of said materials which were dangerous when breathed

17   and which could cause pathological effects without noticeable trauma, despite the fact that

18   Defendants, their "Alternate Entities," and each of them, possessed knowledge and were

19   under a duty to disclose that said materials were dangerous and a threat to the health of

20   persons coming into contact therewith;

21       (h)    Defendants, their "Alternate Entities," and each of them, failed to provide

22   Decedent with information concerning adequate protective masks and other equipment

23   devised to be used when applying and installing the products of the Defendants, and each

24   of them, despite knowing that such protective measures were necessary, and that they were

25   under a duty to disclose that such materials were dangerous and would result in injury to

26   the Decedent and others applying and installing such material;

27       (i)    Defendants, their "Alternate Entities," and each of them, when under a duty

28   to so disclose, concealed from Decedent the true nature of the industrial exposure of

Decedent and knew that Decedent and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants, their "Alternate Entities," and each of them, also concealed from Decedent and others that harmful materials to which they were exposed would cause pathological effects without noticeable trauma;

(j)     Defendants, their "Alternate Entities," and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Decedent and Decedent's employers so that said physicians could examine, diagnose and treat Decedent and others who were exposed to asbestos, despite the fact that Defendants, their "Alternate Entities," and each of them, were under a duty to so inform and said failure was misleading; and

(k)     Defendants, their "Alternate Entities," and each of them, failed to provide adequate information to physicians and surgeons retained by Decedent's employers and their predecessor companies, for purposes of making physical examinations of Decedent and other employees as to the true nature of the risk of such materials and exposure thereto when they in fact possessed such information and had a duty to disclose it.

48.     Defendants, their "Alternate Entities," and each of them, willfully failed and omitted to complete and file First Report of Occupational Injury of Illness regarding Decedent's injuries, as required by law, and did willfully fail and omit to file report of injury and occupational disease with the State of California. Decedent was in the class of persons with respect to whom a duty was owed to file such reports and who would have been protected thereby if the fact of danger from products complained of had become known.

49.     Defendants, their "Alternate Entities," and each of them, having such aforementioned knowledge, and the duty to inform Decedent about the true facts, and knowing the Decedent did not possess such knowledge and would breathe such material innocently, acted falsely and fraudulently and with full intent to cause Decedent to remain

1    unaware of the true facts and to induce Decedent to work in a dangerous environment, all

2    in violation of sections 1708, 1709 and 1710 of the Civil Code of the State of California.

3        50.    As a direct and proximate result of said intentional torts by Defendants, their

4    "Alternate Entities," and each of them, the Decedent suffered severe and permanent

5    injuries to his person, including death, as alleged herein above in this complaint.

6        51.    The above-referenced conduct of said Defendants, and each of them, was and

7    is willful, malicious, outrageous and/or in conscious disregard and indifference to the

8    safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

9    Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

10   intended by the Defendants to cause injury to the Decedent or conduct which was carried

11   on by the Defendants with a conscious disregard of the rights or safety of others.

12   Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

13   disregard of his rights and engaged in intentional misrepresentation, deceit, or

14   concealment of a material fact known to the Defendants with the intention on the part of

15   the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

16   otherwise causing injury. Plaintiffs therefore, for the sake of example and by way of

17   punishing Defendants, seek punitive damages, according to proof.

18       52.    Plaintiffs further allege all of the foregoing portions of this cause of action

19   specifically against those Defendants who supplied asbestos fibers (as pled against those

20   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

21   distributor to manufacturers of the asbestos-containing products to which Plaintiff's

22   Decedent was exposed, as well as any DOE Defendants who may be determined at a later

23   date.

### SIXTH CAUSE OF ACTION

(Premises Owner/Contractor Liability)

26       53.    Plaintiffs, by this reference, incorporate the allegations contained in the First

27   through Fifth Causes of Action.

28       54.    At all times mentioned herein, the Premises Owner/Contractor Liability

1   Defendants, and each of them, respectively, owned, leased, maintained, managed, and/or

2   controlled the premises where Plaintiff's Decedent was present.  The information provided

3   is preliminary, based on recall over events covering many years and further investigation

4   and discovery may produce more reliable information.  Additionally, Plaintiff's Decedent

5   might have been present at these or other Premises Owner/Contractor Liability

6   Defendants' premises at other locations and on other occasions.

7        55.    Prior to and at said times and places, said Premises Owner/Contractor

8   Liability Defendants, and each of them, respectively, caused certain asbestos-containing

9   insulation, other building materials, products and toxic substances to be constructed,

10   installed, maintained, used, supplied, replaced, repaired and/or removed on each of the

11   aforesaid respective premises, by their own workers and/or by various contractors, and

12   caused the release of dangerous quantities of toxic asbestos fibers and other toxic

13   substances into the ambient air and thereby created a hazardous and unsafe condition to

14   Plaintiff's Decedent and other persons exposed to said asbestos fibers and toxic substances

15   while present at said premises.

16        56.    At all times mentioned herein, said Premises Owner/Contractor Liability

17   Defendants, and each of them, knew or in the exercise of ordinary and reasonable care

18   should have known, that the foregoing conditions and activities created a dangerous,

19   hazardous, and unsafe condition and unreasonable risk of harm and personal injury to

20   Plaintiff's Decedent and other workers or persons so exposed present on each of the

21   aforesaid respective premises.

22        57.    At all times relevant herein, Plaintiff's Decedent entered said premises and

23   used or occupied each of said respective premises as intended and for each of the

24   respective Premises Owner/Contractor Liability Defendants' request and invitation.  In so

25   doing, Plaintiff's Decedent was exposed to dangerous quantities of asbestos fibers and

26   other toxic substances released into the ambient air by the aforesaid hazardous conditions

27   and activities managed, maintained, initiated, and/or otherwise created, controlled, or

28   caused by said Premises Owner/Contractor Liability Defendants, and each of them.

58.     Plaintiff's Decedent at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

59.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, remained in control of the premises where Plaintiff's Decedent was performing his work.

60.     At all times mentioned herein, the Premises Owner/Contractor Liability Defendants, owed to Plaintiff's Decedent and others similarly situated a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as Plaintiff's Decedent to an unreasonable risk of harm and to avoid causing injury to said person.

61.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff's Decedent of, the existence of the aforesaid dangerous conditions and hazards on said premises.

62.     Prior to and at the times and places aforesaid, said Premises Owner/Contractor Liability Defendants, and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff's Decedent.

63.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff's Decedent and others unless special precautions were taken.

64.     In part, Plaintiff's Decedent was exposed to dangerous quantities of asbestos

1  fibers and other toxic substances by reason of such contractors' failure to take necessary

2  precautions.

3       65.   .  The work of contractors on premises controlled by the Premises

4  Owner/Contractor Defendants created an unsafe premise and an unsafe work place by

5  reason of the release of dangerous quantities of toxic substances including but not limited

6  to asbestos.

7       66.    The unsafe premise or work place was created, in part, by the negligent

8  conduct of the contractors employed by the Premises Owner/Contractor Defendants.  Said

9  negligent conduct includes but is not limited to:

10       a.    Failure to warn of asbestos and other toxic dusts;

11       b.   .  Failure to suppress the asbestos-containing or toxicdusts;

12       c.    Failure to remove the asbestos-containing and toxic dusts through the use of

13               ventilation or appropriate means;

14       d.    Failure to provide adequate breathing protection, i.e., approved respirators or

15               masks;

16       e.    Failure to inspect and/or test the air;

17       f.    Failure to provide medical monitoring.

18       67.    The Premises Owner/Contractor Defendants' duty to maintain and provide

19  safe premises, a safe place to work, and to warn of dangerous conditions are non-

20  delegable; said duties arise out of common law, Civil Code §1708, and Labor Code §6400,

21  et seq., or Health & Safety Code §40200, et seq., and regulations promulgated thereunder.

22  Therefore, the Premises Owner/Contractor Defendants are responsible for any breach of

23  said duties whether by themselves or others.

24       68.    Prior to and at said times and places, said Premises Owner/Contractor

25  Liability Defendants were subject to certain ordinances, statutes, and other government

26  regulations promulgated by the United States Government, the State of California, and

27  others, including but not limited to the General Industry Safety Orders promulgated

28  pursuant to California Labor Code §6400 and the California Administrative Code under

the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health & Safety Code §40200, et seq., which empowers the California Air Quality Management Districts to promulgate regulations covering emission standards for hazardous air pollutants. Such state and federal standards required said Premises Owner/Contractor Liability Defendants to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said Premises Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions. Defendants' violations of said codes include but are not limited to:

    (a)    Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

    (b)    Failing to segregate work involving the release of asbestos or other toxic dusts;

    (c)    Failing to suppress dust using prescribed ventilation techniques;

    (d)    Failing to suppress dust using prescribed "wet down" techniques;

    (e)    Failing to warn or educate Plaintiff's Decedent or others regarding asbestos or other toxic substances on the premises;

    (f)    Failing to provide approved respiratory protection devices;

    (g)    Failing to ensure "approved" respiratory protection devices were used properly;

    (h)    Failing to provide for an on-going health and screening program for those exposed to asbestos on the premises;

    (i)    Failing to provide adequate housekeeping and clean-up of the work place;

    (j)    Failing to properly warn of the hazards associated with asbestos as required

1       by statute;

2       (k)    Failing to properly report renovation and disturbance of asbestos-containing

3            materials;

4       (l)    Failing to have an asbestos removal supervisor as required by regulation;

5       (m)   Failing to get approval for renovation as required by statutes; and

6       (n)    Failing to maintain records as required by statute.

7       69.    Premises Owner/Contractor Liability Defendants, and each of them, were the

8 "statutory employer" of Plaintiff's Decedent as defined by the California Labor Code and

9 California case law.

10      70.    Plaintiff's Decedent at all times was unaware of the hazardous condition or

11 the risk of personal injury created by Defendants' violation of said regulations, ordinances

12 or statutes.

13      71.    At all times mentioned herein, Plaintiff's Decedent was a member of the class

14 of persons whose safety was intended to be protected by the regulations, statutes or

15 ordinances described in the foregoing paragraphs.

16      72.    At all times mentioned herein, said Premises Owner/Contractor Liability

17 Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care

18 should have known, that the premises that were in their control would be used without

19 knowledge of, or inspection for, defects or dangerous conditions, that the persons present

20 and using said premises would not be aware of the aforesaid hazardous conditions to

21 which they were exposed on the premises, and that such persons were unaware of the

22 aforesaid violations of codes, regulations and statutes.

23      73.    As a legal consequence of the foregoing, Plaintiff's Decedent developed an

24 asbestos-related illness - mesothelioma, which has caused great injury, disability, and

25 death as previously set forth, and Plaintiff's Decedent has suffered damages as herein

26 alleged.

27      74.    The above-referenced conduct of said Defendants, and each of them, was and

28 is willful, malicious, outrageous and/or in conscious disregard and indifference to the

1  safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

2  Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

3  intended by the Defendants to cause injury to the Decedent or conduct which was carried

4  on by the Defendants with a conscious disregard of the rights or safety of others.

5  Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

6  disregard of his rights and engaged in intentional misrepresentation, deceit, or

7  concealment of a material fact known to the Defendants with the intention on the part of

8  the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

9  otherwise causing injury.  Plaintiffs therefore, for the sake of example and by way of

10  punishing Defendants, seek punitive damages, according to proof.

11      75.    Plaintiffs further allege all of the foregoing portions of this cause of action

12  specifically against those Defendants who supplied asbestos fibers (as pled against those

13  Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

14  distributor to manufacturers of the asbestos-containing products to which Plaintiff's

15  Decedent was exposed, as well as any DOE Defendants who may be determined at a later

16  date.

17      WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, in

18  and amount to be proved at trial in each individual case, as follows:

19      1.    General damages according to proof;

20      2.    Damages for medical and related expenses, according to proof;

21      3.    Damages for funeral, burial, incidental, and related expenses, according to

22      proof;

23      4.    Damages for the present value of financial contributions which Decedent

24      would have given Plaintiffs had he lived;

25      5.    Damages for the pecuniary value of services which Plaintiffs might have

26      reasonably expected to receive from Decedent;

27      6.    Damages for loss of earning capacity, according to proof;

28      7.    Damages for loss of earning, according to proof;

1     8.    Damages for Decedent's other economic losses, according to proof;

2     9.    Exemplary or punitive damages according to proof;

3     10.   Plaintiffs' damages for loss of consortium according to proof;

4     11.   Prejudgment interest, according to proof;

5     12.   Costs of suit incurred herein; and

6     13.   Such other an further relief as this Court may deem just and proper, including

7          costs and prejudgment interest as provided in C.C.P. § 998, C.C.P. § 1032

8          and related provisions of law.

9

10    DATED: July 21, 2009          BARON & BUDD, P.C.

11

12                    By: _____

13                        JED BORGHEI, ESQ.
                              Attorneys for Plaintiffs: LILIA R.

14                        NEPOMUCENO,   EUGENE R.
                              NEPOMUCENO, MICHAEL R.

15                        NEPOMUCENO, AND RONALD
                              NEPOMUCENO

16

17

18

19

20

21

22

23

24

25

26

27

28