(VBKx), CLOSED, DISCOVERY, MANADR, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:10-cv-01190-R-VBK

Leroy Eisler et al v. CBS Corporation et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Case in other court:  Superior Court of CA County of Los
                             Angeles, BC430519
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 02/17/2010
Date Terminated: 03/29/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Leroy Eisler**                                              represented by   **Jennifer L Bartlett**
                                                                                Simon Eddins and Greenstone LLP
                                                                                301 E Ocean Blvd Suite 1950
                                                                                Long Beach, CA 90802
                                                                                562-590-3400
                                                                                Fax: 562-590-3412
                                                                                *ATTORNEY TO BE NOTICED*

                                                                                **Jordan Blumenfeld-James**
                                                                                Simon Eddins & Greenstone LLP
                                                                                301 East Ocean Boulevard Suite 1950
                                                                                Long Beach, CA 90802
                                                                                562-590-3400
                                                                                Fax: 562-590-3412
                                                                                Email: jbj@seglaw.com
                                                                                *ATTORNEY TO BE NOTICED*

                                                                                **Ronald Cary Eddins**
                                                                                Simon Eddins and Greenstone LLP
                                                                                301 East Ocean Blvd Suite 1950
                                                                                Long Beach, CA 90802
                                                                                562-590-3400
                                                                                Fax: 562-590-3412
                                                                                Email: reddins@seglaw.com
                                                                                *ATTORNEY TO BE NOTICED*

                                                                                **Tyson Brannan Gamble**
                                                                                Simon Eddins & Greenstone LLP
                                                                                301 East Ocean Boulevard Suite 1950
                                                                                Long Beach, CA 90802
                                                                                562-590-3400
                                                                                Fax: 562-590-3412

Email: tgamble@seglaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Beatrice Eisler**                    represented by    **Jennifer L Bartlett**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jordan Blumenfeld-James**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ronald Cary Eddins**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Tyson Brannan Gamble**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

V.

**Movant**

**Fryer-Knowles Inc**                  represented by    **Michael Karatov**
                                                         Connor and Bishop
                                                         44Montgomery Street Suite 1750
                                                         San Francisco, CA 94104
                                                         415-434-3006
                                                         Email: mkaratov@connbish.com
                                                         *LEAD ATTORNEY*

V.

**Defendant**

**CBS Corporation**                    represented by    **Kevin D Jamison**
*formerly known as*                                      Pond North LLP
Viacom Inc (sued as successor-by-meger                   350 South Grand Avenue Suite 3300
to CBS Corporation fka Westinghouse                      Los Angeles, CA 90071
Electric Corporation and also as successor-              213-617-7170
in-interest to BF Sturtevant)                            Fax: 213-623-3594
                                                         Email: kjamison@pondnorth.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**General Electric Company**           represented by    **Charles T Sheldon**
                                                         Sedgwick Detert Moran and Arnold

Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: charles.sheldon@sdma.com
*ATTORNEY TO BE NOTICED*

**Derek S Johnson**
Sedgwick Detert Moran & Arnold LLP
Steuart Tower 18th Floor
One Market Plaza
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
*ATTORNEY TO BE NOTICED*

**Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Leslie Controls Inc**                     represented by    **Glen R Powell**
Gordon & Rees LLP
275 Battery Street Suite 2000
San Francisco, CA 94111
415-986-5900
Fax: 415-986-8054
Email: gpowell@gordonrees.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Viad Corporation**                        represented by    **Peter B Langbord**
*formerly known as*                                          Foley & Mansfield PLLP
The Dial Corporation (sued individually                     300 South Grand Avenue Suite 2800
and as successor-in-interest to Griscom-                    Los Angeles, CA 90071
Russell Company                                             213-283-2100
Fax: 213-283-2101
Email: plangbord@foleymansfield.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**John Does**
*1-450*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/17/2010 | 1 | NOTICE OF REMOVAL from the Superior Court of CA, County of Los Angeles, case number BC430519 with CONFORMED copies of summons and complaint. Case assigned to Judge Philip S. Gutierrez, Discovery to Magistrate Judge Alicia G Rosenberg; (Filing fee $ 350 PAID ); filed by defendant Viad Corporation.(esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | | CONFORMED COPY OF ANSWER TO COMPLAINTT filed in Superior Court of CA on 2/5/10 (see Exhibit D of Notice of Removal, 1 ) filed by defendant Viad Corporation.(esa) (Entered: 02/18/2010) |
| 02/17/2010 | 2 | CERTIFICATION AND NOTICE OF INTERESTED PARTIES filed by defendant Viad Corporation. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 3 | NOTICE OF RELATED CASES filed by defendant Viad Corporation. Related Cases: CV 07-8338 VBF (RCx); CV 08-0118 R (JTLx); CV 08-0248 R (PLAx); CV 08-0282 VBF (AGRx); CV 08-0501 GPS (AJWx); CV 08-1296 R (JTLx); CV 08-3133 R (JTLx); (SEE DOCUMENT FOR MORE) (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 4 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by defendant Viad Corporation. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 5 | CERTIFICATE OF SERVICE OF DOCUMENTS filed by defendant Viad Corporation, served on 2/17/10. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 6 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(esa) (Entered: 02/18/2010) |
| 02/17/2010 | 8 | NOTICE OF TAG-ALONG ACTION filed by defendant Viad Corporation. (esa) (Entered: 02/19/2010) |
| 02/18/2010 | 7 | STANDING ORDER regarding Newly Assigned cases (See document for further details) by Judge Philip S. Gutierrez. (ir) (Entered: 02/19/2010) |
| 02/25/2010 | 9 | JOINDER filed by Defendant Leslie Controls Inc joining in Notice of Removal, 1 . (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8)(Powell, Glen) (Entered: 02/25/2010) |
| 02/25/2010 | 10 | ANSWERJURY DEMAND. *Answer with Affirmative Defenses to Plainitffs' Complaint for Personal Injury and Jury Demand* filed by defendant Leslie Controls Inc.(Powell, Glen) (Entered: 02/25/2010) |
| 02/25/2010 | 11 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case- filed. Related Case No: CV 07-02241 R (JTLx). Case transferred from Judge Philip S. Gutierrez and Magistrate Judge Alicia G. Rosenberg to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 10-01190 R (VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 02/25/2010) |
| 02/26/2010 | 12 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Complaint 10 . The following error(s) was found: Local Rule 7.1-1 No |

|  |  | Certification of Interested Parties and or no copies. Other error(s) with document(s): After the event to to be used is : Certificate/Notice of Interested Parties under NOTICES. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 02/26/2010) |
| 03/01/2010 | 13 | Certificate of Interested Parties filed by Defendant Leslie Controls Inc, identifying Columbia Casualty Insurance Company; Zurich International; Circor International; New Jersey Manufacturing. (Powell, Glen) (Entered: 03/01/2010) |
| 03/01/2010 | 14 | NOTICE of Refiling State Court Answer to Complaint for Damages filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 03/01/2010) |
| 03/01/2010 |  | CONFORMED COPY OF ANSWER to COMPLAINT, 1 filed by Defendant General Electric Company.(THIS DOCUMENT WAS FILED IN SUPERIOR COURT ON 2/9/10 WHICH IS NOW ATTACHED TO DOCUMENT NUMBER 14 AS EXHIBIT A)(pj) (Entered: 03/03/2010) |
| 03/03/2010 | 15 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 14 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and or no copies. Other error(s) with document(s): After the event to to be used is : Certificate/Notice of Interested Parties under NOTICES. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 03/03/2010) |
| 03/03/2010 | 16 | ANSWER *CBS Corporation* filed by Defendant CBS Corporation.(Jamison, Kevin) (Entered: 03/03/2010) |
| 03/03/2010 | 17 | *Certification of Interested Parties* Certificate of Interested Parties filed by Defendant CBS Corporation, identifying National Amusements, Inc.. (Jamison, Kevin) (Entered: 03/03/2010) |
| 03/03/2010 | 18 | NOTICE of Related Case(s) filed by Defendant CBS Corporation. *Notice of Related Cases* (Jamison, Kevin) (Entered: 03/03/2010) |
| 03/05/2010 | 19 | ORDER RE: NOTICE TO COUNSEL by Judge Manuel L. Real. (ake) (Entered: 03/05/2010) |
| 03/15/2010 | 20 | ANSWER to Notice of Removal, 1 *Amended Answer to Complaint* filed by Defendant CBS Corporation.(Jamison, Kevin) (Entered: 03/15/2010) |
| 03/29/2010 | 21 | CONDITIONAL TRANSFER ORDER (CTO-331) from the Judicial Panel on Multidistrict re In Re: Asbestos Products Liability Litigation (No. VI) MDL 875, transferring case to USDC Eastern District Pennsylvania assigned to the Honorable Eduardo C Robreno. By Jeffrey N Luthi Clerk of the MDL Panel. (MD JS-6. Case Terminated.), (pj) (Entered: 03/30/2010) |
| 03/30/2010 | 22 | TRANSMITTAL LETTER MDL CASE TRANSFER OUT. Eastern District of Pennsylvania does not require to forward any of the record or any documents to heir court at this time. They will extract our case through Pacer (Attachments: # 1 Letter) (pj) (Entered: 03/30/2010) |

| 04/02/2010 | 23 | NOTICE of Interested Parties filed by Defendant Fryer-Knowles Inc, (Karatov, Michael) (Entered: 04/02/2010) |
|---|---|---|
| 04/02/2010 | 24 | NOTICE of Filing State Court Answer filed by defendant Fryer-Knowles Inc. (Karatov, Michael) (Entered: 04/02/2010) |
| 04/02/2010 | 25 | OF SERVICE filed by defendant Fryer-Knowles Inc, re Notice (Other) 24 , Certificate/Notice of Interested Parties 23 served on Proof of Service. (Karatov, Michael) (Entered: 04/02/2010) |
| 04/08/2010 | 26 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Proof of Service (subsequent documents) 25 . The following error(s) was found: Title page is missing. See L.R. 11-3.8. The document is accepted as filed. counsel is to take notice of the CM/ECF procedures. Any further documents will be stricken for failure to follow the procedures. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lra) (Entered: 04/08/2010) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/09/2010 12:10:51 | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-01190-R-VBK End date: 12/9/2010 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

1  RON C. EDDINS, CA Bar No. 243581
   JENNIFER L. BARTLETT, CA Bar No. 183154
2  JORDAN BLUMENFELD-JAMES, CA Bar No. 235185
   TYSON B. GAMBLE, CA Bar No. 266677
3  **SIMON, EDDINS & GREENSTONE, LLP**
   301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
   Telephone (562) 590-3400
5  Facsimile (562) 590-3412

6  Attorneys for Plaintiffs

7

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 2 6 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUGENA LOPEZ

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10                                            **BC430519**

11 **LEROY EISLER and BEATRICE**        Case No.
   **EISLER**
12                                      THIS ACTION CONSTITUTES COMPLEX
                         Plaintiffs,    ASBESTOS LITIGATION – SUBJECT TO
13                                      THE GENERAL ORDERS CONTAINED IN
        vs.                             FILE NO. C 700000 – DEPT. 59
14

15 **CBS CORPORATION f/k/a**            **COMPLAINT FOR PERSONAL INJURY –**
   **VIACOM, INC.** (sued as successor-by- **ASBESTOS (NEGLIGENCE; STRICT**
16 merger to CBS CORPORATION f/k/a      **LIABILITY; LOSS OF CONSORTIUM)**
   WESTINGHOUSE ELECTRIC
17 CORPORATION and also as successor-
   in-interest to BF STURTEVANT);
18 **FOSTER WHEELER ENERGY**
   **CORPORATION;**
19 **FRYER-KNOWLES, INC.;**
   **GENERAL ELECTRIC COMPANY;**
20 **LESLIE CONTROLS, INC.;**
   **VIAD CORPORATION** f/k/a THE
21 **DIAL CORPORATION** (sued
   individually and as successor-in-interest
22 to GRISCOM-RUSSELL COMPANY);
   **and JOHN DOES 1-450**
23
                         Defendants.
24

25                            GENERAL ALLEGATIONS

26      COME NOW Plaintiffs **LEROY EISLER** and **BEATRICE EISLER** (hereinafter

27 "Plaintiffs") and complain and allege as follows:

28
                                      1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1.    The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.    At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **CBS CORPORATION f/k/a VIACOM, INC.** *(sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT)*; **FOSTER WHEELER ENERGY CORPORATION; FRYER-KNOWLES, INC.; GENERAL ELECTRIC COMPANY; LESLIE CONTROLS, INC.; VIAD CORPORATION f/k/a THE DIAL CORPORATION** *(sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY)*, and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

3.    Plaintiffs allege herein that Plaintiff LEROY EISLER developed malignant mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-

2

containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **CBS CORPORATION f/k/a VIACOM, INC.** *(sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT)* (for Westinghouse compressors and turbines, and BF Sturtevant pumps and forced draft blowers); **FOSTER WHEELER ENERGY CORPORATION** (for super heaters and condensers); **FRYER-KNOWLES, INC.** (as a flooring and decking contractor); **GENERAL ELECTRIC COMPANY** (for turbines, engines and ship's service generators); **LESLIE CONTROLS, INC.** (for valves); and **VIAD CORPORATION f/k/a THE DIAL CORPORATION** *(sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY)* (for Griscom-Russell distilling plants, fuel oil heaters, oil coolers and heaters).

4.      Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any defendant acting under the authority of a federal officer or agency.

FIRST CAUSE OF ACTION

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5.      Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6.      At all times herein mentioned, each of the named Defendants and DOES 1 through 450 was the successor, successor-in-business, successor-in-product line or a portion

3

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or

2   member in an entity researching, studying, manufacturing, fabricating, designing, modifying,

3   labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling,

4   inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting,

5   re-branding, manufacturing for others, packaging and advertising asbestos, and products

6   containing asbestos, including but not limited to, those products identified in paragraph 3

7   above.  Said entities shall hereinafter collectively be called "alternate entities."  Each of the

8   herein named Defendants is liable for the tortious conduct of each successor, successor-in-

9   business, successor-in-product line or a portion thereof, assign, predecessor in product line or a

10  portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity,

11  or entity that it was a member of, or funded, that researched, repaired, marketing, warranted,

12  re-branded, manufactured for others and advertised asbestos, products containing asbestos.

13  The following Defendants, and each of them, are liable for the acts of each and every

14  "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs'

15  remedy against each such "alternate entity"; Defendants, and each of them, have acquired the

16  assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each

17  of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity";

18  each such Defendant has the ability to assume the risk-spreading role of each such "alternate

19  entity"; and that each such Defendant enjoys the goodwill originally attached to each such

20  "alternate entity".

| **DEFENDANT** | **ALTERNATE ENTITY** |
| --- | --- |
| CBS CORPORATION | VIACOM INC.<br>WESTINGHOUSE ELECTRIC<br>CORPORATION<br>BF STURTEVANT<br>VIACOM INTERNATIONAL, INC.<br>VIACOM PLUS |
| FOSTER WHEELER ENERGY<br>CORPORATION | FOSTER WHEELER BOILER<br>CORPORATION<br>FOSTER WHEELER CONTRACTORS,<br>INC. |

4

|   |   |
|---|---|
|   | FOSTER WHEELER CORPORATION |
|   | FOSTER WHEELER DEVELOPMENT CORP. |
|   | FOSTER WHEELER ENERGY RESOURCES INC. |
|   | FOSTER WHEELER ENERGY SERVICES, INC. |
|   | FOSTER WHEELER ENVIRESPONSE, INC. |
|   | FOSTER WHEELER ENVIRONMENTAL CORPORATION |
|   | FOSTER WHEELER POWER GROUP, INC. |
|   | FOSTER WHEELER POWER SYSTEMS, INC. |
|   | FOSTER WHEELER PYROPOWER, INC. |
|   | FOSTER WHEELER REALTY SERVICES, INC. |
|   | FOSTER WHEELER USA CORPORATION |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC. |
|   | GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY |
|   | GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY |
|   | GENERAL ELECTRIC TRADING COMPANY |
| LESLIE CONTROLS, INC. | CIRCOR INTERNATIONAL, INC. |
|   | KIELEY & MUELLER, INC. |
| VIAD CORPORATION | THE DIAL CORPORATION |
|   | GRISCOM-RUSSELL COMPANY |

7.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter Defendants' Products).

8.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for

5

1    sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

2    warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products,

3    including but not limited to those products identified in paragraph 3 above, in that the

4    Defendants' Products were unreasonably dangerous because they released respirable asbestos

5    fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others,

6    including Plaintiff LEROY EISLER herein (hereinafter collectively called "exposed person").

7    Said products were used at all times in a manner that was reasonably foreseeable to Defendants,

8    their "alternate entities," and each of them, thereby rendering said products unsafe and

9    dangerous for use by "exposed person".  Plaintiffs herein allege that LEROY EISLER was

10   exposed to Defendants' Products, including but not limited to those products identified in

11   paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos

12   and asbestos-containing products"), were a substantial contributing factor in the development of

13   his malignant mesothelioma, and therefore proximately caused Plaintiff LEROY EISLER's

14   injuries.

15       9.      Defendants, their "alternate entities," and each of them, had a duty to exercise

16   reasonable care while engaging in the activities mentioned above and each Defendants breached

17   said duty of reasonable care in that Defendants, and each of them, failed to safely and

18   adequately design, manufacture and/or sell Defendants' products; failed to test said products;

19   failed to investigate the hazards of said products; failed to warn "exposed person", including

20   Plaintiff LEROY EISLER, of the health hazards of using Defendants' products; failed to

21   disclose the known or knowable dangers of using Defendants' products; failed to obtain suitable

22   alternative materials to asbestos when such alternatives were available; and as otherwise stated

23   herein.

24       10.     The Defendants' products were and are hazardous to the health and safety of

25   Plaintiff, and others in Plaintiff's position working with and in close proximity to such products,

26   and since on or before 1930, the hazards and dangerous propensities of the Defendants' products

27   were both known and knowable to the Defendants, their "alternate entities", and each of them,

28   through the use of medical and/or scientific data and other knowledge available to Defendants,

their "alternate entities", and each of them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service, installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous propensities of asbestos presented a substantial danger to users, including Plaintiff, LEROY EISLER, of Defendants' Products through the intended and reasonably foreseeable use of those products.

11.   Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products were dangerous and were likely to be dangerous when used in their intended and reasonably foreseeable manner.

12.   Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff LEROY EISLER herein, would be exposed to said hazardous and dangerous asbestos fibers.  Defendants, their "alternate entities", and each of them, knew or reasonably should have known that users, such as Plaintiff LEROY EISLER and others in his position, working with and in close proximity to Defendants' Products would not realize or know the danger.  Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of the products.  A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm.  The negligent failure of Defendants, their "alternate entities," and each of them to warn was a substantial factor in causing harm to Plaintiff LEROY EISLER.

13.   Plaintiff LEROY EISLER used, handled, or was otherwise exposed to asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and each of them.  Plaintiff's exposure to Defendants' Products occurred at various

7

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    locations set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference

2    herein.

3        14.    As a direct and proximate result of the conduct of the Defendants, their "alternate

4    entities", and each of them, as aforesaid, Plaintiff LEROY EISLER's exposure to asbestos from

5    use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of

6    which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were

7    attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached

8    hereto and incorporated by reference herein.  Plaintiffs are informed and believe, and thereon

9    allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation

10   of asbestos fibers without perceptible trauma and that said disease results from exposure to

11   Defendants' Products over a period of time.

12       15.    Plaintiff LEROY EISLER suffers from malignant pleural mesothelioma, caused

13   by exposure to asbestos from Defendants' Products including those products identified in

14   paragraph 3 above.  Plaintiff LEROY EISLER was not aware at the time of exposure that

15   Defendants' Products presented any risk of injury and/or disease.

16       16.    As a direct and proximate result of the aforesaid conduct of Defendants, their

17   "alternate entities," and each of them, Plaintiff LEROY EISLER has suffered and will continue

18   to suffer permanent injuries and future injuries to his person, body and health, including, but not

19   limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy,

20   dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress

21   attendant thereto, as Plaintiff's malignant mesothelioma progresses, all to his general damage in

22   a sum in excess of the jurisdictional limit of a limited civil case.

23       17.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

24   "alternate entities", and each of them, Plaintiff LEROY EISLER has incurred, is presently

25   incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care,

26   medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being

27   presently unknown to Plaintiffs, subject to proof at trial.

28       18.    As a further direct and proximate result of the said conduct of the Defendants,

                                        8

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of

2   income, wages, profits and commissions, a diminishment of earning potential, and other

3   pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs,

4   subject to proof at trial.

5        19.  Plaintiffs further allege that Defendants, their "alternate entities", and each of

6   them, also engaged in the following wrongful acts:

7        (a)  Defendants, their "alternate entities", and each of them, suppressed from all

8   consumers, including Plaintiff LEROY EISLER, medical and scientific information concerning

9   the health hazards associated with inhalation of asbestos, including the substantial risk of injury

10  or death therefrom.  Although Defendants, and each of them, knew of the substantial risks

11  associated with exposure to asbestos, they willfully and knowingly concealed such information

12  from the users of their asbestos and/or asbestos-containing products in conscious disregard of

13  the rights, safety and welfare of "exposed person", including Plaintiff LEROY EISLER.

14       (b)  Defendants, their "alternate entities", and each of them, belonged to, participated

15  in, and financially supported industry organizations, including but not limited to the Gypsum

16  Association, Asbestos Information Association, Industrial Hygiene Foundation and others,

17  which, for and on behalf of Defendants, their "alternate entities", and each of them, actively

18  promoted the suppression of information about the dangers of asbestos to users of the

19  aforementioned products and materials, thereby misleading Plaintiff LEROY EISLER as to the

20  safety of their products.  Through their participation and association with such industry

21  organizations, Defendants and each of them knowingly and deliberately concealed and

22  suppressed the true information regarding asbestos and its dangers, and propagated

23  misinformation intended to instill in users of Defendants' Products a false security about the

24  safety of their products.  The Dust Control Committee, which changed its name to the Air

25  Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the

26  subject of dust control.  Discussions in this committee were held many times regarding the

27  dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and

28  such information was suppressed from public dissemination from 1946 to a date unknown to

9

1    Plaintiff LEROY EISLER at this time;

2    (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and

3    Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants

4    in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of

5    them, knew and possessed medical and scientific information of the connection between the

6    inhalation of asbestos fibers and asbestosis, which information was disseminated through the

7    Asbestos Textile Institute and other industry organizations to all other Defendants, their

8    "alternate entities", and each of them, herein.  Between 1942 and 1950, the Defendants, their

9    "alternate entities", and each of them, failed to provide this information to consumers;

10    (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

11    LEROY EISLER and others of the nature of said materials which were dangerous when

12    breathed and which could cause pathological effects without noticeable trauma, despite the fact

13    that Defendants, their "alternate entities", and each of them, possessed knowledge and were

14    under a duty to disclose that said materials were dangerous and a threat to the health of persons

15    coming into contact therewith;

16    (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

17    LEROY EISLER with information concerning adequate protective masks and other equipment

18    devised to be used when applying, mixing, installing and sanding the products of the

19    Defendants, their "alternate entities", and each of them, despite knowing that such protective

20    measures were necessary, and that they were under a duty to disclose that such materials were

21    dangerous and would result in injury to Plaintiff LEROY EISLER and others applying and

22    installing such material;

23    (f)    Defendants, their "alternate entities", and each of them, knew and failed to

24    disclose that Plaintiff LEROY EISLER and anyone similarly situated, upon inhalation of

25    asbestos would, in time, have a substantial risk of developing irreversible conditions of

26    pneumoconiosis, asbestosis, mesothelioma and/or cancer;

27    (g)    Defendants, their "alternate entities", and each of them, failed to provide

28    information of the true nature of the hazards of asbestos materials and that exposure to these

10

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  material would cause pathological effects without noticeable trauma to the public, including

2  buyers, users, and physicians employed by Plaintiff LEROY EISLER so that said physicians

3  could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos,

4  despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to

5  so inform and said failure was misleading.

6      20.    Defendants, their "alternate entities", and each of them, and their officers,

7  directors, and managing agents participated in, authorized, expressly and impliedly ratified, and

8  had full knowledge of, or should have known of, each of the acts set forth herein. Defendants,

9  their "alternate entities", and each of them, are liable for the oppressive and malicious acts of

10  their "alternate entities", and each of them, and each Defendant's officers, directors, and

11  managing agents participated in, authorized, expressly and impliedly ratified, and had full

12  knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth

13  herein.

14      21.    The herein-described conduct of said Defendants, their "alternate entities", and

15  each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard

16  and indifference to the safety and health of "exposed person," including Plaintiff LEROY

17  EISLER, in that Defendants, and each of them, continued to manufacture, market and/or sell

18  dangerous products known to cause severe, permanent injuries and death, despite possessing

19  knowledge of the substantial hazards posed by use of their products, in order to continue to

20  profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in

21  such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be

22  looked down upon and despised by ordinary people and justifies an award of punitive and

23  exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of example and

24  by way of punishing said Defendants, seek punitive damages according to proof.

25      22.    Defendants and each of them engaged in conduct which was intended by

26  Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was

27  carried on by the Defendant with a willful and conscious disregard of the rights or safety of

28  others, including Plaintiff LEROY EISLER.

11

23.   Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff LEROY EISLER, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

24.   As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff LEROY EISLER sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

25.   Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

26.   Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, LEROY EISLER, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff LEROY EISLER and others in Plaintiff's position working with and in close proximity to such products.

27.   Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed, said products would result in the release, and therefore inhalation of,

12

hazardous and dangerous asbestos fibers by exposed person, including Plaintiff LEROY EISLER. The defect existed in all of said products when they left the possession of the Defendants, their "alternate entities," and each of them. At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos and asbestos products were used by Plaintiff LEROY EISLER, and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to Defendants, and each of them. The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff LEROY EISLER, including malignant mesothelioma, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

28. As a direct and proximate result of the actions and conduct outlined herein, Defendants' Products failed to perform as safely as an ordinary consumer would have expected in that Defendants' products, and each of them, during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including Plaintiff LEROY EISLER, were unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff LEROY EISLER had reason to expect was a substantial factor in causing his injuries.

29. As a direct and proximate result of the actions and conduct outlined herein, Plaintiff LEROY EISLER has suffered the injuries and damages alleged herein.

30. Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

13

1       (a)    Defendants, their "alternate entities", and each of them, suppressed from all

2   consumers, including Plaintiff LEROY EISLER, medical and scientific information concerning

3   the health hazards associated with inhalation of asbestos, including the substantial risk of injury

4   or death therefrom.   Although Defendants, and each of them, knew of the substantial risks

5   associated with exposure to asbestos, they willfully and knowingly concealed such information

6   from the users of their asbestos and/or asbestos-containing products in conscious disregard of

7   the rights, safety and welfare of "exposed person", including Plaintiff LEROY EISLER.

8       (b)    Defendants, their "alternate entities", and each of them, belonged to, participated

9   in, and financially supported industry organizations, including but not limited to the Gypsum

10  Association, Asbestos Information Association, Industrial Hygiene Foundation and others,

11  which, for and on behalf of Defendants, their "alternate entities", and each of them, actively

12  promoted the suppression of information about the dangers of asbestos to users of the

13  aforementioned products and materials, thereby misleading Plaintiff LEROY EISLER as to the

14  safety of their products.   Through their participation and association with such industry

15  organizations, Defendants and each of them knowingly and deliberately concealed and

16  suppressed the true information regarding asbestos and its dangers, and propagated

17  misinformation intended to instill in users of Defendants' Products a false security about the

18  safety of their products.   The Dust Control Committee, which changed its name to the Air

19  Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the

20  subject of dust control.   Discussions in this committee were held many times regarding the

21  dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and

22  such information was suppressed from public dissemination from 1946 to a date unknown to

23  Plaintiff LEROY EISLER at this time;

24      (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and

25  Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants

26  in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of

27  them, knew and possessed medical and scientific information of the connection between the

28  inhalation of asbestos fibers and asbestosis, which information was disseminated through the

14

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d) Defendants, their "alternate entities", and each of them, failed to warn Plaintiff LEROY EISLER and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e) Defendants, their "alternate entities", and each of them, failed to provide Plaintiff LEROY EISLER with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff LEROY EISLER and others applying and installing such material;

(f) Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff LEROY EISLER and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g) Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff LEROY EISLER so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

31. Defendants, their "alternate entities", and each of them, and their officers,

15

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

32.    The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff LEROY EISLER, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

33.    Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff LEROY EISLER.

34.    Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff LEROY EISLER, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

35.    As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff LEROY EISLER sustained the injuries and

16

damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF BEATRICE EISLER COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

40.     Plaintiff BEATRICE EISLER incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

41.     Plaintiffs LEROY EISLER and BEATRICE EISLER were married on October 5,1946, and at all times relevant to this action were, and are now, husband and wife.

42.     Prior to Plaintiff LEROY EISLER's injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, Plaintiff LEROY EISLER has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, BEATRICE EISLER has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

43.     Plaintiff BEATRICE EISLER's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

44.     As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff LEROY EISLER as set forth in this complaint, Plaintiff BEATRICE EISLER has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

44.   WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff LEROY EISLER:

1.   For Plaintiff's general damages according to proof;

2.   For Plaintiff's loss of income, wages, and earning potential according to proof;

3.   For Plaintiff's medical and related expenses according to proof;

Plaintiff BEATRICE EISLER:

4.   For Plaintiff's damages for loss of consortium and/or society according to proof;

Plaintiffs LEROY EISLER and BEATRICE EISLER:

5.   For Plaintiffs' cost of suit herein;

6.   For exemplary or punitive damages according to proof;

7.   For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.

DATED: January 26, 2010

SIMON, EDDINS & GREENSTONE, LLP

By: _Jennifer L. Bartlett_
Jennifer L. Bartlett
Attorney for Plaintiffs

18

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: January 26, 2010

**SIMON, EDDINS & GREENSTONE, LLP**

By:

Jennifer L. Bartlett
Attorney for Plaintiffs

19

1

## EXHIBIT "A"

2   Plaintiff LEROY EISLER's exposure to asbestos and asbestos-containing products

3   occurred at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| US Navy | USS Barry (DD-248)<br>USS Blakeley (DD-150)<br>USS Abbot (DD-184)<br>USS Denebola (AD-12) | Fireman | 1940-1941 |
| US Merchant Marine | SS William Floyd (EC2-C-51)<br>SS Luther Martin<br>SS Ponca City<br>SS West Keene<br>SS M&J Tracey<br>SS Cape Archway (CC1B) | Wiper, Fireman-Watertender, Oiler and Assistant Engineer | 1942-1946 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

### EXHIBIT "B"

2    Plaintiff LEROY EISLER's exposure to Defendants' Products caused severe and

3   permanent injury to Plaintiff LEROY EISLER including, but not limited to, mesothelioma.

4   Plaintiff was diagnosed with mesothelioma on or about March 11, 2009.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS