(VBKx), CLOSED, DISCOVERY, MANADR, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:10-cv-01192-R-VBK

Michael Eugene Morgan et al v. Air & Liquid Systems
Corporation et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Case in other court: Superior Court of CA Countyof Los
                     Angeles, BC430672
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 02/17/2010
Date Terminated: 03/29/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Michael Eugene Morgan**                    represented by   **Jennifer L Bartlett**
                                                             Simon Eddins and Greenstone LLP
                                                             301 E Ocean Blvd Suite 1950
                                                             Long Beach, CA 90802
                                                             562-590-3400
                                                             Fax: 562-590-3412
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jordan Blumenfeld-James**
                                                             Simon Eddins & Greenstone LLP
                                                             301 East Ocean Boulevard Suite 1950
                                                             Long Beach, CA 90802
                                                             562-590-3400
                                                             Fax: 562-590-3412
                                                             Email: jbj@seglaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ronald Cary Eddins**
                                                             Simon Eddins and Greenstone LLP
                                                             301 East Ocean Blvd Suite 1950
                                                             Long Beach, CA 90802
                                                             562-590-3400
                                                             Fax: 562-590-3412
                                                             Email: reddins@seglaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Tyson Brannan Gamble**
                                                             Simon Eddins & Greenstone LLP
                                                             301 East Ocean Boulevard Suite 1950
                                                             Long Beach, CA 90802
                                                             562-590-3400

Fax: 562-590-3412
Email: tgamble@seglaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martha Morgan**            represented by   **Jennifer L Bartlett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Blumenfeld-James**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyson Brannan Gamble**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*(sued as successor-by-merger to Buffalo
Pumps Inc)*

**Defendant**

**CBS Corporation**            represented by   **Kevin D Jamison**
*formerly known as*                              Pond North LLP
Viacom Inc (sued as successor-by-merger    350 South Grand Avenue Suite 3300
to CBS Corporation fka Westinghouse      Los Angeles, CA 90071
Electric Corporation and also as successor-   213-617-7170
in-interest to BF Sturdevant)               Fax: 213-623-3594
Email: kjamison@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Elliott Turbo Machinery Company**
*also known as*
Elliott Company

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Fryer-Knowles Inc**           represented by   **Michael Karatov**
Connor and Bishop

44Montgomery Street Suite 1750
San Francisco, CA 94104
415-434-3006
Email: mkaratov@connbish.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**                    represented by   **Charles T Sheldon**
Sedgwick Detert Moran and Arnold
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: charles.sheldon@sdma.com
*ATTORNEY TO BE NOTICED*

**Derek S Johnson**
Sedgwick Detert Moran & Arnold LLP
Steuart Tower 18th Floor
One Market Plaza
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
*ATTORNEY TO BE NOTICED*

**Katherine Paige Gardiner**
Sedgwick Detert Moran and Arnold
Steuart Tower
One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leslie Controls Inc**                         represented by   **Glen R Powell**
Gordon & Rees LLP
275 Battery Street Suite 2000
San Francisco, CA 94111
415-986-5900
Fax: 415-986-8054
Email: gpowell@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**                            represented by   **Peter B Langbord**
*formerly known as*                                              Foley & Mansfield PLLP
The Dial Corporation (sued individually                         300 South Grand Avenue Suite 2800

and as successor-in-interest to Griscom-                     Los Angeles, CA 90071
Russell Company)                                             213-283-2100
                                                             Fax: 213-283-2101
                                                             Email: plangbord@foleymansfield.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**John Does**
*1-450*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/17/2010 | 1 | NOTICE OF REMOVAL from the Superior Court of CA, County of Los Angeles, case number BC430672 with CONFORMED copies of summons and complaint. Case assigned to Judge Valerie Baker Fairbank, Discovery to Magistrate Judge Charles F Eick; (Filing fee $ 350 PAID ); filed by defendant Viad Corporation.(esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 |   | CONFORMED COPY OF ANSWER TO COMPLAINT filed in Superior Court of CA on 2/8/10 (see Exhibit D of Notice of Removal, 1 ) filed by defendant Viad Corporation.(esa) (Entered: 02/18/2010) |
| 02/17/2010 | 2 | CERTIFICATION AND NOTICE OF INTERESTED PARTIES filed by defendant Viad Corporation. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 3 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by defendant Viad Corporation. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 4 | NOTICE OF RELATED CASES filed by defendant Viad Corporation. Related Cases: CV 07-8338 VBF (RCx); CV 08-0118 R (JTLx); CV 08-9248 R (PLAx); CV 08-0282 VBF (AGRx); (SEE DOCUMENT FOR MORE) (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 5 | NOTICE OF TAG-ALONG ACTION filed by defendant Viad Corporation. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 6 | CERTIFICATE OF SERVICE OF DOCUMENTS filed by defendant Viad Corporation, served on 2/17/10. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 7 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(esa) (Entered: 02/18/2010) |
| 02/18/2010 | 8 | STANDING ORDER by Judge Valerie Baker Fairbank: This case has been assigned to the calendar of Judge Valerie Baker Fairbank. Read this order carefully. It controls this case and adds to the Local Rules in some respects. (mg) (Entered: 02/19/2010) |
| 02/18/2010 | 9 | MINUTES (IN CHAMBERS) by Judge Valerie Baker Fairbank: Counsel are notified that a Scheduling Conference has been set for 3/29/2010 at 08:30 AM before Judge Valerie Baker Fairbank. Counsel are directed to comply with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 in a timely fashion and to file a Joint Rule 26(f) Report, ADR Pilot Program Questionnaire, and a Notice of Settlement Procedure Selection Form ADR-1/ADR-12 on or before March 15, 2010. (mg) (Entered: 02/19/2010) |

| 02/25/2010 | 10 | JOINDER filed by Defendant Leslie Controls Inc joining in Notice of Removal, 1 . (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8)(Powell, Glen) (Entered: 02/25/2010) |
| 02/25/2010 | 11 | ANSWERJURY DEMAND. *Answer with Affirmative Defenses to Plaintiffs' Complaint for Personal Injury and Jury Demand* filed by Defendant Leslie Controls Inc.(Powell, Glen) (Entered: 02/25/2010) |
| 02/25/2010 | 12 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV 07-02241 R (JTLx). Case transferred from Magistrate Judge Charles F. Eick and Judge Valerie Baker Fairbank to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 10-01192 R (VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 02/25/2010) |
| 02/26/2010 | 13 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Complaint by Defendant Leslie Controls Inc. 11 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and no copies. Other error(s) with document(s): After the event to to be used is : Certificate/Notice of Interested Parties under NOTICES. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 02/26/2010) |
| 03/01/2010 | 14 | Certificate of Interested Parties filed by Defendant Leslie Controls Inc, identifying Columbia Casualty Insurance Company; Zurich International; Circor International; New Jersey Manufacturing. (Powell, Glen) (Entered: 03/01/2010) |
| 03/01/2010 | 15 | NOTICE of Refiling State Court Answer to Complaint for Damages filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 03/01/2010) |
| 03/01/2010 |  | CONFORMED COPY OF ANSWER to Complaint, 1 filed by Defendant General Electric Company.(THIS DOCUMENT WAS FILED IN SUPERIOR COURT ON 2/16/10 WHICH IS NOW ATTACHED TO DOCUMENT NUMBER 15 AS EXHIBIT A)(pj) (Entered: 03/04/2010) |
| 03/03/2010 | 16 | NOTICE Joinder to Notice of Removal filed by Defendant Air & Liquid Systems Corporation. (Attachments: # 1 Exhibit Notice of Manual Filing of Exhibits to Joinder to Removal)(Wallace, John) (Entered: 03/03/2010) |
| 03/03/2010 | 17 | Certificate of Service Via U.S. Mail on Plaintiff's Attorney Re: Air & Liquid Systems Corp's Joinder to Removal filed by Defendant Air & Liquid Systems Corporation re: Notice (Other) 16 (Wallace, John) (Entered: 03/03/2010) |
| 03/04/2010 | 18 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 15 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and or no copies. Other error(s) with document(s): After the event to to be used is : Certificate/Notice of Interested Parties under NOTICES. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 03/04/2010) |

| 03/05/2010 | [19](#) | ANSWER *CBS Corporation* filed by Defendant CBS Corporation.(Jamison, Kevin) (Entered: 03/05/2010) |
| 03/05/2010 | [20](#) | *Certificate of Interested Parties* Certificate of Interested Parties filed by Defendant CBS Corporation, identifying National Amusements, Inc.. (Jamison, Kevin) (Entered: 03/05/2010) |
| 03/05/2010 | [21](#) | NOTICE of Related Case(s) filed by Defendant CBS Corporation. *Notice of Related Cases* (Jamison, Kevin) (Entered: 03/05/2010) |
| 03/05/2010 | [22](#) | EXHIBITS TO JOINDER TO NOTICE OF REMOVAL [16](#) filed by Defendant Air & Liquid Systems Corporation. (esa) (Entered: 03/08/2010) |
| 03/15/2010 | [23](#) | AMENDED ANSWER *to Complaint for Personal Injury Asbestos* filed by Defendant CBS Corporation. (Jamison, Kevin) (Entered: 03/15/2010) |
| 03/15/2010 | [24](#) | JOINT REPORT Rule 26(f) Discovery Plan *and Request for Continuance of Scheduling Conference* ; estimated length of trial 15 court days, filed by Plaintiffs Martha Morgan, Michael Eugene Morgan.. (Barrow, Brian) (Entered: 03/15/2010) |
| 03/17/2010 | [25](#) | ORDER RE: NOTICE TO COUNSEL by Judge Manuel L. Real, (pj) (Entered: 03/18/2010) |
| 03/17/2010 | [26](#) | MINUTES OF IN CHAMBERS ORDER held before Judge Manuel L. Real: This case has recently been transferred from the docket of Judge Fairbank to that of Judge Real.The Scheduling Conference set by Judge Fairbank onMarch 29, 2010 at 8:30 a.m. is hereby VACATED andtaken off calendar.The Court will set dates in accordance with its Order reNotice to Counsel. (pj) (Entered: 03/18/2010) |
| 03/29/2010 | [27](#) | CONDITIONAL TRANSFER ORDER (CTO-331) from the Judicial Panel on Multidistrict re In Re: Asbestos Products Liability Litigation (No. VI) MDL 875, transferring case to USDC Eastern District Pennsylvania assigned to the Honorable Eduardo C Robreno. By Jeffrey N Luthi Clerk of the MDL Panel(MD JS-6. Case Terminated.), (pj) (Entered: 03/30/2010) |
| 03/30/2010 | [28](#) | TRANSMITTAL LETTER MDL CASE TRANSFER OUT. Eastern District of Pennsylvania does not require to forward any of the record or any documents to heir court at this time. They will extract our case through Pacer. (Attachments: # [1](#) Letter) (pj) (Entered: 03/30/2010) |
| 04/02/2010 | [29](#) | Notice of Interested Parties filed by Defendant Fryer-Knowles Inc, (Karatov, Michael) (Entered: 04/02/2010) |
| 04/02/2010 | [30](#) | NOTICE of Filing State Court Answer filed by defendant Fryer-Knowles Inc. (Karatov, Michael) (Entered: 04/02/2010) |
| 04/02/2010 | [31](#) | PROOF OF SERVICE filed by defendant Fryer-Knowles Inc, re Certificate/Notice of Interested Parties [29](#) , Notice (Other) [30](#) served on 04/02/10. (Karatov, Michael) (Entered: 04/02/2010) |
| 04/08/2010 | [32](#) | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Proof of Service (subsequent documents) [31](#) . The following error(s) was found: Title page is missing. See L.R. 11-3.8. The document is accepted as filed. Counsel is to take notice of the CM/ECF procedures. Any future document will be stricken for failure to |

follow the procedures. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lra) (Entered: 04/08/2010)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/09/2010 12:11:54 | | | |
| PACER Login: | fm1158 | Client Code: | 8027-0049 |
| Description: | Docket Report | Search Criteria: | 2:10-cv-01192-R-VBK End date: 12/9/2010 |
| Billable Pages: | 6 | Cost: | 0.48 |

1  RON C. EDDINS, CA Bar No. 243581
JENNIFER L. BARTLETT, CA Bar No. 183154
2  JORDAN BLUMFIELD-JAMES, CA Bar No. 235185
TYSON B. GAMBLE, CA Bar No. 266677
3  **SIMON, EDDINS & GREENSTONE, LLP**
301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
Telephone (562) 590-3400
5  Facsimile (562) 590-3412
Attorneys for Plaintiffs
6
7
8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                     FOR THE COUNTY OF LOS ANGELES    B C 4 3 0 6 7 2
10
11  **MICHAEL EUGENE MORGAN and**          )   Case No.
**MARTHA MORGAN**                          )
12                                         )   THIS ACTION CONSTITUTES COMPLEX
13                     Plaintiffs,         )   ASBESTOS LITIGATION – SUBJECT TO THE
                                           )   GENERAL ORDERS CONTAINED IN FILE NO.
14           vs.                           )   C 700000 – DEPT. 59
                                           )
15  **AIR & LIQUID SYSTEMS**               )   **COMPLAINT FOR PERSONAL INJURY –**
**CORPORATION** (sued as successor-by-     )   **ASBESTOS (NEGLIGENCE; STRICT**
16  merger to BUFFALO PUMPS, INC.);        )   **LIABILITY; LOSS OF CONSORTIUM)**
**CBS CORPORATION f/k/a VIACOM,**          )
17  **INC.** (sued as successor-by-merger to CBS )
CORPORATION f/k/a WESTINGHOUSE            )
18  ELECTRIC CORPORATION and also as       )
successor-in-interest to BF                )
19  STURTEVANT);                           )
**ELLIOTT TURBO MACHINERY**               )
20  **COMPANY a/k/a ELLIOTT**              )
**COMPANY;**                               )
21  **FOSTER WHEELER ENERGY**             )
**CORPORATION;**                           )
22  **FRYER-KNOWLES, INC.;**              )
**GENERAL ELECTRIC COMPANY;**             )
23  **LESLIE CONTROLS, INC.;**            )
**VIAD CORPORATION f/k/a THE DIAL**       )
24  CORPORATION (sued individually and as  )
successor-in-interest to GRISCOM-         )
25  RUSSELL COMPANY);                      )
**and JOHN DOES 1-450**                   )
26                                         )
27                     Defendants.         )
28

1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

JAN 27 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

GENERAL ALLEGATIONS

COME NOW Plaintiffs **MICHAEL EUGENE MORGAN** and **MARTHA MORGAN** (hereinafter "Plaintiffs") and complain and allege as follows:

1.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **AIR & LIQUID SYSTEMS CORPORATION** (*sued as successor-by-merger to BUFFALO PUMPS, INC.*); **CBS CORPORATION f/k/a VIACOM, INC.** (*sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION*); **ELLIOTT TURBO MACHINERY COMPANY a/k/a ELLIOTT COMPANY; FOSTER WHEELER ENERGY CORPORATION; FRYER-KNOWLES, INC.; GENERAL ELECTRIC COMPANY; LESLIE CONTROLS, INC.; VIAD CORPORATION f/k/a THE DIAL CORPORATION** (*sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY*), and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and

2

are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

3.    Plaintiffs allege herein that Plaintiff MICHAEL EUGENE MORGAN developed malignant mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **AIR & LIQUID SYSTEMS CORPORATION** (*sued as successor-by-merger to BUFFALO PUMPS, INC.)* (for Buffalo pumps); **CBS CORPORATION f/k/a VIACOM, INC.** *(sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT)* (for Westinghouse turbines, condensers, air ejectors and pumps, and BF Sturtevant pumps and forced draft blowers); **ELLIOTT TURBO MACHINERY COMPANY a/k/a ELLIOTT COMPANY** (deaerating feed systems and engines); **FOSTER WHEELER ENERGY CORPORATION** (for super heaters and condensers); **FRYER-KNOWLES, INC.** (flooring/decking contractor); **GENERAL ELECTRIC COMPANY** (for turbines, engines and ship's service generators); **LESLIE CONTROLS, INC.** (for valves); and **VIAD CORPORATION f/k/a THE DIAL CORPORATION** *(sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY)* (for Griscom-Russell distilling plants, fuel oil heaters and oil coolers)

4.    Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any defendant acting under

3

1  the authority of a federal officer or agency.

2

3                           FIRST CAUSE OF ACTION

4                                (Negligence)

5       PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE

6  ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE
   ALLEGE AS FOLLOWS:

7

8       5.      Plaintiffs incorporate herein by reference, as though fully set forth therein, the general

9  allegations set forth above.

10      6.      At all times herein mentioned, each of the named Defendants and DOES 1 through 450

11  was the successor, successor-in-business, successor-in-product line or a portion thereof, parent,

12  subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

13  researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

14  distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

15  contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

16  packaging and advertising asbestos, and products containing asbestos, including but not limited to,

17  those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called

18  "alternate entities."  Each of the herein named Defendants is liable for the tortious conduct of each

19  successor, successor-in-business, successor-in-product line or a portion thereof, assign, predecessor in

20  product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

21  owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing,

22  warranted, re-branded, manufactured for others and advertised asbestos, products containing asbestos.

23  The following Defendants, and each of them, are liable for the acts of each and every "alternate

24  entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each

25  such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a

26  portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the

27

28                                          4

1  destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the

2  ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant

3  enjoys the goodwill originally attached to each such "alternate entity".

4

5  **DEFENDANT**                              **ALTERNATE ENTITY**

6

   AIR AND LIQUID SYSTEMS CORPORATION    BUFFALO PUMPS, INC.
7
   CBS CORPORATION                       VIACOM INC.
8                                        WESTINGHOUSE ELECTRIC CORPORATION
                                         BF STURTEVANT
9                                        VIACOM INTERNATIONAL, INC.
                                         VIACOM PLUS
10
   ELLIOTT TURBOMACHINERY COMPANY        ELLIOTT COMPANY
11
12 FOSTER WHEELER ENERGY CORPORATION    FOSTER WHEELER BOILER CORPORATION
                                        FOSTER WHEELER CONTRACTORS, INC.
13                                      FOSTER WHEELER CORPORATION
                                        FOSTER WHEELER DEVELOPMENT CORP.
14                                      FOSTER WHEELER ENERGY RESOURCES
                                        INC.
15                                      FOSTER WHEELER ENERGY SERVICES,
                                        INC.
16                                      FOSTER WHEELER ENVIRESPONSE, INC.
                                        FOSTER WHEELER ENVIRONMENTAL
17                                        CORPORATION
                                        FOSTER WHEELER POWER GROUP, INC.
18                                      FOSTER WHEELER POWER SYSTEMS, INC.
                                        FOSTER WHEELER PYROPOWER, INC.
19                                      FOSTER WHEELER REALTY SERVICES,
                                        INC.
20                                      FOSTER WHEELER USA CORPORATION
21 GENERAL ELECTRIC COMPANY             GENERAL ELECTRIC BROADCASTING
                                         COMPANY, INC.
22                                      GENERAL ELECTRIC CAPITAL
                                         ASSURANCE COMPANY
23                                      GENERAL ELECTRIC PROFESSIONAL
                                         SERVICES COMPANY
24                                      GENERAL ELECTRIC TRADING COMPANY
25
   LESLIE CONTROLS, INC.                CIRCOR INTERNATIONAL, INC.
26                                      KIELEY & MUELLER, INC.
27
   VIAD CORPORATION                     THE DIAL CORPORATION
28                                      GRISCOM-RUSSELL COMPANY

5

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)**

1

2        7.      At all times herein mentioned, Defendants, their "alternate entities", and each of them,

3   were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying,

4   labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting,

5   servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding,

6   manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter

7   Defendants' Products).

8        8.      At all times herein mentioned, Defendants, their "alternate entities", and each of them,

9   singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified,

10  designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the

11  health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold,

12  inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded,

13  manufactured for others, packaged, and advertised Defendants' Products, including but not limited to

14  those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably

15  dangerous because they released respirable asbestos fibers which resulted in personal injuries to users,

16  consumers, workers, bystanders, and others, including Plaintiff MICHAEL EUGENE MORGAN herein

17  (hereinafter collectively called "exposed person"). Said products were used at all times in a manner that

18  was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering

19  said products unsafe and dangerous for use by "exposed person". Plaintiffs herein allege that

20  MICHAEL EUGENE MORGAN was exposed to Defendants' Products, including but not limited to

21  those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or

22  "Defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the

23  development of his malignant mesothelioma, and therefore proximately caused Plaintiff MICHAEL

24  EUGENE MORGAN's injuries.

25       9.      Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable

26  care while engaging in the activities mentioned above and each Defendants breached said duty of

27  reasonable care in that Defendants, and each of them, failed to safely and adequately design,

28  manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the

6

1  hazards of said products; failed to warn "exposed person", including Plaintiff MICHAEL EUGENE

2  MORGAN, of the health hazards of using Defendants' products; failed to disclose the known or

3  knowable dangers of using Defendants' products; failed to obtain suitable alternative materials to

4  asbestos when such alternatives were available; and as otherwise stated herein.

5       10.   The Defendants' products were and are hazardous to the health and safety of Plaintiff,

6  and others in Plaintiff's position working with and in close proximity to such products, and since on or

7  before 1930, the hazards and dangerous propensities of the Defendants' products were both known and

8  knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

9  and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of

10  them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

11  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

12  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

13  others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

14  propensities of asbestos presented a substantial danger to users, including Plaintiff, MICHAEL

15  EUGENE MORGAN, of Defendants' Products through the intended and reasonably foreseeable use of

16  those products.

17       11.   Defendants, their "alternate entities", and each of them, knew, or reasonably should have

18  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

19  intended and reasonably foreseeable manner.

20       12.   Defendants, their "alternate entities", and each of them, knew, or reasonably should have

21  known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,

22  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed

23  in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and

24  dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff

25  MICHAEL EUGENE MORGAN herein, would be exposed to said hazardous and dangerous asbestos

26  fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have known

27  that users, such as Plaintiff MICHAEL EUGENE MORGAN and others in his position, working with

28  and in close proximity to Defendants' Products would not realize or know the danger. Defendants, their

7

1   "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of

2   the products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under

3   the same or similar circumstances, would have warned of the dangers to avoid exposing others to a

4   foreseeable risk of harm. The negligent failure of Defendants, their "alternate entities," and each of

5   them to warn was a substantial factor in causing harm to Plaintiff MICHAEL EUGENE MORGAN.

6        13.    Plaintiff MICHAEL EUGENE MORGAN used, handled, or was otherwise exposed to

7   asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to

8   Defendants and each of them. Plaintiff's exposure to Defendants' Products occurred at various locations

9   set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

10        14.    As a direct and proximate result of the conduct of the Defendants, their "alternate

11   entities", and each of them, as aforesaid, Plaintiff MICHAEL EUGENE MORGAN's exposure to

12   asbestos from use of Defendants' Products caused severe and permanent injury to the Plaintiff, the

13   nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were

14   attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached hereto

15   and incorporated by reference herein. Plaintiffs are informed and believe, and thereon allege, that

16   progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers

17   without perceptible trauma and that said disease results from exposure to Defendants' Products over a

18   period of time.

19        15.    Plaintiff MICHAEL EUGENE MORGAN suffers from malignant pleural mesothelioma,

20   caused by exposure to asbestos from Defendants' Products including those products identified in

21   paragraph 3 above. Plaintiff MICHAEL EUGENE MORGAN was not aware at the time of exposure

22   that Defendants' Products presented any risk of injury and/or disease.

23        16.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

24   entities," and each of them, Plaintiff MICHAEL EUGENE MORGAN has suffered and will continue to

25   suffer permanent injuries and future injuries to his person, body and health, including, but not limited to,

26   pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and

27   other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's

28   malignant mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional

8

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)**

1   limit of a limited civil case.

2       17.   As a direct and proximate result of the aforesaid conduct of the Defendants, their

3   "alternate entities", and each of them, Plaintiff MICHAEL EUGENE MORGAN has incurred, is

4   presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care,

5   medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being

6   presently unknown to Plaintiffs, subject to proof at trial.

7       18.   As a further direct and proximate result of the said conduct of the Defendants, their

8   "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

9   profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

10  exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

11      19.   Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

12  engaged in the following wrongful acts:

13      (a)   Defendants, their "alternate entities", and each of them, suppressed from all consumers,

14  including Plaintiff MICHAEL EUGENE MORGAN, medical and scientific information concerning the

15  health hazards associated with inhalation of asbestos, including the substantial risk of injury or death

16  therefrom.   Although Defendants, and each of them, knew of the substantial risks associated with

17  exposure to asbestos, they willfully and knowingly concealed such information from the users of their

18  asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

19  "exposed person", including Plaintiff MICHAEL EUGENE MORGAN.

20      (b)   Defendants, their "alternate entities", and each of them, belonged to, participated in, and

21  financially supported industry organizations, including but not limited to the Gypsum Association,

22  Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

23  of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

24  information about the dangers of asbestos to users of the aforementioned products and materials, thereby

25  misleading Plaintiff MICHAEL EUGENE MORGAN as to the safety of their products.   Through their

26  participation and association with such industry organizations, Defendants and each of them knowingly

27  and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

28  propagated misinformation intended to instill in users of Defendants' Products a false security about the

9

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)**

safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff MICHAEL EUGENE MORGAN at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff MICHAEL EUGENE MORGAN and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff MICHAEL EUGENE MORGAN with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff MICHAEL EUGENE MORGAN and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that

10

1    Plaintiff MICHAEL EUGENE MORGAN and anyone similarly situated, upon inhalation of asbestos

2    would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis,

3    asbestosis, mesothelioma and/or cancer;

4         (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

5    the true nature of the hazards of asbestos materials and that exposure to these material would cause

6    pathological effects without noticeable trauma to the public, including buyers, users, and physicians

7    employed by Plaintiff MICHAEL EUGENE MORGAN so that said physicians could not examine,

8    diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants,

9    their "alternate entities", and each of them, were under a duty to so inform and said failure was

10   misleading.

11        20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

12   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

13   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

14   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

15   them, and each Defendant's officers, directors, and managing agents participated in, authorized,

16   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

17   their "alternate entities" as set forth herein.

18        21.    The herein-described conduct of said Defendants, their "alternate entities", and each of

19   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

20   to the safety and health of "exposed person," including Plaintiff MICHAEL EUGENE MORGAN, in

21   that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products

22   known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial

23   hazards posed by use of their products, in order to continue to profit financially therefrom.  Defendants,

24   their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base,

25   vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

26   justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,

27   for the sake of example and by way of punishing said Defendants, seek punitive damages according to

28   proof.

11

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)**

22.    Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff MICHAEL EUGENE MORGAN.

23.    Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff MICHAEL EUGENE MORGAN, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

24.    As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff MICHAEL EUGENE MORGAN sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

25.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

26.    Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, MICHAEL EUGENE MORGAN, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff MICHAEL EUGENE MORGAN and others in Plaintiff's position working with and in close proximity to such products.

27.    Defendants' Products were defective and unsafe for their intended purpose and

12

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1  foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

2  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed,

3  said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos

4  fibers by exposed person, including Plaintiff MICHAEL EUGENE MORGAN. The defect existed in all

5  of said products when they left the possession of the Defendants, their "alternate entities," and each of

6  them.    At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position

7  working with and in close proximity to such products, the products were substantially the same as when

8  they left the possession of the Defendants, their "alternate entities," and each of them and/or any

9  changes made to the products after they left the possession of Defendants, their "alternate entities", and

10  each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them.

11  Defendants' asbestos and asbestos products were used by Plaintiff MICHAEL EUGENE MORGAN,

12  and others in Plaintiff's position working with and in close proximity to such products, in a way that was

13  reasonably foreseeable to Defendants, and each of them.  The defect in said products was a substantial

14  factor in causing harm and personal injuries to Plaintiff MICHAEL EUGENE MORGAN, including

15  malignant mesothelioma, while being used in a reasonably foreseeable manner, thereby rendering said

16  products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

17         28.     As a direct and proximate result of the actions and conduct outlined herein, Defendants'

18  Products failed to perform as safely as an ordinary consumer would have expected in that Defendants'

19  products, and each of them, during their ordinary and intended use, and such hazardous exposures

20  lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including

21  asbestosis, lung cancer, mesothelioma and other cancers in humans.   Plaintiffs further allege that

22  "exposed person", including Plaintiff MICHAEL EUGENE MORGAN, were unaware of the harmful

23  effects of asbestos and further unaware of the harmful exposures to Defendants' Products when such

24  exposures occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff

25  MICHAEL EUGENE MORGAN had reason to expect was a substantial factor in causing his injuries.

26         29.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

27  MICHAEL EUGENE MORGAN has suffered the injuries and damages alleged herein.

28         30.     Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

13

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)**

1    engaged in the following wrongful acts:

2    (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

3    including Plaintiff MICHAEL EUGENE MORGAN, medical and scientific information concerning the

4    health hazards associated with inhalation of asbestos, including the substantial risk of injury or death

5    therefrom. Although Defendants, and each of them, knew of the substantial risks associated with

6    exposure to asbestos, they willfully and knowingly concealed such information from the users of their

7    asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

8    "exposed person", including Plaintiff MICHAEL EUGENE MORGAN.

9    (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

10   financially supported industry organizations, including but not limited to the Gypsum Association,

11   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

12   of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

13   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

14   misleading Plaintiff MICHAEL EUGENE MORGAN as to the safety of their products. Through their

15   participation and association with such industry organizations, Defendants and each of them knowingly

16   and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

17   propagated misinformation intended to instill in users of Defendants' Products a false security about the

18   safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene

19   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

20   control. Discussions in this committee were held many times regarding the dangers inherent in asbestos

21   and the dangers, which arise from the lack of control of dust, and such information was suppressed from

22   public dissemination from 1946 to a date unknown to Plaintiff MICHAEL EUGENE MORGAN at this

23   time;

24   (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

25   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

26   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

27   medical and scientific information of the connection between the inhalation of asbestos fibers and

28   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

14

1   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

2   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

3   this information to consumers;

4       (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

5   MICHAEL EUGENE MORGAN and others of the nature of said materials which were dangerous when

6   breathed and which could cause pathological effects without noticeable trauma, despite the fact that

7   Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to

8   disclose that said materials were dangerous and a threat to the health of persons coming into contact

9   therewith;

10       (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

11   MICHAEL EUGENE MORGAN with information concerning adequate protective masks and other

12   equipment devised to be used when applying, mixing, installing and sanding the products of the

13   Defendants, their "alternate entities", and each of them, despite knowing that such protective measures

14   were necessary, and that they were under a duty to disclose that such materials were dangerous and

15   would result in injury to Plaintiff MICHAEL EUGENE MORGAN and others applying and installing

16   such material;

17       (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that

18   Plaintiff MICHAEL EUGENE MORGAN and anyone similarly situated, upon inhalation of asbestos

19   would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis,

20   asbestosis, mesothelioma and/or cancer;

21       (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

22   the true nature of the hazards of asbestos materials and that exposure to these material would cause

23   pathological effects without noticeable trauma to the public, including buyers, users, and physicians

24   employed by Plaintiff MICHAEL EUGENE MORGAN so that said physicians could not examine,

25   diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants,

26   their "alternate entities", and each of them, were under a duty to so inform and said failure was

27   misleading; and

28       31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

1  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

2  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

3  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

4  them, and each Defendant's officers, directors, and managing agents participated in, authorized,

5  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

6  their "alternate entities" as set forth herein.

7      32.    The herein-described conduct of said Defendants, their "alternate entities", and each of

8  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

9  to the safety and health of "exposed person," including Plaintiff MICHAEL EUGENE MORGAN, in

10  that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products

11  known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial

12  hazards posed by use of their products, in order to continue to profit financially therefrom.  Defendants,

13  their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base,

14  vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

15  justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,

16  for the sake of example and by way of punishing said Defendants, seek punitive damages according to

17  proof.

18      33.    Defendants and each of them engaged in conduct which was intended by Defendants and

19  each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

20  Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

21  MICHAEL EUGENE MORGAN.

22      34.    Defendants, and each of them, engaged in the despicable conduct described herein that

23  subjected persons, including Plaintiff MICHAEL EUGENE MORGAN, to cruel and unjust hardship in

24  the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in

25  conscious disregard of those persons' rights.

26      35.    As a direct and proximate result of such intentional conduct by Defendants, their

27  "alternate entities" and each of them, Plaintiff MICHAEL EUGENE MORGAN sustained the injuries

28  and damages alleged herein.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1    WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities",

2    and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Loss of Consortium)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION
FOR LOSS OF CONSORTIUM, PLAINTIFF MARTHA MORGAN COMPLAINS OF
DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND
ALLEGES AS FOLLOWS:

40.    Plaintiff MARTHA MORGAN incorporates by reference, each and every allegation

contained in the general allegations and in the First, Second and Third Causes of Action herein.

41.    Plaintiffs MICHAEL EUGENE MORGAN and MARTHA MORGAN were married on

December 10, 1965, and at all times relevant to this action were, and are now, husband and wife.

42.    Prior to Plaintiff MICHAEL EUGENE MORGAN's injuries as alleged, he was able and

did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, Plaintiff

MICHAEL EUGENE MORGAN has been unable to perform the necessary duties as a spouse and the

work and services usually performed in the care, maintenance, and management of the family home, and

he will be unable to perform such work, service and duties in the future.  As a proximate result thereof,

MARTHA MORGAN has been permanently deprived and will be deprived of the consortium of her

spouse, including the performance of duties, all to her damages, in an amount presently unknown but

which will be proved at the time of trial.

43.    Plaintiff MARTHA MORGAN's discovery of this cause of her loss of consortium, as

herein alleged, first occurred within one year of the date this Complaint was filed.

44.    As a direct and proximate result of the acts of Defendants, their "alternate entities", and

each of them, and the severe injuries caused thereby to Plaintiff MICHAEL EUGENE MORGAN as set

forth in this complaint, Plaintiff MARTHA MORGAN has suffered, and for a long period of time will

continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations,

society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and

emotional distress and general nervousness as a result thereof.

44.    WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities",

17

1  and each of them, in an amount to be proved at trial in each individual case, as follows:

2        Plaintiff MICHAEL EUGENE MORGAN:

3        1.    For Plaintiff's general damages according to proof;

4        2.    For Plaintiff's loss of income, wages, and earning potential according to proof;

5        3.    For Plaintiff's medical and related expenses according to proof;

6        Plaintiff MARTHA MORGAN:

7        4.    For Plaintiff's damages for loss of consortium and/or society according to proof;

8        Plaintiffs MICHAEL EUGENE MORGAN and MARTHA MORGAN:

9        5.    For Plaintiffs' cost of suit herein;

10        6.    For exemplary or punitive damages according to proof;

11        7.    For such other and further relief as the Court may deem just and proper, including

12  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

13  provisions of law.

14  DATED: January 27, 2010          **SIMON, EDDINS & GREENSTONE, LLP**

15

16              By:

17              JENNIFER L. BARTLETT
            JORDAN BLUMFELD-JAMES

18              TYSON B. GAMBLE
            Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1

## DEMAND FOR JURY TRIAL

2
Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4   DATED: January 27, 2010                    **SIMON, EDDINS & GREENSTONE, LLP**

5

6                                              By: _____

7                                              JENNIFER L. BARTLETT
                                               JORDAN BLUMFELD-JAMES
                                               TYSON B. GAMBLE
8                                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

1

## EXHIBIT "A"

2     Plaintiff MICHAEL EUGENE MORGAN's exposure to asbestos and asbestos-containing

3 products occurred at various locations within the State of California, including, but not limited to:

4

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| US Navy | USS Essex (CVA-9)<br>US Naval Station San Diego, CA<br>Hunters Point Naval Shipyard,<br>San Francisco, CA<br>Puget Sound Naval Shipyard,<br>Bremerton, WA | Boiler Tender, Plumber | 1954-1957 |
| US Navy Reserves | USS Bushnell (AS-15)<br>USS Tutila (ARG-4) | Boiler Tender, Plumber | 1957-1981<br>(intermittently) |
| Center for Disease<br>Control (CDC) | Atlanta, GA | Boiler Operator | 1966-1993 |

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EXHIBIT "B"

Plaintiff MICHAEL EUGENE MORGAN's exposure to Defendants' Products caused severe and permanent injury to Plaintiff MICHAEL EUGENE MORGAN including, but not limited to, mesothelioma.  Plaintiff was diagnosed with mesothelioma on or about October 22, 2009.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)