(VBKx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:10-cv-01191-R-VBK

Ronald Alvin Geist v. Air & Liquid Systems Corporation et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Case in other court: Superior Court of CA County of Los
                     Angeles, BC430412
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 02/17/2010
Date Terminated: 03/29/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Ronald Alvin Geist**                   represented by   **Jennifer L Bartlett**
                                                          Simon Eddins and Greenstone LLP
                                                          301 E Ocean Blvd Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Robert Allen Green**
                                                          Simon Eddins & Greenstone LLP
                                                          301 East Ocean Boulevard Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          Email: rgreen@seglaw.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ronald Cary Eddins**
                                                          Simon Eddins and Greenstone LLP
                                                          301 East Ocean Blvd Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412
                                                          Email: reddins@seglaw.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stuart J Purdy**
                                                          Simon Eddins and Greenstone LLP
                                                          301 East Ocean Boulevard Suite 1950
                                                          Long Beach, CA 90802
                                                          562-590-3400
                                                          Fax: 562-590-3412

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**          represented by   **Julie A Torres**
*(sued as successor-by-merger to Buffalo*                       Jackson and Wallace LLP
*Pumps Inc)*                                                    55 Francisco Street 6th Floor
                                                               San Francisco, CA 94133
                                                               415-982-6300
                                                               Fax: 415-982-6700
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Nicole Brown Yuen**
                                                               Jackson & Wallace LLP
                                                               55 Francisco Street 6th Floor
                                                               San Francisco, CA 94133
                                                               415-982-6300
                                                               Fax: 415-982-6700
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**                           represented by   **Kevin D Jamison**
*formerly known as*                                            Pond North LLP
Viacom Inc (sued as sucessor-by-merger to                      350 South Grand Avenue Suite 3300
CBS Corporation fka Westinghouse                               Los Angeles, CA 90071
Electric Corporation and also as successor-                    213-617-7170
in-interest to BF Sturtevant)                                  Fax: 213-623-3594
                                                               Email: kjamison@pondnorth.com
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Elliott Turbo Machinery Company**
*also known as*
Elliott Company

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Fryer-Knowles Inc**                         represented by   **Michael Karatov**
                                                               Connor and Bishop
                                                               44Montgomery Street Suite 1750
                                                               San Francisco, CA 94104
                                                               415-434-3006
                                                               Email: mkaratov@connbish.com
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**                    represented by   **Charles T Sheldon**
                                                                 Sedgwick Detert Moran and Arnold
                                                                 Steuart Tower
                                                                 One Market Plaza 8th Floor
                                                                 San Francisco, CA 94105
                                                                 415-781-7900
                                                                 Fax: 415-781-2635
                                                                 Email: charles.sheldon@sdma.com
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Derek S Johnson**
                                                                 Sedgwick Detert Moran & Arnold LLP
                                                                 Steuart Tower 18th Floor
                                                                 One Market Plaza
                                                                 San Francisco, CA 94105
                                                                 415-781-7900
                                                                 Fax: 415-781-2635
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Katherine Paige Gardiner**
                                                                 Sedgwick Detert Moran and Arnold
                                                                 Steuart Tower
                                                                 One Market Plaza 8th Floor
                                                                 San Francisco, CA 94105
                                                                 415-781-7900
                                                                 Fax: 415-781-2635
                                                                 Email: katherine.gardiner@sdma.com
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Leslie Controls Inc**                         represented by   **Glen R Powell**
                                                                 Gordon & Rees LLP
                                                                 275 Battery Street Suite 2000
                                                                 San Francisco, CA 94111
                                                                 415-986-5900
                                                                 Fax: 415-986-8054
                                                                 Email: gpowell@gordonrees.com
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corporation**                            represented by   **Peter B Langbord**
*formerly known as*                                              Foley & Mansfield PLLP
The Dial Corporation (sued individually                          300 South Grand Avenue Suite 2800
and as successor-in-interest to Griscom-                         Los Angeles, CA 90071
Russell Company)                                                 213-283-2100
                                                                 Fax: 213-283-2101
                                                                 Email: plangbord@foleymansfield.com
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-450 inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/17/2010 | 1 | NOTICE OF REMOVAL from the Superior Court of CA, County of Los Angeles, case number BC430412 with CONFORMED copies of summons and complaint.Case assigned to Judge George H. King, discovery to Magistrate Judge John E McDermott; (Filing fee $ 350 PAID ); filed by defendant Viad Corporation.(esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | | CONFORMED COPY OF ANSWER TO COMPLAINT filed in Superior Court of CA on 2/5/10 (see Exhibit D of Notice of Removal, 1 ) filed by defendant Viad Corporation.(esa) (Entered: 02/18/2010) |
| 02/17/2010 | 2 | CERTIFICATE AND NOTICE OF INTERESTED PARTIES filed by defendant Viad Corporation. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 3 | NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT filed by defendant Viad Corporation. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 4 | NOTICE OF RELATED CASES filed by defendant Viad Corporation. Related Cases: CV 07-8338 VBF (RCx); CV 08-0118 R (JTLx); CV 08-0248 R (PLAx); (SEE DOCUMENT FOR MORE) (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 5 | NOTICE OF TAG-ALONG ACTION filed by defendant Viad Corporation. (esa) (ds). (Entered: 02/18/2010) |
| 02/17/2010 | 6 | CERTIFICATE OF SERVICE OF DOCUMENTS filed by defendant Viad Corporation, served on 2/17/10. (esa) (ds). (Entered: 02/18/2010) |
| 02/25/2010 | 7 | JOINDER filed by Defendant Leslie Controls Inc joining in Notice of Removal, 1 . (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8)(Powell, Glen) (Entered: 02/25/2010) |
| 02/25/2010 | 8 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case- filed. Related Case No: CV 07-02241 R (JTLx). Case transferred from Judge George H. King and Magistrate Judge John E. McDermott to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 10-01191 R (VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 02/25/2010) |
| 02/25/2010 | 9 | ANSWERJURY DEMAND. *Answer with Affirmative Defenses to Plaintiff's Complaint for Personal Injury* filed by defendant Leslie Controls Inc.(Powell, Glen) (Entered: 02/25/2010) |
| 02/26/2010 | 10 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Complaint by Leslie Controls Inc. 9 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and or no copies. Other error(s) with document(s): After the event to to be used is : Certificate/Notice of Interested Parties under NOTICES. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as |

| | | |
|---|---|---|
| | | the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 02/26/2010) |
| 03/01/2010 | 11 | NOTICE Joinder to Notice of Removal filed by Defendant Air & Liquid Systems Corporation. (Attachments: # 1 Exhibit Notice of Manual Filing of Exhibits to Notice of Joinder to Removal)(Wallace, John) (Entered: 03/01/2010) |
| 03/01/2010 | 12 | Certificate of Interested Parties filed by Defendant Leslie Controls Inc, identifying Columbia Casualty Insurance Company; Zurich International; Circor International; New Jersey Manufacturing. (Powell, Glen) (Entered: 03/01/2010) |
| 03/01/2010 | 13 | NOTICE of Refiling State Court Answer to Complaint for Damages filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 03/01/2010) |
| 03/01/2010 | 14 | ANSWER *to Complaint for Personal Injury - Asbestos - by Defendant CBS Corporation; Demand for Jury Trial* filed by defendant CBS Corporation.(Jamison, Kevin) (Entered: 03/01/2010) |
| 03/01/2010 | 15 | *Certification* of Interested Parties filed by Defendant CBS Corporation, identifying National Amusements, Inc.. (Jamison, Kevin) (Entered: 03/01/2010) |
| 03/01/2010 | 16 | NOTICE of Related Case(s) filed by Defendant CBS Corporation. (Jamison, Kevin) (Entered: 03/01/2010) |
| 03/01/2010 | 17 | EXHIBIT TO NOTICE OF JOINDER 11 TO NOTICE OF REMOVAL Filed filed by Defendant Air & Liquid Systems Corporation. (esa) (Entered: 03/02/2010) |
| 03/01/2010 | | CONFORMED COPY OF ANSWER to COMPLAINT, 1 filed by Defendant General Electric Company.(THIS DOCUMENT WAS FILED IN SUPERIOR COURT ON 2/9/10 WHICH IS NOW ATTACHED TO DOCUMENT NUMBER 13 AS EXHIBIT A)(pj) (Entered: 03/04/2010) |
| 03/04/2010 | 18 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 13 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and or no copies. Other error(s) with document(s): After the event to be used is : Certificate/Notice of Interested Parties under NOTICES. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 03/04/2010) |
| 03/15/2010 | 19 | AMENDED ANSWER *to Complaint for Personal Injury Asbestos* filed by Defendant CBS Corporation. (Jamison, Kevin) (Entered: 03/15/2010) |
| 03/29/2010 | 20 | CONDITIONAL TRANSFER ORDER (CTO-331) from the Judicial Panel on Multidistrict re In Re: Asbestos Products Liability Litigation (No. VI) MDL 875, transferring case to USDC Eastern District Pennsylvania assigned to the Honorable Eduardo C Robreno. By Jeffrey N Luthi Clerk of the MDL Panel. (MD JS-6. Case Terminated.), (pj) (Entered: 03/30/2010) |
| 03/30/2010 | 21 | TRANSMITTAL LETTER MDL CASE TRANSFER OUT. Eastern District of Pennsylvania does not require to forward any of the record or any documents to heir court at this time. They will extract our case through Pacer. (Attachments: # 1 Letter) (pj) (Entered: 03/30/2010) |
| | | |

| 03/31/2010 | 22 | ORDER RE: NOTICE TO COUNSEL by Judge Manuel L. Real, (bp) (Entered: 04/01/2010) |
|---|---|---|
| 04/02/2010 | 23 | NOTICE of Interested Parties filed by Defendant Fryer-Knowles Inc, (Karatov, Michael) (Entered: 04/02/2010) |
| 04/02/2010 | 24 | NOTICE of Filing State Court Answer filed by defendant Fryer-Knowles Inc. (Karatov, Michael) (Entered: 04/02/2010) |
| 04/02/2010 | 25 | OF SERVICE filed by defendant Fryer-Knowles Inc, re Notice (Other) 24 , Certificate/Notice of Interested Parties 23 served on 04/02/10. (Karatov, Michael) (Entered: 04/02/2010) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/09/2010 12:13:27 | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-01191-R-VBK End date: 12/9/2010 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

1    RON C. EDDINS, CA Bar No. 243581
     JENNIFER L. BARTLETT, CA Bar No. 183154
2    ROBERT A. GREEN, CA Bar No. 216116
     STUART J. PURDY, CA Bar No. 239878
3    **SIMON, EDDINS & GREENSTONE, LLP**
     301 E. Ocean Blvd., Ste. 1950
4    Long Beach, California 90802
     Telephone (562) 590-3400
5    Facsimile (562) 590-3412

6

7    Attorneys for Plaintiff

8

9             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF LOS ANGELES**

11

12    **RONALD ALVIN GEIST**

13                Plaintiff,

14             vs.

15

16    **AIR & LIQUID SYSTEMS**
     **CORPORATION** (sued as successor-by-
     merger to BUFFALO PUMPS, INC.);
17    **CBS CORPORATION f/k/a VIACOM,**
     **INC.** (sued as successor-by-merger to CBS
18    CORPORATIONf/k/a WESTINGHOUSE
     ELECTRIC CORPORATION and also as
19    successor-in-interest to BF
     STURTEVANT);
20    **ELLIOTT TURBO MACHINERY**
     **COMPANY a/k/a ELLIOTT**
21    **COMPANY;**
     **FOSTER WHEELER ENERGY**
22    **CORPORATION;**
     **FRYER-KNOWLES, INC.;**
23    **GENERAL ELECTRIC COMPANY;**
     **LESLIE CONTROLS, INC.;**
24
     **VIAD CORPORATION f/k/a THE DIAL**
25    **CORPORATION** (sued individually and as
     successor-in-interest to GRISCOM-
26    RUSSELL COMPANY);
     and **DOES 1-450** INCLUSIVE,
27
28               Defendants.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 25 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.El LaFLEUR-CLAYTON

Case No.  **BC430412**

THIS ACTION CONSTITUTES COMPLEX
ASBESTOS LITIGATION – SUBJECT TO THE
GENERAL ORDERS CONTAINED IN FILE NO.
C 700000 – DEPT. 59

**COMPLAINT FOR PERSONAL INJURY –
ASBESTOS (NEGLIGENCE and STRICT
LIABILITY)**

1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

<u>GENERAL ALLEGATIONS</u>

COMES NOW Plaintiff **RONALD ALVIN GEIST** (hereinafter "Plaintiff") and complains and alleges as follows:

1.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this complaint accordingly.   Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiff, as hereinafter alleged.

2.     At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants **AIR & LIQUID SYSTEMS CORPORATION** *(sued as successor-by-merger to BUFFALO PUMPS, INC.)*; **CBS CORPORATION f/k/a VIACOM, INC.** *(sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT)*; **ELLIOTT TURBO MACHINERY COMPANY a/k/a ELLIOTT COMPANY; FOSTER WHEELER ENERGY CORPORATION; FRYER-KNOWLES, INC.; GENERAL ELECTRIC COMPANY; LESLIE CONTROLS, INC.; VIAD CORPORATION f/k/a THE DIAL CORPORATION** *(sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY)*, and DOES 1-450 inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have

2

<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)</u>

1  regularly conducted business in the County of Los Angeles, State of California.

2        3.    Plaintiff alleges herein that Plaintiff RONALD ALAN GEIST developed malignant

3  mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing

4  products and/or products designed to be used in association with asbestos products ("Defendants'

5  Products"), including: **AIR & LIQUID SYSTEMS CORPORATION** *(sued as successor-by-merger*

6  *to BUFFALO PUMPS, INC.)* (for Buffalo pumps); **CBS CORPORATION f/k/a VIACOM, INC.**

7  *(sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC*

8  *CORPORATION and also as successor-in-interest to BF STURTEVANT)* (for Westinghouse blowers,

9  turbines, condensers, ejectors and pumps); **ELLIOTT TURBO MACHINERY COMPANY a/k/a**

10  **ELLIOTT COMPANY** (for deaerating feed systems); **FOSTER WHEELER ENERGY**

11  **CORPORATION** (for boilers and distilling plants); **FRYER-KNOWLES, INC.** (as a flooring and

12  decking contractor); **GENERAL ELECTRIC COMPANY** (for ship's services generators and

13  residential boilers and furnaces); **LESLIE CONTROLS, INC.** (for valves); and **VIAD**

14  **CORPORATION f/k/a THE DIAL CORPORATION** *(sued individually and as successor-in-*

15  *interest to GRISCOM-RUSSELL COMPANY)* (for Griscom-Russell distilling plants and fuel oil

16  heaters).

17        4.    Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise

18  to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. §

19  1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim

20  for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to

21  Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of

22  action or claim for recovery based on any exposure to asbestos caused by any defendant acting under

23  the authority of a federal officer or agency.

24

25  ### FIRST CAUSE OF ACTION

26  (Negligence)

27  PLAINTIFF COMPLAINS OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE
ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE

28  ALLEGE AS FOLLOWS:

3

5.     Plaintiff incorporates herein by reference, as though fully set forth therein, the general allegations set forth above.

6.     At all times herein mentioned, each of the named Defendants and DOES 1 through 450 was the successor, successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos, and products containing asbestos, including but not limited to, those products identified in paragraph 3 above. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor-in-business, successor-in-product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and advertised asbestos, products containing asbestos. The following Defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiff's remedy against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiff's remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant enjo ys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC. |
| CBS CORPORATION | VIACOM INC.<br>WESTINGHOUSE ELECTRIC CORPORATION<br>BF STURTEVANT<br>VIACOM INTERNATIONAL, INC.<br>VIACOM PLUS |

4

| | |
|---|---|
| ELLIOTT TURBOMACHINERY COMPANY | ELLIOTT COMPANY |
| FOSTER WHEELER ENERGY CORPORATION | FOSTER WHEELER BOILER CORPORATION<br>FOSTER WHEELER CONTRACTORS, INC.<br>FOSTER WHEELER CORPORATION<br>FOSTER WHEELER DEVELOPMENT CORP.<br>FOSTER WHEELER ENERGY RESOURCES INC.<br>FOSTER WHEELER ENERGY SERVICES, INC.<br>FOSTER WHEELER ENVIRESPONSE, INC.<br>FOSTER WHEELER ENVIRONMENTAL CORPORATION<br>FOSTER WHEELER POWER GROUP, INC.<br>FOSTER WHEELER POWER SYSTEMS, INC.<br>FOSTER WHEELER PYROPOWER, INC.<br>FOSTER WHEELER REALTY SERVICES, INC.<br>FOSTER WHEELER USA CORPORATION |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC.<br>GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY<br>GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY<br>GENERAL ELECTRIC TRADING COMPANY |
| LESLIE CONTROLS, INC. | CIRCOR INTERNATIONAL, INC.<br>KIELEY & MUELLER, INC. |
| VIAD CORPORATION | THE DIAL CORPORATION<br>GRISCOM-RUSSELL COMPANY |

7.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and/or asbestos products (hereinafter Defendants' Products).

8.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold,

5

1   inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded,

2   manufactured for others, packaged, and advertised Defendants' Products, including but not limited to

3   those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably

4   dangerous because they released respirable asbestos fibers which resulted in personal injuries to users,

5   consumers, workers, bystanders, and others, including Plaintiff RONALD ALVIN GEIST herein

6   (hereinafter collectively called "exposed person"). Said products were used at all times in a manner that

7   was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering

8   said products unsafe and dangerous for use by "exposed person". Plaintiff herein alleges that RONALD

9   ALVIN GEIST was exposed to Defendants' Products, including but not limited to those products

10  identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants'

11  asbestos and asbestos-containing products"), were a substantial contributing factor in the development

12  of his malignant mesothelioma, and therefore proximately caused Plaintiff RONALD ALVIN GEIST's

13  injuries.

14      9.      Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable

15  care while engaging in the activities mentioned above and each Defendants breached said duty of

16  reasonable care in that Defendants, and each of them, failed to safely and adequately design,

17  manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the

18  hazards of said products; failed to warn "exposed person", including Plaintiff RONALD ALVIN

19  GEIST, of the health hazards of using Defendants' products; failed to disclose the known or knowable

20  dangers of using Defendants' Products; failed to obtain suitable alternative materials to asbestos when

21  such alternatives were available; and as otherwise stated herein.

22      10.     The Defendants' products were and are hazardous to the health and safety of Plaintiff,

23  and others in Plaintiff's position working with and in close proximity to such products, and since on or

24  before 1930, the hazards and dangerous propensities of the Defendants' products were both known and

25  knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

26  and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of

27  them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

28  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

6

1  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for
2  others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous
3  propensities of asbestos presented a substantial danger to users, including Plaintiff, RONALD ALVIN
4  GEIST, of Defendants' Products through the intended and reasonably foreseeable use of those products.

5       11.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have
6  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their
7  intended and reasonably foreseeable manner.

8       12.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have
9  known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,
10  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed
11  in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and
12  dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff
13  RONALD ALVIN GEIST herein, would be exposed to said hazardous and dangerous asbestos fibers.
14  Defendants, their "alternate entities", and each of them, knew or reasonably should have known that
15  users, such as Plaintiff RONALD ALVIN GEIST and others in his position, working with and in close
16  proximity to Defendants' Products would not realize or know the danger. Defendants, their "alternate
17  entities," and each of them negligently failed to adequately warn or instruct of the dangers of the
18  products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the
19  same or similar circumstances, would have warned of the dangers to avoid exposing others to a
20  foreseeable risk of harm. The negligent failure of Defendants, their "alternate entities," and each of
21  them to warn was a substantial factor in causing harm to Plaintiff RONALD ALVIN GEIST.

22       13.    Plaintiff RONALD ALVIN GEIST used, handled, or was otherwise exposed to asbestos
23  from Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants
24  and each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in
25  **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

26       14.    As a direct and proximate result of the conduct of the Defendants, their "alternate
27  entities", and each of them, as aforesaid, Plaintiff RONALD ALVIN GEIST's exposure to asbestos from
28  use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which,

7

1   along with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to

2   exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached hereto and

3   incorporated by reference herein. Plaintiff is informed and believes, and thereon alleges, that

4   progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers

5   without perceptible trauma and that said disease results from exposure to Defendants' Products over a

6   period of time.

7        15.    Plaintiff RONALD ALVIN GEIST suffers from malignant pleural mesothelioma, caused

8   by exposure to asbestos from Defendants' Products, including those products identified in paragraph 3

9   above. Plaintiff RONALD ALVIN GEIST was not aware at the time of exposure that Defendants'

10   Products presented any risk of injury and/or disease.

11        16.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

12   entities," and each of them, Plaintiff RONALD ALVIN GEIST has suffered and will continue to suffer

13   permanent injuries and future injuries to his person, body and health, including, but not limited to, pain,

14   discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other

15   physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant

16   mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a

17   limited civil case.

18        17.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

19   "alternate entities", and each of them, Plaintiff RONALD ALVIN GEIST has incurred, is presently

20   incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine,

21   hospices, X-rays and other medical treatment, the true and exact amount thereof being presently

22   unknown to Plaintiff subject to proof at trial.

23        18.    As a further direct and proximate result of the said conduct of the Defendants, their

24   "alternate entities", and each of them, Plaintiff has incurred, and will incur, loss of income, wages,

25   profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

26   exact amount thereof being presently unknown to Plaintiff, subject to proof at trial.

27        19.    Plaintiff further alleges that Defendants, their "alternate entities", and each of them, also

28   engaged in the following wrongful acts:

8

(a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff RONALD ALVIN GEIST, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.   Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff RONALD ALVIN GEIST.

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff RONALD ALVIN GEIST as to the safety of their products.   Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products.   The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.   Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff RONALD ALVIN GEIST at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

9

this information to consumers;

(d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff RONALD ALVIN GEIST and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff RONALD ALVIN GEIST with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff RONALD ALVIN GEIST and others applying and installing such material;

(f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff RONALD ALVIN GEIST and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)    Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff RONALD ALVIN GEIST so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

20.    Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

**10**

their "alternate entities" as set forth herein.

21. The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff RONALD ALVIN GEIST, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiff, for the sake of example and by way of punishing said Defendants, seeks punitive damages according to proof.

22. Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiff, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff RONALD ALVIN GEIST.

23. Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff RONALD ALVIN GEIST, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

24. As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff RONALD ALVIN GEIST sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR

11

1    "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

2    25.    Plaintiff incorporates herein by reference, as though fully set forth therein, each and

3    every one of the general allegations and the allegations contained in the First Cause of Action herein.

4    26.    Defendants, their "alternate entities", and each of them, sold the aforementioned

5    Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and

6    risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

7    have been, and were not, recognized by ordinary consumers of the products, including Plaintiff,

8    RONALD ALVIN GEIST, and the lack of sufficient instructions and/or warnings was a substantial

9    factor in causing harm to Plaintiff RONALD ALVIN GEIST and others in Plaintiff's position working

10   with and in close proximity to such products.

11   27.    Defendants' Products were defective and unsafe for their intended purpose and

12   foreseeable use in that, when used, handled, repaired, maintained, overhauled, removed, chipped,

13   hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed, said products

14   would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by

15   exposed person, including Plaintiff RONALD ALVIN GEIST. The defect existed in all of said products

16   when they left the possession of the Defendants, their "alternate entities," and each of them. At the time

17   Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close

18   proximity to such products, the products were substantially the same as when they left the possession of

19   the Defendants, their "alternate entities," and each of them and/or any changes made to the products

20   after they left the possession of Defendants, their "alternate entities", and each of them were reasonably

21   foreseeable to Defendants, their "alternate entities", and each of them.  Defendants' asbestos and

22   asbestos products were used by Plaintiff RONALD ALVIN GEIST, and others in Plaintiff's position

23   working with and in close proximity to such products, in a way that was reasonably foreseeable to

24   Defendants, and each of them.  The defect in said products was a substantial factor in causing harm and

25   personal injuries to Plaintiff RONALD ALVIN GEIST, including malignant mesothelioma, while being

26   used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and

27   unreasonably dangerous for their ordinary and intended use.

28   28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1  Products failed to perform as safely as an ordinary consumer would have expected in that Defendants'
2  products, and each of them, during their ordinary and intended use, and such hazardous exposures
3  lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including
4  asbestosis, lung cancer, mesothelioma and other cancers in humans.  Plaintiff further alleges that
5  "exposed person", including Plaintiff RONALD ALVIN GEIST, was unaware of the harmful effects of
6  asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures
7  occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff RONALD
8  ALVIN GEIST had reason to expect was a substantial factor in causing his injuries.

9     29.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff
10  RONALD ALVIN GEIST has suffered the injuries and damages alleged herein.

11     30.    Plaintiff further alleges that Defendants, their "alternate entities", and each of them, also
12  engaged in the following wrongful acts:

13     (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,
14  including Plaintiff RONALD ALVIN GEIST, medical and scientific information concerning the health
15  hazards associated with inhalation of asbestos, including the substantial risk of injury or death
16  therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with
17  exposure to asbestos, they willfully and knowingly concealed such information from the users of their
18  asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of
19  "exposed person", including Plaintiff RONALD ALVIN GEIST.

20     (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and
21  financially supported industry organizations, including but not limited to the Gypsum Association,
22  Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf
23  of Defendants, their "alternate entities", and each of them, actively promoted the suppression of
24  information about the dangers of asbestos to users of the aforementioned products and materials, thereby
25  misleading Plaintiff RONALD ALVIN GEIST as to the safety of their products.  Through their
26  participation and association with such industry organizations, Defendants and each of them knowingly
27  and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and
28  propagated misinformation intended to instill in users of Defendants' Products a false security about the

13

safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff RONALD ALVIN GEIST at this time;

(c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff RONALD ALVIN GEIST and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff RONALD ALVIN GEIST with information concerning adequate protective masks and other equipment devised to be used when applying, mixinginstalling and sanding Defendants' Products, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff RONALD ALVIN GEIST and others applying and installing such material;

(f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff RONALD ALVIN GEIST and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

14

COMPLAINT FOR PERSONAL INJURY -- ASBESTOS (glt)

(g)    Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff RONALD ALVIN GEIST so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

31.    Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

32.    The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff RONALD ALVIN GEIST, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiff, for the sake of example and by way of punishing said Defendants, seeks punitive damages according to proof.

33.    Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiff, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

15

1  RONALD ALVIN GEIST .

2      34.   Defendants, and each of them, engaged in the despicable conduct described herein that

3  subjected persons, including Plaintiff RONALD ALVIN GEIST, to cruel and unjust hardship in the

4  form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

5  disregard of those persons' rights.

6      35.   As a direct and proximate result of such intentional conduct by Defendants, their

7  "alternate entities" and each of them, Plaintiff RONALD ALVIN GEIST sustained the injuries and

8  damages alleged herein.

9      36.   WHEREFORE, Plaintiff prays for judgment against Defendants, their "alternate entities",

10  and each of them, in an amount to be proved at trial in each individual case, as follows:

11          Plaintiff RONALD ALVIN GEIST:

12          1.     For Plaintiff's general damages according to proof;

13          2.     For Plaintiff's loss of income, wages, and earning potential according to proof;

14          3.     For Plaintiff's medical and related expenses according to proof;

15          4.     For Plaintiff's cost of suit herein;

16          5.     For exemplary or punitive damages according to proof;

17          6.     For such other and further relief as the Court may deem just and proper, including

18  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

19  provisions of law.

20

21  DATED: *January 25, 2010*          SIMON, EDDINS & GREENSTONE, LLP

22

23                                     By
                                         JENNIFER L. BARTLETT
24                                       ROBERT A. GREEN
                                         STUART J. PURDY
25                                       Attorneys for Plaintiff

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1

## DEMAND FOR JURY TRIAL

3

Plaintiffs hereby demand trial by jury as to all issues so triable.

4

DATED: _January 25, 2010_        **SIMON, EDDINS & GREENSTONE, LLP**

6

By: _[signature]_

JENNIFER L. BARTLETT
ROBERT A. GREEN
STUART J. PURDY
Attorneys for Plaintiffs

17

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1

## EXHIBIT "A"

2     Plaintiff RONALD ALVIN GEIST's exposure to asbestos and asbestos-containing products

3 occurred at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|----------|---------------------|-----------|------------------|
| US Navy | USS Hornet (CV-12) Long Beach Naval Shipyard USS Blue (DD-744) USS Hollister (DD-788) USS Wabash (A0R-5) US Naval Air Station, San Francisco, CA USS Dubuque (LPD-8) | Boiler Tender | 1960-1980 |
| Pacific Boiler | Various sites residential and commercial sites in California, including, but not limited to, Point Sur, San Francisco, Oakland and San Rafael | Boiler maintenance and repair | 1980-1984 |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)

1

### EXHIBIT "B"

2

Plaintiff RONALD ALVIN GEIST's exposure to Defendants' Products caused severe

3

and permanent injury to Plaintiff RONALD ALVIN GEIST including, but not limited to,

4

mesothelioma.  Plaintiff was diagnosed with mesothelioma on or about October 9, 2009.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (glt)