(VBKx), CLOSED, DISCOVERY, MANADR, RELATED-G, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:10-cv-06698-R -VBK

| | |
|---|---|
| John Lewis Jones et al v. Air & Liquid Systems Corporation et al | Date Filed: 09/09/2010 |
| Assigned to: Judge Manuel L. Real | Date Terminated: 11/02/2010 |
| Referred to: Magistrate Judge Victor B. Kenton | Jury Demand: Both |
| Related Case: 2:07-cv-02241-R-JTL | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court State of CA County of Los Angeles, BC444213 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

**John Lewis Jones**                    represented by   **Brian P Barrow**
Simon Eddins and Greenstone
301 Ocean Boulevard, Suite 1950
Long Beach, CA 90802
562-590-3400
Email: bbarrow@seglaw.com
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Robert Allen Green**
Simon Eddins & Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: rgreen@seglaw.com
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com

*ATTORNEY TO BE NOTICED*

**Tyson Brannan Gamble**
Simon Eddins & Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: tgamble@seglaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karen Lee Jones**                    represented by    **Brian P Barrow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Allen Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyson Brannan Gamble**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*sued as successor-by-merger to Buffalo
Pumps, Inc.*

**Defendant**

**CBS Corporation**                    represented by    **Kevin D Jamison**
*a Delaware Corporation f/k/a Viacom, Inc.*              Pond North LLP
*(sued as successor-by-merger to CBS*                    350 South Grand Avenue Suite 3300
*Corporation a Pennsylvania Corporation*                 Los Angeles, CA 90071
*f/k/a Westinghouse Electric Corporation*                213-617-7170
*and also as successor-in-interest to BF*                Fax: 213-623-3594
*Sturtevant*                                             Email: kjamison@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Elliot Turbo Machinery Company**          represented by   **Elizabeth L Huynh**
*also known as*                                             Walsworth Franklin Bevins and McCall
Elliot Company                                             LLP
                                                          One City Boulevard West 5th Floor
                                                          Orange, CA 92868
                                                          714-634-2522
                                                          Fax: 714-634-0686
                                                          Email: elhuynh@wfbm.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael T McCall**
                                                          Walsworth Franklin Bevins and McCall
                                                          1 City Boulevard West 5th Fl
                                                          Orange, CA 92868-3677
                                                          714-634-2522
                                                          Fax: 714-634-0686
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Thomas G Scully**
                                                          Walsworth Franklin Bevins and McCall
                                                          1 City Boulevard West 5th Floor
                                                          Orange, CA 92868-3677
                                                          714-634-2522
                                                          Fax: 714-634-0686
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**                represented by   **Charles T Sheldon**
                                                          Sedgwick Detert Moran and Arnold
                                                          Steuart Tower
                                                          One Market Plaza 8th Floor
                                                          San Francisco, CA 94105
                                                          415-781-7900
                                                          Fax: 415-781-2635
                                                          Email: charles.sheldon@sdma.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Derek S Johnson**
                                                          Sedgwick Detert Moran & Arnold LLP
                                                          Steuart Tower 18th Floor
                                                          One Market Plaza
                                                          San Francisco, CA 94105
                                                          415-781-7900
                                                          Fax: 415-781-2635
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Katherine Paige Gardiner**
                                                          Sedgwick Detert Moran and Arnold LLP
                                                          Steuart Tower

One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane, Inc.**                    represented by    **Kurt T Putnam**
                                                          Hassard Bennington LLP
                                                          2 Embarcadero Center Suite 1800
                                                          San Francisco, CA 94115
                                                          415-288-9800
                                                          Fax: 415-288-9801
                                                          Email: ktp@hassard.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Viad Corporation**                    represented by    **Peter B Langbord**
*f/k/a The Dial Corporation (sued*                        Foley & Mansfield PLLP
*individually and as successor-in-interest to*            300 South Grand Avenue Suite 2800
*Griscom-Russell Company)*                                Los Angeles, CA 90071
                                                          213-283-2100
                                                          Fax: 213-283-2101
                                                          Email: plangbord@foleymansfield.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1-140 Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2010 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC44213 with Conformed copy of summons and complaint. Case assigned to Judge George H Wu, Discovery to Magistrate Judge Margaret A Nagle. (Filing fee $ 350 PAID), filed by Defendant Viad Corporation. [Conformed Copy of Answer of Viad Corp Filed in State Court on 9/2/10; submitted attached Exhibit D to Notice of Removal](car) (mg). (Entered: 09/09/2010) |
| 09/09/2010 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendant Viad Corporation. [Filed in State Court on 9/2/10; submitted attached Exhibit D to Notice of Removal] (car) Modified on 9/9/2010 (car). (Entered: 09/09/2010) |
| 09/09/2010 | 2 | NOTICE of Tag-Along Action filed by plaintiff Viad Corporation. (car) (mg). (Entered: 09/09/2010) |
| | | |

| 09/09/2010 | 3 | NOTICE TO PARTIES OF ADR PROGRAM filed.(car) (Entered: 09/09/2010) |
| 09/09/2010 | 4 | DEFENDANT VIAD CORP'S NOTICE of Re-Filing State Court Answer to Complaint(car) Modified on 9/9/2010 (car). (mg). (Entered: 09/09/2010) |
| 09/09/2010 | 5 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corporation (car) (mg). (Entered: 09/09/2010) |
| 09/09/2010 | 6 | NOTICE of Related Case(s) filed by Defendant Viad Corporation. Related Case(s): CV07-8338 VBF (RCx); CV08-0118 R (JTLx); CV08-0248 R (PLAx); CV08-00282 VBF (AGRx); CV08-00501 GPS (AJWx); CV08-1296 R (JTLx); CV08-3133 R (JTLx) [See Document For Further Details] (car) (mg). (Entered: 09/09/2010) |
| 09/09/2010 | 7 | CERTIFICATE OF SERVICE OF SERVICE filed by Defendant Viad Corporation, re Notice of Tag-Along Action 2 , Certification and Notice of Interested Parties 5 , Defendant Viad Corp's Notice of Refiling State Court Answer to Complaint 4 , Notice of Removal, 1 , Civil Cover Sheet served on 9/9/10. (car) (mg). (Entered: 09/09/2010) |
| 09/13/2010 | 8 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case-filed. Related Case No: CV 07-02241 R(JTLx). Case transferred from Magistrate Judge Margaret A. Nagle and Judge George H Wu to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 10-06698 R(JTLx).Signed by Judge Manuel L. Real (rn) (Entered: 09/13/2010) |
| 09/14/2010 | 9 | NOTICE Plaintiffs' Opposition to Notice of Related Cases and Request for Reinstatement on Calendar of Originally-Assigned Judge filed by Plaintiff John Lewis Jones, Karen Lee Jones. (Barrow, Brian) (Entered: 09/14/2010) |
| 09/15/2010 | 10 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 9 . The following error(s) was found: Incorrect event selected. The correct event is: OBJECTIONS - NON-MOTION. Other error(s) with document(s): Incorrect Judges' initials appear on case number. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vh) (Entered: 09/15/2010) |
| 09/17/2010 | 11 | NOTICE OF MOTION AND First MOTION for Joinder in Notice of Removal, 1 filed by Defendant John Crane, Inc.. (Putnam, Kurt) (Entered: 09/17/2010) |
| 09/20/2010 | 12 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: First MOTION for Joinder in Notice of Removal, 1 11 . The following error(s) was found: Incorrect event selected. The correct event is: Joinder (non-motion) under MISCELLANEOUS FILINGS (OTHER DOCUMENTS) link to NOTICE OF REMOVAL. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 09/20/2010) |
| 09/22/2010 | 13 | ORDER re NOTICE TOP COUNSEL by Judge Manuel L. Real, (pj) (Entered: 09/22/2010) |
| 09/23/2010 | 14 | ANSWERJURY DEMAND. filed by Defendant CBS Corporation.(Jamison, Kevin) |

| | | |
|---|---|---|
| | | (Entered: 09/23/2010) |
| 09/23/2010 | 15 | JOINDER filed by Defendant CBS Corporation joining in Notice of Removal, 1 . (Jamison, Kevin) (Entered: 09/23/2010) |
| 09/23/2010 | 16 | *Notice of Related Cases* of Interested Parties filed by Defendant CBS Corporation, (Attachments: # 1 Affidavit)(Jamison, Kevin) (Entered: 09/23/2010) |
| 09/24/2010 | 17 | NOTICE OF MOTION AND First MOTION to Dismiss Case *DEFENDANT JOHN CRANE INC.S NOTICE OF MOTION AND MOTION* filed by Defendant John Crane, Inc.. Motion set for hearing on 11/1/2010 at 10:00 AM before Judge Manuel L. Real. (Attachments: # 1 DECLARATION OF KURT T. PUTNAM IN SUPPORT OF DEFENDANT JOHN CRANE INC.S MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR PERSONAL INJURY ASBESTOS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12 (b)(6))(Putnam, Kurt) (Entered: 09/24/2010) |
| 09/27/2010 | 18 | NOTICE filed by defendant General Electric Company. *Of Refiling State Court Answer to Complaint for Damages* (Gardiner, Katherine) (Entered: 09/27/2010) |
| 09/27/2010 | | CONFORMED COPY OF ANSWER to COMPLAINT, 1 filed by Defendant General Electric Company. **FILED IN SUPERIOR COURT ON 9/24/10 ATTACHED TO EXHIBIT A OF NOTICE OF REFILING STATE COURT PURSUANT TO DOCUMENT NUMBER 18**(pj) (Entered: 09/28/2010) |
| 09/30/2010 | 19 | NOTICE of Joinder in Viad Corp.'s Notice of Removal to Federal Court filed by Defendant Elliot Turbo Machinery Company. (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 20 | CORPORATE DISCLOSURE STATEMENT filed by Defendant Elliot Turbo Machinery Company identifying Ebara Corporation as Corporate Parent. (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 21 | *Certification* as to Interested Parties of Interested Parties filed by Defendant Elliot Turbo Machinery Company, (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 22 | NOTICE of Filing State Court Answer filed by Defendant Elliot Turbo Machinery Company. (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 23 | Civil Cover Sheet filed by Defendant Elliot Turbo Machinery Company (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | 24 | CERTIFICATE OF SERVICE filed by Defendant Elliot Turbo Machinery Company, served on September 30, 2010. (Huynh, Elizabeth) (Entered: 09/30/2010) |
| 09/30/2010 | | CONFORMED COPY OF ANSWER to COMPLAINT 1 FILED IN SUPERIOR COURT ON 9/23/10 filed by Defendant Elliot Turbo Machinery Company. (THIS DOCUMENT IS ATTACHED TO DOCUMENT NUMBER 22)(pj) (Entered: 10/04/2010) |
| 10/01/2010 | 25 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 19 . The following error(s) was found: Incorrect event selected. The correct event is: Joinder (non-motion) under MISCELLANEOUS FILINGS (OTHER DOCUMENTS) link to NOTICE OF REMOVAL. In response to this notice the court |

| | | |
|---|---|---|
| | | may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 10/01/2010) |
| 10/01/2010 | 26 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Miscellaneous Document 23 . No need to e-file a Civil Cover Sheet. One was previously filed by the Removing Defendant Viad Corporation. The following error(s) was found: Other error(s) with document(s) are specified below. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 10/01/2010) |
| 11/01/2010 | 27 | MINUTES OF Motion Hearing held before Judge Manuel L. Real: There are no appearances on behalf of plaintiff, or defendant John Crane. The Court GRANTS defendant Cranes motion, for reasons as stated on the record. Counsel for defendant John Crane shall submit a proposed order. Court Reporter: Sheri Kleeger. (im) (Entered: 11/03/2010) |
| 11/02/2010 | 30 | CONDITIONAL TRANSFER ORDER (CTO-341) from the Judicial Panel on Multidistrict re In Re: Asbestos Products Liability Litigation (No. VI) MDL 875, transferring case to USDC Eastern District Pennsylvania assigned to the Honorable Eduardo C Robreno. By Jeffrey N Luthi Clerk of the MDL Panel. (MD JS-6. Case Terminated.) (pj) (Entered: 11/08/2010) |
| 11/04/2010 | 28 | NOTICE OF MOTION AND MOTION for Relief from Order of Dismissal of Defendant John Crane, Inc. pursuant to F.R.C.P. 60(b)(1), or in the alternative, Motion for Leave to Amend the Complaint re First MOTION to Dismiss Case *DEFENDANT JOHN CRANE INC.S NOTICE OF MOTION AND MOTION* 17 filed by Plaintiff John Lewis Jones, Karen Lee Jones. Motion set for hearing on 12/6/2010 at 10:00 AM before Judge Manuel L. Real. (Barrow, Brian) (Entered: 11/04/2010) |
| 11/04/2010 | 29 | PROOF OF SERVICE filed by Plaintiff John Lewis Jones, Karen Lee Jones, re MOTION for Relief from Order of Dismissal of Defendant John Crane, Inc. pursuant to F.R.C.P. 60(b)(1), or in the alternative, Motion for Leave to Amend the Complaint re First MOTION to Dismiss Case *DEFENDANT JOHN CRANE INC.S NOTICE OF MOTION AND MO MOTION for Relief from Order of Dismissal of Defendant John Crane, Inc. pursuant to F.R.C.P. 60(b)(1), or in the alternative, Motion for Leave to Amend the Complaint re First MOTION to Dismiss Case DEFENDANT JOHN CRANE INC.S NOTICE OF MOTION AND MO* 28 served on November 4, 2010. *(Barrow, Brian) (Entered: 11/04/2010)* |
| 11/08/2010 | 31 | TRANSMITTAL LETTER MDL CASE TRANSFER OUT. Eastern District of Pennsylvania does not require to forward any of the record or any documents from our court at this time. They will extract this case through Pacer (Attachments: # 1 Letter USDC Eastern District of PA) (pj) (Entered: 11/08/2010) |
| 11/12/2010 | 32 | MEMORANDUM in Opposition *DEFENDANT JOHN CRANE INC.S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS MOTION FOR RELIEF FROM ORDER OF DISMISSAL, OR IN THE ALTERNATIVE, LEAVE TO AMEND COMPLAINT; DECLARATION OF KURT T.* |

| | | |
|---|---|---|
| | | *PUTNAM IN SUPPORT OF DEFENDANT JOHN CRANE INC.S OPPOSITION AND [PROPOSED] ORDER DENYING PLAINTIFFS MOTION FOR RELIEF FROM ORDER OF DISMISSAL* filed by Defendant John Crane, Inc.. (Putnam, Kurt) (Entered: 11/12/2010) |
| 11/15/2010 | 33 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MEMORANDUM in Opposition to Motion, 32 . The following error(s) was found: Case closed. Other error(s) with document(s): Incorrect Judge initials appear on case number. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vh) (Entered: 11/15/2010) |
| 11/22/2010 | 34 | MINUTES ORDER (IN CHAMBERS) by Judge Manuel L. Real: On 11/8/2010, this case was TRANSFERRED to MDL 875 in the Eastern District of Pennsylvania, and Closed in this District. This Court therefore no longer has jurisdiction to hear Plaintiffs Motion for Relief From Order of Dismissal 28 of Defendant John Crane Inc., set for hearing on 12/6/2010 at 10:00 AM., and that hearing is taken OFF CALENDAR. (jp) (Entered: 11/22/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/09/2010 12:14:24 | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-06698-R -VBK End date: 12/9/2010 |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

RON C. EDDINS, CA Bar No. 243581
JENNIFER L. BARTLETT, CA Bar No. 183154
ROBERT A. GREEN, CA Bar No. 216116
TYSON B. GAMBLE, CA Bar No. 266677
**SIMON, EDDINS & GREENSTONE, LLP**
301 E. Ocean Blvd., Ste. 1950
Long Beach, California 90802
Telephone (562) 590-3400
Facsimile (562) 590-3412

Attorneys for Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County ___
AUG 2 3 2010
John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUGENA LOPEZ

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| **JOHN LEWIS JONES** and **KAREN LEE JONES,**<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>**AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.);<br>**CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT);<br>**ELLIOTT TURBO MACHINERY COMPANY** a/k/a ELLIOTT COMPANY;<br>**GENERAL ELECTRIC COMPANY;**<br>**JOHN CRANE, INC.; J.T. THORPE & SON, INC.;** and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY), and **DOES 1-140 Inclusive**<br><br>　　　　　　　　Defendants. | Case No.　**BC 444213**<br><br>THIS ACTION CONSTITUTES COMPLEX ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO. C 700000 – DEPT. 59<br><br>**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (NEGLIGENCE; STRICT LIABILITY; LOSS OF CONSORTIUM)** |

1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

GENERAL ALLEGATIONS

COME NOW Plaintiffs **JOHN LEWIS JONES** and **KAREN LEE JONES** (hereinafter "Plaintiffs") and complain and allege as follows:

1.     At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his Co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.); **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT); **ELLIOTT TURBO MACHINERY COMPANY** a/k/a ELLIOTT COMPANY; **GENERAL ELECTRIC COMPANY**; **JOHN CRANE, INC.**; **J.T. THORPE & SON, INC.**; and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY),  were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

2.     Plaintiffs allege herein that Plaintiff JOHN LEWIS JONES developed malignant mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.) (for Buffalo Pumps); **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania

2

Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to BF STURTEVANT) (for Westinghouse Turbines, Pumps and Condensers, and BF Sturtevant Forced-Draft Blowers); **ELLIOTT TURBO MACHINERY COMPANY** a/k/a ELLIOTT COMPANY (for Elliott Deaerating Feed Systems); **GENERAL ELECTRIC COMPANY** (for General Electric's Ship's Service Generators); **JOHN CRANE, INC.,** (Gaskets and Packing) **J.T. THORPE & SON, INC.** (as a Boiler Contractor and Supplier of asbestos-containing insulation); and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom Russell Fuel Oil Heaters and Evaporators).

3.   Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer). Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution. Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any defendant acting under the authority of a federal officer or agency.

## FIRST CAUSE OF ACTION

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

4.   Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

5.   At all times herein mentioned, each of the named Defendants was the successor, successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation,

3

repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos, and products containing asbestos, including but not limited to, those products identified in paragraph 3 above.  Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor-in-business, successor-in-product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and advertised asbestos, and asbestos products.  The following Defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AIR AND LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC. |
| CBS CORPORATION | VIACOM INC.<br>WESTINGHOUSE ELECTRIC CORPORATION<br>BF STURTEVANT<br>VIACOM INTERNATIONAL, INC.<br>VIACOM PLUS |
| ELLIOTT TURBOMACHINERY COMPANY | ELLIOTT COMPANY |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING<br>COMPANY, INC.<br>GENERAL ELECTRIC CAPITAL<br>ASSURANCE COMPANY<br>GENERAL ELECTRIC PROFESSIONAL<br>SERVICES COMPANY<br>GENERAL ELECTRIC TRADING COMPANY |
| VIAD CORPORATION | THE DIAL CORPORATION<br>GRISCOM-RUSSELL COMPANY |

4

6.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter Defendants' Products).

7.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff JOHN LEWIS JONES herein (hereinafter collectively called "exposed person"). Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person". Plaintiffs herein allege that JOHN LEWIS JONES exposure to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant mesothelioma, and therefore proximately caused Plaintiff JOHN LEWIS JONES' injuries.

8.     Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendant breached said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn "exposed person", including Plaintiff JOHN LEWIS JONES, of the health hazards of using Defendants' products; failed to disclose the known or knowable dangers of

5

1  using Defendants' products; failed to obtain suitable alternative materials to asbestos when such

2  alternatives were available; and as otherwise stated herein.

3      9.    The Defendants' products were and are hazardous to the health and safety of Plaintiff,

4  and others in Plaintiff's position working with and in close proximity to such products, and since on or

5  before 1930, the hazards and dangerous propensities of the Defendants' products were both known and

6  knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

7  and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of

8  them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

9  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

10 installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

11 others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

12 propensities of asbestos presented a substantial danger to users, including Plaintiff, JOHN LEWIS

13 JONES, of Defendants' Products through the intended and reasonably foreseeable use of those products.

14     10.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

15 known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

16 intended and reasonably foreseeable manner.

17     11.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

18 known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,

19 sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed

20 in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and

21 dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff JOHN

22 LEWIS JONES herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants,

23 their "alternate entities", and each of them, knew or reasonably should have known that users, such as

24 Plaintiff JOHN LEWIS JONES and others in his position, working with and in close proximity to

25 Defendants' Products would not realize or know the danger. Defendants, their "alternate entities," and

26 each of them negligently failed to adequately warn or instruct of the dangers of the products.   A

27 reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or

28 similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk

6

1    of harm. The negligent failure of Defendants, their "alternate entities," and each of them to warn was a

2    substantial factor in causing harm to Plaintiff JOHN LEWIS JONES.

3         12.    Plaintiff JOHN LEWIS JONES used, handled, or was otherwise exposed to asbestos from

4    Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and

5    each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

6    **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

7         13.    As a direct and proximate result of the conduct of the Defendants, their "alternate

8    entities", and each of them, as aforesaid, Plaintiff JOHN LEWIS JONES' exposure to asbestos from use

9    of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along

10    with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

11    to Defendants' Products, are set forth in **Exhibit "B"**, which is attached hereto and incorporated by

12    reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease,

13    cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma

14    and that said disease results from exposure to Defendants' Products over a period of time.

15         14.    Plaintiff JOHN LEWIS JONES suffers from malignant pleural mesothelioma, caused by

16    exposure to asbestos from Defendants' Products including those products identified in paragraph 3

17    above. Plaintiff JOHN LEWIS JONES was not aware at the time of exposure that Defendants' Products

18    presented any risk of injury and/or disease.

19         15.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

20    entities," and each of them, Plaintiff JOHN LEWIS JONES has suffered and will continue to suffer

21    permanent injuries and future injuries to his person, body and health, including, but not limited to, pain,

22    discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other

23    physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant

24    mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a

25    limited civil case.

26         16.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

27    "alternate entities", and each of them, Plaintiff JOHN LEWIS JONES has incurred, is presently

28    incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine,

1 hospices, X-rays and other medical treatment, the true and exact amount thereof being presently

2 unknown to Plaintiffs, subject to proof at trial.

3     17.    As a further direct and proximate result of the said conduct of the Defendants, their

4 "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

5 profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

6 exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

7     18.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

8 engaged in the following wrongful acts:

9     (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

10 including Plaintiff JOHN LEWIS JONES, medical and scientific information concerning the health

11 hazards associated with inhalation of asbestos, including the substantial risk of injury or death

12 therefrom. Although Defendants, and each of them, knew of the substantial risks associated with

13 exposure to asbestos, they willfully and knowingly concealed such information from the users of their

14 asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

15 "exposed person", including Plaintiff JOHN LEWIS JONES.

16     (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

17 financially supported industry organizations, including but not limited to the Gypsum Association,

18 Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

19 of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

20 information about the dangers of asbestos to users of the aforementioned products and materials, thereby

21 misleading Plaintiff JOHN LEWIS JONES as to the safety of their products. Through their

22 participation and association with such industry organizations, Defendants and each of them knowingly

23 and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

24 propagated misinformation intended to instill in users of Defendants' Products a false security about the

25 safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene

26 Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

27 control. Discussions in this committee were held many times regarding the dangers inherent in asbestos

28 and the dangers, which arise from the lack of control of dust, and such information was suppressed from

8

1   public dissemination from 1946 to a date unknown to Plaintiff JOHN LEWIS JONES at this time;

2   (c)   Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

3   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

4   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

5   medical and scientific information of the connection between the inhalation of asbestos fibers and

6   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

7   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

8   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

9   this information to consumers;

10   (d)   Defendants, their "alternate entities", and each of them, failed to warn Plaintiff JOHN

11   LEWIS JONES and others of the nature of said materials which were dangerous when breathed and

12   which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their

13   "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said

14   materials were dangerous and a threat to the health of persons coming into contact therewith;

15   (e)   Defendants, their "alternate entities", and each of them, failed to provide Plaintiff JOHN

16   LEWIS JONES with information concerning adequate protective masks and other equipment devised to

17   be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate

18   entities", and each of them, despite knowing that such protective measures were necessary, and that they

19   were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff

20   JOHN LEWIS JONES and others applying and installing such material;

21   (f)   Defendants, their "alternate entities", and each of them, knew and failed to disclose that

22   Plaintiff JOHN LEWIS JONES and anyone similarly situated, upon inhalation of asbestos would, in

23   time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

24   mesothelioma and/or cancer;

25   (g)   Defendants, their "alternate entities", and each of them, failed to provide information of

26   the true nature of the hazards of asbestos materials and that exposure to these material would cause

27   pathological effects without noticeable trauma to the public, including buyers, users, and physicians

28   employed by Plaintiff JOHN LEWIS JONES so that said physicians could not examine, diagnose, and

9

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1 treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

2 entities", and each of them, were under a duty to so inform and said failure was misleading.

3      19.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

4 managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

5 or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

6 each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

7 them, and each Defendant's officers, directors, and managing agents participated in, authorized,

8 expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

9 their "alternate entities" as set forth herein.

10      20.    The herein-described conduct of said Defendants, their "alternate entities", and each of

11 them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

12 to the safety and health of "exposed person," including Plaintiff JOHN LEWIS JONES, in that

13 Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

14 to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

15 posed by use of their products, in order to continue to profit financially therefrom. Defendants, their

16 "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

17 miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

18 justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,

19 for the sake of example and by way of punishing said Defendants, seek punitive damages according to

20 proof.

21      21.    Defendants and each of them engaged in conduct which was intended by Defendants and

22 each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

23 Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

24 JOHN LEWIS JONES.

25      22.    Defendants, and each of them, engaged in the despicable conduct described herein that

26 subjected persons, including Plaintiff JOHN LEWIS JONES, to cruel and unjust hardship in the form of

27 severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

28 disregard of those persons' rights.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

23.     As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff JOHN LEWIS JONES sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

24.     Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

25.     Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, JOHN LEWIS JONES, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff JOHN LEWIS JONES and others in Plaintiff's position working with and in close proximity to such products.

26.     Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff JOHN LEWIS JONES. The defect existed in all of said products when they left the possession of the Defendants, their "alternate entities," and each of them. At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the

2  products after they left the possession of Defendants, their "alternate entities", and each of them were

3  reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos

4  and asbestos products were used by Plaintiff JOHN LEWIS JONES, and others in Plaintiff's position

5  working with and in close proximity to such products, in a way that was reasonably foreseeable to

6  Defendants, and each of them. The defect in said products was a substantial factor in causing harm and

7  personal injuries to Plaintiff JOHN LEWIS JONES, including malignant mesothelioma, while being

8  used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and

9  unreasonably dangerous for their ordinary and intended use.

10     27.     As a direct and proximate result of the actions and conduct outlined herein, Defendants'

11  Products failed to perform as safely as an ordinary consumer would have expected in that Defendants'

12  products, and each of them, during their ordinary and intended use, and such hazardous exposures

13  lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including

14  asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that

15  "exposed person", including Plaintiff JOHN LEWIS JONES, were unaware of the harmful effects of

16  asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures

17  occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff JOHN LEWIS

18  JONES had reason to expect was a substantial factor in causing his injuries.

19     28.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

20  JOHN LEWIS JONES has suffered the injuries and damages alleged herein.

21     29.     Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

22  engaged in the following wrongful acts:

23     (a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers,

24  including Plaintiff JOHN LEWIS JONES, medical and scientific information concerning the health

25  hazards associated with inhalation of asbestos, including the substantial risk of injury or death

26  therefrom. Although Defendants, and each of them, knew of the substantial risks associated with

27  exposure to asbestos, they willfully and knowingly concealed such information from the users of their

28  asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

12

1  "exposed person", including Plaintiff JOHN LEWIS JONES.

2      (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and
3  financially supported industry organizations, including but not limited to the Gypsum Association,
4  Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf
5  of Defendants, their "alternate entities", and each of them, actively promoted the suppression of
6  information about the dangers of asbestos to users of the aforementioned products and materials, thereby
7  misleading Plaintiff JOHN LEWIS JONES as to the safety of their products. Through their participation
8  and association with such industry organizations, Defendants and each of them, knowingly and
9  deliberately concealed and suppressed the true information regarding asbestos and its dangers, and
10  propagated misinformation intended to instill in users of Defendants' Products a false security about the
11  safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene
12  Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust
13  control. Discussions in this committee were held many times regarding the dangers inherent in asbestos
14  and the dangers, which arise from the lack of control of dust, and such information was suppressed from
15  public dissemination from 1946 to a date unknown to Plaintiff JOHN LEWIS JONES at this time;

16      (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford
17  Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and
18  Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed
19  medical and scientific information of the connection between the inhalation of asbestos fibers and
20  asbestosis, which information was disseminated through the Asbestos Textile Institute and other
21  industry organizations to all other Defendants, their "alternate entities", and each of them, herein.
22  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide
23  this information to consumers;

24      (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff JOHN
25  LEWIS JONES and others of the nature of said materials which were dangerous when breathed and
26  which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their
27  "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said
28  materials were dangerous and a threat to the health of persons coming into contact therewith;

13

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff JOHN LEWIS JONES with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff JOHN LEWIS JONES and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff JOHN LEWIS JONES and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff JOHN LEWIS JONES so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

30.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

31.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff JOHN LEWIS JONES, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

14

1  posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their

2  "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

3  miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

4  justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,

5  for the sake of example and by way of punishing said Defendants, seek punitive damages according to

6  proof.

7        32.    Defendants and each of them engaged in conduct which was intended by Defendants and

8  each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

9  Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

10  JOHN LEWIS JONES.

11        33.    Defendants, and each of them, engaged in the despicable conduct described herein that

12  subjected persons, including Plaintiff JOHN LEWIS JONES, to cruel and unjust hardship in the form of

13  sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

14  disregard of those persons' rights.

15        34.    As a direct and proximate result of such intentional conduct by Defendants, their

16  "alternate entities" and each of them, Plaintiff JOHN LEWIS JONES sustained the injuries and damages

17  alleged herein.

18        WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities",

19  and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

(Loss of Consortium)

26        AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION

27  FOR LOSS OF CONSORTIUM, PLAINTIFF KAREN LEE JONES COMPLAINS OF

28  DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

FOLLOWS:

35.     Plaintiff KAREN LEE JONES incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

36.     Plaintiffs JOHN LEWIS JONES and KAREN LEE JONES were married on April 11, 1960, and at all times relevant to this action were, and are now, husband and wife.

37.     Prior to Plaintiff JOHN LEWIS JONES' injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, Plaintiff JOHN LEWIS JONES has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, KAREN LEE JONES has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

38.     Plaintiff KAREN LEE JONES' discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

39.     As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff JOHN LEWIS JONES as set forth in this complaint, Plaintiff KAREN LEE JONES has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

40.     WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff JOHN LEWIS JONES:

1.     For Plaintiff's general damages according to proof;

2.     For Plaintiff's loss of income, wages, and earning potential according to proof;

3.     For Plaintiff's medical and related expenses according to proof;

Plaintiff KAREN LEE JONES:

16

4.     For Plaintiff's damages for loss of consortium and/or society according to proof;

Plaintiffs JOHN LEWIS JONES and KAREN LEE JONES:

5.     For Plaintiffs' cost of suit herein;

6.     For exemplary or punitive damages according to proof;

7.     For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.

DATED: August 23, 2010

SIMON, EDDINS & GREENSTONE, LLP

By _____
JENNIFER L. BARTLETT
ROBERT A. GREEN
TYSON B. GAMBLE
Attorneys for Plaintiffs

17

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4     DATED: August 27, 2010                    SIMON, EDDINS & GREENSTONE, LLP

5

6                                                By: _____

7                                                    JENNIFER L. BARTLETT
                                                     ROBERT A. GREEN
8                                                    TYSON B. GAMBLE
                                                     Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**18**

1

## EXHIBIT "A"

Plaintiff JOHN LEWIS JONES' exposure to asbestos and asbestos-containing products occurred at various locations within the States of California, New Mexico, Washington, Colorado, and Arizona including, but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
| --- | --- | --- | --- |
| US Navy | USS Yorktown Alameda, CA; Long Beach, CA; | Fireman Apprentice | 1956-1959 |
| Forest Products | Albuquerque, NM | Laborer | 12/1961 - 3/1964 |
| Simpson Timber Co. | Shelton, WA | Laborer | 3/1964 - 2/1965 |
| Cimax Molybdenum Mine (CMM) | Henderson, CO | Motorman; Ore Crusher | 12/1965 - 7/1977 |
| Self | Buena Vista, CA | Home Builder | 1972-1975 |
| J.L. Goodman Plumbing Co. | Tucson, AZ | Plumber; Heating & Cooling | 5/1977 – 5/1978 |
| Magma Copper Mine | Superior, AZ | Contract Miner | 6/1978 – 9/1982; 9/1989 – 2/1992 |

19

1

### EXHIBIT "B"

2          Plaintiff JOHN LEWIS JONES' exposure to Defendants' Products caused severe and

3  permanent injury to Plaintiff JOHN LEWIS JONES including, but not limited to, mesothelioma.

4  Plaintiff was diagnosed with mesothelioma on or about May 20, 2010.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS