ADRMOP, E-Filing

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:10-cv-04713-JSW

Ricco v. Advance Mechanical Contractors, Inc. et al
Assigned to: Hon. Jeffrey S. White
Cause: 28:1332 Diversity-Product Liability

Date Filed: 10/19/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Frank Ricco**

represented by **Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Advance Mechanical Contractors, Inc.**

### Defendant

**American Optical Corporation**

### Defendant

**Bacou-Dalloz Safety, Inc.**

### Defendant

**Bayer Cropscience, Inc.**

### Defendant

**Better-Bilt Scaffolds, Inc.**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Certainteed Corporation**

**Defendant**

**Chevron U.S.A. Inc.**

**Defendant**

**Cleaver-Brooks, Inc.**

**Defendant**

**Consolidated Insulation, Inc.**

**Defendant**

**Crown Cork & Seal Company, Inc.**

**Defendant**

**CSK Auto, Inc.**

**Defendant**

**Del Webb Corporation**

**Defendant**

**Douglass Insulation Company, Inc.**

**Defendant**

**Fluor Corporation**

**Defendant**

**Ford Motor Company**

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**General Electric Company**

**Defendant**

**Genuine Parts Company**

**Defendant**
**George M. Raymond CO. North**

**Defendant**
**Goulds Pumps, Inc.**

**Defendant**
**Grinnell Corporation**

**Defendant**
**H & C Investment Associates, Inc.**

**Defendant**
**Hamilton Materials, Inc.**

**Defendant**
**Honeywell International Inc.**

**Defendant**
**Hopeman Brothers, Inc.**

**Defendant**
**Ingersoll-Rand Company**

**Defendant**
**J.T. Thorpe & Sons, Inc.**

**Defendant**
**Johnson Controls, Inc.**

**Defendant**
**Kaiser Gypsum Company Inc.**

**Defendant**
**Kelly-Moore Paint Company, Inc.**

**Defendant**
**M. Slayen & Associates, Inc.**

**Defendant**
**Metalclad Insultation Corporation**

**Defendant**
**Oakfabco, Inc.**

**Defendant**
**Oscar E. Erickson, Inc.**

**Defendant**
**Parker-Hannifin Corporation**

**Defendant**
**Pep Boys Manny Moe & Jack of California**

**Defendant**
**The Perini Corporation**

**Defendant**
**Plant Products & Supply Company**

**Defendant**
**Quintec Industries, Inc.**

**Defendant**
**San Diego Gas and Electric Company**

**Defendant**
**Scott Technologies, Inc.**

**Defendant**
**Sequoia Ventures, Inc.**

**Defendant**
**Temporary Plant Cleaners Inc**

**Defendant**
**Textron Inc.**

**Defendant**
**Thomas Dee Engineering Company**

**Defendant**
**Trane US, Inc.**
*formerly known as*
American Standard, Inc.

**Defendant**
**University Mechanical & Engineering Contractors, Inc.**

**Defendant**
**Viking Northwest Company**

**Defendant**
**Zurn Industries, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/28/2010 | 11 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 1/28/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. Case Management Statement due by 1/21/2011.. Signed by Judge Jeffrey S. White on 10/28/10. (jjoS, COURT STAFF) (Filed on 10/28/2010) (Entered: 10/28/2010) |
| 10/25/2010 | 10 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings. Judge Hon. Richard Seeborg no longer assigned to the case. Signed by Executive Committee on 10/25/10. (mab, COURT STAFF) (Filed on 10/25/2010) (Entered: 10/25/2010) |
| 10/25/2010 | 9 | ORDER OF RECUSAL. Signed by Judge Richard Seeborg on 10/25/10. (cl, COURT STAFF) (Filed on 10/25/2010) (Entered: 10/25/2010) |
| 10/22/2010 | 8 | ORDER RE 7 REASSIGNING CASE TO JUDGE SEEBORG. Case Management Conference set for 1/27/2011 10:00 AM in Courtroom 3, 17th Floor, San Francisco. Signed by Judge Richard Seeborg on 10/22/10. (cl, COURT STAFF) (Filed on 10/22/2010) (Entered: 10/22/2010) |
| 10/21/2010 | 7 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Richard Seeborg for all further proceedings. Magistrate Judge James Larson no longer assigned to the case. Signed by Executive Committee on 10/21/10. (mab, COURT STAFF) (Filed on 10/21/2010) (Entered: 10/21/2010) |
| 10/21/2010 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (fj, COURT STAFF) (Filed on 10/21/2010) (Entered: 10/21/2010) |
| 10/19/2010 |  | CASE DESIGNATED for Electronic Filing. (ga, COURT STAFF) (Filed on 10/19/2010) (Entered: 10/20/2010) |
| 10/19/2010 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 1/19/2011. Case Management Conference set for 1/26/2011 10:30 AM in Courtroom F, 15th Floor, San Francisco.. Signed by Judge James Larson on 10/19/10. (Attachments: # 1 Standing Order)(ga, COURT STAFF) (Filed on 10/19/2010) (Entered: 10/20/2010) |
| 10/19/2010 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Frank Ricco. (ga, COURT STAFF) (Filed on 10/19/2010) (Entered: 10/20/2010) |
| 10/19/2010 | 3 | NOTICE OF TAG-ALONG ACTION by Frank Ricco (ga, COURT STAFF) (Filed on 10/19/2010) (Entered: 10/20/2010) |
| 10/19/2010 | 2 | Certificate of Interested Entities by Frank Ricco re 1 Complaint,,,,, (ga, COURT STAFF) (Filed on 10/19/2010) (Entered: 10/20/2010) |
| 10/19/2010 | 1 | COMPLAINT /issued summons against Advance Mechanical Contractors, Inc., American Optical Corporation, Bacou-Dalloz Safety, Inc., Bayer Cropscience, Inc., Better-Bilt Scaffolds, Inc., CBS Corporation, CSK Auto, Inc., Certainteed Corporation, Chevron U.S.A. Inc., Cleaver-Brooks, Inc., Consolidated Insulation, Inc., Crown Cork & Seal Company, Inc., Del Webb |

Corporation, Douglass Insulation Company, Inc., Fluor Corporation, Ford Motor Company, Foster Wheeler LLC, General Electric Company, Genuine Parts Company, George M. Raymond CO. North, Goulds Pumps, Inc., Grinnell Corporation, H & C Investment Associates, Inc., Hamilton Materials, Inc., Honeywell International Inc., Hopeman Brothers, Inc., Ingersoll-Rand Company, J.T. Thorpe & Sons, Inc., Johnson Controls, Inc., Kaiser Gypsum Company Inc., Kelly-Moore Paint Company, Inc., M. Slayen & Associates, Inc., Metalclad Insultation Corporation, Oakfabco, Inc., Oscar E. Erickson, Inc., Parker-Hannifin Corporation, Pep Boys Manny Moe & Jack of California, Plant Products & Supply Company, Quintec Industries, Inc., San Diego Gas and Electric Company, Scott Technologies, Inc., Sequoia Ventures, Inc., Temporary Plant Cleaners Inc, Textron Inc., The Perini Corporation, Thomas Dee Engineering Company, Trane US, Inc., University Mechanical & Engineering Contractors, Inc., Viking Northwest Company, Zurn Industries, LLC ( Filing fee $ 350, receipt number 34611051832.). Filed byFrank Ricco. (ga, COURT STAFF) (Filed on 10/19/2010) (Additional attachment(s) added on 11/12/2010: # 1 Exhibit) (ga, COURT STAFF). (Entered: 10/20/2010)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/13/2010 12:55:23 | | |
| **PACER Login:** bp0355 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:10-cv-04713-JSW |
| **Billable Pages:** 4 | **Cost:** | 0.32 |

1   ALAN R. BRAYTON, ESQ., S.B. #73685
2   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON✜PURCELL LLP
3   Attorneys at Law
    222 Rush Landing Road
4   P.O. Box 6169
    Novato, California  94948-6169
5   (415) 898-1555
    (415) 898-1247 (Fax No.)
6
    Attorneys for Plaintiff
7

*E-filing*

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11   FRANK RICCO,                          )    No. CV 10 4713
                                           )
12          Plaintiff,                      )
                                           )
13   vs.                                    )    COMPLAINT FOR ASBESTOS
                                           )    PERSONAL INJURY/ PRODUCTS
14   ADVANCE MECHANICAL                     )    LIABILITY; DEMAND FOR JURY TRIAL
     CONTRACTORS, INC., AMERICAN            )
15   OPTICAL CORPORATION, BACOU-            )
     DALLOZ SAFETY, INC., BAYER             )
16   CROPSCIENCE INC., BETTER-BILT          )
     SCAFFOLDS, INC., CBS                   )
17   CORPORATION (FKA VIACOM INC.,          )
     FKA WESTINGHOUSE ELECTRIC              )
18   CORPORATION), CERTAINTEED              )
     CORPORATION, CHEVRON U.S.A.            )
19   INC., CLEAVER-BROOKS, INC.,            )
     CONSOLIDATED INSULATION, INC.,         )
20   CROWN CORK & SEAL COMPANY,             )
     INC., CSK AUTO, INC., DEL WEBB         )
21   CORPORATION, DOUGLASS                  )
     INSULATION COMPANY, INC.,              )
22   FLUOR CORPORATION, FORD                )
     MOTOR COMPANY, FOSTER                  )
23   WHEELER LLC (FKA FOSTER                )
     WHEELER CORPORATION),                  )
24   GENERAL ELECTRIC COMPANY,              )
     GENUINE PARTS COMPANY,                 )
25   GEORGE M. RAYMOND CO. - NORTH,         )
     GOULDS PUMPS, INC., GRINNELL           )
26   CORPORATION, H & C INVESTMENT          )
     ASSOCIATES, INC., HAMILTON             )
27   MATERIALS, INC., HONEYWELL             )
     INTERNATIONAL, INC., HOPEMAN           )
28   BROTHERS, INC., INGERSOLL-RAND         )
     COMPANY, J.T. THORPE & SON, INC.,      )

BRAYTON✜PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

K:\Injured\110770\fed\cmp fed (pi).wpd                    1

1  JOHNSON CONTROLS, INC., KAISER )
   GYPSUM COMPANY, INC., KELLY- )
2  MOORE PAINT COMPANY, INC., M. )
   SLAYEN & ASSOCIATES, INC., )
3  METALCLAD INSULATION )
   CORPORATION, OAKFABCO, INC., )
4  OSCAR E. ERICKSON, INC., PARKER- )
   HANNIFIN CORPORATION, PEP BOYS )
5  MANNY MOE & JACK OF )
   CALIFORNIA, THE, PERINI )
6  CORPORATION, PLANT PRODUCTS & )
   SUPPLY COMPANY, QUINTEC )
7  INDUSTRIES, INC., SAN DIEGO GAS & )
   ELECTRIC COMPANY, SCOTT )
8  TECHNOLOGIES, INC., SEQUOIA )
   VENTURES INC., TEMPORARY )
9  PLANT CLEANERS, INC., TEXTRON )
   INC., THOMAS DEE ENGINEERING )
10 COMPANY, TRANE US, INC. FKA )
   AMERICAN STANDARD, INC., )
11 UNIVERSITY MECHANICAL AND )
   ENGINEERING CONTRACTORS, INC., )
12 VIKING NORTHWEST COMPANY, )
   ZURN INDUSTRIES, LLC, )
13 )
        Defendants.          )
14 _____ )
   )
15 )
   )
16 )
   )
17 )
   )
18

19                          **I.**

20                        **PARTIES**

21     1.     Plaintiff in this action, FRANK RICCO, has sustained asbestos-related lung

22 injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

23 asbestos.

24     2.     Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos

25 fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

26     3.     The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit**

27 **A**, attached to Plaintiff's complaint and incorporated by reference herein.

28 ///

1    4.    All of Plaintiff's claims arise out of repeated exposure to asbestos-containing

2    products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or

3    maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of

4    toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative,

5    progressive, incurable lung diseases.

6    5.    Plaintiff claims damages for an asbestos-related disease arising from a series of

7    occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing

8    products, when handled in the manner in which they were intended, released harmful asbestos

9    fibers which when inhaled by Plaintiff, caused serious lung disease.

10   6.    As used herein, Plaintiff shall mean the above-captioned asbestos-injured

11   Plaintiff.

12   7.    Plaintiff is informed and believes, and thereon alleges that at all times herein

13   mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole

14   proprietorships and/or other business entities organized and existing under and by virtue of the

15   laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

16   said defendants, and each of them, were and are authorized to do and are doing business in the

17   State of California, and that said defendants have regularly conducted business in the County of

18   San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

21   8.    Jurisdiction: Plaintiff FRANK RICCO is a citizen of the State of Nevada.

22   Defendants are each corporations incorporated under the laws of and having its principal

23   places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| ADVANCE MECHANICAL CONTRACTORS, INC. | Illinois |
| AMERICAN OPTICAL CORPORATION | Massuchusetts |
| BACOU-DALLOZ SAFETY, INC. | Rhode Island |
| BAYER CROPSCIENCE INC. | North Carolina |

K:\Injured\110770\fed\cmp fed (pi).wpd                    3
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| DEFENDANT | STATE |
|-----------|-------|
| BETTER-BILT SCAFFOLDS, INC. | California |
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | New York |
| CERTAINTEED CORPORATION | Pennslyvania |
| CHEVRON U.S.A. INC. | California |
| CLEAVER-BROOKS, INC. | Wisconsin |
| CONSOLIDATED INSULATION, INC. | California |
| CROWN CORK & SEAL COMPANY, INC. | Pennslyvania |
| CSK AUTO, INC. | Arizona |
| DEL WEBB CORPORATION | Arizona |
| DOUGLASS INSULATION COMPANY, INC. | California |
| FLUOR CORPORATION | Texas |
| FORD MOTOR COMPANY | Michigan |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| GENERAL ELECTRIC COMPANY | Connecticut |
| GENUINE PARTS COMPANY | Georgia |
| GEORGE M. RAYMOND CO. - NORTH | California |
| GOULDS PUMPS, INC. | New York |
| GRINNELL CORPORATION | California |
| H & C INVESTMENT ASSOCIATES, INC. | New York |
| HAMILTON MATERIALS, INC. | California |
| HONEYWELL INTERNATIONAL, INC. | New Jersey |
| HOPEMAN BROTHERS, INC. | North Carolina |
| INGERSOLL-RAND COMPANY | California |
| J.T. THORPE & SON, INC. | California |
| JOHNSON CONTROLS, INC. | Wisconsin |
| KAISER GYPSUM COMPANY, INC. | Arizona |
| KELLY-MOORE PAINT COMPANY, INC. | California |
| M. SLAYEN & ASSOCIATES, INC. | California |
| METALCLAD INSULATION CORPORATION | California |
| OAKFABCO, INC. | Illinois |
| OSCAR E. ERICKSON, INC. | California |

| DEFENDANT | STATE |
|---|---|
| PARKER-HANNIFIN CORPORATION | Ohio |
| PEP BOYS MANNY MOE & JACK OF CALIFORNIA, THE | Pennslyvania |
| PERINI CORPORATION | California |
| PLANT PRODUCTS & SUPPLY COMPANY | California |
| QUINTEC INDUSTRIES, INC. | California |
| SAN DIEGO GAS & ELECTRIC COMPANY | California |
| SCOTT TECHNOLOGIES, INC. | Florida |
| SEQUOIA VENTURES INC. | California |
| TEMPORARY PLANT CLEANERS, INC. | Texas |
| TEXTRON INC. | Rhode Island |
| THOMAS DEE ENGINEERING COMPANY | California |
| TRANE US, INC. FKA AMERICAN STANDARD, INC. | New Jersey |
| UNIVERSITY MECHANICAL AND ENGINEERING CONTRACTORS, INC. | California |
| VIKING NORTHWEST COMPANY | Oregon |
| ZURN INDUSTRIES, LLC | Pennslyvania |

///

///

///

///

///

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9.    Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred

///

1 within the County of San Francisco, California, and Defendants are subject to personal
2 jurisdiction in this district at the time the action is commenced.

### III.

### RELATED LAWSUITS AND

### PROCEDURAL HISTORY

6   10.   Description of Four Related Actions: four related actions are more particularly
7 described as follows:

8   Action 1: filed May 7, 2009, in the Superior Court of the State of California, for the City
9 and County of San Francisco, Case No. CGC-09-275199, the Hon. Harold Kahn presiding
10 (hereafter "**Action 1 - the California State Court action**") involved the *identical parties* as are
11 found in the within action and arose from the same set of facts, circumstances and asbestos-
12 related injuries as are alleged in the within action;

13   Action 2: filed October 9, 2009, in the United States District Court, California - Northern
14 District (San Francisco) Case No. 3:09-CV-0418-VRW, the Hon. Vaughn R. Walker presiding,
15 containing but one Defendant, TODD SHIPYARDS CORPORATION (hereafter "**Action 2 - the**
16 **Federal Court/TODD SHIPYARDS action**"), involved the same Plaintiff as in the within
17 action and arose from the particular asbestos exposures associated with asbestos insulation work
18 on military ships on the premises of TODD SHIPYARDS, and hence **Action 2 - the Federal**
19 **Court/TODD SHIPYARDS action** was brought separately from **Action 1 - the California**
20 **State Court action**;

21   Action 3: filed January 28, 2010, in the District Court of the State of Nevada, in and for
22 the County of Clark, Case No. A-609607, the Hon. Jennifer Togliatti presiding (hereafter
23 "**Action 3 - the Nevada State Court action**") contained nearly the *identical parties* as are found
24 in the within action and arose from the same set of facts, circumstances and asbestos-related
25 injuries as alleged in the within action, and was brought - and later dismissed - for the reasons
26 described below and connected with the motions, rulings and orders of the Hon. Harold Kahn in
27 **Action 1 - the California State Court action**; and ·

28 ///

1    Action 4: the instant, above-captioned, within action (hereafter "**the within action**").

2    11.    Tolling and/or Suspension of the Statute of Limitations:  With respect to **Action 1**
3  **- the California State Court action,** the following events occurred that demonstrate that the
4  statute of limitations should be tolled or suspended in this case, from May 7, 2009, the date of the
5  filing of **Action 1 - the California State Court action**, to, through, and including August 2,
6  2010, the date that the Hon. Harold Kahn dismissed **Action 1 - the California State Court**
7  **action**, for reasons more particularly described below.

8    12.    On May 7, 2010, plaintiff brought **Action 1 - the California State Court action**,
9  and promptly served the Summons and Complaint on the defendants who answered or otherwise
10  appeared in that action.

11    13.    On October 9, 2009, plaintiff brought **Action 2 - the Federal Court/TODD**
12  **SHIPYARDS action** against TODD SHIPYARDS, only, as explained in paragraph 10, above,
13  i.e., the case involved the same Plaintiff as in **the within action** but arose from the particular
14  asbestos exposures of the plaintiff associated with his asbestos insulation work on military ships
15  on the premises of TODD SHIPYARDS, and hence **Action 2 - the Federal Court/TODD**
16  **SHIPYARDS action** was brought separately from **Action 1 - the California State Court**
17  **action**, in order to avoid removal of the entirety of **Action 1 - the California State Court**
18  **action**, to federal court and to avoid the expense, litigation and argument that the TODD
19  SHIPYARDS claim was permitted to be brought in **Action 1 - the California State Court**
20  **action**.

21    14.    On November 5, 2009, defendant VOLKSWAGEN GROUP OF AMERICA,
22  INC. ("VW") brought a motion to stay or dismiss **Action 1 - the California State Court action**,
23  based on forum non conveniens, urging that the State of Nevada was the proper forum for this
24  case.

25    15.    On November 13, 2009, defendant **UNIVERSITY MECHANICAL &**
26  **ENGINEERING CONTRACTORS, INC.**, along with several other asbestos defendants,
27  formally joined in VW's motion to stay or dismiss **Action 1 - the California State Court**
28  **action**, based on forum non conveniens, and like VW, defendant **UNIVERSITY**

1 **MECHANICAL & ENGINEERING CONTRACTORS, INC.,** urged that the State of Nevada
2 would provide a suitable alternative forum for this litigation.

3      16.    On November 24, 2009, plaintiff filed an opposition to VW's motion to stay or
4 dismiss **Action 1 - the California State Court action,** and pointed out that there were essential
5 parties over whom the State of Nevada likely had no jurisdiction: **ADVANCE MECHANICAL**
6 **CONTRACTORS, INC.,** CHAMPION INDUSTRIAL CONTRACTORS, INC.,
7 CONSOLIDATED INSULATION, INC., **DOUGLASS INSULATION CO, INC.,** GEORGE
8 M. RAYMOND CO. - NORTH, KALB CONSTRUCTION, M. SLAYEN & ASSOCIATES,
9 INC., OSCAR E. ERICKSON, INCORPORATED, PLANT PRODUCTS & SUPPLY
10 COMPANY, QUINTEC INDUSTRIES, INC., SAN DIEGO GAS & ELECTRIC COMPANY,
11 and THOMAS DEE ENGINEERING CO., INC.

12      17.    On December 9, 2009, the Hon. Paul Alvarado granted VW's motion to stay or
13 dismiss **Action 1 - the California State Court action,** based on forum non conveniens.

14      18.    On January 28, 2010, the plaintiff brought **Action 3 - the Nevada State Court**
15 **action,** and promptly served the Summons and Complaint on the defendants who answered or
16 otherwise appeared in that action, given Judge Alvarado's December 9, 2009, order granting
17 VW's motion to stay or dismiss **Action 1 - the California State Court action,** was based on the
18 premise that the State of Nevada provided a suitable alternative forum.

19      19.    On or about March 23, 2010, defendant DOUGLASS INSULATION CO., INC.,
20 (hereafter "DOUGLASS") filed a motion to dismiss **Action 3 - the Nevada State Court action,**
21 as against DOUGLASS, only, on the basis that the State of Nevada was not a suitable alternative
22 forum and urged that the State of Nevada had no jurisdiction over DOUGLASS. In support of
23 such motion offered the sworn declaration of Virginia Smotherman, executed March 11, 2010,
24 where Ms. Smotherman testified as follows: (1) Ms. Smotherman was the office manager for
25 Douglass Insulation Company, Inc., from 1962 until it dissolved in 1994, and as such had
26 personal knowledge of the facts stated in her declaration; (2) Douglass Insulation Company, Inc.,
27 was incorporated in California with its principal place of business in San Francisco, California;
28 (3) Douglass Insulation Company, Inc., is not now and has never been incorporated under the

1     laws of the State of Nevada or in any other jurisdiction in the United States; (4) Douglass

2     Insulation company, Inc., is not authorized to do business in the State of Nevada; (5) Douglass

3     Insulation Company, Inc., is not now and has never conducted any business in he State of

4     Nevada; (6) Douglass Insulation Company, Inc., does not and has never held a license in the

5     State of Nevada; (7) Douglass Insulation Company, Inc., is not a manufacturer or supplier of any

6     products and has never sold any products in the State of Nevada; (8) Douglass Insulation

7     Company, Inc., does not maintain any bank accounts in the State of Nevada; (9) Douglass

8     Insulation Company, Inc., has never maintained a facility, office, mailing address, or telephone

9     listing in the State of Nevada; (10) Douglass Insulation company, Inc., has never owned or leased

10     any tangible personal or real property in the State of Nevada; and (11) Douglass Insulation

11     Company, Inc., does not now nor has it ever designated an agent or representative in the State of

12     Nevada authorized to accept service on its behalf.

13         20.     On or about March 23, 2010, defendant ADVANCED MECHANICAL

14     CONTRACTORS, INC. (hereafter "ADVANCED") filed a motion to dismiss **Action 3 - the**

15     **Nevada State Court action**, as against ADVANCED, only, on the basis that the State of Nevada

16     was not a suitable alternative forum and that the State of Nevada had no jurisdiction over

17     ADVANCED. In support of such motion, ADVANCED offered the sworn declaration of

18     Kenneth Wolder, executed March 18, 2010, where Mr. Wolder testified: (1) Mr. Wolder testified

19     that he was president of Advance Mechanical Constructions, Inc., and that he had personal

20     knowledge of the facts contained in his declaration; (2) Advance Mechanical Contractor is a

21     corporation organized under the laws of the State of California with its principal place of

22     business in Signal Hill, California; (3) Advance Mechanical Contractors is a plumbing contractor

23     doing business in Southern California; (4) Advance Mechanical Contractor has no agent for

24     service of process in Nevada; (5) Advance Mechanical Contractors has no business operations in

25     the State of Nevada; (6) Advance Mechanical Contractors has no officers or directors located in

26     the State of Nevada; (7) Advance Mechanical Contractor has no officers or directors located in

27     Nevada; (8) Advance Mechanical Contractors is not licensed or registered to do business in the

28     State of Nevada; (9) Advance Mechanical Contractors pays no Nevada taxes, nor is required to

1    pay Nevada taxes; (10) Advance Mechanical Contractors has no office, plant, facility or other
2    place of business in the State of Nevada; (11) Advance Mechanical Contractors has no telephone
3    listing in the State of Nevada; (12) Advance Mechanical Contractors does not own or lease any
4    real or personal property or other assets within the State of Nevada; (13) Advance Mechanical
5    Contractor does not have any bank account in the State of Nevada; (14) Advance Mechanical
6    Contractor does not have any interest in any franchised dealer, wholesaler, distributor or retailer
7    in the State of Nevada; (15) Advance Mechanical Contractor does not solicit business in the State
8    of Nevada, either through employees or advertising reasonably calculated to produce customers
9    within the State of Nevada; (16) Advance Mechanical Contractors has never contracted to insure
10   any person, property or risk located within the State of Nevada; (17) Advance Mechanical
11   Contracting does not perform any plumbing, heating or air conditioning contracts in the State of
12   Nevada, nor does it have any agents operating within the State of Nevada; (18) Advance
13   Mechanical Contractor does not advertise or solicit within the State of Nevada for contracts for
14   performance of any plumbing, heating or air conditioning products or services within the State of
15   Nevada; (19) Advance Mechanical Contractor has not engaged in business activities in Clark
16   County or the State of Nevada and has not introduced asbestos-containing products into Clark
17   County or the State of Nevada; (20) Advance Mechanical Contractor has no right, contractual or
18   otherwise, or license to perform plumbing, heating or air conditioning contracts in Clark County
19   or the State of Nevada; (21) Advance Mechanical Contractor has no distributor or representative
20   located in Clark County or the State of Nevada.

21        21.    On March 29, 2010, defendant UNIVERSITY MECHANICAL &
22   ENGINEERING CONTRACTORS (hereafter "UMEC") filed a motion to dismiss **Action 3 - the**
23   **Nevada State Court action**, as against UMEC, only, on the basis that the State of Nevada was
24   not a suitable alternative forum (contrary to its representations to the San Francisco Superior
25   Court, described in Paragraph 15, above) and that the State of Nevada had no jurisdiction over
26   UMEC. In support of such motion, UMEC offered the March 26, 2010, sworn and notarized
27   declaration of Peter J. Novak (hereafter "Novak Decl.") where Mr. Novak testified to the
28   following facts: (1) Mr. Novak was the Chief Financial Officer and Executive Vice President of

1   UMEC, and he was testifying based on his personal knowledge; (2) UMEC was a California
2   corporation who conducts its business in the State of California; (3) UMEC does not perform
3   work or services in the State of Nevada; (4) UMEC does not conduct business operations of any
4   nature in the State of Nevada; (5) UMEC does not maintain any offices or any other physical
5   presence in the State of Nevada, and does not solicit work or contracts for work in the State of
6   Nevada; (6) UMEC has searched for but was unable to locate any documents or other
7   information indicating a basis for Plaintiff to assert that UMEC has ever engaged in substantial
8   activities in the State of Nevada either generally or specific to plaintiff's claims in **Action 3 - the**
9   **Nevada State Court action**; (6) that Mr. Novak personally reviewed Plaintiffs' Nevada
10   Summons and Complaint in **Action 3 - the Nevada State Court action**, and Plaintiffs'
11   California Summons and Complaint in **Action 1 - the California State Court action**; (7) that
12   UMEC searched for but was unable to locate any documents or other information indicating a
13   basis for Plaintiff to assert that UMEC had ever owned, operated, managed, controlled or
14   performed work or services at any of the Nevada job sites Plaintiff had identified in either **Action**
15   **1 - the California State Court action** or **Action 3 - the Nevada State Court action** where it is
16   alleged Plaintiff worked over the course of his employment history; (8) UMEC is and was a
17   mechanical contractor who has never mined, manufactured, sold, distributed or supplied asbestos
18   or asbestos-containing products of any nature to any job site.

19       22.     On May 20, 2010, the Hon. Jennifer P. Togliatti, presiding in **Action 3 - the**
20   **Nevada State Court action**, granted three separate Motions to Dismiss for lack of Nevada State
21   Court jurisdiction brought by defendants (1) UNIVERSITY MECHANICAL & ENGINEERING
22   CONTRACTORS, (2) DOUGLASS INSULATION COMPANY, INC., and (3) ADVANCE
23   MECHANICAL CONTRACTORS, INC, described in some detail, above. The plaintiff
24   possessed no information, evidence or facts at any relevant time, including the present, that
25   showed that the State of Nevada State had jurisdiction over any of these three particular
26   defendants under existing Nevada law, or any reasonable argument for an extension of existing
27   Nevada law, or that the testimony of Ms. Smotherman, Mr. Wolder or Mr. Novak, described in
28   detail, above, was in any way inaccurate, untruthful or misleading.

23.     On May 25, 2010, Plaintiff moved the San Francisco Superior Court for its order, in **Action 1 - the California State Court action**, to reinstate **Action 1 - the California State Court action** to the civil active docket, given that the State of Nevada demonstrably lacked jurisdiction over three defendants in the within action: (1) UNIVERSITY MECHANICAL & ENGINEERING CONTRACTORS, (2) DOUGLASS INSULATION COMPANY, INC., and (3) ADVANCE MECHANICAL CONTRACTORS, INC.  Plaintiff advised the San Francisco Superior Court in **Action 1 - the California State Court action** that, in the past, the federal courts have been a seriously inconvenient forum to litigate asbestos claims and cited specifically to two asbestos cases involving Nevada residents that languished for over ten years without a trial date.

24.     On August 2, 2010, after several additional sworn declarations and points and authorities were submitted by multiple parties, the Honorable Harold Kahn of the San Francisco Superior Court dismissed **Action 1 - the California State Court action**, finding as follows:

"On the Court's order to show cause why this case should not be dismissed, Defendant Volkswagen Group of America, Inc.'s motion seeking dismissal on Grounds of Forum Non-Conveniens and all joinders thereto, the case is dismissed. While plaintiff may have the unqualified right to dismiss his federal court case [**Action 2 - the federal court/TODD SHIPYARDS action**], his decision to file both the federal court case [**Action 2 - the federal court/TODD SHIPYARDS action**] and this lawsuit [**Action 1 - the California State Court action**] shows that he is unconcerned about two parallel lawsuits proceeding at the same time. Since Judge Alvarado has already determined that this court [**Action 1 - the California State Court action**] is a seriously inconvenient forum and *the four defendants that appear not to be amenable to jurisdiction in Nevada* [(1) TODD SHIPYARDS; (2) UNIVERSITY MECHANICAL & ENGINEERING CONTRACTORS; (3) DOUGLASS INSULATION COMPANY, INC., and (4) ADVANCE MECHANICAL CONTRACTORS, INC.] *can be sued in a federal lawsuit venued in the Northern District of California,* there are alternate suitable fora for all defendants named in this case. Plaintiff's concerns about the manner in which the

///

1  federal court system has handled asbestos cases in the past, even if true and pertinent to the

2  present, are not a basis to retain this lawsuit in San Francisco Superior Court."

3      25.    Given the August 2, 2010, order of the Hon. Harol Kahn, just described, **the**

4  **within action** is brought so that the Plaintiff may be afforded complete relief and obtain

5  compensation, from among others, defendants (1) UNIVERSITY MECHANICAL &

6  ENGINEERING CONTRACTORS, (2) DOUGLASS INSULATION COMPANY, INC., and (3)

7  ADVANCE MECHANICAL CONTRACTORS, INC.  The case as to TODD SHIPYARDS has,

8  or soon will be, dismissed.

9                                              **IV.**

10                                   **CAUSES OF ACTION**

11                          FIRST CAUSE OF ACTION
                                    (Negligence)

12

13          PLAINTIFF FRANK RICCO COMPLAINS OF DEFENDANTS ADVANCE

14  MECHANICAL CONTRACTORS, INC., AMERICAN OPTICAL CORPORATION, BACOU-

15  DALLOZ SAFETY, INC., BAYER CROPSCIENCE INC., BETTER-BILT SCAFFOLDS, INC.,

16  CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC

17  CORPORATION), CERTAINTEED CORPORATION, CHEVRON U.S.A. INC., CLEAVER-

18  BROOKS, INC., CONSOLIDATED INSULATION, INC., CROWN CORK & SEAL

19  COMPANY, INC., CSK AUTO, INC., DEL WEBB CORPORATION, DOUGLASS

20  INSULATION COMPANY, INC., FLUOR CORPORATION, FORD MOTOR COMPANY,

21  FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GARLOCK

22  SEALING TECHNOLOGIES, LLC, GENERAL ELECTRIC COMPANY, GENUINE PARTS

23  COMPANY, GEORGE M. RAYMOND CO. - NORTH, GOULDS PUMPS, INC., GRINNELL

24  CORPORATION, H & C INVESTMENT ASSOCIATES, INC., HAMILTON MATERIALS,

25  INC., HONEYWELL INTERNATIONAL, INC., HOPEMAN BROTHERS, INC.,

26  INGERSOLL-RAND COMPANY, J.T. THORPE & SON, INC., JOHNSON CONTROLS,

27  ///

28  ///

1 INC., KAISER GYPSUM COMPANY, INC., KELLY-MOORE PAINT COMPANY, INC., M.

2 SLAYEN & ASSOCIATES, INC., METALCLAD INSULATION CORPORATION,

3 OAKFABCO, INC., OSCAR E. ERICKSON, INC., PARKER-HANNIFIN CORPORATION,

4 PEP BOYS MANNY MOE & JACK OF CALIFORNIA, THE, PERINI CORPORATION,

5 PLANT INSULATION COMPANY, PLANT PRODUCTS & SUPPLY COMPANY, QUINTEC

6 INDUSTRIES, INC., SAN DIEGO GAS & ELECTRIC COMPANY, SCOTT

7 TECHNOLOGIES, INC., SEQUOIA VENTURES INC., TEMPORARY PLANT CLEANERS,

8 INC., TEXTRON INC., THOMAS DEE ENGINEERING COMPANY, TRANE US, INC. FKA

9 AMERICAN STANDARD, INC., UNIVERSITY MECHANICAL AND ENGINEERING

10 CONTRACTORS, INC., VIKING NORTHWEST COMPANY, ZURN INDUSTRIES, LLC,

11 THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF

12 ACTION FOR NEGLIGENCE ALLEGES:

13   26.  At all times herein mentioned, each of the named defendants was the successor,

14 successor in business, successor in product line or a portion thereof, assign, predecessor,

15 predecessor in business, predecessor in product line or a portion thereof, parent, holding

16 company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

17 or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

18 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

19 supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

20 representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

21 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

22 otherwise directing and/or facilitating the use of, or advertising a certain product, namely

23 asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be

24 called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

25 conduct of each successor, successor in business, successor in product line or a portion thereof,

26 assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

27 venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

28 entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

1   designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

2   sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

3   rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

4   products containing asbestos. The following defendants, and each of them, are liable for the acts

5   of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

6   destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

7   of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

8   ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

9   such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

10   role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

11   originally attached to each such ALTERNATE ENTITY: \

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BACOU-DALLOZ SAFETY, INC. | WGM SAFETY CORP. |
| | WILLSON SAFETY PRODUCTS |
| | WGM SAFETY CORP. |
| BAYER CROPSCIENCE, INC. | BAYER CROPSCIENCE USA, INC. |
| | AVENTIS CROPSCIENCE USA, INC. |
| | RHONE-POULENC AG COMPANY, INC. |
| | RHODIA, INC. |
| | RHONE-POULENC, INC. |
| | STAUFFER CHEMICAL COMPANY |
| | STAUFFER CHEMICALS CO. |
| | AMCHEM PRODUCTS, INC., THE BENJAMIN |
| |    FOSTER DIVISION |
| CBS CORPORATION (F/K/A VIACOM | VIACOM, INC. |
| INC., F/K/A WESTINGHOUSE | CBS CORPORATION |
| ELECTRIC CORPORATION) | WESTINGHOUSE ELECTRIC CORPORATION |
| | WESTINGHOUSE ELECTRIC AND |
| |   MANUFACTURING COMPANY |
| | B.F. STURTEVANT |
| | KPIX TELEVISION STATION |
| | PARAMOUNT COMMUNICATIONS, INC |
| | GULF & WESTERN INDUSTRIES, INC. |
| | NORTH & JUDD MANUFACTURING COMPANY |

26   ///

27   ///

28   ///

| | DEFENDANT | ALTERNATE ENTITY |
|---|---|---|
| 1 | | |
| 2 | CERTAINTEED CORPORATION | CERTAIN-TEED CORPORATION |
| 3 | | KEASBEY & MATTISON |
| | | GUSTIN BACON MANUFACTURING CO. |
| 4 | | PARKSON PIPELINE MATERIALS |
| | | PARKSON, INC. |
| 5 | | WATER CO. |
| | | TELFORD SMITH SUPPLY CO. |
| 6 | CHEVRON U.S.A. INC. | CHEVRON CHEMICAL COMPANY |
| 7 | | CHEVRON CORPORATION PRODUCTS COMPANY |
| | | CHEVRON OIL REFINERY |
| 8 | | CHEVRON PRODUCTS COMPANY |
| | | CHEVRON RESEARCH AND TECHNOLOGY |
| 9 | | GULF OIL CORPORATION |
| | | GULF OIL PRODUCTS COMPANY |
| 10 | | PACIFIC OIL REFINING |
| | | PACIFIC REFINING CO PRE-1976 |
| 11 | | STANDARD OIL BUILDING |
| | | STANDARD OIL COMPANY OF CALIFORNIA |
| 12 | | STANDARD OIL COMPANY OF CALIFORNIA, WESTERN OPERATIONS, INC. |
| 13 | | CHEVRON OVERSEAS PETROLEUM INC. |
| | CLEAVER-BROOKS, INC. | CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC. |
| 14 | | AQUA-CHEM, INC. |
| | | CLEAVER BROOKS |
| 15 | | SPRINGFIELD BOILER CO. |
| 16 | CROWN CORK & SEAL COMPANY, INC. | MUNDET CORK COMPANY |
| 17 | | |
| | CSK AUTO, INC. | KRAGEN AUTO SUPPLY CO. |
| 18 | | NORTHERN AUTOMOTIVE CORPORATION |
| | | CHECKER AUTO PARTS, INC. |
| 19 | | TBDPC CORPORATION |
| | | PACCAR AUTOMOTIVE, INC. |
| 20 | | GRAND AUTO, INC. |
| | | AL'S AND GRAND AUTO SUPPLY, INC. |
| 21 | | SCHUCK'S AUTO SUPPLY |
| | | TOPPS AUTOMOTIVE |
| 22 | | TRAK AUTO PARTS |
| | | AL'S AUTO SUPPLY |
| 23 | | |
| | DEL WEBB CORPORATION | DEL WEBB CALIFORNIA CORPORATION |
| 24 | | |
| | FLUOR CORPORATION | FLUOR MAINTENANCE |
| 25 | | FLUOR CONSTRUCTION COMPANY |
| | | THE FLUOR CORPORATION, LIMITED |
| 26 | | THE FLUOR CORPORATION, LTD. |
| | | FLUOR CORPORATION, A Delaware Corporation |
| 27 | | FLUOR-DANIELS |
| 28 | /// | |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| | DEFENDANT | ALTERNATE ENTITY |
|---|---|---|
| 1 | | |
| 2 | FORD MOTOR COMPANY | BRITISH LEYLAND MOTORS, INC. |
| 3 | | BRITISH MOTOR CORPORATION |
| | | JAGUAR CARS, INC. |
| | | TRIUMPH |
| 4 | | LINCOLN CONTINENTAL |
| | | AUSTIN HEALEY |
| 5 | | |
| 6 | GARLOCK SEALING TECHNOLOGIES, LLC | GARLOCK, INC. |
| | | COLTEC INDUSTRIES, INC. |
| 7 | | FAIRBANKS-MORSE |
| | | FAIRBANKS MORSE ENGINES |
| | | BELMONT PACKING & RUBBER CO. |
| 8 | | GARLOCK PACKING CO. |
| | | U.S. GASKET CO. |
| 9 | | GOODRICH CORPORATION |
| | | ENPRO INDUSTRIES, INC. |
| 10 | | |
| 11 | GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| 12 | | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | | G E INDUSTRIAL SYSTEMS |
| 13 | | CURTIS TURBINES |
| | | PARSONS TURBINES |
| | | GENERAL ELECTRIC JET ENGINES |
| 14 | | |
| 15 | GENUINE PARTS COMPANY (GPC) | NAPA AUTO PARTS |
| | | GENUINE PARTS COMPANY OF MICHIGAN, INC. |
| 16 | | RAYLOC BRAKES |
| | | AUTHORIZED MOTOR PARTS CORP. |
| 17 | | GENUINE PARTS COMPANY OF WISCONSIN, INC. |
| | | AUTOMOTIVE PARTS COMPANY |
| 18 | | COLYEAR MOTOR SALES COMPANY |
| | | GENERAL AUTOMOTIVE PARTS CORPORATION |
| 19 | | STANDARD UNIT PARTS CORPORATION |
| | | DIGERUD AUTO PARTS |
| 20 | | FANCHER AUTO-TRUCK PARTS CO. |
| | | VALLEY AUTO |
| | | REDWOOD AUTO SUPPLY |
| 21 | | |
| 22 | FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| 23 | GEORGE M. RAYMOND CO. - NORTH | RAYMOND PLASTERING CO. |
| | | RAYMOND GROUP, THE |
| 24 | | WHITTAKER PLASTERING |
| 25 | GOULDS PUMPS, INC. | GOULDS PUMPS (IPG), INC. |
| | | MORRIS PUMPS, INC. |
| | | MORRIS MACHINE WORKS |
| 26 | | U.S. PUMPS, INC. |
| 27 | HAMILTON MATERIALS, INC. | HAMILTON DISTRIBUTING |
| 28 | /// | |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | AIRESEARCH DOMESTIC INTERNATIONAL SALES |
| | CORPORATION |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| | UNION TEXAS NATURAL GAS CORPORATION |
| | UNION OIL AND GAS OF LOUISIANA |
| | UNION SULPHUR AND OIL CORPORATION |
| | UNION SULPHUR COMPANY, INC., THE |
| | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | SIGNAL COMPANIES, INC., THE |
| | HANCOCK OIL COMPANY |
| | BARRETT DIVISION, ALLIED CHEMICAL & DYE |
| | CORPORATION |
| | SIGNAL COMPANIES, INC., THE |
| | SIGNAL OIL & GAS CO. |
| | BANKLINE OIL COMPANY |
| GRINNELL CORPORATION | GRINNELL FIRE PROTECTION SYSTEMS COMPANY, INC. |
| | GRINNELL COMPANY OF THE PACIFIC |
| | ITT FLUID TECHNOLOGY CORPORATION |
| | ITT GRINNELL CORPORATION |
| H & C INVESTMENT ASSOCIATES, INC. | CHILDERS PRODUCTS COMPANY, INC. |
| HOPEMAN BROTHERS, INC. | HOPEMAN BROTHERS MARINE INTERIORS, LLC |

///

///

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| INGERSOLL-RAND COMPANY | INGERSOLL-DRESSER PUMP |
| | DRESSER-RAND CO. |
| | PACIFIC PUMP WORKS |
| | FLOWSERVE CORPORATION |
| | INGERSOLL ROCK DRILL COMPANY |
| | TERRY STEAM TURBINE CO. |
| | WHITON MACHINE COMPANY |
| | RAND DRILL COMPANY |
| | RAND & WARING DRILL AND COMPRESSOR COMPANY |
| | INGERSOLL-SERGEANT |
| | SCHLAGE LOCK COMPANY |
| | VON DUPRIN |
| | THE TORRINGTON COMPANY |
| | BLAW-KNOX COMPANY |
| | ALDRICH PUMPS |
| | HUSSMANN CORPORATION |
| J.T. THORPE & SON, INC. | THE THORPE COMPANY |
| | THORPE PRODUCTS CO. |
| | J.T. THORPE NORTHWEST |
| JOHNSON CONTROLS, INC. | JOHNSON SERVICE COMPANY |
| KAISER GYPSUM COMPANY, INC. | PERMANENTE CEMENT COMPANY |
| | HENRY J. KAISER COMPANY |
| | PACIFIC COAST CEMENT COMPANY |
| KELLY-MOORE PAINT COMPANY, INC. | FRANK W. DUNNE COMPANY |
| | DUNNE QUALITY PAINTS |
| M. SLAYEN & ASSOCIATES, INC. | CALIFORNIA FABRICS & UPHOLSTERY |
| METALCLAD INSULATION CORPORATION | NORTHERN CALIFORNIA INSULATION, INC. |
| | SWEETSER ENTERPRISES |
| | PACIFIC ASBESTOS & SUPPLY |
| | PACIFIC INSULATION SERVICES, INC. |
| | KEMPER CONSULTANTS, INC. |
| OAKFABCO, INC. | KEWANEE BOILER CO., INC. |
| | AMERICAN STANDARD, INC. |
| OSCAR E. ERICKSON, INC. | ASSOCIATED INSULATION OF CALIFORNIA |
| | OSCAR E. ERICKSON COMPANY |
| | OSCAR ERICKSON, INCORPORATED |
| PARKER-HANNIFIN CORPORATION | SACOMA-SIERRA, INC. |
| | SACOMA MANUFACTURING COMPANY |
| | E.I.S. AUTOMOTIVE CORPORATION |
| | CONDREN CORPORATION, THE |
| | PARKER SEAL COMPANY |
| | DENISON HYDRAULICS INC. |
| | GREER HYDRAULICS CORPORATION |

///

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| PERINI CORPORATION | PERINI LAND AND DEVELOPMENT COMPANY, INC.<br>PERINI LAND AND DEVELOPMENT COMPANY |
| PLANT INSULATION COMPANY | ASBESTOS COMPANY OF CALIFORNIA<br>PLANT ASBESTOS COMPANY |
| QUINTEC INDUSTRIES, INC. | WESTERN FIBERGLAS SUPPLY COMPANY<br>MULDOON INSULATION |
| SAN DIEGO GAS & ELECTRIC<br>COMPANY | SAN DIEGO GAS COMPANY<br>SAN DIEGO GAS & ELECTRIC LIGHT COMPANY<br>SAN DIEGO CONSOLIDATED GAS &<br>ELECTRIC COMPANY |
| SCOTT TECHNOLOGIES, INC. | FIGGIE INTERNATIONAL, INC.<br>A-T-O, INC.<br>AUTOMATIC SPRINKLER CORPORATION OF AMERICA<br>AMERICAN LAFRANCE CORPORATION (Post 4/21/66)<br>SAFEWAY STEEL PRODUCTS |
| SEQUOIA VENTURES, INC. | BECHTEL CORPORATION (DE) |
| TEMPORARY PLANT CLEANERS, INC. | PLANT MAINTENANCE, INC. OF CALIFORNIA |
| TEXTRON INC. | TEXTRON LYCOMING<br>CUSHMAN<br>AVCO CORPORATION<br>JACOBSEN MANUFACTURING COMPANY |
| THOMAS DEE ENGINEERING COMPANY | THOMAS DEE ENGINEERING CO., INC.<br>DEE ENGINEERING COMPANY |
| TRANE US, INC. FKA<br>AMERICAN STANDARD, INC. | THE TRANE COMPANY<br>TRANE BOILER<br>U.S. RADIATOR<br>AMERICAN RADIATOR & STANDARD SANITARY CORP.<br>THE AMERICAN RADIATOR COMPANY<br>IDEAL BOILER<br>AMERICAN STANDARD BOILERS<br>KEWANEE BOILER CO., INC.<br>STANDARD MANUFACTURING CO.<br>WESTINGHOUSE AIR BRAKE CORPORATION<br>WABCO<br>MURRAY IRON WORKS CO.<br>MURRAY Division, The Trane Co. |
| UNIVERSITY MECHANICAL &<br>ENGINEERING CONTRACTORS, INC. | JWP WEST<br>E.H. MORRIL COMPANY |
| VIKING NORTHWEST COMPANY | VIKING SPRINKLER |
| /// | |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1  DEFENDANT                   ALTERNATE ENTITY

2  ZURN INDUSTRIES, LLC         ZURN INDUSTRIES, INC.
                               ZURN INDUSTRIES, INC., ENERGY DIVISION
3                           ERIE CITY ENERGY DIVISION
                               ERIE CITY IRON WORKS
4                           ERIE CITY BOILERS
                               WILKINS-ZURN INDUSTRIES

5

6      27.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

7  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

8  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

9  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

10  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

11  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

12  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

13  asbestos and other products containing asbestos.

14      28.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

15  each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

16  fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

17  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

18  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

19  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

20  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

21  and other products containing asbestos, in that said products caused personal injuries to users,

22  consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter

23  collectively called "exposed persons"), while being used in a manner that was reasonably

24  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by

25  "exposed persons".

26      29.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

27  exercise due care in the pursuance of the activities mentioned above and defendants, and each of

28  them, breached said duty of due care.

30.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

31.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

32.     As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

33.     Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

///

///

34.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

35.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

36.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

37.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

38.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

39.     Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

///

1    40.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

2  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious

3  disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of

4  example and by way of punishing said defendants, seeks punitive damages according to proof.

5    WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

6  each of them, as hereinafter set forth.

7                              SECOND CAUSE OF ACTION
                                  (Products Liability)

8

9    AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

10  ACTION FOR PRODUCTS LIABILITY, PLAINTIFF FRANK RICCO COMPLAINS OF

11  DEFENDANTS ADVANCE MECHANICAL CONTRACTORS, INC., AMERICAN OPTICAL

12  CORPORATION, BACOU-DALLOZ SAFETY, INC., BAYER CROPSCIENCE INC.,

13  BETTER-BILT SCAFFOLDS, INC., CBS CORPORATION (FKA VIACOM INC., FKA

14  WESTINGHOUSE ELECTRIC CORPORATION), CERTAINTEED CORPORATION,

15  CHEVRON U.S.A. INC., CLEAVER-BROOKS, INC., CONSOLIDATED INSULATION,

16  INC., CROWN CORK & SEAL COMPANY, INC., CSK AUTO, INC., DEL WEBB

17  CORPORATION, DOUGLASS INSULATION COMPANY, INC., FLUOR CORPORATION,

18  FORD MOTOR COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER

19  CORPORATION), GARLOCK SEALING TECHNOLOGIES, LLC, GENERAL ELECTRIC

20  COMPANY, GENUINE PARTS COMPANY, GEORGE M. RAYMOND CO. - NORTH,

21  GOULDS PUMPS, INC., GRINNELL CORPORATION, H & C INVESTMENT

22  ASSOCIATES, INC., HAMILTON MATERIALS, INC., HONEYWELL INTERNATIONAL,

23  INC., HOPEMAN BROTHERS, INC., INGERSOLL-RAND COMPANY, J.T. THORPE &

24  SON, INC., JOHNSON CONTROLS, INC., KAISER GYPSUM COMPANY, INC., KELLY-

25  MOORE PAINT COMPANY, INC., M. SLAYEN & ASSOCIATES, INC., METALCLAD

26  INSULATION CORPORATION, OAKFABCO, INC., OSCAR E. ERICKSON, INC.,

27  PARKER-HANNIFIN CORPORATION, PEP BOYS MANNY MOE & JACK OF

28  ///

1  CALIFORNIA, THE, PERINI CORPORATION, PLANT INSULATION COMPANY, PLANT
2  PRODUCTS & SUPPLY COMPANY, QUINTEC INDUSTRIES, INC., SAN DIEGO GAS &
3  ELECTRIC COMPANY, SCOTT TECHNOLOGIES, INC., SEQUOIA VENTURES INC.,
4  TEMPORARY PLANT CLEANERS, INC., TEXTRON INC., THOMAS DEE ENGINEERING
5  COMPANY, TRANE US, INC. FKA AMERICAN STANDARD, INC., UNIVERSITY
6  MECHANICAL AND ENGINEERING CONTRACTORS, INC., VIKING NORTHWEST
7  COMPANY, ZURN INDUSTRIES, LLC, THEIR "ALTERNATE ENTITIES," AND EACH OF
8  THEM, AS FOLLOWS:

9       41.    Plaintiff incorporates herein by reference, as though fully set forth herein, the
10  allegations contained in each paragraph of the First Cause of Action herein.

11       42.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended
12  that the above-referenced asbestos and asbestos-containing products would be used by the
13  purchaser or user without inspection for defects therein or in any of their component parts and
14  without knowledge of the hazards involved in such use.

15       43.    Said asbestos and asbestos-containing products were defective and unsafe for their
16  intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The
17  defect existed in the said products at the time they left the possession of defendants, their
18  "alternate entities," and each of them. Said products did, in fact, cause personal injuries,
19  including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff
20  herein, while being used in a reasonably foreseeable manner, thereby rendering the same
21  defective, unsafe and dangerous for use.

22       44.    "Exposed persons" did not know of the substantial danger of using said products.
23  Said dangers were not readily recognizable by "exposed persons". Said defendants, their
24  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
25  which Plaintiff and others similarly situated were exposed.

26       45.    In researching, manufacturing, fabricating, designing, modifying, testing or failing
27  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
28  ///

1   sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
2   marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
3   and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
4   did so with conscious disregard for the safety of "exposed persons" who came in contact with
5   said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
6   ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
7   death resulting from exposure to asbestos or asbestos-containing products, including, but not
8   limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
9   from scientific studies performed by, at the request of, or with the assistance of, said defendants,
10   their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
11   defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

12         46.     On or before 1930, and thereafter, said defendants, their ALTERNATE
13   ENTITIES and each of them, were aware that members of the general public and other "exposed
14   persons", who would come in contact with their asbestos and asbestos-containing products, had
15   no knowledge or information indicating that asbestos or asbestos-containing products could
16   cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
17   members of the general public and other "exposed persons", who came in contact with asbestos
18   and asbestos-containing products, would assume, and in fact did assume, that exposure to
19   asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
20   hazardous to health and human life.

21         47.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
22   of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
23   lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
24   market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
25   asbestos-containing products without attempting to protect "exposed persons" from or warn
26   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
27   asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
28   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

1 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

2 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

3 and suppressed said knowledge from "exposed persons" and members of the general public, thus

4 impliedly representing to "exposed persons" and members of the general public that asbestos and

5 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

6 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

7 representations with the knowledge of the falsity of said implied representations.

8      48.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

9 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

10 ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

11 manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

12 sale, inspection, installation, contracting for installation, repair, marketing, warranting,

13 rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-

14 containing products. In pursuance of said financial motivation, said defendants, their

15 ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

16 persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

17 containing products to cause injury to "exposed persons" and induced persons to work with and

18 be exposed thereto, including Plaintiff.

19      49.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE

20 ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

21 products to be safe for their intended use but that their asbestos and asbestos-containing products,

22 created an unreasonable risk of bodily harm to exposed persons.

23      50.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos

24 and various asbestos-containing products manufactured, fabricated, inadequately researched,

25 designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered

26 for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

27 marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

28 aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

1 | cannot identify precisely which asbestos or asbestos-containing products caused the injuries
2 | complained of herein.

3 |      51.    Plaintiff relied upon defendants', their "alternate entities'", and each of their
4 | representations, lack of warnings, and implied warranties of fitness of asbestos and their
5 | asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has
6 | been injured permanently as alleged herein.

7 |      52.    As a direct and proximate result of the actions and conduct outlined herein,
8 | Plaintiff has suffered the injuries and damages previously alleged.

9 |     WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE
10 | ENTITIES, and each of them, as hereinafter set forth.

11 | 
## IV.

12 | 
## PRAYER

13 |     WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE
14 | ENTITIES, and each of them in an amount to be proved at trial, as follows:

15 |     (a)    For Plaintiff's general damages according to proof;
16 |     (b)    For Plaintiff's loss of income, wages and earning potential according to proof;
17 |     (c)    For Plaintiff's medical and related expenses according to proof;
18 |     (d)    For Plaintiff's cost of suit herein;
19 |     (e)    For exemplary or punitive damages according to proof;
20 |     (f)    For damages for fraud according to proof; and
21 |     (g)    For such other and further relief as the Court may deem just and proper, including
22 |     costs and prejudgment interest.

23 | 
24 | Dated:  10/18/10           BRAYTON❖PURCELL LLP
25 | 
26 |            By:
27 |            David R. Donadio
           Attorneys for Plaintiff
28 |

1                             <u>JURY DEMAND</u>

2        Plaintiff hereby demands trial by jury of all issues of this cause.

3

4   Dated: _____           BRAYTON❖PURCELL LLP

5

6                                By: _____

7                                    David R. Donadio
                                   Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28