ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:10-cv-05563-EDL

| | |
|---|---|
| Leonard v. General Electric Company et al | Date Filed: 12/08/2010 |
| Assigned to: Magistrate Judge Elizabeth D. Laporte | Jury Demand: Plaintiff |
| Demand: $0 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

| | | |
|---|---|---|
| **John Leonard** | represented by | **David R. Donadio** |
| | | Brayton & Purcell LLP |
| | | Attorneys at Law |
| | | 222 Rush Landing Road |
| | | P.O. Box 6169 |
| | | Novato, CA 94948-6169 |
| | | (415) 898-1555 |
| | | Fax: (415) 898-1247 |
| | | Email: DDonadio@braytonlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
(415) 898-1555
Fax: (415) 898-1247
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Foster Wheeler LLC**
*formerly known as*

Foster Wheeler Corporation

**Defendant**

**Northrop Grumman Shipbuilding, Inc.**

**Defendant**

**General Dynamics Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/08/2010 | 1 | COMPLAINT for Asbestos Personal Injury/Products Liability & Demand for Jury Trial - [Summons Issued] against CBS Corporation, Foster Wheeler LLC, General Dynamics Corporation, General Electric Company, Northrop Grumman Shipbuilding, Inc., [Filing Fee: $350.00, Receipt Number 34611053703] Filed by John Leonard.(tn, COURT STAFF) (Filed on 12/8/2010) (Entered: 12/09/2010) |
| 12/08/2010 | 2 | SUMMONS Issued as to CBS Corporation, Foster Wheeler LLC, General Dynamics Corporation, General Electric Company, Northrop Grumman Shipbuilding, Inc.. (tn, COURT STAFF) (Filed on 12/8/2010) (Entered: 12/09/2010) |
| 12/08/2010 | 3 | ADR SCHEDULING ORDER: Joint Case Management Statement due 3/15/2011 & InitialCase Management Conference set for 3/22/2011 at 10:00 AM. (tn, COURT STAFF) (Filed on 12/8/2010) (Entered: 12/09/2010) |
| 12/08/2010 | 4 | Certification of Interested Entities or Persons filed by John Leonard. (tn, COURT STAFF) (Filed on 12/8/2010) (Entered: 12/09/2010) |
| 12/08/2010 | 5 | NOTICE of Tag-Along Action filed by John Leonard. (tn, COURT STAFF) (Filed on 12/8/2010) (Entered: 12/09/2010) |
| 12/08/2010 | 6 | Declination to Proceed Before a U.S. Magistrate Judge & Request for Reassignment to a United States District Court Judge filed by John Leonard. (tn, COURT STAFF) (Filed on 12/8/2010) (Entered: 12/09/2010) |
| 12/08/2010 | | CASE DESIGNATED for Electronic Filing. (tn, COURT STAFF) (Entered: 12/09/2010) |
| 12/13/2010 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (lmh, COURT STAFF) (Filed on 12/13/2010) (Entered: 12/13/2010) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/13/2010 12:45:17 | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:10-cv-05563-EDL |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

1 | ALAN R. BRAYTON, ESQ., S.B. #73685
2 | DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
3 | Attorneys at Law
222 Rush Landing Road
4 | P.O. Box 6169
Novato, California 94948-6169
5 | (415) 898-1555
(415) 898-1247 (Fax No.)

6 | Attorneys for Plaintiff     **E-filing**

ORIGINAL
FILED
2010 DEC -8  P 12: 23
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

*EDL*

| JOHN LEONARD, | ) | No. _____ |
|---|---|---|
| Plaintiff, | ) | **CV 10 5563** |
| vs. | ) | COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL |
| GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), NORTHROP GRUMMAN SHIPBUILDING, INC., GENERAL DYNAMICS CORPORATION, | ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) ) ) ) |  |

**I.**

**PARTIES**

1.      Plaintiff in this action, JOHN LEONARD, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.

2.      Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1       3.      The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit**
2    **A**, attached to Plaintiff's complaint and incorporated by reference herein.

3       4.      All of Plaintiff's claims arise out of repeated exposure to asbestos-containing
4    products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or
5    maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of
6    toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative,
7    progressive, incurable lung diseases.

8       5.      Plaintiff claims damages for an asbestos-related disease arising from a series of
9    occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing
10   products, when handled in the manner in which they were intended, released harmful asbestos
11   fibers which when inhaled by Plaintiff, caused serious lung disease.

12      6.      As used herein, Plaintiff shall mean the above-captioned asbestos-injured
13   Plaintiff.

14      7.      Plaintiff is informed and believes, and thereon alleges that at all times herein
15   mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole
16   proprietorships and/or other business entities organized and existing under and by virtue of the
17   laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
18   said defendants, and each of them, were and are authorized to do and are doing business in the
19   State of California, and that said defendants have regularly conducted business in the County of
20   San Francisco, State of California.

21                                          **II.**

22              **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

23      8.      <u>Jurisdiction:</u> Plaintiff JOHN LEONARD is a citizen of the State of Idaho.

24              Defendants are each corporations incorporated under the laws of and having its principal
25   places of business in the following States:

| DEFENDANT | STATE |
|-----------|-------|
| GENERAL ELECTRIC COMPANY | Connecticut |

| DEFENDANT | STATE |
|---|---|
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | New York |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |
| GENERAL DYNAMICS CORPORATION | Virginia |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9. <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

**III.**

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF JOHN LEONARD COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), NORTHROP GRUMMAN SHIPBUILDING, INC., GENERAL DYNAMICS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

1  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

2  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

3  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

4  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

5  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

6  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

7  asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be

8  called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

9  conduct of each successor, successor in business, successor in product line or a portion thereof,

10  assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

11  venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

12  entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

13  designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

14  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

15  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

16  products containing asbestos. The following defendants, and each of them, are liable for the acts

17  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

18  destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

19  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

20  ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

21  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

22  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

23  originally attached to each such ALTERNATE ENTITY:

24  DEFENDANT                                    ALTERNATE ENTITY

25  GENERAL ELECTRIC COMPANY        MATTERN X-RAY
                                                    HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED
26                                                  TRUMBULL ELECTRIC MANUFACTURING COMPANY
                                                    G E INDUSTRIAL SYSTEMS
27                                                  CURTIS TURBINES
                                                    PARSONS TURBINES
28                                                  GENERAL ELECTRIC JET ENGINES

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC.<br>CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br>WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY<br>B.F. STURTEVANT<br>KPIX TELEVISION STATION<br>PARAMOUNT COMMUNICATIONS, INC<br>GULF & WESTERN INDUSTRIES, INC.<br>NORTH & JUDD MANUFACTURING COMPANY |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |
| GENERAL DYNAMICS CORPORATION | CONVAIR<br>VULTEE AIRCRAFT INC.<br>CONSOLIDATED VULTEE AIRCRAFT CORPORATION<br>ASBESTOS CORPORATION LIMITED |

11. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12. At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

1  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
2  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
3  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
4  and other products containing asbestos, in that said products caused personal injuries to users,
5  consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter
6  collectively called "exposed persons"), while being used in a manner that was reasonably
7  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by
8  "exposed persons".

9     13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
10  exercise due care in the pursuance of the activities mentioned above and defendants, and each of
11  them, breached said duty of due care.

12     14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
13  have known, and intended that the aforementioned asbestos and products containing asbestos and
14  related products and equipment, would be transported by truck, rail, ship, and other common
15  carriers, that in the shipping process the products would break, crumble, or be otherwise
16  damaged; and/or that such products would be used for insulation, construction, plastering,
17  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
18  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
19  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
20  release of airborne asbestos fibers, and that through such foreseeable use and/or handling
21  "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to
22  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
23  persons working in proximity to said products, directly or through reentrainment.

24     15.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-
25  containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's
26  exposure to asbestos and asbestos-containing products is on current information as set forth at
27  various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and
28  incorporated by reference herein.

16.     As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

17.     Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

K:\ln\ured\114696\FED\PLD\cmp fed (pi).wpd                          7
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

22. Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23. Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

24. The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

SECOND CAUSE OF ACTION
(Products Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY, PLAINTIFF JOHN LEONARD COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), NORTHROP GRUMMAN SHIPBUILDING, INC., GENERAL DYNAMICS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

25. Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations contained in each paragraph of the First Cause of Action herein.

26. Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and

1   without knowledge of the hazards involved in such use.

2       27.    Said asbestos and asbestos-containing products were defective and unsafe for their
3   intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The
4   defect existed in the said products at the time they left the possession of defendants, their
5   "alternate entities," and each of them. Said products did, in fact, cause personal injuries,
6   including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff
7   herein, while being used in a reasonably foreseeable manner, thereby rendering the same
8   defective, unsafe and dangerous for use.

9       28.    "Exposed persons" did not know of the substantial danger of using said products.
10  Said dangers were not readily recognizable by "exposed persons". Said defendants, their
11  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
12  which Plaintiff and others similarly situated were exposed.

13      29.    In researching, manufacturing, fabricating, designing, modifying, testing or failing
14  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
15  sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
16  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
17  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
18  did so with conscious disregard for the safety of "exposed persons" who came in contact with
19  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
20  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
21  death resulting from exposure to asbestos or asbestos-containing products, including, but not
22  limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
23  from scientific studies performed by, at the request of, or with the assistance of, said defendants,
24  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
25  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

26      30.    On or before 1930, and thereafter, said defendants, their ALTERNATE
27  ENTITIES and each of them, were aware that members of the general public and other "exposed
28  persons", who would come in contact with their asbestos and asbestos-containing products, had

1 no knowledge or information indicating that asbestos or asbestos-containing products could
2 cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
3 members of the general public and other "exposed persons", who came in contact with asbestos
4 and asbestos-containing products, would assume, and in fact did assume, that exposure to
5 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
6 hazardous to health and human life.

7       31.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
8 of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
9 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
10 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
11 asbestos-containing products without attempting to protect "exposed persons" from or warn
12 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
13 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
14 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
15 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
16 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
17 and suppressed said knowledge from "exposed persons" and members of the general public, thus
18 impliedly representing to "exposed persons" and members of the general public that asbestos and
19 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
20 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
21 representations with the knowledge of the falsity of said implied representations.

22       32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
23 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
24 ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
25 manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
26 sale, inspection, installation, contracting for installation, repair, marketing, warranting,
27 rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
28 containing products. In pursuance of said financial motivation, said defendants, their

1   ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
2   persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
3   containing products to cause injury to "exposed persons" and induced persons to work with and
4   be exposed thereto, including Plaintiff.

5       33.   Plaintiff alleges that the aforementioned defendants, their ALTERNATE
6   ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
7   products to be safe for their intended use but that their asbestos and asbestos-containing products,
8   created an unreasonable risk of bodily harm to exposed persons.

9       34.   Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
10  and various asbestos-containing products manufactured, fabricated, inadequately researched,
11  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
12  for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,
13  marketed, warranted, rebranded, manufactured for others, packaged and advertised by the
14  aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff
15  cannot identify precisely which asbestos or asbestos-containing products caused the injuries
16  complained of herein.

17      35.   Plaintiff relied upon defendants', their "alternate entities'", and each of their
18  representations, lack of warnings, and implied warranties of fitness of asbestos and their
19  asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has
20  been injured permanently as alleged herein.

21      36.   As a direct and proximate result of the actions and conduct outlined herein,
22  Plaintiff has suffered the injuries and damages previously alleged.

23      WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE
24  ENTITIES, and each of them, as hereinafter set forth.

25                                    **IV.**

26                                  **PRAYER**

27      WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE
28  ENTITIES, and each of them in an amount to be proved at trial, as follows:

1     (a)    For Plaintiff's general damages according to proof;

2     (b)    For Plaintiff's loss of income, wages and earning potential according to proof;

3     (c)    For Plaintiff's medical and related expenses according to proof;

4     (d)    For Plaintiff's cost of suit herein;

5     (e)    For exemplary or punitive damages according to proof;

6     (f)    For damages for fraud according to proof; and

7     (g)    For such other and further relief as the Court may deem just and proper, including

8     costs and prejudgment interest.

9 Dated: 12/6/10             BRAYTON❖PURCELL LLP

11                    By: _____

12                         David R. Donadio
                         Attorneys for Plaintiff

13                   <u>JURY DEMAND</u>

14     Plaintiff hereby demands trial by jury of all issues of this cause.

15 Dated: 12/6/10             BRAYTON❖PURCELL LLP

17                    By: _____

18                         David R. Donadio
                         Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1

EXHIBIT A

2  Plaintiff: JOHN LEONARD

3

4  Plaintiff's injuries:    Plaintiff's exposure to asbestos and asbestos-containing products caused

5  severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties

6  and/or other lung damage. Plaintiff was diagnosed with Mesothelioma on or about September

7  2010.

8

9  Retirement Status: The Injured Party retired from his last place of employment as a result of

10  becoming disabled due to an illness not related to asbestos. He has therefore suffered no

11  disability from his asbestos-related disease as "disability" is defined in California Code of Civil

12  Procedure § 340.2.

13

14  Defendants: Plaintiff contends that the asbestos-containing products to which he was or may

15  have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by

16  Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and

17  involved exposure to dust created by the contractors and the products of the entities listed below.

18  The exposure includes, but is not limited, to the following presently known contractors and the

19  manufacturers and distributors of asbestos-containing products:

20

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Smiling Sam's Drugs Vallejo, CA | Smiling Sam's Drugs Vallejo, CA | Delivery Boy | 4/1959 - 7/1959 |

24  Job Duties: Plaintiff delivered customer's purchases. Plaintiff is currently unaware if he was
   exposed to asbestos during this employment.

26  ///

27  ///

28  ///

K:\Injured\114696\FED\PLD\cmp fed (pi).wpd                14

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Brown Brothers Lathing & Plastering Napa, CA | Various new homes, including but not limited to: | Lather (Apprentice) | 11/1958 - 3/1960 |
| | Country Club Crest Vallejo, CA | | |
| | Bel-Air Homes Napa, CA | | |

Job Duties: Plaintiff assisted lathers during the initial phase of new home construction. Plaintiff erected lath after carpenters finished framing the houses. Plaintiff recalls mixing joint compound. Plaintiff recalls working with and next to tapers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Hunters Point Naval Shipyard San Francisco, CA Various vessels including but not limited to: | Pipefitter (Helper) | 10/24/1960 - 3/24/1962 |
| | CORAL SEA (CVA-43) | | |
| | RANGER (CVA-61) | | |
| | MIDWAY (CVA-41) | | |
| | KITTY HAWK (CV-63) | | 1961 - 3/24/1962 |
| | ENTERPRISE (CVN-65) | | 1961 - 3/24/1962 |
| | ORISKANY (CVA-34) | | |

Job Duties: Plaintiff worked as a pipefitter helper tearing out damaged pipes, asbestos insulation, valves, asbestos-containing gaskets, and packing on high pressure steam lines running throughout machinery spaces and boiler rooms on the ships listed above. Plaintiff installed new asbestos-containing gaskets manufactured by GARLOCK (GARLOCK SEALING TECHNOLOGIES, LLC) and FLEXITALLIC, INC. Plaintiff worked with and next to all trades including insulators and machinists. Plaintiff used asbestos gloves for protection and asbestos blankets for shielding while brazing. Plaintiff recalls working on turbines manufactured by GENERAL ELECTRIC COMPANY and WESTINGHOUSE (CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION). Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this employment.

///

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Mare Island Naval Shipyard Vallejo, CA Shop 56; Various vessels including but not limited to: | Pipefitter | 3/25/1962 - 9/24/1989 |
| | | Nuclear Tester | 10/30/1989 - 11/3/1995 |
| | GUITARRO (SSN-665) | | 1965 - 5/1992 |
| | HAWKBILL (SSN-666) | | 1966 - 11/3/1995 |
| | DOLPHIN (AGSS-555) | | 1968 - 11/3/1995 |
| | WAHOO (SS-565) | | 1962 - 1983 |
| | SAILFISH (SS-572) | | 1962 - 1978 |
| | GRAYBACK (SSG-574) | | 1962 - 1984 |
| | SEAWOLF (SSN-575) | | 1962 - 1987 |
| | DARTER (SS-576) | | 1962 - 1989 |
| | SKIPJACK (SSN-585) | | 1962 - 1990 |
| | PERMIT (SSN-594) | | 1962 - 1991 |
| | BARB (SS-596) | | 1962 - 1989 |
| | GEORGE WASHINGTON (SSBN-599) | | 1962 - 1985 |
| | ROBERT E. LEE (SSBN-601) | | 1962 - 1983 |
| | HADDOCK (SSN-621) | | 1966 - 1993 |
| | JOHN MARSHALL (SSBN-611) | | 1962 - 1992 |
| | GUARDFISH (SSN-612) | | 1965 - 1992 |
| | FLASHER (SS-613) | | 1966 - 1992 |
| | THOMAS JEFFERSON (SSBN-618) | | 1962 - 1986 |
| | ANDREW JACKSON (SSBN-619 | | 1962 - 1995 |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Mare Island Naval Shipyard, Vallejo, CA Shop 56; Various vessels including but not limited to: | Pipefitter | 3/25/1962 - 9/24/1989 |
| | | Nuclear Tester | 10/30/1989 - 11/3/1995 |
| | DANIEL BOONE (SSBN-629) | | 1962 - 1994 |
| | GRAYLING (SSN-648) | | 1967 - 1995 |
| | ASPRO (SSN-648) | | 1967 - 1995 |
| | DRUM (SSN-677) | | 1968 - 1995 |
| | PLUNGER (SSN-595) | | 1962 -1990 |
| | PINTADO (SSN-672) | | 1967 - 1992 |
| | HADDO (SSN-604) | | 1980 - 1991 |
| | YFN-1237 | | 1968 - 1972 |
| | Long Beach Naval Ship Yard, Long Beach, CA; LONG BEACH (CGN-9) | Pipefitter | 3/10/1969 - 4/5/1969 |

Job Duties: Plaintiff worked as a pipefitter. Plaintiff recalls working on all submarines that were built, overhauled and maintained at Mare Island including the DRUM (SSN-677), GUITARRO (SSN-665), HAWKBILL (SSN-666), and PINTADO (SSN-672) . As a pipefitter, plaintiff removed lagging from piping systems, then installed asbestos containing insulation on piping systems, valves and flanges. Plaintiff performed fabrication and repair of piping systems. Plaintiff used asbestos-containing insulation materials, including asbestos-containing gaskets, valve packing and asbestos cloth for covering piping. Plaintiff used asbestos gloves for protection and asbestos blankets for shielding while brazing. Plaintiff scraped old asbestos gasket material off in order to install new asbestos-containing gaskets. Plaintiff worked with asbestos-containing gaskets manufactured by GARLOCK (GARLOCK SEALING TECHNOLOGIES, LLC) and FLEXITALLIC, INC. Plaintiff worked in proximity to tradesmen who removed asbestos cloth insulation from heat exchangers. Plaintiff worked in proximity to Shop 38 machinists adjusting, installing and replacing packing on fresh water pumps and feed water pumps. Plaintiff cut and installed asbestos-containing rope-type packing on pumps in preparation for the hydro-testing that needed to be performed on all systems involving pumps, when he worked as part of the hydraulic flush gang, alongside the laggers working together in the same building. Plaintiff worked in proximity to flooring workers who were installing asbestos-containing floor tiles and linoleum. Plaintiff recalls obtaining needed supplies from the Mare Island Supply Department during his employment at Mare Island. Plaintiff worked with and next to all trades including insulators and machinists. Plaintiff recalls while working on submarines that he worked on turbines manufactured by GENERAL ELECTRIC COMPANY and WESTINGHOUSE (CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE

1  ELECTRIC CORPORATION). Plaintiff recalls the following supervisor: Nuclear quality control foreman Jesse Miles, c/o Brayton✧Purcell, LLP. Plaintiff recalls the following co-workers:

2  Richard Lee, deceased and Dennis DeStefano, deceased; Terry Neff, address unknown. Plaintiff currently contends that he was exposed to asbestos during this employment.

3

Home Remodel:

4

Plaintiff recalls in the 1970's applying and sanding GOLD BOND (ASBESTOS CLAIMS

5  MANAGEMENT CORPORATION) joint compound while remodeling his home.

6  Plaintiff currently contends he was exposed to asbestos as a result of this home remodel work.

7

Friction:

8

During the 1950's - 1970s, plaintiff performed automotive repair work on his own personal

9  vehicles. Plaintiff performed multiple clutch replacement jobs. Plaintiff recalls using FEL- PRO gaskets ( FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR

10  TO FELT-PRODUCTS MANUFACTURING CO. ), and MR. GASKET gaskets (PERFORMANCE INDUSTRIES, INC.) Plaintiff recalls replacing brakes and clutches

11  manufactured by BORG WARNER ( BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.).   Plaintiff purchased

12  asbestos-containing replacement brakes and clutches from: NATIONAL AUTO PARTS, Vallejo, California; GRAND AUTO STORES, Vallejo, California.

13

Plaintiff currently contends he was exposed to asbestos as a result of this automotive repair work.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28