# U.S. District Court
## Western District of Virginia (Harrisonburg)
### CIVIL DOCKET FOR CASE #: 5:10-cv-00110-sgw
### Internal Use Only

Kiser v. A. W. Chesterton Co. et al
Assigned to: Judge Samuel G. Wilson
Demand: $20,000,000
Cause: 28:1332 Diversity-Product Liability

Date Filed: 10/26/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Phyllis H. Kiser**
*Executrix of the Estate of Orvin H.*
*Kiser, Sr., Deceased*

represented by **Gary Wheeler Kendall**
MICHIE HAMLETT LOWRY
RASMUSSEN & TWEEL PC
PO BOX 298
CHARLOTTESVILLE, VA 22902-0298
434-951-7200
Fax: 434-951-7218
Email: gkendall@mhlrt.com
*ATTORNEY TO BE NOTICED*

**John Gregory Webb**
MICHIE HAMLETT LOWRY
RASMUSSEN & TWEEL PC
PO BOX 298
CHARLOTTESVILLE, VA 22902-0298
434-951-7200
Fax: 434-951-7218
Email: gwebb@mhlrt.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A. W. Chesterton Co.**
*A Massachusetts Corporation*

**Defendant**

**Crane Packing Co.**
*An Illinois Corporation*
*formerly known as*
John Crane, Inc.

**Defendant**

**Crown Cork & Seal Company, Inc.**
*A New York Corporation*

**Defendant**

**Exxon Mobil Corporation**
*A New Jersey Corporation*
*formerly known as*
Mobil Oil Corporation

**Defendant**

**Foster Wheeler Corporation**
*A New Jersey Corporation*

**Defendant**

**General Electric Company**
*A New York Corporation*

**Defendant**

**General Refractories Company**
*A Pennsylvania Corporation*

**Defendant**

**Georgia-Pacific Corporation**
*A Georgia Corporation*

**Defendant**

**Goulds Pumps, Incorporated**
*A Delaware Corporation*

**Defendant**

**Harsco Industrial Patterson-Kelley**
*A Division of Harsco Corporation as*
*successor to Patterson-Kelley*
*Company. A Delaware Corporation*

**Defendant**

**Ingersoll-Rand Company**
*A New Jersey Corporation*

**Defendant**

**John Crane, Inc.**
*Not a Virginia Corporation*

**Defendant**

**Metropolitan Life Insurance**
**Company**
*A New York Corporation*

**Defendant**

**Rapid American Corporation**
*A New York Corporation*

**Defendant**

**Riley Power, Inc.**
*A Massachusetts Corporation*
*formerly known as*
Babcock Borsig Power, Inc.
*formerly known as*
D.B. Riley, Inc.
*formerly known as*
Riley Stoker Corporation

**Defendant**

**Sepco, Inc.**
*Not a Virginia Corporation*

**Defendant**

**Trane U.S. Inc.**
*Successor in Interest to American*
*Standard Inc.*

**Defendant**

**Uniroyal, Inc.**
*A Delaware Corporation*

**Defendant**

**CBS Corporation**
*A Delaware Corporation*
*formerly known as*
Viacom, Inc., Successor by Merger to
CBS Corporation, a Pennsylvania
Corporation
*formerly known as*
Westinghouse Electric Corporation
("Westinghouse")

**Defendant**

**Warren Pumps, LLC**
*Not a Virginia Corporation*

**Defendant**

**Zenith Pumps**
*Not a Virginia Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/26/2010 | 1 | COMPLAINT against A. W. Chesterton Co., CBS Corporation, Crane Packing Co., Crown Cork & Seal Company, Inc., Exxon Mobil Corporation, Foster Wheeler Corporation, General Electric Company, General Refractories Company, Georgia-Pacific Corporation, Goulds Pumps, Incorporated, Harsco |

Industrial Patterson-Kelley, Ingersoll-Rand Company, John Crane, Inc., Metropolitan Life Insurance Company, Rapid American Corporation, Riley Power, Inc., Sepco, Inc., Trane U.S. Inc., Uniroyal, Inc., Warren Pumps, LLC, Zenith Pumps (Filing fee $ 350.), filed by Phyllis H. Kiser. 100 Day Notice due by 2/4/2011 120 Day Service due by 2/23/2011 (Attachments: # 1 Civil Cover Sheet)(jat) (Entered: 10/27/2010)

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

OCT 2 6 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

PHYLLIS H. KISER,
Executrix of the Estate of
ORVIN H. KISER, SR., Deceased,          Civil Action No.: 5:10CV00110

    Plaintiff,          PLAINTIFF DEMANDS A TRIAL BY JURY

v.          COMPLAINT

A.W. CHESTERTON CO.
A Massachusetts Corporation
SERVE:    Secretary of the Commonwealth
    Service of Process Office
    9th Street Office Building
    9th and Grace Streets
    Richmond, VA 23201

CRANE PACKING CO.
f/k/a John Crane, Inc.
An Illinois Corporation
SERVE:    Secretary of the Commonwealth
    Service of Process Office
    9th Street Office Building
    9th and Grace Streets
    Richmond, VA 23201

CROWN CORK & SEAL COMPANY, INC.
A New York Corporation
SERVE:    Secretary of the Commonwealth
    Service of Process Office
    9th Street Office Building
    9th and Grace Streets
    Richmond, VA 23201

EXXON MOBIL CORPORATION,
f/k/a MOBIL OIL CORPORATION
A New Jersey Corporation
SERVE:    Corporation Service Company, Registered Agent
    11 S. 12th Street
    P. O. Box 1463
    Richmond, VA 23218

FOSTER WHEELER CORPORATION
A New Jersey Corporation
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Building
              9th and Grace Streets
              Richmond, VA 23201

GENERAL ELECTRIC COMPANY
A New York Corporation
SERVE:        Allen C. Goolsby, III, Esq., Registered Agent
              Hunton & Williams
              Riverfront Plaza, East Tower
              951 E. Byrd Street
              Richmond, VA 23219

GENERAL REFRACTORIES COMPANY
A Pennsylvania Corporation
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Building
              9th and Grace Streets
              Richmond, VA 23201

GEORGIA-PACIFIC CORPORATION
A Georgia Corporation
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Road, Suite 301
              Glen Allen, VA 23060-6802

GOULDS PUMPS, INCORPORATED
A Delaware Corporation
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Road, Suite 301
              Glen Allen, VA 23060-6802

HARSCO INDUSTRIAL PATTERSON-KELLEY
A Division of HARSCO CORPORATION
as successor to Patterson-Kelley Company
A Delaware Corporation
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Road, Suite 301
              Glen Allen, VA 23060-6802

2

INGERSOLL-RAND COMPANY
A New Jersey Corporation
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Road, Suite 301
              Glen Allen, VA 23060-6802

JOHN CRANE, INC.
Not a Virginia Corporation
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Building
              9th and Grace Streets
              Richmond, VA 23201

METROPOLITAN LIFE INSURANCE COMPANY
A New York Corporation
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Road, Suite 301
              Glen Allen, VA 23060-6802

RAPID AMERICAN CORPORATION
A New York Corporation
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Building
              9th and Grace Streets
              Richmond, VA 23201

RILEY POWER, INC.
f/k/a Babcock Borsig Power, Inc., D.B. Riley, Inc.
And Riley Stoker Corporation
A Massachusetts Corporation
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Road, Suite 301
              Glen Allen, VA 23060-6802

SEPCO, Inc.
Not a Virginia Corporation
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Building
              9th and Grace Streets
              Richmond, VA 23201

3

TRANE U.S. INC.
Successor in Interest to American Standard Inc.
A Delaware Corporation
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060
UNIROYAL, INC.
A Delaware Corporation
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Building
              9th and Grace Streets
              Richmond, VA 23201


CBS CORPORATION
A Delaware Corporation
f/k/a Viacom, Inc., Successor by
Merger to CBS Corporation, a Pennsylvania Corporation,
f/k/a Westinghouse Electric Corporation ("Westinghouse")
SERVE:        Corporation Service Company, Registered Agent
              11 S. 12th Street
              P. O. Box 1463
              Richmond, VA 23218


WARREN PUMPS, LLC
Not a Virginia Corporation
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Building
              9th and Grace Streets
              Richmond, VA 23201


ZENITH PUMPS
Not a Virginia Corporation
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Building
              9th and Grace Streets
              Richmond, VA 23201


        Defendants.

4

## COMPLAINT

COMES NOW the Plaintiff, PHYLLIS H. KISER, Executrix of the Estate of ORVIN H. KISER, SR., Deceased, a citizen and resident of the Commonwealth of Virginia, and alleges as follows:

### JURISDICTION and VENUE

Jurisdiction is founded on diversity of citizenship, 28 U.S.C. § 1332, and the matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the plaintiff resides in Waynesboro, Virginia and the acts and commissions complained of herein occurred in the Western District of Virginia.

### PARTIES

### A. Plaintiff

1.      The Plaintiff, PHYLLIS H. KISER, Executrix of the Estate of ORVIN H. KISER, SR. is the duly qualified Executrix of the Estate of her deceased husband, ORVIN H. KISER, SR., having qualified as Executrix in the Circuit Court of Augusta County, Virginia on April 16, 2009 and has resided in the Commonwealth of Virginia at all times relevant hereto.

2.      The Plaintiff's Decedent was a Maintenance Mechanic and Maintenance Supervisor who worked with or around products designed, manufactured, assembled, distributed and/or sold by the Manufacturing Defendants. Beginning in 1957 and ending in 1985, the Plaintiff's Decedent worked in his trade at the DuPont Plant in Waynesboro, Virginia.

5

### B. Manufacturing Defendants

3.      The following Defendants are hereinafter designated variously as the "Manufacturers" or the "Manufacturing Defendants" and are foreign corporations who are amenable to jurisdiction in the Court of Virginia in that they have transacted business and caused tortious injury in the Commonwealth of Virginia.  Each foreign corporation mines, manufactures, processes, imports, converts, installs, compounds, supplies, and/or retains substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in Virginia.

4.      At all times material hereto, Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of the Defendants.

5.      Prior to 1980, the Plaintiff's Decedent was exposed to asbestos-containing products and/or machinery containing, requiring or recommending the use of asbestos and/or asbestos-containing products that were manufactured, supplied, and/or distributed by the Manufacturing Defendants.  These products were defective and inherently dangerous in the manner in which they were marketed for their failure to contain or include adequate warnings regarding potential asbestos health hazards associated with the use, removal or maintenance of, or the exposure to the products.  The defective, abnormally and inherently dangerous condition of the products coupled with the disabling and/or fatal diseases generated by the inhalation of asbestos dust rendered such products unreasonably and inherently dangerous, thereby abrogating any need for privity of contract between the Plaintiff's Decedent and the Manufacturing Defendants as a prerequisite to liability.

6

6.     The Defendant, A.W. CHESTERTON CO., is a Massachusetts corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at 500 Unicorn Park Drive, Woburn, Massachusetts 01801-3345.

7.     The Defendant, CRANE PACKING CO., formerly known as John Crane, Inc., is an Illinois corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at 6400 West Oakton Street, Morton Grove, Illinois 60053.

8.     The Defendant, CROWN CORK & SEAL COMPANY, INC., is a New York corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employers, asbestos-containing products, and has its principal place of business at One Crown Way, Philadelphia, Pennsylvania 19154-4599.

9.     The Defendant, EXXON MOBIL CORPORATION, f/k/a MOBIL OIL CORP., is a New Jersey Corporation authorized to do business in the Commonwealth of Virginia and has its principal place of business at 5959 Las Colinas Boulevard, Irving, Texas 75039.

10.    The Defendant, FOSTER WHEELER CORPORATION, is a New Jersey corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer,

asbestos-containing products, and has its principal place of business at Perryville Corporate Park, Clinton, New Jersey 08809-4000.

11.    The Defendant, GENERAL ELECTRIC COMPANY, is a New York Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at 12 Corporate Woods Boulevard, 3rd Floor, Albany, New York 12211.

12.    The Defendant, GENERAL REFRACTORIES COMPANY, is a Pennsylvania Corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at 1 Bala Avenue, Suite 210, Bala Cynwyd, Pennsylvania 19004.

13.    The Defendant, GEORGIA-PACIFIC CORPORATION, is a Georgia corporation authorized to transact business in the Commonwealth of Virginia, that sold, installed and distributed asbestos-containing products including asbestos-containing all purpose joint compound, Ready Mix, Bedding compound, Central Mix, Drywall adhesive, Kalite, Laminating compound/Ready-Mix, Lite Acoustic, Patching Plaster, Spackling Compound, Speed Set/One Day, Texture Topping Compound, Triple Duty Joint Compound, and other re-branded products to Plaintiff's employer and has its principal place of business at 133 Peachtree Street, NE, Atlanta, Georgia 30303. Georgia Pacific Corporation began manufacturing many of these products in 1965 when it purchased the Bestwall Gypsum Company. Bestwall Gypsum Company

8

had been manufacturing and distributing many of these same products from 1956 until its sale in 1965.

14.     The Defendant, GOULDS PUMPS INCORPORATED, is a Delaware Corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at 2881 East Bayard Street, Seneca Falls, New York 13148.

15.     The Defendant, HARSCO INDUSTRIAL PATTERSON-KELLEY, A Division of HARSCO CORPORATION, Successor to Patterson-Kelley Company, is a Delaware Corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at 350 Poplar Church Road, Camp Hill, Pennsylvania 17011.

16.     The Defendant, INGERSOLL-RAND COMPANY, is a New Jersey Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at 200 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07675.

17.     The Defendant, JOHN CRANE, INC., is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products,

9

including asbestos valve packing and gasket material and has its principal place of business at 6400 W. Oakton Street, Morton Grove, Illinois 60053.

18.     The Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a New York Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at One Metlife Plaza , 2701 Queens Plaza N, Long Island City, NY 11101.

19.     The Defendant, RAPID AMERICAN CORPORATION, is a New York corporation authorized to do business in the Commonwealth of Virginia and has a registered office in New York.  Defendant may be served by mailing a copy of the Summons and Complaint via certified mail to its registered agent for service of process at the Prentice Hall Corporation (Corporation Service Company), 2711 Centerville Road, Wilmington, DE 19808.

20.     The Defendant, RILEY POWER, INC., f/k/a Babcock Borsig Power, Inc., D.B. Riley, Inc., and Riley Stoker Corporation, is a Massachusetts corporation authorized to do business in the Commonwealth of Virginia and has its principal place of business at 5 Neponset Street, Worcester, Massachusetts 01606.

21.     The Defendant, SEPCO, Inc., is a California Corporation authorized to do business in the Commonwealth of Virginia and has it principal place of business at 7301 Orangewood Avenue, Garden Grove, California 92841-1411.

22.     The Defendant, TRANE U.S. INC., Successor in Interest to American Standard Inc., is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to

10

Plaintiff's employer, asbestos-containing products, and has its principal place of business at One Centennial Avenue, Piscataway, New Jersey 08855.

23.     The Defendant, UNIROYAL, INC., a Division of Crompton Corporation, is a Delaware corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to Plaintiff's employer, asbestos-containing products, and has its principal place of business at World Headquarters, 199 Benson Road, Middlebury, Connecticut 06749.

24.     The Defendant, CBS CORPORATION, a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"), is a Pennsylvania corporation authorized to do business in the Commonwealth of Virginia that sold, installed and distributed asbestos products to the Plaintiff's employer, and has as its principal place of business at 1515 Broadway, New York, New York 10036.

25.     The Defendant, WARREN PUMPS, LLC, is a non-Virginia Corporation authorized to do business in the Commonwealth of Virginia, that sold, installed and distributed asbestos products to the Plaintiff's employer, and has its principal place of business at 82 Bridges Avenue, Warren, MA 01083-0969.

26.     The Defendant, ZENITH PUMPS, is a non-Virginia Corporation authorized to do business in the Commonwealth of Virginia and has its principal place of business at 1710 Airport Road, Monroe, NC 28110.

11

## FOR A FIRST CAUSE OF ACTION

27.     The factual and jurisdictional allegations of Paragraphs 1 through 26 are re-alleged and incorporated herein as if repeated verbatim.

As to the Manufacturing Defendants identified above, the Plaintiff alleges as follows:

28.     The Manufacturing Defendants are or were miners, manufacturers, processors, importers, converters, compounders and/or retailers of asbestos, asbestos-related insulation materials, and other asbestos-containing products.

29.     The Manufacturing Defendants, acting through their agents, servants and/or employees have caused certain asbestos and asbestos-related insulation materials and other asbestos-containing products to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by the Plaintiff's Decedent prior to 1980.

30.     For approximately twenty-eight (28) years the Plaintiff's Decedent worked as a MAINTENANCE MECHANIC and MAINTENANCE SUPERVISOR and prior to 1980 was exposed to the asbestos and asbestos-related insulation materials and other asbestos-containing products mined, manufactured, processed, imported, converted, compounded and/or sold by the Manufacturing Defendants, said exposure being within the Commonwealth of Virginia.

31.     During the course and scope of his employment and prior to 1980, the Plaintiff's Decedent was exposed to the Defendants' asbestos and asbestos related insulation materials and other asbestos-containing products, which exposure directly and proximately caused the Plaintiff's Decedent to develop an illness known and designated as Mesothelioma.

12

32.     The illness and disability of the Plaintiff's Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related insulation materials and other asbestos-containing products which the Defendants knew, or in the exercise of ordinary care, should have known, were deleterious, poisonous, highly harmful, and unreasonably dangerous to the Plaintiff's Decedent's body, lungs, respiratory system, skin and health.

33.     The asbestos-related illness, disability, and death of the Plaintiff's Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-related insulation materials and other asbestos-containing products were deleterious, poisonous, highly harmful, and unreasonably dangerous to the Plaintiff's Decedent's body, lungs, respiratory system, skin and health, and the Defendants nonetheless:

a.     Failed to advise the Plaintiff's Decedent of the dangerous characteristics of their asbestos and asbestos-related insulation products, and other asbestos-containing products;

b.     Failed or omitted to provide the Plaintiff's Decedent with information concerning reasonably safe wearing apparel and proper protective equipment and appliances;

c.     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos insulation materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos insulation materials and other asbestos-containing products;

d.     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos insulation materials and other asbestos-

13

containing products;

e.  Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff's Decedent of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, and other asbestos-containing products;

f.  Failed to recommend methods to improve the work environment to prevent an unreasonable risk to the Plaintiff's Decedent's health; and/or

g.  Failed to test the safety of their products so that they could adequately warn foreseeable users.

34.  The foregoing negligent, reckless and willful acts of the Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries, death and damages hereinafter described.

## FOR A SECOND CAUSE OF ACTION

35.  Paragraphs 1 through 34 are re-alleged and incorporated as if fully set forth herein.

36.  That at various times from 1929 to the filing of this lawsuit, the Defendants had actual knowledge of the dangers to the Plaintiff's Decedent of asbestos exposure. Nevertheless, the Defendants deliberately, intentionally and purposefully:

a.  Failed to warn prior users, including the Plaintiff's Decedent, of the need for monitoring due to prior asbestos exposure;

b.  Failed to issue recall type letters or notices to prior users;

c.  Frustrated the publication of articles on the asbestos health hazards in the literature;

d.  Failed to advise the Plaintiff's Decedent of medical findings known to the Defendants concerning the dangers of asbestos exposure; and

e.  Suppressed the dissemination of information to the Plaintiff's Decedent

14

concerning the hazards of asbestos exposure.

37.    The foregoing deliberate, intentional and purposeful acts of the Defendants were a direct and proximate cause of the Plaintiff's Decedent 's injuries and damages hereinafter described.

### FOR A THIRD CAUSE OF ACTION

38.    Paragraphs 1 through 37 are re-alleged and incorporated as if fully set forth herein.

39.    Before, during and after the Plaintiff's Decedent's exposure to asbestos products manufactured by the Defendants, the Defendants falsely represented the dangers of asbestos exposure to the Plaintiff's Decedent while the Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as the Plaintiff's Decedent.

40.    The foregoing representations were material conditions precedent to the Plaintiff's Decedent's continued exposure to asbestos-containing products and the Defendants each intended that the Plaintiff's Decedent act upon the representations by continuing their exposure to the asbestos products. The Plaintiff's Decedent was ignorant of the falsity of the Defendants' representations and rightfully relied upon the representations.

41.    As a direct and proximate result of the Plaintiff's Decedent's reliance upon the Defendants' false representations, the Plaintiff's Decedent has suffered injury and damages as hereinafter described.

### FOR A FOURTH CAUSE OF ACTION

42.    Paragraphs 1 through 41 are re-alleged and incorporated as if fully set forth herein.

15

should have known or had reason to know of the inherently dangerous, unavoidably unsafe, and/or unreasonably dangerous character and nature of their respective asbestos containing products. As a direct and proximate result of the negligence, gross negligence, and/or willful disregard of the Plaintiff's Decedent's health and safety as aforesaid, in failing to warn, Plaintiff's Decedent contracted Mesothelioma and other disabilities and injuries, some or all of which were permanent and/or fatal.

## FOR A FIFTH CAUSE OF ACTION

45.     Paragraphs 1 through 44 are re-alleged and incorporated as if fully set forth herein. As used herein the "Defendants" refer only to the Manufacturing Defendants.

46.     Manufacturing Defendants impliedly warranted that their asbestos-containing products were reasonably fit for use and safe for their intended purposes.

47.     At the time of the manufacture and sale of their asbestos-containing products to the Plaintiff's Decedent and/or the Plaintiff's Decedent's employer, the Manufacturing Defendants knew, should have known or had reason to know, that their asbestos-containing products would be used by the Plaintiff's Decedent or those similarly situated, as the ultimate user or consumer of their products.

48.     Throughout the years that the Plaintiff's Decedent was exposed to Manufacturing Defendants' asbestos-containing products, the Manufacturing Defendants expected that their asbestos-containing products would reach, and they in fact did reach, the ultimate user or consumer without substantial change in the condition in which they were sold.

49.     The Defendants impliedly warranted to purchasers and users, such as Plaintiff's Decedent, that their products were fit for their ordinary and foreseeable purposes and were of

17

merchantable quality and not unreasonably dangerous.

50.     The Manufacturing Defendants' asbestos-containing products were sold in a defective condition in that they were incapable of being made safe for their intended, ordinary and foreseeable use, because the Manufacturing Defendants failed to give adequate or sufficient warnings or instructions about the unreasonable risks and dangers inherent in their asbestos-containing products.

51.     The Manufacturing Defendants breached said warranties to the Plaintiff's Decedent in that their asbestos-containing products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended, ordinary and foreseeable uses and purposes in light of the fact that the Defendants failed to warn of the dangerous nature of asbestos exposure, and such breaches proximately resulted in the Plaintiff's Decedent contracting mesothelioma, which caused his death.

52.     The Manufacturing Defendants' breaches of said warranties to the Plaintiff's Decedent were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff's Decedent.

53.     The foregoing breaches of warranty by of the Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries and damages hereinafter described.

## DAMAGES

54.     The Plaintiff hereby incorporates by reference Paragraphs 1 through 53, inclusive, as if the same were hereto set forth at length.

55.     Plaintiff brings this action to recover damages under Virginia's Wrongful Death

18

Statues, §8.01-50 *et seq.,* Code of Virginia (1950 as amended).

56.     As a result of his exposure to asbestos, the Plaintiff's Decedent developed

Mesothelioma, endured severe suffering and died on March 30, 2009.

57.     The Plaintiff's Decedent was in good health prior to contracting the

Mesothelioma from which he died.

58.     The Plaintiff's Decedent is survived by his wife, Phyllis H. Kiser; adult son,

Orvin H. Kiser, Jr.; adult son, Ronald E. Kiser; and adult daughter, Teresa K. Fust.

59.     ORVIN H. KISER, SR.'s wife, Phyllis H. Kiser; adult son, Orvin H. Kiser, Jr.;

adult son, Ronald E. Kiser; and adult daughter, Teresa K. Fust, are the wrongful death

beneficiaries of ORVIN H. KISER, SR. under §8.01-53 of the Code of Virginia (1950 as

amended), and they have suffered severe and substantial damages, including but not limited to

the following:

> a.     Grief, sorrow, mental anguish and solace, including loss of society, companionship, comfort, guidance and advice;
>
> b.     Services, protection, care and assistance provided by ORVIN H. KISER, SR.;
>
> c.     Expenses for the care, treatment and hospitalization of ORVIN H. KISER, SR.; and
>
> d.     Funeral expenses.

60.     In addition to the above damages Plaintiff is entitled to interest at the statutory

rate from March 30, 2009, pursuant to §8.01-382 of the Code of Virginia.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, individually and

jointly and severally, for compensatory damages in the sum of TWENTY MILLION DOLLARS

19

($20,000,000.00) and punitive damages in the sum of THREE HUNDRED FIFTY THOUSAND

DOLLARS ($350,000.00) together with interest from the date of diagnosis of asbestos-induced

disease plus costs of this suit and such other and further relief as is just and proper.

**PLAINTIFF DEMANDS A JURY WITH RESPECT TO ALL ISSUES
TO WHICH SHE IS ENTITLED BY LAW TO A JURY.**

Respectfully submitted,

PHYLLIS H. KISER, Executrix of the
Estate of ORVIN H. KISER, SR., Deceased
By Counsel

**s/ Gary W. Kendall**
Virginia Bar Number: 15651
J. Gregory Webb
Virginia Bar Number: 38157
Attorneys for Plaintiff
Michie Hamlett Lowry Rasmussen & Tweel PLLC
500 Court Square, Suite 300
Post Office Box 298
Charlottesville, Virginia 22902-0298
Telephone:  (434) 951-7200
Fax:  (434) 951-7218
gkendall@michiehamlett.com
gwebb@michiehamlett.com

John E. Herrick
Attorney for Plaintiff
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Fax: (843) 216-9450
jherrick@motleyrice.com

20