(VBKx), DISCOVERY, MANADR, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:10-cv-09250-R -VBK

David Overby et al v. Air and Liquid Systems Corporation
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Case in other court: Superior Court State of CA County of Los
                    Angeles, BC449713
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 12/02/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**David Overby**

represented by **Conor R Nideffer**
Simon Eddins and Greenstone LLP
401 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Ethan A Horn**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Margaret Ruth Overby**                    represented by   **Conor R Nideffer**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ethan A Horn**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jennifer L Bartlett**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ronald Cary Eddins**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air and Liquid Systems Corporation**
*sued as successor-by-merger to Buffalo
Pumps, Inc.*

**Defendant**

**Carrier Corporation**                      represented by   **John K Son**
                                                             Tucker Ellis and West LLP
                                                             515 South Flower Street 42nd Fl
                                                             Los Angeles, CA 90017-2223
                                                             213-430-3400
                                                             Fax: 213-430-3409
                                                             Email: john.son@tuckerellis.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*fka Viacom, Inc. sued as successor-by
merger to CBS Corporation fka
Westinghouse Electric Corporation, and
also as succcessor-in-interest to BF
Sturtevant*

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**General Electric Company**                 represented by   **Katherine Paige Gardiner**
                                                             Sedgwick Detert Moran and Arnold LLP
                                                             Steuart Tower

One Market Plaza 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane, Inc.**

**Defendant**

**SYD Carpenter**

**Defendant**

**Marine Contractor, Inc.**

**Defendant**

**Viad Corporation**                              represented by   **Angela Ayrikyan**
*fka The Dial Corporation sued individually*                       Foley and Mansfield PLLP
*and as successor-in-interest to Griscom-*                         414 South Marengo Avenue Suite 2800
*Russell Company*                                                  Los Angeles, CA 90071
                                                                   213-283-2100
                                                                   Fax: 213-283-2101
                                                                   Email: angelaayrikyan@yahoo.com
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Peter B Langbord**
                                                                   Foley and Mansfield PLLP
                                                                   300 South Grand Avenue Suite 2800
                                                                   Los Angeles, CA 90071
                                                                   213-283-2100
                                                                   Fax: 213-283-2101
                                                                   Email: plangbord@foleymansfield.com
                                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/02/2010 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC449713 with Conformed copy of summons and complaint. Case assigned to Judge Margaret M. Morrow, Discovery to Magistrate Judge Frederick F. Mumm. (Filing fee $ 350 PAID), filed by Defendant Viad Corporation. [Conformed copy of Anser of Viad Corp filed in State Court on 11/24/10 attached to Exhibit D] (car) (mg). (Entered: 12/06/2010) |
| 12/02/2010 |  | CONFORMED COPY OF PROOF ANSWER to Notice of Removal, 1 filed by Defendant Viad Corporation [Filed in State Court on 11/24/10; submitted attached Exhibit D to Notice of Removal] (car) (Entered: 12/06/2010) |
| 12/02/2010 | 2 | NOTICE TO PARTIES OF ADR PROGRAM filed.(car) (Entered: 12/06/2010) |

| | | |
|---|---|---|
| 12/02/2010 | 3 | NOTICE of Related Case(s) filed by Defendant Viad Corporation. Related Case(s): CV 07-8338 VBF (RCx); CV 08-0118 R (JTLx); CV08-0248 R (PLAx); CV08-00282 VBF (AGRx); CV08-00501 GPS (AJWx); CV08-1296 R (JTLx) [See Document for further information] (car) (mg). (Entered: 12/06/2010) |
| 12/02/2010 | 4 | NOTICE of Tag-Along Action filed by Defendant Viad Corporation. (car) (mg). (Entered: 12/06/2010) |
| 12/02/2010 | 5 | NOTICE of Re-filing State Court Answer to Complaint filed by Defendant Viad Corporation. (car) (mg). (Entered: 12/06/2010) |
| 12/02/2010 | 6 | CERTIFICATION AND NOTICE of Interested Parties filed by DEFENDANT Viad Corporation, (mg) (Entered: 12/06/2010) |
| 12/02/2010 | 7 | CERTIFICATE OF SERVICE filed by Defendant Viad Corporation, re Certificate/Notice of Interested Parties 6 , Notice of Removal 1 , Notice of Related Case(s) 3 , Notice of Tag-Along Action 4 , Notice of Filing State Court Answer 5 ; served on 12/2/10. (mg) (Entered: 12/06/2010) |
| 12/03/2010 | 8 | MINUTE ORDER IN CHAMBERS Court Order Setting Scheduling Conference by Judge Margaret M. Morrow:, Counsel are hereby notified that a Scheduling Conference has been set for 1/24/2011 09:00 AM before Judge Margaret M. Morrow. (bp) (Entered: 12/06/2010) |
| 12/07/2010 | 9 | ORDER TO REASSIGN CASE due to self-recusal pursuant to General Order 08-05 by Judge Margaret M. Morrow. Case transferred from Judge Margaret M. Morrow to the calendar of Judge S. James Otero for all further proceedings. Case number now reads as CV 10-09250 SJO(FFMx). (rn) (Entered: 12/07/2010) |
| 12/08/2010 | 10 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case- filed. Related Case No: CV 07-02241 R(JTLx). Case transferred from Magistrate Judge Frederick F. Mumm and Judge S. James Otero to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 10-09250 R(VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 12/08/2010) |
| 12/13/2010 | 11 | ANSWERJURY DEMAND. filed by defendant General Electric Company.(Gardiner, Katherine) (Entered: 12/13/2010) |
| 12/15/2010 | 12 | *Defendant Carrier Corporation's Certification* of Interested Parties and Disclosure Statement of Interested Parties filed by Defendant Carrier Corporation, identifying United Technologies Corporation, Travelers Insurance Company. (Son, John) (Entered: 12/15/2010) |
| 12/15/2010 | 13 | NOTICE of Joinder to Viad Corp's Notice of Removal of Action filed by Defendant Carrier Corporation. (Son, John) (Entered: 12/15/2010) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 12/15/2010 14:35:19 |

| PACER | | | | |
|---|---|---|---|---|

| Login: | fm1158 | Client Code: | 8027-0049 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:10-cv-09250-R -VBK End date: 12/15/2010 |
| Billable Pages: | 4 | Cost: | 0.32 |

RON C. EDDINS, CA Bar No. 243581
JENNIFER L. BARTLETT, CA Bar No. 183154
ETHAN A. HORN, CA Bar No. 190296
CONOR R. NIDEFFER, CA Bar No. 253931
SIMON, EDDINS & GREENSTONE, LLP
301 E. Ocean Blvd., Ste. 1950
Long Beach, California 90802
Telephone (562) 590-3400
Facsimile (562) 590-3412

Attorneys for Plaintiffs

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 16 2010

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BC 449713

| | |
|---|---|
| **DAVID OVERBY and MARGARET RUTH OVERBY**<br><br>Plaintiffs,<br><br>vs.<br><br>**AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.); **CARRIER CORPORATION;** **CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT); **FOSTER WHEELER ENERGY CORPORATION;** **GENERAL ELECTRIC COMPANY;** **JOHN CRANE, INC.;** **SYD CARPENTER, MARINE CONTRACTOR, INC.;** **VIAD CORPORATION f/k/a THE DIAL CORPORATION** (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY),<br><br>Defendants. | Case No.<br><br>THIS ACTION CONSTITUTES COMPLEX ASBESTOS LITIGATION -- SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO. C 700000 – DEPT. 59<br><br>**COMPLAINT FOR PERSONAL INJURY – ASBESTOS (NEGLIGENCE; STRICT LIABILITY; LOSS OF CONSORTIUM)** |

1

GENERAL ALLEGATIONS

COME NOW Plaintiffs **DAVID OVERBY** and **MARGARET RUTH OVERBY** (hereinafter "Plaintiffs") and complain and allege as follows:

1.    At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.); **CARRIER CORPORATION; CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT); **FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; JOHN CRANE, INC.;   SYD CARPENTER, MARINE CONTRACTOR, INC.,** and **VIAD CORPORATION f/k/a THE DIAL CORPORATION** (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

2.    Plaintiffs allege herein that Plaintiff DAVID OVERBY developed malignant adenocarcinoma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-

2

merger to BUFFALO PUMPS, INC.) (for Buffalo pumps); **CARRIER CORPORATION** (for Carrier refrigeration plants); **CBS CORPORATION f/k/a VIACOM, INC.** (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT) (for Westinghouse blowers, and BF Sturtevant forced draft blowers and turbines); **FOSTER WHEELER ENERGY CORPORATION** (for Foster Wheeler boilers and distilling plants); **GENERAL ELECTRIC COMPANY** (for General Electric turbines, ship's service generators, and reduction gears); **JOHN CRANE, INC.** (for gaskets and packing); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (as an insulation contractor), and **VIAD CORPORATION f/k/a THE DIAL CORPORATION** (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom Russell distilling plants and fuel oil heaters).

3.     Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.  Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any defendant acting under the authority of a federal officer or agency.

FIRST CAUSE OF ACTION

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

4.     Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

5.     At all times herein mentioned, each of the named Defendants was the successor,

3

successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos, and products containing asbestos, including but not limited to, those products identified in paragraph 2 above.  Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor-in-business, successor-in-product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and advertised asbestos, and asbestos products. The following Defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AIR AND LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC. |
| CARRIER CORPORATION | UNITED TECHNOLOGIES  CORPORATION BRYANT HEATING AND AIR   CONDITIONING, INC. |
| CBS CORPORATION | VIACOM INC. WESTINGHOUSE ELECTRIC CORPORATION BF STURTEVANT VIACOM INTERNATIONAL, INC. |

4

1                                  VIACOM PLUS

2 FOSTER WHEELER ENERGY CORPORATION FOSTER WHEELER BOILER CORPORATION

3                                  FOSTER WHEELER CONTRACTORS, INC.
4                                  FOSTER WHEELER CORPORATION
                                 FOSTER WHEELER DEVELOPMENT CORP.
5                                  FOSTER WHEELER ENERGY RESOURCES
                                 INC.
6                                  FOSTER WHEELER ENERGY SERVICES,
                                 INC.
7                                  FOSTER WHEELER ENVIRESPONSE, INC.
                                 FOSTER WHEELER ENVIRONMENTAL
8                                   CORPORATION
                                 FOSTER WHEELER POWER GROUP, INC.
9                                  FOSTER WHEELER POWER SYSTEMS, INC.
                                 FOSTER WHEELER PYROPOWER, INC.
10                                 FOSTER WHEELER REALTY SERVICES,
                                 INC.
11                                 FOSTER WHEELER USA CORPORATION

12 GENERAL ELECTRIC COMPANY           GENERAL ELECTRIC BROADCASTING
                                 COMPANY, INC.
13                                 GENERAL ELECTRIC CAPITAL
                                ASSURANCE COMPANY
14                                 GENERAL ELECTRIC PROFESSIONAL
                                SERVICES COMPANY
15                                 GENERAL ELECTRIC TRADING COMPANY

16

17 JOHN CRANE, INC.                          JOHN CRANE-HOUDAILLE, INC.
                                HOUDAILLE JOHN CRANE, INC.

18 VIAD CORPORATION                      THE DIAL CORPORATION
                                GRISCOM-RUSSELL COMPANY

19

20        6.      At all times herein mentioned, Defendants, their "alternate entities", and each of

21 them, were and are engaged in the business of researching, manufacturing, fabricating, designing,

22 modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling,

23 inspecting, servicing, installing, contracting for installation, repairing, renting, marketing,

24 warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and

25 asbestos products (hereinafter Defendants' Products).

26        7.      At all times herein mentioned, Defendants, their "alternate entities", and each of

27 them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated,

28

specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to

warn of the health hazards, labeled, assembled, distributed, leased, bought, rented, offered for sale,

supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products,

including but not limited to those products identified in paragraph 2 above, in that the Defendants'

Products were unreasonably dangerous because they released respirable asbestos fibers which

resulted in personal injuries to users, consumers, workers, bystanders, and others, including

Plaintiff DAVID OVERBY herein (hereinafter collectively called "exposed person"). Said

products were used at all times in a manner that was reasonably foreseeable to Defendants, their

"alternate entities," and each of them, thereby rendering said products unsafe and dangerous for

use by "exposed person". Plaintiffs herein allege that DAVID OVERBY's exposure to

Defendants' Products, including but not limited to those products identified in paragraph 2 above

(hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-

containing products"), were a substantial contributing factor in the development of his malignant

adenocarcinoma, and therefore proximately caused Plaintiff DAVID OVERBY's injuries.

8.      Defendants, their "alternate entities," and each of them, had a duty to exercise

reasonable care while engaging in the activities mentioned above and each Defendants breached

said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately

design, manufacture and/or sell Defendants' products; failed to test said products; failed to

investigate the hazards of said products; failed to warn "exposed person", including Plaintiff

DAVID OVERBY, of the health hazards of using Defendants' products; failed to disclose the

known or knowable dangers of using Defendants' products; failed to obtain suitable alternative

materials to asbestos when such alternatives were available; and as otherwise stated herein.

9.      The Defendants' products were and are hazardous to the health and safety of Plaintiff,

and others in Plaintiff's position working with and in close proximity to such products, and since

on or before 1930, the hazards and dangerous propensities of the Defendants' products were both

known and knowable to the Defendants, their "alternate entities", and each of them, through the

use of medical and/or scientific data and other knowledge available to Defendants, their "alternate

6

entities", and each of them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service, installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous propensities of asbestos presented a substantial danger to users, including Plaintiff, DAVID OVERBY, of Defendants' Products through the intended and reasonably foreseeable use of those products.

10.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products were dangerous and were likely to be dangerous when used in their intended and reasonably foreseeable manner.

11.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff DAVID OVERBY herein, would be exposed to said hazardous and dangerous asbestos fibers.  Defendants, their "alternate entities", and each of them, knew or reasonably should have known that users, such as Plaintiff DAVID OVERBY and others in his position, working with and in close proximity to Defendants' Products would not realize or know the danger.  Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of the products.  A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm.  The negligent failure of Defendants, their "alternate entities," and each of them to warn was a substantial factor in causing harm to Plaintiff DAVID OVERBY.

12.     Plaintiff DAVID OVERBY used, handled, or was otherwise exposed to asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and each of them.  Plaintiff's exposure to Defendants' Products occurred at various locations set

7

forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

13.   As a direct and proximate result of the conduct of the Defendants, their "alternate entities", and each of them, as aforesaid, Plaintiff DAVID OVERBY's exposure to asbestos from use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached hereto and incorporated by reference herein.  Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to Defendants' Products over a period of time.

14.   Plaintiff DAVID OVERBY suffers from malignant adenocarcinoma, caused by exposure to asbestos from Defendants' Products including those products identified in paragraph 2 above.  Plaintiff DAVID OVERBY was not aware at the time of exposure that Defendants' Products presented any risk of injury and/or disease.

15.   As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate entities," and each of them, Plaintiff DAVID OVERBY has suffered and will continue to suffer permanent injuries and future injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant adenocarcinoma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

16.   As a direct and proximate result of the aforesaid conduct of the Defendants, their "alternate entities", and each of them, Plaintiff DAVID OVERBY has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

17.   As a further direct and proximate result of the said conduct of the Defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income,

wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff DAVID OVERBY, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff DAVID OVERBY.

(b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff DAVID OVERBY  as to the safety of their products.  Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff DAVID OVERBY at this time;

(c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in

9

Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff DAVID OVERBY and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)   .  Defendants, their "alternate entities", and each of them, failed to provide Plaintiff DAVID OVERBY with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff DAVID OVERBY and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff DAVID OVERBY and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff DAVID OVERBY so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that

10

Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

19.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

20.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff DAVID OVERBY, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

21.     Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff DAVID OVERBY.

22.     Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff DAVID OVERBY, to cruel and unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

11

1  23.   As a direct and proximate result of such intentional conduct by Defendants, their

2  "alternate entities" and each of them, Plaintiff DAVID OVERBY sustained the injuries and

3  damages alleged herein.

4  WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities",

5  and each of them, as hereinafter set forth.

6

7  **SECOND CAUSE OF ACTION**

8  (Strict Liability)

9  AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
   ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR
10  "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

11  24.   Plaintiffs incorporate herein by reference, as though fully set forth therein, each and

12  every one of the general allegations and the allegations contained in the First Cause of Action

13  herein.

14  25.   Defendants, their "alternate entities", and each of them, sold the aforementioned

15  Defendants' Products and failed to adequately warn or instruct of the known and knowable

16  dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers

17  and risks would not have been, and were not, recognized by ordinary consumers of the products,

18  including Plaintiff, DAVID OVERBY, and the lack of sufficient instructions and/or warnings was

19  a substantial factor in causing harm to Plaintiff DAVID OVERBY and others in Plaintiff's position

20  working with and in close proximity to such products.

21  26.   Defendants' Products were defective and unsafe for their intended purpose and

22  foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

23  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise

24  disturbed, said products would result in the release, and therefore inhalation of, hazardous and

25  dangerous asbestos fibers by exposed person, including Plaintiff DAVID OVERBY.  The defect

26  existed in all of said products when they left the possession of the Defendants, their "alternate

27  entities," and each of them. At the time Defendants' Products were used by Plaintiff, and others in

28  Plaintiff's position working with and in close proximity to such products, the products were

12

substantially the same as when they left the possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos and asbestos products were used by Plaintiff DAVID OVERBY, and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to Defendants, and each of them. The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff DAVID OVERBY, including malignant adenocarcinoma, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

27.    As a direct and proximate result of the actions and conduct outlined herein, Defendants' Products failed to perform as safely as an ordinary consumer would have expected in that Defendants' products, and each of them, during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including Plaintiff DAVID OVERBY, were unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff DAVID OVERBY had reason to expect was a substantial factor in causing his injuries.

28.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff DAVID OVERBY has suffered the injuries and damages alleged herein.

29.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff DAVID OVERBY, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom. Although Defendants, and each of them, knew of the substantial risks associated

13

with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff DAVID OVERBY.

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff DAVID OVERBY as to the safety of their products. Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff DAVID OVERBY at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff DAVID OVERBY and others of the nature of said materials which were dangerous when breathed

14

and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

    (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff DAVID OVERBY with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff DAVID OVERBY and others applying and installing such material;

    (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff DAVID OVERBY and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

    (g)    Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff DAVID OVERBY so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

    30.    Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or

15

should have known of, the acts of each of their "alternate entities" as set forth herein.

31.   The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff DAVID OVERBY, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

32.   Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff DAVID OVERBY.

33.   Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff DAVID OVERBY, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

34.   As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff DAVID OVERBY sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

(Loss of Consortium)

16

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF MARGARET RUTH OVERBY COMPLAINS OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

35.     Plaintiff MARGARET RUTH OVERBY incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

36.     Plaintiffs DAVID OVERBY and MARGARET RUTH OVERBY were married on November 21, 1959, and at all times relevant to this action were, and are now, husband and wife.

37.     Prior to Plaintiff DAVID OVERBY's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff DAVID OVERBY has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future. As a proximate result thereof, MARGARET RUTH OVERBY has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

38.     Plaintiff MARGARET RUTH OVERBY's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

39.     As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff DAVID OVERBY as set forth in this complaint, Plaintiff MARGARET RUTH OVERBY has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

40.     WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff DAVID OVERBY:

1.      For Plaintiff's general damages according to proof;

17

2.     For Plaintiff's loss of income, wages, and earning potential according to proof;

3.     For Plaintiff's medical and related expenses according to proof;

Plaintiff MARGARET RUTH OVERBY:

4.     For Plaintiff's damages for loss of consortium and/or society according to proof;

Plaintiffs DAVID OVERBY and MARGARET RUTH OVERBY:

5.     For Plaintiffs' cost of suit herein;

6.     For exemplary or punitive damages according to proof;

7.     For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.

DATED: November 16, 2010          **SIMON, EDDINS & GREENSTONE, LLP**

By: _____
     JENNIFER L. BARTLETT
     ETHAN A. HORN
     CONOR R. NIDEFFER
     Attorneys for Plaintiffs

18

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: November 16, 2010

SIMON, EDDINS & GREENSTONE, LLP

By: _____

JENNIFER L. BARTLETT
ETHAN A. HORN
CONOR R. NIDEFFER
Attorneys for Plaintiffs

19

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1

## EXHIBIT "A"

2

Plaintiff DAVID OVERBY's exposure to asbestos and asbestos-containing products

3

occurred at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|----------|---------------------|-----------|------------------|
6
| United States Navy | USS Bausell (DD-845) San Diego, CA; Mare Island Shipyard, CA | Machinist's Mate Fireman | 10/1948-8/1952 |
7
8
| | USS Juneau (CLAA-199) Norfolk, VA | | |
9
10
| Self | Ft. Wayne, IN | Drywaller | 1966-1976 |
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1

### EXHIBIT "B"

2

Plaintiff DAVID OVERBY's exposure to Defendants' Products caused severe and permanent

3

injury to Plaintiff DAVID OVERBY including, but not limited to, lung cancer.   Plaintiff was

4

diagnosed with adenocarcinoma on or about February 4, 2010.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21