(SSx), DISCOVERY, MANADR

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:10-cv-09275-JFW -SS

Edward Smith Jr. v. General Dynamics Corporation et al
Assigned to: Judge John F. Walter
Referred to: Magistrate Judge Suzanne H. Segal
Case in other court: Superior Court State of CA County of
                         Los Angeles, BC444887
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 12/02/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Edward Smith, Jr.**
*an individual*

represented by **Jason L Rumsey**
DaCorsi Placencio and Rumsey PC
21031 Ventura Boulevard Suite 1200
Woodland Hills, CA 91364-2229
818-884-6666
Fax: 818-884-8677
Email: jrumsey@dacorsi.net
*ATTORNEY TO BE NOTICED*

**John R DaCorsi**
DaCorsi Placencio and Rumsey PC
21031 Ventura Boulevard Suite 1200
Woodland Hills, CA 91364-2229
818-884-6666
Fax: 818-884-8677
*ATTORNEY TO BE NOTICED*

**Phillip L Heeger**
Heeger & Associates
21031 Ventura Boulevard Suite 1200
Woodland Hills, CA 91364-2229
818-703-6415
Fax: 818-703-7063
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shirley Smith**
*an individual*

represented by **Jason L Rumsey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John R DaCorsi**
(See above for address)
*ATTORNEY TO BE NOTICED*

Phillip L Heeger
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Dynamic Corporation**
*a Delaware corporation*

**Defendant**

**Bath Iron Works**

**Defendant**

**American Standard Inc**
*doing business as*
American Standard Products Inc

**Defendant**

**Bechtel Corporation**

**Defendant**

**Buffalo Pumps Inc**                    represented by    **Glen R Powell**
*sued individually and as successor-in-*                   Gordon and Rees LLP
*interest to Buffalo Forge Company*                        275 Battery Street Suite 2000
*Erroneously Sued As*                                      San Francisco, CA 94111
Air and Liquid Systems Corporation                         415-986-5900
successor by merger to Buffalo Pumps                       Fax: 415-986-8054
Inc                                                        Email: gpowell@gordonrees.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **James G Scadden**
                                                           Gordon and Rees LLP
                                                           275 Battery Street Suite 2000
                                                           San Francisco, CA 94111
                                                           415-986-5900
                                                           Fax: 415-986-8054
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Michael J Pietrykowski**
                                                           Gordon and Rees LLP
                                                           275 Battery Street Suite 2000
                                                           San Francisco, CA 94111
                                                           415-986-5900
                                                           Fax: 415-986-8054
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**BWIP International Inc**
*sued individually and as*
*Successor*
Byron Jackson Pumps

**Defendant**

**CBS Corporation**
*f/k/a Viacom Inc, successor by merger*
*with CBS Corporation f/k/a*
*Westinghouse Electric Corporation*

**Defendant**

**Cooper US Inc**
*f/k/a Cooper Industries LLC sued*
*individually and as successor-in-*
*interest to Gardner Denver Inc*

**Defendant**

**Crane Co**

**Defendant**

**Durabla Manufacturing Company**

**Defendant**

**Flowserve Corporation**
*sued individually and as*
*Successor*
Byron Jackson Pump Co

**Defendant**

**FMC Corporation**
*sued individually and as*
*Successor*
Northern Pump Company

**Defendant**

**Gardner Denver Inc**

**Defendant**

**Garlock Sealing Technologies LLC**
*sued individually and as*
*Successor*
Garlock Inc

**Defendant**

**General Electric Company**

**Defendant**

**IMO Industries Inc**

*sued individually and as*
*Successor*
Delaval Steam Turbine Company

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Leslie Controls Inc**

**Defendant**

**Owens-Illinois Inc**
*sued individually and as*
*Successor*
Owens-Illinois Glass Company

**Defendant**

**Thorpe Insulation Company**

**Defendant**

| | |
|---|---|
| **Warren Pumps LLC**<br>*sued individually and as*<br>*Successor*<br>Qimby Pump Co | represented by **Kim Zeldin**<br>Liner Yankelevitz Sunshine and<br>Regenstreif<br>199 Fremont Street 20th Floor<br>San Francisco, CA 94105<br>415-489-7700<br>Email: kzeldin@linerlaw.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Does**
*1-350, Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/02/2010 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC444887 with Conformed copy of complaint [Conformed Copy of Summons not included with Notice of Removal]. Case assigned to Judge John F. Walter, Discovery to Magistrate Judge Suzanne Segal. (Filing fee $ 350 PAID), filed by Defendant Buffalo Pumps Inc.(car) (Additional attachment(s) added on 12/6/2010: # 1 Ntc of Asgmt, # 2 Civil Cover Sheet, # 3 Exhibit part 1, # 4 Exhibit part 2, # 5 Exhibit part 3, # 6 Exhibit part 4, # 7 Exhibit part 5) (mg). (Entered: 12/03/2010) |
| 12/02/2010 | 2 | Defendant Air & Liquid Systems Corporation, Successor by Merger to Buffalo Pumps, Inc's Notice of Removal to Adverse Party filed by Defendant Buffalo Pumps Inc. (car) (Additional attachment(s) added on 12/6/2010: # 1 part 2, # 2 part 3, # 3 part 4, # 4 part 5) (mg). (Entered: 12/03/2010) |
| | | |

| 12/02/2010 | 3 | Air & Liquid Systems Corporation, Successor by Merger to Buffalo Pumps, Inc.'s Notice of Tag-Along Action filed by Defendant Buffalo Pumps Inc. (car) (mg). (Entered: 12/03/2010) |
|---|---|---|
| 12/02/2010 | 4 | Defendant Air & Liquid Systems Corporation, Successor by Merger to Buffalo Pumps Inc.'s Certification of Interested Parties, identifying Corporate Parent Ampco-Pittsburgh Corporation, Other Affiliate Resolute Management Inc, Other Affiliate Liberty Mutual, Other Affiliate Utica National Insurance Group for Buffalo Pumps Inc. (car) (mg). (Entered: 12/03/2010) |
| 12/02/2010 | 5 | NOTICE TO PARTIES OF ADR PROGRAM filed.(car) (Entered: 12/03/2010) |
| 12/03/2010 | 6 | SUMMONS TO PLAINTIFFS' COMPLAINT FOR DAMAGES filed by Defendant Buffalo Pumps Inc re: Notice (Other) 2 , Notice of Removal, 1 , Certificate/Notice of Interested Parties, 4 , Notice (Other) 3 (Powell, Glen) (Entered: 12/03/2010) |
| 12/03/2010 | 7 | CERTIFICATE OF SERVICE filed by defendant Buffalo Pumps Inc, re Miscellaneous Document 6 , Notice (Other) 2 , Notice of Removal, 1 , Certificate/Notice of Interested Parties, 4 , Notice (Other) 3 served on December 3, 2010. (Powell, Glen) (Entered: 12/03/2010) |
| 12/03/2010 | 8 | STANDING ORDER by Judge John F. Walter: READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. (kbr) (Entered: 12/03/2010) |
| 12/09/2010 | 9 | ANSWERJURY DEMAND. filed by Defendant Warren Pumps LLC.(Zeldin, Kim) (Entered: 12/09/2010) |
| 12/14/2010 | 10 | Plaintiffs' Demand for Jury Trial filed by Plaintiffs Edward Smith, Jr, Shirley Smith (Rumsey, Jason) (Entered: 12/14/2010) |
| 12/15/2010 | 11 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Miscellaneous Document [DEMAND FOR JURY TRIAL] 10 . The following error(s) was found: Incorrect event selected. The correct event is: Jury Demand - under Category - PRETRIAL AND TRIAL DOCUMENTS. In the future, please use the SEARCH feature on the CM/ECF Menu Bar if you are unsure of the events to use. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (jp) (Entered: 12/15/2010) |
| 12/15/2010 | 12 | NOTICE of Related Case(s) filed by defendant General Electric Company. Related Case(s): 2:10-cv-09276-JFW-E (Gardiner, Katherine) (Entered: 12/15/2010) |
| 12/15/2010 | 13 | DECLARATION *of Lead Trial Counsel re: Compliance with General Order Authorizing Electronic Filing* filed by Defendant General Electric Company. (Gardiner, Katherine) (Entered: 12/15/2010) |
| 12/15/2010 | 14 | NOTICE filed by defendant General Electric Company. *of Order* (Gardiner, Katherine) (Entered: 12/15/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/16/2010 10:41:55 | | | |
| **PACER Login:** | gr0084 | **Client Code:** | BUFF-1066558 |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-09275-JFW -SS End date: 12/16/2010 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

 CT Corporation

**Service of Process
Transmittal**
11/02/2010
CT Log Number 517536678

TO: Rose Hoover, Vice Pres. Admin. and Corporate Sec.
Ampco-Pittsburgh Corporation
600 Grant Street, Suite 4600
Pittsburgh, PA 15219

RE: **Process Served in Delaware**

FOR: Buffalo Pumps, Inc. (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Edward Smith, Jr., etc., and Shirley Smith, etc., Pltfs. vs. General Dynamics Corporation, etc., et al. including Buffalo Pumps, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Cover Sheet(s), Notice, Attachment |
| **COURT/AGENCY:** | Los Angeles County Superior Court, CA<br>Case # BC447887 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/02/2010 postmarked on 10/29/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jason L. Rumsey<br>DaCorsi, Placencio & Rumsey, P.C.<br>21031 Ventura Boulevard<br>Woodland Hills, CA 91364<br>818-884-6666 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/02/2010, Expected Purge Date: 11/07/2010<br>Image SOP<br>Email Notification, Rose Hoover RHOOVER@AMPCOPGH.COM<br>Email Notification, Jess Nock jnock@ampcopgh.com<br>Email Notification, Jen Sauers jsauers@ampcopgh.com<br>Email Notification, Nicole Sayles nsayles@ampcopgh.com<br>Email Notification, Insurance Department insurance@ampcopgh.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>Scott LaScala<br>1209 Orange Street<br>Wilmington, DE 19801<br>302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**

*(AVISO AL DEMANDADO):* GENERAL DYNAMICS CORPORATION, a Delaware corporation; BATH IRON WORKS; AMERICAN STANDARD, INC. (d/b/a American Standard Products, Inc.); BECHTEL CONSTRUCTION COMPANY; Bechtel Corporation, BUFFALO PUMPS, INC. (sued individually and as successor-in-interest to Byron Jackson Pumps; [Additional Parties Attachment form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* EDWARD SMITH, JR., an individual; SHIRLEY SMITH, an individual,

FOR COURT USE ONLY
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 20 2010

John A Clarke, Executive Officer/Clerk
By _____, Deputy
A. El LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

LOS ANGELES SUPERIOR COURT
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012
CENTRAL DISTRICT

CASE NUMBER:
*(Número del Caso):*
B C 4 4 7 8 8 7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JASON L. RUMSEY, ESQ. SBN 219637
DaCORSI, PLACENCIO & RUMSEY, P.C.
21031 VENTURA BOULEVARD
WOODLAND HILLS, CALIFORNIA 91364

(818) 884-6666   (818) 884-8677

DATE:
*(Fecha)*                     Clerk, by AMBER LaFLEUR-CLAYTON          , Deputy
                              *(Secretario)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Buffalo Pumps, Inc.

   under: [X] CCP 416.10 (corporation)        [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation) [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

SUM-200(A)

| SHORT TITLE: EDWARD SMITH, JR.; SHIRLEY SMITH vs. GENERAL DYNAMICS CORPORATION, ET AL. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BW/IP INTERNATIONAL, INC. (sued individually and as successor-in-interest to Byron Jackson Pumps); CBS CORPORATION f/k/a Viacom, Inc., successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation; COOPER US, INC. f/k/a Cooper Industries, LLC (sued individually and as successor-in-interest to Gardner Denver, Inc.); CRANE CO.; DURABLA MANUFACTURING COMPANY; FLOWSERVE CORPORATION (sued individually and as successor-in-interest to Byron Jackson Pump Co.); FMC CORPORATION (sued individually and as successor-in-interest to Northern Pump Company); GARDNER DENVER, INC.; GARLOCK SEALING TECHNOLOGIES, LLC (sued individually and as successor-in-interest to Garlock, Inc.); GENERAL ELECTRIC COMPANY; IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DeLaval Steam Turbine Company); INGERSOLL-RAND COMPANY; LESLIE CONTROLS, INC.; OWENS-ILLINOIS, INC. (sued individually and as successor-in-interest to Owens-Illinois Glass Company); THORPE INSULATION COMPANY; WARREN PUMPS, LLC (sued individually and as successor-in-interest to Quimby Pump Co.); and Does 1-350 Inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
⅋ Plus

1  John R. DaCorsi, SBN 44983
   Jason L. Rumsey, SBN 219637
2  DaCORSI, PLACENCIO & RUMSEY, P.C.
   21031 Ventura Boulevard, Suite 1200
3  Woodland Hills, California 91364-2229
   Telephone:    (818) 884-6666
4  Facsimile:    (818) 884-8677

5  Phil Heeger, Esq.
   HEEGER & ASSOCIATES
6  21031 Ventura Boulevard, Suite 1200
   Woodland Hills, California 91364-2229
7  Telephone:    (818) 703-6415
   Facsimile:    (818) 703-7063
8
   Attorneys for Plaintiffs,
9  EDWARD SMITH, JR.,
   SHIRLEY SMITH
10

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 20 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. E/ LaFLEUR-CLAYTON

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                       COUNTY OF LOS ANGELES

13

14  EDWARD SMITH, JR., an individual;      )  Case No.          B C 4 4 7 8 8 7
    SHIRLEY SMITH, an individual,          )
15                                         )
                                           )
16              Plaintiffs,                )       COMPLAINT FOR:
                                           )
17          vs.                            )    1.    NEGLIGENCE;
                                           )
18  GENERAL DYNAMICS CORPORATION,          )    2.    STRICT LIABILITY;
    a Delaware corporation; BATH IRON      )
19  WORKS; AMERICAN STANDARD, INC.         )    3.    FALSE REPRESENTATION;
    (d/b/a American Standard Products, Inc.); )
20  BECHTEL CONSTRUCTION COMPANY;          )    4.    INTENTIONAL
    Bechtel Corporation; BUFFALO PUMPS,    )          TORT/INTENTIONAL
21  INC. (sued individually and as         )          FAILURE TO WARN; AND
    successor-in-interest to Buffalo Forge )
22  Company); BW/IP INTERNATIONAL, INC.    )    5.    LOSS OF CONSORTIUM.
    (sued individually and as              )
23  successor-in-interest to Byron Jackson )
    Pumps); CBS CORPORATION f/k/a          )    [THIS ACTION CONSTITUTES
24  Viacom, Inc., successor by merger with CBS )  COMPLEX ASBESTOS LITIGATION -
    Corporation f/k/a Westinghouse Electric )   SUBJECT TO THE GENERAL ORDERS
25  Corporation; COOPER US, INC. f/k/a     )    CONTAINED IN FILE NO. C 700000]
    Cooper Industries, LLC (sued individually )
26  and as successor-in-interest to Gardner )
    Denver, Inc.); CRANE CO.; DURABLA      )
27  MANUFACTURING COMPANY;                 )
    FLOWSERVE CORPORATION (sued            )
28  individually and as successor-in-interest to )
    Byron Jackson Pump Co.); FMC           )

                                    1

                              COMPLAINT

1  CORPORATION (sued individually and as )
   successor-in-interest to Northern Pump )
2  Company); GARDNER DENVER, INC.;   )
   GARLOCK SEALING TECHNOLOGIES, )
3  LLC (sued individually and as      )
   successor-in-interest to Garlock, Inc.);  )
4  GENERAL ELECTRIC COMPANY; IMO )
   INDUSTRIES, INC. (sued individually and )
5  as successor-in-interest to DeLaval Steam )
   Turbine Company); INGERSOLL-RAND )
6  COMPANY; LESLIE CONTROLS, INC.;  )
   OWENS-ILLINOIS, INC. (sued individually )
7  and as successor-in-interest to Owens-Illinois )
   Glass Company); THORPE INSULATION )
8  COMPANY; WARREN PUMPS, LLC (sued )
   individually and as successor-in-interest to )
9  Quimby Pump Co.); and Does 1-350    )
   Inclusive,                          )
10                                      )
                  Defendants.           )
11                                      )
                                        )
12  _____ )

13      Plaintiffs, EDWARD SMITH, JR. and SHIRLEY SMITH, allege as follows:

14      1.      Plaintiff, EDWARD SMITH, JR..("Edward Smith, Jr."), is an individual residing

15  in Alexandria, Louisiana.

16      2.      Plaintiff, SHIRLEY SMITH.("Shirley Smith"), is an individual residing in

17  Alexandria, Louisiana.

18      3.      The true names and capacities of defendants DOES 1 through 350, inclusive,

19  whether individual, corporate, associate or otherwise are unknown to Plaintiff, who therefore

20  sues such defendants by fictitious names.  Plaintiff will amend this complaint to show their true

21  names and capacities when they have been ascertained.  Plaintiff is informed and believes and on

22  that information and belief alleges that each of the defendants designated in this complaint as

23  DOES 1 though 350, inclusive, was, in some manner and to some extent, a substantial factor in

24  causing Plaintiff's losses as alleged in this complaint.

25      4.      At all times herein mentioned, each of the Defendants was the agent, servant,

26  employee and/or joint venturer of the other Defendants, and each of them, and at all said times

27  each Defendant was acting in the full course and scope of said agency, service, employment

28  and/or joint venture. Plaintiffs are informed and believe, and thereon allege that at all times

2

1  herein mentioned, Defendants AMERICAN STANDARD, INC., d/b/a AMERICAN

2  STANDARD PRODUCTS, INC.; BECHTEL CONSTRUCTION COMPANY; BECHTEL

3  CORPORATION; BUFFALO PUMPS, INC. ( sued individually and as successor-in-interest to

4  BUFFALO FORGE COMPANY); BW/IP INTERNATIONAL, INC. ( sued individually and as

5  successor-in-interest to BYRON JACKSON PUMPS); CBS CORPORATION f/k/a VIACOM,

6  INC., successor by merger with CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC

7  CORPORATION; COOPER US, INC. f/k/a COOPER INDUSTRIES, LLC ( sued individually

8  and as successor-in-interest to GARDNER DENVER, INC.); CRANE CO.; DURABLA

9  MANUFACTURING COMPANY; FLOWSERVE CORPORATION ( sued individually and as

10  successor-in-interest to BYRON JACKSON PUMP CO.); FMC CORPORATION ( sued

11  individually and as successor-in-interest to NORTHERN PUMP COMPANY); GARDNER

12  DENVER, INC.; GARLOCK SEALING TECHNOLOGIES, LLC ( sued individually and as

13  successor-in-interest to GARLOCK, INC.); GENERAL ELECTRIC COMPANY; IMO

14  INDUSTRIES, INC. ( sued individually and as successor-in-interest to DeLAVAL STEAM

15  TURBINE COMPANY); INGERSOLL-RAND COMPANY; LESLIE CONTROLS, INC.;

16  OWENS-ILLINOIS, INC. ( sued individually and as successor-in-interest to OWENS-ILLINOIS

17  GLASS COMPANY); THORPE INSULATION COMPANY; WARREN PUMPS, LLC ( sued

18  individually and as successor-in-interest to QUIMBY PUMP CO.,), and DOES 1-350

19  INCLUSIVE (all collectively, "Defendants"), were individuals, corporations, partnerships and/or

20  unincorporated associations organized and existing under and by virtue of the laws of the State of

21  California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and

22  each of them, were and are authorized to do and are doing business in the State of California, or

23  the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them,

24  were and are authorized to do and are doing business in the State of California, and that said

25  Defendants have regularly conducted business in the County of Los Angeles, State of California..

26

27  **FIRST CAUSE OF ACTION**
   **(Negligence - Plaintiffs Against All Defendants)**

28  5.      Plaintiffs incorporate by this reference the allegations contained in paragraphs 1

3

COMPLAINT

1  through 5 of this Complaint.

2       6.     At all times herein mentioned, each of the named Defendants and DOES 1

3  through 350 was the successor, successor in business, successor in product line or a portion

4  thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or

5  member in an entity researching, studying, manufacturing, fabricating, designing, modifying,

6  labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling,

7  inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting,

8  re-branding, manufacturing for others, packaging and advertising a certain substance, the generic

9  name of which is asbestos, and other products containing said substance. Those entities shall

10  hereinafter collectively be called "alternate entities." Each of the herein named Defendants is

11  liable for the tortious conduct of each successor, successor in business, successor in product line

12  or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary,

13  whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or

14  funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and

15  advertised a certain substance, the generic name of which is asbestos, and other products

16  containing said asbestos. The following Defendants, and each of them, are liable for the acts of

17  each and every "alternate entity", and each of them, in that there has been a virtual destruction of

18  Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them, have

19  acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants,

20  and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate

21  entity"; each such Defendant has the ability to assume the risk-spreading role of each such

22  "alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each

23  such "alternate entity".

24  DEFENDANT                               ALTERNATE ENTITY

25  AMERICAN STANDARD, INC. (dba          AMERICAN STANDARD COMPANIES, INC.
    AMERICAN STANDARD PRODUCTS, INC.)    KEWANEE BOILER CORPORATION

26                                         THE TRANE COMPANY
                                     U.S. RADIATOR

27                                       AMERICAN RADIATOR CO.
                                   WESTINGHOUSE AIR BRAKE CORP.

28                                       WABCO

4

| | | |
|---|---|---|
| 1 | BECHTEL CONTRUCTION | COMPANY BECHTEL CONSTRUCTION COMPANY |
| 2 | | BECHTEL CONTRUCTION OPERATIONS INCORPORATED |
| 3 | | BECHTEL ENERGY CORPORATION |
| 4 | BECHTEL CORPORATION | BECHTEL CONSTRUCTION COMPANY |
| 5 | | BECHTEL CONSTRUCTION OPERATIONS INCORPORATED |
| 6 | | BECHTEL ENERGY CORPORATION |
| 7 | BUFFALO PUMPS, INC. | BUFFALO FORGE COMPANY |
| 8 | BW/IP INTERNATIONAL, INC. | BORG WARNER INDUSTRIAL PRODUCTS |
| | | BORG-WARNER INDUSTRIAL PRODUCTS, INC. |
| 9 | | BW/IP, INC. |
| | | BW/IP INTERNATIONAL (GP), NC. |
| 10 | | BW/IP INTERNATIONAL (LP), INC. |
| | | DURCO INTERNATIONAL |
| 11 | | BYRON JACKSON PUMPS |
| 12 | CBS CORPORATION | WESTINGHOUSE ELECTRIC CORPORATION |
| 13 | | WESTINGHOUSE CREDIT CORPORATION |
| | | BF STURTEVANT |
| 14 | | VIACOM INTERNATIONAL, INC. |
| | | VIACOM PLUS |
| 15 | | CBS CORPORATION |
| | | CBS BROADCASTING INC. (fka CBS INC.) |
| 16 | | BLOCKBUSTER INC. |
| | | MARKETWATCH.COM |
| 17 | | SPORTSLINE.COM |
| | | WESTWOOD ONE, INC. |
| 18 | | VIACOM, INC. |
| 19 | COOPER INDUSTRIES, INC. | ALCO PRODUCTS, INC. |
| | | McGRAW-EDISON COMPANY |
| 20 | | STUDEBAKER-WORTHINGTON CORP. |
| | | GARDNER DENVER, INC. |
| 21 | | COOPER B-LINE |
| | | COOPER BUSSMANN |
| 22 | | COOPER CROUSE-HINDS |
| | | COOPER MENVIER |
| 23 | | COOPER WIRING DEVICES |
| | | COOPER LIGHTING |
| 24 | | COOPER POWER SYSTEMS |
| 25 | CRANE CO. | CRANE ENVIRONMENTAL |
| | | CRANE PUMPS AND SYSTEMS |
| 26 | | VALVE SERVICES |
| | | CRANE VALVE GROUP |
| 27 | | CRANE SUPPLY |
| | | CHAPMAN VALVE CO. |
| 28 | | DEMING PUMPS |

5

| | |
|---|---|
| | JENKINS VALVES |
| | COCHRANE, INC. |
| DURABLA MANUFACTURING COMPANY | DURABLA |
| FLOWSERVE CORPORATION | THE DURIRON COMPANY, INC. |
| | WORTHINGTON PUMP CO. |
| | INGERSOLL-DRESSER PUMPS |
| | BW/IP INTERNATIONAL |
| | BYRON JACKSON PUMPS |
| | FLOWSERVE US INC. |
| | UNITED CENTRIFUGAL PUMPS |
| | ACEC PUMPS |
| | WILSON-SNYDER PUMPS |
| | STORK POMPEN |
| | DURCO INTERNATIONAL |
| | SCIENCO PUMPS |
| | ALDRICH PUMP COMPANY |
| | INGERSOLL-RAND |
| | WESTERN LAND ROLLER IRRIGATION |
| | PUMPS |
| | SIER-BATH PUMPS |
| | WORTHINGTON PUMPS |
| | WORTHINGTON-SIMPSON LTD. |
| | DRESSER INDUSTRIES |
| | PACIFIC PUMPS |
| | JEUMONT-SCHNEIDER PUMPS |
| | PLEUGER PUMPS |
| | TKL |
| | VALTEK CONTROL VALVES |
| | ATOMAC KG |
| | AUTOMAX/ACCORD |
| | KAMMER CONTROL VALVES |
| | SEREG CONTROL VALVES |
| | MECAIR |
| | BATTIG AG |
| | ANCHOR/DARLING |
| | ANCHOR VALVES |
| | NOBLE ALLOY VALVES |
| | SCHMIDT ARMATUREN |
| | GESTRA |
| | P&W |
| | NAF AB |
| | NAVAL |
| | PMV |
| | LIMITORQUE |
| | HENRY VOGT MACHINE COMPANY |
| | ARGUS |
| | THE EDWARD VALVE & |
| | MANUFACTURING COMPANY |
| | ROCKWELL MANUFACTURING |
| | COMPANY |
| | McCANNA /HILLS-McCANNA |
| | NORDSTROM VALVE |
| | MARPAC |

6

| | | |
|---|---|---|
| 1 | | SERCK AUDCO |
| 2 | | WORCESTER VALVE CO. |
| | | WORCESTER CONTROLS CORPORATION |
| 3 | | NORBRO |
| | | FIVE STAR SEALS |
| 4 | | PACIFIC WIETZ |
| | | DURAMETALLIC CORPORATION |
| 5 | | PAC-SEAL |
| 6 | FMC CORPORATION | PEERLESS PUMP COMPANY |
| | | McNALLY INDUSTRIES-NORTHERN PUMP |
| 7 | | FMC AGRICULTURAL PRODUCTS |
| | | FMC BIOPOLYMER |
| 8 | | FMC LITHIUM |
| | | FMC ALKALI CHEMICALS |
| 9 | | FMC FORET |
| | | NORTHERN PUMPS COMPANY |
| 10 | GARDNER DENVER, INC. | GARDNER GOVERNOR CORPORATION |
| | | GARDNER COMPANY |
| 11 | | GARDNER DENVER INDUSTRIAL |
| | | MACHINERY |
| 12 | | COOPER INDUSTRIES, INC. |
| | | SYLTONE PLC |
| 13 | | TAMROTOR |
| | | GEOQUIP |
| 14 | | CHAMPION PNEUMATIC MACHINERY |
| | | WITTIG |
| 15 | | ALLEN-STUART EQUIPMENT COMPANY |
| | | AIR RELIEF |
| 16 | | BUTTERWORTH JETTING SYSTEMS |
| | | INVINCIBLE AIRFLOW SYSTEMS |
| 17 | | HAMWORTHY BELISS & MORCOM |
| | | HOFFMAN AIR AND FILTRATION |
| 18 | | SYSTEMS |
| 19 | GARLOCK SEALING TECHNOLOGIES, LLC | GARLOCK, INC. |
| 20 | | GARLOCK SEALING TECHNOLOGIES |
| | | GULFWESTERN |
| 21 | | GARLOCK FLUIDTEC PRODUCTS |
| | | GARLOCK HELICOFLEX |
| 22 | | GARLOCK METALLIC GASKETS |
| | | GARLOCK RUBBER TECHNOLOGIES |
| 23 | | COLTEC INDUSTRIES, INC. |
| | | FAIRBANKS-MORSE |
| 24 | | BELMONT PACKING & RUBBER CO. |
| | | GARLOCK PACKING CO. |
| 25 | | U.S. GASKET CO. |
| 26 | GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING |
| | | COMPANY, INC. |
| 27 | | GENERAL ELECTRIC CAPITAL |
| | | ASSURANCE COMPANY |
| 28 | | GENERAL ELECTRIC PROFESSIONAL |
| | | SERVICES COMPANY |

7

| | |
|---|---|
| | GENERAL ELECTRIC TRADING COMPANY |
| IMO INDUSTRIES, INC. | DeLAVAL TURBINE INC. WARREN PUMPS, INC. COLFAX CORPORATION IMO PUMP IMO AB ALLWEILER HOUTTUIN SIEMENS AG (as successor-in-interest to DEMAG DELAVAL TURBOMACHINERY CORP.) COLFAX PUMP GROUP COLFAX CORPORATION DeLAVAL STEAM TURBINE COMPANY |
| INGERSOLL-RAND COMPANY | INGERSOLL-RAND EQUIPMENT CORPORATION INGERSOLL-RAND TRANSPORTATION SERVICES COMPANY DRESSER-RAND POWERWORKS TERRY STEAM TURBINE COMPANY THERMOKING WORTHINGTON PUMP COMPANY WHITON MACHINE COMPANY BUTTERWORTH COMPANY |
| LESLIE CONTROLS, INC. | CIRCOR INTERNATIONAL, INC. |
| THORPE INSULATION COMPANY | THE THORPE COMPANY ASBESTOS PRODUCTS CORPORATION ASBESTOS PRODUCTS COMPANY OF SAN DIEGO PLANT INSULATION CO. PLANT MANUFACTURING CO. THORPE PRODUCTS CO. |
| OWENS-ILLINOIS, INC. | OWENS-CORNING FIBERGLAS CORPORATION FENCO MARINE ENGINEERING FESCO FIBERGLAS ENGINEERING AND SUPPLY COMPANY WILLIAM LANE COMPANY SILICARE INSULATION ASBESTOS ENGINEERING & SUPPLY CO. OWENS-BROCKWAY GLASS CONTAINERS BROCKWAY GLASS CO., INC. OWENS-ILLINOIS GLASS COMPANY |
| THORPE INSULATION COMPANY | FARWEST INSULATION CONTRACTING THE THORPE COMPANY |

COMPLAINT

1
2
3
4
5
6
7
8
9

ASBESTOS PRODUCTS CORPORATION
ASBESTOS PRODUCTS COMPANY OF SAN
DIEGO
PLANT INSULATION CO.
PLANT MANUFACTURING CO.
THORPE PRODUCTS CO.

WARREN PUMPS LLC

WARREN PUMPS INC.
WARREN PUMPS-HOUDAILLE, INC.
COLFAX PUMP GROUP
ALWEILER AG
HOUTTUIN BV
IMO PUMP
QUIMBY PUMP CO.
ZENITH PUMPS

10     7.     At all times herein mentioned, Defendants, their "alternate entities", and each of

11 them, were and are engaged in the business of researching, manufacturing, fabricating, designing,

12 modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying,

13 selling, inspecting, servicing, installing, contracting for installation, repairing, marketing,

14 warranting, re-branding, manufacturing for others, packaging, and advertising a certain

15 substance, the generic name of which is asbestos and other products containing that substance.

16     8.     At all times herein mentioned, Defendants, their "alternate entities", and each of

17 them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated,

18 designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of

19 the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

20 sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

21 re-branded, manufactured for others, packaged, and advertised a certain substance, the generic

22 name of which is asbestos, and other products and equipment containing said substance, in that

23 said substance proximately caused personal injuries to users, consumers, workers, bystanders,

24 and others, including the Plaintiffs herein (hereinafter collectively called "exposed persons"),

25 while being used in a manner that was reasonably foreseeable, thereby rendering said substance

26 unsafe and dangerous for use by the "exposed persons".

27     9.     Defendants, their "alternate entities", and each of them, knew, or should have

28 known, and intended that the asbestos and products containing asbestos would be transported by

1 | truck, rail, ship and other common carriers, and that in the shipping process the products would
2 | break, crumble or be otherwise damaged; resulting in the release of airborne asbestos fibers, and
3 | that through such foreseeable use and/or handling "exposed persons", including Plaintiffs herein,
4 | would use or be in proximity of and exposed to said asbestos fibers.

5 |      10.   Defendants, their "alternate entities", and each of them, knew, or should have
6 | known, and intended that the aforementioned asbestos and asbestos-containing products and
7 | equipment, and/or that such products would be used for insulation, construction, plastering,
8 | fireproofing, soundproofing, automotive, aircraft, waterborne craft or ships, and/or other
9 | applications, including, but not limited to: sawing, chipping, hammering, scraping, sanding,
10 | breaking, removal, "rip-out", and other manipulation, resulting in the release of airborne asbestos
11 | fibers, and that through such foreseeable use and/or handling "exposed persons", including
12 | Plaintiffs herein, would use or be in proximity to and exposed to said asbestos fibers.

13 |      11.   Plaintiff Edward Smith, Jr. has used, handled, or been otherwise exposed to
14 | asbestos and asbestos-containing products and equipment referred to herein in a manner that was
15 | reasonably foreseeable. Plaintiff Edward Smith, Jr.'s exposure to asbestos and
16 | asbestos-containing products occurred at various locations, including while serving in the United
17 | States Navy onboard the U.S.S. Mansfield and while working at the ARCO Wilmington
18 | California oil refinery.

19 |      12.   As a direct and proximate result of the conduct of the Defendants, their "alternate
20 | entities", and each of them, Plaintiff Edward Smith, Jr.'s exposure to asbestos and
21 | asbestos-containing products caused severe and permanent injury to the Plaintiffs, including
22 | Plaintiff Edward Smith, Jr. developing mesothelioma.

23 |      13.   Plaintiffs first learned of his mesothelioma diagnosis and that his injuries were
24 | attributable to exposure to asbestos and/or asbestos-containing products in May 2010.

25 |      14.   Plaintiffs are informed and believe, and thereon allege, that progressive lung
26 | disease, cancer and other serious diseases, including mesothelioma, are caused by inhalation of
27 | asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos
28 | and asbestos-containing products over a period of time.

10

**COMPLAINT**

15.     Plaintiff Edward Smith, Jr. suffers from malignant pleural mesothelioma, caused by an exposure to asbestos and asbestos-containing products and equipment. Plaintiff Edward Smith, Jr. was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

16.     As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate entities", and each of them, Plaintiff Edward Smith, Jr. has suffered, and continues to suffer, permanent injuries and/or future increased risk of injuries to his person, body and health, including, but not limited to, throat cancer, other lung damage and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

17.     As a direct and proximate result of the aforesaid conduct of the Defendants, their "alternate entities", and each of them, Plaintiff Edward Smith, Jr. has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

18.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

19.     Defendants, their "alternate entities", and each of them, are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities", and each of them, and each Defendants' officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

20.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of "exposed persons". Plaintiffs, for the sake of example and by way of punishing said Defendants, seeks punitive damages according to proof.

11

## SECOND CAUSE OF ACTION
### (Strict Liability - Plaintiffs Against All Defendants)

21.  Plaintiffs incorporate by this reference the allegations contained paragraphs 1 through 6, 12 through 17, and 20 of this Complaint.

22.  Defendants, their "alternate entities", and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

23.  Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of the Defendants, their "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including asbestosis, mesothelioma, other lung damage, and cancer to "exposed persons", including Plaintiff Edward Smith, Jr. herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

24.  "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said Defendants, their "alternate entities", and each of them, further failed to adequately warn of the risks to which Plaintiff Edward Smith, Jr. and others similarly situated were exposed.

25.  In researching, manufacturing, fabricating, designing, modifying, testing, or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, designing and/or, manufacturing for others, packaging, and advertising asbestos and asbestos-containing products and equipment, Defendants, their "alternate entities", and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, including, but not limited to, asbestosis, mesothelioma, other lung damages, and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request

12

1   of, or with the assistance of, said Defendants, their "alternate entities", and each of them, on or

2   before 1930, and thereafter.

3       26.    On or before 1930, and thereafter, said Defendants, their "alternate entities" and

4   each of them, were aware that members of the general public and other "exposed persons", who

5   would come in contact with their asbestos and asbestos-containing products, had no knowledge

6   or information indicating that asbestos or asbestos-containing products could cause injury, and

7   said Defendants, their "alternate entities", and each of them, knew that members of the general

8   public, and other "exposed persons", who came in contact with asbestos and asbestos-containing

9   products, would assume, and in fact did assume, that exposure to asbestos and

10   asbestos-containing products was safe, when in fact said exposure was extremely hazardous to

11   health and human life.

12       27.    With said knowledge, Defendants, their "alternate entities", and each of them,

13   opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy,

14   offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market,

15   warrant, re-brand, manufacture for others, package, and advertise said asbestos and

16   asbestos-containing products without attempting to protect "exposed persons" from, or warn

17   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

18   asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn

19   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

20   asbestos-containing products, Defendants, their "alternate entities", and each of them,

21   intentionally failed to reveal their knowledge of said risk, failed to warn of said risk and

22   consciously and actively concealed and suppressed said knowledge from "exposed persons" and

23   members of the general public, thus impliedly representing to "exposed persons" and members of

24   the general public that asbestos and asbestos-containing products were safe for all reasonably

25   foreseeable uses. Defendants, their "alternate entities", and each of them, engaged in this conduct

26   and made these implied representations with the knowledge of the falsity of said implied

27   representations.

28       28.    The above-referenced conduct of said Defendants, their "alternate entities", and

1    each of them, was motivated by the financial interest of said Defendants, their "alternate

2    entities", and each of them, in the continuing, uninterrupted research, design, modification,

3    manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

4    sale, inspection, installation, contracting for installation, repair, marketing, warranting,

5    re-branding, manufacturing for others, packaging and advertising of asbestos and

6    asbestos-containing products. In pursuance of said financial motivation, Defendants, their

7    "alternate entities", and each of them, consciously disregarded the safety of "exposed persons"

8    and in fact were consciously willing and intended to permit asbestos and asbestos-containing

9    products to cause injury to "exposed persons" and induced persons to work with and be exposed

10   thereto, including Plaintiff Edward Smith, Jr.

11        29.    Plaintiffs allege that Defendants, their "alternate entities", and each of them,

12   impliedly warranted their asbestos and asbestos-containing products and equipment to be safe for

13   their intended use, but their asbestos and asbestos-containing products created an unreasonable of

14   bodily harm to "exposed persons."

15        30.    Plaintiffs further allege that Plaintiff Edward Smith, Jr.'s injuries are a result of

16   cumulative exposure to asbestos and various asbestos-containing products and equipment

17   manufactured, fabricated, inadequately researched, designed, modified, inadequately tested,

18   labeled, assembled, distributed, leased, brought, offered for sale, supplied, sold, inspected,

19   serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded,

20   manufactured for others, packaged and advertised by the aforementioned Defendants, their

21   "alternate entities", and each of them, that Plaintiffs cannot identify precisely which asbestos or

22   asbestos-containing products caused and/or contributed to the injuries complained of herein.

23   Among the injurious exposures alleged herein are Plaintiff Edward Smith, Jr.'s exposures to

24   asbestos supplied with, affixed and/or added to, and/or installed on the following equipment

25   aboard the U.S. Naval vessel USS Mansfield or at the ARCO Wilmington California oil refinery:

26   Byron Jackson pumps; Buffalo pumps; Crane valves; Gardner Denver pumps and air

27   compressors; General Electric turbines; DeLaval pumps; Northern pumps; Leslie valves; Warren

28   pumps, Westinghouse valves, pumps, forced draft blowers and compressors; Worthington pumps

1  designed by IMO Industries, Inc., and Ingersoll-Rand compressors, and Bath Iron Works boilers,

2  among others.

3       31.   Plaintiff Edward Smith, Jr. relied upon Defendants, their "alternate entities", and

4  each of their representations, lack of warnings, and implied warranties of the fitness of asbestos

5  and asbestos-containing products. As a direct, foreseeable, and proximate result thereof,

6  Plaintiffs have been injured permanently as alleged herein.

7       32.   As a direct and proximate result of the actions and conduct outlined herein,

8  Plaintiff Edward Smith, Jr. has suffered the injuries and damages alleged herein.

9                          **THIRD CAUSE OF ACTION**
                (False Representation Under Restatement of Torts Section 402-B
10                        Plaintiffs Against All Defendants)

11      33.   Plaintiffs incorporate by this reference the allegations contained paragraphs 1

12  through 6, 12 through 17, and 20 of this Complaint

13      34.   At the aforementioned time when Defendants, their "alternate entities", and each

14  of them, researched, manufactured, fabricated, designed, modified, tested or failed to test,

15  inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for

16  sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

17  warranted, re-branded, manufactured for others, packaged and advertised the said asbestos and

18  asbestos-containing products, as hereinabove set forth, the Defendants, their "alternate entities",

19  and each of them, expressly and impliedly represented to members of the general public,

20  including the purchasers and users of said product, and other "exposed persons", including,

21  without limitation, Plaintiff Edward Smith, Jr. and his employers, that asbestos and

22  asbestos-containing products, were of merchantable quality, and safe for the use for which they

23  were intended.

24      35.   The purchasers and users of said asbestos and asbestos-containing products, and

25  other "exposed persons", including, without limitation, Plaintiff Edward Smith, Jr., and his

26  employers, relied upon said representations of Defendants, their "alternate entities", and each of

27  them, in the selection, purchase, and use of asbestos and asbestos-containing products.

28      36.   Said representation by Defendants, their "alternate entities", and each of them,

                                    15

1    were false and untrue, and Defendants knew at the time they were untrue, in that the asbestos and

2    asbestos-containing products and equipment were not safe for their intended use, nor were they

3    of merchantable quality as represented by Defendants, their "alternate entities", and each of them,

4    in that asbestos and asbestos-containing products and equipment have very dangerous properties

5    and defects whereby said products cause asbestosis, other lung damages, and cancer, and have

6    other defects that cause injury and damage to the users of said products and other "exposed

7    persons", thereby threatening the health and life of said persons, including Plaintiff Edward

8    Smith, Jr. herein.

9        37.    As a direct and proximate result of said false representations by Defendants, their

10   "alternate entities", and each of them, Plaintiffs sustained the injuries and damages alleged

11   herein.

12

13   **FOURTH CAUSE OF ACTION**
     **(Intentional Tort/Intentional Failure to Warn - Plaintiffs Against All Defendants)**

14       38.    Plaintiffs incorporate by this reference the allegations contained paragraphs 1

15   through 6, 12 through 17, and 20 of this Complaint.

16       39.    At all times pertinent hereto, the Defendants, their "alternate entities", and each of

17   them, owed Plaintiffs a duty, as provided for in Section 1708, 1709, and 1710 of the Civil Code

18   of the State of California, to abstain from injuring the person, property, or rights of the Plaintiffs.

19   When a duty to act was imposed, as set forth herein, the Defendants, their "alternate entities",

20   and each of them, did do the acts and omissions in violation of that duty, thereby causing injury

21   to the Plaintiffs as is more fully set forth herein. Such acts and omissions consisted of acts falling

22   within Section 1709 (Fraudulent Deceit) and Section 1710 (Deceit) of the Civil Code of the State

23   of California and, more specifically, included suggestions of fact which were not true and which

24   Defendants, their "alternate entities", and each of them, did not believe to be true; assertions of

25   fact which were not true and which Defendants, their "alternate entities", and each of them, had

26   no reasonable ground for believing to be true, and the suppression of fact when a duty existed to

27   disclose it, all as more fully set forth herein; the violation of any one such duty gave rise to a

28   cause of action for violation of rights of the Plaintiffs as provided for in the aforementioned Civil

16

**COMPLAINT**

1   Code sections.

2      40.    Since on or before 1930, the Defendants, their "alternate entities", and each of

3   them, have known and have possessed the true facts of medical and scientific data and other

4   knowledge which clearly indicated that the asbestos and asbestos-containing products and

5   equipment referred to in Plaintiffs' First Cause of Action were and are hazardous to the health

6   and safety of Plaintiffs, and others in Plaintiff Edward Smith, Jr.' position working in close

7   proximity with such materials. The Defendants, their "alternate entities", and each of them, have

8   known of the dangerous propensities of the aforementioned materials and products since before

9   that time. With intent to deceive Plaintiff Edward Smith, Jr., and others in Plaintiffs' position,

10   and with intent that he and such others should be and remain ignorant of such facts with intent to

11   induce Plaintiffs and such others to alter his and their positions to his and their injury and/or risk

12   and in order to gain advantages, the following acts occurred:

13      (a)    Defendants, their "alternate entities", and each of them, did not label any

14   of the aforementioned asbestos-containing materials, products, and equipment regarding the

15   hazards of such materials and products to the health and safety of Plaintiffs and others in

16   Plaintiffs' position working in close proximity with such materials until 1964, when certain of

17   such materials were labeled by some, but not all, of Defendants, their "alternate entities", and

18   each of them, since on or before 1930. By not labeling such materials, products, and equipment

19   as to their said hazards, Defendants, their "alternate entities", and each of them, caused to be

20   suggested as a fact to Plaintiffs that it was safe for Plaintiff Edward Smith, Jr. to work in close

21   proximity to such materials, when in fact it was not true; and Defendants, their "alternate

22   entities", and each of them, did not believe it to be true;

23      (b)    Defendants, their "alternate entities", and each of them, suppressed

24   information relating to the danger of use of the aforementioned materials, products, and

25   equipment by requesting the suppression of information to the Plaintiffs and the general public

26   concerning the dangerous nature of the aforementioned materials to workers, by not allowing

27   such information to be disseminated in a manner which would have given general notice to the

28   public and knowledge of the hazardous nature thereof when Defendants, their "alternate entities",

and each of them, were bound to disclose such information;

1       (c)    Defendants, their "alternate entities", and each of them, sold the

2    aforementioned products, materials, and equipment to Plaintiff Edward Smith, Jr.' employers and

3    others without advising Plaintiff Edward Smith, Jr., his employer, and others of the dangers of

4    use of such materials to person working in close proximity thereto when Defendants, their

5    "alternate entities", and each of them, knew of such dangers, and had a duty to disclose such

6    dangers all as set forth herein. By said conduct, Defendants, their "alternate entities", and each of

7    them, caused to be positively asserted to Plaintiff Edward Smith, Jr. that which was not true and

8    that which Defendants, their "alternate entities," and each of them had no reasonable ground for

9    believing to be true, to wit: that it was safe for Plaintiff Edward Smith, Jr. to work in close

10    proximity to such materials;

11       (d)    Defendants, their "alternate entities", and each of them, suppressed from

12    Plaintiffs medical and scientific data and knowledge of the results of studies including, but not

13    limited to, the information and contents of the "Lanza Report." Although bound to disclose it,

14    Defendants, their "alternate entities", and each of them, influenced A. J. Lanza, M.D. to change

15    his report, the altered version of which was published in Public Health Reports, Volume 50, at

16    page 1, in 1935, thereby causing Plaintiffs and others to be and remain ignorant thereof.

17    Defendants, their "alternate entities", and each of them, caused Asbestos Magazine, a widely

18    disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice

19    of danger to the users thereof;

20       (e)    Defendants, their "alternate entities", and each of them, belonged to,

21    participated in, and financially supported the Asbestos Textile Institute Industrial Hygiene

22    Foundation and other industry organizations which, for and on behalf of Defendants, their

23    "alternate entities", and each of them, actively promoted the suppression of information of

24    danger to users of the aforementioned products and materials, thereby misleading Plaintiff

25    Edward Smith, Jr. by the suggestions and deceptions set forth above in this cause of action. The

26    Dust Control Committee, which changed its name to the Air Hygiene Committee, of the

27    Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.

28    Discussions in this committee were held many times regarding the dangers inherent in asbestos

18

1    and the dangers, which arise from the lack of control of dust, and such information was

2    suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

3           (f)      Commencing in 1930 with the study of mine and mill workers at Asbestos

4    and Thetford lines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan

5    plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and

6    each of them, knew and possessed medical and scientific information of the connection between

7    the inhalation of asbestos fibers and asbestosis, which information was disseminated through the

8    Asbestos Textile Institute and other industry organizations to all other Defendants, their

9    "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their

10   "alternate entities", and each of them, suggested to the public as a fact that which is not true and

11   disseminated other facts likely to mislead Plaintiffs. Such facts did mislead Plaintiffs and others

12   by withholding the afore-described medical and scientific data and other knowledge and by not

13   giving Plaintiff Edward Smith, Jr. the true facts concerning such knowledge of danger, which

14   Defendants, their "alternate entities", and each of them, were bound to disclose;

15          (g)      Defendants, their "alternate entities", and each of them, failed to warn

16   Plaintiff Edward Smith, Jr. and others of the nature of said materials which were dangerous when

17   breathed and which could cause pathological effects without noticeable trauma, despite the fact

18   that Defendants, their "alternate entities", and each of them, possessed knowledge and were

19   under a duty to disclose that said materials were dangerous and a threat to the health of persons

20   coming into contact therewith;

21          (h)      Defendants, their "alternate entities", and each of them, failed to provide

22   Plaintiff Edward Smith, Jr. with information concerning adequate protective masks and other

23   equipment devised to be used when applying and installing the products of the Defendants, their

24   "alternate entities", and each of them, despite knowing that such protective measures were

25   necessary, and that they were under a duty to disclose that such materials were dangerous and

26   would result in injury to Plaintiff Edward Smith, Jr. and others applying and installing such

27   material;

28          (i)      Defendants, their "alternate entities", and each of them, when under a duty

1 to so disclose, concealed from Plaintiff Edward Smith, Jr. the true nature of the industrial

2 exposure of Plaintiff Edward Smith, Jr. and knew that Plaintiff and anyone similarly situated,

3 upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis,

4 asbestosis, and/or cancer. Defendants, their "alternate entities", and each of them, also concealed

5 from Plaintiff Edward Smith, Jr. and others that harmful materials to which they were exposed

6 would cause pathological effects without noticeable trauma;

7 (j) Defendants, their "alternate entities", and each of them, failed to provide

8 information of the true nature of the hazards of asbestos materials and that exposure to these

9 material would cause pathological effects without noticeable trauma to the public, including

10 buyers, users, and physicians employed by Plaintiff Edward Smith, Jr. so that said physicians

11 could not examine, diagnose, and treat Plaintiffs and others who were exposed to asbestos,

12 despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to

13 so inform and said failure was misleading; and

14 (k) Defendants, their "alternate entities", and each of them, failed to provide

15 adequate information to physicians and surgeons retained by Plaintiff Edward Smith, Jr.'

16 employers and their predecessor companies, for purposes of making physical examinations of

17 Plaintiff Edward Smith, Jr. and other employees as to the true nature and risk of such materials

18 and exposure thereto when they in fact possessed such information and had a duty to disclose it.

19 41. Defendants, their "alternate entities", and each of them, willfully failed and

20 omitted to complete and file a First Report of Occupational Injury or Illness regarding Plaintiffs'

21 injuries, as required by law, and did willfully fail and omit to file a Report of Injury and

22 Occupational Disease with the State of California. Plaintiff Edward Smith, Jr. was in the class of

23 persons with respect to whom a duty was owed to file such reports and who would have been

24 protected thereby if the fact of danger from products complained of had become known.

25 42. Defendants, their "alternate entities", and each of them, having such

26 aforementioned knowledge, and the duty to inform Plaintiff Edward Smith, Jr. about the true

27 facts, and knowing the Plaintiff Edward Smith, Jr. did not possess such knowledge and would

28 breathe such material innocently, acted falsely and fraudulently and with full intent to cause

20

**COMPLAINT**

1  Plaintiff Edward Smith, Jr. to remain unaware of the true facts and to induce Plaintiff Edward

2  Smith, Jr. to work in a dangerous environment, all in violation of Sections 1708, 1709, and 1710

3  of the Civil Code of the State of California.

4

5  **FIFTH CAUSE OF ACTION**
(Loss of Consortium - Shirley Smith Against All Defendants).

6     43.    Plaintiffs incorporate by this reference the allegations contained paragraphs 1

7  through 6, 12 through 17, and 20 of this Complaint.

8     44.    Plaintiffs Edward Smith, Jr. and Shirley Smith were, during all times mentioned

9  in this complaint, and are now, husband and wife.

10    45.    Prior to Plaintiff Edward Smith, Jr.' injuries as alleged, he was able and did

11 perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff

12 Edward Smith, Jr. has been unable to perform the necessary duties as a spouse and the work and

13 services usually performed in the care, maintenance, and management of the family home, and he

14 will be unable to perform such work, service and duties in the future. As a proximate result

15 thereof, Shirley Smith has been permanently deprived and will be deprived of the consortium of

16 her spouse, including the performance of duties, all to his damages, in an amount presently

17 unknown but which will be proved at the time of trial.

18    46.    Plaintiff Shirley Smith' discovery of this cause of her loss of consortium, as herein

19 alleged, first occurred within one year of the date this Complaint was filed.

20    47.    As a direct and proximate result of the acts of Defendants, their "alternate

21 entities", and each of them, and the severe injuries caused thereby to Plaintiff Edward Smith, Jr.,

22 as set forth in this complaint, Plaintiff Shirley Smith has suffered, and for a long period of time

23 will continue to suffer, loss of consortium, including, but not limited, loss of services, marital

24 relations, society, comfort, companionship, love and affection of said spouse, and has suffered

25 severe mental and emotional distress and general nervousness as a result thereof.

26 ///

27 ///

28 ///

1    WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate

2    entities", and each of them, as follows::

3    **FIRST CAUSE OF ACTION:**

4        1.    For compensatory damages according to proof;

5        2.    For pre-judgment interest at the legal rate on all sums awarded, from the date of

6            the breach of contract to the date of judgment;

7        3.    For punitive damages in an amount sufficient to punish Defendants and deter

8            similar future conduct;

9        4.    For costs of suit herein; and

10       5.    For such other further relief as is just and proper.

11   **SECOND CAUSE OF ACTION:**

12       1.    For compensatory damages according to proof;

13       2.    For pre-judgment interest at the legal rate on all sums awarded, from the date of

14           the breach of contract to the date of judgment;;

15       3.    For punitive damages in an amount sufficient to punish Defendants and deter

16           similar future conduct;

17       4.    For costs of suit herein; and

18       5.    For such other further relief as is just and proper.

19   **THIRD CAUSE OF ACTION:**

20       1.    For compensatory damages according to proof;

21       2.    For pre-judgment interest at the legal rate on all sums awarded, from the date of

22           the breach of contract to the date of judgment;

23       3.    For all reasonable attorneys' fees incurred in this action;

24       4.    For punitive damages in an amount sufficient to punish Defendants and deter

25           similar future conduct;

26       5.    For costs of suit herein; and

27       6.    For such other further relief as is just and proper.

28   ///

22

**COMPLAINT**

**FOURTH CAUSE OF ACTION:**

1.     For compensatory damages according to proof;

2.     For pre-judgment interest at the legal rate on all sums awarded, from the date of the interference to the date of judgment;

3.     For punitive damages in an amount sufficient to punish Defendants and deter similar future conduct;

4.     For costs of suit herein; and

5.     For such other further relief as is just and proper.

**FIFTH CAUSE OF ACTION:**

1.     For compensatory damages according to proof;

2.     For pre-judgment interest at the legal rate on all sums awarded, from the date of the interference to the date of judgment;

3.     For punitive damages in an amount sufficient to punish Defendants and deter similar future conduct;

4.     For costs of suit herein; and

5.     For such other further relief as is just and proper.

Dated:  October 19, 2010        **DaCORSI, PLACENCIO & RUMSEY, P.C.**

By _____

Jason E. Rumsey
Attorney for Plaintiffs,
EDWARD SMITH, JR. And
SHIRLEY SMITH

23

COMPLAINT