ADRMOP, E-Filing

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:10-cv-05678-DMR

Andrus v. Foster Wheeler LLC
Assigned to: Magistrate Judge Donna M. Ryu
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 12/14/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Richard Andrus**

represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2010 | | CASE DESIGNATED for Electronic Filing. (cjl, COURT STAFF) (Filed on 12/14/2010) (Entered: 12/16/2010) |
| 12/14/2010 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 3/16/2011. Case Management Conference set for 3/23/2011 01:30 PM in Courtroom 4, 3rd Floor, Oakland. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 12/14/2010) (Entered: 12/16/2010) |

| 12/14/2010 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Richard Andrus. (cjl, COURT STAFF) (Filed on 12/14/2010) (Entered: 12/16/2010) |
| 12/14/2010 | 3 | NOTICE of Tag-Along Action by Richard Andrus. (cjl, COURT STAFF) (Filed on 12/14/2010) (Entered: 12/16/2010) |
| 12/14/2010 | 2 | Certificate of Interested Entities by Richard Andrus. (cjl, COURT STAFF) (Filed on 12/14/2010) (Entered: 12/16/2010) |
| 12/14/2010 | 1 | COMPLAINT (with jury demand) against Foster Wheeler LLC (Filing fee $350, receipt number 34611053938). Filed by Richard Andrus. (cjl, COURT STAFF) (Filed on 12/14/2010) (Entered: 12/16/2010) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/16/2010 16:24:51 | | |
| PACER Login: bp0355 | Client Code: | |
| Description: | Docket Report | Search Criteria: 4:10-cv-05678-DMR |
| Billable Pages: 2 | Cost: | 0.16 |



ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

E-filing

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

CV 10    5678

RICHARD ANDRUS,                          )  No. _____
                                         )
                Plaintiff,               )
                                         )    COMPLAINT FOR ASBESTOS
vs.                                      )    PERSONAL INJURY/ PRODUCTS
                                         )    LIABILITY; DEMAND FOR JURY TRIAL
FOSTER WHEELER LLC (FKA FOSTER           )
WHEELER CORPORATION),                    )
                                         )
                Defendant.               )
_____  )

DMF

## I.

## PARTIES

1.   Plaintiff in this action, RICHARD ANDRUS, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.

2.   Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

3.   The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

4.   All of Plaintiff's claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendant and supplied to, installed and/or maintained by defendant at Plaintiff's worksites, over a period of years, caused from release of

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative,
2  progressive, incurable lung diseases.

3       5.     Plaintiff claims damages for an asbestos-related disease arising from a series of
4  occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing
5  products, when handled in the manner in which they were intended, released harmful asbestos
6  fibers which when inhaled by Plaintiff, caused serious lung disease.

7       6.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured
8  Plaintiff.

9       7.     Plaintiff is informed and believes, and thereon alleges that at all times herein
10  mentioned, Defendant was and is corporations, partnerships, unincorporated associations, sole
11  proprietorships and/or other business entities organized and existing under and by virtue of the
12  laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
13  said defendant, was and is authorized to do and are doing business in the State of California, and
14  that said defendant has regularly conducted business in the County of San Francisco, State of
15  California.

16  **II.**

17  **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

18       8.     <u>Jurisdiction</u>: Plaintiff RICHARD ANDRUS is a citizen of the State of California.
19  Defendant is each corporations incorporated under the laws of and having its principal
20  places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |

24       This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action
25  between citizens of different states in which the matter in controversy exceeds, exclusive of costs
26  and interest, seventy-five thousand dollars.

27       9.     <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of
28  California and assignment to the San Francisco Division of said district is proper as a substantial

1  part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred
2  within the County of San Francisco, California, and Defendant is subject to personal jurisdiction
3  in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

8  PLAINTIFF RICHARD ANDRUS COMPLAINS OF DEFENDANT FOSTER
9  WHEELER LLC (FKA FOSTER WHEELER CORPORATION), ITS "ALTERNATE
10  ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE
11  ALLEGES:

12  10.  At all times herein mentioned, each of named defendant was the successor,
13  successor in business, successor in product line or a portion thereof, assign, predecessor,
14  predecessor in business, predecessor in product line or a portion thereof, parent, holding
15  company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole
16  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
17  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
18  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
19  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
20  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
21  otherwise directing and/or facilitating the use of, or advertising a certain product, namely
22  asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be
23  called ALTERNATE ENTITIES. Each of the herein named defendant is liable for the tortious
24  conduct of each successor, successor in business, successor in product line or a portion thereof,
25  assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,
26  venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or
27  entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,
28  designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

K:\Injured\109012\FED\PLD\cmp fed (pi).wpd                           3
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1 sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
2 rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
3 products containing asbestos. The following defendant, is liable for the acts of each and every
4 ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of
5 plaintiff's remedy against each such ALTERNATE ENTITY; defendant, has acquired the assets,
6 product line, or a portion thereof, of each such ALTERNATE ENTITY; defendant, caused the
7 destruction of plaintiff's remedy against each such ALTERNATE ENTITY; each such defendant
8 has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that
9 each such defendant enjoys the goodwill originally attached to each such ALTERNATE
10 ENTITY:

11 DEFENDANT                                    ALTERNATE ENTITY

12 FOSTER WHEELER LLC              FOSTER WHEELER CORPORATION

13         11.     At all times herein mentioned, defendant, its ALTERNATE ENTITIES, and each
14 of them, were and are engaged in the business of researching, manufacturing, fabricating,
15 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
16 supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,
17 promoting, representing, servicing, installing, contracting for installation, repairing, marketing,
18 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
19 otherwise directing and/or facilitating the use of, or advertising a certain product, namely
20 asbestos and other products containing asbestos.

21         12.     At all times herein mentioned, defendant, its ALTERNATE ENTITIES and each
22 of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated,
23 designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of
24 the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied,
25 sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed,
26 represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded,
27 manufactured for others, packaged and advertised, a certain product, namely asbestos, and other
28 products containing asbestos, in that said products caused personal injuries to users, consumers,

K:\Injured\109032\FED\PLD\cmp fed (pi).wpd                           4
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1 workers, bystanders and others, including the plaintiff herein, (hereinafter collectively called
2 "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby
3 rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

4     13.     Defendant, its ALTERNATE ENTITIES, and each of them, had a duty to exercise
5 due care in the pursuance of the activities mentioned above and defendant, breached said duty of
6 due care.

7     14.     Defendant, its ALTERNATE ENTITIES, and each of them, knew, or should have
8 known, and intended that the aforementioned asbestos and products containing asbestos and
9 related products and equipment, would be transported by truck, rail, ship, and other common
10 carriers, that in the shipping process the products would break, crumble, or be otherwise
11 damaged; and/or that such products would be used for insulation, construction, plastering,
12 fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
13 limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
14 breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
15 release of airborne asbestos fibers, and that through such foreseeable use and/or handling
16 "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to
17 said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
18 persons working in proximity to said products, directly or through reentrainment.

19     15.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-
20 containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's
21 exposure to asbestos and asbestos-containing products is on current information as set forth at
22 various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and
23 incorporated by reference herein.

24     16.     As a direct and proximate result of the acts, omissions, and conduct of the
25 defendant, its ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to
26 asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or
27 harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated
28 by reference herein.

1    17.    Plaintiff is informed and believes, and thereon alleges, that progressive lung
2  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
3  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
4  asbestos and asbestos-containing products over a period of time.

5    18.    Plaintiff suffers from a condition related to exposure to asbestos and asbestos-
6  containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-
7  containing products presented risk of injury and/or disease.

8    19.    As a direct and proximate result of the aforesaid conduct of defendant, its
9  ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,
10  permanent injuries and/or future increased risk of injuries to their persons, body and health,
11  including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and
12  emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to
13  Plaintiff's general damage.

14    20.    As a direct and proximate result of the aforesaid conduct of the defendant, its
15  "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur
16  in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays
17  and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this
18  time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost
19  thereof is ascertained.

20    21.    As a further direct and proximate result of the said conduct of the defendant, its
21  "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and
22  extent of which are not yet known to Plaintiff, and leave is requested to amend this complaint to
23  conform to proof at the time of trial.

24    22.    Defendant, its ALTERNATE ENTITIES, and each of them, and their officers,
25  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
26  had full knowledge of, or should have known of, each of the acts set forth herein.

27    23.    Defendant, its "alternate entities," and each of them, are liable for the fraudulent,
28  oppressive, and malicious acts of its ALTERNATE ENTITIES, and each of them, and each

K:\Injured\109032\FED\PLD\cmp fed (pi).wpd                6
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1  defendant's officers, directors and managing agents participated in, authorized, expressly and
2  impliedly ratified, and had full knowledge of, or should have known of, the acts of each of its
3  ALTERNATE ENTITIES as set forth herein.

4      24.    The herein-described conduct of said defendant, its ALTERNATE ENTITIES,
5  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
6  disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of
7  example and by way of punishing said defendant, seeks punitive damages according to proof.

8      WHEREFORE, Plaintiff prays judgment against defendant, its "alternate entities," and
9  each of them, as hereinafter set forth.

10                    SECOND CAUSE OF ACTION
                         (Products Liability)
11

12      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
13  ACTION FOR PRODUCTS LIABILITY, PLAINTIFF RICHARD ANDRUS COMPLAINS OF
14  DEFENDANT FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), ITS
15  "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

16      25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the
17  allegations contained in each paragraph of the First Cause of Action herein.

18      26.    Defendant, its ALTERNATE ENTITIES, and each of them, knew and intended
19  that the above-referenced asbestos and asbestos-containing products would be used by the
20  purchaser or user without inspection for defects therein or in any of its component parts and
21  without knowledge of the hazards involved in such use.

22      27.    Said asbestos and asbestos-containing products were defective and unsafe for their
23  intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The
24  defect existed in the said products at the time they left the possession of defendant, its "alternate
25  entities," and each of them. Said products did, in fact, cause personal injuries, including
26  asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff herein, while
27  being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and
28  dangerous for use.

28. "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said defendant, its ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

29. In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendant, its ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendant, its ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendant, its ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendant, its ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

30. On or before 1930, and thereafter, said defendant, its ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendant, its ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

31. With said knowledge, said defendant, its ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease,

1  buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market,
2  warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-
3  containing products without attempting to protect "exposed persons" from or warn "exposed
4  persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-
5  containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed
6  persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-
7  containing products, defendant, its ALTERNATE ENTITIES, and each of them, intentionally
8  failed to reveal their knowledge of said risk, and consciously and actively concealed and
9  suppressed said knowledge from "exposed persons" and members of the general public, thus
10  impliedly representing to "exposed persons" and members of the general public that asbestos and
11  asbestos-containing products were safe for all reasonably foreseeable uses. Defendant, its
12  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
13  representations with the knowledge of the falsity of said implied representations.

14      32.    The above-referenced conduct of said defendant, its ALTERNATE ENTITIES,
15  and each of them, was motivated by the financial interest of said defendant, its ALTERNATE
16  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
17  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
18  sale, inspection, installation, contracting for installation, repair, marketing, warranting,
19  rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
20  containing products. In pursuance of said financial motivation, said defendant, its ALTERNATE
21  ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact
22  were consciously willing and intended to permit asbestos and asbestos-containing products to
23  cause injury to "exposed persons" and induced persons to work with and be exposed thereto,
24  including Plaintiff.

25      33.    Plaintiff alleges that the aforementioned defendant, its ALTERNATE ENTITIES,
26  and each of them impliedly warranted their asbestos and asbestos-containing products to be safe
27  for their intended use but that their asbestos and asbestos-containing products, created an
28  unreasonable risk of bodily harm to exposed persons.

K:\Injured\109\032\FED\PLD\cmp fed (pi).wpd                    9

1      34.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos

2 and various asbestos-containing products manufactured, fabricated, inadequately researched,

3 designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered

4 for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

5 marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

6 aforementioned defendant, its ALTERNATE ENTITIES, and each of them and that Plaintiff

7 cannot identify precisely which asbestos or asbestos-containing products caused the injuries

8 complained of herein.

9      35.     Plaintiff relied upon defendant's, its "alternate entities'", and each of their

10 representations, lack of warnings, and implied warranties of fitness of asbestos and their

11 asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

12 been injured permanently as alleged herein.

13      36.     As a direct and proximate result of the actions and conduct outlined herein,

14 Plaintiff has suffered the injuries and damages previously alleged.

15      WHEREFORE, Plaintiff prays judgment against defendant, its ALTERNATE ENTITIES,

16 and each of them, as hereinafter set forth.

17 **IV.**

18 **PRAYER**

19      WHEREFORE, Plaintiff prays judgment against defendant, its ALTERNATE ENTITIES,

20 and each of them in an amount to be proved at trial, as follows:

21      (a)     For Plaintiff's general damages according to proof;

22      (b)     For Plaintiff's loss of income, wages and earning potential according to proof;

23      (c)     For Plaintiff's medical and related expenses according to proof;

24      (d)     For Plaintiff's cost of suit herein;

25      (e)     For exemplary or punitive damages according to proof;

26      (f)     For damages for fraud according to proof; and

27 ///

28 ///

1      (g)    For such other and further relief as the Court may deem just and proper, including

2             costs and prejudgment interest.

3

4 Dated:   12/11/10                    BRAYTON❖PURCELL LLP

5

6                                  By: _____

7                                        David R. Donadio
                                       Attorneys for Plaintiff

8

9

10                                JURY DEMAND

11      Plaintiff hereby demands trial by jury of all issues of this cause.

12

13 Dated:   12/11/10                    BRAYTON❖PURCELL LLP

14

15                                  By: _____

16                                      David R. Donadio
                                       Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1                                   EXHIBIT A

2   Plaintiff: RICHARD ANDRUS

3

4   Plaintiff's injuries:  Plaintiff's exposure to asbestos and asbestos-containing products caused

5   severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties,

6   asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma,

7   lung cancer and various other cancers.  Plaintiff was diagnosed with asbestos-related pleural

8   disease on or about October 30, 2008.

9

10  Retirement Status:  The Injured Party retired from his last place of employment as a result of

11  becoming disabled due to an illness not related to asbestos.  He has therefore suffered no

12  disability from his asbestos-related disease as "disability" is defined in California Code of Civil

13  Procedure § 340.2.

14

15  Defendant:  Plaintiff contends that the asbestos-containing products to which he was or may have

16  been exposed to were manufactured, supplied, distributed, installed and/or contracted for by

17  Defendant.  Plaintiff's exposure to asbestos occurred at the following times and places, and

18  involved exposure to dust created by the contractors and the products of the entities listed below.

19  The exposure includes, but is not limited, to the following presently known contractors and the

20  manufacturers and distributors of asbestos-containing products:

21

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Star Tribune 425 Portland Ave., Minneapolis, MN 55488 | Throughout Metro Area Dickinson, ND | Newspaper Deliveryman | 1959-1961 |

22
23
24

Job Duties:  Plaintiff delivered newspapers to houses on his bicycle.  Plaintiff is currently
25  unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Buttrey Stores Inc. 600 First Ave. Minneapolis, MN | Buttrey Stores Inc. Minneapolis, MN | Janitor | 1/1961-3/1961 (Approximately) |

26
27
28

K:\Injured\109032\FED\PLD\cmp fed (pi).wpd                    13

1   Job Duties:  Plaintiff worked in the department store as a janitor cleaning and vacuuming.
    Plaintiff is currently unaware if he was exposed to asbestos during this employment.
2

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Steffes & Son Metal Mfg. Box 401 Dickinson, ND | Steffes & Son Metal Mfg Dickinson, ND | Laborer | 7/1961-9/1961; 4/1962-6/1962 (Approximately) |

6   Job Duties:  Plaintiff worked for a church furniture company sanding pews.  Plaintiff is  currently
    unaware if he was exposed to asbestos during this employment.
7

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| LW Veigel Box 466 Dickinson, ND | Unknown | Unknown | 4/1962-6/1962 (Approximately) |

11  Job Duties:  Plaintiff does not currently recall the specifics of this employment.  Plaintiff is
    currently unaware if he was exposed to asbestos during this employment.
12

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | Naval Recruting Class "A" Substation Fargo, ND | Trainee | 7/30/62 |
|  | Naval Training Center, San Diego, CA | Trainee | 7/30/62-10/15/62 |
|  | AJAX (AR-6) Sasebo, Japan | Machinist Mate | 10/15/62- 11/10/62; 11/11/62- 9/1/64 |
|  | US Navy Yokosuka, Japan |  | 8/13/65-8/23/65 |
|  | Naval Reserve Manpower Center Bainbridge, ML |  | 10/12/65-1/16/66; 3/15/66 |
|  | Naval Reserve Surface Division Seattle, WA |  | 2/16/66-3/2/66 |

25  Job Duties:  Plaintiff served aboard ship in the outside machine shop.  Plaintiff repaired
    equipment from other ships in the fleet, including but not limited to:  CRANE CO., FISHER
26  CONTROLS INTERNATIONAL, INC., GATES CORPORATION, JOHNSON CONTROLS,
    INC., GOULDS PUMPS, INC., LESLIE CONTROLS, INC. and TODD COMBUSTION
27  GROUP (CRL TCI, INC.) valves and WORTHINGTON CORPORATION (HALLIBURTON
    ENERGY SERVICES, INC.), CHAPMAN VALVE CO. (CRANE CO.), CHICAGO PUMP
28  COMPANY (FMC CORPORATION), INGERSOLL-RAND COMPANY, MORRIS PUMPS,
    INC. (GOULDS PUMPS, INC.) and WARREN PUMPS, LLC pumps with ANCHOR

1  PACKING COMPANY (COLTEC INDUSTRIES, INC.), JOHN CRANE, INC., GARLOCK
SEALING TECHNOLOGIES, LLC, VICTOR MANUFACTURING & GASKET (DANA
2  COMPANIES, LLC (FKA DANA CORPORATION) and A.W. CHESTERTON COMPANY
asbestos packing. Plaintiff punched gaskets from GARLOCK SEALING TECHNOLOGIES,
3  LLC asbestos sheet gasket material with a ball-peen hammer and installed these gaskets in pipes
and flanges. Plaintiff disturbed asbestos insulation when he accessed and repaired INGERSOLL-
4  RAND COMPANY and WORTHINGTON CORPORATION (HALLIBURTON ENERGY
SERVICES, INC.) air compressors. Plaintiff worked in close proximity to machinist mates as
5  they scraped deteriorated gasket material from pipes and flanges and cut and replaced JOHNS
MANVILLE (MANVILLE TRUST) asbestos insulation. Plaintiff worked in close proximity to
6  machinist mates who repaired and replaced gaskets in YARWAY CORPORATION steam traps.
Plaintiff worked in close proximity to Navy personnel who swept up asbestos dust from work
7  areas. Plaintiff recalls the following shipmates: Kenny Bilman, Dickinson, North Dakota; Tito
Fuentes, Texas, and Andy Anderson, Missouri. Plaintiff currently contends he was exposed to
8  asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | CACAPON (AO-52) | Machinist Mate | 9/2/64 - 8/13/65 |
| | Long Beach Naval Shipyard, Long Beach, CA | | 1964 (Approximately 1 month) |
| | Viet Nam | | 7/1965 |
| | Naval Station Treasure Island, San Francisco, CA | | 8/17/65-8/23/65 |

17  Job Duties: Plaintiff served aboard ship in the engine and boiler rooms where he operated and
maintained INGERSOLL-RAND COMPANY steam-driven winches. Plaintiff punched
18  GARLOCK SEALING TECHNOLOGIES, LLC gaskets from asbestos sheet gasket material
with a ball-peen hammer and installed these gaskets in pipes and flanges. Plaintiff disturbed
19  asbestos insulation as he accessed, repaired and repacked valves with ANCHOR PACKING
COMPANY, THE (COLTEC INDUSTRIES, INC.), JOHN CRANE, INC., VICTOR
20  MANUFACTURING & GASKET (DANA COMPANIES, LLC (FKA DANA
CORPORATION) and A.W. CHESTERTON COMPANY asbestos packing. Plaintiff worked in
21  close proximity to machinist mates as they scraped deteriorated gasket material from pipes and
flanges and cut and replaced JOHNS MANVILLE (MANVILLE TRUST) asbestos insulation.
22  Plaintiff worked in close proximity to Navy personnel who swept up asbestos dust from work
areas. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Morris Stage Bar 512 Dak Ave. Wahpeton, ND | Morris' Bar Wahpeton, ND | Bartender | 10/1965-10/1965 (Approximately) |

27  Job Duties: Plaintiff served drinks at a bar. Plaintiff is currently unaware if he was exposed to
asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Boeing Company<br>P.O. Box 3707<br>Seattle, WA | Boeing Aircraft<br>Renton, WA | Jig Builder | 10/1965-3/1966<br>(Approximately) |

Job Duties:  Plaintiff cut aluminum with a saw for use in commercial aircraft.  Plaintiff worked in close proximity to others performing this task.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| University of Washington<br>Payroll Officer<br>3903 Brooklyn Ave.<br>Seattle, WA | Unknown | Unknown | 1/1966-3/1966<br>(Approximately) |

Job Duties:  Plaintiff does not currently recall the specifics of this employment.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pacific Northwest Bell<br>Telephone Co.<br>12121 Grant St.<br>Thornton, CO | Underground and<br>commercial buildings<br>throughout downtown<br>Seattle, WA | Cable Splicer | 1/1966- 9/1966<br>(Approximately) |

Job Duties:  Plaintiff serviced underground telephone cables.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Shilshole Marina Inc.<br>19613 99th | Shilshole Marina Inc.<br>Seattle, WA | Laborer | 7/1966-12/1966<br>(Approximately) |
| Snohomish, WA | | | |

Job Duties:  Plaintiff maintained and cleaned boats.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pacific Far East Line Inc.<br>2800 28th St.<br>Santa Monica, CA | Unknown | Unknown | 10/1966-12/1966<br>(Approximately) |

Job Duties:  Plaintiff does not currently recall the specifics of this employment.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Matson Shipping Lines San Francisco, CA | LINDENWOOD VICTORY (1945) | Fireman | 8/24/66-11/6/66 |
| | Subic Bay, Philippines | | 1966 (Approximately 1 month) |
| | Cam Ranh Bay, Viet Nam | | 1966 (Approximately 1 month) |
| | Da Nang, Viet Nam | | 1966 (Approximately 1 month) |

Job Duties:  Plaintiff served in the Merchant Marine as a fireman in the boiler room where he regularly disturbed asbestos insulation as he opened and maintained the steam pressure in two BABCOCK & WILCOX COMPANY boilers.  Plaintiff worked in close proximity to marine engineers and wipers who overhauled and repaired these boilers, cleaned tubes and replaced burners.  Plaintiff worked in close proximity to wipers who swept up asbestos dust from the boiler room.  Plaintiff recalls the following co-workers: Miles Black, New York and Ron Paul, Alaska.  Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| The Oceanic Steamship Co. 100 Mission St. San Francisco, CA | MONTEREY (1952) Matson Navigation (Piers 32 and 35) San Francisco, CA | Marine Engineer | 11/10/67-12/25/67 12/26/67-2/19/68 |

Job Duties:  Plaintiff served in the Merchant Marine as an engineer aboard ship where he regularly disturbed asbestos insulation as he accessed and cleaned evaporator tubes in the engine room, and replaced belts and fans in INGERSOLL-RAND COMPANY air ejectors, WORTHINGTON CORPORATION (HALLIBURTON ENERGY SERVICES, INC.) air compressors and GENERAL ELECTRIC COMPANY generators.  Plaintiff punched gaskets from GARLOCK SEALING TECHNOLOGIES, LLC asbestos sheet gasket material with a ball-peen hammer and installed these gaskets in pipes and flanges.  Plaintiff worked in close proximity to engineers as they tore away asbestos insulation and scraped deteriorated gasket material from pipes and flanges and cut and installed JOHNS MANVILLE (MANVILLE TRUST) asbestos pipe insulation.  Plaintiff worked in close proximity as engineers repacked COFFIN TURBO PUMPS, INC. (FMC CORPORATION-TURBO PUMP OPERATION), WARREN PUMPS, LLC, DELAVAL STEAM TURBINE (IMO INDUSTRIES, INC.) and PACIFIC PUMPS, INC. (HALLIBURTON ENERGY SERVICES, INC.) pumps.  Plaintiff recalls the following co-workers: Ray Bautista, San Francisco, California; Ronnie Bautista, San Francisco, California; Terry Walden, Berkeley, California; Frank Basili, Healdsburg, California; Ron Woods, New York; Ray Bettencort, San Francisco, California; Lucky Lawful, address currently unknown; Phil Cressman, address currently unknown and Pepe Martinez, address currently unknown.  Plaintiff currently contends he was exposed to asbestos during this employment.

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| The Oceanic Steamship Co.<br>100 Mission St.<br>San Fancisco, CA | MARIPOSA (1953)<br>Matson Navigation<br>(Piers 32 and 35)<br>San Francisco, CA | Evaporator<br>Maintenance | 12/2/66-1/16/67;<br>1/17/67-3/2/67;<br>3/3/67-4/16/67;<br>4/17/67-6/1/67;<br>6/2/67-7/16/67 |

Job Duties: Plaintiff served in the Merchant Marine as an engineer aboard ship where he regularly disturbed asbestos insulation as he accessed and cleaned evaporator tubes in the engine room, and replaced belts and fans in INGERSOLL-RAND COMPANY air ejectors, WORTHINGTON CORPORATION (HALLIBURTON ENERGY SERVICES, INC.) air compressors and GENERAL ELECTRIC COMPANY generators. Plaintiff punched gaskets from GARLOCK SEALING TECHNOLOGIES, LLC asbestos sheet gasket material with a ball-peen hammer and installed these gaskets in pipes and flanges. Plaintiff worked in close proximity to boiler tenders as they installed gaskets in, FOSTER WHEELER LLC boilers. Plaintiff worked in close proximity to engineers as they tore away asbestos insulation and scraped deteriorated gasket material from pipes and flanges and cut and installed JOHNS MANVILLE (MANVILLE TRUST) asbestos pipe insulation. Plaintiff repacked COFFIN TURBO PUMPS, INC. (FMC CORPORATION-TURBO PUMP OPERATION), WARREN PUMPS, LLC, DELAVAL STEAM TURBINE (IMO INDUSTRIES, INC.) and PACIFIC PUMPS, INC. (HALLIBURTON ENERGY SERVICES, INC.) pumps. Plaintiff worked in close proximity to wipers who swept up asbestos dust from the boiler room. Plaintiff recalls the following co-workers: Ray Bautista, San Francisco, California; Ronnie Bautista, San Francisco, California; Terry Walden, Berkeley, California; Frank Basili, Healdsburg, California; Ron Woods, New York; Ray Bettencort, San Francisco, California; Lucky Lawful, address currently unknown; Phil Cressman, address currently unknown and Pepe Martinez, address currently unknown. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Matson Shipping Lines<br>San Francisco, CA | LURLINE (1441)<br>Matson Navigation<br>(Piers 32 and 35)<br>San Francisco, CA | Marine Engineer | 9/11/67-11/10/67 |

Job Duties: Plaintiff served in the Merchant Marine as an engineer. Plaintiff worked on ventilation systems throughout the ship. Plaintiff repaired and repacked valves and pumps. Plaintiff punched gaskets from GARLOCK SEALING TECHNOLOGIES, LLC asbestos sheet gasket material with a ball-peen hammer and installed these gaskets in pipes and flanges. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| States Steamship Company<br>National Shipping Authority<br>320 California St.<br>San Francisco, CA | GROVE CITY VICTORY (1945)<br>Matson Navigation<br>(Piers 32 and 35)<br>San Francisco, CA | Oiler | 4/22/68-5/1/1968;<br>5/2/68-7/21/68;<br>7/22/68-8/6/68;<br>8/7/68-11/3/68 |

Job Duties: Plaintiff served in the Merchant Marine as an oiler in the boiler room where he regularly took readings and watched BABCOCK & WILCOX COMPANY boilers. Plaintiff worked in close proximity to engineers who scraped deteriorated gasket material from pipes and

1 | flanges. Plaintiff worked in close proximity to wipers who swept up asbestos dust from the boiler room. Plaintiff recalls the following co-worker: Miles Black, New York, Plaintiff
2 | currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hagel Services Corp. 80 Belvedere St. San Rafael, CA | Various Residences San Rafael, CA | House Cleaner | 1/1969-3/1969 (Approximately) |

Job Duties: Plaintiff cleaned houses. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| ASA Inc. 510 N. 1st San Jose, CA | Unknown | Unknown | 1/1969-3/1969 (Approximately) |

Job Duties: Plaintiff does not currently recall the specifics of this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dean Distributors Inc. 1350 Bayshore Hwy Burlingame, CA | Dean Distributors Inc. San Francisco, CA | Laborer | 4/1969-6/1969 (Approximately) |

Job Duties: Plaintiff packaged concentrated food and put labels on the containers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| City and County of San Francisco, CA | Waste Water Treatment Centers and Pumping Stations throughout the City and County of San Francisco, CA, including: | Engineer | 1969-1996 |
| | Southeast Plant, 1700 Gerald St., San Francisco, CA; | | |
| | North Point Plant 100 Bay St., San Francisco, CA; | | |
| | Richmond & Sunset Plant Golden Gate Park, San Francisco, CA | | |

K:\Injured\109032\FED\PLD\cmp fed (pi).wpd

19

1  Job Duties: Plaintiff repaired and repacked KROGH PUMP COMPANY, INC., CHICAGO
   PUMP COMPANY (FMC CORPORATION) and PACIFIC PUMPS, INC. (HALLIBURTON
2  ENERGY SERVICES, INC.). Plaintiff disturbed asbestos insulation as he accessed and repaired
   WESTINGHOUSE ELECTRIC CORPORATION (VIACOM, INC.), GENERAL ELECTRIC
3  COMPANY and SQUARE D COMPANY (SCHNEIDER ELECTRIC USA, INC. (FKA
   SQUARE D COMPANY)) motors and controls. Plaintiff punched gaskets from GARLOCK
4  SEALING TECHNOLOGIES, LLC asbestos sheet gasket material with a ball-peen hammer and
   installed these gaskets in pipes and flanges. Plaintiff installed gaskets and maintained boilers at
5  all treatment centers
        Plaintiff recalls all waste water treatment plants underwent asbestos removal in the 1980's
6  and 1990's where a contractor secured boiler and other areas with visqueen plastic. Plaintiff
   recalls bypassing this visqueen plastic to access, take readings and make adjustments to boilers.
7        Plaintiff recalls the following co-workers: Kevin Lyons, San Rafael, California; Pat
   Patterson, San Francisco, California; Kerwin Chan, Millbrae, California; Gene Skelley, Fremont,
8  California; Lamar Skelley, San Francisco, California; Nate Brennan, San Francisco, California;
   Dan Gilman; Vern Tolliver, Concord, California; Dolf Hoffmeyer, Pacifica, California; Joan
9  Murray, Pittsburg, California; Johnny Johnson, Fairfield, California; Dave Geisner, South San
   Francisco, California; Lou Vasquez, address currently unknown; Guillermo Alvarez, Mexico;
10 Gus Dominguez, address currently unknown; Joe Francisco, address currently unknown; Pete
   Chin, address currently unknown; Paul Chin, address currently unknown; Allen Kenck, address
11 currently unknown; Bob Ericcson, address currently unknown; Jim Berry, address currently
   unknown; Kevin Barry, address currently unknown; Allen McLeod, address currently unknown;
12 Tom Wright, address currently unknown; Archie Spivey, address currently unknown; John
   Murray, address currently unknown; Jerry Murphy, address currently unknown; Francis Ribisi,
13 address currently unknown; Alexi Halstead, address currently unknown; Lynn Williams, address
   currently unknown; Dan Godfrey, address currently unknown; Carla Godfrey, address currently
14 unknown; Dave Marks, address currently unknown; John Liacano, address currently unknown;
   Bill Smith, address currently unknown; Bill Keany, address currently unknown; Tony Flores,
15 address currently unknown; Laura Johnson, address currently unknown; Frank Patterson, address
   currently unknown; and Mark Wantenabe, San Francisco, California. Plaintiff currently contends
16 he was exposed to asbestos during this employment.

17 NON-OCCUPATIONAL EXPOSURE:

18 Friction:
   Plaintiff generally purchased replacement brakes, gaskets and clutches from the following
19 locations during the 1960's-1990's:  GRAND AUTO, INC (CSK AUTO, INC.) in Novato,
   California, and San Rafael California; Economy Imports, Mill Valley, California; and Feltons,
20 Mill Valley, California, and San Rafael, California.

21 In approximately 1965, plaintiff installed brake shoes in a 1963 CHEVROLET (GENERAL
   MOTORS CORPORATION). Plaintiff removed the original equipment manufacturer's brakes
22 and blew asbestos dust from the wheel drums with his mouth, scraped the residue with a wire
   brush and wiped it out with a rag.
23        In approximately 1970, plaintiff installed a BORG WARNER (BORGWARNER
   MORSE TEC INC.) clutch and performed two brake repairs in a 1966 VOLKSWAGEN GROUP
24 OF AMERICA, INC. (VOLKSWAGEN OF AMERICA, INC.) Bus. Plaintiff removed the
   original equipment manufacturer's brakes and blew asbestos dust from the wheel drums with his
25 mouth.
        In approximately 1975, plaintiff installed brake shoes in a 1968 VOLKSWAGEN
26 GROUP OF AMERICA, INC. (VOLKSWAGEN OF AMERICA, INC.) Beetle. Plaintiff
   removed the original equipment manufacturer's brakes and blew asbestos dust from the wheel
27 drums with his mouth.
        In approximately 1975, plaintiff installed brake shoes in a 1969 FORD LTD (FORD
28 MOTOR COMPANY) station wagon. Plaintiff removed the original equipment manufacturer's
   brakes and blew asbestos dust from the wheel drums with his mouth.

1    In approximately 1980, plaintiff installed GARLOCK SEALING TECHNOLOGIES,
     LLC exhaust manifold gaskets in a late-1970's model MAZDA (MAZDA NORTH AMERICAN
2    OPERATION) 626. Plaintiff also installed new brake shoes and a clutch in this vehicle.
     Plaintiff removed the original equipment manufacturer's brakes and blew asbestos dust from the
3    wheel drums with his mouth. California. Plaintiff currently contends he was exposed to asbestos
     during this automobile repair work.

4

     Home Remodel:
5    In approximately 1968, plaintiff disturbed asbestos joint and taping compounds and stucco when
     he removed the front portion and roof of his 1940's-era 236 Center Street home in San Rafael,
6    California. Plaintiff replaced and expanded the front section and roof of this home mixing,
     applying and sanding joint and taping compound. Plaintiff purchased all home remodel
7    materials from STANDARD BRANDS, San Rafael, California and FRIEDMAN BROS
     HARDWARE, Santa Rosa, California.
8         In approximately 1976, plaintiff disturbed asbestos joint and taping compounds and
     stucco as he remodeled his 1965-era home at 555 Pinewood Dr. in San Rafael, California.
9    Plaintiff applied and sanded all purpose joint and taping compound. Plaintiff currently contends
     he was exposed to asbestos during this home remodel work.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\109032\FED\PLD\cmp fed (pi).wpd                    21
        COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL