ASBEST

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:10-cv-04442-CJB-KWR
## Internal Use Only

Jefferson, et al v. American Sugar Refining, Inc., et al
Assigned to: Judge Carl Barbier
Referred to: Magistrate Judge Karen Wells Roby
Case in other court: Civil District Court, Orleans Parish,
                 07-13834 I-14
Cause: 28:1441 Petition for Removal- Product Liability

Date Filed: 12/01/2010
Jury Demand: Defendant
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Federal Question

**Plaintiff**

**Joannie L. Jefferson**        represented by    **Cameron Waddell**
       Baron & Budd, P.C. (Baton Rouge)
       9015 Bluebonnet Blvd.
       Baton Rouge, LA 70810
       225-768-7222
       Email: cwaddell@leblancwaddell.com
       *LEAD ATTORNEY*
       *ATTORNEY TO BE NOTICED*

       **Christopher C. Colley**
       LeBlanc & Waddell, LLP
       6955 Perkins Road
       Suite 100
       Baton Rouge, LA 70808
       214-874-7077
       Fax: 214-874-7117
       Email: ccolley@leblancwaddell.com
       *ATTORNEY TO BE NOTICED*

       **J. Burton LeBlanc , IV**
       Baron & Budd, P.C. (Baton Rouge)
       9015 Bluebonnet Blvd.
       Baton Rouge, LA 70810
       225-927-5441
       Fax: 225-927-5449
       Email: bleblanc@baronbudd.com
       *ATTORNEY TO BE NOTICED*

       **Jason K. Placke**
       Brent Coon & Associates (Baton Rouge)
       619 Jefferson Hwy.
       Suite 1D
       Baton Rouge, LA 80806
       225-928-5753

**Jo Ann Lea**
Baron & Budd, P.C. (Baton Rouge)
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
225-927-5441

**Jody Edward Anderman**
Waddell Anderman LLC
8708 Jefferson Hwy.
Suite A
Baton Rouge, LA 70809
225-454-8166

**Plaintiff**
**Adraine J Georges**                 represented by  **Cameron Waddell**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Christopher C. Colley**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **J. Burton LeBlanc , IV**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Jason K. Placke**
                                                      (See above for address)

                                                      **Jo Ann Lea**
                                                      (See above for address)

                                                      **Jody Edward Anderman**
                                                      (See above for address)

**Plaintiff**
**Derrie K Jefferson**                represented by  **Cameron Waddell**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Christopher C. Colley**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **J. Burton LeBlanc , IV**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)

**Jo Ann Lea**
(See above for address)

**Jody Edward Anderman**
(See above for address)

<u>**Plaintiff**</u>

**Ryan F Jefferson**        represented by    **Cameron Waddell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)

**Jo Ann Lea**
(See above for address)

**Jody Edward Anderman**
(See above for address)

<u>**Plaintiff**</u>

**Thomas H Jefferson, IV**       represented by    **Cameron Waddell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)

**Jo Ann Lea**
(See above for address)

                **Jody Edward Anderman**
(See above for address)

**Plaintiff**

**Kevin L Jefferson**    represented by    **Cameron Waddell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)

**Jo Ann Lea**
(See above for address)

**Jody Edward Anderman**
(See above for address)

**Plaintiff**

**Brad A Jefferson**    represented by    **Cameron Waddell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)

**Jo Ann Lea**
(See above for address)

**Jody Edward Anderman**
(See above for address)

**Plaintiff**

**Lisa M Williams**      represented by **Cameron Waddell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)

**Jo Ann Lea**
(See above for address)

**Jody Edward Anderman**
(See above for address)

V.

**Defendant**

**American Sugar Refining, Inc.**      represented by **Paul E. Harrison**
*formerly known as*                                       Law Offices of Paul E. Harrison, LLC
TASR Co                                                 532 Gerard St.
*formerly known as*                                        Mandeville, LA 70448
Tate & Lyle North American Sugars,        985-727-7348
Incorporated                                       Email: pharrison@pharrisonlaw.com
*formerly known as*                                        *LEAD ATTORNEY*
Domino Sugar Corporation                       *ATTORNEY TO BE NOTICED*
*formerly known as*
Amstar Sugar Corporation
*formerly known as*
American Sugar Refinery

**Defendant**

**BCI Acquisitions, Inc.**      represented by **Gustave A. Fritchie , III**
Irwin, Fritchie, Urquhart & Moore, LLC
(New Orleans)
400 Poydras St.
Suite 2700
New Orleans, LA 70130
504-310-2100
Email: gfritchie@irwinllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Buck Kreihs Company, Inc.**
*TERMINATED: 12/01/2010*

represented by **Lawrence G. Pugh , III**
Pugh, Accardo, Haas, Radecker, Carey &
Hymel (New Orleans)
1100 Poydras St.
Suite 3200
New Orleans, LA 70163
504-799-4500
Email: lpugh@pugh-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**H. Philip Radecker , Jr.**
Pugh, Accardo, Haas, Radecker, Carey &
Hymel (New Orleans)
1100 Poydras St.
Suite 3200
New Orleans, LA 70163
504-799-4521
Email: hpradecker@pugh-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cooper/T. Smith Stevedoring Company**
*TERMINATED: 12/01/2010*

**Defendant**

**Crowley Marine Services, Inc.**

represented by **John A. Bolles**
Phelps Dunbar, LLP (New Orleans)
Canal Place
365 Canal St.
Suite 2000
New Orleans, LA 70130-6534
(504) 5566-1311
Fax: (504) 568-9130
Email: bollesj@phelps.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dixie Machine Welding & Metal Works,
Inc.**

represented by **Gary Allen Lee**
Lee, Futrell & Perles, LLP
201 St. Charles Ave.
Suite 4120
New Orleans, LA 70170-4120
504-569-1725
Email: glee@leefutrell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anita Ann Cates**
Lee, Futrell & Perles, LLP
201 St. Charles Ave.
Suite 4120
New Orleans, LA 70170-4120
504-569-1725
Email: acates@leefutrell.com
*ATTORNEY TO BE NOTICED*

**Patricia Cowen Penton**
Lee, Futrell & Perles, LLP
201 St. Charles Ave.
Suite 4120
New Orleans, LA 70170-4120
504-569-1725
Email: ppenton@leefutrell.com
*ATTORNEY TO BE NOTICED*

**Richard Marshall Perles**
Lee, Futrell & Perles, LLP
201 St. Charles Ave.
Suite 4120
New Orleans, LA 70170-4120
504-569-1725
Email: rperles@leefutrell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eagle Inc**

**Defendant**

**James J Flanagan Shipping Corp**     represented by     **Douglass Michael Moragas**
Douglass M. Moragas, Attorney at Law
1999 Hickory Ave.
Suite 101
Harahan, LA 70123
504-738-8305
Email: dmoragas8305@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**McCarty Corp**     represented by     **Susan Beth Kohn**
Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras St.
30th Floor
New Orleans, LA 70163-3000
(504) 569-2030
Email: suek@spsr-law.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ports America Gulfport, Inc.**          represented by   **Wilton Ellwood Bland , III**
*formerly known as*                                        Mouledoux, Bland, Legrand & Brackett,
P&O Port Gulfport, Inc.                                    LLC
*formerly known as*                                        One Shell Square
ITO Corporation                                            701 Poydras St.
*formerly known as*                                        Suite 4250
Atlantic & Gulf Stevedores, Inc.                           New Orleans, LA 70139
                                                           504-595-3000
                                                           Fax: 504 522 2121
                                                           Email: wbland@mblb.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jacques P. DeGruy**
                                                           Mouledoux, Bland, Legrand & Brackett,
                                                           LLC
                                                           One Shell Square
                                                           701 Poydras St.
                                                           Suite 4250
                                                           New Orleans, LA 70139
                                                           504-595-3000
                                                           Email: jdegruy@mblb.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Patrick E. Costello**
                                                           Mouledoux, Bland, Legrand & Brackett,
                                                           LLC
                                                           One Shell Square
                                                           701 Poydras St.
                                                           Suite 4250
                                                           New Orleans, LA 70139
                                                           504-595-3000
                                                           Fax: 504-522-2121
                                                           Email: pcostello@mblb.com
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**SSA Gulf Terminals, Inc.**
*TERMINATED: 12/01/2010*

**Defendant**

**Cooper/T. Smith Stevedoring Company,**   represented by   **Mark John Spansel**
**Inc.**                                                    Adams & Reese, LLP (New Orleans)
*improperly named Cooper/T. Smith*                          One Shell Square
*Stevedoring Company*                                       701 Poydras St.
                                                           Suite 4500

New Orleans, LA 70139
504-581-3234
Email: mark.spansel@arlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edwin Christian Laizer**
Adams & Reese, LLP (New Orleans)
One Shell Square
701 Poydras St.
Suite 4500
New Orleans, LA 70139
504-581-3234
Email: Edwin.Laizer@arlaw.com
*ATTORNEY TO BE NOTICED*

**Roland M. Vandenweghe , Jr.**
Adams & Reese, LLP (New Orleans)
One Shell Square
701 Poydras St.
Suite 4500
New Orleans, LA 70139
504-581-3234
Email: roland.vandenweghe@arlaw.com
*ATTORNEY TO BE NOTICED*

**Tyson B. Shofstahl**
Adams & Reese, LLP (New Orleans)
One Shell Square
701 Poydras St.
Suite 4500
New Orleans, LA 70139
504-581-3234
Email: shofstahltb@arlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **SSA Gulf Inc**<br>*improperly named SSA Gulf Terminals, Inc* | represented by | **Richard P. Sulzer**<br>Sulzer & Williams, LLC<br>201 Holiday Blvd.<br>Suite 335<br>Covington, LA 70433<br>985-898-0608<br>Email: rsulzer@sulzerandwilliams.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Robert Edward Williams , IV**<br>Sulzer & Williams, LLC<br>201 Holiday Blvd. |

Suite 335
Covington, LA 70433
985-898-0608
Email: rwilliams@sulzerandwilliams.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hartford Accident & Indemnity Co.**   represented by **John K. Nieset**
*as insurer for Lykes Bros. Steamship Co.,*       Christovich & Kearney, LLP
*Inc, and its executive officers*         Pan American Life Center
                601 Poydras St.
                Suite 2300
                New Orleans, LA 70130-6078
                (504) 561-5700
                Email: jknieset@christovich.com
                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

                **Christy L. McMannen**
                Christovich & Kearney, LLP
                Pan American Life Center
                601 Poydras St.
                Suite 2300
                New Orleans, LA 70130-6078
                504-561-5700
                Email: clmcmannen@christovich.com
                *ATTORNEY TO BE NOTICED*

**Defendant**

**CSR Ltd**
*formerly known as*
Colonial Sugar Refining Company

**Defendant**

**South Africa Marine Corp., Ltd.**

**Defendant**

**Industrial Development Corporation of**   represented by **Antonio J. Rodriguez**
**South Africa, Ltd.**            Fowler Rodriguez (New Orleans)
                Texaco Center
                400 Poydras St.
                30th Floor
                New Orleans, LA 70130
                (504) 523-2600
                Email: ajr@frc-law.com
                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

                **Susan Grace Keller-Garcia**
                Fowler Rodriguez (New Orleans)

Texaco Center
400 Poydras St.
30th Floor
New Orleans, LA 70130
504-523-2600
Fax: 504-523-2705
Email: skgarcia@frvf-law.com
*ATTORNEY TO BE NOTICED*

**Philip C. Brickman**
Fowler Rodriguez (New Orleans)
Texaco Center
400 Poydras St.
30th Floor
New Orleans, LA 70130
(504) 523-2600
Email: pbrickman@frc-law.com
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

| | | |
|---|---|---|
| **Cooper/T. Smith Stevedoring Company, Inc.** | represented by | **Mark John Spansel** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Edwin Christian Laizer** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Roland M. Vandenweghe , Jr.** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Tyson B. Shofstahl** (See above for address) *ATTORNEY TO BE NOTICED* |

V.

**Third Party Defendant**

| | | |
|---|---|---|
| **Industrial Development Corporation of South Africa, Ltd.** | represented by | **Antonio J. Rodriguez** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Susan Grace Keller-Garcia** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Philip C. Brickman** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**South African Marine Corp. Ltd.**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2010 | 1 | NOTICE OF REMOVAL from Civil District Court for the Parish of Orleans, case number 2007-13834 (Filing fee $ 350 receipt number 053L-2721205) filed by Industrial Development Corporation of South Africa, Ltd.. (Attachments: # 1 Exhibit 1 part 1 of 2, # 2 Exhibit 1 part 2 of 2, # 3 Civil Cover Sheet)(Brickman, Philip) (Entered: 12/01/2010) |
| 12/01/2010 | 2 | Initial Case Assignment to Judge Carl Barbier and Magistrate Judge Karen Wells Roby. (mmf, ) (Entered: 12/01/2010) |

| | | |
|---|---|---|
| **JOANNIE L. JEFFERSON** *ET AL.* | * | **CIVIL ACTION NO.** |
| *Plaintiffs* | * | |
| | * | **DIVISION " "** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **AMERICAN SUGAR REFINING, INC.,** | * | |
| *ET AL.* | * | **SECTION ( )** |
| *Defendants* | * | |
| | * | |
| *   *   *   *   *   *   *   * | | |

**NOTICE OF REMOVAL OF THIRD-PARTY DEFENDANT,
INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA, LIMITED**

Industrial Development Corporation of South Africa, Limited (hereinafter "IDC") files this Notice of Removal of Civil Action No. 2007-13834, filed in Division I, in the Civil District Court for the Parish of Orleans, State of Louisiana, and in support thereof states the grounds for removal as follows:

1.

The claims by third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., against third-party defendant, IDC, involve matters over which the Federal courts have jurisdiction pursuant to 28 U.S.C. §1330, and therefore are subject to removal pursuant to 28 U.S.C. §1441(d).

2.

Specifically, IDC is a political subdivision, agency or instrumentality of a foreign state, as determined by 28 U.S.C. § 1603, and as such this court has original jurisdiction over the claims herein.

3.

At all times IDC's sole shareholder has been, and is currently, the South African government.

4.

Copies of all pleadings served on IDC are attached as Exhibit 1.

5.

This Notice of Removal is timely because it has been filed within 30 days from the date service was attempted on IDC.

Industrial Development Corporation of South Africa, Limited hereby removes Civil Action No. 2007-13834, filed in Division I, Civil District Court for the Parish of Orleans, State of Louisiana, to this Court. A copy of this notice has been sent to the Clerk for the Civil District Court, Parish of Orleans, State of Louisiana, in which this action was commenced, in accordance with 28 U.S.C. §1446(d).

RESPECTFULLY SUBMITTED:

 _/s/_ Philip C. Brickman_____
ANTONIO J. RODRIGUEZ (11375)
PHILIP C. BRICKMAN (25586)
SUSAN KELLER-GARCIA (30574)
**FOWLER RODRIGUEZ VALDES-FAULI**
400 Poydras St., 30th Floor
New Orleans, LA 70130
Telephone: (504) 523-2600
Fax: (504) 523-2705
*Attorneys for Industrial Development Corporation*
*of South Africa, Ltd.*


## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of December, 2010, served a copy of the

foregoing pleading on counsel to all parties in this proceeding, by fax, e-mail or by mailing the

same by United States mail, properly addressed, with first class postage prepaid:


Honorable Judge Piper Griffin
Division "I"
Civil District Court
Parish of Orleans
421 Loyola Avenue
Room 405
New Orleans, LA 70112

Roland M. Vandenweghe, Jr., Esq.
Adams & Reese
701 Poydras Street
Suite 4500
New Orleans, LA 70139
Attorneys for Cooper T. Smith Stevedoring
Company

H. Phillip Radecker, Jr., Esq.
Pugh, Accardo, Haas & Radecker
1100 Poydras Street
Suite 2000
New Orleans, LA 70163
Attorneys for Buck Kreihs Company, Inc.,
j/k/a Sank, Inc.

John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130
Attorneys for Crowley Marine Services, Inc.

Patricia Penton, Esq.
Lee, Futrell & Perles, L.L.P.
136 Metairie Lawn Drive
Metairie, LA 70001
Attorneys for Dixie Machine, Welding &
Metal Works, Inc.

Susan Kohn, Esq.
Simon, Peragine, Smith & Redfearn
1100 Poydras Street, 30th Floor
New Orleans, LA 70163
Attorneys for McCarty Corporation The Eagle,
Inc.

Paul Harrison, Esq.
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA 70448
Attorneys for American Sugar Refining, Inc.

Richard P. Sulzer, Esq.
Robert E. Williams, IV, Esq.
Sulzer & Williams, LLC
201 Holiday Blvd., Ste. 335
Covington, La 70433
Attorneys for SSA Gulf Terminals, Inc.

J. Burton LeBlanc, IV, Esq.
Denyse Finn Clancy, Esq.
Christopher C. Colley, Esq.
JoAnne Lea, Esq.
Jason K. Placke, Esq.
Lindsey L. Goldstein, Esq.
Baron & Budd, PC
901 Blue Bonnet Blvd.
Baton Rouge, LA 70801
Attorneys for Joannie L. Jefferson, *et al.*

Wilton Bland, III, Esq.
Jacques P. DeGruy, Esq.
Mouledoux, Bland, Legrant & Brackett, L.L.C.
701 Poydras Street
Suite 4250
New Orleans, LA 70139
Attorneys for Ports America Gulfport, Inc.

Douglas M. Moragas, Esq.
1999 Hickory Ave., Ste. 101
Harahan, LA 70123
Attorneys for James J. Flanagan Shipping
Corp.

Gus A. Fritchie, III, Esq.
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras St., Ste. 2700
New Orleans, LA 70130
Attorneys for BCI Acquisitions, Inc.

John K. Nieset, Esq.
Christovich & Kearney, LLP
Pan American Life Building
601 Poydras Street, Suite 2300
New Orleans, LA 70130
Attorneys for Hartford Accident & Indemnity
Co.

/s/ Philip C. Brickman_____

562937

NO.: *07-13834*   SECTION **SECTION 14**   DIVISION "



JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____    _____

                                          DEPUTY CLERK

### PETITION FOR DAMAGES

Now into Court, through undersigned counsel, comes the petitioners, Joannie L.

Jefferson; Adraine J. Georges, Derrie K. Jefferson, Thomas H. Jefferson, IV, Kevin L.

Jefferson, Brad A. Jefferson and Lisa M. William, surviving spouse or children of

Thomas H. Jefferson, Jr., deceased (hereinafter referred to as the Plaintiffs), who names

and residences are shown on Exhibit "A" which is attached hereto and incorporated

herein, who file this their Petition for Damages:

    1.    The Plaintiffs' Decedent had substantial exposure to Defendants' asbestos-

containing products in this Parish at the location(s) described in Exhibit "A".

    2.    The damages sought by Plaintiffs, exclusive of interests and costs, exceed

the minimum jurisdictional limits of the Court.

    3.    The Defendants, identified in Exhibit "B," are all either (a) foreign

corporations licensed to do and doing business in the state of Louisiana, (b) domestic

corporations licensed to do business and doing business in the state of Louisiana, (c)

individuals who are domiciled in this state, (d) individuals who are not domiciled in

this state, or (e) foreign or alien insurers, that are liable to the Plaintiffs for the claims

asserted herein.

    4.    Each Defendant corporation and/or its predecessor-in-interest is, or at

times material hereto, has been engaged in the mining, processing, manufacturing,

installation, removal, maintenance, sale and/or distribution of asbestos asbestos-



DALE N. ATKINS

421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112

DATE: 10/18/2007 at 11:28
CASE#: 2007 - 13834  SEC.: 14
RECEPT#: 315542

                                    PRICE        PAID        BAL

PETITION FOR DAMAGES
            $       $       2.00  $     0.00
JBC
            $   20.00 $      20.00 $    0.00
INDIGENT LLCV FEE
2 Additional Pl. .00.57.5 $ 184.00
            $  252.00 $     252.00 $   0.00
SECETARY
            $  540.00 $     540.00 $   0.00

AMOUNT RECEIVED $1,100.50

OCT 18 2007

containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-containing products"), or held themselves out as manufacturers of such products or were professional vendors of such products.

5.     The death of Thomas H. Jefferson, Jr., on or about December 25, 2006, was due to, or a consequence of, his exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se, defective in composition or construction, defective in design, lacking suitable warnings or instructions concerning the hazards presented, as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain defendants as alleged with more specificity below.  As a direct and proximate result of the delictual conduct of the defendants, the petitioners, Joannie L. Jefferson, Adraine J. Georges, Derrie K. Jefferson, Ryan F. Jefferson, Thomas H. Jefferson, IV, Kevin L. Jefferson, Brad A. Jefferson, And Lisa M. Williams, have lost the love, affection, society, support, services and future earnings of Thomas H. Jefferson, Jr., deceased, and pursuant to Louisiana Civil Code article 2315.2, assert this wrongful death action against the defendants.

6.     The Plaintiffs, Joannie L. Jefferson, Adraine J. Georges, Derrie K. Jefferson, Ryan F. Jefferson, Thomas H. Jefferson, IV, Kevin L. Jefferson, Brad A. Jefferson and Lisa M. Williams, are the statutory survivors of the referenced decedent and hereby assert this survival action pursuant to Louisiana Civil Code article 2315.1.

7.     Plaintiffs' Decedent worked with and/or was exposed to asbestos-containing products while working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the state of Louisiana and elsewhere in the United States.  Plaintiffs' Decedent's work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A."  Plaintiffs' Decedent has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of

asbestos fibers, and as a result has suffered injuries and/or death proximately caused by such exposure.

8.     Plaintiffs' Decedent was exposed to asbestos or asbestos-containing products in occupation(s) including, but not limited to, those set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Plaintiffs' Decedent's injuries and/or death, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

## VENUE

9.     The defendant, Eagle, Inc. (Eagle), is a domestic corporation with a principal place of business located in the Parish of Orleans, State of Louisiana. Plaintiffs' Decedent, Thomas H. Jefferson, Jr., was exposed to products, distributed and installed by the above-referenced defendants at the work sites in Exhibit "A." Plaintiffs specifically allege that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

10.     Each of the defendants listed in Exhibits "B," contributed with Eagle, to Mr. Jefferson's exposure to asbestos at his work sites, including but not limited to, the exposure sites located on Exhibit "A." Each of these defendants is liable in solido, with Eagle to the Plaintiffs. Further, this action is within the jurisdiction of this court, because Orleans Parish is the site of exposure. Thus, venue proper for these defendants is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

## BACKGROUND

11.     Plaintiffs' decedent worked on board various ships at the locations and on the dates outlined in Exhibit "A." His duties included, but were not limited to, loading and off-loading of cargo, which on many occasions included raw asbestos and/or asbestos-containing materials and were carried out in the same general vicinity where insulation contractors and suppliers were engaged in the removal and installation of asbestos-containing products. His duties also included, but were not limited to, reconditioning cargo, a job which required him to repair torn boxes and sacks of raw

asbestos fibers shipped by asbestos fiber suppliers, and manufacturer/sellers.

12.     During various lengthy periods of time, Plaintiffs' Decedent suffered occupational exposure to asbestos and asbestos-containing products designed, mined, manufactured, sold, distributed, supplied and/or maintained on various premises by the defendants.

13.     During Plaintiffs' Decedent's occupational exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, Plaintiffs' Decedent's job sites listed on Exhibit "A" where Plaintiffs' Decedent was exposed to asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances, commonly referred to as "asbestos."

14.     When inhaled or otherwise ingested, mineral dust and fibers, including, but not limited to, asbestos, cause irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, lung cancer, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

15.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiffs' Decedent, of the health hazards inherent in the asbestos-containing products they were selling. Instead of warning the Plaintiffs' Decedent and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos and/or asbestos-containing products and to avoid litigation by those who were injured from inhalation of asbestos fibers. Those defendants who have engaged in intentional misconduct, fraud, or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct.

16. In connection with Plaintiffs' Decedent's work at, including but not limited to, the job sites listed on Exhibit "A" during the exposure period, the Plaintiffs' Decedent was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

17. As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, including but not limited to, the exposure sites on Exhibit "A." Plaintiffs' Decedent has received injuries, both physically and mentally, including, without limitation: (i) mesothelioma; (ii) and mental anguish associated with the preceding conditions, and with the fear of developing the preceding conditions.

18. Thomas H. Jefferson, Jr., was diagnosed with malignant mesothelioma on June 14, 2006, and died as a consequence of this disease on December 25, 2006. This action is being instituted within one-year of his death and is, therefore, timely filed pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2.

## COUNT ONE

### NEGLIGENCE
**("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants listed on Exhibits "D" and "E")**

19. The illnesses, disabilities, and/or death of Plaintiffs' Decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiffs' Decedent's health and well-being. The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiffs' Decedent's illnesses, disabilities and/or death:

(a) failing to timely and adequately warn Plaintiffs' Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos and/or asbestos-containing products;

(b) failing to provide Plaintiffs' Decedent with information as to what would

be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Plaintiffs' Decedent from being harmed and disabled by exposure to asbestos and/or asbestos-containing products;

(c)     failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, to warn of the dangers to health of coming into contact with said asbestos or asbestos-containing products and/or machinery;

(d)     failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling, installing, and/or using or removing asbestos and/or asbestos-containing products;

(e)     failing to develop and/or use a substitute material to eliminate asbestos fibers in the asbestos-containing products;

(f)     failing to properly design and manufacture asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     failing to properly test asbestos-containing products before they were released for consumer use; and

(h)     failing to recall and/or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

## COUNT TWO

### STRICT LIABILITY
**("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants listed on Exhibits "D" and "E")**

20.     All of the allegations contained in the previous paragraphs are realleged herein.

21.     Plaintiffs' Decedent was exposed to asbestos-containing products that were manufactured and distributed by the Defendants and/or their predecessors-in-

6

interest for use as construction materials and/or machinery in industrial operations. The defective condition of the products rendered such products unreasonably dangerous, and the asbestos-containing products were in this defective condition at the time they left the hands of Defendants. Further, said products were unreasonably dangerous per se, unreasonably dangerous due to Defendants' failure to warn, and unreasonably dangerous due to a design defect.

22. The Defendants are engaged in the business of selling asbestos-containing products, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries and/or death of Plaintiffs' Decedent.

23. Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, operation, maintenance and/or repair of the asbestos-containing products.

24. Plaintiffs' Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.

25. During the periods that Plaintiffs' Decedent was exposed to the Defendants' asbestos-containing products, these asbestos-containing products were being used in a manner which was intended and/or reasonably foreseeable by Defendants.

### COUNT THREE

**STRICT LIABILITY
AND NEGLIGENCE AGAINST THE CONTRACTOR DEFENDANTS**

26. At various times, the Contractor Defendants identified in Exhibit "C," performed a variety of contract services, including maintenance and repairs of vessels at various locations at the Port of New Orleans, including, but not limited to the following terminals: The Riverfront, f/k/a The Brewery, The Cotton Warehouses, Maurice Street Wharf, The Napoleon Avenue Wharf, Henry Clay Wharf, Nashville Street Wharf, Milan Street Wharf, Sky Dock Wharf, Louisiana Street Wharf, Toulouse Street Wharf,

7

Esplanade Street Wharf, Mandeville Street Wharf, Pauline Street Wharf, Louisa Street Wharf, Jordan Street Wharf, Harmony Street Wharf, Congress Street Wharf, Army Base Wharf, Chalmette Slip, Market Street Wharf, First Street Wharf, Thalia Street Wharf, Seventh Street Wharf, St. Rose Street Wharf, Orange Street Wharf, Poydras Street Wharf, Desire Street Wharf, Press Street Wharf, Robin Street Wharf, Julia Street Wharf, Celeste Street Wharf, St. Andrews Street Wharf, France Road Wharf, and/or Reserve Wharf; area shipyards; and other sites on land in the industrial corridor between New Orleans and Baton Rouge, Louisiana.

27. The activities conducted by the Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at the sites identified above. These products include, but are not limited to, asbestos, asbestos cement, asbestos pipe covering, asbestos block, asbestos rope, asbestos cloth, asbestos blankets, asbestos gaskets, asbestos packings and other asbestos-containing products and materials which will be identified through discovery.

28. The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

29. Plaintiffs' Decedent was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendants and their subcontractors identified in Exhibit "C."

30. The Contractor Defendants negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

(a) By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Plaintiffs' Decedent to work;

(b) By failing to provide warnings, or adequate warnings, to Plaintiffs' Decedent of the dangers and risks posed by the asbestos in the atmosphere in which Plaintiffs' Decedent worked; of the need for correct,

adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsite in particular; and of the hazards created by Defendants' activities;

(c)    By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)    By failing to apprize Plaintiffs' Decedent of the need for periodic medical examinations as a result of Plaintiffs' Decedent's exposure to asbestos created by Defendants' activities;

(e)    By failing to ventilate and/or properly ventilate the areas in which Plaintiffs' Decedent performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)    By failing to clean up and/or properly clean up the asbestos dust created by Plaintiffs' Decedent's activities;

(g)    By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiffs' Decedent, who came into contact with asbestos dust as a result of Plaintiffs' Decedent's activities;

(h)    By recklessly concealing from Plaintiffs' Decedent and negligently failing to provide critical medical and safety information to Plaintiffs' Decedent regarding the safety and health risks associated with the asbestos and asbestos-containing products;

(i)    By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)    By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)    By failing to properly supervise and/or monitor their work areas for

compliance with safety regulations;

(l)    By failing to supervise their operations and the operations of their subcontractors;

(m)    By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Plaintiffs' Decedent and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)    By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)    By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

(p)    By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Defendants knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)    By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the their activities;

(r)    By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

(s)    By failing to purchase products and materials that did not contain asbestos;

(t)    By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u)    By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired,

replaced, and tore out as containing asbestos; and

(v)     By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

31.     The negligent acts outlined above were a substantial contributing factor in Plaintiffs' Decedent's exposure to dangerous and hazardous levels of asbestos, and resultant damages.

32.     The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Plaintiffs' Decedent's injuries and damages.

33.     Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

34.     Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiffs' Decedent 's injuries.  Therefore, the Contractor Defendants are strictly liable for Plaintiffs' Decedent's damages pursuant to Louisiana Civil Code article 2317.

35.     Additionally, when such contractors did not employ Plaintiffs' Decedent, Plaintiffs' Decedent was exposed to the asbestos containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants that were in the care, custody and control of the Contractor Defendants and were unreasonably dangerous due to the presence of asbestos.

## COUNT FOUR

### NEGLIGENCE OF PLAINTIFFS' EMPLOYERS
**(As to Plaintiffs' Decedent's Employers only. "Defendants" in this count means these Defendants only, as identified in Exhibit "D")**

36.     Plaintiffs, allege negligent, grossly negligent, wanton, willful and intentional misconduct on behalf of decedent's employers and employers' executive

11

officers and directors, as identified in Exhibit "D," in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

37.    At various times, plaintiff was required to transport asbestos and asbestos-containing products from the various facilities owned and operated by the defendants identified in Exhibit "D," (hereinafter the "premise defendants"). This ultra-hazardous material was transported, stored, used and handled by and through the Port of New Orleans, in bags of raw asbestos or as manufactured products and was mishandled, used or damaged in such a way as to cause asbestos dust to be released in such heavy quantities as to be hazardous to

38.    In connection with those duties, mentioned above, Plaintiffs' Decedent was required to unload these ultra-hazardous materials from the vessels onto tractors, via slings, wherein he would then transport the materials to land side warehouses. Plaintiffs' decedent would then unload these ultra-hazardous materials for storage in these landside warehouses.

39.    The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually and/or delegated to them for providing Plaintiffs' Decedent with a safe place to work and Defendants wantonly and/or negligently and/or willfully and/or intentionally failed to provide Plaintiffs' Decedent a safe place to work.

40.    Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiffs' Decedent by negligently performing duties owed individually and/or delegated to them, directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiffs' Decedent. The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment;

(b)     in failing to protect Plaintiff from any asbestos exposure;

(c)     in failing to provide Plaintiffs' Decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)     in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)     in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiffs' Decedent 's exposure to asbestos dust;

(f)     in failing to properly perform safety inspections of the Plaintiffs' work place;

(g)     in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiffs' Decedent's work sites;

(h)     in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)     in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiffs' Decedent's work sites; and

(j)     in negligently and intentionally failing to disclose, warn or reveal medical and safety information to Plaintiffs' Decedent regarding the hazards of asbestos.

41.     The negligence of Plaintiffs' Decedent's employers was a substantial factor and contributed in causing Plaintiffs' Decedent, Thomas H. Jefferson, Jr., to contract mesothelioma, which resulted in his death.

## COUNT FIVE

### INTENTIONAL TORT
**(As to Plaintiffs' Employers only. "Defendants" in this count means these Defendants only, as identified in Exhibit "D")**

42.     Defendant employers identified in Exhibit "D", are liable for their intentional, willful and wanton failure to disclose to Plaintiffs' decedent the dangers

associated with exposure to asbestos, the risks associated with working in an atmosphere contaminated with asbestos and the likely medical effects of such exposure.

43. Because of Plaintiffs' Decedent's good faith reliance on Defendants' misrepresentations, Plaintiff continued to work in areas contaminated with asbestos and continued to be exposed to asbestos. As a result, Plaintiffs' Decedent contracted mesothelioma, which resulted in his death.

44. Defendant employers committed the following intentional acts which caused Plaintiffs' Decedent to suffer from asbestos-related diseases:

(a) Intentionally failing to provide necessary protection to Plaintiffs' Decedent;

(b) Intentionally failing to provide safety equipment as required by safety statutes;

(c) Intentionally failing to provide clean, respirable air, and proper ventilation;

(d) Intentionally failing to provide proper medical monitoring;

(e) Intentionally failing to monitor the extent and output of asbestos dust into the workplace;

(f) Intentionally failing to warn Plaintiffs' Decedent and other workers of the dangers associated with asbestos and/or asbestos containing products;

(g) Intentionally inducing the Plaintiffs' Decedent and other workers to work in a workplace polluted with asbestos and/or asbestos containing products; and

(h) Intentionally failing to keep asbestos and/or asbestos containing dust output into the workplace at safe levels.

45. As a result of these acts, Defendants knew that it was substantially certain that the Plaintiffs' Decedent would suffer asbestos related diseases including but not limited to mesothelioma, which resulted in his death.

## COUNT SIX

### PREMISES LIABILITY
**(As to Premises Liability Defendants only. "Defendants" in this case means these defendants only, as identified in Exhibit "E")**

46.     Plaintiffs' Decedent, Thomas H. Jefferson, Jr., was exposed to asbestos and asbestos-containing materials while working at the jobsites identified in Exhibit "A". The Premise Defendants identified in Exhibit "E," at all times relevant to this complaint, have been either the operator and/or the manager and/or the owner and occupier of its respective facilities and in custody of the facilities during the relevant time period. The facilities were defective in that the asbestos and asbestos-containing materials in the facilities created an unreasonable risk of harm to the Plaintiff and other persons on the premises. Plaintiffs' Decedent, Thomas H. Jefferson, Jr., was exposed to asbestos and asbestos-containing materials while he was an invitee at the premise defendants' facilities. The defective condition of the facilities was a proximate cause of the Plaintiffs' Decedent contracting mesothelioma, which resulted his death.

47.     The Premise Defendants are liable to Plaintiffs' Decedent for its failure to exercise reasonable care to protect Plaintiffs' Decedent from the foreseeable dangers associated with exposure to asbestos. The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm. The Premise Defendants' failure to protect Plaintiffs' Decedent, from known and/or foreseeable dangers constitutes negligence. Said negligence was a proximate cause of Plaintiffs' Decedent, Thomas H. Jefferson, Jr., contracting mesothelioma, which resulted in his death.

## COUNT SEVEN

### JOINT AND SOLIDARY LIABILITY

48.     All of the allegations contained in the previous paragraphs are realleged herein.

49. Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries and/or death of the Plaintiffs' Decedent.

50. The actions of each of the Defendants is a proximate cause of Plaintiffs' Decedent's injuries and/or death. As a result, all Defendants are jointly and solidarily liable for the damage caused by their combined actions.

## DAMAGES

51. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and wrongful death of Plaintiffs' Decedent, Thomas H. Jefferson, Jr., and of the following general and special damages including, but not limited to, damages for survival and wrongful death claims, that Plaintiffs have sustained in her individual capacity and as widow to decedent, Thomas H. Jefferson, Jr., including:

(a) The conscious physical pain and suffering and mental anguish sustained by Thomas H. Jefferson, Jr. prior to his death;

(b) The physical impairment suffered by Thomas H. Jefferson, Jr. prior to his death;

(c) The disfigurement suffered by Thomas H. Jefferson, Jr. prior to his death;

(d) Reasonable and necessary medical expenses incurred by Thomas H. Jefferson, Jr. and his estate;

(e) Reasonable funeral and burial expenses;

(f) Decedent's lost earnings and net accumulations;

(g) The loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs' Decedent's family members received from the decedent prior to his last illness and death;

(h) Thomas H. Jefferson, Jr.'s mental anguish caused by his extraordinary increased likelihood during his lifetime of developing asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, installed, maintained, sold and/or distributed by the named Defendants; and;

    (i)   Decedent's loss of enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

LEBLANC & WADDELL, LLP

By:   _____
CAMERON R. WADDELL, Bar No. 24245
JODY E. ANDERMAN, Bar No. 18764
CHRISTOPHER C. COLLEY, Bar No. 30322
2540 Severn Ave., Ste. 400
Metairie, LA 70002
Telephone: (225) 768-7222
Facsimile: (504) 885-9968

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

FILE NO. 117...

5088390

**DECEDENT**

| 1A. LAST NAME OF DECEDENT | 1B. FIRST NAME | 1C. MIDDLE NAME | 2A. DATE OF DEATH (Month, Day, Year) |
|---|---|---|---|
| Jefferson Jr. Thomas | Harvey | | December 25, 2006 |

| 2B. HOUR OF DEATH | 3. SEX | 4. RACE (Specify White, Black, etc.) | 5. MARITAL STATUS (Specify Married, Never Married, Widowed, Divorced) | 6. SURVIVING SPOUSE (If Wife, give Maiden Name) |
|---|---|---|---|---|
| 9:30 P.M. | Male | Black | Married | Joannie Lewis |

| 7. DATE OF BIRTH (Month, Day, Year) | 8A. AGE LAST BIRTHDAY | 8B. UNDER 1 YEAR | 8C. UNDER 1 DAY | 9. BIRTHPLACE (City and State or Foreign Country) |
|---|---|---|---|---|
| August 26, 1934 | 72 | MONTHS DAYS | HOURS MINUTES | Angie, Louisiana |

| 10. USUAL OCCUPATION (Kind of work done during most of working life, NEVER specify retired) | 11. KIND OF BUSINESS/INDUSTRY | 12. OF HISPANIC ORIGIN? |
|---|---|---|
| Longshoreman | Longshore | No |

| 13. EVER IN U.S. ARMED FORCES? (YES or NO) | 14. SOCIAL SECURITY NUMBER | 15. DECEDENT'S EDUCATION (Specify ONLY HIGHEST GRADE COMPLETED) ELEMENTARY/SECONDARY (0-12) | COLLEGE (1-4, 5+) |
|---|---|---|---|
| No | 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 | 11 | |

16A. PLACE OF DEATH (Check ONLY one, If death in NON-LISTED facility check OTHER and specify c+ the BELOW)

HOSPITAL ☐ INPATIENT ☐ ER/OUTPATIENT ☐ DOA ☐ NON-HOSPITAL ☐ NURSING HOME ☐ RESIDENCE ☒ OTHER ☐

**PLACE OF DEATH**

| 16B. NAME OF FACILITY (If not in facility, give street address or location) | 16C. PLACE OF DEATH IN CITY LIMITS? (YES or NO) |
|---|---|
| 32183 Harvey Jefferson Rd. | No |

| 17A. CITY, TOWN OR LOCATION OF DEATH | 17B. PARISH OF RESIDENCE |
|---|---|
| Angie | Washington |

**RESIDENCE**

| 18A. STREET ADDRESS (If rural specify rural route number or location) | 18B. PARISH OF RESIDENCE | 18C. STATE OF RESIDENCE |
|---|---|---|
| 32183 Harvey Jefferson Rd. | Washington | Louisiana |

| 18D. USUAL RESIDENCE OF DECEDENT (City, town or location) | 18E. ZIP CODE | 18F. RESIDENCE INSIDE CITY LIMITS? (YES or NO) |
|---|---|---|
| Angie | 70426 | No |

**PARENTS**

| 19A. FATHER'S LAST NAME | FIRST | MIDDLE | 19B. FATHER'S PLACE OF BIRTH | 19C. STATE |
|---|---|---|---|---|
| Jefferson Sr. | Thomas | Harvey | Angie | Louisiana |

| 20A. MOTHER'S MAIDEN NAME | FIRST | MIDDLE | 20B. MOTHER'S PLACE OF BIRTH | 20C. STATE |
|---|---|---|---|---|
| Bickham | Zena | Hackley | Angie | Louisiana |

**INFORMANT**

| 21A. TYPE OR PRINT NAME OF INFORMANT | 21B. INFORMANT'S ADDRESS | 21C. DATE (Month, Day, Year) |
|---|---|---|
| Joannie Jefferson | 32183 Harvey Jefferson Rd. Angie, La. 70426 | Dec. 26, 2006 |

**DISPOSITION**

22A. TYPE OF DISPOSITION: ☒ BURIAL ☐ CREMATION ☐ REMOVAL ☐ OTHER

| 22B. DATE THEREOF | 22C. NAME AND LOCATION OF CEMETERY OR CREMATORIUM |
|---|---|
| Dec. 30, 2006 | Jefferson Cemetery Angie, La. |

| 22D. SIGNATURE AND ADDRESS OF FUNERAL DIRECTOR | 22E. FACILITY NUMBER | 22F. LICENSE NUMBER |
|---|---|---|
| Crain & Sons Funeral Home 809 E. Third Street Bogalusa, La. 70427 | 2079 | U826 |
| | 23. ALTERATIONS | |

**REGISTRAR**

| 23A. BURIAL TRANSIT PERMIT | 23B. PARISH OF ISSUE | 23C. DATE OF ISSUE | 23D. SIGNATURE OF LOCAL REGISTRAR |
|---|---|---|---|
| 5905567 | Washington | Dec. 27, 2006 | Jennifer Fagan/Srm |

**MANNER OF DEATH**

24. MANNER OF DEATH: ☒ 1. NATURAL ☐ 2. ACCIDENT ☐ 3. SUICIDE ☐ 4. HOMICIDE ☐ 5. PENDING INVESTIGATION ☐ 6. UNDETERMINED

| 24A. DATE OF INJURY (Month, Day, Year) | 24B. TIME OF INJURY | 24C. INJURY AT WORK (YES or NO) | 24D. DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|
| | | | |

| 24E. PLACE OF INJURY (Specify at home, farm, factory, street, etc.) | 24F. LOCATION (Street, Number or Rural Route, City Parish, State) |
|---|---|
| | |

**CERTIFIER**

| 25A. I CERTIFY THAT I ATTENDED THE DECEDENT FROM — TO | AND THAT DEATH OCCURRED ON THE DATE AND HOUR STATED ABOVE DUE TO THE CAUSES AND IN THE MANNER STATED. | 25B. SIGNATURE OF PHYSICIAN OR CORONER | 25C. DATE (Month, Day, Year) |
|---|---|---|---|
| | | R A Casama | 1/23/0_ |

| 25D. TYPE OR PRINT NAME OF PHYSICIAN OR CORONER | 25E. ADDRESS OF PHYSICIAN OR CORONER |
|---|---|
| R. A. Casama, M.D., Coroner | 102 Manning Dr. Franklinton, La. 70438 |

**CAUSE OF DEATH**

30. PART I. ENTER THE DISEASES, INJURIES OR COMPLICATIONS THAT CAUSED THE DEATH. DO NOT ENTER THE MODE OF DYING SUCH AS CARDIAC OR RESPIRATORY ARREST, SHOCK OR HEART FAILURE. LIST ONLY ONE CAUSE ON EACH LINE.

| | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) a. _Penile Effusion_ | Unknown |
| Sequentially list conditions, if any, leading to immediate cause. DUE TO (OR AS A CONSEQUENCE OF) b. _Mesothelioma_ | |
| Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST DUE TO (OR AS A CONSEQUENCE OF) c. _Asbestosis_ | |

| 30. PART II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE IN PART I. | 31. IF DECEASED WAS FEMALE 10-49, WAS SHE PREGNANT IN THE LAST 90 DAYS? | 32A. HAS AN AUTOPSY PERFORMED? | 32B. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? |
|---|---|---|---|
| ☐ Tobacco ☐ Other | ☐ Yes ☐ No ☐ Unk. | ☐ Yes ☐ No | ☐ Yes ☐ No |

PHS 16 - (REV. 04/04)

OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY

IN ACCORDANCE WITH LSA-R.S. 40:50 ( C )
I CERTIFY THAT THE ABOVE IS A TRUE AND
CORRECT COPY OF A DEATH CERTIFICATE IN
MY CUSTODY.

_Jennifer Fagan_
LOCAL REGISTRAR

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA; PURSUANT TO
LSA — R.S.40:32, ET SEQ.

_Darlene W. Smith_
ACTING STATE REGISTRAR

WARNING: It is illegal to alter or counterfeit this copy.

| Decedent: | Thomas H. Jefferson, Jr. |
|---|---|
| | DOD: December 25, 2006 |
| | SSN: 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 |

CIVIL
COURT

| Disease: | Mesothelioma |
|---|---|

**Survivors/Petitioners:**

| Spouse: | Joannie L. Jefferson |
|---|---|
| | PO Box 274 |
| | Angie, LA  70426 |

| Children: | Adraine J. Georges |
|---|---|
| | 2322 Edgedale Drive |
| | Missouri City, TX 77489 |
| | |
| | Derrie K. Jefferson |
| | 5165 North, 42nd Street |
| | Milwaukee, WI  53209 |
| | |
| | Ryan F. Jefferson |
| | 62538 May Road |
| | PO Box 403 |
| | Angie, LA  77489 |
| | |
| | Thomas H. Jefferson, IV |
| | PO Box 274 |
| | Angie, LA  70426 |
| | |
| | Kevin L. Jefferson |
| | PO Box 9742 |
| | Baton Rouge, LA  70813 |
| | |
| | Brad A. Jefferson |
| | 2322 Edgedale Drive |
| | Missouri City, TX 77489 |
| | |
| | Lisa M. Williams |
| | PO Box 274 |
| | Angie, LA  70426 |

### Thomas H. Jefferson, Jr.

| EMPLOYER | SITE | OCCUPATION | YEARS |
|---|---|---|---|
| Gaylord Container Corporation | Port of New Orleans | Laborer | 4/55-12/55 |
| Public Grain Elevator of New Orleans | Port of New Orleans | Laborer | 7/64-6/55 |
| Strachan Shipping Company | Port of New Orleans | Longshoremen | 1965, 1970-1979 and 1982 |
| Cooper Stevedoring of Louisiana, Inc. | Port of New Orleans | Longshoremen | 1965, and 1970-1972 |
| Lykes Corporation | Port of New Orleans | Longshoremen | 1965 and 1966 |

| | | | |
|---|---|---|---|
| Delta Steamship Lines, Inc. | Port of New Orleans | Longshoremen | 1965 and 1966 |
| Mid-Gulf Stevedores, Inc. | Port of New Orleans | Longshoremen | 1965, 1972, 1975 and 1976 |
| Ryan-Walsh, Inc. | Port of New Orleans | Longshoremen | 1965, 1966 and 1970-1985 |
| Lykes Bros Steamship Co., Inc. | Port of New Orleans | Longshoremen | 1969-1975 |
| Coastwise Marine Service of Louisiana | Port of New Orleans | Longshoremen | 1970-1979 |
| Louisiana Stevedores, Inc. | Port of New Orleans | Longshoremen | 1970-1979 |
| Chiquita Brands International, Inc. | Port of New Orleans | Longshoremen | 1970-1976 |
| I T O Corporation | Port of New Orleans | Longshoremen | 1970-1980 and 1983-1984 |
| Cooper-T Smith Stevedoring Co., Inc. | Port of New Orleans | Longshoremen | 1970-1975, 1977, 1979 and 1983 |
| Gulf Stevedore Corp | Port of New Orleans | Longshoremen | 1970 |
| Pelican Stevedoring Company, Inc. | Port of New Orleans | Longshoremen | 1970, 1971, 1973, 1974, 1975 and 1978 |
| James J. Flanagan Shipping Corp. | Port of New Orleans | Longshoremen | 1970-1980, 1982 and 1984 |
| Amstar Corporation | Port of New Orleans | Longshoremen | 1971 and 1973 |
| Dixie Stevedores, Inc. | Port of New Orleans | Longshoremen | 1971-1979 |
| James Stevedores, Inc. | Port of New Orleans | Longshoremen | 1971-1979 |
| James Young & Co., Inc. | Port of New Orleans | Longshoremen | 1971-1979 and 1983-1985 |
| Texla Stevedores, Inc. | Port of New Orleans | Longshoremen | 1972-1976 |
| Gulf Stevedore Corporation | Port of New Orleans | Longshoremen | 1972-1975, 1978-1979 and 1982-1984 |
| Cooper Stevedoring Co., Inc. | Port of New Orleans | Longshoremen | 1972-1973, 1980, and 1983 |
| Atlantic & Gulf Grain Stevedoring | Port of New Orleans | Longshoremen | 1974 |
| Ryan-Walsh Gulf, Inc. | Port of New Orleans | Longshoremen | 1974-1983 |
| Valor Stevedoring co. | Port of New Orleans | Longshoremen | 1979-1984 |
| Empire-United Stevedoring | Port of New Orleans | Longshoremen | 1982-1984 |

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
   Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
   Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of
   Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate
   Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Texas, with its principal place of business in Houston, Texas,
   and with an agent of service in the state of Louisiana, to wit: Cecily S. Salley, 832
   East Boston St., #2, Covington, LA 70433

3. **Buck Kreihs Company, Inc.**
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Louisiana, with its principal place of business in Mandeville,
   Louisiana and with an agent of service in the state of Louisiana, to-wit :
   Jacqueline Kreighs Tonguis, 1279 Clausel St., Mandeville, LA 70448

4. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and
   with an agent for service in the state of Louisiana, to-wit: C T Corporation
   System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5. **Crowley Marine Services, Inc.**
   f/k/a Delta Steamship Lines, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and
   with an agent for service in the state of Louisiana, to-wit: C T Corporation
   System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6. **Dixie Machine, Welding & Metal Works, Inc.**
   a foreign corporation, licensed to do and doing business in the State of Louisiana
   with their agent for service of process to wit: Vicki H. Kihnemann, 5801 Citrus
   Blvd., Harahan, Louisiana 70123

7. **Eagle, Inc.**
   (Formerly Eagle Asbestos & Packing Co., Inc.
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Louisiana, with its principal place of business in New
   Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
   Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras
   Street - 30th Floor, New Orleans, LA 70163-3000

8. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Texas, with its principal place of business in Beaumont,
   Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
   James M. Davin, 1003 Wirt Rd., #306, Houston, TX 77055

9. **The McCarty Corporation**
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Louisiana, with its principal place of business in Baton Rouge,
   Louisiana and with an agent for service in the state of Louisiana, to-wit: Paul H.

Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802

10. **Ports America Gulfport, Inc.**
f/k/a P & O Ports Gulfport, Inc.
f/k/a I.T.O Corporation
f/k/a Atlantic & Gulf Stevedores, Inc.
a Delaware Corporation authorized to do and doing business in Louisiana, and
with an agent for service in the state of Louisiana, to-wit: C T Corporation
System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

11. **SSA Gulf Terminals, Inc.**
f/k/a Ryan-Walsh Stevedoring Company, Inc.
a corporation duly organized, created and existing under and by virtue of the
laws of the state of Louisiana, with its principal place of business in New
Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

**CONTRACTORS:**

1. **Buck Kreihs Company, Inc.**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Mandeville, Louisiana and with an agent of service in the state of Louisiana, to-wit : Jacqueline Kreihs Tonguis, 1279 Clausel St., Mandeville, LA 70448

2. **Dixie Machine, Welding & Metal Works, Inc.**
a foreign corporation, licensed to do and doing business in the State of Louisiana with their agent for service of process to wit: Vicki H. Kihnemann, 5801 Citrus Blvd., Harahan, Louisiana 70123

3. **Eagle, Inc.**
(Formerly Eagle Asbestos & Packing Co., Inc.)
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras Street - 30th Floor, New Orleans, LA 70163-3000

**EMPLOYERS:**

1.     **American Sugar Refining, Inc.**
       (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
       Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
       Sugar Refinery)
       a Delaware corporation authorized to do and doing business in the state of
       Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate
       Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.     **BCI Acquisitions, Inc.**
       (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
       a corporation duly organized, created and existing under and by virtue of the
       laws of the state of Texas, with its principal place of business in Houston, Texas,
       and with an agent of service in the state of Louisiana, to wit: Cecily S. Salley, 832
       East Boston St., #2, Covington, LA 70433

3.     **Cooper/T. Smith Stevedoring Company**
       f/k/a Cooper Stevedoring of Louisiana, Inc.
       a Delaware Corporation authorized to do and doing business in Louisiana, and
       with an agent for service in the state of Louisiana, to-wit: C T Corporation
       System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4.     **Crowley Marine Services, Inc.**
       f/k/a Delta Steamship Lines, Inc.
       a Delaware Corporation authorized to do and doing business in Louisiana, and
       with an agent for service in the state of Louisiana, to-wit: C T Corporation
       System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5.     **James J. Flanagan Shipping Corporation**
       a corporation duly organized, created and existing under and by virtue of the
       laws of the state of Texas, with its principal place of business in Beaumont,
       Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
       James M. Davin, 1003 Wirt Rd., #306, Houston, TX 77055

6.     **Ports America Gulfport, Inc.**
       f/k/a P & O Ports Gulfport, Inc.
       f/k/a I.T.O Corporation
       f/k/a Atlantic & Gulf Stevedores, Inc.
       a Delaware Corporation authorized to do and doing business in Louisiana, and
       with an agent for service in the state of Louisiana, to-wit: C T Corporation
       System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

7.     **SSA Gulf Terminals, Inc.**
       f/k/a Ryan-Walsh Stevedoring Company, Inc.
       a corporation duly organized, created and existing under and by virtue of the
       laws of the state of Louisiana, with its principal place of business in New
       Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
       C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

**PREMISE DEFENDANTS:**

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and with an agent of service in the state of Louisiana, to wit: Cecily S. Salley, 832 East Boston St., #2, Covington, LA 70433

3. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4. **Crowley Marine Services, Inc.**
   f/k/a Delta Steamship Lines, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Beaumont, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: James M. Davin, 1003 Wirt Rd., #306, Houston, TX 77055

6. **Ports America Gulfport, Inc.**
   f/k/a P & O Ports Gulfport, Inc.
   f/k/a I.T.O Corporation
   f/k/a Atlantic & Gulf Stevedores, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

7. **SSA Gulf Terminals, Inc.**
   f/k/a Ryan-Walsh Stevedoring Company, Inc.
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

**PLEASE SERVE THE FOLLOWING DEFENDANTS
WITH A COPY OF PLAINTIFFS' PETITION FOR
DAMAGES AND REQUESTS FOR ADMISSIONS,
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS:**

1.   **American Sugar Refining, Inc.**
     (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
     Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
     Sugar Refinery)
     Through its agent for service of process:
     Corporate Creations Network, Inc.
     1100 Poydras Street, #2900
     New Orleans, LA 70163

2.   **BCI Acquisitions, Inc.**
     (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
     Through its agent for service of process:
     Cecily S. Salley
     832 East Boston St., #2
     Covington, LA  70433

3.   **Buck Kreihs Company, Inc.**
     Through its agent for service of process:
     Jacqueline Kreihs Tonguis
     1279 Clausel St.
     Mandeville, LA  70448

4.   **Cooper/T. Smith Stevedoring Company**
     Through its agent for service of process:
     C T Corporation System
     8550 United Plaza Boulevard
     Baton Rouge, LA 70809

5.   **Crowley Marine Services, Inc.**
     f/k/a  Delta Steamship Lines, Inc.
     Through its agent for service of process:
     C T Corporation System
     8550 United Plaza Boulevard
     Baton Rouge, LA 70809

6.   **Dixie Machine, Welding & Metal Works, Inc.**
     Through its agent for service of process:
     Vicki H. Kihnemann
     5801 Citrus Blvd.
     Harahan, Louisiana  70123

7.   **Eagle, Inc.**
     Through its agent for service of process:
     Susan B. Kohn
     Simon, Peragine, Smith & Redfearn
     Energy Centre
     1100 Poydras Street - 30th Floor
     New Orleans, LA 70163-3000

8.   **James J. Flanagan Shipping Corporation**
     Through its agent for service of process:
     (may be served pursuant to the Louisiana Long Arm Statute)

James M. Davin
1003 Wirt Rd. #306
Houston, TX 77055

9. **The McCarty Corporation**
Through its agent for service of process:
Paul H. Spaht
445 North Boulevard, Suite 300
Baton Rouge, LA 70802

10. **Ports America Gulfport, Inc.**
f/k/a P & O Ports Gulfport, Inc.
f/k/a I.T.O Corporation
f/k/a Atlantic & Gulf Stevedores, Inc.
Through its agent for service of process:
C T Corporation System
8550 United Plaza Boulevard
Baton Rouge, LA 70809

11. **SSA Gulf Terminals, Inc.**
f/k/a Ryan-Walsh Stevedoring Company, Inc.
Through its agent for service of process:
C T Corporation System
8550 United Plaza Boulevard
Baton Rouge, LA 70809

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA
CIVIL DISTRICT COURT

NO. 2007-13834                                                    DIV. I

## JOANNIE L. JEFFERSON ET AL.

### VERSUS

## AMERICAN SUGAR REFINING, INC. *ET AL.*

FILED: _____

_____
DEPUTY CLERK

## EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANT, COOPER/T. SMITH STEVEDORING COMPANY, INC., TO PLAINTIFFS' PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, Cooper/T. Smith Stevedoring Company, Inc. (improperly named as "Cooper-T. Smith Stevedoring Company, Inc." and/or "Cooper Stevedoring Company, Inc." and/or "Cooper Stevedoring of Louisiana, Inc." and hereinafter sometimes referred to as "Cooper/T. Smith"), which responds to plaintiffs' Petition for Damages as follows:

### EXCEPTIONS TO PLAINTIFFS' PETITION FOR DAMAGES

Cooper/T. Smith excepts to plaintiffs' Petition for Damages by averring as follows:

1.

Defendant asserts the declinatory exception of *lis pendens.*

2.

Plaintiff has no right and/or cause of action against Cooper/T. Smith.

### ANSWER TO PLAINTIFFS' PETITION FOR DAMAGES

AND NOW, for its answer to plaintiffs' Petition for Damages, Cooper/T. Smith avers as follows:

3.

The allegations contained in the introduction of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.



4.

The allegations contained in paragraph 1 of plaintiffs' Petition for Damages are denied.

5.

The allegations contained in paragraph 2 of plaintiffs' Petition for Damages are denied.

6.

The allegations contained in paragraph 3 of plaintiffs' Petition for Damages are denied, except to admit that Cooper/T. Smith is a corporation.

7.

The allegations contained in paragraph 4 of plaintiffs' Petition for Damages are denied.

8.

The allegations contained in paragraph 5 of plaintiffs' Petition for Damages are denied.

9.

The allegations contained in paragraph 6 of plaintiffs' Petition for Damages are denied.

10.

The allegations contained in paragraph 7 of plaintiffs' Petition for Damages are denied.

11.

The allegations contained in paragraph 8 of plaintiffs' Petition for Damages are denied.

12.

The allegations contained in paragraph 9 of plaintiffs' Petition for Damages are denied.

13.

The allegations contained in paragraph 10 of plaintiffs' Petition for Damages are denied.

14.

The allegations contained in paragraph 11 of plaintiffs' Petition for Damages are denied.

15.

The allegations contained in paragraph 12 of plaintiffs' Petition for Damages are denied.

16.

The allegations contained in paragraph 13 of plaintiffs' Petition for Damages are denied.

17.

The allegations contained in paragraph 14 of plaintiffs' Petition for Damages are denied.

18.

The allegations contained in paragraph 15 of plaintiffs' Petition for Damages are denied.

19.

The allegations contained in paragraph 16 of plaintiffs' Petition for Damages are denied.

20.

The allegations contained in paragraph 17 of plaintiffs' Petition for Damages are denied.

21.

The allegations contained in paragraph 18 of plaintiffs' Petition for Damages are denied.

22.

The allegations contained in paragraph 19 of plaintiffs' Petition for Damages are denied.

23.

To the extent that plaintiffs, in paragraph 20 of their Petition for Damages, assert that "[a]ll of the allegations contained in the previous paragraphs are realleged herein," defendant reiterates, reasserts, reavers, realleges and incorporates and adopts by reference all of the allegations, responses, affirmative defenses and prayers in response to any and all such allegations, as if plead herein.

24.

The allegations contained in paragraph 21 of plaintiffs' Petition for Damages are denied.

25.

The allegations contained in paragraph 22 of plaintiffs' Petition for Damages are denied.

26.

The allegations contained in paragraph 23 of plaintiffs' Petition for Damages are denied.

27.

The allegations contained in paragraph 24 of plaintiffs' Petition for Damages are denied.

28.

The allegations contained in paragraph 25 of plaintiffs' Petition for Damages are denied.

29.

The allegations contained in paragraph 26 of plaintiffs' Petition for Damages are denied.

30.

The allegations contained in paragraph 27 of plaintiffs' Petition for Damages are denied.

31.

The allegations contained in paragraph 28 of plaintiffs' Petition for Damages are denied.

32.

The allegations contained in paragraph 29 of plaintiffs' Petition for Damages are denied.

33.

The allegations contained in paragraph 30 of plaintiffs' Petition for Damages are denied.

34.

The allegations contained in paragraph 35 of plaintiffs' Petition for Damages are denied.

34.

The allegations contained in paragraph 36 of plaintiffs' Petition for Damages are denied.

35.

The allegations contained in paragraph 37 of plaintiffs' Petition for Damages are denied.

36.

The allegations contained in paragraph 38 of plaintiffs' Petition for Damages are denied.

37.

The allegations contained in paragraph 39 of plaintiffs' Petition for Damages are denied.

38.

The allegations contained in paragraph 40 of plaintiffs' Petition for Damages are denied.

39.

The allegations contained in paragraph 41 of plaintiffs' Petition for Damages are denied.

40.

The allegations contained in paragraph 42 of plaintiffs' Petition for Damages are denied.

41.

The allegations contained in paragraph 43 of plaintiffs' Petition for Damages are denied.

42.

The allegations contained in paragraph 44 of plaintiffs' Petition for Damages are denied.

43.

The allegations contained in paragraph 45 of plaintiffs' Petition for Damages are denied.

44.

The allegations contained in paragraph 46 of plaintiffs' Petition for Damages are denied.

45.

The allegations contained in paragraph 47 of plaintiffs' Petition for Damages are denied.

46.

The allegations contained in paragraph 48 of plaintiffs' Petition for Damages are denied.

47.

The allegations contained in paragraph 49 of plaintiffs' Petition for Damages are denied.

48.

The allegations contained in paragraph 50 of plaintiffs' Petition for Damages are denied.

49.

The allegations contained in paragraph 51 of plaintiffs' Petition for Damages are denied.

50.

The allegations contained in the prayer of plaintiffs' Petition for Damages are denied.

## **AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION FOR DAMAGES**

AND NOW, for its affirmative defenses to plaintiffs' Petition for Damages, Cooper/T. Smith avers as follows:

51.

Plaintiffs' claims against Cooper/T. Smith are barred by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

52.

Plaintiffs' claims against Cooper/T. Smith are barred by LSA-R.S. § 23:1021 *et seq.*, the Louisiana Workers' Compensation Act.

53.

There was no fault, neglect or other basis for liability or responsibility on the part of Cooper/T. Smith, with respect to the incident complained of.

54.

Inasmuch as plaintiffs' alleged loss of consortium claims against Cooper/T. Smith arose/accrued after 1982, but are based upon allegedly-significant exposures that occurred before 1982, plaintiffs have no cause of action for loss of consortium.

Inasmuch as plaintiffs' alleged loss of care, maintenance, support, services, advice and counsel claims are merely components of and are encompassed within their alleged loss of consortium claims, plaintiffs have no cause of action for loss of love, affection, support, services, society or quality of life.

56.

In the alternative, Cooper/T. Smith avers that the damages alleged by plaintiffs, if any exist, which is specifically denied, were caused solely by the fault and negligence of Roosevelt Magee, *i.e.* Roosevelt Magee's assumption of the risk, contributory negligence and/or comparative fault, or by others for whom Cooper/T. Smith has no responsibility, which precludes and/or bars and/or diminishes plaintiffs' recovery herein.

57.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages as a result of the negligence of anyone for whom Cooper/T. Smith could or might be responsible, which is specifically denied, the damages of plaintiffs were also caused by and/or contributed to by and/or aggravated by plaintiffs' own negligence, i.e. plaintiffs' assumption of the risk, contributory negligence and/or comparative fault, and/or the negligence of others for whom Cooper/T. Smith is not responsible, and Cooper/T. Smith is entitled to have any award or recovery mitigated and reduced accordingly.

58.

Plaintiffs' fault constitutes a superceding cause, thus barring any recovery therein.

59.

Cooper/T. Smith pleads the affirmative defenses of prescription, estoppel, and the applicable statute of limitations.

60.

Plaintiffs suffer from pre-existing conditions and/or suffered a subsequent accident, which serves to bar or diminish any recovery herein.

61.

Cooper/T. Smith specifically reserves its right to further amend and amplify these answers and defenses as further discovery may warrant.

62.

Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

63.

Cooper/T. Smith specifically reserves its right to file third-party complaints, counterclaims and/or cross-claims such as the facts may disclose and/or warrant.

64.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages and are entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases of any persons, companies or entities, whether a party or not, and whether said settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental petition herein.

65.

Any and all allegations not specifically admitted above are denied.

66.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein.

WHEREFORE, defendant, Cooper/T. Smith, prays that its Exceptions, Answer, Affirmative Defenses and Jury Demand filed in response to plaintiffs' Petition for Damages be deemed good and sufficient and that, after due proceedings be had, there be a judgment herein in favor of Cooper/T. Smith, dismissing plaintiffs' claims, with prejudice, at his sole cost, and for all relief as may be deemed equitable and just.

Respectfully submitted:

**ADAMS AND REESE LLP**

MARK J. SPANSEL (#12314)
EDWIN C. LAIZER (# 17014)
TYSON B. SHOFSTAHL (# 21084)
ROLAND M. VANDENWEGHE, JR. (# 25283)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: 504-581-3234
Fax: 504-566-0210
*Attorneys for Defendant,*
*Cooper/T. Smith Stevedoring Company, Inc.*

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Exceptions, Answer, Affirmative Defenses and Jury Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc. to Plaintiffs' Petition for Damages has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery      ( ) Prepaid U. S. Mail

(X) Facsimile      ( ) Other

New Orleans, Louisiana, this 21st day of December, 2007.

_____
ROLAND M. VANDENWEGHE, JR.

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.: 07-13834                                                SECTION 14

**JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS**

**VERSUS**

**AMERICAN SUGAR REFINING, INC., ET AL**

FILED: _____        _____
                                                          **DEPUTY CLERK**

FILED
NOV - 9 2007
DEPUTY CLERK
CIVIL DISTRICT COURT

## EXCEPTIONS, ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF, SSA GULF, INC., IN RESPONSE TO PLAINTIFFS' PETITION FOR DAMAGES

NOW INTO Court, through undersigned counsel, comes defendant, SSA Gulf Inc., ("SSA Gulf") and submits the following Exceptions, Answer and Affirmative Defenses in response to Plaintiffs' Petition for Damages:

### EXCEPTIONS

#### 1. Lis Pendens

Upon information and belief, decedent Thomas Jefferson is a named plaintiff in other actions previously filed in Louisiana courts, based upon the same or similar causes of action as asserted in the instant action. Defendant therefore asserts the exception of lis pendens as to this action.

#### 2. Non-Conformity

Defendant asserts that plaintiffs' petition fails to comply with the requirements of Louisiana Code of Civil Procedure articles 891 and 856, and therefore asserts the exception of non-conformity pursuant to LSA-C.C.P. art. 926. Specifically, defendant asserts that plaintiffs' petition fails to set forth "a short, clear, and concise statement of . . . the material facts . . . pertinent to this defendant" as required by LSA-C.C.P. arts. 891(A) and 856.

#### 3. Vagueness and Ambiguity

Defendant asserts that plaintiffs' petition is impermissibly vague and ambiguous. Specifically, plaintiffs' petition asserts various allegations against this defendant based upon alleged

CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE, SUITE 402
NEW ORLEANS, LA 70112
504 592-9100
----------------------------------
DATE: 11/13/2007 at 13:11
CASE#: 2007- 13834  SEC: 14
                    PRICE      PAID     BAL
EXCEPTION           $60.00  $  60.00  $  0.00
ANSWER              $174.00 $ 174.00  $  0.00
                    $600.00 $ 600.00  $  0.00
FAX FEES            $ 47.50 $  47.50  $  0.00
TOTAL PAID CASE # 2007138334:  $881.50
RECEIPT TOTAL $881.50
AMOUNT RECEIVED $881.50
----------------------------------

ENTERED RULE DOCKET/COMPUTER _____
SERVICE COPIES TO SHERIFF _____
CARD WITH RULE DATE MAILED _____
COPY OF DOCUMENT MAILED _____
RULE DATE RECEIVED _____


VERIFIED

defects in products and premises, but fails to identify any such products or premises directly related to this defendant. This insufficiency is fatal to plaintiffs' claims in light of the fact that this defendant is neither a product manufacturer nor an owner of any premise at which plaintiffs' defendant ever worked and was exposed to asbestos.

### 4. Lack of Procedural Capacity

Plaintiffs in this action assert that they are the statutory heirs of decedent, Thomas Jefferson, but have provided no evidence in support thereof. Out of an abundance of caution, defendant asserts the exception of lack of procedural capacity as to all plaintiffs named in this action.

### 5. Res Judicata/Claim Preclusion

As noted above, Thomas Jefferson is a named plaintiff in other actions previously filed in Louisiana courts, based upon the same or similar causes of action as asserted in the instant action. Out of an abundance of caution, defendant asserts the exception of res judicata and/or claim preclusion as to all claims asserted in the instant matter.

### 6. No Cause of Action

Plaintiffs' petition asserts claims for various damages, including damages for loss of care, services and support. Such damages are properly encompassed within wrongful death actions and/or claims for loss of consortium. Under the law governing this action, neither are available to plaintiffs against this defendant. Therefore, defendant asserts the exception of no cause of action as such claims.

### 7. No Right of Action

For the reasons asserted above related to the exception of lack of procedural capacity, defendant asserts the exception of no right of action for the plaintiffs in this matter to seek damages on behalf of decedent, Thomas Jefferson.

## ANSWER TO PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

1.

The allegations of Paragraph 1 are denied as said allegations may pertain to this defendant.

2.

The allegations in Paragraph 2 are denied.

2

3.

The allegations of Paragraph 3 are denied as said allegations may pertain to this defendant.

4.

The allegations of Paragraph 4 are denied as said allegations may pertain to this defendant.

5.

The allegations of Paragraph 5 are denied as said allegations may pertain to this defendant.

6.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 are denied as said allegations may pertain to this defendant.

8.

The allegations of Paragraph 8 are denied as said allegations may pertain to this defendant.

9.

The allegations of Paragraph 9 are denied as said allegations may pertain to this defendant.

10.

The allegations of Paragraph 10 are denied as said allegations may pertain to this defendant.

11.

The allegations of Paragraph 11 are denied as said allegations may pertain to this defendant.

12.

The allegations of Paragraph 12 are denied as said allegations may pertain to this defendant.

13.

The allegations of Paragraph 13 are denied as said allegations may pertain to this defendant.

14.

The allegations of Paragraph 14 are denied for lack of sufficent information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied as said allegations may pertain to this defendant.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied as said allegations may pertain to this defendant.

20.

In response to the allegations of Paragraph 20, defendant incorporates by reference herein. Its responses to the foregoing allegations.

21.

The allegations of Paragraph 21 are denied as said allegations may pertain to this defendant.

22.

The allegations of Paragraph 22 are denied as said allegations may pertain to this defendant.

23.

The allegations of Paragraph 23 are denied as said allegations may pertain to this defendant.

24.

The allegations of Paragraph 24 are denied as said allegations may pertain to this defendant.

The allegations of Paragraph 25 are denied as said allegations may pertain to this defendant.

26-35.

The allegations of Paragraphs 26-35 do not appear to pertain to this defendant and thus do not require a response. Out of an abundance of caution, the allegations of Paragraphs 26-35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied as said allegations may pertain to this defendant.

37.

The allegations of Paragraph 37 are denied as said allegations may pertain to this defendant.

38.

The allegations of Paragraph 38 are denied as said allegations may pertain to this defendant.

39.

The allegations of Paragraph 39 are denied as said allegations may pertain to this defendant.

40.

The allegations of Paragraph 40 are denied as said allegations may pertain to this defendant.

41.

The allegations of Paragraph 41 are denied as said allegations may pertain to this defendant.

42.

The allegations of Paragraph 42 are denied as said allegations may pertain to this defendant.

The allegations of Paragraph 43 are denied as said allegations may pertain to this defendant.

The allegations of Paragraph 44 are denied as said allegations may pertain to this defendant.

The allegations of Paragraph 45 are denied as said allegations may pertain to this defendant.

The allegations of Paragraph 46 are denied as said allegations may pertain to this defendant.

The allegations of Paragraph 47 are denied as said allegations may pertain to this defendant.

In response to the allegations of Paragraph 48, defendant incorporates by reference herein. Its responses to the foregoing allegations.

The allegations of Paragraph 49 are denied as said allegations may pertain to this defendant.

The allegations of Paragraph 50 are denied as said allegations may pertain to this defendant.

The allegations of Paragraph 51 are denied as said allegations may pertain to this defendant.

AND NOW, further answering plaintiffs' Petition for Damages, Defendant, SSA Gulf, Inc., asserts the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

1.

Plaintiff's state law claims in this case are barred and preempted by the terms and provisions of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901, et seq.

2.

SSA Gulf avers that plaintiff's claims are barred by his own contributory and/or comparative negligence and assumption of risk, consisting, without limitation, of the following non-exclusive particulars:

1. Failure to properly protect himself against hazards about which he knew or should have known;

2. Failure to wear proper protective equipment;

3. Failure to follow instructions of his superiors; and

4. Any and all other negligent acts or omissions which may be discovered or proved at the trial of this matter.

3.

SSA Gulf avers that the injuries and damages alleged in the Petition, which injuries are expressly denied, were caused by the negligence, strict liability or fault of third-parties for whom SSA Gulf is not liable.

4.

SSA Gulf avers that all claims alleged herein against this defendant, are barred, in whole or in part, by prescription.

5.

SSA Gulf avers that plaintiff has failed to mitigate any damages sustained.

6.

SSA Gulf avers that plaintiff's alleged injuries did not occur as a result of exposure to asbestos, but were approximately caused by other medical conditions, including, but not limited to, health conditions related to tobacco use.

7.

SSA Gulf avers that it is entitled to a credit for the virile portion or percentage of fault attributable to any and all settling defendants and/or non-defendant entities.

SSA Gulf avers that any claim for punitive damages herein is unconstitutional, and is further proscribed under Louisiana law.

9.

SSA Gulf avers that any claim based on any theory of strict liability or liability without fault is unconstitutional in that it seeks to impair the redress of grievances and intends to deprive SSA Gulf of property without due process of law. SSA Gulf further avers that it is not legally responsible to plaintiff under any theory of strict liability for any injury, loss of damage, as a result of plaintiff's contact with, or exposure to, or use of any asbestos-containing product prior to June 28, 1971, when the Louisiana Supreme Court decided the case of *Weber v. Fidelity & Casualty Company of New York,* 250 So. 2d 754 (La. 1971).

10.

SSA Gulf avers that plaintiff's injuries, if any, which are specifically and expressly denied, were neither caused by nor contributed to by SSA Gulf nor anyone for whom it could or may have been responsible herein. Rather, said injuries, which are specifically and expressly denied, were caused by the negligence and fault of other parties and concerns over which this third party defendant has no duty or control.

11.

If plaintiff was exposed to products containing asbestos, which is denied, such exposure did not occur as a result of the fault or exposure to any products under the care, custody and control of any party for whom SSA Gulf may be held responsible, or on the premises of anyone for whom SSA Gulf may be held responsible.

12.

Plaintiff was not exposed to any asbestos materials by any act or omission of anyone for whom SSA Gulf may be held responsible, or, if such exposure occurred, which is denied, such exposure was of insufficient quantities and such infrequent intervals, or for such short periods of times, or under conditions as to amount to no proximate cause of plaintiff's damages, if any, as a matter of law.

13.

SSA Gulf avers the underlying demands are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S. C. 901, et seq., and/or the exclusive remedy provisions of the Louisiana Workers' Compensation Act, La. Rev. Stat. 23:1021, et seq.

NOV - 9 2007

DEPUTY CLERK
CIVIL DISTRICT COURT

14.

SSA Gulf pleads any and all other defenses available to it under the Louisiana Civil Code, Louisiana Code of Civil Procedure, Louisiana Revised Statutes, and Louisiana Law.

15.

SSA Gulf adopts all affirmative defenses, if any, not specifically set out in this Answer but asserted by any other defendant in this case.

SSA Gulf reserves the right to supplement and amend its answers and defenses.

16.

SSA Gulf requests a trial by jury on all issues.

**WHEREFORE**, considering the foregoing, defendant, SSA Gulf, Inc., prays that its Exceptions be maintained, and that this matter be dismissed as to SSA Gulf, or, in the alternative, that after due proceedings are had, this matter be dismissed, with prejudice, and at plaintiffs' sole cost.

Respectfully submitted:

RICHARD P. SULZER #21150
ROBERT E. WILLIAMS, IV, #19217
201 Holiday Boulevard, Suite 335
Covington, Louisiana 70433
Telephone: (985) 898-0608
Facsimile: (985) 898-0871
Attorneys for SSA Gulf, Inc.

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

9

## CERTIFICATE OF SERVICE

By my signature hereinabove, I hereby certify that a true and correct copy of the above and foregoing pleading was sent by fax and U.S. Mail, postage prepaid and properly addressed to counsel for plaintiff this November 9, 2007 and will be served upon known defense counsel at their request.

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.: 07-13834                                               SECTION 14

**JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS**

### VERSUS

### AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____          _____
                                                    **DEPUTY CLERK**

FILED

NOV - 9 2007

DEPUTY CLERK
CIVIL DISTRICT COURT

## MEMORANDUM IN SUPPORT OF EXCEPTIONS ON BEHALF OF DEFENDANT, SSA GULF, INC.

### 1. Lis Pendens

Upon information and belief, decedent Thomas Jefferson is a named plaintiff in other asbestos actions previously filed in Louisiana courts, specifically, Quincy L. Adams, Jr., et al v. Owens-Corning Fiberglass Corp., et al, 18th Judicial District Court, No. 050703, Div. A and Robert Lee Bickham, et al, v. Metropolitan Life Ins. Co., et al, 22nd Judicial District Court, No. 70760, Div. E. LSC-C.C.P. Art. 531 instructs that, "When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed..." Investigation is ongoing to determine the identify of parties and the nature of claims asserted in these multiple actions. Defendant will brief this exception in further detail as appropriate. In the interim, in order to preserve this exception, defendant asserts the exception of lis pendens as to this action.

### 2. Non-Conformity

To the extent plaintiffs' petition may be construed so as to assert a cause of action against SSA Gulf, Inc. based upon fraud, said allegations are not set forth with specificity as required by LSA-C.C.P. Art. 891 and Art. 856. Article 856 of the Louisiana Code of Civil Procedure provides, in pertinent part, that, "in pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged in particularity." Plaintiff's petition makes no specific allegations regarding SSA Gulf, Inc. in conjunction with any alleged acts of fraud, misrepresentation or

VERIFIED

conspiracy. As such, plaintiff has failed to meet the specific pleading requirements set forth in the Louisiana Code of Civil Procedure.

### 3. Vagueness and Ambiguity

Plaintiffs' petition asserts general allegations against various groups of defendants, but contains no allegations setting forth with specificity the actions or inactions of this particular defendant allegedly giving rise to plaintiffs' injuries. Furthermore, it appears that claims are asserted against this defendant among classes of defendants called "defendants", "employer defendants" and "premise defendants". Allegations asserted against the first general class of defendants appear to pertain to product hazards and/or defects. However, plaintiffs' petition does not identify any particular product allegedly manufactured or distributed by this defendant which purportedly caused or contributed to plaintiffs' alleged injuries. This is perhaps not surprising, as this defendant is not now nor has it ever been a product manufacturer or supplier.

Plaintiffs also assert various allegations against this defendant apparently based upon certain legal theories associated with premises liability. The petition does not identify any particular premise allegedly owned or controlled by this defendant, nor when or how plaintiffs were allegedly injured as a result of any alleged defects in such premises. Again, the lack of specificity as to these allegations may be explained by the fact that this defendant does not own or control any premises wherein plaintiffs allege any injury.

LSA-C.C.P. Art. 891 requires that a petition contain a "short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation..." In the instant matter, plaintiffs' petition fails to meet even these minimum requirements. Generic allegations asserted against broad classes of defendants, coupled with vague allegations clearly inapplicable to this defendant, preclude defendant from properly responding to and defending against such allegations. As such, defendant asserts that plaintiffs' petition is impermissibly vague and ambiguous.

### 4. Lack of Procedural Capacity

Plaintiffs in this action assert that they are the statutory heirs of decedent, Thomas Jefferson, but have provided no evidence in support thereof. Out of an abundance of caution, defendant asserts the exception of lack of procedural capacity as to all plaintiffs named in this action. Upon production of sufficient evidence to establish that each of the named plaintiffs in this

2

action is entitled under applicable law (specifically LSA-C.C. Art. 2315.1), to assert a cause of action on behalf of decedent, Thomas Jefferson, defendant will withdraw this exception. In the event further investigation reveals that one or more plaintiffs in this action is lacking proper legal capacity to pursue such causes of action, defendant will brief this exception in further detail.

### 5. Res Judicata/Claim Preclusion

As noted above, Thomas Jefferson is a named plaintiff in other actions previously filed in Louisiana courts, based upon the same or similar causes of action as asserted in the instant action. Out of an abundance of caution, defendant asserts the exception of res judicata and/or claim preclusion as to all claims asserted in the instant matter. Defendant will brief this exception in further detail upon completion of further investigation.

### 6. No Cause of Action

Plaintiffs' petition asserts claims for various damages, including damages for "loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs' Decedent family members received from the decedent prior to his illness and death" as well as "[r]easonable funeral and burial expenses". See, Petition for Damages, Par. 51(g) and (e). Such damages are properly encompassed within wrongful death actions and/or claims for loss of consortium. Under the law governing this action, neither are available to plaintiffs against this defendant. Therefore, defendant asserts the exception of no cause of action as such claims.

It is well settled that Louisiana law did not recognize a cause of action for loss of consortium until 1982. See, *Landry v. Avondale Industries*, 864 So.2d 117, 2003-719 (La. 12/3/03). In the instant matter, plaintiffs allege the actions giving rise to decedent's alleged injuries occurred well before 1982, at a time when such damages were not available. Therefore, plaintiffs have no cause of action for damages related to loss of consortium.

Plaintiffs' petition asserts that plaintiffs are pursuing a "survival action" on behalf of decedent, Thomas Jefferson. See, Petition for Damages, Par. 6. However, as noted above, plaintiffs' prayer seeks damages for various alleged post-death losses sustained by the decedent's heirs. Pursuant to LSA-C.C. Art. 2315.1, a survival action is limited to recovery of "all damages for injury to [the deceased] person...". Survival action damages are limited to damages sustained by the decedent up until the time of death. In the petition for damages, plaintiffs are seeking recovery for their own alleged losses resulting from the death of the decedent, which are expressly

3

provided for in wrongful death actions. See, LSA-C.C. Art. 2315.3. Louisiana courts have consistently recognized that a cause of action for wrongful death damages does not arise until the time of death. At the time of decedent's death, on December 25, 2006 according to plaintiffs' petition, Louisiana law barred any claim for wrongful death asserted against an employer by the heirs of an employee. See, *Landry*, supra.

In light of the foregoing, plaintiffs' petition fails to state a valid cause of action against this defendant for any claims which are based upon loss of consortium or for personal damages of the heirs allegedly resulting from decedent's death.

### 7. No Right of Action

For the reasons asserted above related to the exception of lack of procedural capacity, defendant asserts that plaintiffs in this matter have no right of action to seek damages on behalf of decedent, Thomas Jefferson.

WHEREFORE, defendant, SSA Gulf, Inc., prays that its exceptions by maintained and that plaintiffs' claims against SSA Gulf, Inc. be dismissed, with prejudice, and at plaintiffs' sole cost.

Respectfully submitted,

_____
RICHARD P. SULZER, #21150
ROBERT E. WILLIAMS, IV, #19217
201 Holiday Boulevard, Suite 335
Covington, Louisiana 70433
(985) 898-0608 Telephone
(985) 898-0871 Facsimile
Attorneys for SSA Gulf, Inc.

### CERTIFICATE OF SERVICE

By my signature hereinabove, I hereby certify that a true and correct copy of the above and foregoing pleading was sent by fax and U.S. Mail, postage prepaid and properly addressed to counsel for plaintiff this November 9, 2007, and will be served upon known defense counsel at their request.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

4

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.: 07-13834             **SECTION 14**

**JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS**

**VERSUS**

**AMERICAN SUGAR REFINING, INC., ET AL**

FILED: _____

FILED
NOV - 8 2007
DEPUTY CLERK
CIVIL DISTRICT COURT

**DEPUTY CLERK**

## REQUEST FOR WRITTEN NOTICE

NOW INTO COURT, through undersigned counsel, comes defendant, SSA Gulf, Inc. and makes the following requests:

1.

Pursuant to LSA-C.C.P. Article 1572, defendant requests written notice of ten (10) days in advance of the date fixed for the trial or hearing on any exceptions, motions or rules on the merits of the captioned suit.

2.

Pursuant to LSA-C.C.P. Articles 1913 and 1914, defendant requests immediate notice of all interlocutory and final orders and judgments on any exceptions, motions or rules on the merits of the captioned suit.

WHEREFORE, the premises considered, defendant, SSA Gulf, Inc., requests that it be furnished with the above-specified information.

Respectfully submitted,

RICHARD P. SULZER, #21150
201 Holiday Boulevard, Suite 335
Covington, Louisiana 70433
(985) 898-0608
Attorney for SSA Gulf, Inc.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon plaintiff's counsel via U.S. Mail, postage pre-paid this _____ day of _____, 2007, will be made available to all known defense counsel upon request.

_____
RICHARD P. SULZER

NO. 07-13834                                        DIVISION: " I" (14)

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN J.
JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED:_____           _____
                                                DEPUTY CLERK

### ANSWER AND DEFENSES TO
### PLAINTIFFS' ORIGINAL PETITIONS FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, Buck Kreihs

Company, Inc.("Buck Kreihs") who provides the following Answer and Defenses in response to

plaintiffs' Petition for Damages as follows:

I.

Defendant reserves the right to adopt any and all Exceptions pled by any and all defendants

herein.
                         DALE N. ATKINS
                         CLERK, CIVIL DISTRICT COURT
                         402 CIVIL COURTS BUILDING
                         421 LOYOLA AVENUE - ROOM 402
AND NOW, responding to the individual paragraphs of the plaintiffs' Petition; Buck Kreihs
                         504-592-9100

responds as follows:

### ANSWER TO ORIGINAL PETITION

DATE: 11/13/2007 at 11:03
CASE#: 2007 - 13834  SEC.: 14
RECEIPT#: 85708
                              PRICE        PAID        BAL

II.

The allegations of Paragraphs 1 and 2 are denied.    ANSWER
                                                     $   174.00  $   174.00  $   0.00

III.                                                 TOTAL PAID CASE # 200713834:   $174.00

                                                     RECEIPT TOTAL $174.00

The allegations of Paragraph 3, are denied for lack of sufficient information to justify a belief   AMOUNT RECEIVED $174.00
                                                     CHANGE DUE $.00

therein except to admit the status of Buck Kreihs as a domestic corporation licensed to do and doing
                                                     Check #7878 Amt. $174.00

business in the state of Louisiana.

IV.

The allegations of Paragraphs 4 and 5 are denied.



## V.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

## VI.

The allegations of Paragraphs 7 through 19 are denied.

## VII.

The allegations of Paragraph 20 are answered by reference to this defendant's foregoing Answer and Defenses as if copied herein *in extenso*.

## VIII.

The allegations of Paragraphs 21 through 25 are denied.

## IX.

The allegations of Paragraphs 26 are denied for lack of sufficient information to justify a belief therein.

## X.

The allegations of Paragraphs 27 through 35 are denied.

## XI.

The allegations of Paragraphs 36 through 41 do not apply to this defendant. However, should an answer be deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations of Paragraphs 42 through 45 do not apply to this defendant. However, should an answer be deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations of Paragraphs 46 and 47 do not apply to this defendant. However, should an answer be deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

## XIV.

The allegations of Paragraph 48 are answered by reference to this defendant's foregoing Answer and Defenses as if copied herein *in extenso*.

## XV.

The allegations of Paragraphs 49 through 51 are denied.

## **AFFIRMATIVE DEFENSES**

## XVI.

Further answering, defendant denies that any product used by Buck Kreihs caused any damages to the plaintiffs' decedent.

## XVII

Further answering, defendant avers that plaintiffs' decedent did not use and was not exposed to any product used by Buck Kreihs. Alternatively, defendant avers that if plaintiffs' decedent were exposed to any product used by Buck Kreihs, that such exposure was insufficient to cause any injury or damage to plaintiffs' decedent.

## XVIII.

Further answering, defendant avers that some or all of the plaintiffs' claims are barred, in whole, or in part, by prescription.

## XIX.

Further answering, and in the alternative, defendant avers that if any injuries or illnesses were sustained by the plaintiffs' decedent, which are denied, then said injuries or illnesses resulted solely and exclusively from the negligence and/or fault of plaintiffs' decedent in the following non-exclusive particulars:

a. Failure to use safety devices such as masks and respirators for breathing while in the presence of dust-laden air;

b. Failure to request the use of such masks and respirators from his employers;

c. Failure to cease working in an environment of asbestos and/or silica dust-laden air, knowing that he was working with asbestos-containing insulation products and that he was inhaling silica and/or asbestos fiber;

d. Failure to cease working in an environment of chemicals, chemical fumes, welding fumes and/or other toxic substances, knowing that he was working with and around those substances and that he was inhaling the fumes of those substances;

e. Failure to take routine precautions to ensure his own safety;

f. Failure to act as a reasonably prudent person under the same or similar circumstances;

g.    Any and all other acts of negligence or fault as may be proven at the trial of this matter.

## XX.

Further answering, and in the alternative, and as a result of the aforementioned acts of negligence and/or fault committed by plaintiffs' decedent, defendant avers that plaintiffs' claims for damages should be completely barred or reduced by the percentage of fault attributable to plaintiffs' decedent.

## XXI.

Further answering, defendant alternatively avers that plaintiffs' damages, if any, were caused by the fault and/or negligence of persons other than defendant, and specifically, by the products manufactured, supplied, sold or installed by others and/or by the cigarette smoking of plaintiffs's decedent or others in their vicinity, or by exposure to other substances to be proved at trial, all of which fault constitutes comparative fault and/or comparative causation.

## XXII.

Further answering, defendant alternatively avers that it is entitled to a set-off, reduction or credit for a pro rata virile share, for each of the defendants, named in the Petition or unnamed, whose products or conduct are shown to have caused plaintiffs' damages, and/or who may compromise their claims with the plaintiffs prior to trial, including all such parties named or unnamed, in bankruptcy or not, who are found to have caused or contributed to plaintiffs' damages.

## XXIII.

Further answering, in the alternative, defendant denies that it is jointly and severally liable in solido with any other party, and denies that it is liable for the fault of any other party named or unnamed.

## XXIV.

Further answering, and in the alternative, defendant affirmatively avers that the plaintiffs are not entitled to damages as there is no evidence that plaintiffs' decedent's injuries were in any way caused by any alleged exposure to asbestos products allegedly used by Buck Kreihs, during the decedent's course of employment.

## XXV.

Buck Keihs further avers that plaintiffs failed to take reasonable steps to mitigate their damages.

**WHEREFORE**, the premises considered, defendant, Buck Kreihs, prays that this Answer be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of Buck Kreihs, and against the plaintiffs, dismissing plaintiffs' petition at plaintiffs' cost, and for all general and equitable relief afforded by the premises.

Respectfully submitted:
MONTGOMERY, BARNETT, BROWN, READ,
HAMMOND & MINTZ

BY: _____

LAWRENCE G. PUGH, III (#17351)
H. PHILIP RADECKER, JR. (#17102)
3300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
(504) 585-3200
Counsel for Buck Kreihs Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding, by First Class United States mail, properly addressed and postage prepaid and/or by electronic transmission on this _____ day of November, 2007.

_____

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 07-13834                                              DIVISION: "I" (14)

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN J. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED:_____

_____
DEPUTY CLERK

## REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, comes defendant Buck Kreihs Company, Inc. ("Buck Kreihs") reserving unto itself all of its rights to file dilatory and declinatory exceptions, and without waiving any such rights, hereby moves for written notice of judgment, orders or other action of the trial court, and the setting or the date fixing for any conference, trial or hearing on any exception, motion, rule, or trial on the merits, pursuant to Articles 1572, 1913, and 1914 of the Louisiana Code of Civil Procedure, including immediate notice of interlocutory and final orders and judgments on any exceptions, motions, rules or trials, in the above-captioned matter.

Respectfully submitted:

MONTGOMERY, BARNETT, BROWN,
READ, HAMMOND & MINTZ

BY:_____
LAWRENCE G. PUGH, III (#17351)
H. PHILIP RADECKER, JR. (#17102)
3300 Energy Centre
1100 Poydras Street
New Orleans, LA. 70163-3200
(504) 585-3200
Counsel for Buck Kreihs Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon plaintiff's counsel by forwarding a copy of same by facsimile and to defense counsel by electronic mail on this 8th day of November, 2007.

**STATE OF LOUISIANA**                2007 DEC 12 P 3: 28

NO. 07-13834                DIVISION I                SECTION 14

**JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A JEFFERSON, AND LISA M. WILLIAMS**

**VERSUS**

**AMERICAN SUGAR REFINING, INC., ET AL**

FILED: _____        _____
                                                          **DEPUTY CLERK**

**EXCEPTIONS, ANSWER AND THIRD-PARTY DEMANDS
OF PORTS AMERICA GULFPORT, INC.
TO PLAINTIFFS' PETITION FOR DAMAGES**

     **NOW INTO COURT**, through undersigned counsel, comes Ports America Gulfport,

Inc., f/k/a P&O Ports Gulfport, Inc. f/k/a I.T.O Corporation, f/k/a Atlantic and Gulf

Stevedores, Inc. (hereinafter, collectively, "Ports America"), which pleads the following

Exceptions, Answer and Third Party Demands in response to plaintiffs' Petition for

Damage:

I.

**PEREMPTORY EXCEPTIONS OF NO CAUSE OF ACTION AND VAGUENESS**

     Ports America asserts the Peremptory Exception of No Cause of Action as to

plaintiffs' tort claims for the alleged wrongful death of Thomas Jefferson, Jr. Plaintiffs

allege that Thomas H. Jefferson, Jr. was an employee of Ports America and that he was

exposed to asbestos during that employment, which exposure led to his contraction of an

occupational disease and resulted in his death. Any alleged cause of action for his death

arose at the time of his death, on or about December 25, 2006, as set forth by the

Louisiana Supreme Court in *Walls v. American Optical Corp.*, 98-0455 (La. 9/8/99), 740

So.2d 1262. Thus pursuant to the Louisiana Workers Compensation Act (L.S.A.-R.S.

23:1032 *et seq.*), as it existed on December 25, 2006, plaintiffs' sole remedy for the

wrongful death of Thomas H. Jefferson, Jr. as a result of an occupational disease allegedly

contracted in the course and scope of his employment with Ports America is under the

Louisiana Workers' Compensation Act, which bars tort claims against the employer. For

those reasons set forth more fully in Ports America's accompanying Memorandum in

ENTERED RULE DOCKET/COMPUTER ✓
SERVICE COPIES TO SHERIFF ✓
CARD WITH RULE DATE MAILED _____
COPY OF DOCUMENT MAILED _____
RULE DATE RECEIVED ✓



Support, plaintiffs' tort claims for the alleged wrongful death of Thomas H Jefferson, Jr. are barred as a matter of law and must be dismissed, with prejudice.

Ports America also asserts the Peremptory Exception of No Cause of Action in response to plaintiffs' "Premises Liability" claims against Ports America. It their Petition for damages, plaintiffs allege that Ports America is liable as a "premises defendant" in connection with "jobsites" on which Thomas H. Jefferson, Jr. was allegedly exposed to asbestos. Plaintiffs allege that Ports America was the "operator and/or manager and/or the owner and occupier" of these "facilities" or "jobsites," that the facilities were defective and that Ports America is thus liable as the "premises operator and/or manager and/or owner and occupier and/or custodian." However, Ports America is not and was not, at any time pertinent, the "premises operator and/or manager and/or owner and occupier and/or custodian" of the Port of New Orleans, the only jobsite identified in plaintiffs' Petition." Furthermore, plaintiffs' Petition is so vague as to the basis for the alleged cause of action against Ports America on the grounds of premises liability, that it fails to state a cause of action. Thus, due to the vagueness of plaintiffs' claims and based upon La. C.C. Arts 2322, 2317 and 2317.1, and for the reasons set forth more fully in Ports America's accompanying Memorandum in Support, plaintiffs' claims against Ports America for Premises Liability must be dismissed, with prejudice.

## II.

## ANSWER

And now, in response to the allegations of plaintiffs' Petition for Damages, Ports America asserts the following defenses:

### FIRST DEFENSE

The Petition fails to state a claim for which relief may be granted.

### SECOND DEFENSE

The Petition is vague and ambiguous as it pertains to Ports America.

### THIRD DEFENSE

Plaintiffs' claims against Ports America are prescribed.

### FOURTH DEFENSE

Plaintiffs have no tort claims pursuant to the law of Louisiana against Ports America.

## FIFTH DEFENSE

The Plaintiffs have no right of action against Ports America.

## SIXTH DEFENSE

Ports America is immune from suit, and plaintiffs have no cause of action against Ports America pursuant to applicable provisions of the Longshore and Harbor Workers' Compensation Act and applicable Louisiana state workers' compensation law.

## SIXTH DEFENSE

The Petition fails to state a cause of action against Ports America.

## SEVENTH DEFENSE

The Petition includes an improper cumulation of actions.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by *res judicata*.

## NINTH DEFENSE

Plaintiffs' claims are banned by *lis pendens*.

## TENTH DEFENSE

Ports America adopts and incorporates by reference all exceptions asserted and/or to be asserted by any other defendant in this action.

## ELEVENTH DEFENSE

Ports America is entitled to a reduction in the amount for which it may ultimately be held responsible in Judgment of the plaintiff to the full extent available under the laws of indemnity, comparative negligence, and/or contribution.

## TWELFTH DEFENSE

Ports America pleads that plaintiffs failed to properly mitigate their damages which bars and/or reduces any recovery that may be obtained.

## THIRTEENTH DEFENSE

Plaintiff's injuries and illnesses, if any, were the result of the usual and normal risks of his occupation which were assumed by him and which are pleaded herein as a bar to and/or in mitigation of any recovery plaintiff may receive.

## FOURTEENTH DEFENSE

Ports America owed no duty to plaintiff, the breach of which may have caused injury or damage to plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's injuries or illnesses, if any, were causally related to his own negligence or fault which is specifically pleaded herein to mitigate and/or diminish any recovery plaintiff may obtain.

## SIXTEENTH DEFENSE

Plaintiff's injuries or illnesses, if the result of occupational or non-occupational exposure, were caused by substances other than asbestos.

## SEVENTEENTH DEFENSE

Ports America could not and did not foresee the risk of damages and/or injuries to this particular plaintiff.

## EIGHTEENTH DEFENSE

Ports America specifically denies that plaintiff was exposed to asbestos at any time while in the course and scope of his employment, if any, with it or at any other time was plaintiff exposed to asbestos by any act or inaction on the part of Ports America.

## NINETEENTH DEFENSE

Plaintiff has no right or cause of action against Ports America as a matter of law.

## TWENTIETH DEFENSE

Ports America denies that it or anyone for whose actions it is or may be responsible in any way caused or contributed to any alleged injuries or illnesses of plaintiff and, in fact, avers that any alleged injuries or illnesses were the result of the fault and neglect of plaintiff or other parties for whose actions Ports America is not legally responsible.

## TWENTY-FIRST DEFENSE

In further response to plaintiffs' Petition for Damages, Ports America denies that it was in any way negligent with regard to plaintiff's work conditions and environment.

4

Ports America specifically denies that its work sites in any way violated workplace safety regulations propounded by the U.S. Department of Labor, the Walsh/Healy Act or the Occupational Safety and Health Act.

## TWENTY-THIRD DEFENSE

Ports America prays for trial by jury.

## TWENTY-FOURTH DEFENSE

Ports America specifically denies that plaintiff is entitled to any award for medical costs, lost earnings, mental suffering, anguish and pain, physical pain and suffering, loss of qualify of life, loss of consortium or any other form of non-pecuniary damage.

## TWENTY-FIFTH DEFENSE

Ports America denies that plaintiff is suffering from or contracted any disease, illness or condition that is work-related or caused or contributed to by exposure to any of the substances claimed by plaintiff.

## TWENTY-SIXTH DEFENSE

In response to plaintiffs' Petition for Damages, Ports America denies the allegations contained in paragraphs 1 through 38, inclusive, and all subparts therein, as they may in any way pertain to Ports America.

## TWENTY-SEVENTH DEFENSE

Ports America denies that plaintiff was exposed to any ultra-hazardous material or was engaged in an ultra-hazardous occupation or job.

## TWENTY-EIGHTH DEFENSE

Ports America denies that plaintiff has a claim for special or general damages as a matter of fact or law.

## TWENTY-NINTH DEFENSE

Ports America denies that plaintiff and his spouse and dependents, as applicable, are entitled to any damages, including but not limited to loss of society, support, love and affection or consortium, or any other non-pecuniary damages at any time.

Ports America denies that plaintiff is entitled to recover the costs of trial, interest or any judgment, attorney's fees, or any other remedy whether in law or equity.

### THIRTY-FIRST DEFENSE

Plaintiffs' state law claims in this case are preempted by the terms and provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

### THIRTY-SECOND DEFENSE

Plaintiffs' Petition for Damages and the claims made against Ports America therein are barred and preempted by the exclusivity provisions of the Longshore and Harbor Workers' Compensation Act and/or the Louisiana Workers' Compensation Act.

### THIRTY-THIRD DEFENSE

Ports America avers that at no time pertinent hereto was it ever a manufacturer, miner, distributor, seller, supplier or end user of asbestos, silica, or other airborne contaminants or toxic fibers or products containing asbestos, silica, or other airborne contaminants or toxic fibers and thus is not subject to any theory of liability as a product manufacturer or distributor.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred by his failure to exhaust his administrative remedies.

### THIRTY-FIFTH DEFENSE

The risks and hazards alleged by plaintiff were known or should have been known to plaintiff as a result of which he assumed the risk.

### THIRTY-SIXTH DEFENSE

Plaintiff's alleged conditions were caused or contributed to by his own acts or omissions.

### THIRTY-SEVENTH DEFENSE

Plaintiff's alleged conditions were the result of unavoidable circumstances.

### THIRTY-EIGHTH DEFENSE

Plaintiff's alleged conditions were caused by or contributed to by the plaintiff himself and/or other persons or parties for whom Ports America is not responsible.

### THIRTY-NINTH DEFENSE

Plaintiff failed or refused to use appropriate protective equipment which was or may have been available to him.

### FORTIETH DEFENSE

Plaintiff has entered into settlements with other parties allegedly responsible to plaintiff for his alleged conditions, which settlements are a bar to or diminution of any recovery against Ports America.

### FORTY-FIRST DEFENSE

Plaintiff was not exposed to asbestos, silica, or other airborne contaminants or toxic fibers, or similar products during his employment with Ports America.

### FORTY-SECOND DEFENSE

Plaintiffs' lawsuit is neither grounded in fact nor warranted by existing law or a good faith argument for the modification or reversal of existing law. Accordingly, Ports America seeks appropriate sanctions against the plaintiff and his counsel to include all reasonable expenses incurred because of the filing of this lawsuit, including reasonable attorney's fees.

**WHEREFORE**, defendant, Ports America Gulfport, Inc., specifically prays that its Exceptions and Answer be deemed good and sufficient and after due proceedings are had, there be judgment herein in favor of Ports America Gulfport, Inc., thereby dismissing the plaintiffs' Petition with prejudice at plaintiffs' costs and for all general and equitable relief to which they may be entitled.

Respectfully submitted,

WILTON E. BLAND, III       (#3123)
PATRICK E. COSTELLO       (#26619)
JACQUES P. DeGRUY       (#29144)
Mouledoux, Bland, Legrand & Brackett, LLC
One Shell Square, Suite #4250
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:     (504) 522-2121
Attorneys for Ports America Gulfport, Inc.
H:\0585\07393 Jefferson, Joannie\Pleadings\Answer and Exceptions.wpd



A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleadings has been sent to all counsel of record, via e-mail, facsimile, by hand and/or U.S. Mail, properly addressed and postage prepaid.

THIS 12th day of December, 2007.

_____
JACQUES P. DeGRUY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-13834         CIVIL DISTRICT COURT   DIVISION "I-14"

JOANNIE L. JEFFERSON, ET AL.

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL.

FILED: _____        _____

                                        DEPUTY CLERK

## ANSWER OF CROWLEY MARINE SERVICES, INC.
## TO PETITION FOR DAMAGES

NOW COMES Crowley Marine Services, Inc. ("Crowley"), and for answer to plaintiffs'

Petition for Damages, with respect represents:

### FIRST DEFENSE

The Petition fails to state a claim against Crowley upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs' claims are barred by prescription and/or laches.

### THIRD DEFENSE

This Honorable Court lacks jurisdiction over the person of Crowley

### FOURTH DEFENSE

Venue is improper.

### FIFTH DEFENSE

For answer to the specific allegations contained in plaintiffs' Petition for Damages,

Crowley avers upon information and belief as follows:

I.

The allegations of Paragraphs 1, 2 and 3 of the Petition for Damages are denied except to

admit Crowley a foreign corporation.

II.

The allegations of Paragraphs 4 and 5 of the Petition for Damages are denied, except to

admit that decedent died on December 25, 2006.

NO.99833565.1



### III.

The allegations of Paragraph 6 of the Petition for Damages are denied for lack of information sufficient to justify a belief.

### IV.

The allegations of Paragraphs 7 and 8 of the Petition for Damages are denied insofar as they relate to Crowley.

### V.

For answer to the allegations of Paragraph 9 of the Petition for Damages are denied for lack of information sufficient to justify a belief.

### VI.

The allegations of Paragraph 10 of the Petition for Damages are denied insofar as they relate to Crowley.

### VII.

The allegations of Paragraph 11 of the Petition for Damages are denied, except to admit decedent may have worked on ships.

### VIII.

The allegations of Paragraphs 12 and 13 of the Petition for Damages are denied.

### IX.

The allegations of Paragraph 14 of the Petition for Damages are denied, except to admit that under certain circumstances exposure to asbestos can cause disease.

### X.

The allegations of Paragraphs 15, 16, 17 and 18 of the Petition for Damages are denied, except to admit decedent died on December 25, 2006.

### XI.

The allegations of Paragraphs 19, 20, 21, 22, 23, 24 and 25 of the Petition for Damages are denied.

### XII.

The allegations of Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35 of the Petition for Damages do not relate to Crowley and, therefore, no answer is required, but should answer be deemed necessary, they are denied.

NO.99833565.1

The allegations of Paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 of the Petition for Damages are denied

## SIXTH DEFENSE

Further answering the Petition and as a further defense, Crowley avers that any injuries and/or illnesses sustained by Thomas H. Jefferson, Jr. resulted from his own fault, carelessness, or inattention to duty and negligence, for which Crowley is not liable and/or from the fault, carelessness or inattention to duty or negligence of others for whose fault or negligence Crowley is not liable.

## SEVENTH DEFENSE

Further in the alternative, Crowley avers that if Thomas H. Jefferson, Jr.'s injuries and/or illnesses were caused or contributed to by the fault or negligence of Crowley or by the unseaworthiness of Crowley's vessels, which is denied, then, in that event, Crowley avers that said injuries and/or illness were contributed to by the fault, carelessness, negligence and inattention to duty of Thomas H. Jefferson, Jr. which Crowley specifically pleads in mitigation of recovery, if any.

## EIGHTH DEFENSE

Further answering the Petition, and as further defense, Crowley avers that if any injuries were sustained by Thomas H. Jefferson, Jr., which is denied, then such injuries resulted from conditions, hazards or dangers which were not known to Crowley and which should not have been known by Crowley at the time of Thomas H. Jefferson, Jr.'s employment.

## NINTH DEFENSE

If decedent was exposed to any asbestos or other harmful substance aboard Crowley's vessels, which is denied, such exposure was so minimal so as to be insufficient to establish a reasonable degree of probability that said substances aboard Crowley's vessels caused or contributed to produce the injuries and damages alleged.

## TENTH DEFENSE

Upon information and belief, petitioners have or will enter into settlements with, or otherwise dismiss claims against, others who may be jointly responsible for decedent's injuries, for which Crowley is entitled to proportional credit.

## RESERVATION OF RIGHTS

1. Crowley reserves the right to file supplemental or amended answers depending upon the facts as they may be developed.

2. Crowley specifically reserves the right to assert any cross-claims, counter-claims or third-party claims against any party at any reasonable time or at the direction of the Court.

WHEREFORE, Crowley Marine Services, Inc. prays that, after due proceedings, there be judgment in its favor, dismissing plaintiffs' Petition with costs. Crowley further prays for all such other and further relief in the premises as in law or in equity they may be entitled to receive.

New Orleans, Louisiana, this _19 ᵗ_ day of December, 2007.

Respectfully submitted:

PHELPS DUNBAR, L.L.P.

_____

JOHN A. BOLLES  (Bar # 3223)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:   504-566-1311
Facsimile:   504-568-9130
E-mail:      bollesj@phelps.com
Attorneys for Crowley Marine Services, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Answer to Plaintiffs' Petition for Damages has been served on all known counsel of record, by hand, by facsimile, by e-mail and/or by First Class, United States Mail, postage prepaid and properly addressed, this _19 ᵗ_ day of December 2007.

_____

JOHN A. BOLLES

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

- 4 -

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO. 2007-13834

CIVIL
DISTRICT COURT DIVISION "I-14"

### JOANNIE L. JEFFERSON, ET AL.

### VERSUS

### AMERICAN SUGAR REFINING, INC., ET AL.

FILED: _____        _____
                                              **DEPUTY CLERK**

### REQUEST FOR WRITTEN NOTICE

TO:   Clerk of Court
      Civil District Court for the Parish of Orleans
      421 Loyola Avenue
      New Orleans, LA 70112

NOW INTO COURT, through undersigned counsel, comes defendant Crowley Marine

Services, Inc., and pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure,

requests that you notify it through undersigned counsel, at least ten (10) days in advance of any

date fixed for a conference, trial or hearing in this matter.

Further, pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure,

Crowley Marine Services, Inc., requests that you notify it through undersigned counsel of notice

of any order or judgment to be entered in this cause.

New Orleans, Louisiana, this _____ day of December, 2007.

Respectfully submitted:

PHELPS DUNBAR, L.L.P.

_____
JOHN A. BOLLES  (Bar # 3223)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  504-566-1311
Facsimile:  504-568-9130
E-mail:     bollesj@phelps.com
Attorneys for Crowley Marine Services, Inc.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

VERIFIED
ANGELA McWILLIAMS

NO.99833572.1

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Request for Written Notice has been served on all known counsel of record, by hand, by facsimile, by e-mail and/or by First Class, United States Mail, postage prepaid and properly addressed, this _____ day of December 2007.

_____
JOHN A. BOLLES

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2007-13834                                                              DIVISION "I"

JOANNIE L. JEFFERSON, ET AL

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED:_____          _____
                                                              DEPUTY CLERK

## EXCEPTIONS AND ANSWER TO PLAINTIFFS' PETITION FOR DAMAGES
## ON BEHALF OF DIXIE MACHINE WELDING & METAL WORKS, INC.

NOW INTO COURT, through undersigned counsel, comes defendant, Dixie Machine,

Welding & Metal Works, Inc. (hereinafter sometimes referred to as "Dixie") who avers on

information and belief as follows:

### LIS PENDENS

Defendant excepts to plaintiffs' petition in order to preserve this exception based upon

information, that would reveal that any of the above listed plaintiffs have another suit pending

against defendant arising from the same alleged injury.

### EXCEPTION OF VAGUENESS AND MOTION TO STRIKE

Plaintiffs' allegations contained in Paragraph 30(v) are too vague, ambiguous, indefinite

and open-ended to allow defendant to sufficiently respond and safely plead, and plaintiffs should

be ordered to amend all open-ended allegations, failing which all open-ended allegations must be

ordered stricken from the pleadings. See, *Snoddy v. City of Marksville, 97-327* (La. App. 3 Cir.

10/9/97); 702 So.2d 890.

### ANSWER

AND NOW, for Answer to the specific allegations of plaintiffs' Petition for Damages,

Dixie avers on information and belief as follows:

Page 1 of 13

## I.

The allegations contained in Paragraph 1 are denied insofar as they pertain to Dixie.

## II.

The allegations contained in Paragraph 2 require no answer from this defendant; however, out of an abundance of caution, same are denied for lack of sufficient information to justify a belief therein.

## III.

Dixie is without sufficient information to admit or deny the allegations contained in Paragraph 3, except to admit that Dixie is a Louisiana corporation.

## IV.

The allegations contained in Paragraph 4 are denied insofar as they pertain to Dixie.

## V.

The allegations contained in Paragraph 5 are denied insofar as they pertain to Dixie, except to admit that Thomas H. Jefferson, Jr., died on December 25, 2006.

## VI.

Dixie is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Petition.

## VII.

The allegations contained in Paragraph 7 and 8 are denied insofar as they relate to Dixie. Further, it is specifically denied that the decedent at any time worked in the vicinity of Dixie operations which resulted in asbestos exposure to him.

## VIII.

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

## IX.

The allegations contained in Paragraph 10 are denied insofar as they relate to Dixie.

## X.

The allegations contained in Paragraphs 11 through 13 are denied insofar as they relate to Dixie. Dixie is without sufficient information to admit or deny the allegations contained in Paragraphs 11 through 13 of the Petition as they relate to any other defendant. Further, it is specifically denied that the decedent at any time worked in the vicinity of Dixie operations which resulted in asbestos exposure to him.

## XI.

The allegations contained in Paragraph 14 are denied herein for lack of sufficient information to justify a belief therein.

## XII.

The allegations contained in Paragraphs 15 through 18 are denied insofar as said allegations pertain to Dixie, and it is specifically denied that Dixie knew or should have known of any potential hazards of exposure to asbestos to individuals in positions such as those alleged by plaintiffs. Further, it is specifically denied that the decedent at any time worked in the vicinity of Dixie operations which resulted in asbestos exposure to him and specifically denied that Dixie created a hazardous environment.

## XIII.

The allegations contained in Paragraphs 19 through 25 are denied insofar as said allegations pertain to Dixie.

## XIV.

The allegations contained in Paragraphs 26 through 35 are denied. Further, it is specifically denied that Dixie knew or should have known of any potential hazards of exposure to asbestos to individuals in positions such as those alleged by plaintiffs. Further, it is specifically denied that the decedent at any time worked in the vicinity of Dixie operations which resulted in asbestos exposure to him and specifically denied that Dixie created a hazardous environment or subjected anyone to

any exposure from asbestos, much less substantial or significant exposure.

## XV.

The allegations contained in Paragraphs 36 through 47 do not relate to Dixie and therefore, require no response.

## XVI.

The allegations contained in Paragraphs 48 through 51 are denied.

## **AFFIRMATIVE DEFENSES**

## XVII.

Defendant asserts that the release by plaintiffs of any solidary obligor without a reservation of rights against other non-released parties as required by law has resulted in the complete discharge of all liability of defendant pursuant to the applicable provisions of Article 2203 of the Louisiana Civil Code in effect at the time of the alleged acts and omissions of defendant which form the basis of plaintiffs' claims.

## XVIII.

Defendant asserts that plaintiffs' decedent did not use and was not exposed to any product used by Dixie. Alternatively, defendant avers that if plaintiffs' decedent were exposed to any product used by Dixie, that such exposure was insufficient to cause any injury or damage to plaintiffs' decedent.

## XIV.

Further answering defendant asserts that some or all of the plaintiffs' claims are barred, in whole, or in part by prescription.

## XV.

In the alternative, defendant avers that if any injuries or illnesses were sustained by the plaintiffs' decedent, which are denied, then said injuries or illnesses resulted solely and exclusively from the negligence and/or fault of plaintiffs' decedent in the following non-exclusive particulars:

a.      Failure to use safety devises such as masks and respirators for breathing while in the presence of dust-laden air;

b.     Failure to request the use of such masks and respirators from his employers;

c.     Failure to stop working in an environment of asbestos-laden air, knowing that he was working with asbestos-containing products and that he was inhaling asbestos fiber;

e.     Failure to take routine precautions to ensure his own safety;

f.     Failure to act as a reasonably prudent person under the same or similar circumstances.

### XVI.

In the alternative, and as a result of the aforementioned acts of negligence and/or fault committed by plaintiffs' decedent, defendant avers that plaintiffs' claims for damages should be completely barred or reduced by the percentage of fault attributable to plaintiffs' decedent.

### XVII.

Alternatively, defendant asserts that plaintiffs' damages, if any, were caused by the fault and/or negligence of persons other than defendant, and specifically, by the products manufactured, supplied, sold or installed by others and/or cigarette smoking of plaintiffs' decedent or others in their vicinity, or by exposure to other substances to be proved at trial, all of which fault constitutes comparative fault and/or comparative causation.

### XVIII.

Further answering, defendant alternatively asserts that it is entitled to a set-off, reduction or credit for a pro rata virile share, for each of the defendants, named in the Petition or unnamed, whose products or conduct are shown to have caused damage to plaintiffs' decedent, and/or who may compromise their claims with the plaintiffs prior to trial, including all such parties named or unnamed, in bankruptcy or not, who are found to have caused or contributed to plaintiffs' damages.

### XIX.

Further answering, in the alternative, defendant denies that it is jointly and severally liable in solido with any other party, and denies that it is liable for the fault of any other named or unnamed.

### XX.

If this Honorable Court should find negligence on the part of this defendant, which is specifically and categorically denied, then plaintiffs' recovery should be completely and entirely barred by plaintiffs' decedent's full and complete acts of negligence which are solely responsible for their damages.

## XXI.

If plaintiffs' decedent did sustain injury or damages, which is specifically and categorically denied, they are the result of negligence or fault on the part of others for whom this defendant had no responsibility or control.

## XXII.

If plaintiffs' decedent sustained any injury as alleged in the petition, which is specifically denied, said injury was directly or proximately caused by the negligence of his employer(s), or other parties in failing to convey to him proper instructions and/or precautions for the safe and proper use of insulation materials and said negligence constitutes an intervening, superseding proximate cause of any injury sustained by plaintiffs' decedent.

## XXIII.

Defendant contends that it is entitled to a reduction in the amount for which it may ultimately be held liable in judgment to the plaintiffs or to any co-defendants, if any, to the full extent of any and all of those parties released herein, commensurate with the responsibility under the laws of indemnity, comparative negligence and/or contribution.

## XXIV.

In the further alternative, and only in the event plaintiffs should effect recovery herein against this defendant company, plaintiffs' claims against it should be barred or reduced in proportion to the degree or percentage of negligence or fault attributable to plaintiffs' decedent and any third person.

## XXV.

Further, alternatively, defendant avers that plaintiffs' decedent's lung injuries, if any, were caused by substances other than asbestos.

## XXVI.

This defendant further adopts all affirmative defenses, if any, not specifically set out in this answer but asserted by any other defendant in this case.

## XXVII.

Further answering, and in the alternative, defendant affirmatively asserts that the plaintiffs are not entitled to damages as there is no evidence that plaintiffs' decedent's injuries were in any way caused by any alleged exposure to asbestos products allegedly used by Dixie, during the decedent's course of employment, or at any time.

## XXVIII.

Further answering, and in the alternative, defendant affirmatively asserts that the plaintiffs are not entitled to damages as there is no evidence that if plaintiffs' decedent was exposed to asbestos products allegedly used by Dixie, which is denied, that the exposure to same was of a sufficient amount to be considered a substantial exposure such to cause harm to plaintiffs' decedent.

## XXIX.

Dixie requests a trial by jury on all issues.

WHEREFORE, defendant, Dixie Machine, Welding & Metal Works, Inc., prays that after due proceedings are had, there be judgment herein in favor of Dixie Machine, Welding & Metal Works, Inc., dismissing plaintiffs' claims against it, with prejudice, and for such further relief which Dixie may be entitled.

Respectfully submitted,

_Patricia C. Penton_

GARY A. LEE (#08265)
RICHARD M. PERLES (#01534)
A. ANN CATES (#24769)
PATRICIA C. PENTON (#1120)
LEE, FUTRELL & PERLES L.L.P.
Suite 4120, 201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 569-1725
Facsimile: (504) 569-1726
**ATTORNEYS FOR DIXIE MACHINE,
WELDING & METAL WORKS, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed, or by telefax, or

by hand delivery, this 11th day of January, 2008.

Patricia Parker

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2007-13834                                                     DIVISION "I"

JOANNIE L. JEFFERSON, ET AL

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____     _____
                                                                DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF EXCEPTIONS
## OF DIXIE MACHINE WELDING & METAL WORKS, INC.

**MAY IT PLEASE THE COURT:**

Dixie Machine Welding & Metal Works, Inc. (hereinafter sometimes referred to as "defendant" or "Dixie") sought to be made a defendant herein, submits the following memorandum in support of the exceptions filed in response to plaintiffs' petition. Grounds for each exception are stated separately below.

### EXCEPTION OF LIS PENDENS

Defendant has filed an exception of lis pendens as a precautionary measure to reserve that exception should it appear that any plaintiff referred to above has filed a prior lawsuit against this defendant arising from the same alleged injury. If plaintiffs' counsel represents during the hearing of these exceptions that no prior lawsuit was filed by or on behalf of any of the above listed plaintiffs arising from the same alleged injury, defendant does not oppose the court's denial of the exception of lis pendens, subject to defendant's right to re-urge this exception if contrary information is uncovered during discovery.

### EXCEPTION OF VAGUENESS /MOTION TO STRIKE

**1. Law**

Louisiana Code of Civil Procedure Article 891 requires that petitions "contain a short, clear and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation. . . ."

A defendant must be vigilant with respect to vague allegations, because a defendant may not be allowed to object to the admissibility of evidence at trial on grounds of vagueness or open-ended allegations in the pleadings, where he has not taken steps to strike such pleadings prior to trial. *Snoddy v. City of Marksville*, 702, So. 2d 890 (La. App. 3 Cir. 1997); *Foster & Glassell, Corp. v. Ackel*, 166 So. 885 (La. App. 2 Cir., 1936).

Further, it is clear that open-ended allegations are not permissible and can be addressed with a motion to strike. As stated by the court in *Snoddy v. City of Marksville*, 702 So. 2d at 899:

> ". . . Open-ended allegations should be met with either an exception of vagueness or a motion to strike. By filing such, petitioner is placed on notice that she should specifically plead negligence and damages and that she cannot rely on general, open-ended allegations. Just as open-allegations do not fairly allow a defendant to form a defense, failure to object to them places the petitioner in the position that she may feel entitled to offer proof of 'any and all negligence' as well as 'any and all damages' at the trial on the merits. Either situation allows the unwary to fall into a trap."

In *Snoddy*, the court held that open-ended allegations such as "any and all other acts of negligence and strict liability which will be shown at the time of trial," and "any and all other damages as shown at trial," should be struck from the petition, and such allegations can even be struck on the trial court's own motion.

## 2. The Open-ended Allegations

Plaintiffs' Petition for Damages contains the following open-ended allegations which must be struck:

> Paragraph 30(v) "By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial."

The above constitutes impermissible open-ended allegation which must be struck from plaintiffs' Petition for Damages in order to protect defendant's rights, and to prevent any dispute at trial that plaintiffs can introduce unanticipated evidence of different toxic substances, additional diseases, additional acts of negligence or fault or additional damages.

Respectfully submitted,

_Patricia C Penton_

GARY A. LEE (#08265)
RICHARD M. PERLES (#01534)
A. ANN CATES (#24769)
PATRICIA C. PENTON (#1120)
LEE, FUTRELL & PERLES L.L.P.
Suite 4120, 201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 569-1725
Facsimile: (504) 569-1726
**ATTORNEYS FOR DIXIE MACHINE
WELDING & METAL WORKS, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been served on all counsel of record

by placing same in the United States Mail, postage prepaid and properly addressed, or by telefax, or

by hand delivery, this 11th day of January, 2008.

_Patricia C Penton_

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2007-13834                                                    DIVISION "I"

JOANNIE L. JEFFERSON, ET AL

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____        _____
                                                      DEPUTY CLERK

**ORDER**

Considering the foregoing,

    IT IS HEREBY ORDERED that the above listed plaintiffs show cause on the 1st day of February

2008 at _9_ **a.m.** why Dixie Machine, Welding & Metal Works, Inc.'s exceptions should not be

granted.

    New Orleans, Louisiana, this _11th_ day of _January_, 2008.

_____
Sharon Carter Sheridan, Minute Clerk
~~JUDGE~~ "I"
BY ORDER OF THE COURT

Respectfully submitted,

_Patricia C. Penton_
GARY A. LEE (#08265)
RICHARD M. PERLES (#01534)
PATRICIA C. PENTON (#1120)
A. ANN CATES (#24769)
LEE, FUTRELL & PERLES L.L.P.
Suite 4120, 201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 569-1725
Facsimile: (504) 569-1726
ATTORNEYS FOR DIXIE MACHINE,
WELDING & METAL WORKS, INC.

JAN 1 4 2008

ENTERED ON MINUTES

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

Page 12 of 13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed, or by telefax, or by hand delivery, this 11th day of January, 2008.

*[signature]*

**STATE OF LOUISIANA**

NO. 07-13834                                     DIVISION " I " (14)

**JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN J. JEFFERSON, THOMAS H. JEFFERSON, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS**

**versus**

**AMERICAN SUGAR REFINING, INC., ET AL**

Filed:_____          _____

                                        **Deputy Clerk**

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes defendant, American Sugar Refining, Inc. f/k/a TASR Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery (hereinafter "Tate & Lyle"), to respond to the Petition for Damages as follows:

I.

Tate & Lyle reserves the right to adopt any and all Exceptions filed by any and all defendants herein.

AND NOW, responding to the individual paragraphs of the plaintiffs' Petition, Tate & Lyle responds as follows:

### ANSWER TO ORIGINAL PETITION FOR DAMAGES

I.

The allegations contained in Paragraph 1 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 pertain to both law and fact. To the extent the allegations pertain to law, no response is required by this defendant. Insofar as an answer is required or the allegations pertain to fact, Tate & Lyle denies the same for lack of knowledge or sufficient

information to justify a belief therein.

## III.

The allegations contained in Paragraph 3 are denied to the extent that they are construed to apply to Tate & Lyle, except that this company admits it is a foreign corporation authorized to do business in the State of Louisiana. To the extent the allegations contained in Paragraph 3 pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## IV.

The allegations contained in Paragraph 4 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## V.

The allegations contained in Paragraph 5 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## VI.

The allegations contained in Paragraph 6 are denied for lack of knowledge or sufficient information to justify a belief therein.

## VII.

The allegations contained in Paragraph 7 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## VIII.

The allegations contained in Paragraph 8 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## IX.

The allegations contained in Paragraph 9 pertain to both law and fact. To the extent the allegations pertain to law, no response is required by this defendant. Insofar as an answer is required or the allegations pertain to fact, Tate & Lyle denies the same for lack of knowledge or sufficient

information to justify a belief therein.

## X.

The allegations contained in Paragraph 10 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XI.

The allegations contained in Paragraph 11 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XII.

The allegations contained in Paragraph 12 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XIII.

The allegations contained in Paragraph 13 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XIV.

The allegations contained in Paragraph 14 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XV.

The allegations contained in Paragraph 15 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XVI.

The allegations contained in Paragraph 16 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

The allegations contained in Paragraph 17 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XVIII.

The allegations contained in Paragraph 18 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XIX.

The allegations contained in Paragraph 19, including subparagraphs (a) through (h), are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XX.

The allegations contained in Paragraph 20 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXI.

The allegations contained in Paragraph 21 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXII.

The allegations contained in Paragraph 22 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXIII.

The allegations contained in Paragraph 23 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraph 24 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

XXV.

The allegations contained in Paragraph 25 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

XXVI.

The allegations contained in Paragraph 26 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

XXVII.

The allegations contained in Paragraph 27 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

XXVIII.

The allegations contained in Paragraph 28 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

XXIX.

The allegations contained in Paragraph 29 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to

apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXX.

The allegations contained in Paragraph 30, including subparagraphs (a) through (v), do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXI.

The allegations contained in Paragraph 31 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXII.

The allegations contained in Paragraph 32 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXIII.

The allegations contained in Paragraph 33 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXIV.

The allegations contained in Paragraph 34 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to

apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXV.

The allegations contained in Paragraph 35 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXVI.

The allegations contained in Paragraph 36 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXVII.

The allegations contained in Paragraph 37 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXVIII.

The allegations contained in Paragraph 38 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXIX.

The allegations contained in Paragraph 39 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XL.

The allegations contained in Paragraph 40, including subparagraphs (a) through (j), are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLI.

The allegations contained in Paragraph 41 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XVII.

The allegations contained in Paragraph 42 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLIII.

The allegations contained in Paragraph 43 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLIV.

The allegations contained in Paragraph 44, including subparagraphs (1) through (h), are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLV.

The allegations contained in Paragraph 45 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLVI.

The allegations contained in Paragraph 46 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLVII.

The allegations contained in Paragraph 47 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

The allegations contained in Paragraph 48, wherein the plaintiffs incorporate by reference all prior allegations of the original Petition for Damages, are responded to consistent with the above. Tate & Lyle specifically incorporates by reference its Answer to the Petition for Damages as if copied herein *verbatim.*

## XLIX.

The allegations contained in Paragraph 49 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## L.

The allegations contained in Paragraph 50 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## LI.

The allegations contained in Paragraph 51, including subparagraphs (a) through (i), are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## **AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS**

**AND NOW**, Tate & Lyle further pleads the following affirmative defenses and asserts the following reservation of rights:

## I.

Plaintiffs do not state a cause of action and/or right of action against Tate & Lyle.

## II.

Tate & Lyle expressly denies any and all allegations of negligence, fault, strict liability, or other basis of liability against Tate & Lyle. Tate & Lyle specifically denies that it was guilty of wrongdoing with respect to plaintiff's alleged work at a Tate & Lyle facility or with regard to safety precautions taken on plaintiffs' behalf during their work at a Tate & Lyle facility.

## III.

The plaintiffs' demands are barred by the passage of time and are prescribed.

The plaintiffs' demands are barred by their failure to exercise their rights, if any, in a timely fashion, causing the loss of evidence crucial to the defense of the demands against Tate & Lyle and otherwise causing extreme and unfair prejudice to Tate & Lyle. The claims against Tate & Lyle thus violate the due process clause of the United States Constitution and the Louisiana Constitution.

V.

The injuries allegedly sustained by plaintiffs occurred as a result of pre-existing medical conditions, causes, or injuries which are completely unrelated to Tate & Lyle, and the existence of these pre-existing or other medical conditions, causes, or injuries are a bar to and/or mitigating factor to any recovery sought herein.

VI.

The plaintiffs are barred from prosecuting this action because of their knowledge of, assumption of the risks, and consent regarding the dangers associated with employment.

VII.

Tate & Lyle avers that the alleged injuries complained of, if any, were caused by the sole negligence of plaintiffs and recovery is thus barred. Alternatively, Tate & Lyle avers that plaintiffs' alleged injuries were caused by the comparative negligence and/or fault of plaintiffs. Such negligence includes, but is not limited to, the failure to properly utilize and care for protective gear, apparel, and equipment to protect safety; failure to follow instructions and take proper precautions against the inhalation of the substances alleged to be harmful; failing to exercise due care under the circumstances; and any and all other negligent or wrongful acts or omissions which may be discovered or proved at the trial of this matter.

VIII.

In the alternative, Tate & Lyle avers that if the alleged injuries complained of by plaintiffs, if any, are found to have been caused by acts or omissions other than those solely of plaintiffs, then plaintiffs were a contributing cause of the injuries, thus, either barring or diminishing entitlement to recovery.

IX.

Tate & Lyle avers that Tate & Lyle did not have a duty to warn of potential dangers, which the law imposes upon manufacturers and distributors. Nevertheless, should the Court find such a

duty, Tate & Lyle asserts that such a warning was provided by Tate & Lyle.

X.

Tate & Lyle avers that the work conditions at a Tate & Lyle Facility did not cause the alleged injuries. The alleged injuries, if any, were caused by acts or omissions or conditions which are the responsibility of persons other than Tate & Lyle, and for whom Tate & Lyle had no legal responsibility or control.

XI.

Tate & Lyle avers that the alleged injuries and damages were caused by the superseding and intervening acts and/or negligence and/or strict liability of other parties over whom Tate & Lyle had no control and/or for whose actions Tate & Lyle is not liable.

XII.

The plaintiffs' demands are barred by their failure to mitigate, minimize, or abate their damages, if any.

XIII.

Tate & Lyle avers that the Louisiana Workers' Compensation Law provides the exclusive remedy against Tate & Lyle for any injury allegedly sustained in the course and scope of plaintiffs' alleged work at a Tate & Lyle facility.

XIV.

Any and all claims for punitive damages are barred by the Eighth and Fourteenth Amendment to the United States Constitution and are proscribed by Louisiana law.

XV.

Tate & Lyle avers that at all times relevant, Tate & Lyle complied with applicable laws, regulations and standards.

XVI.

Tate & Lyle avers that the injuries allegedly sustained by plaintiffs, if any, were caused by substances other than asbestos, including but not limited to, cigarette smoke, which was voluntarily inhaled, and are not connected with the alleged work at a Tate & Lyle facility.

XVII.

If the plaintiffs have heretofore settled or should hereafter settle for any of their respective alleged injuries and damages with any party, Tate & Lyle is entitled to a credit or setoff for any such

-11-

settlement(s).

## XVIII.

The alleged injuries, if any, to plaintiffs were caused by products manufactured and/or distributed by other parties.

## XIX.

Tate & Lyle has no legal liability because the alleged incidents in question were brought about or caused by transitory conditions arising in the course of the plaintiffs' work; the plaintiffs and/or other parties used their own manner, method, and means of doing the work over which Tate & Lyle had no control and owed no duty.

## XX.

Tate & Lyle avers that the plaintiffs were employed by knowledgeable and sophisticated parties, and any duty Tate & Lyle may have had to warn, which duty is specifically denied, was discharged by the issuance of appropriate warnings to plaintiffs' individual employers and such employers' intervening duty to give plaintiffs any and all required warnings.

## XXI.

Any and all claims for loss of consortium are barred to the extent such claims accrued prior to the effective date of the amendment authorizing such recovery, *i.e.,* September 10, 1982.

## XXII.

To the extent that contributory negligence applies to this matter, Tate & Lyle asserts its right to obtain a credit for settling defendants, consistent with virile share principles.

## XXIII.

Tate & Lyle hereby reserves its right to raise any and all other affirmative defenses that may be revealed as a result of discovery and further reserves the right to adopt the affirmative defenses raised by any and all other defendants, except such defenses that may make any allegations against Tate & Lyle.

**WHEREFORE**, Tate & Lyle prays that its Answer and Affirmative Defenses be deemed good and sufficient, and after due proceedings be had that there be judgment in its favor, and against

plaintiffs, dismissing all claims herein with prejudice, with all costs assessed to the plaintiffs. Tate & Lyle further prays for all other general and equitable relief as appropriate.

Respectfully submitted,

*Paul E. Harrison*
PAUL E. HARRISON (24447)
Law Offices of Paul E. Harrison, L.L.C.
532 Girod Street
Mandeville, Louisiana 70448
Telephone: (985) 727-7348
Facsimile: (985) 624-8145
Attorney for Tate & Lyle

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _8th_ day of January, 2008, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail/facsimile/ and/or e-mail, properly addressed and first class postage prepaid.

*Paul E. Harrison*
PAUL E. HARRISON

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

2008 JAN 29 P 4: 11

NO. 07-13834                                          DIVISION: " I" (14)

CIVIL

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN J.
JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED:_____                    _____
                                                  DEPUTY CLERK

### MOTION AND ORDER OF DISMISSAL
### WITHOUT PREJUDICE

**NOW INTO COURT** through undersigned counsel, come plaintiffs, Joannie L. Jefferson,

Adraine J. Georges, Derrie K. Jefferson, Ryan J. Jefferson, Thomas H. Jefferson, IV, Kevin L.

Jefferson, Brad A. Jefferson, and Lisa M. Williams, who move this Honorable Court to dismiss

defendant, SANK, Inc. (f/k/a Buck Kreihs Company, Inc.), **only**, **without** prejudice, for all claims

against it, with each party to bear its own costs.  Plaintiff specifically reserves his rights against all

other defendants, solidary obligors, and other persons and/or entities named or not named herein.

**IT IS ORDERED, ADJUDGED AND DECREED**, that all claims of plaintiffs, Joannie L.

Jefferson, Adraine J. Georges, Derrie K. Jefferson, Ryan J. Jefferson, Thomas H. Jefferson, IV,

Kevin L. Jefferson, Brad A. Jefferson, and Lisa M. Williams, against  SANK, Inc. (f/k/a Buck

Kreihs Company, Inc.), **only**, be and the same are hereby dismissed, without prejudice, with each

party to bear its own costs and, specifically reserving plaintiff's rights to prosecute claims and/or

actions against all other defendants, solidary obligors, and other persons or entities named or not

named.

New Orleans, Louisiana, this 31st day of January, 2008.

_____
                J U D G E

FEB 0 1 2008

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

SHERIFF'S COSTS PAID

DEPUTY CIVIL SHERIFF

VERIFIED
Arlene Mitchell   FEB 0 1 2008
Deputy Clerk

Respectfully submitted,

Jody Anderman (#18764)
LEBLANC & WADDELL, LLP
6955 Perkins Road, Suite 100
Baton Rouge, LA 70808
Telephone: 225-768-7222
Attorneys for Plaintiffs

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-13834          SECTION 14          DIVISION "I"

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL.

FILED: _____     _____
                                              DEPUTY CLERK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT
### TO THE ORIGINAL PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come petitioners, who file this, the

First Supplement and Amendment, and respectfully supplement and amend the Original Petition,

and all supplemental and amending petitions filed previously herein, as follows:

**I.**

For the purpose of amending Exhibit "B" to add Hartford Accident and Indemnity

Company (via the Louisiana Direct Action Statute as insurer for Lykes Bros. Steamship Co.,

Inc., and its executive officers), and CSR, Inc., as defendants herein.

**II.**

For the purpose of amending Exhibit "D" to add Hartford Accident and Indemnity

Company (via the Louisiana Direct Action Statute as insurer for Lykes Bros. Steamship Co.,

Inc., and its executive officers) as an employer and/executive officer defendant herein.

**III.**

For the purpose of amending Exhibit "E" to add Hartford Accident and Indemnity

Company (via the Louisiana Direct Action Statute as insurer for Lykes Bros. Steamship Co.,

Inc., and its executive officers), as a premise defendant herein.

**IV.**

For the purpose of amending to add a heading for Count Six (A) and paragraphs 47A and

47B after paragraph 47 of the Original Petition as follows:



## "INSURANCE ALLEGATIONS

"47A. Plaintiffs aver that Hartford Accident and Indemnity Company issued policies of comprehensive general liability insurance to Lykes Bros Steamship Co., Inc., and its executive officers, including but not limited to James Bernstein, Solon Turman, John Ohman, James Amos, Captain George Price, Captain Darnell and Captain Waring, that provided coverage for the damages caused to plaintiffs by Lykes Bros. Steamship Co., Inc., and its executive officers. As such, Hartford Accident and Indemnity Company is liable for the damages alleged in the Original Petition and any supplement against Lykes Bros Steamship Co., Inc., and its executive officers, individually, jointly, and in solido."

"47B. Plaintiffs aver that during Decedent Thomas Jefferson's employment with Lykes Bros. Steamship Co. Inc.. from 1965-1966 and 1969-1974, James Bernstein, and John Ohman were Port Engineers, Solon Turman and James Amos were the Presidents of Lykes Bros. Steamship Co., Inc. for the New Orleans office, and Captain George Price, Captain Darnell and Captain Waring were all safety officers for Lykes Bros. Steamship Co., Inc.. Each of these executive officers was responsible for protecting the safety of Lykes' employees, including Decedent, Thomas Jefferson. Pursuant to the Louisiana Direct Action Statute, La. R.S. 26:622, plaintiffs are entitled to proceed directly against defendant Hartford Accident and Indemnity Company for the negligence of its insureds, Lykes Bros. Steamship Co., Inc., and its aforementioned executive officers."

### V.

The Plaintiffs reiterate all other matters contained in the Original Petition for Damages, and all supplemental and amending petitions filed previously herein, including the prayers of those petitions as though set forth at length herein.

**WHEREFORE**, the petitioners pray that their Original Petition, and all supplemental and amending petitions filed previously herein, be supplemented and amended in the above

particulars and that, after due proceedings had, there be judgment herein in favor of Plaintiffs and against the defendants as originally prayed for herein.

Respectfully submitted,

**BARON & BUDD, PC**
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
Tel: (225) 927-5441
Fax: (225) 927-5449

*Jo Ann Lea*

J. Burton LeBlanc, IV (Bar Roll No. 20491)
Christopher C. Colley (Bar Roll No. 30322)
Roxanne McKenzie (Bar Roll No. 29316)
Jo Ann Lea (Bar Roll No. 28860)
Jason K. Placke (Bar Roll No.30019)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Supplement and Amendment to the Original Petition was this day served via United States Mail, postage pre-paid, via facsimile and/or via electronic mail upon all counsel of record.

Baton Rouge, Louisiana this 23rd day of November, 2009.

*Jo Ann Lea*

JO ANN LEA

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2007-13834                    SECTION 14                    DIVISION "I"

**JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS**

**VERSUS**

**AMERICAN SUGAR REFINING, INC., ET AL**

FILED: _____          _____
                                                    **DEPUTY CLERK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ORDER

Let the above and foregoing First Supplement and Amendment to the Original Petition

for Damages be filed as prayed for.

SO ORDERED this the _____ day of ___**DEC 0 1 2009**_____, 200___.

_____
JUDGE, ORLEANS CIVIL DISTRICT COURT

## CERTIFICATE OF SERVICE

I hereby certify that a signed copy of this Order to Plaintiffs' First Supplement and

Amendment to Original Petition and Order was this day served by facsimile upon all parties as

indicated on the service list attached hereto.

Baton Rouge, Louisiana this _____ day of _____, 200___.

_____

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

DEC 0 3 2009
ENTERED ON MINUTES

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and with an agent of service in the state of Louisiana, to wit: Cecily S. Salley, 832 East Boston St., #2, Covington, LA 70433

3. **Buck Kreihs Company, Inc.**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Mandeville, Louisiana and with an agent of service in the state of Louisiana, to-wit : Jacqueline Kreighs Tonguis, 1279 Clausel St., Mandeville, LA 70448

4. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5. **Crowley Marine Services, Inc.**
   f/k/a Delta Steamship Lines, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6. **Dixie Machine, Welding & Metal Works, Inc.**
   a foreign corporation, licensed to do and doing business in the State of Louisiana with their agent for service of process to wit: Vicki H. Kihnemann, 5801 Citrus Blvd., Harahan, Louisiana 70123

7. **Eagle, Inc.**
   (Formerly Eagle Asbestos & Packing Co., Inc.
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras Street - 30th Floor, New Orleans, LA 70163-3000

8. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Beaumont, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: James M. Davin, 1003 Wirt Rd., #306, Houston, TX 77055

9. **The McCarty Corporation**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the state of Louisiana, to-wit: Paul H. Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802

10. **Ports America Gulfport, Inc.**
f/k/a P & O Ports Gulfport, Inc.

f/k/a I.T.O Corporation
f/k/a Atlantic & Gulf Stevedores, Inc.
a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

11. **SSA Gulf Terminals, Inc.**
f/k/a Ryan-Walsh Stevedoring Company, Inc.
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

12. **Hartford Accident and Indemnity Company**
(as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
a foreign insurer licensed to do and doing business in the State of Louisiana and who may be served via the Louisiana Direct Action Statute (LA R.S. 22:655) through the Louisiana Secretary of State, 8549 United Plaza Boulevard, Baton Rouge, LA, 70809.

13. **CSR, LTD**
f/k/a Colonial Sugar Refining Company
A foreign corporation which may be served via the Louisiana Long Arm Statute at Level 2, 9 Help Street, Chatswood NSW 2067, Australia

**EMPLOYERS:**

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of Louisiana, with an agent for service in  the state of Louisiana, to-wit:  Corporate Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and with an agent of service in the state of Louisiana, to wit: Cecily S. Salley, 832 East Boston St., #2, Covington, LA  70433

3. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit:  C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4. **Crowley Marine Services, Inc.**
   f/k/a  Delta Steamship Lines, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit:  C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Beaumont, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: James M. Davin, 1003 Wirt Rd., #306, Houston, TX  77055

6. **Ports America Gulfport, Inc.**
   f/k/a P & O Ports Gulfport, Inc.

   f/k/a I.T.O Corporation
   f/k/a Atlantic & Gulf Stevedores, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit:  C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

7. **SSA Gulf Terminals, Inc.**
   f/k/a Ryan-Walsh Stevedoring Company, Inc.
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

8. **Hartford Accident and Indemnity Company**
   (as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
   a foreign insurer licensed to do and doing business in the State of Louisiana and who may be served via the Louisiana Direct Action Statute (LA R.S. 22:655) through the Louisiana Secretary of State, 8549 United Plaza Boulevard, Baton Rouge, LA, 70809.

## PREMISE DEFENDANTS:

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
   Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
   Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of
   Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate
   Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the laws of the
   state of Texas, with its principal place of business in Houston, Texas, and with an agent
   of service in the state of Louisiana, to wit: Cecily S. Salley, 832 East Boston St., #2,
   Covington, LA 70433

3. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and
   with an agent for service in the state of Louisiana, to-wit: C T Corporation
   System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4. **Crowley Marine Services, Inc.**
   f/k/a Delta Steamship Lines, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and
   with an agent for service in the state of Louisiana, to-wit: C T Corporation
   System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Texas, with its principal place of business in Beaumont,
   Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
   James M. Davin, 1003 Wirt Rd., #306, Houston, TX 77055

6. **Ports America Gulfport, Inc.**
   f/k/a P & O Ports Gulfport, Inc.
   f/k/a I.T.O Corporation
   f/k/a Atlantic & Gulf Stevedores, Inc.

   a Delaware Corporation authorized to do and doing business in Louisiana, and
   with an agent for service in the state of Louisiana, to-wit: C T Corporation
   System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

7. **SSA Gulf Terminals, Inc.**
   f/k/a Ryan-Walsh Stevedoring Company, Inc.
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Louisiana, with its principal place of business in New
   Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
   C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

8. **Hartford Accident and Indemnity Company**
   (as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
   a foreign insurer licensed to do and doing business in the State of Louisiana and
   who may be served via the Louisiana Direct Action Statute (LA R.S. 22:655)
   through the Louisiana Secretary of State, 8549 United Plaza Boulevard, Baton
   Rouge, LA, 70809.

**SERVICE LIST**

**PLEASE SERVE THE FOLLOWING DEFENDANTS
WITH A COPY OF PLAINTIFFS' ORIGINAL PETITION FOR
DAMAGES AND PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT:**

1.    **Hartford Accident and Indemnity Company**
(as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
via the Louisiana Direct Action Statute (LA R.S. 22:655)
Louisiana Secretary of State
8549 United Plaza Boulevard
Baton Rouge, LA 70809

2.    **James J. Flanagan Shipping Corporation**
Through its agent for service of process:
Henry Flanagan
4904 Warehouse Road
New Orlenas, LA 70115

3.    **James J. Flanagan Shipping Corporation**
(via the Louisiana Long Arm Statute)
Tom Flanagan, Director
490 Park Street, Suite 200
Beaumont, TX 77701

4.    **Crowley Marine Services**
Through its agent for service of process:
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802

5.    **CSR, LTD**
f/k/a Colonial Sugar Refining Company
Via the Louisiana Long Arm Statute
Level 2, 9 Help Street
Chatswood NSW 2067
Australia

**<u>DO NOT SERVE THE FOLLOWING DEFENDANTS:</u>**
**The following defendants were mailed a courtesy copy of this pleading and will be served
by this office pursuant to LA C.C.P. Article 1313 by facsimile after we have received a
conformed copy from the court:**

Susan B. Kohn
Simon, Peragine, Smith & Redfearn, LLP
Entergy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000
(504) 569-2030 (Phone)
(504) 569-2999 (Fax)
    Attorneys for MCCARTY CORPORATION, THE, EAGLE, INC.

Wilton E. Bland, III
Jacques P. DeGruy
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 4250
New Orleans, LA 70139
(504) 595-3000 (Phone)
(504) 522-2121 (Fax)
    Attorneys for PORTS AMERICA GULFPORT, INC.

Douglas M. Moragas
1999 Hickory Ave., Ste. 101
Harahan, LA 70123
(504) 738-8305 (Phone)
Attorneys for JAMES J. FLANAGAN SHIPPING CORPORATION

Paul E. Harrison
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA 70448
(985) 727-7348 (Phone)
(985) 624-8145 (Fax)
Attorneys for AMERICAN SUGAR REFINING, INC.

Gus A. Fritchie, III
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras St., Ste. 2700
New Orleans, LA 70130
(504) 310-2100 (Phone)
(504) 310-2101 (Fax)
Attorneys for BCI ACQUISITIONS, INC.

H. Philip Radecker, Jr.
Pugh, Accardo, Haas & Radecker, LLC
1100 Poydras St., Ste. 2000
New Orleans, LA 70163
(504) 585-3200 (Phone)
(504) 585-7688 (Fax)
Attorneys for BUCK KREIHS COMPANY, INC., N/K/A SANK, INC.

Mark J. Spansel
Roland M. Vandeweghe, Jr.
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Ste. 4500
New Orleans, LA 70139
(504) 581-3234 (Phone)
(504) 566-0210 (Fax)
Attorneys for COOPER T. SMITH STEVEDORING COMPANY

Patricia C. Penton
Steven E. Lacoste
Lee, Futrell & Perles, LLP
201 St. Charles Street, Ste. 4120
New Orleans, LA 70170
(504) 569-1725 (Phone)
(504) 569-1726 (Fax)
Attorneys for DIXIE MACHINE, WELDING & METAL WORKS, INC.

Richard P. Sulzer
Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd, Ste. 335
Covington, LA 70433
(985) 898-0608 (Phone)
(985) 898-0871 (Fax)
Attorneys for SSA GULF TERMINALS, INC.

John A. Bolles
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311 (Phone)
(504) 568-9130 (Fax)
Attorneys for CROWLEY MARINE SERVICES, INC.

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO.: 2007-13834                                                    SECTION 14

**JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS**

**VERSUS**

**AMERICAN SUGAR REFINING, INC., ET AL**

FILED: _____          _____
                                              **DEPUTY CLERK**

### SSA GULF, INC.'S EXCEPTIONS, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, SSA Gulf, Inc., which,

in response to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages,

adopts and incorporates herein by reference each of the exceptions, affirmative defenses and

responses previously asserted in connection with Plaintiffs' Original Petition for Damages.

### ANSWER

#### I - IV.

Paragraphs I - IV of Plaintiffs' First Supplement and Amendment to the Original Petition for

Damages do no pertain to this defendant and, thus, do not require a response. However, out of an

abundance of caution, and to the extent that an answer is deemed necessary, those allegations are

denied for lack of information sufficient to justify a belief therein.

#### V.

In response to Paragraph V of Plaintiffs' First Supplement and Amendment to the Original

Petition for Damages, in which Plaintiffs purport to reiterate all other matters contained in the

Original Petition for Damages and all Supplemental and Amending Petitions previously filed,

defendant, SSA Gulf, Inc. hereby adopts each of its exceptions, affirmative defenses and responses

previously asserted in response to Plaintiffs' Original Petition for Damages.

**WHEREFORE**, considering the foregoing, defendant, SSA Gulf, Inc., prays that its

Exceptions be maintained, and that this matter be dismissed as to SSA Gulf, Inc., or, in the



alternative, that after due proceedings are had, this matter be dismissed, with prejudice, and at

plaintiffs' sole cost.

Respectfully submitted:

**SULZER & WILLIAMS, LLC**

_[signature]_

RICHARD P. SULZER #21150
ROBERT E. WILLIAMS, IV, #19217
201 Holiday Boulevard, Suite 335
Covington, LA 70433
Telephone: (985) 898-0608
Facsimile: (985) 898-0871
Attorneys for SSA Gulf, Inc.

## CERTIFICATE OF SERVICE

By my signature hereinabove, I hereby certify that a true and correct copy of the above and

foregoing pleading was sent by fax and U.S. Mail, postage prepaid and properly addressed to counsel

for plaintiff this _8th_ day of _January_, 2010 and will be served upon

known defense counsel at their request.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

JOANNIE L. JEFFERSON, ET AL.     *     NO. 2007-13834

VERSUS      *     CIVIL DISTRICT COURT

AMERICAN SUGAR REVINING,      *     PARISH OF ORLEANS
INC., ET AL

     *     STATE OF LOUISIANA

     *

**********************************  *

FILED: _____

DEPUTY CLERK

## ANSWER AND DEFENSES OF
## HARTFORD ACCIDENT AND INDEMNITY COMPANY

Defendant Hartford Accident and Indemnity Company ("Hartford") respectfully submits

the following Answer and Defenses to the Petition for Damages and First Supplement and

Amendment to Original Petition for Damages filed on behalf of plaintiffs:

### ANSWER

1.

Hartford denies, for lack of information sufficient to justify a belief as to their truth,

Articles 1 – 51 of the Petition for Damages. None of the Articles of this Petition make any

allegations against Hartford, but Hartford denies any allegation of fault that may be implicit in

them.

2.

No allegations of fact are made against Hartford in Articles I, II, and III of the First

Supplement and Amendment to the Original Petition for Damages, but out of an abundance of

caution, Hartford denies these for lack of information sufficient to justify a belief as to their

truth.

3.

In response to Article IV of the First Supplement and Amendment to the Original Petition

for Damages, Hartford admits that it issued policies of insurance to Lykes Brothers Steamship

Company at certain times, but denies that these policies were in force during all times relevant to

this lawsuit. These policies are the best evidence of their terms, conditions, and limitations, all

of which are pled herein by reference. Hartford further denies, for lack of information sufficient

1

to justify a belief as to their truth, the allegations relating to the identity, responsibilities, or liability of plaintiffs' list of executive officers of Lykes Brothers Steamship Co. Finally, Hartford denies any liability alleged in Article IV.

4.

Hartford further denies, for lack of information sufficient to justify a belief as to their truth, the allegations relating to the identity, responsibilities, or liability of plaintiffs' list of executive officers of Lykes Brothers Steamship Co.

5.

Hartford reiterates its denial of any liability alleged by plaintiffs in the Original or Supplemental Petitions.

## DEFENSES

### FIRST DEFENSE

Hartford's obligations, if any, are defined by the terms, limitations, definitions, conditions, and exclusions of the Hartford policies at issue, including without limitation, conditions precedent, per occurrence and aggregate limits, deductibles, self-insured retentions, policy periods, requirements of exhaustion of other insurance, and notice requirements.

### SECOND DEFENSE

Hartford's obligations, if any, for defense or indemnity, or to contribute to the payment of defense or indemnity costs are limited by the terms, conditions, and exclusions of the Hartford policies.

### THIRD DEFENSE

Hartford's obligations, if any, are confined to the limits of liability stated in the Hartford policies, including without limitation per occurrence and aggregate limits.

### FOURTH DEFENSE

Coverage is barred to the extent the liability arising out of the underlying claims did not arise from an "accident" or "occurrence" as those terms are used in the Hartford policies.

### FIFTH DEFENSE

Coverage is barred to the extent that the underlying claims do not involve "bodily injury" or "property damage" as those terms are used in the Hartford policies.

## SIXTH DEFENSE

Hartford's policies provide coverage only for fortuities to the extent that the acts, conditions, events and damages which are alleged in the Petitions or which form the basis of the claims against Hartford were not fortuitous, Hartford has no obligation to defend or indemnify, or to contribute to the payment of the defense or indemnity costs associated with those claims.

## SEVENTH DEFENSE

Coverage may be barred by the doctrines of known risk, known loss, and non-fortuity.

## EIGHTH DEFENSE

Coverage is barred, in whole or in part, to the extent that Lykes negligently or intentionally failed to disclose, concealed, or misrepresented facts that were material to the risks at the time of the negotiations, underwriting, and issuance of the Hartford policy or policies.

## NINTH DEFENSE

To the extent that defense or indemnification is sought for liability arising out of Lykes's actions or conduct and express disregard of its legal obligations under state, federal, or local laws and regulations, Hartford has no obligation to defend or indemnify costs associated with the underlying claims.

## TENTH DEFENSE

To the extent that the claims seek to require Hartford, as the alleged insurer of Lykes, to pay sums because of breach of contract, nuisance, unfair trade practices, misrepresentation, violation of ordinances or regulations, or any other breach of duty or violation of law for which the claimant does not seek damages because of "bodily injury" or "property damage," such sums are not within the coverage of the Hartford policy or polices.

## ELEVENTH DEFENSE

Coverage may be barred to the extent plaintiff's claims relate to losses arising from intentional conduct on the part of Lykes.

## TWELFTH DEFENSE

The Hartford policy or policies do not provide coverage for any person or entity to the extent that person or entity is not an insured under the terms of the policy or policies.

## THIRTEENTH DEFENSE

The Hartford policy or policies do not provide coverage for any person or entity to the extent that person or entity is not an insured under the terms of the policy or policies but claims to have succeeded to or acquired rights in the Hartford policy or policies.

## FOURTEENTH DEFENSE

Coverage is or may be barred by various exclusions contained in the Hartford policies, including without limitation any pollution or asbestos exclusions.

## FIFTEENTH DEFENSE

To the extent that Lykes has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Hartford must be reduced by the amount attributable to that failure.

## SIXTEENTH DEFENSE

Plaintiff bears the burden of proving the existence in terms of all policies under which he seeks coverage by clear and convincing evidence. To the extent that he fails to prove the existence and terms of any policy by such clear and convincing evidence, Hartford has no coverage obligation under that alleged policy.

## SEVENTEENTH DEFENSE

To the extent that any "bodily injury" or "property damage" alleged in the underlying claims occurred prior to the inception date or after the expiration date of the Hartford policy or policies, the policies provide no coverage for the underlying claims.

## EIGHTEENTH DEFENSE

Hartford's coverage obligations, if any, are limited to an appropriate pro-rata share based upon the length of time that bodily injury or property damage occurred during Hartford's coverage, in relation to the total period of time during which such bodily injury or property damage occurred.

## NINETEENTH DEFENSE

In the event Hartford is deemed liable to plaintiff, then Hartford may be entitled to contribution, indemnification, apportionment, or other relief from all other insured defendants and from any other entities, that may be subject to joinder in this action for liabilities and duties

arising out of policies issued to Lykes, and any liability or duty Hartford may owe should be limited or reduced by such contribution, indemnification, apportionment, or other relief.

## TWENTIETH DEFENSE

The Hartford policy or policies do not provide coverage in the place of other insurance to the extent that other insurance is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of the underlying insurer or the action or inaction of others.

## TWENTY-FIRST DEFENSE

Coverage under the Hartford policy or policies is subject to the limitations on attachment, limits of liability, the per occurrence and aggregate limits, and all other applicable limits of liability contained in the policies.

## TWENTY-SECOND DEFENSE

The Hartford policy or policies provide no coverage for any obligation for which the insured or any carrier as its insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law.

## TWENTY-THIRD DEFENSE

Hartford asserts all applicable defenses asserted by any of the other defendants in this action.

## TWENTY-FOURTH DEFENSE

Hartford reserves the right to assert additional defenses upon further discovery of plaintiff's claims, upon discovery of the provisions, terms, conditions, and exclusions of any Hartford policy at issue, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

## TWENTY-FIFTH DEFENSE

Hartford avers that decedent was aware of all facts, circumstances, and conditions existing, and consented to, permitted and acquiesced and/or voluntarily assumed the risk of his job.

## TWENTY-SIXTH DEFENSE

Hartford avers that the injuries allegedly sustained by plaintiff, which are denied, occurred as a result of pre-existing medical conditions, causes of which are completely unrelated

to the incidents as alleged by plaintiff in his petition, and the existence of these pre-existing medical conditions, causes or injuries, bar and/or mitigate recovery of plaintiff.

## TWENTY-SEVENTH DEFENSE

Hartford avers that plaintiff's claims are barred by the exclusivity provisions of the Louisiana Workers' Compensation Act or the Longshore and Harbor Workers' Compensation Act.

## TWENTY-EIGHTH DEFENSE

Plaintiff can not bring this lawsuit because the claims asserted in it have been brought in another action in this or another jurisdiction.

## TWENTY-NINTH DEFENSE

The claims asserted against Hartford have prescribed.

## THIRTIETH DEFENSE

Plaintiff has failed to state a cause of action against Hartford, or has no legal right to assert such a cause of action.

## JURY DEMAND

Hartford hereby demands a trial by jury as to all issues.

Hartford therefore prays for judgment dismissing plaintiff's claims against Hartford with prejudice, awarding Hartford costs and attorney's fees, and for any other applicable relief.

Respectfully submitted,

JOHN K. NIESET – BAR #25196
CHRISTY L. MCMANNEN – BAR #31258
CHRISTOVICH & KEARNEY, L.L.P.
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Attorneys for Hartford Accident and Indemnity
Company

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

## CERTIFICATE

This is to certify that a copy of the above and foregoing has been served upon counsel of record by depositing same in the United States Mail, postage pre-paid, this 29 day of March, 2010, at New Orleans, Louisiana.

_____

**JOHN K. NIESET – BAR #25196**

JOANNIE L. JEFFERS, ET AL.      *    NO. 2007-13834

VERSUS                          *    CIVIL DISTRICT COURT

AMERICAN SUGAR REVINING,        *    PARISH OF ORLEANS
INC., ET AL                     *
                                *    STATE OF LOUISIANA
                                *
                                *
                                *
*********************************    *

FILED: _____    _____
                                        DEPUTY CLERK

## REQUEST FOR NOTICE

In accordance with La. C.C.P. Art. 1572, defendant Hartford Accident and

Indemnity Company requests that the Court give written notice by certified mail at least

ten (10) days in advance of the date fixed for the trial or hearing of this case, whether on

exceptions, motions, rules or the merits.

Defendant requests immediate notice of all orders or judgments, whether

interlocutory or final, made or rendered in this case upon the rendition thereof as

provided by La. C.C.P. Arts. 1913 and 1914, including Notice of Judgment in the event

this case is taken under advisement or if the Judgment is not signed at the conclusion of

the trial.

Notice is to be mailed to or served on the above named parties through

undersigned counsel.

Respectfully submitted,


JOHN K. NIESET – BAR #25196
CHRISTOVICH & KEARNEY, L.L.P.
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Attorneys for Hartford Accident and
Indemnity Company


## C E R T I F I C A T E

This is to certify that a copy of the above and foregoing has been served upon

counsel of record by depositing same in the United States Mail, postage pre-paid, this

29 day of March, 2010, at New Orleans, Louisiana.


JOHN K. NIESET – BAR #25196

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2007 -- 13834       20                                    SECTION:    14 -- I

JEFFERSON, JOANNIE L.     E TAL VERSUS AMERICAN SUGAR REFINING, INC.     ET AL

## C I T A T I O N

TO:  INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA LIMITED
THROUGH:  THE LOUISIANA LONG ARM STATUTE, LA. R.S. 13:3204
19 FREDMAN DRIVE
SANDOWN, JOHANNESBURG
SOUTH AFRICA



YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THIRD PARTY
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (60) days after the
service hereof under penalty of default                                          (60) Sixty

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ADDITIONAL INFORMATION
Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA     October 22, 2010

Clerk's Office, Room 402, Civil Courts Building,                    DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                                    The Civil District Court
New Orleans, LA                                                      for the Parish of Orleans
                                                                     State of LA
                                                                     by
                                                                        Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|

On this _____ day of _____                     On this _____ day of _____
_____ served a copy of the w/i petition          _____ served a copy of the w/i petition
FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THI       FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THI

On                                                       On
  INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH              INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH
  AFRICA LIMITED                                           AFRICA LIMITED

  THROUGH: THE LOUISIANA LONG ARM STATUTE, LA. R.S.        THROUGH: THE LOUISIANA LONG ARM STATUTE, LA. R.S.
  13:3204                                                  13:3204

                                                         by leaving same at the dwelling house, or usual place of
                                                         abode, in the hands of _____
_____                             a person of suitable age and discretion residing therein as
       Returned same day                                 a member of the domiciliary establishment, whose name
_____                             and other facts connected with this service I learned by
                     No.                                 interrogating  HIM / HER the said _____
Deputy Sheriff of _____                      INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH
Mileage: $_____                      AFRICA LIMITED

_____/ ENTERED /_____                   being absent from the domicile at time of said service.
   PAPER                      RETURN                                 Returned same day
                                                         _____
_____/_____/_____                                          No.
   SERIAL NO.    DEPUTY      PARISH                       Deputy Sheriff of _____

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO: 2007 -- 13834     20                           SECTION:     14 -- I

JEFFERSON, JOANNIE L.    E TAL VERSUS AMERICAN SUGAR REFINING, INC.    ET AL

# C I T A T I O N

TO: INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA LIMITED
    THROUGH: THE LOUISIANA LONG ARM STATUTE, LA. R.S. 13:3204
    19 FREDMAN DRIVE
    SANDOWN, JOHANNESBURG
    SOUTH AFRICA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THI *RD PARTY*
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (~~30~~) days after the
service hereof under penalty of default *(60) Sixty*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
*                     ADDITIONAL INFORMATION                   *
*  Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer   *
*  Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. *
*  If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you  *
*  may call 529 - 1000 for more information.                                   *
*  COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE               *

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA    October 22, 2010

Clerk's Office, Room 402, Civil Courts Building,        DALE N. ATKINS, Clerk of
421 Loyola Avenue                           The Civil District Court
New Orleans, LA                             for the Parish of Orleans
                                           State of LA
                                           by
                                             — Deputy Clerk

---

## SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THI | FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THI |
| On | On |
| INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA LIMITED | INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA LIMITED |
| THROUGH: THE LOUISIANA LONG ARM STATUTE, LA. R.S. 13:3204 | THROUGH: THE LOUISIANA LONG ARM STATUTE, LA. R.S. 13:3204 |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| Returned same day | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ |
| _____ No. | INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA LIMITED |
| Deputy Sheriff of _____ | |
| Mileage: $_____ | |
| _____ / ENTERED /_____ | being absent from the domicile at time of said service. |
| PAPER      RETURN | Returned same day |
| _____/_____/_____ | _____ No. |
| SERIAL NO.  DEPUTY  PARISH | Deputy Sheriff of _____ |

NO. 2007-13834

**JOANNIE L. JEFFERSON** *ET AL.*

**VERSUS**

**AMERICAN SUGAR REFINING, INC.** *ET AL.*

FILED: _____

　　　　　　　　　　　　　　　　　　　　　**DEPUTY CLERK**

## EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND AND THIRD-PARTY DEMAND OF DEFENDANT, COOPER/T. SMITH STEVEDORING COMPANY, INC., IN RESPONSE TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, Cooper/T. Smith Stevedoring Company, Inc. (hereinafter sometimes referred to as "Cooper/T. Smith"), which responds to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages filed on November 23, 2009 by plaintiffs, Joannie L. Jefferson, Adraine J. Georges, Derrie K. Jefferson, Ryan F. Jefferson, Thomas H. Jefferson IV, Kevin L. Jefferson, Brad A. Jefferson and Lisa M. Williams, as follows:

## EXCEPTIONS TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

Cooper/T. Smith excepts to plaintiffs' First Supplement and Amendment to the Original Petition for Damages by averring as follows:

1.

Plaintiffs have no right and/or cause of action against Cooper/T. Smith.

## ANSWER TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

AND NOW, for its answer to the plaintiffs' First Supplement and Amendment to the Original Petition for Damages, Cooper/T. Smith avers as follows:

2.

The allegations contained in the introduction of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

3.

The allegations contained in paragraph I of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph II of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in paragraph III of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph IV of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

7.

To the extent that plaintiffs, in paragraph V of their First Supplement and Amendment to the Original Petition for Damages, purport to "reiterate all other matters contained in the Original Petition for Damages, and all supplemental and amending petitions filed previously herein, including the prayers of those petitions (sic) as though set forth at length herein," defendant

reiterates, reasserts, reavers, realleges and incorporates and adopts by reference all of the allegations, responses, affirmative defenses and prayers contained in its "Exceptions, Answer, Affirmative Defenses and Jury Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., to Plaintiffs' Petition for Damages" that was filed on December 21, 2007 as if plead herein.

8.

The allegations contained in the prayer of plaintiffs' First Supplement and Amendment to the Original Petition for Damages are denied.

## AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

AND NOW, for its affirmative defenses to plaintiffs' First Supplement and Amendment to the Original Petition for Damages, Cooper/T. Smith avers as follows:

9.

Plaintiffs' claims against Cooper/T. Smith are barred by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

10.

Plaintiffs' claims against Cooper/T. Smith are barred by LSA-R.S. § 23:1021 *et seq.*, the Louisiana Workers' Compensation Act.

11.

There was no fault, neglect or other basis for liability or responsibility on the part of Cooper/T. Smith, with respect to the incident complained of.

12.

Inasmuch as plaintiffs' alleged loss of consortium claims against Cooper/T. Smith arose/accrued after 1982, but are based upon allegedly-significant exposures that occurred before 1982, plaintiffs have no cause of action for loss of consortium.

13.

Inasmuch as plaintiffs' alleged loss of care, maintenance, support, services, advice and counsel claims are merely components of and are encompassed within their alleged loss of consortium claims, plaintiffs have no cause of action for loss of love, affection, support, services, society or quality of life.

3

14.

In the alternative, Cooper/T. Smith avers that the damages alleged by plaintiffs, if any exist, which is specifically denied, were caused solely by the fault and negligence of Thomas Jefferson, Sr., *i.e.* Thomas Jefferson, Sr.'s assumption of the risk, contributory negligence and/or comparative fault, or by others for whom Cooper/T. Smith has no responsibility, which precludes and/or bars and/or diminishes plaintiffs' recovery herein.

15.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages as a result of the negligence of anyone for whom Cooper/T. Smith could or might be responsible, which is specifically denied, the damages of plaintiffs were also caused by and/or contributed to by and/or aggravated by plaintiffs' own negligence, i.e. plaintiffs' assumption of the risk, contributory negligence and/or comparative fault, and/or the negligence of others for whom Cooper/T. Smith is not responsible, and Cooper/T. Smith is entitled to have any award or recovery mitigated and reduced accordingly.

16.

Plaintiffs' fault constitutes a superseding cause, thus barring any recovery therein.

17.

Cooper/T. Smith pleads the affirmative defenses of prescription, estoppel, and the applicable statute of limitations.

18.

Plaintiffs suffer from pre-existing conditions and/or suffered a subsequent accident, which serves to bar or diminish any recovery herein.

19.

Cooper/T. Smith specifically reserves its right to further amend and amplify these answers and defenses as further discovery may warrant.

20.

Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

21.

Cooper/T. Smith specifically reserves its right to file third-party complaints, counterclaims and/or cross-claims such as the facts may disclose and/or warrant.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages and are entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases of any persons, companies or entities, whether a party or not, and whether said settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental petition herein.

23.

Any and all allegations not specifically admitted above are denied.

### JURY DEMAND

24.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein.

WHEREFORE, defendant, Cooper/T. Smith, prays that its Exceptions, Answer, Affirmative Defenses and Jury Demand filed in response to the original plaintiffs' First Supplement and Amendment to the Original Petition for Damages be deemed good and sufficient and that, after due proceedings be had, there be a judgment herein in favor of Cooper/T. Smith, dismissing the original plaintiffs' claims, with prejudice, at their sole cost, and for all relief as may be deemed equitable and just.

### THIRD-PARTY DEMAND

AND NOW, assuming the role of third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., for its Third-Party Demand, represents as follows:

25.

Made third-party defendants herein are:

A.  **Industrial Development Corporation of South Africa, Ltd.** (hereinafter "IDC"), a foreign corporation, that, upon information and belief, at all times pertinent, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New Orleans, conducted business in Louisiana and is subject to this Court's jurisdiction pursuant to La. R.S. §13:3201.

B. **South African Marine Corporation, Ltd.** (hereinafter "Safmarine"), a foreign corporation, that, upon information and belief, at all times pertinent, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New Orleans, conducted business in Louisiana and is subject to this Court's jurisdiction pursuant to La. R.S. §13:3201.

26.

Cooper/T. Smith has been named as a defendant in the main demand herein. Plaintiffs have alleged that Thomas Jefferson, Sr. was exposed to significant quantities of asbestos and/or asbestos-containing products while employed as a stevedore-laborer by various stevedoring companies in the Port of New Orleans, allegedly contracted mesothelioma as a result of such exposure and ultimately died as a result of such exposures. Plaintiffs have further alleged that Cooper/T. Smith was negligent in failing to provide a safe work environment for him and exposed him to asbestos and/or asbestos-containing products, all of which is more particularly set forth in the original plaintiffs' Original Petition for Damages and plaintiffs' First Supplement and Amendment to the Original Petition for Damages and all of which has been denied by Cooper/T. Smith. Plaintiffs in the main demand have also alleged that Cooper/T. Smith is liable under theories of strict liability.

27.

Cooper/T. Smith has denied the allegations asserted against it by plaintiffs in the main demand.

28.

Regardless of whether Cooper/T. Smith is responsible for any sum to the plaintiffs, the above-named third-party defendants are liable to plaintiffs for all or part of the damages allegedly sustained by plaintiffs under the facts alleged by plaintiffs in their original and/or supplemental and/or amending petitions for damages.

29.

In the event that Cooper/T. Smith is responsible for any sum to the plaintiffs, whether by judgment or compromise, then the above-named third-party defendants are liable to it for all or part of the amount owed, and Cooper/T. Smith is entitled to indemnity and/or contribution from the above-named third-party defendants.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Thomas Jefferson, Sr. was exposed to asbestos cargo that was transported on vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which Thomas Jefferson, Sr. worked.

31.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Thomas Jefferson, Sr. was exposed to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which Thomas Jefferson, Sr. worked.

32.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Thomas Jefferson, Sr. was exposed to asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Thomas Jefferson, Sr. was working aboard said vessels.

33.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Thomas Jefferson, Sr. was exposed to asbestos-containing materials as a result of insulation and/or repair work that was being conducted aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Thomas Jefferson, Sr. was working aboard said vessels.

34.

IDC and/or Safmarine failed to warn anyone of the dangers associated with said asbestos cargo and/or asbestos-containing materials.

35.

According to plaintiffs, as a result of said asbestos exposure, Thomas Jefferson, Sr. allegedly contracted an asbestos-related disease and allegedly died therefrom.

36.

The exposure of Thomas Jefferson, Sr. to asbestos and/or asbestos-containing cargo transported by IDC and/or Safmarine and/or to asbestos-containing materials found in the

component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and/or to asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and/or to asbestos-containing materials as a result of insulation and/or repair work that was being conducted aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly suffered by Thomas Jefferson, Sr. as a result, and the above-named third-party defendants are therefore liable unto plaintiffs pursuant to the same theories of liability asserted against Cooper/T. Smith and Thomas Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages and any and all of plaintiffs' supplemental and/or amending petitions, which theories of liability are specifically plead as if set forth herein *in extenso*.

37.

Further, and only in the event that Cooper/T. Smith is found liable for damages allegedly sustained by the original plaintiffs in the main demand, or in the event that Cooper/T. Smith pays any sum to the original plaintiffs in compromise of his claims against Cooper/T. Smith, all of which liability is specifically denied, Cooper/T. Smith is entitled to contribution and/or indemnity from the above-named third-party defendants, IDC and/or Safmarine, because Thomas Jefferson, Sr. was exposed to unreasonably dangerous asbestos cargo that was transported on vessels owned, operated, chartered and/or managed by IDC and/or Safmarine, because Thomas Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which Thomas Jefferson, Sr. worked, because Thomas Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Thomas Jefferson, Sr. was working aboard said vessels, because Thomas Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials as a result of insulation and/or repair work that was being conducted aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Thomas Jefferson, Sr. was working aboard said vessels, because IDC and/or Safmarine failed to warn anyone of the dangers associated with said asbestos cargo and/or asbestos-containing

8

materials, and because, as a result of said exposure, Thomas Jefferson, Sr. allegedly contracted an asbestos-related disease and died therefrom. The exposure of Thomas Jefferson, Sr. to asbestos and/or asbestos-containing cargo transported by IDC and/or Safmarine and/or to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly suffered by plaintiff as a result, and the above-named third-party defendants are therefore liable unto Cooper/T. Smith pursuant to the same theories of liability asserted against Cooper/T. Smith and Thomas Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages and any and all of plaintiffs' supplemental and/or amending petitions and Cooper/T. Smith's Third-Party Demand, which theories of liability are specifically plead as if set forth herein *in extenso*.

38.

Upon information and belief, IDC and/or Safmarine were at all times pertinent aware, or reasonably should have been aware, of the dangers and hazards associated with exposure to asbestos, asbestos fibers and/or asbestos-containing products. Despite such knowledge, IDC and/or Safmarine continued to transport asbestos cargo into the Port of New Orleans and/or continued to transport vessels with these asbestos-containing materials contained in their vessels' component parts and/or equipment and owned, operated, chartered and/or managed by IDC and/or Safmarine into the Port of New Orleans and/or continued to have insulation and/or repair work done to these vessels' asbestos-containing component parts and/or asbestos-containing equipment, allegedly causing Thomas Jefferson, Sr. to be exposed to said asbestos cargo and/or asbestos-containing materials, and failed to take any measures to protect the safety of Thomas Jefferson, Sr., failed to warn Thomas Jefferson, Sr. of the dangers of said cargo, failed to warn anyone of the dangers of said cargo and/or asbestos-containing materials, failed to label the asbestos cargo and/or asbestos-containing materials as hazardous and otherwise failed to take reasonable and necessary steps to protect the health and safety of longshoremen, including Thomas Jefferson, Sr., that were reasonably certain to come into contact with said cargo and/or asbestos-containing materials.

Further, and only in the event that Cooper/T. Smith is liable to the original plaintiffs for any sum, all of which liability is specifically denied, Cooper/T. Smith avers that it is entitled to contribution and/or indemnity from the above-named third-party defendants, IDC and Safmarine, as solidary obligors, because the exposure of Thomas Jefferson, Sr. to asbestos-containing cargo transported on vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and/or asbestos-containing materials found aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly contracted by Thomas Jefferson, Sr. Said third-party defendants are therefore liable unto the original plaintiffs and Cooper/T. Smith, in the event that Cooper/T. Smith is liable to the original plaintiffs for any sum, pursuant to the same theories of liability asserted against Cooper/T. Smith and Thomas Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages, which theories of liability are specifically plead as if set forth herein *in extenso*.

40.

At all times pertinent, IDC and/or Safmarine had care, custody, control and *garde* of the asbestos cargo and/or asbestos-containing materials found aboard the vessels owned, operated, chartered and/or managed by them, which was an unreasonably dangerous product, the unreasonably dangerous propensities of said product being well know by IDC and/or Safmarine, rendering them strictly liable unto the original plaintiffs and/or Cooper/T. Smith for damages caused by said unreasonably dangerous asbestos cargo and/or asbestos-containing materials in IDC's and/or Safmarine's care, custody, control and *garde*.

41.

Safmarine and/or IDC owned, operated, chartered and/or managed vessels that carried bagged asbestos into the Port of New Orleans during the time frame that Thomas Jefferson, Sr. worked as a longshoreman in the Port of New Orleans. Upon information and belief, those vessels include, but are not limited to, the SOUTH AFRICAN HUGUENOT, the SOUTH AFRICAN TRADER, the SOUTH AFRICAN ALPHEN, the SOUTH AFRICAN VENTURE, the SOUTH AFRICAN VICTORY, the SOUTH AFRICAN NEDERBURG, the SOUTH AFRICAN VANGUARD, the SOUTH AFRICAN MORGENSTER, the SOUTH AFRICAN

WELTEVREDEN and the SOUTH AFRICAN CONSTANTIA.

42.

Safmarine and/or IDC owned, operated, chartered and/or managed vessels that, at the time Thomas Jefferson, Sr. worked upon them, were composed of asbestos-containing component parts and equipment. Upon information and belief, those vessels include, but are not limited to, the VERGELEGEN (originally known as the WESTBROOK VICTORY), the MORGENSTER (originally known as the WESTERLY VISTORY), the CONSTANTIA (originally known as the NEW BERN VICTORY) and the SPARTUNBURG VICTORY.

43.

In addition to IDC's liability arising out of its status as the owner, operator, charterer and/or manager of vessels upon which Thomas Jefferson, Sr. worked while he was exposed to asbestos cargo and/or asbestos-containing materials, upon information and belief, IDC is the successor-in-interest to some or all of Safmarine's liability arising out of Thomas Jefferson, Sr.'s contraction of an asbestos-related disease as a result of his exposure to the asbestos cargo and/or asbestos-containing materials aboard the vessels owned, operated, chartered and/or managed by Safmarine. For this independent reason alone, IDC is liable for some or all of the liability otherwise attributable to Safmarine and arising out of Thomas Jefferson, Sr.'s contraction of an asbestos-related disease as a result of his exposure to the asbestos cargo and/or asbestos-containing materials aboard the vessels owned, operated, chartered and/or managed by Safmarine.

44.

In addition to IDC's liability arising out of its status as the owner, operator, charterer and/or manager of vessels upon which Thomas Jefferson, Sr. worked while he was exposed to asbestos cargo and/or asbestos-containing materials and/or IDC's liability as successor-in-interest to Safmarine, upon information and belief, at some or all pertinent times, Safmarine was operated as the "alter ego" and/or instrumentality of IDC and/or Safmarine was indistinguishable from IDC and/or Safmarine was an adjunct of IDC and/or IDC and Safmarine were operated as a single business enterprise, inasmuch as, among other things, (1) statutory formalities in the incorporation and/or operation of Safmarine were not observed, (2) Safmarine was undercapitalized and/or thinly-capitalized (3) there was common working control over both

11

IDC and Safmarine, (4) IDC and Safmarine had common directors and officers, (5) IDC and Safmarine had unified administrative control, (6) IDC caused the incorporation of Safmarine, (7) IDC's and Safmarine's funds and/or financial records were not kept separate and apart, (8) IDC owned sufficient stock of Safmarine such that IDC had actual working control of Safmarine and (9) IDC financed Safmarine. For this independent reason alone, IDC is liable for some or all of the liability otherwise attributable to Safmarine and arising out of Thomas Jefferson, Sr.'s contraction of an asbestos-related disease as a result of his exposure to the asbestos cargo and/or asbestos-containing materials aboard the vessels owned, operated, chartered and/or managed by Safmarine.

45.

Cooper/T. Smith further adopts and incorporates by reference thereto all of the allegations of plaintiffs' Original Petition for Damages and any and all supplemental and/or amending Petitions for Damages, as if set forth herein, against Industrial Development Corporation of South Africa Limited and South African Marine Corporation Limited.

**JURY DEMAND**

46.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein in its Third-Party Demand.

WHEREFORE, Cooper/T. Smith, in its capacity as third-party plaintiff, prays that third-party defendants, South African Marine Corporation Limited and Industrial Development Corporation of South Africa Limited, be served with a copy of this Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., and appear and answer within the delays allowed by law and that, after due proceedings are had, there be judgment in favor of plaintiffs and/or third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., and against third-party defendants, South African Marine Corporation Limited and Industrial Development Corporation of South Africa Limited, for all of plaintiffs' damages and/or for any amounts third-party plaintiff may be required to pay to plaintiffs and/or to any other parties, by way of judgment, compromise or otherwise. Cooper/T. Smith further prays for any and all other general and

equitable relief to which it is entitled.

Respectfully submitted:

**ADAMS AND REESE LLP**

_____
MARK J. SPANSEL (#12314)
EDWIN C. LAIZER (#17014)
ROLAND M. VANDENWEGHE, JR. (# 25283)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: 504-581-3234
Facsimile: 504-566-0210
*Attorneys for Defendant and Third-Party Plaintiff,*
*Cooper/T. Smith Stevedoring Company, Inc.*

**PLEASE ISSUE CITATION FOR THIS "EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND AND THIRD PARTY DEMAND OF DEFENDANT, COOPER/T. SMITH STEVEDORING COMPANY, INC., IN RESPONSE TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES," along with certified copies of all petitions and answers thereto in the record of this matter for service pursuant to The Louisiana Long-Arm Statute, La. R.S. §13:3204, on the following parties:**

**South African Marine Corporation Limited**
E-Berth
Duncan Road
Port of Capetown, Roggebaai
South Africa

**Industrial Development Corporation of South Africa Limited**
19 Fredman Drive
Sandown, Johannesburg
South Africa

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the foregoing Exceptions, Answer, Affirmative Defenses, Jury Demand and Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., in Response to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages has this date been served on all counsel of record in this proceeding by:

( )  Hand Delivery          ( )  Prepaid U. S. Mail

( )  Facsimile              (X)  Electronic Mail

New Orleans, Louisiana, this 22nd day of October, 2010.

_____
ROLAND M. VANDENWEGHE, JR.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-13834     SECTION 14     DIVISION "I"

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____     _____
                                                    DEPUTY CLERK

## PLAINTIFFS' THIRD SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come petitioners, who file this, the Third Supplement and Amendment, and respectfully supplement and amend the Original Petition, and all supplemental and amending petitions filed previously herein, as follows:

I.

For the purpose of supplementing the original petition by adding Exhibit "F" to add the following Jones Act defendants herein, as follows:

1. **South African Marine Corporation Limited**
Via the Louisiana Long Arm Statute:
E-Berth
Duncan Road
Port of Capetown, Roggebaai
South Africa

2. **Industrial Development Corporation of South Africa Limited**
Via the Louisiana Long Arm Statute:
19 Fredman Drive
Sandown, Johannesburg
South Africa

II.

For the purpose of amending paragraph 10 of the Original Petition to read as follows:

"10. "Each of the defendants listed in Exhibit "B" through Exhibit "F" contributed with Eagle, to Mr. Jefferson's exposure to asbestos at his work sites, including but not limited to, the exposure sites located on Exhibit "A." Each of these defendants is liable in solido, with Eagle to the Plaintiffs. Further, this action is within the jurisdiction of this court, because Orleans

Parish is the site of exposure. Thus, venue proper for these defendants is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73."

III.

For the purpose of amending to add a heading for Count Six (B) and paragraphs 47E through 47Q after paragraph 47D of the Original Petition as follows:

"**COUNT SIX (B)**
**JONES ACT ALLEGATIONS**

("Defendants" in this count means the Jones Act Defendants listed on Exhibit "F")

"47E. The Jones Act Defendants identified in Exhibit "F" annexed hereto, are foreign corporations that, upon information and belief, at all pertinent times, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New Orleans, conducted business in Louisiana, are liable unto the Plaintiffs for the claims asserted herein, and are subject to this Court's jurisdiction pursuant to La. R.S. 13:3201. This action is filed pursuant to the Jones Act in state court pursuant to 28 U.S.C.A. § 1445(a), which is applicable to Jones Act actions through incorporation by reference, 46 U.S.C.A. § 30104, and which provides that a civil action in state court may not be removed to any District Court of the United States.

"47F. During periods of time identified in Exhibit "A", Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos and asbestos-containing cargo while employed as a Jones Act seaman aboard vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants.

"47G. During periods of time identified in Exhibit "A", Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels.

"47H. During periods of time identified in Exhibit "A", Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials found in the equipment of the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels.

"47I.  During periods of time identified in Exhibit "A", Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials as a result of insulation and/or repair work that was conducted aboard the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels.

"47J.  During Plaintiffs' decedent's occupational exposure period, the Jones Act defendants and other named defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, vessels then operating on navigable waters of the United States, including but not limited to, the State of Louisiana.  Plaintiffs' decedent was exposed to asbestos, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

"47K.  An employer of a Jones Act seaman is under a duty to provide a safe place to work and to supply the seaman with proper tools and equipment.

"47L.  The Jones Act Defendants knew or should have known through, among other things, industry and medical studies, the existence of which were unknown to the Plaintiffs' decedent, of the health hazards inherent in the asbestos-containing products they were selling, transporting, supplying, installing, and using.  Instead of warning the Plaintiffs' decedent and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.

"47M.  Under 46 U.S.C. § 688, the Jones Act, the Jones Act Defendants are liable unto Plaintiffs for all damages allowed by applicable law, past present and future, in an amount that is just and reasonable in the premises, above the jurisdictional requirement for trial by jury, with interest thereon as allowed by law, for the following, to-wit:

"47N.  The injuries complained of above were caused by the negligence of the defendants listed in Exhibit "F" attached hereto, individually and acting through their agents, servants, employees, vessels and crew, in the following non-exclusive particulars:

    a)    Failure to provide Plaintiffs' decedent with a reasonably safe place to work;

    b)    Breach of a legally imposed duty of reasonable care;

c)   Failing to warn Plaintiffs' decedent of the health consequences associated with occupational exposure to asbestos;

d)   Failing to provide Plaintiffs' decedent with a properly ventilated work area;

e)   Failing to provide Plaintiffs' decedent with appropriate breathing protection;

f)   Creation and allowance of an unseaworthy condition aboard its vessels;

g)   Utilizing asbestos-containing products aboard its vessels, when it knew or should have known that such use caused adverse health consequences;

h)   Other acts of negligence to be proven at the trial of this cause;

"47O.  Upon information and belief, Industrial Development Corporation of South Africa Limited ("IDC") is the successor-in-interest to some or all of South African Marine Corporation Limited's ("Safmarine") liability arising out of the Plaintiffs' decedent's contraction of mesothelioma and death, and as such is liable for some or all of the liability otherwise attributable to Safmarine.

"47P.  Upon information and belief, Safmarine was operated as the alter ego and/or instrumentality of IDC, and/or Safmarine was indistinguishable from IDC, and/or Safmarine was an adjunct of IDC, and/or IDC and Safmarine were operated as a single business enterprise insasmuch as, among other things, statutory formalities in the incorporation and/or operation of Safmarine were not observed, Safmarine was undercapitalized and/or thinly capitalized, there was common working control over both companies, IDC and Safmarine had common directors and officers, IDC and Safmarine had unified administrative control, IDC caused the incorporation of Safmarine, IDC's and Safmarine's funds and/or financial records were not kept separate and apart, IDC owned sufficient stock of Safmarine such that IDC had actual working control of Safmarine, and IDC financed Safmarine.  As a result, IDC is liable for some or all of the liability otherwise attributable to Safmarine.

"47Q.  Count Six (B) is based upon commercial activity carried on by both IDC and Safmarine.  Plaintiffs seek monetary damages against both IDC and Safmarine for personal injury and death of Plaintiffs' Decedent, Thomas Jefferson, caused in part by the tortious acts and omissions of both IDC and Safmarine."

**IV.**

The Plaintiffs reiterate all other matters contained in the Original Petition for Damages, and all supplemental and amending petitions filed previously herein, including the prayers of those petitions as though set forth at length herein.

**WHEREFORE**, the petitioners pray that their Original Petition, and all supplemental and amending petitions filed previously herein, be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in favor of Plaintiffs and against the defendants as originally prayed for herein.

Respectfully submitted,

**BARON & BUDD, P.C.**
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
Tel: (225) 927-5441
Fax: (225) 927-5449

_____
J. Burton LeBlanc, IV (Bar Roll No. 20491)
Denyse Finn Clancy (Bar Roll No. 32968)
Christopher C. Colley (Bar Roll No. 30322)
Jo Ann Lea (Bar Roll No. 28860)
Jason K. Placke (Bar Roll No. 30019)
Lindsey L. Goldstein (Bar Roll No. 33154)
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Supplement and Amendment to the Original Petition was this day served via United States Mail, postage pre-paid, via facsimile and/or via electronic mail upon all counsel of record.

Baton Rouge, Louisiana this 23rd day of November, 2010.

_____
Jason K. Placke

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2007-14804          SECTION: 11          DIVISION "G"

ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELA J. NELSON,
SHARON J. GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON,
AND STEVEN JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased

VERSUS

AMERICAN SUGAR REFINING, INC, ET AL

FILED: _____          _____
                                          DEPUTY CLERK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ORDER

Let the above and foregoing Third Supplement and Amendment to the Original Petition

for Damages be filed as prayed for.

SO ORDERED this the _____ day of _____, 201____.

_____
JUDGE, ORLEANS CIVIL DISTRICT COURT

## CERTIFICATE OF SERVICE

I hereby certify that a signed copy of this Order to Plaintiffs' Third Supplement and

Amendment to Original Petition and Order was this day served by electronic mail and/or

facsimile upon all parties as indicated on the service list attached hereto.

Baton Rouge, Louisiana this _____ day of _____, 201____.

_____

EXHIBIT "F"

JONES ACT DEFENDANTS:

1. **South African Marine Corporation Limited**
   Via the Louisiana Long Arm Statute:
   E-Berth
   Duncan Road
   Port of Capetown, Roggebaai
   South Africa

2. **Industrial Development Corporation of South Africa Limited**
   Via the Louisiana Long Arm Statute:
   19 Fredman Drive
   Sandown, Johannesburg
   South Africa

## SERVICE LIST

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH A COPY OF PLAINTIFFS' ORIGINAL PETITION FOR DAMAGES, PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT AND PLAINTIFFS' SECOND SUPPLEMENT AND AMENDMENT:**

1.  **South African Marine Corporation Limited**
    Via the Louisiana Long Arm Statute:
    E-Berth
    Duncan Road
    Port of Capetown, Roggebaai
    South Africa

2.  **Industrial Development Corporation of South Africa Limited**
    Via the Louisiana Long Arm Statute:
    19 Fredman Drive
    Sandown, Johannesburg
    South Africa

3.  **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**
    (as insurer for Lykes Bros. Steamship Co., Inc. and its executive officers)
    via the Louisiana Direct Action Statute (LA R.S. 22:655)
    Louisiana Secretary of State
    8549 United Plaza Boulevard
    Baton Rouge, LA 70809

**DO NOT SERVE THE FOLLOWING DEFENDANTS:**
**The following defendants were mailed a courtesy copy of this pleading and will be served by this office pursuant to LA C.C.P. Article 1313 by facsimile and/or electronic mail after we have received a conformed copy from the court:**

Susan B. Kohn
Simon, Peragine, Smith & Redfearn, LLP
Entergy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000
(504) 569-2030 (Phone)
(504) 569-2999 (Fax)
    Attorneys for MCCARTY CORPORATION, THE, EAGLE, INC.

Wilton E. Bland, III
Jacques P. DeGruy
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 4250
New Orleans, LA 70139
(504) 595-3000 (Phone)
(504) 522-2121 (Fax)
    Attorneys for PORTS AMERICA GULFPORT, INC.

Douglas M. Moragas
1999 Hickory Ave., Ste. 101
Harahan, LA 70123
(504) 738-8305 (Phone)
Attorneys for JAMES J. FLANAGAN SHIPPING CORPORATION

Paul E. Harrison
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA 70448
(985) 727-7348 (Phone)
(985) 624-8145 (Fax)
Attorneys for AMERICAN SUGAR REFINING, INC.

Gus A. Fritchie, III
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras St., Ste. 2700
New Orleans, LA 70130
(504) 310-2100 (Phone)
(504) 310-2101 (Fax)
Attorneys for BCI ACQUISITIONS, INC.

H. Philip Radecker, Jr.
Pugh, Accardo, Haas & Radecker, LLC
1100 Poydras St, Ste. 2000
New Orleans, LA 70163
(504) 585-3200 (Phone)
(504) 585-7688 (Fax)
Attorneys for BUCK KREIHS COMPANY, INC., N/K/A SANK, INC.

Mark J. Spansel
Roland M. Vandeweghe, Jr.
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Ste. 4500
New Orleans, LA 70139
(504) 581-3234 (Phone)
(504) 566-0210 (Fax)
Attorneys for COOPER T. SMITH STEVEDORING COMPANY

Patricia C. Penton
Steven E. Lacoste
Lee, Futrell & Perles, LLP
201 St. Charles Street, Ste. 4120
New Orleans, LA 70170
(504) 569-1725 (Phone)
(504) 569-1726 (Fax)
Attorneys for DIXIE MACHINE, WELDING & METAL WORKS, INC.

Richard P. Sulzer
Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd. Ste. 335
Covington, LA 70433
(985) 898-0608 (Phone)
(985) 898-0871 (Fax)
Attorneys for SSA GULF TERMINALS, INC.

John A. Bolles
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311 (Phone)
(504) 568-9130 (Fax)
Attorneys for CROWLEY MARINE SERVICES, INC.

John K. Nieset
Christovich & Kearney, LLP
Pan American Life Building
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6075
(504) 561-5700 (Phone)
(504) 561-5743 (Fax)
Attorneys for HARTFORD ACCIDENT & INDEMNITY CO.

**BARON B BUDD, P.C.**

DALLAS | AUSTIN | BEVERLY HILLS | BATON ROUGE

9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
800.347-2392
tel 225.927.5441
fax 225.927.5449

Home Office:
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219-4281
800.222.2766
tel 214.521.3605
fax 214.520.1181

November 23, 2010

**VIA FAX TO (504) 592-9128
AND HAND-DELIVERY**

Clerk of Court
Orleans Civil District Court
402 Civil Courts Bldg., 421 Loyola Ave.
New Orleans, LA 70112

*Re:* **Joannie L. Jefferson, et al v. American Sugar Refining, Inc., et al
Case #2007-13834, Section 14, Division "I", Orleans Civil District Court**

Dear Clerk:

Attached for fax filing in the above-referenced matter please find Plaintiffs' Third Supplement and Amendment to the Original Petition for Damages.

I am forwarding the original and four (4) copies of the pleading via hand-delivery, along with a firm check to cover the cost of filing. Please return a file stamped copy to me with my runner. The remaining copies are for service upon the requested defendants.

Should you have any questions, please do not hesitate to contact me. I thank you ahead of time for your prompt attention and consideration to this matter.

Sincerely,

**BARON & BUDD, P.C.**

Troy J. Thibodeaux
Manager

/jjt
Enclosures
cc: All Counsel via electronic mail

CLERK OF CIVIL DISTRICT COURT
421 Loyola Avenue, Rm. 402
New Orleans, LA 70112



*Dale N. Atkins*
CLERK OF COURT

Telephone: (504) 592-910
Fax: (504) 592-912
Email: cdcclerk@orleanscdc.co

## FACSIMILE TRANSMISSION CONFIRMATION

TO: _John Plaüle_

FROM: HON. DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT

DATE: _11/23/10_ TIME: _11:31_ FAX #: _225-9925444_

DATE PLEADING FILED: _Nonmotre (no) 3 days convy_

DEPUTY CLERK: _Nonmotre (no) $147.00 $141.00 @ $141.00_

FAX FEE: $5.00 FILING FEES: $ _50.00_

EXTRA PAGES: $ _50.00_   [ TOTAL FEE DUE: $ _278.00_ ]

CASE TITLE: _Ronnie Jefferson Odeario Clough_

VERSUS

_Emerson Sugar Refinery en etal_

CASE NUMBER: _07-13834_   DIVISION: _24_

COMMENT: _Third Supplement + Amended_

IN ACCORDANCE WITH L.S.A.-R.S. 13:850, THE FOLLOWING MUST BE
RECEIVED WITHIN FIVE (5) DAYS EXCLUSIVE OF LEGAL HOLIDAYS FOR THE
FACSIMILE FILING TO HAVE THE FULL FORCE AND EFFECT:

1. THE ORIGINAL DOCUMENT MUST BE SIGNED.
2. ALL APPLICABLE FILING FEES MUST BE RECEIVED WITH THE ORIGINAL.
3. AN ADDITIONAL $5.00 FACSIMILE TRANSMISSION FEE MUST BE
   ENCLOSED FOR EACH DOCUMENT TRANSMITTED PLUS AN ADDITIONAL
   $2.50 PER PAGE FOR TRANSMISSIONS IN EXCESS OF TWO (2) PAGES.

IN FORMA PAUPERIS APPLICANTS, FEDERAL, STATE, AND LOCAL
AGENCIES ARE NOT EXEMPT

◐JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Third Party - Cooper/T. Smith Stevedoring Company, Inc

**DEFENDANTS**
Third Party - Industrial Development Corporation of South Africa, Ltd.

**(b)** County of Residence of First Listed Plaintiff   Orleans
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Adams & Reese, LLP, 4500 One Shell Square, New Orleans, LA 70139
(504) 581-3234

Attorneys (If Known)
Fowler Rodriguez Valdes-Fauli, 400 Poydras Street, 30th Floor, New
Orleans, LA 70130 (504) 523-2600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |   Med. Malpractice | ☐ 625 Drug Related Seizure |   28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |   Liability | ☐ 365 Personal Injury - |   of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|   & Enforcement of Judgment |   Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |   Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |   Liability |   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|   Student Loans | ☒ 340 Marine | **PERSONAL PROPERTY** |   Safety/Health | | ☐ 490 Cable/Sat TV |
|   (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |   Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) |   Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |   Property Damage |   Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |   Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |   12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |   Injury | |   & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation |   or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |   Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** |   Security Act |   26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |   Accommodations | ☐ 530 General | | |   Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |   Under Equal Access |
| |   Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |   to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |   Alien Detainee | | ☐ 950 Constitutionality of |
| |   Other | | ☐ 465 Other Immigration | |   State Statutes |
| | ☐ 440 Other Civil Rights | |   Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1441
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE
10-1-10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE