

STD

# U.S. District Court
## DISTRICT OF ARIZONA (Prescott Division)
## CIVIL DOCKET FOR CASE #: 3:10-cv-08189-GMS

| | |
|---|---|
| Sam et al v. BNSF Railway Company<br>Assigned to: Judge G Murray Snow<br>Cause: 45:51 Railways: Fed. Employer's Liability Act | Date Filed: 10/01/2010<br>Jury Demand: Both<br>Nature of Suit: 330 Federal Employer's Liability<br>Jurisdiction: Federal Question |

**Plaintiff**

**Charlie Sam, Sr.**  represented by  **Kent Jeffrey Hammond**
Rudolph & Hammond LLC
8686 E San Alberto
Ste 200
Scottsdale, AZ 85258
480-951-9700
Fax: 480-951-1185
Email: kent@rudolphhammond.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Slowtalker**  represented by  **Kent Jeffrey Hammond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jack Mitchell**  represented by  **Kent Jeffrey Hammond**
(See above for address)
*ATTORNEY TO BE NOTICED*

Kent Hammond, Esq., (SBN #015100)
**RUDOLPH & HAMMOND, LLC**
8686 E. San Alberto, Suite 200
Scottsdale, Arizona 85258
Telephone: (480) 951-9700
Facsimile: (480) 951-1185
kent@rudolphhammond.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlie Sam, Sr.; John Slowtalker; and Jack Mitchell<br><br>Plaintiffs,<br><br>vs.<br><br>BNSF Railway Company, Individually and as successor-in-interest to the Burlington Northern & Santa Fe Railway Company, Atchison Topeka and Santa Fe Railway Company, Chicago, Burlington and Quincy Railroad Company, Burlington Northern Inc., and Burlington Northern Railroad Company,<br><br>Defendant. | No:<br><br>**COMPLAINT**<br><br>(Personal Injury Claims pursuant to the Federal Employers Liability Act 45 USC § 51 *et seq*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, by and through counsel, and for this action against the BNSF Railway Company, individually and as successor-in-interest to the Burlington Northern & Santa Fe Railway Company, Atchison Topeka and Santa Fe Railway Company, Chicago, Burlington and Quincy Railroad Company, Burlington Northern Inc., and Burlington Northern Railroad Company, "Defendant Railroad", alleges as follows:

1

1. Plaintiff Charlie Sam, Sr., is a resident of Winslow, Arizona, who worked for the Defendant Railroad and/or its predecessors from 1967-1999 as a laborer and mechanic. He has been diagnosed with an occupational lung disease.

2. Plaintiff John Slowtalker is a resident of Winslow, Arizona, who worked for the Defendant Railroad and/or its predecessors from 1952-1996 as a laborer and mechanic. He has been diagnosed with an occupational lung disease.

3. Plaintiff Jack Mitchell is a resident of Winslow, Arizona, who worked for the Defendant Railroad and/or its predecessors from 1945 to 1998 as a laborer and mechanic. He has been diagnosed with an occupational lung disease.

4. That at all times mentioned herein, and for some time prior thereto and thereafter, BNSF Railway Company (Individually and as Successor-in-Interest to The Burlington Northern Santa Fe Railway Company, The Atchison Topeka & Santa Fe Railway Company, and Burlington Northern Railroad Company), and/or its predecessors in interest, were engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout the state of Illinois.

5. That during the course of Plaintiffs' employment, the Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of their duties were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 1 *et. seq.*, which Act grants this Court jurisdiction over this action.

6. That during the course of Plaintiffs' employment with the Defendant Railroad, they were engaged in the course of their employment performing their craft and

2

in other various roles and capacities where they were required and caused to work with, and in the vicinity of, toxic substances and dusts including dust from asbestos-containing products and materials, silicates and silica-containing products, diesel fumes, diesel exhaust, welding fumes, cleaning solvents, and others, which caused them to suffer severe and permanent personal injuries.

7. That at all times relevant, Plaintiffs were unaware of the dangerous propensities of the dusts, fumes, vapors and toxins they were required to work with and around and were unaware of the cause of any latent abnormal medical condition.

## COUNT I - NEGLIGENCE

8. Plaintiffs re-allege Paragraphs 1-7 as if restated here verbatim.

9. That the Defendant Railroad, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiffs with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiffs with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiffs of the true nature and hazardous effects of exposure to dusts, fumes, vapors, toxins, and other hazardous materials;

(d) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing products that contained or produced hazardous dusts and toxins;

(e) in failing to provide adequate, if any, instructions in the use or removal of products that contained or produced hazardous dusts, fumes, vapors and toxins;

3

(f) in failing to provide Plaintiffs with safe and proper ventilation systems in the workplace;

(g) in failing to inquire of the suppliers of products to its shops regarding the hazardous nature of exposure to the dusts, fumes, vapors and toxins contained in such products;

(i) in requiring Plaintiffs to work with and around ultra-hazardous products; and

(j) in failing to periodically test and examine Plaintiffs to determine if they were subject to any ill effects of their exposure to dusts, fumes, vapors, toxins and other hazardous substances.

10. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant Railroad, Plaintiffs developed an occupational lung disease and as a result sustained injury to their bodies and respiratory systems, resulting in pain and suffering, mental anguish, and progressive impairment and disability.

**COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

11. Plaintiffs re-allege Paragraphs 1-10 as if set forth herein verbatim.

12. That during the course of their employment and in the performance of their duties with the Defendant Railroad, Plaintiffs worked with, came into contact with, and were physically struck with hazardous dusts, fumes, vapors and toxins, including asbestos fibers and other toxic substances. Plaintiffs' contact with these hazardous dusts, fumes, vapors and toxins occurred directly with their clothing, skin, mouths, noses, and respiratory and digestive tracts.

13. That Plaintiffs' contact with these hazardous dusts, fumes, vapors and toxins have manifested in the form of occupationally-related injuries to Plaintiffs.

4

14. That Plaintiffs have been informed by physicians that as a result of their employment with the Defendant Railroad, they are at a significantly increased risk for the development of various medical ailments, including but not limited to progressive lung disease, bronchogenic carcinomas and gastro-intestinal carcinomas. Further, their expected life spans have been greatly diminished.

15. That, as a result, in whole or in part, of one or more of the Defendant Railroad's aforementioned negligent acts or omissions, Plaintiffs have suffered mental anguish, distress and a decreased ability to enjoy life.

## DAMAGES COMMON TO ALL COUNTS

16. That as a result of the Defendant Railroad's negligent actions as are described above, Plaintiffs have suffered pain, nervousness and mental anguish. Plaintiffs will be forced to suffer the same for the remainder of their lives and their enjoyment of life has been greatly reduced. Also as a result of the Defendant Railroad's negligent acts and omissions, Plaintiffs' expected life spans have been greatly shortened.

17. As a result of their health problems, Plaintiffs have been forced to incur medical expenses by way of doctor, hospital and drug bills. Plaintiffs will be forced to incur additional, similar expenses in the future in an effort to treat their permanent and progressive condition.

18. Further, Plaintiffs will incur medical expenses necessary to monitor their permanent and progressive condition, including regular and periodic chest x-rays, computerized tomography scans, pulmonary function tests, blood work and physical examinations, which may lead to other testing, all in an attempt to adequately diagnose and treat their condition, which includes a significantly increased risk of the development and progression of the ailments and carcinomas set forth above.

5

WHEREFORE, Plaintiffs demand judgment against the Defendant Railroad, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with costs and all other relief permitted.

DATED this 1st day of October 2010.

                                         RUDOLPH & HAMMOND, LLC

                                         By /s/ Kent Hammond
                                         Kent Hammond, Esq.
                                         Attorneys for Plaintiffs

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Charlie Sam, Sr.; John Slowtalker; Jack Mitchell

## DEFENDANTS
BNSF RAILWAY COMPANY

(b) County of Residence of First Listed Plaintiff: **Navajo**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Delaware**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kent Hammond, Rudolph & Hammond LLC, 8686 E San Alberto Ste 200 Scottsdale, AZ 85258  480-951-9700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
45 USC 51
Brief description of cause:
FELA Claims against Railroad

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 10/01/2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____