BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |
| This Document Relates To:<br><br>LOLA and MICHAEL BOUCHARD, wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; et al.,<br><br>Defendants. | GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR SUGGESTION OF REMAND AND TO VACATE<br><br>United States District Court for the Western District of Washington Cause No. 2:10-cv-01810<br><br>(Conditional Transfer Order 343) |

## I.   INTRODUCTION

On November 18, 2010, the Panel entered Conditional Transfer Order ("CTO") 343, which identified *Lola and Michael Bouchard v. CBS Corp. et al.*, No. 2:10-cv-18180 (W.D. Wash.), as a "tag-along action" to be conditionally transferred to MDL-875 pursuant to 28 U.S.C. § 1407. *See* CTO-343 (JPML MDL 875 D.E. 6399). Plaintiffs have moved to vacate the CTO as applied to their case, arguing that there was "no valid basis for removal" and that transfer to the MDL "is unjust" because Ms. Bouchard may be deceased "before the resolution of

GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR SUGGESTION OF REMAND AND TO VACATE - 1
(2:10-cv-01810 and MDL 875)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3010691.2

her case." Bouchard Br. at 2, 3 (JPML MDL 875 D.E. 6445). Defendant General Electric Company ("GE"), respectfully opposes the motion to vacate.

## II. BACKGROUND

On September 13, 2010, Plaintiffs filed two identical civil actions, each with different named defendants, in Washington State Superior Court.[1] GE was named as a defendant in one of the two actions. On November 5, 2010, GE removed the present matter to the Western District of Washington pursuant to 28 U.S.C. § 1442, otherwise known as federal officer removal.[2] Plaintiffs' second civil action remains in state court, King County Cause No. 10-2-32587-5SEA.

On December 7, 2010, the Western District of Washington granted in part Plaintiffs' motion to conduct expedited discovery. Given the state of Ms. Bouchard's health, the Court allowed her deposition to be taken on December 9 and 10. (W.D. Wash. D.E. 37 at 1.) The Court found that "Plaintiffs [did] not show[] any reason" to otherwise depart from a regular discovery schedule. *Id.* at 2.

GE filed a Notice of Tag Along with the Panel,[3] and the Panel issued CTO-343 on November 10, 2010. On November 17, 2010, Plaintiffs filed a Motion to Remand in the Western District of Washington.[4] The next day, Plaintiffs filed a Notice of Opposition to the CTO with the Panel.[5]

## III. ARGUMENT

Plaintiffs articulate no basis for denying transfer of their case to MDL-875.

*First*, as the Panel has held in materially identical challenges to CTOs, jurisdictional objections pose no obstacle to transfer. Transfer Order, *Lyautey v. Alfa Laval, Inc.*, MDL 875, slip op. at 2 (J.P.M.L. Dec. 9, 2010) (JPML MDL 875 D.E. 6467); Transfer Order, *Childers v.*

---

[1] Compare Declaration of Samantha W. Noonan In Support of General Electric Company's Opposition to Plaintiffs' Motions for Suggestion of Remand and to Vacate ("Noonan Decl."), Ex. A, with Noonan Decl., Ex. B.
[2] WAWD Dkt. 1.
[3] WAWD Dkt. 4.
[4] WAWD Dkt. 13. Although the caption of Plaintiffs' Motion to Remand is for the Judicial Panel on Multidistrict Litigation, the motion was filed in federal court and not with the JPML.
[5] JPML Dkt. 3.

| | |
|---|---|
| GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR SUGGESTION OF REMAND AND TO VACATE - 2 (2:10-cv-01810 and MDL 875) | Williams, Kastner & Gibbs PLLC<br>601 Union Street, Suite 4100<br>Seattle, Washington 98101-2380<br>(206) 628-6600 |

3010691.2

*Long-Lewis, Inc.*, MDL 875, slip op. at 1 n.1 (J.P.M.L. Aug. 9, 2010) (JPML MDL 875 D.E. 6259); Transfer Order, *Musselman v. Amphenol Corp.*, MDL 875, slip op. at 1 n.1 (J.P.M.L. June 3, 2010) (JPML MDL 875 D.E. 6200); Transfer Order, *Coons v. A.O. Water Smith Prods.*, MDL 875, slip op. at 1 n.1 (J.P.M.L. Apr. 14, 2010) (JPML MDL 875 D.E. 6131). Although Plaintiffs devote much of their brief to arguing that removal was improper, the merits of their remand motion have no bearing on the Panel's decision to vacate the CTO or enter a final transfer order. *See In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 368 F. Supp. 812, 813 n.1 (J.P.M.L. 1973) (recognizing that Section 1407 "does not empower the Panel to entertain . . . questions [concerning remand]").[6]

*Second*, Plaintiffs do not address the governing legal standard set forth in 28 U.S.C. § 1407(a), which mandates transfer of this action to MDL-875. This Panel already has determined that centralization of asbestos actions "will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *In re Asbestos Prods. Liab. Litig.*, 771 F. Supp. 415, 417 (J.P.M.L. 1991). As demonstrated below, the transfer of Plaintiffs' case to MDL-875, and the subsequent adjudication of Plaintiffs' remand arguments by Judge Robreno, further promotes those goals.

A. **Plaintiffs Provide No Reason To Deny Transfer of their Case to MDL-875.**

The pendency of Plaintiffs' jurisdictional objections provides no basis to deny transfer of their case to MDL-875. It is beyond dispute that the Panel has the authority to transfer cases in which motions to remand are pending, and that, once transferred, such motions can be resolved by the MDL court. *See, e.g., Lyautey, supra; Childers, supra; Musselman, supra; Coons, supra; In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346,

---

[6] That said, Plaintiffs are wrong to suggest that this matter should be remanded. Plaintiffs allege that Mrs. Bouchard was exposed to asbestos from products used in conjunction with equipment manufactured by General Electric, as directed by the U.S. Navy. Thus, under these circumstances GE was acting pursuant to the direction of a Federal Officer.

GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS'
MOTIONS FOR SUGGESTION OF REMAND AND TO VACATE - 3
(2:10-cv-01810 and MDL 875)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3010691.2

1347-48 (J.P.M.L. 2001) (rejecting plaintiff's claim that transfer should be delayed pending resolution of a remand motion, and noting that "those [district] courts wishing to address such motions [before transfer to the MDL] have adequate time in which to do so").

MDL courts are particularly well-suited to decide jurisdictional issues because they are most familiar with the litigation, can adjudicate questions of remand most efficiently, and will ensure consistency. Absent coordinated treatment here, substantially similar argument for remand would be heard and decided in multiple district courts. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (noting that centralization would serve both consistency and economy where "the jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation").[7]

**B.   This Action Satisfies the Conditions for Transfer Under 28 U.S.C. § 1407(a).**

The Panel may transfer cases for coordinated or consolidated pretrial proceedings if: (1) the actions involve one or more common questions of fact; (2) transfer would serve the convenience of the parties and witnesses; and (3) transfer would promote the just and efficient conduct of the actions. 28 U.S.C. § 1407(a). Plaintiffs' motion to vacate does not address this three-part test. Because each of the three statutory factors weighs in favor of transfer, the Panel should deny the motion to vacate.

**1.   Common Questions of Fact**

In CTO-343, the Panel recognized that "[i]t appears that th[is] action[] . . . involve[s] questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno." CTO-343 at 1 (JPML MDL 875 D.E. 6399). Plaintiffs do not and could not dispute the Panel's findings. As Plaintiffs' brief shows, they seek damages for injuries allegedly caused by Ms. Bouchard's exposure to asbestos. Bouchard Br. at 1 (JPML MDL 875 D.E. 6445).

---

[7] Notably, the MDL court has considered federal officer removal and related government contractor defense issues on multiple occasions. *E.g., Faddish v. Gen. Elec. Co.*, No. 09-70626, 2010 WL 4146108, at *6-9 (E.D. Pa. Oct. 20, 2010) (granting GE summary judgment on the government contractor defense in a marine turbine case).

GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS'
MOTIONS FOR SUGGESTION OF REMAND AND TO VACATE - 4
(2:10-cv-01810 and MDL 875)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3010691.2

### 2. Convenience of the Parties and Witnesses

Plaintiffs do not contend that the convenience of the parties and witnesses weigh against transfer, and for good reason. Because any trial of these actions will take place in the transferor forum, *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); *In re Asbestos Prods. Liab. Litig.*, 771 F. Supp. at 422, transfer to the Eastern District of Pennsylvania for pretrial proceedings will not inconvenience any trial witness. And because witnesses can be deposed at a place convenient to them, transfer will not inconvenience any party or non-party deponent.

### 3. Just and Efficient Conduct of the Litigation

The efficiencies of coordination, and the benefits of achieving consistency in the resolution of remand motions and other pretrial motions, all favor coordination of this action with the other actions in the MDL. *See supra* Part A; *see also In re Asbestos Prods. Liab. Litig.*, 771 F. Supp. at 418, 420 (noting that the Panel "must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole"). Plaintiffs' arguments to the contrary are without merit.

*First*, Plaintiffs suggest that transfer would be unjust because Ms. Bouchard may be deceased before resolution of this litigation. Bouchard Br. at 1 (JPML MDL 875 D.E. 6445). But Plaintiffs fail to mention that the Western District of Washington has allowed them to conduct expedited discovery in order to preserve Ms. Bouchard's testimony. (W.D. Wash. D.E. 37 at 1.) Additionally, Plaintiffs do not, and cannot suggest, that the proceedings in the MDL would be slower than the proceedings in the Western District of Washington. Judge Robreno has established numerous procedures to streamline discovery in the MDL, such as Administrative Orders 12 and 12A (concerning written discovery and medical records). The Western District of Washington does not have similar asbestos-specific discovery procedures.

*Second*, Plaintiffs state that discovery between the state case and federal case should be coordinated. Bouchard Br. at 1 (JPML MDL 875 D.E. 6445). But they never claim that the

GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR SUGGESTION OF REMAND AND TO VACATE - 5
(2:10-cv-01810 and MDL 875)

3010691.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Western District of Washington would be better able to coordinate discovery with the state court than the MDL. Indeed, MDL courts can coordinate discovery in related federal and state proceedings. Manual for Complex Litigation §§ 11.455, 20.313 (4th ed. 2004).

*Finally*, Plaintiffs argue that the supplemental jurisdiction statute, 28 U.S.C. § 1367(c), counsels against transfer to the MDL. Bouchard Br. at 3-4 (JPML MDL 875 D.E. 6445). Tellingly, Plaintiffs have cited no cases in support of this bizarre argument, and it finds no support in the Manual for Complex Litigation or the Multidistrict Litigation Manual. Supplemental jurisdiction is the authority of a federal court to hear a closely related state law claim against a party already facing a federal claim.[8] The statute does not apply to this case and does not provide any support for an Order vacating the CTO.

## IV. CONCLUSION

For the foregoing reasons, the Panel should deny Plaintiffs' motion to vacate CTO-343, and should transfer this action to MDL-875 without delay.

RESPECTFULLY SUBMITTED this 21st day of December, 2010.

s/ Christopher S. Marks, WSBA #28634
Eliot M. Harris, WSBA #35690
Samantha W. Noonan, WSBA #41885
Attorneys for Defendant General Electric Company
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
P: (206) 628-6600; Fax: (206) 628-6611
Email: cmarks@williamskastner.com
eharris@williamskastner.com
snoonan@williamskastner.com

---

[8] See 28 U.S.C. §1367.

GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS'
MOTIONS FOR SUGGESTION OF REMAND AND TO VACATE - 6
(2:10-cv-01810 and MDL 875)

3010691.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Janet L. Rice
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Email: rice@sgb-law.com
*Attorneys for Plaintiff*

Dirk Bernhardt
MURRAY, DUNHAM & MURRAY
P. O. Box 9844
Seattle, WA 98109-0844
Email: dirk@murraydunham.com
*Attorneys for Foster Wheeler Energy Corporation; Hopeman Brothers Inc.*

Walter Barton
KARR, TUTTLE, CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, WA 98101-3028
Email: gbarton@karrtuttle.com
*Attorneys for Todd Shipyards Corp.*

Melissa K Roeder
FORSBERG & UMLAUF, PS
901 Fifth Avenue, Suite 1400
Seattle, WA 98164
Email: mroeder@forsberg-umlauf.com
*Attorneys for Lake Union Drydock Company*

David R. West
GARVEY SCHUBERT BARER
1191 Second Avenue, 18th Floor
Seattle, WA 98101
Email: drwest@gsblaw.com
*Attorneys for Foss Maritime Company*

T. Arlen Rumsey
GORDON & POLSCER LLC
1000 Second Avenue, Suite 1500
Seattle, WA 98104
Email: arumsey@gordon-polscer.com
*Attorneys for Fryer-Knowles, Inc.*

Robert G. Andre
OGDEN MURPHY WALLACE PLLC
1601 Fifth Avenue, Suite 2100
Seattle, WA 98101
Email: randre@omwlaw.com
*Attorneys for Lockheed Shipbuilding Company*

J. Michael Mattingly
RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue, Suite 200
Portland, OR 97204
Email: mmattingly@rizzopc.com
*Attorneys for International Paper Company*

DATED this 21st day of December, 2010, at Seattle, Washington.

s/ Christopher S. Marks, WSBA #28634
Eliot M. Harris, WSBA #35690
Samantha W. Noonan, WSBA #41885
Attorneys for Defendant General Electric Company
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
P: (206) 628-6600; Fax: (206) 628-6611
Email:  cmarks@williamskastner.com
         eharris@williamskastner.com
         snoonan@williamskastner.com

---

GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR SUGGESTION OF REMAND AND TO VACATE - 7
(2:10-cv-01810 and MDL 875)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3010691.2