IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRENE BALCHUS, Executrix of the Estate of Alberts J. Balchus | CONSOLIDATED UNDER MDL 875 |
| Plaintiff, | |
| v. | Transferred from the Western District of Pennsylvania (Case No. 97-01330) |
| WESTINGHOUSE ELECTRIC CORP., | E.D. PA CIVIL ACTION NO. 2:07-cv-65974 |
| Defendants. | |

**SUGGESTION OF REMAND**

**AND NOW**, this **27th** day of **October, 2010**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

   a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

   b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

   c.) All discovery has been completed.

   d.) The Court has adjudicated all outstanding motions.

   e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket. The only remaining Defendant in this case to proceed to trial is Westinghouse Electric Corporation.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Western District of Pennsylvania for resolution of all matters pending within this case except punitive damages.[1]

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



SUSAN KAISER, individually
and the Executrix Ad
Prosequendum of the Estate of
ARTHUR L. KAISER, JR.

    Plaintiffs,

v.

AMERICAN STANDARDS, INC.,
ET AL.,

    Defendants.

CONSOLIDATED UNDER
MDL 875

Transferred from the District
of New Jersey
(05-04522)

E.D. PA CIVIL ACTION NO.
2:06-60000

## SUGGESTION OF REMAND

**AND NOW,** this **5th** day of **November, 2010,** it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

    a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

    c.) All discovery has been completed.

    d.) The Court has adjudicated all outstanding motions.

    e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket. The remaining viable Defendants in this case

to proceed to trial are listed in Exhibit "A" attached. The Defendants listed in Exhibit "A" have notified the court that they wish to assert their cross-claims on remand. Bankrupt Defendants, against which proceedings are stayed, are listed in Exhibit "B."

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the District of New Jersey for resolution of all matters pending within this case except punitive damages.[1]

**AND IT IS SO ORDERED.**

EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

<u>Exhibit A</u>

**Defendant**
**AMERICAN STANDARDS, INC.**        represented by **JAMES H. KNIGHT**
MCCARTER & ENGLISH
FOUR GATEAY CENTER
100 MULBERRY STREET
NEWARK, NJ 07102
973-642-4000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOHN C. GARDE**
MCCARTER & ENGLISH
FOUR GATEWAY CENTER
100 MULBERRY STREET
P.O. BOX 652
NEWARK, NJ 07101
973-639-2032
Email: jgarde@mccarter.com
*TERMINATED: 04/12/2010*
*LEAD ATTORNEY*

**Defendant (and Cross Claimant)**
**DIAL CORPORATION**
*INDIVIDUALLY AND AS*
*SUCCESSOR TO GRISCOM*
*RUSSELL SCHACK COMPANY,*
*INC.*

**Defendant (and Counter Defendant)**
**THE NASH ENGINEERING COMPANY**

**Defendant (and Counter Defendant)**
**THE NASH ENGINEERING COMPANY, INC.**

**Defendant** (and Cross Defendant)
**WARREN PUMPS**
*INDIVIDUALLY AND AS*
*SUCCESSOR TO THE QUIMBY*
*PUMP COMPANY*

**Defendant** (and Cross Defendant)
**RAPID AMERICAN CORPORATION**    represented by **ERIC IAN ORSECK**
**AS SUCCESSOR-IN-INTEREST TO**                    **SNR DENTON US LLP**
**PHILIP CAREY MANUFACTURIGN**               **101 JOHN F KENNEDY**
**CORP.**                                                    **PARKWAY**
                                                            **SHORT HILLS, NJ 07078**
                                                            **973-912-7129**
                                                            **Email:**
                                                            eric.orseck@snrdenton.com
                                                            **ATTORNEY TO BE NOTICED**

**Defendant**
DANA CORPORATION

**Defendant**
DURABLA MANUFACTURING COMPANY