IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK AND WILLIE TURNER     :     CONSOLIDATED UNDER
                            :     MDL 875
                            :
     Plaintiffs,            :
                            :     Transferred from the Eastern
     v.                     :     District of Missouri
                            :     (91-00615)
                            :
OWENS-CORNING FIBERGLAS CORP.,:
                            :     E.D. PA CIVIL ACTION NO.
                            :     2:09-66352
     Defendants.           NOV 1 6 2010

FILED

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **15th** day of **November, 2010**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

> a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.
>
> b.) Parties have completed their obligations under the Rule 16 order issued by the Court.
>
> c.) All discovery has been completed.
>
> d.) The Court has adjudicated all outstanding motions.
>
> e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket. The remaining viable Defendants in this case to proceed to trial are listed in "Exhibit A" attached.

1

Bankrupt Defendants, against which proceedings are stayed, are listed in "Exhibit B."

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Eastern District of Missouri for resolution of all matters pending within this case except punitive damages.[1]

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

## Exhibit A

**Defendant**
**ASBESTOS CORPORATION LTD.**

**Defendant**
**OWENS-CORNING FIBERGLAS**
**CORPORATION**

**Defendant**
**ARMSTRONG WORLD**
**INDUSTRIES, INC.**

represented by **TIMOTHY D. SEIFERT**
HEYL & ROYSTER
124 SW ADAMS ST STE 600
PEORIA, IL 61602
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**FIBREBOARD CORPORATION**

**Defendant**
**GAF CORPORATION**
*INDIVIDUALLY AND AS*
*SUCCESSOR IN INTEREST TO*
*RUBEROID COMPANY. A*
*DELAWARE CORPORATION*

represented by **TIMOTHY D. SEIFERT**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**GARLOCK CORPORATION**
*A NEW YORK CORPORATION*

represented by **SHIRLEY A. PADMORE**
HUSCH BLACKWELL SANDERS
LLP
190 CARONDELET PLZ STE 600
ST LOUIS, MO 63105
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**BABCOCK & WILCOX**
*A DELAWARE CORPORATION*

**Defendant**
**KEENE CORPORATION**

4

**Defendant**
**PITTSBURGH CORNING**
**CORPORATION**

**Defendant**
**FLINTKOTE CORPORATION**       represented by**SEAN P. SHEEHAN**
HEPLER BROOM
103 WEST VANDALIA ST. STE 300
POBOX 510
EDWARDSVILLE, IL 62025-0510
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. SURRE, | : | Consolidated Under MDL 875: |
| | : | |
| Plaintiffs | : | Transferred from the Southern |
| | : | District of New York |
| v. | : | (Civil Action No. 07-09431) |
| | : | |
| | : | |
| ALFA LAVAL, ET AL., | : | E.D. PA CIVIL ACTION No. |
| | : | 2:07-cv-74198 |
| | : | |
| Defendants | : | |

FILED
NOV 18 2010

## SUGGESTION OF REMAND

**AND NOW,** this **15th** day of **November, 2010,** it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) Settlement conferences have been held in front of the Honorable Magistrate Judge Elizabeth T. Hey, and these negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions, except for the limited summary judgment issue of the

"bare metal" defense, raised by Defendant Crane Co.[1]

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket. The docket indicates that the remaining viable Defendants in this case to proceed to trial are as follows:

    i.   Foster Wheeler LLC

---

[1] A multidistrict litigation transferee court has "authority to dispose of a cases on the merits – for example, by ruling on motions for summary judgment." MANUAL FOR COMPLEX LITIGATION § 22.36 (4th ed. 2010) (citing In re Temporomandibular Joint (TMJ) Prods. Liab. Litig., 113 F.3d 1484, 1488 (8th Cir. 1997)). Although the MDL court has such authority, and in the appropriate case the exercise of such authority generally promotes the multidistrict litigation goals of efficiency and economy, there are cases where ruling on summary judgment by the transferee court would not advance the litigation or serve a useful purpose. Id. (citing In Re Orthopedic Bone Screw Prods. Liab. Litig., MDL No. 1014, 1997 WL 109595 at *2 (E.D. Pa. Mar. 7, 1997)). This appears to be such a case, as New York law is not settled on the merits of the "bare metal" defense.

This Court has previously declined to determine the issue of a manufacturer's liability for asbestos replacement or component parts applied to its products under New York law. See Gitto v. A.W. Chesterton, No. 07-73417 (E.D. Pa. 2010). New York courts have reached divergent results on this issue. See, e.g., Berkowitz v. A.C.& S, Inc., 288 A.D.2d 148, 148 (N.Y. App. Div. 2001)(finding that defendant may have had a "duty to warn concerning the dangers of asbestos that it neither manufactured or installed on its pumps"). But see, Rastelli v. Goodyear Tire & Rubber Co., 79 N.Y.2d 289, 297-98 (1992) (holding that there is no duty to warn when a manufacturer "produces a sound product which is compatible for use with a defective product").

Therefore, the merits of Crane Co.'s bare metal argument are best left for determination in the transferor court, the Southern District of New York, which has more experience and familiarity with the application of New York state substantive law. This ground for summary judgment was denied without prejudice with leave to re-file in the Southern District of New York after remand.

    ii.  Crane Co.
    iii. Oakfabco, Inc.
    iv.  Weil-McLain, Inc.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Southern District of Florida for resolution of all matters pending within this case except punitive damages.[2]

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[2] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANICE HAPPEL, individually :
and as executrix of the :
estate of Ernest Happel : CONSOLIDATED UNDER
: MDL 875
Plaintiffs, :
: Transferred from the District
: of Delaware
v. : (Case No. 91-01329)
:
:
:
ANCHOR PACKING CO., et al., : FILED E.D. PA CIVIL ACTION NO.
: 2:09-70113
Defendants. NOV 16 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**SUGGESTION OF REMAND**

**AND NOW,** this **15th** day of **November, 2010,** it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the
Court finds that:

a.) Plaintiff has complied with MDL-875 Administrative
Orders 12 and 12A.

b.) Parties have completed their obligations under the
Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions,
except for the limited summary judgment issue of the
"bare metal" defense, raised by Defendants Ingersoll-

Rand Company, Yarway Corporation, and CBS Corporation.[1]
e.) The Court finds that this case is prepared for
trial without delay once on the transferor court's
docket. The remaining viable Defendants in this case
to proceed to trial are listed in "Exhibit A,"
attached. The remaining bankrupt Defendant against
which proceedings are stayed are listed in "Exhibit B,"
attached.

Accordingly, the Court **SUGGESTS** that the above captioned
case should be **REMANDED** to the United States District Court for
the District of Delaware for resolution of all matters pending
within this case except punitive damages.[2]

---

[1] These Defendants argue that they cannot be held liable
for asbestos-containing gaskets, packing, and insulation that
were applied to their products.

A multidistrict litigation transferee court has "authority
to dispose of a cases on the merits - for example, by ruling on
motions for summary judgment." MANUAL FOR COMPLEX LITIGATION § 22.36
(4th ed. 2010) (citing In re Temporomandibular Joint (TMJ) Prods.
Liab. Litig., 113 F.3d 1484, 1488 (8th Cir. 1997)). Although the
MDL court has such authority, and in the appropriate case the
exercise of such authority generally promotes the multidistrict
litigation goals of efficiency and economy, there are cases where
ruling on summary judgment by the transferee court would not
advance the litigation or serve a useful purpose. Id. (citing In
Re Orthopedic Bone Screw Prods. Liab. Litig., MDL No. 1014, 1997
WL 109595 at *2 (E.D. Pa. Mar. 7, 1997)). This appears to be
such a case, as the Delaware Supreme Court has not yet addressed
whether it would impose a duty to warn on manufacturers whose
products incorporate asbestos-containing component parts.
Therefore, summary judgment on this issue was denied without
prejudice with leave to re-file in the transferor court upon
remand.

[2] The Court finds that the issue of punitive damages must be
resolved at a future date with regard to the entire MDL-875

**AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

---

action, and therefore any claims for punitive or exemplary
damages are hereby **SEVERED** from this case and retained by the
Court within it jurisdiction over MDL-875 in the Eastern District
of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir.
2000)("It is responsible public policy to give priority to
compensatory claims over exemplary punitive damage windfalls;
this prudent conservation more than vindicates the Panel's
decision to withhold punitive damage claims on remand."); See
also In re Roberts, 178 F.3d 181 (3d Cir. 1999).  See In re
Roberts, 178 F.3d 181 (3d Cir. 1999).

**Defendant**
**ATLAS TURNER LTD.**                    represented by **WILLARD F. PRESTON**
                                         GOLDFEIN & JOSEPH
                                         3513 CONCORD PIKE STE 2000
                                         WILMINGTON, DE 19803
                                         302-656-3301
                                         Email: wpreston@goldfeinlaw.com
                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**BAYER CROPSCIENCE LP**                 represented by **BETH E. VALOCCHI**
*SII TO RHONE INC. AND*                  SWARTZ CAMPBELL LLC
*AMCHEM PRODUCTS INC. ALSO*              300 DELAWARE AVE, SUITE 1130
*KNOWN AS BAYER CROPSCIENCE*             P.O. BOX 330
*INC.*                                   WILMINGTON, DE 19899
                                         302-656-5935
                                         Email: bvalocchi@swartzcampbell.com
                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**BELL ASBESTOS MINES LTD.**             represented by **WILLARD F. PRESTON**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**CARVER PUMP COMPANY**                  represented by **NATHANIEL AUSTIN BOSIO**
                                         DOGAN & WILKINSON
                                         734 DELMAS AVE
                                         PASCAGOULA, MS 39567
                                         228-762-2272
                                         Email: NBosio@doganwilkinson.com
                                         *ATTORNEY TO BE NOTICED*

                                         **ROBERT N. SPINELLI**
                                         KELLEY JASONS MCGOWAN
                                         SPINELLI & HANNA, LLP
                                         50 S. 16TH ST.
                                         TWO LIBERTY PL SUITE 1900
                                         PHILADELPHIA, PA 19102
                                         TEL 215-854-0658
                                         Fax: FAX 215-854-8434

Email: rspinelli@kjms.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**COLFAX PUMP GROUP**

**Defendant**
**COPES-VULCAN INC.**                     represented by**PAUL A. BRADLEY**
                                         MARON MARVEL BRADLEY &
                                         ANDERSON PA
                                         1201 N. MARKET ST. STE 900
                                         POBOX 288
                                         WILMINGTON, DE 19801
                                         302-425-5177
                                         Email: pab@maronmarvel.com
                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**CRANE CO.**                            represented by**NICHOLAS E. SKILES**
                                         SWARTZ CAMPBELL
                                         300 DELAWARE AVENUE
                                         SUITE 1130
                                         P.O. BOX 330
                                         WILMINGTON, DE 19899
                                         302/656-5935
                                         Email: nskiles@swartzcampbell.com
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **MICHAEL J. ZUKOWSKI**
                                         K&L GATES
                                         K&L GATES CENTER
                                         201 SIXTH AVE
                                         PITTSBURGH, PA 15222-2613
                                         412/355-6500
                                         Email: michael.zukowski@klgates.com
                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**CROWN CORK AND SEAL**                  represented by**MICHAEL J. STACK**
**CORPORATION**                          STACK & STACK PC
*INDIVIDUALLY AND AS*                    1247 SOUTHAMPTON RD.
*SUCCESSOR IN INTEREST TO*               PHILADELPHIA, PA 19116
*MUNDET CORK CORPORATION*                215-735-6500

**Defendant**
**GENERAL MOTORS CORP.**

**Defendant**
**GOULDS PUMPS INC.**　　　　　　　represented by**ROBERT S. GOLDMAN**
　　　　　　　　　　　　　　　　　　　PHILLIPS, GOLDMAN AND SPENCE
　　　　　　　　　　　　　　　　　　　1200 N. BROOM STREET
　　　　　　　　　　　　　　　　　　　WILMINGTON, DE 19806
　　　　　　　　　　　　　　　　　　　302-655-4200
　　　　　　　　　　　　　　　　　　　Fax: 302-655-4210
　　　　　　　　　　　　　　　　　　　Email: rsg@pgslaw.com
　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**
**HONEYWELL**　　　　　　　　　　　represented by**SCOTT F. GRIFFITH**
**INTERNATIONAL INC.**　　　　　　　　RAWLE & HENDERSON LLP
　　　　　　　　　　　　　　　　　　　THE WIDNER BUILDING, 16TH FL
　　　　　　　　　　　　　　　　　　　ONE SOUTH PENN SQUARE
　　　　　　　　　　　　　　　　　　　PHILADELPHIA, PA 19107
　　　　　　　　　　　　　　　　　　　215-575-4323
　　　　　　　　　　　　　　　　　　　Email: sgriffith@rawle.com
　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**
**HOPEMAN BROTHERS INC.**　　　　represented by**JAMES J. HORNING , JR.**
　　　　　　　　　　　　　　　　　　　REILLY JANICZEK & MCDEVITT PC
　　　　　　　　　　　　　　　　　　　1013 CENTRE RD STE 210
　　　　　　　　　　　　　　　　　　　WILMINGTON, DE 19805
　　　　　　　　　　　　　　　　　　　302-777-1700
　　　　　　　　　　　　　　　　　　　Email: jhorning@rjm-law.com
　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**
**IMO INDUSTRIES INC.**　　　　　　　represented by**JEFFREY S. MARLIN**
　　　　　　　　　　　　　　　　　　　MARKS O'NEILL O'BRIEN &

COURTNEY P.C.
913 N. MARKET ST.
SUITE 800
WILMINGTON, DE 19801
302-658-6538
Email: jmarlin@mooclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL T. HAMILTON**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**METROPOLITAN LIFE**
**INSURANCE COMPANY**

represented by **STEWART R. SINGER**
SALMON RICCHEZZA SINGER &
TURCHI
1700 MARKET ST
SUITE 3110
PHILADELPHIA, PA 19103
215-606-6600
Email: ssinger@srstlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**OWENS-ILLINOIS INC.**

represented by **PAUL A. BRADLEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**RAPID AMERICAN**
**CORPORATION**

**Defendant**
**UNION CARBIDE**
**CORPORATION**

represented by **BETH E. VALOCCHI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**WARREN PUMPS INC.**

represented by **MATTHEW P. DONELSON**
ELZUFON AUSTIN REARDON
TARLOV & MONDELL PA

300 DELAWARE AVE STE 1700
POBOX 1630
WILMINGTON, DE 19899-1630
302-428-3181
Email: mdonelson@elzufon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
ANCHOR PACKING CO.


**Defendant**
GARLOCK SEALING
TECHNOLOGIES LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GWENDOLYN LINDSAY, Executrix  :   CONSOLIDATED UNDER
of the Estate of James B.     :   MDL 875
Lindsay and KELLY ANN LINDSAY :
                              :
     Plaintiffs,              :
                              :
                              :
                              :   Transferred from the District
     v.                       :   of New Jersey
                              :   (Case No. 90-02659)
                              :
ASBESTOS CORP. LTD., ET AL.   :
                              :   E.D. PA CIVIL ACTION NO.
     Defendants.              :   2:07-63197
                              :

FILED

NOV 16 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**SUGGESTION OF REMAND**

   **AND NOW**, this **15th** day of **November, 2010**, it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that:

       a.) Plaintiff has complied with MDL-875 Administrative

       Orders 12 and 12A.

       b.) Parties have completed their obligations under the

       Rule 16 order issued by the Court.

       c.) All discovery has been completed.

       d.) The Court has adjudicated all outstanding motions.

       e.) The Court finds that this case is prepared for

       trial without delay once on the transferor court's

1

docket. The remaining viable Defendants in this case to proceed to trial are listed in Exhibit "A," attached. Bankrupt Defendants, against which proceedings are stayed, are listed in Exhibit "B," attached.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the District of New Jersey for resolution of all matters pending within this case except punitive damages.[1]

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

**Defendant**
**ASBESTOS CORPORATION OF**
**AMERICA, INC.**

represented by **KATHLEEN F. MORAN**
MORAN & SMITH
100 EAGLE ROCK AVE
POBOX 398
EAST HANOVER, NJ 07936
Fax: UNDELIVERABLE
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**OWENS-ILLINOIS, INC.**

**Defendant**
**STATE INSULATION**
**CORPORATION**

represented by **KATHLEEN F. MORAN**
(See above for address)
*LEAD ATTORNEY*

**Defendant**
**WHITTAKER, CLARK &**
**DANIELS, INC.**

**Defendant**
**WOOLSULATE CORPORATION**

**Defendant**
**YORK INDUSTRIES CORP.**             represented by**KATHLEEN F. MORAN**
*FORMERLY YORK INSULATION*                      (See above for address)
*COMPANY*                                        *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**
**QUIGLEY CO., INC.**                 represented by**EDWARD J. WILBRAHAM**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                      **JOHN AUGUSTINE DONNELLY**
                                                 (See above for address)
                                                 *TERMINATED: 11/12/2010*
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**
**NESTLE FOODS CORPORATION**

**Defendant**
**CAREY CANADA, INC.**
*FORMERLY CAREY CANADIAN MINES, LTD, INDIVIDUALLY AND AS SUCCESSOR TO*
*QUEBEC CORP. LTD.*

**Defendant**
**THE CELOTEX CORPORATION**
*INDIVIDUALLY AND AS SUCCESSOR TO PHILIP CAREY CORPORATION, PHILIP CAREY*
*MFG. CO., PHILIP CAREY COMPANY, INC., XPRU CORPORATION, BRIGGS*
*MANUFACTURING COMPANY, PANACON CORPORATION, SMITH & KANZLER, INC. AND*
*QUEBEC ASBESTOS*

**Defendant**
**GAF CORPORATION**
*INDIVIDUALLY AND AS*
*SUCCESSOR TO THE RUBEROID*
*CO AND VERMONT ASBESTOS*
*CORPORATION*

represented by **EDWARD J. WILBRAHAM**
WILBRAHAM, LAWLER & BUBA
1818 MARKET STREET
SUITE 3100
PHILADELPHIA, PA 19103-3631
TEL 215-564-4141
Fax: FAX 215-564-4385
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOHN AUGUSTINE DONNELLY**
24 MANCHESTER ROAD
MT. HOLLY, NJ 08060
Fax: MDL TERMINATED
*TERMINATED: 11/12/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**KEENE CORPORATION**
*INDIVIDUALLY AND AS*
*SUCCESSOR TO EHRET MAGNESIA*

*MFG. CO., BALDWIN HILL CO.,*
*BALDWIN-EHRET-HILL CO., INC.,*
*KEENE BUILDING PRODUCTS CO.*

<u>Defendant</u>
**OWENS-CORNING FIBERGLAS CORPORATION**

<u>Defendant</u>

PORTER-HAYDEN COMPANY
INDIVIDUALLY AND AS SUCCESSOR TO H.W. PORTER & COMPANY AND REID
HAYDEN COMPANY

SALLY SIKES, ET AL.,        :
                                :   CONSOLIDATED UNDER
                                :   MDL 875
    Plaintiffs,          :
                                :   Transferred from the Eastern
    v.                   :   District of Missouri
                                :   (Case No. 09-00826)
                                :
GARLOCK, INC. ET AL.,      :
                                :   E.D. PA CIVIL ACTION NO.
                                :   2:09-66338
    Defendants.         

FILED

NOV 16 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW,** this **15th** day of **November, 2010,** it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the
Court finds that:

> a.) Plaintiff has complied with MDL-875 Administrative
> Orders 12 and 12A.
>
> b.) Parties have completed their obligations under the
> Rule 16 order issued by the Court.
>
> c.) All discovery has been completed.
>
> d.) The Court has adjudicated all outstanding motions.
>
> e.) The Court finds that this case is prepared for
> trial without delay once on the transferor court's
> docket.  The remaining viable Defendants in this case
> to proceed to trial are listed in Exhibit "A,"
> attached.  Bankrupt Defendants, against whom

proceedings are stayed, are listed in Exhibit "B,"
attached.

Accordingly, the Court **SUGGESTS** that the above
captioned case should be **REMANDED** to the United States District
Court for the Eastern District of Missouri for resolution of all
matters pending within this case except punitive damages.[1]


**AND IT IS SO ORDERED.**


_____
**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be
resolved at a future date with regard to the entire MDL-875
action, and therefore any claims for punitive or exemplary
damages are hereby **SEVERED** from this case and retained by the
Court within it jurisdiction over MDL-875 in the Eastern District
of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir.
2000)("It is responsible public policy to give priority to
compensatory claims over exemplary punitive damage windfalls;
this prudent conservation more than vindicates the Panel's
decision to withhold punitive damage claims on remand."); See
also In re Roberts, 178 F.3d 181 (3d Cir. 1999).  See In re
Roberts, 178 F.3d 181 (3d Cir. 1999).

**Defendant**
**MANVILLE CORPORATION**
**ASBESTOS DISEASE**
**COMPENSATION FUND**

represented by**HELEN MARSH**
KEKER & VAN NEST LLP
710 SANSOME ST
SAN FRANCISCO, CA 94111
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**CERTIFIED**
*A DIVISION OF LEAR SIEGLER,*
*INCORPORATED*

**Defendant**
**GRINNELL STAMPING**
**COMPANY**
*A CORPORATION*

**Defendant**
**MAREMONT CORPORATION**
*A DELAWARE CORPORATION*

**Defendant**
**MORTON INTERNATIONAL**
**INCORPORATED**
*A DELAWARE CORPORATION,*
*MORTON THIOKOL*
*INCORPORATED, THIOKOL*
*CORPORATION.*

represented by**BERNARD C. BRINKER**
BRINKER & DOYEN
120 S. CENTRAL AVE STE 700
CLAYTON, MO 63105
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**GARLOCK, INCORPORATED**     represented by **ARTHUR L. SMITH**
*A NEW YORK CORPORATION*                  HUSCH BLACKWELL SANDERS
                                          LLP
                                          190 CARONDELET PLZ STE 600
                                          ST LOUIS, MO 63105
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **DAVID S. SLAVKIN**
                                          BRYAN CAVE LLP
                                          211 NORTH BROADWAY
                                          SUITE 3600
                                          ST. LOUIS, MO 63102-2750
                                          TEL: 314-259-2000
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **JAMES C. MORROW**
                                          MORROW & WILLNAUER
                                          2801 SW 13TH ST
                                          LEE'S SUMMIT, MO 64081
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **SHIRLEY A. PADMORE**
                                          HUSCH BLACKWELL SANDERS
                                          LLP
                                          190 CARONDELET PLZ STE 600
                                          ST LOUIS, MO 63105
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**
**CHICAGO FIREBRICK**
*AN ILLINOIS CORPORATION*

**Defendant**
**NUTURN CORPORATION**
*A CORPORATION*

**Defendant**
**H.K. PORTER COMPANY**
*A PENNSYLVANIA CORPORATION,*
*SOUTHERN TEXTILE*
*CORPORATION, SOUTHERN*
*ASBESTOS COMPANY.*

represented by **MICHAEL D. RITTENOUR**
CHEATHAM & ACKER PC
5777 W. MAPEL
SUITE 100
WEST BLOOMFIELD, MI 48322-
2268
TEL: 313-932-2000
Fax: MDL TERMINATED
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW AND MARGARET BIELSKI, :
                              :      CONSOLIDATED UNDER
        Plaintiffs,           :      MDL 875
                              :
                              :
                              :      Transferred from the District
    v.                        :      of New Jersey
                              :      (Case No. 94-04299)
                              :
ASBESTOS CORP. LTD., ET AL.,  :
                              :      E.D. PA CIVIL ACTION NO.
                              :      2:07-63324
        Defendants.          NOV 16


MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **15th** day of **November, 2010**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the
Court finds that:

>        a.) Plaintiff has complied with MDL-875 Administrative
>        Orders 12 and 12A.
>
>        b.) Parties have completed their obligations under the
>        Rule 16 order issued by the Court.
>
>        c.) All discovery has been completed.
>
>        d.) The Court has adjudicated all outstanding motions.
>
>        e.) The Court finds that this case is prepared for
>        trial without delay once on the transferor court's
>        docket.  The remaining viable Defendants in this case
>        to proceed to trial are:

i. Asbestos Corporation, Ltd.

     f.) Third Party Defendants include:

                    i.   Rapid American Corporation
                    ii.  GAF Corporation
                    iii. National Gypsum Company
                    iv.  Turner & Newall P.L.C


     Accordingly, the Court **SUGGESTS** that the above

captioned case should be **REMANDED** to the United States District

Court for the District of New Jersey for resolution of all

matters pending within this case except punitive damages.[1]


                              **AND IT IS SO ORDERED.**


                              _____
                              **EDUARDO C. ROBRENO, J.**


---

[1] The Court finds that the issue of punitive damages must be
resolved at a future date with regard to the entire MDL-875
action, and therefore any claims for punitive or exemplary
damages are hereby **SEVERED** from this case and retained by the
Court within it jurisdiction over MDL-875 in the Eastern District
of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir.
2000)("It is responsible public policy to give priority to
compensatory claims over exemplary punitive damage windfalls;
this prudent conservation more than vindicates the Panel's
decision to withhold punitive damage claims on remand."); See
also In re Roberts, 178 F.3d 181 (3d Cir. 1999).  See In re
Roberts, 178 F.3d 181 (3d Cir. 1999).