IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : | Consolidated Under MDL DOCKET NO. 875 |
| DIANE M. ALLEN as Personal Representative of the Estate of DOUGLAS M. ALLISON | : : : | E.D. Pa. Case No: 07-69104 |
| v. THE GOODYEAR TIRE & RUBBER CO., | : : : | Transferred from the Southern District of New York (04-cv-10017) |

FILED
DEC 2 0 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clk.

**SUGGESTION OF REMAND**

**AND NOW**, this **17th** day of **December, 2010**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

      a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

      b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

      c.) All discovery has been completed.

      d.) Settlement conferences have been held in front of the Honorable Magistrate Judge Elizabeth T. Hey, and these negotiations have been exhausted as to the remaining viable defendants.

      e.) The Court has adjudicated all outstanding motions.

f.) The only remaining viable Defendant in this case to proceed to trial is Goodyear Tire & Rubber Company.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Southern District of New York for resolution of all matters pending within this case except punitive damages.[1]

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).