JURY

# U.S. District Court
## District of South Carolina (Columbia)
## CIVIL DOCKET FOR CASE #: 3:10-cv-02985-JMC

Baxley v. Advance Auto Parts Inc et al          Date Filed: 11/16/2010
Assigned to: Honorable J Michelle Childs         Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Asbestos Litigation     Nature of Suit: 368 P.I. : Asbestos
                                                 Jurisdiction: Diversity

**Plaintiff**

**Cathy Ann Baxley**                 represented by   **Christian Hancock Hartley**
*Individually and as Personal*                       Hartley Law
*Representative of the Estate of Jimmie*             PO Box 2492
*Williams*                                           Mt Pleasant, SC 29465
*Estate of*                                          843-388-1330
Jimmie Williams                                      Email: chartley@christianhartley.com
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Advance Auto Parts Inc**
*Corporate Successor to Western Auto*
*Parts Inc, a Delaware Corporation*

**Defendant**

**Alco Products Inc**
*a New York Corporation*

**Defendant**

**Allen-Bradley**
*a subsidiary of Rockwell Automation*
*Inc, a Delaware Corporation*

**Defendant**

**Allis Chalmers Corporation**
*a Delaware Corporation*

**Defendant**

**Anchor Packing Company**
*a Delaware Corporation*

**Defendant**

**Aventis Cropscience USA Inc**
*Corporate Successor to Rhone-*

*Poulence Inc, Corporate Successor to*
*Amchem Products Inc, and by merger*
*with Bayer Cropscience, a subsidiary of*
*Bayer Corporation, a Pennsylvania*
*Corporation*

**Defendant**

**AW Chesterton Company**
*a Massachusetts Corporation*

represented by **Jennifer M Techman**
Evert and Weathersby
3405 Piedmont Road NE
Suite 225
Atlanta, GA 30305
404-233-8718
Fax: 404-233-8933
Email: jmtechman@ewhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bondex International Inc**
*an Ohio Corporation*

**Defendant**

**Borg-Warner Corporation**
*by its successor interest to Borg-*
*Warner Morse TEC Inc, a Delaware*
*Corporation*

**Defendant**

**CBS Corporation**
*Successor to Westinghouse Electric*
*Corporation, a Pennsylvania*
*Corporation*
*formerly known as*
Viacom Inc

represented by **Jennifer M Techman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corporation**
*a Delaware Corporation*

**Defendant**

**Cleaver-Brooks Inc**
*a Delaware Corporation*

**Defendant**

**Cooper US Inc**
*individually and as successor-in-*
*interest to Cooper Crouse-Hinds*
*Company Inc*

*formerly known as*
Cooper Industries LLC

**Defendant**

**Covil Corporation**
*a South Carolina Corporation*

**Defendant**

**Crane Co**
*a Delaware Corporation*

**Defendant**

**Dana Corporation**
*a Delaware Corporation*

**Defendant**

**Dap Products Inc**
*a Delaware Corporation*

**Defendant**

**Elliott Company**
*a Delaware Corporation*
*also known as*
Elliott Turbomachinery Company
*also known as*
Elliott Turbomachinery Co Inc

**Defendant**

**Enpro Industries Inc**
*sued individually and as successor-in-*
*interest to Garlock Sealing Technoligies*
*LLC and Garlock Inc, a North Carolina*
*Corporation*

**Defendant**

**Fairbank Morse Pump Corporation**
*a Kansas Corporation*

**Defendant**

**Federal Pacific Electric Company**
*a subsidiary of Rockwell Automation*
*Inc, a Delaware Corporation*

**Defendant**

**FMC Corp**
*individually and on behalf of its former*
*Peerless Pump Division & Chicago*
*Pump Division, a Delaware*
*Corporation*

**Defendant**

**Foster Wheeler Corporation**                    represented by   **Jennifer M Techman**
*a Delaware Corporation*                                          (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Ford Motor Company**
*a Delaware Corporation*

**Defendant**

**Garlock Inc**
*a Delaware Corporation*
*formerly known as*
Garlock Sealing Technologies LLC

**Defendant**

**Garlock Sealing Technologies LLC**
*sued individually and as successor-in-*
*interest to Garlock Inc, a Delaware*
*Corporation*

**Defendant**

**Gardner Denver Inc**
*a Delaware Corporation*

**Defendant**

**General Electric Company**                      represented by   **Zandra Lynn Johnson**
*a New York Corporation*                                         Smith Moore Leatherwood
                                                                 PO Box 87
                                                                 Greenville, SC 29602
                                                                 864-242-6440
                                                                 Email:
                                                                 zandra.johnson@smithmoorelaw.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Genuine Parts Company**
*a Georgia Corporation*

**Defendant**

**Georgia-Pacific LLC**
*a Delaware Corporation*

**Defendant**

**Gould Pumps Inc**
*a Delaware Corporation*

**Defendant**

**Honeywell International Inc**
*a Delaware Corporation*
*formerly known as*
Allied Signal

**Defendant**

**IMO Industries Inc**
*individually and as successor-in-*
*interest to DeLaval Turbine Inc, a*
*Delaware Corporation*

**Defendant**

**Ingersoll-Rand Company**
*a New Jersey Corporation*

**Defendant**

**John Crane Inc**
*a Delaware Corporation*

**Defendant**

**Kaiser Gypsum Company Inc**
*a Washington Corporation*

**Defendant**

**Leslie Controls Inc**
*a Florida Corporation*

**Defendant**

**McNally Industries Inc**
*and as successor-in-interest to Northern*
*Pump Co, a Minnesota Corporation*

**Defendant**

**National Auto Parts Association**
**NAPA**
*a Georgia Corporation*

**Defendant**

**National Service Industries Inc**
*a Georgia Corporation*
*formerly known as*
North Brothers Inc

**Defendant**

**Northern Pump Company**
*and as successor-in-interest to Northern*
*Fire Apparatus Company, a Minnesota*

*Corporation*

### Defendant

**Pneumo Abex LLC**
*individually and as successor to*
*Pneumo Abex Corporation and Abex*
*Corporation, a Delaware Corporation*

### Defendant

**Rapid American Corporation**
*a Delaware Corporation*

### Defendant

**Reliance Electric Company**
*a subsidiary of Rockwell Automation*
*Inc, a Delaware Corporation*

represented by **Joseph E Thoensen**
Richardson Plowden and Robinson
PO Drawer 7788
Columbia, SC 29202
803-771-4400
Email:
jthoensen@richardsonplowden.com
*ATTORNEY TO BE NOTICED*

**Steven J Pugh**
Richardson Plowden and Robinson
PO Drawer 7788
Columbia, SC 29202
803-771-4400
Fax: 803-779-0016
Email: spugh@richardsonplowden.com
*ATTORNEY TO BE NOTICED*

### Defendant

**Republic Powdered Metals Inc**
*an Ohio Corporation*

### Defendant

**Riley Power Inc**
*a Massachusetts Corporation*
*formerly known as*
DB Riley Inc
*formerly known as*
Riley Stoker Corporation

### Defendant

**RPM International Inc**
*an Ohio Corporation*

### Defendant

**Sterling Fluid Systems USA LLC**

*a Delaware Corporation*
*formerly known as*
Peerless Pumps Company

**Defendant**

**Union Carbide Corporation**
*a New York Corporation*

**Defendant**

**Uniroyal Chemical Co Inc**
*a New Jersey Corporation*

**Defendant**

**Waco Inc**
*a Virginia Corporation*
*doing business as*
Waco Insulation

**Defendant**

**Warren Pumps LLC**
*and as successor-in-interest to Quimby*
*Pumps*

**Defendant**

**Weil-McLain Inc**
*a Delaware Corporation*

**Defendant**

**Western Auto Supply Company**
*a Delaware Corporation*

**Defendant**

**Yarway Corporation**
*a Pennsylvania Corporation*

**Defendant**

**Zurn Industries Inc**
*and as successor-by-merger to Erie*
*City Iron Works, a Pennsylvania*
*Corporation*
*also known as*
Erie City Iron Works

**Defendant**

**3M Company**
*a Delaware Corporation*

| Date Filed | # | Docket Text |
| --- | --- | --- |
|  |  |  |

| 11/16/2010 | 1 | NOTICE OF REMOVAL from Richland County Court of Common Pleas, case number 09-cp-40-8341. (Filing fee $ 350 receipt number 042-3057039), filed by Reliance Electric Company. (Attachments: # 1 State Court Documents) (gpre, ) (Entered: 11/17/2010) |
| --- | --- | --- |
| 11/16/2010 | 3 | Local Rule 26.01 Answers to Interrogatories by Reliance Electric Company. (gpre, ) (Entered: 11/17/2010) |
| 11/16/2010 | 4 | Corporate Disclosure Statement by Reliance Electric Company identifying that it is a subsidiary of Baldor Electric Company. (gpre, ) (Entered: 11/17/2010) |
| 11/17/2010 | 5 | ***DOCUMENT E-MAILED 1 Notice of Removal and Docket Report to MDL Panel (gpre, ) (Entered: 11/17/2010) |
| 11/30/2010 | 6 | MOTION to Remand to State Court by Cathy Ann Baxley. Response to Motion due by 12/17/2010 (Attachments: # 1 Memo in Support Of Motion to Remand, # 2 Exhibit List, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11A, # 14 Exhibit 11B, # 15 Exhibit 11C, # 16 Exhibit 11D, # 17 Exhibit 12, # 18 Exhibit 13, # 19 Exhibit 14, # 20 Exhibit 15, # 21 Exhibit 16, # 22 Exhibit 17, # 23 Exhibit 18, # 24 Exhibit 19, # 25 Exhibit 20, # 26 Exhibit 21, # 27 Exhibit 22, # 28 Exhibit 23, # 29 Exhibit 24, # 30 Exhibit 25, # 31 Exhibit 26, # 32 Exhibit 27, # 33 Exhibit 28, # 34 Exhibit 29, # 35 Exhibit 30, # 36 Exhibit 31, # 37 Exhibit 32, # 38 Exhibit 33, # 39 Exhibit 34, # 40 Exhibit 35, # 41 Exhibit 36, # 42 Exhibit 37, # 43 Exhibit 38, # 44 Exhibit 39, # 45 Exhibit 40, # 46 Exhibit 41, # 47 Exhibit 42, # 48 Exhibit 43, # 49 Exhibit 44, # 50 Exhibit 45, # 51 Exhibit 46A, # 52 Exhibit 46B, # 53 Exhibit 47, # 54 Exhibit 48, # 55 Exhibit 49A, # 56 Exhibit 49B, # 57 Exhibit 49C, # 58 Exhibit 49D, # 59 Exhibit 50A, # 60 Exhibit 50B, # 61 Exhibit 50C, # 62 Exhibit 50D, # 63 Exhibit 51, # 64 Exhibit 52, # 65 CASES, # 66 Proposed Order)No proposed order(Hartley, Christian) (Entered: 11/30/2010) |
| 12/02/2010 | 7 | NOTICE of Appearance by Zandra Lynn Johnson on behalf of General Electric Company (Johnson, Zandra) (Entered: 12/02/2010) |
| 12/02/2010 | 8 | Case Reassigned to Judge Honorable J Michelle Childs. Judge Unassigned - ASB no longer assigned to the case. (glev, ) (Entered: 12/02/2010) |
| 12/09/2010 | 9 | NOTICE of Appearance by Jennifer M Techman on behalf of CBS Corporation, Foster Wheeler Corporation, AW Chesterton Company (Techman, Jennifer) (Entered: 12/09/2010) |
| 12/16/2010 | 10 | RESPONSE in Opposition re 6 MOTION to Remand to State Court Response filed by Reliance Electric Company.Reply to Response to Motion due by 12/29/2010 (Pugh, Steven) (Entered: 12/16/2010) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 12/28/2010 14:45:38 | | |

| **PACER Login:** | jp0001 | **Client Code:** | |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 3:10-cv-02985-JMC |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | C/A No. 09-CP-40 ___8341___ |

Cathy Ann Baxley, Individually and as
Personal Representative of the Estate of
JIMMIE WILLIAMS,

                       Plaintiffs,

v.

ADVANCE AUTO PARTS, INC.
Corporate Successor to WESTERN AUTO
PARTS, INC.
A Delaware Corporation

ALCO PRODUCTS,INC
A New York Corporation

ALLEN –BRADLEY, a subsidiary of
ROCKWELL AUTOMATION, INC.
A Delaware Corporation

ALLIS CHALMERS CORPORATION
A Delaware Corporation

THE ANCHOR PACKING COMPANY
 A Delaware Corporation

AVENTIS CROPSCIENCE USA, INC.
Corporate Successor to RHONE-
POULENC, INC., Corporate Successor
to AMCHEM PRODUCTS, INC., and by
merger with Bayer CropScience a subsidiary
of Bayer Corporation
A Pennsylvania Corporation

A.W. CHESTERTON COMPANY
A Massachusetts Corporation

BONDEX INTERNATIONAL, INC.
An Ohio Corporation

Asbestos Mesothelioma
(Products liability and Bystander
Exposures)

2009 NOV 24  PM 3:30
JEANETTE W. McBRIDE
C.C.P. & G.S.
RICHLAND COUNTY
FILED

**SUMMONS**

(Wrongful Death)

Plaintiff Demands
A Jury Trial

BORG-WARNER CORPORATION )
By its successor interest to Borg-Warner )
Morse TEC, Inc. )
A Delaware Corporation )
)
CBS Corporation f/k/a VIACOM, INC., )
Successor to Westinghouse Electric )
Corporation )
A Pennsylvania Corporation )
)
CERTAINTEED CORPORATION )
A Delaware Corporation )
)
CLEAVER-BROOKS, INC. )
A Delaware Corporation )
)
COOPER US, INC. f/k/a COOPER )
INDUSTRIES, LLC individually and as )
Successor-in-interest to COOPER )
CROUSE-HINDS COMPANY, INC. )
)
COVIL CORPORATION )
A South Carolina Corporation )
)
CRANE CO. )
A Delaware Corporation )
)
DANA CORPORATION )
A Delaware Corporation )
)
DAP Products, Inc. )
A Delaware Corporation )
)
ELLIOTT COMPANY a/k/a Elliott )
Turbomachinery Company and Elliott )
Turbomachinery Co., Inc. )
A Delaware Corporation )
)
ENPRO INDUSTRIES, INC. (sued )
individually and as successor-in-interest to )
GARLOCK SEALING TECHNOLOGIES, )
LLC and GARLOCK, INC.) )
A North Carolina Corporation )
)

2

FAIRBANKS MORSE PUMP )
CORPORATION )
A Kansas Corporation )
)
FEDERAL PACIFIC ELECTRIC )
COMPANY, a subsidiary of ROCKWELL )
AUTOMATION, INC. )
A Delaware Corporation )
)
FMC Corp. individually and on behalf of )
its former Peerless Pump Division & )
Chicago Pump Division )
A Delaware Corporation )
)
FOSTER WHEELER CORPORATION )
A Delaware Corporation )
)
FORD MOTOR COMPANY )
A Delaware Corporation )
)
GARLOCK, INC. f/k/a GARLOCK )
SEALING TECHNOLOGIES )
A Delaware Corporation )
)
GARLOCK SEALING TECHNOLOGIES, )
LLC (sued individually and as successor-in )
interest to GARLOCK, INC.) )
A Delaware Corporation )
)
GARDNER DENVER, INC. )
A Delaware Corporation )
)
GENERAL ELECTRIC COMPANY )
A New York Corporation )
)
GENUINE PARTS COMPANY )
A Georgia Corporation )
)
GEORGIA-PACIFIC, LLC )
A Delaware Corporation )
)
GOULDS PUMPS, INC )
A Delaware Corporation )
)

3

HONEYWELL, INTERNATIONAL, INC.   )
f/k/a ALLIED SIGNAL   )
A Delaware Corporation   )
   )
IMO INDUSTRIES, INC. individually   )
and as successor in interest to DeLaval   )
Turbine, Inc.   )
A Delaware Corporation   )
   )
INGERSOLL-RAND COMPANY   )
A New Jersey Corporation   )
   )
JOHN CRANE, INC.   )
A Delaware Corporation   )
   )
KAISER GYPSUM COMPANY, INC.   )
A Washington Corporation   )
   )
LESLIE CONTROLS, INC.   )
A Florida Corporation   )
   )
McNALLY INDUSTRIES, INC., and as   )
successor-in-interest to Northern Pump Co.   )
A Minnesota Corporation   )
   )
NATIONAL AUTO PARTS   )
ASSOCIATION (NAPA)   )
A Georgia Corporation   )
   )
NATIONAL SERVICE INDUSTRIES,   )
INC. f/k/a North Brothers, Inc.   )
A Georgia Corporation   )
   )
NORTHERN PUMP COMPANY and as   )
Successor in interest to Northern Fire   )
Apparatus Company   )
A Minnesota Corporation   )
   )
PNEUMO ABEX, LLC, individually, and   )
As Successor to PNEUMO ABEX   )
CORPORATION and ABEX   )
CORPORATION   )
A Delaware Corporation   )
   )
RAPID AMERICAN CORPORATION   )
A Delaware Corporation   )

4

RELIANCE ELECTRIC COMPANY,                                 )
A subsidiary of ROCKWELL                                   )
AUTOMATION, INC.                                           )
A Delaware Corporation                                    )
                                                          )
REPUBLIC POWDERED METALS, INC.                            )
An Ohio Corporation                                       )
                                                          )
RILEY POWER, INC. (f/k/a D. B. RILEY,                      )
INC. f/k/a RILEY STOKER                                   )
CORPORATION                                               )
A Massachusetts Corporation                               )
                                                          )
RPM INTERNATIONAL, INC.                                   )
An Ohio Corporation                                       )
                                                          )
STERLING FLUID SYSTEMS (USA), LLC                          )
f/k/a PEERLESS PUMPS COMPANY)                             )
A Delaware Corporation                                    )
                                                          )
UNION CARBIDE CORPORATION                                 )
A New York Corporation                                    )
                                                          )
UNIROYAL CHEMICAL CO., INC.                               )
A New Jersey Corporation                                  )
                                                          )
WACO, INC. d/b/a Waco Insulation                          )
A Virginia Corporation                                    )
                                                          )
WARREN PUMPS, LLC and as successor                        )
in interest to Quimby Pumps                               )
                                                          )
WEIL-McCLAIN, INC.                                        )
A Delaware Corporation                                    )
                                                          )
WESTERN AUTO SUPPLY COMPANY                               )
A Delaware Corporation                                    )
                                                          )
YARWAY CORPORATION                                        )
A Pennsylvania Corporation                                )
                                                          )
ZURN INDUSTRIES, INC. a/k/a and as                        )
Successor by merger to Erie City Iron                     )
Works                                                     )
A Pennsylvania Corporation                                )

5

|  |  |
|---|---|
| 3M Company | ) |
| A Delaware Corporation | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**TO: DEFENDANTS:**

YOU ARE HEREBY SUMMONED and are required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscribers, at his office at Post Office Box 2492, Mount Pleasant, South Carolina 29465, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

HARTLEYLAW, LLC

Christian H. Hartley
P.O. Box 2492
Mount Pleasant, South Carolina 29465
Phone: (843) 388-1330
Fax: (803) 753-9931
**ATTORNEY FOR PLAINTIFF**

Mount Pleasant, South Carolina
November 24th, 2009

6

STATE OF SOUTH CAROLINA   )   IN THE COURT OF COMMON PLEAS
                         )
COUNTY OF RICHLAND       )   C/A No. 09-CP-40-8341

Cathy Ann Baxley, Individually and as   )
Personal Representative of the Estate of   )
JIMMIE WILLIAMS,              )
                         )   Asbestos Mesothelioma
                         )   (Products liability and Bystander
                         )   Exposures)
                         )
     Plaintiffs,             )
                         )
v.                         )
                         )
ADVANCE AUTO PARTS, INC.    )   __COMPLAINT__
Corporate Successor to WESTERN AUTO )
PARTS, INC.                  )
A Delaware Corporation         )   (Wrongful Death)
                         )
ALCO PRODUCTS,INC        )
A New York Corporation        )
                         )
ALLEN –BRADLEY, a subsidiary of   )
ROCKWELL AUTOMATION, INC.   )
A Delaware Corporation        )
                         )
ALLIS CHALMERS CORPORATION )
A Delaware Corporation        )
                         )
THE ANCHOR PACKING COMPANY  )
 A Delaware Corporation        )
                         )
AVENTIS CROPSCIENCE USA, INC.  )
Corporate Successor to RHONE-     )
POULENC, INC., Corporate Successor  )
to AMCHEM PRODUCTS, INC., and by )   Plaintiff Demands
merger with Bayer CropScience a subsidiary )   A Jury Trial
of Bayer Corporation         )
A Pennsylvania Corporation      )
                         )
A.W. CHESTERTON COMPANY    )
A Massachusetts Corporation      )
                         )
BONDEX INTERNATIONAL, INC.   )
An Ohio Corporation          )

BORG-WARNER CORPORATION )
By its successor interest to Borg-Warner )
Morse TEC, Inc. )
A Delaware Corporation )
)
CBS Corporation f/k/aVIACOM, INC., )
Successor to Westinghouse Electric )
Corporation )
A Pennsylvania Corporation )
)
CERTAINTEED CORPORATION )
A Delaware Corporation )
)
CLEAVER-BROOKS, INC. )
A Delaware Corporation )
)
COOPER US, INC. f/k/a COOPER )
INDUSTRIES, LLC individually and as )
Successor-in-interest to COOPER )
CROUSE-HINDS COMPANY, INC. )
)
COVIL CORPORATION )
A South Carolina Corporation )
)
CRANE CO. )
A Delaware Corporation )
)
DANA CORPORATION )
A Delaware Corporation )
)
DAP Products, Inc. )
A Delaware Corporation )
)
ELLIOTT COMPANY a/k/a Elliott )
Turbomachinery Company and Elliott )
Turbomachinery Co., Inc. )
A Delaware Corporation )
)
ENPRO INDUSTRIES, INC. (sued )
individually and as successor-in-interest to )
GARLOCK SEALING TECHNOLOGIES, )
LLC and GARLOCK, INC.) )
A North Carolina Corporation )
)
FAIRBANKS MORSE PUMP )

2

CORPORATION                                          )
A Kansas Corporation                                )
                                                    )
FEDERAL PACIFIC ELECTRIC                            )
COMPANY, a subsidiary of ROCKWELL                  )
AUTOMATION, INC.                                    )
A Delaware Corporation                              )
                                                    )
FMC Corp. individually and on behalf of            )
 its former Peerless Pump Division &               )
 Chicago Pump Division                             )
A Delaware Corporation                             )
                                                    )
FOSTER WHEELER CORPORATION                          )
A Delaware Corporation                             )
                                                    )
FORD MOTOR COMPANY                                  )
 A Delaware Corporation                            )
                                                    )
GARLOCK, INC. f/k/a GARLOCK                         )
SEALING TECHNOLOGIES                               )
A Delaware Corporation                             )
                                                    )
GARLOCK SEALING TECHNOLOGIES,                      )
LLC (sued individually and as successor-in         )
interest to GARLOCK, INC.)                          )
A Delaware Corporation                             )
                                                    )
GARDNER DENVER, INC.                               )
A Delaware Corporation                             )
                                                    )
GENERAL ELECTRIC COMPANY                            )
A New York Corporation                             )
                                                    )
GENUINE PARTS COMPANY                               )
A Georgia Corporation                              )
                                                    )
GEORGIA-PACIFIC, LLC                                )
A Delaware Corporation                             )
                                                    )
GOULDS PUMPS, INC                                   )
A Delaware Corporation                             )
                                                    )
HONEYWELL, INTERNATIONAL, INC.                     )
f/k/a ALLIED SIGNAL                                 )
A Delaware Corporation                             )

3

IMO INDUSTRIES, INC. individually                    )
and as successor in interest to DeLaval              )
Turbine, Inc.                                        )
A Delaware Corporation                               )
                                                     )
INGERSOLL-RAND COMPANY                               )
A New Jersey Corporation                             )
                                                     )
JOHN CRANE, INC.                                     )
A Delaware Corporation                               )
                                                     )
KAISER GYPSUM COMPANY, INC.                          )
A Washington Corporation                             )
                                                     )
LESLIE CONTROLS, INC.                                )
A Florida Corporation                                )
                                                     )
McNALLY INDUSTRIES, INC., and as                     )
successor-in-interest to Northern Pump Co.           )
A Minnesota Corporation                              )
                                                     )
NATIONAL AUTO PARTS                                  )
ASSOCIATION (NAPA)                                   )
A Georgia Corporation                                )
                                                     )
NATIONAL SERVICE INDUSTRIES,                         )
INC. f/k/a North Brothers, Inc.                      )
A Georgia Corporation                                )
                                                     )
NORTHERN PUMP COMPANY and as                         )
Successor in interest to Northern Fire               )
Apparatus Company                                    )
A Minnesota Corporation                              )
                                                     )
PNEUMO ABEX, LLC, individually, and                  )
As Successor to PNEUMO ABEX                          )
CORPORATION and ABEX                                 )
CORPORATION                                          )
A Delaware Corporation                               )
                                                     )
RAPID AMERICAN CORPORATION                           )
A Delaware Corporation                               )
                                                     )
RELIANCE ELECTRIC COMPANY,                           )
A subsidiary of ROCKWELL                             )

4

AUTOMATION, INC.                                  )
A Delaware Corporation                            )
                                                  )
REPUBLIC POWDERED METALS, INC.                    )
An Ohio Corporation                               )
                                                  )
RILEY POWER, INC. (f/k/a D. B. RILEY,             )
INC. f/k/a RILEY STOKER                           )
CORPORATION                                       )
A Massachusetts Corporation                       )
                                                  )
RPM INTERNATIONAL, INC.                           )
An Ohio Corporation                               )
                                                  )
STERLING FLUID SYSTEMS (USA), LLC)
f/k/a PEERLESS PUMPS COMPANY)                     )
A Delaware Corporation                            )
                                                  )
UNION CARBIDE CORPORATION                         )
A New York Corporation                            )
                                                  )
UNIROYAL CHEMICAL CO., INC.                       )
A New Jersey Corporation                          )
                                                  )
WACO, INC. d/b/a Waco Insulation                  )
A Virginia Corporation                            )
                                                  )
WARREN PUMPS, LLC and as successor                )
in interest to Quimby Pumps                       )
                                                  )
WEIL-McCLAIN, INC.                                )
A Delaware Corporation                            )
                                                  )
WESTERN AUTO SUPPLY COMPANY                       )
A Delaware Corporation                            )
                                                  )
YARWAY CORPORATION                                )
A Pennsylvania Corporation                        )
                                                  )
ZURN INDUSTRIES, INC. a/k/a and as                )
Successor by merger to Erie City Iron             )
Works                                             )
A Pennsylvania Corporation                        )
                                                  )
3M Company                                        )
A Delaware Corporation                            )

5

|  | ) |
|---|---|
| Defendants. | ) |
|  | ) |

Now come Plaintiff, Cathy Ann Baxley, individually and as Personal Representative of the Estate of Jimmie Williams, (hereinafter referred to as "Plaintiff"). Jimmie Williams, was a citizens and resident of the State of South Carolina at the time of his death, therefore Plaintiff's estate sue the Defendants and allege as follows:

## JURISDICTION

1) That, as is evidenced by the caption of the instant Complaint, which is specifically incorporated herein, some of the Defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long-Arm Statute. Each defendant mined, manufactured, processed, imported, converted, compounded, used, distributed, retailed, and/or otherwise caused Plaintiff to be exposed to substantial amounts of asbestos and asbestos-related materials which are sold, distributed, and used in South Carolina. Plaintiff, Jimmie Williams, was exposed to various asbestos-containing products both while working as a pipefitter in Virginia and at various locations in South Carolina. That certain asbestos-containing materials were manufactured at plant sites located within the State of South Carolina. That such exposure at work and while doing work around the house in South Carolina contributed in part to Plaintiff's contraction of mesothelioma and other industrial dust diseases cause by breathing Defendants' asbestos-containing products. Plaintiff died in the State of South Carolina on September 8, 2008.

2) Plaintiffs disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

3) Plaintiffs specifically aver that their claims against CBS Corporation, Foster-Wheeler USA Corporation, Garlock Sealing Technologies, LLC, General Electric Company, and Ingersoll-Rand Company, among others, are based only on Plaintiff's land-based civilian employment.

## FOR A FIRST CAUSE OF ACTION

4) Defendants, and each of them, are or at times relevant thereto, were miners, manufacturers, processors, importers, distributors, converters, compounders, users, and/or retailers of asbestos and asbestos-related materials.

6

5) The Defendants, acting through their agents, servants, and/or employees cause, and have caused in the past, certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by Plaintiff and/or Plaintiff was exposed to such products being used by others.

6) Plaintiff worked at various jobs, did substantial home remodeling, work as an auto mechanic and then became a pipefitter. Throughout the rest of his life he continued to do mechanic work for his family and friends and engaged in home remodeling when not working at the shipyard. For a long period of time, Plaintiff worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, distributed, used, compounded and/or sold by the Defendants, some of the exposure being within the State of South Carolina.

7) During the course and scope of his employment, Plaintiff has been exposed to Defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop mesothelioma and other industrial dust diseases caused by breathing Defendants' asbestos-containing products. Certain Defendants caused Plaintiff to be exposed to asbestos when their employers released asbestos.

8) The illness, disability and death of Plaintiff are the direct and proximate result of the negligence, recklessness, and willfulness of the Defendants, jointly and severally, in that they produced, sold, and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the Defendants, and each of them, knew were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

9) The illness, disability and death of Plaintiff are the direct and proximate result of the negligence, recklessness, and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-related materials were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health, and the Defendants nonetheless:

    (a) Failed to advise Plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

    (b) Failed or omitted to provide Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

    (c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-related materials to warn the handlers thereof of the dangers to their health in coming in contact with said asbestos and asbestos materials;

7

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-related materials;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they knew of the dangers and cancer-causing effects, and up until the present time;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

(h) Continued to use a known cancer-causing product, to wit: asbestos;

(i) Continued to expose Plaintiff to asbestos released by others.

10) At all times relevant, it was feasible for Defendants to have warned Plaintiffs, removed their asbestos and asbestos-containing materials, designed safer asbestos products, and/or substituted asbestos-free products.

11) As a result of Defendants' negligence, recklessness, and willfulness, Plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

12) Plaintiff repeats the allegations of the First Cause of Action where relevant.

13) That subsequent to the time the Defendants caused the asbestos and asbestos-related materials to be sold, placed in buildings and on jobsites, or otherwise used, the Defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using buildings or on jobsites, but nevertheless, the Defendants negligently and recklessly failed and refused to warn and advise Plaintiff of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing asbestos and asbestos-related materials even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the Defendants have refused to provide that information to Plaintiff, despite the Defendants' knowledge that their asbestos and asbestos-related materials contaminated Plaintiff's buildings and jobsites.

14) Plaintiff has furthermore suffered continuing and lingering injury to himself due to the Defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, caused repeated and continuing injury to Plaintiff.

8

15) That, as a proximate result of the aforesaid acts of the Defendants, and the continued presence of asbestos and asbestos-related materials in buildings and on jobsites, Plaintiff has been damaged as herein set forth.

### FOR A THIRD CAUSE OF ACTION

16) Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

17) The Defendants, and each of them, impliedly warranted that said asbestos and asbestos-related materials were of good and merchantable quality and fit for their intended use.

18) The implied warranty made by the Defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein Plaintiff carried out his duties as a mechanic, handyman, and pipefitter working with and around asbestos and asbestos-related materials.

19) As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit: mesothelioma and other industrial dust diseases caused by breathing Defendants' asbestos and asbestos-related materials.

### FOR A FOURTH CAUSE OF ACTION

20) Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

21) Plaintiff further alleges that at the time the Defendants, and each of them sold, distributed, used, and/or delivered the aforesaid asbestos and asbestos-related materials and at the time said asbestos and asbestos-related materials were used by Plaintiff in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous, and highly harmful to Plaintiff's body.

22) The above was the proximate cause of the severe damages and death sustained by Plaintiff as hereinafter set forth.

### FOR A FIFTH CAUSE OF ACTION

23) Plaintiff repeats the allegations of the First, Second, Third, and Fourth Causes of Action where relevant.

9

24) That at various times from 1929 to the filing of this lawsuit, Defendants had actual knowledge of the dangers to Plaintiff of asbestos exposure, nevertheless, Defendants deliberately, intentionally, and purposefully withheld such information from Plaintiff, thus denying Plaintiff the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of Defendants' intentional acts being as follows:

   a) Failing to warn prior users of the need for monitoring due to prior asbestos exposure;
   b) Never issued recall-type letters or notices to prior users;
   c) Frustrated the publication of articles on the asbestos health hazards in the literature;
   d) Top management officials of Defendants rejected advice of other corporate officials to warn of the hazards of their asbestos and asbestos-related materials; such rejection by top management officials being motivated by the possibility of adverse effects on profits;
   e) Intentional inadequacy and delay of use of warnings on asbestos and asbestos-related materials;
   f) Failed to advise Plaintiff of medical findings known to Defendants concerning the dangers of asbestos exposure;
   g) Suppressed the dissemination of information to Plaintiff concerning the hazards of asbestos exposure.

25) The foregoing deliberate, intentional, and purposeful acts of the Defendants were the direct and proximate cause of Plaintiff's injuries and damages hereinafter described, and Plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

26) Plaintiff repeats the allegations of the First, Second, Third, Fourth, and Fifth Causes of Action where relevant.

27) That during, before, and after Plaintiff's exposure to asbestos and asbestos-related materials manufactured by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure to Plaintiff in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff. And while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

28) The foregoing representations were material conditions precedent to Plaintiff's continued exposure to asbestos and asbestos-related materials and Defendants each intended that Plaintiff act upon the representations by continuing his exposure to the asbestos and asbestos-related materials. Plaintiff was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

10

29) As a direct and proximate result of Plaintiff's reliance upon Defendants' false representations, Plaintiff has suffered injury and damages hereinafter described.

## FOR A SEVENTH CAUSE OF ACTION

30) Plaintiff repeats the allegations of the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action where relevant.

31) The Defendants had a post-sale duty to warn, which duty was breached and, as a result, Plaintiff suffered injury and damages as hereinafter described.

## WRONGFUL DEATH CLAIM

32) All of the paragraphs above are incorporated by reference.

33) Plaintiff brings this cause of action for Jimmie Williams' wrongful death pursuant to S.C. Code § 15-51-10 (2008), for the benefit of herself, Cathy Ann Baxley, as Mr. William's daughter and as personal representative of the Estate of Jimmie Williams, and his other children Jimmie Williams, Jr. and Keith Scott Williams.

34) As a direct and proximate result of the negligence, recklessness, carelessness and intentional actions of Defendants as described above, Jimmie Williams died and the beneficiaries under the South Carolina law have and will endure grief, sorrow, loss of his love, society and comfort, loss of his advice and guidance and they have been otherwise seriously damaged. Moreover, funeral and medical expenses were incurred and Plaintiff prays for judgment against Defendants in such amount of actual and punitive damages as the trier of fact may determine.

## SURVIVAL ACTION CLAIM

35) Paragraphs 1 through 15 are incorporated by reference.

36) Plaintiff brings this cause of action for Jimmie Williams' pain and suffering prior to his untimely death, for the benefit of his Estate, pursuant to S.C. Code § 15-5-90 (Survival Action).

37) As a direct and proximate result of the negligence, recklessness, carelessness and intentional actions of Defendants as described, Jimmie Williams endured pain, suffering, mental anguish and distress until his untimely death, and Plaintiff prays for judgment against Defendants in such amount of actual and punitive damages as the trier of fact may determine.

## (CONSORTIUM CLAIM)

38) Plaintiff repeats the allegations of the portions of the above causes of actions where relevant.

11

39) As a direct and proximate result of the injuries, death and damages complained of herein, and as a direct and proximate result of the acts and omissions of the defendants, Plaintiff Cathy Ann Baxley has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her father during the time prior to his death.

40) As a direct and proximate result of the injuries, death and damages complained of herein, and as a direct and proximate result of the acts and omissions of the Defendants, Cathy Ann Baxley, Jimmie Williams, Jr. and Keith Scott Williams have also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of their father.

WHEREFORE, Plaintiff prays judgment, joint and several, against the Defendants for compensatory, punitive damages and any other damages allowed by applicable law in amounts to be determined by the trier of fact, and the costs of this action.

HARTLEYLAW, LLC

CHRISTIAN H. HARTLEY
HARTLEYLAW, LLC
P.O. Box 2492
Mount Pleasant, South Carolina 29465

ATTORNEY FOR PLAINTIFFS

Nov. 24, 2009.
Mount Pleasant, South Carolina

12

# EXHIBIT B

EXHIBIT "2"

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| COUNTY OF GREENVILLE ) | |
| INRE: ) | |
| ) | |
| ASBESTOS LITIGATION ) | |
| COORDINATED DOCKET ) | |
| _____ ) | |

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |

| | |
|---|---|
| Cathy Ann Baxley, Individually and as ) | Civil Action No. 09-CP-40-8341 |
| Personal Representative of the Estate of ) | |
| Jimmie Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ADVANCE AUTO PARTS, INC. ) | |
| Corporate Successor to WESTERN ) | |
| AUTO PARTS, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MASTER SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 33(b) and 34 of the South Carolina Rules of Civil Procedure, and pursuant the Master Discovery/Scheduling Order dated September 30, 2010 issued by Judge D. Garrison Hill, as Administrative Judge for asbestos litigations in the Circuit courts for the State of South Carolina, the undersigned attorneys for Plaintiff hereby submit the following Responses to Interrogatories and Requests for Production of Documents notwithstanding the following objections:

### GENERAL OBJECTIONS

1.      The following answers are made subject to and without waiver of any objections to the admissibility of these responses or any part thereof at trial or otherwise. In addition, Plaintiff reserves the right to amend, modify or supplement these answers prior to trial of this case.

2.      Plaintiff objects to Defendant's Interrogatories and Request for Production to the extent that the information sought has or could have been obtained from other sources that were or are more convenient, less burdensome and less expensive.

3.      Plaintiff objects to Defendant's Interrogatories and Request for Production to the extent that they seek information protected by the attorney-client privilege or the work-product doctrine.

4.      Plaintiff objects to Defendant's Interrogatories and Request for Production to the extent that they exceed the scope of discovery permitted by the South Carolina Rules of Civil Procedure.

5.      The Plaintiff objects to Defendant's Interrogatories and Request for Production to the extent that they seek to impose an undue burden on the Plaintiff.

6.      The following answers are based upon information presently available to Plaintiff after good faith investigation and in light of the present state or discovery. Said answers are made without prejudice to Plaintiff's right to rely on subsequently discovered facts and documents. Plaintiff reserves the right to supplement these answers upon its further investigation and acquisition of information or documents that it does not possess, recall or have in its possession at the present time.

## INTERROGATORIES

1.      Identify all documents of which plaintiffs have knowledge that relate to the allegations that plaintiffs are entitled receive punitive or exemplary damages.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it is premature, vague, overly broad, and unduly burdensome. Furthermore, Defendants know or should know how its acts and/or omissions justify the imposition of punitive damages. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits she will offer as evidence to Defendant's wrongful conduct as outlined by this interrogatory. Plaintiff likely will offer state of the art evidence, opinion evidence from experts and testimony from Defendants which supports the claims made in the Complaint. Plaintiff reserves the right to supplement this answer as discovery is ongoing.

2.      Identify all persons that plaintiffs believe have knowledge of facts or opinions that relate to the allegations that plaintiffs are entitled to receive punitive or exemplary damages.

RESPONSE:

Plaintiff objects to this request on the grounds that it is vague, overly broad, unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff responds as follows:

As Plaintiff is currently conducting discovery, Plaintiff is unable to respond to this interrogatory with specificity and particularity. Subject to, and without waiving her objections, Plaintiff believes the likely witnesses (in person or by deposition) will be include but may not be limited to the following:

a.  Cathy Ann Baxley

    i.      12 Yorkshire Terrace, Hampton, VA 23666

    ii.     No written or recorded statements

b.  Jimmie Williams, Jr.

3

     i.     **9235 Lefty Road, Kenly NC 27542**

     ii.    **No written or recorded statements**

  c.  **The treating physicians of Plaintiff's decedent.**

    **Plaintiff reserves the right to amend or supplement this response.**

3.    If plaintiffs contend that there is prior testimony relates to the claim for punitive or exemplary damages. please state the following:

    (a)    Date and place of the prior testimony and identity of cause in which it was taken;

    (b)    Identify the person making the prior testimony;

    (c)    Describe the form in which the prior testimony exists, (Le., written, typed. recorded, etc.);

    (d)    Identify the custodian of the prior testimony; and

    (e)    Identify the person who obtained the prior testimony.

**RESPONSE:**

    Plaintiff objects to this request on the grounds that it is vague, confusing overly broad, and unduly burdensome. Furthermore, Defendants know or should know their prior testimony and how it relates to the claim for punitive and/or exemplary damages. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

    Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits she will propose as evidence to Defendants' wrongful conduct as outlined by this interrogatory. Plaintiff reserves the right to supplement this response as discovery is ongoing. In addition, Plaintiff anticipates the family members, the treating physicians, corporate witnesses and expert witnesses offering testimony responsive to this interrogatory. In addition, Defendants and their employees have likely given prior

testimony in asbestos litigation. Defendants, their insurers, and/or their counsel may have additional information about the location of copies of the former testimony.

4.      Identify all documents of which plaintiffs have knowledge. including but not limited to medical articles, medical journals. case reports, textbooks, abstracts, or synopses, which plaintiffs, believe relate to their position on the "state-of-the-art" defense.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders.  Plaintiff has yet to determine which documents she believes relates to her position on the "state-of-the-art" defense. Plaintiff reserves the right to supplement this response as discovery is ongoing.  At an appropriate time, Plaintiff will provide a list of state-of-the-art material as part of the exhibit list.  Defendants own corporate documents would also be relevant to the state-of-the-art defense.  Plaintiff will supplement this response in the form of exhibit lists at the appropriate time.

5.      Identify all persons whom plaintiffs expect to call as witnesses at trial, including a summary of the testimony that each witness is expected to give.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is vague, overly broad, unduly burdensome.  Notwithstanding the aforementioned objections, Plaintiff responds as follows:

As Plaintiff is currently conducting discovery, Plaintiff is unable to respond to this interrogatory with specificity and particularity.  Subject to, and without waiving her objections, Plaintiff believes the likely witnesses (in person or by deposition) will be include but may not be limited to the following:

a. **Cathy Ann Baxley**

Mrs. Baxley can testify to the nature of Mr. Williams injury including but not limited to his hospitalization and gradual inability to perform basic functions leading up to this death.

b. **Jimmie Williams, Jr.**

Mr. Williams, Jr. has knowledge regarding Mr. Williams' work history. He also has knowledge regarding Mr. Williams' work performed on vehicles and on his personal residence.

c. **John C. Maddox**

Dr. Maddox is expected to testify that: Decedent suffered from mesothelioma. Decedent's mesothelioma was a substantial contributing factor in causing his death. Based upon Decedent's occupational exposure to asbestos, his mesothelioma was caused by his exposure to asbestos-containing products and/or by the exposure to asbestos created by the use or manipulation of such products when Decedent performed work on vehicles and his personal residence and possibly through exposures the Newport News Shipyard. Dr. Maddox is expected to testify about the general pathology of asbestos-related diseases, their effects, and their progressive, irreversible and preventative nature. Dr. Maddox is expected to testify as to the different fiber types of asbestos and their respective toxicity. Dr. Maddox is expected to testify as to the reasonable and necessary medical expenses incurred by Plaintiff. Dr. Maddox is expected to testify as to the manner and method that specific tests were performed, including, but not limited to microscopic, histochemical, and pathological examinations of the tissue. The witness may testify as to the exhibits that have been or may be admitted in evidence in this matter. He may testify about PEL's and TLV's. He may testify about smoking being addictive. Dr. Maddox is expected to testify as to the physiological design and function of the lungs, the effects of asbestos on the lungs and other parts of the body, and on the body's defense mechanisms. Dr. Maddox is also expected to testify concerning the scientific literature on the

biological and toxicological effects of asbestos written by himself and others. He may testify as to his review of the literature and the opinions and conclusions contained in that scientific literature. He will discuss the types of cancer risks from asbestos exposure.

Dr. Maddox is also expected to testify as to his skill, knowledge, experience, training and education in the field of medicine. The witness will testify as to those matters contained within his curriculum vitae, including his many publications, presentations, and honors.

Dr. Maddox is expected to base his opinions and conclusions on his review of Decedent's pathology materials, medical records, death certificate, the scientific literature, employment records, depositions taken in this case, the testimony (when available) of Decedent, Decedent's co-workers, , Decedent's family members, and Plaintiff's experts.

d. Barry L. Castleman

Dr. Castleman may testify about asbestos and the diseases caused by asbestos generally. Dr. Castleman may testify that based on the medical and scientific literature available to Defendants, and/or on the studies they conducted or the information available to them as members of trade associations, or from state or federal governmental agencies, Defendants knew or should have known that their asbestos-containing products or use of asbestos-containing products by Defendants, including Premises Defendants and Railroad Defendants, could cause disease. Dr. Castleman may testify as to his review of the literature and the opinions and conclusions contained in that literature. Dr. Castleman may testify regarding the availability of materials as substitutes for asbestos and when information concerning these substitute materials appeared in the medical and scientific literature. Dr.Castleman may testify regarding exposure levels of asbestos, at what levels asbestos may cause disease, and as to when this was known in the medical and scientific literature. Dr. Castleman may also testify as to his review of the documents, including those entered into evidence, and testimony

pertaining to Defendants, and as to his conclusions reached therefrom that Defendants were negligent, are strictly liable, and acted with wanton and willful disregard for the rights and safety of Plaintiff. Dr. Castleman may also testify as to the hazardous nature of all types of asbestos and all types of asbestos-containing products and as a result, that such asbestos and/or asbestos-containing products are unreasonably dangerous. He may also testify that Defendants engaged in negligent and grossly negligent conduct in failing to recall their asbestos-containing products from the market, in failing to warn of the dangers of their products or, with respect to the Premises Defendant(s) and Railroad Defendant(s), suppliers, and contractors, in using asbestos-containing products. Further, Dr. Castleman may testify that all Defendants conspired to suppress information pertaining to the hazards of asbestos, exposure to asbestos-containing products, and the diseases resulting therefrom. Dr. Castleman may testify that, based on epidemiological studies, Plaintiff's asbestos-related disease was caused by his exposure to Defendant's asbestos-containing products, or, with respect to premises cases, to asbestos-containing products manufactured by other entities while working at Premises Defendants' facilities. Dr. Castleman may also testify that Defendants engaged in negligent and grossly negligent conduct in failing to warn its/their employees and persons working at Defendant's facility of the dangers of asbestos, in failing to provide safety equipment for protection from asbestos exposure and in failing to provide a safe working environment. Consequently, Defendants deprived Plaintiff of the right to make an informed choice concerning his exposure to asbestos-containing products. Defense counsel are in possession of numerous transcripts of Dr. Castleman's prior testimony within which his opinions concerning this subject have been fully explored.

e. **Treating Physicians**

The treating physicians have knowledge regarding Mr. William's medical history and possible asbestos related exposures.

6.      Identify all documents which plaintiffs expect to offer as evidence at trial.

**RESPONSE:**

**Plaintiff objects to this request on the grounds that it is irrelevant, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:**

**Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which documents will be proposed as evidence at trial. Plaintiff reserves the right to supplement this response as discovery is ongoing. Plaintiffs anticipate offering medical records, medical bills, employment records, Defendants' corporate documents and state of the art documents as evidence in this case. Plaintiffs reserve the right to supplement or amend this list.**

7.      Identify all persons whom plaintiffs expect to call as expert witnesses at trial, and as to each such person, provide a summary of the testimony each witness is expected to give.

**RESPONSE:**

**Plaintiff anticipates offering the expert testimony of Decedent's treating physicians. Plaintiff also names the following expert witnesses:**

    a.  **John C. Maddox**

       **See response to interrogatory number 5.**

    b.  **Barry L. Castleman**

       **See response to interrogatory number 5.**

    c.  **Treating Physicians**

       **See response to interrogatory number 5.**

**Plaintiff reserves the right to supplement or amend this list.**

9

8.    Identify all persons whom plaintiffs have retained or employed in anticipation of litigation or for trial preparation purpose whom the plaintiffs do not expect to call as expert witnesses at trial.

**RESPONSE:**

**Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to the extent that this interrogatory seeks privileged information. Subject to and without waiving this objection, Plaintiff states she has not determined which expert witnesses she will call at trial. Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders.**

9.    State all facts and opinions on which plaintiffs rely in alleging that plaintiffs are entitled to punitive or exemplary damages, include in your response a detailed description of all activities of each named defendant which plaintiff allege justify the imposition of punitive damages

**RESPONSE:**

**Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Furthermore, Defendants know or should know how its acts and/or omissions justify the imposition of punitive damages. Notwithstanding the aforementioned objections, Plaintiff answers as follows:**

**Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be offered as evidence to Defendants' wrongful conduct as outlined by this interrogatory. Plaintiff likely will offer state of the art evidence, opinion evidence from experts and testimony from Defendants which support the claims made in the Complaint. Plaintiff reserves the right to supplement this answer as discovery is ongoing.**

10.   Identify all documents of which plaintiffs have knowledge including but not limited to sales literature, promotion material technical or education literature, or intra-corporate memoranda, which were

produced, distributed or maintained by any defendant which plaintiffs believe relate to any matter at issue in this litigation.

**RESPONSE:**

**Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:**

**Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits she will propose as evidence to Defendants' wrongful conduct as outlined by this interrogatory. Plaintiff reserves the right to supplement this response as discovery is ongoing.**

11.     Identify and describe with particularity each written express warranty or guaranty, if any which plaintiffs believe they received in connection with the use of any products sold or distributed by defendant.

**RESPONSE:**

**Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:**

**Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine specific documents as outlined by this interrogatory. Plaintiff anticipates that the various Defendants offered written express warranties or guaranties in written form for products and services. Contracts and other documents likely will be recovered in discovery which will be responsive. Plaintiff reserves the right to supplement this response as discovery is ongoing.**

12.     Identify and describe with particularity each oral or express warranty or guaranty, if any, which plaintiffs believe they received in connection with the use of any products sold or distributed by defendant.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine the existence of specific oral representations as outlined by this interrogatory. Defendants' witnesses may have such responsive information. Plaintiff anticipates that the various Defendants offered written express warranties or guaranties in written form for products and services and that, as part of the ordinary course of business, had verbal discussions with distributors, employees and/or suppliers about their products and services. Plaintiff reserves the right to supplement this response as discovery is ongoing.

13.     Identify and describe with particularity every implied warranty or guaranty, if any, which plaintiffs believe they received in connection with the use of any products sold or distributed by defendant.

RESPONSE:

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, unduly burdensome and calls for a legal conclusion. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine the existence of specific written and/or oral representations as outlined by this interrogatory. Defendants' witnesses and employees may have such responsive information. Plaintiff anticipates that the various Defendants offered oral and/or written express warranties or guaranties in written form for products and services and that, as part of the ordinary course of business, had verbal discussions with suppliers, distributors and/or employees about their products and services. The sum of communications may have given rise to

implied warranties and/or guarantees under applicable law. Plaintiff reserves the right to supplement this response as discovery is ongoing.

14.    Identify all documents which relate to plaintiffs allegations that any defendant has breached any warranties given in connection with the sale or distribution of any asbestos products used by any plaintiff.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, unduly burdensome and calls for a legal conclusion. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine what documents, if any are responsive. Plaintiff reserves the right to supplement this response as discovery is ongoing.

15.    State all facts and opinions on which plaintiffs rely in alleging that defendants breached any warranties which may have been given in connection with the sale or distribution of any asbestos products used by any plaintiff.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, unduly burdensome and calls for a legal conclusion. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff understands that Defendants made, distributed, sold, used, or otherwise exposed (or caused others to expose) Decedent to dangerous levels of asbestos, that there is no safe level of exposure to asbestos, that Defendants knew or should have known of these dangers and the dangers of asbestos, Defendants failed to investigate the hazards and/or test their products,

13

that Defendants failed to use available, safer alternative materials, that Defendants failed to warn or failed to adequately warn Plaintiff, and that Defendants caused and/or substantially contributed to causing Plaintiff's injuries. Plaintiff reserves the right to supplement this response as discovery is ongoing.

16.     State all facts and opinions on which plaintiffs rely in alleging that defendants acted negligently with respect to the plaintiffs.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, unduly burdensome and calls for a legal conclusion. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be proposed as evidence to Defendants' negligence as outlined by this interrogatory. Plaintiff understands that Defendants made, distributed, sold, used, or otherwise exposed (or caused other to expose) Decedent to dangerous levels of asbestos, that there is no safe level of exposure to asbestos, that Defendants knew or should have known of these dangers and the dangers of asbestos, Defendants failed to investigate the hazards and/or test their products, that Defendants failed to use available, safer alternative materials, that Defendants failed to warn or failed to adequately warn Decedent, and that Defendants caused and/or substantially contributed to causing Decedent's injuries. Plaintiff reserves the right to supplement this response as discovery is ongoing.

17.     Identify all documents of which plaintiffs have knowledge which relate to plaintiffs claim that defendants acted negligently with respect to the plaintiffs.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is vague, overly broad, and unduly burdensome. Furthermore, Defendants knows or should know how its acts and/or omissions amount to negligence. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be proposed as evidence to Defendants' wrongful conduct as outlined by this interrogatory. Plaintiff reserves the right to supplement this response as discovery is ongoing. Plaintiff understands that Defendants made, distributed, sold, used, or otherwise exposed (or caused others to expose) Decedent to dangerous levels of asbestos, that there is no safe level of exposure to asbestos, that Defendants knew or should have known of these dangers and the dangers of asbestos, Defendants failed to investigate the hazards and/or test their products, that Defendants failed to use available, safer alternative materials, that Defendants failed to warn or failed to adequately warn Decedent, and that Defendants caused and/or substantially contributed to causing Plaintiff's injuries. Plaintiff reserves the right to supplement this response as discovery is ongoing.

18.  State all facts or opinions upon which plaintiffs rely in alleging that defendants are strictly liable in tort for injuries that may have been suffered by plaintiffs.

RESPONSE:

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be proposed as evidence to Defendants' wrongful conduct as outlined by this interrogatory. Plaintiff reserves the right to supplement this response as discovery is ongoing. Plaintiff understands that Defendants made,

15

distributed, sold, used, or otherwise exposed (or caused others to expose) Decedent to dangerous levels
of asbestos, that there is no safe level of exposure to asbestos, that Defendants knew or should have
known of these dangers and the dangers of asbestos, Defendants failed to investigate the hazards
and/or test their products, that Defendants failed to use available, safer alternative materials, that
Defendants failed to warn or failed to adequately warn Decedent, and that Defendants caused and/or
substantially contributed to causing Decedent's injuries.  Plaintiff reserves the right to supplement
this response as discovery is ongoing.

19.    Identify all documents of which plaintiffs have knowledge which relate to plaintiffs claim that
defendants are strictly liable in tort for injuries which may have been suffered by plaintiffs.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and
unduly burdensome.  Furthermore, Defendants know or should know they are strictly liable for their
tortuous conduct.  Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case
management orders.  Plaintiff has yet to determine which documents in her possession and/or which
will be obtained in discovery relate to the strict liability claims in this case.  None of the asbestos
products at issue in this case appeared to be as dangerous as they were or like they would ultimately
cause Mr. Williams' death from a painful cancer.  Nothing about the asbestos products or uses of
asbestos products would lead the reasonable person to believe that he was at risk of suffering a fatal
disease in the future.  Plaintiff reserves the right to supplement this response as appropriate.

20.    State all facts and opinions upon which plaintiffs rely in claiming that products sold by defendants
and used by plaintiffs were "unreasonably dangerous."

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Furthermore, Defendants know or should know how their products were "unreasonably dangerous." Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which documents in her possession or which will be obtained in discovery relate to the strict liability claims in this case. None of the asbestos products at issue in this case appeared to be as dangerous as they were or like they would ultimately cause Mr. Williams' death from a painful cancer. Nothing about the asbestos products or uses of asbestos products would lead the reasonable person to believe that he was at risk of suffering a fatal disease in the future. Plaintiff reserves the right to supplement this response as appropriate.

21.     Identify all documents of which plaintiffs have knowledge which relate to plaintiffs claim that products sold by defendants and used by plaintiffs were "unreasonably dangerous."

RESPONSE:

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Furthermore, Defendants knows or should know how their products were "unreasonably dangerous." Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to discover which documents in her possession or which will be obtained in discovery relate to the strict liability claims in this case. None of the asbestos products at issue in this case appeared to be as dangerous as they were or like they would ultimately cause Mr. Williams' death from a painful cancer. Nothing about the asbestos products or uses of asbestos

products would lead the reasonable person to believe that he was at risk of suffering a fatal disease in the future. Plaintiff reserves the right to supplement this response as appropriate.

22.    If plaintiffs contend that there is prior testimony that relates to plaintiffs' claim that defendants' products used by plaintiffs were "unreasonably dangerous," please state the following:

    (a)    Date, location, jurisdiction and title of cause of said prior testimony;

    (b)    identify the person making the prior testimony;

    (c)    Describe the form in which the prior testimony exists. (i.e" written, typed, recorded, etc.);

    (d)    Identify the custodian of the prior testimony; and

    (e)    Identify the person who obtained the prior testimony.

**RESPONSE:**

    Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome.  Furthermore, Defendants know or should know their own prior testimony. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

    Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders.  Plaintiff has yet to determine which exhibits she will propose as evidence as outlined by this interrogatory. Plaintiff reserves the right to supplement this response as discovery is ongoing.  Plaintiff believes that Defendants and their employees have likely given prior testimony in asbestos litigation.  Defendants, their insurers, and/or their counsel may have additional information about the location of copies of the former testimony.

23.    Identify all written statements or transcriptions of oral statements of any defendant to this action, or agent, employee, representative, former agent, former employee. or former representative of any defendant that plaintiffs contend are relevant to the subject matter of these lawsuits.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, unduly burdensome and seeking information more properly discovered from Defendants. Notwithstanding the aforementioned objections, Plaintiff responds as follows:

As Plaintiff is currently conducting discovery, Plaintiff is unable to respond to this interrogatory with specificity and particularity. Subject to, and without waiving the objections, Plaintiff believes each Defendant has been involved in prior litigation involving claims of injury from asbestos. As such, it is likely that Defendants' employees, former employees and others have given deposition testimony, written affidavits and/or testified at trial. Plaintiff anticipates family members (siblings and children), treating physicians and expert witnesses may also testify at trial (live or by deposition). Plaintiff reserves the right to supplement or amend this list.

24.    Identify all photographs, charts, drawings, diagrams, or other graphic representations or documents made by or on behalf of plaintiffs which relate to the illnesses, relevant working conditions, or other circumstances complained of in these actions or related to the subject matter of these actions.

RESPONSE:

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be use as demonstrative aids which relate to the illnesses, relevant working conditions, or other circumstances complained of in these actions. Plaintiff reserves the right to supplement this response as discovery is ongoing.

25.    Identify all written statements which plaintiffs have made that relate to the facts of these lawsuits and the damages claimed, including but not limited to statements made to any police or law officer,

insurance company representative, investigator, state or federal agents, representative or employee of any kind.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Notwithstanding the aforementioned objections, Plaintiff answers as follows: None.

26. Identify all investigations or other reports that have been prepared, compiled, submitted, conducted, or made by plaintiffs or anyone acting in their behalf which relate to the subject matter action.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this interrogatory to the extent it calls for privileged information. Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Notwithstanding the aforementioned objections, Plaintiff answers as follows: None.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents identified in response to the foregoing interrogatories.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be used at trial. Plaintiff reserves the right to supplement this response as discovery is ongoing.

2.    All documents referred to in preparing the answers to the foregoing interrogatories.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be used at trial. Plaintiff reserves the right to supplement this response as discovery is ongoing.

3.    Each plaintiffs' Federal and State income tax returns for the past three (3) years.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will execute authorized releases provided by Defendants to obtain relevant income tax records.

4.    All damage studies, damage reports or damage analyses, or any and all other documents containing any mention of facts or opinions which relate to plaintiffs' claims for damages suffered as a result of acts of any of the defendants.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks disclosure of information protected as work product and/or under attorney-client privilege. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be used at trial. However,

plaintiff has previously produced the medical records and billing from Marion County Hospital to Defendants via electronic mail on October 18, 2010. In addition and compliance with this request Plaintiff includes herewith a copy of Plaintiff's decedent's death certificate. Plaintiff reserves the right to supplement this response as discovery is ongoing.

5.      All correspondence between any defendants and any other person which plaintiffs contend relate to any matter at issue in this litigation.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks disclosure of information protected as work product and/or under attorney-client privilege. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be used at trial. Plaintiff reserves the right to supplement this response as discovery is ongoing.

6.      All documents which relate to or identify insulation projects or jobs upon which each plaintiff worked.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks disclosure of information protected as work product and/or under attorney-client privilege. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be used at trial. Plaintiff reserves the right to supplement this response as discovery is ongoing.

7.     All documents which relate to or identify asbestos-containing materials with which each plaintiff may have worked.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks disclosure of information protected as work product and/or under attorney-client privilege. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be used at trial. Plaintiff reserves the right to supplement this response as discovery is ongoing.

8.     All packaging materials which plaintiffs allege were used in packaging asbestos containing materials.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks disclosure of information protected as work product and/or under attorney-client privilege. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will comply with the South Carolina Rules of Civil Procedure and all applicable case management orders. Plaintiff has yet to determine which exhibits will be used at trial. Plaintiff reserves the right to supplement this response as discovery is ongoing.

9.    All medical, doctor or hospital reports, summaries, test results, or other records of any type which relate to each plaintiffs medical history and/or current medical condition.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks disclosure of information protected as work product and/or under attorney-client privilege. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff sent all counsel of record copies of medical and billing records from Marion County Medical Center on October 18, 2010 via electronic mail. Included herewith is the death certificate of Jimmie Williams. Further, Plaintiff will execute authorized releases provided by Defendants to obtain all relevant records pertaining to the injury of Plaintiff's Decedent.

10.    All x-rays which have ever been taken of each plaintiffs chest.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks disclosure of information protected as work product and/or under attorney-client privilege. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff sent all counsel of record copies of medical and billing records from Marion County Medical Center on October 18, 2010 via electronic mail. Further, Plaintiff will execute authorized releases provided by Defendants to obtain all relevant records pertaining to the injury of Plaintiff's Decedent.

11.    Each plaintiffs Social Security Administration printout and work record.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, vague, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks disclosure of information protected as work product and/or under attorney-client privilege. Notwithstanding the aforementioned objections, Plaintiff answers as follows:

Plaintiff will execute authorized releases provided by Defendants to obtain relevant social security records of Plaintiff's Decedent. Copies of Decedent's SSA records are also attached herewith.

PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT THESE RESPONSES AS NECESSARY UNTIL TRIAL OR AS DECIDED BY AGREEMENT OR SCHEDULING ORDER

HARTLEYLAW, LLC

By: _____
Christian Hartley SC Bar No.: 7314
Travis Dane Hilka SC Bar No.: 77007
P.O. Box 2492
Mt. Pleasant, SC 29465
(843) 388-1330

Attorneys for Plaintiff

Mt. Pleasant, South Carolina

November 3, 2010

25

CERTIFICATE OF SERVICE

I, the undersigned, of HartleyLaw, LLC, do hereby certify that I have served all counsel in this action with a copy of the document(s) hereinbelow specified by mailing a copy of the same by United States Mail, postage prepaid, and/or by electronic mail:

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MASTER SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Tracy Strother,
Legal Secretary

Mt. Pleasant, South Carolina

November 3, 2010

26

# EXHIBIT C

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | C/A No. 09-CP-40-8341 |

| Cathy Ann Baxley, Individually and as Personal Representative of the Estate of JIMMIE WILLIAMS, | ) ) ) | |
| | ) | Asbestos Mesothelioma |
| Plaintiffs, | ) ) | (Products Liability and Bystander Exposures) |
| | ) | |
| v. | ) | |
| | ) | AFFIDAVIT OF THOMAS F. McCAFFERY |
| ADVANCE AUTO PARTS, INC., etc., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

I, Thomas F. McCaffery, having been first duly sworn, depose and state the following:

1.      That I am over the age of 18 years of age and am competent to testify to the facts set forth in this declaration. I have personal knowledge of the facts contained in this declaration.

2.      That my business address is 107 S. West Street, Suite 709, Alexandria, VA 22314.

3.      That my formal education includes a Bachelor of Science degree from the U.S. Merchant Marine Academy in Marine Transportation & Management and a Masters of Business Administration from Georgetown University.

4.      That I am a retired Commander in the United States Navy, a member of the Society of Naval Architects and the Marine Engineers, and the Advisory Committee, American Merchant Marine History Project; that in addition, I am a maritime technical consultant and researcher.

5.      That through my education, training and work experience, I have developed expertise regarding United States Navy ship design, development, maintenance, construction and

repair, including the mandatory nature of compliance with military specifications and the level of control and supervision exercised by the United States Navy over the design, manufacture and installation of equipment and machinery aboard a United States Navy vessel.

6.     That I am informed that the Plaintiff has produced facts and information related to the work history of the decedent, Jimmie Williams, stating that said Jimmie Williams worked as a machinists at Newport News Shipbuilding and Drydock Company located in Newport News, Virginia between 1977 and 1978; that to my knowledge, information and belief Newport News Shipbuilding and Drydock has been designing, building, overhauling and repairing a wide variety of ships since 1891; that since 1965 it has been primarily involved in building ships for the U.S. including nuclear powered aircraft carriers and submarines.

7.     That I am informed that the Plaintiff has produced facts and information related to the work history of the decedent, Jimmie Williams, stating that said Jimmie Williams worked as a machinist at BAE Systems Norfolk Ship Repair, Inc. (BAE) located at Norfolk, Virginia in 1978; that to my knowledge and belief Norfolk Ship Repair is primarily involved in the repair and conversion of conventionally powered U.S. Navy and U.S. Coast Guard ships

8.     That I am informed that Plaintiff alleges that said Jimmie Williams was exposed to asbestos and asbestos-containing products while working at various shipbuilding and repair facilities, including Newport News Shipbuilding and Drydock and Norfolk Ship Repair; and that Reliance Electric Company (Reliance or Reliance Electric) manufactured and supplied electric motors that said Jimmie Williams worked on, near or around at these and other shipyards.

9.     That Reliance Electric did manufacture and supply some motors installed aboard select United States Naval vessels; that in connection with these motors Reliance would have been required to supply controllers and associated equipment for the operation of the motors.

2

10.    That motors and related electrical components manufactured for use on United States Navy vessels must strictly comply with reasonably precise specifications in the form of Military Specifications (MilSpecs) and/or the military approval process; that those specifications applicable to motors for use onboard United States Naval vessels include, but are not limited to, MIL-M¬1940, MIL-M-17059, MIL-M-17060, MIL-M-17413, MIL-M-17556, and MLL-G-18474. The specifications applicable to motor controllers, circuit breakers, rheostats and similar electrical components include, but are not limited to, MIL-C-1938, MIL-C-1939, MIL-R-2033, MIL-C¬2174, MIL-C-2212, MIL-R-15109 and MIL-C-17361; that finally, the overall design of electrical systems for naval shipboard use was controlled by a separate specification MIL-E-917.

11.    That numerous Military, Federal and Commercial Specifications, Standards and Drawings are incorporated by specific reference into each MilSpec, forming a part of the specification set applicable to any particular piece of equipment.

12.    That before a manufacturer such as Reliance Electric received authorization to manufacture or supply machinery such as motors or related equipment such as controllers or switchgear for/to the U.S. Navy, all of the drawings, plans, technical manuals and other design documentation first had to be inspected and approved by the U.S. Navy; that these inspections and approvals were the responsibility of the Bureau of Engineering and its successor organizations, the Bureau of Ships, Naval Ship Systems Command and Naval Sea Systems Command (hereinafter, "Navy"); that the Navy frequently required changes in design, materials and documentation before approving the design and authorizing the manufacture of the machinery.

13.    That United States Naval Machinery Inspectors were stationed on site at manufacturing facilities to inspect and test this equipment during each phase of the

3

012412.000361.1177561.1

manufacturing process; that at any point, if any material, feature or component of the equipment failed to comply with the applicable specifications, standards or the approved design, then it would have been rejected; that in short, if a Reliance Electric motor or related equipment supplied by Reliance to the Navy was installed aboard a U.S. Naval vessel, then it necessarily complied with all of the precise military specifications and standards, including the specification of the precise material composition of component parts, including any that may have contained asbestos.

14.     That the Navy required use of many different components and materials that comprised an electric motor or controller or switchgear; that each sub-component was designed and manufactured in accordance with similarly precise specifications, standards and, design reviews which also specifically required the precise type of material to be used in these components; that where the specifications or standards permitted the manufacturer to choose between two or more types of materials (such as plastic materials or electrical insulation materials), the contractor's choice was subject to specific Navy review and approval; that to the extent that any piece of equipment supplied by Reliance Electric to the U.S. Navy contained asbestos, it would have been specifically required or approved by the Navy through the MilSpec and design approval process.

15.     That the selection of thermal insulation material used aboard Navy ships was delegated by the Navy to the overall ship designer and/or the shipyard which built or repaired the ship; that installation of thermal insulation products was done by the shipyard which built or repaired the ship; that both ship designers and shipyards were required to make their selections in accordance with Navy specifications and Military Standards; that their selection and installation of thermal insulation materials was subject to review and approval by the Navy in similar fashion

4

to the specification, review and approval process for machinery; that therefore, if any thermal insulation material, whether or not asbestos-containing, was used in conjunction with any equipment manufactured and/or supplied by Reliance Electric for use on a U.S. Naval vessel, then use of that insulation was specifically reviewed and approved by the Navy as being in compliance with applicable Navy standards and MilSpecs.

16.     That if a component on a piece of naval equipment, such as a Reliance Electric motor or related equipment, was actually installed onboard a U. S. Naval vessel, then that component and the material composition of that component complied with the precise specifications, standards and design requirements that the Navy required for such a component; that if such a component contained asbestos, then the Navy required and approved the inclusion of asbestos in that component in one form or another.

17.     That therefore, every facet of the design and manufacture of any piece of equipment supplied by Reliance Electric to the U.S. Navy was controlled by the U.S. Navy.

18.     That the U.S. Navy was, and still is, one of the world's largest heavy industrial concerns; that every day for over 100 years thermal insulation materials have been removed, fabricated and installed by the U.S. Navy's shipyards, ship repair facilities and shipbuilding contractors; that industrial hygiene in the Navy's industrial facilities was initially the responsibility of Navy Medical Corps physicians; that however, in the early 1940s, the U.S. Navy's Bureau of Medicine and Surgery initiated its own industrial hygiene program to provide greater protection for its uniformed and civilian workforce; that as a result, the Bureau of Medicine and Surgery, as well as other Navy organizations, including the Bureau of Ships and its successors, developed and acquired state of the art knowledge concerning the potential risks or hazards relating to work with or around asbestos containing materials and products; that it is

5

inconceivable that a company such as Reliance Electric would have had the same level of sophisticated knowledge as the Navy concerning potential asbestos hazards; that in fact, the U.S. Navy possessed information and knowledge superior to, if not greatly superior to, that of Reliance on issues of the industrial hygiene aspects of asbestos and asbestos medicine, including any potential risks involved with use of asbestos containing components or materials in association with motors or other Navy equipment.

FURTHER AFFIANT SAYETH NAUGHT.

Dated and signed this 15th day of November, 2010, at Alexandria, Virginia.

_____
Thomas F. McCaffery

SWORN TO before me and SUBSCRIBED in my presence this 15th day of November, 2010.

_____
Notary Public

CATHERINE VIERNES
Notary Public
Commonwealth of Virginia
My Commission Expires Aug. 31, 2011
Commission ID# 260976

6

# EXHIBIT D

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS

                               )

COUNTY OF RICHLAND          )     C/A NO. 09-CP-40-8341

---

**Cathy Ann Baxley**, Individually and as
Personal Representative of the Estate of
**JIMMIE WILLIAMS**,

               Plaintiffs,

v.

ADVANCE AUTO PARTS, INC., ETC., ET
AL.,

               Defendants.

Asbestos Mesothelioma (Products Liability
and Bystander Exposures)

**AFFIDAVIT OF PETER J. TSIVITSE**

---

PETER J. TSIVITSE, being first duly sworn, deposes and states as follows:

1.      That I am over the age of eighteen (18) and make this declaration with personal knowledge of the facts set forth herein or based on facts gathered at my direction by others competent to provide such information.

2.      That I have received bachelor, masters and doctorate degrees in electrical engineering from Case Western Reserve University.

3.      That I was employed by Reliance Electric Company ("Reliance") from 1952 until my retirement in 1995, with the exception of two (2) years spent in the United States Army from 1955 through 1957; that during the time of my employment I held positions with Reliance as an engineer, manager and corporate officer; and that as a result of my education and employment experience, I am familiar with the design and construction of electric motors and controls,

---

012412.000361.1177580.1

especially those manufactured by Reliance and the Reliance engineering records associated with the motors and controls that were so manufactured.

4.     That I have been informed that Plaintiff, in response to discovery, states that Decedent, Jimmie Williams, was exposed to asbestos as a result of working at Northrop Grumman Shipbuilding, Inc. (NGSB), located in Newport News, Virginia, and at BAE Systems Norfolk Ship Repair, Inc. (BAE), located in Rockville, Maryland between the years 1977 to 1978.

5.     That Reliance manufactured electric motors did not use asbestos, except in certain specific cases, such as delineated in paragraphs 6 and 7 below.

6.     That prior to 1995, Mine Safety and Health Regulation 30, CFR § 18.37(b) mandated the use of asbestos in certain parts of the explosion proof motors used in underground mining applications; that Reliance manufactured electric motors in compliance with this MSHA regulation; that Reliance, in certain instances, used asbestos for a limited time in certain internal parts of these motors designed for use in the underground mining industry.

7.     That Reliance has manufactured electric motors for the United States Navy for use on United States naval combat vessels in conjunction with specific applications that required, pursuant to specific military specifications, the use of asbestos components.

8.     That Reliance did not manufacture products with the Federal Pacific Electric brand name.

9.     That Reliance did not manufacture insulated wire, motor starters, breaker boxes or switch gear.

10.     That after or about 1970, Reliance designed and specified various controls for AC motors known as solid state control devices, which incorporated and utilized new technology. None of these new solid state controls contained asbestos.

Affidavit of Peter J. Tsivitse

11. That even assuming Decedent worked around or near Reliance motors or controls, Plaintiff has not provided any information regarding the specified motors or controls allegedly involved; that while I have not personally examined any of the motors or controls Decedent may have worked on and around or the jobsites where he allegedly worked, given Plaintiff's allegations, it is my assessment, based on my education, knowledge and direct involvement with the design and manufacture of Reliance motors and solid state controls, that to the best of my knowledge and belief, that none of the motors or controls he may have worked on, if they were manufactured by Reliance, did contain asbestos and Reliance motors generally, except in specific applications such as mentioned in paragraphs 6 and 7 hereof, and Reliance controls would have not contained asbestos; that any further assessment would require information of the specific serial numbers for the Reliance products involved and the detailed specification and accurate operating and maintenance records, as well as, the dates associated with such activity on the part of Decedent.

FURTHER AFFIANT SAYETH NAUGHT.

Dated and signed this 13 day of November, 2010, at Bonita Springs, Florida.

Peter J. Tsivitse

3

Affidavit of Peter J. Tsivitse

# VERIFICATION

I, Peter J. Tsivitse, state that I have read the foregoing Affidavit and the statements contained therein are made under penalty of perjury through the application of the laws of the United States of America and the laws of the State of California and the State of Ohio.

_____
Peter J. Tsivitse

SWORN TO BEFORE ME and subscribed in my presence this __13__ day of November, 2010.

_____
Notary Public

My Commission Expires: _aug 25th 2014_

HECTOR L. CRUZ
Notary Public - State of Florida
My Comm. Expires Aug 25, 2014
Commission # EE 20999

4
Affidavit of Peter J. Tsivitse