| STATE OF WISCONSIN | CIRCUIT COURT: | MILWAUKEE COUNTY |

Janice J. Herr, Individually and as Special Administrator on Behalf of the Estate of Richard J. Herr, Deceased,

10CV018791

Plaintiff

COMPLAINT

vs.

CASE NO. _____

Case Classification Code: 30108

Linde, Inc. f/k/a The BOC Group, Inc. and/or Airco, Inc.

and

Rapid-American Corporation,

Defendants

FILED AND AUTHENTICATED
NOV 0 3 2010
JOHN BARRETT
Clerk of Circuit Court

COMPLAINT

Plaintiff Janice J. Herr, individually and as Special Administrator on behalf of the estate of Richard J. Herr complains of defendants Linde, Inc. f/k/a The BOC Group, Inc. and/or Airco, Inc. and Rapid-American Corporation as follows:

## JURISDICTION AND PARTIES

1. Plaintiff Janice J. Herr is the widow of decedent Richard J. Herr, is the duly-appointed Special Administrator for the Estate of Richard J. Herr, and brings this action individually and on behalf of the estate of decedent.

2. Janice J. Herr resides at 5284 Wisconsin Drive, Elkhorn, WI 53121.

3. The defendants at all times relevant to the allegations contained herein were engaged in

1

  substantial and not isolated activities within the state of Wisconsin.

4. The terms asbestos-containing products or asbestos insulated equipment are collectively referred to as asbestos products.

5. Defendant Linde, Inc. formerly known as The BOC Group, Inc. and/or Airco, Inc. manufactured and sold asbestos products including without limitation gloves.

6. Defendant Rapid-American Corporation is responsible for the conduct of Philip Carey. Philip Carey manufactured and sold asbestos products, including without limitation block, cement, board, and air cell and supplied asbestos fibers.

7. Venue in Milwaukee County is appropriate pursuant to Wis. Stats. § 801.50(2) as

   a. The injury (exposure to asbestos) occurred in Milwaukee County and

   b. one or more of the defendants engage in substantial business in Milwaukee County.

## GENERAL ALLEGATIONS

8. Plaintiff Richard Herr was an artist and art instructor in the Milwaukee and Racine, Wisconsin, areas from approximately 1958 to 1983.

9. Plaintiff was also employed as a production worker from 1963-69 in the Milwaukee and Racine areas.

10. Decedent was diagnosed with malignant mesothelioma on or about March 11, 2008.

11. The asbestos disease and injury began before April 1994.

12. Malignant mesothelioma is an incurable cancerous condition caused by exposure to asbestos which is eventually fatal.

13. All exposures to asbestos that plaintiff received contributed to the disease.

14. As a result of this disease, decedent died on September 12, 2009.

15. Decedent's injury was directly and proximately caused by the wrongful acts and/or omissions of the defendants described in further detail below.

16. Decedent was sick and disabled and suffered great pain and physical impairment prior to his death.

17. Plaintiff suffers great grief, sorrow and mental suffering, is liable for large sums of money for medical and hospital care, and suffered losses to her personal property and possession. Further, as a result of decedent's death, funeral, cemetery, and related expenses and costs have been incurred.

18. At all relevant times, plaintiff Janice J. Herr was the wife of decedent and was cohabitating with him and was enjoying his services, companionship, society and relationship.

19. Plaintiff brings this case on her own behalf and on behalf of decedent's next-of-kin, having been appointed Special Administrator of the Estate of Richard J. Herr.

20. Decedent left surviving his wife, Janice J. Herr, and his children all of whom are his next-of-kin and have suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent.

21. As a direct and proximate result of one or more of the wrongful acts or omissions of the defendants, plaintiff

   a. has been deprived of decedent's services, companionship, society, and relationship from the time of his injury;

   b. has been hindered and prevented from transacting and attending to her usual business and personal affairs.

22. Plaintiff brings this claim as a wrongful death action pursuant to Wis. Stat. § 895.04 and as a survival action pursuant to Wisconsin law.

23. Defendants, or their predecessors or successors in interest, designed, manufactured, and/or sold asbestos products at plaintiff's places of school or work.

24. Plaintiff was exposed to and inhaled airborne asbestos fibers released during use of asbestos products of defendants.

## FIRST CAUSE OF ACTION - PRODUCTS LIABILITY - NEGLIGENCE

25. Plaintiff brings this count for negligence against all defendants.

26. Plaintiff restates and realleges the allegations in paragraphs 1-24 above.

27. It was reasonably foreseeable that plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

28. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

29. During the period of his exposures, plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials

30. Defendants had a duty to exercise reasonable care for the safety of plaintiff and others who worked with or were exposed to the defendants' asbestos products.

31. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

4

   a. Failed to adequately warn plaintiff or others of the health hazards of asbestos;

   b. Failed to investigate or test for the health effects of asbestos;

   c. Failed to instruct plaintiff, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products;

   d. Used defectively designed asbestos-containing products or asbestos insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

   e. Failed to warn plaintiff or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

32. As a direct and proximate result of the acts and omissions of the defendants above, plaintiff was injured as described above.

## SECOND CAUSE OF ACTION – STRICT PRODUCT LIABILITY (UNREASONABLY DANGEROUS PRODUCT)

33. This claim is asserted for the sale of unreasonably dangerous products against all defendants.

34. Plaintiff restates and realleges the allegations set forth in paragraphs 1-24 above.

35. Defendants are in the business of selling asbestos products.

36. Defendants placed their asbestos products into the stream of commerce with the expectation that they would reach decedent and other users and consumers without substantial change in the condition in which they were sold by defendants.

37. Decedent was exposed to asbestos fibers released from defendants' products or equipment when they were in substantially the same condition as when they were sold by defendants.

38. Defendants' asbestos products were defective and unreasonably dangerous at the time

5

they left the possession or control of defendants in one or more of the following ways:

 a. Failed to adequately warn plaintiff or others of the health hazards of asbestos;

 b. Failed to investigate or test for the health effects of asbestos;

 c. Failed to instruct plaintiff, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos-containing products or asbestos insulated equipment;

 d. Used defectively designed asbestos-containing products or asbestos insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

 e. Failed to warn plaintiff or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

 f. Failed to specify proper techniques, methods or processes in the installation or removal of asbestos containing products.

39. As a direct and proximate result of the acts and omissions of the defendants in this claim, plaintiff was injured as described above.

## LOSS OF CONSORTIUM

40. Plaintiff brings this count individually and on behalf of decedent's next of kin for wrongful death against all defendants and incorporates by reference all allegations 1-39 above.

41. Defendant's actions as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by plaintiff and decedent's next of kin.

## PUNITIVE DAMAGES

42. Defendants acted maliciously, with intentional disregard for the rights of plaintiff for which plaintiff is entitled to recover punitive damages.

PRAYER FOR RELIEF

43. Plaintiffs pray for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages;

   b. Punitive damages;

   c. Costs and disbursements of this action;

   d. Such further legal and equitable relief as the court orders.

Dated: October 25, 2010.

*[signature]*

Attorney for plaintiff

Robert G. McCoy
State Bar No: 1054014
Cascino Vaughan Law Offices
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

The Techmeier Law Firm S.C.
Willard P. Techmeier, State Bar No. 1014112
111 E. Wisconsin Avenue, Suite 1760
Milwaukee, WI 53202
Phone: (414) 223-1050
Fax: (414) 223-4355

ATTYOPEN

# United States District Court
## Eastern District of Wisconsin (Milwaukee)
### CIVIL DOCKET FOR CASE #: 2:10-cv-01114-AEG

Herr et al v. Linde Inc et al
Assigned to: Magistrate Judge Aaron E Goodstein
Case in other court: Circuit Court of Milwaukee, Wisconsin, 10-cv-018791
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 12/09/2010
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Janice J Herr**                             represented by   **Robert G McCoy**
                                                              Cascino Vaughan Law Offices Ltd
                                                              220 S Ashland Ave
                                                              Chicago, IL 60607
                                                              312-944-0600
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Willard P Techmeier**
                                                              The Cochran Firm - Wisconsin LLP
                                                              309 N Water St - Ste 160
                                                              Milwaukee, WI 53202
                                                              414-223-1050
                                                              Fax: 414-223-4355
                                                              Email: wtechmeier@techmeier.com
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Estate of Richard J Herr**                  represented by   **Robert G McCoy**
*by Janice J Herr as Special*                                 (See above for address)
*Administrator*                                               *ATTORNEY TO BE NOTICED*

                                                              **Willard P Techmeier**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Linde Inc**                                 represented by   **Michael T Antikainen**
*formerly known as*                                           Hepler Broom LLC
BOC Group Inc                                                 150 N Wacker Dr - Ste 3100
*formerly known as*                                           Chicago, IL 60606
Airco Inc                                                     312-230-9100
                                                              Fax: 312-230-9201
                                                              Email: mta@heplerbroom.com

*ATTORNEY TO BE NOTICED*

**Michael W Drumke**
Hepler Broom LLC
150 N Wacker Dr - Ste 3100
Chicago, IL 60606
312-205-7734
Fax: 312230-9201
Email: mdrumke@heplerbroom.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid-American Corporation**        represented by   **Mark R Feldmann**
Menn Law Firm Ltd
2501 E Enterprise Ave
PO Box 785
Appleton, WI 54912-0785
920-731-6631
Fax: 920-734-0981
Email: mark-feldmann@mennlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2010 | 1 | NOTICE OF REMOVAL by Linde, Inc., f/k/a The BOC Group, Inc., and/or Airco, Inc. from Circuit Court of Milwaukee County, Case Number: 10-cv-018791 with attached state court documents. (Filing Fee PAID $350 receipt number 0757-1220505) (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Drumke, Michael) (Additional attachment(s) added on 12/10/2010: # 3 Civil Cover Sheet) (blr). |
| 12/09/2010 | 2 | NOTICE of Appearance by Michael W Drumke on behalf of Linde, Inc., f/k/a The BOC Group, Inc., and/or Airco, Inc.. Attorney(s) appearing: Michael W. Drumke (Attachments: # 1 Certificate of Service of Appearance of Counsel) (Drumke, Michael) |
| 12/09/2010 | 3 | DISCLOSURE Statement by Linde, Inc., f/k/a The BOC Group, Inc., and/or Airco, Inc.. (Attachments: # 1 Certificate of Service of Disclosure Statement) (Drumke, Michael) |
| 12/09/2010 | 4 | NOTICE by Linde, Inc., f/k/a The BOC Group, Inc., and/or Airco, Inc. *of Filing* (Attachments: # 1 Certificate of Service of Notice of Filing)(Drumke, Michael) |
| 12/09/2010 | 5 | CERTIFICATE OF SERVICE by Linde, Inc., f/k/a The BOC Group, Inc., and/or Airco, Inc. *of Notice of Removal* (Drumke, Michael) |
| 12/09/2010 |   | NOTICE Regarding assignment of this matter to Magistrate Judge Aaron E Goodstein ;Consent/refusal forms for Magistrate Judge Goodstein to be filed within 21 days;the consent/refusal form is available on our web site. (blr) (Entered: 12/10/2010) |

| 12/13/2010 | | Case Opening Modification(s); The following modification(s) have been made to your case entry: The county code has been modified - please remember to choose the county for the first named plaintiff; One or more party names have been modified - please remember to follow the Party Name Guidelines found on our website; BEFORE FILING ANY FUTURE CASES PLEASE READ THE INSTRUCTIONS; Please refer to the <u>attorney case opening instructions</u>, the <u>summons instructions</u> and the <u>party name guidelines</u> for further guidance (vkb) |
|---|---|---|
| 12/16/2010 | <u>6</u> | ANSWER to Complaint with Jury Demand by Linde Inc. (Attachments: # <u>1</u> Certificate of Service of Short Form Answer and Affirmative Defenses to Complaint)(Drumke, Michael) |
| 12/16/2010 | <u>7</u> | MOTION to Stay *Proceedings and Notice of Tag-Along Action* by Linde Inc. (Attachments: # <u>1</u> Certificate of Service of Notice of Tag-Along Action and Motion to Stay Proceedings)(Drumke, Michael) |
| 12/16/2010 | <u>8</u> | NOTICE by Linde Inc *of Filing* (Attachments: # <u>1</u> Certificate of Service of Notice of Filing)(Drumke, Michael) |

| PACER Service Center |||||
|---|---|---|---|---|
| Transaction Receipt |||||
| 12/28/2010 16:08:25 |||||
| PACER Login: | he1713 | Client Code: | | |
| Description: | Docket Report | Search Criteria: | 2:10-cv-01114-AEG ||
| Billable Pages: | 3 | Cost: | 0.24 ||