IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under MDL 875 |
| LIABILITY LITIGATION (No. VI) | : | |
| | : | |
| EDNA BOUDREAUX, ET AL., | : | |
| | : | |
| Plaintiffs | : | Transferred from the Eastern District of Louisiana |
| | : | |
| v. | : | (Case No. 00-03174) |
| | : | |
| AMERICAN OPTICAL CORP. By | : | E.D. PA CIVIL ACTION No. 2:07-74006 |
| | : | |
| Defendant | : | |

**FILED**

DEC 2 2 2010

MICHAEL E. KUNZ, Clerk
By————— Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW,** this **20th** day of **December, 2010,** it is hereby

**ORDERED** that Plaintiffs' Motion for Suggestion of Remand (doc.

no. 4) filed on March 18, 2009 is **GRANTED.**

It is further **ORDERED** that Defendant American Optical

Corp.'s Motion for Leave to File a Third-Party Complaint (doc.

no. 6) filed on July 23, 2010 is **DENIED** without prejudice, with

leave to re-file in the transferor court.

It is further **ORDERED** that the Court **SUGGESTS** that the above

captioned case be **REMANDED** to the United States District Court

for the Eastern District of Louisiana for resolution of all

matters pending in the above-captioned cases.[1]

---

[1] The basis for Plaintiffs' Motion for Suggestion of Remand
is that these cases are respirator-defect cases, not traditional
asbestos-exposure cases.  The only Defendant in both cases is a
respirator manufacturer.  Plaintiff notes that respirator defect

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

cases are distinct from traditional asbestos-exposure cases, as they involve a variety of contaminants, including, but not limited to, asbestos.  (doc. no. 4 at 4.)  Further, respirator cases raise "complex technical scientific and engineering issues concerning respirator efficiency, filter penetration, and fit." (Id.) Finally, in contrast to most asbestos-exposure cases, these are not multi-defendant cases.  (Id.)

Under these circumstances, and in the absence of any opposition by Defendant, the Court finds that these cases are not appropriate for adjudication in MDL 875.  The instant cases do not share enough "common questions of fact" with asbestos-exposure cases to support jurisdiction under 28 U.S.C. § 1407(a); (See also 01-875, doc. no. 1, at 2)(ordering the creation of MDL 875 based on the finding that "actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos.")

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| | : | |
| JOAN FRAWLEY | : | |
| | : | E.D. Pa. Case No: |
| Plaintiff | : | 07-69124 |
| | : | |
| v. | : | |
| | | Transferred from the |
| EXXON MOBIL CORP., ET AL. | | Southern District |
| | : | of New York (06-cv-15395) |
| Defendants | | |

**FILED**

DEC 2 2 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

<u>**AMENDED SUGGESTION OF REMAND**</u>

**AND NOW,** this **20th** day of **December, 2010,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that:

    a.) Plaintiff has complied with MDL-875 Administrative

    Orders 12 and 12A.

    b.) Parties have completed their obligations under the

    Rule 16 order issued by the Court.

    c.) All discovery has been completed.

    d.) Settlement conferences have been held in front of

    the Honorable Magistrate Judge Elizabeth T. Hey, and

    these negotiations have been exhausted as to the

    remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.[1]

f.)  The only remaining viable Defendants in this case to proceed to trial are:

        i.  Exxon/Mobil Corporation

        ii. Foster Wheeler

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Southern District of New York for resolution of all matters pending within this case except punitive damages.[2]

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

---

[1] The Court has reserved Defendant Exxon Mobile and Foster Wheeler LLC's Motion to Preclude (doc. no. 37) for adjudication by the transferor court upon remand.

[2] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).  See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| PHILLIP WALTER HERION and | : | |
| BETTY M. HERION | : | Transferred from the Middle |
| | : | District of North Carolina |
| | : | (Case No. 09-cv-223) |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL INTERNATIONAL CORP., | : | E.D. PA Case No. 09-80100 |
| ET AL., | : | |
| | : | |
| Defendants | : | |

FILED
DEC 2 2 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **December, 2010**, it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that:

> a.) Plaintiff has complied with MDL-875 Administrative
>
> Orders 12 and 12A.
>
> b.) Parties have completed their obligations under the
>
> Rule 16 order issued by the Court.
>
> c.) All discovery has been completed.
>
> d.) Settlement conferences have been held in front of
>
> the Honorable Magistrate Judge Elizabeth T. Hey, and

1

these negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.  Plaintiffs have indicated that the remaining viable Defendants in this case to proceed to trial are as follows:[1]

> i.   Daniel International Corporation
> ii.  Flour Daniel, Inc. f/k/a Daniel Construction Company, Inc.
> iii. Flour Daniel Environmental Services, Inc.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Middle District of North Carolina for resolution of all matters pending within this case except punitive damages.[2]

---

[1] Plaintiffs have informed the Court that all issues between Plaintiffs and the only other Defendant in the case, Goulds Pumps, Incorporated, have been resolved.  Plaintiffs have informed the Court that a stipulated dismissal is forthcoming and they will not be pursuing Goulds Pumps, Incorporated, at trial.

[2] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).  See In re

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

_____

<u>Roberts</u>, 178 F.3d 181 (3d Cir. 1999).

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) : | Consolidated Under MDL DOCKET NO. 875 |

**FILED**

DEC 2 2 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

ROBERT W. MODLEY, Executor
of the Estate of PATRICIA R.
MODLEY, Administrator De
Bonis Non of the Estate of
FRANKLIN J. MODLEY, Sr.

    Transferred from the Southern
    District of West Virginia
    (Case No. 06-00213)

   Plaintiffs

   v.        E.D. PA Case No.  07-62874

20th CENTURY GLOVE CORP.
OF TEXAS, ET AL.,

   Defendants

**SUGGESTION OF REMAND**

   **AND NOW,** this **21st** day of **December, 2010,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that:

   a.) Plaintiff has complied with MDL-875 Administrative

   Orders 12 and 12A.

   b.) Parties have completed their obligations under the Rule

   16 order issued by the Court.

   c.) All discovery has been completed.

   d.) The Court has adjudicated all outstanding motions except

1

for the limited summary judgment issue of the "bare metal"
defense, raised by Crane Co.[1]

e.) The Court finds that this case is prepared for trial
without delay once on the transferor court's docket.  The
only remaining viable Defendants in this case to proceed to
trial are:

    i.  A.W. Chesterton

    ii.  Crane Co.

Bankrupt Defendants, against whom proceedings are stayed,
are listed in Exhibit "B," attached.

Accordingly, the Court **SUGGESTS** that the above captioned
case should be **REMANDED** to the United States District Court for

---

[1] Crane Co. argues that it cannot be held liable for
asbestos-containing gaskets, packing, and insulation that were
applied to their products.

    A multidistrict litigation transferee court has "authority
to dispose of a cases on the merits – for example, by ruling on
motions for summary judgment." MANUAL FOR COMPLEX LITIGATION § 22.36
(4th ed. 2010) (citing In re Temporomandibular Joint (TMJ) Prods.
Liab. Litig., 113 F.3d 1484, 1488 (8th Cir. 1997)).  Although the
MDL court has such authority, and in the appropriate case the
exercise of such authority generally promotes the multidistrict
litigation goals of efficiency and economy, there are cases where
ruling on summary judgment by the transferee court would not
advance the litigation or serve a useful purpose.  Id. (citing In
Re Orthopedic Bone Screw Prods. Liab. Litig., MDL No. 1014, 1997
WL 109595 at *2 (E.D. Pa. Mar. 7, 1997)).  This appears to be
such a case, as the West Virginia Supreme Court has not yet
addressed whether it would impose a duty to warn on manufacturers
whose products incorporate asbestos-containing component parts.
Therefore, summary judgment on this issue was denied without
prejudice with leave to re-file in the transferor court upon
remand.

2

the Southern District of West Virginia for resolution of all matters pending within this case except punitive damages.[2]

Alternatively, pursuant to Administrative Order No. 22, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  Parties shall file a notice of consent on the docket.  In such an event, if consent is granted, a trial will be scheduled within **sixty (60) days**, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.[3]

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

---

[2] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

[3] The full text of the Administrative Order is available at: http://www.paed.uscourts.gov/mdl875d.asp

3

**Exhibit B**

**Defendant**
**ANCHOR PACKING COMPANY**

represented by **CONSTANCE H. WEBER**
KAY CASTO & CHANEY PLLC
P.O. BOX 2031
CHARLESTON, WV 25327
304/345-8900
Email: cweber@kaycasto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**DANA CORPORATION**

**Defendant**
**GARLOCK, INC.**

represented by **CONSTANCE H. WEBER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RITA MASSIE BISER**
MOORE & BISER, PLLC
317 FIFTH AVENUE
SOUTH CHARLESTON, WV 25303
*TERMINATED: 10/26/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT SCOTT LONG**
ECKERT SEAMENS CHERIN &
MELLOTT
POBOX 11070
214 CAPITOL STREET
CHARLESTON, WV 25339
304-346-5500
Email: SLong@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

4