## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In re:** § | |
| § | **MDL 875** |
| **Asbestos Product Liability Litigation (No. VI)** § | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNIE L. JEFFERSON, ET AL., | * | CIVIL ACTION NO. |
| | * | 10-4442 |
| Plaintiffs, | * | |
| | * | DIVISION "J" |
| VS. | * | |
| | * | JUDGE CARL BARBIER |
| AMERICAN SUGAR REFINING, INC., | * | |
| ET AL., | * | SECTION 4 |
| | * | MAGISTRATE JUDGE |
| | * | KAREN W. ROBY |
| Defendants. | * | |
| | * | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REINSTATE CONDITIONAL TRANSFER ORDER NO. 348

This case was brought under The Jones Act and is made explicitly not removable by statute. *See* 46 U.S.C.A Section 30104. Plaintiffs file this emergency motion and respectfully request this Court to vacate its transfer of this case to the Federal Multidistrict Litigation Court 875 and reinstate Conditional Transfer Order No. 348 ("CTO-348") of the Judicial Panel on Multidistrict Litigation (MDL) for the following reasons: (1) Plaintiffs did not receive notice of CTO-348 until Monday, December 27, 2010, and therefore had planned to timely oppose CTO-348 by Monday, January 3, 2011 in compliance with MDL Rule 7.1(c); (2) Plaintiffs will be unduly prejudiced if this case is transferred to the Federal MDL on the eve of the District Court's hearing on Plaintiffs' Motion to Remand since Plaintiffs' Jones Act case was improperly

removed; (3) transferring this case on the eve of the hearing on Plaintiff Motion to Remand would be a waste of judicial resources.

## I.  FACTUAL BACKGROUND.

Plaintiffs, Joannie L. Jefferson, Adraine J. Georges, Derrie K. Jefferson, Thomas H. Jefferson IV, Kevin L. Jefferson, Brad A. Jefferson, and Lisa M. William, filed suit in 2007 in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Action No. 07-13834, for their husband and father's occupational exposure to asbestos and contraction of malignant mesothelioma, a terminal asbestos-related cancer. Mr. Jefferson was a stevedore in the Port of New Orleans. Mr. Jefferson died from malignant mesothelioma on December 25, 2006. This case is set for trial in the Parish of Orleans on February 14, 2011. A timeline of relevant events is as follows:

| 10-16-2007 | Plaintiff's Original Petition filed in state court |
| --- | --- |
| 11-23-2010 | Plaintiff's Third Supplement and Amendment to the Original Petition for Damages[1] |
| 12-01-2010 | Case removed to Eastern District of Louisiana |
| 12-27-2010 | Plaintiff's received notice of CTO-348 from the Eastern District of Louisiana[2] |
| 12-30-2010 | Case transferred to Federal MDL[3] |

## II.  PLAINTIFFS DID NOT RECEIVE NOTICE OF CTO-348 FROM THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.

Plaintiff's counsel never received notice of CTO-348 from the Judicial Panel on Multidistrict Litigation; rather, Plaintiffs' received notice of CTO-348 from the Eastern District of Louisiana on Monday, December 27, 2010. Plaintiffs planned to oppose CTO-348 by

---

[1] A copy of Plaintiff's Third Supplement and Amendment to the Original Petition for Damages is attached as **Exhibit 7**.
[2] A copy of CTO-348 is attached as **Exhibit 1**.
[3] A copy of the December 30, 2010, CTO letter indicating the stay was lifted is attached as **Exhibit 2**.

Monday, January 3, 2011, within the seven-day period allowed by MDL Rule 7.1(c)[4]. Plaintiffs were thus surprised to receive a letter on December 30, 2010 stating that the case had been transferred to the MDL.

Upon further investigation, Plaintiffs discovered that the Judicial Panel MDL clerk entered CTO-348 on December 22, 2010. However, **notice of CTO-348 was sent via email to three addresses: two of the addresses are no longer in service, and one of the addresses is for an attorney in a completely different section of the law firm who does not handle asbestos cases.**[5] Plaintiffs were told that the Judicial Panel downloads contact information from the district courts, however, the Eastern District of Louisiana has the correct contact information for the handling attorneys of this case.[6] Thus, **Plaintiff's attorneys did not receive notice of CTO-348 until it was sent from the Eastern District of Louisiana on Monday, December 27, 2010**. CTO-348 is not dated so Plaintiffs had no way to know that it was actually issued by the clerk five days prior.

### III. PLAINTIFFS WILL BE UNDULY PREJUDICED IF THEIR OPPOSITION TO CTO-348 IS NOT HEARD BECAUSE THE FEDERAL COURTS LACK SUBJECT MATTER JURISDICTION OVER THIS CASE SUCH THAT PLAINTIFFS' MOTION TO REMAND SHOULD BE HEARD BY THE EASTERN DISTRICT OF LOUISIANA SO THE CASE MAY BE REMANDED TO STATE COURT.

Plaintiffs will be substantially prejudiced if their opposition to CTO-348 is not heard. This case was brought under The Jones Act and is, therefore, not removable by statute. *See* 46 U.S.C.A Section 30104. One of the primary bases for Plaintiffs' opposition of CTO-348 is that Plaintiffs are filing a Motion to Remand this case with the Eastern District of Louisiana on

---

[4] A copy of Plaintiffs' Opposition to CTO-348 is attached as **Exhibit 3**.
[5] A copy of the service list obtained from the MDL website is attached as **Exhibit 4**. The Leblanc Waddell email addresses are no longer in service.
[6] A copy of the email service list maintained by the Eastern District of Louisiana is attached as **Exhibit 5**. This list reflects the correct email address for one of the handling attorneys, Chris Colley (ccolley@baronbudd.com), as well as his secretary, Jacke Wright-Haynes (jhaynes@baronbudd.com and jwright@baronbudd.com).

Monday, January 3, 2011. Plaintiffs would ask that they be given the opportunity to be heard by the district court on this matter so that it may be remanded to state court where proper jurisdiction lies.

Plaintiffs should be granted the opportunity to oppose CTO-348 in the interest of judicial economy. As indicated *supra*, the federal courts lack jurisdiction to hear this Jones Act case such that it will be remanded to state court if Plaintiffs are given the opportunity to be heard by the district court on this issue. **The motions regarding remand of this case are scheduled to be filed TODAY in the Eastern District of Louisiana. Therefore, a transfer of this case on the eve of the district court's hearing on Plaintiffs' remand motion would be a waste of judicial resources.**

### IV. CONCLUSION.

For these reasons, Plaintiffs respectfully request that the Judicial Panel vacate the transfer of this case to the Federal MDL and reinstate CTO-348 so that Plaintiffs may be given proper notice and the opportunity to oppose it. Additionally, Plaintiffs request that attorney/ staff contact information in the Court's system be updated with the names and information listed in **Exhibit 6**, which is attached.

Respectfully submitted,
BARON & BUDD, P.C.

BY: *Denyse Clancy* (signature)
Denysé F. Clancy
Louisiana State Bar No. 32968
Christopher Colley
Louisiana State Bar No. 30322
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75201
(214) 521-3605 (telephone)
(214) 520-1181 (facsimile)
dclancy@baronbudd.com
ccolley@baronbudd.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above has been electronically filed using the CM/ECF system, thereby electronically serving this document upon counsel of record this __3rd__ day of January, 2011 to the following:

Gus A. Fritchie, III, Esq.
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
**Attorneys for BCI Acquisitions, Inc.**

Roland M. Vandenweghe, Jr., Esq.
Adams & Reese
701 Poydras Street, Suite 4500
New Orleans, LA 70139
**Attorneys for Cooper/T Smith Stevedoring Company**

Patricia Penton, Esq.
Lee, Futrell & Perles, L.L.P.
136 Metairie Lawn Drive
Metairie, LA 70001
**Attorneys for Dixie Machine, Welding & Metal Works, Inc.**

Susan Kohn, Esq.
Simon, Peragine, Smith & Redfearn
1100 Poydras Street, 30th Floor
New Orleans, LA 70163
**Attorneys for McCarty Corporation, The Eagle, Inc.**

Richard P. Sulzer, Esq.
Robert E. Williams, IV, Esq.
Sulzer & Williams, LLC
201 Holiday Boulevard, Suite 335
Covington, LA 70433
**Attorneys for SSA Gulf Terminals, Inc.**

Paul Harrison, Esq.
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA 70448
**Attorneys for American Sugar Refining, Inc.**

John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130
**Attorneys for Crowley Marine Services, Inc.**

Wilton Bland, III, Esq.
Jacques P. DeGruy, Esq.
Mouledoux, Bland, Legrant & Brackett, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, LA 70139
**Attorneys for Ports America Gulfport, Inc.**

Douglas M. Moragas, Esq.
1999 Hickory Ave., Suite 101
Harahan, LA 70123
Attorneys for James J. Flanagan Shipping Corp.

John K. Nieset, Esq.
Christovich & Kearner, LLP
Pan American Life Building
601 Poydras Street, Suite 2300
New Orleans, LA 70130
**Attorneys for Hartford Accident & Indemnity Co.**

| | |
|---|---|
| Antonio J. Rodriguez, Esq.<br>Philip C. Brickman, Esq.<br>Fowler, Rodriguez, Valdes-Fauli<br>400 Poydras Street, 30th Floor<br>New Orleans, LA 70130<br>**Attorneys for Industrial Development Corporation**<br>  **of South Africa, Limited** | H. Phillip Radecker, Jr., Esq.<br>Pugh, Accardo, Haas & Radecker<br>1100 Poydras Street<br>Suite 2000<br>New Orleans, LA  70163<br>**Attorneys for Buck Kreihs Company, Inc.**<br>**J/K/A/ Sank, Inc.** |