## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

| | | |
|---|---|---|
| In re: | § | |
| | § | **MDL 875** |
| **Asbestos Product Liability Litigation (No. VI)** | § | |

---

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNIE L. JEFFERSON, ET AL., | * | CIVIL ACTION NO. |
| | * | 10-4442 |
| Plaintiffs, | * | |
| | * | DIVISION "J" |
| VS. | * | |
| | * | JUDGE CARL BARBIER |
| AMERICAN SUGAR REFINING, INC., | * | |
| ET AL., | * | SECTION 4 |
| | * | MAGISTRATE JUDGE |
| | * | KAREN W. ROBY |
| Defendants. | * | |
| | * | |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR, ALTERNATIVELY, TO SEVER THE THIRD-PARTY CLAIMS AND REMAND THE MAIN ACTION</u>

# TABLE OF CONTENTS

I.    INTRODUCTION AND BACKGROUND ........................................................................1

II.   LAW AND ARGUMENT ...........................................................................................3

    A.    Plaintiff's claims were improperly removed because Jones Act claims are
        explicitly not removable by statute. ...........................................................4

        1.    Jones Act Claims are not removable .............................................4

        2.    Plaintiffs properly plead Jones Act claims, therefore this cause of
            action must be remanded for lack of subject matter jurisdiction. ................7

    B.    Should this court determine that removal of the third-party claims was
        proper, this Court should sever Cooper's third-party demand from
        Plaintiffs' main demand and remand Plaintiffs' claims to state court. ...................9

        1.    This Court should remand Plaintiffs' main claims because
            Cooper's third-party demand against IDC and Safmarine for
            contribution and indemnity is not separate and independent from
            Plaintiffs' main demand. ...........................................................10

        2.    Even if the Court finds that Cooper's third-party claims are
            separate and independent from Plaintiffs' main claims, the Court
            should still sever and remand Plaintiffs main claims so Plaintiffs
            are not deprived of their statutory right to a trial by jury..........................11

    C.    IDC's removal is procedurally defective because it fails to satisfy all the
        requirements of 28 U.S.C. § 1603 such that this case should be remanded. .........12

    D.    Remand should be granted so Cooper's illusory third-party claims against
        IDC and Safmarine cannot be used as a procedural loophole to remove
        Plaintiffs claims that properly belong in state court. .............................................13

    E.    This Court may order limited jurisdictional discovery into the issues
        presented by Plaintiffs' motion to remand..............................................14

III.  CONCLUSION............................................................................................14

# TABLE OF AUTHORITIES

## Statutes

28 U.S.C. § 1441(d) ................................................................................................ 9, 11, 12

28 U.S.C. § 1603 ...................................................................................................... 12, 13

46 U.S.C.A § 30104 ................................................................................................... 1, 4, 11

## United States Supreme Court Cases

*Engel v. Davenport,* 271 U.S. 33, 37–38 (1926) ..................................................... 5

*Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963) ........ 12

*Sygenta Crop Protection, Inc.* v. *Henson,* 537 U.S. 28, 32 (2002) ...................... 3

## Federal Cases

*Albarado v. Southern Pacific Transp. Co.*, 199 F.3d 762, 765 (5th Cir. 1999) ........................... 11

*Alifieris v. American Airlines, Inc.,* 523 F.Supp. 1189 (D.C.N.Y. 1981) ...................... 9

*Banco de Santander Central Hispano, S.A. v. Consalvi Int'l Inc.,* 425 F.Supp.2d 421 (D.C.N.Y.2006) ................................................................................. 7

*Burchett v. Cargill, Inc.*, 48 F.3d 173 (5th Cir. 1995), reh'g denied, 55 F.3d 634 (5th Cir. 1995) 5

*Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980) ........ 12

*Civil v. Waterman S.S. Corp.,* 217 F.2d 94 (2nd Cir. 1954) ...................................... 6

*Crespo v. Pacific-Atlantic S.S. Co.*, 117 F.Supp. 504 (S.D.N.Y.1953) ................... 7

*DeBello v. Brown & Root Inc.,* 809 F.Supp. 482 (D.C.Tex.1992) ............................ 6

*Diez* v. *Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) ......................................... 3

*Eddy v. Inland Bay Drilling & Workover, Inc.,,* 784 F.Supp. 370 (D.C.Tex.1992) ...................... 6

*Fisher v. Nichols*, 81 F.3d 319 (2d Cir. 1996) ........................................................ 4

*Gamble v. Central of Georgia Ry. Co.*, 486 F.2d 781 (5th Cir. 1973) ......................... 5

*Gates Constr. Corp. v. Koschak,* 792 F.Supp. 334 (D.C.N.Y.1992) ......................... 6

*Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) ........................... 5

*Gonzalez v. Weeks Marine, Inc.,* 2006 WL 2992642 (5th Cir.) (per curiam) ................. 5

*Great Lakes Dredge & Dock Co. v. Ebanks,* 870 F.Supp. 1112 (D.C.Ga.1994) .......................... 6

*Greene v. United Fruit Co.*, 85 F.Supp. 81 (S.D.N.Y.1949) ..................................... 7

*Gutierrez v. Pacific Tankers*, 81 F.Supp. 278, 279 (S.D.Tex.1948) ........................... 7

*Hackler v. P&OPorts Louisiana, Inc.,* No. 3:08-cv-0043 (E.D. Pa.) ................................ 3, 13, 14

*Holmes v. Atlantic Sounding Co., Inc.*, 437 F.2d 441 (5th Cir. 2006)............................................. 5

*Hutton v. Consolidated Grain & Barge Co.,* 170 F.Supp.2d 844 (D.C.Ill.2001) .......................... 7

*In re Durheim,* 215 B.R. 876 (D.C.Ark.1997) ................................................................................ 6

*In re Wilson Industries, Inc.*, 886 F.2d 93, 96 (5th Cir. 1989)..................................................... 10

*Isenhour v. Harvey's Iowa Management Co., Inc.,* 2009 WL 435214 (S.D. Iowa 2009).............. 7

*Iwag v. Geisel Compania Maritima, S.A.,* 882 F.Supp. 597 (D.C.Tex.1995) ............................... 6

*Kattelman v. Otis Engineering Corp.,* 701 F.Supp. 560 (D.C.La.1988)......................................... 7

*Lackey v. Atlantic Richfield Co.*, 990 F.2d 202 (5th Cir. 1993), reh'g denied, 995 F.2d 225 (5th Cir. 1993) ................................................................................................................................... 5

*Lie v. Boeing*, 311 F. Supp. 2d 725 (N.D. III. 2004) .................................................................... 12

*MacDonald v. Kahikolu, Ltd.*, 581 F.3d 970, 973 (9th Cir. 2009).................................................. 5

*Marshall v. Navco, Inc.*, 152 F.Supp. 50 (S.D. Tex. 1957) ........................................................... 7

*McDonald v. Buck Kreihs Co., Inc.,* No. 09-cv-65681 (E.D. Pa.)..................................... 3, 13, 14

*McKee v. Merritt-Chapman & Scott Corp.*, 144 F.Supp. 423 (N.D.Ill.1956) ............................... 7

*Moe v. Eagle Ocean Transp. Co.*, 91 F.Supp. 910 (S.D.Tex.1950) ............................................... 7

*Moltke v. Intercontinental Shipping Corp.*, 86 F.Supp. 662, 663 (S.D.N.Y.1949) ...................... 7

*Montegut v. Bunge North America, Inc., et al,* No: 08-1740 (E.D.La.).................................... 3, 14

*Nielsen v. Weeks Marine Inc.*, 910 F.Supp. 84 (D.C.N.Y.1995) ................................................... 6

*Offshore Drilling Co. Inc. v. Fairchild*, 2006 WL 2054445 at *3 (W.D. La.) ............................ 12

*Parent v. Murphy Exploration & Production Co. - USA,* 2008 WL 191636 (M.D. La. 2008) (slip op.) ............................................................................................................................................. 6

*Pate v. Standard Dredging Corp.*, 193 F.2d 498, 500 (5th Cir. 1952) .......................................... 5

*Preston v. Grant Advertising, Inc.*, 375 F.2d 439 (5th Cir. 1967) ............................................. 5, 7

*Rowan Companies, Inc. v. Blanton*, 764 F.Supp. 1090 (E.D.La.1991) ....................................... 12

*Sherman v. Gulf Pride Marine Servs,* 192 B.R. 410 (D.C.La.1996) .............................................. 6

*Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004) .......................... 3

*Smith v. Anadrill, Inc.,* 762 F.Supp. 1267 (D.C.Tex.1991) ........................................................... 7

*Toups v. Archer-Daniels Midland Co.,* 155 F.R.D. 588 (D.C.Tex.1994)...................................... 6

*Wamsley v. Tonomo Marine, Inc.,* 287 F.Supp.2d 657 (D.C.W.Va.2003) .................................... 7

*White v. FCI USA, Inc., 319*4 F.3d 672,675 (5th Cir. 2003)......................................................... 3

*Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988).................................................... 3, 12

*Wren v. Cooper/T. Smith Stevedoring, Inc.,* No. 2:09-cv-65682 (E.D. Pa.) ...................... 2, 13, 14

**Other Authorities**

CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3677
    (3d ed. 2010) .................................................................................................................. 6

CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3729.1
    (3d ed. 2010) ........................................................................................................... 9, 11

<u>**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR, ALTERNATIVELY,
TO SEVER THE THIRD-PARTY CLAIMS AND REMAND THE MAIN ACTION**</u>

MAY IT PLEASE THE COURT:

Defendants improperly removed this case because it was brought under the Jones Act and is therefore explicitly not removable by statute. *See* 46 U.S.C.A § 30104.  The Supreme Court and the Fifth Circuit are clear that cases under the Jones Act are not removable.

Plaintiffs, Joannie Jefferson et al., move this Honorable Court to remand this case to the Civil District Court for the Parish of Orleans, or alternatively, to sever the third-party claims from the main demand and remand the main demand to the state court because (1) the removal of this case by third-party Defendant Industrial Development Corporation of South Africa, Limited (hereinafter "IDC") was improper because Plaintiffs' Jones Act case is not removable by statute; (2) even if removal of the third-party demand was proper, the nature of Plaintiffs' main demand requires severance and remand; and (3) IDC's removal was procedurally defective.

**I.       INTRODUCTION AND BACKGROUND**

Plaintiffs, Joannie L. Jefferson, Adraine J. Georges, Derrie K. Jefferson, Thomas H. Jefferson IV, Kevin L. Jefferson, Brad A. Jefferson, and Lisa M. William, filed suit in 2007 in the Civil District Court for the Parish of Orleans, State of Louisiana, civil action no. 07-13834, for their husband and father's occupational exposure to asbestos and contraction of malignant mesothelioma, a terminal asbestos-related cancer.[1]  Mr. Jefferson was a stevedore in the Port of New Orleans.[2] Mr. Jefferson died from malignant mesothelioma on December 25, 2006.[3] This

---

[1]  *See* **Exhibit 1**, Plaintiffs' Original Petition.

[2]  *Id.*

[3]  *See* **Exhibit 2**, Death Certificate of Thomas Jefferson.

case is set for trial in the Parish of Orleans on February 14, 2011.[4] Plaintiffs have filed suit against Mr. Jefferson's stevedore-employers, vessel owners, and vessel repair contractors under both Louisiana state law and the Jones Act.[5]

After over three years of litigation, Defendant Cooper/T. Smith Stevedoring Company, Inc. ("Cooper") filed a third-party demand on October 22, 2010 against Industrial Development Corporation of South Africa, Ltd. ("IDC") and South African Marine Corporation, Ltd. ("Safmarine") for indemnity and contribution.[6]  Cooper's third-party demand, filed less than four months before trial, is simply a mechanism by which Cooper hoped to manufacture federal removal jurisdiction.   Third-party Defendant IDC removed this case to federal court on December 1, 2010, alleging it is wholly owned by the South African Government.[7] IDC has provided no evidence to support its conclusory allegation that it is wholly owned by the South African Government.   This case was removed *after* Plaintiffs asserted claims under the Jones Act.[8]

This tactical creation of federal jurisdiction has been used numerous times over the past two years by the same or related defendants to prevent plaintiffs from prosecuting their state law claims in state court against in-state defendants. *See, e.g., Wren v. Cooper/T. Smith Stevedoring, Inc.,* No. 2:09-cv-65682 (E.D. Pa.); *McDonald v. Buck Kreihs Co., Inc.,* No. 09-cv-65681 (E.D.

---

[4] *See* **Exhibit 3**, Judgment continuing trial dated September 1, 2010.

[5] *See* **Exhibit 4**, Plaintiff's Third Supplement and Amendment to the Original Petition for Damages dated November 23, 2010.

[6] *See* **Exhibit 5**, Exceptions, Answer, Affirmative Defenses, Jury Demand and Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., In Response to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages, at pages 5-12.

[7]  *See* **Exhibit 6**, Notice of Removal of Third-Party Defendant, Industrial Development Corporation of South Africa, Limited, *exhibits of prior filings in this case omitted*.

[8] *See* **Exhibit 4**, Plaintiff's Third Supplement and Amendment to the Original Petition for Damages.

Pa.); *Hackler v. P&OPorts Louisiana, Inc.,* No. 3:08-cv-0043 (E.D. Pa.); *Montegut v. Bunge North America, Inc., et al,* No: 08-1740 (E.D.La.). **Unlike those cases in which Defendants were able to successfully maintain federal jurisdiction over all claims involved, the present case involves claims made under the Jones Act, which are explicitly not removable by federal statute.**

For the reasons discussed below, Plaintiffs urge this Honorable Court to remand this case to the Parish of Orleans, where trial is set to commence on February 14, 2011. Alternatively, should this Court find that IDC's removal was proper, Plaintiffs urge this Court to sever the third-party action from the main demand and remand Plaintiffs' main claims to state court. Plaintiff is also filing an accompanying motion for expedited hearing on this motion to remand.

## II.      LAW AND ARGUMENT

The removing party bears the burden of showing that removal is proper. *Smallwood* v. *Illinois Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004). Federal removal statutes are strictly construed. *Sygenta Crop Protection, Inc.* v. *Henson,* 537 U.S. 28, 32 (2002). Any doubt as to the propriety of the removal must be construed against removal. *See Diez* v. *Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). Removal cannot be based on conclusory allegations. *White* v. *FCI USA, Inc., 319*4 F.3d 672,675 (5th Cir. 2003).

**A.    Plaintiff's claims were improperly removed because Jones Act claims are explicitly not removable by statute.**

### *1.    Jones Act Claims are not removable*

The Jones Act is found in Section 30104 of Title 46 of the United States Code Annotated.[9]  The statute permits any seaman who suffers personal injuries in the course of his employment or the personal representative of a deceased seaman to sue his employer at law for damages in a United States district court or in state court.[10]  The Jones Act essentially created a cause of action on behalf of a seaman injured in the course of his employment by his employer's negligence—a cause of action that did not exist under general admiralty and maritime law. Moreover, the cases that have interpreted the Jones Act have held that liability arises from even

---

[9] Act of March 4, 1915, c. 153, § 20, 38 Stat. 1185; Act of June 5, 1920, c. 250, § 33, 41 Stat. 1007. The Jones Act has been renumbered 46 U.S.C.A.App. § 688.

The statute reads as follows:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply: and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

*Id.*  The Jones Act was recodified in 2006 as 46 U.S.C.A. §§ 30104 to 30105.

[10] Prior to enactment of the Jones Act in 1920, a seaman injured in the service of a ship because of the negligence of the vessel's owner, master, or fellow employees was entitled to receive no compensation for injuries other than the remedy of maintenance and cure, unless the injuries resulted directly from an unseaworthy condition of the vessel.  The defenses of contributory negligence, assumption of risk, and the fellow servant doctrine were available to the vessel owner, thereby precluding recovery of damages in a negligence action.  In response to this situation, Congress enacted the Jones Act, which is remedial in nature and liberally construed in favor of injured seamen.  *See Fisher v. Nichols*, 81 F.3d 319 (2d Cir. 1996).

---

slight negligence on the part of the employer and that the seaman's burden of proving causation is "featherweight." *MacDonald v. Kahikolu, Ltd.*, 581 F.3d 970, 973 (9th Cir. 2009); *see also Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997).

The United States Supreme Court is clear that claims made under the Jones Act are not removable:

> [T]he jurisdiction of the State courts to enforce the new common law right made a part of the maritime law, is necessarily affirmed by the provision contained in section 6 of the Employers' Liability Act—plainly, we think, incorporated in the Merchant Marine Act by the generic reference—that jurisdiction of the Federal courts under the Act shall be concurrent with that of the courts of the several States, and no case arising thereunder when brought in any state court of competent jurisdiction shall be removed to any Federal court.

*Engel v. Davenport,* 271 U.S. 33, 37–38 (1926).

The Fifth Circuit concurs with the United States Supreme Court that actions under the Jones Act are non-removable:  "The plaintiff correctly asserts that actions under the Jones Act are non-removable . . ." *Preston v. Grant Advertising, Inc.*, 375 F.2d 439 (5th Cir. 1967); *see also Pate v. Standard Dredging Corp*., 193 F.2d 498, 500 (5th Cir. 1952); *Gonzalez v. Weeks Marine, Inc.,* 2006 WL 2992642 (5th Cir.) (per curiam) (plaintiff did not waive objection to removal of Jones Act suit by pursuing case after removal; remand granted)*; Burchett v. Cargill, Inc.*, 48 F.3d 173 (5th Cir. 1995), reh'g denied, 55 F.3d 634 (5th Cir. 1995); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202 (5th Cir. 1993), reh'g denied, 995 F.2d 225 (5th Cir. 1993); *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441 (5th Cir. 2006); *Gamble v. Central of Georgia Ry. Co.*, 486 F.2d 781 (5th Cir. 1973)*.*

The leading treatise on federal practice and procedure states that Jones Act claims filed in state court are not removable: "If a state forum is chosen, by the plaintiff, the defendant may not remove the case to a federal court; this results from the Jones Act's incorporation by reference of

the provision in the Federal Employers' Liability Act limiting the defendant's right of removal in actions under that statute." *See* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3677 (3d ed. 2010).[11]

Jurisdictions across the country are in accord with the United States Supreme Court, the Fifth Circuit, and Charles Wright and Arthur Miller that claims brought in state court under the Jones Act are not removable. *See Civil v. Waterman S.S. Corp.,* 217 F.2d 94 (2nd Cir. 1954); *In re Durheim*, 215 B.R. 876 (D.C.Ark.1997); *Sherman v. Gulf Pride Marine Servs,* 192 B.R. 410 (D.C.La.1996); *Nielsen v. Weeks Marine Inc.,* 910 F.Supp. 84 (D.C.N.Y.1995); *Iwag v. Geisel Compania Maritima, S.A.,* 882 F.Supp. 597 (D.C.Tex.1995); *Parent v. Murphy Exploration & Production Co. - USA,* 2008 WL 191636 (M.D. La. 2008) (slip op.) (if plaintiff has alleged facts sufficient to state Jones Act claim and plaintiff and defendant have submitted opposing affidavits on validity of claim, case must be remanded to state court, as determination of fraudulent Jones Act pleadings is summary in nature and it is inappropriate for federal court to decide factual matters); *Great Lakes Dredge & Dock Co. v. Ebanks,* 870 F.Supp. 1112 (D.C.Ga.1994); *Toups v. Archer-Daniels Midland Co.,* 155 F.R.D. 588 (D.C.Tex.1994) (imposing Civil Rule 11 sanctions on defendant for requesting removal of Jones Act case); *DeBello v. Brown & Root Inc.,* 809 F.Supp. 482 (D.C.Tex.1992); *Gates Constr. Corp. v. Koschak,* 792 F.Supp. 334 (D.C.N.Y.1992) (removal of declaratory judgment suit in response to Jones Act suit instituted in state court denied); *Eddy v. Inland Bay Drilling & Workover, Inc.,* 784 F.Supp. 370 (D.C.Tex.1992) (Jones

---

[11]Wright and Miller recognize only three exceptions to the non-removability of Jones Act Claims:  (i) a foreign arbitration claim regarding a foreign seaman covered by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards; (ii) an action brought against a foreign state subject to dismissal under the Foreign Sovereign Immunities Act; and (iii) fraudulently plead Jones Act claims.  *See id.*  None of these apply here.

Act case not removable on basis of diversity); *Smith v. Anadrill, Inc.,* 762 F.Supp. 1267 (D.C.Tex.1991)*; Kattelman v. Otis Engineering Corp.,* 701 F.Supp. 560 (D.C.La.1988); *Marshall v. Navco, Inc.*, 152 F.Supp. 50 (S.D. Tex. 1957); *Moe v. Eagle Ocean Transp. Co.*, 91 F.Supp. 910 (S.D.Tex.1950); *Gutierrez v. Pacific Tankers*, 81 F.Supp. 278, 279 (S.D.Tex.1948); *Isenhour v. Harvey's Iowa Management Co., Inc.,* 2009 WL 435214 (S.D. Iowa 2009) (participation in discovery in improperly removed Jones Act case is not consent to removal jurisdiction and claim must be remanded because court lacked subject matter jurisdiction); *Banco de Santander Central Hispano, S.A. v. Consalvi Int'l Inc.,* 425 F.Supp.2d 421 (D.C.N.Y.2006) (giving examples of unremovable actions, including suits under Jones Act); *Wamsley v. Tonomo Marine, Inc.,* 287 F.Supp.2d 657 (D.C.W.Va.2003)*; Hutton v. Consolidated Grain & Barge Co.,* 170 F.Supp.2d 844 (D.C.Ill.2001)*; McKee v. Merritt-Chapman & Scott Corp.*, 144 F.Supp. 423 (N.D.Ill.1956); *Crespo v. Pacific-Atlantic S.S. Co.*, 117 F.Supp. 504 (S.D.N.Y.1953); *Moltke v. Intercontinental Shipping Corp.*, 86 F.Supp. 662, 663 (S.D.N.Y.1949); *Greene v. United Fruit Co.*, 85 F.Supp. 81 (S.D.N.Y.1949).

   2.   ***Plaintiffs properly plead Jones Act claims, therefore this cause of action must be remanded for lack of subject matter jurisdiction.***

   The court in determining whether a cause of action under the Jones Act has been alleged is limited to a review of the plaintiff's pleadings.  *See Preston v. Grant Advertising, Inc.*, 375 F.2d 439, 440 (5th Cir. 1967).

   Here, Plaintiffs properly plead Jones Act claims, and thus, pursuant to the well-settled law set forth above, Plaintiffs' claims are non-removable.  Specifically, Plaintiffs plead that Mr. Jefferson worked as seaman on Defendants' vessels in navigation, and such work was a proximate cause of Plaintiffs' asbestos-related injuries:

The Jones Act Defendants….are foreign corporations that, upon information and belief, at all pertinent times, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New Orleans, conducted business in Louisiana, are liable unto the Plaintiffs for the claims asserted herein, and are subject to this Court's jurisdiction pursuant to La. R.S. 13:3201.   This action is filed pursuant to the Jones Act in state court pursuant to  28 U.S.C.A. § 1445(a), which is applicable to Jones Act actions through incorporation by reference, 46 U.S.C.A. § 30104, and which provides that a civil action in state court may not be removed to any District Court of the United States….

Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos and asbestos-containing cargo while employed as a Jones Act seaman aboard vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants….

Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels….

Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials found in the equipment of the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels….

Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials as a result of insulation and/or repair work that was conducted aboard the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels….

During Plaintiffs' decedent's occupational exposure period, the Jones Act defendants and other named defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, vessels then operating on navigable waters of the United States, including but not limited to, the State of Louisiana.  Plaintiffs' decedent was exposed to asbestos, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."….

An employer of a Jones Act seaman is under a duty to provide a safe place to work and to supply the seaman with proper tools and equipment….

The Jones Act Defendants knew or should have known through, among other things, industry and medical studies, the existence of which were unknown to the Plaintiffs' decedent, of the health hazards inherent in the asbestos-containing products they were selling, transporting, supplying, installing, and using.  Instead of warning the Plaintiffs' decedent and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation….

Under 46 U.S.C. § 688, the Jones Act, the Jones Act Defendants are liable unto Plaintiffs for all damages allowed by applicable law, past, present and future, in an amount that is just and reasonable in the premises, above the jurisdictional requirement for trial by jury, with interest thereon as allowed by law.[12]

Accordingly, as Plaintiffs' pleadings properly allege a Jones Act claim and such claims are non-removable, Plaintiffs respectfully request that this Court remand this case to state court for lack of subject matter jurisdiction.

**B.      Should this court determine that removal of the third-party claims was proper, this Court should sever Cooper's third-party demand from Plaintiffs' main demand and remand Plaintiffs' claims to state court.**

District courts have discretion to sever the principal action from the third- party action and remand the principal action. *See Alifieris v. American Airlines, Inc.,* 523 F.Supp. 1189 (D.C.N.Y. 1981). If a foreign state removes a case under 28 U.S.C. Section 1441(d), the district court may then "assert jurisdiction over the entire case, or exercise its discretion to remand the main action to the state court." *See* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3729.1 (3d ed. 2010).

---

[12] *See* **Exhibit 4**, Plaintiff's Third Supplement and Amendment to the Original Petition for Damages.

  **1.**  ***This Court should remand Plaintiffs' main claims because Cooper's third-party demand against IDC and Safmarine for contribution and indemnity is not separate and independent from Plaintiffs' main demand.***

The Fifth Circuit has made it clear that "where a third-party complaint seeks indemnity based on a claim that the third-party defendant caused plaintiff's injuries, there is no separate and independent claim." *See In re Wilson Industries, Inc.*, 886 F.2d 93, 96 (5th Cir. 1989). If the third-party claims are not separate and independent then there is no basis under 28 U.S.C. § 1441(c) by which a federal court may exercise jurisdiction over otherwise non-removable claims joined in the action, and the court must remand those claims to state court. *Id*.

In this case, Cooper's third-party indemnity claim against IDC and Safmarine is not separate and independent from Plaintiffs' main claims because it is premised upon an allegation that IDC and Safmarine's conduct caused Plaintiffs' injuries, namely Mr. Jefferson's asbestos cancer, mesothelioma.[13]  Specifically, Cooper's third-party demand alleges that the conduct of IDC and Safmarine "contributed substantially to any disease allegedly suffered by Thomas Jefferson, Sr…..and [IDC and Safmarine] are therefore liable unto plaintiff pursuant to the same theories of liability asserted against Cooper/T. Smith." [14]  Cooper's third-party demand goes on to describe in detail how IDC and Safmarine caused Plaintiffs' injuries in this case.[15]  Because Cooper's third-party claims against IDC and Safmarine are not separate and independent from Plaintiffs' main claims in this case, this Court lacks jurisdiction to hear Plaintiffs' main claims, and Plaintiffs' main claims should be remanded.

---

[13]  *See* **Exhibit 5**, Exceptions, Answer, Affirmative Defenses, Jury Demand and Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., In Response to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages, at pages 5-12.

[14]  *Id*. at 8.

[15]  *Id*. at 5-12.

The Fifth Circuit specifically addressed this issue in the context of non-removable Federal Employer's Liability Act (FELA) claims in *Albarado v. Southern Pacific Transp. Co.*, 199 F.3d 762, 765 (5th Cir. 1999).  *Albarado* is particularly instructive because it examines the removal prohibition provision of FELA that is incorporated into the Jones Act. *See* 46 U.S.C.A. § 30104.  In *Albarado*, the Fifth Circuit affirmed the Eastern District of Louisiana's remand of a plaintiff's FELA claims. *Id*. at 764.  The court stated,

> With respect to claims brought pursuant to FELA, federal courts have concurrent original subject matter jurisdiction, but not removal jurisdiction. *See* 45 U.S.C. § 56; 28 U.S.C. § 1445(a). Thus a FELA claim, if filed originally in state court, may not be removed unless it is joined with separate and independent claims over which the federal courts exercise exclusive jurisdiction. *See* 28 U.S.C. § 1441(c).

*See Albarado v. Southern Pacific Transp. Co.*, 199 F.3d 762, 765 (5th Cir. 1999) (emphasis added)

In this case, Plaintiffs' claims are brought pursuant to the Jones Act, which incorporates the same removal prohibition as FELA. *See* 46 U.S.C.A. § 30104.  Therefore, this Court lacks removal jurisdiction over Plaintiffs' main claims.  Even if the Court finds that Cooper's third-party demand was properly removed, as discussed *supra* Plaintiffs main claims are not separate and independent from those third-party claims so as to be removable, as well.  Therefore, Plaintiffs' claims should be remanded.

> 2. ***Even if the Court finds that Cooper's third-party claims are separate and independent from Plaintiffs' main claims, the Court should still sever and remand Plaintiffs main claims so Plaintiffs are not deprived of their statutory right to a trial by jury.***

If a foreign state removes a case under 28 U.S.C. Section 1441(d), the district court may then "assert jurisdiction over the entire case, or exercise its discretion to remand the main action to the state court." CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3729.1 (3d ed. 2010).  Even if a court finds that a third-party claim is separate and

independent under 28 U.S.C. Section 1441(c), the court may still sever the main claims and remand them to state court. *See Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133 (5ᵗʰ Cir. 1980).  "The federal court does have discretion to remand to state court the portion of the action that relates to defendants as to whom there is no independent subject matter jurisdiction basis." *Lie v. Boeing*, 311 F. Supp. 2d 725 (N.D. Ill. 2004) (quoting CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3729.1 (3d ed. 2010)). The removal provisions of 28 U.S.C. Section 1441 allow federal courts to employ their discretion in exercising jurisdiction.  Any ambiguities are construed against removal because removal statutes should be strictly construed in favor of remand. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988).

This Court should exercise its discretion to remand Plaintiffs' main claims in this case so Plaintiffs are not deprived of their statutory right to a trial by jury.  Under the Jones Act, a plaintiff has a right to have a state court jury decide all issues of fact. *See e.g., Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); *Offshore Drilling Co. Inc. v. Fairchild*, 2006 WL 2054445 at *3 (W.D. La.); *Rowan Companies, Inc. v. Blanton*, 764 F.Supp. 1090 (E.D.La.1991).  When a case is removed under 28 U.S.C. Section 1441(d), however, the case must then be tried in federal court without a jury. *See* 28 U.S.C. Section 1441(d).  Because Plaintiffs have a statutory right to a jury trial in this case and keeping this case in federal court would deprive them of that right, this Court should remand Plaintiffs' claims.

### C.     IDC's removal is procedurally defective because it fails to satisfy all the requirements of 28 U.S.C. § 1603 such that this case should be remanded.

IDC alleges that removal is proper under 28 U.S.C. § 1441(d), claiming that it is a foreign state. A foreign state is defined in 28 U.S.C. § 1603:

An "agency or instrumentality of a foreign state" means any entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

In its notice of removal, IDC merely states that it meets the Section 1603 definition of "foreign state," alleging that "IDC's sole shareholder has been, and is currently, the South African government." While this conclusory allegation appears to meet the first and second requirements of 28 U.S.C. § 1603, IDC fails to show how it satisfies the statute's third requirement that it is "neither a citizen of a State of the United States nor created under the laws of a third country." Because removal statutes must be strictly construed, IDC's removal is necessarily defective, warranting remand.

**D.    Remand should be granted so Cooper's illusory third-party claims against IDC and Safmarine cannot be used as a procedural loophole to remove Plaintiffs claims that properly belong in state court.**

After over three years of litigation, Cooper filed a demand for contribution and indemnity against IDC and Safmarine on the eve of trial in this case.[16]  This was not due to any new discoveries regarding the relationship between Cooper and these companies, as Cooper has been filing contribution and indemnity claims against these South African companies for years in order to manufacture a basis for removal.[17]  To Plaintiffs' knowledge, however, Cooper has yet to prosecute its claims against either company or conduct any meaningful discovery against them

---

[16] *See* **Exhibit 5**, Exceptions, Answer, Affirmative Defenses, Jury Demand and Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., In Response to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages, at pages 5-12.

[17]  *See, e.g., Wren v. Cooper/T. Smith Stevedoring, Inc.,* No. 2:09-cv-65682 (E.D. Pa.); *McDonald v. Buck Kreihs Co., Inc.,* No. 09-cv-65681 (E.D. Pa.); *Hackler v. P&OPorts Louisiana, Inc.,* No. 3:08-cv-0043 (E.D. Pa.); *Montegut v. Bunge North America, Inc., et al,* No: 08-1740 (E.D.La.)

in an effort to do so.  Instead, Cooper has found a way to remove asbestos-related cases to federal court under the guise of an illusory third-party demand against a foreign entity.

Cooper and IDC are again using this tactic to remove and transfer this case to the Federal Multidistrict Litigation (MDL) court where it, like *Wren, McDonald, Hackler, Montegut,* and numerous other cases, will compete in the MDL with tens of thousands of other cases for the time of a single district court judge.  Plaintiffs respectfully request that this Court put a stop to the fraudulent practice used by Cooper and IDC to effectively deprive Plaintiffs of their day in court and remand this case to state court.

**E.     This Court may order limited jurisdictional discovery into the issues presented by Plaintiffs' motion to remand.**

In the event that the Court is not inclined to remand this action in whole or part to state court at the present time, Plaintiffs request that the Court issue an order directing the parties to conduct limited jurisdictional discovery and set this motion for hearing upon its completion. Because Plaintiffs believe that Cooper's third-party demand against IDC is merely a mechanism to manufacture federal jurisdiction Plaintiffs ask that the Court order limited discovery relating to the validity of Cooper's third-party demand and, thus, the jurisdiction of this Court so that this issue may be resolved with some finality.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court remand this case to the Civil District Court of Louisiana, Parish of Orleans where a jury trial is scheduled to begin on February 14, 2011.

Respectfully submitted,
BARON & BUDD, P.C.


BY: _____
       Denyse F. Clancy
       Louisiana State Bar No. 32968
       Christopher Colley
       Louisiana State Bar No. 30322
       3102 Oak Lawn Ave., Suite 1100
       Dallas, Texas 75201
       (214) 521-3605 (telephone)
       (214) 520-1181 (facsimile)
       dclancy@baronbudd.com
       ccolley@baronbudd.com

       ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above has been electronically filed using the CM/ECF system, thereby electronically serving this document upon counsel of record this 3rd day of January, 2011 2010 to the following:

| | |
|---|---|
| Gus A. Fritchie, III, Esq.<br>Irwin, Fritchie, Urquhart & Moore, LLC<br>400 Poydras Street, Suite 2700<br>New Orleans, LA 70130<br>Attorneys for BCI Acquisitions, Inc. | Paul Harrison, Esq.<br>Law Offices of Paul E. Harrison<br>532 Girod Street<br>Mandeville, LA 70448<br>Attorneys for American Sugar Refining, Inc. |
| Roland M. Vandenweghe, Jr., Esq.<br>Adams & Reese<br>701 Poydras Street, Suite 4500<br>New Orleans, LA 70139<br>Attorneys for Cooper/T Smith Stevedoring Company | John Bolles, Esq.<br>Phelps Dunbar<br>Canal Place<br>365 Canal Place, Suite 2000<br>New Orleans, LA 70130<br>Attorneys for Crowley Marine Services, Inc. |
| Patricia Penton, Esq.<br>Lee, Futrell & Perles, L.L.P.<br>136 Metairie Lawn Drive<br>Metairie, LA 70001<br>Attorneys for Dixie Machine, Welding<br>& Metal Works, Inc. | Wilton Bland, III, Esq.<br>Jacques P. DeGruy, Esq.<br>Mouledoux, Bland, Legrant & Brackett, L.L.C.<br>701 Poydras Street, Suite 4250<br>New Orleans, LA 70139<br>Attorneys for Ports America Gulfport, Inc. |
| Susan Kohn, Esq.<br>Simon, Peragine, Smith & Redfearn<br>1100 Poydras Street, 30th Floor<br>New Orleans, LA 70163<br>Attorneys for McCarty Corporation, The Eagle, Inc. | Lance Sannino<br>Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.<br>Place St. Charles, 50th Floor<br>201 St. Charles Avenue<br>New Orleans, LA 70170<br>Attorneys for James J. Flanagan Shipping Corp. |
| Richard P. Sulzer, Esq.<br>Robert E. Williams, IV, Esq.<br>Sulzer & Williams, LLC<br>201 Holiday Boulevard, Suite 335<br>Covington, LA 70433<br>Attorneys for SSA Gulf Terminals, Inc. | John K. Nieset, Esq.<br>Christovich & Kearner, LLP<br>Pan American Life Building<br>601 Poydras Street, Suite 2300<br>New Orleans, LA 70130<br>Attorneys for Hartford Accident & Indemnity Co. |

| Antonio J. Rodriguez, Esq. | |
| Philip C. Brickman, Esq. | |
| Fowler, Rodriguez, Valdes-Fauli | |
| 400 Poydras Street, 30th Floor | |
| New Orleans, LA 70130 | |
| Attorneys for Industrial Development | |
| Corporation | |
|  of South Africa, Limited | |

_Denyse Clancy_
Denyse Clancy