# Exhibit 5

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-13834                                                              DIV. I

JOANNIE L. JEFFERSON *ET AL.*

VERSUS

AMERICAN SUGAR REFINING, INC. *ET AL.*

FILED: _____          _____
                                                          DEPUTY CLERK

### EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND AND THIRD-PARTY DEMAND OF DEFENDANT, COOPER/T. SMITH STEVEDORING COMPANY, INC., IN RESPONSE TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, Cooper/T. Smith Stevedoring Company, Inc. (hereinafter sometimes referred to as "Cooper/T. Smith"), which responds to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages filed on November 23, 2009 by plaintiffs, Joannie L. Jefferson, Adraine J. Georges, Derrie K. Jefferson, Ryan F. Jefferson, Thomas H. Jefferson IV, Kevin L. Jefferson, Brad A. Jefferson and Lisa M. Williams, as follows:

### EXCEPTIONS TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

Cooper/T. Smith excepts to plaintiffs' First Supplement and Amendment to the Original Petition for Damages by averring as follows:

1.

Plaintiffs have no right and/or cause of action against Cooper/T. Smith.

### ANSWER TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

AND NOW, for its answer to the plaintiffs' First Supplement and Amendment to the Original Petition for Damages, Cooper/T. Smith avers as follows:

2.

The allegations contained in the introduction of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

3.

The allegations contained in paragraph I of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph II of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in paragraph III of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph IV of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

7.

To the extent that plaintiffs, in paragraph V of their First Supplement and Amendment to the Original Petition for Damages, purport to "reiterate all other matters contained in the Original Petition for Damages, and all supplemental and amending petitions filed previously herein, including the prayers of those petitions (sic) as though set forth at length herein," defendant

reiterates, reasserts, reavers, realleges and incorporates and adopts by reference all of the allegations, responses, affirmative defenses and prayers contained in its "Exceptions, Answer, Affirmative Defenses and Jury Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., to Plaintiffs' Petition for Damages" that was filed on December 21, 2007 as if plead herein.

8.

The allegations contained in the prayer of plaintiffs' First Supplement and Amendment to the Original Petition for Damages are denied.

### AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

AND NOW, for its affirmative defenses to plaintiffs' First Supplement and Amendment to the Original Petition for Damages, Cooper/T. Smith avers as follows:

9.

Plaintiffs' claims against Cooper/T. Smith are barred by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

10.

Plaintiffs' claims against Cooper/T. Smith are barred by LSA-R.S. § 23:1021 *et seq.*, the Louisiana Workers' Compensation Act.

11.

There was no fault, neglect or other basis for liability or responsibility on the part of Cooper/T. Smith, with respect to the incident complained of.

12.

Inasmuch as plaintiffs' alleged loss of consortium claims against Cooper/T. Smith arose/accrued after 1982, but are based upon allegedly-significant exposures that occurred before 1982, plaintiffs have no cause of action for loss of consortium.

13.

Inasmuch as plaintiffs' alleged loss of care, maintenance, support, services, advice and counsel claims are merely components of and are encompassed within their alleged loss of consortium claims, plaintiffs have no cause of action for loss of love, affection, support, services, society or quality of life.

14.

In the alternative, Cooper/T. Smith avers that the damages alleged by plaintiffs, if any exist, which is specifically denied, were caused solely by the fault and negligence of Thomas Jefferson, Sr., *i.e.* Thomas Jefferson, Sr.'s assumption of the risk, contributory negligence and/or comparative fault, or by others for whom Cooper/T. Smith has no responsibility, which precludes and/or bars and/or diminishes plaintiffs' recovery herein.

15.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages as a result of the negligence of anyone for whom Cooper/T. Smith could or might be responsible, which is specifically denied, the damages of plaintiffs were also caused by and/or contributed to by and/or aggravated by plaintiffs' own negligence, i.e. plaintiffs' assumption of the risk, contributory negligence and/or comparative fault, and/or the negligence of others for whom Cooper/T. Smith is not responsible, and Cooper/T. Smith is entitled to have any award or recovery mitigated and reduced accordingly.

16.

Plaintiffs' fault constitutes a superseding cause, thus barring any recovery therein.

17.

Cooper/T. Smith pleads the affirmative defenses of prescription, estoppel, and the applicable statute of limitations.

18.

Plaintiffs suffer from pre-existing conditions and/or suffered a subsequent accident, which serves to bar or diminish any recovery herein.

19.

Cooper/T. Smith specifically reserves its right to further amend and amplify these answers and defenses as further discovery may warrant.

20.

Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

21.

Cooper/T. Smith specifically reserves its right to file third-party complaints, counterclaims and/or cross-claims such as the facts may disclose and/or warrant.

4

22.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages and are entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases of any persons, companies or entities, whether a party or not, and whether said settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental petition herein.

23.

Any and all allegations not specifically admitted above are denied.

### JURY DEMAND

24.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein.

WHEREFORE, defendant, Cooper/T. Smith, prays that its Exceptions, Answer, Affirmative Defenses and Jury Demand filed in response to the original plaintiffs' First Supplement and Amendment to the Original Petition for Damages be deemed good and sufficient and that, after due proceedings be had, there be a judgment herein in favor of Cooper/T. Smith, dismissing the original plaintiffs' claims, with prejudice, at their sole cost, and for all relief as may be deemed equitable and just.

### THIRD-PARTY DEMAND

AND NOW, assuming the role of third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., for its Third-Party Demand, represents as follows:

25.

Made third-party defendants herein are:

A.  **Industrial Development Corporation of South Africa, Ltd.** (hereinafter "IDC"), a foreign corporation, that, upon information and belief, at all times pertinent, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New Orleans, conducted business in Louisiana and is subject to this Court's jurisdiction pursuant to La. R.S. §13:3201.

B.     **South African Marine Corporation, Ltd.** (hereinafter "Safmarine"), a foreign corporation, that, upon information and belief, at all times pertinent, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New Orleans, conducted business in Louisiana and is subject to this Court's jurisdiction pursuant to La. R.S. §13:3201.

26.

Cooper/T. Smith has been named as a defendant in the main demand herein. Plaintiffs have alleged that Thomas Jefferson, Sr. was exposed to significant quantities of asbestos and/or asbestos-containing products while employed as a stevedore-laborer by various stevedoring companies in the Port of New Orleans, allegedly contracted mesothelioma as a result of such exposure and ultimately died as a result of such exposures. Plaintiffs have further alleged that Cooper/T. Smith was negligent in failing to provide a safe work environment for him and exposed him to asbestos and/or asbestos-containing products, all of which is more particularly set forth in the original plaintiffs' Original Petition for Damages and plaintiffs' First Supplement and Amendment to the Original Petition for Damages and all of which has been denied by Cooper/T. Smith. Plaintiffs in the main demand have also alleged that Cooper/T. Smith is liable under theories of strict liability.

27.

Cooper/T. Smith has denied the allegations asserted against it by plaintiffs in the main demand.

28.

Regardless of whether Cooper/T. Smith is responsible for any sum to the plaintiffs, the above-named third-party defendants are liable to plaintiffs for all or part of the damages allegedly sustained by plaintiffs under the facts alleged by plaintiffs in their original and/or supplemental and/or amending petitions for damages.

29.

In the event that Cooper/T. Smith is responsible for any sum to the plaintiffs, whether by judgment or compromise, then the above-named third-party defendants are liable to it for all or part of the amount owed, and Cooper/T. Smith is entitled to indemnity and/or contribution from the above-named third-party defendants.

30.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Thomas Jefferson, Sr. was exposed to asbestos cargo that was transported on vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which Thomas Jefferson, Sr. worked.

31.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Thomas Jefferson, Sr. was exposed to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which Thomas Jefferson, Sr. worked.

32.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Thomas Jefferson, Sr. was exposed to asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Thomas Jefferson, Sr. was working aboard said vessels.

33.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Thomas Jefferson, Sr. was exposed to asbestos-containing materials as a result of insulation and/or repair work that was being conducted aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Thomas Jefferson, Sr. was working aboard said vessels.

34.

IDC and/or Safmarine failed to warn anyone of the dangers associated with said asbestos cargo and/or asbestos-containing materials.

35.

According to plaintiffs, as a result of said asbestos exposure, Thomas Jefferson, Sr. allegedly contracted an asbestos-related disease and allegedly died therefrom.

36.

The exposure of Thomas Jefferson, Sr. to asbestos and/or asbestos-containing cargo transported by IDC and/or Safmarine and/or to asbestos-containing materials found in the

component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and/or to asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and/or to asbestos-containing materials as a result of insulation and/or repair work that was being conducted aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly suffered by Thomas Jefferson, Sr. as a result, and the above-named third-party defendants are therefore liable unto plaintiffs pursuant to the same theories of liability asserted against Cooper/T. Smith and Thomas Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages and any and all of plaintiffs' supplemental and/or amending petitions, which theories of liability are specifically plead as if set forth herein *in extenso*.

37.

Further, and only in the event that Cooper/T. Smith is found liable for damages allegedly sustained by the original plaintiffs in the main demand, or in the event that Cooper/T. Smith pays any sum to the original plaintiffs in compromise of his claims against Cooper/T. Smith, all of which liability is specifically denied, Cooper/T. Smith is entitled to contribution and/or indemnity from the above-named third-party defendants, IDC and/or Safmarine, because Thomas Jefferson, Sr. was exposed to unreasonably dangerous asbestos cargo that was transported on vessels owned, operated, chartered and/or managed by IDC and/or Safmarine, because Thomas Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which Thomas Jefferson, Sr. worked, because Thomas Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Thomas Jefferson, Sr. was working aboard said vessels, because Thomas Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials as a result of insulation and/or repair work that was being conducted aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Thomas Jefferson, Sr. was working aboard said vessels, because IDC and/or Safmarine failed to warn anyone of the dangers associated with said asbestos cargo and/or asbestos-containing

materials, and because, as a result of said exposure, Thomas Jefferson, Sr. allegedly contracted an asbestos-related disease and died therefrom. The exposure of Thomas Jefferson, Sr. to asbestos and/or asbestos-containing cargo transported by IDC and/or Safmarine and/or to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly suffered by plaintiff as a result, and the above-named third-party defendants are therefore liable unto Cooper/T. Smith pursuant to the same theories of liability asserted against Cooper/T. Smith and Thomas Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages and any and all of plaintiffs' supplemental and/or amending petitions and Cooper/T. Smith's Third-Party Demand, which theories of liability are specifically plead as if set forth herein *in extenso*.

38.

Upon information and belief, IDC and/or Safmarine were at all times pertinent aware, or reasonably should have been aware, of the dangers and hazards associated with exposure to asbestos, asbestos fibers and/or asbestos-containing products. Despite such knowledge, IDC and/or Safmarine continued to transport asbestos cargo into the Port of New Orleans and/or continued to transport vessels with these asbestos-containing materials contained in their vessels' component parts and/or equipment and owned, operated, chartered and/or managed by IDC and/or Safmarine into the Port of New Orleans and/or continued to have insulation and/or repair work done to these vessels' asbestos-containing component parts and/or asbestos-containing equipment, allegedly causing Thomas Jefferson, Sr. to be exposed to said asbestos cargo and/or asbestos-containing materials, and failed to take any measures to protect the safety of Thomas Jefferson, Sr., failed to warn Thomas Jefferson, Sr. of the dangers of said cargo, failed to warn anyone of the dangers of said cargo and/or asbestos-containing materials, failed to label the asbestos cargo and/or asbestos-containing materials as hazardous and otherwise failed to take reasonable and necessary steps to protect the health and safety of longshoremen, including Thomas Jefferson, Sr., that were reasonably certain to come into contact with said cargo and/or asbestos-containing materials.

39.

Further, and only in the event that Cooper/T. Smith is liable to the original plaintiffs for any sum, all of which liability is specifically denied, Cooper/T. Smith avers that it is entitled to contribution and/or indemnity from the above-named third-party defendants, IDC and Safmarine, as solidary obligors, because the exposure of Thomas Jefferson, Sr. to asbestos-containing cargo transported on vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and/or asbestos-containing materials found aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly contracted by Thomas Jefferson, Sr. Said third-party defendants are therefore liable unto the original plaintiffs and Cooper/T. Smith, in the event that Cooper/T. Smith is liable to the original plaintiffs for any sum, pursuant to the same theories of liability asserted against Cooper/T. Smith and Thomas Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages, which theories of liability are specifically plead as if set forth herein *in extenso*.

40.

At all times pertinent, IDC and/or Safmarine had care, custody, control and *garde* of the asbestos cargo and/or asbestos-containing materials found aboard the vessels owned, operated, chartered and/or managed by them, which was an unreasonably dangerous product, the unreasonably dangerous propensities of said product being well know by IDC and/or Safmarine, rendering them strictly liable unto the original plaintiffs and/or Cooper/T. Smith for damages caused by said unreasonably dangerous asbestos cargo and/or asbestos-containing materials in IDC's and/or Safmarine's care, custody, control and *garde*.

41.

Safmarine and/or IDC owned, operated, chartered and/or managed vessels that carried bagged asbestos into the Port of New Orleans during the time frame that Thomas Jefferson, Sr. worked as a longshoreman in the Port of New Orleans. Upon information and belief, those vessels include, but are not limited to, the SOUTH AFRICAN HUGUENOT, the SOUTH AFRICAN TRADER, the SOUTH AFRICAN ALPHEN, the SOUTH AFRICAN VENTURE, the SOUTH AFRICAN VICTORY, the SOUTH AFRICAN NEDERBURG, the SOUTH AFRICAN VANGUARD, the SOUTH AFRICAN MORGENSTER, the SOUTH AFRICAN

WELTEVREDEN and the SOUTH AFRICAN CONSTANTIA.

42.

Safmarine and/or IDC owned, operated, chartered and/or managed vessels that, at the time Thomas Jefferson, Sr. worked upon them, were composed of asbestos-containing component parts and equipment. Upon information and belief, those vessels include, but are not limited to, the VERGELEGEN (originally known as the WESTBROOK VICTORY), the MORGENSTER (originally known as the WESTERLY VISTORY), the CONSTANTIA (originally known as the NEW BERN VICTORY) and the SPARTUNBURG VICTORY.

43.

In addition to IDC's liability arising out of its status as the owner, operator, charterer and/or manager of vessels upon which Thomas Jefferson, Sr. worked while he was exposed to asbestos cargo and/or asbestos-containing materials, upon information and belief, IDC is the successor-in-interest to some or all of Safmarine's liability arising out of Thomas Jefferson, Sr.'s contraction of an asbestos-related disease as a result of his exposure to the asbestos cargo and/or asbestos-containing materials aboard the vessels owned, operated, chartered and/or managed by Safmarine. For this independent reason alone, IDC is liable for some or all of the liability otherwise attributable to Safmarine and arising out of Thomas Jefferson, Sr.'s contraction of an asbestos-related disease as a result of his exposure to the asbestos cargo and/or asbestos-containing materials aboard the vessels owned, operated, chartered and/or managed by Safmarine.

44.

In addition to IDC's liability arising out of its status as the owner, operator, charterer and/or manager of vessels upon which Thomas Jefferson, Sr. worked while he was exposed to asbestos cargo and/or asbestos-containing materials and/or IDC's liability as successor-in-interest to Safmarine, upon information and belief, at some or all pertinent times, Safmarine was operated as the "alter ego" and/or instrumentality of IDC and/or Safmarine was indistinguishable from IDC and/or Safmarine was an adjunct of IDC and/or IDC and Safmarine were operated as a single business enterprise, inasmuch as, among other things, (1) statutory formalities in the incorporation and/or operation of Safmarine were not observed, (2) Safmarine was undercapitalized and/or thinly-capitalized (3) there was common working control over both

IDC and Safmarine, (4) IDC and Safmarine had common directors and officers, (5) IDC and Safmarine had unified administrative control, (6) IDC caused the incorporation of Safmarine, (7) IDC's and Safmarine's funds and/or financial records were not kept separate and apart, (8) IDC owned sufficient stock of Safmarine such that IDC had actual working control of Safmarine and (9) IDC financed Safmarine. For this independent reason alone, IDC is liable for some or all of the liability otherwise attributable to Safmarine and arising out of Thomas Jefferson, Sr.'s contraction of an asbestos-related disease as a result of his exposure to the asbestos cargo and/or asbestos-containing materials aboard the vessels owned, operated, chartered and/or managed by Safmarine.

45.

Cooper/T. Smith further adopts and incorporates by reference thereto all of the allegations of plaintiffs' Original Petition for Damages and any and all supplemental and/or amending Petitions for Damages, as if set forth herein, against Industrial Development Corporation of South Africa Limited and South African Marine Corporation Limited.

## JURY DEMAND

46.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein in its Third-Party Demand.

WHEREFORE, Cooper/T. Smith, in its capacity as third-party plaintiff, prays that third-party defendants, South African Marine Corporation Limited and Industrial Development Corporation of South Africa Limited, be served with a copy of this Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., and appear and answer within the delays allowed by law and that, after due proceedings are had, there be judgment in favor of plaintiffs and/or third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., and against third-party defendants, South African Marine Corporation Limited and Industrial Development Corporation of South Africa Limited, for all of plaintiffs' damages and/or for any amounts third-party plaintiff may be required to pay to plaintiffs and/or to any other parties, by way of judgment, compromise or otherwise. Cooper/T. Smith further prays for any and all other general and

equitable relief to which it is entitled.

Respectfully submitted:

ADAMS AND REESE LLP

MARK J. SPANSEL (#12314)
EDWIN C. LAIZER (#17014)
ROLAND M. VANDENWEGHE, JR. (# 25283)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: 504-581-3234
Facsimile: 504-566-0210
*Attorneys for Defendant and Third-Party Plaintiff,*
*Cooper/T. Smith Stevedoring Company, Inc.*

PLEASE ISSUE CITATION FOR THIS "EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND AND THIRD PARTY DEMAND OF DEFENDANT, COOPER/T. SMITH STEVEDORING COMPANY, INC., IN RESPONSE TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES," along with certified copies of all petitions and answers thereto in the record of this matter for service pursuant to The Louisiana Long-Arm Statute, La. R.S. §13:3204, on the following parties:

**South African Marine Corporation Limited**
E-Berth
Duncan Road
Port of Capetown, Roggebaai
South Africa

**Industrial Development Corporation of South Africa Limited**
19 Fredman Drive
Sandown, Johannesburg
South Africa

### CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the foregoing Exceptions, Answer, Affirmative Defenses, Jury Demand and Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., in Response to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery       ( ) Prepaid U. S. Mail

( ) Facsimile          (X) Electronic Mail

New Orleans, Louisiana, this 22nd day of October, 2010.

ROLAND M. VANDENWEGHE, JR.

13