(SHx), DISCOVERY, MANADR, RELATED-P

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:10-cv-09658-DSF -SH

David Overby et al v. Air and Liquid Systems Corporation et al

Assigned to: Judge Dale S. Fischer

Referred to: Magistrate Judge Stephen J. Hillman

Case in other court: Superior Court State of CA County of Los Angeles, BC449713

Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 12/16/2010

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Federal Question

**Plaintiff**

**David Overby**                    represented by    **Conor R Nideffer**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Ethan A Horn**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Margaret Ruth Overby**                    represented by   **Conor R Nideffer**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Ethan A Horn**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Jennifer L Bartlett**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Ronald Cary Eddins**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air and Liquid Systems Corporation**
*sued as successor-by-merger to Buffalo
Pumps, Inc.*

**Defendant**

**Carrier Corporation**

**Defendant**

**CBS Corporation**
*fka Viacom, Inc. sued as successor-by-
merger to CBS Corporation fka
Westinghouse Electric Corporation and
also as successor-in-interest to BF
Sturtevant*

**Defendant**

**Foster Wheeler Energy Corporation**        represented by   **Charles S Park**
                                                              Brydon Hugo and Parker
                                                              135 Main Street 20th Floor
                                                              San Francisco, CA 94105
                                                              415-808-0300
                                                              Fax: 415-808-0333
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Edward R Hugo**
                                                              Brydon Hugo and Parker
                                                              135 Main Street 20th Floor
                                                              San Francisco, CA 94105
                                                              415-808-0300

Fax: 415-808-0333
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**John Crane, Inc.**

**Defendant**

**SYD Carpenter**

**Defendant**

**Marine Contractor, Inc.**

**Defendant**

**Viad Corporation**
*fka The Dial Corporation sued
individually and as successor-in-
interest to Griscom-Russell Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/16/2010 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC449713 with Conformed copy of summons and complaint. Case assigned to Judge Dale S. Fischer, Discovery to Magistrate Judge Stephen J Hillman. (Filing fee $ 350 PAID), filed by Defendant Foster Wheeler Energy Corporation.(car) (Additional attachment(s) added on 12/21/2010: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D E F, # 5 Exhibit G and H, # 6 Exhibit I and J, # 7 Exhibit K and L, # 8 Exhibit M 1, # 9 M 2, # 10 M 3, # 11 M 4, # 12 M 5, # 13 M 6, # 14 M 7, # 15 M 8, # 16 M 9, # 17 M 10, # 18 M 11, # 19 M 12, # 20 M 13, # 21 M 14, # 22 M 15, # 23 M 16, # 24 M 17, # 25 M 18, # 26 M 19, # 27 M 20, # 28 M 21, # 29 M 22, # 30 M 23, # 31 M 24, # 32 M 25, # 33 M 26, # 34 M 27, # 35 M 28 of 28) (mg). (Entered: 12/17/2010) |
| 12/16/2010 | 2 | DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S DISCLOSURE STATEMENT Pursuant to Federal Rule of Civil Procedure 7.1 (car) (mg). (Entered: 12/17/2010) |
| 12/16/2010 | 3 | NOTICE of Related Case(s) filed by Defendant Foster Wheeler Energy Corporation. Related Case(s): CV07-8338 VBF (RCx); CV08-0118 R (JTLx); CV08-0248 R (PLAx); CV08-00282 VBF (AGRx); CV08-00501 GPS (AJWx); CV08-1296 R (JTLx) [See Document for further information] (car) (mg). (Entered: 12/17/2010) |
| 12/16/2010 | 4 | NOTICE of Interested Parties filed by Defendant Foster Wheeler Energy Corporation (car) (mg). (Entered: 12/17/2010) |
| 12/16/2010 | 5 | DEFENDANT Foster Wheeler Energy Corporation's Notice of Tag-Along |

| | | Action (car) (mg). (Entered: 12/17/2010) |
|---|---|---|
| 12/16/2010 | 6 | NOTICE TO PARTIES OF ADR PROGRAM filed.(car) (Entered: 12/17/2010) |
| 12/17/2010 | 7 | STANDING ORDER for Cases Assigned to Judge Dale S Fischer: Read this Order Carefully. It controls this case and differs in some respect from the Local Rules; Counsel for Plaintiff shall immediately serve this Order on all parties, including any new parties to the action; If this case came to the Court by Noticed Removal, Defendant shall serve this Order on all other parties (See document for further details) by Judge Dale S. Fischer. (shb) (Entered: 12/17/2010) |
| 12/17/2010 | 8 | ORDER SETTING SCHEDULING CONFERENCE by Judge Dale S. Fischer: Scheduling Conference set for 4/25/2011 11:00 AM before Judge Dale S. Fischer. READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. Parties are reminded of their obligations to disclose information to confer on a discovery plan not later than 21 days prior to the scheduling conference and to file a report with the Court entitled "Joint Rule 26(f) Report" not later than 14 days after they confer; Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions (See document for further details) (shb) (Entered: 12/17/2010) |
| 12/22/2010 | 9 | NOTICE of Order Setting Scheduling Conference filed by Defendant Foster Wheeler Energy Corporation. (Moses, Thomas) (Entered: 12/22/2010) |
| 12/22/2010 | 10 | NOTICE of Standing Order for Cases Assigned to Judge Dale S. Fischer filed by Defendant Foster Wheeler Energy Corporation. (Attachments: # 1 Affidavit)(Moses, Thomas) (Entered: 12/22/2010) |
| 12/22/2010 | 11 | NOTICE OF DISMISSAL filed by Plaintiff David Overby, Margaret Ruth Overby pursuant to FRCP 41a(1) as to Air and Liquid Systems Corporation. (Barrow, Brian) (Entered: 12/22/2010) |
| 12/22/2010 | 12 | NOTICE OF DISMISSAL filed by Plaintiff David Overby, Margaret Ruth Overby pursuant to FRCP 41a(1) as to CBS Corporation. (Barrow, Brian) (Entered: 12/22/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/23/2010 09:44:14 | | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2476 |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-09658-DSF -SH End date: 12/23/2010 |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

*11/19/10*        *12810p*

## SUMMONS
### *(CITACION JUDICIAL)*

CONFORMED COPY
ORIGINAL FILED **SUM-100**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 16 2010

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:** AIR & LIQUID SYSTEMS CORPORATION (sued as
*(AVISO AL DEMANDADO):* successor-by-merger to BUFFALO PUMPS, INC.), et
al.
See Attached Defendants List.

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID OVERBY and MARGARET
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* RUTH OVERBY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California  90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 449713** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Jennifer L. Bartlett
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SIMON EDDINS & GREENSTONE LLP
301 E Ocean Blvd., Suite 1950, Long Beach, CA 90802        562-590-3400

DATE: **NOV 16 2010**        JOHN A. CLARKE, CLERK, By Shaunya Wesley , Deputy
*(Fecha):*        *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Foster Wheeler energy

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Proceso™

SUM-200(A)

| SHORT TITLE: OVERBY vs. AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.), et al. | CASE NUMBER: |
| --- | --- |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

CARRIER CORPORATION;
CBS CORPORATION f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT);
FOSTER WHEELER ENERGY CORPORATION;
GENERAL ELECTRIC COMPANY;
JOHN CRANE, INC.;
SYD CARPENTER, MARINE CONTRACTOR, INC.;
VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY)

Page _1_ of _1_

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

ProDoc®

1   RON C. EDDINS, CA Bar No. 243581
2   JENNIFER L. BARTLETT, CA Bar No. 183154
    ETHAN A. HORN, CA Bar No. 190296
3   CONOR R. NIDEFFER, CA Bar No. 253931
    SIMON, EDDINS & GREENSTONE, LLP
4   301 E. Ocean Blvd., Ste. 1950
    Long Beach, California 90802
5   Telephone (562) 590-3400
    Facsimile (562) 590-3412
6
7   Attorneys for Plaintiffs
8
9           SUPERIOR COURT OF THE STATE OF CALIFORNIA
10             FOR THE COUNTY OF LOS ANGELES
11                                          BC 449713
12  DAVID OVERBY and MARGARET      )   Case No.
    RUTH OVERBY                    )
13                                 )   THIS ACTION CONSTITUTES COMPLEX
                 Plaintiffs,       )   ASBESTOS LITIGATION – SUBJECT TO THE
14                                 )   GENERAL ORDERS CONTAINED IN FILE NO.
    vs.                            )   C 700000 – DEPT. 59
15  AIR & LIQUID SYSTEMS           )
    CORPORATION (sued as successor-by- )  COMPLAINT FOR PERSONAL INJURY –
16  merger to BUFFALO PUMPS, INC.); )  ASBESTOS (NEGLIGENCE; STRICT
    CARRIER CORPORATION;           )   LIABILITY; LOSS OF CONSORTIUM)
17  CBS CORPORATION f/k/a VIACOM,  )
    INC. (sued as successor-by merger to )
18  CBS CORPORATION f/k/a          )
    WESTINGHOUSE ELECTRIC          )
19  CORPORATION, and also as successor- )
    in-interest to BF STURTEVANT); )
20  FOSTER WHEELER ENERGY          )
    CORPORATION;                   )
21  GENERAL ELECTRIC COMPANY;      )
    JOHN CRANE, INC.;              )
22  SYD CARPENTER, MARINE          )
    CONTRACTOR, INC.;              )
23  VIAD CORPORATION f/k/a THE     )
    DIAL CORPORATION (sued         )
24  individually and as successor-in-interest )
    to GRISCOM-RUSSELL COMPANY),   )
25                                 )
                 Defendants.       )
26
27
28
                          1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 16 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

GENERAL ALLEGATIONS

COME NOW Plaintiffs DAVID OVERBY and MARGARET RUTH OVERBY (hereinafter "Plaintiffs") and complain and allege as follows:

1.      At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.); CARRIER CORPORATION; CBS CORPORATION f/k/a VIACOM, INC. (sued as successor-by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT); FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; JOHN CRANE, INC.;   SYD CARPENTER, MARINE CONTRACTOR, INC., and VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

2.      Plaintiffs allege herein that Plaintiff DAVID OVERBY developed malignant adenocarcinoma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-

2

merger to BUFFALO PUMPS, INC.) (for Buffalo pumps); CARRIER CORPORATION (for Carrier refrigeration plants); CBS CORPORATION f/k/a VIACOM, INC. (sued as successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT) (for Westinghouse blowers, and BF Sturtevant forced draft blowers and turbines); FOSTER WHEELER ENERGY CORPORATION (for Foster Wheeler boilers and distilling plants); GENERAL ELECTRIC COMPANY (for General Electric turbines, ship's service generators, and reduction gears); JOHN CRANE, INC. (for gaskets and packing); SYD CARPENTER, MARINE CONTRACTOR, INC. (as an insulation contractor), and VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom Russell distilling plants and fuel oil heaters).

3. Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer). Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution. Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any defendant acting under the authority of a federal officer or agency.

FIRST CAUSE OF ACTION

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

4. Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

5. At all times herein mentioned, each of the named Defendants was the successor,

3

1  successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or

2  partially owned by, or the whole or partial owner of or member in an entity researching, studying,

3  manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing,

4  buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for

5  installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging

6  and advertising asbestos, and products containing asbestos, including but not limited to, those

7  products identified in paragraph 2 above.  Said entities shall hereinafter collectively be called

8  "alternate entities."  Each of the herein named Defendants is liable for the tortious conduct of each

9  successor, successor-in-business, successor-in-product line or a portion thereof, assign,

10  predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or

11  wholly or partially owned entity, or entity that it was a member of, or funded, that researched,

12  repaired, marketing, warranted, re-branded, manufactured for others and advertised asbestos, and

13  asbestos products.  The following Defendants, and each of them, are liable for the acts of each and

14  every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs'

15  remedy against each such "alternate entity"; Defendants, and each of them, have acquired the

16  assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of

17  them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each

18  such Defendant has the ability to assume the risk-spreading role of each such "alternate entity";

19  and that each such Defendant enjoys the goodwill originally attached to each such "alternate

20  entity".

21

22  | DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AIR AND LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC. |
| CARRIER CORPORATION | UNITED TECHNOLOGIES CORPORATION BRYANT HEATING AND AIR CONDITIONING, INC. |
| CBS CORPORATION | VIACOM INC. WESTINGHOUSE ELECTRIC CORPORATION BF STURTEVANT VIACOM INTERNATIONAL, INC. |

4

| | |
|---|---|
| VIACOM PLUS | |
| FOSTER WHEELER ENERGY CORPORATION | FOSTER WHEELER BOILER CORPORATION |
| | FOSTER WHEELER CONTRACTORS, INC. |
| | FOSTER WHEELER CORPORATION |
| | FOSTER WHEELER DEVELOPMENT CORP. |
| | FOSTER WHEELER ENERGY RESOURCES INC. |
| | FOSTER WHEELER ENERGY SERVICES, INC. |
| | FOSTER WHEELER ENVIRESPONSE, INC. |
| | FOSTER WHEELER ENVIRONMENTAL CORPORATION |
| | FOSTER WHEELER POWER GROUP, INC. |
| | FOSTER WHEELER POWER SYSTEMS, INC. |
| | FOSTER WHEELER PYROPOWER, INC. |
| | FOSTER WHEELER REALTY SERVICES, INC. |
| | FOSTER WHEELER USA CORPORATION |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY, INC. |
| | GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY |
| | GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY |
| | GENERAL ELECTRIC TRADING COMPANY |
| JOHN CRANE, INC. | JOHN CRANE-HOUDAILLE, INC. |
| | HOUDAILLE JOHN CRANE, INC. |
| VIAD CORPORATION | THE DIAL CORPORATION |
| | GRISCOM-RUSSELL COMPANY |

6.      At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter Defendants' Products).

7.      At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated,

5

1   specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to
2   warn of the health hazards, labeled, assembled, distributed, leased, bought, rented, offered for sale,
3   supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,
4   warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products,
5   including but not limited to those products identified in paragraph 2 above, in that the Defendants'
6   Products were unreasonably dangerous because they released respirable asbestos fibers which
7   resulted in personal injuries to users, consumers, workers, bystanders, and others, including
8   Plaintiff DAVID OVERBY herein (hereinafter collectively called "exposed person"). Said
9   products were used at all times in a manner that was reasonably foreseeable to Defendants, their
10  "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for
11  use by "exposed person". Plaintiffs herein allege that DAVID OVERBY's exposure to
12  Defendants' Products, including but not limited to those products identified in paragraph 2 above
13  (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-
14  containing products"), were a substantial contributing factor in the development of his malignant
15  adenocarcinoma, and therefore proximately caused Plaintiff DAVID OVERBY's injuries.

16      8.      Defendants, their "alternate entities," and each of them, had a duty to exercise
17  reasonable care while engaging in the activities mentioned above and each Defendants breached
18  said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately
19  design, manufacture and/or sell Defendants' products; failed to test said products; failed to
20  investigate the hazards of said products; failed to warn "exposed person", including Plaintiff
21  DAVID OVERBY, of the health hazards of using Defendants' products; failed to disclose the
22  known or knowable dangers of using Defendants' products; failed to obtain suitable alternative
23  materials to asbestos when such alternatives were available; and as otherwise stated herein.

24      9.      The Defendants' products were and are hazardous to the health and safety of Plaintiff,
25  and others in Plaintiff's position working with and in close proximity to such products, and since
26  on or before 1930, the hazards and dangerous propensities of the Defendants' products were both
27  known and knowable to the Defendants, their "alternate entities", and each of them, through the
28  use of medical and/or scientific data and other knowledge available to Defendants, their "alternate

6

1   entities", and each of them at the time of Defendants' manufacture, distribution, sale, research,

2   study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale,

3   supply, inspection, service, installation, contracting for installation, repair, marketing, warranting,

4   re-branding, re-manufacturing for others, packaging and advertising, of those products, which

5   clearly indicated the hazards and dangerous propensities of asbestos presented a substantial danger

6   to users, including Plaintiff, DAVID OVERBY, of Defendants' Products through the intended and

7   reasonably foreseeable use of those products.

8       10.   Defendants, their "alternate entities", and each of them, knew, or reasonably should

9   have known, that Defendants' Products were dangerous and were likely to be dangerous when

10  used in their intended and reasonably foreseeable manner.

11      11.   Defendants, their "alternate entities", and each of them, knew, or reasonably should

12  have known, that Defendants' Products would be installed, repaired, maintained, overhauled,

13  removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or

14  otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of

15  airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed

16  person," including Plaintiff DAVID OVERBY herein, would be exposed to said hazardous and

17  dangerous asbestos fibers.  Defendants, their "alternate entities", and each of them, knew or

18  reasonably should have known that users, such as Plaintiff DAVID OVERBY and others in his

19  position, working with and in close proximity to Defendants' Products would not realize or know

20  the danger.  Defendants, their "alternate entities," and each of them negligently failed to

21  adequately warn or instruct of the dangers of the products.  A reasonable designer, manufacturer,

22  distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have

23  warned of the dangers to avoid exposing others to a foreseeable risk of harm.  The negligent failure

24  of Defendants, their "alternate entities," and each of them to warn was a substantial factor in

25  causing harm to Plaintiff DAVID OVERBY.

26      12.   Plaintiff DAVID OVERBY used, handled, or was otherwise exposed to asbestos from

27  Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants

28  and each of them.  Plaintiff's exposure to Defendants' Products occurred at various locations set

7

1  forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

2      13.   As a direct and proximate result of the conduct of the Defendants, their "alternate

3  entities", and each of them, as aforesaid, Plaintiff DAVID OVERBY's exposure to asbestos from

4  use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of

5  which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were

6  attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached

7  hereto and incorporated by reference herein.  Plaintiffs are informed and believe, and thereon

8  allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of

9  asbestos fibers without perceptible trauma and that said disease results from exposure to

10  Defendants' Products over a period of time.

11      14.   Plaintiff DAVID OVERBY suffers from malignant adenocarcinoma, caused by

12  exposure to asbestos from Defendants' Products including those products identified in paragraph 2

13  above.  Plaintiff DAVID OVERBY was not aware at the time of exposure that Defendants'

14  Products presented any risk of injury and/or disease.

15      15.   As a direct and proximate result of the aforesaid conduct of Defendants, their

16  "alternate entities," and each of them, Plaintiff DAVID OVERBY has suffered and will continue

17  to suffer permanent injuries and future injuries to his person, body and health, including, but not

18  limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy,

19  dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant

20  thereto, as Plaintiff's malignant adenocarcinoma progresses, all to his general damage in a sum in

21  excess of the jurisdictional limit of a limited civil case.

22      16.   As a direct and proximate result of the aforesaid conduct of the Defendants, their

23  "alternate entities", and each of them, Plaintiff DAVID OVERBY has incurred, is presently

24  incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care,

25  medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being

26  presently unknown to Plaintiffs, subject to proof at trial.

27      17.   As a further direct and proximate result of the said conduct of the Defendants, their

28  "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income,

wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.     Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff DAVID OVERBY, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom. Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff DAVID OVERBY.

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff DAVID OVERBY as to the safety of their products. Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff DAVID OVERBY at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in

9

Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff DAVID OVERBY and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff DAVID OVERBY with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff DAVID OVERBY and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff DAVID OVERBY and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff DAVID OVERBY so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that

10

Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

19.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

20.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff DAVID OVERBY, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

21.     Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff DAVID OVERBY.

22.     Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff DAVID OVERBY, to cruel and unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

11

23.     As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff DAVID OVERBY sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

24.     Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

25.     Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, DAVID OVERBY, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff DAVID OVERBY and others in Plaintiff's position working with and in close proximity to such products.

26.     Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff DAVID OVERBY. The defect existed in all of said products when they left the possession of the Defendants, their "alternate entities," and each of them. At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were

12

substantially the same as when they left the possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos and asbestos products were used by Plaintiff DAVID OVERBY, and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to Defendants, and each of them. The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff DAVID OVERBY, including malignant adenocarcinoma, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

27.    As a direct and proximate result of the actions and conduct outlined herein, Defendants' Products failed to perform as safely as an ordinary consumer would have expected in that Defendants' products, and each of them, during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including Plaintiff DAVID OVERBY, were unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff DAVID OVERBY had reason to expect was a substantial factor in causing his injuries.

28.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff DAVID OVERBY has suffered the injuries and damages alleged herein.

29.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff DAVID OVERBY, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom. Although Defendants, and each of them, knew of the substantial risks associated

13

with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff DAVID OVERBY.

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff DAVID OVERBY as to the safety of their products. Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff DAVID OVERBY at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff DAVID OVERBY and others of the nature of said materials which were dangerous when breathed

14

and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)   Defendants, their "alternate entities", and each of them, failed to provide Plaintiff DAVID OVERBY with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff DAVID OVERBY and others applying and installing such material;

(f)   Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff DAVID OVERBY and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)   Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff DAVID OVERBY so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

30.   Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or

15

should have known of, the acts of each of their "alternate entities" as set forth herein.

31.    The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff DAVID OVERBY, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

32.    Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff DAVID OVERBY.

33.    Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff DAVID OVERBY, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

34.    As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff DAVID OVERBY sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Loss of Consortium)

16

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF MARGARET RUTH OVERBY COMPLAINS OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

35.   Plaintiff MARGARET RUTH OVERBY incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

36.   Plaintiffs DAVID OVERBY and MARGARET RUTH OVERBY were married on November 21, 1959, and at all times relevant to this action were, and are now, husband and wife.

37.   Prior to Plaintiff DAVID OVERBY's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff DAVID OVERBY has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future. As a proximate result thereof, MARGARET RUTH OVERBY has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

38.   Plaintiff MARGARET RUTH OVERBY's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

39.   As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff DAVID OVERBY as set forth in this complaint, Plaintiff MARGARET RUTH OVERBY has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

40.   WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff DAVID OVERBY:

1.   For Plaintiff's general damages according to proof;

17

2.    For Plaintiff's loss of income, wages, and earning potential according to proof;

3.    For Plaintiff's medical and related expenses according to proof;

Plaintiff MARGARET RUTH OVERBY;

4.    For Plaintiff's damages for loss of consortium and/or society according to proof;

Plaintiffs DAVID OVERBY and MARGARET RUTH OVERBY:

5.    For Plaintiffs' cost of suit herein;

6.    For exemplary or punitive damages according to proof;

7.    For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.

DATED: November 16, 2010                     SIMON, EDDINS & GREENSTONE, LLP

                                             By: _____
                                                 JENNIFER L. BARTLETT
                                                 ETHAN A. HORN
                                                 CONOR R. NIDEFFER
                                                 Attorneys for Plaintiffs

18

1

2                               DEMAND FOR JURY TRIAL

3                Plaintiffs hereby demand trial by jury as to all issues so triable.

4

5     DATED: November 16, 2010                SIMON, EDDINS & GREENSTONE, LLP

6

7                                          By:

8                                             JENNIFER L. BARTLETT
                                              ETHAN A. HORN
9                                             CONOR R. NIDEFFER
                                              Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              19

1

## EXHIBIT "A"

2      Plaintiff DAVID OVERBY's exposure to asbestos and asbestos-containing products

3  occurred at various locations within the State of California, including, but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| United States Navy | USS Bausell (DD-845) San Diego, CA; Mare Island Shipyard, CA | Machinist's Mate Fireman | 10/1948- 8/1952 |
| | USS Juneau (CLAA-199) Norfolk, VA | | |
| Self | Ft. Wayne, IN | Drywaller | 1966-1976 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT "B"

Plaintiff DAVID OVERBY's exposure to Defendants' Products caused severe and permanent injury to Plaintiff DAVID OVERBY including, but not limited to, lung cancer.  Plaintiff was diagnosed with adenocarcinoma on or about February 4, 2010.

21