ADRMOP, E-Filing

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:10-cv-04921-JSW

King et al v. A.O.Smith Corp. et al

Assigned to: Hon. Jeffrey S. White

Case in other court: San Francisco County Superior Court,
                     CGC 09-275285

Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 10/29/2010
Jury Demand: Defendant
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**Hazel King**
*as successor in interest to Kenneth Kay
King, deceased*

represented by **Richard A. Brody**
Brent Coon & Associates
44 Montgomery Street, Suite 800
San Francisco, CA 94104
415-489-7420
Fax: 415-489-7426
Email: rick.brody@bcoonlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lori King**

represented by **Richard A. Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Teri Parslow**

represented by **Richard A. Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kerry King**

represented by **Richard A. Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.O.Smith Corp.**

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Advocate Mines, Ltd.**

**Defendant**

**Aker Kvaernew Power, Inc.**                          represented by   **Kathryn Jean LaFevers**
                                                                        275 Battery St., Ste.2000
                                                                        San Francisco, CA 94111
                                                                        415-956-5900
                                                                        Email: klafevers@gordonrees.com
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Alfa Laval, Inc.**
*individually and as successor in interest*
*to Sharples, Inc*

**Defendant**

**Alfa Laval Separator, Inc.**

**Defendant**

**Delaval Separator Company**

**Defendant**

**Allied Packing & Supply, Inc.**

**Defendant**

**Allis-Chalmers Corporation Product**
**Liability Trust**

**Defendant**

**Bethehem Steel Company**

**Defendant**

**Bryan Steam, LLC**

**Defendant**

**Buffalo Pumps, Inc.**
*individually and as successor in interest*
*to AMPCO Pittsburgh Corporation and*
*Buffalo Forge Company*

**Defendant**

**Carrier Corporation**                               represented by   **Lillian C. Ma**
                                                                        Tucker Ellis & West LLP
                                                                        135 Main Street
                                                                        Suite 700
                                                                        San Francisco, CA 94105
                                                                        415-617-2231
                                                                        Fax: 415-617-2409
                                                                        Email: lillian.ma@tuckerellis.com
                                                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*individually and as successor in interest*
*to Westinghouse Electric, and WECO*
*International*
*formerly known as*
Viacom Inc.

represented by **Kevin Douglas Jamison**
Pond North LLP
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
(213) 617-6170
Fax: (213) 623-3594
Email: kjamison@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cleaver-Brooks, Inc.**

**Defendant**

**Coltec Industries, Inc.**
*Fairbanks Morse Engine Division*

**Defendant**

**Crane Co.**

**Defendant**

**Crown Cork & Seal Company, Inc.**
*individually and as successor in interest*
*to Mundet Cork Company*

**Defendant**

**Dresser-RandGroup, Inc.**
*individually and as successor in interest*
*to Terry Steam Turbine Company*

**Defendant**

**Durabla Manufacturing Company**

**Defendant**

**Duro Dyne West Corporation**

**Defendant**

**Eaton Hydraulics LLC**
*formerly known as*
Vickers, Inc.

**Defendant**

**Elliott Company**
*also known as*
Elliott Turbomachinery Co., Inc.

represented by **Michael James Boland**
Imai, Tadlock, Keeney & Cordery, LLP

100 Bush St.

Ste. 1300
San Francisco, CA 04105
415-675-7000
Fax: 415-675-7008
Email: mboland@itkc.com
*ATTORNEY TO BE NOTICED*

**Stephen Earl Carlson**
Imai, Tadlock, Keeney & Cordery, LLP

100 Bush Street
Suite 1300
San Francisco, CA 94104
415-675-7000
Fax: 415-675-7008
Email: scarlson@itkc.com
*ATTORNEY TO BE NOTICED*

**Theodore Thomas Cordery**
Imai Tadlock Keeney & Cordery, LLP
100 Bush Street
Suite 1300
San Francisco, CA 94104
415-675-7000
Fax: 415-675-7008
Email: tcordery@itkc.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Fairbanks Morse Pump Corporation**

<u>Defendant</u>

**Federal Shipbuilding & Dry Dock, Co.**

<u>Defendant</u>

**Flowserve Corporation**                    represented by **Dennis Michael Young**
*formerly known as*                                          LAW OFFICE OF MAURICE
The DurironCompany                                          MOYAL
*formerly known as*                                          1849 CLAYTON ROAD
Durco International                                          CONCORD, CA 94549
                                                             925-686-0200
                                                             Email:
                                                             dennis_m_young@sbc.global.net
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Flowserve International, Inc.**              represented by **Stephen Joseph Foley**
*formerly known as*                                          Foley & Mansfield P.L.L.P.

BW/P International, Inc.

1111 Broadway
10th Floor
Oakland, CA 94607
510-590-9500
*ATTORNEY TO BE NOTICED*

**Defendant**

**BW/IP, Inc.**                          represented by  **Dennis Michael Young**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Joseph Foley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Byron Jackson Pump Co.**               represented by  **Stephen Joseph Foley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Flowserve US, Inc.**
*individually and as successor in interest
to Vogt Value Company*

**Defendant**

**FMC Corporation**                      represented by  **Gavin David Whitis**
Pond North
505 Montgomery St.
13th Floor
San Francisco, CA 94111
4152171240
Fax: 4153940484
Email: gwhitis@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler USA Corporation**

**Defendant**

**Fraser's Boiler Service, Inc.**

**Defendant**

**Fryer-Knowles, Inc.**

**Defendant**

**Gardner Denver, Inc.**

*and as successor in interest to*
*Champion AIr Compressors*
*formerly known as*
Gardner Denver Machinery, Inc.

**Defendant**

**Garlock Sealing Technologies, LLC.**
*and as successor in interest to Anchor*
*Packing Company*

**Defendant**

**General Dynamics Corporation**
*and as scccessor in interest to Asbestos*
*Corporation, Ltd.*

**Defendant**

**General Electric Company**      represented by   **Katherine Paige Gardiner**
Sedgwick, Detert, Moran & Arnold
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**(The) Goodyear Tire & Rubber**
**Company**

**Defendant**

**Goulds Pumps, Incorporated**      represented by   **Amy Margaret Kimmel**
Crosby & Rowell LLP
The American Bag Bldg
299 3rd St 2FL
Oakland, CA 94607
510-267-0300
Email: akimmel@crosbyrowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Henry Vogt Machine Co.**

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**Imo Industries, Inc.**
*and as successor in interest to Delaval*

*Stgeam Turbine, Co.*

### Defendant

**ITT Corporation**
*and as succerror in interest to Allis-*
*Chalmers Corp and Bell & Gossett*
*formerly known as*
ITT Industries, Inc.

### Defendant

**J.T. Thorpe & Sons, Inc.**

### Defendant

**Johnson Controls, Inc.**

### Defendant

**Lake Washington Shipyards**

### Defendant

**Lamons Gasket Company**
*ans as successor in interest to Power*
*Engineering and Equipment, Inc.*

### Defendant

**Leslie Controls, Inc.**

### Defendant

**M. Slayen & Associates, Inc.**       represented by    **Constance R. Fraenkel**
Becherer Kannett & Schweitzer
2200 Powell Street
Suite 805
Emeryville, CA 94608
510-658-3600x236
Fax: 510-658-1151
Email: cfraenkel@bkscal.com
*ATTORNEY TO BE NOTICED*

**Lysle James Kapp**
Becherer, Kannett, & Schweitzer
2200 Powell St Ste 805
Emeryville, CA 94608
*ATTORNEY TO BE NOTICED*

**Mark S. Kannett**
Becherer Kannett & Schweitzer
2200 Powell Street
Suite 805
Emeryville, CA 94608
510 548-3600

Fax: 510 648-1151
Email: mkannett@bkscal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Master Pumps & Equipment
Corporation**

**Defendant**

**Metalclad Insultation Corporation**
*and as successor in interest to Northern
California Insulations*

**Defendant**

**Moore Dry Dock Company**

**Defendant**

**(The ) Nash Enineering Company**          represented by    **Kristi L.K. Okumoto**
                                                              Foley & Mansfield PLLP
                                                              300 Lakeside Drive, Suite 1900
                                                              Oakland, CA 94612
                                                              510-590-9500
                                                              Fax: 510-590-9595
                                                              Email: kokumoto@foleymansfield.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Nash Engineering Company**          represented by    **Douglas Garth Wah ,**
                                                        Foley Mansfield, PLLP
                                                        300 Lakeside Drive
                                                        19th Floor
                                                        Oakland, CA 94612
                                                        510-590-9500
                                                        Fax: 510-590-9595
                                                        Email: dwah@foleymansfield.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Khaled Taqi-Eddin**
                                                        Foley & Mansfield PLLP
                                                        1111 Broadway
                                                        10th Floor
                                                        Oakland, CA 94607
                                                        510-590-9500
                                                        Fax: 510-590-9595
                                                        Email: ktaqi@foleymansfield.com
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Newport News Shipbuilding and Dry**

**Dock Company**

<u>Defendant</u>

**Nibco, Inc.**                                    represented by **Thomas J. Moses**
                                                                   Brydon Hugo & Parker
                                                                   135 Main Street, 20th Floor
                                                                   San Francisco, CA 94105
                                                                   (415) 808-0300
                                                                   Fax: (415) 808-0333
                                                                   Email: tmoses@bhplaw.com
                                                                   *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Oakfabco, Inc.**

<u>Defendant</u>

**Parker-Hannifin Corp**
*individually and as successor in interest
to SACOMO-SIERRA*

<u>Defendant</u>

**Patterson Pump Company**

<u>Defendant</u>

**Pentair Pump Group**
*individually and as successor in interest
to AURORA PUMPS*

<u>Defendant</u>

**Plant Insulation Company**

<u>Defendant</u>

**Quintec Industires, Inc.**

<u>Defendant</u>

**Rapid-American Corporation**                     represented by **Edward Kong Low**
                                                                   Sonnenschein Nath & Rosenthal LLP
                                                                   525 Market Street, 26th Floor
                                                                   San Francisco, CA 94105
                                                                   415-882-5018
                                                                   Fax: 415-882-0300
                                                                   Email: edward.low@snrdenton.com
                                                                   *ATTORNEY TO BE NOTICED*

<u>Defendant</u>
**Richard Klinger, Inc.**

<u>Defendant</u>
**Riley Power, Inc.**

*individually and as successor in interest*
*to RILEY STOKER CORPORATION*

**Defendant**

**SB Decking, Inc.**                    represented by **Allison Elizabeth Mullings**
                                        Walsworth Franklin Bevins McCall
                                        601 Montgomery Street
                                        9th Floor
                                        San Francisco, CA 94111
                                        415-781-7072
                                        Email: amullings@wfbm.com
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Sepco Corporation**

**Defendant**

**Square D Co.**

**Defendant**

**Sterling Fluid Systems (USA), LLC**    represented by **Gavin David Whitis**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Amy Y C Kuo**
                                        Pond North LLP
                                        350 South Grand Avenue
                                        Suite 3300
                                        Los Angeles, CA 90071
                                        213-617-6170
                                        Fax: 213-623-3594
                                        Email: akuo@pondnorth.com
                                        *ATTORNEY TO BE NOTICED*

                                        **Francis Dennis Pond**
                                        Pond North LLP
                                        350 South Grand Avenue
                                        Suite 2850
                                        Los Angeles, CA 90017
                                        213-617-6170
                                        Fax: 213-623-3594
                                        Email: fpond@pondnorth.com
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Sulzer Pumps (US) Inc.**

**Defendant**

**Syd Carpenter Marine Contractor,**    represented by **Jeremy David Milbrodt**

**Inc.**
                                            310 Golden Shore
                                            4th Floor
                                            Long Beach, CA 90802
                                            562-436-3946
                                            Email: jmilbrodt@pdalaw.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Tate Andale, Inc.**
*individually and as successor in interest*
*to C.H. WHEELER,*
*MANUFACTURING CO.*

**Defendant**

**Darcoid Company of California**

**Defendant**

**Trac Regulator Co., Inc.**
*individually and as the parent and/or*
*successor in interest to ATLAS VALVE*
*COMPANY, INC.*

**Defendant**

**Trane US, Inc.**                  represented by  **Glen R. Powell**
                                            Gordon & Rees LLP
                                            Embarcadero Center West
                                            275 Battery Street
                                            Suite 2000
                                            San Francisco, CA 94111
                                            415-986-5900
                                            Fax: 415-986-8054
                                            Email: gpowell@gordonrees.com
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Triple A Machine Shop, Inc.**

**Defendant**

**Tuthill Corporation**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Uniroyal Holding, Inc.**

**Defendant**

**Viad Corporation**

*individually and as successor in interest
to GRISCOM-RUSSELL*

<u>**Defendant**</u>

**Warren Pumps, LLC**                    represented by **Susanne Gheseri Arani**
                                                          Carroll Burdick & McDonough LLP
                                                          44 Montgomery Street
                                                          Suite 400
                                                          San Francisco, CA 94104
                                                          415-989-5900
                                                          Fax: 415-989-0932
                                                          Email: sarani@linerlaw.com
                                                          *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**William Powell Company**                represented by **Khaled Taqi-Eddin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kristi L.K. Okumoto**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Yarway Corporation**                    represented by **Amy Jo Talarico**
*TERMINATED: 11/24/2010*                                  Morgan Lewis & Bockius LLP
                                                          1 Market Spear St Twr
                                                          San Francisco, CA 94105
                                                          (415) 442-1227
                                                          Fax: (415) 442-1000
                                                          Email: atalarico@morganlewis.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kristina Francia Almquist**
                                                          Morgan Lewis and Bockius LLP
                                                          One Market, Spear Street Tower
                                                          San Francisco, CA 94105-1126
                                                          (415) 442-1000
                                                          Fax: (415) 442-1000
                                                          Email: kalmquist@morganlewis.com
                                                          *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**York International Corporation**

<u>**Defendant**</u>

**Zurn Industries, LLC**

<u>**Defendant**</u>

**Ingersoll-Rand Company**                represented by **Glen R. Powell**

(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2010 | 1 | COMPLAINT against Elliott Company, (The ) Nash Enineering Company, (The) Goodyear Tire & Rubber Company, A.O.Smith Corp., A.W. Chesterton Company, Advocate Mines, Ltd., Aker Kvaernew Power, Inc., Alfa Laval Separator, Inc., Alfa Laval, Inc., Allied Packing & Supply, Inc., Allis-Chalmers Corporation Product Liability Trust, BW/IP, Inc., Bethehem Steel Company, Bryan Steam, LLC, Buffalo Pumps, Inc., Byron Jackson Pump Co., CBS Corporation, Carrier Corporation, Cleaver-Brooks, Inc., Coltec Industries, Inc., Crane Co., Crown Cork & Seal Company, Inc., Delaval Separator Company, Dresser-RandGroup, Inc., Durabla Manufacturing Company, Duro Dyne West Corporation, Eaton Hydraulics LLC, FMC Corporation, Fairbanks Morse Pump Corporation, Federal Shipbuilding & Dry Dock, Co., Flowserve Corporation, Flowserve International, Inc., Flowserve US, Inc., Foster Wheeler USA Corporation, Fraser's Boiler Service, Inc., Fryer-Knowles, Inc., Gardner Denver, Inc., Garlock Sealing Technologies, LLC., General Dynamics Corporation, General Electric Company, Goulds Pumps, Incorporated, Henry Vogt Machine Co., Hopeman Brothers, Inc., ITT Corporation, Imo Industries, Inc., J.T. Thorpe & Sons, Inc., Johnson Controls, Inc., Lake Washington Shipyards, Lamons Gasket Company, Leslie Controls, Inc., M. Slayen & Associates, Inc., Master Pumps & Equipment Corporation, Metalclad Insultation Corporation, Moore Dry Dock Company, Nash Engineering Company, Newport News Shipbuilding and Dry Dock Company, Nibco, Inc., Oakfabco, Inc., Parker-Hannifin Corp, Patterson Pump Company, Pentair Pump Group, Plant Insulation Company, Quintec Industires, Inc., Rapid-American Corporation, Richard Klinger, Inc., Riley Power, Inc., SB Decking, Inc., Sepco Corporation, Square D Co., Sterling Fluid Systems (USA), LLC, Sulzer Pumps (US) Inc., Syd Carpenter Marine Contractor, Inc., Tate Andale, Inc., Darcoid Company of California, Trac Regulator Co., Inc., Trane US, Inc., Triple A Machine Shop, Inc., Tuthill Corporation, Union Carbide Corporation, Uniroyal Holding, Inc., Viad Corporation, Warren Pumps, LLC, William Powell Company, Yarway Corporation, York International Corporation, Zurn Industries, LLC ( Filing fee $ 350, receipt number 34611052287.). Filed byElliott Company. (rcs, COURT STAFF) (Filed on 10/29/2010) (Entered: 11/03/2010) |
| 10/29/2010 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 1/26/2011. Case Management Conference set for 2/2/2011 at 10:30 AM in Courtroom F, 15th Floor, San Francisco. (Attachments: # 1 Standing Order, # 2 Standing Order for All Judges)(rcs, COURT STAFF) (Filed on 10/29/2010) (Entered: 11/03/2010) |
| 10/29/2010 | | CASE DESIGNATED for Electronic Filing. (far, COURT STAFF) (Filed on 10/29/2010) (Entered: 11/23/2010) |
| 11/04/2010 | 3 | ORDER OF RECUSAL. Signed by Judge James Larson on 11/4/10. (jlsec, COURT STAFF) (Filed on 11/4/2010) (Entered: 11/04/2010) |

| 11/04/2010 | 4 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Richard Seeborg for all further proceedings. Judge Magistrate Judge James Larson no longer assigned to the case.. Signed by Executive Committee on 11/4/10. (as, COURT STAFF) (Filed on 11/4/2010) (Entered: 11/04/2010) |
| 11/04/2010 | 5 | ORDER RE: 4 REASSIGNING CASE TO JUDGE SEEBORG. Initial Case Management Conference set for 2/10/2011 10:00 AM in Courtroom 3, 17th Floor, San Francisco. Signed by Judge Richard Seeborg on 11/4/10. (cl, COURT STAFF) (Filed on 11/4/2010) (Entered: 11/04/2010) |
| 11/05/2010 | 6 | *** FILED IN ERROR, PLEASE DISREGARD *** ORDER OF RECUSAL. Signed by Judge Richard Seeborg on 11/5/10. (rslc3, COURT STAFF) (Filed on 11/5/2010) Modified on 11/5/2010 (rslc3, COURT STAFF). (Entered: 11/05/2010) |
| 11/05/2010 | 7 | ORDER OF RECUSAL (CORRECTED DATE). Signed by Judge Richard Seeborg on 11/5/10. (rslc3, COURT STAFF) (Filed on 11/5/2010) (Entered: 11/05/2010) |
| 11/08/2010 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings. Judge Hon. Richard Seeborg no longer assigned to the case.. Signed by Executive Committee on 11/8/10. (as, COURT STAFF) (Filed on 11/8/2010) (Entered: 11/08/2010) |
| 11/09/2010 | 9 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 2/4/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. Case Management Statement due by 1/28/2011.. Signed by Judge Jeffrey S. White on 11/9/10. (jjoS, COURT STAFF) (Filed on 11/9/2010) (Entered: 11/09/2010) |
| 11/09/2010 | 10 | NOTICE by Warren Pumps, LLC *of Filing State Court Answer* (Arani, Susanne) (Filed on 11/9/2010) (Entered: 11/09/2010) |
| 11/09/2010 | 11 | NOTICE by Warren Pumps, LLC *Disclosure Statement Pursuant to FRCP Rule 7.1* (Arani, Susanne) (Filed on 11/9/2010) (Entered: 11/09/2010) |
| 11/10/2010 | 12 | Certificate of Interested Entities by FMC Corporation *On Behalf of Its Former Peerless Pump business Pursuant to FRCP Rule 7.1* (Whitis, Gavin) (Filed on 11/10/2010) (Entered: 11/10/2010) |
| 11/10/2010 | 13 | NOTICE by FMC Corporation *On Behalf of Its Former Peerless Pump Business of Answer To Complaint and Demand For Jury Trial* (Whitis, Gavin) (Filed on 11/10/2010) (Entered: 11/10/2010) |
| 11/10/2010 | 14 | ANSWER to Complaint with Jury Demand *Wrongful Death - Asbestos* byCBS Corporation. (Jamison, Kevin) (Filed on 11/10/2010) (Entered: 11/10/2010) |
| 11/10/2010 | 15 | Certificate of Interested Entities by CBS Corporation *and Parties Pursuant to Civil Local Rule 3-16* (Jamison, Kevin) (Filed on 11/10/2010) (Entered: 11/10/2010) |
| 11/10/2010 | 16 | NOTICE by CBS Corporation *of Related Cases* (Jamison, Kevin) (Filed on 11/10/2010) (Entered: 11/10/2010) |
| | | |

| 11/15/2010 | 17 | SUMMONS Returned Executed by Hazel King. Carrier Corporation served on 9/29/2010, answer due 10/20/2010. (Brody, Richard) (Filed on 11/15/2010) (Entered: 11/15/2010) |
| 11/15/2010 | 18 | SUMMONS Returned Executed by Hazel King. Flowserve Corporation served on 10/23/2010, answer due 11/15/2010. (Brody, Richard) (Filed on 11/15/2010) (Entered: 11/15/2010) |
| 11/15/2010 | 19 | SUMMONS Returned Executed by Hazel King. Henry Vogt Machine Co. served on 10/23/2010, answer due 11/15/2010. (Brody, Richard) (Filed on 11/15/2010) (Entered: 11/15/2010) |
| 11/15/2010 | 20 | SUMMONS Returned Executed by Hazel King. Patterson Pump Company served on 10/23/2010, answer due 11/15/2010. (Brody, Richard) (Filed on 11/15/2010) (Entered: 11/15/2010) |
| 11/15/2010 | 21 | SUMMONS Returned Executed by Hazel King. Zurn Industries, LLC served on 10/23/2010, answer due 11/15/2010. (Brody, Richard) (Filed on 11/15/2010) (Entered: 11/15/2010) |
| 11/18/2010 | 22 | ANSWER to Complaint with Jury Demand bySterling Fluid Systems (USA), LLC. (Whitis, Gavin) (Filed on 11/18/2010) (Entered: 11/18/2010) |
| 11/18/2010 | 23 | Certificate of Interested Entities by Sterling Fluid Systems (USA), LLC *Pursuant to FRCP Rule 7.1* (Whitis, Gavin) (Filed on 11/18/2010) (Entered: 11/18/2010) |
| 11/19/2010 | 24 | NOTICE by Hazel King *Notice of Entry of Order* (Brody, Richard) (Filed on 11/19/2010) (Entered: 11/19/2010) |
| 11/19/2010 | 25 | NOTICE of Appearance by Kristina Francia Almquist *Notice of Appearance of Counsel for Defendant Yarway Corporation* (Almquist, Kristina) (Filed on 11/19/2010) (Entered: 11/19/2010) |
| 11/19/2010 | 26 | Certificate of Interested Entities by Yarway Corporation identifying Corporate Parent Keystone France Holdings Corp. for Yarway Corporation. *Corporate Disclosure Statement and Certification of Interested Entities or Persons for Defendant Yarway Corporation* (Almquist, Kristina) (Filed on 11/19/2010) (Entered: 11/19/2010) |
| 11/19/2010 | 27 | STIPULATION *Stipulation and [Proposed] Order to Dismiss Defendant Yarway Corporation with Prejudice* by Yarway Corporation. (Almquist, Kristina) (Filed on 11/19/2010) (Entered: 11/19/2010) |
| 11/22/2010 | 28 | NOTICE of Appearance by Edward Kong Low *on behalf of Rapid-American Corporation* (Low, Edward) (Filed on 11/22/2010) (Entered: 11/22/2010) |
| 11/22/2010 | 29 | NOTICE by Rapid-American Corporation *OF RE-FILING OF STATE COURT ANSWER* (Attachments: # 1 Exhibit Exhibit A - Answer to Complaint filed in State Court)(Low, Edward) (Filed on 11/22/2010) (Entered: 11/22/2010) |
| 11/22/2010 | 30 | Certificate of Interested Entities by Rapid-American Corporation (Low, Edward) (Filed on 11/22/2010) (Entered: 11/22/2010) |
| 11/23/2010 | 31 | Letter from Michael J. Boland *Formal request to be transferred to MDL Panel* |

| | | |
|---|---|---|
| | | *No. 875*. (Carlson, Stephen) (Filed on 11/23/2010) (Entered: 11/23/2010) |
| 11/23/2010 | 32 | Statement *Defendant Elliott Company's Corporate Disclosure Pursuant to F.R.C.P., Rule 7.1, and Local Rule 3-16* by Elliott Company. (Carlson, Stephen) (Filed on 11/23/2010) (Entered: 11/23/2010) |
| 11/23/2010 | 33 | Statement *Defendant Elliott Company's Certification as to Interested Parties Pursuant to Local Rule 3-16 and F.R.C.P. 7.1* by Elliott Company. (Carlson, Stephen) (Filed on 11/23/2010) (Entered: 11/23/2010) |
| 11/24/2010 | 34 | NOTICE by General Electric Company *of Refiling State Court Answer to Complaint for Damages* (Attachments: # 1 Notice of Interested Parties) (Gardiner, Katherine) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 35 | ORDER GRANTING 27 Stipulation to Dismiss Defendant Yarway Corporation with Prejudice. Signed by Judge JEFFREY S. WHITE on 11/24/10. (jjoS, COURT STAFF) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 36 | SUMMONS Returned Executed by Hazel King. Allied Packing & Supply, Inc. served on 11/17/2010, answer due 12/8/2010. (Brody, Richard) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 37 | SUMMONS Returned Executed by Hazel King. Darcoid Company of California served on 11/17/2010, answer due 12/8/2010. (Brody, Richard) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 38 | SUMMONS Returned Executed by Hazel King. Durabla Manufacturing Company served on 11/15/2010, answer due 12/6/2010. (Brody, Richard) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 39 | SUMMONS Returned Executed by Hazel King. J.T. Thorpe & Sons, Inc. served on 11/15/2010, answer due 12/6/2010. (Brody, Richard) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 40 | SUMMONS Returned Executed by Hazel King. Moore Dry Dock Company served on 11/15/2010, answer due 12/6/2010. (Brody, Richard) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 41 | SUMMONS Returned Executed by Hazel King. M. Slayen & Associates, Inc. served on 11/17/2010, answer due 12/8/2010. (Brody, Richard) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 42 | SUMMONS Returned Executed by Hazel King. Sulzer Pumps (US) Inc. served on 10/23/2010, answer due 11/15/2010. (Brody, Richard) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 43 | SUMMONS Returned Executed by Hazel King. Syd Carpenter Marine Contractor, Inc. served on 11/15/2010, answer due 12/6/2010. (Brody, Richard) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 44 | *NIBCO, INC.'S* ANSWER to Complaint *FOR DAMAGES* byNibco, Inc.. (Attachments: # 1 DISCLOSURE STATEMENT, # 2 CERTIFICATE AND NOTICE OF INTERESTED PARTIES, # 3 NOTICE OF TAG-ALONG ACTION, # 4 CERTIFICATE OF SERVICE)(Moses, Thomas) (Filed on |

| | | |
|---|---|---|
| | | 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 45 | ANSWER to Complaint by(The ) Nash Enineering Company. (Okumoto, Kristi) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 46 | Certificate of Interested Entities by (The ) Nash Enineering Company (Okumoto, Kristi) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/24/2010 | 47 | Statement *of Disclosure* by (The ) Nash Enineering Company. (Okumoto, Kristi) (Filed on 11/24/2010) (Entered: 11/24/2010) |
| 11/30/2010 | 48 | NOTICE of Appearance by Allison Elizabeth Mullings (Mullings, Allison) (Filed on 11/30/2010) (Entered: 11/30/2010) |
| 11/30/2010 | 49 | Notice of MOTION to Dismiss *Complaint* filed by SB Decking, Inc.. Motion Hearing set for 1/14/2011 09:00 AM in Courtroom 11, 19th Floor, San Francisco. (Mullings, Allison) (Filed on 11/30/2010) Modified on 11/30/2010 (hdj, COURT STAFF). (Entered: 11/30/2010) |
| 11/30/2010 | 50 | ANSWER to Complaint byWilliam Powell Company. (Taqi-Eddin, Khaled) (Filed on 11/30/2010) (Entered: 11/30/2010) |
| 11/30/2010 | 51 | MOTION to Dismiss *Complaint and Memo of Points and Authorities in Support of Motion to Dismiss Complaint* filed by SB Decking, Inc.. Motion Hearing set for 1/14/2011 09:00 AM in Courtroom 11, 19th Floor, San Francisco. (Mullings, Allison) (Filed on 11/30/2010) (Entered: 11/30/2010) |
| 11/30/2010 | 52 | Declaration of Allison E. Mullings *in Support of Motion of Defendant SB Decking, Inc. to Dismiss Complaint* filed bySB Decking, Inc.. (Mullings, Allison) (Filed on 11/30/2010) (Entered: 11/30/2010) |
| 11/30/2010 | 53 | Request for Judicial Notice *in Support of Motion to Dismiss Complaint* filed bySB Decking, Inc.. (Mullings, Allison) (Filed on 11/30/2010) (Entered: 11/30/2010) |
| 11/30/2010 | 54 | Proposed Order *Granting Defendant SB Decking, Inc.'s Motion to Dismiss Complaint* by SB Decking, Inc.. (Mullings, Allison) (Filed on 11/30/2010) (Entered: 11/30/2010) |
| 11/30/2010 | 55 | Certificate of Interested Entities by William Powell Company (Okumoto, Kristi) (Filed on 11/30/2010) (Entered: 11/30/2010) |
| 11/30/2010 | 56 | Statement *Pursuant to FRCP 7.1* by William Powell Company. (Okumoto, Kristi) (Filed on 11/30/2010) (Entered: 11/30/2010) |
| 12/01/2010 | 57 | *Defendant Keeler Dorr Oliver Boiler Company, Inc.'s* ANSWER to Complaint with JURY DEMAND *For Jury Trial* byAker Kvaernew Power, Inc.. (LaFevers, Kathryn) (Filed on 12/1/2010) (Entered: 12/01/2010) |
| 12/03/2010 | 58 | NOTICE of Appearance by Amy Margaret Kimmel *on behalf of Goulds Pumps, Inc.* (Kimmel, Amy) (Filed on 12/3/2010) (Entered: 12/03/2010) |
| 12/03/2010 | 59 | NOTICE of Appearance by Amy Margaret Kimmel *on behalf of Goulds Pumps, Inc.* (Kimmel, Amy) (Filed on 12/3/2010) (Entered: 12/03/2010) |
| | | |

| 12/03/2010 | 60 | NOTICE by Goulds Pumps, Incorporated *of Filing State Court Answer to Complaint and Demand for Jury Trial* (Kimmel, Amy) (Filed on 12/3/2010) (Entered: 12/03/2010) |
|---|---|---|
| 12/06/2010 | 61 | ANSWER to Complaint byCarrier Corporation. (Ma, Lillian) (Filed on 12/6/2010) (Entered: 12/06/2010) |
| 12/06/2010 | 62 | Certificate of Interested Entities by Carrier Corporation identifying Corporate Parent United Technologies Corporation for Carrier Corporation. (Ma, Lillian) (Filed on 12/6/2010) (Entered: 12/06/2010) |
| 12/06/2010 | 63 | NOTICE by Carrier Corporation *of Tag-Along Action* (Ma, Lillian) (Filed on 12/6/2010) (Entered: 12/06/2010) |
| 12/08/2010 | 64 | ANSWER to Complaint *for damages and personal injuries* bySyd Carpenter Marine Contractor, Inc.. (Milbrodt, Jeremy) (Filed on 12/8/2010) (Entered: 12/08/2010) |
| 12/08/2010 | 65 | DEMAND for Trial by Jury by (The ) Nash Enineering Company. (Okumoto, Kristi) (Filed on 12/8/2010) (Entered: 12/08/2010) |
| 12/08/2010 | 66 | DEMAND for Trial by Jury by William Powell Company. (Okumoto, Kristi) (Filed on 12/8/2010) (Entered: 12/08/2010) |
| 12/09/2010 | 67 | ANSWER to Complaint byM. Slayen & Associates, Inc.. (Fraenkel, Constance) (Filed on 12/9/2010) (Entered: 12/09/2010) |
| 12/09/2010 | 68 | NOTICE of Appearance by Glen R. Powell *on Behalf of Ingersoll-Rand Company* (Powell, Glen) (Filed on 12/9/2010) (Entered: 12/09/2010) |
| 12/09/2010 | 69 | Certificate of Interested Entities by Ingersoll-Rand Company (Powell, Glen) (Filed on 12/9/2010) (Entered: 12/09/2010) |
| 12/09/2010 | 70 | NOTICE of Appearance by Glen R. Powell *on Behalf of Trane U.S., Inc.* (Powell, Glen) (Filed on 12/9/2010) (Entered: 12/09/2010) |
| 12/09/2010 | 71 | Certificate of Interested Entities by Trane US, Inc. (Powell, Glen) (Filed on 12/9/2010) (Entered: 12/09/2010) |
| 12/13/2010 | 72 | SUMMONS Returned Executed by Hazel King. A.W. Chesterton Company served on 12/2/2010, answer due 12/23/2010. (Brody, Richard) (Filed on 12/13/2010) (Entered: 12/13/2010) |
| 12/13/2010 | 73 | SUMMONS Returned Executed by Hazel King. Crane Co. served on 11/17/2010, answer due 12/8/2010. (Brody, Richard) (Filed on 12/13/2010) (Entered: 12/13/2010) |
| 12/13/2010 | 74 | SUMMONS Returned Executed by Hazel King. Crown Cork & Seal Company, Inc. served on 11/17/2010, answer due 12/8/2010. (Brody, Richard) (Filed on 12/13/2010) (Entered: 12/13/2010) |
| 12/13/2010 | 75 | SUMMONS Returned Executed by Hazel King. Lamons Gasket Company served on 11/17/2010, answer due 12/8/2010. (Brody, Richard) (Filed on 12/13/2010) (Entered: 12/13/2010) |

| 12/13/2010 | 76 | SUMMONS Returned Executed by Hazel King. (Brody, Richard) (Filed on 12/13/2010) (Entered: 12/13/2010) |
| 12/16/2010 | 77 | SUMMONS Returned Executed by Hazel King. Triple A Machine Shop, Inc. served on 12/15/2010, answer due 1/5/2011. (Brody, Richard) (Filed on 12/16/2010) (Entered: 12/16/2010) |
| 12/16/2010 | 78 | *Defendant BW/IP's* ANSWER to Complaint with Jury Demand byBW/IP, Inc.. (Young, Dennis) (Filed on 12/16/2010) (Entered: 12/16/2010) |
| 12/16/2010 | 79 | *Defendant Flowserve Corporation's* ANSWER to Complaint with Jury Demand byFlowserve Corporation. (Young, Dennis) (Filed on 12/16/2010) (Entered: 12/16/2010) |
| 12/17/2010 | 80 | MEMORANDUM in Opposition *Plaintiffs' Opposition to Defendant SB Decking, Inc.'s Motion to Dismiss Complaint* filed byHazel King. (Attachments: # 1 Declaration of Richard A. Brody in Support of Plaintiffs' Opposition to defendant SB Decking, Inc.'s Motion to Dismiss Complaint, # 2 Proposed Order, # 3 Certificate of Service)(Brody, Richard) (Filed on 12/17/2010) (Entered: 12/17/2010) |
| 12/22/2010 | 81 | STIPULATION *and Proposed Order to Dismiss Defendant Eaton Hydraulics LLC, Formerly Known as Vickers, Inc.* by Hazel King. (Brody, Richard) (Filed on 12/22/2010) (Entered: 12/22/2010) |
| 12/22/2010 | 82 | Reply to Opposition *Plaintiff's Opposition to Its Motion to Dismiss Complaint* filed bySB Decking, Inc.. (Mullings, Allison) (Filed on 12/22/2010) (Entered: 12/22/2010) |
| 12/22/2010 | 83 | ORDER GRANTING 81 Stipulation to Dismiss Defendant Eaton Hydraulics LLC, Formerly Known as Vickers, Inc. Signed by Judge Jeffrey S. White on 12/22/10. (jjoS, COURT STAFF) (Filed on 12/22/2010) (Entered: 12/22/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/23/2010 10:04:09 | | |
| PACER Login: | bh1524 | Client Code: | 4009-0132 |
| Description: | Docket Report | Search Criteria: | 3:10-cv-04921-JSW |
| Billable Pages: | 12 | Cost: | 0.96 |

https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?920804752520168-L_942_0-1          12/23/2010

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

A.O. SMITH CORPORATION; A.W. CHESTERTON COMPANY;
ADDITIONAL PARTIES ATTACHMENT FORMS ARE ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

HAZEL KING, individually and as successor in interest to KENNETH
KAY KING, Deceased; ADDITIONAL PAGE IS ATTACHED

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso): CGC - 09 - 275285 |
|---|---|

San Francisco County Superior Court of CA

400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Brent Coon & Assoc., 44 Montgomery St., Ste. 800, San Francisco, CA 94104, 415-489-7420

| DATE:<br>(Fecha)   JUL 2 8 2009 | Gordon Park-Li | Clerk, by<br>(Secretario) | D. MATT | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of (specify):<br><br>3. ☐ on behalf of (specify):<br><br>under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>       ☐ other (specify):<br>4. ☐ by personal delivery on (date): |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: King, et al. v. A.O. Smith Corporation, et al. | CASE NUMBER: |
| --- | --- |

1  LORI KING; TERI PARSLOW; and KERRY KING.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:
27

| This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___1___ |
| --- | --- |

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

American LegalNet, Inc. | www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| King, et al. v. A.O. Smith Corporation, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

A.O. SMITH CORPORATION; A.W. CHESTERTON COMPANY; ADVOCATE MINES, LTD.; AKER KVAERNER POWER, INC.; ALFA LAVAL, INC., individually and as successor in interest to SHARPLES, INC., ALFA LAVAL SEPARATION, INC., and DELAVAL SEPARATOR COMPANY; ALLIED PACKING & SUPPLY, INC.; ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST; AMERICAN SHIPBUILDING COMPANY; ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; BALDOR ELECTRIC COMPANY; BARTELLS ASBESTOS SETTLEMENT TRUST; BETHLEHEM STEEL COMPANY; BRYAN STEAM, LLC.; BUFFALO PUMPS, INC., individually and as successor in interest to AMPCO PITTSBURGH CORPORATION and BUFFALO FORGE COMPANY; CARRIER CORPORATION; CBS CORPORATION, formerly known as VIACOM, INC., individually and as successor in interest to WESTINGHOUSE ELECTRIC, and WESCO INTERNATIONAL; CLEAVER-BROOKS, INC.; COLTEC INDUSTRIES, INC., Fairbanks Morse Engine division; CRANE CO.; CROWN CORK & SEAL COMPANY, INC., individually and as successor to MUNDET CORK COMPANY; DRESSER-RAND GROUP, INC., individually and as successor in interest to TERRY STEAM TURBINE COMPANY; DURABLA MANUFACTURING COMPANY; DURO DYNE WEST CORPORATION; EATON HYDRAULICS LLC, formerly known as VICKERS, INC.; ELLIOTT COMPANY, also known as ELLIOTT TURBOMACHINERY COMPANY, INC.; FAIRBANKS MORSE PUMP CORPORATION; FEDERAL SHIPBUILDING AND DRYDOCK COMPANY; FLOWSERVE CORPORATION, as successor in interest to DURAMETALLIC CORPORATION; FLOWSERVE CORPORATION, individually and as successor in interest and/or the entities formerly known as THE DURIRON COMPANY and DURCO INTERNATIONAL, INC.; FLOWSERVE INTERNATIONAL, INC., individually and as successor in interest, successor by merger, alter ego, and/or the entities formerly known as BW/IP INTERNATIONAL, INC., BW/IP, INC., and BYRON JACKSON PUMP CO.; FLOWSERVE US, INC., individually and as successor in interest to VOGT VALVE COMPANY; FMC CORPORATION; FOSTER WHEELER USA CORPORATION; FRASER'S BOILER SERVICE, INC.; FRYER-KNOWLES, INC.; GARDNER DENVER, INC., formerly known as GARDNER DENVER MACHINERY, INC., individually and as successor to CHAMPION AIR COMPRESSORS; GARLOCK SEALING TECHNOLOGIES, LLC, individually and as successor in interest to ANCHOR PACKING COMPANY; GENERAL DYNAMICS CORPORATION, individually and as successor in interest to ASBESTOS CORPORATION, LTD.; GENERAL ELECTRIC COMPANY; (THE) GOODYEAR TIRE & RUBBER COMPANY; GOULDS PUMPS, INCORPORATED; HENRY VOGT MACHINE COMPANY; HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC., individually and as successor in interest to DELAVAL STEAM TURBINE CO.; INGERSOLL-RAND COMPANY; ITT CORPORATION, formerly known as ITT INDUSTRIES, INC., individually and as successor to ALLIS–CHALMERS CORP. and BELL & GOSSETT; J.T. THORPE & SON, INC.; JOHNSON CONTROLS, INC.; LAKE WASHINGTON SHIPYARDS; LAMONS GASKET COMPANY, individually and as successor in interest to POWER ENGINEERING AND EQUIPMENT COMPANY, INC.; LAMONS GASKET COMPANY; LESLIE CONTROLS, INC.; M. SLAYEN & ASSOCIATES, INC.;

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Page 1 of 1

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| King, et al. v. A.O. Smith Corporation, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

MASTER PUMPS & EQUIPMENT CORPORATION; METALCLAD INSULATION CORPORATION, individually and as successor in interest to NORTHERN CALIFORNIA INSULATION; MOORE DRY DOCK COMPANY; (THE) NASH ENGINEERING COMPANY; NEWPORT NEWS SHIPBUILDING AND DRYDOCK CO.; NIBCO, INC. which will do business in California as CAL NIBCO; OAKFABCO, INC., individually and as successor in interest to KEWANEE BOILERS; PARKER-HANNIFIN, individually and as successor in interest to SACOMO-SIERRA; PATTERSON PUMP COMPANY; PENTAIR PUMP GROUP, individually and as successor in interest to AURORA PUMPS; PLANT INSULATION COMPANY; PLANT INSULATION COMPANY; QUINTEC INDUSTRIES, INC.; RAPID-AMERICAN CORPORATION; RED-WHITE VALVE CORP.; RICHARD KLINGER, INC.; RILEY POWER, INC., formerly known as DB RILEY, INC., individually and as successor to RILEY STOKER CORPORATION; SB DECKING, INC., formerly known as SELBY, BATTERSBY & COMPANY; SEPCO CORPORATION; SQUARE D CO.; STERLING FLUID SYSTEM (USA), LLC, formerly known as PEERLESS PUMP COMPANY; SULZER PUMPS (US) INC.; SYD CARPENTER MARINE CONTRACTOR, INC.; TATE ANDALE, INC., individually and as successor in interest to C.H. WHEELER MANUFACTURING CO.; THE DARCOID COMPANY OF CALIFORNIA; TRAC REGULATOR CO., INC., individually and as the parent and/or successor in interest to ATLAS VALVE COMPANY, INC.; TRANE U.S. INC.; TRIPLE A MACHINE SHOP, INC.; TUTHILL CORPORATION; UNION CARBIDE CORPORATION; UNIROYAL HOLDING, INC.; VIAD CORPORATION, individually and as successor in interest to GRISCOM-RUSSELL; WARREN PUMPS, LLC.; (THE) WILLIAM POWELL COMPANY; YARWAY CORPORATION; YORK INTERNATIONAL CORPORATION; ZURN INDUSTRIES, LLC., formerly known as ZURN INDUSTRIES, INC.; and DOES 1-500, inclusive.

Page   2   of   2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

| | |
|---|---|
| 1 | Richard A. Brody, Esq. (SBN 100379)<br>BRENT COON & ASSOCIATES |
| 2 | 44 Montgomery Street, Suite 800<br>San Francisco, CA 94104 |
| 3 | Telephone: 415.489.7420<br>Facsimile: 415.489.7426 |
| 4 | CASE MANAGEMENT CONFERENCE SET<br>Attorneys for Plaintiffs |
| 5 | AUG 18, 2010 -1:30PM |
| 6 | |
| 7 | DEPARTMENT 206 |
| 8 | |
| 9 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA |
| 10 | IN AND FOR THE COUNTY OF SAN FRANCISCO |
| 11 | |

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 28 2009

GORDON PARK-LI, Clerk
BY: PARAM NATT
        Deputy Clerk

CGC-09-275285

| | | |
|---|---|---|
| 12 | HAZEL KING, individually and as successor in interest to KENNETH KAY KING, Deceased; LORI KING; TERI PARSLOW; and KERRY KING, | Case No. |
| 13 | | COMPLAINT FOR DAMAGES (WRONGFUL DEATH – ASBESTOS) |
| 14 | | |
| 15 | Plaintiffs, | 1. Negligence<br>2. Strict Products Liability |
| 16 | v. | 3. Failure to Warn<br>4. Breach of Implied Warranties |
| 17 | A.O. SMITH CORPORATION; A.W. CHESTERTON COMPANY; ADVOCATE | 5. Fraud and Conspiracy<br>6. False Representation Under Restatement Section 402-B |
| 18 | MINES, LTD.; AKER KVAERNER POWER, INC.; ALFA LAVAL, INC., individually and as | 7. Loss of Consortium<br>8. Survival Action and Punitive Damages |
| 19 | successor in interest to SHARPLES, INC., ALFA LAVAL SEPARATION, INC., and DELAVAL | |
| 20 | SEPARATOR COMPANY; ALLIED PACKING & SUPPLY, INC.; ALLIS-CHALMERS | |
| 21 | CORPORATION PRODUCT LIABILITY | |
| 22 | TRUST; AMERICAN SHIPBUILDING COMPANY; ARMSTRONG | |
| 23 | INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; BALDOR ELECTRIC | |
| 24 | COMPANY; BARTELLS ASBESTOS SETTLEMENT TRUST; BETHLEHEM STEEL | |
| 25 | COMPANY; BRYAN STEAM, LLC.; | THIS CASE IS SUBJECT TO |
| 26 | BUFFALO PUMPS, INC., individually and as successor in interest to AMPCO PITTSBURGH | MANDATORY ELECTRONIC FILING |
| 27 | CORPORATION and BUFFALO FORGE COMPANY; CARRIER CORPORATION; CBS | PURSUANT TO AMENDED G.O. 158 |
| 28 | | |

1

*King, et al. v. A.O. Smith Corporation, et al.*

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1   CORPORATION, formerly known as VIACOM,
    INC., individually and as successor in interest to
2   WESTINGHOUSE ELECTRIC, and WESCO
3   INTERNATIONAL; CLEAVER-BROOKS,
    INC.; COLTEC INDUSTRIES, INC., Fairbanks
4   Morse Engine division; CRANE CO.; CROWN
    CORK & SEAL COMPANY, INC., individually
5   and as successor to MUNDET CORK
6   COMPANY; DRESSER-RAND GROUP, INC.,
    individually and as successor in interest to
7   TERRY STEAM TURBINE COMPANY;
    DURABLA MANUFACTURING COMPANY;
8   DURO DYNE WEST CORPORATION;
9   EATON HYDRAULICS LLC, formerly known
    as VICKERS, INC.; ELLIOTT COMPANY, also
10  known as ELLIOTT TURBOMACHINERY
    COMPANY, INC.; FAIRBANKS MORSE
11  PUMP CORPORATION; FEDERAL
12  SHIPBUILDING AND DRYDOCK
    COMPANY; FLOWSERVE CORPORATION,
13  as successor in interest to DURAMETALLIC
    CORPORATION; FLOWSERVE
14  CORPORATION, individually and as successor
15  in interest and/or the entities formerly known as
    THE DURIRON COMPANY and DURCO
16  INTERNATIONAL, INC.; FLOWSERVE
17  INTERNATIONAL, INC., individually and as
    successor in interest, successor by merger, alter
18  ego, and/or the entities formerly known as BW/IP
    INTERNATIONAL, INC., BW/IP, INC., and
19  BYRON JACKSON PUMP CO.; FLOWSERVE
20  US, INC., individually and as successor in
    interest to VOGT VALVE COMPANY; FMC
21  CORPORATION; FOSTER WHEELER USA
    CORPORATION; FRASER'S BOILER
22  SERVICE, INC.; FRYER-KNOWLES, INC.;
23  GARDNER DENVER, INC., formerly known as
    GARDNER DENVER MACHINERY, INC.,
24  individually and as successor to CHAMPION
    AIR COMPRESSORS; GARLOCK SEALING
25  TECHNOLOGIES, LLC, individually and as
26  successor in interest to ANCHOR PACKING
    COMPANY; GENERAL DYNAMICS
27  CORPORATION, individually and as successor
    in interest to ASBESTOS CORPORATION,
28  LTD.; GENERAL ELECTRIC COMPANY;

2

*King, et al. v. A.O. Smith Corporation, et al.*                    COMPLAINT FOR DAMAGES (WRONGFUL
                                                                                    DEATH)

| | |
|---|---|
| 1 | (THE) GOODYEAR TIRE & RUBBER |
| | COMPANY; GOULDS PUMPS, |
| 2 | INCORPORATED; HENRY VOGT MACHINE |
| 3 | COMPANY; HOPEMAN BROTHERS, INC.; |
| | IMO INDUSTRIES, INC., individually and as |
| 4 | successor in interest to DELAVAL STEAM |
| | TURBINE CO.; INGERSOLL-RAND |
| 5 | COMPANY; ITT CORPORATION, formerly |
| 6 | known as ITT INDUSTRIES, INC., individually |
| | and as successor to ALLIS –CHALMERS CORP. |
| 7 | and BELL & GOSSETT; J.T. THORPE & SON, |
| | INC.; JOHNSON CONTROLS, INC.; LAKE |
| 8 | WASHINGTON SHIPYARDS; LAMONS |
| 9 | GASKET COMPANY, individually and as |
| | successor in interest to POWER ENGINEERING |
| 10 | AND EQUIPMENT COMPANY, INC.; |
| 11 | LAMONS GASKET COMPANY; LESLIE |
| | CONTROLS, INC.; M. SLAYEN & |
| 12 | ASSOCIATES, INC.; MASTER PUMPS & |
| | EQUIPMENT CORPORATION; METALCLAD |
| 13 | INSULATION CORPORATION, individually |
| 14 | and as successor in interest to NORTHERN |
| | CALIFORNIA INSULATION; MOORE DRY |
| 15 | DOCK COMPANY; (THE) NASH |
| | ENGINEERING COMPANY; NEWPORT |
| 16 | NEWS SHIPBUILDING AND DRYDOCK CO.; |
| 17 | NIBCO, INC. which will do business in |
| | California as CAL NIBCO; OAKFABCO, INC., |
| 18 | individually and as successor in interest to |
| 19 | KEWANEE BOILERS; PARKER-HANNIFIN, |
| | individually and as successor in interest to |
| 20 | SACOMO-SIERRA; PATTERSON PUMP |
| | COMPANY; PENTAIR PUMP GROUP, |
| 21 | individually and as successor in interest to |
| 22 | AURORA PUMPS; PLANT INSULATION |
| | COMPANY; PLANT INSULATION |
| 23 | COMPANY; QUINTEC INDUSTRIES, INC.; |
| | RAPID-AMERICAN CORPORATION; RED- |
| 24 | WHITE VALVE CORP.; RICHARD KLINGER, |
| 25 | INC.; RILEY POWER, INC., formerly known as |
| | DB RILEY, INC., individually and as successor |
| 26 | to RILEY STOKER CORPORATION; SB |
| 27 | DECKING, INC., formerly known as SELBY, |
| | BATTERSBY & COMPANY; SEPCO |
| 28 | CORPORATION; SQUARE D CO.; STERLING |
| | FLUID SYSTEM (USA), LLC, formerly known |

3

1  as PEERLESS PUMP COMPANY; SULZER
   PUMPS (US) INC.; SYD CARPENTER
2  MARINE CONTRACTOR, INC.; TATE
3  ANDALE, INC., individually and as successor in
   interest to C.H. WHEELER
4  MANUFACTURING CO.; THE DARCOID
   COMPANY OF CALIFORNIA; TRAC
5  REGULATOR CO., INC., individually and as the
6  parent and/or successor in interest to ATLAS
   VALVE COMPANY, INC.; TRANE U.S. INC.;
7  TRIPLE A MACHINE SHOP, INC.; TUTHILL
   CORPORATION; UNION CARBIDE
8  CORPORATION; UNIROYAL HOLDING,
9  INC.; VIAD CORPORATION, individually and
   as successor in interest to GRISCOM-RUSSELL;
10 WARREN PUMPS, LLC.; (THE) WILLIAM
   POWELL COMPANY; YARWAY
11 CORPORATION; YORK INTERNATIONAL
12 CORPORATION; ZURN INDUSTRIES, LLC.,
   formerly known as ZURN INDUSTRIES, INC.;
13 and DOES 1-500, inclusive,

14     Defendants.

15

16     Plaintiffs HAZEL KING, individually and as successor in interest to KENNETH KAY

17 KING, Deceased; LORI KING; TERI PARSLOW; and KERRY KING (hereinafter "plaintiff")

18 complain of all defendants, and each of them, and allege:

19     GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

20     1.     (a)     Plaintiffs are the legal heirs of KENNETH KAY KING, Deceased

21 (hereinafter referred to as the "Decedent"). The decedent died from asbestos related lung cancer on

22 January 29, 2009.  The name of each plaintiff and the relationship to Decedent is as follows:

23     Name                          Relationship

24     Hazel King                    Wife

25     Lori King                     Daughter

26     Teri Parslow                  Daughter

27     Kerry King                    Son

28 ///

                                4

6  plaintiffs herein. Plaintiffs are ignorant of the true names and capacities of defendants sued herein

7  as DOES 1 through 500, inclusive, and therefore sue these defendants by such fictitious names.

8  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

9  Plaintiffs are informed and believe and thereon allege that each of said fictitiously named

10  defendants are, through their negligence, intentional torts, and/or conduct giving rise to strict

11  liability, responsible or liable in some manner for the occurrences herein alleged, and that the

12  injuries herein alleged were the direct and legal result of said negligence, intentional torts, and/or

13  conduct giving rise to strict liability.

14       3.    At all times mentioned in this complaint, each of the defendants was the agent and

15  employee of each of the remaining defendants, and by their actions as alleged in this complaint

16  each defendant was acting within the course and scope of this agency and employment, and each

17  defendant has ratified and approved the acts of the remaining defendants. The federal courts lack

18  subject matter jurisdiction over this action, as there is no federal question and incomplete diversity

19  of citizenship exists due to the presence of one or more California defendants. Removal is

20  improper. Every claim arising under the constitution, treaties, or laws of the United States is

21  expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or

22  of any officer of the U.S. or any agency or person acting under him occurring under color of such

23  office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency.

24  Venue is proper in San Francisco County.

25      Plaintiffs specifically disclaim any federal cause of action or any claim that would give rise

26  to federal jurisdiction. To the extent that any of Decedent's asbestos exposure took place on a

27  federal enclave, or to the extent that any of Decedent's asbestos exposure occurred on board vessels

28  of the United States military (including Naval ships) or in the construction, maintenance and/or

*King, et al. v. A.O. Smith Corporation, et al.*         COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1          (b)      Each plaintiff brings this action on his or her own behalf.  In addition,

2     HAZEL KING brings this action as successor in interest to KENNETH KAY KING, Deceased.

3          (c)      Plaintiffs are collectively referred to as "plaintiffs" herein.  Plaintiffs know

4     of no other parties who should be named as a plaintiff herein.

5          (d)      Plaintiffs are ignorant of the true names and capacities of DOES 1-500 named as

1          (b)     Each plaintiff brings this action on his or her own behalf. In addition,

2  HAZEL KING brings this action as successor in interest to KENNETH KAY KING, Deceased.

3          (c)     Plaintiffs are collectively referred to as "plaintiffs" herein. Plaintiffs know

4  of no other parties who should be named as a plaintiff herein.

5       2:     Plaintiffs are ignorant of the true names and capacities of DOES 1-500 named as

6  plaintiffs herein. Plaintiffs are ignorant of the true names and capacities of defendants sued herein

7  as DOES 1 through 500, inclusive, and therefore sue these defendants by such fictitious names.

8  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

9  Plaintiffs are informed and believe and thereon allege that each of said fictitiously named

10  defendants are, through their negligence, intentional torts, and/or conduct giving rise to strict

11  liability, responsible or liable in some manner for the occurrences herein alleged, and that the

12  injuries herein alleged were the direct and legal result of said negligence, intentional torts, and/or

13  conduct giving rise to strict liability.

14       3.     At all times mentioned in this complaint, each of the defendants was the agent and

15  employee of each of the remaining defendants, and by their actions as alleged in this complaint

16  each defendant was acting within the course and scope of this agency and employment, and each

17  defendant has ratified and approved the acts of the remaining defendants. The federal courts lack

18  subject matter jurisdiction over this action, as there is no federal question and incomplete diversity

19  of citizenship exists due to the presence of one or more California defendants. Removal is

20  improper. Every claim arising under the constitution, treaties, or laws of the United States is

21  expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or

22  of any officer of the U.S. or any agency or person acting under him occurring under color of such

23  office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency.

24  Venue is proper in San Francisco County.

25      Plaintiffs specifically disclaim any federal cause of action or any claim that would give rise

26  to federal jurisdiction. To the extent that any of Decedent's asbestos exposure took place on a

27  federal enclave, or to the extent that any of Decedent's asbestos exposure occurred on board vessels

28  of the United States military (including Naval ships) or in the construction, maintenance and/or

5

1   repair of United States military vessels and/or aircraft, Plaintiffs' negligence claims against

2   manufacturers, sellers and suppliers of asbestos-containing products installed on such vessels

3   and/or aircraft are not based on the theory of defective design, but rather are based only on the

4   theory of failure to warn. Since there is no evidence that the United States Government, or any of

5   its military branches, specifically instructed manufacturers from which it purchased asbestos-

6   containing products not to warn about the health hazards associated with exposure to asbestos,

7   there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or

8   federal contractor provisions of the United States Code. This disclaimer pertains to all of plaintiffs'

9   claims, including those of negligence and products liability, as asserted herein.

10      4.      A.O. SMITH CORPORATION; A.W. CHESTERTON COMPANY; ADVOCATE

11   MINES, LTD.; AKER KVAERNER POWER, INC.; ALFA LAVAL, INC., individually and as

12   successor in interest to SHARPLES, INC., ALFA LAVAL SEPARATION, INC., and DELAVAL

13   SEPARATOR COMPANY; ALLIED PACKING & SUPPLY, INC.; ALLIS-CHALMERS

14   CORPORATION PRODUCT LIABILITY TRUST; AMERICAN SHIPBUILDING COMPANY;

15   ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; BALDOR

16   ELECTRIC COMPANY; BARTELLS ASBESTOS SETTLEMENT TRUST; BETHLEHEM

17   STEEL COMPANY; BRYAN STEAM, LLC.; BUFFALO PUMPS, INC., individually and as

18   successor in interest to AMPCO PITTSBURGH CORPORATION and BUFFALO FORGE

19   COMPANY; CARRIER CORPORATION; CBS CORPORATION, formerly known as VIACOM,

20   INC., individually and as successor in interest to WESTINGHOUSE ELECTRIC, and WESCO

21   INTERNATIONAL; CLEAVER-BROOKS, INC.; COLTEC INDUSTRIES, INC., Fairbanks

22   Morse Engine division; CRANE CO.; CRANE CO.; CROWN CORK & SEAL COMPANY, INC.,

23   individually and as successor to MUNDET CORK COMPANY; DRESSER-RAND GROUP,

24   INC., individually and as successor in interest to TERRY STEAM TURBINE COMPANY;

25   DURABLA MANUFACTURING COMPANY; DURO DYNE WEST CORPORATION; EATON

26   HYDRAULICS LLC, formerly known as VICKERS, INC.; ELLIOTT COMPANY, also known as

27   ELLIOTT TURBOMACHINERY COMPANY, INC.; FAIRBANKS MORSE PUMP

28   CORPORATION; FEDERAL SHIPBUILDING AND DRYDOCK COMPANY; FLOWSERVE

6

*King, et al. v. A.O. Smith Corporation, et al.*                    COMPLAINT FOR DAMAGES (WRONGFUL
                                                                            DEATH)

1  CORPORATION, as successor in interest to DURAMETALLIC CORPORATION; FLOWSERVE

2  CORPORATION, individually and as successor in interest and/or the entities formerly known as

3  THE DURIRON COMPANY and DURCO INTERNATIONAL, INC.; FLOWSERVE

4  INTERNATIONAL, INC., individually and as successor in interest, successor by merger, alter ego,

5  and/or the entities formerly known as BW/IP INTERNATIONAL, INC., BW/IP, INC., and

6  BYRON JACKSON PUMP CO.; FLOWSERVE US, INC., individually and as successor in

7  interest to VOGT VALVE COMPANY; FMC CORPORATION; FOSTER WHEELER USA

8  CORPORATION; FRASER'S BOILER SERVICE, INC.; FRYER-KNOWLES, INC.; GARDNER

9  DENVER, INC., formerly known as GARDNER DENVER MACHINERY, INC., individually and

10  as successor to CHAMPION AIR COMPRESSORS; GARLOCK SEALING TECHNOLOGIES,

11  LLC, individually and as successor in interest to ANCHOR PACKING COMPANY; GENERAL

12  DYNAMICS CORPORATION, individually and as successor in interest to ASBESTOS

13  CORPORATION, LTD.; GENERAL ELECTRIC COMPANY; (THE) GOODYEAR TIRE &

14  RUBBER COMPANY; GOULDS PUMPS, INCORPORATED; HENRY VOGT MACHINE

15  COMPANY; HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC., individually and as

16  successor in interest to DELAVAL STEAM TURBINE CO.; INGERSOLL-RAND COMPANY;

17  ITT CORPORATION, formerly known as ITT INDUSTRIES, INC., individually and as successor

18  to ALLIS –CHALMERS CORP. and BELL & GOSSETT; J.T. THORPE & SON, INC.;

19  JOHNSON CONTROLS, INC.; LAKE WASHINGTON SHIPYARDS; LAMONS GASKET

20  COMPANY, individually and as successor in interest to POWER ENGINEERING AND

21  EQUIPMENT COMPANY, INC.; LAMONS GASKET COMPANY; LESLIE CONTROLS, INC.;

22  M. SLAYEN & ASSOCIATES, INC.; MASTER PUMPS & EQUIPMENT CORPORATION;

23  METALCLAD INSULATION CORPORATION, individually and as successor in interest to

24  NORTHERN CALIFORNIA INSULATION; METALCLAD INSULATION CORPORATION,

25  individually and as successor in interest to NORTHERN CALIFORNIA INSULATION; MOORE

26  DRY DOCK COMPANY; (THE) NASH ENGINEERING COMPANY; NEWPORT NEWS

27  SHIPBUILDING AND DRYDOCK CO.; NIBCO, INC. which will do business in California as

28  CAL NIBCO; OAKFABCO, INC., individually and as successor in interest to KEWANEE

7

1  BOILERS; PARKER-HANNIFIN, individually and as successor in interest to SACOMO-SIERRA;

2  PATTERSON PUMP COMPANY; PENTAIR PUMP GROUP, individually and as successor in

3  interest to AURORA PUMPS; PLANT INSULATION COMPANY; PLANT INSULATION

4  COMPANY; QUINTEC INDUSTRIES, INC.; RAPID-AMERICAN CORPORATION; RED-

5  WHITE VALVE CORP.; RICHARD KLINGER, INC.; RILEY POWER, INC., formerly known as

6  DB RILEY, INC., individually and as successor to RILEY STOKER CORPORATION; SB

7  DECKING, INC., formerly known as SELBY, BATTERSBY & COMPANY; SEPCO

8  CORPORATION; SQUARE D CO.; STERLING FLUID SYSTEM (USA), LLC, formerly known

9  as PEERLESS PUMP COMPANY; SULZER PUMPS (US) INC.; SYD CARPENTER MARINE

10 CONTRACTOR, INC.; TATE ANDALE, INC., individually and as successor in interest to C.H.

11 WHEELER MANUFACTURING CO.; THE DARCOID COMPANY OF CALIFORNIA; TRAC

12 REGULATOR CO., INC., individually and as the parent and/or successor in interest to ATLAS

13 VALVE COMPANY, INC.; TRANE U.S. INC.; TRIPLE A MACHINE SHOP, INC.; TUTHILL

14 CORPORATION; UNION CARBIDE CORPORATION; UNIROYAL HOLDING, INC.; VIAD

15 CORPORATION, individually and as successor in interest to GRISCOM-RUSSELL; WARREN

16 PUMPS, LLC.; (THE) WILLIAM POWELL COMPANY; YARWAY CORPORATION; YORK

17 INTERNATIONAL CORPORATION; ZURN INDUSTRIES, LLC., formerly known as ZURN

18 INDUSTRIES, INC.;; and Does 1-500, inclusive, are at all times herein mentioned, and were

19 corporations or other business entities organized and existing under the laws of the state of

20 California and/or qualified to do business in this State.

21         5.      At all times mentioned herein defendants, and each of them, were engaged in the

22 business of mining, milling, manufacturing, testing, developing, processing, importing, converting,

23 compounding, assembling, fabricating, modifying, designing, specifying, approving, supplying,

24 distributing, delivering, packaging, labeling, advertising, marketing, warranting, applying,

25 installing, and inspecting asbestos, and products produced therefrom, for sale to and use by

26 members of the general public, as well as for sale to and use by other parties to manufacture,

27 assemble, supply, distribute, label, apply and install products made therefrom, or both.

28 ///

8

6.    The defendants, and each of them, acting through their agents, servants and/or employees, cause, and have caused in the past, certain asbestos-containing products and asbestos-related insulation, refractory materials, fireproofing, gasket and packing materials, bulkhead insulation, decking materials, rope, cloth, tile flooring, boiler and turbine covers, as well as various automotive gaskets, brakes, clutch and other materials to be placed on the market and in the stream of interstate commerce with the result that said products and materials came into use by decedent and those working in close proximity to decedent at relevant times herein.

7.    Decedent Kenneth Kay King was exposed to asbestos during the course of his life in the manner and during the time periods set forth below:

| YEARS | EMPLOYER/LOCATION | JOB TITLE | JOB DUTIES |
|---|---|---|---|
| 1952 to 1968 | United States Navy USS Floyd Bay; USS Boxer (CVA-21); USS Pictor (AF-54); USS Torcan MS; USS Hopewell; (DD); USS Wiltsie (DD); Hunters Point Naval Shipyard; Pearl Harbor Naval Shipyard; and San Diego Naval Shipyard. | Chief Hospital Corpsman | Decedent served aboard the USS Floyd Bay; USS Boxer (CVA-21); USS Pictor (AF-54); USS Torcan MS; USS Hopewell; (DD); and USS Wiltsie (DD). Decedent was stationed at numerous land-based locations, including Hunters Point Naval Shipyard, Pearl Harbor Naval Shipyard, and San Diego Naval Shipyard. |
| May 23, 1969 to August 2, 1993 | Defense Department Ogden, Utah | Warehouse Man | |

8.    During the course and scope of his employment, Decedent continually worked with and in close proximity to others who were working with asbestos and asbestos-containing products. He routinely and regularly worked in close proximity to asbestos and asbestos-containing products, and was continually exposed to asbestos fibers which were released from asbestos and asbestos-containing products which were mined, milled, manufactured, processed, imported, converted, compounded, applied, installed, designed, specified, inspected, approved, supplied, distributed and sold by defendants, and each of them.

9

1       9.    Decedent's exposure to asbestos was the direct and legal cause of his development

2   of an asbestos-related lung cancer and other illnesses and disabilities whose relationship to asbestos

3   is as yet unknown to plaintiffs herein.

4   FIRST CAUSE OF ACTION

5   (Negligence)

6       FOR A FIRST CAUSE OF ACTION, plaintiffs complain of the defendants, and each of

7   them, and allege:

8       10.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

9   fully set forth herein, each and every allegation contained in the General Allegations herein.

10       11.    At all times relevant herein, defendants and each of them, owed a duty of due care

11   which required them to exercise ordinary care to protect against an unreasonable risk of harm. This

12   duty was owed to Decedent and plaintiffs.

13       12.    Decedent's development of lung cancer and related conditions is the direct and legal

14   result of the conduct of the defendants, and each of them, in that they negligently and carelessly

15   researched, tested or failed to test, manufactured, designed, specified, developed, labeled,

16   advertised, marketed, warranted, inspected, fabricated, modified, applied, installed, distributed and

17   supplied asbestos and asbestos-containing products. Defendants, and each of them, without any

18   adequate warning to the consumer or user, produced, sold, and otherwise put into the stream of

19   interstate commerce the foregoing materials which said defendants and each of them knew, or in

20   the exercise of ordinary care should have known, were deleterious, poisonous and highly harmful

21   to decedent's body, lungs, respiratory system, skin and health. Further, defendants and each of

22   them knew, or through the exercise of ordinary care should have known, that exposure to asbestos

23   is, and at all times relevant herein has been, associated with terminal and incurable diseases which

24   have caused and continue to cause death.

25       13.    During the time period when Decedent was exposed to asbestos in the manner

26   described above, he had no knowledge that said exposure placed him at risk for developing the

27   diseases described herein and therefore had no opportunity, nor can he be charged with a duty or

28   breach of duty, to protect himself against said harmful asbestos exposure. Plaintiffs had no

10

1   knowledge that the alleged conduct, misconduct and culpability of defendants, and each of them,

2   were actionable at law when they were committed and cannot be charged with knowledge or

3   inquiry thereof.

4         14.    The lung cancer, asbestosis, pleural plaques, and related conditions that afflicted

5   Decedent developed at a microscopic and undetectable level over an extended period of time,

6   without noticeable trauma, and was therefore unknown and unknowable to Decedent until his

7   physicians diagnosed him with lung cancer, asbestosis, pleural plaques and related conditions

8   within the pertinent statute of limitations. Prior to his diagnosis, Decedent did not know, nor

9   through the exercise of reasonable diligence could he have known, that his disease and related

10   conditions were caused by his exposure to the defendants' asbestos and asbestos-containing

11   products.

12         15.    As a direct and legal result of the conduct of the defendants, and each of them,

13   Decedent developed a disease known and designated as lung cancer, asbestosis, pleural plaques and

14   related conditions, from which he died.

15         16.    And as a further direct and legal result it was necessary for Decedent to retain the

16   services of physicians, hospitals, hospice, and other health care professionals to diagnose, treat, and

17   provide palliative care for Decedent from when he first experienced symptoms related to his

18   asbestos-caused conditions until the end of his life. Plaintiffs do not yet know the full extent of

19   treatment rendered to Decedent nor the reasonable value of medical services rendered to Decedent

20   herein and therefore requests leave to amend this complaint when that sum is determined.

21         17.    As a direct and legal result of the conduct of the defendants, and each of them, and

22   of Decedent's diagnosis of, and death from, lung cancer, asbestosis, pleural plaques and related

23   conditions, Decedent was unable to follow his normal or any gainful occupation for certain periods

24   of time preceding his diagnosis and until Decedent's death. Plaintiffs and Decedent incurred, and

25   will incur, loss of income, wages, pensions, earning potential, profits and commissions, and other

26   pecuniary losses. Plaintiffs do not know the amount of said past losses and therefore request leave

27   to amend this complaint when that sum is determined.

28   ///

11

18.   As a further, direct and proximate result of the conduct of defendants, and each of them, plaintiffs buried Decedent and incurred damages for consequential costs of Decedent's funeral, burial and related expenses in a sum to be subsequently determined.

19.   As a further direct and legal result of the conduct of the defendants, and each of them, plaintiffs sustained the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, support, teaching and tutelage, all to plaintiffs' damage in an amount of at least $50,000.

20.   Since 1924, the defendants, and each of them, knew or should have known of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of the Decedent, and others in Decedent's position working in close proximity with such materials.  The defendants, and each of them, knew or should have known of the dangerous propensities of the aforementioned materials and products since before that time.

21.   Although defendants knew or should have known of the aforementioned information, defendants, and each of them, negligently, carelessly, and recklessly failed to label any of the aforementioned asbestos-containing materials and products, including those with which and around which Decedent worked such as thermal insulation materials specified for or on/in boilers, regarding the hazards of such materials and products to the health and safety of Decedent and others in Decedent's position working in close proximity with such materials until 1964.

22.   Commencing in 1964, many of such asbestos-containing materials were not labeled as hazardous by all of the defendants herein, despite the fact that the knowledge of such hazards existed and that defendants, and each of them, knew or should have known of such hazards since 1924. At all times herein mentioned, defendants, and each of them, negligently, carelessly, and recklessly:

A.   failed to provide information relating to the danger of the use of the aforementioned materials to Decedent and others in Decedent's position and the general public concerning the dangerous nature of the aforementioned materials to workers;

///

12

*King, et al. v. A.O. Smith Corporation, et al.*                    COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1        B.  failed to disseminate such information in a manner which would give general

2    notice to the public and knowledge of the hazardous nature thereof, when defendants were bound to

3    disclose such information;

4        C.  sold the aforementioned products and materials to Decedent's employer(s) and

5    others without advising such employers and others of dangers of the use of such materials to

6    persons working in close proximity thereto, when defendants knew or should have known of such

7    dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers.

8        D.  negligently, carelessly and recklessly misrepresented to Decedent, others in

9    Decedent's position, and Decedent's employer that it was safe for Decedent to work in close

10   proximity to such materials, when they knew that this was not the case.

11       E.  negligently, carelessly and recklessly failed to disclose to Decedent, others in

12   Decedent's position, Decedent's employer, and members of the general public, medical and

13   scientific data and knowledge of the results of studies including, but not limited to, the information

14   and knowledge of the contents of the Lanza report.

15       23.     Defendants, and each of them, knew or should have known of the connection

16   between inhalation of asbestos fibers and lung cancer, asbestosis, pleural plaques, and related

17   conditions which information was disseminated through the Asbestos Textile Institute and other

18   industry organizations to all other defendants, and each of them, herein.

19       24.     At all times mentioned herein, defendants, and each of them, knew or should have

20   known of the connection between inhalation of asbestos fibers and cancer, which information

21   disseminated through the Asbestos Textile Institute and other industry organizations to all other

22   defendants herein.

23       25.     Defendants, and each of them, negligently, carelessly and recklessly failed to

24   provide the above described medical and scientific data to Decedent, others in Decedent's position,

25   Decedent's employer(s), and members of the general public concerning such knowledge of danger,

26   when defendants were bound to disclose it;

27   ///

28   ///

13

26.     Defendants, and each of them, knew or should have known that said asbestos-containing materials were dangerous when breathed and caused pathological effects without noticeable trauma, and that such material was dangerous and a threat to the health of persons coming into contact therewith. Defendants, and each of them negligently, carelessly and recklessly did not warn Decedent, other's in Decedent's position, Decedent's employer(s) and the general public of this information.

27.     Defendants, and each of them, knew or should have known that adequate protective masks and devices should be used by workers such as Decedent when applying and installing the asbestos-containing products of the defendants. Defendants, and each of them, knew or should have known that not wearing an adequate protective mask and/or device would result in injury to the Decedent and others applying and installing such materials. Defendants, and each of them, negligently, carelessly and recklessly do not inform workers such as Decedent, and others applying and installing such materials of the aforementioned information.

28.     Defendants, and each of them, knew or should have known that Decedent and anyone similarly situated in an industrial and construction setting would be exposed to defendants' asbestos-containing products, and that, upon inhalation of asbestos such persons would, in time, develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all. Defendants, and each of them, negligently, carelessly and recklessly failed to provide information to the public at large and buyers, users, and physicians employed by Decedent and Decedent's employer for the purpose of conducting physical examinations of Decedent and others working with or near asbestos that exposure to these materials would cause pathological effects without noticeable trauma.

29.     The foregoing acts of the defendants, and each of them, and the negligent, careless and reckless conduct of the defendants, and each of them, as described hereinabove, and were done recklessly, wantonly, willfully, oppressively, and in conscious disregard of the safety of Decedent herein, in that

A.  The defendants, and each of them, prior to and at the time of sale, distribution or supply of the aforementioned products to Decedent's employer or to others who in turn sold to Decedent's employers, and to other persons relevant herein, knew or should have known that the

14

COMPLAINT FOR DAMAGES (WRONGFUL
                                                                                                                        DEATH)

1   foregoing asbestos fibers released from said products during the foreseeable operations of applying

2   and removing same, were dangerous when inhaled.

3         B.  Defendants, and each of them, knew or should have known of the hazards and

4   dangers of working with or around asbestos products produced or supplied by defendants, and each

5   of them. The defendants, and each of them, knew or should have known that said products would

6   be used by Decedent and others who had no knowledge of the dangerous and hazardous nature

7   thereof.

8         C.  Defendants, and each of them, either did not warn or insufficiently warned

9   regarding the dangerous nature of said products.  Defendants, and each of them, did not place a

10  sufficient warning on the said product or package thereof regarding said dangerous nature.

11  Accordingly, plaintiffs are entitled to an award of punitive damages.

12        WHEREFORE, plaintiffs pray judgment as hereinafter set forth.

13                  **SECOND CAUSE OF ACTION**

14                  **(Strict Products Liability)**

15        AS AND FOR A SECOND CAUSE OF ACTION, plaintiffs complain of the defendants,

16  and each of them, and allege:

17        30.   Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

18  fully set forth herein, each and every allegation contained in the General Allegations and the First

19  Cause of Action herein, except allegations pertaining to negligence contained in Paragraphs 11

20  through 14 herein.

21        31.   At all times mentioned herein defendants, and each of them, during the ordinary

22  course of business, mined, milled, manufactured, imported, supplied, distributed, delivered,

23  packaged, labeled, advertised, sold, marketed, distributed, delivered, installed, applied and

24  otherwise introduced into the stream of commerce asbestos and asbestos-containing products which

25  were defective due to their design, manufacture, sufficiency or lack of warning, and/or failure to

26  meet ordinary use or consumer expectations of safety when used in an intended or reasonably

27  foreseeable manner.

28  ///

*King, et al. v. A.O. Smith Corporation, et al.*            COMPLAINT FOR DAMAGES (WRONGFUL
                                             DEATH)

32.     The asbestos and asbestos-containing products were defective when the defendants, and each of them, marketed and introduced them into the stream of commerce. Defendants, and each of them, knew that the aforementioned products would be used without inspection for defects by the user thereof.

33.     At all times herein mentioned Decedent, Decedent's employer, and other persons relevant herein, purchased from defendants, and each of them, asbestos and asbestos-containing products.

34.     *Defective Design*: The products were defectively designed in that:

A.     The products failed to perform as safely as an ordinary consumer would expect in their intended or reasonably foreseeable use or manner of operation, or,

B.     The products had inherent risks of danger that outweighed their benefits; alternate and safer substitute products existed and the state-of-the-art required their use given the seriousness of the potential danger, likelihood of its occurrence, feasibility, cost and adverse consequences to the product and to the consumer of a safer alternative design.

35.     *Failure to Warn*: Defendants knew or reasonably should have known of the dangerous propensities of their products but nonetheless distributed and marketed their products with inadequate warning of its dangers.

36.     Each of Defendants' products reached Decedent without substantial change in its condition.

37.     The aforementioned products were used by Decedent and those in close proximity to Decedent in a foreseeable manner, and in the manner for which they were intended. Defendants' products were used in a manner reasonably foreseeable by Defendants, which Defendants intended or knew they would be used, or for which they marketed them or knew they were marketed to be used.

38.     At all times mentioned herein, plaintiffs and Decedent were unaware of the dangerous nature of the aforementioned products.

39.     The defective design of Defendants' products and failure to warn were the proximate causes of Decedent's injuries and death.

16

40.     As a direct and legal result of the conduct of the defendants, and each of them, Decedent developed an asbestos-related lung cancer, asbestosis, pleural plaques, and related conditions and disabilities as previously set forth, from which he died.

41.     The aforementioned products were used by Decedent and those in close proximity to Decedent in a foreseeable manner, and in the manner for which they were intended.

42.     A. Defendants, and each of them, knew that defendants' asbestos-containing products would be used by Decedent and anyone similarly situated in an industrial and construction setting without inspection for defects.

B. Defendants, and each of them, knew that such persons would be exposed to defendants' asbestos-containing products

C. Defendants, and each of them, knew that, upon inhalation of asbestos from defendant's asbestos-containing products, such persons would, in time, develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all.

D. At the time defendants, and each of them, placed such asbestos-containing products in to the stream of commerce, defendants and each of them knew or should have known of the risks and hazards associated with the use and/or exposure of its products.

E. At the time defendants, and each of them, placed such asbestos-containing products in to the stream of commerce, and subsequent thereto, defendants, and each of them failed to warn or provided inadequate warnings to persons who used or would be exposed to its defective asbestos-containing products, including Decedent, of the dangers and hazards associated with its products.

F. At the time defendants, and each of them, placed such asbestos-containing products in to the stream of commerce, and subsequent thereto, defendants, and each of them failed to provide instructions or provided inadequate instructions to persons who used its defective asbestos-containing products, or who would be exposed to said products, including Decedent, of the dangers and hazards associated with its products.

///
///

17

1        G.  Defendants, and each of them, prior to and at the time of placing the

2   aforementioned products in to the stream of commerce, including but not limited to supplying said

3   products to Decedent's employer or to others who in turn sold to Decedent's employers, and to

4   other persons relevant herein, knew that the asbestos which Decedent and others around him were

5   exposed to was dangerous. The defendants, and each of them, either did not warn or insufficiently

6   warned regarding the dangerous nature of said products, and failed to place a sufficient warning on

7   the said product or package thereof regarding said dangerous nature, despite knowing that said

8   products would be used by Decedent and others around him who had no knowledge of the

9   dangerous and hazardous nature thereof.

10       43.   The conduct of the Defendants, and each of them, was motivated by their financial

11  interests. In this financial pursuit, Defendants consciously disregarded the safety of users, and

12  persons exposed to their products, and were consciously willing to permit their products and

13  premises to injure workers and others, including Decedent in order to maximize profits.  They

14  consciously disregarded the well-publicized risks of asbestos exposure because to have kept

15  consumers and end users like Decedent safe would have required said defendants to make less

16  money or limit distribution of their products. The defendants, and each of them, either did not

17  warn or insufficiently warned regarding the dangerous nature of said products, nor placed a

18  sufficient warning on the said product or package thereof regarding said dangerous nature, despite

19  knowing that said products would be used by Decedent and others around him who had no

20  knowledge of the dangerous and hazardous nature thereof. Defendants' conduct as described

21  herein was and is willful, malicious, outrageous, and in conscious disregard and indifferent to the

22  safety and health of workers and others exposed to asbestos, including Decedent, and therefore

23  Plaintiffs are entitled to an award of punitive damages.

24       WHEREFORE, plaintiffs pray judgment as hereinafter set forth.

25                      THIRD CAUSE OF ACTION

26                          (Failure to Warn)

27       AS AND FOR A THIRD CAUSE OF ACTION, plaintiffs complain of the defendants, and

28  each of them, and allege:

18

1       44.   Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

2   fully set forth herein, each and every allegation contained in the General Allegations and the First

3   and Second Causes of Action herein, except allegations pertaining to negligence contained in

4   Paragraphs 11 through 14 herein and those allegations pertaining to design and manufacturing

5   defect contained in the Second Cause of Action.

6       45.   At all relevant times, the asbestos and asbestos-containing products which were

7   mined, milled, manufactured, tested, developed, processed, imported, converted, compounded

8   assembled, fabricated, modified, designed, specified, approved, sold, supplied, distributed,

9   delivered, packaged, labeled, advertised, marketed, warranted, applied, installed, and inspected by

10   defendants, and each of them, were defective as a result of defendants' failure to warn or give

11   adequate warning that the particular risk of developing an asbestos-related disease, and risk of

12   death from an asbestos-related disease resulting from exposure to asbestos, rendered the product

13   unsafe for its intended or reasonably foreseeable use.

14       46.   At all relevant times, the defendants and each of them had specific knowledge of

15   these risks or could have known of these risks by the application of scientific knowledge available

16   at the time of mining, manufacturing, selling, supplying, distributing, marketing, specifying,

17   approving, inspecting, applying and installing the asbestos and asbestos-containing products.

18       47.   As a direct and legal result of the conduct of the defendants, and each of them,

19   Decedent developed an asbestos-related lung cancer, asbestosis, pleural plaques, and related

20   conditions and disabilities as previously set forth, and has incurred damages in excess of

21   $50,000.00 in addition to the special damages alleged herein.

22       WHEREFORE, plaintiffs pray judgment as hereinafter set forth.

23                       FOURTH CAUSE OF ACTION

24                       (Breach of Warranties)

25       AS AND FOR A FOURTH CAUSE OF ACTION, plaintiffs complain of defendants, and

26   each of them, and allege:

27   ///

28   ///

19

1    48.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

2  fully set forth herein, each and every allegation contained in the General Allegations and the First

3  Cause of Action herein, except allegations pertaining to negligence contained in Paragraphs 11

4  through 14 herein.

5    49.    The defendants, and each of them, sold, supplied, delivered or otherwise distributed

6  to Decedent, or to another purchaser or user who subsequently sold, supplied, delivered or

7  otherwise distributed to Decedent, or to others working in close proximity to Decedent, the above-

8  described asbestos and asbestos-containing products to which Decedent was exposed.

9    50.    The defendants, and each of them, knew the intended purpose of the asbestos and

10  asbestos-containing products prior to marketing said products, and knew or should have known that

11  dangerous levels of asbestos fiber would be released during the process of applying, installing and

12  removing these products.

13    51.    The defendants, and each of them, placed said asbestos and asbestos-containing

14  products on the market without any warning, or with an inadequate warning, and by so doing

15  impliedly warranted that said products were of good and merchantable quality and fit for their

16  intended purpose.

17    52.    Defendants, and each of them, impliedly warranted that their products were of

18  merchantable quality and safe, fit and proper for the uses which Defendants knew or intended were

19  to be made of them at the time of selling them.

20    53.    Decedent reasonably relied on the skill, knowledge and judgment of defendants, and

21  each of them, in Decedent's use of the products as a basis of the bargain under which such products

22  were bought and used.

23    54.    The products were neither safe for their intended use nor of merchantable quality or

24  fit for use as warranted by defendants, and each of them, in that said products had dangerous

25  propensities when put to the use for which each of these Defendants knew or intended they were

26  marketed or sold, and would cause severe injury to users or bystanders, such as Decedent.

27  ///

28  ///

20

1    55.    The defendants, and each of them, breached the implied warranties of

2   merchantability and fitness for an intended purpose by marketing asbestos and asbestos-containing

3   products without a warning, or with an inadequate warning, advising Decedent and others working

4   in close proximity to Decedent that dangerous levels of asbestos fiber would be released during the

5   process of applying, installing and removing said products.

6    56.    As a direct and legal result of the conduct of the defendants, and each of them,

7   Decedent developed an asbestos-related disease known and designated as asbestos related lung

8   cancer, from which he died.  Plaintiffs have incurred damages in excess of $50,000.00 in addition

9   to the special damages alleged herein.

10    WHEREFORE, plaintiffs pray judgment as is hereinafter set forth.

11    FIFTH CAUSE OF ACTION

12    (Fraud and Conspiracy)

13    AS AND FOR A FIFTH CAUSE OF ACTION, plaintiffs complain of the defendants, and

14   each of them, and allege:

15    57.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

16   fully set forth herein, each and every allegation contained in the First through Fourth Causes of

17   Action herein.

18    58.    Pursuant to Section 1708 of the Civil Code of California, the defendants and each of

19   them, owed a duty to Decedent at all times relevant herein to abstain from injuring the Decedent or

20   infringing upon any of his rights.

21    59.    The defendants, and each of them, breached the duty they owed to Decedent and

22   plaintiffs pursuant to Section 1708 of the Civil Code of California by willfully deceiving him with

23   the intent to induce him to alter his position to his injury or risk. The defendants, and each of them,

24   deceived the Decedent and committed actionable fraud pursuant to Section 1709 and Section 5

25   1710 of the Civil Code of California.

26    60.    The defendants, and each of them, as more fully set forth below, suggested as fact

27   that which was not true, and that which defendants, and each of them, did not believe was true.

28   ///

21

61.   The defendants, and each of them, as more fully set forth below, asserted as fact that which was not true, and that which defendants, and each of them, had no reasonable grounds for believing was true.

62.   The defendants, and each of them, as more fully set forth below, suppressed facts which they were obligated to disclose, and gave information of other facts which were likely to mislead for want of communication of the undisclosed facts.

63.   The defendants, and each of them, made promises without any intention of keeping those promises.

64.   Since 1924, the defendants, and each of them, have known and have possessed the true facts of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of the Decedent, and others in plaintiffs' position working in close proximity with such materials. The defendants, and each of them, have known of the dangerous propensities of the aforementioned materials and products since before that time, and with intent to deceive Decedent, and others in his position, and with intent that he and such others should be and remain ignorant of such facts, and with intent to induce Decedent and such others to alter his and their positions to his and their injury and/or risk and in order to gain advantages did do the following acts:

A.   Defendants, and each of them, did not label any of the aforementioned asbestos-containing materials and products regarding the hazards of such materials and products to the health and safety of Decedent and others in Decedent's position working in close proximity with such materials until 1964, when certain of such materials were labeled by some, but not all, of the defendants herein, despite the fact that the knowledge of such hazards existed and was known to defendants, and each of them, since 1924. By not labeling such materials as to their said hazards, defendants, and each of them, caused to be suggested as a fact to Decedent and Decedent's employer that it was safe for Decedent to work in close proximity to such materials when in fact it was not true and defendants did not believe it to be true;

///

///

22

1      B.      Defendants, and each of them, suppressed information relating to the danger of the

2   use of the aforementioned materials by requesting the suppression of information to the Decedent

3   and the general public concerning the dangerous nature of the aforementioned materials to workers

4   and by not allowing such information to be disseminated in a manner which would give general

5   notice to the public and knowledge of the hazardous nature thereof, when defendants were bound to

6   disclose such information;.

7      C.      Defendants, and each of them, sold the aforementioned products and materials

8   Decedent's employer and others without advising such employers and others of dangers of the use

9   of such materials to persons working in close proximity thereto, when defendants knew of such

10  dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers. Thereby,

11  defendants caused to be positively asserted to Decedent's employer that which was not true and

12  which defendants had no reasonable ground for believing to be true, and in a manner not warranted

13  by the information possessed by said defendants, and each of them, to wit, that it was safe for

14  Decedent to work in close proximity to such materials;

15     D.      Defendants, and each of them, suppressed and continue to suppress from everyone,

16  including Decedent and Decedent's employer, medical and scientific data and knowledge of the

17  results of studies including, but not limited to, the information and knowledge of the contents of the

18  Lanza report. Although bound to disclose it, defendants, and each of them, influenced A. J. Lanza

19  to change his report, the altered version of which was published in Public Health Volume at page I

20  in 1935, thereby causing Decedent to be and remain ignorant thereof.   Defendants, and each of

21  them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger,

22  thereby lessening the probability of notice of danger to the users thereof;

23     E.      Defendants, and each of them, belonged to, participated in, and financially

24  supported the Asbestos Textile Institute and other industry organizations which, and on behalf of

25  defendants, and each of them, actively promoted the suppression of information of danger to users

26  of the aforementioned products and materials, thereby misleading Decedent and Decedent's

27  employer by the suggestions and deceptions set forth above in this cause of action. The Dust

28  Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos

23

_King, et al. v. A.O. Smith Corporation, et al._                     COMPLAINT FOR DAMAGES (WRONGFUL
                                                                                                    DEATH)

1   Textile Institute was specifically enjoined to study the subject of dust control.   Discussions in this

2   committee were held many times regarding the dangers inherent in asbestos and the dangers which

3   arise from the lack of control of dust, and the suppression of such information from 1946 to a date

4   unknown to plaintiffs at this time;

5      F.      Commencing in 1930 with the study of mine and mill workers at Asbestos and

6   Thetford Mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in

7   Manheim and Charleston, South Carolina, defendants knew and possessed medical and scientific

8   information of the connection between inhalation of asbestos fibers and lung cancer, asbestosis,

9   pleural plaques, and related conditions which information was disseminated through the Asbestos

10   Textile Institute and other industry organizations to all other defendants, and each of them, herein.

11   Between 1942 and 1950, the defendants, and each of them, acquired medical and scientific

12   information of the connection between inhalation of asbestos fibers and cancer, which information

13   disseminated through the Asbestos Textile Institute and other industry organizations to all other

14   defendants herein. Thereby, defendants suggested as a fact that which is not true and disseminated

15   other facts likely to mislead Decedent and Decedent's employer and which did mislead them by

16   withholding afore described medical and scientific data and by not giving Decedent or Decedent's

17   employer the true facts concerning such knowledge of danger, when defendants were bound to

18   disclose it;

19      G.      Defendants, and each of them, failed to warn Decedent and Decedent's employer

20   that said materials were dangerous when breathed and caused pathological effects without

21   noticeable trauma, despite the fact that defendants possessed knowledge and were under a duty to

22   disclose that such material was dangerous and a threat to the health of persons coming into contact

23   therewith;

24      H.      Defendants, and each of them, failed to provide Decedent with information

25   concerning adequate protective masks and devices to be used when applying and installing the

26   products of the defendants, and each of them, despite the knowledge of defendants and a duty to

27   disclose that such protective measures were necessary and would result in injury to the Decedent

28   and others applying and installing such materials if not so advised;

24

_King, et al. v. A.O. Smith Corporation, et al._                COMPLAINT FOR DAMAGES (WRONGFUL

DEATH)

1    I.    Defendants, and each of them, concealed from Decedent the true nature of the

2  industrial and construction exposure of Decedent, and knew that Decedent and anyone similarly

3  situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either

4  pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was exposed would

5  cause pathological effects without noticeable trauma despite the fact that defendants were under a

6  duty to and bound to disclose it; and

7    J.    Defendants, and each of them, failed to provide information to the public at large

8  and buyers, users, and physicians employed by Decedent and Decedent's employer for the purpose

9  of conducting physical examinations of Decedent and others working with or near asbestos of the

10 true nature of the hazards of asbestos, and that exposure to these materials would cause

11 pathological effects without noticeable trauma to the public, including buyers, users, and

12 physicians employed by Decedent and Decedent's employer so that said physicians could examine,

13 diagnose and treat Decedent and others who were exposed to asbestos, despite the fact that

14 defendants, and each of them, were under a duty to so inform and said failure was misleading.

15    65.    Defendants, and each of them, having the aforementioned knowledge of facts and

16 knowing that the Decedent did not possess such knowledge, acted falsely and fraudulently and with

17 full intent to cause Decedent to remain unaware of those facts and to induce Decedent to work with

18 and around unsafe products in a dangerous environment, all in violation of Section 1710 of the

19 Civil Code of the State of California.

20    66.    At all times mentioned, the defendants, and each of them, knowingly and willfully

21 conspired and agreed among themselves to perpetrate upon Decedent the unlawful acts complained

22 of in Paragraph 20 through 29 of the First Cause of Action, and this Fifth Causes of Action.

23    67.    The defendants, and each of them, and at least one of them, did the acts herein

24 alleged in Paragraphs 59 through 64 of this Cause of Action in furtherance of the conspiracy and

25 agreement as herein alleged, and also acted in furtherance of a conspiracy and agreement between

26 and among the defendants, and each of them, to violate State and Federal laws and regulations, the

27 exact nature and extent of which are unknown at this time, but known full well to defendants, and

28 each of them.  These actions were done maliciously, wantonly, and in reckless disregard for the

25

1  health and safety of others, including Decedent herein.

2          68.     Decedent reasonably relied upon the misrepresentations of the defendants, and each

3  of them, and in reliance on same continued to work with and around asbestos and asbestos-

4  containing products. Decedent would have taken steps to protect his health and life had he known

5  the facts, which were known to the defendants, and each of them, about exposure to asbestos and

6  asbestos-containing products. Decedent would not have knowingly continued to work in an unsafe

7  environment. He had no knowledge of the foregoing facts and actions of the defendants, and each

8  of them, at the time when they were committed, and cannot be charged with knowledge or inquiry

9  thereof.

10          69.     As a direct and legal result of the conduct of the defendants, and each of them,

11 Decedent developed an asbestos-related lung cancer, asbestosis, pleural plaques, and related

12 conditions and disabilities as previously set forth, from which he died.  Plaintiffs have incurred

13 damages in excess of $50,000.00 in addition to the special damages alleged.

14          WHEREFORE, plaintiffs pray judgment as is hereinafter set forth.

15                          SIXTH CAUSE OF ACTION

16          (False Representation Under Restatement Torts Section 402-B)

17          AS AND FOR A SIXTH CAUSE OF ACTION, plaintiffs complain of the defendants, and

18 each of them, and allege:

19          70.     Plaintiffs incorporate by reference as though fully set forth herein, each and every

20 allegation of the First, Second, Third, Fourth, and Fifth Causes of Actions herein.

21          71.     At the aforementioned time when defendants, and each of them, researched,

22 manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed,

23 advertised, marketed, warranted, inspected, repaired, offered for sale and sold the said asbestos and

24 asbestos-containing products, as hereinabove set forth, the defendants, and each of them, expressly

25 and impliedly represented to members of the general public, including the purchasers and users of

26 said product, and including Decedent herein and his employers, that asbestos and asbestos-

27 containing products were of merchantable quality, and safe for the use for which they were

28 intended.

26

72. The purchasers and users of said asbestos and asbestos-containing products, including Decedent and his employers, relied upon said representations of defendants and each of them, in the selection, purchase and use of asbestos and asbestos-containing products.

73. Said representations by defendants, and each of them, were false and untrue, in that the asbestos and asbestos-containing products were not safe for their intended use, nor were they of merchantable quality as represented by defendants, and each of them, in that asbestos and asbestos containing products have very dangerous properties and defects whereby said products cause lung cancer, asbestosis, pleural plaques, and other diseases, and have other defects that cause injury and damage to the users of said products, including the Decedent herein, thereby threatening the health and life of Decedent.

74. As a direct and legal result of the conduct of the defendants, and each them Decedent developed an asbestos-related lung cancer, asbestosis, pleural plaques, and related conditions and disabilities as previously set forth, from which he died. Plaintiffs have incurred damages in excess of $50,000.00 in addition to the special damages alleged herein.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Loss of Consortium)

75. AS AND FOR A SEVENTH CAUSE of action, plaintiff Hazel King complains of defendants, and each of them, as follows:

76. Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though fully set forth herein, each and every allegation contained in the General Allegations and each of the foregoing Causes of Action herein.

77. At the time that Decedent sustained injury as more fully alleged in the First through Seventh Causes of Action, and at all times thereafter, plaintiff Hazel King was the spouse of Decedent.

78. Prior to said injuries and death, Decedent was able to and did perform his duties as the spouse of plaintiff Hazel King. Plaintiff is informed and believes and thereon alleges that subsequent to said injuries and as a proximate result thereof, Decedent was incapacitated, and

27

1   remained so until the time of his death and was unable to perform the necessary duties as spouse of

2   plaintiff Hazel King and the work and service usually performed in the care, maintenance, and

3   management of the family home.

4         79.    As a proximate result of Decedent's injuries, as alleged herein, plaintiff Hazel King

5   was deprived of consortium with Decedent, including the performance of his spouse's duties, thus

6   requiring plaintiff to perform the duties previously performed by Decedent, all to plaintiff's

7   damage in a sum which cannot be ascertained at this time. Plaintiff requests the right to amend this

8   complaint to allege the amount of said damages when they are ascertained.

9         WHEREFORE, plaintiffs pray judgment as hereinafter set forth.

10                              EIGHTH CAUSE OF ACTION

11                   (Survival Action and Punitive Damages)

12        AS AND FOR A EIGHTH CAUSE OF ACTION, plaintiffs complain of the defendants,

13   and each of them, and allege as follows:

14         80. .   Plaintiffs hereby incorporate each allegation contained in each and every paragraph

15   of the General Allegations and the First through Seventh Causes of Action, inclusive, as though

16   fully realleged in respect to this cause of action.

17         81.    Prior to his death, Decedent had a cause of action against defendants herein for

18   personal injuries arising from his exposure to asbestos. Subsequent to the arisal of this cause of

19   action and within the pertinent statutes of limitation, Decedent who would have been the plaintiff in

20   this action if he had lived, died.

21         82.    As a proximate result of the conduct of defendants, and each of them, Decedent was

22   required to, and did, employ physicians and surgeons to examine, treat and care for him and did

23   incur medical and incidental expenses in a sum to be subsequently determined.

24         83.    As a further, direct and proximate result of the conduct of defendants, and each of

25   them, Decedent was prevented from attending to his usual occupation for a period of time and

26   thereby incurred damages for loss of earnings in a sum to be subsequently determined.

27   ///

28   ///

*King, et al. v. A.O. Smith Corporation, et al.*                   COMPLAINT FOR DAMAGES (WRONGFUL
                                                      DEATH)

1    84.    As a further, direct and proximate result of the conduct of defendants, and each of

2   them, Plaintiffs buried Decedent and incurred damages for consequential costs of Decedent's

3   funeral and burial in a sum to be subsequently determined.

4    85.    As a direct and legal result of the conduct of the defendants, and each of them, prior

5   to Decedent's death, Decedent sustained the damages alleged herein, in an amount of at least

6   $50,000.

7    WHEREFORE, plaintiffs HAZEL KING, LORI KING, TERI PARSLOW, and KERRY

8   KING pray judgment as follows:

9   First, Second, and Fifth Causes of Action

10    1.    General damages in an amount in excess of $50,000.00 in accordance with proof;

11    2.    Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

12   accordance with proof;

13    3.    Punitive and exemplary damages in an amount found appropriate by the trier of fact

14   in accordance with proof;

15    4.    Special damages in accordance with the proof;

16    5.    Prejudgment interest and post-judgment interest in accordance with law;

17    6.    Costs of suit; and,

18    7.    Such and other and further relief as the Court deems just and proper.

19   Third, Fourth, and Sixth Causes of Action

20    1.    General damages in an amount in excess of $50,000.00 in accordance with proof;

21    2.    Special damages in accordance with the proof;

22    3.    Prejudgment interest and post-judgment interest in accordance with law;

23    4.    Costs of suit; and,

24    5.    Such and other and further relief as the Court deems just and proper.

25    WHEREFORE, plaintiff Hazel King prays judgment as follows:

26   Seventh Cause of Action

27    1.    General damages in an amount in excess of $50,000.00 in accordance with proof;

28    2.    Special damages in accordance with the proof;

29

*King, et al. v. A.O. Smith Corporation, et al.*                    COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

1    3.    Prejudgment interest and post-judgment interest in accordance with law;

2    4.    Costs of suit; and,

3    5.    Such and other and further relief as the Court deems just and proper.

4    WHEREFORE, plaintiffs HAZEL KING, LORI KING, TERI PARSLOW, and KERRY

5    KING pray judgment as follows:

6    **Eighth Cause of Action**

7    1. General damages in an amount in excess of $50,000.00 in accordance with proof;

8    2. Special damages in accordance with the proof;

9    3. Punitive and exemplary damages in an amount found appropriate by the trier of fact in

10    accordance with proof;

11    4. Prejudgment interest and post-judgment interest in accordance with law;

12    5. Costs of suit; and

13    6. Such and other and further relief as the Court deems just and proper.

14

15    DATED:  July 28, 2009               BRENT COON & ASSOCIATES

16

17

18                      By:                           

                            RICHARD A. BRODY

19                            Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

30

1   Richard A. Brody, Esq. (SBN 100379)
    BRENT COON & ASSOCIATES
2   44 Montgomery Street, Suite 800
    San Francisco, CA 94104
3   Telephone: 415.489.7420
    Facsimile:  415.489.7426
4
    Attorneys for Plaintiffs
5

6

7

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 IN AND FOR THE COUNTY OF SAN FRANCISCO

11

12   HAZEL KING, individually and as successor in      Case No.   C G C - 0 9 - 2 7 5 2 8 5
     interest to KENNETH KAY KING, Deceased;
13   LORI MONTOYA; TERI PARSLOW; and               PRELIMINARY FACT SHEET
     KERRY KING,                                    NEW FILING
14                                                  ASBESTOS LITIGATION
15         Plaintiffs,                              (General Order No. 129)

16   v.

17   A.O. SMITH CORPORATION, et al.,

18         Defendants.

19                              NOTICE

20         TO NEW DEFENDANTS SERVED IN THE ABOVE-CAPTIONED CASE SUBJECT
     TO THE GENERAL ORDERS OF COMPLEX ASBESTOS LITIGATION IN THE
21   ABOVE-CAPTIONED COURT:

22         You have been served with process in an action which has been designated by the Court as

23   complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This

24   litigation bears the caption "In Re: Complex Asbestos Litigation" and the Court No. 828684.

25         This litigation is governed by various general orders, some of which affect the judicial

26   management and/or discovery obligations, including your responsibility to answer interrogatories

27   deemed propounded in this case.  You may download this Court's General Orders from the

28   internet, or contact the Court or Designated Defense Counsel, Berry & Berry, Post Office Box

                                          1.

King, et al. v. A.O. Smith Corporation, et al.                    PRELIMINARY FACT SHEET

---

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 2 8 2009

GORDON PARK-LI, Clerk
BY: _____ PARAM NATT
                        Deputy Clerk

1   16070, Oakland, CA 94612; telephone (510) 259-0200; Facsimile (510) 835-5117, for further

2   information and/or for copies of these orders, at your expense.

3   I.      State the complete name and address of each person whose claimed exposure to
         asbestos is the basis of this lawsuit ("exposed person"):   Kenneth Kay King
4

5   II.     Does plaintiff anticipate filing a motion for preferential trial date within the next
         four months? _____ Yes           _X_ No
6

7   III.    Date of birth of each exposed person in item one and, if applicable, date of death:
         Date of Birth: May 13, 1932        Date of Death: January 29, 2009
8

9        Social Security Number of each exposed person:

         Kenneth Kay King – 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
10

11  IV.    Specify the nature of type of asbestos-related disease alleged by each exposed
         person:
12         _____ Asbestosis                          _____ Mesothelioma

13         _____ Pleural Thickening/Plaques          _____ Other Cancer; Specify:

14         XXX Lung Cancer Other Than Mesothelioma   _____ Other; Specify
15

16  V.      For purposes of identifying the nature of exposure allegations involved in this
         action, please check one or more:
17
         _X_ Shipyard       _____ Construction       _____ Friction/Automotive
18
         _____ Premises     _____ Aerospace          _X_ Military
19
         _____ Other; Specify all that apply:
20

21

22       If applicable, indicate which exposure allegations apply to which exposed person.

23  VI.     Identify each location alleged to be a source of an asbestos exposure, and to the
         extent known, provide the beginning and ending year(s) of each such exposure.
24         Also specify each exposed person's employer and job title or job description during
         each period of exposure.  (For example, "San Francisco Naval Shipyard Pipefitter
25         1939-1948").  Examples of locations of exposure might be a specific shipyard, a
         specific railroad maintenance yard, or perhaps more generalized descriptions such as
26         "merchant marine" or "construction".  If an exposed person's claims exposure during
         only a portion of a year, the answer should indicate that year as the beginning and
27         ending year (e.g., 1947-1947).
28

                                    2

| YEARS | EMPLOYER/LOCATION | JOB TITLE | JOB DUTIES |
|---|---|---|---|
| 1952 to 1968 | United States Navy USS Floyd Bay; USS Boxer (CVA-21); USS Pictor (AF-54); USS Torcan MS; USS Hopewell; (DD); USS Wiltsie (DD); Hunters Point Naval Shipyard; Pearl Harbor Naval Shipyard; and San Diego Naval Shipyard. | Chief Hospital Corpsman | Decedent served aboard the USS Floyd Bay; USS Boxer (CVA-21); USS Pictor (AF-54); USS Torcan MS; USS Hopewell; (DD); and USS Wiltsie (DD). Decedent was stationed at numerous land-based locations, including Hunters Point Naval Shipyard, Pearl Harbor Naval Shipyard, and San Diego Naval Shipyard. |
| May 23, 1969 to August 2, 1993. | Defense Department Ogden, Utah | Warehouse Man | |

DATED: July 27, 2009

BRENT COON & ASSOCIATES

By: _____

RICHARD A. BRODY
Attorneys for Plaintiffs

3

*King, et al. v. A.O. Smith Corporation, et al.*                    PRELIMINARY FACT SHEET