UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Civil Action No. _____
"Jury"

JOE P. FREEMAN and GLORIA K.
FREEMAN,

        Plaintiffs,

vs.

AMF, INCORPORATED, *(sued individually
and as successor-in-interest to* B & B
ENGINEERING AND SUPPLY COMPANY,
INC. and B&B INSULATORS),
a New Jersey Corporation;

ARMSTRONG INTERNATIONAL, INC.,
a Michigan Corporation;

CBS CORPORATION *f/k/a* VIACOM, INC.
*(sued individually and as successor-by-merger to*
CBS CORPORATION *f/k/a* WESTINGHOUSE
ELECTRIC CORPORATION),
a Delaware Corporation;

CRANE CO., *(sued individually and as
successor-in-interest to* CHAPMAN VALVE
CO.),
a Delaware Corporation;

THE DOW CHEMICAL COMPANY *(sued
individually and as successor-in-interest to*
DOWTHERM),
a Delaware Corporation;

E.I. DU PONT DE NEMOURS AND
COMPANY,
a Delaware Corporation;

FLOWSERVE US, INC. *(sued individually and*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

EXHIBIT
1
tabbies

| | |
|---|---|
| *as successor-in-interest to* BYRON JACKSON PUMP CO. *and* DURCO INTERNATIONAL), a Delaware Corporation; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |
| **FLOWSERVE CORPORATION** (*sued individually and as successor-in-interest to* BYRON JACKSON PUMP CO. *and* DURCO INTERNATIONAL), a New York Corporation; | |
| **FOSTER WHEELER ENERGY CORPORATION,** a Delaware Corporation; | |
| **FOSTER WHEELER, LLC,** a Delaware Corporation; | |
| **GOULDS PUMPS, INCORPORATED,** a Delaware Corporation; | |
| **HAUCK MANUFACTURING COMPANY,** a New York Corporation; | |
| **INGERSOLL-RAND COMPANY,** a New Jersey Corporation; | |
| **JOHN CRANE, INC.,** a Delaware Corporation; | |
| **SPIRAX SARCO, INC.,** a Delaware Corporation; | |
| **THE WILLIAM POWELL COMPANY,** an Ohio Corporation; | |
| **YARWAY CORPORATION,** a Pennsylvania Corporation | |

Defendants.

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Plaintiffs JOE P. FREEMAN and GLORIA K. FREEMAN, complaining of the Defendants listed below, and for cause of action would show the Court and Jury as follows:

## I.

## PARTIES

1.      Plaintiffs are Joe P. Freeman and GLORIA K. FREEMAN, individuals residing in Grapevine, Texas.

2.      Defendant, **AMF, Incorporated,** is a foreign corporation that is incorporated under the laws of the State of New Jersey and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **AMF, Incorporated,** may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX 77062. Defendant, **AMF, Incorporated,** has been sued individually and as a successor-in-interest to B & B Engineering and Supply Company, Inc. and B&B INSULATORS.  This Defendant is being sued as a Contractor and Manufacturing Defendant.

3.      Defendant, **Armstrong International, Inc.,** is a foreign corporation that is incorporated under the laws of the State of Michigan and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas.   While **Armstrong International, Inc.** is required to maintain a registered agent for service of process, it has not designated such an agency.  Therefore, Armstrong International, Inc. may be served with process through its principal place of business, 900 Maple Street, Three Rivers, MI 49093, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045.   Defendant, **Armstrong International, Inc.,** may be served through the Secretary of State for the State of Texas. This Defendant is being sued as an Equipment Defendant.

4.      Defendant, **CBS Corporation,** is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **CBS Corporation** may be served with process through its registered agent, Corporation Service Company d/b/a CSC Lawyers Incorporating

Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701. Defendant, **CBS Corporation** *f/k/a* **Viacom, Inc.**, has been sued individually and as a successor-by-merger to CBS Corporation *f/k/a* Westinghouse Electric Corporation. This Defendant is being sued as an Equipment Defendant.

5.    Defendant, **Crane Co.**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **Crane Co.** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. Defendant, **Crane Co.**, has been sued individually and as a successor-in-interest to Chapman Valve Co. This Defendant is being sued as an Equipment Defendant.

6.    Defendant, **The Dow Chemical Company**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **The Dow Chemical Company** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201.    This Defendant is being sued as a Contractor, Designer, and Equipment Defendant.

7.    Defendant, **E.I. Du Pont De Nemours and Company**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **E.I. Du Pont Nemours and Company** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. This Defendant is being sued as a Premises Defendant and an Employer Defendant.

8.    Defendant, **Flowserve US, Inc.**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **Flowserve US, Inc.** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. Defendant, **Flowserve US, Inc.**, has been sued individually and as a

successor-in-interest to Byron Jackson Pump Co. and Durco International.   This Defendant is being sued as an Equipment Defendant.

9.   Defendant, **Flowserve Corporation**, is a foreign corporation that is incorporated under the laws of the State of New York and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **Flowserve Corporation** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. This Defendant, **Flowserve Corporation**, has been sued individually and as a successor-in-interest to Byron Jackson Pump Co. and Durco International. Defendant is being sued as an Employer Defendant.

10.   Defendant, **Foster Wheeler Energy Company**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **Foster Wheeler Energy Company** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. This Defendant is being sued as a Contractor, Designer and Equipment Defendant.

11.   Defendant, **Foster Wheeler, LLC**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. While **Foster Wheeler, LLC** is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its principal place of business, Perryville Corporate Park, Clinton, NJ 08809, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. Defendant, **Foster Wheeler, LLC**, may be served through the Secretary of State for the State of Texas.   This Defendant is being sued as a Contractor, Designer and Equipment Defendant.

12.   Defendant, **Goulds Pumps, Incorporated**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **Goulds Pumps Incorporated** may be served with process

through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. This Defendant is being sued as an Equipment Defendant.

13.     Defendant, **Hauck Manufacturing Company**, is a foreign corporation that is incorporated under the laws of the State of New York and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. While **Hauck Manufacturing Company** is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its principal place of business, 100 N. Harris Street, Lebanon, Pennsylvania 17042-3100, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045.     Defendant, **Hauck Manufacturing Company,** may be served through the Secretary of State for the State of Texas. This Defendant is being sued as a Designer and Equipment Defendant.

14.     Defendant, **Ingersoll-Rand Company**, is a foreign corporation that is incorporated under the laws of the State of New Jersey and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **Ingersoll-Rand Company** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. This Defendant is being sued as an Equipment Defendant.

15.     Defendant, **John Crane, Inc.**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **John Crane, Inc.** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. This Defendant is being sued as a Manufacturer Defendant.

16.     Defendant, **Spirax Sarco, Inc.**, is a foreign corporation that is incorporated under the laws of the State of Delaware and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. **Spirax Sarco, Inc.** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its principal place of business, 1150 Northpoint Boulevard,

Blythewood, SC 29016, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. Defendant, **Spirax Sarco, Inc.,** may be served through the Secretary of State for the State of Texas. This Defendant is being sued as an Equipment Defendant.

17.     Defendant, **The William Powell Company,** is a foreign corporation that is incorporated under the laws of the State of Ohio and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. **The William Powell Company** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its principal place of business, 2503 Spring Grove Avenue, Cincinnati, OH 45214; pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. Defendant, **The William Powell Company,** may be served through the Secretary of State for the State of Texas. This Defendant is being sued as an Equipment Defendant.

18.     Defendant, **Yarway Corporation,** is a foreign corporation that is incorporated under the laws of the State of Pennsylvania and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas. Defendant, **Yarway Corporation** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201. This Defendant is being sued as an Equipment Defendant.

## II.

## JURISDICTION AND VENUE

19.     Plaintiffs are citizens of Texas. Defendants are foreign corporations organized under the laws of various states other than Texas. Defendants have done or are doing business in the State of Texas. A complete diversity of citizenship exists between Plaintiffs and Defendants as Plaintiffs are citizens of Texas and Defendants are foreign corporations, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendants are doing business or have in the past done business in the Eastern District of Texas. Thus, the Court has jurisdiction over Defendants pursuant to 28 U.S.C. §1332. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C.

§ 1391.

20. Asbestos cases filed in Federal Court are currently classified as "tag-along" cases which will be governed by multi-district litigation pending in the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division. The court in Philadelphia at this time controls jurisdiction of all asbestos cases being filed in the United States District Courts.

21. Each and every allegation in this Petition is expressly made in the alternative to, as well as in addition to, every other allegation.

### III.

### BACKGROUND

22. Plaintiffs would show that from 1959 to 1993 while Plaintiff Joe P. Freeman was working at E.I. Du Pont Nemours ("DuPont"), located within Orange County, Texas he was exposed to asbestos and asbestos fibers designed, manufactured, supplied, maintained and sold by Defendants and placed into the stream of commerce by said Defendants which, as a result, caused Plaintiff, Joe P. Freeman to suffer from severe and grievous injuries to his respiratory system and body in general.

23. During this time period, Plaintiff suffered repeated exposure to asbestos and asbestos-containing products designed, manufactured, sold, supplied and/or maintained by the defendants.

24. Before and during Plaintiff Joe P. Freeman's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, the facility listed in Paragraph 22, where Plaintiff was exposed to asbestos fibers and asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

25. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

26.     Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to Plaintiffs, of the health hazards inherent in the asbestos-containing products they were selling and/or using.  Instead of warning Plaintiff and the general public about these dangers, Defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.  Those Defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

27.     As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 22, Plaintiff contracted mesothelioma.

28.     Further, Plaintiffs would show, as more specifically set out below, that Plaintiff JOE P. FREEMAN has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured, sold, supplied and/or maintained by Defendants in that each exposure to such products caused or contributed to Plaintiff's injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

29.     Because of the latency period between exposure to asbestos and the onset of mesothelioma, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Plaintiff has only recently discovered his injuries.

### IV.

### COUNT ONE
### ALLEGATIONS AGAINST EQUIPMENT AND MANUFACTURING DEFENDANTS

30.     Plaintiff JOE P. FREEMAN was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products

that were manufactured, designed, and distributed by the Defendants, AMF INCORPORATED, ARMSTRONG INTERNATIONAL, INC., CBS CORPORATION, CRANE CO., THE DOW CHEMICAL COMPANY, FLOWSERVE US, INC., FLOWSERVE COROPRATION, FOSTER WHEELER ENERGY COMPANY, FOSTER WHEELER, LLC, GOULDS PUMPS, INCORPORATED, HAUCK MANUFACTURING COMPANY, INGERSOLL-RAND COMPANY, JOHN CRANE, INC., SPIRAX SARCO, INC., THE WILLIAM POWELL COMPANY, and YARWAY CORPORATION and their predecessors-in-interest for use as construction materials or machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and machinery were in this defective condition at the time they were designed by or left the hands of Defendants. Plaintiffs would show that Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiffs would show that this market defect rendered such products and machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

31.     The Defendants are or were engaged in the business of selling, manufacturing, producing, designing, and otherwise putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed, and otherwise put into the stream of commerce, were a proximate and producing cause of the injuries of Plaintiff JOE P. FREEMAN.

32.     Defendants knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market,

represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation of the asbestos-containing products or operation, maintenance and repair of the machinery requiring or calling for the use of asbestos and asbestos-containing products.

33.    Plaintiff JOE P. FREEMAN was unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation or installation. Similarly, Plaintiff JOE P. FREEMAN was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and asbestos-containing materials.

34.    During the periods that Plaintiff JOE P. FREEMAN was exposed to the asbestos-containing products and machinery of the Defendants, these asbestos-containing products and machinery were being utilized in a manner, which was intended by Defendants.

35.    In the event that Plaintiff JOE P. FREEMAN is unable to identify each injurious exposure to asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent or represented a substantial share of the relevant market of asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products at all times material to the cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

36.    The illness and disabilities of Plaintiff JOE P. FREEMAN are a direct and proximate result of the negligence of each Defendant and its predecessor-in-interest in that said entities produced, designed, sold, and otherwise put into the stream of commerce asbestos and asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff JOE P. FREEMAN's health and well-being. Certain Defendants created hazardous and deadly conditions to which Plaintiff JOE P. FREEMAN was exposed and which caused Plaintiff JOE P. FREEMAN to be exposed to a large amount of asbestos

fibers. The Defendants were negligent in one, some, or all of the following respects, among others, same being the proximate cause of Plaintiff JOE P. FREEMAN's illness and disabilities:

(a) in failing to timely and adequately warn Plaintiff JOE P. FREEMAN of the dangerous characteristics and serious health hazards associated with exposure to asbestos and asbestos-containing products or machinery requiring or calling for the use of asbestos and asbestos-containing products;

(b) in failing to provide Plaintiff JOE P. FREEMAN with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff JOE P. FREEMAN from being harmed and disabled by exposure to asbestos and asbestos-containing products or machinery requiring or calling for the use of asbestos and asbestos-containing products;

(c) in failing to place timely and adequate warnings on the containers of said asbestos and asbestos-containing products or machinery requiring or calling for the use of asbestos and asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and machinery;

(d) in failing to take reasonable precautions or exercise reasonable care to publish, adopt, and enforce a safety plan and safe method of handling and installing asbestos and asbestos-containing products or utilizing the machinery requiring or calling for the use of asbestos and asbestos-containing products in a safe manner;

(e) in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products or the machinery requiring or calling for the use of asbestos and asbestos-containing products;

(f) in failing to properly design and manufacture asbestos and asbestos-containing products or machinery requiring or calling for the use of

asbestos and asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)    in failing to properly test said asbestos-containing products and machinery before they were released for consumer use; and

(h)    in failing to recall or remove from the stream of commerce said asbestos-containing products or machinery requiring or calling for the use of asbestos and asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products and machinery.

## V.

### COUNT TWO
### ALLEGATIONS AGAINST CONTRACTOR DEFENDANTS

37.    All of the allegations contained in the previous paragraphs are re-alleged herein

38.    The injuries of Plaintiff JOE P. FREEMAN are a direct and proximate result of the negligence of each Defendant or its predecessor-in-interest in that said entities produced, designed, sold or otherwise put into the stream of commerce, asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff JOE P. FREEMAN's health and well-being. Certain Defendants, AMF, INCORPORATED, **THE DOW CHEMICAL COMPANY, FOSTER WHEELER ENERGY CORPORATION,** and **FOSTER WHEELER, LLC,** created hazardous and deadly conditions to which Plaintiff JOE P. FREEMAN was exposed and which caused Plaintiff JOE P. FREEMAN to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiff's injuries:

(a)    in failing to timely and adequately warn Plaintiff JOE P. FREEMAN of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos and asbestos-containing products;

(b)     in failing to provide Plaintiff JOE P. FREEMAN with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff JOE P. FREEMAN from being harmed and disabled by exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and machinery requiring or calling for the use of asbestos or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan or safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos or asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and the machinery requiring or calling for the use of asbestos or asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, and machinery requiring or calling for the use of asbestos or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products and machinery before they were released for consumer use; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos or asbestos-containing products despite knowledge of

the unsafe and dangerous nature of such products or machinery.

## VI.

### COUNT THREE
### ALLEGATIONS AGAINST E.I. DU PONT DE NEMOURS AND COMPANY EMPLOYER DEFENDANT

39. All of the allegations contained in the previous paragraphs are realleged.

40. Defendant, **E.I. DU PONT DE NEMOURS AND COMPANY**, was at all times relevant the employer of Plaintiff JOE P. FREEMAN.

41. Plaintiffs would show that Defendant, **E.I. DU PONT DE NEMOURS AND COMPANY**, was negligent, grossly negligent, and intentionally committed certain acts and omissions which created conditions at the workplace which were a proximate cause of his mesothelioma resulting from exposure to asbestos.

42. In particular, Plaintiffs would show that the Defendant demonstrated such an entire want of care as to establish that its acts and omissions were the result of actual conscious indifference to his rights, safety and welfare and that such specific acts of negligence, gross negligence and intentional acts or omissions committed by the Defendant that proximately caused lung cancer include:

    (a) failure to provide safe equipment for Plaintiff JOE P. FREEMAN to use;

    (b) failure to provide adequate safety measures and protection against deadly and life threatening asbestos dust, all despite Defendant's knowledge of the extreme risk of harm inherent to asbestos exposure;

    (c) failure to adequately warn Plaintiff JOE P. FREEMAN of the inherent dangers of asbestos contamination; and

    (d) failure to provide Plaintiff JOE P. FREEMAN a safe place to work by failing to maintain the ambient and environmental conditions of the plant in proper and safe conditions.

## VII.

### COUNT FOUR
### NEGLIGENCE – DESIGN DEFECT
### ALLEGATIONS AGAINST THE DOW CHEMICAL COMPANY, FOSTER WHEELER ENERGY CORPORATION, FOSTER WHEELER, LLC, and HAUCK MANUFACTURING COMPANY

43. All of the allegations contained in the previous paragraphs are re-alleged

herein.

44.     At all times material hereto, Defendants **THE DOW CHEMICAL COMPANY, FOSTER WHEELER ENERGY CORPORATION, FOSTER WHEELER, LLC, and HAUCK MANUFACTURING COMPANY** and/or their "alternate entities" designed and provided the specifications for products manufactured by **THE DOW CHEMICAL COMPANY, FOSTER WHEELER ENERGY CORPORATION, FOSTER WHEELER, LLC, and HAUCK MANUFACTURING COMPANY**, including the products to which Plaintiff JOE P. FREEMAN was exposed.

45.     The above-named Defendants and their "alternate entities" had a duty to exercise ordinary care to develop safe designs. Defendants owed that duty of care to the persons who worked with and around the products it designed, and breached that duty of care. Plaintiff contends that Defendants were negligent in the performance of its duty in that it failed to protect persons such as Plaintiff from the hazards of asbestos that Defendants specified and approved, or knew or should have known would be specified and approved, for use in and around the products it designed. Defendants knew or should have known that the foreseeable use of its designs could and would cause serious injuries to the persons working with and/or around the products manufactured as a result of said Defendant's marketing, licensing and/or franchising of its designs.

46.     As a direct and proximate result of the acts alleged against Defendants, Plaintiff was exposed to the asbestos and asbestos-containing products designed by **THE DOW CHEMICAL COMPANY, FOSTER WHEELER ENERGY CORPORATION, FOSTER WHEELER, LLC, and, its "alternate entities", and HAUCK MANUFACTURING COMPANY**. Said exposure directly and proximately resulted in the asbestos-related disease and injuries from which Plaintiff suffers.

47.     Defendants, **THE DOW CHEMICAL COMPANY, FOSTER WHEELER ENERGY CORPORATION, FOSTER WHEELER, LLC, and, its "alternate entities", and HAUCK MANUFACTURING COMPANY** and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

VIII.

## COUNT FIVE
## CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS

48.     All of the allegations contained in the previous paragraphs are re-alleged herein.

49.     Plaintiffs further allege that Defendants or their predecessors-in-interest knowingly agreed, contrived, combined, confederated, and conspired among themselves and with other entities to cause Plaintiff JOE P. FREEMAN's injuries by exposing him to harmful and dangerous asbestos-containing products and machinery requiring or calling for asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated, and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and machinery or to expose himself to said dangers. Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products.

50.     In furtherance of said conspiracies, Defendants performed the following overt acts:

      (a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and machinery calling for the use of asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

      (b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1) withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff JOE P. FREEMAN who was using and being exposed to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products;

(2) caused to be released, published, and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated, and misleading; and

(3) distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff JOE P. FREEMAN who were using asbestos-containing products and machinery requiring or calling for the use of asbestos and being exposed to the inhalation of asbestos dust and fibers by falsely stating or concealing the nature and extent of the harm to which Plaintiff JOE P. FREEMAN and workers such as Plaintiff have suffered.

(c) Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators") member companies in the Quebec Asbestos Mining Association, the Asbestos Textile Institute, or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)     In addition, Defendants contrived, combined, confederated, and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff JOE P. FREEMAN from contracting asbestos disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure,, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff JOE P. FREEMAN even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions, and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff JOE P. FREEMAN to rely upon said false and fraudulent representations, omissions, and concealments to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos which caused the release of respirable asbestos fibers.

51.     Plaintiff JOE P. FREEMAN reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products.

52.     As a direct and proximate result of Plaintiff JOE P. FREEMAN's reliance on Defendants' false and fraudulent representations, omissions, and concealments

Plaintiff JOE P. FREEMAN sustained damages including injuries, illnesses, and disabilities and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products.

### IX.

### COUNT SIX
### GROSS NEGLIGENCE ALLEGATIONS AGAINST ALL DEFENDANTS

53.     All of the allegations contained in the previous paragraphs are re-alleged herein.

54.     The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct or malice resulting in damages and injuries to the Plaintiff JOE P. FREEMAN. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff JOE P. FREEMAN, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendant that the conduct would, in reasonable probability, result in human deaths or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness or malice with regard to the Plaintiff JOE P. FREEMAN and should be held liable in punitive and exemplary damages to Plaintiffs.

### X.

### COUNT SEVEN
### LOSS OF CONSORTIUM ALLEGATIONS AGAINST ALL DEFENDANTS

55.     Plaintiff GLORIA K. FREEMAN brings this cause of action against all Defendants for the loss of consortium in the marital relationship between her spouse, JOE P. FREEMAN, and GLORIA K. FREEMAN.   GLORIA K. FREEMAN has suffered damages, both past and future, as a result of the acts and omissions of the Defendants described herein.  The permanent physical injuries were a direct and proximate cause by the Defendants to JOE P. FREEMAN, and, those injuries have detrimentally impaired the loss of love, companionship, comfort, affection, solace, moral support, and physical assistance in the operating and maintaining a home that Plaintiffs once shared in their

marital relationship, causing GLORIA K. FREEMAN pain and suffering in the past and to which she will in all likelihood continue to suffer in the future.

## XI.

## COUNT EIGHT
## AIDING AND ABETTING ALLEGATIONS AGAINST ALL DEFENDANTS

56.     All of the allegations contained in the previous paragraphs are re-alleged herein.

57.     The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent or intentional acts of each and every other Defendant.

58.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiff JOE P. FREEMAN.

59.     The actions of each of the Defendants are a proximate cause of Plaintiff JOE P. FREEMAN's injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## XII.

## DAMAGES

60.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Plaintiff JOE P. FREEMAN, and of the following general and special damages including:

(a)     Damages to punish Defendants for proximately causing Plaintiff JOE P. FREEMAN's untimely injuries and illness;

(b)     The conscious physical pain and suffering and mental anguish sustained by Plaintiff JOE P. FREEMAN;

(c)     The physical impairment suffered by Plaintiff JOE P. FREEMAN;

(d)     The disfigurement suffered by Plaintiff JOE P. FREEMAN;

(e)     Reasonable and necessary medical expenses incurred by Plaintiff JOE P. FREEMAN;

(f)     Plaintiff's lost earnings and net accumulations;

(g)     Plaintiff JOE P. FREEMAN's mental anguish caused by the extraordinarily increased likelihood of developing (or the progression and

recurrence of) asbestos-related cancer of the lungs, mesothelioma, and other cancers due to said exposure to products manufactured, sold, and distributed by the named Defendants;

(h)    Past and future loss of the care, maintenance services, support, advice, counsel, and consortium which Plaintiff's spouse would have received from Plaintiff JOE P. FREEMAN prior to his illness and disability caused by his exposure to asbestos; and

(i)    Plaintiffs seek punitive and exemplary damages.

61.    By their acts and omissions described herein, Defendants intentionally, knowingly, and recklessly caused serious bodily injury to Plaintiff JOE P. FREEMAN within the meaning of Tex.Civ.Prac.& Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

62.    Plaintiffs filed suit within two (2) years of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action.

63.    Plaintiff JOE P. FREEMAN discovered his injury and its cause less then two years prior to the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

### XIII.

### JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

**WATERS & KRAUS, LLP**

*/S/ JULIE L. CELUM*
**JULIE L. CELUM**
State Bar No. 24031924
PETER A. KRAUS
State Bar No. 11712980
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

-and-

**PAUL D. HENDERSON, P. C.**
PAUL D. HENDERSON
712 West Division
Orange, TX 77630
(409) 883-9355
(409) 883-8377 Fax

**ATTORNEYS FOR PLAINTIFFS**

JURY

## U.S. District Court [LIVE]
### Eastern District of TEXAS (Beaumont)
### CIVIL DOCKET FOR CASE #: 1:10-cv-00792-RC

Freeman et al v. AMF Incorporated et al
Assigned to: Judge Ron Clark
Demand: $75,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 12/08/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Joe P Freeman**                    represented by   **Julie Lynn Celum**
                                                      Waters & Kraus LLP
                                                      3219 McKinney Ave
                                                      Suite 3000
                                                      Dallas, TX 75204
                                                      214-357-6244
                                                      Fax: 214-357-7252
                                                      Email: jcelum@waterskraus.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Paul Dunford Henderson**
                                                      Attorney at Law
                                                      712 W Division Avenue
                                                      Orange, TX 77630-6320
                                                      409/886-0172
                                                      Fax: 409/886-3255
                                                      Email: pdhendersonlaw@aol.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Peter Andrew Kraus**
                                                      Waters & Kraus
                                                      3219 McKinney Avenue
                                                      Suite 3000
                                                      Dallas, TX 75204
                                                      214/357-6244
                                                      Fax: 12143577252
                                                      Email: kraus@waterskraus.com
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gloria K Freeman**                 represented by   **Julie Lynn Celum**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**EXHIBIT**

**2**

tabbies®

**Paul Dunford Henderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Andrew Kraus**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AMF Incorporated**
*sued individually and as successor-in-interest to B&B Engineering and Supply Company, Inc. and B&B Insulators, a New Jersey Corporation*

**Defendant**

**Armstrong International, Inc.**
*a Michigan Corporation*

**Defendant**

**CBS Corporation**
*f/k/a VIACOM, Inc, sued individually and as successor-by-merger to CBS Corporatin f/k/a Westinghouse Electric Corporation, a Delaware Corporation*

**Defendant**

**Crane Co.**
*sued individually and as successor-in-interest to Chapman Valve Co., a Delaware Corporation*

**Defendant**

**The Dow Chemical Company**
*sued individually and as successor-in-interest to Dowtherm, a Delaware Corporation*

**Defendant**

**E.I. Dupont De Nemours and Company**
*a Delaware Corporation*

**Defendant**

**Flowserve US Inc.**
*sued individually and as successor-in-interest to Byron Jackson Pump Co.*

*and Durco International, a Delaware*
*Corporation*

### Defendant

**Flowserve Corporation**
*sued individually and as successor-in-*
*interest to Byron Jackson Pump Co.*
*and Durco International, a New York*
*Corporation*

### Defendant

**Foster Wheeler Energy Corporation**
*a Delaware Corporation*

### Defendant

**Foster Wheeler L L C**
*a Delaware Corporation*

### Defendant

**Goulds Pumps Incorporated**
*a Delaware Corporation*

### Defendant

**Hauck Manufacturing Company**
*a New York Corporation*

### Defendant

**Ingersoll-Rand Company**                represented by    **Laura A Frase**
*a New Jersey Corporation*                                                 Forman Perry Watkins Krutz & Tardy -
                                                                           Dallas
                                                                           2001 Bryan St
                                                                           Suite 1300
                                                                           Dallas, TX 75201
                                                                           214/905-2924
                                                                           Fax: 12149053976
                                                                           Email: dfpruitt@fpwk.com
                                                                           *LEAD ATTORNEY*
                                                                           *ATTORNEY TO BE NOTICED*

### Defendant

**Spirax Sarco, Inc.**
*a Delaware Corporation*

### Defendant

**The William Powell Company**           represented by    **Barbara Jane Barron**
*an Ohio Corporation*                                                    Mehaffy & Weber - Beaumont
                                                                           P.O. Box 16
                                                                           Beaumont, TX 77704-0016
                                                                           409/835-5011

Email:
barbarabarron@mehaffyweber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**
*a Pennsylvania Corporation*

**Defendant**

**John Crane, Inc**
*a Delaware Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/08/2010 | 1 | COMPLAINT against AMF Incorporated, Armstrong International, Inc., CBS Corporation, Crane Co., E.I. Dupont De Nemours and Company, Flowserve Corporation, Flowserve US Inc., Foster Wheeler Energy Corporation, Foster Wheeler L L C, Goulds Pumps Incorporated, Hauck Manufacturing Company, Ingersoll-Rand Company, Inc John Crane, Spirax Sarco, Inc., The Dow Chemical Company, The William Powell Company, Yarway Corporation ( Filing fee $ 350 receipt number 0540-2792631.), filed by Joe P Freeman. (Attachments: # 1 Civil Cover Sheet)(Celum, Julie) (Entered: 12/08/2010) |
| 12/08/2010 | | Case assigned to Judge Ron Clark. (pkb, ) (Entered: 12/08/2010) |
| 12/13/2010 | 2 | E-GOV SEALED SUMMONS Issued and electronically mailed to atty Julie Celum for service in case as to AMF Incorporated, Armstrong International, Inc., CBS Corporation, Crane Co., E.I. Dupont De Nemours and Company. (Attachments: # 1 Summons(es), # 2 Summons(es), # 3 Summons(es), # 4 Summons(es))(pkb, ) (Entered: 12/13/2010) |
| 12/13/2010 | 3 | E-GOV SEALED SUMMONS Issued and electronically mailed to atty Julie Celum for service in case as to Flowserve Corporation, Flowserve US Inc., Foster Wheeler Energy Corporation, Foster Wheeler L L C. (Attachments: # 1 Summons(es), # 2 Summons(es), # 3 Summons(es), # 4 Summons(es))(pkb, ) (Entered: 12/13/2010) |
| 12/13/2010 | 4 | E-GOV SEALED SUMMONS Issued and electronically mailed to attorney Julie Celum for service in case as to Goulds Pumps Incorporated, Hauck Manufacturing Company, Ingersoll-Rand Company, John Crane, Inc, The Dow Chemical Company. (Attachments: # 1 Summons(es), # 2 Summons(es), # 3 Summons(es), # 4 Summons(es))(pkb, ) (Entered: 12/13/2010) |
| 12/13/2010 | 5 | E-GOV SEALED SUMMONS Issued and electronically mailed to atty Julie Celum for service in case as to Spirax Sarco, Inc., The William Powell Company, Yarway Corporation. (Attachments: # 1 Summons(es), # 2 Summons(es))(pkb, ) (Entered: 12/13/2010) |
| 12/23/2010 | 6 | MOTION to Dismiss *Under Rules 8, 9 and 12(b)(6)* by The William Powell Company. (Attachments: # 1 Text of Proposed Order Order)(Barron, Barbara) |

| | | (Entered: 12/23/2010) |
|---|---|---|
| 12/23/2010 | 7 | CORPORATE DISCLOSURE STATEMENT filed by The William Powell Company (Barron, Barbara) (Entered: 12/23/2010) |
| 12/23/2010 | 8 | *Original* ANSWER to 1 Complaint,, *Subject to Motion to Dismiss Under Rules 8, 9, and 12(b)(6)* by The William Powell Company.(Barron, Barbara) (Entered: 12/23/2010) |
| 12/23/2010 | 9 | MOTION for Summary Judgment *Based on Affirmative Defenses of Claim Preclusion and Issue Preclusion Subject to Motion to Dismiss Under Rules 8, 9, and 12(b)(6)* by The William Powell Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Affidavit of Barbara Barron)(Barron, Barbara) Modified on 12/27/2010 (tkd, ). (Entered: 12/23/2010) |
| 12/23/2010 | 10 | Proposed Order re 9 MOTION for Summary Judgment *Based on Affirmative Defenses of Claim Preclusion and Issue Preclusion Subject to Motion to Dismiss Under Rules 8, 9, and 12(b)(6).* (Barron, Barbara) Modified on 12/27/2010 (tkd, ). (Entered: 12/23/2010) |
| 01/03/2011 | 11 | ***FILED IN ERROR. PLEASE IGNORE.*** First MOTION to Dismiss by Ingersoll-Rand Company. (Attachments: # 1 Text of Proposed Order)(Frase, Laura) Modified on 1/3/2011 (bjc, ). (Entered: 01/03/2011) |
| 01/03/2011 | 12 | ***FILED IN ERROR. PLEASE IGNORE.*** *Original* ANSWER to 1 Complaint,, *Subject to its Motion to Dismiss Plaintiffs' Original Complaint* by Ingersoll-Rand Company.(Frase, Laura) Modified on 1/4/2011 (bjc, ). (Entered: 01/03/2011) |
| 01/03/2011 | 13 | CORPORATE DISCLOSURE STATEMENT filed by Ingersoll-Rand Company (Frase, Laura) (Entered: 01/03/2011) |
| 01/03/2011 | | NOTICE of Deficiency regarding Doc# 11 motion to dismiss submitted by Ingersoll-Rand Company. (pdf not searchable). Correction should be made by 1/4/2011 (bjc, ) (Entered: 01/03/2011) |
| 01/03/2011 | 14 | NOTICE by Ingersoll-Rand Company *of Tag-Along Action* (Frase, Laura) (Entered: 01/03/2011) |
| 01/04/2011 | | NOTICE of Deficiency regarding Doc# 12 ans and motion submitted by Ingersoll-Rand Company. (pdf not searchable). Correction should be made by 1/5/2011 (bjc, ) (Entered: 01/04/2011) |
| 01/04/2011 | 15 | *Original* ANSWER to 1 Complaint,, *and Motion to Dismiss* by Ingersoll-Rand Company. (Attachments: # 1 Supplement, # 2 Text of Proposed Order)(Frase, Laura) (Entered: 01/04/2011) |

**PACER Service Center**

| Transaction Receipt | | | |
|---|---|---|---|
| 01/04/2011 14:20:58 | | | |
| PACER Login: | ks0036 | Client Code: | dupont-freeman |
| Description: | Docket Report | Search Criteria: | 1:10-cv-00792-RC |
| Billable Pages: | 3 | Cost: | 0.24 |