ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:10-cv-05931-WHA

Benesole v. CBS Corporation et al
Assigned to: Hon. William H. Alsup
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 12/28/2010
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

## In Re

**Honeywell International, Inc.**

## Plaintiff

**John Benesole**                    represented by  **Alan R. Brayton**
                                                      Brayton Purcell LLP
                                                      222 Rush Landing Road
                                                      P.O. Box 6169
                                                      Novato, CA 94948-6169
                                                      415-898-1555
                                                      Fax: 415-898-1247
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David R. Donadio**
                                                      Brayton Purcell LLP
                                                      222 Rush Landing Road
                                                      Novato, CA 94948-6169
                                                      (415) 898-1555
                                                      Fax: 415-898-1247
                                                      Email: DDonadio@braytonlaw.com
                                                      *ATTORNEY TO BE NOTICED*

V.

## Defendant

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

## Defendant

**Borg-Warner Corporation**
*By its Successor in Interest,*
*Borgwarner Morse Tec Inc.*

## Defendant

Goodrich Corporation

**Defendant**

**Goodyear Tire & Rubber Company, The**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Lockheed Martin Corporation**

**Defendant**

**United Technologies Corporation**

**Defendant**

**Northrop Grumman Corporation**

**Defendant**

**Curtiss-Wright Corporation**

**Defendant**

**Hawker Beechcraft Corporation**

**Defendant**

**McDonnell Douglas Corporation**

**Defendant**

**Rolls-Royce Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/03/2011 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. William H. Alsup for all further proceedings. Magistrate Judge Joseph C. Spero no longer assigned to the case. Signed by Executive Committee on 1/3/11. (mab, COURT STAFF) (Filed on 1/3/2011) (Entered: 01/03/2011) |
| 01/03/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klhS, COURT STAFF) (Filed on 1/3/2011) (Entered: 01/03/2011) |
| 12/28/2010 | | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |
| 12/28/2010 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 4/1/2011. Case Management Conference set for 4/8/2011 01:30 PM in Courtroom A, 15th Floor, San Francisco. (gba, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |
| 12/28/2010 | 5 | Summons Issued as to Borg-Warner Corporation, CBS Corporation, Curtiss- |

| | | |
|---|---|---|
| | | Wright Corporation, Goodrich Corporation, Goodyear Tire & Rubber Company, The, Hawker Beechcraft Corporation, Honeywell International, Inc., Lockheed Martin Corporation, McDonnell Douglas Corporation, Metropolitan Life Insurance Company, Northrop Grumman Corporation, Rolls-Royce Corporation, United Technologies Corporation. (gba, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |
| 12/28/2010 | 4 | NOTICE of Tag-Along Action by John Benesole (gba, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |
| 12/28/2010 | 3 | Certificate of Interested Entities by John Benesole (gba, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |
| 12/28/2010 | 2 | Declination to Proceed Before a U.S. Magistrate Judge by John Benesole. (gba, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |
| 12/28/2010 | 1 | COMPLAINT for Asbestos Personal Injury/Products Liability; Demand for Jury Trial against Borg-Warner Corporation, CBS Corporation, Curtiss-Wright Corporation, Goodrich Corporation, Goodyear Tire & Rubber Company, The, Hawker Beechcraft Corporation, Honeywell International, Inc., Lockheed Martin Corporation, McDonnell Douglas Corporation, Metropolitan Life Insurance Company, Northrop Grumman Corporation, Rolls-Royce Corporation, United Technologies Corporation (Filing fee $ 350.00, receipt number 34611054382). Filed by John Benesole. (Attachments: # 1 Civil Cover Sheet) (gba, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/04/2011 13:39:20 | | | |
| PACER Login: | bp0355 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:10-cv-05931-WHA |
| Billable Pages: | 2 | Cost: | 0.16 |

ORIGINAL
FILED

2010 DEC 28 P 1: 4~

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiff

E-filing

JCS

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  JOHN BENESOLE,                          )
                                            )   No. CV10  5931
12              Plaintiff,                   )
                                            )
13  vs.                                      )   COMPLAINT FOR ASBESTOS
                                            )   PERSONAL INJURY/ PRODUCTS
14  CBS CORPORATION (FKA VIACOM             )   LIABILITY; DEMAND FOR JURY TRIAL
    INC., FKA WESTINGHOUSE                   )
15  ELECTRIC CORPORATION),                   )
    HONEYWELL INTERNATIONAL, INC.,           )
16  BORG-WARNER CORPORATION BY               )
    ITS SUCCESSOR IN INTEREST,               )
17  BORGWARNER MORSE TEC INC.,               )
    GOODRICH CORPORATION,                    )
18  GOODYEAR TIRE & RUBBER                    )
    COMPANY, THE, METROPOLITAN               )
19  LIFE INSURANCE COMPANY,                   )
    LOCKHEED MARTIN CORPORATION,             )
20  UNITED TECHNOLOGIES                       )
    CORPORATION, NORTHROP                     )
21  GRUMMAN CORPORATION;                      )
    CURTISS-WRIGHT CORPORATION;               )
22  HAWKER BEECHCRAFT                          )
    CORPORATION; MCDONNELL                    )
23  DOUGLAS CORPORATION and                   )
    ROLLS-ROYCE CORPORATION,                  )
24                                            )
                Defendants.                   )
25

26

27  ///

28  ///

K:\Injured\114477\FED\PLD\cmp fed (pi).wpd                1

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

## I.

## PARTIES

1.      Plaintiff in this action, JOHN BENESOLE, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.

2.      Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

3.      The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

4.      All of Plaintiff's claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative, progressive, incurable lung diseases.

5.      Plaintiff claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6.      As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff.

7.      Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

///

**II.**

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

8.    Jurisdiction: Plaintiff JOHN BENESOLE is a citizen of the State of Florida.

Defendants are each corporations incorporated under the laws of and having its principal

places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | New York |
| HONEYWELL INTERNATIONAL, INC. | New Jersey |
| BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC. | Michigan |
| GOODRICH CORPORATION | New York |
| GOODYEAR TIRE & RUBBER COMPANY, THE | Ohio |
| METROPOLITAN LIFE INSURANCE COMPANY | New York |
| LOCKHEED MARTIN CORPORATION | Maryland |
| UNITED TECHNOLOGIES CORPORATION | Connecticut |
| NORTHROP GRUMMAN CORPORATION | California |
| CURTISS-WRIGHT CORPORATION | New Jersey |
| HAWKER BEECHCRAFT CORPORATION | Kansas |
| MCDONNELL DOUGLAS CORPORATION | Illinois |
| ROLLS-ROYCE CORPORATION | Virginia |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

between citizens of different states in which the matter in controversy exceeds, exclusive of costs

and interest, seventy-five thousand dollars.

9.    Venue / Intradistrict Assignment. Venue is proper in the Northern District of

California and assignment to the San Francisco Division of said district is proper as a substantial

part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred

within the County of San Francisco, California, and Defendants are subject to personal

jurisdiction in this district at the time the action is commenced.

///

**III.**

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF JOHN BENESOLE COMPLAINS OF DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), HONEYWELL INTERNATIONAL, INC., BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC., GOODRICH CORPORATION, GOODYEAR TIRE & RUBBER COMPANY, THE, METROPOLITAN LIFE INSURANCE COMPANY, LOCKHEED MARTIN CORPORATION, UNITED TECHNOLOGIES CORPORATION, NORTHROP GRUMMAN CORPORATION; CURTISS-WRIGHT CORPORATION; HAWKER BEECHCRAFT CORPORATION; MCDONNELL DOUGLAS CORPORATION and ROLLS-ROYCE CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10.    At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof,

1    assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

2    venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

3    entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

4    designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

5    sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

6    rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

7    products containing asbestos. The following defendants, and each of them, are liable for the acts

8    of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

9    destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

10   of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

11   ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

12   such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

13   role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

14   originally attached to each such ALTERNATE ENTITY:

15   **DEFENDANT**                                      **ALTERNATE ENTITY**

16   CBS CORPORATION (F/K/A VIACOM          VIACOM, INC.
     INC., F/K/A WESTINGHOUSE               CBS CORPORATION
17   ELECTRIC CORPORATION)                  WESTINGHOUSE ELECTRIC CORPORATION
                                            WESTINGHOUSE ELECTRIC AND
18                                          MANUFACTURING COMPANY
                                            B.F. STURTEVANT
19                                          KPIX TELEVISION STATION
                                            PARAMOUNT COMMUNICATIONS, INC
20                                          GULF & WESTERN INDUSTRIES, INC.
                                            NORTH & JUDD MANUFACTURING COMPANY
21
     BORG-WARNER CORPORATION BY             BORG-WARNER CORPORATION
22   ITS SUCCESSOR IN INTEREST,             AP BORG & BECK
     BORGWARNER MORSE TEC INC.              BORG & BECK
23                                          YORK BORG WARNER

24   GOODRICH CORPORATION                   B.F. GOODRICH CORPORATION
                                            GARLOCK SEALING TECHNOLOGIES, LLC
25                                          COLTEC INDUSTRIES, INC.
                                            COLT INDUSTRIES
26
     THE GOODYEAR TIRE & RUBBER             GOODYEAR AEROSPACE CORP.
27   COMPANY                                LOCKHEED MARTIN TACTICAL SYSTEMS, INC.
                                            LORAL CORPORATION
28                                          AIRCRAFT BRAKING SYSTEMS CORP.

K:\Injured\11447\FED\PLD\cmp fed (pi).wpd                5
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| DEFENDANT | ALTERNATE ENTITY (CONT'D) |
|---|---|
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | AIRESEARCH DOMESTIC INTERNATIONAL SALES |
| | CORPORATION |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| | UNION TEXAS NATURAL GAS CORPORATION |
| | UNION OIL AND GAS OF LOUISIANA |
| | UNION SULPHUR AND OIL CORPORATION |
| | UNION SULPHUR COMPANY, INC., THE |
| | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | SIGNAL COMPANIES, INC., THE |
| | HANCOCK OIL COMPANY |
| | BARRETT DIVISION, ALLIED CHEMICAL & DYE |
| | CORPORATION |
| | SIGNAL COMPANIES, INC., THE |
| | SIGNAL OIL & GAS CO. |
| | BANKLINE OIL COMPANY |
| LOCKHEED MARTIN CORPORATION | LOCKHEED CORPORATION |
| | LOCKHEED MISSILES & SPACE CO., INC. |
| | LOCKHEED AIRCRAFT CORPORATION |
| | LOCKHEED PROPULSION COMPANY |
| | GLENN L. MARTIN AIRCRAFT COMPANY |
| | LOCKHEED MARTIN TACTICAL SYSTEMS, INC. |
| | LORAL CORPORATION |
| UNITED TECHNOLOGIES CORPORATION | UNITED AIRCRAFT CORPORATION |
| | UNITED AIRCRAFT & TRANSPORT CORPORATION |
| | PRATT & WHITNEY |
| | HAMILTON STANDARD CO. |
| | SIKORSKY AIRCRAFT CORP. |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| DEFENDANT | ALTERNATE ENTITY (CONT'D) |
|---|---|
| NORTHROP GRUMMAN CORPORATION | NORTHROP CORPORATION<br>CALIFORNIA SHIPBUILDING CORPORATION<br>GRUMMAN AEROSPACE CORPORATION<br>LITTON INDUSTRIES, INC.<br>LITTON APPLIED TECHNOLOGY |
| CURTISS-WRIGHT CORPORATION | WRIGHT AERONAUTICAL<br>WRIGHT AERO<br>CURTIS AIRCRAFT<br>CURTISS-WRIGHT FLOW CONTROL CORPORATION<br>FARRIS ENGINEERING COMPANY |
| HAWKER BEECHCRAFT CORPORATION | RAYTHEON AIRCRAFT COMPANY<br>BEECH AIRCRAFT CORPORATION |
| MCDONNELL DOUGLAS CORPORATION | DOUGLAS AIRCRAFT COMPANY<br>BOEING NORTH AMERICAN, INC.<br>CONSOLIDATED AIRCRAFT |

11. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12. At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter

1  collectively called "exposed persons"), while being used in a manner that was reasonably
2  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by
3  "exposed persons".

4       13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
5  exercise due care in the pursuance of the activities mentioned above and defendants, and each of
6  them, breached said duty of due care.

7       14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
8  have known, and intended that the aforementioned asbestos and products containing asbestos and
9  related products and equipment, would be transported by truck, rail, ship, and other common
10 carriers, that in the shipping process the products would break, crumble, or be otherwise
11 damaged; and/or that such products would be used for insulation, construction, plastering,
12 fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
13 limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
14 breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
15 release of airborne asbestos fibers, and that through such foreseeable use and/or handling
16 "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to
17 said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
18 persons working in proximity to said products, directly or through reentrainment.

19      15.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-
20 containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's
21 exposure to asbestos and asbestos-containing products is on current information as set forth at
22 various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and
23 incorporated by reference herein.

24      16.     As a direct and proximate result of the acts, omissions, and conduct of the
25 defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure
26 to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
27 or harm to the plaintiff as set forth in **Exhibit A**, attached to Plaintiff's complaint and
28 incorporated by reference herein.

1    17.    Plaintiff is informed and believes, and thereon alleges, that progressive lung

2 disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

3 without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

4 asbestos and asbestos-containing products over a period of time.

5    18.    Plaintiff suffers from a condition related to exposure to asbestos and asbestos-

6 containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-

7 containing products presented risk of injury and/or disease.

8    19.    As a direct and proximate result of the aforesaid conduct of defendants, their

9 ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,

10 permanent injuries and/or future increased risk of injuries to their persons, body and health,

11 including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and

12 emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to

13 Plaintiff's general damage.

14    20.    As a direct and proximate result of the aforesaid conduct of the defendants, their

15 "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur

16 in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays

17 and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this

18 time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost

19 thereof is ascertained.

20    21.    As a further direct and proximate result of the said conduct of the defendants,

21 their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature

22 and extent of which are not yet known to Plaintiff; and leave is requested to amend this

23 complaint to conform to proof at the time of trial.

24    22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

25 directors and managing agents participated in, authorized, expressly and impliedly ratified, and

26 had full knowledge of, or should have known of, each of the acts set forth herein.

27    23.    Defendants, their "alternate entities," and each of them, are liable for the

28 fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

1  and each defendant's officers, directors and managing agents participated in, authorized,
2  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
3  each of their ALTERNATE ENTITIES as set forth herein.

4    24.   The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
5  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
6  disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of
7  example and by way of punishing said defendants, seeks punitive damages according to proof.

8    WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
9  each of them, as hereinafter set forth.

10          SECOND CAUSE OF ACTION
                (Products Liability)
11

12    AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
13  ACTION FOR PRODUCTS LIABILITY, PLAINTIFF JOHN BENESOLE COMPLAINS OF
14  DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE
15  ELECTRIC CORPORATION), HONEYWELL INTERNATIONAL, INC., BORG-WARNER
16  CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.,
17  GOODRICH CORPORATION, GOODYEAR TIRE & RUBBER COMPANY, THE,
18  METROPOLITAN LIFE INSURANCE COMPANY, LOCKHEED MARTIN CORPORATION,
19  UNITED TECHNOLOGIES CORPORATION, NORTHROP GRUMMAN CORPORATION;
20  CURTISS-WRIGHT CORPORATION; HAWKER BEECHCRAFT CORPORATION;
21  MCDONNELL DOUGLAS CORPORATION and ROLLS-ROYCE CORPORATION, THEIR
22  "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

23    25.   Plaintiff incorporates herein by reference, as though fully set forth herein, the
24  allegations contained in each paragraph of the First Cause of Action herein.

25    26.   Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended
26  that the above-referenced asbestos and asbestos-containing products would be used by the
27  purchaser or user without inspection for defects therein or in any of their component parts and
28  without knowledge of the hazards involved in such use.

1    27.    Said asbestos and asbestos-containing products were defective and unsafe for their
2 intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The
3 defect existed in the said products at the time they left the possession of defendants, their
4 "alternate entities," and each of them. Said products did, in fact, cause personal injuries,
5 including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff
6 herein, while being used in a reasonably foreseeable manner, thereby rendering the same
7 defective, unsafe and dangerous for use.

8    28.    "Exposed persons" did not know of the substantial danger of using said products.
9 Said dangers were not readily recognizable by "exposed persons". Said defendants, their
10 ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
11 which Plaintiff and others similarly situated were exposed.

12    29.    In researching, manufacturing, fabricating, designing, modifying, testing or failing
13 to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
14 sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
15 marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
16 and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
17 did so with conscious disregard for the safety of "exposed persons" who came in contact with
18 said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
19 ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
20 death resulting from exposure to asbestos or asbestos-containing products, including, but not
21 limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
22 from scientific studies performed by, at the request of, or with the assistance of, said defendants,
23 their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
24 defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

25    30.    On or before 1930, and thereafter, said defendants, their ALTERNATE
26 ENTITIES and each of them, were aware that members of the general public and other "exposed
27 persons", who would come in contact with their asbestos and asbestos-containing products, had
28 no knowledge or information indicating that asbestos or asbestos-containing products could

1  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
2  members of the general public and other "exposed persons", who came in contact with asbestos
3  and asbestos-containing products, would assume, and in fact did assume, that exposure to
4  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
5  hazardous to health and human life.

6      31.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
7  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
8  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
9  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
10  asbestos-containing products without attempting to protect "exposed persons" from or warn
11  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
12  asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
13  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
14  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
15  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
16  and suppressed said knowledge from "exposed persons" and members of the general public, thus
17  impliedly representing to "exposed persons" and members of the general public that asbestos and
18  asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
19  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
20  representations with the knowledge of the falsity of said implied representations.

21      32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
22  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
23  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
24  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
25  sale, inspection, installation, contracting for installation, repair, marketing, warranting,
26  rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
27  containing products. In pursuance of said financial motivation, said defendants, their
28  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

1 persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
2 containing products to cause injury to "exposed persons" and induced persons to work with and
3 be exposed thereto, including Plaintiff.

4       33.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE
5 ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
6 products to be safe for their intended use but that their asbestos and asbestos-containing products,
7 created an unreasonable risk of bodily harm to exposed persons.

8       34.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
9 and various asbestos-containing products manufactured, fabricated, inadequately researched,
10 designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
11 for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,
12 marketed, warranted, rebranded, manufactured for others, packaged and advertised by the
13 aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff
14 cannot identify precisely which asbestos or asbestos-containing products caused the injuries
15 complained of herein.

16      35.     Plaintiff relied upon defendants', their "alternate entities'", and each of their
17 representations, lack of warnings, and implied warranties of fitness of asbestos and their
18 asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has
19 been injured permanently as alleged herein.

20      36.     As a direct and proximate result of the actions and conduct outlined herein,
21 Plaintiff has suffered the injuries and damages previously alleged.

22      WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE
23 ENTITIES, and each of them, as hereinafter set forth.

24                                    **IV.**

25                                  **PRAYER**

26      WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE
27 ENTITIES, and each of them in an amount to be proved at trial, as follows:

28      (a)     For Plaintiff's general damages according to proof;

K:\Injured\14477\FED\PLD\cmp fed (pi).wpd          13
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1    (b)    For Plaintiff's loss of income, wages and earning potential according to proof;

2    (c)    For Plaintiff's medical and related expenses according to proof;

3    (d)    For Plaintiff's cost of suit herein;

4    (e)    For exemplary or punitive damages according to proof;

5    (f)    For damages for fraud according to proof; and

6    (g)    For such other and further relief as the Court may deem just and proper, including

7           costs and prejudgment interest.

8

9  Dated: 12/19/10                         BRAYTON❖PURCELL LLP

10

11                                         By:

12                                            David R. Donadio
                                              Attorneys for Plaintiff

13

14

15                                  JURY DEMAND

16     Plaintiff hereby demands trial by jury of all issues of this cause.

17

18  Dated: 12/19/10                        BRAYTON❖PURCELL LLP

19

20                                         By:

21                                            David R. Donadio
                                              Attorneys for Plaintiff

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1                               EXHIBIT A

2 Plaintiff: JOHN BENESOLE

3

4 Plaintiff's injuries: Plaintiff's exposure to asbestos and asbestos-containing products caused

5 severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties,

6 asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma,

7 lung cancer and various other cancers. Plaintiff was diagnosed with lung cancer in 1995 and

8 with Asbestosis in 2001.

9

10 Retirement Status: The Injured Party retired from his last place of employment as a result of

11 becoming disabled due to an illness not related to asbestos. He has therefore suffered no

12 disability from his asbestos-related disease as "disability" is defined in California Code of Civil

13 Procedure § 340.2.

14

15 Defendants: Plaintiff contends that the asbestos-containing products to which he was or may

16 have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by

17 Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and

18 involved exposure to dust created by the contractors and the products of the entities listed below.

19 The exposure includes, but is not limited, to the following presently known contractors and the

20 manufacturers and distributors of asbestos-containing products:

21

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Station/Naval Station Great Lakes, IL | Trainee | 9/27/1947 - 1/1948 |

Job Duties: Plaintiff completed basic training at this location. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this military service.

27 ///

28 ///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station Cecil Field Jacksonville, FL | Trainee | 1/1948 (approximately 10 weeks) |

Job Duties: Plaintiff completed aviation fundamental training in the classroom. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Technical Training Center Memphis, TN | Trainee | 4/1948 - 10/1948 |

Job Duties: Plaintiff trained as an aircraft mechanic on individual aircraft components, and removed and replaced asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.) and BF GOODRICH (GOODRICH CORPORATION) brakes, performed maintenance on several PRATT & WHITNEY (UNITED TECHNOLOGIES CORPORATION) engines, including WRIGHT-R 1820 "CYCLONE 9"; WRIGHT R 2800 "DOUBLE WASP"; WRIGHT R- 3350 "DUPLEX CYCLONE" valve covers and hydraulic systems, scraping off and replacing asbestos-containing gaskets and seals manufactured by GARLOCK (GARLOCK SEALING TECHNOLOGIES, LLC). Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | U.S. Naval Air Station Key West, FL | Aircraft Mechanic | 11/1948 - 9/1951 |
|  | KEARSARGE (CV-33) |  | 1949 - 1950 (approximately 4 months) |

Job Duties: Plaintiff worked as an aircraft mechanic at the Naval Air Station and on the KEARSARGE (CV-33). Plaintiff repaired engines and brakes on several GRUMMAN F6 F "HELLCAT"(GRUMMAN AEROSPACE CORPORATION) and F8F "BEARCAT" (GRUMMAN AEROSPACE CORPORATION) airplanes each containing one PRATT & WHITNEY engine; DOUGLAS A-1 (formerly AD) "SKYRAIDER" containing one WRIGHT (CURTISS-WRIGHT CORPORATION) radial engine, and several BEECHCRAFT (BEECH AIRCRAFT CORPORATION) aircraft. Plaintiff disassembled and overhauled engines, removed and replaced asbestos-containing gaskets and disturbed asbestos-containing material between the engine cowling when accessing engine components. Plaintiff removed and replaced asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.), GOODYEAR ((GOODYEAR TIRE & RUBBER COMPANY, THE)) and BF GOODRICH (GOODRICH CORPORATION) brakes. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this military service.

///

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fairwell & Holt Philadelphia, PA | Housing project Valley Forge, PA | Laborer | 1950 - 1951 (approx. 1 year) |

Job Duties: Plaintiff installed HVAC ducts in a large housing project during new construction. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Piasecki Aircraft Corp. Morton, PA | Piasecki Aircraft Corp. Morton, PA | Assembler | 1951 - 1952 (approximately 1½ years) |

Job Duties: Plaintiff worked at the helicopter manufacturing factory. Plaintiff assembled pieces of metal fuselage and metal brackets. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Kaiser Aircraft and Electronics Corporation Bristol, PA | Kaiser Aircraft and Electronics Corporation Bristol, PA | Assembler | 1952 - 7/1955 |

Job Duties: Plaintiff worked on the rear sections of Republic F-84 "Thunderjet" aircraft. Plaintiff performed metal fuselage work with metal sheets and rivets. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Al Snyder Oxford Valley, PA | Al Snyder Oxford Valley, PA | Aircraft Mechanic | 7/1955 -1957 (approximately 1½ years) |

Job Duties: Plaintiff metalized fabric aircraft. Plaintiff removed and replaced asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.), RAYBESTOS (RAYMARK INDUSTRIES, INC.), GOODYEAR (GOODYEAR TIRE & RUBBER COMPANY, THE) and BF GOODRICH (GOODRICH CORPORATION) brakes. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Flight Enterprise Wrightstown, NJ | US Air Force McGuire AFB, NJ | Aircraft Mechanic | 1957 - 1958 (approximately 1 year) |

K:\Injured\114477\FED\PLD\cmp fed (pi).wpd     18
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

Job Duties: Plaintiff performed mechanical work on approximately 15 DOUGLAS (DOUGLAS AIRCRAFT COMPANY) DC-6 airplanes containing four PRATT & WHITNEY engines. Plaintiff disassembled and overhauled engines, removed and replaced asbestos-containing gaskets and seals manufactured by GARLOCK (GARLOCK SEALING TECHNOLOGIES, and disturbed asbestos-containing material between the engine cowling when accessing engine components. Plaintiff removed and replaced asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.) and BF GOODRICH (GOODRICH CORPORATION) brakes. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fischbach Moore and Telpson | BOMARC Missile Site US Air Force McGuire AFB, NJ | Inspector | 1958 - 1959 (approximately 1 year) |

Job Duties: Plaintiff worked as an inspector on new construction during the BOMARC Missile Project. Plaintiff inspected connections on hydraulic and Nitrogen pipes for the missile. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Foster Wheeler | BOMARC Missile Site US Air Force Dow AFB Bangor, ME | Inspector | 1959- 1960 (approximately 1 year) |

Job Duties: Plaintiff worked as an inspector on new construction during the BOMARC Missile Project. Plaintiff inspected connections on hydraulic and Nitrogen pipes for the missile. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| TEMCO Texas Engineering and Manufacturing Company, Texas | US Air Force McGuire AFB, NJ | Aircraft Mechanic | 9/1960 - 9/1961 (approximately 1 year) |

Job Duties: Plaintiff performed mechanical work, using the Progressive Aircraft Reconditioning Cycle (PARC SYSTEM) on DOUGLAS (DOUGLAS AIRCRAFT COMPANY) DC-6 airplanes containing four PRATT & WHITNEY engines. Plaintiff disassembled and overhauled engines, removed and replaced asbestos-containing gaskets and seals manufactured by GARLOCK (GARLOCK SEALING TECHNOLOGIES, and disturbed asbestos-containing material between the engine cowling when accessing engine components. Plaintiff removed and replaced asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.) and BF GOODRICH (GOODRICH CORPORATION) brakes. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this employment.

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force Reserve | US Air Force McGuire AFB, NJ | Aircraft Technician | 9/1961 - 1981 |

Job Duties: Plaintiff performed mechanical work on GRUMMAN AEROSPACE CORPORATION C11 "GULFSTREAM II" containing two ROLLS-ROYCE CORPORATION engines; LOCKHEED AIRCRAFT CORPORATION C130 "HERCULES" containing 4 ALLISON ENGINE COMPANY (ROLLS-ROYCE, PLC) Turboprops; and LOCKHEED AIRCRAFT CORPORATION C141 "STARLIFTER" aircraft, containing four PRATT & WHITNEY engines. Plaintiff disassembled and overhauled engines, removed and replaced asbestos-containing gaskets and seals manufactured by GARLOCK (GARLOCK SEALING TECHNOLOGIES), and disturbed asbestos-containing material between the engine cowling when accessing engine components. Plaintiff removed and replaced asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.) and BF GOODRICH (GOODRICH CORPORATION) brakes. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Aviation Supply Office Philadelphia, PA | Administrator | 1966 - 1986 |

Job Duties: Plaintiff worked in an administrative capacity. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

NON-OCCUPATIONAL EXPOSURE:

AUTOMOBILE REPAIR:

From 1955 - 1976, plaintiff performed brake work and clutch work on various personal vehicles. When performing brake jobs, plaintiff used the same routine on each occasion. Plaintiff recalls removing old drum brakes, cleaning the brake assemblies and drums with a brush, a rag and his own breath and installing new drum brakes. When performing clutch jobs, plaintiff disturbed friction disks during the removal and installation process. Plaintiff purchased asbestos-containing replacement brakes manufactured by BENDIX (HONEYWELL INTERNATIONAL, INC.) and RAYBESTOS (RAYMARK INDUSTRIES, INC.) and asbestos-containing replacement clutches manufactured by BORG-WARNER (BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.). Plaintiff performed repair on the following personal vehicles:

1946 Ford purchased used. Plaintiff performed both brake and clutch replacements in the 1950s.

1953 Plymouth purchased used. Plaintiff performed both brake and clutch replacements in the 1960s.

1954 Ford purchased used. Plaintiff performed both brake and clutch replacements in the 1950s.

3 1960s Dodge automobiles purchased used. Plaintiff performed both brake and clutch replacements in the 1960s.

1  1960 DODGE (CHRYSLER LLC) purchase new. Plaintiff performed both brake and clutch
   replacements in the 1960s and 1970s, including removal and replacement of original
2  manufacturer's parts.

3  Plaintiff currently contends he was exposed to asbestos during these automobile repairs.

4

5

   HOME REMODEL:
6
   In approximately 1956, working at him home - 73 Thorny Apple Lane, Levittown, Pennsylvania,
7  plaintiff cut with a circular saw and removed 4 x 8 foot sheets of asbestos siding manufactured
   by JOHNS MANVILLE.
8
   Plaintiff currently contends he was exposed to asbestos during this home remodel work.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL