ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:10-cv-05932-JSW

| | |
|---|---|
| Turner v. General Electric Company et al | Date Filed: 12/28/2010 |
| Assigned to: Hon. Jeffrey S. White | Jury Demand: Plaintiff |
| Cause: 28:1331 Fed. Question: Personal Injury | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**George W. Turner**            represented by **David R. Donadio**
                                                Brayton Purcell LLP
                                                222 Rush Landing Road
                                                Novato, CA 94948-6169
                                                (415) 898-1555
                                                Fax: 415-898-1247
                                                Email: DDonadio@braytonlaw.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Alan R. Brayton**
                                                Brayton Purcell LLP
                                                222 Rush Landing Road
                                                P.O. Box 6169
                                                Novato, CA 94948-6169
                                                415-898-1555
                                                Fax: 415-898-1247
                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 01/04/2011 | <u>8</u> | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings. Magistrate Judge Laurel Beeler no longer assigned to the case. Signed by the Executive Committee on January 4, 2011. (cjl, COURT STAFF) (Filed on 1/4/2011) (Entered: 01/04/2011) |

| 01/03/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (ls, COURT STAFF) (Filed on 1/3/2011) (Entered: 01/03/2011) |
| 12/28/2010 | | CASE DESIGNATED for Electronic Filing. (cjl, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |
| 12/28/2010 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 4/14/2011. Case Management Conference set for 4/21/2011 01:30 PM in Courtroom 4, 3rd Floor, Oakland. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 12/28/2010) (Entered: 12/29/2010) |
| 12/28/2010 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by George W. Turner. (cjl, COURT STAFF) (Filed on 12/28/2010) (cjl, COURT STAFF). (Entered: 12/29/2010) |
| 12/28/2010 | 4 | Summons Issued as to Foster Wheeler LLC, General Electric Company. (cjl, COURT STAFF) (Filed on 12/28/2010) (cjl, COURT STAFF). (Entered: 12/29/2010) |
| 12/28/2010 | 3 | NOTICE of Tag-Along Action by George W. Turner. (cjl, COURT STAFF) (Filed on 12/28/2010) (cjl, COURT STAFF). (Entered: 12/29/2010) |
| 12/28/2010 | 2 | Certificate of Interested Entities by George W. Turner. (cjl, COURT STAFF) (Filed on 12/28/2010) (cjl, COURT STAFF). (Entered: 12/29/2010) |
| 12/28/2010 | 1 | COMPLAINT (with jury demand) against Foster Wheeler LLC, General Electric Company (Filing fee $350, receipt number 34611054384). Filed by George W. Turner. (cjl, COURT STAFF) (Filed on 12/28/2010) (Additional attachment(s) added on 12/30/2010: # 1 Civil Cover Sheet) (cjl, COURT STAFF). (Entered: 12/29/2010) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/04/2011 13:39:50 | | |
| PACER Login: bp0355 | Client Code: | |
| Description: Docket Report | Search Criteria: | 3:10-cv-05932-JSW |
| Billable Pages: 2 | Cost: | 0.16 |

1 ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
2 BRAYTON❖PURCELL LLP
Attorneys at Law
3 222 Rush Landing Road
P.O. Box 6169
4 Novato, California 94948-6169
(415) 898-1555
5 (415) 898-1247 (Fax No.)

6 Attorneys for Plaintiff

7

ORIGINAL FILED
2010 DEC 28 P 1: 54
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8 **UNITED STATES DISTRICT COURT**

LB

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN FRANCISCO DIVISION**

11 GEORGE W. TURNER,                              )   No. 
                                                )
12            Plaintiff,                         )        **10   5932**
                                                )
13 vs.                                          )   COMPLAINT FOR ASBESTOS
                                                )   PERSONAL INJURY/ PRODUCTS
14 GENERAL ELECTRIC COMPANY,                     )   LIABILITY; DEMAND FOR JURY TRIAL
FOSTER WHEELER LLC (FKA FOSTER                  )
15 WHEELER CORPORATION),                         )
                                                )
16            Defendants.                        )
                                                )

17

18                                    **I.**

19                                 **PARTIES**

20        1.      Plaintiff in this action, GEORGE W. TURNER, has sustained asbestos-related

21 lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

22 asbestos.

23        2.      Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos

24 fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

25        3.      The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit**

26 **A**, attached to Plaintiff's complaint and incorporated by reference herein.

27        4.      All of Plaintiff's claims arise out of repeated exposure to asbestos-containing

28 products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1    maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of

2    toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative,

3    progressive, incurable lung diseases.

4        5.    Plaintiff claims damages for an asbestos-related disease arising from a series of

5    occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing

6    products, when handled in the manner in which they were intended, released harmful asbestos

7    fibers which when inhaled by Plaintiff, caused serious lung disease.

8        6.    As used herein, Plaintiff shall mean the above-captioned asbestos-injured

9    Plaintiff.

10       7.    Plaintiff is informed and believes, and thereon alleges that at all times herein

11   mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole

12   proprietorships and/or other business entities organized and existing under and by virtue of the

13   laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

14   said defendants, and each of them, were and are authorized to do and are doing business in the

15   State of California, and that said defendants have regularly conducted business in the County of

16   San Francisco, State of California.

17                                    II.

18               **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

19       8.    Jurisdiction: Plaintiff GEORGE W. TURNER  is a citizen of the State of

20   Arkansas.

21       Defendants are each corporations incorporated under the laws of and having its principal

22   places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| GENERAL ELECTRIC COMPANY | Connecticut |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |

27   ///

28   ///

K:\Injured.i 13836\FED\cmp fed (pi).wpd                          2
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9. Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF GEORGE W. TURNER COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

1  conduct of each successor, successor in business, successor in product line or a portion thereof,

2  assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

3  venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

4  entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

5  designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

6  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

7  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

8  products containing asbestos. The following defendants, and each of them, are liable for the acts

9  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

10  destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

11  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

12  ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

13  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

14  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

15  originally attached to each such ALTERNATE ENTITY:

16  DEFENDANT                                          ALTERNATE ENTITY

17  GENERAL ELECTRIC COMPANY              MATTERN X-RAY
                                                             HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED
18                                                          TRUMBULL ELECTRIC MANUFACTURING COMPANY
                                                             G E INDUSTRIAL SYSTEMS
19                                                          CURTIS TURBINES
                                                             PARSONS TURBINES
20                                                          GENERAL ELECTRIC JET ENGINES

21  FOSTER WHEELER LLC                             FOSTER WHEELER CORPORATION

22           11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

23  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

24  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

25  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

26  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

27  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

28  ///

1 otherwise directing and/or facilitating the use of, or advertising a certain product, namely
2 asbestos and other products containing asbestos.

3       12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
4 each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
5 fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
6 to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
7 supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
8 installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
9 rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
10 and other products containing asbestos, in that said products caused personal injuries to users,
11 consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter
12 collectively called "exposed persons"), while being used in a manner that was reasonably
13 foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by
14 "exposed persons".

15       13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
16 exercise due care in the pursuance of the activities mentioned above and defendants, and each of
17 them, breached said duty of due care.

18       14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
19 have known, and intended that the aforementioned asbestos and products containing asbestos and
20 related products and equipment, would be transported by truck, rail, ship, and other common
21 carriers, that in the shipping process the products would break, crumble, or be otherwise
22 damaged; and/or that such products would be used for insulation, construction, plastering,
23 fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
24 limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
25 breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
26 release of airborne asbestos fibers, and that through such foreseeable use and/or handling
27 "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to
28 ///

1  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
2  persons working in proximity to said products, directly or through reentrainment.

3         15.    Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-
4  containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's
5  exposure to asbestos and asbestos-containing products is on current information as set forth at
6  various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and
7  incorporated by reference herein.

8         16.    As a direct and proximate result of the acts, omissions, and conduct of the
9  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure
10  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
11  or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and
12  incorporated by reference herein.

13         17.    Plaintiff is informed and believes, and thereon alleges, that progressive lung
14  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
15  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
16  asbestos and asbestos-containing products over a period of time.

17         18.    Plaintiff suffers from a condition related to exposure to asbestos and asbestos-
18  containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-
19  containing products presented risk of injury and/or disease.

20         19.    As a direct and proximate result of the aforesaid conduct of defendants, their
21  ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,
22  permanent injuries and/or future increased risk of injuries to their persons, body and health,
23  including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and
24  emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to
25  Plaintiff's general damage.

26         20.    As a direct and proximate result of the aforesaid conduct of the defendants, their
27  "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur
28  in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays

1  and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this
2  time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost
3  thereof is ascertained.

4      21.    As a further direct and proximate result of the said conduct of the defendants,
5  their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature
6  and extent of which are not yet known to Plaintiff; and leave is requested to amend this
7  complaint to conform to proof at the time of trial.

8      22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
9  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
10  had full knowledge of, or should have known of, each of the acts set forth herein.

11      23.    Defendants, their "alternate entities," and each of them, are liable for the
12  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
13  and each defendant's officers, directors and managing agents participated in, authorized,
14  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
15  each of their ALTERNATE ENTITIES as set forth herein.

16      24.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
17  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
18  disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of
19  example and by way of punishing said defendants, seeks punitive damages according to proof.

20      WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
21  each of them, as hereinafter set forth.

22
<div align="center">

SECOND CAUSE OF ACTION
(Products Liability)
</div>

23

24      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
25  ACTION FOR PRODUCTS LIABILITY, PLAINTIFF GEORGE W. TURNER  COMPLAINS
26  OF DEFENDANTS GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA
27  FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF
28  THEM, AS FOLLOWS:

1        25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the
2   allegations contained in each paragraph of the First Cause of Action herein.

3        26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended
4   that the above-referenced asbestos and asbestos-containing products would be used by the
5   purchaser or user without inspection for defects therein or in any of their component parts and
6   without knowledge of the hazards involved in such use.

7        27.    Said asbestos and asbestos-containing products were defective and unsafe for their
8   intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The
9   defect existed in the said products at the time they left the possession of defendants, their
10  "alternate entities," and each of them. Said products did, in fact, cause personal injuries,
11  including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff
12  herein, while being used in a reasonably foreseeable manner, thereby rendering the same
13  defective, unsafe and dangerous for use.

14       28.    "Exposed persons" did not know of the substantial danger of using said products.
15  Said dangers were not readily recognizable by "exposed persons". Said defendants, their
16  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
17  which Plaintiff and others similarly situated were exposed.

18       29.    In researching, manufacturing, fabricating, designing, modifying, testing or failing
19  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
20  sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
21  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
22  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
23  did so with conscious disregard for the safety of "exposed persons" who came in contact with
24  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
25  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
26  death resulting from exposure to asbestos or asbestos-containing products, including, but not
27  limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
28  from scientific studies performed by, at the request of, or with the assistance of, said defendants,

1  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
2  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

3     30.    On or before 1930, and thereafter, said defendants, their ALTERNATE
4  ENTITIES and each of them, were aware that members of the general public and other "exposed
5  persons", who would come in contact with their asbestos and asbestos-containing products, had
6  no knowledge or information indicating that asbestos or asbestos-containing products could
7  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
8  members of the general public and other "exposed persons", who came in contact with asbestos
9  and asbestos-containing products, would assume, and in fact did assume, that exposure to
10 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
11 hazardous to health and human life.

12    31.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
13 of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
14 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
15 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
16 asbestos-containing products without attempting to protect "exposed persons" from or warn
17 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
18 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
19 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
20 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
21 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
22 and suppressed said knowledge from "exposed persons" and members of the general public, thus
23 impliedly representing to "exposed persons" and members of the general public that asbestos and
24 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
25 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
26 representations with the knowledge of the falsity of said implied representations.

27    32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
28 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

1   ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

2   manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

3   sale, inspection, installation, contracting for installation, repair, marketing, warranting,

4   rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-

5   containing products. In pursuance of said financial motivation, said defendants, their

6   ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

7   persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

8   containing products to cause injury to "exposed persons" and induced persons to work with and

9   be exposed thereto, including Plaintiff.

10       33.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE

11   ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

12   products to be safe for their intended use but that their asbestos and asbestos-containing products,

13   created an unreasonable risk of bodily harm to exposed persons.

14       34.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos

15   and various asbestos-containing products manufactured, fabricated, inadequately researched,

16   designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered

17   for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

18   marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

19   aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

20   cannot identify precisely which asbestos or asbestos-containing products caused the injuries

21   complained of herein.

22       35.     Plaintiff relied upon defendants', their "alternate entities'", and each of their

23   representations, lack of warnings, and implied warranties of fitness of asbestos and their

24   asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

25   been injured permanently as alleged herein.

26   ///

27   ///

28   ///

1      36.      As a direct and proximate result of the actions and conduct outlined herein,

2  Plaintiff has suffered the injuries and damages previously alleged.

3      WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

4  ENTITIES, and each of them, as hereinafter set forth.

5                                   **IV.**

6                                  **PRAYER**

7      WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

8  ENTITIES, and each of them in an amount to be proved at trial, as follows:

9      (a)      For Plaintiff's general damages according to proof;

10     (b)      For Plaintiff's loss of income, wages and earning potential according to proof;

11     (c)      For Plaintiff's medical and related expenses according to proof;

12     (d)      For Plaintiffs cost of suit herein;

13     (e)      For exemplary or punitive damages according to proof;

14     (f)      For damages for fraud according to proof; and

15     (g)      For such other and further relief as the Court may deem just and proper, including

16          costs and prejudgment interest.

17  Dated: ___12/27/10___                    BRAYTON❖PURCELL LLP

18

19                                          By: _____
                                                · David R. Donadio
20                                               Attorneys for Plaintiff

21

22                                  JURY DEMAND

23     Plaintiff hereby demands trial by jury of all issues of this cause.

24

25  Dated: ___12/27/10___                    BRAYTON❖PURCELL LLP

26

27                                          By: _____
                                                David R. Donadio
28                                               Attorneys for Plaintiff

K:\Injured 113836\FED-cmp fed (pi).wpd                 11
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1
EXHIBIT A

2 Plaintiff: GEORGE W. TURNER

3

4 Plaintiff's injuries: Plaintiff's exposure to asbestos and asbestos-containing products caused

5 severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties

6 and/or other lung damage. Plaintiff was diagnosed with mesothelioma on or about May 2010.

7

8 Retirement Status: The injured party retired from his last place of employment at regular

9 retirement age. He has therefore suffered no disability from his asbestos-related disease as

10 "disability" is defined in California Code of Civil Procedure § 340.2.

11

12 Defendants: Plaintiff contends that the asbestos-containing products to which he was or may

13 have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by

14 Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and

15 involved exposure to dust created by the contractors and the products of the entities listed below.

16 The exposure includes, but is not limited, to the following presently known contractors and the

17 manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| New York Mica Mine Custer, SD | New York Mica Mine Custer, SD | Laborer | 1943 (summer months) |

21 Job Duties: Plaintiff carried pieces of mica out of the mine and stacked them. Plaintiff worked in
proximity to workers who swept up the work area, which was very dusty. Plaintiff does not
22 currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was
exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Puget Sound Naval Ship Yard Bremerton, WA | Puget Sound Naval Ship Yard Bremerton, WA | Sheetmetal Worker (Helper) | 6/1944 - 9/1945 |
| | Shop 17 | | |
| | MISSISSIPPI (BB-41) | | |

| | Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | Puget Sound Naval Ship Yard Bremerton, WA (cont'd) | Puget Sound Naval Ship Yard Bremerton, WA | Sheetmetal Worker (Helper) | 6/1944 - 9/1945 |
| 4 | | | | |
| 5 | | IDAHO (BB-42) | | |
| 6 | | WEST VIRGINIA (BB-48) | | |
| 7 | | NORTH CAROLINA (BB-55) | | |
| 8 | | | | |
| 9 | | WASHINGTON (BB-56) | | |
| 10 | | SOUTH DAKOTA (BB-57) | | |
| 11 | | INDIANA (BB-58) | | |
| 12 | | MASSACHUSETTS (BB-59) | Sheetmetal Worker (Helper) | 6/1944 - 9/1945 |
| 13 | | | | |
| 14 | | ALABAMA (BB-60) | | |
| 15 | | NEW JERSEY (BB-62) | | |
| 16 | | SARATOGA (CV-3) | | |
| 17 | | ENTERPRISE (CV-6) | | |
| 18 | | ESSEX (CV-9) | | |
| 19 | | HORNET (CV-12) | | |
| 20 | | FRANKLIN (CV-13) | | |
| 21 | | TICONDEROGA (CV-14) | | |
| 22 | | LEXINGTON (CV-16) | | |
| 23 | | BUNKER HILL (CV-17) | | |
| 24 | | WASP (CV-18) | | |
| 25 | | MONTEREY (CV-26) | | |
| 26 | | BON HOMME RICHARD (CV-31) | | |
| 27 | | NASHVILLE (CL-43) | | |
| 28 | | CALVERT (APA-32) | | |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Puget Sound Naval Ship Yard Bremerton, WA (cont'd) | Puget Sound Naval Ship Yard Bremerton, WA | Sheetmetal Worker (Helper) | 6/1944 - 9/1945 |
| | NEW MEXICO (BB-40) | | |
| | WILEY (DD-597) | | |
| | YORKTOWN (CV-10) | Sheetmetal Worker (Helper) | 6/1944 - 9/1945 |
| | METCALF (DD-595) | | |
| | COLORADO (BB-45) | | |
| | MISSOURI (BB-63) | | |
| | SHIELDS (DD-596) | | |
| | HART (DD-594) | | |

Job Duties: Plaintiff worked as a sheetmetal worker (helper) out of shop 17 and on the ships listed above. Plaintiff was near other trades who tore out damaged asbestos containing insulation on heating and ventilation systems, including asbestos cloth, pipecovering, and cement. Plaintiff carried damaged asbestos containing insulation off the ship and stacked it in the shipyard. Plaintiff was in proximity to laborers who swept up the dusty work area upon completion of the jobs. Plaintiff worked in proximity to other trades including, but not limited to insulators removing and installing asbestos containing pipe insulation and pipefitters cutting, removing and installing asbestos containing gaskets, installing, repairing, and removing valves, checking the asbestos containing packing during the installation, repair, and removal process, and repacking the valves with asbestos containing valve packing when necessary. Plaintiff recalls the following supervisor: Red Colton, deceased, and coworker: Mr. Olson, Bremerton, Washington. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center San Diego, CA | Trainee | 6/1946 (Approx. 6 weeks) |

Job Duties: Plaintiff completed basic training at this location. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | PC-1168 | Signal Man | 9/1946 - 5/1948 |
| | Long Beach Naval Ship Yard Long Beach, CA | | |

15

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

Job Duties: Plaintiff served on board the <u>PC-1168</u>. Plaintiff's station as a Signal Man was at the helm. Plaintiff lived aboard the ship during overhaul repairs at Long Beach Naval Ship Yard. Plaintiff helped during chipping of the bulkheads. Plaintiff recalls asbestos insulated pipes running over his bunk and in the galley. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff currently contends he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Army | US Army Fort Carson Colorado Springs, CO | Trainee | 9/1/1950 - 5/1951 |

Job Duties: Plaintiff completed basic and advanced weapons training at this location. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Army | US Army Fort Belvoir, VA | Trainee | 6/1951- 9/1951 |

Job Duties: Plaintiff completed engineering training at this location. Plaintiff participated in the building of a bridge. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Army | US Army Fort Richardson Anchorage, AK | Engineer | 9/1951 - 5/1952 |

Job Duties: Plaintiff worked as an army engineer at this location. Plaintiff built gun towers using metal and wood. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff was part of a construction crew that put buildings together and put 3 tab asbestos roofing on a portion of roof. Plaintiff currently contends he was exposed to asbestos during this military service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Consolidated Aircraft Corp. 3302 Pacific Hwy San Diego, CA | Consolidated Aircraft Corp. 3302 Pacific Hwy San Diego, CA | Assembler | 1952-1953 (summers) |

Job Duties: Plaintiff assembled sheet metal parts on aircraft fuselages. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Nortons Pharmacy 2501 5th Ave. San Diego, CA 92103 | Nortons Pharmacy San Diego, CA | Pharmacist | 1953 |

Job Duties: Plaintiff worked as a pharmacist apprentice. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fairmont Pharmacy 4351 University Ave. San Diego, CA 92105 | Fairmont Pharmacy San Diego, CA | Pharmacist | 1954-1959 |

Job Duties: Plaintiff worked as a pharmacist apprentice for the first year and then a pharmacist. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Haizlips Pharmacy 7801 Broadway Lemon Grove, CA 92045 | Haizlips Drug Store San Diego, CA | Pharmacist | 1960 - 1961 |

Job Duties: Plaintiff worked as a pharmacist. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Sav-On Drug P.O. Box 7500 Woodland Hills, CA 91365-7500 | Sav-On Drug Woodland Hills, CA | Pharmacist | 1961-1973 |

Job Duties: Plaintiff worked as a pharmacist. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| George's Drugs 5995 Severin Drive La Mesa, CA 92041 | George's Drugs La Mesa, CA | Pharmacist | 1961 |

Job Duties: Plaintiff worked as a pharmacist. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

///

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Westwood Pharmacy 313 Birch St. Box K Westwood, CA 96137 | Westwood Pharmacy Westwood, CA | Pharmacist | 1973-1976 |

Job Duties:  Plaintiff worked part time as a relief pharmacist.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mt. Shasta Rexall Pharmacy 216 N. M. Shasta Blvd. Mt. Shasta, CA 96067-2239 | Mt. Shasta Rexall Pharmacy Mt. Shasta, CA | Pharmacist | 1973-1974 |

Job Duties:  Plaintiff worked part time as a relief pharmacist.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lassen Drug Co. Lassen Gift Company Box 736 Chester, CA 96020 | Lassen Drug Co. Chester, CA | Pharmacist | 1973-1976; 1976-1988 |

Job Duties:  Plaintiff worked part time as a relief pharmacist. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Prestons Pharmacy Box 609 Portola, CA 96122 | Prestons Pharmacy Portola, CA | Pharmacist | 1975 |

Job Duties:  Plaintiff worked part time as a relief pharmacist.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Chester Sanitary District P.O. Box 503 Chester, CA 96020 | Chester Sanitary District Chester, CA | Laborer | 1976 |

Job Duties:  Plaintiff assisted a friend repairing a toilet.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

///

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Raleys<br>P.O. Box 15618<br>Sacramento, CA  95852-0618 | Raleys Drug Store<br>Sacramento, CA | Pharmacist | 1976-1977 |

Job Duties:  Plaintiff worked part time as a relief pharmacist.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Thrifty Corp.<br>P.O. Box 3165<br>Harrisburg, PA  17105-3165 | Thrifty Drug Store<br>Quincy, CA | Pharmacist | 1976-1992 |

Job Duties:  Plaintiff worked as a pharmacist.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Various Drug Stores<br>Melbourne, AR | Various Drug Stores<br>Melbourne, AR | Pharmacist | 1992 - 1994<br>(part time) |

Job Duties: Plaintiff worked as a relief pharmacist.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Wal-Mart Stores, Inc.<br>702 SW 8th St.<br>Dept. 8687 MS 0555<br>Bentonville, AR  72716-6209 | Wal-Mart Stores, Inc.<br>Bentonville, AR | Pharmacist | 1993-1996 |

Job Duties:  Plaintiff worked as a pharmacist.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Various Drug Stores<br>Ash Flat, AR | Various Drug Stores<br>Ash Flat, AR | Pharmacist | 1996 - 2006<br>(part time) |

Job Duties: Plaintiff worked as a pharmacist. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Market Street Pharmacy, Inc.<br>1400 N. Bend Drive<br>Horeshoe Bend, AR  72512-1242 | Market Street Pharmacy<br>Horeshoe Bend, AR | Pharmacist | 2006 |

1    Job Duties: Plaintiff worked as a pharmacist.  Plaintiff is currently unaware if he was exposed to
2    asbestos during this employment.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL