ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:10-cv-05960-MEJ

Carter et al v. A.W. Chesterson Company et al
Assigned to: Magistrate Judge Maria-Elena James
Case in other court: San Francisco County Superior Court, CGC
    10-275695
Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 12/29/2010
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Luther Eugene Carter**

represented by **Paula Ann Rasmussen**
Brent Coon & Associates
44 Montgomery Street
Suite 800
San Francisco, CA 94104
415-489-7420
Fax: 415-489-7426
*ATTORNEY TO BE NOTICED*

**Richard A. Brody**
Brent Coon & Associates
44 Montgomery Street, Suite 800
San Francisco, CA 94104
415-489-7420
Fax: 415-489-7426
Email: rick.brody@bcoonlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sonja C. Carter**

represented by **Paula Ann Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard A. Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterson Company**

**Defendant**

**Air & Liquid Systems Corporation**
*as successor by merger to Buffalo Pumps,*

*Inc.*

**Defendant**

**Alfa Laval Inc.**
*Individually and as successor in interest to*
*Sharples, Inc.*

**Defendant**

**Alfa Laval Separation, Inc.**

**Defendant**

**Delaval Separator Company**

**Defendant**

**Bayer Cropscience, Inc.**
*formerly known as*
Amchem Products, Inc.

**Defendant**

**Benjamin Foster Company**

**Defendant**

**BW/IP, Inc.**

**Defendant**

**Crane Co.**

**Defendant**

**Crown Cork & Seal Company, Inc.**
*Individually and as successor to Mundet*
*Cork Company*

**Defendant**

**Eaton Corporation**
*individually and as successor in interest to*
*Eaton Electrical, Inc., fna Cutler-Hammer,*
*Inc.*

**Defendant**

**Elliott Company**
*also known as*
Elliott Turbomachinery Co., Inc.

**Defendant**

**Ericsson, Inc.**
*which will do business in California as Eus*
*Inc. individually and as successor in*
*interest to Anaconda Cable & Wire Co.*

**Defendant**
**Continental Wire & Cable Company**

**Defendant**
**General Electric Company**                    represented by **Charles Todd Sheldon**
Sedgwick Detert Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
(415) 781-7900
Fax: (415) 781-2635
Email: charles.sheldon@sdma.com
*ATTORNEY TO BE NOTICED*

**Derek S. Johnson**
Sedgwick Detert Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900 x1569
Fax: 415-781-2635
Email: derek.johnson@sdma.com
*ATTORNEY TO BE NOTICED*

**Katherine Paige Gardiner**
Sedgwick, Detert, Moran & Arnold
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Goulds Pumps, Incorporated**

**Defendant**
**Graybar Electric Company, Inc.**

**Defendant**
**Hill Brothers Chemical Company**

**Defendant**
**Imo Industries, Inc.**
*individually and as successor in interest to*
*Delaval Steam Turbine Company*

**Defendant**
**Ingersoll Rand Company**

*individually and as successor in interest to*
*Terry Steam Turbine Company*

**Defendant**

**J.T. Thorpe And Son, Inc.**

**Defendant**

**John Crane, Inc.**
*as successor to Crane Packing Company*

**Defendant**

**John Crane-Houdaille Inc**

**Defendant**

**Metalclad Insulation Corporation**
*individually and as successor in interest to*
*Northern California Insulation*

**Defendant**

**Owens-Illinois Inc.**

**Defendant**

**Parker-Hannifin Corporation**
*Individually and as successor in interest to*
*Sacoma-Sierra, Inc.*

**Defendant**

**Quintec Industries, Inc.**

**Defendant**

**Rapid-American Corporation**

**Defendant**

**Rockwell Automation, Inc.**
*individually and as successor in interest to*
*Allen-Bradley Company, LLC*

**Defendant**

**SB Decking, Inc.**
*formerly known as*
Selby Battersby & Company

**Defendant**

**Schneider Electric USA, Inc.**
*formerly known as*
Square D Co.

**Defendant**

**Sulzer Pumps (US), Inc.**

**Defendant**

**The WM. Powell Company**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Uniroyal Holdings, Inc.**

**Defendant**

**Viad Corporation**
*individually and as successor in interest to*
*Griscom-Russell*

**Defendant**

**Dial Corporation**

**Defendant**

**Warren Pumps, LLC**

**Defendant**

**Yarway Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/2010 | 1 | NOTICE OF REMOVAL /no process from San Francisco County Superior Court. Their case number is CGC 10-275695. (Filing fee $350 receipt number 34611054429). Filed byGeneral Electric Company. (Attachments: # 1 Notice of Removal)(ga, COURT STAFF) (Filed on 12/29/2010) (Entered: 12/29/2010) |
| 12/29/2010 | 2 | Certificate of Interested Entities by General Electric Company re 1 Notice of Removal, (ga, COURT STAFF) (Filed on 12/29/2010) (Entered: 12/29/2010) |
| 12/29/2010 | 3 | NOTICE OF PENDENCY by General Electric Company re 1 Notice of Removal, (ga, COURT STAFF) (Filed on 12/29/2010) (Entered: 12/29/2010) |
| 12/29/2010 | 4 | ADR SCHEDULING ORDER: Case Management Statement due by 3/31/2011. Case Management Conference set for 4/7/2011 10:00 AM in Courtroom B, 15th Floor, San Francisco.. Signed by Judge Maria-Elena James on 12/29/10. (Attachments: # 1 Standing Order)(ga, COURT STAFF) (Filed on 12/29/2010) (Entered: 12/29/2010) |
| 12/29/2010 | | CASE DESIGNATED for Electronic Filing. (ga, COURT STAFF) (Filed on 12/29/2010) (Entered: 12/29/2010) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 12/30/2010 13:26:47 |

| PACER Login: | sd0076 | Client Code: | 00045-132554 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 3:10-cv-05960-MEJ |
| Billable Pages: | 3 | Cost: | 0.24 |

COPY

1   Richard A. Brody, Esq. (SBN 100379)
2   Paula A. Rasmussen, Esq. (SBN 258352)
    BRENT COON & ASSOCIATES
3   44 Montgomery Street, Suite 800
    San Francisco, CA 94104
4   Telephone:  415.489.7420
    Facsimile:  415.489.7426

5   J. Dennis Weitzel, Esquire (seeking Pro Hoc Admission)
6   Texas State Bar No. 21118200
    Morgan & Morgan, PA
7   20 N. Orange Avenue
    Suite 1600
8   Orlando, FL 32802
    Telephone: 407.420.1414
9   Facsimile: 407.422.8925

10  Attorneys for Plaintiffs

**ENDORSED**
**FILED**
San Francisco County Superior Court

NOV - 4 2010

CLERK OF THE COURT
BY:  PARAM NATT
Deputy Clerk

ASBESTOS
CASE MANAGEMENT CONFERENCE

OCT 2 0 2011  1:30 PM

DEPARTMENT  220

11

12              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  IN AND FOR THE COUNTY OF SAN FRANCISCO

14

| | |
|---|---|
| 15  LUTHER EUGENE CARTER and<br>16  SONJA C. CARTER,<br>17         Plaintiffs,<br>18  v.<br>19  A.W. CHESTERTON COMPANY; AIR &<br>20  LIQUID SYSTEMS CORPORATION, as<br>   successor by merger to BUFFALO PUMPS,<br>21  INC.; ALFA LAVAL, INC., individually and as<br>   successor interest to SHARPLES, INC., ALFA<br>22  LAVAL SEPARATION, INC. and DELAVAL<br>   SEPARATOR COMPANY; BAYER<br>23  CROPSCIENCE, INC.; formerly known as<br>24  AMCHEM PRODUCTS, INC. and BENJAMIN<br>   FOSTER COMPANY; BW/IP, INC., and its<br>25  wholly-owned subsidiaries; CRANE CO.;<br>   CROWN CORK & SEAL COMPANY, INC.,<br>26  individually and as successor to MUNDET<br>   CORK COMPANY; EATON CORPORATION,<br>27  individually and as successor in interest to<br>28  EATON ELECTRICAL, INC., formerly known | Case No. CGC-10-275695<br><br>**COMPLAINT FOR DAMAGES**<br>**(PERSONAL INJURY--ASBESTOS)**<br><br>1.  Negligence<br>2.  **Strict Products Liability**<br>3.  Failure to Warn<br>4.  **Breach of Warranties**<br>5.  **Fraud and Conspiracy**<br>6.  **False Representation Under**<br>    **Restatement Torts Section 402-B**<br>7.  **Loss of Consortium**<br><br><u>**Punitive Damages**</u><br><br>THIS CASE IS SUBJECT TO<br>MANDATORY ELECTRONIC FILING<br>PURSUANT TO AMENDED G.O. 158 |

1

---

*Carter v. A.W. Chesterton Company, et al.*                COMPLAINT FOR DAMAGES (PERSONAL
                                                           INJURY—ASBESTOS)

1   as CUTLER-HAMMER, INC.; ELLIOTT
2   COMPANY, also known as ELLIOTT
    TURBOMACHINERY COMPANY, INC.;
3   ERICSSON INC. WHICH WILL DO
    BUSINESS IN CALIFORNIA AS EUS INC.,
4   individually and as successor in interest to
    ANACONDA CABLE & WIRE COMPANY and
5   CONTINENTAL WIRE & CABLE COMPANY;
6   GENERAL ELECTRIC COMPANY; GOULDS
    PUMPS, INCORPORATED; GRAYBAR
7   ELECTRIC COMPANY, INC.; HILL
8   BROTHERS CHEMICAL COMPANY; IMO
    INDUSTRIES, INC., individually and as
9   successor in interest to DELAVAL STEAM
    TURBINE CO.; INGERSOLL-RAND
10  COMPANY, individually and as successor in
11  interest to TERRY STEAM TURBINE
    COMPANY; J.T. THORPE & SON, INC.; JOHN
12  CRANE, INC., as successor to CRANE
    PACKING COMPANY and JOHN CRANE-
13  HOUDAILLE, INC.; METALCLAD
14  INSULATION CORPORATION, individually
    and as successor in interest to NORTHERN
15  CALIFORNIA INSULATION; OWENS-
    ILLINOIS, INC.; PARKER-HANNIFIN
16  CORPORATION, individually and as successor
17  in interest to SACOMO-SIERRA; QUINTEC
    INDUSTRIES, INC.; RAPID-AMERICAN
18  CORPORATION; ROCKWELL
    AUTOMATION, INC., individually and as the
19  successor in interest to ALLEN-BRADLEY
20  COMPANY, LLC.; SB DECKING, INC.,
    formerly known as SELBY, BATTERSBY &
21  COMPANY; SCHNEIDER ELECTRIC USA,
    INC. formerly known as SQUARE D CO.;
22  SULZER PUMPS (US) INC.; THE WM.
23  POWELL COMPANY; UNION CARBIDE
    CORPORATION; UNIROYAL HOLDING,
24  INC.; VIAD CORPORATION, individually and
    as successor in interest to GRISCOM-RUSSELL
25  and DIAL CORPORATION; WARREN PUMPS,
26  LLC; and DOES 1-500, inclusive,

27      Defendants.

28  ///

                          2

_Carter v. A.W. Chesterton Company, et al._          COMPLAINT FOR DAMAGES (PERSONAL
                                                      INJURY--ASBESTOS)

Plaintiffs LUTHER EUGENE CARTER and SONJA C. CARTER (hereinafter "plaintiffs") complain of all defendants, and each of them, and allege:

### GENERAL ALLEGATIONS

1.      Plaintiffs bring this action on their own behalf and are hereinafter referred to as "plaintiffs." Plaintiffs know of no other parties who should be named as a plaintiff herein.

2.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 500, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of said fictitiously named defendants are, through their negligence, intentional torts, and/or conduct giving rise to strict liability, responsible or liable in some manner for the occurrences herein alleged, and that the injuries herein alleged were the direct and legal result of said negligence, intentional torts, and/or conduct giving rise to strict liability.

3.      At all times mentioned in this complaint, each of the defendants was the agent and employee of each of the remaining defendants, and by their actions as alleged in this complaint each defendant was acting within the course and scope of this agency and employment, and each defendant has ratified and approved the acts of the remaining defendants. The Federal Courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship exists due to the presence of one or more California defendants. Removal is improper. Every claim arising under the constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiff sues no foreign state or agency. Venue is proper in San Francisco County, California.

///
///
///
///

3

*Carter v. A.W. Chesterton Company, et al.*                    COMPLAINT FOR DAMAGES (PERSONAL
                                                               INJURY—ASBESTOS)

4. Defendants A.W. CHESTERTON COMPANY; AIR & LIQUID SYSTEMS
CORPORATION, as successor by merger to BUFFALO PUMPS, INC.; ALFA LAVAL, INC.,
individually and as successor interest to SHARPLES, INC.; ALFA LAVAL SEPARATION, INC.
and DELAVAL SEPARATOR COMPANY; BAYER CROPSCIENCE, INC.; formerly known as
AMCHEM PRODUCTS, INC. and BENJAMIN FOSTER COMPANY; BW/IP, INC., and its
wholly-owned subsidiaries; CRANE CO.; CROWN CORK & SEAL COMPANY, INC.,
individually and as successor to MUNDET CORK COMPANY; EATON CORPORATION,
individually and as successor in interest to EATON ELECTRICAL, INC., formerly known as
CUTLER-HAMMER, INC.; ELLIOTT COMPANY, also known as ELLIOTT
TURBOMACHINERY COMPANY, INC.; ERICSSON INC. WHICH WILL DO BUSINESS IN
CALIFORNIA AS EUS INC., individually and as successor in interest to ANACONDA CABLE &
WIRE COMPANY and CONTINENTAL WIRE & CABLE COMPANY; GENERAL ELECTRIC
COMPANY; GOULDS PUMPS, INCORPORATED; GRAYBAR ELECTRIC COMPANY, INC.;
HILL BROTHERS CHEMICAL COMPANY; IMO INDUSTRIES, INC., individually and as
successor in interest to DELAVAL STEAM TURBINE CO.; INGERSOLL-RAND COMPANY,
individually and as successor in interest to TERRY STEAM TURBINE COMPANY; J.T.
THORPE & SON, INC.; JOHN CRANE, INC., as successor to CRANE PACKING COMPANY
and JOHN CRANE-HOUDAILLE, INC.; METALCLAD INSULATION CORPORATION,
individually and as successor in interest to NORTHERN CALIFORNIA INSULATION; OWENS-
ILLINOIS, INC.; PARKER-HANNIFIN CORPORATION, individually and as successor in
interest to SACOMO-SIERRA; QUINTEC INDUSTRIES, INC.; RAPID-AMERICAN
CORPORATION; ROCKWELL AUTOMATION, INC.; individually and as the successor in
interest to ALLEN-BRADLEY COMPANY, LLC.; SB DECKING, INC., formerly known as
SELBY, BATTERSBY & COMPANY; SCHNEIDER ELECTRIC USA, INC. formerly known as
SQUARE D CO.; SULZER PUMPS (US) INC.; THE WM. POWELL COMPANY; UNION
CARBIDE CORPORATION; UNIROYAL HOLDING, INC.; VIAD CORPORATION,
individually and as successor in interest to GRISCOM-RUSSELL and DIAL CORPORATION;
WARREN PUMPS, LLC; and DOES 1 through 500, inclusive, are at all times herein mentioned,

4

1   and were corporations or other business entities organized and existing under the laws of the state

2   of California and/or qualified to do business in this state.

3          A.   MANUFACTURING/DISTRIBUTING DEFENDANTS. The following

4   defendants designated as "manufacturing/distributing defendants" are named in their capacities as

5   manufacturers, distributors, suppliers and installers of asbestos-containing products:  A.W.

6   CHESTERTON COMPANY; AIR & LIQUID SYSTEMS CORPORATION, as successor by

7   merger to BUFFALO PUMPS, INC.; ALFA LAVAL, INC., individually and as successor interest

8   to SHARPLES, INC., ALFA LAVAL SEPARATION, INC. and DELAVAL SEPARATOR

9   COMPANY; BAYER CROPSCIENCE, INC.; formerly known as AMCHEM PRODUCTS, INC.

10  and BENJAMIN FOSTER COMPANY; BW/IP, INC., and its wholly-owned subsidiaries; CRANE

11  CO.; CROWN CORK & SEAL COMPANY, INC., individually and as successor to MUNDET

12  CORK COMPANY; EATON CORPORATION, individually and as successor in interest to

13  EATON ELECTRICAL, INC., formerly known as CUTLER-HAMMER, INC.; ELLIOTT

14  COMPANY, also known as ELLIOTT TURBOMACHINERY COMPANY, INC.; ERICSSON

15  INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS EUS INC., individually and as

16  successor in interest to ANACONDA CABLE & WIRE COMPANY and CONTINENTAL WIRE

17  & CABLE COMPANY; GENERAL ELECTRIC COMPANY; GOULDS PUMPS,

18  INCORPORATED; GRAYBAR ELECTRIC COMPANY, INC.; HILL BROTHERS CHEMICAL

19  COMPANY; IMO INDUSTRIES, INC., individually and as successor in interest to DELAVAL

20  STEAM TURBINE CO.; INGERSOLL-RAND COMPANY, individually and as successor in

21  interest to TERRY STEAM TURBINE COMPANY; J.T. THORPE & SON, INC.; JOHN CRANE,

22  INC., as successor to CRANE PACKING COMPANY and JOHN CRANE-HOUDAILLE, INC.;

23  METALCLAD INSULATION CORPORATION, individually and as successor in interest to

24  NORTHERN CALIFORNIA INSULATION; OWENS-ILLINOIS, INC.; PARKER-HANNIFIN

25  CORPORATION, individually and as successor in interest to SACOMO-SIERRA; QUINTEC

26  INDUSTRIES, INC.; RAPID-AMERICAN CORPORATION; ROCKWELL AUTOMATION,

27  INC., individually and as the successor in interest to ALLEN-BRADLEY COMPANY, LLC.; SB

28  DECKING, INC., formerly known as SELBY, BATTERSBY & COMPANY; SCHNEIDER

5

1  ELECTRIC USA, INC. formerly known as SQUARE D CO.; SULZER PUMPS (US) INC.; THE

2  WM. POWELL COMPANY; UNION CARBIDE CORPORATION; UNIROYAL HOLDING,

3  INC.; VIAD CORPORATION, individually and as successor in interest to GRISCOM-RUSSELL

4  and DIAL CORPORATION; and WARREN PUMPS, LLC.

5      B.    INSULATION DEFENDANTS.  The following defendants designated as

6  "insulation defendants" are named in their capacities as companies that manufactured, sold or

7  distributed asbestos-containing thermal insulation products, including but not limited to pipe

8  covering, block insulation, cements, sealants, adhesives, and cloth:  CROWN CORK & SEAL

9  COMPANY, INC.; METALCLAD INSULATION CORPORATION; OWENS-ILLINOIS, INC.;

10  PARKER-HANNIFIN CORPORATION; QUINTEC INDUSTRIES, INC.; RAPID-AMERICAN

11  CORPORATION; and UNIROYAL HOLDING, INC.

12      C.    GASKET AND PACKING DEFENDANTS.  The following defendants

13  designated as "gasket and packing defendants" are named in their capacities as manufacturers and

14  distributors of asbestos-containing products including but not limited to gasket and packing

15  products: A.W. CHESTERTON COMPANY; AIR & LIQUID SYSTEMS CORPORATION;

16  BW/IP, INC.; CRANE, CO.; GOULDS PUMPS, INCORPORATED; JOHN CRANE, INC.;

17  PARKER-HANNIFIN CORPORATION; SULZER PUMPS (US) INC.; THE WM. POWELL

18  COMPANY; and WARREN PUMPS, LLC.

19      D.    MECHANICAL EQUIPMENT DEFENDANTS.  The following defendants

20  designated as "mechanical equipment defendants" are named in their capacities as manufacturers,

21  sellers, distributors and rebranders of asbestos-containing mechanical equipment including but not

22  limited to pumps, valves, turbines, motors, condensors, separators, steam traps, strainers, engines,

23  HVAC systems, steam generators, boilers, cooling tower accessories, cooling exchangers,

24  evaporative coolers, condensing units, flexible duct connectors, forced draft blowers, controller and

25  regulator equipment, refrigeration equipment, heating equipment, heat exchangers, furnaces, and

26  liquid level indicators: AIR & LIQUID SYSTEMS CORPORATION; ALFA LAVAL, INC.;

27  BW/IP, INC.; CRANE CO.; ELLIOTT COMPANY; GENERAL ELECTRIC COMPANY;

28  GOULDS PUMPS, INCORPORATED; IMO INDUSTRIES, INC.; INGERSOLL-RAND

*Carter v. A.W. Chesterton Company, et al.*                    COMPLAINT FOR DAMAGES (PERSONAL
                                                                INJURY--ASBESTOS)

COMPANY; JOHN CRANE, INC.; SULZER PUMPS (US), INC.; THE WM. POWELL

COMPANY; VIAD CORPORATION; and WARREN PUMPS, LLC.

      E.   BOILER DEFENDANTS. The following defendants designated as "boiler

defendants" are named in their capacities as manufacturer of boilers and furnaces that contained

asbestos-containing insulation, gaskets, packing and refractory products:  J.T. THORPE & SON,

INC.

      F.   CABLE WIRE ELECTRICAL DEFENDANTS.  The following defendants

designated as "cable wire electrical defendants" are named in their capacities as companies that

manufactured, sold, distributed, installed or removed asbestos-containing electrical equipment and

components, including but not limited to cable, wire, circuit breakers, transformers, and switch

boxes:  EATON CORPORATION; ERICSSON INC.; GRAYBAR ELECTRIC COMPANY, INC.;

ROCKWELL AUTOMATION, INC.; SCHNEIDER ELECTRIC USA, INC.; and UNION

CARBIDE CORPORATION.

      G   CONTRACTOR DEFENDANTS.  The following defendants designated as

"contractor defendants" are named in their capacities as companies that manufactured, sold,

installed, removed, replaced, supplied, disturbed, manipulated and/or maintained asbestos-

containing materials:  J.T. THORPE & SON, INC.; METALCLAD INSULATION

CORPORATION; and SB DECKING, INC.

   5.   At all times mentioned herein, defendants, and each of them, were engaged in the

business of mining, milling, manufacturing, testing, developing, processing, importing, converting,

compounding, assembling, fabricating, modifying, designing, specifying, approving, supplying,

distributing, delivering, packaging, labeling, advertising, marketing, warranting, applying,

installing, and inspecting asbestos, and products produced therefrom, for sale to and use by

members of the general public, as well as for sale to and use by other parties to manufacture,

assemble, supply, distribute, label, apply and install products made therefrom, or both.

   6.   The defendants, and each of them, acting through their agents, servants and/or

employees, cause, and have caused in the past, certain asbestos-containing products and asbestos-

related materials, including but not limited to insulation, refractory materials, fireproofing, boilers

7

*Carter v. A.W. Chesterton Company, et al.*　　　COMPLAINT FOR DAMAGES (PERSONAL INJURY—ASBESTOS)

1 │ and boiler covers, pumps, valves, gaskets, packing, engines, motors, turbines, turbine covers,

2 │ bakelite, coatings, electrical, switching, transformers, compressors, cables, wires, controls, circuit

3 │ breakers, molding compounds, adhesives, coatings, piping, plumbing, HVAC, blowers, rope, cloth,

4 │ fabric, felt, fibers, tiles, flooring, decking, building materials, paint, drywall compounds, roofing,

5 │ welding, construction equipment office equipment, as well as various automotive components

6 │ including gaskets, brakes, clutch and other materials to be placed on the market and in the stream

7 │ of interstate commerce with the result that said products and materials came into use by plaintiff

8 │ and those working in close proximity to plaintiff at relevant times herein.

9 │       7.      Plaintiff LUTHER EUGENE CARTER was exposed to asbestos during the course

10 │ of his life in the manner and during the time periods set forth below:

11 │       Plaintiff was employed at the following locations where he alleges possible exposure to

12 │ asbestos: Plaintiff was a junior officer on board the U.S.S. Begor when it was being retrofitted at

13 │ Mare Island Naval Base in 1952. Plaintiff's living quarters were below decks adjacent to the

14 │ extensive retrofit where numerous asbestos products were used. During the several months of the

15 │ retrofit, Plaintiff was heavily exposed to the free floating asbestos which covered the living area

16 │ "like a snowstorm." Plaintiff entered and exited the area where asbestos containing products were

17 │ used around pipes, boilers and other spaces in close proximity to where he slept and stood watch

18 │ pursuant to his duties as a junior grade officer.

19 │       Decedent sustained no exposure to asbestos subsequent to December 5, 1980.

20 │       8.     During the course and scope of his employment, plaintiff continually worked with

21 │ and in close proximity to others who were working with asbestos and asbestos-containing products.

22 │ He routinely and regularly worked in close proximity to asbestos and asbestos-containing products

23 │ and was continually exposed to asbestos fibers which were released from asbestos and asbestos-

24 │ containing products which were mined, milled, manufactured, processed, imported, converted,

25 │ compounded, applied, installed, designed, specified, inspected, approved, supplied, distributed and

26 │ sold by defendants, and each of them.

27 │      Decedent sustained no exposure to asbestos subsequent to December 5, 1980.

28 │ ///

8

*Carter v. A.W. Chesterton Company, et al.*           COMPLAINT FOR DAMAGES (PERSONAL
INJURY--ASBESTOS)

9.     Plaintiff's exposure to asbestos was the direct and legal cause of his development of an asbestos-related disease known and designated as mesothelioma and other illnesses and disabilities whose relationship to asbestos is as yet unknown to plaintiff herein.

### FIRST CAUSE OF ACTION

### (Negligence)

10.     Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though fully set forth herein, each and every allegation contained in the General Allegations.

11.     At all times relevant herein, defendants and each of them, owed a duty of due care which required them to exercise ordinary care to protect against an unreasonable risk of harm.  This duty was owed to plaintiff.

12.     Plaintiff's development of mesothelioma and related conditions is the direct and legal result of the conduct of the defendants, and each of them, in that they negligently and carelessly researched, tested or failed to test, manufactured, designed, specified, developed, labeled, advertised, marketed, warranted, inspected, fabricated, modified, applied, installed, distributed and supplied asbestos and asbestos-containing products.  Defendants, and each of them, without any adequate warning to the consumer or user, produced, sold, and otherwise put into the stream of interstate commerce the foregoing materials which said defendants, and each of them knew, or in the exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.  Further, defendants, and each of them, knew, or through the exercise of ordinary care should have known, that exposure to asbestos is, and at all times relevant herein has been, associated with terminal and incurable diseases which have caused and continue to cause death.

13.     During the time period when plaintiff was exposed to asbestos in the manner described above, he had no knowledge that said exposure placed him at risk for developing the diseases described herein and therefore had no opportunity, nor can he be charged with a duty or

///

///

///

9

1  breach of duty, to protect himself against said harmful asbestos exposure.  Plaintiff had no

2  knowledge that the alleged conduct, misconduct and culpability of defendants, and each of them,

3  were actionable at law when they were committed and cannot be charged with knowledge or

4  inquiry thereof.

5        14.   The mesothelioma, asbestosis, pleural plaques, and related conditions that afflict

6  plaintiff developed at a microscopic and undetectable level over an extended period of time,

7  without noticeable trauma, and was therefore unknown and unknowable to plaintiff until his

8  physicians diagnosed him with mesothelioma, asbestosis, pleural plaques and related conditions

9  within the pertinent statute of limitations.  Prior to his diagnosis, plaintiff did not know, nor

10  through the exercise of reasonable diligence could he have known, that his disease and related

11  conditions were caused by his exposure to the defendants' asbestos and asbestos-containing

12  products.

13        15.   As a direct and legal result of the conduct of the defendants, and each of them,

14  plaintiff developed a disease known and designated as mesothelioma, asbestosis, pleural plaques

15  and related conditions.

16        16.   As a further direct and legal result of the conduct of defendants, and each of them, it

17  has been and continues to be necessary for plaintiff to retain the services of physicians, hospitals,

18  hospice, and other health care professionals to diagnose, treat, and provide palliative care for

19  plaintiff from now until he approaches the end of his life.  As a further direct and legal result of the

20  conduct of the defendants, and each of them, it will be necessary for plaintiff to retain the services

21  of health care professionals in the future for an indeterminable period of time.  Plaintiff does not

22  yet know the full extent of treatment that will be required nor the reasonable value of medical

23  services rendered or to be rendered to plaintiff herein and therefore requests leave to amend this

24  complaint when that sum is determined.

25        17.   As a direct and legal result of the conduct of the defendants, and each of them, and

26  of plaintiff's diagnosis of mesothelioma, asbestosis, pleural plaques and related conditions, plaintiff

27  has been unable to follow his normal or any gainful occupation for certain periods preceding and

28  following his diagnosis, and plaintiff will remain disabled for an indeterminable time.  Plaintiff has

10

*Carter v. A.W. Chesterton Company, et al.*    COMPLAINT FOR DAMAGES (PERSONAL
                                                  INJURY—ASBESTOS)

1 | incurred, and will incur, loss of income, wages, pensions, earning potential, profits and

2 | commissions, and other pecuniary losses. Plaintiff does not know the amount of said past and

3 | future losses and therefore requests leave to amend this complaint when that sum is determined.

4 |      18.    As a further direct and legal result of the negligence of defendants, and each of

5 | them, and plaintiff's diagnosis of mesothelioma, asbestosis, pleural plaques and related conditions,

6 | plaintiff has been damaged in his health, strength, and activity, and endured and continues to

7 | endure unrelenting physical and emotional pain and suffering, emotional distress, mental distress,

8 | mental anguish, fear, nervousness, grief, anxiety, worry, humiliation and indignity, the full nature

9 | and extent of which are presently unknown to plaintiff and for which plaintiff has incurred general

10 | damages in excess of $50,000.00.

11 |      19.    Since 1924, the defendants, and each of them, knew or should have known of

12 | medical and scientific data and other knowledge which clearly indicated that the materials and

13 | products referred to herein were and are hazardous to the health and safety of the plaintiff and

14 | others in plaintiff's position working in close proximity with such materials. The defendants, and

15 | each of them, knew or should have known of the dangerous propensities of the aforementioned

16 | materials and products since before that time.

17 |      20.    Although defendants knew or should have known of the aforementioned

18 | information, defendants, and each of them, negligently, carelessly, and recklessly failed to label

19 | any of the aforementioned asbestos-containing materials and products, including those with which

20 | and around which plaintiff worked such as thermal insulation materials specified for or on/in

21 | boilers, regarding the hazards of such materials and products to the health and safety of plaintiff

22 | and others in plaintiff's position working in close proximity with such materials until 1964.

23 |      21.    Commencing in 1964, many of such asbestos-containing materials were not labeled

24 | as hazardous by all of the defendants herein, despite the fact that the knowledge of such hazards

25 | existed and that defendants, and each of them, knew or should have known of such hazards since

26 | 1924. At all times herein mentioned, defendants, and each of them, negligently, carelessly, and

27 | recklessly:

28 | ///

11

*Carter v. A.W. Chesterton Company, et al.*          COMPLAINT FOR DAMAGES (PERSONAL
INJURY—ASBESTOS)

1     A.    failed to provide information relating to the danger of the use of the

2 aforementioned materials to plaintiff and others in plaintiff's position and the general public

3 concerning the dangerous nature of the aforementioned materials to workers;

4     B.    failed to disseminate such information in a manner which would give general

5 notice to the public and knowledge of the hazardous nature thereof, when defendants were bound to

6 disclose such information;

7     C.    sold the aforementioned products and materials to plaintiff's employer(s)

8 and others without advising such employers and others of dangers of the use of such materials to

9 persons working in close proximity thereto, when defendants knew or should have known of such

10 dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers;

11     D.    negligently, carelessly and recklessly misrepresented to plaintiff, others in

12 plaintiff's position, and plaintiff's employer that it was safe for plaintiff to work in close proximity

13 to such materials, when they knew that this was not the case; and

14     E.    negligently, carelessly and recklessly failed to disclose to plaintiff, others in

15 plaintiff's position, plaintiff's employer, and members of the general public, medical and scientific

16 data and knowledge of the results of studies including, but not limited to, the information and

17 knowledge of the contents of the Lanza report.

18    22.   A.    Defendants, and each of them, knew or should have known of the

19 connection between inhalation of asbestos fibers and lung cancer, asbestosis, pleural plaques, and

20 related conditions which information was disseminated through the Asbestos Textile Institute and

21 other industry organizations to all other defendants, and each of them, herein.

22     B.    At all times mentioned herein, defendants, and each of them, knew or should

23 have known of the connection between inhalation of asbestos fibers and cancer, which information

24 was disseminated through the Asbestos Textile Institute and other industry organizations to all

25 other defendants herein.

26   ///

27   ///

28   ///

12

*Carter v. A.W. Chesterton Company, et al.*         COMPLAINT FOR DAMAGES (PERSONAL
INJURY—ASBESTOS)

23.     Defendants, and each of them, negligently, carelessly and recklessly failed to provide the above described medical and scientific data to plaintiff, others in plaintiff's position, plaintiff's employer(s), and members of the general public concerning such knowledge of danger, when defendants were bound to disclose it.

24.     Defendants, and each of them, knew or should have known that said asbestos-containing materials were dangerous when breathed and caused pathological effects without noticeable trauma, and that such material was dangerous and a threat to the health of persons coming into contact therewith. Defendants, and each of them, negligently, carelessly and recklessly did not warn plaintiff, others in plaintiff's position, plaintiff's employer(s) and the general public of their information.

25.     Defendants, and each of them, knew or should have known that adequate protective masks and devices should be used by workers such as plaintiff when applying and installing the asbestos-containing products of the defendants. Defendants, and each of them, knew or should have known that not wearing an adequate protective mask and/or device would result in injury to the plaintiff and others applying and installing such materials. Defendants, and each of them, negligently, carelessly and recklessly do not inform workers such as plaintiff, and others applying and installing such materials of the aforementioned information.

26.     Defendants, and each of them, knew or should have known that plaintiff and anyone similarly situated in an industrial and construction setting would be exposed to defendants' asbestos-containing products, and that, upon inhalation of asbestos such persons would, in time, develop irreversible conditions of either mesothelioma, pneumoconiosis, asbestosis or cancer, or all. Defendants, and each of them, negligently, carelessly and recklessly failed to provide information to the public at large and buyers, users, and physicians employed by plaintiff and plaintiff's employer for the purpose of conducting physical examinations of plaintiff and others working with or near asbestos that exposure to these materials would cause pathological effects without noticeable trauma.

///

///

13

*Carter v. A.W. Chesterton Company, et al.*          COMPLAINT FOR DAMAGES (PERSONAL INJURY–ASBESTOS)

27.   The foregoing acts of the defendants, and each of them, and the negligent, careless and reckless conduct of the defendants, and each of them, as described hereinabove, were done recklessly, wantonly, willfully, oppressively, and in conscious disregard of the safety of plaintiff herein, in that

A.   The defendants, and each of them, prior to and at the time of sale, distribution or supply of the aforementioned products to Plaintiff's employer or to others who in turn sold to Plaintiff's employers, and to other persons relevant herein, knew or should have known that the foregoing asbestos fibers released from said products during the foreseeable operations of applying and removing same, were dangerous when inhaled;

B.   Defendants, and each of them, knew or should have known of the hazards and dangers of working with or around asbestos products produced or supplied by defendants, and each of them. The defendants, and each of them, knew or should have known that said products would be used by Plaintiff and others who had no knowledge of the dangerous and hazardous nature thereof; and

C.   Defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous nature of said products. Defendants, and each of them, did not place a sufficient warning on the said product or package thereof regarding said dangerous nature. Accordingly, plaintiff is entitled to an award of punitive damages.

WHEREFORE, plaintiffs LUTHER EUGENE CARTER and SONJA C. CARTER pray judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION

#### (Strict Products Liability)

28.   Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though fully set forth herein, each and every allegation contained in the General Allegations and the First Cause of Action herein, except Paragraphs 11, 12 and 13.

29.   At all times mentioned herein, defendants, and each of them, during the ordinary course of business, mined, milled, manufactured, imported, supplied, distributed, delivered, packaged, labeled, advertised, sold, marketed, installed, applied and otherwise introduced into the

14

1  stream of commerce asbestos and asbestos-containing products which were defective due to their

2  design, manufacture, sufficiency of or lack of warning, and/or failure to meet ordinary use or

3  consumer expectations of safety when used in an intended or reasonably foreseeable manner.

4      30.    The asbestos and asbestos-containing products were defective when the defendants,

5  and each of them, marketed and introduced them into the stream of commerce.  Defendants, and

6  each of them, knew that the aforementioned products would be used without inspection for defects

7  by the user thereof.

8      31.    At all times herein mentioned, plaintiff, plaintiff's employer, and other persons

9  relevant herein, purchased from defendants, and each of them, asbestos and asbestos-containing

10  products.

11      32.    *Defective Design*: The products were defectively designed in that:

12      A.    The products failed to perform as safely as an ordinary consumer would

13  expect in their intended or reasonably foreseeable use or manner of operation, or;

14      B.    The products had inherent risks of danger that outweighed their benefits;

15  alternate and safer substitute products existed and the state-of-the-art required their use given the

16  seriousness of the potential danger, likelihood of its occurrence, feasibility, cost, and adverse

17  consequences to the product and to the consumer of a safer alternative design.

18      C.    *Failure to Warn*: Defendants knew or reasonably should have known of the

19  dangerous propensities of their products but nonetheless distributed and marketed their products

20  with inadequate warning of its dangers.

21      D.    Each of defendants' products reached plaintiff without substantial change in

22  its condition.

23      E.    The aforementioned products were used by plaintiff and those in close

24  proximity to plaintiff in a foreseeable manner and in the manner for which they were intended.

25  Defendants' products were used in a manner reasonably foreseeable by defendants, which

26  defendants intended or knew they would be used, or for which they marketed them or knew they

27  were marketed to be used.

28  ///

15

*Carter v. A.W. Chesterton Company, et al.*          COMPLAINT FOR DAMAGES (PERSONAL
                                                    INJURY—ASBESTOS)

1        F.     At all times mentioned herein, plaintiff was unaware of the dangerous nature

2 of the aforementioned products.

3        33.    The defective design of defendants' products and failure to warn were the proximate

4 causes of plaintiff's injuries.

5        34.    As a direct and legal result of the conduct of the defendants, and each of them,

6 plaintiff developed an asbestos-related disease known and designated as mesothelioma, asbestosis,

7 pleural plaques, and related conditions and disabilities as previously set forth and has incurred

8 damages in excess of $50,000.00 in addition to the special damages alleged herein.

9        35.    The aforementioned products were used by plaintiff and those in close proximity to

10 plaintiff in a foreseeable manner and in the manner for which they were intended.

11       36.   A.    Defendants, and each of them, knew that defendants' asbestos-containing

12 products would be used by plaintiff and anyone similarly situated in an industrial and construction

13 setting without inspection for defects.

14        B.     Defendants, and each of them, knew that such persons would be exposed to

15 defendants' asbestos-containing products.

16        C.     Defendants, and each of them, knew that, upon inhalation of asbestos from

17 defendant's asbestos-containing products, such persons would, in time, develop irreversible

18 conditions of either mesothelioma, pneumoconiosis, asbestosis or cancer, or all.

19        D.    At the time defendants, and each of them, placed such asbestos-containing

20 products in to the stream of commerce, defendants, and each of them, knew or should have known

21 of the risks and hazards associated with the use and/or exposure of its products.

22        E.    At the time defendants, and each of them, placed such asbestos-containing

23 products in to the stream of commerce, and subsequent thereto, defendants, and each of them,

24 failed to warn or provided inadequate warnings to persons who used or would be exposed to its

25 defective asbestos-containing products, including plaintiff, of the dangers and hazards associated

26 with its products.

27 ///

28 ///

16

F.     At the time defendants, and each of them, placed such asbestos-containing products in to the stream of commerce, and subsequent thereto, defendants, and each of them failed to provide instructions or provided inadequate instructions to persons who used its defective asbestos-containing products, or who would be exposed to said products, including plaintiff, of the dangers and hazards associated with its products.

G.     Defendants, and each of them, prior to and at the time of placing the aforementioned products in to the stream of commerce, including but not limited to supplying said products to plaintiff's employer or to others who in turn sold to plaintiff's employers, and to other persons relevant herein, knew that the asbestos which plaintiff and others around him were exposed to was dangerous. The defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous nature of said products, and failed to place a sufficient warning on the said product or package thereof regarding said dangerous nature, despite knowing that said products would be used by plaintiff and others around him who had no knowledge of the dangerous and hazardous nature thereof.

37.     The conduct of the defendants, and each of them, was motivated by their financial interests. In this financial pursuit, defendants consciously disregarded the safety of users and persons exposed to their products and were consciously willing to permit their products and premises to injure workers and others, including plaintiff, in order to maximize profits. They consciously disregarded the well-publicized risks of asbestos exposure because to have kept consumers and end users like plaintiff safe would have required said defendants to make less money or limit distribution of their products. The defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous nature of said products, nor placed a sufficient warning on the said product or package thereof regarding said dangerous nature, despite knowing that said products would be used by plaintiff and others around him who had no knowledge of the dangerous and hazardous nature thereof. Defendants' conduct as described herein was and is willful, malicious, outrageous, and in conscious disregard and indifferent to the safety and health of workers and others exposed to asbestos, including plaintiff, and therefore plaintiff is entitled to an award of punitive damages.

17

1      WHEREFORE, plaintiffs LUTHER EUGENE CARTER and SONJA C. CARTER pray

2  judgment as hereinafter set forth.

3                             **THIRD CAUSE OF ACTION**

4                                **(Failure to Warn)**

5      38.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though

6  fully set forth herein, each and every allegation contained in the General Allegations, the First

7  Cause of Action herein, except Paragraphs 11, 12 and 13, and each and every allegation contained

8  in the Second Cause of Action, except those allegations pertaining to design and manufacturing

9  defect.

10      39.    At all relevant times, the asbestos and asbestos-containing products which were

11  mined, milled, manufactured, tested, developed, processed, imported, converted, compounded

12  assembled, fabricated, modified, designed, specified, approved, sold, supplied, distributed,

13  delivered, packaged, labeled, advertised, marketed, warranted, applied, installed, and inspected by

14  defendants, and each of them, were defective as a result of defendants' failure to warn or give

15  adequate warning that the particular risk of developing an asbestos-related disease and risk of death

16  from an asbestos-related disease resulting from exposure to asbestos rendered the product unsafe

17  for its intended or reasonably foreseeable use.

18      40.    At all relevant times, the defendants, and each of them, had specific knowledge of

19  these risks or could have known of these risks by the application of scientific knowledge available

20  at the time of mining, manufacturing, selling, supplying, distributing, marketing, specifying,

21  approving, inspecting, applying and installing the asbestos and asbestos-containing products.

22      41.    As a direct and legal result of the conduct of the defendants, and each of them,

23  plaintiff developed an asbestos-related disease known and designated as mesothelioma, asbestosis,

24  pleural plaques, and related conditions and disabilities as previously set forth, and has incurred

25  damages in excess of $50,000.00 in addition to the special damages alleged herein.

26      WHEREFORE, plaintiffs LUTHER EUGENE CARTER and SONJA C. CARTER pray

27  judgment as hereinafter set forth.

28  /// 

---

18

*Carter v. A.W. Chesterton Company, et al.*            COMPLAINT FOR DAMAGES (PERSONAL
                                               INJURY–ASBESTOS)

# FOURTH CAUSE OF ACTION

## (Breach of Warranties)

42.    AS AND FOR A FOURTH CAUSE OF ACTION, plaintiffs complain of defendants, and each of them, and allege:

43.    Plaintiffs, by this reference, hereby incorporate and makes a part hereof, as though fully set forth herein, each and every allegation contained in the General Allegations, and the First Cause of Action herein, except Paragraphs 11, 12 and 13.

44.    The defendants, and each of them, sold, supplied, delivered or otherwise distributed to plaintiff, or to another purchaser or user who subsequently sold, supplied, delivered or otherwise distributed to plaintiff, or to others working in close proximity to plaintiff, the above-described asbestos and asbestos-containing products to which plaintiff was exposed.

45.    The defendants, and each of them, knew the intended purpose of the asbestos and asbestos-containing products prior to marketing said products and knew or should have known that dangerous levels of asbestos fiber would be released during the process of applying, installing and removing these products.

46.    The defendants, and each of them, placed said asbestos and asbestos-containing products on the market without any warning, or with an inadequate warning, and by so doing impliedly warranted that said products were of good and merchantable quality and fit for their intended purpose.

47.    Defendants, and each of them, impliedly warranted that their products were of merchantable quality and safe, fit and proper for the uses which defendants knew or intended were to be made of them at the time of selling them.

48.    Plaintiff reasonably relied on the skill, knowledge and judgment of defendants, and each of them, in plaintiff's use of the products as a basis of the bargain under which such products were bought and used.

///

///

///

19

*Carter v. A.W. Chesterton Company, et al.*                    COMPLAINT FOR DAMAGES (PERSONAL
                                                               INJURY—ASBESTOS)

49.    The products were neither safe for their intended use nor of merchantable quality or fit for use as warranted by defendants, and each of them, in that said products had dangerous propensities when put to the use for which each of these defendants knew or intended they were marketed or sold and would cause severe injury to users or bystanders, such as plaintiff.

50.    The defendants, and each of them, breached the implied warranties of merchantability and fitness for an intended purpose by marketing asbestos and asbestos-containing products without a warning, or with an inadequate warning, advising plaintiff and others working in close proximity to plaintiff that dangerous levels of asbestos fiber would be released during the process of applying, installing and removing said products.

51.    As a direct and legal result of the conduct of the defendants, and each of them, plaintiff developed an asbestos-related disease known and designated as mesothelioma, asbestosis, pleural plaques, and related conditions and disabilities as previously set forth, and has incurred damages in excess of $50,000.00 in addition to the special damages alleged herein.

WHEREFORE, plaintiffs LUTHER EUGENE CARTER and SONJA C. CARTER pray judgment as is hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Fraud and Conspiracy)

52.    AS AND FOR A FIFTH CAUSE OF ACTION, plaintiffs complain of the defendants, and each of them, and allege:

53.    Plaintiffs, by this reference, hereby incorporate and make a part hereof, as though fully set forth herein, each and every allegation contained in the General Allegations and the First Cause of Action herein, except allegations pertaining to negligence.

54.    Pursuant to Section 1708 of the Civil Code of California, the defendants, and each of them, owed a duty to plaintiff at all times relevant herein to abstain from injuring the plaintiff or infringing upon any of his rights.

55.    The defendants, and each of them, breached the duty they owed to plaintiff pursuant to Section 1708 of the Civil Code of California by willfully deceiving plaintiff with the intent to induce plaintiff to alter plaintiff's position to plaintiff's injury or risk. The defendants, and each of

20

*Carter v. A.W. Chesterton Company, et al.*

COMPLAINT FOR DAMAGES (PERSONAL INJURY—ASBESTOS)

1  them, deceived the plaintiff and committed actionable fraud pursuant to Section 1709 and

2  Section 1710 of the Civil Code of California.

3      56.    The defendants, and each of them, as more fully set forth below, suggested as fact

4  that which was not true and that which defendants, and each of them, did not believe was true.

5      57.    The defendants, and each of them, as more fully set forth below, asserted as fact that

6  which was not true and that which defendants, and each of them, had no reasonable grounds for

7  believing was true.

8      58.    The defendants, and each of them, as more fully set forth below, suppressed facts

9  which they were obligated to disclose and gave information of other facts which were likely to

10  mislead for want of communication of the undisclosed facts.

11      59.    The defendants, and each of them, made promises without any intention of keeping

12  those promises.

13      60.    Since 1924, the defendants, and each of them, have known and have possessed the

14  true facts of medical and scientific data and other knowledge which clearly indicated that the

15  materials and products referred to herein were and are hazardous to the health and safety of the

16  plaintiff and others in plaintiff's position working in close proximity with such materials.  The

17  defendants, and each of them, have known of the dangerous propensities of the aforementioned

18  materials and products since before that time, and with intent to deceive plaintiff and others in his

19  position, and with intent that he and such others should be and remain ignorant of such facts, and

20  with intent to induce plaintiff and such others to alter his and their positions to his and their injury

21  and/or risk and in order to gain advantages did do the following acts:

22      A.    Defendants, and each of them, did not label any of the aforementioned

23  asbestos-containing materials and products regarding the hazards of such materials and products to

24  the health and safety of plaintiff and others in plaintiff's position working in close proximity with

25  such materials until 1964, when certain of such materials were labeled by some, but not all, of the

26  defendants herein, despite the fact that the knowledge of such hazards existed and was known to

27  defendants, and each of them, since 1924. By not labeling such materials as to their said hazards,

28  defendants, and each of them, caused to be suggested as a fact to plaintiff and plaintiff's employer

21

1    that it was safe for plaintiff to work in close proximity to such materials when in fact it was not true

2    and defendants did not believe it to be true.

3          B.      Defendants, and each of them, suppressed information relating to the danger

4    of the use of the aforementioned materials by requesting the suppression of information to the

5    plaintiff and the general public concerning the dangerous nature of the aforementioned materials to

6    workers and by not allowing such information to be disseminated in a manner which would give

7    general notice to the public and knowledge of the hazardous nature thereof, when defendants were

8    bound to disclose such information.

9          C.      Defendants, and each of them, sold the aforementioned products and

10    materials to plaintiff's employer and others without advising such employers and others of dangers

11    of the use of such materials to persons working in close proximity thereto, when defendants knew

12    of such dangers, as set forth herein, and, as set forth above, had a duty to disclose such dangers.

13    Thereby, defendants caused to be positively asserted to plaintiff's employer that which was not true

14    and which defendants had no reasonable ground for believing to be true and in a manner not

15    warranted by the information possessed by said defendants, and each of them, to wit, that it was

16    safe for plaintiff to work in close proximity to such materials.

17          D.      Defendants, and each of them, suppressed and continue to suppress from

18    everyone, including plaintiff and plaintiff's employer, medical and scientific data and knowledge of

19    the results of studies including, but not limited to, the information and knowledge of the contents of

20    the Lanza report. Although bound to disclose it, defendants, and each of them, influenced

21    A. J. Lanza to change his report, the altered version of which was published in Public Health

22    Volume at page I in 1935, thereby causing plaintiff to be and remain ignorant thereof. Defendants,

23    and each of them, caused *Asbestos Magazine*, a widely disseminated trade journal, to omit mention

24    of danger, thereby lessening the probability of notice of danger to the users thereof.

25          E.      Defendants, and each of them, belonged to, participated in, and financially

26    supported the Asbestos Textile Institute and other industry organizations which, and on behalf of

27    defendants, and each of them, actively promoted the suppression of information of danger to users

28    of the aforementioned products and materials, thereby misleading plaintiff and plaintiff's employer

22

1   by the suggestions and deceptions set forth above in this cause of action. The Dust Control

2   Committee, which changed its name to the Air Hygiene Committee of the Asbestos Textile

3   Institute, was specifically enjoined to study the subject of dust control. Discussions in this

4   committee were held many times regarding the dangers inherent in asbestos and the dangers which

5   arise from the lack of control of dust and the suppression of such information from 1946 to a date

6   unknown to plaintiff at this time.

7         F.     Commencing in 1930 with the study of mine and mill workers at Asbestos

8   and Thetford Mines in Quebec, Canada, and the study of workers at Raybestos- Manhattan plants

9   in Manheim and Charleston, South Carolina, defendants knew and possessed medical and scientific

10   information of the connection between inhalation of asbestos fibers and mesothelioma, asbestosis,

11   pleural plaques, and related conditions, which information was disseminated through the Asbestos

12   Textile Institute and other industry organizations to all other defendants, and each of them, herein.

13   Between 1942 and 1950, the defendants, and each of them, acquired medical and scientific

14   information of the connection between inhalation of asbestos fibers and cancer, which information

15   was disseminated through the Asbestos Textile Institute and other industry organizations to all

16   other defendants herein. Thereby, defendants suggested as a fact that which is not true and

17   disseminated other facts likely to mislead plaintiff and plaintiff's employer and which did mislead

18   them by withholding afore-described medical and scientific data and by not giving plaintiff or

19   plaintiff's employer the true facts concerning such knowledge of danger when defendants were

20   bound to disclose it.

21         G.     Defendants, and each of them, failed to warn plaintiff and plaintiff's

22   employer that said materials were dangerous when breathed and caused pathological effects

23   without noticeable trauma, despite the fact that defendants possessed knowledge and were under a

24   duty to disclose that such material was dangerous and a threat to the health of persons coming into

25   contact therewith.

26         H.     Defendants, and each of them, failed to provide plaintiff with information

27   concerning adequate protective masks and devices to be used when applying and installing the

28   products of the defendants, and each of them, despite the knowledge of defendants and a duty to

23

*Carter v. A.W. Chesterton Company, et al.*                   COMPLAINT FOR DAMAGES (PERSONAL
                                                         INJURY—ASBESTOS)

1   disclose that such protective measures were necessary and would result in injury to the plaintiff and

2   others applying and installing such materials if not so advised.

3        I.      Defendants, and each of them, concealed from plaintiff the true nature of the

4   industrial and construction exposure of plaintiff and knew that plaintiff and anyone similarly

5   situated, upon inhalation of asbestos, would in time develop irreversible conditions of either

6   pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was exposed would

7   cause pathological effects without noticeable trauma despite the fact that defendants were under a

8   duty to and bound to disclose it; and

9        J.      Defendants, and each of them, failed to provide information to the public at

10  large and buyers, users, and physicians employed by plaintiff and plaintiff's employer for the

11  purpose of conducting physical examinations of plaintiff and others working with or near asbestos

12  of the true nature of the hazards of asbestos and that exposure to these materials would cause

13  pathological effects without noticeable trauma to the public, including buyers, users, and

14  physicians employed by plaintiff and plaintiff's employer so that said physicians could examine,

15  diagnose and treat plaintiff and others who were exposed to asbestos, despite the fact that

16  defendants, and each of them, were under a duty to so inform and said failure was misleading.

17       61.    Defendants, and each of them, having the aforementioned knowledge of facts and

18  knowing that the plaintiff did not possess such knowledge, acted falsely and fraudulently and with

19  full intent to cause plaintiff to remain unaware of those facts and to induce plaintiff to work with

20  and around unsafe products in a dangerous environment, all in violation of Section 1710 of the

21  Civil Code of the State of California.

22       62.    At all times mentioned, the defendants, and each of them, knowingly and willfully

23  conspired and agreed among themselves to perpetrate upon plaintiff the unlawful acts complained

24  of in Paragraphs 19 through 27 of the First Cause of Action and Paragraphs 54 through 61 of the

25  Fifth Cause of Action herein.

26       63.    The defendants, and each of them, and at least one of them, did the acts herein

27  alleged in Paragraph 60 through 62 of this Fifth Cause of Action in furtherance of the conspiracy

28  and agreement as herein alleged and also acted in furtherance of a conspiracy and agreement

                                    24

_Carter v. A.W. Chesterton Company, et al._              COMPLAINT FOR DAMAGES (PERSONAL
                                                         INJURY–ASBESTOS)

1  between and among the defendants, and each of them, to violate State and Federal laws and

2  regulations, the exact nature and extent of which are unknown at this time but known full well to

3  defendants, and each of them. These actions were done maliciously, wantonly, and in reckless

4  disregard for the health and safety of others, including plaintiff herein.

5      64.    Plaintiff reasonably relied upon the misrepresentations of the defendants, and each

6  of them, and in reliance on same continued to work with and around asbestos and asbestos-

7  containing products. Plaintiff would have taken steps to protect his health and life had he known

8  the facts, which were known to the defendants, and each of them, about exposure to asbestos and

9  asbestos-containing products. Plaintiff would not have knowingly continued to work in an unsafe

10  environment. He had no knowledge of the foregoing facts and actions of the defendants, and each

11  of them, at the time when they were committed and cannot be charged with knowledge or inquiry

12  thereof.

13      65.    As a direct and legal result of the conduct of the defendants, and each of them,

14  plaintiff developed an asbestos-related disease known and designated as mesothelioma, asbestosis,

15  pleural plaques, and related conditions and disabilities as previously set forth and has incurred

16  damages in excess of $50,000.00 in addition to the special damages alleged.

17      WHEREFORE, plaintiffs LUTHER EUGENE CARTER and SONJA C. CARTER pray

18  judgment as is hereinafter set forth.

19  ## SIXTH CAUSE OF ACTION

20  ### (False Representation Under Restatement Torts Section 402-B)

21      66.    AS AND FOR A SIXTH CAUSE OF ACTION, plaintiffs complain of the

22  defendants, and each of them, and allege:

23      67.    Plaintiffs incorporate by reference as though fully set forth herein, each and every

24  allegation of the General Allegations, and First, Second, Third, Fourth and Fifth Causes of Actions

25  herein.

26      68.    At the aforementioned time when defendants, and each of them, researched,

27  manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed,

28  advertised, marketed, warranted, inspected, repaired, offered for sale and sold the said asbestos and

25

Carter v. A.W. Chesterton Company, et al.          COMPLAINT FOR DAMAGES (PERSONAL
                                                   INJURY—ASBESTOS)

1   asbestos-containing products as hereinabove set forth, the defendants, and each of them, expressly

2   and impliedly represented to members of the general public, including the purchasers and users of

3   said product, and including plaintiff herein and his employers, that asbestos and asbestos-

4   containing products were of merchantable quality and safe for the use for which they were

5   intended.

6        69.    The purchasers and users of said asbestos and asbestos-containing products,

7   including plaintiff and his employers, relied upon said representations of defendants, and each of

8   them, in the selection, purchase and use of asbestos and asbestos-containing products.

9        70.    Said representations by defendants, and each of them, were false and untrue in that

10  the asbestos and asbestos-containing products were not safe for their intended use, nor were they

11  merchantable quality as represented by defendants, and each of them, in that asbestos and asbestos

12  containing products have very dangerous properties and defects whereby said products cause lung

13  cancer, mesothelioma, asbestosis, pleural plaques, and other diseases and have other defects that

14  cause injury and damage to the users of said products, including the plaintiff herein, thereby

15  threatening the health and life of plaintiff.

16       71.    As a direct and legal result of the conduct of the defendants, and each them plaintiff

17  developed an asbestos-related disease known and designated as mesothelioma, asbestosis, pleural

18  plaques, and related conditions and disabilities as previously set forth, and has incurred damages in

19  excess of $50,000.00 in addition to the special damages alleged herein.

20       WHEREFORE, plaintiffs LUTHER EUGENE CARTER and SONJA C. CARTER pray

21  judgment as hereinafter set forth.

22                      **SEVENTH CAUSE OF ACTION**

23                         **(Loss of Consortium)**

24       72.    AS AND FOR AN SEVENTH CAUSE of action, plaintiff, SONJA C. CARTER

25  complains of defendants, and each of them, as follows:

26       73.    Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though

27  fully set forth herein, each and every allegation contained in the General Allegations and each of

28  the foregoing Causes of Action herein.

*Carter v. A.W. Chesterton Company, et al.*          COMPLAINT FOR DAMAGES (PERSONAL
                                                   INJURY−ASBESTOS)

74. At the time that plaintiff sustained injury as more fully alleged in the First through Sixth Causes of Action, and at all times thereafter, plaintiff SONJA C. CARTER was the spouse of plaintiff LUTHER EUGENE CARTER.

75. Prior to said injuries, plaintiff was able to and did perform his duties as the spouse of SONJA C. CARTER. Plaintiff is informed and believes and thereon alleges that subsequent to said injuries and as a proximate result thereof, plaintiff has been, and at some time in the future will be, incapacitated and unable to perform the necessary duties as spouse of plaintiff and the work and service usually performed in the care, maintenance, and management of the family home.

76. As a proximate result of said injuries, plaintiff has been and will be deprived of consortium with plaintiff LUTHER EUGENE CARTER, including the performance of his spouse's duties, and plaintiff SONJA C. CARTER has and will be required to perform the duties previously performed by his spouse SONJA C. CARTER, all to plaintiff's damage in a sum which cannot be ascertained at this time. Plaintiff requests the right to amend this complaint to allege the amount of said damages when they are ascertained.

WHEREFORE, plaintiffs LUTHER EUGENE CARTER and SONJA C. CARTER pray judgment as follows:

**First, Second, and Fifth Causes of Action**

1. General damages in an amount in excess of $50,000.00 in accordance with proof;

2. Damages for fraud and conspiracy in an amount in excess of $50,000.00 in accordance with proof;

3. Punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with proof;

4. Special damages in accordance with the proof;

5. Prejudgment interest and post-judgment interest in accordance with law;

6. Costs of suit; and,

7. Such and other and further relief as the Court deems just and proper.

///

///

27

*Carter v. A.W. Chesterton Company, et al.*                COMPLAINT FOR DAMAGES (PERSONAL INJURY—ASBESTOS)

**Third, Fourth, and Sixth Causes of Action**

   1.   General damages in an amount in excess of $50,000.00 in accordance with proof;

   2.   Special damages in accordance with the proof;

   3.   Prejudgment interest and post-judgment interest in accordance with law;

   4.   Costs of suit; and,

   5.   Such and other and further relief as the Court deems just and proper.

   WHEREFORE, plaintiff SONJA C. CARTER prays judgment as follows:

**Seventh Cause of Action**

   1.   General damages in an amount in excess of $50,000.00 in accordance with proof;

   2.   Damages for fraud and conspiracy in an amount in excess of $50,000.00 in accordance with proof;

   3.   Punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with proof;

   4.   Special damages in accordance with the proof;

   5.   Prejudgment interest and post-judgment interest in accordance with law;

   6.   Costs of suit; and,

   7.   Such and other and further relief as the Court deems just and proper.

DATED: November 4, 2010                    BRENT COON & ASSOCIATES

                                           By:  _____
                                           RICHARD A. BRODY, ESQ.
                                           PAULA A. RASMUSSEN, ESQ.
                                           Attorneys for Plaintiffs

28

1   Richard A. Brody, Esq. (SBN 100379)
    Paula A. Rasmussen, Esq. (SBN 258352)
2   BRENT COON & ASSOCIATES
    44 Montgomery Street, Suite 800
3   San Francisco, CA 94104
    Telephone: 415.489.7420
4   Facsimile: 415.489.7426

5   J. Dennis Weitzel, Esquire (seeking Pro Hoc Admission)
    Texas State Bar No. 21118200
6   Morgan & Morgan, PA
    20 N. Orange Avenue
7   Suite 1600
    Orlando, FL 32802
8   Telephone: 407.420.1414
    Facsimile: 407.422.8925
9
10  Attorneys for Plaintiffs

11

12            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              IN AND FOR THE COUNTY OF SAN FRANCISCO

14

15  | LUTHER EUGENE CARTER and       Case No. **CGC-10-275695**
16  | SONJA C. CARTER,
                                     **PRELIMINARY FACT SHEET**
17  |       Plaintiffs,              **NEW FILING**
                                     **ASBESTOS LITIGATION**
18  | v.                             **(General Order No. 129)**

19  | A.W. CHESTERTON COMPANY, et al.,

20  |       Defendants.

21

22                          <u>NOTICE</u>

23

24      TO NEW DEFENDANTS SERVED IN THE ABOVE-CAPTIONED CASE SUBJECT
    TO THE GENERAL ORDERS OF COMPLEX ASBESTOS LITIGATION IN THE
25  ABOVE-CAPTIONED COURT:

26      You have been served with process in an action which has been designated by the Court as

27  complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This

28  litigation bears the caption "In Re: Complex Asbestos Litigation" and the Court No. 828684.

                                        1

_Carter v. A.W. Chesterton Company, et al._                    PRELIMINARY FACT SHEET

---

ENDORSED
**FILED**
San Francisco County Superior Court

NOV – 4 2010

CLERK OF THE COURT
BY: ___PARAM NATT___
            Deputy Clerk

1    This litigation is governed by various general orders, some of which affect the judicial

2    management and/or discovery obligations, including your responsibility to answer interrogatories

3    deemed propounded in this case.   You may download this Court's General Orders from the

4    internet, or contact the Court or Designated Defense Counsel, Berry & Berry, Post Office Box

5    16070, Oakland, CA 94612; telephone (510) 250-0200; Facsimile (510) 835-5117, for further

6    information and/or for copies of these orders, at your expense.

7

8    I.      State the complete name and address of each person whose claimed exposure to
             asbestos is the basis of this lawsuit ("exposed person"):   Luther Eugene Carter, 4788
9            Pond Apple Drive N., Naples, Florida  34119

10

11   II.     Does plaintiff anticipate filing a motion for preferential trial date within the next
             four months?   _X_ Yes                          _____ No

12

13   III.    Date of birth of each exposed person in item one and, if applicable, date of death:
             Date of Birth:  6/8/1929 Date of f Death: N/A

14

15           Social Security Number of each exposed person:

16           XXX-XX-4740

17

18   IV.     Specify the nature of type of asbestos-related disease alleged by each exposed
             person:
             _____Asbestosis                          _X_ Mesothelioma

19

20           _____Pleural Thickening/Plaques          _____Other Cancer: Specify:

21           _____Lung Cancer Other Than Mesothelioma _____Other: Specify

22   V.      For purposes of identifying the nature of exposure allegations involved in this
             action, please check one or more:
23

24           _X_ Shipyard        _____Construction    _____Friction/Automotive

25           _____Premises      _____Aerospace       _X_ Military

26           _____Other: Specify all that apply:

27

28           If applicable, indicate which exposure allegations apply to which exposed person.

                                            2

_Carter v. A.W. Chesterton Company, et al._              PRELIMINARY FACT SHEET

1    **VI.**    **Identify each location alleged to be a source of an asbestos exposure, and to the**
        **extent known, provide the beginning and ending year(s) of each such exposure.**
2          **Also specify each exposed person's employer and job title or job description during**
        **each period of exposure.** (For example, "San Francisco Naval Shipyard Pipefitter
3          1939-1948"). Examples of locations of exposure might be a specific shipyard, a
4          specific railroad maintenance yard, or perhaps more generalized descriptions such as
        "merchant marine" or "construction". If an exposed person's claims exposure during
5          only a portion of a year, the answer should indicate that year as the beginning and
6          ending year (e.g., 1947-1947).

7        Decedent was exposed to asbestos as listed below:

8

9

10
| Trade | Employer | Site | Years |
|-------|----------|------|-------|
| Naval Officer | US Navy | Mare Island Naval Base Vallejo, CA | 1952 |
11

12

13

14  DATED: November 4, 2010          BRENT COON & ASSOCIATES

15

16

17          By: _____
            RICHARD A. BRODY, ESQ.
18             PAULA A. RASMUSSEN
           Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

28

*Carter v. A.W. Chesterton Company, et al.*          PRELIMINARY FACT SHEET

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Paula A. Rasmussen, Esq.          SBN: 258352
BRENT COON & ASSOCIATES
44 Montgomery St., Suite 800, San Francisco, CA 94104
TELEPHONE NO: 415-489-7420     FAX NO: 415-489-7426
ATTORNEY FOR (Name): Plaintiffs Luther Eugene Carter, et al.
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

**FOR COURT USE ONLY**

ENDORSED
FILED
San Francisco County Superior Court

NOV - 4 2010

CLERK OF THE COURT
BY: PARAM NATT
Deputy Clerk

CASE NAME: LUTHER EUGENE CARTER, et al. vs. A.W. CHESTERTON COMPANY, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC - 10 - 275695  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [X] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 7
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 4, 2010

Paula A. Rasmussen, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**   ProDoc®

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
 Property Damage/Wrongful Death)
 Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
 Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition