ASBESTOS

# U.S. District Court
## Western District of North Carolina (Asheville)
### CIVIL DOCKET FOR CASE #: 1:10-cv-00224-MR

| | |
|---|---|
| Honbarrier v. Foster Wheeler Energy Corporation et al | Date Filed: 10/05/2010 |
| Assigned to: District Judge Martin Reidinger | Jury Demand: Plaintiff |
| Demand: $100,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**Donald Eugene Honbarrier, Jr.**  represented by  **William M. Graham**
*as Executor of the Estate of*                      Wallace & Graham
Donald Eugene Honbarrier, Sr.                       525 North Main Street
*as Executor of the Estate of*                      Salisbury, NC 28144
Eva Shoaf Honbarrier                                704-633-5244
                                                    Fax: 704-633-9434
                                                    Email: bgraham@wallacegraham.com
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler Energy Corporation**  represented by  **Jennifer M. Techman**
                                                      Evert Weathersby Houff
                                                      3405 Piedmont Road
                                                      Suite 200
                                                      Atlanta, GA 30305
                                                      678-651-1200 x:238
                                                      Fax: 678-651-1201
                                                      Email: jmtechman@ewhlaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**  represented by  **Timothy Peck**
                                              Smith Moore LLP
                                              P.O. Box 21927
                                              Greensboro, NC 27420
                                              336/ 378-5307
                                              Fax: 336/ 433-7471
                                              Email: tim.peck@smithmoorelaw.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**General Refractories Company**

**Defendant**

**National Service Industries, Inc.**
*formerly known as*
North Brothers Company

represented by **Carter T. Lambeth**
Johnson & Lambeth
P.O. Box 660
Wilmington, NC 28402
910-763-0481
Fax: 910-251-1276
Email: ctl@johnsonandlambeth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owens-Illinois, Inc.**

represented by **Robert O. Meriwether**
Nelson, Mullins, Riley & Scarborough, LLP
1320 Main St., Suite 17
P.O. Box 11070
Columbia, SC 29201
803-799-2000
Fax: 803-256-7500
Email: robert.meriwether@nelsonmullins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Zurn Industries, LLC**

represented by **Tracy Edward Tomlin**
Nelson, Mullins, Riley & Scarborough, LLP
100 N. Tryon St.
42nd Floor
Charlotte, NC 28202
704-417-3101
Fax: 704-417-3227
Email: tracy.tomlin@nelsonmullins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**

represented by **Timothy Peck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2010 | 1 | COMPLAINT *Donald Eugene Honbarrier Jr., Executor of the Estate of* |

|  |  | *Donald Eugene Honbarrier Sr., and Eva Shoaf Honbarrier, spouse of Donald Eugene Honbarrier Sr.* against Foster Wheeler Energy Corporation, General Electric Company, General Refractories Company, Ingersoll-Rand Company, National Service Industries, Inc., Owens-Illinois, Inc., Zurn Industries, LLC with Jury Demand ( Filing fee $ 350 receipt number 0419-1176990), filed by Donald Eugene Honbarrier, Jr. (Graham, William) Modified text on 10/6/2010 (ejb). (Entered: 10/05/2010) |
|---|---|---|
| 10/06/2010 |  | Case assigned to District Judge Martin Reidinger. *This is your only notice - you will not receive a separate document.*(pdf) (Entered: 10/06/2010) |
| 10/06/2010 | 2 | Summons Issued Electronically as to Foster Wheeler Energy Corporation, General Electric Company, General Refractories Company, Ingersoll-Rand Company, National Service Industries, Inc., Owens-Illinois, Inc., Zurn Industries, LLC. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (pdf) (Entered: 10/06/2010) |
| 10/06/2010 |  | In Re: Asbestos Products Liability Litigation - MDL #875. Notice to Clerk of MDL Panel of tag-along case. (pdf) (Entered: 10/06/2010) |
| 10/06/2010 | 3 | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos-Related Litigation, WDCP-83-1. Signed by Clerk, Frank G. Johns. (pdf)** (Entered: 10/06/2010) |
| 10/19/2010 | 4 | AFFIDAVIT of Service filed by Donald Eugene Honbarrier, Jr. All Defendants. (Graham, William) (Entered: 10/19/2010) |
| 10/19/2010 |  | Set Answer Deadlines: Foster Wheeler Energy Corporation, General Electric Company, Ingersoll-Rand Company & Zurn Industries, LLC served 10/7/10, answer due 12/6/10; General Refractories Company & Owens-Illinois, Inc. served on 10/8/10, answer due on 12/7/10; National Service Industries, Inc. served on 10/13/10, answer due 12/13/10. (ejb) (Entered: 10/22/2010) |
| 10/22/2010 | 5 | ANSWER to 1 Complaint,, by Foster Wheeler Energy Corporation.(Techman, Jennifer) (Entered: 10/22/2010) |
| 10/22/2010 | 6 | Corporate Disclosure Statement by Foster Wheeler Energy Corporation (Techman, Jennifer) (Entered: 10/22/2010) |
| 11/12/2010 | 7 | *Zurn Industries, LLC* ANSWER to 1 Complaint,, with Jury Demand by Zurn Industries, LLC.(Tomlin, Tracy) (Entered: 11/12/2010) |
| 11/12/2010 | 8 | Corporate Disclosure Statement by Zurn Industries, LLC (Tomlin, Tracy) (Entered: 11/12/2010) |
| 12/07/2010 | 9 | ANSWER to Complaint with Jury Demand by Owens-Illinois, Inc.. (Meriwether, Robert) (Entered: 12/07/2010) |
| 12/10/2010 | 10 | ANSWER to 1 Complaint,, with Jury Demand *and Answer to All Cross-Claims with Certificate of Service* by Ingersoll-Rand Company.(Peck, Timothy) (Entered: 12/10/2010) |
| 12/10/2010 | 11 | Corporate Disclosure Statement by Ingersoll-Rand Company (Peck, Timothy) |

| | | |
|---|---|---|
| | | (Entered: 12/10/2010) |
| 12/10/2010 | | In Re: Asbestos Products Liability Litigation - MDL #875. 2nd NOTICE to Clerk of MDL Panel of tag-along case - 1st Notice sent 10/6/10. (nll) (Entered: 12/10/2010) |
| 12/13/2010 | 12 | ANSWER to 1 Complaint,, with Jury Demand *and Answer to All Cross-Claims* by General Electric Company.(Peck, Timothy) (Entered: 12/13/2010) |
| 12/13/2010 | 13 | Corporate Disclosure Statement by General Electric Company (Peck, Timothy) (Entered: 12/13/2010) |
| 12/13/2010 | 14 | *ENTRY OF APPEARANCE AND* ANSWER to 1 Complaint,, with Jury Demand by National Service Industries, Inc..(Lambeth, Carter) (Entered: 12/13/2010) |
| 12/13/2010 | 15 | Corporate Disclosure Statement by National Service Industries, Inc. (Lambeth, Carter) (Entered: 12/13/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/10/2011 14:52:02 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-00224-MR |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : Civil Action No. MDL 875 |
| This Document Relates to: | : |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.: 1:10-cv-224

| | |
|---|---|
| Donald Eugene Honbarrier Jr., Executor of the Estate of Donald Eugene Honbarrier Sr., and Eva Shoaf Honbarrier, spouse of Donald Eugene Honbarrier Sr., | : |
| Plaintiffs, | : **CIVIL ACTION COMPLAINT** |
| vs. | : **JURY TRIAL DEMANDED** |
| Foster Wheeler Energy Corporation; General Electric Company; General Refractories Company; Ingersoll-Rand Company; National Service Industries, Inc. (f/k/a North Brothers Company); Owens-Illinois, Inc. Zurn Industries, LLC | : |
| Defendants | : |

**CIVIL ACTION COMPLAINT**

PLAINTIFF, Donald Eugene Honbarrier, Jr., individually and as Personal Representative of the Estate of Donald Eugene Honbarrier, Sr. and on behalf of the Wrongful Death Beneficiaries of Donald Eugene Honbarrier (deceased), by and through his attorneys, Wallace and Graham, PA, hereby brings this Civil Action Complaint, whereof the following is a statement:

## JURISDICTION AND VENUE

1. This action was originally filed in the Circuit Court of Holmes County, Mississippi, civil action number 2002-548. This action was subsequently removed to federal court and transferred to the MDL 875. Plaintiff filed an amended complaint in accordance with the Court's order. On October 6, 2009, the action was dismissed, without prejudice, by Judge Eduardo C. Robreno of the United States District Court for the Eastern District of Pennsylvania.

2. This action is being re-filed in this Court in accordance with Mississippi and North Carolina savings statutes, which allow an action to be re-filed within one year from the date of dismissal without prejudice. *See* N.C. R. Civ. P. 41.

3. This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

4. Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

5. This civil action is brought pursuant to, among other things, the laws of the State of North Carolina, including but not limited to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 *et seq*., for the wrongful death of the decedent, Donald Eugene Honbarrier, Sr., on behalf of all persons entitled to recover damages.

6. This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action. This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

**PARTIES**

1. The Decedent, Donald Eugene Honbarrier, Sr., was diagnosed with asbestos related injuries, in particular, Lung Cancer, and the Plaintiff claims damages against the defendants identified herein. Plaintiff was appointed Executor of the Estate of Donald Eugene Honbarrier, Sr., deceased, by the General Court of Justice, Superior Court Division, Gaston County, North Carolina on November 15, 2001, file number 01-E-1218. Plaintiff maintains this action on behalf of himself and the estate pursuant to his powers under N.C. Gen. Stat. 28A-13-3.

2. All of the named defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute.

3. FOSTER WHEELER ENERGY CORPORATION, (named in the Fifth Amended Complaint as FOSTER-WHEELER CORPORATION, FOSTER-WHEELER CONSTRUCTORS, INC. and FOSTER-WHEELER ENERGY CORPORATION), is a foreign corporation who may be served with process through its registered agent, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

4. GENERAL ELECTRIC COMPANY, is a foreign corporation who may be served with process through its registered agent, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

5. GENERAL REFRACTORIES COMPANY, is a foreign corporation who may be served with process at its corporate offices, 1 Bala Ave. Suite 310, Bala Cynwyd, PA 19004.

6. INGERSOLL-RAND COMPANY is a foreign corporation who may be served with process through its registered agent, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

7.     NATIONAL SERVICE INDUSTRIES, INC. (f/k/a North Brothers Company), (named in the Fifth Amended Complaint as NATIONAL SERVICE INDUSTRIES, INC. and NORTH BROTHERS, INC.), is a foreign corporation who may be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway S Ste 300, Norcross, GA 30092.

8.     OWENS-ILLINOIS, INC., (named in the Fifth Amended Complaint as OWENS-ILLINOIS, INC. (successor to Owens-Illinois Glass Company), is a foreign corporation who may be served with process through its managing agent, One Michael Owens Way, Perrysburg, OH 43551.

9.     ZURN INDUSTRIES, LLC (named in the Fifth Amended Complaint as ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to Erie City Iron Works), is a foreign corporation who may be served with process through its registered agent, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

## PRODUCT LIABILITY

10.    Each Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

11.    Plaintiff shows that for a period of many years, Decedent worked with and/or was exposed, either directly or indirectly, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products while working in various locations as shown herein:

| Employer Name | Jobsite | City | State | From | To | Trade/Duty Occupation |
|---|---|---|---|---|---|---|
| Duke Energy | Allen & Buck Steam Stations | | NC | 1/26/1953 | 3/3/1991 | Coal handler |
| Duke Energy | Allen & Buck Steam Stations | | NC | 1/26/1953 | 3/3/1991 | Operating department |
| Duke Energy | Allen & Buck Steam Stations | | NC | 1/26/1953 | 3/3/1991 | Shift supervisor |
| Duke Energy | Allen & Buck Steam Stations | | NC | 1/26/1953 | 3/3/1991 | Boiler room |
| Rowan Dairy | Rowan Dairy | Salisbury | NC | 10/18/50 | 1/24/53 | Route Salesman |

Plaintiff would show that Decedent has been exposed as previously described, on numerous occasions, to asbestos fibers, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products mined, produced, distributed, installed, and/or sold by Defendants and, in so doing, has inhaled great quantities of asbestos fibers. Further Plaintiff alleges, as more specifically set out below, that Decedent suffered injuries proximately caused by exposure to asbestos fibers and/or asbestos-containing products mined, produced, designed, manufactured, distributed, installed, and/or and sold by Defendants.

12.     Plaintiff alleges that Decedent was exposed to asbestos fibers, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products as previously described. In that each exposure to such products caused or contributed to Decedent's injury and death, Plaintiff says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

COUNT ONE

13. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

14. The illness, disability and death of Decedent is a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities mined, designed, manufactured, produced, distributed, installed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Decedent's health and well-being. Defendants were negligent in one, some, and/or all of the following respects, among others, same being the proximate cause of Decedent's illness, disability, and death:

   a. in failing to timely and adequately warn Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

   b. in failing to provide Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Decedent from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

   c. in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or

asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

d. in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

e. in failing to develop and utilize a substitute material to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

f. in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

g. in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

h. in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

## COUNT TWO

15. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

16. Decedent was exposed to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were produced, designed, manufactured, and/or distributed by Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery as previously described. Plaintiff would show that the defective condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they left the hands of Defendants.

17. Defendants are engaged in the business of selling and/or installing asbestos, asbestos-containing products, and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold and/or installed, were a proximate cause of the injuries of Decedent.

18. Defendants knew that these asbestos fibers, asbestos-containing products, and/or machinery would be used without inspection for defects and, by placing them on the market, or by installing them in or near where Decedent worked, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, and/or removal of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

19. Decedent was unaware of the hazards and defects in the asbestos-containing products of Defendants that made them unsafe for purposes of manipulation, installation, and/or removal. Similarly, Decedent was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

20. During the periods that Decedent was exposed to the asbestos-containing products and/or machinery of Defendants, these asbestos-containing products and/or machinery were being utilized in a manner that was intended by Defendants.

## COUNT THREE

21. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

22. Plaintiff further alleges that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves to cause Decedent's injuries, diseases, and illnesses by exposing Decedent to harmful and dangerous asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products as previously described. Defendants and/or their predecessors-in-interest further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. In this connection, Plaintiff has sued the Metropolitan Life Insurance Company in its capacity as a conspirator. Defendants committed the above described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to, either directly or indirectly, Defendants asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

23. In furtherance of said conspiracies, Defendants and/or their predecessors-in-interest performed the following overt acts:

   a. for many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature, and test

    reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

b.     despite the medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully, and maliciously:

c.     withheld, concealed, and suppressed from Decedent who were using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products said medical and scientific data, literature, and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases;

d.     caused to be released, published, and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma, and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated, and misleading; and

e.     distorted the results of medical examinations conducted upon Decedent and workers such as Decedent who were using asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Decedent and workers such as Decedent have suffered; and

f.     by the false and fraudulent representations, omissions, and concealments set forth

above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce Decedent to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

24. Decedent reasonably and in good faith relied upon the false and fraudulent representations, omissions, and concealments made by Defendants regarding the nature of their asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

25. As a direct and proximate result of Decedent's reliance on Defendants' false and fraudulent representations, omissions, and concealments, Decedent has sustained damages including injuries, illnesses, and disabilities and have been deprived of the opportunity of informed free choice in connection with the use of and exposure to, either directly or indirectly, Defendants' asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

26. Moreover, Defendants continue to contrive, combine, confederate and conspire among themselves to injure Plaintiff and to deprive Plaintiff of his rightful recoveries. As a direct and proximate result of Defendants' ongoing actions, Plaintiff continues to sustain damages.

27. Additionally, Plaintiff adopts all previous allegations as to Defendants and additionally state with respect to any and all Defendants named in this petition (or hereinafter to be added) who were members of the Air Hygiene Foundation (predecessor to the Industrial Hygiene Foundation), the Industrial Hygiene Foundation, the Quebec Asbestos Mining Association, the American Textile Institute, and/or other trade associations whose members

conspired to conceal the hazards of asbestos: These Defendants (the "Trade Association Conspiracy Defendants") joined together to combat publicity and dissemination of data on the hazards of asbestos and acted to conceal medical studies from the general public, including asbestos-exposed workers such as Decedent. The above-described actions constituted intentional deception and fraud by actively misleading the public about the extent of the hazards of asbestos and substantially contributed to retarding the development of knowledge about such hazards, thereby substantially contributing to Decedent's injuries. The Trade Association Conspiracy Defendants were active conspirators and engaged in the suppression, alteration and destruction of relevant scientific studies involving the hazards of asbestos. These Defendants and their co-conspirators conspired with Johns-Manville and/or participated in numerous unlawful acts in furtherance of the conspiracies.

28.   Further, the Conspiracy Defendants and the Trade Association Conspiracy Defendants committed the tort of assault and battery upon Decedent by intentionally, knowingly and/or recklessly causing them bodily harm. Plaintiff specifically asserts the doctrine of transferred intent.

29.   Further, the Conspiracy Defendants and the Trade Association Conspiracy Defendants, and their trade association co-conspirators, individually, as members of a conspiracy, and as agents of other co-conspirators, have been and are in a position of superior knowledge regarding the health hazards of asbestos, and therefore, Plaintiffs had the right to rely upon the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products.

30.   Further, the Conspiracy Defendants and the Trade Association Conspiracy Defendants intentionally manufactured and/or installed and/or sold and/or distributed and/or

marketed a defective product in that they intentionally manufactured and/or installed and/or distributed and/or sold and/or marketed and/or used asbestos-containing products without adequate warnings of the hazards of asbestos that could and did result in personal injury and/or death to those exposed to their products, including Decedent.

## COUNT FOUR

31. All of the allegations contained in the previous paragraphs are realleged herein.

32. The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damage and injury to the Decedent. More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Decedent and should be held liable in punitive and exemplary damages to Plaintiff.

## COUNT FIVE

33. All of the allegations contained in the previous paragraphs are realleged herein.

34. The actions of all Defendants aided, abetted, encouraged, induced, or directed the negligent and/or intentional acts of each and every other Defendant.

35. Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of Plaintiff.

36. The actions of each Defendant are a proximate cause of Plaintiff's injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## DAMAGES

37. All of the allegations contained in the previous paragraphs are realleged herein.

38. As a direct and proximate result of Defendants' tortuous conduct as aforesaid, Decedent developed asbestos-related lung disease and other related physical conditions and died. Plaintiffs have been damaged in the following particulars:

   a. Decedent suffered great physical pain and mental anguish, great pain of body and mind throughout his lifetimes;

   b. Decedent incurred hospital and/or medical and/or pharmaceutical and/or other expenses due to the progressively disabling character of asbestos-related lung disease and other related physical conditions from which they now suffer and will continue to suffer in the future;

   c. Decedent suffered a physical impairment due to the disabling character of asbestos-related lung disease and other related physical conditions;

   d. Decedent suffered a progressive loss of earning capacity and wages during his lifetime;

   e. Prior to the onset of symptoms, Decedent was extremely active and participated in numerous hobbies and activities, and as a result of his illness, Decedent was prevented from engaging in some of said activities which were normal to them prior to developing symptoms from asbestos-related lung disease.  Decedent was prevented from participating in and enjoying the benefits of a full and complete life; and

   f. Plaintiff and Plaintiff's decedent seek punitive and exemplary damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for their costs expended herein, for prejudgment interest from the date of Plaintiff's exposure to asbestos fibers, asbestos-containing products, and/or machinery calling for the use of

asbestos-containing products, and for post-judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

### **PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This the 5th day of October, 2010.

                                  Respectfully submitted,

                                  WALLACE AND GRAHAM, P.A.

                                  <u>s/William M. Graham</u>
                                  William M. Graham, Esquire (NCSBN 17972)
                                  Cathy A. Williams, Esquire (NCSBN 33534)
                                  Attorneys for Plaintiff
                                  WALLACE & GRAHAM, P.A.
                                  525 North Main Street
                                  Salisbury, NC  28144
                                  Tel. No. (704) 633-5244
                                  Fax: (704) 633-9434
                                  E-Mail:       bgraham@wallacegraham.com
                                                      cwilliams@wallacegraham.com