ASBESTOS

# U.S. District Court
## Western District of North Carolina (Asheville)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00229-MR

Thomas et al v. Air & Liquid Systems Corporation et al    Date Filed: 10/12/2010
Assigned to: District Judge Martin Reidinger                Jury Demand: Both
Cause: 28:1332 Diversity-Asbestos Litigation               Nature of Suit: 368 P.I. : Asbestos
                                                           Jurisdiction: Diversity

**Plaintiff**

**Ronald Bruce Thomas**                  represented by   **William M. Graham**
                                                          Wallace & Graham
                                                          525 North Main Street
                                                          Salisbury, NC 28144
                                                          704-633-5244
                                                          Fax: 704-633-9434
                                                          Email: bgraham@wallacegraham.com
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sandra Hinson Thomas**                 represented by   **William M. Graham**
*Spouse*                                                  (See above for address)
                                                          *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Air & Liquid Systems Corporation**     represented by   **Tracy Edward Tomlin**
*as successor to*                                         Nelson, Mullins, Riley & Scarborough,
Buffalo Pumps, Inc.                                       LLP
                                                          100 N. Tryon St.
                                                          42nd Floor
                                                          Charlotte, NC 28202
                                                          704-417-3101
                                                          Fax: 704-417-3227
                                                          Email:
                                                          tracy.tomlin@nelsonmullins.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Blackmer Pump**

**Defendant**

**Crane Co.**                            represented by   **Tracy Edward Tomlin**
                                                          (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Flowserve Corporation, Inc.**
*doing business as*
Aldrich Pump Company

### Defendant

**FMC Corporation**            represented by   **Edward Taylor Stukes**
*formerly known as*                            Nexsen Pruet Adams
Northern Pump                                  201 South Tryon Street
                                               Suite 1200
                                               Charlotte, NC 28209
                                               704-338-5316
                                               Email: tstukes@nexsenpruet.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Peter A. Santos**
                                               Nexsen Pruet, PLLC
                                               227 West Trade Street
                                               Suite 1550
                                               Charlotte, NC 28202
                                               704-338-5336
                                               Fax: 704-338-5377
                                               Email: psantos@nexsenpruet.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

### Defendant

**FMC Corporation**            represented by   **Edward Taylor Stukes**
*on behalf of its former Northern Pump*        (See above for address)
*Business*                                     *LEAD ATTORNEY*
*on behalf of*                                 *ATTORNEY TO BE NOTICED*
Northern Pump Business
                                               **Peter A. Santos**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

### Defendant

**Gardner Denver Nash LLC**    represented by   **Tracy Edward Tomlin**
*formerly known as*                            (See above for address)
Nash Engineering Corporation                   *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

### Defendant

**Gardner Denver, Inc.**

**Defendant**

**IMO Industries, Inc.**                    represented by   **Joshua Hamilton Bennett**
                                                            Bennett & Guthrie, P.L.L.C.
                                                            1560 Westbrook Plaza Drive
                                                            Winston-Salem, NC 27103
                                                            336-765-3121
                                                            Fax: 336-765-8622
                                                            Email: jbennett@bennett-guthrie.com
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**                  represented by   **Timothy Peck**
                                                            Smith Moore LLP
                                                            P.O. Box 21927
                                                            Greensboro, NC 27420
                                                            336/ 378-5307
                                                            Fax: 336/ 433-7471
                                                            Email: tim.peck@smithmoorelaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance**             represented by   **Keith E. Coltrain**
**Company**                                                 Elmore & Wall PA
*a wholly owned subsidiary of Metlife*                      1001 Wade Ave., Ste. 423
*Inc.*                                                      Raleigh, NC 27605
*other*                                                     919 865-9500
Metlife Inc.                                                Fax: 919 865-9501
                                                            Email: keith.coltrain@elmorewall.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Patterson Pump Company**                  represented by   **Charles Monroe Sprinkle , III**
                                                            Haynsworth Sinkler Boyd, P.A.
                                                            75 Beattie Place, Eleventh Floor
                                                            Greenville, SC 29601
                                                            864-240-3212
                                                            Fax: 864-240-3300
                                                            Email: csprinkle@hsblawfirm.com
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**              represented by   **Carter T. Lambeth**
                                                            Johnson & Lambeth
                                                            P.O. Box 660
                                                            Wilmington, NC 28402
                                                            910-763-0481
                                                            Fax: 910-251-1276

Email: ctl@johnsonandlambeth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SPX Heat Transfer Inc.**
*formerly known as*
Griscom Russell

**Defendant**

**Trane US, Inc.**                          represented by **Timothy Peck**
*Individually and as Successor in*          (See above for address)
*Interest to Ross Heat Exchanger, a*        *LEAD ATTORNEY*
*Division of American Standard Inc.*        *ATTORNEY TO BE NOTICED*
*as successor to*
Ross Heat Exchanger
*other*
American Standard Inc.

**Defendant**

**Union Carbide Corporation**               represented by **Charles Monroe Sprinkle , III**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**                      represented by **Tracy Edward Tomlin**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Zurn Industries, LLC**                    represented by **Tracy Edward Tomlin**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**IMO Industries, Inc.**                    represented by **Joshua Hamilton Bennett**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

**Air & Liquid Systems Corporation**        represented by **Tracy Edward Tomlin**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Blackmer Pump**

**Cross Defendant**

**Crane Co.**                           represented by **Tracy Edward Tomlin**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**FMC Corporation**                     represented by **Edward Taylor Stukes**
*on behalf of its former Northern Pump*               (See above for address)
*Business*                                            *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Peter A. Santos**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**FMC Corporation**                     represented by **Edward Taylor Stukes**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Peter A. Santos**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Flowserve Corporation, Inc.**

**Cross Defendant**

**Gardner Denver Nash LLC**

**Cross Defendant**

**Gardner Denver, Inc.**

**Cross Defendant**

**Ingersoll-Rand Company**

**Cross Defendant**

**Metropolitan Life Insurance**         represented by **Keith E. Coltrain**
**Company**                                            (See above for address)
*a wholly owned subsidiary of Metlife*                *LEAD ATTORNEY*
*Inc.*                                                 *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Patterson Pump Company**

**Cross Defendant**

**Rapid American Corporation**

**Cross Defendant**

**SPX Heat Transfer Inc.**

**Cross Defendant**

**Trane US, Inc.**
*Individually and as Successor in*
*Interest to Ross Heat Exchanger, a*
*Division of American Standard Inc.*

**Cross Defendant**

**Union Carbide Corporation**

**Cross Defendant**

**Yarway Corporation**                    represented by **Tracy Edward Tomlin**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Zurn Industries, LLC**                  represented by **Tracy Edward Tomlin**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/12/2010 | 1 | COMPLAINT against Air & Liquid Systems Corporation, Blackmer Pump, Crane Co., FMC Corporation, FMC Corporation on behalf of its former Northern Pump Business, Flowserve Corporation, Inc., Gardner Denver Nash LLC, Gardner Denver, Inc., IMO Industries, Inc., Ingersoll-Rand Company, Metropolitan Life Insurance Company, a wholly owned subsidiary of Metlife Inc., Patterson Pump Company, Rapid American Corporation, SPX Heat Transfer Inc., Trane US, Inc., Individually and as Successor in Interest to Ross Heat Exchanger, a Division of American Standard Inc., Union Carbide Corporation, Yarway Corporation, Zurn Industries, LLC with Jury Demand ( Filing fee $ 350 receipt number 0419-1180794), filed by Sandra Hinson Thomas, Ronald Bruce Thomas.(Graham, William) (Entered: 10/12/2010) |
| 10/13/2010 | | NOTICE: Case division has changed to Asheville due to court procedures re: asbestos litigation. Case has been copied from 3:10-cv-507 to 1:10-cv-229. Please use 1:10-cv-229 for all future pleadings. (gpb) (Entered: 10/13/2010) |
| 10/13/2010 | 2 | Summons Issued Electronically as to Air & Liquid Systems Corporation, |

| | | |
|---|---|---|
| | | Blackmer Pump, Crane Co., FMC Corporation, FMC Corporation, Flowserve Corporation, Inc., Gardner Denver Nash LLC, Gardner Denver, Inc., IMO Industries, Inc., Ingersoll-Rand Company, Metropolitan Life Insurance Company, Patterson Pump Company, Rapid American Corporation, SPX Heat Transfer Inc., Trane US, Inc., Union Carbide Corporation, Yarway Corporation, Zurn Industries, LLC. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (gpb) (Entered: 10/13/2010) |
| 10/14/2010 | | In Re: Asbestos Products Liability Litigation - MDL #875. Notice to Clerk of MDL Panel of tag-along case. (jhg) (Entered: 10/14/2010) |
| 10/14/2010 | 3 | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos-Related Litigation, WDCP-83-1. Signed by Clerk, Frank G. Johns on October 14, 2010.** (jhg) (Entered: 10/14/2010) |
| 11/10/2010 | 4 | NOTICE of Appearance by Peter A. Santos on behalf of FMC Corporation, FMC Corporation (Santos, Peter) (Entered: 11/10/2010) |
| 11/10/2010 | 5 | NOTICE of Appearance by Edward Taylor Stukes on behalf of FMC Corporation, FMC Corporation (Stukes, Edward) (Entered: 11/10/2010) |
| 11/15/2010 | 6 | *Air & Liquid Systems Corporation* ANSWER to 1 Complaint,,, with Jury Demand by Air & Liquid Systems Corporation.(Tomlin, Tracy) (Entered: 11/15/2010) |
| 11/15/2010 | 7 | *Crane Co.* ANSWER to 1 Complaint,,, with Jury Demand by Crane Co.. (Tomlin, Tracy) (Entered: 11/15/2010) |
| 11/15/2010 | 8 | Corporate Disclosure Statement by Crane Co. (Tomlin, Tracy) (Entered: 11/15/2010) |
| 11/15/2010 | 9 | *Yarway Corporation* ANSWER to 1 Complaint,,, with Jury Demand by Yarway Corporation.(Tomlin, Tracy) (Entered: 11/15/2010) |
| 11/15/2010 | 10 | Corporate Disclosure Statement by Yarway Corporation (Tomlin, Tracy) (Entered: 11/15/2010) |
| 11/15/2010 | 11 | *Zurn Industries, LLC* ANSWER to 1 Complaint,,, with Jury Demand by Zurn Industries, LLC.(Tomlin, Tracy) (Entered: 11/15/2010) |
| 11/15/2010 | 12 | Corporate Disclosure Statement by Zurn Industries, LLC (Tomlin, Tracy) (Entered: 11/15/2010) |
| 11/18/2010 | 13 | ANSWER to 1 Complaint,,, with Jury Demand *and to Cross Claims of Any and All Other Defendants* by Metropolitan Life Insurance Company.(Coltrain, Keith) (Entered: 11/18/2010) |
| 11/18/2010 | 14 | Corporate Disclosure Statement by Metropolitan Life Insurance Company (Coltrain, Keith) (Entered: 11/18/2010) |
| 11/30/2010 | 15 | *Entry of Appearance,* ANSWER to 1 Complaint,,, with Jury Demand, CROSSCLAIM against All Co-Defendants by IMO Industries, Inc. (Bennett, Joshua) Modified text on 12/6/2010 (ejb). (Entered: 11/30/2010) |

| 11/30/2010 | 16 | Corporate Disclosure Statement by IMO Industries, Inc. (Bennett, Joshua) (Entered: 11/30/2010) |
|---|---|---|
| 12/03/2010 | 17 | ANSWER to 1 Complaint,,, with Jury Demand by Union Carbide Corporation. (Sprinkle, Charles) (Entered: 12/03/2010) |
| 12/03/2010 | 18 | ANSWER to 1 Complaint,,, with Jury Demand by Patterson Pump Company. (Sprinkle, Charles) (Entered: 12/03/2010) |
| 12/06/2010 | 19 | *Nash Engineering Company, Improperly Plead as Gardner Denver Nash LLC f/ka/ Nash Engineering Corporation* ANSWER to 1 Complaint,,, with Jury Demand by Gardner Denver Nash LLC.(Tomlin, Tracy) (Entered: 12/06/2010) |
| 12/08/2010 | 20 | STIPULATION of Dismissal *of Action Without Prejudice* by Ronald Bruce Thomas, Sandra Hinson Thomas (Graham, William) (Entered: 12/08/2010) |
| 12/10/2010 | | In Re: Asbestos Products Liability Litigation - MDL #875. 2nd NOTICE to Clerk of MDL Panel of tag-along case - 1st Notice sent 10/14/10. (nll) (Entered: 12/10/2010) |
| 12/13/2010 | 21 | ANSWER to 1 Complaint,,, with Jury Demand *and Answer to All Cross-Claims with Certificate of Service* by Trane US, Inc..(Peck, Timothy) (Entered: 12/13/2010) |
| 12/13/2010 | 22 | Corporate Disclosure Statement by Trane US, Inc. (Peck, Timothy) (Entered: 12/13/2010) |
| 12/13/2010 | 23 | ANSWER to 1 Complaint,,, with Jury Demand *and Answer to All Cross-Claims with Certificate of Service* by Ingersoll-Rand Company.(Peck, Timothy) (Entered: 12/13/2010) |
| 12/13/2010 | 24 | Corporate Disclosure Statement by Ingersoll-Rand Company (Peck, Timothy) (Entered: 12/13/2010) |
| 12/17/2010 | 25 | *ENTRY OF APPEARANCE AND* ANSWER to 1 Complaint,,, with Jury Demand by Rapid American Corporation.(Lambeth, Carter) (Entered: 12/17/2010) |
| 12/17/2010 | 26 | Corporate Disclosure Statement by Rapid American Corporation (Lambeth, Carter) (Entered: 12/17/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/10/2011 14:57:46 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-00229-MR |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | Civil Action No.  MDL 875 |
| | : | |
| _____ | : | |
| This Document Relates to: | : | |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.: 3:10-cv-507
CIVIL ACTION COMPLAINT

| | | |
|---|---|---|
| Ronald Bruce Thomas and Sandra Hinson Thomas, spouse, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| Air & Liquid Systems Corporation,   Successor By Merger to Buffalo Pumps, Inc.; | : | |
| | : | |
| Blackmer Pump; | : | |
| Crane Co.; | : | |
| Flowserve Corporation, Inc. d/b/a Aldrich Pump Company; | : | |
| | : | |
| FMC Corporation f/k/a Northern Pump; | : | |
| FMC Corporation on behalf of its former Northern Pump Business; | : | |
| | : | |
| Gardner Denver Nash LLC f/k/a Nash Engineering Corporation; | : | |
| | : | |
| Gardner Denver, Inc.; | : | |
| IMO Industries, Inc.; | : | |
| Ingersoll-Rand Company; | : | |
| Metropolitan Life Insurance Company, a wholly owned subsidiary of Metlife Inc.; | : | |
| | : | |
| Patterson Pump Company; | : | |
| Rapid American Corporation; | : | |
| SPX Heat Transfer Inc. f/k/a Griscom Russell; | : | |
| Trane US, Inc., Individually and as Successor in Interest to Ross Heat Exchanger, a Division of American Standard Inc.; | : | |
| | : | |
| | : | |
| Union Carbide Corporation; | : | |
| Yarway Corporation ; | : | |
| Zurn Industries, LLC; | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

PLAINTIFFS, Ronald Bruce Thomas and Sandra Hinson Thomas, his spouse, by and through their attorneys, Wallace and Graham, PA, hereby bring this Civil Action Complaint, whereof the following is a statement:

## JURISDICTION AND VENUE

1.     This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

2.     Further, this Court has jurisdiction over the parties because the Plaintiffs are citizens of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina.  The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

3.     Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

## PARTIES

4.     Plaintiff, Ronald Bruce Thomas (hereinafter "Plaintiff"), is a citizen and resident of the county of Union, State of North Carolina. The plaintiff-spouse, Sandra Hinson Thomas, (hereinafter "Plaintiff-spouse"), is and for all relevant times has been a citizen and resident of the county of Union, State of North Carolina, and is the wife of Ronald Bruce Thomas.

5.     Plaintiffs bring this action for monetary damages as a result of Plaintiff contracting an asbestos-related disease.  Plaintiff was diagnosed with Mesothelioma on April 26, 2010.  Plain-

tiff's exposure to asbestos occurred during the course of his employment listed on Schedule I, attached to this complaint and incorporated by reference herein.

6. All of the named defendants listed on the caption and on the attached list, which is incorporated by reference herein, are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina. The plaintiff was exposed to various asbestos-containing products while working at various jobs, as listed on the attached Schedule I.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

7. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

8. At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

9. The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the plaintiff.

10. Throughout the course of his employment, Plaintiff worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured,

processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

11.     During the course and scope of his employment, plaintiff was exposed to defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

12.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Plaintiff and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

13.     Plaintiff, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons employed as Plaintiff would be required to and would come into contact with and would work in close proximity to said products.

14.     Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being.  Further, defendants knew or in the

exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

15.     Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to plaintiff's body, lungs, respiratory system, skin, and health.

16.     Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     Failed to advise plaintiff of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)     Failed or omitted to provide the plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the defendants did not inform the plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

17.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time they left the control of the defendants.

18.     Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

19.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to plaintiff were reasonably foreseeable, or should have been reasonably foreseen by defendants.

20.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the plaintiff developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

21.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**BREACH OF IMPLIED WARRANTY**</u>

22.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

23.     The defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

24.     The implied warranty made by the defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the plaintiff carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

25.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to-wit: Mesothelioma.

26.     As a result of the above, plaintiffs seek damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE—WILFUL, WANTON, AND RECKLESS CONDUCT

27.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

28.     Plaintiff and others in his position worked in close proximity to the asbestos and asbestos-related materials use or manufactured by the defendants, and the exposure and hazard to each of them, in plaintiff's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the defendants, and each of them.

29.     The defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the plaintiff and others in the plaintiff's position, and prompted by pecuniary motives, the defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said defendants.  As a result, the plaintiff has been severely damaged as is set forth below.

30.     The defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying plaintiff the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

    (a)     failure to warn prior users when the defendants had knowledge of the need for monitoring due to prior exposure;

    (b)     failure to issue recall type letters to prior users;

    (c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

    (d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

    (e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

31.     The acts of the defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of plaintiff and others similarly situated at a time when defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including plaintiff arid others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of plaintiff and others similarly situated, and plaintiff is thereby entitled to punitive damages.

32.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Plaintiff, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

## FOURTH CAUSE OF ACTION
## FALSE REPRESENTATION

33.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

34.     During, before, and after plaintiff's exposure to asbestos products manufactured, installed or otherwise used by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure, to plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as plaintiff, and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

35.     The foregoing representations were material conditions precedent to plaintiff's continued exposure to asbestos containing products, and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

36.     As a direct and proximate result of plaintiff's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FIFTH CAUSE OF ACTION
## FAILURE TO WARN

37.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

38.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos.

39.     Defendants had a duty to warn individuals working at the Plaintiff's jobsites, including but not limited to Plaintiff, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

40.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff of the dangers, including but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Plaintiff knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Plaintiff  knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Plaintiff;

(e)     Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)     Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Plaintiff and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Plaintiff and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)     otherwise failing to act reasonably under the totality of the circumstances.

41.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Plaintiff's employer, and these products were used by Plaintiff's various employers.  Thus, Defendants had a duty to warn individuals working at Plaintiff's jobsites, including but not limited to the Plaintiff, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

42.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

43.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an

unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Plaintiff.  In the alternative, after the asbestos-containing products left Defendants' control, Defendant became aware of or in the exercise of ordinary care should have known that their product posed a substantial risk of harm to a reasonably foreseeable user, such as the Plaintiff, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

44.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff to develop Mesothelioma as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

45.     As a result of the Defendants' failure to warn, the Plaintiff suffered and will continue to suffer the following injuries and damages hereinafter alleged.

## DAMAGES

46.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

47.     As a result of the development of asbestos related diseases, plaintiff has suffered and sustained very serious injuries to his person, to wit: mesothelioma.

48.     Plaintiff has further suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

49.     Plaintiff verily believes that his injuries and illnesses are recurrent in nature and that he will be forced to suffer same for the remainder of his life; that his enjoyment of life has been greatly impaired; that he has been forced to remove himself from his job due to his poor health

resulting in substantial lost wages and loss of earning capacity; and further, that his expected life span has been greatly shortened.

50.     Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## DAMAGES
## LOSS OF CONSORTIUM

51.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

52.     As a direct and proximate result of the injuries and damages complained of herein with respect to plaintiff, Ronald Bruce Thomas, and as a direct and proximate result of the acts and omissions of the defendants, plaintiff-spouse, Sandra Hinson Thomas, has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore the plaintiff-spouse, Sandra Hinson Thomas, is entitled to damages for her loss of consortium, both past and future.

WHEREFORE, the Plaintiffs pray for judgment against all Defendants for actual and punitive damages, lost wages and special damages in amounts to be determined by the trier of fact, and plus costs of this action.

**<u>PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE</u>.**

Respectfully submitted,


                                        WALLACE AND GRAHAM, P.A.


                                        <u>/s/</u>William M. Graham
                                        William M. Graham
                                        NC Bar No. 17972
                                        Cathy A. Williams
                                        NC Bar No. 33534
                                        Attorneys for Plaintiff
                                        WALLACE & GRAHAM, P.A.
                                        525 North Main Street
                                        Salisbury, NC  28144
                                        Tel. No. (704) 633-5244
                                        Fax: (704) 633-9434
                                        E-Mail: bgraham@wallacegraham.com
                                        E-Mail: cwilliams@wallacegraham.com


Date:   10/12/10

Ronald Bruce Thomas
SCHEDULE I
Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information


OCCUPATION:

Folding Room, Assistant Supervisor
Maintenance Dept - Summer Job
Maintenance, Spinner
Personnel, Customer Service, Sales
Purchasing Agent
Sales
Seaman - Maintenance, Storekeeper
Seaman Recruit
Storekeeper
Student


| EMPLOYER/WORKSITE: | APPROXIMATE DATES: |
| --- | --- |
| Stanly County Board of Education - Albemarle, NC | 05/01/63 - 07/31/63 |
| H K Porter Co Inc - Charlotte, NC | 05/01/65 - 01/31/66 |
| Stanly Knitting Mills Inc. - Oakboro, NC | 01/01/66 - 10/30/66 |
| U S Coast Guard - Training Center - Cape May, NJ | 10/01/66 - 01/31/67 |
| U S Coast Guard - USS Wachapreague - AGP-8 | 01/01/67 - 03/31/69 |
| U S Coast Guard - USCG Cutter -  McCulloch (WAVP- 386) | 01/01/67 - 03/31/69 |
| U S Coast Guard - Fort Macon - Atlantic Beach, NC | 04/01/69 - 10/31/70 |
| Lee's Shoes,  Inc - Monroe, NC | 11/01/70 - 01/01/73 |
| Wingate College - Wingate, NC | 12/01/70 - 12/31/72 |
| Union County Government Center - Monroe, NC | 01/01/73 - 01/31/76 |
| Helms Brothers Motor Co. - Monroe, NC | 01/01/76 - 12/31/80 |
| Laney Oil Co Inc - Monroe, NC | 05/01/80 – 07/2010 |


PRODUCTS CONTAINING ASBESTOS:

Raw Asbestos Fiber, Pipe Covering, Block, Cements, Gaskets, Refractory Materials, Boilers, Joint
Compounds, Wall Board, and other asbestos containing materials.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NC DEFENDANTS LIST

Air & Liquid Systems Corporation, Successor By Merger to Buffalo Pumps, Inc.
874 Oliver St
North Tanawanda, NY 14120-3298

Blackmer Pump
1809 Century Ave SW
Grand Rapids, MI 49503-1530

Crane Co.
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Flowserve Corporation, Inc. d/b/a Aldrich Pump Company
5215 N. O'Connor Blvd. Ste. 2300
Irving, TX 75039

FMC Corporation f/k/a Northern Pump
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

FMC Corporation on behalf of its former Northern Pump Business
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Gardner Denver Nash LLC f/k/a Nash Engineering Corporation
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Gardner Denver, Inc.
Corporation Service Company - NY
80 State St
Albany, NY 12207

IMO Industries, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Ingersoll-Rand Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Metropolitan Life Insurance Company, a wholly-owned subsidiary of Metlife Inc.
200 Park Ave.
New York, NY 10166

Patterson Pump Company
PO Box 790
Toccoa, GA 30577

Rapid American Corporation
Corporation Service Company
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

SPX Heat Transfer Inc. f/k/a Griscom Russell
The Corporation Trust Company
Corporation Trust Center 1209 Orange St.
Wilmington, DE 19801

Trane US, Inc., Individually and as Successor in Interest to Ross Heat Exchanger, A Division of
American Standard Inc.
CT Corp System
2 Office Park CT Ste 103
Columbia, SC 29223

Union Carbide Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Yarway Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Zurn Industries, LLC
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601