ASBESTOS

# U.S. District Court
## Western District of North Carolina (Asheville)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00262-MR

| | |
|---|---|
| Phillips et al v. Albany International Corporation et al | Date Filed: 11/08/2010 |
| Assigned to: District Judge Martin Reidinger | Jury Demand: Both |
| Demand: $100,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**Erik Ross Phillips**                     represented by **William M. Graham**
Wallace & Graham
525 North Main Street
Salisbury, NC 28144
704-633-5244
Fax: 704-633-9434
Email: bgraham@wallacegraham.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gina Phillips**                          represented by **William M. Graham**
*spouse*                                   (See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Albany International Corporation**       represented by **Sarah Marks Bowman**
Dean & Gibson, PLLC
301 South McDowell Street
Suite 900
Charlotte, NC 28204
704-372-2700
Fax: 704-372-1804
Email: sbowman@deanandgibson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**AstenJohnson, Inc.**

**Defendant**

**B E & K Inc.**

**Defendant**

**BEK Construction, Inc.**

**Defendant**

**Borg-Warner Corporation**                    represented by    **John A Gardner , III**
*by its Successor in Interest*                                  Hedrick, Eatman, Gardner & Kincheloe
*other*
BorgWarner Morse TEC Inc.                                       PO Box 30397
                                                               Charlotte, NC 28230
                                                               704-366-1101
                                                               Fax: 704-366-6181
                                                               Email: jgardner@hedrickgardner.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**                            represented by    **Jennifer M. Techman**
*a Delaware Corporation*                                        Evert Weathersby Houff
*formerly known as*                                            3405 Piedmont Road
Viacom, Inc.                                                   Suite 200
*formerly known as*                                           Atlanta, GA 30305
Westinghouse Electric Corporation                             678-651-1200 x:238
                                                               Fax: 678-651-1201
                                                               Email: jmtechman@ewhlaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**CertainTeed Corporation**                    represented by    **Charles Monroe Sprinkle , III**
                                                               Haynsworth Sinkler Boyd, P.A.
                                                               75 Beattie Place, Eleventh Floor
                                                               Greenville, SC 29601
                                                               864-240-3212
                                                               Fax: 864-240-3300
                                                               Email: csprinkle@hsblawfirm.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Chattanooga Boiler & Tank**                  represented by    **Ryan D. Bolick**
**Company**                                                     Cranfill Sumner & Hartzog, LLP
                                                               P.O. Box 30787
                                                               2907 Providence Road, Suite 200
                                                               (28211)
                                                               Charlotte, NC 28230
                                                               704-332-8300
                                                               Fax: 704-332-9994
                                                               Email: rbolick@cshlaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Cleaver-Brooks, Inc.**      represented by    **Stephen B. Williamson**
Katten Muchin Rosenman LLP
550 S. Tryon Street
Suite 2900
Charlotte, NC 28202-4213
704-444-2017
Fax: 704-344-3169
Email:
stephen.williamson@kattenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**      represented by    **Tracy Edward Tomlin**
Nelson, Mullins, Riley & Scarborough, LLP
100 N. Tryon St.
42nd Floor
Charlotte, NC 28202
704-417-3101
Fax: 704-417-3227
Email:
tracy.tomlin@nelsonmullins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel International Corporation**      represented by    **Charles Monroe Sprinkle , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Flowserve US Inc.**
*individually and*
*as successor to*
Nordtrom Valves, Inc.      represented by    **Kelly B. Jones**
Womble, Carlyle, Sandridge & Rice
Womble Carlyle Sandridge & Rice, PLLC
P.O. Box 831
Raleigh, NC 27602
919-755-2151
Fax: 919-755-6765
Email: KJones@wcsr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fluor Daniel, Inc.**
*formerly known as*
Daniel Construction Company, Inc.      represented by    **Charles Monroe Sprinkle , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**          represented by   **Jennifer M. Techman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gardner Denver, Inc.**          represented by   **Sarah Marks Bowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Genuine Parts Company**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Grizzly Industrial, Inc.**
*TERMINATED: 11/19/2010*

**Defendant**

**Henry Vogt Machine Co.,**

**Defendant**

**Honeywell International, Inc.**          represented by   **H. Lee Davis , Jr.**
Davis & Hamrick, L.L.P.
PO Box 20039
635 West 4th Street
Winston-Salem, NC 27120-0039
336 725 8385
Fax: 336 723 8838
Email: ldavis@davisandhamrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Industrial Holdings Corporation**
*formerly known as*
The Carborundum Company

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**ITT Corporation**
*individually and as successor in interest*
*to*
*other*
Kennedy Valve Manufacturing
Company

**Defendant**

**ITT Corporation**
*individually and*
*as successor to*
Bell & Gossett

**Defendant**

**Korber Paperlink North America,**
**Inc.**
*successor in interest to*
*other*
Clark-Aiken Company

**Defendant**

**Korber Paperlink North America,**
**LLC**
*successor in interest to*
*other*
Clark-Aiken Company

**Defendant**

**Metropolitan Life Insurance**          represented by  **Keith E. Coltrain**
**Company**                                               Elmore & Wall PA
*a wholly-owned subsidiary of*                            1001 Wade Ave., Ste. 423
*other*                                                   Raleigh, NC 27605
Metlife Inc.                                              919 865-9500
                                                          Fax: 919 865-9501
                                                          Email: keith.coltrain@elmorewall.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**National Automotive Parts**
**Association, Inc.**

**Defendant**

**National Service Industries, Inc.**
*formerly known as*
North Brothers Company

**Defendant**

**Pneumo Abex Corporation**               represented by  **Kenneth Kyre , Jr.**

*(successor-in-interest to*
*other*
Abex Corporation
*formerly known as*
American Brake Shoe Company
*formerly known as*
American Brake Shoe and Foundry
Company
*other*
American Brakeblok Division

Pinto, Coates, Kyre & Brown, PLLC
3203 Brassfield Road
Greensboro, NC 27410
336/282-8848
Fax: 336/282-8409
Email: kkyre@pckb-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**

**Defendant**

**Riley Power, Inc.**
*formerly known as*
Babcock Borsig Power, Inc.
*formerly known as*
D.B. Riley, Inc.
*formerly known as*
Riley Stoker Corporation

**Defendant**

**Sepco Corporation**

**Defendant**

**The Montalvo Company**

**Defendant**

**Trane U.S. Inc.**
*formerly known as*
American Standard, Inc.

**Defendant**

**Union Carbide Corporation**          represented by   **Charles Monroe Sprinkle , III**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Uniroyal, Inc.**
*formerly known as*
United States Rubber Company, Inc.

**Defendant**

**Viking Pump, Inc.**                   represented by   **Sarah Marks Bowman**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**                  represented by   **Tracy Edward Tomlin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Zurn Industries, LLC**                represented by   **Tracy Edward Tomlin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2010 | 1 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 350 receipt number 0419-1203580), filed by Gina Phillips, Erik Ross Phillips. (Graham, William) (Entered: 11/08/2010) |
| 11/08/2010 | | Case assigned to District Judge Martin Reidinger. *This is your only notice - you will not receive a separate document.*(siw) (Entered: 11/08/2010) |
| 11/08/2010 | | In Re: Asbestos Products Liability Litigation - MDL #875. Notice to Clerk of MDL Panel of tag-along case. (siw) (Entered: 11/08/2010) |
| 11/08/2010 | 2 | Summons Issued Electronically as to All Defendants. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (siw) (Main Document 2 replaced on 11/9/2010) (siw). Modified on 11/9/2010 (siw). Regenerated NEF. (Entered: 11/08/2010) |
| 11/08/2010 | 3 | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos-Related Litigation, WDCP-83-1. Signed by Clerk, Frank G. Johns. (siw)** (Entered: 11/09/2010) |
| 11/16/2010 | 4 | AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Gina Phillips, Erik Ross Phillips.(Graham, William) (Entered: 11/16/2010) |
| 11/17/2010 | 5 | Summons Reissued Electronically as to Albany International Corporation, AstenJohnson, Inc., B E & K Inc., BEK Construction, Inc., Borg-Warner Corporation, CBS Corporation, CertainTeed Corporation, Chattanooga Boiler & Tank Company, Cleaver-Brooks, Inc., Crane Co., Daniel International Corporation, Flowserve US Inc., Fluor Daniel, Inc., Foster Wheeler Energy Corporation, Gardner Denver, Inc., General Electric Company, Genuine Parts Company, Goulds Pumps, Inc., Grizzly Industrial, Inc., Henry Vogt Machine Co.,, Honeywell International, Inc., ITT Corporation(individually and), ITT Corporation(individually and as successor in interest to ), Industrial Holdings Corporation, Ingersoll-Rand Company, Korber Paperlink North America, Inc., Korber Paperlink North America, LLC, Metropolitan Life Insurance Company, National Automotive Parts Association, Inc., National Service Industries, Inc., |

| | | Pneumo Abex Corporation, Rapid American Corporation, Riley Power, Inc., Sepco Corporation, The Montalvo Company, Trane U.S. Inc., Union Carbide Corporation, Uniroyal, Inc., Viking Pump, Inc., Yarway Corporation, Zurn Industries, LLC. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4 and Local Rule 73.1(A)(2).** (siw) (Entered: 11/17/2010) |
|---|---|---|
| 11/19/2010 | 6 | NOTICE of Voluntary Dismissal *As to Defendant Grizzly Industrial, Inc., Only* by Erik Ross Phillips, Gina Phillips (Graham, William) (Entered: 11/19/2010) |
| 11/23/2010 | 7 | ANSWER to 4 Amended Complaint, 1 Complaint, ANSWER to 4 Amended Complaint, 1 Complaint by CBS Corporation.(Techman, Jennifer) (Entered: 11/23/2010) |
| 11/23/2010 | 8 | Corporate Disclosure Statement by CBS Corporation (Techman, Jennifer) (Entered: 11/23/2010) |
| 11/23/2010 | 9 | ANSWER to 4 Amended Complaint, 1 Complaint, ANSWER to 4 Amended Complaint, 1 Complaint by Foster Wheeler Energy Corporation.(Techman, Jennifer) (Entered: 11/23/2010) |
| 11/23/2010 | 10 | Corporate Disclosure Statement by Foster Wheeler Energy Corporation (Techman, Jennifer) (Entered: 11/23/2010) |
| 11/24/2010 | 11 | Summons Reissued Electronically as to Henry Vogt Machine Co.,. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4 and Local Rule 73.1(A)(2).** (siw) (Entered: 11/24/2010) |
| 11/24/2010 | 12 | Summons Reissued Electronically as to B E & K Inc.. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4 and Local Rule 73.1(A)(2).** (siw) (Entered: 11/24/2010) |
| 12/01/2010 | 13 | MOTION for Extension of Time to Answer re: 1 Complaint by Chattanooga Boiler & Tank Company. (Attachments: # 1 Proposed Order)(Bolick, Ryan) (Entered: 12/01/2010) |
| 12/02/2010 | | **TEXT-ONLY ORDER re 13 MOTION for Extension of Time to Answer re: 1 Complaint filed by Chattanooga Boiler & Tank Company - granting through 12/22/10 to answer or otherwise plead. Entered by direction of Chambers of District Judge Martin Reidinger on 12/2/10.** (siw) (Entered: 12/02/2010) |
| 12/02/2010 | | Set/Reset Deadlines: Chattanooga Boiler & Tank Company answer due 12/22/2010. (siw) (Entered: 12/02/2010) |
| 12/02/2010 | | Set/Reset Deadlines: Chattanooga Boiler & Tank Company Amended answer due 12/22/2010. (siw) (Entered: 12/02/2010) |
| 12/10/2010 | | In Re: Asbestos Products Liability Litigation - MDL #875. 2nd NOTICE to Clerk of MDL Panel of tag-along case - 1st Notice sent 11/8/10. (nll) (Entered: 12/10/2010) |

| 12/10/2010 | 14 | *Short Form* ANSWER to 4 Amended Complaint, 1 Complaint, ANSWER to 4 Amended Complaint, 1 Complaint by Cleaver-Brooks, Inc..(Williamson, Stephen) (Entered: 12/10/2010) |
| --- | --- | --- |
| 12/10/2010 | 15 | Corporate Disclosure Statement by Cleaver-Brooks, Inc. (Williamson, Stephen) (Entered: 12/10/2010) |
| 12/16/2010 | 16 | ANSWER to 4 Amended Complaint by Borg-Warner Corporation.(Gardner, John) (Entered: 12/16/2010) |
| 12/16/2010 | 17 | Corporate Disclosure Statement by Borg-Warner Corporation (Gardner, John) (Entered: 12/16/2010) |
| 12/20/2010 | 18 | CORRECTED to ANSWER AND NOTICE of Appearance by H. Lee Davis, Jr on behalf of Honeywell International, Inc. (Davis, H.) Modified on 12/21/2010 (siw). REGENERATED NEF. (Entered: 12/20/2010) |
| 12/20/2010 | 19 | Corporate Disclosure Statement by Honeywell International, Inc. (Davis, H.) (Entered: 12/20/2010) |
| 12/21/2010 | 20 | ANSWER to 4 Amended Complaint by Chattanooga Boiler & Tank Company. (Bolick, Ryan) (Entered: 12/21/2010) |
| 12/21/2010 | 21 | Corporate Disclosure Statement by Chattanooga Boiler & Tank Company (Bolick, Ryan) (Entered: 12/21/2010) |
| 12/22/2010 | 22 | *Entry of Appearance and* ANSWER to 4 Amended Complaint, 1 Complaint with Jury Demand *and Crossclaims*, ANSWER to 4 Amended Complaint, 1 Complaint with Jury Demand by Flowserve US Inc..(Jones, Kelly) (Entered: 12/22/2010) |
| 12/22/2010 | 23 | Corporate Disclosure Statement by Flowserve US Inc. (Jones, Kelly) (Entered: 12/22/2010) |
| 12/23/2010 | 24 | ANSWER to 4 Amended Complaint by CertainTeed Corporation.(Sprinkle, Charles) (Entered: 12/23/2010) |
| 12/23/2010 | 25 | ANSWER to 4 Amended Complaint by Union Carbide Corporation.(Sprinkle, Charles) (Entered: 12/23/2010) |
| 12/23/2010 | 26 | ANSWER to 4 Amended Complaint by Daniel International Corporation. (Sprinkle, Charles) (Entered: 12/23/2010) |
| 12/23/2010 | 27 | ANSWER to 4 Amended Complaint by Fluor Daniel, Inc..(Sprinkle, Charles) (Entered: 12/23/2010) |
| 12/29/2010 | 28 | *Crane Co.* ANSWER to 1 Complaint with Jury Demand by Crane Co.. (Tomlin, Tracy) (Entered: 12/29/2010) |
| 12/29/2010 | 29 | Corporate Disclosure Statement by Crane Co. (Tomlin, Tracy) (Entered: 12/29/2010) |
| 12/29/2010 | 30 | *Crane Co.* ANSWER to 4 Amended Complaint by Crane Co..(Tomlin, Tracy) (Entered: 12/29/2010) |
| 12/29/2010 | 31 | *Yarway Corporation* ANSWER to 1 Complaint with Jury Demand by Yarway |

| | | Corporation.(Tomlin, Tracy) (Entered: 12/29/2010) |
|---|---|---|
| 12/29/2010 | 32 | Corporate Disclosure Statement by Yarway Corporation (Tomlin, Tracy) (Entered: 12/29/2010) |
| 12/29/2010 | 33 | *Yarway Corporation* ANSWER to 4 Amended Complaint by Yarway Corporation.(Tomlin, Tracy) (Entered: 12/29/2010) |
| 12/29/2010 | 34 | *Zurn Industries, LLC* ANSWER to 1 Complaint with Jury Demand by Zurn Industries, LLC.(Tomlin, Tracy) (Entered: 12/29/2010) |
| 12/29/2010 | 35 | Corporate Disclosure Statement by Zurn Industries, LLC (Tomlin, Tracy) (Entered: 12/29/2010) |
| 12/29/2010 | 36 | *Zurn Industries, LLC* ANSWER to 4 Amended Complaint by Zurn Industries, LLC.(Tomlin, Tracy) (Entered: 12/29/2010) |
| 01/05/2011 | 37 | ANSWER to 4 Amended Complaint *and to Cross Claims of Any and All Other Defendants* by Metropolitan Life Insurance Company.(Coltrain, Keith) (Entered: 01/05/2011) |
| 01/05/2011 | 38 | Corporate Disclosure Statement by Metropolitan Life Insurance Company (Coltrain, Keith) (Entered: 01/05/2011) |
| 01/05/2011 | 39 | ANSWER to 4 Amended Complaint by Albany International Corporation. (Bowman, Sarah) (Entered: 01/05/2011) |
| 01/05/2011 | 40 | Corporate Disclosure Statement by Albany International Corporation (Bowman, Sarah) (Entered: 01/05/2011) |
| 01/05/2011 | 41 | Corporate Disclosure Statement by Gardner Denver, Inc. (Bowman, Sarah) (Entered: 01/05/2011) |
| 01/05/2011 | 42 | ANSWER to 4 Amended Complaint by Viking Pump, Inc..(Bowman, Sarah) (Entered: 01/05/2011) |
| 01/05/2011 | 43 | Corporate Disclosure Statement by Viking Pump, Inc. (Bowman, Sarah) (Entered: 01/05/2011) |
| 01/05/2011 | 44 | ANSWER to 4 Amended Complaint by Gardner Denver, Inc..(Bowman, Sarah) (Entered: 01/05/2011) |
| 01/07/2011 | 45 | ANSWER to 4 Amended Complaint by Pneumo Abex Corporation.(Kyre, Kenneth) (Entered: 01/07/2011) |
| 01/07/2011 | 46 | Corporate Disclosure Statement by Pneumo Abex Corporation (Kyre, Kenneth) (Entered: 01/07/2011) |

**PACER Service Center**

**Transaction Receipt**

01/10/2011 15:00:14

| **PACER Login:** | jp0001 | **Client Code:** | |

| Description: | Docket Report | Search Criteria: | 1:10-cv-00262-MR |
|---|---|---|---|
| Billable Pages: | 7 | Cost: | 0.56 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS LIABILITY          :        Civil Action No.  MDL 875
LITIGATION (NO. VI)                          :
_____    :
This Document Relates to:                    :


UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:10-cv-262

CIVIL ACTION COMPLAINT

This Document Relates to:                             :
                                                      :
Erik Ross Phillips and Gina Phillips, spouse,         :
                                                      :
                    Plaintiffs,                       :        JURY TRIAL DEMANDED
                                                      :
                    vs.                               :
                                                      :
Albany International Corporation;                     :
AstenJohnson, Inc.;                                   :
B E & K Inc;                                          :
BEK Construction, Inc.;                               :
Borg-Warner Corporation by its Successor in Interest, :
      BorgWarner Morse TEC Inc.;                      :
CBS Corporation a Delaware Corporation f/k/a Viacom,  :
      Inc., successor by merger to CBS Corporation, a :
      Pennsylvania Corporation, f/k/a Westinghouse    :
      Electric Corporation;                           :
CertainTeed Corporation;                              :
Chattanooga Boiler & Tank Company;                    :
Cleaver-Brooks, Inc.;                                 :
Crane Co.;                                            :
Daniel International Corporation;                      :
Flowserve US Inc., individually and as successor to   :
      Nordstrom Valves, Inc.;                         :
Fluor Daniel, Inc., f/k/a Daniel Construction Company,:
      Inc.;                                           :
Foster Wheeler Energy Corporation;                    :
Gardner Denver, Inc.;                                 :
General Electric Company;                             :
Genuine Parts Company;                                :
Goulds Pumps, Inc.;                                   :
Grizzly Industrial, Inc.;                             :
Henry Vogt Machine Co.;                               :

1

Honeywell International, Inc.;                                          :
Industrial Holdings Corporation, f/k/a The                             :
    Carborundum Company;                           :
Ingersoll-Rand Company;                                                :
ITT Corporation, individually and as successor in                      :
    Interest to Kennedy Valve Manufacturing        :
    Company;                                       :
ITT Corporation, individually and as successor to Bell                 :
    & Gossett;                                     :
Korber Paperlink North America, Inc., successor in                     :
    interest to Clark-Aiken Company;               :
Korber Paperlink North America, LLC, successor in                      :
    interest to Clark-Aiken Company;               :
Metropolitan Life Insurance Company, a wholly-owned                    :
    subsidiary of Metlife Inc.;                    :
National Automotive Parts Association, Inc.;                           :
National Service Industries, Inc. (f/k/a North Brothers                :
    Company);                                      :
Pneumo Abex Corporation (successor-in-interest to                      :
    Abex Corporation f/k/a American Brake Shoe      :
    Company, f/k/a American Brake Shoe and Foundry :
    Company including The American Brakeblok       :
    Division,successor-by-merger to the American    :
    Brake Shoe andFoundry;                         :
Rapid American Corporation;                                            :
Riley Power, Inc., f/k/a Babcock Borsig Power, Inc.,                   :
    f/k/a/ D.B. Riley, Inc., f/k/a Riley Stoker     :
    Corporation;                                   :
SEPCO Corporation;                                                     :
The Montalvo Company;                                                  :
Trane U.S. Inc., f/k/a American Standard Inc.;                         :
Union Carbide Corporation;                                             :
Uniroyal, Inc., f/k/a/ United States Rubber Company,                   :
    Inc;                                           :
Viking Pump, Inc.;                                                     :
Yarway Corporation;                                                    :
Zurn Industries, LLC                                                   :
                                                                     :

Defendants

## CIVIL ACTION COMPLAINT

       PLAINTIFFS, Erik Ross Phillips and Gina Phillips, his spouse, by and through their

attorneys, Wallace and Graham, PA, hereby bring this Civil Action Complaint, whereof the

following is a statement:

2

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

2.      Further, this Court has jurisdiction over the parties because the Plaintiffs are citizens of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina.  The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

3.      Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

4.      This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## PARTIES

5.      Plaintiff, Erik Ross Phillips (hereinafter "Plaintiff"), is a citizen and resident of the County of Buncombe, State of North Carolina. The Plaintiff-Spouse, Gina Phillips, (hereinafter "Plaintiff-Spouse"), is and for all relevant times has been a citizen and resident of the County of Buncombe, State of North Carolina, and is the wife of Erik Ross Phillips.

6.      Plaintiffs bring this action for monetary damages as a result of Plaintiff contracting an asbestos-related disease.  Plaintiff was diagnosed with Mesothelioma on February 25, 2010. Plaintiff's exposure to asbestos occurred during the course of his employment listed on Schedule I, attached to this complaint and incorporated by reference herein.

7.      All of the named Defendants listed on the caption and on the attached list, which is incorporated by reference herein, are foreign corporations who are amenable to jurisdiction in the

3

courts of North Carolina by virtue of their respective conduct of substantial and/or systematic

business in North Carolina which subjects them to the jurisdiction of the North Carolina courts

pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past

mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced,

repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products,

materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina.

The Plaintiff was exposed to various asbestos-containing products while working at various jobs, as

listed on the attached Schedule I.

<strong><u>FIRST CAUSE OF ACTION</u><br><u>NEGLIGENCE</u><br>(Against all named Defendants except Daniel International Corporation and Fluor Daniel,<br>Inc., f/k/a Daniel Construction Company, Inc.)</strong>

8.      Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

herein.

9.      At all material times, Defendants are or were miners, manufacturers, distributors,

processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-

containing products, materials or equipment.

10.      The Defendants, acting through their agents, servants, and/or employees caused, and

have caused in the past, certain asbestos and asbestos-containing materials, products or equipment

to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-

containing materials, products or equipment came into use by the Plaintiff.

11.      Throughout the course of his employment, Plaintiff worked with and was exposed to

the asbestos and asbestos-containing materials, products or equipment mined, manufactured,

processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure

being within the State of North Carolina.

4

12.     During the course and scope of his employment, Plaintiff was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

13.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Plaintiff and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

14.     Plaintiff, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons employed as Plaintiff would be required to and would come into contact with and would work in close proximity to said products.

15.     Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being.  Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

5

16.     Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

17.     Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     Failed to advise Plaintiff of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

18.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time they left the control of the Defendants.

19.     Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

20.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

21.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

22.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**BREACH OF IMPLIED WARRANTY**</u>
**(Against all named Defendants except Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

23.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

24.     The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

7

25.     The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Plaintiff carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

26.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit: Mesothelioma.

27.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
**(Against Defendants Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

28.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

29.     At all material times, Defendants are or were engaged in the business of supplying, installing, replacing, repairing, and/or tearing out asbestos or asbestos-containing products during the course of construction or maintenance activities at the various job-sites listed in Schedule I.

30.     Upon information and belief, Defendants entered into various contracts to perform construction, maintenance, renovation and/or asbestos abatement work at some or all of the jobsites listed in Schedule I.

31.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be used, applied, installed, repaired, or torn out in the vicinity of the Plaintiff while he was working at his various job-sites.

8

32.    Defendants herein, contracted, employed, retained and/or otherwise hired individuals, servants, agents, and/or employees to perform the work described herein and for which the Defendants had been hired, retained and/or contracted.

33.    Defendants herein are vicariously responsible for the negligent, willful and/or wanton acts of their employees, servants and/or agents, who, while committing such negligent, willful and/or wanton acts were acting generally within the scope of their assigned, duties and employment with said Defendant employers.

34.    In furtherance of its duties as general contractor, Defendants, by its agents, servants and/or employees, purchased, transported, cut, fitted, sawed, installed, and otherwise handled asbestos containing materials in and throughout certain jobsites identified on Schedule I.

35.    The construction, maintenance, and installation of asbestos-containing insulation and other asbestos-containing materials, occurred while the Plaintiff was employed and actively working in and throughout the plant and in close proximity to the Defendants' workers and employees.

36.    Plaintiff, for a long period of time, worked with or around and was exposed to the asbestos and asbestos-containing materials, products or equipment installed, replaced, repaired, and/or torn out by the Defendants, most of the exposure being within the State of North Carolina.

37.    During the course and scope of his employment, Plaintiff has been exposed to Defendants' use of asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

38.    At all material times, Defendants knew or should of have known that exposure to asbestos or asbestos-containing materials is deleterious, carcinogenic and otherwise harmful to persons exposed to asbestos fibers.

9

39.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to perform work as described herein in a reasonably safe manner and a duty to prevent injury to individuals, including Plaintiff, who were working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees.

40.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to warn the Plaintiff and other foreseeable individuals working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees of the dangers associated with asbestos exposure which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

41.     Plaintiff, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that were used, applied, installed, torn out, or replaced by Defendants.  Defendants knew or should have known that persons employed as Plaintiff would be required to and would come into contact with and would work in close proximity to said products.

42.     Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they supplied, applied, installed, replaced, repaired, and/or tore out said asbestos or asbestos-containing products, materials or equipment while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being.

10

Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

43.     Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

44.     Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     While performing their duties and obligations to provide general and/or specific plant maintenance the Defendants, their employees, agents and/or servants, handled and/or distributed asbestos-containing material in such a way as to expose the Plaintiffs herein to airborne asbestos dust and fibers.

(b)     Failed to provide a safe work environment for Plaintiff and others working in the vicinity of Defendant;

(c)     Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

(d)     Failing to properly warn the Plaintiff of the presence of airborne asbestos fibers which had been released into the air as a direct and proximate result of the Defendants, their employees, agents and/or servants;

(e)     Failing to properly label areas of the plant, plant appurtenances and structures, including but not limited to, building insulation, pipes, boilers, walls, ceilings, floors and other areas as to the existence of friable or potentially friable asbestos-containing material;

(f)     Failing to take reasonable precautions to publish, disseminate or otherwise make available to Plaintiff, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Plaintiffs from overall exposure to asbestos-containing materials.

(g)     Failed to advise Plaintiff of the dangerous characteristics of the asbestos and/or asbestos-containing materials, products or equipment used at Plaintiff's job-site;

11

(h)     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(i)     Failed and omitted to place any warnings or sufficient warnings on the containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(j)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(k)     Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(l)     Did not recommend methods to improve the work environment;

(m)    Did not use alternative products;

(n)     Continued to use a known cancer-causing product, to-wit:  asbestos;

(o)     During the time period that the Defendants constructed and/or maintained the plant at which Plaintiff worked, including its buildings and appurtenances, the Defendants, their agents, servants, and/or employees failed to provide employees of the plant, including the Plaintiff, who were employed and working in the plant at the time, with any and/or all inadequate protection from exposure to airborne asbestos materials and fibers which were negligently released into the work area by Defendants, their employees, agents and/or servants; and

(p)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for monitoring and periodic evaluations.

45.     At all material times, Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with exposure to asbestos or asbestos-containing products.

46.     Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other

foreseeable users, in light of the reasonably foreseeable dangers caused by the negligent use and application of the asbestos and/or asbestos-containing products, materials or equipment at issue.

47.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

48.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

49.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING AND/OR
### SUPERVISION OF DEFENDANT-EMPLOYEES
**(Against Defendants Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

50.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

51.     That each of the Defendants herein hired, retained and/or otherwise employed individuals in order to perform the Defendants' obligations and duties at certain jobsites listed in Schedule I.

52.     Defendants herein had a duty to hire employees and supervisors who were competent and who would otherwise perform their job functions and assignments in a reasonably safe manner, and a duty to properly and adequately train its supervisors and employees in the proper and safe manner in which to perform their functions and assignments.

53.     Defendants were negligent in that they hired, retained and/or otherwise employed individuals who were untrained, incompetent, unsafe, careless, reckless and who otherwise acted in an unreasonable and unsafe manner in the performance of their job functions and assignments,

13

including but not limited to, their purchase, transportation, installation, handling, cutting, sawing, fitting, demolition, removal and/or packaging of asbestos and asbestos-containing materials.

54.    The Defendants were negligent in that they failed to properly train, inform, equip and monitor supervisors and employees and the activities of its workers who were employed at the various sites listed on the attached Schedule I.

55.    That the transportation, installation, cutting, removal and/or otherwise handling of asbestos and asbestos-containing materials by Defendant, employees, servants and/or agents was done in such a negligent and irresponsible manner that surrounding work area at times appeared like clouds of white smoke, and that the dust-contained asbestos was like a snowstorm, clouding and fogging the entire room and work areas.

56.    The handling of asbestos-containing materials by Defendants, their responsible employees, agents and/or servants was done in such a negligent and irresponsible manner that hammers and objects of the like were used to knock asbestos insulation and materials off of pipes, boiler, ceilings, walls, and other areas.

57.    Defendants, their employees, agents and/or servants handled and worked with asbestos-containing material in such a negligent and irresponsible manner that the air surrounding said job site was not encapsulated or properly ventilated to prevent the release into surrounding areas of airborne asbestos dust and fibers into the breathing space occupied the Plaintiff.

58.    As a direct and proximate result of the Defendants negligent hiring, training and/or supervision of its employees, agents and/or servants, the Plaintiff was exposed to airborne asbestos dust and fibers causing injury.

59.    Accordingly, Plaintiffs seek damages as are hereinafter demanded.

## FIFTH CAUSE OF ACTION
## GROSS NEGLIGENCE—WILLFUL, WANTON, AND RECKLESS CONDUCT
### (Against All Named Defendants)

60.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

61.     Plaintiff and others in his position worked in close proximity to the asbestos and asbestos-related materials use or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

62.     The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, the Plaintiff has been severely damaged as is set forth below.

63.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Plaintiff the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

15

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

64.     The acts of the Defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of Plaintiff and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Plaintiff arid others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

65.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Plaintiff, Plaintiff therefore seeks exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

16

## SIXTH CAUSE OF ACTION
## FALSE REPRESENTATION
### (Against all Defendants)

66.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

67.     During, before, and after Plaintiff's exposure to asbestos products manufactured, installed or otherwise used by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure, to Plaintiff in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

68.     The foregoing representations were material conditions precedent to Plaintiff's continued exposure to asbestos containing products, and Defendants each intended that Plaintiff act upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

69.     As a direct and proximate result of Plaintiff's reliance upon Defendants' false representations, Plaintiff has suffered injury and damages hereinafter described.

## SEVENTH CAUSE OF ACTION
## FAILURE TO WARN
### (Against all named Defendants except Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)

70.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

71.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos.

17

72.     Defendants had a duty to warn individuals working at the Plaintiff's jobsites, including but not limited to Plaintiff, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

73.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff of the dangers, including but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Plaintiff knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Plaintiff  knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Plaintiff;

(e)     Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)     Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

18

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Plaintiff and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Plaintiff and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)     otherwise failing to act reasonably under the totality of the circumstances.

74.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Plaintiff's employer, and these products were used by Plaintiff's various employers.  Thus, Defendants had a duty to warn individuals working at Plaintiff's jobsites, including but not limited to the Plaintiff, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

75.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

76.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Plaintiff.  In the alternative, after the asbestos-containing products left Defendants' control, Defendant became aware of or in the exercise of ordinary care should have known that their product posed a substantial risk of harm to a

19

reasonably foreseeable user, such as the Plaintiff, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

77.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff to develop Mesothelioma as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

78.     As a result of the Defendants' failure to warn, the Plaintiff suffered and will continue to suffer the following injuries and damages hereinafter alleged.

<u>**EIGHTH CAUSE OF ACTION**</u>
<u>**FAILURE TO WARN**</u>
**(Against Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

79.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

80.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or significantly contributed to the Plaintiff's development of Mesothelioma.

81.     Defendants had a duty to warn individuals working at the Plaintiff's jobsites, including but not limited to Plaintiff, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

82.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products,

materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff of the dangers, including but not limited to:

(a)     Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos-containing materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

(b)     Failing to properly warn Plaintiff of the presence of airborne asbestos fibers which had been released in the air as a direct and proximate result of the Defendants, their employees, agents and/or servants;

(c)     Failing to properly label areas of the plant, plant appurtances and structures, including but not limited to, building insulation, pipes, boilers, walls, ceilings, floors, and other areas as to the existence of friable or potentially friable asbestos-containing material;

(d)     Failing to take reasonable precautions to publish, disseminate or otherwise make available to Plaintiff, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Plaintiff from overall exposure to asbestos-containing materials.

(e)     otherwise failing to act reasonably under the totality of the circumstances.

83.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

84.     As a direct and proximate result of the Defendants' failure to warn, the Plaintiff suffered and will continue to suffer the irreparable harm, injury and damages, as described herein.

## **DAMAGES**

85.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

86.     As a result of the development of asbestos related diseases, Plaintiff has suffered and sustained very serious injuries to his person, to wit: mesothelioma.

87.     Plaintiff has further suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

88.     Plaintiff verily believes that his injuries and illnesses are recurrent in nature and that he will be forced to suffer same for the remainder of his life; that his enjoyment of life has been greatly impaired; that he has been forced to remove himself from his job due to his poor health resulting in substantial lost wages and loss of earning capacity; and further, that his expected life span has been greatly shortened.

89.     Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## DAMAGES
## LOSS OF CONSORTIUM

90.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

91.     As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff, Erik Ross Phillips, and as a direct and proximate result of the acts and omissions of the Defendants, Plaintiff-Spouse, Gina Phillips, has also suffered and will continue to

22

suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore the Plaintiff-Spouse, Gina Phillips, is entitled to damages for her loss of consortium, both past and future.

WHEREFORE, the Plaintiffs pray for judgment against all Defendants, jointly & severally, for actual and punitive damages, lost wages and special damages in amounts to be determined by the trier of fact, and plus costs of this action.

### PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted, this the 8th day of November, 2010.

WALLACE AND GRAHAM, P.A.


/s/William M. Graham
William M. Graham, Esq.
NC Bar No. 17972
Cathy A. Williams, Esq.
NC Bar No. 33534
Attorneys for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC  28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: bgraham@wallacegraham.com
E-Mail: cwilliams@wallacegraham.com

Erik Ross Phillips
SCHEDULE I
Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information

OCCUPATION:

Cleaning services/janitorial services; railroad track worker.

| EMPLOYER/WORKSITE: | APPROXIMATE DATES: |
|---|---|
| Biltmore Coal & Lumber Co Inc. - Asheville, NC | 01/01/74 - 12/31/76 |
| Blue Ridge Paper Products, Inc,. f.k.a. Champion International Paper Co. a/k/a International Paper Company - Canton, NC | 01/01/84 - 12/31/99 |
| Blue Ridge Paper Products, Inc,. f.k.a. Champion International Paper Co. a/k/a International Paper Company - Canton, NC | 01/01/99 - 01/01/09 |

PRODUCTS CONTAINING ASBESTOS:

Raw Asbestos Fiber, Pipe Covering, Block, Cements, Gaskets, Refractory Materials, Boilers, Joint Compounds, Wall Board, and other asbestos containing materials.

24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NC DEFENDANTS LIST

Albany International Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

AstenJohnson, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

B E & K Inc
The Corporation Trust Company
Corporation Trust Center 1209 Orange St.
Wilmington, DE 19801

BEK Construction, Inc.
CT Corporation System
2 Office Park CT Ste 103
Columbia, SC 29223

Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc.
800 Warren Rd
Ithaca, NY 14850

CBS Corporation a Delaware Corporation f/k/a Viacom, Inc., successor by merger to CBS
        Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

CertainTeed Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Chattanooga Boiler & Tank Company
CT Corporation System - TN
800 S Gay St Ste 2021
Knoxville, TN 37929

Cleaver-Brooks, Inc.
11950 W Lake Park Dr
Milwaukee, WI 53224

Crane Co.
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Daniel International Corporation
Registered Agent, NC Secretary of State
2 South Salisbury St.
Raleigh, NC 27601

Flowserve US Inc., individually and as successor to Edward Valves Inc. and Nordstrom Valves,
        Inc.
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Foster Wheeler Energy Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Gardner Denver, Inc.
Corporation Service Company
80 State St
Albany, NY 12207

General Electric Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Genuine Parts Company
CT Corporation System
116 Pine St
Harrisburg, PA 17101

26

Goulds Pumps, Inc.
240 Fall St
Seneca Falls, NY 13148

Grizzly Industrial, Inc.
Shiraz Balolia, Registered Agent
1821 Valencia St
Bellingham, WA 98226

Henry Vogt Machine Co.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Honeywell International, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Ingersoll-Rand Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Industrial Holdings Corporation, f/k/a The Carborundum Company
2351 Whirlpool St
Niagara Falls, NY 14305

ITT Corporation, individually and as successor in interest to Kennedy Valve Manufacturing
     Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

ITT Corporation, individually and as successor to Bell & Gossett
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Korber Paperlink North America, Inc., successor in interest to Clark-Aiken Company
Corporation Service Company
2711 Centerville Rd
Ste 400
Wilmington, DE 19808

Korber Paperlink North America, LLC, successor in interest to Clark-Aiken Company
Corporation Service Company
2711 Centerville Rd
Ste 400
Wilmington, DE 19808

Metropolitan Life Insurance Company, a wholly-owned subsidiary of Metlife Inc.
200 Park Ave.
New York, NY 10166

National Automotive Parts Association, Inc.
The Corporation Company
30600 Telegraph Rd
Bingham Farms, MI 48025

National Service Industries, Inc. (f/k/a North Brothers Company)
Corporation Service Company
40 Technology Parkway S Ste 300
Norcross, GA 30092

Pneumo Abex Corporation (successor-in-interest to Abex Corporation f/k/a American Brake
        Shoe Company, f/k/a American Brake Shoe and Foundry Company including The
        American Brakeblok Division, successor-by-merger to the American Brake Shoe and
        Foundry
The Prentice-Hall Corporation Systems, Inc.
327 Hillsborough St.
Raleigh, NC 27603

Rapid American Corporation
Corporation Service Company
2711 Centerville Rd Ste 400
Wilmington, DE 19808

Riley Power, Inc., f/k/a Babcock Borsig Power, Inc., f/k/a/ D.B. Riley, Inc., f/k/a Riley Stoker
        Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

SEPCO Corporation
CT Corporation System
818 W Seventh St
Los Angeles, CA 90017

The Montalvo Company
John L. Carpenter, Registered Agent
PO Box 9729
Portland, ME 04104

Trane U.S. Inc., f/k/a American Standard Inc.
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Union Carbide Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Uniroyal, Inc., f/k/a/ United States Rubber Company, Inc
70 Great Hill Rd
Naugatuck, CT 06770

Viking Pump, Inc.
406 State St
Cedar Falls, IN 50613-0008

Yarway Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Zurn Industries, LLC
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601