ASBESTOS

# U.S. District Court
## Western District of North Carolina (Asheville)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00276-MR

| | |
|---|---|
| Taylor et al v. Norfolk Southern Railway Company | Date Filed: 11/29/2010 |
| Assigned to: District Judge Martin Reidinger | Jury Demand: Plaintiff |
| Case in other court:  Mecklenburg County Superior Court, 10 CVS 22178 | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |
| Cause: 28:1441 Notice of Removal-Asbestos Litigation | |

**Plaintiff**

**Diane Grubb Taylor**     represented by     **Mona Lisa Wallace**
Wallace & Graham, PA
525 N. Main St.
Salisbury, NC 28144
704-633-5244
Fax: 704-633-9434
Email: mwallace@wallacegraham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William M. Graham**
Wallace & Graham
525 North Main Street
Salisbury, NC 28144
704-633-5244
Fax: 704-633-9434
Email: bgraham@wallacegraham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anne McGinness Kearse**
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843-216-9000
*ATTORNEY TO BE NOTICED*

**John Everett Guerry , III**
Motley Rice, LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9488
Email: rguerry@motleyrice.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Eric Taylor**     represented by  **Mona Lisa Wallace**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William M. Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anne McGinness Kearse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Everett Guerry , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Norfolk Southern Railway Company**   represented by  **Reid Lloyd Phillips**
*Individually and as Successor to Southern Railway Company, a Virginia Corporation*

Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
PO Box 26000
2000 Renaissance Plaza, 230 North Elm Street
Greensboro, NC 27420
336-271-3116
Fax: 336-232-9116
Email: rphillips@brookspierce.com
*ATTORNEY TO BE NOTICED*

**John Stanfield Buford**
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
P.O. Box 26000
Greensboro, NC 27420
336-373-8850
Fax: 336-232-9156
Email: jbuford@brookspierce.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/29/2010 | 1 | NOTICE OF REMOVAL from Mecklenburg County Superior Court, case |

|  |  |  |
|---|---|---|
|  |  | number 10 CVS 22178. (Filing fee $ 350 receipt number 0419-1218517), filed by Norfolk Southern Railway Company. (Attachments: # 1 Exhibit A (Summons and Complaint))(Buford, John) (Entered: 11/29/2010) |
| 11/29/2010 | 2 | Corporate Disclosure Statement by Norfolk Southern Railway Company (Buford, John) (Entered: 11/29/2010) |
| 11/29/2010 |  | Case assigned to District Judge Martin Reidinger. *This is your only notice - you will not receive a separate document.*(ejb) (Entered: 12/01/2010) |
| 12/01/2010 |  | In Re: Asbestos Products Liability Litigation - MDL #875. Notice to Clerk of MDL Panel of tag-along case. (ejb) (Entered: 12/01/2010) |
| 12/01/2010 |  | Notice to Attys Anne McGinness Kearse & John E. Guerry III: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 12/13/2010. (ejb) (Entered: 12/01/2010) |
| 12/01/2010 | 3 | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos-Related Litigation, WDCP-83-1. Signed by Clerk, Frank G. Johns on 12/1/10. (ejb)** (Entered: 12/01/2010) |
| 12/03/2010 | 4 | MOTION for Leave to Appear Pro Hac Vice as to John E. Guerry, III Filing fee $ 250, receipt number 0419-1224120. by Diane Grubb Taylor, Richard Eric Taylor. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Exhibit Certificate of Service, # 3 Proposed Order Proposed Order)(Graham, William) (Entered: 12/03/2010) |
| 12/06/2010 | 5 | ANSWER to Complaint by Norfolk Southern Railway Company.(Buford, John) (Entered: 12/06/2010) |
| 12/10/2010 |  | In Re: Asbestos Products Liability Litigation - MDL #875. 2nd NOTICE to Clerk of MDL Panel of tag-along case - 1st notice sent 12/1/10. (nll) (Entered: 12/10/2010) |
| 01/04/2011 |  | Second Notice to Anne McGinness Kearse: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 1/14/2011. (com) (Entered: 01/04/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/10/2011 15:02:50 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-00276-MR |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

| | |
|---|---|
| NORTH CAROLINA | FILED<br>IN THE GENERAL COURT OF JUSTICE<br>2010 OCT 28 SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 10 CVS 22178<br>MECKLENBURG CO., C.S.C.<br>BY: |

```
DIANE GRUBB TAYLOR and         )
RICHARD ERIC TAYLOR,           )
                               )
                               )
              Plaintiffs,      )         COMPLAINT
                               )         Jury Trial Demanded
                               )
    v.                         )
                               )
                               )
NORFOLK SOUTHERN RAILWAY       )
COMPANY, Individually and as   )
Successor to Southern Railway Company, )
a Virginia Corporation,        )
              Defendant.       )
_____)
```

**PLAINTIFFS**, DIANE GRUBB TAYLOR and RICHARD ERIC TAYLOR, by and through counsel of record, allege and will show unto this Honorable Court as follows:

1. The Plaintiffs, DIANE GRUBB TAYLOR and her husband, RICHARD ERIC TAYLOR, are citizens and residents of Matthews, Mecklenburg County, North Carolina (hereinafter collectively "PLAINTIFFS").

2. Plaintiff DIANE GRUBB TAYLOR (hereinafter "PLAINTIFF") was born on April 29, 1945, she is 65 years old.

3. Plaintiff RICHARD ERIC TAYLOR was born on January 6, 1943, he is 67 years old.

4. Defendant NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "Defendant"), successor-in-interest to the Southern Railway Company, is a corporation organized and existing under the laws of various states, and which is and was, at all times relevant hereto, engaged in interstate commerce in and throughout the several states of the United States as a common carrier by rail; and for the purpose hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business in and about Spencer, North Carolina.

5. PLAINTIFF's father, Sherley Robert Grubb, was employed by Defendant from 1951 to 1959.

6. Defendant owned or operated worksites in North Carolina, at which PLAINTIFF's father worked, or entered for purposes of work, and in which he and PLAINTIFF were exposed to asbestos containing materials.

7. Defendant knew, or should have known, at all times relevant hereto that exposure to asbestos was a known risk factor in the development of potentially fatal lung disease.

8. PLAINTIFF was exposed to asbestos: (1) while visiting Defendant's premises during her father's employment; and (2) through asbestos taken home on her father's work clothes and vehicle.

9. PLAINTIFF was diagnosed with malignant mesothelioma, a fatal disease caused solely by exposure to asbestos, in the month of June 2010.

10. Venue is proper in Mecklenburg County, North Carolina, in that the acts or omissions giving rise to this cause of action all occurred in the State of North Carolina. The Plaintiff is a North Carolina citizen and resident. Defendant does substantial business and has facilities within the State of North Carolina, in Rowan, Mecklenburg and other counties in North Carolina.

11. At all times mentioned herein, Defendant acted through its duly authorized agents, servants, and employees who were at all times relevant herein acting within the scope and course of their employment.

12. The plaintiff does not assert a claim against Defendant as being a manufacturer of asbestos-containing products. The Plaintiff asserts her claims only for household exposure and premises liability.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

13. The factual and jurisdictional allegations of Paragraphs one (1) through twelve (12) are realleged and incorporated herein as if restated verbatim.

2

14. PLAINTIFF was exposed to asbestos materials on Defendant's premises and through its use of asbestos containing materials which she came in contact with off premises. As a result, PLAINTIFF developed the asbestos cancer known as mesothelioma.

15. Defendant knew, or should have known, that PLAINTIFF, or others similarly situated, would come in contact with the asbestos containing products for which they may be liable.

16. Defendant knew, or should have known, that PLAINTIFF, or others similarly situated, would be in danger of developing fatal asbestos diseases such as the asbestos cancer known as mesothelioma as a result of such exposure.

17. Defendant either negligently created the condition causing the injury or negligently failed to correct the condition after actual or constructive notice of its existence. Further, Defendant was negligent in one, some or all of the following respects, and such negligence was a direct and proximate cause of PLAINTIFF's injuries and disabilities:

(a) In failing to furnish PLAINTIFF or her father, and others similarly situated, with safe and suitable tools and equipment, including adequate protective masks or protective inhalation devices;

(b) In failing to warn PLAINTIFF or her father, and others similarly situated, of the true nature and hazardous effects of the asbestos to which they were exposed;

(c) In failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(d) In failing to test asbestos-containing products prior to requiring employees to work with same, to determine their hazardous nature;

(e) In continuing to use asbestos products when Defendant knew, or should have known, that such products caused injuries or death in those persons exposed to asbestos materials;

(f) In failing to formulate and implement instructions and a safe method of handling asbestos;

(g) In failing to provide PLAINTIFF's father a safe place to work by failing to maintain the ambient and environmental conditions of the plant in proper and safe conditions, thus increasing the risk that PLAINTIFF would be exposed to asbestos dust;

(h) In failing to provide PLAINTIFF or her father, and others similarly situated, with safe and proper ventilation systems in the relevant facility;

3

(i) In failing to exercise reasonable care in publishing and enforcing a safety plan and method of working with or around asbestos;

(j) In requiring employees to work with hazardous products or materials;

(k) In failing to exercise adequate, if any, care for the health and safety of individuals on its premises, including the PLAINTIFF or her father, and others similarly situated;

(l) In failing to periodically test and examine PLAINTIFF or her father, and others similarly situated, to determine if he was subject to any ill effects of his exposure to asbestos;

(m) In allowing excessive dust from asbestos to exist and accumulate on its premises;

(n) In failing to conduct adequate, if any, industrial hygiene, epidemiological or medical studies related to asbestos and its effect on PLAINTIFF or her father, and others similarly situated;

(o) In failing to conduct air monitoring to determine fiber release or levels of respirable asbestos;

(p) In failing to adequately warn PLAINTIFF's father and PLAINTIFF of the inherent dangers of asbestos contamination; and

(q) On such other and further particulars as the evidence may show.

18. At all times relevant hereto, it was feasible for Defendant to have adequately warned PLAINTIFF of and protected PLAINTIFF from the dangers associated with asbestos exposure.

19. Defendant's negligent, grossly negligent, willful, wanton and reckless conduct, as described herein, was a direct and proximate cause of PLAINTIFF's illness and, as a result, PLAINTIFF has suffered damages in the form of medical expenses, pain and suffering, extreme emotional distress, and other damages as can be identified at a trial of this action.

20. **WHEREFORE,** PLAINTIFFS demand judgment against Defendant for compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of PLAINTIFF's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

4

## SECOND CAUSE OF ACTION

### PREMISES LIABILITY

21. The factual and jurisdictional allegation of Paragraphs one (1) through twenty (20) are realleged and incorporated herein as if restated verbatim.

22. Defendant either owned or controlled real property which PLAINTIFF and her father lawfully entered.

23. Defendant owed PLAINTIFF and her father the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils, unsafe conditions and foreseeable hazards insofar as they can be ascertained by reasonable inspection and supervision.

24. Defendant breached its duty in the following manners:

(a) Defendant failed to restrict the use of asbestos products on its premises even after Defendant knew or should have known of the dangers associated with exposure to airborne asbestos fibers;

(b) Defendant knew, or with the exercise of reasonable care should have known, of the dangers associated with exposure to airborne asbestos fibers created by the sawing, cutting, application and other use of asbestos products, and by the removal and repair of existing asbestos materials;

(c) Defendant failed to take reasonable precautions or exercise due care to warn PLAINTIFF or her father of the danger of asbestos to which she was exposed;

(d) Defendant failed to provide PLAINTIFF or her father with protective equipment and clothing to protect them from exposure to asbestos fibers;

(e) The maintenance, installation, placement, repair and removal of asbestos materials in the Defendant's facilities created an unreasonable risk of harm;

(f) Defendant failed to adequately inspect and supervise the use of asbestos materials by its employees and contractors;

(g) Defendant failed to protect PLAINTIFF or her father, and others similarly situated, from the hidden hazards of asbestos;

(h) Defendant failed to institute reasonable industrial hygiene practices on its property; and

(i) In failing to conduct adequate, if any, industrial hygiene, epidemiological or medical studies related to asbestos and its effect on PLAINTIFF or her father, and others similarly situated;

(j) On such other and further particulars as the evidence may show.

5

25. During the course of PLAINTIFF's life, PLAINTIFF legally entered Defendant's property on a regular basis where her father worked, and with full knowledge of the Defendant she and other children played on and around asbestos-containing materials.

26. As a direct and proximate consequence of the actions of Defendant, PLAINTIFF was exposed to asbestos materials resulting from their ordinary and foreseeable use.

27. Defendant exposed PLAINTIFF and her father to asbestos-containing products when it knew, or it should have been reasonably foreseeable that these individuals would be injuriously exposed to those asbestos-containing materials.

28. PLAINTIFF's illness was a direct and proximate result of Defendant's breach of duty to PLAINTIFF which caused PLAINTIFF to suffer damages in the form of medical, pain and suffering, extreme emotional distress, and other damages as can be identified at a trial of this action.

29. **WHEREFORE**, PLAINTIFFS demand judgment against Defendant for compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of PLAINTIFF's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

## TAKE HOME EXPOSURE

30. The factual and jurisdictional allegation of Paragraphs one (1) through twenty nine (29) are realleged and incorporated herein as if restated verbatim.

31. PLAINTIFF was exposed to asbestos material through exposure to the work clothes, vehicles, and residence of her father, and those similarly situated, which were contaminated with asbestos fibers originating in his workplace.

32. Defendant owed a duty to PLAINTIFF to exercise reasonable care in protecting her father and his family members from asbestos exposure as Defendant knew, or should have known, that

6

PLAINTIFF, or others similarly situated, would be in danger of developing fatal asbestos diseases such as the asbestos cancer known as mesothelioma as a result of such exposure.

33. Defendant breached this duty as alleged in the FIRST CAUSE OF ACTION and SECOND CAUSE OF ACTION herein.

34. The breach of Defendant's duties to PLAINTIFF or her father, and others similarly situated, was a direct and proximate cause of PLAINTIFF's contraction of mesothelioma and resultant injuries, illnesses, disabilities, and other damages as can be identified at a trial of this action.

35. **WHEREFORE**, PLAINTIFFS demand judgment against Defendant for compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of PLAINTIFF's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### PUNITIVE AND EXEMPLARY DAMAGES

36. The factual and jurisdictional allegations of Paragraphs one (1) through thirty five (35) are realleged and incorporated herein as if restated verbatim.

37. The actions and inactions of Defendant, as specifically alleged herein, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct or malice causing substantial harm resulting in damages, illnesses, disabilities and injuries to PLAINTIFF. More specifically, Defendant and its predecessors-in-interest acted with a conscious and flagrant disregard for the rights and safety of PLAINTIFF or deliberately engaged in oppression, fraud, willfulness, wantonness or malice with regard to PLAINTIFF and Defendant should be held liable in punitive and exemplary damages to PLAINTIFF.

38. **WHEREFORE**, PLAINTIFFS demand judgment against Defendant for punitive and exemplary damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs

7

expended herein, for prejudgment interest from the date of PLAINTIFF's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

## LOSS OF CONSORTIUM

39. The factual and jurisdictional allegations of Paragraphs one (1) through thirty eight (38) are realleged and incorporated herein as if restated verbatim.

40. Plaintiff RICHARD ERIC TAYLOR is the spouse of PLAINTIFF.

41. Due to the wrongful and tortuous acts of Defendant, Plaintiff RICHARD ERIC TAYLOR has suffered pecuniary loss due to the loss of services of his wife, PLAINTIFF.

42. Plaintiff RICHARD ERIC TAYLOR has suffered and will continue to suffer in the future, damages including loss of affection, society, comfort, support, consortium, companionship and the protection of his wife.

43. Plaintiff RICHARD ERIC TAYLOR has suffered damages as a result of PLAINTIFF's injuries described herein, including but not limited to: lost income, medical expenses, expenses of the illness, and future funeral expenses of his wife.

44. Defendant's wrongful conduct, as alleged above, was a direct and proximate cause of the damages suffered by Plaintiff RICHARD ERIC TAYLOR.

45. **WHEREFORE**, Plaintiff RICHARD ERIC TAYLOR demands judgment against Defendant for compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000), for punitive and exemplary damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of PLAINTIFF's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## JURY DEMAND

**WHEREFORE**, PLAINTIFFS respectfully request that their claim against Defendant be tried before a jury.

This the 28th day of October, 2010.

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFFS**

*Mona Lisa Wallace*

WALLACE & GRAHAM, P.A.
Mona Lisa Wallace (NC Bar No. 9021)
William M. Graham (NC Bar No. 17972)
525 N. Main Street
Salisbury, NC 28144
(714) 633-5244

**MOTLEY RICE LLC**
Anne McGinness Kearse
John E. Guerry III
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000

9