JPG

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00008-JPG -DGW

Baker v. Air & Liquid Systems Corporation et al          Date Filed: 01/05/2011
Assigned to: Judge J. Phil Gilbert                        Jury Demand: Both
Referred to: Magistrate Judge Donald G. Wilkerson         Nature of Suit: 368 P.I. : Asbestos
Demand: $350,000                                          Jurisdiction: Federal Question
Case in other court: Madison County, 10-L-1168
Cause: 28:1442 Petition for Removal

**Plaintiff**

**Thomas Franklin Baker, Jr.**          represented by   **Ethan A. Flint**
                                                          Saville & Flint LLC
                                                          112 Magnolia Drive
                                                          P. O. Box 930
                                                          Glen Carbon, IL 62034
                                                          618-288-4777
                                                          Fax: 618-288-2864
                                                          Email: eflint@toverdict.com
                                                          *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Air & Liquid Systems Corporation**
*also known as*
Buffalo Pumps, Inc

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Aldrich Pump Company**
*a subsidiary of Ingersoll-Rand*

**Defendant**

**Alfa Laval, Inc.**
*individually and as successor-in-interest*
*to Sharpless Corp.*

**Defendant**

**A.O. Smith Corporation**

**Defendant**

**Asco Valves, Inc.**

**Defendant**

**Aurora Pump Company**

**Defendant**

**Borg-Warner Corporation**
*by its successor-in-interest, Borgwarner*
*Morse Tec Inc..*

**Defendant**

**Carrier Corporation**

**Defendant**

**Carver Pump Company**

**Defendant**

**CBS Corporation**
*a Delaware Corporation, successor by*
*merger to CBS Corporation, a*
*Pennsylvania Corporation f/k/a*
*Westinghouse Electric Corporation*
*formerly known as*
Viacom, Inc.

**Defendant**

**Certain-Teed Corporation**

**Defendant**

**Cleaver-Brooks Inc.**
*a division of Aqua-Chem, Inc.*
*formerly known as*
Cleaver Brooks

**Defendant**

**Control Components, Inc.**
*sued individually and as Successor-*
*in-interest to Bailey Valves Company*

**Defendant**

**Copes Vulcan, Inc.**

**Defendant**

**Crane Co.**
*sued individually and as Successor-*
*in-interest to Cochrane, Inc., a/k/a Jenkins*
*Valves, Inc., a/k/a Pacific Pump, Inc.*

**Defendant**

**Crown Cork & Seal Company, Inc.**

**Defendant**

**Dana Companies, LLC**

<u>Defendant</u>

**Deere & Company**
*also known as*
John Deere Company

<u>Defendant</u>

**Dezurik**

<u>Defendant</u>

**Dover Corporation**

<u>Defendant</u>

**Blackmer Pump Division**

<u>Defendant</u>

**Eaton Corporation**

<u>Defendant</u>

**Elliott Turbomachinery Co., Inc.**

<u>Defendant</u>

**Flowserve Corporation**
*sued Individually and as successor-
in-interest to BW/IP International, Inc.,
f/k/a Byron Jackson Pump Division and
Pacific Pumps*

<u>Defendant</u>

**FMC Corporation**
*sued as Successor of Northern Ford
Motor Company*

<u>Defendant</u>

**Pumps and Peerless Pumps**

<u>Defendant</u>

**Foster Wheeler Energy Corporation**      represented by  **Ashley M. Felton**
*sued individually and as Successor-*                  Segal, McCambridge et al.
*in-interest to C.H. Wheeler*                          Generally Admitted
                                                       Sears Tower - Suite 5500
                                                       233 South Wacker Drive
                                                       Chicago, IL 60606
                                                       312-654-7800
                                                       Fax: 312-654-7711
                                                       Email: afelton@smsm.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Daniel M. Finer**

Segal, McCambridge et al.
Generally Admitted
Sears Tower - Suite 5500
233 South Wacker Drive
Chicago, IL 60606
312-645-7800
Fax: 312-645-7711
Email: dfiner@smsm.com
*ATTORNEY TO BE NOTICED*

**James L. Svajgl**
Segal, McCambridge et al.
Generally Admitted
Sears Tower - Suite 5500
233 South Wacker Drive
Chicago, IL 60606
312-645-7800
Fax: 312-645-7711
Email: jsvajgl@smsm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gardner Denver, Inc.**

**Defendant**

**General Electric Company**

**Defendant**

**Genuine Parts Company**
*also known as*
NAPA Auto Parts

**Defendant**

**Georgia-Pacific LLC**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Grinnell LLC**

**Defendant**

**Hardie-Tynes Co., Inc.**

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Illinois Tool Works, Inc.**
*individually and as Successor-in-interest
to Devcon Limited*

Defendant

**Imo Industries, Inc.**
*individually and as successor-in-interest
to Delaval Turbine, Inc.*

Defendant

**Ingersoll-Rand Company**

Defendant

**ITT Corporation**
*formerly known as*
ITT Industries, Inc.

Defendant

**John Crane, Inc.**

Defendant

**John Morrell & Company**

Defendant

**Johnston Boiler Company**

Defendant

**J.P. Bushnell Packing Supply Co.**

Defendant

**Kaiser Gypsum Company, Inc.**

Defendant

**Metropolitan Life Insurance Company**

Defendant

**Owens-Illinois Inc**

Defendant

**Peerless Industries, Inc.**

Defendant

**Pneumo Abex Corporation**

Defendant

**Rexnord Industries, LLC**
*also known as*
The Falk Corporation

Defendant

**Riley Power, Inc.**
*formerly known as*
Riley Stoker Corporation

<u>Defendant</u>

**SB Decking, Inc.**
*formerly known as*
Selby, Battersby & Company

<u>Defendant</u>

**Sprinkmann Sons Corporation**

<u>Defendant</u>

**Trane US, Inc.**
*formerly known as*
American Standard, Inc.

<u>Defendant</u>

**Tyco International (US) Inc**
*for Tyco Valves & Controls, a unit of Tyco
Flow Control as successor to Yarway
Corporation, J.E. Lonergan, Grinnell
Corp. and Kunkle Valve*

<u>Defendant</u>

**Union Carbide Corporation**

<u>Defendant</u>

**Velan Valve Corp.**

<u>Defendant</u>

**VIAD Corporation**
*as successor-in-interest to Griscom-
Russell*

<u>Defendant</u>

**Viking Pumps Inc.**

<u>Defendant</u>

**Warren Pumps, LLC**

<u>Defendant</u>

**Weil-Mclain Company**

<u>Defendant</u>

**Weir-Valves & Controls USA, INC.**
*doing business as*
Atwood & Morrill Co

<u>Defendant</u>

**The William Powell Company**

<u>Defendant</u>

**Yarway Corporation**

<u>Defendant</u>

**York International Corporation**

<u>Defendant</u>

**Young Group, LTD**
*formerly known as*
Young Sales Corp

<u>Defendant</u>

**Young Insulation Group of St Louis Inc**

<u>Defendant</u>

**Zurn Industries, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2011 | 1 | Case Opened. Documents may now be electronically filed. Case number 11-8-MJR/DGW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Consent to Magistrate Judge)(bkl) (Entered: 01/05/2011) |
| 01/05/2011 | 2 | NOTICE OF REMOVAL by Foster Wheeler Energy Corporation from Circuit Court of Madison County, case number 10-L-1168. ( Filing fee $ 350 receipt number 0754-1302731) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-K, # 3 Exhibit L-O)(Svajgl, James) (Entered: 01/05/2011) |
| 01/05/2011 | 3 | NOTICE of Appearance by James L. Svajgl on behalf of Foster Wheeler Energy Corporation (Svajgl, James) (Entered: 01/05/2011) |
| 01/06/2011 | 4 | ORDER OF RECUSAL. Judge Michael J. Reagan recused. Case reassigned to Chief Judge David R. Herndon for all further proceedings. Signed by Judge Michael J. Reagan on 01/06/11. (dkd ) (Entered: 01/06/2011) |
| 01/07/2011 | 5 | NOTICE of Appearance by Ashley M. Felton on behalf of Foster Wheeler Energy Corporation (Felton, Ashley) (Entered: 01/07/2011) |
| 01/07/2011 | 6 | NOTICE of Appearance by Daniel M. Finer on behalf of Foster Wheeler Energy Corporation (Finer, Daniel) (Entered: 01/07/2011) |
| 01/07/2011 | 7 | ORDER OF RECUSAL. Chief Judge David R. Herndon recused. Case reassigned to Judge J. Phil Gilbert for all further proceedings. Signed by Chief Judge David R. Herndon on 1/7/11. (skp) (Entered: 01/07/2011) |
| 01/07/2011 | 8 | NOTICE by Foster Wheeler Energy Corporation *of Tag-Along Action* (Svajgl, James) (Entered: 01/07/2011) |

**PACER Service Center**

| Transaction Receipt | | | |
|---|---|---|---|
| 01/13/2011 12:47:08 | | | |
| **PACER Login:** | sm0422 | **Client Code:** | 000007447.10607 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-00008-JPG -DGW |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

 **CT Corporation**

**Service of Process Transmittal**
12/06/2010
CT Log Number 517697195

**TO:** Frederick C Wolsky
Foster Wheeler Inc.
Perryville Corporate Park
Clinton, NJ 08809

**RE:** **Process Served in Illinois**

**FOR:** Foster Wheeler Energy Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Thomas Franklin Baker, Jr., Pltf. vs. Air Liquid Systems Corporation, etc., et al. including Foster Wheeler Energy Corporation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return Form, Complaint, Entry, Motion to Set Case for Trial (Expedited Trial Setting), Notice, Certificate, Affidavit |
| **COURT/AGENCY:** | Madison County - 3rd Judicial Circuit Court, IL<br>Case # 10L1168 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/06/2010 at 08:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of date of service - File answer or appearance // 06/13/11 - Proposed Trial |
| **ATTORNEY(S) / SENDER(S):** | Ethan A. Flint<br>Saville & Flint, L.L.C.<br>112 Magnolia Drive<br>P.O. Box 930<br>Glen Carbon, IL 62034<br>618-288-4777 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/06/2010, Expected Purge Date: 01/05/2011<br>Image SOP<br>Email Notification, Lorraine Gibbons Lorraine_gibbons@fwc.com<br>Email Notification, Elaine McIntosh elaine_mcintosh@fwc.com<br>Email Notification, Frederick C Wolsky Fred_Wolsky@fwc.com<br>Email Notification, Mike Lovitto mike_lovitto@fwc.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Thad DiBartelo<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | |
|---|---|
| THOMAS FRANKLIN BAKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs.- | )    No.  10-L-1168 |
| | ) |
| AIR LIQUID SYSTEMS CORPORATION | ) |
| a/k/a BUFFALO PUMPS, INC., et al., | )    **SUMMONS** |
| | ) |
| Defendants. | ) |

**DEFENDANT:**   **Foster Wheeler Energy Corporation, sued individually and as successor-in-interest to C.H. Wheeler**

**SERVE:**   **C.T. Corporation System**
**208 S. LaSalle Street, 17th Floor**
**Chicago, IL 60604**

You are summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: MATT MELUCCI, the Clerk of the Circuit Court and the seal thereof at Edwardsville, Illinois, this _____, 2010.

MATT MELUCCI
(Clerk of the Circuit Court)

BY:_____
(Deputy Clerk)

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
SAVILLE & FLINT, L.L.C.
Attorneys for Plaintiff
112 Magnolia Drive
P.O. Box 930
Glen Carbon, Illinois
(618) 288-4777

Date of Service: _____, 2010
(To be inserted by officer on the copy left with the defendant or other person)

STATE OF ILLINOIS      )
                            ) ss.
COUNTY OF MADISON   )

I, _____, Special Process Server, have duly served the within summons on the defendant, **Foster Wheeler Energy Corporation, sued individually and as successor-in-interest to C.H. Wheeler** by leaving a copy of the summons, Complaint, Motion to Set Case for Trial, Affidavit Regarding Damages Sought and Entry of Appearance, with the said defendant personally on the ___day of _____, 20__.

       I have duly served the said summons on the defendant, _____, on the _____ day of _____, 20___, by leaving a copy of said summons on said date at his usual place of abode with _____, a person of the family of said _____, of the age of thirteen years or upwards and by informing such person with whom said summons was left of the contents thereof and by also sending a copy of said summons on the _____ day of _____, 20____, in a sealed envelope, with postage fully prepaid, addressed to said defendant at his/her usual place of abode, as stated hereinabove in my return.

       Dated this _____ day of _____, 20___.

                                      _____
                                      SPECIAL PROCESS SERVER

---

Case No. 10-L-1168

BAKER,
       Plaintiff,

v.

AIR & LIQUID SYSTEMS
CORPORATION a/k/a BUFFALO PUMPS,
INC., et al.
       Defendants.

Sheriff's Fees

Service Fees....................$_____

Making Copies.................$_____

_____ Miles Traveled........$_____

Cost of Mailing Copies........$_____

Return...........................$_____

Total............................$_____

# IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

THOMAS FRANKLIN BAKER, JR.,                    )
                                               )
                Plaintiff,                        )
                                               )
-vs.-                                          )    No. 10-L-1168
                                               )
AIR & LIQUID SYSTEMS CORPORATION, *a/k/a*      )
   BUFFALO PUMPS, INC.,                      )
A.W. CHESTERTON COMPANY,                       )
ALDRICH PUMP COMPANY, *a subsidiary of*        )
   INGERSOLL-RAND,                           )
ALFA LAVAL, INC., *individually and as successor-in-interest to* )
   SHARPLESS CORP.,                          )
A.O. SMITH CORPORATION,                        )
ASCO VALVES INC.,                              )
AURORA PUMP COMPANY,                           )
BORG-WARNER CORPORATION, by its successor-in-interest, )
    BORGWARNER MORSE TEC INC.,             )
CARRIER CORPORATION,                           )
CARVER PUMP COMPANY,                           )
CBS CORPORATION, a Delaware Corporation        )
   f/k/a VIACOM INC., *successor by merger to*  )
   CBS CORPORATION, a Pennsylvania           )
   Corporation f/k/a WESTINGHOUSE            )
   ELECTRIC CORPORATION,                     )
CERTAIN-TEED CORPORATION,                      )
CLEAVER-BROOKS INC., *f/k/a Cleaver Brooks, a* )
   division of Aqua-Chem, Inc.,              )
CONTROL COMPONENTS, INC. (*sued*              )
   individually and as Successor-in-interest to* )
   BAILEY VALVES COMPANY),                   )
COPES VULCAN, INC.,                            )
CRANE CO. (*sued individually and as*          )
   Successor-in-interest to* COCHRANE, INC., *a/k/a* JENKINS )
   VALVES, INC., *a/k/a* PACIFIC PUMP, INC., )
CROWN CORK & SEAL COMPANY, INC.,               )
DANA COMPANIES, LLC,                           )
DEERE & COMPANY *a/k/a* JOHN DEERE COMPANY,    )
DEZURIK,                                       )
DOVER CORPORATION, BLACKMER PUMP DIVISION,     )
EATON CORPORATION,                             )
ELLIOTT TURBOMACHINERY CO., INC.,              )

FILED

NOV 17 2010

CLERK OF CIRCUIT COURT #10
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

                                           Cause No.

FLOWSERVE CORPORATION (*sued*                  )
   *Individually and as successor-in-interest to*     )
   BW/IP INTERNATIONAL, INC., *f/k/a*         )
   BYRON JACKSON PUMP DIVISION         )
   and PACIFIC PUMPS)                     )
FMC CORPORATION, *sued as Successor of* NORTHERN )
FORD MOTOR COMPANY,              )
PUMPS and PEERLESS PUMPS,         )
FOSTER WHEELER ENERGY CORPORATION    )
   (*sued individually and as Successor-in-interest to* )
    C.H. WHEELER),                  )
GARDNER DENVER, INC.,              )
GENERAL ELECTRIC COMPANY,         )
GENUINE PARTS COMPANY a/k/a NAPA Auto Parts, )
GEORGIA-PACIFIC LLC,              )
GOULDS PUMPS, INC.,               )
GRINNELL LLC,                   )
HARDIE-TYNES CO., INC.,            )
HONEYWELL INTERNATIONAL, INC.,      )
ILLINOIS TOOL WORKS, INC., *individually and as* )
   *Successor-in-interest to* Devcon Limited,    )
IMO INDUSTRIES INC., *individually and as*    )
   *successor-in-interest to* DELAVAL TURBINE, INC., )
INGERSOLL-RAND COMPANY,         )
ITT CORPORATION *f/k/a* ITT INDUSTRIES, INC.,  )
JOHN CRANE, INC.,                )
JOHN MORRELL & COMPANY,          )
JOHNSTON BOILER COMPANY,         )
J.P. BUSHNELL PACKING SUPPLY CO.,     )
KAISER GYPSUM COMPANY INC.,       )
METROPOLITAN LIFE INSURANCE COMPANY,  )
OWENS-ILLINOIS, INC.,             )
PEERLESS INDUSTRIES INC.,          )
PNEUMO ABEX CORPORATION,         )
REXNORD INDUSTIRES, LLC *a/k/a*        )
   THE FALK CORPORATION;           )
RILEY POWER INC., *f/k/a* RILEY STOKER CORPORATION, )
SB DECKING, INC. f/k/a SELBY, BATTERSBY & COMPANY )
SPRINKMANN SONS CORPORATION,      )
TRANE US, INC., *f/k/a* AMERICAN STANDARD, INC., )
TYCO INTERNATIONAL (US), INC., (*for* TYCO   )
   VALVES & CONTROLS, *a unit of* TYCO FLOW  )
   CONTROL *as successor to* YARWAY      )
   CORPORATION, J.E. LONERGAN, GRINNELL  )
   CORP. *and* KUNKLE VALVE),        )
UNION CARBIDE CORPORATION,        )

VELAN VALVE CORP.,                                          )
VIAD CORPORATION, *as successor-in-interest to*            )
  GRISCOM-RUSSELL,                                          )
VIKING PUMPS INC.,                                          )
WARREN PUMPS, LLC,                                          )
WEIL-MCLAIN COMPANY,                                        )
WEIR-VALVES & CONTROLS USA, INC., (*d/b/a*                  )
  ATWOOD & MORRILL CO.),                                    )
THE WILLIAM POWELL COMPANY,                                 )
YARWAY CORPORATION,                                         )
YORK INTERNATIONAL CORPORATION,                             )
YOUNG GROUP, LTD, *f/k/a* YOUNG SALES CORP.,                )
YOUNG INSULATION GROUP OF ST. LOUIS, INC., and              )
ZURN INDUSTRIES, LLC,                                       )
                                                            )
              Defendants.                                   )

## COMPLAINT

## COUNT I

### NEGLIGENCE COUNT AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, THOMAS BAKER, JR., by his attorneys, Saville & Flint,

L.L.C., and for his cause of action against the Defendants, state:

1.      The Plaintiff, THOMAS BAKER, JR., was employed by the following

employers: United States Navy from 1952 to 1956 located in Great Lakes, Illinois, Long Beach,

California and the USS Chemung; JOHN MORRELL & COMPANY from 1950 to 1974 located

in Ottumwa, Iowa; and, DEERE & COMPANY *a/k/a* JOHN DEERE COMPANY, from 1974 to

1992.

2.      During the course of the Plaintiff, THOMAS BAKER, JR's, employment, the Plaintiff,

THOMAS BAKER, JR., was exposed to and inhaled asbestos fibers emanating from certain

products he was working with and around, which were manufactured, sold, distributed or

installed by the Defendants: AIR & LIQUID SYSTEMS CORPORATION, *a/k/a* BUFFALO

PUMPS, INC., A.W. CHESTERTON COMPANY, ALDRICH PUMP COMPANY, *a*

subsidiary of INGERSOLL-RAND, ALFA LAVAL, INC., *individually and as successor-in-interest to* SHARPLESS CORP., A.O. SMITH CORPORATION, ASCO VALVES INC., AURORA PUMP COMPANY, BORG-WARNER CORPORATION, by its successor-in-interest, BORGWARNER MORSE TEC INC., CARRIER CORPORATION, CARVER PUMP COMPANY, CBS CORPORATION, a Delaware Corporation f/k/a VIACOM INC., *successor by merger to* CBS CORPORATION, a Pennsylvania Corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, CERTAIN-TEED CORPORATION, CLEAVER-BROOKS INC., *f/k/a* Cleaver Brooks, *a division of* Aqua-Chem, Inc., CONTROL COMPONENTS, INC. (*sued individually and as Successor-in-interest to* BAILEY VALVES COMPANY), COPES VULCAN, INC., CRANE CO., (*sued individually and as Successor-in-interest to* COCHRANE, INC., *a/k/a* JENKINS VALVES, INC., *a/k/a* PACIFIC PUMP, INC., CROWN CORK & SEAL COMPANY, INC., DANA COMPANIES, LLC, DEERE & COMPANY *a/k/a* JOHN DEERE COMPANY, DEZURIK, DOVER CORPORATION, BLACKMER PUMP DIVISION, EATON CORPORATION, ELLIOTT TURBOMACHINERY CO., INC., FLOWSERVE CORPORATION (*sued Individually and as successor-in-interest to* BW/IP INTERNATIONAL, INC., *f/k/a* BYRON JACKSON PUMP DIVISION and PACIFIC PUMPS) FMC CORPORATION, *sued as Successor of* NORTHERN PUMPS and PEERLESS PUMPS, FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION (*sued individually and as Successor-in-interest to* C.H. WHEELER), GARDNER DENVER, INC., GENERAL ELECTRIC COMPANY, GENUINE PARTS COMPANY a/k/a NAPA Auto Parts, GEORGIA-PACIFIC LLC, GOULDS PUMPS, INC., GRINNELL LLC, HARDIE-TYNES CO., INC., HONEYWELL INTERNATIONAL, INC., ILLINOIS TOOL WORKS, INC., *individually and as Successor-in-interest to* Devcon Limited, IMO INDUSTRIES INC., *individually and as*

*successor-in-interest to* DELAVAL TURBINE, INC., INGERSOLL-RAND COMPANY, ITT CORPORATION *f/k/a* ITT INDUSTRIES, INC., JOHN CRANE, INC., JOHN MORRELL & COMPANY, JOHNSTON BOILER COMPANY, J.P. BUSHNELL PACKING SUPPLY CO., KAISER GYPSUM COMPANY INC., METROPOLITAN LIFE INSURANCE COMPANY, OWENS-ILLINOIS, INC., PEERLESS INDUSTRIES INC., PNEUMO ABEX CORPORATION, REXNORD INDUSTIRES, LLC *a/k/a* THE FALK CORPORATION, RILEY POWER INC., *f/k/a* RILEY STOKER CORPORATION, SB DECKING, INC. f/k/a SELBY, BATTERSBY & COMPANY SPRINKMANN SONS CORPORATION, TRANE US, INC., *f/k/a* AMERICAN STANDARD, INC., TYCO INTERNATIONAL (US), INC., (*for* TYCO VALVES & CONTROLS, *a unit of* TYCO FLOW CONTROL *as successor to* YARWAY CORPORATION, J.E. LONERGAN, GRINNELL CORP. *and* KUNKLE VALVE), UNION CARBIDE CORPORATION, VELAN VALVE CORP., VIAD CORPORATION, *as successor-in-interest to* GRISCOM-RUSSELL, VIKING PUMPS INC., WARREN PUMPS, LLC, WEIL-MCLAIN COMPANY, WEIR-VALVES & CONTROLS USA, INC., (*d/b/a* ATWOOD & MORRILL CO.), THE WILLIAM POWELL COMPANY, YARWAY CORPORATION, YORK INTERNATIONAL CORPORATION, YOUNG GROUP, LTD, *f/k/a* YOUNG SALES CORP., YOUNG INSULATION GROUP OF ST. LOUIS, INC., and ZURN INDUSTRIES, LLC.

3.      At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

4.      THOMAS BAKER, JR's, exposure to and inhalation of the asbestos fibers emanating from the above-mentioned products were completely foreseeable and could or should have been anticipated by the Defendants.

Cause No.

5.    The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them.

6.    That on or about June, 2009, the Plaintiff first became aware that he had developed Lung Cancer and at a later date learned that said disease was wrongfully caused.

7.    At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around the products of the Defendants containing asbestos.

8.    The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

> (a)  Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;
>
> (b)  Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;
>
> (c)  Included asbestos in their products when adequate substitutes for the asbestos in them was available;
>
> (d)  Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers contained in them;
>
> (e)  Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and
>
> (f)  Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products.

Cause No.

(g) Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

9.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer, which will ultimately lead to his death; Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experience, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be deprived, of his means of support and society.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiffs' injuries.

## COUNT II

## WILLFUL AND WANTON AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, THOMAS BAKER, JR., by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1. - 8.  Plaintiffs repeat and reallege Paragraphs 1 - 8 of Count I as and for Paragraphs 1 - 8 of this Count II.

9.      Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers in them;

(e)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests.

(g)  Intentionally or with a reckless disregard for the safety of the Plaintiff, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of

asbestos-containing replacement components.

10.     Plaintiffs repeat and reallege Paragraph 9 of Count I as and for Paragraphs 10 of this Count II.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT III

### CONSPIRACY

COMES NOW the Plaintiff, THOMAS BAKER, JR., by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1– 8.   Plaintiff repeats and realleges Paragraphs 1 - 8 of Count I as and for Paragraphs 1- 8 of this Count III.

9.      During the course of his employment, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products they were working with and around which were manufactured, sold or distributed by the Defendants named in Count I above.

10.     The Defendants, including METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, and/or their predecessors-in-interest in Madison County, Illinois, Cicero, Illinois, Chicago, Illinois, Libertyville, Illinois and Waukegan, Illinois as well as other locations, knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities, including Johns-Manville Corporation, Union Asbestos & Rubber Company, Pittsburgh-Corning Corporation and United States Gypsum, to cause Plaintiff's injury, disease and illness by

exposing Plaintiff to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose himself to said dangers. In this connection, Plaintiff has sued METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION in their capacities as co-conspirators. Defendants committed the above-described wrongs, some of which wrongful conduct occurred at the locations above, by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

11. In furtherance of said conspiracy, Defendants, METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, performed the following overt acts:

(a) for many decades, Defendants METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic and potentially deadly;

(b) despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully and maliciously:

Cause No.

    (1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff who was using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

    (2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

    (3)     distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff have suffered.

(c)    In addition, certain of the defendants, including but not limited to METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff from contracting an asbestos disease or cancer.

(d)    In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

(e)    As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

12.     Defendants individually, and as members of a conspiracy, and as agents of other co-conspirators were in a position of superior knowledge regarding the health hazards of asbestos and therefore the Plaintiff and others deciding to use said asbestos-containing products to which Plaintiff was exposed had a right to rely and did rely on the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

13.     As a direct and proximate result of Defendants' intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, upon which data the Plaintiff reasonably relied, the Defendants caused asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to be used by Plaintiff and Plaintiff inhaled or otherwise ingested hazardous asbestos dust, and/or will inhale or ingest hazardous asbestos dust, resulting in injuries.

14.     Additionally and alternatively, as a direct and proximate result of Defendants' actions and omissions as described above, the Plaintiff was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Plaintiff by depriving the Plaintiff and workers such as Plaintiff, of opportunities to be aware of the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid exposure to asbestos dust.  Because of this ignorance on the part of the Plaintiff, Defendants' failure to warn, Defendants' concealment from the Plaintiff of the alteration of their published test results, and the actions and omissions and concerted design and conspiracy of METROPOLITAN LIFE

Cause No.

INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX
CORPORATION, some of which wrongful conduct occurred in Madison County, Illinois, and
others, all as described above, the Plaintiff was exposed to asbestos and asbestos-containing
products and/or machinery containing or calling for the use of asbestos and/or asbestos-
containing products used at his places of employment and/or his family members' place
employment and has inhaled or otherwise ingested hazardous asbestos dust resulting in his
developing lung cancer.

     15.    As a direct and proximate result of one or more of the foregoing acts or omissions
on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled,
ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer, which
will ultimately lead to his death; Plaintiffs have been compelled to expend and become liable for
large sums of monies for hospital, medical and other health care services necessary for the
treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experienced, and
will continue to experience now and in the future, great physical pain and mental anguish as a
result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of
his asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to
be hindered now and in the future, from pursuing his normal course of employment, thereby
losing large sums of monies which otherwise would have accrued to him and his estate; further,
by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be
deprived, of his means of support and society.

     WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in
excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably
compensate for the Plaintiffs' injuries.

## COUNT IV

### STRICT LIABILITY/ULTRA-HAZARDOUS ACTIVITY

COMES NOW, Plaintiff, THOMAS BAKER, JR., by his attorneys, Saville & Flint,

L.L.C., and for his cause of action against the Defendants, DEERE & COMPANY *a/k/a* JOHN

DEERE COMPANY and JOHN MORRELL & COMPANY, state:

1.  Defendants, DEERE & COMPANY *a/k/a* JOHN DEERE COMPANY DEERE &

COMPANY *a/k/a* JOHN DEERE COMPANY and JOHN MORRELL & COMPANY, owned,

operated and/or controlled premises located in Ottumwa, Iowa at all times relevant hereto.

2.  Plaintiff was present on said premises of DEERE & COMPANY *a/k/a* JOHN

DEERE COMPANY and JOHN MORRELL & COMPANY, while employed by DEERE &

COMPANY *a/k/a* JOHN DEERE COMPANY and JOHN MORRELL & COMPANY.

3.  While present upon the above-named premises, Plaintiff was exposed to asbestos

fiber emanating from asbestos containing materials and raw asbestos present and being used at

said premises by Plaintiff and others. Plaintiff was exposed to and inhaled, ingested or otherwise

absorbed the asbestos fibers.

4.  As a direct and proximate result of said exposure, inhalation, ingestion and/or

absorption, Plaintiff contracted lung cancer.

5.  Plaintiff's exposure to and inhalation, ingestion and/or absorption of said asbestos

fibers was foreseeable and could or should have been anticipated by Defendant and each of them.

6.  Defendant knew or should have known that exposure to asbestos fibers posed an

unreasonable risk of harm to Plaintiff and others similarly situated.

7.  Defendant's use of asbestos-containing products and raw products at the above-

named facilities, in a manner causing the release of asbestos fibers, constituted an ultra-

Cause No.

hazardous activity. Defendant is strictly liable for injuries caused by such activity, regardless of the amount care exercised.

8. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; the Plaintiff has been, and in the future will be, compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been and will continue to be hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, his family has been deprived of his means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT V

### NEGLIGENCE

COMES NOW, Plaintiff, THOMAS BAKER, JR., by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, DEERE & COMPANY *a/k/a* JOHN DEERE COMPANY and JOHN MORRELL & COMPANY, state:

1-6. Plaintiff repeats and realleges Paragraph 1-6 of Count IV as Paragraph 1-6 of this

Count V.

7.      Plaintiff was unaware and had no reasonable way to know or realize the risks of being expose to asbestos. Defendants should have anticipated that Plaintiff did not know and would not discover or realize the risks of being exposed to asbestos fibers.

8.      Defendants had a duty to use ordinary care to see that the premises, at which Plaintiff was rightfully present, were in a reasonably safe condition for use by the Plaintiff and to use ordinary care for the safety of Plaintiff in conducting any operations or activities on said premises.

9.      Defendant breached its duties to Plaintiff and were negligent in one or more of the following respects:

> (a)    Specified/required the use/application/removal of asbestos-containing materials by Plaintiff, and others, including co-workers of Plaintiff and outside contractors, in the vicinity of Plaintiff and/or in areas in which Plaintiff performed work;
>
> (b)    Required Plaintiff to perform work in the vicinity of those using/applying/removing asbestos-containing materials;
>
> (c)    Purchased/provided asbestos-containing materials for purposes of application at the above-named premises;
>
> (d)    Failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendant knew or should have known were available.;
>
> (e)    Failed to warn Plaintiff that he was working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff was being exposed to asbestos fibers and of the adverse health effects of such exposure;
>
> (f)    Failed to require and/or advise Plaintiff, other employers and/or outside contractors to use safety equipment and practices designed to reduce the release of asbestos fibers and/or exposure to asbestos;
>
> (g)    Failed to require and/or advise its employees including Plaintiff of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home;

and,

(h) Failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendant, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing Plaintiff to develop the aforementioned asbestos-related disease.

11. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; the Plaintiff has been and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been and will continue to be hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the Plaintiff's illness, his family has been deprived of his means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiff, prays this Court enter judgment in her favor and against these Defendants, jointly and severally, to award compensatory damages in excess of $50,000 and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems appropriate.

Cause No.

## COUNT VI

### NEGLIGENT SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, THOMAS BAKER, JR., by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1.      Prior to the commencement of this case, Defendants had in their respective possession, custody and control documents and information relating to issues in this case.

2.      Upon information and belief, said issues include, but are not limited to: the identification of asbestos-containing products to which Decedent was exposed, the locations to, and at, which defendants sold, distributed and applied asbestos-containing products; the identity of the manufacturers and others in the distribution chain of said products; and, defendants' knowledge, notice and information regarding the hazards of asbestos and whether or not they were negligent.

3.      It was foreseeable to a reasonable person/entity in the respective positions of Defendants, that said documents and information constituted evidence, which was material to potential civil litigation-namely, asbestos litigation. Said defendants had a duty to maintain and preserve said documents and information because they knew or should have known that said documents and information were material evidence in potential asbestos litigation.

4.      Plaintiff has sought, but been unable to obtain, full disclosure of relevant documents and information from Defendants, leading to the inference that Defendants destroyed and otherwise disposed of said documents and information.

5.      Said defendants and each of them breached their duty to preserve said material evidence by destroying and otherwise disposing of said documents and information, at a time when they and each of them knew or should have known that the same constituted material

Page 18 of 20                                                                                                    Cause No.

evidence in potential civil litigation.

6.      As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

7.      As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award compensatory damages in an amount to be proved at trial, but believed to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and for such other and further relief that his Court deems appropriate.

## COUNT VII

### WILLFUL AND WANTON SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, THOMAS BAKER, JR., by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1.      Plaintiff herein incorporates by reference paragraphs 1-5 of Count VI.

2.      In destroying and disposing of said material evidence, said defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

3.      As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

Cause No.

4. As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award: compensatory damages in an amount to be proved at trial, but believed to exceed $50,000 and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

SAVILLE & FLINT, L.L.C.

By: _____

    Richard L. Saville, Jr., #6202868
    Ethan A. Flint, #6286170
    Andrew J. Balcer #6298225
    Jill M. Price, #6282444
    Jeffrey A. Millar, #6271673
    112 Magnolia Drive
    P.O. Box 930
    Glen Carbon, Illinois 62034
    (618) 288.4777
    Fax: (618) 288.2864

# IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

THOMAS FRANKLIN BAKER, JR.,                    )
                                               )
       Plaintiff,                          )
                                               )
-vs.-                                          )     No. 10-L- 1108
                                               )
AIR & LIQUID SYSTEMS CORPORATION, *a/k/a*      )
   BUFFALO PUMPS, INC., et al.,               )
                                               )
       Defendants.                         )

**FILED**

NOV 1 7 2010

CLERK OF CIRCUIT COURT # 10
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## ENTRY OF APPEARANCE

      COME NOW Saville & Flint, LLC, Ethan A. Flint, Richard L. Saville, Jr., Andrew J.

Balcer, Jill M. Price, and Jeffrey A. Millar as counsel for the Plaintiff, Thomas Franklin Baker,

Jr., and enter their appearance in the above numbered cause of action.

                                 Respectfully submitted,
                                 SAVILLE & FLINT, L.L.C.

                       By: _____
                              Richard L. Saville, Jr., #6202868
                              Ethan A. Flint, #6286170
                              Andrew J. Balcer #6298225
                              Jill M. Price, #6282444
                              Jeffrey A. Millar, #6271673
                              112 Magnolia Drive
                              P.O. Box 930
                              Glen Carbon, Illinois 62034
                              (618) 288.4777
                              Fax:  (618) 288.2864

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing document will be personally served
to Defendant, attached with the complaint and summons, to the address and on the date marked
in the return of service of summons.

      Page 1 of 1                                           No. 10-L-

# IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | |
|---|---|
| THOMAS FRANKLIN BAKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs.- | )  No. 10-L- 1108 |
| | ) |
| AIR & LIQUID SYSTEMS CORPORATION, *a/k/a* | ) |
| BUFFALO PUMPS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**FILED**

NOV 1 7 2010

### MOTION TO SET CASE FOR TRIAL (expedited trial setting)
CLERK OF CIRCUIT COURT #10
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

COME NOW Plaintiffs, by and through counsel, Saville & Flint, L.L.C., and hereby move this Honorable Court to set this case for trial on the Saville & Flint, L.L.C. June 13, 2011, Trial Docket, and in support thereof, state as follows:

1.      This case was filed in the Circuit Court of Madison County, Illinois on November 17, 2010.

2.      Thomas Franklin Baker, Jr. was diagnosed with lung cancer on or about June, 2009, and is living.

3.      Plaintiff requests that this Honorable Court set this case for trial on Saville & Flint, L.L.C.'s, June 13, 2011, Trial Docket.  If this case is assigned to Saville & Flint, L.L.C's June 13, 2011, Trial Docket, all discovery dates set forth in the Standing Order can be met.

WHEREFORE, Movant prays that this Honorable Court enter an Order setting this case for trial Saville & Flint, L.L.C.'s, June 13, 2011, Trial Docket.

Page **1** of **2**                                                      10-L-

Respectfully submitted,
SAVILLE & FLINT, L.L.C.

By: _____

Richard L. Saville, Jr., #6202868
Ethan A. Flint, #6286170
Andrew J. Balcer #6298225
Jill M. Price, #6282444
Jeffrey A. Millar, #6271673
112 Magnolia Drive
P.O. Box 930
Glen Carbon, Illinois 62034
(618) 288.4777
Fax: (618) 288.2864

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon Defendants with a copy of the summons as of the date noted on the return summons.

# IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

THOMAS FRANKLIN BAKER, JR.,     )
                                    )
        Plaintiff,               )
                                      )
-vs.-                              )   No. 10-L- 1108
                                      )
AIR & LIQUID SYSTEMS CORPORATION, *a/k/a*  )
   BUFFALO PUMPS, INC., et al.,       )
                                    )
        Defendants.           )

**FILED**

**NOV 17 2010**

CLERK OF CIRCUIT COURT #10
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## NOTICE OF ATTORNEY'S LIEN

     TAKE NOTICE that, pursuant to 770 ILCS 5/1, Plaintiffs' attorneys Saville & Flint,

L.L.C., have a statutory lien upon any and all proceeds recovered in the above-numbered cause

of action. Pursuant to Illinois law, 770 ILCS 5/1, this lien shall attach to any verdict, judgment

or order entered and to any money or property which may be recovered, on account of such suits,

claims, demands or causes of action, from and after the time of service of this notice.

                               Respectfully submitted,
                               SAVILLE & FLINT, L.L.C.

                             By: _____
                                 Richard L. Saville, Jr., #6202868
                                 Ethan A. Flint, #6286170
                                 Andrew J. Balcer #6298225
                                 Jill M. Price, #6282444
                                 Jeffrey A. Millar, #6271673
                                 112 Magnolia Drive
                                 P.O. Box 930
                                 Glen Carbon, Illinois 62034
                                 (618) 288.4777
                                 Fax: (618) 288.2864

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document will be personally served to Defendant, attached with the complaint and summons, to the address and on the date marked in the return of service of summons.

No. 10-L-___

# IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

THOMAS FRANKLIN BAKER, JR.,                    )
                                               )
        Plaintiff,                           )
                                               )
-vs.-                                          )     No. 10-L- 1168
                                               )
AIR & LIQUID SYSTEMS CORPORATION, *a/k/a*      )
    BUFFALO PUMPS, INC., et al.,             )
                                               )
        Defendants.                          )

**FILED**

**NOV 1 7 2010**

CLERK OF CIRCUIT COURT #10
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## AFFIDAVIT REGARDING DAMAGES SOUGHT

    COMES NOW Ethan Flint, of Saville & Flint, L.L.C., pursuant to Illinois Supreme Court Rule 222(b), and states on his oath that the damages sought in the above captioned matter exceed $50,000.

                        SAVILLE & FLINT, L.L.C.

                        By:_____

                              Ethan A. Flint, #6286170
                              112 Magnolia Drive
                              P.O. Box 930
                              Glen Carbon, Illinois 62034
                              (618) 288.4777
                              Fax:  (618) 288.2864

    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information an belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

                        _____
                                Ethan A. Flint