# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CIVIL DOCKET FOR CASE #: 2:10-cv-01679-TFM

EMANUEL v. BUFFALO PUMPS, INC. et al
Assigned to: Terrence F. McVerry
Case in other court: Court of Common Pleas of Indiana
              County, #11895 CD 2010
Cause: 28:1442 Petition for Removal

Date Filed: 12/15/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**OLLIE ANNA EMANUEL**
*Administratrix of the Estate of Wayne
H. Emanuel, Deceased, and OLLIE
ANNA EMANUEL, in her own right*

represented by **Jeffrey V. Mansell**
Goldberg, Persky & White, P.C.
1030 Fifth Ave.
Pittsburgh, PA 15219
412-471-3980
Fax: 412-471-8308
Email: jmansell@gpwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David P. Chervenick**
Goldberg, Persky, Jennings & White
1030 Fifth Avenue
Pittsburgh, PA 15219
(412) 471-3980
*ATTORNEY TO BE NOTICED*

**Peter T. Paladino , Jr.**
Goldberg, Persky & White
1030 Fifth Avenue
Pittsburgh, PA 15219
(412) 471-3980
Email: ppaladino@gpwlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BUFFALO PUMPS, INC.**
*successor-in-interest to Buffalo Forge
Company*

represented by **Jennifer E. Watson**
Wilbraham Lawler & Buba
603 Stanwix Street
Two Gateway Center, 17N
Pittsburgh, PA 15222
(412) 255-0500
Fax: (412) 255-0505
Email: jwatson@wlbdeflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS CORPORATION**
*successor by merger to Westinghouse*
*Electric Corporation, CBS Corporation*
*and Viacom, Inc.*

**Defendant**

**CRANE COMPANY, INC.**

**Defendant**

**ELLIOTT COMPANY**                    represented by    **Kimberly A. Brown**
*formerly known as*                                      Thorp, Reed & Armstrong
ELLIOT TURBOMACHINERY CO.                                301 Grant Street
                                                         One Oxford Centre, 14th Floor
                                                         Pittsburgh, PA 15222-4895
                                                         (412) 394-2323
                                                         Email: kbrown@thorpreed.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**GARDNER DENVER, INC.**

**Defendant**

**GENERAL ELECTRIC COMPANY**          represented by    **Bryan S. Neft**
                                                         Pietragallo Gordon Alfano Bosick &
                                                         Raspanti, LLP
                                                         One Oxford Centre
                                                         38th Floor
                                                         Pittsburgh, PA 15219
                                                         (412) 263-2000
                                                         Fax: (412) 263-2001
                                                         Email: bsn1@pietragallo.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**GEORGE V. HAMILTON, INC.**          represented by    **Ronald J. Richert**
                                                         Willman & Silvaggio
                                                         705 McKnight Park Drive
                                                         Pittsburgh, PA 15237
                                                         412-366-3333
                                                         Email: rrichert@willmanlaw.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**FMC CORPORATION**
*successor-in-interest to Northern Pump*
*Company*
*formerly known as*
NORTHERN FIRE APPARATUS
COMPANY

**Defendant**

**IMO INDUSTIES, INC.**               represented by    **Julie Nord Friedman**

Davies, McFarland & Carroll
One Gateway Center
Tenth Floor
Pittsburgh, PA 15222
(412) 281-0737
Email: jnord@dmcpc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**INGERSOLL-RAND
CORPORATION**                          represented by  **William J. Donovan**
Burns White
106 Isabella Street
Four Northshore Center
Pittsburgh, PA 15212-3001
(412) 995-3000
Fax: (412) 995-3300
Email: wjdonovan@burnswhite.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MCNALLY INDUSTRIES, LLC**
*individually, and as successor-interest
to Northern Pump Company*
*formerly known as*
NORTHERN FIRE APPARATUS
COMPANY

**Defendant**

**METROPOLITAN LIFE
INSURANCE COMPANY**
*formerly known as*
METROPOLITAN INSURANCE
COMPANY

**Defendant**

**NORTHERN PUMP COMPANY**
*formerly known as*
NORTHERN FIRE APPARATUS

**Defendant**

**WARREN PUMPS, LLC**

**Defendant**

**YARWAY CORPORATION**
*individually and successor-in-interestt
toYarnall-Waring Company*

**Defendant**

**FOSTER WHEELER, LLC**                represented by  **Dennis F. Wolford**
Reed, Luce, Tosh, Wolford & Douglass

804 Turnpike Street
Beaver, PA 15009
(724) 774-9220
Fax: 724-774-1363
Email: dwolford@reedluce.com
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**GENERAL ELECTRIC COMPANY**                    represented by **Bryan S. Neft**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**BUFFALO PUMPS, INC.**
*successor-in-interest to Buffalo Forge
Company*

**Cross Defendant**

**CBS CORPORATION**
*successor by merger to Westinghouse
Electric Corporation, CBS Corporation
and Viacom, Inc.*

**Cross Defendant**

**CRANE COMPANY, INC.**

**Cross Defendant**

**ELLIOTT COMPANY**                    represented by **Kimberly A. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**OLLIE ANNA EMANUEL**                    represented by **David P. Chervenick**
*Administratrix of the Estate of Wayne*                    (See above for address)
*H. Emanuel, Deceased, and OLLIE*                    *ATTORNEY TO BE NOTICED*
*ANNA EMANUEL, in her own right*

**Peter T. Paladino , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**FMC CORPORATION**
*successor-in-interest to Northern Pump
Company*

**Cross Defendant**

**GARDNER DENVER, INC.**

**Cross Defendant**

**GEORGE V. HAMILTON, INC.**

**Cross Defendant**

**IMO INDUSTIES, INC.**

**Cross Defendant**

**INGERSOLL-RAND
CORPORATION**

**Cross Defendant**

**MCNALLY INDUSTRIES, LLC**
*individually, and as successor-interest
to Northern Pump Company*

**Cross Defendant**

**METROPOLITAN LIFE
INSURANCE COMPANY**

**Cross Defendant**

**NORTHERN PUMP COMPANY**

**Cross Defendant**

**WARREN PUMPS, LLC**

**Cross Defendant**

**YARWAY CORPORATION**
*individually and successor-in-interestt
toYarnall-Waring Company*

**Cross Claimant**

**CBS CORPORATION**
*successor by merger to Westinghouse
Electric Corporation, CBS Corporation
and Viacom, Inc.*

V.

**Cross Defendant**

**BUFFALO PUMPS, INC.**
*successor-in-interest to Buffalo Forge
Company*

**Cross Defendant**

**CRANE COMPANY, INC.**

**Cross Defendant**

**ELLIOTT COMPANY**                    represented by **Kimberly A. Brown**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**FMC CORPORATION**
*successor-in-interest to Northern Pump
Company*

**Cross Defendant**

**GARDNER DENVER, INC.**

**Cross Defendant**

**GENERAL ELECTRIC COMPANY**             represented by   **Bryan S. Neft**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**GEORGE V. HAMILTON, INC.**

**Cross Defendant**

**IMO INDUSTIES, INC.**

**Cross Defendant**

**INGERSOLL-RAND
CORPORATION**

**Cross Defendant**

**MCNALLY INDUSTRIES, LLC**
*individually, and as successor-interest
to Northern Pump Company*

**Cross Defendant**

**METROPOLITAN LIFE
INSURANCE COMPANY**

**Cross Defendant**

**NORTHERN PUMP COMPANY**

**Cross Defendant**

**WARREN PUMPS, LLC**

**Cross Defendant**

**YARWAY CORPORATION**
*individually and successor-in-interestt
toYarnall-Waring Company*

**Cross Claimant**

**GEORGE V. HAMILTON, INC.**             represented by   **Ronald J. Richert**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**GEORGE V. HAMILTON, INC.**             represented by   **Ronald J. Richert**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**BUFFALO PUMPS, INC.**                represented by    **Jennifer E. Watson**
*successor-in-interest to Buffalo Forge*                  (See above for address)
*Company*                                                *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CBS CORPORATION**
*successor by merger to Westinghouse*
*Electric Corporation, CBS Corporation*
*and Viacom, Inc.*

**Cross Defendant**

**CRANE COMPANY, INC.**

**Cross Defendant**

**ELLIOTT COMPANY**                    represented by    **Kimberly A. Brown**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**FMC CORPORATION**
*successor-in-interest to Northern Pump*
*Company*

**Cross Defendant**

**FOSTER WHEELER, LLC**                represented by    **Dennis F. Wolford**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**GARDNER DENVER, INC.**

**Cross Defendant**

**GENERAL ELECTRIC COMPANY**           represented by    **Bryan S. Neft**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**IMO INDUSTIES, INC.**                represented by    **Julie Nord Friedman**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**INGERSOLL-RAND**                     represented by    **William J. Donovan**
**CORPORATION**                                          (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**MCNALLY INDUSTRIES, LLC**
*individually, and as successor-interest*
*to Northern Pump Company*

**Cross Defendant**

**METROPOLITAN LIFE**
**INSURANCE COMPANY**

**Cross Defendant**

**NORTHERN PUMP COMPANY**

**Cross Defendant**

**WARREN PUMPS, LLC**

**Cross Defendant**

**YARWAY CORPORATION**
*individually and successor-in-interestt*
*toYarnall-Waring Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/2010 | 1 | NOTICE OF REMOVAL from Court of Common Pleas of Indiana County, case number #11895 CD 2010 with Jury Demand (Filing fee $350, receipt number 0315-1811142), filed by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit B Lower Court Complaint, # 2 Civil Cover Sheet) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 3 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit A.1, # 2 Exhibit A.2) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 4 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit C, # 2 Exhibit D) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 5 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit E, # 2 Exhibit F) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 6 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit G.01, # 2 Exhibit G.02, # 3 Exhibit G.03, # 4 Exhibit G.04) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 7 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit G.05, # 2 Exhibit G.06, # 3 Exhibit G.07, # 4 Exhibit G.08) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 8 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit G.09, # 2 Exhibit G.10, # 3 Exhibit G.11, # 4 Exhibit G.12) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 9 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC |

| | | |
|---|---|---|
| | | COMPANY. (Attachments: # 1 Exhibit G.13, # 2 Exhibit G.14, # 3 Exhibit G.15, # 4 Exhibit G.16) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 10 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit G.17, # 2 Exhibit G.18, # 3 Exhibit G.19, # 4 Exhibit G.20, # 5 Exhibit G.21) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 11 | EXHIBIT Cover Letter re 1 Notice of Removal, by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit G.22, # 2 Exhibit G.23, # 3 Exhibit G.24, # 4 Exhibit G.25, # 5 Exhibit G.26) (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 12 | ANSWER, Affirmative Defenses to Complaint, CROSSCLAIM by GENERAL ELECTRIC COMPANY. (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 13 | Disclosure Statement identifying NBC UNIVERSAL, GE CAPITAL, GE CAPTIAL EQUITY, REGENCY ENERGY PARTNERS LP, VALUE VISION MEDIA, INC., GENERAL ELECTRIC CAPTIAL SERVICES, INC., GENERAL ELECTRIC CAPITAL CORPORATION, UNIVERSAL CITY DEVELOPMENT PARTNER, LTD., UCDP FINANCE as corporate parents or other affiliates by GENERAL ELECTRIC COMPANY. (jsp) (Entered: 12/16/2010) |
| 12/15/2010 | 14 | JOINDER of ELLIOTT COMPANY to 1 Notice of Removal. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (jsp) (Entered: 12/16/2010) |
| 12/16/2010 | 2 | Disclosure Statement identifying Elliott Ebara Company Limited, a Cayman Island Corporation, which, in turn, is a wholly-owned subsidiary of Ebara Corporation, a Japanese Public Corporation as corporate parent or other affiliate, by ELLIOTT COMPANY. (Brown, Kimberly) (Entered: 12/16/2010) |
| 12/16/2010 | 15 | NOTICE *of Tag-along Action* by GENERAL ELECTRIC COMPANY (Neft, Bryan) (Entered: 12/16/2010) |
| 12/20/2010 | 16 | NOTICE that instant civil action has been designated for placement into the United States District Court's Alternative Dispute Resolution program. Parties are directed to fully complete the required 26(f) report, which includes the stipulation of selecting an ADR process. Counsel for plaintiff (or in the case of a removal action, counsel for removing defendant) shall make service of the notice on all parties. (kly) (Entered: 12/20/2010) |
| 12/21/2010 | 17 | CERTIFICATE OF SERVICE by GENERAL ELECTRIC COMPANY re 16 Notice of ADR Designation. (Neft, Bryan) (Entered: 12/21/2010) |
| 12/21/2010 | 18 | ANSWER and Affirmative Defenses to Complaint by ELLIOTT COMPANY. (Brown, Kimberly) Modified on 12/22/2010. (jsp) (Entered: 12/21/2010) |
| 12/21/2010 | 19 | Disclosure Statement identifying None as corporate parent or other affiliate by CBS CORPORATION. (Horne, Eric) Modified on 12/22/2010 as filer did not complete entry. (jsp) (Entered: 12/21/2010) |
| 12/21/2010 | 20 | ANSWER to Complaint (Notice of Removal), *Affirmative Defenses and*, CROSSCLAIM against BUFFALO PUMPS, INC., CRANE COMPANY, INC., ELLIOTT COMPANY, FMC CORPORATION, GARDNER DENVER, INC., GENERAL ELECTRIC COMPANY, GEORGE V. HAMILTON, INC., IMO INDUSTIES, INC., INGERSOLL-RAND CORPORATION, MCNALLY INDUSTIES, LLC, METROPOLITAN LIFE INSURANCE COMPANY, NORTHERN PUMP COMPANY, WARREN PUMPS, LLC, |

| | | |
|---|---|---|
| | | YARWAY CORPORATION by CBS CORPORATION. (Horne, Eric) (Entered: 12/21/2010) |
| 12/22/2010 | 21 | NOTICE of Appearance by Julie L. Nord on behalf of IMO INDUSTIES, INC. (Nord, Julie) (Entered: 12/22/2010) |
| 12/22/2010 | 22 | ANSWER and Affirmative Defenses to Complaint by IMO INDUSTIES, INC. (Nord, Julie) Modified on 12/23/2010. (jsp) (Entered: 12/22/2010) |
| 12/22/2010 | 23 | NOTICE of Appearance by Jennifer E. Watson on behalf of BUFFALO PUMPS, INC.. (Watson, Jennifer) (Entered: 12/22/2010) |
| 12/27/2010 | 24 | ANSWER and Defenses to Complaint by Foster Wheeler, LLC. (Wolford, Dennis) Modified on 12/28/2010. (jsp) (Entered: 12/27/2010) |
| 01/06/2011 | 25 | NOTICE of Appearance by William J. Donovan on behalf of INGERSOLL-RAND CORPORATION. (Donovan, William) (Entered: 01/06/2011) |
| 01/06/2011 | 26 | Disclosure Statement identifying None as corporate parent or other affiliate by INGERSOLL-RAND CORPORATION. (Donovan, William) Modified on 1/7/2011 as filer did not complete entry. (jsp) (Entered: 01/06/2011) |
| 01/06/2011 | 27 | ANSWER to Complaint *Affirmative Defenses and Cross-Claims* by INGERSOLL-RAND CORPORATION. (Donovan, William) (Entered: 01/06/2011) |
| 01/10/2011 | 28 | ANSWER to 12 Answer to 20 Cross-Claims of Co-Defendants by ELLIOTT COMPANY. (Brown, Kimberly) Modified on 1/11/2011. (jsp) (Entered: 01/10/2011) |
| 01/10/2011 | 29 | ANSWER to Complaint, Affirmative Defenses, Answer to Crossclaims, CROSSCLAIM against All Defendants by GEORGE V. HAMILTON, INC. (Richert, Ronald) Modified on 1/12/2011. (jsp) (Entered: 01/10/2011) |
| 01/10/2011 | 30 | NOTICE of Appearance by Ronald J. Richert on behalf of GEORGE V. HAMILTON, INC.. (Richert, Ronald) (Entered: 01/10/2011) |
| 01/10/2011 | 31 | Disclosure Statement identifying None as corporate parent or other affiliate, by GEORGE V. HAMILTON, INC.. (Richert, Ronald) (Entered: 01/10/2011) |
| 01/12/2011 | 32 | BRIEF in Support of 33 Motion to Remand filed by OLLIE ANNA EMANUEL. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Mansell, Jeffrey) Modified on 1/13/2011. (jsp) (Entered: 01/12/2011) |
| 01/12/2011 | 33 | MOTION to Remand by OLLIE ANNA EMANUEL. (Mansell, Jeffrey) Modified on 1/13/2011. (jsp) (Entered: 01/12/2011) |
| 01/13/2011 | | TEXT ORDER Response/Briefing Schedule re 33 Motion to Remand and 32 Brief in Support of Motion to Remand. Response(s) to Motion due by 1/26/2011. Signed by Judge Terrence F. McVerry on 1/13/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kly) (Entered: 01/13/2011) |

## PACER Service Center

COPY

IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA
CIVIL DIVISION - ASBESTOS

OLLIE ANNA EMANUEL, Administratrix of
the Estate WAYNE H. EMANUEL,
Deceased, and OLLIE ANNA EMANUEL,
in her own right,

       Plaintiff,

vs.

BUFFALO PUMPS, INC., successor-in-interest
to Buffalo Forge Company,
CBS CORPORATION, successor by merger
to Westinghouse Electric Corporation,
CBS Corporation and Viacom, Inc.,
CRANE COMPANY, INC.,
ELLIOTT COMPANY,
f/k/a Elliott Turbomachinery Co.,
FOSTER-WHEELER,  LLC,
GARDNER DENVER, INC.,
GENERAL ELECTRIC COMPANY,
GEORGE V. HAMILTON, INC.,
FMC CORPORATION, successor-in-interest
to Northern Pump Company, f/k/a Northern
Fire Apparatus Company,
IMO INDUSTRIES, INC.,
INGERSOLL-RAND CORPORATION,
McNALLY INDUSTRIES, LLC, individually and as
 successor-in-interest to Northern Pump Company,
f/k/a Northern Fire Apparatus Company,
METROPOLITAN LIFE INSURANCE COMPANY,
f/k/a Metropolitan Insurance Company,
NORTHERN PUMP COMPANY, f/k/a
Northern Fire Apparatus,
WARREN PUMPS, LLC,
YARWAY CORPORATION, individually and
successor-in-interest to Yarnall-Waring
Company,

      Defendants.

No.  1895 CD 2010

Code: 012

JURY TRIAL DEMANDED

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff

Counsel of Record for this Party:

Peter T. Paladino, Jr., Esquire
PA ID No. 36596

David P. Chervenick, Esquire
PA ID No.  41236

GOLDBERG, PERSKY & WHITE, P.C.

1030 Fifth Avenue
Pittsburgh, PA  15219
412-471-3980

Firm #744

FILED

INDIANA COUNTY
PROTHONOTARY AND
CLERK OF COURTS

2010 SEP 29  A 10: 53

IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA

CIVIL DIVISION - ASBESTOS

OLLIE ANNA EMANUEL, Administratrix of
the Estate WAYNE H. EMANUEL,
Deceased, and OLLIE ANNA EMANUEL,
in her own right,

No. 11895 CD 2010

Code: 012

Plaintiff,

vs.

JURY TRIAL DEMANDED

BUFFALO PUMPS, INC.,
et al.,

Defendants.

<u>NOTICE</u>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

<u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

COURT ADMINISTRATOR'S OFFICE
825 Philadelphia Street
Indiana, Pennsylvania 15701
Phone:  (724) 465-3955

COMPLAINT IN CIVIL ACTION

COUNT I
WRONGFUL DEATH-NEGLIGENCE

1.      The plaintiff, Ollie Anna Emanuel, Administratrix of the Estate of Wayne H. Emanuel, Deceased, is an individual residing at 201 North Spring Street, Blairsville, Pennsylvania 15717.  Ollie Anna Emanuel was appointed Adminstratrix of the Estate of Wayne H. Emanuel, Deceased, by the Register of Wills of Indiana County on July 9, 2010.

2.      The defendant, BUFFALO PUMPS, INC., successor-in-interest to Buffalo Forge Company, is a corporation having its principal place of business located in North Tonawanda, New York, and is qualified to do business in the Commonwealth of Pennsylvania.

3.      The defendant, CBS CORPORATION, successor by merger to Westinghouse Electric Corporation, CBS Corporation and Viacom, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in New York, New York, and is qualified to do business in the Commonwealth of Pennsylvania.

4.      The defendant, CRANE COMPANY, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Stamford, Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

5.      The defendant, ELLIOTT COMPANY, f/k/a Elliott Turbomachinery Company, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Jeannette, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

6.      The defendant, FOSTER-WHEELER, LLC, is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business located in Livingston, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

3

7. The defendant, GARDNER DENVER, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Philadelphia, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

8. The defendant, GENERAL ELECTRIC COMPANY, is a corporation incorporated under the laws of the State of New York, having its principal place of business in Fairfield, Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

9. The defendant, GEORGE V. HAMILTON, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in McKees Rocks, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

10. The defendant, FMC CORPORATION, (sued individually and as a successor-in-interest to NORTHEN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY) is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Philadelphia, Pennsylvania and is qualified to do business in the Commonwealth of Pennsylvania.

11. The defendant, IMO INDUSTRIES, INC., is a corporation incorporated under the laws of the State of New York, having its principal place of business located in the State of New York, and is qualified to do business in the Commonwealth of Pennsylvania.

12. The defendant, INGERSOLL-RAND CORPORATION, is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business located in Cleveland, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

13.    The defendant, McNALLY INDUSTRIES, LLC, successor-in-interest to Northern Pump Company, f/k/a Northern Fire Apparatus Company, is a corporation incorporated under the laws of the State of Minnesota, having its principal place of business located in Grantsburg, Wisconsin and is qualified to do business in the Commonwealth of Pennsylvania.

14.    The defendant, METROPOLITAN LIFE INSURANCE COMPANY, f/k/a Metropolitan Insurance Company, is a corporation incorporated under the laws of the State of New York, having its principal place of business located in New York, and is qualified to do business in the Commonwealth of Pennsylvania.

15.    The defendant, NORTHERN PUMP COMPANY, f/k/a Northern Fire Apparatus Company is a corporation incorporated under the laws of the State of Minnesota, having its principal place of business located in Grantsburg, Wisconsin and is qualified to do business in the Commonwealth of Pennsylvania.

16.    The defendant, WARREN PUMPS, LLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Hamilton, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

17.    The defendant, YARWAY CORPORATION, successor-in-interest to Yarnall-Waring Company, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania and is qualified to do business in the Commonwealth of Pennsylvania.

18.    The plaintiff's decedent worked in the United States Navy aboard the USS Borie and USS Douglas H. Fox as a machinist from 1960 to 1963 and at Torrance State Hospital as a nurse from 1974 to 2002.

19.    During a portion of the period of time set forth hereinabove, plaintiff-decedent, while employed, was exposed to and did inhale asbestos dust and asbestos fibers, which caused the conditions as hereinafter set forth, resulting in plaintiff-decedent's impairment.

20.     Plaintiff's decedent suffered from the disease set forth herein.

21.     Plaintiff-decedent's mesothelioma was diagnosed on February 13, 2009.  Plaintiff-decedent was unaware of and could not discover the nature and cause of said mesothelioma before February 13, 2009.

22.     At all times pertinent hereto, the defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of said defendants.

23.     As a direct and proximate result of the inhalation of the fibers and dusts contained in the products of defendants, and/or their predecessors-in-interest, plaintiff's decedent had contracted mesothelioma, and its associated complications, which resulted in his disability and ultimately caused his death on July 9, 2009.

24.     Plaintiff's decedent's disease as set forth herein with associated complications was directly and proximately caused by the acts of the defendants acting through their agents, servants and employees and the defendants are liable therefore, jointly and severally, to the plaintiff for their breach of duty imposed by Section 402A of the <u>Restatement (Second) of Torts.</u>

25.     The defendant corporations (hereinafter defendant "sellers" and "contractors") or their predecessors in interest, at all times relevant, engaged in one or more of the following activities involving asbestos and other ingredients in their materials, including, but not limited to, the mining, milling, manufacturing, distributing, supplying, selling and/or using and/or recommending, and/or installing and/or removing asbestos materials and other dangerous ingredients and products to which the defendant was exposed.

26.     Defendants' negligent failure to warn decedent of the dangers of asbestos exposure in violation of their duties under Section 388 of the <u>Restatement (Second) of Torts</u>, was a proximate cause of decedent's mesothelioma and death.

27.     Defendants, individually, together and/or as a group, have possessed since 1929 medical and scientific data which indicated that asbestos-containing insulation and other materials were hazardous to health.   Prompted by pecuniary motives, the defendants, individually, together and/or as a group, willfully and wantonly ignored and/or failed to act upon said medical and scientific data.  Rather, they conspired together to deceive the public in several aspects: by controlling industry-supported research in a manner inconsistent with the health and safety interest of users and consumers; by successfully tainting reports of medical and scientific data appearing in industry and medical literature; by suppressing the dissemination of certain medical and scientific information relating to the harmful effects of exposure to said products; and by prohibiting the publication of certain scientific and medical articles.  Such conspiratorial activities deprived the users, mechanics, laborers and installers of defendants' said products of the opportunity to determine whether or not they would expose themselves to the unreasonably dangerous asbestos products of said defendants.  As a direct and proximate result of the aforesaid actions, plaintiff was exposed as alleged and contracted the diseases set forth herein.

28.     This action is brought pursuant to the Wrongful Death Act for the wrongful death of the decedent, on behalf of all persons entitled to recover damages.

29.     Decedent filed no valid action during his lifetime to recover damages which caused his death, and no other action for the death of the decedent has been commenced against the defendants.

30.   The following persons are entitled to proceed under the Wrongful Death Statute:

> Ollie Anna Emanuel (wife)
> Paul Emanuel (son)
> Patrick Emanuel (son)
> Howard Emanuel (son)

31.   As a direct and proximate result of the actions of the defendants, as aforesaid, the plaintiff has been damaged and claims damages of the defendants in excess of Fifty Thousand ($50,000.00) Dollars:

a.   For hospital and medical expenses incidental to decedent's last illness;

b.   For loss of earnings and future earning power;

c.   For the loss of pecuniary contributions to the plaintiff and plaintiff's children;

d.   For the loss of aid and services to plaintiff and services to plaintiff and plaintiff's children;

e.   For future loss of aid, companionship and services to plaintiff's children;

f.   For future loss of aid, companionship and services to plaintiff and plaintiff's children;

g.   For exemplary and punitive damages for Defendants' willful and wanton disregard for the health and safety of users and consumers of their products; and

h.   For all other damages recoverable under said Act.

WHEREFORE, plaintiffs, Ollie Anna Emanuel, Administratrix of the Estate of Wayne H. Emanuel, Deceased, and Ollie Anna Emanuel, in her own right, claim damages of the defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Indiana County, Pennsylvania.

8

## COUNT II
## SURVIVAL ACTION

32.     Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

33.     Plaintiffs bring this action on behalf of the Estate of James C. Young under and by virtue of the Survival Action Statute.

34.     Plaintiffs claim on behalf of the said Estate the damages suffered by the said Estate by reason of the death of the decedent, as well as the pain and suffering the decedent underwent prior to his death, for the medical expenses, for the funeral expenses and for the loss of earning power during the balance of the natural life of the decedent, and such other items of recovery as may be due by virtue of the above-mentioned Act.

WHEREFORE, plaintiffs, Ollie Anna Emanuel, Administratrix of the Estate of Wayne H Emanuel, Deceased, and Ollie Anna Emanuel, in her own right, claim damages of the defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Indiana County, Pennsylvania.

## COUNT III
## LOSS OF CONSORTIUM

35.     Plaintiffs incorporate the aforementioned paragraphs by reference as though fully set forth herein.

36.     As a direct and proximate result of the carelessness, negligence and recklessness of the defendants and of the aforesaid injuries to her husband, the plaintiff wife has been damaged as follows:

      a.     Said plaintiff has been and may continue to be deprived of the services, society and companionship of her husband;

9

b.  Said plaintiff has been required to and may continue to be required to spend money for medicine, medical care, nursing, hospital and surgical attention, medical appliances and household care for the treatment of her husband prior to his death; and

c.  Said plaintiff has been and may continue to be deprived of the earnings of her husband.

WHEREFORE, wife plaintiff, Ollie Anna Emanuel, claims damages of the defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Indiana County, Pennsylvania.

<u>COUNT IV</u>
<u>AGAINST METROPOLITAN LIFE</u>

37.  Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

38.  In or about the year 1930, and at various times prior and subsequent thereto, up to and including the present time, defendant Metropolitan Life Insurance Company undertook and assumed a duty to provide the asbestos industry, the scientific community and company users of asbestos with information, inspections, instructions, supervision, recommendations, assistance, notices, reports, methods, findings, cautions, warnings, advice, designs, equipment, safeguards, guidance and services to properly, adequately and reasonably provide safe working conditions, all allegedly to preserve and protect the life, health and safety of employees exposed to asbestos, including plaintiffs and their co-workers, and particularly to protect them from the dangerous and defective properties of asbestos, asbestos products and compounds and/or other dangerous substances at or about the workplace.

39.     Plaintiffs aver that various employers and their employees, including plaintiffs and scientists and others similarly situated, were dependent upon the undertakings of Metropolitan to preserve and protect the life, health and safety of individuals, including plaintiffs, by not assisting the said companies in selling dangerous products.

40.     Metropolitan, by its active and passive negligence, failed to exercise the standard of care and skill it was obliged to exercise by reason of its aforesaid undertakings and assumption of duty, thereby causing, creating or permitting dangerous conditions and exposure to dangerous and defective substances; and thereby failing to properly safeguard plaintiffs and all others similarly situated.

41.     As a result of the aforesaid negligence of the defendant Metropolitan, plaintiffs were injured.

WHEREFORE, plaintiffs, Ollie Anna Emanuel, Administratrix of the Estate of Wayne H Emanuel, Deceased, and Ollie Anna Emanuel, in her own right, claim damages of the defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Indiana County, Pennsylvania.

COUNT V<br>AGAINST METROPOLITAN LIFE

42.     Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

43.     For a number of years, Metropolitan provided insurance coverage for various manufacturers of asbestos-containing products.

44.     For a number of years, Dr. A.J. Lanza served as assistant medical director of Metropolitan.

45.     At all times relevant, the activities of Dr. Lanza hereinafter described were undertaken as a servant, agent or employee of Metropolitan.

(a)   Beginning in approximately 1934, Metropolitan Life Insurance Company and certain asbestos producers and manufacturers including Johns-Manville Corporation and Raybestos Manhattan, through their agents, Vandiver Brown, attorney J.C. Hobart, Sumner Simpson and J. Rohrbach, suggested to Dr. Anthony Lanza, as agent of Metropolitan Life Insurance Company, that Lanza publish a study on asbestos in which Lanza would affirmatively misrepresent material facts about asbestos exposure and concerning the seriousness of the disease processes, asbestosis and related diseases.   This was accomplished through intentional deletion of Lanza's feeling of asbestosis as "fatal" and through other selective editing that affirmatively misrepresented asbestos as causing diseases less serious than they really were known to be.  As a result, Lanza's study was published in the medical literature in this misleading fashion in 1935. This fraudulent     misrepresentation     and     fraudulent nondisclosure was motivated in part  by a desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in disputes involving Metropolitan as insurer.

(b)   In 1936, American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation, Johns-Manville Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Russell Manufacturing, Union Asbestos and Rubber Company, and United Gypsum Company, entered into an agreement with the Saranac Laboratories.  Under this agreement, these companies acquired the power to decide what information Saranac Laboratories could publish about asbestos disease and could also control in what form such publications were to occur.  This agreement gave these companies power to affirmatively misrepresent the results of the work at Saranac, and also gave these conspirators power to suppress material facts included in any study.  On numerous occasions thereafter, these companies together with Metropolitan, exercised their power to prevent Saranac scientists from disclosing material scientific data, resulting in numerous misstatements of fact being made at scientific meetings.

(c)   On November 11, 1948, representatives of the following companies met at the headquarters of Johns-Manville Corporation: American Brake Block Division of American Brake and Shoe Foundry, Gatke Corporation,    Keasbey    &    Mattison    Company,

Raybestos-Manhattan, Inc., Thermoid Company, Union Asbestos and Rubber Company, United States Gypsum Company and Metropolitan. U.S. Gypsum did not send a representative to the meeting, but instead authorized Vandiver Brown of Johns-Manville to represent its interest at the meeting and to take action on its behalf.

(d)   At this November 11, 1948 meeting, these companies and Metropolitan decided to exert their influence to materially alter and misrepresent material facts about the substance of research previously started by Dr. Leroy Gardner at the Saranac Laboratories. Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an evaluation of the health effects of asbestos on humans with a critical review of the then existing standards of dust exposure for asbestos and asbestos products.

(e)   At this meeting, these companies and Metropolitan and subsequently their agent, Dr. Vorwald, intentionally and affirmatively determined that Dr. Gardner's work should be edited to delete material facts about the cancer causing propensity of asbestos and the health effects of asbestos on humans and to delete the critique of the dust standards. This was published, as altered, in the scientific literature. These companies and Metropolitan thereby fraudulently misrepresented the risks of asbestos exposure to the public, in general, scientists, and persons exposed to asbestos such as the plaintiffs.

(f)   As a direct result of the actions as described above, Dr. Gardner's edited work was published in the Journal of Industrial Hygiene, AMA Archives of Industrial Hygiene and Occupational Health in 1951 in a form that stressed those portions of Dr. Gardner's work that Metropolitan wished stressed, but which omitted references to human asbestosis and cancer, thereby fraudulently and affirmatively misrepresenting the extent of risks. Metropolitan and the companies it joined with affirmatively and deliberately disseminated this misleading publication.

(g)   Such action constituted a material affirmative misrepresentation of material facts involving Dr. Gardner's work and resulted in creating an appearance that inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

13

(h)    In 1955, Johns-Manville, for itself and on behalf of Metropolitan, through their agent Kenneth Smith, caused to be published in the <u>AMA Archives of Industrial Health</u>, an article entitled "Pulmonary Disability In Asbestos Workers". This published study materially altered the results of an earlier study in 1949 concerning the same set of workers. This alteration of Dr. Smith's study constituted a fraudulent and material representation about the extent of the risk associated with asbestos inhalation.

(i)    In 1955, the National Cancer Institute held a meeting at which Johns-Manville, individually and as an agent for Metropolitan, and A. Vorwald, as their agent, affirmatively misrepresented that there were no existing animal studies concerning the relationship between asbestos exposure and cancer, when, in fact, Metropolitan was in secret possession of several studies which demonstrated that positive evidence did exist.

(j)    Metropolitan approved and ratified and furthered the previous acts of Johns-Manville, Raybestos Manhattan, and A.J. Lanza.

46.    The acts of Metropolitan as described above, constitute a fraudulent concealment and/or a fraudulent misrepresentation which proximately caused injury to the plaintiffs in the following manner:

(a)    Metropolitan intended the publication of false and misleading reports and/or the nondisclosure of documented reports of health hazards of asbestos, in order to:

(i)    Maintain a favorable atmosphere for the continued sale and distribution of asbestos and asbestos-related products;

(ii)    Assist in the continued pecuniary gain through the control and reduction of claims;

(iii)    Influence proposed legislation to regulate asbestos exposure;

(iv)    Provide a defense in law suits brought for injury resulting from asbestos disease.

14

    (b)    Metropolitan intended reliance upon the published reports regarding the safety of asbestos and asbestos-related products.

    (c)    Plaintiffs suffered injury as a direct and proximate result of the acts alleged herein.

47.    Metropolitan has, as previously stated, altered, influenced, and created significant portions of medical literature which are false and misleading statements concerning the dangers of asbestos exposure and disease. In so doing, Metropolitan, and its aforesaid agents, provided a body of medical literature which, when relied upon by persons investigating such literature, would have lead to a false impression of the dangers of asbestos exposure.

Additionally, the publication of such literature acted to inhibit the development of the literature and effectively delayed the dissemination of accurate knowledge of the dangers. Metropolitan owed a duty to the plaintiffs, and the public as a whole, when contributing to the medical literature to do so in good faith and with the reasonable care expected of any professional contributing to such literature; Metropolitan's failure to do so is willful and wanton negligence and a separate intentional tort creating a duty to compensate the plaintiffs for injuries sustained as a proximate contributing result of the actions of Metropolitan Life Insurance Company.

48.    As a direct and proximately result of the fraudulent concealment and/or fraudulent representation by Metropolitan and its agents, the plaintiffs suffered the diseases, injuries and damages set forth in the foregoing paragraphs.

WHEREFORE, plaintiffs, Ollie Anna Emanuel, Administratrix of the Estate of Wayne H Emanuel, Deceased, and Ollie Anna Emanuel, in her own right, claim damages of the defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Indiana County, Pennsylvania.

## COUNT VI
## AIDING AND ABETTING AGAINST METROPOLITAN LIFE

49.     Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

50.     Defendant, Metropolitan Life Insurance Company, individually and in concert with American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation, Johns-Manville Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Russell Manufacturing, Union Asbestos and Rubber Company, United Gypsum Company, Thermoid Company and others knowingly agreed and conspired among themselves to engage in a course of conduct that was reasonably likely to result in injury to plaintiff.

51.     Defendant, Metropolitan Life Insurance Company, knew or should have known that the perversion of the scientific and medical literature as aforesaid would cause the harmful effects of asbestos exposure and would cause plaintiff injury.

52.     Defendant, Metropolitan Life Insurance Company, gave substantial assistance and/or encouragement to the conspirators and this aided and abetted their sale of asbestos products in a defective and dangerous condition and their reduction and control of claims against them.

53.     The actions of Metropolitan Life Insurance Company make it liable to plaintiffs pursuant to Section 876 of the Restatement of Torts (Second) since Metropolitan Life Insurance Company has acted in concert with others to cause harm to the plaintiffs.

54.     As a direct and proximate result of the actions of defendant, Metropolitan Life Insurance Company, plaintiff suffered and will continue to suffer serious bodily injury; endured and will continue to endure great pain and suffering and mental anguish; incurred and will continue to incur medical expenses; lost earnings and earning capacity; and was otherwise damaged.

16

WHEREFORE, plaintiffs, Ollie Anna Emanuel, Administratrix of the Estate of Wayne H Emanuel, Deceased, and Ollie Anna Emanuel, in her own right, claim damages of the defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Indiana County, Pennsylvania.

<u>COUNT VII</u>
<u>MISREPRESENTATION AGAINST METROPOLITAN LIFE INSURANCE COMPANY</u>

55.     Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

56.     The actions of defendant Metropolitan Life Insurance Company as described above constituted conscious misrepresentation involving risk of physical harm and/or negligent misrepresentation involving risk of physical harm.

57.     Metropolitan Life Insurance Company is liable to plaintiffs for their injury pursuant to Section 310 and 311 of the Restatement of Torts (Second).

58.     As a direct and proximate result of the actions of defendant, Metropolitan Life Insurance Company, plaintiff suffered and will continue to suffer serious bodily injury; endured and will continue to endure great pain and suffering and mental anguish; incurred and will continue to incur medical expenses; lost earnings and earning capacity; and was otherwise damaged.

WHEREFORE, plaintiffs, Ollie Anna Emanuel, Administratrix of the Estate of Wayne H Emanuel, Deceased, and Ollie Anna Emanuel, in her own right, claim damages of the defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Indiana County, Pennsylvania.

JURY TRIAL DEMANDED AS TO ALL COUNTS.

GOLDBERG, PERSKY & WHITE, P.C.

By _____
   Peter T. Paladino, Jr., Esquire
   Attorney for Plaintiffs

## VERIFICATION

I, Ollie A. Emanuel, hereby certify that the statements set forth in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and belief. The factual matters set forth therein are based upon information which has been furnished to counsel or which has been gathered by counsel as it pertains to this lawsuit; that the language contained in the foregoing is that of counsel and not the undersigned; and, that to the extent that the contents of same is that of counsel the undersigned has relied upon counsel in making this verification.

I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn fabrication to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Ollie A. Emanuel

Date: September 23, 2010