## U.S. District Court
### District of Rhode Island (Providence)
### CIVIL DOCKET FOR CASE #: 1:10-cv-00354-S-LDA

| | |
|---|---|
| Wells v. Air & Liquid Systems Corporation et al | Date Filed: 08/24/2010 |
| Assigned to: Judge William E Smith | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Lincoln D. Almond | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1441 Notice of Removal-Personal Injury | Jurisdiction: Federal Question |

**Plaintiff**

**Terri Wells**
*Executrix of the Estate of Murray M. Wells*

represented by **Brian P. Kenney**
Early, Ludwick & Sweeney, LLC
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508
203-777-7799
Fax: 203-785-1671
Email: bkenney@elslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Sweeney**
Early, Ludwick & Sweeney, LLC
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*As Successor by merger to Buffalo Pumps*

represented by **David A. Goldman**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: dgoldman@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**C.H. Wheeler Company**

**Defendant**

**Foster Wheeler, LLC**
*survivor to Merger with Foster Wheeler Corp.*

**Defendant**

**General Electric Company**

**Defendant**

**Leslie Controls, Inc.**
*a Division of Circor International, Inc., f/k/a The Leslie Company*

**Defendant**

**P.I.C. Contractors, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/25/2010 | 5 | NOTICE of Appearance by David A. Goldman on behalf of Air & Liquid Systems Corporation (Goldman, David) (Entered: 08/25/2010) |
| 08/24/2010 | 4 | STATE COURT RECORD by Air & Liquid Systems Corporation. (Smith, Rana) (Entered: 08/24/2010) |
| 08/24/2010 | 3 | NOTICE of PENDING MOTIONS by Air & Liquid Systems Corporation re 1 Notice of Removal (Smith, Rana) (Entered: 08/24/2010) |
| 08/24/2010 | 2 | Corporate Disclosure Statement by Air & Liquid Systems Corporation. (Smith, Rana) (Entered: 08/24/2010) |
| 08/24/2010 | 1 | NOTICE OF REMOVAL by Air & Liquid Systems Corporation from Providence County Superior Court, case number PC10-2834. ( Filing fee $ 350 receipt number 14670003772). (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Civil Cover Sheet, # 4 Certificate of Service)(Smith, Rana) (Entered: 08/24/2010) |



IN THE SUPERIOR COURT

FOR THE COUNTY OF PROVIDENCE

STATE OF RHODE ISLAND

TERRI WELLS, Executrix of the Estate of  
MURRAY M. WELLS

CIVIL ACTION NO. PC 10-2834

JURY TRIAL DEMANDED

VERSUS

AIR & LIQUID SYSTEMS CORP.,  
   As successor by merger to  
   BUFFALO PUMPS  
C.H. WHEELER COMPANY  
FOSTER WHEELER, LLC, survivor to  
   Merger with FOSTER WHEELER CORP.  
GENERAL ELECTRIC COMPANY  
LESLIE CONTROLS, INC., a Division of  
   CIRCOR INTERNATIONAL, INC.,  
   f/k/a THE LESLIE COMPANY  
P.I.C. CONTRACTORS, INC.

**COMPLAINT FOR DAMAGES**

The complaint of TERRI WELLS, Executrix of the Estate of MURRAY WELLS, respectfully represents:

1.

Each of the defendants named in the caption above has conducted business in the State of Rhode Island and has produced, manufactured, or distributed asbestos and/or asbestos containing products with the reasonable expectation that such products would be used or consumed in this State.

2.

Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him

Received 5/12/10

occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

3.

Plaintiffs specifically do not assert herein a claim for relief or cause of action for damages:

(A)     Against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress, Treaties or Constitution of the United States of America.; and/or

(B)     Against any Defendant named herein where (1) said Defendant acted under the direction, order, specification, and/or comprehensive and detailed regulation of a federal officer or federal agency in the performance of its contract duties; and (2) there is a causal nexus between said claim or cause of action for damages and the federal officer or federal agency=s direction, order, specification, and/or comprehensive and detailed regulation in the performance of the Defendants contract duties.

4.

The federal courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship due to the presence of a Rhode Island defendant.

5.

MURRAY WELLS was exposed to various asbestos containing products beginning in the 1940's through his use of products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through his service in the U.S. Navy aboard the USS New Orleans and his work as a civilian employee at the Bremerton Shipyard.

6.

As a result of the exposure to asbestos related products of the named defendants, MURRAY WELLS contracted asbestos-related mesothelioma and/or other asbestos-related pathologies.

7.

Named defendants, individually, and through their agents, employees, and/or distributors sold these asbestos containing products to plaintiff, plaintiff's employer, and/or others working with these products around plaintiff.

8.

At all times relevant hereto, the asbestos containing products sold by defendants to plaintiff and/or third parties reached the plaintiff without any substantial change in their condition from the time they were sold.

9.

Defendants instructed and intended that asbestos containing products would be used in conjunction with or incorporated in their products so as to render the entire product unsafe for its intended purposes.

10.

Defendants knew or should have known that the asbestos containing products sold by them, incorporated into their products and/or designed for use with their products, were inherently dangerous to those who used, handled or came in contact with said products.

11.

Defendants failed to provide proper, adequate and correct warnings and information about the dangers associated with the use of their products.

12.

Defendants breached their continuing duty to advise and warn plaintiff and others reasonably expected to come into contact with their products as to the dangers inherent in the unsafe handling and use of asbestos containing products sold by them, incorporated into their products, or intended to be used with their products.

13.

Defendants actions represent a breach of the duty of reasonable care under the common law of the State of Rhode Island and of their duties to plaintiff under the Restatements, Torts 2d, Section 402A.

14.

Additionally, in the sale of the asbestos containing products, named defendants breached their warranties of merchantability and implied fitness found in R.I. G.L.§ 6A-2-314 and 315, in that the produces were inherently dangerous in the form they left the seller, were not fit for their ordinary purpose and/or were unsafe without directions and warnings as to their anticipated use by MURRAY WELLS and any person who may be reasonably expected to use, consume or be affected by the products.

15.

Defendants, individually and as agents of one another, engaged in a conspiracy to injure MURRAY WELLS by failing to disclose knowledge they had or intentionally misrepresenting the dangers of exposure to asbestos and asbestos containing products.

16.

As a result of the above acts of negligence, breaches of duties under the Restatement, Torts 2d, Section 402A, and breaches of the warranties of merchantability and implied fitness, MURRAY WELLS sustained severe, painful and permanent injuries proximately caused by named defendants conduct.

17.

In addition to damages for physical and mental pain and suffering, MURRAY WELLS suffered medical expenses, loss of earning capacity, lost wages, lost future wages, and medical expenses.

18.

As a result of MURRAY WELLS' exposure to and coming in contact with asbestos and asbestos-containing products, and his inhalation and ingesting fibers from said asbestos and asbestos-containing products that were manufactured, produced, sold and/or supplied by the defendants, MURRAY WELLS died on or around December 14, 2009.

19.

Plaintiffs demand trial by jury on all issues herein.

WHEREFORE, TERRI WELLS, Executrix of the Estate of MURRAY WELLS pray that after due proceedings herein that there be judgment in her favor and against the Named Defendants, jointly and severally, for damages as are reasonable under the premises, including punitive damages, attorney's fees, interest and costs, and for all other general and equitable relief.

New Haven, Connecticut, this 7th day of May, 2010.

/

/

/

/

/

RESPECTFULLY SUBMITTED:

THE PLAINTIFFS

EARLY LUDWICK & SWEENY, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
Telephone (203) 777-7799
Telecopier (203) 785-1671

By: /s/ Robert J. Sweeney
Robert J. Sweeney, Esq.
R.I. Bar Roll No. 5865
Brian P. Kenney, Esq.
R.I. Bar Roll No. 7217
Richard P. Bullock, Esq.
Louisiana Bar Roll No. 20733
(Pursuant to Pro Hac Motion)
Donni E. Young, Esq.
Louisiana Bar Roll No. 19843
(Pursuant to Pro Hac Motion