U.S. District Court
District of Rhode Island (Providence)
**CIVIL DOCKET FOR CASE #: 1:10-cv-00496-S -DLM**

Knight v. Buffalo Pumps, Inc. et al
Assigned to: Judge William E Smith
Referred to: Magistrate Judge David L. Martin
Cause: 28:1442 Notice of Removal

Date Filed: 12/13/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Margaret Knight**     represented by     **Brian P. Kenney**
Early, Ludwick & Sweeney, LLC
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508
203-777-7799
Fax: 203-785-1671
Email: bkenney@elslaw.com
*ATTORNEY TO BE NOTICED*

**Donnie E. Young**
Early Ludwick & Sweeney, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
*ATTORNEY TO BE NOTICED*

**Elizabeth R. Murray**
Early Ludwick & Sweeney, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
*ATTORNEY TO BE NOTICED*

**Richard P. Bullock**
Early Ludwick & Sweeney, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
*ATTORNEY TO BE NOTICED*

**Robert J. Sweeney**

|   |   |
|---|---|
|   | Early, Ludwich & Sweeney, LLC<br>265 Church Street<br>New Haven, CT 06508-1866<br>203-777-7799<br>Fax: 203-785-1671<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Buffalo Pumps, Inc.**<br>*Air & Liquid Systems Corporation, as Successor by Merger to Buffalo Pumps, Inc.* | represented by | **David A. Goldman**<br>Governo Law Firm LLC<br>Two International Place<br>Boston, MA 02110<br>617-737-9045<br>Fax: 617-737-9046<br>Email: dgoldman@governo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Elliot Turbomachinery Co., Inc.**

**Defendant**

| | | |
|---|---|---|
| **Foster Wheeler LLC**<br>*survivor to merger with Foster Wheeler Corporation* | represented by | **James R. Oswald**<br>Adler Pollock & Sheehan P.C.<br>One Citizens Plaza<br>8th Floor<br>Providence, RI 02903<br>401-274-7200<br>Fax: 401-751-0604<br>Email: joswald@apslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **General Electric Company** | represented by | **Jeffrey M. Thomen**<br>McCarter & English LLP<br>185 Asylum St.<br>CityPlace I<br>Hartford, CT 06103<br>860-275-6726<br>Fax: 860-560-5939<br>Email: jthomen@mccarter.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Packings & Insulations Corporation**

**Defendant**

**P.I.C. Contractors, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/17/2010 | 9 | NOTICE by Foster Wheeler LLC *of Joinder in Notice of Removal* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Oswald, James) (Entered: 12/17/2010) |
| 12/17/2010 | 8 | Corporate Disclosure Statement by Foster Wheeler LLC. (Oswald, James) (Entered: 12/17/2010) |
| 12/17/2010 | 7 | NOTICE of Appearance by James R. Oswald on behalf of Foster Wheeler LLC (Oswald, James) (Entered: 12/17/2010) |
| 12/13/2010 | 6 | Corporate Disclosure Statement by General Electric Company. (Thomen, Jeffrey) (Entered: 12/13/2010) |
| 12/13/2010 | 5 | NOTICE of Appearance by Jeffrey M. Thomen on behalf of General Electric Company (Thomen, Jeffrey) (Entered: 12/13/2010) |
| 12/13/2010 | 4 | STATE COURT RECORD by Buffalo Pumps, Inc.. (Smith, Rana) (Entered: 12/13/2010) |
| 12/13/2010 | 3 | NOTICE of Pending Motions by Buffalo Pumps, Inc. (Smith, Rana) (Entered: 12/13/2010) |
| 12/13/2010 | 2 | Corporate Disclosure Statement by Buffalo Pumps, Inc.. (Smith, Rana) (Entered: 12/13/2010) |
| 12/13/2010 | 1 | NOTICE OF REMOVAL by Buffalo Pumps, Inc. from Providence County Superior Court, case number PC10-5028. ( Filing fee $ 350 receipt number 14670004401), filed by Buffalo Pumps, Inc.. (Attachments: # 1 Exhibit 1- State Court Complaint, # 2 Exhibit 2, # 3 Civil Cover Sheet)(Smith, Rana) (Entered: 12/13/2010) |



Sep 15 2010
12:31PM

IN THE SUPERIOR COURT

FOR THE COUNTY OF PROVIDENCE

STATE OF RHODE ISLAND

MARGARET KNIGHT                           CIVIL ACTION NO.: PC 2010-5028

                                                           JURY TRIAL DEMANDED
VERSUS

BUFALLO PUMPS, INC.
ELLIOT TURBOMACHINERY CO, INC.
FOSTER WHEELER LLC, survivor to merger
    with FOSTER WHEELER CORPORATION
GENERAL ELECTRIC COMPANY
PACKINGS & INSULATIONS CORPORATION
P.I.C. CONTRACTORS, INC.

## COMPLAINT FOR DAMAGES

The complaint of MARAGET KNIGHT respectfully represents:

1.

Each of the defendants named in the caption above has conducted business in the State of Rhode Island and has produced, manufactured, or distributed asbestos and/or asbestos containing products with the reasonable expectation that such products would be used or consumed in this State.

2.

Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him

occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

3.

Plaintiffs specifically do not assert herein a claim for relief or cause of action for damages:

(A) Against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress, Treaties or Constitution of the United States of America.; and/or

(B) Against any Defendant named herein where (1) said Defendant acted under the direction, order, specification, and/or comprehensive and detailed regulation of a federal officer or federal agency in the performance of its contract duties; and (2) there is a causal nexus between said claim or cause of action for damages and the federal officer or federal agency's direction, order, specification, and/or comprehensive and detailed regulation in the performance of the Defendant's contract duties.

4.

The federal courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship due to the presence of a Rhode Island defendant.

5.

Plaintiff MARGARET KNIGHT was exposed to various asbestos containing products beginning in the mid-1940's, primarily through laundering her father's clothes after he used products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through her father's work as a pipecoverer at Bath Iron Works. Additionally, MARGARETT KNIGHT herself was employed as a pipecoverer at Bath Iron Works from September of 1978 until January of 1979.

6.

As a result of the exposure to asbestos related products of the named defendants, plaintiff contracted asbestos-related mesothelioma and/or other asbestos-related pathologies.

7.

Named defendants, individually, and through their agents, employees, and/or distributors sold these asbestos containing products to plaintiff, plaintiff's employer, and/or others working with these products around plaintiff.

8.

At all times relevant hereto, the asbestos containing products sold by defendants to plaintiff and/or third parties reached the plaintiff without any substantial change in their condition from the time they were sold.

9.

Defendants instructed and intended that asbestos containing products would be used in conjunction with or incorporated in their products so as to render the entire product unsafe for its intended purposes.

10.

Defendants knew or should have known that the asbestos containing products sold by them, incorporated into their products and/or designed for use with their products, were inherently dangerous to those who used, handled or came in contact with said products.

11.

Defendants failed to provide proper, adequate and correct warnings and information about the dangers associated with the use of their products.

12.

Defendants breached their continuing duty to advise and warn plaintiff and others reasonably expected to come into contact with their products as to the dangers inherent in the unsafe handling and use of asbestos containing products sold by them, incorporated into their products, or intended to be used with their products.

13.

Defendants actions represent a breach of the duty of reasonable care under the common law of the State of Rhode Island and of their duties to plaintiff under common law of negligence, the Restatements, Torts 2d, Section 402A, and any prior or subsequent applicable Restatement of the law on Torts.

14.

Additionally, in the sale of the asbestos containing products, named defendants breached their warranties of merchantability and implied fitness found in R.I. G.L.§ 6A-2-314 and 315, in that the products were inherently dangerous in the form they left the seller, were not fit for their ordinary purpose and/or were unsafe without directions and warnings as to their anticipated use by plaintiff and any person who may be reasonably expected to use, consume or be affected by the products.

15.

Defendants, individually and as agents of one another, engaged in a conspiracy to injure plaintiff by failing to disclose knowledge they had or intentionally misrepresenting the dangers of exposure to asbestos and asbestos containing products.

16.

As a result of the above acts of negligence, breaches of duties under the common law of negligence, and under the Restatement, Torts 2d, Section 402A, and any prior or subsequent applicable Restatement of the law of Torts, and breaches of the warranties of merchantability and implied fitness, plaintiff sustained severe, painful and permanent injuries proximately caused by named defendants conduct.

17.

In addition to damages for physical and mental pain and suffering, plaintiff has suffered medical expenses, loss of earning capacity, lost wages, lost future wages, and future medical expenses.

18.

Plaintiffs demand trial by jury on all issues herein.

/

/

/

/

/

/

/

/

/

/

/

WHEREFORE, plaintiff MARAGRET KNIGHT pray that after due proceedings herein that there be judgment in their favor and against the Named Defendants, jointly and severally, for damages as are reasonable under the premises, including punitive damages, attorney's fees, interest and costs, and for all other general and equitable relief.

New Haven, Connecticut, this 24TH day of August, 2010.

RESPECTFULLY SUBMITTED:

THE PLAINTIFFS

EARLY LUDWICK & SWEENEY, LLC

265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
Telephone (203) 777-7799
Telecopier (203) 785-1671

By: _____
Robert J. Sweeney, Esq.
R.I. Bar Roll No. 5865
Brian P. Kenney, Esq.
R.I. Bar Roll No. 7217
Elizabeth R. Murray
R.I. Bar Roll No. 8223
Richard P. Bullock, Esq.
R.I. Bar Roll No. 8297
Donni E. Young, Esq.
R.I. Bar Roll No. 8298