MASON, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.2 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:10-cv-06190

Conroy v. A.W. Chesterton Company et al
Assigned to: Honorable James F. Holderman
Demand: $75,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 09/27/2010
Date Terminated: 10/29/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**G Diane Conroy**
*individually and as Special
Administrator for the Estate of Thomas
J Conroy, deceased,*

represented by **Michael Peter Cascino**
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
(312) 944-0600
Email: michaelp.cascino@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**BP America, Inc.**

represented by **Alan Stuart Zelkowitz**
Pretzel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673
(312) 346-1973
Email: azelkowitz@pretzel-
stouffer.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**

represented by **Demetra Arapakis Christos**
Foley & Mansfield
39 S. LaSalle St.
Suite 1110
Chicago, IL 60603
312-233-2560 x702
Email: dchristos@foleymansfiled.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corporation**

**Defendant**

**General Electric Company**                    represented by   **Edward P Kenney**
                                                                Sidley Austin LLP
                                                                One South Dearborn Street
                                                                Chicago, IL 60603
                                                                (312) 853-7000
                                                                Email: ekenney@sidley.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **John Anthony Fonstad**
                                                                Sidley Austin LLP
                                                                One South Dearborn
                                                                Chicago, IL 60603
                                                                (312) 853-0752
                                                                Email: jfonstad@sidley.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Maja C. Eaton**
                                                                Sidley Austin LLP
                                                                One South Dearborn Street
                                                                Chicago, IL 60603
                                                                (312) 853-7000
                                                                Email: meaton@sidley.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Koppers, Inc.**                               represented by   **David Arthur Cyr**
                                                                Johnson & Bell, Ltd.
                                                                33 West Monroe Street
                                                                Suite 2700
                                                                Chicago, IL 60603
                                                                (312) 372-0770
                                                                Email: cyrd@jbltd.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Robert Spitkovsky , Jr.**
                                                                Johnson & Bell, Ltd.
                                                                33 West Monroe Street
                                                                Suite 2700
                                                                Chicago, IL 60603
                                                                (312) 372-0770
                                                                Email: spitkovsky@jbltd.com
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Owens-Illinois, Inc.**                    represented by   **Matthew J. Fischer**
                                                             Schiff Hardin LLP
                                                             233 South Wacker Drive
                                                             Suite 6600
                                                             Chicago, IL 60606
                                                             (312) 258-5500
                                                             Email: mfischer@schiffhardin.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**

**Defendant**

**Union Carbide Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/27/2010 | 1 | COMPLAINT filed by G Diane Conroy; Jury Demand. Filing fee $ 350, receipt number 0752-5259573. (Attachments: # 1 Exhibit A - Defendant's Home States and Principal Places of Business, # 2 Exhibit B - Decedent's Work History)(Cascino, Michael) (Entered: 09/27/2010) |
| 09/27/2010 | 2 | ATTORNEY Appearance for Plaintiff G Diane Conroy by Michael Peter Cascino (Cascino, Michael) (Entered: 09/27/2010) |
| 09/27/2010 | 3 | CIVIL Cover Sheet (Cascino, Michael) (Entered: 09/27/2010) |
| 09/27/2010 | 4 | CERTIFICATE of Interest (Cascino, Michael) (Entered: 09/27/2010) |
| 09/27/2010 | 5 | Notice of Tag-Along Action by G Diane Conroy (Cascino, Michael) (Entered: 09/27/2010) |
| 09/28/2010 | | CASE ASSIGNED to the Honorable Milton I. Shadur. Designated as Magistrate Judge the Honorable Michael T. Mason. (kjd, ) (Entered: 09/28/2010) |
| 09/29/2010 | 6 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable James F. Holderman for all further proceedings pursuant to IOP 13F. Signed by Executive Committee on 9/29/2010.(lp, ) (Entered: 10/01/2010) |
| 10/18/2010 | 7 | ATTORNEY Appearance for Defendant General Electric Company by Maja C. Eaton (Eaton, Maja) (Entered: 10/18/2010) |
| 10/18/2010 | 8 | ATTORNEY Appearance for Defendant General Electric Company by Edward P Kenney (Kenney, Edward) (Entered: 10/18/2010) |
| 10/18/2010 | 9 | ATTORNEY Appearance for Defendant General Electric Company by John Anthony Fonstad (Fonstad, John) (Entered: 10/18/2010) |
| 10/18/2010 | 10 | Notice of Tag-Along Action and Certificate of Service by General Electric Company (Fonstad, John) (Entered: 10/18/2010) |

| 10/18/2010 | 11 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by General Electric Company (Fonstad, John) (Entered: 10/18/2010) |
| 10/18/2010 | 12 | ANSWER to Complaint by General Electric Company(Fonstad, John) (Entered: 10/18/2010) |
| 10/24/2010 | 13 | ANSWER to Complaint by Owens-Illinois, Inc.(Fischer, Matthew) (Entered: 10/24/2010) |
| 11/02/2010 | 20 | CONDITIONAL TRANSFER ORDER from MDL Panel transferring case to Eastern District of Pennsylvania regarding MDL 875.(lp, ) (Entered: 11/05/2010) |
| 11/03/2010 | 14 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by CBS Corporation (Christos, Demetra) (Entered: 11/03/2010) |
| 11/03/2010 | 15 | ANSWER to Complaint with Jury Demand by CBS Corporation(Christos, Demetra) (Entered: 11/03/2010) |
| 11/03/2010 | 16 | JURY Demand (Christos, Demetra) (Entered: 11/03/2010) |
| 11/03/2010 | 17 | NOTICE by CBS Corporation *of Tag-Along Action* (Christos, Demetra) (Entered: 11/03/2010) |
| 11/03/2010 | 18 | APPENDIX (Christos, Demetra) (Entered: 11/03/2010) |
| 11/03/2010 | 19 | ATTORNEY Appearance for Defendant BP America, Inc. by Alan Stuart Zelkowitz (Zelkowitz, Alan) (Entered: 11/03/2010) |
| 11/05/2010 | 21 | TRANSFERRED to the Eastern District of Pennsylvania pursuant to MDL 875 Conditional Transfer Order. Mailed copy of transmittal letter to receiving court and to counsel of record. (lp, ) (Entered: 11/05/2010) |
| 11/22/2010 | 22 | Entered in error. Modified on 11/24/2010 (lp, ). (Entered: 11/22/2010) |
| 11/22/2010 | 23 | ATTORNEY Appearance for Defendant Koppers, Inc. by David Arthur Cyr (Cyr, David) (Entered: 11/22/2010) |
| 11/22/2010 | 24 | *Short Form* ANSWER to Complaint with Jury Demand by Koppers, Inc.(Cyr, David) (Entered: 11/22/2010) |
| 11/22/2010 | 25 | ATTORNEY Appearance for Defendant Koppers, Inc. by Robert Spitkovsky, Jr (Spitkovsky, Robert) (Entered: 11/22/2010) |
| 11/24/2010 | 26 | NOTICE of Correction regarding 22 . (lp, ) (Entered: 11/24/2010) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/14/2011 09:34:29 | | |
| **PACER Login:** | hr0023 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-06190 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

 **CT Corporation**

**Service of Process Transmittal**
09/30/2010
CT Log Number 517361439

||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**     Stacie Simpson
            Navigant Consulting
            PACE Claim Services, LLC, 100 American Metro Blvd
            Suite 108
            Hamilton, NJ 08619

## RECEIVED

OCT 0 4 2010

## PACE

**RE:**     ~~Process Served in Illinois~~

**FOR:**    Union Carbide Corporation (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | G Diane Conroy, individually and as Special Administrator of the Estate of Thomas J Conroy, deceased, Pltf. vs. A.W. Chesterton Company, etc., et al. including Union Carbide Corporation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice of Lawsuit and Request, Waiver of Service of Summons Form (2 sets), Attachment(s), Complaint, Exhibit(s), Reply Envelope |
| **COURT/AGENCY:** | Northern District - Chicago - United States District Court, IL Case # 10-CV-6190 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 09/30/2010 postmarked on 09/28/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after September 28, 2010 - Return waiver // Within 60 days after September 28, 2010 - Answer or motion |
| **ATTORNEY(S) / SENDER(S):** | Michael P. Cascino Cascino Vaughan Law Offices, Ltd. 220 South Ashland Avenue Chicago, IL 60607 312-944-0600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791907715976 Email Notification, Stacie Simpson PACEservice@navigantconsulting.com Email Notification, iNote Recipient fusasbs@dow.com Email Notification, iNote Recipient fmdnmsp@dow.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G Diane Conroy, individually and as Special
Administrator of the Estate of Thomas J
Conroy, deceased,

       Plaintiff,

 v.

A.W. Chesterton Company, et al.,

       Defendants.

Case No. 10-CV-6190

NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:  Union Carbide Corporation
   c/o CT Corporation System
   208 S LaSalle Street, Ste. 814
   Chicago, IL 60604

   A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in *The United States District Court for the Northern District of Illinois - Eastern Division,* and has been assigned the case number listed above. This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

   If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

   If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules and Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on behalf of who you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive service of the summons, which is set forth at the foot of the waiver form.

   I affirm that this request is being sent to you on behalf of the plaintiff, this September 28, 2010

              *Mike Cascino*
              Michael P. Cascino

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, Illinois 60607
312-944-0600

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

G Diane Conroy, Individually and as Special
Administrator of the Estate of Thomas J Conroy,
deceased,

       Plaintiff,

  v.

A.W. Chesterton Company, et al.,

       Defendants.

Case No. 10-CV-6190

## WAIVER OF SERVICE OF SUMMONS

TO: Michael P. Cascino
  Cascino Vaughan Law Offices
  220 S. Ashland Ave.
  Chicago, IL 60607

  I acknowledge receipt of your request that I waive service of a summons in the action
*Conroy v. A.W. Chesterton Company, et al.*,, which is case number 10-CV-6190 in *The United
States District Court for the Northern District of Illinois - Eastern Division.* I have also received
a copy of the complaint in the action, two copies of this instrument, and a means by which I can
return the signed waiver to you without cost to me.

  I agree to save the cost of service of a summons and an additional copy of the complaint
in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with
judicial process in the manner provided by Rule 4.

  I (or the entity on whose behalf I am acting) will retain all defenses or objections to the
lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the
summons or in the service of summons.

  I understand that a judgment may be against me (or the party on whose behalf I am
acting) if an answer or motion under Rule 12 is not served upon you within 60 days after
September 28th, 2010 or within 90 days after the date if request was sent outside of United
States.

_____
Date

_____
Signature
Printed Name:_____
[as _____]
[of Union Carbide Corporation]

See attached for terms of Duty to Avoid Unnecessary Costs of Service of Summons.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

G Diane Conroy, Individually and as Special
Administrator of the Estate of Thomas J Conroy,
deceased,

                      Plaintiff,

     v.

A.W. Chesterton Company, et al.,

                   Defendants.

Case No. 10-CV-6190

## WAIVER OF SERVICE OF SUMMONS

TO:    Michael P. Cascino
        Cascino Vaughan Law Offices
        220 S. Ashland Ave.
        Chicago, IL 60607

     I acknowledge receipt of your request that I waive service of a summons in the action
*Conroy v. A.W. Chesterton Company, et al.,*, which is case number 10-CV-6190 in *The United
States District Court for the Northern District of Illinois - Eastern Division.* I have also received
a copy of the complaint in the action, two copies of this instrument, and a means by which I can
return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint
in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with
judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the
lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the
summons or in the service of summons.

     I understand that a judgment may be against me (or the party on whose behalf I am
acting) if an answer or motion under Rule 12 is not served upon you within 60 days after
September 28th, 2010 or within 90 days after the date if request was sent outside of United
States.

_____

Date

_____

Signature
Printed Name:_____
[as _____ ]
[of Union Carbide Corporation]

See attached for terms of Duty to Avoid Unnecessary Costs of Service of Summons.

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the costs of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgement may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than in the summons had been actually served when the request for waiver of service was received.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| G Diane Conroy, individually and as Special Administrator of the Estate of Thomas J Conroy, deceased, <br><br>           Plaintiff, <br><br>   v. <br><br> A.W. Chesterton Company, a corporation, <br> BP America, Inc., a corporation, <br> CBS Corporation, a corporation, <br> Certainteed Corporation, a corporation, <br> General Electric Company, a corporation, <br> Koppers, Inc., a corporation, <br> Owens-Illinois Inc., a corporation, <br> Rapid American Corporation, a corporation, <br> Union Carbide Corporation, a corporation, <br><br>          Defendants. | Case No. |

## COMPLAINT

Now comes the plaintiff, G Diane Conroy, (hereinafter "Plaintiff"), individually and as Special

Administrator of the Estate of Thomas J Conroy (hereinafter "Decedent"), by and through her attorneys,

Cascino Vaughan Law Offices, Ltd., and complains against defendants A.W. Chesterton Company, a

corporation, BP America, Inc., a corporation, CBS Corporation, a corporation, Certainteed

Corporation, a corporation, General Electric Company, a corporation, Koppers, Inc., a corporation,

Owens-Illinois Inc., a corporation, Rapid American Corporation, a corporation, and Union Carbide

Corporation, a corporation, as follows:

## JURISDICTION

1.   Plaintiff, G Diane Conroy is the wife of decedent, Thomas J Conroy, and resides in Glenwood,

   Illinois

2.   Decedent was an adult citizen and resident of Illinois.

3.   Decedent passed away on 06/29/2010.

4.   Defendants are all corporations, none of which is incorporated in or has its principal place of

business in the State of Illinois, and at all times relevant to the allegations contained herein were

engaged in the business of designing, manufacturing, mining and selling asbestos and/or

asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as

"asbestos products." Please refer to the attached Exhibit A for the state of incorporation and

principal place of business of each defendant.

5.   Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States

Code, §1332.

6.   The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000),

exclusive of interest and costs.

7.   Venue is proper pursuant to Title 28, United States Code, §1391.

### GENERAL ALLEGATIONS

8.   Decedent during the course of his employment as a Pipefitter at various job sites, including

those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from

the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined,

distributed, packaged, installed or otherwise placed into commerce by defendants.

9.   Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred

by workers working with or near asbestos products.

10.  Decedent became aware of the asbestos-related condition and that said condition was caused by

Defendants' wrongful conduct within the statute of limitations before the filing of this action.

11.  As a direct and proximate result of the conduct of Defendants, Decedent developed and had been

diagnosed with rectal cancer on 10/2/2010.

12.  Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for

large sums of money for medical and hospital care, and suffered losses to his personal property

and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

13. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

14. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

15. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

16. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

17. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.    Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b.    Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.    Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.    Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

18. As a direct and proximate result of the acts and omissions of the product defendants above, plaintiff was injured as described above.

## COUNT II- NEGLIGENCE - PREMISE OWNER

19.    Plaintiff reasserts and realleges the above allegations 1-18 above.

20.    This claim for negligence is brought against the following Defendants;

    a. BP America, Inc.

    b. Koppers Inc.

21.    Defendant was the owner of the premise during the dates and times of Decedent's exposures to asbestos indicated on exhibit B.

22.    The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

23.    When Decedent worked at the premises, defendant knew or should have known about the health hazards of asbestos.

24.    Defendant in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Decedent, working at the premises.

25.    Defendant knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

26.    As the owner of the premises, defendant owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Decedent.

27.    Defendant breached its duty of care and was negligent by one or more of the following acts or omissions:

    a.    failing to adequately warn Decedent of the dangers of harm from exposure to asbestos;

    b.    failing to instruct Decedent adequately about safety precautions for exposure to

asbestos;

c.      failing to establish adequate safety measures to protect Decedent from exposure to asbestos;

d.      failing to adequately test for asbestos where Decedent worked;

e.      employing any contractor which failed to take reasonable precautions against the danger of asbestos;

f.      allowing the use of asbestos containing products at the premises;

g.      failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

28.     As a direct and proximate result of defendant's negligence, Decedent suffered injuries as described above.

## WRONGFUL DEATH

29.     Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 28 above.

30.     Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

## PRAYER FOR RELIEF

31.     Plaintiff prays for relief as follows:

a.      Judgment against defendants, jointly and severally, for compensatory and general damages.

b.      Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated:  September 27, 2010


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| BP America, Inc. | Delaware | Texas |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| General Electric Company | New York | Connecticut |
| Koppers, Inc. | Pennsylvania | Pennsylvania |
| Owens-Illinois Inc. | Delaware | Ohio |
| Rapid American Corporation | Delaware | New York |
| Union Carbide Corporation | New York | Texas |

**Exhibit B**
**Decedent's work history**

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| South Works Steel Plant | Chicago | IL | 1968 | 1970 |
| Caterpillar Plant | Joliet | IL | 1969 | 1971 |
| Amoco Chemical Refinery | Joliet | IL | 1964 | 1999 |
| Texaco Refining & Marketing | Lockport | IL | 1966 | 1967 |
| Koppers Refining | Chicago | IL | 1968 | 1970 |
| Clinton Nuclear Power Station | Clinton | IL | 1980 | 1983 |
| Interlake Steel | Chicago | IL | 1965 | 1966 |
| Whiting Refinery | Whiting | IN | 1963 | 1993 |
| Youngstown Sheet & Tube | East Chicago | IN | 1961 | 1970 |
| Bethlehem Steel | Burns Harbor | IN | 1962 | 1964 |