# U.S. District Court
## District of South Carolina (Charleston)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00086-ASB
### Internal Use Only

Lansing v. AW Chesterton Company et al                  Date Filed: 01/12/2011
Assigned to: Unassigned - ASB                           Jury Demand: None
Case in other court: Charleston County Court of Common Pleas,   Nature of Suit: 368 P.I. : Asbestos
    10-cp-10-10004                            Jurisdiction: Diversity
Cause: 28:1332 Diversity-Asbestos Litigation

**Plaintiff**

**Sally J Lansing**                    represented by   **V Brian Bevon**
*Individuallly and as Personal*                         Motley Rice
*Representative of the Estate of William H.*            28 Bridgeside Boulevard
*Lansing Sr., Deceased*                                 Mt Pleasant, SC 29464
*Estate of*                                             843-216-9090
William H Lansing                                       Fax: 843-216-9430
                                                        Email: bbevon@motleyrice.com
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AW Chesterton Company**

**Defendant**

**Aurora Pump Company**

**Defendant**

**Bayer Cropscience Inc**

**Defendant**

**Borg Warner Morse TEC Inc**

**Defendant**

**Buffalo Pumps Inc**

**Defendant**

**Crane Co**

**Defendant**

**Dana Companies LLC**

**Defendant**

**Dresser-Rand Group Inc**

**Defendant**

**Elliott Company**

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**Honeywell International Inc**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Maremont Corporation**

**Defendant**

**McNally Industries LLC**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Owens-Illinois Inc**                    represented by   **Robert O Meriwether**
                                                         Nelson Mullins Riley and Scarborough
                                                         PO Box 11070
                                                         Columbia, SC 29211
                                                         803-799-2000
                                                         Fax: 803-255-9060
                                                         Email:
                                                         robert.meriwether@nelsonmullins.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex LLC**

**Defendant**

**Uniroyal Inc**

**Defendant**

**Yarway Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/12/2011 | 1 | NOTICE OF REMOVAL from Charleston County Court of Commons Pleas, case number 10-cp-10-10004. (Filing fee $ 350 receipt number 0420-3140951), filed by Owens-Illinois Inc. (Attachments: # 1 State Court Documents)(gpre, ) (Entered: |

| | | 01/13/2011) |
|---|---|---|
| 01/12/2011 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (gpre, ) (Entered: 01/13/2011) |
| 01/13/2011 | 3 | ***DOCUMENT E-MAILED 1 Notice of Removal and docket sheet to MDL Panel (gpre, ) (Entered: 01/13/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

In Re:
Asbestos Litigation
Coordinated Docket

| | | |
|---|---|---|
| Sally J. Lansing, Individually and | ) | Civil Action No. 2:11- |
| as Personal Representative of the Estate of | ) | |
| William H. Lansing, Sr., Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| A.W. Chesterton Company | ) | |
| Aurora Pump Company | ) | |
| Bayer Cropscience, Inc. | ) | |
| Borg Warner Morse TEC, Inc. | ) | |
| Buffalo Pumps, Inc. | ) | |
| Crane Co. | ) | |
| Dana Companies, LLC | ) | |
| Dresser-Rand Group, Inc. | ) | |
| Elliott Company | ) | |
| Foster Wheeler Energy Corporation | ) | |
| General Electric Company | ) | |
| Honeywell International, Inc. | ) | |
| Ingersoll-Rand Company | ) | |
| Maremont Corporation | ) | |
| McNally Industries, LLC | ) | |
| Metropolitan Life Insurance Company | ) | |
| Owens-Illinois, Inc. | ) | |
| Pneumo Abex, LLC | ) | |
| Uniroyal, Inc. | ) | |
| Yarway Corporation | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Owens-Illinois, Inc. acting for themselves and the other proper defendants, would respectfully show unto the Court in support of their Notice of Removal:

1.      Owens-Illinois, Inc. is a defendant in the above-entitled action.

2.      The above-entitled action was instituted by the plaintiff against Owens-Illinois, Inc., as defendant, by the service of a Summons and Complaint on or about December 14, 2010 and this action is now pending in the Court of Common Pleas for Charleston County, South Carolina.

3.      The allegations of the Complaint allege that decedent's exposure to asbestos containing products occurred while he was employed as a heavy equipment diesel mechanic at the Charleston Naval Shipyard.  Accordingly, this action is one over which the United States District Court has original federal subject matter jurisdiction because the Charleston Naval Shipyard is a Federal enclave.

4.      This action accordingly is of a civil nature and is one over which the District Court of the United States has original jurisdiction.  The Court has subject matter jurisdiction over any claims for exposure at jobsites other than the Charleston Naval Shipyard based on supplemental jurisdiction.  28 U.S.C. ¶1367(a).

5.      That filed herewith is a copy of all process, pleadings and orders served upon the defendant in this action.

6.      That the Clerk of the Court of Common Pleas for Charleston County, South Carolina has been provided a copy of this Notice of Removal.

7.      All other proper defendants consent to the removal of the case.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By:    <u>s/Robert O. Meriwether</u>
        Robert O. Meriwether
        Federal Bar No. 1040
        E-Mail Address:  robert.meriwether@nelsonmullins.com
        1320 Main Street / 17th Floor
        Post Office Box 11070 (29211)
        Columbia, SC  29201
        (803) 799-2000

        Attorneys for Owens-Illinois, Inc.

Columbia, South Carolina

January 12, 2011

DEFENDANT DEMANDS A JURY TRIAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

In Re:
Asbestos Litigation
Coordinated Docket

| | | |
|---|---|---|
| Sally J. Lansing, Individually and | ) | Civil Action No. 2:11- |
| as Personal Representative of the Estate of | ) | |
| William H. Lansing, Sr., Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| A.W. Chesterton Company | ) | |
| Aurora Pump Company | ) | |
| Bayer Cropscience, Inc. | ) | |
| Borg Warner Morse TEC, Inc. | ) | |
| Buffalo Pumps, Inc. | ) | |
| Crane Co. | ) | |
| Dana Companies, LLC | ) | |
| Dresser-Rand Group, Inc. | ) | |
| Elliott Company | ) | |
| Foster Wheeler Energy Corporation | ) | |
| General Electric Company | ) | |
| Honeywell International, Inc. | ) | |
| Ingersoll-Rand Company | ) | |
| Maremont Corporation | ) | |
| McNally Industries, LLC | ) | |
| Metropolitan Life Insurance Company | ) | |
| Owens-Illinois, Inc. | ) | |
| Pneumo Abex, LLC | ) | |
| Uniroyal, Inc. | ) | |
| Yarway Corporation | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ACKNOWLEDGEMENT OF THE FILING OF COPY OF
NOTICE OF REMOVAL

      Receipt of a copy of the Notice for Removal filed by the defendant, Owens-

Illinois, Inc., by and through their attorneys, in the above-entitled action is hereby acknowledged

this _____ day of _____, 2011.

 

                _____

                Clerk of Court, Charleston County

Charleston, South Carolina.

## CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Nelson Mullins Riley & Scarborough, LLP, attorneys for Owens-Illinois, Inc., do hereby certify that I have served a copy of the pleading(s) hereinbelow specified by electronic means on parties registered with the District of South Carolina's Electronic Case Filing system. I further certified that a copy of the foregoing, together with a copy of the Notice of Electronic Filing, was served on parties who are not registered to receive a Notice of Electronic Filing for this case, by mailing of a copy of same by United States Mail, postage prepaid

Pleading(s):           Notice of Removal
                       Acknowledgment of the Filing of Copy of Notice of Removal

Counsel Served:        V. Brian Bevon
                       Motley Rice LLC
                       28 Bridgeside Boulevard
                       Post Office Box 650001
                       Mt. Pleasant, SC  29465


                              s/Robert O. Meriwether
                         Robert O. Meriwether
                         Federal Bar No. 1040

Columbia, South Carolina

January 12, 2011

2:11-cv-00086-ASB Case MDL No. 875 Document 6598-1 Date Filed 01/12/11 Entry Number 1 Filed 01/14/11 Page 10 of 30 Page 10 of 21

DEC 1 4 2010

99.7-5136

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) |
| | ) |
| COUNTY OF CHARLESTON | ) |

IN THE COURT OF COMMON PLEAS

C/A No. 10-CP-10-10004

SALLY J. LANSING, Individually and as
Personal Representative of the Estate of
WILLIAM H. LANSING, SR., Deceased,

      Plaintiff,

      v.

A.W. CHESTERTON COMPANY
AURORA PUMP COMPANY
BAYER CROPSCIENCE, INC., as Successor in
  Interest to Amchem Products, Inc.
BORG WARNER MORSE TEC, INC. as
  Successor to Borg-Warner Corporation
BUFFALO PUMPS, INC.
CRANE CO.
DANA CORPORATION LLC
DRESSER-RAND GROUP, INC. Successor in
  Interest to Terry Steam turbine Company
ELLIOTT COMPANY f/k/a Elliott
  Turbomachinery Company, Inc.
FOSTER WHEELER ENERGY CORPORATION
GENERAL ELECTRIC COMPANY
HONEYWELL  INTERNATIONAL,  INC.
f/k/a
  Allied-Signal, Inc., f/k/a Allied Corporation,
  Successor to Bendix Corporation
INGERSOLL-RAND COMPANY
MAREMONT CORPORATION
MCNALLY INDUSTRIES, LLC Successor in
  Interest to Northern Pump Company
METROPOLITAN LIFE INSURANCE COMPANY
OWENS-ILLINOIS, INC.
PNEUMO ABEX LLC, Successor in interest to
  Abex Corporation
UNIROYAL, INC.
YARWAY CORPORATION,

      Defendants.

Engineman (U.S. Navy);
Heavy Equipment Diesel Mechanic
(CNSY); Lung Cancer

**AMENDED
SUMMONS**

Plaintiff Demands
A Jury Trial

FILED
2010 DEC -8 AM 11:09
JULIE J. ARMSTRONG
CLERK OF COURT
CHARLESTON, S.C.
BY

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said Amended Complaint on the subscribed at their office at 28 Bridgeside Blvd., Mt. Pleasant, South Carolina, 29464, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Amended Complaint within the time aforesaid, Plaintiff in this action will apply to the Court for the relief demanded in this Amended Complaint.

V. Brian Bevon
Plaintiffs' Attorney

December _____8_____, 2010
Mount Pleasant, South Carolina

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | C/A No. 10-CP-10-10004 |
| | | |
| SALLY J. LANSING, Individually and as | ) | Engineman (U.S. Navy); |
| Personal Representative of the Estate of | ) | Heavy Equipment Diesel Mechanic |
| WILLIAM H. LANSING, SR., Deceased, | ) | (CNSY); Lung Cancer |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY | ) | **AMENDED** |
| A Massachusetts Corporation | ) | **COMPLAINT** |
| | ) | |
| AURORA PUMP COMPANY | ) | (Wrongful Death, Survival and |
| A Delaware Corporation | ) | Loss of Consortium) |
| | ) | |
| BAYER CROPSCIENCE, INC., as Successor in | ) | Plaintiff Demands |
| Interest to Amchem Products, Inc. | ) | A Jury Trial |
| A Delaware Corporation | ) | |
| | ) | |
| BORG WARNER MORSE TEC, INC. as | ) | |
| Successor to Borg-Warner Corporation | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| BUFFALO PUMPS, INC. | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| CRANE CO. | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| DANA COMPANIES, LLC | ) | |
| A Virginia Corporation | ) | |
| | ) | |
| DRESSER-RAND GROUP, INC. Successor in | ) | |
| Interest to Terry Steam turbine Company | ) | |
| A Delaware Company | ) | |
| | ) | |
| ELLIOTT COMPANY f/k/a Elliott | ) | |
| Turbomachinery Company, Inc. | ) | |
| FOSTER WHEELER ENERGY CORPORATION | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| GENERAL ELECTRIC COMPANY | ) | |
| A New York Corporation | ) | |

2010 DEC -8 AM 11:09
JULIE J. ARMSTRONG
CLERK OF COURT
BY:

| | |
|---|---|
| INGERSOLL-RAND COMPANY | ) |
| A New Jersey Corporation | ) |
| | ) |
| MAREMONT CORPORATION | ) |
| A Delaware Corporation | ) |
| | ) |
| MCNALLY INDUSTRIES, LLC Successor in | ) |
| Interest to Northern Pump Company | ) |
| A Wisconsin Corporation | ) |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| A New York Corporation | ) |
| | ) |
| OWENS-ILLINOIS, INC. | ) |
| A Delaware Corporation | ) |
| | ) |
| PNEUMO ABEX LLC, Successor in interest to | ) |
| Abex Corporation | ) |
| A Delaware Corporation | ) |
| | ) |
| UNIROYAL, INC. | ) |
| A New Jersey Corporation | ) |
| | ) |
| YARWAY CORPORATION | ) |
| A Pennsylvania Corporation, | ) |
| | ) |
| Defendants. | ) |
| | )) |

Now comes the Plaintiff, **Sally J. Lansing,** Individually and as Personal Representative of the Estate of **William H. Lansing, Sr.,** deceased, a citizen and resident of the State of South Carolina, and duly appointed in Berkeley County, South Carolina, and sues the defendants on behalf of herself as spouse and on behalf of the legal beneficiaries of the Estate, who are Sally J. Lansing, Barbara Long, Deborah Olmo, William H. Lansing, Jr., Alan Lansing, and Donna Lopez, and alleges as follows (as used hereinafter, plaintiff refers to the deceased and/or his representative):

## JURISDICTION

1.      That as is evidenced by the caption of the instant Amended Complaint which is specifically incorporated herein, some of the defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long-Arm Statute. Each defendant mines, manufactures, processes, imports, converts, compounds and/or retails substantial amounts of asbestos and asbestos-related materials which are

sold, distributed and used in South Carolina. The plaintiff was exposed to various asbestos-containing products while working in various locations in South Carolina. That certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina. That lung cancer is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to the plaintiff's contraction of his lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FIRST CAUSE OF ACTION

2.      Defendants, and each of them, are or at time relevant hereto, were miners, manufacturers, processors, importers, converters, compounders and/or retailers of asbestos and asbestos-related materials.

3.      The defendants, acting through their agents, servants, and/or employees cause, and have caused in the past, certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by the plaintiff.

4.      Plaintiff was an engineman in the United States Navy, and heavy equipment diesel mechanic at Charleston Naval Shipyard and other locations who, for a long period of time, worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, compounded and/or sold by the defendants, some of the exposure being within the State of South Carolina.

5.      During the course and scope of his employment, plaintiff was exposed to defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop an illness known and designated as lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

6.      The illness and disability and death of the plaintiff were the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.

7.      The illness, disability and death of the plaintiff were the direct and proximate result of the negligence, recklessness, and willfulness of the defendants, jointly and severally, in that, even though the defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-related  materials were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health, and the defendants nonetheless:

(a)      Failed to advise plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

(b)     Failed or omitted to provide the plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos materials to warn the enginemen and heavy equipment diesel mechanics thereof of the dangers to health in coming in contact with said asbestos and asbestos materials;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos materials;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they knew of the dangers and cancer-causing effects, and up until the present time;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to wit: asbestos;

At all times relevant, it was feasible for defendants to have warned plaintiffs, tested their asbestos products, designed safer asbestos products and/or substituted asbestos-free products.

As a result of the negligence, recklessness and willfulness, the plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

8.      Plaintiff repeats the allegations of the First Cause of Action where relevant.

9.      That subsequent to the time the defendants caused the asbestos products to be sold and placed in buildings and on jobsites, the defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using buildings or on jobsites, but nevertheless, the defendants negligently and recklessly failed and refused to warn and advise the plaintiff of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing products even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the defendants have refused to provide that information to

the plaintiff, despite the defendants' knowledge that their asbestos has contaminated the plaintiff's buildings and jobsites.

10.     The plaintiff has furthermore suffered continuing and lingering injury to himself due to the defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, cause repeated and continuing injury to plaintiff.

11.     That as a proximate result of the aforesaid acts of the defendants, and the continued presence of asbestos products in buildings and on jobsites, the plaintiff has been damaged as herein set forth.

## FOR A THIRD CAUSE OF ACTION

12.     Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

13.     The defendants, and each of them, impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

14.     The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous and deleterious matter was given off into the atmosphere wherein the plaintiff carried out his duties as engineman and heavy equipment diesel mechanic, working with asbestos and asbestos-related materials.

15.     As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to-wit: lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FOURTH CAUSE OF ACTION

16.     Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

17.     Plaintiff further alleges that at the time the defendants, and each of them, sold and/or delivered the aforesaid asbestos and asbestos-related products and at the time said products were used by plaintiff in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to plaintiff's body.

The above was the proximate cause of the severe damages sustained by the plaintiff as hereinafter set forth.

## FOR A FIFTH CAUSE OF ACTION

18.     Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

19.     That at various times from 1929 to the filing of this law suit, defendants had actual knowledge of the dangers to plaintiff of asbestos exposure, nevertheless, defendants deliberately, intentionally and purposefully withheld such information from plaintiff, thus denying plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants' intentional acts being as follows:

(a)     Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b)     Never issued recall-type letters or notices to prior users;

(c)     Frustrated the publication of articles on the asbestos health hazards in the literature;

(d)     Top management officials of defendants rejected advice of other corporate officials to warn of the hazards of their asbestos products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

(e)     Intentional inadequacy and delay of use of warnings on asbestos products;

(f)     Failed to advise plaintiff of medical findings known to defendants concerning the dangers of asbestos exposure;

(g)     Suppressed the dissemination of information to plaintiff concerning the hazards of asbestos exposure.

20.     The foregoing deliberate, intentional and purposeful acts of the defendants were the direct and proximate cause of plaintiff's injuries and damages hereinafter described, and the plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

21.     Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

22.     That during, before and after plaintiff's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure to plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as plaintiff. And while defendants

each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

23.    The foregoing representations were material conditions precedent to plaintiff's continued exposure to asbestos-containing products and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

24.    As a direct and proximate result of the plaintiff's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FOR A SEVENTH CAUSE OF ACTION

25.    Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

26.    The defendants had a post-sale duty to warn, which duty was breached and, as a result, plaintiff suffered injury and damages as hereinafter described.

## DAMAGES

27.    As a result of the development of lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products, plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment and ultimately death.

28.    Plaintiff alleges that as a result of the aforesaid illnesses, decedent suffered lost wages, conscious pain and suffering, medical and hospital expenses, personal injuries, and trauma, suffered by decedent prior to his death, and funeral expenses and other compensatory damages, and is entitled to punitive damages in an amount to be determined by the trier of fact.   Plaintiff alleges entitlement to all damages allowed under the Survival Act, §15-5-90, S.C. Code of Laws.

29.    Plaintiff further alleges that as a result of the aforesaid death of decedent, decedent's beneficiaries have and will suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of use and comfort of decedent's society, all both past and future; and funeral expenses, all to the beneficiaries' actual damages, and further are entitled to punitive damages in an amount to be determined by the trier of fact. Plaintiff alleges entitlement to all damages allowed under the Wrongful Death Act, §15-51-10, S.C. Code of Laws.

WHEREFORE, plaintiff prays judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and costs of this action.

## FOR AN EIGHTH CAUSE OF ACTION
## (CONSORTIUM)

30.     Plaintiff repeats the allegations of the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action where relevant.

31.     As a direct and proximate result of the injuries and damages complained of herein with respect to decedent, and as a direct and proximate result of the acts and omissions of the defendants, plaintiff Sally J. Lansing has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband.

## DAMAGES

WHEREFORE, plaintiff Sally J. Lansing verily believes that she is entitled to actual damages against the defendants, jointly and severally, by reason of said loss of consortium and society, proximately caused by the fault of the defendants, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

MOTLEY RICE LLC

By: V. Brian Bevon
     V. Brian Bevon
     28 Bridgeside Blvd.
     PO Box 650001
     Mount Pleasant, SC 29465
     Ph: (843) 216-9090
     Fax: (843) 216-9530
     bbevon@motleyrice.com

ATTORNEYS FOR THE PLAINTIFF

December ___8___, 2010
Mount Pleasant, South Carolina

STATE OF SOUTH CAROLINA )
)
COUNTY OF CHARLESTON )
)
)
Sally J. Lansing, Individually and as Personal )
Representative of the Estate of William H. Lansing, Sr., )
Deceased, )
**Plaintiff(s)** )
)
)
**vs.** )
)
A.W. Chesterton Company, et al., )
_____ )
**Defendant(s)** )

IN THE COURT OF COMMON PLEAS

CIVIL ACTION COVERSHEET

10- CP -10-__16004___

| | |
|---|---|
| (Please Print) | SC Bar #: 065384 |
| Submitted By: V. BRIAN BEVON | Telephone #: 216-9090 |
| Address: MOTLEY RICE LLC | Fax #: 216-9430 |
| PO Box 650001 | Other: |
| MT. PLEASANT, SC 29465 | E-mail: bbevon@motleyrice.com |

**NOTE:** The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  *(Check all that apply)*
***If Action is Judgment/Settlement do not complete***

[X] **JURY TRIAL** demanded in complaint.    [ ] **NON-JURY TRIAL** demanded in complaint.
[ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR (certificate attached).

## NATURE OF ACTION  *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Assault/Slander/Libel (300) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Conversion (310) | [ ] Condemnation (410) |
| [ ] Employment (120) | [ ] Medical Malpractice (220) | [ ] Motor Vehicle Accident (320) | [ ] Foreclosure (420) |
| [ ] General (130) | [ ] Notice/ File Med Mal (230) | [ ] Premises Liability (330) | [ ] Mechanic's Lien (430) |
| [ ] Breach of Contract (140) | [ ] Other (299) | [ ] Products Liability (340) | [ ] Partition (440) |
| [ ] Other (199) | | [ ] Personal Injury (350) | [ ] Possession (450) |
| | | [X] Wrongful Death (360) | [ ] Building Code Violation (460) |
| | | [ ] Other (399) | [ ] Other (499) |

| **Inmate Petitions** | **Judgments/Settlements** | **Administrative Law/Relief** | **Appeals** |
|---|---|---|---|
| [ ] PCR (500) | [ ] Death Settlement (700) | [ ] Reinstate Driver's License (800) | [ ] Arbitration (900) |
| [ ] Sexual Predator (510) | [ ] Foreign Judgment (710) | [ ] Judicial Review (810) | [ ] Magistrate-Civil (910) |
| [ ] Mandamus (520) | [ ] Magistrate's Judgment (720) | [ ] Relief (820) | [ ] Magistrate-Criminal (920) |
| [ ] Habeas Corpus (530) | [ ] Minor Settlement (730) | [ ] Permanent Injunction (830) | [ ] Municipal (930) |
| [ ] Other (599) | [ ] Transcript Judgment (740) | [ ] Forfeiture (840) | [ ] Probate Court (940) |
| | [ ] Lis Pendens (750) | [ ] Other (899) | [ ] SCDOT (950) |
| | [ ] Other (799) | | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | | | [ ] Administrative Law Judge (980) |
| | | | [ ] Public Service Commission (990) |
| **Special/Complex /Other** | | | [ ] Employment Security Comm (991) |
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | | [ ] Other (999) |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | | |
| [ ] Medical (620) | [ ] Out-of-State Depositions (650) | | |
| [ ] Other (699) | | | |

Submitting Party Signature: V. B~ B~    Date: December 6, 2010

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
)
COUNTY OF CHARLESTON )    C/A No. 10-CP-10-_10004_
)
IN RE: )
ASBESTOS LITIGATION )
COORDINATED DOCKET )

SALLY J. LANSING, Individually and as )    Engineman (U.S. Navy);
Personal Representative of the Estate of )    Heavy Equipment Diesel Mechanic
WILLIAM H. LANSING, SR., Deceased, )    (CNSY); Lung Cancer
)
Plaintiff, )
)
v. )
)
A.W. CHESTERTON COMPANY )
AURORA PUMP COMPANY )
BAYER CROPSCIENCE, INC., as Successor in )
Interest to Amchem Products, Inc. )
BORG WARNER MORSE TEC, INC. as )    **SUMMONS**
Successor to Borg-Warner Corporation )
BUFFALO PUMPS, INC. )    Plaintiff Demands
CRANE CO. )    A Jury Trial
DANA CORPORATION LLC )
DRESSER-RAND GROUP, INC. Successor in )
Interest to Terry Steam turbine Company )
ELLIOTT COMPANY f/k/a Elliott )
Turbomachinery Company, Inc. )
FOSTER WHEELER ENERGY CORPORATION )
GENERAL ELECTRIC COMPANY )
HONEYWELL INTERNATIONAL, INC. f/k/a )
Allied-Signal, Inc., f/k/a Allied Corporation, )
Successor to Bendix Corporation )
INGERSOLL-RAND COMPANY )
MAREMONT CORPORATION )
MCNALLY INDUSTRIES, LLC Successor in )
Interest to Northern Pump Company )
METROPOLITAN LIFE INSURANCE COMPANY )
OWENS-ILLINOIS, INC. )
PNEUMO ABEX LLC, Successor in interest to )
Abex Corporation )
UNIROYAL, INC. )
YARWAY CORPORATION, )
)
Defendants. )
_____ )

2010 DEC -7  AM 8: 31
JULIE J. ARMSTRONG
CLERK OF COURT
FILED

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribed at their office at 28 Bridgeside Blvd., Mt. Pleasant, South Carolina, 29464, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, Plaintiff in this action will apply to the Court for the relief demanded in this Complaint.

V. Brian Bevon
Plaintiffs' Attorney

December ___6___,2010
Mount Pleasant, South Carolina

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | C/A No. 10-CP-10-_10004_ |
| | ) | |
| IN RE: | ) | |
| ASBESTOS LITIGATION | ) | |
| COORDINATED DOCKET | ) | |

| | | |
|---|---|---|
| SALLY J. LANSING, Individually and as | ) | Engineman (U.S. Navy); |
| Personal Representative of the Estate of | ) | Heavy Equipment Diesel Mechanic |
| WILLIAM H. LANSING, SR., Deceased, | ) | (CNSY); Lung Cancer |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY | ) | **COMPLAINT** |
| A Massachusetts Corporation | ) | |
| | ) | (Wrongful Death, Survival and |
| AURORA PUMP COMPANY | ) | Loss of Consortium) |
| A Delaware Corporation | ) | |
| | ) | Plaintiff Demands |
| BAYER CROPSCIENCE, INC., as Successor in | ) | A Jury Trial |
| Interest to Amchem Products, Inc. | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| BORG WARNER MORSE TEC, INC. as | ) | |
| Successor to Borg-Warner Corporation | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| BUFFALO PUMPS, INC. | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| CRANE CO. | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| DANA COMPANIES, LLC | ) | |
| A Virginia Corporation | ) | |
| | ) | |
| DRESSER-RAND GROUP, INC. Successor in | ) | |
| Interest to Terry Steam turbine Company | ) | |
| A Delaware Company | ) | |
| | ) | |
| ELLIOTT COMPANY f/k/a Elliott | ) | |
| Turbomachinery Company, Inc. | ) | |
| | ) | |

2010 DEC -7 AM 9: 31
JULIE J. ARMSTRONG
CLERK OF COURT

FOSTER WHEELER ENERGY CORPORATION )
A Delaware Corporation )
)
GENERAL ELECTRIC COMPANY )
A New York Corporation )
)
INGERSOLL-RAND COMPANY )
A New Jersey Corporation )
)
MAREMONT CORPORATION )
A Delaware Corporation )
)
MCNALLY INDUSTRIES, LLC Successor in )
   Interest to Northern Pump Company )
A Wisconsin Corporation )
)
METROPOLITAN LIFE INSURANCE COMPANY )
A New York Corporation )
)
OWENS-ILLINOIS, INC. )
A Delaware Corporation )
)
PNEUMO ABEX LLC, Successor in interest to )
   Abex Corporation )
A Delaware Corporation )
)
UNIROYAL, INC. )
A New Jersey Corporation )
)
YARWAY CORPORATION )
A Pennsylvania Corporation, )
)
            Defendants. )
_____ )
)

     Now comes the Plaintiff, **Sally J. Lansing,** Individually and as Personal Representative of
the Estate of **William H. Lansing, Sr.,** deceased, a citizen and resident of the State of South
Carolina, and duly appointed in Berkeley County, South Carolina, and sues the defendants on behalf
of herself as spouse and on behalf of the legal beneficiaries of the Estate, who are Sally J. Lansing,
Barbara Long, Deborah Olmo, William H. Lansing, Jr., Alan Lansing, and Donna Lopez, and alleges
as follows (as used hereinafter, plaintiff refers to the deceased and/or his representative):

## JURISDICTION

1.    That as is evidenced by the caption of the instant Complaint which is specifically incorporated herein, some of the defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long-Arm Statute. Each defendant mines, manufactures, processes, imports, converts, compounds and/or retails substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in South Carolina. The plaintiff was exposed to various asbestos-containing products while working in various locations in South Carolina. That certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina. That lung cancer is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to the plaintiff's contraction of his lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FIRST CAUSE OF ACTION

2.    Defendants, and each of them, are or at time relevant hereto, were miners, manufacturers, processors, importers, converters, compounders and/or retailers of asbestos and asbestos-related materials.

3.    The defendants, acting through their agents, servants, and/or employees cause, and have caused in the past, certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by the plaintiff.

4.    Plaintiff was an engineman in the United States Navy, and heavy equipment diesel mechanic at Charleston Naval Shipyard and other locations who, for a long period of time, worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, compounded and/or sold by the defendants, some of the exposure being within the State of South Carolina.

5.    During the course and scope of his employment, plaintiff was exposed to defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop an illness known and designated as lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

6.    The illness and disability and death of the plaintiff were the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.

7.    The illness, disability and death of the plaintiff were the direct and proximate result of the negligence, recklessness, and willfulness of the defendants, jointly and severally, in that, even

though the defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-related materials were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health, and the defendants nonetheless:

(a)     Failed to advise plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

(b)     Failed or omitted to provide the plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos materials to warn the enginemen and heavy equipment diesel mechanics thereof of the dangers to health in coming in contact with said asbestos and asbestos materials;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos materials;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they knew of the dangers and cancer-causing effects, and up until the present time;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to wit: asbestos;

At all times relevant, it was feasible for defendants to have warned plaintiffs, tested their asbestos products, designed safer asbestos products and/or substituted asbestos-free products.

As a result of the negligence, recklessness and willfulness, the plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

8.     Plaintiff repeats the allegations of the First Cause of Action where relevant.

9.     That subsequent to the time the defendants caused the asbestos products to be sold and placed in buildings and on jobsites, the defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using

buildings or on jobsites, but nevertheless, the defendants negligently and recklessly failed and refused to warn and advise the plaintiff of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing products even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the defendants have refused to provide that information to the plaintiff, despite the defendants' knowledge that their asbestos has contaminated the plaintiff's buildings and jobsites.

10.    The plaintiff has furthermore suffered continuing and lingering injury to himself due to the defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, cause repeated and continuing injury to plaintiff.

11.    That as a proximate result of the aforesaid acts of the defendants, and the continued presence of asbestos products in buildings and on jobsites, the plaintiff has been damaged as herein set forth.

## FOR A THIRD CAUSE OF ACTION

12.    Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

13.    The defendants, and each of them, impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

14.    The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous and deleterious matter was given off into the atmosphere wherein the plaintiff carried out his duties as engineman and heavy equipment diesel mechanic, working with asbestos and asbestos-related materials.

15.    As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to-wit: lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FOURTH CAUSE OF ACTION

16.    Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

17.    Plaintiff further alleges that at the time the defendants, and each of them, sold and/or delivered the aforesaid asbestos and asbestos-related products and at the time said products were used by plaintiff in the manner and environment intended, they were in a defective condition

and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to plaintiff's body.

The above was the proximate cause of the severe damages sustained by the plaintiff as hereinafter set forth.

## FOR A FIFTH CAUSE OF ACTION

18. Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

19. That at various times from 1929 to the filing of this law suit, defendants had actual knowledge of the dangers to plaintiff of asbestos exposure, nevertheless, defendants deliberately, intentionally and purposefully withheld such information from plaintiff, thus denying plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants' intentional acts being as follows:

(a) Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b) Never issued recall-type letters or notices to prior users;

(c) Frustrated the publication of articles on the asbestos health hazards in the literature;

(d) Top management officials of defendants rejected advice of other corporate officials to warn of the hazards of their asbestos products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

(e) Intentional inadequacy and delay of use of warnings on asbestos products;

(f) Failed to advise plaintiff of medical findings known to defendants concerning the dangers of asbestos exposure;

(g) Suppressed the dissemination of information to plaintiff concerning the hazards of asbestos exposure.

20. The foregoing deliberate, intentional and purposeful acts of the defendants were the direct and proximate cause of plaintiff's injuries and damages hereinafter described, and the plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

21. Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

22.     That during, before and after plaintiff's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure to plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as plaintiff.  And while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

23.     The foregoing representations were material conditions precedent to plaintiff's continued exposure to asbestos-containing products and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products.  Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

24.     As a direct and proximate result of the plaintiff's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FOR A SEVENTH CAUSE OF ACTION

25.     Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

26.     The defendants had a post-sale duty to warn, which duty was breached and, as a result, plaintiff suffered injury and damages as hereinafter described.

## DAMAGES

27.     As a result of the development of lung cancer and other industrial dust diseases caused by breathing defendants' asbestos-containing products, plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment and ultimately death.

28.     Plaintiff alleges that as a result of the aforesaid illnesses, decedent suffered lost wages, conscious pain and suffering, medical and hospital expenses, personal injuries, and trauma, suffered by decedent prior to his death, and funeral expenses and other compensatory damages, and is entitled to punitive damages in an amount to be determined by the trier of fact.   Plaintiff alleges entitlement to all damages allowed under the Survival Act, §15-5-90, S.C. Code of Laws.

29.     Plaintiff further alleges that as a result of the aforesaid death of decedent, decedent's beneficiaries have and will suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of use and comfort of decedent's society, all both past and future; and funeral expenses, all to the beneficiaries' actual damages, and further are entitled to punitive damages in an amount to be determined by the trier of fact.  Plaintiff alleges entitlement to all damages allowed under the Wrongful Death Act, §15-51-10, S.C. Code of Laws.

WHEREFORE, plaintiff prays judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and costs of this action.

## FOR AN EIGHTH CAUSE OF ACTION
### (CONSORTIUM)

30.    Plaintiff repeats the allegations of the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action where relevant.

31.    As a direct and proximate result of the injuries and damages complained of herein with respect to decedent, and as a direct and proximate result of the acts and omissions of the defendants, plaintiff Sally J. Lansing has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband.

## DAMAGES

WHEREFORE, plaintiff Sally J. Lansing verily believes that she is entitled to actual damages against the defendants, jointly and severally, by reason of said loss of consortium and society, proximately caused by the fault of the defendants, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.


MOTLEY RICE LLC


By:  V. B. B.
     V. Brian Bevon
     28 Bridgeside Blvd.
     PO Box 650001
     Mount Pleasant, SC 29465
     ((843) 216-9090
     bbevon@motleyrice.com

ATTORNEYS FOR THE PLAINTIFF


December ___, 2010
Mount Pleasant, South Carolina