

| Query | Reports ▾ | Utilities ▾ | Logout |

JURYDEMAND

# U.S. District Court
## United States District Court for the Western District of Washington (Tacoma)
## CIVIL DOCKET FOR CASE #: 3:11-cv-05045-RBL

Arbuthnot v. Lockheed Shipbuilding Company  
Assigned to: Judge Ronald B. Leighton  
Case in other court: Pierce County Superior Court, 10-00002-15885-1  
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/14/2011  
Jury Demand: Defendant  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**Judy Lee Arbuthnot**     represented by   **Vanessa Firnhaber-Baker**  
BERGMAN DRAPER & FROCKT  
614 FIRST AVENUE  
THIRD FLOOR  
SEATTLE, WA 98104  
206-957-9536  
Email: vanessa@bergmanlegal.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lockheed Shipbuilding Company**     represented by   **Robert Gregory Andre**  
OGDEN MURPHY WALLACE PLLC  
1601 FIFTH AVE  
STE 2100  
SEATTLE, WA 98101-1686  
206-447-7000

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JUDY LEE ARBUTHNOT,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED SHIPBUILDING COMPANY,<br><br>Defendant. | NO.<br><br>DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE OF REMOVAL OF ACTION<br><br>[Pierce County Superior Court Cause No. 10-2-15885-1] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:

PLEASE TAKE NOTICE that defendant Lockheed Shipbuilding Company ("Lockheed Shipbuilding"), by and through its undersigned counsel of record, removes the above-entitled action from the Superior Court of the State of Washington, in and for the County of Pierce, to this Court, pursuant to Title 28, United States Code, sections 1332 and 1446.

This action is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332 because the plaintiff and the defendant are citizens of different states and Lockheed Shipbuilding has a good faith belief that plaintiff seeks damages in an amount greater than this Court's jurisdictional amount.

The grounds for removal are as follows:

APR848700.DOCX;1\12060.000026\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL OF ACTION - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1. On December 14, 2010, plaintiff filed a civil action in the Superior Court of the State of Washington in and for the County of Pierce, entitled *Judy Lee Arbuthnot v. Lockheed Shipbuilding Co.*, Case No. 10-2-15885-1. (*See* André Decl.,[1] Ex. D.) Plaintiff served the summons and complaint on Lockheed Shipbuilding on December 15, 2010. (*See id.*, Ex. F.)

2. Plaintiffs' Complaint claims that Lockheed Shipbuilding is liable for alleged asbestos-related injuries to plaintiff, on theories of negligence and premises liability, based on exposure to asbestos, and perhaps other grounds. (*See id.*, Ex. D at pp. 2-3.) The complaint is a form document, which plaintiff's attorneys have used in substantially similar form to file suit against Lockheed Shipbuilding many times previously, for damages allegedly caused by exposure to asbestos on Lockheed Shipbuilding's premises. (*See id.*, ¶ 24.)

3. Plaintiff's complaint represents that plaintiff currently resides in Yakima, Washington. (*See id.*, Ex. D at p. 2.)

4. Lockheed Shipbuilding is a non-operational shell corporate entity and a wholly owned subsidiary of Lockheed Martin Corporation. (*See id.*, Ex. S at ¶ 2.) Lockheed Martin Corporation is headquartered in Bethesda, Maryland. (*See id.*, Exs. T, U.)

5. Plaintiff alleges in the complaint that she is entitled to compensatory damages from Lockheed Shipbuilding in an unspecified amount. (*See id.*, Ex. D at p. 4.) Lockheed Shipbuilding believes that plaintiff will seek damages from Lockheed Shipbuilding in excess of seventy-five thousand dollars ($75,000.00). This belief is based on the many previous actions plaintiff's attorneys have filed against Lockheed Shipbuilding, based on similar allegations, in which plaintiff's attorneys have demanded settlement in amounts far exceeding seventy-five thousand dollars ($75,000.00). (*See id.*, ¶ 24.)

6. Lockheed Shipbuilding is therefore filing this Notice of Removal within thirty (30) days after receipt of "an amended pleading, motion, order or other paper from which it may

---

[1] The Declaration of Robert G. André in Support of Defendant Lockheed Shipbuilding Company's Notice of Removal ("André Decl.") is filed herewith.

APR848700.DOCX;1\12060.000026\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL OF ACTION - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

first be ascertained that the case is one which is or has become removable," as required by 28 U.S.C. § 1446(b).

7. Because Lockheed Shipbuilding is the only defendant, consent of co-defendants is not at issue.

8. Written notice of the filing of this Notice of Removal will be given to plaintiff and to the other defendants in this action, together with a copy of the Notice of Removal to plaintiff and supporting papers with the Superior Court of Washington, County of Pierce, as required by 28 U.S.C. § 1446(d).

9. Further, by separate notice, Lockheed Shipbuilding is requesting that this case be added as a tag-along case to the Multi-District Litigation No. 875 (*In re Asbestos Cases*) in the United States District Court, Eastern District of Pennsylvania.

10. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

WHEREFORE, Lockheed Shipbuilding hereby removes this action to this Court.

DATED this 14th day of January, 2011.

OGDEN MURPHY WALLACE, P.L.L.C.

By /s/ Robert G. André
Robert G. André, WSBA #13072
Aaron P. Riensche, WSBA #37202
Attorneys for Defendant
Lockheed Shipbuilding Company

APR848700.DOCX;1\12060.000026\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL OF ACTION - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## CERTIFICATE OF SERVICE

I certify under the laws of the United States of America that on the 14th day of January, 2011, I filed this document through CM/ECF, causing a true and correct copy of the foregoing to be electronically served upon the following:

| Counsel for Plaintiff | |
|---|---|
| Vanessa J. Firnhaber-Baker<br>Bergman Draper & Frockt<br>614 First Avenue<br>Third Floor<br>Seattle, Washington 98104 | |

DATED this 14th day of January, 2011.

/s/ Robert G. André
Robert G. André, WSBA No. 13072

APR848700.DOCX;1\12060.000026\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL OF ACTION - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

December 14 2010 10:43 AM

KEVIN STOCK
COUNTY CLERK
NO: 10-2-15885-1

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

| | |
|---|---|
| JUDY LEE ARBUTHNOT, | NO. |
| Plaintiff, | COMPLAINT FOR PERSONAL INJURIES |
| v. | |
| LOCKHEED SHIPBUILDING COMPANY, | |
| Defendant. | |

### I. PARTIES

Plaintiff Judy Lee Arbuthnot, resides in Yakima, Washington.

Defendant and/or its predecessors-in-interest are corporations who, at all times relevant herein, manufactured, sold or distributed asbestos-containing products or products that were used in conjunction with asbestos.

### II. JURISDICTION

This Court has jurisdiction over this cause pursuant to RCW 4.12.025 because, at all times relevant herein, defendant transacted business and/or may be served with process in Pierce County, Washington.

COMPLAINT FOR PERSONAL INJURIES- 1
s:\clients\a\arbuthnot. judy lee\arbuthnotj_pleadings_pierce\arbuthnotj_pld_complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

### III. FACTS

Plaintiff Judy Lee Arbuthnot (DOB: May 14, 1941; SSN: ***-**-9970) was exposed to asbestos and asbestos-containing products which had been mined, manufactured, produced, and/or placed into the stream of commerce by the defendant and/or was exposed to asbestos through the use of products manufactured by defendant. As a direct and proximate result of this exposure, plaintiff Judy Lee Arbuthnot developed mesothelioma. Plaintiff provides the following information:

| | | |
|---|---|---|
| A. | Specific Disease: | Mesothelioma |
| B. | Date of Diagnosis: | April 2010 |
| C. | Military: | N/A |
| D. | Occupation: | Clerk; Typist; Meat Wrapper |
| E. | Places of Exposure: | Husband worked as an insulator at numerous job sites. |
| F. | Dates of Exposure: | Late 1950s to early 1960s |
| G. | Current Address: | 451 Pence Road, #37<br>Yakima, WA 98902 |

### IV. LIABILITY

Plaintiff claims liability based upon the theories of product liability (RCW 7.72 et. seq.); negligence; conspiracy; spoliation; willful or wanton misconduct; strict product liability under Section 402B of the Restatement of Torts; premises liability; breach of warranty; (RCW 62A); enterprise liability; market-share liability and/or market share alternate liability; and any other applicable theory of liability. The liability-creating conduct of defendant consisted, inter alia, of negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure

COMPLAINT FOR PERSONAL INJURIES- 2
s:\clients\a\arbuthnot, judy lee\arbuthnotj_pleadings_pierce\arbuthnotj_pld_complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

to substitute safe products; marketing or installing unreasonably dangerous or extra-hazardous and/or defective products; marketing or installing products not reasonably safe as designed; marketing or installing products not reasonably safe for lack of adequate warning and marketing or installing products with misrepresentations of product safety.

With respect to any defendant that is a manufacturer of products or equipment aboard naval or other U.S. government vessels, plaintiff claims liability, strictly based on state tort law, arising from the defendant's failure to provide adequate warnings of their products' dangerous propensities and negligence. Plaintiff expressly disclaims and is not seeking relief for any and all claims for injury against any defendant whose conduct, whether by omission or commission, was engaged in at the behest of the United States or any agency or person acting under him or under color of such office to the extent such a claim would implicate federal court jurisdiction under the federal officer removal statute, 28 U.S.C. §1442(a)(1), predicated on the government contractor's defense articulated in Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Most specifically with respect to Plaintiffs' state tort law failure-to-warn claims, Plaintiffs allege that no U.S. agency, officer, or person prohibited or forbid any defendant in this case from issuing and placing warnings on or with its products. Such a showing is mandatory for any defendant to meet the Boyle test. All such claims that legitimately implicate such a defense, in the unlikely event that they exist and are factually supported, are not asserted and are hereby expressly and preemptively disclaimed. Plaintiffs hereby put any defendant who may nonetheless assert such a defense as a basis for federal jurisdiction over this case that Plaintiff seeks no recovery for injuries sustained as a result of conduct that meets the three-prong Boyle test and constitutes actions of a federal officer sufficient to trigger jurisdiction under 28 U.S.C. §1442(a)(1). Plaintiff specifically advises all defendants of its position that such express, clear,

COMPLAINT FOR PERSONAL INJURIES- 3
s:\clients\a\arbuthnot. judy lee\arbuthnotj_pleadings_pierce\arbuthnotj_pld_complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

Case MDL No. 875 Document 6604-1 Filed 01/18/11 Page 9 of 9
Case 3:11-cv-05045-RBL Document 1 Filed 01/14/11 Page 8 of 8

and unequivocal disclaiming of claims implicating the substantive Boyle defense, as well as any other claims that legitimately implicate 28 U.S.C. §1442(a)(1), render any potential future removal of this case to federal court on one of these clearly-disclaimed bases objectively unreasonable under Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).

## V.  DAMAGES

As a proximate result of defendant's negligence and/or product liability, plaintiff Judy Lee Arbuthnot sustained pain, suffering and disability in an amount not now known, but which will be proven at trial. Plaintiff Judy Lee Arbuthnot also sustained medical expenses, economic losses in an amount to be proven at trial. Plaintiff Judy Lee Arbuthnot's children has sustained loss of parental-child relationship as a result of Judy Lee Arbuthnot's illness.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

1. For general and special damages specified above, including pain, suffering, loss of parental-child relationship, and disability;

2. For medical and related expenses economic loss, all of which will be proven at the time of trial;

3. For plaintiff's costs and disbursements herein;

4. For prejudgment interest in the amount to be proven at trial; and

5. For such other relief as the Court deems just.

DATED this 14th day of December, 2010.

BERGMAN DRAPER & FROCKT, PLLC

By _____
Glenn S. Draper, WSBA #24419
Benjamin R. Couture, WSBA #39304
Attorneys for Plaintiff

COMPLAINT FOR PERSONAL INJURIES- 4
s:\clients\a\arbuthnot, judy lee\arbuthnot\_pleadings\_pierce\arbuthnotj\_pld\_complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549