IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| ROBERT ALLEN AND MARGARET FLORA HARRIS | : : : | |
| v. | : : | Transferred from the District of Maryland |
| OWENS-ILLINOIS, INC. | : : : : : : | (Case No. 87-03161) E.D. PA Case No. 07-61699 |

FILED
JAN 19 2011
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **14th** day of **January, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions.

e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket. The only remaining Defendants in this case to proceed to trial are:

1

      i.   Owens-Illinois, Inc.

All proceedings against Bankrupt defendants are stayed.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court of Maryland for the resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                                                    FILED

IN RE: ASBESTOS PRODUCTS      :  Consolidated Under    JAN 19 2011
LIABILITY LITIGATION (No. VI) :  MDL DOCKET NO. 875
                              :                     MICHAEL E. KUNZ, Clerk
                              :                     By_____Dep. Clerk
THREA AND HENRY ODOM          :
                              :  Transferred from the Northern
                              :  District of Florida
    v.                        :  (Case No. 05-00273)
                              :
ALLIS-CHALMERS PUMPS, INC.    :  E.D. PA Case No.  09-69594
ET AL.                        :
                              :
```

### SUGGESTION OF REMAND

**AND NOW**, this **14th** day of **January, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

   a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

   b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

   c.) All discovery has been completed.

   d.) The Court has adjudicated all outstanding motions.

   e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket. The only remaining viable Defendants in this case to proceed to trial are:

   i.  A.W. Chesterton Company

1

   ii. Daniel International Corporation

  Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Northern District of Florida for resolution of all matters pending within this case except punitive damages.[1]

  Alternatively, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

        **AND IT IS SO ORDERED.**

                /s/ Eduardo C. Robreno
                EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| JESSIE MARLENE ODOM WARD as Personal Representative for the Estate of EVERETTE L. ODOM | : : : : : | |
| v. | : : : : | Transferred from the Northern District of Florida (Case No. 09-00247) |
| A.W. CHESTERTON COMPANY, DANIEL INTERNATIONAL CORPORATION and | : : : | E.D. PA Case No. 09-80030 |

FILED
JAN 19 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **14th** day of **January, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

  a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

  b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

  c.) All discovery has been completed.

  d.) The Court has adjudicated all outstanding motions.

  e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket. The only remaining Defendants in this case to proceed to trial are:

1

      i. A.W. Chesterton Company

      ii. Daniel International Corporation

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Northern District of Florida resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).