BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:   ASBESTOS PRODUCTS <br> LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cathy Ann Baxley, Individually and as Personal Representative of the Estate of Jimmie Williams, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCE AUTO PARTS, INC. Corporate Successor to WESTERN AUTO PARTS, INC., et al. <br><br> Defendants. | Civil Action  No.: 09-cv-2985 |

## MOTION TO VACATE THE CONDITIONAL ORDER

Plaintiff, pursuant to Rules 5.2, 5.12, 7.2 and 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, move the Panel to vacate the Conditional Transfer Order entered on September 19, 2008 in this matter.

1. The grounds for this Motion are set forth in the accompanying Memorandum in Support of Motion to Vacate Conditional Transfer Order, and are incorporated herein.

2. Plaintiff brought this action in state court, asserting solely common law products liability claims

3. One Defendant removed the case, asserting that federal jurisdiction was justified

due to the "federal contractor defense" under 28 U.S.C. § 1442.

4. Plaintiff timely filed a Motion to Remand raising numerous procedural and jurisdictional bars to federal jurisdiction in this case.

5. Plaintiff requests that the Panel vacate the conditional transfer order, without prejudice, until the transferor court rules upon the motion to remand. In practice, MDL-875 does not consider jurisdictional motions before requiring plaintiffs to undergo the procedures of that Court. As a result, transfer to MDL-875 prior to determination of jurisdiction by the United States District Court for the District of South Carolina will result in Plaintiff being forced to proceed through the maze of the MDL, only to eventually have the case remanded to the transferor court for determination of whether jurisdiction exists.

6. Transferring this action to the MDL-875 is unjust, contrary to the interests of judicial economy, and totally avoidable.

WHEREFORE, Plaintiff requests that the Court vacate Conditional Transfer Order 350 as applicable to this action, without prejudice, until the question of federal jurisdiction is resolved by the United States District Court of the District of South Carolina.

                                      Respectfully Submitted,

                                      Maune Raichle Hartley French & Mudd, LLC

                                      By: s/Christian H. Hartley
                                      Christian H. Hartley
                                      Federal Bar Number:
                                      P.O. Box 2492
                                      Mt. Pleasant, SC 29465
                                      (843) 388-1330

                                      Attorneys for Plaintiff

Mt. Pleasant, South Carolina
January 20, 2011

**REQUEST FOR HEARING**

Plaintiff respectfully request a hearing on this motion.

_s/ Christian H. Hartley_____<br>
Christian H. Hartley

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this <u>20th</u> day of <u>January 2011</u>.

_s/ Christian H. Hartley_____<br>
Christian H. Hartley