BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:   ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | §<br>§<br>§   MDL DOCKET NO. 875<br>§ |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cathy Ann Baxley, Individually and as<br>Personal Representative of the Estate of<br>Jimmie Williams,<br><br>            Plaintiff,<br><br>   v.<br><br>ADVANCE AUTO PARTS, INC.<br>Corporate Successor to WESTERN AUTO<br>PARTS, INC., et al.<br><br>            Defendants. | Civil Action No.: 3:10-cv-2985 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**
**(Request for Hearing)**

Plaintiff, pursuant to Rules 5.2, 5.12, 7.2 and 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, file this Memorandum in Support of their Motion to Vacate the Conditional Transfer Order entered on December 30, 2010 in this matter. The grounds for this Motion and Memorandum are as follows:

**I. PROCEDURAL HISTORY**

Mr. Williams died from mesothelioma on September 8, 2008. Plaintiff originally filed this action in the Court of Common Pleas in Richland County in the State of South Carolina on November 24, 2009. On November 2, 2010, this matter was scheduled for trial for the trial

week of January 24, 2011 pursuant to the supplemental asbestos trial docket order issued by The Honorable J. Garrison Hill, Administrative Judge for asbestos litigation in the Circuit Courts for the State of South Carolina. On November 16, 2010, Defendant Reliance Electric Company removed the case to federal court asserting federal jurisdiction based on a federal contractor defense pursuant to 28 U.S.C. § 1442.

On November 30, 2010, Plaintiff timely filed a Motion to Remand the case to State Court. The Motion to Remand raised numerous independently dispositive reasons why removal was improper and why federal jurisdiction was not present.[1] *See* Exhibit A.

## II.  ARGUMENT

### A. The Supreme Court Mandates that Federal Jurisdiction be Established as a Threshold matter

A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. *University o/South Alabama v. American Tobacco Co.* 168 F.3d 405,410 (11th Cir. 1999); *see also Kirkland v. Midland Mortg. Co.,* 243 F.3d 1277, 1279 (11th Cir. 2001). The United States Supreme Court has made it clear that federal courts must determine their jurisdiction at the very outset, and that "without jurisdiction the court cannot proceed *at all* in any cause." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998)(emphasis added). In *Steel Co. v. Citizens for a Better Environment,* the Supreme Court roundly rejected the so-called "doctrine of hypothetical jurisdiction" by which several circuits allowed federal courts to "assume" jurisdiction for the purpose of deciding certain questions on the merits. 523 U.S. at 94, 118 S.Ct.

---

[1] Plaintiff attaches only the Motion, and not the accompanying Memorandum or Exhibits unless requested by Panel.

at 1012. The Supreme Court protested that the failure to determine their jurisdiction at the very outset "carried [federal] courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." The Court noted that "[t]his conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases." *Id.*

The Supreme Court's command is clear: "without jurisdiction the court cannot proceed *at all* in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." rd. (emphasis added). The Court made it clear that there are no exceptions to this rule: "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." 523 U.S. at 94-95, 118 S. Ct. at 112 (quoting *Mansfield,* C. & *L.MR. Co.* v. *Swan,* 111 U.S. 379,382,4 S.Ct. 510, 511, (1884).

B. <u>The Reality of MDL-875</u>

The unique circumstances of MDL-875 have created a situation where a transfer of this case –with a motion to remand pending in the U.S. District Court for the District of South Carolina – would inconvenience the parties, and would impede any just and efficient conduct of this action. A transfer will strip the local District Court of its ability to rule on remand, and MDL-875 in the Eastern District of Pennsylvania, quite simply, does not rule on motions to remand cases to state courts. The result would be a substantial and unnecessary delay to the ultimate resolution of this case by forcing aside the unresolved question of federal jurisdiction until the case returns to the local District Court from MDL-875. Until the question of federal jurisdiction is resolved, the case cannot be decided on its merits by any court. *See Steel Co.* 523 U.S. at 94, 118 Sup. Ct. at 1012.

Transfer of this case-if federal jurisdiction is, in fact, absent-would not promote a just, speedy and inexpensive determination of the action, nor would it eliminate the potential for conflicting contemporaneous pretrial rulings. Despite the commendable efforts of the Transferee Court, MDL-875 still contains thousands of unresolved cases to be handled by a single judge. *See, e.g., Statistical Analysis of Multidistrict Litigation 2007* (Jud.Pan.Mult.Lit. 2007); *In re Asbestos Products Liability Litigation (No. VI),* 2007 WL 2372400 (E.D.Pa. 2007). Federal courts have recognized that Defendants in asbestos cases have sought to exploit the substantial backlog of MDL-875 cases. As described by then-Chief Judge Hornby of the United States District Court for the District of Maine:

> If these claims return to state court they will proceed to resolution. If they remain in federal court they will encounter significant delay upon their transfer through the panel on multidistrict litigation to the Eastern District of Pennsylvania where no asbestos trials or discovery takes place in deference to global settlement efforts. This delay is of economic benefit to the defendants and imposes costs on the plaintiffs.

*In re Maine Asbestos Cases,* 44 F.Supp.2d 368, 374 n.2 (D.Me. 1999). As further observed by Chief Judge Mills of the United States District Court for the Northern District of Mississippi:

> The court is also aware that asbestos removal litigation, as it has developed in this state, generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multidistrict litigation (MDL) court, where the case generally languishes for a protracted period of time. While the desire of the defendants to reach the comparative safety of an MDL court is understandable, their repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among the federal courts regarding the validity of most asbestos removals.

*Rosamond v. Garlock Sealing Technologies,* 2004 WL 943924, *4 (N.D.Miss., April 5, 2004). Baseless removal of a case to federal court, and subsequent transfer to MDL-875, creates substantial delays and economic costs for plaintiffs, and certainly does not facilitate the just, speedy and inexpensive determination of the action.

**C.     28 U.S.C. § 1407**

If the Panel transfers this case to MDL-875, the purposes of 28 U.S.C. § 1407 will be frustrated, and Plaintiff will be denied a just and efficient resolution to this action. Accordingly, before transferring this case to MDL-875, the Panel should determine whether Plaintiff is reasonably likely to succeed on the pending motion to remand. If success is reasonably likely, the purposes of Section 1407 instruct the Panel to stay transfer pending a ruling on remand by the transferor court.

> Section 1407(a) provides:
>
> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination *that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.*

28 U.S.C. § 1407(a) (emphasis added). The basic purpose underlying the enactment of 28 U.S.C. § 1407 was to secure, in multi-district civil litigation as in all other civil litigation, the "just, speedy and inexpensive determination of every action." *In re Nat. Student Mktg. Litig.,* 368 F.Supp. 1311, 1316 (Jud.Pan.Mult.Lit. 1972). According to this Court, the statute's "remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases,* 298 F.Supp. 484, 491- 92 (Jud.Pan.Mult.Lit. 1968).

The statute requires the Panel to "weigh the interests of all parties and to consider multidistrict litigation as a whole in light of the purposes of Section 1407." *In re Stirling Homex Corp. Sec. Litig.,* 442 F.supp. 547, 550 (Jud.Pan.Mult.Lit. 1977). The Panel is afforded "broad discretion" to carry out its functions, *In re Wilson,* 451 F.3d 161, 173 (3d Cir. 2006), but such discretion is abused by the Panel's failure to exercise it in furtherance of Section 1407's above-

mentioned purposes. *See Ray* v. *Robinson,* 640 F.2d 474,478 (3d Cir. 1981) ("If a district court fails to exercise its discretion, that is itself an abuse of discretion."). An assessment of the merits of the notice of removal and a pending motion to remand allows the Panel to effectively exercise its discretion to determine if a transfer will encourage a just, speedy and inexpensive determination.

Besides thwarting the speed and efficiency goals of Section 1407, transfer of this case, without a stay pending a ruling on remand, would not further Section 1407's purpose of promoting uniformity in pretrial rulings. Simply put, MDL-875 does not rule on motions to remand to state court. This court has ruled that transferring a case with a motion to remand pending is appropriate because the transferee court can rule on remand. *See In re Vioxx Products Liability Litig.,* 360 F.Supp.2d 1352, 1354 (Jud.Pan.Mult.Lit. *2005); In re Prudential Ins. Co. of America Sales Practices Litig.,* 170 F.Supp.2d 1346, 1347 (Jud.Pan.Mult.Lit. 2001). However, the rationale underlying those decisions – that the transferee court can rule on remand – does not apply in this case.

Judge Giles has instituted prudent measures to help cases in MDL-875 settle (and the volume of settled cases proves their expediency) but rulings on remand to state courts do not occur as a matter of practice. Indeed, if the transferee court never rules on motions to remand to state courts, consistency in such rulings by the transferee court is necessarily impossible; conflicting rules are not prevented because rulings on remand to state court are left to the transferor courts following cases' return from MDL-875. Uniformity in other pretrial rulings may follow from MDL-875 practices, but transferring cases with motions to remand pending does not further this purpose of Section 1407 any more than does transfer following a ruling on remand.

Staying transfer until a transferor court rules on a pending motion to remand would not risk any additional judicial resources beyond those that would be needed if transfer is granted.

Indeed, allowing a ruling on remand before transfer would potentially preserve significant judicial resources, as well as resources of the parties to the litigation. Should remand to state court be ordered, the federal courts will save the additional resources that would be expended by inclusion of this case in MDL-875. Besides efficiency considerations, principles of comity support staying transfer of any action that has an important motion under submission with a court. *In re L. E. Lay & Co. Antitrust Litigation,* 391 F.Supp. 1054, 1056 (Jud.Pan.Mult.Lit. 1975); *see also In re Plumbing Fixture Cases,* 298 F.Supp. at 496 ("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts (and Courts of Appeals if any are involved) to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel."). Moreover, in the instant case, "federalism concerns tip the scales in favor of initially ruling on the motion to remand." *Allen* v. *Ferguson,* 791 F.2d 611,616 (7th Cir. 1986).

   D.   **Due Process**

In addition to requirements imposed by Section 1407, transfer of the instant case violates Plaintiffs right to Due Process under the Fifth Amendment to the United States Constitution. "[R]equirements of due process are not reducible to a static formula, but rather are sensitive to the facts and circumstances of a given case." *Rogal* v. *American Broadcasting Companies, Inc.,* 74 F.3d 40, 44 (3d Cir. 1996) (internal citation omitted). Further, "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner," before one is deprived of life, liberty, or property. *Id.* In this case, Plaintiffs right to have this action decided on its merits by a court of competent jurisdiction (and to receive corresponding

due compensation and damages) will be effectively restricted by a transfer of this case prior to a ruling on the pending motion to remand. "The determination of the appropriate form of procedural protection requires an evaluation of all the circumstances and an accommodation of competing interests. The individual's right to fairness must be respected as must the court's need to act quickly and decisively." *Id.* (internal citation omitted). Here, Plaintiffs right to fairness requires that this case not be transferred to MDL-875 if federal jurisdiction does not exist; allowing this case to be transferred based on a potentially baseless, tactically-motivated removal infringes on Plaintiffs right. Allowing a ruling on remand prior to transfer does not limit any court's ability to act quickly and decisively. The Panel can stay transfer for a short period of time to allow a ruling on remand, and transfer the case at such a point if federal jurisdiction is found to exist. Such a stay would actually *protect* the ability of the local District Court to act decisively on the motion to remand. As such, due process requires a stay until the United States District Court for the District of South Carolina rules on the pending motion to remand.

### E.  Conclusion

For the foregoing reason, the Court should stay transfer of this case to MDL-875 until the United States District Court for the District of South Carolina rules on the pending motion for remand.

**(Signature to Follow)**

Respectfully Submitted,

Maune Raichle Hartley French & Mudd, LLC


By:_s/Christian H. Hartley_____
Christian H.  Hartley
Federal Bar Number:
P.O. Box 2492
Mt. Pleasant, SC 29465
(843) 388-1330

Attorneys for Plaintiff


Mt. Pleasant, South Carolina
January 20, 2011


### REQUEST FOR HEARING

Plaintiff respectfully request a hearing on this motion.

_s/ Christian H. Hartley_____
Christian H. Hartley


### CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 20th day of January 2011.

_s/ Christian H. Hartley_____
Christian H. Hartley