IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CATHY ANN BAXLEY, Individually and as Personal Representative of the Estate of Jimmie Williams, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No.: 3:10-cv-2985-ABS ) |
| ADVANCE AUTO PARTS, INC. Corporate Successor to WESTERN AUTO PARTS, INC. A Delaware Corporation | ) ) ) ) ) |
| ET AL. | ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S NOTICE AND MOTION TO REMAND**

PLEASE TAKE NOTICE that Plaintiff, Cathy Ann Baxley, by her undersigned attorneys, pursuant to 28 U.S.C. § 1447(c), files this notice and motion for remand. The grounds therefore, which are more fully set forth in the accompanying Memorandum In Support of Motion for Remand, are as follows:

1.  On November 16, 2010, Defendant Reliance Electric Company (hereinafter "Reliance" or "Defendant") filed a Notice of Removal of this case asserting as grounds for removal the federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446.

2.  The Notice of Removal substantively fails to support removal of this action based upon federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). The Notice is facially deficient because it a) fails to demonstrate that the Removing Defendant acted under the direction of a federal officer in failing to warn of the hazards of asbestos in its motors and related

1

equipment aboard Navy vessels; b) fails to demonstrate that Removing Defendant has a colorable federal defense to Plaintiff's failure to warn products liability clams; and c) fails to show a casual nexus between Plaintiff's failure to warn products liability claims and the Removing Defendant's actions, or in this case, inactions under the color of federal office.

3. Accordingly, it is impossible for the Removing Defendant to sustain continued federal jurisdiction over this matter, as the resolution of Plaintiff's claims does not require resolution of a question of federal law.

4. Pursuant to 28 U.S.C. § 1446,, Removing Defendant failed to file its Notice of Removal within thirty-days from when Removing Defendant should have ascertained that the case may be removable.

5. Pursuant to 28 U.S.C. § 1447(c), Plaintiff seeks payment of just costs, actual expenses and attorney fees.

WHEREFORE, Plaintiff, Cathy Ann Baxley, individually and as Personal Representative of the Estate of Jimmie Williams, respectfully requests that the Court grant her Motion to Remand, and Remand this case to the Circuit Court in and for Richland County, South Carolina for further proceedings.

Respectfully Submitted,

 /s/ Christian H. Hartley
Christian H. Hartley, Fed. Bar #: 6250
Travis D. Hilka, Fed. Bar #: 10280
P.O. Box 2492
Mt. Pleasant, SC
(843) 388-1330 - Office
(803) 753-9931 - Facsimile

*ATTORNEYS FOR PLAINTIFFS*

2

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 30th day of November, 2010.

                                     /s/ Christian H. Hartley
                                    Christian H. Hartley, Fed. Bar #: 6250
                                    P.O. Box 2492
                                    Mt. Pleasant, SC
                                    (843) 388-1330 - Office
                                    (803) 753-9931 - Facsimile

                                    *ATTORNEYS FOR PLAINTIFFS*