# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:10-cv-04440-MVL-DEK
## Internal Use Only

| | |
|---|---|
| Jefferson et al v. American Sugar Refining, Inc. et al | Date Filed: 12/01/2010 |
| Assigned to: Judge Mary Ann Vial Lemmon | Jury Demand: Defendant |
| Referred to: Magistrate Judge Daniel E. Knowles, III | Nature of Suit: 340 Marine |
| Case in other court: Civil District Court for the Parish of Orleans, 07-14804 | Jurisdiction: Federal Question |
| Cause: 28:1441 Petition for Removal- Wrongful Death | |

**Plaintiff**

**Alice R. Jefferson**
*on behalf of Lucious Jefferson, Sr.,*
*deceased*

represented by **J. Burton LeBlanc , IV**
Baron & Budd, P.C. (Baton Rouge)
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
225-927-5441
Fax: 225-927-5449
Email: bleblanc@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
Baron & Budd, P.C. (Baton Rouge)
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
225-927-5441
Email: ccolley@baronbudd.com
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
Baron & Budd, P.C. (Baton Rouge)
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
225-927-5441
*ATTORNEY TO BE NOTICED*

**Jo Ann Lea**
Baron & Budd, P.C. (Baton Rouge)
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
225-927-5441

**Plaintiff**

**Lucious Jefferson, Jr.**
*on behalf of Lucious Jefferson, Sr.,*
*deceased*

represented by **J. Burton LeBlanc , IV**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jo Ann Lea**
(See above for address)

### Plaintiff

**Angela J. Nelson**                    represented by   **J. Burton LeBlanc , IV**
*on behalf of Lucious Jefferson, Sr.,*                  (See above for address)
*deceased*                                              *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Christopher C. Colley**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jason K. Placke**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jo Ann Lea**
                                                        (See above for address)

### Plaintiff

**Sharon J. Galloway**                  represented by   **J. Burton LeBlanc , IV**
*on behalf of Lucious Jefferson, Sr.,*                  (See above for address)
*deceased*                                              *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Christopher C. Colley**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jason K. Placke**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jo Ann Lea**
                                                        (See above for address)

### Plaintiff

**Tiffany C. Jefferson**                represented by   **J. Burton LeBlanc , IV**
*on behalf of Lucious Jefferson, Sr.,*                  (See above for address)

*deceased*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jo Ann Lea**
(See above for address)

## Plaintiff

**Reginald T. Jefferson**
*on behalf of Lucious Jefferson, Sr.,*
*deceased*

represented by **J. Burton LeBlanc , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jo Ann Lea**
(See above for address)

## Plaintiff

**Steven Jefferson**
*on behalf of Lucious Jefferson, Sr.,*
*deceased*

represented by **J. Burton LeBlanc , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason K. Placke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jo Ann Lea**
(See above for address)

V.

**Defendant**

**Cooper/T.Smith Stevedoring Company, Inc.**

represented by **Mark John Spansel**
Adams & Reese, LLP (New Orleans)
One Shell Square
701 Poydras St.
Suite 4500
New Orleans, LA 70139
504-581-3234
Email: mark.spansel@arlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edwin Christian Laizer**
Adams & Reese, LLP (New Orleans)
One Shell Square
701 Poydras St.
Suite 4500
New Orleans, LA 70139
504-581-3234
Email: Edwin.Laizer@arlaw.com
*ATTORNEY TO BE NOTICED*

**Roland M. Vandenweghe , Jr.**
Adams & Reese, LLP (New Orleans)
One Shell Square
701 Poydras St.
Suite 4500
New Orleans, LA 70139
504-581-3234
Email: roland.vandenweghe@arlaw.com
*ATTORNEY TO BE NOTICED*

**Tyson B. Shofstahl**
Adams & Reese, LLP (New Orleans)
One Shell Square
701 Poydras St.
Suite 4500
New Orleans, LA 70139
504-581-3234
Email: shofstahltb@arlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Sugar Refining, Inc.**

represented by **Paul E. Harrison**
Law Offices of Paul E. Harrison, LLC
532 Gerard St.
Mandeville, LA 70448
985-727-7348
Email: pharrison@pharrisonlaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**BCI Acquisitions, Inc.**                represented by **Gustave A. Fritchie , III**
                                          Irwin, Fritchie, Urquhart & Moore, LLC
                                          (New Orleans)
                                          400 Poydras St.
                                          Suite 2700
                                          New Orleans, LA 70130
                                          504-310-2100
                                          Email: gfritchie@irwinllc.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Buck Kreihs Company, Inc.**
*also known as*
Sank, Inc.

**Defendant**

**Dixie Machine Welding & Metal Works, Inc.**

**Defendant**

**Eagle Inc**

**Defendant**

**James J. Flanagan Shipping Corporation**        represented by **Douglass Michael Moragas**
                                          Douglass M. Moragas, Attorney at Law
                                          1999 Hickory Ave.
                                          Suite 101
                                          Harahan, LA 70123
                                          504-738-8305
                                          Email: dmoragas8305@bellsouth.net
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**McCarty Corporation**                   represented by **Susan Beth Kohn**
                                          Simon, Peragine, Smith & Redfearn, LLP
                                          Energy Centre
                                          1100 Poydras St.
                                          30th Floor
                                          New Orleans, LA 70163-3000
                                          (504) 569-2030
                                          Email: suek@spsr-law.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Douglas Kinler**

Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras St.
30th Floor
New Orleans, LA 70163-3000
(504) 569-2030
Email: dkinler@spsr-law.com
*ATTORNEY TO BE NOTICED*

**Michael David Harold**
Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras St.
30th Floor
New Orleans, LA 70163-3000
(504) 569-2030
Email: michaelh@spsr-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**SSA Gulf Terminals, Inc.**                    represented by **Richard P. Sulzer**
Sulzer & Williams, LLC
201 Holiday Blvd.
Suite 335
Covington, LA 70433
985-898-0608
Email: rsulzer@sulzerandwilliams.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Edward Williams , IV**
Sulzer & Williams, LLC
201 Holiday Blvd.
Suite 335
Covington, LA 70433
985-898-0608
Email: rwilliams@sulzerandwilliams.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ports America Gulfport, Inc.**                represented by **Wilton Ellwood Bland , III**
Mouledoux, Bland, Legrand & Brackett,
LLC
One Shell Square
701 Poydras St.
Suite 4250
New Orleans, LA 70139
504-595-3000
Fax: 504 522 2121
Email: wbland@mblb.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacques P. DeGruy**
Mouledoux, Bland, Legrand & Brackett,
LLC
One Shell Square
701 Poydras St.
Suite 4250
New Orleans, LA 70139
504-595-3000
Email: jdegruy@mblb.com
*ATTORNEY TO BE NOTICED*

**Patrick E. Costello**
Mouledoux, Bland, Legrand & Brackett,
LLC
One Shell Square
701 Poydras St.
Suite 4250
New Orleans, LA 70139
504-595-3000
Fax: 504-522-2121
Email: pcostello@mblb.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Hartford Accident and Indemnity Company** | represented by | **John K. Nieset** |

Christovich & Kearney, LLP
Pan American Life Center
601 Poydras St.
Suite 2300
New Orleans, LA 70130-6078
(504) 561-5700
Email: jknieset@christovich.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christy L. McMannen**
Christovich & Kearney, LLP
Pan American Life Center
601 Poydras St.
Suite 2300
New Orleans, LA 70130-6078
504-561-5700
Email: clmcmannen@christovich.com
*ATTORNEY TO BE NOTICED*

**Patrick Ryan Plummer**
Christovich & Kearney, LLP

Pan American Life Center
601 Poydras St.
Suite 2300
New Orleans, LA 70130-6078
(504) 561-5700
Email: prplummer@christovich.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crowley Marine Services, Inc.**                  represented by   **John A. Bolles**
Phelps Dunbar, LLP (New Orleans)
Canal Place
365 Canal St.
Suite 2000
New Orleans, LA 70130-6534
(504) 5566-1311
Fax: (504) 568-9130
Email: bollesj@phelps.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CSR, Inc.**
*TERMINATED: 12/23/2010*

**Defendant**

**Sank, Inc.**                                      represented by   **H. Philip Radecker , Jr.**
*formerly known as*                                                 Pugh, Accardo, Haas, Radecker, Carey &
Buck Kreihs Company, Inc.                                           Hymel (New Orleans)
1100 Poydras St.
Suite 3200
New Orleans, LA 70163
504-799-4521
Email: hpradecker@pugh-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole M. Loup**
Pugh, Accardo, Haas, Radecker, Carey &
Hymel (New Orleans)
1100 Poydras St.
Suite 3200
New Orleans, LA 70163
504-799-4500

**Shelley L. Thompson**
Pugh, Accardo, Haas, Radecker, Carey &
Hymel (New Orleans)
1100 Poydras St.
Suite 3200

New Orleans, LA 70163
504-799-4500
Email: sthompson@pugh-law.com
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Cooper/T. Smith Stevedoring Company, Inc.**                  represented by   **Mark John Spansel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edwin Christian Laizer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roland M. Vandenweghe , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Third Party Defendant**

**Industrial Development Corporation of South Africa, Ltd.**            represented by   **Antonio J. Rodriguez**
Fowler Rodriguez (New Orleans)
Texaco Center
400 Poydras St.
30th Floor
New Orleans, LA 70130
(504) 523-2600
Email: ajr@frc-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan Grace Keller-Garcia**
Fowler Rodriguez (New Orleans)
Texaco Center
400 Poydras St.
30th Floor
New Orleans, LA 70130
504-523-2600
Fax: 504-523-2705
Email: skgarcia@frvf-law.com
*ATTORNEY TO BE NOTICED*

**Philip C. Brickman**
Fowler Rodriguez (New Orleans)
Texaco Center
400 Poydras St.
30th Floor
New Orleans, LA 70130

(504) 523-2600
Email: pbrickman@frc-law.com
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**South African Marine Corporation Ltd**
*TERMINATED: 12/23/2010*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2010 | 1 | NOTICE OF REMOVAL from Civil District Court for the Parish of Orleans, case number 2007-14804 (Filing fee $ 350 receipt number 053L-2721106) filed by Industrial Development Corporation of South Africa, Ltd.. (Attachments: # 1 Exhibit 1 Part 1 of 2, # 2 Exhibit 2 Part 2 of 2, # 3 Civil Cover Sheet)(Brickman, Philip) (Entered: 12/01/2010) |
| 12/01/2010 | 2 | Initial Case Assignment to Judge Mary Ann Vial Lemmon and Magistrate Judge Daniel E. Knowles, III. (mmf, ) (Entered: 12/01/2010) |
| 12/02/2010 | | (Court only) ***Staff notes*** Attorney Maintenance form submitted on behalf of Jason K. Placke and Christopher C. Colley (ecm, ) (Entered: 12/02/2010) |
| 12/02/2010 | 3 | Directive by the Clerk regarding compliance with 28:1447(b) re 1 Notice of Removal, filed by Industrial Development Corporation of South Africa, Ltd. (ecm, ) (Entered: 12/02/2010) |
| 12/13/2010 | 4 | EX PARTE MOTION for Extension of Time to File *Notice of Compliance* by Industrial Development Corporation of South Africa, Ltd.. (Attachments: # 1 Proposed Order)(Brickman, Philip) Modified docket text only on 12/14/2010 (ijg, ). (Entered: 12/13/2010) |
| 12/14/2010 | 5 | ORDER granting 4 Motion for Extension of Time to Comply with Clerk of Court's Directive. IDC will have until 12/23/2010 in which to comply. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 12/14/2010) |
| 12/14/2010 | 6 | MOTION for Summary Judgment by BCI Acquisitions, Inc.. Motion Hearing set for 1/12/2011 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Statement of Contested/Uncontested Facts, # 2 Memorandum in Support, # 3 Exhibit, # 4 Notice of Hearing)(Fritchie, Gustave) (Entered: 12/14/2010) |
| 12/20/2010 | 7 | EXPARTE/CONSENT Ex Parte MOTION to Continue *MSJ Hearing* by Alice R. Jefferson, Lucious Jefferson, Jr, Reginald T. Jefferson, Steven Jefferson, Tiffany C. Jefferson, Sharon J. Galloway, Angela J. Nelson. (Attachments: # 1 Proposed Order to Continue MSJ Hearing)(Colley, Christopher) Modified filers and removed motion hearing on 12/21/2010 (ecm, ). (Entered: 12/20/2010) |
| 12/21/2010 | 8 | ORDER granting 7 MOTION to Continue Hearing on 6 MOTION for Summary Judgment: Motion Hearing is continued to 3/9/2011 10:00 AM before Judge Mary Ann Vial Lemmon. Signed by Judge Mary Ann Vial Lemmon.(ecm, ) (Entered: 12/21/2010) |
| 12/23/2010 | 9 | Notice of Compliance by Industrial Development Corporation of South Africa, Ltd.. (Attachments: # 1 Notice of Manual Attachment)(Brickman, Philip) (Entered: |

| | | |
|---|---|---|
| | | 12/23/2010) |
| 12/23/2010 | 10 | Manual Attachment Received re 9 Notice of Compliance filed by Industrial Development Corporation of South Africa, Ltd. (ecm, ) (Entered: 12/23/2010) |
| 12/23/2010 | | (Court only) *** Party CSR, Inc. and South African Marine Corporation Ltd terminated. (ecm, ) (Entered: 12/27/2010) |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALICE JEFFERSON** *ET AL.* | * | **CIVIL ACTION NO.** |
| *Plaintiffs* | * | |
| | * | **DIVISION " "** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **AMERICAN SUGAR REFINING, INC.,** | * | |
| *ET AL.* | * | **SECTION ( )** |
| *Defendants* | * | |
| | * | |
| * * * * * * * | * | |

### NOTICE OF REMOVAL OF THIRD-PARTY DEFENDANT, INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA, LIMITED

Industrial Development Corporation of South Africa, Limited (hereinafter "IDC") files this Notice of Removal of Civil Action No. 2007-14804, filed in Division G, in the Civil District Court for the Parish of Orleans, State of Louisiana, and in support thereof states the grounds for removal as follows:

1.

The claims by third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., against third-party defendant, IDC, involve matters over which the Federal courts have jurisdiction pursuant to 28 U.S.C. §1330, and therefore are subject to removal pursuant to 28 U.S.C. §1441(d).

2.

Specifically, IDC is a political subdivision, agency or instrumentality of a foreign state, as determined by 28 U.S.C. § 1603, and as such this court has original jurisdiction over the claims herein.

3.

At all times IDC's sole shareholder has been, and is currently, the South African government.

4.

Copies of all pleadings served on IDC are attached as Exhibit 1.

5.

This Notice of Removal is timely because it has been filed within 30 days from the date service was attempted on IDC.

Industrial Development Corporation of South Africa, Limited hereby removes Civil Action No. 2007-14804, filed in Division G, Civil District Court for the Parish of Orleans, State of Louisiana, to this Court. A copy of this notice has been sent to the Clerk for the Civil District Court, Parish of Orleans, State of Louisiana, in which this action was commenced, in accordance with 28 U.S.C. §1446(d).

RESPECTFULLY SUBMITTED:

/s/ Philip C. Brickman
ANTONIO J. RODRIGUEZ (11375)
PHILIP C. BRICKMAN (25586)
SUSAN KELLER-GARCIA (30574)
**FOWLER RODRIGUEZ VALDES-FAULI**
400 Poydras St., 30th Floor
New Orleans, LA 70130
Telephone: (504) 523-2600
Fax: (504) 523-2705
*Attorneys for Industrial Development Corporation of South Africa, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of December, 2010, served a copy of the foregoing pleading on counsel to all parties in this proceeding, by fax, e-mail or by mailing the same by United States mail, properly addressed, with first class postage prepaid:

Honorable Judge Robin Giarrusso
Division "G"
Civil District Court
Parish of Orleans
421 Loyola Avenue
Room 411
New Orleans, LA 70112

H. Phillip Radecker, Jr., Esq.
Pugh, Accardo, Haas & Radecker
1100 Poydras Street
Suite 2000
New Orleans, LA 70163
Attorneys for Buck Kreihs Company, Inc.,
j/k/a Sank, Inc.

Roland M. Vandenweghe, Jr., Esq.
Adams & Reese
701 Poydras Street
Suite 4500
New Orleans, LA 70139
Attorneys for Cooper T. Smith Stevedoring
Company

John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130
Attorneys for Crowley Marine Services, Inc.

Patricia Penton, Esq.
Lee, Futrell & Perles, L.L.P.
136 Metairie Lawn Drive
Metairie, LA 70001
Attorneys for Dixie Machine, Welding &
Metal Works, Inc.

Wilton Bland, III, Esq.
Jacques P. DeGruy, Esq.
Mouledoux, Bland, Legrant & Brackett, L.L.C.
701 Poydras Street
Suite 4250
New Orleans, LA 70139
Attorneys for Ports America Gulfport, Inc.

Susan Kohn, Esq.
Simon, Peragine, Smith & Redfearn
1100 Poydras Street, 30th Floor
New Orleans, LA 70163
Attorneys for McCarty Corporation The Eagle,
Inc.

Douglas M. Moragas, Esq.
1999 Hickory Ave., Ste. 101
Harahan, LA 70123
Attorneys for James J. Flanagan Shipping
Corp.

Paul Harrison, Esq.
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA 70448
Attorneys for American Sugar Refining, Inc.

Gus A. Fritchie, III, Esq.
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras St., Ste. 2700
New Orleans, LA 70130
Attorneys for BCI Acquisitions, Inc.

Richard P. Sulzer, Esq.
Robert E. Williams, IV, Esq.
Sulzer & Williams, LLC
201 Holiday Blvd., Ste. 335
Covington, La 70433
Attorneys for SSA Gulf Terminals, Inc.

John K. Nieset, Esq.
Christovich & Kearney, LLP
Pan American Life Building
601 Poydras Street, Suite 2300
New Orleans, LA 70130
Attorneys for Hartford Accident & Indemnity
Co.

J. Burton LeBlanc, IV, Esq.
Denyse Finn Clancy, Esq.
Christopher C. Colley, Esq.
JoAnne Lea, Esq.
Jason K. Placke, Esq.
Lindsey L. Goldstein, Esq.
Baron & Budd, PC
901 Blue Bonnet Blvd.
Baton Rouge, LA 70801
Attorneys for Joannie L. Jefferson, *et al.*

/s/ Philip C. Brickman

562934

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2007-14804             SECTION: 11             DIVISION "G"

ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELA J. NELSON,
SHARON J. GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON,
AND STEVEN JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____     _____

                                          DEPUTY CLERK

## PETITION FOR DAMAGES

Now into Court, through undersigned counsel, come the petitioners, Alice R.
Jefferson, Lucious Jefferson, Jr., Angela J. Nelson, Sharon J. Galloway, Tiffany C.
Jefferson, Reginald T. Jefferson and Steven Jefferson, surviving spouse or children of
Lucious Jefferson, Sr., deceased (hereinafter referred to as the Plaintiffs), who names
and residences are shown on Exhibit "A" which is attached hereto and incorporated
herein, who file this their Petition for Damages:

1.      The Plaintiffs' Decedent had substantial exposure to Defendants' asbestos-
containing products in this Parish at the location(s) described in Exhibit "A".

2.      The damages sought by Plaintiffs, exclusive of interests and costs, exceed
the minimum jurisdictional limits of the Court.

3.      The Defendants, identified in Exhibit "B," are all present or past foreign
corporations licensed to do and doing business in the state of Louisiana, (b) domestic
corporations licensed to do business and doing business in the state of Louisiana, (c)
individuals who are domiciled in this state, (d) individuals who are not domiciled in
this state, or (e) foreign or alien insurers, that are liable to the Plaintiffs for the claims
asserted herein.

4.      Each Defendant corporation and/or its predecessor-in-interest is, or at
times material hereto, has been engaged in the mining, processing, manufacturing,
installation, removal, maintenance, sale and/or distribution of asbestos asbestos-
containing products, and/or machinery requiring or calling for the use of asbestos

containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-containing products"), or held themselves out as manufacturers of such products or were professional vendors of such products.

5.    The death of Lucious Jefferson, Sr. on or about December 12, 2006, was due to, or a consequence of, his exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se, defective in composition or construction, defective in design, lacking suitable warnings or instructions concerning the hazards presented, as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain defendants as alleged with more specificity below.    As a direct and proximate result of the delictual conduct of the defendants, the petitioners, Alice R. Jefferson, Lucious Jefferson, Jr., Angela J. Nelson, Sharon J. Galloway, Tiffany C. Jefferson, Reginald T. Jefferson and Steven Jefferson, have lost the love, affection, society, support, services and future earnings of Lucious Jefferson, Sr., deceased, and pursuant to Louisiana Civil Code article 2315.2, assert this wrongful death action against the defendants.

6.    The Plaintiffs, Alice R. Jefferson, Lucious Jefferson, Jr., Angela J. Nelson, Sharon J. Galloway, Tiffany C. Jefferson, Reginald T. Jefferson and Steven Jefferson, are the statutory survivors of the referenced decedent and hereby assert this survival action pursuant to Louisiana Civil Code article 2315.1.

7.    Plaintiffs' Decedent worked with and/or was exposed to asbestos-containing products while working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the state of Louisiana and elsewhere in the United States.    Plaintiffs' Decedent's work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A."    Plaintiffs' Decedent has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of

asbestos fibers, and as a result has suffered injuries and/or death proximately caused by such exposure.

8.    Plaintiffs' Decedent was exposed to asbestos or asbestos-containing products in occupation(s) including, but not limited to, those set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Plaintiffs' Decedent's injuries and/or death, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

## VENUE

9.    The defendant, Eagle, Inc. (Eagle), is a domestic corporation with a principal place of business located in the Parish of Orleans, State of Louisiana. Plaintiffs' Decedent, Lucious Jefferson, Sr., was exposed to products, distributed and installed by the above-referenced defendants at the work sites in Exhibit "A." Plaintiffs specifically allege that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

10.    Each of the defendants listed in Exhibits "B," contributed with Eagle, to Mr. Jefferson's exposure to asbestos at his work sites, including but not limited to, the exposure sites located on Exhibit "A." Each of these defendants is liable in solido, with Eagle to the Plaintiffs. Further, this action is within the jurisdiction of this court, because Orleans Parish is the site of exposure. Thus, venue proper for these defendants is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

## BACKGROUND

11.    Plaintiffs' decedent worked on board various ships at the locations and on the dates outlined in Exhibit "A." His duties included, but were not limited to, loading and off-loading of cargo, which on many occasions included raw asbestos and/or asbestos-containing materials and were carried out in the same general vicinity where insulation contractors and suppliers were engaged in the removal and installation of asbestos-containing products. His duties also included, but were not limited to, reconditioning cargo, a job which required him to repair torn boxes and sacks of raw

asbestos fibers shipped by asbestos fiber suppliers, and manufacturer/sellers.

12.     During various lengthy periods of time, Plaintiffs' Decedent suffered occupational exposure to asbestos and asbestos-containing products designed, mined, manufactured, sold, distributed, supplied and/or maintained on various premises by the defendants.

13.     During Plaintiffs' Decedent's occupational exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, Plaintiffs' Decedent's job sites listed on Exhibit "A" where Plaintiffs' Decedent was exposed to asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances, commonly referred to as "asbestos."

14.     When inhaled or otherwise ingested, mineral dust and fibers, including, but not limited to, asbestos, cause irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, lung cancer, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

15.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiffs' Decedent, of the health hazards inherent in the asbestos-containing products they were selling. Instead of warning the Plaintiffs' Decedent and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos and/or asbestos-containing products and to avoid litigation by those who were injured from inhalation of asbestos fibers. Those defendants who have engaged in intentional misconduct, fraud, or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct.

16.     In connection with Plaintiffs' Decedent's work at, including but not limited to, the job sites listed on Exhibit "A" during the exposure period, the Plaintiffs' Decedent was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

17.     As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, including but not limited to, the exposure sites on Exhibit "A." Plaintiffs' Decedent has received injuries, both physically and mentally, including, without limitation: (i) mesothelioma; (ii) and mental anguish associated with the preceding conditions, and with the fear of developing the preceding conditions.

18.     Lucious Jefferson, Sr., was diagnosed with malignant mesothelioma on June 14, 2006, and died as a consequence of this disease on December 12, 2006. This action is being instituted within one-year of his death and is, therefore, timely filed pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2.

<u>COUNT ONE</u>

NEGLIGENCE
**("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants listed on Exhibits "D" and "E")**

19.     The illnesses, disabilities, and/or death of Plaintiffs' Decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiffs' Decedent's health and well-being. The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiffs' Decedent's illnesses, disabilities and/or death:

(a)     failing to timely and adequately warn Plaintiffs' Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos and/or asbestos-containing products;

(b)     failing to provide Plaintiffs' Decedent with information as to what would

be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Plaintiffs' Decedent from being harmed and disabled by exposure to asbestos and/or asbestos-containing products;

(c)     failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, to warn of the dangers to health of coming into contact with said asbestos or asbestos-containing products and/or machinery;

(d)     failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling, installing, and/or using or removing asbestos and/or asbestos-containing products;

(e)     failing to develop and/or use a substitute material to eliminate asbestos fibers in the asbestos-containing products;

(f)     failing to properly design and manufacture asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     failing to properly test asbestos-containing products before they were released for consumer use; and

(h)     failing to recall and/or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

<u>COUNT TWO</u>

**STRICT LIABILITY**
**("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants listed on Exhibits "D" and "E")**

20.     All of the allegations contained in the previous paragraphs are realleged herein.

21.     Plaintiffs' Decedent was exposed to asbestos-containing products that were manufactured and distributed by the Defendants and/or their predecessors-in-

interest for use as construction materials and/or machinery in industrial operations. The defective condition of the products rendered such products unreasonably dangerous, and the asbestos-containing products were in this defective condition at the time they left the hands of Defendants. Further, said products were unreasonably dangerous per se, unreasonably dangerous due to Defendants' failure to warn, and unreasonably dangerous due to a design defect.

22.     The Defendants are engaged in the business of selling asbestos-containing products, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries and/or death of Plaintiffs' Decedent.

23.     Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, operation, maintenance and/or repair of the asbestos-containing products.

24.     Plaintiffs' Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.

25.     During the periods that Plaintiffs' Decedent was exposed to the Defendants' asbestos-containing products, these asbestos-containing products were being used in a manner which was intended and/or reasonably foreseeable by Defendants.

## COUNT THREE

### STRICT LIABILITY
### AND NEGLIGENCE AGAINST THE CONTRACTOR DEFENDANTS

26.     At various times, the Contractor Defendants identified in Exhibit "C," performed a variety of contract services, including maintenance and repairs of vessels at various locations at the Port of New Orleans, including, but not limited to the following terminals: The Riverfront, f/k/a The Brewery, The Cotton Warehouses, Maurice Street Wharf, The Napoleon Avenue Wharf, Henry Clay Wharf, Nashville Street Wharf, Milan Street Wharf, Sky Dock Wharf, Louisiana Street Wharf, Toulouse Street Wharf,

Esplanade Street Wharf, Mandeville Street Wharf, Pauline Street Wharf, Louisa Street Wharf, Jordan Street Wharf, Harmony Street Wharf, Congress Street Wharf, Army Base Wharf, Chalmette Slip, Market Street Wharf, First Street Wharf, Thalia Street Wharf, Seventh Street Wharf, St. Rose Street Wharf, Orange Street Wharf, Poydras Street Wharf, Desire Street Wharf, Press Street Wharf, Robin Street Wharf, Julia Street Wharf, Celeste Street Wharf, St. Andrews Street Wharf, France Road Wharf, and/or Reserve Wharf; area shipyards; and other sites on land in the industrial corridor between New Orleans and Baton Rouge, Louisiana.

27.    The activities conducted by the Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at the sites identified above. These products include, but are not limited to, asbestos, asbestos cement, asbestos pipe covering, asbestos block, asbestos rope, asbestos cloth, asbestos blankets, asbestos gaskets, asbestos packings and other asbestos-containing products and materials which will be identified through discovery.

28.    The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

29.    Plaintiffs' Decedent was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendants and their subcontractors identified in Exhibit "C."

30.    The Contractor Defendants negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

   (a)    By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Plaintiffs' Decedent to work;

   (b)    By failing to provide warnings, or adequate warnings, to Plaintiffs' Decedent of the dangers and risks posed by the asbestos in the atmosphere in which Plaintiffs' Decedent worked; of the need for correct,

adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsite in particular; and of the hazards created by Defendants' activities;

(c)     By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)     By failing to apprize Plaintiffs' Decedent of the need for periodic medical examinations as a result of Plaintiffs' Decedent's exposure to asbestos created by Defendants' activities;

(e)     By failing to ventilate and/or properly ventilate the areas in which Plaintiffs' Decedent performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)     By failing to clean up and/or properly clean up the asbestos dust created by Plaintiffs' Decedent's activities;

(g)     By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiffs' Decedent, who came into contact with asbestos dust as a result of Plaintiffs' Decedent's activities;

(h)     By recklessly concealing from Plaintiffs' Decedent and negligently failing to provide critical medical and safety information to Plaintiffs' Decedent regarding the safety and health risks associated with the asbestos and asbestos-containing products;

(i)     By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)     By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)     By failing to properly supervise and/or monitor their work areas for

compliance with safety regulations;

(l)     By failing to supervise their operations and the operations of their subcontractors;

(m)    By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Plaintiffs' Decedent and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)     By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)     By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

(p)     By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Defendants knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)     By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the their activities;

(r)     By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

(s)     By failing to purchase products and materials that did not contain asbestos;

(t)     By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u)     By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired,

replaced, and tore out as containing asbestos; and

(v)    By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

31.    The negligent acts outlined above were a substantial contributing factor in Plaintiffs' Decedent's exposure to dangerous and hazardous levels of asbestos, and resultant damages.

32.    The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Plaintiffs' Decedent's injuries and damages.

33.    Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

34.    Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiffs' Decedent 's injuries.  Therefore, the Contractor Defendants are strictly liable for Plaintiffs' Decedent's damages pursuant to Louisiana Civil Code article 2317.

35.    Additionally, when such contractors did not employ Plaintiffs' Decedent, Plaintiffs' Decedent was exposed to the asbestos containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants that were in the care, custody and control of the Contractor Defendants and were unreasonably dangerous due to the presence of asbestos.

## COUNT FOUR

### NEGLIGENCE OF PLAINTIFFS' DECEDENT'S EMPLOYERS
(As to Plaintiffs' Decedent's Employers only. "Defendants" in this
count means these Defendants only, as identified in Exhibit "D")

36.    Plaintiffs, allege negligent, grossly negligent, wanton, willful and intentional misconduct on behalf of decedent's employers and employers' executive

officers and directors, as identified in Exhibit "D," in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

37.     At various times, plaintiff was required to transport asbestos and asbestos-containing products from the various facilities owned and operated by the defendants identified in Exhibit "D," (hereinafter the "premise defendants"). This ultra-hazardous material was transported, stored, used and handled by and through the Port of New Orleans, in bags of raw asbestos or as manufactured products and was mishandled, used or damaged in such a way as to cause asbestos dust to be released in such heavy quantities as to be hazardous to Plaintiffs' decedent, without his knowledge or fault.

38.     In connection with those duties, mentioned above, Plaintiffs' Decedent was required to unload these ultra-hazardous materials from the vessels onto tractors, via slings, wherein he would then transport the materials to land side warehouses. Plaintiffs' decedent would then unload these ultra-hazardous materials for storage in these landside warehouses.

39.     The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually and/or delegated to them for providing Plaintiffs' Decedent with a safe place to work and Defendants wantonly and/or negligently and/or willfully and/or intentionally failed to provide Plaintiffs' Decedent a safe place to work.

40.     Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiffs' Decedent by negligently performing duties owed individually and/or delegated to them, directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiffs' Decedent.  The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment;

(b)    in failing to protect Plaintiffs' Decedent from any asbestos exposure;

(c)    in failing to provide Plaintiffs' Decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)    in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)    in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiffs' Decedent 's exposure to asbestos dust;

(f)    in failing to properly perform safety inspections of the Plaintiffs' work place;

(g)    in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiffs' Decedent's work sites;

(h)    in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)    in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiffs' Decedent's work sites; and

(j)    in negligently and intentionally failing to disclose, warn or reveal medical and safety information to Plaintiffs' Decedent regarding the hazards of asbestos.

41.    The negligence of Plaintiffs' Decedent's employers was a substantial factor and contributed in causing Plaintiffs' Decedent, Lucious Jefferson, Sr., to contract mesothelioma, which resulted in his death.

## COUNT FIVE

### PREMISES LIABILITY
**(As to Premises Liability Defendants only. "Defendants" in this case means these defendants only, as identified in Exhibit "E")**

46.    Plaintiffs' Decedent, Lucious Jefferson, Sr., was exposed to asbestos and

asbestos-containing materials while working at the jobsites identified in Exhibit "A".
The Premise Defendants identified in Exhibit "E," at all times relevant to this complaint,
have been either the operator and/or the manager and/or the owner and occupier of its
respective facilities and in custody of the facilities during the relevant time period. The
facilities were defective in that the asbestos and asbestos-containing materials in the
facilities created an unreasonable risk of harm to the Plaintiff and other persons on the
premises. Plaintiffs' Decedent, Lucious Jefferson, Sr., was exposed to asbestos and
asbestos-containing materials while he was an invitee at the premise defendants'
facilities. The defective condition of the facilities was a proximate cause of the Plaintiffs'
Decedent contracting mesothelioma, which resulted his death.

47.    The Premise Defendants are liable to Plaintiffs' Decedent for its failure to
exercise reasonable care to protect Plaintiffs' Decedent from the foreseeable dangers
associated with exposure to asbestos. The Premise Defendants, as the premises
operator and/or manager and/or owner and occupier, and/or custodian, had a non-
delegable duty to keep the premises safe for invitees. The Premise Defendants knew or
should have known of the unreasonable risk of harm inherent in exposure to asbestos
and asbestos-containing materials but failed to protect Plaintiff from said risk of harm.
The Premise Defendants' failure to protect Plaintiffs' Decedent, from known and/or
foreseeable dangers constitutes negligence. Said negligence was a proximate cause of
Plaintiffs' Decedent, Lucious Jefferson, Sr., contracting mesothelioma, which resulted in
his death.

## COUNT SIX

### JOINT AND SOLIDARY LIABILITY

48.    All of the allegations contained in the previous paragraphs are realleged
herein.

49.    Each of the Defendants knew or should have known that its individual
actions would combine to cause the injuries and/or death of the Plaintiffs' Decedent.

50.    The actions of each of the Defendants is a proximate cause of Plaintiffs'
Decedent's injuries and/or death. As a result, all Defendants are jointly and solidarily

liable for the damage caused by their combined actions.

## DAMAGES

51.    The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and wrongful death of Plaintiffs' Decedent, Lucious Jefferson, Sr., and of the following general and special damages including, but not limited to, damages for survival and wrongful death claims, that Plaintiffs have sustained in their individual capacity and as widow to decedent, Lucious Jefferson, Sr., including:

(a)    The conscious physical pain and suffering and mental anguish sustained by Lucious Jefferson, Sr. prior to his death;

(b)    The physical impairment suffered by Lucious Jefferson, Sr. prior to his death;

(c)    The disfigurement suffered by Lucious Jefferson, Sr. prior to his death;

(d)    Reasonable and necessary medical expenses incurred by Lucious Jefferson, Sr. and his estate;

(e)    Reasonable funeral and burial expenses;

(f)    Decedent's lost earnings and net accumulations;

(g)    The loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs' Decedent's family members received from the decedent prior to his last illness and death;

(h)    Lucious Jefferson, Sr.'s mental anguish caused by his extraordinary increased likelihood during his lifetime of developing asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, installed, maintained, sold and/or distributed by the named Defendants; and;

(i)    Decedent's loss of enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of

Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate

allowed by law, and for such other and further relief, both at law and in equity, to

which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

LEBLANC & WADDELL, LLP

By: _____
CAMERON R. WADDELL, Bar No. 24245
JODY E. ANDERMAN, Bar No. 18764
CHRISTOPHER C. COLLEY, Bar No. 30322
2540 Severn Ave., Ste. 400
Metairie, LA 70002
Telephone: (225) 768-7222
Facsimile: (504) 885-9968

A TRUE COPY

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR BIRTH ONLY

2037342

CITY OF NEW ORLEANS
STATE OF LOUISIANA

BIRTH 157 56 011562

### CERTIFICATE OF LIVE BIRTH

1a. Child's Last Name: *Jefferson*  1b. First Name: *Lucious*  Mrs. Second Name: Jr.

2a. Sex of Boy?: *Boy*  2b. Race: *Col*  3. Single, Twin, Triplet: *Single*  5a. Month: *6*  Day: *30*  Year: *56*  Hour: *7:50 P.M.*

BIRTH DATE: 6-30-56

4a. Place of Birth (City, Town, or Location): **NEW ORLEANS**  6b. Parish: **ORLEANS**

5c. Name of Hospital or Institution: *Charity Hospital of La*

7a. USUAL RESIDENCE OF MOTHER (City, Town, or Location): *New Orleans*  7b. Parish: *Orleans*  State: *La*

7d. Street Address: *1311 St Philip St*  8. Is Residence Inside City Limits? Yes ☐ No ☐  7c. Is Residence on a Farm? Yes ☐ No ☐

8. Full Name of Father: *Lucious Jefferson*  9. Color or Race of Father: *Col*

10a. Usual Occupation of Father: *Laborer*  10b. Kind of Industry or Business: *Single*  11. Birthplace, City and State or Foreign Country:

12. Full Maiden Name of Mother: *Alice Cooper*  13. Color or Race of Mother: *Col*

15. Birthplace of Mother, City and State or Foreign Country: *Honduras*  14. Age of Mother: *20*

17. Previous Deliveries to Mother (Do Not include this birth)
a. How many other Children are Living? 0  b. How many other Children were born alive but are now dead? 0  c. How many fetal deaths (fetuses born dead at any time after conception)?

18. I certify that the above stated information is true and correct to the best of my knowledge.  18. Signature of Parent or Other Informant: *Alice Jefferson*  Parent ☑ Other ☐  19. Date of Signature: *7-2-56*

20. MOTHER'S MAILING ADDRESS: *1311 St Philip St*

21. I certify that I attended this birth and that the child was born alive on the date stated above.  21. Signature of Attendant: *M.D.* ☐ Midwife ☐ Other ☐  22. Date of Signature: *6-30-56*

23. Date Received by Deputy Registrar: JUL 3 1956  24. Signature of Deputy Registrar: BIRTH 157  28.01

FEB 07 2002



I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE

STATE OF TEXAS
CERTIFICATION OF VITAL RECORD

TEXAS DEPARTMENT OF HEALTH
BUREAU OF VITAL STATISTICS

STATE OF TEXAS     CERTIFICATE OF BIRTH

| | | | |
|---|---|---|---|
| TIFFANY | CRESHAWNA | JEFFERSON | APR 20 1982 FEMALE |
| HARRIS | | HOUSTON | |
| | SINGLE | | |
| FRUCIOUS | JEFFERSON | 11/24/30 | LOUISIANA |
| BLACK | | | |
| ALICE | RAE | COOPER | 10/28/35 | LOUISIANA |
| BLACK | | | |
| LOUISIANA | ORLEANS | NEW ORLEANS | 3936 ODIN STREET |
| | MRS ALICE JEFFERSON | | |
| 3936 ODIN STREET | NEW ORLEANS LOUISIANA | | |
| JUNE 1 1982 | | |

This is to certify that this is a true and correct reproduction of the original record on file in the office issued under authority of Section 191.004, Chapter 179, Health & Safety Code, 1989.

JUN 06 1991

WARNING: IT IS ILLEGAL TO DUPLICATE THIS COPY



JUVENILE COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 90-266-15-O-A       IN RE: LUCIOUS JEFFERSON, and
                        ALICE COOPER JEFFERSON, His Wife
                        APPLYING FOR ADOPTION

*    *    *    *    *    *   *    *    *

## FINAL DECREE OF ADOPTION

The requirements of law having been met, the court having
considered all the information concerning this adoption received from
the Louisiana Department of Health and Human Resources Administration,
Division of Family Services, and other sources, from the testimony
offered in court, and no objections to the final decree of adoption
having been found, the court is satisfied, for the reasons this day
orally assigned, that the adoption is in the best interests of the
child, and accordingly:

IT IS ORDERED, ADJUDGED AND DECREED that:

1.    A final decree of adoption be, and it hereby is,
decreed, and, therefore, the child known to petitioner as TIFFANY
CRESHAWNA JEFFERSON forever be, for all legal intents and purposes,
the child of petitioners, to the same extent as if the child had been
born of petitioners' marriage;

2.    The Clerk of Court of this parish comply with the
requirements of R.S.LA 9:432(B) and R.S.LA 40:79 and forward a
certified copy of this final decree to the Bureau of Vital Records,
Texas Department of Health, for entry of a certificate of live birth
of TIFFANY CRESHAWNA JEFFERSON; and

3.    All further contacts with the Department of Health and
Human Resources, Division of Family Services, be dispensed with.

JUDGMENT RENDERED in NEW ORLEANS, LOUISIANA, this 12th day of
December, 1990.

JUDGMENT READ AND SIGNED nunc pro tunc in NEW ORLEANS,
LOUISIANA, this 20th day of February, 1991.


_____
JUVENILE    JUDGE

                                          TRUE COPY
LAW OFFICES OF
SHERMAN F. RAPHAEL, J.D.                 _____
ATTORNEY AT LAW - NOTARY PUBLIC              Deputy Clerk
NEW ORLEANS 70112

## CITY OF NEW ORLEANS
### STATE OF LOUISIANA
# CERTIFICATE OF LIVE BIRTH

Birth No. **157** — 71 11945

| 1A. CHILD'S LAST NAME | 1B. FIRST NAME | 1C. SECOND NAME | 1D. DATE OF BIRTH |
|---|---|---|---|
| JEFFERSON | STEVEN | ALLAN | Monday Sept. 6, 1971 |

| 3. SEX—GIRL OR BOY? | 4. THIS BIRTH | 5. IF TWIN OR TRIPLET, WAS CHILD BORN | 2D. HOUR OF BIRTH |
|---|---|---|---|
| Boy | Single ☒  Twin ☐  Triplet ☐ | 1st ☐  2d ☐  3d ☐ | 6:30 P. M. |

| 6A. PLACE OF BIRTH (CITY, TOWN, OR LOCATION) | 6B. PARISH OF BIRTH |
|---|---|
| NEW ORLEANS | ORLEANS |

6C. NAME OF HOSPITAL OR INSTITUTION—(IF NOT IN HOSPITAL OR INSTITUTION GIVE STREET ADDRESS OR LOCATION): Touro Infirmary

6D. IS PLACE OF BIRTH INSIDE CITY LIMITS? Yes ☒  No ☐

| 7A. USUAL RESIDENCE OF MOTHER (CITY, TOWN OR LOCATION) | 7B. PARISH | 7C. STATE |
|---|---|---|
| New Orleans | Orleans | Louisiana |

7D. STREET ADDRESS—(IF RURAL INDICATE LOCATION): 3936 Odin St.

7E. IS RESIDENCE INSIDE CITY LIMITS? Yes ☐  No ☐

| 8A. FULL NAME OF FATHER | 8B. STATE OF BIRTH | 8C. AGE (AT TIME OF THIS BIRTH) | 8D. COLOR OR RACE OF FATHER |
|---|---|---|---|
| Lucious Jefferson, Sr. | La. | 40 | Negro |

| 9A. FULL MAIDEN NAME OF MOTHER | 9B. STATE OF BIRTH | 9C. AGE (AT TIME OF THIS BIRTH) | 9D. COLOR OR RACE OF MOTHER |
|---|---|---|---|
| Alice R. Cooper | La. | 35 | Negro |

I certify that the above stated information is true and correct to the best of my knowledge.

10. SIGNATURE OF PARENT OR OTHER INFORMANT: *Alice Cooper Jefferson*  Parent ☒  Other ☐

11. DATE OF SIGNATURE: 9-7-71

12. MOTHER'S MAILING ADDRESS: 3936 Odin St. New Orleans, La. 70126

I certify that I attended this birth and that the child was born alive on the date stated above.

13. SIGNATURE OF ATTENDANT: *(signature)*  M.D. ☐  Midwife ☐  Other ☐

14. DATE OF SIGNATURE: 9/10/71

15. DATE ACCEPTED BY LOCAL REGISTRAR:

16. SIGNATURE OF LOCAL REGISTRAR: *Lucile F. Renoudis*

17. DATE FILED BY REGISTRAR: SEP 22 1971

### CONFIDENTIAL INFORMATION FOR MEDICAL AND HEALTH USE ONLY
(This Section MUST Be Filled Out For Each Birth)

PREVIOUS DELIVERIES TO MOTHER (DO NOT INCLUDE THIS BIRTH):

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE DULY REGISTERED WITH THE LOUISIANA HEALTH AND HUMAN RESOURCES ADMINISTRATION, DIVISION OF HEALTH, OFFICE OF VITAL RECORDS.

*William H. Stewart*
STATE HEALTH OFFICER

*Wayne Parker*
STATE REGISTRAR

AUG 6 1974

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR BIRTH ONLY



1024459

### CITY OF NEW ORLEANS
### STATE OF LOUISIANA
### CERTIFICATE OF LIVE BIRTH

BIRTH No. 157630022961

| 1a. Child's Last Name | 1b. First Name | | 1c. Second Name | | |
|---|---|---|---|---|---|
| JEFFERSON | REGINAL | | TYRONE | | |
| 2a. Sex—Girl or Boy | 2b. Race | 3. Single, Twin, Triplet | 4. If Twin, Triplet—Born 1st, 2nd or 3rd | 5a. Month Day Year Date | 5b. Hour |
| BOY | NEGRO | SINGLE | | NOVEMBER 1, 1963 | 308 M. |

| 6a. Place of Birth (City, Town, or Location) | 6b. Parish |
|---|---|
| NEW ORLEANS | ORLEANS |

| 6c. Name of Hospital or Institution—(If not in Hospital or Institution give street address or location) |
|---|
| SARA MAYO HOSPITAL |

| 7a. USUAL RESIDENCE OF MOTHER (City, Town, or Location) | 7b. Parish | 7c. State |
|---|---|---|
| NEW ORLEANS | ORLEANS | LOUISIANA |

| 7d. Street Address—(If rural indicate location) | 7e. Is Residence Inside City Limits? | 7f. Is Residence on a Farm? |
|---|---|---|
| 3936 ODIN ST. | Yes ☐ No ☐ | Yes ☐ No ☒ |

| 8. Full Name of Father | | | 9. Color or Race of Father |
|---|---|---|---|
| LUCIOUS JEFFERSON | | | NEGRO |
| 10a. Usual Occupation of Father | 10b. Kind of Industry or Business | 11. Birthplace, City and State or Foreign Country | 12. Age of Father |
| LABORER | NORCO CEMENT CO. | ANGIE, LA. | 32 |

| 13. Full Maiden Name of Mother | | | 14. Color or Race of Mother |
|---|---|---|---|
| ALICE COOPER | | | NEGRO |
| 15. Birthplace of Mother, City and State or Foreign Country | | | 16. Age of Mother |
| BOGALUSA, LA. | | | 27 |

| IV. Previous Deliveries to Mother (Do Not include this birth) | | 4 |
|---|---|---|
| a. How many other Children are Living? | b. How many other children were born alive but are now dead? | c. How many fetal deaths (fetuses born dead at any time after conception)? |
| 3 | 0 | 1 |

| I certify that the above stated information is true and correct to the best of my knowledge. | 16. Signature of Parent or Other Informant  Mrs. Alice Jefferson | Parent ☒ Other ☐ | 18. Date of Signature 11-2-63 |
|---|---|---|---|

| 16. MOTHER'S MAILING ADDRESS |
|---|
| 3936 ODIN ST., NEW ORLEANS, LA. |

| I certify that I attended this birth and that the child was born alive on the date stated above. | 21. Signature of Attendant  Max Pacht, M.D. | M.D. ☒ Midwife ☐ Other ☐ | 22. Date of Signature 1-6-64 |
|---|---|---|---|

| 23. Date Recorded by Deputy Registrar JAN 9 1964 | 24. Signature of Deputy Registrar  Naomi M. Drake |
|---|---|



MAR 28 1995

I CERTIFY THAT THIS IS
TRUE AND CORRECT COPY OF
CERTIFICATE OR DOCUMEN
REGISTERED WITH THE VIT
RECORDS REGISTRY OF THE STA

<u>EXHIBIT "A"</u>

| | |
|---|---|
| Decedent: | Lucious Jefferson, Sr.<br>DOD: December 12, 2006<br>SSN: 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 |
| Disease: | Mesothelioma |
| Survivors/Petitioners: | |
| Spouse: | Alice R. Jefferson<br>P.O. Box 385<br>Angie, LA 70426 |
| Children: | Lucious Jefferson, Jr.<br>3011 Sycamore Street, #4<br>Baton Rouge, LA 70805 |
| | Angela J. Nelson<br>1250 Powder Springs Rd., #1801<br>Marietta, GA 30064 |
| | Sharon J. Galloway<br>63197 Stringer Rd.<br>Angie, LA 70426 |
| | Tiffany C. Jefferson<br>1337 North Shorewood Forest Rd., # 126<br>Baton Rouge, LA 70815 |
| | Reginald T. Jefferson<br>5708 Sligo Street<br>Las Vegas, NV 89130 |
| | Steven Jefferson<br>601 Betsy Ross Court<br>LaPlace, LA 70068 |

| Lucious Jefferson, Sr. | | | |
|---|---|---|---|
| **EMPLOYER** | **SITE** | **OCCUPATION** | **YEARS** |
| Higco, Inc. | | Laborer | 1954-1955 |
| Swift and Co. | | Laborer | 1955 and 1957 |
| Dixie Machine Wldg & Metals Wks, Inc. | New Orleans, LA | Laborer | 1955, 1956 and 1957 (off and on) |
| Charles Ferran & Company, Inc. | New Orleans, LA | Laborer | 1956-1957 |
| Norco Construction Co., Inc. | | | 1962-1964 |
| James J. Flanagan Shipping Corp | Port of New Orleans | Longshoremen | 1962, 1965, 1966, 1968-1976, 1978- |

| | | | 1979, and 1981-1984 |
|---|---|---|---|
| Professional Maintenance of New Orleans, Inc. | Port of New Orleans | Longshoremen | 1963-1965, 1968-1969 & 1971 |
| Public Grain Elevator of New Orleans, Inc. | | Laborer | 1964-1969 |
| Strachan Shipping Company | Port of New Orleans | Longshoremen | 1965, and 1968-1983 |
| Cooper Stevedoring of Louisiana, Inc. | Port of New Orleans | Longshoremen | 1965, 1968-1972 (off and on) |
| Cooper-T Smith Stevedoring Co., Inc. | Port of New Orleans | Longshoremen | 1965-1975 and 1981-1982 |
| Louisiana Stevedores, Inc. | Port of New Orleans | Longshoremen | 1966, 1969-1976, and 1979-1980 |
| SSA Gulf Terminals, Inc. | Port of New Orleans | Longshoremen | 1968-1984 and 1987 |
| Dixie Stevedores, Inc. | Port of New Orleans | Longshoremen | 1968-1975, 1979, 1980 and 1982 |
| Equitable Equipment Co. | | Laborer | 1969 |
| Chiquita Brands International, Inc. | Port of New Orleans | Longshoremen | 1969-1976 |
| P & O Ports Gulfport, Inc. | Port of New Orleans | Longshoremen | 1969-1987 |
| Gulf Stevedore Corp | Port of New Orleans | Longshoremen | 1969 |
| Sea Crews II, Inc. | Port of New Orleans | Longshoremen | 1969-1973 |
| Atlantic & Gulf Grain Stevedoring | Port of New Orleans | Longshoremen | 1969, 1973-1975, and 1982-1984 |
| Pelican Stevedoring Company, Inc. | Port of New Orleans | Longshoremen | 1970, 1972, 1974-1976 and 1978 |
| J Young & Co., Inc. | Port of New Orleans | Longshoremen | 1971-1973, 1976, 1980-1982 |
| Texla Stevedores, Inc. | Port of New Orleans | Longshoremen | 1971-1976 |
| Mid-Gulf Stevedores, Inc. | Port of New Orleans | Longshoremen | 1971-1972, 1974 & 1980 |
| Gulf Stevedore Corp | Port of New Orleans | Longshoremen | 1972-1973, 1975, 1981-1984 |
| Cooper Stevedoring Co., Inc. | Port of New Orleans | Longshoremen | 1972, 1974, 1975, 1982-1984 |
| Amstar Corporation | Port of New Orleans | Longshoremen | 1973-1984 |

| Ryan-Walsh Gulf, Inc. | Port of New Orleans | Longshoremen | 1974, 1975 and 1982 |

## EXHIBIT "B"

1.  **American Sugar Refining, Inc.**
    (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery)
    a Delaware corporation authorized to do and doing business in the state of Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.  **BCI Acquisitions, Inc.**
    (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: BCI Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3.  **Buck Kreihs Company, Inc., n/k/a Sank, Inc.**
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent of service in the state of Louisiana, to-wit : J Michael Tonguis, 2225 Tchoupitoulas Street, New Orleans, La 70130

4.  **Cooper/T. Smith Stevedoring Company**
    f/k/a Cooper Stevedoring of Louisiana, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5.  **Dixie Machine, Welding & Metal Works, Inc.**
    a foreign corporation, licensed to do and doing business in the State of Louisiana with their agent for service of process to wit: Vicki H. Kihnemann, 5801 Citrus Blvd., Harahan, Louisiana 70123

6.  **Eagle, Inc.**
    (Formerly Eagle Asbestos & Packing Co., Inc.
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras Street - 30th Floor, New Orleans, LA 70163-3000

7.  **James J. Flanagan Shipping Corporation**
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Beaumont, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park Street, Ste. 200, Beaumont, Texas 77701

8.  **The McCarty Corporation**
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the state of Louisiana, to-wit: Paul H. Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802

9. **Ports America Gulfport, Inc.**
f/k/a P & O Ports Gulfport, Inc.
f/k/a I.T.O Corporation
f/k/a Atlantic & Gulf Stevedores, Inc.
a Delaware Corporation authorized to do and doing business in Louisiana, and
with an agent for service in the state of Louisiana, to-wit: C T Corporation
System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

10. **SSA Gulf Terminals, Inc.**
f/k/a Ryan-Walsh Stevedoring Company, Inc.
a corporation duly organized, created and existing under and by virtue of the
laws of the state of Louisiana, with its principal place of business in New
Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

# EXHIBIT "C"

## CONTRACTORS:

1. **Buck Kreihs Company, Inc., n/k/a Sank, Inc.**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent of service in the state of Louisiana, to-wit : J Michael Tonguis, 2225 Tchoupitoulas Street, New Orleans, La 70130

2. **Dixie Machine, Welding & Metal Works, Inc.**
   a foreign corporation, licensed to do and doing business in the State of Louisiana with their agent for service of process to wit:  Vicki H. Kihnemann, 5801 Citrus Blvd., Harahan, Louisiana  70123

3. **Eagle, Inc.**
   (Formerly Eagle Asbestos & Packing Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras Street - 30th Floor, New Orleans, LA 70163-3000

## EXHIBIT "D"

**EMPLOYERS:**

1.   **American Sugar Refining, Inc.**
     (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
     Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
     Sugar Refinery)
     a Delaware corporation authorized to do and doing business in the state of
     Louisiana, with an agent for service in the state of Louisiana, to-wit:  Corporate
     Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.   **BCI Acquisitions, Inc.**
     (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Texas, with its principal place of business in Houston, Texas,
     and who may be served via the Louisiana Long Arm Statute, to-wit: BCI
     Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3.   **Cooper/T. Smith Stevedoring Company**
     f/k/a Cooper Stevedoring of Louisiana, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4.   **James J. Flanagan Shipping Corporation**
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Texas, with its principal place of business in Beaumont,
     Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
     James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park
     Street, Ste. 200, Beaumont, Texas  77701

5.   **Ports America Gulfport, Inc.**
     f/k/a P & O Ports Gulfport, Inc.
     f/k/a I.T.O Corporation
     f/k/a Atlantic & Gulf Stevedores, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6.   **SSA Gulf Terminals, Inc.**
     f/k/a Ryan-Walsh Stevedoring Company, Inc.
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Louisiana, with its principal place of business in New
     Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
     C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

## EXHIBIT "E"

**PREMISE DEFENDANTS:**

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: BCI Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Beaumont, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park Street, Ste. 200, Beaumont, Texas 77701

5. **Ports America Gulfport, Inc.**
   f/k/a P & O Ports Gulfport, Inc.
   f/k/a I.T.O Corporation
   f/k/a Atlantic & Gulf Stevedores, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6. **SSA Gulf Terminals, Inc.**
   f/k/a Ryan-Walsh Stevedoring Company, Inc.
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

PLEASE SERVE THE FOLLOWING DEFENDANTS
WITH A COPY OF PLAINTIFFS' PETITION FOR
DAMAGES AND REQUESTS FOR ADMISSIONS,
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS:

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
   Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
   Sugar Refinery)
   Through its agent for service of process:
   Corporate Creations Network, Inc.
   1100 Poydras Street, #2900
   New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   Through its agent for service of process:
   (may be served pursuant to the Louisiana Long Arm Statute)
   BCI Acquisitions, Inc.
   5200 Hollister
   Houston, TX 77040

3. **Buck Kreihs Company, Inc., n/k/a Sank, Inc.**
   Through its agent for service of process:
   J Michael Tonguis
   2225 Tchoupitoulas Street
   New Orleans, La 70130

4. **Cooper/T. Smith Stevedoring Company**
   Through its agent for service of process:
   C T Corporation System
   8550 United Plaza Boulevard
   Baton Rouge, LA 70809

5. **Dixie Machine, Welding & Metal Works, Inc.**
   Through its agent for service of process:
   Vicki H. Kihnemann
   5801 Citrus Blvd.
   Harahan, Louisiana 70123

6. **Eagle, Inc.**
   Through its agent for service of process:
   Susan B. Kohn
   Simon, Peragine, Smith & Redfearn
   Energy Centre
   1100 Poydras Street - 30th Floor
   New Orleans, LA 70163-3000

7. **James J. Flanagan Shipping Corporation**
   Through its agent for service of process:
   (may be served pursuant to the Louisiana Long Arm Statute)
   James J. Flanagan Shipping Corporation
   Corporate Headquarters
   490 Park Street, Ste. 200
   Beaumont, Texas 77701

8. **The McCarty Corporation**
   Through its agent for service of process:
   Paul H. Spaht
   445 North Boulevard, Suite 300
   Baton Rouge, LA 70802

9. **Ports America Gulfport, Inc.**
   f/k/a P & O Ports Gulfport, Inc.
   f/k/a I.T.O Corporation
   f/k/a Atlantic & Gulf Stevedores, Inc.
   Through its agent for service of process:
   C T Corporation System
   8550 United Plaza Boulevard
   Baton Rouge, LA 70809

10. **SSA Gulf Terminals, Inc.**
    f/k/a Ryan-Walsh Stevedoring Company, Inc.
    Through its agent for service of process:
    C T Corporation System
    8550 United Plaza Boulevard
    Baton Rouge, LA 70809

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO. 2007-14804                                                DIV. G

### ALICE R. JEFFERSON *ET AL.*

### VERSUS

### AMERICAN SUGAR REFINING, INC. *ET AL.*

**FILED**

DEC 2 6 2007

DEPUTY CLERK
CIVIL DISTRICT COURT

FILED: _____                _____
                                          **DEPUTY CLERK**

### EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANT, COOPER/T. SMITH STEVEDORING COMPANY, INC., TO PLAINTIFFS' PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, Cooper/T. Smith

Stevedoring Company, Inc. (improperly named as "Cooper/T. Smith Stevedoring Company"

and/or "Cooper Stevedoring Co., Inc." and/or "Cooper-T. Smith Stevedoring Co., Inc." and/or

"Cooper Stevedoring of Louisiana, Inc." and hereinafter sometimes referred to as "Cooper/T.

Smith"), which responds to plaintiffs' Petition for Damages as follows:

### EXCEPTIONS TO PLAINTIFFS' PETITION FOR DAMAGES

Cooper/T. Smith excepts to plaintiffs' Petition for Damages by averring as follows:

DALE N. ATKINS
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE ROOM 402
NEW ORLEANS, LA 70112
504-592-9100

**1.**

Plaintiff has no right and/or cause of action against Cooper/T. Smith.

### ANSWER TO PLAINTIFFS' PETITION FOR DAMAGES

DATE: 12/28/2007 at 14:38
SEC.: 11
RECEIPT#: 92771

AND NOW, for its answer to plaintiffs' Petition for Damages, Cooper/T. Smith avers as

follows:

| | PRICE | PAID | BAL |
|---|---|---|---|
| EXCEPTION | | | |
| ANSWER | $ 60.00 | $ 60.00 | 0.00 |
| E.U.S | $ 174.00 | $ 174.00 | 0.00 |
| TRIAL BY JURY | $ 600.00 | $ 600.00 | 0.00 |
| | $ 27.50 | $ 27.50 | 0.00 |

**2.**

The allegations contained in the introduction of plaintiffs' Petition for Damages do not

require a response from this defendant; however, out of an abundance of caution, to the extent

RECEIPT TOTAL $861.50

AMOUNT RECEIVED $861.50

that a response is deemed necessary, same are denied.

CHANGE DUE $.00

**3.**

Check #143? Amt. $861.50

The allegations contained in paragraph 1 of plaintiffs' Petition for Damages are denied.

4.

The allegations contained in paragraph 2 of plaintiffs' Petition for Damages are denied.

5.

The allegations contained in paragraph 3 of plaintiffs' Petition for Damages are denied, except to admit that Cooper/T. Smith is a corporation.

6.

The allegations contained in paragraph 4 of plaintiffs' Petition for Damages are denied.

7.

The allegations contained in paragraph 5 of plaintiffs' Petition for Damages are denied.

8.

The allegations contained in paragraph 6 of plaintiffs' Petition for Damages are denied.

9.

The allegations contained in paragraph 7 of plaintiffs' Petition for Damages are denied.

10.

The allegations contained in paragraph 8 of plaintiffs' Petition for Damages are denied.

11.

The allegations contained in paragraph 9 of plaintiffs' Petition for Damages are denied.

12.

The allegations contained in paragraph 10 of plaintiffs' Petition for Damages are denied.

13.

The allegations contained in paragraph 11 of plaintiffs' Petition for Damages are denied.

14.

The allegations contained in paragraph 12 of plaintiffs' Petition for Damages are denied.

15.

The allegations contained in paragraph 13 of plaintiffs' Petition for Damages are denied.

16.

The allegations contained in paragraph 14 of plaintiffs' Petition for Damages are denied.

17.

The allegations contained in paragraph 15 of plaintiffs' Petition for Damages are denied.

18.

The allegations contained in paragraph 16 of plaintiffs' Petition for Damages are denied.

19.

The allegations contained in paragraph 17 of plaintiffs' Petition for Damages are denied.

20.

The allegations contained in paragraph 18 of plaintiffs' Petition for Damages are denied.

21.

The allegations contained in paragraph 19 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

22.

To the extent that plaintiffs, in paragraph 20 of their Petition for Damages, assert that "[a]ll of the allegations contained in the previous paragraphs are realleged herein," defendant reiterates, reasserts, reavers, realleges and incorporates and adopts by reference all of the allegations, responses, affirmative defenses and prayers in response to any and all such allegations, as if plead herein.

23.

The allegations contained in paragraph 21 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

24.

The allegations contained in paragraph 22 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

25.

The allegations contained in paragraph 23 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

26.

The allegations contained in paragraph 24 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

27.

The allegations contained in paragraph 25 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

28.

The allegations contained in paragraph 26 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

29.

The allegations contained in paragraph 27 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

30.

The allegations contained in paragraph 28 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

31.

The allegations contained in paragraph 29 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

32.

The allegations contained in paragraph 30 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

33.

The allegations contained in paragraph 31 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

34.

The allegations contained in paragraph 32 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

35.

The allegations contained in paragraph 33 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

36.

The allegations contained in paragraph 34 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

37.

The allegations contained in paragraph 35 of plaintiffs' Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

38.

The allegations contained in paragraph 36 of plaintiffs' Petition for Damages are denied.

39.

The allegations contained in paragraph 37 of plaintiffs' Petition for Damages are denied.

40.

The allegations contained in paragraph 38 of plaintiffs' Petition for Damages are denied.

41.

The allegations contained in paragraph 39 of plaintiffs' Petition for Damages are denied.

42.

The allegations contained in paragraph 40 of plaintiffs' Petition for Damages are denied.

43.

The allegations contained in paragraph 41 of plaintiffs' Petition for Damages are denied.

44.

The allegations contained in paragraph 42 of plaintiffs' Petition for Damages are denied.

45.

The allegations contained in paragraph 43 of plaintiffs' Petition for Damages are denied.

46.

The allegations contained in paragraph 44 of plaintiffs' Petition for Damages are denied.

47.

The allegations contained in paragraph 45 of plaintiffs' Petition for Damages are denied.

48.

The allegations contained in paragraph 46 of plaintiffs' Petition for Damages are denied.

49.

The allegations contained in paragraph 47 of plaintiffs' Petition for Damages are denied.

50.

The allegations contained in paragraph 48 of plaintiffs' Petition for Damages are denied.

51.

The allegations contained in paragraph 49 of plaintiffs' Petition for Damages are denied.

52.

The allegations contained in paragraph 50 of plaintiffs' Petition for Damages are denied.

53.

The allegations contained in paragraph 51 of plaintiffs' Petition for Damages are denied.

54.

The allegations contained in the prayer of plaintiffs' Petition for Damages are denied.

## AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION FOR DAMAGES

AND NOW, for its affirmative defenses to plaintiffs' Petition for Damages, Cooper/T. Smith avers as follows:

55.

Plaintiffs' claims against Cooper/T. Smith are barred by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

56.

Plaintiffs' claims against Cooper/T. Smith are barred by LSA-R.S. § 23:1021 *et seq.*, the Louisiana Workers' Compensation Act.

57.

There was no fault, neglect or other basis for liability or responsibility on the part of Cooper/T. Smith, with respect to the incident complained of.

58.

Inasmuch as plaintiffs' alleged loss of consortium claims against Cooper/T. Smith arose/accrued after 1982, but are based upon allegedly-significant exposures that occurred before 1982, plaintiffs have no cause of action for loss of consortium.

59.

Inasmuch as plaintiffs' alleged loss of care, maintenance, support, services, advice and counsel claims are merely components of and are encompassed within their alleged loss of consortium claims, plaintiffs have no cause of action for loss of love, affection, support, services, society or quality of life.

60.

In the alternative, Cooper/T. Smith avers that the damages alleged by plaintiffs, if any exist, which is specifically denied, were caused solely by the fault and negligence of Lucious Jefferson, Sr., *i.e.* Lucious Jefferson, Sr.'s assumption of the risk, contributory negligence and/or comparative fault, or by others for whom Cooper/T. Smith has no responsibility, which precludes and/or bars and/or diminishes plaintiffs' recovery herein.

61.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages as a result of the negligence of anyone for whom Cooper/T. Smith could or might be responsible, which is specifically denied, the damages of plaintiffs were also caused by and/or contributed to by and/or aggravated by plaintiffs' own negligence, i.e. plaintiffs' assumption of the risk, contributory negligence and/or comparative fault, and/or the negligence of others for whom Cooper/T. Smith is not responsible, and Cooper/T. Smith is entitled to have any award or recovery mitigated and reduced accordingly.

62.

Plaintiffs' fault constitutes a superceding cause, thus barring any recovery therein.

63.

Cooper/T. Smith pleads the affirmative defenses of prescription, estoppel, and the applicable statute of limitations.

64.

Plaintiffs suffer from pre-existing conditions and/or suffered a subsequent accident, which serves to bar or diminish any recovery herein.

65.

Cooper/T. Smith specifically reserves its right to further amend and amplify these answers and defenses as further discovery may warrant.

66.

Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

67.

Cooper/T. Smith specifically reserves its right to file third-party complaints, counterclaims and/or cross-claims such as the facts may disclose and/or warrant.

68.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages and are entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases of any persons, companies or entities, whether a party or not, and whether said settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental petition herein.

69.

Any and all allegations not specifically admitted above are denied.

70.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein.

WHEREFORE, defendant, Cooper/T. Smith, prays that its Exceptions, Answer, Affirmative Defenses and Jury Demand filed in response to plaintiffs' Petition for Damages be deemed good and sufficient and that, after due proceedings be had, there be a judgment herein in

favor of Cooper/T. Smith, dismissing plaintiffs' claims, with prejudice, at his sole cost, and for all relief as may be deemed equitable and just.

Respectfully submitted:

**ADAMS AND REESE LLP**

FILED

DEC 2 6 2007

DEPUTY CLERK
CIVIL DISTRICT COURT

MARK J. SPANSEL (#12314)
EDWIN C. LAIZER (# 17014)
TYSON B. SHOFSTAHL (# 21084)
ROLAND M. VANDENWEGHE, JR. (# 25283)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: 504-581-3234
Fax: 504-566-0210
*Attorneys for Defendant,*
*Cooper/T. Smith Stevedoring Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Exceptions, Answer, Affirmative Defenses and Jury Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc. to Plaintiffs' Petition for Damages has this date been served on all counsel of record in this proceeding by:

( )   Hand Delivery          ( )   Prepaid U. S. Mail

(X)   Facsimile              ( )   Other

New Orleans, Louisiana, this 26th day of December, 2007.

ROLAND M. VANDENWEGHE, JR.

A TRUE COPY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-14804

SECTION 11

ALICE R. JEFFERSON, ET AL.

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL.

FILED: _____          _____

                                                          **DEPUTY CLERK**

FILED
JAN 17 2008
DEPUTY CLERK
CIVIL DISTRICT COURT

**JURY**

<u>**EXCEPTIONS, ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF**</u>
<u>**OF SSA GULF TERMINALS, INC., IN RESPONSE TO PLAINTIFFS' PETITION FOR**</u>
<u>**DAMAGES**</u>

<u>**JURY TRIAL REQUESTED**</u>

NOW INTO Court, through undersigned counsel, comes defendant, SSA Gulf Terminals Inc.,

("SSA Gulf") and submits the following Exceptions, Answer and Affirmative Defenses in response

to Plaintiffs' Petition for Damages:

<u>**EXCEPTIONS**</u>

**1. Lis Pendens**

Out of an abundance of caution, defendant asserts the Exception of Lis Pendens.

**2. Non-Conformity**

Defendant asserts that plaintiffs' petition fails to comply with the requirements of Louisiana

Code of Civil Procedure articles 891 and 856, and therefore asserts the exception of non-conformity

pursuant to LSA-C.C.P. art. 926. Specifically, defendant asserts that plaintiffs' petition fails to set

forth "a short, clear, and concise statement of . . . the material facts" pertinent to this defendant, as

required by LSA-C.C.P. arts. 891(A) and 856.

**3. Vagueness and Ambiguity**

Defendant asserts that plaintiffs' petition is impermissibly vague and ambiguous.

Specifically, plaintiffs' petition asserts various allegations against this defendant based upon alleged

defects in products and premises, but fails to identify any such products or premises directly related

to this defendant. This insufficiency is fatal to plaintiffs' claims in light of the fact that this

defendant is neither a product manufacturer nor an owner of any premise at which plaintiffs'

defendant ever worked and was exposed to asbestos.

### 4. Lack of Procedural Capacity

Plaintiffs in this action assert that they are the statutory heirs of decedent, Lucious Jefferson,

but have provided no evidence in support thereof with respect to plaintiff, Sharon J. Galloway. Out

of an abundance of caution, defendant asserts the exception of lack of procedural capacity as to all

plaintiff Sharon J. Galloway.

### 5. No Cause of Action

Plaintiffs' petition asserts claims for various damages, including damages for loss of care,

services and support. Such damages are properly encompassed within wrongful death actions and/or

claims for loss of consortium. Under the law governing this action, neither are available to plaintiffs

against this defendant. Therefore, defendant asserts the exception of no cause of action as such

claims.

### 6. No Right of Action

For the reasons asserted above related to the exception of lack of procedural capacity,

defendant asserts the exception of no right of action for the plaintiffs in this matter to seek damages

on behalf of decedent, Lucious Jefferson.

## ANSWER TO PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

1.

The allegations of Paragraph 1 are denied as said allegations may pertain to this defendant.

2.

The allegations in Paragraph 2 are denied.

3.

The allegations of Paragraph 3 are denied as said allegations may pertain to this defendant

4.

The allegations of Paragraph 4 are denied as said allegations may pertain to this defendant.

5.

The allegations of Paragraph 5 are denied as said allegations may pertain to this defendant.

2

6.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 are denied as said allegations may pertain to this defendant.

8.

The allegations of Paragraph 8 are denied as said allegations may pertain to this defendant.

9.

The allegations of Paragraph 9 are denied as said allegations may pertain to this defendant.

10.

The allegations of Paragraph 10 are denied as said allegations may pertain to this defendant.

11.

The allegations of Paragraph 11 are denied as said allegations may pertain to this defendant.

12.

The allegations of Paragraph 12 are denied as said allegations may pertain to this defendant.

13.

The allegations of Paragraph 13 are denied as said allegations may pertain to this defendant.

14.

The allegations of Paragraph 14 are denied for lack of sufficent information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied as said allegations may pertain to this defendant.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied as said allegations may pertain to this defendant.

20.

In response to the allegations of Paragraph 20, defendant incorporates by reference herein. Its responses to the foregoing allegations.

21.

The allegations of Paragraph 21 are denied as said allegations may pertain to this defendant.

22.

The allegations of Paragraph 22 are denied as said allegations may pertain to this defendant.

23.

The allegations of Paragraph 23 are denied as said allegations may pertain to this defendant.

24.

The allegations of Paragraph 24 are denied as said allegations may pertain to this defendant.

25.

The allegations of Paragraph 25 are denied as said allegations may pertain to this defendant.

26-35.

The allegations of Paragraphs 26-35 do not appear to pertain to this defendant and thus do not require a response. Out of an abundance of caution, the allegations of Paragraphs 26-35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied as said allegations may pertain to this defendant.

37.

The allegations of Paragraph 37 are denied as said allegations may pertain to this defendant.

38.

The allegations of Paragraph 38 are denied as said allegations may pertain to this defendant.

39.

The allegations of Paragraph 39 are denied as said allegations may pertain to this defendant.

40.

The allegations of Paragraph 40 are denied as said allegations may pertain to this defendant.

41.

The allegations of Paragraph 41 are denied as said allegations may pertain to this defendant.

46.(sic)

The allegations of Paragraph 46 are denied as said allegations may pertain to this defendant.

47.

The allegations of Paragraph 47 are denied as said allegations may pertain to this defendant.

48.

In response to the allegations of Paragraph 48, defendant incorporates by reference herein. Its responses to the foregoing allegations.

49.

The allegations of Paragraph 49 are denied as said allegations may pertain to this defendant.

50.

The allegations of Paragraph 50 are denied as said allegations may pertain to this defendant.

51.

The allegations of Paragraph 51 are denied as said allegations may pertain to this defendant.

AND NOW, further answering plaintiffs' Petition for Damages, Defendant, SSA Gulf Terminals, Inc., asserts the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

1.

Plaintiff's state law claims in this case are barred and preempted by the terms and provisions of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901, et seq.

2.

SSA Gulf avers that plaintiff's claims are barred by his own contributory and/or comparative negligence and assumption of risk, consisting, without limitation, of the following non-exclusive particulars:

1. Failure to properly protect himself against hazards about which he knew or should have known;

2. Failure to wear proper protective equipment;

3. Failure to follow instructions of his superiors; and,

4. Any and all other negligent acts or omissions which may be discovered or proved at the trial of this matter.

3.

SSA Gulf avers that the injuries and damages alleged in the Petition, which injuries are expressly denied, were caused by the negligence, strict liability or fault of third-parties for whom SSA Gulf is not liable.

4.

SSA Gulf avers that all claims alleged herein against this defendant, are barred, in whole or in part, by prescription.

5.

SSA Gulf avers that plaintiff has failed to mitigate any damages sustained.

6.

SSA Gulf avers that plaintiff's alleged injuries did not occur as a result of exposure to

asbestos, but were approximately caused by other medical conditions, including, but not limited to, health conditions related to tobacco use.

7.

SSA Gulf avers that it is entitled to a credit for the virile portion or percentage of fault attributable to any and all settling defendants and/or non-defendant entities.

8.

SSA Gulf avers that any claim for punitive damages herein is unconstitutional, and is further proscribed under Louisiana law.

9.

SSA Gulf avers that any claim based on any theory of strict liability or liability without fault is unconstitutional in that it seeks to impair the redress of grievances and intends to deprive SSA Gulf of property without due process of law. SSA Gulf further avers that it is not legally responsible to plaintiff under any theory of strict liability for any injury, loss of damage, as a result of plaintiff's contact with, or exposure to, or use of any asbestos-containing product prior to June 28, 1971, when the Louisiana Supreme Court decided the case of *Weber v. Fidelity & Casualty Company of New York,* 250 So. 2d 754 (La. 1971).

10.

SSA Gulf avers that plaintiff's injuries, if any, which are specifically and expressly denied, were neither caused by nor contributed to by SSA Gulf nor anyone for whom it could or may have been responsible herein. Rather, said injuries, which are specifically and expressly denied, were caused by the negligence and fault of other parties and concerns over which this third party defendant has no duty or control.

11.

If plaintiff was exposed to products containing asbestos, which is denied, such exposure did not occur as a result of the fault or exposure to any products under the care, custody and control of any party for whom SSA Gulf may be held responsible, or on the premises of anyone for whom SSA Gulf may be held responsible.

12.

Plaintiff was not exposed to any asbestos materials by any act or omission of anyone for whom SSA Gulf may be held responsible, or, if such exposure occurred, which is denied, such exposure was of insufficient quantities and such infrequent intervals, or for such short periods of

times, or under conditions as to amount to no proximate cause of plaintiff's damages, if any, as a

matter of law.

JAN 1 7 2003

DEPUTY CLERK
CIVIL DISTRICT COURT

### 13.

SSA Gulf avers the underlying demands are barred by the exclusive remedy provisions of

the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901, et seq., and/or the exclusive

remedy provisions of the Louisiana Workers' Compensation Act, La. Rev. Stat. 23:1021, et seq.

### 14.

SSA Gulf pleads any and all other defenses available to it under the Louisiana Civil Code,

Louisiana Code of Civil Procedure, Louisiana Revised Statutes, and Louisiana Law.

### 15.

SSA Gulf adopts all affirmative defenses, if any, not specifically set out in this Answer but

asserted by any other defendant in this case.

SSA Gulf reserves the right to supplement and amend its answers and defenses.

### 16.

SSA Gulf requests a trial by jury on all issues.

**WHEREFORE**, considering the foregoing, defendant, SSA Gulf Terminals, Inc., prays that

its Exceptions be maintained, and that this matter be dismissed as to SSA Gulf Terminals, or, in the

alternative, that after due proceedings are had, this matter be dismissed, with prejudice, and at

plaintiffs' sole cost.

Respectfully submitted:

RICHARD P. SULZER #21150
ROBERT E. WILLIAMS, IV, #19217
201 Holiday Boulevard, Suite 335
Covington, Louisiana 70433
Telephone: (985) 898-0608
Facsimile: (985) 898-0871
Attorneys for SSA Gulf Terminals, Inc.

A TRUE COPY

## CERTIFICATE OF SERVICE

By my signature hereinabove, I hereby certify that a true and correct copy of the above and foregoing pleading was sent by fax and U.S. Mail, postage prepaid and properly addressed to counsel for plaintiff this January 18, 2008 and will be served upon known defense counsel at their request.

FILED

JAN 1 7 2008

DEPUTY CLERK
CIVIL DISTRICT COURT

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2008 JAN 29 A 10: 10

STATE OF LOUISIANA

NUMBER: 2007-14804     SECTION "H" CIVIL DISTRICT COURT DIVISION: "G"

ALICE R. JEFFERSON, ET. AL.

VERSUS

AMERICAN SUGAR REFINING , INC., ET AL

FILED: _____     _____

Deputy Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER & EXCEPTIONS OF JAMES J. FLANAGAN SHIPPING CORPORATION TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, James J. Flanagan Shipping Corporation, hereafter referred to as ("Flanagan"), and excepts to, and answers, the Petition for Damages of Alice R. Jefferson, et. al. as follows:

### EXCEPTIONS

1.

Flanagan asserts the peremptory exception of no cause of action pursuant to La. C.C.P. Article 927(4) on the grounds that the plaintiff has failed to allege any statutory or contractual basis for the recovery of attorney's fees or punitive damages against Flanagan, and further, on the grounds that plaintiff has failed to state a cause of action against defendant for which the relief they seek may be granted.

2.

Flanagan asserts the peremptory exception of prescription pursuant to La.C.C.P. Article 927(1), and further contends that the action is barred by the principle of laches. Flanagan reserves its right to assert other exceptions unknown at this time, and to adopt exceptions plead by any and all other parties.

### ANSWER TO PETITION FOR DAMAGES

1.

The truth of the allegations contained in paragraph 1 is denied for lack of sufficient information to justify a belief therein and Flanagan further denies that it had asbestos

containing products in this Parish at that location.

2.

The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph three are admitted in so far as it applies to Flanagan.

4.

The allegations alleged in Paragraph 4 do not apply to Flanagan, and do not require a response, however, should the court require a response the truth of the allegations contained in Paragraph 4 are denied.

5.

The allegations of Paragraphs 5 and 6 are denied for lack of sufficient information to justify a belief therein.

6.

Flanagan avers that the allegations of Paragraph 7 do not apply to it, and, therefore, does not require a response, however, should the court require a response the truth of the allegations contained in Paragraph 7 are denied.

7.

The allegations of Paragraph 8 are denied.

8.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein. Flanagan further denies that it ever produced, installed or distributed the products reference therein.

9

The allegations of Paragraph 10 are denied.

10.

The allegations of Paragraphs 11 and 12 do not apply to Flanagan, but if an answer is required, they are denied for lack of sufficient information to justify a belief

therein.

## 11.

The allegations of Paragraphs 13 do not apply to Flanagan and do not require a response, should the court require a response the truth of the allegations contained in Paragraph 13 are denied.

## 12.

The allegations of Paragraphs 14 through 16 do not apply to defendant, Flanagan, and, therefore, do not require a response, however, should the court require a response the truth of the allegations contained in Paragraphs 14 through 16, inclusive, are denied.

## 13.

The allegations of paragraph 18 relative to a timely filing re denied.

## 14.

The allegations of Paragraph 19, (a) through (h) and paragraphs 20 through 35 do not apply to Flanagan, but, if an answer is required, they are denied.

## 15.

In so far as the allegations of paragraphs 36 through 41 are directed at Flanagan they are denied. In al other aspects they are denied for lack of sufficient information to justify a belief therein.

## 16.

The allegations of Paragraphs 46 and 47are denied as being applicable to Flanagan and all other allegations contained therein, which might be considered applicable, are denied.

## 17.

The allegations contained in paragraphs 48 through 50 are denied.

## 18.

The allegations contained in paragraph 51 and it subsections (a) through (i) are denied for lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, James J. Flanagan Shipping Corporation avers:

19.

The Petition for Damages fails to state a cause of action against Flanagan for which relief can be granted.

20.

The plaintiff's action against defendant, Flanagan, is barred by virtue of 27 U.S.C. 905, et seq. and their exclusive remedy against defendant, Flanagan, is under The Longshore & Harbor Workers' Compensation statute, 27 U.S.C. 905, et seq.

21.

The conditions alleged by the plaintiff are due in no manner to any fault or negligence on the part of the defendant, James J. Flanagan Shipping Corporation, but were cause solely and exclusively by the negligence and fault of the plaintiff, William F. Hammonds, in the following non-exclusive respects:

a)     Failure to use safety devices, such as, masks and respirators for breathing in the presence of dust laden air;

b)     Failure to request the furnishing of blowers, or other equipment to remove dust laden air from his work area;

c)     Failure to cease working in an environment with dust laden air knowing he was working in an area where he knowingly assumed the risk;

d)     Any and all other acts of negligence or fault to be shown at the trial hereof.

22.

Plaintiff'S claims are barred by LSA-RS 23:1021, et seq., The LouisianaWorkers' Compensation Act.

In the alternative, and only in the event that this Honorable Court finds that the defendant, Flanagan is liable for any negligence, fault, or strict liability, which brought about the condition made the basis of the plaintiff's suit, which negligence, fault, or strict liability is specifically denied by the defendant, Flanagan, then ·lefendant re-asserts and re-avers all of the aforementioned acts of negligence, fault or omission on the part of the plaintiff as set forth in the preceding paragraphs of this answer, and specifically pleads that

each said negligent acts or omissions is an act of contributory/comparative negligence and/or assumption of the risk which was the proximate cause of the alleged conditions of which plaintiff now complains and defendant specifically pleads contributory/comparative negligence, victim fault, assumption of the risk, and bars litigation of plaintiff's demands.

### 22.

For further answer to Petition for Damages, defendant, Flanagan, specifically pleads that all conditions alleged herein were caused by the negligence, wanton, careless, and unreasonable conduct of third parties for whom this defendant is not responsible.

### 23.

Defendant, Flanagan, specifically avers that plaintiffs have failed to mitigate their damages.

### 24.

Defendant, Flanagan, specifically avers that it is entitled to a credit/offset for fault/liability of any and all defendants who may settle with the plaintiff prior to the trial of this matter.

### 25.

Defendant, Flanagan, is entitled to a setoff, reduction, or credit per a pro rata virile share from each of the defendants named, or unnamed in this petition.

### 26.

Plaintiff's are not entitled to attorney's fees from defendant, Flanagan, as a matter of law.

### 27.

Defendant, Flanagan, adopts all affirmative defenses, if any, and specifically set out in this Answer as asserted by any other defendant in this case. Defendant reserves the right to assert all applicable affirmative defenses that may be divulged in future discovery. In the event that any allegations of the petition were overlooked by this Answer, out of an abundance of caution, they are hereby denied for lack of sufficient information to justify a belief therein.

WHEREFORE, defendant, James J. Flanagan Shipping Corporation prays that after due proceedings be had, that there be judgment in its favor and against plaintiff, dismissing the Petition for Damages at plaintiff's cost. Flanagan further prays for all general and equitable relief.

Respectfully Submitted,

DOUGLASS M. MORAGAS (#9670)
1999 Hickory Avenue, Suite 101
Harahan, Louisiana 70123
(504) 738-8305

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading has been forwarded to all parties of record by hand delivery or by facsimile transmission or by overnight mail or by placing same in the United States mail, properly addressed and postage paid, this 29th day of January 2008.

DOUGLASS M. MORAGAS

A TRUE COPY

2/29/08

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO. 2007-14804      **SECTION: 11**      DIVISION "G"

### ALICE R. JEFFERSON, ET AL

### VERSUS

### AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____      _____

                                         **DEPUTY CLERK**

## EXCEPTIONS AND ANSWER
## OF PORTS AMERICA GULFPORT, INC.
## TO PLAINTIFFS' PETITION FOR DAMAGES

    **NOW INTO COURT**, through undersigned counsel, comes Ports America Gulfport,

Inc., f/k/a P&O Ports Gulfport, Inc. f/k/a I.T.O Corporation, f/k/a Atlantic and Gulf

Stevedores, Inc. (hereinafter, collectively, "Ports America"), which pleads the following

Exceptions, Answer and Third Party Demands in response to plaintiffs' Petition for

Damage:

I.

### DECLINATORY, DILATORY AND PEREMPTORY EXCEPTIONS

#### 1. Non-Conformity

    Ports America asserts that plaintiffs' petition fails to comply with the requirements

of Louisiana Code of Civil Procedure articles 891 and 856, and therefore asserts the

exception of non-conformity pursuant to LSA-C.C.P. art. 926. Specifically, defendant

asserts that plaintiffs' petition fails to set forth "a short, clear, and concise statement of "...

the material facts" pertinent to this defendant, as required by LSA-C.C.P. arts. 891(A) and

856.

#### 2. Vagueness and Ambiguity

    Ports America asserts that plaintiffs' petition is impermissibly vague and ambiguous.

Specifically, plaintiffs' petition asserts various allegations against this defendant based

upon alleged defects in products and premises, but fails to any such products or

premises directly related to this defendant. This insufficiency to plaintiffs' claims in

light of the fact that this defendant is neither a product manufacturer nor an owner of any

premise at which plaintiffs' defendant ever worked and was exposed to asbestos. The

allegations are so vague that plaintiffs have failed to state a cause of action against Ports America.

### 3. Lack of Procedural Capacity

Plaintiffs in this action assert that they are the statutory heirs of decedent, Lucious Jefferson, but have not provided evidence in support thereof as to each plaintiff. Out of an abundance of caution, defendant asserts the exception of lack of procedural capacity as to all plaintiffs named in this action.

### 4. No Right of Action

For the reasons asserted above related to the exception of lack of procedural capacity, defendant asserts the exception of no right of action for the plaintiffs in this matter to seek damages on behalf of decedent, Lucious Jefferson.

### 5. No Cause of Action

Ports America asserts the Peremptory Exception of No Cause of Action as to plaintiffs' tort claims for the alleged wrongful death of Lucious Jefferson. Plaintiffs allege that Lucious Jefferson was an employee of Ports America and that he was exposed to asbestos during that employment, which exposure led to his contraction of an occupational disease and resulted in his death. Any alleged cause of action for his death arose at the time of his death, on or about December 12, 2006, as set forth by the Louisiana Supreme Court in *Walls v. American Optical Corp.*, 98-0455 (La. 9/8/99), 740 So.2d 1262. Thus pursuant to the Louisiana Workers Compensation Act (L.S.A.-R.S. 23:1032 *et seq.*), as it existed on December 25, 2006, plaintiffs' sole remedy for the wrongful death of Lucious Jefferson as a result of an occupational disease allegedly contracted in the course and scope of his employment with Ports America is under the Louisiana Workers' Compensation Act, which bars tort claims against the employer.

Ports America also asserts the Peremptory Exception of No Cause of Action as to plaintiffs' claims based upon "premises liability." Plaintiffs have failed to identify any building, premises or facility for which they allege Ports America is liable, made broad, vague allegations, and otherwise failed to state a cause of action for "premises liability."

## II.

## ANSWER

And now, in response to the allegations of plaintiffs' Petition for Damages, Ports America asserts the following defenses:

## FIRST DEFENSE

The Petition fails to state a claim for which relief may be granted.

## SECOND DEFENSE

The Petition is vague and ambiguous as it pertains to Ports America.

## THIRD DEFENSE

Plaintiffs' claims against Ports America are prescribed.

## FOURTH DEFENSE

Plaintiffs have no tort claims pursuant to the law of Louisiana against Ports America.

## FIFTH DEFENSE

The Plaintiffs have no right of action against Ports America.

## SIXTH DEFENSE

Ports America is immune from suit, and plaintiffs have no cause of action against Ports America pursuant to applicable provisions of the Longshore and Harbor Workers' Compensation Act and applicable Louisiana state workers' compensation law.

## SIXTH DEFENSE

The Petition fails to state a cause of action against Ports America.

## SEVENTH DEFENSE

The Petition includes an improper cumulation of actions.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by *res judicata*.

## NINTH DEFENSE

Plaintiffs' claims are banned by *lis pendens*.

## TENTH DEFENSE

Ports America adopts and incorporates by reference all exceptions asserted and/or to be asserted by any other defendant in this action.

3

### ELEVENTH DEFENSE

Ports America is entitled to a reduction in the amount for which it may ultimately be held responsible in Judgment of the plaintiff to the full extent available under the laws of indemnity, comparative negligence, and/or contribution.

### TWELFTH DEFENSE

Ports America pleads that plaintiffs failed to properly mitigate their damages which bars and/or reduces any recovery that may be obtained.

### THIRTEENTH DEFENSE

Plaintiff's injuries and illnesses, if any, were the result of the usual and normal risks of his occupation which were assumed by him and which are pleaded herein as a bar to and/or in mitigation of any recovery plaintiff may receive.

### FOURTEENTH DEFENSE

Ports America owed no duty to plaintiff, the breach of which may have caused injury or damage to plaintiff.

### FIFTEENTH DEFENSE

Plaintiff's injuries or illnesses, if any, were causally related to his own negligence or fault which is specifically pleaded herein to mitigate and/or diminish any recovery plaintiff may obtain.

### SIXTEENTH DEFENSE

Plaintiff's injuries or illnesses, if the result of occupational or non-occupational exposure, were caused by substances other than asbestos.

### SEVENTEENTH DEFENSE

Ports America could not and did not foresee the risk of damages and/or injuries to this particular plaintiff.

### EIGHTEENTH DEFENSE

Ports America specifically denies that plaintiff was exposed to asbestos at any time while in the course and scope of his employment, if any, with it or at any other time was plaintiff exposed to asbestos by any act or inaction on the part of Ports America.

### NINETEENTH DEFENSE

Plaintiff has no right or cause of action against Ports America as a matter of law.

4

### TWENTIETH DEFENSE

Ports America denies that it or anyone for whose actions it is or may be responsible in any way caused or contributed to any alleged injuries or illnesses of plaintiff and, in fact, avers that any alleged injuries or illnesses were the result of the fault and neglect of plaintiff or other parties for whose actions Ports America is not legally responsible.

### TWENTY-FIRST DEFENSE

In further response to plaintiffs' Petition for Damages, Ports America denies that it was in any way negligent with regard to plaintiff's work conditions and environment.

### TWENTY-SECOND DEFENSE

Ports America specifically denies that its work sites in any way violated workplace safety regulations propounded by the U.S. Department of Labor, the Walsh/Healy Act or the Occupational Safety and Health Act.

### TWENTY-THIRD DEFENSE

Ports America prays for trial by jury.

### TWENTY-FOURTH DEFENSE

Ports America specifically denies that plaintiff is entitled to any award for medical costs, lost earnings, mental suffering, anguish and pain, physical pain and suffering, loss of qualify of life, loss of consortium or any other form of non-pecuniary damage.

### TWENTY-FIFTH DEFENSE

Ports America denies that plaintiff is suffering from or contracted any disease, illness or condition that is work-related or caused or contributed to by exposure to any of the substances claimed by plaintiff.

### TWENTY-SIXTH DEFENSE

In response to plaintiffs' Petition for Damages, Ports America denies the allegations contained in paragraphs 1 through 38, inclusive, and all subparts therein, as they may in any way pertain to Ports America.

### TWENTY-SEVENTH DEFENSE

Ports America denies that plaintiff was exposed to any ultra-hazardous material or was engaged in an ultra-hazardous occupation or job.

### TWENTY-EIGHTH DEFENSE

Ports America denies that plaintiff has a claim for special or general damages as a matter of fact or law.

### TWENTY-NINTH DEFENSE

Ports America denies that plaintiff and his spouse and dependents, as applicable, are entitled to any damages, including but not limited to loss of society, support, love and affection or consortium, or any other non-pecuniary damages at any time.

### THIRTIETH DEFENSE

Ports America denies that plaintiff is entitled to recover the costs of trial, interest or any judgment, attorney's fees, or any other remedy whether in law or equity.

### THIRTY-FIRST DEFENSE

Plaintiffs' state law claims in this case are preempted by the terms and provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

### THIRTY-SECOND DEFENSE

Plaintiffs' Petition for Damages and the claims made against Ports America therein are barred and preempted by the exclusivity provisions of the Longshore and Harbor Workers' Compensation Act and/or the Louisiana Workers' Compensation Act.

### THIRTY-THIRD DEFENSE

Ports America avers that at no time pertinent hereto was it ever a manufacturer, miner, distributor, seller, supplier or end user of asbestos, silica, or other airborne contaminants or toxic fibers or products containing asbestos, silica, or other airborne contaminants or toxic fibers and thus is not subject to any theory of liability as a product manufacturer or distributor.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred by his failure to exhaust his administrative remedies.

### THIRTY-FIFTH DEFENSE

The risks and hazards alleged by plaintiff were known or should have been known to plaintiff as a result of which he assumed the risk.

6

### THIRTY-SIXTH DEFENSE

Plaintiff's alleged conditions were caused or contributed to by his own acts or omissions.

### THIRTY-SEVENTH DEFENSE

Plaintiff's alleged conditions were the result of unavoidable circumstances.

### THIRTY-EIGHTH DEFENSE

Plaintiff's alleged conditions were caused by or contributed to by the plaintiff himself and/or other persons or parties for whom Ports America is not responsible.

### THIRTY-NINTH DEFENSE

Plaintiff failed or refused to use appropriate protective equipment which was or may have been available to him.

### FORTIETH DEFENSE

Plaintiff has entered into settlements with other parties allegedly responsible to plaintiff for his alleged conditions, which settlements are a bar to or diminution of any recovery against Ports America.

### FORTY-FIRST DEFENSE

Plaintiff was not exposed to asbestos, silica, or other airborne contaminants or toxic fibers, or similar products during his employment with Ports America.

### FORTY-SECOND DEFENSE

Plaintiffs' lawsuit is neither grounded in fact nor warranted by existing law or a good faith argument for the modification or reversal of existing law. Accordingly, Ports America seeks appropriate sanctions against the plaintiff and his counsel to include all reasonable expenses incurred because of the filing of this lawsuit, including reasonable attorney's fees.

**WHEREFORE**, defendant, Ports America Gulfport, Inc., specifically prays that its Exceptions and Answer be deemed good and sufficient and after due proceedings are had, there be judgment herein in favor of Ports America Gulfport, Inc., thereby dismissing the plaintiffs' Petition with prejudice at plaintiffs' costs and for all general and equitable relief to which they may be entitled.

Respectfully submitted,

WILTON E. BLAND, III       (#3123)
PATRICK E. COSTELLO     (#26619)
JACQUES P. DeGRUY      (#29144)
Mouledoux, Bland, Legrand & Brackett, LLC
One Shell Square, Suite #4250
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:    (504) 522-2121
Attorneys for Defendant,
Ports America Gulfport, Inc.
H:\0585\07459 Jefferson, Alice\Pleadings\Answer and Exceptions.wpd

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the above and foregoing pleadings has been sent to all counsel of record, via e-mail, facsimile, by hand and/or U.S. Mail, properly addressed and postage prepaid.

    THIS 31st day of January, 2008.

JACQUES P. DeGRUY

A TRUE COPY

8

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-14804                    SECTION: 11                    DIVISION "G"

ALICE R. JEFFERSON, ET AL

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____          _____

                                          DEPUTY CLERK

### REQUEST FOR WRITTEN NOTICE

**NOW INTO COURT** , through undersigned counsel, comes defendant, Ports America Gulfport, Inc. f/k/a P&O Ports Gulfport, Inc. f/k/a I.T.O Corporation f/k/a Atlantic and Gulf Stevedores, Inc. (hereinafter, collectively, "Ports America"), which, in accordance with Louisiana Code of Civil Procedure Article 1572, requests written notice from the Court, by mail, at least ten (10) days in advance of any date fixed for trial or hearing of this case, whether on exceptions, motions, rules or trial on the merits; and

Defendant further requests immediate written notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition thereof, as provided by Louisiana Code of Civil Procedure Articles 1913 and 1914, including notice of judgment in the event this case be taken under advisement or if the judgment is not signed at the conclusion of trial.

Notice is to be mailed or served upon undersigned counsel for defendant.

Respectfully submitted,

WILTON E. BLAND, III          (#3123)
PATRICK E. COSTELLO          (#26619)
JACQUES P. DeGRUY          (#29144)
Mouledoux, Bland, Legrand & Brackett, LLC
One Shell Square - Suite #4250
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:   (504) 522-2121
Attorneys for Defendant,
Ports America Gulfport, Inc.
H:\0585\07459 Jefferson, Alice\Pleadings\Request for Written Notice.wpd

A TRUE COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been sent to all counsel of record, via e-mail, facsimile, by hand and/or U.S. Mail, properly addressed and postage prepaid

THIS 31st day of January, 2008.

_____
JACQUES P. DeGRUY

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2007-14804                                DIVISION "G"

ALICE R. JEFFERSON

VERSUS

AMERICAN SUGAR REFINING, ET AL

_____                _____
                                        DEPUTY CLERK

### EXCEPTIONS AND ANSWER

The McCarty Corporation, responds to plaintiff's petition for damages in the captioned matter as follows:

### EXCEPTION OF VAGUENESS

McCarty pleads the dilatory exception of vagueness pursuant to the Louisiana Code of Civil Procedure Article 926 on the basis that plaintiff has failed to make specific allegations as to McCarty and has accordingly failed to identify the theories of liability being pursued against McCarty as well as the alleged products to which plaintiff was allegedly exposed which plaintiff contends were sold and/or manufactured by McCarty.

### EXCEPTION OF NON-CONFORMITY

McCarty pleads the dilatory exception of non-conformity pursuant to Article 926(4) of the Louisiana Code of Civil Procedure, on the basis that to the extent plaintiff intends to allege fraud and/or a conspiracy, he has failed to state with particularity the circumstances which support such claims as required by Article 856 of the Louisiana Code of Civil Procedure.

### EXCEPTION OF IMPROPER VENUE

Out of an abundance of caution, McCarty pleads the declinatory exception of improper venue.

### EXCEPTION OF NO CAUSE OR RIGHT OF ACTION

Plaintiff has failed to allege a cause or right of action against McCarty.

## EXCEPTION OF LIS PENDENS

Out of an abundance of caution, McCarty pleads the declinatory exception of lis pendens pursuant to the Louisiana Code of Civil Procedure Article 925(3).

NOW, McCarty pleads the following affirmative defenses:

### 1.

If plaintiff sustained physical injury or disability as alleged, it is the result of his own negligence, said acts of negligence consisting of, but not limited to the following: (1) failing to wear or use protective equipment; (2) failing to properly maintain his protective equipment; (3) failing to adhere to warning labels contained on product; (4) failing to take obvious precautions dictated by reason and common sense under the circumstances; (5) failing to use the products in the manner intended; (6) other acts of negligence to be established at the time of the trial.

### 2.

If this Court should find negligence on the part of this defendant, which is specifically denied, then plaintiff's recovery should be completely and entirely barred by plaintiff's full and complete acts of negligence which are solely responsible for his damages.

### 3.

Defendant specifically denies that plaintiff ever used products supplied or manufactured by it and further denies that plaintiff was in proximity to products supplied or manufactured by this defendant.

### 4.

If plaintiff did sustain injuries or damages, which is specifically denied, they are the result of negligence or fault on the part of others for whom this defendant had no responsibility or control.

5.

Defendant contends that it is entitled to a reduction in the amount for which it may ultimately be held liable in judgment to the plaintiff or to any co-defendants, which liability is denied, to the full extent of any and all of those parties released herein, commensurate with the responsibility under the laws of indemnity, comparative negligence and/or contribution.

6.

In the further alternative, and only in the event plaintiff should effect recovery herein against this defendant, plaintiff's claims against it should be barred, or in the alternative, reduced in proportion to the degree or percentage of negligence of fault attributable to plaintiff and any third person.

7.

In the further alternative, should Louisiana Products Liability law be applicable, defendant specifically avers that this matter is governed by La. R.S. 9:2800.51 - 2800.59, the "Louisiana Products Liability Act."

8.

Defendant asserts the debt, and all liability asserted in plaintiff's petition and any and all supplemental petitions, has been extinguished, discharged and/or released.

9.

In the further alternative, plaintiff failed to mitigate his damages, if any.

10.

Plaintiff's claims are prescribed or perempted.

11.

This defendant further adopts all affirmative defenses, if any, not specifically forth in this answer but asserted by any other defendant in this case.

3

12.

Defendant denies the existence or breach of any warranties, express or implied.

13.

Alternatively, if any injuries or illnesses were sustained by the plaintiff, which are denied, or illnesses resulted from conditions, hazards, or dangers that were not known to this defendant, and which should not have or could not have been known by this defendant at the time of the plaintiff's exposure to those products which are alleged to have caused the plaintiff's injuries or illnesses.

14.

In the alternative, the defendant avers that if the Louisiana Products Liability Act is applicable, then the defendant urges that at the time this defendant actually allegedly distributed, sold, manufactured, and/or installed any asbestos-containing product, the existence of an alterative design for that product was not known or knowable to this defendant, based on the then-existing and reasonably available scientific and/or technical knowledge.

15.

In the alternative, the defendant avers that if the Louisiana Products Liability Act is applicable, the defendant urges that at the time the products it allegedly distributed, sold, manufactured, and/or installed left the defendant's control, the existence of the specific design characteristic that allegedly caused the plaintiff's damage was not known to this defendant, and was not knowable to this defendant, based on the then-existing and reasonably available scientific and/or technical knowledge.

16.

In the alternative, the defendant specifically invokes the "state of the art" defense.

NOW, McCarty in answer to the allegations of plaintiff's petition, with respect represents:

1.

The allegations of paragraphs 1 and 2 are denied.

2.

The allegations of paragraph 3 to the extent directed to McCarty are denied except to admit that McCarty is a Louisiana corporation.

3.

The allegations of paragraphs 4, 5, 6, 7 and 8 are denied.

4.

The allegations of paragraphs 9 and 10 to the extent directed to McCarty are denied. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35 to the extent directed to McCarty are denied. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of paragraphs 48, 49, 50 and 51 are denied.

WHEREFORE, defendant, the McCarty Corporation, prays for judgment herein in its favor and against plaintiff, dismissing plaintiff's demands, with prejudice, at plaintiff's costs.

Respectfully submitted,

_Susan B. Kohn_

Susan B. Kohn (#14501)
Douglas R. Kinler (#24143)
Michael D. Harold (#20563)
SIMON, PERAGINE, SMITH & REDFEARN
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
(504) 569-2030

Attorneys for the McCarty Corporation


## CERTIFICATE

I certify that a copy of the foregoing has been forwarded to all counsel of record by depositing a copy of same in the United States mail, postage pre-paid and properly addressed and/or via e-mail, to each of them at their respective offices on this 12 day of Feb , 2008.

_Susan B. Kohn_

N:\DATA\P\950001908\PLEADINGS\answer.wpd

A TRUE COPY

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2007-14804                                    DIVISION " G " (11)

**ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELA J. NELSON,
SHARON J. GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON,
AND STEVEN JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased**

**versus**

**AMERICAN SUGAR REFINING, INC., ET AL**

Filed:_____          _____
                                                    **Deputy Clerk**

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes defendant, American Sugar

Refining, Inc. f/k/a TASR Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar

Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery (hereinafter "Tate &

Lyle"), to respond to the Petition for Damages as follows:

I.

Tate & Lyle reserves the right to adopt any and all Exceptions pled by any and all defendants

herein.

AND NOW, responding to the individual paragraphs of the plaintiffs' Petition, Tate & Lyle

responds as follows:

## ANSWER TO ORIGINAL PETITION FOR DAMAGES

I.

The allegations contained in Paragraph 1 are denied to the extent that they are construed to

apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle

denies the same for lack of knowledge or sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 pertain to both law and fact. To the extent the

allegations pertain to law, no response is required by this defendant. Insofar as an answer is required

or the allegations pertain to fact, Tate & Lyle denies the same for lack of knowledge or sufficient

information to justify a belief therein.

III.

The allegations contained in Paragraph 3 are denied to the extent that they are construed to

apply to Tate & Lyle, except that this company admits it is a foreign corporation authorized to do business in the State of Louisiana. To the extent the allegations contained in Paragraph 3 pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 are denied for lack of knowledge or sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 pertain to both law and fact. To the extent the allegations pertain to law, no response is required by this defendant. Insofar as an answer is required or the allegations pertain to fact, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 are denied to the extent that they are construed to

apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XI.

The allegations contained in Paragraph 11 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XII.

The allegations contained in Paragraph 12 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XIII.

The allegations contained in Paragraph 13 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XIV.

The allegations contained in Paragraph 14 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XV.

The allegations contained in Paragraph 15 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XVI.

The allegations contained in Paragraph 16 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XVII.

The allegations contained in Paragraph 17 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XVIII.

The allegations contained in Paragraph 18 pertain to both law and fact. To the extent the allegations pertain to law, no response is required by this defendant. Insofar as an answer is required or the allegations pertain to fact, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XIX.

The allegations contained in Paragraph 19, including subparagraphs (a) through (h), are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XX.

The allegations contained in Paragraph 20 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXI.

The allegations contained in Paragraph 21 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXII.

The allegations contained in Paragraph 22 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXIII.

The allegations contained in Paragraph 23 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXIV.

The allegations contained in Paragraph 24 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXV.

The allegations contained in Paragraph 25 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXVI.

The allegations contained in Paragraph 26 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXVII.

The allegations contained in Paragraph 27 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXVIII.

The allegations contained in Paragraph 28 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXIX.

The allegations contained in Paragraph 29 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXX.

The allegations contained in Paragraph 30, including subparagraphs (a) through (v), do not

pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXI.

The allegations contained in Paragraph 31 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXII.

The allegations contained in Paragraph 32 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXIII.

The allegations contained in Paragraph 33 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXIV.

The allegations contained in Paragraph 34 do not pertain to, and are not directed at, Tate & Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XXXV.

The allegations contained in Paragraph 35 do not pertain to, and are not directed at, Tate &

Lyle. Nevertheless, out of an abundance of caution, Tate & Lyle denies the allegations to the extent that they are construed to apply to this defendant. To the extent the allegations are construed to apply to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

### XXXVI.

The allegations contained in Paragraph 36 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

### XXXVII.

The allegations contained in Paragraph 37 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

### XXXVIII.

The allegations contained in Paragraph 38 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

### XXXIX.

The allegations contained in Paragraph 39 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

### XL.

The allegations contained in Paragraph 40, including subparagraphs (a) through (j), are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

### XLI.

The allegations contained in Paragraph 41 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLVI.

The allegations contained in Paragraph 46 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLVII.

The allegations contained in Paragraph 47 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## XLVIII.

The allegations contained in Paragraph 48, wherein the plaintiffs incorporate by reference all prior allegations of the original Petition for Damages, are responded to consistent with the above. Tate & Lyle specifically incorporates by reference its Answer to the Petition for Damages as if copied herein *verbatim*.

## XLIX.

The allegations contained in Paragraph 49 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## L.

The allegations contained in Paragraph 50 are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## LI.

The allegations contained in Paragraph 51, including subparagraphs (a) through (i), are denied to the extent that they are construed to apply to Tate & Lyle. To the extent that the allegations pertain to other defendants, Tate & Lyle denies the same for lack of knowledge or sufficient information to justify a belief therein.

## LII.

Any paragraphs or allegations not specifically answered or admitted are denied.

## LIII.

To the extent that the prayer of the Petition for Damages requires an answer, Tate & Lyle

denies the prayer.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

AND NOW, Tate & Lyle further pleads the following affirmative defenses and asserts the following reservation of rights:

### I.

Plaintiffs do not state a cause of action and/or right of action against Tate & Lyle.

### II.

Tate & Lyle expressly denies any and all allegations of negligence, fault, strict liability, or other basis of liability against Tate & Lyle. Tate & Lyle specifically denies that it was guilty of wrongdoing with respect to plaintiff's alleged work at a Tate & Lyle facility or with regard to safety precautions taken on plaintiffs' behalf during their work at a Tate & Lyle facility.

### III.

The plaintiffs' demands are barred by the passage of time and are prescribed.

### IV.

The plaintiffs' demands are barred by their failure to exercise their rights, if any, in a timely fashion, causing the loss of evidence crucial to the defense of the demands against Tate & Lyle and otherwise causing extreme and unfair prejudice to Tate & Lyle. The claims against Tate & Lyle thus violate the due process clause of the United States Constitution and the Louisiana Constitution.

### V.

The injuries allegedly sustained by plaintiffs occurred as a result of pre-existing medical conditions, causes, or injuries which are completely unrelated to Tate & Lyle, and the existence of these pre-existing or other medical conditions, causes, or injuries are a bar to and/or mitigating factor to any recovery sought herein.

### VI.

The plaintiffs are barred from prosecuting this action because of their knowledge of, assumption of the risks, and consent regarding the dangers associated with employment.

### VII.

Tate & Lyle avers that the alleged injuries complained of, if any, were caused by the sole negligence of plaintiffs and recovery is thus barred. Alternatively, Tate & Lyle avers that plaintiffs' alleged injuries were caused by the comparative negligence and/or fault of plaintiffs. Such

negligence includes, but is not limited to, the failure to properly utilize and care for protective gear, apparel, and equipment to protect safety; failure to follow instructions and take proper precautions against the inhalation of the substances alleged to be harmful; failing to exercise due care under the circumstances; and any and all other negligent or wrongful acts or omissions which may be discovered or proved at the trial of this matter.

VIII.

In the alternative, Tate & Lyle avers that if the alleged injuries complained of by plaintiffs, if any, are found to have been caused by acts or omissions other than those solely of plaintiffs, then plaintiffs were a contributing cause of the injuries, thus, either barring or diminishing entitlement to recovery.

IX.

Tate & Lyle avers that Tate & Lyle did not have a duty to warn of potential dangers, which the law imposes upon manufacturers and distributors. Nevertheless, should the Court find such a duty, Tate & Lyle asserts that such a warning was provided by Tate & Lyle.

X.

Tate & Lyle avers that the work conditions at a Tate & Lyle Facility did not cause the alleged injuries. The alleged injuries, if any, were caused by acts or omissions or conditions which are the responsibility of persons other than Tate & Lyle, and for whom Tate & Lyle had no legal responsibility or control.

XI.

Tate & Lyle avers that the alleged injuries and damages were caused by the superseding and intervening acts and/or negligence and/or strict liability of other parties over whom Tate & Lyle had no control and/or for whose actions Tate & Lyle is not liable.

XII.

The plaintiffs' demands are barred by their failure to mitigate, minimize, or abate their damages, if any.

XIII.

Tate & Lyle avers that the Louisiana Workers' Compensation Law provides the exclusive remedy against Tate & Lyle for any injury allegedly sustained in the course and scope of plaintiffs' alleged work at a Tate & Lyle facility.

## XIV.

Any and all claims for punitive damages are barred by the Eighth and Fourteenth Amendment to the United States Constitution and are proscribed by Louisiana law.

## XV.

Tate & Lyle avers that at all times relevant, Tate & Lyle complied with applicable laws, regulations and standards.

## XVI.

Tate & Lyle avers that the injuries allegedly sustained by plaintiffs, if any, were caused by substances other than asbestos, including but not limited to, cigarette smoke, which was voluntarily inhaled, and are not connected with the alleged work at a Tate & Lyle facility.

## XVII.

If the plaintiffs have heretofore settled or should hereafter settle for any of their respective alleged injuries and damages with any party, Tate & Lyle is entitled to a credit or setoff for any such settlement(s).

## XVIII.

The alleged injuries, if any, to plaintiffs were caused by products manufactured and/or distributed by other parties.

## XIX.

Tate & Lyle has no legal liability because the alleged incidents in question were brought about or caused by transitory conditions arising in the course of the plaintiffs' work; the plaintiffs and/or other parties used their own manner, method, and means of doing the work over which Tate & Lyle had no control and owed no duty.

## XX.

Tate & Lyle avers that the plaintiffs were employed by knowledgeable and sophisticated parties, and any duty Tate & Lyle may have had to warn, which duty is specifically denied, was discharged by the issuance of appropriate warnings to plaintiffs' individual employers and such employers' intervening duty to give plaintiffs any and all required warnings.

## XXI.

Any and all claims for loss of consortium are barred to the extent such claims accrued prior to the effective date of the amendment authorizing such recovery, *i.e.,* September 10, 1982.

## XXII.

To the extent that contributory negligence applies to this matter, Tate & Lyle asserts its right to obtain a credit for settling defendants, consistent with virile share principles.

## XXIII.

Tate & Lyle hereby reserves its right to raise any and all other affirmative defenses that may be revealed as a result of discovery and further reserves the right to adopt the affirmative defenses raised by any and all other defendants, except such defenses that may make any allegations against Tate & Lyle.

**WHEREFORE**, Tate & Lyle prays that its Answer and Affirmative Defenses be deemed good and sufficient, and after due proceedings be had that there be judgment in its favor, and against plaintiffs, dismissing all claims herein with prejudice, with all costs assessed to the plaintiffs. Tate & Lyle further prays for all other general and equitable relief as appropriate.

Respectfully submitted,

PAUL E. HARRISON (24447)
Law Offices of Paul E. Harrison, L.L.C.
532 Girod Street
Mandeville, Louisiana 70448
Telephone: (985) 727-7348
Facsimile: (985) 624-8145
Attorney for Tate & Lyle

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___7th___ day of March, 2008, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail/facsimile/ and/or e-mail, properly addressed and first class postage prepaid.

PAUL E. HARRISON

A TRUE COPY

-12-

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-14804                                          DIVISION " G " (11)

**ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELIA J. NELSON,**
**SHARON J. GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON,**
**AND STEVEN JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased**

versus

**AMERICAN SUGAR REFINING, INC., ET AL**

Filed:_____          _____

                                              **Deputy Clerk**

## REQUEST FOR NOTICE

     Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, the undersigned hereby

requests written notice of the date set for trial of the above numbered and entitled cause, or of the

date set for hearing of any pleadings or motions therein, at least ten days before any hearing date.

     We also request notice of signing of any final judgment or the rendition of any interlocutory

order or judgment in said cause as provided by Articles 1913 and 1914 of the Louisiana Code of

Civil Procedure.

                              Respectfully submitted,

                              _____

                              PAUL E. HARRISON (24447)
                              Law Offices of Paul E. Harrison, L.L.C.
                              532 Girod Street
                              Mandeville, Louisiana  70448
                              Telephone: (985) 727-7348
                              Facsimile: (985) 624-8145
                              Attorney for Tate & Lyle

## CERTIFICATE OF SERVICE

     I do hereby certify that I have on this _7th_ day of March, 2008, served a copy of the

foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States

mail/facsimile/ and/or e-mail, properly addressed and first class postage prepaid.

                              _____
                              PAUL E. HARRISON

A TRUE COPY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2007-14804          SECTION: 11          DIVISION "G"

ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELA J. NELSON,
SHARON J. GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON,
AND STEVEN JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

**FILED**

JAN 2 6 2010

DEPUTY CLERK
CIVIL DISTRICT COURT

FILED: _____          _____

DEPUTY CLERK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT
## TO THE ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, who file this, the

First Supplement and Amendment, and respectfully supplement and amend the Original Petition,

and all supplemental and amending petitions filed previously herein, as follows:

**I.**

For the purpose of amending Exhibit "B" to add Hartford Accident and Indemnity

Company (via the Louisiana Direct Action Statute as insurer for Lykes Bros. Steamship Co.,

Inc., and its executive officers), Crowley Marine Services, Inc., and CSR, Inc., as defendants

herein.

**II.**

For the purpose of amending Exhibit "D" to add Crowley Marine Services, Inc.,

andd Hartford Accident and Indemnity Company (via the Louisiana Direct Action Statute as

insurer for Lykes Bros. Steamship Co., Inc., and its executive officers) as an employer

and/executive officer defendant herein.

**III.**

For the purpose of amending Exhibit "E" to add Crowley Marine Services, Inc., and

Hartford Accident and Indemnity Company (via the Louisiana Direct Action Statute as insurer

for Lykes Bros. Steamship Co., Inc., and its executive officers), as a premise defendant herein.

**VERIFIED**

## IV.

For the purpose of amending to add a heading for Count Six (A) and paragraphs 47A and 47B after paragraph 47 of the Original Petition as follows:

### "COUNT SIX (A)
### "INSURANCE ALLEGATIONS

"47A.  Plaintiffs aver that Hartford Accident and Indemnity Company issued policies of comprehensive general liability insurance to Lykes Bros Steamship Co., Inc., and its executive officers, including but not limited to James Bernstein, Solon Turman, John Ohman, James Amos, Captain George Price, Captain Darnell and Captain Waring, that provided coverage for the damages caused to plaintiffs by Lykes Bros. Steamship Co., Inc., and its executive officers.  As such, Hartford Accident and Indemnity Company is liable for the damages alleged in the Original Petition and any supplement against Lykes Bros Steamship Co., Inc., and its executive officers, individually, jointly, and in solido."

"47B.  Plaintiffs aver that during Decedent Lucious Jefferson's employment with Lykes Bros. Steamship Co. Inc.. from 1965-1966, James Bernstein, and  John Ohman were Port Engineers, Solon Turman and James Amos were the Presidents of Lykes Bros. Steamship Co., Inc. for the New Orleans office, and Captain George Price, Captain Darnell and Captain Waring were all safety officers for Lykes Bros. Steamship Co., Inc.. Each of these executive officers was responsible for protecting the safety of Lykes' employees, including Decedent, Lucious Jefferson. Pursuant to the Louisiana Direct Action Statute, La. R.S. 26:622, plaintiffs are entitled to proceed directly against defendant Hartford Accident and Indemnity Company for the negligence of its insureds, Lykes Bros. Steamship Co., Inc., and its aforementioned executive officers."

## V.

The Plaintiffs reiterate all other matters contained in the Original Petition for Damages, and all supplemental and amending petitions filed previously herein, including the prayers of those petitions as though set forth at length herein.

**WHEREFORE**, the petitioners pray that their Original Petition, and all supplemental and amending petitions filed previously herein, be supplemented and amended in the above

particulars and that, after due proceedings had, there be judgment herein in favor of Plaintiff

and against the defendants as originally prayed for herein.

Respectfully submitted,

**BARON & BUDD, PC**
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
Tel:   (225) 927-5441
Fax:   (225) 927-5449

_____
J. Burton LeBlanc, IV (Bar Roll No. 20491)
Christopher C. Colley (Bar Roll No. 30322)
Jo Ann Lea (Bar Roll No. 28860)
Jason K. Placke (Bar Roll No.30019)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Supplement and Amendment to

the Original Petition was this day served via United States Mail, postage pre-paid, via facsimile

and/or via electronic mail upon all counsel of record.

Baton Rouge, Louisiana this 26th day of January, 2010.

_____
JO ANN LEA

A TRUE COPY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2007-14804       SECTION: 11      DIVISION "G"

**FILED**

JAN 26 2010

DEPUTY CLERK
CIVIL DISTRICT COURT

ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELA J. NELSON,
SHARON J. GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON,
AND STEVEN JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____      _____
                                          DEPUTY CLERK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

Let the above and foregoing First Supplement and Amendment to the Original Petition

for Damages be filed as prayed for.

SO ORDERED this the **29** day of **January**, 20**10**.

_____
JUDGE, ORLEANS CIVIL DISTRICT COURT

Court reserves the right to strike
if this violates a pre-trial order
or if the matter is fixed for trial.
ROBIN M. GIARRUSSO
Judge Division "G"

**CERTIFICATE OF SERVICE**

I hereby certify that a signed copy of this Order to Plaintiffs' First Supplement and

Amendment to Original Petition and Order was this day served by facsimile upon all parties as

indicated on the service list attached hereto.

Baton Rouge, Louisiana this _____ day of _____, 200___.

ENTERED ON MINUTES
FEB 0 1 2010

A TRUE COPY

## EXHIBIT "B"

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: BCI Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3. **Buck Kreihs Company, Inc., n/k/a Sank, Inc.**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent of service in the state of Louisiana, to-wit : J Michael Tonguis, 2225 Tchoupitoulas Street, New Orleans, La 70130

4. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5. **Dixie Machine, Welding & Metal Works, Inc.**
   a foreign corporation, licensed to do and doing business in the State of Louisiana with their agent for service of process to wit: Vicki H. Kihnemann, 5801 Citrus Blvd., Harahan, Louisiana 70123

6. **Eagle, Inc.**
   (Formerly Eagle Asbestos & Packing Co., Inc.
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras Street - 30th Floor, New Orleans, LA 70163-3000

7. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Beaumont, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park Street, Ste. 200, Beaumont, Texas 77701

8. **The McCarty Corporation**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the state of Louisiana, to-wit: Paul H. Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802

9. **Ports America Gulfport, Inc.**
f/k/a P & O Ports Gulfport, Inc.

f/k/a I.T.O Corporation
f/k/a Atlantic & Gulf Stevedores, Inc.
a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

10. **SSA Gulf Terminals, Inc.**
f/k/a Ryan-Walsh Stevedoring Company, Inc.
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

11. **Crowley Marine Services, Inc.**
f/k/a Delta Steamship Lines, Inc.
a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129

12. **Hartford Accident and Indemnity Company**
(as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
a foreign insurer licensed to do and doing business in the State of Louisiana and who may be served via the Louisiana Direct Action Statute (LA R.S. 22:655) through the Louisiana Secretary of State, 8549 United Plaza Boulevard, Baton Rouge, LA, 70809.

13. **CSR, LTD**
f/k/a Colonial Sugar Refining Company
A foreign corporation which may be served via the Louisiana Long Arm Statute at Level 2, 9 Help Street, Chatswood NSW 2067, Australia

**EXHIBIT "D"**

**EMPLOYER/EXECUTIVE OFFICER DEFENDANTS:**

1.  **American Sugar Refining, Inc.**
    (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery)
    a Delaware corporation authorized to do and doing business in the state of Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.  **BCI Acquisitions, Inc.**
    (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: BCI Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3.  **Cooper/T. Smith Stevedoring Company**
    f/k/a Cooper Stevedoring of Louisiana, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4.  **James J. Flanagan Shipping Corporation**
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Beaumont, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park Street, Ste. 200, Beaumont, Texas 77701

5.  **Ports America Gulfport, Inc.**
    f/k/a P & O Ports Gulfport, Inc.

    f/k/a I.T.O Corporation
    f/k/a Atlantic & Gulf Stevedores, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6.  **SSA Gulf Terminals, Inc.**
    f/k/a Ryan-Walsh Stevedoring Company, Inc.
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

7.  **Crowley Marine Services, Inc.**
    f/k/a Delta Steamship Lines, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129

8.  **Hartford Accident and Indemnity Company**
    (as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
    a foreign insurer licensed to do and doing business in the State of Louisiana and who may be served via the Louisiana Direct Action Statute (LA R.S. 22:655) through the Louisiana Secretary of State, 8549 United Plaza Boulevard, Baton Rouge, LA, 70809.

## EXHIBIT "E"

**PREMISE DEFENDANTS:**

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: BCI Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Texas, with its principal place of business in Beaumont, Texas, and who may be served via the Louisiana Long Arm Statute, to-wit: James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park Street, Ste. 200, Beaumont, Texas 77701

5. **Ports America Gulfport, Inc.**
   f/k/a P & O Ports Gulfport, Inc.
   f/k/a I.T.O Corporation
   f/k/a Atlantic & Gulf Stevedores, Inc.

   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6. **SSA Gulf Terminals, Inc.**
   f/k/a Ryan-Walsh Stevedoring Company, Inc.
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

7. **Crowley Marine Services, Inc.**
   f/k/a Delta Steamship Lines, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and with an agent for service in the state of Louisiana, to-wit: Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129

8. **Hartford Accident and Indemnity Company**
   (as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
   a foreign insurer licensed to do and doing business in the State of Louisiana and who may be served via the Louisiana Direct Action Statute (LA R.S. 22:655) through the Louisiana Secretary of State, 8549 United Plaza Boulevard, Baton Rouge, LA, 70809.

## SERVICE LIST

**PLEASE SERVE THE FOLLOWING DEFENDANTS**
**WITH A COPY OF PLAINTIFFS' ORIGINAL PETITION FOR**
**DAMAGES AND PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT:**

1.  **Hartford Accident and Indemnity Company**
    (as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
    via the Louisiana Direct Action Statute (LA R.S. 22:655)
    Louisiana Secretary of State
    8549 United Plaza Boulevard
    Baton Rouge, LA 70809

2.  **Crowley Marine Services**
    Through its agent for service of process:
    Corporation Service Company
    320 Somerulos St.
    Baton Rouge, LA 70802-6129

3.  **CSR, LTD**
    f/k/a Colonial Sugar Refining Company
    Via the Louisiana Long Arm Statute
    Level 2, 9 Help Street
    Chatswood NSW 2067
    Australia

**DO NOT SERVE THE FOLLOWING DEFENDANTS:**
**The following defendants were mailed a courtesy copy of this pleading and will be served**
**by this office pursuant to LA C.C.P. Article 1313 by facsimile after we have received a**
**conformed copy from the court:**

Susan B. Kohn
Simon, Peragine, Smith & Redfearn, LLP
Entergy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000
(504) 569-2030 (Phone)
(504) 569-2999 (Fax)
    Attorneys for MCCARTY CORPORATION, THE, EAGLE, INC.

Wilton E. Bland, III
Jacques P. DeGruy
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 4250
New Orleans, LA 70139
(504) 595-3000 (Phone)
(504) 522-2121 (Fax)
    Attorneys for PORTS AMERICA GULFPORT, INC.

Douglas M. Moragas
1999 Hickory Ave., Ste. 101
Harahan, LA 70123
(504) 738-8305 (Phone)
Attorneys for JAMES J. FLANAGAN SHIPPING CORPORATION

Paul E. Harrison
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA 70448
(985) 727-7348 (Phone)
(985) 624-8145 (Fax)
Attorneys for AMERICAN SUGAR REFINING, INC.

Gus A. Fritchie, III
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras St., Ste. 2700
New Orleans, LA 70130
(504) 310-2100 (Phone)
(504) 310-2101 (Fax)
Attorneys for BCI ACQUISITIONS, INC.

H. Philip Radecker, Jr.
Pugh, Accardo, Haas & Radecker, LLC
1100 Poydras St., Ste. 2000
New Orleans, LA 70163
(504) 585-3200 (Phone)
(504) 585-7688 (Fax)
Attorneys for BUCK KREIHS COMPANY, INC., N/K/A SANK, INC.

Mark J. Spansel
Roland M. Vandeweghe, Jr.
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Ste. 4500
New Orleans, LA 70139
(504) 581-3234 (Phone)
(504) 566-0210 (Fax)
Attorneys for COOPER T. SMITH STEVEDORING COMPANY

Patricia C. Penton
Steven E. Lacoste
Lee, Futrell & Perles, LLP
201 St. Charles Street, Ste. 4120
New Orleans, LA 70170
(504) 569-1725 (Phone)
(504) 569-1726 (Fax)
Attorneys for DIXIE MACHINE, WELDING & METAL WORKS, INC.

Richard P. Sulzer
Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd, Ste. 335
Covington, LA 70433
(985) 898-0608 (Phone)
(985) 898-0871 (Fax)
Attorneys for SSA GULF TERMINALS, INC.

John A. Bolles
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311 (Phone)
(504) 568-9130 (Fax)
Attorneys for CROWLEY MARINE SERVICES, INC.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-14804                                                    DIVISION "G" (11)

ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELA J. NELSON, SHARON
GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON, and STEVEN
JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED:_____

                                                    _____
                                                    DEPUTY CLERK

## ANSWER TO PLAINTIFFS' FIRST SUPPLEMENT
## AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, SANK, Inc., f/k/a

Buck Kreihs Company, Inc.("Buck Kreihs"), who provides the following Answer to First

Supplement and Amendment to the Original Petition for Damages as follows:

1.

The allegations of Paragraphs I, II and III of the First Supplement and Amendment to

Original Petition for Damages require no answer of this defendant. However, should an answer be

deemed necessary, those allegations are denied for lack of sufficient information to justify a belief

therein.

2.

The allegations of Paragraph IV of the First Supplement and Amendment to Original Petition

for Damages are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph V of the First Supplement and Amendment to Original Petition

for Damages are answered by reference to this defendant's foregoing Answer to the Original Petition

for Damages as if copied herein *in extenso*.

**WHEREFORE**, the premises considered, defendant, Buck Kreihs, prays that this Answer be

deemed good and sufficient, and that after due proceedings are had, there be judgment herein in

favor of Buck Kreihs,  and against the plaintiffs, dismissing plaintiffs' petitions at plaintiffs'

cost, and for all general and equitable relief afforded by the premises.

1

Respectfully submitted,

**PUGH, ACCARDO, HAAS, RADECKER,
CAREY & HYMEL, L.L.C.**
1100 POYDRAS STREET, SUITE 3200
NEW ORLEANS, LOUISIANA 70163-1132
Telephone: (504) 799-4500
Facsimile: (504) 799-4520

BY _____
H. PHILIP RADECKER, JR. (#17102)
NICOLE LOUP (#26605)
SHELLY L. THOMPSON (#30759)
Attorneys for SANK, Inc., f/k/a Buck Kreihs
Company, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served on plaintiff's counsel

via facsimile on this _____ day of February, 2010. All other defense counsel to be copied via email.

_____

A TRUE COPY

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-14804                                    DIVISION "G-11"

ALICE R. JEFFERSON, ET AL.

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL.

FILED: _____          _____
                                              DEPUTY CLERK


## ANSWER OF CROWLEY MARINE SERVICES, INC.

NOW COMES Crowley Marine Services, Inc. ("Crowley"), and for answer to plaintiffs'
Petition for Damages and to Plaintiffs' First Supplement and Amendment to the Original Petition
for Damages, with respect represents:

### FIRST DEFENSE

The Petitions fail to state a claim against Crowley upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs' claims are barred by prescription and/or laches.

### THIRD DEFENSE

This Honorable Court lacks jurisdiction over the person of Crowley

### FOURTH DEFENSE

Venue is improper.

### FIFTH DEFENSE

For answer to the specific allegations contained in plaintiffs' Petition for Damages,
Crowley avers upon information and belief as follows:

I.

The allegations of Paragraphs 1 and 2 are denied for lack of information sufficient to
justify a belief.

The allegations of Paragraph 3 are denied except to admit Crowley is a foreign
corporation.

III.

The allegations of Paragraph 4 are denied insofar as they may relate to Crowley.

IV.

The allegations of Paragraphs 5, 6, 7, 8 and 9 are denied for lack of information sufficient to justify a belief.

V.

The allegations of Paragraphs 10, 11, 12 and 13 are denied insofar as they may relate to Crowley.

VI.

The allegations of Paragraph 14 are denied, except to admit exposure to asbestos may cause certain diseases.

VII.

The allegations of Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25 are denied insofar as they may relate to Crowley.

VIII.

The allegations of Count Three or Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35 do not relate to Crowley and, therefore, no answer is required. However, to the extent answer is deemed necessary, they are denied insofar as they may relate to Crowley.

IX.

The allegations of Paragraphs 36, 37, 38, 39, 40 and 41 are denied insofar as they may relate to Crowley.

X.

The allegations of Paragraphs 46, 47, 47A, 47B, 48, 49, 50 and 51 are denied insofar as they may relate to Crowley.

**SIXTH DEFENSE**

Further answering the Petition and as a further defense, Crowley avers that any injuries and/or illnesses sustained by Lucious Jefferson, Sr. resulted from his own fault, carelessness, or inattention to duty and negligence, for which Crowley is not liable and/or from the fault, carelessness or inattention to duty or negligence of others for whose fault or negligence Crowley is not liable.

### SEVENTH DEFENSE

Further in the alternative, Crowley avers that if Lucious Jefferson, Sr.'s injuries and/or illnesses were caused or contributed to by the fault or negligence of Crowley or by the unseaworthiness of Crowley's vessels, which is denied, then, in that event, Crowley avers that said injuries and/or illness were contributed to by the fault, carelessness, negligence and inattention to duty of Lucious Jefferson, Sr. which Crowley specifically pleads in mitigation of recovery, if any.

### EIGHTH DEFENSE

Further answering the Petition, and as further defense, Crowley avers that if any injuries were sustained by Lucious Jefferson, Sr., which is denied, then such injuries resulted from conditions, hazards or dangers which were not known to Crowley and which should not have been known by Crowley at the time of Lucious Jefferson, Sr.'s employment.

### NINTH DEFENSE

If decedent was exposed to any asbestos or other harmful substance aboard Crowley's vessels, which is denied, such exposure was so minimal so as to be insufficient to establish a reasonable degree of probability that said substances aboard Crowley's vessels caused or contributed to produce the injuries and damages alleged.

### TENTH DEFENSE

Upon information and belief, petitioners have or will enter into settlements with, or otherwise dismiss claims against, others who may be jointly responsible for decedent's injuries, for which Crowley is entitled to proportional credit.

### RESERVATION OF RIGHTS

1. Crowley reserves the right to file supplemental or amended answers depending upon the facts as they may be developed.

2. Crowley specifically reserves the right to assert any cross-claims, counter-claims or third-party claims against any party at any reasonable time or at the direction of the Court.

WHEREFORE, Crowley Marine Services, Inc. prays that, after due proceedings, there be judgment in its favor, dismissing plaintiffs' petitions with costs. Crowley further prays for all such other and further relief in the premises as in law or in equity they may be entitled to receive.

New Orleans, Louisiana, this _____ day of June 2010.

Respectfully submitted:

PHELPS DUNBAR, L.L.P.

_____
JOHN A. BOLLES (Bar # 3223)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  504-566-1311
Facsimile:  504-568-9130
E-mail:  bollesj@phelps.com
Attorneys for Crowley Marine Services, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Answer has been served on all known counsel of record, by hand, by facsimile, by e-mail and/or by First Class, United States Mail, postage prepaid and properly addressed, this _____ day of June 2010.

_____
JOHN A. BOLLES

A TRUE COPY
DEPUTY CLERK

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2007-14804       **DIVISION "G"**       **SECTION 11**

**ALICE R. JEFFERSON, et al.**

**VERSUS**

**AMERICAN SUGAR REFINING, INC., et al.**

FILED: _____       _____

                                                      **DEPUTY CLERK**

### EXCEPTIONS, ANSWER, AND DEFENSES OF HARTFORD ACCIDENT AND INDEMNITY COMPANY

Hartford Accident and Indemnity Company ("Hartford") responds to the allegations of

plaintiffs' Petition for Damages and First Supplement and Amendment to the Original Petition

for Damages ("Petition for Damages") as follows:

### EXCEPTIONS

Hartford submits a declinatory exception of failure to request service of citation within

the time prescribed by Article 1201(C). Article 1201(C) requires that service shall be requested

on a named defendant within 90 days of the commencement of the action against that defendant.

Plaintiffs filed the Supplemental Petition adding Hartford as a defendant on January 26, 2010.

Hartford was not served with process until June 2, 2010 when plaintiffs requested service on it

through the Secretary of State. Plaintiffs' delay in serving Hartford well exceeded the 90 day

limit defined by statute. Hartford is submitting a Memorandum, supporting documentation, and

a Rule to Show Cause with this Answer, and expressly does not waive any rights to move to

dismiss the Plaintiffs' Supplemental Petition by answering the same below.

### EXCEPTION OF PRESCRIPTION

Hartford excepts to plaintiffs' claims on grounds they are prescribed. Additional

discovery will be required to substantiate this exception.

1

## EXCEPTION OF NO CAUSE OF ACTION

Hartford excepts to plaintiffs' claims on grounds they fail to set forth a cause of action against Hartford.

## ANSWER TO PETITION FOR DAMAGES

Without waiving the Exceptions pled above, Hartford answers the plaintiffs' Petition for Damages as follows:

1.

Hartford denies the allegations of Article 1 insofar as it may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

2.

Hartford denies the allegations of Articles 2 of the Petition for Damages for lack of information sufficient to justify a belief as to their truth.

3.

With respect to Article 3, Hartford admits that it is a foreign corporation licensed to do and doing business in the state of Louisiana. It denies the remaining allegations of Article 3 for lack of information sufficient to justify a belief as to the truth thereof.

4.

Hartford denies the allegations of Articles 4 and 5 of the Petition for Damages insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

5.

The averments set forth in Article 6 constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Hartford denies the allegations of Article 6 of the Petition for Damages for lack of information sufficient to justify a belief as to its truth.

6.

Hartford denies the allegations of Articles 7, 8, 9, 10, 11, 12 and 13 of the Petition for Damages insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

7.

Hartford denies the allegations of Article 14 of the Petition for Damages as plead.

8.

Hartford denies the allegations of Article 15, 16 and 17 of the Petition for Damages insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

9.

Hartford denies the allegations of Articles 18 of the Petition for Damages for lack of information sufficient to justify a belief as to their truth.

**COUNT ONE**

**NEGLIGENCE**

10.

Hartford denies the allegations of Article 19 (including all of its subparts) of the Petition for Damages insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

**COUNT TWO**

**STRICT LIABILITY**

11.

Hartford incorporates by reference its responses to Articles 1 through 19 of the Petition for damages as if fully set forth in Article 20.

12.

Hartford denies the allegations of Articles 21, 22, 23, 24 and 25 of the Petition for Damages insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

## COUNT THREE
## STRICT LIABILITY AND NEGLIGENCE AGAINST THE CONTRACTOR DEFENDANTS

13.

The allegations contained in Articles 26, 27, 28, 29, 30 (including all of its subparts), 31, 32, 33, 34, and 35 of the Petition for Damages do not appear to require a response from Hartford as alleged insurer of Lykes Bros. Steamship Co., Inc. ("Lykes"). Should a response be required, the allegations are denied insofar as they pertain to or infer any liability on the part of Hartford.

## COUNT FOUR
## NEGLIGENCE OF PLAINTIFFS' DECEDENT'S EMPLOYERS

14.

Hartford denies the allegations of Articles 36, 37, 38, 39, 40 (including all of its subparts) and 41 insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

## COUNT FIVE
## PREMISES LIABILITY

15.

Hartford denies the allegations of Articles 46 and 47 insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

## COUNT SIX
## JOINT AND SOLIDARY LIABILITY

16.

Hartford incorporates by reference its responses to Articles 1 through 47 of the Petition for damages as if fully set forth in Article 48.

17.

Hartford denies the allegations of Articles 49 and 50 of the Petition for Damages insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

## DAMAGES

### 18.

Hartford denies the allegations of Article 51 (including all of its subparts) of the Petition for Damages insofar as they may relate to Hartford. In all other respects, Hartford denies these allegations for lack of information sufficient to justify a belief as to their truth.

## ANSWER TO FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

### 1.

Article I contains no factual allegations relating to Hartford or its alleged insured, and no response is due from Hartford. Should a response be required, the allegations are denied insofar as they pertain to or infer any liability on the part of Hartford.

### 2.

Hartford denies the allegations of Articles II, III and IV (including paragraphs 47A and 47B) as they relate to Hartford, and in all other respects denies them for lack of information sufficient to justify a belief as to their truth.

### 3.

In response to Article V, Hartford reiterates its averments made in response to the allegations of the Original Petition.

## DEFENSES

### FIRST DEFENSE

Plaintiffs' Petition for Damages and each purported cause of action therein, fails to state facts sufficient to constitute a claim or cause of action against Hartford in its capacity as the alleged insurer of Lykes.

### SECOND DEFENSE

Plaintiffs' claims against Hartford are barred in whole or in part to the extent plaintiffs have failed to join all necessary and indispensible parties needed for a just adjudication of this action.

### THIRD DEFENSE

Hartford's obligations, if any, are defined by the terms, limitations, definitions, conditions, declarations, endorsements and/or exclusions of the Hartford policies at issue, including without limitation, conditions precedent, limits of liability, per occurrence and aggregate limits, deductibles, self-insured retentions, policy periods, premium payment obligations, retrospective premiums, requirements of exhaustion of other insurance, and notice requirements. Hartford expressly reserves, and does not waive, any of its rights under all of the terms, limitations, definitions, conditions and exclusions of any Hartford policies.

### FOURTH DEFENSE

Coverage is barred to the extent the liability arising out of the underlying claims did not arise from an "accident" or "occurrence" as those terms are used in any Hartford policy that may have been issued.

### FIFTH DEFENSE

Coverage is barred to the extent that the underlying claims do not involve "bodily injury" or "property damage" as those terms are used in any Hartford policy that may have been issued.

### SIXTH DEFENSE

Plaintiffs' claims against Hartford are barred in whole or in part to the extent the claims asserted seek coverage for matters or sums for which Hartford is not legally obligated to pay as "damages," as any Hartford policy that may have been issued defines that term.

### SEVENTH DEFENSE

Hartford's policies provide coverage only for fortuities to the extent that the acts, conditions, events and damages which are alleged in the Petition for Damages or which form the basis of the claims against Hartford were not fortuitous, Hartford has no obligation to defend or indemnify, or to contribute to the payment of the defense or indemnity costs associated with those claims.

## EIGHTH DEFENSE

To the extent that plaintiffs' claims involve bodily injury or property damage that was either expected or intended from the standpoint of the insured, Hartford has no obligation to defend or indemnify Lykes or to contribute to the payment of defense or indemnity costs associated with the claims.

## NINTH DEFENSE

To the extent recovery is sought for liability for equitable, mandatory or injunctive relief, and not for sums the insured has become legally obligated to pay as damages, Hartford has no obligation to defend or indemnify Lykes or to contribute to payment of defense or indemnity costs associated with the claim(s) against it.

## TENTH DEFENSE

Coverage may be barred by the doctrines of known risk, known loss, and non-fortuity.

## ELEVENTH DEFENSE

Coverage is barred, in whole or in part, to the extent that Lykes negligently or intentionally failed to disclose, concealed, or misrepresented facts that were material to the risks at the time of the negotiations, underwriting, and issuance of any Hartford policy.

## TWELFTH DEFENSE

To the extent that defense or indemnification is sought for liability arising out of Lykes' actions or conduct in express disregard of its legal obligations under state, federal, or local laws and regulations, Hartford has no obligation to defend or indemnify costs associated with the underlying claims.

## THIRTEENTH DEFENSE

To the extent that the claims seek to require Hartford, as the alleged insurer of Lykes, to pay sums because of breach of contract, nuisance, unfair trade practices, misrepresentation, violation of ordinances or regulations, or any other breach of duty or violation of law for which the claimant does not seek damages because of "bodily injury" or "property damage," such sums are not within the coverage of any Hartford policy that may have been issued.

### FOURTEENTH DEFENSE

Hartford is not obligated to defend or indemnify Lykes for punitive or exemplary damages, fines, penalties, or costs or damages to the extent that they are uninsurable as a matter of public policy.

### FIFTEENTH DEFENSE

Coverage may be barred to the extent plaintiffs' claims relate to losses arising from intentional conduct on the part of Lykes.

### SIXTEENTH DEFENSE

Any Hartford policy that may have been issued does not provide coverage for any person or entity to the extent that person or entity is not an insured under the terms of any policy or policies.

### SEVENTEENTH DEFENSE

Any Hartford policy that may have been issued does not provide coverage for any person or entity to the extent that person or entity is not an insured under the terms of any policy but claims to have succeeded to or acquired rights in any Hartford policy that may have been issued.

### EIGHTEENTH DEFENSE

To the extent coverage is sought under any Hartford policy through an assignment of interest, coverage is barred to the extent that Hartford has not consented to any such assignment of interest.

### NINTEENTH DEFENSE

To the extent that there has not been compliance with all necessary conditions precedent under any Hartford policy that may have been issued, including, but not limited to, the requirement that the insured shall cooperate with Hartford, Hartford has no obligation to defend or indemnify Lykes or to pay defense or indemnity costs incurred in connection with plaintiffs' claims.

### TWENTIETH DEFENSE

To the extent that there has not been compliance with all necessary conditions precedent under any Hartford policy that may have been issued, including, but not limited to, providing

Hartford with timely notice of the underlying claims, or of the accidents or occurrences that form the basis for those claims, or of any other developments likely to affect Hartford's liability, Hartford has no obligation to pay defense or indemnify costs associated with plaintiffs' claims.

### TWENTY-FIRST DEFENSE

Coverage is or may be barred under any Hartford policy that may have been issued to the extent Lykes made voluntary payments or incurred voluntary obligations without prior approval of and consent by Hartford.

### TWENTY-SECOND DEFENSE

Coverage is or may be barred under any Hartford policy that may have been issued to the extent Lykes impaired any right of subrogation and contribution under any Hartford policy.

### TWENTY-THIRD DEFENSE

Coverage is or may be barred in whole or part under any Hartford policy that may have been issued to the extent liabilities were assumed pursuant to any contract or any other agreement other than an insured contract.

### TWENTY-FOURTH DEFENSE

Coverage is or may be barred by various exclusions contained in any Hartford policy that may have been issued, including without limitation any pollution or asbestos exclusions.

### TWENTY-FIFTH DEFENSE

To the extent that Lykes has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Hartford must be reduced by the amount attributable to that failure.

### TWENTY-SIXTH DEFENSE

Lykes or the plaintiffs bear the burden of proving the existence in terms of all policies under which they seek coverage by clear and convincing evidence. To the extent that they fail to prove the existence and terms of any policy by such clear and convincing evidence, Hartford has no coverage obligation under that alleged policy.

### TWENTY-SEVENTH DEFENSE

To the extent that any "bodily injury" or "property damage" alleged in the underlying claims occurred prior to the inception date or after the expiration date of any Hartford policy that may have been issued, the policies provide no coverage for the underlying claims.

### TWENTY-EIGHTH DEFENSE

Hartford's coverage obligations, if any, are limited to an appropriate share based upon the bodily injury or property damage that occurred during Hartford's coverage, if any, in relation to the total period of time during which such bodily injury or property damage occurred.

### TWENTY-NINTH DEFENSE

In the event Hartford is deemed liable to plaintiffs, then Hartford may be entitled to contribution, indemnification, apportionment, or other relief from all other defendants and from any other entities, that may be subject to joinder in this action for liabilities and duties arising out of any policies issued to Lykes, and any liability or duty Hartford may owe should be limited or reduced by such contribution, indemnification, apportionment, or other relief.

### THIRTIETH DEFENSE

To the extent Lykes was self-insured or uninsured for any time period, Lykes may have obligations with respect to the underlying actions that are not covered by the insurance policies referenced in the Petition for Damages or issued by any of the insurer defendants. Under the terms of any Hartford policy that may have been issued, under the doctrines of subrogation and contribution, and as a matter of fairness and equity, Lykes may be required to participate in the payment of the defense costs and other amounts at issue.

### THIRTY-FIRST DEFENSE

Any Hartford policy that may have been issued does not provide coverage in the place of other insurance to the extent that other insurance is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of the underlying insurer or the action or inaction of others.

### THIRTY-SECOND DEFENSE

Coverage under any Hartford policy that may have been issued is subject to the limitations on attachment, limits of liability, the per occurrence and aggregate limits, and all other applicable limits of liability contained in the policies.

### THIRTY-THIRD DEFENSE

Coverage is not available under any Hartford policy that may have been issued to the extent that the insurers issuing any underlying policy have not paid or been held liable to pay the full amount of their respective limits of liabilities.

### THIRTY-FOURTH DEFENSE

To the extent that any Hartford policy that may have been issued is an excess policy, Hartford may have no duty to defend any insured(s) against Plaintiffs' claims under that policy, except as set forth in the policy.

### THIRTY-FIFTH DEFENSE

Any Hartford policy that may have been issued provides no coverage for any obligation for which the insured or any carrier as its insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law.

### THIRTY-SIXTH DEFENSE

Hartford asserts all applicable defenses asserted by any of the other defendants in this action.

### THIRTY-SEVENTH DEFENSE

Hartford reserves the right to assert additional defenses upon further discovery of plaintiff's claims, upon discovery of the provisions, terms, conditions, and exclusions of any Hartford policy at issue, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

### THIRTY-EIGHTH DEFENSE

Hartford avers that decedent was aware of all facts, circumstances, and conditions existing, and consented to, permitted and acquiesced and/or voluntarily assumed the risk of his job.

11

### THIRTY-NINTH DEFENSE

Hartford avers that the injuries allegedly sustained by decedent, which are denied, occurred as a result of pre-existing medical conditions, lifestyles, acts of God, other exposures, and/or inherent genetic factors affecting decedent, or other causes of which are completely unrelated to the incidents as alleged by plaintiffs in their petition, and the existence of these pre-existing medical conditions, causes or injuries, bar and/or mitigate recovery of plaintiffs.

### FORTIETH DEFENSE

In the event the decedent sustained the illnesses, injuries, and damages complained of, which is at all times denied, those damages were the proximate result of superseding and intervening causes and/or the fault, negligence, acts, or omissions of persons or entities over whom Hartford, in its capacity as the alleged insurer of Lykes, had no control or responsibility.

### FORTY-FIRST DEFENSE

In the event that decedent sustained the illnesses, injuries, and damages complained of, which is at all times denied, they were due to unavoidable circumstances and causes beyond the control or fault of Hartford, in its capacity as the alleged insurer of Lykes, and were not caused by any negligent conduct nor intentional acts of Hartford, in its capacity as the alleged insurer of Lykes. Further, Hartford, in its capacity as the alleged insurer of Lykes, could not and did not foresee the risks of the illnesses, injuries, or damages that plaintiffs have alleged.

### FORTY-SECOND DEFENSE

Liability is denied to the extent that plaintiffs have failed to mitigate their alleged damages.

### FORTY-THIRD DEFENSE

Hartford denies any and all liability to decedent for the damages claimed under any theory of the law whatsoever, and, alternatively, avers that if decedent sustained any damages, which is at all times denied, all such damages were caused as a result of the contributory negligence, fault, and/or comparative negligence of decedent in the following non-exclusive particulars, which bars or reduces the amount of recovery by plaintiffs:

a.      Failing to use due and reasonable care under the circumstances;

b.    Failing to comply with the duty of care required by persons in positions similar to decedent;

c.    Failing to avoid known and obvious hazards;

d.    Failing to wear and utilize proper safety and protective equipment;

e.    Failing to follow instructions of supervisor and superiors; and

f.    Other acts of fault and negligence that may be discovered.

### FORTY-FOURTH DEFENSE

In the event that any liability is established on the part of Hartford, in its capacity as the alleged insurer of Lykes, which is at all times denied, Hartford contends that it is entitled to a reduction in the amount for which it may be ultimately held liable to plaintiffs, if any, to the full extent that any persons or parties released or found to be at fault are liable.

### FORTY-FIFTH DEFENSE

Decedent was not exposed to any product produced or distributed by Lykes. In the event, and only in the event that he was, in fact, exposed to any such product, which is at all times denied, then such exposure was de minimis and was not the proximate cause of or a proximate contributing cause of the illnesses, injuries or damages alleged, and any exposure alleged or any illness or injury received was a result of exposure to other products and/or the misuse of other products.

### FORTY-SIXTH DEFENSE

Hartford, in its capacity as the alleged insurer of Lykes, invokes all state of the art defenses applicable to the alleged claims, including the state of the art applicable to the industry involved, to medicine and to medical science in general, and would show that Hartford herein discharged, according to law and due care, each and every duty owed and, therefore, is not and cannot be liable to plaintiffs under any theory whatsoever.

## FORTY-SEVENTH DEFENSE

Hartford avers that plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Workers' Compensation Act or the Longshore and Harbor Workers' Compensation Act.

## FORTY-EIGHTH DEFENSE

Plaintiffs can not bring this lawsuit to the extent that the claims asserted in it have been brought in another action in this or another jurisdiction.

## FORTY-NINTH DEFENSE

Hartford avers that the release of any solidary obligor without a reservation of rights against other non-released parties or obligors has resulted in a complete discharge of any liability or debt which may be owed by Hartford, in its capacity as the alleged insurer of Lykes.

## FIFTIETH DEFENSE

Plaintiffs are not entitled to recover from Hartford any costs, expenses, or attorneys' fees in this action.

## FIFTY-FIRST DEFENSE

All of the claims against Hartford are barred by prescription, preemption, laches, estoppel, unclean hands, and/or other applicable statutes of limitation.

## FIFTY-SECOND DEFENSE

Plaintiffs have failed to state a cause of action against Hartford, or has no legal right to assert such a cause of action.

## JURY DEMAND

Hartford hereby demands a trial by jury as to all issues.

Hartford therefore prays for judgment dismissing plaintiffs' claims against Hartford with prejudice, awarding Hartford costs and attorney's fees, and for any other applicable relief.

Respectfully submitted,

JOHN K. NIESET – BAR #25196
CHRISTY L. MCMANNEN – BAR #31258
P. RYAN PLUMMER – BAR #29384
CHRISTOVICH & KEARNEY, L.L.P.
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Attorneys for Hartford Accident and Indemnity
Company

## C E R T I F I C A T E

This is to certify that a copy of the above and foregoing has been served upon counsel of record by depositing same in the United States Mail, postage pre-paid, this 22ᴺᴰ day of July, 2010, at New Orleans, Louisiana.

P. RYAN PLUMMER – BAR #29384

CK_DOCS 451021v1

A TRUE COPY

15

ATTORNEY'S NAME: Vandeweghe Jr., Roland  25283
AND ADDRESS:  Ste 4500, 701 Poydras St
New Orleans  LA 70139-1314

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:  2007 -- 14804  15  SECTION:  11 -- G

JEFFERSON, ALICE R.  ETAL versus AMERICAN SUGAR REFINING, INC. ETAL

C I T A T I O N

TO: INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA LIMITED
THROUGH: THE LOUISIANA LONG ARM STATUTE, LA. R.S. 13:3204
19 FREDMAN DRIVE
SANDOWN, JOHANNESBURG
SOUTH AFRICA



YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THIRD PARTY DEMAND
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (🔲) days after the
service hereof under penalty of default (*) *fifty*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
*  ADDITIONAL INFORMATION  *
*  Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer  *
*  Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.  *
*  If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you  *
*  may call 529 - 1000 for more information.  *
*  COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE  *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA  October 22, 2010

Clerk's Office, Room 402, Civil Courts Building,  DALE N. ATKINS, Clerk of
421 Loyola Avenue  The Civil District Court
New Orleans, LA.  for the Parish of Orleans
State of LA
by _____
Deputy Clerk

───────────────────────────────────────────────────────────
SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE  DOMICILIARY SERVICE

On this _____ day of _____  On this _____ day of _____
_____ served a copy of the w/i petition  _____ served a copy of the w/i petition
FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THIRD  FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES &
PARTY DEMAND  THIRD PARTY DEMAND

On  On
INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH  INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH
AFRICA LIMITED  AFRICA LIMITED

THROUGH: THE LOUISIANA LONG ARM STATUTE, LA. R.S.  THROUGH: THE LOUISIANA LONG ARM STATUTE, LA. R.S.
13:3204  13:3204

by leaving same at the dwelling house, or usual place of
abode, in the hands of _____
a person of suitable age and discretion residing therein as
Returned same day  a member of the domiciliary establishment, whose name
and other facts connected with this service I learned by
No.  interrogating  HIM / HER the said _____
INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH
Deputy Sheriff of _____  AFRICA LIMITED

Mileage: $ _____

being absent from the domicile at time of said service.
_____ / ENTERED / _____  Returned same day
PAPER  RETURN  No. _____

_____ / _____
SERIAL NO  DEPUTY  PARISH  Deputy Sheriff of _____

ATTORNEY'S NAME: Vandenweghe Jr., Roland   25283
AND ADDRESS:      Ste 4500,  701 Poydras St
                  New Orleans   LA 70139-1314

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2007  -- 14804      15                              SECTION:   11 -- G

JEFFERSON, ALICE R.    ETAL versus AMERICAN SUGAR REFINING, INC. ETAL

C I T A T I O N

TO:  INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA LIMITED
     THROUGH:  THE LOUISIANA LONG ARM STATUTE, LA. R.S. 13:3204
     19 FREDMAN DRIVE
     SANDOWN. JOHANNESBURG
     SOUTH AFRICA

YOU HAVE BEEN SUED·

You must either comply with the demand contained in the petition
FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THIRD PARTY DEMAND
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
*                                   ADDITIONAL INFORMATION                                        *
*   Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer   *
*   Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.   *
*   If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you   *
*   may call 529 - 1000 for more information.                                                      *
*   COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE                                         *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA   ___October 22, 2010___

Clerk's Office, Room 402, Civil Courts Building,                DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                              The Civil District Court
New Orleans, LA                                                for the Rarisn of Orleans
                                                               State of LA

                                                               by _____
                                                                         Deputy Clerk

----------------------------------------------------------------------------------------------------

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                                    DOMICILIARY SERVICE

On this _____ day of _____       On this _____ day of _____
_____ served a copy of the w/i petition  _____ served a copy of the w/i petition
FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES & THIRD   FOR EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES &
PARTY DEMAND                                     THIRD PARTY DEMAND

On                                             On
  INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH      INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH
  AFRICA LIMITED                                   AFRICA LIMITED

  THROUGH:  THE LOUISIANA LONG ARM STATUTE, LA. R.S   THROUGH:  THE LOUISIANA LONG ARM STATUTE, LA. R.S.
  13:3204                                          13:3204

                                                by leaving same at the dwelling house, or usual place of
                                                abode, in the hands of _____
_____           a person of suitable age and discretion residing therein as
        Returned same day                       a member of the domiciliary establishment, whose name
                          No. _____      and other facts connected with this service I learned by
                                                interrogating  HIM / HER the said _____
_____           INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH
     Deputy Sheriff of _____          AFRICA LIMITED

Mileage: $ _____
                                                being absent from the domicile at time of said service.
_____/ ENTERED /_____                      Returned same day
     PAPER              RETURN                                     No. _____

_____/_____/_____
SERIAL NO.   DEPUTY   PARISH           ·    Deputy Sheriff of _____

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-14804                                                    DIV. G

ALICE R. JEFFERSON *ET AL.*

VERSUS

AMERICAN SUGAR REFINING, INC. *ET AL.*

FILED: _____          _____
                                                    **DEPUTY CLERK**

**EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND
AND THIRD-PARTY DEMAND OF DEFENDANT, COOPER/T. SMITH
STEVEDORING COMPANY, INC., IN RESPONSE TO PLAINTIFFS' FIRST
SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes defendant, Cooper/T. Smith

Stevedoring Company, Inc. (hereinafter sometimes referred to as "Cooper/T. Smith"), which

responds to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages

filed on January 26, 2010 by plaintiffs, Alice R. Jefferson, Lucious Jefferson, Jr., Angela J.

Nelson, Sharon J. Galloway, Tiffany C. Jefferson, Reginald T. Jefferson and Steven Jefferson, as

follows:

**EXCEPTIONS TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE
ORIGINAL PETITION FOR DAMAGES**

Cooper/T. Smith excepts to plaintiffs' First Supplement and Amendment to the Original

Petition for Damages by averring as follows:

1.

Plaintiffs have no right and/or cause of action against Cooper/T. Smith.

**ANSWER TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE
ORIGINAL PETITION FOR DAMAGES**

AND NOW, for its answer to the plaintiffs' First Supplement and Amendment to the

Original Petition for Damages, Cooper/T. Smith avers as follows:

2.

The allegations contained in the introduction of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied.

3.

The allegations contained in paragraph I of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph II of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in paragraph III of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph IV of plaintiffs' First Supplement and Amendment to the Original Petition for Damages do not require a response from this defendant; however, out of an abundance of caution, to the extent that a response is deemed necessary, same are denied for lack of sufficient information to justify a belief therein.

7.

To the extent that plaintiffs, in paragraph V of their First Supplement and Amendment to the Original Petition for Damages, purport to "reiterate all other matters contained in the Original Petition for Damages, and all supplemental and amending petitions filed previously herein, including the prayers of those petitions (sic) as though set forth at length herein," defendant

reiterates, reasserts, reavers, realleges and incorporates and adopts by reference all of the allegations, responses, affirmative defenses and prayers contained in its "Exceptions, Answer, Affirmative Defenses and Jury Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., to Plaintiffs' Petition for Damages" that was filed on December 26, 2007 as if plead herein.

## AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES

AND NOW, for its affirmative defenses to plaintiffs' First Supplement and Amendment to the Original Petition for Damages, Cooper/T. Smith avers as follows:

8.

Plaintiffs' claims against Cooper/T. Smith are barred by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

9.

Plaintiffs' claims against Cooper/T. Smith are barred by LSA-R.S. § 23:1021 *et seq.*, the Louisiana Workers' Compensation Act.

10.

There was no fault, neglect or other basis for liability or responsibility on the part of Cooper/T. Smith, with respect to the incident complained of.

11.

Inasmuch as plaintiffs' alleged loss of consortium claims against Cooper/T. Smith arose/accrued after 1982, but are based upon allegedly-significant exposures that occurred before 1982, plaintiffs have no cause of action for loss of consortium.

12.

Inasmuch as plaintiffs' alleged loss of care, maintenance, support, services, advice and counsel claims are merely components of and are encompassed within their alleged loss of consortium claims, plaintiffs have no cause of action for loss of love, affection, support, services, society or quality of life.

13.

In the alternative, Cooper/T. Smith avers that the damages alleged by plaintiffs, if any exist, which is specifically denied, were caused solely by the fault and negligence of Lucious Jefferson, Sr., *i.e.* Lucious Jefferson, Sr.'s assumption of the risk, contributory negligence and/or

comparative fault, or by others for whom Cooper/T. Smith has no responsibility, which precludes and/or bars and/or diminishes plaintiffs' recovery herein.

14.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages as a result of the negligence of anyone for whom Cooper/T. Smith could or might be responsible, which is specifically denied, the damages of plaintiffs were also caused by and/or contributed to by and/or aggravated by plaintiffs' own negligence, i.e. plaintiffs' assumption of the risk, contributory negligence and/or comparative fault, and/or the negligence of others for whom Cooper/T. Smith is not responsible, and Cooper/T. Smith is entitled to have any award or recovery mitigated and reduced accordingly.

15.

Plaintiffs' fault constitutes a superseding cause, thus barring any recovery therein.

16.

Cooper/T. Smith pleads the affirmative defenses of prescription, estoppel, and the applicable statute of limitations.

17.

Plaintiffs suffer from pre-existing conditions and/or suffered a subsequent accident, which serves to bar or diminish any recovery herein.

18.

Cooper/T. Smith specifically reserves its right to further amend and amplify these answers and defenses as further discovery may warrant.

19.

Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

20.

Cooper/T. Smith specifically reserves its right to file third-party complaints, counterclaims and/or cross-claims such as the facts may disclose and/or warrant.

21.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages and are entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases of any persons, companies or entities, whether a party or

not, and whether said settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental petition herein.

22.

Any and all allegations not specifically admitted above are denied.

**JURY DEMAND**

23.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein.

WHEREFORE, defendant, Cooper/T. Smith, prays that its Exceptions, Answer, Affirmative Defenses and Jury Demand filed in response to the original plaintiffs' First Supplement and Amendment to the Original Petition for Damages be deemed good and sufficient and that, after due proceedings be had, there be a judgment herein in favor of Cooper/T. Smith, dismissing the original plaintiffs' claims, with prejudice, at their sole cost, and for all relief as may be deemed equitable and just.

**THIRD-PARTY DEMAND**

AND NOW, assuming the role of third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., for its Third-Party Demand, represents as follows:

24.

Made third-party defendants herein are:

A.　**Industrial Development Corporation of South Africa, Ltd.** (hereinafter "IDC"), a foreign corporation, that, upon information and belief, at all times pertinent, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New Orleans, conducted business in Louisiana and is subject to this Court's jurisdiction pursuant to La. R.S. §13:3201.

B.　**South African Marine Corporation, Ltd.** (hereinafter "Safmarine"), a foreign corporation, that, upon information and belief, at all times pertinent, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New

Orleans, conducted business in Louisiana and is subject to this Court's jurisdiction pursuant to La. R.S.
§13:3201.

25.

Cooper/T. Smith has been named as a defendant in the main demand herein. Plaintiffs
have alleged that Lucious Jefferson, Sr. was exposed to significant quantities of asbestos and/or
asbestos-containing products while employed as a stevedore-laborer by various stevedoring
companies in the Port of New Orleans, allegedly contracted mesothelioma as a result of such
exposure and ultimately died as a result of such exposures. Plaintiffs have further alleged that
Cooper/T. Smith was negligent in failing to provide a safe work environment for him and exposed him
to asbestos and/or asbestos-containing products, all of which is more particularly set forth in the
original plaintiffs' Original Petition for Damages and plaintiffs' First Supplement and Amendment to
the Original Petition for Damages and all of which has been denied by Cooper/T. Smith. Plaintiffs in
the main demand have also alleged that Cooper/T. Smith is liable under theories of strict liability.

26.

Cooper/T. Smith has denied the allegations asserted against it by plaintiffs in the main demand.

27.

Regardless of whether Cooper/T. Smith is responsible for any sum to the plaintiffs, the above-
named third-party defendants are liable to plaintiffs for all or part of the damages allegedly sustained by
plaintiffs under the facts alleged by plaintiffs in their original and/or supplemental and/or amending
petitions for damages.

28.

In the event that Cooper/T. Smith is responsible for any sum to the plaintiffs, whether by
judgment or compromise, then the above-named third-party defendants are liable to it for all or part of
the amount owed, and Cooper/T. Smith is entitled to indemnity and/or contribution from the above-
named third-party defendants.

29.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-
interest, Lucious Jefferson, Sr. was exposed to asbestos cargo that was transported on vessels
owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which
Lucious Jefferson, Sr. worked.

30.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Lucious Jefferson, Sr. was exposed to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which Lucious Jefferson, Sr. worked.

31.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Lucious Jefferson, Sr. was exposed to asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Lucious Jefferson, Sr. was working aboard said vessels.

32.

While employed by entities other than Cooper/T. Smith and/or its predecessors-in-interest, Lucious Jefferson, Sr. was exposed to asbestos-containing materials as a result of insulation and/or repair work that was being conducted aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Lucious Jefferson, Sr. was working aboard said vessels.

33.

IDC and/or Safmarine failed to warn anyone of the dangers associated with said asbestos cargo and/or asbestos-containing materials.

34.

According to plaintiffs, as a result of said asbestos exposure, Lucious Jefferson, Sr. allegedly contracted an asbestos-related disease and allegedly died therefrom.

35.

The exposure of Lucious Jefferson, Sr. to asbestos and/or asbestos-containing cargo transported by IDC and/or Safmarine and/or to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and/or to asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and/or to asbestos-containing materials as a result of insulation and/or repair work that was being conducted

aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly suffered by Lucious Jefferson, Sr. as a result, and the above-named third-party defendants are therefore liable unto plaintiffs pursuant to the same theories of liability asserted against Cooper/T. Smith and Lucious Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages and any and all of plaintiffs' supplemental and/or amending petitions, which theories of liability are specifically plead as if set forth herein *in extenso*.

36.

Further, and only in the event that Cooper/T. Smith is found liable for damages allegedly sustained by the original plaintiffs in the main demand, or in the event that Cooper/T. Smith pays any sum to the original plaintiffs in compromise of his claims against Cooper/T. Smith, all of which liability is specifically denied, Cooper/T. Smith is entitled to contribution and/or indemnity from the above-named third-party defendants, IDC and/or Safmarine, because Lucious Jefferson, Sr. was exposed to unreasonably dangerous asbestos cargo that was transported on vessels owned, operated, chartered and/or managed by IDC and/or Safmarine, because Lucious Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine and upon which Lucious Jefferson, Sr. worked, because Lucious Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials found in equipment aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Lucious Jefferson, Sr. was working aboard said vessels, because Lucious Jefferson, Sr. was exposed to unreasonably dangerous asbestos-containing materials as a result of insulation and/or repair work that was being conducted aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine while Lucious Jefferson, Sr. was working aboard said vessels, because IDC and/or Safmarine failed to warn anyone of the dangers associated with said asbestos cargo and/or asbestos-containing materials, and because, as a result of said exposure, Lucious Jefferson, Sr. allegedly contracted an asbestos-related disease and died therefrom. The exposure of Lucious Jefferson, Sr. to asbestos and/or asbestos-containing cargo transported by IDC and/or Safmarine and/or to asbestos-containing materials found in the component parts of the vessels

owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly suffered by plaintiff as a result, and the above-named third-party defendants are therefore liable unto Cooper/T. Smith pursuant to the same theories of liability asserted against Cooper/T. Smith and Lucious Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages and any and all of plaintiffs' supplemental and/or amending petitions and Cooper/T. Smith's Third-Party Demand, which theories of liability are specifically plead as if set forth herein *in extenso.*

37.

Upon information and belief, IDC and/or Safmarine were at all times pertinent aware, or reasonably should have been aware, of the dangers and hazards associated with exposure to asbestos, asbestos fibers and/or asbestos-containing products. Despite such knowledge, IDC and/or Safmarine continued to transport asbestos cargo into the Port of New Orleans and/or continued to transport vessels with these asbestos-containing materials contained in their vessels' component parts and/or equipment and owned, operated, chartered and/or managed by IDC and/or Safmarine into the Port of New Orleans and/or continued to have insulation and/or repair work done to these vessels' asbestos-containing component parts and/or asbestos-containing equipment, allegedly causing Lucious Jefferson, Sr. to be exposed to said asbestos cargo and/or asbestos-containing materials, and failed to take any measures to protect the safety of Lucious Jefferson, Sr., failed to warn Lucious Jefferson, Sr. of the dangers of said cargo, failed to warn anyone of the dangers of said cargo and/or asbestos-containing materials, failed to label the asbestos cargo and/or asbestos-containing materials as hazardous and otherwise failed to take reasonable and necessary steps to protect the health and safety of longshoremen, including Lucious Jefferson, Sr., that were reasonably certain to come into contact with said cargo and/or asbestos-containing materials.

38.

Further, and only in the event that Cooper/T. Smith is liable to the original plaintiffs for any sum, all of which liability is specifically denied, Cooper/T. Smith avers that it is entitled to contribution and/or indemnity from the above-named third-party defendants, IDC and Safmarine, as solidary obligors, because the exposure of Lucious Jefferson, Sr. to asbestos-containing cargo transported on vessels owned, operated, chartered and/or managed by IDC

and/or Safmarine and/or asbestos-containing materials found aboard the vessels owned, operated, chartered and/or managed by IDC and/or Safmarine contributed substantially to any diseases allegedly contracted by Lucious Jefferson, Sr. Said third-party defendants are therefore liable unto the original plaintiffs and Cooper/T. Smith, in the event that Cooper/T. Smith is liable to the original plaintiffs for any sum, pursuant to the same theories of liability asserted against Cooper/T. Smith and Lucious Jefferson, Sr.'s other, former employers and other defendants named in the original plaintiffs' Original Petition for Damages, which theories of liability are specifically plead as if set forth herein *in extenso*.

39.

At all times pertinent, IDC and/or Safmarine had care, custody, control and *garde* of the asbestos cargo and/or asbestos-containing materials found aboard the vessels owned, operated, chartered and/or managed by them, which was an unreasonably dangerous product, the unreasonably dangerous propensities of said product being well know by IDC and/or Safmarine, rendering them strictly liable unto the original plaintiffs and/or Cooper/T. Smith for damages caused by said unreasonably dangerous asbestos cargo and/or asbestos-containing materials in IDC's and/or Safmarine's care, custody, control and *garde*.

40.

Safmarine and/or IDC owned, operated, chartered and/or managed vessels that carried bagged asbestos into the Port of New Orleans during the time frame that Lucious Jefferson, Sr. worked as a longshoreman in the Port of New Orleans. Upon information and belief, those vessels included, but were not limited to, the SOUTH AFRICAN HUGUENOT, the SOUTH AFRICAN TRADER, the SOUTH AFRICAN ALPHEN, the SOUTH AFRICAN VENTURE, the SOUTH AFRICAN VICTORY, the SOUTH AFRICAN NEDERBURG, the SOUTH AFRICAN VANGUARD, the SOUTH AFRICAN MORGENSTER, the SOUTH AFRICAN WELTEVREDEN and the SOUTH AFRICAN CONSTANTIA.

41.

Safmarine and/or IDC owned, operated, chartered and/or managed vessels that, at the time Lucious Jefferson, Sr. worked upon them, were composed of asbestos-containing component parts and equipment. Upon information and belief, those vessels included, but were not limited to, the VERGELEGEN (originally known as the WESTBROOK VICTORY), the

Jefferson, Sr.'s contraction of an asbestos-related disease as a result of his exposure to the asbestos cargo and/or asbestos-containing materials aboard the vessels owned, operated, chartered and/or managed by Safmarine.

44.

Cooper/T. Smith further adopts and incorporates by reference thereto all of the allegations of plaintiffs' Original Petition for Damages and any and all supplemental and/or amending Petitions for Damages, as if set forth herein, against Industrial Development Corporation of South Africa Limited and South African Marine Corporation Limited.

**JURY DEMAND**

45.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein in its Third-Party Demand.

WHEREFORE, Cooper/T. Smith, in its capacity as third-party plaintiff, prays that third-party defendants, South African Marine Corporation Limited and Industrial Development Corporation of South Africa Limited, be served with a copy of this Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., and appear and answer within the delays allowed by law and that, after due proceedings are had, there be judgment in favor of plaintiffs and/or third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., and against third-party defendants, South African Marine Corporation Limited and Industrial Development Corporation of South Africa Limited, for all of plaintiffs' damages and/or for any amounts third-party plaintiff may be required to pay to plaintiffs and/or to any other parties, by way of judgment, compromise or otherwise. Cooper/T. Smith further prays for any and all other general and equitable relief to which it is entitled.

Respectfully submitted:

ADAMS AND REESE LLP

MARK J. SPANSEL (# 12314)
EDWIN C. LAIZER (#17014)
ROLAND M. VANDENWEGHE, JR. (# 25283)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: 504-581-3234
Facsimile: 504-566-0210
*Attorneys for Defendant and Third-Party Plaintiff,*
*Cooper/T. Smith Stevedoring Company, Inc.*

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

**PLEASE ISSUE CITATION FOR THIS "EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND AND THIRD PARTY DEMAND OF DEFENDANT, COOPER/T. SMITH STEVEDORING COMPANY, INC., IN RESPONSE TO PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT TO THE ORIGINAL PETITION FOR DAMAGES,"** along with certified copies of all petitions and answers thereto in the record of this matter for service pursuant to The Louisiana Long-Arm Statute, La. R.S. §13:3204, on the following parties:

**South African Marine Corporation Limited**
E-Berth
Duncan Road
Port of Capetown, Roggebaai
South Africa

**Industrial Development Corporation of South Africa Limited**
19 Fredman Drive
Sandown, Johannesburg
South Africa

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the foregoing Exceptions, Answer, Affirmative Defenses, Jury Demand and Third-Party Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc., in Response to Plaintiffs' First Supplement and Amendment to the Original Petition for Damages has this date been served on all counsel of record in this proceeding by:

( )   Hand Delivery          ( )   Prepaid U. S. Mail

( )   Facsimile              (X)   Electronic Mail

New Orleans, Louisiana, this 22nd day of October, 2010.

_____
ROLAND M. VANDENWEGHE, JR.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Third Party - Cooper/T. Smith Stevedoring Company, Inc | Third Party - Industrial Development Corporation of South Africa, Ltd. |

**(b)** County of Residence of First Listed Plaintiff **Orleans**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Adams & Reese, LLP, 4500 One Shell Square, New Orleans, LA 70139 (504) 581-3234

Attorneys (If Known)
Fowler Rodriguez Valdes-Fauli, 400 Poydras Street, 30th Floor, New Orleans, LA 70130 (504) 523-2600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 720 Labor/Mgmt. Relations | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 740 Railway Labor Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1441
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 12-1-10

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____