IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| DIANNA LARSON | : | |
| | : | |
| | : | |
| v. | : | Transferred from the District |
| | : | of Utah (08-00333) |
| VARIOUS DEFENDANTS | : | |
| | : | |
| | : | E.D. PA Case No. 09-69123 |

**SUGGESTION OF REMAND**

**AND NOW,** this **20th** day of **January, 2011,** it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

    a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

    c.) All discovery has been completed.[1]

---

[1] Both Plaintiff and Defendants seek additional discovery in this case.  Plaintiff's Motion to Remand states that, "[t]he only outstanding discovery is the exchange of documents and exhibits and the depositions of Georgia-Pacific and Union Carbide Corporation's corporate representatives."  (doc. no. 90, at 3.) Defendant Georgia Pacific LLC also desires additional discovery, namely Plaintiff's current medical information, as the most recent medical information on record is from July 2009.  (doc. no. 91, at 2.)

However, the discovery period provided for by this Court has

1

d.) Settlement conferences have been held in front of the Honorable Magistrate Judge M. Faith Angell, and these negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.   The docket indicates that the remaining viable Defendants in this case to proceed to trial are as follows:

    i.   Georgia Pacific LLC
    ii.  Union Carbide Corporation

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the District of Utah for resolution of all matters pending within this case except punitive damages.[2]

---

concluded.   The dispositive motion deadline in the above-captioned case was October 28, 2009.   (See doc. no. 12.)   This Court declines to extend deadlines any further.   It is within the discretion of the trial court whether to grant time for additional pre-trial discovery.

[2] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.   See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

decision to withhold punitive damage claims on remand."); <u>See</u>
<u>also</u> <u>In re Roberts</u>, 178 F.3d 181 (3d Cir. 1999).  <u>See</u> <u>In re</u>
<u>Roberts</u>, 178 F.3d 181 (3d Cir. 1999).