UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MARVIN EISENBERG and LORRAINE
EISENBERG,

          Plaintiffs,

- against -

AMERICAN OPTICAL CORPORATION;
BAXTER HEALTHCARE CORPORATION,
Individually and as Successor-in-Interest to
American Hospital Supply Corp. and
American Scientific Products;
CARRIER CORPORATION;
CBS CORPORATION, f/k/a Viacom Inc as Successor
in Interest to Westinghouse Electric Corp.;
COLE-PARMER INSTRUMENT COMPANY;
FISHER SCIENTIFIC INTERNATIONAL, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
and as successor to Bestwall Gypsum Company;
HOLLINGSWORTH & VOSE COMPANY;
KAISER GYPSUM COMPANY, INC;
KENTILE FLOORS, INC. a/k/a Kentile Operating
Company;
LORILLARD TOBACCO COMPANY,
Individually and as Successor to P. Lorillard
Company and as Successor to Lorillard, Inc.;
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
RAPID-AMERICAN CORPORATION, Successor by
merger to Glen Alden Corporation, Briggs
Manufacturing Co., Philip Carey Corporation and
Philip Carey Manufacturing;
SIEMENS CORPORATION, Individually and as
Successor to Powers;
THOMAS SCIENTIFIC;
UNION CARBIDE CORPORATION;
UNITED GILSONITE LABORATORIES;
VWR INTERNATIONAL;
WILL SCIENTIFIC;

          Defendants.

Civ. No.:

NOTICE OF REMOVAL

Removed from the Supreme Court of
the State of New York, County of New
York, Index No. 190397/2010



RECEIVE
U.S.D.C. S.D.N.Y.
JAN 19 2011
11 CIV 0933

FILE COPY

**PLEASE TAKE NOTICE** that defendants Lorillard Tobacco Company ("Lorillard") and Hollingsworth & Vose Company ("H&V"; collectively, "Defendants"), hereby file this Notice of Removal of the above-entitled action, with full reservation of all defenses, from the Supreme Court of the State of New York, County of New York, to the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In support of removal to this Court, Defendants respectfully allege:

**Plaintiffs' Complaint and Nature of the Action**

1.    On or about November 3, 2010, Plaintiffs Marvin and Lorraine Eisenberg filed a First Amended Verified Complaint (the "Amended Complaint") in the Supreme Court of the State of New York, County of New York, Index No. 190397/2010, naming as defendants Lorillard and H&V.  In addition, the Complaint names numerous other defendants, all of which allegedly are engaged, or previously were engaged, in the manufacture, sale or distribution of asbestos containing products (hereafter, the "Occupational Defendants").  A copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit A.[1]

2.    In their Amended Complaint, Plaintiffs claim a single injury — mesothelioma — which, they claim, is caused by a single substance – asbestos.  *See* Amended Complaint, ¶ 2.

**Diversity Jurisdiction is Proper Because
All Occupational Defendants Have Been Fraudulently Joined.**

3.    Plaintiff Marvin Eisenberg was deposed in this action on December 21, 2010.  At his deposition, Dr. Eisenberg testified that his *sole* exposure to asbestos was from smoking Kent cigarettes:

---

[1]  Thereafter, on or about December 8, 2010, Plaintiffs served and filed a Second Amended Complaint to add an additional Occupational Defendant.  Plaintiffs' Second Amended Complaint is attached hereto as Exhibit B.

2

Q.    ... if somebody asks you today where you were exposed to asbestos, what do you say?

A.    Today I would say that since I was a Kent smoker for a number of years, and Kent had asbestos in the filter, I believe that's when I was exposed.

Q.    Would you say today you were exposed to asbestos from any other source?

A.    No.

Eisenberg Dep. Tr. (attached hereto as Exhibit C) at 25:18 – 26:2.  Dr. Eisenberg further testified:

Q.    Other than anything you may be claiming with respect to Kent cigarettes, sitting here today are you claiming you've been exposed to asbestos from any other source?

A.    No.

*Id.* at 180:14-18.[2]

4.    On or about January 4, 2011, Plaintiffs served the report of their medical causation expert, Dr. James A. Strauchen. In his report, Dr. Strauchen states that Dr. Eisenberg "smoked Kent filtered cigarettes from 1952 to 1958 and was exposed to asbestos fibers present in the filters," and opined that this "asbestos exposure was the cause of Dr. Eisenberg's malignant mesothelioma." *See* Report of Dr. James A. Strauchen, attached hereto as Exhibit D. Dr. Strauchen does not identify any other potential cause of Dr. Eisenberg's alleged injury.

5.    The Occupational Defendants have been fraudulently joined in this action because Plaintiffs offer no basis to seek relief against those parties. Dr. Eisenberg disavows any

---

[2]    For four years during the early and mid-1950s, Lorillard manufactured Kent cigarettes with an asbestos-containing filter ("Original Kent"). H&V manufactured the Original Kent filter during that period.

exposure to asbestos from the Occupational Defendants, and Plaintiffs' causation expert points only to Kent cigarettes as the cause of Dr. Eisenberg's injury.

6.     "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). Fraudulent joinder exists where "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* at 461. The discovery adduced to date, including Dr. Eisenberg's crisp admission that his only claimed exposure to asbestos was from his alleged smoking of Original Kent, demonstrates that Plaintiffs cannot state a cause of action against the Occupational Defendants.  Accordingly, those defendants have been fraudulently joined, and their citizenship may be disregarded for purposes of removal.

**Complete Diversity Exists Among Properly Joined Parties.**

7.     Plaintiffs are citizens of the State of Florida, where they have resided since 1992.  *See* Plaintiffs' Response to Defendants' Interrogatories and Request of Production of Documents, attached hereto as Exhibit E, at Nos. 1 and 4.

8.     The only properly named defendants, Lorillard Tobacco Company and H&V, are diverse to Plaintiffs.  A corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  In circumstances such as these, where Defendants are large corporations with operations spread across numerous states, courts in the Second Circuit have adopted the "nerve center" test to determine the principal place of business:

Where a corporation is engaged in far-flung and varied activities which are carried on in different states, its principal place of

4

business is the nerve center from which it radiates out to its
constituent parts and from which its officers direct, control and
coordinate all activities without regard to locale, in the furtherance
of the corporate objective.

*Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862, 865 (S.D.N.Y. 1959). *Accord Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 460-61 (S.D.N.Y. 2008) (same).

9. Under the aforementioned "nerve center" test, Lorillard Tobacco Company is a Delaware corporation with its principal place of business in North Carolina, and H&V is a Massachusetts corporation with its principal place of business in Massachusetts. Both are diverse to Plaintiffs.

**The Amount in Controversy Requirement is Satisfied.**

10. The amount in controversy requirement is satisfied. Plaintiffs seek to recover an amount in excess of $75,000, exclusive of interest and cots. Plaintiffs allege that Dr. Eisenberg has suffered "a number of asbestos-related injuries, including: [m]alignant mesothelioma; [p]ain to the affected area and surrounding organs and museoskeletal regions, [s]evere emotional and psychological distress, [s]hortness of breath, [s]ignificant weight loss, [i]ncreasing weakness and fatigue, [l]oss of appetite, [and] [l]oss of intimacy." Plaintiffs' Response to Defendants' Interrogatories and Request for Production of Documents ("Plaintiffs' Discovery Responses"), attached hereto as Exhibit F, at No. 7; *see* Amended Complaint at ¶ 2. Plaintiffs further allege that Mrs. Eisenberg should be compensated for "loss of consortium, society, affection, services, and sexual enjoyment." Exhibit F, Plaintiffs' Discovery Responses, at No. 25.

11. Though Plaintiffs chose not to include an ad damnum clause in their Amended Complaint, prior New York verdicts in mesothelioma cases demonstrate that this action meets the amount in controversy requirement. *See, e.g., Matter of New York City Asbestos*

5

9

*Litg.*, 16 Misc. 3d 945, 842 N.Y.S.2d 333 (Sup. Ct. N.Y. County 2007) (upholding $25,000,000 verdict in a mesothelioma case where verdict included damages for past pain and suffering, future pain and suffering, spouse's past lost of consortium and spouse's future loss of consortium); *Lustenring v. AC&S, Inc.*, 13 A.D. 3d 69, 786 N.Y.S.2d 20 (1st Dep't 2004) (affirming jury verdicts of $4,395,058 and $3,277,864.65 in two mesothelioma cases).

**Removal is Timely.**

12.     Section 1446(b) provides that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable." 28 U.S.C. § 1446(b). This Court has held that a deposition qualifies as "other paper" within the meaning of section 1446(b). *See In re Methyl Tertiary Butyl Ether Products Liability Litigation*, 399 F. Supp. 2d 340, 348 n. 47 (S.D.N.Y. 2005) (noting that the types of documents constituting other paper "can be anything from a deposition, to an amended pleading, to a letter between the parties").

13.     Defendants first ascertained that the Occupational Defendants were fraudulently joined in this action at Dr. Eisenberg's December 21, 2010 deposition, where he testified that he was not exposed to asbestos from any source other than Kent cigarettes. *See* Exhibit C, Eisenberg Dep. Tr. at 25:18 – 26:2.

14.     New York courts have explained that "[w]hether a case is removable depends on whether the complaint enables a defendant to intelligently ascertain removability." *Soto v. Apple Towing*, 111 F. Supp. 2d 222, 226 (E.D.N.Y. 2000). In the context of 28 U.S.C. §

1446(b), a defendant can ascertain removability only where the paper is not "ambiguous or one

which requires an extensive investigation to determine the truth." *Soto*, 111 F. Supp. 2d at 226.

15.    Here, Defendants were unable to ascertain removability from the face of

the Amended Complaint, which purports to assert a cause of action against potentially non-

diverse Occupational Defendants, and had no duty to investigate further.  Dr. Eisenberg's

deposition, therefore, is the first "removable paper," and this petition has been filed within 30

days of Defendants' receipt thereof.

**All Defendants That Were Not Fraudulently Joined Consent to Removal.**

16.    All properly joined defendants consent to this removal.  The consent of

fraudulently joined defendants is excused.  *See, e.g., Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.

Supp. 2d 357, 384 (S.D.N.Y. 2006); *Gurney's Inn Resort v. Benjamin*, Civil No. 10-CV-3993,

2010 U.S. Dist. LEXIS 109029, at *7-8 (E.D.N.Y. Oct. 13, 2010).

**Notice**

17.    Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal will be

filed promptly with the Supreme Court of the State of New York, County of New York.

**Venue is Proper.**

18.    The United States District Court for the Southern District of New York

includes New York County, where the state court action is pending.  Thus, pursuant to 28 U.S.C.

§ 124(b)(2), venue is proper.

**Reservation of Defenses and Rights**

19.    As of the date of the filing of this Notice of Removal, no further

proceedings have been had in the Supreme Court of the State of New York, County of New

York, other than the deposition of Dr. Eisenberg on December 21, 2010.

7

20.    Defendants reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

21.    Defendants reserve the right to amend or supplement this Notice of Removal.

22.    Defendants request trial by jury of all issues.

6

WHEREFORE, Defendants remove the action now pending in the Supreme Court
of the State of New York, County of New York, to this Court.

Dated: New York, New York
January 19, 2011

Respectfully submitted,

GREENBERG TRAURIG, LLP

By /s/ Robert J. Kirshenberg
Robert J. Kirshenberg (RK-1034)

MetLife Building
200 Park Avenue
New York, New York 10166
Phone: (212) 801-9200

Attorneys for Defendant
Lorillard Tobacco Company

and

WESTERMAN BALL EDERER MILLER
& SHARFSTEIN, LLP

By /s/ W. Vita
William E. Vita (WV-1859)

1201 RXR Plaza
Uniondale, NY 11556
(516) 622-9200

Attorneys for Defendant
Hollingsworth & Vose Company

1

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a true copy of Lorillard Tobacco Company's and Hollingsworth & Vose Company's **Notice of Removal by placing same in the United States mail, postage prepaid, this 19th day of January, 2011, addressed to:**

| | |
|---|---|
| Jordan C. Fox, Esq.<br>**BELLUCK & FOX, LLP**<br>546 Fifth Avenue, 4th Floor<br>New York, New York 10036<br><br>*Attorneys for Plaintiff* | James Berger, Esq.<br>**SHOOK, HARDY & BACON**<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108<br><br>*Attorneys for Defendant*<br>*Lorillard Tobacco Company* |
| William E. Vita, Esq.<br>**WESTERMAN BALL EDERER**<br>**MILLER & SHARFSTEIN, LLP**<br>1201 RXR Plaza<br>Uniondale, New York 11556<br><br>*Attorneys for Defendant Hollingsworth*<br>*& Vose Company* | Andrew McElaney, Esq.<br>**NUTTER, McCLENNEN & FISH, LLP**<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02110-2604<br><br>*Attorneys for Defendant Hollingsworth &*<br>*Vose Company* |
| Judith Yavitz, Esq.<br>**REED SMITH LLP**<br>599 Lexington Avenue<br>New York, New York 10022<br><br>*Attorneys for American Optical*<br>*Corporation and Union Carbide*<br>*Corporation* | Andrew Constantine, Esq.<br>**MARON, MARVEL, BRADLEY &**<br>**ANDERSON**<br>75 Montgomery Street<br>Jersey City, NJ 07302<br><br>*Attorneys for Baxter Healthcare*<br>*Corporation* |
| Julie Evans, Esq.<br>**WILSON ELSER MOSKOWITZ**<br>**EDELMAN & DICKER, LLP**<br>150 East 42nd Street<br>New York, New York 10017<br><br>*Attorneys for Carrier Corporation* | William Bradley, Esq.<br>**MALABY & BRADLEY, LLC**<br>150 Broadway, 6th Floor<br>New York, NY 10038<br><br>*Attorneys for CBS Corporation* |

2

| | |
|---|---|
| Cindy Messemer, Esq.<br>HODGES, WALSH & SLATER<br>55 Church Street, Suite 211<br>White Plains, New York 10601<br><br>*Attorneys for Cole-Parmer Instrument Company* | Wendy Kagan, Esq.<br>HOAGLAND LONGO MORAN<br>DUNST & DOUKAS<br>40 Patterson Street, P.O. Box 480<br>New Brunswick, New Jersey 08903<br><br>*Attorneys for Fisher Scientific International, Inc.* |
| Michael Tanenbaum, Esq.<br>SEDGWICK DETERT, MORAN<br>& ARNOLD<br>Three Gateway Center, 12th Floor<br>Newark, New Jersey 07102<br><br>*Attorneys for General Electric Company* | Jim Lynch, Esq.<br>Scott Emery, Esq.<br>Bernard Daskal, Esq.<br>LYNCH DASKAL EMERY LLP<br>264 West 40th Street, 18th Floor<br>New York, NY 10018<br><br>*Attorneys for Georgia-Pacific Corporation* |
| Daniel J. McNamara, Esq.<br>DeCICCO GIBBONS &<br>McNAMARA, P.C.<br>14 E. 38th Street, 5th Floor<br>New York, New York 10016<br><br>*Attorneys for Kaiser Gypsum Company, Inc.* | Paul A. VanBuskirk, Esq.<br>Kerry Ann Cook, Esq.<br>McGIVNEY KLUGER & GANNON, P.C.<br>80 Broad Street, 23rd Floor<br>New York, NY 10004<br><br>*Attorneys for Kentile Floors, Inc.* |
| Justin Perri, Esq.<br>STEPTOE & JOHNSON LLP<br>750 Seventh Avenue, Suite 1900<br>New York, New York 10019<br><br>*Attorneys for Metropolitan Life Insurance Company* | Paul Scrudato, Esq.<br>SCHIFF HARDIN LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022<br><br>*Attorneys for Owens Illinois, Inc.* |
| Linda Yassky, Esq.<br>SONNENSCHEIN NATH &<br>ROSENTHAL<br>1221 Avenue of the Americas<br>New York, New York 10020<br><br>*Attorneys for Rapid-American Corporation* | Paul C. Johnson, Esq.<br>MARSHALL, DENNEHEY, WARNER<br>200 Lake Drive East, Suite 300<br>Cherry Hill, NJ 08002<br><br>*Attorneys for Thomas Scientific* |

| | |
|---|---|
| Jennifer Darger, Esq.<br>**DARGER & ERRANTE**<br>116 East 27th Street<br>New York, New York 10016<br><br>*Attorneys for United Gilsonite Laboratories and Philips Healthcare* | Timothy Fraser, Esq.<br>Michael P. Pulliam, Esq.<br>**DRINKER BIDDLE & REATH LLP**<br>500 Campus Drive<br>Florham Park, NJ 07932<br><br>*Attorneys for VWR International and Will Scientific* |
| **Magid Glove and Safety Manufacturing Company LLC**<br>2060 North Kolmar Avenue<br>Chicago, Illinois 60639 | **Siemens Corporation, Individually and as Successor to Powers**<br>Citicorp Center<br>153 East 53rd Street<br>New York, NY 10022 |

Robert J. Kirshenberg

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

Plaintiffs,

v.

AMERICAN OPTICAL CORPORATION, et al.

Defendants.

See Attached Rider - FULL CAPTION

Index No.: 190397/2010

Date Filed: October 19, 2010

Plaintiff designates
NEW YORK
County as the place of trial

The basis of the venue is
DEFENDANTS' PLACE OF
BUSINESS

FIRST AMENDED SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York). In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
November 1, 2010

Yours etc.,

BELLUCK & FOX, LLP
Attorneys for Plaintiff
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By: _____
Bryan Belasky, Esq.

Defendants' addresses:

SEE ATTACHED DEFENDANT SERVICE LIST

NOT COMPARED
WITH COPY FILE

NOV - 3 2010

NEW YORK
COUNTY CLERK'S OFFICE

- 2 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

Index No.: 190397/2010

FULL CAPTION RIDER

Plaintiffs,

- against -

AMERICAN OPTICAL CORPORATION;
BAXTER HEALTHCARE CORPORATION,
Individually and as Successor-in-Interest to
American Hospital Supply Corp. and
American Scientific Products;
CARRIER CORPORATION;
CBS CORPORATION, f/k/a Viacom Inc as Successor
in Interest to Westinghouse Electric Corp.;
COLE-PARMER INSTRUMENT COMPANY;
FISHER SCIENTIFIC INTERNATIONAL, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
and as successor to Bestwall Gypsum
Company;
HOLLINGSWORTH & VOSE COMPANY;
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
Company;
LORILLARD TOBACCO COMPANY,
Individually and as Successor to P. Lorillard
Company and as Successor to Lorillard, Inc.;
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
SIEMENS CORPORATION, Individually and as
Successor to Powers;
THOMAS SCIENTIFIC;
UNION CARBIDE CORPORATION;
UNITED GILSONITE LABORATORIES;
VWR INTERNATIONAL;
WILL SCIENTIFIC.

Defendants.

COUNTY CLERK'S OFFICE
NEW YORK

NOV - 3 2010

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MARVIN EISENBERG and LORRAINE
EISENBERG,

Index No.: 190397/2010

Plaintiffs,

FIRST AMENDED
VERIFIED COMPLAINT

- against -

AMERICAN OPTICAL CORPORATION;
BAXTER HEALTHCARE CORPORATION,
Individually and as Successor-in-Interest to
American Hospital Supply Corp. and
American Scientific Products;
CARRIER CORPORATION;
CBS CORPORATION, f/k/a Viacom Inc as Successor
in Interest to Westinghouse Electric Corp.;
COLE-PARMER INSTRUMENT COMPANY;
FISHER SCIENTIFIC INTERNATIONAL, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
and as successor to Bestwall Gypsum
Company;
HOLLINGSWORTH & VOSE COMPANY;
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
Company;
LORILLARD TOBACCO COMPANY,
Individually and as Successor to P. Lorillard
Company and as Successor to Lorillard, Inc.;
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
SIEMENS CORPORATION, Individually and as
Successor to Powers;
THOMAS SCIENTIFIC;
UNION CARBIDE CORPORATION;
UNITED GILSONITE LABORATORIES;
VWR INTERNATIONAL;
WILL SCIENTIFIC.

Defendants.

---

- 3 -

NOT COMPARED
WITH COPY FILE

NOV - 3 2010

NEW YORK
COUNTY CLERKS OFFICE

- 4 -

Plaintiffs, by their attorneys, BELLUCK & FOX LLP, for their First Amended Summons and Verified Complaint respectfully allege:

Plaintiffs repeat and allege Initial Complaint dated October 18, 2010 as if fully incorporated herein.

Plaintiffs supplement their Complaint to add AMERICAN OPTICAL CORPORATION; BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products; COLE-PARMER INSTRUMENT COMPANY; FISHER SCIENTIFIC INTERNATIONAL, INC.; HOLLINGSWORTH & VOSE COMPANY; LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.; MAGID GLOVE; THOMAS SCIENTIFIC; VWR INTERNATIONAL; and WILL SCIENTIFIC as additional defendants in this action.

## THE PARTIES

1.      Plaintiffs are residents of the State of New York unless otherwise specified in individual complaints.

2.      Plaintiffs allege that plaintiff, Marvin Eisenberg has been diagnosed with Mesothelioma as a result of his exposure to asbestos.

3.      The term "Defendants" shall apply to all corporate and business entities, and/or their predecessors and/or successors in interest as more fully described and enumerated in the captions of individual complaints subsequently filed in the "short form" in accordance with the applicable case management order of this Court.

- 5 -

4. The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within this state, or have otherwise performed acts within this State and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

5. Defendant **AMERICAN OPTICAL CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

6. Defendant **BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

7. Defendant **COLE-PARMER INSTRUMENT COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

8. Defendant **FISHER SCIENTIFIC INTERNATIONAL, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

- 9 -

9.      Defendant **HOLLINGSWORTH & VOSE COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

10.      Defendant **LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.,** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

11.      Defendant **MAGID GLOVE** is a duly organized foreign corporation doing business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

12.      Defendant **THOMAS SCIENTIFIC** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

- 7 -

13.   Defendant VWR INTERNATIONAL was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.   At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

14.   Defendant WILL SCIENTIFIC was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.   At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

WHEREFORE, Plaintiffs pray for relief against defendants, together with interest, costs and disbursements in this action.

Dated: New York, New York
November 1, 2010

Yours etc.,

BELLUCK & FOX, LLP
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By: _____
Bryan Belasky, Esq.

- 8 -

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is a member of the firm BELLUCK & FOX LLP, counsel for the plaintiffs in the within action; deponent has read the foregoing First Amended Summons and Verified Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes same to be true. This verification is made by deponent and not by plaintiffs because plaintiffs reside outside of the County of New York where the deponent maintains his office.

Dated: New York, New York
November 1, 2010

_____
Bryan Belasky, Esq.

- 6 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------
MARVIN EISENBERG and LORRAINE
EISENBERG,

Plaintiffs,

- against -

AMERICAN OPTICAL CORPORATION, et al.,

Defendants.
----------------------------------------------------------------------

Index No. : 190397/2010

**CERTIFICATION**

NEW YORK
COUNTY CLERKS OFFICE

NOV - 3 2010

NOT COMPARED
WITH COPY FILE

Bryan Belasky, Esq., an attorney duly admitted to practice before the Courts of the State

of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of the

Chief Administrator that to the best of my knowledge, information and belief, which was formed

after a reasonable inquiry under the circumstances, the presentation of the foregoing First

Amended Summons and Verified Complaint and its contents are not frivolous, as the term is

defined in Part 130.

Dated: New York, New York        Yours etc.,
November 1, 2010

BELLUCK & FOX, LLP
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By: _____
Bryan Belasky, Esq.

# MARVIN EISENBERG DEFENDANT SERVICE LIST

| DEFENDANTS | SERVICE |
| --- | --- |
| **AMERICAN OPTICAL CORPORATION**<br>14 Mechanic Street<br>Southbridge, Massachusetts 01550-1043 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products**<br>One Baxter Parkway<br>Deerfield, Illinois 60015-4625 | DIRECT |
| **CARRIER CORPORATION**<br>One Carrier Place<br>Farmington, Connecticut 06032-4015 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **CBS f/k/a Viacom Inc as Successor in Interest to Westinghouse Electric Corp.**<br>c/o Adrienne Harrington<br>51 West 52nd Street<br>New York, New York 10019 | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| **COLE-PARMER INSTRUMENT COMPANY**<br>625 East Bunker Court<br>Vernon Hills, Illinois 60061-1844 | DIRECT |
| **FISHER SCIENTIFIC INTERNATIONAL, INC.**<br>2000 Park Lane,<br>Pittsburgh, Pennsylvania 15275 | DIRECT |
| **GENERAL ELECTRIC COMPANY**<br>3135 Easton Turnpike<br>Fairfield, Connecticut 06432 | DIRECT - CERTIFIED MAIL RRR<br>Henry J. King, Jr., Esq.<br>Managing Attorney<br>Electric Insurance Company<br>152 Conant Street<br>Beverly, Mass. 01915 |
| **GEORGIA-PACIFIC CORPORATION, Individually and as successor to Bestwall Gypsum Company**<br>133 Peachtree Street North East<br>Atlanta, Georgia 30303 | c/o Corporate Trust Corporation Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **HOLLINGSWORTH & VOSE COMPANY**<br>County Route 113<br>Greenwich, New York 12834 | c/o Secretary of State<br>Albany, New York 12207 |

- 11 -

| DEFENDANTS | SERVICE |
|---|---|
| INGERSOLL-RAND COMPANY<br>200 Chestnut Ridge Road<br>Woodcliff Lakes, New Jersey 07675 | DIRECT - CERTIFIED MAIL RRR<br>Lisa M. Pascarella<br>Pehlivanian & Braaten LLC<br>Paynter's Ridge Office Park<br>2430 Route 34<br>Manasquan, New Jersey 08736 |
| KAISER GYPSUM COMPANY, INC.<br>C T Corporation System<br>818 West Seventh Street<br>Los Angeles, California 90017 | DIRECT |
| KENTILE FLOORS, INC. f/k/a Kentile Operating Company | DIRECT - CERTIFIED MAIL RRR<br>c/o G&K Consultants LLC<br>31 East 28th Street, 8th Floor<br>New York, NY<br><br>c/o Corporate Service Company<br>80 State Street<br>Albany, New York 12207 |
| LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.<br>714 Green Valley Road<br>Greensboro, North Carolina 27408 | DIRECT |
| MAGID GLOVE<br>Magid Glove and Safety Manufacturing Company LLC.<br>2060 North Kolmar Ave.,<br>Chicago, Illinois 60639 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| METROPOLITAN LIFE INSURANCE CO.<br>One Madison Avenue<br>New York, New York 10010-3603 | DIRECT - CERTIFIED MAIL RRR<br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| OWENS-ILLINOIS, INC.<br>One Seagate<br>Toledo, Ohio 43659 | DIRECT |
| PHILIPS HEALTHCARE<br>3000 Minuteman Road<br>Andover, Massachusetts 01810-1099 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH Floor<br>New York, New York 10011 |
| SIEMENS CORPORATION, Individually and as Successor to Powers<br>Citicorp Center<br>153 East 53rd Street<br>New York, New York 10022-4611 | |

- 12 -

| DEFENDANTS | SERVICE |
| --- | --- |
| **THOMAS SCIENTIFIC**<br>1654 High Hill Road<br>Swedesboro, New Jersey 08085 | **DIRECT** |
| **UNION CARBIDE CORPORATION**<br>2030 Dow Center<br>Midland, Michigan 48674 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH Floor<br>New York, New York 10011 |
| **UNITED GILSONITE LABORATORIES**<br>1390 Jefferson Avenue<br>Scranton, Pennsylvania 18509 | **DIRECT** |
| **VWR INTERNATIONAL**<br>1310 Goshen Parkway<br>West Chester, Pennsylvania 19380 | **DIRECT** |
| **WILL SCIENTIFIC**<br>c/o VWR International<br>1310 Goshen Parkway<br>West Chester, Pennsylvania 19380 | **DIRECT** |

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

MARVIN EISENBERG and LORRAINE
EISENBERG,

                Plaintiffs,

       -v.-

AMERICAN OPTICAL CORPORATION, et al.

                Defendants.

See Attached Rider - FULL CAPTION
_____

Index No. : 190397/2010

Date Filed: October 19, 2010

Plaintiff designates
NEW YORK
County as the place of trial

The basis of the venue is
DEFENDANTS' PLACE OF
BUSINESS

SECOND AMENDED
SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York). In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      December 8, 2010

      NEW YORK
      COUNTY CLERKS OFFICE

      DEC - 9 2010

      NOT COMPARED
      WITH COPY FILE

                Yours etc.,

                BELLUCK & FOX, LLP
                *Attorneys for Plaintiff*
                546 Fifth Avenue, 4th Floor
                New York, New York 10036
                (212) 681-1575

By: _____
      Bryan Belasky, Esq.

Defendants' addresses:

SEE ATTACHED DEFENDANT SERVICE LIST.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

MARVIN EISENBERG and LORRAINE
EISENBERG,

Plaintiffs,

- against -

AMERICAN OPTICAL CORPORATION;
BAXTER HEALTHCARE CORPORATION,
Individually and as Successor-in-Interest to
American Hospital Supply Corp. and
American Scientific Products;
CARRIER CORPORATION.
CBS CORPORATION, f/k/a Viacom Inc as Successor
in Interest to Westinghouse Electric Corp.;
COLE-PARMER INSTRUMENT COMPANY;
FISHER SCIENTIFIC INTERNATIONAL, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
and as successor to Bestwall Gypsum
Company;
HOLLINGSWORTH & VOSE COMPANY;
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
Company;
LORILLARD TOBACCO COMPANY,
Individually and as Successor to P. Lorillard
Company and as Successor to Lorillard, Inc.;
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
RAPID-AMERICAN CORPORATION, Successor-
by-merger to Glen Alden Corporation,
Briggs Manufacturing Co., Philip Carey
Corporation and Philip Carey
Manufacturing;
SIEMENS CORPORATION, Individually and as
Successor to Powers;
THOMAS SCIENTIFIC;
UNION CARBIDE CORPORATION.
UNITED GILSONITE LABORATORIES;
VWR INTERNATIONAL,

FULL CAPTION RIDER

Index No. : 190397/2010

- 2 -

WILL SCIENTIFIC.

Defendants.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

                Plaintiffs,

Index No.: 190397/2010

SECOND AMENDED
VERIFIED COMPLAINT

- against -

AMERICAN OPTICAL CORPORATION;
BAXTER HEALTHCARE CORPORATION,
Individually and as Successor-in-Interest to
American Hospital Supply Corp. and
American Scientific Products;
CARRIER CORPORATION;
CBS CORPORATION, f/k/a Viacom Inc as Successor
in Interest to Westinghouse Electric Corp.;
COLE-PARMER INSTRUMENT COMPANY;
FISHER SCIENTIFIC INTERNATIONAL, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
and as successor to Bestwall Gypsum
Company;
HOLLINGSWORTH & VOSE COMPANY;
KAISER GYPSUM COMPANY, INC;
KENTILE FLOORS, INC, a/k/a Kentile Operating
Company;
LORILLARD TOBACCO COMPANY,
Individually and as Successor to P. Lorillard
Company and as Successor to Lorillard, Inc.;
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
RAPID-AMERICAN CORPORATION, Successor-
by-merger to Glen Alden Corporation,
Briggs Manufacturing Co., Philip Carey
Corporation and Philip Carey
Manufacturing;
SIEMENS CORPORATION, Individually and as
Successor to Powers;
THOMAS SCIENTIFIC;
UNION CARBIDE CORPORATION;
UNITED GILSONITE LABORATORIES;
VWR INTERNATIONAL;

NEW YORK
COUNTY CLERK'S OFFICE

DEC - 9 2010

NOT COMPARED
WITH COPY FILE

- 4 -

WILL SCIENTIFIC.

Defendants.

_____

Plaintiffs, by their attorneys, BELLUCK & FOX LLP, for their Second Amended
Summons and Verified Complaint respectfully allege:

Plaintiffs repeat and allege Initial Complaint dated October 18, 2010 as if fully
incorporated herein.

Plaintiffs supplement their Complaint to add **RAPID-AMERICAN CORPORATION,**
**Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey**
**Corporation and Philip Carey Manufacturing as additional defendants in this action.**

## THE PARTIES

1.     Plaintiffs are residents of the State of New York unless otherwise specified in
individual complaints.

2.     Plaintiffs allege that plaintiff, Marvin Eisenberg has been diagnosed with
Mesothelioma as a result of his exposure to asbestos.

3.     The term "Defendants" shall apply to all corporate and business entities, and/or
their predecessors and/or successors in interest as more fully described and enumerated in the
captions of individual complaints subsequently filed in the "short form" in accordance with the
applicable case management order of this Court.

4.     The Defendants have done business in this State, have conducted or transacted
business in this State, have committed one or more tortious acts within this state, or have
otherwise performed acts within and/or without this State giving rise to injuries and losses within
this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

- 5 -

- 9 -

5.    Defendant **RAPID-AMERICAN CORPORATION**, Successor-by-merger to **Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

**WHEREFORE**, Plaintiffs pray for relief against defendants, together with interest, costs and disbursements in this action.

Dated: New York, New York                    Yours etc.,
December 8, 2010

                                            BELLUCK & FOX, LLP
                                            *Attorneys for Plaintiff*
                                            546 Fifth Avenue, 4th Floor
                                            New York, New York 10036
                                            (212) 681-1575

                                            By: _____
                                                Bryan Belasky, Esq.

- 7 -

STATE OF NEW YORK      )

                                          ) ss.:

COUNTY OF NEW YORK   )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is a member of the firm BELLUCK & FOX LLP, counsel for the plaintiffs in the within action; deponent has read the foregoing Second Amended Summons and Verified Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes same to be true. This verification is made by deponent and not by plaintiffs because plaintiffs reside outside of the County of New York where the deponent maintains his office.

Dated: New York, New York

December 8, 2010

_____

Bryan Belasky, Esq.

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY

---

MARVIN EISENBERG and LORRAINE EISENBERG

Plaintiffs

-against- Index No. 190397/10

CARRIER CORPORATION, et al.

Defendants

---

VOLUME 1

Deposition Under
Oral Examination
of MARVIN EISENBERG

**Page 2**

1    Transcript of the deposition of MARVIN

2    EISENBERG, called for Oral Examination in the

3    above-captioned matter, said deposition being

4    taken pursuant to the Federal Rules of Civil

5    Procedure by and before Barbara O'Reilly, Court

6    Reporter and Notary Public in and for the State

7    of New York; taken at Wyndham Gardens, 1958

8    Glades, Boca Raton, Florida, on December 21,

9    2010, commencing at 10:30 a.m.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    A.  No.
 2    Q.  Have you spoken with anyone about your
 3   potential exposures to asbestos in the past?
 4    A.  Most of the people I know, most the
 5   physicians I know associate mesothelioma with
 6   asbestos.  When I make anyone aware of the fact
 7   that I have mesothelioma, the question has
 8   always been:  How did you get exposed to
 9   asbestos?
10    Q.  And what have you said in response to
11   that?
12    A.  It depends on when the question was
13   asked.
14    Q.  When that question first asked, what
15   did you say?
16    A.  At that point I had no idea.
17    Q.  And what do you say in response to that
18   question -- well, if somebody asks you today
19   where you were exposed to asbestos, what do you
20   say?
21    A.  Today I would say that since I was a
22   Kent smoker for a number of years and Kent had
23   asbestos in the filter, I believe that's when I
24   was exposed.
25    Q.  Would you say today you were exposed to
```

Page 25

Priority-One Court Reporting Services, Inc.
25B Vreeland Road, Suite 301, Florham Park, NJ 07932
718-983-1234

Page 26

```
 1   asbestos from any other source?
 2        A.  No.
 3        Q.  Okay.  In this case your lawyers have
 4   provided us copies of responses to what we call
 5   interrogatories and request for production.
 6   Interrogatories are basically written questions
 7   that you provide written responses to.
 8        And so, for example, there are
 9   questions about, you know, you, when were you
10   born, your residential history, military
11   history, education, things along that line.
12        A.  Okay.
13        Q.  Okay.  Do you recall at some point
14   putting together information about your
15   residential history, employment history,
16   military history, et cetera, for the
17   purposes of this case?
18        A.  I recall putting together my history.
19   I don't know whether it had anything to do with
20   this paperwork.
21        Q.  Okay.  Have you seen what we lawyers
22   call interrogatories and your responses to these
23   interrogatories?
24        A.  Have I seen -- as a general question
25   have I seen such a thing?  Yes, but I've never
```

Priority-One Court Reporting Services, Inc.
25B Vreeland Road, Suite 301, Florham Park, NJ 07932

718-983-1234

Page 187

```
 1        A.   Schneider, S-C-H-N-E-I-D-E-R.

 2        Q.   Do you know where she lives?

 3        A.   At the moment she lives in -- she's

 4   here in Florida.  But she lives in Far Rockaway,

 5   New York.

 6        Q.   And she's just here visiting?

 7        A.   She's here for several months visiting

 8   her daughter.

 9        Q.   Okay.  Much warmer down here than I'm

10   sure anyplace in New York.

11        A.   And no snow.

12        Q.   Okay.  Let's see.  So you started your

13   fellowship -- you okay on time?

14        A.   Another five minutes.

15        Q.   Let me just ask a couple of quick

16   follow-up questions and then -- we've talked

17   already about your smoking Kent cigarettes.  I'm

18   going to set that aside for the moment.

19        Other than anything you may be claiming

20   with respect to Kent cigarettes, sitting here

21   today are you claiming you've been exposed to

22   asbestos from any other source?

23        A.   No.

24        MR. COTTON:  For the record, and I

25   don't mean to -- we can take care of this after
```

EXHIBIT D



MOUNT SINAI
SCHOOL OF
MEDICINE

**The Lillian and Henry M. Stratton-Hans Popper**
Department of Pathology

One Gustave L Levy Place
Box 1194
New York, NY 10029-6574
Phone: (212) 241-8014
Facsimile: (212) 289-2899

December 9, 2010

Belluck & Fox, LLP
546 Fifth Avenue 4th Floor
New York, NY 10017

Re: Marvin Eisenberg

Dear Sirs:

I have reviewed the material on Marvin Eisenberg, consisting of:

1. Plaintiff's Answers to Interrogatories
2. Boca Raton Regional Hospital -- Medical records dated 4/1/03-10/18/10
3. Medical records of Dr. Meyer Cohen dated 2/2/96-8/6/10
4. Medical records of Dr. Mark Licht dated 5/25/05-6/8/10
5. Boca Raton Regional Hospital -- Pathology material and corresponding reports:
    a. I H&E-stained slide C10-1161
    b. I H&E-stained slide C10-1278

The slide labeled Boca Raton Regional Hospital C10-1278 is identified as "pleural fluid" and consists of a pleural fluid cytology cell block. This shows an epithelioid malignant mesothelioma of the pleura. No lung tissue is present to assess for ferruginous (asbestos) bodies or interstitial fibrosis. Report of immunohistochemical stains performed at Boca Raton Regional Hospital indicates the tumor cells are positive for calretinin, Ber-EP4, Cam5.2, EMA; negative for B72.3. These findings are those of malignant mesothelioma.

The slide labeled Boca Raton Regional Hospital C10-1278 is identified as "pleural fluid" and consist of a pleural fluid cytology cell block. This shows an epithelioid malignant mesothelioma of the pleura.

Dr. Eisenberg smoked Kent filtered cigarettes from 1952 to 1958 and was exposed to asbestos fibers present in the filters.

In summary, Dr. Eisenberg has a malignant mesothelioma of the pleura. Based on the recognized association of asbestos exposure with the development of malignant mesothelioma and Dr. Eisenberg's history of asbestos exposure, it is my opinion to a reasonable degree of medical certainty that asbestos exposure was the cause of Dr. Eisenberg's malignant mesothelioma.

Sincerely,

James A. Strauchen, M.D.
Professor of Pathology and Vice Chair
Director Anatomic Pathology

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY

x------------------------------------------------------------------

MARVIN EISENBERG and LORRAINE EISENBERG,                    Index No. 190397/10

                             Plaintiffs,

          -against-                                          PLAINTIFFS' RESPONSE TO
                                                             DEFENDANTS'
                                                             INTERROGATORIES AND
CARRIER CORPORATION, et al.,                                 REQUEST FOR PRODUCTION
                                                             OF DOCUMENTS

                             Defendants.

x------------------------------------------------------------------

Plaintiffs, in response to the Fourth Amended Standard Set of Interrogatories and

Request for Production of Documents propounded by the defendants, pursuant to C.P.L.R.

ARTICLE 31 and the Order of the conte Helen Freedman, allege, upon information and

belief as follows:

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## INTERROGATORIES

1.      State the following:
(a) your full name, and all other names by which you have been known;
(b) age, and date and place of birth;
(c) whether you were an adopted child;
(d) present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;
(e) present home address; and
(f) social security number.

ANSWER:
(a)     Name: Marvin Eisenberg, M.D.
(b)     Age: 78.
        Date of birth: March 28, 1932.
        Place of birth: Brooklyn, New York.
(c)     Adopted/natural child: Natural.
(d)     Present marital status: Married.
        Date of marriage: February 1, 1958.
        Spouse's maiden name: Lorraine Ritterman.
        Prior marriages: None.
(e)     Present home address: 21377 Cypress Hammock, Boca Raton, Florida 33428.
(f)     Social Security Number: 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.

2.      State the following with regard to your father and mother:
(a) names;
(b) current address (if deceased, state last known address);
(c) the current condition of each one's health, including any specific medical problems.
If either of your parents are deceased, please state for each deceased parent:
i. specific physical problems;
ii. date and place of death;
iii. age and cause of death for each parent.

ANSWER:
Mother:
(a)     Name: Pearl Eisenberg.
(b)     Last known address: Queens, New York.
(c)     i. Specific physical problems: See (iii) below.
        ii. Date of death: April 30, 1965.
        Place of death: Queens, New York.
        iii. Age at death: 59.
        Cause of death: Lung cancer.

3

**Father:**

(a) Name: Morris Eisenberg.
(b) Last known address:153 Division Avenue, Brooklyn, New York.
    (c) i. Specific physical problems: None known.
ii. Date of death: November 9, 1963.
Place of death: Brooklyn, New York.
iii. Age at death: 59.
Cause of death: Suicide.

3.    State the following with regard to each of your children:
(a) full name;
(b) the date of birth;
(c) sex;
(d) current address (if deceased, state the last known address);
(e) social security number;
(f) whether birth child or adopted child;
(g) current state of each one's health. If any of your children are deceased, state for each deceased child:
    i. specific physical problems;
    ii. date and place of death; and
    iii. age and cause of death for each child.

ANSWER: Plaintiffs have two children:

i.(a) Full name: Melissa Eisenberg Fuller.
(b) Date of birth: January 27, 1959.
(c) Sex: Female.
(d) Current address: 36 Randall Heights, Middletown, New York 10940.
(e) Social Security Number: 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.
(f) Melissa is a natural child.
(g) Melissa has no current health conditions.

ii.(a) Full name: Peter J. Eisenberg.
(b) Date of birth: September 1, 1960.
(c) Sex: Male.
(d) Current address: 2997 Hamblin Way, Wellington, Florida 33414.
(e) Social Security Number:
(f) Peter is a natural child.
(g) Peter has no current health conditions.

4.    State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:
(a) fuel used for heating and cooking;
(b) significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);
(c) number of family units co-occupying said structure.

4

**ANSWER:** Plaintiff has lived in the following residences:

i.   Address:   21377 Cypress Hammock Drive, Boca Raton, Florida 33428.
     Dates:     Approximately 1992 to present.
     (a) Fuel used for heating/cooking: Electricity for both.
     (b) Significant home improvements: None.
     (c) Number of family units: One.

ii.  Address:   36 Randall Heights, Middletown, New York 10940.
     Dates:     Approximately 1968 to 1992.
     (a) Fuel used for heating/cooking: Gas/electricity.
     (b) Significant home improvements: None.
     (c) Number of family units: One.

iii. Address:   Royce Avenue, Middletown, New York.
     Dates:     Approximately February 1966 to 1968.
     (a) Fuel used for heating/cooking: Unrecalled.
     (b) Significant home improvements: None.
     (c) Number of family units: One.

iv.  Address:   5619 Avenue J, Brooklyn, New York.
     Dates:     Approximately 1963 to 1966.
     (a) Fuel used for heating/cooking: Unrecalled.
     (b) Significant home improvements: None.
     (c) Number of family units: Two.

v.   Address:   Chanute Air Force Base, Rantoul, Illinois.
     Dates:     Approximately 1961 to 1963.
     (a) Fuel used for heating/cooking: Unrecalled.
     (b) Significant home improvements: None.
     (c) Number of family units: Not applicable.

vi.  Address:   2005 Avenue L, Brooklyn, New York.
     Dates:     Approximately 1958 to 1961.
     (a) Fuel used for heating/cooking: Unrecalled.
     (b) Significant home improvements: None.
     (c) Number of family units: Apartment building.

vii. Address:   Various while attending school in Buffalo, New York.
     Dates:     Approximately 1953 to 1957.
     (a) Fuel used for heating/cooking: Unrecalled.
     (b) Significant home improvements: None.
     (c) Number of family units: Not applicable.

5

viii. Address:	Various, while attending school in Alfred, New York.
Dates:	Approximately 1949 to 1952.
(a) Fuel used for heating/cooking: Unrecalled.
(b) Significant home improvements: None.
(c) Number of family units: Not applicable.

ix. Address:	153 Division Avenue, Brooklyn, New York.
Dates:	Approximately 1949; 1952 to 1953.
(a) Fuel used for heating/cooking: Unrecalled.
(b) Significant home improvements: None.
(c) Number of family units: Apartment building.

x. Address:	348 Roebling Street, Brooklyn, New York.
Dates:	Approximately 1932 to 1949.
(a) Fuel used for heating/cooking: Unrecalled.
(b) Significant home improvements: None recalled.
(c) Number of family units: Apartment building.

5.	For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:
(a) name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and services; (b) date(s) of test, examination and/or treatment; (c) symptoms complained of at the time, if any;
(d) any diagnosis made;
(e) treatment or reason for treatment or examination; and (f) any drugs or medications prescribed.

ANSWER: Plaintiff objects to this interrogatory on the grounds that the identities and opinions of consulting experts are protected from disclosure by the attorney work-product privilege. Subject to this objection it is possible that Plaintiff consulted other doctors, nurses and health care providers), at the present time, Plaintiff is aware of the following doctors and treatment rendered:

Physician:
i.	(a) Name:	Dr. Jonathan Waxman, Thoracic Surgery
	Address:	Boca Raton Community Hospital, 800 Meadows Drive, Boca Raton, Florida 33486.
Frequency of treatment: Commencing June 22, 2010; treatment may be ongoing.
(b) Date(s) of test, examination and/or treatment: See (a) above.
(c) Symptoms: See (f) below.
(d) Diagnosis: Malignant mesothelioma, epithelioid type. See (f) below.
(e) Treatment or examination given/reason for treatment or examination. Plaintiff was seen for evaluation of right pleural effusion on June 22, 2010. A video-assisted thoracoscopic pleural biopsy was taken on July 6, 2010. Cytology was

24

**ANSWER:** Plaintiff is not in possession of any accident or incident reports.

Dated: New York, New York
December 9, 2010

Respectfully submitted,
BELLUCK & FOX LLP
Attorneys for Plaintiffs
546 Fifth Avenue, 4th floor
New York, New York 10036
(212) 681-1575

By: _____
Bryan Belasky, Esq.

EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY

-----------------------------------------------------------------x

MARVIN EISENBERG and LORRAINE EISENBERG, Index No. 190397/10

Plaintiffs,

-against-

PLAINTIFFS' RESPONSE TO DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

CARRIER CORPORATION, et al.,

Defendants.

-----------------------------------------------------------------x

Plaintiffs, in response to the Fourth Amended Standard Set of Interrogatories and Request for Production of Documents propounded by the defendants, pursuant to C.P.L.R. ARTICLE 31 and the Order of the conle Helen Freedman, allege, upon information and belief as follows:

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## INTERROGATORIES

1.      State the following:

(a) your full name, and all other names by which you have been known;

(b) age, and date and place of birth;

(c) whether you were an adopted child;

(d) present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;

(e) present home address; and

(f) social security number.

ANSWER:

(a)     Name: Marvin Eisenberg, M.D.

(b)     Age: 78.

        Date of birth: March 28, 1932.

        Place of birth: Brooklyn, New York.

(c)     Adopted/natural child: Natural.

(d)     Present marital status: Married.

        Date of marriage: February 1, 1958.

        Spouse's maiden name: Lorraine Ritterman.

        Prior marriages: None.

(e)     Present home address: 21377 Cypress Hammock, Boca Raton, Florida 33428.

(f)     Social Security Number: 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.

2.      State the following with regard to your father and mother:

(a) names;

(b) current address (if deceased, state last known address);

(c) the current condition of each one's health, including any specific medical problems.

If either of your parents are deceased, please state for each deceased parent:

i. specific physical problems;

ii. date and place of death;

iii. age and cause of death for each parent.

ANSWER:

Mother:

(a) Name: Pearl Eisenberg.

(b) Last Known address: Queens, New York.

(c)     i. Specific physical problems: See (iii) below.

        ii. Date of death: April 30, 1965.

        Place of death: Queens, New York.

        iii. Age at death: 59.

        Cause of death: Lung cancer.

2

Plaintiff was treated for various ailments at various hospitals including but not limited to the following:

i.   (a) Facility:  **Cleveland Clinic Florida**
     Address:  2950 Cleveland Clinic Boulevard, Weston, Florida 33331.
     (b) Date:  April 18, 2007.
     Description of test, treatment, examination: Plaintiff underwent surgery for spinal stenosis.
     (c) Reason for visit: See (b) above. For further particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

ii.  (a) Facility:  **North Ridge Medical Center - no longer in operation**
     Address:  5757 North Dixie Highway, Fort Lauderdale, Florida 33334.
     (b) Date:  July 8, 2004.
     Description of test, treatment, examination: Plaintiff underwent cardiac catheterization and stent placement for coronary artery disease.
     (c) Reason for visit: See (b) above. For further particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

iii. (a) Facility:  **New York Hospital- Cornell Medical Center**
     Address:  New York, New York.
     (b) Date:  Approximately 1960.
     Description of test, treatment, examination: Plaintiff was treated for epiploic appendagitis.
     (c) Reason for visit: See (b) above. For further particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

iv.  (a) Facility:  **U.S. Air Force Hospital, Chanute**
     Address:  Rantoul, Illinois.
     (b) Date:  Approximately the early 1960s.
     Description of test, treatment, examination: Plaintiff was treated for severe conjunctivitis and a subsequent ureteral stone.
     (c) Reason for visit: See (b) above. For further particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

7.   State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

ANSWER: Plaintiff has sustained a number of asbestos-related injuries, including:
- Malignant mesothelioma;
- Pain to the affected area and surrounding organs and musculoskeletal regions;
- Severe emotional and psychological distress;
- Shortness of breath;
- Significant weight loss;
- Increasing weakness and fatigue;
- Loss of appetite;
- Loss of intimacy.

8. Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical condition(s), including the date and basis thereof.

ANSWER: Beginning in approximately June 2010 continuing thereafter, Plaintiff began experiencing pain, fatigue and shortness of breath. Symptoms have since increased to severe shortness of breath, weight loss, loss of interest and ability to partake in daily activities such as caring for his ill wife, and in recreational activities, such as golfing and working out at the gym. He has also faced severe emotional and psychological distress. Plaintiff was diagnosed with malignant mesothelioma on or about July 6, 2010.

9. Have you ever had any biopsies or tissue samples taken? If so, please state for each such procedure:
(a) the name of the physician performing such procedure;
(b) the address where such procedure was performed;
(c) the date when such procedure was performed; and
(d) the results, conclusions, and/or diagnosis arising from such procedure.

ANSWER: Plaintiff has had the following procedures done:

i. Diaphragmatic implant biopsy taken:
(a) Name of physician: Dr. Jonathan Waxman.
(b) Address where procedure was performed: Boca Raton Community Hospital, 800 Meadows Drive, Boca Raton, Florida 33466.
(c) Date of procedure: July 6, 2010.
(d) Results: Malignant mesothelioma. For particulars, please refer to plaintiff's medical records, authorizations for which have been given to RecordTrak.

ii. Liver mass biopsy, fine needle aspiration:
(a) Name of physician: Dr. Douglas DeOrchis.
(b) Address where procedure was performed: Boca Raton Community Hospital, 800 Meadows Drive, Boca Raton, Florida 33466.
(c) Date of procedure: August 16, 2010.
(d) Results: To be provided. For particulars, please refer to plaintiff's medical records, authorizations for which have been given to RecordTrak.

(a) date of commencement of any loss or impairment;

(b) the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;

(c) if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

(d) your total earnings for the period of three years prior to the commencement of any loss or impairment;

(e) the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;

(f) the date on which any loss or impairment ended; and

(g) your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

ANSWER: Plaintiff does not make a claim for lost earnings.

25.     Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment? If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

ANSWER: Plaintiff, Lorraine Eisenberg, claims loss of consortium, society, affection, services, and sexual enjoyment. Plaintiffs are in the process of collecting relevant information and will forward such information to the defendants.

26.     For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:
(a) the name, address, sex, age and relationship; and
(b) the amounts you contributed during the last ten years for support and assistance.

ANSWER: Plaintiff has the following financial dependent:
(a) Name: Lorraine Eisenberg.
Address: 21377 Cypress Hammock Drive, Boca Raton, Florida 33428.
Sex: Female.
Age: 76.
Relationship: Spouse.
(b) Amounts contributed: To be provided.

27.     State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

ANSWER: Plaintiff is presently coordinating this information, which will be forwarded upon receipt; authorizations for these documents have been furnished to RecordTrak.

ANSWER: Plaintiff is not in possession of any accident or incident reports.

Dated: New York, New York
December 9, 2010

Respectfully submitted,
BELLUCK & FOX LLP
Attorneys for Plaintiffs
546 Fifth Avenue, 4th floor
New York, New York 10036
(212) 681-1575

By: ______________
Bryan Belasky, Esq.