ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:11-cv-00393-JFK

Eisenberg et al v. American Optical Corporation et al
Assigned to: Judge John F. Keenan
Case in other court: Supreme Court-Civil, 190397-10
Cause: 28:1332 Diversity: Notice of Removal

Date Filed: 01/19/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Marvin Eisenberg**

**Plaintiff**

**Lorraine Eisenberg**

V.

**Defendant**

**American Optical Corporation**

**Defendant**

**Baxter Healthcare Corporation**
*Individually and as Successor-in -*
*interest to American Hospital Supply*
*Corp and American Scientific Products*

**Defendant**

**Carrier Corporation**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc. as successor in interest to
Westinghouse Electric Corp.

**Defendant**

**Cole-Parmer Instrument Company**

**Defendant**

**Fisher Scientific International, Inc.**

**Defendant**

**General Electric Company**

**Defendant**

**Georgia-Pacific Corporation**
*Individually and as Successor to*
*Bestwall Gypsum Company*

<u>Defendant</u>

**Hollingsworth & Vose Company**                    represented by   **William Edward Vita**
Westerman, Ball, Ederer, Miller &
Sharfstein, L.L.P.
1201 RXR Plaza
Uniondale, NY 11556
(516)-622-9200
Fax: (516)-622-9212
Email: wvita@westermanllp.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Kaiser Gypsum Company, Inc.**

<u>Defendant</u>

**Kentile Floors, Inc.**
*also known as*
Kentile Operating Company

<u>Defendant</u>

**Lorillard Tobacco Company**                        represented by   **Robert Jay Kirshenberg**
*Individually and as Successor to P.*                Greenberg Traurig, LLP (NYC)
*Lorillard Company and as Successor to*              200 Park Avenue
*Lorillard, Inc.*                                    New York, NY 10166
212-801-2100
Fax: 212-688-2449
Email: KirshenbergR@gtlaw.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Magid Glove**

<u>Defendant</u>

**Metropolitan Life Insurance**
**Company**

<u>Defendant</u>

**Owens Illinois, Inc.**

<u>Defendant</u>

**Philips HealthCare**

<u>Defendant</u>

**Rapid-American Corporation**
*Successor by Merger to Glen Alden*

*Corporation, Briggs Manufactoring
Co., Phillip Carey Corporation and
Philip Carey Manufacturing*

**Defendant**

**Siemens Corporation**
*Individually and as Successor to
Powers*

**Defendant**

**Thomas Scientific**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**United Gilsonite Laboratories**

**Defendant**

**VWR International**

**Defendant**

**Will Scientific**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2011 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 190397-10. (Filing Fee $ 350.00, Receipt Number 926676).Document filed by Lorillard Tobacco Company, Hollingsworth & Vose Company.(rdz) (ama). (Entered: 01/20/2011) |
| 01/19/2011 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (rdz) (Entered: 01/20/2011) |
| 01/19/2011 | | Case Designated ECF. (rdz) (Entered: 01/20/2011) |
| 01/19/2011 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Hollingsworth & Vose Company.(rdz) (ama). (Entered: 01/20/2011) |
| 01/19/2011 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Lorillard, Inc. as Corporate Parent. Document filed by Lorillard Tobacco Company.(rdz) (ama). (Entered: 01/20/2011) |
| 01/20/2011 | 4 | NOTICE of Tag-Along Action. Document filed by Hollingsworth & Vose Company, Lorillard Tobacco Company. (Attachments: # 1 Certificate of Service)(Kirshenberg, Robert) (Entered: 01/20/2011) |
| 01/21/2011 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Robert Jay Kirshenberg; William Edward Vita for noncompliance with Section (14.3) of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for |

| | | Document 1 Notice of Removal, 2 Rule 7.1 Corporate Disclosure Statement, 3 Rule 7.1 Corporate Disclosure Statement to: case_openings@nysd.uscourts.gov. (mro) (Entered: 01/21/2011) |
|---|---|---|
| 01/21/2011 | 5 | NOTICE OF A PRETRIAL CONFERENCE. Pretrial Conference set for 4/14/2011 at 10:00 AM in Courtroom 20C, 500 Pearl Street, New York, NY 10007 before Judge John F. Keenan. Please notify your adversary as to the date of this conference. This conference will not be adjourned except by order of the Court. (Signed by Judge John F. Keenan on 1/21/11); (djc) Modified on 1/21/2011 (djc). (Entered: 01/21/2011) |
| 01/21/2011 | 6 | CERTIFICATE OF SERVICE of Rule 7.1 Statement served on See attached service list on January 20, 2011. Service was made by Mail. Document filed by Hollingsworth & Vose Company. (Vita, William) (Entered: 01/21/2011) |
| 01/21/2011 | 7 | STATE COURT RECORDS AND PROCEEDINGS PURSUANT TO LOCAL RULE 81. Document filed by Hollingsworth & Vose Company, Lorillard Tobacco Company. (Attachments: # 1 First Amended Complaint, # 2 Second Amended Complaint, # 3 Answer, # 4 Answer, # 5 Answer, # 6 Answer, # 7 Affidavits of Service)(Kirshenberg, Robert) (Entered: 01/21/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/24/2011 11:38:31 | | |
| **PACER Login:** | gt0531 | **Client Code:** | 013341.040330 |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-00393-JFK |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

Plaintiffs,

v.

AMERICAN OPTICAL CORPORATION, et al.

Defendants.

See Attached Rider - FULL CAPTION

Index No. : 190397/2010

Date Filed: October 19, 2010

Plaintiff designates
**NEW YORK**
County as the place of trial

The basis of the venue is
**DEFENDANTS' PLACE OF
BUSINESS**

**FIRST AMENDED SUMMONS**

**TO THE ABOVE NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice
of Appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is
not personally delivered to you within the State of New York). In the case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, New York
November 1, 2010

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By: _____
Bryan Belasky, Esq.

**Defendants' addresses:**

**SEE ATTACHED DEFENDANT SERVICE LIST**

NEW YORK
COUNTY CLERK'S OFFICE

NOV - 3 2010

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

                    Plaintiffs,

- against -

**AMERICAN OPTICAL CORPORATION;**
**BAXTER HEALTHCARE CORPORATION,**
      **Individually and as Successor-in-Interest to**
      **American Hospital Supply Corp. and**
      **American Scientific Products;**
CARRIER CORPORATION;
CBS CORPORATION, f/k/a Viacom Inc as Successor
      in Interest to Westinghouse Electric Corp.;
**COLE-PARMER INSTRUMENT COMPANY;**
**FISHER SCIENTIFIC INTERNATIONAL, INC.;**
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
      and as successor to Bestwall Gypsum
      Company;
**HOLLINGSWORTH & VOSE COMPANY;**
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
      Company;
**LORILLARD TOBACCO COMPANY,**
      **Individually and as Successor to P. Lorillard**
      **Company and as Successor to Lorillard, Inc.;**
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
SIEMENS CORPORATION, Individually and as
      Successor to Powers;
**THOMAS SCIENTIFIC;**
UNION CARBIDE CORPORATION;
UNITED GILSONITE LABORATORIES;
**VWR INTERNATIONAL;**
**WILL SCIENTIFIC.**

                    Defendants.

Index No. : 190397/2010

**FULL CAPTION RIDER**

NEW YORK
COUNTY CLERK'S OFFICE

NOV - 3 2010

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

                              Plaintiffs,

- against -

AMERICAN OPTICAL CORPORATION;
BAXTER HEALTHCARE CORPORATION,
        Individually and as Successor-in-Interest to
        American Hospital Supply Corp. and
        American Scientific Products;
CARRIER CORPORATION;
CBS CORPORATION, f/k/a Viacom Inc as Successor
        in Interest to Westinghouse Electric Corp.;
COLE-PARMER INSTRUMENT COMPANY;
FISHER SCIENTIFIC INTERNATIONAL, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
        and as successor to Bestwall Gypsum
        Company;
HOLLINGSWORTH & VOSE COMPANY;
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
        Company;
LORILLARD TOBACCO COMPANY,
        Individually and as Successor to P. Lorillard
        Company and as Successor to Lorillard, Inc.;
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
SIEMENS CORPORATION, Individually and as
        Successor to Powers;
THOMAS SCIENTIFIC;
UNION CARBIDE CORPORATION;
UNITED GILSONITE LABORATORIES;
VWR INTERNATIONAL;
WILL SCIENTIFIC.

                              Defendants.

Index No. : 190397/2010

**FIRST AMENDED**
**VERIFIED COMPLAINT**

NEW YORK
COUNTY CLERK'S OFFICE

NOV - 9 2010

NOT COMPARED
WITH COPY FILE

Plaintiffs, by their attorneys, BELLUCK & FOX LLP., for their First Amended Summons and Verified Complaint respectfully allege:

Plaintiffs repeat and allege Initial Complaint dated October 18, 2010 as if fully incorporated herein.

Plaintiffs supplement their Complaint to add **AMERICAN OPTICAL CORPORATION; BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products; COLE-PARMER INSTRUMENT COMPANY; FISHER SCIENTIFIC INTERNATIONAL, INC.; HOLLINGSWORTH & VOSE COMPANY; LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.; MAGID GLOVE; THOMAS SCIENTIFIC; VWR INTERNATIONAL and WILL SCIENTIFIC** as additional defendants in this action.

## THE PARTIES

1.  Plaintiffs are residents of the State of New York unless otherwise specified in individual complaints.

2.  Plaintiffs allege that plaintiff, Marvin Eisenberg has been diagnosed with Mesothelioma as a result of his exposure to asbestos.

3.  The term "Defendants" shall apply to all corporate and business entities, and/or their predecessors and/or successors in interest as more fully described and enumerated in the captions of individual complaints subsequently filed in the "short form" in accordance with the applicable case management order of this Court.

- 4 -

4. The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within this state, or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

5. Defendant **AMERICAN OPTICAL CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

6. Defendant **BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

7. Defendant **COLE-PARMER INSTRUMENT COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

8. Defendant **FISHER SCIENTIFIC INTERNATIONAL, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

- 5 -

At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

9.      Defendant **HOLLINGSWORTH & VOSE COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

10.      Defendant **LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

11.      Defendant **MAGID GLOVE** is a duly organized foreign corporation doing business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

12.      Defendant **THOMAS SCIENTIFIC** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

- 6 -

13.    Defendant **VWR INTERNATIONAL** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

14.    Defendant **WILL SCIENTIFIC** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

**WHEREFORE,** Plaintiffs pray for relief against defendants, together with interest, costs and disbursements in this action.

Dated: New York, New York                    Yours etc.,
       November 1, 2010

                                           **BELLUCK & FOX, LLP**
                                           *Attorneys for Plaintiff*
                                           546 Fifth Avenue, 4th Floor
                                           New York, New York 10036
                                           (212) 681-1575

                                   By:_____
                                            Bryan Belasky, Esq.

STATE OF NEW YORK )
ss.:
COUNTY OF NEW YORK )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is a member of the firm BELLUCK & FOX LLP, counsel for the plaintiffs in the within action; deponent has read the foregoing First Amended Summons and Verified Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes same to be true. This verification is made by deponent and not by plaintiffs because plaintiffs reside outside of the County of New York where the deponent maintains his office.

Dated: New York, New York
       November 1, 2010

_____
Bryan Belasky, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

                                            Plaintiffs,

- against -

AMERICAN OPTICAL CORPORATION, et al.,

                                            Defendants.

Index No. : 190397/2010

**CERTIFICATION**

NEW YORK
COUNTY CLERKS OFFICE

NOV - 3 2010

NOT COMPARED
WITH COPY FILE

Bryan Belasky, Esq., an attorney duly admitted to practice before the Courts of the State

of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of the

Chief Administrator that to the best of my knowledge, information and belief, which was formed

after a reasonable inquiry under the circumstances, the presentation of the foregoing First

Amended Summons and Verified Complaint and its contents are not frivolous, as the term is

defined in Part 130.

Dated: New York, New York
       November 1, 2010

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By: _____
        Bryan Belasky, Esq.

- 9 -

## MARVIN EISENBERG DEFENDANT SERVICE LIST

| DEFENDANTS | SERVICE |
|---|---|
| **AMERICAN OPTICAL CORPORATION**<br>14 Mechanic Street<br>Southbridge, Massachusetts 01550-1043 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products**<br>One Baxter Parkway<br>Deerfield, Illinois 60015-4625 | DIRECT |
| **CARRIER CORPORATION**<br>One Carrier Place<br>Farmington, Connecticut 06032-4015 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **CBS f/k/a Viacom Inc as Successor in Interest to Westinghouse Electric Corp.**<br>c/o Adrienne Harrington<br>51 West 52nd Street<br>New York, New York 10019 | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| **COLE-PARMER INSTRUMENT COMPANY**<br>625 East Bunker Court<br>Vernon Hills, Illinois 60061-1844 | DIRECT |
| **FISHER SCIENTIFIC INTERNATIONAL, INC.**<br>2000 Park Lane,<br>Pittsburgh, Pennsylvania 15275 | DIRECT |
| **GENERAL ELECTRIC COMPANY**<br>3135 Easton Turnpike<br>Fairfield, Connecticut 06432 | DIRECT - CERTIFIED MAIL RRR<br>Henry J. King, Jr., Esq.<br>Managing Attorney<br>Electric Insurance Company<br>152 Conant Street<br>Beverly, Mass. 01915 |
| **GEORGIA-PACIFIC CORPORATION, Individually and as successor to Bestwall Gypsum Company**<br>133 Peachtree Street North East<br>Atlanta, Georgia 30303 | c/o Corporate Trust Corporation Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **HOLLINGSWORTH & VOSE COMPANY**<br>County Route 113<br>Greenwich, New York 12834 | c/o Secretary of State<br>Albany, New York 12207 |

| DEFENDANTS | SERVICE |
|---|---|
| **INGERSOLL-RAND COMPANY**<br>200 Chestnut Ridge Road<br>Woodcliff Lake, New Jersey 07675 | **DIRECT - CERTIFIED MAIL RRR**<br>Lisa M. Pascarella<br>Pehlivanian & Braaten LLC<br>Paynter's Ridge Office Park<br>2430 Route 34<br>Manasquan, New Jersey 08736 |
| **KAISER GYPSUM COMPANY, INC.**<br>C T Corporation System<br>818 West Seventh Street<br>Los Angeles, California 90017 | **DIRECT** |
| **KENTILE FLOORS, INC. f/k/a Kentile Operating Company** | **DIRECT - CERTIFIED MAIL RRR**<br>c/o G&K Consultants LLC<br>31 East 28th Street, 8th Floor<br>New York, NY |
| **LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.**<br>714 Green Valley Road<br>Greensboro, North Carolina 27408 | c/o Corporate Service Company<br>80 State Street<br>Albany, New York 12207 |
| **MAGID GLOVE**<br>Magid Glove and Safety Manufacturing Company LLC.<br>2060 North Kolmar Ave.,<br>Chicago, Illinois 60639 | **DIRECT** |
| **METROPOLITAN LIFE INSURANCE CO.**<br>One Madison Avenue<br>New York, New York 10010-3603 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **OWENS-ILLINOIS, INC.**<br>One Seagate<br>Toledo, Ohio 43659 | **DIRECT - CERTIFIED MAIL RRR**<br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **PHILIPS HEALTHCARE**<br>3000 Minuteman Road<br>Andover, Massachusetts 01810-1099 | **DIRECT** |
| **SIEMENS CORPORATION, Individually and as Successor to Powers**<br>Citicorp Center<br>153 East 53rd Street<br>New York, New York 10022-4611 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |

| DEFENDANTS | SERVICE |
|---|---|
| **THOMAS SCIENTIFIC**<br>1654 High Hill Road<br>Swedesboro, New Jersey 08085 | DIRECT |
| **UNION CARBIDE CORPORATION**<br>2030 Dow Center<br>Midland, Michigan 48674 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **UNITED GILSONITE LABORATORIES**<br>1390 Jefferson Avenue<br>Scranton, Pennsylvania 18509 | DIRECT |
| **VWR INTERNATIONAL**<br>1310 Goshen Parkway<br>West Chester, Pennsylvania 19380 | DIRECT |
| **WILL SCIENTIFIC**<br>c/o VWR International<br>1310 Goshen Parkway<br>West Chester, Pennsylvania 19380 | DIRECT |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

Plaintiffs,

v.

AMERICAN OPTICAL CORPORATION, et al.

Defendants.

See Attached Rider - FULL CAPTION

Index No. : 190397/2010

Date Filed: October 19, 2010

Plaintiff designates
**NEW YORK**
County as the place of trial

The basis of the venue is
**DEFENDANTS' PLACE OF
BUSINESS**

**SECOND AMENDED
SUMMONS**

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York). In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        December 8, 2010

NEW YORK
COUNTY CLERK'S OFFICE

DEC _ 9 2010

NOT COMPARED
WITH COPY FILE

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By: _____
        Bryan Belasky, Esq.

**Defendants' addresses:**

**SEE ATTACHED DEFENDANT SERVICE LIST**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

Index No. : 190397/2010

**FULL CAPTION RIDER**

Plaintiffs,

- against -

AMERICAN OPTICAL CORPORATION;
BAXTER HEALTHCARE CORPORATION,
    Individually and as Successor-in-Interest to
    American Hospital Supply Corp. and
    American Scientific Products;
CARRIER CORPORATION;
CBS CORPORATION, f/k/a Viacom Inc as Successor
    in Interest to Westinghouse Electric Corp.;
COLE-PARMER INSTRUMENT COMPANY;
FISHER SCIENTIFIC INTERNATIONAL, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
    and as successor to Bestwall Gypsum
    Company;
HOLLINGSWORTH & VOSE COMPANY;
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
    Company;
LORILLARD TOBACCO COMPANY,
    Individually and as Successor to P. Lorillard
    Company and as Successor to Lorillard, Inc.;
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
**RAPID-AMERICAN CORPORATION, Successor-**
    **by-merger to Glen Alden Corporation,**
    **Briggs Manufacturing Co., Philip Carey**
    **Corporation and Philip Carey**
    **Manufacturing;**
SIEMENS CORPORATION, Individually and as
    Successor to Powers;
THOMAS SCIENTIFIC;
UNION CARBIDE CORPORATION;
UNITED GILSONITE LABORATORIES;
VWR INTERNATIONAL;

- 2 -

WILL SCIENTIFIC.

Defendants.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARVIN EISENBERG and LORRAINE
EISENBERG,

                                        Plaintiffs,

- against -

AMERICAN OPTICAL CORPORATION;
BAXTER HEALTHCARE CORPORATION,
        Individually and as Successor-in-Interest to
        American Hospital Supply Corp. and
        American Scientific Products;
CARRIER CORPORATION;
CBS CORPORATION, f/k/a Viacom Inc as Successor
        in Interest to Westinghouse Electric Corp.;
COLE-PARMER INSTRUMENT COMPANY;
FISHER SCIENTIFIC INTERNATIONAL, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION, Individually
        and as successor to Bestwall Gypsum
        Company;
HOLLINGSWORTH & VOSE COMPANY;
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
        Company;
LORILLARD TOBACCO COMPANY,
        Individually and as Successor to P. Lorillard
        Company and as Successor to Lorillard, Inc.;
MAGID GLOVE;
METROPOLITAN LIFE INSURANCE COMPANY;
OWENS ILLINOIS, INC.;
PHILIPS HEALTHCARE;
**RAPID-AMERICAN CORPORATION, Successor-
        by-merger to Glen Alden Corporation,
        Briggs Manufacturing Co., Philip Carey
        Corporation and Philip Carey
        Manufacturing;**
SIEMENS CORPORATION, Individually and as
        Successor to Powers;
THOMAS SCIENTIFIC;
UNION CARBIDE CORPORATION;
UNITED GILSONITE LABORATORIES;
VWR INTERNATIONAL;

Index No. : 190397/2010

**SECOND AMENDED
VERIFIED COMPLAINT**

NEW YORK
COUNTY CLERK'S OFFICE

DEC _ 9 2010

NOT COMPARED
WITH COPY FILE

- 4 -

WILL SCIENTIFIC.

<u>Defendants.</u>

Plaintiffs, by their attorneys, BELLUCK & FOX LLP., for their Second Amended Summons and Verified Complaint respectfully allege:

Plaintiffs repeat and allege Initial Complaint dated October 18, 2010 as if fully incorporated herein.

Plaintiffs supplement their Complaint to add **RAPID-AMERICAN CORPORATION, Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing** as additional defendants in this action.

## THE PARTIES

1.      Plaintiffs are residents of the State of New York unless otherwise specified in individual complaints.

2.      Plaintiffs allege that plaintiff, Marvin Eisenberg has been diagnosed with Mesothelioma as a result of his exposure to asbestos.

3.      The term "Defendants" shall apply to all corporate and business entities, and/or their predecessors and/or successors in interest as more fully described and enumerated in the captions of individual complaints subsequently filed in the "short form" in accordance with the applicable case management order of this Court.

4.      The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within this state, or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

5.    Defendant **RAPID-AMERICAN CORPORATION, Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

**WHEREFORE**, Plaintiffs pray for relief against defendants, together with interest, costs and disbursements in this action.

Dated: New York, New York
        December 8, 2010

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By:_____
              Bryan Belasky, Esq.

- 6 -

STATE OF NEW YORK   )
                              ss.:

COUNTY OF NEW YORK  )

      The undersigned, an attorney admitted to practice in the Courts of New York State,
shows:

      Deponent is a member of the firm BELLUCK & FOX LLP, counsel for the plaintiffs in
the within action; deponent has read the foregoing Second Amended Summons and Verified
Complaint and knows the contents thereof; the same is true to deponent's own knowledge,
except as to the matters therein stated to be alleged on information and belief, and that as to those
matters deponent believes same to be true. This verification is made by deponent and not by
plaintiffs because plaintiffs reside outside of the County of New York where the deponent
maintains his office.

Dated: New York, New York
       December 8, 2010

                                           Bryan Belasky, Esq.