BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS ) <br> LIABILITY LITIGATION (NO. VI) ) <br> ) <br> ) | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ) <br> CATHY ANN BAxLEY, Individually and as ) <br> Personal Representative of the Estate of ) <br> Jimmie Williams, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADVANCE AUTO PARTS, INC., Corporate ) <br> Successor to WESTERN AUTO PARTS, INC., ) <br> a Delaware corporation, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 3:10-cv-2985-ABS |

**DEFENDANT RELIANCE ELECTRIC COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL ORDER**

## I.    Introduction

Plaintiff Cathy Ann Baxley, individually and as the representative of the Estate of Jimmie Williams, asks this Panel to vacate Conditional Transfer Order (CTO) 350 because there is a motion to remand pending and "MDL 875 . . . quite simply does not rule on motions to remand to state courts."  Mem. Supp. Mot. Vacate at 3, 6.  She therefore asks this Panel to stay transfer until the transferor court decides the motion, or have the Panel determine whether the motion is

"reasonably likely to succeed" before ordering transfer. *Id.* at 5, 6. She argues that not allowing the transferor court to rule on the pending motion to remand denies her a meaningful opportunity to be heard and therefore denies her due process.

Baxley is wrong for three reasons. First, Baxley's unsupported "does-not-rule" argument is both untrue and an improper grounds to vacate the conditional transfer order. Not only has MDL No. 875 resolved a multitude of pending motions to remand, but this Panel has repeatedly and consistently stated that a pending remand motion is not an impediment to transfer when the tag-along case shares common questions of fact with cases already transferred, and the convenience and just-and-efficiency interests of 28 U.S.C. § 1407 are otherwise satisfied. Second, the Panel is not empowered by statute to rule on her remand motion nor can it make any determination if the motion is "reasonably likely to succeed." And lastly, merely because Baxley's remand motion may be heard by the transferee court instead of the transferor court does not mean that she is denied due process or otherwise foreclosed from an opportunity to be heard.

Because Baxley's arguments are both legally and factually baseless, and because her case here is no different that those already transferred, the motion to vacate should be denied.

## II.     Relevant procedural history

Baxley filed a ten-count Complaint in November 2009 in a South Carolina state court, asserting various asbestos products liability-related claims against almost 60 defendants, including Defendant Reliance Electric Company. After Reliance received Baxley's responses to interrogatories, Reliance timely removed Baxley's complaint to the United States District Court for the District of South Carolina, Columbia Division, based on federal officer removal jurisdiction under 28 U.S.C. § 1442(a)(1). *See* Notice of Removal at ¶¶ 3–5. Baxley moved to remand (*see* Mot. Remand, ECF No. 6) and Reliance opposed (ECF No. 10). After receiving the

2

district court's notice of Reliance's Notice of Removal (ECF. No. 5), the Panel, on December 30, 2010, filed CTO 350 and conditionally transferred Baxley's case to consolidated proceedings in MDL No. 875 before Judge Eduardo C. Robreno of the United States District Court for the Eastern District of Pennsylvania.  *See* 12/30/10 CTO 350.

Baxley thereafter filed her objection to the conditional transfer order and is now before this Panel asking it to vacate CTO 350.  Because there is no factually or legally cognizable basis to vacate CTO 350, Baxley's motion should be denied.

### III. Argument

**Transfer to MDL No. 875 is warranted under 28 U.S.C. § 1407.**

Tag-along consolidation under § 1407 is justified when an action shares "one or more common questions of fact," and will both serve "the convenience of parties and witnesses" as well as "promote the just and efficient conduct" of the action as consolidated.  28 U.S.C. § 1407(a).  Baxley here does not disagree that her case presents common questions of fact with cases already transferred to MDL No. 875.  She argues, however, that transfer would "impede any just and efficient conduct" of the action because transfer "will strip [the transferor court] of its ability to rule on remand," and deny her a meaningful opportunity to be heard since MDL No. 875 "does not rule" on motions to remand.  Mem. Supp. at 5, 6 (" . . . rulings on remand to state courts do not occur as a matter of practice.").  Baxley is wrong.

### A. Transfer under § 1407 is just and efficient; MDL No. 875 is capable of ruling, and has ruled, on motions to remand.

Contrary to Baxley's argument, MDL No. 875 has resolved multiple motions to remand. In *Various Plaintiffs v. Various Defendants*, MDL No. 875, Civil Action No. 09-MC-103 (E.D.Pa. Dec. 10, 2009) (attached as Exh. A), for example, Judge Robreno resolved a renewed motion to remand filed on behalf of 444 plaintiffs.  The plaintiffs there had challenged the

3

various defendants' bases for removal, which were premised on fraudulent joinder and federal jurisdiction under the Outer Continental Shelf Lands Act. The judge, in a 29-page opinion thoroughly addressing the arguments presented, found remand appropriate in 419 of the cases and ordered remand to the appropriate Mississippi state court. *Id.* at 29.

The judge again resolved a pending motion to remand in *Vandegraft v. Pneumo Abex Corp.*, MDL No. 875, Civil Action No. 08-cv-92213 (E.D.Pa. June 22, 2009) (attached as Exh. B). In that case, like in *Various Plaintiffs*, the plaintiffs challenged removal based on fraudulent joinder and Judge Robreno, finding the motion well taken, granted remand. *Id.*

He did the same in *Amsler v. Fisher Scientific Co.*, MDL No. 875, Civil Action No. 08-cv-5764 (E.D.Pa. Mar. 11, 2009) (attached as Exh. C). Confronted this time with a challenge to removal based on federal enclave jurisdiction, Judge Robreno, like before, thoroughly considered the issue and, after finding federal jurisdiction wanting, granted the motion and remanded. *Id.*

In *Daub v. A.P.I., Inc.*, MDL No. 875, Civil Action No. 01-md-875 (E.D.Pa. Feb. 12, 2010) (attached as Exh. D), Judge Robreno once again resolved a motion to remand, this time involving more than 100 plaintiffs. Plaintiffs there argued that federal jurisdiction over remaining state claims was lost when a certain defendant—an instrumentality of a foreign state under 28 U.S.C. § 1603 entitled to removal under 28 U.S.C. § 1441(d)—settled the plaintiffs' claims against it. Again thoroughly analyzing the bases for jurisdiction, the judge ultimately denied the motion finding that § 1441(d) provides for pendent-party jurisdiction and that continued federal jurisdiction was warranted as "the most efficient and fair administration of these cases." *Id.* at 2-3.

More recently, Judge Robreno resolved a pending motion to remand in *Hagen v. Benjamin Foster Co.*, MDL No. 875, Civil Action No. 07-63346, 2010 WL 3745297 (E.D.Pa.

4

Sept., 24, 2010) (attached as Exh. E).  In that case, like the others, Judge Robreno was faced with a challenge to federal jurisdiction, but this time premised on the same basis for removal as asserted by Reliance here—the federal officer removal statute, 28 U.S.C § 1442(a)(1).  Again thoroughly considering the arguments of the parties, the applicable law, and the record before it, Judge Robreno concluded in a 34-page opinion that federal jurisdiction was appropriate and denied the motion to remand.  *Id.*

These cases demonstrate that MDL No. 875 has not only resolved pending motions to remand, but that Judge Robreno thoroughly analyzes jurisdictional issues which routinely come before him.  And more importantly, Judge Robreno, having addressed issues affecting federal court jurisdiction in general and the government-contractor defense in particular, is uniquely qualified by this experience to address these recurring issues.  Indeed, Judge Robreno noted in *Hagen* that, "[i]n many of the MDL-875 cases, the jurisdictional bases for removal is the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which allows a defendant to remove a suit to federal court following a preliminary showing of a federal defense."  *Hagen* at 2, Exh. E.  This particular recurring issue makes him imminently qualified to conduct the consolidated actions in a "just and efficient" manner so as to render rulings that are consistent.  *See In re Ivy*, 901 F.2d 7, 9 (2d Cir.1990) (resolution of recurring jurisdictional issues by a single court serves "[c]onsistency as well as economy . . .").

Baxley's argument then that transfer is not just and efficient is without merit.  MDL No. 875 has addressed recurring jurisdictional objections and resolved pending motions to remand.  And contrary to the 2007 statistics cited by Baxley (*see* Mem. Supp. at 4), the most recent statistics for that court indicate that cases transferred there are being handled expeditiously.  *See Asbestos Products Liability Litigation Caseload Statistics*, August 1, 2006 – December 31, 2010

5

(indicating that the caseload there has been reduced to more than half of what was reported for the same period ending on December 31, 2009) (attached as Exh. F).[1]  Baxley's "does-not-rule" argument is baseless and an insufficient basis to vacate CTO-350.

### B. The Panel cannot rule on Baxley's motion to remand or determine whether the motion is "reasonably likely to succeed" before ordering transfer.

Baxley acknowledges that this Panel has repeatedly ruled that a pending motion to remand is not an impediment to transfer "because the transferee court can rule on remand." Mem. Supp. at 6; *see also In re Asbestos Prod. Liab. Litig. (No. VI)*, MDL No. 875, Civil Action Nos. 1:10-22891, 3:10-4299, 3:10-358 (J.P.M.L. Dec. 9, 2010) (rejecting plaintiffs' arguments that the Panel "should deny or defer transfer of their actions in order to permit the resolution of motion for remand to state courts," noting that Panel has stated "on multiple occasions" that "there is no need to delay transfer in order to accommodate such an interest.") (attached as Exh. G).  She nonetheless asks this Panel to "exercise its discretion" and determine whether the motion is "reasonably likely to succeed" before ordering transfer.

Baxley's request should be denied because no such discretion exists.  As noted by the Second Circuit in *In re Ivy*, "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." 901 F.2d at 9, citing *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 n.1 (J.P.M.L.1973).  This Panel then has no authority, discretionary or otherwise, to decide Baxley's motion or determine whether it is "reasonably likely to succeed."

---

[1] This report is also accessible at http://www.paed.uscourts.gov/mdl875t.asp at the "Statistics" tab; *see also In re Asbestos Prod. Liab. Litig. (No. VI)*, 614 F. Supp.2d 550, 551 (E.D.Pa. 2009) (noting Judge Robreno, who was designated judge of MDL No. 875 in October 2008, instituted several new policies and procedures that resulted in resolving 510,000 cases in calendar year 2009 alone.

### C. Transfer to MDL No. 875 does not deny Baxley an opportunity to have her claims heard or otherwise violate due process.

Baxley lastly argues that her "right to have this action decided on the merits . . . will be effectively restricted by a transfer" to MDL No. 875 before her motion to remand is ruled upon. Mem. Supp. at 7-8. She claims her "right to fairness" precludes transfer if there is no federal jurisdiction and asks the Panel to "stay transfer for a short period of time" to allow the transferor court an opportunity to rule on her remand motion. *Id.* at 8.

No further stay is warranted. As recently noted by the Panel in *In re Asbestos Prod. Liab. Litig. (No. VI)*, MDL No. 875, Civil Action Nos. 1:10-22891, 3:10-4299, 3:10-358 (J.P.M.L. Dec. 9, 2010), nothing prevents the transferor court from ruling on a pending motion to remand before transfer is finalized.

> Panel Rule 1.5 (now Rule 2.1(d)) expressly provides that the pendency of a conditional transfer order (CTO) does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so. If plaintiffs' remand motions are not resolved prior to transfer, they can present those motions to the transferee judge.

*Id.* at 2, Exh. G.

That Baxley's remand motion may not be heard by the transferor court does not deny her an opportunity to be heard or otherwise infringe her due process rights. If not resolved by the transferor court before transfer is finalized, the transferee court is more than capable of doing so. There is no due process violation.

### IV. Conclusion

Plaintiff Cathy Baxley has identified no factually or legally cognizable basis to vacate CTO-350. Not only has MDL No. 875 resolved motions to remand, but the transferor court

7

retains its ability to rule on the pending motion until transfer, if it wishes to do so. If it does not, the pending motion is no barrier to transfer and can be resolved there. Transfer is therefore just and efficient, and does not deny Baxley due process.

Defendant Reliance Electric Company therefore respectfully requests that the Panel deny Plaintiff Cathy Ann Baxley's Motion to Vacate CTO-350.

Respectfully submitted,

s/*Steven J. Pugh*
Steven J. Pugh (Fed I.D. #7033)
Joseph E. Thoensen (Fed. I.D. #9452)
RICHARDSON PLOWDEN & ROBINSON
1900 Barnwell Street
Post Office Drawer 7788
Columbia, SC 29202
Tel:    803.771.4400
Fax:   803.779.0016
E-mail:  spugh@richardsonplowden.com
            jthoensen@richardsonplowden.com

*Attorneys for Defendant
Reliance Electric Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2011, a copy of the foregoing **Defendant's Reliance Electric Company's Opposition to Plaintiff's Motion to Vacate the Condition Order** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Steven J. Pugh*
Steven J. Pugh (Fed I.D. #7033)
Joseph E. Thoensen (Fed. I.D. #9452)
RICHARDSON PLOWDEN & ROBINSON
1900 Barnwell Street
Post Office Drawer 7788
Columbia, SC 29202
Tel:      803.771.4400
Fax:     803.779.0016
E-mail:  spugh@richardsonplowden.com
             jthoensen@richardsonplowden.com

*Attorneys for Defendant*
*Reliance Electric Company*
