```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| DORA VANDEGRAFT, individually and as Administrator of the Estate of ROBERT VANDEGRAFT, Plaintiffs, v. PNEUMO ABEX CORP., et. al. Defendants. | Consolidated Under MDL DOCKET NO. 875 Transferred from the Central District of Illinois E.D. Pa. Civil Action No. 08-cv-92213 |

**O R D E R**

**AND NOW**, this **22nd** day of **June 2009** it is hereby **ORDERED** that Plaintiffs' motion to remand this action (doc. no. 5) is **GRANTED**.[1]

---

[1] Plaintiff filed this motion to remand arguing that Defendants' removal was improper, and therefore, federal subject matter jurisdiction is lacking. Removal is based on diversity jurisdiction, with the removal petition alleging the fraudulent joinder of a nondiverse defendant.

Plaintiff originally filed this motion in the transferor district court, the Central District of Illinois, on June 22, 2007. This individual docket was transferred to the Eastern District of Pennsylvania's CM/ECF system on December 17, 2008. Pursuant to MDL-875 Administrative Order 11, upon transfer of the docket from the transferor court, all pending motions were denied without prejudice. (Admin. Ord. 11, 08-cv-92213, doc. no. 2 at 2). Plaintiff's motion to remand was re-filed in the Eastern District of Pennsylvania on April 23, 2009.

There were no responses to the re-filed motion within fourteen days, so the Court will treat this motion as uncontested under Local Rule of Civil Procedure 7.1(c). Upon consideration of the contents of the motion and treating it as uncontested, the Court will grant the motion and remand this case to the Illinois Circuit Court of McLean County.

When a District Court, either <u>sua sponte</u> or upon motion of a party, finds that it lacks subject matter jurisdiction, it must remand the action to state court. 28 U.S.C. § 1447(c). Because an MDL transferee court has jurisdiction over a matter for all pretrial proceedings, it is proper for this Court to remand the action directly to the Illinois Circuit Court of McClean County. See <u>In re: Avandia Marketing, Sales Practices and Prods. Liab. Litig.</u>, 07-md-1971, - F.Supp.2d -, 2009 WL

                               **AND IT IS SO ORDERED.**

                                              **EDUARDO C. ROBRENO, J.**

---

498936 at *24 (E.D. Pa. Feb. 25, 2009).

    Furthermore, it appears from Plaintiff's motion that the joinder of non-diverse defendant Illinois Central was not fraudulent. Plaintiff lists eight separate actions with similar or identical facts in which the Illinois Circuit Court has held that there was a valid cause of action against Illinois Central. (Pl.'s Mot. to Remand, 08-cv-92213, doc. no. 5 at 6). Based on the information in Plaintiff's motion and the fact that the motion was unopposed, the Court declines to find the fraudulent joinder necessary to invoke federal subject matter jurisdiction. Therefore, remand to the Illinois Circuit Court for McLean County is proper.