IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT L. and HELEN G. AMSLER, :
                                   :   Consolidated Under
     Plaintiffs,         :   MDL DOCKET NO. 875
                                   :
    v.                       :   Civil Action
                                   :   No. 08-cv-5764
FISHER SCIENTIFIC CO., et al.,:
                                   :
     Defendants.        :

## O R D E R

**AND NOW,** this **11th** day of **March 2009** it is hereby **ORDERED** that Plaintiffs' motion for remand to the Court of Common Pleas for Philadelphia County, filed on October 8th, 2008, is **GRANTED**.[1]

---

[1] Plaintiff was injured while employed at the Pittsburgh Coal Research Center, run by the United States Bureau of Mines. During his employment, Plaintiff drew a government paycheck and was paid on a federal pay scale. (Pls.' Mot. to Remand, doc. no. 3, at 6, Ex. C). Defendant Fisher Scientific removed the case to this Court because Plaintiff was injured at a site owned and operated by the United States government. Id. at 6. Defendant's basis for federal subject matter jurisdiction is that the Plaintiff was injured while working in a federal enclave. (Def.'s Resp. to Pls.' Mot. to Remand, doc. no. 4, at 3).

Exclusive federal jurisdiction over a federal enclave is established by Article I, Section 8, Clause 17 of the U.S. Constitution. The clause empowers Congress to

> [E]xercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

U.S. Const. art. I, § 9, cl. 17. No matter how the federal government acquires the land, the legislature of the state where the land lies must consent to federal acquisition. If the state does not consent, the United States "does not

1

obtain the benefits of Art. I, s. 8, cl. 17, its possession being simply that of an ordinary proprietor". Paul v. U.S. 371 U.S. 245, 264 (1963)(citing James v. Dravo Contracting Co., 302 U.S. 134, 141-42 (1937)).

The First Circuit has established a three part test to determine whether a state has lost its police and legislative powers over a federal enclave, holding that a federal enclave is created when "(1) the state has consented to the land's acquisition or later ceded certain powers, (2) the federal government has assumed the ceded authority, and (3) the land's federal use is consistent with the enclave clause". Torrens v. Lockheed Martin Services Group, Inc., 396 F.3d 468, 470 (1st Cir. 2005). The most important factor is whether the state has either ceded the land to the federal government or consented to the federal government taking control. See U.S. v. Lewisburg Area School Dist., 539 F.2d 301, 306 (3d Cir. 1976), Capetola v. Barclay White Co., 139 F.2d 556, 558 (3d Cir. 1943), U.S. v. City of Chester, 144 F.2d 415, 419 (3d Cir. 1944).

In the instant case, Defendant Fisher Scientific has proffered no evidence that the Pennsylvania legislature either ceded this land to the federal government or consented to the land's acquisition. This is dispositive. Nevertheless, Defendant argues that the site was opened by the Department of the Interior and is currently owned and operated by the Department of Energy and that "[s]ince this site has been a Federal energy research center since 1910 and all times during Plaintiff's employment there, it is undoubtedly a Federal Enclave" (Def.'s Resp. to Pls.' Mot. to Remand, doc. no. 4, at 11). These contentions are not dispositive since there is no evidence that control or ownership of the site was the result of the consent of the Commonwealth.

This Court declines to treat the Pittsburgh Coal Research Center as a federal enclave and therefore finds that it is without jurisdiction over this matter. Because there is not jurisdiction, the Court will not reach the merits of Plaintiffs' arguments that removal was procedurally defective or that remand is proper because state courts have concurrent jurisdiction over personal injury actions that occur on a federal enclave.

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.