ADRMOP, E-Filing

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00273-SI

Brown v. General Electric Company et al
Assigned to: Hon. Susan Illston
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/19/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Oliver Brown**

represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

**Defendant**

**General Dynamics Corporation**

**Defendant**

**Lockheed Martin Corporation**

**Defendant**

**McDonnell Douglas Corporation**

**Defendant**

**Northrop Grumman Shipbuilding, Inc.**

**Defendant**

**Superior-Lidgerwood-Mundy
Corporation**

**Defendant**

**Todd Pacific Shipyards Corporation**

**Defendant**

**United Technologies Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2011 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Susan Illston for all further proceedings. Magistrate Judge Joseph C. Spero no longer assigned to the case. Signed by Executive Committee on 1/21/11. (mab, COURT STAFF) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 01/21/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klhS, COURT STAFF) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 01/19/2011 | | CASE DESIGNATED for Electronic Filing. (mjj2, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/19/2011) |
| 01/19/2011 | 6 | Summons Issued as to General Dynamics Corporation, General Electric Company, Lockheed Martin Corporation, McDonnell Douglas Corporation, Northrop Grumman Shipbuilding, Inc., Superior-Lidgerwood-Mundy Corporation, Todd Pacific Shipyards Corporation, United Technologies Corporation. (mjj2, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/19/2011) |
| 01/19/2011 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Oliver Brown. (mjj2, COURT STAFF) (Filed on 1/19/2011) (mjj2, COURT STAFF). (Entered: 01/19/2011) |
| 01/19/2011 | 4 | Certificate of Interested Entities by Oliver Brown (mjj2, COURT STAFF) (Filed on 1/19/2011) (mjj2, COURT STAFF). (Entered: 01/19/2011) |
| 01/19/2011 | 3 | NOTICE of Tag-Along Action by Oliver Brown (mjj2, COURT STAFF) (Filed on 1/19/2011) (mjj2, COURT STAFF). (Entered: 01/19/2011) |
| 01/19/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 4/22/2011. Case Management Conference set for 4/29/2011 01:30 PM in Courtroom A, 15th Floor, San Francisco. (Attachments: # 1 Standing Order, # 2 Standing Order Case Management Conference, # 3 Standing Order for all Judges, # 4 Notice of Rule Discontinuing Service by Mail)(mjj2, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/19/2011) |
| 01/19/2011 | 1 | COMPLAINT against General Dynamics Corporation, General Electric Company, Lockheed Martin Corporation, McDonnell Douglas Corporation, Northrop Grumman Shipbuilding, Inc., Superior-Lidgerwood-Mundy Corporation, Todd Pacific Shipyards Corporation, United Technologies |

Corporation with Jury Demand ( Filing fee $ 350, receipt number
34611055172.). Filed by Oliver Brown. (mjj2, COURT STAFF) (Filed on
1/19/2011) (Additional attachment(s) added on 1/21/2011: # 1 Exhibit A, # 2
Civil Cover Sheet) (mjj2, COURT STAFF). (Entered: 01/19/2011)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/28/2011 08:33:59 | | |
| **PACER Login:** bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** 3:11-cv-00273-SI |
| **Billable Pages:** 2 | **Cost:** | 0.16 |

1   ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
2   BRAYTON❖PURCELL LLP
Attorneys at Law
3   222 Rush Landing Road
P.O. Box 6169
4   Novato, California 94948-6169
(415) 898-1555
5   (415) 898-1247 (Fax No.)

E-filing

6   Attorneys for Plaintiff

7

8             **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN FRANCISCO DIVISION**

CV 11    0 2 7 3

11   OLIVER BROWN,           ) No. _____

12          Plaintiff,      )

13   vs.                    ) COMPLAINT FOR ASBESTOS
) PERSONAL INJURY/ PRODUCTS
) LIABILITY; DEMAND FOR JURY TRIAL
14   GENERAL ELECTRIC COMPANY,    )
GENERAL DYNAMICS        )
15   CORPORATION, LOCKHEED MARTIN )
CORPORATION, MCDONNELL    )
16   DOUGLAS CORPORATION,      )
NORTHROP GRUMMAN        )
17   SHIPBUILDING, INC., SUPERIOR-   )
LIDGERWOOD-MUNDY        )
18   CORPORATION, TODD PACIFIC    )
SHIPYARDS CORPORATION, UNITED )
19   TECHNOLOGIES CORPORATION,    )
)
20         Defendants.     )

21

22                   **I.**

23              **PARTIES**

24       1.     Plaintiff in this action, OLIVER BROWN, has sustained asbestos-related lung

25   injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

26   asbestos.

27       2.     Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos

28   fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

*Left margin (vertical):* BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

K:\Injured\108687\FED\pleadings\cmp.fed (pi).wpd         1

1  3.    The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit**
2  **A**, attached to Plaintiff's complaint and incorporated by reference herein.

3  4.    All of Plaintiff's claims arise out of repeated exposure to asbestos-containing
4  products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or
5  maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of
6  toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative,
7  progressive, incurable lung diseases.

8  5.    Plaintiff claims damages for an asbestos-related disease arising from a series of
9  occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing
10  products, when handled in the manner in which they were intended, released harmful asbestos
11  fibers which when inhaled by Plaintiff, caused serious lung disease.

12  6.    As used herein, Plaintiff shall mean the above-captioned asbestos-injured
13  Plaintiff.

14  7.    Plaintiff is informed and believes, and thereon alleges that at all times herein
15  mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole
16  proprietorships and/or other business entities organized and existing under and by virtue of the
17  laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
18  said defendants, and each of them, were and are authorized to do and are doing business in the
19  State of California, and that said defendants have regularly conducted business in the County of
20  San Francisco, State of California.

21  ## II.

22  ## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

23  8.    Jurisdiction: Plaintiff OLIVER BROWN is a citizen of the State of California.

24  Defendants are each corporations incorporated under the laws of and having its principal
25  places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| GENERAL ELECTRIC COMPANY | Connecticut |
| GENERAL DYNAMICS CORPORATION | Virginia |

| DEFENDANT | STATE |
|---|---|
| LOCKHEED MARTIN CORPORATION | Maryland |
| MCDONNELL DOUGLAS CORPORATION | Illinois |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |
| SUPERIOR-LIDGERWOOD-MUNDY CORPORATION | Wisconsin |
| TODD PACIFIC SHIPYARDS CORPORATION | Washington |
| UNITED TECHNOLOGIES CORPORATION | Connecticut |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9. Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

### III.

### CAUSES OF ACTION

FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF OLIVER BROWN COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, GENERAL DYNAMICS CORPORATION, LOCKHEED MARTIN CORPORATION, MCDONNELL DOUGLAS CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., SUPERIOR-LIDGERWOOD-MUNDY CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, UNITED TECHNOLOGIES CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor,

1 predecessor in business, predecessor in product line or a portion thereof, parent, holding
2 company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole
3 or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
4 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
5 supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
6 representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
7 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
8 otherwise directing and/or facilitating the use of, or advertising a certain product, namely
9 asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be
10 called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious
11 conduct of each successor, successor in business, successor in product line or a portion thereof,
12 assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,
13 venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or
14 entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,
15 designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,
16 sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
17 rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
18 products containing asbestos. The following defendants, and each of them, are liable for the acts
19 of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
20 destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each
21 of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE
22 ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each
23 such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
24 role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
25 originally attached to each such ALTERNATE ENTITY:

26 DEFENDANT                                    ALTERNATE ENTITY

27 MCDONNELL DOUGLAS CORPORATION DOUGLAS AIRCRAFT COMPANY
                                              BOEING NORTH AMERICAN, INC.
28                                            CONSOLIDATED AIRCRAFT

| DEFENDANT | ALTERNATE ENTITY (cont'd) |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES |
| GENERAL DYNAMICS CORPORATION | CONVAIR<br>VULTEE AIRCRAFT INC.<br>CONSOLIDATED VULTEE AIRCRAFT CORPORATION<br>ASBESTOS CORPORATION LIMITED |
| LOCKHEED MARTIN CORPORATION | LOCKHEED CORPORATION<br>LOCKHEED MISSILES & SPACE CO., INC.<br>LOCKHEED AIRCRAFT CORPORATION<br>LOCKHEED PROPULSION COMPANY<br>GLENN L. MARTIN AIRCRAFT COMPANY<br>LOCKHEED MARTIN TACTICAL SYSTEMS, INC.<br>LORAL CORPORATION |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |
| SUPERIOR-LIDGERWOOD-MUNDY CORPORATION | LIDGERWOOD MANUFACTURING COMPANY<br>M.T. DAVIDSON |
| TODD PACIFIC SHIPYARDS CORPORATION | TODD SHIPYARDS CORPORATION |
| UNITED TECHNOLOGIES CORPORATION | UNITED AIRCRAFT CORPORATION<br>UNITED AIRCRAFT & TRANSPORT CORPORATION<br>PRATT & WHITNEY<br>HAMILTON STANDARD CO.<br>SIKORSKY AIRCRAFT CORP. |

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

1  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
2  otherwise directing and/or facilitating the use of, or advertising a certain product, namely
3  asbestos and other products containing asbestos.

4      12.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
5  each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
6  fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
7  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
8  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
9  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
10  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
11  and other products containing asbestos, in that said products caused personal injuries to users,
12  consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter
13  collectively called "exposed persons"), while being used in a manner that was reasonably
14  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by
15  "exposed persons".

16      13.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
17  exercise due care in the pursuance of the activities mentioned above and defendants, and each of
18  them, breached said duty of due care.

19      14.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
20  have known, and intended that the aforementioned asbestos and products containing asbestos and
21  related products and equipment, would be transported by truck, rail, ship, and other common
22  carriers, that in the shipping process the products would break, crumble, or be otherwise
23  damaged; and/or that such products would be used for insulation, construction, plastering,
24  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
25  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
26  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
27  release of airborne asbestos fibers, and that through such foreseeable use and/or handling
28  "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to

1  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

2  persons working in proximity to said products, directly or through reentrainment.

3   15.   Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-

4  containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's

5  exposure to asbestos and asbestos-containing products is on current information as set forth at

6  various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and

7  incorporated by reference herein.

8   16.   As a direct and proximate result of the acts, omissions, and conduct of the

9  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure

10  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

11  or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and

12  incorporated by reference herein.

13   17.   Plaintiff is informed and believes, and thereon alleges, that progressive lung

14  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

15  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

16  asbestos and asbestos-containing products over a period of time.

17   18.   Plaintiff suffers from a condition related to exposure to asbestos and asbestos-

18  containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-

19  containing products presented risk of injury and/or disease.

20   19.   As a direct and proximate result of the aforesaid conduct of defendants, their

21  ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,

22  permanent injuries and/or future increased risk of injuries to their persons, body and health,

23  including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and

24  emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to

25  Plaintiff's general damage.

26   20.   As a direct and proximate result of the aforesaid conduct of the defendants, their

27  "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur

28  in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays

1  and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this
2  time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost
3  thereof is ascertained.

4      21.     As a further direct and proximate result of the said conduct of the defendants,
5  their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature
6  and extent of which are not yet known to Plaintiff; and leave is requested to amend this
7  complaint to conform to proof at the time of trial.

8      22.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
9  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
10  had full knowledge of, or should have known of, each of the acts set forth herein.

11     23.     Defendants, their "alternate entities," and each of them, are liable for the
12  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
13  and each defendant's officers, directors and managing agents participated in, authorized,
14  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
15  each of their ALTERNATE ENTITIES as set forth herein.

16     24.     The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
17  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
18  disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of
19  example and by way of punishing said defendants, seeks punitive damages according to proof.

20     WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
21  each of them, as hereinafter set forth.

22  ///
23  ///
24  ///
25
26
27
28

1

2

### SECOND CAUSE OF ACTION
(Products Liability)

3    AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

4 ACTION FOR PRODUCTS LIABILITY, PLAINTIFF OLIVER BROWN COMPLAINS OF

5 DEFENDANTS GENERAL ELECTRIC COMPANY, GENERAL DYNAMICS

6 CORPORATION, LOCKHEED MARTIN CORPORATION, MCDONNELL DOUGLAS

7 CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., SUPERIOR-

8 LIDGERWOOD-MUNDY CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION,

9 UNITED TECHNOLOGIES CORPORATION, THEIR "ALTERNATE ENTITIES," AND

10 EACH OF THEM, AS FOLLOWS:

11    25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the

12 allegations contained in each paragraph of the First Cause of Action herein.

13    26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended

14 that the above-referenced asbestos and asbestos-containing products would be used by the

15 purchaser or user without inspection for defects therein or in any of their component parts and

16 without knowledge of the hazards involved in such use.

17    27.    Said asbestos and asbestos-containing products were defective and unsafe for their

18 intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The

19 defect existed in the said products at the time they left the possession of defendants, their

20 "alternate entities," and each of them. Said products did, in fact, cause personal injuries,

21 including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff

22 herein, while being used in a reasonably foreseeable manner, thereby rendering the same

23 defective, unsafe and dangerous for use.

24    28.    "Exposed persons" did not know of the substantial danger of using said products.

25 Said dangers were not readily recognizable by "exposed persons". Said defendants, their

26 ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

27 which Plaintiff and others similarly situated were exposed.

28    ///

29.     In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

30.     On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

31.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

1 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
2 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
3 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
4 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
5 and suppressed said knowledge from "exposed persons" and members of the general public, thus
6 impliedly representing to "exposed persons" and members of the general public that asbestos and
7 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
8 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
9 representations with the knowledge of the falsity of said implied representations.

10     32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
11 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
12 ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
13 manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
14 sale, inspection, installation, contracting for installation, repair, marketing, warranting,
15 rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
16 containing products. In pursuance of said financial motivation, said defendants, their
17 ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
18 persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
19 containing products to cause injury to "exposed persons" and induced persons to work with and
20 be exposed thereto, including Plaintiff.

21     33.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE
22 ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
23 products to be safe for their intended use but that their asbestos and asbestos-containing products,
24 created an unreasonable risk of bodily harm to exposed persons.

25     34.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
26 and various asbestos-containing products manufactured, fabricated, inadequately researched,
27 designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
28 for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

1 | marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

2 | aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

3 | cannot identify precisely which asbestos or asbestos-containing products caused the injuries

4 | complained of herein.

5 |      35.    Plaintiff relied upon defendants', their "alternate entities'", and each of their

6 | representations, lack of warnings, and implied warranties of fitness of asbestos and their

7 | asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

8 | been injured permanently as alleged herein.

9 |      36.    As a direct and proximate result of the actions and conduct outlined herein,

10 | Plaintiff has suffered the injuries and damages previously alleged.

11 |     WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

12 | ENTITIES, and each of them, as hereinafter set forth.

13 | **IV.**

14 | **PRAYER**

15 |     WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

16 | ENTITIES, and each of them in an amount to be proved at trial, as follows:

17 |     (a)    For Plaintiff's general damages according to proof;

18 |     (b)    For Plaintiff's loss of income, wages and earning potential according to proof;

19 |     (c)    For Plaintiff's medical and related expenses according to proof;

20 |     (d)    For Plaintiff's cost of suit herein;

21 |     (e)    For exemplary or punitive damages according to proof;

22 |     (f)    For damages for fraud according to proof; and

23 |     (g)    For such other and further relief as the Court may deem just and proper, including

24 |     costs and prejudgment interest.

25 | Dated: _____       BRAYTON❖PURCELL LLP

26 |

27 | By: _____

28 | David R. Donadio
Attorneys for Plaintiff

1
2
## JURY DEMAND

3
Plaintiff hereby demands trial by jury of all issues of this cause.

4
5
Dated:   1 | 16 | 11

BRAYTON❖PURCELL LLP

6
7
By:

8
David R. Donadio
Attorneys for Plaintiff

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1                                    EXHIBIT A

2    Plaintiff: OLIVER BROWN

3

4    Plaintiff's injuries:  Plaintiff's exposure to asbestos and asbestos-containing products caused

5    severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties,

6    asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma,

7    lung cancer and various other cancers.  Plaintiff was diagnosed with asbestos-related pleural

8    disease on or about March 2007.

9

10   Retirement Status:  The injured party retired from his last place of employment at regular

11   retirement age.  He has therefore suffered no disability from his asbestos-related disease as

12   "disability" is defined in California Code of Civil Procedure § 340.2.

13

14   Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may

15   have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by

16   Defendants.  Plaintiff's exposure to asbestos occurred at the following times and places, and

17   involved exposure to dust created by the contractors and the products of the entities listed below.

18   The exposure includes, but is not limited, to the following presently known contractors and the

19   manufacturers and distributors of asbestos-containing products:

20
21

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Hallett Construction Bamidji, MN | Highway 56 Aitkin, MN | Flagman | 1953 (summer) |

22

23   Job Duties:  Plaintiff controlled a flag and directed traffic.  Plaintiff is currently unaware if he
     was exposed to asbestos during this employment.
24

25

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| United States National Guard | Camp Ripley Little Falls, MN | Laborer | 1953-7/1956 (on and off) |
| | National Guard Aitkin, MN | Radio operator | |

26
27
28

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

Job Duties:  Plaintiff was a member of the 47th infantry division and performed cleanup work on rifle ranges.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States National Guard | US Army Fort Leonard Wood, MO | Radio operator (Trainee) | 8/1955-9/1955 (summer) |

Job Duties:  Plaintiff performed basic training.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Francis W. K. C. & S. G. Cummings Cummings Bros. Aitkin, MN | Unknown Service Station Aitkin, MN | Gas Station Attendant | 1956 (2 weeks) |

Job Duties:  Plaintiff worked as a gas station attendant.  Plaintiff changed tires, pumped gas, and washed windows.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Air Force | US Air Force Parks AFB Pleasanton, CA | Trainee | 7/10/1956-9/1956 (6 weeks) |
| | US Air Force Sheppard AFB Wichita Falls, TX | Aircraft Mechanic | 10/1956-12/1956 |
| | US Air Force Travis AFB Fairfield, CA | Aircraft Mechanic | 12/1956-7/9/1960 |

Job Duties:  Plaintiff completed his basic training at Parks Air Force Base.

Plaintiff attended technical school at Sheppard Air Force Base.  Plaintiff was in the immediate proximity of maintenance work performed on models of the LOCKHEED T-33 (ALLISON J33-A-35 engines), CONVAIR B-36 (GENERAL ELECTRIC J47 engines), BOEING B-29, and NORTH AMERICAN B-25 MITCHELL aircraft.  Plaintiff recalls mechanics disturbing asbestos-containing gasket material on the engines during this maintenance work.

Plaintiff served as an aircraft mechanic at Travis Air Force Base.  From approximately January 1957 to September 1959, plaintiff performed body and exhaust work on the auxiliary power units of DOUGLAS C-124 airplanes.  Plaintiff recalls the DOUGLAS C-124 exhaust system was wrapped in asbestos cloth, which plaintiff removed and replaced.  Plaintiff disturbed existing asbestos-containing gaskets when performing maintenance work on the accessory section of PRATT AND WHITNEY R-4360 engines.  Plaintiff removed existing brakes from the DOUGLAS C-124 aircraft, and replaced them with BENDIX and GOODYEAR brakes.  Plaintiff estimates he replaced the brakes approximately once each month.

From approximately September 1959 to July 1960, plaintiff performed maintenance work on BOEING C-97 aircraft. Plaintiff scraped off asbestos-containing engine gaskets while performing this maintenance work on PRATT AND WHITNEY R-4360 engines. Plaintiff worked approximately 10 feet from other workers replacing brakes on the aircraft. The mechanics installed BENDIX and GOODYEAR brakes.

Plaintiff identifies the following co-workers from Travis Air Force Base: J.B. Todd, North Carolina. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| William M. McKee & Ralph E. Brice Mac & Sam's Wilshire Service 2707 Sonoma Blvd. Vallejo, CA | Mac & Sam's Wilshire Service 2707 Sonoma Blvd. Vallejo, CA | Gas Station Attendant | 1958 (6 months, on and off) |

Job Duties: Plaintiff worked as a gas station attendant. Plaintiff changed tires, pumped gas, and washed windows. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| American National Insurance Company 1 Moody Plaza Galveston, TX | American National Insurance Company Vallejo, CA | Insurance Salesman | 8/1960-12/1960 |

Job Duties: Plaintiff sold life insurance. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Cook Electric Company 6201 W. Oakton Morton Grove, IL | Cook Electric Company Unknown location | Unknown | 1961 |

Job Duties: Plaintiff does not currently recall the details of this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA | Mare Island Naval Shipyard Vallejo, CA Shop 38 | Marine Machinist Helper | 1961-1963 |
| | | Marine Machinist | 1964-1967 |

K:\Injured\108687\FED\pleadings\cmp fed (pi).wpd

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA (cont'd) | Mare Island Naval Shipyard Vallejo, CA Shop 38 | Marine Machinist Helper | 1961-1963 |
| | | Production Shop Planner | 1968-1969 |
| | | Planner and Estimator | 1970-1986 |
| | ANDREW JACKSON (SSBN-619) | | 1961-1963 |
| | ASPRO (SSN-648) | | 1969-1983 |
| | BAINBRIDGE (CGN-25) | | 1970s |
| | BARB (SSN-596) | | 1970s |
| | BENJAMIN FRANKLIN (SSBN-640) | | 1965-1983 |
| | BERGALL (SSN-667) | | 1969-1983 |
| | DACE (SSN-607) | | 1964-1983 |
| | DANIEL BOONE (SSBN-629) | | 1962-1983 |
| | DOLPHIN (AGSS-555) | | 1968-1983 |
| | DRUM (SSN-677) | | 1968-1983 |
| | FLASHER (SSN-613) | | 1966-1983 |
| | GEORGE WASHINGTON (SSBN-598) | | |
| | GRAYBACK (SSG-574) | | 1961-1963 |

K:\Injured\108687\FED\pleadings\cmp fed (pi).wpd

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA (cont'd) | Mare Island Naval Shipyard Vallejo, CA Shop 38 | Marine Machinist Helper | 1961-1963 |
| | GUARDFISH (SSN-612) | | 1966-1983 |
| | GUITARRO (SSN-665) | | 1965-1983 |
| | GURNARD (SSN-662) | | 1964-1983 |
| | HADDO (SSN-604) | | 1964-1983 |
| | HADDOCK (SSN-621) | | 1970s |
| | HALIBUT (SSN-587) | | 1962; 1968-1969 |
| | HAWKBILL (SSN-666) | | 1966-1983 |
| | HENDERSON (DD-785) | | 1962-1963 |
| | JAMES MADISON (SSBN-627) | | 1964-1983 |
| | JOHN C. CALHOUN (SSBN-630) | | 1964-1983 |
| | KAMEHAMEHA (SSBN-642) | | 1963-1983 |
| | LONG BEACH (CGN-9) | | 1970s |
| | MARIANO G. VALLEJO (SSBN-658) | | 1964-1983 |
| | MORGANTHAU (WHEC-722) | | 1969-1983 |
| | NAUTILUS (SSN-571) | | 1960s |
| | PAMPANITO (SS-383) | | 1961 |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA (cont'd) | Mare Island Naval Shipyard Vallejo, CA Shop 38 | Marine Machinist Helper | 1961-1963 |
| | PARCHE (SSN-683) | | 1973-1983 |
| | PERMIT (SSN-594) | | 1960s |
| | PINTADO (SSN-672) | | 1967-1983 |
| | PLUNGER (SSN-595) | | 1960s |
| | POGY (SSN-647) | | 1971-1983 |
| | POLLACK (SSN-603) | | 1964-1983 |
| | ROBERT E. LEE (SSBN-601) | | 1960s |
| | SCAMP (SSN-588) | | 1960s-1970s |
| | SCULPIN (SSN-590) | | 1960s-1970s |
| | SEA WOLF (SSN-575) | | 3/1980 |
| | SEGUNDO (SS-398) | | 1961-1962 |
| | SHARK (SSN-591) | | 1960s-1970s |
| | SNOOK (SSN-592) | | 1960s-1970s |
| | SOUTHERLAND (DD-743) | | 1962-1963 |
| | STONEWALL JACKSON (SSBN-634) | | 1960s |
| | SWORDFISH (SSN-579) | | 1960s |

K:\Injured\108687\FED\pleadings\cmp fed (pi).wpd

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA (cont'd) | Mare Island Naval Shipyard Vallejo, CA Shop 38 | Marine Machinist Helper | 1961-1963 |
| | THEODORE ROOSEVELT (SSBN-600) | | 1960s |
| | THOMAS JEFFERSON (SSBN-618) | | 1963-1983 |
| | ULYSSES S. GRANT (SSBN-631) | | 1964-1983 |
| | WALKE (DD-723) | | 1962-1963 |
| | WOODROW WILSON (SSBN-624) | | 1960s |

Job Duties:  Plaintiff spent the majority of his time onboard submarines and ships performing new construction, overhaul, repair and maintenance work.  Plaintiff worked on both nuclear-powered and traditionally-powered vessels.  When working on nuclear-powered vessels, plaintiff split his time almost evenly between the engine room, auxiliary machinery area, and the reactor room.  When working on traditionally-powered ships, plaintiff spent almost all of his time working in the boiler room.  On the HENDERSON, SOUTHERLAND and WALKE, plaintiff worked in close proximity to boilermakers performing interior repair work on the boilers.  Plaintiff recalls the boilers on the HENDERSON were manufactured by FOSTER WHEELER.  Plaintiff recalls the boilers on the SOUTHERLAND and WALKE were manufactured by BABCOCK & WILCOX.  When working on traditionally powered submarines, plaintiff spent almost all of his time working in the engine room.

Plaintiff recalls that in the course of performing maintenance work on this equipment, he and others disturbed existing asbestos-containing gasket material on the equipment.  Plaintiff recalls that typically he removed the equipment, which was then taken to a machine shop either on the base or offsite, and once repaired he typically reinstalled this equipment.

Plaintiff recalls the following types of equipment were in the engine rooms:  main engines, turbine generators, circulating pumps, fresh water pumps, fuel oil pumps, lube oil pumps, bilge pumps, centrifugal pumps, and feed water pumps.  Plaintiff personally performed maintenance work on all of these types of equipment, and worked in the immediate proximity of others performing maintenance work on all of these types of equipment.  Plaintiff recalls the pipes in the engine rooms were insulated with asbestos-containing pipe insulation, which he occasionally removed, and then saw other workers replace in his immediate presence.  Plaintiff removed and installed valves, disturbing existing asbestos-containing gasket material during the removal and installation process.  Plaintiff often checked the packing material in valves, and repacked the valves with asbestos-containing packing when necessary.

Plaintiff recalls the following types of equipment in the auxiliary machine area:  diesel engines, diesel generators, pumps, exhaust valves, and ventilation valves.  Plaintiff personally performed maintenance work on this equipment, and worked in the immediate proximity of others performing maintenance work on this equipment.  Plaintiff recalls the pipes in the auxiliary

1   machine areas were insulated with asbestos-containing pipe insulation, which he occasionally
    removed, and then saw other workers replace in his immediate presence. Plaintiff removed and
2   installed valves, disturbing existing asbestos-containing gasket material during the removal and
    installation process. Plaintiff often checked the packing material in valves, and repacked the
3   valves with asbestos-containing packing when necessary.

4   Plaintiff recalls the following types of equipment in the reactor rooms:  steam generators, steam
    valves, and main circulating pumps. Plaintiff personally performed maintenance work on this
5   equipment, and worked in the immediate proximity of others performing maintenance work on
    this equipment. Plaintiff recalls the pipes in the reactor rooms were insulated with asbestos-
6   containing pipe insulation, which he occasionally removed, and then saw other workers replace
    in his immediate presence. Plaintiff removed and installed valves, disturbing existing asbestos-
7   containing gasket material during the removal and installation process. Plaintiff often checked
    the packing material in valves, and repacked the valves with asbestos-containing packing when
8   necessary.

9   Plaintiff recalls the following types of equipment in boiler rooms on ships:  boilers, circulating
    pumps, fresh water pumps, fuel oil pumps, lube oil pumps, bilge pumps, centrifugal pumps, and
10  feed water pumps. Plaintiff personally performed maintenance work on this equipment, and
    worked in the immediate proximity of others performing maintenance work on this equipment.
11  Plaintiff recalls the pipes in the boiler rooms were insulated with asbestos-containing pipe
    insulation, which he occasionally removed, and then saw other workers replace in his immediate
12  presence. Plaintiff was present in the reactor compartment of the <u>GUITARRO</u> while insulators
    installed pipecovering insulation in this space. The insulation was dark gray and had a coarse
13  fibrous texture. Plaintiff also saw this same insulation in the reactor compartments of the
    <u>PINTADO</u>, <u>HAWKBILL</u> and <u>DRUM</u>. Plaintiff removed and installed valves, disturbing existing
14  asbestos-containing gasket material during the removal and installation process. Plaintiff often
    checked the packing material in valves, and repacked the valves with asbestos-containing
15  packing when necessary.

16  Over the course of his time at this jobsite, plaintiff performed the following work on equipment
    manufactured by the following companies while performing maintenance work: Plaintiff cut
17  gaskets from GARLOCK sheet material and installed the gaskets on various equipment; plaintiff
    disturbed existing asbestos-containing gasket material on FAIRBANKS-MORSE (GARLOCK
18  SEALING TECHNOLOGIES, LLC), GENERAL MOTORS, GENERAL ELECTRIC,
    WESTINGHOUSE (VIACOM, INC.), and HATCH AND KIRK engines; plaintiff disturbed
19  existing asbestos-containing gasket material on DELAVAL, GENERAL ELECTRIC, and
    WESTINGHOUSE turbines; plaintiff worked on INGERSOLL-RAND COMPANY compressors
20  and pumps; plaintiff disturbed existing asbestos-containing gasket material on CHICAGO (FMC
    CORPORATION), PACIFIC, WORTHINGTON, WATERBURY(EATON HYDRAULICS,
21  INC.), NORTHERN (FMC CORPORATION), ALLIS-CHALMERS, COOPER, and M.T.
    DAVIDSON (SUPERIOR-LIDGERWOOD-MUNDY CORPORATION) pumps;  plaintiff
22  disturbed existing asbestos-containing packing material on CROSBY, CRANE CO., GROVE,
    HONEYWELL, VOGT, YARWAY, WALWORTH, WESTINGHOUSE, POWELL (THE
23  WILLIAM POWELL COMPANY) and MANNING, MAXWELL & MOORE
    (HALLIBURTON) valves; plaintiff repacked valves with asbestos-containing packing
24  manufactured by GARLOCK, JOHN CRANE, and ANCHOR PACKING (COLTEC
    INDUSTRIES, INC.). Plaintiff cut and installed asbestos-containing gaskets manufactured by
25  GARLOCK. Plaintiff installed and removed asbestos-containing gaskets manufactured by

26  FLEXITALLIC. When performing repair work on CRANE CO., CROSBY, POWELL,
    YARWAY, WALWORTH and MANNING, MAXWELL & MOORE valves, plaintiff followed
27  instructions issued by these valve manufacturing companies when selecting and installing
    replacement packing and gaskets. These valves manufacturers specified the replacement  packing
28  and gaskets to be used on the valves during maintenance and repair work. Plaintiff saw other
    workers installing asbestos-containing pipe insulation manufactured by JOHNS-MANVILLE.

1  When working on traditionally-powered ships, plaintiff replaced manway gaskets in boiler doors,
2  and saw other workers replacing refractory material in BABCOCK & WILCOX and FOSTER
   WHEELER boilers.

3  Plaintiff identifies the following co-workers: Jesse Unruh, Philadelphia, Pennsylvania; Ralph
   Bebee, Vallejo, California; Don Ireland, Vallejo, California; John Lauritzen, Lake County,
4  California; Les Ellis, Vacaville, California; Ronald Woo, deceased. Plaintiff currently contends
   he was exposed to asbestos during this employment.
5

6  | Employer | Location of Exposure | Job Title | Exposure Dates |
   |---|---|---|---|
7  | Hunters Point Naval Shipyard San Francisco, CA | Hunters Point Naval Shipyard San Francisco, CA | Machinist | Late 1960's-Early 1970's (4 to 5 months) |
8  

9                                  ENTERPRISE
                                   (CVAN-65)
10

   Job Duties: Plaintiff worked as a machinist. Plaintiff split his time almost evenly between the
11 engine room, auxiliary machinery area, and the reactor room.

12 Plaintiff recalls that in the course of performing maintenance work on this equipment, he and
   others disturbed existing asbestos-containing gasket material on the equipment. Plaintiff
13 removed YARWAY steam valves. Plaintiff recalls that typically he removed the equipment,
   which was then taken to a machine shop either on the base or offsite, and once repaired he
14 typically reinstalled this equipment.

15 Plaintiff recalls the following types of equipment were in the engine rooms: main engines,
   turbine generators, circulating pumps, fresh water pumps, fuel oil pumps, lube oil pumps, bilge
16 pumps, centrifugal pumps, and feed water pumps. Plaintiff personally performed maintenance
   work on all of these types of equipment, and worked in the immediate proximity of others
17 performing maintenance work on all of these types of equipment. Plaintiff recalls the pipes in
   the engine rooms were insulated with asbestos-containing pipe insulation, which he occasionally
18 removed, and then saw other workers replace in his immediate presence. Plaintiff removed and
   installed valves, disturbing existing asbestos-containing gasket material during the removal and
19 installation process. Plaintiff often checked the packing material in valves, and repacked the
   valves with asbestos-containing packing when necessary.
20

   Plaintiff recalls the following types of equipment in the auxiliary machine area: diesel engines,
21 diesel generators, pumps, exhaust valves, and ventilation valves. Plaintiff personally performed
   maintenance work on this equipment, and worked in the immediate proximity of others
22 performing maintenance work on this equipment. Plaintiff recalls the pipes in the auxiliary
   machine areas were insulated with asbestos-containing pipe insulation, which he occasionally
23 removed, and then saw other workers replace in his immediate presence. Plaintiff removed and
   installed valves, disturbing existing asbestos-containing gasket material during the removal and
24 installation process. Plaintiff often checked the packing material in valves, and repacked the
   valves with asbestos-containing packing when necessary.
25

   Plaintiff recalls the following types of equipment in the reactor rooms: steam generators, steam
26 valves, and main circulating pumps. Plaintiff personally performed maintenance work on this
   equipment, and worked in the immediate proximity of others performing maintenance work on
27 this equipment. Plaintiff recalls the pipes in the reactor rooms were insulated with asbestos-
   containing pipe insulation, which he occasionally removed, and then saw other workers replace
28 in his immediate presence. Plaintiff removed and installed valves, disturbing existing asbestos-
   containing gasket material during the removal and installation process. Plaintiff often checked

K:\Injured\108687\FED\pleadings\cmp fed (pi).wpd

the packing material in valves, and repacked the valves with asbestos-containing packing when necessary. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Naval Air Station Alameda, CA | Naval Air Station Alameda, CA | Machinist | 1969-1981 (6 months, on and off) |
| | ABRAHAM LINCOLN (SSN-602) | | (2 months) |
| | CARL VINSON (CVN-70) | | (2 months) |
| | ENTERPRISE (CVAN-65) | | (2 months) |

Job Duties: Plaintiff worked as a machinist. Plaintiff split his time on these ships and submarines almost evenly between the engine room, auxiliary machinery area, and the reactor room.

Plaintiff recalls that in the course of performing maintenance work on this equipment, he and others disturbed existing asbestos-containing gasket material on the equipment. Plaintiff recalls that typically he removed the equipment, which was then taken to a machine shop either on the base or offsite, and once repaired he typically reinstalled this equipment.

Plaintiff recalls the following types of equipment were in the engine rooms: main engines, turbine generators, circulating pumps, fresh water pumps, fuel oil pumps, lube oil pumps, bilge pumps, centrifugal pumps, and feed water pumps. Plaintiff personally performed maintenance work on all of these types of equipment, and worked in the immediate proximity of others performing maintenance work on all of these types of equipment. Plaintiff recalls the pipes in the engine rooms were insulated with asbestos-containing pipe insulation, which he occasionally removed, and then saw other workers replace in his immediate presence. Plaintiff removed and installed valves, disturbing existing asbestos-containing gasket material during the removal and installation process. Plaintiff often checked the packing material in valves, and repacked the valves with asbestos-containing packing when necessary.

Plaintiff recalls the following types of equipment in the auxiliary machine area: diesel engines, diesel generators, pumps, exhaust valves, and ventilation valves. Plaintiff personally performed maintenance work on this equipment, and worked in the immediate proximity of others performing maintenance work on this equipment. Plaintiff recalls the pipes in the auxiliary machine areas were insulated with asbestos-containing pipe insulation, which he occasionally removed, and then saw other workers replace in his immediate presence. Plaintiff removed and installed valves, disturbing existing asbestos-containing gasket material during the removal and installation process. Plaintiff often checked the packing material in valves, and repacked the valves with asbestos-containing packing when necessary.

Plaintiff recalls the following types of equipment in the reactor rooms: steam generators, steam valves, and main circulating pumps. Plaintiff personally performed maintenance work on this equipment, and worked in the immediate proximity of others performing maintenance work on this equipment. Plaintiff recalls the pipes in the reactor rooms were insulated with asbestos-containing pipe insulation, which he occasionally removed, and then saw other workers replace in his immediate presence. Plaintiff removed and installed valves, disturbing existing asbestos-containing gasket material during the removal and installation process. Plaintiff often checked

1  the packing material in valves, and repacked the valves with asbestos-containing packing when
   necessary. Plaintiff currently contends he was exposed to asbestos during this employment.

2

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Braddock and Logan Walnut Creek, CA | Apartment building Soscal Avenue Napa, CA | Maintenance worker | 1983-1987 (off and on) |
| | Apartment building Bernal Avenue Pleasanton, CA | | |
| | Lime Ridge apartment building Concord, CA | | |
| | Mission Pines apartment building Martinez, CA | | |
| | Apartment building Robin Drive and Tamalpais Drive Corte Madera, CA | | |

Job Duties: Plaintiff performed maintenance work on a number of apartment buildings. Plaintiff painted apartments, replaced dishwashers, unclogged sinks, and unclogged toilets. At the apartment building in Corte Madera, plaintiff removed existing floor tile, and scraped existing adhesive of the floor by hand.

Plaintiff does not currently recall any co-workers from this employment. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown employer | Apartment building Masters Court Walnut Creek, CA | Maintenance worker | 1987 (6-8 months) |

Job Duties: Plaintiff performed maintenance work on an apartment building. Plaintiff removed existing drywall and existing wall insulation.

Plaintiff does not currently recall any co-workers from this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Laidlaw Santa Rosa, CA | Laidlaw Santa Rosa, CA | Bus Driver | 1987-1988 (7 months) |

Job Duties: Plaintiff drove a school bus. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

K:\Injured\108687\FED\pleadings\cmp fed (pi).wpd

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Preferred Charters Santa Rosa, CA | Preferred Charters Santa Rosa, CA | Bus Driver | 1989-1990 (8-9 months) |

Job Duties:  Plaintiff drove a charter bus.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Amtravel San Francisco, CA | Amtravel San Francisco, CA | Bus Driver | 1991 (8 months) |

Job Duties:  Plaintiff drove a charter bus.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Marin Airporter Larkspur, CA | Marin Airporter Larkspur, CA | Bus Driver | 1992-present |

Job Duties:  Plaintiff drives a charter bus.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

NON-OCCUPATIONAL EXPOSURE:

FRICTION:
Plaintiff performed automotive work on his personal vehicles between 1942 and 1994.  When performing brake jobs, plaintiff used the same routine on each occasion.  Plaintiff removed the existing drum brakes, cleaned the brake assemblies and drums by blowing on them, and installed new drum brakes.  When performing clutch jobs, plaintiff disturbed friction disks during the removal and installation process.  When performing engine overhauls, plaintiff scraped and chipped existing burned out gaskets off exhaust manifolds and engine head gaskets.

1930 FORD MODEL A:  Plaintiff performed maintenance work on this vehicle between 1942 and 1946.  Plaintiff replaced the brakes on two occasions.  Plaintiff recalls the manufacturer of the replacement brakes was BENDIX.  Plaintiff removed BENDIX brakes which he had previously installed.  Plaintiff replaced the clutch on this vehicle on three or four occasions.  Plaintiff recalls the manufacturer of the replacement clutches was BORG-WARNER.  Plaintiff overhauled the engine on this vehicle on three or four occasions, and replaced all asbestos-containing engine gaskets.  Plaintiff removed FORD original factory installed gaskets.  Plaintiff recalls the supplier of all of the replacement parts was FORD MOTOR COMPANY, Aiken, Minnesota.

1929 FORD MODEL A:  Plaintiff performed maintenance work on this vehicle in 1964.  Plaintiff installed a BORG-WARNER clutch he obtained from GRAND AUTO.  Plaintiff replaced the brakes on one occasion.  Plaintiff recalls the manufacturer of replacement brakes was BENDIX.  Plaintiff obtained the BENDIX brakes from GRAND AUTO.  Plaintiff performed engine work.  Plaintiff recalls the supplier of the replacement engine gaskets was J.C. WHITNEY, Illinois.

1953 FORD VICTORIA two-door hard-top:  Plaintiff performed maintenance work on this vehicle from 1957 to 1959.  Plaintiff replaced the brakes on this vehicle on one occasion.

1  Plaintiff replaced the clutch on this vehicle on one occasion.  Plaintiff recalls the manufacturer of
2  the replacement clutch was BORG-WARNER.  Plaintiff replaced the engine on this vehicle on
   three occasions, and replaced asbestos-containing engine gaskets.  Plaintiff recalls that the first
3  time he replaced the engine gaskets on this vehicle, he replaced the original manufacturer's
   engine gaskets.  Plaintiff recalls the supplier of all of the replacement parts was GRAND AUTO
4  PARTS (CSK AUTO, INC.), Sonoma Boulevard, Vallejo, California.

5  1954 OLDSMOBILE:  Plaintiff performed maintenance work on this vehicle from 1959 to 1960.
   Plaintiff replaced the brakes on one occasion.  Plaintiff recalls that when he replaced the brakes
6  on this vehicle, he replaced the original manufacturer's brakes.  Plaintiff installed BENDIX
   replacement brakes obtained from GRAND AUTO.  Plaintiff replaced the spark plugs, and had
7  to replace the existing asbestos-containing exhaust manifold gaskets.  Plaintiff recalls that when
   he replaced the engine gaskets on this vehicle, he replaced the original manufacturer's
8  engine gaskets.  Plaintiff recalls the supplier of the replacement parts was GRAND AUTO
   PARTS, Sonoma Boulevard, Vallejo, California.

9  1985 FORD F-250 Diesel:  Plaintiff performed maintenance work on this vehicle from 1987 to
   1994.  Plaintiff replaced the brakes on this vehicle on five occasions, the first time was in 1987,
10 the second time was in 1989, the third time was in 1991, the fourth time was in 1992, and the last
   time was in 1994.  Plaintiff recalls the manufacturer of the replacement brakes was BENDIX.  In
11 1987, plaintiff removed the original factory installed FORD brakes.  Plaintiff obtained the
   replacement brakes from FORD.  In 1989, plaintiff installed BENDIX brakes obtained from
12 KRAGEN AUTO PARTS in Napa, California.  In 1991, plaintiff removed BENDIX brakes he
   had previously installed.  Plaintiff obtained BENDIX replacement brakes from KRAGEN AUTO
13 PARTS in Santa Rosa, California.  In 1992, plaintiff removed BENDIX brakes he had previously
   installed.  Plaintiff obtained BENDIX replacement brakes from KRAGEN AUTO PARTS in
14 Santa Rosa, California.

15 1960 FORD Falcon:  Plaintiff performed brake repair work on this vehicle in approximately
   1965.  Plaintiff replaced the rear drum brakes.  Plaintiff installed BENDIX replacement brakes
16 which he obtained from GRAND AUTO in Vallejo, California.

17 Plaintiff currently contends he was exposed to asbestos during this automotive work.

18

19

20

21

22

23

24

25

26

27

28