ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00272-JSW

Cooper v. General Electric Company et al
Assigned to: Hon. Jeffrey S. White
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/19/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Ellis Cooper**
represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**CBS Corporation**

**Defendant**

**Dana Companies, LLC**
*formerly known as*
Dana Corporation

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Northrop Grumman Shipbuilding, Inc.**

**Defendant**

**General Dynamics Corporation**

**Defendant**

**Bath Iron Works Corporation**

**Defendant**

**Hopeman Brothers, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2011 | 10 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 4/29/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. Case Management Statement due by 4/22/2011.. Signed by Judge Jeffrey S. White on 1/27/11. (jjoS, COURT STAFF) (Filed on 1/27/2011) (Entered: 01/27/2011) |
| 01/26/2011 | 9 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to the case. Signed by the Executive Committee on January 26, 2011. (cjl, COURT STAFF) (Filed on 1/26/2011) (Entered: 01/26/2011) |
| 01/24/2011 | 8 | CERTIFICATE OF SERVICE TO PLAINTIFF re 7 Clerk's Notice of Impending Reassignment (ig, COURT STAFF) (Filed on 1/24/2011) (Entered: 01/25/2011) |
| 01/24/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (ig, COURT STAFF) (Filed on 1/24/2011) (Entered: 01/25/2011) |
| 01/19/2011 | | CASE DESIGNATED for Electronic Filing. (cjl, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/24/2011) |
| 01/19/2011 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 4/20/2011. Case Management Conference set for 4/27/2011 01:30 PM in Courtroom 4, 3rd Floor, Oakland. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/24/2011) |
| 01/19/2011 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Ellis Cooper. (cjl, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/24/2011) |

| 01/19/2011 | 4 | Summons Issued as to Bath Iron Works Corporation, CBS Corporation, Dana Companies, LLC, General Dynamics Corporation, General Electric Company, Hopeman Brothers, Inc., Ingersoll-Rand Company, Metropolitan Life Insurance Company, Northrop Grumman Shipbuilding, Inc. (cjl, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/24/2011) |
|---|---|---|
| 01/19/2011 | 3 | NOTICE of Tag-Along Action by Ellis Cooper. (cjl, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/24/2011) |
| 01/19/2011 | 2 | Certificate of Interested Entities by Ellis Cooper. (cjl, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/24/2011) |
| 01/19/2011 | 1 | COMPLAINT (with jury demand) against Bath Iron Works Corporation, CBS Corporation, Dana Companies, LLC, General Dynamics Corporation, General Electric Company, Hopeman Brothers, Inc., Ingersoll-Rand Company, Metropolitan Life Insurance Company, Northrop Grumman Shipbuilding, Inc. (Filing fee $350, receipt number 34611055173). Filed by Ellis Cooper. (Attachments: # 1 Civil Cover Sheet)(cjl, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/24/2011) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/28/2011 08:33:43 | | |
| PACER Login: bp0355 | Client Code: | |
| Description: Docket Report | Search Criteria: | 3:11-cv-00272-JSW |
| Billable Pages: 2 | Cost: | 0.16 |

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

E-filing

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

ELLIS COOPER,

      Plaintiff,

vs.

GENERAL ELECTRIC COMPANY, CBS
CORPORATION (FKA VIACOM INC.,
FKA WESTINGHOUSE ELECTRIC
CORPORATION), DANA COMPANIES,
LLC (FKA DANA CORPORATION),
INGERSOLL-RAND COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, NORTHROP GRUMMAN
SHIPBUILDING, INC., GENERAL
DYNAMICS CORPORATION, BATH
IRON WORKS CORPORATION,
HOPEMAN BROTHERS, INC.,

      Defendants.

No. _____ 0272

COMPLAINT FOR ASBESTOS
PERSONAL INJURY/ PRODUCTS
LIABILITY; DEMAND FOR JURY TRIAL

## I.

## PARTIES

1.   Plaintiff in this action, ELLIS COOPER, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.

2.   Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

K:\Injured\7943\FED\PLD\cmp fed (pi).wpd      1
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1    3.    The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit**
2    **A**, attached to Plaintiff's complaint and incorporated by reference herein.

3    4.    All of Plaintiff's claims arise out of repeated exposure to asbestos-containing
4    products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or
5    maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of
6    toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative,
7    progressive, incurable lung diseases.

8    5.    Plaintiff claims damages for an asbestos-related disease arising from a series of
9    occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing
10   products, when handled in the manner in which they were intended, released harmful asbestos
11   fibers which when inhaled by Plaintiff, caused serious lung disease.

12   6.    As used herein, Plaintiff shall mean the above-captioned asbestos-injured
13   Plaintiff.

14   7.    Plaintiff is informed and believes, and thereon alleges that at all times herein
15   mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole
16   proprietorships and/or other business entities organized and existing under and by virtue of the
17   laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
18   said defendants, and each of them, were and are authorized to do and are doing business in the
19   State of California, and that said defendants have regularly conducted business in the County of
20   San Francisco, State of California.

21   ///
22   ///
23   ///
24
25
26
27
28

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8.    Jurisdiction: Plaintiff ELLIS COOPER is a citizen of the State of California.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| GENERAL ELECTRIC COMPANY | Connecticut |
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | New York |
| DANA COMPANIES, LLC (FKA DANA CORPORATION) | Virginia |
| INGERSOLL-RAND COMPANY | New Jersey |
| METROPOLITAN LIFE INSURANCE COMPANY | New York |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |
| GENERAL DYNAMICS CORPORATION | Virginia |
| BATH IRON WORKS CORPORATION | Maine |
| HOPEMAN BROTHERS, INC. | Virginia |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9.    Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

///

///

///

K:\Injured\7943\FED\PLD\cmp fed (pi).wpd                3
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

# III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF ELLIS COOPER COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), DANA COMPANIES, LLC (FKA DANA CORPORATION), INGERSOLL-RAND COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., GENERAL DYNAMICS CORPORATION, BATH IRON WORKS CORPORATION, HOPEMAN BROTHERS, INC., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10.    At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

1   designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

2   sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

3   rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

4   products containing asbestos. The following defendants, and each of them, are liable for the acts

5   of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

6   destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

7   of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

8   ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

9   such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

10   role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

11   originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
| --- | --- |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES |
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC.<br>CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br>WESTINGHOUSE ELECTRIC AND<br>  MANUFACTURING COMPANY<br>B.F. STURTEVANT<br>KPIX TELEVISION STATION<br>PARAMOUNT COMMUNICATIONS, INC<br>GULF & WESTERN INDUSTRIES, INC.<br>NORTH & JUDD MANUFACTURING COMPANY |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK<br>  COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |

28   ///

| DEFENDANT | ALTERNATE ENTITY (cont'd) |
|---|---|
| DANA COMPANIES, LLC<br>( FKA DANA CORPORATION) | DANA CORPORATION<br>VICTOR MANUFACTURING AND GASKET COMPANY<br>SMITH AND KANZLER CO., INC.<br>SMITH AND KANZLER CORPORATION<br>SPRAYED INSULATION, INC.<br>S.K. INSULROCK CORPORATION<br>SPRAYON RESEARCH CORPORATION<br>SPRAYON INSULATION & ACOUSTICS, INC.<br>SPRAYED INSULATION INC.<br>WARNER ELECTRIC BRAKE & CLUTCH CO.<br>SPICER CLUTCH DIVISION<br>VICTOR WISCONSIN GASKET<br>REINZ WISCONSIN GASKET CO. |
| INGERSOLL-RAND COMPANY | INGERSOLL-DRESSER PUMP<br>DRESSER-RAND CO.<br>PACIFIC PUMP WORKS<br>FLOWSERVE CORPORATION<br>INGERSOLL ROCK DRILL COMPANY<br>TERRY STEAM TURBINE CO.<br>WHITON MACHINE COMPANY<br>RAND DRILL COMPANY<br>RAND & WARING DRILL AND COMPRESSOR COMPANY<br>INGERSOLL-SERGEANT<br>SCHLAGE LOCK COMPANY<br>VON DUPRIN<br>THE TORRINGTON COMPANY<br>BLAW-KNOX COMPANY<br>ALDRICH PUMPS<br>HUSSMANN CORPORATION |
| GENERAL DYNAMICS CORPORATION | CONVAIR<br>VULTEE AIRCRAFT INC.<br>CONSOLIDATED VULTEE AIRCRAFT CORPORATION<br>ASBESTOS CORPORATION LIMITED |
| HOPEMAN BROTHERS, INC. | HOPEMAN BROTHERS MARINE INTERIORS, LLC |

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

///

1   otherwise directing and/or facilitating the use of, or advertising a certain product, namely
2   asbestos and other products containing asbestos.

3        12.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
4   each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
5   fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
6   to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
7   supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
8   installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
9   rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
10   and other products containing asbestos, in that said products caused personal injuries to users,
11   consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter
12   collectively called "exposed persons"), while being used in a manner that was reasonably
13   foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by
14   "exposed persons".

15        13.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
16   exercise due care in the pursuance of the activities mentioned above and defendants, and each of
17   them, breached said duty of due care.

18        14.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
19   have known, and intended that the aforementioned asbestos and products containing asbestos and
20   related products and equipment, would be transported by truck, rail, ship, and other common
21   carriers, that in the shipping process the products would break, crumble, or be otherwise
22   damaged; and/or that such products would be used for insulation, construction, plastering,
23   fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
24   limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
25   breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
26   release of airborne asbestos fibers, and that through such foreseeable use and/or handling
27   "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to
28   ///

1 said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
2 persons working in proximity to said products, directly or through reentrainment.

3       15.      Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-
4 containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's
5 exposure to asbestos and asbestos-containing products is on current information as set forth at
6 various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and
7 incorporated by reference herein.

8       16.      As a direct and proximate result of the acts, omissions, and conduct of the
9 defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure
10 to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
11 or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and
12 incorporated by reference herein.

13      17.      Plaintiff is informed and believes, and thereon alleges, that progressive lung
14 disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
15 without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
16 asbestos and asbestos-containing products over a period of time.

17      18.      Plaintiff suffers from a condition related to exposure to asbestos and asbestos-
18 containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-
19 containing products presented risk of injury and/or disease.

20      19.      As a direct and proximate result of the aforesaid conduct of defendants, their
21 ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,
22 permanent injuries and/or future increased risk of injuries to their persons, body and health,
23 including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and
24 emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to
25 Plaintiff's general damage.

26      20.      As a direct and proximate result of the aforesaid conduct of the defendants, their
27 "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur
28 in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays

1  and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this

2  time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost

3  thereof is ascertained.

4      21.    As a further direct and proximate result of the said conduct of the defendants,

5  their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature

6  and extent of which are not yet known to Plaintiff; and leave is requested to amend this

7  complaint to conform to proof at the time of trial.

8      22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

9  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

10  had full knowledge of, or should have known of, each of the acts set forth herein.

11      23.    Defendants, their "alternate entities," and each of them, are liable for the

12  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

13  and each defendant's officers, directors and managing agents participated in, authorized,

14  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

15  each of their ALTERNATE ENTITIES as set forth herein.

16      24.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

17  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious

18  disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of

19  example and by way of punishing said defendants, seeks punitive damages according to proof.

20      WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

21  each of them, as hereinafter set forth.

22  ///

23  ///

24  ///

25

26

27

28

1

2

## SECOND CAUSE OF ACTION
(Products Liability)

3      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

4   ACTION FOR PRODUCTS LIABILITY, PLAINTIFF ELLIS COOPER COMPLAINS OF

5   DEFENDANTS GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM

6   INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), DANA COMPANIES, LLC

7   (FKA DANA CORPORATION), INGERSOLL-RAND COMPANY, METROPOLITAN LIFE

8   INSURANCE COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., GENERAL

9   DYNAMICS CORPORATION, BATH IRON WORKS CORPORATION, HOPEMAN

10  BROTHERS, INC., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS

11  FOLLOWS:

12      25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the

13  allegations contained in each paragraph of the First Cause of Action herein.

14      26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended

15  that the above-referenced asbestos and asbestos-containing products would be used by the

16  purchaser or user without inspection for defects therein or in any of their component parts and

17  without knowledge of the hazards involved in such use.

18      27.    Said asbestos and asbestos-containing products were defective and unsafe for their

19  intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The

20  defect existed in the said products at the time they left the possession of defendants, their

21  "alternate entities," and each of them. Said products did, in fact, cause personal injuries,

22  including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff

23  herein, while being used in a reasonably foreseeable manner, thereby rendering the same

24  defective, unsafe and dangerous for use.

25      28.    "Exposed persons" did not know of the substantial danger of using said products.

26  Said dangers were not readily recognizable by "exposed persons". Said defendants, their

27  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

28  which Plaintiff and others similarly situated were exposed.

1        29.    In researching, manufacturing, fabricating, designing, modifying, testing or failing

2  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

3  sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

4  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

5  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

6  did so with conscious disregard for the safety of "exposed persons" who came in contact with

7  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

8  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

9  death resulting from exposure to asbestos or asbestos-containing products, including, but not

10  limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,

11  from scientific studies performed by, at the request of, or with the assistance of, said defendants,

12  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

13  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

14        30.    On or before 1930, and thereafter, said defendants, their ALTERNATE

15  ENTITIES and each of them, were aware that members of the general public and other "exposed

16  persons", who would come in contact with their asbestos and asbestos-containing products, had

17  no knowledge or information indicating that asbestos or asbestos-containing products could

18  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

19  members of the general public and other "exposed persons", who came in contact with asbestos

20  and asbestos-containing products, would assume, and in fact did assume, that exposure to

21  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

22  hazardous to health and human life.

23        31.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

24  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

25  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

26  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

27  asbestos-containing products without attempting to protect "exposed persons" from or warn

28  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

1  asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
2  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
3  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
4  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
5  and suppressed said knowledge from "exposed persons" and members of the general public, thus
6  impliedly representing to "exposed persons" and members of the general public that asbestos and
7  asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
8  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
9  representations with the knowledge of the falsity of said implied representations.

10      32.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
11  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
12  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
13  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
14  sale, inspection, installation, contracting for installation, repair, marketing, warranting,
15  rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
16  containing products. In pursuance of said financial motivation, said defendants, their
17  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
18  persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
19  containing products to cause injury to "exposed persons" and induced persons to work with and
20  be exposed thereto, including Plaintiff.

21      33.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE
22  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
23  products to be safe for their intended use but that their asbestos and asbestos-containing products,
24  created an unreasonable risk of bodily harm to exposed persons.

25      34.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
26  and various asbestos-containing products manufactured, fabricated, inadequately researched,
27  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
28  for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

1  marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

2  aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

3  cannot identify precisely which asbestos or asbestos-containing products caused the injuries

4  complained of herein.

5  35.  Plaintiff relied upon defendants', their "alternate entities'", and each of their

6  representations, lack of warnings, and implied warranties of fitness of asbestos and their

7  asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

8  been injured permanently as alleged herein.

9  36.  As a direct and proximate result of the actions and conduct outlined herein,

10  Plaintiff has suffered the injuries and damages previously alleged.

11  WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

12  ENTITIES, and each of them, as hereinafter set forth.

13  **IV.**

14  **PRAYER**

15  WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

16  ENTITIES, and each of them in an amount to be proved at trial, as follows:

17  (a)  For Plaintiff's general damages according to proof;

18  (b)  For Plaintiff's loss of income, wages and earning potential according to proof;

19  (c)  For Plaintiff's medical and related expenses according to proof;

20  (d)  For Plaintiff's cost of suit herein;

21  (e)  For exemplary or punitive damages according to proof;

22  (f)  For damages for fraud according to proof; and

23  (g)  For such other and further relief as the Court may deem just and proper, including

24  costs and prejudgment interest.

25  Dated: _____  BRAYTON❖PURCELL LLP

26

27  By: _____

David R. Donadio
28  Attorneys for Plaintiff

K:\Injured\7943\FED\PLD\cmp fed (pi).wpd  13
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1

## JURY DEMAND

2    Plaintiff hereby demands trial by jury of all issues of this cause.

3

4    Dated: __1|16|11__

                                 BRAYTON❖PURCELL LLP

5

6                                   By: _____

7                                        David R. Donadio
                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1       EXHIBIT A

2   Plaintiff: ELLIS COOPER

3

4   Plaintiff's injuries:  Plaintiff's exposure to asbestos and asbestos-containing products caused

5   severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties,

6   asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma,

7   lung cancer and various other cancers. Plaintiff was diagnosed with renal cell carcinoma (kidney

8   cancer) on or around December 2010, asbestosis in 1997, and asbestos-related pleural disease in

9   1995.

10

11  Retirement Status:  The injured party is still employed and therefore has suffered no disability

12  due to his asbestos-related disease as "disability" is defined in California Code of Civil Procedure

13  § 340.2.

14

15  Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may

16  have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by

17  Defendants.  Plaintiff's exposure to asbestos occurred at the following times and places, and

18  involved exposure to dust created by the contractors and the products of the entities listed below.

19  The exposure includes, but is not limited, to the following presently known contractors and the

20  manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Superior Electrocast Foundry Co. 150 Harbor Way South San Francisco, CA | Superior Electrocast Foundry Co. South San Francisco, CA | Laborer | 1966 |

Job Duties: Plaintiff placed molded metal components into crates using a pulley system. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

27  ///

28  ///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| American Postal Workers Union Winner Local RR 1 Box 58B Winner, SD | U.S. Post Office (Rincon Annex) San Francisco, CA | Laborer | 1966-1968 |

Job Duties:  Plaintiff unloaded bags of small parcel post from trucks onto a dock. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Phillips & Van Orden Co 4th & Berry St San Francisco, CA | Unknown | Unknown | 1967 |

Job Duties:  Plaintiff does not currently recall the specifics of this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Quebecor Printing Buffalo Inc. T C Industrial Park Depew, NY | Unknown | Unknown | 1967 |

Job Duties:  Plaintiff does not currently recall the specifics of this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Cervetto Building Maintenance Co. 100 N Hill Rd Ste 25 Brisbane, CA | Various unknown buildings Presidio San Francisco, CA | Janitor | 1967-1968 |

Job Duties:  Plaintiff performed janitorial work at various unknown locations. Plaintiff does not currently recall the names of any supervisors or coworkers. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | Naval Training Center San Diego, CA | Trainee | 1968-1970 |
| | Hunters Point Naval Shipyard San Francisco, CA | Boilerman | |
| | HANSON (DD-832) | Boilerman | |

1   Job Duties: Plaintiff completed basic training in San Diego, California. Plaintiff maintained and
    operated "M" type boilers on the HANSON (DD-832). Plaintiff re-packed the soot blower using
2   asbestos-containing packing manufactured by A.W. CHESTERTON COMPANY and scraped
    off and installed FLEXITALLIC, INC. gaskets. Plaintiff cleaned out and maintained the fireside
3   and water side of the boiler. Plaintiff crawled into the boiler through the mud drum and cleaned
    the tubes. Plaintiff removed asbestos insulation in order to perform his job. Plaintiff lived and
4   worked on board the ship during drydock repairs at Hunters Point Naval Shipyard. Plaintiff
    assisted other trades during a complete overhaul of the ship at that time. Plaintiff worked in
5   proximity to pipefitters removing and installing asbestos-containing gaskets and packing, welders
    using asbestos-containing blankets, boilermakers removing and installing asbestos-containing
6   manhole and handhole gaskets, and insulators removing and replacing asbestos-containing pipe
    and block insulation on and around boilers. Plaintiff recalls the following supervisor: Cief
7   Latelle; and co-workers: Mr. Downs, address unknown, Mr. Gaines, address unknown, Mr.
    Cook, address unknown, Mr. Bachness, address unknown and Mr. Crosby, address unknown.
8   Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | Hunters Point Naval Shipyard, San Francisco, CA | Marine Machinist (apprentice) | 6/21/1970 - 6/1973 |
| | Shop 38 | | |
| | CHICAGO (CG-11) | | |
| | ENTERPRISE (CVN-65) | | |
| | HANCOCK(CV-19) | | |
| | HANSON (DD-832) | | |
| | OKLAHOMA CITY (CG-5) | | |
| | RANGER (CV-61) | | |

20  Job Duties:  Plaintiff worked primarily in the engine room and in drydock, and occasionally in
    Shop 38, the outside machinist shop. Plaintiff removed, overhauled and repaired various kinds
21  of ship equipment including but not limited to steam valves, pipes, force draft blowers, turbines
    manufactured by GENERAL ELECTRIC COMPANY, feed pumps, auxiliary pumps. Plaintiff
22  removed asbestos-containing  insulation from the equipment listed above in order to perform the
    repairs. Plaintiff installed asbestos-containing packing manufactured by A.W. CHESTERTON
23  COMPANY and scraped off and installed FLEXITALLIC, INC. gaskets. As an apprentice
    plaintiff performed a lot of asbestos rip-out work. Plaintiff recalls dusty conditions. Plaintiff
24  worked on the ships listed above. Plaintiff recalls the following supervisors:  John Haskell
    (deceased); Bill Hardhay, address unknown; E.K. Carson, address unknown; and  co-workers:
25  Sydney Bell,, Vallejo, California; Horace Owens,, Vallejo, California. Plaintiff currently
    contends that he was exposed to asbestos during this employment.

26

27  ///

28  ///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | Mare Island Naval Shipyard, Vallejo, CA | Marine Machinist | 7/1973-1995 |
| | Shop 38 | | |
| | Naval Air Station Alameda, CA | | |
| | CORAL SEA (CV-43) | | 7/1973 - 5/1993 |
| | DOLPHIN (AGSS-555) | | 7/1973 - 1995 |
| | FLASHER (SSN-613) | | 7/1973 - 1995 |
| | GRAYBACK (APSS-574) | | 7/1973 - 1984 |
| | GUARDFISH (SSN-612) | | 7/1973 - 2/1992 |
| | GUITARRO (SSN-668) | | 7/1973 - 5/1992 |
| | HALIBUT (SSN-587) | | 7/1973 - 4/1986 |
| | INDEPENDENCE (CV-62) | | 7/1973 - 1995 |
| | JOHN MARSHALL (SSBN 611) | | 7/1973 - 7.1992 |
| | KAMEHAMEHA (SSN-642) | | 7/1973 - 1995 |
| | KITTY HAWK (CV-63) | | 7/1973 - 1995 |
| | MIDWAY (CVB-41) | | 7/1973 - 1995 |
| | NAUTILUS (SSN-57) | | 7/1973 - 3/1980 |
| | PERMIT (SSN-594) | | 7/1973 - 6/1991 |
| | PIGEON (ASR-21) | | 7/1973 - 1995 |
| | POGY (SSN-647) | | 7/1973 - 1995 |
| | ORISKANY (CV-34) | | 7/1973 - 7/1987 |
| | SHARK (SSN-591) | | 7/1973 - 9/1990 |
| | SWORDFISH (SSN-579) | | 7/1973 - 6/1989 |
| | WHITE PLAINS (AFS-4) | | 7/1973 - 1995 |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1  Job Duties: Plaintiff worked primarily in the engine room and in drydock, and occasionally in
   Shop 38, the outside machinist shop. Plaintiff performed repair and overhaul of various types of
2  valves. Plaintiff performed alignment and repairs on pumps and turbines. Plaintiff performed
   lay-out for diesel engine repair. Plaintiff removed, overhauled and repaired various kinds of ship
3  equipment including but not limited to steam valves, pipes, force draft blowers, turbines
   manufactured by GENERAL ELECTRIC COMPANY, feed pumps, auxiliary pumps. Plaintiff
4  removed asbestos-containing insulation from the equipment listed above in order to perform the
   repairs. Plaintiff installed asbestos-containing packing manufactured by A.W. CHESTERTON
5  COMPANY and scraped off and installed FLEXITALLIC, INC. gaskets Plaintiff worked in
   close proximity to welders, pipefitters, insulators, machinists, and boilermakers. Plaintiff worked
6  on the ships listed above. Plaintiff recalls the following supervisors: Dave Collins, address
   unknown; Mike Hamilton, address unknown; Mike White, address unknown; and co-workers:
7  Horace Owens, Vallejo, California; Jim MacAurthy, Vallejo, California. Plaintiff currently
   contends that he was exposed to asbestos during this employment.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28