EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00083-JCH

Baton v. General Electric Company et al
Assigned to: Judge Janet C. Hall
Cause: 28:1442 Notice of Removal

Date Filed: 01/14/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

Linden Baton, Sr.     represented by     **Melissa M. Olson**
Embry & Neusner
118 Poquonnock Rd., Po Box 1409
Groton, CT 06340
860-449-0341
Fax: 860-449-9070
Email: molson@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**     represented by     **Dan E. LaBelle**
Halloran & Sage
315 Post Rd. West
Westport, CT 06880
203-227-2855
Email: labelle@halloran-sage.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*Successor*
CBS Corporation
*formerly known as*
Westinghouse Electric Corporation

represented by     **Thomas F. Maxwell , Jr.**
Pullman & Comley
850 Main St., Po Box 7006
Bridgeport, CT 06601-7006
203-330-2252
Email: tmaxwell@pullcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corp**
*Successor*
Buffalo Pumps Inc

represented by     **Geoffrey Lane Squitiero**
Maher & Murtha
528 Clinton Ave., PO Box 901

Bridgeport, CT 06601
203-367-2700
Fax: 203-335-0589
Email: gsquitiero@maherandmurtha.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryna Rosen Misiura**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: bmisiura@governo.com
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**CBS Corporation**     represented by **Thomas F. Maxwell , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Air & Liquid Systems Corp**     represented by **Geoffrey Lane Squitiero**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**     represented by **Dan E. LaBelle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Air & Liquid Systems Corp**     represented by **Geoffrey Lane Squitiero**

        (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryna Rosen Misiura**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

| | |
|---|---|
| **CBS Corporation** | represented by **Thomas F. Maxwell , Jr.**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Cross Defendant**

| | |
|---|---|
| **General Electric Company** | represented by **Dan E. LaBelle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/14/2011 | 1 | NOTICE OF REMOVAL from Superior Court, Bridgeport, filed by Air & Liquid Systems Corp. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Fazekas, J.) (Entered: 01/19/2011) |
| 01/14/2011 | 2 | NOTICE OF NO PENDING MOTIONS by Air & Liquid Systems Corp. (Fazekas, J.) (Entered: 01/19/2011) |
| 01/14/2011 | 3 | CERTIFICATE OF SERVICE by Air & Liquid Systems Corp re 2 Notice of No Pending Motions, 1 Notice of Removal (Fazekas, J.) (Entered: 01/19/2011) |
| 01/14/2011 | 4 | Order on Pretrial Deadlines: Motions to Dismiss due on 4/14/2011. Amended Pleadings due by 3/15/2011. Discovery due by 7/16/2011. Dispositive Motions due by 8/15/2011. Signed by Clerk on 1/14/2011. (Fazekas, J.) (Entered: 01/19/2011) |
| 01/14/2011 | 5 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Janet C. Hall on 1/14/2011. (Fazekas, J.) (Entered: 01/19/2011) |
| 01/14/2011 | 6 | STANDING PROTECTIVE ORDER. Signed by Judge Janet C. Hall on 1/14/2011. (Fazekas, J.) (Entered: 01/19/2011) |

| | | |
|---|---|---|
| 01/14/2011 | 7 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 4 Order on Pretrial Deadlines, 2 Notice of No Pending Motions filed by Air & Liquid Systems Corp, 3 Certificate of Service filed by Air & Liquid Systems Corp, 1 Notice of Removal filed by Air & Liquid Systems Corp, 6 Standing Protective Order, 5 Electronic Filing Order. Signed by Clerk on 1/14/2011. (Attachments: # 1 Removal Standing Order)(Fazekas, J.) (Entered: 01/19/2011) |
| 01/14/2011 | | Filing fee received from Governo Law Firm LLC: $350.00, receipt number B00000198. (Fazekas, J.) (Entered: 01/19/2011) |
| 01/19/2011 | 8 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Simpson, T.) (Entered: 01/19/2011) |
| 01/19/2011 | 9 | Corporate Disclosure Statement by CBS Corporation identifying Other Affiliate National Amusements, Inc. for CBS Corporation. (Simpson, T.) (Entered: 01/19/2011) |
| 01/19/2011 | 10 | ANSWER to Complaint (Notice of Removal), *Special Defenses, Answer to Cross-claim, Jury Demand and*, CROSSCLAIM against Air & Liquid Systems Corp, General Electric Company by CBS Corporation.(Maxwell, Thomas) (Entered: 01/19/2011) |
| 01/19/2011 | 11 | NOTICE by Air & Liquid Systems Corp *Pursuant to Standing Orders in Removed Cases* (Squitiero, Geoffrey) (Entered: 01/19/2011) |
| 01/20/2011 | 12 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corp (Simons, Michael) (Entered: 01/20/2011) |
| 01/20/2011 | 13 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corp (Misiura, Bryna) (Entered: 01/20/2011) |
| 01/20/2011 | 14 | ANSWER to 10 Answer to Complaint (Notice of Removal), Crossclaim *Answer to Cross-Claims*, CROSSCLAIM against CBS Corporation, General Electric Company by Air & Liquid Systems Corp.(Simons, Michael) (Entered: 01/20/2011) |

Return Date: January 25, 2011

| | |
|---|---|
| LINDEN BATON SR., | SUPERIOR COURT |
| Plaintiff, | |
| | J.D. OF FAIRFIELD |
| VS. | |
| | AT BRIDGEPORT |
| GENERAL ELECTRIC COMPANY; | |
| CBS CORPORATION f/k/a VIACOM INC., | |
| successor-by-merger with CBS CORPORATION | |
| f/k/a WESTINGHOUSE ELECTRIC | |
| CORPORATION; | |
| AIR & LIQUID SYSTEMS CORPORATION | |
| as successor-by-merger to BUFFALO PUMPS, | |
| INC.; | |
| Defendants | |

COMPLAINT

CLAIM ON BEHALF OF LINDEN BATON SR.

FIRST COUNT BASED ON
NEGLIGENCE AND PRODUCTS LIABILITY
ON BEHALF OF LINDEN BATON SR.
FOR PERSONAL INJURIES AND DAMAGES.

1.  The plaintiff, LINDEN BATON SR., was employer at General Dynamics / Electric Corp., Groton, CT from on or about 1969 to 2007 as an outside machinist, maintenance mechanic and test mechanic. His duties, work and activities caused him to work in areas where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and was exposed to asbestos fibers and materials manufactured by the defendants and otherwise placed into the stream of

commerce by the defendants. The plaintiff, LINDEN BATON SR., worked in areas where he was exposed to asbestos.

2a.    General Electric Company is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

2b.    CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, is a foreign corporation which does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

2c.    Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc., is a foreign corporation which does business in the State of Connecticut with its principle place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

3.    The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiffs claim the named defendant(s) is(are) liable.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

4. The Defendants listed in paragraphs 2a through 2c were either in the business of manufacturing, distributing, selling or otherwise placing into the stream of commerce various products or they manufactured, distributed, sold or otherwise placed into the stream of commerce products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing, selling or otherwise placing into the stream of commerce various products or that manufactured, distributed, sold or otherwise placed into the stream of commerce products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5. During the Plaintiff's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6. The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have

known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7. The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Plaintiff's body, lung, respiratory system, skin and health, the Defendants nonetheless:

7a. Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

4

7b.  Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7c.  Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

7d.  Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7e.  Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

7f. Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g. Did not recommend methods to improve the work environment,

7h. Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i. Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7k. Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

7l. Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

8. The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

9. The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

10. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11. The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they

could not be used without extreme danger to those who breathed the dust coming from their products.

13. All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14. Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

15. The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing

products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17. As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff LINDEN BATON SR. is suffering from asbestosis, asbestos-related lung disease, lung disease and / or loss of lung function. He has endured pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease, his premature death and the effect his illness has and his premature death will have on his family. The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death. .

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR LINDEN BATON SR.

18. Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

19. The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

20. The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

21. The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

By /s/ Melissa M. Olson
Melissa M. Olson, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
molson@embryneusner.com



ATTEST:
A TRUE COPY
JOSEPH L. ANTINERELLA
CT. STATE MARSHAL

Wherefore the Plaintiff, LINDEN BATON SR., claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 14th day of December, 2010.

By _____
Melissa M. Olson, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
molson@embryneusner.com



11