BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

This Document Relates to: *Vest v. Allied Packing & Supply, Inc., et al.*,
Civil Action No.: N.D. California, C.A. No. 3:11-00061
[See Exhibit A - Schedule of Action Involved]

---

**BRIEF SUPPORTING PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-353)**

Plaintiffs Timothy Vest and Caroline Vest, by and through counsel, Kazan, McClain, Lyon, Greenwood & Harley, PLC, hereby submit this brief in support of Plaintiffs' Motion to Vacate Conditional Transfer Order 353 ("CTO-353").

I.   **INTRODUCTION**

The United States District Court for the Northern District of California ("local District Court") will hear plaintiffs' pending motion to remand this action just five court days after plaintiffs' filing of this motion. The Panel should delay any action pending the local District Court's resolution of plaintiffs' remand motion.

This action was set for trial on February 14, 2011 before the Superior Court of the State of California, County of Alameda ("Superior Court") when defendant McDonnell Douglas Corporation ("MDC") untimely removed just over one month before the trial date, and on the day before it was to appear to oppose a tentative ruling requiring it to produce long-withheld documents the following court day. MDC's improper and untimely removal is a transparent attempt to avoid that order and delay the imminent trial from going forward while plaintiff, who has malignant mesothelioma, remains able to provide live testimony. Before considering

GAMELL/729302.1                                                                                         1

whether to transfer this action to MDL No. 875, the Panel should allow the local District Court to determine whether MDC's removal was proper. Because federal courts are of limited jurisdiction, MDC bears the burden of establishing federal jurisdiction. The local District Court is in a better position to expeditiously determine this threshold issue because the parties have fully briefed the issue with that Court, which expedited the hearing on plaintiffs' request (and over MDC's objection) and is set to hear the motion in just five court days.

In contrast, if transferred, it is likely plaintiffs' remand motion will not be heard for months. Transfer would force the parties to resubmit their briefs and wait for the Panel to adjudicate the matter in March or May, when it next holds its bimonthly hearing sessions. Moreover, the Panel would need time to become familiar with the issues in this action, particularly the circumstances of MDC's removal, of which the local District Court is already aware based on the parties' briefs and the voluminous evidence they submitted. Thus, vacating CTO-353 to allow the local District Court to rule on the remand motion will conserve judicial resources and advance the expeditious administration of justice.

Vacating CTO-353 will also further the purpose of the federal statute allowing multidistrict litigation: to promote just, speedy and inexpensive determination of actions. In contrast, transferring this action to MDL No. 875 would force the parties and the MDL Court to spend time and resources re-litigating issues that have been litigated and adjudicated before the Superior Court for over a year in preparation for the trial set to commence on February 14, 2011.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2011, the Superior Court tentatively ordered MDC to produce long-withheld documents by January 10, 2011. [Exhibit E - Decl. of Ian A. Rivamonte, Ex. 21.] That

same day, the date before the hearing on that tentative order, and just 39 days before trial was set to begin, MDC removed the case. [Exhibit C - 7/2/10 Case Management Order, p. 3[1]; Exhibit D - MDC's Notice of Removal.] Plaintiffs immediately moved the local District Court to remand the case and moved ex parte to shorten the time for that hearing. [Exhibit E - Motion to Remand and Rivamonte Decl. ("Motion to Remand"); Exhibit F - 1/11/11 Order Re Motion to Stay, Motion to Shorten Time, and Emergency Motion to Remand.] The local District Court granted plaintiff' ex parte motion and will hear the pending motion to remand on February 4, 2011, five court days after the filing of this motion to vacate CTO-353. [Exhibit F - 1/11/11 Order.]

Plaintiffs' remand motion establishes, among other things, that MDC's removal on the basis of an alleged federal contractor defense was untimely. [Exhibit E at 1:15-24; 2:24-6:16; 9:1-11:18.] MDC removed this action over one year after plaintiffs filed their action in California, seven months after MDC raised the issue of its manufacture of aircraft for the federal government in discovery responses, and over six months after pleadings and deposition testimony put MDC on notice that work on MDC's military aircraft exposed Timothy Vest to asbestos. [Exhibit E at 2:28-3:18; 3:20-5:6; 5:14-6:16.]

Plaintiffs' remand motion also establishes that MDC waived its right to remove by actively invoking the Superior Court's jurisdiction over the case well after MDC was on notice of plaintiffs' claims involving military aircraft. [Exhibit E at 6:17-8:7; 11:19-13:13.] In addition, plaintiffs show that MDC failed to meet its burden to establish grounds for remand with

---

[1] Pursuant to the Federal Rules of Evidence, Rule 201, plaintiffs request that the Panel take judicial notice of Exhibits C through G, which are orders, pleadings and motions on file and in the records of the Superior Court of the State of California, County of Alameda and the United States District Court for the Northern District of California.

admissible evidence. [Exhibit D at ¶¶ 1-3, 14, 21-30; Exhibit G - MDC's opposition to Motion to Remand.[2]] Plaintiffs also show that MDC removed the case in bad faith to avoid the Superior Court's tentative order to produce documents it continues to withhold despite a prior court order. [Exhibit E at 6:20-7:13.]

On January 10, 2011, in response to MDC's untimely and bad faith removal, plaintiffs served MDC with a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. [Exhibit H - Certificate of Service.] Pursuant to Rule 11, unless MDC withdraws its Notice of Removal on or before January 31, 2011, plaintiffs will file their motion on February 1, 2011.

## III.   DISCUSSION

### A.   The Panel Should Delay Consideration of Transfer Pending the District Court's Imminent Resolution of Plaintiffs' Remand Motion

Federal courts are courts of limited jurisdiction; they presumptively have no jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. [*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).] Thus, federal courts must determine at the outset of an action that jurisdiction exists or risk "carr[ying] the courts beyond the bounds of authorized judicial action and thus offend[ing] fundamental principles of separation of powers." [*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93-94, 118 S. Ct. 1003, 1012 (1998).] There are no exceptions to this rule: "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" [*Steel Co., supra,* 523 U.S. 83, 94-95 (citing *Mansfield, C. & L. M. R. Co. v. Swan,*

---

[2]Plaintiffs will file a reply supporting their remand motion in the local District Court on January 28, 2011.

111 U.S. 379, 382, 4 S. Ct. 510 (1884)).]

Here, transfer to MDL No. 875 while a remand motion is pending and about to be heard in the local District Court would impede the just and efficient administration of this action. If no valid basis for federal jurisdiction exists, this case does not belong in MDL No. 875. Judge White is already familiar with the issues involved in this case from the briefs and voluminous evidence already submitted by the parties. [Exhibit D - Notice of Removal; Exhibit E - Motion to Remand; Exhibit G - Opposition to Motion to Remand.] Allowing him to rule on the remand motion, which is fully briefed and set for hearing on February 4, 2011, just five court days after the date on which plaintiffs will file this motion, will conserve judicial resources and foster the expeditious administration of justice.

In contrast, transferring this case to MDL No. 875 before the District Court rules on plaintiffs' pending remand motion would force the parties to resubmit their briefs and to wait for the Panel to adjudicate the matter at one of its bimonthly sessions next scheduled for March 30, 2011 and May 19, 2011. Further, once plaintiffs' remand motion is set for hearing, the Panel would need time to become familiar with the issues and evidence, of which the local District Court is already aware. Meanwhile, plaintiffs would be forced to wait in legal limbo for an indeterminate length of time until the jurisdictional issue has been decided. This would result in wasted resources and a substantial delay to the ultimate resolution of this case, for which trial was set to begin on February 14, 2011.

Principles of comity also support vacating CTO-353 until the local District Court rules on plaintiffs' remand motion, particularly in view of that Court's shortening of time to hear the motion. [*In re L. E. Lay & Co. Antitrust Litig.*, 391 F.Supp. 1054, 1056 (J.P.M.L. 1975) ("[O]n

principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court."); *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts . . . to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel.").]

### B. Transferring This Action Would Frustrate the Policy Objectives of 28 U.S.C. § 1407

The purpose of the federal statute allowing multidistrict litigation is to promote just, speedy and inexpensive determination of actions. [28 U.S.C.A. § 1407(a).] The Panel may not transfer a civil action to another district unless transfer promotes judicial economy and eliminates the potential for conflicting rulings. [28 U.S.C.A. § 1407(a) (actions may be transferred by the Panel *"upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."*) (emphasis added); *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 490-492 (J.P.M.L. 1968) ("The purpose of Section 1407 . . . makes it clear that its remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions.").] The very purpose underlying the enactment of Section 1407 was "to secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action.'" [*In re Nat'l Student Mktg. Litig.,* 368 F.Supp. 1311, 1316 (J.P.M.L. 1973) (citing Fed. R. Civ. P. 1).] Accordingly, "[t]he Panel's

statutory mandate is to weigh the interests of all parties . . . in light of the purposes of Section 1407." [*In re Stirling Homex Corp. Sec. Litig.*, 442 F. Supp. 547, 550 (J.P.M.L. 1977).]

Here, transferring this action to MDL No. 875 before the local District Court hears plaintiffs' motion would defeat that purpose and violate that mandate. For over a year, the parties have actively litigated this case in the Superior Court, collectively filing about 50 motions and *ex parte* applications, including about 10 discovery motions and 15 motions for summary judgment. Transferring this case would require the parties and the MDL Court to spend time and resources re-litigating issues that have been litigated and resolved in the Superior Court in preparation for the trial set to begin on February 14, 2011. Re-litigating this action from the beginning would be repetitive and waste resources. Transfer would also require the Panel to learn issues with which the Superior Court has already become familiar in more than a year presiding over this case.

Moreover, instead of expediting the determination of this action, transfer would likely guarantee a much slower outcome than the Superior Court. Federal courts have noted that "if these [asbestos-related] claims return to state court, they will proceed to resolution. If they remain in federal court, they will encounter significant delay upon their transfer through the Panel on Multidistrict Litigation to the Eastern District of Pennsylvania. ... This delay [in MDL No. 875] is of economic benefit to the defendants and imposes costs on the plaintiffs." [*Alexander v. A.P. Green Indus., Inc. (In re Maine Asbestos Cases)*, 44 F. Supp. 2d 368, 374 n.2 (D. Me. 1999); *see also Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187, 190 (D. Mass. 2008) (noting that if removal was upheld and the case was transferred to MDL No. 875, "the matter will likely be substantially delayed").]

Finally, all of plaintiff Timothy Vest's exposures to asbestos occurred in California, where plaintiffs still reside, and all percipient witnesses and treating physicians are in California.

## IV.  CONCLUSION

The Panel should vacate CTO-353 and allow the local District Court to hear plaintiffs' remand motion on February 4, 2011. Plaintiffs' motion is fully briefed and set to be heard in just five calendar days from this date. Allowing the local District Court to hear and resolve this fundamental jurisdictional issue will allow for the fair and expeditious resolution of this case.

Additionally, the Panel should vacate CTO-353 to fulfill the purpose of multidistrict litigation: to promote the just, speedy and inexpensive determination of civil actions. Vacating CTO-353 would allow Timothy Vest, who has terminal, malignant cancer, to seek remand to the Superior Court, where the trial of his action is ready to begin and may do so as close as possible to the previously set February 14, 2011 trial date.

DATED: January 28, 2011                    Respectfully Submitted,

By: /s/ Gloria C. Amell
James L. Oberman, Esq. (CA Bar No.120938)
Francis E. Fernandez, Esq. (CA Bar No. 65775)
Gloria C. Amell, Esq. (CA Bar No. 230255)
KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone:        (510) 302-1000
Facsimile:        (510) 835-4913
E-mail:    gamell@kazanlaw.com
Counsel for Plaintiffs
Timothy Vest and Caroline Vest

## CERTIFICATE OF SERVICE

I declare that:

I, Gloria C. Amell, at the time of service, was over the age of 18 years and not a party to the within action. I am employed in the County of Alameda, State of California. My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, California 94607.

On January 28, 2011, I electronically filed the following document(s) through the CM/ECF system:

**BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-353);**

by transmitting a true copy to:

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2305

via the following method:

__X__   (By CM/ECF Notice of Electronic Filing) By causing said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the above parties who are registered CM/ECF Users set forth in the Court's service list.

and by transmitting a true copy of documents without exhibits to:

ALL COUNSEL (See Attached Service List)

__X__   (By Mail) I enclosed the documents in a sealed envelope addressed to the persons as stated above. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice of collecting and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2010, at Oakland, California.

       /s/ Gloria C. Amell
Gloria C. Amell
KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
(510) 302-1000
(510) 835-4913 FAX
gamell@kazanlaw.com
Attorney for Plaintiffs

GAMELL/729302.1

10

| | | |
|---|---|---|
| SERVICE LIST<br>Page One | CASE: Vest, Timothy & Caroline  Case No: MDL 875<br>U.S.D.C., Northern District of California 3:11-cv-00061 JSW | January 28, 2011 |

BERRY & BERRY  
  P.O. Box 16070, Oakland, CA 94610  
  FOR: DESIGNATED DEFENSE COUNSEL  
PH: (510) 835-8330  
FAX: (510) 835-5117

BRYAN CAVE LLP  
  120 Broadway, Suite 300, Santa Monica, CA 90401  
  FOR: McDONNELL DOUGLAS CORPORATION  
PH: (310) 576-2100  
FAX: (310) 576-2200

BRYAN CAVE LLP  
  2 Embarcadero Center, Suite 1410, San Francisco, CA 94111  
  FOR: WORLD AIRWAYS, INC.  
PH: 415-675-3400  
FAX: 415-675-3434

BRYAN CAVE LLP  
  One Atlantic Center, 1201 W. Peachtree Street, NE, 14th Floor, Atlanta,  
  FOR: WORLD AIRWAYS, INC.  
PH: 404-572-6633  
FAX: 404-420-0633

CHAPMAN & INTRIERI  
  2236 Mariner Square Drive, Suite 300, Alameda, CA 94501-1019  
  FOR: DEXTER CORPORATION;  HENKEL CORPORATIO sii/pae/et to HENKEL LOCTITE CORPORATION;  HENKEL CORPORATION;  HENKEL LOCTITE CORPORATION ;  HENKEL LOCTITE CORPORATION sii/pae/et to THE DEXTER CORPORATION;  LIFE TECH CORP by merger to INVITROGEN CORP sii/pae/et THE DEXTER CORP;  LIFE TECHNOLOGIES CORPORATION suc by merger to INVITROGEN CORPORATION  
PH: (510) 864-3600  
FAX: (510) 864-3601

COUNSEL UNKNOWN  
  FOR: MCDERMOTT/SEALY, INC.

DeHAY & ELLISTON, LLP  
  1300 CLAY STREET, SUITE 840, Oakland, CA 94612  
  FOR: KAISER GYPSUM COMPANY, INC.  
PH: 510-285-0750  
FAX: 510-285-0740

DONGELL LAWRENCE FINNEY LLP  
  707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609  
  FOR: GEORGE E. MASKER, INC.  
PH: 213-943-6100  
FAX: 213-943-6101

HERR & ZAPALA  
  152 North 3rd Street, Suite 500, San Jose, CA 95112  
  FOR: ALLIED PACKING AND SUPPLY  
PH: (408) 287-7788  
FAX: (408) 927-0408

MCGIVNEY, KLUGER & GLASPY  
  One Walnut Creek Center, 100 Pringle Ave., Ste 750, Walnut Creek, CA 94  
  FOR: KENTILE FLOORS, INC.  
PH: (925) 947-1300  
FAX: (925) 947-1594

McKENNA, LONG & ALDRIDGE  
  101 California Street, 41st Floor, San Francisco, CA 94111  
  FOR: HEXCEL CORPORATION  
PH: (415) 267-4000  
FAX: (415) 267-4198

McKENNA, LONG & ALDRIDGE LLP  
  300 S. Grand Avenue, 14th Floor, Los Angeles, CA 90071  
  FOR: HEXCEL CORPORATION  
PH: 213-688-1000  
FAX: 213-243-6330

PERKINS COIE LLP  
  Four Embarcadero Center, Suite 2400, San Francisco, CA 94111  
  FOR: GEORGIA-PACIFIC LLC fka GEORGIA PACIFIC CORPORATION;  HONEYWELL INTERNATIONAL INC. fka ALLIED SIGNAL, INC./sii/BENDIX CORP  
PH: (415) 344-7000  
FAX: (415) 344-7288

| | |
|---|---|
| SERVICE LIST  CASE: Vest, Timothy & Caroline  MDL 875<br>Page Two     U.S.D.C., Northern District of California Case #: 3:11-cv-00061 (JSW) | January 28, 2011 |

PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP  
  One California Street, Suite 1910, San Francisco, CA 94104  
  FOR: DEAN'S MATERIALS, INC. dba CONSTRUCTION MATERIAL SUPPLIER  
PH: (415) 788-8354  
FAX: (415) 788-3625

SELMAN & BREITMAN  
  33 New Montgomery Street, Sixth Floor, San Francisco, CA 94105  
  FOR: ALTA BUILDING MATERIALS CO.  
PH: (415) 979-0400  
FAX: (415) 979-2099

STEPTOE & JOHNSON  
  633 West Fifth Street, Suite 700, Los Angeles, CA 90071  
  FOR: METROPOLITAN LIFE INSURANCE COMPANY  
PH: (213) 439-9400  
FAX: (213) 439-9599

THE MAU LAW FIRM  
  950 Harrison Street, Suite 213, San Francisco, CA 94107  
  FOR: GEORGE E. MASKER, INC.  
PH: 415-495-8082  
FAX: 415-495-8084

WALSWORTH, FRANKLIN, BEVINS & McCALL - DOWMAN  
  601 Montgomery Street, 9th Floor, San Francisco, CA 94111  
  FOR: DOWMAN PRODUCTS, INC.  
PH: (415) 781-7072  
FAX: (415) 391-6258

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER  
  525 Market Street, 17th Floor, San Francisco, CA 94105-2722  
  FOR: F.P. LATHROP CORPORATION; LATHROP CONSTRUCTION ASSOCIATES, INC.; LATHROP ONSTRUCTION ASSOC, INC. sii/pae/et F.P. LATHROP CONSTRUCTION  
PH: (415) 433-0990  
FAX: (415) 434-1370

HANSON BRIDGETT LLP  
  425 Market Street 26th Floor  
  San Francisco, CA 94105  
PH: (415) 777-320  
FAX: (415) 541-9366

PORT OF OAKLAND LEGAL DEPARTMENT  
  530 Water Street, 4th Floor  
  P.O. Box 2064  
  Oakland, CA 94607  
PH: (510) 627-1348  
FAX: (510) 444-2093

FOR: Port of Oakland

End of Service List