*Timothy Vest and Caroline Vest v. Allied Packing & Supply, Inc., et al.*

U.S.D.C., Northern District of California Case No. C-11-00061 LB

# Exhibit 6

*Response Case 55*

1   **BRYAN CAVE LLP**
    Robert E. Boone III, California Bar No. 132780
2   James C. Pettis, California Bar No. 223953
    M. Angela Buenaventura, California Bar No. 264130
3   120 Broadway, Suite 300
    Santa Monica, California 90401-2386
4   Telephone:    (310) 576-2100
    Facsimile:    (310) 576-2200
5
    Attorneys For Defendant
6   McDONNELL DOUGLAS CORPORATION

7

8                     SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                             FOR THE COUNTY OF ALAMEDA
10

11  TIMOTHY VEST and CAROLINE VEST,        Case No. RG09489518

12                                         Assigned for all pre-trial purposes to the Hon.
           Plaintiff,                      Kenneth Mark Burr
13
           vs.                             **DEFENDANT McDONNELL DOUGLAS**
14                                         **CORPORATION'S FIRST SET OF**
    ALLIED PACKING AND SUPPLY, et al.,     **SPECIAL INTERROGATORIES TO**
15                                         **PLAINTIFFS TIMOTHY AND CAROLINE**
           Defendants.                     **VEST**
16

17

18

19

20
    PROPOUNDING PARTY:        Defendant McDONNELL DOUGLAS CORPORATION
21
    RESPONDING PARTY:         Plaintiffs TIMOTHY AND CAROLINE VEST
22
    SET NO.:                  ONE
23

24

25

26

27

28

C146342/0306464/779514.1

MDC'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit 6-186

RECEIVED
APR 0 2 2010
DAG/JAB/ENA/CHS
KAZAN, McCLAIN, LYONS
GREENWOOD & HARLEY

1  Defendant McDonnell Douglas Corporation ("MDC") requests, pursuant to California

2  Code of Civil Procedure sections 2030.010 *et seq.*, that plaintiffs Timothy and Caroline Vest

3  ("Plaintiffs") respond under oath to the following Special Interrogatories within the time specified

4  by the Code.

5  INTERROGATORY NO. 1:

6  Do YOU contend that MR. VEST's alleged injury or illness was caused by exposure to

7  asbestos in any aircraft, aircraft component or part, or other product manufactured or supplied by

8  MDC? ("YOU" and "YOUR" means plaintiffs Timothy and Caroline Vest; "MR. VEST" means

9  plaintiff Timothy Vest; "MDC" means defendant McDonnell Douglas Corporation and anyone

10  YOU contend was or is acting on its behalf.)

11  INTERROGATORY NO. 2:

12  Describe in detail, including stating the name, model number, and part number thereof,

13  each aircraft, aircraft component or part, or other product manufactured or supplied by MDC

14  which YOU contend contained asbestos to which MR. VEST was exposed and caused MR.

15  VEST's alleged injury or illness.

16  INTERROGATORY NO. 3:

17  Describe in detail the asbestos content and composition of each particular aircraft

18  component or part or other product manufactured or supplied by MDC which YOU contend

19  contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or

20  illness.

21  INTERROGATORY NO. 4:

22  Describe in detail the type of asbestos used in each particular aircraft component or part or

23  other product manufactured or supplied by MDC which YOU contend contained asbestos to which

24  MR. VEST was exposed and caused MR. VEST's alleged injury or illness.

25  INTERROGATORY NO. 5:

26  Describe in detail how airborne asbestos fibers were released from each particular aircraft,

27  aircraft component or part, or other product manufactured or supplied by MDC which YOU

28  contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  injury or illness.

2  <u>INTERROGATORY NO. 6:</u>

3      For each particular aircraft, aircraft component or part, or other product manufactured by

4  MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR.

5  VEST's alleged injury or illness, state all facts upon which YOU base YOUR contention that

6  MDC manufactured that aircraft, aircraft component or part, or other product.

7  <u>INTERROGATORY NO. 7:</u>

8      IDENTIFY each supplier of each particular component or part of any aircraft or other

9  product manufactured by MDC which YOU contend contained asbestos to which MR. VEST was

10  exposed and caused MR. VEST's alleged injury or illness. ("IDENTIFY" requires the responding

11  party to disclose the name, last known address, and last known telephone number of the PERSON

12  identified; "PERSON" refers to and includes all natural individuals, artificial individuals,

13  corporations, partnerships and/or governmental entities.)

14  <u>INTERROGATORY NO. 8:</u>

15      For each particular aircraft, aircraft component or part, or other product supplied by MDC

16  which YOU contend contained asbestos to which MR. VEST was exposed and caused MR.

17  VEST's alleged injury or illness, state all facts upon which YOU base YOUR contention that

18  MDC supplied that aircraft, aircraft component or part, or other product.

19  <u>INTERROGATORY NO. 9:</u>

20      For each particular aircraft, aircraft component or part, or other product manufactured or

21  supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and

22  caused MR. VEST's alleged injury or illness, state the date and time when each such alleged

23  exposure occurred.

24  <u>INTERROGATORY NO. 10:</u>

25      For each particular aircraft, aircraft component or part, or other product manufactured or

26  supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and

27  caused MR. VEST's alleged injury or illness, state where each such alleged exposure occurred.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

C146342/0306464/779514.1

3

MDC'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit 6-188

INTERROGATORY NO. 11:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, describe in detail any and all work or other activity performed by YOU on or with respect to such aircraft, aircraft component or part, or other product.

INTERROGATORY NO. 12:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, describe in detail how any and all work or other activity performed by YOU on or with respect to such aircraft, aircraft component or part, or other product caused MR. VEST to be exposed to airborne asbestos fibers.

INTERROGATORY NO. 13:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, IDENTIFY each individual who witnessed MR. VEST performing any work or other activity on or with respect to such aircraft, aircraft component or part, or other product.

INTERROGATORY NO. 14:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, identify and describe in detail each DOCUMENT which memorializes or evidences any work or other activity performed by YOU on or with respect to such aircraft, aircraft component or part, and other product. ("DOCUMENT" means and includes all writings as defined in California Evidence Code section 250.)

INTERROGATORY NO. 15:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

C146342/0306464/779514.1

4

MDC'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit 6-189

caused MR. VEST's alleged injury or illness, describe in detail any and all work or other activity performed by anyone other than MR. VEST on or with respect to such aircraft, aircraft component or part, or other product that YOU contend exposed MR. VEST to airborne asbestos fibers therefrom.

INTERROGATORY NO. 16:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, describe in detail how any and all work or other activity performed by anyone other than MR. VEST on or with respect to such aircraft, aircraft component or part, or other product caused MR. VEST to be exposed to airborne asbestos fibers.

INTERROGATORY NO. 17:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, IDENTIFY each individual who witnessed anyone other than MR. VEST performing any work or other activity on or with respect to such aircraft, aircraft component or part, or other product that YOU contend exposed MR. VEST to airborne asbestos fibers therefrom.

INTERROGATORY NO. 18:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, identify and describe in detail each DOCUMENT which memorializes or evidences any work or other activity performed by anyone other than MR. VEST on or with respect to such aircraft, aircraft component or part, or other product that YOU contend exposed MR. VEST to airborne asbestos fibers therefrom.

INTERROGATORY NO. 19:

For each particular aircraft, aircraft component or part, or other product manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, state all facts upon which YOU base YOUR

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  contention.

2  INTERROGATORY NO. 20:

3      For each particular aircraft, aircraft component or part, or other product manufactured or

4  supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and

5  caused MR. VEST's alleged injury or illness, IDENTIFY each individual who has knowledge of

6  any fact upon which YOU base YOUR contention.

7  INTERROGATORY NO. 21:

8      For each particular aircraft, aircraft component or part, and other product manufactured or

9  supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and

10  caused MR. VEST's alleged injury or illness, identify and describe each DOCUMENT and other

11  item of physical evidence upon which YOU base YOUR contention with sufficient detail so that

12  such DOCUMENTS and/or physical evidence can be made the subject of a request for production

13  (inspection demand).

14  INTERROGATORY NO. 22:

15      Do YOU contend that MDC employees acting in their capacity as  designated engineering

16  representatives for the FAA, were negligent by certifying the design of any aircraft to include

17  asbestos-containing components that caused MR. VEST's alleged injury or illness?

18  INTERROGATORY NO. 23:

19      IDENTIFY each aircraft which YOU claim was negligently certified MDC employees

20  acting in their capacity as  designated engineering representatives for the FAA.

21  INTERROGATORY NO. 24:

22      State all facts upon which YOU contend that MDC employees acting in their capacity as

23  designated engineering representatives for the FAA were negligent.

24  INTERROGATORY NO. 25:

25      IDENTIFY all persons with personal knowledge of any facts upon which YOU contend

26  MDC employees acting in their capacity as  designated engineering representatives for the FAA

27  were negligent.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit 6-191

1    <u>INTERROGATORY NO. 26:</u>

2       IDENTIFY all DOCUMENTS upon which YOU rely to support YOUR contention that

3    MDC employees acting in their capacity as designated engineering representatives for the FAA

4    were negligent.

5    <u>INTERROGATORY NO. 27:</u>

6       Was MR. VEST exposed to asbestos from asbestos-containing materials used in the

7    construction of any jobsite or facility where MR. VEST worked?

8    <u>INTERROGATORY NO. 28:</u>

9       Was MR. VEST's alleged injury or illness caused by MR. VEST's exposure to asbestos

10   from asbestos-containing materials used in the construction of any jobsite or facility where MR.

11   VEST worked?

12   <u>INTERROGATORY NO. 29:</u>

13       Was MR. VEST exposed to asbestos from asbestos-containing materials and/or products

14   not manufactured or supplied by MDC?

15   <u>INTERROGATORY NO. 30:</u>

16       Was MR. VEST's alleged injury or illness caused by MR. VEST's exposure to asbestos

17   from asbestos-containing materials and/or products not manufactured or supplied by MDC?

18

19   Dated: March 31, 2010             **BRYAN CAVE LLP**

20                                         Robert E. Boone III

21                                         James C. Pettis

22                                         M. Angela Buenaventura

23             By: _____

24                            M. Angela Buenaventura

                                   Attorneys for Defendant

                                   McDONNELL DOUGLAS CORPORATION

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Two Embarcadero Center, Suite 1410, San Francisco, CA 94111.

On **March 31, 2010**, I served the foregoing document, described as: **DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST** on each interested parties in this action, as follows:

## SEE ATTACHED SERVICE LIST

(BY FEDEX) I deposited in a box or other facility maintained by FedEx, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☒ (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (415) 675-3434 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A true copy of each such transmission report is attached hereto.

Executed on **March 31, 2010**, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Alicia Moore



| SERVICE LIST | |
|---|---|
| **Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.** | |
| **Alameda County Superior Court No. RG09489518** | |
| Denise Abrams, Esq.<br>Justin A. Bosl, Esq.<br>KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY<br>A Professional Law Corporation<br>171 Twelfth Street, Third Floor<br>Oakland, CA 94607<br>Telephone: (510) 302-1000<br>Facsimile: (510) 835-4913 | *Attorney for Plaintiffs* |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

C000109/0307472/777025

1

Exhibit 6-194

Response to...

1   **BRYAN CAVE LLP**
Robert E. Boone III, California Bar No. 132780
2   James C. Pettis, California Bar No. 223953
M. Angela Buenaventura, California Bar No. 264130
3   120 Broadway, Suite 300
Santa Monica, California 90401-2386
4   Telephone:      (310) 576-2100
Facsimile:      (310) 576-2200
5
Attorneys For Defendant
6   McDONNELL DOUGLAS CORPORATION

RECEIVED
APR 0 2 2010
DAA/JAB/ENA/CHS
KAZAN, McCLAIN, LYONS
GREENWOOD & HARLEY

7
8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                          FOR THE COUNTY OF ALAMEDA
10

| | |
|---|---|
| 11  TIMOTHY VEST and CAROLINE VEST, | Case No. RG09489518 |
| 12          Plaintiff, | Assigned for all pre-trial purposes to the Hon. Kenneth Mark Burr |
| 13          vs. | **DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS TIMOTHY AND CAROLINE VEST** |
| 14  ALLIED PACKING AND SUPPLY, et al., | |
| 15          Defendants. | |

16
17
18
19
20   PROPOUNDING PARTY:      Defendant McDONNELL DOUGLAS CORPORATION
21   RESPONDING PARTY:       Plaintiffs TIMOTHY AND CAROLINE VEST
22   SET NO.:                ONE
23
24
25
26
27
28

SM01DOCS779503.1

MDC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 6-195

1      Pursuant to Code of Civil Procedure sections 2031.010 *et seq.*, Defendant McDonnell

2  Douglas Corporation ("MDC") requests plaintiffs Timothy and Caroline Vest to respond to this

3  First Set of Requests to Produce Documents within thirty days of service and produce the

4  requested documents and/or other materials for inspection and copying on or before April 30,

5  2010 at 10:00 a.m. at the law offices of Bryan Cave LLP, 120 Broadway, Suite 300, Santa

6  Monica, California 90401.

7                    **REQUESTS FOR PRODUCTION**

8  <u>REQUEST FOR PRODUCTION NO. 1:</u>

9      Please produce all DOCUMENTS and other tangible items that support YOUR contention

10  that MR. VEST was exposed to asbestos from any aircraft, aircraft component or part, or other

11  product(s) manufactured or supplied by MDC. ("DOCUMENTS" means and includes all writings

12  as defined in Evidence Code Section 250. "YOU," "YOUR" and "PLAINTIFFS" means plaintiffs

13  Timothy and Caroline Vest and anyone acting on their behalf in this litigation, including their

14  attorneys. "MR. VEST" means plaintiff Timothy Vest. "MDC" means Defendant McDonnell

15  Douglas Corporation and anyone YOU contend is acting or has acted on its behalf.)

16  <u>REQUEST FOR PRODUCTION NO. 2:</u>

17      Please produce all DOCUMENTS and other tangible items that evidence or memorialize

18  when MR. VEST was allegedly exposed to asbestos from any aircraft, aircraft component or part,

19  or other product(s) manufactured or supplied by MDC.

20  <u>REQUEST FOR PRODUCTION NO. 3:</u>

21      Please produce all DOCUMENTS and other tangible items that evidence or memorialize

22  where MR. VEST was allegedly exposed to asbestos from any aircraft, aircraft component or part,

23  or other product(s) manufactured or supplied by MDC.

24  <u>REQUEST FOR PRODUCTION NO. 4:</u>

25      Please produce all DOCUMENTS and other tangible items that evidence or memorialize

26  how MR. VEST was allegedly exposed to asbestos from any aircraft, aircraft component or part,

27  or other product(s) manufactured or supplied by MDC.

28

MDC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 6-196

REQUEST FOR PRODUCTION NO. 5:

  Please produce all DOCUMENTS and other tangible items that evidence or memorialize how often MR. VEST was allegedly exposed to asbestos from any aircraft, aircraft component or part, or other product(s) manufactured or supplied by MDC.

REQUEST FOR PRODUCTION NO. 6:

  Please produce all DOCUMENTS and other tangible items that relate to, describe or identify any aircraft, aircraft component or part, or other product(s) manufactured or supplied by MDC from which MR. VEST was allegedly exposed to asbestos.

REQUEST FOR PRODUCTION NO. 7:

  Please produce all DOCUMENTS and other tangible items that relate to, evidence or describe the composition and/or asbestos content of any aircraft, aircraft component or part, or other product(s) from which MR. VEST was allegedly exposed to asbestos.

REQUEST FOR PRODUCTION NO. 8:

  Please produce all DOCUMENTS and other tangible items that relate to, evidence or describe the type of asbestos used in any aircraft, aircraft component or part, or other product(s) from which MR. VEST was allegedly exposed to asbestos.

REQUEST FOR PRODUCTION NO. 9:

  Please produce all DOCUMENTS and other tangible items that evidence or memorialize that MDC manufactured any asbestos-containing aircraft, aircraft component or part, or other product(s) to which MR. VEST was allegedly exposed.

REQUEST FOR PRODUCTION NO. 10:

  Please produce all DOCUMENTS and other tangible items that evidence or memorialize that MDC supplied any asbestos-containing aircraft, aircraft component or part, or other product(s) to which MR. VEST was allegedly exposed.

REQUEST FOR PRODUCTION NO. 11:

  Please produce all DOCUMENTS and other tangible items that evidence or memorialize that MDC designed any asbestos-containing aircraft, aircraft component or part, or other product(s) to which MR. VEST was allegedly exposed.

MDC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 6-197

1  REQUEST FOR PRODUCTION NO. 12:

2      Please produce all DOCUMENTS and other tangible items that evidence or memorialize

3  that MDC specified or selected the use of asbestos in any aircraft, aircraft component or part, or

4  other product(s) to which MR. VEST was allegedly exposed.

5  REQUEST FOR PRODUCTION NO. 13:

6      Please produce all DOCUMENTS and other tangible items that evidence or memorialize

7  that MDC required the use of asbestos in any aircraft, aircraft component or part, or other

8  product(s) to which MR. VEST was allegedly exposed.

9  REQUEST FOR PRODUCTION NO. 14:

10      Please produce all DOCUMENTS and other tangible items that relate to, describe or

11  identify any aircraft, aircraft component or part, or other product(s) manufactured or supplied by

12  MDC.

13  REQUEST FOR PRODUCTION NO. 15:

14      Please produce all DOCUMENTS and other tangible items that evidence or memorialize

15  any work performed by YOU, or others in close proximity to YOU, on any aircraft manufactured

16  by MDC.

17  REQUEST FOR PRODUCTION NO. 16:

18      Please produce all DOCUMENTS and other tangible items that evidence or memorialize

19  any work performed by YOU, or other in close proximity to YOU, on any component or part of

20  any aircraft manufactured by MDC.

21  REQUEST FOR PRODUCTION NO. 17:

22      Please produce all DOCUMENTS and other tangible items that evidence or memorialize

23  the part number(s) of the specific asbestos-containing parts or components of any aircraft or other

24  product manufactured or supplied by MDC to which MR. VEST was allegedly exposed.

25  REQUEST FOR PRODUCTION NO. 18:

26      Please produce all DOCUMENTS and other tangible items that IDENTIFY the supplier(s)

27  of the specific asbestos-containing parts or components of any aircraft or other product

28  manufactured by MDC to which MR. VEST was allegedly exposed. ("IDENTIFY," when used in

MDC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 6-198

1  connection with a person, means to state the full name and present or last known home and

2  business address and telephone numbers of the person. When used in connection with a

3  corporation or other business entity, "IDENTIFY" means to state the full name and present or last

4  known business address and telephone number of the corporation or other business entity. When

5  used in connection with describing a document or activity, "IDENTIFY" means to state with

6  enough specificity so that MDC can locate the document or decipher one activity from another.)

7  REQUEST FOR PRODUCTION NO. 19:

8      Please produce all DOCUMENTS and other tangible things that IDENTIFY any PERSON

9  who witnessed MR. VEST working on or with any asbestos-containing aircraft, aircraft

10  component or part, or other product(s) manufactured or supplied by MDC. ("PERSON" means

11  any natural person, firm, trust, association, organization, partnership, business, corporation,

12  limited liability company, or public entity, as defined in Evidence Code Section 175.)

13  REQUEST FOR PRODUCTION NO. 20:

14      Please produce all DOCUMENTS and other tangible things that IDENTIFY any PERSON

15  who witnessed MR. VEST working on or with any aircraft, aircraft component or part, or other

16  product(s) manufactured or supplied by MDC.

17  REQUEST FOR PRODUCTION NO. 21:

18      Please produce all DOCUMENTS and other tangible things that IDENTIFY any

19  PERSON(s) who witnessed MR. VEST'S alleged exposure to asbestos from any product

20  manufactured or supplied by MDC.

21  REQUEST FOR PRODUCTION NO. 22:

22      Please produce all DOCUMENTS and other tangible items that describe or identify any

23  work site at which MR. VEST was allegedly exposed to asbestos from any product manufactured

24  by MDC.

25  REQUEST FOR PRODUCTION NO. 23:

26      Please produce all DOCUMENTS and other tangible items that YOU contend demonstrate

27  that MDC is liable for any injuries sustained by MR. VEST.

28

MDC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 6-199

REQUEST FOR PRODUCTION NO. 24:

Please produce all DOCUMENTS and other tangible items that YOU contend demonstrate the existence of any fact stated in response to MDC's First Set of Special Interrogatories to Plaintiffs Timothy and Caroline Vest.

REQUEST FOR PRODUCTION NO. 25:

If you contend that MDC was negligent by certifying the design of any aircraft or components thereof which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, please produce all DOCUMENTS upon which YOU rely to support YOUR contention.

REQUEST FOR PRODUCTION NO. 26:

If you contend that MDC, including any of its designated engineering representatives, was negligent in its certification and/or approval of the design of components or parts, or other products not manufactured or supplied by MDC which YOU contend contained asbestos to which MR. VEST was exposed and caused MR. VEST's alleged injury or illness, please produce all DOCUMENTS upon which YOU rely to support YOUR contention.

REQUEST FOR PRODUCTION NO. 27:

Please produce all DOCUMENTS and other tangible items from MDC in YOUR possession, custody or control.

REQUEST FOR PRODUCTION NO. 28:

Please produce all DOCUMENTS and other tangible items related to, produced by, received from, or prepared by any other Defendant named in this action, whether or not presently a party, in YOUR possession, custody or control.

Dated: March 31, 2010

BRYAN CAVE LLP
Robert E. Boone III
James C. Pettis
M. Angela Buenaventura

By: _____
M. Angela Buenaventura
Attorneys for Defendant
McDONNELL DOUGLAS CORPORATION

MDC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 6-200

## PROOF OF SERVICE

1

2    I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Two Embarcadero Center, Suite 1410, San Francisco, CA 94111.

3

4    On March 31, 2010, I served the foregoing document, described as: **DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS TIMOTHY AND CAROLINE VEST** on each interested parties in this action, as follows:

5

6

### SEE ATTACHED SERVICE LIST

7

8    (BY FEDEX) I deposited in a box or other facility maintained by FedEx, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

9

10

11    ☒    (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14    (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (415) 675-3434 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A true copy of each such transmission report is attached hereto.

15

16

17

18    Executed on March 31, 2010, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20

Alicia Moore

21

22

23

24

25

26

27

28

PROOF OF SERVICE

Exhibit 6-201

| | |
|---|---|
| **SERVICE LIST**<br>**Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.**<br>**Alameda County Superior Court No. RG09489518** | |
| Denise Abrams, Esq.<br>Justin A. Bosl, Esq.<br>KAZAN, McCLAIN, LYONS, GREENWOOD<br>& HARLEY<br>A Professional Law Corporation<br>171 Twelfth Street, Third Floor<br>Oakland, CA 94607<br>Telephone: (510) 302-1000<br>Facsimile: (510) 835-4913 | *Attorney for Plaintiffs* |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Timothy Vest and Caroline Vest v. Allied Packing & Supply, Inc., et al.*

U.S.D.C., Northern District of California Case No. C-11-00061 LB

# Exhibit 7

1  Denise Abrams, Esq. (C.S.B. #124139)
   Justin A. Bosl, Esq. (C.S.B. #241117)
2  KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
   A Professional Law Corporation
3  171 Twelfth Street, Third Floor
   Oakland, California  94607
4  Telephone:  (510) 302-1000

5  Attorneys for Plaintiffs

6

7           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  IN AND FOR THE COUNTY OF ALAMEDA

9

10  TIMOTHY VEST and CAROLINE VEST,        No. RG09489518

11            Plaintiffs,                  **RESPONSE TO DEFENDANT
                                           McDONNELL DOUGLAS
12  v.                                     CORPORATION'S FIRST SET OF
                                           SPECIAL INTERROGATORIES TO
13  ALLIED PACKING AND SUPPLY, et al.,     PLAINTIFFS TIMOTHY AND CAROLINE
                                           VEST**
14            Defendants.

15                                         Case Filed:  December 17, 2009

16

17  PROPOUNDING PARTY:        Defendant McDONNELL DOUGLAS CORPORATION

18  RESPONDING PARTY:         Plaintiffs TIMOTHY VEST and CAROLINE VEST

19  SET NUMBER:               ONE, Nos. 1-30

20                            **INTRODUCTION**

21        The wording in these responses includes that of plaintiffs' attorneys.  As a result,

22  some or all of these responses may not contain wording that plaintiffs might use.  The

23  responses that follow are based on information possessed by plaintiffs' attorney, unless

24  otherwise privileged, as well as information known to plaintiffs.  Plaintiffs may not have

25  any information concerning a particular response.  Verification by plaintiff is not an

26  indication that they have any knowledge concerning any particular response.

27  //

28  //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST          1

ONGSTAD/490800.1

Exhibit 7-203

1  **RESPONSE TO INTERROGATORY NO. 1.**

2        Based on a reasonable and good faith effort to obtain responsive information

3  under C.C.P. § 2030.220(c), plaintiffs respond:  Yes.

4  **RESPONSE TO INTERROGATORY NO. 2.**

5        Based upon a reasonable and good faith effort to obtain information pursuant to

6  C.C.P. §2030.220(c), plaintiffs respond:  Defendant McDonnell Douglas Corporation,

7  designed, manufactured, specified, distributed, sold and supplied DC-7, DC-8, DC-9,

8  DC-10, MD-80, MD-90 and MD-11 aircraft and aircraft component parts, products and

9  materials to World Airways, Continental Airlines and Emery Worldwide Airlines and

10  provided continued product support assistance to these operators including, but not

11  limited to, troubleshooting, technical and advisory assistance, and part specifications.

12  Plaintiffs refer to defendant's *All Operator Letter* from 1989 and updated on October 22,

13  1992 which contain lists of some of the asbestos-containing aircraft component parts,

14  products and materials designed, manufactured, specified, distributed, sold and supplied

15  by defendant, including a description of the part, product or material, its specification,

16  function and supplier applicable to all of defendant's DC-8, DC-9, C-9, MD-80, DC-10,

17  KC-10 and MD-11 aircraft.  Defendant carefully designed and engineered each and

18  every detail of its aircraft.  Defendant designed its aircraft to use asbestos-containing

19  products and to create asbestos dust in the course of normal operation and routine

20  maintenance and repair.  Defendant sold its aircraft with original asbestos-containing

21  parts.  Further, defendant specified the use of asbestos-containing replacement parts,

22  and sold asbestos-containing replacement parts.  The use of unspecified replacement

23  parts could have put the aircraft, and the safety of its passengers, in jeopardy, because

24  defendant designed the aircraft to use those parts.  Defendant's aircraft contained

25  asbestos-containing aircraft-engine gaskets, epoxies, clamps, hoses, seals, bond strips,

26  honeycomb core for radomes, adhesives, wiring, fuselage insulation, aircraft brake,

27  wheel, tire and friction parts.  From 1973-1983, World Airways' fleet included

28  approximately six McDonnell Douglas DC-8-63CF airliners, as well as DC-10s and other

AZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
AW CORPORATION
1 TWELFTH STREET
THIRD FLOOR
UKLAND, CA 9460?
(510) 302-1000
(510) 465-7728
VX (510) 835-491

RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST          2

ONGSTAD/490800.1

Exhibit 7-204

1 aircraft designed and manufactured by defendant. During this period, plaintiff Timothy

2 Vest was exposed to defendant's asbestos-containing aircraft, aircraft component parts

3 and materials from the asbestos dust on the person, clothes, shoes and belongings of

4 his father Warren Vest from Mr. Vest's employment at World Airways maintenance

5 hangar and headquarters at the Oakland Airport where World Airways' mechanics and

6 others maintained, repaired and converted aircraft, aircraft component parts and

7 materials designed, manufactured, specified, distributed, sold and supplied by

8 defendant. This work contaminated World's maintenance hangar and headquarters and

9 Warren Vest's person, clothing, shoes and belongings with asbestos dust that Mr. Vest

10 inadvertently carried to the family home and vehicles and to which plaintiff was exposed.

11 From 1973 until approximately 1981, Timothy Vest was present in the World Airways

12 hanger while defendant's aircraft was being maintained and repaired when he

13 accompanied his father to the hanger on weekends at least twice a month while Warren

14 Vest worked, when his mother brought him and his brother to visit their father at the

15 hanger, or when Warren Vest would bring his sons to the hanger to borrow a plane to

16 take flying.

17      Plaintiff Timothy Vest worked as a ramp agent for Continental Airlines at the Los

18 Angeles International Airport from 1985-1987. His duties put him adjacent to the work of

19 mechanics performing engine maintenance and brake work and inspection on

20 defendant's aircraft. Plaintiff recalls that one of the DC-10s operated by Continental

21 during this time period had a tail number with "046."

22      From 1990-2001, Emery Worldwide Airlines had a fleet of approximately 40 DC-8

23 airplanes designed, manufactured, specified, distributed, sold and supplied by McDonnell

24 Douglas, including but not limited to:

25 //

26 //

27 //

28 //

AN, McCLAIN,
LYONS,
REENWOOD &
HARLEY
PROFESSIONAL
I CORPORATION
TWELFTH STREET
THIRD FLOOR
AND, CA 94607
10) 302-1000
10) 465-7728
(510) 835-4913

**RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST**   3

GSTAD/490800.1

Exhibit 7-205

| Serial Number/ Model number | Serial Number/ Model number |
|---|---|
| 45801 DC-8-54F | 46047 DC-8-73F |
| 45812 DC-8-71F | 46054 DC-8-63F |
| 45884 DC-8-54F | 46061 DC-8-63F |
| 45901 DC-8-63F | 46062 DC-8-73F |
| 45903 DC-8-63F | 46063 DC-8-73F |
| 45941 DC-8-71F | 46068 DC-8-62F |
| 45947 DC-8-71F | 46086 DC-8-73F |
| 45956 DC-8-62F | 46087 DC-8-63F |
| 45974 DC-8-71F | 46088 DC-8-63F |
| 45975 DC-8-71F | 46091 DC-8-73F |
| 45977 DC-8-71F | 46092 DC-8-63F |
| 45983 DC-8-71F | 46095 DC-8-73F |
| 45991 DC-8-73F | 46099 DC-8-71F |
| 45995 DC-8-71F | 46103 DC-8-73F |
| 45996 DC-8-71F | 46104 DC-8-73F |
| 45997 DC-8-71F | 46106 DC-8-73F |
| 46000 DC-8-63F | 46133 DC-8-73F |
| 46003 DC-8-73F | 46137 DC-8-63F |
| 46024 DC-8-62F | 46139 DC-8-62F |
| 46028 DC-8-62F | 46143 DC-8-63F |
| 46039 DC-8-71F | 46145 DC-8-63F |
| 46044 DC-8-73F | 46149 DC-8-73F |
| 46045 DC-8-73F | 46154 DC-8-62F |
| 46046 DC-8-73F | 46162 DC-8-62F |
| | 46163 DC-8-63F |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
1 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913
25
26
27
28

**RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST**

4

Exhibit 7-206

1   In addition, Emery Worldwide Airlines also operated DC-10 aircraft designed,

2   manufactured, specified, distributed, sold and supplied by McDonnell Douglas, including

3   but not limited to:

4       Serial Number/ Model number

5           46900 DC-10-10F

6           46901 DC-10-10F

7           46902 DC-10-10F

8           46903 DC-10-10F

9           46936 DC-10-30F

10          46937 DC-10-30F

11          47801 DC-10-10F

12          47816 DC-10-30F

13  During this period, Timothy Vest was a commercial pilot for Emery Worldwide Airline and

14  was exposed to defendant's asbestos-containing aircraft while he performed duties as

15  first officer and captain for Emery Worldwide Airlines at Emery's facilities in Oakland,

16  California; Dayton, Ohio; John F. Kennedy International Airport in New York; Los Angeles

17  International Airport; TIMCO in Greensboro, North Carolina; Bradley International Airport

18  in Connecticut; Macon Airport in Macon, Georgia; and Smyrna, Tennessee. Plaintiff

19  was exposed to defendant's asbestos-containing aircraft, aircraft component parts and

20  associated materials while in the presence of mechanics performing maintenance on

21  defendant's aircraft.

22      In 2000, plaintiff Timothy Vest worked as an accident investigator for Emery

23  involving the February 16, 2000 crash of Emery's McDonnell Douglas DC-8-71F,

24  N8079U in Rancho Cordova, California. The dust and debris at this site exposed Mr.

25  Vest to defendant's asbestos-containing aircraft, aircraft component parts, products and

26  materials. Discovery and investigation are continuing.

27  **RESPONSE TO INTERROGATORY NO. 3.**

28      Plaintiffs object that this interrogatory is compound and is burdensome and

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

**RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST**     5

SONGSTAD\490800.1

Exhibit 7-207

1  oppressive because it seeks information in the possession of or more readily available to

2  defendant than to plaintiffs. Based upon a reasonable and good faith effort to obtain

3  information pursuant to C.C.P. §2030.220(c), and without waiving any objection, plaintiffs

4  respond: A list of some of the asbestos-containing aircraft component parts, products

5  and material for aircraft designed, manufactured, specified, distributed, sold and supplied

6  by defendant are referenced in defendant's *All Operator Letter* from 1989 and updated

7  on October 22, 1992 which contain lists of asbestos-containing materials applicable to all

8  of defendant's DC-8, DC-9, C-9, MD-80, DC-10, KC-10 and MD-11 aircraft. Plaintiff

9  Timothy Vest was also exposed to asbestos-containing products and materials not

10  identified in the *All Operator Letter* and attached asbestos parts list, including asbestos-

11  containing aircraft-engine gaskets, epoxies, clamps, hoses, seals, bond strips,

12  honeycomb core for radomes, adhesives, wiring, fuselage insulation, aircraft brake,

13  wheel, tire and friction parts. Discovery and investigation are continuing.

14  **RESPONSE TO INTERROGATORY NO. 4.**

15       Plaintiffs incorporate their objections and response to Interrogatory Nos. 2 and 3.

16  Plaintiffs further object that "type of asbestos" is vague and ambiguous.

17  **RESPONSE TO INTERROGATORY NO. 5.**

18       Plaintiffs object that this interrogatory seeks premature disclosure of expert

19  information. Based upon a reasonable and good faith effort to obtain information

20  pursuant to C.C.P. §2030.220(c), plaintiffs respond: Plaintiffs incorporate their

21  objections and response to Interrogatory Nos. 2 and 3. Plaintiff Timothy Vest was

22  exposed to dust and debris from defendant's asbestos-containing aircraft, aircraft

23  component parts, products, and materials designed, specified, manufactured or supplied

24  by defendant from approximately 1973-1983 through his father Warren Vest. Warren

25  Vest director of flight operations and chief pilot for World Airways, and oversaw

26  World's maintenance hangar and headquarters at the Oakland Airport. Aircraft

27  maintenance, repair and conversion was done in this hangar where Warren Vest had his

28  office, including A-checks, B-checks, C-checks and D-checks. World Airways'

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST     6

Exhibit 7-208

1   mechanics and others performed heavy, continuance maintenance, repair and

2   conversion on aircraft, including DC-8s, DC-10s and other aircraft designed and

3   manufactured by defendant, in a large, open bay.  Warren Vest visited the large airplane

4   bay, which accommodated six large aircraft, everyday. This work created dust which

5   contaminated the maintenance bay and  Warren Vest's person, clothing, shoes and

6   belongings with asbestos dust that Mr. Vest inadvertently carried to the family home and

7   vehicles. Timothy Vest was exposed to this asbestos dust when he came into contact

8   with his father during the regular course of living in the family home including greeting his

9   father when he arrived home each night, sitting and talking each night with his father

10  while his father was still in the clothing he wore to work, as well as through asbestos dust

11  released from his work clothes and person into the family home, automobiles and

12  asbestos from same that contaminated the family's clothing.  In addition, from 1973 until

13  approximately 1981, Timothy Vest accompanied his father to the hanger on weekends at

14  least twice a month while his father Warren Vest worked; visited the hangar when his

15  mother brought him and his brother to visit their father; and when Warren Vest would

16  bring his sons to the hanger to borrow a plane to take flying.  During his visits to the

17  World Airways hangar, Timothy Vest was in the vicinity of airplane mechanics and others

18  during maintenance and repair to the aircraft and was exposed to the resulting asbestos-

19  containing dust and debris.

20      Plaintiff Timothy Vest worked as a ramp agent for Continental Airlines at the Los

21  Angeles International Airport from 1985-1987.  His duties put him adjacent and in close

22  proximity to the work of mechanics performing engine and brake work on defendant's

23  aircraft, including tire removal and replacement, brake work and removal and

24  replacement of brake assemblies, engine work, and removal, repair, patching, sanding

25  and manipulation of honeycomb on the radomes, all as more specifically set forth in Mr.

26  Vest's deposition.

27      As a  first officer and caption from 1990-2001 for Emery Worldwide Airways at

28  Emery's facilities in Oakland International Airport, Dayton, Ohio, John F. Kennedy

AZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
AW CORPORATION
1 TWELFTH STREET
THIRD FLOOR
VKLAND, CA. 94607
(510) 302-1000
(510) 465-7728
\X (510) 835-4913

RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST     7

Exhibit 7-209

1    International Airport in New York, Los Angeles International Airport, TIMCO in

2    Greensboro, North Carolina, Bradley International Airport in Connecticut, Macon Airport

3    in Macon, Georgia and in Smyrna, Tennessee. Timothy Vest was in the presence of

4    mechanics performing heavy maintenance on aircraft, including removal, repair,

5    patching, sanding and manipulation of honeycomb on the radomes on DC-8, DC-8-54.

6    Mr. Vest sometimes assisted mechanics with these tasks, including handling and

7    removal of the radomes, and also assisted mechanics working on Emery aircraft with

8    brake work, all as more specifically set forth in plaintiff's deposition testimony.

9        In 2000, plaintiff Timothy Vest worked as an accident investigator for Emery

10    involving the February 16, 2000 crash of Emery's McDonnell Douglas DC-8-71F,

11    N8079U in Rancho Cordova, California. Mr. Vest, worked at the crash site for

12    approximately one week, digging through the dust and debris of the crash site. Mr. Vest

13    worked alongside other Emery employees, including Kevin Murray, as well as National

14    Safety Transportation Board representatives George Black, Gregory Feith, and Joseph

15    Manno. The dust and debris at this site exposed Mr. Vest to defendant's

16    asbestos-containing aircraft, aircraft component parts, products and materials.

17        Defendant designed its aircraft to use asbestos-containing products and to create

18    asbestos dust in the course of normal operation and routine maintenance and repair. In

19    each of the circumstances identified in this response, defendant's design of its aircraft

20    and aircraft component parts caused the release of respirable asbestos fibers which

21    exposed Timothy Vest to asbestos.

22    Discovery and investigation are continuing.

23    **RESPONSE TO INTERROGATORY NO. 6.**

24        Plaintiffs incorporate their objections and response to Interrogatory Nos. 2 and 3.

25    **RESPONSE TO INTERROGATORY NO. 7.**

26        Based upon a reasonable and good faith effort to obtain information pursuant to

27    C.C.P. §2030.220(c), plaintiffs respond: Plaintiffs refer to defendant's *All Operator Letter*

28    from 1989 and updated on October 22, 1992 which contain lists of some of the asbestos-

AZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
AW CORPORATION
1 TWELFTH STREET
THIRD FLOOR
AKLAND, CA 94607
(510) 302-1000
(510) 465-7728
AX (510) 835-4913

CNGSTAD\490800.1

RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST     8

Exhibit 7-210

1   containing aircraft component parts, products and materials designed, manufactured,

2   specified, distributed, sold and supplied by defendant, including a description of the part,

3   product or material, its specification, function and supplier applicable to all of defendant's

4   DC-8, DC-9, C-9, MD-80, DC-10, KC-10 and MD-11 aircraft. Defendant's aircraft also

5   contained asbestos-containing products that are not identified in defendant's *All Operator*

6   *Letters* from 1989 and1992, including but not limited to asbestos-containing aircraft-

7   engine gaskets, epoxies, clamps, hoses, seals, bond strips, honeycomb core for

8   radomes, adhesives, wiring, fuselage insulation, aircraft brake, wheel, tire and friction

9   parts. Discovery and investigation are continuing.

10   **RESPONSE TO INTERROGATORY NO. 8.**

11       Plaintiffs incorporate their response to Interrogatory No. 7.

12   **RESPONSE TO INTERROGATORY NO. 9.**

13       Plaintiffs incorporate their objections and responses to Interrogatory Nos. 2 and 5.

14   **RESPONSE TO INTERROGATORY NO. 10.**

15       Plaintiffs incorporate their objections and responses to Interrogatory Nos. 2 and 5.

16   **RESPONSE TO INTERROGATORY NO. 11.**

17       Plaintiffs incorporate their objections and responses to Interrogatory Nos. 2 and 5.

18   **RESPONSE TO INTERROGATORY NO. 12.**

19       Plaintiffs incorporate their objections and responses to Interrogatory Nos. 2 and 5.

20   **RESPONSE TO INTERROGATORY NO. 13.**

21       Plaintiffs incorporate their objections and responses to Interrogatory Nos. 2 and 5.

22   **RESPONSE TO INTERROGATORY NO. 14.**

23       Deposition transcript and exhibits to the deposition of Timothy Vest taken in this

24   action; plaintiff's Response to Joint Defense Interrogatories; plaintiff's Social Security

25   records and employment records; all reports, memoranda, and photographs generated

26   by Emery Worldwide Airline and the National Transportation Safety Board's investigation

27   of the crash of Emery Worldwide Airline's DC-8 on February 16, 2000 in Rancho

28   Cordova, California. Discovery and investigation are continuing.

ZAN, McCLAIN,
LYONS,
REENWOOD &
HARLEY
PROFESSIONAL
w CORPORATION
TWELFTH STREET,
THIRD FLOOR
LAND, CA 94607
510) 302-1000
510) 465-7728
((510) 835-4913

**RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST**    9

Exhibit 7-211

**RESPONSE TO INTERROGATORY NO. 15.**

Plaintiffs incorporate their objections and responses to Interrogatory Nos. 2 and 5.

**RESPONSE TO INTERROGATORY NO. 16.**

Plaintiffs incorporate their objections and responses to Interrogatory Nos. 2 and 5.

**RESPONSE TO INTERROGATORY NO. 17.**

Plaintiffs object to the extent this interrogatory seeks to ascertain the identification of consultant expert witnesses, the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses and, as such, violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Further, to the extent individuals may have been interviewed, such information collected from these interviews is protected by the attorney-client privilege and attorney work-product doctrine. *Nacht & Lewis Architects v. Sup. Ct.* (1996) 47 Cal.App.4th 214. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiffs respond: World Airways maintenance hangar and headquarters in Oakland, California: Warren Vest c/o plaintiffs' counsel, Claude Fross (760) 251-2730, George Wagenseller (360) 424-7771, Joseph D-Antonio (916) 791-3254, Milt Ogden (559) 229-1415, Jim Hales c/o counsel for defendant World Airways, and World Airways's aircraft mechanics who performed maintenance and conversion work on defendant's aircraft at the World Airways's maintenance hangar and headquarters during the relevant time period;

Continental Airlines's employee Rudy Gunn at the Los Angeles International Airport, and mechanics performing engine and brake work on defendant's aircraft during plaintiff's employment from 1985-1987;

Aircraft mechanics and others who performed maintenance and repair on defendant's aircraft while plaintiff Timothy Vest was in their presence or when Mr. Vest assisted or oversaw such activities during his employment at Emery Worldwide Airlines, including aircraft mechanics and others present on such occasions at Emery's facilities in Oakland, California; Dayton, Ohio; John F. Kennedy International Airport in New York;

CAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
1 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

**RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST**  10

Exhibit 7-212

1 Los Angeles International Airport; TIMCO in Greensboro, North Carolina; Bradley

2 International Airport in Connecticut; Macon Airport in Macon, Georgia; Symrna Airport in

3 Symrna, Tennessee;

4      Employees of Emery Worldwide Airlines's aircraft maintenance support vendors

5 who worked on defendant's aircraft when Timothy Vest was present, including but not

6 limited to TIMCO employees at Macon Airport in Macon, Georgia; TIMCO employees in

7 Greensboro, North Carolina; employees of Tennessee Technical Services at Symrna

8 Airport in Symrna, Tennessee;

9      Employees of Emery Worldwide Airlines's who investigated and worked at the

10 February 16, 2000 crash site of Emery's McDonnell Douglas DC-8-71F, N8079U in

11 Rancho Cordova, California, including Kevin Murray (707) 529-0398, and the National

12 Transportation Safety Board members, inspectors and investigators at the crash site,

13 including George Black, Gregory A. Feith and Joseph Manno;

14      Persons identified in Timothy Vest's Response to Joint Defense Interrogatories,

15 his deposition testimony, and employment, Social Security and medical records.

16      Plaintiffs do not have any additional identification or contact information for the

17 persons identified above beyond that provided. The identities of these individuals are

18 known or equally available to defendant. Discovery and investigation are continuing.

19 **RESPONSE TO INTERROGATORY NO. 18.**

20      Plaintiffs object to the extent this interrogatory seeks to ascertain the identification

21 of consultant expert witnesses, the premature disclosure of trial witnesses, or the

22 anticipated testimony of said witnesses and, as such, violates the attorney work-product

23 doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Further, to the

24 extent individuals may have been interviewed, such information collected from these

25 interviews is protected by the attorney-client privilege and attorney work-product doctrine.

26 *Nacht & Lewis Architects v. Sup. Ct.* (1996) 47 Cal.App.4th 214. Based on a reasonable

27 and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and

28 without waiving any objection, plaintiffs respond: Plaintiff Timothy Vest's Response to

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
71 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

**RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST**    11

SONGSTAD/490800.1

Exhibit 7-213

1  Joint Defense Interrogatories; Timothy Vest's transcript of deposition and all exhibits

2  thereto taken in this matter;  Timothy's Vest's medical records, employment records, and

3  Social Security records;

4         Defendant's *All Operator Letter* from 1989 and updated on October 22, 1992

5  which contain lists of asbestos-containing materials applicable to all of defendant's DC-8,

6  DC-9, C-9, MD-80, DC-10, KC-10 and MD-11 aircraft;

7         Documents regarding the sale of defendant's aircraft to World Airways,

8  Continental Airlines, and Emery Worldwide Airlines and which were repaired, maintained,

9  converted and operated during the relevant time periods;

10        Repair, maintenance and conversion records of defendant's aircraft purchased

11 and operated by World Airways, Continental Airlines, and Emery Worldwide Airlines

12 during the relevant time periods;

13        Maintenance manuals for defendant's aircraft purchased and operated by World

14 Airways, Continental Airlines and Emery Worldwide Airlines; defendant's Master

15 Illustrated Parts Catalog, DC-8 Illustrated Parts Catalog, and documents containing

16 defendant's supplier lists, parts codes and vendor numbers;

17        Specifications, blue print, plans, drawings and other documents regarding airline

18 engines manufactured by General Electric and Whitney Pratt;

19        Documents produced by defendant in *Snyder, et al. v. Owens Corning, et al.*,

20 Alameda County Superior Court No. 804700-1;

21        All reports and memoranda general by the National Transportation Safety Board's

22 investigation of the crash of Emery Worldwide Airline's DC-8 on February 16, 2000 in

23 Rancho Cordova, California;

24        Documents identified in response to Interrogatory Nos. 2, 3, 5, 7 and 14.

25 Discovery and investigation are continuing.

26 **RESPONSE TO INTERROGATORY NO. 19.**

27        Plaintiffs incorporate their objections and responses to Interrogatory Nos. 2 and 5.

28

ZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
IN CORPORATION
TWELFTH STREET
THIRD FLOOR
LAND, CA 94607
510) 302-1000
510) 465-7728
((510) 835-4913

NGSTAD/490800.1

RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST          12

Exhibit 7-214

1 **RESPONSE TO INTERROGATORY NO. 20.**

2      Plaintiffs incorporate their objections and response to Interrogatory No. 17.

3 **RESPONSE TO INTERROGATORY NO. 21.**

4      Plaintiffs incorporate their objections and response to Interrogatory Nos. 17 and

5 18, and further respond:

6      Responses to discovery in this case from propounding defendant, and defendants

7 World Airways and Hexcel Corporation;

8      Depositions of defendant's officers, directors and employees taken in the actions

9 identified in defendant's response to Dieden Interrogatory No. 36, served April 15, 2010;

10      Responses of defendant's, World Airways's and Hexcel Corporation's San

11 Francisco County Superior Court General Order 29 and 129 Plaintiffs' Interrogatories

12 and Alameda County Superior Court "Dieden" Interrogatories;

13      Records regarding the sale of Hexcel Corporation's asbestos-containing

14 honeycomb and adhesives to defendant McDonnell Douglas.

15      Discovery and investigation are continuing.

16 **RESPONSE TO INTERROGATORY NO. 22.**

17      Plaintiffs object that this interrogatory is overly broad, compound, and vague,

18 ambiguous and uncertain as to the phrases "MDC employees acting in their capacity as

19 designated engineering representatives for the FAA" and "were negligent by certifying

20 the design of any aircraft." Plaintiffs also object that this interrogatory seeks plaintiffs'

21 counsels' impressions, conclusions, opinions, research and theories in violation of the

22 attorney work-product doctrine and is premature and violative of C.C.P. § 2034.210 et

23 seq.

24 **RESPONSE TO INTERROGATORY NO. 23.**

25      Plaintiffs incorporate their objections to Interrogatory No. 22.

26 **RESPONSE TO INTERROGATORY NO. 24.**

27      Plaintiffs incorporate their objections to Interrogatory No. 22.

28 //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
71 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

SONGSTAD/490800.1

---

**RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST**    13

Exhibit 7-215

1  **RESPONSE TO INTERROGATORY NO. 25.**

2      Plaintiffs incorporate their objections to Interrogatory No. 22.

3  **RESPONSE TO INTERROGATORY NO. 26.**

4      Plaintiffs incorporate their objections to Interrogatory No. 22.

5  **RESPONSE TO INTERROGATORY NO. 27.**

6      Based upon a reasonable and good faith effort to obtain information pursuant to

7  C.C.P. §2030.220(c), plaintiffs respond:  No.

8  **RESPONSE TO INTERROGATORY NO. 28.**

9      Based upon a reasonable and good faith effort to obtain information pursuant to

10  C.C.P. §2030.220(c), plaintiffs respond:  No.

11  **RESPONSE TO INTERROGATORY NO. 29.**

12      Based upon a reasonable and good faith effort to obtain information pursuant to

13  C.C.P. §2030.220(c), plaintiffs respond:  Plaintiffs have alleged that Timothy Vest was

14  exposed to asbestos from other sources.  Defendants in this case have denied this.

15  Discovery and investigation continue.

16  **RESPONSE TO INTERROGATORY NO. 30.**

17      Based upon a reasonable and good faith effort to obtain information pursuant to

18  C.C.P. §2030.220(c), plaintiffs respond:  Plaintiffs have alleged that Timothy Vest was

19  exposed to asbestos from other sources.  Defendants in this case have denied this.

20  Discovery and investigation continue.

21  DATED:  May 12, 2010      KAZAN, McCLAIN, LYONS,

22      GREENWOOD & HARLEY
    A Professional Law Corporation

23

24      By _____

25  KAZAN, McCLAIN, LYONS,     Justin Bosl
    Attorneys for Plaintiffs

26  GREENWOOD &
HARLEY
A PROFESSIONAL

27  LAW CORPORATION
71 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607

28  (510) 302-1000
(510) 465-7728
FAX (510) 835-4913

SONGSTAD/490800.1

RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET
OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST     14

Exhibit 7-216

## PROOF OF SERVICE

Re:   **TIMOTHY VEST and CAROLINE VEST v. ALLIED PACKING & SUPPLY, et al.**
Alameda County Superior Court No. RG09489518

I declare that:

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 171 Twelfth Street, Third Floor, Oakland, California 94607. On **May 12, 2010**, I served the following document(s):

**RESPONSE TO DEFENDANT McDONNELL DOUGLAS CORPORATION'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS TIMOTHY AND CAROLINE VEST**

by transmitting a true copy via the following methods:

_____   (By Facsimile) By personally transmitting a true copy thereof via facsimile to

_____   (By PERSONAL SERVICE) By causing to be hand delivered via Modern Express Courier, tracking number_____ a true copy thereof to

_____   (By OVERNIGHT DELIVERY) By delivering to an authorized courier authorized by the express service to receive documents or depositing in a box or other facility regularly maintained by the express carrier a true copy thereof, on this date, and addressed to

__xx___   (By U.S. MAIL) I am readily familiar with this office's business practice for collection and processing of correspondence for mailing with the United States Postal Service. This document will be sealed with postage fully prepaid and will be deposited with the United States Postal Service this date in the ordinary course of business, in an envelope addressed to

**ALL COUNSEL**
**[See attached list]**

I declare under penalty of perjury that the foregoing is true and correct. Executed on **May 12, 2010** at Oakland, California.

_____
Chehie Songstad

\ZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
TWELFTH STREET
THIRD FLOOR
KLAND, CA 94607
510) 302-1000
510) 465-7728
X (510) 835-4913

NGSTAD\471606.1

1

Exhibit 7-217

SERVICE LIST    CASE: Vest, Timothy [NE 1430]    ACTION #: RG09489518    May 12, 2010 4:26 PM

BECHERER, KANNETT & SCHWEITZER    PH: (510) 658-3600
   1255 Powell Street, , Emeryville, CA 94608-2604    FAX: (510) 658-1151
   FOR: CYPRUS AMAX MINERALS CO/sii/pae/alt/eqt/CYPRUS MINES CORP; CYPRUS AMAX MINERALS
   CO/sii/pae/alt/eqt/SIERRA TALC & CHEMICAL COMPANY; CYPRUS AMAX MINERALS
   CO/sii/pae/alt/eqt/UNITED SIERRA DIVISION; CYPRUS AMAX MINERALS CO/sii/pae/et of PAUL W. WOOD
   COMPANY; CYPRUS AMAX MINERALS COMPANY

BERRY & BERRY    PH: (510) 835-8330
   P.O. Box 16070, Oakland, CA 94610    FAX: (510) 835-5117
   FOR: DESIGNATED DEFENSE COUNSEL

BRYAN CAVE LLP    PH: 415-675-3400
   2 Embarcadero Center, Suite 1410, San Francisco, CA 94111    FAX: 415-675-3434
   FOR: MCDONNELL DOUGLAS CORPORATION; WORLD AIRWAYS, INC.

BRYAN CAVE, LLP    PH: (310) 576-2100
   120 Broadway, Suite 300, Santa Monica, CA 90401-2305    FAX: (310) 576-2200
   FOR: MCDONNELL DOUGLAS CORPORATION; WORLD AIRWAYS, INC.

CHAPMAN & INTRIERI    PH: (510) 864-3600
   2236 Mariner Square Drive, Suite 300, Alameda, CA 94501-1019    FAX: (510) 864-3601
   FOR: DEXTER CORPORATION; HENKEL CORPORATIO sii/pae/et to HENKEL LOCTITE CORPORATION;
   HENKEL CORPORATION; HENKEL LOCTITE CORPORATION ; HENKEL LOCTITE CORPORATION
   sii/pae/et to THE DEXTER CORPORATION; LIFE TECH CORP by merger to INVITROGEN CORP sii/pae/et THE
   DEXTER CORP

COUNSEL UNKNOWN
   FOR: LIFE TECHNOLOGIES CORPORATION suc by merger to INVITROGEN CORPORATION;
   MCDERMOTT/SEALY, INC.

DeHAY & ELLISTON, LLP    PH: 510-285-0750
   1300 CLAY STREET, SUITE 840, Oakland, CA 94612    FAX: 510-285-0740
   FOR: KAISER GYPSUM COMPANY, INC.

DONGELL LAWRENCE FINNEY LLP    PH: 213-943-6100
   707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609    FAX: 213-943-6101
   FOR: GEORGE E. MASKER, INC.

FOLEY & MANSFIELD    PH: 510-590-9500
   1111 Broadway, 10th Floor, Oakland, CA 94607    FAX: 510-590-9595
   FOR: KELLY-MOORE PAINT COMPANY, INC.; RAYMOND INTERIOR SYSTEMS - NORTH; RAYMOND
   INTERIOR SYSTEMS - NORTH sii/pae/eqt to JAMES L. WHITTAKER

GLASPY & GLASPY    PH: (925) 947-1300
   One Walnut Creek Center, 100 Pringle Ave Ste 750, Walnut Creek, CA 94596    FAX: (925) 947-1594
   FOR: GARLOCK SEALING TECHNOLOGIES LLC

HERR & ZAPALA    PH: (408) 287-7788
   152 North 3rd Street, Suite 500, San Jose, CA 95112    FAX: (408) 927-0408
   FOR: ALLIED PACKING AND SUPPLY

McKENNA, LONG & ALDRIDGE    PH: (415) 267-4000
   101 California Street, 41st Floor, San Francisco, CA 94111    FAX: (415) 267-4198
   FOR: HEXCEL CORPORATION

McKENNA, LONG & ALDRIDGE LLP    PH: 213-688-1000
   300 S. Grand Avenue, 14th Floor, Los Angeles, CA 90071    FAX: 213-243-6330
   FOR: HEXCEL CORPORATION

PERKINS COIE LLP    PH: (415) 344-7000
   Four Embarcadero Center, Suite 2400, San Francisco, CA 94111    FAX: (415) 344-7288
   FOR: GEORGIA PACIFIC LLC fka GEORGIA PACIFIC CORPORATION

Exhibit 7-218

SERVICE LIST    CASE: Vest, Timothy [NE 1430]      ACTION #: RG09489518      May 12, 2010  4:26 PM
Page Two

SEDGWICK, DETERT, MORAN & ARNOLD          PH: (415) 781-7900
   One Market Plaza, Steuart Tower, 8th Floor, San Francisco, CA  94105    FAX: (415) 781-2635
   FOR: PARKER HANNIFIN;   PARKER HANNIFIN sii/pae/et of CLEVELAND WHEELS AND BRAKES

SELMAN & BREITMAN          PH: (415) 979-0400
   33 New Montgomery Street, Sixth Floor, San Francisco, CA  94105    FAX: (415) 979-2099
   FOR: KENTILE FLOORS, INC.

STEPTOE & JOHNSON          PH: (213) 439-9400
   633 West Fifth Street, Suite 700, Los Angeles, CA  90071    FAX: (213) 439-9599
   FOR: METROPOLITAN LIFE INSURANCE COMPANY

THE MAU LAW FIRM          PH: 415-495-8082
   950 Harrison Street, Suite 213, San Francisco, CA  94107    FAX: 415-495-8084
   FOR: GEORGE E. MASKER, INC.

WALSWORTH, FRANKLIN, BEVINS & McCALL          PH: (415) 781-7072
   601 Montgomery Street, 9th Floor, San Francisco, CA  94111    FAX: (415) 391-6258
   FOR: HAMILTON MATERIALS, INC.

WALSWORTH, FRANKLIN, BEVINS & McCALL - DOWMAN          PH: (415) 781-7072
   601 Montgomery Street, 9th Floor, San Francisco, CA  94111    FAX: (415) 391-6258
   FOR: DOWMAN PRODUCTS, INC.

WILLIAMS KASTNER          PH: 206-628-6621
   Two Union Square, 601 Union Street, Suite 4100, Seattle, WA  98101    FAX: 206-628-6611
   FOR: PARKER HANNIFIN;   PARKER HANNIFIN sii/pae/et of CLEVELAND WHEELS AND BRAKES

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER          PH: (415) 433-0990
   525 Market Street, 17th Floor, San Francisco, CA  94105-2722    FAX: (415) 434-1370
   FOR: F.P. LATHROP CORPORATION;  LATHROP CONSTRUCTION ASSOCIATES, INC.;  LATHROP
ONSTRUCTION ASSOC, INC. sii/pae/et F.P. LATHROP CONSTRUCTION

End of Service List

Exhibit 7-219

*Timothy Vest and Caroline Vest v. Allied Packing & Supply, Inc., et al.*

U.S.D.C., Northern District of California Case No. C-11-00061 LB

# Exhibit 8

Last day to file mtc 7/21

1 **BRYAN CAVE LLP**
Robert E. Boone III, California Bar No. 132780
2 James C. Pettis, California Bar No. 223953
M. Angela Buenaventura, California Bar No. 264130
3 120 Broadway, Suite 300
Santa Monica, California 90401-2386
4 Telephone:  (310) 576-2100
Facsimile:  (310) 576-2200
5
6 Attorneys For Defendant
MCDONNELL DOUGLAS CORPORATION
7

RECEIVED
COURIER 11/16
JUN 7 2010
DAA S ??? / ??? tc
KAZAN, McCLAIN, LYONS
GREENWOOD & HARLEY
Records
cc: Me

8 **SUPERIOR COURT OF THE STATE CALIFORNIA**

9 **FOR THE COUNTY OF ALAMEDA**

10

| | |
|---|---|
| 11 TIMOTHY VEST and CAROLINE VEST, | Case No. RG09489518 |
| 12 Plaintiff, | Assigned for all pre-trial purposes to the Hon. Kenneth Mark Burr |
| 13 vs. | **DEFENDANT MCDONNELL DOUGLAS CORPORATION RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE** |
| 14 ALLIED PACKING AND SUPPLY, et al., | |
| 15 Defendants. | |
| 16 | |
| 17 | Complaint Filed:   December 17, 2009<br>Trial Date:          None set |

18
19
20
21
22
23
24
25
26
27
28

SM01DOCS784724.4

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-220

| 1 | PROPOUNDING PARTY: | TIMOTHY VEST |
| 2 | RESPONDING PARTY: | MCDONNELL DOUGLAS CORPORATION |
| 3 | SET NUMBER: | ONE |

### PRELIMINARY STATEMENT

This response is made solely for the purpose of this action. McDonnell Douglas Corporation ("MDC") has not yet completed investigation of the facts relating to this action, and has not completed preparation for trial nor its associated discovery. As discovery proceeds, MDC may identify individuals who have knowledge concerning the subject matter of this action, or who participated in some capacity in events underlying (or related to) this action, and/or MDC may discover facts, information, evidence, documents, and things which are not set forth in this response but which may be responsive. The following response is based on MDC's present knowledge, information and belief and is complete as to MDC's best knowledge at this time. Furthermore, MDC has prepared this response based on its good faith interpretation and understanding of the individual interrogatory, but MDC reserves its right to correct any inadvertent errors or omissions. MDC also reserves the right to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents, and things in this response. In addition, MDC reserves the right to revise and further supplement this response based upon any information, evidence and documentation which may be discovered subsequent to the service of this response as appropriate. Additionally, except for the facts that are explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from this response.

To the extent that any interrogatory seeks information which is protected by the attorney-client privilege and/or attorney work product doctrine, MDC will not respond. Such information includes, but is not limited to:

a.  All information concerning correspondence or other communications between counsel for MDC or any of its agents or employees and MDC or any of its agents or employees regarding this action;

SM01DOCS784724.4

*/*

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-221

b.    All information stemming from or related to the creation of documents for use in this litigation including notes, memoranda, draft pleadings, and correspondence prepared by, at the discretion of, or for review by counsel for MDC; and

c.    All information relating to activities engaged in at the direction of MDC counsel or communicated to counsel in connection with threatened litigation.

## GENERAL OBJECTIONS

MDC makes the following objections to each interrogatory. These objections shall be deemed incorporated into each of MDC responses.

1.    MDC objects to each interrogatory to the extent that it seeks information which is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2.    MDC objects to each interrogatory to the extent that it attempts to impose a duty on MDC to respond with information not in its possession, custody, or control.

3.    MDC objects to each interrogatory to the extent that it attempts to impose a duty on MDC to respond with information which is available from other individuals or entities, and to the extent that it seeks information that is otherwise available to the public and/or to Plaintiffs.

4.    MDC objects to each interrogatory to the extent that it calls for the production of trade secrets or commercially sensitive, confidential or proprietary information. MDC will only respond with such information (if otherwise discoverable and non-objectionable) subject to a protective order.

5.    MDC objects to each interrogatory to the extent that it calls for the production of privileged information, including information protected by the attorney-client privilege, information containing attorney work product, or information prepared in anticipation of litigation or for trial.

6.    MDC objects to each interrogatory to the extent that it is unintelligible, unreasonably vague, ambiguous, overbroad, unduly burdensome and oppressive, and requests information which is neither relevant nor reasonably calculated to lead to the discovery of

1  admissible evidence, insofar as it seeks, among other things, information without any reasonable

2  identification of each particular product or premises allegedly involved or any evidence of

3  exposure by Mr. Vest to a particular product. More specifically, MDC objects to each

4  interrogatory to the extent that it is overbroad and unduly burdensome, and requests information

5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insofar

6  as it seeks, among other things, information regarding (1) any product or component which MDC

7  did not design, manufacture or assemble; and/or (2) any premises not owned by MDC.

8      7.    MDC incorporates each and every General Objection into each and every response

9  to Plaintiffs' interrogatories even though the General Objections are not specifically set forth in a

10  response.

## RESPONSE TO INTERROGATORIES

12  **INTERROGATORY NO. 1**

13      IDENTIFY each individual who provided information for the preparation of

14  DEFENDANT's responses to this set of interrogatories.

15      "IDENTIFY" shall mean to state the full name, current or last known address, and

16  telephone number, and if individual is or was an employee of DEFENDANT, all job titles, of the

17  named individual(s) or entity(ies).

18      "DEFENDANT" shall refer to defendant, McDonnell Douglas Corporation, and to its

19  attorneys, agents, employees, officers, parent entities, predecessors, subsidiaries, divisions, and

20  contract units.

21  **RESPONSE TO INTERROGATORY NO. 1**

22      Subject to and without waiving its General Objections, which are incorporated by

23  reference as though fully set forth herein, MDC responds as follows:

24      Robert E. Boone III, James C. Pettis, and M. Angela Buenaventura of Bryan Cave LLP,

25  120 Broadway, Suite 300, Santa Monica, California 90401, (310) 576-2100; Daniel H. Marcotte,

26  Senior Manager, Systems, The Boeing Company, Long Beach, California. Daniel H. Marcotte,

27  may be contacted through MDC's counsel, Robert E. Boone III, James C. Pettis, or M. Angela

28  Buenaventura of Bryan Cave LLP.

SM01DOCS784724.4

3

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-223

**INTERROGATORY NO. 2**

IDENTIFY each individual who was consulted in the course of the preparation of DEFENDANT's responses to these interrogatories, whether or not they provided information.

**RESPONSE TO INTERROGATORY NO. 2**

MDC incorporates by reference its Preliminary Statement and General Objections as though set forth in full herein.

MDC further objects to this interrogatory on the grounds that it seeks premature expert witness discovery, including discovery of expert opinions and documents, in violation of Code of Civil Procedure Section 2034.010 *et seq.*

MDC further objects to this interrogatory to the extent that it seeks information which is protected by the work product doctrine.

**INTERROGATORY NO. 3**

Describe fully all INVESTIGATIONS undertaken by DEFENDANT to obtain the information sought in these interrogatories.

"INVESTIGATIONS" shall refer to all research, interviews, communications and other efforts to obtain information.

**RESPONSE TO INTERROGATORY NO. 3**

MDC incorporates by reference its Preliminary Statement and General Objections as though set forth in full herein.

MDC also objects that the term "INVESTIGATIONS," as defined, is vague, ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates California Civil Procedure Code section 2030.030(a).

MDC further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive, and compound, and seeks information that is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence insofar as the interrogatory seeks information for a period of time spanning several years about unknown and insufficiently identified "products" without any pertinent connection to Mr. Vest's alleged asbestos exposure, and Plaintiffs' have not proffered any competent evidence

SM01DOCS784724.4

4

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-224

1  demonstrating that Mr. Vest in fact breathed airborne asbestos fibers from any product or
2  component manufactured or supplied by MDC. The burden and expense of attempting to respond
3  to this interrogatory outweighs the likely benefit, if any, of any information which might be
4  responsive. In addition, MDC objects on the ground that the interrogatory is premature in that
5  MDC has not completed its investigation and/or discovery of facts relating to this action.

6      MDC further objects to this interrogatory on the grounds that it seeks premature expert
7  witness discovery, including discovery of expert opinions and documents, in violation of Code of
8  Civil Procedure Section 2034.010 *et seq.*

9      MDC further objects to this interrogatory to the extent that it seeks information which is
10 protected by the work product doctrine.

11 **INTERROGATORY NO. 4**

12     Set forth DEFENDANT's RECORD RETENTION POLICIES.

13     "RECORD RETENTION POLICY(IES)" shall refer to any policy, formal or informal,
14 pursuant to which defendant's DOCUMENTS are maintained or destroyed, including the legal and
15 financial basis for deciding how long to retain documents, the period of time required and what
16 categories of documents are subject to defendant's document retention policy.

17     "DOCUMENTS" shall mean all writings, as defined in California Evidence Code § 250,
18 including without limitation: all originals and all duplicates of handwriting, typewriting, printing,
19 photostats, photographs, electronic data on any of DEFENDANT's computers, facsimile, e-mail,
20 and every other means of recording upon any tangible thing or other form of communication or
21 representation.

22 **RESPONSE TO INTERROGATORY NO. 4**

23     MDC incorporates by reference its Preliminary Statement and General Objections as
24 though set forth in full herein.

25     MDC also objects that the term "RECORD RETENTION POLICIES," as defined, is
26 vague, ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore
27 violates California Civil Procedure Code section 2030.030(a).

28     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

SM01DOCS784724.4

*5*

1  burdensome and oppressive, information that is neither relevant to the subject matter of the lawsuit

2  nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs have

3  not proffered any competent evidence demonstrating that Mr. Vest in fact breathed airborne

4  asbestos fibers from any product or component manufactured or supplied by MDC. The burden

5  and expense of attempting to respond to this interrogatory outweighs the likely benefit, if any, of

6  any information which might be responsive.

7  **INTERROGATORY NO. 5**

8  Provide the serial number of each aircraft DEFENDANT sold to Emery Worldwide

9  Airlines prior to 2002.

10  **RESPONSE TO INTERROGATORY NO. 5**

11  MDC incorporates by reference its Preliminary Statement and General Objections as

12  though set forth in full herein.

13  MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

14  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

15  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

16  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

17  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

18  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

19  any, of any information which might be responsive.

20  **INTERROGATORY NO. 6**

21  State the year of manufacture of each aircraft DEFENDANT sold to Emery Worldwide

22  Airlines prior to 2002.

23  **RESPONSE TO INTERROGATORY NO. 6**

24  MDC incorporates by reference its Preliminary Statement and General Objections as

25  though set forth in full herein.

26  MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

27  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

28  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

1  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

2  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

3  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

4  any, of any information which might be responsive.

5  **INTERROGATORY NO. 7**

6        Provide the serial number of each aircraft DEFENDANT sold to World Airways prior to

7  1986.

8  **RESPONSE TO INTERROGATORY NO. 7**

9        MDC incorporates by reference its Preliminary Statement and General Objections as

10  though set forth in full herein.

11        MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

12  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

13  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

14  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

15  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

16  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

17  any, of any information which might be responsive.

18  **INTERROGATORY NO. 8**

19        State the year of manufacture of each aircraft DEFENDANT supplied to World Airways

20  prior to 1986.

21  **RESPONSE TO INTERROGATORY NO. 8**

22        MDC incorporates by reference its Preliminary Statement and General Objections as

23  though set forth in full herein.

24        MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

25  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

26  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

27  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

28  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

1  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

2  any, of any information which might be responsive.

3  **INTERROGATORY NO. 9**

4       Did any of the DC-8 aircraft DEFENDANT manufactured at any time contain any

5  ASBESTOS-CONTAINING PRODUCTS?

6       "ASBESTOS-CONTAINING PRODUCTS" shall refer to, without limitation, any and all

7  products that contain any asbestos dust, fiber or vermiculite, including but not limited to turbine

8  engines and/or jet engines, power plants, adhesives, epoxies, acoustical materials, roofing

9  materials, floor beams, flooring materials, electrical wiring and cables, electrical switches, brake

10  insulation, brake assemblies, brake lining, brake shoes, brake pads, loop clamps, wire harnesses,

11  high temperature wires, aircraft wires, seals and sealants, ducts, thermocouples, thermometers,

12  sound liners and other sound absorbent materials, seat cushions, flotation devises, vacuum pumps,

13  cargo winches, braided packing, asbestos strut pads, cubic and wire covers, linkage housing, door

14  blockers, shrouds, fan sleeves, shims, coupling flanges, retaining straps, fan casings, rubbing

15  strips, air pumps, air seals, overheating deterrents, piping insulation, seal elements, bushing, flange

16  bushing, phenolic resin and asbestos bushing, assemblies, insulation strips, sight glass,

17  compressed sheet rub strips, compressed sheet washers, compressed sheet seals, firezone type

18  wires, firezone insulation wires, lift sensors, oxygen sensors, asbestos and wire insulated tadpole

19  seals, forward and back fireseals, tube grommets, heat shields, teflon tape, asbestos tape, air

20  clutches, electrobestos spacers and insulators, plugs, firewall sheets, impregnated cloths, packing,

21  actuators, cargo doors, sighting doors, sound panels, fuel manifolds, pneumatic duct insulation,

22  pneumatic bracket insulation, guide brackets, pneumatic augmentation devices, pneumatic ice

23  protection devices, gaskets, tape, liner, seal, coated 0-ring seals, rubber 0-rings, shims, bumper

24  strips, rubbing strips, rubbing pads, wear strips, tubing, etched tubing, film for end caps, and paper

25  teflon asbestos parts.

26  **RESPONSE TO INTERROGATORY NO. 9**

27       MDC incorporates by reference its Preliminary Statement and General Objections as

28  though set forth in full herein.

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-228

1    MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

2  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

3  burdensome and oppressive, and requests information that is neither relevant nor reasonably

4  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

5  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

6  complex specifications and designs, and comprise a multitude of component parts and systems

7  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

8  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

9  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

10  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

11  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

12  be at issue was approved the United States Government and sold to its customers (e.g.,

13  Government, airlines, couriers), who may have performed maintenance and modifications to the

14  aircraft, possibly including the installation of parts or systems containing some quantity of

15  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

16  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

17  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

18  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

19  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

20  no information or knowledge that, and there is no evidence whatsoever that, any such type

21  components around which Mr. Vest may have worked were originally installed on any MDC

22  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

23  modifications, alterations, maintenance, repairs and/or replacement of such original components

24  would have been performed by persons and/or entities other than MDC.

25    MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

26  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

27  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

28  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

SM01DOCS784724.4

9

1 Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

2 supplied by MDC. The burden and expense of attempting to respond to this interrogatory

3 outweighs the likely benefit, if any, of any information which might be responsive. In addition,

4 MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

5 investigation and/or discovery of facts relating to this action.

6 **INTERROGATORY NO. 10**

7     NAME all ASBESTOS-CONTAINING PRODUCTS included in the DC-8 aircraft

8 DEFENDANT manufactured at any time.

9     "NAME" shall mean to identify the product(s), by trade name, brand name, serial number,

10 model, and any other designation by which the product is known.

11 **RESPONSE TO INTERROGATORY NO. 10**

12     MDC incorporates by reference its Preliminary Statement and General Objections as

13 though set forth in full herein.

14     MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

15 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

16 burdensome and oppressive, and requests information that is neither relevant nor reasonably

17 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

18 objectionable. The aircraft that may be at-issue in the present litigation contain extremely

19 complex specifications and designs, and comprise a multitude of component parts and systems

20 provided by numerous independent manufacturers and subcontractors. Accordingly, any such

21 aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

22 Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

23 all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

24 have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

25 be at issue was approved the United States Government and sold to its customers (*e.g.*,

26 Government, airlines, couriers), who may have performed maintenance and modifications to the

27 aircraft, possibly including the installation of parts or systems containing some quantity of

28 asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

SM01DOCS784724.4

10

Exhibit 8-230

1 overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

2 an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

3 In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

4 maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

5 no information or knowledge that, and there is no evidence whatsoever that, any such type

6 components around which Mr. Vest may have worked were originally installed on any MDC

7 aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

8 modifications, alterations, maintenance, repairs and/or replacement of such original components

9 would have been performed by persons and/or entities other than MDC.

10   MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

11 burdensome, oppressive, and compound, and seeks information that is neither relevant to the

12 subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

13 evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

14 Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

15 supplied by MDC. The burden and expense of attempting to respond to this interrogatory

16 outweighs the likely benefit, if any, of any information which might be responsive. In addition,

17 MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

18 investigation and/or discovery of facts relating to this action.

19 **INTERROGATORY NO. 11**

20   IDENTIFY all SOURCES of the ASBESTOS-CONTAINING PRODUCTS included in

21 the DC-8 aircraft DEFENDANT manufactured at any time.

22   "SOURCE(S)" shall refer to and include but not be limited to manufacturers, distributors,

23 wholesalers, resellers, jobbers, brokers, agents or other entities.

24 **RESPONSE TO INTERROGATORY NO. 11**

25   MDC incorporates by reference its Preliminary Statement and General Objections as

26 though set forth in full herein.

27   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

28 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

SM01DOCS784724.4

11

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-231

1   burdensome and oppressive, and requests information that is neither relevant nor reasonably

2   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

3   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

4   complex specifications and designs, and comprise a multitude of component parts and systems

5   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

6   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

7   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

8   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

9   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

10   be at issue was approved the United States Government and sold to its customers (*e.g.*,

11   Government, airlines, couriers), who may have performed maintenance and modifications to the

12   aircraft, possibly including the installation of parts or systems containing some quantity of

13   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

14   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

15   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

16   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

17   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

18   no information or knowledge that, and there is no evidence whatsoever that, any such type

19   components around which Mr. Vest may have worked were originally installed on any MDC

20   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

21   modifications, alterations, maintenance, repairs and/or replacement of such original components

22   would have been performed by persons and/or entities other than MDC.

23       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

24   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

25   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

26   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

27   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

28   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

SM01DOCS784724.4

12

1   outweighs the likely benefit, if any, of any information which might be responsive.  In addition,

2   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

3   investigation and/or discovery of facts relating to this action.

4   **INTERROGATORY NO. 12**

5       IDENTIFY all individuals with information regarding ASBESTOS-CONTAINING

6   PRODUCTS included in the DC-8 aircraft DEFENDANT manufactured at any time.

7   **RESPONSE TO INTERROGATORY NO. 12**

8       MDC incorporates by reference its Preliminary Statement and General Objections as

9   though set forth in full herein.

10       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

11   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

12   burdensome and oppressive, and requests information that is neither relevant nor reasonably

13   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

14   objectionable.  The aircraft that may be at-issue in the present litigation contain extremely

15   complex specifications and designs, and comprise a multitude of component parts and systems

16   provided by numerous independent manufacturers and subcontractors.  Accordingly, any such

17   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

18   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

19   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

20   have contained some asbestos fibers in any form.  Furthermore, the design of any aircraft that may

21   be at issue was approved the United States Government and sold to its customers (*e.g.*,

22   Government, airlines, couriers), who may have performed maintenance and modifications to the

23   aircraft, possibly including the installation of parts or systems containing some quantity of

24   asbestos.  Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

25   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

26   an aircraft manufacturer.  MDC does not consider airplanes to be "asbestos-containing products."

27   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

28   maintenance work on any specific component of any MDC aircraft.  MDC further notes that it has

1    no information or knowledge that, and there is no evidence whatsoever that, any such type

2    components around which Mr. Vest may have worked were originally installed on any MDC

3    aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

4    modifications, alterations, maintenance, repairs and/or replacement of such original components

5    would have been performed by persons and/or entities other than MDC.

6       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

7    burdensome, oppressive, and compound, and seeks information that is neither relevant to the

8    subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

9    evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

10    Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

11    supplied by MDC. The burden and expense of attempting to respond to this interrogatory

12    outweighs the likely benefit, if any, of any information which might be responsive. In addition,

13    MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

14    investigation and/or discovery of facts relating to this action.

15       MDC further objects to this interrogatory on the grounds that it seeks premature expert

16    witness discovery, including discovery of expert opinions and documents, in violation of Code of

17    Civil Procedure Section 2034.010 *et seq.*

18       MDC further objects to this interrogatory to the extent that it seeks information which is

19    protected by the work product doctrine.

20    **INTERROGATORY NO. 13**

21       DESCRIBE all DOCUMENTS with information regarding ASBESTOS-CONTAINING

22    PRODUCTS included in the DC-8 aircraft DEFENDANT manufactured at any time.

23       "DESCRIBE" shall mean to state the date, type (i.e. invoice, bid, correspondence, etc.),

24    author(s), present location and custodian of all responsive DOCUMENTS, whether or not a claim

25    of any privilege as to the contents of any DOCUMENT is or will be made.

26    **RESPONSE TO INTERROGATORY NO. 13**

27       MDC incorporates by reference its Preliminary Statement and General Objections as

28    though set forth in full herein.

1    MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

2    PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

3    burdensome and oppressive, and requests information that is neither relevant nor reasonably

4    calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

5    objectionable. The aircraft that may be at-issue in the present litigation contain extremely

6    complex specifications and designs, and comprise a multitude of component parts and systems

7    provided by numerous independent manufacturers and subcontractors. Accordingly, any such

8    aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

9    Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

10   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

11   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

12   be at issue was approved the United States Government and sold to its customers (e.g.,

13   Government, airlines, couriers), who may have performed maintenance and modifications to the

14   aircraft, possibly including the installation of parts or systems containing some quantity of

15   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

16   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

17   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

18   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

19   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

20   no information or knowledge that, and there is no evidence whatsoever that, any such type

21   components around which Mr. Vest may have worked were originally installed on any MDC

22   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

23   modifications, alterations, maintenance, repairs and/or replacement of such original components

24   would have been performed by persons and/or entities other than MDC.

25        MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

26   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

27   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

28   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

1   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

2   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

3   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

4   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

5   investigation and/or discovery of facts relating to this action.

6        MDC further objects to this interrogatory on the grounds that it seeks premature expert

7   witness discovery, including discovery of expert opinions and documents, in violation of Code of

8   Civil Procedure Section 2034.010 *et seq.*

9        MDC further objects to this interrogatory to the extent that it seeks information which is

10  protected by the work product doctrine.

11  **INTERROGATORY NO. 14**

12       Did DEFENDANT supply ASBESTOS-CONTAINING PRODUCTS to Emery

13  Worldwide Airways at any time prior to 2002?

14  **RESPONSE TO INTERROGATORY NO. 14**

15       MDC incorporates by reference its Preliminary Statement and General Objections as

16  though set forth in full herein.

17       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

18  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

19  burdensome and oppressive, and requests information that is neither relevant nor reasonably

20  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

21  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

22  complex specifications and designs, and comprise a multitude of component parts and systems

23  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

24  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

25  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

26  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

27  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

28  be at issue was approved the United States Government and sold to its customers (*e.g.,*

SM01DOCS784724.4

16

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-236

1  Government, airlines, couriers), who may have performed maintenance and modifications to the

2  aircraft, possibly including the installation of parts or systems containing some quantity of

3  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

4  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

5  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

6  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

7  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

8  no information or knowledge that, and there is no evidence whatsoever that, any such type

9  components around which Mr. Vest may have worked were originally installed on any MDC

10  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

11  modifications, alterations, maintenance, repairs and/or replacement of such original components

12  would have been performed by persons and/or entities other than MDC.

13       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

14  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

15  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

16  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

17  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

18  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

19  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

20  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

21  investigation and/or discovery of facts relating to this action.

22  **INTERROGATORY NO. 15**

23       State all years, prior to 2002, in which DEFENDANT supplied ASBESTOS-

24  CONTAINING PRODUCTS to Emery Worldwide Airways.

25  **RESPONSE TO INTERROGATORY NO. 15**

26       MDC incorporates by reference its Preliminary Statement and General Objections as

27  though set forth in full herein.

28       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

1  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

2  burdensome and oppressive, and requests information that is neither relevant nor reasonably

3  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

4  objectionable.  The aircraft that may be at-issue in the present litigation contain extremely

5  complex specifications and designs, and comprise a multitude of component parts and systems

6  provided by numerous independent manufacturers and subcontractors.  Accordingly, any such

7  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

8  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

9  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

10  have contained some asbestos fibers in any form.  Furthermore, the design of any aircraft that may

11  be at issue was approved the United States Government and sold to its customers (*e.g.*,

12  Government, airlines, couriers), who may have performed maintenance and modifications to the

13  aircraft, possibly including the installation of parts or systems containing some quantity of

14  asbestos.  Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

15  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

16  an aircraft manufacturer.  MDC does not consider airplanes to be "asbestos-containing products."

17  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

18  maintenance work on any specific component of any MDC aircraft.  MDC further notes that it has

19  no information or knowledge that, and there is no evidence whatsoever that, any such type

20  components around which Mr. Vest may have worked were originally installed on any MDC

21  aircraft at the time the aircraft was delivered.  After delivery of the aircraft to its customer, any

22  modifications, alterations, maintenance, repairs and/or replacement of such original components

23  would have been performed by persons and/or entities other than MDC.

24  MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

25  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

26  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

27  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

28  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

SM01DOCS784724.4

18

1    supplied by MDC. The burden and expense of attempting to respond to this interrogatory

2    outweighs the likely benefit, if any, of any information which might be responsive. In addition,

3    MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

4    investigation and/or discovery of facts relating to this action.

5    **INTERROGATORY NO. 16**

6         NAME all ASBESTOS-CONTAINING PRODUCTS DEFENDANT supplied to Emery

7    Worldwide Airways prior to 2002.

8    **RESPONSE TO INTERROGATORY NO. 16**

9         MDC incorporates by reference its Preliminary Statement and General Objections as

10   though set forth in full herein.

11        MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

12   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

13   burdensome and oppressive, and requests information that is neither relevant nor reasonably

14   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

15   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

16   complex specifications and designs, and comprise a multitude of component parts and systems

17   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

18   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

19   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

20   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

21   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

22   be at issue was approved the United States Government and sold to its customers (*e.g.*,

23   Government, airlines, couriers), who may have performed maintenance and modifications to the

24   aircraft, possibly including the installation of parts or systems containing some quantity of

25   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

26   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

27   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

28   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

1    maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

2    no information or knowledge that, and there is no evidence whatsoever that, any such type

3    components around which Mr. Vest may have worked were originally installed on any MDC

4    aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

5    modifications, alterations, maintenance, repairs and/or replacement of such original components

6    would have been performed by persons and/or entities other than MDC.

7         MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

8    burdensome, oppressive, and compound, and seeks information that is neither relevant to the

9    subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

10   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

11   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

12   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

13   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

14   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

15   investigation and/or discovery of facts relating to this action.

16   **INTERROGATORY NO. 17**

17        IDENTIFY all individuals with knowledge regarding DEFENDANT's supply of

18   ASBESTOS-CONTAINING PRODUCTS to Emery Worldwide Airways prior to 2002.

19   **RESPONSE TO INTERROGATORY NO. 17**

20        MDC incorporates by reference its Preliminary Statement and General Objections as

21   though set forth in full herein.

22        MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

23   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

24   burdensome and oppressive, and requests information that is neither relevant nor reasonably

25   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

26   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

27   complex specifications and designs, and comprise a multitude of component parts and systems

28   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

1   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

2   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

3   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

4   have contained some asbestos fibers in any form.  Furthermore, the design of any aircraft that may

5   be at issue was approved the United States Government and sold to its customers (*e.g.*,

6   Government, airlines, couriers), who may have performed maintenance and modifications to the

7   aircraft, possibly including the installation of parts or systems containing some quantity of

8   asbestos.  Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

9   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

10  an aircraft manufacturer.  MDC does not consider airplanes to be "asbestos-containing products."

11  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

12  maintenance work on any specific component of any MDC aircraft.  MDC further notes that it has

13  no information or knowledge that, and there is no evidence whatsoever that, any such type

14  components around which Mr. Vest may have worked were originally installed on any MDC

15  aircraft at the time the aircraft was delivered.  After delivery of the aircraft to its customer, any

16  modifications, alterations, maintenance, repairs and/or replacement of such original components

17  would have been performed by persons and/or entities other than MDC.

18      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

19  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

20  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

21  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

22  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

23  supplied by MDC.  The burden and expense of attempting to respond to this interrogatory

24  outweighs the likely benefit, if any, of any information which might be responsive.  In addition,

25  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

26  investigation and/or discovery of facts relating to this action.

27      MDC further objects to this interrogatory on the grounds that it seeks premature expert

28  witness discovery, including discovery of expert opinions and documents, in violation of Code of

1   Civil Procedure Section 2034.010 *et seq.*

2   MDC further objects to this interrogatory to the extent that it seeks information which is

3   protected by the work product doctrine.

4   **INTERROGATORY NO. 18**

5   DESCRIBE all DOCUMENTS with information regarding DEFENDANT's supply of

6   ASBESTOS-CONTAINING PRODUCTS to Emery Worldwide Airways prior to 2002.

7   **RESPONSE TO INTERROGATORY NO. 18**

8   MDC incorporates by reference its Preliminary Statement and General Objections as

9   though set forth in full herein.

10   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

11   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

12   burdensome and oppressive, and requests information that is neither relevant nor reasonably

13   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

14   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

15   complex specifications and designs, and comprise a multitude of component parts and systems

16   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

17   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

18   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

19   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

20   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

21   be at issue was approved the United States Government and sold to its customers (*e.g.*,

22   Government, airlines, couriers), who may have performed maintenance and modifications to the

23   aircraft, possibly including the installation of parts or systems containing some quantity of

24   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

25   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

26   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

27   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

28   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

SM01DOCS784724.4

**22**

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-242

1  no information or knowledge that, and there is no evidence whatsoever that, any such type

2  components around which Mr. Vest may have worked were originally installed on any MDC

3  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

4  modifications, alterations, maintenance, repairs and/or replacement of such original components

5  would have been performed by persons and/or entities other than MDC.

6     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

7  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

8  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

9  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

10 Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

11 supplied by MDC. The burden and expense of attempting to respond to this interrogatory

12 outweighs the likely benefit, if any, of any information which might be responsive. In addition,

13 MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

14 investigation and/or discovery of facts relating to this action.

15    MDC further objects to this interrogatory on the grounds that it seeks premature expert

16 witness discovery, including discovery of expert opinions and documents, in violation of Code of

17 Civil Procedure Section 2034.010 *et seq.*

18    MDC further objects to this interrogatory to the extent that it seeks information which is

19 protected by the work product doctrine.

20 **INTERROGATORY NO. 19**

21    Did DEFENDANT supply ASBESTOS-CONTAINING PRODUCTS to World Airways at

22 any time prior to 1986?

23 **RESPONSE TO INTERROGATORY NO. 19**

24    MDC incorporates by reference its Preliminary Statement and General Objections as

25 though set forth in full herein.

26    MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

27 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

28 burdensome and oppressive, and requests information that is neither relevant nor reasonably

1  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

2  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

3  complex specifications and designs, and comprise a multitude of component parts and systems

4  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

5  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

6  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

7  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

8  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

9  be at issue was approved the United States Government and sold to its customers (*e.g.*,

10  Government, airlines, couriers), who may have performed maintenance and modifications to the

11  aircraft, possibly including the installation of parts or systems containing some quantity of

12  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

13  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

14  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

15  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

16  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

17  no information or knowledge that, and there is no evidence whatsoever that, any such type

18  components around which Mr. Vest may have worked were originally installed on any MDC

19  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

20  modifications, alterations, maintenance, repairs and/or replacement of such original components

21  would have been performed by persons and/or entities other than MDC.

22  　　　　MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

23  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

24  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

25  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

26  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

27  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

28  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

1  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

2  investigation and/or discovery of facts relating to this action.

3  **INTERROGATORY NO. 20**

4      State all years, prior to 1986, in which DEFENDANT supplied ASBESTOS-

5  CONTAINING PRODUCTS to World Airways.

6  **RESPONSE TO INTERROGATORY NO. 20**

7      MDC incorporates by reference its Preliminary Statement and General Objections as

8  though set forth in full herein.

9      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

10  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

11  burdensome and oppressive, and requests information that is neither relevant nor reasonably

12  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

13  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

14  complex specifications and designs, and comprise a multitude of component parts and systems

15  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

16  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

17  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

18  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

19  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

20  be at issue was approved the United States Government and sold to its customers (*e.g.*,

21  Government, airlines, couriers), who may have performed maintenance and modifications to the

22  aircraft, possibly including the installation of parts or systems containing some quantity of

23  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

24  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

25  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

26  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

27  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

28  no information or knowledge that, and there is no evidence whatsoever that, any such type

1  components around which Mr. Vest may have worked were originally installed on any MDC

2  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

3  modifications, alterations, maintenance, repairs and/or replacement of such original components

4  would have been performed by persons and/or entities other than MDC.

5      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

6  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

7  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

8  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

9  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

10  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

11  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

12  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

13  investigation and/or discovery of facts relating to this action.

14  **INTERROGATORY NO. 21**

15      NAME all ASBESTOS-CONTAINING PRODUCTS DEFENDANT supplied to World

16  Airways prior to 1986.

17  **RESPONSE TO INTERROGATORY NO. 21**

18      MDC incorporates by reference its Preliminary Statement and General Objections as

19  though set forth in full herein.

20      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

21  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

22  burdensome and oppressive, and requests information that is neither relevant nor reasonably

23  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

24  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

25  complex specifications and designs, and comprise a multitude of component parts and systems

26  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

27  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

28  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

SM01DOCS784724.4

**26**

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-246

1  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

2  have contained some asbestos fibers in any form.  Furthermore, the design of any aircraft that may

3  be at issue was approved the United States Government and sold to its customers (*e.g.*,

4  Government, airlines, couriers), who may have performed maintenance and modifications to the

5  aircraft, possibly including the installation of parts or systems containing some quantity of

6  asbestos.  Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

7  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

8  an aircraft manufacturer.  MDC does not consider airplanes to be "asbestos-containing products."

9  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

10 maintenance work on any specific component of any MDC aircraft.  MDC further notes that it has

11 no information or knowledge that, and there is no evidence whatsoever that, any such type

12 components around which Mr. Vest may have worked were originally installed on any MDC

13 aircraft at the time the aircraft was delivered.  After delivery of the aircraft to its customer, any

14 modifications, alterations, maintenance, repairs and/or replacement of such original components

15 would have been performed by persons and/or entities other than MDC.

16      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

17 burdensome, oppressive, and compound, and seeks information that is neither relevant to the

18 subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

19 evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

20 Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

21 supplied by MDC.  The burden and expense of attempting to respond to this interrogatory

22 outweighs the likely benefit, if any, of any information which might be responsive.  In addition,

23 MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

24 investigation and/or discovery of facts relating to this action.

25 **INTERROGATORY NO. 22**

26      IDENTIFY all individuals with knowledge regarding DEFENDANT's supply of

27 ASBESTOS-CONTAINING PRODUCTS to World Airways prior to 1986.

28

SM01DOCS784724.4

27

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-247

## RESPONSE TO INTERROGATORY NO. 22

MDC incorporates by reference its Preliminary Statement and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable. The aircraft that may be at-issue in the present litigation contain extremely complex specifications and designs, and comprise a multitude of component parts and systems provided by numerous independent manufacturers and subcontractors. Accordingly, any such aircraft cannot fairly be characterized as a product as though it were a simple, unitary object. Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of all of the component parts and systems of all MDC aircraft to determine whether they do, may, or have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may be at issue was approved the United States Government and sold to its customers (*e.g.*, Government, airlines, couriers), who may have performed maintenance and modifications to the aircraft, possibly including the installation of parts or systems containing some quantity of asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products." In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any maintenance work on any specific component of any MDC aircraft. MDC further notes that it has no information or knowledge that, and there is no evidence whatsoever that, any such type components around which Mr. Vest may have worked were originally installed on any MDC aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any modifications, alterations, maintenance, repairs and/or replacement of such original components would have been performed by persons and/or entities other than MDC.

MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

SM01DOCS784724.4

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-248

1 burdensome, oppressive, and compound, and seeks information that is neither relevant to the

2 subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

3 evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

4 Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

5 supplied by MDC. The burden and expense of attempting to respond to this interrogatory

6 outweighs the likely benefit, if any, of any information which might be responsive. In addition,

7 MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

8 investigation and/or discovery of facts relating to this action.

9       MDC further objects to this interrogatory on the grounds that it seeks premature expert

10 witness discovery, including discovery of expert opinions and documents, in violation of Code of

11 Civil Procedure Section 2034.010 *et seq.*

12       MDC further objects to this interrogatory to the extent that it seeks information which is

13 protected by the work product doctrine.

14 **INTERROGATORY NO. 23**

15       DESCRIBE all DOCUMENTS with information regarding DEFENDANT's supply of

16 ASBESTOS-CONTAINING PRODUCTS to World Airways prior to 1986.

17 **RESPONSE TO INTERROGATORY NO. 23**

18       MDC incorporates by reference its Preliminary Statement and General Objections as

19 though set forth in full herein.

20       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

21 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

22 burdensome and oppressive, and requests information that is neither relevant nor reasonably

23 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

24 objectionable. The aircraft that may be at-issue in the present litigation contain extremely

25 complex specifications and designs, and comprise a multitude of component parts and systems

26 provided by numerous independent manufacturers and subcontractors. Accordingly, any such

27 aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

28 Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

be at issue was approved the United States Government and sold to its customers (*e.g.*,

Government, airlines, couriers), who may have performed maintenance and modifications to the

aircraft, possibly including the installation of parts or systems containing some quantity of

asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

no information or knowledge that, and there is no evidence whatsoever that, any such type

components around which Mr. Vest may have worked were originally installed on any MDC

aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

modifications, alterations, maintenance, repairs and/or replacement of such original components

would have been performed by persons and/or entities other than MDC.

MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

burdensome, oppressive, and compound, and seeks information that is neither relevant to the

subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

supplied by MDC. The burden and expense of attempting to respond to this interrogatory

outweighs the likely benefit, if any, of any information which might be responsive. In addition,

MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

investigation and/or discovery of facts relating to this action.

MDC further objects to this interrogatory on the grounds that it seeks premature expert

witness discovery, including discovery of expert opinions and documents, in violation of Code of

Civil Procedure Section 2034.010 *et seq.*

MDC further objects to this interrogatory to the extent that it seeks information which is

1   protected by the work product doctrine.

2   **INTERROGATORY NO. 24**

3       Did DEFENDANT specify asbestos-containing replacement parts for any of the DC-8

4   aircraft it manufactured at any time?

5   **RESPONSE TO INTERROGATORY NO. 24**

6       MDC incorporates by reference its Preliminary Statement and General Objections as

7   though set forth in full herein.

8       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

9   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

10   burdensome and oppressive, and requests information that is neither relevant nor reasonably

11   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

12   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

13   complex specifications and designs, and comprise a multitude of component parts and systems

14   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

15   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

16   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

17   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

18   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

19   be at issue was approved the United States Government and sold to its customers (*e.g.*,

20   Government, airlines, couriers), who may have performed maintenance and modifications to the

21   aircraft, possibly including the installation of parts or systems containing some quantity of

22   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

23   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

24   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

25   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

26   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

27   no information or knowledge that, and there is no evidence whatsoever that, any such type

28   components around which Mr. Vest may have worked were originally installed on any MDC

1   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

2   modifications, alterations, maintenance, repairs and/or replacement of such original components

3   would have been performed by persons and/or entities other than MDC.

4       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

5   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

6   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

7   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

8   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

9   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

10  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

11  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

12  investigation and/or discovery of facts relating to this action.

13  **INTERROGATORY NO. 25**

14      NAME all asbestos-containing replacement parts DEFENDANT specified for the DC-8

15  aircraft it manufactured at any time.

16  **RESPONSE TO INTERROGATORY NO. 25**

17      MDC incorporates by reference its Preliminary Statement and General Objections as

18  though set forth in full herein.

19      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

20  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

21  burdensome and oppressive, and requests information that is neither relevant nor reasonably

22  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

23  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

24  complex specifications and designs, and comprise a multitude of component parts and systems

25  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

26  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

27  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

28  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

SM01DOCS784724.4

32

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-252

1   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

2   be at issue was approved the United States Government and sold to its customers (*e.g.*,

3   Government, airlines, couriers), who may have performed maintenance and modifications to the

4   aircraft, possibly including the installation of parts or systems containing some quantity of

5   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

6   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

7   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

8   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

9   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

10   no information or knowledge that, and there is no evidence whatsoever that, any such type

11   components around which Mr. Vest may have worked were originally installed on any MDC

12   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

13   modifications, alterations, maintenance, repairs and/or replacement of such original components

14   would have been performed by persons and/or entities other than MDC.

15       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

16   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

17   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

18   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

19   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

20   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

21   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

22   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

23   investigation and/or discovery of facts relating to this action.

24   **INTERROGATORY NO. 26**

25       IDENTIFY the sources of the asbestos-containing replacement parts DEFENDANT

26   specified for the DC-8 aircraft it manufactured at any time.

27   **RESPONSE TO INTERROGATORY NO. 26**

28       MDC incorporates by reference its Preliminary Statement and General Objections as

SM01DOCS784724.4

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-253

1 │ though set forth in full herein.

2 │     MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

3 │ PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

4 │ burdensome and oppressive, and requests information that is neither relevant nor reasonably

5 │ calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

6 │ objectionable. The aircraft that may be at-issue in the present litigation contain extremely

7 │ complex specifications and designs, and comprise a multitude of component parts and systems

8 │ provided by numerous independent manufacturers and subcontractors. Accordingly, any such

9 │ aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

10 │ Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

11 │ all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

12 │ have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

13 │ be at issue was approved the United States Government and sold to its customers (*e.g.*,

14 │ Government, airlines, couriers), who may have performed maintenance and modifications to the

15 │ aircraft, possibly including the installation of parts or systems containing some quantity of

16 │ asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

17 │ overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

18 │ an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

19 │ In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

20 │ maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

21 │ no information or knowledge that, and there is no evidence whatsoever that, any such type

22 │ components around which Mr. Vest may have worked were originally installed on any MDC

23 │ aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

24 │ modifications, alterations, maintenance, repairs and/or replacement of such original components

25 │ would have been performed by persons and/or entities other than MDC.

26 │     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

27 │ burdensome, oppressive, and compound, and seeks information that is neither relevant to the

28 │ subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

SM01DOCS784724.4

**34**

1    evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

2    Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

3    supplied by MDC. The burden and expense of attempting to respond to this interrogatory

4    outweighs the likely benefit, if any, of any information which might be responsive. In addition,

5    MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

6    investigation and/or discovery of facts relating to this action.

7    **INTERROGATORY NO. 27**

8        IDENTIFY all individuals with knowledge regarding asbestos-containing replacement

9    parts DEFENDANT specified for the DC-8 aircraft it manufactured at any time.

10    **RESPONSE TO INTERROGATORY NO. 27**

11        MDC incorporates by reference its Preliminary Statement and General Objections as

12    though set forth in full herein.

13        MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

14    PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

15    burdensome and oppressive, and requests information that is neither relevant nor reasonably

16    calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

17    objectionable. The aircraft that may be at-issue in the present litigation contain extremely

18    complex specifications and designs, and comprise a multitude of component parts and systems

19    provided by numerous independent manufacturers and subcontractors. Accordingly, any such

20    aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

21    Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

22    all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

23    have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

24    be at issue was approved the United States Government and sold to its customers (*e.g.,*

25    Government, airlines, couriers), who may have performed maintenance and modifications to the

26    aircraft, possibly including the installation of parts or systems containing some quantity of

27    asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

28    overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

SM01DOCS784724.4

**35**

1  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

2  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

3  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

4  no information or knowledge that, and there is no evidence whatsoever that, any such type

5  components around which Mr. Vest may have worked were originally installed on any MDC

6  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

7  modifications, alterations, maintenance, repairs and/or replacement of such original components

8  would have been performed by persons and/or entities other than MDC.

9       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

10  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

11  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

12  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

13  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

14  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

15  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

16  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

17  investigation and/or discovery of facts relating to this action.

18       MDC further objects to this interrogatory on the grounds that it seeks premature expert

19  witness discovery, including discovery of expert opinions and documents, in violation of Code of

20  Civil Procedure Section 2034.010 *et seq.*

21       MDC further objects to this interrogatory to the extent that it seeks information which is

22  protected by the work product doctrine.

23  **INTERROGATORY NO. 28**

24       DESCRIBE all DOCUMENTS with information regarding asbestos-containing

25  replacement parts DEFENDANT specified for the DC-8 aircraft it manufactured at any time.

26  **RESPONSE TO INTERROGATORY NO. 28**

27       MDC incorporates by reference its Preliminary Statement and General Objections as

28  though set forth in full herein.

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-256

1       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

2  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

3  burdensome and oppressive, and requests information that is neither relevant nor reasonably

4  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

5  objectionable.  The aircraft that may be at-issue in the present litigation contain extremely

6  complex specifications and designs, and comprise a multitude of component parts and systems

7  provided by numerous independent manufacturers and subcontractors.  Accordingly, any such

8  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

9  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

10  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

11  have contained some asbestos fibers in any form.  Furthermore, the design of any aircraft that may

12  be at issue was approved the United States Government and sold to its customers (*e.g.*,

13  Government, airlines, couriers), who may have performed maintenance and modifications to the

14  aircraft, possibly including the installation of parts or systems containing some quantity of

15  asbestos.  Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

16  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

17  an aircraft manufacturer.  MDC does not consider airplanes to be "asbestos-containing products."

18  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

19  maintenance work on any specific component of any MDC aircraft.  MDC further notes that it has

20  no information or knowledge that, and there is no evidence whatsoever that, any such type

21  components around which Mr. Vest may have worked were originally installed on any MDC

22  aircraft at the time the aircraft was delivered.  After delivery of the aircraft to its customer, any

23  modifications, alterations, maintenance, repairs and/or replacement of such original components

24  would have been performed by persons and/or entities other than MDC.

25       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

26  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

27  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

28  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

SM01DOCS784724.4

37

1    Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

2    supplied by MDC. The burden and expense of attempting to respond to this interrogatory

3    outweighs the likely benefit, if any, of any information which might be responsive. In addition,

4    MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

5    investigation and/or discovery of facts relating to this action.

6         MDC further objects to this interrogatory on the grounds that it seeks premature expert

7    witness discovery, including discovery of expert opinions and documents, in violation of Code of

8    Civil Procedure Section 2034.010 *et seq.*

9         MDC further objects to this interrogatory to the extent that it seeks information which is

10   protected by the work product doctrine.

11   **INTERROGATORY NO. 29**

12        NAME all ASBESTOS-CONTAINING PRODUCTS on DEFENDANT's DC-8-71 F,

13   N8079U aircraft, serial number 45947.

14   **RESPONSE TO INTERROGATORY NO. 29**

15        MDC incorporates by reference its Preliminary Statement and General Objections as

16   though set forth in full herein.

17        MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

18   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

19   burdensome and oppressive, and requests information that is neither relevant nor reasonably

20   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

21   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

22   complex specifications and designs, and comprise a multitude of component parts and systems

23   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

24   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

25   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

26   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

27   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

28   be at issue was approved the United States Government and sold to its customers (*e.g.*,

SM01DOCS784724.4

38

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-258

1  Government, airlines, couriers), who may have performed maintenance and modifications to the
2  aircraft, possibly including the installation of parts or systems containing some quantity of
3  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is
4  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of
5  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."
6  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any
7  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has
8  no information or knowledge that, and there is no evidence whatsoever that, any such type
9  components around which Mr. Vest may have worked were originally installed on any MDC
10 aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any
11 modifications, alterations, maintenance, repairs and/or replacement of such original components
12 would have been performed by persons and/or entities other than MDC.
13      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly
14 burdensome, oppressive, and compound, and seeks information that is neither relevant to the
15 subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible
16 evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.
17 Vest in fact breathed airborne asbestos fibers from any product or component manufactured or
18 supplied by MDC. The burden and expense of attempting to respond to this interrogatory
19 outweighs the likely benefit, if any, of any information which might be responsive. In addition,
20 MDC objects on the ground that the interrogatory is premature in that MDC has not completed its
21 investigation and/or discovery of facts relating to this action.

22 **INTERROGATORY NO. 30**

23      IDENTIFY all SOURCES of the ASBESTOS-CONTAINING PRODUCTS on
24 DEFENDANT's DC-8-71 F, N8079U aircraft, serial number 45947.

25 **RESPONSE TO INTERROGATORY NO. 30**

26      MDC incorporates by reference its Preliminary Statement and General Objections as
27 though set forth in full herein.
28      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

1   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

2   burdensome and oppressive, and requests information that is neither relevant nor reasonably

3   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

4   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

5   complex specifications and designs, and comprise a multitude of component parts and systems

6   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

7   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

8   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

9   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

10   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

11   be at issue was approved the United States Government and sold to its customers (*e.g.*,

12   Government, airlines, couriers), who may have performed maintenance and modifications to the

13   aircraft, possibly including the installation of parts or systems containing some quantity of

14   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

15   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

16   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

17   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

18   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

19   no information or knowledge that, and there is no evidence whatsoever that, any such type

20   components around which Mr. Vest may have worked were originally installed on any MDC

21   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

22   modifications, alterations, maintenance, repairs and/or replacement of such original components

23   would have been performed by persons and/or entities other than MDC.

24         MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

25   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

26   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

27   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

28   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

1   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

2   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

3   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

4   investigation and/or discovery of facts relating to this action.

5   **INTERROGATORY NO. 31**

6       IDENTIFY all individuals with knowledge regarding ASBESTOS-CONTAINING

7   PRODUCTS on DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

8   **RESPONSE TO INTERROGATORY NO. 31**

9       MDC incorporates by reference its Preliminary Statement and General Objections as

10  though set forth in full herein.

11      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

12  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

13  burdensome and oppressive, and requests information that is neither relevant nor reasonably

14  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

15  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

16  complex specifications and designs, and comprise a multitude of component parts and systems

17  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

18  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

19  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

20  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

21  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

22  be at issue was approved the United States Government and sold to its customers (*e.g.*,

23  Government, airlines, couriers), who may have performed maintenance and modifications to the

24  aircraft, possibly including the installation of parts or systems containing some quantity of

25  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

26  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

27  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

28  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

SM01DOCS784724.4

41

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-261

1   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

2   no information or knowledge that, and there is no evidence whatsoever that, any such type

3   components around which Mr. Vest may have worked were originally installed on any MDC

4   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

5   modifications, alterations, maintenance, repairs and/or replacement of such original components

6   would have been performed by persons and/or entities other than MDC.

7        MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

8   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

9   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

10  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

11  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

12  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

13  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

14  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

15  investigation and/or discovery of facts relating to this action.

16       MDC further objects to this interrogatory on the grounds that it seeks premature expert

17  witness discovery, including discovery of expert opinions and documents, in violation of Code of

18  Civil Procedure Section 2034.010 *et seq.*

19       MDC further objects to this interrogatory to the extent that it seeks information which is

20  protected by the work product doctrine.

21  **INTERROGATORY NO. 32**

22       DESCRIBE all DOCUMENTS with information regarding ASBESTOS-CONTAINING

23  PRODUCTS on DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

24  **RESPONSE TO INTERROGATORY NO. 32**

25       MDC incorporates by reference its Preliminary Statement and General Objections as

26  though set forth in full herein.

27       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

28  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

1   burdensome and oppressive, and requests information that is neither relevant nor reasonably

2   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

3   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

4   complex specifications and designs, and comprise a multitude of component parts and systems

5   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

6   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

7   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

8   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

9   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

10  be at issue was approved the United States Government and sold to its customers (*e.g.*,

11  Government, airlines, couriers), who may have performed maintenance and modifications to the

12  aircraft, possibly including the installation of parts or systems containing some quantity of

13  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

14  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

15  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

16  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

17  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

18  no information or knowledge that, and there is no evidence whatsoever that, any such type

19  components around which Mr. Vest may have worked were originally installed on any MDC

20  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

21  modifications, alterations, maintenance, repairs and/or replacement of such original components

22  would have been performed by persons and/or entities other than MDC.

23         MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

24  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

25  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

26  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

27  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

28  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

1  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

2  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

3  investigation and/or discovery of facts relating to this action.

4       MDC further objects to this interrogatory on the grounds that it seeks premature expert

5  witness discovery, including discovery of expert opinions and documents, in violation of Code of

6  Civil Procedure Section 2034.010 *et seq.*

7       MDC further objects to this interrogatory to the extent that it seeks information which is

8  protected by the work product doctrine.

9  **INTERROGATORY NO. 33**

10       NAME all asbestos-containing replacement parts DEFENDANT specified for

11  DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

12  **RESPONSE TO INTERROGATORY NO. 33**

13       MDC incorporates by reference its Preliminary Statement and General Objections as

14  though set forth in full herein.

15       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

16  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

17  burdensome and oppressive, and requests information that is neither relevant nor reasonably

18  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

19  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

20  complex specifications and designs, and comprise a multitude of component parts and systems

21  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

22  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

23  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

24  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

25  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

26  be at issue was approved the United States Government and sold to its customers (*e.g.*,

27  Government, airlines, couriers), who may have performed maintenance and modifications to the

28  aircraft, possibly including the installation of parts or systems containing some quantity of

SM01DOCS784724.4

**44**

1   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

2   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

3   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

4   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

5   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

6   no information or knowledge that, and there is no evidence whatsoever that, any such type

7   components around which Mr. Vest may have worked were originally installed on any MDC

8   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

9   modifications, alterations, maintenance, repairs and/or replacement of such original components

10   would have been performed by persons and/or entities other than MDC.

11       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

12   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

13   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

14   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

15   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

16   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

17   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

18   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

19   investigation and/or discovery of facts relating to this action.

20   **INTERROGATORY NO. 34**

21       IDENTIFY the SOURCES of the asbestos-containing replacement parts DEFENDANT

22   specified for DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

23   **RESPONSE TO INTERROGATORY NO. 34**

24       MDC incorporates by reference its Preliminary Statement and General Objections as

25   though set forth in full herein.

26       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

27   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

28   burdensome and oppressive, and requests information that is neither relevant nor reasonably

1   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

2   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

3   complex specifications and designs, and comprise a multitude of component parts and systems

4   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

5   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

6   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

7   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

8   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

9   be at issue was approved the United States Government and sold to its customers (*e.g.*,

10   Government, airlines, couriers), who may have performed maintenance and modifications to the

11   aircraft, possibly including the installation of parts or systems containing some quantity of

12   asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

13   overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

14   an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

15   In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

16   maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

17   no information or knowledge that, and there is no evidence whatsoever that, any such type

18   components around which Mr. Vest may have worked were originally installed on any MDC

19   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

20   modifications, alterations, maintenance, repairs and/or replacement of such original components

21   would have been performed by persons and/or entities other than MDC.

22        MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

23   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

24   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

25   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

26   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

27   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

28   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-266

1  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

2  investigation and/or discovery of facts relating to this action.

3  **INTERROGATORY NO. 35**

4      IDENTIFY all individuals with knowledge regarding asbestos-containing replacement

5  parts DEFENDANT specified for DEFENDANT's DC-8- 71F, N8079U aircraft, serial number

6  45947.

7  **RESPONSE TO INTERROGATORY NO. 35**

8      MDC incorporates by reference its Preliminary Statement and General Objections as

9  though set forth in full herein.

10      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

11  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

12  burdensome and oppressive, and requests information that is neither relevant nor reasonably

13  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

14  objectionable.  The aircraft that may be at-issue in the present litigation contain extremely

15  complex specifications and designs, and comprise a multitude of component parts and systems

16  provided by numerous independent manufacturers and subcontractors.  Accordingly, any such

17  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

18  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

19  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

20  have contained some asbestos fibers in any form.  Furthermore, the design of any aircraft that may

21  be at issue was approved the United States Government and sold to its customers (*e.g.*,

22  Government, airlines, couriers), who may have performed maintenance and modifications to the

23  aircraft, possibly including the installation of parts or systems containing some quantity of

24  asbestos.  Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

25  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

26  an aircraft manufacturer.  MDC does not consider airplanes to be "asbestos-containing products."

27  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

28  maintenance work on any specific component of any MDC aircraft.  MDC further notes that it has

1   no information or knowledge that, and there is no evidence whatsoever that, any such type

2   components around which Mr. Vest may have worked were originally installed on any MDC

3   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

4   modifications, alterations, maintenance, repairs and/or replacement of such original components

5   would have been performed by persons and/or entities other than MDC.

6        MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

7   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

8   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

9   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

10   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

11   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

12   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

13   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

14   investigation and/or discovery of facts relating to this action.

15        MDC further objects to this interrogatory on the grounds that it seeks premature expert

16   witness discovery, including discovery of expert opinions and documents, in violation of Code of

17   Civil Procedure Section 2034.010 *et seq.*

18        MDC further objects to this interrogatory to the extent that it seeks information which is

19   protected by the work product doctrine.

20   **INTERROGATORY NO. 36**

21        DESCRIBE all DOCUMENTS with information regarding asbestos-containing

22   replacement parts DEFENDANT specified for DEFENDANT's DC-8-71 F, N8079U aircraft,

23   serial number 45947.

24   **RESPONSE TO INTERROGATORY NO. 36**

25        MDC incorporates by reference its Preliminary Statement and General Objections as

26   though set forth in full herein.

27        MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

28   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

*48*

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-268

1  burdensome and oppressive, and requests information that is neither relevant nor reasonably

2  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

3  objectionable.  The aircraft that may be at-issue in the present litigation contain extremely

4  complex specifications and designs, and comprise a multitude of component parts and systems

5  provided by numerous independent manufacturers and subcontractors.  Accordingly, any such

6  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

7  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

8  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

9  have contained some asbestos fibers in any form.  Furthermore, the design of any aircraft that may

10  be at issue was approved the United States Government and sold to its customers (*e.g.*,

11  Government, airlines, couriers), who may have performed maintenance and modifications to the

12  aircraft, possibly including the installation of parts or systems containing some quantity of

13  asbestos.  Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

14  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

15  an aircraft manufacturer.  MDC does not consider airplanes to be "asbestos-containing products."

16  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

17  maintenance work on any specific component of any MDC aircraft.  MDC further notes that it has

18  no information or knowledge that, and there is no evidence whatsoever that, any such type

19  components around which Mr. Vest may have worked were originally installed on any MDC

20  aircraft at the time the aircraft was delivered.  After delivery of the aircraft to its customer, any

21  modifications, alterations, maintenance, repairs and/or replacement of such original components

22  would have been performed by persons and/or entities other than MDC.

23       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

24  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

25  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

26  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

27  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

28  supplied by MDC.  The burden and expense of attempting to respond to this interrogatory

49

1    outweighs the likely benefit, if any, of any information which might be responsive. In addition,

2    MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

3    investigation and/or discovery of facts relating to this action.

4            MDC further objects to this interrogatory on the grounds that it seeks premature expert

5    witness discovery, including discovery of expert opinions and documents, in violation of Code of

6    Civil Procedure Section 2034.010 *et seq.*

7            MDC further objects to this interrogatory to the extent that it seeks information which is

8    protected by the work product doctrine.

9    **INTERROGATORY NO. 37**

10           Did DEFENDANT provide any AOLS to World Airways at any time?

11           "AOL" shall mean an All Operator Letter.

12   **RESPONSE TO INTERROGATORY NO. 37**

13           MDC incorporates by reference its Preliminary Statement and General Objections as

14   though set forth in full herein.

15           MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

16   burdensome and oppressive and seeks information that is neither relevant to the subject matter of

17   the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

18   Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

19   airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

20   burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

21   any, of any information which might be responsive. In addition, MDC objects on the ground that

22   the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

23   facts relating to this action.

24   **INTERROGATORY NO. 38**

25           State the date of each AOL DEFENDANT provided to World Airways:

26   **RESPONSE TO INTERROGATORY NO. 38**

27           MDC incorporates by reference its Preliminary Statement and General Objections as

28   though set forth in full herein.

SM01DOCS784724.4

50

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-270

1    MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

2 burdensome and oppressive and seeks information that is neither relevant to the subject matter of

3 the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

4 Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

5 airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

6 burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

7 any, of any information which might be responsive. In addition, MDC objects on the ground that

8 the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

9 facts relating to this action.

10 **INTERROGATORY NO. 39**

11    Did DEFENDANT provide any AOLs to Emery Worldwide Airlines at any time?

12 **RESPONSE TO INTERROGATORY NO. 39**

13    MDC incorporates by reference its Preliminary Statement and General Objections as

14 though set forth in full herein.

15    MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

16 burdensome and oppressive and seeks information that is neither relevant to the subject matter of

17 the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

18 Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

19 airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

20 burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

21 any, of any information which might be responsive. In addition, MDC objects on the ground that

22 the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

23 facts relating to this action.

24 **INTERROGATORY NO. 40**

25    State the date of each AOL DEFENDANT provided to Emery Worldwide Airlines.

26 **RESPONSE TO INTERROGATORY NO. 40**

27    MDC incorporates by reference its Preliminary Statement and General Objections as

28 though set forth in full herein.

SM01DOCS784724.4

51

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-271

1    MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

2    burdensome and oppressive and seeks information that is neither relevant to the subject matter of

3    the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

4    Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

5    airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

6    burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

7    any, of any information which might be responsive. In addition, MDC objects on the ground that

8    the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

9    facts relating to this action.

10   **INTERROGATORY NO. 41**

11       Did DEFENDANT provide information to anyone at any time regarding the HANDLING

12   OF ASBESTOS?

13       "HANDLING OF ASBESTOS" shall refer to how to process, use, and/or handle asbestos

14   materials to minimize dust and exposure to dust.

15   **RESPONSE TO INTERROGATORY NO. 41**

16       MDC incorporates by reference its Preliminary Statement and General Objections as

17   though set forth in full herein.

18       MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

19   ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

20   California Civil Procedure Code section 2030.030(a).

21       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

22   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

23   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

24   evidence insofar as the interrogatory seeks information for a period of time spanning several years

25   about unknown and insufficiently identified "products" without any pertinent connection to Mr.

26   Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

27   component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

28   specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

SM01DOCS784724.4

**52**

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-272

1 | airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

2 | burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

3 | any, of any information which might be responsive. In addition, MDC objects on the ground that

4 | the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

5 | facts relating to this action, including but not limited to taking the deposition of any percipient

6 | witnesses.

7 | **INTERROGATORY NO. 42**

8 |          Set forth all information DEFENDANT provided to anyone at any time regarding the

9 | HANDLING OF ASBESTOS.

10 | **RESPONSE TO INTERROGATORY NO. 42**

11 |          MDC incorporates by reference its Preliminary Statement and General Objections as

12 | though set forth in full herein.

13 |          MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

14 | ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

15 | California Civil Procedure Code section 2030.030(a).

16 |          MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

17 | burdensome, oppressive, and compound, and seeks information that is neither relevant to the

18 | subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

19 | evidence insofar as the interrogatory seeks information for a period of time spanning several years

20 | about unknown and insufficiently identified "products" without any pertinent connection to Mr.

21 | Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

22 | component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

23 | specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

24 | airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

25 | burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

26 | any, of any information which might be responsive. In addition, MDC objects on the ground that

27 | the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

28 | facts relating to this action, including but not limited to taking the deposition of any percipient

SM01DOCS784724.4

**53**

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-273

1  witnesses.

2  **INTERROGATORY NO. 43**

3      IDENTIFY all individuals who have knowledge regarding information DEFENDANT

4  provided to anyone at any time regarding the HANDLING OF ASBESTOS.

5  **RESPONSE TO INTERROGATORY NO. 43**

6      MDC incorporates by reference its Preliminary Statement and General Objections as

7  though set forth in full herein.

8      MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

9  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

10  California Civil Procedure Code section 2030.030(a).

11      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

12  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

13  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

14  evidence insofar as the interrogatory seeks information for a period of time spanning several years

15  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

16  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

17  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

18  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

19  airborne asbestos fibers from any product or component manufactured or supplied by MDC.  The

20  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

21  any, of any information which might be responsive.  In addition, MDC objects on the ground that

22  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

23  facts relating to this action, including but not limited to taking the deposition of any percipient

24  witnesses.

25  **INTERROGATORY NO. 44**

26      DESCRIBE all DOCUMENTS DEFENDANT provided to anyone at any time regarding

27  the HANDLING OF ASBESTOS.

28

SM01DOCS784724.4

**54**

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-274

1  **RESPONSE TO INTERROGATORY NO. 44**

2  MDC incorporates by reference its Preliminary Statement and General Objections as

3  though set forth in full herein.

4  MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

5  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

6  California Civil Procedure Code section 2030.030(a).

7  MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

8  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

9  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

10  evidence insofar as the interrogatory seeks information for a period of time spanning several years

11  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

12  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

13  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

14  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

15  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

16  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

17  any, of any information which might be responsive. In addition, MDC objects on the ground that

18  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

19  facts relating to this action, including but not limited to taking the deposition of any percipient

20  witnesses.

21  **INTERROGATORY NO. 45**

22  Did DEFENDANT provide information to anyone at any time regarding the HAZARDS

23  OF ASBESTOS?

24  "HAZARDS OF ASBESTOS" shall refer to the deadly nature of asbestos, including but

25  not limited to the hazards of inhaling asbestos fibers which may include, disability, disease, and

26  death.

27  **RESPONSE TO INTERROGATORY NO. 45**

28  MDC incorporates by reference its Preliminary Statement and General Objections as

SM01DOCS784724.4

55

1 though set forth in full herein.

2     MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

3 ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

4 California Civil Procedure Code section 2030.030(a).

5     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

6 burdensome, oppressive, and compound, and seeks information that is neither relevant to the

7 subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

8 evidence insofar as the interrogatory seeks information for a period of time spanning several years

9 about unknown and insufficiently identified "products" without any pertinent connection to Mr.

10 Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

11 component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

12 specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

13 airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

14 burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

15 any, of any information which might be responsive. In addition, MDC objects on the ground that

16 the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

17 facts relating to this action, including but not limited to taking the deposition of any percipient

18 witnesses.

19 **INTERROGATORY NO. 46**

20     Set forth fully all information DEFENDANT provided to anyone at any time regarding the

21 HAZARDS OF ASBESTOS.

22 **RESPONSE TO INTERROGATORY NO. 46**

23     MDC incorporates by reference its Preliminary Statement and General Objections as

24 though set forth in full herein.

25     MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

26 ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

27 California Civil Procedure Code section 2030.030(a).

28     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

SM01DOCS784724.4

*56*

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-276

1  burdensome, oppressive, and compound, and seeks information that is neither relevant to the
2  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible
3  evidence insofar as the interrogatory seeks information for a period of time spanning several years
4  about unknown and insufficiently identified "products" without any pertinent connection to Mr.
5  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or
6  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a
7  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed
8  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The
9  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if
10 any, of any information which might be responsive. In addition, MDC objects on the ground that
11 the interrogatory is premature in that MDC has not completed its investigation and/or discovery of
12 facts relating to this action, including but not limited to taking the deposition of any percipient
13 witnesses.

14 **INTERROGATORY NO. 47**

15     IDENTIFY all individuals who have knowledge regarding information DEFENDANT
16 provided to anyone at any time regarding the HAZARDS OF ASBESTOS.

17 **RESPONSE TO INTERROGATORY NO. 47**

18     MDC incorporates by reference its Preliminary Statement and General Objections as
19 though set forth in full herein.

20     MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,
21 ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates
22 California Civil Procedure Code section 2030.030(a).

23     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly
24 burdensome, oppressive, and compound, and seeks information that is neither relevant to the
25 subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible
26 evidence insofar as the interrogatory seeks information for a period of time spanning several years
27 about unknown and insufficiently identified "products" without any pertinent connection to Mr.
28 Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

SM01DOCS784724.4

57

1    component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

2    specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

3    airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

4    burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

5    any, of any information which might be responsive. In addition, MDC objects on the ground that

6    the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

7    facts relating to this action, including but not limited to taking the deposition of any percipient

8    witnesses.

9         MDC further objects to this interrogatory on the grounds that it seeks premature expert

10   witness discovery, including discovery of expert opinions and documents, in violation of Code of

11   Civil Procedure Section 2034.010 *et seq.*

12        MDC further objects to this interrogatory to the extent that it seeks information which is

13   protected by the work product doctrine.

14   **INTERROGATORY NO. 48**

15        DESCRIBE all DOCUMENTS DEFENDANT provided to anyone at any time regarding

16   the HAZARDS OF ASBESTOS.

17   **RESPONSE TO INTERROGATORY NO. 48**

18        MDC incorporates by reference its Preliminary Statement and General Objections as

19   though set forth in full herein.

20        MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

21   ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

22   California Civil Procedure Code section 2030.030(a).

23        MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

24   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

25   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

26   evidence insofar as the interrogatory seeks information for a period of time spanning several years

27   about unknown and insufficiently identified "products" without any pertinent connection to Mr.

28   Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

1  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

2  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

3  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

4  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

5  any, of any information which might be responsive. In addition, MDC objects on the ground that

6  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

7  facts relating to this action, including but not limited to taking the deposition of any percipient

8  witnesses.

9  **INTERROGATORY NO. 49**

10      Have any worker's compensation claims been filed against DEFENDANT that allege

11  asbestos disease?

12  **RESPONSE TO INTERROGATORY NO. 49**

13      In addition to its General Objections, which are incorporated by reference, MDC objects

14  to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive,

15  and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

16  admissible evidence insofar as it seeks information regarding claims regarding alleged exposure

17  to any purported asbestos in any building or other facility, any product which MDC did not design

18  or manufacture, or any aircraft or components thereof other than those specific aircraft and their

19  particular components allegedly involved in this action.

20      Subject to and without waiving these objections and its General Objections, which are

21  incorporated by reference, MDC responds as follows without regard to the existence (or non-

22  existence) of any asbestos in any of the aircraft involved in this action: MDC is not aware of any

23  workers' compensation claims against it or any of its workers' compensation carrier(s) regarding

24  any alleged exposure by a pilot to any purported asbestos in DC-8 aircraft.

25  **INTERROGATORY NO. 50**

26      State the case name and number of each worker's compensation claim filed against

27  DEFENDANT that alleges asbestos disease.

28

**RESPONSE TO INTERROGATORY NO. 50**

In addition to its General Objections, which are incorporated by reference, MDC objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information regarding claims regarding alleged exposure to any purported asbestos in any building or other facility, any product which MDC did not design or manufacture, or any aircraft or components thereof other than those specific aircraft and their particular components allegedly involved in this action.

Subject to and without waiving these objections and its General Objections, which are incorporated by reference, MDC responds as follows without regard to the existence (or non-existence) of any asbestos in any of the aircraft involved in this action: MDC is not aware of any workers' compensation claims against it or any of its workers' compensation carrier(s) regarding any alleged exposure by a pilot to any purported asbestos in DC-8 aircraft.

**INTERROGATORY NO. 51**

List all sworn testimony given in worker's compensation claims filed against DEFENDANT that allege asbestos disease.

**RESPONSE TO INTERROGATORY NO. 51**

In addition to its General Objections, which are incorporated by reference, MDC objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information regarding claims regarding alleged exposure to any purported asbestos in any building or other facility, any product which MDC did not design or manufacture, or any aircraft or components thereof other than those specific aircraft and their particular components allegedly involved in this action.

Subject to and without waiving these objections and its General Objections, which are incorporated by reference, MDC responds as follows without regard to the existence (or non-existence) of any asbestos in any of the aircraft involved in this action: MDC is not aware of any

DEFENDANT MCDONNEL DOUGLAS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Exhibit 8-280

1  workers' compensation claims against it or any of its workers' compensation carrier(s) regarding

2  any alleged exposure by a pilot to any purported asbestos in DC-8 aircraft.

3

4  Dated: June 4, 2010                    Respectfully submitted,

5                                         **BRYAN CAVE LLP**
                                          Robert E. Boone III
6                                         James C. Pettis
                                          M. Angela Buenaventura
7

8                                         By: _____
                                              M. Angela Buenaventura
9                                         Attorneys for Defendant
                                          MCDONNELL DOUGLAS CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## VERIFICATION

I have read the foregoing DEFENDANT MCDONNELL DOUGLAS CORPORATION'S RESPONSES TO SPECIAL INTERROGATORIES PROPOUNDED BY PLAINTIFFS TIMOTHY AND CAROLINE VEST, SET ONE and know its contents.

I am a Senior Manager, Systems of The Boeing Company and am authorized to make this verification for and on behalf of its wholly-owned subsidiary, McDonnell Douglas Corporation ("MDC"). The matters stated in MDC's responses are not within my personal knowledge; the facts therein have been assembled by authorized employees and counsel of McDonnell Douglas Corporation, and I am informed and believe that the facts stated therein are true and correct.

Executed on June 11, 2010 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Daniel H. Marcotte

1

## PROOF OF SERVICE

2   I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300,
3   Santa Monica, CA 90401.

4   On **June 4, 2010**, I served the foregoing document, described as:

5   **1. DEFENDANT MCDONNELL DOUGLAS CORPORATION'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE;**
6   **2. DEFENDANT MCDONNELL DOUGLAS CORPORATION'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES, SET ONE; AND**
7   **3. DEFENDANT MCDONNELL DOUGLAS CORPORATION'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

8   on each interested parties in this action, as follows:

9   ## SEE ATTACHED SERVICE LIST

10  ☒   (BY OVERNIGHT COURIER) I deposited in a box or other facility maintained by
11  Overnight Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an
12  envelope designated by said express service carrier, with delivery fees paid or provided for.

13      (BY MAIL) I am "readily familiar" with the firm's practice of collection and
14  processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the
15  ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit
16  for mailing in affidavit.

17      (BY FAX) I caused a true copy of the foregoing document to be served by
18  facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number_____ to each interested party at the facsimile number
19  shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A
20  true copy of each such transmission report is attached hereto.

21      Executed on **June 4, 2010**, at San Francisco, California. I declare under penalty of perjury
22  under the laws of the State of California that the foregoing is true and correct.

23
                                    Alicia Moore
24

25

26

27

28

SM01DOCS775784.1

PROOF OF SERVICE

Exhibit 8-283



| | |
|---|---|
| **SERVICE LIST** | |
| **Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.** | |
| **Alameda County Superior Court No. RG09489518** | |

1
2
3
4
5
6
7
8
9

Denise Abrams, Esq.
Justin A. Bosl, Esq.
KAZAN, McCLAIN, LYONS, GREENWOOD
& HARLEY
A Professional Law Corporation
171 Twelfth Street, Third Floor
Oakland, CA 94607
Telephone:    (510) 302-1000
Facsimile:
*Attorney for Plaintiffs*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

C146342/0306464/775784.1

1

PROOF OF SERVICE

Exhibit 8-284

*Timothy Vest and Caroline Vest v. Allied Packing & Supply, Inc., et al.*

U.S.D.C., Northern District of California Case No. C-11-00061 LB

# Exhibit 9

Last Day to File MTC 1/30

1  **BRYAN CAVE LLP**
   Robert E. Boone III, California Bar No. 132780
2  James C. Pettis, California Bar No. 223953
   M. Angela Buenaventura, California Bar No. 264130
3  120 Broadway, Suite 300
   Santa Monica, California 90401-2386
4  Telephone:    (310) 576-2100
   Facsimile:    (310) 576-2200
5
   Attorneys For Defendant
6  MCDONNELL DOUGLAS CORPORATION

7

8              **SUPERIOR COURT OF THE STATE CALIFORNIA**

9                  **FOR THE COUNTY OF ALAMEDA**

10

11  TIMOTHY VEST and CAROLINE VEST,        | Case No. RG09489518

12                  Plaintiff,              | Assigned for all pre-trial purposes to the
                                            | Hon. Kenneth Mark Burr
13      vs.
                                            | **DEFENDANT MCDONNELL DOUGLAS**
14  ALLIED PACKING AND SUPPLY, et al.,     | **CORPORATION'S SUPPLEMENTAL**
                                            | **RESPONSES TO PLAINTIFFS'**
15                  Defendants.             | **INTERROGATORIES, SET ONE**

16
                                            | Complaint Filed:    December 17, 2009
17                                          | Trial Date:         None set

18

19

20

21

22

23

24

25

26

27

28

RECEIVED
WPS    9:48
JUL 1 3 2010
DAA/GOS/JMB/TCC
KAZAN, McCLAIN, LYONS
GREENWOOD & HARLEY

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  PROPOUNDING PARTY:  TIMOTHY VEST

2  RESPONDING PARTY:  MCDONNELL DOUGLAS CORPORATION

3  SET NUMBER:  ONE

4      Defendant McDonnell Douglas Corporation ("MDC") provides the following

5  supplemental responses to Plaintiffs' Special Interrogatories.

6  **PRELIMINARY STATEMENT**

7      This response is made solely for the purpose of this action.  McDonnell Douglas

8  Corporation ("MDC") has not yet completed investigation of the facts relating to this action, and

9  has not completed preparation for trial nor its associated discovery.  As discovery proceeds, MDC

10  may identify individuals who have knowledge concerning the subject matter of this action, or who

11  participated in some capacity in events underlying (or related to) this action, and/or MDC may

12  discover facts, information, evidence, documents, and things which are not set forth in this

13  response but which may be responsive.  The following response is based on MDC's present

14  knowledge, information and belief and is complete as to MDC's best knowledge at this time.

15  Furthermore, MDC has prepared this response based on its good faith interpretation and

16  understanding of the individual interrogatory, but MDC reserves its right to correct any

17  inadvertent errors or omissions. MDC also reserves the right to conduct discovery with reference

18  to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things

19  developed during the course of discovery and trial preparation, notwithstanding the reference to

20  certain facts, evidence, documents, and things in this response.  In addition, MDC reserves the

21  right to revise and further supplement this response based upon any information, evidence and

22  documentation which may be discovered subsequent to the service of this response as appropriate.

23  Additionally, except for the facts that are explicitly admitted herein, no admission of any nature

24  whatsoever is to be implied or inferred from this response.

25      To the extent that any interrogatory seeks information which is protected by the attorney-

26  client privilege and/or attorney work product doctrine, MDC will not respond.  Such information

27  includes, but is not limited to:

28          a.    All information concerning correspondence or other communications

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  between counsel for MDC or any of its agents or employees and MDC or any of its agents or

2  employees regarding this action;

       b.     All information stemming from or related to the creation of documents for

4  use in this litigation including notes, memoranda, draft pleadings, and correspondence prepared

5  by, at the discretion of, or for review by counsel for MDC; and

       c.     All information relating to activities engaged in at the direction of MDC

7  counsel or communicated to counsel in connection with threatened litigation.

## SUPPLEMENTAL/AMENDED GENERAL OBJECTIONS

9      MDC makes the following objections to each interrogatory.  These objections shall be

10  deemed incorporated into each of MDC responses.

11      1.     MDC objects to each interrogatory to the extent that it seeks information which is

12  not relevant to the subject matter of this litigation nor reasonably calculated to lead to the

13  discovery of admissible evidence.

14      2.     MDC objects to each interrogatory to the extent that it attempts to impose a duty on

15  MDC to respond with information not in its possession, custody, or control.

16      3.     MDC objects to each interrogatory to the extent that it attempts to impose a duty on

17  MDC to respond with information which is available from other individuals or entities, and to the

18  extent that it seeks information that is otherwise available to the public and/or to Plaintiffs.

19      4.     MDC objects to each interrogatory to the extent that it calls for the production of

20  trade secrets or commercially sensitive, confidential or proprietary information.  MDC will only

21  respond with such information (if otherwise discoverable and non-objectionable) subject to a

22  protective order.

23      5.     MDC objects to each interrogatory to the extent that it calls for the production of

24  privileged information, including information protected by the attorney-client privilege,

25  information containing attorney work product, or information prepared in anticipation of litigation

26  or for trial.

27      6.     MDC objects to each interrogatory to the extent that it is unintelligible,

28  unreasonably vague, ambiguous, overbroad, unduly burdensome and oppressive, and requests

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   information which is neither relevant nor reasonably calculated to lead to the discovery of

2   admissible evidence, insofar as it seeks, among other things, information without any reasonable

3   identification of each particular product or premises allegedly involved or any evidence of

4   exposure by Mr. Vest to a particular product. More specifically, MDC objects to each

5   interrogatory to the extent that it is overbroad and unduly burdensome, and requests information

6   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insofar

7   as it seeks, among other things, information regarding (1) any product or component which MDC

8   did not design, manufacture or assemble; and/or (2) any premises not owned by MDC.

9       7.      MDC incorporates each and every General Objection into each and every response

10  to Plaintiffs' interrogatories even though the General Objections are not specifically set forth in a

11  response.

12                          **RESPONSE TO INTERROGATORIES**

13  **INTERROGATORY NO. 1**

14      IDENTIFY each individual who provided information for the preparation of

15  DEFENDANT's responses to this set of interrogatories.

16      "IDENTIFY" shall mean to state the full name, current or last known address, and

17  telephone number, and if individual is or was an employee of DEFENDANT, all job titles, of the

18  named individual(s) or entity(ies).

19      "DEFENDANT" shall refer to defendant, McDonnell Douglas Corporation, and to its

20  attorneys, agents, employees, officers, parent entities, predecessors, subsidiaries, divisions, and

21  contract units.

22  **RESPONSE TO INTERROGATORY NO. 1**

23      Subject to and without waiving its General Objections, which are incorporated by

24  reference as though fully set forth herein, MDC responds as follows:

25      Robert E. Boone III, James C. Pettis, and M. Angela Buenaventura of Bryan Cave LLP,

26  120 Broadway, Suite 300, Santa Monica, California 90401, (310) 576-2100; Daniel H. Marcotte,

27  Senior Manager, Systems, The Boeing Company, Long Beach, California. Daniel H. Marcotte,

28  may be contacted through MDC's counsel, Robert E. Boone III, James C. Pettis, or M. Angela

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Buenaventura of Bryan Cave LLP.

2    **INTERROGATORY NO. 2**

3    IDENTIFY each individual who was consulted in the course of the preparation of

4    DEFENDANT's responses to these interrogatories, whether or not they provided information.

5    **RESPONSE TO INTERROGATORY NO. 2**

6    MDC incorporates by reference its Preliminary Statement and General Objections as

7    though set forth in full herein.

8    MDC further objects to this interrogatory on the grounds that it seeks premature expert

9    witness discovery, including discovery of expert opinions and documents, in violation of Code of

10   Civil Procedure Section 2034.010 *et seq.*

11   MDC further objects to this interrogatory to the extent that it seeks information which is

12   protected by the work product doctrine.

13   **INTERROGATORY NO. 3**

14   Describe fully all INVESTIGATIONS undertaken by DEFENDANT to obtain the

15   information sought in these interrogatories.

16   "INVESTIGATIONS" shall refer to all research, interviews, communications and other

17   efforts to obtain information.

18   **RESPONSE TO INTERROGATORY NO. 3**

19   MDC incorporates by reference its Preliminary Statement and General Objections as

20   though set forth in full herein.

21   MDC also objects that the term "INVESTIGATIONS," as defined, is vague, ambiguous,

22   unintelligible and overbroad; as defined, it also is compound and therefore violates California

23   Civil Procedure Code section 2030.030(a).

24   MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

25   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

26   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

27   evidence insofar as the interrogatory seeks information for a period of time spanning several years

28   about unknown and insufficiently identified "products" without any pertinent connection to Mr.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-289

1  Vest's alleged asbestos exposure, and Plaintiffs' have not proffered any competent evidence

2  demonstrating that Mr. Vest in fact breathed airborne asbestos fibers from any product or

3  component manufactured or supplied by MDC. The burden and expense of attempting to respond

4  to this interrogatory outweighs the likely benefit, if any, of any information which might be

5  responsive. In addition, MDC objects on the ground that the interrogatory is premature in that

6  MDC has not completed its investigation and/or discovery of facts relating to this action.

7      MDC further objects to this interrogatory on the grounds that it seeks premature expert

8  witness discovery, including discovery of expert opinions and documents, in violation of Code of

9  Civil Procedure Section 2034.010 *et seq.*

10     MDC further objects to this interrogatory to the extent that it seeks information which is

11 protected by the work product doctrine.

12 **INTERROGATORY NO. 4**

13     Set forth DEFENDANT's RECORD RETENTION POLICIES.

14     "RECORD RETENTION POLICY(IES)" shall refer to any policy, formal or informal,

15 pursuant to which defendant's DOCUMENTS are maintained or destroyed, including the legal and

16 financial basis for deciding how long to retain documents, the period of time required and what

17 categories of documents are subject to defendant's document retention policy.

18     "DOCUMENTS" shall mean all writings, as defined in California Evidence Code § 250,

19 including without limitation: all originals and all duplicates of handwriting, typewriting, printing,

20 photostats, photographs, electronic data on any of DEFENDANT's computers, facsimile, e-mail,

21 and every other means of recording upon any tangible thing or other form of communication or

22 representation.

23 **RESPONSE TO INTERROGATORY NO. 4**

24     MDC incorporates by reference its Preliminary Statement and General Objections as

25 though set forth in full herein.

26     MDC also objects that the term "RECORD RETENTION POLICIES," as defined, is

27 vague, ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore

28 violates California Civil Procedure Code section 2030.030(a).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

2    burdensome and oppressive, information that is neither relevant to the subject matter of the lawsuit

3    nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs have

4    not proffered any competent evidence demonstrating that Mr. Vest in fact breathed airborne

5    asbestos fibers from any product or component manufactured or supplied by MDC. The burden

6    and expense of attempting to respond to this interrogatory outweighs the likely benefit, if any, of

7    any information which might be responsive.

8    **INTERROGATORY NO. 5**

9        Provide the serial number of each aircraft DEFENDANT sold to Emery Worldwide

10   Airlines prior to 2002.

11   **RESPONSE TO INTERROGATORY NO. 5**

12       MDC incorporates by reference its Preliminary Statement and General Objections as

13   though set forth in full herein.

14       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

15   burdensome and oppressive and seeks information that is neither relevant to the subject matter of

16   the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

17   Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

18   airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

19   burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

20   any, of any information which might be responsive.

21   **INTERROGATORY NO. 6**

22       State the year of manufacture of each aircraft DEFENDANT sold to Emery Worldwide

23   Airlines prior to 2002.

24   **RESPONSE TO INTERROGATORY NO. 6**

25       MDC incorporates by reference its Preliminary Statement and General Objections as

26   though set forth in full herein.

27       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

28   burdensome and oppressive and seeks information that is neither relevant to the subject matter of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS793026.1

7

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-291

1  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

2  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

3  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

4  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

5  any, of any information which might be responsive.

6  **INTERROGATORY NO. 7**

7      Provide the serial number of each aircraft DEFENDANT sold to World Airways prior to

8  1986.

9  **RESPONSE TO INTERROGATORY NO. 7**

10      MDC incorporates by reference its Preliminary Statement and General Objections as

11  though set forth in full herein.

12      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

13  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

14  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

15  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

16  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

17  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

18  any, of any information which might be responsive.

19  **INTERROGATORY NO. 8**

20      State the year of manufacture of each aircraft DEFENDANT supplied to World Airways

21  prior to 1986.

22  **RESPONSE TO INTERROGATORY NO. 8**

23      MDC incorporates by reference its Preliminary Statement and General Objections as

24  though set forth in full herein.

25      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

26  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

27  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

28  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-292

1   airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

2   burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

3   any, of any information which might be responsive.

4   **INTERROGATORY NO. 9**

5       Did any of the DC-8 aircraft DEFENDANT manufactured at any time contain any

6   ASBESTOS-CONTAINING PRODUCTS?

7       "ASBESTOS-CONTAINING PRODUCTS" shall refer to, without limitation, any and all

8   products that contain any asbestos dust, fiber or vermiculite, including but not limited to turbine

9   engines and/or jet engines, power plants, adhesives, epoxies, acoustical materials, roofing

10  materials, floor beams, flooring materials, electrical wiring and cables, electrical switches, brake

11  insulation, brake assemblies, brake lining, brake shoes, brake pads, loop clamps, wire harnesses,

12  high temperature wires, aircraft wires, seals and sealants, ducts, thermocouples, thermometers,

13  sound liners and other sound absorbent materials, seat cushions, flotation devises, vacuum pumps,

14  cargo winches, braided packing, asbestos strut pads, cubic and wire covers, linkage housing, door

15  blockers, shrouds, fan sleeves, shims, coupling flanges, retaining straps, fan casings, rubbing

16  strips, air pumps, air seals, overheating deterrents, piping insulation, seal elements, bushing, flange

17  bushing, phenolic resin and asbestos bushing, assemblies, insulation strips, sight glass,

18  compressed sheet rub strips, compressed sheet washers, compressed sheet seals, firezone type

19  wires, firezone insulation wires, lift sensors, oxygen sensors, asbestos and wire insulated tadpole

20  seals, forward and back fireseals, tube grommets, heat shields, teflon tape, asbestos tape, air

21  clutches, electrobestos spacers and insulators, plugs, firewall sheets, impregnated cloths, packing,

22  actuators, cargo doors, sighting doors, sound panels, fuel manifolds, pneumatic duct insulation,

23  pneumatic bracket insulation, guide brackets, pneumatic augmentation devices, pneumatic ice

24  protection devices, gaskets, tape, liner, seal, coated 0-ring seals, rubber 0-rings, shims, bumper

25  strips, rubbing strips, rubbing pads, wear strips, tubing, etched tubing, film for end caps, and paper

26  teflon asbestos parts.

27  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

28      MDC incorporates by reference its Preliminary Statement and General Objections as

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-293

1  though set forth in full herein.

2      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

3  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

4  burdensome and oppressive, and requests information that is neither relevant nor reasonably

5  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

6  objectionable.

7      Subject to and without waiving these objections, MDC responds as follows:

8      MDC has manufactured, sold and/or supplied certain military and civilian aircraft, and

9  certain components for such aircraft for many years.  MDC notes that after delivery of the new

10  aircraft to its customer, any modification, alterations, maintenance, repairs and/or replacement of

11  such original components would have been performed by persons and/or entities other than MDC

12  and for which MDC was (or is) not responsible.  Such aircraft are/were highly sophisticated,

13  complex, state of the art machines built with thousands of, indeed sometimes over 100,000, parts,

14  components, systems, sub-systems, assemblies, sub-assemblies, and/or devices.  Use of many of

15  these components and assemblies were dictated by aircraft purchaser (*e.g.*, the Government or an

16  operator) and some of the components and assemblies were purchased by MDC's customer

17  directly from the Original Equipment Manufacturer ("OEM") and delivered to MDC to install in

18  the aircraft.  MDC is informed (but in many instances has not confirmed) that some of these

19  aircraft may have had components manufactured and/or supplied by others that contained

20  asbestos.  MDC cannot confirm what types of asbestos were used in these components and some

21  of this information was withheld as proprietary by the vendor or not disclosed by the Government.

22  Typically, however, any such asbestos would have been impregnated with or encapsulated by a

23  non-asbestos material so that the particular part or component did not present a human health

24  hazard with regard to the inhalation of airborne asbestos fibers.

25      For example, in this action, Plaintiffs have claimed that Mr. Vest was exposed to certain

26  components from MDC's DC-8 and possibly DC-10 aircraft.  The brake assemblies on the DC-8

27  aircraft were designed, manufactured, and supplied by Bendix.  The DC-8 brakes were made of a

28  forged aluminum housing, a forged steel alloy torque tube, chrome-plated aluminum alloy

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-294

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  cylinder sleeves, and steel disks.  The brake assemblies on the DC-10 aircraft were designed,

2  manufactured, and supplied by Goodyear Aerospace Corporation.  The DC-10 brakes were made

3  of a forged aluminum housing, a forged steel alloy torque tube, chrome-plated aluminum alloy

4  cylinder sleeves, and steel disks.  The friction surfaces in the DC-8 and DC-10 brakes, *i.e.*, the

5  rotating and stationary disks and disk linings, had no asbestos content.  The rotating disks (known

6  as "rotors") and the stationery disks (known as "stators") were made of steel.  On the DC-8, the

7  disk linings were riveted to the stationery disks, and made of cerametallic material.

8  "Cerametallic" refers to a compound of stable ceramic and metallic ingredients.  On the DC-10,

9  the disk linings were riveted to the rotating disks, and made of sintered metal.  "Sintered" refers to

10  a process by which metal is formed into a mass by heating without melting.  Also, steel wear pads

11  were riveted to the stationary disks, pressure plate, and tongue tube back plate.  There were no

12  asbestos brake pads on the DC-8 or DC-10.  The only asbestos-containing component in the DC-8

13  and DC-10 brake assemblies was a single, very small part called a piston insulator.  The piston

14  insulator was made of phenolic resin with a very small amount of asbestos encapsulated in the

15  part.  The DC-8 and DC-10 piston insulators were not friction components, and none of the small

16  amount of encapsulated asbestos in them would have been subject to wear or abrasion.  MDC

17  reiterates that there is no evidence that its aircraft present any human health hazard with respect to

18  any asbestos used in any components thereof.

19      In addition, MDC refers Plaintiffs to the All Operators Letter ("AOL") it issued in 1989

20  and 1992.

21  **INTERROGATORY NO. 10**

22      NAME all ASBESTOS-CONTAINING PRODUCTS included in the DC-8 aircraft

23  DEFENDANT manufactured at any time.

24      "NAME" shall mean to identify the product(s), by trade name, brand name, serial number,

25  model, and any other designation by which the product is known.

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

27      MDC incorporates by reference its Preliminary Statement and General Objections as

28  though set forth in full herein.

SM01DOCS793026.1                 11

Exhibit 9-295

1   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

2   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

3   burdensome and oppressive, and requests information that is neither relevant nor reasonably

4   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

5   objectionable.

6       Subject to and without waiving these objections, MDC responds as follows:

7       See MDC's Supplement Response to Interrogatory No. 9.

8   **INTERROGATORY NO. 11**

9       IDENTIFY all SOURCES of the ASBESTOS-CONTAINING PRODUCTS included in

10  the DC-8 aircraft DEFENDANT manufactured at any time.

11      "SOURCE(S)" shall refer to and include but not be limited to manufacturers, distributors,

12  wholesalers, resellers, jobbers, brokers, agents or other entities.

13  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

14      MDC incorporates by reference its Preliminary Statement and General Objections as

15  though set forth in full herein.

16      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

17  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

18  burdensome and oppressive, and requests information that is neither relevant nor reasonably

19  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

20  objectionable.

21      Subject to and without waiving these objections, MDC responds as follows:

22      See MDC's Supplement Response to Interrogatory No. 9.

23  **INTERROGATORY NO. 12**

24      IDENTIFY all individuals with information regarding ASBESTOS-CONTAINING

25  PRODUCTS included in the DC-8 aircraft DEFENDANT manufactured at any time.

26  **RESPONSE TO INTERROGATORY NO. 12**

27      MDC incorporates by reference its Preliminary Statement and General Objections as

28  though set forth in full herein.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

2 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

3 burdensome and oppressive, and requests information that is neither relevant nor reasonably

4 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

5 objectionable. The aircraft that may be at-issue in the present litigation contain extremely

6 complex specifications and designs, and comprise a multitude of component parts and systems

7 provided by numerous independent manufacturers and subcontractors. Accordingly, any such

8 aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

9 Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

10 all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

11 have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

12 be at issue was approved the United States Government and sold to its customers (*e.g.*,

13 Government, airlines, couriers), who may have performed maintenance and modifications to the

14 aircraft, possibly including the installation of parts or systems containing some quantity of

15 asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

16 overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

17 an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

18 In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

19 maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

20 no information or knowledge that, and there is no evidence whatsoever that, any such type

21 components around which Mr. Vest may have worked were originally installed on any MDC

22 aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

23 modifications, alterations, maintenance, repairs and/or replacement of such original components

24 would have been performed by persons and/or entities other than MDC.

25 MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

26 burdensome, oppressive, and compound, and seeks information that is neither relevant to the

27 subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

28 evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

2   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

3   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

4   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

5   investigation and/or discovery of facts relating to this action.

6   MDC further objects to this interrogatory on the grounds that it seeks premature expert

7   witness discovery, including discovery of expert opinions and documents, in violation of Code of

8   Civil Procedure Section 2034.010 *et seq.*

9   MDC further objects to this interrogatory to the extent that it seeks information which is

10  protected by the work product doctrine.

11  **INTERROGATORY NO. 13**

12  DESCRIBE all DOCUMENTS with information regarding ASBESTOS-CONTAINING

13  PRODUCTS included in the DC-8 aircraft DEFENDANT manufactured at any time.

14  "DESCRIBE" shall mean to state the date, type (i.e. invoice, bid, correspondence, etc.),

15  author(s), present location and custodian of all responsive DOCUMENTS, whether or not a claim

16  of any privilege as to the contents of any DOCUMENT is or will be made.

17  **RESPONSE TO INTERROGATORY NO. 13**

18  MDC incorporates by reference its Preliminary Statement and General Objections as

19  though set forth in full herein.

20  MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

21  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

22  burdensome and oppressive, and requests information that is neither relevant nor reasonably

23  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

24  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

25  complex specifications and designs, and comprise a multitude of component parts and systems

26  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

27  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

28  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

2  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

3  be at issue was approved the United States Government and sold to its customers (*e.g.*,

4  Government, airlines, couriers), who may have performed maintenance and modifications to the

5  aircraft, possibly including the installation of parts or systems containing some quantity of

6  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

7  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

8  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

9  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

10  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

11  no information or knowledge that, and there is no evidence whatsoever that, any such type

12  components around which Mr. Vest may have worked were originally installed on any MDC

13  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

14  modifications, alterations, maintenance, repairs and/or replacement of such original components

15  would have been performed by persons and/or entities other than MDC.

16       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

17  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

18  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

19  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

20  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

21  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

22  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

23  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

24  investigation and/or discovery of facts relating to this action.

25       MDC further objects to this interrogatory on the grounds that it seeks premature expert

26  witness discovery, including discovery of expert opinions and documents, in violation of Code of

27  Civil Procedure Section 2034.010 *et seq.*

28       MDC further objects to this interrogatory to the extent that it seeks information which is

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-299

1  protected by the work product doctrine.

2  **INTERROGATORY NO. 14**

3       Did DEFENDANT supply ASBESTOS-CONTAINING PRODUCTS to Emery

4  Worldwide Airways at any time prior to 2002?

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

6       MDC incorporates by reference its Preliminary Statement and General Objections as

7  though set forth in full herein.

8       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

9  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

10  burdensome and oppressive, and requests information that is neither relevant nor reasonably

11  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

12  objectionable.

13       Subject to and without waiving these objections, MDC responds as follows:

14       See MDC's Supplement Response to Interrogatory No. 9.

15  **INTERROGATORY NO. 15**

16       State all years, prior to 2002, in which DEFENDANT supplied ASBESTOS-

17  CONTAINING PRODUCTS to Emery Worldwide Airways.

18  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**

19       MDC incorporates by reference its Preliminary Statement and General Objections as

20  though set forth in full herein.

21       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

22  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

23  burdensome and oppressive, and requests information that is neither relevant nor reasonably

24  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

25  objectionable.

26       Subject to and without waiving these objections, MDC responds as follows:

27       See MDC's Supplement Response to Interrogatory No. 9.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-300

1 **INTERROGATORY NO. 16**

2     NAME all ASBESTOS-CONTAINING PRODUCTS DEFENDANT supplied to Emery

3 Worldwide Airways prior to 2002.

4 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16**

5     MDC incorporates by reference its Preliminary Statement and General Objections as

6 though set forth in full herein.

7     MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

8 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

9 burdensome and oppressive, and requests information that is neither relevant nor reasonably

10 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

11 objectionable.

12     Subject to and without waiving these objections, MDC responds as follows:

13     See MDC's Supplement Response to Interrogatory No. 9.

14 **INTERROGATORY NO. 17**

15     IDENTIFY all individuals with knowledge regarding DEFENDANT's supply of

16 ASBESTOS-CONTAINING PRODUCTS to Emery Worldwide Airways prior to 2002.

17 **RESPONSE TO INTERROGATORY NO. 17**

18     MDC incorporates by reference its Preliminary Statement and General Objections as

19 though set forth in full herein.

20     MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

21 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

22 burdensome and oppressive, and requests information that is neither relevant nor reasonably

23 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

24 objectionable. The aircraft that may be at-issue in the present litigation contain extremely

25 complex specifications and designs, and comprise a multitude of component parts and systems

26 provided by numerous independent manufacturers and subcontractors. Accordingly, any such

27 aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

28 Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

---

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-301

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

2  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

3  be at issue was approved the United States Government and sold to its customers (*e.g.*,

4  Government, airlines, couriers), who may have performed maintenance and modifications to the

5  aircraft, possibly including the installation of parts or systems containing some quantity of

6  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

7  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

8  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

9  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

10  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

11  no information or knowledge that, and there is no evidence whatsoever that, any such type

12  components around which Mr. Vest may have worked were originally installed on any MDC

13  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

14  modifications, alterations, maintenance, repairs and/or replacement of such original components

15  would have been performed by persons and/or entities other than MDC.

16      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

17  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

18  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

19  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

20  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

21  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

22  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

23  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

24  investigation and/or discovery of facts relating to this action.

25      MDC further objects to this interrogatory on the grounds that it seeks premature expert

26  witness discovery, including discovery of expert opinions and documents, in violation of Code of

27  Civil Procedure Section 2034.010 *et seq.*

28      MDC further objects to this interrogatory to the extent that it seeks information which is

SM01DOCS793026.1           18

1   protected by the work product doctrine.

2   **INTERROGATORY NO. 18**

3        DESCRIBE all DOCUMENTS with information regarding DEFENDANT's supply of

4   ASBESTOS-CONTAINING PRODUCTS to Emery Worldwide Airways prior to 2002.

5   **RESPONSE TO INTERROGATORY NO. 18**

6        MDC incorporates by reference its Preliminary Statement and General Objections as

7   though set forth in full herein.

8        MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

9   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

10  burdensome and oppressive, and requests information that is neither relevant nor reasonably

11  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

12  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

13  complex specifications and designs, and comprise a multitude of component parts and systems

14  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

15  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

16  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

17  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

18  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

19  be at issue was approved the United States Government and sold to its customers (*e.g.*,

20  Government, airlines, couriers), who may have performed maintenance and modifications to the

21  aircraft, possibly including the installation of parts or systems containing some quantity of

22  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

23  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

24  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

25  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

26  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

27  no information or knowledge that, and there is no evidence whatsoever that, any such type

28  components around which Mr. Vest may have worked were originally installed on any MDC

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-303

1   aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

2   modifications, alterations, maintenance, repairs and/or replacement of such original components

3   would have been performed by persons and/or entities other than MDC.

4       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

5   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

6   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

7   evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

8   Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

9   supplied by MDC. The burden and expense of attempting to respond to this interrogatory

10   outweighs the likely benefit, if any, of any information which might be responsive. In addition,

11   MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

12   investigation and/or discovery of facts relating to this action.

13       MDC further objects to this interrogatory on the grounds that it seeks premature expert

14   witness discovery, including discovery of expert opinions and documents, in violation of Code of

15   Civil Procedure Section 2034.010 *et seq.*

16       MDC further objects to this interrogatory to the extent that it seeks information which is

17   protected by the work product doctrine.

18   **INTERROGATORY NO. 19**

19       Did DEFENDANT supply ASBESTOS-CONTAINING PRODUCTS to World Airways at

20   any time prior to 1986?

21   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

22       MDC incorporates by reference its Preliminary Statement and General Objections as

23   though set forth in full herein.

24       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

25   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

26   burdensome and oppressive, and requests information that is neither relevant nor reasonably

27   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

28   objectionable.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-304

1   Subject to and without waiving these objections, MDC responds as follows:

2   See MDC's Supplement Response to Interrogatory No. 9.

3   **INTERROGATORY NO. 20**

4   State all years, prior to 1986, in which DEFENDANT supplied ASBESTOS-

5   CONTAINING PRODUCTS to World Airways.

6   **RESPONSE TO INTERROGATORY NO. 20**

7   MDC incorporates by reference its Preliminary Statement and General Objections as

8   though set forth in full herein.

9   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

10  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

11  burdensome and oppressive, and requests information that is neither relevant nor reasonably

12  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

13  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

14  complex specifications and designs, and comprise a multitude of component parts and systems

15  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

16  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

17  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

18  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

19  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

20  be at issue was approved the United States Government and sold to its customers (*e.g.*,

21  Government, airlines, couriers), who may have performed maintenance and modifications to the

22  aircraft, possibly including the installation of parts or systems containing some quantity of

23  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

24  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

25  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

26  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

27  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

28  no information or knowledge that, and there is no evidence whatsoever that, any such type

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-305

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  components around which Mr. Vest may have worked were originally installed on any MDC

2  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

3  modifications, alterations, maintenance, repairs and/or replacement of such original components

4  would have been performed by persons and/or entities other than MDC.

5      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

6  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

7  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

8  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

9  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

10  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

11  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

12  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

13  investigation and/or discovery of facts relating to this action.

14  **INTERROGATORY NO. 21**

15      NAME all ASBESTOS-CONTAINING PRODUCTS DEFENDANT supplied to World

16  Airways prior to 1986.

17  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

18      MDC incorporates by reference its Preliminary Statement and General Objections as

19  though set forth in full herein.

20      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

21  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

22  burdensome and oppressive, and requests information that is neither relevant nor reasonably

23  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

24  objectionable.

25      Subject to and without waiving these objections, MDC responds as follows:

26      See MDC's Supplement Response to Interrogatory No. 9.

27  **INTERROGATORY NO. 22**

28      IDENTIFY all individuals with knowledge regarding DEFENDANT's supply of

SM01DOCS793026.1         22

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-306

1   ASBESTOS-CONTAINING PRODUCTS to World Airways prior to 1986.

2   **RESPONSE TO INTERROGATORY NO. 22**

3   MDC incorporates by reference its Preliminary Statement and General Objections as

4   though set forth in full herein.

5   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

6   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

7   burdensome and oppressive, and requests information that is neither relevant nor reasonably

8   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

9   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

10  complex specifications and designs, and comprise a multitude of component parts and systems

11  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

12  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

13  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

14  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

15  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

16  be at issue was approved the United States Government and sold to its customers (*e.g.*,

17  Government, airlines, couriers), who may have performed maintenance and modifications to the

18  aircraft, possibly including the installation of parts or systems containing some quantity of

19  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

20  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

21  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

22  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

23  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

24  no information or knowledge that, and there is no evidence whatsoever that, any such type

25  components around which Mr. Vest may have worked were originally installed on any MDC

26  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

27  modifications, alterations, maintenance, repairs and/or replacement of such original components

28  would have been performed by persons and/or entities other than MDC.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-307

1  MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

2  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

3  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

4  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

5  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

6  supplied by MDC.  The burden and expense of attempting to respond to this interrogatory

7  outweighs the likely benefit, if any, of any information which might be responsive.  In addition,

8  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

9  investigation and/or discovery of facts relating to this action.

10  MDC further objects to this interrogatory on the grounds that it seeks premature expert

11  witness discovery, including discovery of expert opinions and documents, in violation of Code of

12  Civil Procedure Section 2034.010 *et seq.*

13  MDC further objects to this interrogatory to the extent that it seeks information which is

14  protected by the work product doctrine.

15  **INTERROGATORY NO. 23**

16  DESCRIBE all DOCUMENTS with information regarding DEFENDANT's supply of

17  ASBESTOS-CONTAINING PRODUCTS to World Airways prior to 1986.

18  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

19  MDC incorporates by reference its Preliminary Statement and General Objections as

20  though set forth in full herein.

21  MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

22  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

23  burdensome and oppressive, and requests information that is neither relevant nor reasonably

24  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

25  objectionable.

26  Subject to and without waiving these objections, MDC responds as follows:

27  See MDC's Supplement Response to Interrogatory No. 9.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**INTERROGATORY NO. 24**

Did DEFENDANT specify asbestos-containing replacement parts for any of the DC-8 aircraft it manufactured at any time?

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24**

MDC incorporates by reference its Preliminary Statement and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

Subject to and without waiving these objections, MDC responds as follows:

See MDC's Supplement Response to Interrogatory No. 9.

**INTERROGATORY NO. 25**

NAME all asbestos-containing replacement parts DEFENDANT specified for the DC-8 aircraft it manufactured at any time.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 25**

MDC incorporates by reference its Preliminary Statement and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

Subject to and without waiving these objections, MDC responds as follows:

See MDC's Supplement Response to Interrogatory No. 9.

**INTERROGATORY NO. 26**

IDENTIFY the sources of the asbestos-containing replacement parts DEFENDANT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-309

1   specified for the DC-8 aircraft it manufactured at any time.

2   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 26**

3   MDC incorporates by reference its Preliminary Statement and General Objections as

4   though set forth in full herein.

5   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

6   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

7   burdensome and oppressive, and requests information that is neither relevant nor reasonably

8   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

9   objectionable.

10   Subject to and without waiving these objections, MDC responds as follows:

11   See MDC's Supplement Response to Interrogatory No. 9.

12   **INTERROGATORY NO. 27**

13   IDENTIFY all individuals with knowledge regarding asbestos-containing replacement

14   parts DEFENDANT specified for the DC-8 aircraft it manufactured at any time.

15   **RESPONSE TO INTERROGATORY NO. 27**

16   MDC incorporates by reference its Preliminary Statement and General Objections as

17   though set forth in full herein.

18   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

19   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

20   burdensome and oppressive, and requests information that is neither relevant nor reasonably

21   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

22   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

23   complex specifications and designs, and comprise a multitude of component parts and systems

24   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

25   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

26   Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

27   all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

28   have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-310

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  be at issue was approved the United States Government and sold to its customers (*e.g.*,

2  Government, airlines, couriers), who may have performed maintenance and modifications to the

3  aircraft, possibly including the installation of parts or systems containing some quantity of

4  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

5  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

6  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

7  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

8  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

9  no information or knowledge that, and there is no evidence whatsoever that, any such type

10  components around which Mr. Vest may have worked were originally installed on any MDC

11  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

12  modifications, alterations, maintenance, repairs and/or replacement of such original components

13  would have been performed by persons and/or entities other than MDC.

14  MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

15  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

16  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

17  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

18  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

19  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

20  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

21  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

22  investigation and/or discovery of facts relating to this action.

23  MDC further objects to this interrogatory on the grounds that it seeks premature expert

24  witness discovery, including discovery of expert opinions and documents, in violation of Code of

25  Civil Procedure Section 2034.010 *et seq.*

26  MDC further objects to this interrogatory to the extent that it seeks information which is

27  protected by the work product doctrine.

28

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-311

## INTERROGATORY NO. 28

DESCRIBE all DOCUMENTS with information regarding asbestos-containing replacement parts DEFENDANT specified for the DC-8 aircraft it manufactured at any time.

## RESPONSE TO INTERROGATORY NO. 28

MDC incorporates by reference its Preliminary Statement and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable. The aircraft that may be at-issue in the present litigation contain extremely complex specifications and designs, and comprise a multitude of component parts and systems provided by numerous independent manufacturers and subcontractors. Accordingly, any such aircraft cannot fairly be characterized as a product as though it were a simple, unitary object. Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of all of the component parts and systems of all MDC aircraft to determine whether they do, may, or have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may be at issue was approved the United States Government and sold to its customers (*e.g.*, Government, airlines, couriers), who may have performed maintenance and modifications to the aircraft, possibly including the installation of parts or systems containing some quantity of asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products." In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any maintenance work on any specific component of any MDC aircraft. MDC further notes that it has no information or knowledge that, and there is no evidence whatsoever that, any such type components around which Mr. Vest may have worked were originally installed on any MDC aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-312

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  modifications, alterations, maintenance, repairs and/or replacement of such original components

2  would have been performed by persons and/or entities other than MDC.

3       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

4  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

5  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

6  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

7  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

8  supplied by MDC.  The burden and expense of attempting to respond to this interrogatory

9  outweighs the likely benefit, if any, of any information which might be responsive.  In addition,

10  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

11  investigation and/or discovery of facts relating to this action.

12       MDC further objects to this interrogatory on the grounds that it seeks premature expert

13  witness discovery, including discovery of expert opinions and documents, in violation of Code of

14  Civil Procedure Section 2034.010 *et seq.*

15       MDC further objects to this interrogatory to the extent that it seeks information which is

16  protected by the work product doctrine.

17  **INTERROGATORY NO. 29**

18       NAME all ASBESTOS-CONTAINING PRODUCTS on DEFENDANT's DC-8-71 F,

19  N8079U aircraft, serial number 45947.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29**

21       MDC incorporates by reference its Preliminary Statement and General Objections as

22  though set forth in full herein.

23       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

24  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

25  burdensome and oppressive, and requests information that is neither relevant nor reasonably

26  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

27  objectionable.

28       Subject to and without waiving these objections, MDC responds as follows:

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-313

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    See MDC's Supplement Response to Interrogatory No. 9.

2    **INTERROGATORY NO. 30**

3    IDENTIFY all SOURCES of the ASBESTOS-CONTAINING PRODUCTS on

4    DEFENDANT's DC-8-71 F, N8079U aircraft, serial number 45947.

5    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30**

6    MDC incorporates by reference its Preliminary Statement and General Objections as

7    though set forth in full herein.

8    MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

9    PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

10   burdensome and oppressive, and requests information that is neither relevant nor reasonably

11   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

12   objectionable.

13   Subject to and without waiving these objections, MDC responds as follows:

14   See MDC's Supplement Response to Interrogatory No. 9.

15   **INTERROGATORY NO. 31**

16   IDENTIFY all individuals with knowledge regarding ASBESTOS-CONTAINING

17   PRODUCTS on DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

18   **RESPONSE TO INTERROGATORY NO. 31**

19   MDC incorporates by reference its Preliminary Statement and General Objections as

20   though set forth in full herein.

21   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

22   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

23   burdensome and oppressive, and requests information that is neither relevant nor reasonably

24   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

25   objectionable. The aircraft that may be at-issue in the present litigation contain extremely

26   complex specifications and designs, and comprise a multitude of component parts and systems

27   provided by numerous independent manufacturers and subcontractors. Accordingly, any such

28   aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-314

1  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

2  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

3  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

4  be at issue was approved the United States Government and sold to its customers (*e.g.*,

5  Government, airlines, couriers), who may have performed maintenance and modifications to the

6  aircraft, possibly including the installation of parts or systems containing some quantity of

7  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

8  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

9  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

10  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

11  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

12  no information or knowledge that, and there is no evidence whatsoever that, any such type

13  components around which Mr. Vest may have worked were originally installed on any MDC

14  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

15  modifications, alterations, maintenance, repairs and/or replacement of such original components

16  would have been performed by persons and/or entities other than MDC.

17       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

18  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

19  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

20  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

21  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

22  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

23  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

24  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

25  investigation and/or discovery of facts relating to this action.

26       MDC further objects to this interrogatory on the grounds that it seeks premature expert

27  witness discovery, including discovery of expert opinions and documents, in violation of Code of

28  Civil Procedure Section 2034.010 *et seq.*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-315

1  MDC further objects to this interrogatory to the extent that it seeks information which is

2  protected by the work product doctrine.

3  **INTERROGATORY NO. 32**

4  DESCRIBE all DOCUMENTS with information regarding ASBESTOS-CONTAINING

5  PRODUCTS on DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

6  **RESPONSE TO INTERROGATORY NO. 32**

7  MDC incorporates by reference its Preliminary Statement and General Objections as

8  though set forth in full herein.

9  MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

10  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

11  burdensome and oppressive, and requests information that is neither relevant nor reasonably

12  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

13  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

14  complex specifications and designs, and comprise a multitude of component parts and systems

15  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

16  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

17  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

18  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

19  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

20  be at issue was approved the United States Government and sold to its customers (*e.g.*,

21  Government, airlines, couriers), who may have performed maintenance and modifications to the

22  aircraft, possibly including the installation of parts or systems containing some quantity of

23  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

24  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

25  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

26  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

27  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

28  no information or knowledge that, and there is no evidence whatsoever that, any such type

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE
Exhibit 9-316

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  components around which Mr. Vest may have worked were originally installed on any MDC

2  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

3  modifications, alterations, maintenance, repairs and/or replacement of such original components

4  would have been performed by persons and/or entities other than MDC.

5    MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

6  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

7  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

8  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

9  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

10  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

11  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

12  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

13  investigation and/or discovery of facts relating to this action.

14    MDC further objects to this interrogatory on the grounds that it seeks premature expert

15  witness discovery, including discovery of expert opinions and documents, in violation of Code of

16  Civil Procedure Section 2034.010 *et seq.*

17    MDC further objects to this interrogatory to the extent that it seeks information which is

18  protected by the work product doctrine.

19  **INTERROGATORY NO. 33**

20    NAME all asbestos-containing replacement parts DEFENDANT specified for

21  DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

22  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33**

23    MDC incorporates by reference its Preliminary Statement and General Objections as

24  though set forth in full herein.

25    MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

26  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

27  burdensome and oppressive, and requests information that is neither relevant nor reasonably

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-317

1   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

2   objectionable.

3       Subject to and without waiving these objections, MDC responds as follows:

4       See MDC's Supplement Response to Interrogatory No. 9.

5   **INTERROGATORY NO. 34**

6       IDENTIFY the SOURCES of the asbestos-containing replacement parts DEFENDANT

7   specified for DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

8   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34**

9       MDC incorporates by reference its Preliminary Statement and General Objections as

10   though set forth in full herein.

11       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

12   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

13   burdensome and oppressive, and requests information that is neither relevant nor reasonably

14   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

15   objectionable.

16       Subject to and without waiving these objections, MDC responds as follows:

17       See MDC's Supplement Response to Interrogatory No. 9.

18   **INTERROGATORY NO. 35**

19       IDENTIFY all individuals with knowledge regarding asbestos-containing replacement

20   parts DEFENDANT specified for DEFENDANT's DC-8- 71F, N8079U aircraft, serial number

21   45947.

22   **RESPONSE TO INTERROGATORY NO. 35**

23       MDC incorporates by reference its Preliminary Statement and General Objections as

24   though set forth in full herein.

25       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

26   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

27   burdensome and oppressive, and requests information that is neither relevant nor reasonably

28   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  objectionable. The aircraft that may be at-issue in the present litigation contain extremely
2  complex specifications and designs, and comprise a multitude of component parts and systems
3  provided by numerous independent manufacturers and subcontractors. Accordingly, any such
4  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.
5  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of
6  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or
7  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may
8  be at issue was approved the United States Government and sold to its customers (e.g.,
9  Government, airlines, couriers), who may have performed maintenance and modifications to the
10  aircraft, possibly including the installation of parts or systems containing some quantity of
11  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is
12  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of
13  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."
14  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any
15  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has
16  no information or knowledge that, and there is no evidence whatsoever that, any such type
17  components around which Mr. Vest may have worked were originally installed on any MDC
18  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any
19  modifications, alterations, maintenance, repairs and/or replacement of such original components
20  would have been performed by persons and/or entities other than MDC.

21  MDC further objects to this interrogatory on the grounds that it is overbroad, unduly
22  burdensome, oppressive, and compound, and seeks information that is neither relevant to the
23  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible
24  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.
25  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or
26  supplied by MDC. The burden and expense of attempting to respond to this interrogatory
27  outweighs the likely benefit, if any, of any information which might be responsive. In addition,
28  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   investigation and/or discovery of facts relating to this action.

2       MDC further objects to this interrogatory on the grounds that it seeks premature expert

3   witness discovery, including discovery of expert opinions and documents, in violation of Code of

4   Civil Procedure Section 2034.010 *et seq.*

5       MDC further objects to this interrogatory to the extent that it seeks information which is

6   protected by the work product doctrine.

7   **INTERROGATORY NO. 36**

8       DESCRIBE all DOCUMENTS with information regarding asbestos-containing

9   replacement parts DEFENDANT specified for DEFENDANT's DC-8-71 F, N8079U aircraft,

10  serial number 45947.

11  **RESPONSE TO INTERROGATORY NO. 36**

12      MDC incorporates by reference its Preliminary Statement and General Objections as

13  though set forth in full herein.

14      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

15  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

16  burdensome and oppressive, and requests information that is neither relevant nor reasonably

17  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

18  objectionable. The aircraft that may be at-issue in the present litigation contain extremely

19  complex specifications and designs, and comprise a multitude of component parts and systems

20  provided by numerous independent manufacturers and subcontractors. Accordingly, any such

21  aircraft cannot fairly be characterized as a product as though it were a simple, unitary object.

22  Moreover, it would be an extraordinarily burdensome undertaking to conduct a complete survey of

23  all of the component parts and systems of all MDC aircraft to determine whether they do, may, or

24  have contained some asbestos fibers in any form. Furthermore, the design of any aircraft that may

25  be at issue was approved the United States Government and sold to its customers (*e.g.*,

26  Government, airlines, couriers), who may have performed maintenance and modifications to the

27  aircraft, possibly including the installation of parts or systems containing some quantity of

28  asbestos. Accordingly, MDC objects to this interrogatory on the grounds that the interrogatory is

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  overbroad, vague, ambiguous, unintelligible, unduly burdensome, and oppressive in the context of

2  an aircraft manufacturer. MDC does not consider airplanes to be "asbestos-containing products."

3  In addition, MDC notes that there is no admissible evidence that Mr. Vest performed any

4  maintenance work on any specific component of any MDC aircraft. MDC further notes that it has

5  no information or knowledge that, and there is no evidence whatsoever that, any such type

6  components around which Mr. Vest may have worked were originally installed on any MDC

7  aircraft at the time the aircraft was delivered. After delivery of the aircraft to its customer, any

8  modifications, alterations, maintenance, repairs and/or replacement of such original components

9  would have been performed by persons and/or entities other than MDC.

10      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

11  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

12  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

13  evidence because Plaintiffs have not proffered any competent evidence demonstrating that Mr.

14  Vest in fact breathed airborne asbestos fibers from any product or component manufactured or

15  supplied by MDC. The burden and expense of attempting to respond to this interrogatory

16  outweighs the likely benefit, if any, of any information which might be responsive. In addition,

17  MDC objects on the ground that the interrogatory is premature in that MDC has not completed its

18  investigation and/or discovery of facts relating to this action.

19      MDC further objects to this interrogatory on the grounds that it seeks premature expert

20  witness discovery, including discovery of expert opinions and documents, in violation of Code of

21  Civil Procedure Section 2034.010 *et seq.*

22      MDC further objects to this interrogatory to the extent that it seeks information which is

23  protected by the work product doctrine.

24  **INTERROGATORY NO. 37**

25      Did DEFENDANT provide any AOLS to World Airways at any time?

26      "AOL" shall mean an All Operator Letter.

27  **RESPONSE TO INTERROGATORY NO. 37**

28      MDC incorporates by reference its Preliminary Statement and General Objections as

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-321

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  though set forth in full herein.

2      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

3  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

4  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

5  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

6  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

7  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

8  any, of any information which might be responsive. In addition, MDC objects on the ground that

9  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

10  facts relating to this action.

11  **INTERROGATORY NO. 38**

12      State the date of each AOL DEFENDANT provided to World Airways:

13  **RESPONSE TO INTERROGATORY NO. 38**

14      MDC incorporates by reference its Preliminary Statement and General Objections as

15  though set forth in full herein.

16      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

17  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

18  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

19  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

20  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

21  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

22  any, of any information which might be responsive. In addition, MDC objects on the ground that

23  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

24  facts relating to this action.

25  **INTERROGATORY NO. 39**

26      Did DEFENDANT provide any AOLs to Emery Worldwide Airlines at any time?

27  **RESPONSE TO INTERROGATORY NO. 39**

28      MDC incorporates by reference its Preliminary Statement and General Objections as

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-322

1   though set forth in full herein.

2       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

3   burdensome and oppressive and seeks information that is neither relevant to the subject matter of

4   the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

5   Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

6   airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

7   burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

8   any, of any information which might be responsive. In addition, MDC objects on the ground that

9   the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

10  facts relating to this action.

11  **INTERROGATORY NO. 40**

12      State the date of each AOL DEFENDANT provided to Emery Worldwide Airlines.

13  **RESPONSE TO INTERROGATORY NO. 40**

14      MDC incorporates by reference its Preliminary Statement and General Objections as

15  though set forth in full herein.

16      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

17  burdensome and oppressive and seeks information that is neither relevant to the subject matter of

18  the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence because

19  Plaintiffs have not proffered any competent evidence demonstrating that Mr. Vest in fact breathed

20  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

21  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

22  any, of any information which might be responsive. In addition, MDC objects on the ground that

23  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

24  facts relating to this action.

25  **INTERROGATORY NO. 41**

26      Did DEFENDANT provide information to anyone at any time regarding the HANDLING

27  OF ASBESTOS?

28      "HANDLING OF ASBESTOS" shall refer to how to process, use, and/or handle asbestos

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   materials to minimize dust and exposure to dust.

2   **RESPONSE TO INTERROGATORY NO. 41**

3       MDC incorporates by reference its Preliminary Statement and General Objections as

4   though set forth in full herein.

5       MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

6   ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

7   California Civil Procedure Code section 2030.030(a).

8       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

9   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

10  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

11  evidence insofar as the interrogatory seeks information for a period of time spanning several years

12  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

13  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

14  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

15  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

16  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

17  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

18  any, of any information which might be responsive. In addition, MDC objects on the ground that

19  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

20  facts relating to this action, including but not limited to taking the deposition of any percipient

21  witnesses.

22  **INTERROGATORY NO. 42**

23      Set forth all information DEFENDANT provided to anyone at any time regarding the

24  HANDLING OF ASBESTOS.

25  **RESPONSE TO INTERROGATORY NO. 42**

26      MDC incorporates by reference its Preliminary Statement and General Objections as

27  though set forth in full herein.

28      MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

2    California Civil Procedure Code section 2030.030(a).

3         MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

4    burdensome, oppressive, and compound, and seeks information that is neither relevant to the

5    subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

6    evidence insofar as the interrogatory seeks information for a period of time spanning several years

7    about unknown and insufficiently identified "products" without any pertinent connection to Mr.

8    Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

9    component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

10   specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

11   airborne asbestos fibers from any product or component manufactured or supplied by MDC.  The

12   burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

13   any, of any information which might be responsive.  In addition, MDC objects on the ground that

14   the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

15   facts relating to this action, including but not limited to taking the deposition of any percipient

16   witnesses.

17   **INTERROGATORY NO. 43**

18        IDENTIFY all individuals who have knowledge regarding information DEFENDANT

19   provided to anyone at any time regarding the HANDLING OF ASBESTOS.

20   **RESPONSE TO INTERROGATORY NO. 43**

21        MDC incorporates by reference its Preliminary Statement and General Objections as

22   though set forth in full herein.

23        MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

24   ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

25   California Civil Procedure Code section 2030.030(a).

26        MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

27   burdensome, oppressive, and compound, and seeks information that is neither relevant to the

28   subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-325

1  evidence insofar as the interrogatory seeks information for a period of time spanning several years

2  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

3  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

4  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

5  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

6  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

7  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

8  any, of any information which might be responsive. In addition, MDC objects on the ground that

9  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

10  facts relating to this action, including but not limited to taking the deposition of any percipient

11  witnesses.

12  **INTERROGATORY NO. 44**

13       DESCRIBE all DOCUMENTS DEFENDANT provided to anyone at any time regarding

14  the HANDLING OF ASBESTOS.

15  **RESPONSE TO INTERROGATORY NO. 44**

16       MDC incorporates by reference its Preliminary Statement and General Objections as

17  though set forth in full herein.

18       MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

19  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

20  California Civil Procedure Code section 2030.030(a).

21       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

22  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

23  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

24  evidence insofar as the interrogatory seeks information for a period of time spanning several years

25  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

26  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

27  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

28  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-326

1  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

2  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

3  any, of any information which might be responsive. In addition, MDC objects on the ground that

4  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

5  facts relating to this action, including but not limited to taking the deposition of any percipient

6  witnesses.

7  **INTERROGATORY NO. 45**

8      Did DEFENDANT provide information to anyone at any time regarding the HAZARDS

9  OF ASBESTOS?

10      "HAZARDS OF ASBESTOS" shall refer to the deadly nature of asbestos, including but

11  not limited to the hazards of inhaling asbestos fibers which may include, disability, disease, and

12  death.

13  **RESPONSE TO INTERROGATORY NO. 45**

14      MDC incorporates by reference its Preliminary Statement and General Objections as

15  though set forth in full herein.

16      MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

17  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

18  California Civil Procedure Code section 2030.030(a).

19      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

20  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

21  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

22  evidence insofar as the interrogatory seeks information for a period of time spanning several years

23  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

24  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

25  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

26  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

27  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

28  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-327

1  any, of any information which might be responsive.  In addition, MDC objects on the ground that

2  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

3  facts relating to this action, including but not limited to taking the deposition of any percipient

4  witnesses.

**INTERROGATORY NO. 46**

6     Set forth fully all information DEFENDANT provided to anyone at any time regarding the

7  HAZARDS OF ASBESTOS.

**RESPONSE TO INTERROGATORY NO. 46**

9     MDC incorporates by reference its Preliminary Statement and General Objections as

10  though set forth in full herein.

11     MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

12  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

13  California Civil Procedure Code section 2030.030(a).

14     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

15  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

16  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

17  evidence insofar as the interrogatory seeks information for a period of time spanning several years

18  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

19  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

20  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

21  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

22  airborne asbestos fibers from any product or component manufactured or supplied by MDC.  The

23  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

24  any, of any information which might be responsive.  In addition, MDC objects on the ground that

25  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

26  facts relating to this action, including but not limited to taking the deposition of any percipient

27  witnesses.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-328

1  **INTERROGATORY NO. 47**

2       IDENTIFY all individuals who have knowledge regarding information DEFENDANT

3  provided to anyone at any time regarding the HAZARDS OF ASBESTOS.

4  **RESPONSE TO INTERROGATORY NO. 47**

5       MDC incorporates by reference its Preliminary Statement and General Objections as

6  though set forth in full herein.

7       MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

8  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

9  California Civil Procedure Code section 2030.030(a).

10       MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

11  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

12  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

13  evidence insofar as the interrogatory seeks information for a period of time spanning several years

14  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

15  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

16  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

17  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

18  airborne asbestos fibers from any product or component manufactured or supplied by MDC. The

19  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

20  any, of any information which might be responsive. In addition, MDC objects on the ground that

21  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

22  facts relating to this action, including but not limited to taking the deposition of any percipient

23  witnesses.

24       MDC further objects to this interrogatory on the grounds that it seeks premature expert

25  witness discovery, including discovery of expert opinions and documents, in violation of Code of

26  Civil Procedure Section 2034.010 *et seq.*

27       MDC further objects to this interrogatory to the extent that it seeks information which is

28  protected by the work product doctrine.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-329

1   **INTERROGATORY NO. 48**

2       DESCRIBE all DOCUMENTS DEFENDANT provided to anyone at any time regarding

3   the HAZARDS OF ASBESTOS.

4   **RESPONSE TO INTERROGATORY NO. 48**

5       MDC incorporates by reference its Preliminary Statement and General Objections as

6   though set forth in full herein.

7       MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

8   ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

9   California Civil Procedure Code section 2030.030(a).

10      MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

11  burdensome, oppressive, and compound, and seeks information that is neither relevant to the

12  subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible

13  evidence insofar as the interrogatory seeks information for a period of time spanning several years

14  about unknown and insufficiently identified "products" without any pertinent connection to Mr.

15  Vest's alleged asbestos exposure, and Plaintiffs have not identified any particular MDC product or

16  component thereof to which Mr. Vest was allegedly exposed at a specific location or during a

17  specific time, or proffered any competent evidence demonstrating that Mr. Vest in fact breathed

18  airborne asbestos fibers from any product or component manufactured or supplied by MDC.  The

19  burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if

20  any, of any information which might be responsive.  In addition, MDC objects on the ground that

21  the interrogatory is premature in that MDC has not completed its investigation and/or discovery of

22  facts relating to this action, including but not limited to taking the deposition of any percipient

23  witnesses.

24  **INTERROGATORY NO. 49**

25      Have any worker's compensation claims been filed against DEFENDANT that allege

26  asbestos disease?

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-330

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 | **RESPONSE TO INTERROGATORY NO. 49**

2 |      In addition to its General Objections, which are incorporated by reference, MDC objects

3 | to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive,

4 | and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

5 | admissible evidence insofar as it seeks information regarding claims regarding alleged exposure

6 | to any purported asbestos in any building or other facility, any product which MDC did not design

7 | or manufacture, or any aircraft or components thereof other than those specific aircraft and their

8 | particular components allegedly involved in this action.

9 |      Subject to and without waiving these objections and its General Objections, which are

10 | incorporated by reference, MDC responds as follows without regard to the existence (or non-

11 | existence) of any asbestos in any of the aircraft involved in this action: MDC is not aware of any

12 | workers' compensation claims against it or any of its workers' compensation carrier(s) regarding

13 | any alleged exposure by a pilot to any purported asbestos in DC-8 aircraft.

14 | **INTERROGATORY NO. 50**

15 |      State the case name and number of each worker's compensation claim filed against

16 | DEFENDANT that alleges asbestos disease.

17 | **RESPONSE TO INTERROGATORY NO. 50**

18 |      In addition to its General Objections, which are incorporated by reference, MDC objects

19 | to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive,

20 | and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

21 | admissible evidence insofar as it seeks information regarding claims regarding alleged exposure

22 | to any purported asbestos in any building or other facility, any product which MDC did not design

23 | or manufacture, or any aircraft or components thereof other than those specific aircraft and their

24 | particular components allegedly involved in this action.

25 |      Subject to and without waiving these objections and its General Objections, which are

26 | incorporated by reference, MDC responds as follows without regard to the existence (or non-

27 | existence) of any asbestos in any of the aircraft involved in this action: MDC is not aware of any

28 |

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 9-331

1   workers' compensation claims against it or any of its workers' compensation carrier(s) regarding

2   any alleged exposure by a pilot to any purported asbestos in DC-8 aircraft.

3   **INTERROGATORY NO. 51**

4          List all sworn testimony given in worker's compensation claims filed against

5   DEFENDANT that allege asbestos disease.

6   **RESPONSE TO INTERROGATORY NO. 51**

7          In addition to its General Objections, which are incorporated by reference, MDC objects

8   to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive,

9   and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

10  admissible evidence insofar as it seeks information regarding claims regarding alleged exposure

11  to any purported asbestos in any building or other facility, any product which MDC did not design

12  or manufacture, or any aircraft or components thereof other than those specific aircraft and their

13  particular components allegedly involved in this action.

14         Subject to and without waiving these objections and its General Objections, which are

15  incorporated by reference, MDC responds as follows without regard to the existence (or non-

16  existence) of any asbestos in any of the aircraft involved in this action:  MDC is not aware of any

17  workers' compensation claims against it or any of its workers' compensation carrier(s) regarding

18  any alleged exposure by a pilot to any purported asbestos in DC-8 aircraft.

19

20  Dated:  July 12, 2010                    Respectfully submitted,

21                                           **BRYAN CAVE LLP**
                                             Robert E. Boone III
22                                           James C. Pettis
                                             M. Angela Buenaventura
23

24                                           By:  _____

25                                                   M. Angela Buenaventura
                                             Attorneys for Defendant
26                                           MCDONNELL DOUGLAS CORPORATION

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE
Exhibit 9-332

## VERIFICATION

I have read the foregoing **DEFENDANT MCDONNELL DOUGLAS CORPORATION'S SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES PROPOUNDED BY PLAINTIFFS TIMOTHY AND CAROLINE VEST, SET ONE** and know its contents.

I am a Senior Manager, Systems of The Boeing Company and am authorized to make this verification for and on behalf of its wholly-owned subsidiary, McDonnell Douglas Corporation ("MDC"). The matters stated in MDC's responses are not within my personal knowledge; the facts therein have been assembled by authorized employees and counsel of McDonnell Douglas Corporation, and I am informed and believe that the facts stated therein are true and correct.

Executed on July 9, 2010 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Daniel H. Marcotte

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401.

On **July 12, 2010**, I served the foregoing document, described as:

**1. DEFENDANT MCDONALD DOUGLAS CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE;**
**2. DEFENDANT MCDONNELL DOUGLAS CORPORATION'S SUPPLEMENTAL REPONSES TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE**

on each interested parties in this action, as follows:

## SEE ATTACHED SERVICE LIST

☒　　(BY OVERNIGHT COURIER) I deposited in a box or other facility maintained by Overnight Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

(BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number_____ to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A true copy of each such transmission report is attached hereto.

Executed on **July 12, 2010**, at Santa Monica, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Alicia Moore

SM01DOCS775784.2

PROOF OF SERVICE

Exhibit 9-334

| | |
|---|---|
| **SERVICE LIST**<br>**Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.**<br>**Alameda County Superior Court No. RG09489518** | |

1
2
3
4
5
6
7
8
9

Denise Abrams, Esq.
Justin A. Bosl, Esq.
KAZAN, McCLAIN, LYONS, GREENWOOD
& HARLEY
A Professional Law Corporation
171 Twelfth Street, Third Floor
Oakland, CA 94607
Telephone:      (510) 302-1000
Facsimile:
*Attorney for Plaintiffs*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

C146342/0306464/775784.2

1

*Timothy Vest and Caroline Vest v. Allied Packing & Supply, Inc., et al.*

U.S.D.C., Northern District of California Case No. C-11-00061 LB

# Exhibit 10

RECEIVED
email
DEC 1 7 2010
KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
Records

1   **BRYAN CAVE LLP**
    Robert E. Boone III, California Bar No. 132780
2   James C. Pettis, California Bar No. 223953
    Linda C. Hsu, California Bar No. 239880
3   120 Broadway, Suite 300
    Santa Monica, California  90401-2386
4   Telephone:      (310) 576-2100
    Facsimile:      (310) 576-2200
5
6   Attorneys for Defendant
    MCDONNELL DOUGLAS CORPORATION
7
8              **SUPERIOR COURT OF THE STATE CALIFORNIA**
9                   **FOR THE COUNTY OF ALAMEDA**
10
11  TIMOTHY VEST and CAROLINE VEST,          Case No. RG09489518
12                                           Assigned for all pre-trial purposes to the
                    Plaintiff,               Hon. Kenneth Mark Burr
13
            vs.                              **DEFENDANT MCDONNELL DOUGLAS**
14                                           **CORPORATION'S AMENDED**
    ALLIED PACKING AND SUPPLY, et al.,       **RESPONSES TO PLAINTIFFS' SPECIAL**
15                                           **INTERROGATORIES, SET ONE**
                    Defendants.
16
17                                           Complaint Filed:   December 17, 2009
                                             Trial Date:        February 14, 2011
18
19          PROPOUNDING PARTY:      TIMOTHY VEST
20          RESPONDING PARTY:       MCDONNELL DOUGLAS CORPORATION
21          SET NUMBER:             ONE
22
23          Defendant McDonnell Douglas Corporation ("MDC") provides the following amended
24  responses to Plaintiffs' Special Interrogatories.
25                          **PRELIMINARY STATEMENT**
26          This response is made solely for the purpose of this action.  MDC has not yet completed
27  investigation of the facts relating to this action, and has not completed preparation for trial nor its
28  associated discovery.  As discovery proceeds, MDC may identify individuals who have

814822\0307472

1  knowledge concerning the subject matter of this action, or who participated in some capacity in

2  events underlying (or related to) this action, and/or MDC may discover facts, information,

3  evidence, documents, and things which are not set forth in this response but which may be

4  responsive.  The following response is based on MDC's present knowledge, information and

5  belief and is complete as to MDC's best knowledge at this time.  Furthermore, MDC has prepared

6  this response based on its good faith interpretation and understanding of the individual

7  interrogatory, but MDC reserves its right to correct any inadvertent errors or omissions. MDC also

8  reserves the right to conduct discovery with reference to, or to offer into evidence at the time of

9  trial, any and all facts, evidence, documents, and things developed during the course of discovery

10  and trial preparation, notwithstanding the reference to certain facts, evidence, documents, and

11  things in this response.  In addition, MDC reserves the right to revise and further supplement this

12  response based upon any information, evidence and documentation which may be discovered

13  subsequent to the service of this response as appropriate.  Additionally, except for the facts that are

14  explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from

15  this response.

16     To the extent that any interrogatory seeks information which is protected by the

17  attorney-client privilege and/or attorney work product doctrine, MDC will not respond.  Such

18  information includes, but is not limited to:

19     a.    All information concerning correspondence or other communications

20  between counsel for MDC or any of its agents or employees and MDC or any of its agents or

21  employees regarding this action;

22     b.    All information stemming from or related to the creation of documents for

23  use in this litigation including notes, memoranda, draft pleadings, and correspondence prepared

24  by, at the discretion of, or for review by counsel for MDC; and

25     c.    All information relating to activities engaged in at the direction of MDC

26  counsel or communicated to counsel in connection with threatened litigation.

27     Based on MDC's and Plaintiffs' agreements reached during various meet and confer

28  efforts regarding discovery, as well as the parties' Joint Statement dated December 6, 2010, and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

the Court's December 10, 2010, ruling on Plaintiffs' Motion to Compel MDC's Person Most Qualified/Custodian of Records ("PMQ/COR"), these responses are limited to the following components on the DC-8 and DC-10 aircraft (referred collectively as "Aircraft") identified by Plaintiffs in their Amended Responses to MDC's First Set of Special Interrogatories: heat shields used over hydraulic lines; hot ducts in pneumatic systems; and EA911F, EA934 and EA9309 epoxies used as adhesives on the new construction of Aircraft. In addition, these responses are temporally limited to the time of Mr. Vest's purported exposure to each aircraft as follows: DC-8 aircraft operated by Emery Worldwide Airlines from 1990 through 2000 and DC-8 and DC-10 aircraft operated by World Airways from 1973 through 1983. Finally, MDC will endeavor to respond to these Interrogatories to the best of its ability, but its responses may be limited by Plaintiffs' failure to specify the particular hydraulic lines and hot air ducts, as well as the particular component(s) of the aircraft that were repaired with epoxies, about which Plaintiffs seek information.

No response is or can be made to the interrogatories with respect to what was or may have been installed on any of the Aircraft at any time after delivery to the operator(s), Emery Worldwide Airlines and/or World Airways. MDC has no information or knowledge, and there is no evidence whatsoever, that any such components with or around which Mr. Vest allegedly worked were originally installed on any of the Aircraft at the time Emery Worldwide Airlines and/or World Airways took delivery of the planes from MDC. After delivery of the Aircraft to Emery Worldwide Airlines and/or World Airways, any modifications, alterations, maintenance, repairs and/or replacement of original components would have been performed by persons and/or entities other than MDC.

## AMENDED GENERAL OBJECTIONS

MDC makes the following objections to each interrogatory. These objections shall be deemed incorporated into each of MDC's responses.

1.     MDC objects to each interrogatory to the extent that it attempts to impose a duty on MDC to respond with information which is available from other individuals or entities, and to the extent that it seeks information that is otherwise available to the public and/or to Plaintiffs.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    2.    MDC objects to each interrogatory to the extent that it calls for the production of

2  trade secrets or commercially sensitive, confidential or proprietary information. MDC will only

3  respond with such information (if otherwise discoverable and non-objectionable) subject to the

4  Confidentiality Agreement executed in this case.

5    3.    MDC objects to each interrogatory to the extent that it calls for the production of

6  privileged information, including information protected by the attorney-client privilege,

7  information containing attorney work product, or information prepared in anticipation of litigation

8  or for trial.

9    4.    MDC incorporates each and every General Objection into each and every response

10  to Plaintiffs' interrogatories even though the General Objections are not specifically set forth in a

11  response.

## AMENDED RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

14  IDENTIFY each individual who provided information for the preparation of

15  DEFENDANT's responses to this set of interrogatories.

16  "IDENTIFY" shall mean to state the full name, current or last known address, and

17  telephone number, and if individual is or was an employee of DEFENDANT, all job titles, of the

18  named individual(s) or entity(ies).

19  "DEFENDANT" shall refer to defendant, McDonnell Douglas Corporation, and to its

20  attorneys, agents, employees, officers, parent entities, predecessors, subsidiaries, divisions, and

21  contract units.

## AMENDED RESPONSE TO INTERROGATORY NO. 1

23  Subject to and without waiving its General Objections, and specifically incorporating the

24  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

25  Robert E. Boone III, James C. Pettis, and Linda C. Hsu of Bryan Cave LLP, 120

26  Broadway, Suite 300, Santa Monica, California 90401, (310) 576-2100; Daniel H. Marcotte,

27  Senior Manager, Systems, The Boeing Company, Long Beach, California. Daniel H. Marcotte,

28  may be contacted through MDC's counsel.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**INTERROGATORY NO. 2**

IDENTIFY each individual who was consulted in the course of the preparation of DEFENDANT's responses to these interrogatories, whether or not they provided information.

**AMENDED RESPONSE TO INTERROGATORY NO. 2**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to this interrogatory on the grounds that it seeks premature expert witness discovery, including discovery of expert opinions and documents, in violation of Code of Civil Procedure Section 2034.010, *et seq.*

MDC further objects to this interrogatory to the extent that it seeks information which is protected by the work product doctrine.

**INTERROGATORY NO. 3**

Describe fully all INVESTIGATIONS undertaken by DEFENDANT to obtain the information sought in these interrogatories.

"INVESTIGATIONS" shall refer to all research, interviews, communications and other efforts to obtain information.

**AMENDED RESPONSE TO INTERROGATORY NO. 3**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC also objects that the term "INVESTIGATIONS," as defined, is vague, ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates California Civil Procedure Code Section 2030.030(a).

MDC further objects to this interrogatory on the grounds that it seeks premature expert witness discovery, including discovery of expert opinions and documents, in violation of Code of Civil Procedure Section 2034.010, *et seq.*

MDC further objects to this interrogatory to the extent that it seeks information which is protected by the work product doctrine.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**INTERROGATORY NO. 4**

Set forth DEFENDANT's RECORD RETENTION POLICIES.

"RECORD RETENTION POLICY(IES)" shall refer to any policy, formal or informal, pursuant to which defendant's DOCUMENTS are maintained or destroyed, including the legal and financial basis for deciding how long to retain documents, the period of time required and what categories of documents are subject to defendant's document retention policy.

"DOCUMENTS" shall mean all writings, as defined in California Evidence Code § 250, including without limitation: all originals and all duplicates of handwriting, typewriting, printing, photostats, photographs, electronic data on any of DEFENDANT's computers, facsimile, e-mail, and every other means of recording upon any tangible thing or other form of communication or representation.

**AMENDED RESPONSE TO INTERROGATORY NO. 4**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC also objects that the term "RECORD RETENTION POLICIES," as defined, is vague, ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates California Civil Procedure Code Section 2030.030(a).

MDC further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, information that is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of attempting to respond to this interrogatory as written outweighs the likely benefit, if any, of any information which might be responsive.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

MDC will produce responsive documents and/or witnesses in accordance with the Court's December 10, 2010, Order on Plaintiffs' Motion to Compel. Pursuant to Code of Civil Procedure Section 2030.230, MDC refers Plaintiffs to such documents, which MDC will produce on or before January 10, 2011, in accordance with the Court's order.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 **INTERROGATORY NO. 5**

2     Provide the serial number of each aircraft DEFENDANT sold to Emery Worldwide

3 Airlines prior to 2002.

4 **AMENDED RESPONSE TO INTERROGATORY NO. 5**

5     MDC incorporates by reference its Preliminary Statement, including the limitations as

6 detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

7     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

8 burdensome and oppressive and seeks information that is neither relevant to the subject matter of

9 the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The burden

10 and expense of attempting to respond to this interrogatory outweighs the likely benefit, if any, of

11 any information which might be responsive.

12     Subject to and without waiving its General Objections, and specifically incorporating the

13 limitations as detailed on pages 3 and 4 above, MDC responds as follows:

14     MDC did not sell any Aircraft to Emery Worldwide Airlines between 1990 and 2000.

15 **INTERROGATORY NO. 6**

16     State the year of manufacture of each aircraft DEFENDANT sold to Emery Worldwide

17 Airlines prior to 2002.

18 **AMENDED RESPONSE TO INTERROGATORY NO. 6**

19     MDC incorporates by reference its Preliminary Statement, including the limitations as

20 detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

21     MDC further objects to this interrogatory on the grounds that it is overbroad, unduly

22 burdensome and oppressive and seeks information that is neither relevant to the subject matter of

23 the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The burden

24 and expense of attempting to respond to this interrogatory outweighs the likely benefit, if any, of

25 any information which might be responsive.

26     Subject to and without waiving its General Objections, and specifically incorporating the

27 limitations as detailed on pages 3 and 4 above, MDC responds as follows:

28     MDC did not sell any Aircraft to Emery Worldwide Airlines between 1990 and 2000.

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-342

**INTERROGATORY NO. 7**

Provide the serial number of each aircraft DEFENDANT sold to World Airways prior to 1986.

**AMENDED RESPONSE TO INTERROGATORY NO. 7**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive and seeks information that is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if any, of any information which might be responsive.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

Pursuant to Code of Civil Procedure Section 2030.230, MDC refers Plaintiffs to the list of MDC Aircraft operated by World that MDC produced to Plaintiffs on July 28, 2010.

**INTERROGATORY NO. 8**

State the year of manufacture of each aircraft DEFENDANT supplied to World Airways prior to 1986.

**AMENDED RESPONSE TO INTERROGATORY NO. 8**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive and seeks information that is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of attempting to respond to this interrogatory outweighs the likely benefit, if any, of any information which might be responsive.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-343

1    MDC manufactured each Aircraft supplied to World Airways on or before 1983. Pursuant

2  to Code of Civil Procedure Section 2030.230, MDC refers Plaintiffs to the list of MDC Aircraft

3  operated by World that MDC produced to Plaintiffs on July 28, 2010.

**INTERROGATORY NO. 9**

5    Did any of the DC-8 aircraft DEFENDANT manufactured at any time contain any

6  ASBESTOS-CONTAINING PRODUCTS?

7    "ASBESTOS-CONTAINING PRODUCTS" shall refer to, without limitation, any and all

8  products that contain any asbestos dust, fiber or vermiculite, including but not limited to turbine

9  engines and/or jet engines, power plants, adhesives, epoxies, acoustical materials, roofing

10  materials, floor beams, flooring materials, electrical wiring and cables, electrical switches, brake

11  insulation, brake assemblies, brake lining, brake shoes, brake pads, loop clamps, wire harnesses,

12  high temperature wires, aircraft wires, seals and sealants, ducts, thermocouples, thermometers,

13  sound liners and other sound absorbent materials, seat cushions, flotation devises, vacuum pumps,

14  cargo winches, braided packing, asbestos strut pads, cubic and wire covers, linkage housing, door

15  blockers, shrouds, fan sleeves, shims, coupling flanges, retaining straps, fan casings, rubbing

16  strips, air pumps, air seals, overheating deterrents, piping insulation, seal elements, bushing, flange

17  bushing, phenolic resin and asbestos bushing, assemblies, insulation strips, sight glass,

18  compressed sheet rub strips, compressed sheet washers, compressed sheet seals, firezone type

19  wires, firezone insulation wires, lift sensors, oxygen sensors, asbestos and wire insulated tadpole

20  seals, forward and back fireseals, tube grommets, heat shields, teflon tape, asbestos tape, air

21  clutches, electrobestos spacers and insulators, plugs, firewall sheets, impregnated cloths, packing,

22  actuators, cargo doors, sighting doors, sound panels, fuel manifolds, pneumatic duct insulation,

23  pneumatic bracket insulation, guide brackets, pneumatic augmentation devices, pneumatic ice

24  protection devices, gaskets, tape, liner, seal, coated 0-ring seals, rubber 0-rings, shims, bumper

25  strips, rubbing strips, rubbing pads, wear strips, tubing, etched tubing, film for end caps, and paper

26  teflon asbestos parts.

**AMENDED RESPONSE TO INTERROGATORY NO. 9**

28    MDC incorporates by reference its Preliminary Statement, including the limitations as

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Exhibit 10-344

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

2  MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

3  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

4  burdensome and oppressive, and requests information that is neither relevant nor reasonably

5  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

6  objectionable.

7  Subject to and without waiving its General Objections, and specifically incorporating the

8  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

9  MDC has manufactured, sold and/or supplied certain military and civilian aircraft, and

10  certain components for such aircraft for many years. MDC notes that after delivery of the new

11  aircraft to its customer, any modification, alterations, maintenance, repairs and/or replacement of

12  such original components would have been performed by persons and/or entities other than MDC

13  and for which MDC was/is not responsible. Such aircraft are/were highly sophisticated, complex,

14  state of the art machines built with thousands of, indeed sometimes over 100,000 parts,

15  components, systems, sub-systems, assemblies, sub-assemblies, and/or devices. Use of many of

16  these components and assemblies were dictated by the aircraft purchaser (*e.g.*, the Government or

17  an operator) and some of the components and assemblies were purchased by MDC's customer

18  directly from the Original Equipment Manufacturer ("OEM") and delivered to MDC to install in

19  the aircraft. MDC is informed (but in many instances has not confirmed) that some of these

20  aircraft may have had components manufactured and/or supplied by others that contained

21  asbestos. MDC cannot confirm what types of asbestos were used in these components and some

22  of this information was withheld as proprietary by the vendor or not disclosed by the Government.

23  Typically, however, any such asbestos would have been impregnated with or encapsulated by a

24  non-asbestos material so that the particular part or component did not present a human health

25  hazard with regard to the inhalation of airborne asbestos fibers.

26  For example, in this action, Plaintiffs claim that Mr. Vest was exposed to certain

27  components on MDC's DC-8 and DC-10 aircraft. More specifically, Plaintiffs have only

28  specified that Mr. Vest may have been exposed to the following on DC-8 and DC-10 aircraft:

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

Exhibit 10-345

1 heat shields used over hydraulic lines, hot ducts in pneumatic systems, and EA911F, EA934 and

2 EA9309 epoxies used as adhesives on the new construction of Aircraft. Plaintiffs failed to specify

3 which hydraulic lines and hot air ducts, as well as the particular components that were repaired

4 with epoxies, to which Mr. Vest was allegedly exposed. Furthermore, there is no evidence that

5 these hydraulic lines, hot air ducts or epoxies were designed, manufactured, supplied or

6 distributed by MDC. On the contrary, for example, Dexter Corporation manufactured these

7 epoxies, as explained in Plaintiffs' Amended Responses to MDC's First Set of Special

8 Interrogatories dated November 10, 2010. MDC reiterates that there is no evidence that its

9 Aircraft presented any human health hazard with respect to any asbestos used in any components.

10      In addition, pursuant to Code of Civil Procedure Section 2030.230, MDC refers Plaintiffs

11 to the deposition transcript of Stanley Lehmann taken in this action and the All Operators Letter

12 ("AOL") it issued in 1989 and 1992.

13 **INTERROGATORY NO. 10**

14      NAME all ASBESTOS-CONTAINING PRODUCTS included in the DC-8 aircraft

15 DEFENDANT manufactured at any time.

16      "NAME" shall mean to identify the product(s), by trade name, brand name, serial number,

17 model, and any other designation by which the product is known.

18 **AMENDED RESPONSE TO INTERROGATORY NO. 10**

19      MDC incorporates by reference its Preliminary Statement, including the limitations as

20 detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

21      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

22 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

23 burdensome and oppressive, and requests information that is neither relevant nor reasonably

24 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

25 objectionable.

26      Subject to and without waiving its General Objections, and specifically incorporating the

27 limitations as detailed on pages 3 and 4 above, MDC responds as follows:

28      See MDC's Amended Response to Interrogatory No. 9.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

Exhibit 10-346

**INTERROGATORY NO. 11**

IDENTIFY all SOURCES of the ASBESTOS-CONTAINING PRODUCTS included in the DC-8 aircraft DEFENDANT manufactured at any time.

"SOURCE(S)" shall refer to and include but not be limited to manufacturers, distributors, wholesalers, resellers, jobbers, brokers, agents or other entities.

**AMENDED RESPONSE TO INTERROGATORY NO. 11**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

See MDC's Amended Response to Interrogatory No. 9.

**INTERROGATORY NO. 12**

IDENTIFY all individuals with information regarding ASBESTOS-CONTAINING PRODUCTS included in the DC-8 aircraft DEFENDANT manufactured at any time.

**AMENDED RESPONSE TO INTERROGATORY NO. 12**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

MDC further objects to this interrogatory on the grounds that it seeks premature expert

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   witness discovery, including discovery of expert opinions and documents, in violation of Code of

2   Civil Procedure Section 2034.010, *et seq*.

3        MDC further objects to this interrogatory to the extent that it seeks information which is

4   protected by the work product doctrine.

5        Subject to and without waiving its General Objections, and specifically incorporating the

6   limitations as detailed on pages 3 and 4 above, MDC responds as follows:

7        See MDC's Amended Response to Interrogatory No. 9. In addition, MDC identifies any

8   witness(es) who will be identified as PMQ/COR regarding responsive categories of information,

9   in compliance with the Court's December 10, 2010, Order on Plaintiffs' Motion to Compel.

10   **INTERROGATORY NO. 13**

11        DESCRIBE all DOCUMENTS with information regarding ASBESTOS-CONTAINING

12   PRODUCTS included in the DC-8 aircraft DEFENDANT manufactured at any time.

13        "DESCRIBE" shall mean to state the date, type (i.e. invoice, bid, correspondence, etc.),

14   author(s), present location and custodian of all responsive DOCUMENTS, whether or not a claim

15   of any privilege as to the contents of any DOCUMENT is or will be made.

16   **AMENDED RESPONSE TO INTERROGATORY NO. 13**

17        MDC incorporates by reference its Preliminary Statement, including the limitations as

18   detailed on pages 3 and above, and General Objections as though set forth in full herein.

19        MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

20   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

21   burdensome and oppressive, and requests information that is neither relevant nor reasonably

22   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

23   objectionable.

24        MDC further objects to this interrogatory on the grounds that it seeks premature expert

25   witness discovery, including discovery of expert opinions and documents, in violation of Code of

26   Civil Procedure Section 2034.010, *et seq*.

27        MDC further objects to this interrogatory to the extent that it seeks information which is

28   protected by the work product doctrine.

1   Subject to and without waiving its General Objections, and specifically incorporating the

2   limitations as detailed on pages 3 and 4 above, MDC responds as follows:

3   See MDC's Amended Response to Interrogatory No. 9. In addition, Pursuant to Code of

4   Civil Procedure Section 2030.230, MDC refers Plaintiffs to the deposition transcript of Stanley

5   Lehmann taken in this action and the AOLs it issued in 1989 and 1992. Also, MDC refers

6   Plaintiffs to documents produced/to be produced in compliance with the Court's December 10,

7   2010, Order on Plaintiffs' Motion to Compel.

8   **INTERROGATORY NO. 14**

9   Did DEFENDANT supply ASBESTOS-CONTAINING PRODUCTS to Emery

10  Worldwide Airways at any time prior to 2002?

11  **AMENDED RESPONSE TO INTERROGATORY NO. 14**

12  MDC incorporates by reference its Preliminary Statement, including the limitations as

13  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

14  MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

15  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

16  burdensome and oppressive, and requests information that is neither relevant nor reasonably

17  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

18  objectionable.

19  MDC further objects to this interrogatory on the grounds that it seeks premature expert

20  witness discovery, including discovery of expert opinions and documents, in violation of Code of

21  Civil Procedure Section 2034.010, *et seq*.

22  MDC further objects to this interrogatory to the extent that it seeks information which is

23  protected by the work product doctrine.

24  Subject to and without waiving its General Objections, and specifically incorporating the

25  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

26  See MDC's Amended Response to Interrogatory No. 9.

27  **INTERROGATORY NO. 15**

28  State all years, prior to 2002, in which DEFENDANT supplied

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-349

Case MDL No. 875 Document 6658-10 Filed 01/28/11 Page 76 of 208

1   ASBESTOS-CONTAINING PRODUCTS to Emery Worldwide Airways.

2   **AMENDED RESPONSE TO INTERROGATORY NO. 15**

3      MDC incorporates by reference its Preliminary Statement, including the limitations as

4   detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

5      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

6   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

7   burdensome and oppressive, and requests information that is neither relevant nor reasonably

8   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

9   objectionable.

10     MDC further objects to this interrogatory on the grounds that it seeks premature expert

11  witness discovery, including discovery of expert opinions and documents, in violation of Code of

12  Civil Procedure Section 2034.010, *et seq.*

13     MDC further objects to this interrogatory to the extent that it seeks information which is

14  protected by the work product doctrine.

15     Subject to and without waiving its General Objections, and specifically incorporating the

16  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

17     See MDC's Amended Response to Interrogatory No. 9.

18  **INTERROGATORY NO. 16**

19     NAME all ASBESTOS-CONTAINING PRODUCTS DEFENDANT supplied to Emery

20  Worldwide Airways prior to 2002.

21  **AMENDED RESPONSE TO INTERROGATORY NO. 16**

22     MDC incorporates by reference its Preliminary Statement, including the limitations as

23  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

24     MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

25  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

26  burdensome and oppressive, and requests information that is neither relevant nor reasonably

27  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

28  objectionable.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

Exhibit 10-350

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    MDC further objects to this interrogatory on the grounds that it seeks premature expert

2  witness discovery, including discovery of expert opinions and documents, in violation of Code of

3  Civil Procedure Section 2034.010, *et seq.*

4    MDC further objects to this interrogatory to the extent that it seeks information which is

5  protected by the work product doctrine.

6    Subject to and without waiving its General Objections, and specifically incorporating the

7  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

8    See MDC's Amended Response to Interrogatory No. 9.

9  **INTERROGATORY NO. 17**

10    IDENTIFY all individuals with knowledge regarding DEFENDANT's supply of

11  ASBESTOS-CONTAINING PRODUCTS to Emery Worldwide Airways prior to 2002.

12  **AMENDED RESPONSE TO INTERROGATORY NO. 17**

13    MDC incorporates by reference its Preliminary Statement, including the limitations as

14  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

15    MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

16  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

17  burdensome and oppressive, and requests information that is neither relevant nor reasonably

18  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

19  objectionable.

20    MDC further objects to this interrogatory on the grounds that it seeks premature expert

21  witness discovery, including discovery of expert opinions and documents, in violation of Code of

22  Civil Procedure Section 2034.010 *et seq.*

23    MDC further objects to this interrogatory to the extent that it seeks information which is

24  protected by the work product doctrine.

25    Subject to and without waiving its General Objections, and specifically incorporating the

26  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

27    See MDC's Amended Response to Interrogatory No. 9. In addition, MDC identifies any

28  witness(es) who will be identified as PMQ/COR regarding responsive categories of information,

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-351

1   in compliance with the Court's December 10, 2010, Order on Plaintiffs' Motion to Compel.

2   **INTERROGATORY NO. 18**

3   DESCRIBE all DOCUMENTS with information regarding DEFENDANT's supply of

4   ASBESTOS-CONTAINING PRODUCTS to Emery Worldwide Airways prior to 2002.

5   **AMENDED RESPONSE TO INTERROGATORY NO. 18**

6   MDC incorporates by reference its Preliminary Statement, including the limitations as

7   detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

8   MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

9   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

10  burdensome and oppressive, and requests information that is neither relevant nor reasonably

11  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

12  objectionable.

13  MDC further objects to this interrogatory on the grounds that it seeks premature expert

14  witness discovery, including discovery of expert opinions and documents, in violation of Code of

15  Civil Procedure Section 2034.010, *et seq.*

16  MDC further objects to this interrogatory to the extent that it seeks information which is

17  protected by the work product doctrine.

18  Subject to and without waiving its General Objections, and specifically incorporating the

19  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

20  See MDC's Amended Response to Interrogatory No. 9. In addition, pursuant to Code of

21  Civil Procedure Section 2030.230, MDC refers Plaintiffs to the deposition transcript of Stanley

22  Lehmann taken in this action and the AOLs it issued in 1989 and 1992. Also, MDC refers

23  Plaintiffs to documents produced/to be produced in compliance with the Court's December 10,

24  2010, Order on Plaintiffs' Motion to Compel, including PMQ/COR categories 2 and 3.

25  **INTERROGATORY NO. 19**

26  Did DEFENDANT supply ASBESTOS-CONTAINING PRODUCTS to World Airways at

27  any time prior to 1986?

28

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

Exhibit 10-352

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**AMENDED RESPONSE TO INTERROGATORY NO. 19**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

MDC has manufactured, sold and/or supplied certain military and civilian aircraft, and certain components for such aircraft for many years. MDC notes that after delivery of the new aircraft to its customer, any modification, alterations, maintenance, repairs and/or replacement of such original components would have been performed by persons and/or entities other than MDC and for which MDC was (or is) not responsible. Such aircraft are/were highly sophisticated, complex, state of the art machines built with thousands, indeed sometimes over 100,000 parts, components, systems, sub-systems, assemblies, sub-assemblies, and/or devices. Use of many of these components and assemblies were dictated by aircraft purchaser (*e.g.*, the Government or an operator) and some of the components and assemblies were purchased by MDC's customer directly from the OEM and delivered to MDC to install in the aircraft. MDC is informed (but in many instances has not confirmed) that some of these aircraft may have had components manufactured and/or supplied by others that contained asbestos. MDC cannot confirm what types of asbestos were used in these components and some of this information was withheld as proprietary by the vendor or not disclosed by the Government. Typically, however, any such asbestos would have been impregnated with or encapsulated by a non-asbestos material so that the particular part or component did not present a human health hazard with regard to the inhalation of airborne asbestos fibers.

For example, in this action, Plaintiffs claim that Mr. Vest was exposed to certain

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  components from MDC's DC-8 and/or DC-10 aircraft operated by World Airways. More

2  specifically, Plaintiffs have only specified that Mr. Vest may have been exposed to the following

3  on DC-8 and/or DC-10 aircraft: heat shields used over hydraulic lines, hot ducts in pneumatic

4  systems, and EA911F, EA934 and EA9309 epoxies used as adhesives in the new construction of

5  Aircraft. Plaintiffs failed to specify which hydraulic lines and hot air ducts, as well as the

6  particular components that were repaired with epoxies, to which Mr. Vest was allegedly exposed.

7  Furthermore, there is no evidence that these hydraulic lines, hot air ducts or epoxies were

8  designed, manufactured, supplied or distributed by MDC. On the contrary, Dexter Corporation

9  manufactured these epoxies, as explained in Plaintiffs' Amended Responses to MDC's First Set

10  of Special Interrogatories dated November 10, 2010. MDC reiterates that there is no evidence

11  that its Aircraft presented any human health hazard with respect to any asbestos used in any

12  components.

13       In addition, MDC refers Plaintiffs to the deposition transcript of Stanley Lehmann taken in

14  this action and the AOLs it issued in 1989 and 1992.

15  **INTERROGATORY NO. 20**

16       State all years, prior to 1986, in which DEFENDANT supplied

17  ASBESTOS-CONTAINING PRODUCTS to World Airways.

18  **AMENDED RESPONSE TO INTERROGATORY NO. 20**

19       MDC incorporates by reference its Preliminary Statement, including the limitations as

20  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

21       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

22  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

23  burdensome and oppressive, and requests information that is neither relevant nor reasonably

24  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

25  objectionable.

26       MDC further objects to this interrogatory on the grounds that it seeks premature expert

27  witness discovery, including discovery of expert opinions and documents, in violation of Code of

28  Civil Procedure Section 2034.010, *et seq.*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1     MDC further objects to this interrogatory to the extent that it seeks information which is

2  protected by the work product doctrine.

3     Subject to and without waiving its General Objections, and specifically incorporating the

4  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

5     See MDC's Amended Response to Interrogatory No. 19.

6  **INTERROGATORY NO. 21**

7     NAME all ASBESTOS-CONTAINING PRODUCTS DEFENDANT supplied to World

8  Airways prior to 1986.

9  **AMENDED RESPONSE TO INTERROGATORY NO. 21**

10     MDC incorporates by reference its Preliminary Statement, including the limitations as

11  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

12     MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

13  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

14  burdensome and oppressive, and requests information that is neither relevant nor reasonably

15  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

16  objectionable.

17     MDC further objects to this interrogatory on the grounds that it seeks premature expert

18  witness discovery, including discovery of expert opinions and documents, in violation of Code of

19  Civil Procedure Section 2034.010, *et seq.*

20     MDC further objects to this interrogatory to the extent that it seeks information which is

21  protected by the work product doctrine.

22     Subject to and without waiving its General Objections, and specifically incorporating the

23  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

24     See MDC's Amended Response to Interrogatory No. 19.

25  **INTERROGATORY NO. 22**

26     IDENTIFY all individuals with knowledge regarding DEFENDANT's supply of

27  ASBESTOS-CONTAINING PRODUCTS to World Airways prior to 1986.

28

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

Exhibit 10-355

## AMENDED RESPONSE TO INTERROGATORY NO. 22

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

MDC further objects to this interrogatory on the grounds that it seeks premature expert witness discovery, including discovery of expert opinions and documents, in violation of Code of Civil Procedure Section 2034.010, *et seq.*

MDC further objects to this interrogatory to the extent that it seeks information which is protected by the work product doctrine.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

See MDC's Amended Response to Interrogatory No. 19. In addition, MDC identifies any witness(es) who will be identified as PMQ/COR regarding responsive categories of information, in compliance with the Court's December 10, 2010, Order on Plaintiffs' Motion to Compel, including PMQ categories 6, 8 and 9 and COR categories 6-17.

## INTERROGATORY NO. 23

DESCRIBE all DOCUMENTS with information regarding DEFENDANT's supply of ASBESTOS-CONTAINING PRODUCTS to World Airways prior to 1986.

## AMENDED RESPONSE TO INTERROGATORY NO. 23

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

2   objectionable.

3        MDC further objects to this interrogatory on the grounds that it seeks premature expert

4   witness discovery, including discovery of expert opinions and documents, in violation of Code of

5   Civil Procedure Section 2034.010, *et seq.*

6        MDC further objects to this interrogatory to the extent that it seeks information which is

7   protected by the work product doctrine.

8        Subject to and without waiving its General Objections, and specifically incorporating the

9   limitations as detailed on pages 3 and 4 above, MDC responds as follows:

10       See MDC's Amended Response to Interrogatory No. 19. In addition, pursuant to Code of

11  Civil Procedure Section 2030.230, MDC refers Plaintiffs to the deposition transcript of Stanley

12  Lehmann taken in this action and the AOLs it issued in 1989 and 1992. Also, MDC refers

13  Plaintiffs to documents produced/to be produced in compliance with the Court's December 10,

14  2010, Order on Plaintiffs' Motion to Compel, including categories 2 and 3.

15  **INTERROGATORY NO. 24**

16       Did DEFENDANT specify asbestos-containing replacement parts for any of the DC-8

17  aircraft it manufactured at any time?

18  **AMENDED RESPONSE TO INTERROGATORY NO. 24**

19       MDC incorporates by reference its Preliminary Statement, including the limitations as

20  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

21       MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

22  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

23  burdensome and oppressive, and requests information that is neither relevant nor reasonably

24  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

25  objectionable.

26       Subject to and without waiving its General Objections, and specifically incorporating the

27  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

28       MDC has manufactured, sold and/or supplied certain military and civilian aircraft, and

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-357

1  certain components for such aircraft for many years. MDC notes that after delivery of the new

2  aircraft to its customer, any modification, alterations, maintenance, repairs and/or replacement of

3  such original components would have been performed by persons and/or entities other than MDC

4  and for which MDC was (or is) not responsible. Such aircraft are/were highly sophisticated,

5  complex, state of the art machines built with thousands, indeed sometimes over 100,000, parts,

6  components, systems, sub-systems, assemblies, sub-assemblies, and/or devices. Use of many of

7  these components and assemblies were dictated by aircraft purchaser (*e.g.*, the Government or an

8  operator) and some of the components and assemblies were purchased by MDC's customer

9  directly from the OEM and delivered to MDC to install in the aircraft. MDC is informed (but in

10 many instances has not confirmed) that some of these aircraft may have had components

11 manufactured and/or supplied by others that contained asbestos. MDC cannot confirm what types

12 of asbestos were used in these components and some of this information was withheld as

13 proprietary by the vendor or not disclosed by the Government. Typically, however, any such

14 asbestos would have been impregnated with or encapsulated by a non-asbestos material so that the

15 particular part or component did not present a human health hazard with regard to the inhalation

16 of airborne asbestos fibers.

17       For example, in this action, Plaintiffs have claimed that Mr. Vest was exposed to certain

18 components from MDC's DC-8 aircraft. More specifically, Plaintiffs have only specified that

19 Mr. Vest may have been exposed to the following on DC-8 aircraft: heat shields used over

20 hydraulic lines, hot ducts in pneumatic systems, and EA911F, EA934, and EA9309 epoxies used

21 as adhesives in the new construction of the aircraft. Plaintiffs have failed to specify which

22 hydraulic lines and hot air ducts, as well as the particular components that were repaired with

23 epoxies, to which Mr. Vest was allegedly exposed. Furthermore, there is no evidence that these

24 hydraulic lines, hot air ducts or epoxies were designed, manufactured, supplied or distributed by

25 MDC. On the contrary, Dexter Corporation manufactured these epoxies, as explained in

26 Plaintiffs' Amended Responses to MDC's First Set of Special Interrogatories dated November 10,

27 2010. MDC reiterates that there is no evidence that its aircraft present any human health hazard

28 with respect to any asbestos used in any components thereof.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-358

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   In addition, pursuant to Code of Civil Procedure Section 2030.230, MDC refers Plaintiffs

2   to the AOLs it issued in 1989 and 1992. Also, MDC refers Plaintiffs to documents produced/to be

3   produced in compliance with the Court's December 10, 2010, Order on Plaintiffs' Motion to

4   Compel, including Illustrated Parts Catalogues and Maintenance Manuals for DC-8 and DC-10

5   aircraft operated by World and Emery, as outlined in PMQ categories 6, 8 and 9 and COR

6   categories 6-17. Pursuant to Code of Civil Procedure Section 2030.230, MDC refers Plaintiffs to

7   these documents, which will be produced pursuant to the Court's Order. MDC also identifies any

8   witness(es) who will be identified as PMQ/COR regarding responsive categories of information,

9   in compliance with the Court's December 10, 2010, Order on Plaintiffs' Motion to Compel.

10  **INTERROGATORY NO. 25**

11      NAME all asbestos-containing replacement parts DEFENDANT specified for the DC-8

12  aircraft it manufactured at any time.

13  **AMENDED RESPONSE TO INTERROGATORY NO. 25**

14      MDC incorporates by reference its Preliminary Statement, including the limitations as

15  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

16      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

17  PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

18  burdensome and oppressive, and requests information that is neither relevant nor reasonably

19  calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

20  objectionable.

21      Subject to and without waiving its General Objections, and specifically incorporating the

22  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

23      See MDC's Amended Response to Interrogatory No. 24.

24  **INTERROGATORY NO. 26**

25      IDENTIFY the sources of the asbestos-containing replacement parts DEFENDANT

26  specified for the DC-8 aircraft it manufactured at any time.

27  **AMENDED RESPONSE TO INTERROGATORY NO. 26**

28      MDC incorporates by reference its Preliminary Statement, including the limitations as

1 detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

2 MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

3 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

4 burdensome and oppressive, and requests information that is neither relevant nor reasonably

5 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

6 objectionable.

7 Subject to and without waiving its General Objections, and specifically incorporating the

8 limitations as detailed on pages 3 and 4 above, MDC responds as follows:

9 See MDC's Amended Response to Interrogatory No. 24.

10 **INTERROGATORY NO. 27**

11 IDENTIFY all individuals with knowledge regarding asbestos-containing replacement

12 parts DEFENDANT specified for the DC-8 aircraft it manufactured at any time.

13 **AMENDED RESPONSE TO INTERROGATORY NO. 27**

14 MDC incorporates by reference its Preliminary Statement, including the limitations as

15 detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

16 MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

17 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

18 burdensome and oppressive, and requests information that is neither relevant nor reasonably

19 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

20 objectionable.

21 MDC further objects to this interrogatory on the grounds that it seeks premature expert

22 witness discovery, including discovery of expert opinions and documents, in violation of Code of

23 Civil Procedure Section 2034.010, *et seq.*

24 MDC further objects to this interrogatory to the extent that it seeks information which is

25 protected by the work product doctrine.

26 Subject to and without waiving its General Objections, and specifically incorporating the

27 limitations as detailed on pages 3 and 4 above, MDC responds as follows:

28 See MDC's Amended Response to Interrogatory No. 24

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-360

**INTERROGATORY NO. 28**

DESCRIBE all DOCUMENTS with information regarding asbestos-containing replacement parts DEFENDANT specified for the DC-8 aircraft it manufactured at any time.

**AMENDED RESPONSE TO INTERROGATORY NO. 28**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

See MDC's Amended Response to Interrogatory No. 24.

**INTERROGATORY NO. 29**

NAME all ASBESTOS-CONTAINING PRODUCTS on DEFENDANT's DC-8-71 F, N8079U aircraft, serial number 45947.

**AMENDED RESPONSE TO INTERROGATORY NO. 29**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

See MDC's Amended Response to Interrogatories Nos. 9 and 24.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**INTERROGATORY NO. 30**

IDENTIFY all SOURCES of the ASBESTOS-CONTAINING PRODUCTS on DEFENDANT's DC-8-71 F, N8079U aircraft, serial number 45947.

**AMENDED RESPONSE TO INTERROGATORY NO. 30**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

Subject to and without waiving its General Objections, and specifically incorporating the limitations as detailed on pages 3 and 4 above, MDC responds as follows:

See MDC's Amended Response to Interrogatories Nos. 9 and 24.

**INTERROGATORY NO. 31**

IDENTIFY all individuals with knowledge regarding ASBESTOS-CONTAINING PRODUCTS on DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

**AMENDED RESPONSE TO INTERROGATORY NO. 31**

MDC incorporates by reference its Preliminary Statement, including the limitations as detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly burdensome and oppressive, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise objectionable.

MDC further objects to this interrogatory on the grounds that it seeks premature expert witness discovery, including discovery of expert opinions and documents, in violation of Code of Civil Procedure Section 2034.010, *et seq.*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-362

1    MDC further objects to this interrogatory to the extent that it seeks information which is

2    protected by the work product doctrine.

3    Subject to and without waiving its General Objections, and specifically incorporating the

4    limitations as detailed on pages 3 and 4 above, MDC responds as follows:

5    See MDC's Amended Response to Interrogatory No. 24.

6    **INTERROGATORY NO. 32**

7    DESCRIBE all DOCUMENTS with information regarding ASBESTOS-CONTAINING

8    PRODUCTS on DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

9    **AMENDED RESPONSE TO INTERROGATORY NO. 32**

10    MDC incorporates by reference its Preliminary Statement, including the limitations as

11    detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

12    MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

13    PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

14    burdensome and oppressive, and requests information that is neither relevant nor reasonably

15    calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

16    objectionable.

17    Subject to and without waiving its General Objections, and specifically incorporating the

18    limitations as detailed on pages 3 and 4 above, MDC responds as follows:

19    See MDC's Amended Response to Interrogatory No. 24.

20    **INTERROGATORY NO. 33**

21    NAME all asbestos-containing replacement parts DEFENDANT specified for

22    DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

23    **AMENDED RESPONSE TO INTERROGATORY NO. 33**

24    MDC incorporates by reference its Preliminary Statement, including the limitations as

25    detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

26    MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

27    PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

28    burdensome and oppressive, and requests information that is neither relevant nor reasonably

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

2 objectionable.

3      Subject to and without waiving its General Objections, and specifically incorporating the

4 limitations as detailed on pages 3 and 4 above, MDC responds as follows:

5      See MDC's Amended Response to Interrogatories Nos. 9 and 24.

6 **INTERROGATORY NO. 34**

7      IDENTIFY the SOURCES of the asbestos-containing replacement parts DEFENDANT

8 specified for DEFENDANT's DC-8-71F, N8079U aircraft, serial number 45947.

9 **AMENDED RESPONSE TO INTERROGATORY NO. 34**

10      MDC incorporates by reference its Preliminary Statement, including the limitations as

11 detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

12      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

13 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

14 burdensome and oppressive, and requests information that is neither relevant nor reasonably

15 calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

16 objectionable.

17      Subject to and without waiving its General Objections, and specifically incorporating the

18 limitations as detailed on pages 3 and 4 above, MDC responds as follows:

19      See MDC's Amended Response to Interrogatories Nos. 9 and 24.

20 **INTERROGATORY NO. 35**

21      IDENTIFY all individuals with knowledge regarding asbestos-containing replacement

22 parts DEFENDANT specified for DEFENDANT's DC-8- 71F, N8079U aircraft, serial

23 number 45947.

24 **AMENDED RESPONSE TO INTERROGATORY NO. 35**

25      MDC incorporates by reference its Preliminary Statement, including the limitations as

26 detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

27      MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

28 PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    burdensome and oppressive, and requests information that is neither relevant nor reasonably

2    calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

3    objectionable.

4         MDC further objects to this interrogatory on the grounds that it seeks premature expert

5    witness discovery, including discovery of expert opinions and documents, in violation of Code of

6    Civil Procedure Section 2034.010, *et seq.*

7         MDC further objects to this interrogatory to the extent that it seeks information which is

8    protected by the work product doctrine.

9         Subject to and without waiving its General Objections, and specifically incorporating the

10   limitations as detailed on pages 3 and 4 above, MDC responds as follows:

11        See MDC's Amended Response to Interrogatory No. 24.

12   **INTERROGATORY NO. 36**

13        DESCRIBE all DOCUMENTS with information regarding asbestos-containing

14   replacement parts DEFENDANT specified for DEFENDANT's DC-8-71 F, N8079U aircraft,

15   serial number 45947.

16   **AMENDED RESPONSE TO INTERROGATORY NO. 36**

17        MDC incorporates by reference its Preliminary Statement, including the limitations as

18   detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

19        MDC further objects to Plaintiffs' definition of "ASBESTOS-CONTAINING

20   PRODUCTS" on the grounds that the definition is unreasonably vague, overbroad, unduly

21   burdensome and oppressive, and requests information that is neither relevant nor reasonably

22   calculated to lead to the discovery of admissible evidence, rendering this interrogatory likewise

23   objectionable.

24        Subject to and without waiving its General Objections, and specifically incorporating the

25   limitations as detailed on pages 3 and 4 above, MDC responds as follows:

26        See MDC's Amended Response to Interrogatory No. 24.

27   **INTERROGATORY NO. 37**

28        Did DEFENDANT provide any AOLS to World Airways at any time?

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-365

1  "AOL" shall mean an All Operator Letter.

2  **RESPONSE TO INTERROGATORY NO. 37**

3  MDC incorporates by reference its Preliminary Statement, including the limitations as

4  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

5  Subject to and without waiving its General Objections, and specifically incorporating the

6  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

7  MDC provided AOLs to operators in 1989 and 1992. MDC has no way of ascertaining

8  whether or when World Airways received an AOL. MDC has conducted a diligent search for but

9  has not found copies of the AOL distribution lists for the years prior to 1997. Based on that

10 search, MDC believes that such documents are no longer in its possession, custody, or control.

11 MDC believes that these AOLs were sent pursuant to MDC's regular practice with respect to

12 dissemination of AOLs, which practice called for the AOL to be sent to each known operator of

13 the affected model aircraft. In addition, MDC refers Plaintiffs to any witness(es) who will be

14 identified regarding responsive categories of information in compliance with the Court's

15 December 10, 2010, Order on Plaintiffs' Motion to Compel, including categories 2 and 3, and any

16 documents produced/to be produced pursuant to the Court's order.

17 **INTERROGATORY NO. 38**

18 State the date of each AOL DEFENDANT provided to World Airways:

19 **AMENDED RESPONSE TO INTERROGATORY NO. 38**

20 MDC incorporates by reference its Preliminary Statement, including the limitations as

21 detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

22 Subject to and without waiving its General Objections, and specifically incorporating the

23 limitations as detailed on pages 3 and 4 above, MDC responds as follows:

24 See MDC's Amended Response to Interrogatory No. 37.

25 **INTERROGATORY NO. 39**

26 Did DEFENDANT provide any AOLs to Emery Worldwide Airlines at any time?

27 **AMENDED RESPONSE TO INTERROGATORY NO. 39**

28 MDC incorporates by reference its Preliminary Statement, including the limitations as

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

2  Subject to and without waiving its General Objections, and specifically incorporating the

3  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

4  MDC provided AOLs to operators in 1989 and 1992. MDC has no way of ascertaining

5  whether or when Emery Worldwide Airways received an AOL. MDC has conducted a diligent

6  search for but has not found copies of the AOL distribution lists for the years prior to 1997. Based

7  on that search, MDC believes that such documents are no longer in its possession, custody, or

8  control. MDC believes that these AOLs were sent pursuant to MDC's regular practice with

9  respect to dissemination of AOLs, which practice called for the AOL to be sent to each known

10  operator of the affected model aircraft. In addition, MDC refers Plaintiffs to any witness(es) who

11  may be identified regarding responsive categories of information in compliance with the Court's

12  December 10, 2010, Order on Plaintiffs' Motion to Compel, including categories 2 and 3, and any

13  documents produced/to be produced pursuant to the Court's order.

14  **INTERROGATORY NO. 40**

15  State the date of each AOL DEFENDANT provided to Emery Worldwide Airlines.

16  **AMENDED RESPONSE TO INTERROGATORY NO. 40**

17  MDC incorporates by reference its Preliminary Statement, including the limitations as

18  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

19  Subject to and without waiving its General Objections, and specifically incorporating the

20  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

21  See MDC's Amended Response to Interrogatory No. 39.

22  **INTERROGATORY NO. 41**

23  Did DEFENDANT provide information to anyone at any time regarding the HANDLING

24  OF ASBESTOS?

25  "HANDLING OF ASBESTOS" shall refer to how to process, use, and/or handle asbestos

26  materials to minimize dust and exposure to dust.

27  **AMENDED RESPONSE TO INTERROGATORY NO. 41**

28  MDC incorporates by reference its Preliminary Statement, including the limitations as

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-367

1    detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

2    MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

3    ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

4    California Civil Procedure Code Section 2030.030(a).

5    Subject to and without waiving its General Objections, and specifically incorporating the

6    limitations as detailed on pages 3 and 4 above, MDC responds as follows:

7    The information that MDC provided regarding the "handling of asbestos" is contained in

8    the AOLs referenced above in Amended Responses 37 through 40.

9    **INTERROGATORY NO. 42**

10    Set forth all information DEFENDANT provided to anyone at any time regarding the

11    HANDLING OF ASBESTOS.

12    **AMENDED RESPONSE TO INTERROGATORY NO. 42**

13    MDC incorporates by reference its Preliminary Statement, including the limitations as

14    detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

15    MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

16    ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

17    California Civil Procedure Code Section 2030.030(a).

18    Subject to and without waiving its General Objections, and specifically incorporating the

19    limitations as detailed on pages 3 and 4 above, MDC responds as follows:

20    The information that MDC provided regarding the "handling of asbestos" is contained in

21    the AOLs referenced above in Amended Responses 37 through 40. MDC refers Plaintiffs to these

22    AOLs.

23    **INTERROGATORY NO. 43**

24    IDENTIFY all individuals who have knowledge regarding information DEFENDANT

25    provided to anyone at any time regarding the HANDLING OF ASBESTOS.

26    **AMENDED RESPONSE TO INTERROGATORY NO. 43**

27    MDC incorporates by reference its Preliminary Statement, including the limitations as

28    detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

Exhibit 10-368

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

2  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

3  California Civil Procedure Code Section 2030.030(a).

4  Subject to and without waiving its General Objections, and specifically incorporating the

5  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

6  See MDC's Amended Responses to Interrogatories Nos. 37 and 39.

7  **INTERROGATORY NO. 44**

8  DESCRIBE all DOCUMENTS DEFENDANT provided to anyone at any time regarding

9  the HANDLING OF ASBESTOS.

10  **AMENDED RESPONSE TO INTERROGATORY NO. 44**

11  MDC incorporates by reference its Preliminary Statement, including the limitations as

12  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

13  MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

14  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

15  California Civil Procedure Code Section 2030.030(a).

16  Subject to and without waiving its General Objections, and specifically incorporating the

17  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

18  See MDC's Amended Responses to Interrogatories Nos. 37 and 39.

19  **INTERROGATORY NO. 45**

20  Did DEFENDANT provide information to anyone at any time regarding the HAZARDS

21  OF ASBESTOS?

22  "HAZARDS OF ASBESTOS" shall refer to the deadly nature of asbestos, including but

23  not limited to the hazards of inhaling asbestos fibers which may include, disability, disease, and

24  death.

25  **AMENDED RESPONSE TO INTERROGATORY NO. 45**

26  MDC incorporates by reference its Preliminary Statement, including the limitations as

27  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

28  MDC also objects that the term "HAZARDS OF ASBESTOS," as defined, is vague,

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

Exhibit 10-369

1   ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

2   California Civil Procedure Code Section 2030.030(a).

3       Subject to and without waiving its General Objections, and specifically incorporating the

4   limitations as detailed on pages 3 and 4 above, MDC responds as follows:

5       See MDC's Amended Responses to Interrogatories Nos. 37 and 39.

6   **INTERROGATORY NO. 46**

7       Set forth fully all information DEFENDANT provided to anyone at any time regarding the

8   HAZARDS OF ASBESTOS.

9   **AMENDED RESPONSE TO INTERROGATORY NO. 46**

10      MDC incorporates by reference its Preliminary Statement, including the limitations as

11  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

12      MDC also objects that the term "HAZARDS OF ASBESTOS," as defined, is vague,

13  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

14  California Civil Procedure Code Section 2030.030(a).

15      Subject to and without waiving its General Objections, and specifically incorporating the

16  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

17      See MDC's Amended Responses to Interrogatories Nos. 37 and 39.

18  **INTERROGATORY NO. 47**

19      IDENTIFY all individuals who have knowledge regarding information DEFENDANT

20  provided to anyone at any time regarding the HAZARDS OF ASBESTOS.

21  **AMENDED RESPONSE TO INTERROGATORY NO. 47**

22      MDC incorporates by reference its Preliminary Statement, including the limitations as

23  detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

24      MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

25  ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

26  California Civil Procedure Code Section 2030.030(a).

27      Subject to and without waiving its General Objections, and specifically incorporating the

28  limitations as detailed on pages 3 and 4 above, MDC responds as follows:

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-370

1       See MDC's Amended Responses to Interrogatories Nos. 37 and 39.

2   **INTERROGATORY NO. 48**

3       DESCRIBE all DOCUMENTS DEFENDANT provided to anyone at any time regarding

4   the HAZARDS OF ASBESTOS.

5   **AMENDED RESPONSE TO INTERROGATORY NO. 48**

6       MDC incorporates by reference its Preliminary Statement, including the limitations as

7   detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

8       MDC also objects that the term "HANDLING OF ASBESTOS," as defined, is vague,

9   ambiguous, unintelligible and overbroad; as defined, it also is compound and therefore violates

10   California Civil Procedure Code Section 2030.030(a).

11       Subject to and without waiving its General Objections, and specifically incorporating the

12   limitations as detailed on pages 3 and 4 above, MDC responds as follows:

13       See MDC's Amended Responses to Interrogatories Nos. 37 and 39.

14   **INTERROGATORY NO. 49**

15       Have any worker's compensation claims been filed against DEFENDANT that allege

16   asbestos disease?

17   **AMENDED RESPONSE TO INTERROGATORY NO. 49**

18       MDC incorporates by reference its Preliminary Statement, including the limitations as

19   detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

20       MDC further objects to this interrogatory on the grounds that it is overly broad, unduly

21   burdensome and oppressive, and seeks information that is neither relevant nor reasonably

22   calculated to lead to the discovery of admissible evidence insofar as it seeks information

23   regarding claims of alleged exposure to any purported asbestos in any building or other facility,

24   any product which MDC did not design or manufacture, or any aircraft or components thereof

25   other than those specific aircraft and their particular components allegedly involved in this action.

26       Subject to and without waiving its General Objections, and specifically incorporating the

27   limitations as detailed on pages 3 and 4 above, MDC responds as follows:

28       MDC refers Plaintiffs to any witness(es) who will be identified regarding responsive

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-371

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 | categories of information in compliance with the Court's December 10, 2010, Order on Plaintiffs'

2 | Motion to Compel, including PMQ category 14 and COR categories 20 and 21, and any

3 | documents produced/to be produced pursuant to the Court's Order.

4 | **INTERROGATORY NO. 50**

5 | State the case name and number of each worker's compensation claim filed against

6 | DEFENDANT that alleges asbestos disease.

7 | **AMENDED RESPONSE TO INTERROGATORY NO. 50**

8 | MDC incorporates by reference its Preliminary Statement, including the limitations as

9 | detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

10 | MDC further objects to this interrogatory on the grounds that it is overly broad, unduly

11 | burdensome and oppressive, and seeks information that is neither relevant nor reasonably

12 | calculated to lead to the discovery of admissible evidence insofar as it seeks information

13 | regarding claims of alleged exposure to any purported asbestos in any building or other facility,

14 | any product which MDC did not design or manufacture, or any aircraft or components thereof

15 | other than those specific aircraft and their particular components allegedly involved in this action.

16 | Subject to and without waiving its General Objections, and specifically incorporating the

17 | limitations as detailed on pages 3 and 4 above, MDC responds as follows:

18 | See MDC's Amended Responses to Interrogatory No. 50.

19 | **INTERROGATORY NO. 51**

20 | List all sworn testimony given in worker's compensation claims filed against

21 | DEFENDANT that allege asbestos disease.

22 | **AMENDED RESPONSE TO INTERROGATORY NO. 51**

23 | MDC incorporates by reference its Preliminary Statement, including the limitations as

24 | detailed on pages 3 and 4 above, and General Objections as though set forth in full herein.

25 | MDC further objects to this interrogatory on the grounds that it is overly broad, unduly

26 | burdensome and oppressive, and seeks information that is neither relevant nor reasonably

27 | calculated to lead to the discovery of admissible evidence insofar as it seeks information

28 | regarding claims of alleged exposure to any purported asbestos in any building or other facility,

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

Exhibit 10-372

1  any product which MDC did not design or manufacture, or any aircraft or components thereof
2  other than those specific aircraft and their particular components allegedly involved in this action.
3      Subject to and without waiving its General Objections, and specifically incorporating the
4  limitations as detailed on pages 3 and 4 above, MDC responds as follows:
5      See MDC's Amended Responses to Interrogatory No. 50.
6  Dated: December 17, 2010

          **BRYAN CAVE LLP**
7            Robert E. Boone III
          James C. Pettis
8            Linda C. Hsu
9
10            By: _____
               Linda C. Hsu
11            Attorneys for Defendant
          MCDONNELL DOUGLAS CORPORATION
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE
Exhibit 10-373

| | |
|---|---|
| 1 | **VERIFICATION** |
| 2 | I have read the foregoing **DEFENDANT MCDONNELL DOUGLAS** |
| 3 | **CORPORATION'S AMENDED RESPONSES TO SPECIAL INTERROGATORIES** |
| 4 | **PROPOUNDED BY PLAINTIFFS TIMOTHY AND CAROLINE VEST, SET ONE** and |
| 5 | know its contents. |
| 6 | I am a Senior Manager, Systems of The Boeing Company and am authorized to make this |
| 7 | verification for and on behalf of its wholly-owned subsidiary, McDonnell Douglas Corporation |
| 8 | ("MDC"). The matters stated in MDC's responses are not within my personal knowledge; the |
| 9 | facts therein have been assembled by authorized employees and counsel of McDonnell Douglas |
| 10 | Corporation, and I am informed and believe that the facts stated therein are true and correct. |
| 11 | Executed on December 20 2010, at Long Beach, California. |
| 12 | I declare under penalty of perjury under the laws of the State of California that the |
| 13 | foregoing is true and correct. |
| 14 | |
| 15 | Daniel H. Marcotte |
| 16 | |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

MDC'S AMENDED RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

Exhibit 10-374

*Timothy Vest and Caroline Vest v. Allied Packing & Supply, Inc., et al.*

U.S.D.C., Northern District of California Case No. C-11-00061 LB

# Exhibit 11

Denise Abrams, Esq. (C.S.B. #124139)
Andrea Huston, Esq. (C.S.B. #200610)
Justin A. Bosl, Esq. (C.S.B. #241117)
KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 465-7728

Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| TIMOTHY VEST and CAROLINE VEST, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED PACKING AND SUPPLY, et al., <br><br> Defendants. | No. RG09489518 <br><br> **PLAINTIFFS' RESPONSES TO DEFENDANT LATHROP CONSTRUCTION ASSOCIATES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY:     Defendant, LATHROP CONSTRUCTION ASSOCIATES, INC.

RESPONDING PARTY:     Plaintiffs, TIMOTHY VEST and CAROLINE VEST

SET NO.:     SET ONE (1)

## INTRODUCTION

The wording of these responses includes that of plaintiffs' attorneys. As a result, some or all of these responses may contain wording that plaintiffs might not use. The responses that follow are based on information possessed by plaintiffs' attorneys, unless otherwise privileged, as well as information known to plaintiffs. Plaintiffs may not have any information concerning any particular response. Verification by plaintiffs is not an indication that plaintiffs have any knowledge, personal or otherwise, concerning any particular response.

///

///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PLAINTIFFS' RESPONSES TO DEFENDANT LATHROP CONSTRUCTION ASSOCIATES, INC.'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE     1

RBERGHOFF/684820.1

Exhibit 11-375

**RESPONSE TO REQUEST NO. 1.**

Plaintiffs object to this request on the grounds that it seeks the production of documents that are equally available or more available to defendant. Plaintiffs further object to the extent this request seeks to usurp the court reporters' economic advantage. Without waiving these objections, and based on a diligent search and reasonable inquiry under C.C.P. § 2031.230, plaintiffs respond: Plaintiffs refer defendant to those documents identified in plaintiffs' Responses to defendant's Special Interrogatories, Set One, served herewith, and those documents attached hereto as Exhibits. All of these documents are in the possession of or equally available to defendant. Discovery and investigation are continuing.

**RESPONSE TO REQUEST NO. 2.**

Plaintiffs incorporate their objections and Response to Request No. 1.

**RESPONSE TO REQUEST NO. 3.**

Plaintiffs incorporate their objections and Response to Request No. 1.

**RESPONSE TO REQUEST NO. 4.**

Plaintiffs objects to this request because it is compound, overbroad, unduly burdensome, and duplicative of discovery propounded in all Alameda County asbestos litigation by coordinating defense counsel, Berry & Berry, violates General Order 14.00, and if otherwise discoverable and not subject to objection, should be requested through coordinating defense counsel. Plaintiffs object that this request seeks documents that are equally available to defendant.

**RESPONSE TO REQUEST NO. 5.**

Plaintiffs incorporate their objections and Response to Request No. 1.

**RESPONSE TO REQUEST NO. 6.**

Plaintiffs incorporate their objections and Response to Request No. 1.

**RESPONSE TO REQUEST NO. 7.**

Plaintiffs object that the undefined term "supervised" is vague, ambiguous and unintelligible as stated. Based on a diligent search and reasonable inquiry under C.C.P. § 2031.230, without waiving any objection, and interpreting "supervised" to mean whether or not plaintiff Timothy Vest was employed by defendant and supervised by defendant in that capacity,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PLAINTIFFS' RESPONSES TO DEFENDANT LATHROP CONSTRUCTION ASSOCIATES, INC.'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE                    2

RBERGHOFF/584820.1

Exhibit 11-376

1   plaintiffs respond: Plaintiffs have no documents responsive to this request.

2   **RESPONSE TO REQUEST NO. 8.**

3       Plaintiffs object that the undefined term "instructed" is vague, ambiguous and

4   unintelligible as stated.

5   **RESPONSE TO REQUEST NO. 9.**

6       Based on a diligent search and reasonable inquiry under C.C.P. § 2031.230, plaintiffs

7   respond: Plaintiffs are not contending defendant supplied plaintiff Timothy Vest with any tools,

8   materials or equipment. Discovery and investigation are continuing.

9   **RESPONSE TO REQUEST NO. 10.**

10      Based on a diligent search and reasonable inquiry under C.C.P. § 2031.230, plaintiff

11   responds: Plaintiffs have not submitted any claims to any Bankruptcy Trust seeking compensation

12   for asbestos-related injuries.

13   **RESPONSE TO REQUEST NO. 11.**

14      Plaintiff incorporates his Response to Request No. 10.

15   **RESPONSE TO REQUEST NO. 12.**

16      Plaintiffs incorporate their objections and Response to Request No. 1.

17   DATED: November _3_, 2010.     KAZAN, McCLAIN, LYONS,
                                 GREENWOOD & HARLEY

18                                   A Professional Law Corporation

19

20                     By: _____
                                  Andrea Huston

21

22                     Attorneys for Plaintiffs

23

24

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913
25

26

27

28

---

PLAINTIFFS' RESPONSES TO DEFENDANT LATHROP CONSTRUCTION ASSOCIATES, INC.'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE         3

RBERGHOFF/684820.1

Exhibit 11-377

## PROOF OF SERVICE

Re: *Timothy and Caroline Vest v. Allied Packing, et al.* ACSC RG09-489518

I declare that, I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 55 Harrison Street, Suite 400, Oakland, California 94607. On November 3, 2010 I served the following document(s):

**PLAINTIFFS' RESPONSES TO DEFENDANT LATHROP CONSTRUCTION ASSOCIATES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS**

by transmitting a true copy:

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER**
**525 Market Street, 17th Floor**
**San Francisco, CA 94105-2722**

ALL COUNSEL [SEE ATTACHED LIST]

via the following method:

_____ (By Facsimile Machine [FAX]) By personally transmitting a true copy thereof via an electronic facsimile machine

\_\_xx\_\_ (By Mail) I am readily familiar with this office's business practice for collection and processing of correspondence for mailing with the United States Postal Service. This document, which is in an envelope addressed as stated above, will be sealed with postage fully prepaid and will be deposited with the United States Postal Service this date in the ordinary course of business.

_____ (By Overnight Delivery) By delivering to an authorized courier authorized by the express service to receive documents or depositing in a box or other facility regularly maintained by the express carrier a true copy thereof, on this date, and in an envelope or package designated by the express service carrier.

_____ (By Personal Service) By causing to be personally delivered a true copy of the document as listed above.

_____ (By Electronic Mail) By causing to be personally delivered via email.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 3, 2010 at Oakland, California.

Ryan Berghoff

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

RBERGHOFF/686115.1

1

Exhibit 11-378

SERVICE LIST    CASE: Vest, Timothy & Caroline  [NE 1430]    ACTION #: RG09489518    November 3, 2010 12:22 PM

BECHERER, KANNETT & SCHWEITZER
  1255 Powell Street, , Emeryville, CA  94608-2604
  FOR: CYPRUS AMAX MINERALS CO/sii/pae/alt/eqt/CYPRUS MINES CORP;  CYPRUS AMAX MINERALS
  CO/sii/pae/alt/eqt/SIERRA TALC & CHEMICAL COMPANY;  CYPRUS AMAX MINERALS
  CO/sii/pae/alt/eqt/UNITED SIERRA DIVISION;  CYPRUS AMAX MINERALS CO/sii/pae/et of PAUL W. WOOD
  COMPANY;  CYPRUS AMAX MINERALS COMPANY
    PH:  (510) 658-3600
    FAX: (510) 658-1151

BERRY & BERRY
  P.O. Box 16070, Oakland, CA  94610
  FOR: DESIGNATED DEFENSE COUNSEL
    PH:  (510) 835-8330
    FAX: (510) 835-5117

BRYAN CAVE LLP
  2 Embarcadero Center, Suite 1410, San Francisco, CA  94111
  FOR: WORLD AIRWAYS, INC.;  WORLD AIRWAYS, INC.
    PH:  415-675-3400
    FAX: 415-675-3434

BRYAN CAVE, LLP
  120 Broadway, Suite 300, Santa Monica, CA  90401-2305
  FOR: MCDONNELL DOUGLAS CORPORATION;  MCDONNELL DOUGLAS CORPORATION
    PH:  (310) 576-2100
    FAX: (310) 576-2200

CHAPMAN & INTRIERI
  2236 Mariner Square Drive, Suite 300, Alameda, CA  94501-1019
  FOR: DEXTER CORPORATION;  HENKEL CORPORATIO sii/pae/et to HENKEL LOCTITE CORPORATION;
  HENKEL CORPORATION;  HENKEL LOCTITE CORPORATION ;  HENKEL LOCTITE CORPORATION
  sii/pae/et to THE DEXTER CORPORATION;  LIFE TECH CORP by merger to INVITROGEN CORP sii/pae/et THE
  DEXTER CORP;  LIFE TECHNOLOGIES CORPORATION suc by merger to INVITROGEN CORPORATION
    PH:  (510) 864-3600
    FAX: (510) 864-3601

COUNSEL UNKNOWN
  FOR: MCDERMOTT/SEALY, INC.

DeHAY & ELLISTON, LLP
  1300 CLAY STREET, SUITE 840, Oakland, CA  94612
  FOR: KAISER GYPSUM COMPANY, INC.
    PH:  510-285-0750
    FAX: 510-285-0740

DONGELL LAWRENCE FINNEY LLP
  707 Wilshire Boulevard, 45th Floor, Los Angeles, CA  90017-3609
  FOR: GEORGE E. MASKER, INC.
    PH:  213-943-6100
    FAX: 213-943-6101

FOLEY & MANSFIELD, PLLP
  300 Lakeside Drive, Suite 1900, Oakland, CA  94612
  FOR: KELLY-MOORE PAINT COMPANY;  RAYMOND INTERIOR SYSTEMS - NORTH;  RAYMOND
  INTERIOR SYSTEMS - NORTH sii/pae/eqt to JAMES L. WHITTAKER
    PH:  510-590-9500
    FAX: 510-590-9595

HANSON BRIDGETT LLP
  425 Market Street, 26th Floor, San Francisco, CA  94105-2173
  FOR: THE PORT OF OAKLAND
    PH:  (415) 777-3200
    FAX: (415) 541-9366

HERR & ZAPALA
  152 North 3rd Street, Suite 500, San Jose, CA  95112
  FOR: ALLIED PACKING AND SUPPLY
    PH:  (408) 287-7788
    FAX: (408) 927-0408

MCGIVNEY, KLUGER & GLASPY
  One Walnut Creek Center, 100 Pringle Ave., Ste 750, Walnut Creek, CA  94596
  FOR: KENTILE FLOORS, INC.
    PH:  (925) 947-1300
    FAX: (925) 947-1594

McKENNA, LONG & ALDRIDGE
  101 California Street, 41st Floor, San Francisco, CA  94111
  FOR: HEXCEL CORPORATION
    PH:  (415) 267-4000
    FAX: (415) 267-4198

McKENNA, LONG & ALDRIDGE LLP
  300 S. Grand Avenue, 14th Floor, Los Angeles, CA  90071
  FOR: HEXCEL CORPORATION
    PH:  213-688-1000
    FAX: 213-243-6330

Exhibit 11-379

SERVICE LIST     CASE: Vest, Timothy & Caroline  [NE 1430]     ACTION #: RG09489518     November 3, 2010 12:22 PM
Page Two

PERKINS COIE LLP                                                                    PH:  (415) 344-7000
  Four Embarcadero Center, Suite 2400, San Francisco, CA  94111               FAX: (415) 344-7288
  FOR: GEORGIA-PACIFIC LLC fka GEORGIA PACIFIC CORPORATION;  HONEYWELL INTERNATIONAL
  INC. fka ALLIED SIGNAL, INC./sii/BENDIX CORP

PORT OF OAKLAND LEGAL  DEPARTMENT                                                   PH:  (510) 627-1348
  530 Water Street, 4th Floor, P.O. Box 2064, Oakland, CA  94607  United States   FAX: (510) 444 2093
  FOR: THE PORT OF OAKLAND

PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP                             PH:  (415) 788-8354
  One California Street, Suite 1910, San Francisco, CA  94104                     FAX: (415) 788-3625
  FOR: DEAN'S MATERIALS, INC. dba CONSTRUCTION MATERIAL SUPPLIER

SEDGWICK, DETERT, MORAN & ARNOLD                                                   PH:  (415) 781-7900
  One Market Plaza, Steuart Tower, 8th Floor, San Francisco, CA  94105           FAX: (415) 781-2635
  FOR: PARKER HANNIFIN;  PARKER HANNIFIN sii/pae/et of CLEVELAND WHEELS AND BRAKES

SELMAN & BREITMAN                                                                  PH:  (415) 979-0400
  33 New Montgomery Street, Sixth Floor, San Francisco, CA  94105                FAX: (415) 979-2099
  FOR: ALTA BUILDING MATERIALS CO.;  KENTILE FLOORS, INC.

STEPTOE & JOHNSON                                                                  PH:  (213) 439-9400
  633 West Fifth Street, Suite 700, Los Angeles, CA  90071                       FAX: (213) 439-9599
  FOR: METROPOLITAN LIFE INSURANCE COMPANY

THE MAU LAW FIRM                                                                   PH:  415-495-8082
  950 Harrison Street, Suite 213, San Francisco, CA  94107                       FAX: 415-495-8084
  FOR: GEORGE E. MASKER, INC.

WALSWORTH, FRANKLIN, BEVINS & McCALL                                               PH:  (415) 781-7072
  601 Montgomery Street, 9th Floor, San Francisco, CA  94111                     FAX: (415) 391-6258
  FOR: HAMILTON MATERIALS, INC.

WALSWORTH, FRANKLIN, BEVINS & McCALL - DOWMAN                                      PH:  (415) 781-7072
  601 Montgomery Street, 9th Floor, San Francisco, CA  94111                     FAX: (415) 391-6258
  FOR: DOWMAN PRODUCTS, INC.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER                                         PH:  (415) 433-0990
  525 Market Street, 17th Floor, San Francisco, CA  94105-2722                   FAX: (415) 434-1370
  FOR: F.P. LATHROP CORPORATION;  LATHROP CONSTRUCTION ASSOCIATES, INC.;  LATHROP
  ONSTRUCTION ASSOC, INC. sii/pae/et  F.P. LATHROP CONSTRUCTION

End of Service List

Exhibit 11-380



Special report: Maintenance & engineering

# World Air Center posts $18 million in sales as target for 1973

World Airways giant new maintenance base in Oakland, officially dubbed the George P. Miller Aircraft Maintenance Facility, is so big it dwarfs the Boeing 747 and Lockheed C-5A in upper right corner. In foreground is a World Airways Boeing 707.

**Giant new Oakland maintenance base operated by World Airways is ahead of forecast schedule**

On May 7, 1973, World Airways dedicated its new World Air Center and the next month it racked up $1.5 million in business in the new facility. Much of this work could not have been handled in the old quarters that formerly housed this maintenance and overhaul subsidiary of World Airways.

This is just one indication of the kind of drive that has built World Air Center from a $150,000 gamble by Ed Daly, World's chairman, into the multi-million-dollar operation that it represents today.

This year, R. Norman Dargie, the executive vice president who runs World Air Center, expects to hit $18 million in sales. By the end of June, he was ahead of schedule against this target. By 1975, he expects World Air Center's revenues to reach $20 million a year.

The diversity of the capability represented by the big new base is evident in the first two jobs it has taken on since it opened its big 80-ft.-high, 40-ton doors for business on May 7.

The first job was the refurbishment of the interior of a Boeing 720 which United Air Lines had sold to Contemporary Entertainment Inc., agent for rock concert groups touring the U.S. World Air Center outfitted the 720 cabin to the hilt with divans, mirrors and a bar, all designed by the center's own interior design engineer, Dave Bell. The job cost $175,000.

Another big one was the overhaul and refurbishing of two 707-320Cs for Saudi Arabian Airlines. These were jets being sold by World to Saudair, and thus World Air Center had the inside track on winning the mod work.

And it has just won a competition to complete the interiors of two military DC-9s at a cost of $300,000 to $400,000 each.

This is only the beginning. The new center can't really get into full swing until it takes delivery of its maintenance work docks, $344,000 worth of them, in another month or two. These stands are the biggest single item on a shopping list for about $2 million in new tooling and equipment being bought for the base. Dargie estimates that delivery of this equipment is about 80% complete.

In the overall plan, it is expected that World Airways will contribute about 20% of the World Air

Exhibit 11-381