1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

9  IN RE:  ASBESTOS PRODUCTS
   LIABILITY LITIGATION,                          **MDL 875**

10
   (NO VI)
11
   This Document Relates To:
12

13            **UNITED STATES DISTRICT COURT**
14      **WESTERN DISTRICT OF WASHINGTON AT TACOMA**

15  DONALD W. COULTER, DANIEL W.
    COULTER, and DENNIS W.                Case No.:  3:10-cv-05714-BHS
16  COULTER, as
    Co-Personal Representatives of the Estate of
    DONALD C. COULTER;                    **SULZER PUMPS (US) INC.'S NOTICE OF**
17                                         **TAG-ALONG ACTION**

18  AILEEN MILDRED LONG, Individually, and
    as Personal Representative of the Estate of
19  ROBERT JOSEPH LONG;

20  MICHAEL G. OSTMAN and MICHELE L.
    CURTIS, as Co-Personal Representatives of
21  the Estate of FRED G. OSTMAN;

22  WALTER JOSEPH PAQUIN and MARY
    ANN PAQUIN, husband and wife;
23

24  WILLIAM DONALD RAY, as Personal
    Representative of the Estate of WILLIAM

SULZER PUMPS' NOTICE OF TAG ALONG ACTION - 1

Law Offices of
**Wolfstone, Panchot & Bloch, P.S., Inc.**
**1111 Third Avenue, Suite 1800**
**Seattle, Washington  98101**
**Phone:    (206) 682-3840**
**Fax:       (206) 340-8837**

1    ABNER RAY;

2    LOUISA STALLINGS, Individually and as
     Personal Representative of the Estate of CARL
3    STALLINGS; and

4    STATE OF WASHINGTON, DEPARTMENT
5    OF LABOR AND INDUSTRIES, EX REL
     IVADELL ROSE WILLIAMS, Individually
6    and as Personal Representative of the Estate of
     JOHN MICHAEL WILLIAMS,

7
                              Plaintiffs,
8

9    v.

10   SULZER PUMPS (US), INC. formerly known
     as SULZER BINGHAM PUMPS, INC.,
11
                              Defendant.
12

13        TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF

14   WASHINGTON, PLEASE TAKE NOTICE OF THE FOLLOWING:

15        1.    On July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order

16   transferring all asbestos cases pending in federal court to the United States District Court,

17   Eastern District of Pennsylvania, for coordination pretrial proceedings pursuant to 28 U.S.C.

18   section 1407 ("MDL Transfer Order").  That order also applies to "tag-along actions," or actions

19   involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to

20   Show Cause.  MDL Rule 13(e) provides:

21
          Any party of counsel in actions previously transferred under section 1407
22        or under consideration by the Panel for transfer under section 1407 shall
          promptly notify the Clerk of the Panel of any potential "tag-along actions"
23        in which that party is also named or in which that counsel appears.

24

SULZER PUMPS' NOTICE OF TAG ALONG ACTION - 2

Law Offices of
Wolfstone, Panchot & Bloch, P.S., Inc.
1111 Third Avenue, Suite 1800
Seattle, Washington  98101
Phone:   (206) 682-3840
Fax:      (206) 340-8837

1    2.    The undersigned hereby notifies the court that this is a potential "tag-along

2    action" which is subject to transfer to the Eastern District of Pennsylvania.  A copy of the

3    complaint filed in the state action that was removed to the Western District of Washington is

4    attached as Exhibit A.  The Clerk of the Panel may either (1) enter a conditional transfer order

5    pursuant to MDL Rule 12(a), or (2) file an order to show cause why the action should not be

6    transferred, pursuant to MSL Rule 13(b).

7

8    3.    Sulzer Pumps (US) Inc. is providing written notice of the Notice of Tag-Along

9    Action to all adverse parties.

10    Sulzer Pumps (US) Inc. reserves the right to amend or supplement this Notice of Tag-

11    Along Action.

12    DATED this 12th day of January, 2011.

13                        WOLFSTONE, PANCHOT & BLOCH, P.S., INC.

14

15

16    By    Howard (T) Hall
                        Howard (Terry) Hall, WSBA #10905
17                        Attorney for Defendant Sulzer Pumps (US) Inc.

18

19

20

21

22

23

24

SULZER PUMPS' NOTICE OF TAG ALONG ACTION - 3

Law Offices of
Wolfstone, Panchot & Bloch, P.S., Inc.
1111 Third Avenue, Suite 1800
Seattle, Washington  98101
Phone:   (206) 682-3840
Fax:      (206) 340-8837

# EXHIBIT A

Wolfstone, Panchot
& Bloch

SEP 01 2010

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 30 2010 2:12 PM

KEVIN STOCK
COUNTY CLERK
NO: 10-2-12628-2

1

2

3

4

5

6

7

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

8   DONALD W. COULTER, DANIEL W.
COULTER, and DENNIS W. COULTER, as
9   Co-Personal Representatives of the Estate of
DONALD C. COULTER;

10  AILEEN MILDRED LONG, Individually and
as Personal Representative of the Estate of
11  ROBERT JOSEPH LONG;

12  MICHAEL G. OSTMAN and MICHELE L.
13  CURTIS, as Co-Personal Representatives of the
Estate of FRED G. OSTMAN;

14  WALTER JOSEPH PAQUIN and MARY
15  ANNE PAQUIN, husband and wife;

16  WILLIAM DONALD RAY, as Personal
Representative of the Estate of WILLIAM
17  ABNER RAY;

18  LOUISA STALLINGS, Individually and as
Personal Representative of the Estate of CARL
19  STALLINGS; and

20  STATE OF WASHINGTON, DEPARTMENT
OF LABOR AND INDUSTRIES, EX REL
21  IVADELL ROSE WILLIAMS, Individually
and as Personal Representative of the Estate of
22  JOHN MICHAEL WILLIAMS

23          Plaintiffs,

NO.

COMPLAINT FOR PERSONAL
INJURIES and FOR WRONGFUL
DEATH AND SURVIVORSHIP

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 1
S:\Defendants\Saber Bergman Frangt\Saber_Pleadings\Saber_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1

2  v.

SULZER PUMPS (US), INC., formerly known
3  as SULZER BINGHAM PUMPS, INC.,

4  Defendant.

5

6  **I.    PARTIES**

7    Plaintiffs Daniel W. Coulter, Daniel W. Coulter, and Dennis W. Coulter resides in Stites,

8  Idaho and are the surviving children of Donald C. Coulter.  Plaintiffs have been appointed the

9  Personal Representative of the Estate of Donald C. Coulter.

10    Plaintiff Aileen Mildred Long, resides in Aberdeen, Washington and is the surviving

11  spouse of Robert Joseph Long.  Plaintiff has been appointed the Personal Representative of the

12  Estate of Robert Joseph Long.

13    Plaintiffs Michael G. Ostman and Michele L. Curtis, resides in Granite Falls, Washington

14  and are the surviving children of Fred G. Ostman.  Plaintiffs have been appointed the Personal

15  Representative of the Estate of Fred G. Ostman.

16    Plaintiffs Walter Joseph Paquin and Mary Anne Paquin, husband and wife, resides in

17  Albany, Oregon.

18    Plaintiff William Donald Ray, resides in Port Hadlock, Washington and is the surviving

19  child of William Abner Ray.  Plaintiff has been appointed the Personal Representative of the

20  Estate of William Abner Ray.

21    Plaintiff Louisa Stallings, resides in Pasco, Washington and is the surviving spouse of

22  Carl Stallings.  Plaintiff has been appointed the Personal Representative of the Estate of Carl

23  Stallings.

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 2
S:\Defendants\Sulzer Bingham Pumps\Sulzer_Pleading\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    Plaintiff Ivadell Rose Williams, resides in Richland, Washington and is the surviving

2    spouse of John Michael Williams. Plaintiff has been appointed the Personal Representative of

3    the Estate of John Michael Williams.

4    Defendant and/or its predecessors-in-interest are corporations who, at all times relevant

5    herein, manufactured, sold or distributed asbestos-containing products or products that were used

6    in conjunction with asbestos.

7

8                              **II.    JURISDICTION**

9    This Court has jurisdiction over this cause pursuant to RCW 4.12.025 because, at all

     times relevant herein, defendant transacted business and/or may be served with process in Pierce

10   County, Washington.

11                              **III.    FACTS**

12   As to Plaintiffs Donald W. Coulter, Daniel W. Coulter, and Dennis W. Coulter:

13   Plaintiffs decedent Donald C. Coulter (DOB: November 23, 1927; SSN: ***-**-5331)

14   was exposed to asbestos and asbestos-containing products which had been mined, manufactured,

15   produced, and/or placed into the stream of commerce by the defendant and/or was exposed to

16   asbestos through the use of products manufactured by defendant. As a direct and proximate

17   result of this exposure, plaintiffs decedent Donald C. Coulter developed mesothelioma and died

18   on June 3, 2009. Plaintiffs provide the following information:

19

20   A.    Specific Disease:      Mesothelioma

21   B.    Date of Diagnosis:     August 2008

22   C.    Military:              U.S. Army, 1946 to 1951

23   D.    Occupation:            Mill Firefighter

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 3
S:\Defendants\Sel tzr Bingham Pomp\Seltzer_Mendaga\Seltzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

| | E. | Places of Exposure: | Potlatch Mill, Lewiston, Idaho |
|---|---|---|---|
| | F. | Dates of Exposure: | 1976 to 1980 |
| | G. | Current Address: | Deceased |

**As to Plaintiff Aileen Mildred Long:**

Plaintiff's decedent Robert Joseph Long (DOB: April 5, 1919; SSN: ***-**-1306) was exposed to asbestos and asbestos-containing products which had been mined, manufactured, produced, and/or placed into the stream of commerce by the defendant and/or was exposed to asbestos through the use of products manufactured by defendant.  As a direct and proximate result of this exposure, plaintiff's decedent Robert Joseph Long developed mesothelioma and died on August 23, 2008.  Plaintiff provides the following information:.

| | A. | Specific Disease: | Mesothelioma |
|---|---|---|---|
| | B. | Date of Diagnosis: | July 2008 |
| | C. | Military: | U.S. Navy, 1943 to 1945 |
| | D. | Occupation: | Asbestos Worker; Refrigeration Mechanic; Owner |
| | E. | Places of Exposure: | U.S. Navy ships and shipyards; various residential, commercial and industrial sites throughout Western Washington |
| | F. | Dates of Exposure: | 1930s to 1980 |
| | G. | Current Address: | Deceased |

**As to Plaintiffs Michael G. Ostman and Michele L. Curtis:**

Plaintiffs decedent Fred G. Ostman (DOB: February 26, 1932; SSN: ***-**-2874) was exposed to asbestos and asbestos-containing products which had been mined, manufactured, produced, and/or placed into the stream of commerce by the defendant and/or was exposed to

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1   asbestos through the use of products manufactured by defendant.  As a direct and proximate

2   result of this exposure, plaintiffs decedent Fred G. Ostman developed mesothelioma  and died on

3   September 7, 2009.  Plaintiffs provides the following information:

|   |   |   |   |
|---|---|---|---|
| A. | Specific Disease: | Mesothelioma |
| B. | Date of Diagnosis: | December 2008 |
| C. | Military: | N/A |
| D. | Occupation: | Carpenter/Insulation Worker; Rip Saywer; Kiln Operator; General Construction; General Contractor; Bus Driver |
| E. | Places of Exposure: | Various commercial and industrial sites in Washington, Idaho, and Alaska |
| F. | Dates of Exposure: | 1950s to 1980 |
| G. | Current Address: | Deceased |

**As to Plaintiffs Walter Joseph Paquin and Mary Anne Paquin:**

Plaintiff Walter Joseph Paquin (DOB: January 6, 1923; SSN: ***-**-1172) was exposed

to asbestos and asbestos-containing products which had been mined, manufactured, produced,

and/or placed into the stream of commerce by the defendant and/or was exposed to asbestos

through the use of products manufactured by defendant.  As a direct and proximate result of this

exposure, plaintiff Walter Joseph Paquin developed lung cancer.  Plaintiff provides the following

information:

|   |   |   |   |
|---|---|---|---|
| A. | Specific Disease: | Lung Cancer |
| B. | Date of Diagnosis: | January 2009 |
| C. | Military: | U.S. Army, 1942 to 1945 |

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

|     |                    |                                                                                                          |
| --- | ------------------ | -------------------------------------------------------------------------------------------------------- |
| D.  | Occupation:        | Millwright                                                                                                |
| E.  | Places of Exposure:| Various industrial and commercial sites in Washington, Michigan, California, and Oregon                   |
| F.  | Dates of Exposure: | 1940 to 1980                                                                                              |
| G.  | Current Address:   | 723 NW Augusta Court Albany, OR 97321                                                                     |

**As to Plaintiff William Donald Ray:**

Plaintiff's decedent William Abner Ray (DOB: November 26, 1928; SSN: ***-**-5473) was exposed to asbestos and asbestos-containing products which had been mined, manufactured, produced, and/or placed into the stream of commerce by the defendant and/or was exposed to asbestos through the use of products manufactured by defendant. As a direct and proximate result of this exposure, plaintiff's decedent William Abner Ray developed mesothelioma and died on December 13, 2007. Plaintiff provides the following information:

|     |                    |                                                                                                          |
| --- | ------------------ | -------------------------------------------------------------------------------------------------------- |
| A.  | Specific Disease:  | Mesothelioma                                                                                             |
| B.  | Date of Diagnosis: | October 2007                                                                                             |
| C.  | Military:          | U.S. Coast Guard                                                                                         |
| D.  | Occupation:        | General laborer and maintenance; Electrician                                                             |
| E.  | Places of Exposure:| Crown Zellerbach Pulp and Paper Mill, later Port Townsend Paper Mill, in Port Townsend, Washington; home exposure from remodeling |
| F.  | Dates of Exposure: | 1952 to 1980                                                                                             |
| G.  | Current Address:   | Deceased                                                                                                 |

**As to Plaintiff Louisa Stallings:**

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1        Plaintiff's decedent Carl Stallings  (DOB: February 17, 1926; SSN: ***-**-4793) was

2   exposed to asbestos and asbestos-containing products which had been mined, manufactured,

3   produced, and/or placed into the stream of commerce by the defendant and/or was exposed to

4   asbestos through the use of products manufactured by defendant.  As a direct and proximate

5   result of this exposure, plaintiff's decedent Carl Stallings developed lung cancer and died on

6   October 6, 2006.  Plaintiff provides the following information:

7
       A.      Specific Disease:      Lung Cancer
8
       B.      Date of Diagnosis:     October 2005
9
       C.      Military:          N/A
10
       D.      Occupation:       Millwright, Mechanical Foreman, Master
11                                             Mechanic, and Maintenance Superintendent

12          E.      Places of Exposure:    Boise Cascade Corporation, St. Helens, Oregon and
13                                             Wallula, Washington

14          F.      Dates of Exposure:     1947 to 1980
15
       G.      Current Address:      Deceased
16

**As to Plaintiff Ivadell Rose Williams:**
17

18        Plaintiff's decedent John Michael Williams (DOB: 04.17.1946; SSN: ***-**-1097)

19   was exposed to asbestos and asbestos-containing products which had been mined,

20   manufactured, produced, and/or placed into the stream of commerce by the defendant and/or

21   was exposed to asbestos through the use of products manufactured by defendant.  As a direct

22   and proximate result of this exposure, Plaintiff's decedent John Michael Williams developed

23   mesothelioma and died on October 22, 2007.  Plaintiff provides the following information:

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 7
S:\Defendants\Sulzer Bingham Pump\Sulzer_Pleadings\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

| A. | Specific Disease: | Mesothelioma |
| B. | Date of Diagnosis: | July 2004 and February 2006 |
| C. | Military: | U.S. Army, 1965 to 1968 |
| D. | Occupation: | Consultant, Engineer, General Manager, Service Engineer, Senior Engineer, Supervising Engineer |
| E. | Places of Exposure: | Office buildings and Nuclear Facilities in California and Washington States |
| F. | Dates of Exposure: | 1960 to 1980 |
| G. | Current Address: | Deceased |

## IV.    LIABILITY

Plaintiffs claims liability based upon the theories of product liability (RCW 7.72 et. seq.); negligence; conspiracy; spoliation; willful or wanton misconduct; strict product liability under Section 402B of the Restatement of Torts; premises liability; breach of warranty; (RCW 62A); enterprise liability; market-share liability and/or market share alternate liability; and any other applicable theory of liability.  The liability-creating conduct of defendant consisted, inter alia, of negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing or installing unreasonably dangerous or extra-hazardous and/or defective products; marketing or installing products not reasonably safe as designed; marketing or installing products not reasonably safe for lack of adequate warning and marketing or installing products with misrepresentations of product safety.

With respect to any defendant that is a manufacturer of products or equipment aboard naval or other U.S. government vessels, plaintiffs claims liability, strictly based on state tort law, arising from the defendant's failure to provide adequate warnings of their products' dangerous propensities and negligence. Plaintiffs expressly disclaims and is not seeking relief for any and

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 8
S:\Defendants\Sulzer Bingham Pumps\Sulzer_Pleadings\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    all claims for injury against any defendant whose conduct, whether by omission or commission,

2    was engaged in at the behest of the United States or any agency or person acting under him or

3    under color of such office to the extent such a claim would implicate federal court jurisdiction

4    under the federal officer removal statute, 28 U.S.C. §1442(a)(1), predicated on the government

5    contractor's defense articulated in Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

6    Most specifically with respect to Plaintiffs state tort law failure-to-warn claims, Plaintiffs allege

7    that no U.S. agency, officer, or person prohibited or forbid any defendant in this case from

8    issuing and placing warnings on or with its products.  Such a showing is mandatory for any

9    defendant to meet the Boyle test.  All such claims that legitimately implicate such a defense, in

10    the unlikely event that they exist and are factually supported, are not asserted and are hereby

11    expressly and preemptively disclaimed.  Plaintiffs hereby put any defendant who may

12    nonetheless assert such a defense as a basis for federal jurisdiction over this case that Plaintiffs

13    seeks no recovery for injuries sustained as a result of conduct that meets the three-prong Boyle

14    test and constitutes actions of a federal officer sufficient to trigger jurisdiction under 28 U.S.C.

15    §1442(a)(1).  Plaintiffs specifically advises all defendants of its position that such express, clear,

16    and unequivocal disclaiming of claims implicating the substantive Boyle defense, as well as any

17    other claims that legitimately implicate 28 U.S.C. §1442(a)(1), render any potential future

18    removal of this case to federal court on one of these clearly-disclaimed bases objectively

19    unreasonable under Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).

20                            **V.**      **DAMAGES**

21    **As to Plaintiffs Donald W. Coulter, Daniel W. Coulter, and Dennis W. Coulter:**

22           As a proximate result of defendant's negligence and/or product liability, plaintiffs

23    decedent Donald C. Coulter sustained pain, suffering and disability prior to death in an amount

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 9
S:\Defendant\Seltzer Bergham Pump\Seltzer_Pleadings\Seltzer_FLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    not now known, but which will be proven at trial.  Plaintiffs decedent Donald C. Coulter also

2    sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at

3    trial.  Plaintiffs have sustained a loss of parent-child relationships as a result of Donald C.

4    Coulter's illness and death.

5         WHEREFORE, plaintiffs pray for judgment against the defendant as follows:

6         1.     For general and special damages specified above, including pain, suffering, loss

7    of parent-child relationships, disability, and wrongful death;

8         2.     For medical and related expenses, economic loss, and funeral expenses, all of

9    which will be proven at the time of trial;

10        3.     For plaintiffs costs and disbursements herein;

11        4.     For prejudgment interest in the amount to be proven at trial; and

12        5.     For such other relief as the Court deems just.

13

14   **As to Plaintiff Aileen Mildred Long:**

15        As a proximate result of defendant's negligence and/or product liability, plaintiff's

16   decedent Robert Joseph Long sustained pain, suffering and disability prior to death in an amount

17   not now known, but which will be proven at trial.  Plaintiff's decedent Robert Joseph Long also

18   sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at

19   trial.  Plaintiff Aileen Mildred Long has sustained loss of spousal relationship as a result of

20   Robert Joseph Long's illness and death.

21        WHEREFORE, plaintiff prays for judgment against the defendant as follows:

22        1.     For general and special damages specified above, including pain, suffering, loss

23   of spousal relationship, disability, and wrongful death;

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 10
S:\Docket\...\Salter Bingham Pumps\Salter_Findings\Salter_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

2.      For medical and related expenses, economic loss, and funeral expenses, all of which will be proven at the time of trial;

3.      For plaintiff's costs and disbursements herein;

4.      For prejudgment interest in the amount to be proven at trial; and

5.      For such other relief as the Court deems just.

**As to Plaintiffs Michael G. Ostman and Michele L. Curtis:**

As a proximate result of defendant's negligence and/or product liability, plaintiffs decedent Fred G. Ostman sustained pain, suffering and disability prior to death in an amount not now known, but which will be proven at trial.  Plaintiffs decedent Fred G. Ostman also sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at trial. Plaintiffs Michael Ostman and Michele Curtis have sustained a loss of parent-child relationships as a result of Fred G. Ostman's illness and death.

WHEREFORE, plaintiffs pray for judgment against the defendant as follows:

1.      For general and special damages specified above, including pain, suffering, loss of parent-child relationships, disability, and wrongful death;

2.      For medical and related expenses, economic loss, and funeral expenses, all of which will be proven at the time of trial;

3.      For plaintiff's costs and disbursements herein;

4.      For prejudgment interest in the amount to be proven at trial; and

5.      For such other relief as the Court deems just.

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 11
S:\Defendant\Salee\ Bergman Pempe\Salee\_Pleadings\Salee\_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

**As to Plaintiffs Walter Joseph Paquin and Mary Anne Paquin:**

As a proximate result of defendant's negligence and/or product liability, plaintiff Walter Joseph Paquin sustained pain, suffering and disability in an amount not now known, but which will be proven at trial.  Plaintiff Walter Joseph Paquin also sustained medical expenses, economic losses in an amount to be proven at trial.  Plaintiff Mary Anne Paquin has sustained loss of spousal relationship as a result of Walter Joseph Paquin's illness.

WHEREFORE, plaintiffs pray for judgment against the defendant as follows:

1.    For general and special damages specified above, including pain, suffering, loss of spousal relationship and disability;

2.    For medical and related expenses and economic loss, all of which will be proven at the time of trial;

3.    For plaintiffs' costs and disbursements herein;

4.    For prejudgment interest in the amount to be proven at trial; and

5.    For such other relief as the Court deems just.

**As to Plaintiff William Donald Ray:**

As a proximate result of defendant's negligence and/or product liability, plaintiff's decedent William Abner Ray sustained pain, suffering, disability, medical expenses, economic losses, prior to death, and funeral expenses, in an amount to be proven at trial.  Plaintiff's decedent William Abner Ray also sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at trial.    Plaintiff William Donald Ray has sustained loss of parent-child relationship as a result of William Abner Ray's illness and death.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1.      For general and special damages specified above, including pain, suffering, loss of parent-child relationship and disability;

2.      For medical and related expenses, economic loss, and funeral expenses, all of which will be proven at the time of trial;

3.      For plaintiff's costs and disbursements herein;

4.      For prejudgment interest in the amount to be proven at trial; and

5.      For such other relief as the Court deems just.

**As to Plaintiff Louisa Stallings:**

As a proximate result of defendant's negligence and/or product liability, Plaintiff's decedent Carl Stallings sustained pain, suffering and disability prior to death in an amount not now known, but which will be proven at trial.  Plaintiff's decedent Carl Stallings also sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at trial. Plaintiff Louisa Stallings has sustained loss of consortium as a result of Carl Stallings' illness and death.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

1.      For general and special damages specified above, including pain, suffering, loss of consortium, disability, and wrongful death;

2.      For medical and related expenses, economic loss, and funeral expenses all of which will be proven at the time of trial;

3.      For plaintiff's costs and disbursements herein;

4.      For prejudgment interest in the amount to be proven at trial; and

5.      For such other relief as the Court deems just.

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 13
S:\Defendants\Salter Bingham Pumps\Salter_Pleadings\Salter_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1   **As to Plaintiff Ivadell Rose Williams:**

2         As a proximate result of defendant's negligence and/or product liability, Plaintiff's

3   decedent John Michael Williams sustained pain, suffering and disability prior to death in an

4   amount not now known, but which will be proven at trial.  Plaintiff's decedent John Michael

5   Williams also sustained medical expenses, economic losses, and funeral expenses in an amount

6   to be proven at trial.  Plaintiff Ivadell Rose Williams has sustained loss of consortium as a result

7   of John Michael Williams' illness and death.

8         WHEREFORE, plaintiff prays for judgment against the defendant as follows:

9         1.      For general and special damages specified above, including pain, suffering, loss

10  of consortium, disability, and wrongful death;

11        2.      For medical and related expenses, economic loss, and funeral expenses all of

12  which will be proven at the time of trial;

13        3.      For plaintiff's costs and disbursements herein;

14        6.      For prejudgment interest in the amount to be proven at trial; and

15        7.      For such other relief as the Court deems just.

16

    DATED this 30th day of August, 2010.

17
                            BERGMAN DRAPER & FROCKT, PLLC
18

19                  By

20                            Glenn S. Draper, WSBA #24419
                            Brian F. Ladenburg, WSBA #29531
                            Attorneys for
21

22

23

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

# U.S. District Court
## United States District Court for the Western District of Washington (Tacoma)
### CIVIL DOCKET FOR CASE #: 3:10-cv-05714-BHS

Coulter et al v. Sulzer Pumps (US) Inc  
Assigned to: Judge Benjamin H Settle  
Case in other court: Superior Court of Washington for  
                Pierce County, 10-00002-12628-2  
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 09/30/2010  
Jury Demand: None  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**Donald W Coulter**

                        represented by **Brian F Ladenburg**  
BERGMAN DRAPER & FROCKT  
614 FIRST AVENUE  
THIRD FLOOR  
SEATTLE, WA 98104  
206-957-9510  
Fax: 206-957-9549  
Email: brian@bergmanlegal.com  
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**  
BERGMAN DRAPER & FROCKT  
614 FIRST AVENUE  
THIRD FLOOR  
SEATTLE, WA 98104  
206-957-9510  
Email: glenn@bergmanlegal.com  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel W Coulter**

                        represented by **Brian F Ladenburg**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dennis W Coulter**  
*as co-personal representatives of the*  
*estate of Donald C. Coulter*

                        represented by **Brian F Ladenburg**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aileen Mildred Long**
*individually, and as personal
representative of the estate of Robert
Joseph Long*

represented by **Brian F Ladenburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael G Ostman**

represented by **Brian F Ladenburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michele L Curtis**
*as co-personal representatives of the
estate of Fred G. Ostman*

represented by **Brian F Ladenburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Walter Joseph Paquin**

represented by **Brian F Ladenburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mary Ann Paquin**
*husband and wife*

represented by **Brian F Ladenburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Donald Ray**
*as personal representative of the estate
of William Abner Ray*

represented by **Brian F Ladenburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Louisa Stallings**
*individually and as personal
representative of the estate of Carl
Stallings*

     represented by **Brian F Ladenburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Washington Department of
Labor and Industries, Ex Rel Ivadell
Rose Williams**
*individually and as personal
representative of the estate of John
Michael Williams*

     represented by **Brian F Ladenburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn S Draper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**Sulzer Pumps (US) Inc**
*formerly known as*
Sulzer Bingham Pumps Inc

     represented by **Howard I. Hall**
WOLFSTONE, PANCHOT & BLOCH

1111 THIRD AVE
STE 1800
SEATTLE, WA 98101
206-682-3840
Fax: 206-340-8837
Email: thall@wpblaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2010 | 1 | NOTICE OF REMOVAL from Pierce County Superior Court, case number 10-2-12628-2; (Receipt # 0981-2202545), filed by Sulzer Pumps (US) Inc. (Attachments: # 1 Civil Cover Sheet)(Hall, Howard) (Entered: 09/30/2010) |
| 10/01/2010 | | Judge Benjamin H. Settle added. (DJ) (Entered: 10/01/2010) |
| 10/01/2010 | 2 | LETTER from Clerk to counsel re: receipt of case from Pierce County Superior Court and advising of WAWD case number and judge assignment. (DJ) (Entered: 10/01/2010) |
| 10/04/2010 | 3 | VERIFICATION OF STATE COURT RECORDS by Defendant Sulzer Pumps (US) Inc. (Hall, Howard) (Entered: 10/04/2010) |

| 10/05/2010 | 4 | MINUTE ORDER REGARDING DISCOVERY AND DEPOSITIONS by Judge Benjamin H Settle. (TG) (Entered: 10/05/2010) |
| 10/05/2010 | 5 | MINUTE ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT AND EARLY SETTLEMENT by Judge Benjamin H Settle: Joint Status Report due by 2/2/2011, FRCP 26f Conference Deadline is 1/12/2011, Initial Disclosure Deadline is 1/26/2011. (TG) (Entered: 10/05/2010) |
| 01/12/2011 | 6 | NOTICE *of Tag-Along Action* ; filed by Defendant Sulzer Pumps (US) Inc. (Hall, Howard) (Entered: 01/12/2011) |
| 01/12/2011 | 7 | CERTIFICATE OF SERVICE by Defendant Sulzer Pumps (US) Inc re 6 Notice-Other *of Tag-Along Action*. (Hall, Howard) (Entered: 01/12/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/31/2011 10:23:54 | | |
| **PACER Login:** wp0045 | **Client Code:** | Sulzer |
| **Description:** Docket Report | **Search Criteria:** | 3:10-cv-05714-BHS |
| **Billable Pages:** 4 | **Cost:** | 0.32 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD W COULTER, et al.,

        Plaintiff(s),

    v.

SULZER PUMPS (US) INC,

        Defendant(s).

CASE NO. 3:10−cv−05714−BHS

MINUTE ORDER REGARDING
INITIAL DISCLOSURES, JOINT
STATUS REPORT, AND EARLY
SETTLEMENT

NOW, on October 5, 2010, the Court directs the Clerk to enter

the following Minute Order:

## I. INITIAL SCHEDULING DATES

Pursuant to the Federal Rules of Civil Procedure, the Court sets the

following dates for submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | January 12, 2011 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | January 26, 2011 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Rule CR 16: | February 2, 2011 |

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the


10.5.10

Court with a combined Joint Status Report and Discovery Plan (the "Report"). This conference shall be done by direct and personal communication, whether that be a face–to–face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. The results of the FRCP 26(f) conference.

3. A proposed deadline for joining additional parties.

4. A statement of which ADR method (meditation, arbitration, or other) should be used. The alternatives are described in Local Rule CR 39.1 and in the ADR Reference Guide, which is available from the clerk's office. If the parties believe that there should be no ADR, the reasons for that belief should be stated.

5. Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place. In most cases, the ADR proceeding should be held within four months after the Report is filed. It may be resumed, if necessary, after the first session.

6. A proposed discovery plan that indicates:

(a) The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took place;

(b) The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(c) What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations

should be imposed;

    (d)   A statement of how discovery will be managed so as to minimize expense (e.g., by forgoing or limiting depositions, exchanging documents informally, etc.); and

    (e)   Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

7.   The date by which the remainder of discovery can be completed.

8.   Do the parties consent to assignment of this case to a full-time United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local MJR 13 to conduct all proceedings? Agreement in the Joint Status Report will constitute the parties' consent to referral to U.S. Magistrate Judge Karen L. Strombom.

*\*\*If counsel OR pro se parties do consent, each attorney/party MUST sign the document.*

9.   Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

10.   Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i) and (1), and 16.1 should be dispensed with in whole or in part for the sake of economy. *(The court will make the final determination.)*

11.   Any other suggestions for shortening or simplifying the case.

12.   The date the case will be ready for trial, keeping in mind that this case should be resolved within twelve (12) months of filing of the complaint unless the case is unusually complex.

13.   Whether the trial will be jury or non-jury.

14.   The total number of trial days required.

15.   The dates on which trial counsel may have complications to be

1    considered in setting a trial date.

2       16.  Whether this case should be considered for designation for trial at the

3    Federal Building in Vancouver, WA. Counsel should note that the courtroom

4    at the Federal Building in Vancouver cannot accommodate a jury trial.

5       17.  If on the due date of the Report, all Defendant(s) or Respondent(s)

6    have not been served, counsel for Plaintiff shall advise the Court when service

7    will be effected, why it was not made earlier, and shall provide a proposed

8
9    schedule for the required FRCP 26(f) conference and FRCP 26(a) initial

10    disclosures.

11       If the parties are unable to agree on any part of the Report, they may answer

12    in separate paragraphs. SEPARATE REPORTS SHOULD NOT BE FILED.

13       The time for filing the Report may be extended only by court order. Any

14    request for extension should be made by telephone to Trish Graham at

15    (253) 882−3850.

16       If the parties wish to have a status conference with the Court at any time

17    during the pendency of this action, they should notify the Courtroom Deputy,

18    Gretchen Craft, by telephone at (253) 882−3825.

19
20          **III. PLAINTIFF'S RESPONSIBILITY**

21       This order is issued at the outset of the case, and a copy is sent to

22    counsel for Plaintiff (or Plaintiff, if pro se) and any Defendants who have

23    appeared. Plaintiff's counsel (or Plaintiff, if pro se) is directed to serve copies

24    of this order on all parties who appear after this order is filed within ten (10) days

25    of receipt of service of each appearance. Plaintiff's counsel (or Plaintiff, if pro se)

26

will be responsible for starting the communications needed to comply with this order.

## IV. <u>MANDATORY ELECTRONIC FILING</u>

Counsel shall electronically file all documents with the Court. Pro se litigants may file either electronically or in paper form. Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. Assistance is available from the ECF help desk at (800) 323–9293 or (206) 370–8440. Counsel is STRONGLY ENCOURAGED to electronically file all documents with the Court for the following reasons: Electronically filed pleadings are instantly filed, and the Court has instant access to review and consider pleadings. Pleadings filed in paper form have to be labeled, scanned, and then docketed in the Clerk's Office. That can, and likely will, result in a delay of several days before the document is posted on the docket sheet, which will result in a delay before the Court will be able to review and consider the pleading.

## V. <u>EARLY SETTLEMENT CONSIDERATION</u>

Early settlement of cases, before they become costly and time–consuming, is beneficial to all parties and to the Court. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this district stated the following:

> [T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the timing of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court–connected ADR services be provided as early, effectively, and economically as possible in every suitable case." The steps required by this order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel shall notify Gretchen Craft by telephone at (253) 882–3825.

## VI. SANCTIONS

A failure by any party to comply fully with this order may result in the imposition of sanctions.

The foregoing Minute Order was authorized by THE HONORABLE BENJAMIN H. SETTLE, UNITED STATES DISTRICT JUDGE.

                         s/ Trish Graham
                         Trish Graham
                         Judicial Assistant

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

9    DONALD W. COULTER, DANIEL W.
     COULTER, and DENNIS W. COULTER, as
10   Co-Personal Representatives of the Estate of
     DONALD C. COULTER;
11

12   AILEEN MILDRED LONG, Individually,
     and as Personal Representative of the Estate
13   of ROBERT JOSEPH LONG;

14   MICHAEL G. OSTMAN and MICHELE L.
     CURTIS, as Co-Personal Representatives of
15   the Estate of FRED G. OSTMAN;

16
     WALTER JOSEPH PAQUIN and MARY
17   ANN PAQUIN, husband and wife;

18   WILLIAM DONALD RAY, as Personal
     Representative of the Estate of WILLIAM
19   ABNER RAY;

20   LOUISA STALLINGS, Individually and as
     Personal Representative of the Estate of
21   CARL STALLINGS; and

22
     STATE OF WASHINGTON,
23   DEPARTMENT OF LABOR AND
     INDUSTRIES, EX REL IVADELL ROSE
24   WILLIAMS, Individually and as Personal
     Representative of the Estate of JOHN
     MICHAEL WILLIAMS,

Case No.  3:10-cv-05714-BHS

**DECLARATION OF SERVICE**

DECLARATION OF SERVICE - 1

Law Offices of
**Wolfstone, Panchot & Bloch, P.S., Inc.**
1111 Third Avenue, Suite 1800
Seattle, Washington  98101
Phone:    (206) 682-3840
Fax:        (206) 340-8837

1

2                                    Plaintiffs,

3       v.

4       SULZER PUMPS (US), INC. formerly
        known as SULZER BINGHAM PUMPS,
5       INC.,

6                                    Defendant.

7              I hereby certify under penalty of perjury under the laws of the State of Washington that

8       on the date stated below, I deposited a copy of defendant Sulzer Pumps (US) Inc.'s Notice of

9       Tag-Along Action with Seattle Legal Messenger Service for delivery to Glenn Draper, Bergman

10      Draper & Frockt, 614 First Avenue, Fourth Floor, Seattle, WA.

11             DATED this 12Th day of January, 2011.

12

13                             WOLFSTONE, PANCHOT & BLOCH, P.S., INC.

14

15             By

16                             Patricia Jacobsen, Paralegal

17

18

19

20

21

22

23

24

DECLARATION OF SERVICE - 2

Law Offices of
Wolfstone, Panchot & Bloch, P.S., Inc.
1111 Third Avenue, Suite 1800
Seattle, Washington 98101
Phone:   (206) 682-3840
Fax:      (206) 340-8837