(FFMx), DISCOVERY, MANADR, RELATED-P

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:11-cv-00738-ODW -FFM

Genevieve Schroeder et al v. A.W. Chesterton Company
Assigned to: Judge Otis D Wright, II
Referred to: Magistrate Judge Frederick F. Mumm
Case in other court: Superior Court State of CA County of Los Angeles, BC450661
Cause: 28:1441 Notice of Removal - Product Liability

Date Filed: 01/25/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Genevieve Schroeder**   represented by   **Brian J Ramsey**
Rose Klein and Marias LLP
401 East Ocean Boulevard Suite 300

P.O. Box 22792
Long Beach, CA 90801-5792
562-436-4696
Fax: 562-436-6157
*ATTORNEY TO BE NOTICED*

**Gregory Stamos**
Rose Klein and Marias LLP
401 East Ocean Boulevard Suite 300

PO Box 22792
Long Beach, CA 90801-5792
562-436-4696
Fax: 562-436-6157
Email: g.stamos@rkmlaw.net
*ATTORNEY TO BE NOTICED*

**Thomas F Mortimer , Jr**
Rose Klein and Marias LLP
401 East Ocean Boulevard Suite 300

PO Box 22792

                                    Long Beach, CA 90801-5792
                                    562-436-4696
                                    Fax: 562-436-6157
                                    Email: t.mortimer@rkmlaw.net
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Keith Schroeder**              represented by  **Brian J Ramsey**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Stamos**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Thomas F Mortimer , Jr**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Craig Schroeder**              represented by  **Brian J Ramsey**
                                                      (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Stamos**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Thomas F Mortimer , Jr**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**FMC Corporation**
*Successor*
Northern Pump Company

**Defendant**

**General Electric Company**

**Defendant**

**Goulds Pumps (IPG), Inc.**

**Defendant**

**IMO Industries, Inc.**
*individually and as successor in interest to De Laval Turbine, Inc., and Warren Pumps, Inc.*

**Defendant**

**Ingersoll-Rand Company**
*individually and as Successor*
Terry Steam Turbine Company

**Defendant**

**Metalclad Insulation Corporation**

**Defendant**

**Rapid American Corporation**

**Defendant**

**Viacom, Inc.**
*individually and as successor by merger to CBS Corporation fka Westinghouse Electric Corporation successor-in-interest to BF Sturtevant Co.*

**Defendant**

**Viad Corp**　　　　　　　　　　　　represented by　**Peter B Langbord**
*fka The Dial Corporation,*　　　　　　　　　　　　　　　Foley and Mansfield PLLP
*individually and as successor-in-*　　　　　　　　　　　　300 South Grand Avenue Suite 2800
*interest to Griscom-Russell*
*Company*　　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　　　　　　　　　213-283-2100
　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 213-283-2101
　　　　　　　　　　　　　　　　　　　　　　　　　　　Email:
　　　　　　　　　　　　　　　　　　　　　　　　　　　plangbord@foleymansfield.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**

**Defendant**

**Flowserve**
*doing business as*
Byron Jackson Pumps

**Defendant**

**DOES**
*1 through 100, Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2011 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC450661 with Conformed copy of summons and complaint. Case assigned to Judge Otis D Wright, II, Discovery to Magistrate Judge Frederick F. Mumm. (Filing fee $ 350 PAID), filed by Defendant Viad Corp. [Conformed copy of answer of Viad Corp filed in State Court on 1/21/11 submitted attached Exhibit D to Notice of Removal](car) (ds). (Entered: 01/26/2011) |
| 01/25/2011 |  | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendant Viad Corp. [Filed in State Court on 1/21/11 submitted attached Exhibit D to Notice of Removal](car) (Entered: 01/26/2011) |
| 01/25/2011 | 2 | Defendant Viad corp's Notice of Re-filing State Court Answer to Complaint (car) (ds). (Entered: 01/26/2011) |
| 01/25/2011 | 3 | NOTICE of Tag-Along Action filed by Defendant Viad Corp. (car) (ds). (Entered: 01/26/2011) |
| 01/25/2011 | 4 | NOTICE TO PARTIES OF ADR PROGRAM filed.(car) (Entered: 01/26/2011) |
| 01/25/2011 | 5 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Viad Corp (car) (ds). (Entered: 01/26/2011) |
| 01/25/2011 | 6 | NOTICE of Related Case(s) filed by Defendant Viad Corp. Related Case(s): CV07-8338 VBF (RCx); CV08-0118 R (JTLx); CV08-0248 R (PLAx); CV08-00282 VBF (AGRx); CV 08-00501 GPS (AJWx) [See Document for further information] (car) (ds). (Entered: 01/26/2011) |
| 01/25/2011 | 7 | CERTIFICATE OF SERVICE OF DOCUMENTS filed by Defendant Viad Corp, re Notice of Removal, 1 , Notice of Related Case(s) 6 , Notice of Tag-Along Action 3 , Notice of Interested Parties 5 , Notice of Re-filing State Court Answer 2 , Civil Cover Sheet, served on 1/25/11. (car) |

| | Modified on 1/26/2011 (car). (ds). (Entered: 01/26/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/31/2011 13:56:04 | | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0050 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-00738-ODW-FFM End date: 1/31/2011 |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

1  GREGORY STAMOS (State Bar No. 51635)
   THOMAS F. MORTIMER JR. (State Bar No. 150426)
2  BRIAN J. RAMSEY (State Bar No. 265684)
   **ROSE, KLEIN & MARIAS LLP**
3  401 E. Ocean Boulevard, Suite 300
   P.O. Box 22792
4  Long Beach, California 90801-5792
   Tel: (562) 436-4696
5  Fax:(562) 436-6157

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 07 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
   GINA GRIDER

6  Attorneys for Plaintiffs, Genevieve Schroeder, Keith Schroeder, Craig Schroeder

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 GENEVIEVE SCHROEDER, KEITH        ) CASE NO.  **BC 450661**
   SCHROEDER, CRAIG SCHROEDER,       )
12                                   ) COMPLAINT FOR SURVIVAL OF
              Plaintiffs,            ) PERSONAL INJURIES
13                                   ) (*Code of Civil Procedure* §377.30) AND
        vs.                          ) WRONGFUL DEATH (*Code of Civil*
14                                   ) *Procedure* § 377.60); PRODUCT LIABILITY
   A.W.CHESTERTON COMPANY: FMC       ) 1.   NEGLIGENCE;
15 CORPORATION as successor in interest to ) 2.   BREACH OF WARRANTY;
   NORTHERN PUMP COMPANY; GENERAL    ) 3.   STRICT LIABILITY;
16 ELECTRIC COMPANY; GOULDS PUMPS    ) LOSS OF CONSORTIUM.
   (IPG), INC.; IMO INDUSTRIES INC., )
17 individually and as successor in interest to DE )
   LAVAL TURBINE, INC., and WARREN   ) (Amount Demanded Exceeds $25,000)
18 PUMPS, INC.; INGERSOLL-RAND       )
   COMPANY, individually and as successor in )
19 interest to TERRY STEAM TURBINE   ) JURY TRIAL DEMANDED
   COMPANY; METALCLAD INSULATION     )
20 CORPORATION; RAPID AMERICAN       )
   CORPORATION; VIACOM, INC., individually)
21 and as successor by merger to CBS )
   CORPORATION f/k/a WESTINGHOUSE    )
22 ELECTRIC CORPORATION              )
   successor-in-interest to BF STURTEVANT )
23 CO.; VIAD Corp, f/k/a THE DIAL    )
   CORPORATION, individually and as  )
24 successor-in-interest to GRISCOM-RUSSELL )
   COMPANY; YARWAY CORPORATION;      )
25 FLOWSERVE dba BYRON JACKSON       )
   PUMPS and DOES 1 through 100, Inclusive, )
26                                   )
              Defendants.            )
27 _____   )

28 ///

---
SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

COME NOW Plaintiffs, and for their causes of action against all Defendants, and each of them, complain and allege as follows:

## GENERAL ALLEGATIONS

1. That the true names and capacities of DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiffs at the present time. When plaintiffs ascertain such true names and capacities of said defendants, plaintiffs will ask leave of this court to amend this complaint by setting forth same.

2. That at all times herein mentioned, Defendants, A.W.CHESTERTON COMPANY: FMC CORPORATION as successor in interest to NORTHERN PUMP COMPANY; GENERAL ELECTRIC COMPANY; GOULDS PUMPS (IPG), INC.; IMO INDUSTRIES INC., individually and as successor in interest to DE LAVAL TURBINE, INC., and WARREN PUMPS, INC.; INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM TURBINE COMPANY; METALCLAD INSULATION CORPORATION; RAPID AMERICAN CORPORATION; VIACOM, INC., individually and as successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION successor-in-interest to BF STURTEVANT CO.; VIAD Corp, f/k/a THE DIAL CORPORATION, individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY; YARWAY CORPORATION; FLOWSERVE dba BYRON JACKSON PUMPS; and DOES 1 through 100, Inclusive, and each of them, were the agents, servants, joint venturers and/or employees each of the other, acting within the course, scope, and authority of said agency, employment, and/or joint venture.

3. That at all times mentioned herein, defendants, and each of them, were, and presently are, engaged in the manufacture, distribution, sale, installation, and/or removal of asbestos, and/or asbestos related products, and/or other toxic materials; the products manufactured, compounded and prepared by defendants, and each of them, acting through their employees, agents and servants, were and are placed on the market to be purchased by the public.

4. All defendants, and each of them, were in some fashion legally responsible for the injuries and damages claimed herein.

5. Plaintiff specifically disclaims any federal cause of action or any claim that would

-2-

SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

give rise to federal jurisdiction. To the extent that any of plaintiffs' Decedent asbestos exposure took place on a federal enclave, or to the extent that any of plaintiffs' Decedent asbestos exposure occurred on board vessels of the United States military (including Naval ships) or in the construction, maintenance and/or repair of United States military vessels and/or aircraft, Plaintiff's negligence claims against manufacturers, sellers and suppliers of asbestos-containing products installed on such vessels and/or aircraft are not based on the theory of defective design, but rather are based only on the theory of failure to warn. Since there is no evidence that the United States Government, or any of its military branches, specifically instructed manufacturers from which it purchased asbestos-containing products not to warn about the health hazards associated with exposure to asbestos, there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or federal contractor provisions of the United States Code. This disclaimer pertains to all of plaintiffs' claims, including those of negligence and products liability, as asserted herein.

6. Plaintiffs are informed and believe, and thereon allege, that all defendants, and each of them, are, and at all times herein mentioned were, entities doing business in the County of Los Angeles, State of California.

7. From 1960 through 1964, TED A. SCHROEDER, (hereafter "decedent") served in the United States Navy on-board the U.S.S. Princeton (LPH-5) as a 1st class shipfitter. In addition, from February to September 1964, decedent was employed as a overhead crane operator by Harvey Aluminum located in Torrance, California. While engaged in said employment decedent was required to handle large quantities of the products manufactured and distributed by defendants herein, and each of them. Decedent was required to and did handle and use said products, all of which included asbestos and asbestos fibers; that further at all times herein mentioned, while decedent was not himself actually using and handling said asbestos products, he was nevertheless exposed to fibers contained therein and the asbestos dust generated by the use of said products by other workers in the same work environment.

8. On or about December 27, 2009, decedent underwent a medical examination and decedent was advised that said medical examination revealed he had contracted the disease of

-3-
SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

1  Mesothelioma. Decedent did not know, nor did he have any reason to know, that his lungs had
2  been damaged or that he had contracted the disease known as Mesothelioma or any other asbestos
3  related disease. Further, prior to said examination, decedent was not aware that exposure to
4  asbestos or other asbestos-containing products presented any risk of injury and/or disease to him,
5  and he had not been advised or informed by anyone that he could contract, or indeed did contract,
6  any disease, sickness, or injury as a result of working in the vicinity of the products referred to
7  herein.

8      9.    That said decedent left surviving him as his heirs at law plaintiffs herein;
9  Genevieve Schroeder, wife, Keith Schroeder, and Craig Schroeder, his sons.

10      10.    Genevieve Schroeder brings this action as decedent's successor-in-interest for
11  purposes of decedent's personal injury claims per C.C.P. § 377.32 as well as for wrongful death
12  under § C.C.P. 377.60, and decedent's children Keith Schroeder and Craig Schroeder,
13  respectively, who are claimants by way of C.C.P. § 377.60 for purposes of a wrongful death.

### *FIRST CAUSE OF ACTION*

### SURVIVAL OF PERSONAL INJURIES ( Code Civ. Proc., §377.30)

### FIRST COUNT-NEGLIGENCE, ALLEGED BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

18      11.    As and against Defendants, A.W.CHESTERTON COMPANY: FMC
19  CORPORATION as successor in interest to NORTHERN PUMP COMPANY; GENERAL
20  ELECTRIC COMPANY; GOULDS PUMPS (IPG), INC.; IMO INDUSTRIES INC., individually
21  and as successor in interest to DE LAVAL TURBINE, INC., and WARREN PUMPS, INC.;
22  INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM
23  TURBINE COMPANY; METALCLAD INSULATION CORPORATION; RAPID AMERICAN
24  CORPORATION; VIACOM, INC., individually and as successor by merger to CBS
25  CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION successor-in-interest to
26  BF STURTEVANT CO.; VIAD Corp, f/k/a THE DIAL CORPORATION, individually and as
27  successor-in-interest to GRISCOM-RUSSELL COMPANY; YARWAY CORPORATION;
28  FLOWSERVE dba BYRON JACKSON PUMPS and DOES 1 through 100, Inclusive, Plaintiffs

-4-

SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

allege as follows:

12. Plaintiffs repeat and re-allege all of the allegations contained in paragraphs 1 through 10, inclusive, as though said allegations were set forth herein in full.

13. That the injuries and damages complained herein were directly and proximately caused and contributed to by the negligence of defendants, and each of them, in the following particulars, among others: that defendants, and each of them, knew, or in the exercise of reasonable care should have known, that the asbestos products which they manufactured, sold and distributed and which were, in fact, used and handled by decedent herein, were so prepared, manufactured, and distributed so that they were deleterious, poisonous, and highly harmful to decedent's body, lungs, respiratory system, skin and health; that defendants, and each of them, failed to take responsible precautions or exercise reasonable care to warn decedent of the danger and harm to which he was exposed while handling said asbestos products; that defendants, and each of them, failed and omitted to provide decedent with the knowledge as to reasonable and sufficient safeguards, including wearing apparel and protective equipment and appliances which could have been employed to protect him from the deleterious and harmful exposure to said asbestos products, including the failure to place adequate warnings on the products' containers to warn the handlers and users thereof of the dangers contained therein.

14. That as a direct and proximate result of the exposure to the harmful and deleterious asbestos products herein above described, asbestos fibers were inhaled by decedent who sustained injury to his lungs, respiratory and vascular systems, directly and proximately resulting in his contraction of Mesothelioma and his subsequent death on June 25, 2010.

15. That the injuries and damages complained herein were directly and proximately caused and contributed to by the negligence of defendants, and each of them, in the following particulars, among others: that defendants, and each of them, knew or in the exercise of reasonable care should have known, that the asbestos products which they manufactured, sold and distributed and which were, in fact, used and handled by decedent herein, were so prepared, manufactured, and distributed so that they were deleterious, poisonous, and highly harmful to decedent's body, lungs heart, respiratory system, skin and health; that defendants, and each of them, failed and

omitted to provide decedent with the knowledge as to reasonable and safeguards, including wearing apparel and protective equipment and appliances which could have been employed to protect him from the deleterious and harmful exposure to said asbestos products, including the failure to place adequate warnings on the products' containers to warn the handlers and users thereof of the dangers contained therein.

16. Defendants, and each of them, knew that a substantial risk of physical harm existed in connections with exposure to the asbestos-bearing products which they, and each of them, had manufacture, distributed, and used, to wit: the danger of irreversible lung damage and/or increased susceptibility to cancer and other forms of asbestos related disease. Defendants, and each of them consciously, willfully, and deliberately disregarded the safety of others in continuing the manufacture and market the aforementioned asbestos-bearing products which they knew created a substantial risk of physical harm to those exposed to such products.

17. That as a direct and proximate result of the exposure herein above described and the injuries sustained, decedent became in need of medical and hospital treatment and incurred expenses for medical and hospital care and treatment in an amount not now known to plaintiffs. When plaintiffs ascertain the total amount of medical and hospital care and attention required and which were required in the future, they will ask leave of the court to amend this complaint by setting for the such total amount and sum.

18. That as further and direct and proximate result of the exposure to the harmful and deleterious asbestos products herein above described, decedent sustained permanent and severe injury to his lungs, and respiratory systems, suffered and ultimately perished on June 25, 2010 from the disease of Mesothelioma. And that this condition, during the last year of his life, worsened and his longevity was diminished, all to his general damage in a sum within the jurisdictional limits of this court.

### SECOND COUNT-BREACH OF WARRANTY, ALLEGED BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

19. As and against Defendants, A.W.CHESTERTON COMPANY: FMC CORPORATION as successor in interest to NORTHERN PUMP COMPANY; GENERAL

1  ELECTRIC COMPANY; GOULDS PUMPS (IPG), INC.; IMO INDUSTRIES INC., individually
2  and as successor in interest to DE LAVAL TURBINE, INC., and WARREN PUMPS, INC.;
3  INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM
4  TURBINE COMPANY; METALCLAD INSULATION CORPORATION; RAPID AMERICAN
5  CORPORATION; VIACOM, INC., individually and as successor by merger to CBS
6  CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION successor-in-interest to
7  BF STURTEVANT CO.; VIAD Corp, f/k/a THE DIAL CORPORATION, individually and as
8  successor-in-interest to GRISCOM-RUSSELL COMPANY; YARWAY CORPORATION;
9  FLOWSERVE dba BYRON JACKSON PUMPS and DOES 1 through 100, Inclusive, Plaintiffs
10 allege as follows:

11  20.  Plaintiffs repeat and re-allege all of the allegations contained in paragraphs 1
12 through 18, inclusive, as though said allegations were set forth herein in full.

13  21.  Defendants, and each of them, expressly and implicitly, warranted that said
14 substance was reasonably fit for its intended use without endangering human life, and that such
15 substance was of interchangeable equality.

16  22.  Defendants and each of them breached the above described expressed and implied
17 warranties in that said substance was defective, which defects permitted and/or caused said
18 substance to seriously and permanently cause injury to Decedent including, but not limited to, the
19 disease severe underlying asbestosis and other lung damage, while said substance was used in a
20 manner that was reasonably foreseeable.

21  23.  As a direct and proximate result of the above described breaches of warranties by
22 Defendants, and each of them, decedent, TED A. SCHROEDER, suffered severe and permanent
23 injuries to his person, as alleged herein above.

24 **THIRD COUNT-STRICT LIABILITY, ALLEGED BY ALL PLAINTIFFS AGAINST ALL**
25                                    **DEFENDANTS**

26  24.  As and against Defendants, .W.CHESTERTON COMPANY: FMC
27 CORPORATION as successor in interest to NORTHERN PUMP COMPANY; GENERAL
28 ELECTRIC COMPANY; GOULDS PUMPS (IPG), INC.; IMO INDUSTRIES INC., individually

-7-

SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

and as successor in interest to DE LAVAL TURBINE, INC., and WARREN PUMPS, INC.; INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM TURBINE COMPANY; METALCLAD INSULATION CORPORATION; RAPID AMERICAN CORPORATION; VIACOM, INC., individually and as successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION successor-in-interest to BF STURTEVANT CO.; VIAD Corp, f/k/a THE DIAL CORPORATION, individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY; YARWAY CORPORATION; FLOWSERVE dba BYRON JACKSON PUMPS and DOES 1 through 100, Inclusive Plaintiffs allege as follows:

25. Plaintiff repeat and re-allege all of the allegations contained in paragraphs 1 through 23, inclusive, of the previous counts as though said allegations were set forth herein in full.

26. That the involved asbestos products herein above described did contain defects in design and/or manufacture in that they contained harmful and deleterious asbestos fibers known, or in the exercise of reasonable care which should have been known, to defendants herein, and each of them, as possessing dangers to the life and health of human users thereof; that defendants herein, and each of them, placed their asbestos products on the market knowing they would be used without inspection for such defects and plaintiff herein used and handled defendants' asbestos products in a manner that was reasonably foreseeable and, in fact, anticipated by defendants herein, and each of them, and was thereby exposed to the harmful and deleterious effects of asbestos fibers contained within said products.

## SECOND CAUSE OF ACTION

### WRONGFUL DEATH (Code Civ. Proc., § 377.60)

### FIRST COUNT - NEGLIGENCE , ALLEGED BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

27. As and against Defendants, A.W.CHESTERTON COMPANY: FMC CORPORATION as successor in interest to NORTHERN PUMP COMPANY; GENERAL ELECTRIC COMPANY; GOULDS PUMPS (IPG), INC.; IMO INDUSTRIES INC., individually

-8-

and as successor in interest to DE LAVAL TURBINE, INC., and WARREN PUMPS, INC.; INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM TURBINE COMPANY; METALCLAD INSULATION CORPORATION; RAPID AMERICAN CORPORATION; VIACOM, INC., individually and as successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION successor-in-interest to BF STURTEVANT CO.; VIAD Corp, f/k/a THE DIAL CORPORATION, individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY; YARWAY CORPORATION; FLOWSERVE dba BYRON JACKSON PUMPS and DOES 1 through 100, Inclusive Plaintiffs allege as follows:

28. Plaintiffs repeat and re-allege all of the allegations contained in paragraphs numbered 1 through 26, inclusive, of the previous counts as though said allegations were set forth herein full.

29. Decedent's sole surviving heirs-at-law and their relationship to him are: GENEVIEVE SCHROEDER, decedent's surviving spouse, KEITH SCHROEDER, and CRAIG SCHROEDER, decedent's sons.

30. As decedent's heirs, plaintiffs are entitled to bring this action pursuant to *Code of Civil Procedure* § 377.60, subdivision (a).

31. As a direct and proximate result of the exposure to the harmful and deleterious asbestos products herein above described, decedent sustained injury to his lungs, respiratory and cardiovascular systems proximately resulting in his death on or about June 25, 2010, which thereby caused injury and damage to plaintiffs as more fully hereinafter set forth.

32. As a further direct and proximate result of the herein above described death, decedent's heirs at law have been and in the future will be deprived of his society, care, comfort and companionship and have incurred burial and internment costs, all to their general damage in a sum within the jurisdictional limits of this court.

33. As a further, direct and proximate result of the conduct of the defendants, and each of them, plaintiffs did incur funeral and burial expenses in sums which are presently unknown to them at this time. When plaintiffs ascertain the total amount of said expenses, they will ask leave

-9-
SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

of court to amend this complaint and set forth said total amounts.

34. As a further, direct and proximate result of the conduct of defendants, and each of them, resulting in decedent's death, plaintiffs have been, and will be, deprived of past and future financial support in an amount unknown at this time. When plaintiffs ascertain such total amount of past and future economic losses, they will ask leave of court to amend this complaint for the purpose of setting forth such losses.

35. Plaintiffs seek prejudgment interest as prescribed by California law upon any and all damages sustained by them as herein above alleged.

## SECOND COUNT - BREACH OF WARRANTY, AS ALLEGED BY ALL PLAINTIFFS AS AGAINST ALL DEFENDANTS

36. As and against Defendants, A.W.CHESTERTON COMPANY: FMC CORPORATION as successor in interest to NORTHERN PUMP COMPANY; GENERAL ELECTRIC COMPANY; GOULDS PUMPS (IPG), INC.; IMO INDUSTRIES INC., individually and as successor in interest to DE LAVAL TURBINE, INC., and WARREN PUMPS, INC.; INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM TURBINE COMPANY; METALCLAD INSULATION CORPORATION; RAPID AMERICAN CORPORATION; VIACOM, INC., individually and as successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION successor-in-interest to BF STURTEVANT CO.; VIAD Corp, f/k/a THE DIAL CORPORATION, individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY; YARWAY CORPORATION; FLOWSERVE dba BYRON JACKSON PUMPS and DOES 1 through 100, Inclusive, Plaintiffs allege as follows:

37. Plaintiffs repeat and re-allege all of the allegations contained in paragraphs numbered 1 through 35 inclusive of the previous counts as though said allegations were set forth herein full.

38. Defendants, and each of them, expressly and implicitly, warranted that said substance was reasonably fit for its intended use without endangering human life, and that such substance was of interchangeable equality.

-10-

SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

39. Defendants and each of them breached the above described expressed and implied warranties in that said substance was defective, which defects permitted and/or caused said substance to seriously and permanently cause injury to Decedent including, but not limited to, the disease severe underlying asbestosis and other lung damage, while said substance was used in a manner that was reasonably foreseeable.

40. As a direct and proximate result of the above described breaches of warranties by Defendants, and each of them, Decedent, TED A. SCHROEDER, suffered severe and permanent injuries to his person, as alleged herein above.

41. Plaintiffs seek prejudgment interest as prescribed by California law upon any and all damages sustained by them as herein above alleged.

## THIRD COUNT - STRICT LIABILITY, AS ALLEGED Y ALL PLAINTIFFS AGAINST ALL DEFENDANTS

42. As and against Defendants, A.W.CHESTERTON COMPANY: FMC CORPORATION as successor in interest to NORTHERN PUMP COMPANY; GENERAL ELECTRIC COMPANY; GOULDS PUMPS (IPG), INC.; IMO INDUSTRIES INC., individually and as successor in interest to DE LAVAL TURBINE, INC., and WARREN PUMPS, INC.; INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM TURBINE COMPANY; METALCLAD INSULATION CORPORATION; RAPID AMERICAN CORPORATION; VIACOM, INC., individually and as successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION successor-in-interest to BF STURTEVANT CO.; VIAD Corp, f/k/a THE DIAL CORPORATION, individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY; YARWAY CORPORATION; FLOWSERVE dba BYRON JACKSON PUMPS and DOES 1 through 100, Inclusive, Plaintiffs allege as follows:

43. Plaintiffs repeat and re-allege all of the allegations contained in paragraphs numbered 1 through 41 inclusive of the previous counts as though said allegations were set forth herein full.

44. That the involved asbestos products herein above described did contain defects in

-11-
SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

design and/or manufacture in that they contained armful and deleterious asbestos fibers known, or in the exercise of reasonable care which should have been known, to defendants herein, and each of them, as possessing dangers to the life and health of human users thereof; that defendants herein, and each of them, placed their asbestos products on the market knowing they would be used without inspection for such defects and plaintiff herein used and handled defendants' asbestos products in a manner that was reasonably foreseeable and, in fact, anticipated by defendants herein, and each of them, and was thereby exposed to the harmful and deleterious effects of asbestos fibers contained within said products.

45. Plaintiffs seek prejudgment interest as prescribed by California law upon any and all damages sustained by them as herein above alleged.

### *THIRD CAUSE OF ACTION*
### LOSS OF CONSORTIUM, ALLEGED BY PLAINTIFF NOLA SALAMANTE
### AGAINST ALL DEFENDANTS

46. Plaintiff GENEVIEVE SCHROEDER repeats and re-alleges all of the allegations contained in paragraphs 1 through 45, inclusive, of this Complaint as though said allegations were set forth herein in full.

47. Plaintiff GENEVIEVE SCHROEDER is, and at all times herein mentioned was the lawfully wedded wife of decedent and, as a direct and proximate result of the afore-described exposure to asbestos, liability of defendants, and each of them, and injury and death to decedent, she has been, is, and will be deprived of decedent's support, services, love, companionship, affection, society, comfort, sexual relations, solace, and emotional support and will continue to suffer similar damages in the future by reason of the injuries to decedent, all to her damages in a sum within the jurisdictional limits of this court.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them as follows:

**FOR THE FIRST CAUSE OF ACTION**

1. For general damages in a sum within the jurisdictional limits according to proof;

-12-
SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES

2.  For the reasonable value of medical and hospital care and attention required, and which will be required in the future;

3.  For the reasonable value of loss of earnings and loss of earning capacity;

4.  For the costs of suit, and such other and further relief as the court shall deem just and proper.

**FOR THE SECOND CAUSE OF ACTION**

1.  For general damages in a sum within the jurisdictional limits according to proof;

2.  For the reasonable value of burial and internment expenses;

3.  For the reasonable value of loss of decedent's society, comfort, protection, services, companionship, love, emotional support, affection, solace and moral support, including financial support, subject to proof at time of trial within the jurisdictional limits of this court;

4.  For the costs of suit;

5.  For prejudgment interest as prescribed by law; and

6.  For such other and further relief as the court shall deem just and proper.

**FOR THE THIRD CAUSE OF ACTION**

1.  For general damages to NOLA SALAMANTE for loss of consortium, including loss of support, services, love, companionship, affection, society, comfort, sexual relations, solace, and emotional support, all in a sum within the jurisdictional limits of this court and according to proof;

2.  For pre-judgment interest as prescribed by law; and

3.  For costs of suit, and for such other and further relief as the court shall deem just and proper.

DATED: December 7, 2010

ROSE, KLEIN & MARIAS LLP

By: _____
GREGORY STAMOS
THOMAS F. MORTIMER, JR.
BRIAN J. RAMSEY
Attorneys for All Plaintiffs

-13-

SUCCESSOR PI AND WRONGFUL DEATH COMPLAINT FOR DAMAGES