CONFLICT_STMT

# U.S. District Court
# Alabama Middle District (Montgomery)
## CIVIL DOCKET FOR CASE #: 2:10-cv-01084-WC
### Internal Use Only

Rhodes et al v. Sepco Corporation
Assigned to: Honorable Wallace Capel, Jr
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 12/21/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Janice Elnora Rhodes**
*as personal representative of The Estate*
*of Doris Ray Rhodes, deceased*

represented by **Grover Patterson Keahey , Jr.**
G. Patterson Keahey, P.C.
One Independence Plaza
Suite 612
Birmingham, AL 35209
205-871-0707
Fax: 205-871-0801
Email: info@mesohelp.com
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Plaintiff**

**Pamela Arquette**
*as personal representative of The Estate*
*of Leroy E. Arquette, Sr., deceased*

represented by **Grover Patterson Keahey , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Plaintiff**

**Jewell O. Emerson**

represented by **Grover Patterson Keahey , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Plaintiff**

**Thomas A. Barnes**

represented by **Grover Patterson Keahey , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

V.

**Defendant**

ATTEST: A True Copy. 1/25/11
Certified to _____
Clerk, U.S. District Court,
Middle District of Alabama
BY _____
Deputy Clerk

**Sepco Corporation**

represented by **Frank Edward Lankford , Jr.**
Huie Fernambucq Stewart LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
205-251-1193
Fax: 205-251-1256
Email: fel@hfsllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/21/2010 | 🔘 1 | COMPLAINT against Sepco Corporation (Filing fee $ 350.00 receipt number 4602016685.), filed by Janice Elnora Rhodes, Pamela Arquette, Thomas A. Barnes, Jewell O. Emerson. (Attachments: # 1 Receipt)(wcl, ) (Entered: 12/29/2010) |
| 12/21/2010 | 🔘 | DEMAND for Trial by Jury by Pamela Arquette, Thomas A. Barnes, Jewell O. Emerson, Janice Elnora Rhodes. (No PDF Attached-See Docket Entry 1 ) (wcl, ) (Entered: 12/29/2010) |
| 12/21/2010 | 🔘 2 | Corporate/Conflict Disclosure Statement by Pamela Arquette, Thomas A. Barnes, Jewell O. Emerson, Janice Elnora Rhodes. (wcl, ) (Entered: 12/29/2010) |
| 12/29/2010 | 🔘 | NOTICE of Assignment to Magistrate Judge mailed to counsel for Pamela Arquette, Thomas A. Barnes, Jewell O. Emerson, Janice Elnora Rhodes. (No PDF Attached) (wcl, ) (Entered: 12/29/2010) |
| 12/29/2010 | 🔘 3 | Summons Issued as to Sepco Corporation and mailed CMRRR with copy of Complaint. (wcl, ) (Entered: 12/29/2010) |
| 01/06/2011 | 🔘 4 | Return Receipt Card showing service of Summons and Complaint signed by R. Revera for Sepco Corporation served on 1/3/2011, answer due 1/24/2011. (wcl, ) (Entered: 01/06/2011) |
| 01/24/2011 | 🔘 5 | MOTION to Dismiss, MOTION for More Definite Statement by Sepco Corporation. (Lankford, Frank) (Entered: 01/24/2011) |
| 01/24/2011 | 🔘 6 | ANSWER to 1 Complaint with Jury Demand by Sepco Corporation.(Lankford, Frank) (Entered: 01/24/2011) |
| 01/24/2011 | 🔘 7 | Corporate/Conflict Disclosure Statement by Sepco Corporation. (Lankford, Frank) (Entered: 01/24/2011) |
| 01/24/2011 | 🔘 8 | NOTICE by Sepco Corporation *of Tag Along Action* (Lankford, Frank) (Entered: 01/24/2011) |
| 01/24/2011 | 🔘 | (Court only) ***Set CONFLICT_STMT RECD Flag. (wcl, ) (Entered: 01/24/2011) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2010 DEC 21 P 3: 48

| | |
|---|---|
| **JANICE ELNORA RHODES** as personal representative of The Estate of **DORIS RAY RHODES**, Deceased; | ) ) ) ) ) ) | **Civil Action** No. DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA<br><br>2:10-cv-1084 |

JANICE ELNORA RHODES ) 
as personal )  **Civil Action** No. DEBRA P. HACKETT, CLK
representative of The )  U.S. DISTRICT COURT
Estate of **DORIS RAY** )  MIDDLE DISTRICT ALA
**RHODES**, Deceased; )  2:10-cv-1084
 )
**PAMELA ARQUETTE** as )
personal )
representative of The )
Estate of **LEROY E.** )  **JURY DEMAND**
**ARQUETTE, SR.**, )
Deceased; )
 )
**JEWELL O. EMERSON;** )
 )
**THOMAS A. BARNES,** )   ATTEST: A True Copy. 1/25/11
 )   Certified to _____
    **PLAINTIFFS,** )   Clerk, U.S. District Court,
 )   Middle District of Alabama
**V.** )   BY _____ Deputy Clerk
 )
**SEPCO CORPORATION,** )
 )
    **DEFENDANT.** )

## COMPLAINT

### BACKGROUND FACTS - THE PLAINTIFFS

Plaintiff, JANICE ELNORA RHODES, a resident of
Florence, Alabama, is the personal representative
of The Estate of Mr. DORIS RAY RHODES, Deceased,
(hereinafter "RHODES") who died on December 21,

1

2008 as a result of his exposure to asbestos materials and products. At the time of his death, RHODES was a resident of Florence, Alabama.

Plaintiff, PAMELA ARQUETTE, a resident of Foley, Alabama, is the personal representative of The Estate of Mr. LEROY E. ARQUETTE, SR., Deceased, (hereinafter "ARQUETTE") who died on December 28, 2008 as a result of his exposure to asbestos materials and products. At the time of his death, ARQUETTE was a resident of Foley, Alabama.

Plaintiff, JEWELL O. EMERSON (hereinafter "EMERSON") is a resident of Hamilton, Alabama, who has been diagnosed with an asbestos related disease.

Plaintiff, THOMAS A. BARNES (hereinafter "BARNES") is a resident of Birmingham, Alabama, who has been diagnosed with an asbestos related disease.

RHODES, ARQUETTE, EMERSON, and BARNES were continually exposed to asbestos/asbestos-containing

2

products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce, by, but not limited to, the following defendant(s) set out herein during their employment.

As a result of RHODES, ARQUETTE'S, EMERSON'S, and BARNES' exposure to asbestos materials and products, they contracted one or more asbestos-related diseases.

### BACKGROUND FACTS - THE DEFENDANTS

1.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.    The following defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities, and worksites containing asbestos-containing products and/or materials,

3

including their own asbestos-containing products
and/or materials and asbestos-containing products
and/or materials produced or manufactured by
others:

3. Sepco, a California corporation whose
principal place of business is 29982 Ivy Glenn
Drive, Laguna Niguel, California 92677, may be
served through its registered agent, C.T.
Corporation System, 818 West Seventh Street, Los
Angeles, California 90017.

#### ALLEGATIONS

4. As a result of their exposure to
crocidolite, amosite, chrysotile, tremolite and
other fibrous, incombustible, and chemical-
resistant mineral substances commonly and
generically referred to as "asbestos", RHODES,
ARQUETTE, EMERSON, and BARNES' contracted one or
more asbestos-related diseases.

4

5.   Asbestos  fibers  are  highly  carcinogenic
when  inhaled  or  otherwise  ingested  into  the  human
body  and  cause  irreparable,  progressive  and  deadly
tissue    damage    which    can    manifest    itself    as
malignant    mesothelioma,    lung    cancer    and    other
cancers.       Most    airborne    asbestos    fibers    are
microscopic  in  size,  fall  at  a  very  slow  rate  and
can  easily  be  "re-entrained"  into  the  atmosphere.
All  asbestos  fibers  are  indestructible  up  to  very
high    temperatures    and    do    not    disintegrate.
Asbestos  fibers  can  be  found  suspended  in  the
atmosphere  of  an  industrial  plant  indefinitely,
even  many  years  after  the  ACMs  from  which  the
fibers    were    released    are    no    longer    in    use.
Suspended  asbestos  fibers  settle  on  all  objects
introduced  into  such  environments,  including  but
not  limited  to  work  clothing,  and  can  be  carried
from  place  to  place,  even  away  from  the  work  place,
by  the  movement  of  the  person  wearing  the  clothing.
Such   asbestos-laden   clothing   can   contaminate   a

5

home, car or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

6. RHODES, ARQUETTE, EMERSON, and BARNES' were exposed to asbestos fibers released from asbestos-containing materials during the course of their employment at their jobsites.

7. Asbestos fibers contaminated RHODES, ARQUETTE, EMERSON, and BARNES environment in a variety of ways, including, but not limited to, their use of and/or proximity to asbestos-containing products and materials (hereinafter referred to collectively as "ACM").

8. Each Defendant is jointly and severally liable to Plaintiff for the wrongful death of RHODES, ARQUETTE, and the personal injuries of EMERSON, and BARNES. Each Defendant, both substantially prior to and during the exposure period, contaminated the work sites of RHODES, ARQUETTE, EMERSON, and BARNES with respirable

asbestos fibers by one or more of the following means:

a.      installing,      removing,      handling, designing,  testing,  evaluating,  manufacturing, mining,  packaging,  furnishing,  supplying and/or selling ACMs;

b.      recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed,      removed,      handled,      designed, manufactured, packaged, furnished, supplied and/or sold;

c.      failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on or in equipment and/or other products they installed, removed, handled, designed,    manufactured,    packaged,    furnished, supplied and/or sold when the use of the same was reasonably foreseeable;

7

d.     failing to maintain the work sites of RHODES, ARQUETTE, EMERSON, and BARNES in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

e.     failing to adequately warn RHODES, ARQUETTE, EMERSON, and BARNES of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate her exposure to asbestos;

f.     In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

g.     In addition, premises owners are sued for negligently installing, removing, maintaining or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

8

9. At all relevant times hereto, the Defendants knew or should have known all of the following: (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute RHODES, ARQUETTE, EMERSON, and BARNES home and work environment, virtually insuring that they would constantly be exposed to asbestos.

10. The Defendants' actions were negligent, reckless, willful, and wanton and constituted an outrageous disregard for the health and safety of workers and their families, including

RHODES, ARQUETTE, EMERSON, and BARNES, who was
exposed to asbestos-containing products and/or
materials in their workplace.

### VENUE

11. This Court has subject jurisdiction over
this case pursuant to 28 U.S.C. § 1332. Plaintiff,
Janice Elnora Rhodes, is a resident citizen of
Alabama. Plaintiff, Pamela Arquette, is a resident
citizen of Alabama. Plaintiff, Jewell O. Emerson,
is a resident citizen of Alabama. Plaintiff, Thomas
A. Barnes is a resident citizen of Alabama.
Defendants are corporations whose principal places
of business are in states other than Alabama. The
amount in controversy, exclusive of interest and
cost, exceeds $75,000.00 and is within the
jurisdiction of the Court.

## DAMAGES

12. RHODES' and ARQUETTE'S asbestos related cancer was the direct and/or efficient cause of their death. EMERSON and BARNES have been diagnosed with asbestos related cancer. Each and every exposure to asbestos contributed to cause RHODES' ARQUETTE'S, EMERSON'S and BARNES' asbestos related disease. As a proximate result of the Defendants' actions Plaintiffs have suffered and will/did continue to suffer physical and mental pain and anguish, disability, medical and pharmaceutical expenses and loss of the enjoyment of life.

## CERCLA

13. Plaintiffs assert that this suit has been filed within the applicable state statute of limitations period, and/or that this claim is timely as a matter of law pursuant to 42 U.S.C. § 9658, a provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Under this provision, the running

11

of the state statute of limitations for applicable actions is delayed until "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). The provision " 'creates a federally mandated discovery rule for the accrual of state law claims involving releases of hazardous substances that cause or contribute to personal injury.... '"Kowalski v. Goodyear Tire and Rubber Co., 841 F. Supp. 104, 107 (W.D.N.Y. 1994) (quoting Soo Line Ry. Co. v. B.J. Carney & Co., 797 1472, 1487 (D.Minn. 1992). Application of the statute to a state law cause of action does not depend on the existence of an underlying federal CERCLA action. Id. at 107-08.

## COUNT ONE
## AS TO EMERSON AND BARNES ONLY
### (Strict Liability)

14. Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

15. The Defendants' asbestos-containing products to which the Plaintiffs were exposed were in a defective condition and unreasonably dangerous to the user, consumer or bystander for the following reasons:

   a.  The Defendants' asbestos-containing products released respirable asbestos fibers when used in a manner that was intended and/or reasonably foreseeable by the Defendants.

   b.  These Defendants knew or should have known that the respirable asbestos fibers were hazardous to the health of users, consumers or bystanders in that when inhaled

13

these fibers caused a variety of diseases
including, but not limited to, asbestosis
and mesothelioma.

16. The asbestos machinery, products or
equipment was in a defective condition and
unreasonably dangerous to the Plaintiff, who was an
intended and foreseeable user or bystander during
the use of the asbestos. These defects include,
without limitation, the following:

a.      Inherent and known properties common
to the asbestos sold by the Defendants that
gave it unreasonably high potential for
causing respiratory diseases, cancer and
other health problems to workers or members
of such workers' households who would be
exposed to asbestos;

b.      Lack of warning or lack of sufficient
warnings by the Defendants, who were in a
position of superior knowledge concerning
the dangerous properties of asbestos when

14

used for the purpose for which it was
manufactured and sold, land which dangerous
propensities were unknown to the Plaintiff;

c.      Lack of instructions or lack of
sufficient instructions by the Defendants
for eliminating or minimizing the health
risks inherent in the use of asbestos;

d.      Lack of reasonable inspections by the
Defendants of their asbestos products to
ensure that such asbestos products contained
sufficient warnings of the dangerous
properties of asbestos;

e.      Lack of reasonable inspections by the
Defendants of their asbestos products to
ensure that such asbestos products contained
sufficient instructions for eliminating or
minimizing the health risks inherent to the
use of asbestos;

f.      Lack of tests or lack of sufficient
tests by the Defendants to determine and/or

eliminating the harmful effects of asbestos
on intended users and bystanders;

g.      Defective design by the Defendants
calling for the inclusion of asbestos in
products that did not require asbestos, and
where alternate, equally suitable substances
were available;

h.      Lack of warnings or lack of sufficient
warnings by the Defendants upon their
discovering the full extent of the dangers
presented by asbestos-containing materials
and products;

i.      Lack of warnings that certain
equipment, products, and tools should not be
used to disturb asbestos dust or asbestos-
containing products.

17. The Defendants and/or their predecessor
entities were engaged in, or materially
participated in, the business of selling asbestos
and materials containing asbestos which were

16

expected to and did reach the various work sites,
plants and equipment in and around Colbert County,
Alabama and various locations throughout Alabama
without substantial change in the condition in
which they were sold, where said products released
asbestos fibers which were inhaled and ingested by
the Plaintiff in connection with his work.  Each of
the Defendants knew or should have known that the
Plaintiff would be exposed to their asbestos
products without an inspection of the medical
literature by the Plaintiff on the adverse health
effects of asbestos.  By marketing the asbestos,
machinery, products or equipment specifying said
asbestos to be used on same the Defendants
represented to the Plaintiff to the public, who
justifiably relied thereon, that asbestos was not
dangerous.

18. The defective conditions of the
Defendants' asbestos products proximately caused or

proximately contributed to the Plaintiff's injuries and damages as described in this complaint.

WHEREFORE, the Plaintiff demands judgment against the Defendants jointly, severely and collectively in an amount to be determined by a jury at trial.

## COUNT TWO
## AS TO EMERSON AND BARNES ONLY
### (Negligence)

19. Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

20. Each of the Defendants had, but breached, duties to the Plaintiff to exercise the highest standard of care in designing, testing, manufacturing, marketing, selling asbestos and equipment or machinery which is an extraordinarily and inherently dangerous substance. The breached duties included, without limitation, the duty:

18

a.      To   select   types   of   asbestos   or
available   alternate   materials   that   would
reduce or eliminate health hazards to those
who would work with, and in the vicinity of
asbestos;

b.      To   warn   adequately   of   the
extraordinary health hazards known by the
Defendants to be associated with asbestos
use;

c.      To instruct adequately in methods of
using asbestos that would reduce the danger
of inhalation or ingestion of asbestos dust;

d.      To   test   adequately   the   asbestos
products   to   determine   the   dangers
concomitant with their use;

e.      To remove the asbestos products from
the   stream   of   commerce   upon   discovering
their dangerous properties;

f.      To inspect the asbestos products for
adequate warnings and instructions.

19

21. In        addition,        contractors        and
subcontractors are sued for negligently installing,
removing, selecting, selling, sanding, cutting, and
otherwise disturbing asbestos-containing products
in such a manner to cause the release of asbestos
fibers.   Premises owners are sued for negligently
installing, removing, maintaining or disturbing
asbestos and failing to warn contractor employees
of the hazards in their facilities including their
exposure to asbestos.

22. As a direct and proximate result of the
Defendants' aforesaid breaches of their duties to
the Plaintiff, he has sustained the injuries and
damages described in this Complaint.

23. In  breaching,  and/or  conspiring  with,
aiding, abetting or materially assisting others in
breaching their duties to the Plaintiff, as
described above, the Defendants acted intentionally
and/or with gross negligence, and/or recklessly,
maliciously and wantonly in that the Defendants and

each of them knew or should have known through data available exclusively to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended and foreseen by the Defendants, and that each of their aforesaid breaches of duty would result in the complained injuries to the Plaintiff.

24. In breaching, an/or conspiring with, aiding, abetting or materially assisting others in breaching, their duties to the Plaintiff, as described above, the Defendants acted intentionally and/or with gross negligence, and/or recklessly, maliciously and wantonly in that the Defendants and each of them knew or should have known through data available exclusively to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended and foreseen by the Defendants, and that each of their aforesaid breaches of duty would result in the complained injuries to the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendants jointly, severely and collectively in an amount to be determined by a jury at trial.

### COUNT THREE
### AS TO EMERSON AND BARNES ONLY
### (Breach of Warranties)

25. Plaintiff re-alleges and incorporates the foregoing allegation of this Complaint.

26. The Plaintiff reasonably relied upon the Defendants who were manufacturers, sellers, or distributors of asbestos-containing products to exercise their skills and judgment to select and furnish goods of a suitable and reasonably safe nature and to furnish products fit for the particular purposes intended and to be supplied in a merchantable condition.

27. Defendants and each of them breached their legal duties in that their products were not sold and furnished in a merchantable and reasonably safe condition and were not fit for the particular

purpose intended in accordance with the laws of the State of Alabama. As a direct and proximate result of the Defendant's aforesaid breaches and breaches of other legal duties owed to the Plaintiff, the Plaintiff' has sustained injuries and damages as described in this Complaint.

WHEREFORE, the Plaintiff demands judgment against the Defendants jointly, severely and collectively in an amount to be determined by a jury at trial.

### COUNT FOUR AS TO RHODES AND ARQUETTE ONLY
### ALABAMA WRONGFUL DEATH ACT

28. Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

29. Plaintiffs allege a cause of action against all of the Defendants, jointly and severally, for the wrongful death of decedent RHODES and ARQUETTE pursuant to *Ala. Code* § 6-5-410

(1975) ("The Alabama Wrongful Death Act"). No other cause of action is alleged herein by RHODES and ARQUETTE against any defendant.

30. Prior to their deaths, RHODES and ARQUETTE could have filed a cause of action in this or another jurisdiction for their personal injuries resulting from the same series of wrongful acts alleged herein.

31. This action was commenced within two years from and after the death of RHODES and ARQUETTE.

32. The Alabama Wrongful Death Act entitles a plaintiff to recover punitive damages for even the simple negligence of the defendant without any applicable cap on same. Plaintiffs seek monetary damages which, exclusive of interest and cost, exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Defendants, separately and severally in a sum to be determined by a jury together with interest from

24

the date of injury, and the cost of this

proceeding.

This the 21 st day of December, 2010.

G. PATTERSON KEAHEY
ASB-6357-A64G
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:    205-871-0707
FACSIMILE:    205-871-0801
EMAIL:    alasbestos@mesohelp.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

G. PATTERSON KEAHEY

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602016685
Cashier ID: khaynes
Transaction Date: 12/22/2010
Payer Name: G PATTERSON KEAHEY PC
------------------------------------
CIVIL FILING FEE
 For: G PATTERSON KEAHEY PC
 Case/Party: D-ALM-2-10-CV-001084-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 16046
 Amt Tendered:  $350.00
------------------------------------
Total Due:        $350.00
Total Tendered:   $350.00
Change Amt:       $0.00

2:10-cv-01084-WC

Rhodes et al v. Sepco Corporation