# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00469-FLW -LHG

DEENEY v. AW CHESTERTON COMPANY et al
Assigned to: Judge Freda L. Wolfson
Referred to: Magistrate Judge Lois H. Goodman
Case in other court: MIDDLESEX COUNTY SUPERIOR
                     COURT OF NEW JERSEY, MID L 7200
                     09AS
Cause: 28:1441 Notice of Removal

Date Filed: 01/25/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**JANE DEENEY**
                     represented by **JAMES J. PETTIT**
LAW OFFICES OF GENE LOCKS,
PLLC
457 HADDONFIELD ROAD
SUITE 500
CHERRY HILL, NJ 08002
(856) 663-8200
Email: jpettit@lockslaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AW CHESTERTON COMPANY**

**Defendant**

**BRAND INSULATIONS INC.**

**Defendant**

**DURAMETALLIC CORP**

**Defendant**

**FOSTER WHEELER CORP.**
                     represented by **AFIGO OKPEWHO**
SEDGWICK, DETERT, MORAN &
ARNOLD LLP
THREE GATEWAY CENTER
12TH FLOOR
NEWARK, NJ 07102
(973) 242-0002
*ATTORNEY TO BE NOTICED*

1

**Defendant**

**GARLOCK INC.**

**Defendant**

**GOULDS PUMP INC.**

**Defendant**

**HOPEMAN BROTHERS, INC.**

**Defendant**

**MADSEN & HOWELL, INC.**

**Defendant**

**METROPOLITAN LIFE**

**Defendant**

**OWENS ILLINOIS INC.**

**Defendant**

**WOOLSULATE INC.**

**Defendant**

**YORK INDUSTRIES CORPORATION**

**Defendant**

**JOHN DOE CORPORATIONS (1-20)**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2011 | 2 | Corporate Disclosure Statement by FOSTER WHEELER CORP. identifying FOSTER WHEELER LLC as Corporate Parent. (jjc) (Entered: 01/28/2011) |
| 01/25/2011 | 1 | NOTICE OF REMOVAL by FOSTER WHEELER CORP. from MIDDLESEX COUNTY SUPERIOR COURT OF NEW JERSEY, case number MID L 7200 09AS. ( Filing fee $ 350 Receipt# 3531441) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Certificate of Service, # 16 NOTICE TO ADVERSE PARTIES, # 17 NOTICE TO CLERK, # 18 LIST OF KNOWN DEFENDANTS)(jjc, ) (Entered: 01/28/2011) |

---

**PACER Service Center**

Case MDL No. 875  Document 6681-4  Filed 02/01/11  Page 3 of 27

| Transaction Receipt | | | |
|---|---|---|---|
| 02/01/2011 12:58:34 | | | |
| **PACER Login:** | sd0394 | **Client Code:** | 03375-017460 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-00469-FLW -LHG Start date: 1/1/1970 End date: 2/1/2011 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

LOCKS LAW FIRM LLC
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
(856) 663-8200
BY:   James J. Pettit, Esquire

| | |
|---|---|
| JANE DEENEY | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: |
| Plaintiff | MIDDLESEX COUNTY |
| | |
| v. | DOCKET NO.:     MID-L-7200-09 |
| | |
| AW CHESTERTON COMPANY;  BRAND | Civil Action |
| INSULATIONS INC; DURAMETALLIC CORP; | |
| FOSTER WHEELER CORP; GARLOCK INC; | **ASBESTOS LITIGATION** |
| GOULDS PUMP INC; HOPEMAN | |
| BROTHERS, INC; MADSEN & HOWELL, | |
| INC.; METROPOLITAN LIFE; OWENS | |
| ILLINOIS INC; WOOLSULATE INC.; YORK | **SUMMONS** |
| INDUSTRIES CORPORATION AND  JOHN | |
| DOE CORPORATIONS (1-20), | |
| | |
| Defendants | |

*From The State of New Jersey, To the Defendant(s) Named Above:*

### OWNER, MANAGER OR AUTHORIZED AGENT OF
### FOSTER WHEELER CORPORATION

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it.  (The address of each Deputy Clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625.  A filing fee payable to the Clerk of the Superior Court in the amount of $135.00 and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve  a written answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Service office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: September 8, 2009

/s/ Jennifer M. Perez
JENNIFER M. PEREZ, Clerk
Superior Court of New Jersey

Name of Defendant to be Served:          Owner, Manager or Authorized Agent of
                                         Foster Wheeler

Address of Defendant to be Served:       53 Frontage Road
                                         Clinton, NJ 08809

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS

DATE:    AUGUST 27, 2009
RE:      DEENEY JANE VS AW CHESTERTON COMPANY
DOCKET:  MID L -007200 09

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON ANN G. MCCORMICK

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     005
AT:  (732) 519-3711 EXT 3711.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
ATTENTION:

ATT: JAMES J. PETTIT
LOCKS LAW FIRM LLC
457 HADDONFIELD ROAD
SUITE 500
CHERRY HILL      NJ 08002

JUKLH0

James J Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste. 500
Cherry Hill, NJ 08002
(856) 663-8200
(856) 661-8400 (fax)
Attorneys for Plaintiffs

| | |
|---|---|
| JANE DEENEY <br><br>            Plaintiff <br><br> v. <br><br> A W CHESTERTON COMPANY;  BRAND INSULATIONS INC; DURAMETALLIC CORP; FOSTER WHEELER CORP; GARLOCK INC; GOULDS PUMP INC; HOPEMAN BROTHERS, INC; MADSEN & HOWELL, INC.; METROPOLITAN LIFE; OWENS ILLINOIS INC; WOOLSULATE INC.; YORK INDUSTRIES CORPORATION AND  JOHN DOE CORPORATIONS (1-20), <br><br>            Defendants | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION -MIDDLESEX COUNTY <br><br> DOCKET NO.:  L - 7200-09 AS <br><br> CIVIL ACTION <br> ASBESTOS LITIGATION <br><br> COMPLAINT, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, DEMAND FOR ANSWERS TO INTERROGATORIES |

1. Plaintiff, Jane Deeney, (hereinafter referred to as "Plaintiff") is an individual, citizen and resident of 295 Clayton, Monroeville, New Jersey, and by way of Complaint say:

2. The Defendants are as follows:

      a.      Defendant, **A.W. CHESTERTON COMPANY**, is a corporation organized and existing under the laws of the State of Massachusetts and at all times material hereto, doing business in the State of New Jersey.

      b.      Defendant, **BRAND INSULATIONS, INC.**, sued in its corporate capacity and as successor by purchase of certain assets of Philip Carey Manufacturing Company, is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois.

c.      Defendant, **DURAMETALLIC CORPORATION**, is a corporation organized and existing under the laws of the State of Michigan and at all times material hereto doing business in the State of New Jersey.

d.      Defendant, **FOSTER WHEELER CORPORATION**, is a corporation organized and existing under the laws of the State of New York with its principal place of business in New Jersey.

e.      Defendant, **GARLOCK, INC., PRECISION SEAL DIVISION**, is a corporation organized and existing under the laws of the state of New Jersey and is a citizen of the State of Ohio.

f.      Defendant, **GOULDS PUMPS, INC.,** is a corporation which at all times material hereto was doing business in the State of New Jersey .

g.      Defendant, **HOPEMAN BROTHERS, INC.,** is a corporation organized and existing under the laws of the State of New Jersey and is a citizen of the State of Virginia with its principal place of business in the State of Virginia and doing business in the State of New Jersey.

h.      Defendant, **MADSEN & HOWELL, INC.,** is a corporation organized and existing under the laws of State of New Jersey and at all times material hereto, doing business in the State of New Jersey.

i.      Defendant, **METROPOLITAN LIFE**, upon information and belief, is a corporation existing under the various laws of the United States and at all times relevant hereto was doing business in the State of New Jersey.

j.      Defendant, **OWENS-ILLINOIS INCORPORATED**, is a corporation organized and existing under the laws of the state of Ohio and is a citizen of the state of Ohio.

k.      Defendant, **WOOLSULATE CORPORATION**, is a corporation organized and existing under the laws of the various states of the United States.

l.      Defendant, **YORK INDUSTRIES CORPORATION**, formerly known as York Insulation Co., Inc., is a corporation organized and existing under the laws of the various states of the United

States and at all times material hereto doing business in the State of New Jersey.

              n.       Defendants, **JOHN DOE CORPORATIONS (1-20)**. One through Twenty are the fictitious names of corporations, partnerships or other business entities, or organizations whose identities are not presently known, and who mined, milled, manufactured and supplied asbestos products, i.e. any product containing asbestos, which either indirectly or directly was sold in the stream of commerce in the State of New Jersey and to the plaintiff's employers, or was present in the workplace, in any state or form, and to which plaintiff was exposed.

       3. At all times material hereto, defendants and/or their predecessors conducted and continue to conduct business in the State of New Jersey.

       4. At all times material hereto, defendants and/or their predecessors acted through their agents, servants, or employees who were acting within the scope of their employment and on the business of defendants.

       5. Defendants who are successor corporations have assumed the assets and liabilities of their predecessor corporations and/or are the continuation of said predecessor corporations.

       6. The defendants and/or their predecessors are all corporations, companies or other business entities, who during all times material hereto, and for a long time prior thereto, have been and/or now are engaged, directly or indirectly in the mining, manufacturing, producing, processing, compounding, converting, selling, merchandising, supplying, distributing and/or otherwise placing in the stream of commerce asbestos, material containing asbestos, asbestos products and compounds (hereinafter referred to as "asbestos products").

       7. During the years of Plaintiff, Jane Deeney's . husbands employment at the Local 322, from 1956-1984, Plaintiff resided with her husband and continually caused to come into contact with and be exposed to the asbestos dust from Defendants' products daily when Plaintiff's husband came home from work with said asbestos dust laden on his clothing and on his person up to the early 1970's.

## COUNT 1

8.  Plaintiff hereby incorporate by reference paragraphs One (1) through Seven (7) inclusive, as if the same were hereto set forth at length.

9.  At all times material hereto, the asbestos products mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce by the defendants which the plaintiff's husband and others similarly employed, continually worked with, used, handled and was caused to come into contact with and be exposed to were under the exclusive control of the defendants and, accordingly, plaintiff invokes the Doctrine of Exclusive Control and the Doctrine of Res Ipsa Loquitur.

10.  At all times material hereto defendants knew or should and/or could have known that their asbestos products, as set forth above, could and/or would be used not only in connection with installation of new insulation in construction, but also for installation of insulation in reconstruction and repair; and that defendants knew or should and/or could have know that such reconstruction and repair could and/or would involve the ripping out of their previously installed asbestos products and that such ripping our would initially cause large quantities of asbestos dust and fibers to be released into the atmosphere of the work area for extended periods of time to be later followed by the additional dust and fibers to be released into the atmosphere of the same work areas upon the application of new asbestos products, resulting from the ordinary and foreseeable use of said asbestos products; all of which defendant knew or should and/or could have known created hazardous and unsafe work areas and risks of the health of plaintiff, and others similarly employed.

11.  At all times material hereto, the defendants mined, manufactured, produced, processed, compounded, converted, sold, merchandised, distributed, supplied, and/or otherwise placed in the stream of commerce the said asbestos products, all of which the defendants knew or in the exercise of ordinary care

should and/or could have known, were inherently defective, ultrahazardous, dangerous, deleterious, poisonous and otherwise highly harmful to the plaintiff, and to other persons similarly employed.

12.   At all times material hereto, plaintiff did not know of the nature and extent of the danger to her lungs, respiratory system, heart or other bodily parts, including bone and tissue and her general health that would result from his contact with and exposure to the defendants' asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, and at all times material hereto, each of the defendants knew, should have known, or could have reasonably determined that the plaintiff, and other persons similarly employed would be in contact with and be exposed to the defendants' asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products and despite such facts, defendants individually, jointly and severally:

(a)  Mined, manufactured, produced, processed, compounded, converted, sold, supplied, merchandised, distributed, and/or otherwise placed in the stream of commerce asbestos products which defendants knew, or in the exercise of ordinary care, should and/or could have known were inherently defective, dangerous, deleterious, ultrahazardous, poisonous and otherwise highly harmful to plaintiff, and to other persons similarly employed.

(b)  Failed to take any reasonable precautions or to exercised reasonable care to adequately or sufficiently warn plaintiff, and other persons similarly employed, of the risks, dangers and harm to which he or they were exposed by continuous work with, contact with, use and handling of the defendants' asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(c)  Failed and omitted to provided the plaintiff, and other persons similarly employed with the knowledge of reasonably safe and sufficient safeguards, wearing apparel and proper safety equipment

and appliances necessary to protect him and them from being injured, poisoned, disabled, killed, or otherwise harmed, by working with, using handling, coming in contact with, and being exposed to the defendants' asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said products.

   d)  Failed and omitted to place warnings, or adequate and sufficient warnings, on the containers of the said asbestos products regarding the risks, dangers, and harm therefrom and the precautions necessary to make said asbestos products safe for their ordinary and foreseeable use.

   (e)  Failed to package the said asbestos products so that in the ordinary and foreseeable use and handling thereof the plaintiff, and other persons similarly employed, would not come into contact with and be exposed to the inhalation of the asbestos dust and fibers from said asbestos products.

   (f)  Failed to take reasonable, sufficient and proper precautions reasonably calculated to reach such persons as the plaintiff, and other persons similarly employed, to warn them of the inherently dangerous, deleterious, ultrahazardous, poisonous, and otherwise highly harmful effects of the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of the defendants' asbestos products and to instruct them in the proper and safe use and handling of said asbestos products.

   (g)  Failed to take any reasonable, sufficient and proper precautions or to exercise reasonable care to protect the plaintiff, and other persons similarly employed, from harm and danger resulting from working with, using, handling, coming into contact with and being exposed to the defendants' asbestos products and the inhalation of the asbestos dust and fibers from the ordinary and foreseeable use of said asbestos products.

   (h)  Failed to adopt and enforce a safe, sufficient and proper plan and method of working with, using, handling, and coming into contact with and being exposed to defendants' asbestos products so that plaintiff, and other persons similarly employed would not inhale the asbestos dust and fibers resulting

from the ordinary and foreseeable use of said asbestos products.

i) Failed to adequately test their respective asbestos products before offering them for sale and use so that plaintiff, and other persons similarly employed, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

j) Failed to render such asbestos products safe or to provide proper and sufficient safeguards for the use and handling thereof so that plaintiff, and other persons similarly employed, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(k) Failed to remove and recall said asbestos products from stream of commerce and marketplace upon ascertaining that said asbestos products would cause asbestosis, scarred lungs, respiratory disorders, mesothelioma cancers and other injuries, some or all of which are permanent and may be fatal.

(l) Failed to advise the plaintiff and others similarly employed who the defendants knew and/or should have and/or could have known had been exposed to long-term inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, to cease all future exposure to the inhalation of all types of other fumes, smoke, dust and fibers, to be examined by a lung specialist to determine the nature and extent of any and all diseases caused by such exposure and inhalation and to receive treatment for such diseases.

(m) Failed to advise the plaintiff, and others similarly situated, of the progressive nature of the disease process to which all defendants were causing them to be subjected.

(n) Were otherwise careless and negligent under the law.

(o) Violated the admiralty and maritime laws of the United States.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit, and other and further relief as is just and proper.

### COUNT II

13. Plaintiff hereby incorporate by reference paragraphs One (1) through Twelve (12) inclusive, as if same were hereto set forth at length.

14. Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, compounded, converted, processed, sold, supplied, merchandised, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose.

15. Defendants breached said warranties to plaintiff in that their said asbestos products were inherently defective, ultrahazardous, dangerous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable use and purpose.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus the costs of suit, and such other further relief as is just and proper.

### COUNT III

16. Plaintiff hereby incorporate by reference paragraphs One (1) through Fifteen (15) inclusive, as if the same were hereto set forth at length.

17. Defendants knew or in the exercise of reasonable care should and/or could have known that their asbestos products would be sold to the public, including employers of the plaintiff and would be used by the plaintiff, and others similarly employed and would be relied on by such persons to be fit for the use and to accomplish the purpose for which they were mined, manufactured, produced, processed, sold, supplied, distributed and/or otherwise placed in the stream of commerce; and the defendants, because of their positions as miners, manufacturers, producers, processors, sellers, suppliers and distributors are strictly liable to the plaintiff for the following reasons:

      (a) Defendants as manufacturer-sellers are engaged in the business, inter alia, of selling

asbestos products.

(b)  That at the time of the manufacture and sale of the said asbestos products by the defendant to the plaintiff or his employer defendants knew, or had reason to know, that the said asbestos products would be used by plaintiff and other persons similarly employed as the ultimate user or consumer.

(c)  That the same asbestos products were sold by the defendants in a defective condition, unreasonably dangerous to the plaintiff, and others similarly employed, as users or consumers and that all throughout the many years of the plaintiff's exposure to and use of the said products, the said asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold.

(d)  That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use and purpose, and said defendants failed to give adequate or sufficient warnings or instructions about the risks, dangers, and harm inherent in said asbestos products.

(e)  That the ordinary and foreseeable use of the defendants' asbestos products is an intrinsically dangerous and ultrahazardous activity.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages  plus costs of suit and such other and further relief as is just and proper.

## COUNT IV

18.  Plaintiff hereby incorporates by reference paragraphs One (1) through Seventeen (17) inclusive, as if the same were hereto set forth at length.

19.  Defendants, individually, jointly and in conspiracy with each other, and as an industrial group and through trade associations for many decades have been possessed of medical and scientific data which clearly indicated that the inhalation of asbestos dust and fibers resulting from ordinary and foreseeable use of

their asbestos products were unreasonably dangerous, ultrahazardous, deleterious, carcinogenic, and potentially deadly.

20.  The identities of the trade associations through which the defendants acted are the Asbestos Textile Institute (ATI), Asbestos Information Association (AIA), Quebec Asbestos Mining Association (QAMA), National Insulation Manufacturers Association (NIMA), and Thermal Insulation Manufacturers Association (TIMA).

21.  Despite the medical and scientific data processed by and available to them, the defendants, acting willfully, maliciously, callously, deliberately, and with wanton disregard for the rights, safety, and position of plaintiff's husband and other persons similarly employed, individually, jointly and in conspiracy with each other, fraudulently and deliberately:

(a)  Ignored, withheld and/or actively concealed said medical and scientific data from the public, and particularly the workers such as plaintiff, who were using and being exposed to the defendants' asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of such asbestos products.

(b)  Caused to be released, published and/or disseminated data and reports concerning the dangers and/or safety of their asbestos products, which data and reports they knew, should have known, or could have reasonably determined to be incorrect, incomplete, outdated and misleading.

(c)  Failed and refused to provide the public, or workers such as plaintiff's husband who would foreseeably use and/or be exposed to their asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, with any warning as to the risks, dangers and harm that defendants knew, should have known, or could have known to be inherent in the use of and exposure of people to said asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

d) Deliberately chose to provide patently inadequate and ambiguous warnings and intentionally failed to warn of the known risks and dangers of their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

e) Distorted and/or caused to be misdiagnosed the results of medical examinations conducted upon persons and workers such as plaintiff who were using and handling said asbestos products and being exposed to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

f) Refused and failed to test their asbestos products and/or tested their asbestos products and willfully concealed and/or refused to publish adverse test results, or distorted said adverse test results so that the public and workers such as plaintiff were misled into believing the test results were not adverse.

(g) Relied upon and caused to be disseminated reports, tests, medical and scientific data that they knew, should have known, or could have known to be inadequate, incomplete, outdated and misleading.

22. Defendants, individually, jointly and in conspiracy with each other, participated in the fraudulent scheme described above to keep the plaintiff and others similarly employed in ignorance of their rights by fraudulently concealing the nature and extent of the harm which they have suffered as a result of using and being exposed to the defendants' asbestos products and by fraudulently concealing that this harm was the direct and proximate result of the occupational use and exposure to the defendants' asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products and in fact, said fraudulent scheme did keep the plaintiff and others similarly employed, in ignorance of his and their rights.

23. Defendants, individually, jointly and in conspiracy with each other, intended by the fraudulent misrepresentations and willful omissions as set forth above to induce the plaintiff, and others similarly employed to rely upon said fraudulent misrepresentations and willful omissions, and to continue to expose

himself and themselves to the risks and dangers that the defendants knew to be inherent in the use of and exposure to their asbestos products and the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, without warning the plaintiff and others similarly employed, of these risks and dangers, thereby depriving him and them of the opportunity of informed free choice as to whether to continue to use said asbestos products and to expose himself and themselves to these dangers and risks.

24. Defendants, individually, jointly and in conspiracy with each other and through trade associations in which they were members maliciously, willfully, callously, deliberately and wantonly disregarded the rights, safety and position of plaintiff and other persons similarly employed:

(a) Exposed and continued to expose plaintiff's husband and others similarly employed, to the risks and dangers of asbestosis, mesothelioma, scarred lungs, cancer and other illnesses all of which risks and dangers defendants knew, should have known or could have known;

(b) Failed to test and continue to test their asbestos products regarding the risks and dangers to persons who use or were exposed to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(c) Ignored medical and scientific data regarding the risk of asbestosis, scarred lungs, cancer, mesothelioma and other illnesses to workers such as the plaintiff, who used or were exposed to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(d) Sought methods to ignore or defeat workmen's compensation and other claims of workers such as plaintiff who suffered from illnesses or disease from use of or exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

e) Attempted to discredit scientists, doctors, writers and medical literature, who or which indicated, demonstrated, or established a causal relationship between illness and disease from the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

f) Refused to conduct research on the causal relationship between asbestos exposure and illness and disease, because pecuniary motives of profit were followed at the expense of human lives;

g) Sought to create favorable publicity about the safe nature of their asbestos products for pecuniary motives when they knew of the risks and dangers inherent in their asbestos products;

h) Failed to seek safe substitute products for their asbestos products because pecuniary motives of profit were followed at the expense of human lives;

i) Misled the public and workers such as plaintiff who used or were exposed to their asbestos products by indicating that their asbestos products were safe for their ordinary and foreseeable use;

j) Concealed the existence of tests, data, studies, literature and medical reports, regarding the causal relationship between asbestos exposure and cancer, mesothelioma, scarred lungs, asbestosis, respiratory disorders, and other illnesses and diseases;

k) Refused to authorize testing and research involving the causal relationship of illness and disease to exposure to the use of and the inhalation of the dust and fibers resulting from the ordinary and foreseeable use of their asbestos products, fearing adverse publicity would affect the highly profitable market of asbestos products sales;

l) Chose to rely on inaccurate or insufficient medical or scientific research or data regarding the causal relationship between asbestos products and disease, in order to avoid any possible adverse publicity that would affect the sales of asbestos products;

m) Failed to place adequate or proper warnings on their asbestos products fearing that such warnings would adversely affect sales.

25.  Plaintiff reasonably and in good faith relied upon the fraudulent misrepresentations, concealments, and willful omissions made by the defendants, individually, jointly and in conspiracy with each other, regarding the safe nature of their asbestos products, which reliance resulted in illnesses and injuries to plaintiff, the particulars of which will be more fully herein set forth.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit, and such other and further relief as is just and proper.

### COUNT V

26.  Plaintiff Jane Deeney hereby incorporates by reference paragraphs One (1) through twenty-five (25) inclusive, as if the same were hereto set forth at length.

27.  As a direct and proximate result of the negligence, carelessness, gross negligence, intentional and willful misconduct, breach of warranty, strict liability, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the defendant, plaintiff, Jane Deeney, was caused to contract diseases and injuries to her body system, lungs, respiratory system, heart and damage to various organs of her body, including injury to tissue and bone, the full extent which has not been determined, and including, but not limited to, asbestosis, scarred lungs, respiratory disorders, and mesothelioma.  Some or all of which may be permanent or fatal.

28.  As a direct and proximate result of the aforesaid, plaintiff has undergone great physical pain, mental anguish and shock to her nerves and nervous system and severe anxiety possibly rising to a traumatic neurosis, some or all of which may be permanent or fatal.

29.  As a direct and proximate result of the aforesaid, plaintiff has been obliged to spend various sums of money to treat his diseases and injuries and plaintiff may be obligated to continue to do so; plaintiff has sustain a loss of earnings and earning capacity; plaintiff's enjoyment of life has been impaired; his life

expectancy shortened; he was embarrassed and humiliated; all to the great loss of plaintiff.

WHEREFORE, plaintiff Jane Deeney prays for judgment against the defendants individually, jointly, and severally for compensatory damages, punitive damages, and for costs of suit and such other further relief and is just and proper.

Designated Trial Counsel, pursuant to Court Rule 4:5-1, shall be James Pettit, Esquire.

LOCKS LAW FIRM
457 Haddonfield Road, Suite 500
Cherry Hill, NJ  08002
(856) 663-8200

BY: _____
James J. Pettit

Plaintiff Jane Deeney demands a trial by jury.

LOCKS LAW FIRM
457 Haddonfield Road, Suite 500
Cherry Hill, NJ  08002
(856) 663-8200

BY: _____
James J. Pettit

DATED:  8/25/09

## ATTORNEY'S CERTIFICATION

I, James J. Pettit, Jr. Esquire, hereby certify the following statements to be true to the best of my knowledge:

a.      This action as plead is not presently the subject of any other action or arbitration proceeding.

b.      No other action or arbitration proceeding is contemplated at this time by this counsel, other than possibly claims to be made in later Bankruptcy actions.

c.      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  8/25/09                              BY: _____

                                                   James J. Pettit

Plaintiff Jane Deeney demands that Defendants answer standard interrogatories. A copy of said forms may be obtained from the Middlesex County Courthouse upon request.

James J Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste. 500
Cherry Hill, NJ 08002
(856) 663-8200
(856) 661-8400 (fax)
Attorneys for Plaintiffs

| | |
|---|---|
| JANE DEENEY | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | LAW DIVISION -MIDDLESEX COUNTY |
| | DOCKET NO.: |
| v. | |
| | CIVIL ACTION |
| A W CHESTERTON COMPANY;  BRAND | ASBESTOS LITIGATION |
| INSULATIONS INC; DURAMETALLIC | |
| CORP; FOSTER WHEELER CORP; | PLAINTIFF'S INITIAL FACT SHEET |
| GARLOCK INC; GOULDS PUMP INC; | |
| HOPEMAN BROTHERS, INC; MADSEN & | |
| HOWELL, INC.; METROPOLITAN LIFE; | |
| OWENS ILLINOIS INC; WOOLSULATE | |
| INC.; YORK INDUSTRIES | |
| CORPORATION AND  JOHN DOE | |
| CORPORATIONS (1-20), | |
| Defendants | |

1.    Full Name:   **Jane Deeney**

2.    Date of Birth: **2/9/25**

3.    Address:      **295 Clayton, Monroeville, NJ  08343**

4.    Union/Local/Years of Membership:  **Local 322, 1956-1984**

5.    Date of first claimed asbestos exposure: **1956**

6.    Date of last claimed asbestos exposure:  **mid 1970's**

7.    Smoking History:       **No**

8.    State the inclusive dates of smoking history, the products smoked and the amount of products

       consumed per day:

a.    Dates: N/A

b.    Products smoked:    N/A

c.    Amount per day:    N/A

9.    Provide as much of the following information as it is presently available: work sites, inclusive dates and trade or occupation for each site.

| WORK SITES | DATES | TRADE/OCCUPATION |
|---|---|---|
| Husband Paul worked for Local 322 at various sites including Sun Oil, Exxon, Mobil, Babcock & Wilcox, Salem Nuclear Power Plant, Dupont, Somers Point Power Plant-Beasley Point, Deptford Mall, Willards, Resorts and Tropicana Casino, Burdette Tomlin Hospital | 1956-1984 | pipefitter |

10.    State the claimed asbestos related disease; including the date of diagnosis and the name of the diagnosing physician or institution (if available attach a copy of the medical report).

a.    Disease:    **Mesothelioma**

b.    Date of diagnosis:    **August 11, 2009**

c.    Doctor/Institution:    **Dr. Petchett**

LOCKS LAW FIRM, LLC

Dated: **8/25/09**

By: _____
James J. Pettit
Attorneys for Plaintiffs

**LOCKS LAW FIRM LLC** • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

| CIVIL CASE INFORMATION STATEMENT | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial Law Division
### Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐ CK   ☐ CG   ☐ CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER (856) 663-8200 | COUNTY OF VENUE Middlesex |
|---|---|---|

FIRM NAME (If applicable)
Locks Law Firm, LLC

DOCKET NUMBER (When available)
L-7200-09 AS

OFFICE ADDRESS
457 Haddonfield Road, Suite 500
Cherry Hill, NJ  08002

DOCUMENT TYPE
Complaint

JURY DEMAND  ☒ YES   ☐ NO

NAME OF PARTY (e.g., John Doe, Plaintiff)
Jane Deeney

CAPTION
Jane Deeney v. A. W. Chesteron Company, et al

CASE TYPE NUMBER
(See reverse side for listing)
601

IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES   ☐ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?  ☐ YES   ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☒ YES   ☐ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ YES   ☒ NO

IF YES, IS THAT RELATIONSHIP  ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)   ☐ FAMILIAL   ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☒ YES   ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES   ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED?  ☐ YES   ☒ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE

Effective 02/01/2008, CN 10517-English

page 1 of 2



**SIDE 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 241 | TOBACCO | 275 | ORTHO EVRA |
| 248 | CIBA GEIGY | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 277 | MAHWAH TOXIC DUMP |
| 271 | ACCUTANE | 278 | ZOMETA/AREDIA |
| 272 | BEXTRA/CELEBREX | 601 | ASBESTOS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59