1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**BEFORE THE JUDICIAL PANEL**

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION,

(NO VI)

This Document Relates To:

**MDL 875**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

DONALD W. COULTER, DANIEL W.
COULTER, and DENNIS W. COULTER, as
Co-Personal Representatives of the Estate of
DONALD C. COULTER;

AILEEN MILDRED LONG, Individually, and
as Personal Representative of the Estate of
ROBERT JOSEPH LONG;

MICHAEL G. OSTMAN and MICHELE L.
CURTIS, as Co-Personal Representatives of
the Estate of FRED G. OSTMAN;

WALTER JOSEPH PAQUIN and MARY
ANN PAQUIN, husband and wife;

WILLIAM DONALD RAY, as Personal
Representative of the Estate of WILLIAM

Case No.:  3:10-cv-05714-BHS

**SULZER PUMPS (US) INC.'S NOTICE OF**
**TAG-ALONG ACTION**

SULZER PUMPS' NOTICE OF TAG ALONG ACTION - 1

Law Offices of
**Wolfstone, Panchot & Bloch, P.S., Inc.**
**1111 Third Avenue, Suite 1800**
**Seattle, Washington  98101**
**Phone:    (206) 682-3840**
**Fax:        (206) 340-8837**

1

1  ABNER RAY;

2  LOUISA STALLINGS, Individually and as
   Personal Representative of the Estate of CARL
3  STALLINGS; and

4
   STATE OF WASHINGTON, DEPARTMENT
5  OF LABOR AND INDUSTRIES, EX REL
   IVADELL ROSE WILLIAMS, Individually
6  and as Personal Representative of the Estate of
   JOHN MICHAEL WILLIAMS,
7
8                          Plaintiffs,

9  v.

10  SULZER PUMPS (US), INC. formerly known
    as SULZER BINGHAM PUMPS, INC.,
11
12                          Defendant.

13      TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF

14  WASHINGTON, PLEASE TAKE NOTICE OF THE FOLLOWING:

15      1.      On July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order

16  transferring all asbestos cases pending in federal court to the United States District Court,

17  Eastern District of Pennsylvania, for coordination pretrial proceedings pursuant to 28 U.S.C.

18  section 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions

19  involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to

20
21  Show Cause. MDL Rule 13(e) provides:

22          Any party of counsel in actions previously transferred under section 1407
            or under consideration by the Panel for transfer under section 1407 shall
23          promptly notify the Clerk of the Panel of any potential "tag-along actions"
            in which that party is also named or in which that counsel appears.
24

SULZER PUMPS' NOTICE OF TAG ALONG ACTION - 2

Law Offices of
Wolfstone, Panchot & Bloch, P.S., Inc.
1111 Third Avenue, Suite 1800
Seattle, Washington  98101
Phone:    (206) 682-3840
Fax:      (206) 340-8837

1       2.     The undersigned hereby notifies the court that this is a potential "tag-along

2   action" which is subject to transfer to the Eastern District of Pennsylvania. A copy of the

3   complaint filed in the state action that was removed to the Western District of Washington is

4   attached as Exhibit A. The Clerk of the Panel may either (1) enter a conditional transfer order

5   pursuant to MDL Rule 12(a), or (2) file an order to show cause why the action should not be

6   transferred, pursuant to MSL Rule 13(b).

7

8       3.     Sulzer Pumps (US) Inc. is providing written notice of the Notice of Tag-Along

9   Action to all adverse parties.

10      Sulzer Pumps (US) Inc. reserves the right to amend or supplement this Notice of Tag-

11  Along Action.

12      DATED this $12th$ day of January, 2011.

13                     WOLFSTONE, PANCHOT & BLOCH, P.S., INC.

14

15

16             By_____

17                 Howard (Terry) Hall, WSBA #10905
               Attorney for Defendant Sulzer Pumps (US) Inc.

18

19

20

21

22

23

24

SULZER PUMPS' NOTICE OF TAG ALONG ACTION - 3

**Law Offices of**
**Wolfstone, Panchot & Bloch, P.S., Inc.**
**1111 Third Avenue, Suite 1800**
**Seattle, Washington  98101**
**Phone:   (206) 682-3840**
**Fax:      (206) 340-8837**

# EXHIBIT A

Wolfstone, Panchot
& Bloch

SEP 0 1 2010

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 30 2010 2:12 PM

KEVIN STOCK
COUNTY CLERK
NO: 10-2-12628-2

1
2
3
4
5
6
7

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

8  | DONALD W. COULTER, DANIEL W.
9  | COULTER, and DENNIS W. COULTER, as
   | Co-Personal Representatives of the Estate of
10 | DONALD C. COULTER;

11 | AILEEN MILDRED LONG, Individually and
   | as Personal Representative of the Estate of
   | ROBERT JOSEPH LONG;
12

13 | MICHAEL G. OSTMAN and MICHELE L.
   | CURTIS, as Co-Personal Representatives of the
   | Estate of FRED G. OSTMAN;
14

15 | WALTER JOSEPH PAQUIN and MARY
   | ANNE PAQUIN, husband and wife;

16 | WILLIAM DONALD RAY, as Personal
   | Representative of the Estate of WILLIAM
17 | ABNER RAY;

18 | LOUISA STALLINGS, Individually and as
   | Personal Representative of the Estate of CARL
19 | STALLINGS; and

20 | STATE OF WASHINGTON, DEPARTMENT
   | OF LABOR AND INDUSTRIES, EX REL
21 | IVADELL ROSE WILLIAMS, Individually
   | and as Personal Representative of the Estate of
22 | JOHN MICHAEL WILLIAMS

23 | Plaintiffs,

NO.

COMPLAINT FOR PERSONAL
INJURIES and FOR WRONGFUL
DEATH AND SURVIVORSHIP

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - i
S:\Defendants\Salzer Bingham Paoquel\Salzer_Pleadings\Salzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

v.

SULZER PUMPS (US), INC., formerly known
as SULZER BINGHAM PUMPS, INC.,

Defendant.

## I.    PARTIES

Plaintiffs Daniel W. Coulter, Daniel W. Coulter, and Dennis W. Coulter resides in Stites, Idaho and are the surviving children of Donald C. Coulter. Plaintiffs have been appointed the Personal Representative of the Estate of Donald C. Coulter.

Plaintiff Aileen Mildred Long, resides in Aberdeen, Washington and is the surviving spouse of Robert Joseph Long. Plaintiff has been appointed the Personal Representative of the Estate of Robert Joseph Long.

Plaintiffs Michael G. Ostman and Michele L. Curtis, resides in Granite Falls, Washington and are the surviving children of Fred G. Ostman. Plaintiffs have been appointed the Personal Representative of the Estate of Fred G. Ostman.

Plaintiffs Walter Joseph Paquin and Mary Anne Paquin, husband and wife, resides in Albany, Oregon.

Plaintiff William Donald Ray, resides in Port Hadlock, Washington and is the surviving child of William Abner Ray. Plaintiff has been appointed the Personal Representative of the Estate of William Abner Ray.

Plaintiff Louisa Stallings, resides in Pasco, Washington and is the surviving spouse of Carl Stallings. Plaintiff has been appointed the Personal Representative of the Estate of Carl Stallings.

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 2
S:\Defendants\Sulzer Bingham Pumps\Sulzer_Pleadings\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1  Plaintiff Ivadell Rose Williams, resides in Richland, Washington and is the surviving

2  spouse of John Michael Williams. Plaintiff has been appointed the Personal Representative of

3  the Estate of John Michael Williams.

4

5  Defendant and/or its predecessors-in-interest are corporations who, at all times relevant

6  herein, manufactured, sold or distributed asbestos-containing products or products that were used

7  in conjunction with asbestos.

   ## II.     JURISDICTION

8  This Court has jurisdiction over this cause pursuant to RCW 4.12.025 because, at all

9  times relevant herein, defendant transacted business and/or may be served with process in Pierce

10 County, Washington.

11 ## III.     FACTS

12 **As to Plaintiffs Donald W. Coulter, Daniel W. Coulter, and Dennis W. Coulter:**

13 Plaintiffs decedent Donald C. Coulter (DOB: November 23, 1927; SSN: ***-**-5331)

14 was exposed to asbestos and asbestos-containing products which had been mined, manufactured,

15 produced, and/or placed into the stream of commerce by the defendant and/or was exposed to

16 asbestos through the use of products manufactured by defendant.  As a direct and proximate

17 result of this exposure, plaintiffs decedent Donald C. Coulter developed mesothelioma and died

18 on June 3, 2009. Plaintiffs provide the following information:

19

20    A.    Specific Disease:      Mesothelioma

21    B.    Date of Diagnosis:     August 2008

22    C.    Military:              U.S. Army, 1946 to 1951

23    D.    Occupation:            Mill Firefighter

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 3
S:\Defendants\Solter Bingham Pumps\Sulzer_Pleadings\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

| 1 | E. | Places of Exposure: | Potlatch Mill, Lewiston, Idaho |
| 2 | F. | Dates of Exposure: | 1976 to 1980 |
| 3 | G. | Current Address: | Deceased |

**As to Plaintiff Aileen Mildred Long:**

Plaintiff's decedent Robert Joseph Long (DOB: April 5, 1919; SSN: ***-**-1306) was exposed to asbestos and asbestos-containing products which had been mined, manufactured, produced, and/or placed into the stream of commerce by the defendant and/or was exposed to asbestos through the use of products manufactured by defendant. As a direct and proximate result of this exposure, plaintiff's decedent Robert Joseph Long developed mesothelioma and died on August 23, 2008. Plaintiff provides the following information:

| | A. | Specific Disease: | Mesothelioma |
| | B. | Date of Diagnosis: | July 2008 |
| | C. | Military: | U.S. Navy, 1943 to 1945 |
| | D. | Occupation: | Asbestos Worker; Refrigeration Mechanic; Owner |
| | E. | Places of Exposure: | U.S. Navy ships and shipyards; various residential, commercial and industrial sites throughout Western Washington |
| | F. | Dates of Exposure: | 1930s to 1980 |
| | G. | Current Address: | Deceased |

**As to Plaintiffs Michael G. Ostman and Michele L. Curtis:**

Plaintiffs decedent Fred G. Ostman (DOB: February 26, 1932; SSN: ***-**-2874) was exposed to asbestos and asbestos-containing products which had been mined, manufactured, produced, and/or placed into the stream of commerce by the defendant and/or was exposed to

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND SURVIVORSHIP - 4
S:\Defendants\Selzer Bingham Pleadings\Selzer_Pleadings\Selzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    asbestos through the use of products manufactured by defendant. As a direct and proximate

2    result of this exposure, plaintiffs decedent Fred G. Ostman developed mesothelioma and died on

3    September 7, 2009. Plaintiffs provides the following information:

4

|   |   |   |
|---|---|---|
| A. | Specific Disease: | Mesothelioma |
| B. | Date of Diagnosis: | December 2008 |
| C. | Military: | N/A |
| D. | Occupation: | Carpenter/Insulation Worker; Rip Saywer; Kiln Operator; General Construction; General Contractor; Bus Driver |
| E. | Places of Exposure: | Various commercial and industrial sites in Washington, Idaho, and Alaska |
| F. | Dates of Exposure: | 1950s to 1980 |
| G. | Current Address: | Deceased |

**As to Plaintiffs Walter Joseph Paquin and Mary Anne Paquin:**

Plaintiff Walter Joseph Paquin (DOB: January 6, 1923; SSN: ***-**-1172) was exposed

to asbestos and asbestos-containing products which had been mined, manufactured, produced,

and/or placed into the stream of commerce by the defendant and/or was exposed to asbestos

through the use of products manufactured by defendant. As a direct and proximate result of this

exposure, plaintiff Walter Joseph Paquin developed lung cancer. Plaintiff provides the following

information:

|   |   |   |
|---|---|---|
| A. | Specific Disease: | Lung Cancer |
| B. | Date of Diagnosis: | January 2009 |
| C. | Military: | U.S. Army, 1942 to 1945 |

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 5
S:\Defendants\Sulzer Bingham Pumps\Sulzer_Pleadings\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

| | D. | Occupation: | Millwright |
|---|---|---|---|
| | E. | Places of Exposure: | Various industrial and commercial sites in Washington, Michigan, California, and Oregon |
| | F. | Dates of Exposure: | 1940 to 1980 |
| | G. | Current Address: | 723 NW Augusta Court Albany, OR 97321 |

**As to Plaintiff William Donald Ray:**

Plaintiff's decedent William Abner Ray (DOB: November 26, 1928; SSN: \*\*\*-\*\*-5473) was exposed to asbestos and asbestos-containing products which had been mined, manufactured, produced, and/or placed into the stream of commerce by the defendant and/or was exposed to asbestos through the use of products manufactured by defendant. As a direct and proximate result of this exposure, plaintiff's decedent William Abner Ray developed mesothelioma and died on December 13, 2007. Plaintiff provides the following information:

| | A. | Specific Disease: | Mesothelioma |
|---|---|---|---|
| | B. | Date of Diagnosis: | October 2007 |
| | C. | Military: | U.S. Coast Guard |
| | D. | Occupation: | General laborer and maintenance; Electrician |
| | E. | Places of Exposure: | Crown Zellerbach Pulp and Paper Mill, later Port Townsend Paper Mill, in Port Townsend, Washington; home exposure from remodeling |
| | F. | Dates of Exposure: | 1952 to 1980 |
| | G. | Current Address: | Deceased |

**As to Plaintiff Louisa Stallings:**

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    Plaintiff's decedent Carl Stallings (DOB: February 17, 1926; SSN: ***-**-4793) was

2    exposed to asbestos and asbestos-containing products which had been mined, manufactured,

3    produced, and/or placed into the stream of commerce by the defendant and/or was exposed to

4    asbestos through the use of products manufactured by defendant. As a direct and proximate

5    result of this exposure, plaintiff's decedent Carl Stallings developed lung cancer and died on

6    October 6, 2006. Plaintiff provides the following information:

7

8    A.   Specific Disease:        Lung Cancer

9    B.   Date of Diagnosis:       October 2005

10   C.   Military:                N/A

11   D.   Occupation:              Millwright, Mechanical Foreman, Master
                                    Mechanic, and Maintenance Superintendent

12   E.   Places of Exposure:      Boise Cascade Corporation, St. Helens, Oregon and
13                                  Wallula, Washington

14   F.   Dates of Exposure:       1947 to 1980

15   G.   Current Address:         Deceased

16

**As to Plaintiff Ivadell Rose Williams:**

17    Plaintiff's decedent John Michael Williams (DOB: 04.17.1946; SSN: ***-**-1097)

18   was exposed to asbestos and asbestos-containing products which had been mined,

19   manufactured, produced, and/or placed into the stream of commerce by the defendant and/or

20   was exposed to asbestos through the use of products manufactured by defendant. As a direct

21   and proximate result of this exposure, Plaintiff's decedent John Michael Williams developed

22   mesothelioma and died on October 22, 2007. Plaintiff provides the following information:

23

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 7
S:\Defendants\Sulzer Bingham Pumps\Sulzer_Pleadings\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

| | | | |
|---|---|---|---|
| A. | Specific Disease: | Mesothelioma |
| B. | Date of Diagnosis: | July 2004 and February 2006 |
| C. | Military: | U.S. Army, 1965 to 1968 |
| D. | Occupation: | Consultant, Engineer, General Manager, Service Engineer, Senior Engineer, Supervising Engineer |
| E. | Places of Exposure: | Office buildings and Nuclear Facilities in California and Washington States |
| F. | Dates of Exposure: | 1960 to 1980 |
| G. | Current Address: | Deceased |

## IV.   LIABILITY

Plaintiffs claims liability based upon the theories of product liability (RCW 7.72 et. seq.); negligence; conspiracy; spoliation; willful or wanton misconduct; strict product liability under Section 402B of the Restatement of Torts; premises liability; breach of warranty; (RCW 62A); enterprise liability; market-share liability and/or market share alternate liability; and any other applicable theory of liability.  The liability-creating conduct of defendant consisted, inter alia, of negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing or installing unreasonably dangerous or extra-hazardous and/or defective products; marketing or installing products not reasonably safe as designed; marketing or installing products not reasonably safe for lack of adequate warning and marketing or installing products with misrepresentations of product safety.

With respect to any defendant that is a manufacturer of products or equipment aboard naval or other U.S. government vessels, plaintiffs claims liability, strictly based on state tort law, arising from the defendant's failure to provide adequate warnings of their products' dangerous propensities and negligence. Plaintiffs expressly disclaims and is not seeking relief for any and

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 8
S:\Defendants\Sulzer Bingham Pumps\Sulzer_Pleadings\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1  all claims for injury against any defendant whose conduct, whether by omission or commission,

2  was engaged in at the behest of the United States or any agency or person acting under him or

3  under color of such office to the extent such a claim would implicate federal court jurisdiction

4  under the federal officer removal statute, 28 U.S.C. §1442(a)(1), predicated on the government

5  contractor's defense articulated in Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

6  Most specifically with respect to Plaintiffs state tort law failure-to-warn claims, Plaintiffs allege

7  that no U.S. agency, officer, or person prohibited or forbid any defendant in this case from

8  issuing and placing warnings on or with its products.  Such a showing is mandatory for any

9  defendant to meet the Boyle test.  All such claims that legitimately implicate such a defense, in

10  the unlikely event that they exist and are factually supported, are not asserted and are hereby

11  expressly and preemptively disclaimed.  Plaintiffs hereby put any defendant who may

12  nonetheless assert such a defense as a basis for federal jurisdiction over this case that Plaintiffs

13  seeks no recovery for injuries sustained as a result of conduct that meets the three-prong Boyle

14  test and constitutes actions of a federal officer sufficient to trigger jurisdiction under 28 U.S.C.

15  §1442(a)(1).  Plaintiffs specifically advises all defendants of its position that such express, clear,

16  and unequivocal disclaiming of claims implicating the substantive Boyle defense, as well as any

17  other claims that legitimately implicate 28 U.S.C. §1442(a)(1), render any potential future

18  removal of this case to federal court on one of these clearly-disclaimed bases objectively

19  unreasonable under Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).

20                          V.      DAMAGES

21  **As to Plaintiffs Donald W. Coulter, Daniel W. Coulter, and Dennis W. Coulter:**

22          As a proximate result of defendant's negligence and/or product liability, plaintiffs

23  decedent Donald C. Coulter sustained pain, suffering and disability prior to death in an amount

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 9
S:\Defendants\Salzer Singham Pumps\Salzer_Pleadings\Salzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1   not now known, but which will be proven at trial.  Plaintiffs decedent Donald C. Coulter also

2   sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at

3   trial.  Plaintiffs have sustained a loss of parent-child relationships as a result of Donald C.

4   Coulter's illness and death.

5         WHEREFORE, plaintiffs pray for judgment against the defendant as follows:

6         1.     For general and special damages specified above, including pain, suffering, loss

7   of parent-child relationships, disability, and wrongful death;

8         2.     For medical and related expenses, economic loss, and funeral expenses, all of

9   which will be proven at the time of trial;

10        3.     For plaintiffs costs and disbursements herein;

11        4.     For prejudgment interest in the amount to be proven at trial; and

12        5.     For such other relief as the Court deems just.

13

**As to Plaintiff Aileen Mildred Long:**

14

15        As a proximate result of defendant's negligence and/or product liability, plaintiff's

16   decedent Robert Joseph Long sustained pain, suffering and disability prior to death in an amount

17   not now known, but which will be proven at trial.  Plaintiff's decedent Robert Joseph Long also

18   sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at

19   trial.  Plaintiff Aileen Mildred Long has sustained loss of spousal relationship as a result of

20   Robert Joseph Long's illness and death.

21        WHEREFORE, plaintiff prays for judgment against the defendant as follows:

22        1.     For general and special damages specified above, including pain, suffering, loss

23   of spousal relationship, disability, and wrongful death;

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 10
S:\Defendants\Selzer Bingham Pumps\Selzer_Pleadings\Selzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

2.      For medical and related expenses, economic loss, and funeral expenses, all of which will be proven at the time of trial;

3.      For plaintiff's costs and disbursements herein;

4.      For prejudgment interest in the amount to be proven at trial; and

5.      For such other relief as the Court deems just.

**As to Plaintiffs Michael G. Ostman and Michele L. Curtis:**

As a proximate result of defendant's negligence and/or product liability, plaintiffs decedent Fred G. Ostman sustained pain, suffering and disability prior to death in an amount not now known, but which will be proven at trial. Plaintiffs decedent Fred G. Ostman also sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at trial. Plaintiffs Michael Ostman and Michele Curtis have sustained a loss of parent-child relationships as a result of Fred G. Ostman's illness and death.

WHEREFORE, plaintiffs pray for judgment against the defendant as follows:

1.      For general and special damages specified above, including pain, suffering, loss of parent-child relationships, disability, and wrongful death;

2.      For medical and related expenses, economic loss, and funeral expenses, all of which will be proven at the time of trial;

3.      For plaintiff's costs and disbursements herein;

4.      For prejudgment interest in the amount to be proven at trial; and

5.      For such other relief as the Court deems just.

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 11
S:\Defendants\Selzer Bingham Pump\Selzer_Pleading\Selzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

**As to Plaintiffs Walter Joseph Paquin and Mary Anne Paquin:**

As a proximate result of defendant's negligence and/or product liability, plaintiff Walter Joseph Paquin sustained pain, suffering and disability in an amount not now known, but which will be proven at trial. Plaintiff Walter Joseph Paquin also sustained medical expenses, economic losses in an amount to be proven at trial. Plaintiff Mary Anne Paquin has sustained loss of spousal relationship as a result of Walter Joseph Paquin's illness.

WHEREFORE, plaintiffs pray for judgment against the defendant as follows:

1. For general and special damages specified above, including pain, suffering, loss of spousal relationship and disability;

2. For medical and related expenses and economic loss, all of which will be proven at the time of trial;

3. For plaintiffs' costs and disbursements herein;

4. For prejudgment interest in the amount to be proven at trial; and

5. For such other relief as the Court deems just.

**As to Plaintiff William Donald Ray:**

As a proximate result of defendant's negligence and/or product liability, plaintiff's decedent William Abner Ray sustained pain, suffering, disability, medical expenses, economic losses, prior to death, and funeral expenses, in an amount to be proven at trial. Plaintiff's decedent William Abner Ray also sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at trial. Plaintiff William Donald Ray has sustained loss of parent-child relationship as a result of William Abner Ray's illness and death.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 12
S:\Defendants\Sulzer Bingham Pumps\Seizer_Pleadings\Seizer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1.    For general and special damages specified above, including pain, suffering, loss of parent-child relationship and disability;

2.    For medical and related expenses, economic loss, and funeral expenses, all of which will be proven at the time of trial;

3.    For plaintiff's costs and disbursements herein;

4.    For prejudgment interest in the amount to be proven at trial; and

5.    For such other relief as the Court deems just.

**As to Plaintiff Louisa Stallings:**

As a proximate result of defendant's negligence and/or product liability, Plaintiff's decedent Carl Stallings sustained pain, suffering and disability prior to death in an amount not now known, but which will be proven at trial. Plaintiff's decedent Carl Stallings also sustained medical expenses, economic losses, and funeral expenses in an amount to be proven at trial. Plaintiff Louisa Stallings has sustained loss of consortium as a result of Carl Stallings' illness and death.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

1.    For general and special damages specified above, including pain, suffering, loss of consortium, disability, and wrongful death;

2.    For medical and related expenses, economic loss, and funeral expenses all of which will be proven at the time of trial;

3.    For plaintiff's costs and disbursements herein;

4.    For prejudgment interest in the amount to be proven at trial; and

5.    For such other relief as the Court deems just.

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 13
S:\Defendants\Sulzer Binghem Pumps\Sulzer_Pleadings\Sulzer_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    **As to Plaintiff Ivadell Rose Williams:**

2    As a proximate result of defendant's negligence and/or product liability, Plaintiff's

3    decedent John Michael Williams sustained pain, suffering and disability prior to death in an

4    amount not now known, but which will be proven at trial. Plaintiff's decedent John Michael

5    Williams also sustained medical expenses, economic losses, and funeral expenses in an amount

6    to be proven at trial. Plaintiff Ivadell Rose Williams has sustained loss of consortium as a result

7    of John Michael Williams' illness and death.

8    WHEREFORE, plaintiff prays for judgment against the defendant as follows:

9    1.    For general and special damages specified above, including pain, suffering, loss

10   of consortium, disability, and wrongful death;

11   2.    For medical and related expenses, economic loss, and funeral expenses all of

12   which will be proven at the time of trial;

13   3.    For plaintiff's costs and disbursements herein;

14   6.    For prejudgment interest in the amount to be proven at trial; and

15   7.    For such other relief as the Court deems just.

16   DATED this 30ᵗʰ day of August, 2010.

17                                BERGMAN DRAPER & FROCKT, PLLC

18

19   By _____

20   Glenn S. Draper, WSBA #24419
     Brian F. Ladenburg, WSBA #29531
21   Attorneys for

22

23

COMPLAINT FOR PERSONAL INJURIES and FOR WRONGFUL DEATH AND
SURVIVORSHIP - 14
S:\Defendants\Salter Bingham Pumps\Salter_Pleadings\Salter_PLD_Complaint.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549