ADRMOP, E-Filing

# U.S. District Court
## California Northern District (Oakland)
### CIVIL DOCKET FOR CASE #: 4:11-cv-00270-PJH

Parker et al v. General Electric Company
Assigned to: Hon. Phyllis J. Hamilton
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/19/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Celestine Parker**
*as Wrongful Death Heir, and as Successor-in-Interest to Earl Parker, Deceased*

represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen Parker**
*as Legal Heir of Earl Parker, Deceased*

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kevin Parker**
*as Legal Heir of Earl Parker, Deceased*

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**

(See above for address)
ATTORNEY TO BE NOTICED

**Plaintiff**

**Rodney Parker**
*as Legal Heir of Earl Parker, Deceased*

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stanley Parker**
*as Legal Heir of Earl Parker, Deceased*

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Monya P. Grant**
*as Legal Heir of Earl Parker, Deceased*

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2011 | 9 | ORDER SETTING CASE MANAGEMENT CONFERENCE. Joint Case Management Statement due by 4/28/2011. Initial Case Management Conference set for 5/5/2011 02:00 PM. Signed by Judge Phyllis J. Hamilton on 1/26/11. (nah, COURT STAFF) (Filed on 1/26/2011) (Entered: 01/26/2011) |
| 01/21/2011 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Phyllis J. Hamilton for all further proceedings. Magistrate Judge Joseph C. Spero no longer assigned to the case. Signed by Executive Committee on 1/21/11. (mab, COURT STAFF) (Filed on 1/21/2011) (Entered: 01/21/2011) |

| | | |
|---|---|---|
| 01/21/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klhS, COURT STAFF) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 01/19/2011 | | CASE DESIGNATED for Electronic Filing. (mjj2, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/19/2011) |
| 01/19/2011 | 6 | Summons Issued as to General Electric Company. (mjj2, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/19/2011) |
| 01/19/2011 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Monya P. Grant, Celestine Parker, Kevin Parker, Rodney Parker, Stanley Parker, Stephen Parker. (mjj2, COURT STAFF) (Filed on 1/19/2011) (mjj2, COURT STAFF). (Entered: 01/19/2011) |
| 01/19/2011 | 4 | Certificate of Interested Entities by Monya P. Grant, Celestine Parker, Kevin Parker, Rodney Parker, Stanley Parker, Stephen Parker (mjj2, COURT STAFF) (Filed on 1/19/2011) (mjj2, COURT STAFF). (Entered: 01/19/2011) |
| 01/19/2011 | 3 | NOTICE of Tag-Along Action by Monya P. Grant, Celestine Parker, Kevin Parker, Rodney Parker, Stanley Parker, Stephen Parker (mjj2, COURT STAFF) (Filed on 1/19/2011) (mjj2, COURT STAFF). (Entered: 01/19/2011) |
| 01/19/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 4/22/2011. Case Management Conference set for 4/29/2011 01:30 PM in Courtroom A, 15th Floor, San Francisco. (Attachments: # 1 Standing Order, # 2 Standing Order re: Case Management Conference, # 3 Standing Order for all Judges, # 4 Notice of Rule Discontinuing Service by Mail)(mjj2, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/19/2011) |
| 01/19/2011 | 1 | COMPLAINT against General Electric Company with Jury Demand ( Filing fee $ 350, receipt number 34611055169.). Filed by Stephen Parker, Celestine Parker, Kevin Parker, Stanley Parker, Rodney Parker, Monya P. Grant. (mjj2, COURT STAFF) (Filed on 1/19/2011) Modified on 1/19/2011 (mjj2, COURT STAFF). (Additional attachment(s) added on 1/21/2011: # 1 Exhibit A) (mjj2, COURT STAFF). (Additional attachment(s) added on 1/21/2011: # 2 Civil Cover Sheet) (mjj2, COURT STAFF). (Entered: 01/19/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/02/2011 16:13:04 | | | |
| PACER Login: | bp0355 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:11-cv-00270-PJH |
| Billable Pages: | 3 | Cost: | 0.24 |

```
1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiffs
```

E-filing

ORIGINAL FILED
2011 JAN 19 P 12: 20
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


JCS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CELESTINE PARKER, as Wrongful Death Heir, and as Successor-in-Interest to EARL PARKER, Deceased, and STEPHEN PARKER, KEVIN PARKER, RODNEY PARKER, STANLEY PARKER, and MONYA P. GRANT, as Legal Heirs of EARL PARKER, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | No. CV11 0270<br><br>COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL |

### I.
### PARTIES

1. Plaintiffs in this action are the above-captioned successor-in-interest to, or the personal representative of the estate of Decedent; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as "Plaintiffs."

2. The person who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through the person's occupational exposure to asbestos, hereinafter "Decedent" is, with the date of death: EARL PARKER died February 5, 2010.

K:\Injured\114325\FED\PLD\cmp fed (wd).wpd          1
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1   CELESTINE PARKER is the spouse of EARL PARKER and is hereinafter referred to as
2   "surviving spouse."

3       3.    Decedent sustained an asbestos-related lung disease and death by precisely the
4   following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-
5   containing products at Decedent's jobsites. The pathogenesis of Decedent's asbestos-related
6   diseases is explained on **Exhibit A**, attached to plaintiffs' complaint and incorporated by
7   reference herein.

8       4.    All of plaintiffs' claims arise out of a similar series of occurrences: repeated
9   exposure to asbestos-containing products manufactured, distributed, and/or sold by defendant
10  and supplied to, installed and/or maintained by defendant at Decedent's worksites, over a period
11  of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent,
12  resulting in cumulative, progressive, incurable lung diseases.

13      5.    Each plaintiff claims damages for an asbestos-related disease arising from an
14  identical series of occurrences not dependent on Decedent's worksite but on the fact that
15  asbestos-containing products, when handled in the manner in which they were intended, released
16  harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease. The
17  allegations of plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature
18  of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are
19  all identical.

20      6.    Plaintiffs are informed and believe, and thereon allege, that at all times herein
21  mentioned, defendant was and is corporation, partnership, unincorporated association, sole
22  proprietorship and/or other business entity organized and existing under and by virtue of the laws
23  of the State of California, or the laws of some other state or foreign jurisdiction, and that said
24  defendant, was and is authorized to do and are doing business in the State of California, and that
25  said defendant has regularly conducted business in the State of California.
26  ///
27  ///
28  ///

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.  <u>Jurisdiction</u>: Plaintiff CELESTINE PARKER is a citizen of the State of South Carolina. Plaintiff(s) STEPHEN PARKER, KEVIN PARKER, RODNEY PARKER, STANLEY PARKER, and MONYA P. GRANT are citizens of the following states, respectively: South Carolina and Georgia.

Defendant is each corporation incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| GENERAL ELECTRIC COMPANY | Connecticut |

This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8.  <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by plaintiffs herein occurred within the County of San Francisco, California, and Defendant is subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

<u>FIRST CAUSE OF ACTION</u>
(Negligence)

PLAINTIFF CELESTINE PARKER COMPLAINS OF DEFENDANT GENERAL ELECTRIC COMPANY, ITS "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9.  At all times herein mentioned, the named defendant was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in

1. business, predecessor in product line or a portion thereof, parent, holding company, affiliate,
2. venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of
3. or member in an entity researching, studying, manufacturing, fabricating, designing, modifying,
4. labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling,
5. inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing,
6. endorsing servicing, installing, contracting for installation, repairing, marketing, warranting,
7. rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise
8. directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or
9. other products containing asbestos. Said entities shall hereinafter collectively be called
10. ALTERNATE ENTITIES. The herein named defendant is liable for the tortious conduct of each
11. successor, successor in business, successor in product line or a portion thereof, assign,
12. predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-
13. venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it
14. was a member of, or funded, that researched, studied, manufactured, fabricated, designed,
15. modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,
16. inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
17. rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
18. products containing asbestos. The following defendant, is liable for the acts of each and every
19. ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of
20. plaintiffs' remedy against each such ALTERNATE ENTITY; defendant, has acquired the assets,
21. product line, or a portion thereof, of each such ALTERNATE ENTITY; defendant, caused the
22. destruction of plaintiffs' remedy against each such ALTERNATE ENTITY; each such defendant
23. has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that
24. each such defendant enjoys the goodwill originally attached to each such ALTERNATE
25. ENTITY:
26. ///
27. ///
28. ///

K:\Injured\114325\FED\PLD\cmp fed (wd).wpd                     4
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |

10. At all times herein mentioned, defendant, its ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

11. At all times herein mentioned, defendant, its ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Decedent herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by "exposed persons."

12. Defendant, its ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendant, and each of them, breached said duty of due care.

///

13. Defendant, its ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons," including Decedent herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

14. Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Decedent's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A**, attached hereto and incorporated by reference herein.

15. As a direct and proximate result of the acts, omissions, and conduct of the defendant, its ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Decedent as set forth in **Exhibit A**, attached to plaintiffs' complaint and incorporated by reference herein.

16. Plaintiffs are informed and believe, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

///

///

17. Decedent suffered from a condition related to exposure to asbestos and asbestos-containing products. Decedent was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

18. As a direct and proximate result of the aforesaid conduct of the defendant, its "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

19. As a direct and proximate result of the aforesaid conduct of the defendant, its ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value of medial care provided by Decedent's family members measured by, inter alia, the costs associated with the hiring a registered nurse, home hospice, or other service provider, the true and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and exact costs are known or at time of trial.

20. As a direct and proximate result of the aforesaid conduct of defendant, its ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and related sequelae, and the mental and emotional distress attendant thereto, and ultimately death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven at trial.

21. As a further direct and proximate result of the said conduct of the defendant, its ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits, entitlements, wages, profits, and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

22. As a further direct and proximate result of the said conduct of the defendant, its ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-
///

containing products caused severe and permanent injury to Decedent, and ultimately Decedent died on the date previously stated herein.

23. Defendant, its ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

24. Defendant, its ALTERNATE ENTITIES, and each of them, are liable for the fraudulent, oppressive, and malicious acts of its ALTERNATE ENTITIES, and each of them, and defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of its ALTERNATE ENTITIES as set forth herein.

25. The herein-described conduct of said defendant, its ALTERNATE ENTITIES, and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in conscious or reckless disregard and indifference to the safety, health, and rights of "exposed persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive damages against said defendant.

WHEREFORE, plaintiffs pray judgment against defendant, its "alternate entities," and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Products Liability - Survival)

PLAINTIFF CELESTINE PARKER AS SUCCESSOR-IN-INTEREST TO THE DECEDENT EARL PARKER COMPLAINS OF DEFENDANT GENERAL ELECTRIC COMPANY, ITS "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

26. Plaintiffs incorporate herein by reference, as though fully set forth herein, each paragraph of the First Cause of Action herein.

27. Defendant, its "alternate entities," and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or

1  user without inspection for defects therein or in any of their component parts and without
2  knowledge of the hazards involved in such use.

3     28.  Said asbestos and asbestos-containing products were defective and unsafe for their
4  intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease
5  and/or death. The defect existed in the said products at the time they left the possession of
6  defendant, its ALTERNATE ENTITIES, and each of them. Said products did, in fact, cause
7  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed
8  persons," including Decedent herein, while being used in a reasonably foreseeable manner,
9  thereby rendering the same defective, unsafe, and dangerous for use.

10     29.  "Exposed persons" did not know of the substantial danger of using said products.
11  Said dangers were not readily recognizable by "exposed persons." Said defendant, its
12  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
13  which Decedent and others similarly situated were exposed.

14     30.  In researching, manufacturing, fabricating, designing, modifying, testing or failing
15  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
16  sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,
17  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,
18  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
19  and asbestos-containing products, defendant, its ALTERNATE ENTITIES, and each of them, did
20  so with conscious disregard for the safety of "exposed persons" who came in contact with said
21  asbestos and asbestos-containing products, in that said defendant, its ALTERNATE ENTITIES,
22  and each of them, had prior knowledge that there was a substantial risk of injury or death
23  resulting from exposure to asbestos or asbestos-containing products, including, but not limited to,
24  asbestosis, other lung damages, and cancer. Said knowledge was obtained, in part, from
25  scientific studies performed by, at the request of, or with the assistance of, said defendant, its
26  ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
27  defendant, its ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.
28  ///

K:\Injured\114325\FED\PLD\cmp fed (wd).wpd                    9
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

31.     On or before 1930, and thereafter, said defendant, its ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons," who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendant, its ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons," who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

32.     With said knowledge, said defendant, its ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendant, its ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendant, its ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

33.     The above-referenced conduct of said defendant, its ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendant, its ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

1. sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendant, its ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Decedent.

34. Plaintiffs allege that the aforementioned defendant, its ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for their intended use, but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

35. Plaintiffs relied upon defendant, its ALTERNATE ENTITIES, and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent suffered permanent injury and death as alleged herein.

36. As a direct and proximate result of the actions and conduct outlined herein, Decedent have suffered the injuries and damages herein alleged.

WHEREFORE, plaintiffs pray judgment against defendant, its "alternate entities", and each of them, as hereinafter set forth.

///
///
///

### THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

PLAINTIFF CELESTINE PARKER, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO EARL PARKER DECEASED, AND PLAINTIFF(S) STEPHEN PARKER, KEVIN PARKER, RODNEY PARKER, STANLEY PARKER, and MONYA P. GRANT AS LEGAL HEIRS OF DECEDENT, COMPLAIN OF DEFENDANT GENERAL ELECTRIC COMPANY, ITS "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

37. Plaintiffs incorporate by reference each paragraph contained within the First Cause of Action as though fully set forth herein.

38. The heirs at law of the Decedent and their relationship to the Decedent is set forth above.

39. The individuals set forth as heirs constitute all of the surviving heirs of the Decedent.

40. As a direct and proximate result of the conduct of the defendant, its ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-containing products caused Decedent to develop diseases from which condition Decedent died. Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of filing the complaint.

41. At all times prior to his death, Decedent was a faithful and dutiful spouse to the surviving spouse.

42. As a direct and proximate result of the conduct of defendant, and each of them, and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss of care, society, comfort, attention, services, and support of Decedent all to the damage of Decedent's heirs.

///

///

K:\Injured\114325\FED\PLD\cmp_fed_(wd).wpd                12
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

43. As a further direct and proximate result of the conduct of defendant, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount currently not ascertained.

WHEREFORE, plaintiffs pray judgment against defendant, as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Products Liability - Wrongful Death)

PLAINTIFF CELESTINE PARKER, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO EARL PARKER DECEASED, AND PLAINTIFF(S) STEPHEN PARKER, KEVIN PARKER, RODNEY PARKER, STANLEY PARKER, and MONYA P. GRANT AS LEGAL HEIRS OF DECEDENT, COMPLAIN OF DEFENDANT GENERAL ELECTRIC COMPANY, ITS "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

44. Plaintiffs incorporate herein by reference, as though fully set forth herein, each paragraph of the First, Second and Third Causes of Action herein.

45. As a direct and proximate result of the conduct of defendant, Decedent's heirs have sustained the injuries and damages previously alleged.

WHEREFORE, plaintiffs pray judgment against defendant, its "alternate entities," and each of them, as hereinafter set forth.

### IV.

### DAMAGES AND PRAYER

WHEREFORE, plaintiffs pray judgment against defendant, its "alternate entities," and each of them in an amount to be proved at trial in each individual case, as follows:

(a) For plaintiffs' general damages according to proof;

(b) For plaintiffs' loss of income, wages and earning potential according to proof;

(c) For plaintiffs' medical and related expenses according to proof;

(d) For plaintiffs' cost of suit herein;

(e) For exemplary or punitive damages according to proof;

1      (f)    For damages for fraud according to proof; and

2      (g)    For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Dated: 1/16/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: 1/16/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

# EXHIBIT A

EXHIBIT A

Decedent: EARL PARKER, Deceased.

Decedent's injuries: Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the decedent, including, but not limited to breathing difficulties and/or other lung damage. Decedent was diagnosed with mesothelioma on or about February 2010.

Decedent died on February 5, 2010.

Retirement Status: The Injured Party retired from his last place of employment as a result of becoming disabled due to an illness not related to asbestos. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendant: Plaintiffs contend that the asbestos-containing products to which Decedent was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendant. Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | U.S. Naval Training Center, Great Lakes, IL | Trainee | 10/9/1955-12/16/1955 |
| | USS EDMONDS (DE-406) | Fireman | 1/19/1956-3/22/1958 |
| | Naval Receiving Station, Treasure Island, San Francisco, CA | | 3/27/1958-5/6/1958 |

K:\Injured\114325\FED\PLD\cmp fed (wd).wpd           16
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1  Job Duties: After completing basic training at the Naval Receiving Station, decedent was
   stationed on the <u>EDMONDS</u> where he fueled the boilers. Decedent worked in proximity to
2  boilermakers who were repairing the boilers and under pipes that released insulation dust with
   the movement of the ship. Plaintiff does not currently recall any supervisors or coworkers.
3  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown Jeweler<br>5TH Ave. and 48th St.<br>New York, NY | Unknown Jeweler<br>5TH Ave. and 48th St.<br>New York, NY | Jeweler (Assistant) | 1959-1964 |

Job Duties: Decedent cleaned and polished jewelry. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Cramer Jewelers<br>Detroit, MI | Cramer Jewelers<br>Detroit, MI | Jeweler (Assistant) | 1965-1974 |

Job Duties: Decedent cleaned and polished jewelry. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Department of Youth Services,<br>State of South Carolina<br>Columbia, South Carolina | Department of Youth Services,<br>State of South Carolina<br>Columbia, South Carolina | Counselor | 1974-1978 |

Job Duties: Decedent served as youth counselor. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown restaurant,<br>South Carolina | Unknown restaurant,<br>South Carolina | Cook | 1978-1996 |

Job Duties: Decedent prepared food. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| University of South Carolina,<br>Columbia, South Carolina | University of South Carolina,<br>Columbia, South Carolina<br>Campus restaurant | Waiter | 1978-1996 |

Job Duties: Decedent served food. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.