UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

|  |  |  |
|---|---|---|
| Kwang Scanlon v. Asbestos Companies, | ) | MDL No. 875 |
| C.D. California, C.A. No. 2:10-7264 | ) | |

## TRANSFER ORDER

**Before the Panel:**[*]   Plaintiff in an action pending in the Central District of California (*Scanlon*) has moved, pursuant to Rule 7.1, to vacate the respective portion of our order conditionally transferring the action to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendant Air & Liquid Systems Corp opposes the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of this action to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). This action clearly falls within the MDL's ambit.

Plaintiff in *Scanlon* principally argues that the Panel should deny or defer transfer of her action in order to permit the resolution of her motion for remand to state court. As we have previously stated on multiple occasions, there is no need to delay transfer in order to accommodate such an interest. Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so. Indeed, in this instance, the Central District of California court has already denied the *Scanlon* plaintiff's remand motion.

---

[*]   Judge Kathryn H. Vratil took no part in the disposition of this matter.

- 2 -

      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                          PANEL ON MULTIDISTRICT LITIGATION

                          John G. Heyburn II
                                Chairman

| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | |