*BEFORE THE JUDICIAL PANEL ON*
*MULTIDISTRICT LITIGATION*

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **MDL 875** |
| **Asbestos Product Liability Litigation (No. VI)** | § | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALICE R. JEFFERSON, ET AL., | * | CIVIL ACTION NO. |
| | * | 10-4440 |
| Plaintiffs, | * | |
| | * | DIVISION "S" |
| VS. | * | |
| | * | JUDGE MARY ANN LEMMON |
| AMERICAN SUGAR REFINING, INC., | * | |
| ET AL., | * | SECTION 3 |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL KNOWLES, III |
| Defendants. | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REINSTATE**
**CONDITIONAL TRANSFER ORDER NO. 357**

This case was brought under The Jones Act and is made explicitly not removable by statute. *See* 46 U.S.C.A Section 30104. Plaintiffs file this emergency motion and respectfully request the Court to vacate its transfer of this case to the Federal Multidistrict Litigation Court 875 and reinstate Conditional Transfer Order No. 357 ("CTO-357") of the Judicial Panel on Multidistrict Litigation (MDL) for the following reasons: (1) Plaintiffs did not receive notice of CTO-357 until Monday, February 7, 2011, and therefore could not timely oppose CTO-357 by Friday, February 4, 2011 in compliance with MDL Rule 7.1(c); (2) Plaintiffs will be unduly prejudiced if this case is transferred to the Federal MDL because Plaintiffs are filing a Motion to

Remand because Plaintiffs' Jones Act case was improperly removed; (3) transferring this case when Plaintiffs are filing a Motion to Remand would be a waste of judicial resources.

I. **FACTUAL BACKGROUND.**

Plaintiffs, Alice R. Jefferson, Lucious Jefferson, Jr., Angela J. Nelson, Sharon J. Galloway, Tiffany C. Jefferson, Reginald T. Jefferson and Steven Jefferson, filed suit in 2007 in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Action No. 07-14804, for their husband and father's occupational exposure to asbestos and contraction of malignant mesothelioma, a terminal asbestos-related cancer. Mr. Jefferson was a stevedore in the Port of New Orleans. Mr. Jefferson died from malignant mesothelioma on December 12, 2006. A timeline of relevant events is as follows:

| | |
|---|---|
| 11-14-2007 | Plaintiffs' Original Petition filed in state court |
| 11-23-2010 | Plaintiffs' Third Supplement and Amendment to the Original Petition for Damages[1] |
| 12-01-2010 | Case removed to Eastern District of Louisiana |
| 2-4-2011 | Case transferred to Federal MDL[2] |
| 2-7-2011 | Plaintiffs received notice of CTO-357 from the Eastern District of Louisiana |

II. **PLAINTIFFS DID NOT RECEIVE NOTICE OF CTO-357 FROM THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.**

Plaintiffs' counsel never received notice of CTO-357 from the Judicial Panel on Multidistrict Litigation; rather, Plaintiffs received notice of CTO-357 from the Eastern District of Louisiana on Monday, February 7, 2011. Plaintiffs planned to oppose CTO-357 by Monday,

---

[1] A copy of Plaintiffs' Third Supplement and Amendment to the Original Petition for Damages is attached as **Exhibit 1**.

[2] A copy of CTO-357 along with the February 7, 2011, letter indicating the stay was lifted is attached as **Exhibit 2**.

February 14, 2011, within the seven-day period allowed by MDL Rule 7.1(c)[3]. Plaintiffs were thus surprised to receive a letter on February 7, 2011 stating that the case had been transferred to the MDL.

Upon further investigation, Plaintiffs discovered that the Judicial Panel MDL clerk entered CTO-357 on January 28, 2011. Plaintiffs were informed that the Judicial Panel MDL draws its service list from the district court's docket sheet. However, **notice of CTO-357 was sent via email to only two addresses: one of the addresses is for an attorney that has not been with the law firm since January 21, 2011 and the other is for an attorney in a completely different section of the law firm.**[4] Christopher Colley, one of the handling attorneys in this case, is included on the service list, but was never served with the Notice of CTO-357. *Id.* Plaintiffs were told that the Judicial Panel downloads contact information from the district courts, but the Judicial Panel did not serve Christopher Colley nor his secretary, Jacke Wright-Haynes, who are linked as contact persons in this case with the Eastern District of Louisiana.[5] In fact, **Plaintiffs' attorneys did not receive notice of CTO-357 until it was sent from the Eastern District of Louisiana on Monday, February 7, 2011**. CTO-357 is not dated so Plaintiffs had no way to know that it was actually issued by the clerk seven days prior. By the time Plaintiffs' counsel received CTO-357, it was too late to file a timely Notice of Opposition.

---

[3] A copy of Plaintiffs' Notice of Opposition to CTO-357 is attached as **Exhibit 3**.

[4] A copy of the service list obtained from the MDL website is attached as **Exhibit 4**. Plaintiffs were informed by the JPML that only two attorneys were served with CTO-357: Burton Leblanc (bleblanc@baronbudd.com) and Jason Placke (jplacke@baronbudd.com).

[5] A copy of the email service list maintained by the Eastern District of Louisiana is attached as **Exhibit 5**. This list reflects the correct email address for one of the handling attorneys, Chris Colley (ccolley@baronbudd.com), as well as his secretary, Jacke Wright-Haynes (jhaynes@baronbudd.com and jwright@baronbudd.com).

Therefore, Plaintiffs request immediate restatement of CTO-375 so as to be given the opportunity to oppose the transfer, as provided by this Court's local rules.

### III. PLAINTIFFS WILL BE UNDULY PREJUDICED IF THEIR OPPOSITION TO CTO-357 IS NOT HEARD BECAUSE THE FEDERAL COURTS LACK SUBJECT MATTER JURISDICTION OVER THIS CASE.

Plaintiffs will be substantially prejudiced if their opposition to CTO-357 is not heard. This case was brought under the Jones Act and is, therefore, not removable by statute. *See* 46 U.S.C.A Section 30104. One of the primary bases for Plaintiffs' opposition of CTO-357 is that Plaintiffs are filing a Motion to Remand this case with the Eastern District of Louisiana to be heard on March 23, 2011. Plaintiffs ask that they be given the opportunity to be heard by the district court on this matter so that it may be remanded to state court where proper jurisdiction lies. Further, Judge Carl Barbier of the Eastern District of Louisiana is currently considering the issue of the non-removability of Jones Act cases in Decedent Lucious Jefferson's brother's mesothelioma claim, *Joannie L. Jefferson, et al. v. American Sugar Refining, Inc., et al.,* C.A. No. 10-4442, which is also a Jones Act case. Plaintiffs ask for the opportunity to oppose CTO-357 so both Jefferson brothers' cases may remain in the Eastern District of Louisiana until the district courts rule on Plaintiffs' motions to remand.

Plaintiffs should be granted the opportunity to oppose CTO-357 in the interest of judicial economy. As indicated *supra*, the federal courts lack jurisdiction to hear this Jones Act case. The Eastern District of Louisiana is already considering the grounds for remand brought by Plaintiffs in the *Joannie L. Jefferson* case. Thus, the interest of judicial economy would be best served by keeping the *Alice R. Jefferson* matter in the Eastern District of Louisiana until the district court issues a ruling on Plaintiffs' Motion to Remand. **A transfer of this case at this time would be a waste of judicial resources.**

4

## IV.     CONCLUSION.

For these reasons, Plaintiffs respectfully request that the Judicial Panel vacate the transfer of this case to the Federal MDL and reinstate CTO-357 so that Plaintiffs may be given proper notice and the opportunity to oppose it. Additionally, Plaintiffs request that attorney/ staff contact information in the Court's system be updated with the names and information listed in **Exhibit 6**, which is attached.

                           Respectfully submitted,
                           BARON & BUDD, P.C.

                           BY:    /s/ Denyse Clancy_____
                                   Denyse F. Clancy
                                   Louisiana State Bar No. 32968
                                   Christopher Colley
                                   Louisiana State Bar No. 30322
                                   3102 Oak Lawn Ave., Suite 1100
                                   Dallas, Texas 75201
                                   (214) 521-3605 (telephone)
                                   (214) 520-1181 (facsimile)
                                   dclancy@baronbudd.com
                                   ccolley@baronbudd.com

                                   ATTORNEYS FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

I hereby certify that the above has been electronically filed using the CM/ECF system, thereby electronically serving this document upon counsel of record this __7th__ day of February, 2011 to the following:

Gus A. Fritchie, III, Esq.
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras Street, Suite 2700
New Orleans, LA  70130
**Attorneys for BCI Acquisitions, Inc.**

Roland M. Vandenweghe, Jr., Esq.
Adams & Reese
701 Poydras Street, Suite 4500
New Orleans, LA  70139
**Attorneys for Cooper/T Smith Stevedoring Company**

Patricia Penton, Esq.
Lee, Futrell & Perles, L.L.P.
136 Metairie Lawn Drive
Metairie, LA  70001
**Attorneys for Dixie Machine, Welding & Metal Works, Inc.**

Susan Kohn, Esq.
Simon, Peragine, Smith & Redfearn
1100 Poydras Street, 30th Floor
New Orleans, LA  70163
**Attorneys for McCarty Corporation, The Eagle, Inc.**

Richard P. Sulzer, Esq.
Robert E. Williams, IV, Esq.
Sulzer & Williams, LLC
201 Holiday Boulevard, Suite 335
Covington, LA  70433
**Attorneys for SSA Gulf Terminals, Inc.**

Paul Harrison, Esq.
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA  70448
**Attorneys for American Sugar Refining, Inc.**

John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130
**Attorneys for Crowley Marine Services, Inc.**

Wilton Bland, III, Esq.
Jacques P. DeGruy, Esq.
Mouledoux, Bland, Legrant & Brackett, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, LA  70139
**Attorneys for Ports America Gulfport, Inc.**

Lance Sannino, Esq.
201 St. Charles Avenue
New Orleans, LA  70170
**Attorneys for James J. Flanagan Shipping Corp.**

John K. Nieset, Esq.
Christovich & Kearner, LLP
Pan American Life Building
601 Poydras Street, Suite 2300
New Orleans, LA  70130
**Attorneys for Hartford Accident & Indemnity Co.**

| | |
|---|---|
| Antonio J. Rodriguez, Esq.<br>Philip C. Brickman, Esq.<br>Fowler, Rodriguez, Valdes-Fauli<br>400 Poydras Street, 30th Floor<br>New Orleans, LA 70130<br>**Attorneys for Industrial Development Corporation**<br>  **of South Africa, Limited** | H. Phillip Radecker, Jr., Esq.<br>Pugh, Accardo, Haas & Radecker<br>1100 Poydras Street<br>Suite 2000<br>New Orleans, LA  70163<br>**Attorneys for Buck Kreihs Company, Inc.**<br>**J/K/A/ Sank, Inc.** |

_/s/ Denyse Clancy _____
Denyse F. Clancy