# Exhibit 1

FILED
NOV 23 2010
DEPUTY CLERK
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2007-14804                  SECTION: 11                  DIVISION "G"

ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELA J. NELSON,
SHARON J. GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON,
AND STEVEN JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____          _____
                                              DEPUTY CLERK

-------------------------------------------------------------------

### PLAINTIFFS' THIRD SUPPLEMENT AND AMENDMENT
### TO THE ORIGINAL PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come petitioners, who file this, the Third Supplement and Amendment, and respectfully supplement and amend the Original Petition, and all supplemental and amending petitions filed previously herein, as follows:

I.

For the purpose of supplementing the original petition by adding Exhibit "F" to add the following Jones Act defendants herein, as follows:

1. **South African Marine Corporation Limited**
   Via the Louisiana Long Arm Statute:
   E-Berth
   Duncan Road
   Port of Capetown, Roggebaai
   South Africa

2. **Industrial Development Corporation of South Africa Limited**
   Via the Louisiana Long Arm Statute:
   19 Fredman Drive
   Sandown, Johannesburg
   South Africa

II.

For the purpose of amending paragraph 10 of the Original Petition to read as follows:

"10.  "Each of the defendants listed in Exhibit "B" through Exhibit "F" contributed with Eagle, to Mr. Jefferson's exposure to asbestos at his work sites, including but not limited to, the exposure sites located on Exhibit "A." Each of these defendants is liable in solido, with Eagle to the Plaintiffs. Further, this action is within the jurisdiction of this court, because Orleans

Parish is the site of exposure. Thus, venue proper for these defendants is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73."

### III.

For the purpose of amending to add a heading for Count Six (B) and paragraphs 47E through 47Q after paragraph 47D of the Original Petition as follows:

### "COUNT SIX (B)
### "JONES ACT ALLEGATIONS

("Defendants" in this count means the Jones Act Defendants listed on Exhibit "F")

"47E. The Jones Act Defendants identified in Exhibit "F" annexed hereto, are foreign corporations that, upon information and belief, at all pertinent times, owned, operated, chartered and/or managed vessels that transported asbestos cargo into the Port of New Orleans and/or that contained asbestos-containing component parts and equipment while in the Port of New Orleans, conducted business in Louisiana, are liable unto the Plaintiffs for the claims asserted herein, and are subject to this Court's jurisdiction pursuant to La. R.S. 13:3201. This action is filed pursuant to the Jones Act in state court pursuant to 28 U.S.C.A. § 1445(a), which is applicable to Jones Act actions through incorporation by reference, 46 U.S.C.A. § 30104, and which provides that a civil action in state court may not be removed to any District Court of the United States.

"47F. During periods of time identified in Exhibit "A", Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos and asbestos-containing cargo while employed as a Jones Act seaman aboard vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants.

"47G. During periods of time identified in Exhibit "A", Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials found in the component parts of the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels.

"47H. During periods of time identified in Exhibit "A", Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials found in the equipment of the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels.

"47I. During periods of time identified in Exhibit "A", Plaintiffs' decedent suffered substantial tortious occupational exposure to asbestos-containing materials as a result of insulation and/or repair work that was conducted aboard the vessels owned, operated, chartered and/or managed on navigable waters of the United States by Jones Act Defendants, while Plaintiff's decedent was employed as a Jones Act seaman aboard those vessels.

"47J. During Plaintiffs' decedent's occupational exposure period, the Jones Act defendants and other named defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, vessels then operating on navigable waters of the United States, including but not limited to, the State of Louisiana. Plaintiffs' decedent was exposed to asbestos, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

"47K. An employer of a Jones Act seaman is under a duty to provide a safe place to work and to supply the seaman with proper tools and equipment.

"47L. The Jones Act Defendants knew or should have known through, among other things, industry and medical studies, the existence of which were unknown to the Plaintiffs' decedent, of the health hazards inherent in the asbestos-containing products they were selling, transporting, supplying, installing, and using. Instead of warning the Plaintiffs' decedent and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.

"47M. Under 46 U.S.C. § 688, the Jones Act, the Jones Act Defendants are liable unto Plaintiffs for all damages allowed by applicable law, past present and future, in an amount that is just and reasonable in the premises, above the jurisdictional requirement for trial by jury, with interest thereon as allowed by law, for the following, to-wit:

"47N. The injuries complained of above were caused by the negligence of the defendants listed in Exhibit "F" attached hereto, individually and acting through their agents, servants, employees, vessels and crew, in the following non-exclusive particulars:

   a) Failure to provide Plaintiffs' decedent with a reasonably safe place to work;

   b) Breach of a legally imposed duty of reasonable care;

    c)    Failing to warn Plaintiffs' decedent of the health consequences associated with occupational exposure to asbestos;

    d)    Failing to provide Plaintiffs' decedent with a properly ventilated work area;

    e)    Failing to provide Plaintiffs' decedent with appropriate breathing protection;

    f)    Creation and allowance of an unseaworthy condition aboard its vessels;

    g)    Utilizing asbestos-containing products aboard its vessels, when it knew or should have known that such use caused adverse health consequences;

    h)    Other acts of negligence to be proven at the trial of this cause;

"47O. Upon information and belief, Industrial Development Corporation of South Africa Limited ("IDC") is the successor-in-interest to some or all of South African Marine Corporation Limited's ("Safmarine") liability arising out of the Plaintiffs' decedent's contraction of mesothelioma and death, and as such is liable for some or all of the liability otherwise attributable to Safmarine.

"47P. Upon information and belief, Safmarine was operated as the alter ego and/or instrumentality of IDC, and/or Safmarine was indistinguishable from IDC, and/or Safmarine was an adjunct of IDC, and/or IDC and Safmarine were operated as a single business enterprise insasmuch as, among other things, statutory formalities in the incorporation and/or operation of Safmarine were not observed, Safmarine was undercapitalized and/or thinly capitalized, there was common working control over both companies, IDC and Safmarine had common directors and officers, IDC and Safmarine had unified administrative control, IDC caused the incorporation of Safmarine, IDC's and Safmarine's funds and/or financial records were not kept separate and apart, IDC owned sufficient stock of Safmarine such that IDC had actual working control of Safmarine, and IDC financed Safmarine. As a result, IDC is liable for some or all of the liability otherwise attributable to Safmarine.

"47Q. Count Six (B) is based upon commercial activity carried on by both IDC and Safmarine. Plaintiffs seek monetary damages against both IDC and Safmarine for personal injury and death of Plaintiffs' Decedent, Lucious Jefferson, Sr., caused in part by the tortious acts and omissions of both IDC and Safmarine."

IV.

The Plaintiffs reiterate all other matters contained in the Original Petition for Damages, and all supplemental and amending petitions filed previously herein, including the prayers of those petitions as though set forth at length herein.

**WHEREFORE**, the petitioners pray that their Original Petition, and all supplemental and amending petitions filed previously herein, be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in favor of Plaintiffs and against the defendants as originally prayed for herein.

Respectfully submitted,

**BARON & BUDD, P.C.**
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
Tel: (225) 927-5441
Fax: (225) 927-5449

_____
J. Burton LeBlanc, IV (Bar Roll No. 20491)
Denyse Finn Clancy (Bar Roll No. 32968)
Christopher C. Colley (Bar Roll No. 30322)
Jo Ann Lea (Bar Roll No. 28860)
Jason K. Placke (Bar Roll No. 30019)
Lindsey L. Goldstein (Bar Roll No. 33154)
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Supplement and Amendment to the Original Petition was this day served via United States Mail, postage pre-paid, via facsimile and/or via electronic mail upon all counsel of record.

Baton Rouge, Louisiana this 23rd day of November, 2010.

_____
Jason K. Placke

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-13834　　　　SECTION 14　　　　DIVISION "I"

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____　　　　_____
　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

------------------------------------------------------------

**ORDER**

Let the above and foregoing Third Supplement and Amendment to the Original Petition for Damages be filed as prayed for.

SO ORDERED this the _____ day of _____, 201__.

_____
JUDGE, ORLEANS CIVIL DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that a signed copy of this Order to Plaintiffs' Third Supplement and Amendment to Original Petition and Order was this day served by electronic mail and/or facsimile upon all parties as indicated on the service list attached hereto.

Baton Rouge, Louisiana this _____ day of _____, 201__.

_____

**EXHIBIT "F"**

JONES ACT DEFENDANTS:

1. South African Marine Corporation Limited
   Via the Louisiana Long Arm Statute:
   E-Berth
   Duncan Road
   Port of Capetown, Roggebaai
   South Africa

2. Industrial Development Corporation of South Africa Limited
   Via the Louisiana Long Arm Statute:
   19 Fredman Drive
   Sandown, Johannesburg
   South Africa

## SERVICE LIST

PLEASE SERVE THE FOLLOWING DEFENDANTS
WITH A COPY OF PLAINTIFFS' ORIGINAL PETITION FOR
DAMAGES, PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT AND
PLAINTIFFS' SECOND SUPPLEMENT AND AMENDMENT:

1. South African Marine Corporation Limited
   Via the Louisiana Long Arm Statute:
   E-Berth
   Duncan Road
   Port of Capetown, Roggebaai
   South Africa

2. Industrial Development Corporation of South Africa Limited
   Via the Louisiana Long Arm Statute:
   19 Fredman Drive
   Sandown, Johannesburg
   South Africa

3. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
   (as insurer for Lykes Bros. Steamship Co., Inc., and its executive officers)
   via the Louisiana Direct Action Statute (LA R.S. 22:655)
   Louisiana Secretary of State
   8549 United Plaza Boulevard
   Baton Rouge, LA 70809

### DO NOT SERVE THE FOLLOWING DEFENDANTS:
The following defendants were mailed a courtesy copy of this pleading and will be served by this office pursuant to LA C.C.P. Article 1313 by facsimile and/or electronic mail after we have received a conformed copy from the court:

Susan B. Kohn
Simon, Peragine, Smith & Redfearn, LLP
Entergy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000
(504) 569-2030 (Phone)
(504) 569-2999 (Fax)
   Attorneys for MCCARTY CORPORATION, THE, EAGLE, INC.

Wilton E. Bland, III
Jacques P. DeGruy
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 4250
New Orleans, LA 70139
(504) 595-3000 (Phone)
(504) 522-2121 (Fax)
   Attorneys for PORTS AMERICA GULFPORT, INC.

Douglas M. Moragas
1999 Hickory Ave., Ste. 101
Harahan, LA 70123
(504) 738-8305 (Phone)
Attorneys for JAMES J. FLANAGAN SHIPPING CORPORATION

Paul E. Harrison
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA 70448
(985) 727-7348 (Phone)
(985) 624-8145 (Fax)
Attorneys for AMERICAN SUGAR REFINING, INC.

Gus A. Fritchie, III
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras St., Ste. 2700
New Orleans, LA 70130
(504) 310-2100 (Phone)
(504) 310-2101 (Fax)
Attorneys for BCI ACQUISITIONS, INC.

H. Philip Radecker, Jr.
Pugh, Accardo, Haas & Radecker, LLC
1100 Poydras St., Ste. 2000
New Orleans, LA 70163
(504) 585-3200 (Phone)
(504) 585-7688 (Fax)
Attorneys for BUCK KREIHS COMPANY, INC., N/K/A SANK, INC.

Mark J. Spansel
Roland M. Vandeweghe, Jr.
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Ste. 4500
New Orleans, LA 70139
(504) 581-3234 (Phone)
(504) 566-0210 (Fax)
Attorneys for COOPER T. SMITH STEVEDORING COMPANY

Patricia C. Penton
Steven E. Lacoste
Lee, Futrell & Perles, LLP
201 St. Charles Street, Ste. 4120
New Orleans, LA 70170
(504) 569-1725 (Phone)
(504) 569-1726 (Fax)
Attorneys for DIXIE MACHINE, WELDING & METAL WORKS, INC.

Richard P. Sulzer
Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd, Ste. 335
Covington, LA 70433
(985) 898-0608 (Phone)
(985) 898-0871 (Fax)
Attorneys for SSA GULF TERMINALS, INC.

John A. Bolles
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311 (Phone)
(504) 568-9130 (Fax)
Attorneys for CROWLEY MARINE SERVICES, INC.

John K. Nieset
Christovich & Kearney, LLP
Pan American Life Building
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6075
(504) 561-5700 (Phone)
(504) 561-5743 (Fax)
Attorneys for HARTFORD ACCIDENT & INDEMNITY CO.