(VBKx), DISCOVERY, MANADR, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00226-R -VBK

Jacob Jager et al v. The Boeing Company et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 01/07/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Jacob Jager**

represented by **Brian P Barrow**
Simon Eddins and Greenstone
301 Ocean Boulevard, Suite 1950
Long Beach, CA 90802
562-590-3400
Email: bbarrow@seglaw.com
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**John M Caron**
The Law Office of Roger G
Worthington PC
273 West Seventh Street
San Pedro, CA 90731
310-221-8090
Fax: 310-221-8095
*ATTORNEY TO BE NOTICED*

**Jordan Blumenfeld-James**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: jbj@seglaw.com
*ATTORNEY TO BE NOTICED*

**Rebecca A Cucu**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: rcucu@seglaw.com
*ATTORNEY TO BE NOTICED*

**Roger G Worthington**
Roger G Worthington PC Law Office
273 West 7th Street
San Pedro, CA 90731
310-221-8090
Fax: 310-221-8095
Email: rworthington@rgwpc.com
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com
*ATTORNEY TO BE NOTICED*

**Stuart J Purdy**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Norma Jager**                    represented by    **Brian P Barrow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer L Bartlett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Caron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Blumenfeld-James**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Rebecca A Cucu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger G Worthington**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart J Purdy**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Boeing Company**
*successor to Rockwell International,*
*Inc. f/k/a North American Aviation*

represented by **Bo W Kim**
Perkins Coie LLP
Suite 1700
1888 Century Park East
Los Angeles, CA 90067-1721
310-788-9900
Fax: 310-843-1284
Email: bkim@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cessna Aircraft Company**
*Successor*
McCaulty Aviation Corporation

represented by **Adrian J Barrio**
Murchison & Cumming LLP
801 South Grand Avenue 9th Floor
Los Angeles, CA 90017
213-623-7400
Fax: 213-623-6336
Email: abarrio@murchisonlaw.com
*ATTORNEY TO BE NOTICED*

**Eric P Weiss**
Murchison & Cumming
801 South Grand Avenue, 9th Floor
Los Angeles, CA 90017
213-623-7400
Email: eweiss@murchisonlaw.com
*ATTORNEY TO BE NOTICED*

**Paul R Flaherty**

Murchison & Cumming
Chase Plaza
801 S Grand Ave, 9th Fl
Los Angeles, CA 90017-4624
213-623-7400
Email: pflaherty@murchisonlaw.com
*ATTORNEY TO BE NOTICED*

**William T DelHagen**
Murchison & Cumming
Chase Plaza
801 S Grand Ave, 9th Fl
Los Angeles, CA 90017-4624
213-623-7400
Email: wdelhagen@murchisonlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cla-Val Company**

**Defendant**

**Curtiss-Wright Corporation**

**Defendant**

**Eaton Aerospace LLC**

**Defendant**

**Eaton Corporation**
*doing business as*
Eaton Aerospace

**Defendant**

**Goodrich Corporation**
*doing business as*
Goodrich Aerospace

**Defendant**

**Lockheed Martin Corporation**          represented by   **Deborah Maria Parker**
*dba Lockheed Martin Aeronautics fka*                     Knott and Glazier LLP
*Lockheed Martin Tactical and Aircraft*                   601 South Figueroa St
*Braking Systems*                                         Suite 4200
                                                          Los Angeles, CA 90017
                                                          213-312-9200
                                                          Fax: 213-312-9201
                                                          Email: parker@knottglazier.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Owens Illinois, Inc.**

*Successor*
Owens Illinois Glass Company

**<u>Defendant</u>**

**Parker-Hannifin Corporation**
*sued individually and dba Stratoflex Products*

represented by **Raymond Joseph Decker**
Prindle Decker & Amaro
310 Golden Shore, 4th Floor
P O Box 22711
Long Beach, CA 90802-5511
562-436-3946
Email: joseph.decker@mendes.com
*ATTORNEY TO BE NOTICED*

**Vernon Rene Daley**
Mendes & Mount LLP
445 South Figueroa Street 38th Floor
Los Angeles, CA 90071
213-955-7724
Fax: 213-955-7725
Email: rene.daley@mendes.com
*ATTORNEY TO BE NOTICED*

**Warren M Williams**
Mendes and Mount LLP
445 South Figueroa Street 38th Fl
Los Angeles, CA 90071
213-955-7700
Fax: 213-955-7725
Email: warren.williams@mendes.com
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Pneumo Abex LLC**
*fka Pneumo Abex Aerospace sued as successor-in-interest to Abex Corporation*

represented by **Paul Christopher White , II**
DeHay and Elliston LLP
800 West 6th Street Suite 788
Los Angeles, CA 90017
213-271-2727
Fax: 213-277-2730
Email: pwhite@dehay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joanna MacQueen**
DeHay & Elliston LLP
800 West Sixth Street
Los Angeles, CA 90017
213-271-2727
Fax: 213-271-2730
Email: jmacqueen@dehay.com
*ATTORNEY TO BE NOTICED*

**Salin Ebrahamian**
DeHay & Elliston LLP
800 West 6th Street Suite 788
Los Angeles, CA 90017
213-271-2727
Fax: 213-271-2730
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rolls-Royce Corporation**
*fka Allison Engine Company successor
to The Allison Gas Turbine Division*

represented by **Patrick Mark Mahoney**
Schiff Hardin LLP
One Market Spear Street Tower 32nd
Floor
San Francisco, CA 94105
415-901-8700
Fax: 415-901-8701
Email: pmahoney@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Technologies Corporation**
*Successor*
Pratt and Whitney

represented by **Curtiss L Isler**
Tucker Ellis and West LLP
515 South Flower Street 42nd Floor
Los Angeles, CA 90071-2223
213-430-3400
Fax: 213-430-3409
Email: curt.isler@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**John K Son**
Tucker Ellis and West LLP
515 South Flower Street 42nd Floor
Los Angeles, CA 90017-2223
213-430-3400
Fax: 213-430-3409
Email: john.son@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Lance Wilson**
Tucker Ellis and West LLP
135 Main Street Suite 700
San Francisco, CA 94105
415-617-2400
Fax: 415-617-2409
Email: lance.wilson@tuckerellis.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| 01/07/2011 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC450769 with Conformed copy of summons and complaint. Case assigned to Judge George H Wu, Discovery to Magistrate Judge Fernando M Olguin. (Filing fee $ 350 PAID), filed by Defendant United Technologies Corporation.[Conformed copy of United Technologies Corporation's Answer filed in State Court on 12/28/10; submitted attached Exhibit B](car) (ds). (Entered: 01/10/2011) |
| 01/07/2011 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendant United Technologies Corporation [Filed in State Court on 12/28/10; submitted attached Exhibit B to Notice of Removal] (car) (Entered: 01/10/2011) |
| 01/07/2011 | 2 | DEFENDANT United Technologies Corporation's Disclosure Statement and Certification of Interested Parties filed by Defendant , identifying Other Affiliate Global Aerospace for United Technologies Corporation. (car) Modified on 1/10/2011 (car). (ds). (Entered: 01/10/2011) |
| 01/07/2011 | 3 | NOTICE of Related Case(s) filed by Defendant United Technologies Corporation. Related Case(s): 07-CV-02241-R (JTLx), 07-CV-02241-R (JTLx) (car) (ds). (Entered: 01/10/2011) |
| 01/07/2011 | 4 | NOTICE of Tag-Along Action filed by Defendant United Technologies Corporation. (car) (ds). (Entered: 01/10/2011) |
| 01/07/2011 | 5 | NOTICE TO PARTIES OF ADR PROGRAM filed.(car) (Entered: 01/10/2011) |
| 01/10/2011 | 6 | CERTIFICATE OF SERVICE filed by Defendant United Technologies Corporation, *of notice to adverse party of removal to United States District Court* served on 01/07/11. (Attachments: # 1 Exhibit A)(Son, John) (Entered: 01/10/2011) |
| 01/10/2011 | 7 | NOTICE NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442 (A) (1) (GOVERNMENT CONTRACTOR IMMUNITY - ACTING UNDER DIRECTION OF FEDERAL filed by Defendant Curtiss-Wright Corporation. (LaFevers, Kathryn) (Entered: 01/10/2011) |
| 01/12/2011 | 8 | MINUTE ORDER IN CHAMBERS by Judge George H Wu: On the Courts own motion, a Scheduling Conference is set for February 24, 2011at 8:30 a.m. Counsel are reminded of their obligations to disclose information, confer on a discovery plan, and report to the Court, as required by F.R.C.P. 26 and the Local Rules of this Court. Trial counsel are ordered to be present. A Joint 26(f) Report and a Notice of Settlement Procedure Selection Form ADR-1 shall be filed with the Court not later than February 10, 2011. (im) (Entered: 01/12/2011) |
| 01/13/2011 | 9 | NOTICE of Appearance filed by attorney Brian P Barrow on behalf of Plaintiffs Jacob Jager, Norma Jager (Barrow, Brian) (Entered: 01/13/2011) |
| 01/13/2011 | 10 | NOTICE of Scheduling Conference filed by Plaintiff Jacob Jager, Norma Jager. (Barrow, Brian) (Entered: 01/13/2011) |
| 01/13/2011 | 11 | NOTICE of Association of Counsel associating attorney The Worthington Law |

|  |  | Firm on behalf of Plaintiffs Jacob Jager, Norma Jager. Filed by Plaintiffs Jacob Jager, Norma Jager (Barrow, Brian) (Entered: 01/13/2011) |
|---|---|---|
| 01/14/2011 | 12 | ANSWER to Notice of Removal, 1 filed by Defendant The Boeing Company. (Kim, Bo) (Entered: 01/14/2011) |
| 01/14/2011 | 13 | NOTICE Of Joinder To Defendant United Technologies Corporation's Notice Of Removal Of Action Under 28 U.S.C. Sec. 1442(A)(1) (Government Contractor Immunity - Acting Under Direction Of Federal Officer) filed by Defendant The Boeing Company. (Attachments: # 1 Supplement The Boeing Company's Notice Of Related Cases, # 2 Supplement The Boeing Company's Notice Of Tag-Along Action, # 3 Supplement The Boeing Company's Notice Of Pendency Of Other Action Or Proceeding, # 4 Supplement The Boeing Company's Disclosure Statement, # 5 Supplement The Boeing Company's Notice And Certification Of Interested Parties)(Kim, Bo) (Entered: 01/14/2011) |
| 01/19/2011 | 14 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 - Related Case- filed. Related Case No: CV07-02241 R (JTLx). Case transferred from Magistrate Judge Fernando M. Olguin and Judge George H Wu to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV11-00226 R (VBKx).Signed by Judge Manuel L. Real (at) (Entered: 01/19/2011) |
| 01/21/2011 | 15 | ORDER RE: NOTICE TO COUNSEL by Judge Manuel L. Real, (im) (Entered: 01/21/2011) |
| 01/21/2011 | 16 | MINUTE ORDER IN CHAMBERS by Judge Manuel L. Real: This case has been transferred from the docket of Judge Wu to that of Judge Real. The Scheduling Conference set by Judge Wu for February 24, 2011 at 8:30 a.m. is hereby VACATED. (im) (Entered: 01/21/2011) |
| 01/24/2011 | 17 | ANSWERJURY DEMAND. *Answer of Defendant Lockheed Martin Corporation to Plaintiffs' Complaint for Personal Injury - Asbestos* filed by defendant Lockheed Martin Corporation.(Parker, Deborah) (Entered: 01/24/2011) |
| 01/24/2011 | 18 | *Certification and* Notice of Interested Parties filed by Defendant Lockheed Martin Corporation, identifying United States Aviation Insurance Group (USAIG). (Parker, Deborah) (Entered: 01/24/2011) |
| 01/25/2011 | 19 | NOTICE filed by Defendant United Technologies Corporation. *of Order re: Notice to Counsel* (Attachments: # 1 Exhibit A)(Son, John) (Entered: 01/25/2011) |
| 01/25/2011 | 20 | ANSWER *OF DEFENDANT PARKER-HANNIFIN CORPORATION TO COMPLAINT FOR DAMAGES* filed by Defendant Parker-Hannifin Corporation.(Daley, Vernon) (Entered: 01/25/2011) |
| 01/26/2011 | 21 | ANSWER *to Complaint* filed by defendant Cessna Aircraft Company. (Flaherty, Paul) (Entered: 01/26/2011) |
| 01/26/2011 | 22 | NOTICE of Appearance filed by attorney Paul R Flaherty on behalf of |

| | | Defendant Cessna Aircraft Company (Flaherty, Paul) (Entered: 01/26/2011) |
|---|---|---|
| 01/28/2011 | 23 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Complaint 20 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and or no copies. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vh) (Entered: 01/28/2011) |
| 01/28/2011 | 24 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Complaint 21 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and or no copies. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vh) (Entered: 01/28/2011) |
| 01/31/2011 | 25 | ANSWER filed by DEFENDANT Pneumo Abex LLC.(White, Paul) (Entered: 01/31/2011) |
| 02/01/2011 | 26 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Complaint by Pneumo Alex LLC 25 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and or no copies. Please SELECT "Notices" and SELECT " Certificate/Notice of Interested Parties to process the correct Event. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (jp) (Entered: 02/01/2011) |
| 02/02/2011 | 27 | Certificate of Interested Parties filed by Defendant Cessna Aircraft Company, (Flaherty, Paul) (Entered: 02/02/2011) |
| 02/04/2011 | 28 | ANSWER filed by defendant Rolls-Royce Corporation. (Attachments: # 1 Supplement DEMAND FOR TRIAL BY JURY AND ESTIMATE OF LENGTH OF TRIAL)(Mahoney, Patrick) (Entered: 02/04/2011) |
| 02/04/2011 | 29 | CERTIFICATION of Interested Parties filed by Defendant Rolls-Royce Corporation, (Mahoney, Patrick) (Entered: 02/04/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/09/2011 12:58:50 | | | |
| PACER Login: | te0445 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:11-cv-00226-R -VBK End date: 2/9/2011 |
| Billable Pages: | 8 | Cost: | 0.64 |

 **CT Corporation**

**Service of Process Transmittal**
12/09/2010
CT Log Number 517722170

TO: Debbie Ogle, Paralegal
United Technologies Corporation
United Technologies Building, One Financial Plaza
Hartford, CT 06103-2608

RE: **Process Served in California**

FOR: United Technologies Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jacob Jager and Norma Jager, Pltfs. vs. The Boeing Company, etc., et al. including United Technologies Corporation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Exhibit(s), Stipulation Form, Demand for Jury Trial, Cover Sheet, Instruction(s), Order, Cover Sheet Addendum, Notice(s) |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, CA Case # BC450769 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/09/2010 at 13:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jennifer L. Bartlett Simon, Eddins & Greenstone, LLP 301 E. Ocean Blvd., Suite 1950 Long Beach, CA 90802 562 590 3400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/09/2010, Expected Purge Date: 01/08/2011 Image SOP Email Notification, Debbie Ogle debbie.ogle@utc.com Email Notification, Donna LeDuc donna.leduc@utc.com Email Notification, Jamie Maltese jamie.maltese@UTC.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / WE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A   PAGE 9

Dbt f !3;22. dw 11337. S!!!. WCL !!!Epdvn f ou2!!!!Gjmf!1201822!!!Qbhf !23!pg76!!!Qbhf !E!$;44

12-9-10.   1:45 pm

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

NOTICE TO DEFENDANT: THE BOEING COMPANY (successor to
*(AVISO AL DEMANDADO):* ROCKWELL INTERNATIONAL, INC. f/k/a
NORTH AMERICAN AVIATION)
[SEE ATTACHED DEFENDANTS LIST]

YOU ARE BEING SUED BY PLAINTIFF: JACOB JAGER and NORMA JAGER
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 07 2010

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
**BC450769**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SIMON EDDINS & GREENSTONE LLP
301 E Ocean Blvd., Suite 1950, Long Beach, CA 90802

DATE:
*(Fecha)* _____ Clerk, by NANCY ALVAREZ , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

DEC 07 2010

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* United technologies Corporation successor to Pratt & Whitney)
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A   PAGE 10

Dbt f !3;22. dw 11337. S !!!. WCL !!! Epdvn f ou2!!!! Gjfhe!120! 8022!!! Qbhf !24! pg 76!!! Qbhf !.E !$;45

| SHORT TITLE: JAGER vs. THE BOEING COMPANY, et al. | | SUM-200(A) |
|---|---|---|
| | CASE NUMBER: | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CESSNA AIRCRAFT COMPANY (successor to MCCAULTY AVIATION CORPORATION);
CLA-VAL COMPANY;
CURTISS-WRIGHT CORPORATION;
EATON AEROSPACE LLC;
EATON CORPORATION d/b/a EATON AEROSPACE;
GOODRICH CORPORATION d/b/a GOODRICH AEROSPACE;
LOCKHEED MARTIN CORPORATION d/b/a LOCKHEED MARTIN AERONAUTICS f/k/a LOCKHEED MARTIN TACTICAL AND AIRCRAFT BRAKING SYSTEMS;
OWENS ILLINOIS, INC. (successor to OWENS ILLINOIS GLASS COMPANY);
PARKER-HANNIFIN CORPORATION (sued individually and d/b/a STRATOFLEX PRODUCTS);
PNEUMO ABEX LLC f/k/a PNEUMO ABEX AEROSPACE (sued as successor-in-interest to ABEX CORPORATION);
ROLLS-ROYCE CORPORATION f/k/a ALLISON ENGINE COMPANY, INC., successor to THE ALLISON GAS TURBINE DIVISION);
UNITED TECHNOLOGIES CORPORATION (successor to PRATT & WHITNEY)

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

ProDoc®

1  RON C. EDDINS, CA Bar No. 243581
   JENNIFER L. BARTLETT, CA Bar No. 183154
2  STUART J. PURDY, CA Bar No. 239878
   JORDAN BLUMENFELD-JAMES, CA Bar No. 235185
3  SIMON, EDDINS & GREENSTONE, LLP
4  301 E. Ocean Blvd., Ste. 1950
   Long Beach, California 90802
5  Telephone (562) 590-3400
   Facsimile (562) 590-3412
6
7  Attorneys for Plaintiffs

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 07 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Nancy Alvarez

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10                                    BC450769

11  JACOB JAGER and NORMA JAGER      )  Case No.
                                     )
12                  Plaintiffs,      )
                                     )  THIS ACTION CONSTITUTES COMPLEX
13         vs.                       )  ASBESTOS LITIGATION – SUBJECT TO THE
                                     )  GENERAL ORDERS CONTAINED IN FILE NO.
14  THE BOEING COMPANY (successor to )  C 700000 – DEPT. 59
    ROCKWELL INTERNATIONAL, INC.     )
15  f/k/a NORTH AMERICAN AVIATION);  )
    CESSNA AIRCRAFT COMPANY          )  COMPLAINT FOR PERSONAL INJURY –
16  (successor to MCCAULTY AVIATION  )  ASBESTOS (NEGLIGENCE; STRICT
    CORPORATION);                    )  LIABILITY; LOSS OF CONSORTIUM)
17  CLA-VAL COMPANY;                 )
18  CURTISS-WRIGHT CORPORATION;      )
    EATON AEROSPACE LLC;             )
19  EATON CORPORATION d/b/a EATON    )
    AEROSPACE;                       )
20  GOODRICH CORPORATION d/b/a       )
    GOODRICH AEROSPACE;              )
21  LOCKHEED MARTIN                  )
    CORPORATION d/b/a LOCKHEED       )
22  MARTIN AERONAUTICS f/k/a         )
    LOCKHEED MARTIN TACTICAL AND     )
23  AIRCRAFT BRAKING SYSTEMS;        )
    OWENS ILLINOIS, INC. (successor to )
24  OWENS ILLINOIS GLASS COMPANY);   )
    PARKER-HANNIFIN CORPORATION      )
25  (sued individually and d/b/a     )
26  STRATOFLEX PRODUCTS);            )
    PNEUMO ABEX LLC f/k/a PNEUMO     )
27  ABEX AEROSPACE (sued as successor- )
    in-interest to ABEX CORPORATION); )
28

                                    1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

ROLLS-ROYCE CORPORATION f/k/a )
ALLISON ENGINE COMPANY, INC., )
successor to THE ALLISON GAS )
TURBINE DIVISION); )
UNITED TECHNOLOGIES )
CORPORATION (successor to PRATT & )
WHITNEY), )
                                    )
                    Defendants.    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

## GENERAL ALLEGATIONS

COME NOW Plaintiffs **JACOB JAGER** and **NORMA JAGER** (hereinafter "Plaintiffs") and complain and allege as follows:

1.      At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **THE BOEING COMPANY** (successor to ROCKWELL INTERNATIONAL, INC. f/k/a NORTH

2

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22. dw 11337. S !!!. WCL !!! Epdvn f ou2 !!!! Gjme !2018022 !!! Qbhf !27! pg76 !!! Qbhf !.E !$;48

1   AMERICAN AVIATION); CESSNA AIRCRAFT COMPANY (successor to MCCAULTY
2   AVIATION CORPORATION); CLA-VAL COMPANY; CURTISS-WRIGHT CORPORATION;
3   EATON AEROSPACE LLC; EATON CORPORATION d/b/a EATON AEROSPACE;
4   GOODRICH CORPORATION d/b/a GOODRICH AEROSPACE; LOCKHEED MARTIN
5   CORPORATION d/b/a LOCKHEED MARTIN AERONAUTICS f/k/a LOCKHEED MARTIN
6   TACTICAL AND AIRCRAFT BRAKING SYSTEMS; OWENS ILLINOIS, INC. (successor to
7   OWENS ILLINOIS GLASS COMPANY); PARKER-HANNIFIN CORPORATION (sued
8   individually and d/b/a STRATOFLEX PRODUCTS); PNEUMO ABEX LLC f/k/a PNEUMO ABEX
9   AEROSPACE (sued as successor-in-interest to ABEX CORPORATION); ROLLS-ROYCE
10  CORPORATION f/k/a ALLISON ENGINE COMPANY, INC., successor to THE ALLISON GAS
11  TURBINE DIVISION); and UNITED TECHNOLOGIES CORPORATION (successor to PRATT
12  & WHITNEY), were individuals, corporations, partnerships and/or unincorporated associations
13  organized and existing under and by virtue of the laws of the State of California, or the laws of some
14  other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized
15  to do and are doing business in the State of California, or the laws of some other state or foreign
16  jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing
17  business in the State of California, and that said Defendants have regularly conducted business in the
18  County of Los Angeles, State of California.
19
20      2.      Plaintiffs allege herein that Plaintiff JACOB JAGER developed malignant
21  mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing
22  products and/or products designed to be used in association with asbestos products ("Defendants'
23  Products"), including: THE BOEING COMPANY (successor to ROCKWELL INTERNATIONAL,
24  INC. f/k/a NORTH AMERICAN AVIATION) (for North American propeller fighter and trainer
25  aircraft); CESSNA AIRCRAFT COMPANY (successor to MCCAULTY AVIATION
26  CORPORATION) (for McCaulty propellers); CLA-VAL COMPANY (for Cla-Val valves);
27
28

3

Dbt f !3;22. dw 11337. S !!!. WCL !!! Epdvn f ou2 !!!! Gjrne !120 l8 022 !!! Qbhf !28 lpg 76 !!! Qbhf !.E !$;49

CURTISS-WRIGHT CORPORATION (for Curtiss-Wright aircraft brakes and propeller transports); EATON AEROSPACE LLC (for Eaton aircraft brakes); EATON CORPORATION d/b/a EATON AEROSPACE (for Eaton aircraft brakes); GOODRICH CORPORATION d/b/a GOODRICH AEROSPACE (for Goodrich aircraft brakes); LOCKHEED MARTIN CORPORATION d/b/a LOCKHEED MARTIN AERONAUTICS f/k/a LOCKHEED MARTIN TACTICAL AND AIRCRAFT BRAKING SYSTEMS (for Lockheed jet engines and aircraft brakes); OWENS ILLINOIS, INC. (successor to OWENS ILLINOIS GLASS COMPANY) (for asbestos insulation products); PARKER-HANNIFIN CORPORATION (sued individually and d/b/a STRATOFLEX PRODUCTS) (for Parker aircraft brakes and Stratoflex heat shields and fire shields); PNEUMO ABEX LLC f/k/a PNEUMO ABEX AEROSPACE (sued as successor-in-interest to ABEX CORPORATION) (for Abex aircraft and automobile brakes); ROLLS-ROYCE CORPORATION f/k/a ALLISON ENGINE COMPANY, INC., successor to THE ALLISON GAS TURBINE DIVISION) (for Rolls Royce and Allison aircraft engines); and UNITED TECHNOLOGIES CORPORATION (successor to PRATT & WHITNEY) (for Pratt & Whitney aircraft engines).

FIRST CAUSE OF ACTION

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

3.    Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

4.    At all times herein mentioned, each of the named Defendants was the successor, successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

4

asbestos, and/or products designed to cut, saw or otherwise manipulate and products containing asbestos, including but not limited to, those products identified in paragraph 3 above. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor-in-business, successor-in-product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and advertised asbestos, and asbestos products and/or products designed to cut, saw or otherwise manipulate, products containing asbestos. The following Defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BOEING | ROCKWELL INTERNATIONAL, INC. NORTH AMERICAN AVIATION |
| CESSNA AIRCRAFT COMPANY | McCAULTY AVIATION CORPORATION |
| EATON CORPORATION | EATON AEROSPACE |
| GOODRICH CORPORATION | THE B.F. GOODRICH COMPANY |
| OWENS-ILLINOIS, INC. | OWENS-CORNING FIBERGLAS CORPORATION FENCO MARINE ENGINEERING FESCO FIBERGLAS ENGINEERING AND SUPPLYCOMPANY WILLIAM LANE COMPANY SILICARE INSULATION ASBESTOS ENGINEERING & SUPPLY CO. OWENS-BROCKWAY GLASS CONTAINERS |

5

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22. dw 11337. S !!!. WCL !!! Epdvn f ou2!!!!Gjnfe!12018022!!!Qbhf !2: !pg76!!!Qbhf !JE!$;51

| | |
|---|---|
| | BROCKWAY GLASS CO., INC.<br>OWENS-ILLINOIS GLASS COMPANY |
| PARKER-HANNIFIN CORPORATION | |
| | SACOMO SIERRA<br>SACOMO MANUFACTURING CO.<br>BERTEA CORPORATION<br>SEITZ INDUSTRIAL PRODUCTS, INC.<br>AREMAC ASSOCIATES<br>STRATOFLEX PRODUCTS DIVISION |
| PNEUMO ABEX CORPORATION | ABEX CORPORATION |
| ROLLS ROYCE CORPORATION | ALLISON ENGINE COMPANY<br>ALLISON GAS TURBINE |
| UNITED TECHNOLOGIES | PRATT & WHITNEY |

5.   At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products and/or products designed to cut, saw or otherwise manipulate products containing asbestos (hereinafter Defendants' Products).

6.   At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff JACOB JAGER herein (hereinafter collectively called "exposed person").  Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person".  Plaintiffs herein allege that JACOB

6

<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS</u>

1    JAGER was exposed to asbestos that was caused to be released as a result of exposure to Defendants'

2    Products, including but not limited to those products identified in paragraph 3 above (hereinafter

3    referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), were

4    a substantial contributing factor in the development of his malignant mesothelioma, and therefore

5    proximately caused Plaintiff JACOB JAGER's injuries.

6         7.    Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable

7    care while engaging in the activities mentioned above and each Defendant breached said duty of

8    reasonable care in that Defendants, and each of them, failed to safely and adequately design,

9    manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the

10   hazards of said products; failed to warn "exposed person", including Plaintiff JACOB JAGER, of the

11   health hazards of using Defendants' products; failed to warn of the harmful exposures caused by use of

12   said products to cut, saw or otherwise manipulate asbestos containing products; failed to disclose the

13   known or knowable dangers of using Defendants' products; failed to obtain suitable alternative materials

14   to asbestos when such alternatives were available; and as otherwise stated herein.

15        8.    The Defendants' products were and are hazardous to the health and safety of Plaintiff,

16   and others in Plaintiff's position working with and in close proximity to such products, and since on or

17   before 1930, the hazards and dangerous propensities of the Defendants' products were both known and

18   knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

19   and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of

20   them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

21   modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

22   installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for

23   others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous

24   propensities of asbestos presented a substantial danger to users, including Plaintiff, JACOB JAGER, of

25   Defendants' Products through the intended and reasonably foreseeable use of those products.

26        9.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

27   known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

28   intended and reasonably foreseeable manner.

7

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22.dw.11337.S!!!.WCL!!!Epdvn f ou2!!!!Gjrhe!1201 8022!!!Qbhf !32!pg76!!!Qbhf !.E!$;53

10.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," and/or used to cut, saw or otherwise manipulate products containing asbestos, or otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff JACOB JAGER herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have known that users, such as Plaintiff JACOB JAGER and others in his position, working with and in close proximity to Defendants' Products would not realize or know the danger. Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of the products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm. The negligent failure of Defendants, their "alternate entities," and each of them to warn was a substantial factor in causing harm to Plaintiff JACOB JAGER.

11.     Plaintiff JACOB JAGER used, handled, or was otherwise exposed to asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in Exhibit "A", which is attached hereto and incorporated by reference herein.

12.     As a direct and proximate result of the conduct of the Defendants, their "alternate entities", and each of them, as aforesaid, Plaintiff JACOB JAGER's exposure to asbestos from use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure to Defendants' Products, are set forth in Exhibit "B", which is attached hereto and incorporated by reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to Defendants' Products over a period of time.

8

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

13.    Plaintiff JACOB JAGER suffers from malignant pleural mesothelioma, caused by exposure to asbestos from Defendants' Products and/or from the use of Defendants' Products to cut, saw or otherwise manipulate products containing asbestos including those products identified in paragraph 3 above.  Plaintiff JACOB JAGER was not aware at the time of exposure that Defendants' Products presented any risk of injury and/or disease.

14.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate entities," and each of them, Plaintiff JACOB JAGER has suffered and will continue to suffer permanent injuries and future injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

15.    As a direct and proximate result of the aforesaid conduct of the Defendants, their "alternate entities", and each of them, Plaintiff JACOB JAGER has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

16.    As a further direct and proximate result of the said conduct of the Defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

17.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff JACOB JAGER, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom. Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos

9

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22. dw.11337. S!!!.WCL!!!Epdvn f ou2!!!!Gjrhe!12018022!!!Qbhf !34!pg76!!!Qbhf !E !$;55

1    and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed

2    person", including Plaintiff JACOB JAGER.

3        (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

4    financially supported industry organizations, including but not limited to the Gypsum Association,

5    Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

6    of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

7    information about the dangers of asbestos to users of the aforementioned products and materials, thereby

8    misleading Plaintiff JACOB JAGER as to the safety of their products. Through their participation and

9    association with such industry organizations, Defendants and each of them knowingly and deliberately

10   concealed and suppressed the true information regarding asbestos and its dangers, and propagated

11   misinformation intended to instill in users of Defendants' Products a false security about the safety of

12   their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of

13   the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions

14   in this committee were held many times regarding the dangers inherent in asbestos and the dangers,

15   which arise from the lack of control of dust, and such information was suppressed from public

16   dissemination from 1946 to a date unknown to Plaintiff JACOB JAGER at this time;

17       (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

18   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

19   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

20   medical and scientific information of the connection between the inhalation of asbestos fibers and

21   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

22   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

23   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

24   this information to consumers;

25       (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff JACOB

26   JAGER and others of the nature of said materials which were dangerous when breathed and which could

27   cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate

28   entities", and each of them, possessed knowledge and were under a duty to disclose that said materials

10

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

were dangerous and a threat to the health of persons coming into contact therewith;

(e)   Defendants, their "alternate entities", and each of them, failed to provide Plaintiff JACOB JAGER with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff JACOB JAGER and others applying and installing such material;

(f)   Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff JACOB JAGER and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)   Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff JACOB JAGER so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

18.   Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

19.   The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff JACOB JAGER, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause

11

COMPLAINT FOR PERSONAL INJURY -- ASBESTOS

Dbt f !3;22. dw. 11337. S !!!. WCL !!! Epdvn f ou2 !!!! Gjrhe !120!8022 !!! Qbhf !36! pg 76 !!! Qbhf !.E !$;57

1  asbestos to be released, and to cause severe, permanent injuries and death, despite possessing knowledge
2  of the substantial hazards posed by use of their products, in order to continue to profit financially
3  therefrom.    Defendants, their "alternate entities", and each of them, engaged in such conduct so
4  despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and
5  despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil
6  Code section 3294. Plaintiffs, for the sake of example and by way of punishing said Defendants, seek
7  punitive damages according to proof.

8      20. .    Defendants and each of them engaged in conduct which was intended by Defendants and
9  each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the
10  Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff
11  JACOB JAGER.

12      21.    Defendants, and each of them, engaged in the despicable conduct described herein that
13  subjected persons, including Plaintiff JACOB JAGER, to cruel and unjust hardship in the form of
14  severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious
15  disregard of those persons' rights.

16      22.    As a direct and proximate result of such intentional conduct by Defendants, their
17  "alternate entities" and each of them, Plaintiff JACOB JAGER sustained the injuries and damages
18  alleged herein.

19      WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and
20  each of them, as hereinafter set forth.

21              ## SECOND CAUSE OF ACTION

22                  (Strict Liability)

23      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
   FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE
24  ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

25      23.    Plaintiffs incorporate herein by reference, as though fully set forth therein, each and
26  every one of the general allegations and the allegations contained in the First Cause of Action herein.

27      24.    Defendants, their "alternate entities", and each of them, sold the aforementioned
28  Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and

12

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

2   have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, JACOB

3   JAGER, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm

4   to Plaintiff JACOB JAGER and others in Plaintiff's position working with and in close proximity to

5   such products.

6       25.   Defendants' Products were defective and unsafe for their intended purpose and

7   foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

8   sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," cut, sawed, installed,

9   and/or used as intended, or used to cut, saw or manipulate products containing asbestos or otherwise

10  disturbed, said products would result in the release, and therefore inhalation of, hazardous and

11  dangerous asbestos fibers by exposed person, including Plaintiff JACOB JAGER. The defect existed in

12  all of said products when they left the possession of the Defendants, their "alternate entities," and each

13  of them.  At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position

14  working with and in close proximity to such products, the products were substantially the same as when

15  they left the possession of the Defendants, their "alternate entities," and each of them and/or any

16  changes made to the products after they left the possession of Defendants, their "alternate entities", and

17  each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them.

18  Defendants' asbestos and asbestos products were used by Plaintiff JACOB JAGER, and others in

19  Plaintiff's position working with and in close proximity to such products, in a way that was reasonably

20  foreseeable to Defendants, and each of them.  The defect in said products was a substantial factor in

21  causing harm and personal injuries to Plaintiff JACOB JAGER, including malignant mesothelioma,

22  while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe,

23  and unreasonably dangerous for their ordinary and intended use.

24      26.   As a direct and proximate result of the actions and conduct outlined herein, Defendants'

25  Products failed to perform as safely as an ordinary consumer would have expected in that Defendants'

26  products, and each of them, caused respirable asbestos fibers to be released from asbestos products

27  during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to

28  the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer,

13

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22. dw 11337. S !!!. WCL !!! Epdvn f ou2!!!!Gjrhe!120!8022!!!Qbhf !38!pg76!!!Qbhf !.E !$;59

1   mesothelioma and other cancers in humans.  Plaintiffs further allege that "exposed person", including

2   Plaintiff JACOB JAGER, were unaware of the harmful effects of asbestos and further unaware of the

3   harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of

4   Defendants' products to perform as safely as Plaintiff JACOB JAGER had reason to expect was a

5   substantial factor in causing his injuries.

6        27.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

7   JACOB JAGER has suffered the injuries and damages alleged herein.

8        28.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

9   engaged in the following wrongful acts:

10        (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

11   including Plaintiff JACOB JAGER, medical and scientific information concerning the health hazards

12   associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.

13   Although Defendants, and each of them, knew of the substantial risks associated with exposure to

14   asbestos, they willfully and knowingly concealed such information from the users of their asbestos

15   and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed

16   person", including Plaintiff JACOB JAGER.

17        (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

18   financially supported industry organizations, including but not limited to the Gypsum Association,

19   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

20   of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

21   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

22   misleading Plaintiff JACOB JAGER as to the safety of their products. Through their participation and

23   association with such industry organizations, Defendants and each of them knowingly and deliberately

24   concealed and suppressed the true information regarding asbestos and its dangers, and propagated

25   misinformation intended to instill in users of Defendants' Products a false security about the safety of

26   their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of

27   the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions

28   in this committee were held many times regarding the dangers inherent in asbestos and the dangers,

14

<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS</u>

1    which arise from the lack of control of dust, and such information was suppressed from public

2    dissemination from 1946 to a date unknown to Plaintiff JACOB JAGER at this time;

3        (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

4    Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

5    Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

6    medical and scientific information of the connection between the inhalation of asbestos fibers and

7    asbestosis, which information was disseminated through the Asbestos Textile Institute and other

8    industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

9    Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

10   this information to consumers;

11       (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff JACOB

12   JAGER and others of the nature of said materials which were dangerous when breathed and which could

13   cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate

14   entities", and each of them, possessed knowledge and were under a duty to disclose that said materials

15   were dangerous and a threat to the health of persons coming into contact therewith;

16       (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

17   JACOB JAGER with information concerning adequate protective masks and other equipment devised to

18   be used when applying, mixing, sawing, cutting, installing and sanding the products of the Defendants,

19   their "alternate entities", and each of them, despite knowing that such protective measures were

20   necessary, and that they were under a duty to disclose that such materials were dangerous and would

21   result in injury to Plaintiff JACOB JAGER and others applying and installing such material;

22       (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that

23   Plaintiff JACOB JAGER and anyone similarly situated, upon inhalation of asbestos would, in time, have

24   a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma

25   and/or cancer;

26       (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

27   the true nature of the hazards of asbestos materials and that exposure to these material would cause

28   pathological effects without noticeable trauma to the public, including buyers, users, and physicians

15

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22.dw.11337.S!!!.WCL!!!Epdvn f ou2!!!!Gjrhe!120l8022!!!Qbhf !3: !pg76!!!Qbhf !JE!$;61

1  employed by Plaintiff JACOB JAGER so that said physicians could not examine, diagnose, and treat

2  Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

3  entities", and each of them, were under a duty to so inform and said failure was misleading; and

4        29.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

5  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

6  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

7  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

8  them, and each Defendant's officers, directors, and managing agents participated in, authorized,

9  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

10  their "alternate entities" as set forth herein.

11        30.    The herein-described conduct of said Defendants, their "alternate entities", and each of

12  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

13  to the safety and health of "exposed person," including Plaintiff JACOB JAGER, in that Defendants,

14  and each of them, continued to manufacture, market and/or sell dangerous products known to cause

15  severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by

16  use of their products, in order to continue to profit financially therefrom. Defendants, their "alternate

17  entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable,

18  wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an

19  award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake

20  of example and by way of punishing said Defendants, seek punitive damages according to proof.

21        31.    Defendants and each of them engaged in conduct which was intended by Defendants and

22  each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

23  Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

24  JACOB JAGER.

25        32.    Defendants, and each of them, engaged in the despicable conduct described herein that

26  subjected persons, including Plaintiff JACOB JAGER, to cruel and unjust hardship in the form of sever,

27  debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of

28  those persons' rights.

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

33.    As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff JACOB JAGER sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF JANET JAGER COMPLAINS OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

34.    Plaintiff NORMA JAGER incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

35.    Plaintiffs JACOB JAGER and NORMA JAGER were married on December 27, 1962, and at all times relevant to this action were, and are now, husband and wife.

36.    Prior to Plaintiff JACOB JAGER's injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, Plaintiff JACOB JAGER has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, NORMA JAGER has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

37.    Plaintiff NORMA JAGER's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

38.    As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff JACOB JAGER as set forth in this complaint, Plaintiff NORMA JAGER has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress

17

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22. dw 11337. S !!!. WCL !!! Epdvn f ou2 !!!! Gjrhe !120 !80 22 !!! Qbhf !42 !pg76 !!! Qbhf !JE !$;63

1 | and general nervousness as a result thereof.

2 | 39.    WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities",

3 | and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff JACOB JAGER:

4 | 1.    For Plaintiff's general damages according to proof;

5 | 2.    For Plaintiff's loss of income, wages, and earning potential according to proof;

6 | 3.    For Plaintiff's medical and related expenses according to proof;

Plaintiff NORMA JAGER:

9 | 4.    For Plaintiff's damages for loss of consortium and/or society according to proof;

Plaintiffs JACOB JAGER and NORMA JAGER:

11 | 5.    For Plaintiffs' cost of suit herein;

12 | 6.    For exemplary or punitive damages according to proof;

13 | 7.    For such other and further relief as the Court may deem just and proper, including

14 | costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

15 | provisions of law.

16 | DATED: December 7, 2010

SIMON, EDDINS & GREENSTONE, LLP

By: _____

JENNIFER L. BARTLETT
STUART J. PURDY
JORDAN BLUMENFELD-JAMES
Attorneys for Plaintiffs

18

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

2                              <u>DEMAND FOR JURY TRIAL</u>

3                Plaintiffs hereby demand trial by jury as to all issues so triable.

4

5    DATED: December 7, 2010                SIMON, EDDINS & GREENSTONE, LLP

6

7                                           By:

8                                              JENNIFER L. BARTLETT
                                               STUART J. PURDY
9                                              JORDAN BLUMENFELD-JAMES
                                               Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    19

<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS</u>

## EXHIBIT "A"

Plaintiff JACOB JAGER's exposure to asbestos and asbestos-containing products occurred at various locations within the State of California, including, but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| Don Maxwell Chevron | Chino, CA | Automotive Mechanic | 1950-1952 |
| Unrecalled | Chino, CA | Tile Setter | 1952 |
| United States Air Force | Amarillo Air Force Base, TX<br>Hamilton Air Force Base, CA | Aircraft mechanic | 1952-1955 |
| Self | Chino, CA | Repairs and maintenance on personal vehicles | 1950 – 1968 |
| Self | Rialto, CA<br>Upland, CA | Drywall work on personal residences | 1962-1978 |

20

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22.dw.11337.S!!!.WCL!!!Epdvn f ou2!!!!Gjrhe!12018022!!!Qbhf !45!pg76!!!Qbhf !JE!$;66

1
2          **EXHIBIT "B"**

3          Plaintiff JACOB JAGER's exposure to Defendants' Products caused severe and

4     permanent injury to Plaintiff JACOB JAGER including, but not limited to, mesothelioma.   Plaintiff

5     was diagnosed with mesothelioma on or about October 2010.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    21

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

Dbt f !3;22. dw.11337. S!!!. WCL !!! Epdvn f ou2!!!!Gjmf!1201822!!!Qbhf !46!pg76!!!Qbhf !.E !$;67

---

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

JENNIFER L. BARTLETT     SBN: 183154
SIMON EDDINS & GREENSTONE LLP
301 E Ocean Blvd., Suite 1950, Long Beach, CA 90802
TELEPHONE NO: 562-590-3400    FAX NO.:
ATTORNEY FOR *(Name):* JACOB JAGER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: JACOB JAGER and NORMA JAGER vs. THE BOEING COMPANY, et.al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[X] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [X] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 7, 2010

JENNIFER L. BARTLETT
*(TYPE OR PRINT NAME)*         *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET   ProDoc® | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A   PAGE 33

Dbt f !3;22. dw.11337. S!!!. WCL!!!Epdvn f ou2!!!!Gjmf!1201802;2!!!Qbhf !47!pg76!!!Qbhf !JE!\$;68

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                        CM-010

To Plaintiffs and Others Filing First Papers.  If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check one box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases.  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases.  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

1  **TUCKER ELLIS & WEST LLP**
   JOHN K. SON – SBN 238516
2  john.son@tuckerellis.com
   515 South Flower Street
3  Forty-Second Floor
   Los Angeles, CA 90071-2223
4  Telephone:  213.430.3400
   Facsimile:  213.430.3409
5
   **TUCKER ELLIS & WEST LLP**
6  LANCE D. WILSON – SBN 183852
   lance.wilson@tuckerellis.com
7  135 Main Street, Suite 700
   San Francisco, California 94105
8  Telephone:  415.617.2400
   Facsimile:  415.617.2409
9
   Attorneys for Defendant
10 UNITED TECHNOLOGIES CORPORATION

11

12             **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14 JACOB JAGER and NORMA JAGER,      ) Case No. 2:11-cv-226 GW (FMOx)
                                      )
15             Plaintiffs,            )
                                      ) **DEFENDANT UNITED**
16      v.                            ) **TECHNOLOGIES CORPORATION'S**
                                      ) **NOTICE OF TAG-ALONG ACTION**
17 THE BOEING COMPANY (successor to  )
   ROCKWELL INTERNATIONAL, INC.      ) Multi-District Rule 7.5(e)
18 f/k/a NORTH AMERICAN AVIATION);   )
   CESSNA AIRCRAFT COMPANY           )
19 (successor to MCCAULTY AVIATION   )
   CORPORATION); CLA-VAL             )
20 COMPANY; CURTISS-WRIGHT           )
   CORPORATION; EATON AEROSPACE      )
21 LLC; EATON CORPORATION d/b/a      )
   EATON AEROSPACE; GOODRICH         )
22 CORPORATION d/b/a GOODRICH        )
   AEROSPACE; LOCKHEED MARTIN        )
23 CORPORATION d/b/a LOCKHEED        )
   MARTIN AERONAUTICS f/k/a          )
24 LOCKHEED MARTIN TACTICAL AND      )
   AIRCRAFT BRAKING SYSTEMS;         )
25 OWENS ILLINOIS, INC. (successor to )
   OWENS ILLINOIS GLASS COMPANY);    )
26 PARKER-HANNIFIN CORPORATION       )
   (sued individually and d/b/a      )
27 STRATOFLEX PRODUCTS); PNEUMO      )
   ABEX LLC f/k/a PNEUMO ABEX        )
28 AEROSPACE (sued as successor-in-  )

interest to ABEX CORPORATION);
ROLLS-ROYCE CORPORATION f/k/a
ALLISON ENGINE COMPANY, INC.,
successor to THE ALLISON GAS
TURBINE DIVISION); UNITED
TECHNOLOGIES CORPORATION
(successor to PRATT & WHITNEY),

               Defendants.

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR**

**ATTORNEYS OF RECORD:**

    PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict

Litigation entered an order transferring all asbestos cases pending in federal court to the

United States District Court, Eastern District of Pennsylvania, for coordinated or

consolidated pretrial proceedings pursuant to U.S.C. § 1407 ("MDL Transfer Order").

That order also applies to "tag-along actions," or actions involving common questions of

fact filed after the January 1991 filings of the Panel's Order to Show Cause.  MDL Rule

13(e) provides:

        Any party or counsel in actions previously transferred under

        section 1407 or under consideration by the Panel for transfer

        under section 1407 shall promptly notify the Clerk of the Panel

        of any potential "tag-along actions" in which that party is also

        named or in which that counsel appears.

///
///
///
///
///
///

DEFENDANT UNITED TECHNOLOGIES CORPORATION'S NOTICE OF TAG-ALONG ACTION

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

1      The undersigned hereby notifies the court that this is a potential "tag-along action"

2  which may be subject to transfer to the Eastern District of Pennsylvania.  The Clerk of

3  the Panel may either: (1) enter a conditional transfer order pursuant to MDL Rule 12(a),

4  or (2) file an order to show cause why the action should not be transferred, pursuant to

5  MDL Rule 13(b).

6  DATED:  January ⸺, 2011          **TUCKER ELLIS & WEST LLP**

7

8                    By: _____

9                     John K. Son

                        Attorneys for Defendant

10                   UNITED TECHNOLOGIES

                        CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

3

Dbt f !3;22. dw. 11337. S !!!. WCL !!!Epdvn f ou5!!!!Gfrhe!12018022!!!Qbhf !5!pg5!!!Qbhf !JE !$;: 5

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On January 7, 2011-, I served the foregoing document entitled:

**DEFENDANT UNITED TECHNOLOGIES CORPORATION'S NOTICE OF TAG-ALONG ACTION**

by placing ( ) an original; (X) a true and correct copy thereof enclosed in a sealed envelope(s), addressed as follows:

Ron C. Eddins, Esq.                     Telephone:  (562) 590-3400
Jennifer L. Bartlett, Esq.              Facsimile:  (562) 590-3412
Simon, Eddins & Greenstone, LLP
301 E. Ocean Blvd., Suite 1950
Long Beach, CA  90802                   *Attorneys for Plaintiffs*

(√)   **By Mail:**  I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. Document(s) were placed for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

( )   **By Federal Express:**  On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by Federal Express or delivered same to an authorized courier or driver authorized by Federal Express to receive documents.

( )   **By Facsimile:**  I caused the above-referenced document(s) to be transmitted to the person(s) named above or on the attached service list at the facsimile numbers given thereat on this date before 5:00 p.m.

(√)   **FEDERAL**:  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 7, 2011** at Los Angeles, California.

Monica Brandenberg

4

DEFENDANT UNITED TECHNOLOGIES CORPORATION'S NOTICE OF TAG-ALONG ACTION

TUCKER ELLIS & WEST LLP
Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco