ADRMOP, E-Filing

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:10-cv-05844-CW

Hilt et al v. C.C. Moore & Co. Engineers et al
Assigned to: Hon. Claudia Wilken
Case in other court: San Francisco Superior Court, CGC-10-275703
Cause: 28:1441 Petition for Removal- Wrongful Death

Date Filed: 12/22/2010
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

## Plaintiff

**Geraldine Hilt**
*as Wrongful Death Heir, and as Successor-in-Interest to Robert Hilt, Deceased*

represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Martin Grant**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
Email: RGrant@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Plaintiff

**Sherlyn Hilt**
*as Legal Heir of Robert Hilt, Deceased*

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Martin Grant**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Plaintiff

**Krishna Tindall**
*as Legal Heir of Robert Hilt, Deceased*

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Darphine Roland**                    represented by   **David R. Donadio**
*as Legal Heir of Robert Hilt, Deceased*                          (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Kimberly Crawford**                  represented by   **David R. Donadio**
*as Legal Heir of Robert Hilt, Deceased*                          (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**C.C. Moore & Co. Engineers**

**Defendant**

**Dana Companies, LLC**
*formerly known as*
Dana Corporation

**Defendant**

**Metropolitan Life Insurance
Company**

**Defendant**

**Zurn Industries, LLC**

**Defendant**

**Western MacArthur Company**

**Defendant**

**MacArthur Company**

**Defendant**

**Western Asbestos Company**

**Defendant**

**Federal-Mogul Asbestos Personal
Injury Trust**
*Successor*
Felt-Products Manufacturing Co.

**Defendant**

**ITT Corporation**

*formerly known as*
ITT Industries, Inc.

**Defendant**

**Atlas Valve Company, Inc.**

**Defendant**

**Sun Ship, LLC**

**Defendant**

**Anderson, Rowe & Buckley, Inc.**

**Defendant**

**Sheedy Drayage Co.**

**Defendant**

**Otis Elevator Company**                    represented by    **Lance Douglas Wilson**
                                                          Tucker Ellis & West LLP
                                                          135 Main Street, Suite 700
                                                          San Francisco, CA 94105
                                                          415-617-2400
                                                          Fax: 415-617-2409
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John Karry Son**
                                                          Tucker Ellis & West LLP
                                                          515 S. Flower St.
                                                          Forty Second Floor
                                                          Los Angeles, CA 90071
                                                          213-430-3310
                                                          Fax: 213-430-3409
                                                          Email: john.son@tuckerellis.com
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/22/2010 | 1 | NOTICE OF REMOVAL (No Process) from San Francisco Superior Court. Their case number is CGC-10-275703. (Filing fee $350 receipt number 34611054203). Filed byOtis Elevator Company. (cjl, COURT STAFF) (Filed on 12/22/2010) (Additional attachment(s) added on 12/29/2010: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit C-1, # 5 Civil Cover Sheet) (cjl, COURT STAFF). (Entered: 12/28/2010) |
| 12/22/2010 | 2 | ***DISREGARD DOCUMENT NUMBER, ANSWER TO REMOVAL IS AN EXHIBIT IN DOCUMENT #1*** Answer to Removal Complaint 1 by Otis Elevator Company. (cjl, COURT STAFF) (Filed on 12/22/2010) Modified on 12/28/2010 (cjl, COURT STAFF). (Entered: 12/28/2010) |

| 12/22/2010 | 3 | Certificate of Interested Entities by Otis Elevator Company identifying Corporate Parent United Technologies Corporation for Otis Elevator Company. (cjl, COURT STAFF) (Filed on 12/22/2010) (cjl, COURT STAFF). (Entered: 12/28/2010) |
| --- | --- | --- |
| 12/22/2010 | 4 | NOTICE of Pendency of Other Action or Proceeding by Otis Elevator Company. (cjl, COURT STAFF) (Filed on 12/22/2010) (cjl, COURT STAFF). (Entered: 12/28/2010) |
| 12/22/2010 | 5 | NOTICE of Tag-Along Action by Otis Elevator Company. (cjl, COURT STAFF) (Filed on 12/22/2010) (cjl, COURT STAFF). (Entered: 12/28/2010) |
| 12/22/2010 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 4/7/2011. Case Management Conference set for 4/14/2011 01:30 PM in Courtroom 4, 3rd Floor, Oakland. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 12/22/2010) (Entered: 12/28/2010) |
| 12/22/2010 | | CASE DESIGNATED for Electronic Filing. (cjl, COURT STAFF) (Filed on 12/22/2010) (Entered: 12/28/2010) |
| 01/20/2011 | 7 | Declination to Proceed Before a U.S. Magistrate Judge by Geraldine Hilt, Sherlyn Hilt. (Grant, Richard) (Filed on 1/20/2011) (Entered: 01/20/2011) |
| 01/21/2011 | 8 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (ls, COURT STAFF) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 01/21/2011 | 9 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Claudia Wilken for all further proceedings. Magistrate Judge Laurel Beeler no longer assigned to the case. Signed by the Executive Committee on January 21, 2011. (cjl, COURT STAFF) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 01/21/2011 | 10 | MOTION to Remand filed by Geraldine Hilt, Sherlyn Hilt. Motion Hearing set for 3/3/2011 02:00 PM in Courtroom 2, 4th Floor, Oakland before Hon. Claudia Wilken. (Attachments: # 1 Declaration of Richard M. Grant, # 2 Proposed Order, # 3 Certificate of Service)(Grant, Richard) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 01/25/2011 | 11 | CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE: Case Management Statement due by 4/12/2011. Case Management Conference set for 4/19/2011 02:00 PM. Signed by Judge Claudia Wilken on 1/25/2011. (ndr, COURT STAFF) (Filed on 1/25/2011) (Entered: 01/25/2011) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 02/09/2011 10:56:08 | | |
| **PACER Login:** te0445 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 4:10-cv-05844-CW |
| **Billable Pages:** 3 | **Cost:** | 0.24 |

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
C.C. MOORE & CO. ENGINEERS;
Defendants as Reflected on Exhibit 1
attached to the Summary Complaint herein; and DOES 1-8500.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
GERALDINE HILT, Individually, and as Wrongful Death Heir, and as Successor-in-Interest to ROBERT
HILT, Deceased; and SHERLYN HILT, KRISHNA TINDALL, DARPHINE ROLAND,
and KIMBERLY CRAWFORD, as Legal Heirs of ROBERT HILT, Deceased.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso)*
CGC-10-275703

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es)*
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✦PURCELL LLP
222 Rush Landing Road, Novato, CA 94948-6169          (415) 898-1555

DATE:                                    CLERK OF THE COURT
*(Fecha)*   NOV 1 6 2010   Clerk, by _____ , Deputy
                            *(Secretario)*   CHRIS BUTI   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* OTIS Elevator Company
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association of partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on (date):   NOV 23 2010

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1

2

3   C.C. MOORE & CO. ENGINEERS

4   DANA COMPANIES, LLC (FKA DANA CORPORATION)
    METROPOLITAN LIFE INSURANCE COMPANY

5   ZURN INDUSTRIES, LLC
    WESTERN MacARTHUR COMPANY

6   MacARTHUR COMPANY
    WESTERN ASBESTOS COMPANY

7   FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.
    ITT CORPORATION ( FKA ITT INDUSTRIES, INC.)

8   ATLAS VALVE COMPANY
    SUN SHIP, LLC

9   ANDERSON, ROWE & BUCKLEY, INC.
    SHEEDY DRAYAGE CO.

10  OTIS ELEVATOR COMPANY
    and DOES 1-8500,

11

12       Defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Geraldine Hilt, et al. vs. C.C. Moore & Co. Engineers, et al.
    San Francisco Superior Court

BRAYTON✦PURCELL, LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94048-6169
(415) 898-1555

THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO AMENDED G.O. 158

1   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON❖PURCELL LLP
2   Attorneys at Law
    222 Rush Landing Road
3   P.O. Box 6169
    Novato CA 94948-6169
4   (415) 898-1555

5   Attorneys for Plaintiffs

6

7

8

9

10

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2010 NOV 16  AM 1: 06

CLERK OF THE COURT
BY: _____
DEPUTY CLERK

ASBESTOS
CASE MANAGEMENT CONFERENCE

OCT 2 0 2011 1:30 PM

DEPARTMENT   220

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

11  GERALDINE HILT, as Wrongful Death        )   ASBESTOS
    Heir, and as Successor-in-Interest to    )   No.  CGC-10-275703
12  ROBERT HILT, Deceased; and               )
    SHERLYN HILT, KRISHNA TINDALL,           )
13  DARPHINE ROLAND, and KIMBERLY            )   COMPLAINT FOR SURVIVAL,
    CRAWFORD, as Legal Heirs of ROBERT       )   WRONGFUL DEATH - ASBESTOS
14  HILT, Deceased,                          )
                                             )
15            Plaintiffs,                    )
                                             )
16  vs.                                      )
                                             )
17  C.C. MOORE & CO. ENGINEERS;              )
    Defendants as Reflected on Exhibit 1     )
18  attached to the Summary Complaint        )
    herein; and DOES 1-8500.                 )
19

20        1.    ROBERT HILT (hereinafter and in the Complaint referred to as "decedent") died

21  on August 21, 2010.

22        2.    GERALDINE HILT is the Successor-in-Interest to decedent.

23        3.    The heirs-at-law of decedent and their relationships to the decedent are:

24  NAME                    AGE              RELATIONSHIP TO DECEDENT

25  GERALDINE HILT          65 Years         Spouse
    SHERLYN HILT            Over 18          Daughter
26  KRISHNA TINDALL         Over 18          Daughter
    DARPHINE ROLAND         Over 18          Daughter
27  KIMBERLY CRAWFORD       Over 18          Daughter

28  ///

1      4.      Plaintiffs bring this action as specified in Section 377.60 of the Code of Civil

2  Procedure as decedent's legal heirs.

3      5.      At all times prior to his death, decedent was a faithful and dutiful spouse to

4  plaintiff GERALDINE HILT and parent to plaintiff children.

5      6.      Plaintiffs' claims are as set forth in ©Brayton❖Purcell Master Complaint for

6  [Survival] [Loss of Consortium] Wrongful Death (hereinafter "Master Complaint") - Asbestos

7  No. 828684 filed March 3, 2003, in San Francisco Superior Court.  A copy of the Master

8  Complaint and General Order No. 55 may be obtained upon request from Brayton❖Purcell, and

9  designated portions of the Master Complaint are incorporated by reference herein pursuant to the

10  authority conferred by General Order No. 55.  Plaintiffs' claims are as set forth in said Master

11  Complaint against defendants herein as follows:

12  ///

13  ///

14  ///

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS* ON EXHIBITS:

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence-Survival) | ☒ | ☒ | | | | ☐ | ☐ | | | | ☐ | ☐ | ☐ | |
| Second (Products Liability-Survival) | ☒ | ☒ | | | | | | | | | ☐ | ☐ | ☐ | |
| Third (False Representation) | ☐ | ☐ | | | | | ☐ | | | | | | | |
| Fourth (Loss of Consortium) | | | ☐ | ☐ | ☐ | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | |
| Fifth (Negligence-Wrongful Death) | ☒ | ☒ | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| Sixth (Products Liability-Wrongful Death) | ☒ | ☒ | | | | | | | | | | ☐ | | |
| Seventh (Premises Owner/Contractor Liability) | ☒ | ☒ | ☒ | ☐ | | | | | | | | | | |
| Eighth, Ninth, Tenth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | | ☐ | | | | | | | | | | |
| Eleventh (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | | |
| Twelfth, Thirteenth (F.E.L.A.) | | | | | | ☐ | | | | | | | | |
| Fourteenth, Fifteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | | |
| Sixteenth, Seventeenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | | |
| Eighteenth (Concert of Action) | | | | | | | | ☒ | | | | | | |
| Nineteenth (Fraud, Deceit/Negligent Misrepresentation) | | | | | | | | | ☒ | | | | | |
| Twentieth (Fraud and Deceit/Concealment) | | | | | | | | | ☒ | | | | | |
| Twenty-First (Fraud and Deceit/Intentional Misrepresentation) | | | | | | | | | | ☒ | | | | |
| Twenty-Second (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | | |
| Twenty-Third (Aiding/Abetting Battery - Met Life) | | | | | | | | | | | | | | ☒ |
| Twenty-Fourth (Civil Battery) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

7.      Decedent's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

8.      Plaintiffs hereby amend the Master Complaint on file herein, to incorporate a new Twenty-Third Cause of Action, set forth below, specially plead against the defendant listed on Exhibit N, namely METROPOLITAN LIFE INSURANCE COMPANY.  (Plaintiffs are in the process of amending the Master Complaint herein and will include this new Cause of Action in said amendment.)

### "TWENTY-THIRD CAUSE OF ACTION
Aiding and Abetting Battery
[Against Metropolitan Life Insurance Company
and Does 7501-7900, Inclusive]

AS AND FOR A FURTHER, TWENTY-THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR AIDING AND ABETTING BATTERY, PLAINTIFF(S) COMPLAINS OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANTS ON EXHIBIT N, DOES 7501-7900, THEIR ALTERNATE ENTITIES AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

239.    Plaintiff incorporates herein by reference, as though fully set forth hereat, each and every allegation of the First through Third and Eighteenth, Nineteenth, Twentieth, and Twenty-First Causes of Action as though fully set forth herein.  (As used throughout this cause of action, 'plaintiff' refers to all named plaintiffs and/or all named decedents from whom the named plaintiffs' injuries may derive.)

240.  This cause of action is for the aiding and abetting of battery by METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE"), primarily through its assistant medical director Anthony Lanza, M.D., of a breach of duty committed by Johns-Manville Corporation ("J-M").

241.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned defendant MET LIFE was and is a corporation organized and existing under and by virtue of the laws of the State of New York or the laws of some other state or foreign jurisdiction, and that this defendant was and is authorized to do and/or was and is doing

1   business in the State of California, and regularly conducted or conducts business in the County

2   of San Francisco, State of California.  At times relevant to this cause of action, MET LIFE was

3   an insurer of J-M.

4       242.  Plaintiff, was exposed to asbestos-containing dust created by the use of the

5   asbestos products manufactured, distributed and/or supplied by J-M. This exposure to the

6   asbestos or asbestos-related products supplied by J-M caused Plaintiff's asbestos-related disease

7   and injuries.

8       243.  Starting in 1928, MET LIFE sponsored studies of asbestos dust and asbestos-

9   related disease in Canadian mines and mills, including those of J-M.  Those studies revealed

10  that miners and mill workers were contracting asbestosis at relatively low levels of dust.

11  McGill University, which conducted the studies, sought permission from MET LIFE to publish

12  the results but they were never published.  MET LIFE prepared its own report of these studies.

13      244.  Between 1929 and 1931, MET LIFE studied dust levels and disease at five U.S.

14  plants manufacturing asbestos-containing products, including a J-M plant.  Those studies

15  showed that workers in substantial numbers were contracting asbestosis, at levels less than what

16  became the Threshold Limit Value ("TLV") of 5mppcf.  The MET LIFE report was never

17  published or disseminated except to plant owners, including J-M.

18      245.  In 1932, MET LIFE studied dust levels and disease at the J-M plant at Manville,

19  New Jersey.  Results were consistent with those of the Canadian and previous U.S. plant

20  studies.  They were never published.

21      246.  In 1934, J-M and others whose plants MET LIFE had studied agreed with MET

22  LIFE that it should issue a report of its studies.

23      247.  MET LIFE submitted a draft of its report to J-M.  J-M requested, for legal and

24  business reasons, that certain critical parts of the draft be changed.  MET LIFE's official in

25  charge was Lanza.  MET LIFE through Lanza did make changes that J-M requested, including:

26      (a)    Deletion of MET LIFE's conclusion that the permissible dust level for asbestos

27             should be less than that for silica;

28  ///

     (b)   Addition of the phrase that asbestosis clinically appeared to be milder than silicosis.

The report, thus altered, was published in 1935. It was misleading, and intentionally so, because it conveyed the incorrect propositions that asbestosis was a less serious disease process than silicosis and that higher levels of asbestos dust could be tolerated without contracting diseases than was the case for silica dust.

248. MET LIFE had a close relationship with J-M. It invested money in J-M. It provided group health and life insurance to J-M. MET LIFE IN 1934 agreed to supply industrial hygiene services to J-M, including dust counts, training employees to monitor dust levels, examining employees, and recommending protective equipment. MET LIFE and Lanza were viewed as experts on industrial dusts.

249. In 1933, MET LIFE through Lanza issued the following advices to J-M:

     (a)   Disagreeing with the recommendation of a J-M plant physician, MET LIFE advised against warning workers of the fact that asbestos dust is hazardous to their health, basing its advice in view of the extraordinary legal situation;

     (b)   When the plant physician judged the best disposition of an employee with asbestosis was to remove him from the dust, MET LIFE advised instead that disposition should depend on his age, nature of work and other factors and to leave him alone if he is old and showing no disability, for, MET LIFE stated, economic and production factors must be balanced against medical factors.

250. J-M followed the MET LIFE advices and did not warn its workers, including plaintiff, of the hazards of asbestos dust, and J-M also intentionally refrained from notifying workers of their disease.

251. In 1936, MET LIFE, J-M and others founded the Air Hygiene Foundation ("AHF"). One of the AHF purposes was to develop standards for dust levels that would serve as a defense in lawsuits and workers' compensation claims.

252. MET LIFE funded partially another study that tentatively recommended in 1938 a TLV for asbestos dust of 5mpccf, the same as for silica dust. MET LIFE was aware of data

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1 from its own, unpublished reports that showed that level was too high for asbestos dust. MET
2 LIFE nonetheless promoted that TLV as proper.

3   253. In June 1947, the Industrial Hygiene Foundation ("IHF") which succeeded to the
4 AHF, issued a report of studies by Dr. Hemeon of U.S. asbestos plants, including a J-M plant.
5 That report showed that workers exposed to less than the recommended maximum levels of
6 dust were developing disease. MET LIFE was a member of the IHF and Lanza was on its
7 medical committee. The Hemeon report, which was supplied to J-M and other owners, never
8 was published.

9   254. In 1936, J-M and other asbestos companies agreed with a leading medical research
10 facility, Saranac Laboratories, that Saranac would research asbestos disease, but J-M and the
11 others retained control over publication of the results. In 1943 Saranac's Dr. Leroy Gardner, in
12 charge of the research, sent a draft to J-M that revealed that 81.8% of mice exposed to long
13 fiber asbestos contracted cancer.

14   255. Dr. Gardner died in 1946. J-M and other companies wanted parts of the Saranac
15 results published and enlisted the assistance of MET LIFE's Lanza. J-M and other companies
16 decided that Saranac's findings of cancer caused by asbestos in mice must be deleted, as well as
17 Saranac's critique of existing dust standards. Lanza directed Saranac to delete the offending
18 materials. Saranac did so, and the altered report was published in 1951 by Saranac's Dr.
19 Vorwald, in the *AMA Archives of Industrial Hygiene*.

20   256. Lanza left MET LIFE at the end of 1948, and took a position at New York
21 University, funded by MET LIFE. He continued to misrepresent that asbestos does not cause
22 cancer into the 1950s.

23   257. The IHF (formerly AHF), of which MET LIFE was a member and MET LIFE
24 official was on its medical committee, through Drs. Braun and Truan conducted a study of
25 Canadian miners. The original report, in 1957, found an increased incidence of lung cancer in
26 persons exposed to asbestos. The sponsors, including J-M, caused those findings to be stricken,
27 and the report published in 1958 contained the false conclusion that asbestos exposure alone did
28 not increase the risk of lung cancer.

1    258. The false and misleading reports that a link between asbestos exposure and cancer

2    was not proven influenced the TLV, for if a substance causes cancer the TLV must be very low

3    or zero.

4    259. J-M not later than 1933 was inflicting asbestos dust on its workers in its plants

5    knowing that the dust was hazardous and was causing workers to contract disease that could

6    and would disable and kill them. As MET LIFE advised, J-M did not warn its workers of the

7    hazard. J-M committed battery on workers in its plants, including plaintiffs' decedent, by that

8    conduct.

9    260. MET LIFE knew that J-M's conduct constituted a breach of its duties to its

10   workers. MET LIFE gave substantial assistance to J-M in committing batteries on its workers,

11   including plaintiff's decedent, through MET LIFE's conduct described above, including by:

12        (a)    Affirmatively urging J-M not to warn workers of the hazards of asbestos dust, in

13               view of the extraordinary legal situation, such that J-M did not warn its workers,

14               including plaintiff's decedent;

15        (b)    Deleting the findings of its own draft report that the allowable limits for asbestos

16               dust should be less than those for silica dust, and promoting a false and unsafe

17               TLV which specified maximum levels of silica dust, and promoting a false and

18               unsafe TLV which specified maximum levels of dust for workers, including

19               plaintiffs' decedent, which MET LIFE knew was wrong through its own studies;

20        (c)    Advising J-M to keep certain workers continuing to work at dusty areas in the

21               plant even after J-M was aware that their lungs showed asbestos-induced

22               changes, lest other workers including plaintiffs' decedent be alerted to the

23               dangers of working in the dust.

24        WHEREFORE, plaintiff prays judgment as is hereinafter set forth."

25   ///

26   ///

27   ///

28

1    9.    Plaintiffs do not make a claim for either false representative or punitive damages

2  against any named defendant herein.

3  Dated: \ \ \ \ (4) \ 0

BRAYTON✤PURCELL LLP

By:
David R. Donadio
Attorneys for Plaintiffs

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1

### EXHIBIT 1 - LIST OF DEFENDANTS

2

3    C.C. MOORE & CO. ENGINEERS
     DANA COMPANIES, LLC (FKA DANA CORPORATION)
4    METROPOLITAN LIFE INSURANCE COMPANY
5    ZURN INDUSTRIES, LLC
     WESTERN MacARTHUR COMPANY
6    MacARTHUR COMPANY
     WESTERN ASBESTOS COMPANY
7    FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.
     ITT CORPORATION ( FKA ITT INDUSTRIES, INC.)
8    ATLAS VALVE COMPANY
     SUN SHIP, LLC
9    ANDERSON, ROWE & BUCKLEY, INC.
     SHEEDY DRAYAGE CO.
10   OTIS ELEVATOR COMPANY
     and DOES 1-8500,
11

12        Defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT A

1

## EXHIBIT A

2       Decedent's exposure to asbestos and asbestos-containing products occurred at various

3   locations both inside and outside the State of California, including but not limited to:

4

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Schlage Lock Company, 4580 Ensenada, BC, Mexico | Schlage Lock Company | Janitor | 10/1963-9/1965 |
| | Plant A - Old Plant, 2555 Bayshore Blvd., San Francisco, CA; | | |
| | Plant B - New Plant, 2401 Bayshore Blvd., San Francisco, CA; | | |
| | Plant C - Warehouse, 2201 Bayshore Blvd., San Francisco, CA | | |
| Hunters Point Naval Shipyard, San Francisco, CA | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | ALFRED A. CUNNINGHAM (DD-752) | | |
| | ALLEN M. SUMNER (DD-692) | | |
| | ATLANTA (CL-104) | | 1965-1970 |
| | BAYA (SS-318; AGSS-318) | | |
| | BENNER (DD-807) | | 1965-1970 |
| | BENNINGTON CVA-20) | | 1965-1970 |
| | BONEFISH (SS-582) | | |
| | BOYD (DD-544) | | 1965-1969 |
| | BRADLEY (DE-1041) | | 1965 (2-3 months); 1966-1970 |
| | BUCHANAN (DDG-14) | | |

28   ///

EXHIBIT A

K:\Injured\19749\pld\cmp-wdsrv2Mst.wpd
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd.) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | BUCK (DD-761) | | |
| | CAIMAN (SS-323) | | 1965-1971 |
| | CANBERRA (CAG-2) | | 1965-1970 |
| | CAPITAINE (AGSS-336) | | 1965-3/1966 |
| | CATFISH (SS-339) | | 1965-1970 |
| | CHARA (AE-31) | | 1966-3/1972 |
| | CHEVALIER (DD-805) | | |
| | CHICAGO (CG-11) | | |
| | COGSWELL (DD-651) | | 1965-10/1969 |
| | COMSTOCK (LSD-19) | | |
| | CONSTELLATION (CVA-64) | | 1965 (3-6 months) |
| | CORAL SEA (CVA-43) | | |
| | COWELL (DD-547) | | 1965-8/1971 |
| | DECATUR (DDG-31) | | 1967-1972 |
| | DENNIS J. BUCKLEY (DDR-808) | | |
| | EDSON (DD-946) | | |
| | ELK RIVER (IX-501) | | 1971-1972 |
| | ENTERPRISE (CVAN-65; CVN-65) | | |
| | EVERSOLE (DD-789) | | |

///

EXHIBIT A

K:\leiserod\19749\pld\cmp-adserv2Mau.wpd
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd.) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | FARRAGUT (DLG-6) | | |
| | FLINT (T-AE-32) | | 1971-1972 |
| | FRANKLIN D. ROOSEVELT (CVA-42) | | 1971-1972 |
| | GENERAL EDGAR T. COLLINS (TAP-147) | | 1965-1968 |
| | GEORGE K. MACKENZIE (DD-836) | | 1971-1972 |
| | GOLDEN BEAR (1971) | | 1971-1972 |
| | GREENFISH (SS-351) | | |
| | GRIDLEY (DLG-21) | | |
| | GUDGEON (SS-567) | | |
| | HALIBUT (SSGN-587) | | |
| | HAMNER (DD-718) | | |
| | HANCOCK (CVA-19) | | |
| | HANSON (DD-832) | | |
| | HENRY B. WILSON (DDG-7; DD-957) | | |
| | HIAWATHA (YTM-265) | | |
| | HOPEWELL (DD-681) | | |
| | HORNE (DLG-30; CG-30) | | 1965-1970 |
| | INDIA BEAR (1944) | | 1965-9/1970 |

///

EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd.) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | IWO JIMA (LPH-2) | | |
| | JOHN A. BOLE (DD-755) | | 1965-11/1970 |
| | JOHN S. MCCAIN (DDG-36) | | |
| | KANSAS CITY (AOR-3) | | 1970-1972 |
| | KITTY HAWK (CVA-63) | | |
| | KLONDIKE (AR-22) | | |
| | LONG BEACH (CGN-9) | | |
| | MADDOX (DD-731) | | |
| | MANSFIELD (DD-728) | | 1965-1971 |
| | MAUNA KEA (AE-22) | | |
| | MCKEAN (DD-784) | | |
| | MENHADEN (SS-377) | | 1965-8/1971 |
| | MIDWAY (CVA-41) | | |
| | MOUNT BAKER (T-AE-34) | | 1971-1972 |
| | MOUNT HOOD (AE-29) | | 1968-1972 |
| | MOUNT KATMAI (AE-16) | | |
| | MOUNT VERNON (LSD - 39) | | 1971-1972 |
| | MULLANY (DD-528) | | 1965-10/1971 |
| | NEREUS (AS-17) | | |

///

EXHIBIT A

1

EXHIBIT A (cont'd.)

2

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd.) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | OKLAHOMA CITY (CLG-5; CG-5) | | |
| | ORISKANY (CVA-34) | | |
| | PARICUTIN (AE-18) | | |
| | PAUL REVERE (APA-248; LPA-248) | | |
| | PERKINS (DD-877; DDR-877) | | |
| | PICKING (DD-685) | | 1965-9/1969 |
| | PIEDMONT (AD-17) | | |
| | POINT CRUZ (CVE-119) | | 1965-1971 |
| | POLARIS (AF-11) | | 1965 (3 months); 1966-1970 |
| | POMODON (SS-486) | | 1965-1970 |
| | PREBLE (DLG-15) | | |
| | PROCYON (AF-61) | | |
| | PROTEUS (AS-19; IX-518) | | |
| | PROVIDENCE (CLG-6) | | |
| | PYRO (AE-24) | | |
| | RANGER (CVA-61; CV-61) | | |
| | RAZORBACK (SS-394) | | |
| | REGULUS (AF-57) | | 1965-1971 |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

///

EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd.) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
|  |  | Marine Machinist (Helper) | 1966-1972 |

RICHARD B. ANDERSON (DD-786)

RICHARD S. EDWARDS (DD-950)

RICHMOND K TURNER (DLG-20)

ROBISON (DDG-12)

ROGERS (DD-876; DDR-876)                                   1965-1971

ROWAN (DD-782)

SABALO (SS-302)

SAILFISH (SS-572)

ST. FRANCIS RIVER (LSMR-525)

SAMUEL GOMPERS (AD-37)                                   1967-1972

SAN JOSE (AFS-7)                                   1970-1972

SANCTUARY (AH-17)

SANTA MARIA (1952)

LAMPREY (SS-372)                                   1971-1972

SEA FOX (SS-402)                                   1965-1970

SEA LIFT (T-LSV-9)

SEA WOLF (SSN-575)

SHIELDS (DD-596)

///                                                                                 EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

## EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd.) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | SOMERS (DD-947; DDG-34) | | |
| | SPINAX (SS-489; SSR-489) | | 1965-1969 |
| | STODDARD (DD-566) | | 1965-1969 |
| | TAUSSIG (DD-746) | | 1965-1970 |
| | TIRU (SS-416) | | |
| | TOPEKA (CLG-8) | | 1965-1968 |
| | TOWERS (DDG-9) | | |
| | TRIGGER (SS-564) | | |
| | TRIPOLI (LPH-10) | | 1966-1972 |
| | TULARE (AKA-112) | | |
| | TURNER (DDR-834) TURNER JOY (DD-951) | | 1965-1970 |
| | TWINING (DD-540) | | 1965-1971 |
| | VEGA (AF-59) | | |
| | VOLADOR (SS-490) | | |
| | WADDELL (DDG-24) | | |
| | WHEELING (T-AGM-8) | | |
| | WHITE PLAINS (AFS-4) | | 1966-1972 |
| | WICHITA (AOR-1) | | 1969-1972 |
| | YD-33 | | |
| | ZELIMA (AF-49) | | 1965-1969 |

///

EXHIBIT A

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Naval Air Station, Alameda, CA | Naval Air Station, Alameda, CA | Marine Machinist | Late 1960's to early 1970's |
| | CORAL SEA (CVA-43) | | |
| | ENTERPRISE (CVAN-65; CVN-65) | | |
| | HANCOCK (CVA-19) | | |
| | MIDWAY ( CVA-41) | | |
| | RANGER (CVA-61; CV-61) | | |
| Mare Island Naval Ship Yard, Vallejo, CA | Mare Island Naval Ship Yard, Vallejo, CA | Marine Machinist | 1970-1972 (1 year) |
| | ANDREW JACKSON (SSBN –619) | | |
| | ABRAHAM LINCOLN (SSBN-602) | | |
| | BLACKFIN (SS-322) | | |
| | BONEFISH (SS-582) | | |
| | DOLPHIN (AGSS-555) | | |
| | DRUM (SS-677) | | |
| | FINBACK (SSN-670) | | |
| | GEORGE WASHINGTON (SSN-598) | | |
| | GRAYBACK (SSG-574; LPSS-574; SS-574) | | |
| | GUITARRO (SSN-665) | | |
| | HALIBUT (SSGN-587) | | |
| | POLLACK (SSN-603) | | |
| | ROBERT E. LEE (SSBN-601) | | |

///

EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Ship Yard, Vallejo, CA (cont'd.) | Mare Island Naval Ship Yard, Vallejo, CA | Marine Machinist | 1970-1972 (1 year) |
| | SHARK (SSN-591) | | |
| | STONEWALL JACKSON (SSBN-634) | | |
| | STURGEON (SSN-637) | | |
| | SWORDFISH (SSN-579) | | |
| | THOMAS JEFFERSON (SSBN-618) | | |
| | ULYSSES S. GRANT (SSBN-631) | | |
| United States Mint 155 Hermann St. San Francisco, CA | United States Mint 155 Hermann St. San Francisco, CA | Machinist | 1972-2005 |

NON-OCCUPATIONAL EXPOSURE:

HOME REMODEL:
In early to mid 1970's decedent repaired holes in some sheetrock walls at his previous home located at 1086 Seascape Circle, Rodeo, California. Decedent applied and sanded asbestos-containing GOLD BOND (ASBESTOS CLAIMS MANAGEMENT CORPORATION) joint compound to patch and smooth out the holes in the walls. This joint compound came in a dry powder. Decedent mixed, applied, sanded and cleaned up the dust from this material. Plaintiff currently contends decedent was exposed to asbestos during this work.

AUTOMOBILE REPAIR:
Decedent worked on various personal vehicles. Decedent purchased asbestos-containing FELPRO (FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.) gasket kits for engine work. Decedent was assisted on some of these brake jobs by Horace Owens, Vallejo, California, and Sherlyn Hilt, Vallejo, California. Decedent worked on the following vehicle:

1963 VOLVO - Decedent purchased this vehicle used in the 1960s. Decedent performed engine work on this vehicle and removed the original engine.

///

///

///

EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1

2

<u>EXHIBIT A (cont'd.)</u>

3      Decedent's exposure to asbestos and asbestos-containing products caused severe and

4   permanent injury to the decedent, including, but not limited to breathing difficulties and/or

5   other lung damage. Decedent was diagnosed with mesothelioma on or about January 2008.

6      Decedent retired from his last place of employment as a result of becoming disabled due

7   to an injury not related to asbestos. He had therefore suffered no disability from his asbestos-

8   related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# EXHIBIT B

1                                       EXHIBIT B

2    DEFENDANTS

3    C.C. MOORE & CO. ENGINEERS
     DANA COMPANIES, LLC (FKA DANA CORPORATION)
4    METROPOLITAN LIFE INSURANCE COMPANY
     ZURN INDUSTRIES, LLC
5    WESTERN MacARTHUR COMPANY
     MacARTHUR COMPANY
6    WESTERN ASBESTOS COMPANY
     FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.
7    ITT CORPORATION ( FKA ITT INDUSTRIES, INC.)
     ATLAS VALVE COMPANY
8    SUN SHIP, LLC
     DOES 1-800

9

10                                  ALTERNATE ENTITY

11   DANA COMPANIES, LLC         DANA CORPORATION
       (FKA DANA CORPORATION)    VICTOR MANUFACTURING AND GASKET COMPANY
                                SMITH AND KANZLER CO., INC.
12                              SMITH AND KANZLER CORPORATION
                                SPRAYED INSULATION, INC.
13                              S.K. INSULROCK CORPORATION
                                SPRAYON RESEARCH CORPORATION
14                              SPRAYON INSULATION & ACOUSTICS, INC.
                                SPRAYED INSULATION INC.
15                              WARNER ELECTRIC BRAKE & CLUTCH CO.
                                SPICER CLUTCH DIVISION
16                              VICTOR WISCONSIN GASKET
                                REINZ WISCONSIN GASKET CO.

17   ZURN INDUSTRIES, LLC        ZURN INDUSTRIES, INC.
18                              ZURN INDUSTRIES, INC., ENERGY DIVISION
                                ERIE CITY ENERGY DIVISION
19                              ERIE CITY IRON WORKS
                                ERIE CITY BOILERS
20                              WILKINS-ZURN INDUSTRIES

21   WESTERN MacARTHUR       WESTERN ASBESTOS CO.
       COMPANY               MAC ARTHUR COMPANY
22                              BAY CITIES ASBESTOS COMPANY
                                F.K. PINNEY, INC.

23
     FEDERAL-MOGUL ASBESTOS   FEL-PRO INCORPORATED
24     PERSONAL INJURY TRUST AS
         SUCCESSOR TO FELT-PRODUCTS
25       MANUFACTURING CO.

26   ///

27   ///

28   ///                                             EXHIBIT B

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

ITT CORPORATION
   ( FKA ITT INDUSTRIES, INC.)

MCDONNELL & MILLER, INC.
INTERNATIONAL TELEPHONE &
TELEGRAPH CORPORATION
ITT GILFILLAN
BELL & GOSSETT
ATE
ITT CORPORATION
ITT FLUID PRODUCTS CORPORATION
KENNEDY VALVE MANUFACTURING CO.
ITT GRINNELL CORPORATION
ITT FLUID TECHNOLOGY CORPORATION
A-C PUMP
ROSS HEATER & MANUFACTURING CO.
HOFFMAN SPECIALTY

SUN SHIP, LLC

SUN SHIP, INC.
SUN SHIPBUILDING AND DRY DOCK COMPANY
SUN SHIPBUILDING COMPANY
SUNDOCKS FORD

EXHIBIT B

# EXHIBIT B-1

1

<u>**EXHIBIT B-1**</u>

2

<u>DEFENDANTS</u>

3
ANDERSON, ROWE & BUCKLEY, INC.
SHEEDY DRAYAGE CO.

4
OTIS ELEVATOR COMPANY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B-1

K:\Injured\19749\pldg\cmp-wdsrv2Met.wpd

27

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT C

1

EXHIBIT C

2

DEFENDANTS

3   ANDERSON, ROWE & BUCKLEY, INC.          WESTERN MacARTHUR COMPANY
    SHEEDY DRAYAGE CO.                      MacARTHUR COMPANY
4   OTIS ELEVATOR COMPANY                   WESTERN ASBESTOS COMPANY
    ZURN INDUSTRIES, LLC                    DOES 1001-2000
5   C.C. MOORE & CO. ENGINEERS

6                                  ALTERNATE ENTITY

7   ZURN INDUSTRIES, LLC           ZURN INDUSTRIES, INC.
                                   BUMSTEAD-WOOLFORD COMPANY
8

9   CONTRACTOR
    DEFENDANTS                     LOCATION                   TIME PERIOD
10
    ANDERSON, ROWE & BUCKLEY, INC.  Schlage Lock Company, Plant A -   10/1963-09/1965
11                                  Old Plant, 2555 Bayshore Blvd.,
                                    San Francisco, CA
12
                                    Schlage Lock Company, Plant B -   10/1963-09/1965
13                                  New Plant, 2401 Bayshore Blvd.,
                                    San Francisco, CA
14
                                    Schlage Lock Company, Plant C -   10/1963-09/1965
15                                  Warehouse, 2201 Bayshore
                                    Blvd., San Francisco, CA
16
    SHEEDY DRAYAGE CO.              United States Mint, 155 Hermann   1972-2005
17                                  St., San Francisco, CA

18  OTIS ELEVATOR COMPANY           United States Mint, 155 Hermann   1972-2005
                                    St., San Francisco, CA
19
                                    Hunters Point Naval Shipyard,     1965-1972
20                                  San Francisco, CA

21                                  Mare Island Naval Ship Yard,      1970-1972 (1 year)
                                    Vallejo, CA
22
                                    CANBERRA (CAG-2)                  1965-1970
23
                                    CHICAGO (CG-11)                   1965-1972
24
                                    CONSTELLATION (CVA-64)            1965 (3-6 months)
25
                                    PROVIDENCE (CLG-6)                1965-1972
26
                                    TOPEKA (CLG-8)                    1965-1968
27

28  ///                                                        EXHIBIT C

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

EXHIBIT C (cont'd.)

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| OTIS ELEVATOR COMPANY (cont'd.) | TURNER (DDR-834) | 1965-1970 |
| | FRANKLIN D. ROOSEVELT (CVA-42) | 1971-1972 |
| ZURN INDUSTRIES, LLC | Hunters Point Naval Shipyard, San Francisco, CA | 1965-1972 |
| | Mare Island Naval Ship Yard, Vallejo, CA | 1970-1972 (1 year) |
| C.C. MOORE & CO. ENGINEERS | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

EXHIBIT C

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT H

1                                    **EXHIBIT H**

2    **DEFENDANTS**

3    METROPOLITAN LIFE INSURANCE COMPANY
       DANA COMPANIES, LLC (FKA DANA CORPORATION)
4    DOES 5000-8000

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                EXHIBIT H

K:\Injured\19749\pld\cmp-wdsrv2Met.wpd           32
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT I

1

<u>EXHIBIT I</u>

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
DOES 5000-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT I

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

**EXHIBIT J**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT J</u>

<u>DEFENDANTS</u>

METROPOLITAN LIFE INSURANCE COMPANY
DOES 7400-7500

EXHIBIT J

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT N

1

<u>EXHIBIT N</u>

2 <u>DEFENDANTS</u>

3 METROPOLITAN LIFE INSURANCE COMPANY
   DOES 7501-7900

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT N

K:\Uniroe\19749\pld\cmp-wdsrv2Met.wpd
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1    TUCKER ELLIS & WEST LLP
     LANCE D. WILSON – STATE BAR NO. 183852
2    135 Main Street, Suite 700
     San Francisco, California 94105
3    Telephone: 415.617.2400
     Facsimile: 415.617.2409
4    lance.wilson@tuckerellis.com

5    TUCKER ELLIS & WEST LLP
     JOHN K. SON – STATE BAR NO. 238516
6    515 South Flower Street, 42nd Floor
     Los Angeles, California 90071
7    Telephone: 213.430.3400
     Facsimile: 213.430.340
8    john.son@tuckerellis.com

9    Attorneys for Defendant
     OTIS ELEVATOR COMPANY
10

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14   GERALDINE HILT, as Wrongful Death Heir, )   Case No.
15   and as Successor-in-Interest to ROBERT   )
     HILT, Deceased; and SHERLYN HILT,        )
16   KRISHNA TINDALL, DARPHINE                )
     ROLAND, and KIMBERLY CRAWFORD, as )       DEFENDANT OTIS ELEVATOR
17   Legal Heirs of ROBERT HILT, Deceased,    )   COMPANY'S NOTICE OF TAG-ALONG
                                              )   ACTION
18                 Plaintiffs,                )
                                              )   Multi-District Rule 7.5(e)
19           v.                               )   Local Rule 83-1.4.3
                                              )
20   C.C. MOORE & CO. ENGINEERS; et al.,      )
                                              )
21                 Defendants.                )
                                              )

22

23   TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS

24   OF RECORD:

25           PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict

26   Litigation entered an order transferring all asbestos cases pending in federal court to the United

27   States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial

28   proceedings pursuant to U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-

Tucker Ellis & West LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071

                                              1
                  DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF TAG-ALONG ACTION

SFOiManage/011960/000092/203128/1

1   along actions," or actions involving common questions of fact filed after the January 1991 filings
2   of the Panel's Order to Show Cause.  MDL Rule 13(e) provides:

3            Any party or counsel in actions previously transferred under

4            section 1407 or under consideration by the Panel for transfer under

5            section 1407 shall promptly notify the Clerk of the Panel of any

6            potential "tag-along actions" in which that party is also named or

7            in which that counsel appears.

8        The undersigned hereby notifies the court that this is a potential "tag-along action" which

9   may be subject to transfer to the Eastern District of Pennsylvania.  The Clerk of the Panel may

10  either: (1) enter a conditional transfer order pursuant to MDL Rule 12(a), or (2) file an order to

11  show cause why the action should not be transferred, pursuant to MDL Rule 13(b).

12  DATED:  December 22, 2010                   TUCKER ELLIS & WEST LLP

13

14

15                                          By: _____ for

16                                          Lance D. Wilson
                                            John K. Son
17                                          Attorneys for Defendant
                                            OTIS ELEVATOR COMPANY

18

19

20

21

22

23

24

25

26

27

28

Tucker Ellis & West LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071

                                    2
          DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF TAG-ALONG ACTION

SFOiManage/011960/000092/203128/1