# EXHIBIT A

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW

www.mooclaw.com

*DELAWARE OFFICE*
*Suite 800*
*913 N. Market Street*
*Wilmington, DE 19801*
*(302) 658-6538 Fax: (302) 658-6537*

*Megan T. Mantzavinos*
Member DE & MD Bars
mmantzavinos@mooclaw.com

October 27, 2010

Mr. Jeffrey N. Luthi
Clerk of Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
One Columbus Circle, N.E.
Washington, DC 20002-8004

## NOTICE OF TAG-ALONG ACTION TO
## ASBESTOS PRODUCT LIABILITY LITIGATION - MDL No. 875

**RE:    James Petroski and Patricia Petroski v. Viad Corp., et al.**
**In the United States District Court for the District of Delaware**
**No. 1:10-cv-00909-UNA**

Dear Mr. Luthi:

Plaintiff filed his complaint in the above matter in the Superior Court of Delaware, New Castle County, Case No. N10C-09-039 ASB against numerous defendants alleging damages as a result of exposure to asbestos. Defendant Viad Corp., removed this matter from the Superior Court of Delaware, New Castle County to the United States District Court for the District of Delaware. Enclosed please find a copy of Plaintiff's complaint, a copy of Defendant Viad Corp.'s Notice of Removal, and a copy of the docket sheet for Case No. 1:10-cv-00909-UNA.

This matter should be transferred in accordance with this Panel's prior practice of transferring tag-along actions involving asbestos claims to the Eastern District of Pennsylvania for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 in the Asbestos Products Liability Litigation (No. VI), MDL No. 875. This matter involves questions of fact that are common to actions previously transferred and pending actions currently managed by the Eastern District of Pennsylvania and the Honorable Eduardo C. Robreno.

{DE170056.1}

| Philadelphia | Pennsauken | New York City | Pittsburgh | Towson | Elmsford |
|---|---|---|---|---|---|
| Pennsylvania | New Jersey | New York | Pennsylvania | Maryland | New York |

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
October 27, 2010
Page 2

Thank you for your attention to this matter.

Best regards,

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

By: _____
Megan T. Mantzavinos

/sas

Enclosures

{DE170056.1}

EFiled: Sep 2 2010 2:04PM
Transaction ID 33012680
Case No. N10C-09-039 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | ) | |
| | ) | |
| JAMES M. PETROSKI and PATRICIA PETROSKI | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. |
| AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.); | ) | ASBESTOS |
| | ) | JURY TRIAL DEMANDED |
| CARRIER CORPORATION; | ) | |
| | ) | |
| CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION); | ) | |
| | ) | |
| CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC. (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY); | ) | |
| | ) | |
| ELLIOTT TURBOMACHINERY COMPANY a/k/a ELLIOTT COMPANY; | ) | |
| | ) | |
| FOSTER WHEELER ENERGY CORPORATION; | ) | |
| | ) | |
| GENERAL ELECTRIC COMPANY; | ) | |
| | ) | |
| VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

1

## COMMON ALLEGATIONS

1.    Plaintiffs JAMES M. PETROSKI and PATRICIA PETROSKI are residents of the State of Arizona.

2.    Defendant AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.) is a foreign business entity subject to service of process at Defendant's address by Certified Mail, Return Receipt Requested in accordance with 10 *Del. C.* § 3104.  AIR & LIQUID SYSTEMS CORPORATION's address for receipt of process is C.T. Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

3.    Defendant CARRIER CORPORATION is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4.    Defendant CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5.    Defendant CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC., d/b/a CLEAVER-BROOKS DIVISION (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6.    Defendant ELLIOTT TURBO MACHINERY COMPANY a/k/a ELLIOTT COMPANY is a foreign corporation subject to service of process at Defendant's address by

2

Certified Mail, Return Receipt Requested in accordance with 10 *Del. C.* § 3104.  ELLIOTT TURBO MACHINERY's address for receipt of service is 901 N. Fourth St., Jeanette, PA 15644.

7.      Defendant FOSTER WHEELER ENERGY CORPORATION is a Delaware corporation whose registered agent for service is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.      Defendant GENERAL ELECTRIC COMPANY is a foreign business entity whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9.      Defendant VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## COUNT I

10.     Plaintiffs reallege Paragraphs 1 through 9 of this Complaint and incorporate them herein by reference.

11.     Plaintiff, JAMES M. PETROSKI, was wrongfully exposed to asbestos, an inherently dangerous toxic substance, as described below:

> (a)     Plaintiff JAMES M. PETROSKI experienced occupational exposure to asbestos while serving in the United States Navy while aboard the USS Soley and the USS Dewey from 1964-1967 in Charleston, South Carolina, Norfolk, VA and Jacksonville, FL where he served as a Boilerman.  He was exposed to, including but not limited to, asbestos-containing insulation, gaskets and packing materials on valves, equipment and machinery.

Plaintiff was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

The substantive state law(s) which should apply to this case is Florida, to the extent there is no conflict with the public policy of Delaware.

12.     As a result of the Defendants' wrongful conduct, Plaintiff, JAMES M. PETROSKI developed the following asbestos related diseases and health problems:

    Mesothelioma;

and other asbestos-related injuries and diseases.

13.     As a result of Defendants' wrongful conduct which caused Plaintiff, JAMES M. PETROSKI's asbestos-related diseases and health problems, Plaintiffs, JAMES M. PETROSKI and PATRICIA PETROSKI suffered extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law.  In addition, Plaintiff PATRICIA PETROSKI has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

14.     The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

15.     Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution. Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to

4

asbestos caused by any person or entity acting under the authority of a federal officer or agency. Finally, to the extent that Plaintiff, JAMES M. PETROSKI was exposed to asbestos aboard a vessel of the United States Navy, Plaintiffs' product liability claims are based solely on the failure to warn, and not on any defects in design.

## COUNT II

16.     Plaintiffs reallege Paragraphs 1 through 15 of this Complaint and incorporate them herein by reference.

17.     AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.)

> CARRIER CORPORATION;
>
> CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION);
>
> CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC. (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY);
>
> ELLIOTT TURBOMACHINERY COMPANY a/k/a ELLIOTT COMPANY
>
> FOSTER WHEELER ENERGY CORPORATION;
>
> GENERAL ELECTRIC COMPANY;
>
> VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY);

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

## COUNT III

18.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint and incorporate them herein by reference.

19.     The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death.

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)     Failed to adequately test, research investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

20.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT IV

21.     Plaintiffs reallege Paragraphs 1 through 20 of this Complaint and incorporate

them herein by reference.

     22.    The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff and others similarly situated:

     (a)    Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

     (b)    Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

     (c)    Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

     (d)    Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

     (e)    Failed to take adequate steps to remedy the above failure, including but not limited to recalling asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

     23.    As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT V

     24.    Plaintiffs reallege Paragraphs 1 through 23 of this Complaint and incorporate them herein by reference.

25.     Asbestos and asbestos-containing products are inherently dangerous and as such, Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff for all injuries and damages which were contracted thereby.

26.     Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff for all the injuries and damages which were contracted thereby.

27.     The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff injuries which were caused thereby.

28.     The Defendants as manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff for all injuries caused thereby.

29.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VI

30.     Plaintiffs reallege Paragraphs 1 through 29 of this Complaint and incorporate them herein by reference.

31.     The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

        (a)     Conceal the existence, nature and extent of that risk; and,

(b)      Failed to disclose the existence, nature and extent of that risk to Plaintiff and those similarly situated.

32.      The Defendants had reason to expect that Plaintiff, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would be materially affected by the aforementioned concealment and nondisclosure.

33.      As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

### COUNT VII

34.      Plaintiffs reallege Paragraphs 1 through 33 of this Complaint and incorporate them herein by reference.

35.      The Defendants directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)      Had no adequate basis for such representations;

(b)      Knew that a significant health hazard to human life existed from asbestos.

36.      Defendants had reason to expect that as a result of such representation, Plaintiff and others similarly situated would be exposed to asbestos.

37.      As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

### COUNT VIII

38.      Plaintiffs reallege Paragraphs 1 through 37 of this Complaint and incorporate them herein by reference.

39.      The Defendants knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted other manufacturers of asbestos

9

products in keeping the Plaintiff and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

40.     As a result of this conspiracy, the Plaintiff was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

41.     Plaintiffs reallege Paragraphs 1 through 40 of this Complaint and incorporate them herein by reference.

42.     Even after the dangers of asbestos finally began to be known to Plaintiff or others similarly situated, Defendants continued to act wrongfully both individually and in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

(a)     Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

(b)     Defeat and/or delay such legal actions and the final collection of any judgment.

43.     Similarly, Defendants aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

44.     As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

**WHEREFORE**, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and post-judgment interest, as would be necessary to compensate the Plaintiffs for the injuries they have and will suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages.

Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**PERRY & SENSOR**

By: /s/ Michael L. Sensor
       Michael L. Sensor, Esquire
       Delaware Bar ID No.  3541
       One Customs House, Suite 560
       P.O. Box 1568
       Wilmington, DE 19899-1568
       Telephone: (302) 655-4482
       Facsimile: (302) 655-4043
       Attorney for Plaintiffs

Dated: September 2, 2010

OF COUNSEL:

LAURA CABUTTO
RACHEL PERKINS
**SIMON EDDINS & GREENSTONE, LLP**
A PROFESSIONAL CORPORATION
3232 McKinney Avenue
Suite 610
Dallas, Texas  75204

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION: | ) |
| | ) |
| JAMES PETROSKI and PATRICIA | ) |
| PETROSKI, | ) CIVIL ACTION NO._____ |
| | ) |
| Plaintiffs, | ) (Superior Court of the State of Delaware, |
| | ) New Castle County, |
| v. | ) C.A. No. N10C-09-039 ASB) |
| | ) |
| VIAD CORP. f/k/a THE DIAL | ) |
| CORPORATION (sued individually and as | ) |
| successor-in-interest to GRISCOM- | ) |
| RUSSELL COMPANY | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT VIAD CORP'S NOTICE OF REMOVAL OF
## ACTION FROM DELAWARE SUPERIOR COURT

TO THE JUDGE OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Viad Corp ("Viad") incorrectly sued as Viad Corp., (f/k/a The Dial Corporation

individually and as successor-in-interest to Griscom-Russell Company), pursuant to 28 U.S.C. §§

1442 (a)(1) and 1446, hereby removes the above-styled action, which was initially filed in the

Superior Court of the State of Delaware In and For New Castle County bearing Case No. N10C-

09-039 ASB to the United States District Court for the District of Delaware.  Removal to this

Court is appropriate under the federal officer removal statute.  The grounds for removal are more

particularly stated as follows.

1.      On  September 2, 2010, Plaintiffs James Petroski and Patricia Petroski, filed his

Complaint in the Superior Court of Delaware, in and for New Castle County, naming Viad as

one of the defendants.  Viad was served with the Complaint on September 28, 2010.  A  copy of

{DE169456.1}

the CT Corporation Service of Process Transmittal, Summons and Complaint are attached hereto as Exhibit A.

2.     This Notice of Removal is timely because it is being filed within thirty (30) days after Viad received service of the first "paper" within the meaning of 28 U.S.C. §1446(b) from which Viad could determine that the case is removable.

3.     Plaintiff's Complaint alleges that James Petroski was exposed to asbestos and asbestos-containing products that were manufactured, sold, distributed, or installed by eight (8) defendant corporations.  The Complaint contains vague and general allegations that Mr. Petroski was exposed to asbestos from insulation, gaskets, and packing on valves, equipment, and machinery while serving in the Navy on the following ships: *USS Soley and USS Dewey.*

4.     Plaintiff's Complaint alleges that James Petroski suffer from an asbestos-related disease, including, but not limited to, mesothelioma.

5.     This action is one which may be removed to this Court by Viad on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. §1442(a)(1).

6.     Viad is entitled to remove this action because: (1) It is the alleged successor-in-interest to a person[1] that was acting under the direction of a federal officer or agency; (2) it has a colorable defense to Plaintiff's claims; and (3) there is a causal nexus between Plaintiff's claims and Griscom-Russell's alleged conduct under federal office. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 131-34 (1989).

---

[1] A corporation is a "person" within the meaning of 28 U.S.C. 1442 (a).  *See Aisup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 848 (S.D. Ill 2006) citing *Camacho v. Autoridad de Telofonos de Puerto Rico*, 868 F. 2d 482, 486-87 (1st Cir. 1989); *Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 1949, 1953. 3 (D. Me. 2005).

7.      Viad has been sued as the alleged successor-in-interest to Griscom-Russell which, upon information and belief, was a manufacturer and supplier of equipment to the United States Navy.[2]

8.      Any equipment manufactured or sold to the U.S. Navy was done so pursuant to procurement contracts entered into with the Navy and in accordance with the precise specifications required by the Navy.  Griscom-Russell had no authority or discretion to deviate from the Navy's specifications.  See November 19, 2009 Declaration of Rear Admiral Ben J. Lehman, U.S. Navy, Ret. ("Lehman Declaration") and December 16, 2009 Declaration of Charles R. Cushing, Ph.D. ("Cushing Declaration").  The Lehman and Cushing Declarations are attached hereto as Exhibits B and C respectively.

9.      Griscom-Russell was acting under an officer or agency of the United States within the meaning of 28 U.S.C. 1441(a)(1), and Plaintiff's claims against Viad in it alleged capacity as successor-in-interest to Griscom-Russell are derived solely from Griscom-Russell's official duties.

10.     Viad has a colorable claim to a federal defense in this action; specifically, government contractor immunity from liability for injuries arising from exposure to asbestos in equipment manufactured by Griscom-Russell.  *Boyle v. United Techs. Corp.*, 489 U.S. 500, 512 (1988); *Reaser v. Allis-Chalmers Corp.*, C.V. No. 08C-1296-SVW (SSx), at p. 9 (attached hereto as Exhibit D) (C.D. Cal. June 23, 2008) (denying plaintiff's motion to remand case against Viad based partially on Lehman and Cushing declarations which support the finding that the "Navy set forth reasonably precise specifications regarding the use of warnings, such that Defendants have

---

[2] Viad disputes that it is, in fact or at law, the successor-in-interest to Griscom-Russell.

a basis for asserting a colorable federal defense"); *Despres v. Ampco-Pittsburgh Corp.*, Civil No.3:07cv1359 (JBA), at p. 8 (D. Conn. Sept. 22, 2008) (attached hereto as Exhibit E) (upholding Viad's removal of case to federal court because "Viad has satisfied the three statutory prerequisites"); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 57 (D. Mass. 2008) ("Since the Navy issues reasonably precise specifications as to the warnings, the court concludes, for purposes of this motion that: (1) the Navy exercised a substantial degree of control over Buffalo Pump's provision of warnings; and (2) the Navy's control over these warnings impeded Buffalo Pump's ability to independently fulfill its state law obligation to warn of the dangers of asbestos (if indeed it knew of these dangers)."); *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1273 (S.D. Fla. 2008) (removal allowed as Affidavits of Lehman and another "provide a good faith foundation to show (1) that the Navy controlled the warnings to be affixed on parts manufactured by independent contractors, and (2) that the Navy was likely to reject any asbestos warning given its policy to deal with the asbestos problem exclusively through training."); *Oberstar v. CBS Corp.*, U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008) (plaintiff's motion to remand after Viad and General Electric removal denied based, *inter alia*, on similar Lehman Affidavit); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004-05 (N.D. Ill. 2007) (Lehman and Cushing held sufficient to demonstrate at removal state that "(1) the Navy had complete control over the manufacture and design of every piece of equipment on its ships, as well as the nature of warnings issued; and (2) contractors, such as Griscom-Russell, were not allowed to deviate from the specifications."); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 29 99, 102 (D. Conn. 2007) (Navy ship equipment manufacturers' federal officer removal allowed in asbestos personal injury claim involving state law failure to warn claims).

11.     Griscom-Russell acted under the authority and at the direction of the Navy with respect to the manufacture and sale of equipment for the Navy.  In this regard, the Navy issued comprehensive specifications and other technical documentation identified in contract documents and controlled the design and construction and specified the materials to be used for the equipment sold and manufactured by Griscom-Russell to the Navy was manufactured under reasonably precise, detailed specifications and technical documentation requirements dictated by the United States government and identifiable in applicable contract documents.  The Navy enforced compliance with its design specifications.  No aspect of the design of its products escaped the close control of the Navy and its officers, which retained ultimate decision-making authority with respect to the design and approval of Griscom-Russell's products.  *See* Lehman and Cushing Declarations; e.g. *O'Connell*, 544 F. Supp. 2d at 55-58; *Marley*, 545 F. Supp. 2d at 1273-74; *Harris*, 532 F. Supp. 2d at 1005; *Machnik*, 506 F. Supp. at 103-05.

12.     The Navy's specifications also covered the nature of any communication affixed to equipment supplied to the Navy.  As such, Griscom-Russell was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings or other written materials required to be provided with regard to equipment that it manufactured for the Navy.  Moreover, either directly, or as a matter of practice, the Navy specified what was to be written, posted, printed and published on any nameplate or sign, including all aspects of warnings, for any product manufactured for its use. Griscom-Russell would not have been permitted (either under the Navy specifications or as a matter of Navy practice) to attach any type of warning or cautionary statement not required or approved by the Navy, including any statement relating to asbestos, without prior discussion, approval and acceptance by the Navy. *See* Lehman and Cushing Declarations; *O'Connell*, 544 F. Supp. 2d at 58 (holding that the

federal contractor defense applies in the failure to warn context), citing *Emory v. McDonnell Douglas Corp.*, 148 F.2d 347, 350 (4th Cir. 1998) (collecting cases from the Second, Fifth, Sixth, Seventh and Ninth circuits).

13.     The United States Navy was aware of the potential hazards of asbestos as early as 1922, and by the 1940s, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time.  *See* Lehman Declaration at ¶ 13g; see also *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 422-23 (5th Cir. 2001); *Harris*, 532 F. Supp. 2d at 1005-06; *Oberstar*, 2008 U.S. Dist. LEXIS at *9-14; *Machnik*, 506 F. Supp. 2d at 104.

14.     Removal is appropriate, *inter alia*, because Viad is not required to prove the merits of its defense in order to remove this case successfully.  Viad is required to present a colorable claim such that the validity of the defense should be tried in federal rather than state court. *Jefferson County*, 527 U.S. at 431; *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969) ("in fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in federal court.  The officer need not win his case before he can have it removed."); *O'Connell*, 544 F. Supp. 2d at 53-54.  The federal officer removal statute is not narrow or limited and should not be frustrated by a narrow interpretation of 28 U.S.C. §1442(a)(1). *Willingham*, 395 U.S. at 406.

15.     Viad requests the opportunity to brief and respond, both in writing and orally, against any Motion for Remand filed by Plaintiff.

16.     Viad reserves the right to amend or supplement this Notice of Removal.

{DE169456.1}

17.    Viad reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

18.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all parties and filed with the Prothonotary of the Superior Court of the State of Delaware, in and for New Castle County.

19.    A Notice of Tag-Along Action, identifying the coordinated pre-trial proceedings in the Eastern District of Pennsylvania (In Re Asbestos Products Liability Litigation, MDL Docket No. 875), to which this case may be transferred, will be filed with this Court.

WHEREFORE, Defendant Viad Corp notes the removal of this action to this Court on the 22nd of October, 2010.

BY: /s/ Megan T. Mantzavinos
Megan T. Mantzavinos, Esquire (No. 3802)
Jeffrey S. Marlin, Esquire (No. 0176)
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorneys for Defendant Viad Corp.*

Dated: October 22, 2010

SPECIALMASTER

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00909-SLR

Petroski et al v. Viad Corp. et al
Assigned to: Judge Sue L. Robinson
Case in other court: Superior Court/DE/NCC, N10C-09-
                     00039 ASB
Cause: 28:1442 Notice of Removal

Date Filed: 10/22/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Special Master**

**SPECIAL MASTER Vincent J.
Poppiti**
Fox Rothschild LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

**Plaintiff**

**James Petroski**                    represented by    **Michael L. Sensor**
                                                         Perry & Sensor
                                                         One Customs House, Suite 560
                                                         P.O. Box 1568
                                                         702 N. King Street
                                                         Wilmington, DE 19899
                                                         (302) 655-4482
                                                         Fax: (302) 655-4043
                                                         Email: msensor@perry-sensor.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Petroski**                 represented by    **Michael L. Sensor**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Viad Corp.**                        represented by    **Megan Trocki Mantzavinos**
*sued individually and as successor-in-*               Marks, O'Neill, O'Brien & Courtney,
*interest to GRISCOM-RUSSELL*                           P.C.
*COMPANY*                                               913 North Market Street
*formerly known as*                                    Suite 800
Dial Corporation                                       Wilmington, DE 19801

(302) 658-6538
Email: mmantzavinos@mooclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Marlin**
Marks, O'Neill, O'Brien & Courtney,
P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
(302) 658-6538
Email: jmarlin@mooclaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corporation**    represented by  **Antranig N. Garibian**
*sued as successor-by-merger TO*                             Wilbraham, Lawler & Buba
*BUFFALO PUMPS, INC.*                                  901 N. Market Street, Suite 800
Wilmington, DE 19801
302-421-9935
Email: agaribian@wlbdeflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carrier Corporation**

**Defendant**

**CBS Corporation**
*a Delaware Corporation, sued as*
*successor-by-merger to CBS*
*CORPORATION (a Pennsylvania*
*Corporation) f/k/a WESTINGHOUSE*
*ELECTRIC CORPORATION*
*formerly known as*
Viacom Inc.

**Defendant**

**Cleaver-Brooks Inc.**
*sued individually and as successor-in-*
*interest to DAVIS ENGINEERING*
*COMPANY*
*formerly known as*
Aqua Chem Inc.

**Defendant**

**Elliott Turbomachinery Company**    represented by  **R. Stokes Nolte**
*also known as*                                      Reilly Janiczek & McDevitt PC
Elliott Company                             1013 Centre Road, Suite 210

Wilmington, DE 19805
(302) 777-1700
Email: rnolte@rjm-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**    represented by    **Megan Trocki Mantzavinos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/22/2010 | 1 | NOTICE OF REMOVAL and copies of documents from Superior Court of the State of Delaware, Case Number N10C-09-039 ASB (Filing fee $350, receipt number 0311-799068)- filed by Viad Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit B (Part 2-A), # 4 Exhibit B (Part 2-B), # 5 Exhibit B (Part 2-C), # 6 Exhibit B (Part 2-D), # 7 Exhibit B (Part 2-E), # 8 Exhibit B (Part 2-F), # 9 Exhibit B (Part 2-G), # 10 Exhibit B (Part 3), # 11 Exhibit B (Part 4), # 12 Exhibit B (Part 4-A), # 13 Exhibit B (Part 4-B), # 14 Exhibit B (Part 4-C), # 15 Exhibit B (Part 4-C1), # 16 Exhibit B (Part 4-D), # 17 Exhibit B (Part 4-E), # 18 Exhibit B (Part 4-F), # 19 Exhibit B (Part 4-G), # 20 Exhibit B (Part 4-G1), # 21 Exhibit B (Part 4-H), # 22 Exhibit C, # 23 Exhibit D, # 24 Exhibit E, # 25 Certificate of Service, # 26 Civil Cover Sheet)(ksr) (Entered: 10/25/2010) |
| 10/22/2010 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction (ksr) (Entered: 10/25/2010) |
| 10/26/2010 | 3 | JOINDER by Air & Liquid Systems Corporation, joining in 1 Notice of Removal,,, *of Viad Corporation*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F-1, # 7 Exhibit F-2, # 8 Appendix A to Horne Affidavit, # 9 Appendix B to Horne Affidavit, # 10 Appendix C to Horne Affidavit, # 11 Appendix D to Horne Affidavit, # 12 Appendix E to Horne Affidavit, # 13 Appendix F to Horne Affidavit, # 14 Appendix G (1) to Horne Affidavit, # 15 Appendix G (2) to Horne Affidavit, # 16 Appendix H to Horne Affidavit, # 17 Appendix I to Horne Affidavit, # 18 Appendix A to Kraft Affidavit, # 19 Appendix B to Kraft Affidavit, # 20 Appendix C to Kraft Affidavit, # 21 Appendix A to Forman Affidavit, # 22 Appendix B to Forman Affidavit, # 23 Appendix C to Forman Affidavit, # 24 Appendix D to Forman Affidavit, # 25 Appendix E (1) to Forman Affidavit, # 26 Appendix E (2) to Forman Affidavit, # 27 Appendix F to Forman Affidavit, # 28 Appendix G (1) to Forman Affidavit, # 29 Appendix G (2) to Forman Affidavit, # 30 Appendix H to Forman Affidavit, # 31 Appendix I to Forman Affidavit, # 32 Appendix J to Forman Affidavit, # 33 Appendix K to Forman Affidavit, # 34 Appendix L to Forman Affidavit, # 35 Appendix M to Forman Affidavit, # 36 Appendix N to Forman Affidavit, # 37 Appendix O to Forman Affidavit, # 38 Appendix P to Forman Affidavit, # 39 Appendix Q to Forman |

| | | |
|---|---|---|
| | | Affidavit, # 40 Appendix R to Forman Affidavit, # 41 Appendix S to Forman Affidavit, # 42 Appendix T to Forman Affidavit, # 43 Appendix U to Forman Affidavit, # 44 Appendix V to Forman Affidavit, # 45 Appendix W to Forman Affidavit, # 46 Certificate of Service)(Garibian, Antranig) (Entered: 10/26/2010) |
| 10/27/2010 | 4 | NOTICE of Tag-Along Action to Asbestos Product Liability Litigation - MDL No. 875 by Viad Corp. re 1 Notice of Removal,,, (Attachments: # 1 Exhibit A to Notice of Tag Along Letter to MDL Judicial Panel, # 2 Certificate of Service) (Mantzavinos, Megan) (Entered: 10/27/2010) |
| 10/27/2010 | 5 | NOTICE of Tag-Along Action to Asbestos Product Liability Litigation - MDL No. 875 by Viad Corp. re 4 Notice (Other), Notice (Other) (Mantzavinos, Megan) (Entered: 10/27/2010) |
| 10/28/2010 | 6 | MOTION for Joinder *Notice of Removal* - filed by Foster Wheeler Energy Corporation. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E, # 7 Exhibit Exhibit F, # 8 Exhibit Exhibit G, # 9 Certificate of Compliance Certificate of Service to Foster Wheeler Energy Corp.'s Joinder Notice of Joinder Removal)(Mantzavinos, Megan) (Entered: 10/28/2010) |
| 11/03/2010 | | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb) (Entered: 11/03/2010) |
| 11/09/2010 | 7 | ORDER REFERRING CASE to Special Master. Vincent J. Poppiti appointed. Signed by Judge Sue L. Robinson on 11/9/2010. (nmf) (Entered: 11/09/2010) |
| 01/18/2011 | 8 | NOTICE of Appearance by R. Stokes Nolte on behalf of Elliott Turbomachinery Company (Nolte, R.) (Entered: 01/18/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/11/2011 15:47:00 | | | |
| **PACER Login:** | mo0156 | **Client Code:** | 222-9999 |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-00909-SLR Start date: 1/1/1970 End date: 2/11/2011 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |