BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION (NO. IV) | MDL DOCKET NO. 875 |
| MARVIN EISENBERG and LORRAINE EISENBERG,<br><br>Plaintiffs,<br><br>- against -<br><br>AMERICAN OPTICAL CORPORATION; et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:11-cv-00393 |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER VACATING CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT TO RULE ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT

Come now Plaintiffs and file this brief in support of their Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiffs' Motion to Remand to State Court, and would respectfully show as follows:

### INTRODUCTION

4. Plaintiffs Marvin Eisenberg and Lorraine Eisenberg filed this asbestos lawsuit on October 19, 2010 in the Supreme Court of the State of New York, New York County, under the New York City Asbestos Litigation Case Management Order (hereinafter "NYCAL CMO") (see Exhibit A). On November 3, 2010, the complaint was amended to add, among others, the instant Defendants Lorillard Tobacco Company (hereinafter "Lorillard") and Hollingsworth & Vose Company (hereinafter "H&V") (collectively as "Defendants") (see Defendants' Notice of Removal, Exh. A).

5. Dr. Eisenberg, a radiologist, is dying at the age of 78 as a result of malignant

mesothelioma, a fatal cancer caused only by asbestos exposure (see Exhibit B, Responses to Defendants' Interrogatories and Request for Production of Documents, at 5-11). He was diagnosed with this terminal disease in July 2010 (see Exhibit A, Plaintiffs' Initial Fact Sheet at ¶ 9).

6. Dr. Eisenberg's case was accepted into the April 2011 in extremis cluster in NYCAL. Pursuant to the NYCAL CMO (located at www.nycal.net), Dr. Eisenberg has an expectation of a trial date in April 2011. See CMO at 29; N.Y. C.P.L.R. §§ 3403 (a)(6) and 3407. Based on this date, a discovery schedule was issued for Dr. Eisenberg's case (see Exhibit C, April 2011 Scheduling Order).

7. Since Dr. Eisenberg is suffering from mesothelioma, he is not likely to survive long enough to see his case adjudicated in the normal course. Denying Plaintiffs' motion to vacate the conditional transfer order will all but ensure that he dies prior to getting his day in court.

8. Moreover, it is submitted that Plaintiffs have a likelihood of success on their motion to remand, which will be decided forthwith. Defendants cannot meet their burden of establishing fraudulent joinder where Plaintiffs have viable causes of action against at least two named defendants other than the instant Defendants - both of which are a citizens of New York (Metropolitan Life Insurance Company and Rapid American Corporation). Yet, assuming arguendo that Defendants can meet their heavy burden of establishing fraudulent joinder, removal was procedurally defective because it was untimely. Defendants failed to removal this case within 30 days of receipt of Plaintiffs' interrogatory responses, which unequivocally established that Dr. Eisenberg's sole source of asbestos exposure was from Defendants' product. Therefore, Defendants' basis for removal - diversity jurisdiction - was clearly ascertainable from Plaintiffs' interrogatory responses, but they failed to remove within 30 days of the receipt thereof. Accordingly, there is a likelihood of success on Plaintiffs' motion to remand.

**PROCEDURAL HISTORY**

9. On November 3, 2010, the complaint was amended to add, among others, the instant Defendants Lorillard and H&V, and Defendants were served with the same (see Notice of Removal, Exh. A). The complaint was amended a second time, naming a total of 23 defendants (see Notice of Removal, Exh. B). The complaint alleged, among other things, state-law negligence, strict products liability, failure to warn, conspiracy, and breach of warranty.

10. On December 9, 2010, Plaintiffs served their " Responses to Defendants' Interrogatories and Request for Production of Documents" on Defendants (Exh. B). These interrogatory responses clearly provided that Dr. Eisenberg was exposed to asbestos while smoking Kent cigarettes - Defendants' product - in the 1950s, that he had absolutely no occupational exposure to asbestos, and that he had no non-occupational exposure asbestos other than to Kent cigarettes.

11. On December 21, 2010, Dr. Eisenberg's Examination Before Trial (hereinafter "EBT") was conducted (see Notice of Removal, Exh. C). Reiterating what was clearly evidence from his interrogatory responses, he testified that he had no other exposure to asbestos except from Kent cigarettes in the 1950s (see Notice of Removal, Exh. C at 25-26).

12. On January 19, 2011, Defendants Lorillard and H&V removed this case on the basis of diversity of citizenship. They asserted that all occupational defendants were fraudulently joined since Mr. Eisenberg testified at his EBT that his sole exposure to asbestos was from Kent cigarettes (see Notice of Removal at 2-4). They asserted that complete diversity existed among the properly joined parties because Plaintiffs are Florida residents, Lorillard is a Delaware corporation with its principal place of business in North Carolina, and H&V is a Massachusetts corporation with its principal place of business in Massachusetts (see Notice of Removal at 4–5). Defendants further contended that removal was timely since they noticed removal within 30 days of Dr. Eisenberg's deposition, which,

they asserted, was "other paper" from which it was first ascertainable that the case was removable based on diversity (see Notice of Removal at 6-7). A Notice of Tag-Along Action was also filed before this Panel.

13. The case was assigned to Judge John F. Keenan in the United States District Court for the Southern District of New York.

14. On January 28, 2011, this Panel issued a conditional transfer order (CTO-357), transferring this case to the United States District Court for the Eastern District of Pennsylvania (MDL-857).

15. On January 31, 2011, Plaintiffs filed their opposition to the CTO before this Panel.

16. On February 1, 2011, in accord with Judge Keenan's courtroom practices, the plaintiff submitted a letter requesting a pre-motion conference in anticipation of their motion to remand. On February 2, 2011, Defendants filed separate letters in opposition to Plaintiffs' request for a pre-motion conference. On February 3, 2011, Plaintiffs submitted a reply letter in support of a pre-motion conference.

17. Judge Keenan granted Plaintiffs' request and scheduled a pre-motion conference for February 14, 2011. Thereat, the Court heard arguments from both sides. He granted Plaintiffs leave to move to remand, and set a briefing schedule whereby the motion would be fully submitted by March 15, 2011. Judge Keenan further indicated to the parties that he would do his best to issue a prompt decision.

## ARGUMENT

I.  **Dr. Eisenberg Will Be Extremely Prejudiced If The Conditional Transfer Order Is Not Vacated Because He Will Be Unable To Receive The Benefits Of His Statutorily Prescribed Accelerated Trial**

18.  Unless the CTO is vacated, Dr. Eisenberg will most likely die prior to receiving his day in court.

19.  Dr. Eisenberg has terminal malignant mesothelioma, an "invariably fata cancer [] for which asbestos exposure is the only known cause . . ." In re Patenaude, 210 F.3d 135, 138 (3d Cir. 2000), cert. denied 531 U.S. 1011. Any further delay in a trial date will all but preclude Dr. Eisenberg from being present at his own trial, in derogation of the New York State statutory provisions granting him an accelerated trial based on his disease. See N.Y. C.P.L.R. §§ 3403 (a)(6) and 3407.

20.  If Judge Keenan is not permitted to issue a decision on remand prior to transfer of this case to the MDL, Dr. Eisenberg will inexorably die before his day in court. It cannot be disputed that Dr. Eisenberg will be unable to secure an April 2011 trial date in the MDL. Moreover, Defendants should not be permitted to stifle Dr. Eisenberg's statutorily prescribed trial preferences without first permitting Judge Keenan to rule on remand, particularly where the motion will be fully submitted anon.

21.  By contrast, if Judge Keenan is permitted to issue his decision on remand, Dr. Eisenberg will have a chance to be present at his own trial in state court in April 2011.

22.  Therefore, it is submitted that unless the CTO is vacated and Judge Keenan is permitted to issue his decision on remand, Dr. Eisenberg will effectively be denied an opportunity, as prescribed by New York statute, to be present at his own trial. Since he will be severely prejudiced, the CTO should be vacated pending Judge Keenan's determination on remand.

## II. Plaintiffs Have A Likelihood Of Success On Remand

23. It is submitted that Plaintiffs have a meritorious basis for remand. Defendants removed this case based on diversity jurisdiction, claiming fraudulent joinder of all other defendants. There is no dispute between the parties that Dr. Eisenberg's sole source of asbestos exposure was from Kent cigarettes (Defendants' product). Yet this causes of action in the complaint are not predicated solely on asbestos exposure. Plaintiffs assert a viable cause of action sounding in conspiracy against Metropolitan Life Insurance Company. Plaintiffs also will likely reach a settlement with Rapid American Corporation, who is a distributor of asbestos fibers. Against this backdrop, Defendants cannot establish fraudulent joinder, which requires them to prove by clear and convincing evidence that there is no possible state cause of action that can be asserted against other named defendants.

Furthermore, assuming <u>arguendo</u> that all other defendants were fraudulently joined, Defendants' removal was untimely. Defendants assert that they were first able to ascertain removability from Dr. Eisenberg's EBT, where he testified that he had no asbestos exposure other than to Kent cigarettes. Consequently, Defendants noticed removal within 30 days of Dr. Eisenberg's EBT.

24. This argument defies the timeliness statute for removal since it was clear and unambiguous in Plaintiffs' interrogatory responses - served on Defendants weeks before Dr. Eisenberg's EBT - that Kent cigarettes were Dr. Eisenberg's sole source of asbestos exposure. Inasmuch as Defendants' removal was not effectuated within 30 days of the receipt of these interrogatory responses, removal was untimely under 28 U.S.C. § 1446(b).

25. Therefore, Plaintiffs have a likelihood of success on their motion to remand. It is submitted that this is a basis to vacate the CTO pending a determination on remand, which is

expected forthwith.

26. It is respectfully submitted that it makes little sense to burden the MDL with this case when remand is likely and a decision on remand is expected shortly. In <u>Pantalone v Aurora Pumps Co</u> (576 F. Supp. 2d 325, 332 (D.Conn. 2008), the District of Connecticut granted remand and noted that the same rendered plaintiff's motion to vacate the CTO moot. Here, similarly, transfer to the MDL and all the proceedings and actions that take place therein will be rendered moot if Judge Keenan grants remand. However, if the CTO is not vacated during the pendency of the motion to remand, the parties will expend valuable time and resources litigating this case in the MDL. Thus, vacatur pending a determination on remand will serve the interests of judicial economy.

27. Nor will any parties be harmed or prejudiced by a brief delay to permit Judge Keenan to rule on remand. Should Judge Keenan deny remand, the case will be promptly transferred to the MDL. Defendants lose nothing in this respect.

28. Accordingly, the likelihood of success on Plaintiffs' motion to remand warrants vacatur of the CTO pending a determination on remand.

### III. There is Precedent For Vacating The CTO Pending A Determination Of A Transferor Court On Remand

29. In <u>Vasura v. A.C. & S., Inc.</u>, 84 F. Supp 531 (S.D.N.Y. 2000), the Panel vacated the transfer order to permit the Southern District of New York to decided the plaintiff's motion for remand. Furthermore, remand in <u>Vasura</u> was granted, thereby confirming that vacatur served the interests of justice and judicial economy. Thus, precedent exists to vacate the CTO to permit Judge Keenan to issue a decision on remand.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Panel VACATE the conditional transfer order pending a decision by the United States District Court for the Southern District of New York on Plaintiffs' Motion to Remand.

Dated: New York, New York
       February 15, 2011

Respectfully submitted,
BELLUCK & FOX LLP

_____
Seth A. Dymond (SD-0129)
546 Fifth Avenue, 4th Floor
New York, New York 10036
T: 212.681.1575
F: 212.681.1574
sdymond@belluckfox.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

     I hereby certify that on February 15, 2011, a true and correct copy of the foregoing Brief in Support of Motion to Vacate Conditional Transfer Order was delivered via overnight mail, postage prepaid, to all counsel of record on the following service list:

| COUNSEL: | DEFENDANTS: |
|---|---|
| Christopher Healy, Esq./Judy Yavitz, Esq<br>**REED SMITH, LLP**<br>599 Lexington Avenue<br>New York, New York 10022 | Union Carbide Corp. |
| William E. Vita, Esq.<br>**WESTERMAN BALL EDERER MILLER et al.**<br>1201 RXR Plaza<br>Uniondale, New York 11556 | Hollingsworth & Vose |
| Robert J. Kirshenberg, Esq.<br>**GREENBERG & TRAURIG, LLP**<br>200 Park Avenue<br>New York, NY 10166<br>-and-<br>Christopher V. Cotton, Esq.<br>**SHOOK, HARDY & BACON LLP.**<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108 | Lorillard Tobacco Company |
| Justin Perri, Esq.<br>**STEPTOE & JOHNSON**<br>750 Seventh Avenue, Suite 1900<br>New York, New York 10019 | Metropolitan Life Insurance Company |
| Linda Yassky, Esq.<br>**SONNENSCHEIN NATH & ROSENTHAL**<br>1221 Avenue of the Americas<br>New York, New York 10020 | Rapid American Corp. |

The action insofar as asserted against any other named defendant has been discontinued, dismissed, or resolved.

                                                                                 _____
                                                                                 Seth A. Dymond