# **<u>EXHIBIT B</u>**

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
-------------------------------------------------------------------x
MARVIN EISENBERG and LORRAINE EISENBERG,          Index No. 190397/10

                         Plaintiffs,

                                                    PLAINTIFFS' RESPONSE TO
-against-                                           DEFENDANTS'
                                                    INTERROGATORIES AND
                                                    REQUEST FOR PRODUCTION
CARRIER CORPORATION, et al.,                        OF DOCUMENTS

                         Defendants.

-------------------------------------------------------------------x

      Plaintiffs, in response to the Fourth Amended Standard Set of Interrogatories and

Request for Production of Documents propounded by the defendants, pursuant to C.P.L.R.

ARTICLE 31 and the Order of the conle Helen Freedman, allege, upon information and

belief as follows:

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

1

## INTERROGATORIES

1.   State the following:
     (a) your full name, and all other names by which you have been known;
     (b) age, and date and place of birth;
     (c) whether you were an adopted child;
     (d) present marital status, date of current marriage, spouse's maiden name, dates of any
         prior marriages and the names of any prior spouses, if applicable;
     (e) present home address; and
     (f) social security number.

ANSWER:
     (a)   Name: Marvin Eisenberg, M.D.
     (b)   Age: 78.
           Date of birth: March 28, 1932.
           Place of birth: Brooklyn, New York.
     (c)   Adopted/natural child: Natural.
     (d)   Present marital status: Married.
           Date of marriage: February 1, 1958.
           Spouse's maiden name: Lorraine Ritterman.
           Prior marriages: None.
     (e)   Present home address: 21377 Cypress Hammock, Boca Raton, Florida 33428.
     (f)   Social Security Number: 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.

2.   State the following with regard to your father and mother:
     (a) names;
     (b) current address (if deceased, state last known address);
     (c) the current condition of each one's health, including any specific medical problems.
         If either of your parents are deceased, please state for each deceased parent:
         i. specific physical problems;
         ii. date and place of death;
         iii. age and cause of death for each parent.

ANSWER:
     Mother:
           (a) Name: Pearl Eisenberg.
           (b) Last known address: Queens, New York.
           (c)    i. Specific physical problems: See (iii) below.
                  ii. Date of death: April 30, 1965.
                     Place of death: Queens, New York.
                  iii. Age at death: 59.
                     Cause of death: Lung cancer.

Father:
    (a) Name: Morris Eisenberg.
    (b) Last known address:153 Division Avenue, Brooklyn, New York.
    (c)    i. Specific physical problems: None known.
           ii. Date of death: November 9, 1963.
              Place of death: Brooklyn, New York.
           iii. Age at death: 59.
              Cause of death: Suicide.

3.    State the following with regard to each of your children:
    (a) full name;
    (b) the date of birth;
    (c) sex;
    (d) current address (if deceased, state the last known address);
    (e) social security number;
    (f) whether birth child or adopted child;
    (g) current state of each one's health. If any of your children are deceased, state for each
        deceased child:
        i. specific physical problems;
        ii. date and place of death; and
        iii. age and cause of death for each child.

ANSWER: Plaintiffs have two children:

    i.(a) Full name: Melissa Eisenberg Fuller.
      (b) Date of birth: January 27, 1959.
      (c) Sex: Female.
      (d) Current address: 36 Randall Heights, Middletown, New York 10940.
      (e) Social Security Number: 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.
      (f) Melissa is a natural child.
      (g) Melissa has no current health conditions.

    ii.(a) Full name: Peter J. Eisenberg.
      (b) Date of birth: September 1, 1960.
      (c) Sex: Male.
      (d) Current address: 2997 Hamblin Way, Wellington, Florida 33414.
      (e) Social Security Number:
      (f) Peter is a natural child.
      (g) Peter has no current health conditions.

4.  State the complete address of all places you have resided since birth giving the inclusive
dates of residence for each place named and as to each state:
    (a) fuel used for heating and cooking;
    (b) significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);
    (c) number of family units co-occupying said structure.

3

ANSWER: Plaintiff has lived in the following residences:
    i. Address:    21377 Cypress Hammock Drive, Boca Raton, Florida 33428.
       Dates:      Approximately 1992 to present.
          (a) Fuel used for heating/cooking: Electricity for both.
          (b) Significant home improvements: None.
          (c) Number of family units: One.

    ii. Address:   36 Randall Heights, Middletown, New York 10940.
       Dates:      Approximately 1968 to 1992.
          (a) Fuel used for heating/cooking: Gas/electricity.
          (b) Significant home improvements: None.
          (c) Number of family units: One.

    iii. Address:   Royce Avenue, Middletown, New York.
       Dates:      Approximately February 1966 to 1968.
          (a) Fuel used for heating/cooking: Unrecalled.
          (b) Significant home improvements: None.
          (c) Number of family units: One.

    iv. Address:   5619 Avenue J, Brooklyn, New York.
       Dates:      Approximately 1963 to 1966.
          (a) Fuel used for heating/cooking: Unrecalled.
          (b) Significant home improvements: None.
          (c) Number of family units: Two.

    v. Address:   Chanute Air Force Base, Rantoul, Illinois.
       Dates:      Approximately 1961 to 1963.
          (a) Fuel used for heating/cooking: Unrecalled.
          (b) Significant home improvements: None.
          (c) Number of family units: Not applicable.

    vi. Address:   2005 Avenue L, Brooklyn, New York.
       Dates:      Approximately 1958 to 1961.
          (a) Fuel used for heating/cooking: Unrecalled.
          (b) Significant home improvements: None.
          (c) Number of family units: Apartment building.

    vii. Address:   Various while attending school in Buffalo, New York.
       Dates:      Approximately 1953 to 1957.
          (a) Fuel used for heating/cooking: Unrecalled.
          (b) Significant home improvements: None.
          (c) Number of family units: Not applicable.

    viii. Address:   Various, while attending school in Alfred, New York.
       Dates:        Approximately 1949 to 1952.
            (a) Fuel used for heating/cooking: Unrecalled.
            (b) Significant home improvements: None.
            (c) Number of family units: Not applicable.

    ix. Address:   153 Division Avenue, Brooklyn, New York.
       Dates:        Approximately 1949; 1952 to 1953.
            (a) Fuel used for heating/cooking: Unrecalled.
            (b) Significant home improvements: None.
            (c) Number of family units: Apartment building.

    x. Address:    348 Roebling Street, Brooklyn, New York.
       Dates:        Approximately 1932 to 1949.
            (a) Fuel used for heating/cooking: Unrecalled.
            (b) Significant home improvements: None recalled.
            (c) Number of family units: Apartment building.


    5.      For every physician or other health care provider who ever tested, treated,
consulted with or examined you up to and including the present date, for any reason whatsoever,
please state the following separately as to each:
       (a) name and address of physician or health care provider and, if ongoing, the approximate
          frequency of said treatment and services; (b) date(s) of test, examination and/or
          treatment; (c) symptoms complained of at the time, if any;
       (d) any diagnosis made;
       (e) treatment or examination given and reason for treatment or examination; and (f) any
          drugs or medications prescribed.


ANSWER: Plaintiff objects to this interrogatory on the grounds that the identities and opinions of
consulting experts are protected from disclosure by the attorney work-product privilege.  Subject
to this objection, (although it is possible that Plaintiff consulted other doctors, nurses and health
care providers), at the present time, Plaintiff is aware of the following doctors and treatment
rendered:

    Physician:
    i.     (a) Name:      **Dr. Jonathan Waxman, Thoracic Surgery**
           Address:   Boca Raton Community Hospital, 800 Meadows Drive, Boca
                   Raton, Florida 33486.
            Frequency of treatment: Commencing June 22, 2010; treatment may be
       ongoing.
       (b) Date(s) of test, examination and/or treatment: See (a) above.
       (c) Symptoms: See (f) below.
       (d) Diagnosis: Malignant mesothelioma, epithelioid type. See (f) below.
       (e) Treatment of examination given/reason for treatment or examination. Plaintiff
       was seen for evaluation of right pleural effusion on June 22, 2010. A video-
       assisted thoracoscopic pleural biopsy was taken on July 6, 2010. Cytology was

suspicious for mesothelioma. A diaphragmatic implant biopsy was taken as well that showed malignant mesothelioma. See (f) below.
(f) Medications prescribed: For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

ii.    (a) Name:    **Dr. Meyer Cohen, Internal Medicine**
       Address:   1601 Clint Moore Road, Suite 115, Boca Raton, Florida 33487.
       Frequency of treatment: See (b) below.
(b) Date(s) of test, examination and/or treatment: As needed, commencing approximately 1996.
(c) Symptoms: See (f) below.
(d) Diagnosis: See (f) below.
(e) Treatment of examination given/reason for treatment or examination. Plaintiff has been seen for regular physical examinations since approximately 1999. In approximately June 2010, during a routine physical examination, he was sent for a chest x-ray that revealed a large right pleural effusion. See (f) below.
(f) Medications prescribed: For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

iii.   (a) Name:    **Dr. Eli Cohen, Dermatology**
       Address:   6290 Linton Boulevard, Delray Beach, Florida 33484.
       Frequency of treatment: Two occasions to date.
(b) Date(s) of test, examination and/or treatment: Commencing approximately 2008; treatment is on-going as needed.
(c) Symptoms: See (e) below.
(d) Diagnosis: Keratosis.
(e) Treatment of examination given/reason for treatment or examination. Plaintiff was seen in consultation for dermatological problems. See (f) below.
(f) Medications prescribed: For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

iv.    (a) Name:    **Dr. Mark Licht, Urology**
       Address:   1601 Clint Moore Road, Suite 182, Boca Raton, Florida 33487.
       Frequency of treatment: See (b) below.
(b) Date(s) of test, examination and/or treatment: Commencing approximately 2005.
(c) Symptoms: See (f) below.
(d) Diagnosis: See (f) below.
(e) Treatment of examination given/reason for treatment or examination. Plaintiff undergoes urological examinations and is prescribed Adovart for presumed prostate cancer. See (f) below.
(f) Medications prescribed: For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

v.   (a) Name:   **Dr. Robert Biscup, Orthopedic Surgery**
      Address:   2950 Cleveland Clinic Boulevard, Weston, Florida 33331.
      Frequency of treatment: Treatment is not ongoing.
(b) Date(s) of test, examination and/or treatment: Approximately 2007.
(c) Symptoms: See (e) below.
(d) Diagnosis: See (e) below.
(e) Treatment of examination given/reason for treatment or examination. Plaintiff underwent surgery for spinal stenosis on or about April 28, 2007. See (f) below.
(f) Medications prescribed: For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

vi.   (a) Name:   **Dr. Stephen Grabelsky, Oncology**
      Address:   The Center for Hematology-Oncology, 701 NW 13th Street, 2nd floor
                Boca Raton, Florida 33486
      Frequency of treatment: See (b) below.
(b) Date(s) of test, examination and/or treatment: Commencing August 2010; treatment is on-going.
(c) Symptoms: Malignant mesothelioma.
(d) Diagnosis: See (f) below.
(e) Treatment of examination given/reason for treatment or examination. Plaintiff has been undergoing Alimta/Cisplatin chemotherapy treatments. See (f) below.
(f) Medications prescribed: For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

vii.   (a) Name:   **Dr. Lee Krug, Oncology**
      Address:   1275 York Avenue, New York, New York 10021.
      Frequency of treatment: See (b) below.
(b) Date(s) of test, examination and/or treatment: Commencing July 2010; treatment may be on-going.
(c) Symptoms: Malignant mesothelioma.
(d) Diagnosis: See (f) below.
(e) Treatment of examination given/reason for treatment or examination. Plaintiff had an oncological consultation with Dr. Krug and may return after further chemotherapy treatments. See (f) below.
(f) Medications prescribed: For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

viii.   (a) Name:   **Dr. Valerie Rusch, Cardiothoracic Surgery**
      Address:   1275 York Avenue, New York, New York 10021.
      Frequency of treatment: See (b) below.
(b) Date(s) of test, examination and/or treatment: Commencing July 2010; treatment may be on-going.
(c) Symptoms: Malignant mesothelioma.
(d) Diagnosis: Se (f) below.
(e) Treatment of examination given/reason for treatment or examination. Plaintiff was seen for a surgical consultation and is expected to return after further chemotherapy treatments. See (f) below.

(f) Medications prescribed: For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

6.    For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out- patient," please state the following for each such visit:
(a) name and address of the facility;
(b) dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and
(c) reason for visit to the facility.

ANSWER:  Plaintiff objects to this interrogatory on the grounds that the identities and opinions of consulting experts are protected from disclosure by the attorney work-product privilege. Without waiving these objections, at the present time, Plaintiff is aware of the following institutions and treatment rendered (although it is possible that Plaintiff may have been treated or examined in other institutions):

Plaintiff was treated for asbestos-related diseases at various hospitals including but not limited to the following:
i.    (a) Facility:    **Boca Raton Community Hospital**
      Address:    800 Meadows Drive, Boca Raton, Florida 33486.
      (b) Date:    •    August 16, 2010
                    •    July 6 to 7, 2010
                    •    June 24, 2010
                    •    June 14, 2010
          Description of test, treatment, examination:
                    •    Plaintiff underwent an inconclusive liver mass biopsy (August 16, 2010)
                    •    Plaintiff underwent video-assisted pleural biopsy (July 6 to 7, 2010)
                    •    Plaintiff underwent a thoracentesis for right pleural effusion (June 24, 2010)
                    •    Plaintiff underwent an ultrasound-guided thoracentesis for right pleural effusion. Cytology was suspicious for malignancy (June 14, 2010)
      (c) Reason for visit:
                    •    See (b) above. (August 16, 2010)
                    •    Recurrent pleural effusion. (July 6 to 7, 2010)
                    •    See (b) above. (June 24, 2010)
                    •    See (b) above. (June 14, 2010)
      For further particulars, please refer to plaintiff's medical records, authorizations for which have been forwarded to RecordTrak.

8

Plaintiff was treated for <u>various ailments</u> at various hospitals including but not limited to the following:

    i.      (a) Facility:    **Cleveland Clinic Florida**
               Address:    2950 Cleveland Clinic Boulevard, Weston, Florida 33331.
              (b) Date:      April 18, 2007.
              Description of test, treatment, examination: Plaintiff underwent surgery for spinal stenosis.
              (c) Reason for visit: See (b) above. For further particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

    ii.     (a) Facility:    **North Ridge Medical Center- no longer in operation**
               Address:    5757 North Dixie Highway, Fort Lauderdale, Florida 33334.
              (b) Date:      July 8, 2004.
              Description of test, treatment, examination: Plaintiff underwent cardiac catheterization and stent placement for coronary artery disease.
              (c) Reason for visit: See (b) above. For further particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

    iii.    (a) Facility:    **New York Hospital- Cornell Medical Center**
               Address:    New York, New York.
              (b) Date:      Approximately 1960.
              Description of test, treatment, examination: Plaintiff was treated for epiploic appendagitis.
              (c) Reason for visit: See (b) above. For further particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

    iv      (a) Facility:    **U.S. Air Force Hospital, Chanute**
               Address:    Rantoul, Illinois.
              (b) Date:      Approximately the early 1960s.
               Description of test, treatment, examination: Plaintiff was treated for severe conjunctivitis and a subsequent ureteral stone.
              (c) Reason for visit: See (b) above. For further particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

7.    State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

ANSWER:   Plaintiff has sustained a number of asbestos-related injuries, including:
- Malignant mesothelioma;
- Pain to the affected area and surrounding organs and musculoskeletal regions;
- Severe emotional and psychological distress;
- Shortness of breath;
- Significant weight loss;
- Increasing weakness and fatigue;
- Loss of appetite;
- Loss of intimacy.

8.      Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions), including the date and basis therefor.

ANSWER:   Beginning in approximately June 2010 continuing thereafter, Plaintiff began experiencing pain, fatigue and shortness of breath. Symptoms have since increased to severe shortness of breath, weight loss, loss of interest and ability to partake in daily activities such as caring for his ill wife, and in recreational activities, such as golfing and working out at the gym. He has also faced severe emotional and psychological distress. Plaintiff was diagnosed with malignant mesothelioma on or about July 6, 2010.

9.      Have you ever had any biopsies or tissue samples taken? If so, please state for each such procedure:
   (a) the name of the physician performing such procedure;
   (b) the address where such procedure was performed;
   (c) the date when such procedure was performed; and
   (d) the results, conclusions, and/or diagnosis arising from such procedure.

ANSWER: Plaintiff has had the following procedures done:

i. Diaphragmatic implant biopsy taken:
   (a) Name of physician: Dr. Jonathan Waxman.
   (b) Address where procedure was performed: Boca Raton Community Hospital, 800 Meadows Drive, Boca Raton, Florida 33466.
   (c) Date of procedure: July 6, 2010.
   (d) Results: Malignant mesothelioma. For particulars, please refer to plaintiff's medical records, authorizations for which have been given to RecordTrak.

ii. Liver mass biopsy, fine needle aspiration:
   (a) Name of physician: Dr. Douglas DeOrchis.
   (b) Address where procedure was performed: Boca Raton Community Hospital, 800 Meadows Drive, Boca Raton, Florida 33466.
   (c) Date of procedure: August 16, 2010.
   (d) Results: To be provided. For particulars, please refer to plaintiff's medical records, authorizations for which have been given to RecordTrak.

10.     Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests? If so, state:
      (a) the dates and places;
      (b) the reasons;
      (c) the results and/or diagnosis resulting therefrom;
      (d) the location of all chest X-ray films and CT Scans; and
      (e) provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

ANSWER:  Plaintiff has had numerous chest films taken at Boca Raton Community Hospital. For particulars, please refer to plaintiff's medical records, authorizations for which have been provided to RecordTrak.

      Plaintiff's medical records may or may not reflect other diagnostic facilities and health care providers.  Refer to Interrogatory nos. "5" and "6" above.

11.     Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work. If so, state the date(s), place(s), and circumstances thereof.
      (a) acids
      (b) aluminum
      (c) arsenic
      (d) barium
      (e) beryllium
      (f) butanol
      (g) cadmium
      (h) carborundum
      (i) chloroethylene
      (j) chlorine
      (k) chromate
      (l) chromite
      (m) chromium
      (n) coal dust (coal)
      (o) coal tar
      (p) cotton dust
      (q) epoxy
      (r) ethanol
      (s) grinding dust
      (t) iron
      (u) isocyanates
      (v) isopropanol
      (w) lead
      (x) live chickens
      (y) manganese
      (z) nickel
      (aa) nitrogen dioxide
      (ab) nuclear radiation

(ac) ozone
(ad) petroleum distillates
(ae) phosgene
(af) radiation
(ag) silica
(ah) titanium
(ai) toluene
(aj) welding smoke or fumes
(ak) zylene
(al) zinc.

ANSWER: Plaintiff does not recall any such exposure.

12.    Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, from birth to the present time? If so, state the following:
    (a) the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);
    (b) the dates during which you used each such product;
    (c) the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day);
    (d) whether you have ever been told by a physician that you are or were suffering from any disease or illness caused by or contributed to by tobacco; and
    (e) whether you were ever advised by any physician or any other person that use of tobacco products could adversely affect your health and whether you were ever advised to stop using tobacco products, and if so, identify each physician or person who gave you any such advice, the dates on which the advice was given, and state exactly what, if anything, you did in response to that advice.

ANSWER:  Yes.
    i. (a) Kent filtered cigarettes.
    (b) Dates used: 1952 to 1958.
    (c) Amount used: One-half to one pack per day.
    (d) No.
    (e) No.

    ii. (a)Pipe.
    (b) Dates used: 1949 to 1952; 1958 to 1963.
    (c) Amount used: To be provided.
    (d) No.
    (e) No.

13.    For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

(a) the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

(b) the dates during which they used each such product.

<u>ANSWER:</u> Information to be provided.

14.     Do you presently consume or have you in the past consumed alcoholic beverages. If so, state the following:
(a) the type of alcoholic beverages consumed;
(b) the dates during which you consumed each such alcoholic beverage;
(c) the amount of such beverage you consumed each day; and
(d) whether you have ever been treated for any illness or disease related to your consumption of alcoholic beverages.

<u>ANSWER:</u> Plaintiff drank an occasional glass of wine or other beverage from approximately the 1950s until earlier this year. He was never treated for an illness related to his alcohol consumption.

15.     Have you ever been a member of the Armed Forces of the United States? If so, state the following:
(a) the branch of the service, serial number, and highest rank held;
(b) the beginning and ending dates of your military service;
(c) the type of discharge that you received; and
(d) whether you sustained any injuries or incurred any illness during military service.
(e) if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

<u>ANSWER:</u> Plaintiff was a member of the Armed Forces:
(a) Branch: United States Air Force.
    Serial number: A05003918.
    Highest rank held: Captain.
(b) Dates of service: July 1961 to July 1963 (Active Duty); June 1957 to February 1964 (Reserves).
(c) Type of discharge: Honorable.
(d) Injuries: See answer to Interrogatory No. 6 above.
(e) Medical discharge: None.

16.     As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following:

Include on the Chart all employers where you have worked, and all job sites, regardless of whether or not you believe you were exposed to asbestos during the employment. Also, include the source of any product identification information provided on Chart A.

<u>ANSWER:</u>  See attached Chart A; Defendants are also directed to Plaintiff's Social Security Earnings Information, authorizations for which have been provided to RecordTrak.

17.    Please state the following with respect to each Asbestos-Containing Product identified on
Chart A:
      (a) the color, dimensions, shape, form, texture, weight, appearance and flexibility of each
         product;
      (b) the appearance of the package or container indicating the manner of packaging, size,
         dimensions, color and weight; and
      (c) the name, logo, label, numerical and alphabetical markings and other markings or
         words including warnings on the product and package or container.

ANSWER: (a-c) Not applicable.

18.    If you have retired from your employment, set forth the following:
      (a) whether said retirement was voluntary or involuntary;
      (b) the effective date of said retirement;
      (c) the name of your employer at the time of retirement;
      (d) the reason for your retirement;
      (e) whether your retirement was related to any claimed asbestos-related injury; and
      (f) the amount of pension and/or retirement benefits you are receiving or entitled to
         receive.

ANSWER: Plaintiff is retired:
      (a) Plaintiff's retirement was voluntary.
      (b) Date of retirement: Approximately 1992.
      (c) Name of employer: Radiologic Associates, P.C.
      (d) Reason for retirement: To be provided.
      (e) Plaintiff's retirement was not related to his asbestos-related injury.
      (f) Pension: None.

19.    State whether you were exposed (either directly, through a co-worker or otherwise), to any
Bankrupt Entity's Asbestos-Containing Materials, or products either mined or manufactured,
sold, or distributed by a Bankrupt Entity.  If so, state the following:
      (a) As to each and every employer (including military service) you have had from the
         time you were first employed to the present, set forth the following, concerning
         Bankrupt Entities' products only:
         i.   Name of employer;
         ii.  Dates of employment;
         iii. Asbestos-related jobsite and address where Bankrupt Entity's products were
           being used;
         iv.  Dates you were at the jobsite;
         v.   Job duties at the particular jobsite;
         vi.  Bankrupt Entity's asbestos-containing materials or products to which you were
           exposed;
         vii. Other companies using Bankrupt Entity's asbestos-containing materials or
           products at the jobsite; and
         viii. Whether you received any warnings with respect to the use of said product
           and the nature of those warnings.

(b) If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:
  i.   the date, location and circumstances; and
  ii.  the type of product and the name of the manufacturer, distributor, and miner.'

ANSWER: Plaintiff has not filed any bankruptcy claims at this time.

20.   If you were exposed to, used, ingested or inhaled asbestos or Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:
  (a) the date, location and circumstances; and
  (b) the type of product and the name of the manufacturer, distributor, and miner.

ANSWER: Plaintiff smoked Kent filtered cigarettes from 1952 to 1958. See answer to Interrogatory No. 12 above.

21.   Have you ever been a member of any labor union? If so, state:
  (a) the name and address of each local, national and international labor union;
  (b) the inclusive dates of your membership; and
  (c) any positions you have held with each such labor union, and the dates during which you held such positions.

ANSWER: No.

22.   State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos or Asbestos-Containing Products, and if so, identify:
  (a) each such warning, directive, notification, direction, instruction, or information;
  (b) the means by which such was given to you;
  (c) the source and the date on which it was received by you; and
  (d) your response or reaction, including any complaints made or changes in work habits.

ANSWER:  Plaintiff never received any such warnings or directives.

23.   State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:
  (a) the period of time during which said items were available;
  (b) what instructions were given with regard to the use of each of said items;
  (c) whether you used said items and the dates of your use;
  (d) whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

ANSWER:  Not applicable.

24.    If you are making a claim for loss of earnings or impairment of earning power because of your medical conditions, state the following:

(a) date of commencement of any loss or impairment;
(b) the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;
(c) if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;
(d) your total earnings for the period of three years prior to the commencement of any loss or impairment;
(e) the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;
(f) the date on which any loss or impairment ended; and
(g) your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

ANSWER: Plaintiff does not make a claim for lost earnings.

25.     Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment? If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

ANSWER: Plaintiff, Lorraine Eisenberg, claims loss of consortium, society, affection, services, and sexual enjoyment.  Plaintiffs are in the process of collecting relevant information and will forward such information to the defendants.

26.     For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:
        (a) the name, address, sex, age and relationship; and
        (b) the amounts you contributed during the last ten years for support and assistance.

ANSWER: Plaintiff has the following financial dependent:
        (a) Name: Lorraine Eisenberg.
            Address: 21377 Cypress Hammock Drive, Boca Raton, Florida 33428.
            Sex: Female.
            Age: 76.
            Relationship: Spouse.
        (b) Amounts contributed: To be provided.

27.     State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

ANSWER:  Plaintiff is presently coordinating this information, which will be forwarded upon receipt; authorizations for these documents have been furnished to RecordTrak.

28.     Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by the attorney-client privilege) in the above-captioned matter.

ANSWER: Plaintiff objects to this Interrogatory as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, Plaintiff's Exhibit List and List of Deposition Testimony will reflect all photographs, films, movies or video recordings that Plaintiff intends to use at trial.  Plaintiff further objects to this Interrogatory on the ground that the identity and opinions of any and all consulting experts are protected form disclosure by the attorney work-product privilege.  Subject to the above objections, at this time Plaintiff has no written statements, recordings, or video tapes which relate to the facts of this lawsuit.

29.     Have you ever made any claim for, or received any, health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims or suits, Federal Employers Liability Act claims or suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public or private pensions due to disability or your medical condition? If so, state the following:
    (a) the date and place where each such claim was made;
    (b) the name and nature of the entity with which the claim was made;
    (c) any identifying number, such as a docket or petition number, for each claim;
    (d) the defendant, agency, insurer, employer or other entity to or against whom the claim
        was made and its file number;
    (e) the nature of the claim;
    (f) whether you were examined by a physician and if so, the name and address of that
        physician;
    (g) the result of such claim, including the amount realized by way of settlement, judgment
        or award upon the claim;
    (h) the name and address of any attorney who represented you with regard to such claims;
        and
    (i) whether you are presently receiving such benefits.

ANSWER:   Plaintiff has made the following claim:
    (a) Date of claim: Approximately 1994.
        Place of claim: Boca Raton, Florida.
    (b) Entity: Social Security Administration.
    (c) Identifying number: 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.
    (d) Agency: See (b) above.
    (e) Nature of claim: Reached age to receive benefits.
    (f) Physician: None.
        Physician address: Not applicable.
    (g) Result of claim: $1240.90 per month.
    (h) Attorney: None.

Attorney address: Not applicable.
(i) Presently receiving benefits: Yes.

30.    State the following with regard to your asbestos-related legal action:
       (a) Did you file an asbestos-related claim in more than one (1) jurisdiction;
       (b) Identify all of the jurisdiction(s) where an asbestos-related claim has been filed
           (whether or not these claims have been dismissed or discontinued or otherwise
           resolved) on your behalf;
       (c) Did you file your asbestos-related claim(s) under more than one (1) Index Number;
           and
       (d) Provide all of the Index Numbers for all of your asbestos-related claim(s), including
           all multiple Index Numbers for claims filed in New York County.

ANSWER: No.

31.    State whether or not you have made, filed, or submitted a Claim Against Bankrupt Entity
or received funds in settlement from a Bankrupt Entity.  If so, for each claim state the following:
       (a) the date and place where each such claim was made;
       (b) the name and nature of the entity with which the claim was made;
       (c) any identifying number, such as a docket or petition number, for each claim;
       (d) the defendant, agency, insurer, employer or other entity to or against whom the claim
           was made and its file number;
       (e) the nature of the claim;
       (f) whether you were examined by a physician and if so, the name and address of that
           physician; and
       (g) whether you received any compensation as a result of such claim, but not the amount.

ANSWER: See our response to question 19.

32.    State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay
as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

ANSWER: No.

33.    Have you or your spouse ever been a party to or a witness in any lawsuit, court or
administrative proceeding? If so, please state:
       (a) whether you or your spouse were a party or witness and if party, whether plaintiff or
           defendant;
       (b) the precise name of the lawsuit or proceeding, the court agency in which it was
           brought and the docket number;
       (c) the nature of the charges or claims and, if you or your spouse were a witness, the
           subject matter of the testimony; and
       (d) the disposition of the case.

ANSWER:  Plaintiff has been a defendant in approximately four lawsuits brought against
Radiologic, P.C. He also brought a suit against Radiologic, P.C. in approximately 1992. He was

awarded partial payment of the buy-out agreement amount he was seeking. Plaintiff is also currently a defendant in a motor-vehicle accident case that is pending in Broward County. He was deposed once in this matter to date. Further information to be provided.

34.    Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trusts?  Specify "Yes" or "No" only.

ANSWER:  No.

35    Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

ANSWER: None.

36.    Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

ANSWER: Only the plaintiff assisted in answering these interrogatories.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Section VIII (B)(2)(b) of the C.M.O., the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below.  The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.  The following requests include, but are not limited to, documents that relate to Bankrupt Entities.

You are hereby requested to produce the following documents and things:

1.      All documents identified in your answers to these interrogatories.

ANSWER: Plaintiff objects to this to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.  Plaintiff also objects to this request as seeking information protected by the attorney-client and work-product privileges.  Plaintiff further objects on the grounds that the identities and opinions of consulting experts are protected from disclosure by the attorney-client privilege.  Notwithstanding these objections, Plaintiff relied on various medical records, authorizations for which have been provided to RecordTrak.  In addition, see responses to request nos. "2" and "6" below.

2.      All documents relating to the plaintiff's job qualifications and professional licenses held.

ANSWER:  Plaintiff is not in possession of any such documents.  Authorizations for employment records have been forwarded to RecordTrak.

3.      All documents relating to the plaintiff's membership in any labor trade association or professional organization.

ANSWER:  Plaintiff is not in possession of any such documents.

4.      All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualifications, promotions, reductions or disciplinary actions.

ANSWER: To the extent that documentation exists, RecordTrak has been provided with duly executed authorizations.

5.      All documents relating to any claim or demand ever made by the plaintiff or the plaintiff's decedent for damages, compensation or other benefits allegedly resulting from any illness or injury, including but not limited to, Claims Against Bankrupt Entities, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

ANSWER:  Any relevant authorizations for the records of the Veterans Administration have been supplied to RecordTrak.

6.      All documents in plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, Asbestos-Containing Products and/or Asbestos-Containing Materials.

ANSWER: Plaintiff objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.  Plaintiff also objects to this request as seeking information protected by the attorney-client and work-product privileges. Plaintiff further objects to this request on the grounds that the identities and opinions of consulting experts are protected from disclosure by the attorney work-product privilege. Any documents Plaintiffs intend to use will be identified in accordance with the Case Management Order.

7.      All documents in plaintiff's possession, custody or control relating in any way to the plaintiff's or the plaintiff's decedent's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromate, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

ANSWER:  Plaintiff is unaware of any such exposures but nonetheless is not in possession of any such documents.

8.      All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, Asbestos-Containing Products, and/or Asbestos-Containing Materials.

ANSWER:   Plaintiff is unaware of any such documentation.

9.      All applications prepared or submitted by or on behalf of the plaintiff's for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

ANSWER:   Plaintiff is not in possession of any such documents.

10.      All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, Asbestos-Containing Products and/or Asbestos-Containing Materials or any other issues relating to this lawsuit except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established, and attorney work product, need not be produced or identified.

ANSWER:   Plaintiff objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, Plaintiff's Exhibit List and List of Deposition Testimony will identify all photographs,

films, movies or video recordings that Plaintiff intends to use at trial pursuant to applicable sections of the New York C.P.L.R.

11.    All records in plaintiff's possession, custody or control relating to comments, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees or union members regarding asbestos exposure.

ANSWER:  Plaintiff is not in possession of any such records.

12.    All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel made after an attorney-client relationship has been established and attorney work product need not be produced or identified.

ANSWER:  Plaintiff objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, Plaintiff's Exhibit List and List of Deposition Testimony will identify all photographs, films, movies or video recordings that Plaintiff intends to use at trial pursuant to applicable sections of the New York C.P.L.R.

13.    All photographs of the plaintiff or the plaintiff's decedent at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's or the plaintiff's decedent's place of employment.

ANSWER: Plaintiff is not presently in possession of any such photographs.

14.    Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

ANSWER:  To be provided; Defendants are also directed to RecordTrak.

15.    Copies of all reports, correspondence and records from any doctor who has examined the decedent, any hospital where the decedent has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications issued by any consulting physicians who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

ANSWER:    Plaintiff objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.  Plaintiff also objects to this request as seeking information protected by the attorney-client and work-product privileges. Additionally, Plaintiff objects to this request on the ground that the identities and opinions of consulting experts are protected from disclosure by the attorney work-product privilege.  Subject to the above objections, appropriate medical authorizations have been forwarded to RecordTrak.

16.     All tissue specimens, tissue slides, and x-ray films and CT scans pertaining to the plaintiff.

ANSWER:  Plaintiff is not presently in possession of any tissue specimens or slides.  Appropriate authorizations have been forwarded to RecordTrak.

17.     Copies of plaintiff's income tax returns for the last ten years of plaintiff's employment and up to the current year as well as any other documents, including economic loss reports, upon which plaintiff relies in support of his claims. If loss of earnings or earning capacity is alleged or claimed to have occurred before the current year, include copies of the income tax returns of the plaintiff from ten years prior to the claimed loss and up to the current tax year.

ANSWER:   Plaintiff is not making a claim for lost earnings and is therefore not providing tax information.

18.     Any asbestos and/or Asbestos-Containing Products or product packaging of the type to which the plaintiff alleges exposure and which the plaintiff has in his possession, custody or control.

ANSWER: Plaintiff is not in possession of any such materials.

19.     All photographs, charts, drawing, diagrams or other graphic representations depicting work conditions at work sites where the plaintiff claims the plaintiff was exposed to asbestos or Asbestos-Containing Products.

ANSWER: Plaintiff is not in possession of any such materials.

20.     All invoices, bills, statements and any other writings or records which the plaintiff contends evidence the sale of any Asbestos-Containing Products to the place of the plaintiff's or plaintiff's decedent's employment at which plaintiff claims that plaintiff or plaintiff's decedent was exposed to asbestos. This does not include documents in the possession, custody or control of plaintiff's attorney unless such documents were provided by plaintiff to his/her attorney and are not privileged.

ANSWER:   See response to item no. "6"

21.     Any written advice, publication, warning, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or Asbestos-Containing Products in the products in the possession, custody or control of the plaintiff.

ANSWER:  Plaintiff is not in possession of any such materials.

22.     Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

<u>ANSWER:</u>   Plaintiff is not in possession of any accident or incident reports.


Dated: New York, New York
       December 9, 2010

                                  Respectfully submitted,
                                  BELLUCK & FOX LLP
                                  Attorneys for Plaintiffs
                                  546 Fifth Avenue, 4th floor
                                  New York, New York 10036
                                  (212) 681-1575

                        By: _____
                                  Bryan Belasky, Esq.

## EXHIBIT A

<u>Bankrupt Entity</u> includes, without limitation: UNR Industries, Inc., Johns-Manville Co., Amatex Corp., Waterman Steamship Corp., Wallace & Gale Co., Forty-Eight Insulations, Inc., PACOR, Prudential Lines, Inc., Standard Insulations, Inc., US Lines, Nicolet, Inc., Gatke Corp., Chemetron Corp., Raytech, Delaware Insulations, Celotex Corp., Hillsborough Holdings, National Gypsum Co., Standard Asbestos Mfg. & Insul., Eagle-Picher, H.K. Porter Co., Cassiar Mines, Keene Corp., American Shipbuilding, Inc., Lykes Brothers Steamship, Rock Wool Mfg., SGL Carbon, M.H. Detrick, Brunswick Fabricators, Fuller-Austin Insul., Harnischfeger Corp., Joy Technologies, Rutland Fire & Clay, Babcock & Wilcox, Pittsburgh Corning, Burns & Roe Enterprises, E.J. Bartells, Owens Corning, Armstrong World Industries, G-1 Holdings (GAF Corp.), W.R. Grace, Skinner Engine Co., USG (US Gypsum) Corp., Federal Mogul, Eastco Industrial Safety Corp., Washington Group Int'l, Inc., Bethlehem Steel, North American Refractories, Kaiser Aluminum, Plibrico Refractories, Porter-Hayden, American Club, Huxley Development Corp., Harbison-Walker Refractories Co., Continental Producers Corp., A.P. Green Indus., Shook & Fletcher, Atra Group, Inc. (Synkoloid), and ACandS, Inc; C.E. Thurston.

**MARVIN EISENBERG**

**CHART A**

**JOBSITE-SPECIFIC EXPOSURE HISTORY**

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used Personally | Other ACM to Which You Were Exposed** | Other Workers on Jobsite, including supervisor | ACM identified by Such Other Workers | Other Companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| Einstein Medical Center | July 1957 to July 1958 | Bronx, New York | July 1957 to July 1958 | Medical Intern | | | | | |
| New York Hospital-Cornell Medical Center | July 1958 to July 1961 | New York, New York | July 1958 to July 1961 | Radiology Resident | | | | | |
| United States Air Force | July 1961 to July 1963 | Air Force Base, Rantoul, Illinois | July 1961 to July 1963 | Radiologist | | | | | |
| Brooklyn Jewish Hospital | July 1963 to February 1966 | Brooklyn, New York | July 1963 to February 1966 | Director of Radiology | | | | | |
| Goshen Hospital/ Arden Hill Hospital | February 1966 to approx. the mid 1970s | Middletown, New York | February 1966 to approx. the mid 1970s | Director of Radiology | | | | | |
| Horton Memorial Hospital | February 1966; end date to be provided. | Middletown, New York | February 1966; end date to be provided. | Radiologist | | | | | |
| Radiologic Associates P.C. | Start date to be provided- to 1992 | Middletown, New York | Start date to be provided- to 1992 | Radiologist; President of Corporation. | | | | | |

\* ACM - Asbestos Containing Materials or Products.
\*\* Identify brand and manufacturer names, if known.

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
MARVIN EISENBERG and LORRAINE EISENBERG,          Index No.: 190397/10

                              Plaintiffs,


                   -against-                                    **CERTIFICATION**


CARRIER CORPORATION, et al.,

                              Defendants.
-------------------------------------------------------------------x

      BRYAN BELASKY,  ESQ., an attorney duly admitted to practice before the Courts of the

State of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of

the Chief Administrator that to the best of my knowledge, information and belief, which was

formed after a reasonable inquiry under the circumstances, the presentation of the foregoing

**PLAINTIFFS' RESPONSE TO DEFENDANTS'  INTERROGATORIES AND  REQUEST**

**FOR PRODUCTION OF DOCUMENTS**  and it contents are not frivolous, as the term is defined

in Part 130.

Dated:  New York, New York
        December 9, 2010

                        Yours, etc.

                        BELLUCK & FOX, LLP.
                        Attorneys for Plaintiffs
                        546 Fifth Avenue, 4th floor
                        New York, New York 10036
                        (212) 681-1575

                     By:_____
                          Bryan Belasky, Esq.