BEFORE THE JUDICIAL COUNCIL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LITIGATION (NO. IV) | ) MDL DOCKET NO. 875 |
| | ) CAC NO. 2:11-CV-00738 |
| GENEVIEVE SCHROEDER, KEITH SCHROEDER, CRAIG SCHROEDER, | ) |
| Plaintiffs, | ) **PLAINTIFF' BRIEF IN SUPPORT OF ITS MOTION TO VACATE CONDITIONAL TRANSFER ORDER** |
| vs. | ) |
| A.W.CHESTERTON COMPANY; FMC CORPORATION as successor in interest to NORTHERN PUMP COMPANY; GENERAL ELECTRIC COMPANY; GOULDS PUMPS (IPG), INC.; IMO INDUSTRIES INC., individually and as successor in interest to DE LAVAL TURBINE, INC., and WARREN PUMPS, INC.; INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM TURBINE COMPANY; METALCLAD INSULATION CORPORATION; RAPID AMERICAN CORPORATION; VIACOM, INC., individually and as successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION successor-in-interest to BF STURTEVANT CO.; VIAD Corp, f/k/a THE DIAL CORPORATION, individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY; YARWAY CORPORATION; FLOWSERVE dba BYRON JACKSON PUMPS and DOES 1 through 100, Inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

TO THE CLERK OF THE PANEL, THIS COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS HEREIN:

1  Plaintiffs, GENEVIEVE SCHROEDER, KEITH SCHROEDER, CRAIG
2  SCHROEDER, pursuant to Judicial Panel on Multidistrict Litigation Rule 7.1(f), submits this
3  Brief in Support of its Motion to Vacate Conditional Transfer Order 358 (hereinafter "CTO").
4  Plaintiffs request that the Panel vacate its CTO and remand the above referenced case to the
5  United States District Court for the Central District of California.

6  ## I.    **BACKGROUND**

7  Plaintiffs originally filed this matter on December 7, 2010, in the Superior Court of the
8  State of California, County of Los Angeles.  Said action was filed by Plaintiffs alleging that
9  decedent, Ted A. Schroeder, contracted mesothelioma from his exposure to asbestos and
10  asbestos-containing products while serving in the United States Navy from 1960 to 1964.
11  Plaintiffs allege that the decedent was required to and did handle and use products which
12  included asbestos and asbestos fibers; and was exposed to asbestos fibers and dust generated
13  by the use of said products by other workers in the same work environment.  (*See* Plaintiffs'
14  Complaint ¶ 7).  Plaintiffs alleged claims of breach of warranty, strict liability and negligence
15  claims (survival and wrongful death).

16  Furthermore, Plaintiffs' Complaint specifically disclaims any federal cause of action
17  or any claim that would give rise to federal jurisdiction, and alleges that any claims against
18  manufacturers, sellers, and suppliers of asbestos-containing products installed on such vessels
19  and/or aircraft are not based on the theory of defective design, but rather are based only on
20  the theory of failure to warn. (*See* Complaint, ¶ 5).

21  Defendant, Viad Corp, filed its Notice of Removal on January 26, 2011.  On or about
22  February 1, 2011, this Panel issued Conditional Transfer Order (CTO-358), conditionally
23  ordering the transfer and consolidation of this action with numerous pending actions
24  involving questions of fact that are common to actions previously transferred to the Eastern
25  District of Pennsylvania.  Plaintiffs subsequently filed their notice of opposition to said
26  Conditional Transfer Order 358 on February 3, 2011.

27  Plaintiffs are concurrently filing a Motion to Remand Removed Action with the United
28  States District Court, Central District of California (*See* Attached Exhibit "A").  Plaintiffs

1  argue in their Motion to Remand that there is no federal jurisdiction in this matter and

2  therefore this action was improperly removed to federal court.

3  **II.   ARGUMENT**

4  In addition to this Motion to Vacate Conditional Transfer Order, Plaintiffs have

5  concurrently filed a Motion to Remand the Removed Action in the United States District

6  Court, Central District of California. Plaintiffs believe, on grounds of fairness and efficiency,

7  that the Judicial Panel on Multidistrict Litigation vacate Conditional Transfer Order 358, in

8  order to give the United States District Court, Central District of California an opportunity to

9  hear and rule on Plaintiffs' Motion to Remand the Removed Action.

10  In Plaintiffs' Motion to Remand the Removed Action, Plaintiffs argue that removal to

11  Federal District Court was improper because there are no grounds for federal jurisdiction, as

12  described in greater detail herein.

13  **A.   The United States District Court Lacks Subject Matter Jurisdiction to**

14  **Hear This Action Because the Government Contractor Immunity Defense**

15  **Provided by 28 U.S.C. § 1442(a)(1) is Inapplicable to This Action.**

16  Viad Corp removed this action pursuant to 28 U.S.C. § 1442(a)(1), the federal officer

17  removal statute.[1]  (See Viad Corp's Not. of Removal, p. 4 ¶ 9). This statute provides that

18  "[t]he United States or any agency thereof or any officer (or any person acting under that

19  officer) of the United States or any agency thereof, sued in an official or unofficial capacity

20  for any act under color of such office" may remove an action to federal court. If the defendant

21  is not a federal officer or agency, the defendant must show (1) there is a causal nexus between

22  its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (2) it can

23  assert a "colorable federal defense."[2]  *Jefferson County v. Acker* (1999) 527 U.S. 423; *Mesa*

24  *v. California* (1989) 489 U.S. 121, 129.

25  Viad Corp cannot show it has a colorable federal defense based on the following.

26

27

28

[1]"Government Contractor Defense" and "Federal Officer Removal Statute" are used interchangeably herein.

[2]Defendant must also show that it is a "person", but plaintiffs do not contest this particular element of the federal officer defense.

First, the injurious product provided to the Navy by Viad Corp was not military equipment. Secondly, the express disclaimer in plaintiffs' complaint eliminates any federal subject matter. Lastly, defendant cannot meet its burden of demonstrating a causal nexus and the existence of a "colorable federal defense."

> **1.      The Injurious Product at Issue, Asbestos Containing Products, Is Not Military Equipment as it Was Readily Available and in Substantially the Same Form for Both Military and Commercial Applications.**

For a defendant to assert the government contractor defense pursuant to 28 U.S.C. § 1442(a)(1), the defendant must establish that the injurious product at issue was military equipment. Moreover, this defense can only be asserted where the federal government directs the defendant manufacturer to produce equipment with special features that serve a military interest, and the manufacturer complies with those directions.

The leading case on this issue is *Boyle v. United Technologies Corp.*, (1988) 487 U.S. 500. In *Boyle*, a Marine helicopter pilot drowned after the helicopter crashed at sea and the pilot was unable to escape because of the design of the escape hatch. In ordinary helicopters, the escape hatch opens inward. This particular helicopter was designed, at the Navy's request, to have an escape hatch that opened outward. *Boyle*, 487 U.S. at 502-03. The family of the pilot sued the helicopter manufacturer alleging design defect relating to the escape hatch, and the manufacturer claimed immunity from state tort law because it built the escape hatch according to military specifications.

The *Boyle* court adopted the rule that liability for design defects cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512. Applying this rule to the facts and circumstances in *Boyle*, the court found liability for design defects pursuant to state law could not be imposed because the United States approved specifications for an escape hatch that opened outward, and the

1    defendant manufacturer built the helicopter to conform with that specification.  *Id.*

2         Further explanation of the applicability of this defense was provided in *In re Hawaii*

3    *Federal Asbestos Cases*.  There, the court observed, "[w]here the goods ordered by the

4    military are those readily available, in substantially similar form, to commercial users, the

5    military contractor defense does not apply." *In re Hawaii Federal Asbestos Cases* (9th Cir.

6    1992) 960 F.2d 806, 811 (emphasis added).  The court went on to explain:

> "The Boyle Court noted that the military makes highly complex and sensitive
> decisions regarding the development of new equipment for military usage.
> Allowing the contractors who are hired to manufacture that equipment to be
> sued for the injuries caused by it would impinge unduly on the military's
> decision making process.  The contractors would either refuse to produce the
> military equipment for the Government or would raise their prices to insure
> against their potential liability for the Government's design.  Boyle at 512.
> These same concerns do not exist in respect to products readily available on the
> commercial market.  The fact that the military may order such products does not
> make them 'military equipment.'  The products have not been developed on the
> basis of involved judgements made by the military but in response to the
> broader needs and desires of end-users in the private sector.  The contractors,
> furthermore, already will have factored the costs of ordinary tort liability with
> respect to the goods sold to one of their customers, the Government, is unlikely
> to affect their marketing behavior or their pricing. Id. (emphasis added)

17        In the present action, Viad Corp provided the Navy with main distilling plants,

18   emergency distilling plants and fuel oil heaters.  This is not equipment with special features

19   that serve a military interest.  This equipment that was provided to the Navy is substantially

20   similar to those provided to commercial users.  Viad Corp has produced no evidence

21   indicating that the equipment supplied to the Navy were equipped, at the request of the Navy,

22   with special features that served a military interest.

23        Viad Corp contends, without supporting evidence, that the equipment it provided to

24   the Navy was constructed "according to precise, detailed specifications." (*See* Viad Corp's

25   Not. of Removal, p.4 ¶ 12).  However, Viad Corp fails to present an argument or set forth any

26   evidence that the use of the asbestos containing equipment served a military interest.

27   Moreover, Viad Corp failed to present an argument or set forth evidence that the equipment

28   supplied to the Navy was substantially different in form to those used in commercial activities.

1     Based on the foregoing, the products provided to the Navy by Viad Corp was not

2     military equipment and Viad Corp cannot assert the military contractor defense.

3     **2.     The Express Disclaimer In Plaintiffs' Complaint Eliminates Any**

4     **Federal Subject Matter Jurisdiction.**

5     When presented with motions for remand, courts have ruled that plaintiffs may

6     disclaim recovery for any exposures that raise potential federal question issues, and thereby

7     preserve state court jurisdiction. "The party who brings suit is master to decide what law he

8     will rely upon." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir. 1998). Disclaimers to

9     preclude removal are specifically authorized because the plaintiff has the prerogative of

10    determining the theory of his action and . . . may defeat removal to the federal courts by

11    avoiding allegations which provide a basis for the assertion of federal jurisdiction." *Jones v.*

12    *General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). Indeed, "[t]he fact that a

13    plaintiff could have alleged viable federal claims is of no moment. By electing to disclaim

14    all federal claims, plaintiffs will be precluded from trying [them] in state court . . . but that

15    does not prevent plaintiff from being entitled to remand." *Caldwell v. American Home*

16    *Products Corp.*, 210 F.Supp.2d 809, 812 (S.D.Miss 2002), emphasis added. These opinions

17    are all based on the proposition that a plaintiff is free to waive any federal claims so that he

18    or she may proceed in state court.

19    Here, Defendant, Viad Corp, asserts federal officer jurisdiction as the exclusive basis

20    for subject matter jurisdiction, contending that the actions for which it is being sued were

21    directed and compelled by the United States Navy. In their complaint, however, plaintiffs

22    expressly and specifically disclaimed any cause of action or recovery committed at the

23    direction of an officer of the United States Government as follows:

24         5.    Plaintiff specifically disclaims any federal cause of action or any
            claim that would give rise to federal jurisdiction. To the extent
25         that any of plaintiffs' decedent asbestos exposure took place on
            a federal enclave, or to the extent that any of plaintiffs' decedent
26         asbestos exposure occurred on board vessels of the United States
            military (including Naval ships) or in the construction,
27         maintenance and/or repair of United States military vessels
            and/or aircraft, plaintiffs' negligence claims against
28

manufacturers, sellers and suppliers of asbestos-containing products installed on such vessels and/aircraft are not based on the theory of defective design, but rather are based only on the theory of failure to warn. Since there is no evidence that the United States Government, or any of its military branches, specifically instructed manufacturers from which it purchased asbestos-containing products not to warn about the health hazards associated with exposure to asbestos, there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or federal contractor provisions of the United States Code. This disclaimer pertains to all of plaintiffs' claims, including those of negligence and products liability, as asserted herein. *See* Complaint, p.2 ¶ 5.

In other words, plaintiffs are not suing Viad Corp for anything that a federal officer or agency may have compelled it to do. Federal courts have frequently given effect to such disclaimers on the basis that there is no remaining federal question on which to rest jurisdiction. In *Barrett v. CLA-VAL Co.*, No. CV 07-7774 (C.D. Cal. Feb. 5, 2008), an opinion out of the Central District of California, Judge Philip S. Gutierrez considered a very similar case involving the wrongful death of a plaintiff due to malignant mesothelioma. The case, originally filed in state court, was removed by Defendant, Foster Wheeler, based upon federal officer jurisdiction. The plaintiffs' complaint also contained a disclaimer. The court found that this disclaimer was adequate to justify remand, stating:

"By inserting the disclaimer into the Complaint, the Court's [sic] concludes that plaintiffs preserved state court jurisdiction by removing the very grounds for removal that Foster Wheeler is now asserting - the military contractor's defense. ***This defense simply does not exist if plaintiffs have waived any claims 'for recovery for injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party Defendant committed at the direction of an officer of the United States Government.'*** Consequently, Foster Wheeler cannot meet § 1442(a)(1)'s causal nexus requirement, since all claims 'taken pursuant to a federal officer's directions' have been waived. Nor can Foster Wheeler meet § 1442(a)(1)'s 'colorable federal defense' requirement, since plaintiffs' waiver prevents the military contractor's defense from being 'colorable.' Accordingly, plaintiffs' waiver justifies remand." (*Id.* at 3) [emphasis added]

///

///

Other cases from the 9th Circuit have held similarly. As the court explained in *Westbrook v. Asbestos Defendants (BHC)*, 2001 WL 902642 (N.D. Cal. July 31, 2001), "[p]laintiff's claim against defendant Todd Shipyards Corp., exclude plaintiff's asbestos exposure at military and federal government job sites . . . the court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal job sites in Vessels. This waiver, therefore justifies remand." Id. at p.*3; see also *Overly v. Raybestos-Manhattan, Inc.*, 1996 WL 532150, *3 (N.D. Cal. Sept. 9, 1996); *Schilz v. A.P. Green Ind., Inc.*, 2002 WL 102608, *1 (N.D. Cal. Jan. 15, 2002) [plaintiffs obtained remand based on waiver of all design defect claims that could have given rise to federal officer exposure].

As in *Barrett*, plaintiffs' complaint contains a disclaimer which justifies remand. Plaintiffs in this action specifically disclaimed any federal cause of action or any claim that would give rise to federal jurisdiction, thereby eliminating the very grounds that Viad Corp has asserted for removal.

        **3.**      **There is No Federal Officer Jurisdiction Because Viad Corp Cannot Demonstrate a "Causal Nexus" and the Existence of a "Colorable Federal Defense."**

The federal officer removal statute (28 U.S.C. § 1442 (a)(1)) provides federal jurisdiction over claims "against [a]ny officer of the United States or any agency thereof, or any person acting under him, for any act under color of such office . . ." Under this statute, however, a defendant must establish that: (1) it is a "person"; (2) that it acted "pursuant to a federal officers directions" and that a "causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims; and, (3) that is has a "colorable federal defense." *Mesa v. California*, supra, 489 U.S. at pp. 124-25, 134-35 (1989); see also *Fung v. Abex Corp.*, 816 F.Supp. 569, 571-72 (N.D. Cal. 1992). Viad Corp, which acknowledged these requirements in its notice of removal, cannot satisfy them.

///

///

**a.**   **Plaintiffs' Only Claim Against Viad Corp Is for Failure to Warn of the Hazards of Asbestos.**

Viad Corp broadly characterizes plaintiffs' claims as seeking recovery for injuries sustained when "decedent was exposed to asbestos and asbestos-containing products while serving in the United States Navy as a 1st Class Shipfitter aboard the USS Princeton from 1960 to 1964." Not. of Rem., p.3 ¶ 7.  However, plaintiffs' claims against Viad Corp are not nearly so broad.  Plaintiffs' complaint contains causes of action limited to state-based failure to warn claims.  Viad Corp misconstrues the breadth of the complaint by alleging that plaintiffs' "assert breach of warranty, strict liability and negligence claims (survival and wrongful death) against Viad and other defendants." Not. of Rem., p.3 ¶ 6.  This is not the case.  Plaintiffs' strict liability and negligence claims are limited to failure to warn claims.  A reasonable interpretation of the complaint, therefore, confirms that plaintiffs only sued Viad Corp for state law failure to warn claims.

The fact that plaintiffs *could* have sued on different theories is immaterial.  In *Feidt v. Owens Corning Fiberglass Corporation*, 153 F.3d 124 (N.J.) 1988, the Third Circuit affirmed remand of an asbestos case where the plaintiff avoided federal jurisdiction by only pleading a failure to warn claim: "a fair reading of the complaint . . , demonstrates that plaintiff's claims were predicated solely upon the defendant's failure to warn persons such as plaintiff . . . of the dangers of contact with asbestos-laden thermal insulation . . . *While different claims on different bases are asserted against other defendants, this is the sole potentially viable claim against Westinghouse*." *Id.* at 127 [italics in original].

Here, there should be no question as to the theory of liability that plaintiff assert against Viad Corp.  Between plaintiffs' disclaimer and the limited nature of plaintiffs' claims, the only possible theory of recovery against Viad Corp is for failure to warn.  Viad Corp must therefore satisfy the various elements of federal officer jurisdiction by showing that it was acting under federal direction when it failed to warn of asbestos hazards, which it cannot do.

///

///

     **b.**    **Viad Corp Cannot Show a "Causal Nexus" Between the United States Navy and Plaintiffs' Claims Because the United States Navy Never Precluded Warnings About the Hazards of Asbestos.**

Plaintiffs do not dispute that Viad Corp satisfies the first element of federal officer jurisdiction in that it is a "person" within the meaning of the statute. However, plaintiffs do contend that the second element, that it acted "pursuant to a federal officers directions" and that a "causal nexus exists between the defendant's actions under color of federal office and the plaintiffs' claims," cannot be satisfied. In this case, Viad Corp offers no viable evidence that it acted at the direction of the Navy to omit any warnings of the dangers of asbestos exposure. It also provides no evidence beyond conjecture to support its claim that by specifying certain asbestos-containing equipment for installation on its vessels, the Navy somehow also prohibited Viad Corp from affixing warnings to that equipment or providing appropriate warnings about asbestos in the technical manuals and maintenance guides.

Regardless, the question of whether the Navy ever precluded such warnings has already been adjudicated. In *GAF Corporation v. U.S.*, 932 F.2d 947 (C.A. Fed. 1991), an asbestos insulation manufacturer brought suit against the federal government seeking indemnity for its asbestos-related tort losses. The court entered summary judgment in favor of the government on the ground that there was no evidence that the Navy ever specified that no asbestos warnings were to be given. The court refused to hold the government liable, finding that "nothing in the contract specifications prevented [GAF] from putting warnings on its products. These asbestos supply contract specifications, whether design or performance, did not cause [GAF's] tort losses." *Id.* at 950. If nothing else, *GAF* shows that Viad Corp, if it is to succeed in removal, must provide evidence that the Navy, in its contract specifications prohibited Viad Corp from issuing warnings about the hazards of asbestos.

Viad Corp is unable to show any evidence that the Navy precluded the issuance of warnings and that it acted at the direction of the Navy by omitting any warnings. Without such evidence, Viad Corp cannot satisfy the second element of federal officer jurisdiction and, therefore this case should be remanded to state court.

c.    **Viad Corp Cannot Establish a "Colorable Federal Defense" Based on Military Contractor Immunity.**

Just as it cannot show a causal nexus, Viad Corp cannot support the elements of a required "colorable federal defense" based on military contractor immunity.  Some courts have held that a "colorable" defense does not involve providing evidence to prove a defense.  (*See O'Connell v. Foster Wheeler*, 544 F.Supp.2d 51 (D. Mass. 2008); *David A. Marley v. Elliot Turbomachinery Company Inc., et al.*, No. 07-23042, (S.D. Fla., 2008) U.S. Dist. LEXIS 33715.  However, it is clear that more than mere speculation is required in order to justify a colorable defense.  As the court stated in *Barrett*:

> "Although Foster Wheeler's evidence supports its claim that the Navy 'would not' have approved asbestos warnings, Foster Wheeler has failed to submit evidence that the U.S. Navy actually required it to refrain from issuing warnings. . .None of the declarations or affidavits cite to any specific military or contractual provisions demonstrating the Navy actually discussed the issue of asbestos warnings on the equipment. Absent such a showing, Foster Wheeler *has no colorable military contractor defense to a failure to warn claim*." (*Barrett v. CLA-VAL Co., et al., supra* at 5) [Internal citations omitted, emphasis added]

The same is true for the instant case.  Viad Corp does not offer any concrete evidence to support a colorable defense, Viad Corp still does not cite to any specific military provisions demonstrating that the Navy discussed the issue with manufacturers or asked them to refrain from issuing warnings.

Under certain conditions, such a defense immunizes contractors who supply military equipment to the government from the duties imposed by state tort law.  But such displacement of ordinary tort liability "occur[s] only where . . . a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation of state law . . ." *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

The Court in *Boyle* ruled that state tort law claims may be preempted only when the claims involve "uniquely federal interests," and a "significant conflict" exists between the federal interest and the operation of state law.  *Id.* at 503-04, 507.  Although the court concluded that civil liabilities arising out of the performance of a military procurement

contract is an area of unique federal interest, the existence of a federal interest is not sufficient to warrant displacement of state law. State law will be preempted only if there is a significant conflict between defendants' contractual duties to the federal government and its state law duties. *Id.* at 505-06.

To fashion a test for determining whether a significant conflict exists, the court turned to the Federal Tort Claims Act ("FTCA"). In that statute, Congress authorized the recovery of damages from the United States government except when the claims brought are based on the government's exercise or failure to exercise a 'discretionary duty.' 28 U.S.C. § 2680(a). Because a contractor acts in the government's stead when contracted to perform a discretionary function, the court expanded the government's immunity to cover contractors for liability arising from design defects when the government exercised its discretion over the design. *Boyle, supra* at 512.

Consequently, the court held that a government contractor is only immune from state tort liability for design defects in military equipment when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the danger in the use of the equipment that were known to the supplier but not to the United States. *Id.* The first two prongs are intended to ensure that a government officer, and just the contractor, considered the design feature in question. *Ibid.* In other words, immunity is granted to a contractor only when its liability arises from acts or omissions made on the government's behalf. The third prong is designed to discourage contractors from withholding their knowledge of latent risks that might jeopardize the contract. *Ibid.*

Because the defendant's contractual duty in *Boyle* (design an outward opening escape hatch) was "precisely contrary" to its state law duty of care (design an inward opening escape hatch), the Supreme Court held that state law was preempted by the government contractor defense. This case, however, presents the exact opposite situation: Viad Corp's liability for failing to warn of the dangers of asbestos did not arise from the performance of its duties because, as explained above, the government never prohibited any such warnings. In fact,

1   Viad Corp produced no evidence in support of its removal that the navy exercised any
2   discretion or preclusion over asbestos-related health warnings.

3       For example, in *Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431 (5th Cir. 2000), the
4   court held that state law is only displaced in a failure to warn claim if: (1) the government
5   exercised its discretion and approved the warnings, if any; (2) the contractor provided
6   warnings that conformed to the approved warnings; and (3) the contractor warned the
7   government of the dangers in the equipment's use about which the contractor knew, but the
8   government did not. *Id.* at 438.

9       The court's conclusion in *Kerstetter* was foretold by an earlier opinion in *In re Air
10  Disaster at Ramstein Air Base*, 81 F.3d 570 (5th Cir. 1996). In that case, the court held that
11  a contractor is entitled to the defense in a failure to warn case only if it establishes "an
12  identifiable federal interest or policy in the existence of methods of warning and a significant
13  conflict between the federal interest or policy and the operation of state law." *Id.* at 576. The
14  court then concluded that, based on the evidence presented, it could not determine whether
15  the government exercised sufficient discretion with respect to a warning to bring the
16  plaintiffs' claim within the scope of Boyle, because the defendants had not presented any
17  evidence to establish whether they and the government were involved in any discussions
18  about warnings. *Ibid.* Therefore, the Fifth Circuit clearly requires a contractor to prove that
19  the government exercised some discretion over a warning before the contractor may claim the
20  protection of the military contractor defense in a failure-to-warn case.

21      The Sixth and Seventh Circuits also require defendants to present evidence that the
22  government exercised discretion over a warning before the government contractor defense
23  will bar a failure-to-warn claim, even if the defendant would be immune from a design defect
24  claim. In *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1156-57 (6th Cir. 1995), the Sixth Circuit
25  explained that: "[s]imply because the government exercises discretion in approving a design
26  does not mean that the government considered the appropriate warnings, if any, that should
27  accompany the product." *Id.* at 1156.

28      Likewise, the Seventh Circuit found it well-established that a defendant may not defeat

1  a state failure to warn claim simply by showing the elements of the government contractor

2  defense with respect to a design defect claim because "design defect and failure to warn

3  claims differ practically as well as theoretically." *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992,

4  1003 (7th Cir. 1996).  Accordingly, both courts applied the same modified *Boyle* factors used

5  by the Fifth Circuit in *Kerstetter*.

6       Applying these factors in cases involving asbestos, the Ninth Circuit held that a

7  defendant contractor was not entitled to protection under *Boyle* because it produced no

8  evidence that the government required it to do anything with respect to warnings on its

9  products.  *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992).  The

10  Second and Eleventh Circuits also held in asbestos cases that state law cannot be displaced

11  where there is no evidence that the government contractor could not comply with both its

12  contractual obligations to manufacture asbestos containing products and its state law duties

13  to warn of the hazards of asbestos dust. (See *Dorse v. Eagle Picher Industries, Inc.*, 898 F.2d

14  1487, 1490 (11th Cir. 1990); see also *In re Joint Southern and Eastern District New York

15  Asbestos Litigation*, 897 F.2d 626, 632 (2nd Cir. 1992) ["Stripped to its essentials, the military

16  contractor's defense under *Boyle* is to claim, 'the Government made me do it.' *Boyle* displaces

17  state law only when the Government, making discretionary, safety-related military

18  procurement decision contrary to the requirements of state law, incorporates this decision into

19  a military contractor's contractual obligations, thereby limiting the contractor's ability to

20  accommodate safety in a different fashion."].

21       Here again, there is no evidence that Viad Corp was complying with government

22  specifications when it neglected to place an asbestos warning on its products.  It follows that

23  there is no conflict between Viad Corp's federal and state responsibilities; it could have easily

24  complied with both its federal contractual duties and its state law duty to warn plaintiff and

25  others of the dangers inherent in the asbestos used with its products.

26       Viad Corp has provided no evidence that the Navy expressly prohibited asbestos

27  warnings; no evidence that Viad Corp attempted to seek the Navy's approval of a warning

28  concerning asbestos; no evidence that the Navy rejected a warning proposed by Viad Corp;

1  no evidence that Viad Corp provided asbestos warnings with the non-military equipment it

2  produced.

3  **III.   CONCLUSION**

4      The Judicial Panel on Multidistrict Litigation should vacate its Conditional Transfer

5  Order 358 to give the United States District Court, Central District of California, an

6  opportunity to rule on whether there is in fact federal jurisdiction over this matter. If there is

7  no underlying federal jurisdiction, this action must be remanded to where it was originally

8  filed, the Superior Court of California, County of Los Angeles.

9

10  DATED: February 17, 2011          ROSE, KLEIN & MARIAS LLP

11

12

                     By:      _____

13                              GREGORY STAMOS (CA SB No. 51635)

14                              THOMAS F. MORTIMER, JR. (CA SB No. 150426)

15                              BRIAN J. RAMSEY (CA SB No. 265684)
                            401 E. Ocean Blvd., Ste. 300

16                              Long Beach, CA  90802
                            (562) 436-4696

17                              (562) 436-6157 fax
                            E-mail: g.stamos@rkmlaw.net

18

19                              Attorneys for Plaintiffs
                            GENEVIEVE SCHROEDER, KEITH

20                              SCHROEDER, CRAIG SCHROEDER

21

22

23

24

25

26

27

28

# EXHIBIT A

1  ROSE, KLEIN & MARIAS LLP
   GREGORY STAMOS (State Bar No. 51635)
2  THOMAS F. MORTIMER, JR. (State Bar No. 150426)
   BRIAN J. RAMSEY (State Bar No. 265684)
3  401 E. Ocean Boulevard, Suite 300
   P.O. Box 22792
4  Long Beach, California 90801-5792
   (562) 436-4696
5  (562) 436-6157 Fax

6  Attorneys for Plaintiffs

7

8                    **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 GENEVIEVE SCHROEDER, KEITH      )  CASE NO. CV11-00738 R (VBKx)
   SCHROEDER, CRAIG SCHROEDER,     )
12                                 )  Hon. Manuel L. Real
                 Plaintiffs,       )
13                                 )  Complaint filed: December 7, 2010
                                   )
14       vs.                       )
                                   )
15 A.W.CHESTERTON COMPANY; FMC     )  **NOTICE OF MOTION TO REMAND**
   CORPORATION as successor in interest to ) **REMOVED ACTION**
16 NORTHERN PUMP COMPANY; GENERAL  )
   ELECTRIC COMPANY; GOULDS PUMPS  )  **Date:**      **March 21, 2011**
17 (IPG), INC.; IMO INDUSTRIES INC., )  **Time:**      **10:00 a.m.**
   individually and as successor in interest to DE ) **Dept:**      **8**
18 LAVAL TURBINE, INC., and WARREN )
   PUMPS, INC.; INGERSOLL-RAND     )
19 COMPANY, individually and as successor in )
   interest to TERRY STEAM TURBINE )
20 COMPANY; METALCLAD INSULATION   )
   CORPORATION; RAPID AMERICAN     )
21 CORPORATION; VIACOM, INC., individually )
   and as successor by merger to CBS )
22 CORPORATION f/k/a WESTINGHOUSE  )
   ELECTRIC CORPORATION            )
23 successor-in-interest to BF STURTEVANT )
   CO.; VIAD Corp, f/k/a THE DIAL  )
24 CORPORATION, individually and as )
   successor-in-interest to GRISCOM-RUSSELL )
25 COMPANY; YARWAY CORPORATION;    )
   FLOWSERVE dba BYRON JACKSON     )
26 PUMPS and DOES 1 through 100, Inclusive, )
                                   )
27             Defendants.         )
                                   )
28                                 )

1   TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF

2   RECORD:

3          Please take notice that Plaintiffs, Genevieve Schroeder, Keith Schroeder and Craig

4   Schroeder, will bring the attached motion to remand for hearing before this court on

5   March 21, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard, before

6   Judge Manuel L. Real of the United States District Court of the Central District of

7   California, Western Division, located at 312 N. Spring Street, Courtroom 10, Los Angeles,

8   CA 90012.

9

10  DATED: February 16, 2011                    ROSE, KLEIN & MARIAS LLP

11

12                                              By: _____

13                                              GREGORY STAMOS
                                                THOMAS F. MORTIMER, JR.
14                                              BRIAN J. RAMSEY
                                                Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1  GREGORY STAMOS (State Bar No. 51635) (g.stamos@rkmlaw.net)
   THOMAS F. MORTIMER, JR. (State Bar No. 150426) (t.mortimer@rkmlaw.net)
2  BRIAN RAMSEY (State Bar No. 265684) (b.ramsey@rkmlaw.net)
   ROSE, KLEIN & MARIAS LLP
3  401 E. Ocean Boulevard, Suite 300
   P.O. Box 22792
4  Long Beach, California  90801-5792
   Tel: (562) 436-4696
5  Fax: (562) 436-6157

6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  GENEVIEVE SCHROEDER, KEITH          ) CASE NO. CV11-00738 R (VBK)
    SCHROEDER, CRAIG SCHROEDER,         )
12                                      ) Honorable Manuel L. Real
              Plaintiffs,               )
13                                      ) Complaint filed: December 7, 2010
         vs.                            )
14                                      )
    A.W.CHESTERTON COMPANY; FMC         ) **MOTION TO REMAND REMOVED**
15  CORPORATION as successor in interest to ) **ACTION; MEMORANDUM OF POINTS**
    NORTHERN PUMP COMPANY;              ) **AND AUTHORITIES**
16  GENERAL ELECTRIC COMPANY;           )
    GOULDS PUMPS (IPG), INC.; IMO       )
17  INDUSTRIES INC., individually and as ) **Date:  March 21, 2011**
    successor in interest to DE LAVAL   ) **Time: 10:00 a.m.**
18  TURBINE, INC., and WARREN PUMPS,    ) **Dept: 8**
    INC.; INGERSOLL-RAND COMPANY,       )
19  individually and as successor in interest to )
    TERRY STEAM TURBINE COMPANY;        )
20  METALCLAD INSULATION                )
    CORPORATION; RAPID AMERICAN         )
21  CORPORATION; VIACOM, INC.,          )
    individually and as successor by merger to )
22  CBS CORPORATION f/k/a               )
    WESTINGHOUSE ELECTRIC               )
23  CORPORATION successor-in-interest to )
    BF STURTEVANT CO.; VIAD Corp, f/k/a )
24  THE DIAL CORPORATION, individually  )
    and as successor-in-interest to      )
25  GRISCOM-RUSSELL COMPANY;            )
    YARWAY CORPORATION;                 )
26  FLOWSERVE dba BYRON JACKSON         )
    PUMPS and DOES 1 through 100,       )
27  Inclusive,                          )
              Defendants                )
28                                      )

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiffs, Genevieve Schroeder, Keith Schroeder and Craig Schroeder, move the court for an order remanding this action to the Superior Court for the County of Los Angeles, the court from which it was improperly removed.

Plaintiff is entitled to remand of this action because, as set forth more fully in the Supporting Memorandum of Points and Authorities and the Supporting Affidavit of Gregory Stamos:

       1.      Removal was improper in that this court lacks subject matter jurisdiction over this matter. Defendant, Viad Corp, removed this action as the defendant claims that in manufacturing and selling equipment to the United States Navy it was acting under an officer or agency of the United States of American within the meaning of 28 U.S.C. § 1442(a)(1), and asserts the government contractor immunity defense provided under 28 U.S.C. § 1442(a)(1). This defense is inapplicable to the present action because:

            a.      The injurious product at issue, asbestos containing products, is not military equipment as it was readily available in substantially the same form for both military and commercial applications;

            b.      The Express Disclaimer in Plaintiffs' Complaint Eliminates Any Federal Subject Matter Jurisdiction; and

            c.      There is No Federal Officer Jurisdiction Because Viad Corp Cannot Demonstrate a "Causal Nexus" and the Existence of a "Colorable Federal Defense."

///

///

///

///

1    This motion is based on the accompanying Memorandum of Points and Authorities,

2  the Supporting Affidavit of Gregory Stamos, and all of the papers and records on file in this

3  action, and on any oral argument and evidence the parties may offer at the hearing of this

4  motion.

5

6  DATED:     February 16, 2011         ROSE, KLEIN & MARIAS LLP

7

8

9                           By:

10                             GREGORY STAMOS
                                  THOMAS F. MORTIMER, JR.

11                             BRIAN RAMSEY
                                  Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION TO REMAND REMOVED ACTION

# **TABLE OF CONTENTS**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Viad Corp Bears a "Special Burden" To Show That Federal Officer Jurisdiction Exists and That Removal is Proper . . . . . . . . . . . . . . . . . . . . 1

    B.   This Court Lacks Subject Matter Jurisdiction to Hear This Action Because the Government Contractor Immunity Defense Provided by 28 U.S.C. § 1442 (a)(1) is Inapplicable to This Action . . . . . . . . . . . . . . 3

        1.   The Injurious Product at Issue, Asbestos Containing Products, Is Not Military Equipment as it Was Readily Available and in Substantially the Same Form for Both Military and Commercial Applications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        2.   The Express Disclaimer in Plaintiffs' Complaint Eliminates Any Federal Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . 5

        3.   There is No Federal Officer Jurisdiction Because Viad Corp Cannot Demonstrate a "Causal Nexus" and the Existence of a "Colorable Federal Defense." . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            a.   Plaintiffs' Only Claim Against Viad Corp Is For Failure to Warn of the Hazards of Asbestos. . . . . . . . . . . . . . . . . . 8

            b.   Viad Corp Cannot Show a "Causal Nexus" Between the United States Navy and Plaintiffs' Claims Because the United States Navy Never Precluded Warnings About the Hazards of Asbestos . . . . . . . . . . . . . . . . . . . . . 9

            c.   Viad Corp Cannot Establish a "Colorable Federal Defense" Based on Military Contractor Immunity . . . . . . . 10

    C.   This Court Cannot Exercise Jurisdiction Over This Action Through Diversity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## Federal Cases

*Barrett v. CLA-VAL, Co.*, et al.,
   No. CV 07-7774 (C.D. Cal. Feb. 5, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7,10,11

*Boyle v. United Technologies Corp.*,
   4878 U.S. 500 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,11,12,13,14

*Caldwell v. American Home Products Corp.*,
   210 F.Supp.2d 809, 812 (S.D. Miss 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*David A. Marley v. Elliot Turbomachinery Company, Inc., et al.*,
   No. 07-23042, (S.D. Fla., 2008) U.S. Dist. LEXIS 33715 . . . . . . . . . . . . . . . . 10

*Dorse v. Eagle PicherIndustries, Inc.*,
   898 F.2d 1487, 1490 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Duncan v. Stuetzle*,
   76 F.3d 1480, 1485 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Feidt v. Owens Corning Fiberglas Corporation*,
   153 F.3d 124 (N.J.) 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Fung v. Abex Corp*,
   816 F. Supp 569, 571-72 (N.D. Cal. 1992) . . . . . . . . . . . . . . . . . . . . . . . .8

*GAF Corporation v. U.S.*
   932 F.2d 947 (C.A. Fed. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Air Disaster at Ramstein Air Base*,
   81 F.3d 570 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Hawaii Federal Asbestos Cases*,
   960 F.2d 806, 813 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . .4, 13

*In re Joint Southern and Eastern District New York Asbestos Litigation*,
   897 F.2d 626, 632 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*In re Telcomms. Record Order Litig.*,
   (N.D. Cal. 2007) 483 F. Supp. 934, 937 . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Jefferson County v. Acker*,
   527 U.S. 423 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jones v. General Tire & Rubber Co.*,
   541 F.2d 660, 664 (7th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Kerstetter v. Pacific Standard Co.*,
   210 F.3d 431 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Kokkonen v. Guardian Life Ins. Co.*,
   511 U.S. 375, 377 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Mesa v. California,*
    489 U.S. 121, 124-25, 134-35 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3,8

*O'Connell v. Foster Wheeler,*
    544 F.Supp.2d 51 (D. Mass.2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Oliver v. Oshkosh Truck Corp.,*
    96 F.3d 992, 1003 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Overly v. Raybestos-Manhattan, Inc.,*
    1996 WL 532150, *3 (N.D. Cal. Sept. 9, 1996) . . . . . . . . . . . . . . . . . . . . . . . 7

*Prize Frize, Inc. v. Matrix Inc.,*
    167 F.3d 1261, 1265 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Schilz v. A.P. Green Ind., Inc.,*
    2002 WL 102608, *1 (N.D. Cal. Jan. 15, 2002) . . . . . . . . . . . . . . . . . . . . . . . 7

*Tate v. Boeing Helicopters,* 55 F.3d 1150, 1156-57 (6th Cir. 1995) . . . . . . . . . . . . 13

*Westbrook v. Asbestos Defendants (BHC),*
    2001 WL 902642 (N.D. Cal. July 31, 2001). . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Willaims v. General Electric Company,*
    418 F.Supp. 2d 610 (M.D. Penn. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Willy v. Coastal Corp.,*
    855 F.2d 1160, 1167 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATUTES**

28 U.S.C. § 1442(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3,7,8

28 U.S.C. § 2680(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.   **INTRODUCTION**

3  Decedent, Ted A. Schroeder, (hereinafter "decedent") served in the United States

4  Navy on-board various ships from 1960 through 1964.  In addition, decedent was

5  employed as an overhead crane operator by Harvey Aluminum in Torrance, California from

6  February to September 1964.  While engaged in said employment, decedent was required to

7  handle large quantities of the products manufactured and distributed by the defendants in

8  this action.  Decedent was required to and did handle and use said products, all of which

9  included asbestos and asbestos fibers; that further at all times herein mentioned, while

10  decedent was not himself actually using and handling said asbestos products, he was

11  nevertheless exposed to fibers contained therein and the asbestos dust generated by the use

12  of said products by other workers in the same work environment.

13  Decedent was diagnosed with mesothelioma on or about December 27, 2009.

14  Plaintiffs are decedent's heirs at law and bring this action as decedent's successor-in-

15  interest for purposes of decedent's personal injury claims, as well as for wrongful death.

16  Defendant, Viad Corp, filed a Notice of Removal of this action on January 26, 2011.

17  Plaintiffs have brought this motion to remand this action within the time period prescribed

18  by 28 U.S.C. § 1447(c).

19

II.   **ARGUMENT**

20  A.   **Viad Corp Bears a "Special Burden" To Show That Federal Officer**

21  **Jurisdiction Exists and That Removal is Proper.**

22  Viad Corp bears the burden of establishing that removal of this action is proper.

23  The defendant bears the burden of showing that a federal court would have jurisdiction

24  from the outset.  *In re Telcomms. Record Order Litig.* (N.D. Cal. 2007) 483 F. Supp. 934,

25  937.  "To meet this burden, a defendant must overcome a "strong presumption" against

26  removal." *Id.* "Courts strictly construe the removal statute against removal jurisdiction [,

27  and] federal jurisdiction must be rejected if there is any doubt as to the right of removal in

28  the first instance." *Id.*

1    "Federal courts are courts of limited jurisdiction. They possess only that power

2    authorized by Constitution and statute. . . which is not to be expanded by judicial decree. . .

3    It is to be presumed that a cause lies outside this limited jurisdiction. . ." *Kokkonen v.*

4    *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) [internal citations omitted].  Because of

5    this presumption against federal jurisdiction, "the burden of establishing federal

6    jurisdiction is on the party seeking removal, and the removal statute is strictly construed

7    against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.

8    1999).  "If there is any doubt as to the right of removal in the first instance, federal

9    jurisdiction must be rejected." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

10   There is, in fact, a special, or higher burden on private parties that seek to invoke

11   federal officer jurisdiction removal.  "Notwithstanding its broad application, because the

12   federal officer removal statute is predicated 'on the protection of *federal* activity and an

13   anachronistic mistrust of state courts' ability to protect and enforce *federal* interests and

14   immunities from suit, private actors seeking to benefit from its provisions [like Viad Corp]

15   bear a **special burden** in establishing the official nature of their activities." *Williams v.*

16   *General Electric Company*, 418 F.Supp.2d 610 (M.D. Penn. 2005), quoting *Frieberg v.*

17   *Swinerton & Walberg Property Svcs., Inc.* 245 F.Supp.2d 1144, 1150 (D. Col. 2002)

18   [italics in original][bold emphasis added].

19   Here, Viad Corp fails to satisfy this special burden to demonstrate either that federal

20   officer jurisdiction exists or that removal was proper.  For these reasons, the Court should

21   grant plaintiffs' motion and remand this case to state court.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

B.     **This Court Lacks Subject Matter Jurisdiction to Hear This Action Because the Government Contractor Immunity Defense Provided by 28 U.S.C. § 1442(a)(1) is Inapplicable to This Action.**

Viad Corp removed this action pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute.[1]  (See Viad Corp's Not. of Removal, p. 4 ¶ 9).  This statute provides that "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or unofficial capacity for any act under color of such office" may remove an action to federal court.  If the defendant is not a federal officer or agency, the defendant must show (1) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (2) it can assert a "colorable federal defense."[2]  *Jefferson County v. Acker* (1999) 527 U.S. 423; *Mesa v. California* (1989) 489 U.S. 121, 129.

Viad Corp cannot show it has a colorable federal defense based on the following.  First, the injurious product provided to the Navy by Viad Corp was not military equipment.  Secondly, the express disclaimer in plaintiffs' complaint eliminates any federal subject matter.  Lastly, defendant cannot meet its burden of demonstrating a causal nexus and the existence of a "colorable federal defense."

1.     **The Injurious Product at Issue, Asbestos Containing Products, Is Not Military Equipment as it Was Readily Available and in Substantially the Same Form for Both Military and Commercial Applications.**

For a defendant to assert the government contractor defense pursuant to 28 U.S.C. § 1442(a)(1), the defendant must establish that the injurious product at issue was military equipment.  Moreover, this defense can only be asserted where the federal government directs the defendant manufacturer to produce equipment with special features that serve a

---

[1] "Government Contractor Defense" and "Federal Officer Removal Statute" are used interchangeably herein.

[2] Defendant must also show that it is a "person", but plaintiffs do not contest this particular element of the federal officer defense.

1  military interest, and the manufacturer complies with those directions.

2  The leading case on this issue is *Boyle v. United Technologies Corp.*, (1988) 487

3  U.S. 500.  In *Boyle*, a Marine helicopter pilot drowned after the helicopter crashed at sea

4  and the pilot was unable to escape because of the design of the escape hatch.  In ordinary

5  helicopters, the escape hatch opens inward.  This particular helicopter was designed, at the

6  Navy's request, to have an escape hatch that opened outward.  *Boyle*, 487 U.S. at 502-03.

7  The family of the pilot sued the helicopter manufacturer alleging design defect relating to

8  the escape hatch, and the manufacturer claimed immunity from state tort law because it

9  built the escape hatch according to military specifications.

10  The *Boyle* court adopted the rule that liability for design defects cannot be imposed,

11  pursuant to state law, when (1) the United States approved reasonably precise

12  specifications; (2) the equipment conformed to those specifications; and (3) the supplier

13  warned the United States about the dangers in the use of the equipment that were known to

14  the supplier but not to the United States. *Id.* at 512.  Applying this rule to the facts and

15  circumstances in *Boyle*, the court found liability for design defects pursuant to state law

16  could not be imposed because the United States approved specifications for an escape

17  hatch that opened outward, and the defendant manufacturer built the helicopter to conform

18  with that specification. *Id.*

19  Further explanation of the applicability of this defense was provided in *In re Hawaii*

20  *Federal Asbestos Cases.*  There, the court observed, "[w]here the goods ordered by the

21  military are those readily available, in substantially similar form, to commercial users, the

22  military contractor defense does not apply." *In re Hawaii Federal Asbestos Cases* (9th Cir.

23  1992) 960 F.2d 806, 811 (emphasis added).  The court went on to explain:

24  "The Boyle Court noted that the military makes highly complex and sensitive
    decisions regarding the development of new equipment for military usage.
25  Allowing the contractors who are hired to manufacture that equipment to be
    sued for the injuries caused by it would impinge unduly on the military's
26  decision making process.  The contractors would either refuse to produce the
    military equipment for the Government or would raise their prices to insure
27  against their potential liability for the Government's design.  Boyle at 512.
    These same concerns do not exist in respect to products readily available on
28  the commercial market.  The fact that the military may order such products

4

does not make them 'military equipment.' The products have not been developed on the basis of involved judgements made by the military but in response to the broader needs and desires of end-users in the private sector. The contractors, furthermore, already will have factored the costs of ordinary tort liability with respect to the goods sold to one of their customers, the Government, is unlikely to affect their marketing behavior or their pricing. Id. (emphasis added)

In the present action, Viad Corp provided the Navy with main distilling plants, emergency distilling plants and fuel oil heaters. This is not equipment with special features that serve a military interest. This equipment that was provided to the Navy is substantially similar to those provided to commercial users. Viad Corp has produced no evidence indicating that the equipment supplied to the Navy were equipped, at the request of the Navy, with special features that served a military interest.

Viad Corp contends, without supporting evidence, that the equipment it provided to the Navy was constructed "according to precise, detailed specifications." (*See* Viad Corp's Not. of Removal, p.4 ¶ 12) However, Viad Corp fails to present an argument or set forth any evidence that the use of the asbestos containing equipment served a military interest. Moreover, Viad Corp failed to present an argument or set forth evidence that the equipment supplied to the Navy was substantially different in form to those used in commercial activities.

Based on the foregoing, the products provided to the Navy by Viad Corp was not military equipment and Viad Corp cannot assert the military contractor defense.

## 2. The Express Disclaimer In Plaintiffs' Complaint Eliminates Any Federal Subject Matter Jurisdiction.

When presented with motions for remand, courts have ruled that plaintiffs may disclaim recovery for any exposures that raise potential federal question issues, and thereby preserve state court jurisdiction. "The party who brings suit is master to decide what law he will rely upon." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir. 1998). Disclaimers to preclude removal are specifically authorized because the plaintiff has the prerogative of determining the theory of his action and . . . may defeat removal to the

1  federal courts by avoiding allegations which provide a basis for the assertion of federal

2  jurisdiction." *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

3  Indeed, "[t]he fact that a plaintiff could have alleged viable federal claims is of no moment.

4  By electing to disclaim all federal claims, plaintiffs will be precluded from trying [them] in

5  state court . . . but that does not prevent plaintiff from being entitled to remand." *Caldwell*

6  *v. American Home Products Corp.*, 210 F.Supp.2d 809, 812 (S.D.Miss 2002), emphasis

7  added.  These opinions are all based on the proposition that a plaintiff is free to waive any

8  federal claims so that he or she may proceed in state court.

9    Here, Defendant, Viad Corp, asserts federal officer jurisdiction as the exclusive

10  basis for subject matter jurisdiction, contending that the actions for which it is being sued

11  were directed and compelled by the United States Navy.  In their complaint, however,

12  plaintiffs expressly and specifically disclaimed any cause of action or recovery committed

13  at the direction of an officer of the United States Government as follows:

14   5.  Plaintiff specifically disclaims any federal cause of action or

15    any claim that would give rise to federal jurisdiction.  To the
   extent that any of plaintiffs' decedent asbestos exposure took

16    place on a federal enclave, or to the extent that any of plaintiffs'
   decedent asbestos exposure occurred on board vessels of the

17    United States military (including Naval ships) or in the
   construction, maintenance and/or repair of United States

18    military vessels and/or aircraft, plaintiffs' negligence claims
   against manufacturers, sellers and suppliers of asbestos-

19    containing products installed on such vessels and/aircraft are

20    not based on the theory of defective design, but rather are based
   only on the theory of failure to warn.  Since there is no evidence

21    that the United States Government, or any of its military
   branches, specifically instructed manufacturers from which it

22    purchased asbestos-containing products not to warn about the

23    health hazards associated with exposure to asbestos, there can
   be no valid claim to federal jurisdiction pursuant to federal

24    enclave, federal officer or federal contractor provisions of the

25    United States Code.  This disclaimer pertains to all of plaintiffs'
   claims, including those of negligence and products liability, as

26    asserted herein. *See* Complaint, p.2 ¶ 5.

27    In other words, plaintiffs are not suing Viad Corp for anything that a federal officer

28  or agency may have compelled it to do.  Federal courts have frequently given effect to such

1    disclaimers on the basis that there is no remaining federal question on which to rest

2    jurisdiction. In *Barrett v. CLA-VAL Co.*, No. CV 07-7774 (C.D. Cal. Feb. 5, 2008), an

3    opinion out of the Central District of California, Judge Philip S. Gutierrez considered a

4    very similar case involving the wrongful death of a plaintiff due to malignant

5    mesothelioma. The case, originally filed in state court, was removed by Defendant, Foster

6    Wheeler, based upon federal officer jurisdiction. The plaintiffs' complaint also contained a

7    disclaimer. The court found that this disclaimer was adequate to justify remand, stating:

> "By inserting the disclaimer into the Complaint, the Court's [sic]
> concludes that plaintiffs preserved state court jurisdiction by removing
> the very grounds for removal that Foster Wheeler is now asserting -
> the military contractor's defense. ***This defense simply does not exist if
> plaintiffs have waived any claims 'for recovery for injuries resulting
> from exposure to asbestos dust caused by any acts or omissions of a
> party Defendant committed at the direction of an officer of the
> United States Government.'*** Consequently, Foster Wheeler cannot
> meet § 1442(a)(1)'s causal nexus requirement, since all claims 'taken
> pursuant to a federal officer's directions' have been waived. Nor can
> Foster Wheeler meet § 1442(a)(1)'s 'colorable federal defense'
> requirement, since plaintiffs' waiver prevents the military contractor's
> defense from being 'colorable.' Accordingly, plaintiffs' waiver
> justifies remand." (*Id.* at 3) [emphasis added]

17   Other cases from the 9th Circuit have held similarly. As the court explained in

18   *Westbrook v. Asbestos Defendants (BHC)*, 2001 WL 902642 (N.D. Cal. July 31, 2001),

19   "[p]laintiff's claim against defendant Todd Shipyards Corp., exclude plaintiff's asbestos

20   exposure at military and federal government job sites . . . the court sees no reason not to

21   hold plaintiffs in this case to their waiver of claims arising out of work done on federal job

22   sites in Vessels. This waiver, therefore justifies remand." Id. at p.*3; see also *Overly v.*

23   *Raybestos-Manhattan, Inc.*, 1996 WL 532150, *3 (N.D. Cal. Sept. 9, 1996); *Schilz v. A.P.*

24   *Green Ind., Inc.*, 2002 WL 102608, *1 (N.D. Cal. Jan. 15, 2002) [plaintiffs obtained

25   remand based on waiver of all design defect claims that could have given rise to federal

26   officer exposure].

27   As in *Barrett*, plaintiffs' complaint contains a disclaimer which justifies remand.

28   Plaintiffs in this action specifically disclaimed any federal cause of action or any claim that

PLAINTIFFS' MOTION TO REMAND REMOVED ACTION

1  would give rise to federal jurisdiction, thereby eliminating the very grounds that Viad Corp

2  has asserted for removal.

### 3.   There is No Federal Officer Jurisdiction Because Viad Corp Cannot Demonstrate a "Causal Nexus" and the Existence of a "Colorable Federal Defense."

6  The federal officer removal statute (28 U.S.C. § 1442 (a)(1)) provides federal

7  jurisdiction over claims "against [a]ny officer of the United States or any agency thereof, or

8  any person acting under him, for any act under color of such office . . ."  Under this statute,

9  however, a defendant must establish that: (1) it is a "person"; (2) that it acted "pursuant to a

10  federal officers directions" and that a "causal nexus exists between the defendant's actions

11  under color of federal office and the plaintiff's claims; and, (3) that is has a "colorable

12  federal defense." *Mesa v. California*, supra, 489 U.S. at pp. 124-25, 134-35 (1989); see

13  also *Fung v. Abex Corp.*, 816 F.Supp. 569, 571-72 (N.D. Cal. 1992).  Viad Corp, which

14  acknowledged these requirements in its notice of removal, cannot satisfy them.

### a.   Plaintiffs' Only Claim Against Viad Corp Is for Failure to Warn of the Hazards of Asbestos.

17  Viad Corp broadly characterizes plaintiffs' claims as seeking recovery for injuries

18  sustained when "decedent was exposed to asbestos and asbestos-containing products while

19  serving in the United States Navy as a 1st Class Shipfitter aboard the USS Princeton from

20  1960 to 1964." Not. of Rem., p.3 ¶ 7.  However, plaintiffs' claims against Viad Corp are

21  not nearly so broad.  Plaintiffs' complaint contains causes of action limited to state-based

22  failure to warn claims.  Viad Corp misconstrues the breadth of the complaint by alleging

23  that plaintiffs' "assert breach of warranty, strict liability and negligence claims (survival

24  and wrongful death) against Viad and other defendants." Not. of Rem., p.3 ¶ 6.  This is not

25  the case.  Plaintiffs' strict liability and negligence claims are limited to failure to warn

26  claims.  A reasonable interpretation of the complaint, therefore, confirms that plaintiffs

27  only sued Viad Corp for state law failure to warn claims.

28  The fact that plaintiffs *could* have sued on different theories is immaterial.  In *Feidt*

1  *v. Owens Corning Fiberglass Corporation,* 153 F.3d 124 (N.J.) 1988, the Third Circuit

2  affirmed remand of an asbestos case where the plaintiff avoided federal jurisdiction by only

3  pleading a failure to warn claim: "a fair reading of the complaint . . . , demonstrates that

4  plaintiff's claims were predicated solely upon the defendant's failure to warn persons such

5  as plaintiff . . . of the dangers of contact with asbestos-laden thermal insulation . . . *While*

6  *different claims on different bases are asserted against other defendants, this is the sole*

7  *potentially viable claim against Westinghouse.*" *Id.* at 127 [italics in original].

8         Here, there should be no question as to the theory of liability that plaintiff assert

9  against Viad Corp.  Between plaintiffs' disclaimer and the limited nature of plaintiffs'

10  claims, the only possible theory of recovery against Viad Corp is for failure to warn.  Viad

11  Corp must therefore satisfy the various elements of federal officer jurisdiction by showing

12  that it was acting under federal direction when it failed to warn of asbestos hazards, which

13  it cannot do.

14         **b.      Viad Corp Cannot Show a "Causal Nexus" Between the United**

15                 **States Navy and Plaintiffs' Claims Because the United States Navy**

16                 **Never Precluded Warnings About the Hazards of Asbestos.**

17         Plaintiffs do not dispute that Viad Corp satisfies the first element of federal officer

18  jurisdiction in that it is a "person" within the meaning of the statute.  However, plaintiffs do

19  contend that the second element, that it acted "pursuant to a federal officers directions" and

20  that a "causal nexus exists between the defendant's actions under color of federal office

21  and the plaintiffs' claims," cannot be satisfied.  In this case, Viad Corp offers no viable

22  evidence that it acted at the direction of the Navy to omit any warnings of the dangers of

23  asbestos exposure.  It also provides no evidence beyond conjecture to support its claim that

24  by specifying certain asbestos-containing equipment for installation on its vessels, the Navy

25  somehow also prohibited Viad Corp from affixing warnings to that equipment or providing

26  appropriate warnings about asbestos in the technical manuals and maintenance guides.

27         Regardless, the question of whether the Navy ever precluded such warnings has

28  already been adjudicated.  In *GAF Corporation v. U.S.*, 932 F.2d 947 (C.A. Fed. 1991), an

1  asbestos insulation manufacturer brought suit against the federal government seeking

2  indemnity for its asbestos-related tort losses.  The court entered summary judgment in favor

3  of the government on the ground that there was no evidence that the Navy ever specified

4  that no asbestos warnings were to be given.  The court refused to hold the government

5  liable, finding that "nothing in the contract specifications prevented [GAF] from putting

6  warnings on its products.  These asbestos supply contract specifications, whether design or

7  performance, did not cause [GAF's] tort losses." *Id.* at 950.  If nothing else, *GAF* shows

8  that Viad Corp, if it is to succeed in removal, must provide evidence that the Navy, in its

9  contract specifications prohibited Viad Corp from issuing warnings about the hazards of

10  asbestos.

11      Viad Corp is unable to show any evidence that the Navy precluded the issuance of

12  warnings and that it acted at the direction of the Navy by omitting any warnings.  Without

13  such evidence, Viad Corp cannot satisfy the second element of federal officer jurisdiction

14  and, therefore this case should be remanded to state court.

15      c.    **Viad Corp Cannot Establish a "Colorable Federal Defense" Based**

16            **on Military Contractor Immunity.**

17      Just as it cannot show a causal nexus, Viad Corp cannot support the elements of a

18  required "colorable federal defense" based on military contractor immunity.  Some courts

19  have held that a "colorable" defense does not involve providing evidence to prove a

20  defense. (*See O'Connell v. Foster Wheeler*, 544 F.Supp.2d 51 (D. Mass. 2008); *David A.*

21  *Marley v. Elliot Turbomachinery Company Inc., et al.*, No. 07-23042, (S.D. Fla., 2008)

22  U.S. Dist. LEXIS 33715.  However, it is clear that more than mere speculation is required

23  in order to justify a colorable defense.  As the court stated in *Barrett*:

24      "Although Foster Wheeler's evidence supports its claim that the Navy
        'would not' have approved asbestos warnings, Foster Wheeler has failed
25      to submit evidence that the U.S. Navy actually required it to refrain from
        issuing warnings. . .None of the declarations or affidavits cite to any
26      specific military or contractual provisions demonstrating the Navy
        actually discussed the issue of asbestos warnings on the equipment.
27      Absent such a showing, Foster Wheeler *has no colorable military*
        *contractor defense to a failure to warn claim*." (*Barrett v. CLA-VAL Co.,*
28      *et al., supra* at 5) [Internal citations omitted, emphasis added]

10

1    The same is true for the instant case.  Viad Corp does not offer any concrete

2    evidence to support a colorable defense, Viad Corp still does not cite to any specific

3    military provisions demonstrating that the Navy discussed the issue with manufacturers or

4    asked them to refrain from issuing warnings.

5        Under certain conditions, such a defense immunizes contractors who supply military

6    equipment to the government from the duties imposed by state tort law.  But such

7    displacement of ordinary tort liability "occur[s] only where . . . a 'significant conflict' exists

8    between an identifiable 'federal policy or interest and the [operation of state law . . ." *Boyle*

9    *v. United Technologies Corp.*, 487 U.S. 500 (1988).

10       The Court in *Boyle* ruled that state tort law claims may be preempted only when the

11   claims involve "uniquely federal interests," and a "significant conflict" exists between the

12   federal interest and the operation of state law.  *Id.* at 503-04, 507.  Although the court

13   concluded that civil liabilities arising out of the performance of a military procurement

14   contract is an area of unique federal interest, the existence of a federal interest is not

15   sufficient to warrant displacement of state law.  State law will be preempted only if there is

16   a significant conflict between defendants' contractual duties to the federal government and

17   its state law duties.  *Id.* at 505-06.

18       To fashion a test for determining whether a significant conflict exists, the court

19   turned to the Federal Tort Claims Act ("FTCA").  In that statute, Congress authorized the

20   recovery of damages from the United States government except when the claims brought

21   are based on the government's exercise or failure to exercise a 'discretionary duty.' 28

22   U.S.C. § 2680(a).  Because a contractor acts in the government's stead when contracted to

23   perform a discretionary function, the court expanded the government's immunity to cover

24   contractors for liability arising from design defects when the government exercised its

25   discretion over the design.  *Boyle, supra* at 512.

26       Consequently, the court held that a government contractor is only immune from state

27   tort liability for design defects in military equipment when: (1) the United States approved

28   reasonably precise specifications; (2) the equipment conformed to those specifications; and

1    (3) the supplier warned the United States about the danger in the use of the equipment that

2    were known to the supplier but not to the United States. *Id.* The first two prongs are

3    intended to ensure that a government officer, and just the contractor, considered the design

4    feature in question. *Ibid.* In other words, immunity is granted to a contractor only when its

5    liability arises from acts or omissions made on the government's behalf. The third prong is

6    designed to discourage contractors from withholding their knowledge of latent risks that

7    might jeopardize the contract. *Ibid.*

8         Because the defendant's contractual duty in *Boyle* (design an outward opening

9    escape hatch) was "precisely contrary" to its state law duty of care (design an inward

10   opening escape hatch), the Supreme Court held that state law was preempted by the

11   government contractor defense. This case, however, presents the exact opposite situation:

12   Viad Corp's liability for failing to warn of the dangers of asbestos did not arise from the

13   performance of its duties because, as explained above, the government never prohibited

14   any such warnings. In fact, Viad Corp produced no evidence in support of its removal that

15   the navy exercised any discretion or preclusion over asbestos-related health warnings.

16        For example, in *Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431 (5th Cir. 2000), the

17   court held that state law is only displaced in a failure to warn claim if: (1) the government

18   exercised its discretion and approved the warnings, if any; (2) the contractor provided

19   warnings that conformed to the approved warnings; and (3) the contractor warned the

20   government of the dangers in the equipment's use about which the contractor knew, but the

21   government did not. *Id.* at 438.

22        The court's conclusion in *Kerstetter* was foretold by an earlier opinion in *In re Air

23   Disaster at Ramstein Air Base*, 81 F.3d 570 (5th Cir. 1996). In that case, the court held that

24   a contractor is entitled to the defense in a failure to warn case only if it establishes "an

25   identifiable federal interest or policy in the existence of methods of warning and a

26   significant conflict between the federal interest or policy and the operation of state law." *Id.*

27   at 576. The court then concluded that, based on the evidence presented, it could not

28   determine whether the government exercised sufficient discretion with respect to a warning

1   to bring the plaintiffs' claim within the scope of Boyle, because the defendants had not

2   presented any evidence to establish whether they and the government were involved in any

3   discussions about warnings. *Ibid.* Therefore, the Fifth Circuit clearly requires a contractor

4   to prove that the government exercised some discretion over a warning before the

5   contractor may claim the protection of the military contractor defense in a failure-to-warn

6   case.

7          The Sixth and Seventh Circuits also require defendants to present evidence that the

8   government exercised discretion over a warning before the government contractor defense

9   will bar a failure-to-warn claim, even if the defendant would be immune from a design

10  defect claim.  In *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1156-57 (6th Cir. 1995), the

11  Sixth Circuit explained that: "[s]imply because the government exercises discretion in

12  approving a design does not mean that the government considered the appropriate

13  warnings, if any, that should accompany the product." *Id.* at 1156.

14         Likewise, the Seventh Circuit found it well-established that a defendant may not

15  defeat a state failure to warn claim simply by showing the elements of the government

16  contractor defense with respect to a design defect claim because "design defect and failure

17  to warn claims differ practically as well as theoretically." *Oliver v. Oshkosh Truck Corp.*,

18  96 F.3d 992, 1003 (7th Cir. 1996).  Accordingly, both courts applied the same modified

19  *Boyle* factors used by the Fifth Circuit in *Kerstetter*.

20         Applying these factors in cases involving asbestos, the Ninth Circuit held that a

21  defendant contractor was not entitled to protection under *Boyle* because it produced no

22  evidence that the government required it to do anything with respect to warnings on its

23  products. *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992).  The

24  Second and Eleventh Circuits also held in asbestos cases that state law cannot be displaced

25  where there is no evidence that the government contractor could not comply with both its

26  contractual obligations to manufacture asbestos containing products and its state law duties

27  to warn of the hazards of asbestos dust.  (See *Dorse v. Eagle Picher Industries, Inc.*, 898

28  F.2d 1487, 1490 (11th Cir. 1990); see also *In re Joint Southern and Eastern District New*

1    *York Asbestos Litigation*, 897 F.2d 626, 632 (2nd Cir. 1992) ["Stripped to its essentials, the

2    military contractor's defense under *Boyle* is to claim, 'the Government made me do it.'

3    *Boyle* displaces state law only when the Government, making discretionary, safety-related

4    military procurement decision contrary to the requirements of state law, incorporates this

5    decision into a military contractor's contractual obligations, thereby limiting the

6    contractor's ability to accommodate safety in a different fashion."].

7         Here again, there is no evidence that Viad Corp was complying with government

8    specifications when it neglected to place an asbestos warning on its products.  It follows

9    that there is no conflict between Viad Corp's federal and state responsibilities; it could

10   have easily complied with both its federal contractual duties and its state law duty to warn

11   plaintiff and others of the dangers inherent in the asbestos used with its products.

12        Viad Corp has provided no evidence that the Navy expressly prohibited asbestos

13   warnings; no evidence that Viad Corp attempted to seek the Navy's approval of a warning

14   concerning asbestos; no evidence that the Navy rejected a warning proposed by Viad Corp;

15   no evidence that Viad Corp provided asbestos warnings with the non-military equipment it

16   produced.

17        **C.    This Court Cannot Exercise Jurisdiction Over This Action Through**

18             **Diversity.**

19        Though the defendant does not argue this Court has jurisdiction based on diversity,

20   plaintiffs would like to preempt any such argument.  28 U.S.C. § 1332 provides the district

21   courts shall have original jurisdiction where the amount in controversy exceeds $75,000.00

22   and the action is between citizens of different states.  Here, defendants to this action are

23   citizens of California.  Therefore, there can be no diversity jurisdiction in this action.

24   ///

25   ///

26   ///

27   ///

28   ///

III.     **CONCLUSION**

Viad Corp removed this case based on the allegation that the federal officer statute supports removal jurisdiction. For federal officer jurisdiction to exist, Viad Corp must be able to assert a colorable federal defense. For the foregoing reasons, Viad Corp cannot assert a colorable federal defense to plaintiffs' claims. Accordingly, plaintiffs respectfully request that this Court remand this case to California state court.

DATED: February _16_ 2011                    ROSE, KLEIN & MARIAS LLP

By:

GREGORY STAMOS
THOMAS F. MORTIMER, JR.
BRIAN J. RAMSEY
Attorneys for Plaintiffs

1 **PROOF OF SERVICE**

2 *STATE OF CALIFORNIA* )                    *Schroeder et al. vs AW Chesterton et al*
                                            )      ss.   *CAC No. 2:11-CV-00738*
3 *COUNTY OF LOS ANGELES* )

4

5        I am employed in the County of Los Angeles, State of California.  I am over
   the age of 18 and not a party to the within action.  My business address is 401 E.
6 Ocean Boulevard, Suite 300, P.O. Box 22792, Long Beach, California  90801-5792.

7        On **February 17, 2011,** I served the foregoing documents described as
   **PLAINTIFF' BRIEF IN SUPPORT OF ITS MOTION TO VACATE**
8 **CONDITIONAL TRANSFER ORDER** on all interested parties in this action by:

9

   [X]    **(VIA ELECTRONIC MAIL):** Serving the document(s) described above
10 via United States Judicial Panel on Multidistrict Litigation at
   JPMLeFILE@jpml.uscourts.gov on the recipients designated on the electronic
11 service list that is located on the Pacer website.

12 [X]    a true copy:  See Service List attached
   [ ]    the original:
13

14 [X]    **(BY MAIL, 1013a, 2015.5 C.C.P.)**
          I am readily familiar with the firm's practice for collection and processing
15       correspondence for mailing.  Under that practice, this document will be
          deposited with the U.S. Postal Service on this date with postage thereon fully
16       prepaid at Long Beach, California in the ordinary course of business.  I am
          aware that on motion of the party served, service is presumed invalid if postal
17       cancellation date or postage meter date is more than one day after date of
          deposit for mailing in affidavit.

18

19 [X]    (FEDERAL)
          I declare that I am employed in the office of a member of the bar of this
20       Court at whose direction the service was made.

21        I declare under penalty of perjury under the laws of the State of California
   that the above is true and correct.  Executed on **February 17, 2011,** at Long Beach,
22 California.

23

24                                                    _____
                                                      Sean Blakely
25

26

27

28

**\*\*\* SERVICE LIST \*\*\***
**SCHROEDER et al. v. A.W. CHESTERTON COMPANY, et al.**
**USDC Case No. CV11-00738- R (VBK)**

| | |
|---|---|
| Peter B. Langbord, Esq.<br>Keith M. Ameele, Esq.<br>Nancy Zabala Graham, Esq.<br>**FOLEY & MANSFIELD, PLLP**<br>300 South Grand Avenue, Suite 2800<br>Los Angeles, CA 90071 | Attorney for Defendant, **VIAD CORP** and **BW/IP, INC'S** and its wholly owned subsidiaries improperly sued and served as **FLOWSERVE** dba **BYRON JACKSON PUMP CO.**<br><br>Phone: (213) 283-2100<br>Fax: (213) 283-2101<br>plangbord@foleymansfield.com<br>kameele@foleymansfield.com<br>ngraham@foleymansfield.com |
| Ivor E. Samson, Esq.<br>Edward K. Low, Esq.<br>**SNR DENTON US LLP**<br>525 Market Street, 26th Floor<br>San Francisco, CA 94105-2708 | Attorneys for Defendant, **RAPID-AMERICAN CORPORATION**<br><br>Phone: (415) 882-5000<br>Fax: (415) 882-0300<br>edward.low@snrdenton.com |
| Henry D. Rome, Esq.<br>Ryan Kujawski, Esq.<br>**HOWARD ROME MARTIN & RIDLEY LLP**<br>1775 Woodside Road, Suite 200<br>Redwood City, CA 94061 | Attorneys for Defendant, **IMO INDUSTRIES INC.**<br><br>Phone: (650) 365-7715<br>Fax: (650) 364-5297<br>hrome@hrmrlaw.com<br>rkujawski@hrmrlaw.com |
| Frank D. Pond, Esq.<br>Kevin D. Jamison, Esq.<br>David G. Larmore, Esq.<br>**POND NORTH LLP**<br>350 South Grand Avenue, Suite 3300<br>Los Angeles, CA 90071 | Attorneys for Defendant, **CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation**<br><br>Phone: (213) 617-6170<br>Fax: (213) 623-3594<br>kjamison@pondnorth.com<br>dlarmore@pondnorth.com |

| | |
|---|---|
| William J. Sayers, Esq.<br>Farah S. Nicol, Esq.<br>Lesa M. Meyers, Esq.<br>**MCKENNA LONG & ALDRIDGE LLP**<br>300 South Grand Avenue, 14th Floor<br>Los Angeles, CA 90071 | Attorneys for Defendant,<br>**METALCLAD INSULATION CORPORATION**<br><br>Phone: (213) 688-1000<br>Fax: (213) 243-6330<br>bsayers@mckennalong.com<br>fnicol@mckennalong.com<br>lmeyers@mckennalong.com |
| Joseph Duffy, Esq.<br>Taylor Day, Esq.<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>300 South Grand Avenue<br>Twenty-Second Floor<br>Los Angeles, CA 90071 | Attorneys for Defendant, **YARWAY CORPORATION**<br><br>Phone: (213) 612-2500<br>Fax: (213) 612-2501<br>jduffy@morganlewis.com<br>tday@morganlewis.com |