Case MDL No. 875 Document 6754-3 Filed 02/18/11 Page 1 of 19
Case: 2:11-cv-00066-JPS As of: 02/15/2011 02:40 AM CST 1 of 4

ATTYOPEN

# United States District Court
## Eastern District of Wisconsin (Milwaukee)
### CIVIL DOCKET FOR CASE #: 2:11−cv−00066−JPS
*Internal Use Only*

| | |
|---|---|
| Duffey v. A.W. Chesterton Company et al<br>Assigned to: Judge J P Stadtmueller<br>Demand: $75,000<br>Cause: 28:1332 Diversity−Asbestos Litigation | Date Filed: 01/21/2011<br>Jury Demand: Plaintiff<br>Nature of Suit: 368 P.I. : Asbestos<br>Jurisdiction: Diversity |

**Plaintiff**

**Michael P Duffey**  represented by **Michael P Cascino**
*Individiaully and as Special*  Cascino Vaughan Law Offices Ltd
*Administrator of the Estate of Paul V*  220 S Ashland Ave
*Duffey, deceased.*  Chicago, IL 60607
  312−944−0600
  Fax: 312−944−1870
  Email: michaelp.cascino@gmail.com
  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AW Chesterton Company**

**Defendant**

**Alfa Laval Inc**

**Defendant**

**Amtico International Inc**

**Defendant**

**Bayer CropScience Inc**

**Defendant**

**Bechtel Corporation**

**Defendant**

**Buffalo Pumps Inc**

**Defendant**

**Building Services Industrial Supply Inc**

**Defendant**

**CBS Corporation**

**Defendant**

**CertainTeed Corporation**

**Defendant**

**Commonwealth Edison Company**

**Defendant**

**Cornell Pump Company**

**Defendant**

**Crane Co**

**Defendant**

**DAP Products Inc**

**Defendant**

**Dal–Tile Corporation**

**Defendant**

**Eaton Electrical Inc**

**Defendant**

**Elliott Company I**

**Defendant**

**Flowserve US Inc**

**Defendant**

**Foster Wheeler LLC**

**Defendant**

**Gardner Denver Inc**

**Defendant**

**General Refractories Company**

**Defendant**

**Georgia–Pacific LLC**

**Defendant**

**Goodrich Corporation**

**Defendant**

**Goulds Pumps Inc**

**Defendant**

**Honeywell International Inc**

**Defendant**

**ITT Corporation**

**Defendant**

**Ingersoll Rand Company**

**Defendant**

**John Crane Inc**

**Defendant**

**Kentile Inc**

**Defendant**

**Mannington Mills Inc**

**Defendant**
**Michelin North America Inc**

**Defendant**
**Minnesota Mining &Manufacturing Co**

**Defendant**
**Oakfabco Inc**

**Defendant**
**Occidental Chemical Corporation**

**Defendant**
**Owens–Illinois Inc**

**Defendant**
**PHMining Equipment**

**Defendant**
**Parker–Hannifin Corp**

**Defendant**
**Patterson Pump Company**

**Defendant**
**Peerless Pump Company**

**Defendant**
**Pentair Pump Group Inc**

**Defendant**
**Plastics Engineering Company**

**Defendant**
**Rapid American Corporation**

**Defendant**
**Rogers Corporation**

**Defendant**
**Sprinkmann Sons Corporation**

**Defendant**
**Tarkett Inc**

**Defendant**
**The Marley–Wylain Company**

**Defendant**
**The West Bend Company**

**Defendant**
**Trane US Inc**

**Defendant**

**Union Carbide Corp**

**Defendant**

**Viking Pump Inc**

**Defendant**

**Warren Pumps LLC**

**Defendant**

**Wisconsin Electric Power Company**

**Defendant**

**Zurn Industries**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2011 | 1 | COMPLAINT with Jury Demand; against All Defendants by Michael P Duffey. ( Filing Fee PAID $350 receipt number 0757−1239778) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B)(Cascino, Michael) |
| 01/21/2011 | 2 | NOTICE by Michael P Duffey (Cascino, Michael) |
| 01/21/2011 | 3 | CERTIFICATE by Michael P Duffey (Cascino, Michael) |
| 01/21/2011 | | NOTICE Regarding assignment of this matter to Magistrate Judge Patricia J Gorence ;Consent/refusal forms for Magistrate Judge Gorence to be filed within 21 days;the consent/refusal form is available on our web site ;pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (blr) (Entered: 01/24/2011) |
| 02/09/2011 | 4 | Refusal to Jurisdiction by US Magistrate Judge by Michael P Duffey. (Cascino, Michael) |
| 02/14/2011 | | Case reassigned to Judge J P Stadtmueller. Magistrate Judge Patricia J Gorence no longer assigned to the case due to non−consent. (mlm) |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Michael P Duffey, individually and as Special Administrator of the Estate of Paul V Duffey, Deceased

         Plaintiff,

v.               Case No.

A.W. Chesterton Company, a corporation,
Alfa Laval, Inc, a corporation,.
Amtico International, Inc., a corporation,
Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. &
Benjamin-Foster, Inc., a corporation,
Bechtel Corporation, a corporation,
Buffalo Pumps, Inc., a corporation,
Building Services Industrial Supply, Inc., a corporation,
CBS Corporation, a corporation,
Certainteed Corporation, a corporation,
Commonwealth Edison Company, a corporation,
Cornell Pump Company, a corporation,
Crane Co., a corporation,
DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation,
Dal-Tile Corporation, Individually and as Successor to American Olean Corporation, a corporation,
Eaton Electrical, Inc., as successor to Cutler-Hammer Inc., a corporation,
Elliott Company I, Individually and as Successor to Elliot Turbomachinery Company, a corporation,
Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc., a corporation,
Foster Wheeler LLC, a corporation,
Gardner Denver, a corporation,
General Refractories Company, a corporation,
Georgia Pacific, LLC, a corporation,
Goodrich Corporation, a corporation,

Goulds Pumps, Inc., a corporation,
Honeywell International Inc., a corporation,
ITT Corporation, a corporation,
Ingersoll Rand Company, a corporation,
John Crane Inc., a corporation,
Kentile, Inc., a corporation,
Mannington Mills, Inc., a corporation,
Michelin North America, Inc., as successor to Uniroyal, Inc., a corporation,
Minnesota Mining and Manufacturing Co., a corporation,
Oakfabco Inc., a corporation,
Occidental Chemical Corporation as successor to Hooker Chemical, a corporation,
Owens-Illinois Inc., a corporation,
P&H Mining Equipment Inc., a corporation,
Parker-Hannifin Corporation, a corporation,
Patterson Pump Company, a corporation,
Peerless Pump Company, a corporation,
Pentair Pump Group, Inc., Individually and as Successor to Aurora Pumps, a corporation,
Plastics Engineering Company a/k/a Plenco, a corporation,
Rapid American Corporation, a corporation,
Rogers Corporation, a corporation,
Sprinkmann Sons Corporation, a corporation,
Tarkett, Inc., Individually as and successor to Domco, Inc., & Azrock, Inc., a corporation,
The Marley-Wylain Company a/k/a/ Weil-McLain Company, a corporation,
The West Bend Company, LLC, a corporation,
Trane U.S. Inc., a corporation,
Union Carbide Corporation, a corporation,
Viking Pump Inc, a corporation,
Warren Pumps, a corporation,
Wisconsin Electric Power Company, a corporation,
Zurn Industries, a corporation,

## COMPLAINT

Now comes the plaintiff, Michael P Duffey, (hereinafter "Plaintiff"), individually and as Special Administrator of the Estate of Paul V Duffey (hereinafter "Decedent"), by and through his attorneys, Cascino

Vaughan Law Offices, Ltd., and complains against defendants A.W. Chesterton Company, a corporation, Alfa Laval, Inc, a corporation,. Amtico International, Inc., a corporation, Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc., a corporation, Bechtel Corporation, a corporation, Buffalo Pumps, Inc., a corporation, Building Services Industrial Supply, Inc., a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, Commonwealth Edison Company, a corporation, Cornell Pump Company, a corporation, Crane Co., a corporation, DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation, Dal-Tile Corporation, Individually and as Successor to American Olean Corporation, a corporation, Eaton Electrical, Inc., as successor to Cutler-Hammer Inc., a corporation, Elliott Company I, Individually and as Successor to Elliot Turbomachinery Company, a corporation, Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc., a corporation, Foster Wheeler LLC, a corporation, Gardner Denver, a corporation, General Refractories Company, a corporation, Georgia Pacific, LLC, a corporation, Goodrich Corporation, a corporation, Goulds Pumps, Inc., a corporation, Honeywell International Inc., a corporation, ITT Corporation, a corporation, Ingersoll Rand Company, a corporation, John Crane Inc., a corporation, Kentile, Inc., a corporation, Mannington Mills, Inc., a corporation, Michelin North America, Inc., as successor to Uniroyal, Inc., a corporation, Minnesota Mining and Manufacturing Co., a corporation, Oakfabco Inc., a corporation, Occidental Chemical Corporation as successor to Hooker Chemical, a corporation, Owens-Illinois Inc., a corporation, P&H Mining Equipment Inc., a corporation, Parker-Hannifin Corporation, a corporation, Patterson Pump Company, a corporation, Peerless Pump Company, a corporation, Pentair Pump Group, Inc., Individually and as Successor to Aurora Pumps, a corporation, Plastics Engineering Company a/k/a Plenco, a corporation, Rapid American Corporation, a corporation, Rogers Corporation, a corporation, Sprinkmann Sons Corporation, a

corporation, Tarkett, Inc., Individually as and successor to Domco, Inc., & Azrock, Inc., a corporation, The Marley-Wylain Company a/k/a/ Weil-McLain Company, a corporation, The West Bend Company, LLC, a corporation, Trane U.S. Inc., a corporation, Union Carbide Corporation, a corporation, Viking Pump Inc, a corporation,

Warren Pumps, a corporation, Wisconsin Electric Power Company, a corporation, Zurn Industries, a corporation, as follows:

## JURISDICTION

1. Plaintiff, Michael P Duffey is the son of decedent, Paul V Duffey, and resides in Greenville, South Carolina.

2. Decedent was an adult citizen and resident of Wisconsin.

3. Decedent passed away on 03/26/2010.

4. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of South Carolina and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

5. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

6. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

8. Decedent during the course of his employment as a Pipe insulator and Plumber at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers

emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

9. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

10. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

11. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on 8/4/2008.

12. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

13. Plaintiff brings this count for negligence against all defendants except Commonwealth Edison Company; The West Bend Company, LLC; and Wisconsin Electric Power Company, and incorporates by reference all general allegations.

14. It was reasonably foreseeable that Decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

15. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

16. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

17. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

18. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

19. This cause of action is asserted against the manufacturing and supplying defendants, and is not asserted against Commonwealth Edison Company; The West Bend Company, LLC; and Wisconsin Electric Power Company.

20. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

21. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

22. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the

supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

23. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

   a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

   b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c. Was not subjected to adequate investigation regarding its hazards to health; and

   d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

24. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III - NEGLIGENCE - PREMISE OWNER

25. Plaintiff reasserts and realleges the above general allegations 1-24 above.

26. This claim for negligence is brought against the following Defendants (Hereinafter "Premise Defendants");

   a. Commonwealth Edison Company

   b. The West Bend Company, LLC

   c. Wisconsin Electric Power Company

27. Defendant was the owner of the premise during the dates and times of Decedent's exposures to asbestos indicated on exhibit B.

28. The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

29. When Decedent worked at the premises, defendant knew or should have known about the health hazards of asbestos.

30. Defendant in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Decedent, working at the premises.

31. Defendant knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

32. As the owner of the premises, defendant owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Decedent.

33. Defendant breached its duty of care and was negligent by one or more of the following acts or omissions:

34.
   a. failing to adequately warn Decedent of the dangers of harm from exposure to asbestos;

   b. failing to instruct Decedent adequately about safety precautions for exposure to asbestos;

   c. failing to establish adequate safety measures to protect Decedent from exposure to asbestos;

   d. failing to adequately test for asbestos where Decedent worked;

   e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;

   f. allowing the use of asbestos containing products at the premises;

   g. failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

35. As a direct and proximate result of the acts and omissions of the product defendants

above, Decedent was injured as described above.

## COUNT IV – DECLARATORY JUDGMENT

36. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

37. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

38. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## WRONGFUL DEATH

39. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 38 above.

40. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by

Decedent and Plaintiff.

## PRAYER FOR RELIEF

41. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: January 21, 2011


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Place an X in the appropriate Box:   ☐ Green Bay Division   ☒ Milwaukee Division

### I. (a) PLAINTIFFS
Michael P. Duffey,

### DEFENDANTS
A.W. Chesterton Company, et al.,

(b) County of Residence of First Listed Plaintiff: Greenville, SC
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue, Chicago, IL 60607, (312) 944-0600

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☒ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28, United States Sec. 1332

Brief description of cause:
Asbestos Injury Occupational Exposure

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 1-21-2011
SIGNATURE OF ATTORNEY OF RECORD: *Mike Ca___*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Exhibit A
**Defendants' Home States and Principal Places of Business**

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Alfa Laval, Inc. | New Jersey | Virginia |
| Amtico International, Inc. | Delaware | Georgia |
| Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc. | Delaware | North Carolina |
| Bechtel Corporation | Nevada | California |
| Buffalo Pumps, Inc. | Delaware | New York |
| Building Services Industrial Supply, Inc. | Wisconsin | Wisconsin |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| Commonwealth Edison Company | Illinois | Illinois |
| Cornell Pump Company | Delaware | Oregon |
| Crane Co. | Delaware | Connecticut |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| Dal-Tile Corporation, Individually and as Successor to American Olean Corporation | Texas | Texas |
| Eaton Electrical, Inc., as successor to Cutler-Hammer Inc. | Delaware | Ohio |
| Elliott Company I, Individually and as Successor to Elliot Turbomachinery Company | Delaware | Pennsylvania |
| Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc. | Delaware | Texas |
| Foster Wheeler LLC | Pennsylvania | New York |
| Gardner Denver | Delaware | Illinois |
| General Refractories Company | Pennsylvania | Pennsylvania |

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| Georgia Pacific, LLC | Delaware | Georgia |
| Goodrich Corporation | New York | North Carolina |
| Goulds Pumps, Inc. | Delaware | New York |
| Honeywell International Inc. | Delaware | New Jersey |
| ITT Corporation | Indiana | New York |
| Ingersoll Rand Company | New Jersey | New Jersey |
| John Crane Inc. | Delaware | Illinois |
| Kentile, Inc. | Delaware | New York |
| Mannington Mills, Inc. | New Jersey | New Jersey |
| Michelin North America, Inc., as successor to Uniroyal, Inc. | South Carolina | South Carolina |
| Minnesota Mining and Manufacturing Co. | Delaware | Delware |
| Oakfabco Inc. | Illinois | Illinois |
| Occidental Chemical Corporation as successor to Hooker Chemical | New York | Texas |
| Owens-Illinois Inc. | Delaware | Ohio |
| P&H Mining Equipment Inc. | Delaware | Wisconsin |
| Parker-Hannifin Corporation | Ohio | Ohio |
| Patterson Pump Company | Ohio | Georgia |
| Peerless Pump Company | Delaware | Indiana |
| Pentair Pump Group, Inc., Individually and as Successor to Aurora Pumps | Minnesota | Minnesota |
| Plastics Engineering Company a/k/a Plenco | Wisconsin | Wisconsin |
| Rapid American Corporation | Delaware | New York |
| Rogers Corporation | Massachusetts | Connecticut |
| Sprinkmann Sons Corporation | Wisconsin | Wisconsin |
| Tarkett, Inc., Individually as and successor to Domco, Inc., & Azrock, Inc. | Delaware | Pennsylvania |

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| The Marley-Wylain Company a/k/a/ Weil-McLain Company | Delaware | North Carolina |
| The West Bend Company, LLC | Wisconsin | Wisconsin |
| Trane U.S. Inc. | Delaware | New Jersey |
| Union Carbide Corporation | New York | Texas |
| Viking Pump Inc | Delaware | Illinois |
| Warren Pumps | Delaware | New Jersey |
| Wisconsin Electric Power Company | Wisconsin | Wisconsin |
| Zurn Industries | Delaware | Pennsylvania |

Exhibit B
**Decedent's work history**

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Sterling Wire Mill | Sterling | IL | 1958 | 1959 |
| Port Washington Power Station | Port Washington | WI | 1958 | 1958 |
| West Bend | West Bend | WI | 1958 | 1958 |
| General Electric | West Milwaukee | WI | 1958 | 1958 |
| Oak Creek Power Station | Oak Creek | WI | 1957 | 1958 |
| Oak Creek Power Station | Oak Creek | WI | 1957 | 1959 |
| General Motors (Milwaukee Division) | Milwaukee | WI | 1960's | 1980's |
| Miller Brewing Company | Milwaukee | WI | 1960's | 1980's |
| Krouse Milling Company | West Milwaukee | WI | 1960's | 1980's |
| Harnischfeger Corporation | West Milwaukee | WI | 1960's | 1980's |
| Commonwealth Edison Byron Nuclear Power Plant | Byron | IL | 1970's | 1970's |