Case: MDL No. 875 Document 6754-33 Filed 02/18/11 Page 1 of 15
Case: 2:11-cv-00110-JPS As of: 02/15/2011 11:22 AM CST 1 of 14

ATTYOPEN

# United States District Court
# Eastern District of Wisconsin (Milwaukee)
# CIVIL DOCKET FOR CASE #: 2:11–cv–00110–JPS
### *Internal Use Only*

| | |
|---|---|
| Gall v. AW Chesterton Company et al<br>Assigned to: Judge J P Stadtmueller<br>Demand: $75,000<br>Cause: 28:1332 Diversity–Asbestos Litigation | Date Filed: 01/27/2011<br>Jury Demand: Plaintiff<br>Nature of Suit: 368 P.I. : Asbestos<br>Jurisdiction: Diversity |

**Plaintiff**

**Elmer L Gall**      represented by **Michael P Cascino**
Cascino Vaughan Law Offices Ltd
220 S Ashland Ave
Chicago, IL 60607
312–944–0600
Fax: 312–944–1870
Email: michaelp.cascino@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AW Chesterton Company**

**Defendant**

**Alfa Laval Inc**

**Defendant**

**Bayer CropScience Inc**
*successor*
Rhone–Poulenc AG Co
*successor*
Benjamin Foster Inc

**Defendant**

**Bechtel Corporation**

**Defendant**

**Buffalo Pumps Inc**

**Defendant**

**CBS Corporation**

**Defendant**

**CertainTeed Corporation**

**Defendant**

**Cornell Pump Company**

**Defendant**

**Crane Co**

**Defendant**

**DAP Products Inc**
*successor*
DAP Inc

**Defendant**

**Eaton Electrical Inc**
*successor*
Cutler–Hammer Inc

**Defendant**

**Elliott Company I**
*successor*
Elliott Turbomachinery Co Inc

**Defendant**

**Flowserve US Inc**
*successor*
Worthington Pumps Inc

**Defendant**

**Foster Wheeler LLC**

**Defendant**

**Gardner Denver Inc**

**Defendant**

**General Electric Company**

**Defendant**

**General Refractories Company**

**Defendant**

**Georgia–Pacific LLC**

**Defendant**

**Goodrich Corporation**

**Defendant**

**Goulds Pumps Inc**

**Defendant**

**Honeywell International Inc**

**Defendant**

**ITT Corporation**

**Defendant**

**Ingersoll Rand Company**

**Defendant**

**John Crane Inc**

**Defendant**

**Michelin North America Inc**
*successor*
Uniroyal Inc

**Defendant**

**Minnesota Mining &Manufacturing Co**

**Defendant**

**Oakfabco Inc**

**Defendant**

**Owens–Illinois Inc**

**Defendant**

**Parker–Hannifin Corp**

**Defendant**

**Patterson Pump Company**

**Defendant**

**Peerless Pump Company**

**Defendant**

**Pentair Pump Group Inc**
*successor*
Aurora Pumps

**Defendant**

**Rapid American Corporation**

**Defendant**

**The Marley–Wylain Company**
*successor*
Weil–McLain Company

**Defendant**

**Trane US Inc**

**Defendant**

**Union Carbide Corp**

**Defendant**

**Viking Pump Inc**

**Defendant**

**Warren Pumps LLC**

**Defendant**

**Zurn Industries**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2011 | 1 | COMPLAINT with Jury Demand; against All Defendants by Elmer L Gall. ( Filing Fee PAID $350 receipt number 0757–1243093) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A – Defendant's home states and principal places of business, # 3 Exhibit B – Plaintiff's work history)(Cascino, Michael) |
| 01/27/2011 | 2 | NOTICE by Elmer L Gall (Cascino, Michael) |

| 01/27/2011 | 3 | DISCLOSURE Statement by Elmer L Gall. (Cascino, Michael) |
| --- | --- | --- |
| 01/27/2011 | | NOTICE Regarding assignment of this matter to Magistrate Judge William E Callahan, Jr ;Consent/refusal forms for Magistrate Judge Callahan to be filed within 21 days;the consent/refusal form is available on our web site (jcl) (Entered: 01/28/2011) |
| 02/07/2011 | 4 | ORDER OF RECUSAL signed by Magistrate Judge William E Callahan, Jr on 2/7/11. Magistrate Judge William E Callahan, Jr recused. Case reassigned to Judge J P Stadtmueller for all further proceedings. (cc: all counsel)(cms) |
| 02/07/2011 | | NOTICE from the clerk to plaintiffs requesting that the Consent/Refusal form to Magistrate Judge A.E. Goodstein be filed within 21 days; the form is available at the court's web site: www.wied.uscourts.gov (cms) |
| 02/09/2011 | 5 | Refusal to Jurisdiction by US Magistrate Judge by Elmer L Gall. (Cascino, Michael) |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Elmer L Gall

                       Plaintiff,

v.

A.W. Chesterton Company, a corporation,
Alfa Laval, Inc., a corporation,
Bayer Crop Science, Inc., as successor to
Rhone-Poulenc AG Company Inc. &
Benjamin-Foster, Inc., a corporation,
Bechtel Corporation, a corporation,
Buffalo Pumps, Inc., a corporation,
CBS Corporation, a corporation,
Certainteed Corporation, a corporation,
Cornell Pump Company, a corporation,
Crane Co., a corporation,
DAP Products, Inc., Individually and as
Successor to DAP, Inc., a corporation,
Eaton Electrical, Inc., as successor to
Cutler-Hammer Inc., a corporation,
Elliott Company I, Individually and as
Successor to Elliot Turbomachinery Company,
a corporation,
Flowserve US Inc, Individually and as
Successor to Worthington Pumps, Inc., a
corporation,
Foster Wheeler LLC, a corporation,
Gardner Denver, a corporation,
General Electric Company, a corporation,
General Refractories Company, a corporation,
Georgia Pacific, LLC, a corporation,
Goodrich Corporation, a corporation,
Goulds Pumps, Inc., a corporation,
Honeywell International Inc., a corporation,
ITT Corporation, a corporation,
Ingersoll Rand Company, a corporation,
John Crane Inc., a corporation,
Michelin North America, Inc., as successor to
Uniroyal, Inc., a corporation,
Minnesota Mining and Manufacturing Co., a
corporation,

Case No.

Oakfabco Inc., a corporation,
Owens-Illinois Inc., a corporation,
Parker-Hannifin Corporation, a corporation,
Patterson Pump Company, a corporation,
Peerless Pump Company, a corporation,
Pentair Pump Group, Inc., Individually and as
Successor to Aurora Pumps, a corporation,
Rapid American Corporation, a corporation,
The Marley-Wylain Company a/k/a/
Weil-McLain Company, a corporation,
Trane U.S. Inc., a corporation,
Union Carbide Corporation, a corporation,
Viking Pump Inc, a corporation,
Warren Pumps, a corporation,
Zurn Industries, a corporation,

Defendants.

## COMPLAINT

Now comes the plaintiff, Elmer L Gall (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants A.W. Chesterton Company, a corporation, Alfa Laval, Inc., a corporation, Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc., a corporation, Bechtel Corporation, a corporation, Buffalo Pumps, Inc., a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, Cornell Pump Company, a corporation, Crane Co., a corporation, DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation, Eaton Electrical, Inc., as successor to Cutler-Hammer Inc., a corporation, Elliott Company I, Individually and as Successor to Elliot Turbomachinery Company, a corporation, Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc., a corporation, Foster Wheeler LLC, a corporation, Gardner Denver, a corporation, General Electric Company, a corporation, General Refractories Company, a corporation, Georgia Pacific, LLC, a corporation, Goodrich Corporation, a corporation, Goulds Pumps, Inc., a corporation, Honeywell International Inc., a corporation, ITT Corporation, a corporation, Ingersoll Rand Company, a corporation, John Crane Inc., a corporation, Michelin North America, Inc., as successor to Uniroyal, Inc., a corporation, Minnesota Mining and Manufacturing Co., a corporation,

Oakfabco Inc., a corporation, Owens-Illinois Inc., a corporation, Parker-Hannifin Corporation, a corporation, Patterson Pump Company, a corporation, Peerless Pump Company, a corporation, Pentair Pump Group, Inc., Individually and as Successor to Aurora Pumps, a corporation, Rapid American Corporation, a corporation, The Marley-Wylain Company a/k/a/ Weil-McLain Company, a corporation, Trane U.S. Inc., a corporation, Union Carbide Corporation, a corporation, Viking Pump Inc, a corporation, Warren Pumps, a corporation, Zurn Industries, a corporation, as follows:

## JURISDICTION

1. Plaintiff is an adult citizen and resident of Wisconsin and resides in South Milwaukee, Wisconsin.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment as a Painter and Brewery Worker at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by

defendants.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with asbestosis on 9/10/2010.

10. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

12. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

15. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b.    Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.    Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.    Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17. This cause of action is asserted against the manufacturing and supplying defendants.

18. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

19. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

20. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

21. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a.    Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b.    Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c.    Was not subjected to adequate investigation regarding its hazards to health; and

    d.    Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

22. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III – DECLARATORY JUDGMENT

23. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

24. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

25. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

26. Plaintiff prays for relief as follows:

    a. Judgment against defendants, jointly and severally, for compensatory and general damages.

    b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: January 27, 2011


_s/ Michael P. Cascino_
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Place an X in the appropriate Box: ☐ Green Bay Division   ☒ Milwaukee Division

### I. (a) PLAINTIFFS
Elmer L Gall

### DEFENDANTS
A.W. Chesterton Company, et al.,

**(b)** County of Residence of First Listed Plaintiff: **Milwaukee, WI**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue, Chicago, IL 60607
(312) 944-0600

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☒ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28, United States Sec. 1332
Brief description of cause:
Asbestos Injury Occupational Exposure

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/27/2010
SIGNATURE OF ATTORNEY OF RECORD: Mike C____

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Exhibit A
**Defendants' Home States and Principal Places of Business**

| Defendant | Headquarters | State of Principal Business |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Alfa Laval, Inc. | New Jersey | Virginia |
| Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc. | Delaware | North Carolina |
| Bechtel Corporation | Nevada | California |
| Buffalo Pumps, Inc. | Delaware | New York |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| Cornell Pump Company | Delaware | Oregon |
| Crane Co. | Delaware | Connecticut |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| Eaton Electrical, Inc., as successor to Cutler-Hammer Inc. | Delaware | Ohio |
| Elliott Company I, Individually and as Successor to Elliot Turbomachinery Company | Delaware | Pennsylvania |
| Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc. | Delaware | Texas |
| Foster Wheeler LLC | Pennsylvania | New York |
| Gardner Denver | Delaware | Illinois |
| General Electric Company | New York | Connecticut |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Georgia Pacific, LLC | Delaware | Georgia |
| Goodrich Corporation | New York | North Carolina |
| Goulds Pumps, Inc. | Delaware | New York |

| Defendant | Headquarters | State of Principal Business |
| --- | --- | --- |
| Honeywell International Inc. | Delaware | New Jersey |
| ITT Corporation | Indiana | New York |
| Ingersoll Rand Company | New Jersey | New Jersey |
| John Crane Inc. | Delaware | Illinois |
| Michelin North America, Inc., as successor to Uniroyal, Inc. | South Carolina | South Carolina |
| Minnesota Mining and Manufacturing Co. | Delaware | Delware |
| Oakfabco Inc. | Illinois | Illinois |
| Owens-Illinois Inc. | Delaware | Ohio |
| Parker-Hannifin Corporation | Ohio | Ohio |
| Patterson Pump Company | Ohio | Georgia |
| Peerless Pump Company | Delaware | Indiana |
| Pentair Pump Group, Inc., Individually and as Successor to Aurora Pumps | Minnesota | Minnesota |
| Rapid American Corporation | Delaware | New York |
| The Marley-Wylain Company a/k/a/ Weil-McLain Company | Delaware | North Carolina |
| Trane U.S. Inc. | Delaware | New Jersey |
| Union Carbide Corporation | New York | Texas |
| Viking Pump Inc | Delaware | Illinois |
| Warren Pumps | Delaware | New Jersey |
| Zurn Industries | Delaware | Pennsylvania |

**Exhibit B**

Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Anna Derrler School | Milwaukee | WI | 1956 | 1986 |
| Hawley RD School | Milwaukee | WY | 1956 | 1986 |
| Nathan Hale High School | West Allis | WI | 1956 | 1986 |
| Victor Buger School | Milwaukee | WI | 1956 | 1986 |
| Walker Jr High School | Milwaukee | WI | 1956 | 1986 |
| Zenith Foundry | West Allis | WI | 1941 | 1946 |
| Miller Brewery | Milwaukee | WI | 1946 | 1946 |
| Schlitz Brewery | Milwaukee | WI | 1946 | 1947 |
| Kempsmith Machine Shop | West Allis | WI | 1947 | 1956 |