ATTYOPEN

# United States District Court
## Eastern District of Wisconsin (Milwaukee)
### CIVIL DOCKET FOR CASE #: 2:11−cv−00124−LA
### *Internal Use Only*

Muehlberger v. CBS Corporation et al
Assigned to: Judge Lynn Adelman
Demand: $75,000
Cause: 28:1332 Diversity−Asbestos Litigation

Date Filed: 01/31/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Kathryn J Muehlberger**
*Individually and as Special Administrator*
*of the Estate of Max Muehlberger*

represented by **Michael P Cascino**
Cascino Vaughan Law Offices Ltd
220 S Ashland Ave
Chicago, IL 60607
312−944−0600
Fax: 312−944−1870
Email: michaelp.cascino@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**

**Defendant**

**CertainTeed Corporation**

**Defendant**

**DAP Products Inc**
*successor*
DAP Inc

**Defendant**

**General Electric Company**

**Defendant**

**General Refractories Company**

**Defendant**

**Goodrich Corporation**

**Defendant**

**Honeywell International Inc**

**Defendant**

**ITT Corporation**

**Defendant**

**Kaiser Gypsum Company Inc**

**Defendant**

**Koppers Inc**

**Defendant**

**Minnesota Mining &Manufacturing Co**

<u>**Defendant**</u>

**Oakfabco Inc**

<u>**Defendant**</u>

**Rapid American Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/31/2011 | <u>1</u> | COMPLAINT with Jury Demand; against Kathryn J Muehlberger by Kathryn J Muehlberger. ( Filing Fee PAID $350 receipt number 0757−1244836) (Attachments: #<u>1</u> Civil Cover Sheet, #<u>2</u> Exhibit A − Defendant's home states and principal places of business, #<u>3</u> Exhibit B − Decedent's work history)(Cascino, Michael) |
| 01/31/2011 | <u>2</u> | NOTICE by Kathryn J Muehlberger (Cascino, Michael) |
| 01/31/2011 | <u>3</u> | DISCLOSURE Statement by Kathryn J Muehlberger. (Cascino, Michael) |
| 01/31/2011 | | NOTICE Regarding assignment of this matter to Magistrate Judge Nancy Joseph ;Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days;the consent/refusal form is available on our web site (jcl) (Entered: 02/01/2011) |
| 02/09/2011 | <u>4</u> | Refusal to Jurisdiction by US Magistrate Judge by Kathryn J Muehlberger. (Cascino, Michael) |
| 02/10/2011 | | Due to non−consent of the parties, this case is randomly reassigned to Judge Lynn Adelman. Magistrate Judge Nancy Joseph no longer assigned to the case. (djd) |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Kathryn J Muehlberger,  individually and as
Special Administrator of the Estate of Max
Muehlberger, Deceased

                                         Plaintiff,

     v.

CBS Corporation, a corporation,                                    Case No.
Certainteed Corporation, a corporation,
DAP Products, Inc., Individually and as
Successor to DAP, Inc., a corporation,
General Electric Company, a corporation,
General Refractories Company, a corporation,
Goodrich Corporation, a corporation,
Honeywell International Inc., a corporation,
ITT Corporation, a corporation,
Kaiser Gypsum Company, Inc, a corporation, .
Koppers, Inc., a corporation,
Minnesota Mining and Manufacturing Co., a
corporation,
Oakfabco Inc., a corporation,
Rapid American Corporation, a corporation,

                                         Defendants.

## COMPLAINT

     Now comes the plaintiff, Kathryn J Muehlberger, (hereinafter "Plaintiff"), individually and as

Special Administrator of the Estate of Max Muehlberger (hereinafter "Decedent"), by and through her

attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants CBS Corporation, a

corporation, Certainteed Corporation, a corporation, DAP Products, Inc., Individually and as

Successor to DAP, Inc., a corporation, a corporation, General Electric Company, a corporation,

General Refractories Company, a corporation, Goodrich Corporation, a corporation, Honeywell

International Inc., a corporation, ITT Corporation, a corporation, Kaiser Gypsum Company, Inc, a

corporation, Koppers, Inc., a corporation, Minnesota Mining and Manufacturing Co., a corporation,

Oakfabco Inc., a corporation, Rapid American Corporation, a corporation, as follows:

## JURISDICTION

1.    Plaintiff, Kathryn J Muehlberger is the wife of decedent, Max Muehlberger, and resides in Sheboygan, Wisconsin.

2.    Decedent was an adult citizen and resident of Wisconsin.

3.    Decedent passed away on 10/25/2008.

4.    Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

5.    Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

6.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7.    Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

8.    Decedent during the course of his employment as a Brick Layer at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

9.    Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

10.    Decedent became aware of the asbestos-related condition and that said condition was caused by

Defendants' wrongful conduct within the statute of limitations before the filing of this action.

11.    As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with mesothelioma on or about 3/25/2008.

12.    Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

13.    Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

14.    It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

15.    Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

16.    Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

17.    Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.    Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b.    Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.    Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.    Failed to instruct Decedent, his employers or others in the use of precautionary

measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

e.  Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

18.  As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

19.  This cause of action is asserted against the manufacturing and supplying defendants.

20.  The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

21.  At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

22.  Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

23.  Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

a.  Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

b.  Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

c.    Was not subjected to adequate investigation regarding its hazards to health; and

d.    Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

24.    Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III – DECLARATORY JUDGMENT

25.    Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

26.    Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

27.    Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## WRONGFUL DEATH

28.    Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 27 above.

29.     Defendants' actions, jointly and severally, as described in the preceding paragraphs,

caused the wrongful death of decedent and loss of society and companionship, funeral,

medical and other expenses, pecuniary damages and other damages have been suffered by

Decedent and plaintiff.

## PRAYER FOR RELIEF

30.     Plaintiff prays for relief as follows:

    a.      Judgment against defendants, jointly and severally, for compensatory and general
        damages.

    b.      Such further legal and equitable relief as the Court orders to do justice in this
        case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: January 31, 2011


  s/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Place an X in the appropriate Box:   ☐ Green Bay Division      ☒ Milwaukee Division

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kathryn J Muehlberger, | CBS Corporation, et al., |

| (b) County of Residence of First Listed Plaintiff  Sheboygan | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Cascino Vaughan Law Offices, Ltd.<br>220 S. Ashland Avenue, Chicago, IL 60607<br>(312) 944-0600 | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☒ 365 Personal Injury - Product Liability<br>☒ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28, United States Sec. 1332

Brief description of cause:
Asbestos Injury Occupational Exposure

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ >75,000 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 1-31-2011 | _Mike Cas___ |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| General Electric Company | New York | Connecticut |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Goodrich Corporation | New York | North Carolina |
| Honeywell International Inc. | Delaware | New Jersey |
| ITT Corporation | Indiana | New York |
| Kaiser Gypsum Company, Inc. | Washington | Pennsylvania |
| Koppers, Inc. | Pennsylvania | Pennsylvania |
| Minnesota Mining and Manufacturing Co. | Delaware | Delware |
| Oakfabco Inc. | Illinois | Illinois |
| Rapid American Corporation | Delaware | New York |

**Exhibit B**
Decedent's work history

| SiteName | SiteCity | SiteState | FirstYr | LastYr |
|---|---|---|---|---|
| Various churches | Sheboygan | WI | 1950's | 1960's |
| 82 Street School | Milwaukee | WI | 1980's | 1980's |
| Bethlehem Lutheran School | Sheboygan | WI | 1960's | 1960's |
| Central High School | Sheboygan | WI | 1960's | 1960's |
| GTE | Plymouth | WI | 1960's | 1960's |
| Gibbsville Church | Sheboygan Falls | WI | 1960's | 1960's |
| James Madison School | Sheboygan | WI | | |
| Jefferson School | Sheboygan | WI | 1960's | 1960's |
| Pine Haven Nursing Home | Sheboygan Falls | WI | 1960's | 1960's |
| Plastics Engineering | Sheboygan | WI | 1970's | 1970's |
| Residential Homes | Sheboygan | WI | 1950's | 1960's |
| Sears | Sheboygan | WI | 1960's | 1960's |
| Sheboygan Security Bank (now U.S. Bank) | Sheboygan | WI | 1960's | 1960's |
| St. Clement Convent | Sheboygan | WI | 1960's | 1960's |
| Sturdevant Jail | Milwaukee | WI | | |
| University Center-Univ. of Wisconsin | Sheboygan | WI | 1960's | 1960's |
| Wales Detention Center | Waukesha | WI | 1980's | 1980's |
| YMCA | Sheboygan | WI | 1960's | 1960's |