# BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | **MDL No. 875** |
| *Timothy Vest, et al. v. Allied Packing & Supply, Inc., et al.*<br>N.D. California Case No. 3:11-cv-00061-SJW | |

## DEFENDANT McDONNELL DOUGLAS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 353

Defendant McDonnell Douglas Corporation ("MDC") opposes Plaintiffs' Motion to Vacate Conditional Transfer Order ("CTO") 353 transferring this tag-along action to MDL No. 875, *In Re Asbestos Product Liability Litigation,* in the Eastern District of Pennsylvania ("MDL-875 Court") on the following grounds:

1.    Plaintiffs fail to articulate, let alone make the requisite strong showing of, a valid reason to vacate CTO 353.

2.    Plaintiffs' sole argument against transfer is that the Panel should take no action until the Northern District of California rules on Plaintiffs' Motion to Remand. That argument is moot.  On January 31, 2011, the Northern District of California stayed this action pending its transfer to MDL-875 and declined to rule on Plaintiffs' remand motion on the ground that the MDL-875 Court is better suited to address the jurisdictional and other issues presented.

3.      This case is not unusual.  It is similar to thousands of asbestos personal injury actions that have been transferred to MDL-875 for coordinated proceedings since the MDL was established in 1991.  Plaintiffs' remand motion is not before this Panel and has no bearing on whether the CTO should be vacated.  Plaintiffs' medical condition, which is stable and better than many, if not most, asbestos plaintiffs, is also irrelevant.  In any event, as the Northern District of California has determined, MDL-875 is the proper forum for deciding this matter and Plaintiffs will suffer no prejudice.

Vacating the CTO would undermine the primary purpose of MDL proceedings in general, and of MDL-875 in particular.  The Panel should deny Plaintiffs' request and allow the MDL-75 Court, which is best suited to decide the issues presented, to resolve Plaintiffs' remand motion.

Respectfully submitted this 18th day of February 2011.

McDONNELL DOUGLAS CORPORATION
By Counsel

   _/s/ Robert E. Boone III_____
Robert E. Boone III
James C. Pettis
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401
(310) 576-2100 phone
(310) 576-2200 facsimile
reboone@bryancave.com
james.pettis@bryancave.com

*Counsel for Defendant*
*McDonnell Douglas Corporation*

823370\0307472

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.     SUMMARY

This Panel should deny Plaintiffs' request to vacate CTO 353 (January 11, 2011), conditionally transferring this tag-along action to MDL No. 875, *In Re Asbestos Product Liability Litigation* in the United States District Court for the Eastern District of Pennsylvania ("MDL-875 Court"), for the simple reason that Plaintiffs have no grounds to oppose a transfer.

A party seeking to vacate a CTO must make a strong showing of specific grounds for relief.  Plaintiffs fall far short of meeting that burden.  Their sole basis for opposing transfer is that the Panel should not take any action until the Northern District of California rules on Plaintiffs' Motion to Remand, which had been set for hearing on February 4, 2011.  But the Northern District of California declined to rule on that motion and, on January 31, 2011, stayed the action pending the Panel's transfer of the case to MDL-875, specifically holding that the MDL Court is better suited to address the jurisdictional and other issues presented, and that transfer would not prejudice Plaintiffs.

## II.     BACKGROUND

Plaintiffs allege that Timothy Vest contracted malignant mesothelioma as a result exposure to asbestos.  Mr. Vest is not ill or dying.  He was diagnosed with localized malignant mesothelioma ("LMM") in October 2009.  His tumor was completely and successfully removed by surgery.  There has been no recurrence of a tumor.  Mr. Vest's treating physician cleared him physically to return to work in August 2010.  Every CT scan since the surgery, including Mr. Vest's last scan in November 2010, shows no sign

of the disease. MDC (and the other defendants) contend that LMM is not caused by asbestos.

Plaintiffs brought suit in December 2009, asserting broad product liability claims against MDC, including claims for negligence, strict liability and false representation. (Ex. A: Complaint; First Amended Complaint; Second Amended Complaint.)  Plaintiffs contend that Mr. Vest was exposed to asbestos in MDC aircraft, including KC-10 and B-23 military aircraft that MDC built for the U.S. Air Force (and earlier, the U.S. Army Air Corps).  However, Plaintiffs did not disclose their military aircraft claims for a year, until late December 2010, when opposing MDC's Motion for Summary Judgment.

MDC's Notice of Removal (Ex. B) and Opposition to Plaintiffs' Motion to Remand (Ex. C) show that MDC timely and properly removed this action on January 6, 2011, within days after Plaintiffs disclosed their military aircraft claims. MDC removed the case based on federal officer jurisdiction pursuant to 28 U.S.C. Section 1442 because MDC built B-23 and KC-10 aircraft under the direction and control of U.S. Air Force personnel pursuant to U.S. military equipment procurement contracts that required MDC to install asbestos components on those aircraft.  MDC is thus immune from Plaintiffs' military aircraft claims under the "government contractor" defense established in *Boyle v. United Technologies, Inc.*, 487 U.S. 500 (1988).  Contrary to Plaintiffs' suggestion, MDC did not remove the action to avoid any rulings by the state court or for any other improper reason.

On January 7, 2011, MDC requested transfer of the action to MDL-875.  On January 11, 2011, this Panel issued Conditional Transfer Order 353 ("CTO 353"), conditionally transferring this action to the MDL Court.

On January 11, 2011, MDC filed a Motion to Stay the action pending transfer to MDL-875.  (Ex D: Motion to Stay.)  The same day, Plaintiffs filed a Motion to Remand the case to state court.  The Northern District of California set both motions for hearing on February 4, 2011.

On January 31, 2011, the Northern District of California granted MDC's Motion to Stay and declined to rule on Plaintiffs' Motion to Remand, holding that (1) the MDL-875 Court is better suited to decide all issues in the case, including the jurisdictional issues presented by the Motion to Remand; and (2) a stay of the action pending transfer to MDL-875 would not prejudice Plaintiffs.  (Ex. E:  Order Granting Motion to Stay.)[1]

---

[1]    Plaintiffs have moved to lift the stay for the **limited** purpose of approving settlement payments to the Vest children because of an alleged financial hardship –an argument that Plaintiffs never raised before the stay was entered–and because of an alleged "uncertainty" as to when this Panel will rule on the instant motion. Plaintiffs have not moved the Northern District of California to reconsider its stay order or its decision to defer to the MDL-875 Court on Plaintiffs' remand motion. The Northern District of California will decide Plaintiffs' motion to lift the stay without oral argument; the briefing will be completed on February 28, 2011. Plaintiffs cannot file their petitions to approve the settlements unless and until the Northern District of California lifts the stay.  MDC is opposing Plaintiffs' motion to lift the stay on the grounds, *inter alia*, that the MDL Court can and should decide the settlement petitions and all other issues in the case.  But even if the Northern District of California lifts the stay, it would be only for the limited purpose of hearing the settlement petitions, which have no effect on the motion before this Panel.  As a result, the Panel should still transfer this action to MDL-875, where Plaintiffs' settlement petitions can be heard.  But if the Panel is inclined to hold transfer of this action to MDL-875 until the limited proceedings in the Northern District of California are concluded, the Panel should simply deny the instant motion and order that transfer of the action will be effectuated at that time.

### III.     ARGUMENT

#### A.     <u>A Heavy Burden of Proof Is Required To Vacate a CTO</u>

The hurdle for vacating a CTO is high.  Plaintiffs must make a strong showing on specific grounds that there are no "common questions of fact relating to injuries…allegedly caused by exposure to asbestos or asbestos containing products." *In re Asbestos Products Liability Litigation* (No. VI), 771 F. Supp. 415, 417 (J.P.M.L. 1991); s*ee also, In re Asbestos Products Liability Litigation* (No. VI), 560 F. Supp. 2d 1367, 1369 n.2 (J.P.M.L. 2008) (rejecting plaintiffs' contention that transfer should be denied or deferred in order to permit the resolution of motions to remand to state court); *In re Asbestos Products Liability Litigation* (No. VI), 545 F. Supp. 2d 1359, 1361 n.3 (J.P.M.L. 2008) (rejecting plaintiffs' contention that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their Constitutional right to a jury trial").  The Panel has rejected the following as reasons for vacating CTOs to MDL-875: the <u>pendency of motions</u> or other matters before the transferor court; the <u>uniqueness of a party's status</u>; the type of defendant; the stage of pretrial proceedings; the docket condition of any specific federal district; the presence of unique claims or additional claims not relating to asbestos injury or death; and the parties' unanimity of opposition to transfer.  *See In re Asbestos Products Liability Litigation* (No. VI), 170 F. Supp. 2d 1348 (J.P.M.L. 2001).

#### B.     <u>Plaintiffs Fail to Satisfy Their Burden</u>

There is no basis for vacating the CTO.

Plaintiffs argue that, as a matter of comity, the Panel should defer transfer until the Northern District of California rules on the Motion to Remand.  Plaintiffs contend

6

that the Northern District of California will remand the case because removal was improper. Finally, Plaintiffs contend that they will be prejudiced if the Panel transfers the case before the Northern District of California decides the remand motion.

These arguments fail. The Northern District of California has declined to rule on Plaintiffs' remand motion and has instead deferred to the MDL-875 Court to rule on that motion after transfer "because the [jurisdictional] issue is both factually and legally difficult and has been addressed by the MDL court on numerous occasions." (Ex. E at 3:17-19.) The Northern District of California also conducted a preliminary review of the remand motion and rejected Plaintiffs' contentions that removal was improper. (*Id.* at 3:12-14.) The Northern District of California also found that transfer to MDL-875 would not prejudice Plaintiffs. (*Id.* at 3:20-21.)

Plaintiffs' subsequent pursuit of substantive relief from the Northern District of California waives any argument for remand (*see* n. 1). *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) ("A party that engages in affirmative activity in federal court typically waives the right to seek a remand"); *see also Ex Parte Harding*, 219 U.S. 363, 31 S.Ct. 324, 55 L.Ed. 252 (1911); *Johnson v. Odeco Oil & Gas Co.*, 864 F. 2d 40, 42 (5th Cir. 1989) (participating in discovery and filing amended complaint constitutes a waiver of the right to seek remand); *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1272 (D. Or. 2001) (seeking and obtaining an order of default constitutes waiver of the right to seek remand); *Midwestern Distribution Inc. v. Paris Motor Freight Lines, Inc.*, 563 F. Supp 489, 495 (E.D. Ark. 1983) (affirmative activity constituting waiver includes conduct "aimed at securing some form of relief from the court"). In any event, Plaintiffs' arguments about why the case should be remanded are improper on this Motion, which

solely concerns the propriety of transfer.  Remand issues are irrelevant, particularly in light of the Northern District of California's holding that, due to the complexity of the jurisdictional issue and the MDL Court's expertise and experience addressing such issues, the MDL Court should decide the remand motion.[2]  *See* R.P.J.P.M.L. 10.1(b) (stating that the transferee judge typically addresses remand issues).  "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."  *In re Asbestos Products Liability Litigation* (No. VI), 545 F. Supp. 2d at 1363.

The Northern District of California's decision to defer to the MDL Court on Plaintiffs' remand motion is not unusual or in error.  It is well-established that a district court may wait for a transfer order without ruling on a motion to remand.  *In re Asbestos Products Liability Litigation*, 170 F. Supp. 2d at 1349 n.1 ("[T]hose courts wishing to address [motions to remand] have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge <u>need not rule on them</u>, and the process of 1407 transfer in MDL 875 can continue without any unnecessary interruption or delay.") (emphasis added).  A majority of courts have concluded that it is appropriate and desirable to have remand motions heard in the MDL court because it provides for consistent treatment of similar issues and will reduce the

---

[2]    Even if the Panel were to consider Plaintiffs' remand motion, Plaintiffs' arguments fail (*see* Ex. B).  If the Panel desires to review the mountain of evidence MDC submitted in support of its Opposition to that motion, MDC can provide those materials to the Panel.  However, MDC believes that the Panel's role is not to address the jurisdictional issues.  That responsibility belongs to the MDL-875 Court after transfer.

burden on the individual district courts.  *Id.* at 1362; *see also Moore v. Wyeth-Ayerst Laboratories*, 236 F. Supp. 2d 509, 511 (D. Md. 2002) (stay of consideration of motion to remand warranted pending transfer to MDL); *Knearem v. Bayer Corp*, 2002 WL 1173551 at *1 (D. Kan. May 7, 2002) (staying action pending transfer to MDL because it would allow the transferee judge to deal with the common issues raised by remand motions); *Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067, at *2-3 (W.D. Tenn. Apr. 2, 2001) ("[t]he general rule is for federal court to defer ruling on pending motions to remand in MDL litigation until after the [MDL Judicial Panel] has transferred the case to the MDL court.").  This is precisely what the Northern District of California concluded.

In fact, the MDL-875 Court's Administrative Order No. 11 (Ex. F) underscores its interest in hearing remand motions and other unresolved motions:

> All motions pending in MDL 875 which are neither granted nor denied as of the date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the Transferee Court shall be deemed denied *without prejudice* with all time requirements held in abeyance from the initial date of filing.  Counsel may re-file any unresolved motions for further transferee court action.

Similarly, MDL-875 Administrative Order No. 12 (Ex. G) provides for extensive disclosure and discovery deadlines and procedures.  The MDL-875 Court has expressed a significant interest in managing federal asbestos litigation and ruling on motions pending at the time of a case's transfer.  There is no reason to vacate the CTO.

C.     **Transfer to MDL-875 Will Best Serve Judicial Economy and Efficiency, and Will Not Unduly Inconvenience the Parties**

This case involves numerous questions of fact common with cases pending in MDL-875.  As the Panel knows, MDL-875 includes asbestos plaintiffs who have sued military contractors.  Like many other plaintiffs in MDL-875, Plaintiffs here contend that Mr. Vest suffers from malignant mesothelioma caused by asbestos exposure.  Although defendants contend that Mr. Vest suffers from the rare disease localized malignant mesothelioma ("LMM"), as opposed to the more common diffuse malignant mesothelioma ("DMM"), and that LMM is not caused by asbestos exposure, this issue is not unique and not a basis to vacate the CTO.  Plaintiffs contend that Mr. Vest's LMM was caused by asbestos and that his LMM is DMM caught at early stage.  As a result, there are numerous common questions of fact pertaining to exposure, medical and causation matters, as well as various defenses raised by MDC and other defendants, including the "government contractor" defense.

The parties, including Plaintiffs, will not be prejudiced by transfer of this action. The Northern District of California rejected Plaintiffs' claims of prejudice.  Plaintiffs have provided no valid explanation of how they would be unfairly inconvenienced by transfer.  This case can and will be fairly and efficiently litigated in MDL-875.

**IV.     CONCLUSION**

The Panel should deny Plaintiffs' Motion to Vacate Conditional Transfer Order 353, and transfer this action to MDL-875.

Respectfully submitted,

McDONNELL DOUGLAS CORPORATION
By Counsel

  /s/ Robert E. Boone III_____
Robert E. Boone III
James C. Pettis
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401
(310) 576-2100 phone
(310) 576-2200 facsimile
reboone@bryancave.com
james.pettis@bryancave.com

*Counsel for Defendant*
*McDonnell Douglas Corporation*

823370\0307472

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On February 18, 2011, I served the foregoing document, described as **DEFENDANT McDONNELL DOUGLAS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 353**, on each interested party in this action, as follows:

☒     (VIA ELECTRONIC SERVICE):  The document was served via The United States Judicial Panel on MultiDistrict Litigation CM/ECF electronic transfer system, which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge, and any registered user in the case:

| | |
|---|---|
| *MDL No. 875* | David C. Landin       dlandin@hunton.com |
| | Peter G. Angelos      mjolley@lawpga.com |
| | |
| *Attorneys for Plaintiff* | James Lyndon Oberman, Esq. |
| *CAROLINE VEST and* | Gloria Chun Amell, Esq. |
| *TIMOTHY VEST* | Michael Thomas Stewart, Esq. |
| | KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY |
| | Jack London Market |
| | 55 Harrison Street, Suite 400 |
| | Oakland, California  94607 |
| | Telephone:    (510) 302-1000 |
| | Facsimile:    (510) 835-4913 |
| | Email:          joberman@kazanlaw.com |
| | gamell@kazanlaw.com |
| | mstewart@kazanlaw.com |

☒     (BY MAIL)  I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth below.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on the following business day in the ordinary course of business:

### SEE ATTACHED SERVICE LIST.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 18, 2011, at Santa Monica, California.


_____/s/ Karen Minutelli_____
Karen Minutelli

823370\0307472

**SERVICE LIST**
***Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.***
**Northern District of California Case No. 3:11-cv-00061-JSW**
**MDL NO. 875**

| | |
|---|---|
| ***Attorneys for Defendant and Cross-Defendant*** *ALLIED PACKING AND SUPPLY* | Alan J. Zapala, Esq.<br>HERR & ZAPALA<br>152 North 3rd Street, Suite 500<br>San Jose, CA  95112<br>Telephone:    (408) 287-7788<br>Facsimile:    (408) 927-0408<br>Email:          ajz@mylawfirm.com |
| ***Attorneys for Defendant and Cross-Defendant*** *ALTA BUILDING MATERIALS CO.* | Richard D. Dumont, Esq.<br>Timothy F. Barteau, Esq.<br>SELMAN BREITMAN LLP<br>33 New Montgomery Street, Sixth Floor<br>San Francisco, CA  94105<br>Telephone:    (415) 979-0400<br>Facsimile:    (415) 979-2099<br>Email:          rdumont@selmanbreitman.com<br>                   tbarteau@selmanbreitman.com |
| ***Attorneys for Defendant and Cross-Defendant*** *DEAN'S MATERIALS, INC. dba CONSTRUCTION MATERIAL SUPPLIER* | Mary K. Hillyard, Esq.<br>Jennifer M. Ways, Esq.<br>PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP<br>One California Street<br>Suite 1910<br>San Francisco, CA  94104<br>Telephone:    (415) 788-8354<br>Facsimile:    (415) 788-3625<br>Email:          mhillyard@prindlelaw.com<br>                   jways@prindlelaw.com |

2

823370\0307472

**SERVICE LIST**
***Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.***
**Northern District of California Case No. 3:11-cv-00061-JSW**
**MDL NO. 875**

| | |
|---|---|
| ***Attorneys for Defendant and Cross-Defendant*** *DOWMAN PRODUCTS, INC.* | Michael T. McCall, Esq. Katherine M. Watts, Esq. WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP 601 Montgomery Street, 9th Floor San Francisco, CA  94111 Telephone:      (415) 781-7072 Facsimile:      (415) 391-6258 Email:            mmccall@wfbm.com                          kwatts@wfbm.com |
| ***Attorneys for Defendant and Cross-Defendant*** *GARLOCK SEALING TECHNOLOGIES LLC* | David M. Glaspy, Esq. Brian S. O'Malley, Esq. GLASPY & GLASPY One Walnut Creek Center 100 Pringle Ave., Suite 750 Walnut Creek, CA  94596 Telephone:      (925) 947-1300 Facsimile:      (925) 947-1594 Email:            dglaspy@glaspy.com                          bomalley@glaspy.com |
| ***Attorneys for Defendant and Cross-Defendant*** *GEORGE E. MASKER, INC.* | Thomas F. Vandenburg, Esq. Rafael Contreras Sweet, Esq. DONGELL LAWRENCE FINNEY LLP 707 Wilshire Boulevard, 45th Floor Los Angeles, CA  90017-3609 Telephone:      (213) 943-6100 Facsimile:      (213) 943-6101 Email:            tvandenburg@dlflawyers.com                          rsweet@dlflawyers.com<br><br>Michael L. Mau, Esq. THE MAU LAW FIRM 950 Harrison Street, Suite 213 San Francisco, CA  94107-1078 Telephone:      (415) 495-8082 Facsimile:      (415) 495-8084 Email:            maulawsf@hotmail.com |

| | |
|---|---|
| **SERVICE LIST**<br>***Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.***<br>**Northern District of California Case No. 3:11-cv-00061-JSW**<br>**MDL NO. 875** | |
| ***Attorneys for Defendant and Cross-Defendant***<br>*GEORGIA PACIFIC LLC*<br>*fka GEORGIA PACIFIC CORPORATION* | Diane T. Gorczyca, Esq.<br>Brien F. McMahon, Esq.<br>PERKINS COIE LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA  94111<br>Telephone:      (415) 344-7000<br>Facsimile:      (415) 344-7288<br>Email:          dgorczyca@perkinscoie.com<br>                    bmcmahon@perkinscoie.com |
| ***Attorneys for Defendants and Cross-Defendants***<br>*HENKEL CORPORATION fka HENKEL LOCTITE CORPORATION, and sii to certain assets of the former DEXTER CORPORATION* | Mark Intrieri, Esq.<br>CHAPMAN & INTRIERI LLP<br>2236 Mariner Square Drive<br>Third Floor, Suite 300<br>Alameda, CA  94501-6468<br>Telephone:      (510)864-3600<br>Facsimile:      (510) 864-3601<br>Email: :        mintrieri@chapmanandintrieri.com |
| ***Attorneys for Defendant and Cross-Defendant***<br>*HEXCEL CORPORATION* | Mark Geraghty, Esq.<br>McKENNA, LONG & ALDRIDGE LLP<br>300 S. Grand Avenue, 14th Floor<br>Los Angeles, CA  90071<br>Telephone:      (213) 688-1000<br>Facsimile:      (213) 243-6330<br>Email:          mgeraghty@mckennalong.com<br><br>Paul Bird, Esq.<br>McKENNA, LONG & ALDRIDGE<br>101 California Street, 41st Floor<br>San Francisco, CA  94111<br>Telephone:      (415) 267-4000<br>Facsimile:      (415) 267-4198<br>Email:          pbird@mckennalong.com |

<table>
<tr>
<td colspan="2" align="center"><b>SERVICE LIST</b><br><i>Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.</i><br><b>Northern District of California Case No. 3:11-cv-00061-JSW</b><br><b>MDL NO. 875</b></td>
</tr>
<tr>
<td><i>Attorneys for Defendants and<br>Cross-Defendants<br>KAISER GYPSUM COMPANY, INC.<br>and HANSON PERMANENTE CEMENT,<br>INC. fka KAISER CEMENT<br>CORPORATION</i></td>
<td>Jennifer Judin, Esq.<br>Annie Wu, Esq.<br>DEHAY & ELLISTON, LLP<br>1300 Clay Street, Suite 840<br>Oakland, CA 94612<br>Telephone:   (510) 285-0750<br>Facsimile:   (510) 285-0740<br>Email:      jjudin@dehay.com<br>           awu@dehay.com</td>
</tr>
<tr>
<td><i>Attorneys for Defendant and<br>Cross-Defendant<br>KENTILE FLOORS, INC.</i></td>
<td>David M. Glaspy, Esq.<br>Brian S. O'Malley, Esq.<br>GLASPY & GLASPY<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 750<br>Walnut Creek, California 94596<br>Telephone:   (925) 947-1300<br>Facsimile:   (925) 947-1594<br>Email:      dglaspy@glaspy.com<br>           bomalley@glaspy.com</td>
</tr>
<tr>
<td><i>Attorneys for Defendants and<br>Cross-Defendants<br>LATHROP CONSTRUCTION<br>ASSOCIATES, INC.; LATHROP<br>CONSTRUCTION ASSOC., INC.<br>sii/pae/et F.P. LATHROP<br>CONSTRUCTION ASSOC, INC.<br>sii/pae/et F.P. LATHROP<br>CONSTRUCTION; F.P. LATHROP<br>CORPORATION</i></td>
<td>Michael W. Bolechowski, Esq.<br>WILSON, ELSER, MOSKOWITZ, EDELMAN<br>& DICKER<br>525 Market Street<br>17th Floor<br>San Francisco, CA 94105<br>Telephone:   (415) 433-0990<br>Facsimile:   (415) 434-1370<br>Email:<br>      michael.bolechowski@wilsonelser.com</td>
</tr>
</table>

823370\0307472

<table>
<tr><td colspan="2" align="center"><b>SERVICE LIST</b><br><i>Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.</i><br><b>Northern District of California Case No. 3:11-cv-00061-JSW</b><br><b>MDL NO. 875</b></td></tr>
<tr>
<td><b><i>Attorneys for Defendant and<br>Cross-Defendant</i></b><br><i>METROPOLITAN LIFE INSURANCE<br>COMPANY</i></td>
<td>Ruth D. Kahn, Esq.<br>STEPTOE & JOHNSON<br>633 West Fifth Street, Suite 700<br>Los Angeles, CA  90071<br>Telephone:     (213) 439-9400<br>Facsimile:     (213) 439-9599<br>Email:          rkahn@steptoe.com</td>
</tr>
<tr>
<td><b><i>Attorneys for Specially Appearing<br>Defendant and Cross-Defendant</i></b><br><i>THE PORT OF OAKLAND</i></td>
<td>Merton A. Howard, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street<br>26th Floor<br>San Francisco, CA  94105<br>Telephone:     (415) 777-3200<br>Facsimile:     (415) 541-9366<br>Email:          mhoward@hansonbridgett.com<br><br>Michele Heffes, Esq.<br>PORT OF OAKLAND LEGAL DEPARTMENT<br>530 Water Street, 4th Floor<br>P.O. Box 2064<br>Oakland, CA  94607<br>Telephone:     (510) 627-1348<br>Facsimile:     (510) 444-2093<br>Email:          mheffes@portoakland.com</td>
</tr>
<tr>
<td><b><i>Attorneys for Defendant and<br>Cross-Defendant</i></b><br><i>WORLD AIRWAYS, INC.</i></td>
<td>James Goldberg, Esq.<br>Bryan Cave LLP<br>Two Embarcadero Center<br>Suite 1410<br>San Francisco, California  94111-3907<br>Telephone:     (415) 675-3400<br>Facsimile:     (415) 675-3434<br>Email:          james.goldberg@bryancave.com</td>
</tr>
</table>

| **SERVICE LIST**<br>***Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.***<br>**Northern District of California Case No. 3:11-cv-00061-JSW**<br>**MDL NO. 875** | |
|---|---|
| ***Attorneys for Defendants and Cross-Defendants***<br>*DESIGNATED DEFENSE COUNSEL* | Calendar Dept.<br>BERRY & BERRY<br>PO Box 16070<br>Oakland, CA  94610<br>Telephone:      (510) 835-8330<br>Facsimile:      (510) 835-5117<br>Email:            calendardept@berryandberry.com |

823370\0307472