

*7924912*

1  Gordon D. Greenwood, Esq. (C.S.B. #136097)
   Justin A. Bosl, Esq. (C.S.B. #241117)
2  KAZAN, McCLAIN, LYONS,
   GREENWOOD & HARLEY
3  A Professional Law Corporation
   171 Twelfth Street, Third Floor
4  Oakland, California  94607
   Telephone:  (510) 465-7728
5
   Attorneys for Plaintiffs
6

7

**F I L E D**
ALAMEDA COUNTY

DEC 1 7 2009

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF ALAMEDA

10

| | |
|---|---|
| 11  TIMOTHY VEST and CAROLINE VEST,<br><br>12  Plaintiffs,<br><br>13  vs.<br><br>14  ALLIED PACKING AND SUPPLY; CYPRUS<br>15  AMAX MINERALS COMPANY, individually,<br>    and as successor in interest, parent, alter ego<br>16  and equitable trustee of CYPRUS MINES<br>    CORPORATION, SIERRA TALC &<br>17  CHEMICAL COMPANY, UNITED SIERRA<br>    DIVISION CYPRUS MINES CORPORATION<br>18  and PAUL W. WOOD COMPANY; THE<br>    DEXTER CORPORATION; DOWMAN<br>19  PRODUCTS, INC.; GARLOCK SEALING<br>    AND TECHNOLOGIES, LLC.; GEORGIA-<br>20  PACIFIC LLC, formerly known as GEORGIA-<br>    PACIFIC CORPORATION; HAMILTON<br>21  MATERIALS, INC.; HENKEL<br>    CORPORATION, individually and as successor<br>22  in interest, parent, alter ego and equitable<br>    trustee to HENKEL LOCTITE<br>23  CORPORATION, individually and as successor<br>    in interest, parent, alter ego, and equitable<br>24  trustee to THE DEXTER CORPORATION;<br>    HEXCEL CORPORATION; KAISER<br>25  GYPSUM COMPANY, INC.; KELLY-<br>    MOORE PAINT COMPANY, INC.; KENTILE<br>26  FLOORS, INC.; RAYMOND INTERIOR<br>    SYSTEMS-NORTH, individually and as<br>27  successor in interest, parent, alter ego and<br>    equitable trustee to JAMES L. WHITTAKER,<br>28  INC.; WORLD AIRWAYS, INC.; | No.  R    09489518<br><br>**COMPLAINT FOR PERSONAL INJURIES; STRICT LIABILITY; BREACH OF WARRANTIES; NEGLIGENCE; FRAUD; AIDING AND ABETTING FRAUD; AIDING AND ABETTING BATTERY; CONSPIRACY; (ALTERNATIVE ENTERPRISE AND CONCERT OF ACTION LIABILITY); PREMISES LIABILITY; AND LOSS OF CONSORTIUM**<br><br>**Code of Civil Procedure § 36(d)** |

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

JBOSL/467445.1

1

**Exhibit A - Page 3**

METROPOLITAN LIFE INSURANCE
COMPANY; and FIRST DOE through THREE
HUNDRED THIRTIETH DOE, inclusive,

Defendants.

Plaintiff TIMOTHY VEST alleges:

# PRODUCTS DEFENDANTS:

## FIRST CAUSE OF ACTION

### Negligence
### [Against All Product Defendants]

### I.

Plaintiff Timothy Vest brings this action on his own behalf.  The masculine form as used in this complaint, if applicable as shown by the context hereof, applies to a female person or a corporation.

### II.

Plaintiff does not know the true names and capacities, whether corporate, associate or individual of defendants sued herein as FIRST DOE through THREE HUNDRED THIRTIETH DOE, inclusive, and each of them, and for that reason prays leave to insert the true names and capacities of said defendants when the same are ascertained.  Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner for the events and happenings herein referred to, and proximately caused injury and damages to plaintiff thereby as herein alleged.

### III.

At all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants, and was at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of the remaining defendants.

///

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

2

**Exhibit A - Page 4**

**IV.**

Defendants ALLIED PACKING AND SUPPLY; CYPRUS AMAX MINERALS COMPANY, individually, and as successor in interest, parent, alter ego and equitable trustee of CYPRUS MINES CORPORATION, SIERRA TALC & CHEMICAL COMPANY, UNITED SIERRA DIVISION CYPRUS MINES CORPORATION and PAUL W. WOOD COMPANY; THE DEXTER CORPORATION; DOWMAN PRODUCTS, INC.; GARLOCK SEALING AND TECHNOLOGIES, LLC.; GEORGIA-PACIFIC LLC, formerly known as GEORGIA-PACIFIC CORPORATION; HAMILTON MATERIALS, INC.; HENKEL CORPORATION, individually and as successor in interest, parent, alter ego and equitable trustee to HENKEL LOCTITE CORPORATION, individually and as successor in interest, parent, alter ego, and equitable trustee to THE DEXTER CORPORATION; HEXCEL CORPORATION; KAISER GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; KENTILE FLOORS, INC.; RAYMOND INTERIOR SYSTEMS-NORTH, individually and as successor in interest, parent, alter ego and equitable trustee to JAMES L. WHITTAKER, INC.; WORLD AIRWAYS, INC.; METROPOLITAN LIFE INSURANCE COMPANY; FIRST DOE through FIFTIETH DOE, inclusive, were at all times herein and still are corporations authorized to and doing business in the State of California and are hereby designated PRODUCTS defendants.

**V.**

PRODUCTS defendants' products at issue in this complaint consist of asbestos and asbestos-containing products, or products as to which PRODUCTS defendants knew or should have known that reasonably foreseeable uses of the products would expose persons such as plaintiff who worked with or around the products to friable asbestos. These products were defective in their design, manufacture, labeling, marketing and/or warning and are referred to throughout this complaint as "asbestos" or "asbestos-containing products."

**VI.**

At all times herein mentioned defendants, and each of them, were engaged in the business of mining, manufacturing, assembling, supplying, packaging, installing and labeling asbestos, and products produced therefrom, for sale to and use by the members of the general public as well as to

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

3

1    other parties for use of the said products to manufacture and supply products therefrom.

2                                        **VII.**

3          At all times herein mentioned, defendants FIFTY-FIRST DOE through TWO HUNDRED

4    TENTH DOE were Officers and Directors of named defendants herein as FIRST DOE through

5    FIFTIETH DOE.

6                                        **VIII.**

7          The defendants, and each of them, acting through their agents, servants and/or employees,

8    cause and have caused in the past, certain asbestos-containing products and asbestos-related

9    materials, to be placed in the stream of commerce with the result that said products and materials

10   came into contact and/or use by plaintiff.

11                                       **IX.**

12         Plaintiff Timothy Vest was exposed to asbestos brought home on his father's, Warren

13   Vest's, clothes, shoes, person and other items transported into the home from his work as a worker

14   at World Airways, Inc., located in Oakland, California from 1965 to 2005.  Also, as a worker from

15   the period 1985-2001, plaintiff worked with and was exposed to asbestos, asbestos products and

16   asbestos-related insulation and building materials mined, manufactured, processed, imported,

17   converted, compound, sold and/or installed by the defendants, and each of them.  During the course

18   of his work plaintiff was exposed to asbestos and asbestos-containing materials at a number of

19   locations and in a number of employments, including, without limitation:

20         (1)    From 1985 to 1988 while working as a ramp supervisor at Continental Airlines, Inc.

21                at Los Angeles International Airport in Los Angeles, California;

22         (2)    In 1986 while working for Sandy's Ski Rentals in Santa Monica, California.

23         (3)    In 1989 while working for Fletcher's Team and Ski in Livermore, California.

24         (4)    From 1990 to 2001 while working as a Commercial Airline Pilot at Emery

25                Worldwide Airlines, Inc. in New York, New York; Dayton, Ohio; Oakland,

26                California; and Los Angeles, California.

27   ///

28   ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries                                                        4

**Exhibit A - Page 6**

**X.**

During the course and scope of plaintiff's father's work and plaintiff's work, plaintiff was exposed to asbestos products and asbestos-related materials of defendants, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

**XI.**

The illness and disability of plaintiff is the direct and proximate result of the negligence of the defendants, and each of them, in that they produced, sold and otherwise put into the stream of commerce, the foregoing materials which the said defendants, and each of them, knew, or in the exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.

**XII.**

Plaintiff, exercising reasonable diligence, discovered the aforealleged conduct, misconduct and culpability of defendants, and each of them, on or after October 2009, when a physician informed him of diagnosis of his asbestos-related mesothelioma. Plaintiff could not have discovered such condition sooner because such condition was brought about without noticeable trauma until it had advanced to such a point that diagnosis could be made. Such a diagnosis required the services of an expert, and since plaintiff did not possess such expertise, he could not know, in the exercise of reasonable care, of the cause of his injury until such time as he was diagnosed and advised. Plaintiff could not know, until such advice, of the culpability of the defendants, and each of them.

**XIII.**

As a direct and proximate result of the conduct of the defendants, and each of them, plaintiff experienced and continues to experience prolonged pain and suffering, the necessity for medical treatment, injuries including, but not limited to, mesothelioma, severe shock to his nervous system, and other injuries, the exact extent of which are unknown to plaintiff.

**XIV.**

By reason of the aforesaid allegations, it has been necessary for plaintiff to engage the services of physicians, surgeons, and hospitals; plaintiff does not know the reasonable value of said

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   services which were and are still reasonably required and requests leave to amend this complaint to

2   insert said sum when it is ascertained.

### XV.

4   By reason of the aforesaid allegations, plaintiff has been unable to follow his normal

5   gainful occupation for certain periods after the date of said events, and plaintiff has been disabled

6   for an indefinite time; plaintiff does not now know the value of the employment which has been

7   lost to him, and requests leave to amend this complaint to insert the reasonable value thereof when

8   such is ascertained.

### XVI.

10   By reason of the aforesaid negligence of defendants, and each of them, plaintiff has been

11   damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to

12   special damages herein alleged.

### XVII.

14   The foregoing acts of the defendants, and each of them, were done wantonly, willfully,

15   oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and

16   each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's

17   father's and plaintiff's employers or to those entities that installed and/or handled the asbestos

18   products to which plaintiff was exposed, knew that the foregoing materials released invisible,

19   undetectable respirable asbestos fibers when installed or handled and that said fibers were

20   extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

21   insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

22   warning on the said material or package thereof regarding said dangerous nature, nor took any

23   action to protect those persons who foreseeably would be exposed to said asbestos products,

24   despite knowing that persons who had no knowledge of the dangerous and hazardous nature

25   thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

26   punitive damages hereunder.

27   WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

28   ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

Complaint for Personal Injuries

JBOSL/467445.1

**Exhibit A - Page 8**

## SECOND CAUSE OF ACTION

### Breach of Implied Warranty
### [Against All Product Defendants]

AS AND FOR A SECOND CAUSE OF ACTION, plaintiff complains of PRODUCTS defendants, and each of them, and alleges:

### I.

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence. Defendants made this implied warranty to plaintiff's employer, plaintiff's father, plaintiff's father's employer, and/or others with whom plaintiff was in privity.

### II.

The defendants, and each of them, impliedly warranted that the said materials were of good and merchantable quality and fit for their intended use.

### III.

The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality for the particular intended use was breached in that certain harmful, poisonous and deleterious matter and particles were given off into the atmosphere wherein plaintiff's father and plaintiff and others in their positions carried out their duties as workers working with such materials and other related materials.

### IV.

As a direct and proximate result of the breach of implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to wit:  mesothelioma, which caused great disability, as previously set forth.

### V.

By reason of the aforesaid, plaintiff has been damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to special damages herein alleged.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

7

**Exhibit A - Page 9**

## THIRD CAUSE OF ACTION

### Strict Product Liability
### Manufacturing Defect/Design Defect/Failure to Warn
### [Against All Product Defendants]

AS AND FOR A THIRD CAUSE OF ACTION, plaintiff complains of PRODUCTS defendants, and each of them, and alleges:

### I.

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence.

### II.

At all times herein mentioned, plaintiff's father's employer and plaintiff's employer or those entities that installed and/or handled the products to which plaintiff was exposed purchased from defendants, and each of them, asbestos and asbestos products hereinafter referred to as products that were defective in design, manufacturing, labeling, marketing and/or warning.

### III.

Defendants, and each of them, knew that the aforementioned products would be used without inspection for design, manufacturing, labeling, marketing and/or warning defects by the user thereof.

### IV.

At all times mentioned herein, plaintiff reasonably was unaware of the dangerous nature of the aforementioned products.

### V.

At all times mentioned herein, defendants, and each of them, were aware of the dangerous and defective nature of the design, manufacturing, labeling and/or marketing of the aforementioned products, when said products were used in the manner for which they were intended, and were aware that persons who foreseeably would be exposed to the asbestos containing products were not aware of the dangerous and defective nature of the design, manufacture, labeling and/or marketing of the products, yet defendants took no action to warn or otherwise protect those who foreseeably

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   would be exposed to said defective and improperly labeled products.

2   **VI.**

3       PRODUCTS defendants manufactured, distributed, and sold asbestos-containing products.

4   The asbestos-containing products contained a manufacturing defect when they left PRODUCTS

5   defendants' possession, and plaintiff's father and plaintiff used those asbestos-containing products

6   in a way that was reasonably foreseeable to defendants.

7   **VII.**

8       The aforementioned products were defective in design because they did not perform as

9   safely as an ordinary consumer would have expected them to perform. At the time plaintiff's

10  father and plaintiff used the asbestos-containing products, they were substantially the same as when

11  they left PRODUCTS defendants' possession; any change made to the asbestos-containing

12  products after they left defendants' possession was reasonably foreseeable to defendants; the

13  asbestos-containing products did not perform as safely as an ordinary consumer would have

14  expected at the time of use; and Plaintiff used the products in the way that was reasonably

15  foreseeable to PRODUCTS defendants.

16  **VIII.**

17      The aforementioned products lacked sufficient instructions and warnings of potential

18  dangers. PRODUCTS defendants manufactured, distributed, and sold asbestos-containing

19  products; those asbestos-containing products had potential dangers that were known or knowable

20  by the use of scientific knowledge available at the time of the manufacture, distribution, and sale of

21  the products; the potential hazards presented a substantial danger to Plaintiff; ordinary consumers

22  would not have recognized the potential dangers; PRODUCTS defendants failed to adequately

23  warn or instruct of the potential dangers; and these asbestos-containing products were used in a

24  way that was reasonably foreseeable to PRODUCTS defendants.

25  **IX.**

26      The aforementioned products were used by plaintiff's father and plaintiff in the manner for

27  which they were intended, or plaintiff foreseeably was exposed to said products when they were

28  used in the manner for which they were intended.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

JBOSL/467445.1

**X.**

As a direct and proximate result of the foregoing conduct, plaintiff developed an illness, to wit: mesothelioma, which caused great disability, as previously set forth.

**XI.**

As a proximate result of the defective design, manufacturing, labeling, marketing and/or warning of these aforementioned materials and products, plaintiff was generally damaged as is more fully set forth herein and in addition has sustained special damages hereinabove alleged.

**XII.**

The foregoing acts of the defendants, and each of them, were done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's father's and plaintiff's employers or to those entities that installed and/or handled the asbestos products to which plaintiff was exposed, knew that the foregoing products and materials released invisible, undetectable respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous when inhaled. The defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient warning on the said material or package thereof regarding said dangerous nature, nor took any action to protect those persons who foreseeably would be exposed to said asbestos products, despite knowing that persons who had no knowledge of the dangerous and hazardous nature thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**Fraud/Failure to Warn**
**[Against All Product Defendants]**

AS AND FOR A FOURTH CAUSE OF ACTION, plaintiff complains of PRODUCTS defendants, and each of them, and alleges:

///

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

10

# I.

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence.

# II.

At all times pertinent hereto, the defendants, and each of them, owed plaintiff a duty, as provided for in Sections 1708 and 1710 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of the plaintiff.  In violation of that duty, the defendants, and each of them, did do the acts and omissions, when a duty to act was imposed, as set forth herein, thereby proximately causing injury to the plaintiff as is more fully set forth herein.  Such acts and omissions consisted of acts falling within Section 1710, and more specifically were suggestions of fact which were not true and which the defendants did not believe to be true, assertions of fact of that which was not true, which the defendants had no reasonable ground for believing it to be true, and the suppression of facts when a duty existed to disclose it, all as are more fully set forth herein, and the violation of which as to any one such item gave rise to a cause of action for violation of the rights of the plaintiff as provided for in the aforementioned code sections.

# III.

Since 1924, the defendants, and each of them, have known and have been possessed of the true facts consisting of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of plaintiff's father, plaintiff, and others in plaintiff's father's and plaintiff's position working in close proximity with such materials and have known of the dangerous propensities of other of the aforementioned materials and products prior to that time and with intent to deceive plaintiff's father and plaintiff, and others in their positions and with intent that he and such others should be and remain ignorant of such facts and with intent to induce plaintiff's father and plaintiff and such others to alter their positions to their injury and/or risk and in order to gain advantages did do the following acts:

a.      Defendants, and each of them, did not label any of the aforementioned asbestos-

KAZAN, McCLAIN,
LYONS, .
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

11

**Exhibit A - Page 13**

1       containing materials and products as to the hazards of such materials and products

2       to the health and safety of plaintiff's father and plaintiff and others in plaintiff's

3       father's and plaintiff's position working in close proximity with such materials until

4       1964, when certain of such materials were labeled by some, but not all, of the

5       defendants herein, when the knowledge of such hazards was existing and known to

6       defendants, and each of them, since 1924.  By not labeling such materials as to their

7       said hazards defendants, and each of them, caused to be suggested as a fact to

8       plaintiff's father and plaintiff and plaintiff's father's and plaintiff's employers that it

9       was safe for plaintiff's father and plaintiff to work in close proximity to such

10       materials when in fact it was not true and defendants did not believe it to be true;

11   b.   Defendants, and each of them, suppressed information relating to the danger of use

12       of the aforementioned materials by requesting the suppression of information to the

13       plaintiff and the general public concerning the dangerous nature of the

14       aforementioned materials to workers by not allowing such information to be

15       disseminated in a manner which would give general notice to the public and

16       knowledge of the hazardous nature thereof when defendants were bound to disclose

17       such information;

18   c.   Defendants, and each of them, sold the aforementioned products and materials to

19       plaintiff's father's employer and plaintiff's employer and others without advising

20       such employers and others of the dangers of use of such materials to persons

21       working in close proximity thereto, when defendants knew of such dangers, as set

22       forth herein, and, as set forth above, had a duty to disclose such dangers.  Thereby,

23       defendants caused to be positively asserted to plaintiff's father's employer and

24       plaintiff's employer of that which was not true and which defendants had no

25       reasonable ground for believing it to be true, in a manner not warranted by the

26       information possessed by said defendants, and each of them, of that which was and

27       is not true, to wit, that it was safe for plaintiff's father and plaintiff to work in close

28       proximity to such materials;

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

 

d.   Defendants, and each of them, suppressed from everyone, including plaintiff's father and plaintiff and plaintiff's father's employer and plaintiff's employer, and continue to suppress, medical and scientific data and knowledge of the accurate results of studies including, but not limited to, suppressing information contained in the unpublished Lanza report by participating in the influencing of A.J. Lanza to change his report, which altered version was published in *Public Health Reports*, Volume 50 at page 1 in 1935, when they were bound to disclose it unaltered, and by causing Asbestos Magazine, a widely disseminated trade journal, to omit any mention of the dangers of inhaling asbestos dust, thereby lessening the probability of notice of danger to those exposed to asbestos, and thereby caused plaintiff's father and plaintiff to be and remain ignorant thereof;

e.   Defendants, and each of them, belonged to, participated in, and financially supported the Asbestos Textile Institute and/or other industry organizations which actively promoted the suppression of information of danger to users of the aforementioned products and materials for and on behalf of defendants, and each of them, thereby misleading plaintiff's father and plaintiff and plaintiff's father's employer and plaintiff's employer to their prejudice through the suggestions and deceptions set forth above in this cause of action. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enjoined to study the subject of dust control; discussions in such committee were held many times of (I) the dangers inherent in asbestos and the dangers which arise from the lack of control of dust and (ii) the suppression of such information from 1946 to a date unknown to plaintiff at this time;

f.   Commencing in 1930 with the study of mine and mill workers at the Thetford asbestos mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, defendants knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913



Asbestos Textile Institute and other industry organizations to all other defendants, and each of them, herein.  Between 1942 and 1950 the defendants, and each of them, knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and cancer, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants herein.  Thereby, defendants suggested as a fact that which is not true and disseminated other facts likely to mislead plaintiff's father and plaintiff and plaintiff's father's employer and plaintiff's employer and which did mislead them for want of communication of true facts which consisted of the aforedescribed medical and scientific data and other knowledge by not giving plaintiff's father and plaintiff or plaintiff's father's employer and plaintiff's employer the true facts concerning such knowledge of danger, when defendants were bound to disclose it;

g.   Failed to warn plaintiff's father and plaintiff and plaintiff's father's employer and plaintiff's employer of the nature of the said materials, to wit:  dangerous when breathed, causing pathological effects without noticeable trauma, when possessed with knowledge that such material was dangerous and a threat to the health of persons coming into contact therewith and under a duty to disclose it;

h.   Failed to provide plaintiff's father and plaintiff with information concerning adequate protective masks and devices for use with and application and installation of the products of the defendants, and each of them, when they knew that such protective measures were necessary, when they were under a duty to disclose such information, and if not advised as to use would result in injury to plaintiff's father and plaintiff and others applying and installing such materials;

i.   Concealed from plaintiff's father and plaintiff the true nature of the industrial exposure of plaintiff, the fact that they and each of them, knew that plaintiff's father and plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all, and such person would immediately be in not good health, the fact that he had

KAZAN, MCCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    in fact been exposed to harmful materials and the fact that the materials to which he

2    was exposed would cause pathological effects without noticeable trauma, when

3    under a duty to and bound to disclose it;

4    j.    Failed to provide information to the public at large and buyers, users and physicians

5    employed by plaintiff's father and plaintiff and plaintiff's father's employer and

6    plaintiff's employer for the purpose of conducting physical examinations of

7    plaintiff's father and plaintiff and others working in contact with asbestos as to the

8    true nature of the hazards of asbestos, in order for such physicians to diagnose, and

9    treat workers coming into contact with asbestos, in that the materials to which

10    plaintiff's father and plaintiff had been exposed would cause pathological effects

11    without noticeable trauma, when under a duty to supply such information and such

12    failure is likely to mislead for want of communication of such facts; and

13    k.    Defendants, and each of them, affirmatively misrepresented that asbestos containing

14    products were safe to use and handle, when they knew such statements were false

15    when made, or made said false statements recklessly and without regard for whether

16    the statements were true.

17    **IV.**

18    Each of the foregoing acts, suggestions, assertions and forbearances to act when a duty

19 existed to act, the said defendants, and each of them, having such knowledge, knowing plaintiff's

20 father and plaintiff did not have such knowledge and would breathe such material innocently, was

21 done falsely and fraudulently and with full intent to induce plaintiff's father and plaintiff to work in

22 a dangerous environment and to cause plaintiff's father and plaintiff to remain unaware of the true

23 facts, all in violation of Section 1710 of the Civil Code of the State of California.

24    **V.**

25    Plaintiff's father and plaintiff relied upon the said acts, suggestions, assertions and

26 forbearances; had plaintiff's father and plaintiff known the true facts, they would not have

27 continued to work in the said environment.

28 ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

## VI.

By reason of the aforesaid premises, plaintiff has been damaged in his health, strength and activity in addition to special damages hereinabove alleged.

## VII.

Each of the said acts and forbearances to act were caused by false, fraudulent and malicious motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive damages. The foregoing conduct of the defendants, and each of them, was done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff's father and plaintiff herein, in that the defendants, and each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's father's employer and plaintiff's employers or to those entities that installed and/or handled the asbestos products to which plaintiff's father and plaintiff were exposed, knew that the foregoing materials released invisible, undetectable respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous when inhaled. In addition to the unlawful conduct described above, the defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient warning on the said material or package thereof regarding said dangerous nature, nor took any action to protect those persons who foreseeably would be exposed to said asbestos products, despite knowing that persons who had no knowledge of the dangerous and hazardous nature thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

## VIII.

Plaintiff had no knowledge that the foregoing acts were actionable at law when they were committed, and cannot be charged with knowledge or inquiry thereof.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

///
///
///
///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

## FIFTH CAUSE OF ACTION

### Conspiracy to Defraud/Failure to Warn
### [Against All Product Defendants]

AS AND FOR A FIFTH CAUSE OF ACTION, plaintiff complains of PRODUCTS defendants, and each of them, and alleges:

### I.

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence and agency, and the Fourth Cause of Action herein.

### II.

At all times mentioned, the defendants, and each of them, knowingly and willfully conspired and agreed among themselves to perpetrate upon plaintiff the acts complained of as set forth in the First and Fourth Causes of Action as are incorporated herein.

### III.

Defendants, and each of them, did the acts and things herein alleged in Paragraph II of the Fourth Cause of Action, incorporated herein, in furtherance of the conspiracy and agreement as herein alleged and did further conspire to violate State and Federal laws and regulations, the exact nature and extent of which are unknown at this time, but known full well to defendants and each of them.

### IV.

Each of the said acts and forbearances to act were caused by false, fraudulent and malicious motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive damages. The foregoing conduct of the defendants, and each of them, was done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's father's employer and plaintiff's employers or to those entities that installed and/or handled the asbestos products to which plaintiff's father and plaintiff were exposed, knew that the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

17



1  foregoing materials released invisible, undetectable respirable asbestos fibers when installed or

2  handled and that said fibers were extremely dangerous when inhaled.  In addition to the unlawful

3  conduct described above, the defendants, and each of them, either did not warn or insufficiently

4  warned regarding the dangerous nature of said materials, nor placed a sufficient warning on the

5  said material or package thereof regarding said dangerous nature, nor took any action to protect

6  those persons who foreseeably would be exposed to said asbestos products, despite knowing that

7  persons who had no knowledge of the dangerous and hazardous nature thereof, such as plaintiff's

8  father and plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

9  punitive damages hereunder.

10                                                    **V.**

11          By reason of the aforesaid acts of defendants, and each of them, plaintiff has suffered

12  damage to his health, strength and activity.

13          WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

14                                  **SIXTH CAUSE OF ACTION**

15                  **Market Share/Enterprise Liability/Negligence**
                        **[Against All Product Defendants]**

16

17          AS AND FOR A SIXTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

18  defendants, and each of them, and alleges:

19                                                    **I.**

20          Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

21  allegation contained in the First Cause of Action.

22                                                   **II.**

23          Plaintiff is informed and believes and on the basis of such information and belief alleges

24  that at all times relevant herein, the number of producers of asbestos and asbestos products of the

25  type that plaintiff used or was otherwise exposed to, and the nature and structure of the asbestos

26  market and industry, was such that there is and was a substantial likelihood that plaintiff would

27  have actually used or otherwise been exposed to the products of each of the defendants.

28          WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

18



### SEVENTH CAUSE OF ACTION

**Market Share/Enterprise Liability/Strict Liability/Defective Product Design, Manufacturing, Labeling, Marketing and/or Warning**
**[Against All Product Defendants]**

AS AND FOR A SEVENTH CAUSE OF ACTION, plaintiff complains of PRODUCTS defendants, and each of them, and alleges:

### I.

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the Third Cause of Action and in Paragraph II of the Sixth Cause of Action.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

### EIGHTH CAUSE OF ACTION

**Market Share/Concert of Action/Negligence**
**[Against All Product Defendants]**

AS AND FOR AN EIGHTH CAUSE OF ACTION, plaintiff complains of PRODUCTS defendants and each of them, and alleges:

### I.

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the First Cause of Action, Paragraph II of the Fourth Cause of Action, and Paragraph II of the Sixth Cause of Action.

### II.

Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times relevant herein, each of the defendants has:

(1)     Cooperated in the defective design, manufacturing, labeling and/or marketing of uniformly defective and dangerous asbestos products;

(2)     Knowingly adhered to an inadequate industry-wide standard of safety that failed to warn plaintiff, or any other person likely to be exposed to the hazards caused by the use of their products, that exposure to asbestos fibers could cause asbestosis, mesothelioma, and lung cancer and other cancers and diseases or that it could otherwise cause death or serious permanent disability;

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

19

JBOSL/467445.1

**Exhibit A - Page 21**

1    (3)    Delegated research, investigative, and other safety functions to various trade

2  associations and industry leaders that failed to adequately and accurately investigate the risks

3  caused by the use of asbestos and that minimized and suppressed the publication of the information

4  concerning the hazards of asbestos; and

5    (4)    Otherwise jointly created and controlled the risk that was the proximate cause of the

6  injuries of plaintiff.

7                  **III.**

8      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, the

9  nature and structure of the asbestos industry and market was such that the foregoing acts and

10  omissions of each of the defendants, acting separately and in combination, were a substantial factor

11  in bringing about the aforesaid injury-causing standards, practices and risk, and were otherwise the

12  proximate and legal cause of, and a substantial factor in, bringing about the injuries to plaintiff.

13      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

14                **NINTH CAUSE OF ACTION**

15    **Market Share/Concert of Action/Strict Liability/Defective Product Design**
**[Against All Product Defendants]**

16

17      AS AND FOR A NINTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

18  defendants, and each of them, and alleges:

19                   **I.**

20      Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

21  allegation contained in the Third Cause of Action, Paragraph II of the Fourth Cause of Action,

22  Paragraph II of the Sixth Cause of Action, and Paragraphs II and III of the Eighth Cause of Action.

23      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

24                **TENTH CAUSE OF ACTION**

25    **Market Share/Concert of Action/Conspiracy to Defraud/Failure to Warn**
**[Against All Product Defendants]**

26

27      AS AND FOR A TENTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

28  defendants, and each of them, and alleges:

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

Complaint for Personal Injuries

20

**I.**

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the Fifth and Ninth Causes of Action.

**II.**

Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times herein, each of the defendants knew that the aforesaid failure to warn was industry-wide and that the use of their products and the products of others in the industry, without inspection and protection from the hazards of dust inhalation and without an adequate warning by any of them, created and increased the risk of death and disease from cancer, asbestosis, and other related diseases.

**III.**

Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times herein, each of the defendants, acting in concert and pursuant to a common plan, and in order to maximize the sale of their products and to minimize claims for damages and compensation, knowingly assisted, aided, abetted, encouraged and ratified the conduct of each other:

(1)     In the defective design, manufacturing, labeling and/or marketing of a uniformly defective and hazardous asbestos product without adequate tests and without an adequate warning to their consumers and users; and

(2)     In suppressing and discouraging the discovery and publication of information concerning the true hazards of asbestos by and to the public at large.

Said conduct was the proximate and legal cause of, and a substantial factor in, bringing about the injuries of plaintiff.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

///

///

///

///

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

JBOSL/467445.1

21

# PREMISES DEFENDANTS:

## ELEVENTH CAUSE OF ACTION

### Negligence/Failure to Warn
### [Against All Premises Defendants]

AS AND FOR AN ELEVENTH CAUSE OF ACTION, plaintiff complains of defendants WORLD AIRWAYS, INC.; TWO HUNDRED ELEVENTH DOE through TWO HUNDRED TWENTY-FIFTH DOE, inclusive. These defendants were at all times herein and still are corporations authorized to and doing business in the State of California, and are hereafter designated the PREMISES defendants. Plaintiff alleges against the PREMISES defendants, and each of them:

### I.

Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though fully set forth herein, each and every allegation contained in the First through Tenth Causes of Action herein.

### II.

Plaintiff does not know the true names or capacities of the defendants sued herein under the fictitious names of TWO HUNDRED ELEVENTH DOE through TWO HUNDRED TWENTY-FIFTH DOE, inclusive, whether corporate, associate or individual, and plaintiff prays leave to amend this complaint to allege said true names and/or capacities when the same are ascertained. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner for the events and happenings herein referred to, and proximately caused injury and damages to plaintiff as hereinafter alleged.

### III.

At all times herein mentioned, defendants TWO HUNDRED TWENTY-SIXTH DOE through TWO HUNDRED SEVENTY-FIFTH DOE were Officers and Directors of named defendants herein as TWO HUNDRED ELEVENTH DOE through TWO HUNDRED TWENTY-FIFTH DOE.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

22

**IV.**

At all times mentioned herein, the PREMISES defendants each respectively owned, maintained, managed, and/or controlled one or more of those premises where plaintiff's father worked while employed as set forth in Part VIII of the First Cause of Action, which is herein incorporated by reference.

**V.**

Prior to and at said times and places, each said PREMISES defendant caused certain asbestos-containing insulation and other building materials and products and machinery to be specified, manufactured, constructed, supplied, installed, maintained, used, replaced, and/or repaired and otherwise be present at the aforesaid premises, by its own workers and/or various independent contractors so as to allow and cause the release of dangerous quantities of toxic asbestos fibers into the ambient air and thereby contaminate the entire premises and create a hazardous condition and unreasonable risk of harm and personal injury to plaintiff's father and plaintiff and other persons exposed to said asbestos fibers while working on said premises, or otherwise using or coming on said premises, unless special precautions were taken.

**VI.**

At all relevant times mentioned herein, each said PREMISES defendant had a nondelegable duty to exercise reasonable care to inspect and make safe the premises it owned, maintained, managed and/or controlled, and to discover the aforesaid dangerous conditions.  PREMISES defendants, and each of them, also created or contributed to said dangerous conditions, by specifying, manufacturing, supplying, installing, maintaining, using, replacing, repairing, and/or requiring the use and/or handling of asbestos-containing materials on said premises, and by failing to properly supervise their own employees or the employees of others over whom said defendants had control in performing work which caused the release of asbestos fibers into the ambient air and the contamination of the entire premise, when defendants knew or in the exercise of ordinary and reasonable care should have known that the foregoing conditions and activities were present on said premises and created a dangerous and hazardous condition and unreasonable risk of harm and personal injury to plaintiff and other persons coming on the aforesaid premises.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

**VII.**

At all times relevant herein, plaintiff's father entered said premises and used and occupied said premises as intended and for the benefit and advantage of each said PREMISES defendant and at each said PREMISES defendant's request and invitation.  In so doing, plaintiff's father and plaintiff were exposed to dangerous quantities of asbestos fibers released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by each said PREMISES defendant.

**VIII.**

Plaintiff's father at all relevant times used the premises with due care and was unaware of and in the exercise of ordinary care could not have discovered the risk of personal injury and the hazardous conditions created by the aforesaid presence of asbestos products and materials on said premises.

**IX.**

At all relevant times mentioned herein, each said PREMISES defendant knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in its control would be used as alleged without knowledge of, or inspection for, defects or dangerous conditions, which were not apparent or obvious, and that persons using said premises would not be aware of the aforesaid hazardous conditions and contamination on the premises to which they were exposed.

**X.**

At all times pertinent hereto, the PREMISES defendants, and each of them, owed plaintiff's father and plaintiff a duty, as provided in Section 1708 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of plaintiff's father and plaintiff.  When a duty to act was imposed, as set forth herein, the defendants, and each of them, did do the acts and omissions in violation of that duty, thereby proximately causing injury to the plaintiff as is more fully set forth herein.

///

///

KAZAN, MCCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

24

JBOSL/467445.1

**XI.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to warn plaintiff's father and plaintiff and plaintiff's father's employer that said materials were dangerous when breathed and caused pathological effects without noticeable trauma, despite the fact that defendants possessed knowledge and were under a duty to disclose that such material was dangerous and a threat to the health of persons coming into contact therewith.

**XII.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide plaintiff's father and plaintiff with information concerning adequate protective masks and devices to be used when applying, installing, disturbing, or otherwise working around asbestos-containing products, and each of them, despite the knowledge of the PREMISES defendants and a duty to disclose that such protective measures were necessary and would result in injury to the plaintiff and others applying, installing, disturbing, or otherwise working around such materials if not so advised.

**XIII.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, concealed from plaintiff the true nature of the industrial exposure of plaintiff, and knew that plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was exposed would cause pathological effects without noticeable trauma despite the fact that PREMISES defendants were under a duty to and bound to disclose it.

**XIV.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by plaintiff's father and plaintiff and plaintiff's father's employer so that said physicians could examine, diagnose and treat plaintiff and others who were exposed to asbestos, despite the fact that PREMISES defendants, and each of them, were under a

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

Complaint for Personal Injuries

JBOSL/467445.1

1   duty to so inform and said failure was misleading.

2                                    **XV.**

3        At all relevant times mentioned herein, said PREMISES defendants, and each of them,

4   negligently failed to take steps to abate or correct the dangerous conditions, or to make the

5   premises safe or to warn plaintiff's father and plaintiff of the existence of the aforesaid dangerous

6   conditions and hazards on said premises, although the risk of plaintiff's injuries was a foreseeable

7   consequence of the negligence of defendants and each of them.

8                                    **XVI.**

9        As a legal consequence of the foregoing, plaintiff developed an asbestos-related disease

10  which caused illness and death as previously set forth and has suffered general and special

11  damages as alleged herein.

12                                   **XVII.**

13       The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

14  willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the

15  defendants, and each of them, in that the defendants, and each of them knew, at the time

16  defendants manufactured, supplied or required the use and/or handling of asbestos-containing

17  materials and/or failed to properly supervise their own employees or the employees of others over

18  whom defendants had control who installed and/or handled the asbestos products to which

19  plaintiff's father and plaintiff were exposed, that the foregoing materials released invisible,

20  undetectable respirable asbestos fibers when installed or handled and that said fibers were

21  extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

22  insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

23  warning on the said material or package thereof regarding said dangerous nature, nor took any

24  action to protect those persons who foreseeably would be exposed to said asbestos products,

25  despite knowing that persons who had no knowledge of the dangerous and hazardous nature

26  thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale asbestos fibers, and

27  plaintiff is entitled to punitive damages hereunder.

28       WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

JBOSL/467445.1

# TWELFTH CAUSE OF ACTION

### Negligent Hiring and Negligent Exercise of Retained Control
### [Against All Premises Defendants]

AS AND FOR A TWELFTH CAUSE OF ACTION, plaintiff complains of PREMISES defendants, and each of them, as follows:

### I.

Plaintiff refers to and incorporates herein by reference the First through Eleventh Causes of Action of this Complaint.

### II.

At all relevant times herein, the PREMISES defendants and each of them negligently hired, retained and kept contractors on jobs to perform asbestos related work, and knew or in the exercise of reasonable care and diligence should have known that the contractors, independent contractors, subcontractors, employees, manufacturers, suppliers, distributors, workers and others these defendants employed or engaged to or responsible for the manufacture, distribution, installation, inspection, maintenance, repair, replacement, removal and/or disposing of asbestos and asbestos-containing materials on the aforementioned premises were incompetent and unfit to perform the duties for which they were employed, retained, hired or used, and that an unreasonable risk of harm to plaintiff's father and plaintiff and other persons on the aforesaid premises would exist as a legal consequence of such initial and/or continued employment, retention or contract. PREMISES defendants and each of them failed to exercise reasonable caution in selecting, retaining and continuing to use each of the employees, contractors, independent contractors and/or subcontractors who performed asbestos-related work, including those that employed plaintiff's father, even though said PREMISES defendants knew or in the reasonable exercise of ordinary and reasonable care should have known that failure to choose these persons carefully to perform asbestos-related work and/or allow such persons to continue to perform asbestos-related work after the PREMISES defendants, and each of them, became aware of the negligent manner in which the work was being performed created a dangerous and hazardous condition and unreasonable risk of harm and personal injury to plaintiff and other workers or persons so exposed while working for or

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

27

1  in the vicinity of negligent contractors or exposed to asbestos fibers on such persons' clothing,

2  shoes and person.  PREMISES defendants, and each of them, also negligently exercised the control

3  they retained of the operative details – including, without limitation, the asbestos-related details –

4  of plaintiff's father's and plaintiff's work, thereby negligently exposing plaintiff's father and

5  plaintiff to asbestos that was a legal cause of plaintiff's mesothelioma.

6                                              **III.**

7          The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

8  willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the

9  defendants, and each of them, in that the defendants, and each of them knew – at the time

10  defendants manufactured, supplied or required the use and/or handling of asbestos-containing

11  materials to which plaintiff's father and plaintiff were exposed, and/or failed to properly train, hire

12  and/or supervise their own employees or the employees of others over whom defendants had

13  control who installed and/or handled the asbestos products to which plaintiff was exposed, and/or

14  negligently exercised the control they retained of the asbestos-related details of plaintiff's father's

15  and plaintiff's – that the foregoing materials released invisible, undetectable respirable asbestos

16  fibers when installed or handled and that said fibers were extremely dangerous when inhaled.  The

17  defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

18  nature of said materials, nor placed a sufficient warning on the said material or package thereof

19  regarding said dangerous nature, nor took any action to protect those persons who foreseeably

20  would be exposed to said asbestos products, despite knowing that persons who had no knowledge

21  of the dangerous and hazardous nature thereof, such as plaintiff's father and plaintiff, would be

22  exposed to and inhale asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

23          WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

24  ///

25  ///

26  ///

27  ///

28  ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
- THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

JBOSL/467445.1

# THIRTEENTH CAUSE OF ACTION

## Conspiracy/Concert of Action
### [Against Metropolitan Life Insurance Company and Does 276-330, Inclusive]

### I.

Plaintiff hereby incorporates by reference each and every allegation of the preceding causes of action herein. (As used throughout this cause of action, "plaintiff" refers to all named plaintiffs.)

### II.

The term "conspirators" as used in this cause of action includes, but is not limited to, METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE"), Anthony Lanza, M.D., Johns-Manville Corporation ("Manville"), Raybestos-Manhattan Corporation ("Raybestos") and the other entities and individuals identified in this cause of action.

### III.

Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned defendant METROPOLITAN LIFE INSURANCE COMPANY was and is a corporation organized and existing under and by virtue of the laws of the State of New York or the laws of some other state or foreign jurisdiction, and that this defendant was and is authorized to do and/or was and is doing business in the State of California, and regularly conducted or conducts business in the County of Alameda, State of California. At times relevant to this cause of action, MET LIFE was an insurer of Manville and Raybestos.

### IV.

Plaintiff was exposed to asbestos-containing dust created by the use of the asbestos products manufactured, distributed and/or supplied by one or more of the conspirators named below. The exposure to the asbestos or asbestos-related products supplied by the conspirator(s) caused plaintiff's asbestos-related disease, injuries and/or death.

### V.

The conspirators, individually and as agents of one another and as co-conspirators, agreed and conspired among themselves, with other asbestos manufacturers and distributors, with certain individuals including but not limited to Anthony Lanza, M.D. ("Lanza") and with defendant MET

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913



1  LIFE to injure plaintiff in the following fashion (the following is not an exclusive list of the

2  wrongful acts of the conspirators, but, rather, is a representative list):

3      (a)    Beginning in 1929, MET LIFE entered agreements with Manville and others to

4  fund studies of the effects of asbestos exposure on Canadian asbestos miners. When the data from

5  these studies proved that Canadian asbestos miners were developing asbestosis, MET LIFE,

6  Manville and others suppressed its publication; further, Lanza (then a MET LIFE employee)

7  actively misrepresented the results of the Canadian study for many years thereafter to meetings of

8  health-care professionals seeking information regarding asbestos exposure.

9      (b)    In approximately 1934, conspirators Manville and MET LIFE, through their agents

10 Vandiver Brown and attorney J.C. Hobart, and conspirator Raybestos, through its agents Sumner

11 Simpson and J. Rohrback, suggested to MET LIFE associate director Lanza that Lanza publish a

12 study on asbestosis in which Lanza would affirmatively misrepresent material facts and

13 conclusions about asbestos, including but not limited to descriptions of the seriousness of the

14 asbestosis disease process. The misrepresentation was accomplished through intentional deletion

15 of Lanza's description of asbestosis as "fatal" and through other selective editing that affirmatively

16 misrepresented asbestosis as a disease process less critical than it was known to be by the

17 conspirators. As a result, Lanza's study was published in the medical literature in 1935 with these

18 misleading statements. The conspirators were motivated to effectuate this fraudulent

19 misrepresentation and fraudulent non-disclosure in part by the desire to influence proposed

20 legislation to regulate asbestos exposure, to provide a defense in lawsuits involving Manville,

21 Raybestos and MET LIFE (as Manville's and Raybestos's insurer), and to promote the use of

22 Manville's and Raybestos's asbestos products.

23     (c)    The above-described conspiracy continued in 1936, when additional co-conspirators

24 American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation,

25 Manville, Keasbey & Mattison Company (then an alter ego to conspirator Turner & Newall),

26 Raybestos, Russell Manufacturing (whose liabilities have been assumed by H.K. Porter Company),

27 Union Asbestos and Rubber Company and United States Gypsum Company entered into an

28 agreement with a leading medical research facility, the Saranac Laboratories. Under the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

1  agreement, the conspirators acquired the power to decide what information Saranac Laboratories

2  could publish regarding asbestos disease and could also control in what form such publications

3  were to occur.  Their agreement provided these conspirators the power and ability to affirmatively

4  misrepresent the results of the work at Saranac Laboratories, and also gave these conspirators

5  power to suppress material facts included in any of the facility's studies.  On numerous occasions

6  thereafter, the conspirators exercised their power to prevent Saranac scientists from disclosing

7  material scientific data, resulting in numerous misstatements of fact being made at scientific

8  meetings concerning the health effects of asbestos exposure.

9      (d)      The conspiracy was furthered when on November 11, 1948 representatives of the

10  following conspirators met at Manville headquarters: Manville, American Brake Block Division of

11  American Brake and Shoe Foundry, Gatke Corporation, Keasbey & Mattison Company (then an

12  alter ego of conspirator Turner & Newall), Raybestos, Thermoid Company (whose assets and

13  liabilities were later purchased by H.K. Porter Company), Union Asbestos and Rubber Company,

14  United States Gypsum Company and MET LIFE.  U.S. Gypsum did not send a company employee

15  to the meeting, but instead authorized Vandiver Brown of Manville to represent its interest at the

16  meeting and to take action on its behalf.

17      (e)      At the November 11, 1948 meeting, these conspirators and their representatives

18  decided to exert their influence to materially alter and misrepresent material facts about the

19  substance of research conducted by Dr. Leroy Gardner at the Saranac Laboratories beginning in

20  1936.  Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an

21  evaluation of the health effects of asbestos on humans with a critical review of the then-existing

22  standards for asbestos-dust exposure.

23      (f)      At this meeting, these conspirators intentionally and affirmatively decided that

24  Dr. Gardner's work should be edited to delete material facts about the cancer-causing propensity of

25  asbestos, the health effects of asbestos on humans and the critique of the dust standards.  The

26  conspirators then published these deceptive and fraudulent statements in the medical literature as

27  edited by Dr. Vorwald.  These conspirators thereby fraudulently misrepresented the risks of

28  asbestos exposure to both the public and the class of persons exposed to asbestos, including

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

JBOSL/467445.1

1   plaintiff's father and plaintiff.

2   (g)   As a direct result of influence exerted by the conspirators, a Dr. Vorwald in 1951

3   published Dr. Gardner's edited work in *The Journal of Industrial Hygiene, AMA Archives of*

4   *Industrial Hygiene and Occupational Health* in a form that stressed those portions of Dr. Gardner's

5   work that the conspirators wished to be stressed, but that omitted reference to human asbestosis

6   and cancer, thereby fraudulently and affirmatively misrepresenting the extent of asbestos's risks.

7   The conspirators affirmatively and deliberately disseminated this deceptive and fraudulent Vorwald

8   publication to university libraries, government officials, government agencies and others.

9   (h)   Such actions constitute a material affirmative misrepresentation of the total context

10  of material facts involved in Dr. Gardner's work and resulted in creating an appearance that

11  inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

12  (I)   When Dr. Vorwald subsequently tried to publish more complete information

13  regarding Dr. Gardner's animal studies, the conspirators required his discharge from the Saranac

14  Laboratories, denied him permission to publish or complete Dr. Gardner's work and actively

15  discouraged institutions of higher learning from hiring or retaining Dr. Vorwald in any capacity.

16  (j)   The following conspirators were members of the trade association known as Quebec

17  Asbestos Mining Association (Q.A.M.A.):  Manville, Carey-Canada individually and as successor

18  in interest to Quebec Asbestos Corporation, the Celotex Corporation as successor in interest to

19  Quebec Asbestos Corporation, National Gypsum Company and Turner & Newall as successor in

20  interest to Bell Asbestos.  These conspirators, members of Q.A.M.A., participated in the above-

21  described misrepresentation of the work of Dr. Leroy Gardner published by Arthur Vorwald in the

22  *AMA Archives of Industrial Health* in 1951.  Evidence of the Q.A.M.A.'s involvement in this

23  misrepresentation arises from co-conspirator Manville's membership in the Q.A.M.A., as well as

24  correspondence from co-conspirators dated 1/29/47, 11/26/47, 3/6/48, 10/15/48, 3/8/49 and 9/6/50,

25  all indicating close monitoring of the editing process by Q.A.M.A.'s representative, Ivan Sabourin,

26  who acted on behalf of all Q.A.M.A. members.

27  (k)   In furtherance of the conspiracy that commenced in 1929, conspirators who were

28  members of the Q.A.M.A. as described above began in about 1950 to formulate a plan to influence

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries



1  public opinion concerning the relationship between asbestos and cancer by influencing the medical

2  literature on this subject and then touting and disseminating this literature to the public and to

3  organizations and legislative bodies responsible for regulatory control of asbestos with the specific

4  intent of misrepresenting the existing scientific information and suppressing contrary scientific

5  data in their possession and control.

6      (l)      This plan of misrepresentation and influence over the medical literature began in

7  about 1950 when the aforementioned Q.A.M.A. members selected Saranac Laboratories to do an

8  evaluation of whether cancer was related to asbestos.  After a preliminary report authored by

9  Arthur Vorwald in 1952 indicated that, based on experiments with laboratory animals,  a

10  cancer/asbestos relationship might exist, these Q.A.M.A. members refused to further fund the

11  study, terminated the study and prevented any public discussion or dissemination of the results.

12      (m)      As a result of the termination of the Q.A.M.A./Saranac study, the conspirators

13  fraudulently withheld information from the public and affirmatively misrepresented to the public

14  and responsible legislative and regulatory bodies that asbestos did not cause cancer.  These

15  affirmative misrepresentations were made by conspirators and conspirators' agents K.W. Smith,

16  M.D., Paul Cartier, M.D., A.J. Vorwald, M.D., Lanza, Vandiver Brown and Ivan Sabourin and

17  were directed to, among others, U.S. government officials, Canadian government officials, the U.S.

18  National Cancer Institute, medical organizations, health professionals and the general public,

19  including plaintiff.

20      (n)      The Q.A.M.A. conspirators subsequently contracted with the Industrial Hygiene

21  Foundation and Dr. Daniel Braun to further study the relationship between asbestos exposure,

22  asbestosis and lung cancer.  In 1957, Drs. Braun and Truan (Braun and Truan) reported to the

23  Q.A.M.A. that asbestosis did increase a worker's risk of developing lung cancer.

24      (o)      The Q.A.M.A. conspirators, in furtherance of the conspiracy that began in 1929,

25  caused the work by Braun and Truan to be published in 1958, but with the findings concerning the

26  increased incidence of cancer in asbestos-exposed persons edited out and stricken by agents of the

27  Q.A.M.A.  The published version of the Braun/Truan study contained a conclusion that asbestos

28  exposure alone did not increase the incidence of lung cancer, a conclusion known by the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

1   conspirators to be false.

2   (p)   By falsifying and causing publication of studies concluding that asbestos exposure

3   did not cause lung cancer and simultaneously omitting documented findings that asbestosis did

4   increase the risk of lung cancer, the conspirators affirmatively misrepresented to, and concealed

5   from, the public the extent of the risks associated with inhaling asbestos fibers.

6   (q)   In furtherance of the ongoing 1929 conspiracy, the Q.A.M.A. in about 1958

7   publicized the fraudulently edited works of Drs. Braun and Truan at a symposium in an effort to

8   fraudulently misrepresent to the public and persons exposed to asbestos that inhaling asbestos

9   fibers did not cause cancer.

10   (r)   The foregoing fraudulent misrepresentations, which began in 1929 and continued

11   with the publication in 1958 of the Braun/Truan study, influenced the standards set for acceptable

12   levels of asbestos exposure.  The developers of such standards failed to lower the maximum

13   exposure limits because a cancer risk associated with asbestos inhalation had not been proven.

14   (s)   In furtherance of the 1929 conspiracy, Q.A.M.A. conspirators decided at their trade

15   association meeting in 1967 that they would intentionally mislead consumers about the extent of

16   risks associated with inhaling asbestos.

17   (t)   In furtherance of the 1929 conspiracy, a symposium concerning the health effects of

18   asbestos was conducted at the Saranac Laboratories in 1952.  The following conspirators were in

19   attendance: MET LIFE, Lanza, Manville, Turner & Newall, Raybestos and Q.A.M.A. members

20   through their agents Cartier, Sabourin and LaChance.

21   (u)   At the 1952 Saranac meeting, the occurrence of lung cancer and asbestosis in

22   product users was discussed, as was the carcinogenic properties of all asbestos-fiber types.  In an

23   affirmative attempt to mislead the public about the extent of health risks associated with asbestos,

24   and in an effort to fraudulently conceal those risks from the public, these conspirators conspired to

25   prevent publication of the record of this 1952 Saranac Symposium, and it was not published.  In

26   addition, the conspirators induced Vorwald not to announce the results of his and Dr. Gardner's

27   laboratory studies showing excess cancers in asbestos-exposed animals.  The conspirators in this

28   way fraudulently misrepresented existing secret data that was prevented from being publicized

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries



1   because of the secrecy provisions contained in the previously described 1936 Saranac agreement.

2       (v)    The following co-conspirators were members of the trade organization known as

3   The Asbestos Textile Institute (ATI): Raybestos, Manville, H.K. Porter, Keasbey & Mattison

4   (individually and through its alter ego, Turner & Newall), National Gypsum, Uniroyal, Inc.

5   (individually and through its alter egos, CDU Holding Company), Uniroyal Holding Company,

6   Uniroyal Goodrich Tire Company and Asbestos Corporation, Ltd..

7       (w)    In furtherance of the foregoing conspiracy, the conspirators and ATI members in

8   1942 received a report from W.C.L. Hemeon (Hemeon) concerning asbestos that suggested the

9   then-existing maximum asbestos-exposure limits be re-evaluated.  These conspirators caused the

10   Hemeon report not to be published and thereby fraudulently concealed material facts about

11   asbestos exposure from the public and affirmatively misrepresented to the public and class of

12   persons exposed to asbestos that the then-existing maximum asbestos-exposure limit was safe and

13   acceptable.  Thereafter, these conspirators withheld additional material information on the dust

14   standards from the American Conference of Governmental Industrial Hygienists (ACGIH), thereby

15   further influencing ACGIH evaluations of its Threshold Limit Values for asbestos exposure.

16       (x)    In furtherance of the foregoing conspiracy, co-conspirator National Gypsum,

17   through its agents and following an inquiry from the Indiana Division of Industrial Hygiene (IDIH)

18   concerning the health hazards of asbestos-spray products, in 1953 refused to mail a proposed

19   response to the IDIH indicating that those applying the products should wear respirators when

20   doing so.  National Gypsum's response distorted and fraudulently misrepresented the need for

21   applicators of asbestos-spray products to wear respirators, and thereby misrepresented the risks

22   associated with asbestos exposure.

23       (y)    In furtherance of the foregoing conspiracy, conspirator Manville through its agent

24   Kenneth Smith in 1955 caused to be published in *The AMA Archives of Industrial Health* an article

25   entitled "Pulmonary Disability in Asbestos Workers."  This published study materially altered the

26   results of an earlier study in 1949 concerning the same set of workers.  This alteration of Dr.

27   Smith's study constituted a fraudulent and material misrepresentation about the extent of the risk

28   associated with inhaling asbestos.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

1    (z)    In furtherance of the foregoing conspiracy, the National Cancer Institute in 1955

2  held a meeting at which conspirator Manville, individually and as agent for other co-conspirators,

3  and A. Vorwald, as agent of all the conspirators, affirmatively misrepresented that there was no

4  existing animal study indicating any relationship between asbestos exposure and cancer when, in

5  fact, the conspirators secretly possessed several suppressed studies positively demonstrating the

6  existence of such a link.

7    (aa)    In furtherance of the foregoing conspiracy, these conspirators and members of the

8  ATI in 1957 jointly rejected a proposed research study on cancer and asbestos, and this resulted in

9  their fraudulently concealing from the public material facts regarding asbestos exposure and also

10  constituted an affirmative misrepresentation of the then-existing knowledge about asbestos

11  exposure and lung cancer.

12    (bb)    In furtherance of the foregoing conspiracy, conspirators who in 1964 were members

13  of the ATI met to formulate a plan for rebutting the association between lung cancer and asbestos

14  exposure that had been recently published by Dr. Irving J. Selikoff of the Mount Sinai Research

15  Center.  These members of the ATI thereafter embarked on a campaign to further misrepresent the

16  association between asbestos exposure and lung cancer.

17    (cc)    The conspirators founded and funded the Mellon Institute and the Industrial

18  Hygiene Foundation (IHF) to research issues concerning the health effects of inhaling asbestos dust

19  and for the express purpose of delaying or preventing compensation to workers who suffered

20  asbestos disease.  Beginning in the early 1940's, the IHF was involved in a study by Dr. Hemeon

21  entitled "Report of Preliminary Dust Investigation for Asbestos Textile Institute," which was

22  published in June 1947.  This study was conducted in conjunction with members of the Asbestos

23  Textile Institute and found that workers exposed to less than the recommended maximum asbestos-

24  exposure levels were nonetheless developing disease.  As a part of the conspiracy, the IHF never

25  published this study.

26    (dd)    Beginning in the mid-1950's, the IHF and Mellon Institute were involved in the

27  publication of works by Braun and Truan entitled "An Epidemiological Study of Lung Cancer in

28  Asbestos Miners."  In its original, unedited form in September 1957, this study concluded that

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

1  workers with asbestosis had an increased incidence of lung cancer and that the Canadian

2  government had been under-reporting occurrences of asbestosis. The final, published version of

3  this study in June 1958 deleted the conclusion that workers with asbestosis suffered an increased

4  incidence of lung cancer and that the Canadian government had been under-reporting asbestosis

5  cases. The IHF and the Mellon Institute conspired with the members of the Quebec Asbestos

6  Mining Association (Q.A.M.A.) and their legal counsel, Ivan Sabourin, and other conspirators to

7  suppress the above-described information concerning asbestos and cancer.

8      (ee)    The above-described actions of the IHF and the Mellon Institute constituted

9  intentional deception and fraud in actively misleading the public about the extent of the hazards

10  linked to breathing asbestos dust. These actions also substantially contributed to retarding the

11  development of knowledge about the hazards of asbestos and thereby substantially contributed to

12  injuries suffered by plaintiffs.

13      (ff)    From the early 1920's until the 1970's, Manville, Raybestos and other conspirators

14  undertook continual and systemic monitoring of the workers employed in their plants

15  manufacturing asbestos products. The monitoring included chest x-rays taken for the purpose of

16  discovering whether the workers were suffering from asbestosis or other asbestos diseases. MET

17  LIFE and Lanza actively assisted and participated in many of the monitoring programs. The

18  conspirators, including MET LIFE, failed to disclose and actively concealed the results of the

19  monitoring. The conspirators also failed to disclose the nature, extent and frequency of asbestos

20  disease among the workers and instead encouraged the workers to continue work until they were

21  completely and totally disabled. The conspirators further intentionally concealed from the workers

22  employed in their manufacturing plants the nature and extent of the risks associated with asbestos

23  exposure.

24      (gg)    All conspirators identified herein approved, ratified and furthered the previous

25  conspiratorial acts of conspirators Manville, Raybestos, Lanza and MET LIFE, and all the alleged

26  conspirators during the time and circumstances previously described acted as agents and co-

27  conspirators of the other conspirators.

28      (hh)    MET LIFE was an active participant in the foregoing conspiracy and benefitted

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

JBOSL/467445.1

 

1  thereby.  MET LIFE benefitted from its involvement in the conspiracy in the following non-

2  exclusive list of ways, among others:

3        (i)     By providing workers' compensation insurance to co-conspirators.

4        (ii)    By providing life insurance for employees of the co-conspirators.

5        (iii)   By providing health insurance or health care for the employees of the co-

6        conspirators.

7        (iv)    By purchasing substantial stock in asbestos-related companies, including

8        stock of the co-conspirators.

9        (v)     By developing information by which asbestos-related claims for

10       compensation could be defeated.

11                                    **VI.**

12       The previously described acts of the conspirators constitute fraudulent concealment and/or

13  fraudulent misrepresentation, which caused injury to the plaintiff in the following ways, among

14  others:

15       (a)     The material published or caused to be published by the conspirators was false and

16  incomplete in that the conspirators knowingly and deliberately deleted references to the known

17  health hazards of asbestos and asbestos-related products.

18       (b)     The conspirators individually, as members of a conspiracy and as agents of other

19  conspirators, intended to – and did – publish  false and misleading reports that misrepresented or

20  failed to disclose known health hazards associated with common uses of asbestos-containing

21  products.  Their purposes were to (1) maintain a favorable business climate for the continued sale

22  and distribution of asbestos and asbestos-related products, (2) assist in the conspirators' continued

23  pecuniary gain through the sale of their products, (3) influence proposed legislation to regulate

24  asbestos exposure in a way that favored the conspirators' interests and (4) aid in defending lawsuits

25  seeking compensation for injury resulting from asbestos exposure.

26       (c)     Plaintiff's father and plaintiff and others reasonably relied, both directly and

27  indirectly, on the published medical and scientific data documenting the purported safety of

28  asbestos and asbestos-related products, and also on the absence of published medical and scientific

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  reports of the hazards of continued exposure to asbestos.  Plaintiff's father and plaintiff believed

2  asbestos to be safe and was unaware of the hazards of that material because of the conspiratorial

3  conduct described herein.

4      (d)    Conspirators – individually, as members of a conspiracy and as agents of other co-

5  conspirators – were and are in a position of superior knowledge regarding the health hazards of

6  asbestos and therefore plaintiff's father and plaintiff reasonably relied (both directly and indirectly)

7  on the published reports commissioned by the conspirators regarding the health hazards of asbestos

8  and the absence of published information (because of the suppression by the conspiracy)

9  concerning the hazards of asbestos and asbestos-related products.

10      (e)    As a direct result of the continuing and ongoing conduct of the conspirators, as

11  alleged herein, the plaintiff contracted asbestos-related disease, and plaintiff suffered injuries and

12  incurred damages as described in greater detail elsewhere in the complaint.

13  **VII.**

14      MET LIFE acted in concert with the foregoing parties (the conspirators) and pursuant to a

15  common design, as previously delineated, to cause injury to plaintiff.

16  **VIII.**

17      MET LIFE knew that the conduct of Manville, Raybestos and the other conspirators was

18  coercive, fraudulent and deceitful toward others (including plaintiff's father and plaintiff) and that

19  conspirators' conduct was a breach of duty or duties owed to plaintiff's father and plaintiff; and

20  MET LIFE gave substantial assistance and encouragement to Manville and the other conspirators

21  in breaching their duties to plaintiff's father and plaintiff and others.

22  **IX.**

23      Plaintiff and/or plaintiff's father was insured, directly or indirectly, by MET LIFE and as

24  such was owed a fiduciary duty by MET LIFE that was breached by MET LIFE's foregoing

25  conduct and conspiracy, thereby causing plaintiff's asbestos-related injuries.

26  **X.**

27      The conspirators made representations to plaintiff's father and plaintiff and others

28  concerning asbestos-containing products, including but not limited to:

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

39

**Exhibit A - Page 41**



1     (a)    the statements set forth and summarized in the foregoing paragraphs;

2     (b)    that asbestos in commercially used insulation products was not hazardous (this

3             statement was known to be false by the conspirators);

4     (c)    that the amount of asbestos in the air necessary to cause disease was five million

5             particles per cubic foot (this statement was known to be false by the conspirators);

6     (d)    that asbestos does not cause cancer (this statement was known to be false by the

7             conspirators);

8         In addition, the conspirators actively concealed facts from plaintiff's father and plaintiff and

9 others, including but not limited to:

10    (a)    that asbestos-related disease can be a fatal disease;

11    (b)    that asbestos causes various forms of lung cancer;

12    (c)    that individuals should protect themselves from breathing asbestos dust;

13    (d)    the extent of asbestos disease in exposed populations;

14    (e)    information regarding the levels of airborne asbestos that can cause disease;

15    (f)    their experience with workers' compensation claims related to asbestos exposure;

16    and

17    (g)    the concealment described in the other paragraphs of this cause of action.

18                              **XI.**

19         The conspirators further knew that their foregoing statements were false and that, by their

20 acts, they were actively concealing adverse information concerning the health effects of asbestos,

21 including the facts described in the preceding paragraphs of this cause of action.  The conspirators

22 made these false statements and concealed these facts with the intent to deceive.  Plaintiff's father

23 and plaintiff and others relied both directly and indirectly on the foregoing false statements and

24 their lack of knowledge resulting from the conspirators' fraudulent concealment.  As a

25 consequence of the foregoing fraudulent misrepresentations and concealment, plaintiff was injured

26 and damaged as more fully described elsewhere in the complaint.

27                              **XII.**

28         The asbestos-containing products that conspirators manufactured, marketed, distributed,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

Complaint for Personal Injuries

JBOSL/467445.1

1   sold and otherwise supplied were defective in that they caused plaintiff's father and plaintiff and

2   others similarly situated to be exposed to the products' asbestos content and thereby caused the

3   injuries and damages as more fully detailed elsewhere in the complaint.

4                                               **XIII.**

5          Additionally and alternatively, as a direct result of defendants' and conspirators' (including,

6   without limitation, MET LIFE's) actions and omissions, plaintiff's father and plaintiff were caused

7   to remain ignorant of all the dangers of asbestos, which  resulted in plaintiff's father, plaintiff,

8   his/her agents, employers and the general public being unaware of the true and full dangers of

9   asbestos.  Defendants' and conspirators' actions and omissions also deprived plaintiff's father and

10  plaintiff of the opportunity to decide for himself or herself whether he/she wanted to take the risk

11  of being exposed to asbestos, denied plaintiff's father and plaintiff the opportunity to take

12  precautions against the dangers of asbestos and caused plaintiff's damages as described elsewhere

13  in this complaint.

14

15                                              **XIV.**

16         The foregoing conduct of defendants and the conspirators was despicable, willful and

17  carried on in conscious disregard of the rights or safety of plaintiff's father and plaintiff.

18  Defendants and the conspirators intended by such conduct to conceal and/or misrepresent material

19  facts known to them for the purpose of thereby depriving plaintiff's father and plaintiff and others

20  of property or legal rights, or otherwise causing injury.  So in addition to actual damages, plaintiff

21  is entitled to recover damages from defendants and the conspirators for the sake of example and by

22  way of punishing defendants and conspirators.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

# ALL DEFENDANTS:

## FOURTEENTH CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FOURTEENTH CAUSE OF ACTION, plaintiff Caroline Vest complains of all defendants, and each of them, and alleges:

### I.

This plaintiff, for and on behalf of herself, brings this action on her own behalf.

### II.

Plaintiff refers to and incorporates herein by reference the First through Thirteenth Causes of Action of this complaint.

### III.

At the time that plaintiff Timothy Vest sustained injury as more fully alleged in all the previous causes of action, and at all times thereafter, plaintiff Caroline Vest was the wife of plaintiff Timothy Vest.

### IV.

Prior to said injuries, plaintiff Timothy Vest was able to and did, perform his duties as the husband of plaintiff Caroline Vest. Plaintiff is informed and believes and thereon alleges that subsequent to said injuries and as a proximate result thereof, plaintiff Timothy Vest has been, and some time in the future will be, incapacitated and unable to perform the necessary duties as husband of plaintiff Caroline Vest and the work and service usually performed in the care, maintenance and management of the family home.

### V.

As a proximate result of said injuries, plaintiff Caroline Vest has been and will be deprived of consortium with plaintiff Timothy Vest, including the performance of her husband's duties and on plaintiff's part will be required to perform the duties previously performed by plaintiff Timothy Vest, all to plaintiff's damage in a sum which cannot be ascertained at this time. Plaintiff requests the right to amend this complaint to allege the amount of said damages when they are ascertained.

WHEREFORE, plaintiff Caroline Vest prays judgment against defendants, conspirators and

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

Complaint for Personal Injuries

42

1    their "alternate entities," and each of them as follows:

2         1.      General damages in an amount in excess of $50,000.00 in accordance with the

3    proof;

4         2.      Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

5    accordance with proof;

6         3.      Punitive and exemplary damages in an amount found appropriate by the trier of fact

7    in accordance with the proof;

8         4.      Special damages in accordance with the proof;

9         5.      Prejudgment interest and post-judgment interest in accordance with law;

10        6.      Costs of suit; and

11        7.      Such other and further relief as the Court deems just and proper in the premises.

12            WHEREFORE, plaintiff Timothy Vest prays judgment against defendants, conspirators and

13    their "alternate entities," and each of them as follows:

14        1.      General damages in an amount in excess of $50,000.00 in accordance with the

15    proof;

16        2.      Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

17    accordance with proof:

18        3.      Punitive and exemplary damages in an amount found appropriate by the trier of fact

19    in accordance with the proof;

20        4.      Special damages in accordance with the proof;

21        5.      Prejudgment interest and post-judgment interest in accordance with law;

22        6.      Costs of suit; and

23        7.      Such other and further relief as the Court deems just and proper in the premises.

24    DATED:  December 14, 2009            KAZAN, McCLAIN, LYONS,
                                          GREENWOOD & HARLEY
25                                        A Professional Law Corporation

26                                        By: _____
                                              Justin A. Bosl
27

28                                        Attorneys for Plaintiffs

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

JBOSL/467445.1



1  Gordon D. Greenwood, Esq. (C.S.B. #136097)
   Justin A. Bosl, Esq. (C.S.B. #241117)
2  Elina Agnoli, Esq. (C.S.B. #261732)
   KAZAN, McCLAIN, LYONS,
3  GREENWOOD & HARLEY
   A Professional Law Corporation
4  171 Twelfth Street, Third Floor
   Oakland, California 94607
5  Telephone: (510) 465-7728

6  Attorneys for Plaintiffs

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11

| TIMOTHY VEST and CAROLINE VEST, | No. RG09489518 |
|---|---|
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES; STRICT LIABILITY; BREACH OF WARRANTIES; NEGLIGENCE; FRAUD; AIDING AND ABETTING FRAUD; AIDING AND ABETTING BATTERY; CONSPIRACY; (ALTERNATIVE ENTERPRISE AND CONCERT OF ACTION LIABILITY); PREMISES LIABILITY; AND LOSS OF CONSORTIUM** |
| vs. | |
| ALLIED PACKING AND SUPPLY; CYPRUS AMAX MINERALS COMPANY, individually, and as successor in interest, parent, alter ego and equitable trustee of CYPRUS MINES CORPORATION, SIERRA TALC & CHEMICAL COMPANY, UNITED SIERRA DIVISION CYPRUS MINES CORPORATION and PAUL W. WOOD COMPANY; THE DEXTER CORPORATION; DOWMAN PRODUCTS, INC.; GARLOCK SEALING AND TECHNOLOGIES, LLC.; GEORGIA-PACIFIC LLC, formerly known as GEORGIA-PACIFIC CORPORATION; HAMILTON MATERIALS, INC.; HENKEL CORPORATION, individually and as successor in interest, parent, alter ego and equitable trustee to HENKEL LOCTITE CORPORATION, individually and as successor in interest, parent, alter ego, and equitable trustee to THE DEXTER CORPORATION; HEXCEL CORPORATION; KAISER GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; KENTILE FLOORS, INC.; RAYMOND INTERIOR SYSTEMS-NORTH, individually and as successor in interest, parent, alter ego and equitable trustee to JAMES L. WHITTAKER, INC.; MCDERMOTT/SEALY, INC.; | **Code of Civil Procedure § 36(d)** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

EAGNOLI/481320.2

First Amended Complaint for Personal Injuries

**Exhibit A - Page 46**      1

1

2 PARKER HANNIFIN, individually, and as
successor in interest, parent, alter ego and
3 equitable trustee of CLEVELAND WHEELS &
BRAKES; GEORGE E. MASKER, INC.; F.P.
4 LATHROP CORPORATION; MCDONNELL
DOUGLAS CORPORATION; LIFE
5 TECHNOLOGIES CORPORATION, successor
by merger to INVITROGEN CORPORATION,
6 individually and as successor in interest, parent,
alter ego, and equitable trustee of THE
7 DEXTER CORPORATION; LATHROP
CONSTRUCTION ASSOCIATES, INC.,
8 individually and as successor in interest, parent,
alter ego, and equitable trustee of F.P.
9 LATHROP CONSTRUCTION COMPANY;
WORLD AIRWAYS, INC.; METROPOLITAN
10 LIFE INSURANCE COMPANY; and EIGHTH
DOE through THREE HUNDRED
11 THIRTIETH DOE, inclusive,

12                     Defendants.

13

14      Plaintiff TIMOTHY VEST alleges:

15              **PRODUCTS DEFENDANTS:**

16              **FIRST CAUSE OF ACTION**

17                     **Negligence**
              **[Against All Product Defendants]**

18

19                          **I.**

20      Plaintiff Timothy Vest brings this action on his own behalf.  The masculine form as used in

21 this complaint, if applicable as shown by the context hereof, applies to a female person or a

22 corporation.

23                          **II.**

24      Plaintiff does not know the true names and capacities, whether corporate, associate or

25 individual of defendants sued herein as EIGHTH DOE through THREE HUNDRED THIRTIETH

26 DOE, inclusive, and each of them, and for that reason prays leave to insert the true names and

27 capacities of said defendants when the same are ascertained.  Plaintiff is informed and believes and

28 therefore alleges that each of the defendants designated herein as a DOE is negligently,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   intentionally and/or strictly liable or responsible in some manner for the events and happenings

2   herein referred to, and proximately caused injury and damages to plaintiff thereby as herein

3   alleged.

4                                        **III.**

5          At all times herein mentioned, each of the defendants was the agent and employee of each

6   of the remaining defendants, and was at all times acting within the purpose and scope of said

7   agency and employment, and each defendant has ratified and approved the acts of the remaining

8   defendants.

9                                        **IV.**

10         Defendants ALLIED PACKING AND SUPPLY; CYPRUS AMAX MINERALS

11  COMPANY, individually, and as successor in interest, parent, alter ego and equitable trustee of

12  CYPRUS MINES CORPORATION, SIERRA TALC & CHEMICAL COMPANY, UNITED

13  SIERRA DIVISION CYPRUS MINES CORPORATION and PAUL W. WOOD COMPANY;

14  THE DEXTER CORPORATION; DOWMAN PRODUCTS, INC.; GARLOCK SEALING AND

15  TECHNOLOGIES, LLC.; GEORGIA-PACIFIC LLC, formerly known as GEORGIA-PACIFIC

16  CORPORATION; HAMILTON MATERIALS, INC.; HENKEL CORPORATION, individually

17  and as successor in interest, parent, alter ego and equitable trustee to HENKEL LOCTITE

18  CORPORATION, individually and as successor in interest, parent, alter ego, and equitable trustee

19  to THE DEXTER CORPORATION; HEXCEL CORPORATION; KAISER GYPSUM

20  COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; KENTILE FLOORS, INC.;

21  RAYMOND INTERIOR SYSTEMS-NORTH, individually and as successor in interest, parent,

22  alter ego and equitable trustee to JAMES L. WHITTAKER; MCDERMOTT/SEALY, INC.;

23  PARKER HANNIFIN, individually, and as successor in interest, parent, alter ego and equitable

24  trustee of CLEVELAND WHEELS & BRAKES; GEORGE E. MASKER, INC.; F.P. LATHROP

25  CORPORATION; MCDONNELL DOUGLAS CORPORATION; LIFE TECHNOLOGIES

26  CORPORATION, successor by merger to INVITROGEN CORPORATION, individually and as

27  successor in interest, parent, alter ego, and equitable trustee of THE DEXTER CORPORATION;

28  LATHROP CONSTRUCTION ASSOCIATES, INC., individually and as successor in interest,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  parent, alter ego, and equitable trustee of F.P. LATHROP CONSTRUCTION COMPANY;

2  WORLD AIRWAYS, INC.; METROPOLITAN LIFE INSURANCE COMPANY; and EIGHTH

3  DOE through FIFTIETH DOE, inclusive, were at all times herein and still are corporations

4  authorized to and doing business in the State of California and are hereby designated PRODUCTS

5  defendants.

6  ## V.

7    PRODUCTS defendants' products at issue in this complaint consist of asbestos and

8  asbestos-containing products, or products as to which PRODUCTS defendants knew or should

9  have known that reasonably foreseeable uses of the products would expose persons such as

10 plaintiff who worked with or around the products to friable asbestos.  These products were

11 defective in their design, manufacture, labeling, marketing and/or warning and are referred to

12 throughout this complaint as "asbestos" or "asbestos-containing products."

13 ## VI.

14   At all times herein mentioned defendants, and each of them, were engaged in the business

15 of mining, manufacturing, assembling, supplying, packaging, installing and labeling asbestos, and

16 products produced therefrom, for sale to and use by the members of the general public as well as to

17 other parties for use of the said products to manufacture and supply products therefrom.

18 ## VII.

19   At all times herein mentioned, defendants FIFTY-FIRST DOE through TWO HUNDRED

20 TENTH DOE were Officers and Directors of named defendants herein as EIGHTH DOE through

21 FIFTIETH DOE.

22 ## VIII.

23   The defendants, and each of them, acting through their agents, servants and/or employees,

24 cause and have caused in the past, certain asbestos-containing products and asbestos-related

25 materials, to be placed in the stream of commerce with the result that said products and materials

26 came into contact and/or use by plaintiff.

27 ///

28 ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

## IX.

Plaintiff Timothy Vest was exposed to asbestos brought home on his father's, Warren Vest's, clothes, shoes, person and other items transported into the home from his work as a worker at World Airways, Inc., located in Oakland, California from 1965 to 2005, and was also exposed to asbestos, asbestos products and asbestos-related insulation, building materials and equipment mined, manufactured, processed, imported, converted, compound, sold and/or installed by the defendants, and each of them, when he accompanied his father to work at World Airways, Inc. from 1965 to 1987.

From the period 1972 to 1983, plaintiff was exposed to asbestos, asbestos products and asbestos-related insulation, building materials and equipment mined, manufactured, processed, imported, converted, compound, sold and/or installed by the defendants, and each of them, when he played in and around construction sites surrounding his childhood home in Dublin, California.

Also, as a worker from the period 1985-2001, plaintiff worked with and was exposed to asbestos, asbestos products and asbestos-related insulation, building materials and equipment mined, manufactured, processed, imported, converted, compound, sold and/or installed by the defendants, and each of them.  During the course of his work plaintiff was exposed to asbestos and asbestos-containing materials at a number of locations and in a number of employments, including, without limitation:

(1)   From 1985 to 1988 while working as a ramp supervisor at Continental Airlines, Inc. at Los Angeles International Airport in Los Angeles, California;

(2)   In 1986 while working for Sandy's Ski Rentals in Santa Monica, California.

(3)   From 1988 to 1990 while working as a certified flight instructor at Ahart Aviation in Livermore, California;

(4)   In 1989 while working for Fletcher's Team and Ski in Livermore, California.

(5)   From 1990 to 2001 while working as a Commercial Airline Pilot at Emery Worldwide Airlines, Inc. in New York, New York; Dayton, Ohio; Oakland, California; and Los Angeles, California.

In addition, from the period 1983 to 2001, plaintiff was exposed to asbestos, asbestos

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1   products and asbestos-related materials mined, manufactured, processed, imported, converted,

2   compound, sold and/or installed by the defendants, and each of them when he performed repair and

3   maintenance work on his personal aircraft, and when he was around others performing such work.

**X.**

5   During the course and scope of plaintiff's father's work and plaintiff's work and activities,

6   plaintiff was exposed to asbestos products and asbestos-related materials and equipment of

7   defendants, which exposure directly and proximately caused him to develop an illness known and

8   designated as mesothelioma.

**XI.**

10   The illness and disability of plaintiff is the direct and proximate result of the negligence of

11   the defendants, and each of them, in that they produced, sold and otherwise put into the stream of

12   commerce, the foregoing materials which the said defendants, and each of them, knew, or in the

13   exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to

14   plaintiff's body, lungs, respiratory system, skin and health.

**XII.**

16   Plaintiff, exercising reasonable diligence, discovered the aforealleged conduct, misconduct

17   and culpability of defendants, and each of them, on or after October 2009, when a physician

18   informed him of diagnosis of his asbestos-related mesothelioma.  Plaintiff could not have

19   discovered such condition sooner because such condition was brought about without noticeable

20   trauma until it had advanced to such a point that diagnosis could be made.  Such a diagnosis

21   required the services of an expert, and since plaintiff did not possess such expertise, he could not

22   know, in the exercise of reasonable care, of the cause of his injury until such time as he was

23   diagnosed and advised.  Plaintiff could not know, until such advice, of the culpability of the

24   defendants, and each of them.

**XIII.**

26   As a direct and proximate result of the conduct of the defendants, and each of them,

27   plaintiff experienced and continues to experience prolonged pain and suffering, the necessity for

28   medical treatment, injuries including, but not limited to, mesothelioma, severe shock to his nervous

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1 system, and other injuries, the exact extent of which are unknown to plaintiff.

<div align="center">

**XIV.**

</div>

3 By reason of the aforesaid allegations, it has been necessary for plaintiff to engage the
4 services of physicians, surgeons, and hospitals; plaintiff does not know the reasonable value of said
5 services which were and are still reasonably required and requests leave to amend this complaint to
6 insert said sum when it is ascertained.

<div align="center">

**XV.**

</div>

8 By reason of the aforesaid allegations, plaintiff has been unable to follow his normal
9 gainful occupation for certain periods after the date of said events, and plaintiff has been disabled
10 for an indefinite time; plaintiff does not now know the value of the employment which has been
11 lost to him, and requests leave to amend this complaint to insert the reasonable value thereof when
12 such is ascertained.

<div align="center">

**XVI.**

</div>

14 By reason of the aforesaid negligence of defendants, and each of them, plaintiff has been
15 damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to
16 special damages herein alleged.

<div align="center">

**XVII.**

</div>

18 The foregoing acts of the defendants, and each of them, were done wantonly, willfully,
19 oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and
20 each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's
21 father's and plaintiff's employers or to those entities that installed and/or handled the asbestos
22 products to which plaintiff was exposed, knew that the foregoing materials released invisible,
23 undetectable respirable asbestos fibers when installed or handled and that said fibers were
24 extremely dangerous when inhaled. The defendants, and each of them, either did not warn or
25 insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient
26 warning on the said material or package thereof regarding said dangerous nature, nor took any
27 action to protect those persons who foreseeably would be exposed to said asbestos products,
28 despite knowing that persons who had no knowledge of the dangerous and hazardous nature

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

EAGNOLI/481320.2

1  thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

2  punitive damages hereunder.

3      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

4  ### SECOND CAUSE OF ACTION

5  ### Breach of Implied Warranty
6  ### [Against All Product Defendants except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS CORPORATION]

7      AS AND FOR A SECOND CAUSE OF ACTION, plaintiff complains of PRODUCTS

8  defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

9  CORPORATION, and alleges:

10 ### I.

11     Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

12 forth herein at length all and singular the allegations contained in the First Cause of Action herein,

13 excepting therefrom allegations pertaining to negligence.  Defendants made this implied warranty

14 to plaintiff's employer, plaintiff's father, plaintiff's father's employer, and/or others with whom

15 plaintiff was in privity.

16 ### II.

17     The defendants, and each of them, impliedly warranted that the said materials were of good

18 and merchantable quality and fit for their intended use.

19 ### III.

20     The implied warranty made by the defendants, and each of them, that the asbestos and

21 asbestos-related materials were of good and merchantable quality for the particular intended use

22 was breached in that certain harmful, poisonous and deleterious matter and particles were given off

23 into the atmosphere wherein plaintiff's father and plaintiff and others in their positions carried out

24 their duties as workers working with such materials and other related materials.

25 ### IV.

26     As a direct and proximate result of the breach of implied warranty of good and

27 merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

28

---

First Amended Complaint for Personal Injuries

1  wit:  mesothelioma, which caused great disability, as previously set forth.

2                                    **V.**

3        By reason of the aforesaid, plaintiff has been damaged to his health, strength, and activity in

4  an amount in excess of $50,000.00 in addition to special damages herein alleged.

5        WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

6                          **THIRD CAUSE OF ACTION**

7                          **Strict Product Liability**
                **Manufacturing Defect/Design Defect/Failure to Warn**
8        **[Against All Product Defendants Except WORLD AIRWAYS, INC.]**

9        AS AND FOR A THIRD CAUSE OF ACTION, plaintiff complains of PRODUCTS

10  defendants, and each of them except WORLD AIRWAYS, INC., and alleges:

11                                    **I.**

12        Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

13  forth herein at length all and singular the allegations contained in the First Cause of Action herein,

14  excepting therefrom allegations pertaining to negligence.

15                                    **II.**

16        At all times herein mentioned, plaintiff's father's employer and plaintiff's employer or those

17  entities that installed and/or handled the products to which plaintiff was exposed purchased from

18  defendants, and each of them, asbestos and asbestos products hereinafter referred to as products

19  that were defective in design, manufacturing, labeling, marketing and/or warning.

20                                    **III.**

21        Defendants, and each of them, knew that the aforementioned products would be used

22  without inspection for design, manufacturing, labeling, marketing and/or warning defects by the

23  user thereof.

24                                    **IV.**

25        At all times mentioned herein, plaintiff reasonably was unaware of the dangerous nature of

26  the aforementioned products.

27  ///

28  ///

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY A PROFESSIONAL LAW CORPORATION 171 TWELFTH STREET THIRD FLOOR OAKLAND, CA 94607 (510) 302-1000 (510) 465-7728 FAX (510) 835-4913

First Amended Complaint for Personal Injuries

EAGNOLI/481320.2

## V.

At all times mentioned herein, defendants, and each of them, were aware of the dangerous and defective nature of the design, manufacturing, labeling and/or marketing of the aforementioned products, when said products were used in the manner for which they were intended, and were aware that persons who foreseeably would be exposed to the asbestos containing products were not aware of the dangerous and defective nature of the design, manufacture, labeling and/or marketing of the products, yet defendants took no action to warn or otherwise protect those who foreseeably would be exposed to said defective and improperly labeled products.

## VI.

PRODUCTS defendants manufactured, distributed, and sold asbestos-containing products. The asbestos-containing products contained a manufacturing defect when they left PRODUCTS defendants' possession, and plaintiff's father and plaintiff used those asbestos-containing products in a way that was reasonably foreseeable to defendants.

## VII.

The aforementioned products were defective in design because they did not perform as safely as an ordinary consumer would have expected them to perform.  At the time plaintiff's father and plaintiff used the asbestos-containing products, they were substantially the same as when they left PRODUCTS defendants' possession; any change made to the asbestos-containing products after they left defendants' possession was reasonably foreseeable to defendants; the asbestos-containing products did not perform as safely as an ordinary consumer would have expected at the time of use; and Plaintiff used the products in the way that was reasonably foreseeable to PRODUCTS defendants.

## VIII.

The aforementioned products lacked sufficient instructions and warnings of potential dangers.  PRODUCTS defendants manufactured, distributed, and sold asbestos-containing products; those asbestos-containing products had potential dangers that were known or knowable by the use of scientific knowledge available at the time of the manufacture, distribution, and sale of the products; the potential hazards presented a substantial danger to Plaintiff; ordinary consumers

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913



1  would not have recognized the potential dangers; PRODUCTS defendants failed to adequately

2  warn or instruct of the potential dangers; and these asbestos-containing products were used in a

3  way that was reasonably foreseeable to PRODUCTS defendants.

<center>IX.</center>

5  The aforementioned products were used by plaintiff's father and plaintiff in the manner for

6  which they were intended, or plaintiff foreseeably was exposed to said products when they were

7  used in the manner for which they were intended.

<center>X.</center>

9  As a direct and proximate result of the foregoing conduct, plaintiff developed an illness, to

10  wit:  mesothelioma, which caused great disability, as previously set forth.

<center>XI.</center>

12  As a proximate result of the defective design, manufacturing, labeling, marketing and/or

13  warning  of these aforementioned materials and products, plaintiff was generally damaged as is

14  more fully set forth herein and in addition has sustained special damages hereinabove alleged.

<center>XII.</center>

16  The foregoing acts of the defendants, and each of them, were done wantonly, willfully,

17  oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and

18  each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's

19  father's and plaintiff's employers or to those entities that installed and/or handled the asbestos

20  products to which plaintiff was exposed, knew that the foregoing products and materials released

21  invisible, undetectable respirable asbestos fibers when installed or handled and that said fibers

22  were extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

23  insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

24  warning on the said material or package thereof regarding said dangerous nature, nor took any

25  action to protect those persons who foreseeably would be exposed to said asbestos products,

26  despite knowing that persons who had no knowledge of the dangerous and hazardous nature

27  thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale asbestos fibers, and

28  plaintiff is entitled to punitive damages hereunder.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

<center>First Amended Complaint for Personal Injuries</center>

11

1   WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

2   **FOURTH CAUSE OF ACTION**

3   **Fraud/Failure to Warn**
    **[Against All Product Defendants]**

4

5   AS AND FOR A FOURTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

6   defendants, and each of them, and alleges:

7   **I.**

8   Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

9   forth herein at length all and singular the allegations contained in the First Cause of Action herein,

10  excepting therefrom allegations pertaining to negligence.

11  **II.**

12  At all times pertinent hereto, the defendants, and each of them, owed plaintiff a duty, as

13  provided for in Sections 1708 and 1710 of the Civil Code of the State of California, to abstain from

14  injuring the person, property or rights of the plaintiff.  In violation of that duty, the defendants, and

15  each of them, did do the acts and omissions, when a duty to act was imposed, as set forth herein,

16  thereby proximately causing injury to the plaintiff as is more fully set forth herein.  Such acts and

17  omissions consisted of acts falling within Section 1710, and more specifically were suggestions of

18  fact which were not true and which the defendants did not believe to be true, assertions of fact of

19  that which was not true, which the defendants had no reasonable ground for believing it to be true,

20  and the suppression of facts when a duty existed to disclose it, all as are more fully set forth herein,

21  and the violation of which as to any one such item gave rise to a cause of action for violation of the

22  rights of the plaintiff as provided for in the aforementioned code sections.

23  **III.**

24  Since 1924, the defendants, and each of them, have known and have been possessed of the

25  true facts consisting of medical and scientific data and other knowledge which clearly indicated

26  that the materials and products referred to herein were and are hazardous to the health and safety of

27  plaintiff's father, plaintiff, and others in plaintiff's father's and plaintiff's position working in close

28  proximity with such materials and have known of the dangerous propensities of other of the

KAZAN, McCLAIN,
LYONS,.
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  aforementioned materials and products prior to that time and with intent to deceive plaintiff's

2  father and plaintiff, and others in their positions and with intent that he and such others should be

3  and remain ignorant of such facts and with intent to induce plaintiff's father and plaintiff and such

4  others to alter their positions to their injury and/or risk and in order to gain advantages did do the

5  following acts:

6       a.    Defendants, and each of them, did not label any of the aforementioned asbestos-

7            containing materials and products as to the hazards of such materials and products

8            to the health and safety of plaintiff's father and plaintiff and others in plaintiff's

9            father's and plaintiff's position working in close proximity with such materials until

10          1964, when certain of such materials were labeled by some, but not all, of the

11          defendants herein, when the knowledge of such hazards was existing and known to

12          defendants, and each of them, since 1924.  By not labeling such materials as to their

13          said hazards defendants, and each of them, caused to be suggested as a fact to

14          plaintiff's father and plaintiff and plaintiff's father's and plaintiff's employers that it

15          was safe for plaintiff's father and plaintiff to work in close proximity to such

16          materials when in fact it was not true and defendants did not believe it to be true;

17       b.    Defendants, and each of them, suppressed information relating to the danger of use

18          of the aforementioned materials by requesting the suppression of information to the

19          plaintiff and the general public concerning the dangerous nature of the

20          aforementioned materials to workers by not allowing such information to be

21          disseminated in a manner which would give general notice to the public and

22          knowledge of the hazardous nature thereof when defendants were bound to disclose

23          such information;

24       c.    Defendants, and each of them, sold the aforementioned products and materials to

25          plaintiff's father's employer and plaintiff's employer and others without advising

26          such employers and others of the dangers of use of such materials to persons

27          working in close proximity thereto, when defendants knew of such dangers, as set

28          forth herein, and, as set forth above, had a duty to disclose such dangers.  Thereby,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

defendants caused to be positively asserted to plaintiff's father's employer and plaintiff's employer of that which was not true and which defendants had no reasonable ground for believing it to be true, in a manner not warranted by the information possessed by said defendants, and each of them, of that which was and is not true, to wit, that it was safe for plaintiff's father and plaintiff to work in close proximity to such materials;

d.   Defendants, and each of them, suppressed from everyone, including plaintiff's father and plaintiff and plaintiff's father's employer and plaintiff's employer, and continue to suppress, medical and scientific data and knowledge of the accurate results of studies including, but not limited to, suppressing information contained in the unpublished Lanza report by participating in the influencing of A.J. Lanza to change his report, which altered version was published in *Public Health Reports*, Volume 50 at page 1 in 1935, when they were bound to disclose it unaltered, and by causing Asbestos Magazine, a widely disseminated trade journal, to omit any mention of the dangers of inhaling asbestos dust, thereby lessening the probability of notice of danger to those exposed to asbestos, and thereby caused plaintiff's father and plaintiff to be and remain ignorant thereof;

e.   Defendants, and each of them, belonged to, participated in, and financially supported the Asbestos Textile Institute and/or other industry organizations which actively promoted the suppression of information of danger to users of the aforementioned products and materials for and on behalf of defendants, and each of them, thereby misleading plaintiff's father and plaintiff and plaintiff's father's employer and plaintiff's employer to their prejudice through the suggestions and deceptions set forth above in this cause of action.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enjoined to study the subject of dust control; discussions in such committee were held many times of (I) the dangers inherent in asbestos and the dangers which arise from the lack of control of dust and (ii) the suppression of such

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

EAGNOLI/481320.2

**Exhibit A - Page 59**

14

1    information from 1946 to a date unknown to plaintiff at this time;

2    f.    Commencing in 1930 with the study of mine and mill workers at the Thetford

3    asbestos mines in Quebec, Canada, and the study of workers at Raybestos-

4    Manhattan plants in Manheim and Charleston, South Carolina, defendants knew and

5    possessed medical and scientific information of the connection between inhalation

6    of asbestos fibers and asbestosis, which information was disseminated through the

7    Asbestos Textile Institute and other industry organizations to all other defendants,

8    and each of them, herein.  Between 1942 and 1950 the defendants, and each of

9    them, knew and possessed medical and scientific information of the connection

10    between inhalation of asbestos fibers and cancer, which information was

11    disseminated through the Asbestos Textile Institute and other industry organizations

12    to all other defendants herein.  Thereby, defendants suggested as a fact that which is

13    not true and disseminated other facts likely to mislead plaintiff's father and plaintiff

14    and plaintiff's father's employer and plaintiff's employer and which did mislead

15    them for want of communication of true facts which consisted of the aforedescribed

16    medical and scientific data and other knowledge by not giving plaintiff's father and

17    plaintiff or plaintiff's father's employer and plaintiff's employer the true facts

18    concerning such knowledge of danger, when defendants were bound to disclose it;

19    g.    Failed to warn plaintiff's father and plaintiff and plaintiff's father's employer and

20    plaintiff's employer of the nature of the said materials, to wit:  dangerous when

21    breathed, causing pathological effects without noticeable trauma, when possessed

22    with knowledge that such material was dangerous and a threat to the health of

23    persons coming into contact therewith and under a duty to disclose it;

24    h.    Failed to provide plaintiff's father and plaintiff with information concerning

25    adequate protective masks and devices for use with and application and installation

26    of the products of the defendants, and each of them, when they knew that such

27    protective measures were necessary, when they were under a duty to disclose such

28    information, and if not advised as to use would result in injury to plaintiff's father

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

 

and plaintiff and others applying and installing such materials;

i.   Concealed from plaintiff's father and plaintiff the true nature of the industrial exposure of plaintiff, the fact that they and each of them, knew that plaintiff's father and plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all, and such person would immediately be in not good health, the fact that he had in fact been exposed to harmful materials and the fact that the materials to which he was exposed would cause pathological effects without noticeable trauma, when under a duty to and bound to disclose it;

j.   Failed to provide information to the public at large and buyers, users and physicians employed by plaintiff's father and plaintiff and plaintiff's father's employer and plaintiff's employer for the purpose of conducting physical examinations of plaintiff's father and plaintiff and others working in contact with asbestos as to the true nature of the hazards of asbestos, in order for such physicians to diagnose, and treat workers coming into contact with asbestos, in that the materials to which plaintiff's father and plaintiff had been exposed would cause pathological effects without noticeable trauma, when under a duty to supply such information and such failure is likely to mislead for want of communication of such facts; and

k.   Defendants, and each of them, affirmatively misrepresented that asbestos containing products were safe to use and handle, when they knew such statements were false when made, or made said false statements recklessly and without regard for whether the statements were true.

## IV.

Each of the foregoing acts, suggestions, assertions and forbearances to act when a duty existed to act, the said defendants, and each of them, having such knowledge, knowing plaintiff's father and plaintiff did not have such knowledge and would breathe such material innocently, was done falsely and fraudulently and with full intent to induce plaintiff's father and plaintiff to work in a dangerous environment and to cause plaintiff's father and plaintiff to remain unaware of the true

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   facts, all in violation of Section 1710 of the Civil Code of the State of California.

2                                          **V.**

3          Plaintiff's father and plaintiff relied upon the said acts, suggestions, assertions and

4   forbearances; had plaintiff's father and plaintiff known the true facts, they would not have

5   continued to work in the said environment.

6                                          **VI.**

7          By reason of the aforesaid premises, plaintiff has been damaged in his health, strength and

8   activity in addition to special damages hereinabove alleged.

9                                          **VII.**

10         Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

11  motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

12  damages.  The foregoing conduct of the defendants, and each of them, was done wantonly,

13  willfully, oppressively and in conscious disregard of the safety of plaintiff's father and plaintiff

14  herein, in that the defendants, and each of them, prior to and at the time of the sale of the

15  aforementioned products to plaintiff's father's employer and plaintiff's employers or to those

16  entities that installed and/or handled the asbestos products to which plaintiff's father and plaintiff

17  were exposed, knew that the foregoing materials released invisible, undetectable respirable

18  asbestos fibers when installed or handled and that said fibers were extremely dangerous when

19  inhaled.  In addition to the unlawful conduct described above, the defendants, and each of them,

20  either did not warn or insufficiently warned regarding the dangerous nature of said materials, nor

21  placed a sufficient warning on the said material or package thereof regarding said dangerous

22  nature, nor took any action to protect those persons who foreseeably would be exposed to said

23  asbestos products, despite knowing that persons who had no knowledge of the dangerous and

24  hazardous nature thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale

25  asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

26                                         **VIII.**

27         Plaintiff had no knowledge that the foregoing acts were actionable at law when they were

28  committed, and cannot be charged with knowledge or inquiry thereof.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

2                          **FIFTH CAUSE OF ACTION**

3                     **Conspiracy to Defraud/Failure to Warn**
                        **[Against All Product Defendants]**
4

5    AS AND FOR A FIFTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

6    defendants, and each of them, and alleges:

7                                     **I.**

8        Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

9    forth herein at length all and singular the allegations contained in the First Cause of Action herein,

10   excepting therefrom allegations pertaining to negligence and agency, and the Fourth Cause of

11   Action herein.

12                                    **II.**

13       At all times mentioned, the defendants, and each of them, knowingly and willfully

14   conspired and agreed among themselves to perpetrate upon plaintiff the acts complained of as set

15   forth in the First and Fourth Causes of Action as are incorporated herein.

16                                    **III.**

17       Defendants, and each of them, did the acts and things herein alleged in Paragraph II of the

18   Fourth Cause of Action, incorporated herein, in furtherance of the conspiracy and agreement as

19   herein alleged and did further conspire to violate State and Federal laws and regulations, the exact

20   nature and extent of which are unknown at this time, but known full well to defendants and each of

21   them.

22                                    **IV.**

23       Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

24   motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

25   damages. The foregoing conduct of the defendants, and each of them, was done wantonly,

26   willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the

27   defendants, and each of them, prior to and at the time of the sale of the aforementioned products to

28   plaintiff's father's employer and plaintiff's employers or to those entities that installed and/or

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  handled the asbestos products to which plaintiff's father and plaintiff were exposed, knew that the

2  foregoing materials released invisible, undetectable respirable asbestos fibers when installed or

3  handled and that said fibers were extremely dangerous when inhaled.  In addition to the unlawful

4  conduct described above, the defendants, and each of them, either did not warn or insufficiently

5  warned regarding the dangerous nature of said materials, nor placed a sufficient warning on the

6  said material or package thereof regarding said dangerous nature, nor took any action to protect

7  those persons who foreseeably would be exposed to said asbestos products, despite knowing that

8  persons who had no knowledge of the dangerous and hazardous nature thereof, such as plaintiff's

9  father and plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

10  punitive damages hereunder.

11                                                          **V.**

12          By reason of the aforesaid acts of defendants, and each of them, plaintiff has suffered

13  damage to his health, strength and activity.

14          WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

15                                    **SIXTH CAUSE OF ACTION**

16                          **Market Share/Enterprise Liability/Negligence**
                    **[Against All Product Defendants except WORLD AIRWAYS, INC.**
17                     **and MCDONNELL DOUGLAS CORPORATION, and alleges: ]**

18          AS AND FOR A SIXTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

19  defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

20  CORPORATION, and alleges:

21                                                          **I.**

22          Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

23  allegation contained in the First Cause of Action.

24                                                          **II.**

25          Plaintiff is informed and believes and on the basis of such information and belief alleges

26  that at all times relevant herein, the number of producers of asbestos and asbestos products of the

27  type that plaintiff used or was otherwise exposed to, and the nature and structure of the asbestos

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

EAGNOLI/481320.2

1   market and industry, was such that there is and was a substantial likelihood that plaintiff would

2   have actually used or otherwise been exposed to the products of each of the defendants.

3        WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

4                                **SEVENTH CAUSE OF ACTION**

5   **Market Share/Enterprise Liability/Strict Liability/Defective Product Design, Manufacturing,
    Labeling, Marketing and/or Warning**

6   **[Against All Product Defendants except WORLD AIRWAYS, INC.
    and MCDONNELL DOUGLAS CORPORATION, and alleges:]**

7

8        AS AND FOR A SEVENTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

    defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS
9
    CORPORATION, and alleges:
10

11                                          I.

12       Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

    allegation contained in the Third Cause of Action and in Paragraph II of the Sixth Cause of Action.
13
         WHEREFORE, plaintiff prays judgment as is hereinafter set forth.
14

15                                **EIGHTH CAUSE OF ACTION**

16                    **Market Share/Concert of Action/Negligence**
                **[Against All Product Defendants except WORLD AIRWAYS, INC.
                and MCDONNELL DOUGLAS CORPORATION, and alleges:]**
17

18       AS AND FOR AN EIGHTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

19  defendants and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

20  CORPORATION, and alleges:

21                                          I.

22       Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

23  allegation contained in the First Cause of Action, Paragraph II of the Fourth Cause of Action, and

24  Paragraph II of the Sixth Cause of Action.

25                                          II.

26       Plaintiff is informed and believes and on the basis of such information and belief alleges

27  that at all times relevant herein, each of the defendants has:

28       (1)    Cooperated in the defective design, manufacturing, labeling and/or marketing of

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  uniformly defective and dangerous asbestos products;

2    (2)    Knowingly adhered to an inadequate industry-wide standard of safety that failed to

3  warn plaintiff, or any other person likely to be exposed to the hazards caused by the use of their

4  products, that exposure to asbestos fibers could cause asbestosis, mesothelioma, and lung cancer

5  and other cancers and diseases or that it could otherwise cause death or serious permanent

6  disability;

7    (3)    Delegated research, investigative, and other safety functions to various trade

8  associations and industry leaders that failed to adequately and accurately investigate the risks

9  caused by the use of asbestos and that minimized and suppressed the publication of the information

10  concerning the hazards of asbestos; and

11    (4)    Otherwise jointly created and controlled the risk that was the proximate cause of the

12  injuries of plaintiff.

13                                            **III.**

14    Plaintiff is informed and believes and thereon alleges that at all times relevant herein, the

15  nature and structure of the asbestos industry and market was such that the foregoing acts and

16  omissions of each of the defendants, acting separately and in combination, were a substantial factor

17  in bringing about the aforesaid injury-causing standards, practices and risk, and were otherwise the

18  proximate and legal cause of, and a substantial factor in, bringing about the injuries to plaintiff.

19    WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

20                              **NINTH CAUSE OF ACTION**

21        **Market Share/Concert of Action/Strict Liability/Defective Product Design**
           **[Against All Product Defendants except WORLD AIRWAYS, INC.**
22              **and MCDONNELL DOUGLAS CORPORATION, and alleges:]**

23    AS AND FOR A NINTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

24  defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

25  CORPORATION, and alleges:

26                                            **I.**

27    Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  allegation contained in the Third Cause of Action, Paragraph II of the Fourth Cause of Action,

2  Paragraph II of the Sixth Cause of Action, and Paragraphs II and III of the Eighth Cause of Action.

3  WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

4  ### TENTH CAUSE OF ACTION

5  **Market Share/Concert of Action/Conspiracy to Defraud/Failure to Warn**
**[Against All Product Defendants except WORLD AIRWAYS, INC.**

6  **and MCDONNELL DOUGLAS CORPORATION, and alleges:]**

7

8  AS AND FOR A TENTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

   defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS
9
   CORPORATION, and alleges:
10
                                    **I.**
11
   Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every
12
   allegation contained in the Fifth and Ninth Causes of Action.
13
                                    **II.**
14
   Plaintiff is informed and believes and on the basis of such information and belief alleges
15
   that at all times herein, each of the defendants knew that the aforesaid failure to warn was industry-
16
   wide and that the use of their products and the products of others in the industry, without
17
   inspection and protection from the hazards of dust inhalation and without an adequate warning by
18
   any of them, created and increased the risk of death and disease from cancer, asbestosis, and other
19
   related diseases.
20
                                    **III.**
21
   Plaintiff is informed and believes and on the basis of such information and belief alleges
22
   that at all times herein, each of the defendants, acting in concert and pursuant to a common plan,
23
   and in order to maximize the sale of their products and to minimize claims for damages and
24
   compensation, knowingly assisted, aided, abetted, encouraged and ratified the conduct of each

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

25  other:

26

27  (1)    In the defective design, manufacturing, labeling and/or marketing of a uniformly

28  defective and hazardous asbestos product without adequate tests and without an adequate warning

---

First Amended Complaint for Personal Injuries

1  to their consumers and users; and

2       (2)    In suppressing and discouraging the discovery and publication of information

3  concerning the true hazards of asbestos by and to the public at large.

4       Said conduct was the proximate and legal cause of, and a substantial factor in, bringing

5  about the injuries of plaintiff.

6       WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

7  ///

8  ///

9  ///

10 ///

11                    **PREMISES DEFENDANTS:**

12              **ELEVENTH CAUSE OF ACTION**

13              **Negligence/Failure to Warn**
             **[Against All Premises Defendants]**

14

15       AS AND FOR AN ELEVENTH CAUSE OF ACTION, plaintiff complains of defendants

16 WORLD AIRWAYS, INC.; LATHROP CONSTRUCTION ASSOCIATES, INC., individually,

17 and as successor in interest, parent, alter ego, and or equitable trustee of F.P. LATHROP

18 CONSTRUCTION COMPANY; RAYMOND INTERIOR SYSTEMS-NORTH, individually and

19 as successor in interest, parent, alter ego and equitable trustee to JAMES L. WHITTAKER, INC.;

20 and TWO HUNDRED THIRTEENTH DOE through TWO HUNDRED TWENTY-FIFTH DOE,

21 inclusive.  These defendants were at all times herein and still are corporations authorized to and

22 doing business in the State of California, and are hereafter designated the PREMISES defendants.

23 Plaintiff alleges against the PREMISES defendants, and each of them:

24                           I.

25       Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though fully set

26 forth herein, each and every allegation contained in the First through Tenth Causes of Action

27 herein.

28

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

## II.

Plaintiff does not know the true names or capacities of the defendants sued herein under the fictitious names of TWO HUNDRED THIRTEENTH DOE through TWO HUNDRED TWENTY-FIFTH DOE, inclusive, whether corporate, associate or individual, and plaintiff prays leave to amend this complaint to allege said true names and/or capacities when the same are ascertained. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner for the events and happenings herein referred to, and proximately caused injury and damages to plaintiff as hereinafter alleged.

///

///

## III.

At all times herein mentioned, defendants TWO HUNDRED TWENTY-SIXTH DOE through TWO HUNDRED SEVENTY-FIFTH DOE were Officers and Directors of named defendants herein as TWO HUNDRED THIRTEENTH DOE through TWO HUNDRED TWENTY-FIFTH DOE.

## IV.

At all times mentioned herein, the PREMISES defendants each respectively owned, maintained, managed, and/or controlled one or more of those premises where plaintiff's father worked while employed as set forth in Part VIII of the First Cause of Action, which is herein incorporated by reference.

## V.

Prior to and at said times and places, each said PREMISES defendant caused certain asbestos-containing insulation and other building materials and products and machinery to be specified, manufactured, constructed, supplied, installed, maintained, used, replaced, and/or repaired and otherwise be present at the aforesaid premises, by its own workers and/or various independent contractors so as to allow and cause the release of dangerous quantities of toxic asbestos fibers into the ambient air and thereby contaminate the entire premises and create a

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

EAGNOLI/481320.2

1  hazardous condition and unreasonable risk of harm and personal injury to plaintiff's father and

2  plaintiff and other persons exposed to said asbestos fibers while working on said premises, or

3  otherwise using or coming on said premises, unless special precautions were taken.

### VI.

5   At all relevant times mentioned herein, each said PREMISES defendant had a nondelegable

6  duty to exercise reasonable care to inspect and make safe the premises it owned, maintained,

7  managed and/or controlled, and to discover the aforesaid dangerous conditions.  PREMISES

8  defendants, and each of them, also created or contributed to said dangerous conditions, by

9  specifying, manufacturing, supplying, installing, maintaining, using, replacing, repairing, and/or

10  requiring the use and/or handling of asbestos-containing materials on said premises, and by failing

11  to properly supervise their own employees or the employees of others over whom said defendants

12  had control in performing work which caused the release of asbestos fibers into the ambient air and

13  the contamination of the entire premise, when defendants knew or in the exercise of ordinary and

14  reasonable care should have known that the foregoing conditions and activities were present on

15  said premises and created a dangerous and hazardous condition and unreasonable risk of harm and

16  personal injury to plaintiff and other persons coming on the aforesaid premises.

### VII.

18   At all times relevant herein, plaintiff's father entered said premises and used and occupied

19  said premises as intended and for the benefit and advantage of each said PREMISES defendant and

20  at each said PREMISES defendant's request and invitation.  In so doing, plaintiff's father and

21  plaintiff were exposed to dangerous quantities of asbestos fibers released into the ambient air by

22  the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise

23  created, controlled, or caused by each said PREMISES defendant.

### VIII.

25   Plaintiff's father at all relevant times used the premises with due care and was unaware of

26  and in the exercise of ordinary care could not have discovered the risk of personal injury and the

27  hazardous conditions created by the aforesaid presence of asbestos products and materials on said

28  premises.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

**Exhibit A - Page 70**

25

## IX.

At all relevant times mentioned herein, each said PREMISES defendant knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in its control would be used as alleged without knowledge of, or inspection for, defects or dangerous conditions, which were not apparent or obvious, and that persons using said premises would not be aware of the aforesaid hazardous conditions and contamination on the premises to which they were exposed.

## X.

At all times pertinent hereto, the PREMISES defendants, and each of them, owed plaintiff's father and plaintiff a duty, as provided in Section 1708 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of plaintiff's father and plaintiff.  When a duty to act was imposed, as set forth herein, the defendants, and each of them, did do the acts and omissions in violation of that duty, thereby proximately causing injury to the plaintiff as is more fully set forth herein.

## XI.

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to warn plaintiff's father and plaintiff and plaintiff's father's employer that said materials were dangerous when breathed and caused pathological effects without noticeable trauma, despite the fact that defendants possessed knowledge and were under a duty to disclose that such material was dangerous and a threat to the health of persons coming into contact therewith.

## XII.

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide plaintiff's father and plaintiff with information concerning adequate protective masks and devices to be used when applying, installing, disturbing, or otherwise working around asbestos-containing products, and each of them, despite the knowledge of the PREMISES defendants and a duty to disclose that such protective measures were necessary and would result in injury to the plaintiff and others applying, installing, disturbing, or otherwise working around such materials if not so advised.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

## XIII.

At all relevant times mentioned herein, PREMISES defendants, and each of them, concealed from plaintiff the true nature of the industrial exposure of plaintiff, and knew that plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was exposed would cause pathological effects without noticeable trauma despite the fact that PREMISES defendants were under a duty to and bound to disclose it.

## XIV.

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by plaintiff's father and plaintiff and plaintiff's father's employer so that said physicians could examine, diagnose and treat plaintiff and others who were exposed to asbestos, despite the fact that PREMISES defendants, and each of them, were under a duty to so inform and said failure was misleading.

## XV.

At all relevant times mentioned herein, said PREMISES defendants, and each of them, negligently failed to take steps to abate or correct the dangerous conditions, or to make the premises safe or to warn plaintiff's father and plaintiff of the existence of the aforesaid dangerous conditions and hazards on said premises, although the risk of plaintiff's injuries was a foreseeable consequence of the negligence of defendants and each of them.

## XVI.

As a legal consequence of the foregoing, plaintiff developed an asbestos-related disease which caused illness and death as previously set forth and has suffered general and special damages as alleged herein.

## XVII.

The foregoing acts of the PREMISES defendants, and each of them, were done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  defendants, and each of them, in that the defendants, and each of them knew, at the time

2  defendants manufactured, supplied or required the use and/or handling of asbestos-containing

3  materials and/or failed to properly supervise their own employees or the employees of others over

4  whom defendants had control who installed and/or handled the asbestos products to which

5  plaintiff's father and plaintiff were exposed, that the foregoing materials released invisible,

6  undetectable respirable asbestos fibers when installed or handled and that said fibers were

7  extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

8  insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

9  warning on the said material or package thereof regarding said dangerous nature, nor took any

10  action to protect those persons who foreseeably would be exposed to said asbestos products,

11  despite knowing that persons who had no knowledge of the dangerous and hazardous nature

12  thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale asbestos fibers, and

13  plaintiff is entitled to punitive damages hereunder.

14       WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

## TWELFTH CAUSE OF ACTION

### Negligent Hiring and Negligent Exercise of Retained Control
### [Against All Premises Defendants]

18       AS AND FOR A TWELFTH CAUSE OF ACTION, plaintiff complains of PREMISES

19  defendants, and each of them, as follows:

### I.

21       Plaintiff refers to and incorporates herein by reference the First through Eleventh Causes of

22  Action of this Complaint.

### II.

24       At all relevant times herein, the PREMISES defendants and each of them negligently hired,

25  retained and kept contractors on jobs to perform asbestos related work, and knew or in the exercise

26  of reasonable care and diligence should have known that the contractors, independent contractors,

27  subcontractors, employees, manufacturers, suppliers, distributors, workers and others these

28  defendants employed or engaged to or responsible for the manufacture, distribution, installation,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   inspection, maintenance, repair, replacement, removal and/or disposing of asbestos and asbestos-

2   containing materials on the aforementioned premises were incompetent and unfit to perform the

3   duties for which they were employed, retained, hired or used, and that an unreasonable risk of harm

4   to plaintiff's father and plaintiff and other persons on the aforesaid premises would exist as a legal

5   consequence of such initial and/or continued employment, retention or contract.  PREMISES

6   defendants and each of them failed to exercise reasonable caution in selecting, retaining and

7   continuing to use each of the employees, contractors, independent contractors and/or

8   subcontractors who performed asbestos-related work, including those that employed plaintiff's

9   father, even though said PREMISES defendants knew or in the reasonable exercise of ordinary and

10  reasonable care should have known that failure to choose these persons carefully to perform

11  asbestos-related work and/or allow such persons to continue to perform asbestos-related work after

12  the PREMISES defendants, and each of them, became aware of the negligent manner in which the

13  work was being performed created a dangerous and hazardous condition and unreasonable risk of

14  harm and personal injury to plaintiff and other workers or persons so exposed while working for or

15  in the vicinity of negligent contractors or exposed to asbestos fibers on such persons' clothing,

16  shoes and person.  PREMISES defendants, and each of them, also negligently exercised the control

17  they retained of the operative details – including, without limitation, the asbestos-related details –

18  of plaintiff's father's and plaintiff's work, thereby negligently exposing plaintiff's father and

19  plaintiff to asbestos that was a legal cause of plaintiff's mesothelioma.

### III.

21      The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

22  willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the

23  defendants, and each of them, in that the defendants, and each of them knew – at the time

24  defendants manufactured, supplied or required the use and/or handling of asbestos-containing

25  materials to which plaintiff's father and plaintiff were exposed, and/or failed to properly train, hire

26  and/or supervise their own employees or the employees of others over whom defendants had

27  control who installed and/or handled the asbestos products to which plaintiff was exposed, and/or

28  negligently exercised the control they retained of the asbestos-related details of plaintiff's father's

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

29

1  and plaintiff's – that the foregoing materials released invisible, undetectable respirable asbestos

2  fibers when installed or handled and that said fibers were extremely dangerous when inhaled.  The

3  defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

4  nature of said materials, nor placed a sufficient warning on the said material or package thereof

5  regarding said dangerous nature, nor took any action to protect those persons who foreseeably

6  would be exposed to said asbestos products, despite knowing that persons who had no knowledge

7  of the dangerous and hazardous nature thereof, such as plaintiff's father and plaintiff, would be

8  exposed to and inhale asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

9       WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

10  ///

11  ///

12

13                **THIRTEENTH CAUSE OF ACTION**

14                **Conspiracy/Concert of Action**
                  **[Against Metropolitan Life Insurance Company**
15                **and Does 276-330, Inclusive]**

16                            **I.**

17       Plaintiff hereby incorporates by reference each and every allegation of the preceding causes

18  of action herein.  (As used throughout this cause of action, "plaintiff" refers to all named

19  plaintiffs.)                          **II.**

20       The term "conspirators" as used in this cause of action includes, but is not limited to,

21  METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE"), Anthony Lanza, M.D.,

22  Johns-Manville Corporation ("Manville"), Raybestos-Manhattan Corporation ("Raybestos") and

23  the other entities and individuals identified in this cause of action.

24                           **III.**

25       Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned

26  defendant METROPOLITAN LIFE INSURANCE COMPANY was and is a corporation organized

27  and existing under and by virtue of the laws of the State of New York or the laws of some other

28  state or foreign jurisdiction, and that this defendant was and is authorized to do and/or was and is

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    doing business in the State of California, and regularly conducted or conducts business in the

2    County of Alameda, State of California.  At times relevant to this cause of action, MET LIFE was

3    an insurer of Manville and Raybestos.

4    **IV.**

5    Plaintiff was exposed to asbestos-containing dust created by the use of the asbestos

6    products manufactured, distributed and/or supplied by one or more of the conspirators named

7    below.  The exposure to the asbestos or asbestos-related products supplied by the conspirator(s)

8    caused plaintiff's asbestos-related disease, injuries and/or death.

9    **V.**

10   The conspirators, individually and as agents of one another and as co-conspirators, agreed

11   and conspired among themselves, with other asbestos manufacturers and distributors, with certain

12   individuals including but not limited to Anthony Lanza, M.D. ("Lanza") and with defendant MET

13   LIFE to injure plaintiff in the following fashion (the following is not an exclusive list of the

14   wrongful acts of the conspirators, but, rather, is a representative list):

15   (a)    Beginning in 1929, MET LIFE entered agreements with Manville and others to

16   fund studies of the effects of asbestos exposure on Canadian asbestos miners.  When the data from

17   these studies proved that Canadian asbestos miners were developing asbestosis, MET LIFE,

18   Manville and others suppressed its publication; further, Lanza (then a MET LIFE employee)

19   actively misrepresented the results of the Canadian study for many years thereafter to meetings of

20   health-care professionals seeking information regarding asbestos exposure.

21   (b)    In approximately 1934, conspirators Manville and MET LIFE, through their agents

22   Vandiver Brown and attorney J.C. Hobart, and conspirator Raybestos, through its agents Sumner

23   Simpson and J. Rohrback, suggested to MET LIFE associate director Lanza that Lanza publish a

24   study on asbestosis in which Lanza would affirmatively misrepresent material facts and

25   conclusions about asbestos, including but not limited to descriptions of the seriousness of the

26   asbestosis disease process.  The misrepresentation was accomplished through intentional deletion

27   of Lanza's description of asbestosis as "fatal" and through other selective editing that affirmatively

28   misrepresented asbestosis as a disease process less critical than it was known to be by the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

EAGNOLI/481320.2

1   conspirators.  As a result, Lanza's study was published in the medical literature in 1935 with these

2   misleading statements.  The conspirators were motivated to effectuate this fraudulent

3   misrepresentation and fraudulent non-disclosure in part by the desire to influence proposed

4   legislation to regulate asbestos exposure, to provide a defense in lawsuits involving Manville,

5   Raybestos and MET LIFE (as Manville's and Raybestos's insurer), and to promote the use of

6   Manville's and Raybestos's asbestos products.

7      (c)  The above-described conspiracy continued in 1936, when additional co-conspirators

8   American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation,

9   Manville, Keasbey & Mattison Company (then an alter ego to conspirator Turner & Newall),

10   Raybestos, Russell Manufacturing (whose liabilities have been assumed by H.K. Porter Company),

11   Union Asbestos and Rubber Company and United States Gypsum Company entered into an

12   agreement with a leading medical research facility, the Saranac Laboratories.  Under the

13   agreement, the conspirators acquired the power to decide what information Saranac Laboratories

14   could publish regarding asbestos disease and could also control in what form such publications

15   were to occur.  Their agreement provided these conspirators the power and ability to affirmatively

16   misrepresent the results of the work at Saranac Laboratories, and also gave these conspirators

17   power to suppress material facts included in any of the facility's studies.  On numerous occasions

18   thereafter, the conspirators exercised their power to prevent Saranac scientists from disclosing

19   material scientific data, resulting in numerous misstatements of fact being made at scientific

20   meetings concerning the health effects of asbestos exposure.

21      (d)  The conspiracy was furthered when on November 11, 1948 representatives of the

22   following conspirators met at Manville headquarters: Manville, American Brake Block Division of

23   American Brake and Shoe Foundry, Gatke Corporation, Keasbey & Mattison Company (then an

24   alter ego of conspirator Turner & Newall), Raybestos, Thermoid Company (whose assets and

25   liabilities were later purchased by H.K. Porter Company), Union Asbestos and Rubber Company,

26   United States Gypsum Company and MET LIFE.  U.S. Gypsum did not send a company employee

27   to the meeting, but instead authorized Vandiver Brown of Manville to represent its interest at the

28   meeting and to take action on its behalf.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    (e)    At the November 11, 1948 meeting, these conspirators and their representatives

2  decided to exert their influence to materially alter and misrepresent material facts about the

3  substance of research conducted by Dr. Leroy Gardner at the Saranac Laboratories beginning in

4  1936. Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an

5  evaluation of the health effects of asbestos on humans with a critical review of the then-existing

6  standards for asbestos-dust exposure.

7    (f)    At this meeting, these conspirators intentionally and affirmatively decided that

8  Dr. Gardner's work should be edited to delete material facts about the cancer-causing propensity of

9  asbestos, the health effects of asbestos on humans and the critique of the dust standards.  The

10  conspirators then published these deceptive and fraudulent statements in the medical literature as

11  edited by Dr. Vorwald.  These conspirators thereby fraudulently misrepresented the risks of

12  asbestos exposure to both the public and the class of persons exposed to asbestos, including

13  plaintiff's father and plaintiff.

14    (g)    As a direct result of influence exerted by the conspirators, a Dr. Vorwald in 1951

15  published Dr. Gardner's edited work in *The Journal of Industrial Hygiene, AMA Archives of*

16  *Industrial Hygiene and Occupational Health* in a form that stressed those portions of Dr. Gardner's

17  work that the conspirators wished to be stressed, but that omitted reference to human asbestosis

18  and cancer, thereby fraudulently and affirmatively misrepresenting the extent of asbestos's risks.

19  The conspirators affirmatively and deliberately disseminated this deceptive and fraudulent Vorwald

20  publication to university libraries, government officials, government agencies and others.

21    (h)    Such actions constitute a material affirmative misrepresentation of the total context

22  of material facts involved in Dr. Gardner's work and resulted in creating an appearance that

23  inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

24    (I)    When Dr. Vorwald subsequently tried to publish more complete information

25  regarding Dr. Gardner's animal studies, the conspirators required his discharge from the Saranac

26  Laboratories, denied him permission to publish or complete Dr. Gardner's work and actively

27  discouraged institutions of higher learning from hiring or retaining Dr. Vorwald in any capacity.

28    (j)    The following conspirators were members of the trade association known as Quebec

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

EAGNOLI/481320.2

1   Asbestos Mining Association (Q.A.M.A.):  Manville, Carey-Canada individually and as successor

2   in interest to Quebec Asbestos Corporation, the Celotex Corporation as successor in interest to

3   Quebec Asbestos Corporation, National Gypsum Company and Turner & Newall as successor in

4   interest to Bell Asbestos.  These conspirators, members of Q.A.M.A., participated in the above-

5   described misrepresentation of the work of Dr. Leroy Gardner published by Arthur Vorwald in the

6   *AMA Archives of Industrial Health* in 1951.  Evidence of the Q.A.M.A.'s involvement in this

7   misrepresentation arises from co-conspirator Manville's membership in the Q.A.M.A., as well as

8   correspondence from co-conspirators dated 1/29/47, 11/26/47, 3/6/48, 10/15/48, 3/8/49 and 9/6/50,

9   all indicating close monitoring of the editing process by Q.A.M.A.'s representative, Ivan Sabourin,

10   who acted on behalf of all Q.A.M.A. members.

11         (k)      In furtherance of the conspiracy that commenced in 1929, conspirators who were

12   members of the Q.A.M.A. as described above began in about 1950 to formulate a plan to influence

13   public opinion concerning the relationship between asbestos and cancer by influencing the medical

14   literature on this subject and then touting and disseminating this literature to the public and to

15   organizations and legislative bodies responsible for regulatory control of asbestos with the specific

16   intent of misrepresenting the existing scientific information and suppressing contrary scientific

17   data in their possession and control.

18         (l)      This plan of misrepresentation and influence over the medical literature began in

19   about 1950 when the aforementioned Q.A.M.A. members selected Saranac Laboratories to do an

20   evaluation of whether cancer was related to asbestos.  After a preliminary report authored by

21   Arthur Vorwald in 1952 indicated that, based on experiments with laboratory animals,  a

22   cancer/asbestos relationship might exist, these Q.A.M.A. members refused to further fund the

23   study, terminated the study and prevented any public discussion or dissemination of the results.

24         (m)      As a result of the termination of the Q.A.M.A./Saranac study, the conspirators

25   fraudulently withheld information from the public and affirmatively misrepresented to the public

26   and responsible legislative and regulatory bodies that asbestos did not cause cancer.  These

27   affirmative misrepresentations were made by conspirators and conspirators' agents K.W. Smith,

28   M.D., Paul Cartier, M.D., A.J. Vorwald, M.D., Lanza, Vandiver Brown and Ivan Sabourin and

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1   were directed to, among others, U.S. government officials, Canadian government officials, the U.S.

2   National Cancer Institute, medical organizations, health professionals and the general public,

3   including plaintiff.

4        (n)     The Q.A.M.A. conspirators subsequently contracted with the Industrial Hygiene

5   Foundation and Dr. Daniel Braun to further study the relationship between asbestos exposure,

6   asbestosis and lung cancer.  In 1957, Drs. Braun and Truan (Braun and Truan) reported to the

7   Q.A.M.A. that asbestosis did increase a worker's risk of developing lung cancer.

8        (o)     The Q.A.M.A. conspirators, in furtherance of the conspiracy that began in 1929,

9   caused the work by Braun and Truan to be published in 1958, but with the findings concerning the

10   increased incidence of cancer in asbestos-exposed persons edited out and stricken by agents of the

11   Q.A.M.A.  The published version of the Braun/Truan study contained a conclusion that asbestos

12   exposure alone did not increase the incidence of lung cancer, a conclusion known by the

13   conspirators to be false.

14        (p)     By falsifying and causing publication of studies concluding that asbestos exposure

15   did not cause lung cancer and simultaneously omitting documented findings that asbestosis did

16   increase the risk of lung cancer, the conspirators affirmatively misrepresented to, and concealed

17   from, the public the extent of the risks associated with inhaling asbestos fibers.

18        (q)     In furtherance of the ongoing 1929 conspiracy, the Q.A.M.A. in about 1958

19   publicized the fraudulently edited works of Drs. Braun and Truan at a symposium in an effort to

20   fraudulently misrepresent to the public and persons exposed to asbestos that inhaling asbestos

21   fibers did not cause cancer.

22        (r)     The foregoing fraudulent misrepresentations, which began in 1929 and continued

23   with the publication in 1958 of the Braun/Truan study, influenced the standards set for acceptable

24   levels of asbestos exposure.  The developers of such standards failed to lower the maximum

25   exposure limits because a cancer risk associated with asbestos inhalation had not been proven.

26        (s)     In furtherance of the 1929 conspiracy, Q.A.M.A. conspirators decided at their trade

27   association meeting in 1967 that they would intentionally mislead consumers about the extent of

28   risks associated with inhaling asbestos.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    (t)    In furtherance of the 1929 conspiracy, a symposium concerning the health effects of

2  asbestos was conducted at the Saranac Laboratories in 1952. The following conspirators were in

3  attendance: MET LIFE, Lanza, Manville, Turner & Newall, Raybestos and Q.A.M.A. members

4  through their agents Cartier, Sabourin and LaChance.

5    (u)    At the 1952 Saranac meeting, the occurrence of lung cancer and asbestosis in

6  product users was discussed, as was the carcinogenic properties of all asbestos-fiber types. In an

7  affirmative attempt to mislead the public about the extent of health risks associated with asbestos,

8  and in an effort to fraudulently conceal those risks from the public, these conspirators conspired to

9  prevent publication of the record of this 1952 Saranac Symposium, and it was not published. In

10  addition, the conspirators induced Vorwald not to announce the results of his and Dr. Gardner's

11  laboratory studies showing excess cancers in asbestos-exposed animals. The conspirators in this

12  way fraudulently misrepresented existing secret data that was prevented from being publicized

13  because of the secrecy provisions contained in the previously described 1936 Saranac agreement.

14    (v)    The following co-conspirators were members of the trade organization known as

15  The Asbestos Textile Institute (ATI): Raybestos, Manville, H.K. Porter, Keasbey & Mattison

16  (individually and through its alter ego, Turner & Newall), National Gypsum, Uniroyal, Inc.

17  (individually and through its alter egos, CDU Holding Company), Uniroyal Holding Company,

18  Uniroyal Goodrich Tire Company and Asbestos Corporation, Ltd..

19    (w)    In furtherance of the foregoing conspiracy, the conspirators and ATI members in

20  1942 received a report from W.C.L. Hemeon (Hemeon) concerning asbestos that suggested the

21  then-existing maximum asbestos-exposure limits be re-evaluated. These conspirators caused the

22  Hemeon report not to be published and thereby fraudulently concealed material facts about

23  asbestos exposure from the public and affirmatively misrepresented to the public and class of

24  persons exposed to asbestos that the then-existing maximum asbestos-exposure limit was safe and

25  acceptable. Thereafter, these conspirators withheld additional material information on the dust

26  standards from the American Conference of Governmental Industrial Hygienists (ACGIH), thereby

27  further influencing ACGIH evaluations of its Threshold Limit Values for asbestos exposure.

28    (x)    In furtherance of the foregoing conspiracy, co-conspirator National Gypsum,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   through its agents and following an inquiry from the Indiana Division of Industrial Hygiene (IDIH)

2   concerning the health hazards of asbestos-spray products, in 1953 refused to mail a proposed

3   response to the IDIH indicating that those applying the products should wear respirators when

4   doing so.  National Gypsum's response distorted and fraudulently misrepresented the need for

5   applicators of asbestos-spray products to wear respirators, and thereby misrepresented the risks

6   associated with asbestos exposure.

7         (y)   In furtherance of the foregoing conspiracy, conspirator Manville through its agent

8   Kenneth Smith in 1955 caused to be published in *The AMA Archives of Industrial Health* an article

9   entitled "Pulmonary Disability in Asbestos Workers."  This published study materially altered the

10  results of an earlier study in 1949 concerning the same set of workers.  This alteration of Dr.

11  Smith's study constituted a fraudulent and material misrepresentation about the extent of the risk

12  associated with inhaling asbestos.

13        (z)   In furtherance of the foregoing conspiracy, the National Cancer Institute in 1955

14  held a meeting at which conspirator Manville, individually and as agent for other co-conspirators,

15  and A. Vorwald, as agent of all the conspirators, affirmatively misrepresented that there was no

16  existing animal study indicating any relationship between asbestos exposure and cancer when, in

17  fact, the conspirators secretly possessed several suppressed studies positively demonstrating the

18  existence of such a link.

19        (aa)   In furtherance of the foregoing conspiracy, these conspirators and members of the

20  ATI in 1957 jointly rejected a proposed research study on cancer and asbestos, and this resulted in

21  their fraudulently concealing from the public material facts regarding asbestos exposure and also

22  constituted an affirmative misrepresentation of the then-existing knowledge about asbestos

23  exposure and lung cancer.

24        (bb)   In furtherance of the foregoing conspiracy, conspirators who in 1964 were members

25  of the ATI met to formulate a plan for rebutting the association between lung cancer and asbestos

26  exposure that had been recently published by Dr. Irving J. Selikoff of the Mount Sinai Research

27  Center.  These members of the ATI thereafter embarked on a campaign to further misrepresent the

28  association between asbestos exposure and lung cancer.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    (cc)    The conspirators founded and funded the Mellon Institute and the Industrial

2  Hygiene Foundation (IHF) to research issues concerning the health effects of inhaling asbestos dust

3  and for the express purpose of delaying or preventing compensation to workers who suffered

4  asbestos disease. Beginning in the early 1940's, the IHF was involved in a study by Dr. Hemeon

5  entitled "Report of Preliminary Dust Investigation for Asbestos Textile Institute," which was

6  published in June 1947. This study was conducted in conjunction with members of the Asbestos

7  Textile Institute and found that workers exposed to less than the recommended maximum asbestos-

8  exposure levels were nonetheless developing disease. As a part of the conspiracy, the IHF never

9  published this study.

10    (dd)    Beginning in the mid-1950's, the IHF and Mellon Institute were involved in the

11  publication of works by Braun and Truan entitled "An Epidemiological Study of Lung Cancer in

12  Asbestos Miners." In its original, unedited form in September 1957, this study concluded that

13  workers with asbestosis had an increased incidence of lung cancer and that the Canadian

14  government had been under-reporting occurrences of asbestosis. The final, published version of

15  this study in June 1958 deleted the conclusion that workers with asbestosis suffered an increased

16  incidence of lung cancer and that the Canadian government had been under-reporting asbestosis

17  cases. The IHF and the Mellon Institute conspired with the members of the Quebec Asbestos

18  Mining Association (Q.A.M.A.) and their legal counsel, Ivan Sabourin, and other conspirators to

19  suppress the above-described information concerning asbestos and cancer.

20    (ee)    The above-described actions of the IHF and the Mellon Institute constituted

21  intentional deception and fraud in actively misleading the public about the extent of the hazards

22  linked to breathing asbestos dust. These actions also substantially contributed to retarding the

23  development of knowledge about the hazards of asbestos and thereby substantially contributed to

24  injuries suffered by plaintiffs.

25    (ff)    From the early 1920's until the 1970's, Manville, Raybestos and other conspirators

26  undertook continual and systemic monitoring of the workers employed in their plants

27  manufacturing asbestos products. The monitoring included chest x-rays taken for the purpose of

28  discovering whether the workers were suffering from asbestosis or other asbestos diseases. MET

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913



1  LIFE and Lanza actively assisted and participated in many of the monitoring programs.  The

2  conspirators, including MET LIFE, failed to disclose and actively concealed the results of the

3  monitoring.  The conspirators also failed to disclose the nature, extent and frequency of asbestos

4  disease among the workers and instead encouraged the workers to continue work until they were

5  completely and totally disabled.  The conspirators further intentionally concealed from the workers

6  employed in their manufacturing plants the nature and extent of the risks associated with asbestos

7  exposure.

8      (gg)    All conspirators identified herein approved, ratified and furthered the previous

9  conspiratorial acts of conspirators Manville, Raybestos, Lanza and MET LIFE, and all the alleged

10  conspirators during the time and circumstances previously described acted as agents and co-

11  conspirators of the other conspirators.

12      (hh)    MET LIFE was an active participant in the foregoing conspiracy and benefitted

13  thereby.  MET LIFE benefitted from its involvement in the conspiracy in the following non-

14  exclusive list of ways, among others:

15          (i)     By providing workers' compensation insurance to co-conspirators.

16          (ii)    By providing life insurance for employees of the co-conspirators.

17          (iii)   By providing health insurance or health care for the employees of the co-

18          conspirators.

19          (iv)    By purchasing substantial stock in asbestos-related companies, including

20          stock of the co-conspirators.

21          (v)     By developing information by which asbestos-related claims for

22          compensation could be defeated.

23                          **VI.**

24      The previously described acts of the conspirators constitute fraudulent concealment and/or

25  fraudulent misrepresentation, which caused injury to the plaintiff in the following ways, among

26  others:

27      (a)     The material published or caused to be published by the conspirators was false and

28  incomplete in that the conspirators knowingly and deliberately deleted references to the known

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   health hazards of asbestos and asbestos-related products.

2       (b)    The conspirators individually, as members of a conspiracy and as agents of other

3   conspirators, intended to – and did – publish false and misleading reports that misrepresented or

4   failed to disclose known health hazards associated with common uses of asbestos-containing

5   products. Their purposes were to (1) maintain a favorable business climate for the continued sale

6   and distribution of asbestos and asbestos-related products, (2) assist in the conspirators' continued

7   pecuniary gain through the sale of their products, (3) influence proposed legislation to regulate

8   asbestos exposure in a way that favored the conspirators' interests and (4) aid in defending lawsuits

9   seeking compensation for injury resulting from asbestos exposure.

10       (c)    Plaintiff's father and plaintiff and others reasonably relied, both directly and

11   indirectly, on the published medical and scientific data documenting the purported safety of

12   asbestos and asbestos-related products, and also on the absence of published medical and scientific

13   reports of the hazards of continued exposure to asbestos. Plaintiff's father and plaintiff believed

14   asbestos to be safe and was unaware of the hazards of that material because of the conspiratorial

15   conduct described herein.

16       (d)    Conspirators – individually, as members of a conspiracy and as agents of other co-

17   conspirators – were and are in a position of superior knowledge regarding the health hazards of

18   asbestos and therefore plaintiff's father and plaintiff reasonably relied (both directly and indirectly)

19   on the published reports commissioned by the conspirators regarding the health hazards of asbestos

20   and the absence of published information (because of the suppression by the conspiracy)

21   concerning the hazards of asbestos and asbestos-related products.

22       (e)    As a direct result of the continuing and ongoing conduct of the conspirators, as

23   alleged herein, the plaintiff contracted asbestos-related disease, and plaintiff suffered injuries and

24   incurred damages as described in greater detail elsewhere in the complaint.

**VII.**

26       MET LIFE acted in concert with the foregoing parties (the conspirators) and pursuant to a

27   common design, as previously delineated, to cause injury to plaintiff.

28   ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
Fax (510) 835-4913

First Amended Complaint for Personal Injuries

## VIII.

MET LIFE knew that the conduct of Manville, Raybestos and the other conspirators was coercive, fraudulent and deceitful toward others (including plaintiff's father and plaintiff) and that conspirators' conduct was a breach of duty or duties owed to plaintiff's father and plaintiff; and MET LIFE gave substantial assistance and encouragement to Manville and the other conspirators in breaching their duties to plaintiff's father and plaintiff and others.

## IX.

Plaintiff and/or plaintiff's father was insured, directly or indirectly, by MET LIFE and as such was owed a fiduciary duty by MET LIFE that was breached by MET LIFE's foregoing conduct and conspiracy, thereby causing plaintiff's asbestos-related injuries.

## X.

The conspirators made representations to plaintiff's father and plaintiff and others concerning asbestos-containing products, including but not limited to:

(a)     the statements set forth and summarized in the foregoing paragraphs;

(b)     that asbestos in commercially used insulation products was not hazardous (this statement was known to be false by the conspirators);

(c)     that the amount of asbestos in the air necessary to cause disease was five million particles per cubic foot (this statement was known to be false by the conspirators);

(d) ·   that asbestos does not cause cancer (this statement was known to be false by the conspirators);

In addition, the conspirators actively concealed facts from plaintiff's father and plaintiff and others, including but not limited to:

(a)     that asbestos-related disease can be a fatal disease;

(b)     that asbestos causes various forms of lung cancer;

(c)     that individuals should protect themselves from breathing asbestos dust;

(d)     the extent of asbestos disease in exposed populations;

(e)     information regarding the levels of airborne asbestos that can cause disease;

(f)     their experience with workers' compensation claims related to asbestos exposure;

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   and

2   (g)   the concealment described in the other paragraphs of this cause of action.

### XI.

4   The conspirators further knew that their foregoing statements were false and that, by their

5   acts, they were actively concealing adverse information concerning the health effects of asbestos,

6   including the facts described in the preceding paragraphs of this cause of action.  The conspirators

7   made these false statements and concealed these facts with the intent to deceive.  Plaintiff's father

8   and plaintiff and others relied both directly and indirectly on the foregoing false statements and

9   their lack of knowledge resulting from the conspirators' fraudulent concealment.  As a

10  consequence of the foregoing fraudulent misrepresentations and concealment, plaintiff was injured

11  and damaged as more fully described elsewhere in the complaint.

### XII.

13  The asbestos-containing products that conspirators manufactured, marketed, distributed,

14  sold and otherwise supplied were defective in that they caused plaintiff's father and plaintiff and

15  others similarly situated to be exposed to the products' asbestos content and thereby caused the

16  injuries and damages as more fully detailed elsewhere in the complaint.

### XIII.

18  Additionally and alternatively, as a direct result of defendants' and conspirators' (including,

19  without limitation, MET LIFE's) actions and omissions, plaintiff's father and plaintiff were caused

20  to remain ignorant of all the dangers of asbestos, which  resulted in plaintiff's father, plaintiff,

21  his/her agents, employers and the general public being unaware of the true and full dangers of

22  asbestos.  Defendants' and conspirators' actions and omissions also deprived plaintiff's father and

23  plaintiff of the opportunity to decide for himself or herself whether he/she wanted to take the risk

24  of being exposed to asbestos, denied plaintiff's father and plaintiff the opportunity to take

25  precautions against the dangers of asbestos and caused plaintiff's damages as described elsewhere

26  in this complaint.

27  ///

28  ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1

## XIV.

The foregoing conduct of defendants and the conspirators was despicable, willful and carried on in conscious disregard of the rights or safety of plaintiff's father and plaintiff. Defendants and the conspirators intended by such conduct to conceal and/or misrepresent material facts known to them for the purpose of thereby depriving plaintiff's father and plaintiff and others of property or legal rights, or otherwise causing injury. So in addition to actual damages, plaintiff is entitled to recover damages from defendants and the conspirators for the sake of example and by way of punishing defendants and conspirators.

## ALL DEFENDANTS:

## FOURTEENTH CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FOURTEENTH CAUSE OF ACTION, plaintiff Caroline Vest complains of all defendants, and each of them, and alleges:

### I.

This plaintiff, for and on behalf of herself, brings this action on her own behalf.

### II.

Plaintiff refers to and incorporates herein by reference the First through Thirteenth Causes of Action of this complaint.

### III.

At the time that plaintiff Timothy Vest sustained injury as more fully alleged in all the previous causes of action, and at all times thereafter, plaintiff Caroline Vest was the wife of plaintiff Timothy Vest.

### IV.

Prior to said injuries, plaintiff Timothy Vest was able to and did, perform his duties as the husband of plaintiff Caroline Vest. Plaintiff is informed and believes and thereon alleges that subsequent to said injuries and as a proximate result thereof, plaintiff Timothy Vest has been, and some time in the future will be, incapacitated and unable to perform the necessary duties as husband of plaintiff Caroline Vest and the work and service usually performed in the care,

KAZAN, MCCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    maintenance and management of the family home.

2                                          V.

3          As a proximate result of said injuries, plaintiff Caroline Vest has been and will be deprived

4    of consortium with plaintiff Timothy Vest, including the performance of her husband's duties and

5    on plaintiff's part will be required to perform the duties previously performed by plaintiff Timothy

6    Vest, all to plaintiff's damage in a sum which cannot be ascertained at this time.  Plaintiff requests

7    the right to amend this complaint to allege the amount of said damages when they are ascertained.

8          WHEREFORE, plaintiff Caroline Vest prays judgment against defendants, conspirators and

9    their "alternate entities," and each of them as follows:

10         1.       General damages in an amount in excess of $50,000.00 in accordance with the

11   proof;

12         2.       Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

13   accordance with proof;

14         3.       . Punitive and exemplary damages in an amount found appropriate by the trier of fact

15   in accordance with the proof;

16         4.       Special damages in accordance with the proof;

17         5.       Prejudgment interest and post-judgment interest in accordance with law;

18         6.       . Costs of suit; and

19         7.       Such other and further relief as the Court deems just and proper in the premises.

20         WHEREFORE, plaintiff Timothy Vest prays judgment against defendants, conspirators and

21   their "alternate entities," and each of them as follows:

22         1.       General damages in an amount in excess of $50,000.00 in accordance with the

23   proof;

24         2.       Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

25   accordance with proof:

26         3.       Punitive and exemplary damages in an amount found appropriate by the trier of fact

27   in accordance with the proof;

28         4.       Special damages in accordance with the proof;

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

5.      Prejudgment interest and post-judgment interest in accordance with law;

6.      Costs of suit; and

7.      Such other and further relief as the Court deems just and proper in the premises.

DATED: May 3, 2010                          KAZAN, McCLAIN, LYONS,
                                            GREENWOOD & HARLEY
                                            A Professional Law Corporation

                                            By: _____
                                                Justin A. Bosl

                                            Attorneys for Plaintiffs

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   Gordon D. Greenwood, Esq. (C.S.B. #136097)
    Justin A. Bosl, Esq. (C.S.B. #241117)
2   KAZAN, McCLAIN, LYONS,
    GREENWOOD & HARLEY
3   A Professional Law Corporation
    171 Twelfth Street, Third Floor
4   Oakland, California 94607
    Telephone: (510) 465-7728
5
    Attorneys for Plaintiffs
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11

12   TIMOTHY VEST and CAROLINE VEST,        No. RG09489518

13                       Plaintiffs,        **SECOND AMENDED COMPLAINT FOR
                                            PERSONAL INJURIES; STRICT
14   vs.                                    LIABILITY; BREACH OF WARRANTIES;
                                            NEGLIGENCE; FRAUD; AIDING AND
15   ALLIED PACKING AND SUPPLY; ALTA        ABETTING FRAUD; AIDING AND
     BUILDING MATERIALS CO.; CYPRUS         ABETTING BATTERY; CONSPIRACY;
16   AMAX MINERALS COMPANY, individually,   (ALTERNATIVE ENTERPRISE AND
     and as successor in interest, parent, alter ego   CONCERT OF ACTION LIABILITY);
17   and equitable trustee of CYPRUS MINES   PREMISES LIABILITY; AND LOSS OF
     CORPORATION, SIERRA TALC &             CONSORTIUM
18   CHEMICAL COMPANY, UNITED SIERRA
     DIVISION CYPRUS MINES CORPORATION   **Code of Civil Procedure § 36(d)**
19   and PAUL W. WOOD COMPANY; DEAN'S
     MATERIALS, INC. dba CONSTRUCTION
20   MATERIAL SUPPLIER; THE DEXTER
     CORPORATION; DOWMAN PRODUCTS,
21   INC.; GARLOCK SEALING AND
     TECHNOLOGIES, LLC.; GEORGIA-
22   PACIFIC LLC, formerly known as GEORGIA-
     PACIFIC CORPORATION; HAMILTON
23   MATERIALS, INC.; HENKEL
     CORPORATION, individually and as successor
24   in interest, parent, alter ego and equitable
     trustee to HENKEL LOCTITE
25   CORPORATION, individually and as successor
     in interest, parent, alter ego, and equitable
26   trustee to THE DEXTER CORPORATION;
     HEXCEL CORPORATION; KAISER
27   GYPSUM COMPANY, INC.; KELLY-
     MOORE PAINT COMPANY, INC.; KENTILE
28   FLOORS, INC.; THE PORT OF OAKLAND;
     RAYMOND INTERIOR SYSTEMS-NORTH,

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 8 2010

CLERK OF THE SUPERIOR COURT
By_____
                        Deputy

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

BOSL/493784.1

                First Amended Complaint for Personal Injuries

individually and as successor in interest, parent,
alter ego and equitable trustee to JAMES L.
WHITTAKER, INC.; MCDERMOTT/SEALY,
INC.; PARKER HANNIFIN, individually, and
as successor in interest, parent, alter ego and
equitable trustee of CLEVELAND WHEELS &
BRAKES; GEORGE E. MASKER, INC.; F.P.
LATHROP CORPORATION; MCDONNELL
DOUGLAS CORPORATION; LIFE
TECHNOLOGIES CORPORATION, successor
by merger to INVITROGEN CORPORATION,
individually and as successor in interest, parent,
alter ego, and equitable trustee of THE
DEXTER CORPORATION; LATHROP
CONSTRUCTION ASSOCIATES, INC.,
individually and as successor in interest, parent,
alter ego, and equitable trustee of F.P.
LATHROP CONSTRUCTION COMPANY;
WORLD AIRWAYS, INC.; METROPOLITAN
LIFE INSURANCE COMPANY; and TENTH
DOE through THREE HUNDRED
THIRTIETH DOE, inclusive,

Defendants.

Plaintiff TIMOTHY VEST alleges:

## PRODUCTS DEFENDANTS:

### FIRST CAUSE OF ACTION

**Negligence**
[Against All Product Defendants]

I.

Plaintiff Timothy Vest brings this action on his own behalf.  The masculine form as used in this complaint, if applicable as shown by the context hereof, applies to a female person or a corporation.

II.

Plaintiff does not know the true names and capacities, whether corporate, associate or individual of defendants sued herein as TENTH DOE through THREE HUNDRED THIRTIETH DOE, inclusive, and each of them, and for that reason prays leave to insert the true names and capacities of said defendants when the same are ascertained.  Plaintiff is informed and believes and

First Amended Complaint for Personal Injuries

Exhibit A - Page 92   2

1    therefore alleges that each of the defendants designated herein as a DOE is negligently,

2    intentionally and/or strictly liable or responsible in some manner for the events and happenings

3    herein referred to, and proximately caused injury and damages to plaintiff thereby as herein

4    alleged.

5

6                                           **III.**

7        At all times herein mentioned, each of the defendants was the agent and employee of each

8    of the remaining defendants, and was at all times acting within the purpose and scope of said

9    agency and employment, and each defendant has ratified and approved the acts of the remaining

     defendants.

10

11                                          **IV.**

12       Defendants ALLIED PACKING AND SUPPLY; ALTA BUILDING MATERIOALS CO.;

13   CYPRUS AMAX MINERALS COMPANY, individually, and as successor in interest, parent, alter

14   ego and equitable trustee of CYPRUS MINES CORPORATION, SIERRA TALC & CHEMICAL

15   COMPANY, UNITED SIERRA DIVISION CYPRUS MINES CORPORATION and PAUL W.

16   WOOD COMPANY; DEAN'S MATERIALS, INC. dba CONSTRUCTION MATERIAL

17   SUPPLIER; THE DEXTER CORPORATION; DOWMAN PRODUCTS, INC.; GARLOCK

18   SEALING AND TECHNOLOGIES, LLC.; GEORGIA-PACIFIC LLC, formerly known as

19   GEORGIA-PACIFIC CORPORATION; HAMILTON MATERIALS, INC.; HENKEL

20   CORPORATION, individually and as successor in interest, parent, alter ego and equitable trustee

21   to HENKEL LOCTITE CORPORATION, individually and as successor in interest, parent, alter

22   ego, and equitable trustee to THE DEXTER CORPORATION; HEXCEL CORPORATION;

23   KAISER GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; KENTILE

24   FLOORS, INC.; RAYMOND INTERIOR SYSTEMS-NORTH, individually and as successor in

     interest, parent, alter ego and equitable trustee to JAMES L. WHITTAKER;

25   MCDERMOTT/SEALY, INC.; PARKER HANNIFIN, individually, and as successor in interest,

26   parent, alter ego and equitable trustee of CLEVELAND WHEELS & BRAKES; GEORGE E.

27   MASKER, INC.; F.P. LATHROP CORPORATION; MCDONNELL DOUGLAS

28   CORPORATION; LIFE TECHNOLOGIES CORPORATION, successor by merger to

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  INVITROGEN CORPORATION, individually and as successor in interest, parent, alter ego, and

2  equitable trustee of THE DEXTER CORPORATION; LATHROP CONSTRUCTION

3  ASSOCIATES, INC., individually and as successor in interest, parent, alter ego, and equitable

4  trustee of F.P. LATHROP CONSTRUCTION COMPANY; WORLD AIRWAYS, INC.;

5  METROPOLITAN LIFE INSURANCE COMPANY; and TENTH DOE through FIFTIETH DOE,

6  inclusive, were at all times herein and still are corporations authorized to and doing business in the

7  State of California and are hereby designated PRODUCTS defendants.

8                                            V.

9       PRODUCTS defendants' products at issue in this complaint consist of asbestos and

10  asbestos-containing products, or products as to which PRODUCTS defendants knew or should

11  have known that reasonably foreseeable uses of the products would expose persons such as

12  plaintiff who worked with or around the products to friable asbestos.  These products were

13  defective in their design, manufacture, labeling, marketing and/or warning and are referred to

14  throughout this complaint as "asbestos" or "asbestos-containing products."

15                                           VI.

16       At all times herein mentioned defendants, and each of them, were engaged in the business

17  of mining, manufacturing, assembling, supplying, packaging, installing and labeling asbestos, and

18  products produced therefrom, for sale to and use by the members of the general public as well as to

19  other parties for use of the said products to manufacture and supply products therefrom.

20                                          VII.

21       At all times herein mentioned, defendants FIFTY-FIRST DOE through TWO HUNDRED

22  TENTH DOE were Officers and Directors of named defendants herein as TENTH DOE through

23  FIFTIETH DOE.

24                                         VIII.

25       The defendants, and each of them, acting through their agents, servants and/or employees,

26  cause and have caused in the past, certain asbestos-containing products and asbestos-related

27  materials, to be placed in the stream of commerce with the result that said products and materials

28  came into contact and/or use by plaintiff.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

## IX.

Plaintiff Timothy Vest was exposed to asbestos brought home on his father's, Warren Vest's, clothes, shoes, person and other items transported into the home from his work as a worker at World Airways, Inc., located in Oakland, California from 1965 to 2005, and was also exposed to asbestos, asbestos products and asbestos-related insulation, building materials and equipment mined, manufactured, processed, imported, converted, compound, sold and/or installed by the defendants, and each of them, when he accompanied his father to work at World Airways, Inc. from 1965 to 1987.

From the period 1972 to 1983, plaintiff was exposed to asbestos, asbestos products and asbestos-related insulation, building materials and equipment mined, manufactured, processed, imported, converted, compound, sold and/or installed by the defendants, and each of them, when he played in and around construction sites surrounding his childhood home in Dublin, California.

Also, as a worker from the period 1985-2001, plaintiff worked with and was exposed to asbestos, asbestos products and asbestos-related insulation, building materials and equipment mined, manufactured, processed, imported, converted, compound, sold and/or installed by the defendants, and each of them. During the course of his work plaintiff was exposed to asbestos and asbestos-containing materials at a number of locations and in a number of employments, including, without limitation:

(1)   From 1985 to 1988 while working as a ramp supervisor at Continental Airlines, Inc. at Los Angeles International Airport in Los Angeles, California;

(2)   In 1986 while working for Sandy's Ski Rentals in Santa Monica, California.

(3)   From 1988 to 1990 while working as a certified flight instructor at Ahart Aviation in Livermore, California;

(4)   In 1989 while working for Fletcher's Team and Ski in Livermore, California.

(5)   From 1990 to 2001 while working as a Commercial Airline Pilot at Emery Worldwide Airlines, Inc. in New York, New York; Dayton, Ohio; Oakland, California; and Los Angeles, California.

In addition, from the period 1983 to 2001, plaintiff was exposed to asbestos, asbestos

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

IBOSL/493784.1

First Amended Complaint for Personal Injuries

Exhibit A - Page 95   5

1  products and asbestos-related materials mined, manufactured, processed, imported, converted,
2  compound, sold and/or installed by the defendants, and each of them when he performed repair and
3  maintenance work on his personal aircraft, and when he was around others performing such work.

## X.

4

5       During the course and scope of plaintiff's father's work and plaintiff's work and activities,
6  plaintiff was exposed to asbestos products and asbestos-related materials and equipment of
7  defendants, which exposure directly and proximately caused him to develop an illness known and
8  designated as mesothelioma.

## XI.

9

10      The illness and disability of plaintiff is the direct and proximate result of the negligence of
11  the defendants, and each of them, in that they produced, sold and otherwise put into the stream of
12  commerce, the foregoing materials which the said defendants, and each of them, knew, or in the
13  exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to
14  plaintiff's body, lungs, respiratory system, skin and health.

## XII.

15

16      Plaintiff, exercising reasonable diligence, discovered the aforealleged conduct, misconduct
17  and culpability of defendants, and each of them, on or after October 2009, when a physician
18  informed him of diagnosis of his asbestos-related mesothelioma.  Plaintiff could not have
19  discovered such condition sooner because such condition was brought about without noticeable
20  trauma until it had advanced to such a point that diagnosis could be made.  Such a diagnosis
21  required the services of an expert, and since plaintiff did not possess such expertise, he could not
22  know, in the exercise of reasonable care, of the cause of his injury until such time as he was
23  diagnosed and advised.  Plaintiff could not know, until such advice, of the culpability of the
24  defendants, and each of them.

## XIII.

25

26      As a direct and proximate result of the conduct of the defendants, and each of them,
27  plaintiff experienced and continues to experience prolonged pain and suffering, the necessity for
28  medical treatment, injuries including, but not limited to, mesothelioma, severe shock to his nervous

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  system, and other injuries, the exact extent of which are unknown to plaintiff.

2  ### XIV.

3      By reason of the aforesaid allegations, it has been necessary for plaintiff to engage the

4  services of physicians, surgeons, and hospitals; plaintiff does not know the reasonable value of said

5  services which were and are still reasonably required and requests leave to amend this complaint to

6  insert said sum when it is ascertained.

7  ### XV.

8      By reason of the aforesaid allegations, plaintiff has been unable to follow his normal

9  gainful occupation for certain periods after the date of said events, and plaintiff has been disabled

10  for an indefinite time; plaintiff does not now know the value of the employment which has been

11  lost to him, and requests leave to amend this complaint to insert the reasonable value thereof when

12  such is ascertained.

13  ### XVI.

14      By reason of the aforesaid negligence of defendants, and each of them, plaintiff has been

15  damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to

16  special damages herein alleged.

17  ### XVII.

18      The foregoing acts of the defendants, and each of them, were done wantonly, willfully,

19  oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and

20  each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's

21  father's and plaintiff's employers or to those entities that installed and/or handled the asbestos

22  products to which plaintiff was exposed, knew that the foregoing materials released invisible,

23  undetectable respirable asbestos fibers when installed or handled and that said fibers were

24  extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

25  insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

26  warning on the said material or package thereof regarding said dangerous nature, nor took any

27  action to protect those persons who foreseeably would be exposed to said asbestos products,

28  despite knowing that persons who had no knowledge of the dangerous and hazardous nature

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1  thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

2  punitive damages hereunder.

3      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

4  <center>SECOND CAUSE OF ACTION</center>

5  <center>Breach of Implied Warranty</center>

6  <center>[Against All Product Defendants except WORLD AIRWAYS, INC.<br>and MCDONNELL DOUGLAS CORPORATION]</center>

7

8      AS AND FOR A SECOND CAUSE OF ACTION, plaintiff complains of PRODUCTS

9  defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

10  CORPORATION, and alleges:

11  <center>I.</center>

12      Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

13  forth herein at length all and singular the allegations contained in the First Cause of Action herein,

14  excepting therefrom allegations pertaining to negligence.  Defendants made this implied warranty

15  to plaintiff's employer, plaintiff's father, plaintiff's father's employer, and/or others with whom

16  plaintiff was in privity.

17  <center>II.</center>

18      The defendants, and each of them, impliedly warranted that the said materials were of good

19  and merchantable quality and fit for their intended use.

20  <center>III.</center>

21      The implied warranty made by the defendants, and each of them, that the asbestos and

22  asbestos-related materials were of good and merchantable quality for the particular intended use

23  was breached in that certain harmful, poisonous and deleterious matter and particles were given off

24  into the atmosphere wherein plaintiff's father and plaintiff and others in their positions carried out

25  their duties as workers working with such materials and other related materials.

26  <center>IV.</center>

27      As a direct and proximate result of the breach of implied warranty of good and

28  merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

First Amended Complaint for Personal Injuries

1  wit:  mesothelioma, which caused great disability, as previously set forth.

2                                    V.

3      By reason of the aforesaid, plaintiff has been damaged to his health, strength, and activity in

4  an amount in excess of $50,000.00 in addition to special damages herein alleged.

5      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

6                          **THIRD CAUSE OF ACTION**

7                          **Strict Product Liability**
                 **Manufacturing Defect/Design Defect/Failure to Warn**
8            **[Against All Product Defendants Except WORLD AIRWAYS, INC.]**

9      AS AND FOR A THIRD CAUSE OF ACTION, plaintiff complains of PRODUCTS

10  defendants, and each of them except WORLD AIRWAYS, INC., and alleges:

11                                    I.

12     Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

13  forth herein at length all and singular the allegations contained in the First Cause of Action herein,

14  excepting therefrom allegations pertaining to negligence.

15                                    II.

16     At all times herein mentioned, plaintiff's father's employer and plaintiff's employer or those

17  entities that installed and/or handled the products to which plaintiff was exposed purchased from

18  defendants, and each of them, asbestos and asbestos products hereinafter referred to as products

19  that were defective in design, manufacturing, labeling, marketing and/or warning.

20                                    III.

21     Defendants, and each of them, knew that the aforementioned products would be used

22  without inspection for design, manufacturing, labeling, marketing and/or warning  defects by the

23  user thereof.

24                                    IV.

25     At all times mentioned herein, plaintiff reasonably was unaware of the dangerous nature of

26  the aforementioned products.

27  ///

28  ///

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

JBOSL/493784.1

First Amended Complaint for Personal Injuries

**V.**

1
2   At all times mentioned herein, defendants, and each of them, were aware of the dangerous
3   and defective nature of the design, manufacturing, labeling and/or marketing of the aforementioned
4   products, when said products were used in the manner for which they were intended, and were
5   aware that persons who foreseeably would be exposed to the asbestos containing products were not
6   aware of the dangerous and defective nature of the design, manufacture, labeling and/or marketing
7   of the products, yet defendants took no action to warn or otherwise protect those who foreseeably
8   would be exposed to said defective and improperly labeled products.

9

**VI.**

10   PRODUCTS defendants manufactured, distributed, and sold asbestos-containing products.
11   The asbestos-containing products contained a manufacturing defect when they left PRODUCTS
12   defendants' possession, and plaintiff's father and plaintiff used those asbestos-containing products
13   in a way that was reasonably foreseeable to defendants.

14

**VII.**

15   The aforementioned products were defective in design because they did not perform as
16   safely as an ordinary consumer would have expected them to perform. At the time plaintiff's
17   father and plaintiff used the asbestos-containing products, they were substantially the same as when
18   they left PRODUCTS defendants' possession; any change made to the asbestos-containing
19   products after they left defendants' possession was reasonably foreseeable to defendants; the
20   asbestos-containing products did not perform as safely as an ordinary consumer would have
21   expected at the time of use; and Plaintiff used the products in the way that was reasonably
22   foreseeable to PRODUCTS defendants.

23

**VIII.**

24   The aforementioned products lacked sufficient instructions and warnings of potential

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

25   dangers. PRODUCTS defendants manufactured, distributed, and sold asbestos-containing
26   products; those asbestos-containing products had potential dangers that were known or knowable
27   by the use of scientific knowledge available at the time of the manufacture, distribution, and sale of
28   the products; the potential hazards presented a substantial danger to Plaintiff; ordinary consumers

First Amended Complaint for Personal Injuries

1  would not have recognized the potential dangers; PRODUCTS defendants failed to adequately

2  warn or instruct of the potential dangers; and these asbestos-containing products were used in a

3  way that was reasonably foreseeable to PRODUCTS defendants.

### IX.

5  The aforementioned products were used by plaintiff's father and plaintiff in the manner for

6  which they were intended, or plaintiff foreseeably was exposed to said products when they were

7  used in the manner for which they were intended.

### X.

9  As a direct and proximate result of the foregoing conduct, plaintiff developed an illness, to

10  wit:  mesothelioma, which caused great disability, as previously set forth.

### XI.

12  As a proximate result of the defective design, manufacturing, labeling, marketing and/or

13  warning  of these aforementioned materials and products, plaintiff was generally damaged as is

14  more fully set forth herein and in addition has sustained special damages hereinabove alleged.

### XII.

16  The foregoing acts of the defendants, and each of them, were done wantonly, willfully,

17  oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and

18  each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's

19  father's and plaintiff's employers or to those entities that installed and/or handled the asbestos

20  products to which plaintiff was exposed, knew that the foregoing products and materials released

21  invisible, undetectable respirable asbestos fibers when installed or handled and that said fibers

22  were extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

23  insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

24  warning on the said material or package thereof regarding said dangerous nature, nor took any

25  action to protect those persons who foreseeably would be exposed to said asbestos products,

26  despite knowing that persons who had no knowledge of the dangerous and hazardous nature

27  thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale asbestos fibers, and

28  plaintiff is entitled to punitive damages hereunder.

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1    WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

2    **FOURTH CAUSE OF ACTION**

3    **Fraud/Failure to Warn**
     **[Against All Product Defendants]**
4

5        AS AND FOR A FOURTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

6    defendants, and each of them, and alleges:

7    **I.**

8        Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

9    forth herein at length all and singular the allegations contained in the First Cause of Action herein,

10   excepting therefrom allegations pertaining to negligence.

11   **II.**

12       At all times pertinent hereto, the defendants, and each of them, owed plaintiff a duty, as

13   provided for in Sections 1708 and 1710 of the Civil Code of the State of California, to abstain from

14   injuring the person, property or rights of the plaintiff.  In violation of that duty, the defendants, and

15   each of them, did do the acts and omissions, when a duty to act was imposed, as set forth herein,

16   thereby proximately causing injury to the plaintiff as is more fully set forth herein.  Such acts and

17   omissions consisted of acts falling within Section 1710, and more specifically were suggestions of

18   fact which were not true and which the defendants did not believe to be true, assertions of fact of

19   that which was not true, which the defendants had no reasonable ground for believing it to be true,

20   and the suppression of facts when a duty existed to disclose it, all as are more fully set forth herein,

21   and the violation of which as to any one such item gave rise to a cause of action for violation of the

22   rights of the plaintiff as provided for in the aforementioned code sections.

23   **III.**

24       Since 1924, the defendants, and each of them, have known and have been possessed of the

25   true facts consisting of medical and scientific data and other knowledge which clearly indicated

26   that the materials and products referred to herein were and are hazardous to the health and safety of

27   plaintiff's father, plaintiff, and others in plaintiff's father's and plaintiff's position working in close

28   proximity with such materials and have known of the dangerous propensities of other of the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   aforementioned materials and products prior to that time and with intent to deceive plaintiff's

2   father and plaintiff, and others in their positions and with intent that he and such others should be

3   and remain ignorant of such facts and with intent to induce plaintiff's father and plaintiff and such

4   others to alter their positions to their injury and/or risk and in order to gain advantages did do the

5   following acts:

6    a.    Defendants, and each of them, did not label any of the aforementioned asbestos-

7   containing materials and products as to the hazards of such materials and products

8   to the health and safety of plaintiff's father and plaintiff and others in plaintiff's

9   father's and plaintiff's position working in close proximity with such materials until

10   1964, when certain of such materials were labeled by some, but not all, of the

11   defendants herein, when the knowledge of such hazards was existing and known to

12   defendants, and each of them, since 1924.  By not labeling such materials as to their

13   said hazards defendants, and each of them, caused to be suggested as a fact to

14   plaintiff's father and plaintiff and plaintiff's father's and plaintiff's employers that it

15   was safe for plaintiff's father and plaintiff to work in close proximity to such

16   materials when in fact it was not true and defendants did not believe it to be true;

17    b.    Defendants, and each of them, suppressed information relating to the danger of use

18   of the aforementioned materials by requesting the suppression of information to the

19   plaintiff and the general public concerning the dangerous nature of the

20   aforementioned materials to workers by not allowing such information to be

21   disseminated in a manner which would give general notice to the public and

22   knowledge of the hazardous nature thereof when defendants were bound to disclose

23   such information;

24    c.    Defendants, and each of them, sold the aforementioned products and materials to

25   plaintiff's father's employer and plaintiff's employer and others without advising

26   such employers and others of the dangers of use of such materials to persons

27   working in close proximity thereto, when defendants knew of such dangers, as set

28   forth herein, and, as set forth above, had a duty to disclose such dangers.  Thereby,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

Exhibit A - Page 103   13

1    defendants caused to be positively asserted to plaintiff's father's employer and

2    plaintiff's employer of that which was not true and which defendants had no

3    reasonable ground for believing it to be true, in a manner not warranted by the

4    information possessed by said defendants, and each of them, of that which was and

5    is not true, to wit, that it was safe for plaintiff's father and plaintiff to work in close

6    proximity to such materials;

7    d.      Defendants, and each of them, suppressed from everyone, including plaintiff's

8    father and plaintiff and plaintiff's father's employer and plaintiff's employer, and

9    continue to suppress, medical and scientific data and knowledge of the accurate

10   results of studies including, but not limited to, suppressing information contained in

11   the unpublished Lanza report by participating in the influencing of A.J. Lanza to

12   change his report, which altered version was published in *Public Health Reports*,

13   Volume 50 at page 1 in 1935, when they were bound to disclose it unaltered, and by

14   causing Asbestos Magazine, a widely disseminated trade journal, to omit any

15   mention of the dangers of inhaling asbestos dust, thereby lessening the probability

16   of notice of danger to those exposed to asbestos, and thereby caused plaintiff's

17   father and plaintiff to be and remain ignorant thereof;

18   e.      Defendants, and each of them, belonged to, participated in, and financially

19   supported the Asbestos Textile Institute and/or other industry organizations which

20   actively promoted the suppression of information of danger to users of the

21   aforementioned products and materials for and on behalf of defendants, and each of

22   them, thereby misleading plaintiff's father and plaintiff and plaintiff's father's

23   employer and plaintiff's employer to their prejudice through the suggestions and

24   deceptions set forth above in this cause of action. The Dust Control Committee,

25   which changed its name to the Air Hygiene Committee, of the Asbestos Textile

26   Institute was specifically enjoined to study the subject of dust control; discussions in

27   such committee were held many times of (I) the dangers inherent in asbestos and the

28   dangers which arise from the lack of control of dust and (ii) the suppression of such

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

3OSL/493784.1

1    information from 1946 to a date unknown to plaintiff at this time;

2  f.    Commencing in 1930 with the study of mine and mill workers at the Thetford

3    asbestos mines in Quebec, Canada, and the study of workers at Raybestos-

4    Manhattan plants in Manheim and Charleston, South Carolina, defendants knew and

5    possessed medical and scientific information of the connection between inhalation

6    of asbestos fibers and asbestosis, which information was disseminated through the

7    Asbestos Textile Institute and other industry organizations to all other defendants,

8    and each of them, herein.  Between 1942 and 1950 the defendants, and each of

9    them, knew and possessed medical and scientific information of the connection

10    between inhalation of asbestos fibers and cancer, which information was

11    disseminated through the Asbestos Textile Institute and other industry organizations

12    to all other defendants herein.  Thereby, defendants suggested as a fact that which is

13    not true and disseminated other facts likely to mislead plaintiff's father and plaintiff

14    and plaintiff's father's employer and plaintiff's employer and which did mislead

15    them for want of communication of true facts which consisted of the aforedescribed

16    medical and scientific data and other knowledge by not giving plaintiff's father and

17    plaintiff or plaintiff's father's employer and plaintiff's employer the true facts

18    concerning such knowledge of danger, when defendants were bound to disclose it;

19  g.    Failed to warn plaintiff's father and plaintiff and plaintiff's father's employer and

20    plaintiff's employer of the nature of the said materials, to wit:  dangerous when

21    breathed, causing pathological effects without noticeable trauma, when possessed

22    with knowledge that such material was dangerous and a threat to the health of

23    persons coming into contact therewith and under a duty to disclose it;

24  h.    Failed to provide plaintiff's father and plaintiff with information concerning

25    adequate protective masks and devices for use with and application and installation

26    of the products of the defendants, and each of them, when they knew that such

27    protective measures were necessary, when they were under a duty to disclose such

28    information, and if not advised as to use would result in injury to plaintiff's father

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1    and plaintiff and others applying and installing such materials;

2    i.    Concealed from plaintiff's father and plaintiff the true nature of the industrial

3    exposure of plaintiff, the fact that they and each of them, knew that plaintiff's father

4    and plaintiff and anyone similarly situated, upon inhalation of asbestos would, in

5    time develop irreversible conditions of either pneumoconiosis, asbestosis or cancer,

6    or all, and such person would immediately be in not good health, the fact that he had

7    in fact been exposed to harmful materials and the fact that the materials to which he

8    was exposed would cause pathological effects without noticeable trauma, when

9    under a duty to and bound to disclose it;

10    j.    Failed to provide information to the public at large and buyers, users and physicians

11    employed by plaintiff's father and plaintiff and plaintiff's father's employer and

12    plaintiff's employer for the purpose of conducting physical examinations of

13    plaintiff's father and plaintiff and others working in contact with asbestos as to the

14    true nature of the hazards of asbestos, in order for such physicians to diagnose, and

15    treat workers coming into contact with asbestos, in that the materials to which

16    plaintiff's father and plaintiff had been exposed would cause pathological effects

17    without noticeable trauma, when under a duty to supply such information and such

18    failure is likely to mislead for want of communication of such facts; and

19    k.    Defendants, and each of them, affirmatively misrepresented that asbestos containing

20    products were safe to use and handle, when they knew such statements were false

21    when made, or made said false statements recklessly and without regard for whether

22    the statements were true.

23                                IV.

24    Each of the foregoing acts, suggestions, assertions and forbearances to act when a duty

25    existed to act, the said defendants, and each of them, having such knowledge, knowing plaintiff's

26    father and plaintiff did not have such knowledge and would breathe such material innocently, was

27    done falsely and fraudulently and with full intent to induce plaintiff's father and plaintiff to work in

28    a dangerous environment and to cause plaintiff's father and plaintiff to remain unaware of the true

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  facts, all in violation of Section 1710 of the Civil Code of the State of California.

2  <div align="center">V.</div>

3      Plaintiff's father and plaintiff relied upon the said acts, suggestions, assertions and

4  forbearances; had plaintiff's father and plaintiff known the true facts, they would not have

5  continued to work in the said environment.

6  <div align="center">VI.</div>

7      By reason of the aforesaid premises, plaintiff has been damaged in his health, strength and

8  activity in addition to special damages hereinabove alleged.

9  <div align="center">VII.</div>

10      Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

11  motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

12  damages. The foregoing conduct of the defendants, and each of them, was done wantonly,

13  willfully, oppressively and in conscious disregard of the safety of plaintiff's father and plaintiff

14  herein, in that the defendants, and each of them, prior to and at the time of the sale of the

15  aforementioned products to plaintiff's father's employer and plaintiff's employers or to those

16  entities that installed and/or handled the asbestos products to which plaintiff's father and plaintiff

17  were exposed, knew that the foregoing materials released invisible, undetectable respirable

18  asbestos fibers when installed or handled and that said fibers were extremely dangerous when

19  inhaled. In addition to the unlawful conduct described above, the defendants, and each of them,

20  either did not warn or insufficiently warned regarding the dangerous nature of said materials, nor

21  placed a sufficient warning on the said material or package thereof regarding said dangerous

22  nature, nor took any action to protect those persons who foreseeably would be exposed to said

23  asbestos products, despite knowing that persons who had no knowledge of the dangerous and

24  hazardous nature thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale

25  asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

26  <div align="center">VIII.</div>

27      Plaintiff had no knowledge that the foregoing acts were actionable at law when they were

28  committed, and cannot be charged with knowledge or inquiry thereof.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

**Exhibit A - Page 107** 17

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

## FIFTH CAUSE OF ACTION

### Conspiracy to Defraud/Failure to Warn
### [Against All Product Defendants]

AS AND FOR A FIFTH CAUSE OF ACTION, plaintiff complains of PRODUCTS defendants, and each of them, and alleges:

**I.**

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence and agency, and the Fourth Cause of Action herein.

**II.**

At all times mentioned, the defendants, and each of them, knowingly and willfully conspired and agreed among themselves to perpetrate upon plaintiff the acts complained of as set forth in the First and Fourth Causes of Action as are incorporated herein.

**III.**

Defendants, and each of them, did the acts and things herein alleged in Paragraph II of the Fourth Cause of Action, incorporated herein, in furtherance of the conspiracy and agreement as herein alleged and did further conspire to violate State and Federal laws and regulations, the exact nature and extent of which are unknown at this time, but known full well to defendants and each of them.

**IV.**

Each of the said acts and forbearances to act were caused by false, fraudulent and malicious motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive damages. The foregoing conduct of the defendants, and each of them, was done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's father's employer and plaintiff's employers or to those entities that installed and/or

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

**Exhibit A - Page 108** 18

1  handled the asbestos products to which plaintiff's father and plaintiff were exposed, knew that the

2  foregoing materials released invisible, undetectable respirable asbestos fibers when installed or

3  handled and that said fibers were extremely dangerous when inhaled.  In addition to the unlawful

4  conduct described above, the defendants, and each of them, either did not warn or insufficiently

5  warned regarding the dangerous nature of said materials, nor placed a sufficient warning on the

6  said material or package thereof regarding said dangerous nature, nor took any action to protect

7  those persons who foreseeably would be exposed to said asbestos products, despite knowing that

8  persons who had no knowledge of the dangerous and hazardous nature thereof, such as plaintiff's

9  father and plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

10  punitive damages hereunder.

11                                        V.

12       By reason of the aforesaid acts of defendants, and each of them, plaintiff has suffered

13  damage to his health, strength and activity.

14       WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

15                        SIXTH CAUSE OF ACTION

16              Market Share/Enterprise Liability/Negligence
       [Against All Product Defendants except WORLD AIRWAYS, INC.
17            and MCDONNELL DOUGLAS CORPORATION, and alleges: ]

18

19       AS AND FOR A SIXTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

20  defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

    CORPORATION, and alleges:
21

22                                        I.

23       Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

24  allegation contained in the First Cause of Action.

25                                        II.

26       Plaintiff is informed and believes and on the basis of such information and belief alleges

27  that at all times relevant herein, the number of producers of asbestos and asbestos products of the

28  type that plaintiff used or was otherwise exposed to, and the nature and structure of the asbestos

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    market and industry, was such that there is and was a substantial likelihood that plaintiff would

2    have actually used or otherwise been exposed to the products of each of the defendants.

3            WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

4                            **SEVENTH CAUSE OF ACTION**

5    **Market Share/Enterprise Liability/Strict Liability/Defective Product Design, Manufacturing,**
     **Labeling, Marketing and/or Warning**
6    **[Against All Product Defendants except WORLD AIRWAYS, INC.**
     **and MCDONNELL DOUGLAS CORPORATION, and alleges:]**
7

8            AS AND FOR A SEVENTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

9    defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

10   CORPORATION, and alleges:

11                                    **I.**

12           Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

13   allegation contained in the Third Cause of Action and in Paragraph II of the Sixth Cause of Action.

14           WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

15                            **EIGHTH CAUSE OF ACTION**

16                   **Market Share/Concert of Action/Negligence**
     **[Against All Product Defendants except WORLD AIRWAYS, INC.**
17   **and MCDONNELL DOUGLAS CORPORATION, and alleges:]**

18           AS AND FOR AN EIGHTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

19   defendants and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

20   CORPORATION, and alleges:

21                                    **I.**

22           Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

23   allegation contained in the First Cause of Action, Paragraph II of the Fourth Cause of Action, and

24   Paragraph II of the Sixth Cause of Action.

                                      **II.**

25

26           Plaintiff is informed and believes and on the basis of such information and belief alleges

27   that at all times relevant herein, each of the defendants has:

28           (1)     Cooperated in the defective design, manufacturing, labeling and/or marketing of

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    uniformly defective and dangerous asbestos products;

2        (2)      Knowingly adhered to an inadequate industry-wide standard of safety that failed to

3    warn plaintiff, or any other person likely to be exposed to the hazards caused by the use of their

4    products, that exposure to asbestos fibers could cause asbestosis, mesothelioma, and lung cancer

5    and other cancers and diseases or that it could otherwise cause death or serious permanent

6    disability;

7        (3)      Delegated research, investigative, and other safety functions to various trade

8    associations and industry leaders that failed to adequately and accurately investigate the risks

9    caused by the use of asbestos and that minimized and suppressed the publication of the information

10   concerning the hazards of asbestos; and

11       (4)      Otherwise jointly created and controlled the risk that was the proximate cause of the

12   injuries of plaintiff.

13                                    **III.**

14       Plaintiff is informed and believes and thereon alleges that at all times relevant herein, the

15   nature and structure of the asbestos industry and market was such that the foregoing acts and

16   omissions of each of the defendants, acting separately and in combination, were a substantial factor

17   in bringing about the aforesaid injury-causing standards, practices and risk, and were otherwise the

18   proximate and legal cause of, and a substantial factor in, bringing about the injuries to plaintiff.

19       WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

20                          **NINTH CAUSE OF ACTION**

21     **Market Share/Concert of Action/Strict Liability/Defective Product Design**
       **[Against All Product Defendants except WORLD AIRWAYS, INC.**

22        **and MCDONNELL DOUGLAS CORPORATION, and alleges:]**

23

24       AS AND FOR A NINTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

     defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS
KAZAN, MCCLAIN, 25
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 455-7728
FAX (510) 835-4913   CORPORATION, and alleges:

26

27                                    **I.**

28       Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

1  allegation contained in the Third Cause of Action, Paragraph II of the Fourth Cause of Action,

2  Paragraph II of the Sixth Cause of Action, and Paragraphs II and III of the Eighth Cause of Action.

3        WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

4                            **TENTH CAUSE OF ACTION**

5     **Market Share/Concert of Action/Conspiracy to Defraud/Failure to Warn**
      **[Against All Product Defendants except WORLD AIRWAYS, INC.**
6          **and MCDONNELL DOUGLAS CORPORATION, and alleges:]**

7

8        AS AND FOR A TENTH CAUSE OF ACTION, plaintiff complains of PRODUCTS

9  defendants, and each of them except WORLD AIRWAYS, INC. and MCDONNELL DOUGLAS

10 CORPORATION, and alleges:

11                                     I.

12       Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

13 allegation contained in the Fifth and Ninth Causes of Action.

14                                     II.

15       Plaintiff is informed and believes and on the basis of such information and belief alleges

16 that at all times herein, each of the defendants knew that the aforesaid failure to warn was industry-

17 wide and that the use of their products and the products of others in the industry, without

18 inspection and protection from the hazards of dust inhalation and without an adequate warning by

19 any of them, created and increased the risk of death and disease from cancer, asbestosis, and other

20 related diseases.

21                                     III.

22       Plaintiff is informed and believes and on the basis of such information and belief alleges

23 that at all times herein, each of the defendants, acting in concert and pursuant to a common plan,

24 and in order to maximize the sale of their products and to minimize claims for damages and

25 compensation, knowingly assisted, aided, abetted, encouraged and ratified the conduct of each

26 other:

27       (1)    In the defective design, manufacturing, labeling and/or marketing of a uniformly

28 defective and hazardous asbestos product without adequate tests and without an adequate warning

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  to their consumers and users; and

2      (2)    In suppressing and discouraging the discovery and publication of information

3  concerning the true hazards of asbestos by and to the public at large.

4      Said conduct was the proximate and legal cause of, and a substantial factor in, bringing

5  about the injuries of plaintiff.

6      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

7  ## PREMISES DEFENDANTS:

8  ### ELEVENTH CAUSE OF ACTION

9  **Negligence/Failure to Warn**
   **[Against All Premises Defendants]**

10

11      AS AND FOR AN ELEVENTH CAUSE OF ACTION, plaintiff complains of defendants

12  WORLD AIRWAYS, INC.; LATHROP CONSTRUCTION ASSOCIATES, INC., individually,

13  and as successor in interest, parent, alter ego, and or equitable trustee of F.P. LATHROP

14  CONSTRUCTION COMPANY; RAYMOND INTERIOR SYSTEMS-NORTH, individually and

15  as successor in interest, parent, alter ego and equitable trustee to JAMES L. WHITTAKER, INC.;

16  and TWO HUNDRED THIRTEENTH DOE through TWO HUNDRED TWENTY-FIFTH DOE,

17  inclusive.  These defendants were at all times herein and still are corporations authorized to and

18  doing business in the State of California, and are hereafter designated the PREMISES defendants.

19  Plaintiff alleges against the PREMISES defendants, and each of them:

20          **I.**

21      Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though fully set

22  forth herein, each and every allegation contained in the First through Tenth Causes of Action

23  herein.

24          **II.**

25      Plaintiff does not know the true names or capacities of the defendants sued herein under the

26  fictitious names of TWO HUNDRED THIRTEENTH DOE through TWO HUNDRED TWENTY-

27  FIFTH DOE, inclusive, whether corporate, associate or individual, and plaintiff prays leave to

28  amend this complaint to allege said true names and/or capacities when the same are ascertained.

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA  94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

**Exhibit A - Page 113**  23

1   Plaintiff is informed and believes and therefore alleges that each of the defendants designated

2   herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner

3   for the events and happenings herein referred to, and proximately caused injury and damages to

4   plaintiff as hereinafter alleged.

### III.

6   At all times herein mentioned, defendants TWO HUNDRED TWENTY-SIXTH DOE

7   through TWO HUNDRED SEVENTY-FIFTH DOE were Officers and Directors of named

8   defendants herein as TWO HUNDRED THIRTEENTH DOE through TWO HUNDRED

9   TWENTY-FIFTH DOE.

### IV.

11   At all times mentioned herein, the PREMISES defendants each respectively owned,

12   maintained, managed, and/or controlled one or more of those premises where plaintiff's father

13   worked while employed as set forth in Part VIII of the First Cause of Action, which is herein

14   incorporated by reference.

### V.

16   Prior to and at said times and places, each said PREMISES defendant caused certain

17   asbestos-containing insulation and other building materials and products and machinery to be

18   specified, manufactured, constructed, supplied, installed, maintained, used, replaced, and/or

19   repaired and otherwise be present at the aforesaid premises, by its own workers and/or various

20   independent contractors so as to allow and cause the release of dangerous quantities of toxic

21   asbestos fibers into the ambient air and thereby contaminate the entire premises and create a

22   hazardous condition and unreasonable risk of harm and personal injury to plaintiff's father and

23   plaintiff and other persons exposed to said asbestos fibers while working on said premises, or

24   otherwise using or coming on said premises, unless special precautions were taken.

### VI.

26   At all relevant times mentioned herein, each said PREMISES defendant had a nondelegable

27   duty to exercise reasonable care to inspect and make safe the premises it owned, maintained,

28   managed and/or controlled, and to discover the aforesaid dangerous conditions.  PREMISES

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  defendants, and each of them, also created or contributed to said dangerous conditions, by

2  specifying, manufacturing, supplying, installing, maintaining, using, replacing, repairing, and/or

3  requiring the use and/or handling of asbestos-containing materials on said premises, and by failing

4  to properly supervise their own employees or the employees of others over whom said defendants

5  had control in performing work which caused the release of asbestos fibers into the ambient air and

6  the contamination of the entire premise, when defendants knew or in the exercise of ordinary and

7  reasonable care should have known that the foregoing conditions and activities were present on

8  said premises and created a dangerous and hazardous condition and unreasonable risk of harm and

9  personal injury to plaintiff and other persons coming on the aforesaid premises.

10

**VII.**

11       At all times relevant herein, plaintiff's father entered said premises and used and occupied

12  said premises as intended and for the benefit and advantage of each said PREMISES defendant and

13  at each said PREMISES defendant's request and invitation.  In so doing, plaintiff's father and

14  plaintiff were exposed to dangerous quantities of asbestos fibers released into the ambient air by

15  the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise

16  created, controlled, or caused by each said PREMISES defendant.

17

**VIII.**

18       Plaintiff's father at all relevant times used the premises with due care and was unaware of

19  and in the exercise of ordinary care could not have discovered the risk of personal injury and the

20  hazardous conditions created by the aforesaid presence of asbestos products and materials on said

21  premises.

22

**IX.**

23       At all relevant times mentioned herein, each said PREMISES defendant knew, or in the

24  exercise of ordinary and reasonable care should have known, that the premises that were in its

25  control would be used as alleged without knowledge of, or inspection for, defects or dangerous

26  conditions, which were not apparent or obvious, and that persons using said premises would not be

27  aware of the aforesaid hazardous conditions and contamination on the premises to which they were

28  exposed.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

**X.**

At all times pertinent hereto, the PREMISES defendants, and each of them, owed plaintiff's father and plaintiff a duty, as provided in Section 1708 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of plaintiff's father and plaintiff. When a duty to act was imposed, as set forth herein, the defendants, and each of them, did do the acts and omissions in violation of that duty, thereby proximately causing injury to the plaintiff as is more fully set forth herein.

**XI.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to warn plaintiff's father and plaintiff and plaintiff's father's employer that said materials were dangerous when breathed and caused pathological effects without noticeable trauma, despite the fact that defendants possessed knowledge and were under a duty to disclose that such material was dangerous and a threat to the health of persons coming into contact therewith.

**XII.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide plaintiff's father and plaintiff with information concerning adequate protective masks and devices to be used when applying, installing, disturbing, or otherwise working around asbestos-containing products, and each of them, despite the knowledge of the PREMISES defendants and a duty to disclose that such protective measures were necessary and would result in injury to the plaintiff and others applying, installing, disturbing, or otherwise working around such materials if not so advised.

**XIII.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, concealed from plaintiff the true nature of the industrial exposure of plaintiff, and knew that plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was exposed would cause pathological effects without noticeable trauma despite the fact that PREMISES defendants were under a duty to and bound to disclose it.

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

**Exhibit A - Page 11626**

### XIV.

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by plaintiff's father and plaintiff and plaintiff's father's employer so that said physicians could examine, diagnose and treat plaintiff and others who were exposed to asbestos, despite the fact that PREMISES defendants, and each of them, were under a duty to so inform and said failure was misleading.

### XV.

At all relevant times mentioned herein, said PREMISES defendants, and each of them, negligently failed to take steps to abate or correct the dangerous conditions, or to make the premises safe or to warn plaintiff's father and plaintiff of the existence of the aforesaid dangerous conditions and hazards on said premises, although the risk of plaintiff's injuries was a foreseeable consequence of the negligence of defendants and each of them.

### XVI.

As a legal consequence of the foregoing, plaintiff developed an asbestos-related disease which caused illness and death as previously set forth and has suffered general and special damages as alleged herein.

### XVII.

The foregoing acts of the PREMISES defendants, and each of them, were done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the defendants, and each of them, in that the defendants, and each of them knew, at the time defendants manufactured, supplied or required the use and/or handling of asbestos-containing materials and/or failed to properly supervise their own employees or the employees of others over whom defendants had control who installed and/or handled the asbestos products to which plaintiff's father and plaintiff were exposed, that the foregoing materials released invisible, undetectable respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous when inhaled. The defendants, and each of them, either did not warn or

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

2  warning on the said material or package thereof regarding said dangerous nature, nor took any

3  action to protect those persons who foreseeably would be exposed to said asbestos products,

4  despite knowing that persons who had no knowledge of the dangerous and hazardous nature

5  thereof, such as plaintiff's father and plaintiff, would be exposed to and inhale asbestos fibers, and

6  plaintiff is entitled to punitive damages hereunder.

7  WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

8  ## TWELFTH CAUSE OF ACTION

9  ### Negligent Hiring and Negligent Exercise of Retained Control
10  ### [Against All Premises Defendants]

11  AS AND FOR A TWELFTH CAUSE OF ACTION, plaintiff complains of PREMISES

12  defendants, and each of them, as follows:

13  ### I.

14  Plaintiff refers to and incorporates herein by reference the First through Eleventh Causes of

15  Action of this Complaint.

16  ### II.

17  At all relevant times herein, the PREMISES defendants and each of them negligently hired,

18  retained and kept contractors on jobs to perform asbestos related work, and knew or in the exercise

19  of reasonable care and diligence should have known that the contractors, independent contractors,

20  subcontractors, employees, manufacturers, suppliers, distributors, workers and others these

21  defendants employed or engaged to or responsible for the manufacture, distribution, installation,

22  inspection, maintenance, repair, replacement, removal and/or disposing of asbestos and asbestos-

23  containing materials on the aforementioned premises were incompetent and unfit to perform the

24  duties for which they were employed, retained, hired or used, and that an unreasonable risk of harm

25  to plaintiff's father and plaintiff and other persons on the aforesaid premises would exist as a legal

26  consequence of such initial and/or continued employment, retention or contract. PREMISES

27  defendants and each of them failed to exercise reasonable caution in selecting, retaining and

28  continuing to use each of the employees, contractors, independent contractors and/or

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

OSL/493784.1

First Amended Complaint for Personal Injuries

28

**Exhibit A - Page 118**

1  subcontractors who performed asbestos-related work, including those that employed plaintiff's

2  father, even though said PREMISES defendants knew or in the reasonable exercise of ordinary and

3  reasonable care should have known that failure to choose these persons carefully to perform

4  asbestos-related work and/or allow such persons to continue to perform asbestos-related work after

5  the PREMISES defendants, and each of them, became aware of the negligent manner in which the

6  work was being performed created a dangerous and hazardous condition and unreasonable risk of

7  harm and personal injury to plaintiff and other workers or persons so exposed while working for or

8  in the vicinity of negligent contractors or exposed to asbestos fibers on such persons' clothing,

9  shoes and person.  PREMISES defendants, and each of them, also negligently exercised the control

10  they retained of the operative details – including, without limitation, the asbestos-related details –

11  of plaintiff's father's and plaintiff's work, thereby negligently exposing plaintiff's father and

12  plaintiff to asbestos that was a legal cause of plaintiff's mesothelioma.

13                                                III.

14         The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

15  willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the

16  defendants, and each of them, in that the defendants, and each of them knew – at the time

17  defendants manufactured, supplied or required the use and/or handling of asbestos-containing

18  materials to which plaintiff's father and plaintiff were exposed, and/or failed to properly train, hire

19  and/or supervise their own employees or the employees of others over whom defendants had

20  control who installed and/or handled the asbestos products to which plaintiff was exposed, and/or

21  negligently exercised the control they retained of the asbestos-related details of plaintiff's father's

22  and plaintiff's – that the foregoing materials released invisible, undetectable respirable asbestos

23  fibers when installed or handled and that said fibers were extremely dangerous when inhaled.  The

24  defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

25  nature of said materials, nor placed a sufficient warning on the said material or package thereof

26  regarding said dangerous nature, nor took any action to protect those persons who foreseeably

27  would be exposed to said asbestos products, despite knowing that persons who had no knowledge

28  of the dangerous and hazardous nature thereof, such as plaintiff's father and plaintiff, would be

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

3OSL/493784.1

First Amended Complaint for Personal Injuries

29

1 | exposed to and inhale asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

2 | WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

3

4 | THIRTEENTH CAUSE OF ACTION

5 | **Conspiracy/Concert of Action**
6 | **[Against Metropolitan Life Insurance Company and Does 276-330, Inclusive]**

7 | I.

8 | Plaintiff hereby incorporates by reference each and every allegation of the preceding causes

9 | of action herein.  (As used throughout this cause of action, "plaintiff" refers to all named

10 | plaintiffs.) II.

11 | The term "conspirators" as used in this cause of action includes, but is not limited to,

12 | METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE"), Anthony Lanza, M.D.,

13 | Johns-Manville Corporation ("Manville"), Raybestos-Manhattan Corporation ("Raybestos") and

14 | the other entities and individuals identified in this cause of action.

15 | III.

16 | Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned

17 | defendant METROPOLITAN LIFE INSURANCE COMPANY was and is a corporation organized

18 | and existing under and by virtue of the laws of the State of New York or the laws of some other

19 | state or foreign jurisdiction, and that this defendant was and is authorized to do and/or was and is

20 | doing business in the State of California, and regularly conducted or conducts business in the

21 | County of Alameda, State of California.  At times relevant to this cause of action, MET LIFE was

22 | an insurer of Manville and Raybestos.

23 | IV.

24 | Plaintiff was exposed to asbestos-containing dust created by the use of the asbestos

25 | products manufactured, distributed and/or supplied by one or more of the conspirators named

26 | below.  The exposure to the asbestos or asbestos-related products supplied by the conspirator(s)

27 | caused plaintiff's asbestos-related disease, injuries and/or death.

28 | V.

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    The conspirators, individually and as agents of one another and as co-conspirators, agreed

2  and conspired among themselves, with other asbestos manufacturers and distributors, with certain

3  individuals including but not limited to Anthony Lanza, M.D. ("Lanza") and with defendant MET

4  LIFE to injure plaintiff in the following fashion (the following is not an exclusive list of the

5  wrongful acts of the conspirators, but, rather, is a representative list):

6      (a)    Beginning in 1929, MET LIFE entered agreements with Manville and others to

7  fund studies of the effects of asbestos exposure on Canadian asbestos miners. When the data from

8  these studies proved that Canadian asbestos miners were developing asbestosis, MET LIFE,

9  Manville and others suppressed its publication; further, Lanza (then a MET LIFE employee)

10  actively misrepresented the results of the Canadian study for many years thereafter to meetings of

11  health-care professionals seeking information regarding asbestos exposure.

12      (b)    In approximately 1934, conspirators Manville and MET LIFE, through their agents

13  Vandiver Brown and attorney J.C. Hobart, and conspirator Raybestos, through its agents Sumner

14  Simpson and J. Rohrback, suggested to MET LIFE associate director Lanza that Lanza publish a

15  study on asbestosis in which Lanza would affirmatively misrepresent material facts and

16  conclusions about asbestos, including but not limited to descriptions of the seriousness of the

17  asbestosis disease process. The misrepresentation was accomplished through intentional deletion

18  of Lanza's description of asbestos as "fatal" and through other selective editing that affirmatively

19  misrepresented asbestosis as a disease process less critical than it was known to be by the

20  conspirators. As a result, Lanza's study was published in the medical literature in 1935 with these

21  misleading statements. The conspirators were motivated to effectuate this fraudulent

22  misrepresentation and fraudulent non-disclosure in part by the desire to influence proposed

23  legislation to regulate asbestos exposure, to provide a defense in lawsuits involving Manville,

24  Raybestos and MET LIFE (as Manville's and Raybestos's insurer), and to promote the use of

25  Manville's and Raybestos's asbestos products.

26      (c)    The above-described conspiracy continued in 1936, when additional co-conspirators

27  American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation,

28  Manville, Keasbey & Mattison Company (then an alter ego to conspirator Turner & Newall),

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
71 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

DSL/493784.1

1  Raybestos, Russell Manufacturing (whose liabilities have been assumed by H.K. Porter Company),

2  Union Asbestos and Rubber Company and United States Gypsum Company entered into an

3  agreement with a leading medical research facility, the Saranac Laboratories.  Under the

4  agreement, the conspirators acquired the power to decide what information Saranac Laboratories

5  could publish regarding asbestos disease and could also control in what form such publications

6  were to occur.  Their agreement provided these conspirators the power and ability to affirmatively

7  misrepresent the results of the work at Saranac Laboratories, and also gave these conspirators

8  power to suppress material facts included in any of the facility's studies.  On numerous occasions

9  thereafter, the conspirators exercised their power to prevent Saranac scientists from disclosing

10  material scientific data, resulting in numerous misstatements of fact being made at scientific

11  meetings concerning the health effects of asbestos exposure.

12       (d)     The conspiracy was furthered when on November 11, 1948 representatives of the

13  following conspirators met at Manville headquarters: Manville, American Brake Block Division of

14  American Brake and Shoe Foundry, Gatke Corporation, Keasbey & Mattison Company (then an

15  alter ego of conspirator Turner & Newall), Raybestos, Thermoid Company (whose assets and

16  liabilities were later purchased by H.K. Porter Company), Union Asbestos and Rubber Company,

17  United States Gypsum Company and MET LIFE.  U.S. Gypsum did not send a company employee

18  to the meeting, but instead authorized Vandiver Brown of Manville to represent its interest at the

19  meeting and to take action on its behalf.

20       (e)     At the November 11, 1948 meeting, these conspirators and their representatives

21  decided to exert their influence to materially alter and misrepresent material facts about the

22  substance of research conducted by Dr. Leroy Gardner at the Saranac Laboratories beginning in

23  1936.  Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an

24  evaluation of the health effects of asbestos on humans with a critical review of the then-existing

25  standards for asbestos-dust exposure.

26       (f)     At this meeting, these conspirators intentionally and affirmatively decided that

27  Dr. Gardner's work should be edited to delete material facts about the cancer-causing propensity of

28  asbestos, the health effects of asbestos on humans and the critique of the dust standards.  The

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  conspirators then published these deceptive and fraudulent statements in the medical literature as

2  edited by Dr. Vorwald.  These conspirators thereby fraudulently misrepresented the risks of

3  asbestos exposure to both the public and the class of persons exposed to asbestos, including

4  plaintiff's father and plaintiff.

5         (g)     As a direct result of influence exerted by the conspirators, a Dr. Vorwald in 1951

6  published Dr. Gardner's edited work in *The Journal of Industrial Hygiene, AMA Archives of*

7  *Industrial Hygiene and Occupational Health* in a form that stressed those portions of Dr. Gardner's

8  work that the conspirators wished to be stressed, but that omitted reference to human asbestosis

9  and cancer, thereby fraudulently and affirmatively misrepresenting the extent of asbestos's risks.

10 The conspirators affirmatively and deliberately disseminated this deceptive and fraudulent Vorwald

11 publication to university libraries, government officials, government agencies and others.

12        (h)     Such actions constitute a material affirmative misrepresentation of the total context

13 of material facts involved in Dr. Gardner's work and resulted in creating an appearance that

14 inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

15        (I)     When Dr. Vorwald subsequently tried to publish more complete information

16 regarding Dr. Gardner's animal studies, the conspirators required his discharge from the Saranac

17 Laboratories, denied him permission to publish or complete Dr. Gardner's work and actively

18 discouraged institutions of higher learning from hiring or retaining Dr. Vorwald in any capacity.

19        (j)     The following conspirators were members of the trade association known as Quebec

20 Asbestos Mining Association (Q.A.M.A.):  Manville, Carey-Canada individually and as successor

21 in interest to Quebec Asbestos Corporation, the Celotex Corporation as successor in interest to

22 Quebec Asbestos Corporation, National Gypsum Company and Turner & Newall as successor in

23 interest to Bell Asbestos.  These conspirators, members of Q.A.M.A., participated in the above-

24 described misrepresentation of the work of Dr. Leroy Gardner published by Arthur Vorwald in the

25 *AMA Archives of Industrial Health* in 1951.  Evidence of the Q.A.M.A.'s involvement in this

26 misrepresentation arises from co-conspirator Manville's membership in the Q.A.M.A., as well as

27 correspondence from co-conspirators dated 1/29/47, 11/26/47, 3/6/48, 10/15/48, 3/8/49 and 9/6/50,

28 all indicating close monitoring of the editing process by Q.A.M.A.'s representative, Ivan Sabourin,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

OSL/493784.1

1   who acted on behalf of all Q.A.M.A. members.

2          (k)      In furtherance of the conspiracy that commenced in 1929, conspirators who were
3   members of the Q.A.M.A. as described above began in about 1950 to formulate a plan to influence
4   public opinion concerning the relationship between asbestos and cancer by influencing the medical
5   literature on this subject and then touting and disseminating this literature to the public and to
6   organizations and legislative bodies responsible for regulatory control of asbestos with the specific
7   intent of misrepresenting the existing scientific information and suppressing contrary scientific
8   data in their possession and control.

9          (l)      This plan of misrepresentation and influence over the medical literature began in
10  about 1950 when the aforementioned Q.A.M.A. members selected Saranac Laboratories to do an
11  evaluation of whether cancer was related to asbestos.  After a preliminary report authored by
12  Arthur Vorwald in 1952 indicated that, based on experiments with laboratory animals,  a
13  cancer/asbestos relationship might exist, these Q.A.M.A. members refused to further fund the
14  study, terminated the study and prevented any public discussion or dissemination of the results.

15         (m)     As a result of the termination of the Q.A.M.A./Saranac study, the conspirators
16  fraudulently withheld information from the public and affirmatively misrepresented to the public
17  and responsible legislative and regulatory bodies that asbestos did not cause cancer.  These
18  affirmative misrepresentations were made by conspirators and conspirators' agents K.W. Smith,
19  M.D., Paul Cartier, M.D., A.J. Vorwald, M.D., Lanza, Vandiver Brown and Ivan Sabourin and
20  were directed to, among others, U.S. government officials, Canadian government officials, the U.S.
21  National Cancer Institute, medical organizations, health professionals and the general public,
22  including plaintiff.

23         (n)      The Q.A.M.A. conspirators subsequently contracted with the Industrial Hygiene
24  Foundation and Dr. Daniel Braun to further study the relationship between asbestos exposure,
25  asbestosis and lung cancer.  In 1957, Drs. Braun and Truan (Braun and Truan) reported to the
26  Q.A.M.A. that asbestosis did increase a worker's risk of developing lung cancer.

27         (o)      The Q.A.M.A. conspirators, in furtherance of the conspiracy that began in 1929,
28  caused the work by Braun and Truan to be published in 1958, but with the findings concerning the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
71 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510)-465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1   increased incidence of cancer in asbestos-exposed persons edited out and stricken by agents of the

2   Q.A.M.A.  The published version of the Braun/Truan study contained a conclusion that asbestos

3   exposure alone did not increase the incidence of lung cancer, a conclusion known by the

4   conspirators to be false.

5         (p)    By falsifying and causing publication of studies concluding that asbestos exposure

6   did not cause lung cancer and simultaneously omitting documented findings that asbestosis did

7   increase the risk of lung cancer, the conspirators affirmatively misrepresented to, and concealed

8   from, the public the extent of the risks associated with inhaling asbestos fibers.

9         (q)    In furtherance of the ongoing 1929 conspiracy, the Q.A.M.A. in about 1958

10  publicized the fraudulently edited works of Drs. Braun and Truan at a symposium in an effort to

11  fraudulently misrepresent to the public and persons exposed to asbestos that inhaling asbestos

12  fibers did not cause cancer.

13        (r)    The foregoing fraudulent misrepresentations, which began in 1929 and continued

14  with the publication in 1958 of the Braun/Truan study, influenced the standards set for acceptable

15  levels of asbestos exposure.  The developers of such standards failed to lower the maximum

16  exposure limits because a cancer risk associated with asbestos inhalation had not been proven.

17        (s)    In furtherance of the 1929 conspiracy, Q.A.M.A. conspirators decided at their trade

18  association meeting in 1967 that they would intentionally mislead consumers about the extent of

19  risks associated with inhaling asbestos.

20        (t)    In furtherance of the 1929 conspiracy, a symposium concerning the health effects of

21  asbestos was conducted at the Saranac Laboratories in 1952.  The following conspirators were in

22  attendance: MET LIFE, Lanza, Manville, Turner & Newall, Raybestos and Q.A.M.A. members

23  through their agents Cartier, Sabourin and LaChance.

24        (u)    At the 1952 Saranac meeting, the occurrence of lung cancer and asbestosis in

25  product users was discussed, as was the carcinogenic properties of all asbestos-fiber types.  In an

26  affirmative attempt to mislead the public about the extent of health risks associated with asbestos,

27  and in an effort to fraudulently conceal those risks from the public, these conspirators conspired to

28  prevent publication of the record of this 1952 Saranac Symposium, and it was not published.  In

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

**Exhibit A - Page 125**[35]

1  addition, the conspirators induced Vorwald not to announce the results of his and Dr. Gardner's

2  laboratory studies showing excess cancers in asbestos-exposed animals.  The conspirators in this

3  way fraudulently misrepresented existing secret data that was prevented from being publicized

4  because of the secrecy provisions contained in the previously described 1936 Saranac agreement.

5.      (v)     The following co-conspirators were members of the trade organization known as

6  The Asbestos Textile Institute (ATI):  Raybestos, Manville, H.K. Porter, Keasbey & Mattison

7  (individually and through its alter ego, Turner & Newall), National Gypsum, Uniroyal, Inc.

8  (individually and through its alter egos, CDU Holding Company), Uniroyal Holding Company,

9  Uniroyal Goodrich Tire Company and Asbestos Corporation, Ltd..

10      (w)     In furtherance of the foregoing conspiracy, the conspirators and ATI members in

11  1942 received a report from W.C.L. Hemeon (Hemeon) concerning asbestos that suggested the

12  then-existing maximum asbestos-exposure limits be re-evaluated.  These conspirators caused the

13  Hemeon report not to be published and thereby fraudulently concealed material facts about

14  asbestos exposure from the public and affirmatively misrepresented to the public and class of

15  persons exposed to asbestos that the then-existing maximum asbestos-exposure limit was safe and

16  acceptable.  Thereafter, these conspirators withheld additional material information on the dust

17  standards from the American Conference of Governmental Industrial Hygienists (ACGIH), thereby

18  further influencing ACGIH evaluations of its Threshold Limit Values for asbestos exposure.

19      (x)     In furtherance of the foregoing conspiracy, co-conspirator National Gypsum,

20  through its agents and following an inquiry from the Indiana Division of Industrial Hygiene (IDIH)

21  concerning the health hazards of asbestos-spray products, in 1953 refused to mail a proposed

22  response to the IDIH indicating that those applying the products should wear respirators when

23  doing so.  National Gypsum's response distorted and fraudulently misrepresented the need for

24  applicators of asbestos-spray products to wear respirators, and thereby misrepresented the risks

25  associated with asbestos exposure.

26      (y)     In furtherance of the foregoing conspiracy, conspirator Manville through its agent

27  Kenneth Smith in 1955 caused to be published in *The AMA Archives of Industrial Health* an article

28  entitled "Pulmonary Disability in Asbestos Workers."  This published study materially altered the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1  results of an earlier study in 1949 concerning the same set of workers.  This alteration of Dr.

2  Smith's study constituted a fraudulent and material misrepresentation about the extent of the risk

3  associated with inhaling asbestos.

4    (z)    In furtherance of the foregoing conspiracy, the National Cancer Institute in 1955

5  held a meeting at which conspirator Manville, individually and as agent for other co-conspirators,

6  and A. Vorwald, as agent of all the conspirators, affirmatively misrepresented that there was no

7  existing animal study indicating any relationship between asbestos exposure and cancer when, in

8  fact, the conspirators secretly possessed several suppressed studies positively demonstrating the

9  existence of such a link.

10    (aa)    In furtherance of the foregoing conspiracy, these conspirators and members of the

11  ATI in 1957 jointly rejected a proposed research study on cancer and asbestos, and this resulted in

12  their fraudulently concealing from the public material facts regarding asbestos exposure and also

13  constituted an affirmative misrepresentation of the then-existing knowledge about asbestos

14  exposure and lung cancer.

15    (bb)    In furtherance of the foregoing conspiracy, conspirators who in 1964 were members

16  of the ATI met to formulate a plan for rebutting the association between lung cancer and asbestos

17  exposure that had been recently published by Dr. Irving J. Selikoff of the Mount Sinai Research

18  Center.  These members of the ATI thereafter embarked on a campaign to further misrepresent the

19  association between asbestos exposure and lung cancer.

20    (cc)    The conspirators founded and funded the Mellon Institute and the Industrial

21  Hygiene Foundation (IHF) to research issues concerning the health effects of inhaling asbestos dust

22  and for the express purpose of delaying or preventing compensation to workers who suffered

23  asbestos disease.  Beginning in the early 1940's, the IHF was involved in a study by Dr. Hemeon

24  entitled "Report of Preliminary Dust Investigation for Asbestos Textile Institute," which was

25  published in June 1947.  This study was conducted in conjunction with members of the Asbestos

26  Textile Institute and found that workers exposed to less than the recommended maximum asbestos-

27  exposure levels were nonetheless developing disease.  As a part of the conspiracy, the IHF never

28  published this study.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1   (dd)     Beginning in the mid-1950's, the IHF and Mellon Institute were involved in the

2   publication of works by Braun and Truan entitled "An Epidemiological Study of Lung Cancer in

3   Asbestos Miners."  In its original, unedited form in September 1957, this study concluded that

4   workers with asbestosis had an increased incidence of lung cancer and that the Canadian

5   government had been under-reporting occurrences of asbestosis.  The final, published version of

6   this study in June 1958 deleted the conclusion that workers with asbestosis suffered an increased

7   incidence of lung cancer and that the Canadian government had been under-reporting asbestosis

8   cases.  The IHF and the Mellon Institute conspired with the members of the Quebec Asbestos

9   Mining Association (Q.A.M.A.) and their legal counsel, Ivan Sabourin, and other conspirators to

10   suppress the above-described information concerning asbestos and cancer.

11   (ee)     The above-described actions of the IHF and the Mellon Institute constituted

12   intentional deception and fraud in actively misleading the public about the extent of the hazards

13   linked to breathing asbestos dust.  These actions also substantially contributed to retarding the

14   development of knowledge about the hazards of asbestos and thereby substantially contributed to

15   injuries suffered by plaintiffs.

16   (ff)     From the early 1920's until the 1970's, Manville, Raybestos and other conspirators

17   undertook continual and systemic monitoring of the workers employed in their plants

18   manufacturing asbestos products.  The monitoring included chest x-rays taken for the purpose of

19   discovering whether the workers were suffering from asbestosis or other asbestos diseases.  MET

20   LIFE and Lanza actively assisted and participated in many of the monitoring programs.  The

21   conspirators, including MET LIFE, failed to disclose and actively concealed the results of the

22   monitoring.  The conspirators also failed to disclose the nature, extent and frequency of asbestos

23   disease among the workers and instead encouraged the workers to continue work until they were

24   completely and totally disabled.  The conspirators further intentionally concealed from the workers

25   employed in their manufacturing plants the nature and extent of the risks associated with asbestos

26   exposure.

27   (gg)     All conspirators identified herein approved, ratified and furthered the previous

28   conspiratorial acts of conspirators Manville, Raybestos, Lanza and MET LIFE, and all the alleged

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
71 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  conspirators during the time and circumstances previously described acted as agents and co-

2  conspirators of the other conspirators.

3      (hh)    MET LIFE was an active participant in the foregoing conspiracy and benefitted

4  thereby.  MET LIFE benefitted from its involvement in the conspiracy in the following non-

5  exclusive list of ways, among others:

6          (i)    By providing workers' compensation insurance to co-conspirators.

7          (ii)   By providing life insurance for employees of the co-conspirators.

8          (iii)  By providing health insurance or health care for the employees of the co-

9          conspirators.

10         (iv)   By purchasing substantial stock in asbestos-related companies, including

11         stock of the co-conspirators.

12         (v)    By developing information by which asbestos-related claims for

13         compensation could be defeated.

14                                        VI.

15      The previously described acts of the conspirators constitute fraudulent concealment and/or

16  fraudulent misrepresentation, which caused injury to the plaintiff in the following ways, among

17  others:

18      (a)    The material published or caused to be published by the conspirators was false and

19  incomplete in that the conspirators knowingly and deliberately deleted references to the known

20  health hazards of asbestos and asbestos-related products.

21      (b)    The conspirators individually, as members of a conspiracy and as agents of other

22  conspirators, intended to – and did – publish  false and misleading reports that misrepresented or

23  failed to disclose known health hazards associated with common uses of asbestos-containing

24  products.  Their purposes were to (1) maintain a favorable business climate for the continued sale

25  and distribution of asbestos and asbestos-related products, (2) assist in the conspirators' continued

26  pecuniary gain through the sale of their products, (3) influence proposed legislation to regulate

27  asbestos exposure in a way that favored the conspirators' interests and (4) aid in defending lawsuits

28  seeking compensation for injury resulting from asbestos exposure.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

JBOSL/493784.1

39

**Exhibit A - Page 129**

1       (c)    Plaintiff's father and plaintiff and others reasonably relied, both directly and

2   indirectly, on the published medical and scientific data documenting the purported safety of

3   asbestos and asbestos-related products, and also on the absence of published medical and scientific

4   reports of the hazards of  continued exposure to asbestos.  Plaintiff's father and plaintiff believed

5   asbestos to be safe and was unaware of the hazards of that material because of the conspiratorial

6   conduct described herein.

7       (d)    Conspirators – individually, as members of a conspiracy and as agents of other co-

8   conspirators – were and are in a position of superior knowledge regarding the health hazards of

9   asbestos and therefore plaintiff's father and plaintiff reasonably relied (both directly and indirectly)

10  on the published reports commissioned by the conspirators regarding the health hazards of asbestos

11  and the absence of published information (because of the suppression by the conspiracy)

12  concerning the hazards of asbestos and asbestos-related products.

13      (e)    As a direct result of the continuing and ongoing conduct of the conspirators, as

14  alleged herein, the plaintiff contracted asbestos-related disease, and plaintiff suffered injuries and

15  incurred damages as described in greater detail elsewhere in the complaint.

16          **VII.**

17      MET LIFE acted in concert with the foregoing parties (the conspirators) and pursuant to a

18  common design, as previously delineated, to cause injury to plaintiff.

19          **VIII.**

20      MET LIFE knew that the conduct of Manville, Raybestos and the other conspirators was

21  coercive, fraudulent and deceitful toward others (including plaintiff's father and plaintiff) and that

22  conspirators' conduct was a breach of duty or duties owed to plaintiff's father and plaintiff; and

23  MET LIFE gave substantial assistance and encouragement to Manville and the other conspirators

24  in breaching their duties to plaintiff's father and plaintiff and others.

25          **IX.**

26      Plaintiff and/or plaintiff's father was insured, directly or indirectly, by MET LIFE and as

27  such was owed a fiduciary duty by MET LIFE that was breached by MET LIFE's foregoing

28  conduct and conspiracy, thereby causing plaintiff's asbestos-related injuries.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

**Exhibit A - Page 130** 40

**X.**

The conspirators made representations to plaintiff's father and plaintiff and others concerning asbestos-containing products, including but not limited to:

(a)    the statements set forth and summarized in the foregoing paragraphs;

(b)    that asbestos in commercially used insulation products was not hazardous (this statement was known to be false by the conspirators);

(c)    that the amount of asbestos in the air necessary to cause disease was five million particles per cubic foot (this statement was known to be false by the conspirators);

(d)    that asbestos does not cause cancer (this statement was known to be false by the conspirators);

In addition, the conspirators actively concealed facts from plaintiff's father and plaintiff and others, including but not limited to:

(a)    that asbestos-related disease can be a fatal disease;

(b)    that asbestos causes various forms of lung cancer;

(c)    that individuals should protect themselves from breathing asbestos dust;

(d)    the extent of asbestos disease in exposed populations;

(e)    information regarding the levels of airborne asbestos that can cause disease;

(f)    their experience with workers' compensation claims related to asbestos exposure; and

(g)    the concealment described in the other paragraphs of this cause of action.

**XI.**

The conspirators further knew that their foregoing statements were false and that, by their acts, they were actively concealing adverse information concerning the health effects of asbestos, including the facts described in the preceding paragraphs of this cause of action. The conspirators made these false statements and concealed these facts with the intent to deceive. Plaintiff's father and plaintiff and others relied both directly and indirectly on the foregoing false statements and their lack of knowledge resulting from the conspirators' fraudulent concealment. As a consequence of the foregoing fraudulent misrepresentations and concealment, plaintiff was injured

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

First Amended Complaint for Personal Injuries

1   and damaged as more fully described elsewhere in the complaint.

### XII.

3   The asbestos-containing products that conspirators manufactured, marketed, distributed,
4   sold and otherwise supplied were defective in that they caused plaintiff's father and plaintiff and
5   others similarly situated to be exposed to the products' asbestos content and thereby caused the
6   injuries and damages as more fully detailed elsewhere in the complaint.

### XIII.

8   Additionally and alternatively, as a direct result of defendants' and conspirators' (including,
9   without limitation, MET LIFE's) actions and omissions, plaintiff's father and plaintiff were caused
10   to remain ignorant of all the dangers of asbestos, which resulted in plaintiff's father, plaintiff,
11   his/her agents, employers and the general public being unaware of the true and full dangers of
12   asbestos. Defendants' and conspirators' actions and omissions also deprived plaintiff's father and
13   plaintiff of the opportunity to decide for himself or herself whether he/she wanted to take the risk
14   of being exposed to asbestos, denied plaintiff's father and plaintiff the opportunity to take
15   precautions against the dangers of asbestos and caused plaintiff's damages as described elsewhere
16   in this complaint.

### XIV.

18   The foregoing conduct of defendants and the conspirators was despicable, willful and
19   carried on in conscious disregard of the rights or safety of plaintiff's father and plaintiff.
20   Defendants and the conspirators intended by such conduct to conceal and/or misrepresent material
21   facts known to them for the purpose of thereby depriving plaintiff's father and plaintiff and others
22   of property or legal rights, or otherwise causing injury. So in addition to actual damages, plaintiff
23   is entitled to recover damages from defendants and the conspirators for the sake of example and by
24   way of punishing defendants and conspirators.

25   ///
26   ///
27   ///
28   ///

Kazan, McClain, Lyons, Greenwood & Harley
A Professional Law Corporation
171 Twelfth Street
Third Floor
Oakland, CA 94607
(510) 302-1000
(510) 465-7728
Fax (510) 835-4913

## ALL DEFENDANTS:

### FOURTEENTH CAUSE OF ACTION

#### (Loss of Consortium)

AS AND FOR A FOURTEENTH CAUSE OF ACTION, plaintiff Caroline Vest complains of all defendants, and each of them, and alleges:

#### I.

This plaintiff, for and on behalf of herself, brings this action on her own behalf.

#### II.

Plaintiff refers to and incorporates herein by reference the First through Thirteenth and Fifteenth Causes of Action of this complaint.

#### III.

At the time that plaintiff Timothy Vest sustained injury as more fully alleged in the First through Thirteenth and Fifteenth Causes of Action causes of action, and at all times thereafter, plaintiff Caroline Vest was the wife of plaintiff Timothy Vest.

#### IV.

Prior to said injuries, plaintiff Timothy Vest was able to and did, perform his duties as the husband of plaintiff Caroline Vest. Plaintiff is informed and believes and thereon alleges that subsequent to said injuries and as a proximate result thereof, plaintiff Timothy Vest has been, and some time in the future will be, incapacitated and unable to perform the necessary duties as husband of plaintiff Caroline Vest and the work and service usually performed in the care, maintenance and management of the family home.

#### V.

As a proximate result of said injuries, plaintiff Caroline Vest has been and will be deprived of consortium with plaintiff Timothy Vest, including the performance of her husband's duties and on plaintiff's part will be required to perform the duties previously performed by plaintiff Timothy Vest, all to plaintiff's damage in a sum which cannot be ascertained at this time. Plaintiff requests the right to amend this complaint to allege the amount of said damages when they are ascertained.

///

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

# FIFTEENTH CAUSE OF ACTION

## (For Dangerous Conditions of Premises Against Defendant

## THE PORT OF OAKLAND)

AS AND FOR A FIFTEENTH CAUSE OF ACTION, plaintiff complains and alleges against only defendant THE PORT OF OAKLAND as follows:

### I.

Plaintiff, by this reference, hereby incorporates and makes a part hereof as though fully set forth herein each and every allegation contained in the First through Fourteenth Causes of Action.

### II.

At all relevant times herein, defendant THE PORT OF OAKLAND (hereafter "PORT") owned, controlled and/or managed the premises known as the World Air Center, Hangar 110 located in Oakland, California.

Plaintiff TIMOTHY VEST in the course of his life from approximately 1973 through 1983, was present while work involving the use, disturbance, and manipulation of asbestos and asbestos-containing products which occurred during demonstrative, maintenance, construction, and/or renovation work at Hangar 110, as described above.

While visiting his father at Hangar 110, plaintiff TIMOTHY VEST and others in his proximity regularly disturbed and otherwise manipulated asbestos-containing products used during building maintenance, construction and renovation as specified to be used by PORT but without any precautions to prevent exposure and protect persons present during use including, but not limited to, asbestos-containing aircraft parts, thermal insulation, sheetrock, drywall products, and fireproofing on these properties owned, managed or controlled by PORT, and was thereupon exposed to and injured by asbestos and asbestos-containing products as hereinbefore set forth.

### III.

Pursuant to Government Code § 945.4, plaintiff filed claim with the Port as required.

### IV.

From 1973 and thereafter through 1983, the above-described premises were in a dangerous

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A PROFESSIONAL LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1 condition that created a substantial risk of the type of injury suffered by plaintiff as hereinbefore

2 alleged.  The property was used by plaintiff TIMOTHY VEST with due care in a manner that

3 defendant PORT knew or should have foreseen it would be used in that PORT caused to have the

4 previously described asbestos and asbestos-containing products specified, installed, inspected,

5 maintained, repaired, removed and replaced on the aforementioned premises, which products

6 defendant PORT actually knew or, in the exercise of its duty of care owed to plaintiff, should have

7 known created a dangerous and hazardous condition of the public property, within the meaning of

8 Government Code §§ 830, et seq., to which plaintiff TIMOTHY VEST was foreseeably exposed.

9 <div align="center">**V.**</div>

10     From 1973 and thereafter through 1983, PORT had actual knowledge of the existence of

11 the above-described condition and knew or should have known of its dangerous character a

12 sufficient time prior to the dates upon which plaintiff TIMOTHY VEST was exposed thereto to

13 have taken measures at the buildings described in Paragraph II, above, to protect or warn against

14 the dangerous conditions.  Defective asbestos-containing products were used at these sites at the

15 express behest and instruction of defendant PORT.  Plaintiff and others observed PORT workers

16 and employees at these sites during construction and saw PORT employees inspecting, approving,

17 and signing off on work including that involving the use of asbestos containing products at the

18 sites as it was performed.

19 <div align="center">**VI.**</div>

20     From 1973 and thereafter through 1983, defendant PORT failed to make reasonable,

21 adequate or sufficient inspections of its own property or property within its custody or control,

22 which failure caused PORT to fail to determine whether the property complied with or violated any

23 enactments or contained or constituted any hazard to health and safety, within the meaning of

24 Government Code §§ 830, et seq.

25 <div align="center">**VII.**</div>

26     From 1973 and thereafter through 1983, defendant PORT failed to protect against the

27 aforementioned unreasonably dangerous conditions on PORT's premises, in that it failed to repair,

28 remedy or correct the dangerous conditions, failed to provide safeguards against the dangerous

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    conditions and failed to warn of the dangerous conditions, which failures were the legal cause of

2    plaintiff's injuries as hereinbefore alleged.

3                                          **VIII.**

4        From 1973 and thereafter through 1983, defendant PORT owed a duty under Civil Code §

5    3479 to prevent, remedy, repair and abate any condition which is injurious to health or offensive to

6    the senses, or an obstruction to the free use of property, so as to interfere with the comfortable

7    enjoyment of life and defendant PORT knew, by and through their agents, employees, departments

8    and research, that asbestos was dangerous and injurious to human health.  The PORT breached said

9    duties, and have thereby created a nuisance and caused injuries to plaintiff.

10   ///

11       WHEREFORE, plaintiff Caroline Vest prays judgment against defendants, conspirators and

12   their "alternate entities," and each of them as follows:

13       1.       General damages in an amount in excess of $50,000.00 in accordance with the

14   proof;

15       2.       Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

16   accordance with proof;

17       3.       Punitive and exemplary damages in an amount found appropriate by the trier of fact

18   in accordance with the proof (except as to defendant THE PORT OF OAKLAND);

19       4.       Special damages in accordance with the proof;

20       5.       Prejudgment interest and post-judgment interest in accordance with law;

21       6.       Costs of suit; and

22       7.       Such other and further relief as the Court deems just and proper in the premises.

23       WHEREFORE, plaintiff Timothy Vest prays judgment against defendants, conspirators and

24   their "alternate entities," and each of them as follows:

25       1.       General damages in an amount in excess of $50,000.00 in accordance with the

26   proof;

27       2.       Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

28   accordance with proof:

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

3.    Punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with the proof (except as to defendant THE PORT OF OAKLAND);

4.    Special damages in accordance with the proof;

5.    Prejudgment interest and post-judgment interest in accordance with law;

6.    Costs of suit; and

7.    Such other and further relief as the Court deems just and proper in the premises.

DATED:  May 28, 2010

KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation

By: _____
Justin A. Bosl

Attorneys for Plaintiffs

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

JBOSL/493784.1

First Amended Complaint for Personal Injuries

**Exhibit A - Page 137**

47

1

## PROOF OF SERVICE

2

Re:    **TIMOTHY VEST and CAROLINE VEST v. ALLIED PACKING & SUPPLY, et al.**

3    Alameda County Superior Court No. RG09489518

4    I declare that:

5    I am employed in the County of Alameda, State of California.  I am over the age of
18 years and not a party to the within action.  My business address is 171 Twelfth Street,
6    Third Floor, Oakland, California  94607.  On **May 28, 2010**, I served the following
document(s):

7

**SECOND AMENDED COMPLAINT FOR PERSONAL INJURIES; STRICT LIABILITY;
8    BREACH OF WARRANTIES; NEGLIGENCE; FRAUD; AIDING AND ABETTING
FRAUD; AIDING AND ABETTING BATTERY; CONSPIRACY; (ALTERNATIVE
9    ENTERPRISE AND CONCERT OF ACTION LIABILITY); PREMISES LIABILITY; AND
LOSS OF CONSORTIUM**

10

by transmitting a true copy via the following method:

11

_____          (By Facsimile)  By personally transmitting a true copy thereof via facsimile
12                to

13

_____          (By PERSONAL SERVICE)  By causing to be hand delivered via Modern
14                Express Courier, tracking number _____, a true copy thereof to

15

_____          (By OVERNIGHT DELIVERY) By delivering to an authorized courier
16                authorized by the express service to receive documents or depositing in a
box or other facility regularly maintained by the express carrier a true copy
17                thereof, on this date, and addressed to

18    **XX**          (By U.S. MAIL)  I am readily familiar with this office's business practice for
collection and processing of correspondence for mailing with the United
19                States Postal Service.  This document will be sealed with postage fully
prepaid and will be deposited with the United States Postal Service this
20                date in the ordinary course of business, in envelopes addressed to
**See attached service list**

21

22    I declare under penalty of perjury that the foregoing is true and correct.  Executed
on **May 28, 2010** at Oakland, California.

23

24                                    Randi Wiener

KAZAN, McCLAIN,  25
LYONS,
GREENWOOD &
HARLEY  26
A PROFESSIONAL
LAW CORPORATION
171 TWELFTH STREET
THIRD FLOOR  27
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728  28
FAX (510) 835-4913

RWIENER/491210.1

**Exhibit A - Page 138**

1

SERVICE LIST     CASE: Vest, Timothy & Caroline [NE 1430]     ACTION #: RG09489518

May 28, 2010 2:46 PM

BECHERER, KANNETT & SCHWEITZER
1255 Powell Street, , Emeryville, CA 94608-2604
FOR: CYPRUS AMAX MINERALS CO/sii/pae/alt/eqt/CYPRUS MINES CORP;  CYPRUS AMAX MINERALS
CO/sii/pae/alt/eqt/SIERRA TALC & CHEMICAL COMPANY;  CYPRUS AMAX MINERALS
CO/sii/pae/alt/eqt/UNITED SIERRA DIVISION;  CYPRUS AMAX MINERALS CO/sii/pae/et of PAUL W. WOOD
COMPANY;  CYPRUS AMAX MINERALS COMPANY

PH:  (510) 658-3600
FAX: (510) 658-1151

BERRY & BERRY
P.O. Box 16070, Oakland, CA 94610
FOR: DESIGNATED DEFENSE COUNSEL

PH:  (510) 835-8330
FAX: (510) 835-5117

BRYAN CAVE LLP
2 Embarcadero Center, Suite 1410, San Francisco, CA 94111
FOR: MCDONNELL DOUGLAS CORPORATION;  WORLD AIRWAYS, INC.

PH:  415-675-3400
FAX: 415-675-3434

BRYAN CAVE, LLP
120 Broadway, Suite 300, Santa Monica, CA 90401-2305
FOR: MCDONNELL DOUGLAS CORPORATION;  WORLD AIRWAYS, INC.

PH:  (310) 576-2100
FAX: (310) 576-2200

CHAPMAN & INTRIERI
2236 Mariner Square Drive, Suite 300, Alameda, CA 94501-1019
FOR: DEXTER CORPORATION;  HENKEL CORPORATIO sii/pae/et to HENKEL LOCTITE CORPORATION;
HENKEL CORPORATION;  HENKEL LOCTITE CORPORATION ;  HENKEL LOCTITE CORPORATION
sii/pae/et to THE DEXTER CORPORATION;  LIFE TECH CORP by merger to INVITROGEN CORP sii/pae/et THE
DEXTER CORP;  LIFE TECHNOLOGIES CORPORATION suc by merger to INVITROGEN CORPORATION

PH:  (510) 864-3600
FAX: (510) 864-3601

COUNSEL UNKNOWN
FOR: DEAN'S MATERIALS, INC. dba CONSTRUCTION MATERIAL SUPPLIER;  MCDERMOTT/SEALY, INC.

DeHAY & ELLISTON, LLP
1300 CLAY STREET, SUITE 840, Oakland, CA 94612
FOR: KAISER GYPSUM COMPANY, INC.

PH:  510-285-0750
FAX: 510-285-0740

DONGELL LAWRENCE FINNEY LLP
707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609
FOR: GEORGE E. MASKER, INC.

PH:  213-943-6100
FAX: 213-943-6101

FOLEY & MANSFIELD
1111 Broadway, 10th Floor, Oakland, CA 94607
FOR: KELLY-MOORE PAINT COMPANY, INC.;  RAYMOND INTERIOR SYSTEMS - NORTH;  RAYMOND
INTERIOR SYSTEMS - NORTH sii/pae/eqt to JAMES L. WHITTAKER

PH:  510-590-9500
FAX: 510-590-9595

GLASPY & GLASPY
One Walnut Creek Center, 100 Pringle Ave Ste 750, Walnut Creek, CA 94596
FOR: GARLOCK SEALING TECHNOLOGIES LLC

PH:  (925) 947-1300
FAX: (925) 947-1594

HERR & ZAPALA
152 North 3rd Street, Suite 500, San Jose, CA 95112
FOR: ALLIED PACKING AND SUPPLY

PH:  (408) 287-7788
FAX: (408) 927-0408

McKENNA, LONG & ALDRIDGE
101 California Street, 41st Floor, San Francisco, CA 94111
FOR: HEXCEL CORPORATION

PH:  (415) 267-4000
FAX: (415) 267-4198

McKENNA, LONG & ALDRIDGE LLP
300 S. Grand Avenue, 14th Floor, Los Angeles, CA 90071
FOR: HEXCEL CORPORATION

PH:  213-688-1000
FAX: 213-243-6330

PERKINS COIE LLP
Four Embarcadero Center, Suite 2400, San Francisco, CA 94111
FOR: GEORGIA PACIFIC LLC fka GEORGIA PACIFIC CORPORATION

PH:  (415) 344-7000
FAX: (415) 344-7288

SERVICE LIST          CASE:  Vest, Timothy & Caroline  [NE 1430]                                    May 28, 2010  2:46 PM
Page Two                                          ACTION #:  RG09489518

SEDGWICK, DETERT, MORAN & ARNOLD                                                    PH:  (415) 781-7900
  One Market Plaza, Steuart Tower, 8th Floor, San Francisco, CA  94105          FAX: (415) 781-2635
  FOR:  PARKER HANNIFIN;   PARKER HANNIFIN sii/pae/et of CLEVELAND WHEELS AND BRAKES

SELMAN & BREITMAN                                                                    PH:  (415) 979-0400
  33 New Montgomery Street, Sixth Floor, San Francisco, CA  94105                 FAX: (415) 979-2099
  FOR:  KENTILE FLOORS, INC.

STEPTOE & JOHNSON                                                                    PH:  (213) 439-9400
  633 West Fifth Street, Suite 700, Los Angeles, CA  90071                        FAX: (213) 439-9599
  FOR:  METROPOLITAN LIFE INSURANCE COMPANY

THE MAU LAW FIRM                                                                     PH:  415-495-8082
  950 Harrison Street, Suite 213, San Francisco, CA  94107                        FAX: 415-495-8084
  FOR:  GEORGE E. MASKER, INC.

VASQUEZ, ESTRADA & CONWAY LLP                                                        PH:  (415) 453-0555
  Courthouse Square, 1000 Fourth Street, Suite 700, San Rafael, CA  94901         FAX: (415) 453-0549
  FOR:  ALTA BUILDING MATERIALS CO.

WALSWORTH, FRANKLIN, BEVINS & McCALL                                                 PH:  (415) 781-7072
  601 Montgomery Street, 9th Floor, San Francisco, CA  94111                      FAX: (415) 391-6258
  FOR:  HAMILTON MATERIALS, INC.

WALSWORTH, FRANKLIN, BEVINS & McCALL - DOWMAN                                        PH:  (415) 781-7072
  601 Montgomery Street, 9th Floor, San Francisco, CA  94111                      FAX: (415) 391-6258
  FOR:  DOWMAN PRODUCTS, INC.

WILLIAMS KASTNER                                                                     PH:  206-628-6621
  Two Union Square, 601 Union Street, Suite 4100, Seattle, WA  98101              FAX: 206-628-6611
  FOR:  PARKER HANNIFIN;   PARKER HANNIFIN sii/pae/et of CLEVELAND WHEELS AND BRAKES

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER                                           PH:  (415) 433-0990
  525 Market Street, 17th Floor, San Francisco, CA  94105-2722                    FAX: (415) 434-1370
  FOR:  F.P. LATHROP CORPORATION;   LATHROP CONSTRUCTION ASSOCIATES, INC.;   LATHROP
ONSTRUCTION ASSOC, INC. sii/pae/et F.P. LATHROP CONSTRUCTION

End of Service List