| | |
|---|---|
| 1 | Robert E. Boone III, California Bar No. 132780 |
|   | James C. Pettis, California Bar No. 223953 |
| 2 | Linda C. Hsu, California Bar No. 239880 |
|   | **BRYAN CAVE LLP** |
| 3 | 120 Broadway, Suite 300 |
|   | Santa Monica, California 90401-2386 |
| 4 | Telephone: (310) 576-2100 |
|   | Facsimile: (310) 576-2200 |
| 5 | Emails: reboone@bryancave.com |
|   | james.pettis@bryancave.com |
| 6 | linda.hsu@bryancave.com |
| 7 | Attorneys for Defendant |
|   | McDONNELL DOUGLAS CORPORATION |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY VEST and CAROLINE VEST, | Case No. 3:11-cv-00061-JSW |
| Plaintiffs, | **DEFENDANT MCDONNELL DOUGLAS CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ACTION PENDING TRANSFER TO FEDERAL MULTI-DISTRICT LITIGATION** |
| vs. | |
| ALLIED PACKING AND SUPPLY, *et al.*, | |
| Defendants. | |
| | [Filed concurrently with Notice of Motion and Motion to Stay Action Pending Transfer to Federal Multi-District Litigation; Declaration of Linda C. Hsu; and [Proposed] Order Granting Motion to Stay] |
| | Date: February 4, 2011 |
| | Time: 9:00 A.M. |
| | Courtroom: Honorable Jeffrey S. White |
| | Courtroom 11, 19th Floor |

819791\0307472

**Exhibit D - Page 365**

|   |   |
|---|---|
| 1 | Defendant McDonnell Douglas Corporation ("MDC") respectfully moves for an order |
| 2 | temporarily staying this action pending transfer to Multidistrict Litigation No. 875 *In Re Asbestos* |
| 3 | *Product Liability Litigation* ("MDL 875") in the U.S. District Court, Eastern District of |
| 4 | Pennsylvania ("MDL Court"). |

### I. BACKGROUND AND STATEMENT OF RELEVANT FACTS

6  This is an asbestos suit properly removed by MDC on January 6, 2010. On January 7, 2011, MDC requested the action be transferred to MDL 875, the multidistrict litigation proceedings in the Eastern District of Pennsylvania involving all federal court asbestos cases. On December 11, 2010, the Judicial Panel on Multi-District Litigation ("Panel") issued a Conditional Transfer Order ("CTO"), conditionally transferring this action to the federal court asbestos MDL proceedings pending in the Eastern District of Pennsylvania ("MDL-875"). (Ex. I.) Only in extremely rare circumstances (estimated to be less than 0.1%) has the Panel declined to transfer an asbestos case to MDL 875. There is no such circumstance here, so it is inevitable that this action will be transferred to MDL 875.

Plaintiffs filed a "Re-Notice of Emergency Motion to Immediately Remand" on January 11, 2011. Plaintiffs' counsel would not agree to stipulate to stay all proceedings pending transfer to the MDL. Given that MDC has made at least a showing of federal jurisdiction on numerous factual grounds in its Notice of Removal (which MDC will further bolster in its Opposition to Plaintiff's Motion for Remand) and because these issues are commonly found in asbestos actions before MDL 875, this Court should grant a temporary stay. A stay would not prejudice Plaintiffs.

Plaintiffs Timothy and Caroline Vest claim that Mr. Vest contracted localized malignant mesothelioma ("LMM") caused by exposure to asbestos. Mr. Vest was diagnosed with LMM in October 2009, at which time his tumor was completely and successfully removed by surgery. He has had no recurrence of a tumor since. Every CT scan he has had since surgery, including his last scan in November 2010, has showed no sign of the disease. Mr. Vest's treating doctor cleared him physically to return to work in August 2010. Plaintiffs never sought a trial preference – because they are not entitled to one – Mr. Vest is not ill or dying.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## II. ALL PROCEEDINGS SHOULD BE STAYED PENDING TRANSFER TO THE ASBESTOS MDL COURT

A district court has the inherent power to stay proceedings before it and a majority of courts have found it appropriate to stay proceedings while a motion to transfer and consolidate is pending before the Panel because a stay provides for consistent treatment of similar issues and will reduce the burden on the court. *Landis v. North American*, 299 U.S. 248, 254 (1936); *Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360, 1362 (C.D. Cal. 1997); *see Lisa, S.A. v. Mayorga*, 232 F.Supp.2d 1325, 1326 (S.D. Fla. 2002); *see also Bonenfant v. R.J. Reynolds Tobacco*, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) ("[i]t is common practice for courts to stay an action pending a transfer decision by the JPML"). In deciding whether to grant a temporary stay pending the Panel's decision, the following three factors should be considered: (1) whether judicial economy favors a stay; (2) potential prejudice to the non-moving party; and (3) hardship and inequity to the moving party if the action is not stayed. *Rivers*, 980 F.Supp. at 1360.

### A. A Stay Will Promote Judicial Economy

The Panel was created in 1968 to determine whether civil actions pending in different federal districts involving common questions of fact should be transferred to one federal district for coordinated or consolidated pretrial proceedings. *See* 28 U.S.C. § 1407(a). "The purposes of this transfer or 'centralization' process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary." *An Overview of the United States Judicial Panel on Multidistrict Litigation*, *available at* http://www.jpml.uscourts.gov/General_Info/general_info.html (last visited Jan. 8, 2011). On July 29, 1991, the Panel entered an order transferring all asbestos cases pending in all federal district courts to the U.S. District Court, Eastern District of Pennsylvania, for coordinated pretrial proceedings. (*See* MDL Transfer Order attached as Ex. A.) That Order also applies to tag-along actions such as this one involving common questions of fact.

Plaintiff's motion to remand and the jurisdictional issues involved are complex, legally and factually, and will require extensive briefing and evidence. If the Court does not stay the action pending transfer to the MDL, it would have "needlessly expended its energies familiarizing itself

with the intricacies of a case that would be heard by another judge," in the event that action is, as anticipated, transferred to the MDL proceedings. *Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. 1997). Judicial economy concerns compel the imposition of a stay where common legal issues are likely to be considered in other actions before the MDL Court. *See Shields v. Bridgestone/Firestone*, 232 F.Supp. 2d 715, 718 (E.D. Tex. 2002). Under such circumstances, there is an undesirable risk of inconsistent decisions by potential transferor district courts absent a stay of proceedings in those courts. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *Boudreaux v. Metropolitan Life*, 1995 U.S. Dist. LEXIS 2656, at *3-*5 (E.D. La. Feb. 24, 1995) (granting stay of asbestos-related proceedings to prevent litigation of issue in multiple district courts and eliminate possibility of conflicting results).

The Panel has repeatedly urged that the MDL courts hear jurisdictional motions, such as motions to remand, in order to promote consistent rulings and judicial efficiency. *See In re Federal Elec. Camp. Act. Litig.*, 511 F.Supp. 821, 824 (JPML 1979); *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972*, 368 F.Supp. 812, 813 (JPML 1973) (refusing to delay transfer decision to permit transferor court to rule on plaintiff's motion because the MDL court has the power to consider remand issue and consolidation in MDL court would eliminate the possibility of conflicting rulings); *see Bonenfant*, 2007 WL 2409980 at *1 (a stay pending the Panel's decision can increase efficiency and consistency); *Lisa, S.A.*, 232 F.Supp.2d at 1327.

In fact, MDL 875 Administrative Order No. 11 (Ex. B), provides for the MDL Court to take further control over all pending motions, which would include any jurisdictional motions such as a motion to remand. Administrative Order No. 11 provides, in part:

> All Motions pending in MDL 875 which are neither granted nor denied as of the date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the Transferee Court shall be deemed denied *without prejudice* and with all time requirements held in abeyance from the initial date of filing. Counsel may refile any unresolved motions for further transferee court action.

Numerous cases involving identical issues, namely asbestos incorporated into military equipment under the Government's direction, have been removed pursuant to Section 1442(a) on "federal officer" grounds. There are numerous military contractors being sued by asbestos plaintiffs in a multitude of jurisdictions throughout the country for their use of Government-

819791\0307472     4     Exhibit D - Page 368

MDC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY ACTION PENDING TRANSFER [Case No. 3:11-CV-00061-JSW]

1 approved and mandated asbestos components in military equipment, against which claims such
2 contractors, like MDC, are immune from liability pursuant to the "government contractor" defense
3 as stated in *Boyle v. United Tech.*, 487 U.S. 500 (1988) and its progeny, including *Niemann v.*
4 *McDonnell Douglas*, 721 F.Supp. 1019 (S.D. Ill. 1989). Under similar circumstances, federal
5 courts in this district as well as other districts have ordered stays pending transfer to MDL 875.
6 (*See* Ex. J: *Order Staying the Instant Action*, *Sanborn v. Asbestos Corporation, Ltd.* (N.D. Cal.
7 Jan. 27, 2009); Ex. K: *Order Temporarily Staying Action*, *Wiggins v. Asbestos Defendants* (N.D.
8 Cal. Mar. 12, 2007); Ex. L: *Order Temporarily Staying Action Pending Transfer to Multi-District*
9 *Litigation No. 875 In re Asbestos Products Liability Litigation*, *Appleton-Hultz v. Amcord Inc.*
10 (C.D. Cal. May 9, 2007).) These and other cases are properly pending in the MDL Court and
11 permitting that Court to address such issues in numerous cases involving similar claims and
12 common factual circumstances promotes consistent and predictable results, particularly since
13 determination of the jurisdictional issue here involves some substantive analysis (albeit not a
14 determination on the merits) of the "government contractor" defense, matters with which the MDL
15 court is thoroughly familiar in the context of asbestos litigation.

16 Because these issues are commonly found in asbestos actions before MDL 875, this Court
17 should let the MDL Court address all such matters and grant a temporary stay without committing
18 its limited resources. *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1048-49 (E.D. Wis. 2001).
19 Judicial economy favors a stay pending transfer.

20 **B. Plaintiffs Will Not Be Substantially Prejudiced By A Temporary Stay**

21 Plaintiffs will not be prejudiced by a stay in this case. *See American Seafood v. Magnolia*
22 *Processing*, 1992 U.S. Dist. LEXIS 7374, at *5 (E.D. Pa. May 8, 1992) (granting motion to stay
23 pending ruling by Panel and noting that plaintiffs would not be substantially prejudiced by
24 temporary stay); *Fontanilles v. Merck & Co.*, 2004 WL 5569871, at *1 (S.D. Fl. Dec. 15, 2004)
25 (noting that plaintiffs would not suffer prejudice by a stay pending the Panel decision). Although
26 this is a personal injury action, Plaintiffs have never moved for a preferential trial date, nor is there
27 any evidence that Mr. Vest currently has LMM, or is otherwise dying. Indeed, he is not dying.
28 Mr. Vest's tumor was successfully resected by surgery in October 2009, and he has had no

1  recurrence of the tumor since. (Ex. C: Oct. 22, 2009 Stanford Pathology Report; Ex. D: Oct. 27,
2  2009 Joseph B. Shrager, M.D. Report; Ex. E: Aug. 10, 2010 Shrager Report; Ex. F: Nov. 1, 2010
3  Shrager Report; Ex. G: Shrager Depo. at 17:5-18:7.) Every CT scan he has had since surgery,
4  including his last scan in November 2010, has showed no sign of the disease. (Exs. E-G.) In other
5  words, he does not have mesothelioma. In August 2010, Mr. Vest was cleared physically by his
6  treating physician to return to work. (Ex. E.) Mr. Vest is not ill or dying. (*See* Exs. C-G.)

7        Any claim by Plaintiffs' counsel that Mr. Vest is in grave condition, has cancer or
8  mesothelioma, or is dying, is false. Contrary to Plaintiffs' counsel's representations in numerous
9  papers filed with this Court, Plaintiffs' retained experts Drs. Hammar and Salyer do not state –
10 because they cannot so state – that Mr. Vest currently has a mesothelioma tumor – localized or
11 diffuse. *See* Declarations of Samuel P. Hammar, M.D. and William R. Salyer, M.D. (Exhibits
12 30-31) filed in support of Plaintiffs' Motion to Remand (Doc. 17, attachments #15-16). The
13 pathology slides Drs. Hammar and Salyer refer to in their declarations are from the tumor and rib
14 sections that Dr. Shrager removed during surgery in October 2009. Any cancer cells that
15 Drs. Hammar and Salyer saw on the slides were removed from Mr. Vest's body at that time, the
16 margins for the resected area were found to be benign (meaning all of the cancer cells were
17 removed), and there is no evidence that any such cells currently exist in Mr. Vest's body. In fact,
18 all of the evidence is to the contrary: Mr. Vest has not had any recurrence. Neither Dr. Hammar
19 nor Dr. Salyer says in his declaration that Mr. Vest is now dying from mesothelioma, or will die
20 soon. Neither of them can make any such statement because neither doctor has ever met,
21 examined or treated Mr. Vest, and there is no evidence to support any such statement. The
22 doctors' finding of a pleural plaque is inconsequential. If a pleural plaque existed (which it did
23 not), it was adjacent to the tumor and removed from Mr. Vest's body during surgery, and there is
24 no evidence of any other plaques. In any event, pleural plaques are asymptomatic, and no one dies
25 from them.

26       At worst, Plaintiffs will be inconvenienced by a very short stay pending resolution of the
27 transfer. The Panel has already been notified of this case, and the clerk issued a Conditional
28 Transfer Order ("CTO"), conditionally transferring this action to MDL 875. (Ex. I.) Unless there

1 is an objection, for which there are no valid grounds, the transfer order will become final and be
2 transmitted to this Court's Clerk 7 days later. (*See* Panel Rule 7.1(b).) But even if Plaintiffs
3 object to the CTO, the Panel will quickly determine – in a matter of a few weeks – that a transfer
4 is proper and the transfer will be effectuated.

5 Indeed, the MDL Court has indicated that it intends to move these cases along
6 expeditiously, thus resulting in Plaintiffs suffering no prejudice. MDL 875 is processing
7 thousands of cases with a dedicated judge and at least five additional judges and magistrates. (*See*
8 Ex: H: Excerpts from *Asbestos Personal Injury, Litigation in the Federal Courts, MDL-875*,
9 Eduardo C. Robreno, Presiding Judge, as amended Sept. 30, 2010, *available at*
10 http://www.paed.uscourts.gov/mdl875a.asp). According to Judge Robreno's nationwide
11 projections, "[b]y June 30, 2010, every case in MDL 875 will have been settled, dismissed,
12 remanded, tried or will be subject to a scheduling order." *Id.* Thus, Plaintiffs will not be
13 prejudiced by a transfer of this case, much less a stay pending a decision regarding MDL transfer.

14 Assuming, *arguendo*, that Plaintiffs could somehow be prejudiced by a temporary stay
15 (which they cannot be), any prejudice would be slight and outweighed by judicial economy and
16 efficiency considerations based on which the MDL proceedings were established in the first place.
17 Courts have granted stays even under circumstances where prejudicial delay would arise because
18 judicial economy considerations are afforded greater weight. *See Rivers*, 980 F.Supp. at 1362, n.5.
19 Upon the Panel's transfer of this action, the matter will immediately proceed. Under these
20 circumstances, courts have held that the benefits of a temporary stay minimize and outweigh any
21 potential prejudice. *See Weinke v. Microsoft Corp.*, 84 F.Supp. 2d 989, 990 (E.D. Wisc. 2000).

22 **C.  MDC And All Parties Will Be Prejudiced If Proceedings Are Not Stayed**

23 Courts recognize that failure to stay one of multiple actions pending determination of a
24 multidistrict litigation petition imposes an unnecessary burden and hardship on defendants.
25 *Carpenters Pension Trust for Southern California v. Ebbers*, 299 B.R. 610, 616 (C.D. Cal. 2003).
26 Here, MDC would be prejudiced because it would be required to unnecessarily litigate this action,
27 including opposing threshold jurisdictional motions such as Plaintiffs' motion to remand, even
28 though this case will likely be transferred to MDL 875. *See Stevens*, 2008 WL 4642663, at *2

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

819791\0307472　　　　　　　　　　　　7　　　　　　　　　　**Exhibit D - Page 371**

MDC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY ACTION PENDING TRANSFER [Case No. 3:11-CV-00061-JSW]

Case MDL No. 875 Document 6760-4 Filed 02/18/11 Page 8 of 15
Case3:11-cv-00061-JSW Document30-1 Filed01/11/11 Page8 of 15

(stays pending transfer to the MDL can preserve judicial and client resources and promote consistency and economy); *Tingley Systems, Inc. v. Bay State HMO Management, Inc.*, 833 F.Supp. 882, 888 (M.D. Fla. 1993). MDC – and, in fact, all parties – also would be prejudiced if it had to begin compliance with this Court's orders, and then proceed under another Scheduling Order issued by the MDL Court.

## IV.   CONCLUSION

MDC respectfully requests that the Court order a temporary stay of this action pending ruling from the Panel regarding transfer of this action to MDL 875.

Dated:  January 11, 2011

Respectfully submitted,
**BRYAN CAVE LLP**

By:   */s/ Robert E. Boone III*
         Robert E. Boone III
Attorneys for Defendant McDONNELL DOUGLAS CORPORATION

819791\0307472

8

Exhibit D - Page 372

MDC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY ACTION PENDING TRANSFER [Case No. 3:11-CV-00061-JSW]

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On January 11, 2011, I served the foregoing document, described as **DEFENDANT MCDONNELL DOUGLAS CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ACTION PENDING TRANSFER TO FEDERAL MULTI DISTRICT LITIGATION**, on each interested party in this action, as follows:

☒ (VIA ELECTRONIC SERVICE): The document was served via The United States District Court – Northern District of California CM/ECF electronic transfer system, which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge, and any registered user in the case. Each transmission was reported as complete and without error.

| | |
|---|---|
| *Attorneys for Plaintiffs*<br>*TIMOTHY VEST AND CAROLINE VEST* | James Lyndon Oberman, Esq.<br>Gloria Chun Amell, Esq.<br>Michael Thomas Stewart, Esq.<br>KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY<br>Jack London Market<br>55 Harrison Street, Suite 400<br>Oakland, CA 94607<br>Telephone: (510) 302-1000<br>Facsimile: (510) 835-4913<br>Email: joberman@kazanlaw.com<br>gamell@kazanlaw.com<br>mstewart@kazanlaw.com |

☒ (BY MAIL) I placed a true copy (or original) of the foregoing document in a sealed envelope addressed to each interested party as set forth below. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business:

**SEE ATTACHED SERVICE LIST.**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 11, 2011, at Santa Monica, California.

*/s/ Karen Minutelli*
Karen Minutelli

**Exhibit D - Page 373**

819011\0307472

CERTIFICATE OF SERVICE [Case No. 3:11-cv-00061-JSW]

| | |
|---|---|
| **SERVICE LIST**<br>*Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.*<br>**Northern District of California Case No. 3:11-cv-00061-JSW** ||
| *Attorneys for Defendant*<br>*ALLIED PACKING AND SUPPLY* | Alan J. Zapala, Esq.<br>HERR & ZAPALA<br>152 North 3rd Street, Suite 500<br>San Jose, CA  95112<br>Telephone:     (408) 287-7788<br>Facsimile:      (408) 927-0408<br>Email:            ajz@mylawfirm.com |
| *Attorneys for Defendant*<br>*ALTA BUILDING MATERIALS CO.* | Richard D. Dumont, Esq.<br>Timothy F. Barteau, Esq.<br>SELMAN BREITMAN LLP<br>33 New Montgomery Street, Sixth Floor<br>San Francisco, CA  94105<br>Telephone:     (415) 979-0400<br>Facsimile:      (415) 979-2099<br>Email:            rdumont@selmanbreitman.com<br>                     tbarteau@selmanbreitman.com |
| *Attorneys for Defendant*<br>*DEAN'S MATERIALS, INC. dba*<br>*CONSTRUCTION MATERIAL*<br>*SUPPLIER* | Mary K. Hillyard, Esq.<br>Jennifer M. Ways, Esq.<br>PRINDLE, AMARO, GOETZ, HILLYARD,<br>BARNES & REINHOLTZ LLP<br>One California Street<br>Suite 1910<br>San Francisco, CA  94104<br>Telephone:     (415) 788-8354<br>Facsimile:      (415) 788-3625<br>Email:            mhillyard@prindlelaw.com<br>                     jways@prindlelaw.com |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| | |
|---|---|
| **SERVICE LIST**<br>*Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.*<br>Northern District of California Case No. 3:11-cv-00061-JSW | |
| *Attorneys for Defendant*<br>*DOWMAN PRODUCTS, INC.* | Michael T. McCall, Esq.<br>Katherine M. Watts, Esq.<br>WALSWORTH, FRANKLIN, BEVINS<br>& McCALL, LLP<br>601 Montgomery Street, 9th Floor<br>San Francisco, CA  94111<br>Telephone:     (415) 781-7072<br>Facsimile:     (415) 391-6258<br>Email:           mmccall@wfbm.com<br>                     kwatts@wfbm.com |
| *Attorneys for Defendant*<br>*GARLOCK SEALING TECHNOLOGIES LLC* | David M. Glaspy, Esq.<br>Brian S. O'Malley, Esq.<br>GLASPY & GLASPY<br>One Walnut Creek Center<br>100 Pringle Ave., Suite 750<br>Walnut Creek, CA  94596<br>Telephone:     (925) 947-1300<br>Facsimile:     (925) 947-1594<br>Email:           dglaspy@glaspy.com<br>                     bomalley@glaspy.com |
| *Attorneys for Defendant*<br>*GEORGE E. MASKER, INC.* | Thomas F. Vandenburg, Esq.<br>Rafael Contreras Sweet, Esq.<br>DONGELL LAWRENCE FINNEY LLP<br>707 Wilshire Boulevard, 45th Floor<br>Los Angeles, CA  90017-3609<br>Telephone:     (213) 943-6100<br>Facsimile:     (213) 943-6101<br>Email:           tvandenburg@dlflawyers.com<br>                     rsweet@dlflawyers.com<br><br>Michael L. Mau, Esq.<br>THE MAU LAW FIRM<br>950 Harrison Street, Suite 213<br>San Francisco, CA  94107-1078<br>Telephone:     (415) 495-8082<br>Facsimile:     (415) 495-8084<br>Email:           maulawsf@hotmail.com |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| | SERVICE LIST<br>*Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.*<br>**Northern District of California Case No. 3:11-cv-00061-JSW** |
|---|---|
| *Attorneys for Defendant*<br>GEORGIA PACIFIC LLC<br>*fka* GEORGIA PACIFIC<br>CORPORATION | Diane T. Gorczyca, Esq.<br>Brien F. McMahon, Esq.<br>PERKINS COIE LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111<br>Telephone: (415) 344-7000<br>Facsimile: (415) 344-7288<br>Email: dgorczyca@perkinscoie.com<br>bmcmahon@perkinscoie.com |
| *Attorneys for Defendants*<br>HENKEL CORPORATION<br>*fka* HENKEL LOCTITE<br>CORPORATION, *and sii to certain assets of the former* DEXTER CORPORATION | Mark Intrieri, Esq.<br>Jessica A. Fakhimi, Esq.<br>CHAPMAN & INTRIERI LLP<br>2236 Mariner Square Drive, Suite 300<br>Alameda, CA 94501-1019<br>Telephone: (510)864-3600<br>Facsimile: (510) 864-3601<br>Email: : mintrieri@chapmanandintrieri.com<br>markintrieri@yahoo.com<br>jfakhimi@chapmanandintrieri.com |
| *Attorneys for Defendant*<br>HEXCEL CORPORATION | Mark Geraghty, Esq.<br>McKENNA, LONG & ALDRIDGE LLP<br>300 S. Grand Avenue, 14th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 688-1000<br>Facsimile: (213) 243-6330<br>Email: mgeraghty@mckennalong.com<br><br>Paul Bird, Esq.<br>McKENNA, LONG & ALDRIDGE<br>101 California Street, 41st Floor<br>San Francisco, CA 94111<br>Telephone: (415) 267-4000<br>Facsimile: (415) 267-4198<br>Email: pbird@mckennalong.com |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| | |
|---|---|
| **SERVICE LIST**<br>*Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.*<br>Northern District of California Case No. 3:11-cv-00061-JSW | |
| *Attorneys for Defendants*<br>KAISER GYPSUM COMPANY, INC.<br>and HANSON PERMANENTE CEMENT,<br>INC. fka KAISER CEMENT<br>CORPORATION | Jennifer Judin, Esq.<br>Annie Wu, Esq.<br>DEHAY & ELLISTON, LLP<br>1300 Clay Street, Suite 840<br>Oakland, CA  94612<br>Telephone:      (510) 285-0750<br>Facsimile:       (510) 285-0740<br>Email:             jjudin@dehay.com<br>                        awu@dehay.com |
| *Attorneys for Defendant*<br>KENTILE FLOORS, INC. | David M. Glaspy, Esq.<br>Brian S. O'Malley, Esq.<br>GLASPY & GLASPY<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 750<br>Walnut Creek, California  94596<br>Telephone:      (925) 947-1300<br>Facsimile:       (925) 947-1594<br>Email:             dglaspy@glaspy.com<br>                        bomalley@glaspy.com |
| *Attorneys for Defendants*<br>LATHROP CONSTRUCTION<br>ASSOCIATES, INC.; LATHROP<br>CONSTRUCTION ASSOC., INC.<br>sii/pae/et F.P. LATHROP<br>CONSTRUCTION ASSOC, INC.<br>sii/pae/et F.P. LATHROP<br>CONSTRUCTION; F.P. LATHROP<br>CORPORATION | Michael Bolechowski, Esq.<br>Mary Ellen Gambino, Esq.<br>WILSON, ELSER, MOSKOWITZ, EDELMAN<br>& DICKER<br>525 Market Street, 17th Floor<br>San Francisco, CA  94105-2722<br>Telephone:      (415) 433-0990<br>Facsimile:       (415) 434-1370<br>Email: michael.bolechowski@wilsonelser.com<br>            mary.gambino@wilsonelser.com |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| | | |
|---|---|---|
| 1 2 | **SERVICE LIST**<br>*Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.*<br>Northern District of California Case No. 3:11-cv-00061-JSW | |
| 3 4 5 6 7 8 | *Attorneys for Defendant*<br>METROPOLITAN LIFE INSURANCE COMPANY | Ruth D. Kahn, Esq.<br>STEPTOE & JOHNSON<br>633 West Fifth Street, Suite 700<br>Los Angeles, CA 90071<br>Telephone: (213) 439-9400<br>Facsimile: (213) 439-9599<br>Email: rkahn@steptoe.com |
| 9 10 11 12 13 14 15 16 17 18 19 | *Attorneys for Specially Appearing Defendant*<br>THE PORT OF OAKLAND | Merton A. Howard, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street<br>26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366<br>Email: mhoward@hansonbridgett.com<br><br>Michele Heffes, Esq.<br>PORT OF OAKLAND LEGAL DEPARTMENT<br>530 Water Street, 4th Floor<br>P.O. Box 2064<br>Oakland, CA 94607<br>Telephone: (510) 627-1348<br>Facsimile: (510) 444-2093<br>Email: mheffes@portoakland.com |
| 20 21 22 23 24 25 | *Attorneys for Defendant*<br>WORLD AIRWAYS, INC. | Jim Goldberg, Esq.<br>Stephanie A. Blazewicz, Esq.<br>BRYAN CAVE LLP<br>Two Embarcadero Center<br>Suite 1410<br>San Francisco, CA 94111-3907<br>Telephone: (415) 675-3400<br>Facsimile: (415) 675-3434<br>Email: jim.goldberg@bryancave.com<br>stephanie.blazewicz@bryancave.com |
| 26 27 28 | | |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

819791\0307472

6

CERTIFICATE OF SERVICE [Case No. 3:11-cv-00061-JSW]

Exhibit D - Page 378

| | |
|---|---|
| **SERVICE LIST**<br>*Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al.*<br>**Northern District of California Case No. 3:11-cv-00061-JSW** ||
| *Attorneys for Defendants*<br>*DESIGNATED DEFENSE COUNSEL* | Calendar Dept.<br>BERRY & BERRY<br>PO Box 16070<br>Oakland, CA 94610<br>Telephone: (510) 835-8330<br>Facsimile: (510) 835-5117<br>Email: calendardept@berryandberry.com |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

819791\0307472

7

CERTIFICATE OF SERVICE [Case No. 3:11-cv-00061-JSW]

**Exhibit D - Page 379**