UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS :
    LIABILITY LITIGATION (NO. VI) :  CIVIL ACTION NO.: MDL 875

This Document Relates to:
ALL ACTIONS

AMENDED ADMINISTRATIVE ORDER NO.12
(AS AMENDED EFFECTIVE AUGUST 27, 2009)

THE COURT, after examination of current procedures in place in this matter, and with a desire to facilitate the expeditious movement of pending cases on the MDL docket, and having had the benefit of input from the court-appointed plaintiff and defendant steering committees, hereby imposes the following filing requirements and procedures:

1.  **SUBMISSION OF IDENTIFICATION INFORMATION**

    All plaintiffs shall submit to the Court a report identifying each plaintiff by full name, date of birth, last four digits of plaintiffs SSN, and a statement indicating the status of the plaintiff in the case before the Court; ie., asbestos-related injury victim, spouse of injured party, administrator of injured party or deceased injured party, executor(trix), child of injured party, etc.

2.  **SUBMISSION OF RELATED COURT ACTIONS**

    Each plaintiff shall identify each and every prior or pending court or administrative action brought with the intent of satisfying in whole or in part, the damages sustained by the plaintiffs alleged asbestos-related personal injury. In each such instance, the plaintiff shall identify the claim, the parties involved, and the results of any action thereon.

3.  **SUBMISSION OF STATEMENT OF CASE STATUS**

    The plaintiff in each case shall identify all of the named defendants in the following manner:

    a)  Each defendant with whom the plaintiff has achieved resolution of his/her claim, whether by settlement or agreement to dismiss without payment or by payment of a claim through the bankruptcy court, shall be identified and, where a dismissal has not yet been entered of record, a proposed order shall be submitted;

b) Each defendant that the plaintiff now desires to dismiss from the action, with or without prejudice, the reason for the dismissal, and a proposed order;

c) Each remaining defendant that is currently in bankruptcy with a claim pending, together with an order for the transfer of the claim to an active docket which the court has created for the holding of such claims; and

d) Each non-bankrupt unsettled defendant.

4. **SUBMISSION OF MEDICAL REPORTS**

Each plaintiff asserting a claim based upon an alleged asbestos-related **malignancy** shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claims as if to withstand a dispositive motion.

Each plaintiff asserting a claim based upon an alleged **non-malignant** injury or condition shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claim as if to withstand a dispositive motion.

Each report or opinion submitted hereunder shall be based upon objective and subjective data which shall be identified and descriptively set out within the report or opinion.

5. **ALTERNATIVE PLAINTIFF SUBMISSION**

Alternative submissions to the court are acceptable under the following circumstances:

a) If the plaintiff has remaining claims only against bankrupt parties and is desirous of seeking payment on those claims through the bankruptcy action, then, as an alternative to the required submissions under sections 2. and 4. above, the plaintiff may submit a proposed order for the transfer of this case to the "Bankrupts Only" docket in the form attached.

b) If the plaintiff has viable claims remaining against both bankrupt and non-bankrupt parties and wishes to pursue through the bankruptcy action only those claims remaining against the bankrupt parties, then, as an alternative to the required submissions under sections 2. and 4. above, the plaintiff may submit a proposed order for the dismissal of the non-bankrupt parties with prejudice and the transfer of the remaining claims against the bankrupt parties to the "Bankrupts Only" docket in the form attached.

c) The plaintiff may at any time submit to the court a proposed order to dismiss his/her case against all parties with prejudice. Plaintiff may also request a dismissal against any or all parties without prejudice; however, notice must be given to all parties, any of whom may file an objection within thirty (30) days

thereafter. The court will hold a hearing if deemed necessary.

6. **TIMING REQUIREMENTS**

Plaintiffs shall submit required documentation and proposed orders to the court in accordance with the schedule set forth:

a) Plaintiffs whose cases were filed during the years 2007, 2006, and before July 29, 1991 shall file with the court their required papers on or before August 1, 2007.

b) Plaintiffs whose cases were filed between July 29, 1991 and December 31, 1995 shall file with the court their required papers on or before September 1, 2007.

c) Plaintiffs whose cases were filed in 1996, 1997 and 1998, shall file with the court their required papers on or before October 1, 2007.

d) Plaintiffs whose cases were filed in 1999, 2000, 2001 and 2002, shall file with the court their required papers on or before November 1, 2007.

e) Plaintiffs whose cases were filed in 2003, 2004, and 2005, shall file with the court their required papers on or before December 1, 2007.

The court may dismiss pursuant to F.R.C.P. 41(b) the cases of any plaintiffs who fail to comply with the requirements set forth.

7. **SCREENED CASES**

Current litigation efforts in this court and in the silica litigation have revealed that many mass screenings lack reliability and accountability and have been conducted in a manner which failed to adhere to certain necessary medical standards and regulations. The result is that mass screenings create an inherent suspicion as to their reliability. Where screenings have been conducted by the Sheet Metal Occupational Health Institute Trust and other organizations utilizing standards and protocols established by the American Thoracic Society (ATS), the Association of Occupational and Environmental Clinics (AOEC), and other accredited health organizations, there is a larger probability of adequacy for the reliability foundation necessary for admissibility. This court will therefore entertain motions and conduct such hearings as may be necessary to resolve questions of evidentiary sufficiency in non-malignant cases supported only by the results of mass screenings which allegedly fail to comport with acceptable screening standards.

8. **EXCLUSIONS**

The case designated as 2MDL 875 (MARDOC) shall be excluded from the requirements set forth and those actions shall continue to be governed by the requirements of previous orders of this court concerning the management of the MARDOC cases.

9. **SETTLEMENT CONFERENCES / SUGGESTIONS OF REMAND**

The court intends upon stepping up the pace of settlement conferences and will accordingly, issue orders to that effect. Counsel are expected to comply with all requirements of the notice and be prepared at the conference. All parties shall submit to the court at the time of the first settlement conference in any case, a *short* position paper stating their position relative to disease, exposure and damages. Mitigating factors for the purposes of settlement shall also be set forth.

If the parties have failed to achieve settlement following one or more settlement conferences and working with the court, the case may be referred to mediation or, if the court finds that the parties have negotiated in good faith without success, the court may suggest the case for remand. A determination of good faith may not be necessary with regard to all defendants. The court will continue to prioritize malignant and exigent cases.

10. **MANNER OF SUBMISSIONS**

All submissions to be made to the court pursuant to this order shall be paper filings with copies provided to all remaining viable parties in accordance with Rule 5, F.R.C.P.

11. **SUBMISSIONS TO BE ELECTRONIC**

From the date of this order forward, all submissions and changes or corrections thereto, shall be made and entered into the database at MDL875Submissions.com without the need to submit paper copies to the Court. The requirement for service upon other parties in accordance with Rule 5, F.R.C.P. shall remain. The Court has designated the law firms of Motley Rice (contact person: Lane Andrae) and Forman, Perry, Watkins, Krutz & Tardy (contact person: Mary Margaret Gay) as the Court's designees in assisting counsel with any problems that may occur with database submissions. Further communications with the designer of the software system for the database (Intercon Inc.) for administration purposes relative to Administrative Order No. 12 are now inappropriate as the contract between the Court and Intercon Inc. does not allow for payment of such services.

12. **INCLUSIVENESS OF SUBMISSIONS**

Except for those plaintiffs excluded under Administrative Order No. 12 by reason of their designation as part of 2 MDL 875 (MARDOC), **ALL PLAINTIFFS** with causes currently in MDL 875 are required to comply with the submission requirements set forth within Administrative Order No. 12. If any plaintiff was not included in the original schedule, i.e., plaintiffs with cases filed in the calendar year 2008, they shall comply within 30 days of the date of this order. The submission requirements shall further apply to all new actions assigned to MDL 875. Cases transferred subsequent to the date of this order shall comply within 30 days of the final date of transfer to the Eastern District of

Pennsylvania. Asbestos-related personal injury cases filed directly in the Eastern District of Pennsylvania shall be treated by counsel as if they were transferred into MDL 875 on the date of filing.

IT IS SO ORDERED.

Date: 9/3/09

BY THE COURT

*[signature]*

---
EDUARDO C. ROBRENO, J.

[Administrative Order No. 12 - Exhibit to Section 5a]

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS  :
    LIABILITY LITIGATION (NO. VI)  :  CIVIL ACTION NO.: MDL 875

---

This Document Relates to:

---

UNITED STATES DISTRICT COURT
FOR THE (Name of Transferor District)

DOE, John and Mary  :
               v.  :  Civil Action No. (Transferor Court No.)
ABC Corp., et al.  :

---

## MOTION AND ORDER TO TRANSFER TO "BANKRUPT'S ONLY" DOCKET

    Plaintiff hereby submits to the Court, in accordance with this Court's Administrative Order No. 12, that the only remaining claims in this action are against defendants in bankruptcy and that the defendant wishes at this time to pursue those claims through the bankruptcy claim process.

    Plaintiff therefore moves that this action be transferred to the Court's administrative "Bankrupt's Only" docket. The Plaintiff understands that should there be a change of circumstances, the Plaintiff may, upon compliance with Administrative Order No. 12, petition the Court to have this action reinstated against certain defendants.

    Plaintiff further understands that it is Plaintiff's responsibility to submit a final dismissal order to this Court when all claims have been resolved.

SUBMITTED BY:                              SO ORDERED.

_____                  _____
(Counsel for Plaintiff)                    EDUARDO C. ROBRENO, J.

DATE: _____                    DATE: _____

Address: _____

Phone: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS           :
      LIABILITY LITIGATION (NO. VI)   :   CIVIL ACTION NO.: MDL 875

This Document Relates to:

UNITED STATES DISTRICT COURT
FOR THE (Name of Transferor District)

DOE, John and Mary                 :
                                      :
       v.                           :   Civil Action No. (Transferor Court No.)
                                      :
ABC Corp., et al.                  :

## MOTION AND ORDER TO TRANSFER TO "BANKRUPT'S ONLY" DOCKET

      Plaintiff hereby submits to the Court, in accordance with this Court's Administrative Order No. 12, that the remaining claims in this action are against bankrupt and non-bankrupt defendants. Plaintiff desires to dismiss with prejudice all claims against the remaining non-bankrupt defendants and pursue those claims remaining against the bankrupt defendants through the bankruptcy claim process.

The remaining non-bankrupt defendants to be dismissed with prejudice are:

(List non-bankrupt defendants to be dismissed with prejudice)

      Plaintiff therefore moves that, following the dismissal of the non-bankrupt defendants, this action be transferred to the Court's administrative "Bankrupt's Only" docket. The Plaintiff understands that should there be a change of circumstances, the Plaintiff may, upon compliance with Administrative Order No. 12, petition the Court to have this action reinstated against certain bankrupt defendants.

      Plaintiff further understands that it is Plaintiff's responsibility to submit a final dismissal order to this Court when all claims have been resolved.

SUBMITTED BY:                                              SO ORDERED.

_____                            _____
(Counsel for Plaintiff)                                    EDUARDO C. ROBRENO, J.

DATE: _____                              DATE: _____

Address: _____

Phone: _____

Exhibit G - Page 393