## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § | |
| | § | **MDL 875** |
| **Asbestos Product Liability Litigation (No. VI)** | § | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALICE R. JEFFERSON, ET AL., | * | CIVIL ACTION NO. |
| | * | 10-4440 |
| Plaintiffs, | * | |
| | * | DIVISION "S" |
| VS. | * | |
| | * | JUDGE MARY ANN LEMMON |
| AMERICAN SUGAR REFINING, INC., | * | |
| ET AL., | * | SECTION 3 |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL KNOWLES, III |
| Defendants. | * | |
| | * | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO
VACATE CONDITIONAL TRANSFER ORDER NO. 357**

COME NOW Plaintiffs and hereby file the following brief opposing the transfer of this case from the Eastern District of Louisiana to the Eastern District of Pennsylvania. Plaintiffs' Motion for Remand will be heard by the Eastern District of Louisiana on March 23, 2011.

I.  **INTRODUCTION.**

This case was brought under the Jones Act and is made explicitly not removable by statute. *See* 46 U.S.C.A Section 30104. Plaintiffs are filing a Motion to Remand on February 22, 2011.

Plaintiffs respectfully request this Court to vacate its transfer of this case to the Federal Multidistrict Litigation (MDL) Court 875 for the following reasons: (1) Plaintiffs will be unduly

1

prejudiced if this case is transferred to the Federal MDL because Plaintiffs are filing a Motion to Remand because Plaintiffs' Jones Act case was improperly removed; (2) transferring this case while Plaintiffs are filing a Motion to Remand would be a waste of judicial resources.

## II.   FACTUAL BACKGROUND.

Plaintiffs, Alice R. Jefferson, Lucious Jefferson, Jr., Angela J. Nelson, Sharon J. Galloway, Tiffany C. Jefferson, Reginald T. Jefferson and Steven Jefferson ("Plaintiffs"), filed suit in 2007 in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Action No. 07-14804, for damages arising from Decedent Lucious Jefferson's occupational exposure to asbestos and contraction of malignant mesothelioma, a terminal asbestos-related cancer.  Mr. Jefferson was a stevedore in the Port of New Orleans. Mr. Jefferson died from malignant mesothelioma on December 12, 2006. A timeline of relevant events is as follows:

| | |
|---|---|
| 11-14-2007 | Plaintiffs' Original Petition filed in state court[1] |
| 11-23-2010 | Plaintiffs' Third Supplement and Amendment to the Original Petition for Damages[2] |
| 12-01-2010 | Case removed to Eastern District of Louisiana[3] |
| 1-28-2011 | CTO-357 issued[4] |

---

[1] A copy of Plaintiffs' Original Petition for Damages is attached as **Exhibit 1**.

[2] A copy of Plaintiffs' Third Supplement and Amendment to the Original Petition for Damages is attached as **Exhibit 2**.

[3] A copy of Defendant's Notice of Removal (exhibits omitted) is attached as **Exhibit 3**.

[4] A copy of CTO-357 is attached as **Exhibit 4**. After CTO-357 was originally issued, the case was briefly transferred to the MDL, however, the MDL clerk reinstated CTO-357 upon Plaintiffs' Motion to Reinstate. A copy of the clerk's minute order reinstating CTO-357 is attached as **Exhibit 5**.

**III.   ARGUMENT.**

The federal statute governing multidistrict litigation provides that actions may be transferred "by the judicial panel on multidistrict litigation authorized by this section *upon its determination that transfers for such proceedings . . . will promote the just and efficient conduct of such actions*."  28 U.S.C. § 1407(a) (emphasis added).  "The Panel's statutory mandate is to weigh the interests of all parties . . . in light of the purposes of Section 1407."  *In re Stirling Homex Corp. Sec. Litig.*, 442 F. Supp. 547, 550 (J.P.M.L. 1977).  On prior occasions, this Panel has vacated orders transferring cases to MDL No. 875 in order to allow the transferring court adequate time to rule on remand motions.  *Vasura v. AC&S*, 84 F. Supp. 2d 531, 532-33 (S.D.N.Y. 2000).  Such relief is warranted here, where transfer of this case to MDL No. 875 prior to the district court's ruling on Plaintiffs' Motion to Remand would be unjust and inefficient.

> **A. Plaintiffs Will be Unduly Prejudiced if this Case is Transferred to the MDL Because the Federal Courts Lack Subject Matter Jurisdiction Over this Case.**

This case was brought under the Jones Act and is, therefore, not removable by statute.  *See* 46 U.S.C.A Section 30104.  Plaintiffs have filed a Motion to Remand in this case and requested that it be set for oral argument on March 23, 2011. A transfer of this case the prior to the District Court's hearing on Plaintiffs' remand motion would be unduly prejudicial because the federal courts lack jurisdiction over this case.

> **B. Transfer of this Lawsuit to MDL No. 875 Would Not Promote Judicial Efficiency.**

Judicial efficiency and economy are best served when issues relating to the remand of erroneously removed cases are considered and decided by courts in the original federal jurisdiction prior to the transfer of such lawsuits to an MDL court.  *Barragan v. Warner-Lambert*

3

*Co.*, 216 F. Supp. 2d 627, 630 (W.D. Tex. 2002); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) ("For purposes of judicial economy, the jurisdictional issue should be resolved immediately.  If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended [by transferring the case to an MDL].").

As indicated *supra*, the federal courts lack subject matter jurisdiction over this case and it should be remanded to state court. Plaintiffs will be heard by the district court on this matter on March 23, 2011.  Transfer of this case prior to the district court's ruling on Plaintiffs' Motion to Remand would be a waste of judicial resources. Because judicial economy would be undermined by a transfer of this action to MDL No. 875 prior to a resolution of the jurisdictional question by the district court, transfer is inappropriate pursuant to the plain language of 28 U.S.C. § 1407(a).

**IV.   CONCLUSION.**

Based on the foregoing, Plaintiffs respectfully request that this Panel vacate Conditional Transfer Order No. 357 as it relates to Plaintiffs' cause of action, pending a decision by the Eastern District of Louisiana on Plaintiffs' Motion to Remand.

Date:   February 22, 2011

> Respectfully Submitted,
>
> /s/ Denyse Clancy
> Denyse F. Clancy
> Baron & Budd, PC
> 3102 Oak Lawn Ave.
> Suite 1100
> Dallas, TX 75219
> (214) 521-3605
> dclancy@baronbudd.com
> Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the above has been electronically filed using the CM/ECF system, thereby electronically serving this document upon counsel of record this  22nd  day of February, 2011 to the following:

Gus A. Fritchie, III, Esq.
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras Street, Suite 2700
New Orleans, LA  70130
**Attorneys for BCI Acquisitions, Inc.**

Roland M. Vandenweghe, Jr., Esq.
Adams & Reese
701 Poydras Street, Suite 4500
New Orleans, LA  70139
**Attorneys for Cooper/T Smith Stevedoring Company**

Patricia Penton, Esq.
Lee, Futrell & Perles, L.L.P.
136 Metairie Lawn Drive
Metairie, LA  70001
**Attorneys for Dixie Machine, Welding & Metal Works, Inc.**

Susan Kohn, Esq.
Simon, Peragine, Smith & Redfearn
1100 Poydras Street, 30th Floor
New Orleans, LA  70163
**Attorneys for McCarty Corporation, The Eagle, Inc.**

Richard P. Sulzer, Esq.
Robert E. Williams, IV, Esq.
Sulzer & Williams, LLC
201 Holiday Boulevard, Suite 335
Covington, LA  70433
**Attorneys for SSA Gulf Terminals, Inc.**

Paul Harrison, Esq.
Law Offices of Paul E. Harrison
532 Girod Street
Mandeville, LA  70448
**Attorneys for American Sugar Refining, Inc.**

John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130
**Attorneys for Crowley Marine Services, Inc.**

Wilton Bland, III, Esq.
Jacques P. DeGruy, Esq.
Mouledoux, Bland, Legrant & Brackett, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, LA  70139
**Attorneys for Ports America Gulfport, Inc.**

Lance Sannino, Esq.
201 St. Charles Avenue
New Orleans, LA  70170
**Attorneys for James J. Flanagan Shipping Corp.**

John K. Nieset, Esq.
Christovich & Kearner, LLP
Pan American Life Building
601 Poydras Street, Suite 2300
New Orleans, LA  70130
**Attorneys for Hartford Accident & Indemnity Co.**

| | |
|---|---|
| Antonio J. Rodriguez, Esq.<br>Philip C. Brickman, Esq.<br>Fowler, Rodriguez, Valdes-Fauli<br>400 Poydras Street, 30th Floor<br>New Orleans, LA 70130<br>**Attorneys for Industrial Development Corporation**<br>  **of South Africa, Limited** | H. Phillip Radecker, Jr., Esq.<br>Pugh, Accardo, Haas & Radecker<br>1100 Poydras Street<br>Suite 2000<br>New Orleans, LA  70163<br>**Attorneys for Buck Kreihs Company, Inc.**<br>**J/K/A/ Sank, Inc.** |
| | /s/ Denyse Clancy<br>Denyse F. Clancy |