# Exhibit 1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2007-14804                 SECTION: 11                 DIVISION "G"

ALICE R. JEFFERSON, LUCIOUS JEFFERSON, JR., ANGELA J. NELSON,
SHARON J. GALLOWAY, TIFFANY C. JEFFERSON, REGINALD T. JEFFERSON,
AND STEVEN JEFFERSON on behalf of LUCIOUS JEFFERSON, SR., deceased

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____       _____
                                        DEPUTY CLERK

### PETITION FOR DAMAGES

Now into Court, through undersigned counsel, come the petitioners, Alice R.
Jefferson, Lucious Jefferson, Jr., Angela J. Nelson, Sharon J. Galloway, Tiffany C.
Jefferson, Reginald T. Jefferson and Steven Jefferson, surviving spouse or children of
Lucious Jefferson, Sr., deceased  (hereinafter referred to as the Plaintiffs), who names
and residences are shown on Exhibit "A" which is attached hereto and incorporated
herein, who file this their Petition for Damages:

1.      The Plaintiffs' Decedent had substantial exposure to Defendants' asbestos-
containing products in this Parish at the location(s) described in Exhibit "A".

2.      The damages sought by Plaintiffs, exclusive of interests and costs, exceed
the minimum jurisdictional limits of the Court.

3.      The Defendants, identified in Exhibit "B," are all either:  (a) foreign
corporations licensed to do and doing business in the state of Louisiana, (b) domestic
corporations licensed to do business and doing business in the state of Louisiana, (c)
individuals who are domiciled in this state, (d) individuals who are not domiciled in
this state, or (e) foreign or alien insurers, that are liable to the Plaintiffs for the claims
asserted herein.

4.      Each Defendant corporation and/or its predecessor-in-interest is, or at
times material hereto, has been engaged in the mining, processing, manufacturing,
installation, removal, maintenance, sale and/or distribution of asbestos asbestos-
containing products, and/or machinery requiring or calling for the use of asbestos

containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-containing products"), or held themselves out as manufacturers of such products or were professional vendors of such products.

5.     The death of Lucious Jefferson, Sr. on or about December 12, 2006, was due to, or a consequence of, his exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se, defective in composition or construction, defective in design, lacking suitable warnings or instructions concerning the hazards presented, as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain defendants as alleged with more specificity below.  As a direct and proximate result of the delictual conduct of the defendants, the petitioners, Alice R. Jefferson, Lucious Jefferson, Jr., Angela J. Nelson, Sharon J. Galloway, Tiffany C. Jefferson, Reginald T. Jefferson and Steven Jefferson, have lost the love, affection, society, support, services and future earnings of Lucious Jefferson, Sr., deceased, and pursuant to Louisiana Civil Code article 2315.2, assert this wrongful death action against the defendants.

6.     The Plaintiffs, Alice R. Jefferson, Lucious Jefferson, Jr., Angela J. Nelson, Sharon J. Galloway, Tiffany C. Jefferson, Reginald T. Jefferson and Steven Jefferson, are the statutory survivors of the referenced decedent and hereby assert this survival action pursuant to Louisiana Civil Code article 2315.1.

7.     Plaintiffs' Decedent worked with and/or was exposed to asbestos-containing products while working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the state of Louisiana and elsewhere in the United States.  Plaintiffs' Decedent's work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A."  Plaintiffs' Decedent has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of

asbestos fibers, and as a result has suffered injuries and/or death proximately caused by such exposure.

8.      Plaintiffs' Decedent was exposed to asbestos or asbestos-containing products in occupation(s) including, but not limited to, those set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Plaintiffs' Decedent's injuries and/or death, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

## VENUE

9.      The defendant, Eagle, Inc. (Eagle), is a domestic corporation with a principal place of business located in the Parish of Orleans, State of Louisiana. Plaintiffs' Decedent, Lucious Jefferson, Sr., was exposed to products, distributed and installed by the above-referenced defendants at the work sites in Exhibit "A." Plaintiffs specifically allege that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

10.      Each of the defendants listed in Exhibits "B," contributed with Eagle, to Mr. Jefferson's exposure to asbestos at his work sites, including but not limited to, the exposure sites located on Exhibit "A." Each of these defendants is liable in solido, with Eagle to the Plaintiffs. Further, this action is within the jurisdiction of this court, because Orleans Parish is the site of exposure.  Thus, venue proper for these defendants is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

## BACKGROUND

11.      Plaintiffs' decedent worked on board various ships at the locations and on the dates outlined in Exhibit "A."  His duties included, but were not limited to, loading and off-loading of cargo, which on many occasions included raw asbestos and/or asbestos-containing materials and were carried out in the same general vicinity where insulation contractors and suppliers were engaged in the removal and installation of asbestos-containing products.  His duties also included, but were not limited to, reconditioning cargo, a job which required him to repair torn boxes and sacks of raw

asbestos fibers shipped by asbestos fiber suppliers, and manufacturer/sellers.

12.     During various lengthy periods of time, Plaintiffs' Decedent suffered occupational exposure to asbestos and asbestos-containing products designed, mined, manufactured, sold, distributed, supplied and/or maintained on various premises by the defendants.

13.     During Plaintiffs' Decedent's occupational exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, Plaintiffs' Decedent's job sites listed on Exhibit "A" where Plaintiffs' Decedent was exposed to asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances, commonly referred to as "asbestos."

14.     When inhaled or otherwise ingested, mineral dust and fibers, including, but not limited to, asbestos, cause irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, lung cancer, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

15.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiffs' Decedent, of the health hazards inherent in the asbestos-containing products they were selling.  Instead of warning the Plaintiffs' Decedent and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos and/or asbestos-containing products and to avoid litigation by those who were injured from inhalation of asbestos fibers.   Those defendants who have engaged in intentional misconduct, fraud, or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct.

16.    In connection with Plaintiffs' Decedent's work at, including but not limited to, the job sites listed on Exhibit "A" during the exposure period, the Plaintiffs' Decedent was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

17.    As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, including but not limited to, the exposure sites on Exhibit "A." Plaintiffs' Decedent has received injuries, both physically and mentally, including, without limitation: (i) mesothelioma; (ii) and mental anguish associated with the preceding conditions, and with the fear of developing the preceding conditions.

18.    Lucious Jefferson, Sr., was diagnosed with malignant mesothelioma on June 14, 2006, and died as a consequence of this disease on December 12, 2006. This action is being instituted within one-year of his death and is, therefore, timely filed pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2.

<u>COUNT ONE</u>

**NEGLIGENCE**
**("Defendants" in this count means all Defendants, except for the Premise**
**Defendants, Employer Defendants listed on Exhibits "D" and "E")**

19.    The illnesses, disabilities, and/or death of Plaintiffs' Decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiffs' Decedent's health and well-being. The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiffs' Decedent's illnesses, disabilities and/or death:

(a)    failing to timely and adequately warn Plaintiffs' Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos and/or asbestos-containing products;

(b)    failing to provide Plaintiffs' Decedent with information as to what would

be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Plaintiffs' Decedent from being harmed and disabled by exposure to asbestos and/or asbestos-containing products;

(c)   failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, to warn of the dangers to health of coming into contact with said asbestos or asbestos-containing products and/or machinery;

(d)   failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling, installing, and/or using or removing asbestos and/or asbestos-containing products;

(e)   failing to develop and/or use a substitute material to eliminate asbestos fibers in the asbestos-containing products;

(f)   failing to properly design and manufacture asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)   failing to properly test asbestos-containing products before they were released for consumer use; and

(h)   failing to recall and/or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

## COUNT TWO

### STRICT LIABILITY
**("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants listed on Exhibits "D" and "E")**

20.   All of the allegations contained in the previous paragraphs are realleged herein.

21.   Plaintiffs' Decedent was exposed to asbestos-containing products that were manufactured and distributed by the Defendants and/or their predecessors-in-

6

interest for use as construction materials and/or machinery in industrial operations. The defective condition of the products rendered such products unreasonably dangerous, and the asbestos-containing products were in this defective condition at the time they left the hands of Defendants.  Further, said products were unreasonably dangerous per se, unreasonably dangerous due to Defendants' failure to warn, and unreasonably dangerous due to a design defect.

22.     The Defendants are engaged in the business of selling asbestos-containing products, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries and/or death of Plaintiffs' Decedent.

23.     Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, operation, maintenance and/or repair of the asbestos-containing products.

24.     Plaintiffs' Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.

25.     During the periods that Plaintiffs' Decedent was exposed to the Defendants' asbestos-containing products, these asbestos-containing products were being used in a manner which was intended and/or reasonably foreseeable by Defendants.

**COUNT THREE**

**STRICT LIABILITY**
**AND NEGLIGENCE AGAINST THE CONTRACTOR DEFENDANTS**

26.     At various times, the Contractor Defendants identified in Exhibit "C," performed a variety of contract services, including maintenance and repairs of vessels at *various locations at the Port of New Orleans, including,* but not limited to the following terminals: The Riverfront, f/k/a The Brewery, The Cotton Warehouses, Maurice Street Wharf, The Napoleon Avenue Wharf, Henry Clay Wharf, Nashville Street Wharf, Milan Street Wharf, Sky Dock Wharf, *Louisiana Street Wharf, Toulouse Street Wharf,*

Esplanade Street Wharf, Mandeville Street Wharf, Pauline Street Wharf, Louisa Street Wharf, Jordan Street Wharf, Harmony Street Wharf, Congress Street Wharf, Army Base Wharf, Chalmette Slip, Market Street Wharf, First Street Wharf, Thalia Street Wharf, Seventh Street Wharf, St. Rose Street Wharf, Orange Street Wharf, Poydras Street Wharf, Desire Street Wharf, Press Street Wharf, Robin Street Wharf, Julia Street Wharf, Celeste Street Wharf, St. Andrews Street Wharf, France Road Wharf, and/or Reserve Wharf; area shipyards; and other sites on land in the industrial corridor between New Orleans and Baton Rouge, Louisiana.

27.    The activities conducted by the Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at the sites identified above. These products include, but are not limited to, asbestos, asbestos cement, asbestos pipe covering, asbestos block, asbestos rope, asbestos cloth, asbestos blankets, asbestos gaskets, asbestos packings and other asbestos-containing products and materials which will be identified through discovery.

28.    The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

29.    Plaintiffs' Decedent was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendants and their subcontractors identified in Exhibit "C."

30.    The Contractor Defendants negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

(a)    By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Plaintiffs' Decedent to work;

(b)    By failing to provide warnings, or adequate warnings, to Plaintiffs' Decedent of the dangers and risks posed by the asbestos in the atmosphere in which Plaintiffs' Decedent worked; of the need for correct,

adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsite in particular; and of the hazards created by Defendants' activities;

(c)     By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)     By failing to apprize Plaintiffs' Decedent of the need for periodic medical examinations as a result of Plaintiffs' Decedent's exposure to asbestos created by Defendants' activities;

(e)     By failing to ventilate and/or properly ventilate the areas in which Plaintiffs' Decedent performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)     By failing to clean up and/or properly clean up the asbestos dust created by Plaintiffs' Decedent's activities;

(g)     By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiffs' Decedent, who came into contact with asbestos dust as a result of Plaintiffs' Decedent's activities;

(h)     By recklessly concealing from Plaintiffs' Decedent and negligently failing to provide critical medical and safety information to Plaintiffs' Decedent regarding the safety and health risks associated with the asbestos and asbestos-containing products;

(i)     By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)     By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)     By failing to properly supervise and/or monitor their work areas for

compliance with safety regulations;

(l)    By failing to supervise their operations and the operations of their subcontractors;

(m)    By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Plaintiffs' Decedent and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)    By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)    By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

(p)    By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Defendants knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)    By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the their activities;

(r)    By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

(s)    By failing to purchase products and materials that did not contain asbestos;

(t)    By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u)    By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired,

replaced, and tore out as containing asbestos; and

(v)   By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

31.     The negligent acts outlined above were a substantial contributing factor in Plaintiffs' Decedent's exposure to dangerous and hazardous levels of asbestos, and resultant damages.

32.     The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Plaintiffs' Decedent's injuries and damages.

33.     Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

34.     Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiffs' Decedent 's injuries.  Therefore, the Contractor Defendants are strictly liable for Plaintiffs' Decedent's damages pursuant to Louisiana Civil Code article 2317.

35.     Additionally, when such contractors did not employ Plaintiffs' Decedent, Plaintiffs' Decedent was exposed to the asbestos containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants that were in the care, custody and control of the Contractor Defendants and were unreasonably dangerous due to the presence of asbestos.

## COUNT FOUR

### NEGLIGENCE OF PLAINTIFFS' DECEDENT'S EMPLOYERS
(As to Plaintiffs' Decedent's Employers only. "Defendants" in this
count means these Defendants only, as identified in Exhibit "D")

36.     Plaintiffs, allege negligent, grossly negligent, wanton, willful and intentional misconduct on behalf of decedent's employers and employers' executive

officers and directors, as identified in Exhibit "D," in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

37.     At various times, plaintiff was required to transport asbestos and asbestos-containing products from the various facilities owned and operated by the defendants identified in Exhibit "D," (hereinafter the "premise defendants"). This ultra-hazardous material was transported, stored, used and handled by and through the Port of New Orleans, in bags of raw asbestos or as manufactured products and was mishandled, used or damaged in such a way as to cause asbestos dust to be released in such heavy quantities as to be hazardous to Plaintiffs' decedent, without his knowledge or fault.

38.     In connection with those duties, mentioned above, Plaintiffs' Decedent was required to unload these ultra-hazardous materials from the vessels onto tractors, via slings, wherein he would then transport the materials to land side warehouses. Plaintiffs' decedent would then unload these ultra-hazardous materials for storage in these landside warehouses.

39.     The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually and/or delegated to them for providing Plaintiffs' Decedent with a safe place to work and Defendants wantonly and/or negligently and/or willfully and/or intentionally failed to provide Plaintiffs' Decedent a safe place to work.

40.     Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiffs' Decedent by negligently performing duties owed individually and/or delegated to them, directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiffs' Decedent. The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment;

(b)    in failing to protect Plaintiffs' Decedent from any asbestos exposure;

(c)    in failing to provide Plaintiffs' Decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)    in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)    in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiffs' Decedent 's exposure to asbestos dust;

(f)    in failing to properly perform safety inspections of the Plaintiffs' work place;

(g)    in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiffs' Decedent's work sites;

(h)    in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)    in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiffs' Decedent's work sites; and

(j)    in negligently and intentionally failing to disclose, warn or reveal medical and safety information to Plaintiffs' Decedent regarding the hazards of asbestos.

41.    The negligence of Plaintiffs' Decedent's employers was a substantial factor and contributed in causing Plaintiffs' Decedent, Lucious Jefferson, Sr., to contract mesothelioma, which resulted in his death.

### COUNT FIVE

**PREMISES LIABILITY**
**(As to Premises Liability Defendants only. "Defendants" in this case means these defendants only, as identified in Exhibit "E")**

46.    Plaintiffs' Decedent, Lucious Jefferson, Sr., was exposed to asbestos and

asbestos-containing materials while working at the jobsites identified in Exhibit "A". The Premise Defendants identified in Exhibit "E," at all times relevant to this complaint, have been either the operator and/or the manager and/or the owner and occupier of its respective facilities and in custody of the facilities during the relevant time period. The facilities were defective in that the asbestos and asbestos-containing materials in the facilities created an unreasonable risk of harm to the Plaintiff and other persons on the premises. Plaintiffs' Decedent, Lucious Jefferson, Sr., was exposed to asbestos and asbestos-containing materials while he was an invitee at the premise defendants' facilities. The defective condition of the facilities was a proximate cause of the Plaintiffs' Decedent contracting mesothelioma, which resulted his death.

47.     The Premise Defendants are liable to Plaintiffs' Decedent for its failure to exercise reasonable care to protect Plaintiffs' Decedent from the foreseeable dangers associated with exposure to asbestos. The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm. The Premise Defendants' failure to protect Plaintiffs' Decedent, from known and/or foreseeable dangers constitutes negligence. Said negligence was a proximate cause of Plaintiffs' Decedent, Lucious Jefferson, Sr., contracting mesothelioma, which resulted in his death.

**COUNT SIX**

**JOINT AND SOLIDARY LIABILITY**

48.     All of the allegations contained in the previous paragraphs are realleged herein.

49.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries and/or death of the Plaintiffs' Decedent.

50.     The actions of each of the Defendants is a proximate cause of Plaintiffs' Decedent's injuries and/or death. As a result, all Defendants are jointly and solidarily

liable for the damage caused by their combined actions.

## DAMAGES

51.    The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and wrongful death of Plaintiffs' Decedent, Lucious Jefferson, Sr., and of the following general and special damages including, but not limited to, damages for survival and wrongful death claims, that Plaintiffs have sustained in their individual capacity and as widow to decedent, Lucious Jefferson, Sr., including:

(a)    The conscious physical pain and suffering and mental anguish sustained by Lucious Jefferson, Sr. prior to his death;

(b)    The physical impairment suffered by Lucious Jefferson, Sr. prior to his death;

(c)    The disfigurement suffered by Lucious Jefferson, Sr. prior to his death;

(d)    Reasonable and necessary medical expenses incurred by Lucious Jefferson, Sr. and his estate;

(e)    Reasonable funeral and burial expenses;

(f)    Decedent's lost earnings and net accumulations;

(g)    The loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs' Decedent's family members received from the decedent prior to his last illness and death;

(h)    Lucious Jefferson, Sr.'s mental anguish caused by his extraordinary increased likelihood during his lifetime of developing asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, installed, maintained, sold and/or distributed by the named Defendants; and;

(i)    Decedent's loss of enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of

Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate

allowed by law, and for such other and further relief, both at law and in equity, to

which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

LEBLANC & WADDELL, LLP

By: _____

CAMERON R. WADDELL, Bar No. 24245
JODY E. ANDERMAN, Bar No. 18764
CHRISTOPHER C. COLLEY, Bar No. 30322
2540 Severn Ave., Ste. 400
Metairie, LA 70002
Telephone: (225) 768-7222
Facsimile: (504) 885-9968

16

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

5088376

**DECEDENT**

| 1a. LAST NAME OF DECEDENT | 1b. FIRST NAME | 1c. MIDDLE NAME | 1d. DATE OF DEATH (Month, Day, Year) |
|---|---|---|---|
| Jefferson | Lucious | | December 12, 2006 |

| 2a. HOUR OF DEATH | 3. SEX | 4. RACE | 5. MARITAL STATUS | 6a. SURVIVING SPOUSE (Maiden Name) |
|---|---|---|---|---|
| 11:13 PM | Male | Black | Married | Alice Ray Cooper |

| 7. DATE OF BIRTH | 8a. AGE | 8b. UNDER 1 YEAR | 8c. UNDER 1 DAY | 9. BIRTHPLACE |
|---|---|---|---|---|
| November 24, 1930 | 76 | | | Angie, Louisiana |

| 10. USUAL OCCUPATION | 11. KIND OF BUSINESS/INDUSTRY | 12. ARMED FORCES? |
|---|---|---|
| Longshoreman | Longshore | No |

| 13. EDUCATION | 14. SOCIAL SECURITY NUMBER | 15. RESIDENT ... | COLLEGE |
|---|---|---|---|
| Yes | 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 | 12 | |

**PLACE OF DEATH**

| 16a. PLACE OF DEATH |
|---|
| HOSPITAL  INPATIENT [X]  ... |

| 16b. NAME OF FACILITY |
|---|
| Northshore Regional Medical Center |

| 16c. CITY, TOWN OR LOCATION | 16d. PARISH OF DEATH |
|---|---|
| Slidell | St. Tammany |

**RESIDENCE**

| 17a. STREET ADDRESS | 17b. PARISH OF RESIDENCE | 17c. STATE OF RESIDENCE |
|---|---|---|
| 32091 Harvey Jefferson Road | Washington | Louisiana |

| 18a. CITY, TOWN OR LOCATION | 18b. ZIP CODE | 18c. INSIDE CITY LIMITS |
|---|---|---|
| Angie | 70426 | Yes |

**PARENTS**

| 19a. FATHER'S LAST NAME | FIRST | MIDDLE | 19b. FATHER'S PLACE OF BIRTH |
|---|---|---|---|
| Jefferson  Sr. | Harvey | | Angie  Louisiana |

| 20a. MOTHER'S MAIDEN NAME | FIRST | MIDDLE | 20b. MOTHER'S PLACE OF BIRTH |
|---|---|---|---|
| Bickham | Zena | | Hackely  Louisiana |

**INFORMANT**

| 21a. TYPE OR PRINT NAME OF INFORMANT | 21b. INFORMANT'S ADDRESS | 21c. DATE |
|---|---|---|
| Alice Ray Jefferson | 32091 Harvey Jefferson Rd. Angie,La. 70426 | Dec. 13, 2006 |

**DISPOSITION**

| 22a. METHOD OF DISPOSITION | 22b. DATE | 22c. NAME AND LOCATION OF CEMETERY |
|---|---|---|
| BURIAL [X] CREMATION  REMOVAL | Dec. 16, 2006 | Jefferson Cemetery Angie, La. |

| 23a. NAME AND ADDRESS OF FUNERAL DIRECTOR | 23b. FACILITY NUMBER | 23c. LICENSE NUMBER |
|---|---|---|
| Crain & Sons Funeral Home 809 E. Third Street Bogalusa, La. 70427 | 2079 | U826 |

**REGISTRAR**

| 24a. BURIAL TRANSIT PERMIT | 24b. PARISH OF ISSUE | 24c. DATE OF ISSUE | 24d. SIGNATURE OF LOCAL REGISTRAR |
|---|---|---|---|
| 5905547 | Washington | Dec. 14, 2006 | Jennifer Fagan /sm |

**MANNER OF DEATH**

| 25a. MANNER OF DEATH | 25b. DATE OF INJURY | 25c. TIME OF INJURY | 25d. INJURY AT WORK |
|---|---|---|---|
| NATURAL [X] ACCIDENT  SUICIDE  HOMICIDE  PENDING INVESTIGATION  UNDETERMINED | | | |

| 25e. PLACE OF INJURY | 25f. LOCATION |
|---|---|

**CERTIFIER**

| 26a. I CERTIFY THAT I ATTENDED THE DECEDENT | 26b. SIGNATURE OF PHYSICIAN OR CORONER | 26c. DATE |
|---|---|---|
| FROM  4/17/06  TO  12/12/2006 | | 1/22/07 |

| 27a. TYPE OR PRINT NAME & TITLE OF PHYSICIAN OR CORONER | 27b. ADDRESS |
|---|---|
| Quincy Lucas, M.D. | 1850 E. Gause Blvd, Suite #203, Slidell, LA |

**CAUSE OF DEATH**

| 28. PART I. |  | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
|---|---|---|
| IMMEDIATE CAUSE (a) | PNEUMONIA | Unknown |
| DUE TO (OR AS A CONSEQUENCE OF) | | |
| (b) | MESOTHELIOMA | Unknown |
| DUE TO (OR AS A CONSEQUENCE OF) | | |

---

OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE OF LOUISIANA, PURSUANT TO LSA — R.S.40:32, ET SEQ.

*Darlene W. Smith*

ACTING STATE REGISTRAR

IN ACCORDANCE WITH LSA.R.S. 40:50 (C) I CERTIFY THAT THIS ABOVE IS A TRUE AND CORRECT COPY OF A DEATH CERTIFICATE IN MY CUSTODY.

*Jennifer Fagan*
LOCAL REGISTRAR



# STATE OF LOUISIANA

### THIS RECORD IS VALID FOR BIRTH ONLY

2037342

**CITY OF NEW ORLEANS**
**STATE OF LOUISIANA**
**CERTIFICATE OF LIVE BIRTH**

BIRTH 157 56 014562

NEW ORLEANS

Charity Hospital of La

New Orleans

1311 St Philip St

FEB 0 7 2002

JUL 3 1956

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF A
CERTIFICATE OR DOCUMENT
REGISTERED WITH THE VITAL
RECORDS REGISTRY OF THE STATE
OF LOUISIANA, PURSUANT TO LSA
— R.S. 40:32, ET SEQ.

William H Bailey
STATE REGISTRAR



JUVENILE COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 90-266-15-O-A          IN RE: LUCIOUS JEFFERSON, and
                           ALICE COOPER JEFFERSON, His Wife
                           APPLYING FOR ADOPTION

*   *   *   *   *   *   *   *   *   *

FINAL DECREE OF ADOPTION

The requirements of law having been met, the court having
considered all the information concerning this adoption received from
the Louisiana Department of Health and Human Resources Administration,
Division of Family Services, and other sources, from the testimony
offered in court, and no objections to the final decree of adoption
having been found, the court is satisfied, for the reasons this day
orally assigned, that the adoption is in the best interests of the
child, and accordingly:

IT IS ORDERED, ADJUDGED AND DECREED that:

1.   A final decree of adoption be, and it hereby is,
decreed, and, therefore, the child known to petitioner as TIFFANY
CRESHAWNA JEFFERSON forever be, for all legal intents and purposes,
the child of petitioners, to the same extent as if the child had been
born of petitioners' marriage;

2.   The Clerk-of-Court of this parish comply with the
requirements of R.S.LA 9:432(B) and R.S.LA 40:79 and forward a
certified copy of this final decree to the Bureau of Vital Records,
Texas Department of Health, for entry of a certificate of live birth
of TIFFANY CRESHAWNA JEFFERSON; and

3.   All further contacts with the Department of Health and
Human Resources, Division of Family Services, be dispensed with.

JUDGMENT RENDERED in NEW ORLEANS, LOUISIANA, this 12th day of
December, 1990.

JUDGMENT READ AND SIGNED nunc pro tunc in NEW ORLEANS,
LOUISIANA, this _20th_ day of February, 1991.

_____
JUVENILE JUDGE

TRUE COPY

_____
Deputy Clerk

LAW OFFICES OF
SHERMAN F. RAPHAEL, J.D.
ATTORNEY AT LAW - NOTARY PUBLIC
NEW ORLEANS 70116

CITY OF NEW ORLEANS
STATE OF LOUISIANA

## CERTIFICATE OF LIVE BIRTH

Birth No. 157   71 11945

| 1A. CHILD'S LAST NAME | 1B. FIRST NAME | 1C. SECOND NAME | 2A. DATE OF BIRTH: Monday Sept. 6, 1971 |
|---|---|---|---|
| JEFFERSON | STEVEN | ALLAN | |

| 3. SEX—GIRL OR BOY | 4. THIS BIRTH | 5. IF TWIN OR TRIPLET, WAS CHILD BORN | 2B. HOUR OF BIRTH |
|---|---|---|---|
| Boy | Single ☒  Twin ☐  Triplet ☐ | 1st ☐   2d ☐   3d ☐ | 6.35 P. M. |

| 6A. PLACE OF BIRTH (CITY, TOWN, OR LOCATION) | 6B. PARISH OF BIRTH |
|---|---|
| NEW ORLEANS | ORLEANS |

| 6C. NAME OF HOSPITAL OR INSTITUTION—IF NOT IN HOSPITAL OR INSTITUTION GIVE STREET ADDRESS OR LOCATION | 6D. IS PLACE OF BIRTH INSIDE CITY LIMITS? Yes ☒  No ☐ |
|---|---|
| Touro Infirmary | |

| 7A. USUAL RESIDENCE OF MOTHER (CITY, TOWN OR LOCATION) | 7B. PARISH | 7C. STATE |
|---|---|---|
| New Orleans | Orleans | Louisiana |

| 7D. STREET ADDRESS—IF RURAL INDICATE LOCATION | 7E. IS RESIDENCE INSIDE CITY LIMITS? Yes ☒  No ☐ |
|---|---|
| 3936 Odin St. | |

| 8A. FULL NAME OF FATHER | 8B. STATE OF BIRTH (IF NOT IN U.S.A., NAME COUNTRY) | 8C. AGE (AT TIME OF THIS BIRTH) | 8D. COLOR OR RACE OF FATHER |
|---|---|---|---|
| Lucious Jefferson, Sr. | La. | 40 | Negro |

| 9A. FULL MAIDEN NAME OF MOTHER | 9B. STATE OF BIRTH (IF NOT IN U.S.A., NAME COUNTRY) | 9C. AGE (AT TIME OF THIS BIRTH) | 9D. COLOR OR RACE OF MOTHER |
|---|---|---|---|
| Alice R. Cooper | La. | 35 | Negro |

| 10. I certify that the above stated information is true and correct to the best of my knowledge. Alice Cooper Jefferson | 10A. SIGNATURE OF PARENT OR OTHER INFORMANT  Parent ☒  Other ☐ | 11. DATE OF SIGNATURE 9-7-71 |
|---|---|---|

| 12. MOTHER'S MAILING ADDRESS |
|---|
| 3936 Odin St. New Orleans, La. 70126 |

| 13. I certify that I attended this birth and that the child was born alive on the date stated above. | 13. SIGNATURE OF ATTENDANT | 13A. [M.D. ☐ Midwife ☐ Other ☐] | 14. DATE OF SIGNATURE 9/10/71 |
|---|---|---|---|

| 15. DATE ACCEPTED BY LOCAL REGISTRAR | 16. SIGNATURE OF LOCAL REGISTRAR  Lucile A. Penouilh | 17. DATE FILED BY LOCAL REGISTRAR SEP 22 1971 |
|---|---|---|

CONFIDENTIAL INFORMATION FOR MEDICAL AND HEALTH USE ONLY
(This Section MUST Be Filled Out For Each Birth)
PREVIOUS DELIVERIES TO MOTHER (DO NOT INCLUDE THIS BIRTH)

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE
DULY REGISTERED WITH THE LOUISIANA HEALTH AND HUMAN RESOURCES ADMIN-
ISTRATION, DIVISION OF HEALTH, OFFICE OF VITAL RECORDS.

William H. Stewart
STATE HEALTH OFFICER

Wayne Parker
STATE REGISTRAR

AUG 6  1974

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR BIRTH ONLY

1024459

CITY OF NEW ORLEANS
STATE OF LOUISIANA
**CERTIFICATE OF LIVE BIRTH**

BIRTH No. 157630022961

| 1a. Child's Last Name | 1b. First Name | 1c. Second Name |
| --- | --- | --- |
| JEFFERSON | REGINAL | TYRONE |

| 2a. Sex—Girl or Boy? | 2b. Race | 3. Single, Twin, Triplet | 4. If Twin, Triplet—Born 1st, 2nd or 3rd | 5a. Month Day Year Birth Date | 5b. Hour |
| --- | --- | --- | --- | --- | --- |
| BOY | NEGRO | SINGLE | | NOVEMBER 1, 1963 | 308 M. P. |

| 6a. Place of Birth (City, Town, or Location) | 6b. Parish |
| --- | --- |
| NEW ORLEANS | ORLEANS |

| 6c. Name of Hospital or Institution—(If not in Hospital or Institution give street address or location) |
| --- |
| SARA MAYO HOSPITAL |

| 7a. USUAL RESIDENCE OF MOTHER (City, Town, or Location) | 7b. Parish | 7c. State |
| --- | --- | --- |
| NEW ORLEANS | ORLEANS | LOUISIANA |

| 7d. Street Address—(If rural indicate location) | 7e. Is Residence Inside City Limits? Yes ☑ No ☐ | 7f. Is Residence on a Farm? Yes ☐ No ☒ |
| --- | --- | --- |
| 3936 ODIN ST. | | |

| 8. Full Name of Father | 9. Color or Race of Father |
| --- | --- |
| LUCIOUS JEFFERSON | NEGRO |

| 10a. Usual Occupation of Father | 10b. Kind of Industry or Business | 11. Birthplace, City and State or Foreign Country | 12. Age of Father |
| --- | --- | --- | --- |
| LABORER | NORCO CEMENT CO. | ANGIE, LA. | 32 |

| 13. Full Maiden Name of Mother | 14. Color or Race of Mother |
| --- | --- |
| ALICE COOPER | NEGRO |

| 15. Birthplace of Mother, City and State or Foreign Country | 16. Age of Mother |
| --- | --- |
| BOGALUSA, LA. | 27 |

| 17. Previous Deliveries to Mother (Do Not include this birth) 4 |
| --- |

| a. How many other Children are Living? | b. How many other children were born alive but are now dead? | c. How many fetal deaths (fetuses born dead at any time after conception)? |
| --- | --- | --- |
| 3 | 0 | |

| I certify that the above stated information is true and correct to the best of my knowledge. | 18. Signature of Parent or Other Informant Mrs. Alice Jefferson Parent ☑ Other ☐ | 19. Date of Signature 11-2-63 |
| --- | --- | --- |

| 20. MOTHER'S MAILING ADDRESS 3936 ODIN ST., NEW ORLEANS, LA. | | |
| --- | --- | --- |

| I certify that I attended this birth and that the child was born alive on the date stated above. | 21. Signature of Attendant M. D. ☑ Midwife ☐ Other ☐ | 22. Date of Signature 1-6-64 |
| --- | --- | --- |

| 23. Date Recorded by Deputy Registrar JAN 9 1964 | 24. Signature of Deputy Registrar Naomi M. Drane |
| --- | --- |

MAR 28 1995



I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF A
CERTIFICATE OR DOCUMENT
REGISTERED WITH THE VITAL
RECORDS REGISTRY OF THE STATE
OF LOUISIANA, PURSUANT TO LSA
—R.S. 40:32, ET SEQ.

William H Barlow
STATE REGISTRAR

## EXHIBIT "A"

| | |
|---|---|
| Decedent: | Lucious Jefferson, Sr.<br>DOD: December 12, 2006<br>SSN: 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 |
| Disease: | Mesothelioma |
| Survivors/Petitioners: | |
| Spouse: | Alice R. Jefferson<br>P.O. Box 385<br>Angie, LA 70426 |
| Children: | Lucious Jefferson, Jr.<br>3011 Sycamore Street, #4<br>Baton Rouge, LA 70805 |
| | Angela J. Nelson<br>1250 Powder Springs Rd., #1801<br>Marietta, GA 30064 |
| | Sharon J. Galloway<br>63197 Stringer Rd.<br>Angie, LA 70426 |
| | Tiffany C. Jefferson<br>1337 North Shorewood Forest Rd., # 126<br>Baton Rouge, LA 70815 |
| | Reginald T. Jefferson<br>5708 Sligo Street<br>Las Vegas, NV 89130 |
| | Steven Jefferson<br>601 Betsy Ross Court<br>LaPlace, LA 70068 |

| Lucious Jefferson, Sr. | | | |
|---|---|---|---|
| **EMPLOYER** | **SITE** | **OCCUPATION** | **YEARS** |
| Higco, Inc. | | Laborer | 1954-1955 |
| Swift and Co. | | Laborer | 1955 and 1957 |
| Dixie Machine Wldg & Metals Wks, Inc. | New Orleans, LA | Laborer | 1955, 1956 and 1957 (off and on) |
| Charles Ferran & Company, Inc. | New Orleans, LA | Laborer | 1956-1957 |
| Norco Construction Co., Inc. | | | 1962-1964 |
| James J. Flanagan Shipping Corp | Port of New Orleans | Longshoremen | 1962, 1965, 1966, 1968-1976, 1978- |

| | | | 1979, and 1981-1984 |
|---|---|---|---|
| Professional Maintenance of New Orleans, Inc. | Port of New Orleans | Longshoremen | 1963-1965, 1968-1969 & 1971 |
| Public Grain Elevator of New Orleans, Inc. | | Laborer | 1964-1969 |
| Strachan Shipping Company | Port of New Orleans | Longshoremen | 1965, and 1968-1983 |
| Cooper Stevedoring of Louisiana, Inc. | Port of New Orleans | Longshoremen | 1965, 1968-1972 (off and on) |
| Cooper-T Smith Stevedoring Co., Inc. | Port of New Orleans | Longshoremen | 1965-1975 and 1981-1982 |
| Louisiana Stevedores, Inc. | Port of New Orleans | Longshoremen | 1966, 1969-1976, and 1979-1980 |
| SSA Gulf Terminals, Inc. | Port of New Orleans | Longshoremen | 1968-1984 and 1987 |
| Dixie Stevedores, Inc. | Port of New Orleans | Longshoremen | 1968-1975, 1979, 1980 and 1982 |
| Equitable Equipment Co. | | Laborer | 1969 |
| Chiquita Brands International, Inc. | Port of New Orleans | Longshoremen | 1969-1976 |
| P & O Ports Gulfport, Inc. | Port of New Orleans | Longshoremen | 1969-1987 |
| Gulf Stevedore Corp | Port of New Orleans | Longshoremen | 1969 |
| Sea Crews II, Inc. | Port of New Orleans | Longshoremen | 1969-1973 |
| Atlantic & Gulf Grain Stevedoring | Port of New Orleans | Longshoremen | 1969, 1973-1975, and 1982-1984 |
| Pelican Stevedoring Company, Inc. | Port of New Orleans | Longshoremen | 1970, 1972, 1974-1976 and 1978 |
| J Young & Co., Inc. | Port of New Orleans | Longshoremen | 1971-1973, 1976, 1980-1982 |
| Texla Stevedores, Inc. | Port of New Orleans | Longshoremen | 1971-1976 |
| Mid-Gulf Stevedores, Inc. | Port of New Orleans | Longshoremen | 1971-1972, 1974 & 1980 |
| Gulf Stevedore Corp | Port of New Orleans | Longshoremen | 1972-1973, 1975, 1981-1984 |
| Cooper Stevedoring Co., Inc. | Port of New Orleans | Longshoremen | 1972, 1974, 1975, 1982-1984 |
| Amstar Corporation | Port of New Orleans | Longshoremen | 1973-1984 |

| Ryan-Walsh Gulf, Inc. | Port of New Orleans | Longshoremen | 1974, 1975 and 1982 |

## EXHIBIT "B"

1.  **American Sugar Refining, Inc.**
    (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
    Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
    Sugar Refinery)
    a Delaware corporation authorized to do and doing business in the state of
    Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate
    Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.  **BCI Acquisitions, Inc.**
    (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Texas, with its principal place of business in Houston, Texas,
    and who may be served via the Louisiana Long Arm Statute, to-wit: BCI
    Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3.  **Buck Kreihs Company, Inc., n/k/a Sank, Inc.**
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in New
    Orleans, Louisiana and with an agent of service in the state of Louisiana, to-wit :
    J Michael Tonguis, 2225 Tchoupitoulas Street, New Orleans, La 70130

4.  **Cooper/T. Smith Stevedoring Company**
    f/k/a Cooper Stevedoring of Louisiana, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, and
    with an agent for service in the state of Louisiana, to-wit:  C T Corporation
    System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5.  **Dixie Machine, Welding & Metal Works, Inc.**
    a foreign corporation, licensed to do and doing business in the State of Louisiana
    with their agent for service of process to wit:  Vicki H. Kihnemann, 5801 Citrus
    Blvd., Harahan, Louisiana  70123

6.  **Eagle, Inc.**
    (Formerly Eagle Asbestos & Packing Co., Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in New
    Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
    Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras
    Street - 30th Floor, New Orleans, LA 70163-3000

7.  **James J. Flanagan Shipping Corporation**
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Texas, with its principal place of business in Beaumont,
    Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
    James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park
    Street, Ste. 200, Beaumont, Texas  77701

8.  **The McCarty Corporation**
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in Baton Rouge,
    Louisiana and with an agent for service in the state of Louisiana, to-wit:  Paul H.
    Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802

9.     **Ports America Gulfport, Inc.**
f/k/a P & O Ports Gulfport, Inc.
f/k/a I.T.O Corporation
f/k/a Atlantic & Gulf Stevedores, Inc.
a Delaware Corporation authorized to do and doing business in Louisiana, and
with an agent for service in the state of Louisiana, to-wit:  C T Corporation
System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

10.    **SSA Gulf Terminals, Inc.**
f/k/a Ryan-Walsh Stevedoring Company, Inc.
a corporation duly organized, created and existing under and by virtue of the
laws of the state of Louisiana, with its principal place of business in New
Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

## EXHIBIT "C"

**CONTRACTORS:**

1.   **Buck Kreihs Company, Inc., n/k/a Sank, Inc.**
     a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent of service in the state of Louisiana, to-wit : J Michael Tonguis, 2225 Tchoupitoulas Street, New Orleans, La 70130

2.   **Dixie Machine, Welding & Metal Works, Inc.**
     a foreign corporation, licensed to do and doing business in the State of Louisiana with their agent for service of process to wit:  Vicki H. Kihnemann, 5801 Citrus Blvd., Harahan, Louisiana  70123

3.   **Eagle, Inc.**
     (Formerly Eagle Asbestos & Packing Co., Inc.)
     a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras Street - 30th Floor, New Orleans, LA 70163-3000

<u>EXHIBIT "D"</u>

**EMPLOYERS:**

1.  **American Sugar Refining, Inc.**
    (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
    Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
    Sugar Refinery)
    a Delaware corporation authorized to do and doing business in the state of
    Louisiana, with an agent for service in the state of Louisiana, to-wit: Corporate
    Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.  **BCI Acquisitions, Inc.**
    (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Texas, with its principal place of business in Houston, Texas,
    and who may be served via the Louisiana Long Arm Statute, to-wit: BCI
    Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3.  **Cooper/T. Smith Stevedoring Company**
    f/k/a Cooper Stevedoring of Louisiana, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, and
    with an agent for service in the state of Louisiana, to-wit: C T Corporation
    System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4.  **James J. Flanagan Shipping Corporation**
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Texas, with its principal place of business in Beaumont,
    Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
    James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park
    Street, Ste. 200, Beaumont, Texas 77701

5.  **Ports America Gulfport, Inc.**
    f/k/a P & O Ports Gulfport, Inc.
    f/k/a I.T.O Corporation
    f/k/a Atlantic & Gulf Stevedores, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, and
    with an agent for service in the state of Louisiana, to-wit: C T Corporation
    System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6.  **SSA Gulf Terminals, Inc.**
    f/k/a Ryan-Walsh Stevedoring Company, Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in New
    Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
    C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

<u>EXHIBIT "E"</u>

**PREMISE DEFENDANTS:**

1.   **American Sugar Refining, Inc.**
     (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
     Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
     Sugar Refinery)
     a Delaware corporation authorized to do and doing business in the state of
     Louisiana, with an agent for service in  the state of Louisiana, to-wit: Corporate
     Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.   **BCI Acquisitions, Inc.**
     (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Texas, with its principal place of business in Houston, Texas,
     and who may be served via the Louisiana Long Arm Statute, to-wit: BCI
     Acquisitions, Inc., 5200 Hollister, Houston, TX 77040

3.   **Cooper/T. Smith Stevedoring Company**
     f/k/a Cooper Stevedoring of Louisiana, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4.   **James J. Flanagan Shipping Corporation**
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Texas, with its principal place of business in Beaumont,
     Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
     James J. Flanagan Shipping Corporation, Corporate Headquarters, 490 Park
     Street, Ste. 200, Beaumont, Texas  77701

5.   **Ports America Gulfport, Inc.**
     f/k/a P & O Ports Gulfport, Inc.
     f/k/a I.T.O Corporation
     f/k/a Atlantic & Gulf Stevedores, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6.   **SSA Gulf Terminals, Inc.**
     f/k/a Ryan-Walsh Stevedoring Company, Inc.
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Louisiana, with its principal place of business in New
     Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
     C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

PLEASE SERVE THE FOLLOWING DEFENDANTS
WITH A COPY OF PLAINTIFFS' PETITION FOR
DAMAGES AND REQUESTS FOR ADMISSIONS,
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS:

1.  **American Sugar Refining, Inc.**
    (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
    Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
    Sugar Refinery)
    Through its agent for service of process:
    Corporate Creations Network, Inc.
    1100 Poydras Street, #2900
    New Orleans, LA 70163

2.  **BCI Acquisitions, Inc.**
    (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
    Through its agent for service of process:
    (may be served pursuant to the Louisiana Long Arm Statute)
    BCI Acquisitions, Inc.
    5200 Hollister
    Houston, TX 77040

3.  **Buck Kreihs Company, Inc., n/k/a Sank, Inc.**
    Through its agent for service of process:
    J Michael Tonguis
    2225 Tchoupitoulas Street
    New Orleans, La 70130

4.  **Cooper/T. Smith Stevedoring Company**
    Through its agent for service of process:
    C T Corporation System
    8550 United Plaza Boulevard
    Baton Rouge, LA 70809

5.  **Dixie Machine, Welding & Metal Works, Inc.**
    Through its agent for service of process:
    Vicki H. Kihnemann
    5801 Citrus Blvd.
    Harahan, Louisiana 70123

6.  **Eagle, Inc.**
    Through its agent for service of process:
    Susan B. Kohn
    Simon, Peragine, Smith & Redfearn
    Energy Centre
    1100 Poydras Street - 30th Floor
    New Orleans, LA 70163-3000

7.  **James J. Flanagan Shipping Corporation**
    Through its agent for service of process:
    (may be served pursuant to the Louisiana Long Arm Statute)
    James J. Flanagan Shipping Corporation
    Corporate Headquarters
    490 Park Street, Ste. 200
    Beaumont, Texas 77701

8.  **The McCarty Corporation**
    Through its agent for service of process:
    Paul H. Spaht
    445 North Boulevard, Suite 300
    Baton Rouge, LA 70802

9.  **Ports America Gulfport, Inc.**
    f/k/a P & O Ports Gulfport, Inc.
    f/k/a I.T.O Corporation
    f/k/a Atlantic & Gulf Stevedores, Inc.
    Through its agent for service of process:
    C T Corporation System
    8550 United Plaza Boulevard
    Baton Rouge, LA 70809

10. **SSA Gulf Terminals, Inc.**
    f/k/a Ryan-Walsh Stevedoring Company, Inc.
    Through its agent for service of process:
    C T Corporation System
    8550 United Plaza Boulevard
    Baton Rouge, LA 70809