# U.S. District Court
## EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
## CIVIL DOCKET FOR CASE #: 5:10-cv-00551-FL

Baumgardner v. 3M Company et al
Assigned to: Chief Judge Louise Wood Flanagan
Demand: $75,000,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 12/06/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Robert B Baumgardner**

represented by **Janet Ward Black**
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC 27401
336-273-3812
Fax: 336-379-9415
Email: jwblack@wardblacklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**
*a Delaware Corporation*
*also known as*
Minnesota Mining & Manufacturing
Company

represented by **David L. Levy**
Hedrick, Gardner, Kincheloe &
Garofalo, LLP
6000 Fairview Rd., Suite 1000
P. O. Box 30397
Charlotte, NC 28230
704-319-5426
Fax: 704-602-8178
Email: dlevy@hedrickgardner.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**A.W. Chesterton Company**
*a Massachusetts Corporation*

represented by **Mark S. Thomas**
Williams Mullen
301 Fayetteville St., Suite 1700
P. O. Box 1000
Raleigh, NC 27601
919-981-4000
Fax: 919-981-4300
Email: mthomas@williamsmullen.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer Cropscience, Inc.**
*a successor in interest to Benjamin*
*Foster Company a Delaware*

*Corporation*
*formerly known as*
Aventis Cropscience USA Inc.
*formerly known as*
Rhone-Poulenc AG Company, Inc.
*formerly known as*
Rhone Poulenc, Inc.
*formerly known as*
Union Carbide Agricultural Products,
Inc.
*formerly known as*
Amchem Products, Inc

**Defendant**

**CBS Corporation**
*a Delaware Corporation, successor by*
*merger to CBS CORPORATION, a*
*Pennsylvania Corporation, f/k/a*
*WESTINGHOUSE ELECTRIC*
*CORPORATION*
*formerly known as*
Viacom, Inc.

represented by **Jennifer M. Techman**
Evert Weathersby Houff
3405 Piedmont Rd.
Suite 200
Atlanta, GA 30305
678-651-1200
Fax: 678-651-1201
Email: jmtechman@ewhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CertainTeed Corporation**
*a Delaware Corporation*

represented by **Charles M. Sprinkle , III**
Haynsworth Sinkler Boyd, P.A.
P. O. Box 2048
Greenville, SC 29602
864-240-3212
Fax: 864-240-3300
Email: csprinkle@hsblawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crown Cork & Seal Company, Inc.**
*a Delaware Corporation*

represented by **Timothy W. Bouch**
Leath Bouch & Seekings, LLP
P.O. Box 59
Charleston, SC 29402-0059
843-937-8811
Fax: 843-937-0606
Email: tbouch@leathbouchlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**E.I. DuPont De Nemours and**
**Company**
*a Delaware Corporation*

represented by **Daniel Gray Clodfelter**
Moore & Van Allen PLLC
100 N. Tryon St.

Suite 4700
Charlotte, NC 28202-4003
704-331-1000
Fax: 704-378-2041
Email: danclodfelter@mvalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**            represented by   **Jennifer M. Techman**
*a New York Corporation*                                          (See above for address)
*also known as*                                                  *LEAD ATTORNEY*
Foster Wheeler Corporation                                       *ATTORNEY TO BE NOTICED*
*also known as*
Foster Wheeler Inc.

**Defendant**

**General Electric Company**
*a New York Corporation*

**Defendant**

**Georgia-Pacific, LLC**
*a Georgia Corporation*

**Defendant**

**Industrial Holdings Corporation**
*a Delaware Corporation*
*formerly known as*
The Carborundum Company

**Defendant**

**Ingersoll-Rand Company**
*a New Jersey corporation*

**Defendant**

**Metropolitan Life Insurance**                  represented by   **Keith E. Coltrain**
**Company**                                                       Elmore & Wall, P.A.
*a New York Corporation*                                          1001 Wade Ave., Suite 423
                                                                 Raleigh, NC 27605
                                                                 919-865-9500
                                                                 Fax: 919-865-9501
                                                                 Email: keith.coltrain@elmorewall.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**National Services Industries, Inc.**
*a Georgia Corporation*
*formerly known as*

NSI Enterprises, Inc
*formerly known as*
North Brothers, Inc

**Defendant**

**Rapid American Corporation**
*a foreign corporation*

represented by **Carter T. Lambeth**
Johnson and Lambeth
P. O. Box 660
Wilmington, NC 28402
910-763-0481
Fax: 910-251-1276
Email: ctl@johnsonandlambeth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Riley Power Inc.**
*as Successor in interest to D.B. RILEY
INC. (Successor in interest to Riley)
Stoker Corporation and Union Iron
Works a/k/a UIW) a Massachusetts
Corporation
formerly known as*
BABCOCK BORSIG POWER, INC.

represented by **Teresa Fizardi Lazzaroni**
Hawkins & Parnell, LLP
4000 Sun Trust Plaza, 303 Peachtree St.
NE
Atlanta, GA 30308
404-614-7662
Fax: 404-614-7500
Email: tlazzaroni@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**A.W. Chesterton Company**
*a Massachusetts Corporation*

represented by **Mark S. Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**3M Company**
*a Delaware Corporation*

represented by **David L. Levy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Bayer Cropscience, Inc.**
*a successor in interest to Benjamin
Foster Company a Delaware
Corporation*

**Cross Defendant**

**CBS Corporation**
*a Delaware Corporation, successor by
merger to CBS CORPORATION, a*

represented by **Jennifer M. Techman**
(See above for address)
*LEAD ATTORNEY*

*Pennsylvania Corporation, f/k/a*
*WESTINGHOUSE ELECTRIC*
*CORPORATION*                                    *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CertainTeed Corporation**
*a Delaware Corporation*

**Cross Defendant**

**Crown Cork & Seal Company, Inc.**        represented by  **Timothy W. Bouch**
*a Delaware Corporation*                                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**E.I. DuPont De Nemours and**              represented by  **Daniel Gray Clodfelter**
**Company**                                                    (See above for address)
*a Delaware Corporation*                                        *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Foster Wheeler Energy Corporation**       represented by  **Jennifer M. Techman**
*a New York Corporation*                                       (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**
*a New York Corporation*

**Cross Defendant**

**Georgia-Pacific, LLC**
*a Georgia Corporation*

**Cross Defendant**

**Industrial Holdings Corporation**
*a Delaware Corporation*

**Cross Defendant**

**Ingersoll-Rand Company**
*a New Jersey corporation*

**Cross Defendant**

**Metropolitan Life Insurance**             represented by  **Keith E. Coltrain**
**Company**                                                    (See above for address)
*a New York Corporation*                                        *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**National Services Industries, Inc.**
*a Georgia Corporation*

<u>**Cross Defendant**</u>

**Rapid American Corporation**
*a foreign corporation*

<u>**Cross Defendant**</u>

**Riley Power Inc.**
*as Successor in interest to D.B. RILEY INC. (Successor in interest to Riley) Stoker Corporation and Union Iron Works a/k/a UIW) a Massachusetts Corporation*

represented by **Teresa Fizardi Lazzaroni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2010 | 1 | COMPLAINT against 3M Company, A.W. Chesterton Company, Bayer Cropscience, Inc., CBS Corporation, CertainTeed Corporation, Crown Cork & Seal Company, Inc., E.I. DuPont De Nemours and Company, Foster Wheeler Energy Corporation, General Electric Company, Georgia-Pacific, LLC, Industrial Holdings Corporation, Ingersoll-Rand Company, Metropolitan Life Insurance Company, National Services Industries, Inc., Rapid American Corporation, Riley Power Inc. ( Filing fee $ 350 receipt number 0417-1424156.), filed by Robert B Baumgardner. (Black, Janet Ward) (Entered: 12/06/2010) |
| 12/06/2010 | 3 | Summons Issued as to 3M Company, A.W. Chesterton Company, Bayer Cropscience, Inc., CBS Corporation, CertainTeed Corporation, Crown Cork & Seal Company, Inc., E.I. DuPont De Nemours and Company, Foster Wheeler Energy Corporation, General Electric Company, Georgia-Pacific, LLC, Industrial Holdings Corporation, Ingersoll-Rand Company, Metropolitan Life Insurance Company, National Services Industries, Inc., Rapid American Corporation, Riley Power Inc. (Berryhill, E.). (Entered: 12/09/2010) |
| 12/07/2010 | 2 | NOTICE *(Summonses)* by Robert B Baumgardner (Black, Janet Ward). (Entered: 12/07/2010) |
| 12/22/2010 | 4 | ANSWER to 1 Complaint with Jury Demand by E.I. DuPont De Nemours and Company. (Clodfelter, Daniel). (Entered: 12/22/2010) |
| 12/22/2010 | 5 | FINANCIAL DISCLOSURE STATEMENT by E.I. DuPont De Nemours and Company (Clodfelter, Daniel) (Entered: 12/22/2010) |
| 12/28/2010 | 6 | ANSWER to 1 Complaint with Jury Demand by 3M Company. (Levy, David). (Entered: 12/28/2010) |
| 12/28/2010 | 7 | FINANCIAL DISCLOSURE STATEMENT by 3M Company. (Levy, David) (Entered: 12/28/2010) |

| 01/03/2011 | 8 | ANSWER to 1 Complaint by Foster Wheeler Energy Corporation. (Techman, Jennifer). (Entered: 01/03/2011) |
|---|---|---|
| 01/03/2011 | 9 | FINANCIAL DISCLOSURE STATEMENT by Foster Wheeler Energy Corporation. (Techman, Jennifer) (Entered: 01/03/2011) |
| 01/03/2011 | 10 | ANSWER to 1 Complaint by CBS Corporation. (Techman, Jennifer). (Entered: 01/03/2011) |
| 01/03/2011 | 11 | FINANCIAL DISCLOSURE STATEMENT by CBS Corporation. (Techman, Jennifer) (Entered: 01/03/2011) |
| 01/04/2011 | 12 | ANSWER to 1 Complaint with Jury Demand *and to Cross Claims of Any and All Other Defendants* by Metropolitan Life Insurance Company. (Coltrain, Keith). (Entered: 01/04/2011) |
| 01/04/2011 | 13 | FINANCIAL DISCLOSURE STATEMENT by Metropolitan Life Insurance Company. (Coltrain, Keith) (Entered: 01/04/2011) |
| 01/05/2011 | 14 | ANSWER to 1 Complaint with Jury Demand by Riley Power Inc. (Lazzaroni, Teresa). (Entered: 01/05/2011) |
| 01/05/2011 | 15 | FINANCIAL DISCLOSURE STATEMENT by Riley Power Inc. (Lazzaroni, Teresa). (Entered: 01/05/2011) |
| 01/06/2011 |  | NOTICE OF DEFICIENCY re: 5 Financial Disclosure Statement, 13 Financial Disclosure Statement, 7 Financial Disclosure Statement, 11 Financial Disclosure Statement, 15 Financial Disclosure Statement and 9 Financial Disclosure Statement: Pursuant to Local Civil Rule 7.3(c) the disclosure statement shall be on a form provided by the clerk. The financial disclosure form is located on the court website. Counsel must refile using correct form. (Lee, B.) (Entered: 01/06/2011) |
| 01/06/2011 | 16 | FINANCIAL DISCLOSURE STATEMENT by E.I. DuPont De Nemours and Company (Clodfelter, Daniel) (Entered: 01/06/2011) |
| 01/07/2011 | 17 | NOTICE *(summons to be re-issued)* by Robert B Baumgardner (Black, Janet Ward). (Entered: 01/07/2011) |
| 01/07/2011 | 18 | FINANCIAL DISCLOSURE STATEMENT by Riley Power Inc. (Lazzaroni, Teresa). (Entered: 01/07/2011) |
| 01/07/2011 | 19 | FINANCIAL DISCLOSURE STATEMENT by 3M Company. (Levy, David) (Entered: 01/07/2011) |
| 01/11/2011 | 20 | ANSWER to 1 Complaint by Crown Cork & Seal Company, Inc. (Bouch, Timothy). (Entered: 01/11/2011) |
| 01/11/2011 | 21 | FINANCIAL DISCLOSURE STATEMENT by Crown Cork & Seal Company, Inc.. (Bouch, Timothy) (Entered: 01/11/2011) |
| 01/12/2011 |  | NOTICE OF DEFICIENCY re: 21 Financial Disclosure Statement - Pursuant to Local Civil Rule 7.3(c) the disclosure statement shall be on a form provided by the clerk. The financial disclosure form is located on the court website. Counsel must refile using correct form. (Lee, B.) (Entered: |

| | | 01/12/2011 |
|---|---|---|
| 01/21/2011 | ● 22 | *Entry of Appearance,* ANSWER to 1 Complaint, *and* CROSSCLAIM against 3M Company, Bayer Cropscience, Inc., CBS Corporation, CertainTeed Corporation, Crown Cork & Seal Company, Inc., E.I. DuPont De Nemours and Company, Foster Wheeler Energy Corporation, General Electric Company, Georgia-Pacific, LLC, Industrial Holdings Corporation, Ingersoll-Rand Company, Metropolitan Life Insurance Company, National Services Industries, Inc., Rapid American Corporation, Riley Power Inc. by A.W. Chesterton Company. (Thomas, Mark). (Entered: 01/21/2011) |
| 01/21/2011 | ● 23 | FINANCIAL DISCLOSURE STATEMENT by A.W. Chesterton Company. (Thomas, Mark) (Entered: 01/21/2011) |
| 01/25/2011 | ● 24 | Summons Reissued as to Bayer Cropscience, Inc. (Berryhill, E.). (Entered: 01/25/2011) |
| 01/31/2011 | ● 25 | ANSWER to 22 Answer to Complaint, Crossclaim by E.I. DuPont De Nemours and Company. (Clodfelter, Daniel). (Entered: 01/31/2011) |
| 02/08/2011 | ● 26 | *ENTRY OF APPEARANCE AND* ANSWER to 1 Complaint with Jury Demand by Rapid American Corporation. (Lambeth, Carter). (Entered: 02/08/2011) |
| 02/08/2011 | ● 27 | FINANCIAL DISCLOSURE STATEMENT by Rapid American Corporation identifying Corporate Parent Riklis Family Corporation for Rapid American Corporation. (Lambeth, Carter)., B.). (Entered: 02/08/2011) |
| 02/14/2011 | ● 28 | ANSWER to 1 Complaint with Jury Demand by CertainTeed Corporation. (Sprinkle, Charles). (Entered: 02/14/2011) |
| 02/14/2011 | ● 29 | FINANCIAL DISCLOSURE STATEMENT by CertainTeed Corporation. (Sprinkle, Charles) (Entered: 02/14/2011) |
| 02/15/2011 | ● 30 | AFFIDAVIT of Service *by Certified Mail Return Recept*, filed by Robert B Baumgardner. (Attachments: # 1 certified mail receipts) (Black, Janet Ward) (Entered: 02/15/2011) |
| 02/15/2011 | ● | NOTICE OF DEFICIENCY re: 29 Financial Disclosure Statement. Pursuant to Local Civil Rule 7.3(c) the disclosure statement shall be on a form provided by the clerk. The financial disclosure form is located on the court website. Counsel must refile using correct form. (Berryhill, E.) (Entered: 02/15/2011) |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY   )
LITIGATION (NO. VI)   )
   )      Civil Action No. MDL 875
_____ )
   )
This Document Relates to:   )
_____ )

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### File No.  5:10cv00551

### <u>CIVIL ACTION COMPLAINT</u>

ROBERT B. BAUMGARDNER,   )
   )
     Plaintiff,   )
   )
   )
       v.   )
   )
3M COMPANY a/k/a   )
MINNESOTA MINING & MANUFACTURING   )
COMPANY, a Delaware Corporation;   )
   )
A.W. CHESTERTON COMPANY, a   )
Massachusetts Corporation;   )
   )
BAYER CROPSCIENCE, INC. f/k/a   )
AVENTIS CROPSCIENCE USA, INC.   )
f/k/a RHONE-POULENC AG COMPANY, INC. )
f/k/a RHONE POULENC, INC. f/k/a   )
UNION CARBIDE AGRICULTURAL   )
PRODUCTS, INC. f/k/a   )
AMCHEM PRODUCTS, INC., a successor   )
In interest to Benjamin Foster Company,   )
a Delaware Corporation;   )
   )
CBS CORPORATION, a Delaware   )
Corporation, f/k/a VIACOM, INC., successor   )
by merger to CBS CORPORATION, a   )
Pennsylvania Corporation, f/k/a   )
WESTINGHOUSE ELECTRIC   )
CORPORATION,   )

CERTAINTEED CORPORATION, a
Delaware Corporation;

CROWN CORK & SEAL COMPANY, INC.,
a Delaware Corporation,

E. I. DU PONT DE NEMOURS AND
COMPANY, a Delaware Corporation;

FOSTER WHEELER ENERGY
CORPORATION a/k/a FOSTER WHEELER
CORPORATION a/k/a FOSTER WHEELER
INC., A New York Corporation;

GENERAL ELECTRIC COMPANY, a
New York Corporation;

GEORGIA-PACIFIC LLC, a
Georgia Corporation,

INDUSTRIAL HOLDINGS CORPORATION
f/k/a THE CARBORUNDUM COMPANY,
a Delaware Corporation;

INGERSOLL-RAND COMPANY, a New
Jersey Corporation;

METROPOLITAN LIFE INSURANCE
COMPANY, A New York Corporation;

NATIONAL SERVICES INDUSTRIES, INC
f/k/a NSI ENTERPRISES, INC.
F/K/A NORTH BROTHERS, INC.,
a Georgia corporation;

RAPID AMERICAN CORPORATION,
a foreign corporation;

RILEY POWER INC. f/k/a
BABCOCK BORSIG POWER, INC., as
Successor in interest to D.B. RILEY
INC. (Successor in interest to Riley
Stoker Corporation and Union Iron
Works a/k/a UIW) a Massachusetts
Corporation;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

)
Defendants.          )

This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

NOW COMES the Plaintiff, ROBERT B. BAUMGARDNER, a citizen and resident of North Carolina, and sues the Defendants and alleges as follows:

1.     (a)     Jurisdiction is founded on diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).  As is evidenced by the caption of the instant Complaint which is specifically incorporated herein, the Defendants are corporations incorporated under the laws of various states as stated in said caption and having their principal places of business in states other than North Carolina and which are amenable to jurisdiction in the Courts of North Carolina by virtue of their respective contacts with the State of North Carolina and/or their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of North Carolina.  At times relevant hereto, each foreign corporation and/or its predecessors mined, manufactured, processed, produced, imported, converted, compounded, supplied, provided, distributed, disturbed and/or retailed substantial amounts of asbestos and asbestos-containing materials and/or dust protection equipment which were sold, distributed and used in North Carolina.

(b)   Schedule A attached hereto identifies the asbestos exposed individual and at least one doctor who diagnosed the injured plaintiff with an asbestos related disease.

FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

2.   (a)   Defendants, and each of them, are, or at times relevant hereto were miners, manufacturers, processors, producers, distributors, importers, converters, compounders, contractors and/or retailers of asbestos and asbestos-containing materials, asbestos protective equipment or insurance.

(b)   Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY is a corporation duly organized and existing under the laws of the State of Delaware which was or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(c)   Defendant A.W. CHESTERTON COMPANY is a corporation duly organized and existing under the laws of the State of Massachusetts which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant A.W. CHESTERTON COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(d)   Defendant BAYER CROPSCIENCE, INC. f/k/a AVENTIS

CROPSCIENCE USA, INC. f/k/a RHONE-POULENC AG CO. INC. f/k/a RHONE

POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a

AMCHEM PRODUCTS, INC., a successor to Benjamin Foster Company, is a

corporation duly organized and existing under the laws of the State of Delaware, which

has done or is currently doing business in the State of North Carolina.  At all times

material hereto, Defendant BAYER CROPSCIENCE, INC. f/k/a AVENTIS

CROPSCIENCE USA, INC. f/k/a RHONE-POULENC AG CO. INC. f/k/a RHONE

POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a

AMCHEM PRODUCTS, INC., a successor to Benjamin Foster Company, mined,

manufactured, produced, distributed, specified and/or sold asbestos products, either

directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that

these materials were caused to be used on Plaintiff's job sites.

   (e)  Defendant CBS CORPORATION, a Delaware Corporation, f/k/a

VIACOM, INC., successor by merger to CBS CORPORATION, a Pennsylvania

Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION is a corporation duly

organized and existing under the laws of the State of Delaware, which was or is

currently doing business within the State of North Carolina.  At all times material hereto,

Defendant CBS CORPORATION f/k/a VIACOM, INC. , successor to CBS

CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, mined,

manufactured, produced, distributed, specified and/or sold asbestos products, either

directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that

these materials were caused to be used on Plaintiff's job sites and/or performed work in

the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(f)     Defendant CERTAINTEED CORPORATION is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant CERTAINTEED CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(g)     Defendant CROWN CORK & SEAL COMPANY, INC., individually and as successor in interest to Mundet Cork Corporation, is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant CROWN CORK & SEAL COMPANY, INC., individually and as successor in interest to Mundet Cork Corporation, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(h)     Defendant E. I. DU PONT DE NEMOURS AND COMPANY ("DU PONT"), is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina.  At times material hereto, Defendant E. I. DU PONT DE NEMOURS AND

COMPANY ("DU PONT") was an employer of Robert B. Baumgardner and caused Plaintiff to be exposed to asbestos products.

(i)    Defendant FOSTER WHEELER ENERGY CORPORATION a/k/a FOSTER WHEELER CORPORATION a/k/a FOSTER WHEELER INC. is a corporation duly organized and existing under the laws of the State of Delaware, which has or is currently doing business within the State of North Carolina. At all time material hereto, Defendant FOSTER WHEELER ENERGY CORPORATION a/k/a FOSTER WHEELER CORPORATION a/k/a FOSTER WHEELER INC. mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(j)    Defendant GENERAL ELECTRIC COMPANY is a corporation duly organized and existing under the laws of the State of New York, which has done or is currently doing business within the State of North Carolina. At all times material hereto, Defendant GENERAL ELECTRIC COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(k)     Defendant GEORGIA-PACIFIC LLC is a corporation duly organized and existing under the laws of the State of Georgia, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant, GEORGIA PACIFIC LLC mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's jobsites.

(l)     Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(m)     Defendant INGERSOLL-RAND COMPANY is a corporation duly organized and existing under the laws of the State of New Jersey, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant INGERSOLL-RAND COMPANY mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(n)     Defendant METROPOLITAN LIFE INSURANCE COMPANY is a corporation duly organized and existing under the laws of a State other than the State of North Carolina which has done or is doing business within the State of North Carolina.

(o)     Defendant NATIONAL SERVICES INDUSTRIES f/k/a NSI ENTERPRISES, INC f/k/a NORTH BROTHERS, INC. is a corporation duly organized and existing under the laws of the State of Georgia, which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant NATIONAL SERVICES INDUSTRIES, INC f/k/a NSI ENTERPRISES, INC. f/k/a NORTH BROTHERS, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(p)     Defendant RAPID AMERICAN CORPORATION is a corporation duly organized and existing under the laws of a state other than the State of North Carolina, which is doing business within the State of North Carolina.  At all times material hereto, Defendant RAPID AMERICAN CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiffs or to such other entities so that these materials were caused to be used on Plaintiffs' job sites.

(q)     Defendant RILEY POWER INC. f/k/a BABCOCK BOSIG POWER, INC. as successor in interest to D.B. RILEY, INC. f/k/a RILEY STOKER

CORPORATION is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Massachusetts which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant RILEY POWER INC. f/k/a BABCOCK BOSIG POWER, INC. as successor in interest to D.B. RILEY, INC. f/k/a RILEY STOKER CORPORATION manufactured, produced, specified and sold, either directly or indirectly, asbestos materials to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or performed work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

3.      The Defendants and/or their predecessors in interest, acting through their agents, servants and/or employees, caused and have caused in the past certain asbestos,  asbestos-containing materials and asbestos protective equipment to be placed in the stream of interstate commerce with the result that asbestos and asbestos-containing materials came to be used by workers within states in which Plaintiff was exposed and/or performed work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

4.      The employment history, to the extent possible at this time, of the Plaintiff is attached here as Schedule B.  His exposure was a proximate cause of the Plaintiff's contraction of an asbestos-related disease.

5.      Each of the Defendants named in this lawsuit (except  METROPOLITAN LIFE INSURANCE COMPANY), or their predecessors, mined, manufactured, processed, produced, imported, converted, specified, distributed, and/or sold said

asbestos and asbestos products to which the Plaintiff was exposed during his work career as described herein in Paragraph 4 and/or had contracting units or employees working at Plaintiff's job sites where activities caused the generation of respirable asbestos dust which was breathed by the Plaintiff.

6.     During the course and scope of his employment, Plaintiff was exposed to asbestos and asbestos-containing materials as described herein above, which exposure directly and proximately caused Plaintiff to develop an asbestos-related disease.

7.     The illnesses and disabilities of the Plaintiff were a direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

(a)     Failed to advise Plaintiff of the dangerous characteristics of their asbestos and asbestos-containing products;

(b)     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, they were in any way able to protect them from being poisoned and disabled as they were exposure to such deleterious and harmful asbestos-containing products;

(c)     Failed and omitted to place any warnings or sufficient warning on their containers of said asbestos and asbestos materials to warn the handlers thereof of

the dangers to health in coming in contact with said asbestos and asbestos-containing materials;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to his health in coming in contact with and breathing said asbestos and asbestos related materials;

(f)     Did not recommend methods to improve the work environment with regard to Plaintiff's exposure to asbestos and asbestos-related products;

(g)     Did not adequately test their products and did not develop alternative products;

(h)     Continued to use and sell a known cancer-causing product, to-wit: asbestos, even though the defendants knew, or in the exercise of ordinary care should have known, that asbestos was a cancer causing product;

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants failed to warn the Plaintiff, and did not inform the Plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this Complaint;

(j)     Were otherwise negligent.

8.     The injury of Plaintiff is also a direct and proximate result of 3M Company's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended,

namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

9.      3M Company knew or should have known that workers would use and rely upon their respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that their respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

10.     Furthermore, 3M Company was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

<u>FOR A SECOND CAUSE OF ACTION – IMPLIED WARRANTY</u>

11.     Plaintiff hereby incorporates by reference Paragraphs one (1) through ten (10), inclusive, as if the same were hereto set forth at length.

12.     The Defendants, and each of them, impliedly warranted that their products or materials at issue were of good and merchantable quality and fit for their intended use and the Plaintiff relied on said warranty.

13.     The implied warranty made by the Defendants, and each of them, that its materials at issue were of good and merchantable quality and safe for its particular intended use, was breached and that certain harmful, poisonous and deleterious asbestos and asbestos-related substances were given off into the atmosphere wherein the Plaintiff carried out his duties with the result that the Plaintiff inhaled and ingested harmful asbestos and asbestos-related substances.

14.    As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit:  asbestosis and/or other asbestos-induced diseases, and the Plaintiff was damaged as set out herein.

### FOR A THIRD CAUSE OF ACTION – DuPONT PREMISES LIABILITY

15.    Plaintiff hereby incorporates by reference Paragraphs one (1) through ten (14), inclusive, as if the same were hereto set forth at length.

16.    The asbestos products Plaintiff was exposed to included those located on the property owned, operated, controlled and, *inter alia*, maintained by DuPont and:

A.    The properties were owned by the Defendant delineated above and were negligently owned, operated, maintained and controlled.

B.    Defendant DuPont failed to timely institute reasonable industrial hygiene procedures on its property and adequately take precautions to protect Plaintiff from the hazards of asbestos and warn Plaintiff of said hazards.

C.    As a direct and proximate consequence of the actions of DuPont and other members of the asbestos industry, Plaintiff was exposed to and came in contact with asbestos or asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

17.    Plaintiff was caused to suffer the injuries, expenses, and losses alleged in this complaint as a direct and proximate result of the above-described conduct.

### FOR A FIFTH CAUSE OF ACTION – PUNITIVE DAMAGES

18.    Plaintiff hereby incorporates by reference Paragraphs one (1) through seventeen (17), inclusive, as if the same were hereto set forth at length.

19.    Plaintiff was working in close proximity to the asbestos and asbestos-related products of the Defendants or asbestos dust generated or not prevented by the Defendants, and each of them, and Plaintiff's presence (and others in his position) was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

20.    The Defendants have possessed since 1929 medical and scientific data which clearly indicates that the asbestos and asbestos-containing products were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position. Despite such knowledge and the medical and scientific data possessed by them and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, willfully, deliberately, maliciously, and callously ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity to prevent their exposure to the asbestos products of said Defendants. As a direct result, the Plaintiff was severely damaged as set forth below.

21.    From 1929 through the 1970's, the Defendants had actual knowledge of the dangers of asbestos exposure but, nevertheless, deliberately, intentionally and willfully failed to act upon and withheld from the public the scientific and medical data in their possession regarding such dangers, thus denying Plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical

examinations and avoiding further dust exposure. The specifics which support an award of punitive damages to the Plaintiff are represented, in part, by the following:

(a) Failed to warn prior users even as late as the 1970's when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b) Issued no recall type letters to prior users even to the date of filing of the Complaint;

(c) Manipulated the medical data and reports concerning the hazards of asbestos before such reports were released to the medical professions;

(d) Frustrated the publication of articles and literature from the 1930's through at least 1976;

(e) Working through the American Textile Institute, labeled Dr. Irving Selikoff a "dangerous man" and embarked upon a concerted effort to denounce Dr. Selikoff's findings regarding the hazards of asbestos and thereby prevent the public from being alerted to those hazards;

(f) Fought to exclude asbestosis and asbestos-induced cancers from state worker's compensation laws, fearing such inclusion would lead to discovery by workers of the hazards of asbestos and claims resulting therefrom;

(g) Sought methods to defeat worker's compensation and other claims of asbestos workers who suffered from illnesses or disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(h) Attempted to discredit scientists, doctors, writers and medical literature who or which indicated, demonstrated or established a relationship between

illness and disease from the use of and exposure to their asbestos products and the

inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable

use of said asbestos products;

(i)     Refused to conduct research on the relationship between asbestos

exposure and disease, acting with pecuniary motives of profit at the expense of human

lives;

(j)     Sought to create favorable publicity about asbestos products for

pecuniary motives when they knew of their risks and dangers;

(k)     Concealed the existence of tests, data, literature and medical

reports regarding the causal relationship of asbestos to mesothelioma, asbestosis,

scarred lungs, respiratory disorders, cancer and other illnesses;

(l)     Despite the urging of medical personnel, refused to authorize

testing and research involving the relationship of illness and disease to exposure, use of

and inhalation of the asbestos dust and fibers resulting from the ordinary and

foreseeable use of their asbestos products, fearing adverse publicity would affect the

highly profitable market of asbestos sales.

22.     The acts of the Defendants, and each of them, as hereinabove set forth

were fraudulent, wanton and willful and done with malice in disregard of the rights and

safety of Plaintiff and others similarly situated at a time when Defendants, and each of

them, had knowledge, or should have had knowledge of the dangerous effect of

asbestos and asbestos-containing materials upon the body of human beings, including

Plaintiff and others similarly situated, and even though forewarned of said dangers and

further after having been forewarned by tests, standards, promulgations of rules and

regulations, statutes, and ordinances recognized by the Defendants and subscribed to

by them, nevertheless placed into the stream of commerce, for their own profit, this

dangerous asbestos material or defective dust protection equipment with full knowledge

that the products were being used and would be used in the future to the detriment of

the health of Plaintiff and others similarly situated and Plaintiff is, therefore, entitled to

punitive damages.

23.    As a direct and proximate result of the negligence, carelessness, gross

negligence, willful and wanton misconduct, breach of warranty, misrepresentations, and

willful omissions of the Defendants, Plaintiff was caused to contract diseases and

injuries to his body systems, lungs, respiratory system, heart and damage to various

organs of his body, including injury to tissue and bone, such as but not limited to

asbestosis, scarred lungs, respiratory disorders and other injuries, causing his pain and

suffering and both mental and physical anguish.

24.    As a direct and proximate result of the negligence, carelessness, gross

negligence, willful misconduct, breach of warranty, misrepresentations, and willful

omissions of the Defendants, Plaintiff has been damaged and is entitled to

compensatory and punitive damages.

### FOR A FOURTH CAUSE OF ACTION - NEGLIGENT TESTING/LIABILITY TO THIRD PERSONS FOR NEGLIGENT PERFORMANCE OF UNDERTAKING AGAINST METROPOLITAN LIFE INSURANCE CO.

25.    Plaintiff hereby incorporates by reference Paragraphs one (1) through

twenty-four (24), inclusive, as if the same were hereto set forth at length.

26.    Defendant Metropolitan Life Insurance Co. through its Policyholders

Service Bureau undertook duties owed by the asbestos producing defendants to the

plaintiff by the testing of asbestos workers and the conduct of scientific studies.  These duties included without limitation, the duties

(a)     to test fully and adequately for health risks concomitant to the normal and intended use of their products; and,

(b)     to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, Metropolitan Life knew or should have known that it was providing testing services of the ultimate protection of third persons, including the Plaintiff.

27.     In both conducting said tests and in publishing their alleged results, Metropolitan Life failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos.  Metropolitan Life also caused to be published intentionally false, misleading, inaccurate, and deceptive information about the health effects of asbestos exposure.

28.     The Plaintiff unwittingly but justifiably relied upon the thoroughness of Metropolitan Life's testing and information dissemination, the results of which Metropolitan Life published in leading medical journals.

29.     As a direct and proximate result of Metropolitan Life's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so, (i) the risk of harm to the plaintiff from asbestos exposure were increased; and (ii) the plaintiff suffered the injuries described below.

30.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos producing defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, Metropolitan Life acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Plaintiff, and, as a proximate cause, he suffered damaged.

DAMAGES

31.     As a result of the development of asbestosis and/or other asbestos induced diseases, Plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

32.     Plaintiff alleges that, as a result of the conduct of the defendants, his injuries and illnesses are permanent in nature and that he will be forced to suffer for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been shortened, and he has sustained lost wages and diminished earning capacities.

33.     Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid.

34.    On account of the fraudulent, malicious and willful and wanton conduct of the defendants, the Plaintiff is entitled to recover punitive damages from each of the defendants.

WHEREFORE, Plaintiff prays that the defendants, and each of them, be cited to appear and answer herein as the law directs, and that upon final hearing hereof, plaintiff recovers judgment of and from the defendants, and each of them, jointly and severally, for their damages as alleged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for general, compensatory and special damages; plus a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages; for medical expenses in an amount to be shown upon the trial hereof; together with his costs and disbursements herein, and interest on said judgment from the date of filing until paid as by law provided, for costs of this action and such other and further relief as to which he may be entitled.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON THE ISSUES TRIABLE OF RIGHT BY A JURY.

s/ Janet Ward Black
Janet Ward Black
NC Bar No. 12869
Attorneys for Plaintiff
WARD BLACK, P.A. d/b/a WARD BLACK LAW
208 W. Wendover Avenue
Greensboro, North Carolina 27401
Tel. No. 336/273-3812
Fax No. 336/379-9415
jwblack@wardblacklaw.com

DATE:   December 6, 2010

## SCHEDULE A

| Plaintiff Name | Disease/Diagnosis Date | Doctor |
|---|---|---|
| Robert B. Baumgardner | Asbestosis, 12/13/2007 | VAMC, Durham |

## SCHEDULE B

**Plaintiff-Worker Employment History**
**Asbestos Exposure-Worksite Information**

NAME:                ROBERT B. BAUMGARDNER

ADDRESS:          91 Bob White Spur
                           Burgaw, NC 28425

OCCUPATION:    Navy, welder, pipefitter, carpenter

**EMPLOYMENT/WORKSITE**          **APPROXIMATE DATES**

See Attached Preliminary Work History of Plaintiff

**RELATED ASBESTOS LITIGATION**

None

**SMOKING HISTORY**

Up to 1-1/2 ppd from 1950-1980

**PRODUCTS CONTAINING ASBESTOS**

pipecovering
block
cements
plasters
gaskets
cloth
rope
tape
yarn
roofing products
fireproofing
packing
pipe

DEPENDENTS:    N/A

Baumgardner Work History

| 1955 | J O Pettet<br>Wilmington, NC | residences<br>Wilmington, NC | carpenter<br>helper |
|------|------|------|------|
| 1955-<br>1965 | US Navy | | Machinist/<br>Pipefitter |

| 1955 | Training Ctr – Great Lakes, IL |
|------|------|
| 1955-1959 | USS Jenkins DD-447 |
| 1958 | Naval Base<br>- San Francisco, CA |
| 1959-1961 | *Naval Reservist |
| 1961 | *Re-enlisted |
| 1961-1963 | USS Boxer CV-21/LPH-4 |
| 1963 | Philadelphia Naval Yard<br>- Philadelphia, PA |
| 1963 | Norfolk Naval Base Petty Officer School<br>- Norfolk/Portsmouth, VA |
| 1963-1964 | USS Guadalcanal LPH-7 |
| 1964-1965 | USS Mt. McKinley AGC-7 |
| 1965 | Amphibious Naval Base<br>- Coronado, CA |

| 1959 | Melange Industries, Inc<br>Brooklyn, NY | unknown<br>Wilmington, NC | Welding<br>boiler tubes |
|------|------|------|------|
| 1959 | Carolina Forest Products<br>Wilmington, NC | Mill<br>Wilmington, NC | Operator |
| 1959-<br>1961 | Diamond Mills Corp<br>NY, NY | Hosiery Mill<br>Wilmington, NC | Machine<br>Mechanic |
| 1965 | Jordan Blanton Myers Inc<br>Wilmington, NC | Hospital<br>- Wilmington, NC<br>Hospital<br>- Whiteville, NC<br>Airport<br>- Wilmington, NC | HVAC /<br>Insulator |
| 1965-<br>1966 | Mapelli Brothers Co<br>Greeley, CO | Storage Tank<br>Wilmington, NC | Welder |
| 1965 | A & M Co Inc<br>Wilmington, NC | CP&L Roxboro<br>- Roxboro, NC<br>Papermill<br>- SC | Welder |

| 1966-1969 | U-Haul Co<br>Phoenix, AZ | Repair Shop<br>Stone Mountain, GA | Trailer<br>Repair |
|---|---|---|---|
| 1969-1970 | Norfolk Rental Equip. Repair<br>Phoenix , AZ | Repair Shop<br>Norfolk, VA | Trailer<br>Repair |
| 1970 | Rodericks Machine<br>Erectors & Welding<br>Wilmington, NC | Fertilizer plants<br>- Wilmington, NC<br>Chemical Plants<br>- Wilmington, NC | Welder/Fitter |
| 1970-1971 | Joseph Bancroft & Sons<br>Raleigh, NC | unknown | Welder |
| 1970 | Wilmington Ironworks<br>Wilmington, NC | Sunny Point Ammo Plant<br>- Southport, NC | Welder/Fitter |
| 1970 | Lincoln Constr. Co Inc<br>Wilmington, NC | CP&L Brunswick Plant<br>Southport, NC | Maint./<br>Bookkeeper |
| 1970 | Bass Heating & A/C<br>Wilmington, NC | residences<br>Wilmington, NC | Welding Fab.<br>/Installer |
| 1970 | Clayton L. Long<br>Wilmington, NC | Residences<br>Wilmington, NC | Carpenter<br>/Helper |
| 1970 | Harnett Constr. Co<br>Wilmington, NC | Residences<br>Wilmington, NC | Carpenter |
| 1970-1972 | Brown & Root Inc<br>Houston, TX | CP&L Sutton<br>Wilmington, NC<br>CP&L Brunswick<br>- Southport, NC | Pipe welder/<br>Insulator |
| 1971 | CB-Kramer Sales & Service<br>Lombard, IL | unknown | |
| 1971 | Reynolds Metals Co<br>Pittsburgh, PA | Experimental Saltwater<br>Evaporation Plant<br>Wrightsville Beach, NC | Mechanic/<br>Tester |
| 1971 | National Services Industr.<br>San Diego, CA | Linen Plant<br>Wilmington, NC | Maintenance |
| 1972- | Daniel International Corp | Hercules Plant | Welder |

| | | | |
|---|---|---|---|
| 1974 | Greenville, SC | - Wilmington, NC<br>CP&L Roxboro<br>- Roxboro, NC | /Insulator<br>/Pipefitter |
| 1972-<br>1973 | General Energy Resources, Inc<br>Burlington, NJ | unknown | |
| 1973 | Wilmington Ironworks<br>Wilmington, NC | Sunny Point Ammo Plant<br>Southport, NC | Welder<br>/Pipefitter |
| 1973 | Roderick Machine<br>        Erectors & Welding<br>Wilmington, NC | fertilizer plants<br>Wilmington, NC | Welder/<br>Pipefitter |
| 1973 | J. Ray McDermott<br>& Co Inc  / B&W<br>New Orleans, LA | B&W Plant Shop<br>Wilmington, NC | Pipefitter |
| 1973 | Skanska USA Civil SE<br>Virginia Beach, VA | DuPont Plant<br>Leland, NC | Welder |
| 1973-<br>1974 | Southeastern Machine<br>& Welding Co<br>Wilmington, NC | Reigel Papermill<br>- Reigelwood /Acme, NC<br>Pfizer Chemical<br>- Southport, NC<br>Various ships at ammo piers | Welder/<br>Pipefitter |
| 1973-<br>1976 | Metric Constructors Inc<br>Charlotte, NC | Reigel Paper<br>- Reigelwood, NC<br>Chemical plant<br>- Wilmington, NC | Welder/<br>Pipefitter |
| 1974 | Marine World Ltd<br>of Wilmington<br>Wilmington, NC | Boat Motor Shop<br>Wilmington, NC | Mechanic |
| 1974 | Yeargin Inc<br>Greenville, SC | Hercules Plant<br>- Wilmington, NC<br>Reigel Papermill<br>- Reigelwood, NC | Welder/<br>Pipefitter |
| 1974-<br>1975 | Refinery Service Inc<br>Wilmington, NC | Refinery<br>Hampton, NH | Tank Welder |
| 1975 | Sneeden, Inc. | Residences | HVAC |

| | | | |
|---|---|---|---|
| | Wilmington, NC | Wilmington, NC | Mechanic |
| 1976 | Southern Contractors Service Sharpes, FL | unknown | |
| 1976-1977 | Southeastern Machine & Welding Wilmington, NC | CP&L Sutton - Wilmington, NC Riegel Paper - Reigelwood, NC | Welder/ Pipefitter |
| 1977 | Self Employment | Northeast Chemical Plant - Wilmington, NC Bridge construction - Wilmington, NC | Welder |
| 1977 | Austin Power Inc Houston, TX | CP&L Brunswick Plant - Southport, NC CP&L Sutton Plant - Wilson, NC | Welder /Pipefitter |
| 1978 | Daniel Intern'l Corp Greenville, SC | CP&L Sutton - Wilmington, NC CP&L Roxboro - Roxboro, NC | Pipefitter/ Insulator |
| 1978 | Harmony LLC Baton Rouge, LA | Dow Chemical plant Plaquemine, LA | Welder |
| 1980 | Metric Constructors Inc Charlotte, NC | Reigel Paper powerplant - Reigelwood, NC Hercules Chemical Plant - Wilmington, NC | welder/ Pipefitter |
| 1980 | Yeargin Inc Greenville, SC | Reigel Papermill - Reigelwood, NC CP&L Sutton - Wilmington, NC | Welder/ Pipefitter |
| 1980 | B E & K Inc Birmingham, AL | Reigel Papermill – Reigelwood, NC | Welder |
| 1981 | Industrial Piping Inc Pineville, SC | NC | Welder |
| 1981 | Mundy Industrial Maint. Inc | | Welder/ |

|      | Houston, TX                                     | Hercules Plant<br>- Wilmington, NC                                                          | Pipefitter            |
|------|-------------------------------------------------|---------------------------------------------------------------------------------------------|-----------------------|
| 1983 | Stevens Welding<br>& Fabrication<br>Wilmington, NC | Fertilizer plants<br>– Wilmington, NC<br>Northeast Chemical Plant<br>– Wilmington, NC | Welder/<br>Pipefitter |
| 1983 | Retired on Disability                           |                                                                                             |                       |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDANTS LIST

3M COMPANY.
a/k/a Minnesota Mining & Manufacturing Co.
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

A.W. Chesterton Company
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Bayer Cropscience, Inc. f/k/a
Aventis CropScience USA, Inc. f/k/a
Rhone-Poulenc AG Company, Inc., f/k/a
Rhone Poulenc, Inc. f/k/a
Union Carbide Agricultural Products, Inc.
f/k/a Amchem Products, Inc., a Successor
in interest to Benjamin Foster Company
By and Through Its Registered Agent:
CT Corporation System
111 Eighth Avenue
New York, NY 10011

CBS Corporation, a Delaware
Corporation, f/k/a Viacom, Inc., successor by
merger to CBS Corporation, a Pennsylvania
Corporation, f/k/a Westinghouse Electric Corporation
By and Through Its Registered Agent:
Michael D. Fricklas
1515 Broadway
New York, NY 10036

CertainTeed Corporation
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Crown, Cork & Seal Company, Inc.
Individually and as Successor-in-Interest
to Mundet Cork Corporation
c/o Its Managing Agent
P. O. Box 63290
Philadelphia, PA 19114

E. I. DuPont De Nemours and Company
c/o Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Foster Wheeler Energy Corporation
a/k/a Foster Wheeler Corporation a/k/a
Foster Wheeler Inc.
By and Through Its Registered Agent:
C T Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

General Electric Company
By and Through Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Georgia-Pacific LLC
By and Through Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Industrial Holdings Corporation
f/k/a The Carborundum Company
By and Through Its Registered Agent:
The Prentice-Hall Corporation System
80 State Street
Albany, NY 12207

Ingersoll-Rand Company
c/o Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Metropolitan Life Insurance Company
c/o  Chief Counsel, Legal Department
27-01 Queens Plaza North
Long Island, NY 11101

National Services Industries, Inc.
f/k/a NSI Enterprises, Inc.
f/k/a North Brothers, Inc.
By and Through Its Registered Agent:
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Rapid American Corporation
By and Through Its Registered Agent/Managing Agent
2711 Centerville Road
#400
Wilmington, DE 19808

Riley Power Inc. f/k/a Babcock Borsig Power, Inc.
As Successor in interest to D.B. RILEY, INC.
(Successor in interest to Riley Stoker Corporation
And Union Iron Works a/k/a UIW)
By and Through Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601