ECF

# U.S. District Court
## Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:11-cv-00408-KMK

Ferguson v. Air & Liquid Systems Corporation
Assigned to: Judge Kenneth M. Karas
Demand: $9,999,000
Case in other court: Supreme Court - County of
                   Westchester, 21689-10
Cause: 28:1446 Notice of Removal

Date Filed: 01/20/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Steven Ferguson**

represented by **Alani Golanski**
Law Offices of Alani Golanski
25 Washington Street, Suite 547
Brooklyn, NY 11201
(718)-406-4488
Fax: (718)-852-3465
Email: alanigolanski@gmail.com
*ATTORNEY TO BE NOTICED*

**Douglas D. von Oiste**
Weitz & Luxenburg, P.C.
180 Maiden Lane
New York, NY 10038
(212)558-5500
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*as Successor By Merger To Buffalo
Pumps, Inc.,*

**Defendant**

**Aurora Pump Company**

**Defendant**

**Byron Jackson Pumps**

**Defendant**

**CBS Corporation**
*Successor by merger to CBS
Corporation f/k/a/ Westinghouse
Electric Corporation*

represented by **Matthew Robert Straus**
Malaby & Bradley, LLC
150 Broadway , Suite 600
New York, NY 10038

*formerly known as*
Viacom, Inc.

212-791-0285
Email: mstraus@weinerlesniak.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Cleaver Brooks Company, Inc.**

**Defendant**
**Crane Co.**

**Defendant**
**Empire-Ace Insulation MFG Corp.**

**Defendant**
**Foster Wheeler, L.L.C.**

**Defendant**
**General Electric Company**

**Defendant**
**Goulds Pumps, Inc.**

**Defendant**
**IMO Industries, Inc.**

**Defendant**
**Ingersoll-Rand Company**                    represented by **Lisa M. Pascarella**
                                               Braaten & Pascarella
                                               2430 Route 34
                                               Manasquan, NJ 08736
                                               (732) 528-8888
                                               Fax: (732) 528-4445
                                               Email: kd@pehli.com
                                               *ATTORNEY TO BE NOTICED*

**Defendant**
**ITT Corporation**

**Defendant**
**Owens-Illinois, Inc.**

**Defendant**
**Rapid-American Corporation**

**Defendant**
**The Fairbanks Company**

**Defendant**
**Warren Pumps, Inc.**

**Defendant**

**Yarway Corporation**

**Defendant**

**Carrier Corporation**
*Individually, ans as successor in
interest to Bryant Heating & Cooling
Systems*

**Defendant**

**Superior Boiler Works, Inc.**

**Defendant**

**Trane U.S., Inc.**                                  represented by **Lisa M. Pascarella**
*formerly known as*                                  (See above for address)
American Standard Inc.,                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/20/2011 | 1 | NOTICE OF REMOVAL from Supreme, County of Westchester. Case Number: 21689-10. (Filing Fee $ 350.00, Receipt Number 926700).Document filed by CBS Corporation. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(jma) (Entered: 01/24/2011) |
| 01/20/2011 |   | Case Designated ECF. (jma) (Entered: 01/24/2011) |
| 01/20/2011 |   | Magistrate Judge Lisa M. Smith is so designated. (jma) (Entered: 01/24/2011) |
| 01/20/2011 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying CBS Broadcasting Inc., CBS Corporation, CBS Feature Films, CBS Interactive Inc., CBS International, CBS Music LLC, CBS Operations Inc., CBS Outdoor Inc., CBS Radio Inc., CBS Studios Inc., CSTV Networks, Inc., CW LLC, Eye Net Works Inc., King World Productions, Inc., Showtime Networks Inc., Simon & Schuster Inc., Spelling Entertainment LLC as Corporate Parent. Document filed by Air & Liquid Systems Corporation.(jma) (Entered: 01/24/2011) |
| 02/07/2011 | 3 | AMENDED NOTICE OF REMOVAL against Steven Ferguson; amending 1 Notice of Removal,.Document filed by CBS Corporation. Related document: 1 Notice of Removal, filed by Air & Liquid Systems Corporation. (Attachments: # 1 Exhibit A, # 2 Errata B, # 3 Exhibit C-1, # 4 Exhibit C-2, # 5 Exhibit D-1, # 6 Exhibit D-2, # 7 Exhibit D-3, # 8 Exhibit D-4, # 9 Exhibit D-5)(fk) (Entered: 02/07/2011) |
| 02/08/2011 | 4 | NOTICE OF APPEARANCE by Alani Golanski on behalf of Steven Ferguson (Golanski, Alani) (Entered: 02/08/2011) |
| 02/09/2011 | 5 | AFFIDAVIT OF SERVICE of Notice of Removal on behalf of CBS Corporation served on All parties of record on 1/19/11. Service was made by Mail. Document filed by CBS Corporation. (Straus, Matthew) (Entered: 02/09/2011) |
|  |  |  |

| 02/10/2011 | 6 | NOTICE OF APPEARANCE by Lisa M. Pascarella on behalf of Ingersoll-Rand Company (Pascarella, Lisa) (Entered: 02/10/2011) |
|---|---|---|
| 02/10/2011 | 7 | NOTICE OF APPEARANCE by Lisa M. Pascarella on behalf of Trane U.S., Inc. (Pascarella, Lisa) (Entered: 02/10/2011) |
| 02/14/2011 | 8 | NOTICE of Tag-Along Action. Document filed by CBS Corporation. (Straus, Matthew) (Entered: 02/14/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/23/2011 11:38:47 | | |
| **PACER Login:** | mb4348 | **Client Code:** | CBS/Ferguson |
| **Description:** | Docket Report | **Search Criteria:** | 7:11-cv-00408-KMK |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------X Index No.: 21689-10

**STEVEN FERGUSON and CATHERINE FERGUSON,**

Date Filed:

                              Plaintiff(s),

                                            Plaintiff Designates
              -against-                     **WESTCHESTER**
                                            County as the Place of Trial

AIR & LIQUID SYSTEMS CORPORATION,           The Basis of Venue is
    as successor-by-merger to BUFFALO PUMPS, Defendants' Place of Business
AURORA PUMP COMPANY,
BYRON JACKSON PUMPS,                        **SUPPLEMENTAL**
CBS CORPORATION, f/k/a VIACOM INC.,         **SUMMONS**
    successor by merger to
    CBS CORPORATION, f/k/a
    WESTINGHOUSE ELECTRIC CORPORATION,
CLEAVER BROOKS COMPANY, INC.,
CRANE CO.,
EMPIRE-ACE INSULATION MFG. CORP.,
FOSTER WHEELER, L.L.C.,
GENERAL ELECTRIC COMPANY,
GOULDS PUMPS, INC.,
IMO INDUSTRIES, INC.,
INGERSOLL-RAND COMPANY,
ITT CORPORATION,
OWENS-ILLINOIS, INC.,
RAPID-AMERICAN CORPORATION,
THE FAIRBANKS COMPANY,
WARREN PUMPS, INC.,
YARWAY CORPORATION,
**CARRIER CORPORATION,**
    **Individually, and as successor in interest to**
    **BRYANT HEATING & COOLING SYSTEMS,**
**SUPERIOR BOILER WORKS, INC.,**
**TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.,**



                              Defendants
-------------------------------------------------------X
To the above named Defendant(s)

        **You are hereby summoned** to answer the **amended** verified complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint

Dated,          December 29, 2010
                New York, New York

Defendant's address:                                    WEITZ & LUXENBERG, P.C.
                                                        Attorney(s) for Plaintiff
**SEE ATTACHED DEFENDANTS RIDER**                       Post Office Address
                                                        700 Broadway
                                                        New York, New York 10003
                                                        (212) 558-5500

**DEFENDANTS' RIDER**

John Howarth Esq
WILBRAHAM, LAWLER & BUBA
1818 Market Street
Suite 3100
Philadelphia, PA 19103
fax:(215) 564-4385
Attorneys for Defendant:
  **AIR & LIQUID SYSTEMS CORPORATION,**
   **as successor-by-merger to BUFFALO PUMPS**

Lawrence McGivney Esq.
MCGIVNEY & KLUGER P.C.
80 Broad Street
23rd Floor
New York, NY 10004
(212) 233-1550
fax:(212) 233-4987
Attorneys for Defendant:
  **AURORA PUMP COMPANY**
  **THE FAIRBANKS COMPANY**

Theodore Eder Esq
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD
830 Third Avenue
Suite 400
New York, NY 10022
(215) 972-8015
Attorneys for Defendant:
  **BYRON JACKSON PUMPS**

David Goodearl Esq
William Bradley Esq
MALABY & BRADLEY LLC
150 Broadway, Suite 600
New York, NY 10038
(212) 791-0285
Attorneys for Defendant:
  **CBS CORPORATION, f/k/a VIACOM INC.,**
  **successor by merger to**
  **CBS CORPORATION, f/k/a**
  **WESTINGHOUSE ELECTRIC CORPORATION**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**CLEAVER BROOKS COMPANY, INC.**
**WARREN PUMPS, INC.**

Kirsten Kneis Esq.
K & L GATES LLP
599 Lexington ave
New York, NY 10022
(212) 536-3900
fax:(212) 536-3901
Attorneys for Defendant:
   **CRANE CO.**

Steve Kevelson Esq.
One Cozine Avenue
Brooklyn, NY 11201
Attorneys for Defendant:
   **EMPIRE-ACE INSULATION MFG. CORP.**

Michael Tanenbaum Esq
SEDWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, NJ 07102-5311
(973) 242-0002
fax:(973) 242-8099
Attorneys for Defendant:
   **FOSTER WHEELER, L.L.C.**
   **GENERAL ELECTRIC COMPANY**

John J. Fanning Esq.
CULLEN AND DYKMAN BLEAKLEY PLATT, LLP
177 Montague Street
Brooklyn, NY 11201
Attorneys for Defendant:
   **GOULDS PUMPS, INC.**

Joseph Colao Esq.
LEADER & BERKON LLP
630 Third Avenue
New York, NY 10017
(212) 486-2400
fax:(212) 486-3099
Attorneys for Defendant:
   **IMO INDUSTRIES, INC.**

Lisa Pascarella Esq
PEHLIVANIAN, BRAATEN & PASCARELLA, LLC

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Paynters Ridge Office Park
2430 Route 34 - P.O. Box 648
Manasquan, NJ 08736
(732) 528-8888
fax:(732) 528-4445
Attorneys for Defendant:
### INGERSOLL-RAND COMPANY

Philip Goldstein Esq
MCGUIRE WOODS, LLP
1345 Avenue of the Americas #7
New York, NY 10105
(212) 548-2100
fax:(212) 715-2315
Attorneys for Defendant:
### ITT CORPORATION

Paul  Scrudato Esq
SCHIFF HARDIN & WAITE
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000
Attorneys for Defendant:
### OWENS-ILLINOIS, INC.

Amiel  Gross
SNR DENTON US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 398-4867
fax:(212) 768-6800
Attorneys for Defendant:
### RAPID-AMERICAN CORPORATION

Jill Berry Esq
SCHIFF HARDIN, LLP
900 Third Avenue, 23rd Floor
New York, NY 10022
(212) 745-5597
fax:(212) 753-5044
Attorneys for Defendant:
### YARWAY CORPORATION

### CARRIER CORPORATION,
   **Individually, and as successor in interest to**

**BRYANT HEATING & COOLING SYSTEMS**
CT Corporation System
111 8th Avenue
New York, NY 10011

**SUPERIOR BOILER WORKS, INC.**
3524 East 4th Street
Hutchinson, KS 67501

**TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.**
Michele Corcoran, New Filings Manager
c/o PACE
1009 Lenox Drive, Bldg 4 Suite 101
Lawrenceville, NJ 08648

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X   Index No: 21689-10
**STEVEN FERGUSON and CATHERINE FERGUSON,**

Date Filed:

Plaintiff(s),

-against-

**AMENDED
VERIFIED
COMPLAINT**

AIR & LIQUID SYSTEMS CORPORATION,
   as successor-by-merger to BUFFALO PUMPS,
AURORA PUMP COMPANY,
BYRON JACKSON PUMPS,
CBS CORPORATION, f/k/a VIACOM INC.,
   successor by merger to
   CBS CORPORATION, f/k/a
   WESTINGHOUSE ELECTRIC CORPORATION,
CLEAVER BROOKS COMPANY, INC.,
CRANE CO.,
EMPIRE-ACE INSULATION MFG. CORP.,
FOSTER WHEELER, L.L.C.,
GENERAL ELECTRIC COMPANY,
GOULDS PUMPS, INC.,
IMO INDUSTRIES, INC.,
INGERSOLL-RAND COMPANY,
ITT CORPORATION,
OWENS-ILLINOIS, INC.,
RAPID-AMERICAN CORPORATION,
THE FAIRBANKS COMPANY,
WARREN PUMPS, INC.,
YARWAY CORPORATION,
**CARRIER CORPORATION,**
   **Individually, and as successor in interest to**
   **BRYANT HEATING & COOLING SYSTEMS,**
**SUPERIOR BOILER WORKS, INC.,**
**TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.,**

Defendants
----------------------------------------------------------------X

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Plaintiff(s), by his/her attorneys, upon information and belief, at all times hereinafter mentioned, allege as follows:

1.      Plaintiff(s), STEVEN FERGUSON and CATHERINE FERGUSON, is a resident and citizen of the State of New York;

2.      The term "Defendants" shall apply to all named business and/or corporate entities and/or such company's predecessors and/or successors in interest more fully described below.

3.      The Defendants named herein have done business in this State and/or have conducted and/or transacted business in this state, have committed one or more tortious acts within this State and/or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

4.      Defendant AIR & LIQUID SYSTEMS CORPORATION, as successor-by-merger to BUFFALO PUMPS, was and still is a duly organized domestic corporation doing business in the State of New York.

5.      Defendant AURORA PUMP COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

6.      Defendant BYRON JACKSON PUMPS, was and still is a duly organized domestic corporation doing business in the State of New York.

7.      Defendant BYRON JACKSON PUMPS, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

8.      Defendant **CARRIER CORPORATION, Individually, and as successor in interest to BRYANT HEATING & COOLING SYSTEMS, was and still is a duly organized domestic corporation doing business in the State of New York.**

9.      Defendant CBS CORPORATION, f/k/a VIACOM INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

10.      Defendant CLEAVER BROOKS COMPANY, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

11.      Defendant CRANE CO., was and still is a duly organized domestic corporation doing business in the State of New York.

12.      Defendant EMPIRE-ACE INSULATION MFG. CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

13.      Defendant FOSTER WHEELER, L.L.C., was and still is a duly organized domestic corporation doing business in the State of New York.

14.      Defendant GENERAL ELECTRIC COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

15.      Defendant GOULDS PUMPS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

16.      Defendant IMO INDUSTRIES, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

17.        Defendant INGERSOLL-RAND COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

18.        Defendant ITT CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

19.        Defendant OWENS-ILLINOIS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

20.        Defendant RAPID-AMERICAN CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

21.        **Defendant SUPERIOR BOILER WORKS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.**

22.        **Defendant SUPERIOR BOILER WORKS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.**

23.        Defendant THE FAIRBANKS COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

24.        **Defendant TRANE U.S. INC., f/k/a AMERICAN STANDARD INC., was and still is a duly organized domestic corporation doing business in the State of New York.**

25.        Defendant WARREN PUMPS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

26.          Defendant YARWAY CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

27.          Plaintiff(s) repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "1" through "26" inclusive with the same force and effect as if hereinafter set forth at length.

28.          Plaintiff continuously worked with and was exposed to the asbestos and asbestos-containing products and materials mined, manufactured, processed, imported, converted, compounded, installed, or sold by the defendants.  During the course of his employment, plaintiff was exposed to the defendants' asbestos and asbestos containing materials to which exposure directly and proximately caused him to develop an asbestos related disease.

29.          Upon information and belief, the defendants mined, processed, manufactured, designed, fabricated, fashioned, packaged, distributed, sold and/or delivered various asbestos-containing products and materials and/or asbestos containing equipment to which plaintiff was exposed during the period of time he was employed.

30.          At all times pertinent hereto the defendants acted through their duly authorized agents, servants, and employees, who were then and there acting in the course of and scope of their employment and in furtherance of the business of said defendants.

31.          During the scope and course of plaintiff's employment he was necessarily and unavoidably exposed to and did inhale and ingest dust and/or asbestos fibers

emanating from the asbestos and asbestos-containing products and/or equipment of the defendants.

32.     As a proximate result of the exposure to the asbestos and asbestos containing products and/or equipment of these defendants, and the unavoidable and necessary inhalation of said asbestos, plaintiff developed an asbestos related disease.

33.     At all relevant times, the defendants knew or should have known that the asbestos and asbestos-containing products and materials which they were providing were inherently dangerous beyond the expectations of the ordinary user or handler who would come into contact with these products.

34.     The defendants negligently failed to provide any or adequate and proper warnings as to the dangers of the use of said products and materials to those persons using, handling, or coming into contact therewith.

35.     The defendants negligently failed to warn and failed to provide adequate instructions of any potentially safer handling methods which should have been utilized by users, handlers, or other persons who were reasonably and foreseeably known to come into contact with the asbestos-containing products and/or equipment and materials.

36.     The defendants negligently failed to investigate and/or test for the hazards of asbestos products and materials.

37.     To the extent that some defendants may have inquired as to the hazards of said materials, the defendants negligently failed to convey whatever knowledge of dangers, health hazards, or safety precautions they may have had to the users and consumers of their asbestos-containing products.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

38.    The defendants negligently failed to develop, make available and/or provide nonhazardous substitutes which could have been used for the same purpose as their asbestos-containing products and/or equipment.

39.    The defendants negligently failed to design asbestos-containing products and/or equipment in such a fashion as to prohibit or minimize the release of airborne, inhalable and ingestible asbestos dust and/or fibers.

40.    As a direct result of working with or near the asbestos materials supplied by the defendants with the consequent unavoidable and necessary inhalation and ingestion of said asbestos fibers, plaintiff developed an asbestos related disease and as a result has been disabled.  Plaintiff has suffered and endured great pain and mental anguish and suffered a loss of enjoyment of his life.

41.    The asbestos related disease of the plaintiff was proximately caused by the defendants' negligent actions in that, inter alia, they negligently designed, processed, manufactured, packaged, distributed, delivered and/or installed the asbestos-containing products to which the plaintiff was exposed, all of which evidenced a callous, reckless, wanton, oppressive, malicious, willful, depraved indifference to the health, safety and welfare of the rights of others and more particularly the rights of the plaintiff, all of which defendants had due and timely notice.

42.    Defendants negligently failed to render warnings, advise, give instructions and/or information to plaintiff so that he may have made an adequate and informed judgment as to the use of said products and were otherwise negligent.

43.    The defendants individually and as a group since the early 1900's have possessed  medical and scientific data which clearly indicates that their asbestos-containing

LAW OFFICES OF WEITZ & LUXENBERG, P.C. 700 BROADWAY NEW YORK, NY 10003

products are hazardous to health; and prompted by pecuniary motives, the defendants individually and collectively ignored and failed to act upon said medical and scientific data and conspired to deprive the public and particularly the users including plaintiff of said medical and scientific data and therefore deprived the public at large and the plaintiff in particular, of the opportunity of free choice as to whether or not to expose himself to the asbestos and asbestos-containing products of said defendants; and further willfully, intentionally and wantonly failed to warn plaintiff of the serious bodily harm which would result from the inhalation of their asbestos fibers and the dust from their asbestos products.

        44.        The defendants utter failure to use reasonable care under all the circumstances is the proximate cause of plaintiff's asbestos related disease.

        45.        As a result of the foregoing plaintiff was seriously injured.

        46.        By reason of the foregoing, said plaintiff(s) has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

        47.        Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46", with the same force and effect as if hereinafter set forth at length.

        48.        The defendants expressly and impliedly warranted that said asbestos and asbestos-containing materials were of good and merchantable quality and fit for intended use.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

49.         The implied/express warranties made by the defendants that their asbestos and asbestos-containing materials were of good and merchantable quality and fit for their particular use were breached in that certain harmful, poisonous and deleterious matter was given off into the atmosphere where plaintiff carried out his duties working with and around asbestos and asbestos-containing materials.

50.         As a direct and/or proximate cause of the breach of the implied/express warranties of good and merchantable quality and fitness for the particular use, plaintiff developed an asbestos related disease and was caused to endure great pain and suffering.

51.         Plaintiff was seriously injured.

52.         By reason of the foregoing, plaintiff(s) has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.


AS AND FOR A THIRD CAUSE OF ACTION
AGAINST ALL DEFENDANTS


53.         Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52", with the same force and effect as if hereinafter set forth at length.

54.         At all relevant times, defendants, as part of their business, manufactured, designed, supplied, developed, fashioned, packaged, distributed, delivered, installed, sold, and/or otherwise placed asbestos and asbestos products and/or equipment and materials into the stream of commerce in a defective, unsafe and inherently dangerous condition and the products and materials were expected to and did reach users, handlers and persons

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

coming into contact with the said products and materials without substantial change in the condition in which they were sold.

55.     The asbestos-containing products and/or equipment sold by the defendants did not contain a warning and/or information concerning the dangers to persons using, handling or coming into contact therewith.

56.     The asbestos-containing products and/or equipment sold by the defendants did not contain adequate and/or correct warnings and instructions of safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with said products and/or equipment.

57.     That at all times herein, the products and/or equipment being used herein were being employed for the purposes and in the manner normally intended and the defects of the said products were not discoverable by the plaintiff by the exercise of reasonable care, nor were the dangers of said products perceivable on the part of the plaintiff and the plaintiff would not have otherwise averted his injury by the exercise of reasonable care.

58.     Said asbestos and asbestos-containing materials were defective and dangerous at the time they were sold as the products and/or equipment contained a latent defect and were harmful, poisonous and deleterious when introduced into the atmosphere where the plaintiff carried on his work duties.

59.     The defendants selling their asbestos and asbestos-containing materials in a defective and dangerous condition to the users thereof, such as the plaintiff, are strictly liable to the plaintiff for any illness resulting from said defective products.

60.     As a direct and proximate result of the sale by the defendants to plaintiff's employers, and/or other contractors, of said defective and unreasonably dangerous

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

products and/or equipment the plaintiff sustained serious and permanent injuries and suffered a

loss of enjoyment of his life.

61.         Plaintiff was seriously injured.

62.         That by reason of the foregoing, plaintiff(s) has been damaged as

against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in

compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
<u>AGAINST ALL OTHER DEFENDANTS</u>

63.         Plaintiff(s) repeats, reiterates and realleges each and every

allegation contained in paragraphs "1" through "62" and inclusive with the same force and effect

as if hereinafter set forth at length.

64.         Defendants, collectively and individually manufactured, designed,

selected, assembled, inspected, tested, maintained for sale, marketed, distributed, installed, sold,

supplied, delivered and promoted asbestos and asbestos-containing products which were

generically similar and fungible in nature; and placed such products into the stream of interstate

commerce.

65.         Plaintiff, through no fault of his own, may not be able to identify

all the asbestos-containing products or their manufacturers, marketers, sellers, distributors, or

promoters due to the generic similarity and fungible nature of such products as produced by

these defendants.

66.         As a direct and proximate result of the defendants' activities

plaintiff was exposed to asbestos-containing products and sustained injuries and damage as

described above.

67.          By reason of the abovementioned, defendants are jointly and severally liable to the plaintiff for the injuries and damages sustained by him as described above by virtue of industry-wide or enterprise liability.

68.          In the alternative, defendants herein represent a substantial share of the asbestos-containing product market within the area in which plaintiff was employed.

69.          Defendants manufactured, designed, selected, assembled, marketed, distributed, sold, supplied, delivered and promoted asbestos-containing products of the kind and nature to which plaintiff was exposed during the period of his employment.

70.          Independent of the above, defendants are also jointly and severally liable to plaintiff, as the limitations of liability articulated in New York CPLR section 1601 do not apply to the plaintiff's cause of action by operation of the exceptions set forth in New York CPLR section 1602, which state that the limitations shall:

(7)          Not apply to any person held liable for causing claimant's injury by having acted with reckless disregard for the safety of others.

(8)          Not apply to any person held liable by reason of the applicability of article ten of the labor law.

(10)         Not apply to any person held liable in a product liability action where the manufacturer of the product is not a party to the action and the claimant establishes by a preponderance of the evidence that jurisdiction over the manufacturer could not with due diligence be obtained and that if the manufacturer were a party to the action, liability for claimant's injury would have been imposed upon said manufacturer by reason of the doctrine of strict liability, to the extent of the equitable share of such manufacturer.

(11)         Not apply to any parties found to have acted knowingly or intentionally, and in concert, to cause the acts or failures upon which liability is based; provided, however, that

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

nothing in this subdivision shall be construed to create, impair, alter, limit, modify, enlarge, abrogate, or restrict any theory of liability upon which said parties may be held liable to the claimant.

71.       Therefore, defendants are jointly and severally liable to the plaintiff for the injuries and damages sustained by him which were directly and proximately caused by plaintiff's exposure to asbestos-containing products and promoted by the defendants based on the several defendants pro rata market share within the market described herein.

72.       Plaintiff was seriously injured.

73.       By reason of the foregoing, plaintiff(s) has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS

74.       Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through " 73" with the same force and effect as if hereinafter set forth at length.

75.       Defendants, their subsidiaries, agents and/or servants were/are owners, possessors, lessors, lessees, operators, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises on which plaintiff was lawfully frequenting and exposed to asbestos.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

76.        Defendants, their subsidiaries, agents, and/or servants had a legal duty to maintain and keep those premises in a safe and proper condition.

77.        At all times relevant hereto, plaintiff was lawfully frequenting the premises on which plaintiff was exposed to asbestos.

78.        At all times relevant hereto, plaintiff's presence on the premises on which plaintiff was exposed to asbestos was known or knowable to the defendants.

79.        Defendants, their subsidiaries, agents, and/or servants negligently created, caused and/or permitted to exist, an unsafe, hazardous and/or dangerous condition to exist by specifying, using and/or permitting the presence of asbestos and/or asbestos containing products, equipment and/or fixtures at the premises where the plaintiff was exposed to asbestos.

80.        Defendants, their subsidiaries, agents, and/or servants negligently permitted a defective, hazardous and/or dangerous condition to remain uncorrected and/or unchanged at the premises at which the plaintiff was present and exposed to asbestos.

81.        Defendants, their subsidiaries, agents, and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/or dangerous condition and failed to correct this dangerous condition.

82.        Defendants, their subsidiaries, agents, and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/or dangerous condition and failed to warn the plaintiff of the existence of the dangerous condition and/or provide the plaintiff the means to protect himself from this dangerous condition.

83.        Defendants, their subsidiaries, agents, and/or servants violated the common law duty to maintain a safe work place for individuals, such as plaintiff, who were

working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by them.

84.         Defendants, their subsidiaries, agents, and/or servants violated New York Labor Law sections 200 et seq., including, but not limited to, section 200 and 241 (6) and the New York Industrial Code 12 NYCRR section 12 and 23 by their failure to provide a safe workplace, including, but not limited to, failing to make reasonable inspections to detect dangerous conditions and hidden defects and to warn of dangers of which they knew or should have known, and by their failure to provide reasonable and adequate protection for individuals, such as plaintiff, who was lawfully at a construction site owned, maintained and/or controlled by them. Inter alia:

(a)    Defendants, their subsidiaries, agents and/or servants violated the New York State Industrial Code section 12, subsection 1.4, which states that:

    (a)    All operations or processes which produce air contaminants shall be so conducted that the generation, release or dissemination of such contaminants is kept at the lowest practicable level in compliance with this Part (rule) using proper control or protective procedures and equipment.

    (b)    (1)    Every employer shall effect compliance with the provisions of this Part (rule) relating to the prevention and removal of air contaminants, the storage and use of flammable liquids and the provision, installation, operation and maintenance of control or protective equipment.

        (2)    Every employer shall instruct his employees as to the hazards of their work, the use of the control or protective equipment and their responsibility for complying with the provisions of this Part (rule).

        (3)    No employer shall suffer or permit an employee to work in a room in which their exist dangerous air contaminants in a work atmosphere.

(4)  No employer shall suffer or permit dangerous air contaminants to accumulate or remain in any place or area subject to the provisions of this Part (rule).

(b)  Defendants, their subsidiaries, agents, and/or servants violated New York State Industrial Code section 12, subsection 1.5, which states that:

(a)  (1)  Personal respiratory protective equipment shall not be used in lieu of other control methods, except for protection of employees in emergencies and in the repair, maintenance or adjustment or equipment or processes, or upon specific approval by the board

(c)  Defendants, their subsidiaries, agents, and/or servants violated New York State Industrial Code section 12, subsection 1.6 (formerly section 12.9), which states that:

(a)  One or more of the following methods shall be used to prevent, remove or control dangerous air contaminants:

(1)  Substitution of a material or a method which does not produce dangerous air contaminants.
(2)  Local exhaust ventilation conforming to the requirements of Industrial Code Part (Rule No.) 18.
(3)  Dilution ventilation.
(4)  Application of water or other wetting agent.
(5)  Enclosure or isolation
(6)  other methods approved by the board.

(d)  As evidence of defendants', their subsidiaries', agents' and/or servants' violation of the abovementioned sections of the New York State Industrial Code, defendants, their subsidiaries, agents and/or servants permitted asbestos dust concentrations above the 5mppcf threshold limit value specified in section 12, subsection 3.1, without providing the required reasonable and adequate protective measures, thereby rendering the premises unsafe.

(e)  Defendants, their subsidiaries, agents and/or servants violated section 23-3.2(d) of the New York State Industrial Code which states that:

(d)  Provision shall be made at every demolition site to control the amount of airborne dust resulting from demolition operations by wetting the debris and other materials with appropriate spraying agents or by other means.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

85.        Defendants, their subsidiaries, agents, and/or servants negligently designed the construction of the premises on which plaintiff was lawfully frequenting and exposed to asbestos by specifying the use of asbestos containing products, equipment and/or fixtures at the premises.

86.        Defendants, their subsidiaries, agents, and/or servants negligently breached their contractual duty to the plaintiff, third-party beneficiary, to provide for the health, welfare and/or safety of those, such as plaintiff, lawfully frequenting the premises on which plaintiff was exposed to asbestos.

87.        Defendant's, their subsidiaries, agents and/or servants, breached their warranty to provide for the health, welfare, and/or safety of those, such as plaintiff lawfully frequenting the premises on which plaintiff was exposed to asbestos.

88.        Defendants, their subsidiaries, agents and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in the Restatement of the Law, Second, Torts, including, but not limited to, sections 343, 410, 411, 412, 413, 414, 414A, 416, 422, 424 and 427.

89.        These acts and/or omissions of the defendants constitute willful misconduct and conscious disregard of the health of the public, including the plaintiff.

90.        As a direct and proximate result of the defendants' conduct, plaintiff was exposed to asbestos and asbestos containing products and sustained serious injuries and described above.

91.        Plaintiff was seriously injured.

92.          By reason of the aforegoing, plaintiff has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.


## AS AND FOR A SEVENTH CAUSE
## OF ACTION AGAINST DEFENDANTS

93.          Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "92" with the same force and effect as if hereinafter set forth at length.

94.          Plaintiff husband/wife is a resident of the state alleged in the individual complaint.  Plaintiff husband/wife was and still is the lawful husband/wife of plaintiff.

95.          By reason of the foregoing, plaintiff husband/wife has been deprived of the services and consortium of her (his) husband/wife including but not limited to her (his) support, services, love, companionship, affection, society, physical relations and solace, and she suffered a loss of enjoyment of life, all to her (his) damage as against each defendant in the sum of FIVE MILLION DOLLARS ($5,000,000.00).


WHEREFORE, plaintiff(s) demand judgment against the defendants jointly and severally on each cause of action with interest together with costs and disbursements in this action

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Dated: December 29, 2010
      New York, New York

Respectfully submitted,

WEITZ & LUXENBERG, P.C.

Attorneys for Plaintiff(s)
700 Broadway
New York, NY  10003
(212) 558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

700 BROADWAY
NEW YORK, NY 10003

STATE OF NEW YORK        )

COUNTY OF NEW YORK    )

The undersigned, an attorney admitted to practice in the Courts of New York State,

shows:

Deponent is an associate of the firm WEITZ & LUXENBERG, P.C., Counsel for the

plaintiff(s) in the within action; deponent has read the foregoing Summons and Verified

Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except

as to the matters therein stated to be alleged on information and belief, and that as to those

matters deponent believes it to be true.  This verification is made by deponent and not by

plaintiff(s) because plaintiff(s) resides outside of the County of New York where the deponent

maintains his office.

Dated: December 29, 2010
       New York, New York

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff(s)

By: _____

DOUGLAS von OISTE

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003