1  ALAN R. BRAYTON, ESQ., S.B. #73685
   LLOYD F. LEROY, ESQ., S.B. #203502
2  RICHARD M. GRANT, ESQ., S.B. #55677
   BRAYTON❖PURCELL LLP
3  222 Rush Landing Road
   PO Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiffs

7

8               BEFORE THE UNITED STATES JUDICIAL PANEL
                       ON MULTIDISTRICT LITIGATION
9

10 IN RE: ASBESTOS PRODUCTS            )    **MDL DOCKET NO. 875**
   LIABILITY LITIGATION (NO. VI)      )    **CTO - 358**
11                                     )
                                       )    Originating Court No.:  CAC 2:11-00791
12 ROBERT McNAUGHTON,                 )
            Plaintiff,                 )
13 vs.                                 )    **PLAINTIFF'S MOTION BEFORE**
                                       )    **THE JUDICIAL PANEL ON MULTI-**
14 GOODRICH CORPORATION, et al.        )    **DISTRICT LITIGATION TO**
            Defendants.                )    **VACATE CONDITIONAL**
15 ─────────────────────────────────  )    **TRANSFER ORDER 358**

16

17        ROBERT McNAUGHTON ("Movant" or "Plaintiff") by and through their counsel of

18 record file this Motion and Brief to Vacate Conditional Transfer Order 358 entered by the

19 Judicial Panel on Multi-District Litigation ("JPML" or "Panel".)

20        Movants respectfully move the Panel pursuant to JPML Rule 7.1(f) to vacate its order

21 conditionally transferring the above entitled and numbered case to the United States District

22 Court for the Eastern District of Pennsylvania.  This motion is based on the brief in support

23 which is made a part of this filing, and such other materials as may be presented to the JPML at

24 the time of the hearing on the motion.

25               **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

26        This actions for asbestos-related personal injury was originally filed by Plaintiffs against

27 numerous defendants in the Superior Court of the State of California, County of Los Angeles.

28 ─────────────────────────────────────────────
   K:\Injured\112614\FED\Mtn vacate CTO-358.wpd                    1
   PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
   CONDITIONAL TRANSFER ORDER 358

1    Defendant Lockheed Martin Corporation filed its Notice of Removal on January 26,
2  2011. Its alleged ground for removal as stated in the Notice is that defendant was acting under
3  the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1),
4  and that defendant has a colorable federal defense to plaintiff's state court claims. Plaintiff will
5  file his Motion to remand to the Los Angeles County Superior Court based upon lack of subject
6  matter jurisdiction.

7    The Conditional Order filed herein transferred this case to the MDL-875 in the United
8  States District Court for the Eastern District of Pennsylvania.

9    Plaintiff moves this Panel to vacate the Conditional Order in furtherance of justice, and
10  to defer to the United States District Court for the Central District of California or the Superior
11  Court for the State of California, County of San Francisco to move the case speedily along to
12  trial.

13                                **ARGUMENT**

14    Title 28, United States Code, section 1407(a) allows for the transfer of a civil action
15  "involving one or more common questions of fact" only if the Panel determines that a transfer
16  "will be for the convenience of parties and witnesses and will promote the just and efficient
17  conduct of such actions." Movant submits that these cases do not meet these requirements.
18  Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather
19  than enhance the progress of these cases.

20    **A.    THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND
           THIS CASE SHOULD BE REMANDED TO THE STATE COURT.**
21

22    As set forth above, defendant Lockheed Martin Corporation ("Lockheed") filed its
23  Notice of Removal on January 26, 2011. Its alleged ground for removal as stated in the Notice
24  is that defendant was acting under the direction of an officer of the United States within the
25  meaning of 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to
26  plaintiff's state court claims. Defendant does not contest that Mr. McNaughton my have been
27  exposed to asbestos while working on defendant's aircraft.

28  K:\Injured\112614\FED\Mtn vacate CTO-358.wpd                    2
     PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
     CONDITIONAL TRANSFER ORDER 358

1       Removal pursuant to 28 U.S.C. Sec. 1442(a)(1) is inappropriate in that the moving

2   party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a

3   colorable federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between

4   plaintiff's claims and the acts it alleges it performed under color of federal office.

5       Removal is also inappropriate in that the Lockheed cannot demonstrate that the United

6   States approved reasonably precise specifications that actually specified the use of asbestos in a

7   product, that absent the specifications, would not have contained asbestos.

8       Removal was improper as a matter of law.  The United States District Courts do not

9   have jurisdiction pursuant to the federal officer removal statute, 28 U.S. C. sec 1442, and are

10  without subject-matter jurisdiction to hear the case.  Plaintiff's Motion to Remand, to be filed

11  before the District Court for the Central District of California, should be granted and the case

12  remanded in its entirety to the California Superior Court for the County of Los Angeles.

13  **B.    THESE CASES DO NOT SHARE COMMON FACTUAL ISSUES WITH OTHER MDL CASES**

14

15      Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common

16  facts present.  *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*

17  *1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976).  Implicit in this consideration is the

18  requirement that the common facts be more than minimal.  *In re Boeing Co. Employment*

19  *Practices Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.)   A mere showing of common

20  questions of fact is not sufficient alone to merit transfer.  *In re Truck Accident Near Almagordo,*

21  *New Mexico on June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).

22      Because Movant's case is dissimilar from the multi-party asbestos suits in MDL 875 it

23  should remain in California.  The mere presence of some common factual issues does not

24  automatically require transfer, even in asbestos exposure and personal injury actions involving

25  scientific causation issues.  While this case shares with all MDL 875 cases the common

26  material, asbestos fibers, it is wholly different in its limited scope.

27  ///

28  K:\Injured\112614\FED\Mtn vacate CTO-358.wpd                          3

1    The facts in dispute in these matters (other than the generic fact of asbestos exposure)

2  are entirely unique to decedent's work history and identification of the products with which he,

3  in particular, worked. The evidence that will be presented in this case is essentially applicable to

4  this specific plaintiff, and will be of little possible benefit to the parties in MDL 875.

5    **C.    TRANSFER WILL IMMENSELY INCONVENIENCE PARTIES AND**
       **WITNESSES**
6

7    In its Order creating MDL 875, the Panel explained that since section 1407 transfer is

8  "primarily for pretrial, there is usually no need for the parties and witnesses to travel to

9  [Pennsylvania] for depositions or otherwise". In re Asbestos Products Liability Litigation (No.

10  VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).

11    Movant respectfully submits, however, that effective practice before the Eastern District

12  of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in

13  chambers and court hearings. Travel to Philadelphia will require expensive air fares and lodging

14  for parties and, their attorneys. There is little benefit, and thus little convenience, to adding the

15  present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash*

16  *Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977). This

17  places a heavy and entirely unnecessary burden on Movants.

18    **D.    TRANSFER WILL BE UNJUST AND INEFFICIENT.**

19    In reaching its decision to transfer, in addition to the convenience of the parties and

20  witnesses, the Panel should consider whether transfer will promote the just and efficient

21  conduct of the actions in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000).

22  That is the most important factor in determining whether consolidation of a tag along case is

23  appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C.

24  1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17

25  Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

26    Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;

27  (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and

28  K:\Injured\112614\FED\Mtn vacate CTO-358.wpd                    4

1    judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993).  See

2    generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255

3    (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in

4    transfers for coordinated or consolidated pretrial.  Considerable time and trouble are in the sheer

5    mechanics of transferring and remanding.  After transfer, the process of segregating the pretrial

6    matters which should be remanded for handling by the transferor courts may be time-

7    consuming, as well as subject to reasonable disagreement.  The basic question before the Panel

8    in each proceeding looking to coordinated or consolidated pretrial is, then, whether the

9    objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer

10   and remand.")

11        Consolidation of Movants' case with MDL 875 will not serve any of these aims.  This

12   case is dissimilar to the vast majority of cases in the MDL and places it outside the area of

13   unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created.  This case can be

14   most efficiently handled by the California Superior Court in Los Angeles or in the Federal

15   District Court for the Central District of California where the trial will take place.

16        The parties will not benefit from the MDL 875's focus on common asbestos defendants.

17   It is nothing like  a 'class action natured asbestos action' (multiple unrelated plaintiffs against

18   common asbestos product manufactures) which was the context in which MDL 875 was created

19   to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the

20   resources of the parties, their counsel, and the judiciary.   This case is a straightforward personal

21   injury action, one that the state court and the parties would be able to move relatively rapidly to

22   trial.

23        In light of the above, Movant respectfully submits that transfer to MDL-875 would be

24   more inconvenient to the parties and witnesses, and more likely to obstruct rather than promote

25   the just and efficient conduct of this case.  Transfer  will serve only to delay the matter, while

26   increasing the judicial workload of the Pennsylvania court, and accomplishing no effective

27   progress in the action.

28   K:\Injured\112614\FED\Mtn vacate CTO-358.wpd                     5

## CONCLUSION

Transfer will serve neither the convenience of the parties nor the just and efficient conduct of these cases.  It is not suitable for transfer to the MDL.  Most importantly, the United States District Courts lack federal subject matter jurisdiction.

For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer Order 358 as to this matter.

DATED: February 23, 2011                    BRAYTON ❖ PURCELL LLP


                                            s/ Richard M. Grant
                                            _____
                                            Richard M. Grant (Calif. SB# 55677)
                                            222 Rush Landing Road
                                            Novato, California 94945
                                            Telephone: (415) 898-1555
                                            rgrant@braytonlaw.com

                                            Counsel for Plaintiff

K:\Injured\112614\FED\Mtn vacate CTO-358.wpd
PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
CONDITIONAL TRANSFER ORDER 358

ASBESTOS MDL 875 - Re: CTO 358
*Robert McNaughton v. Goodrich Corp., et al* CAC 2:11-00791

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the following with the JUDICIAL PANEL ON MULTIDISTRICT LITIGATION by efiling w/the court's CM/ECF system on <u>February 23, 2011.</u>

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 358**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users and that they were served by mail.

**SEE ATTACHED SERVICE LIST**

<u>XX</u>          BY OFFICE MAILING

I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Petaluma, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed February 23, 2011, at Novato, California.

I declare under penalty of perjury that the foregoing is true and correct.

          /s/ Jane Ehni
          Jane Ehni
          222 Rush Landing Rd.
          Novato, CA 94102
          415/899-1011 ext. 232

Brayton-Purcell-Service-List

Date Created: 2/23/2011-4:24:25 PM                                    Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Reporting
Matter Number: 112614.001 - Robert McNaughton

Sarah Samuelson, Esq.
**Bryan Cave LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
310-576-2100   310-576-2200 (fax)
**Defendants:**
   McDonnell Douglas Corporation
(MCDONL)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
**Defendants:**
   Curtiss-Wright Corporation (CURTWR)
   Meggitt Aircraft Braking Systems
Corporation ( fka Aircraft Braking Systems
Corporation) (ABS)

**Jackson Jenkins Renstrom LLP**
55 Francisco Street, 6th Floor
San Francisco, CA 94133
415-982-3600   415-982-3700 (fax)
**Defendants:**
   General Dynamics Corporation
(GENDYN)

**Knott & Glazier, LLP**
707 Willshire Blvd.
Suite 2025
Los Angeles, CA 90017
213-312-9200   213-312-9201 (fax)
**Defendants:**
   Lockheed Martin Corporation (LOCCOR)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
   Goodrich Corporation (BFGOOD)
   Rohr, Inc. (ROHR)

E. N. Stone, Esq.
**Lewis Brisbois Bisgaard & Smith LLP**
221 North Figueroa Street
Suite 1200
Los Angeles, CA 90012
213-250-1800   213-580-7942 (fax)
**Defendants:**
   Goodyear Tire & Rubber Company, The
(GOODYR)

**Recordtrak - Headquarters**
651 Allendale Road
P.O. Box 61591
King of Prussia, PA 19406
610-992-5000   610-992-1416 (fax)
**Defendants:**
   Recordtrak - Headquarters (RECTHQ)

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900   415-781-2635 (fax)
**Defendants:**
   General Electric Company (GE)

**Steptoe & Johnson LLP**
633 West Fifth St., 7th Floor
Los Angeles, CA 90071
213-439-9400   213-439-9599 (fax)
**Defendants:**
   Metropolitan Life Insurance Company
(MET)

**Tucker Ellis & West LLP**
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071-2223
213-430-3400   213-430-3409 (fax)
**Defendants:**
   United Technologies Corporation
(UNTECH)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400   415-617-2409 (fax)
**Defendants:**
   United Technologies Corporation
(UNTECH)

**Walsworth, Franklin, Bevins & McCall**
One City Boulevard W.
5th Floor
Orange, CA 92868-3677
714-634-2522   714-634-0686 (fax)
**Defendants:**
   Boeing Company, The (BOEING)