FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL 875 |
| TERRY J. THOMAS, ET AL., | : : | |
| Plaintiffs | : : | Transferred from the Eastern District of Louisiana |
| v. | : : | (Case No. 00-02374) |
| AMERICAN OPTICAL CORP., | : : | E.D. PA CIVIL ACTION No. 2:07-74005 |
| Defendant | : | |
| DIANA SAM, ET AL., | : : | |
| Plaintiffs | : : | Transferred from the Eastern District of Louisiana |
| v. | : : | (Case No. 01-00201) |
| AMERICAN OPTICAL CORP., | : : | E.D. PA CIVIL ACTION No. 2:07-74014 |
| Defendant | : | |

### SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **December, 2010**, it is hereby **ORDERED** that Plaintiffs' Motion for Suggestion of Remand (doc. no. 4) filed on February 23, 2009 is **GRANTED**.

It is further **ORDERED** that Defendant American Optical Corp.'s Motion for Leave to File a Third-Party Complaint (doc. no. 7) filed on July 23, 2010 is **DENIED** without prejudice, with leave to re-file in the transferor court.

It is further **ORDERED** that the Court **SUGGESTS** that the above

captioned case be **REMANDED** to the United States District Court for the Eastern District of Louisiana for resolution of all matters pending in the above-captioned cases.[1]

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1] The basis for Plaintiffs' Motion for Suggestion of Remand is that these cases are respirator-defect cases, not traditional asbestos-exposure cases. The only Defendant in both cases is a respirator manufacturer. Plaintiff notes that respirator defect cases are distinct from traditional asbestos-exposure cases, as they involve a variety of contaminants, including, but not limited to, asbestos. (doc. no. 4 at 4.) Further, respirator cases raise "complex technical scientific and engineering issues concerning respirator efficiency, filter penetration, and fit." (Id.) Finally, in contrast to most asbestos-exposure cases, these are not multi-defendant cases. (Id.)

Under these circumstances, and in the absence of any opposition by Defendant, the Court finds that these cases are not appropriate for adjudication in MDL 875. The instant cases do not share enough "common questions of fact" with asbestos-exposure cases to support jurisdiction under 28 U.S.C. § 1407(a); (See also 01-875, doc. no. 1, at 2)(ordering the creation of MDL 875 based on the finding that "actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos.")