BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

*Vest v. Allied Packing & Supply, Inc., et al.,*
N.D. California Civil Action No. 3:11-cv-00061 JSW

REPLY BRIEF SUPPORTING PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER 353

I.   INTRODUCTION

In response to plaintiffs' motion to vacate CTO-353, only one defendant, removing defendant McDonnell Douglas Corporation ("McDonnell Douglas") filed an opposition, and only one other defendant, Henkel Corporation ("Henkel") filed a joinder to that opposition. Neither defendant shows that transferring this action would convenience parties and witnesses, nor could they since re-litigating a case that was set for trial in one month when it was removed would inflict great inconvenience and expense on all parties.

Further, McDonnell Douglas acknowledges that unlike nearly every malignant mesothelioma case, the defendants in this case dispute that asbestos exposure caused plaintiff Timothy Vest's malignant mesothelioma. However, McDonnell Douglas fails to cite a single case pending before the U.S. District Court for the Eastern District of Pennsylvania involving a defense that asbestos exposure does not cause mesothelioma. Thus, McDonnell Douglas fails to show that transferring to that Court would more efficiently resolve this action than proceeding before: (1) the local District Court, which could preside over this one case and devote attention to

its unique medical and scientific issues; or (2) if remanded, before the California Superior Court, which is already familiar with the arguments and evidence on this issue.

Finally, McDonnell Douglas' argument that plaintiffs waived their right to move for remand by seeking limited, administrative relief from the local District Court lacks merit. Plaintiffs' motion to lift the local District Court's stay for the limited purpose of ruling on Petitions for Minors' Compromise bears no similarity to the facts in the cases on which McDonnell Douglas relies.

## II.     ARGUMENT

### A.     Neither McDonnell Douglas Nor Henkel Show That Transferring This Action Would Further the Purpose of 28 U.S.C. § 1407

#### 1.     Transferring this action would inconvenience the parties and cause them to incur significant expense in re-litigating a case that was nearly set for trial when removed

Neither McDonnell Douglas' opposition nor Henkel's joinder shows that transferring this action would "be for the convenience of parties and witnesses and [would] promote the just and efficient conduct of" this action. [28 U.S.C.A. § 1407(a).] Neither defendant presents any arguable benefit to the parties from transferring a case already litigated through extensive discovery and law and motion before the California Superior Court, with trial set to begin in just one month when removed. [Exhibit C to Brief Supporting Plaintiffs' Motion to Vacate CTO-353 (Document 12-2, e-filed with the Panel on January 28, 2011): Case Management Order, p. 3.] Forcing the parties to litigate this action over again would only inconvenience the parties and waste their resources.

It bears noting that 25 defendants remain at this stage of litigation, yet only McDonnell

Douglas opposed plaintiffs' motion to vacate CTO-353 and only Henkel joined in that opposition. [Ex. 1: Civil Docket for U.S. District Court, Northern District of California, Case No. 3:11-cv-00061-JSW.] Thus, 25 of the 27 active litigants in this case (23 defendants and 2 plaintiffs) would rather proceed through pre-trial litigation and trial in the local District Court, or the California Superior Court if this action is remanded. Under such circumstances, there is neither need nor justification for transferring this case to MDL No. 875. The Panel need not and should not disregard the parties' choices and interests when considering whether to transfer this action from the local district court in California, where it is pending, to the U.S. District Court for the Eastern District of Pennsylvania.

    **2.    Due to defendants' novel defense of this case, vacating CTO-353 would promote the just and efficient resolution of this action**

Not only do McDonnell Douglas and Henkel fail to show that transferring this action would convenience parties and witnesses, they also fail to show that transfer would promote the just and efficient resolution of this action. [28 U.S.C.A. § 1407(a).] McDonnell Douglas acknowledges that unlike nearly all other cases involving a plaintiff diagnosed with mesothelioma, defendants in this case argue that asbestos exposure did not cause plaintiff Timothy Vest's malignant mesothelioma. [McDonnell Douglas' opposition to motion to vacate CTO-353 (Document 27), p. 10.] However, McDonnell Douglas fails to point to even a single case pending before the U.S. District Court for the Eastern District of Pennsylvania in which a defendant claims that a plaintiff's malignant mesothelioma was not caused by asbestos exposure.

In contrast, the parties, including McDonnell Douglas, have briefed medical causation of Mr. Vest's disease extensively before the California Superior Court. [Exhibit E-1 to Brief

Supporting Plaintiffs' Motion to Vacate CTO-353 (Document 13, e-filed with the Panel on January 28, 2011): Motion to Remand, at 7:20-8:7.] Thus, McDonnell Douglas' admission of a unique issue in this case only shows that this action would be more efficiently resolved before either: (1) the local District Court, in a situation where that Court could preside over this individual case and devote attention to the unique medical, scientific issues raised by McDonnell Douglas' and others' defense of the case; or (2) if remanded, the California Superior Court, which is already familiar with the arguments and evidence on medical causation of Mr. Vest's malignant mesothelioma.

**B.    Plaintiffs' efforts to obtain administrative relief from the local district court in no way affect this motion or their right to seek remand**

Contrary to McDonnell Douglas' assertions, plaintiffs did not pursue "substantive relief" and waive their arguments for remand with their recent motion to lift the local District Court's stay of proceedings for the very limited purpose of obtaining approval of the compromise of minors' claims. [McDonnell Douglas' opposition, p. 7.] The local District Court's stay on all proceedings pending the Panel's ruling on this motion to vacate CTO-353 had the unintended consequence of causing plaintiffs and their three minor children severe financial hardship because plaintiffs' counsel cannot distribute funds from certain defendants' settlements until a court approves the share of the settlements allocated to the Vest children. [Ex. 2: Plaintiffs' Motion to Lift the Stay for the Limited Purpose of Obtaining Court Rulings on: (1) Petitions to Approve the Compromise of Minor's Claims; and (2) Plaintiffs' Administrative Motion to File the Petitions to Approve the Compromise of Minors' Claims and Related Documents Under Seal, at 1:22-2:10, 4:20-8;11; *see also* Ex. 3: Declaration of Timothy Vest, ¶¶ 2-7.]

Accordingly, plaintiffs only asked the local District Court to lift its stay to allow the minors' guardian ad litem to file petitions for approval of the compromise of minors' claims. [Ex. 2 at 8:7-11.] If the Court agrees to lift its stay for this limited purpose and subsequently approves the guardian ad litem's petitions, plaintiffs' counsel could distribute funds from settlements. Plaintiffs sought this limited relief to ease the financial burden on their family since Timothy Vest has been unable to work since his malignant mesothelioma diagnosis and Caroline Vest was laid off from her job in September 2010, leaving them inadequate funds to pay for their family's living expenses while their action is stayed both in the California Superior Court and local District Court. [Ex. 3 at ¶¶ 3-6.] The Honorable Jeffrey S. White agreed to consider and rule on plaintiffs' motion, without oral argument, after the parties complete briefing, currently due by February 28, 2011. [Ex. 4: 2/16/11 Order Granting in Part and Denying in Part Administrative Motion to Shorten Time.]

In *Midwestern Distribution Inc. v. Paris Manager Freight Lines, Inc.*, 563 F.Supp. 489 (E.D. Ark. 1983), after the defendants removed, the plaintiff replied to the defendants' counterclaim and answered a complaint in intervention before moving to remand. [*Id.* at 490.] In holding that the plaintiff had not waived its right to move for remand, that Court discussed the types of action a party may take in a district court without waiving its right to move for remand: filing an answer to a defendant's counterclaim; moving to dismiss a third-party defendant's counterclaim; entering an appearance in the federal court; demanding a jury trial; moving for a stay or dismissal of the proceedings by attacking an opposing party's standing. [*Id.* at 494-495.]

The Court contrasted such actions with affirmative actions that constituted waiver of the right to seek remand: seeking and receiving a temporary injunction from the federal court; filing

a "note of issue;" using the functions of the federal court to notice and take depositions; filing an amended petition for a writ of mandamus after removal; signing a stipulation giving a defendant time to answer and then entering into successive stipulations with the defendant to continue the trial. [*Id.* at 495.] The Court then stated:

> The lesson to be gleaned from the foregoing cases is that in order for a party's actions to be deemed "affirmative," they must be aimed at securing some form of relief from the court. In its reply to the counterclaim and its answer to the complaint in intervention, the plaintiff has assumed a defensive posture, not an offensive one. It is not seeking affirmative relief in the federal court; it is merely defending against the affirmative relief sought by its adversaries.

[*Id.* at 495.]

Here too, plaintiffs have only taken defensive actions against the affirmative relief sought by McDonnell Douglas. McDonnell Douglas' removal and the subsequent stay on all proceedings has caused financial hardship on plaintiffs, who cannot receive any settlement funds until a court approves the portion allocated to their minor children. Plaintiffs' motion for the local District Court to lift its stay for the sole purpose of filing petitions to approve minors' compromises is by no means an "affirmative action" seeking substantive relief. Rather, the motion is merely an action plaintiffs took to defend themselves from the harm inflicted by McDonnell Douglas' removal one month before trial before the California Superior Court and resulting stay on all proceedings.

Plaintiffs' motion for relief to seek administrative approval of the compromise of the minors' claims bears no similarity to the types of relief sought in the cases that McDonnell Douglas cites. McDonnell Douglas acknowledges that its cases hold that actions such as participating in discovery, filing an amended complaint, and seeking and obtaining an order or

default constitute a waiver of a plaintiff's right to seek remand. [McDonnell Douglas' opposition at p. 7 (citing *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989) and *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260, 1272 (D. Or. 2000)).]

McDonnell Douglas also cites as support *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, in which a judgment creditor sought to recover his judgment from an insurance company, who removed the action. [*Id.* at 527-528.] The plaintiff first moved the district court for leave to file a supplemental complaint against the insurance company, then nine days later filed a motion to remand. [*Id.* at 528.] He vigorously argued the motion to file a supplemental complaint, which the district court denied before hearing the motion to remand. [*Id.*] Under those circumstances, the *Koehnen* court held that the plaintiff consented to accept the federal court's jurisdiction merely by filing an amended petition, then instead of seeking to withdraw or stay that motion until the district court could decide the remand motion, briefed and argued his substantive motion. [*Id.*]

Here, plaintiffs filed a motion to remand immediately upon McDonnell Douglas' removal, then sought limited relief to ease the Vest family's urgent financial hardship. [Ex. 1: Civil Docket for U.S. District Court, Northern District of California, Case No. 3:11-cv-00061-JSW, docket numbers 1 and 17.] Further, plaintiffs seek no substantive relief, nor seek to take any affirmative steps in the action pending before the District Court. Neither plaintiffs' motion asking for a lift on the stay, nor, in the event that the District Court lifts the stay, plaintiffs' petitions for approval of minors' compromises constitute "affirmative action" waiving their right to vacate CTO-353 or seek remand of this action.

### III.    CONCLUSION

Because McDonnell Douglas and Henkel fail to show that transferring this case would promote either convenience to the parties and witnesses or efficient, just resolution of this case, the Panel should grant plaintiffs' motion to vacate CTO-353.

DATED: February 25, 2011                    Respectfully Submitted,

By: /s/ Gloria C. Amell
James L. Oberman, Esq. (CA Bar No.120938)
Francis E. Fernandez, Esq. (CA Bar No. 65775)
Gloria C. Amell, Esq. (CA Bar No. 230255)
KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone:    (510) 302-1000
Facsimile:    (510) 835-4913
E-mail:       gamell@kazanlaw.com

Counsel for Plaintiffs
Timothy Vest and Caroline Vest

# CERTIFICATE OF SERVICE

I declare that:

I, Gloria C. Amell, at the time of service, was over the age of 18 years and not a party to the within action. I am employed in the County of Alameda, State of California. My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, California 94607.

On February 25, 2011, I electronically filed the following document(s) through the CM/ECF system:

**REPLY BRIEF SUPPORTING PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 353**

**DECLARATION OF GLORIA C. AMELL IN SUPPORT OF REPLY BRIEF SUPPORTING PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 353**

by transmitting a true copy to:

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2305

via the following method:

__X__  (By CM/ECF Notice of Electronic Filing) By causing said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the above parties who are registered CM/ECF Users set forth in the Court's service list.

and by transmitting a true copy of documents without exhibits to:

ALL COUNSEL (See Attached Service List)

__X__  (By Mail) I enclosed the documents in a sealed envelope addressed to the persons as stated above. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice of collecting and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on February 25, 2011, at Oakland, California.

    /s/ Gloria C. Amell
Gloria C. Amell
KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
(510) 302-1000
(510) 835-4913 FAX
gamell@kazanlaw.com
Attorney for Plaintiffs

SERVICE LIST     CASE: Vest, Timothy & Caroline #: 3:11-cv-00061 (JSW) (MDL No. 875)     February 25, 2011
Page One

BERRY & BERRY     PH: (510) 835-8330
  P.O. Box 16070, Oakland, CA 94610     FAX: (510) 835-5117
  FOR: DESIGNATED DEFENSE COUNSEL

BRYAN CAVE LLP     PH: (310) 576-2100
  120 Broadway, Suite 300, Santa Monica, CA 90401     FAX: (310) 576-2200
  FOR: McDONNELL DOUGLAS CORPORATION

CHAPMAN & INTRIERI     PH: (510) 864-3600
  2236 Mariner Square Drive, Suite 300, Alameda, CA 94501-1019     FAX: (510) 864-3601
  FOR: DEXTER CORPORATION; HENKEL CORPORATIO sii/pae/et to HENKEL LOCTITE CORPORATION; HENKEL CORPORATION; HENKEL LOCTITE CORPORATION ; HENKEL LOCTITE CORPORATION sii/pae/et to THE DEXTER CORPORATION; LIFE TECH CORP by merger to INVITROGEN CORP sii/pae/et THE DEXTER CORP; LIFE TECHNOLOGIES CORPORATION suc by merger to INVITROGEN CORPORATION

COUNSEL UNKNOWN
  FOR: MCDERMOTT/SEALY, INC.

DeHAY & ELLISTON, LLP     PH: 510-285-0750
  1300 CLAY STREET, SUITE 840, Oakland, CA 94612     FAX: 510-285-0740
  FOR: KAISER GYPSUM COMPANY, INC.

HERR & ZAPALA     PH: (408) 287-7788
  152 North 3rd Street, Suite 500, San Jose, CA 95112     FAX: (408) 927-0408
  FOR: ALLIED PACKING AND SUPPLY

MCGIVNEY, KLUGER & GLASPY     PH: (925) 947-1300
  One Walnut Creek Center, 100 Pringle Ave., Ste 750, Walnut Creek, CA 94     FAX: (925) 947-1594
  FOR: KENTILE FLOORS, INC.

McKENNA, LONG & ALDRIDGE     PH: (415) 267-4000
  101 California Street, 41st Floor, San Francisco, CA 94111     FAX: (415) 267-4198
  FOR: HEXCEL CORPORATION

McKENNA, LONG & ALDRIDGE LLP     PH: 213-688-1000
  300 S. Grand Avenue, 14th Floor, Los Angeles, CA 90071     FAX: 213-243-6330
  FOR: HEXCEL CORPORATION

PERKINS COIE LLP     PH: (415) 344-7000
  Four Embarcadero Center, Suite 2400, San Francisco, CA 94111     FAX: (415) 344-7288
  FOR: GEORGIA-PACIFIC LLC fka GEORGIA PACIFIC CORPORATION; HONEYWELL INTERNATIONAL INC. fka ALLIED SIGNAL, INC./sii/BENDIX CORP

PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP     PH: (415) 788-8354
  One California Street, Suite 1910, San Francisco, CA 94104     FAX: (415) 788-3625
  FOR: DEAN'S MATERIALS, INC. dba CONSTRUCTION MATERIAL SUPPLIER

SELMAN & BREITMAN     PH: (415) 979-0400
  33 New Montgomery Street, Sixth Floor, San Francisco, CA 94105     FAX: (415) 979-2099
  FOR: ALTA BUILDING MATERIALS CO.

STEPTOE & JOHNSON     PH: (213) 439-9400
  633 West Fifth Street, Suite 700, Los Angeles, CA 90071     FAX: (213) 439-9599
  FOR: METROPOLITAN LIFE INSURANCE COMPANY

SERVICE LIST     CASE: Vest, Timothy & Caroline  #: 3:11-cv-00061 (JSW) (MDL No. 875)     February 25, 2011
Page Two

WALSWORTH, FRANKLIN, BEVINS & McCALL - DOWMAN     PH:  (415) 781-7072
601 Montgomery Street, 9th Floor, San Francisco, CA 94111     FAX: (415) 391-6258
  FOR:  DOWMAN PRODUCTS, INC.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER     PH:  (415) 433-0990
  525 Market Street, 17th Floor, San Francisco, CA  94105-2722     FAX: (415) 434-1370
   FOR:  F.P. LATHROP CORPORATION;  LATHROP CONSTRUCTION ASSOCIATES, INC.;  LATHROP
   ONSTRUCTION ASSOC, INC. sii/pae/et F.P. LATHROP CONSTRUCTION

HANSON BRIDGETT LLP     PH:  (415) 777-320
  425 Market Street 26th Floor     FAX: (415) 541-9366
  San Francisco, CA 94105

PORT OF OAKLAND LEGAL DEPARTMENT     PH: (510) 627-1348
  530 Water Street, 4th Floor     FAX: (510) 444-2093
  P.O. Box 2064
  Oakland, CA 94607
  FOR: Port of Oakland


End of Service List