Exhibit 2 - Plaintiffs' Memorandum of Points and Authorities Motion to Lift Stay for Limited Purpose

James L. Oberman, Esq. (C.S.B. #120938)
Francis E. Fernandez, Esq. (C.S.B. #65775)
Leigh A. Kirmssé, Esq. (C.S.B. #161929)
Ian A. Rivamonte, Esq. (C.S.B. #232663)
KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY VEST and CAROLINE VEST, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIED PACKING & SUPPLY, INC., et al., <br><br> Defendants. | Case No.: 3:11-cv-00061 (JSW) <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO LIFT THE STAY ENTERED ON JANUARY 31, 2011 FOR THE <u>LIMITED PURPOSE</u> OF OBTAINING COURT RULINGS ON: (1) PETITIONS TO APPROVE THE COMPROMISE OF MINORS' CLAIMS; AND (2) PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE THE PETITIONS TO APPROVE THE COMPROMISE OF MINORS' CLAIMS AND RELATED DOCUMENTS UNDER SEAL** <br><br> Date:       April 1, 2011 <br> Time:      9:00 a.m. <br> Judge:    Hon. Jeffrey S. White <br> Courtroom: 11, 19th Floor |

I.  **INTRODUCTION**

The Court's stay of proceedings in this action had the unintended effect of causing financial hardship on plaintiffs Timothy and Caroline Vest, and their three minor children, because they are unable to receive their settlement funds unless this Court rules on their Petitions to Compromise the Minors' Disputed Claims ("Petitions") and related Administrative Motion to File the Petitions Under Seal ("Motion to Seal"). Certain defendants in this case have agreed to settle all actual and potential claims, including any potential wrongful-death claims that might be brought by Mr. Vest's minor children, stemming from Mr. Vest's exposure to asbestos, and to

1  keep the terms of such settlements confidential. The Vest family are in immediate need of their
2  settlement funds because both plaintiffs Timothy and Caroline Vest are unemployed and any funds
3  they do receive as a result of their unemployed status are insufficient to care for their three minor
4  children and pay for their basic living expenses. Under California law, a court must first approve
5  the compromise of the minors' claims before plaintiffs can receive their settlement funds and
6  plaintiffs must also seek leave of court to ensure that any documents related to the compromise of
7  the minors' claims be filed under seal and remain confidential. However, the Court's January 31,
8  2011 order staying the proceedings in this case prevents the filing, and the Court from ruling on,
9  the Petitions and Motion to Seal. Absent the Court immediately lifting its stay and ruling on the
10 Petitions and Motion to Seal, plaintiffs are unable to obtain their much-needed settlement funds.

11     Defendants will suffer no prejudice from this Court lifting the stay for the limited purpose
12 of obtaining Court rulings on the Petitions and Motion to Seal because those matters only involve
13 the financial terms of settlements as they relate to the interests of the minors. Also, this Court
14 should immediately lift its stay because briefing on plaintiffs' pending Motion to Vacate the
15 Conditional Transfer Order will be complete by February 25, 2011 and the Judicial Panel on
16 Multidistrict Litigation ("Panel") may notice a hearing on plaintiffs' pending motion shortly
17 thereafter.

18     Plaintiffs will suffer continued financial hardship and irreparable financial injury if this
19 Court does not immediately lift its stay of proceedings for the limited purpose of ruling on the
20 Petitions and Motion to Seal. Accordingly, plaintiffs' motion should be granted and the Court
21 should set an expedited hearing and briefing schedule on the Petitions and related Motion to Seal.[1]

22 **II.   STATEMENT OF FACTS**

23     A.   **Procedural Background of Motions Before this Court**

24     On December 17, 2009, plaintiffs filed their asbestos-related personal-injury complaint in
25 the Superior Court of the State of California, County of Alameda against several defendants who
26 are alleged to have exposed plaintiff Timothy Vest to asbestos that was a substantial factor in

---

[1] Filed concurrently with plaintiffs' Motion to Lift Stay is plaintiffs' Administrative Motion to Shorten the Hearing Time on plaintiffs' Motion to Lift Stay. [*See* Docket No. 89.]

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  causing his mesothelioma. [Plaintiffs' Initial Complaint, Ex. 1 to Rivamonte Decl.] On January
2  22, 2010, plaintiffs amended the complaint to name McDonnell Douglas Corporation ("MDC") in
3  place of defendant DOE 3. [Amendment to Complaint Adding Doe Defendant, Ex. 2 to
4  Rivamonte Decl.] On July 2, 2010, the state court set this case to go to trial on February 14, 2011.
5  [Minutes of July 2, 2010 Case Management Conference, Ex. 3 to Rivamonte Decl.]

6       Within weeks of this case going to trial in state court and after substantial pre-trial
7  discovery and proceedings had occurred, MDC removed this case to federal court on January 6,
8  2011. [Docket No. 1.]² On January 10, 2011, plaintiffs filed their Emergency Motion to Remand
9  and an administrative motion to have plaintiffs' remand motion heard on shortened time. [Docket
10 Nos. 16-17.] Plaintiffs in their remand motion contended, in part, that MDC improperly removed
11 this action and has failed to raise a colorable military-contractor defense to plaintiffs' claims
12 against MDC. [*Id.*] On that same day, MDC filed its Motion to Stay, asserting that all
13 proceedings in this case should be stayed pending transfer to Multidistrict Litigation No. 875, *In*
14 *Re Asbestos Product Liability Litigation*, in the U.S. District Court for the Eastern District of
15 Pennsylvania ("MDL"). [Docket No. 13.] Shortly after the parties filed their respective motions,
16 this case was assigned to the Honorable Jeffrey S. White of this Court and plaintiffs renewed their
17 remand motion and administrative motion. [Docket Nos. 25-26.]

18      On January 11, 2011, this Court granted plaintiffs' administrative motion and ordered that
19 plaintiffs' Emergency Motion to Remand and MDC's Motion to Stay be heard on February 4,
20 2011. [Docket No. 28.] Pursuant to the Court's order, plaintiffs filed their opposition to MDC's
21 Motion to Stay on January 18, 2011 and argued, in part, that the Court should give preliminary
22 scrutiny to the merits of plaintiffs' previously filed remand motion before deciding on MDC's
23 Motion to Stay. [Docket No. 47.] On January 23, 2011, MDC filed its reply to plaintiffs'
24 opposition to MDC's Motion to Stay. [Docket No. 55.]

25      On January 31, 2011, this Court issued its order granting MDC's Motion to Stay pending
26 transfer of this case to the MDL. [Docket No. 86.] As a result, the Court vacated the hearing on

---

27 ² All references herein to "Docket No. ___" are to the documents electronically filed in this case on
28 the Northern District of California's PACER website.

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

IRIVAMONTE/731802.2

1  plaintiffs' remand motion and stayed all proceedings in this case. [*Id.*] Also, the Court in its order
2  stated that "if the MDL proceedings regarding the propriety of transfer become unreasonably
3  protected, or if Plaintiffs' medical circumstances should change, Plaintiffs may file a motion
4  seeking to lift the stay . . ." [*Id.*]

### B. Procedural Background of Motions Before the Panel

On January 11, 2011, the Panel issued an order conditionally transferring this case to the MDL. [Docket No. 29.] On January 14, 2011, plaintiffs filed their Notice of Opposition to the Panel's Conditional Transfer Order. [Docket Nos. 45-46.]

On January 28, 2011, plaintiffs timely filed their Motion to Vacate Conditional Transfer Order. [Plaintiffs' Motion to Vacate, Ex. 4 to Rivamonte Decl.] Defendants have until February 18, 2011 to respond to plaintiffs' pending Motion to Vacate and plaintiffs have until February 25, 2011 to file a reply. [J.P.M.L. R. 7.1.] The Panel only holds hearings every two months, with the next sessions to be held on March 30, 2011 in San Diego, California and May 19, 2011 in Louisville, Kentucky. [Panel Website, Ex. 5 to Rivamonte Decl.] It is unclear when plaintiffs' motion before the Panel will be heard because the Panel "cannot offer a definitive date" for a hearing. [Panel FAQ, Ex. 6 to Rivamonte Decl. at p. 7.] While the Panel states that it sends a notice of hearing to counsel approximately 45 days prior to the hearing date, the Panel has yet to provide any notice to counsel as to when plaintiffs' pending Motion to Vacate will be heard. [*Id.* and Rivamonte Decl. at ¶ 8.]

### C. The Vest Family's Financial Hardship as a Result of this Court's Stay

Timothy Vest is 45 years old and was diagnosed with mesothelioma. [Vest Decl. at ¶ 4.] He and his wife, Caroline Vest, have two daughters, Kinnon Vest and Gentry Vest, ages 10 and 15 years, respectively, and a son, Garrett Vest, age 13 years. [*Id.* at ¶ 3.] On May 14, 2010, the state court appointed Timothy Vest's brother, Brian Vest, as the children's guardian ad litem in this case. [Orders Granting Application for Guardian Ad Litem, attached collectively as Ex. 7 to Rivamonte Decl.]

Plaintiffs Timothy and Caroline Vest relied on income from their respective jobs to pay for their family's living expenses, which total approximately $12,000 a month. [*Id.* at ¶ 6.] These

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

IRIVAMONTE/731802.2

1  expenses include, but are not limited to, home mortgage payments, food, clothing, utilities, health-
2  care expenses, automobile, home and life insurance premiums, fees related to plaintiffs' children's
3  extracurricular activities, property tax and two credit cards that have each reached their maximum
4  balance of $25,000 because the Vest family used those cards to pay for some of their daily
5  expenses. [*Id.*] However, both Timothy and Caroline Vest are unemployed and only receive
6  limited benefits as a result of their unemployed status. [*Id.* at ¶¶ 4-5.] First, Caroline Vest was
7  laid off from her job at Valley Care Health System in Livermore, California on September 10,
8  2010. [*Id.* at ¶ 5.] She is currently unemployed and receives government unemployment benefits.
9  [*Id.*] Also, Timothy Vest was a pilot for JetBlue Airways ("JetBlue") since December 2001, but is
10 no longer able to fly because of his mesothelioma. [*Id.* at ¶ 4.] As a result, Timothy Vest has not
11 worked since September 2009 and is prohibited from taking any non-pilot position at JetBlue
12 pursuant to the terms of his Pilot Employment Agreement. [*Id.*] He currently receives disability
13 benefits from JetBlue. [*Id.*]

14    Plaintiffs are well aware of their financial expenses and have concluded that the amount of
15 monthly benefits they receive are insufficient to meet their family's basic living expenses of
16 approximately $12,000 a month. [*Id.* at ¶ 6.] In fact, the Vest family relies on the $25,000
17 remaining on a loan Timothy Vest took out to meet some of the family's living expenses. [*Id.*]
18 Timothy Vest has no money in any savings account and owns no stocks or bonds other than what
19 is in his 401(k) retirement account. [*Id.*]

20    Certain defendants in this case have agreed to settle all actual and potential claims,
21 including any potential wrongful-death claims that might be brought by Timothy Vest's wife and
22 children, as a result of Timothy Vest's exposure to asbestos and resulting illness. [*Id.* at ¶ 7; *see*
23 Cal. Code Civ. Proc. § 377.60(a).] The settlements also include provisions requiring the parties to
24 keep all terms of the settlement confidential. [Vest Decl. at ¶ 7.] However, the Court's stay of
25 proceedings prevents the Vest minors' guardian ad litem from filing Petitions. [*Id.*] California
26 law requires that a court approve of the fairness and terms of any settlement involving a minor's
27 claim. [*See* Cal. Prob. Code §§ 2504, 3500, 3600, Cal. Code Civ. Proc. § 372 and Fed. R. Civ. P.
28 17(c); *see also* Schwarzer, et al., Cal. Practice Guide, Fed. Proc. Before Trial (Rev. #1 2003)

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

IRIVAMONTE/731802.2

1  Pretrial Conference and Settlement Procedures, ¶ 15:138, p. 15-45 ("Federal courts generally
2  require that claims by minors . . . be settled in accordance with applicable state law. California
3  law requires *court approval* of the fairness and terms of the settlement") (emphasis in original).]
4  Also, the Court's stay prevents plaintiffs from filing a Motion to Seal, which is needed for the
5  plaintiffs to comply with the confidentiality provisions of plaintiffs' settlements with defendants.
6  [*Id.*] As a result, the Vest family are unable to promptly receive any of their settlement funds
7  because the distribution of these funds to plaintiffs is contingent upon a court ruling on the
8  Petitions and Motion to Seal. [*Id.*]

9  Thus, it is necessary for this Court to lift its stay of proceedings in this case for the limited
10 purpose of obtaining a ruling on the Petitions and Motion to Seal. [*Id.*] Absent such an order, the
11 Vest family will suffer irreparable harm and continued financial hardship for several months
12 unless and until another court considers and rules on the Petitions and Motion to Seal. [*Id.*]

13 **III.   DISCUSSION**

14    **A.    Lifting the Stay Is Warranted Because of Plaintiffs' Financial Hardship and the Lack of Prejudice on Defendants**

16 The power to issue a stay "is incidental to the power inherent in every court to control the
17 disposition of the cases on its docket with economy of time and effort for itself, for counsel, and
18 for litigants." [*Landis v. North American Co.*, 299 U.S. 248, 254 (1936).] The Supreme Court in
19 *Landis* noted that a court's power to issue a stay "calls for the exercise of judgment, which must
20 weigh competing interests and maintain an even balance." [*Id.* at 254-255.] The court's power to
21 grant a stay includes the inherent power and discretion for the court to lift that stay. [*See Dano
22 Resource Recovery, Inc. v. District of Columbia*, 923 F.Supp. 249, 252 (D. D.C. 1996) (district
23 court lifted a stay of all proceedings in a case *sua sponte*).] Finally, the pendency of a conditional
24 transfer order from the Panel "does not affect or suspend orders and pretrial proceedings in any
25 pending federal district court action and does not limit the pretrial jurisdiction of that court."
26 [J.P.M.L. R. 2.1(d).]

27 Here, this Court issued a stay of proceedings pending the Panel's decision on whether this
28 case should be transferred to the MDL. [Docket No. 86.] However, briefing on the Panel's

Plaintiffs' Memorandum of Points & Authorities in Support of Motion to Lift Stay
Case No.: 3:11-cv-00061 (JSW)                                                    6

IRIVAMONTE/731802.2

KAZAN, MCCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET, SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1 Conditional Transfer Order will not be complete until plaintiffs file their reply to any defendant's
2 opposition to plaintiffs' Motion to Vacate Conditional Transfer Order on February 25, 2011.
3 [J.P.M.L. R. 7.1.] Because the Panel only holds hearings every two months and further cannot
4 offer "a definitive hearing date" on plaintiffs' Motion to Vacate Conditional Transfer Order, it is
5 unclear when plaintiffs' motion will be heard, which could be either March 30, 2011, May 19,
6 2011 or later.

7 While it is unknown when the Panel will hear plaintiffs' pending Motion to Vacate the
8 Conditional Transfer Order, what is known is that plaintiffs will suffer irreparable and continued
9 financial hardship absent this Court lifting its stay in this case for the limited purpose of obtaining
10 court rulings on the Petitions and Motion to Seal. [Vest Decl. at ¶¶ 2-7.] Both plaintiffs Timothy
11 Vest and Caroline Vest are unemployed and receive limited benefits as a result of their
12 unemployed status. [Id.] In fact, while plaintiffs each receive limited disability or unemployment
13 benefits, the Vest family relies on the $25,000 remaining from a loan Mr. Vest took out to
14 supplement these benefits in order for them to meet their necessary and basic living expenses.
15 [Id.] Plaintiffs have reached agreements to settle with certain defendants and the funds involved in
16 these settlements will adequately pay for the Vests' living expenses. [Id.] However, this Court's
17 stay of proceedings in effect prohibits plaintiffs from promptly receiving their settlement funds
18 because prior court approval is required for the compromise of the minors' claims and to have
19 documents related to the minor's claims be filed under seal. Thus, plaintiffs' counsel are unable to
20 distribute plaintiffs' settlement funds until a court approves the Petitions and Motion to Seal.
21 Because the Panel has yet to decide whether this case should be transferred to the MDL, this Court
22 is the most appropriate venue to obtain an immediate ruling on the Petitions and Motion to Seal.

23 Defendants will not be prejudiced if this Court lifts the stay in this case for the limited
24 purpose of obtaining a court ruling on the Petitions and Motion to Seal. The Petitions have no
25 bearing on the merits of MDC's removal of this case to federal court, plaintiffs' motion to remand,
26 defendant's cross-claim against other co-defendants or the merits of plaintiffs' claims against any
27 defendant. This is because the Petitions concern only the financial terms of settlements as they
28 relate to the interests of the minors. Nor is plaintiffs' Motion to Seal prejudicial to defendants

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

because plaintiffs only move to file under seal records that reveal plaintiffs' and the minors' confidential settlement and financial information. Other related records, such as the records of the underlying asbestos litigation, would not be sealed. In fact, sealing the Petitions and related documents is necessary to preserve plaintiffs' and potential wrongful-death claimants' attorney-client and settlement confidentiality privileges, protect the minors' privacy rights, enforce binding contractual obligations and protecting the minors' safety and well-being.

Lifting the stay will allow the minors' guardian ad litem to file the Petitions, allow plaintiffs to file their Motion to Seal and, upon order of the Court, eventually allow plaintiffs' counsel to promptly distribute plaintiffs' settlement funds. These funds will be of great benefit to the Vest family because, upon approval and distribution, they will then be able to pay for their living expenses while plaintiffs' case remains pending.

### B. An Expedited Schedule is Needed on the Petitions and Motion to Seal

Assuming the Court lifts its stay for the limited purpose of plaintiffs obtaining rulings on their Petitions and Motion to Seal, plaintiffs also request that the Court set an expedited schedule on the Petitions and Motion to Seal. As previously explained, plaintiffs are experiencing financial hardship and could only get immediate access to their settlement funds once this Court rules on the Petitions and Motion to Seal. Also, plaintiffs' Motion to Vacate Conditional Transfer Order is still pending before the Panel and it is uncertain when the Panel will hear plaintiffs' motion. Thus, the Court should consider and rule on the Petitions and Motion to Seal immediately because, assuming this case is transferred to the MDL before the Court rules on the Petitions and Motion Seal, plaintiffs' financial hardship will be prolonged by several months.

Accordingly, if the Court grants plaintiffs' Motion to Lift Stay, plaintiffs request that the Court set a hearing on the Petitions and Motion to Seal five court days after the date of the Court's order granting plaintiffs' Motion to Lift Stay. Plaintiffs will then file their Petitions and Motion to Seal by 4:00 p.m. on the next court day after the date of the Court's order. Because the Petitions only involve each minor's financial and legal interests in this case, defendants have no standing to oppose the Petitions. [Cal. Probate Code §§ 1460, 2500, 2506.] As for the Motion to Seal, plaintiffs request that the Court order that any defendant's opposition to the Motion to Seal be filed

KAZAN, MCCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1 | three court days after the date of the Court's order granting plaintiffs' Motion to Lift Stay.

2 | IV.  **CONCLUSION**

3 | Accordingly, the Court should lift its stay of proceedings for the limited purpose of obtaining court rulings on the Petitions and Motion to Seal. If the Court does not lift the stay, plaintiffs' receipt of their settlement funds will be delayed for several months, thus further inflicting unnecessary financial hardship and irreparable financial injury on plaintiffs and their minor children.

DATED: February 11, 2011

KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation

By _____
Ian A. Rivamonte

Attorneys for Plaintiffs

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

IRIVAMONTE/731802.2