BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | ) **MDL DOCKET NO. 875** <br> ) <br> ) <br> ) <br> ) |

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

*Genevieve Schroeder, et al. v. A.W. Chesterton Company, et al.*, C.D. Cal., C.A. No. 2:11-00738

_____

## DEFENDANT VIAD CORP'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant Viad Corp (hereafter VIAD) submits this memorandum of law in opposition to Plaintiffs' motion to vacate the conditional transfer order (CTO-358).

## I.   INTRODUCTION.

On December 7, 2010, plaintiffs filed a complaint in the Los Angeles County Superior Court against several defendants, including Viad Corp ("Viad"). Plaintiffs allege that decedent Ted A. Schroeder ("Decedent"), who served as a 1st Class Shipfitter aboard the U.S.S. Princeton (LPH-5) from 1960-1964, died from mesothelioma allegedly caused by his exposure to asbestos while working with or

around equipment allegedly manufactured by Viad's alleged predecessor-in-interest, Griscom-Russell Company ("GRC").

On January 21, 2011, Viad filed an answer to plaintiffs' complaint, generally denying all of plaintiffs' allegations and asserting several affirmative defenses, including immunity from suit based upon the military contractor defense.

On January 25, 2011, Viad removed the case to federal court.  On February 17, 2011, plaintiffs filed a motion to remand this action back to state court.  On February 1, 2011, a conditional transfer order was issued.  On February 17, 2011, plaintiffs filed a motion to vacate that conditional transfer order.

## II.   ARGUMENT.

### A.   Plaintiffs' Motion To Vacate The CTO Should Be Denied Because This Case, Like All Other Federal Asbestos Cases, Should Be Transferred To The Eastern District Of Pennsylvania.

In their motion to vacate the CTO, plaintiffs have not argued that their case somehow does  not present common questions of fact with the other asbestos cases previously transferred to the Eastern District Of Pennsylvania.  Plaintiffs' claims clearly present common issues of fact and law with all of the previously transferred cases.  This case will present the typical issues of fact common to pretrial proceedings in all other asbestos cases, namely decedent's work history, the nature and duration of the alleged exposure to asbestos, the identification of

2

those asbestos products, and the nature and causation of decedent's alleged disease.

Plaintiffs offer no legal support for their motion grounded in either the statute embodying Congress's desire that federal actions of certain kinds be consolidated in particular federal courts (*see*, 28 U.S.C. section 1407), in this Panel's 1991 decision to consolidate all federal asbestos actions in the Eastern District of Pennsylvania (see, *In Re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415 (J.P.M.L. 1991)),  or in any other statute or case.  Plaintiffs cannot offer any evidence that this case is not one sharing common questions of fact with other asbestos actions consolidated in that district.  Pursuant to 28 U.S.C. section 1407(a), civil actions involving one or more common questions of fact may be transferred to a particular district for consolidated pretrial proceedings. Transfers to the appropriate district court "shall be made by the judicial panel… upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."  *Id.*

In its 1991 decision transferring all federal asbestos actions to the Eastern District of Pennsylvania, this Panel noted that the proper forum for resolution of pretrial substantive and procedural issues, including the motion to remand

3

attached to plaintiffs' opposition to the CTO, is the transferee court. 771 F.Supp. at 421.  Plaintiffs offer no argument as to how their case differs in any relevant aspect from the other federal asbestos cases pending in the MDL, nor any reasons why it should be treated differently from them.

**B.      The Pendency Of Plaintiffs' Motion To Remand Is No Basis For Vacating The CTO.**

Plaintiffs' sole basis for seeking to vacate the CTO is their claim that the Central District of California must be given an opportunity to hear and rule on their motion to remand.  (Motion, 3:4-9).  Plaintiffs are mistaken.  To the contrary, this panel has made it perfectly clear that the pendency of a motion to remand is no basis for vacating the CTO.  See, *In re Asbestos Products Liability Litigation* (No. VI) 560 F.Supp.2d 1367, 1368 n. 2 (JPML 2008).

**C.      Vacating The CTO Would Waste The Time And Resources Of This Court And The Parties.**

Plaintiffs' motion is styled as a motion to vacate the CTO.  However, plaintiffs' argument relies only on their contention that the Central District of California should hear and decide their motion for remand.  Rule 1.5 of this Court provides that the pendency of a CTO does not affect or suspend proceedings in the district court in which the action is pending and does not limit the pretrial jurisdiction of that court.  Thus, it would be a waste of time and resources of this

court and of the parties to vacate the CTO only to reissue it if the motion to remand is denied.

## III.    <u>CONCLUSION.</u>

For all of the foregoing reasons, Viad respectfully requests that this court deny plaintiffs' motion to vacate the CTO.

DATED: February 25, 2011                    FOLEY & MANSFIELD, PLLP


By:    /s/ Peter B. Langbord
       Peter B. Langbord (CA. SBN #144319)
       300 S. Grand Avenue, Suite 2800
       Los Angeles, California 90071
       Telephone: (213) 283-2100
       Facsimile: (213) 283-2101
       **Attorney for Defendant**
       **VIAD CORP**