IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : : : | Consolidated Under MDL DOCKET NO. 875 |
| RONALD G. TOPPINS | : : : | E.D. Pa. Case No.: |
| Plaintiff | : : | 09-66464 |
| v. | : : | Transferred from the |
| 3M COMPANY, | : : : | Eastern District of Missouri (Case No. 05-01356) |
| Defendant | : | |

### SUGGESTION OF REMAND

**AND NOW,** this **17th** day of **December, 2010,** it is hereby **ORDERED** that, upon review of the above-captioned case, the Court **SUGGESTS** that the case should be **REMANDED** to the United States District Court for the Eastern District of Missouri for resolution of all matters pending.[1]

---

[1] This case was transferred to the Eastern District of Pennsylvania in May of 2009 for consolidated pre-trial proceedings as part of MDL 875, In Re: Asbestos. On April 26, 2010, Plaintiff filed a Motion to Remand. (doc. no. 11.) Plaintiff stated that, although he had originally alleged injury due to asbestos exposure, he was abandoning his asbestos claims. (Id. at 1.) On February 26, 2010, Plaintiff filed an Amended Complaint limiting his claims to silica-related injuries. (Id.) On October 22, 2010, in response to concerns raised by Defendant 3M Company, Plaintiff filed a Second Amended Complaint, removing all references to asbestos. (See doc. no. 17.) A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A." It contains no mention of asbestos.

3M Company, the only Defendant in the case, recognizes that

1

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

Plaintiff's Second Amended Complaint "is void of any allegations concerning 'asbestos' or 'asbestosis'" and stated that, "[u]nder the circumstances, this matter no longer involve[s] a claim of 'asbestos' exposure." (Def.'s Resp., doc. no. 12, at 2.)

    In the absence of any claim related to asbestos, the Court finds that this case no longer shares "common questions of fact" necessary to support jurisdiction under 28 U.S.C. § 1407(a); (See also 01-875, doc. no. 1, at 2)(ordering the creation of MDL 875 based on the finding that "actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos.")

2

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD G. TOPPINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:09-CV-66464-ER |
| ) | |
| 3M COMPANY, AS SUCCESSOR BY ) | |
| MERGER TO MINNESOTA MINING ) | |
| & MANUFACTURING COMPANY ) | |
| AND/OR ITS PREDECESSORS/ ) | |
| SUCCESSORS IN INTEREST ) | |
| ) | |
| Defendant. | |

## SECOND AMENDED COMPLAINT

Comes now Plaintiff Ronald Toppins, and for his cause of action against Defendant, alleges and states as follows:

### PARTIES

1. Plaintiff is now and at all times hereinafter mentioned was a resident and citizen of the State of Missouri.

2. At all relevant times hereinafter mentioned Plaintiff was employed by ISP Mineral, Inc., or its predecessor in interest, and primarily performed his job duties on the premises of his employer in Annapolis, Missouri.

3. Plaintiff's job duties involved working in areas containing silica dust.

4. Defendant 3M Company (hereinafter "3M") is a Delaware Corporation with its principle place of business in Minnesota.

5. 3M is the successor in interest to Minnesota Mining and Manufacturing Company and is responsible for any liability for its own conduct and that of Minnesota Mining and Manufacturing.

6. At all times herein, 3M was doing business in Missouri and may be served with process by sending a copy of the summons and complaint to its registered agent at the following address: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

## JURISDICTION AND VENUE

7. 3M is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

8. 3M is subject to personal jurisdiction of this Court by virtue of the fact that 3M did and/or does business in the state of Missouri and committed torts in whole or in part in this State against Plaintiff, in this judicial district, as more fully set forth herein.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The events that give rise to this claim occurred in Iron County, Missouri which is in the judicial district for the United States District Court for the Eastern District of Missouri.

## FACTS COMMON TO ALL COUNTS

10. For approximately twenty five (25) yeas, Plaintiff was employed by ISP Minerals, Inc.

11. During the course of his employment, Plaintiff was continuously exposed to silica dust.

12. 3M is the designer, manufacturer, distributor and seller of the respirators used by Plaintiff.

13. During the course of his employment, Plaintiff utilized respirators manufactured, designed, distributed, sold, and recommended by 3M. The respirator(s) manufactured by 3M and used by Plaintiff were the 3M 8710 and the 3M 8715.

14. The respirators utilized by Plaintiff failed to perform properly which resulted in Plaintiff developing silicosis.

15. At all times during his exposure to silica dust, Plaintiff was unaware that 3M's respirators would fail and that this failure would cause Plaintiff serious adverse health conditions.

16. 3M knew, or should have known, that ordinary use of its product would not adequately protect users, like Plaintiff, from serious harm. 3M is liable for Plaintiff's bodily harm.

17. Therefore, under the aforesaid facts, Plaintiff is entitled to recovery against 3M under various legal theories, including product liability, breach of warranty, and negligence.

## **PLAINTIFF'S DAMAGES**

18. Plaintiff has suffered the following damages and personal injury for which he now seeks redress.

    (a)    Plaintiff Ronald Toppins has suffered, now suffers and will continue to suffer great pain of body and anguish of mind throughout his lifetime;

    (b)    Plaintiff Ronald Toppins has incurred hospital and/or medical and/or pharmaceutical and/or other expenses and Plaintiff will

    continue to incur such expenses in the future due to treatment necessary to prolong his life;

(c) Plaintiff Ronald Toppins has suffered, now suffers and will continue to suffer this impairment in the future due to the disabling and non-curable character of silicosis;

(d) Plaintiff Ronald Toppins suffers and will continue to suffer permanent disabilities and will be permanently disabled in the future due to the disabling character of silicosis;

(e) Plaintiff Ronald Toppins has suffered loss of earning and will continue to suffer loss of earnings and wages throughout the remainder of his work life expectancy;

(f) Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities. Due to the disabling effects of silicosis, Plaintiff has been and will be prevented from participating in said activities, which were normal to him prior to developing silicosis. Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

(g) Plaintiff Ronald Toppins has suffered, now suffers and will continue to suffer form a shortened life expectancy and the mental anguish thereby caused due to the terminal nature of silicosis;

(h) Plaintiff Ronald Toppins has suffered, now suffers and will continue to suffer from shortness of breath, extensive coughing and wheezing, severe impairment and limitation of lung functions, and chest pain. Further, Plaintiff has suffered, now suffers and will continue to suffer form mental anguish caused by the embarrassment of constantly coughing, wheezing, and sounding short of breath.

19. Plaintiff also seeks punitive and exemplary damages.

## COUNT I

## PRODUCT LIABILITY

Comes now Plaintiff and for Count I of his Complaint against Defendant alleges:

20. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through nineteen and every sub paragraph therein as though they are fully set forth herein.

21. At all material times, 3M was engaged in the business of manufacturing, distributing, supplying and/or marketing respirators intended to protect Plaintiff from silica dust.

22. 3M's respirators were used by Plaintiff in order to protect Plaintiff from inhalation of silica dust.

23. 3M's respirators failed to protect Plaintiff from inhaling silica dust thereby directly causing or contributing to cause Plaintiff damage.

24. The respirators were in a defective condition, and unreasonably dangerous when sold by 3M. Said defective, unreasonably dangerous condition caused or was a contributing cause of the injuries and damages made the basis of this suit.

25. 3M is liable to Plaintiff because of designers, manufactures, distributors, and/or sellers of its products in a defective unreasonably dangerous condition, 3M owed Plaintiff a strict duty not to cause harm through the use of 3M's defective and unreasonably dangerous products.

26. Further, 3M sold and placed in the stream of commerce defective and unreasonably dangerous products which were not safe for their reasonably anticipated use because 3M:

(a) Knew, or with the exercise of reasonable care, should have known that its products would not protect against silica dust and therefore the respirators were in a defective, unreasonably dangerous condition;

(b) Failed to warn Plaintiff of such dangers that were posed by 3M's defective and unreasonably dangerous products;

(c) Knew or, it was reasonably foreseeable hat 3M's products would be used by users or consumers such as Plaintiff, in the manner in which 3M's products were used;

(d) Failed to instruct Plaintiff in the proper use of 3M's products to protect Plaintiff from harm, if, in truth, there was a way to that the product could protect from such harm;

(e) Knew, or with the exercise of reasonable care, should have known that 3M's products were designed in a manner where the products did not properly fit Plaintiff and those similarly situated;

(f) Knew, or with the exercise of reasonable care, should have known that 3M's product was ineffective in repelling silica dust in that when Plaintiff used 3M's product in a manner which 3M intended for the product to be used, silica dust would cake on the outside and the inside of the respirator causing Plaintiff to inhale the dangerous particles;

(g) Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust.

(h) Knew, or in the exercise of reasonable care, should have known that the 3M respirator had excessively high breathing resistance caused by inadequate filter performance resulting in face piece to face seal leakage providing virtually no protection from respirable silica dust.

(i) Knew, or in the exercise or reasonable care, should have known that due to excessive breathing resistance the 3M respirator would collapse on the users face causing the face piece to face seal leakage allowing respirable dust to invade the worker's breathing zone.

Each of the foregoing, individually and collectively, were a producing cause of Plaintiffs injuries and damages.

27. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff Ronald Toppins and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Court:

    (a)    In the amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

    (b)    Costs of suit:

    (c)    Pre-judgment and post judgment interest;

    (d)    Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

    (e)    Such other and further relief as this Court deems just and proper.

## COUNT II

## BREACH OF WARRANTY

Comes now Plaintiff and for Count II of his Complaint against Defendant alleges:

28. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through twenty seven and every sub paragraph therein as though they are fully set forth herein.

29. At all material times, 3M was a merchant who sold respirators and as such, 3M breached its implied warranty of fitness for a particular purpose that its product would be safe and not unreasonably dangerous for use by the general public, and breached its implied warranty of merchantability. Said breaches caused or were the contributing causes of Plaintiff's silicosis.

7

30. 3M knew or should have known that its respirators would be purchased and used in environments containing silica dust particles. Further, 3M knew or should have known that its respirators would be purchased and used as a means of protecting Plaintiff from inhaling silica dust particles.

31. Plaintiff reasonably relied on 3M's judgment that the respirators were fit for use in Plaintiff's work environment.

32. 3M's respirators were not fit for use in Plaintiff's work environment because the respirators failed to protect Plaintiff and others from inhaling silica dust.

33. As a direct result of 3M's respirators being unfit for use in Plaintiff's work environment, Plaintiff was damaged in that he suffers from silicosis.

34. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a) In the amount of actual damages which is fair and reasonable under the circumstances and <u>in excess</u> of $75,000;

(b) Costs of suit;

(c) Pre-judgment and post judgment interest;

(d) Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e) Such other and further relief as this Court deems just and proper.

## COUNT III

## NEGLIGENCE

Comes now Plaintiff and for Count III of his Complaint against Defendant alleges as follows:

35. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through thirty four and every sub paragraph therein as though they are fully set forth herein.

36. 3M knew, or in the exercise of ordinary care, should have known of unreasonable risks of harm posed by use of its products.

37. Despite its actual or constructive knowledge that its respirators pose an unreasonable risk of harm, 3M:

    (a)    Failed to provide adequate warning and/or instruction with regard to the masks;

    (b)    Failed to provide proper fitting;

    (c)    Failed to perform testing;

    (d)    Failed to properly design their masks;

    (e)    Failed to conduct monitoring and/or testing of persons who handled and worked with its respirators;

    (f)    Failed to accompany its respirators with adequate warnings;

    (g)    Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust.

38. The acts and/or omission by 3M directly caused or directly contributed to cause Plaintiff silicosis damages as set forth herein.

39. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying and award of punitive damages.

## COUNT IV

## FRAUD/GROSS NEGLIGENCE

Comes now Plaintiff and for Count III of his Complaint against Defendant alleges as follows:

40. Plaintiff hereby restates and realleges every allegation contained in paragraphs 1-39 and incorporates this provisions herein for all purposes.

41. 3M was also required to conduct quality control testing of the 3M 8710 and the 3M 8715 pursuant to 30 C.F.R. Subpart E(1972-1995). 3M was required to perform testing of these respirators in accordance with 30 C.F.R § 11.140-5 (1972-1995) (the single use dust respirator certification). However the 3M 8710/8715 failed to comply with those testing requirements.

42. 3M was required to perform internal quality control testing and did perform such tests. However, practically all of the respirators manufactured from 1972 – 1995 failed to pass these quality control tests. Pursuant to 30 C.F.R. Subpart E 3M was required to:

> a). Notify the National Institute for Occupational Safety and Health regarding these failures and;
>
> b). Withdraw the federal approval of these respirators. 3M failed to comply with these regulatory provisions.

43. Instead, 3M continued to manufacture, market and sell the 3M 8710 and the 3M 8715 knowing that it could not meet federal certification requirements.

Consequently, 3M intentionally and fraudulently misrepresented that its respirator satisfied federal approval requirements when the respirator did not meet these requirements.

44. The evidence will show that employers, like the Plaintiff's employer (ISP, Inc.), relied upon the representation by 3M that the 3M 8710 and 8715 respirator could meet federal approval/certification when it decided to purchase this brand and model of respirator. The evidence will show that Plaintiff's employer would not have purchased the 3M 8710 for use by its employees if 3M had not represented that the respirator met federal approval/certification requirements. 3M's representation of approval was false and 3M therefore fraudulently marketed the 3M 8710 and 8715.

45. 3M's conduct proximately caused or directly contributed to cause Plaintiff to contract silicosis and suffer damage as set forth herein.

46. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiffs and others justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a) In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b) Costs of suit;

(c) Pre-judgment and post judgment interest;

(d) Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e) Such other and further relief as this Count deems just and proper.

Respectfully submitted,
MALONEY★MARTIN, LLP

*/s/ Mike Martin*

Mike Martin
Federal #5200604
TX #13094400
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Telephone: (713) 759-1600
Facsimile: (713) 759-6930
E-Mail: mmartin@maloneymartinllp.com

Zane Cagle
MO #53775, Fed. #499604
1232 Washington Ave., Ste. 220
St. Louis, Missouri 63103
T: (314) 241-4555
F: (314) 241-4556
E-Mail: zane@pagecagle.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the 19th day of October, 2010.

*/s/ Mike Martin*

MIKE MARTIN