## U.S. District Court
## Southern District of Georgia (Waycross)
## CIVIL DOCKET FOR CASE #: 5:11-cv-00014-LGW -JEG
### Internal Use Only

| | |
|---|---|
| Jones v. CSX Transportation, Inc. | Date Filed: 02/16/2011 |
| Assigned to: Chief Judge Lisa G. Wood | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge James E. Graham | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**Frankie Lee Jones**     represented by **C. Darrell Gossett**
C. Darrell Gossett, PC
1601 Reynolds St.
Brunswick, GA 31520
912-264-8296
Fax: 912-265-3757
Email: cdg_law@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ATTEST: A TRUE COPY**
Certified to __2/18__ 20_11_
_____ Deputy Clerk

V.

**Defendant**

**CSX Transportation, Inc.**
*Individually and as Successor in Interest to Seaboard Systems Railroad, Inc., The Seaboard Coastline Railroad, The Atlantic Coastline Railroad and The Georgia and Florida Railroad*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 02/16/2011 | 1 | ☐ | COMPLAINT against CSX Transportation, Inc., filed by Frankie Lee Jones. (Attachments: (1) Civil Cover Sheet/Receipt)(ca) (Entered: 02/16/2011) |
| 02/16/2011 | 2 | ☐ | CERTIFICATE pursuant to Local Rule 3-2 by Frankie Lee Jones. (ca) (Entered: 02/16/2011) |
| 02/16/2011 | 3 | ☐ | GENERAL ORDER pursuant to Fed.R.Civ.P. 26(f). Signed by Magistrate Judge James E. Graham on 2/16/2011. (ca) (Entered: 02/16/2011) |

| | | | |
|---|---|---|---|
| 02/16/2011 | | | (Court only) ***Set/Clear Flags***USDC Redaction Policy, Litigants' Bill of Rights and General Order was given to the attorney at the counter. (ca) (Entered: 02/16/2011) |
| 02/16/2011 | | | Filing fee: $ 350.00, receipt number BWK002936 (ca) (Entered: 02/16/2011) |
| 02/18/2011 | 4 | ☐ | Letter mailed to Judicial Panel on MDL re: 1 Complaint (ca) (Entered: 02/18/2011) |

[View Selected]

or

[Download Selected]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
　　　　　 DIV.

2011 FEB 16 PM 2:58

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| FRANKIE LEE JONES, | |
| Plaintiff | |
| Vs. | |
| CSX TRANSPORTATION, INC., Individually and as Successor in Interest to Seaboard Systems Railroad, Inc. The Seaboard Coastline Railroad, The Atlantic Coastline Railroad and The Georgia and Florida Railroad, | CIVIL ACTION NO.: <br><br> C O M P L A I N T <br><br> CV511- 14 |
| Defendant | |

The Plaintiff would respectfully allege and show unto the Court:

1. That the plaintiff Frankie Lee Jones, is a citizen and resident of the State of Georgia.

2. That the defendant, CSX Transportation, Inc., is a corporation organized and existing under the laws of various states having railroad lines, repair shops, and rail cars which it operates in interstate commerce within the jurisdictional district of this Court. Furthermore, CSX Transportation Inc. is a successor in interest and liability to Seaboard Systems Railroad Inc., The Seaboard Coastline Railroad, The Atlantic Coastline Railroad and The Georgia and Florida Railroad.

3. That during the course of the plaintiff's employment, the railroad defendants were engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the plaintiff were in furtherance of and did closely, directly and

substantially affect interstate commerce; wherefore, the rights and liabilities of the parties were and are governed by the Federal Employer's Liability Act, 45 U.S.C. Section 1, et.seq., which Act grants this Court jurisdiction over this action.

4. That throughout his employment with the railroad defendants, Plaintiff was engaged in the performance of his duties in furtherance of interstate commerce and was required and caused to work with and around asbestos containing products in the defendants' various railroad shops, including the shop in Waycross, Georgia.

5. That plaintiff while engaged in the course of his employment with the railroad defendants, was required and caused to work with, and in the vicinity of toxic materials including asbestos and asbestos containing products which caused him to suffer severe and permanent injury to his person.

6. That at all times relevant, plaintiff was unaware of the dangerous propensities of asbestos and asbestos containing products and was unaware of the cause of his latent abnormal medical condition.

FOR A FIRST CAUSE OF ACTION

7. Plaintiff realleges Paragraphs 1-6 as if restated here verbatim.

8. That the railroad defendants, by and through its duly authorized agents, servants and employees, were then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employer's Liability Act.

(a) in failing to provide plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn plaintiff of the true nature and hazardous effects of the asbestos-related materials;

(d) in failing to operate the locomotive repair facility in a safe and reasonable manner.

(e) in failing to provide instructions or a method for the safe use of asbestos.

(f) in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g) in failing to test asbestos containing products prior to requiring employees to work with same, to determine their ultra hazardous nature;

(h) in formulating and using a method of handling asbestos and asbestos related materials exposing plaintiff to high concentrations of asbestos fibers;

(i) in failing to provide plaintiff with safe and proper ventilation systems in the locomotive repair facility;

(j) in allowing unsafe practices to become the standard practice;

(k) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos insulation materials and other asbestos containing products;

(l) in failing to inquire of the suppliers of asbestos

containing products, the hazardous nature of asbestos;

(m) in requiring employees to work with ultra-hazardous products;

(n) in failing to exercise adequate, if any, care for the health and safety of employees, including the plaintiff;

(o) in failing to periodically test and examine plaintiff to determine if he was subject to any ill effects of his exposure to asbestos related products;

(p) in failing to periodically inspect its locomotives, boilers, and their appurtenances in order to ascertain any contamination by asbestos fibers;

(q) in allowing excessive fumes from diesel exhaust to exist and remain in the work area;

(r) in failing to provide any or adequate warning to the plaintiff of the exposure to the carcinogen asbestos at any time including the time of filing.

9. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad defendants, plaintiff suffered exposure to toxic substances including asbestos and asbestos containing materials which caused him to sustain severe injury to his body and respiratory system, resulting in his progressive impairment and disability.

10. That, as a result, plaintiff has suffered great pain, extreme nervousness and mental anguish and verily believes that his injuries and disability are permanent in nature and that he will be forced to suffer the same for the remainder of his life; that his enjoyment of life and earning capacity have been greatly

4

reduced; that he developed colon cancer, and further, that his expected life span has been greatly shortened. Plaintiff further alleges that as a result of his health problems, he has been forced to incur medical expenses by way of doctor, hospital and drug bills and verily believes that he will be forced to incur additional expenses in the future in an effort to treat his condition.

11. That plaintiff was a strong and able bodied man and was gainfully employed at the time of the manifestation of his illnesses. As a result of those illnesses he has suffered damages as set forth above and by way of lost wages and diminished ability to render services, society, affection, counseling and support to his household.

FOR A SECOND CAUSE OF ACTION

12. Plaintiff realleges Paragraphs 1-11 as if restated here verbatim.

13. That throughout his employment with the railroad defendants plaintiff was required to work on and about locomotives, boilers and their appurtenances, and was engaged in the performance of his duties at the time he was exposed to toxic substance including asbestos and asbestos containing materials.

14. That at said time and subsequent thereto, the railroad defendants were engaged in interstate commerce as common carriers by rail, by reason whereof the rights and liabilities of the parties were and are governed by the Act of Congress known as the Locomotive Boiler Inspection Act, 45 U.S.C. Sections 22-34.

15. That the railroad defendants, by and through their agents, servants and employees, violated the Locomotive Boiler

Inspection Act, in that they failed to provide plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the acts or omissions hereinbefore alleged in Paragraph 8 of plaintiff's Complaint.

16. That as a direct and proximate result, in whole or in part, of one or more of the above foregoing acts or omissions on the part of the railroad defendants, plaintiff was forced to work on or about defective and unsafe locomotives, locomotive boilers and their appurtenances, all of which resulted in his injury, impairment, and disability as hereinbefore described.

WHEREFORE, plaintiff demands judgment against the railroad defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus the costs of this action.

JURY TRIAL DEMANDED.

                Respectfully submitted,

                ROGER B. LANE, ATTORNEY AT LAW, PC
                Attorneys for Plaintiff

BY: _____

     Roger B. Lane, GA Bar No. 434950
     C. Darrell Gossett, GA Bar No. 302936

1601 Reynolds Street
Brunswick, Georgia 31520
912/264-8296

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| FRANKIE LEE JONES,<br><br>    Plaintiff<br><br>Vs.<br><br>CSX TRANSPORTATION, INC.,<br>Et al,<br><br>    Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action File No. |

## AFFIDAVIT

COMES NOW, Frankie Lee Jones, plaintiff in the above-styled action, and after being duly sworn deposes and says as follows:

1.

I have furnished to the defendants names and addresses of all consulting, treating or diagnosing physicians, together with names and addresses of the physicians that I have seen and the hospitals and clinics in which I have been a patient in the past ten years. I have also furnished an authorization allowing the physicians and hospitals to release medical records for examination and copying by the defendants.

2.

I have furnished a copy of the medical reports which establish an asbestos related disease.

3.

I have furnished an authorization for income tax records for

the past five years executed in favor of the defendants.

4.

I have authorized the defendants to secure social security records.

5.

I have filed complete answers to the defendant's joint master set of interrogatories.

6.

I have previously filed a lawsuit for asbestosis which contained the same or similar allegations against this defendant.

7.

I filed for social security disability benefits in 1971 and I am still receiving these benefits.

8.

I am a resident of Ware County, Georgia at the time this suit is filed.

This 16th day of February, 2011.

_____
Frankie Lee Jones, by and
Through his attorney
Roger B. Lane, P.C.

Sworn to and subscribed before
me this 16th day of February,
2011.

_____
Notary Public

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, the undersigned, who, after being duly sworn, deposes and says on oath that the facts contained in the foregoing pleadings are true.

*Frankie Lee Jones*
Frankie Lee Jones

Sworn to and subscribed before me, this 16th day of February, 2011.

*Emily N. Jacobs*
Notary Public

(Notary Seal)

# ATTEST: A TRUE COPY

Certified to __2-18__ 20_11_

*Candy Asbell*
Deputy Clerk

RE: FRANKIE LEE JONES

AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO  (A) _____

   as (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the  Southern District of Georgia

and has been assigned docket number (E)     **CV511- 14**

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a of the waiver within __30__ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this __16th__ day of

February           , 2011       .

ROGER B. LANE, ATTORNEY AT LAW, P.C.
Attorneys for Plaintiff

By:   _____
      Signature of Plaintiff's Attorney
      or Unrepresented Plaintiff
      C. Darrell Gossett, GA Bar No. 302936

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, n any
D—District

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
FRANKIE LEE JONES

## DEFENDANTS
CSX TRANSPORTATION, INC

(b) County of Residence of First Listed Plaintiff **WARE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Roger B. Lane, Attorney at Law, P.C.
1601 Reynolds Street, Brunswick, GA 31520   (912) 264-8296

Attorneys (If Known)
The Jordan Firm
1804 Frederica Rd., Suite C, St. Simons Island, GA 31522

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332 – DIVERSITY OF CITIZENSHIP

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ exceeds $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 02/16/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Court Name: Southern District of Georgia
Division: 2
Receipt Number: BMK002936
Cashier ID: robinson
Transaction Date: 02/16/2011
Payer Name: Roger B Lane

CIVIL FILING FEE
 For: Frankie Lee Jones
 Case/Party: D-GAS-5-11-CV-000014-001
 Amount:         $350.00

CHECK
 Check/Money Order Num: 3462
 Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

CV211-14