BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

CONDITIONAL TRANSFER ORDER NUMBER 348

THIS PLEADING APPLIES TO:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOANNIE L. JEFFERSON** *ET AL.* | * | CIVIL ACTION |
| | * | |
| | * | NO. 10-4442 |
| **Plaintiffs** | * | |
| | * | SECTION J          MAG.DIV. 4 |
| **VERSUS** | * | |
| | * | JUDGE BARBIER |
| **AMERICAN SUGAR REFINING, INC.** | * | |
| *ET AL.* | * | |
| | * | |
| | * | MAGISTRATE ROBY |
| **Defendants** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 348**

MAY IT PLEASE THE COURT:

  Defendant and Third-Party Plaintiff, Cooper/T. Smith Stevedoring Company, Inc. ("Cooper/T. Smith), respectfully submits this Memorandum in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order that is scheduled for Panel hearing, without oral argument,

1

on March 30, 2011 in San Diego, California.[1]  For all of the reasons set forth in more detail below, plaintiffs' motion should be denied in its entirety and this matter should be transferred to MDL Number 875 without any further delay.

## I.  PROCEDURAL HISTORY

On December 1, 2010, this asbestos personal injury lawsuit was removed from Louisiana state court to the United States District Court for the Eastern District of Louisiana.[2]  On December 22, 2010, a Conditional Transfer Order (CTO-348) was issued, transferring this suit to the Eastern District of Pennsylvania and, more specifically, to Judge Eduardo Robreno's MDL Number 875.[3]  Thereafter, on December 30, 2010, inasmuch as no objection to this initial transfer order was timely-filed, this Transfer Order was transmitted to the Clerk for the Eastern District of Pennsylvania.[4]  On January 3, 2011, plaintiffs filed a motion to reinstate CTO-348.[5]  On January 3, 2011, the Panel vacated the Transfer Order and reinstated CTO-348.  And, on January 4, 2011, the case in Eastern District of Louisiana was reopened.  Subsequently, on January 4, 2011, plaintiffs filed a motion to remand and set it for hearing on January 19, 2011.[6]  On January 18, 2011, plaintiffs filed the Motion to Vacate Transfer Order No. 348 that is presently before this Panel.

---

[1] Rec. Doc. No. 6746 in MDL No. 875 and Rec. Doc. No. 8 of the matter bearing the caption *Joannie Jefferson et al. v. American Sugar Refining, Inc. et al.*, Civil Action No. 10-4442 in the United States District Court for the Eastern District of Louisiana.
[2] Rec. Doc. No. 1 of the matter bearing the caption *Joannie Jefferson et al. v. American Sugar Refining, Inc. et al.*, Civil Action No. 10-4442 in the United States District Court for the Eastern District of Louisiana.
[3] Rec. Doc. No. 17 of the matter bearing the caption *Joannie Jefferson et al. v. American Sugar Refining, Inc. et al.*, Civil Action No. 10-4442 in the United States District Court for the Eastern District of Louisiana.  A copy of same is attached hereto as Exhibit "1."
[4] Rec. Doc. Nos. 23 and 23-1, of the matter bearing the caption *Joannie Jefferson et al. v. American Sugar Refining, Inc. et al.*, Civil Action No. 10-4442 in the United States District Court for the Eastern District of Louisiana.  A copy of same are attached hereto as Exhibit "2 en globo."
[5] *See* attached Exhibit "3 en globo."
[6] Rec. Doc. No. 24 of the matter bearing the caption *Joannie Jefferson et al. v. American Sugar Refining, Inc. et al.*, Civil Action No. 10-4442 in the United States District Court for the Eastern District of Louisiana.

In their motion to vacate, plaintiffs point out that their motion to remand was set for hearing on January 19, 2011 before Judge Carl J. Barbier of the Eastern District of Louisiana. In light of this January 19, 2011 hearing date, plaintiffs argue that (1) they will be "unduly prejudiced if this case is transferred to MDL Number 875 on the eve of the District Court's hearing on Plaintiffs' Motion to Remand" and (2) "transferring this case on the eve of the hearing on Plaintiffs' Motion to Remand would be a waste of judicial resources."[7]

However, as detailed below, plaintiffs' argument - based solely upon the alleged pendency of their motion to remand - is completely devoid of merit.

## II.     LEGAL STANDARD GOVERNING TRANSFER TO MDL 875.

As noted in CTO-348 itself, transfer of cases to federal MDL 875 are governed by 28 U.S.C. § 1407. This statute provides, in pertinent part, as follows:

> (a)     When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however,* That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.[8]

The standard for transfer pursuant to § 1407 was established by the Panel in 1991, when MDL 875 was created.[9] The Panel determined that transfer to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings was

---

[7] Rec. Doc. No. 7-1.
[8] 28 U.S.C. § 1407.
[9] *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (Jud.Pan.Mult.Lit. 1991).

3

appropriate if the case involved common questions of fact with actions previously transferred to the Eastern District of Pennsylvania. Moreover, the Panel found that transfer to the Eastern District of Pennsylvania was proper if it would serve the convenience of the parties and witnesses and promote the just and effective conduct of litigation. The Panel expressed in detail its reasoning for ordering the centralization of *all* pending Federal Court actions, not then in trial, involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products.[10]

### III.   A PENDING MOTION TO REMAND IN THE TRANSFEROR COURT IS AN INSUFFICIENT GROUND TO VACATE A TRANSFER ORDER.

As noted above, plaintiffs base their motion to vacate solely on the pendency of their motion to remand in the transferor court. But the pendency of a motion to remand in the transferor court is not a valid, legal reason to block transfer of this matter to MDL 875. In *In re Asbestos Prods. Liab. Litig. v. Int'l Paper Co.*,[11] this Panel addressed MDL 875 specifically and noted that "[d]istinctions based on such matters as the **pendency of motions or other matters before the transferor court**, . . . the stage of pretrial proceedings . . . were considered and rejected by the Panel as grounds for carving out exceptions to transfer in the extraordinary docket."[12] Moreover, in this same 2001 opinion, this Panel specifically addressed motions to remand and rejected the very argument advanced by plaintiffs in the instant motion to vacate:

> **Plaintiffs in these actions have argued in essence that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order**

---

[10] *Id.*
[11] 170 F. Supp.2d 1348 (Jud.Pan.Mult.Lit 2001).
[12] *In re Asbestos Prods. Liab. Litig. v. Int'l Paper Co.,* 170 F. Supp.2d 1348, 1349 (Jud.Pan.Mult.Lit 2001) (emphasis added), *citing In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (Jud.Pan.Mult.Lit 1991).

**to accommodate such an interest.**  We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, **those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.**[13]

Accordingly, under *In re Asbestos Prods. Liab. Litig. v. Int'l Paper Co.*, plaintiffs' argument regarding their pending motion to remand in the transferor court is devoid of merit, as a matter of law.

### IV. PLAINTIFFS' MOTION TO REMAND IS NO LONGER PENDING IN THE TRANSFEROR COURT.

As noted above, even if such a motion to remand were still pending before the transferor court, that is no reason to block the transfer of this matter to MDL 875, as a matter of law. However, turning to the facts and procedural posture of this case, the motion to remand that plaintiffs rely upon is no longer even pending before the transferor court. On February 17, 2011, Judge Barbier, *sua sponte*, signed an Order staying the matter in front of him pending a final ruling from this Panel on whether this case will be transferred to MDL Number 875.[14]  Judge Barbier's Order further specified that this stay of the proceedings includes all pending motions including Record Document 24 (plaintiffs' motion to remand).[15]  This Order further specifies

---

[13] *Id.* (emphasis added).
[14] Rec. Doc. No. 45 on the docket of the Eastern District of Louisiana case, attached as Exhibit "4" for the Panel's ease of reference.
[15] *Id.*

that "if the Court retains jurisdiction after the JPML ruling regarding MDL 875, then this case shall be restored to the trial docket and new hearing dates for all pending motions will be set at that time."[16] Accordingly, while plaintiffs, in their motion to vacate, have suggested that this Panel ought to await the outcome of Judge Barbier's ruling on plaintiffs' motion to remand, Judge Barbier has already decided, consistent with this Panel's 2001 decision in *In re Asbestos Prods. Liab. Litig. v. Int'l Paper Co.*, to defer to this Panel's ruling on the transfer of this matter to MDL 875 before rendering any decision on plaintiffs' motion to remand. Given the stay order issued by Judge Barbier, plaintiffs' motion to remand is no longer pending before him at this time – and won't be unless and until this Panel rules on plaintiffs' motion to vacate and the Eastern District of Louisiana somehow retains jurisdiction over this matter. Accordingly, plaintiffs' argument regarding the pendency of their motion to remand is of no moment.

## V.     COOPER/T. SMITH'S OPPOSITION IS TIMELY.

As a procedural and timing matter, undersigned counsel was recently contacted by telephone by a Panel representative, who informed undersigned counsel that any memoranda in opposition to plaintiffs' Motion to Vacate Conditional Transfer Order No. 348 would be considered timely-filed by March 3, 2011. Accordingly, the instant memorandum is timely.

## VI.    CONCLUSION

A pending motion to remand in the transferor court is insufficient to block the transfer of this asbestos personal injury lawsuit to MDL 875. Moreover, even if it were sufficient, in light of Judge Barbier's February 17, 2011 Order, there is no motion to remand pending in the transferor court. Accordingly, transfer of this matter to the United States District Court for the

---

[16] *Id.*

Eastern District of Pennsylvania for inclusion in MDL Number 875 should not be delayed any further. Therefore, plaintiffs' Motion to Vacate Conditional Transfer Order No. 348 should be denied in its entirety.

                                                  Respectfully submitted,

                                                  **ADAMS AND REESE LLP**

                                                  */s/ Roland M. Vandenweghe, Jr.*
                                                  MARK J. SPANSEL (#12314)
                                                  ROLAND M. VANDENWEGHE, JR. (# 25283)
                                                  4500 One Shell Square
                                                  New Orleans, Louisiana 70139
                                                  Telephone: 504-581-3234
                                                  Facsimile: 504-566-0210
                                                  Mark.Spansel@arlaw.com
                                                  Roland.Vandenweghe@arlaw.com
                                                  ***Attorneys for Defendant and Third-Party Plaintiff,***
                                                  ***Cooper/T. Smith Stevedoring Company, Inc.***

## CERTIFICATE OF SERVICE

      I DO HEREBY CERTIFY, on this **3rd** day of **March**, 2011, that I electronically filed the above and foregoing Memorandum in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order No. 348 with the Clerk of Court by using the CM/ECF system, thereby electronically serving this document upon all counsel of record who are registered with this Court's CM/ECF system and that I also provided a copy of same, via electronic mail, to all counsel of record in this lawsuit.

                                                  */s/ Roland M. Vandenwghe, Jr.*
                                                  ROLAND M. VANDENWEGHE, JR.