IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS     :     Consolidated Under
LIABILITY LITIGATION (No. VI) :    MDL DOCKET NO. 875
                             :
                             :
                             :
DAVID SHERIDAN               :
                             :
                             :     Transferred from the District
                             :     of Minnesota (91-00131)
    v.                       :
                             :
                             :
VARIOUS DEFENDANTS           :     E.D. PA No. 09-66107
                             :
                             :
                             :
                             :

FILED

FEB 23 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**SUGGESTION OF REMAND**

    **AND NOW,** this **18th** day of **February, 2011,** it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the
Court finds that, as to the cases listed in Exhibit "A,"
attached:

    a.) Plaintiff has complied with MDL-875 Administrative
Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule
16 order issued by the Court.

    c.) All discovery has been completed.

    d.) Settlement conferences have been held in front of the
Honorable Magistrate Judge Thomas J. Rueter, and these

negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

> i.   Union Carbide Corporation
>
> ii.  Owens-Illinois, Inc.
>
> iii. SEPCO Corporation

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of Minnesota for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| | : | |
| | : | |
| LAVON MATTHEWS, Plaintiff | : | |
| | : | Transferred from the District |
| | : | of North Dakota(89-00145) |
| v. | : | |
| | | |
| VARIOUS DEFENDANTS | | E.D. PA No. 09-66580 |

FILED

FEB 23 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **18th** day of **February, 2011**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the
Court finds that, as to the cases listed in Exhibit "A,"
attached:

    a.) Plaintiff has complied with MDL-875 Administrative
Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule
16 order issued by the Court.

    c.) All discovery has been completed.

    d.) Settlement conferences have been held in front of the
Honorable Magistrate Judge Thomas J. Rueter, and these

negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

     i.   A.H. Bennett Company

     ii.  Owens-Illinois, Inc.

     iii. Building Sprinkler Co., Inc.

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of North Dakota for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

                  **EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :   Consolidated Under
LIABILITY LITIGATION (No. VI) :       MDL DOCKET NO. 875
                                  :
                                  :
                                  :
ROBERT SACKMAN, Plaintiff         :
                                  :   Transferred from the District
          F I L E D               :   of North Dakota(90-00090)
     v.                           :
          FEB 23 2011             :
                                  :
VARIOUS DEFENDANTS MICHAEL E. KUNZ, Clerk   E. D. PA No. 09-66617
          By_____Dep. Clerk
                                  :
                                  :
                                  :

### SUGGESTION OF REMAND

**AND NOW**, this **18th** day of **February, 2011**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the
Court finds that, as to the cases listed in Exhibit "A,"
attached:

    a.) Plaintiff has complied with MDL-875 Administrative
Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule
16 order issued by the Court.

    c.) All discovery has been completed.

    d.) Settlement conferences have been held in front of the
Honorable Magistrate Judge Thomas J. Rueter, and these

negotiations have been exhausted as to the remaining viable
defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial
without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining
viable Defendants in this case to be pursued at trial are:

       i.   Owens-Illinois, Inc.

Accordingly, the Court **SUGGESTS** that the below-listed cases
should be **REMANDED** to the United States District Court for the
District of North Dakota for resolution of all matters pending
within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven
(7) days** within which to consent to a trial before an Article III
or Magistrate Judge in the Eastern District of Pennsylvania.  In
such an event, if consent is granted, a trial will be scheduled
within sixty (60) days, at a date convenient to the parties in
Philadelphia, Pennsylvania, and the Suggestion of Remand will be

---

[1] The Court finds that the issue of punitive damages must be
resolved at a future date with regard to the entire MDL-875
action, and therefore any claims for punitive or exemplary
damages are hereby **SEVERED** from this case and retained by the
Court within it jurisdiction over MDL-875 in the Eastern District
of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir.
2000)("It is responsible public policy to give priority to
compensatory claims over exemplary punitive damage windfalls;
this prudent conservation more than vindicates the Panel's
decision to withhold punitive damage claims on remand."); See
also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

vacated.                                                    09-66617

**AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS         :      Consolidated Under
LIABILITY LITIGATION (No. VI) :      MDL DOCKET NO. 875
                                 :
                                 :
                                 :
IRENE THOMAS, for the Estate     :
of PHILIP THOMAS                 :
                                 :      Transferred from the District
                                 :      of North Dakota(92-cv-211)
     v.                          :
                                 :
VARIOUS DEFENDANTS               :      E.D. PA No. 09-66684
                                 :
                                 :
                                 :

FILED

FEB 23 2011

MICHAEL E. KUNZ, Clerk
BY_____Dep. Clerk

**SUGGESTION OF REMAND**

**AND NOW**, this **18th** day of **February, 2011**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the
Court finds that, as to the cases listed in Exhibit "A,"
attached:

     a.) Plaintiff has complied with MDL-875 Administrative
     Orders 12 and 12A.

     b.) Parties have completed their obligations under the Rule
     16 order issued by the Court.

     c.) All discovery has been completed.

     d.) Settlement conferences have been held in front of the
     Honorable Magistrate Judge Thomas J. Rueter, and these

negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

> i.   Allied Signal, Inc.
>
> ii.  Dana Corp.
>
> iii. Ford Motor Company
>
> iv.  Kaiser Aluminum and Chemical Corp.
>
> v.   Reddaway Manufacturing Company
>
> vi.  Owens Illinois, Inc.

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of North Dakota for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

**(7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.   In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| | : | |
| ALBERT KROH, Personal | : | |
| Representative of Estate of | : | |
| MELVIN KROH and JUDITH | : | |
| NIEMI, Surviving Spouse, | : | |
| Individually | : | |
| | : | |
| | : | |
| | : | Transferred from the District |
| | : | of North Dakota(92-cv-218) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VARIOUS DEFENDANTS | : | E.D. PA No. 09-66685 |
| | .: | |
| | : | |
| | : | |
| | : | |

FILED

FEB 2 3 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW,** this **18th** day of **February, 2011,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that, as to the cases listed in Exhibit "A,"

attached:

    a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule

16 order issued by the Court.

    c.) All discovery has been completed.

d.) Settlement conferences have been held in front of the Honorable Magistrate Judge Thomas J. Rueter, and these negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

> i.   Allied Signal, Inc.
>
> ii.  Dana Corp.
>
> iii. Ford Motor Company
>
> iv.  Kaiser Aluminum and Chemical Corp.
>
> v.   Reddaway Manufacturing Company
>
> vi.  Owens Illinois, Inc.

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of North Dakota for resolution of all matters pending within this case except punitive damages.[1]

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| | : | |
| BEVERLY COMEAU-BRUSEGAARD | : | |
| | : | |
| | : | |
| v. | : | Transferred from the District |
| | : | of North Dakota (91-cv-175) |
| VARIOUS DEFENDANTS | : | |
| | : | |
| | : | |
| | : | E.D. PA No. 09-66695 |
| | : | |
| | : | |
| | : | |
| | : | |


**SUGGESTION OF REMAND**

**AND NOW**, this **18th** day of **February, 2011**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the
Court finds that, as to the cases listed in Exhibit "A,"
attached:

a.) Plaintiff has complied with MDL-875 Administrative
Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule
16 order issued by the Court.

c.) All discovery has been completed.

d.) Settlement conferences have been held in front of the
Honorable Magistrate Judge Thomas J. Rueter, and these

negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

> i.   A.H. Bennett Company
>
> ii.  Frommelt Industries, Inc.
>
> iii. Kewanee Boiler Company
>
> iv.  Kaiser Aluminum and Chemical Corp.
>
> v.   Owl Constructors Company
>
> vi.  Owens Illinois, Inc.
>
> vii. Royal Electric, Inc.

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of North Dakota for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

**(7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: ASBESTOS PRODUCTS          :      Consolidated Under
LIABILITY LITIGATION (No. VI)   :      MDL DOCKET NO. 875
                                                  :
                                                  :
                                                  :
NORMAN KING, Plaintiff           :
                                                  :      Transferred from the District
                                                  :      of North Dakota(92-cv-47)
     v.          **FILED**          :
                                                  :
VARIOUS DEFENDANTS **FEB 23 2011**          :      E.D. PA No. 09-66697
         **MICHAEL E. KUNZ, Clerk**          :
         **By_____ Dep. Clerk**          :
                                                  :
                                                  :


## SUGGESTION OF REMAND

**AND NOW**, this **18th** day of **February, 2011**, it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that, as to the cases listed in Exhibit "A,"

attached:

     a.) Plaintiff has complied with MDL-875 Administrative

     Orders 12 and 12A.

     b.) Parties have completed their obligations under the Rule

     16 order issued by the Court.

     c.) All discovery has been completed.

     d.) Settlement conferences have been held in front of the

     Honorable Magistrate Judge Thomas J. Rueter, and these

negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

      i.  Owens-Illinois, Inc.

      ii.  A.H. Bennett Co.

      iii. McMaster Carr Co.

      iv.  S.O.S. Products Co.

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of North Dakota for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.   In

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :       Consolidated Under
LIABILITY LITIGATION (No. VI) : MDL DOCKET NO. 875
                                :
                                :
                                :
ANITA NYSTROM on behalf of      :
ESTATE OF JOHANNES NYSTROM,     :
DECEASED                        :       Transferred from the District
                                :       of North Dakota(99-00033)
       v.                       :
                                :
VARIOUS DEFENDANTS              :       E.D. PA No. 09-66700
                                :
                                :
                                :

**FILED**

**FEB 23 2011**

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

---

**SUGGESTION OF REMAND**

**AND NOW,** this **18th** day of **February, 2011,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that, as to the cases listed in Exhibit "A,"

attached:

    a.) Plaintiff has complied with MDL-875 Administrative

    Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule

    16 order issued by the Court.

    c.) All discovery has been completed.

    d.) Settlement conferences have been held in front of the

Honorable Magistrate Judge Thomas J. Rueter, and these negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

> i.   A.W. Chesterton Co.
>
> ii.  Crown Cork & Seal
>
> iii. Grinnell Corp.
>
> iv.  Ingersoll Rand Co.
>
> v.   Jaquay's Asbestos Mining Corp.
>
> vi.  Kaiser Aluminum and Chemical Corp.

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of North Dakota for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

**(7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS      :   Consolidated Under
LIABILITY LITIGATION (No. VI) :   MDL DOCKET NO. 875
                              :
                              :
RICKY SLAGLE, LESLIE SLAGLE,  :
Individually and on behalf of :
DALE SLAGLE, Deceased, and    :
NORA SLAGLE                   :
                              :
     v.                       :   Transferred from the District
                              :   of North Dakota(90-00160)
VARIOUS DEFENDANTS            :
                              :
                              :
     FEB 23 2011              :   E.D. PA No. 09-66702
                              :
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk
                              :

**SUGGESTION OF REMAND**

     **AND NOW,** this **18th** day of **February, 2011,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that, as to the cases listed in Exhibit "A,"

attached:

     a.) Plaintiff has complied with MDL-875 Administrative

     Orders 12 and 12A.

     b.) Parties have completed their obligations under the Rule

     16 order issued by the Court.

     c.) All discovery has been completed.

     d.) Settlement conferences have been held in front of the

Honorable Magistrate Judge Thomas J. Rueter, and these negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

> i.   Cork Crown & Seal Co., Inc.
>
> ii.  Owens-Illinois, Inc.

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of North Dakota for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**