# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:11-cv-01107-MLC -LHG

HALEY v. AIR & LIQUID SYSTEMS CORPORATION et al
Assigned to: Judge Mary L. Cooper
Referred to: Magistrate Judge Lois H. Goodman
Case in other court: MIDDLESEX COUNTY SUPERIOR COURT OF NEW JERSEY, L 737 11AS
Cause: 28:1441 Notice of Removal

Date Filed: 02/24/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

### Plaintiff

**MARGARET HALEY**    represented by    **WILLIAM L. KUZMIN**
COHEN, PLACITELLA & ROTH, P.C.
127 MAPLE AVENUE
RED BANK, NJ 07701
731 747-9003
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**AIR & LIQUID SYSTEMS CORPORATION**
*(sued as successor-by-merger to BUFFALO PUMPS, INC.)*

### Defendant

**CARRIER CORPORATION**

### Defendant

**CLEAVER-BROOKS, INC.**
*formerly known as*
AQUA-CHEM, INC.
*doing business as*
CLEAVER-BROOKS DIVISION (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY)

### Defendant

**FOSTER WHEELER ENERGY CORPORATION**

### Defendant

**VIAD CORPORATION**
*formerly known as*
THE DIAL CORPORATION (sued
individually and as successor-in-interest
to GRISCOM-RUSSELL COMPANY)

represented by **JAN CAROL WALKER**
MOUND COTTON WOLLAN &
GREENGRASS
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486
212-804-4200
Email: jwalker@moundcotton.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOE 1 THROUGH: JOHN
DOE 75**
*(fictitious)*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2011 | 1 | NOTICE OF REMOVAL by VIAD CORPORATION from MIDDLESEX COUNTY SUPERIOR COURT OF NEW JERSEY, case number L 737 11AS. ( Filing fee $ 350 Receipt number 3583721) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Notice of Filing, # 4 Declaration, # 5 Certificate of Service)(jjc) (Entered: 02/28/2011) |
| 02/24/2011 | 2 | Corporate Disclosure Statement by VIAD CORPORATION identifying NONE as Corporate Parent. (jjc) (Entered: 02/28/2011) |
| 03/01/2011 | 3 | ANSWER to Complaint by VIAD CORPORATION.(WALKER, JAN) (Entered: 03/01/2011) |
| 03/04/2011 | 4 | ANSWER to Complaint (Notice of Removal) by CARRIER CORPORATION. (Attachments: # 1 Exhibit A, # 2 Notice of Tag Along)(GILLISPIE, ROBERT) (Entered: 03/04/2011) |
| 03/04/2011 | 5 | Corporate Disclosure Statement by CARRIER CORPORATION identifying United Technologies Corporation as Corporate Parent.. (GILLISPIE, ROBERT) (Entered: 03/04/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/07/2011 10:36:41 | | |
| **PACER Login:** | mc1641 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-01107-MLC -LHG Start date: 1/1/1970 End date: 3/7/2011 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Jan. 31. 2011 12:13PM                                      No. 0327   P. 4

RECEIVED & FILED
2011 JAN 26   A 10: 51
MASS TORT SPECIALIST
MIDDLESEX VICINAGE

Cohen, Placitella & Roth, P.C.
127 Maple Avenue
Red Bank, NJ  07701
(732) 747-9003
Attorneys for Plaintiff

| | |
|---|---|
| MARGARET HALEY,<br><br>                  Plaintiff,<br><br>       vs.<br><br>AIR & LIQUID SYSTEMS<br>CORPORATION *(sued as*<br>*successor-by-merger to*<br>*BUFFALO PUMPS, INC.)*<br>CARRIER CORPORATION;<br>CLEAVER-BROOKS, INC. *f/k/a*<br>*AQUA-CHEM, INC. d/b/a*<br>*CLEAVER-BROOKS DIVISION*:<br>(sued individually and as<br>successor-in-interest to *DAVIS*<br>*ENGINEERING COMPANY*);<br>FOSTER WHEELER ENERGY<br>CORPORATION;<br>VIAD CORPORATION *f/k/a THE*<br>*DIAL CORPORATION (sued individually*<br>*and as successor-in-interest to*<br>*GRISCOM-RUSSELL COMPANY*);<br>JOHN DOE 1 through :<br>JOHN DOE 75 (fictitious),<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-MIDDLESEX COUNTY<br><br>DOCKET NO. *L-737-11AS*<br><br><br>ASBESETOS LITIGATION<br><br>CIVIL ACTION<br><br><br><br>COMPLAINT AND DEMAND FOR<br>TRIAL BY JURY |

Plaintiff, MARGARET HALEY, by way of her Complaint against Defendants herein, says:

### PARTIES – PLAINTIFF

1.     Plaintiff, MARGARET HALEY, resides at 4910 Lavaca Dr., Corpus Christi, TX 78411.  Plaintiff MARGARET HALEY was exposed to dust from asbestos and asbestos-containing products and as a result, she has contracted lung cancer.

2.     Plaintiff MARGARET HALEY experienced bystander exposure to asbestos through her late husband, Bennie Haley, as a result of direct contact with him and through laundering his clothing.  Bennie Haley experienced occupational exposure to asbestos while serving in the United States Navy from 1964-1965 while aboard the USS Richmond K. Turner (CG-20) in Camden, NJ where he served as a Boiler Operator.  She was exposed through her husband to asbestos-containing products including, but not limited to, asbestos-containing insulation, gaskets and packing materials on valves, equipment and machinery.  The dust from Defendants' asbestos, asbestos-containing products and asbestos-laden equipment permeated Bennie Haley's person, as well as his clothing.  As a direct result of her contact with asbestos from Defendant's products and/or equipment, Plaintiff MARGARET HALEY contracted lung cancer.



3.     Plaintiff MARGARET HALEY experienced bystander exposure to asbestos from approximately 1964 to 1980 through her late husband, Bennie Haley, as a result of direct contact with him and through laundering his clothing.  Bennie Haley was employed as a Boiler Operator in the U.S. Navy and worked on the USS Richmond K. Turner (CG-20) in Camden, NJ, from

–2–

approximately 1964 to 1965. As a direct result of her contact with asbestos from Defendants'

products and/or equipment, Plaintiff MARGARET HALEY contracted lung cancer.

    4.    Plaintiff MARGARET HALEY experienced exposure to asbestos through her late

husband, Bennie Haley, who performed personal brake jobs at their personal residences in Texas.

Plaintiff laundered Mr. Haley's dusty clothes and breathed the dust.

    5.    Plaintiff MARGARET HALEY experienced exposure to asbestos while

construction was being done to her personal residences from 1956 to 1960, intermittently.

    6.    Reference herein to "Plaintiff" is reference to all the persons set forth above as is

syntactically and contextually correct.

## PARTIES – DEFENDANTS

    1.    Defendant AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-

merger to BUFFALO PUMPS, INC.), is a corporation, and at all relevant times, was doing

business in the State of New Jersey.

    2.    Defendant CARRIER CORPORATION, is a corporation, and at all relevant

times, was doing business in the State of New Jersey.

    3.    Defendant CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC. d/b/a

CLEAVER-BROOKS DIVISION (sued individually and as successor-in-interest to DAVIS

ENGINEERING COMPANY) is a corporation, and at all relevant times, was doing business in

the State of New Jersey.

    4.    Defendant FOSTER WHEELER ENERGY CORPORATION is a corporation,

and at all relevant times, was doing business in the State of New Jersey.

-3-

5.    Defendant VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) is a corporation, and at all relevant times, was doing business in the State of New Jersey.

6.    John Doe 1 through John Doe 50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who mined, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which Plaintiff used or was exposed to.

7.    John Doe 51 through John Doe 75 are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which Plaintiff used, or to which Plaintiff was exposed.

8.    The term "Defendants" is used hereafter to refer to all the entities named above.

9.    Defendants do business in Middlesex County, New Jersey.

10.    Plaintiff hereby disclaims any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiff disclaims any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution. Plaintiff also disclaims any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency. Finally, to the extent that Plaintiff was exposed to asbestos aboard a vessel of the United States

-4-

Navy, Plaintiff's product liability claims are based solely on the failure to warn, and not on any defect in design.

## FIRST COUNT

1.  Plaintiff repeats the prior allegations of this Complaint.

2.  Defendants, at all times material hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of Defendants.

3.  Defendants were engaged, directly or indirectly, in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing or installing of asbestos containing products and raw asbestos fiber of various kinds and grades, or products, including equipment, which Defendants knew or should have foreseen would be used with asbestos containing products and/or raw asbestos fiber (hereinafter collectively referred to as "asbestos products").

4.  Defendants, directly or indirectly, caused their asbestos products to be sold to or used by Plaintiff, MARGARET HALEY's late husband, BENNIE HALEY, at his place of employment and/or in his personal capacity.

5.  Defendants knew or should have known that Plaintiff was continuously working with and/or exposed to asbestos fibers and asbestos dust, which were mined, manufactured, processed, imported, converted, compounded, and/or sold by those Defendants for use by Plaintiff's employer(s).

6.  Plaintiff, MARGARET HALEY's late husband, BENNIE HALEY, during his service as a Boiler Operator performed all kinds of maintenance work in the engine rooms

-5-

onboard various ships where he was exposed to asbestos-containing products, including but not limited to asbestos-containing insulation, gaskets and packing. This exposure occurred during the course of his work with engines, pumps, purifiers, blowers, heaters, feed tanks, boilers, coolers, condensers, boiler gauge glasses, distilling plants, steam traps and valves, among others.

7.     In the course of performing the aforementioned work, Plaintiff was exposed to and came in contact with Defendants' asbestos, asbestos-containing products and/or asbestos-laden equipment.

8.     As a direct and proximate result of her inhalation and ingestion of dust particles and fibers from Defendants' asbestos products, Plaintiff developed permanent and disabling personal injuries.

9.     During the time that Defendants mined, milled, produced, processed, compounded, converted, sold, merchandised, distributed, supplied and installed their asbestos products, Defendants knew, or in the exercise of reasonable care should have known, that their asbestos products were defective, ultra-hazardous, dangerous and otherwise highly harmful to Plaintiff.

10.     Defendants knew, or in the exercise of reasonable care should have known, that the use of their asbestos products would cause asbestos dust and fibers to be released into the air and would create dangerous and unreasonable risk of injury to the lungs, respiratory systems, larynx, stomach and other bodily organs of users of their products and to others breathing that air and coming into contact with that dust.

-6-

11.     Plaintiff did not know the nature and extent of the injury that would result from contact with and exposure to Defendants' asbestos products or from the inhalation or ingestion of the asbestos dust and fibers.

12.     Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff, MARGARET HALEY, would come into contact with and be exposed to their asbestos products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of Defendants' asbestos products.

13.     Despite the facts as set forth above, Defendants negligently, recklessly and intentionally:

(a)     processed, manufactured, packaged, distributed, used, delivered, and/or sold to Plaintiff's employers and worksites, asbestos products for use by its workers, including, in particular, Plaintiff.

(b)     processed, manufactured, packaged, distributed, used, delivered, and/or sold to Plaintiff's late husband, Bennie Haley, directly, asbestos products for use by Plaintiff's late husband, Bennie Haley, in the course of his automotive maintenance and repair work.

(c)     mined, milled, produced, processed, compounded, converted, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce asbestos products which Defendants knew or in the exercise of reasonable care should have known, were defective, dangerous, ultrahazardous and otherwise unreasonably harmful to Plaintiff;

Case MDL No. 875 Document 6827 Filed 03/07/11 Page 10 of 27

(d)     failed to render proper, adequate, and correct warnings and labels, advice, instructions, and information as to the use of and exposure to asbestos, its fibers and dusts, and failed to use reasonable care as to the same.

(e)     failed to take reasonable precautions or exercise reasonable care to warn Plaintiff adequately of the risks, dangers and harm to which Plaintiff, MARGARET HALEY, would be exposed by exposure to, contact with, use and handling of Defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(f)     failed to provide proper and appropriate warnings and cautions to all users and bystanders of said asbestos products, fibers, and dusts, both actual or foreseeable, including Plaintiff;

(g)     failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, proper equipment and appliances necessary to protect Plaintiff, MARGARET HALEY, from being injured, poisoned, disabled, killed, or otherwise harmed by working with, using, handling, coming into contact with, and being exposed to Defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(h)     failed to package their asbestos products in manner that would ensure that Plaintiff, MARGARET HALEY would not come into contact with or be exposed

-8-

to the asbestos dust and fibers resulting from the ordinary and foreseeable use of
Defendants' asbestos products;

(i)     failed to advise Plaintiff, MARGARET HALEY of the necessity to adopt and
enforce a safe, sufficient and proper method and plan of working with, using,
handling, coming into contact with and being exposed to Defendants' asbestos
products so that Plaintiff would not inhale or ingest the asbestos dust and fibers
resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(j)     ignored and suppressed medical and scientific information, studies, tests, data and
literature which Defendants acquired during the course of their normal business
activities concerning the risk of asbestosis, scarred lungs, cancer, mesothelioma,
respiratory disorders, and other illnesses and diseases to individuals such as
Plaintiff, MARGARET HALEY and other persons similarly situated, who were
exposed to Defendants' asbestos products;

(k)     disregarded medical and scientific information, studies, tests, data and literature
concerning the causal relationship between the inhalation or ingestion of asbestos
dust and fibers, and such diseases as asbestosis, mesothelioma, scarred lungs,
cancer, respiratory disorders and other illnesses and diseases;

(l)     failed to investigate, impose, and comply with reasonable standards and
regulations as to the safe use of, and exposure to, asbestos, asbestos fibers, and
asbestos dust.

(m)     exposed Plaintiff, MARGARET HALEY, and other persons similarly situated, to
the risk of developing asbestosis, mesothelioma, scarred lungs, cancer and other

-9-

Case MDL No. 875 Document 6827 Filed 03/07/11 Page 12 of 27

illnesses, all of which risks Defendants knew, or in the exercise of reasonable care should have known, were consequences of exposure to asbestos dust and fibers;

(n)     failed to seek substitute materials in lieu of the use of their asbestos;

(o)     failed to advise Plaintiff MARGARET HALEY, who Defendants knew, or in the exercise of reasonable care should have known, had been exposed to inhalation or ingestion of asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products to cease further uncontrolled or unprotected exposure to asbestos products and the inhalation or ingestion of asbestos dust and fibers and all other kinds of smoke, dusts, and fumes; to be examined by competent medical doctors to determine the nature and extent of any and all diseases caused by inhalation or ingestion of asbestos dust and fibers; and to receive medical care and treatment for such diseases; and

(p)     Defendants' otherwise acted negligently, recklessly and with intentional disregard for the welfare of Plaintiff, MARAGARET HALEY in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing, installing, or otherwise placing in the stream of commerce their asbestos products.

14.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff, MARGARET HALEY, was exposed to and came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff was caused to suffer severe, permanent and disabling personal injuries and to be placed at increased risk of developing other serious bodily

-10-

injury, has expended and will be caused to expend sums of money for medical care and treatment related thereto, has been prevented and will be prevented from pursuing her normal activities and employment, has experienced and will continue to experience severe pain and suffering and mental anguish, and has been and will continue to be deprived of her ordinary pursuits and enjoyments of life.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### SECOND COUNT

1.  Plaintiff repeats the prior allegations of this Complaint.

2.  Defendants expressly or impliedly warranted that their asbestos products, which they mined, milled, produced, compounded, converted, processed, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce were merchantable, reasonably fit for use, and safe for their intended purposes.

3.  Defendants breached said warranties in that their asbestos products were defective, ultrahazardous, dangerous, unfit for use, not merchantable, and not safe for their intended, ordinary and foreseeable use and purpose.

4.  As a direct and proximate result of Defendants' breach of warranties, Plaintiff, MARGARET HALEY, was exposed to and came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products. Plaintiff, MARGARET, was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

-11-

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### THIRD COUNT

1.   Plaintiff repeats the prior allegations of this Complaint.

2.   Defendants failed to disclose and intentionally and negligently misrepresented to Plaintiff MARGARET HALEY, the health risks created by the ordinary use of Defendants' asbestos products.

3.   Plaintiff MARGARET HALEY, relied upon said representations, and such reliance was foreseeable to Defendants.

4.   As a result of Defendants' conduct, Plaintiff, MARGARET HALEY, came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers from these products. Plaintiff, MARGARET HALEY, was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### FOURTH COUNT

1.   Plaintiff repeats the prior allegations of this Complaint.

2.   Defendants are strictly liable to Plaintiff, MARGARET HALEY, by reason of the following:

-12-

(a)     Defendants were engaged in the business of being miners, millers, producers,

processors, sellers, suppliers, installers and distributors of their asbestos products;

(b)     Defendants knew or had reason to know that Plaintiff, MARGARET HALEY's

late husband Bennie Haley's employers and other persons similarly situated

would be ultimate users or consumers or their asbestos products or would be

exposed to their asbestos products;

(c)     Defendants sold or otherwise placed their asbestos products into the stream of

commerce in a defective condition, unreasonably dangerous to Plaintiff,

MARGARET HALEY and other persons similarly situated;

(d)     throughout the many years that Plaintiff, MARGARET HALEY and other

similarly situated persons were exposed to and used Defendants' asbestos

products, said asbestos products reached the users and consumers without

substantial change in the condition in which they were sold;

(e)     the ordinary and foreseeable use of Defendants' asbestos products constituted a

dangerous and ultra-hazardous activity and created an unreasonable risk of injury

to users and bystanders;

(f)     Defendants' asbestos products were defective in that they were incapable of being

made safe for their ordinary and intended use and purpose, and Defendants failed

to give any warnings or instructions, or failed to give adequate or sufficient

warnings or instructions, about the risks, dangers and harm associated with the

use of their asbestos products.

Case MDL No. 875   Document 6827   Filed 03/07/11   Page 16 of 27

3.      As a consequence of the defective condition of Defendants' asbestos products, Plaintiff, MARGARET HALEY inhaled or ingested asbestos dust and fibers while providing domestic services such as laundering the clothing worn by her late husband Bennie Haley to various worksites.  Plaintiff, MARGARET HALEY was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### FIFTH COUNT

1.      Plaintiff repeats the prior allegations of this Complaint.

2.      Defendants mined, milled, produced, processed, compounded, converted, sold, merchandised, supplied, distributed or installed all, or substantially all, of the asbestos products to which Plaintiff, MARGARET HALEY, was exposed.

3.      Defendants controlled the market, or a substantial portion of the market, from which the asbestos products which caused Plaintiff's injuries emanated.

4.      Defendants collectively, through explicit agreement, tacit agreement, and conscious parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of asbestos products and controlled the level of knowledge on the part of the public regarding the hazards of exposure to dust and fibers from Defendants' asbestos products.

5.      As a direct and proximate consequence of Defendants' acts and omissions, Plaintiff, MARGARET HALEY, was exposed to and came in contact with Defendants' asbestos

-14-

products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, in the alternative, or in proportion to Defendants' respective market shares, for compensatory damages, punitive damages and costs of suit.

## SIXTH COUNT

1.  Plaintiff repeat the prior allegations of this Complaint.

2.  Defendants acted in concert with each other and with other members of the asbestos industry, through express agreement, implicit agreement, imitative behavior and conscious parallel behavior;

    (a)   to withhold from users of their products, and from persons who Defendants knew or should have known would be exposed to their products, information regarding the health risks of breathing or ingesting asbestos dust and fibers.

    (b)   to eliminate or prevent development of adequate procedures and tests relating to the health hazards of exposure to asbestos fibers and dust.

    (c)   to ensure that asbestos products became widely used in industries such as construction, shipbuilding, machine fabrication and similar such industries.

3.  Defendants knew that their activities were violative of common law standards of care and that their withholding of information, failure to develop tests and procedures, and promotion of widespread use of asbestos products would expose persons such as Plaintiff, MARGARET HALEY to unreasonable risk of bodily injury.

--15--

Case MDL No. 875   Document 6827   Filed 03/07/11   Page 18 of 27

4.       Defendants nevertheless gave substantial assistance and encouragement to each other and to other members of the asbestos industry and assisted each other and other members of the asbestos industry in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to ensure that users of asbestos would not be subjected to risk of injury; and promoting widespread use of products which Defendants knew would expose Plaintiff, MARGARET HALEY, to unreasonable risk of bodily injury.

5.       As a direct and proximate consequence of the concerted actions of Defendants and other members of the asbestos industry, Plaintiff, MARGET HALEY, was exposed to and came in contact with Defendants' asbestos products and the asbestos products of others and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory dames, punitive damages and costs of suit as provided by law.

## SEVENTH COUNT

1.       Plaintiff repeats the prior allegations of this Complaint.

2.       The Defendants constitute all known, non-remote producers, manufacturers, suppliers, installers, and distributors of the asbestos products which could have caused Plaintiff, MARGARET HALEY's injuries.

3.       Each of the Defendants, whether acting individually or in concert with others, violated a duty of care owed to Plaintiff, MARGARET HALEY, or otherwise engaged in culpable activity against Plaintiff. The acts and omissions of at least one of the Defendants

-16-

caused Plaintiff to sustain the injuries, losses and expenses alleged in prior counts of this complaint.

    4.      Plaintiff in no respect can be blamed should she be unable to establish which of the asbestos products caused the injuries complained of herein.

    5.      The burden of proof in this matter thus should shift to Defendants to demonstrate that their respective conduct and their respective products could not have caused Plaintiff's injuries, and, failing such proof, Defendants should be held jointly, severally or alternatively liable for Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### EIGHTH COUNT

    1.      Plaintiff repeats the prior allegations of this Complaint.

    2.      Defendants failed to warn Plaintiff, MARGARET HALEY, of the need to protect herself and avoid exposure to asbestos dust transported home on her husband's person and clothing.

    3.      As a direct and proximate result of Defendants' tortuous actions, Plaintiff, MARGARET HALEY, was caused to suffer the injuries, expenses, and losses alleged in prior counts of this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory damages, punitive damages, and costs of suit.

-17-

## NINTH COUNT

1.   Plaintiff repeats the prior allegations of this Complaint.

2.   Defendants failed to warn Plaintiff, MARGARET HALEY, of the need to protect herself and to avoid exposure to asbestos dust.

3.   As a direct and proximate result of Defendants' tortuous actions, Plaintiff, MARGARET HALEY, was caused to suffer the injuries, expenses, and losses alleged in prior counts of this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory damages, punitive damages, and costs of suit.

## TENTH COUNT

1.   All of the allegations contained in the previous paragraphs are re-alleged herein.

2.   Defendants AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.); CARRIER CORPORATION; CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY); FOSTER WHEELER ENERGY CORPORATION; and VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) are hereinafter referred to as the Equipment Manufacturers. The Equipment Manufacturers are sued only for their failure to warn of the hazards of asbestos exposure and are not being sued on any other theory. This failure to warn renders the Equipment Manufacturers liable in both in negligence and in strict products liability for a marketing defect. Any and all theories alleged

-18-

Case MDL No. 875   Document 6827   Filed 03/07/11   Page 21 of 27

5.    The Equipment Manufacturers are or were engaged in the business of selling, manufacturing, producing, designing, and otherwise putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed or otherwise put into the stream of commerce, were a proximate and producing cause of the injuries of Plaintiff.

6.    The Equipment Manufacturers knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation of the asbestos-containing products or operation, maintenance, and repair of the machinery requiring or calling for the use of asbestos and asbestos-containing products.

7.    Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Equipment Manufacturers, which made them unsafe for purposes of manipulation or installation.  Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and asbestos-containing materials.

-20-

8.      During the periods that Plaintiff was exposed to the asbestos-containing products and machinery of the Equipment Manufacturers, these asbestos-containing products and machinery were being utilized in a manner, which was intended by the Equipment Manufacturers.

                                        COHEN, PLACITELLA & ROTH, P.C.

                                        Attorneys for Plaintiff

                                        By: _____
                                              William L. Kuzmin

Date: January 20, 2011

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher M. Placitella, Esq. is hereby designated as trial counsel in the within matter.

                                        COHEN, PLACITELLA & ROTH, P.C.
                                        Attorneys for Plaintiffs

                                        By: _____
                                              William L. Kuzmin
                                              For the Firm

Date: January 20, 2011

                                              WKUZMIN@
                                              CPRlaw.com

-21-

Case MDL No. 875 Document 6827 Filed 03/07/11 Page 23 of 27

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs demand answers to the Standard Interrogatories pursuant to the Court's

January 25, 1982 General Order annexed hereto.   Said Standard Interrogatory forms may be

obtained from the Court upon request.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs

By: _____
William L. Kuzmin
For the Firm

Date: January 20, 2011

-22-

### CERTIFICATION

The undersigned certifies that to the best of my knowledge this matter is not the subject

of any other legal or arbitration proceeding in the Courts of New Jersey.  The undersigned

further certifies that to my knowledge, no other persons should be party to this matter other than

those named in this complaint.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs

By: _____
          William L. Kazman
          For the Firm

Date: January 20, 2011

-23-

Jan. 31, 2011 12:15PM               No. 0327    P. 26

**Appendix XII-B1**

## CIVIL CASE INFORMATION STATEMENT
### (CIS)
Use for Initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐CK ☐CG ☐CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| | |
|---|---|
| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER / COUNTY OF VENUE |
| William L. Kuzmin, Esq. | (732) 747-9003    Middlesex |
| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
| Cohen Placitella & Roth, P.C. | L-737-11 AS |
| OFFICE ADDRESS | DOCUMENT TYPE |
| 127 Maple Avenue | Complaint |
| Red Bank, NJ 07701 | JURY DEMAND ☒ YES ☐ NO |

NAME OF PARTY (e.g., John Doe, Plaintiff)
MARGARET HALEY,

CAPTION
MARGARET HALEY, plaintiff, vs. AIR & LIQUID SYSTEMS CORP., et al., defendants

CASE TYPE NUMBER
(See reverse side for listing)
601

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?   ☐ YES ☒ NO
IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐YES ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐YES ☒NO
IF YES, IS THAT RELATIONSHIP
☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)
☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐YES ☒NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐YES ☒NO    IF YES, FOR WHAT LANGUAGE:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:

Revised Effective 9/2009, CN 10517

Jan. 31. 2011  12:15PM                                                    No. 0327   P. 27

 

**SIDE 2**

## CIVIL CASE INFORMATION STATEMENT
### (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 006 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Centrally Managed Litigation (Track IV)**
| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 279 | GADOLINIUM |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE | 282 | FOSAMAX |
| 272 | BEXTRA/CELEBREX | 283 | DIGITEK |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 275 | ORTHO EVRA | 286 | LEVAQUIN |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."
Please check off each applicable category:

☐ Verbal Threshold        ☐ Putative Class Action        ☐ Title 59

Revised Effective 9/2009, CN 10517

 **CT Corporation**

**Service of Process
Transmittal**
02/01/2011
CT Log Number 517968012

**TO:**  General Counsel
Viad Corp
1850 N. Central Avenue, Suite 800
Phoenix, AZ 85004-4545

**RE:**  **Process Served in Arizona**

**FOR:**  Viad Corp (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Margaret Haley, Pltfs. vs. Air & Liquid Systems Corp., et al., Dfts. // To: Viad Corporation<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Demand for Jury Trial, Cover Sheet |
| **COURT/AGENCY:** | Superior Court, Middlesex County, Law Division, NJ<br>Case # L-737-11 AS |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/01/2011 at 10:45 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | William L. Kuzmin<br>Cohen, Placitella & Roth, P.C.<br>127 Maple Avenue<br>Red Bank, NJ 07701<br>732 747 9003 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/01/2011, Expected Purge Date: 02/06/2011<br>Image SOP<br>Email Notification, General Counsel DSHAY@VIAD.COM<br>Email Notification, Daryl Hagg dhagg@viad.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Issis Gonzalez<br>2394 E. Camelback Road<br>Phoenix, AZ 85016<br>602-277-4792 |

Page 1 of  1 / AM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.