# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:10-cv-01969-RNC

Thomas et al v. Air & Liquid Systems Corp et al
Assigned to: Judge Robert N. Chatigny
Cause: 28:1446 Petition for Removal- Personal Injury

Date Filed: 12/14/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**
**Ronald Thomas**

represented by **Christopher Meisenkothen**
Early, Ludwick & Sweeney
One Century Tower
265 Church St., 11th Fl.
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
Email: cmeisenkothen@elslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Sandra Thomas**

represented by **Christopher Meisenkothen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corp**
*Successor*
Buffalo Pumps, Inc.

represented by **Bryna Rosen Misiura**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: bmisiura@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Elliott Turbomachinery Co. Inc.**

                represented by  **Katharine S. Perry**
Adler Pollock & Sheehan PC - MA
175 Federal St.
Boston, MA 02110
617-482-0600
Fax: 617-482-0604
Email: kperry@apslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                        **Gregory M O'Neil**
Adler Pollock & Sheehan PC - MA
175 Federal St.
Boston, MA 02110
617-482-0600
Fax: 617-482-0604
Email: goneil@apslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler LLC**
*Individually*
*Successor*
CH Wheeler

                represented by  **James R. Oswald**
Adler, Pollock & Sheehan
2300 BankBoston Plaza
Providence, RI 02903
401-274-7200
Fax: 401-751-0604
Email: joswald@apslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Viad**
*Individually*
*Successor*
CH Wheeler
*Successor*
Griscom-Russell

                represented by  **Christopher J. Lynch**
LeClairRyan
One Financial Plaza
755 Main Street, Suite 2000
Hartford, CT 06103
860-656-1935
Fax: 860-656-1985
Email: christopher.lynch@leclairryan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Elliott Turbomachinery Co. Inc.**

                represented by  **Katharine S. Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Gregory M O'Neil
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Elliott Turbomachinery Co. Inc.**                    represented by **Katharine S. Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory M O'Neil**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Air & Liquid Systems Corp**

**Cross Defendant**

**Foster Wheeler LLC**                    represented by **James R. Oswald**
*Individually*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**

**Cross Defendant**

**Viad**                    represented by **Christopher J. Lynch**
*Individually*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Air & Liquid Systems Corp**                    represented by **Bryna Rosen Misiura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Elliott Turbomachinery Co. Inc.**                    represented by **Katharine S. Perry**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Gregory M O'Neil**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Foster Wheeler LLC**
*Individually*

represented by  **James R. Oswald**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**

**Cross Defendant**

**Viad**
*Individually*

represented by  **Christopher J. Lynch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2010 | 1 | NOTICE OF REMOVAL from Judicial District of Bridgeport, case number FBT-CV-10-60014381-S., filed by Viad. (Attachments: # 1 Part 2)(Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | | Filing fee received from LeClair Ryan: $ 350.00, receipt number CTXH00000114 (Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | 2 | Order on Pretrial Deadlines: Amended Pleadings due by 2/12/2011 Discovery due by 6/15/2011. Signed by Clerk on 12/14/2010. (Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | 3 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Robert N. Chatigny on 12/14/2010. (Attachments: # 1 Notice)(Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | 4 | DEMAND for Trial by Jury by Viad. (Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | 5 | NOTICE of Appearance by Christopher J. Lynch on behalf of Viad (Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | 6 | NOTICE of no pending motions by Viad (Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | 7 | STATEMENT of Compliance with standing order in removed cases by Viad (Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | 8 | Corporate Disclosure Statement by Viad. (Montgomery, A.) (Entered: 12/15/2010) |
| 12/14/2010 | 9 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 8 Corporate Disclosure Statement filed by Viad, 5 Notice of Appearance filed by Viad, 3 Electronic Filing Order, 1 Notice of Removal filed by Viad, 2 Order on Pretrial Deadlines, 7 Notice (Other) filed by Viad, 6 Notice (Other) filed by Viad, 4 Jury Demand filed by Viad. Signed by Clerk on 12/14/2010. (Attachments: # 1 Standing order in removed cases)(Montgomery, A.) (Entered: 12/15/2010) |
| 12/17/2010 | 10 | NOTICE of Appearance by James R. Oswald on behalf of Foster Wheeler LLC (Oswald, James) |

| | | |
|---|---|---|
| | | (Entered: 12/17/2010) |
| 12/17/2010 | 11 | Corporate Disclosure Statement by Foster Wheeler LLC. (Oswald, James) (Entered: 12/17/2010) |
| 12/17/2010 | 12 | NOTICE by Foster Wheeler LLC of Joinder in Notice of Removal (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Oswald, James). (Entered: 12/17/2010) |
| 12/17/2010 | 13 | ANSWER to Complaint with Affirmative Defenses by Foster Wheeler LLC.(Oswald, James) (Entered: 12/17/2010) |
| 12/17/2010 | 14 | NOTICE of Appearance by Katharine S. Perry on behalf of Elliott Turbomachinery Co. Inc. (Perry, Katharine) (Entered: 12/17/2010) |
| 12/17/2010 | 15 | NOTICE by Elliott Turbomachinery Co. Inc. *(of Joinder)* (Perry, Katharine) (Entered: 12/17/2010) |
| 12/17/2010 | 16 | "DOCKETED IN ERROR" NOTICE by Elliott Turbomachinery Co. Inc. (Corporate Disclosure) (Perry, Katharine) Modified on 12/21/2010 (Blue, A.). (Entered: 12/17/2010) |
| 12/17/2010 | 17 | NOTICE of Appearance by Gregory M O'Neil on behalf of Elliott Turbomachinery Co. Inc. (O'Neil, Gregory) (Entered: 12/17/2010) |
| 12/17/2010 | 18 | Corporate Disclosure Statement by Elliott Turbomachinery Co. Inc. identifying Corporate Parent Elliott Ebara Co Ltd, Corporate Parent Ebara Corp for Elliott Turbomachinery Co. Inc.. (Blue, A.) (Entered: 12/21/2010) |
| 01/06/2011 | 19 | ANSWER to Complaint with Affirmative Defenses with Jury Demand, CROSSCLAIM against All Defendants by Elliott Turbomachinery Co. Inc..(Perry, Katharine) (Entered: 01/06/2011) |
| 02/15/2011 | 20 | ORDER: PLEASE READ FULL TEXT OF ATTACHED NOTICE AND ORDER. Rule 26(f) Report due 2/24/2011. Signed by Judge Robert N. Chatigny on 2/13/11. (Macare, L.) (Entered: 02/15/2011) |
| 02/15/2011 | | Set Deadlines/Hearings: Rule 26 Meeting Report due by 2/24/2011 (Macare, L.) (Entered: 02/15/2011) |
| 02/17/2011 | 21 | MOTION to Stay *Proceedings* by Viad.Responses due by 3/10/2011 (Lynch, Christopher) (Entered: 02/17/2011) |
| 02/17/2011 | 22 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corp (Misiura, Bryna) (Entered: 02/17/2011) |
| 02/17/2011 | 23 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corp (Simons, Michael) (Entered: 02/17/2011) |
| 02/17/2011 | 24 | MOTION for Joinder re 1 Notice of Removal filed by Viad by Air & Liquid Systems Corp. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service)(Simons, Michael) (Entered: 02/17/2011) |
| 02/18/2011 | 25 | Corporate Disclosure Statement by Air & Liquid Systems Corp identifying Corporate Parent Buffalo Pumps, Inc. for Air & Liquid Systems Corp. (Simons, Michael) (Entered: 02/18/2011) |
| 02/18/2011 | 26 | ANSWER to Complaint (Notice of Removal), CROSSCLAIM against Elliott Turbomachinery Co. Inc., Foster Wheeler LLC, General Electric Company, Viad by Air & Liquid Systems Corp. (Simons, Michael) (Entered: 02/18/2011) |
| 02/22/2011 | 27 | ORDER granting 21 Motion to Stay. All proceedings in this case are stayed, with the consent of the plaintiffs, pending transfer of the case to the multidistrict litigation panel. Counsel will |

submit a brief status report every 60 days until the case is transferred. Signed by Judge Robert N. Chatigny on 2/22/11. (Chatigny, Robert) (Entered: 02/22/2011)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/07/2011 15:36:19 | | | |
| PACER Login: | lr0070 | Client Code: | 24536.0019/2112 |
| Description: | Docket Report | Search Criteria: | 3:10-cv-01969-RNC |
| Billable Pages: | 5 | Cost: | 0.40 |

Case 3:10-cv-01969-RNC   Document 1   Filed 12/14/10   Page 8 of 20

| SUMMONS<br>CIVIL (*except family actions*)<br>JD-CV-1<br>GEN. STAT. 51-345, 51-347, 51-349, 51-350, 52,-45a<br>52-48, 52-259<br>PR. BK. 49, 63, 66 | SUPERIOR COURT<br><br>INSTRUCTIONS | "X" ONE OF THE FOLLOWING<br>Amount, legal interest or property in demand, exclusive of interest and costs is<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>(☒ "X" if applicable)<br>☐ Claiming other relief in addition to or in lieu of money damages. |

1. Prepare on typewriter; sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

**TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.**

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION    ☐ G.A. | AT (Town in which writ is returnable)(Gen. Stat. 51-349)<br>Bridgeport | RETURN DATE (Mo., day, yr)<br>12.07.10 |
|---|---|---|

| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., st., town & zip code)<br>1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | CASE TYPE(From Judic. Dept. case type list-see back)<br>Major  T          Minor  20 |
|---|---|

| PARTIES | NOTE: *Individual's Names:*<br>*Last, First, Middle Initial* | NAME AND ADDRESS OF EACH PARTY<br>(No., street, town & zip code) | ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | | Thomas, Ronald, 7505 Pleasant Hill Church Road, Marshville, NC 28103 | | 01 |
| Additional Plaintiff | | Thomas, Sandra, 7505 Pleasant Hill Church Road, Marshville, NC 28103 | | 02 |
| FIRST NAMED DEFENDANT | | Air & Liquid Systems Corp., successor by merger to Buffalo Pumps, Inc., CT Corporation System, 111 Eighth Avenue, New York, NY 10011 | | 50 |
| Additional Defendant | | Foster Wheeler L.L.C. as successor to CH Wheeler , Jack Deones, Perryville Corporate Park, Clintonville, NJ 08809 | | 51 |
| Additional Defendant | | General Electric Company, CT Corp. System, One Commercial Plaza, Hartford, CT 06106 | | 52 |
| Additional Defendant | | Elliott Turbomachinery Co., Inc., 901 North Fourth Street, Jeannette, PA 15644-1473 | | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ☒Appearance☒ form on time, a judgment may be entered against you by default.
6. The Appearance☒ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>11.12.10 | SIGNED<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Christopher Meisenkothen, Esq. |
|---|---|---|---|

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code)<br>Early, Ludwick & Sweeney, LLC., 265 Church St., 11th Flr., New Haven, CT, 06510 | TELEPHONE NO.<br>203-777-7799 | JURIS NO. (If atty. or law firm)<br>409080 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code)<br>Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| NO. PLFS.<br>2 | NO. DEFS.<br>5 | NO. CNTS.<br>3 | SIGNED (Official taking recognizance, ☒ x ☒ proper)<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

**IF THIS SUMMONS IS SIGNED BY A CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

A TRUE COPY ATTEST

T. JERRY JULIANO
STATE MARSHAL
NEW HAVEN COUNTY
INDIFFERENT PERSON

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

SUMMONS, Civil

**CIVIL SUMMONS**

**STATE COURT OF CONNECTICUT**

**PAGE 2**

**CONTINUATION OF PARTIES**

**SUPERIOR COURT**

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)
**Thomas, Ronald**

FIRST NAMED DEFENDANT
**Air & Liquid Systems Corp**

| Additional Defendants | | CODE |
|---|---|---|
| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and Zip Code) | |
| Vlad Corp. f/k/a The Dial Corp., individually and as successor in interest to C.H. Wheeler, Griscom Russell Company, CT Corporation System, One Commercial Plaza, Hartford, CT 06106 | | 54 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| | | FOR COURT USE ONLY |
|---|---|---|
| | | FILE DATE |
| | | |
| | | |
| | | |
| | | |
| | | DOCKET NO. |

## IN RE: BRIDGEPORT ASBESTOS LITIGATION

| | |
|---|---|
| RETURN DATE: DECEMBER 7, 2010 | : SUPERIOR COURT |
| | : |
| RONALD THOMAS AND SANDRA THOMAS | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORPORATION, as Successor | : |
| by Merger to Buffalo Pumps, Inc | : |
| ELLIOTT TURBOMACHINERY CO., INC., | : |
| FOSTER WHEELER L.L.C., individually and as successor | : |
| to C.H. Wheeler, | : |
| GENERAL ELECTRIC COMPANY, | : |
| VIAD, individually and as successor to CH Wheeler and | : |
| Griscom-Russell | : NOVEMBER 12, 2010 |

COMPLAINT

COUNT I

1. The plaintiff, RONALD THOMAS, is a citizen of the State of North Carolina and resides at 7505 Pleasant Hill Church Road, Marshville, North Carolina.

2. The plaintiff, SANDRA THOMAS, is a citizen of the State of North Carolina and resides at 7505 Pleasant Hill Church Road, Marshville, North Carolina.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

5. The plaintiff was exposed to various asbestos containing products while working in The U.S. Coast Guard as a Seaman during the years 1966 -1970. Plaintiff continued to be exposed while in the automotive industry and oil/boiler industry through 1979. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

(a)    Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1.    in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

2.    in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3.    in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)    The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)    The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

**EARLY, LUDWICK, SWEENEY & STRAUSS**
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

(a)    failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)    failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)    failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)    supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

(e)     supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)     failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)     failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)     failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)     failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)     generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, RONALD THOMAS claims damages.

## COUNT II

### (As to Plaintiff SANDRA THOMAS and all Defendants)

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance,

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, SANDRA THOMAS, claims damages.

<u>COUNT III</u>

1.-29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

30. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

32. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

33. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

34. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

WHEREFORE Plaintiffs RONALD THOMAS and SANDRA THOMAS demand

judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and

whatever other further relief this Honorable Court deems right and just.


THE PLAINTIFF


BY ____S/417342____

Christopher Meisenkothen, Esq.
EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799 Juris No. 409080
Their attorneys

RETURN DATE:  DECEMBER 7, 2010      : SUPERIOR COURT
                                      :

RONALD THOMAS  & SANDRA THOMAS    : J.D. OF FAIRFIELD
                                        :

VS.                                          : AT BRIDGEPORT
                                        :

AIR & LIQUID SYSTEMS CORP, ET AL.    : NOVEMBER 12, 2010

WHEREFORE, the plaintiff, RONALD THOMAS AND SANDRA THOMAS claims as to the defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

THE PLAINTIFF

BY _____

Christopher Meisenkothen, Esq..
EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799 Juris No. 409080
Their Attorneys

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

RETURN DATE:  DECEMBER 7, 2010          : SUPERIOR COURT
                                                              :
RONALD THOMAS  & SANDRA THOMAS     : J.D. OF FAIRFIELD
                                                              :
VS.                                                        : AT BRIDGEPORT
                                                              :
AIR & LIQUID SYSTEMS CORP, ET AL.          : NOVEMBER 12, 2010


     The amount, legal interest and property in demand is not less than $15,000.00,

exclusive of interest and costs.

                THE PLAINTIFF


                BY _____
                   Christopher Meisenkothen, Esq.
                   Early, Ludwick & Sweeney, L.L.C.
                   One Century Tower, 11th Floor
                   265 Church Street
                   P.O. Box 1866
                   New Haven, CT  06508-1866
                   (203) 777-7799
                   Juris No. 409080
                   Their Attorneys