EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00061-MRK

Girtman et al v. Air & Fluid Corp et al
Assigned to: Judge Mark R. Kravitz
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 01/11/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**
**Gerald Girtman**

represented by **Christopher Meisenkothen**
Early, Ludwick & Sweeney
One Century Tower
265 Church St., 11th Fl.
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
Email: cmeisenkothen@elslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Linda Girtman**

represented by **Christopher Meisenkothen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Air & Fluid Corp**
*Successor*
Buffalo Pumps, Inc.

**Defendant**
**Elliott Turbomachinery Co, Inc**

represented by **Gregory M O'Neil**
Adler Pollock & Sheehan PC - MA
175 Federal St.
Boston, MA 02110
617-482-0600
Fax: 617-482-0604
Email: goneil@apslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Katharine S. Perry
Adler Pollock & Sheehan PC - MA
175 Federal St.
Boston, MA 02110
617-482-0600
Fax: 617-482-0604
Email: kperry@apslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viad Corp**
*formerly known as*
The Dial Corp
*Successor*
Griscom Russell
*Successor*
C. H. Wheeler

represented by   **Christopher J. Lynch**
LeClairRyan
One Financial Plaza
755 Main Street, Suite 2000
Hartford, CT 06103
860-656-1935
Fax: 860-656-1985
Email: christopher.lynch@leclairryan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corp**

.

represented by   **Bryna Rosen Misiura**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: bmisiura@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Elliott Turbomachinery Co, Inc**

represented by   **Gregory M O'Neil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katharine S. Perry**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Elliott Turbomachinery Co, Inc**          represented by   **Gregory M O'Neil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katharine S. Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Air & Fluid Corp**

**Cross Defendant**

**Viad Corp**          represented by   **Christopher J. Lynch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Air & Liquid Systems Corp**          represented by   **Bryna Rosen Misiura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Elliott Turbomachinery Co, Inc**          represented by   **Gregory M O'Neil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katharine S. Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Vlad Corp**                           represented by **Christopher J. Lynch**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/11/2011 | 1 | NOTICE OF REMOVAL from Judicial District of Fairfield at Bridgeport, Case Number FBT-CV-11-6014998 filed by Vlad Corp, C. H. Wheeler. (Attachments: # 1 Notice to Parties of Removal)(Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | | Filing fee received from LeClairRyan: $350.00, receipt number CTXH00000294 (Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | 2 | Order on Pretrial Deadlines: Motions to Dismiss due on 04/11/2011. Amended Pleadings due by 3/12/2011; Discovery due by 7/13/2011; Dispositive Motions due by 8/12/2011. Signed by Clerk on 01/11/2011. (Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | 3 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER: Signed by Judge Mark R. Kravitz on 01/11/2011. (Grady, B.) (Main Document 3 replaced on 1/14/2011) (Grady, B.). Signature corrected on 1/14/2011 (Grady, B.). (Entered: 01/14/2011) |
| 01/11/2011 | 4 | Removal Standing Order: Signed by Clerk on 01/11/2011. (Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | 5 | DEMAND for Trial by Jury by C. H. Wheeler, Vlad Corp. (Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | 6 | Statement in Compliance with Standing Orders in Removed Cases by C. H. Wheeler, Vlad Corp (Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | 7 | NOTICE of Appearance by Christopher J. Lynch on behalf of C. H. Wheeler, Vlad Corp (Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | 8 | NOTICE RE: No Pending Motions by C. H. Wheeler, Vlad Corp (Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | 9 | Corporate Disclosure Statement by C. H. Wheeler, Vlad Corp. (Grady, B.) (Entered: 01/14/2011) |
| 01/11/2011 | 10 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 5 Jury Demand filed by Vlad Corp, C. H. Wheeler, 7 Notice of Appearance filed by Vlad Corp, C. H. Wheeler, 1 Notice of Removal filed by Vlad Corp, C. H. Wheeler, 2 Order on Pretrial Deadlines, 9 Corporate Disclosure Statement filed by Vlad Corp, C. H. Wheeler, 6 Statement in Compliance with Standing Orders in Removed Cases filed by Vlad Corp, C. H. Wheeler, 3 Electronic Filing Order, 4 Removal Standing Order, 8 Notice Re: No Pending Motions filed by Vlad Corp, C. H. Wheeler. Signed by Clerk on 01/11/2011. (Grady, B.) (Entered: 01/14/2011) |
| 01/14/2011 | 11 | NOTICE by Elliott Turbomachinery Co, Inc re 1 Notice of Removal *(Joinder)* (Perry, Katharine) (Entered: 01/14/2011) |
| 01/14/2011 | 12 | Corporate Disclosure Statement by Elliott Turbomachinery Co, Inc identifying Corporate Parent |

| | | Elliott Ebara Company Limited, Corporate Parent Ebara Corporation for Elliott Turbomachinery Co, Inc. (Perry, Katharine) (Entered: 01/14/2011) |
|---|---|---|
| 01/14/2011 | 13 | NOTICE of Appearance by Katharine S. Perry on behalf of Elliott Turbomachinery Co, Inc (Perry, Katharine) (Entered: 01/14/2011) |
| 01/14/2011 | 14 | NOTICE of Appearance by Gregory M O'Neil on behalf of Elliott Turbomachinery Co, Inc (O'Neil, Gregory) (Entered: 01/14/2011) |
| 01/31/2011 | 15 | ANSWER re: 1 Notice of Removal with Affirmative Defenses with Jury Demand, CROSSCLAIM against All Defendants by Elliott Turbomachinery Co, Inc.(Perry, Katharine) Modified on 2/1/2011 to create link(Falcone, K.). (Entered: 01/31/2011) |
| 03/03/2011 | 16 | 26(f) NOTICE : The Court has reviewed the file in this case to monitor the parties compliance with Local Rule 26(e). Local Rule 26(e) provides that, within 30 days after the appearance of any defendant, the attorneys of record and any unrepresented parties must confer for purposes described in Fed. R. Civ. P. 26(f). Local Rule 26(e) further provides that, within 14 days after the conference, the participants must jointly file a report of the conference using Form 26(f). It appears that more than forty four days have passed since the appearance of a defendant in this case but no report has been filed. Accordingly, it is hereby ordered that the parties must file on or before March 17, 2011: (1) a written statement signed by all counsel of record demonstrating that this case is exempt from the requirement of filing a form 26f report; or (2) a form 26f report along with a written statement signed by all counsel of record explaining why sanctions should not be imposed for the parties failure to comply with Local Rule 26(e). Failure to comply with this order will result in dismissal of the complaint. Signed by Clerk on 3/3/2011. (Ghilardi, K.) (Entered: 03/03/2011) |
| 03/03/2011 | | Set Deadlines: Rule 26 Meeting Report due by 3/17/2011 (Ghilardi, K.) (Entered: 03/03/2011) |
| 03/07/2011 | 17 | MOTION to Stay *Proceedings* by Viad Corp.Responses due by 3/28/2011 (Lynch, Christopher) (Entered: 03/07/2011) |
| 03/08/2011 | 18 | ORDER granting 17 Motion to Stay Proceedings pending transfer. Parties shall file a joint status report no later than April 18, 2011. Signed by Judge Mark R. Kravitz on 3/8/2011. (Hamilton, S.) (Entered: 03/08/2011) |
| 03/08/2011 | 19 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corp (Misiura, Bryna) (Entered: 03/08/2011) |
| 03/08/2011 | 20 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corp (Simons, Michael) (Entered: 03/08/2011) |
| 03/08/2011 | 21 | ANSWER to Complaint (Notice of Removal) *Affirmative Defenses*, CROSSCLAIM against Elliott Turbomachinery Co, Inc, Viad Corp by Air & Liquid Systems Corp.(Simons, Michael) (Entered: 03/08/2011) |
| 03/08/2011 | 22 | MOTION for Joinder re 1 Notice of Removal filed by Viad Corp, C. H. Wheeler by Air & Liquid Systems Corp. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service) (Simons, Michael) (Entered: 03/08/2011) |
| 03/08/2011 | 23 | Corporate Disclosure Statement by Air & Liquid Systems Corp identifying Corporate Parent Buffalo Pumps, Inc for Air & Liquid Systems Corp. (Simons, Michael) (Entered: 03/08/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/08/2011 15:57:38 | | | |
| **PACER Login:** | lr0070 | **Client Code:** | 09000.0001/2112 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-00061-MRK |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

**SUMMONS**
**CIVIL (except family actions)**
JD-CV-1
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a
52-48, 52-259
PR. BK. 49, 63, 66

**SUPERIOR COURT**

☒X☒ ONE OF THE
FOLLOWING
Amount, legal interest or pro-
perty in demand, exclusive of
interest and costs is

☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more
(☒X☒☒ if applicable)
☐ Claiming other relief in addi-
tion to or in lieu of money
damages.

**INSTRUCTIONS**

1. Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint.  Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the com-plaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought.  See Practice Book Section 49 for other exceptions.

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable)(Gen. Stat. 51-349) | RETURN DATE (Mo., day, yr) |
|---|---|---|
| ☐ HOUSING SESSION   ☐ G.A. | Bridgeport | 01.04.11 |

| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., st., town & zip code) | CASE TYPE(From Judic. Dept. case type list-see back) |
|---|---|
| 1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | Major  T          Minor  20 |

| PARTIES | NOTE: Individual's Names:      NAME AND ADDRESS OF EACH PARTY<br>Last, First, Middle Initial      (No., street, town & zip code) | PTY NO |
|---|---|---|
| | ☒ Form JD-CV-2 attached | |
| FIRST NAMED<br>PLAINTIFF ☐ | Girtman, Gerald, 13801 Highway 25,  Eastlake Weir, FL 32133-0125 | 01 |
| Additional<br>Plaintiff | Girtman, Linda, 13801 Highway 25,  Eastlake Weir, FL 32133-0125 | 02 |
| FIRST NAMED<br>DEFENDANT ☐ | Air & Fluid Corporation as successor to merger to Buffalo Pumps, Inc., CT Corporation System, 111 Eighth Avenue, New York, NY 10011 | 50 |
| Additional<br>Defendant | Elliott Turbomachinery Co., Inc., 901 North Fourth Street, Jeannette, PA 15644-1473 | 51 |
| Additional<br>Defendant | Viad Corp. f/k/a The Dial Corp., individually and as successor in interest to Griscom Russell & C.H. Wheeler, CT Corporation System, One Commercial Plaza, Hartford, CT 06106 | 52 |
| Additional<br>Defendant | | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ☒Appearance☒ form on time, a judgment may be entered against you by default.

6. The Appearance☒ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly.  The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>12.14.10 | SIGNED | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Christopher Meisenkothen, Esq. |
|---|---|---|---|

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code)<br>Early, Ludwick & Sweeney, LLC., 265 Church St., 11th Flr., New Haven, CT, 06510 | TELEPHONE NO.<br>203-777-7799 | JURIS NO. (If atty. or law firm)<br>409080 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code)<br>Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| NO. PLFS.<br>2 | NO. DEFS.<br>4 | NO. CNTS.<br>3 | SIGNED (Official taking recognizance, ☒x☒ proper box) | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

**IF THIS SUMMONS IS SIGNED by a CLERK:**

a. The signing has been done so that the Plain-tiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner pro-vided by law.
c. The Clerk is not permitted to give any legal

advice in connection with any lawsuit.

d. The Clerk signing this Summons at the re-quest of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

I hereby certify I have read and understand the above.

| | SIGNED (Pro se plaintiff) | DATE SIGNED | |
|---|---|---|---|

TRUE COPY
ATTEST

T. JERRY JULIANO
STATE MARSHAL
NEW HAVEN COUNTY
AN INDIFFERENT PERSON

DOCKET NO.

**SUMMONS, Civil**

| BRIDGEPORT ASBESTOS LITIGATION |
| --- |

| | |
| --- | --- |
| RETURN DATE: JANUARY 4, 2011 | : SUPERIOR COURT |
| | : |
| GERALD GIRTMAN & LINDA GIRTMAN | : J. D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| AIR & FLUIDS CORPORATION, as successor to merger to Buffalo Pumps, | : |
| ELLIOTT TURBOMACHINERY CO., INC., | : |
| VIAD, individually and as successor to Griscom-Russell and CH Wheeler | : |
| | : DECEMBER 14, 2010 |

## COMPLAINT

### COUNT I

1.  The plaintiff, GERALD GIRTMAN, is a citizen of the State of Florida and resides at 13801 Highway 25, Eastlake Weir, FL.

2.  The plaintiff, LINDA GIRTMAN, is a citizen of the State of Florida and resides at 13801 Highway 25, Eastlake Weir, FL.

2a.  The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Connecticut defendant. Removal is improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. The plaintiff was exposed to various asbestos containing products while working in the U.S. Navy from 1964-1979. Plaintiff was also exposed to asbestos containing products while doing home repairs and improvements during the same time frame. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites in Connecticut where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and

materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8.  At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with and breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9.  At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10.  At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11.  The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

     (a)     Said asbestos-containing products were unreasonably defective in one or more of the following ways:

          1.     in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

          2.     in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

3.      in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)      The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)      The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12.  As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers.  The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13.  The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14.  As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15.  As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16.  As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

    (a)    failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

(b)   failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)   failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)   supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)   supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)   failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)   failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)   failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)   failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)   generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.   The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, GERALD GIRTMAN, claims damages.

<u>COUNT II</u>

(As to Plaintiff LINDA GIRTMAN and all Defendants)

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, LINDA GIRTMAN, claims damages.

<u>COUNT IV</u>

1.-29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

30.    The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31.    The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

32.    The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

33.     Notwithstanding that the defendants possess the foregoing information, the

defendants committed some or all of the wrongful acts and/or omissions described and alleged in

paragraph 10 of the First Count.

34.     Said acts and omissions thus constitute misconduct that is grossly negligent, willful,

wanton, malicious and/or outrageous.

WHEREFORE Plaintiffs GERALD GIRTMAN and LINDA GIRTMAN demand judgment

and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other

further relief this Honorable Court deems right and just.

THE PLAINTIFFS


BY: _____ s/ 471342 _____
              Christopher Meisenkothen, Esq.
              EARLY, LUDWICK & SWEENEY, L.L.C.
              One Century Tower, 11th Floor
              265 Church Street P.O. Box 1866
              New Haven, CT 06508-1866
              (203) 777-7799
              Juris No. 409080
              Their attorneys

RETURN DATE:  JANUARY 4, 2011                    : SUPERIOR COURT
                                                 :
GERALD GIRTMAN & LINDA GIRTMAN                   : J. D. OF FAIRFIELD
                                                 :
VS.                                              : AT BRIDGEPORT
                                                 :
AIR & FLUIDS CORPORATION, ET AL                  : DECEMBER 14, 2010


     WHEREFORE, the plaintiffs, GERALD GIRTMAN & LINDA GIRTMAN, claim as to the defendants:

    1.  Full, fair and just money damages;

    2.  Punitive and exemplary damages, including attorney's fees;

    3.  Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

    4.  Costs of this action.

              THE PLAINTIFFS


              BY: _____s/ 471342_____
                  Christopher Meisenkothen, Esq.
                  Early Ludwick & Sweeney, LLC
                  One Century Tower, 11th Floor
                  265 Church Street P.O. Box 1866
                  New Haven, CT 06508-1866
                  (203) 777-7799
                  Juris No. 409080
                  Their Attorneys

RETURN DATE:  JANUARY 4, 2011          : SUPERIOR COURT

                                              :

GERALD GIRTMAN & LINDA GIRTMAN    : J. D. OF FAIRFIELD

                                              :

VS.                                      : AT BRIDGEPORT

                                            :

AIR & FLUIDS CORPORATION, ET AL    : DECEMBER 14, 2010

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFFS


BY: _____ s/ 471342 _____
          Christopher Meisenkothen, Esq.
          Early Ludwick & Sweeney, LLC
          One Century Tower, 11th Floor
          265 Church Street
          P.O. Box 1866
          New Haven, CT  06508-1866
          (203) 777-7799
          Juris No. 409080
          Their Attorneys