BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |
| MARVIN EISENBERG and LORRAINE EISENBERG, | |
| Plaintiffs, | |
| | CIVIL ACTION NO. |
| - against - | 1:11-cv-00393 |
| | Southern District of New York |
| AMERICAN OPTICAL CORPORATION, et al., | Judge John F. Keenan |
| Defendants. | |

## LORILLARD TOBACCO COMPANY'S AND HOLLINGSWORTH & VOSE COMPANY'S JOINT OPPOSITION TO PLAINTIFFS' MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER

Defendants Lorillard Tobacco Company ("Lorillard") and Hollingsworth & Vose Company ("H&V") (collectively "Defendants") respectfully submit this opposition to Plaintiffs' Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court.

Plaintiffs' motion should be denied because, pursuant to Panel Rule 2.1(d), the transferor court has jurisdiction to rule on Plaintiffs' remand motion so long as the Conditional Transfer Order is pending. In fact, given the current posture of this case, the transferor court may well rule on the motion to remand before the Panel finalizes transfer of this action to the MDL. Thus, vacating the CTO would serve no purpose other than to needlessly delay pretrial discovery by requiring Defendants to refile a Notice of Tag-Along Action when Plaintiffs' motion to remand is denied. Plaintiffs' motion for an order vacating the Conditional Transfer Order should be denied.

## ARGUMENT

### POINT I

### VACATUR OF THE CTO IS NOT NECESSARY IN ORDER FOR THE TRANSFEROR COURT TO RULE ON PLAINTIFFS' MOTION TO REMAND

On January 28, 2011, the Panel issued CTO-357 which provides for the transfer of Plaintiffs' case to MDL No. 875.  Plaintiffs now urge the Panel to vacate that conditional transfer order so that the United States District Court for the Southern District of New York may rule on Plaintiffs' motion to remand.  The pendency of a conditional transfer order, however, does not limit the pretrial jurisdiction of the federal district court in which the subject action is pending. Panel Rule 2.1 makes provides:

> The pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.

Panel Rule 2.1(d).  Thus, as the Panel has stated on multiple occasions, there is no need to delay transfer in order to permit the resolution of a motion for remand to state court.  See In re: Asbestos Products Liability Litig. (No. VI), Kwang Scanlon v. Asbestos Cos., C.D. California, C.A. No. 2:10-7264 (MDL No. 875) [doc. no. 6694], filed 2/03/11.  As the Panel observed in Scanlon, "Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so."  See id. at 1.

This is precisely the factual scenario here.  Plaintiffs' remand motion will be fully submitted on March 15, 2011, the same time as this motion to vacate the CTO, and by the time this Panel rules, Plaintiffs' remand motion may well have been decided.  Indeed, as Plaintiffs' point out, Judge Keenan has promised to render a prompt decision on the remand motion.  See Plaintiffs' Brief in Support at ¶ 17.  Thus, it is not necessary to vacate the Conditional Transfer

Order in order to resolve Plaintiffs' motion for remand.[1]  Plaintiffs' motion for an order vacating the CTO should be denied.

## POINT II

### PLAINTIFFS ARE UNLIKELY TO PREVAIL ON THEIR MOTION TO REMAND

> A.     **Removal was Proper; Plaintiffs Have No Viable Causes of Action Against Any Other Defendants.**

Plaintiffs claim that they are likely to prevail on their motion to remand because Defendants cannot meet their burden of establishing fraudulent joinder.  Plaintiffs allege that they have viable causes of action against two defendants other than Lorillard and H&V. Plaintiffs' Brief in Support at ¶ 8. The claim is specious.

Indeed, in the next breath, Plaintiffs argue that their interrogatory responses "unequivocally established" that Dr. Eisenberg's sole source of asbestos exposure was from Lorillard and H&V's product. Id.  Assuming the truth of their own statements, Plaintiffs cannot possibly have an actionable claim against any other defendant.  Yet, continuing on this incredible path, Plaintiffs then assert that they "will likely reach a settlement with Rapid American Corporation."  Plaintiffs' Brief in Support at ¶ 23.  Even if Rapid American has, for whatever reason, left open the possibility that it will settle with Plaintiffs, it does not mean that Plaintiffs have a viable legal claim against Rapid American.

Plaintiffs further state that they have "a viable cause of action sounding in conspiracy against Metropolitan Life Insurance Company," Id.  This is another specious and erroneous claim.  New York law, however, does not recognize an independent tort of civil conspiracy.

---

[1]     Plaintiffs' reliance on Vasura v. ACandS, et al., 84 F. Supp. 2d 531 (S.D.N.Y. 2000) for the proposition that there is "precedent for vacating the CTO pending a determination of a transferor court on remand" is misplaced. See Plaintiffs' Brief in Support at ¶ 29.  In Vasura, it appears the Panel vacated a transfer order after it had become final, not a conditional transfer order.  Indeed, under Rule 2.1(d), as discussed above, it would have been unnecessary for the Panel to vacate a conditional transfer order.

<u>Musalli Factory for Gold & Jewellry v. JP Morgan Chase Bank</u>, 261 F.R.D. 13, 26 (S.D.N.Y. 2009); <u>Thome v. Alexander & Louisa Calder Found.</u>, 70 A.D.3d 88, 110, 890 N.Y.S.2d 16 (1st Dep't 2009).  Under New York law, Plaintiffs simply have no claim against MetLife.

**B.      Defendants' Removal Was Not Procedurally Defective.**

Plaintiffs further argue that they will succeed on their remand motion because Defendants' removal was procedurally defective.  According to Plaintiffs, Defendants should have removed this case within 30 days of receipt of Plaintiffs' interrogatory responses, which, as Plaintiffs see it, "unequivocally established" that the sole source of Dr. Eisenberg's asbestos exposure was from Defendants' product and, therefore, the basis for removal was clearly ascertainable.  Plaintiffs' Brief in Support at ¶ 8.  Again, the claim is demonstrably incorrect.

On the same day Plaintiffs served their interrogatory responses, December 9, 2010, they also filed a Second Amended Verified Complaint in this case.  This amended pleading <u>added</u> Rapid American Corporation as a defendant and alleged that "at all relevant times," Rapid American "engaged in the sale and distribution of materials and products containing the substance asbestos."  <u>See</u> Second Amended Verified Complaint at ¶ 5.[2]  Apparently, what should have been crystal clear to defendants was not crystal clear to Plaintiffs themselves.

Under 28 U.S.C. §1446(b), a notice of removal must be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or "other paper from which it may first be ascertained that the case is one which is or has become removable."  But Plaintiffs' interrogatory responses could not possibly serve as the "other paper" referred to in section 1446(b) unless Defendants completely ignored the allegations in Plaintiffs' Second Amended Complaint.  As noted above, this pleading was filed the very same day as Plaintiffs'

---

[2]      For the Panel's convenience, a copy of the Second Amended Verified Complaint is attached hereto as Exhibit A.

interrogatory responses, and it was not clear from the allegations in the Second Amended Complaint that Rapid American was a diverse defendant or that Plaintiff had no claim against it.

It was not until Dr. Eisenberg's deposition on December 21, 2010, where he failed to implicate Rapid American as the source of any asbestos exposure and confirmed that his only asbestos exposure was to Lorillard and H&V's product, that it became apparent Plaintiffs had no viable claim against any other defendant, including Rapid American.  Thus, at that point, the basis for removal – diversity jurisdiction based upon the fraudulent joinder of any non-diverse defendants – was first ascertainable.  Defendants' notice of removal was timely filed on January 19, 2011, within thirty days of Dr. Eisenberg's deposition.   Therefore, the district court is unlikely to find any procedural defect in Defendants' notice of removal.

## POINT III

### PLAINTIFFS WILL SUFFER NO PREJUDICE BY THE CONDITIONAL TRANSFER ORDER

Plaintiffs assert that they have "an expectation of a trial date in April 2011."[3]  Plaintiffs' Brief in Support at ¶ 6.  Plaintiffs further allege that "[u]nless the CTO is vacated, Dr. Eisenberg will most likely die prior to receiving his day in court."  Brief in Support at ¶ 18.  But vacating the CTO will not automatically result in the remand of this case to state court.  Plaintiffs' motion to remand must be heard and ruled upon, and as long as the CTO is pending, Plaintiffs' motion to remand may be heard and ruled upon by the district court.  In fact, Plaintiffs' remand motion will

---

[3]   Plaintiffs' "expectation" of an April 2011 trial date may not be grounded in the reality of practice in New York City Asbestos Litigation.  According to the NYCAL April 2011 In Extremis Trial Cluster and Discovery Schedule (attached to Plaintiffs' Brief in Support as Exhibit C [doc. no. 6735-5]), a total of 89 cases have been designated as comprising the April 2011 in extremis trial cluster.  It is unlikely that all 89 cases, or indeed any of them, are assured of an April 2011 trial date.  Rather, Plaintiffs' case, along with the others, will be sent to a trial judge sometime in April.  Following that, the parties can expect an initial scheduling conference with the judge in May, but it is highly unlikely that a trial will actually begin until after Labor Day.

be fully submitted at the same time as this motion to vacate, and as noted by Plaintiffs several times in their brief in support, Judge Keenan has indicated that he will rule promptly.

Plaintiffs' argue that it makes little sense to "burden the MDL" when "a decision on remand is expected shortly." Brief in Support at ¶ 26. However, it is because a decision on the motion to remand is expected shortly that the Panel should decline to vacate the CTO. As Plaintiffs acknowledge, if the district court grants remand, it will render Plaintiffs' motion to vacate the CTO moot. Id. This is precisely what happened in the case cited by Plaintiffs, Pantalone v. Aurora Pump Co., 576 F. Supp. 2d 325, 335 (D. Conn. 2008).

If the Panel vacates the CTO, however, and the district court then denies Plaintiffs' motion to remand, it will only unnecessarily delay this case and the commencement of discovery in the MDL by forcing Defendants to re-file their Notice of Tag-Along Action.

## CONCLUSION

There is no need to vacate the conditional transfer order in this case so that the district court may rule on Plaintiffs' remand motion. The district court is fully empowered to rule on Plaintiffs' motion so long as the conditional transfer order is pending, and Judge Keenan has promised to make his ruling promptly. For the foregoing reasons, Lorillard and H&V respectfully urge this Court to deny Plaintiffs' Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By_____/s/ Robert J. Kirshenberg_____
         Robert J. Kirshenberg (RK-1034)

MetLife Building
200 Park Avenue
New York, New York 10166
Phone:  (212) 801-9200
Fax:     (212) 801-6400
KirshenbergR@gtlaw.com

Attorneys for Defendant
Lorillard Tobacco Company

                    and

WESTERMAN BALL EDERER MILLER
& SHARFSTEIN, LLP

By_____/s/ William E. Vita_____
         William E. Vita (WV-1859)

1201 RXR Plaza
Uniondale, NY  11556
Phone: (516) 622-9200
Fax:     (516) 622-9212
wvita@westermanllp.com

Attorneys for Defendant
Hollingsworth & Vose Company