# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:11-cv-01282-MLC -LHG

1.

HALEY v. AIR & LIQUID SYSTEMS CORPORATION et al

Assigned to: Judge Mary L. Cooper

Referred to: Magistrate Judge Lois H. Goodman

Date Filed: 03/07/2011

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Federal Question

Case in other court: SUPERIOR COURT OF NEW JERSEY, MIDDLESEX COUNTY, L737-11AS

Cause: 28:1441 Notice of Removal

**Plaintiff**

**MARGARET HALEY**                 represented by **WILLIAM L. KUZMIN**
                                    COHEN, PLACITELLA & ROTH, P.C.
                                    127 MAPLE AVENUE
                                    RED BANK, NJ 07701
                                    731 747-9003
                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AIR & LIQUID SYSTEMS CORPORATION**
*SUED AS SUCCESSOR-BY-MERGER TO BUFFALO PUMPS, INC.*

**Defendant**

**CARRIER CORPORATION**

**Defendant**

**CLEAVER-BROOKS, INC.**
*formerly known as*
AQUA-CHEM, INC.
*doing business as*
CLEAVER-BROOKS DIVISION
(sued individually and as successor-in-interest to DAVIS ENGINEERING
COMPANY)

**Defendant**

**FOSTER WHEELER ENERGY**          represented by **CHRISTOPHER J. KEALE**
**CORPORATION**                     SEDGWICK, DETERT, MORAN, &
                                    ARNOLD, LLP
                                    THREE GATEWAY CENTER
                                    12TH FLOOR
                                    NEWARK, NJ 07102
                                    (973) 242-0002
                                    Email: christopher.keale@sdma.com
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**VIAD CORPORATION**
*formerly known as*
THE DIAL CORPORATION (sued
individually and as successor-in-interest to GRISCOM-RUSSELL
COMPANY)

**Defendant**

**JOHN DOE 1 THROUGH JOHN
DOE 75**
*FICTITIOUS*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2011 | **1** | NOTICE OF REMOVAL by FOSTER WHEELER ENERGY CORPORATION from SUPERIOR COURT OF NEW JERSEY, MIDDLESEX COUNTY, LAW DIVISION, case number L737-11AS. (Filing fee $350, Receipt No. 0312-3602557) (Attachments: # **1** Exhibit A, # **2** Exhibit B, # **3** Exhibit C, # **4** Exhibit D, # **5** Exhibit E, # **6** Exhibit F, # **7** Exhibit G, # **8** Exhibit H, # **9** Exhibit I, # **10** Exhibit J, # **11** Exhibit K, # **12** Exhibit L, # **13** Notice of Notice of Removal, # **14** Notice of Notice of Removal (to adverse party), # **15** Service List, # **16** Civil Cover Sheet, # **17** Certificate of Service)(gxh) (Entered: 03/08/2011) |
| 03/07/2011 | **2** | Corporate Disclosure Statement by FOSTER WHEELER ENERGY CORPORATION identifying FOSTER WHEELER AG as Corporate Parent.. (gxh) (Entered: 03/08/2011) |
| 03/09/2011 | **3** | ORDER SCHEDULING CONFERENCE: Initial Conference set for 4/18/2011 at 02:00 PM in Trenton - Courtroom 6E before Magistrate Judge Tonianne J. Bongiovanni. Signed by Magistrate Judge Tonianne J. Bongiovanni on 3/9/2011. (gxh) (Entered: 03/09/2011) |
| 03/09/2011 | | Magistrate Judge Lois H. Goodman added. Magistrate Judge Tonianne J. Bongiovanni no longer assigned to case. (dd, ) (Entered: 03/09/2011) |
| 03/09/2011 | 4 | The rule 16 conference scheduled for April 18, 2011 before Magistrate Judge Tonianne J. Bongiovanni is ADJOURNED with no new date.(mm) (Entered: 03/09/2011) |

# PACER Service Center

## Transaction Receipt

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

03/10/2011 08:46:24

| **PACER Login:** | jp0001 | **Client Code:** |  |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-01282-MLC -LHG Start date: 1/1/1970 End date: 3/10/2011 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |
|  |  |  |  |
|  |  |  |  |

RECEIVED & FILED

2011 JAN 26  A 10 51

MASS TORT CENTRAL
MIDDLESEX VICINAGE

Cohen, Placitella & Roth, P.C.
127 Maple Avenue
Red Bank, NJ  07701
(732) 747-9003
Attorneys for Plaintiff

| | |
|---|---|
| **MARGARET HALEY,**<br><br>                    Plaintiff,<br><br>          vs.<br><br>**AIR & LIQUID SYSTEMS CORPORATION** *(sued as successor-by-merger to BUFFALO PUMPS, INC.)* **CARRIER CORPORATION; CLEAVER-BROOKS, INC.** *f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION:* (sued individually and as successor-in-interest to *DAVIS ENGINEERING COMPANY*); **FOSTER WHEELER ENERGY CORPORATION; VIAD CORPORATION** *f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY*); **JOHN DOE 1** through : **JOHN DOE 75** (fictitious),<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-MIDDLESEX COUNTY<br><br>DOCKET NO.  L-737-11AS<br><br><br>ASBESETOS LITIGATION<br><br>CIVIL ACTION<br><br><br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff, MARGARET HALEY, by way of her Complaint against Defendants herein, says:

## PARTIES – PLAINTIFF

1.    Plaintiff, MARGARET HALEY, resides at 4910 Lavaca Dr., Corpus Christi, TX 78411. Plaintiff MARGARET HALEY was exposed to dust from asbestos and asbestos-containing products and as a result, she has contracted lung cancer.

2.    Plaintiff MARGARET HALEY experienced bystander exposure to asbestos through her late husband, Bennie Haley, as a result of direct contact with him and through laundering his clothing. Bennie Haley experienced occupational exposure to asbestos while serving in the United States Navy from 1964-1965 while aboard the USS Richmond K. Turner (CG-20) in Camden, NJ where he served as a Boiler Operator. She was exposed through her husband to asbestos-containing products including, but not limited to, asbestos-containing insulation, gaskets and packing materials on valves, equipment and machinery. The dust from Defendants' asbestos, asbestos-containing products and asbestos-laden equipment permeated Bennie Haley's person, as well as his clothing. As a direct result of her contact with asbestos from Defendant's products and/or equipment, Plaintiff MARGARET HALEY contracted lung cancer.

3.    Plaintiff MARGARET HALEY experienced bystander exposure to asbestos from approximately 1964 to 1980 through her late husband, Bennie Haley, as a result of direct contact with him and through laundering his clothing. Bennie Haley was employed as a Boiler Operator in the U.S. Navy and worked on the USS Richmond K. Turner (CG-20) in Camden, NJ, from

-2-

approximately 1964 to 1965. As a direct result of her contact with asbestos from Defendants' products and/or equipment, Plaintiff MARGARET HALEY contracted lung cancer.

4.      Plaintiff MARGARET HALEY experienced exposure to asbestos through her late husband, Bennie Haley, who performed personal brake jobs at their personal residences in Texas. Plaintiff laundered Mr. Haley's dusty clothes and breathed the dust.

5.      Plaintiff MARGARET HALEY experienced exposure to asbestos while construction was being done to her personal residences from 1956 to 1960, intermittently.

6.      Reference herein to "Plaintiff" is reference to all the persons set forth above as is syntactically and contextually correct.

## PARTIES – DEFENDANTS

1.      Defendant AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.), is a corporation, and at all relevant times, was doing business in the State of New Jersey.

2.      Defendant CARRIER CORPORATION, is a corporation, and at all relevant times, was doing business in the State of New Jersey.

3.      Defendant CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION (sued individually and as successor-in-interest to DAVIS ENGINEERING COMPANY) is a corporation, and at all relevant times, was doing business in the State of New Jersey.

4.      Defendant FOSTER WHEELER ENERGY CORPORATION is a corporation, and at all relevant times, was doing business in the State of New Jersey.

-3-

5.      Defendant VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) is a corporation, and at all relevant times, was doing business in the State of New Jersey.

6.      John Doe 1 through John Doe 50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who mined, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which Plaintiff used or was exposed to.

7.      John Doe 51 through John Doe 75 are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the  conduct or liability of those who mined, milled, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which Plaintiff used, or to which Plaintiff was exposed.

8.      The term "Defendants" is used hereafter to refer to all the entities named above.

9.      Defendants do business in Middlesex County, New Jersey.

10.     Plaintiff hereby disclaims any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiff disclaims any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution. Plaintiff also disclaims any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency. Finally, to the extent that Plaintiff was exposed to asbestos aboard a vessel of the United States

-4-

Navy, Plaintiff's product liability claims are based solely on the failure to warn, and not on any defect in design.

## FIRST COUNT

1.  Plaintiff repeats the prior allegations of this Complaint.

2.  Defendants, at all times material hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of Defendants.

3.  Defendants were engaged, directly or indirectly, in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing or installing of asbestos containing products and raw asbestos fiber of various kinds and grades, or products, including equipment, which Defendants knew or should have foreseen would be used with asbestos containing products and/or raw asbestos fiber (hereinafter collectively referred to as "asbestos products").

4.  Defendants, directly or indirectly, caused their asbestos products to be sold to or used by Plaintiff, MARGARET HALEY's late husband, BENNIE HALEY, at his place of employment and/or in his personal capacity.

5.  Defendants knew or should have known that Plaintiff was continuously working with and/or exposed to asbestos fibers and asbestos dust, which were mined, manufactured, processed, imported, converted, compounded, and/or sold by these Defendants for use by Plaintiff's employer(s).

6.  Plaintiff, MARGARET HALEY's late husband, BENNIE HALEY, during his service as a Boiler Operator performed all kinds of maintenance work in the engine rooms

–5–

onboard various ships where he was exposed to asbestos-containing products, including but not limited to asbestos-containing insulation, gaskets and packing. This exposure occurred during the course of his work with engines, pumps, purifiers, blowers, heaters, feed tanks, boilers, coolers, condensers, boiler gauge glasses, distilling plants, steam traps and valves, among others.

7.      In the course of performing the aforementioned work, Plaintiff was exposed to and came in contact with Defendants' asbestos, asbestos-containing products and/or asbestos-laden equipment.

8.      As a direct and proximate result of her inhalation and ingestion of dust particles and fibers from Defendants' asbestos products, Plaintiff developed permanent and disabling personal injuries.

9.      During the time that Defendants mined, milled, produced, processed, compounded, converted, sold, merchandised, distributed, supplied and installed their asbestos products, Defendants knew, or in the exercise of reasonable care should have known, that their asbestos products were defective, ultra-hazardous, dangerous and otherwise highly harmful to Plaintiff.

10.     Defendants knew, or in the exercise of reasonable care should have known, that the use of their asbestos products would cause asbestos dust and fibers to be released into the air and would create dangerous and unreasonable risk of injury to the lungs, respiratory systems, larynx, stomach and other bodily organs of users of their products and to others breathing that air and coming into contact with that dust.

-6-

11.    Plaintiff did not know the nature and extent of the injury that would result from contact with and exposure to Defendants' asbestos products or from the inhalation or ingestion of the asbestos dust and fibers.

12.    Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff, MARGARET HALEY, would come into contact with and be exposed to their asbestos products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of Defendants' asbestos products.

13.    Despite the facts as set forth above, Defendants negligently, recklessly and intentionally:

(a)    processed, manufactured, packaged, distributed, used, delivered, and/or sold to Plaintiff's employers and worksites, asbestos products for use by its workers, including, in particular, Plaintiff.

(b)    processed, manufactured, packaged, distributed, used, delivered, and/or sold to Plaintiff's late husband, Bennie Haley, directly, asbestos products for use by Plaintiff's late husband, Bennie Haley, in the course of his automotive maintenance and repair work.

(c)    mined, milled, produced, processed, compounded, converted, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce asbestos products which Defendants knew or in the exercise of reasonable care should have known, were defective, dangerous, ultrahazardous and otherwise unreasonably harmful to Plaintiff;

-7-

(d)     failed to render proper, adequate, and correct warnings and labels, advice, instructions, and information as to the use of and exposure to asbestos, its fibers and dusts, and failed to use reasonable care as to the same.

(e)     failed to take reasonable precautions or exercise reasonable care to warn Plaintiff adequately of the risks, dangers and harm to which Plaintiff, MARGARET HALEY, would be exposed by exposure to, contact with, use and handling of Defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(f)     failed to provide proper and appropriate warnings and cautions to all users and bystanders of said asbestos products, fibers, and dusts, both actual or foreseeable, including Plaintiff;

(g)     failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, proper equipment and appliances necessary to protect Plaintiff, MARGARET HALEY, from being injured, poisoned, disabled, killed, or otherwise harmed by working with, using, handling, coming into contact with, and being exposed to Defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(h)     failed to package their asbestos products in manner that would ensure that Plaintiff, MARGARET HALEY would not come into contact with or be exposed

-8-

to the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(i)  failed to advise Plaintiff, MARGARET HALEY of the necessity to adopt and enforce a safe, sufficient and proper method and plan of working with, using, handling, coming into contact with and being exposed to Defendants' asbestos products so that Plaintiff would not inhale or ingest the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(j)  ignored and suppressed medical and scientific information, studies, tests, data and literature which Defendants acquired during the course of their normal business activities concerning the risk of asbestosis, scarred lungs, cancer, mesothelioma, respiratory disorders, and other illnesses and diseases to individuals such as Plaintiff, MARGARET HALEY and other persons similarly situated, who were exposed to Defendants' asbestos products;

(k)  disregarded medical and scientific information, studies, tests, data and literature concerning the causal relationship between the inhalation or ingestion of asbestos dust and fibers, and such diseases as asbestosis, mesothelioma, scarred lungs, cancer, respiratory disorders and other illnesses and diseases;

(l)  failed to investigate, impose, and comply with reasonable standards and regulations as to the safe use of, and exposure to, asbestos, asbestos fibers, and asbestos dust.

(m)  exposed Plaintiff, MARGARET HALEY, and other persons similarly situated, to the risk of developing asbestosis, mesothelioma, scarred lungs, cancer and other

-9-

illnesses, all of which risks Defendants knew, or in the exercise of reasonable care should have known, were consequences of exposure to asbestos dust and fibers;

(n)    failed to seek substitute materials in lieu of the use of their asbestos;

(o)    failed to advise Plaintiff MARGARET HALEY, who Defendants knew, or in the exercise of reasonable care should have known, had been exposed to inhalation or ingestion of asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products to cease further uncontrolled or unprotected exposure to asbestos products and the inhalation or ingestion of asbestos dust and fibers and all other kinds of smoke, dusts, and fumes; to be examined by competent medical doctors to determine the nature and extent of any and all diseases caused by inhalation or ingestion of asbestos dust and fibers; and to receive medical care and treatment for such diseases; and

(p)    Defendants' otherwise acted negligently, recklessly and with intentional disregard for the welfare of Plaintiff, MARAGARET HALEY in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing, installing, or otherwise placing in the stream of commerce their asbestos products.

14.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiff, MARGARET HALEY, was exposed to and came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.  Plaintiff was caused to suffer severe, permanent and disabling personal injuries and to be placed at increased risk of developing other serious bodily

-10-

injury, has expended and will be caused to expend sums of money for medical care and treatment related thereto, has been prevented and will be prevented from pursuing her normal activities and employment, has experienced and will continue to experience severe pain and suffering and mental anguish, and has been and will continue to be deprived of her ordinary pursuits and enjoyments of life.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### SECOND COUNT

1.    Plaintiff repeats the prior allegations of this Complaint.

2.    Defendants expressly or impliedly warranted that their asbestos products, which they mined, milled, produced, compounded, converted, processed, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce were merchantable, reasonably fit for use, and safe for their intended purposes.

3.    Defendants breached said warranties in that their asbestos products were defective, ultrahazardous, dangerous, unfit for use, not merchantable, and not safe for their intended, ordinary and foreseeable use and purpose.

4.    As a direct and proximate result of Defendants' breach of warranties, Plaintiff, MARGARET HALEY, was exposed to and came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products. Plaintiff, MARGARET, was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

-11-

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### THIRD COUNT

1.    Plaintiff repeats the prior allegations of this Complaint.

2.    Defendants failed to disclose and intentionally and negligently misrepresented to Plaintiff MARGARET HALEY, the health risks created by the ordinary use of Defendants' asbestos products.

3.    Plaintiff MARGARET HALEY, relied upon said representations, and such reliance was foreseeable to Defendants.

4.    As a result of Defendants' conduct, Plaintiff, MARGARET HALEY, came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers from these products.  Plaintiff, MARGARET HALEY, was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### FOURTH COUNT

1.    Plaintiff repeats the prior allegations of this Complaint.

2.    Defendants are strictly liable to Plaintiff, MARGARET HALEY, by reason of the following:

-12-

(a)     Defendants were engaged in the business of being miners, millers, producers, processors, sellers, suppliers, installers and distributors of their asbestos products;

(b)     Defendants knew or had reason to know that Plaintiff, MARGARET HALEY's late husband Bennie Haley's employers and other persons similarly situated would be ultimate users or consumers or their asbestos products or would be exposed to their asbestos products;

(c)     Defendants sold or otherwise placed their asbestos products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff, MARGARET HALEY and other persons similarly situated;

(d)     throughout the many years that Plaintiff, MARGARET HALEY and other similarly situated persons were exposed to and used Defendants' asbestos products, said asbestos products reached the users and consumers without substantial change in the condition in which they were sold;

(e)     the ordinary and foreseeable use of Defendants' asbestos products constituted a dangerous and ultra-hazardous activity and created an unreasonable risk of injury to users and bystanders;

(f)     Defendants' asbestos products were defective in that they were incapable of being made safe for their ordinary and intended use and purpose, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions, about the risks, dangers and harm associated with the use of their asbestos products.

-13-

3.    As a consequence of the defective condition of Defendants' asbestos products, Plaintiff, MARGARET HALEY inhaled or ingested asbestos dust and fibers while providing domestic services such as laundering the clothing worn by her late husband Bennie Haley to various worksites.  Plaintiff, MARGARET HALEY was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

### FIFTH COUNT

1.    Plaintiff repeats the prior allegations of this Complaint.

2.    Defendants mined, milled, produced, processed, compounded, converted, sold, merchandised, supplied, distributed or installed all, or substantially all, of the asbestos products to which Plaintiff, MARGARET HALEY, was exposed.

3.    Defendants controlled the market, or a substantial portion of the market, from which the asbestos products which caused Plaintiff's injuries emanated.

4.    Defendants collectively, through explicit agreement, tacit agreement, and conscious parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of asbestos products and controlled the level of knowledge on the part of the public regarding the hazards of exposure to dust and fibers from Defendants' asbestos products.

5.    As a direct and proximate consequence of Defendants' acts and omissions, Plaintiff, MARGARET HALEY, was exposed to and came in contact with Defendants' asbestos

-14-

products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, in the alternative, or in proportion to Defendants' respective market shares, for compensatory damages, punitive damages and costs of suit.

### SIXTH COUNT

1.      Plaintiff repeat the prior allegations of this Complaint.

2.      Defendants acted in concert with each other and with other members of the asbestos industry, through express agreement, implicit agreement, imitative behavior and conscious parallel behavior;

(a)     to withhold from users of their products, and from persons who Defendants knew or should have known would be exposed to their products, information regarding the health risks of breathing or ingesting asbestos dust and fibers.

(b)     to eliminate or prevent development of adequate procedures and tests relating to the health hazards of exposure to asbestos fibers and dust.

(c)     to ensure that asbestos products became widely used in industries such as construction, shipbuilding, machine fabrication and similar such industries.

3.      Defendants knew that their activities were violative of common law standards of care and that their withholding of information, failure to develop tests and procedures, and promotion of widespread use of asbestos products would expose persons such as Plaintiff, MARGARET HALEY to unreasonable risk of bodily injury.

-15-

4.    Defendants nevertheless gave substantial assistance and encouragement to each other and to other members of the asbestos industry and assisted each other and other members of the asbestos industry in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to ensure that users of asbestos would not be subjected to risk of injury; and promoting widespread use of products which Defendants knew would expose Plaintiff, MARGARET HALEY, to unreasonable risk of bodily injury.

5.    As a direct and proximate consequence of the concerted actions of Defendants and other members of the asbestos industry, Plaintiff, MARGET HALEY, was exposed to and came in contact with Defendants' asbestos products and the asbestos products of others and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory dames, punitive damages and costs of suit as provided by law.

## SEVENTH COUNT

1.    Plaintiff repeats the prior allegations of this Complaint.

2.    The Defendants constitute all known, non-remote producers, manufacturers, suppliers, installers, and distributors of the asbestos products which could have caused Plaintiff, MARGARET HALEY's injuries.

3.    Each of the Defendants, whether acting individually or in concert with others, violated a duty of care owed to Plaintiff, MARGARET HALEY, or otherwise engaged in culpable activity against Plaintiff.  The acts and omissions of at least one of the Defendants

-16-

caused Plaintiff to sustain the injuries, losses and expenses alleged in prior counts of this complaint.

4.  Plaintiff in no respect can be blamed should she be unable to establish which of the asbestos products caused the injuries complained of herein.

5.  The burden of proof in this matter thus should shift to Defendants to demonstrate that their respective conduct and their respective products could not have caused Plaintiff's injuries, and, failing such proof, Defendants should be held jointly, severally or alternatively liable for Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## EIGHTH COUNT

1.  Plaintiff repeats the prior allegations of this Complaint.

2.  Defendants failed to warn Plaintiff, MARGARET HALEY, of the need to protect herself and avoid exposure to asbestos dust transported home on her husband's person and clothing.

3.  As a direct and proximate result of Defendants' tortuous actions, Plaintiff, MARGARET HALEY, was caused to suffer the injuries, expenses, and losses alleged in prior counts of this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory damages, punitive damages, and costs of suit.

-17-

**NINTH COUNT**

1.      Plaintiff repeats the prior allegations of this Complaint.

2.      Defendants failed to warn Plaintiff, MARGARET HALEY, of the need to protect

herself and to avoid exposure to asbestos dust.

3.      As a direct and proximate result of Defendants' tortuous actions, Plaintiff,

MARGARET HALEY, was caused to suffer the injuries, expenses, and losses alleged in prior

counts of this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in

the alternative, for compensatory damages, punitive damages, and costs of suit.

**TENTH COUNT**

1.      All of the allegations contained in the previous paragraphs are re-alleged herein.

2.      Defendants AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-

merger to BUFFALO PUMPS, INC.); CARRIER CORPORATION; CLEAVER-BROOKS,

INC. f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION (sued individually and

as successor-in-interest to DAVIS ENGINEERING COMPANY); FOSTER WHEELER

ENERGY CORPORATION; and VIAD CORPORATION f/k/a THE DIAL CORPORATION

(sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) are

hereinafter referred to as the Equipment Manufacturers. The Equipment Manufacturers are sued

only for their failure to warn of the hazards of asbestos exposure and are not being sued on any

other theory. This failure to warn renders the Equipment Manufacturers liable in both in

negligence and in strict products liability for a marketing defect. Any and all theories alleged

–18–

5.     The Equipment Manufacturers are or were engaged in the business of selling, manufacturing, producing, designing, and otherwise putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed or otherwise put into the stream of commerce, were a proximate and producing cause of the injuries of Plaintiff.

6.     The Equipment Manufacturers knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation of the asbestos-containing products or operation, maintenance, and repair of the machinery requiring or calling for the use of asbestos and asbestos-containing products.

7.     Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Equipment Manufacturers, which made them unsafe for purposes of manipulation or installation.  Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and asbestos-containing materials.

-20-

8.      During the periods that Plaintiff was exposed to the asbestos-containing products and machinery of the Equipment Manufacturers, these asbestos-containing products and machinery were being utilized in a manner, which was intended by the Equipment Manufacturers.

COHEN, PLACITELLA & ROTH, P.C.

Attorneys for Plaintiff

By: _____
William L. Kuzmin

Date: January 20, 2011

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher M. Placitella, Esq. is hereby designated as trial counsel in the within matter.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs

By: _____
William L. Kuzmin
For the Firm

Date: January 20, 2011

-21-

## CERTIFICATION

The undersigned certifies that to the best of my knowledge this matter is not the subject of any other legal or arbitration proceeding in the Courts of New Jersey. The undersigned further certifies that to my knowledge, no other persons should be party to this matter other than those named in this complaint.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs

By: _____
William L. Kuzmin
For the Firm

Date: January 20, 2011

–23–

Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|



## CIVIL CASE INFORMATION STATEMENT
### (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐CK ☐CG ☐CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| William L. Kuzmin, Esq. | (732) 747-9003 | Middlesex |

FIRM NAME (if applicable)
Cohen Placitella & Roth, P.C.

DOCKET NUMBER (When available)
L-737-11 AS

OFFICE ADDRESS
127 Maple Avenue
Red Bank, NJ 07701

DOCUMENT TYPE
Complaint

JURY DEMAND    ☒ YES    ☐ NO

NAME OF PARTY (e.g., John Doe, Plaintiff)
MARGARET HALEY,

CAPTION
MARGARET HALEY, plaintiff, vs. AIR & LIQUID SYSTEMS CORP., et al.,
defendants

CASE TYPE NUMBER
(See reverse side for listing)
601

IS THIS A PROFESSIONAL MALPRACTICE CASE?    ☐ YES    ☒ NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?
☐ YES    ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?    ☐YES    ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?    ☐YES    ☒NO

IF YES, IS THAT RELATIONSHIP    ☐ EMPLOYER-EMPLOYEE    ☐ FRIEND/NEIGHBOR    ☐ OTHER (explain)    ☐ FAMILIAL    ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?    ☐ YES    ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?    ☐YES    ☒ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED?    ☐YES    ☒ NO    IF YES, FOR WHAT LANGUAGE:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:

| SIDE 2 |  | CIVIL CASE INFORMATION STATEMENT (CIS) |
|---|---|---|
| | | Use for initial pleadings (not motions) under *Rule* 4:5-1 |

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| 151 | NAME CHANGE |
|---|---|
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**

| 305 | CONSTRUCTION |
|---|---|
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| 005 | CIVIL RIGHTS |
|---|---|
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
|---|---|
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Centrally Managed Litigation (Track IV)**

| 280 | Zelnorm |
|---|---|
| 285 | Stryker Trident Hip Implants |

**Mass Tort (Track IV)**

| 248 | CIBA GEIGY | 279 | GADOLINIUM |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE | 282 | FOSAMAX |
| 272 | BEXTRA/CELEBREX | 283 | DIGITEK |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 275 | ORTHO EVRA | 286 | LEVAQUIN |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:   ☐ Verbal Threshold   ☐ Putative Class Action   ☐ Title 59

Revised Effective 9/2009, CN 10517

| Attorney(s): Office Address & Tel. No.: | COHEN, PLACITELLA & ROTH, P.C. 127 Maple Avenue, Red Bank, NJ 07701 732-747-9003 |
|---|---|

10023506
2/11/11

| Attorney(s) for: | Plaintiff(s) |
|---|---|

SUPERIOR COURT OF NEW JERSEY

**MARGARET HALEY,**

MIDDLESEX    COUNTY

Plaintiff(s),

LAW    DIVISION

vs.

Docket No.:    **L-737-11 AS**

**AIR & LIQUID SYSTEMS CORP., ET AL.,**

Defendants.

*CIVIL ACTION*
**SUMMONS**

The State of New Jersey, to the Above Named Defendant(s):

**Foster Wheeler Corporation**
**Perryville Corporate Park**
**Clinton, NJ 08809-4002**

    **The plaintiff,** named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice complex, CN—971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk if the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*JENNIFER M. PÉREZ /S/*

JENNIFER M. PÉREZ
Clerk of the Superior Court

Dated: January 31, 2011

**Foster Wheeler Corporation**
**Perryville Corporate Park**
**Clinton, NJ 08809-4002**

*Name/Address of defendant to be served:*

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior
Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**MERCER COUNTY:**
Deputy Clerk of the Superior
Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box
8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**SALEM COUNTY:**
Deputy Clerk of the Superior
Court
92 Market Street, P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior
Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**SOMERSET COUNTY:**
Deputy Clerk of the Superior
Court
Civil Division office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First F., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box
129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior
Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**SUSSEX COUNTY:**
Deputy Clerk of the Superior
Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**CAMDEN COUNTY:**
Deputy Clerk of the superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records
Dept.
Brennan Court House - 1st Floor
Administration Building
583 Newark Avenue
Jersey City, NJ  07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**MORRIS COUNTY:**
Deputy Clerk of the Superior
Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**UNION COUNTY:**
Deputy Clerk of the Superior
Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**OCEAN COUNTY:**
Deputy Clerk of the Superior
Court
Civil Division
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**WARREN COUNTY:**
Deputy Clerk of the Superior
Court
Civil Division Office
Court House, 413 Second
Street
Belvidere, NJ 07823-1500
LAWYER SERVICE
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**PASSAIC COUNTY:**
Deputy Clerk of the Superior
Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

DATE DOCUMENT ACCEPTED: _____2- 7- 11_____                      ①

TIME DOCUMENT ACCEPTED: _____11:40 A M_____

DOCUMENT SERVED BY (NAME AND COMPANY): _____

*A-1 Messenger Service, Inc.*

_____

DOCUMENT SERVED AT (LOCATION): _____Dv I_____

DOCUMENT ACCEPTED BY: _____E. Ore Detob_____

**\*NOTE:  PLEASE KEEP ENVELOPES WITH ORIGINAL DOCUMENTS.**