CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION

2011 JAN 26  P 3: 26

SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  MICHAEL L. ARMITAGE, ESQ., CA Bar No. 152740
2  JOHN S. JANOFSKY, ESQ., CA Bar No. 74586
   BENNO ASHRAFI, ESQ., CA Bar No. 247623
3  Waters, Kraus & Paul
   222 N. Sepulveda Blvd., Suite 1900
4  El Segundo, CA 90245
   310-414-8146 Telephone
5  310-414-8156 Facsimile

6  **Attorneys for Plaintiffs**

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN DIEGO

10 **CARLOS C. STAPLETON and**          )   Case No. 37-2011-00084525-CU-AS-CTL
11 **CARLOTTA S. STAPLETON,**           )
                                        )   THIS ACTION CONSTITUTES COMPLEX
12                     Plaintiffs,      )   ASBESTOS LITIGATION – SUBJECT TO THE
                                        )   GENERAL ORDERS CONTAINED IN FILE
13            vs.                       )   NO. C 700000 – DEPT. 59
                                        )
14 **AIR & LIQUID SYSTEMS**             )
15 **CORPORATION** (*sued individually and as*  )
   *successor by merger to* BUFFALO PUMPS,  )   COMPLAINT FOR PERSONAL INJURY –
16 INC.);                               )   ASBESTOS (NEGLIGENCE; STRICT
   **ALFA LAVAL INC.** (*sued individually and*  )   LIABILITY; FALSE REPRESENTATION;
17 *as successor-in-interest to* DeLAVAL  )   INTENTIONAL TORT/INTENTIONAL
   SEPARATOR COMPANY);                  )   FAILURE TO WARN; PREMISES
18 **CAMPBELL INDUSTRIES** (*sued*       )   OWNER/CONTRACTOR LIABILITY; DESIGN
   *individually and as successor by merger to*  )   DEFECT; LOSS OF CONSORTIUM)
19 SAN DIEGO MARINE CONSTRUCTION  )
   CORPORATION);                        )
20 **CBS CORPORATION** (*f/k/a* VIACOM,  )
21 INC., *successor by merger with* CBS  )
   CORPORATION *f/k/a* WESTINGHOUSE  )
22 ELECTRIC CORPORATION and *as*        )
   *successor-in-interest to* BF STURTEVANT);  )
23 **CERTAINTEED CORPORATION;**         )
24 **CRANE CO.;**                       )
   **FRASER'S BOILER SERVICE, INC.;**   )
25 **FRYER-KNOWLES, INC.;**             )
   **FRYER-KNOWLES, INC., A**           )
26 WASHINGTON CORPORATION;              )
   **GENERAL ELECTRIC COMPANY;**        )
27 **GEORGIA-PACIFIC LLC** (*sued*       )
28 *individually and as successor-in-interest to*  )

1

1  BESTWALL GYPSUM COMPANY); )
2  **HILL BROTHERS CHEMICAL** )
   **COMPANY;** )
   **HONEYWELL INTERNATIONAL, INC.** )
3  (*sued individually and as successor-in-* )
   *interest to ALLIEDSIGNAL, INC., successor* )
4  *to BENDIX CORPORATION);* )
   **IMO INDUSTRIES INC.** (*sued individually* )
5  *and as successor-in-interest to DeLAVAL* )
   STEAM TURBINE COMPANY); )
6  **INGERSOLL-RAND COMPANY;** )
   **INTERNATIONAL PAPER COMPANY** )
7  (*sued individually and as successor-in-* )
   *interest to CHAMPION PAPER* )
8  CORPORATION); )
   **JOHN CRANE INC.;** )
9  **M. SLAYEN AND ASSOCIATES, INC.;** )
10 **PARKER-HANNIFIN CORPORATION** )
   (*sued individually and as successor-in-* )
11 *interest to SACOMA-SIERRA, INC.);* )
   **SYD CARPENTER, MARINE** )
12 **CONTRACTOR, INC.;** )
13 **THOMAS DEE ENGINEERING CO.,** )
   **INC.;** )
14 **TRIPLE A MACHINE SHOP, INC.,** *a/k/a* )
   TRIPLE A SOUTH; )
15 **UNION CARBIDE CORPORATION;** )
16 **WARREN PUMPS LLC;** )
   **YARWAY CORPORATION;** )
17 and **DOES 1-400 INCLUSIVE,** )
18                Defendants. )
                              )
19 _____ )

20                   <u>GENERAL ALLEGATIONS</u>

21     COME NOW Plaintiffs CARLOS C. STAPLETON and CARLOTTA S. STAPLETON

22 (hereinafter "Plaintiffs") and complains and allege as follows:

23     1.     The true names and capacities, whether individual, corporate, associate, governmental or

24 otherwise, of Defendants DOES 1 through 400, inclusive, are unknown to Plaintiffs at the time, who

25 therefore sues said Defendants by such fictitious names.  When the true names and capacities of said

26 Defendants have been ascertained, Plaintiffs will amend their complaint accordingly.  Plaintiffs are

27 informed and believe, and thereon allege, that each Defendant designated herein as a DOE is

28 responsible, negligently or in some other actionable manner, for the events and happenings hereinafter

                                        2

referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged

2.     At all times herein mentioned, each of the Defendants was the agent, servant, employe and/or joint venture of her co-Defendants, and each of them, and at all said times each Defendant wa acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiff are informed and believe, and thereon allege, that each defendant designated herein as a DOE i responsible, negligently or in some other actionable manner, for the events and happenings hereinafte referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged

3.     At all times herein mentioned, each of the defendants was the agent, servant, employe and/or joint venture of his co-defendants, and each of them, and at all said times each defendant wa acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiff are informed and believe, and thereon allege that at all times herein mentioned, Defendants **AIR &** **LIQUID SYSTEMS CORPORATION** (*sued individually and as successor by merger to* BUFFALO PUMPS, INC.); **ALFA LAVAL INC.** (*sued individually and as successor-in-interest to* DeLAVAI SEPARATOR COMPANY); **CAMPBELL INDUSTRIES** (*sued individually and as successor b merger to* SAN DIEGO MARINE CONSTRUCTION CORPORATION); **CBS CORPORATION** (*f/k/a* VIACOM, INC., *successor by merger with* CBS CORPORATION *f/k/a* WESTINGHOUSI ELECTRIC CORPORATION and *as successor-in-interest to* BF STURTEVANT); **CERTAINTEEI** **CORPORATION; CRANE CO.; FRASER'S BOILER SERVICE, INC.; FRYER-KNOWLES** **INC.; FRYER-KNOWLES, INC., A WASHINGTON CORPORATION; GENERAL ELECTRIC** **COMPANY; GEORGIA-PACIFIC LLC** (*sued individually and as successor-in-interest t* BESTWALL GYPSUM COMPANY); **HILL BROTHERS CHEMICAL COMPANY** **HONEYWELL INTERNATIONAL, INC.** (*sued individually and as successor-in-interest t* ALLIEDSIGNAL, INC., *successor to* BENDIX CORPORATION); **IMO INDUSTRIES, INC.** (*suec individually and as successor-in-interest to* DeLAVAL STEAM TURBINE COMPANY) **INGERSOLL-RAND COMPANY; INTERNATIONAL PAPER COMPANY** (*sued individually anc as successor-in-interest to* CHAMPION PAPER CORPORATION); **JOHN CRANE INC.; M** **SLAYEN AND ASSOCIATES, INC.; PARKER-HANNIFIN CORPORATION** (*sued individuall) and as successor-in-interest to* SACOMA-SIERRA, INC.); **SYD CARPENTER, MARINE**

3

1  CONTRACTOR, INC.; THOMAS DEE ENGINEERING CO., INC.; TRIPLE A MACHINE

2  SHOP, INC., *a/k/a* TRIPLE A SOUTH; UNION CARBIDE CORPORATION; WARREN PUMP

3  LLC; YARWAY CORPORATION; and DOES 1-400 INCLUSIVE, were individuals, corporations

4  partnerships and/or unincorporated associations organized and existing under and by virtue of the law

5  of the State of California, or the laws of some other state or foreign jurisdiction, and that said

6  Defendants, and each of them, were and are authorized to do and are doing business in the State of

7  California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of

8  them, were and are authorized to do and are doing business in the State of California, and that said

9  Defendants have regularly conducted business in the County of San Diego, State of California.

### FIRST CAUSE OF ACTION

(Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-400, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

4.     At all times herein mentioned, each of the named Defendants and DOES 1 through 400 was the successor, successor in business, successor in product line or a portion thereof, parent subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others packaging and advertising a certain substance, the generic name of which is asbestos, and other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and advertised a certain substance, the generic name of which is asbestos, and other products containing said asbestos. The following Defendants, and each of them, are liable for the acts of each

4

and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs remedy against each such "alternate entity"; Defendants, and each of them, have acquired the assets product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, hav caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendar has the ability to assume the risk-spreading role of each such "alternate entity"; and that each suc Defendant enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC.<br>BUFFALO FORGE COMPANY |
| ALFA LAVAL INC. | SHARPLES, INC.<br>ALFA-LAVAL SEPARATION, INC.<br>DeLAVAL SEPARATOR COMPANY |
| CBS CORPORATION | WESTINGHOUSE ELECTRIC CORPORATION<br>WESTINGHOUSE CREDIT<br>    CORPORATION<br>BF STURTEVANT<br>VIACOM INTERNATIONAL, INC.<br>VIACOM PLUS<br>CBS CORPORATION<br>CBS BROADCASTING INC. (fka CBS INC.)<br>BLOCKBUSTER INC.<br>VIACOM, INC.<br>WESTINGHOUSE PROCESS CONTROL |
| CERTAINTEED CORPORATION | KEASBY & MATTISON<br>GUSTIN BACON MANUFACTURING CO. |
| CRANE CO. | CRANE ENVIRONMENTAL<br>CRANE PUMPS AND SYSTEMS<br>VALVE SERVICES<br>CRANE VALVE GROUP<br>CRANE SUPPLY<br>CHAPMAN VALVE CO.<br>COCHRANE, INC.<br>COCHRANE FEED TANKS<br>COCHRANE CORPORATION |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING<br>    COMPANY, INC.<br>GENERAL ELECTRIC CAPITAL<br>    ASSURANCE COMPANY<br>GENERAL ELECTRIC PROFESSIONAL<br>    SERVICES COMPANY<br>GENERAL ELECTRIC TRADING COMPANY |

| | |
|---|---|
| GEORGIA-PACIFIC LLC | BESTWALL GYPSUM COMPANY |
| | GEORGIA-PACIFIC CORPORATION |
| HILL BROTHERS CHEMICAL COMPANY | SWIM CHEM PRODUCTS DIVISION |
| HONEYWELL INTERNATIONAL, INC. | ALLIEDSIGNAL, INC. |
| | BENDIX CORPORATION |
| | BENDIX AUTOLITE CORPORATION |
| IMO INDUSTRIES INC. | DELAVAL STEAM TURBINE COMPANY |
| | WARREN PUMPS, INC. |
| | COLFAX CORPORATION |
| | IMO PUMP |
| | IMO AB |
| | COLFAX PUMP GROUP |
| | COLFAX CORPORATION |
| INGERSOLL-RAND COMPANY | ALDRICH PUMPS |
| | BUTTERWORTH COMPANY |
| | DRESSER-RAND |
| | INGERSOLL-RAND EQUIPMENT |
| | CORPORATION |
| | INGERSOLL-RAND TRANSPORTATION |
| | SERVICES COMPANY |
| | POWERWORKS |
| | WHITON MACHINE COMPANY |
| JOHN CRANE INC. | CRANE PACKING COMPANY |
| | TI GROUP PLC |
| | SMITHS GROUP PLC |
| PARKER-HANNIFIN CORPORATION | PARKER-HANNIFIN CORPORATION |
| | PARKER HANNIFIN (EIS DIVISION) |
| | PARKER APPLIANCE CORPORATION |
| | HANNIFIN CORPORATION |
| | SACOMA-SIERRA, INC. |
| SYD CARPENTER, MARINE CONTRACTOR, INC. | SYD CARPENTER COMPANY |
| UNION CARBIDE CORPORATION | THE DOW CHEMICAL COMPANY |
| | UNION CARBIDE CHEMICALS AND |
| | PLASTICS COMPANY, INC. |
| | UNION CARBIDE AND CARBON |
| | CORPORATION |
| | LINDE AIR PRODUCTS COMPANY |
| | NATIONAL CARBON CO., INC. |
| | PREST-O-LITE CO., INC. |
| | UNION CARBIDE COMPANY |
| | CARBIDE AND CARBON CHEMICALS |
| | CORPORATION |
| | BAKELITE COROPORATION |
| | UNION CARBIDE CONSUMER PRODUCTS |
| | CO. |
| | UNION CARBIDE MINING AND METALS |

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

DIVISION
UNION CARBIDE ELECTRONICS DIVISION
UNION CARBIDE HYDROCARBONS
 DIVISION
UNION CARBIDE FERROALLOYS DIVISION
JENNAT CORPORATION
AMERCHOL CORPORATION
UOP
UCAR CARBON COMPANY
UNION CARBIDE INDUSTRIAL GASES INC.
EQUATE PETROCHEMICAL COMPANY

WARREN PUMPS LLC                    WARREN PUMPS, INC.
                                   WARREN PUMPS-HOUDAILLE, INC.
                                   COLFAX PUMP GROUP
                                   ALWEILER AG
                                   HOUTTUIN BV

YARWAY CORPORATION                 TYCO FLOW CONTROL, INC.
                                   TYCO INTERNATIONAL, INC.
                                   TYCO VALVES & CONTROLS, INC.
                                   YARNALL WARING CO.

5.     At all times herein mentioned, Defendants, their "alternate entities", and each of them were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding manufacturing for others, packaging, and advertising a certain substance, the generic name of which i asbestos and other products containing said substance.

6.     At all times herein mentioned, Defendants, their "alternate entities", and each of them singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others packaged, and advertised a certain substance, the generic name of which is asbestos, and other product and equipment containing said substance, in that said substance proximately caused personal injuries to users, consumers, workers, bystanders, and others, including the Plaintiffs herein (hereinafte collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable thereby rendering said substance unsafe and dangerous for use by the "exposed persons".

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

7.     Defendants, their "alternate entities," and each of them, had a duty to exercise due care i the pursuance of the activities mentioned above and Defendants, and each of them, breached said duty c due care.

8.     Defendants, their "alternate entities", and each of them, knew, or should have known, an intended that the aforementioned asbestos and products containing asbestos would be transported b truck, rail, ship and other common carriers, and that in the shipping process the products would breal crumble or be otherwise damaged; and/or that such products would be used for insulation, constructior plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but nc limited to: sawing, chipping, hammering, scraping, sanding, breaking, removal, "rip-out", and othe manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable us and/or handling "exposed persons", including Plaintiffs herein, would use or be in proximity of an exposed to said asbestos fibers.

9.     Defendants, their "alternate entities", and each of them, knew, or should have known, an intended that the aforementioned asbestos and asbestos-containing products and equipment would b used or handled as specified in Exhibit "A", which is attached hereto and incorporated by referenc herein, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/o handling "exposed persons", including Plaintiffs herein, would be in proximity to and exposed to sai asbestos fibers.

10.     Plaintiff CARLOS C. STAPLETON and his family members, including his fathei ALVIE STAPLETON, and his mother, EDNA HOLMES, used, handled, or have otherwise beei exposed to asbestos and asbestos-containing products and equipment referred to herein in a manner tha was reasonably foreseeable. Plaintiff CARLOS C. STAPLETON's exposure to asbestos and asbestos containing products occurred at various locations as set forth in Exhibit "A", which is attached heret and incorporated by reference herein.

11.     Plaintiff CARLOS C. STAPLETON further alleges that for a period of many years Plaintiff's family members, including his father, ALVIE STAPLETON, and his mother, EDN/ HOLMES, worked with and/or around various asbestos-containing products and/or asbestos-containin equipment at various job sites in the Savannah, Georgia area from approximately 1950-1968. Plaintif

.8

1  would show that Plaintiff's family members, including his father, ALVIE STAPLETON, and h

2  mother, EDNA HOLMES, had thus been exposed, on numerous occasions, to asbestos-containin

3  products and/or asbestos-containing equipment which caused the release of respirable asbestos fibe

4  produced and/or sold by Defendants, and, in so doing, their clothing, tools, bodies and vehicle(s) wei

5  contaminated with great quantities of asbestos fibers.  Plaintiff CARLOS C. STAPLETON breathe

6  these asbestos fibers as a result of direct and indirect contact with the person, clothes, tools, vehicles an

7  general surroundings of his father, mother, and his uncle.  Further, Plaintiff alleges, as more specificall

8  set out below, that Plaintiff CARLOS C. STAPLETON has suffered injuries proximately caused by h:

9  exposure to asbestos-containing products and/or products which caused a release of respirable asbestc

10 fibers designed, manufactured, sold, supplied and/or used by Defendants.

11        12.    Plaintiff CARLOS C. STAPLETON alleges that he was exposed, both directly and vi

12 household exposure, to dust from the asbestos-containing products and/or equipment, which caused th

13 release of respirable asbestos fibers in his family members, including his father, ALVIE STAPLETON

14 and his mother, EDNA HOLMES, occupations as a laborer, assembly line worker, and maintenanc

15 worker.

16        13.    As a direct and proximate result of the conduct of the Defendants, their "alternat

17 entities", and each of them, as aforesaid, Plaintiff CARLOS C. STAPLETON's exposure to asbestos an

18 asbestos-containing products caused severe and permanent injury to the Plaintiffs, the nature of whicl

19 along with the date of Plaintiff CARLOS C. STAPLETON's diagnosis and the date he learned suc

20 injuries were attributable to exposure to asbestos and/or asbestos-containing products, are set forth i

21 Exhibit "B", which is attached hereto and incorporated by reference herein.

22        14.    Plaintiffs are informed and believe, and thereon allege, that progressive lung disease

23 cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible traum

24 and that said disease results from exposure to asbestos and asbestos-containing products over a period o

25 time.

26        15.    Plaintiff CARLOS C. STAPLETON suffers from malignant mesothelioma caused by a:

27 exposure to asbestos and asbestos-containing products and equipment.    Plaintiff CARLOS C

28 STAPLETON was not aware at the time of his exposure that asbestos or asbestos-containing product

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

1  presented any risk of injury and/or disease.

2      16. ·   As a direct and proximate result of the aforesaid conduct of Defendants, their "alternal

3  entities", and each of them, Plaintiff CARLOS C. STAPLETON has suffered, and continues to suffe:

4  permanent injuries and/or future increased risk of injuries to his person, body and health, including, bu

5  not limited to, throat cancer, other lung damage, and cancer, and the mental and emotional distres

6  attendant thereto, from the effect of exposure to asbestos fibers, all to his general damage in a sum i

7  excess of the jurisdictional limit of a limited civil case.

8      17.   As a direct and proximate result of the aforesaid conduct of the Defendants, the:

9  "alternate entities", and each of them, Plaintiff CARLOS C. STAPLETON has incurred, is presentl

10  incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicin

11  hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown t

12  Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when the true an

13  exact cost thereof is ascertained.

14      18.   As a further direct and proximate result of the said conduct of the Defendants, thei

15  "alternate entities", Plaintiffs have incurred, and will incur, loss of income, wages, profits an·

16  commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and exter

17  of which are not yet known to Plaintiffs, and leave is requested to amend this complaint to conform t·

18  proof at the time of trial.

19      19.   Defendants, their "alternate entities", and each of them, and their officers, directors, an·

20  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of

21  or should have known of, each of the acts set forth herein.

22      20.   Defendants, their "alternate entities", and each of them, are liable for the fraudulent

23  oppressive, and malicious acts of their "alternate entities", and each of them, and each Defendants

24  officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, an·

25  had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set fortl

26  herein.

27      21.   The herein-described conduct of said Defendants, their "alternate entities", and each o

28  them, was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

to the safety and health of "exposed persons". Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-400, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

22. Plaintiffs incorporate herein by reference, as though fully set forth therein, the allegations contained in the First Cause of Action herein.

23. Defendants, their "alternate entities", and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

24. Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of the Defendants, their "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including asbestosis other lung damage, and cancer to "exposed persons", including Plaintiff CARLOS C. STAPLETON herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective unsafe, and dangerous for use.

25. At all times mentioned herein, the above-referenced asbestos and asbestos-containing products failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in this substance and products outweighed the benefits of said substance and products.

26. At all times mentioned herein, the foreseeable use of said asbestos and asbestos-containing products involved a substantial danger not readily recognizable to an ordinary user

11

consumer, or bystander, or other "exposed persons," including CARLOS C. STAPLETON, but whic

danger was known or knowable to Defendants, and Defendants failed to adequately warn of th

substantial danger.

27.     Plaintiff, Carlos Stapleton and/or "exposed persons" did not know of the substanti;

danger of using said products. Said dangers were not readily recognizable by "exposed persons". Sai

Defendants, their "alternate entities", and each of them, further failed to adequately warn of the risks t

which Plaintiff CARLOS C. STAPLETON and others similarly situated were exposed.

28.     In researching, manufacturing, fabricating, designing, modifying, testing, or failing t

test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sal(

supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketin;

warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos

containing products and equipment, Defendants, their "alternate entities", and each of them, did so wit

conscious disregard for the safety of "exposed persons" who came in contact with said asbestos an

asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and cance;

Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with th

assistance of, said Defendants, their "alternate entities", and each of them, on or before 1930, an(

thereafter.

29.     On or before 1930, and thereafter, said Defendants, their "alternate entities" and each o

them, were aware that members of the general public and other "exposed persons", who would come i;

contact with their asbestos and asbestos-containing products, had no knowledge or informatio;

indicating that asbestos or asbestos-containing products could cause injury, and said Defendants, thei

"alternate entities", and each of them, knew that members of the general public, and other "expose(

persons", who came in contact with asbestos and asbestos-containing products, would assume, and i;

fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact sai(

exposure was extremely hazardous to health and human life.

30.     With said knowledge, said Defendants, their "alternate entities", and each of them, opte(

to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale

supply, sell, inspect, service, install, contract for installation, repair, market, warrant, re-brand

12

manufacture for others, package, and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, Defendants, their "alternate entities", and each of them, intentionally failed to reveal their knowledge of said risk, failed to warn of said risk and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their "alternate entities", and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

31.     The above-referenced conduct of said Defendants, their "alternate entities", and each of them, was motivated by the financial interest of said Defendants, their "alternate entities", and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, re-branding, manufacturing for others, packaging and advertising of asbestos and asbestos-containing products.   In pursuance of said financial motivation, Defendants, their "alternate entities", and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Plaintiff CARLOS C. STAPLETON.

32.     Plaintiffs allege that the aforementioned Defendants, their "alternate entities", and each of them, impliedly warranted their asbestos and asbestos-containing products and equipment to be safe for their intended use, but their asbestos and asbestos-containing products created an unreasonable risk of bodily harm to "exposed persons."

33.     Plaintiffs further allege that Plaintiff CARLOS C. STAPLETON's injuries are a result of cumulative exposure to asbestos and various asbestos-containing products and equipment manufactured, fabricated, inadequately researched, designed, modified, inadequately tested, labeled, assembled

1   distributed, leased, brought, offered for sale, supplied, sold, inspected, serviced, installed, contracted fo

2   installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged an

3   advertised by the aforementioned Defendants, their "alternate entities", and each of them, all of whic

4   were a substantial contributing factor to Plaintiff CARLOS C. STAPLETON's development of th

5   asbestos disease complained of herein.   Among the injurious exposures alleged herein are Plainti

6   CARLOS C. STAPLETON's exposures to asbestos supplied with, affixed and/or added to, and/o

7   installed on the following equipment aboard Plaintiff's U.S. Naval vessels: Buffalo pumps, DeLava

8   purifiers, pumps and pump turbine drivers, BF Sturtevant forced draft blowers and pumps, Crane valves

9   General Electric turbines and generators, Ingersoll-Rand pumps, air ejectors and compressors, Warre

10  pumps,  and Yarway valves and steam traps.

11       34.    Plaintiff CARLOS C. STAPLETON relied upon Defendants, their "alternate entities"

12  and each of their representations, lack of warnings, and implied warranties of the fitness of asbestos an

13  asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Plaintiffs have bee

14  injured permanently as alleged herein.

15       35.    As a direct and proximate result of the actions and conduct outlined herein, Plaintif

16  CARLOS C. STAPLETON has suffered the injuries and damages alleged herein.

17       WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities"

18  and each of them, as hereinafter set forth.

19                          THIRD CAUSE OF ACTION

20          (False Representation Under Restatement of Torts Section 402-B)

21    AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR
    FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B, PLAINTIFFS
22  COMPLAIN OF DEFENDANTS, DOES 1-400, THEIR "ALTERNATE ENTITIES", AND EACH OF
                           THEM, AND ALLEGE AS FOLLOWS:
23

24       36.    Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and ever

25  allegation contained in the First and Second Causes of Action.

26  ///
    ///
27  ///

28

37.    At the aforementioned time when Defendants, their "alternate entities", and each of them researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately warned failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufacture for others, packaged and advertised the said asbestos and asbestos-containing products, as hereinabov set forth, the Defendants, their "alternate entities", and each of them, expressly and impliedl represented to members of the general public, including the purchasers and users of said product, an other "exposed persons", including, without limitation, Plaintiff CARLOS C. STAPLETON, tha asbestos and asbestos-containing products, were of merchantable quality, and safe for the use for whic they were intended.

38.    The purchasers and users of said asbestos and asbestos-containing products, and othe "exposed persons", including, without limitation, Plaintiff CARLOS C. STAPLETON, relied upon sai representations of Defendants, their "alternate entities", and each of them, in the selection, purchase, an use of asbestos and asbestos-containing products.

39.    Said representation by Defendants, their "alternate entities", and each of them, were fals and untrue, and Defendants knew at the time they were untrue, in that the asbestos and asbestos containing products and equipment were not safe for their intended use, nor were they of merchantabl quality as represented by Defendants, their "alternate entities", and each of them, in that asbestos an asbestos-containing products and equipment have very dangerous properties and defects whereby sai products cause asbestosis, other lung damages, and cancer, and have other defects that cause injury an damage to the users of said products and other "exposed persons", thereby threatening the health and lif of said persons, including Plaintiff CARLOS C. STAPLETON herein.

40.    As a direct and proximate result of said false representations by Defendants, thei "alternate entities", and each of them, Plaintiff sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", an each of them, as hereinafter set forth.

///

///

## FOURTH CAUSE OF ACTION

### (Intentional Tort/Intentional Failure to Warn)

AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR AI
INTENTIONAL TORT UNDER CIVIL CODE SECTIONS 1708 THROUGH 1710, PLAINTIFFS
COMPLAIN OF DEFENDANTS, DOES 1-400, THEIR "ALTERNATE ENTITIES", AND EACH OI
THEM, AND ALLEGE:

41.    Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and ever

allegation contained in the First and Third Causes of Action herein, excepting therefrom allegation

pertaining to negligence.

42.    At all times pertinent hereto, the Defendants, their "alternate entities", and each of them

owed Plaintiffs a duty, as provided for in Section 1708, 1709, and 1710 of the Civil Code of the State o

California, to abstain from injuring the person, property, or rights of the Plaintiffs.  When a duty to ac

was imposed, as set forth herein, the Defendants, their "alternate entities", and each of them, did do th

acts and omissions in violation of that duty, thereby causing injury to the Plaintiffs as is more fully se

forth herein.  Such acts and omissions consisted of acts falling within Section 1709 (Fraudulent Deceit

and Section 1710 (Deceit) of the Civil Code of the State of California and, more specifically, include

suggestions of fact which were not true and which Defendants, their "alternate entities", and each o

them, did not believe to be true; assertions of fact which were not true and which Defendants, thei

"alternate entities", and each of them, had no reasonable ground for believing to be true, and th

suppression of fact when a duty existed to disclose it, all as more fully set forth herein, the violation o

any one such duty gave rise to a cause of action for violation of rights of the Plaintiffs as provided for i

the aforementioned Civil Code sections.

43.    Since on or before 1930, the Defendants, their "alternate entities", and each of them, hav

known and have possessed the true facts of medical and scientific data and other knowledge whicl

clearly indicated that the asbestos and asbestos-containing products and equipment referred to ir

Plaintiffs' First Cause of Action were and are hazardous to the health and safety of Plaintiff CARLOS C

STAPLETON, and others in Plaintiff's position working in close proximity with such materials.  The

Defendants, their "alternate entities", and each of them, have known of the dangerous propensities of the

aforementioned materials and products since before that time.  With intent to deceive Plaintiff CARLOS

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

1   C. STAPLETON and others in Plaintiffs' position, and with intent that he and such others should be an

2   remain ignorant of such facts with intent to induce Plaintiffs and such others to alter his and thei

3   positions to his and their injury and/or risk and in order to gain advantages, the following acts occurred:

4         (a)   Defendants, their "alternate entities", and each of them, did not label any of th

5   aforementioned asbestos-containing materials, products, and equipment regarding the hazards c

6   such materials and products to the health and safety of Plaintiffs and others in Plaintiffs' positio

7   being in close proximity with such materials until 1964, when certain of such materials wer

8   labeled by some, but not all, of Defendants, their "alternate entities", and each of them, since o

9   or before 1930. By not labeling such materials, products, and equipment as to their said hazards

10  Defendants, their "alternate entities", and each of them, caused to be suggested as a fact t

11  Plaintiffs that it was safe for Plaintiffs to work in close proximity to such materials, when in fac

12  it was not true; and Defendants, their "alternate entities", and each of them, did not believe it t

13  be true;

14        (b)   Defendants, their "alternate entities", and each of them, suppressed informatio

15  relating to the danger of use of the aforementioned materials, products, and equipment b

16  requesting the suppression of information to the Plaintiffs and the general public concerning th

17  dangerous nature of the aforementioned materials to workers, by not allowing such informatio

18  to be disseminated in a manner which would have given general notice to the public and

19  knowledge of the hazardous nature thereof when Defendants, their "alternate entities", and eacl

20  of them, were bound to disclose such information;

21        (c)   Defendants, their "alternate entities", and each of them, sold the aforementione

22  products, materials, and equipment to the employers of Plaintiff's family members, including he

23  grandfather, father, and former husband, and others without advising Plaintiff and others of th

24  dangers of use of such materials to persons working in close proximity thereto when Defendants

25  their "alternate entities", and each of them, knew of such dangers, and had a duty to disclos

26  such dangers all as set forth herein. By said conduct, Defendants, their "alternate entities", anc

27  each of them, caused to be positively asserted to Plaintiffs that which was not true and that whicl

28  Defendants, their "alternate entities," and each of them had no reasonable ground for believing tc

be true, to wit: that it was safe for Plaintiff CARLOS C. STAPLETON to be in close proximity to such materials;

(d)     Defendants, their "alternate entities", and each of them, suppressed from Plaintiff medical and scientific data and knowledge of the results of studies including, but not limited to the information and contents of the "Lanza Report." Although bound to disclose it, Defendant their "alternate entities", and each of them, influenced A. J. Lanza, M.D. to change her report the altered version of which was published in <u>Public Health Reports, Volume 50</u>, at page 1, in 1935, thereby causing Plaintiffs and others to be and remain ignorant thereof. Defendants, their "alternate entities", and each of them, caused <u>Asbestos Magazine</u>, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to the users thereof;

(e)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported the Asbestos Textile Institute Industrial Hygiene Foundation and other industry organizations which, for and on behalf of Defendants, their "alternate entities" and each of them, actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading Plaintiff CARLOS C. STAPLETON by the suggestions and deceptions set forth above in this cause of action. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

(f)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plant in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their

18

"alternate entities", and each of them, herein.  Between 1942 and 1950, the Defendants, the "alternate entities", and each of them, suggested to the public as a fact that which is not true ar disseminated other facts likely to mislead Plaintiffs.  Such facts did mislead Plaintiffs and othe by withholding the afore-described medical and scientific data and other knowledge and by n giving Plaintiff CARLOS C. STAPLETON the true facts concerning such knowledge of dange which Defendants, their "alternate entities", and each of them, were bound to disclose;

(g)    Defendants, their "alternate entities", and each of them, failed to warn Plainti CARLOS C. STAPLETON, his family members, and others of the nature of said materia which were dangerous when breathed and which could cause pathological effects witho noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of then possessed knowledge and were under a duty to disclose that said materials were dangerous and threat to the health of persons coming into contact therewith;

(h)    Defendants, their "alternate entities", and each of them, failed to provide Plaintif with information concerning adequate protective masks and other equipment devised to be use when applying and installing the products of the Defendants, their "alternate entities", and eac of them, despite knowing that such protective measures were necessary, and that they were und a duty to disclose that such materials were dangerous and would result in injury to Plainti CARLOS C. STAPLETON and others applying and installing such material;

(i)    Defendants, their "alternate entities", and each of them, when under a duty to s disclose, concealed from Plaintiff CARLOS C. STAPLETON the true nature of the househol exposure of Plaintiff CARLOS C. STAPLETON and knew that Plaintiff and anyone similarl situated, upon inhalation of asbestos would, in time, develop irreversible conditions c pneumoconiosis, asbestosis, and/or cancer.  Defendants, their "alternate entities", and each c them, also concealed from Plaintiff CARLOS C. STAPLETON and others that harmful material to which they were exposed would cause pathological effects without noticeable trauma; and

(j)    Defendants, their "alternate entities", and each of them, failed to provid information of the true nature of the hazards of asbestos materials and that exposure to thes materials would cause pathological effects without noticeable trauma to the public, includin

1     buyers, users, and physicians so that said physicians could not examine, diagnose, and tre

2     Plaintiff CARLOS C. STAPLETON and others who were exposed to asbestos, despite the fa

3     that Defendants, their "alternate entities", and each of them, were under a duty to so inform an

4     said failure was misleading; and

5          (k)     Defendants, their "alternate entities", and each of them, failed to provide adequat

6     information to physicians and surgeons retained by Plaintiff's employers and their predecessc

7     companies, for purposes of making physical examinations of Plaintiff CARLOS (

8     STAPLETON and other employees as to the true nature and risk of such materials and exposu

9     thereto when they in fact possessed such information and had a duty to disclose it.

10      44.     Defendants, their "alternate entities", and each of them, willfully failed and omitted t

11 complete and file a First Report of Occupational Injury or Illness regarding Plaintiffs' injuries, a

12 required by law, and did willfully fail and omit to file a Report of Injury and Occupational Disease wit

13 the State of California. Plaintiff CARLOS C. STAPLETON was in the class of persons with respect t

14 whom a duty was owed to file such reports and who would have been protected thereby if the fact c

15 danger from products complained of had become known.

16      45.     Defendants, their "alternate entities", and each of them, having such aforementione

17 knowledge, and the duty to inform Plaintiff CARLOS C. STAPLETON about the true facts, an

18 knowing the Plaintiffs did not possess such knowledge and would breathe such material innocently

19 acted falsely and fraudulently and with full intent to cause Plaintiffs to remain unaware of the true fact

20 and to induce Plaintiffs to work in a dangerous environment, all in violation of Sections 1708, 1709, an

21 1710 of the Civil Code of the State of California.

22      46.     As a direct and proximate result of such intentional conduct by Defendants, thei

23 "alternate entities" and each of them, Plaintiff CARLOS C. STAPLETON sustained the injuries an

24 damages alleged herein. The herein-described conduct of said Defendants, their "alternate entities", an

25 each of them was and is willful, malicious, fraudulent, outrageous, and in conscious disregard an

26 indifference to the safety and health of "exposed persons". Plaintiffs, for the sake of example and b

27 way of punishing said Defendants, seek punitive damages according to proof.

28 ///

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities," an each of them, as is hereinafter set forth.

### FIFTH CAUSE OF ACTION

(Premises Owner/Contractor Liability)

AS AND FOR A FURTHER, FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS COMPLAIN OF DEFENDANTS INTERNATIONAL PAPER COMPANY; and DOES 351-400, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, (hereinafter "PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS") AND ALLEGE AS FOLLOWS:

47.   Plaintiffs, by this reference, incorporate the allegations contained in the General Allegations and paragraphs 4-21 of the First Cause of Action herein.

48.   At all times herein mentioned, the PREMISES OWNER/CONTRACT LIABILITY DEFENDANTS were successor, successor-in-business, assign, predecessor, predecessor-in-business parent, subsidiary, wholly or partially owned by, or the whole or partial owner of an entity causing certain asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/o asbestos-containing products and/or products which caused the release of respirable asbestos fiber and/or asbestos- and silica-containing insulation, other building materials, products, and/or toxi substances to be constructed, installed, maintained, used, managed, and/or controlled by them. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein-named defendant is liable for the tortious conduct of each successor, successor-in-business, assign, predecessor-in business, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, that caused the presence as aforesaid of said asbestos- and silica-containing products and insulation and other toxi substances. Said defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of plaintiff's remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, or a portion thereof, o each such "alternate entity"; defendants, and each of them, have caused the destruction of plaintiff's remedy against each such "alternate entity"; each such defendant has the ability to assume the risk spreading role of each such "alternate entity", and that each such defendant enjoys the goodwil originally attached to each such "alternate entity".

///

DEFENDANT                                    ALTERNATE ENTITY

CERTAINTEED                                  KEASBY & MATTISON
                                             GUSTIN BACON MANUFACTURING CO.

At all times mentioned herein, the PREMISES OWNER/CONTRACT LIABILIT
DEFENDANTS, and each of them, respectively, owned, leased, maintained, managed and/or controlle
the following premises when Plaintiff was present. The following information provided is preliminar
and is based on recall of events covering many years, and further investigation and discovery ma
produce additional information:

| PREMISES OWNER DEFENDANT | LOCATION | TIME PERIOD |
| --- | --- | --- |
| CERTAINTEED CORPORATION | SAVANNAH, GA | Approx. 1952-1957 |
| INTERNATIONAL PAPER COMPANY | SAVANNAH, GA | Approx 1950-1968 |

Additionally, Plaintiff's family members, including his father, his mother, and uncle might hav
been present at other PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' premises a
other locations and on other occasions.

49.   Prior to and at said times and places, said PREMISES OWNER/CONTRACTOI
LIABILITY DEFENDANTS, and each of them, respectively, caused certain asbestos-containin
products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containin
products and/or products which caused the release of respirable asbestos fibers and/or asbestos- an
silica-containing insulation, other building materials, products, and toxic substances to be constructed
installed, maintained, used, supplied, replaced, repaired, and/or removed on each of the aforesai
respective premises, by their own workers and/or by various contractors and/or subcontractors, an
caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into th
ambient air and thereby created a hazardous and unsafe condition to Plaintiff CARLOS C
STAPLETON, his family members and other persons exposed to said asbestos and toxic substance
while present at said premises.

50.   At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILIT
DEFENDANTS, and each of them, knew or in the exercise or ordinary and reasonable care should hav

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

1    known, that the foregoing conditions and activities created a dangerous, hazardous, and unsafe conditio

2    and unreasonable risk of harm and personal injury to Plaintiff CARLOS C. STAPLETON, his famil

3    members, and other workers or persons so exposed, present at each of the aforesaid respective premises

4        51.    At all times relevant herein, Plaintiff CARLOS C. STAPLETON's family member

5    including his father, his mother, and uncle, entered said premises and used or occupied each of sai

6    respective premises as intended and for each of the respective PREMISES OWNER/CONTRACTO:

7    LIABILITY DEFENDANTS' benefit and advantage and at PREMISES OWNER/CONTRACTO:

8    LIABILITY DEFENDANTS' request and invitation.  In so doing, Plaintiff CARLOS C. STAPLETOI

9    was exposed to dangerous quantities of asbestos fibers and other toxic substances released into th

10   ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/c

11   otherwise created, controlled, or caused by said PREMISES OWNER/CONTRACTOR LIABILIT"

12   DEFENDANTS, and each of them, thereby causing CARLOS C. STAPLETON to be exposed.

13       52.    Plaintiff CARLOS C. STAPLETON at all times was unaware of the hazardous conditio.

14   or the risk of personal injury created by the aforesaid presence and use of asbestos products an

15   materials and other toxic substances on said premises.

16       53.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILIT)

17   DEFENDANTS remained in control of the premises where Plaintiff CARLOS C. STAPLETON's

18   family members, including his father, his mother, and uncle, were performing their work.

19       54.    At all times mentioned herein, the PREMISES OWNER/CONTRACTOR LIABILIT)

20   DEFENDANTS owed to Plaintiff CARLOS C. STAPLETON, and others similarly situated, a duty t(

21   exercise ordinary care in the management of such premises in order to avoid exposing workers such a

22   Plaintiffs to an unreasonable risk of harm and to avoid causing injury to said persons.

23       55.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILIT)

24   DEFENDANTS, and each of them, knew, or in the exercise of ordinary and reasonable care should hav(

25   known, that the premises that were in their control would be used without knowledge of, or inspectioı

26   for, defects or dangerous conditions; and that the persons present and using said premises would not b(

27   aware of the aforesaid hazardous conditions to which they were exposed on the premises.

28       56.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY

1  DEFENDANTS, and each of them, negligently failed to maintain, manage, inspect, survey, or contro

2  said premises or to abate or correct, or to warn Plaintiff of, the existence of the aforesaid dangerou

3  conditions and hazards on said premises.

4      57.    Prior  to  and  at  the  times  and  places  aforesaid,  said  PREMISES  OWNER

5  CONTRACTOR LIABILITY DEFENDANTS, and each of them, respectively, caused certain asbestos

6  containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos

7  containing products and/or products which caused the release of respirable asbestos fibers and/o

8  asbestos- and silica-containing insulation, other building materials, products and toxic substances to b

9  constructed, installed, maintained, used, replaced, repaired, and/or removed on each of their aforesai

10  respective premises, by their own workers and/or by employing various contractors and/o

11  subcontractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxi

12  substances into the ambient air and thereby injured Plaintiff, CARLOS STAPLETON.

13      58.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY

14  DEFENDANTS, and each of them, should have recognized that the work of said contractors and/o

15  subcontractors  would  create  during  the  progress  of  the  work,  dangerous,  hazardous,  and  unsaf

16  conditions which could or would harm Plaintiff Carlos Stapleton and others unless special precaution

17  were taken.

18      59.    In part, Plaintiff CARLOS C. STAPLETON was exposed to dangerous quantities o

19  asbestos fibers and other toxic substances by reason of such contractor and/or subcontractors' failure t

20  take the necessary precautions.

21      60.    The work of contractors and/or subcontractors on premises controlled by the PREMISES

22  OWNER/CONTRACTOR LIABILITY DEFENDANTS created unsafe premises and an unsafe worl

23  place by reason of the release of dangerous quantities of toxic substances including, but not limited to

24  asbestos.

25      61.    The unsafe premises or work place was created, in part, by the negligent conduct of the

26  contractors and/or subcontractors employed by the PREMISES OWNER/CONTRACTOR LIABILITY

27  DEFENDANTS. Said negligent conduct includes, but is not limited to:

28          (a)    Failure to warn of asbestos and other toxic dusts;

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

(b)   Failure to suppress the asbestos-containing or toxic dusts;

(c)   Failure to remove the asbestos-containing and toxic dusts through use ( ventilation or appropriate means;

(d)   Failure to provide adequate breathing protection, i.e., approved respirators ( masks;

(e)   Failure to inspect and/or test the air;

(f)   Failure to provide medical monitoring;

(g)   Failure to select and hire careful and competent contractors or subcontractors;

(h)   Negligently and carelessly providing service contracts; and

(i)   Negligently and carelessly providing designs, specifications and purchas requisitions calling for the installation and use of hazardous asbestos and asbesto containing products and equipment.

62.    The PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' duty t maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are nor delegable; said duties arise out of common law, <u>Civil Code</u>, section 1714, and <u>California Labor Code</u> section 6400, <u>et seq.</u>, or <u>Health and Safety Code</u>, section 40440, <u>et seq.</u>, and regulations promulgate thereunder.  Therefore, the Premises Owner Liability Defendant is responsible for any breach of sai duties whether by themselves or others.

63.    Prior to and at said times and places, said PREMISES OWNER/CONTRACTOI LIABILITY DEFENDANTS were subject to certain ordinances, statutes, and other governmenta regulations promulgated by the United States Government, the State of California, and others, including but not limited to, the General Industry Safety Orders promulgated pursuant to California Labor Code section 6400 and the California Administrative Code under the Division of Industrial Safety Department of Industrial Relations, including, but not limited to: Title VIII, Group 9 (Control o Hazardous Substances), Article 81, sections 4150, 4106, 4107, and 4108, and Threshold Limit Values a documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders additionally, California Health and Safety Code, section 40440, et seq., which empowers the Soutl Coast Area Air Quality Management District to promulgate regulations including, but limited to

S.C.A.A.Q.M.D. Rule 1403; Title 40 Code of Federal Regulations, Chapter 1, Part 61, et seq. -- Th National Emission Standards for Hazardous Air Pollutants, which required said PREMISE OWNER/CONTRACTOR LIABILITY DEFENDANTS to provide specific safeguards or precautions t prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and sai PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS failed to provide the require safeguards and precautions, or contractors employed by the PREMISES OWNER/CONTRACTO LIABILITY DEFENDANTS failed to provide the required safeguards and precautions. Defendant' violations of said codes include, but are not limited to:

    (a)    Failing to comply with statutes and allowing ambient levels of airborne asbesto fiber to exceed the permissible/allowable levels with regard to the aforementione statutes;

    (b)    Failing to segregate work involving the release of asbestos or other toxic dusts;

    (c)    Failing to suppress dust using prescribed ventilation techniques;

    (d)    Failing to suppress dust using prescribed "wet down" techniques;

    (e)    Failing to warn or educate plaintiff or others regarding asbestos or other toxic substances on the premises;

    (f)    Failing to provide approved respiratory protection devices;

    (g)    Failing to ensure "approved" respiratory protection devices were used properly;

    (h)    Failing to provide for an on-going health screening program for those exposed t asbestos on the premises;

    (i)    Failing to provide adequate housekeeping and clean-up of the work place;

    (j)    Failing to properly warn of the hazards associated with asbestos as required b these statutes;

    (k)    Failing to properly report renovation and disturbance of asbestos-containin materials, including, but not limited to: S.C.A.A.Q.M.D. Rule 1403;

    (l)    Failing to have an asbestos removal supervisor as required by regulation;

    (m)    Failing to get approval for renovation as required by statutes; and

    (n)    Failing to maintain records as required by statute.

64.     Plaintiff CARLOS C. STAPLETON at all times was unaware of the hazardous conditio or the risk of personal injury created by defendants' violation of said regulations, ordinances, or statutes

65.     At all times mentioned herein, Plaintiffs CARLOS C. STAPLETON was a member of th class of persons whose safety was intended to be protected by the regulations, statutes, or ordinance described in the foregoing paragraphs.

66.     At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILIT' DEFENDANTS, knew, or in the exercise of ordinary and reasonable care should have known, that th premises that were in their control would be used without knowledge of, or inspection for, defects c dangerous conditions, that the persons present and using said premises would not be aware of th aforesaid hazardous conditions to which they were exposed on the premises, and that such persons wer unaware of the aforesaid violations of codes, regulations, and statutes.

67.     As a legal consequence of the foregoing, Plaintiff CARLOS C. STAPLETON develope an asbestos-related illness, which has caused great injury and disability as previously set forth, an plaintiffs have suffered damages as alleged herein.

68.     The   herein-described   conduct   of   said   PREMISES   OWNER/CONTRACTOI LIABILITY DEFENDANTS, their "alternate entities", was and is willful, malicious, fraudulen' outrageous, and in conscious disregard and indifference to the safety and health of "exposed persons' Plaintiffs, for the sake of example and by way of punishing said defendants, seek punitive damage according to proof.

WHEREFORE, Plaintiffs pray for judgment against PREMISES OWNER/CONTRACTOI LIABILITY DEFENDANTS, their "alternate entities", as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FURTHER, SIXTH SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF CARLOTTA S. STAPLETON COMPLAINS OF DEFENDANTS, DOES 1-400, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

69.     Plaintiff CARLOTTA S. STAPLETON incorporates by reference, each and ever paragraph of the First through Fifth Causes of Action herein.

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

70.     Plaintiffs CARLOS C. STAPLETON and CARLOTTA S. STAPLETON were marrie

on December 24, 1973, and at all times relevant to this action were, and are now, husband and wife.

71.     Prior to Plaintiff CARLOS C. STAPLETON's injuries as alleged, he was able and di

perform duties as a spouse.   Subsequent to the injuries and as a proximate result thereof, Plainti:

CARLOS C. STAPLETON has been unable to perform the necessary duties as a spouse and the wor

and services usually performed in the care, maintenance, and management of the family home, and h

will be unable to perform such work, service and duties in the future.   As a proximate result thereo

CARLOTTA S. STAPLETON has been permanently deprived and will be deprived of the consortium c

her spouse, including the performance of duties, all to her damages, in an amount presently unknown bu

which will be proved at the time of trial.

72.     Plaintiff CARLOTTA S. STAPLETON's discovery of this cause of her loss c

consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

73.     As a direct and proximate result of the acts of Defendants, their "alternate entities", an

each of them, and the severe injuries caused thereby to Plaintiff CARLOS C. STAPLETON, as set fort

in this complaint, Plaintiff CARLOTTA S. STAPLETON has suffered, and for a long period of tim

will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations

society, comfort, companionship, love and affection of said spouse, and has suffered severe mental an

emotional distress and general nervousness as a result thereof.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", an

each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff CARLOS C. STAPLETON:

1.     For Plaintiff's general damages according to proof;

2.     For Plaintiff's loss of income, wages, and earning potential according to proof;

3.     For Plaintiff's medical and related expenses according to proof;

Plaintiff CARLOTTA S. STAPLETON:

4.     For Plaintiff's damages for loss of consortium and/or society according to proof.

///

///

28

Plaintiffs CARLOS C. STAPLETON and CARLOTTA S. STAPLETON:

5.    For Plaintiffs' cost of suit herein;

6.    For exemplary or punitive damages according to proof;

7.    For damages for fraud according to proof; and

8.    For such other and further relief as the Court may deem just and proper, including cost and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provision of law.

DATED: January 24, 2011                      WATERS, KRAUS & PAUL

                                             By: _____
                                                 MICHAEL L. ARMITAGE
                                                 Attorneys for Plaintiffs

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4    DATED: January 24, 2011                    WATERS, KRAUS & PAUL

5

6                                              By:_____

7                                                  MICHAEL L. ARMITAGE
                                                   Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

1

2

EXHIBIT "A"

3

Plaintiff CARLOS C. STAPLETON's exposure to asbestos and asbestos-containing produc

4

(both direct and through household exposure to his father, and his mother) occurred at various locatior

5

within the state of California, Georgia and South Carolina including, but not limited to:

6

7

8

9

| Family Members | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Alvie and Edna Holmes | Union Camp Paper Mill, Savannah, GA | Laborer, maintenance worker, assembly line worker and forklift operator | Approximately 1950-1968 |

10

11

12

13

14

15

16

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| N/A | Savannah, GA | Construction of family home | Approximately 1962 |
| United States Navy | USS Arlington (AGMR 20) San Diego Naval Shipyard, San Diego, CA | E-3 | Approximately summer 1969 to December 1969 |
| Thom Mccan Shoe Stores | Florida, South Carolina | Store opening manager | Approximately 1971-1973 |
| N/A | Alanta, GA | Construction of family home | Approximately 1975 |

17

18

19

20

21

22

23

24

25

26

27

28

31

1

<u>EXHIBIT "B"</u>

2     Plaintiff CARLOS C. STAPLETON's exposure to asbestos and asbestos-containing produc

3  caused severe and permanent injury to Plaintiff CARLOS C. STAPLETON including, but not limited t

4  breathing difficulties, asbestosis, mesothelioma, lung and/or other cancer, and/or other lung damag

5  Plaintiff CARLOS C. STAPLETON was diagnosed with mesothelioma in October 27th 2010.

6     Plaintiff CARLOS C. STAPLETON was employed at the time of his diagnosis with malignar

7  mesothelioma.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY-ASBESTOS

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00428-LAB -BLM

Stapleton et al v. Air & Liquid Systems Corporation et al
Assigned to: Judge Larry Alan Burns
Referred to: Magistrate Judge Barbara Lynn Major
Case in other court: Superior Court of California, County of San
                Diego, 37-02011-00084525
Cause: 28:1446 Petition for Removal- Personal Injury

Date Filed: 03/02/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Carlos C. Stapleton**

represented by **Cindy Jean Young**
Waters Kraus & Paul
222 N. Sepulveda Boulevard
Suite 1900
El Segundo, CA 90245
(310)414-8146
Fax: (310)414-8156
Email: cyoung@waterskraus.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L Armitage**
Waters Kraus & Paul
222 N. Sepulveda Boulevard
Suite 1900
El Segundo, CA 90245
(310)414-8146
Fax: (310)414-8156
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carlotta S. Stapleton**

represented by **Cindy Jean Young**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L Armitage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*sued individually and as successor by merger*

represented by **Glen R. Powell**
Gordon & Rees, LLP

*to Buffalo Pumps, Inc.*

275 Battery Street
San Francisco, CA 94111
(415) 986-5900
Fax: (415) 986-8054
Email: gpowell@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alfa Laval Inc.**
*sued individually and as successor-in-interest*
*to DeLaval Separator Company*

**Defendant**

**Campbell Industries**
*sued individually and as successor by merger*
*to San Diego Marine Construction*
*Corporation*

**Defendant**

**CBS Corporation**      represented by   **Kevin D Jamison**
*successor by merger with CBS Corporation,*            Pond North
*and as successor-in-interest to BF Sturtevant*         350 South Grand Avenue
*formerly known as*                         Suite 350
Viacom, Inc.                           Los Angeles, CA 90071
*formerly known as*                         (213)617-6170
Westinghouse Electric Corporation        Fax: (213)628-3594
                                     Email: kjamison@pondnorth.com
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corporation**

**Defendant**

**Crane Co.**

**Defendant**

**Fraser's Boiler Service, Inc.**      represented by   **Kevin D Jamison**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Fryer-Knowles, Inc.**

**Defendant**

**Fryer-Knowles, Inc.**
*a Washington corporation*

**Defendant**

**General Electric Company**      represented by   **Katherine Gardiner**
                                     Sedgwick Detert Moran & Arnold LLP

One Market Plaza
Steuart Tower 8th Fl
San Francisco, CA 94105
(415)781-7900
Fax: (415)781-2635
Email: katherine.gardiner@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Georgia-Pacific LLC**
*sued individually and as successor-in-interest*
*to Bestwall Gypsum Company*

### Defendant

**Hill Brothers Chemical Company**

### Defendant

**Honeywell International, Inc.**
*sued individually and as successor-in-interest*
*to Alliedsignal, Inc., successor to Bendix*
*Corporation*

### Defendant

**IMO Industries Inc.**
*sued individually and as successor-in-interest*
*to DeLaval Steam Turbine Company*

### Defendant

**John Crane, Inc.**

### Defendant

**M. Slayen and Associates, Inc.**

### Defendant

**Parker-Hannifin Corporation**
*sued individually and as successor-in-interest*
*to Sacoma-Sierra, Inc.*

### Defendant

**SYD Carpenter**

### Defendant

**Marine Contractor, Inc.**

### Defendant

**Thomas Dee Engineering Co., Inc.**

### Defendant

**Triple A Machine Shop, Inc.**
*also known as*
Triple A South

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Warren Pumps LLC**

**Defendant**

**Yarway Corporation**

**Defendant**

**DOES**
*1 - 400 inclusive*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**International Paper Company**
*sued individually and as successor-in-interest
to Champion Paper Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2011 | 1 | NOTICE OF REMOVAL with Jury Demand from Superior Court of California, County of San Diego, case number 37-2011-00084525-CU-AS-CTL. (Filing fee $ 350, fee due.), filed by General Electric Company t/w complaint and answer in removal. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proof of Service, # 4 Civil Cover Sheet)<br><br>The new case number is 3:11-cv-428-L-BLM. Judge M. James Lorenz and Magistrate Judge Barbara Lynn Major are assigned to the case. (Gardiner, Katherine)(cge) (av1). (Entered: 03/02/2011) |
| 03/02/2011 | | ANSWER to Complaint (Notice of Removal) by General Electric Company. (cge) (av1). (Entered: 03/02/2011) |
| 03/02/2011 | 2 | Fee for Civil Case Opening: $ 350, receipt number 0974-3347226, Paid on 3/2/2011. (Gardiner, Katherine) (av1). (Entered: 03/02/2011) |
| 03/02/2011 | 3 | NOTICE of Party With Financial Interest by General Electric Company. (srm)(mam). (Entered: 03/02/2011) |
| 03/02/2011 | 4 | NOTICE OF RELATED CASE(S) by General Electric Company. No related case pending in the Southern District of California. Low number order not prepared. (All non-registered users served via U.S. Mail Service)(srm)(mam). (Entered: 03/02/2011) |
| 03/04/2011 | 5 | NOTICE of Joinder by Air & Liquid Systems Corporation (Attachments: # 1 Exhibit Exh 1 to Notice of Removal and Joinder - Complaint, # 2 Exhibit Exh 2 to Notice of Removal and Joinder - Declaration of Roger B. Horne, # 3 Exhibit Exhs A - F to Roger B. Horne Declaration, # 4 Exhibit Exhs G - I to Roger B. Horne Declaration, # 5 Exhibit Exh 3 to Notice of Removal and Joinder - Affidavit of Martin K. Kraft with exhibits A - C, # 6 Exhibit Exh 4 to Notice of Removal and Joinder - Order Denying Motion to Remand - Ballenger case, # 7 Exhibit Exh 5 to Notice of Removal and Joinder - Order Denying Motion to Remand - Scanlon case, # 8 Exhibit Exh 6 to Notice of Removal and Joinder - Order Denying Motion to Remand - Wright case, # 9 |

| | | |
|---|---|---|
| | | Exhibit Exh 7 to Notice of Removal and Joinder - Civil Minutes - Oberstar case, # 10 Exhibit Exh 8 to Notice of Removal and Joinder - Order Denying Motion to Remand - Jenkins case, # 11 Notice Defendant Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc.'s Notice of Removal to Adverse Party, # 12 Notice of Party with Financial Interest (L.R. 40.2), # 13 Notice of Tag-Along Action in Support of Removal of Action Under 28 USC sections 1442 and 1446)(Powell, Glen) Modified on 3/4/2011, ECF Discrepancy prepared (srm). (Entered: 03/04/2011) |
| 03/07/2011 | 6 | ORDER for Telephonic Early Neutral Evaluation Conference. A telephonic attorneys only Early Neutral Evaluation Conference is set for 4/1/2011 at 9:30 AM before Magistrate Judge Barbara Lynn Major. Signed by Magistrate Judge Barbara Lynn Major on 3/7/2011. (All non-registered users served via U.S. Mail Service) (srm) (mam). (Entered: 03/07/2011) |
| 03/07/2011 | 7 | ANSWER to Complaint with Jury Demand by CBS Corporation.(Jamison, Kevin) (srm). (Entered: 03/07/2011) |
| 03/07/2011 | 8 | NOTICE OF RELATED CASE(S) by CBS Corporation of case(s) MDL 875 *Asbestos Products Liability Litigation No VI* (Jamison, Kevin) Modified on 3/7/2011, No related case pending in the Southern District of California. Low number order not prepared. (srm) (Entered: 03/07/2011) |
| 03/07/2011 | 9 | NOTICE of Joinder by CBS Corporation *to Removal of Action Under 28 USC 1331, 1367, 1442 (a)(1) Demand for Jury Trial* (Jamison, Kevin) (srm). (Entered: 03/07/2011) |
| 03/07/2011 | 10 | MOTION for Disclosure *Statement Pursuant to FRCP 7.1* by CBS Corporation. (Jamison, Kevin) Modified on 3/7/2011, ECF Discrepancy prepared (srm). (Entered: 03/07/2011) |
| 03/07/2011 | 11 | Minute Order: Judge M. James Lorenz recuses from this case and requests another district judge be randomly assigned. Judge Larry Alan Burns now randomly assigned to this case. The new case number is 11cv0428-LAB-BLM.(cge) (Entered: 03/07/2011) |
| 03/08/2011 | 12 | NOTICE by Fraser's Boiler Service, Inc. *FILING STATE COURT ANSWER AND DEMAND FOR JURY TRIAL* (Jamison, Kevin) (kaj). (Entered: 03/08/2011) |
| 03/08/2011 | 13 | NOTICE by Fraser's Boiler Service, Inc.'s *CERTIFICATION OF INTERESTED PARTIES* (Jamison, Kevin) qc mail sent re event (kaj). (Entered: 03/08/2011) |
| 03/09/2011 | 14 | NOTICE by General Electric Company *of Notice to Plaintiffs and State Court of Filing Notice of Removal* (Gardiner, Katherine) qc mail sent re s/signature, district judge initials (kaj). (Entered: 03/09/2011) |
| 03/09/2011 | 15 | NOTICE by Carlos C. Stapleton, Carlotta S. Stapleton *Plaintiffs' Notice of Order Setting Telephonic Early Neutral Evaluation Conference* (Young, Cindy) qc mail sent re s/signature, district judge initials (kaj). (Entered: 03/09/2011) |
| 03/09/2011 | 16 | NOTICE of Appearance by Glen R. Powell on behalf of Air & Liquid Systems Corporation (Powell, Glen) qc mail sent s/signature, judge initials, district judge initials (kaj). (Entered: 03/09/2011) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/10/2011 10:52:17 | | | |
| PACER Login: | sd0076 | Client Code: | 5045-088348 |
| | | | |

| Description: | Docket Report | Search Criteria: | 3:11-cv-00428-LAB - BLM |
|---|---|---|---|
| Billable Pages: | 5 | Cost: | 0.40 |