# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:11-cv-00076

Rice v. Cameron International Corporation, et al
Assigned to: Judge Vanessa D Gilmore
Case in other court: Harris County District Court, 11th
Cause: 28:1442 Notice of Removal

Date Filed: 01/07/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Raymond Rice**                                represented by   **Charles Stein Siegel**
Waters & Kraus, LLP
3219 McKinney Avenue
Dallas, TX 75204
214-357-6244
Fax: 214-357-7252
Email: siegel@waterskraus.com
*LEAD ATTORNEY*

**Peter A Kraus**
Waters & Kraus
3219 McKinney Ave
Ste 3000
Dallas, TX 75204
214-357-6244
Fax: 214-357-7252
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Smithco Engineering Inc**                     represented by   **Gordon Randall Akin**
Akin Neeley et al
3400 W Marshall Ave
Ste 307
Longview, TX 75604
903-297-9177
*ATTORNEY TO BE NOTICED*

**Defendant**

**INGERSOLL-RAND COMPANY**

**Defendant**

**Metalclad Insulation Corporation**

**Defendant**

**Union Carbide**                               represented by   **Michael G Terry**

Hartline Dacus et al
800 North Shoreline Blvd.
Suite 2000 N
Corpus Christi, Tx 78401
361-866-8000
Fax: 361-866-8039
Email: mterry@hdbdk.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Dee Engineering Co., Inc.**

**Defendant**

**Cooper US, Inc.**

**Defendant**

**Rockwell Automation, Inc.**    represented by **Rodney H Lawson**
Carrington Coleman Sloman et al
901 Main St
Suite 5500
Dallas, TX 75202-3767
214-855-3054
Fax: 214-758-3754
Email: rlaswon@ccsb.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries, Inc.**    represented by **Robert E Thackston**
Hawkins Parnell et al
4514 Cole Ave
Ste 550
Dallas, TX 75205
214-780-5100
Fax: 214-780-5200
Email: rthackston@hplegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eaton Corporation**

**Defendant**

**Plastic Engineering Company**    represented by **Edward Morris Slaughter**
Hawkins Parnell et al
4514 Cole Ave
Ste 500
Dallas, TX 75205
214-780-5100
Fax: 214-780-5200
Email: slaughter@hplegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Emerson Electric Company**

**Defendant**

**Cameron International Corporation**

**Defendant**

**Schneider Electric USA, Inc.**        represented by **James Lowery**
K&L Gates LLP
1717 Main Street
#2800
Dallas, TX 75201
214-939-5500
Fax: 214-939-5849
*ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps, Incorporated**        represented by **L Hayes Fuller**
Naman Howell et al
400 Austin Ave
Ste 800
Waco, TX 76703
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**        represented by **Clayton L Falls**
K&L Gates LLP
1717 Main Street
Suite 2800
Dallas, TX 75201
214-939-4958
Fax: 214-939-5849
Email: clayton.falls@klgates.com
*ATTORNEY TO BE NOTICED*

**Michael John Ramirez**
K and L Gates LLP
1717 Main St
Ste 2800
Dallas, TX 75219
214-914-3760
Email: michael.ramirez@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**        represented by **Darryl E Atkinson**
Paine Tarwater Bickers LLP
4301 Westbank Dr
Suite B200

Austin, TX 78746
512-328-5551
Email: dea@painetar.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The William Powell Company**                 represented by   **Barbara Jane Barron**
Mehaffy Weber
P O Box 16
Beaumont, TX 77704
409-835-5011
Fax: 409-835-5177 fax
Email:
barbarabarron@mehaffyweber.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Quintee Industries, Inc.**                   represented by   **Sharla J Frost**
*TERMINATED: 02/15/2011*                        Powers Frost LLP
1221 McKinney St
Ste 2400
Houston, TX 77010
713-767-1555
Fax: 713-767-1799
Email: sfrost@powersfrost.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarway Corporation**                         represented by   **Denise U Scofield**
Morgan Lewis et al
1000 Louisiana
Suite 4200
Houston, TX 77002
713-890-5105
Fax: 713-890-5001
Email: dscofield@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**          represented by   **Katherine Williams Binns**
Sedgwick Detert et al
1717 Main St
Ste 5400
Dallas, TX 75227
469-227-4635
Fax: 469-227-8004
Email: katherine.binns@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ITT Corporation**

**Defendant**

**Flowserve Corporation**

**Defendant**

**Goulds Pumps, Incorporated**

**Defendant**

**Occidental Chemical Corp.**                  represented by  **David W Ledyard**
                                                              Strong Pipkin et al
                                                              595 Orleans
                                                              Ste 1400
                                                              Beaumont, TX 77701-3255
                                                              409-981-1100
                                                              Fax: 409-981-1010
                                                              Email: dledyard@strongpipkin.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**J.T. Thorpe & Son, Inc.**                    represented by  **Christopher Alan McKinney**
                                                              Orgain Bell & Tucker LLP
                                                              P O Box 1751
                                                              Beaumont, TX 77704-1751
                                                              409-838-6412
                                                              Email: cam@obt.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Syd Carpenter, Marine Contractor,**          represented by  **Catherine J Faubion**
**Inc.**                                                       Thompson Coe et al
                                                              200 Crescent Court
                                                              11th Floor
                                                              Dallas, TX 75201
                                                              214-871-8208
                                                              Fax: 214-871-8209 fax
                                                              Email: cfaubion@thompsoncoe.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Insulectro**

**Defendant**

**Hills Brothers Chemical Company**

**Defendant**

**Raymond Rice**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/07/2011 | 1 | NOTICE OF REMOVAL from 11th Judicial District Court, case number 2010-79223 (Filing fee $ 350 receipt number 0541-7526217) filed by Foster Wheeler Energy Corporation. (Attachments: # 1 Exhibit Executed Process, # 2 Exhibit Pleadings (Part 1), # 3 Exhibit Pleadings (Part 2), # 4 Exhibit State Court Docket Sheet, # 5 Exhibit Index, # 6 Exhibit List of counsel, # 7 Exhibit Plaintiff's Discovery (Part 1), # 8 Exhibit Plaintiff's Discovery (Part 2), # 9 Civil Cover Sheet)(Binns, Katherine) (Entered: 01/07/2011) |
| 01/07/2011 | 2 | STATEMENT *of Related Litigation* by Foster Wheeler Energy Corporation, filed.(Binns, Katherine) (Entered: 01/07/2011) |
| 01/13/2011 | 3 | ANSWER to Complaint by Yarway Corporation, filed.(Scofield, Denise) (Entered: 01/13/2011) |
| 01/14/2011 | 4 | INITIAL DISCLOSURES by J.T. Thorpe & Son, Inc., filed.(McKinney, Christopher) (Entered: 01/14/2011) |
| 01/14/2011 | 5 | ANSWER to Complaint by J.T. Thorpe & Son, Inc., filed.(McKinney, Christopher) (Entered: 01/14/2011) |
| 01/14/2011 | 6 | NOTICE *of Supplement* re: 1 Notice of Removal,, by The William Powell Company, filed. (Attachments: # 1 Exhibit)(Barron, Barbara) (Entered: 01/14/2011) |
| 02/02/2011 | 7 | SUPPLEMENT to 6 Notice (Other) by Occidental Chemical Corp., filed. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Ledyard, David) (Entered: 02/02/2011) |
| 02/02/2011 | 8 | CORPORATE DISCLOSURE STATEMENT by Union Carbide identifying The Dow Chemical Company as Corporate Parent, filed.(Terry, Michael) (Entered: 02/02/2011) |
| 02/07/2011 | 9 | NOTICE *of Transfer Under Rule 13 of Tag-Along Case* by Raymond Rice, filed. (Attachments: # 1 Plaintiffs Notice of Transfer Under Rule 13 of Tag-Along Case)(Siegel, Charles) Modified on 2/9/2011 (dhansen, ). (Entered: 02/07/2011) |
| 02/07/2011 | 10 | NOTICE *Crane Co.'s Notice of Tag Along Action* by Crane Co., filed. (Falls, Clayton) (Entered: 02/07/2011) |
| 02/07/2011 | 11 | NOTICE *of Tag-Along Action* by Foster Wheeler Energy Corporation, filed. (Binns, Katherine) (Entered: 02/07/2011) |
| 02/08/2011 | 12 | NOTICE *Correspondence Re: Notice of Tag Along* re: 9 Notice (Other) by Raymond Rice, filed. (Siegel, Charles) Modified on 2/10/2011 (dhansen, ). (Entered: 02/08/2011) |
| 02/11/2011 | 13 | SUGGESTION OF BANKRUPTCY by Quintee Industries, Inc., filed.(Frost, Sharla) (Entered: 02/11/2011) |

| 02/15/2011 | 14 | ORDER; Quintec Industries, Inc. is under protection of the automatic stay in Bankruptcy. Accordingly, the case against Quintec Industries, Inc. is severed and administratively closed. Quintec Industries, Inc. terminated.(Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, ) (Entered: 02/15/2011) |
|---|---|---|

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">03/09/2011 15:10:20</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>cs0481</td><td><strong>Client Code:</strong></td><td>Rice, Raymond</td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>4:11-cv-00076</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>4</td><td><strong>Cost:</strong></td><td>0.32</td></tr>
</table>

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY):* 10-14934 COURT *(FOR CLERK USE ONLY):* 44th-B

STYLED RAYMOND RICE VS. CAMERON INTERNATIONAL CORPORATION ET AL.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Kyla Gail Cole | Email: kcole@waterskraus.com | Plaintiff(s)/Petitioner(s): Raymond Rice | ☐Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: 3219 McKinney Ave., | Telephone: 214-357-6244 ext. 2315 | Defendant(s)/Respondent(s): **CAMERON INTERNATIONAL CORPORATION** *f/k/a* COOPER CAMERON CORPORATION *(sued* | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, TX 75204 | Fax: 214-357-7252 | *individually and as successor-in-interest to* COOPER-BESSEMER CORPORATION); | Custodial Parent: |
| Signature: | State Bar No: 24033113 | **CBS CORPORATION** *f/k/a* **VIACOM, INC.,** *(successor-by-merger with* CBS CORPORATION *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION); | Non-Custodial Parent: Presumed Father: |

**COOPER US, INC.** *f/k/a* **COOPER INDUSTRIES, LLC** *as successor-in-interest to* WHITE SUPERIOR DIVISION *f/k/a* SUPERIOR GAS ENGINE COMPANY);
**CRANE CO.** *(sued individually and as successor-in-interest to* CHAPMAN VALVE CO. *and as successor-in-interest to* COCHRANE CORP.);
**EATON CORPORATION** *(sued individually and as successor-in-interest to* EATON ELECTRICAL, INC., *and* CUTLER HAMMER, INC.);
**EMERSON ELECTRIC CO.;**
**FLOWSERVE CORPORATION** *(sued individually and as successor-in-interest to* DURCO INTERNATIONAL);
**FOSTER WHEELER ENERGY CORPORATION;**
**FOSTER WHEELER LLC;**
**GENERAL ELECTRIC COMPANY;**
**GOULDS PUMPS, INCORPORATED;**
**HILLS BROTHERS CHEMICAL COMPANY;**
**IMO INDUSTRIES, INC.** *(sued individually and as successor-in-interest to* DELAVAL STEAM TURBINE COMPANY);
**INGERSOLL-RAND COMPANY;**
**INSULECTRO** *(sued individually and as successor-in-interest to* QUINTEC INDUSTRIES, INC. *and* QUINTEC, INC.);
**ITT CORPORATION** *f/k/a* **ITT INDUSTRIES, INC.** *(sued individually and as successor-in-interest to* BELL & GOSSETT PUMP CO.);
**J.T. THORPE & SON, INC.;**
**METALCLAD INSULATION CORPORATION;**
**NIDEC AMERICA CORPORATION** *(sued individually and as successor-in-interest to* EMERSON ELECTRIC COMPANY);
**OCCIDENTAL CHEMICAL CORPORATION;**
**PLASTIC ENGINEERING COMPANY;**
**QUINTEC INDUSTRIES, INC.** *(sued individually and as successor-in-interest to* WESTERN FIBROUS GLASS

ROCKWELL AUTOMATION, INC.
(*sued individually and as successor-by-merger to* ALLEN-BRADLEY
COMPANY, LLC and *as successor-in-interest to* ROSTONE
CORPORATION*);*
SCHNEIDER ELECTRIC USA, INC.;
SMITHCO ENGINEERING, INC.
*successor-in-interest to* ALCO
PRODUCTS, INC.*);*
SYD CARPENTER, MARINE
CONTRACTOR, INC.;
THOMAS DEE ENGINEERING CO.,
INC.;
UNION CARBIDE CORPORATION;
THE WILLIAM POWELL
COMPANY;
YARWAY CORPORATION

---

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|

**Civil**

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract: _____

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract: _____

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional
   Liability: _____

- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☒ Asbestos/Silica
- ☐ Other Product Liability
   List Product: _____

- ☒ Other Injury or Damage: *Negligence*

**Real Property**
- ☐ Eminent Domain/
   Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property: _____

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—
   Pre-indictment
- ☐ Other: _____

**Family Law**

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign
   Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities
   of Minority
- ☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with
   Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental
   Rights
- ☐ Other Parent-Child: _____

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment: _____

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair
   Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: _____

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: _____

---

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

NO. 10-14934

FILED
2010 NOV 16 PM 2:55
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
_____
DEPUTY

| | | |
|---|---|---|
| RAYMOND RICE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | 44th-B |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| CAMERON INTERNATIONAL | § | |
| CORPORATION *f/k/a* COOPER CAMERON | § | |
| CORPORATION (*sued individually and as* | § | |
| *successor-in-interest to* COOPER-BESSEMBER | § | |
| CORPORATION); | § | |
| CBS CORPORATION *f/k/a* VIACOM, INC., | § | |
| (*successor-by-merger with* CBS | § | |
| CORPORATION *f/k/a* WESTINGHOUSE | § | |
| ELECTRIC CORPORATION); | § | |
| COOPER US, INC. *f/k/a* COOPER | § | |
| INDUSTRIES, LLC (*as successor-in-interest to* | § | |
| WHITE SUPERIOR DIVISION *f/k/a* | § | |
| SUPERIOR GAS ENGINE COMPANY); | § | |
| CRANE CO. (*sued individually and as* | § | |
| *successor-in-interest to* CHAPMAN VALVE | § | |
| CO. *and as successor-in-interest to* | § | |
| COCHRANE CORP.); | § | |
| EATON CORPORATION (*sued individually* | § | |
| *and as successor-in-interest to* EATON | § | |
| ELECTRICAL, INC., and CUTLER HAMMER, | § | |
| INC.); | § | |
| EMERSON ELECTRIC CO.; | § | |
| FLOWSERVE CORPORATION (*sued* | § | |
| *individually and as successor-in-interest to* | § | |
| DURCO INTERNATIONAL); | § | |
| FOSTER WHEELER ENERGY | § | |
| CORPORATION; | § | |
| FOSTER WHEELER LLC; | § | |
| GENERAL ELECTRIC COMPANY; | § | |
| GOULDS PUMPS, INCORPORATED; | § | |
| HILLS BROTHERS CHEMICAL | § | |
| COMPANY; | § | |
| IMO INDUSTRIES, INC. (*sued individually* | § | |

*and as successor-in-interest to* DELAVAL
STEAM TURBINE COMPANY);
**INGERSOLL-RAND COMPANY;**
**INSULECTRO** (*sued individually and as*
*successor-in-interest to* QUINTEC
INDUSTRIES, INC. *and* QUINTEC, INC.);
**ITT CORPORATION** *f/k/a* **ITT**
**INDUSTRIES, INC.** (*sued individually and as*
*successor-in-interest to* BELL & GOSSETT
PUMP CO.);
**J.T. THORPE & SON, INC.;**
**METALCLAD INSULATION**
**CORPORATION;**
**NIDEC AMERICA CORPORATION** (*sued*
*individually and as successor-in-interest to*
EMERSON ELECTRIC COMPANY);
**OCCIDENTAL CHEMICAL**
**CORPORATION;**
**PLASTIC  ENGINEERING COMPANY;**
**QUINTEC INDUSTRIES, INC.** (*sued*
*individually and as successor-in-interest to*
WESTERN FIBROUS GLASS PRODUCTS
CO.);
**ROCKWELL AUTOMATION, INC.** (*sued*
*individually and as successor-by-merger to*
ALLEN-BRADLEY COMPANY, LLC and *as*
*successor-in-interest to* ROSTONE
CORPORATION);
**SCHNEIDER ELECTRIC USA, INC.;**
**SMITHCO ENGINEERING, INC.** *successor-*
*in-interest to* ALCO PRODUCTS, INC.);
**SYD CARPENTER, MARINE**
**CONTRACTOR, INC.;**
**THOMAS DEE ENGINEERING CO., INC.;**
**UNION CARBIDE CORPORATION;**
**THE WILLIAM POWELL COMPANY;**
**YARWAY CORPORATION,**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**44th** **JUDICIAL DISTRICT**

**Defendants.**

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiff, RAYMOND RICE, complaining of the various Defendants listed below, and for cause of action would show the Court and Jury as follows:

I.

1.       Pursuant to T.R.C.P. 190.1, discovery will be conducted under Level 2 (T.R.C.P. 190.3). Certain Defendants named herein reside in this county, maintain offices in this county, and/or have their principal place of business in this county; therefore, venue properly lies in this county. Certain acts or omissions that form the basis for this lawsuit occurred in this County. Certain acts or omissions, which were a proximate or producing cause of Plaintiff's asbestos-related injuries, occurred in Texas.

2.       The damages sought by Plaintiff, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3.       Plaintiff RAYMOND RICE resides at 1906 Jaclyn Lane, Vernon, Texas 76384.

4.       Defendant, **CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION** (*sued individually and as successor-in-interest to* COOPER-BESSEMBER CORPORATION), may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Ste. 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

5.       Defendant, **CBS CORPORATION *f/k/a* VIACOM, INC.**, (*successor-by-merger with* CBS CORPORATION *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION)**,** may be served with process through its registered agent, Corporation Service d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218. This Defendant is being sued as an Equipment Defendant.

6.       Defendant, **COOPER US, INC. *f/k/a* COOPER INDUSTRIES, LLC** *as successor-in-interest to* WHITE SUPERIOR DIVISION *f/k/a* SUPERIOR GAS ENGINE COMPANY), may

be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Ste. 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

7.    Defendant, **CRANE CO.** (*sued individually and as successor-in-interest to* CHAPMAN VALVE CO. *and as successor-in-interest to* COCHRANE CORP.)**,** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Ste, 2900, Dallas, Texas 75201-4234. This Defendant is being sued as an Equipment Defendant.

8.    Defendant, **EATON CORPORATION** (*sued individually and as successor-in-interest to* EATON ELECTRICAL, INC., and CUTLER HAMMER, INC.)**,** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Ste, 2900, Dallas, Texas 75201-4234. This Defendant is being sued as an Equipment Defendant.

9.    Defendant, **EMERSON ELECTRIC CO.,** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Ste, 2900, Dallas, Texas 75201-4234. This Defendant is being sued as an Equipment Defendant.

10.    Defendant, **FOSTER WHEELER ENERGY CORPORATION,** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Ste, 2900, Dallas, Texas 75201-4234. This Defendant is being sued as an Equipment Defendant.

11.    Defendant, **FOSTER WHEELER LLC,** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas at its principal place of business, Perryville Corporate park, Clinton, NJ 08809, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as an Equipment Defendant.

12.    Defendant, **FLOWSERVE CORPORATION** (*sued individually and as successor-in-interest to* DURCO INTERNATIONAL), may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Ste, 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

13.    Though Defendant, **GENERAL ELECTRIC COMPANY** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process

through the Secretary of State for the State of Texas at its principal place of business, 3135 Easton Turnpike, Fairfield, CT 06828, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as an Equipment Defendant.

14.     Defendant, **GOULDS PUMPS, INCORPORATED,** may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Ste. 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

15.     Though Defendant, **HILLS BROTHERS CHEMICAL COMPANY** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas at its principal place of business, 1675 N. Main St., Orange, CA 92867, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as a Manufacture Defendant.

16.     Defendant, **IMO INDUSTRIES, INC.** (*sued individually and as successor-in-interest to* DELAVAL STEAM TURBINE COMPANY)**,** may be served with process through its registered agent, Corporation Service Company d/b/s CSC- Lawyers, Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218. This Defendant is being sued as an Equipment Defendant.

17.     Defendant, **INGERSOLL-RAND COMPANY**, may be served may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

18.     Defendant, **INSULECTRO** (*sued individually and as successor-in-interest to* QUINTEC INDUSTRIES, INC. *and* QUINTEC, INC.)**,** may be served with process through its registered agent, Dean H. Butler, 11425 Mathis Ave., Suite 500, Dallas, Texas 75234. This Defendant is being sued as a Supplier Defendant.

19.     Defendant, **ITT CORPORATION** *f/k/a* **ITT INDUSTRIES, INC.** (*sued individually and as successor-in-interest to* BELL & GOSSETT PUMP CO.)**,** may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

20.     Defendant, **J.T. THORPE & SON, INC.,** may be served through its registered agent,

Corporation Service Company d/b/s CSC- Lawyers, Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218. This Defendant is being sued as a Contractor Defendant.

21.    Though Defendant, **METALCLAD INSULATION CORPORATION**, has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas at its principal place of business, 1818 E. Rosslynn Ave., Fullerton, CA 92831, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as a Contractor Defendant.

22.    Though Defendant, **NIDEC AMERICA CORPORATION** (*sued individually and as successor-in-interest to* EMERSON ELECTRIC COMPANY), has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas at its principal place of business, 100 River Ridge Drive, Suite 300, Norwood, MA 02062, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as an Equipment Defendant.

23.    Defendant, **OCCIDENTAL CHEMICAL CORPORATION,** may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as a Supplier Defendant.

24.    Though Defendant, **PLASTIC ENGINEERING COMPANY**, has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas at its principal place of business, 3518 Lakeshore Rd., Sheboygan, WI 53083, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as a Supplier Defendant.

25.    Though Defendant, **QUINTEC INDUSTRIES, INC.** (*sued individually and as successor-in-interest to* WESTERN FIBROUS GLASS PRODUCTS CO.) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas at its principal place of business, 1435 East 2000

North, Lehi UT, 84043, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as a Supplier Defendant.

26.     Defendant, **ROCKWELL AUTOMATION, INC.** (*sued individually and as successor-by-merger to* ALLEN-BRADLEY COMPANY, LLC and *as successor-in-interest to* ROSTONE CORPORATION)**,** may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

27.     Defendant, **SCHNEIDER ELECTRIC USA, INC.,** may be served through its registered agent, Corporation Service Company d/b/s CSC- Lawyers, Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218. This Defendant is being sued as an Equipment Defendant. This Defendant is being sued as an Equipment Defendant.

28.     Though Defendant, **SMITHCO ENGINEERING, INC.** *successor-in-interest to* ALCO PRODUCTS, INC.)**,** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas at its principal place of business, 3333 Beverly Road, Hoffman Estates, IL 60179, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as an Equipment Defendant.

29.     Though Defendant, **SYD CARPENTER, MARINE CONTRACTOR, INC.,** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas through its registered agent, c/o Kenneth B. Prindle, Esq., Prindle, Decker & Amaro, LLP, 310 Long Beach, CA 90802, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as a Contractor Defendant.

30.     Though Defendant, **THOMAS DEE ENGINEERING CO., INC.,** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas through its principal places of

business, 4314 Redwood Hwy # 300, San Raphael, CA 94903, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as a Contractor Defendant.

31.     Defendant, **UNION CARBIDE CORPORATION,** may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as an Supplier Defendant.

32.     Though Defendant, **THE WILLIAM POWELL COMPANY,** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent, it has not designated such an agency. Therefore, said corporation may be served with process through the Secretary of State for the State of Texas at its principal place of business, 2503 Spring Grove Avenue, Cincinnati, OH 45214, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. This Defendant is being sued as an Equipment Defendant.

33.     Defendant **YARWAY CORPORATION** may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

34.     This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

35.     Each and every allegation in this Petition is expressly made in the alternative to, as well as in addition to, every other allegation.

### COUNT ONE
### ALLEGATIONS AGAINST MANUFACTURING DEFENDANT

1.     Plaintiff alleges that Plaintiff, RAYMOND RICE, was exposed to asbestos-containing products in his occupation. Defendant, **HILLS BROTHERS CHEMICAL COMPANY** or its predecessor-in-interest is, or, at times material hereto, has been engaged in the mining, processing, manufacturing, sale, and distribution of asbestos or asbestos-containing products. Plaintiff would show that Plaintiff RAYMOND RICE has been exposed, on numerous occasions, to asbestos-containing products produced and sold by Defendant and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiff alleges, as more specifically set out below, that Plaintiff

RAYMOND RICE has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendant. In that each exposure to such products caused or contributed to Plaintiff's injuries, Plaintiff RAYMOND RICE says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

2.      Plaintiff RAYMOND RICE was exposed to asbestos-containing products that were manufactured, designed, and distributed by the Defendant and its predecessor-in-interest for use as construction materials. Plaintiff would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products were in this defective condition at the time they were designed by or left the hands of Defendant. Plaintiff would show that Defendant's asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiff would show that this market defect rendered such products unreasonably dangerous at the time they were designed or left the hands of the Defendant. Plaintiff would show that Defendant is liable in product liability including, but not limited to, strict product liability for the above-described defects.

3.      The Defendant is or was engaged in the business of selling, manufacturing, producing, designing, and otherwise putting into the stream of commerce asbestos-containing products and these asbestos-containing products, without substantial change in the condition in which they were sold, manufactured, produced, designed, and otherwise put into the stream of commerce, were a proximate and producing cause of the injuries of Plaintiff RAYMOND RICE.

4.      Defendant knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation of the asbestos-containing products.

5.      Plaintiff RAYMOND RICE was unaware of the hazards and defects in the asbestos-containing products of the Defendant, which made them unsafe for purposes of manipulation or installation.

6.     During the periods that Plaintiff RAYMOND RICE was exposed to the asbestos-containing products of the Defendant, these asbestos-containing products were being utilized in a manner, which was intended by Defendant.

7.     In the event that Plaintiff RAYMOND RICE is unable to identify each injurious exposure to asbestos-containing products, Plaintiff would show the Court that the Defendant named herein represent or represented a substantial share of the relevant market of asbestos-containing products at all times material to the cause of action.  Consequently, Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

8.     The illness and disabilities of Plaintiff RAYMOND RICE are a direct and proximate result of the negligence of each Defendant and its predecessor-in-interest in that said entities produced, designed, sold, and otherwise put into the stream of commerce asbestos and asbestos-containing products, which the Defendant knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff RAYMOND RICE's health and well-being. Defendant created hazardous and deadly conditions to which Plaintiff was exposed and which caused Plaintiff to be exposed to a large amount of asbestos fibers. The Defendant was negligent in one, some, or all of the following respects, among others, same being the proximate cause of Plaintiff RAYMOND RICE's illness and disabilities:

(a)     in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos and asbestos-containing products;

(b)     in failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff from being harmed and disabled by exposure to asbestos and asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos and asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt, and enforce a safety plan and safe method of handling and installing asbestos and asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos and asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products before they were released for consumer use; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

## COUNT TWO
## ALLEGATIONS AGAINST NAVAL EQUIPMENT MANUFACTURERS

36.     All of the allegations contained in the previous paragraphs are re-alleged.

37.     Defendants **CAMERON INTERNATIONAL CORPORATION** *f/k/a* COOPER CAMERON CORPORATION (*sued individually and as successor-in-interest to* COOPER-BESSEMBER CORPORATION), **CBS CORPORATION** *f/k/a* **VIACOM, INC.**, (*successor-by-merger with* CBS CORPORATION *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION), **CRANE CO.** (*sued individually and as successor-in-interest to* CHAPMAN VALVE CO. *and as successor-in-interest to* COCHRANE CORP.), **COOPER US, INC.** *f/k/a* **COOPER INDUSTRIES, LLC** *as successor-in-interest to* WHITE SUPERIOR DIVISION *f/k/a* SUPERIOR GAS ENGINE COMPANY), **EMERSON ELECTRIC CO., EATON CORPORATION** (*sued individually and as successor-in-interest to* EATON ELECTRICAL, INC., and CUTLER HAMMER, INC.), **FOSTER WHEELER ENERGY CORPORATION, FOSTER WHEELER LLC, FLOWSERVE CORPORATION** (*sued individually and as successor-in-interest to* DURCO INTERNATIONAL), **GENERAL ELECTRIC COMPANY, GOULDS PUMPS, INCORPORATED, IMO INDUSTRIES, INC.** (*sued individually and as successor-in-interest to*

DELAVAL STEAM TURBINE COMPANY), **INGERSOLL-RAND COMPANY, ITT CORPORATION** *f/k/a* **ITT INDUSTRIES, INC.** (*sued individually and as successor-in-interest to* BELL & GOSSETT PUMP CO.), **NIDEC AMERICA CORPORATION** (*sued individually and as successor-in-interest to* EMERSON ELECTRIC COMPANY), **ROCKWELL AUTOMATION, INC.** (*sued individually and as successor-by-merger to* ALLEN-BRADLEY COMPANY, LLC and *as successor-in-interest to* ROSTONE CORPORATION), **SMITHCO ENGINEERING, INC.** *successor-in-interest to* ALCO PRODUCTS, INC.), **SCHNEIDER ELECTRIC USA, INC., THE WILLIAM POWELL COMPANY,** and **YARWAY CORPORATION** are hereinafter referred to as the Naval Equipment Manufacturers. The Naval Equipment Manufacturers are sued only for their failure to warn of the hazards of asbestos exposure, and are not being sued on any other theory. This failure to warn renders the Naval Equipment Manufacturers liable in both in negligence, and in strict products liability for a marketing defect.

38.     In particular, the Naval Equipment Manufacturers were negligent in one or both of the following ways, these being proximate causes of Plaintiff's illnesses and disabilities and/or death:

(a)     in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and machinery requiring or calling for the use of asbestos and asbestos-containing products;

(b)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and machinery;

39.     Plaintiff would also show that the Naval Equipment Manufacturers' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiff would show that this marketing defect rendered such products and machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Naval Equipment Manufacturers. Plaintiff would show that Defendants are liable in strict product liability for this marketing defect.

40.     The Naval Equipment Manufacturers are or were engaged in the business of selling, manufacturing, producing, designing and otherwise putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed or otherwise put into the stream of commerce were a proximate and/or producing cause of the injuries of Plaintiff.

41.     The Naval Equipment Manufacturers knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation of the asbestos-containing products or operation, maintenance and repair of the machinery requiring or calling for the use of asbestos and asbestos-containing products.

42.     Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Naval Equipment Manufacturers, which made them unsafe for purposes of manipulation or installation.  Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and asbestos-containing materials.

43.     During the periods that Plaintiff was exposed to the asbestos-containing products and machinery of the Naval Equipment Manufacturers, these asbestos-containing products and machinery were being utilized in a manner, which was intended by the Naval Equipment Manufacturers.

## COUNT THREE
## ALLEGATIONS AGAINST SUPPLIER DEFENDANTS

All of the allegations contained in the previous paragraphs are re-alleged.

45.     For all pertinent times, **OCCIDENTAL CHEMICAL CORPORATION**, **PLASTIC ENGINEERING COMPANY, INSULECTRO** (*sued individually and as successor-in-interest to* QUINTEC INDUSTRIES, INC. *and* QUINTEC, INC.)**, QUINTEC INDUSTRIES, INC.** (*sued individually and as successor-in-interest to* WESTERN FIBROUS GLASS PRODUCTS CO.), and **UNION CARBIDE CORPORATION** (Supplier Defendants), sold, distributed, and supplied

asbestos and asbestos-containing products, which Plaintiff came in contact with and utilized, and asbestos which Plaintiff inhaled, causing his injuries and illnesses. Specifically, **UNION CARBIDE CORPORATION** fraudulently misrepresented that its Calidria asbestos was safer than other types of chrysotile asbestos to induce asbestos manufacturers to purchase Calidria, when **UNION CARBIDE CORPORATION** knew that no scientific basis existed for making such a claim.

46.     Supplier Defendants as manufacturers, miners, shippers and suppliers of asbestos fibers and products to various locations owned or operated by asbestos product manufacturers, are liable to Plaintiff for failure to warn of the health hazards of exposure to asbestos and failure to design and package their asbestos product so as to adequately protect and warn users of the dangers of exposure to asbestos.

47.     Further, Supplier Defendants are liable to Plaintiff as professional vendors of asbestos-containing products, and as such, because of the Defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products they sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

48.     Further, Supplier Defendants made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers, thereby fraudulently inducing other sophisticated users to use Supplier Defendants' asbestos instead of other types. As such, Supplier Defendants are liable to the Plaintiff suffering from a disease caused by exposure to the Supplier Defendants' asbestos because Supplier Defendants' fraudulent misrepresentations were detrimentally relied upon (1) by asbestos-product manufacturers incorporating Supplier Defendants' raw asbestos into their finished product and (2) by the Plaintiff who was exposed to the asbestos-containing product.

49.     Finally, Supplier Defendants are liable to Plaintiff because they knew or should have known that the asbestos products, which they sold and supplied, were unreasonably dangerous in normal use, and their failure to communicate this information constitutes negligence. This negligence was the cause of Plaintiff's injuries, including, but not limited to, mesothelioma, asbestosis, asbestos-induced pleural disease and other ill health effects.

## COUNT FOUR
## ALLEGATIONS AGAINST CONTRACTOR DEFENDANTS

50.    All of the allegations contained in the previous paragraphs are re-alleged herein

51.    The injuries of Plaintiff are a direct and proximate result of the negligence of each Defendant or its predecessor-in-interest in that said entities produced, designed, sold or otherwise put into the stream of commerce, asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's health and well-being.   Certain Defendants, **J.T. THORPE & SON, INC., METALCLAD INSULATION CORPORATION,** and **THOMAS DEE ENGINEERING CO., INC.,** created hazardous and deadly conditions to which Plaintiff was exposed and which caused Plaintiff to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiff's injuries:

(a)    in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos and asbestos-containing products;

(b)    in failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff from being harmed and disabled by exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products;

(c)    in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and machinery requiring or calling for the use of asbestos or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and machinery;

(d)    in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan or safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos or asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and the machinery requiring or calling for the use of asbestos or asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, and machinery requiring or calling for the use of asbestos or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products and machinery before they were released for consumer use; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

**COUNT FIVE**
**ALLEGATIONS AGAINST DISTRIBUTOR DEFENDANT**

52.     All of the allegations contained in the previous paragraphs are re-alleged.

53.     For all pertinent times, **QUINTEC INDUSTRIES, INC.** (*sued individually and as successor-in-interest to* WESTERN FIBROUS GLASS PRODUCTS CO.) (Distributor Defendant), individually, sold, distributed, and supplied asbestos and asbestos-containing product(s), which Plaintiff came in contact with and utilized, and asbestos which Plaintiff inhaled, causing his injuries and illnesses.

54.     Further, Distributor Defendant is liable to Plaintiff as professional vendors of asbestos-containing products, and as such, because of the Defendant's size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products it sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

55.     For all pertinent times, **QUINTEC INDUSTRIES, INC.** (*sued individually and as successor-in-interest to* WESTERN FIBROUS GLASS PRODUCTS CO.) sold, distributed and supplied asbestos and asbestos-containing product(s) which were unreasonably dangers for consumers and end users such as Plaintiff.

56.     These products reached consumers and end users such as Plaintiff without substantial change from the condition in which they were sold.

57.    Finally, Distributor Defendant is liable to Plaintiff because they knew or should have known that the asbestos products, which they sold and supplied, were unreasonably dangerous in normal use, and their failure to communicate this information constitutes negligence.   This negligence was the cause of Plaintiff's injuries, including, but not limited to, mesothelioma and other ill health effects.

**COUNT SIX**
**CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS**

58.    All of the allegations contained in the previous paragraphs are re-alleged herein.

59.    Plaintiff further allege that Defendants or their predecessors-in-interest knowingly agreed, contrived, combined, confederated, and conspired among themselves and with other entities to cause Plaintiff's injuries by exposing him to harmful and dangerous asbestos-containing products and machinery requiring or calling for asbestos-containing products.   Defendants and other entities further knowingly agreed, contrived, combined, confederated, and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and machinery or to expose himself to said dangers.   Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products.

60.    In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)    for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and machinery calling for the use of asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)    despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff who was using and being exposed to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products;

(2)     caused to be released, published, and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated, and misleading; and

(3)     distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and machinery requiring or calling for the use of asbestos and being exposed to the inhalation of asbestos dust and fibers by falsely stating or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff have suffered.

(c)     Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators") member companies in the Quebec Asbestos Mining Association, the Asbestos Textile Institute, or the Industrial Hygiene Foundation.  Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)     In addition, Defendants contrived, combined, confederated, and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such

standards would not protect workers such as Plaintiff from contracting asbestos disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions, and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions, and concealments to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos which caused the release of respirable asbestos fibers.

61.     Plaintiff reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products.

62.     As a direct and proximate result of Plaintiff's reliance on Defendants' false and fraudulent representations, omissions, and concealments Plaintiff sustained damages including injuries, illnesses, and disabilities and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products.

## COUNT SEVEN
## GROSS NEGLIGENCE ALLEGATIONS AGAINST ALL DEFENDANTS

63.     All of the allegations contained in the previous paragraphs are re-alleged herein.

64.     The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct or malice resulting

in damages and injuries to the Plaintiff.   Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendant that the conduct would, in reasonable probability, result in human deaths or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness or malice with regard to the Plaintiff and should be held liable in punitive and exemplary damages to Plaintiff.

**COUNT EIGHT**
**AIDING AND ABETTING ALLEGATIONS AGAINST ALL DEFENDANTS**

65.     All of the allegations contained in the previous paragraphs are re-alleged herein.

66.     The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent or intentional acts of each and every other Defendant.

67.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiff.

68.     The actions of each of the Defendants are a proximate cause of Plaintiff's injuries.   As a result, all Defendants are jointly liable for the damage caused by their combined actions.

**COUNT NINE**
**NEGLIGENCE PER SE ALLEGATIONS AGAINST ALL DEFENDANTS**

69.     All of the allegations contained in the previous paragraphs are re-alleged herein.

70.     The actions of all Defendants also constituted negligence *per se.*

71.     Each Defendant violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence *per se* or negligence as a matter of law.   Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff.   Plaintiff is not making any claims under federal law; instead, Plaintiff is simply using the violation of federal standards as proof of liability on their state-law theories.   Further, the reference to Federal regulations does not create a Federal question. See *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986).   Any removal on this basis will be met with an immediate motion for remand and for sanctions.

72.     The negligence *per se* of each Defendant was a proximate cause of Plaintiff's injuries.

## DAMAGES

73.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related mesothelioma of Plaintiff, and of the following general and special damages including:

  (a)     Damages to punish Defendants for proximately causing Plaintiff's untimely injuries and illness;

  (b)     The conscious physical pain and suffering and mental anguish sustained by Plaintiff;

  (c)     The physical impairment suffered by Plaintiff;

  (d)     The disfigurement suffered by Plaintiff;

  (e)     Reasonable and necessary medical expenses incurred by Plaintiff;

  (f)     Plaintiff's mental anguish caused by the extraordinarily increased likelihood of developing  (or the progression and recurrence of) asbestos-related cancer of the lungs, mesothelioma, and other cancers due to said exposure to products manufactured, sold, and distributed by the named Defendants;

74.     By their acts and omissions described herein, Defendants intentionally, knowingly, and recklessly caused serious bodily injury to Plaintiff within the meaning of Tex.Civ.Prac.& Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

75.     Plaintiff filed suit within two (2) years of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action.

76.     Plaintiff discovered his injury and its cause less then two years prior to the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and each of them, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiff may show themselves justly entitled.

## JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

**WATERS & KRAUS, LLP**

KYLA GAIL COLE
State Bar No. 24033113
PETER A. KRAUS
State Bar No. 11712980

3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

ATTORNEYS FOR PLAINTIFF