ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00749-WHA

Silver v. Foster Wheeler LLC et al
Assigned to: Hon. William H. Alsup
Cause: 28:1332 Diversity-Product Liability

Date Filed: 02/18/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Donald Silver**

represented by **Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**Northrop Grumman Shipbuilding, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/28/2011 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. William H. Alsup for all further proceedings. Judge Magistrate Judge Joseph C. Spero no longer assigned to the case.. Signed by Executive Committee on 2/28/11. (as, COURT STAFF) (Filed on 2/28/2011) (Entered: 02/28/2011) |

| 02/28/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klhS, COURT STAFF) (Filed on 2/28/2011) (Entered: 02/28/2011) |
|---|---|---|
| 02/18/2011 |  | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/23/2011) |
| 02/18/2011 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 5/20/2011. Case Management Conference set for 5/27/2011 01:30 PM in Courtroom A, 15th Floor, San Francisco. (gba, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/23/2011) |
| 02/18/2011 | 5 | Summons Issued as to Foster Wheeler LLC, Northrop Grumman Shipbuilding, Inc.. (gba, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/23/2011) |
| 02/18/2011 | 4 | NOTICE of Tag-Along Action by Donald Silver (gba, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/23/2011) |
| 02/18/2011 | 3 | Certificate of Interested Entities by Donald Silver (gba, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/23/2011) |
| 02/18/2011 | 2 | Declination to Proceed Before a U.S. Magistrate Judge by Donald Silver. (gba, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/23/2011) |
| 02/18/2011 | 1 | COMPLAINT for Asbestos; Demand for Jury Trial against Foster Wheeler LLC, Northrop Grumman Shipbuilding, Inc. (Filing fee $ 350.00, receipt number 34611056506). Filed by Donald Silver. (Attachments: # 1 Civil Cover Sheet) (gba, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/23/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/01/2011 13:16:49 | | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-00749-WHA |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |



1  ALAN R. BRAYTON, ESQ., S.B. #73685
2  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON❖PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169   **E-filing**
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiff

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

11  DONALD SILVER,                      ) No. **11    0749**

12              Plaintiff,              )
                                        )   COMPLAINT FOR ASBESTOS
13  vs.                                 )   PERSONAL INJURY/ PRODUCTS
                                        )   LIABILITY; DEMAND FOR JURY TRIAL
14  FOSTER WHEELER LLC (FKA FOSTER )
    WHEELER CORPORATION),               )
15  NORTHROP GRUMMAN                    )
    SHIPBUILDING, INC.,                 )
16                                      )
                Defendants.             )
17  _____ )

18                          **I.**

19                       **PARTIES**

20       1.    Plaintiff in this action, DONALD SILVER, has sustained asbestos-related lung

21  injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

22  asbestos.

23       2.    Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos

24  fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

25       3.    The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit**

26  **A**, attached to Plaintiff's complaint and incorporated by reference herein.

27       4.    All of Plaintiff's claims arise out of repeated exposure to asbestos-containing

28  products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or

K:\Injured\114981\FED\PLD\cmp fed (pi).wpd                    1
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1 maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of
2 toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative,
3 progressive, incurable lung diseases.

4     5.     Plaintiff claims damages for an asbestos-related disease arising from a series of
5 occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing
6 products, when handled in the manner in which they were intended, released harmful asbestos
7 fibers which when inhaled by Plaintiff, caused serious lung disease.

8     6.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured
9 Plaintiff.

10     7.     Plaintiff is informed and believes, and thereon alleges that at all times herein
11 mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole
12 proprietorships and/or other business entities organized and existing under and by virtue of the
13 laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
14 said defendants, and each of them, were and are authorized to do and are doing business in the
15 State of California, and that said defendants have regularly conducted business in the County of
16 San Francisco, State of California.

17                               **II.**

18        **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

19     8.     Jurisdiction: Plaintiff DONALD SILVER is a citizen of the State of Oregon.

20     Defendants are each corporations incorporated under the laws of and having its principal
21 places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |

26     This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action
27 between citizens of different states in which the matter in controversy exceeds, exclusive of costs
28 and interest, seventy-five thousand dollars.

1    9.    Venue / Intradistrict Assignment. Venue is proper in the Northern District of

2  California and assignment to the San Francisco Division of said district is proper as a substantial

3  part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred

4  within the County of San Francisco, California, and Defendants are subject to personal

5  jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

10    PLAINTIFF DONALD SILVER COMPLAINS OF DEFENDANTS FOSTER

11  WHEELER LLC (FKA FOSTER WHEELER CORPORATION), NORTHROP GRUMMAN

12  SHIPBUILDING, INC., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND

13  FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

14    10.    At all times herein mentioned, each of the named defendants was the successor,

15  successor in business, successor in product line or a portion thereof, assign, predecessor,

16  predecessor in business, predecessor in product line or a portion thereof, parent, holding

17  company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

18  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

19  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

20  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

21  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

22  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

23  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

24  asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be

25  called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

26  conduct of each successor, successor in business, successor in product line or a portion thereof,

27  assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

28  venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

1  entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,
2  designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,
3  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
4  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
5  products containing asbestos. The following defendants, and each of them, are liable for the acts
6  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
7  destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each
8  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE
9  ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each
10  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
11  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
12  originally attached to each such ALTERNATE ENTITY:

13  | DEFENDANT | ALTERNATE ENTITY |
    |---|---|
14  | FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
15  | NORTHROP GRUMMAN<br>SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK<br>COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |

21        11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and
22  each of them, were and are engaged in the business of researching, manufacturing, fabricating,
23  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
24  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,
25  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,
26  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
27  otherwise directing and/or facilitating the use of, or advertising a certain product, namely
28  asbestos and other products containing asbestos.

12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

///

15.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

16.     As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

17.     Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this

///

1  time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost
2  thereof is ascertained.

3      21.    As a further direct and proximate result of the said conduct of the defendants,
4  their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature
5  and extent of which are not yet known to Plaintiff; and leave is requested to amend this
6  complaint to conform to proof at the time of trial.

7      22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
8  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
9  had full knowledge of, or should have known of, each of the acts set forth herein.

10     23.    Defendants, their "alternate entities," and each of them, are liable for the
11 fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
12 and each defendant's officers, directors and managing agents participated in, authorized,
13 expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
14 each of their ALTERNATE ENTITIES as set forth herein.

15     24.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
16 and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
17 disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of
18 example and by way of punishing said defendants, seeks punitive damages according to proof.

19     WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
20 each of them, as hereinafter set forth.

21                      SECOND CAUSE OF ACTION
                           (Products Liability)
22

23     AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
24 ACTION FOR PRODUCTS LIABILITY, PLAINTIFF DONALD SILVER COMPLAINS OF
25 DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),
26 NORTHROP GRUMMAN SHIPBUILDING, INC., THEIR "ALTERNATE ENTITIES," AND
27 EACH OF THEM, AS FOLLOWS:
28 ///

1        25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the
2 allegations contained in each paragraph of the First Cause of Action herein.

3        26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended
4 that the above-referenced asbestos and asbestos-containing products would be used by the
5 purchaser or user without inspection for defects therein or in any of their component parts and
6 without knowledge of the hazards involved in such use.

7        27.    Said asbestos and asbestos-containing products were defective and unsafe for their
8 intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The
9 defect existed in the said products at the time they left the possession of defendants, their
10 "alternate entities," and each of them. Said products did, in fact, cause personal injuries,
11 including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff
12 herein, while being used in a reasonably foreseeable manner, thereby rendering the same
13 defective, unsafe and dangerous for use.

14        28.    "Exposed persons" did not know of the substantial danger of using said products.
15 Said dangers were not readily recognizable by "exposed persons". Said defendants, their
16 ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
17 which Plaintiff and others similarly situated were exposed.

18        29.    In researching, manufacturing, fabricating, designing, modifying, testing or failing
19 to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
20 sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
21 marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
22 and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
23 did so with conscious disregard for the safety of "exposed persons" who came in contact with
24 said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
25 ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
26 death resulting from exposure to asbestos or asbestos-containing products, including, but not
27 limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
28 from scientific studies performed by, at the request of, or with the assistance of, said defendants,

1   their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

2   defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

3        30.   On or before 1930, and thereafter, said defendants, their ALTERNATE

4   ENTITIES and each of them, were aware that members of the general public and other "exposed

5   persons", who would come in contact with their asbestos and asbestos-containing products, had

6   no knowledge or information indicating that asbestos or asbestos-containing products could

7   cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

8   members of the general public and other "exposed persons", who came in contact with asbestos

9   and asbestos-containing products, would assume, and in fact did assume, that exposure to

10  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

11  hazardous to health and human life.

12       31.   With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

13  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

14  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

15  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

16  asbestos-containing products without attempting to protect "exposed persons" from or warn

17  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

18  asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn

19  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

20  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

21  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

22  and suppressed said knowledge from "exposed persons" and members of the general public, thus

23  impliedly representing to "exposed persons" and members of the general public that asbestos and

24  asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

25  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

26  representations with the knowledge of the falsity of said implied representations.

27       32.   The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

28  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

1  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

2  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

3  sale, inspection, installation, contracting for installation, repair, marketing, warranting,

4  rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-

5  containing products. In pursuance of said financial motivation, said defendants, their

6  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

7  persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

8  containing products to cause injury to "exposed persons" and induced persons to work with and

9  be exposed thereto, including Plaintiff.

10       33.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE

11  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

12  products to be safe for their intended use but that their asbestos and asbestos-containing products,

13  created an unreasonable risk of bodily harm to exposed persons.

14       34.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos

15  and various asbestos-containing products manufactured, fabricated, inadequately researched,

16  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered

17  for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

18  marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

19  aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

20  cannot identify precisely which asbestos or asbestos-containing products caused the injuries

21  complained of herein.

22       35.     Plaintiff relied upon defendants', their "alternate entities'", and each of their

23  representations, lack of warnings, and implied warranties of fitness of asbestos and their

24  asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

25  been injured permanently as alleged herein.

26       36.     As a direct and proximate result of the actions and conduct outlined herein,

27  Plaintiff has suffered the injuries and damages previously alleged.

28  ///

K:\Injured\114981\FED\PLD\cmp fed (pi).wpd                    10
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1        EXHIBIT A

2   Plaintiff: DONALD SILVER

3

4   Plaintiff's injuries:  Plaintiff's exposure to asbestos and asbestos-containing products caused

5   severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties

6   and/or other lung damage.  Plaintiff was diagnosed with lung cancer on or about June 2010.

7

8   Retirement Status:  The injured party retired from his last place of employment at regular

9   retirement age.  He has therefore suffered no disability from his asbestos-related disease as

10  "disability" is defined in California Code of Civil Procedure § 340.2.

11

12  Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may

13  have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by

14  Defendants.  Plaintiff's exposure to asbestos occurred at the following times and places, and

15  involved exposure to dust created by the contractors and the products of the entities listed below.

16  The exposure includes, but is not limited, to the following presently known contractors and the

17  manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Gus Tyo Contractor, Massena, NY | Apartment building, North Main St. Massena, NY; Homes, Massena, NY | Drywall Carpenter | 6/1956-9/1956 (Summer) |

Job Duties:  Plaintiff mixed, applied and sanded joint and taping compound during new construction. Plaintiff recalls supervisor and company owner, Gus Tyo, Massena, New York. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Massena Construction, Massena, NY | Saint Lawrence Seaway, Massena, NY, area | Heavy Equipment Operator | 1957 |

Job Duties:  Plaintiff drove and operated an excavator during construction of the Saint Lawrence Seaway canal. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, Great Lakes, IL | Trainee | 1957-1/1958 |
| | SHANGRI-LA (CV-38), at the following locations: | Machinists Mate | 1/1958-10/1959 |
| | WESTPAC Cruise; | | |
| | Naval Air Station, North Island, San Diego, CA; | | |
| | Puget Sound Naval Shipyard, Bremerton, WA | | 10/1959-2/1960 |

Job Duties: After completing basic training at the Naval Training Center, Great Lakes, Illinois, plaintiff worked in the fore and aft auxiliary rooms on the SHANGRI-LA, maintaining and repairing generators, compressors, valves, pumps, and related equipment and tearing insulation off equipment exteriors and related pipes to gain access. Plaintiff also maintained and repaired lifeboat engines. Plaintiff removed and replaced packing and gaskets on pumps and valves. Plaintiff removed and replaced gaskets on air compressors, emergency diesel generators, and life boat engines. At the Puget Sound Naval Shipyard in Bremerton, Washington, plaintiff was present during an overhaul of the SHANGRI-LA. Plaintiff worked in proximity to shipyard workers who were removing and replacing insulation on pipes and equipment exteriors and packing and gaskets on pumps and valves. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | LEXINGTON (CV-16), WESTPAC Cruise; | Machinists Mate | 5/1960-11/1961 |
| | Naval Repair Facility, Yokosuka, Japan; | | On and off, approx. 6 months |
| | Naval Repair Facility, Subic Bay, Philippines | | On and off, approx. 6 months |

Job Duties: Plaintiff maintained and repaired aircraft elevators, escalators and hydraulic systems on board the LEXINGTON, tearing insulation off equipment exteriors and related pipes to gain access. Plaintiff removed and replaced gaskets on hydraulic equipment. Plaintiff removed and replaced gaskets and packing on large pumps and valves. At the Naval Repair Facilities in Yokosuka, Japan and Subic Bay, Philippines, plaintiff worked in proximity to shipyard workers who were removing and replacing insulation on pipes and equipment exteriors and packing and gaskets on pumps and valves. Plaintiff recalls Supervisor Albert Petty, California; and shipmates Howard Cornett, Washington State; and Ken Howland, Eugene, Oregon. Plaintiff currently contends he was exposed to asbestos during this employment.

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Boeing, Seattle, WA | Boeing, Seattle, WA | Laborer | Spring 1962 (Approx. 3 months) |

Job Duties: Plaintiff worked in the paint shop preparing items to be painted and packaging and transporting painted items for storage. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pacific Car & Foundry, Renton, WA | Pacific Car & Foundry, Renton, WA | Laborer | Summer 1962 (Approx. 2 months) |

Job Duties:  Plaintiff cut and installed styrofoam insulation between the joists in the bottoms of refrigerator boxcars. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station, Dallas, TX | Mechanic | 11/1962-10/1964 |

Job Duties: Plaintiff maintained and repaired cars and trucks, removing and replacing brake shoes, clutches and engine gaskets. Plaintiff removed old brakes, using an air hose to clean the brake drums. Plaintiff installed new BENDIX (HONEYWELL INTERNATIONAL, INC.) and RAYBESTOS (RAYMARK INDUSTRIES, INC.) replacement brake shoes, arcing them with a BEAR (ACTUANT CORPORATION) arcing machine. Plaintiff recalls the brake shoes, clutches and gaskets were supplied by NAYLER AUTOMOTIVE in Grand Prairie, Texas. Plaintiff removed and replaced the original manufacturer's brake shoes, clutches and gaskets on at least one CHEVROLET (GENERAL MOTORS CORPORATION) car, one FORD (FORD MOTOR COMPANY) car and one CHRYSLER (CHRYSLER LLC) car. Plaintiff recalls supervisor Dick Raider, address unknown; and coworkers Charles Sharp, Olathe, Kansas; and Paul Bazar, Harlingen, Texas. Plaintiff worked in close proximity to other mechanics who were performing the same work. Plaintiff also removed and replaced gaskets on NC-5 jet starter generators. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, Great Lakes, IL | Machinists Mate (Trainee) | 10/1964-2/1965 |

Job Duties: Plaintiff completed classes to increase his skills as a Machinists Mate. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | CANISTEO (AO-99) | Equipment Operator | 3/1965-7/1965 |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1  Job Duties:  Plaintiff worked in all of the ship's pump rooms maintaining and operating the
   pumps that transferred fuel to aircraft and to other ships. Plaintiff currently contends he was
2  exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | JAMESTOWN (AGTR-3), Norfolk Naval Shipyard, Portsmouth, VA | Machinists Mate | 7/1965-8/1965 |

Job Duties: Plaintiff worked in the main engine room, where he tore down and rebuilt a
reciprocating steam engine. Plaintiff was present during a major overhaul at the Naval Air
Station in Portsmouth, Virginia. Plaintiff worked in proximity to shipyard workers who were
removing and replacing insulation on pipes and equipment exteriors and packing and gaskets on
pumps and valves. Plaintiff currently contends he was exposed to asbestos during this
employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | WACCAMAW (AO-109), Caribbean Cruise | Machinists Mate | 10/1965-11/1966 |
|  | Boston Naval Shipyard, Boston, MA |  | 10/1965-12/1965 |

Job Duties: Plaintiff worked in the engine room, maintaining and repairing engines, steam
turbines, generators, compressors, valves, pumps, and related equipment and tearing insulation
off equipment exteriors and related pipes to gain access. Plaintiff removed and replaced packing
and gaskets on pumps and valves. Plaintiff removed and replaced gaskets on air compressors,
steam turbines, generators, and engines. At Boston Naval Shipyard in Boston, Massachusetts,
plaintiff worked in proximity to shipyard workers who were completing the work of lengthening
the ship by cutting the hull in two and adding a section between the two halves. Plaintiff recalls
coworkers Mr. Hicks, Buffalo, New York; Sidney Marchand, Boston, Massachusetts, area; and
Mr. Liptak, address unknown. Plaintiff currently contends he was exposed to asbestos during this
employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, Portsmouth, VA | Trainee | 11/1966- 3/1967 |

Job Duties: Plaintiff completed training in the repair and maintenance of air tanks for respiratory
use. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

///

///

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | CORAL SEA (CV-43), various locations, including, | Machinists Mate | 4/1967-9/1969 |
| | Hunters Point Naval Shipyard, San Francisco, CA | Machinists Mate | 4/1967-6/1967; 6/1968-9/1968; 9/1969 (Approx. 2 weeks) |
| | Naval Air Station, Alameda, CA; | Technician (Trainee) | 4/1967-6/1967 (Approx. 2 weeks) |
| | WESTPAC Cruise, including, US Navy, Tonkin Gulf, Vietnam | Technician | 7/1967-6/1968; 9/1968-4/1969 |

Job Duties: Plaintiff maintained and repaired equipment, including pumps and valves.
   At Hunters Point Naval Shipyard, plaintiff was present during a two-month overhaul in 1967. Plaintiff was in proximity to shipyard crews who removed and replaced insulation, packing and gaskets.
   At the Naval Air Station in Alameda, California, plaintiff completed additional training in liquid gas production. Plaintiff was in proximity to shipyard crews who removed and replaced insulation, packing and gaskets.
   At the US Navy base in Tonkin Gulf, Vietnam, plaintiff maintained and operated three plants manufacturing liquid gas, two for oxygen and one for nitrogen, and related cryogenerator (sub-freezing refrigeration) units. Plaintiff removed and replaced packing and gaskets in pumps and valves. Plaintiff removed and replaced gaskets in air compressor and cryogenerator units.
   Plaintiff recalls Chief Petty Officer Darsney, first name and address unknown; and coworkers Ned Geary, Tracy City, Tennessee; Ronald Phelps, address unknown; and Paul Bazar, Harlingen, Texas. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown gas station, Portland, OR | Unknown gas station, Portland, OR | Tire Repairman | 3/1970-6/1970 |

Job Duties: Plaintiff repaired tires. Plaintiff worked in proximity to mechanics who were removing and replacing brake shoes using an air hose to clean the brake drums. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Oregon State Correctional Institute, Salem, OR | Oregon State Correctional Institute, Salem, OR | Correctional Officer | 6/1970- 12/1970 |

Job Duties: Plaintiff worked as a correctional officer. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Naval Reserves | Naval Recruiting Center, Salem, OR | Recruiter | 10/1970-12/1970 (Weekends); 12/1970-12/1979 (Full time) |

Job Duties: Plaintiff worked as a Naval recruiter. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Silver's Texaco, near Albay, OR; | Silver's Texaco, near Albay, OR; | Mechanic (Owner) | 2/1/1980-3/1981; |
| Silver's Exxon, Salem, OR | Silver's Exxon, Salem, OR | | 8/1983 |

Job Duties: Plaintiff owned and worked in a service station where he performed oil changes and removed and replaced brakes and clutches. Plaintiff installed BENDIX (HONEYWELL INTERNATIONAL, INC.) and RAYBESTOS (RAYMARK INDUSTRIES, INC.) replacement brake shoes that he purchased from DAVIS AUTO PARTS, Salem, Oregon, and STUART'S AUTO SUPPLY, Salem, Oregon. Plaintiff recalls employee Jim Batrick, Salem, Oregon, who operated the gas pumps and repaired tires. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| State of Oregon, Salem, OR | State Capitol, Salem, OR | Accountant | 1985-2001 |

Job Duties: Plaintiff worked in the payroll department of state government. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL