DIVERSITY, UNCONSENTED

# U.S. District Court
# Western District of Wisconsin (Madison)
# CIVIL DOCKET FOR CASE #: 3:11-cv-00060-slc
# Internal Use Only

Smith, Earl v. Certainteed Corporation et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/25/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Earl Smith**  represented by  **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: michaelp.cascino@gmail.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Certainteed Corporation**
*a corporation*

represented by  **Daniel Alexander Manna**
Foley & Lardner LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
414-319-7364
Fax: 414-297-4900
Email: dmanna@foley.com
*ATTORNEY TO BE NOTICED*

### Defendant

**DAP Products, Inc.**
*Individually and as Successor to DAP, Inc., a corporation*

### Defendant

**Dal-Tile Corporation**
*Individually and as Successor to American Olean Corporation, a corporation*

### Defendant

**Georgia Pacific, LLC**
*a corporation*

**Defendant**

**Owens-Illinois Inc.**
*a corporation*

**Defendant**

| | |
|---|---|
| **Rapid American Corporation**<br>*a corporation* | represented by **Mark Russell Feldmann**<br>Menn Law Firm, Ltd.<br>2501 East Enterprise Avenue<br>P.O. Box 785<br>Appleton, WI 54912-0785<br>920-731-6631<br>Fax: 920-560-4745<br>Email: mark-feldmann@mennlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **Union Carbide Corporation**<br>*a corporation* | represented by **Daniel Alexander Manna**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2011 | 1 | COMPLAINT against Certainteed Corporation, DAP Products, Inc., Dal-Tile Corporation, Georgia Pacific, LLC, Owens-Illinois Inc., Rapid American Corporation, Union Carbide Corporation. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 350 receipt number 0758-695313.), filed by Earl Smith. (Attachments:<br># 1 JS-44 Civil Cover Sheet,<br># 2 Exhibit A-Defendants Home States and Principal Places of Business,<br># 3 Exhibit B-Plaintiff's Work History) (Cascino, Michael) Modified exhibit descriptions on 1/26/2011 (mmo). (Entered: 01/25/2011) |
| 01/25/2011 | 2 | Notice by Plaintiff Earl Smith. (Cascino, Michael) (Entered: 01/25/2011) |
| 01/25/2011 | 3 | Corporate Disclosure Statement by Plaintiff Earl Smith (Cascino, Michael) (Entered: 01/25/2011) |
| 01/26/2011 | | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (rep) (Entered: 01/26/2011) |
| 01/26/2011 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (rep) (Entered: 01/26/2011) |

| | | |
|---|---|---|
| 01/26/2011 | | (Court only) *** Set Tickler: Case transferred to MDL? **Status due 2/28/2011** (rep) (Entered: 01/26/2011) |
| 02/28/2011 | 4 | Notice of Appearance filed by Mark Russell Feldmann for Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/28/2011) |
| 02/28/2011 | 5 | Certificate of Service by Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/28/2011) |
| 03/05/2011 | 6 | ANSWER by Defendant Certainteed Corporation. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 7 | Corporate Disclosure Statement by Defendant Certainteed Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 8 | ANSWER by Defendant Union Carbide Corporation. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 9 | Corporate Disclosure Statement by Defendant Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 10 | Certificate of Service by Defendants Certainteed Corporation, Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 11 | Disregard-filed in wrong case; ANSWER by Defendant Certainteed Corporation. (Manna, Daniel) Modified on 3/7/2011; contacted filer to refile in correct case. (mmo). (Entered: 03/05/2011) |
| 03/05/2011 | 12 | Disregard-filed in wrong case; Corporate Disclosure Statement by Defendant Certainteed Corporation (Manna, Daniel) Modified on 3/7/2011; contacted filer to refile in correct case. (mmo). (Entered: 03/05/2011) |

### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Earl Smith,<br><br>                             Plaintiff,<br>v.<br><br>Certainteed Corporation, a corporation,<br>DAP Products, Inc., Individually and as Successor<br>to DAP, Inc., a corporation,<br>Dal-Tile Corporation, Individually and as<br>Successor to American Olean Corporation, a<br>corporation,<br>Georgia Pacific, LLC, a corporation,<br>Owens-Illinois Inc., a corporation,<br>Rapid American Corporation, a corporation,<br>Union Carbide Corporation, a corporation,<br><br>                             Defendants | Case No. |

### COMPLAINT

Now comes the plaintiff, Earl Smith (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants Certainteed Corporation, a corporation, DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation, Dal-Tile Corporation, Individually and as Successor to American Olean Corporation, a corporation, Georgia Pacific, LLC, a corporation, Owens-Illinois Inc., a corporation, Rapid American Corporation, a corporation and Union Carbide Corporation, a corporation, as follows:

### JURISDICTION

1. Plaintiff is an adult citizen and resident of Wisconsin and resides in Tomahawk, Wisconsin.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein

were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment as a Plasterer at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with asbestosis on 8/24/2009.

10. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11. Plaintiff brings this count for negligence against all defendants except Seneca Food Corporation and Miller Brewing, incorporates by reference all general allegations.

12. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

15. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

### COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17. This cause of action is asserted against the manufacturing and supplying defendants, and is not asserted against Seneca Food Corporation and Miller Brewing.

18. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

19. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants

      expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

20. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

21. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

22. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III- NEGLIGENCE - PREMISES OWNER

23. Plaintiff reasserts and realleges the above general allegations 1-24 above.

24. This claim for negligence is brought against the following Defendants (hereinafter "Premises Defendants";

    a. Seneca Foods Corporation

    b. Miller Brewing

25. Defendants were the owners of the premises during the dates and times of Plaintiff's exposures to asbestos indicated on exhibit B.

26. The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

27. When Plaintiff worked at the premises, defendants knew or should have known about the health hazards of asbestos.

28. Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Plaintiff, working at the premises.

29. Defendants knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

30. As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Plaintiff.

31. Defendants breached its duty of care and was negligent by one or more of the following acts or omissions:

32.
   a. failing to adequately warn Plaintiff of the dangers of harm from exposure to asbestos;
   b. failing to instruct Plaintiff adequately about safety precautions for exposure to asbestos;
   c. failing to establish adequate safety measures to protect Plaintiff from exposure to asbestos;
   d. failing to adequately test for asbestos where Plaintiff worked;
   e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;
   f. allowing the use of asbestos containing products at the premises;
   g. failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

33. As a direct and proximate result of the acts and omissions of the premise defendants above, Plaintiff was injured as described above.

## COUNT IV – DECLARATORY JUDGMENT

34. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

35. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

36. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

37. Plaintiff prays for relief as follows:

    a. Judgment against defendants, jointly and severally, for compensatory and general damages.

    b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: January 25, 2011

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**◆JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Earl Smith

## DEFENDANTS
A.W. Chesterton Company, et al.,

**(b)** County of Residence of First Listed Plaintiff: Lincoln, WI
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue, Chicago, IL 60607
(312) 944-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☒ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |  ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28, United States Sec. 1332
Brief description of cause:
Asbestos Injury Occupational Exposure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 1/25/2011
SIGNATURE OF ATTORNEY OF RECORD: Mike Cas___

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Exhibit A**
Defendants' Home States and Principal Places of Business

| Defendant | Headquarters | State of Principal Business |
|---|---|---|
| Certainteed Corporation, a corporation, | Delaware | Pennsylvania |
| DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation, | Delaware | Maryland |
| Dal-Tile Corporation, Individually and as Successor to American Olean Corporation, a corporation, | Texas | Texas |
| Georgia Pacific, LLC, a coporation. | Delaware | Georgia |
| Owens-Illinois Inc., a corporation, | Delaware | Ohio |
| Rapid American Corporation, a corporation, | Delaware | New York |
| Union Carbide Corporation, a corporation, | New York | Texas |

**Exhibit B**
Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Aunt Nellies Foods | Clyman | WI | 1963 | |
| Christ King Church | Milwaukee | WI | 1960 | |
| Cuday Towers | Milwaukee | WI | 1982 | |
| Jail | Milwaukee | WI | 1991 | |
| Lincoln High School | Milwaukee | WI | 1983 | |
| Menhomie Hospital | | WI | 1968 | |
| Milwaukee VA | Milwaukee | WI | 1961 | 1962 |
| School 9th & State | Milwaukee | WI | 1989 | |
| St Marys Hospital | Waukesha | WI | 1975 | 1975 |
| Miller Brewery | Milwaukee | WI | 1967 | |
| Schlitz Brewery | Milwaukee | WI | 1964 | |
| St Lukes Hospital | Milwaukee | WI | 1970 | 1970 |
| Mayfair Mall | Milwaukee | WI | 1990 | |
| St Michaels Hospital | Milwaukee | WI | 1973 | |
| St Josephs Hospital | Milwaukee | WI | 1992 | |
| Milwaukee County Hospital | Milwaukee | WI | 1965 | 1965 |