# U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00061-slc
### Internal Use Only

Budig, Delaine v. Bayer Crop Science, Inc. et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/25/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Delaine Budig**                                  represented by **Michael P. Cascino**
                                                                  Cascino Vaughan Law Offices, Ltd.
                                                                  220 S. Ashland Avenue
                                                                  Chicago, IL 60607
                                                                  312-944-0600
                                                                  Fax: 312-944-1870
                                                                  Email: michaelp.cascino@gmail.com
                                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bayer Crop Science, Inc.**                      represented by **Daniel Alexander Manna**
*as successor to Rhone-Poulenc AG*                                Foley & Lardner LLP
*Company Inc. and Benjamin-Foster,*                               777 E. Wisconsin Avenue
*Inc.*                                                            Milwaukee, WI 53202
                                                                  414-319-7364
                                                                  Fax: 414-297-4900
                                                                  Email: dmanna@foley.com
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*a corporation*

**Defendant**

**Certainteed Corporation**                       represented by **Daniel Alexander Manna**
*a corporation*                                                   (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**
*a corporation*

**Defendant**

**DAP Products, Inc.**
*Individually and as Successor to DAP, Inc., a corporatoin*

represented by **Adam J Jagadich**
Segal, McCambridge Singer & Mahoney
Willis Tower
233 S. Wacker Drive
Suite 5500
Chicago, IL 60606
312-645-7811
Fax: 312-645-7711
Email: ajagadich@smsm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eaton Electrical, Inc.**
*as successor to Cutler-Hammer Inc., a corporation*

**Defendant**

**General Electric Company**
*a corporation*

**Defendant**

**Georgia Pacific, LLC**
*a corporation*

**Defendant**

**Goodrich Corporation**
*a corporation*

represented by **Michael Rosenberg**
Whyte Hirschboeck Dudek S.C.
555. E. Wells St., Ste 1900
Milwaukee, WI 53202
414-978-5631
Fax: 414-223-5000
Email: mrosenberg@whdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc.**
*a corporation*

**Defendant**

**Ingersoll Rand Company**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oakfabco Inc.**
*a corporation*

**Defendant**

**Owens-Illinois Inc.**
*a corporation*

**Defendant**

**Rapid American Corporation**
*a corporation*

represented by **Mark Russell Feldmann**
Menn Law Firm, Ltd.
2501 East Enterprise Avenue
P.O. Box 785
Appleton, WI 54912-0785
920-731-6631
Fax: 920-560-4745
Email: mark-feldmann@mennlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trane U.S. Inc.**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/10/2011 | 26 | Notice of Appearance filed by Adam J Jagadich for Defendant DAP Products, Inc. (Jagadich, Adam) (Entered: 03/10/2011) |
| 03/08/2011 | 25 | Corporate Disclosure Statement by Defendant Goodrich Corporation (Rosenberg, Michael) (Entered: 03/08/2011) |
| 03/08/2011 | 24 | ANSWER by Defendant Goodrich Corporation. (Attachments: # 1 Certificate of Service) (Rosenberg, Michael) (Entered: 03/08/2011) |
| 03/05/2011 | 23 | Certificate of Service by Defendants Bayer Crop Science, Inc., Certainteed Corporation, Ingersoll Rand Company, Trane U.S. Inc., Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 22 | Corporate Disclosure Statement by Defendant Trane U.S. Inc. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 21 | Corporate Disclosure Statement by Defendant Ingersoll Rand Company (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 20 | ANSWER by Defendants Ingersoll Rand Company, Trane U.S. Inc. (Manna, Daniel) Modified on 3/7/2011 (jas/t). (Entered: 03/05/2011) |

| | | |
|---|---|---|
| 03/05/2011 | 19 | Corporate Disclosure Statement by Defendant Certainteed Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 18 | ANSWER by Defendant Certainteed Corporation. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 17 | Corporate Disclosure Statement by Defendant Bayer Crop Science, Inc. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 16 | ANSWER by Defendant Bayer Crop Science, Inc. (Manna, Daniel) Modified on 3/7/2011 (jas/t). (Entered: 03/05/2011) |
| 03/05/2011 | 15 | Certificate of Service by Defendants Bayer Crop Science, Inc., Certainteed Corporation, Trane U.S. Inc., Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 14 | Corporate Disclosure Statement by Defendant Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 13 | ANSWER by Defendant Union Carbide Corporation. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 12 | Disregard; filed in wrong case. Modified on 3/7/2011 (jas). (Entered: 03/05/2011) |
| 03/05/2011 | 11 | Disregard; filed in wrong case. Modified on 3/7/2011 (jas). (Entered: 03/05/2011) |
| 03/05/2011 | 10 | Disregard; filed in wrong case. Modified on 3/7/2011 (jas). (Entered: 03/05/2011) |
| 03/05/2011 | 9 | Disregard; filed in wrong case. Modified on 3/7/2011 (jas). (Entered: 03/05/2011) |
| 03/05/2011 | 8 | Disregard; filed in wrong case. Modified on 3/7/2011 (jas). (Entered: 03/05/2011) |
| 03/05/2011 | 7 | Disregard; filed in wrong case. Modified on 3/7/2011 (jas). (Entered: 03/05/2011) |
| 03/05/2011 | 6 | Disregard; filed in wrong case. Modified on 3/7/2011 (jas). (Entered: 03/05/2011) |
| 02/24/2011 | 5 | Certificate of Service by Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/24/2011) |
| 02/24/2011 | 4 | Notice of Appearance filed by Mark Russell Feldmann for Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/24/2011) |
| 01/31/2011 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (voc) (Entered: 01/31/2011) |

| 01/31/2011 |   | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (voc) (Entered: 01/31/2011) |
|---|---|---|
| 01/25/2011 | 3 | Corporate Disclosure Statement by Plaintiff Delaine Budig (Cascino, Michael) (Entered: 01/25/2011) |
| 01/25/2011 | 2 | Notice by Plaintiff Delaine Budig. (Cascino, Michael) (Entered: 01/25/2011) |
| 01/25/2011 | 1 | COMPLAINT against Bayer Crop Science, Inc., CBS Corporation, Certainteed Corporation, Crane Co., DAP Products, Inc., Eaton Electrical, Inc., General Electric Company, Georgia Pacific, LLC, Goodrich Corporation, Honeywell International Inc., Ingersoll Rand Company, Oakfabco Inc., Owens-Illinois Inc., Rapid American Corporation, Trane U.S. Inc., Union Carbide Corporation. Service to be completed by Waiver of Service of Summons. (Filing fee $ 350 receipt number 0758-695305), filed by Delaine Budig. (Attachments: # 1 JS-44 Civil Cover Sheet, # 2 Exhibit A - Defendants' Home States and Principal Places of Business, # 3 Exhibit B - Plaintiff's Work History) (Cascino, Michael) Added exhibit descriptions on 1/26/2011 (jas). (Entered: 01/25/2011) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Delaine Budig

          Plaintiff,

v.

Bayer Crop Science, Inc., as successor to
Rhone-Poulenc AG Company Inc. &
Benjamin-Foster, Inc., a corporation,
CBS Corporation, a corporation,
Certainteed Corporation, a corporation,
Crane Co., a corporation,
DAP Products, Inc., Individually and as Successor
to DAP, Inc., a corporation,
Eaton Electrical, Inc., as successor to Cutler-
Hammer Inc., a corporation,
General Electric Company, a corporation,
Georgia Pacific, LLC, a corporation,
Goodrich Corporation, a corporation,
Honeywell International Inc., a corporation,
Ingersoll Rand Company, a corporation,
Oakfabco Inc., a corporation,
Owens-Illinois Inc., a corporation,
Rapid American Corporation, a corporation,
Trane U.S. Inc., a corporation,
Union Carbide Corporation, a corporation,

          Defendants.

Case No.

## COMPLAINT

Now comes the plaintiff, Delaine Budig (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc., a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, Crane Co., a corporation, DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation, Eaton Electrical, Inc., as successor to Cutler-Hammer Inc., a corporation, General Electric Company, a corporation, Georgia Pacific, LLC, a corporation,

Goodrich Corporation, a corporation, Honeywell International Inc., a corporation, Ingersoll Rand Company, a corporation, Oakfabco Inc., a corporation, Owens-Illinois Inc., a corporation, Rapid American Corporation, a corporation, Trane U.S. Inc., a corporation and Union Carbide Corporation, a corporation, as follows:

## JURISDICTION

1. Plaintiff is an adult citizen and resident of Wisconsin and resides in Lake Mills, Wisconsin.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment as a Bricklayer/Mason at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been

diagnosed with bilateral pleural thickening on 4/6/2009.

10. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

### COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

12. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

15. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17. This cause of action is asserted against the manufacturing and supplying defendants.

18. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

19. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

20. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

21. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

22. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III – DECLARATORY JUDGMENT

23. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis.

Stats., were enacted as part of so-called "tort reform" in 1995.

24. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

25. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

26. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: January 25, 2011

s/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc. | Delaware | North Carolina |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| Crane Co. | Delaware | Connecticut |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| Eaton Electrical, Inc., as successor to Cutler-Hammer Inc. | Delaware | Ohio |
| General Electric Company | New York | Connecticut |
| Georgia Pacific, LLC | Delaware | Georgia |
| Goodrich Corporation | New York | North Carolina |
| Honeywell International Inc. | Delaware | New Jersey |
| Ingersoll Rand Company | New Jersey | New Jersey |
| Oakfabco Inc. | Illinois | Illinois |
| Owens-Illinois Inc. | Delaware | Ohio |
| Rapid American Corporation | Delaware | New York |
| Trane U.S. Inc. | Delaware | New Jersey |
| Union Carbide Corporation | New York | Texas |

**Exhibit B**
<u>Plaintiff's work history</u>

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Beaver Dam Schools | Beaver Dam | WI | 1975 | 1977 |
| Fort Atkinson Schools | Fort Atkinson | WI | 1971 | 1973 |
| Jefferson County Home | Jefferson | WI | 1968 | 1970 |
| McFarland Schools | McFarland | WI | 1978 | 1980 |