DIVERSITY, UNCONSENTED

## U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00065-slc
## Internal Use Only

Streber, Thomas v. A.W. Chesterton Company et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/25/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Thomas Streber**

represented by **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
(312) 944-0600
Fax: (312) 944-1870
Email: michaelp.cascino@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**
*a corporation*

**Defendant**

**Alfa Laval, Inc.**
*a corporation*

**Defendant**

**Bayer Crop Science, Inc.**
*as successor to Rhone-Poulenc AG
Company, Inc. & Benjamin-Foster,
Inc., a corporation*

represented by **Daniel Alexander Manna**
Foley & Lardner LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
414-319-7364
Fax: 414-297-4900
Email: dmanna@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bechtel Corporation**
*a corporation*

**Defendant**

**Buffalo Pumps, Inc.**
*a corporation*

**Defendant**

**CBS Corporation**
*a corporation*

**Defendant**

**Certainteed Corporation**                    represented by **Daniel Alexander Manna**
*a corporation*                                              (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Cornell Pump Company**
*a corporation*

**Defendant**

**Crane Co.**
*a corporation*

**Defendant**

**DAP Products, Inc.**
*Individually and as successor to DAP,*
*Inc., a corporation*

**Defendant**

**Eaton Electrical, Inc.**
*as successor to Cutler-Hammer, Inc., a*
*corporation*

**Defendant**

**Flowserve US, Inc.**
*Individually and as successor to*
*Worthington Pumps, Inc., a*
*corporation*

**Defendant**

**Foster Wheeler LLC**
*a corporation*

**Defendant**

**Gardner Denver**                              represented by **Emily Zapotocny**
*a corporation*                                              Segal McCambridge Singer & Mahoney,

Ltd.
Sears Tower
233 S. Wacker Drive, Ste 5500
Chicago, IL 60606
312-645-8438
Email: ezapotocny@smsm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**
*a corporation*

**Defendant**

**General Refractories Company**
*a corporation*

**Defendant**

**Georgia Pacific, LLC**
*a corporation*

**Defendant**

**Goodrich Corporation**
*a corporation*

**Defendant**

**Goulds Pumps, Inc.**
*a corporation*

**Defendant**

**Honeywell International Inc.**
*a corporation*

**Defendant**

**ITT Corporation**
*a corporation*

**Defendant**

**Ingersoll Rand Company**          represented by **Daniel Alexander Manna**
*a corporation*                                         (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane Inc.**
*a corporation*

**Defendant**

**Kraft Foods Inc.**
*a corporation*

<u>Defendant</u>

**Michelin North America, Inc.**
*as successor to Uniroyal, Inc., a corporation*

<u>Defendant</u>

**Minnesota Mining and Manufacturing Co.**
*a corporation*

represented by **Edward J. McCambridge**
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, Ste 5500
Chicago, IL 60606
312-645-7800x7803
Fax: 312-645-7811
Email: EMcCambridge@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam J Jagadich**
Segal, McCambridge Singer & Mahoney
Willis Tower
233 S. Wacker Drive
Suite 5500
Chicago, IL 60606
312-645-7811
Fax: 312-645-7711
Email: ajagadich@smsm.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Oakfabco Inc.**
*a corporation*

<u>Defendant</u>

**Owens-Illinois Inc.**
*a corporation*

<u>Defendant</u>

**Parker-Hannifin Corporation**
*a corporation*

<u>Defendant</u>

**Patterson Pump Company**
*a corporation*

3/10/2011 11:20 AM

**Defendant**

**Peerless Pump Company**
*a corporation*

represented by **Mark S. DesRochers**
Celba & DesRochers, LLP
600 East Northland Avenue
Appleton, WI 54911
920-882-1600
Fax: 920-882-0232
Email: markdesrochers1@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pentair Pump Group, Inc.**
*Individually and as successor to Aurora
Pumps, a corporation*

**Defendant**

**Rapid American Corporation**
*a corporation*

represented by **Mark Russell Feldmann**
Menn Law Firm, Ltd.
2501 East Enterprise Avenue
P.O. Box 785
Appleton, WI 54912-0785
920-731-6631
Fax: 920-560-4745
Email: mark-feldmann@mennlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Marley-Wylain Company**
*a corporation*
*also known as*
Weil-McLain Company

represented by **Edward J. McCambridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trane U.S. Inc.**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viking Pump Inc.**
*a corporation*

**Defendant**

**Warren Pumps**
*a corporation*

**Defendant**

**Zurn Industries**                              represented by **Emily Zapotocny**
*a corporation*                                  (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Elliot Company I**
*Individually and as Successor to Elliot*
*Turbomachinery Company, a*
*corporation*

**Cross Claimant**

**Peerless Pump Company**                        represented by **Mark S. DesRochers**
*a corporation*                                  (See above for address)
                                                 *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

**Peerless Pump Company**                        represented by **Mark S. DesRochers**
*a corporation*                                  (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**A.W. Chesterton Company**                      represented by **Adam J Jagadich**
*a corporation*                                  (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Alfa Laval, Inc.**
*a corporation*

**Cross Defendant**

**Bayer Crop Science, Inc.**                     represented by **Daniel Alexander Manna**
*as successor to Rhone-Poulenc AG*               (See above for address)
*Company, Inc. & Benjamin-Foster,*              *ATTORNEY TO BE NOTICED*
*Inc., a corporation*

**Cross Defendant**

**Bechtel Corporation**
*a corporation*

**Cross Defendant**

**Buffalo Pumps, Inc.**
*a corporation*

**Cross Defendant**

**CBS Corporation**
*a corporation*

**Cross Defendant**

**Certainteed Corporation**                represented by **Daniel Alexander Manna**
*a corporation*                                                (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Cornell Pump Company**
*a corporation*

**Cross Defendant**

**Crane Co.**
*a corporation*

**Cross Defendant**

**DAP Products, Inc.**
*Individually and as successor to DAP,*
*Inc., a corporation*

**Cross Defendant**

**Eaton Electrical, Inc.**
*as successor to Cutler-Hammer, Inc., a*
*corporation*

**Cross Defendant**

**Elliot Company I**
*Individually and as Successor to Elliot*
*Turbomachinery Company, a*
*corporation*

**Cross Defendant**

**Flowserve US, Inc.**
*Individually and as successor to*
*Worthington Pumps, Inc., a*
*corporation*

**Cross Defendant**

**Foster Wheeler LLC**
*a corporation*

**Cross Defendant**

**Gardner Denver**
*a corporation*

represented by **Emily Zapotocny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**
*a corporation*

**Cross Defendant**

**General Refractories Company**
*a corporation*

**Cross Defendant**

**Georgia Pacific, LLC**
*a corporation*

**Cross Defendant**

**Goodrich Corporation**
*a corporation*

**Cross Defendant**

**Goulds Pumps, Inc.**
*a corporation*

**Cross Defendant**

**Honeywell International Inc.**
*a corporation*

**Cross Defendant**

**ITT Corporation**
*a corporation*

**Cross Defendant**

**Ingersoll Rand Company**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**John Crane Inc.**
*a corporation*

**Cross Defendant**

**Kraft Foods Inc.**
*a corporation*

**Cross Defendant**

**Michelin North America, Inc.**
*as successor to Uniroyal, Inc., a*
*corporation*

Cross Defendant

**Minnesota Mining and**                    represented by **Edward J. McCambridge**
**Manufacturing Co.**                                        (See above for address)
*a corporation*                                              *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Cross Defendant

**Oakfabco Inc.**
*a corporation*

Cross Defendant

**Owens-Illinois Inc.**
*a corporation*

Cross Defendant

**Parker-Hannifin Corporation**
*a corporation*

Cross Defendant

**Patterson Pump Company**
*a corporation*

Cross Defendant

**Pentair Pump Group, Inc.**
*Individually and as successor to Aurora*
*Pumps, a corporation*

Cross Defendant

**Rapid American Corporation**               represented by **Mark Russell Feldmann**
*a corporation*                                              (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Cross Defendant

**The Marley-Wylain Company**
*a corporation*

Cross Defendant

**Trane U.S. Inc.**                          represented by **Daniel Alexander Manna**
*a corporation*                                              (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

Cross Defendant

3/10/2011 11:20 AM

**Union Carbide Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Viking Pump Inc.**
*a corporation*

**Cross Defendant**

**Warren Pumps**
*a corporation*

**Cross Defendant**

**Zurn Industries**
*a corporation*

represented by **Emily Zapotocny**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2011 | 1 | COMPLAINT against A.W. Chesterton Company, Alfa Laval, Inc., Bayer Crop Science, Bechtel Corporation, Buffalo Pumps, Inc., CBS Corporation, Certainteed Corporation, Cornell Pump Company, Crane Co., DAP Products, Inc., a corporation, Eaton Electrical, Elliott Company, Flowserve US Inc, Foster Wheeler LLC, Gardner Denver, General Electric Company, General Refractories Company, Georgia Pacific, LLC, Goodrich Corporation, Goulds Pumps, Inc., Honeywell International Inc., ITT Corporation, Ingersoll Rand Company, John Crane Inc., Kraft Foods Inc., Michelin North America, Inc., Minnesota Mining and Manufacturing Co., Oakfabco Inc., Owens-Illinois Inc., Parker-Hannifin Corporation, Patterson Pump Company, Peerless Pump Company, Pentair Pump Group, Inc., The Marley-Wylain Company, Trane u.S. Inc., Union Carbide Corporation, Viking Pump Inc, Warren Pumps, Zurn Industries. Service to be completed by Waiver of Service of Summons. (Filing fee $ 350 receipt number 0758-695244), filed by Thomas Streber. (Attachments: # 1 JS-44 Civil Cover Sheet, # 2 Exhibit A - Defendants' Home States and Principal Places of Business, # 3 Exhibit B - Plaintiff's Work History) (Cascino, Michael) Modified docket text and added exhibit descriptions on 1/26/2011 (jas/p). (Entered: 01/25/2011) |
| 01/25/2011 | 2 | Notice by Plaintiff Thomas Streber. (Cascino, Michael) (Entered: 01/25/2011) |
| 01/25/2011 | 3 | Corporate Disclosure Statement by Plaintiff Thomas Streber (Cascino, Michael) (Entered: 01/25/2011) |
| 01/26/2011 | | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (krj) (Entered: 01/26/2011) |

| 01/26/2011 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (krj) (Entered: 01/26/2011) |
|---|---|---|
| 02/21/2011 | 4 | Notice of Appearance filed by Edward J. McCambridge for Defendant Minnesota Mining and Manufacturing Co. (McCambridge, Edward) (Entered: 02/21/2011) |
| 02/26/2011 | 5 | Notice of Appearance filed by Mark Russell Feldmann for Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/26/2011) |
| 02/26/2011 | 6 | Certificate of Service by Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/26/2011) |
| 03/03/2011 | 7 | ANSWER by Defendant Bayer Crop Science, Inc. (Manna, Daniel) Modified on 3/4/2011 (jas/t). (Entered: 03/03/2011) |
| 03/03/2011 | 8 | Corporate Disclosure Statement by Defendant Bayer Crop Science, Inc. (Manna, Daniel) (Entered: 03/03/2011) |
| 03/03/2011 | 9 | ANSWER by Defendant Certainteed Corporation. (Manna, Daniel) (Entered: 03/03/2011) |
| 03/03/2011 | 10 | Corporate Disclosure Statement by Defendant Certainteed Corporation (Manna, Daniel) (Entered: 03/03/2011) |
| 03/03/2011 | 11 | ANSWER by Defendants Ingersoll Rand Company, Trane U.S. Inc. (Manna, Daniel) Modified on 3/4/2011 (jas/t). (Entered: 03/03/2011) |
| 03/03/2011 | 12 | Corporate Disclosure Statement by Defendant Ingersoll Rand Company (Manna, Daniel) (Entered: 03/03/2011) |
| 03/03/2011 | 13 | Corporate Disclosure Statement by Defendant Trane U.S. Inc. (Manna, Daniel) (Entered: 03/03/2011) |
| 03/03/2011 | 14 | ANSWER by Defendant Union Carbide Corporation. (Manna, Daniel) (Entered: 03/03/2011) |
| 03/03/2011 | 15 | Corporate Disclosure Statement by Defendant Union Carbide Corporation (Manna, Daniel) (Entered: 03/03/2011) |
| 03/03/2011 | 16 | Certificate of Service by Defendants Bayer Crop Science, Inc., Certainteed Corporation, Ingersoll Rand Company, Trane U.S. Inc., Union Carbide Corporation (Manna, Daniel) (Entered: 03/03/2011) |
| 03/04/2011 | 17 | Notice of Appearance filed by Emily Zapotocny for Defendant Zurn Industries (Zapotocny, Emily) (Entered: 03/04/2011) |
| 03/04/2011 | 18 | Notice of Appearance filed by Emily Zapotocny for Defendant Gardner Denver (Zapotocny, Emily) (Entered: 03/04/2011) |

| 03/07/2011 | 🔟 19 | **MOTION TO DISMISS *Pursuant to FRCP 12(b) (6)* by Defendant Minnesota Mining and Manufacturing Co. Brief in Opposition due 3/28/2011. Brief in Reply due 4/7/2011. (Attachments: # 1 Text of Proposed Order) (McCambridge, Edward) Modified attachment text on 3/8/2011 (jas). (Entered: 03/07/2011)** |
| 03/07/2011 | 20 | ANSWER, CROSSCLAIM against A.W. Chesterton Company, Alfa Laval, Inc., Bayer Crop Science, Inc., Bechtel Corporation, Buffalo Pumps, Inc., CBS Corporation, Certainteed Corporation, Cornell Pump Company, Crane Co., DAP Products, Inc., Eaton Electrical, Inc., Elliot Company I, Flowserve US, Inc., Foster Wheeler LLC, Gardner Denver, General Electric Company, General Refractories Company, Georgia Pacific, LLC, Goodrich Corporation, Goulds Pumps, Inc., Honeywell International Inc., ITT Corporation, Ingersoll Rand Company, John Crane Inc., Kraft Foods Inc., Michelin North America, Inc., Minnesota Mining and Manufacturing Co., Oakfabco Inc., Owens-Illinois Inc., Parker-Hannifin Corporation, Patterson Pump Company, Pentair Pump Group, Inc., Rapid American Corporation, The Marley-Wylain Company, Trane U.S. Inc., Union Carbide Corporation, Viking Pump Inc., Warren Pumps, Zurn Industries by Defendant Peerless Pump Company. (Attachments: # 1 Certificate of Service) (DesRochers, Mark) Requested attorney file motion to dismiss and answer to counterclaims as separate docket entries. Modified docket text on 3/8/2011 (jas/p). (Entered: 03/07/2011) |
| 03/08/2011 | 21 | Notice of Appearance filed by Edward J. McCambridge for Defendant The Marley-Wylain Company (McCambridge, Edward) (Entered: 03/08/2011) |
| 03/08/2011 | 🔟 22 | **MOTION TO DISMISS by Defendant The Marley-Wylain Company. Brief in Opposition due 3/29/2011. Brief in Reply due 4/8/2011. (McCambridge, Edward) (Entered: 03/08/2011)** |
| 03/09/2011 | 23 | Notice of Appearance filed by Adam J Jagadich for Cross Defendant A.W. Chesterton Company (Jagadich, Adam) (Entered: 03/09/2011) |
| 03/09/2011 | 24 | Notice of Appearance filed by Adam J Jagadich for Defendant Minnesota Mining and Manufacturing Co. (Jagadich, Adam) (Entered: 03/09/2011) |
| 03/10/2011 | 25 | Letter to MDL court re possible tag-along case. (krj) (Entered: 03/10/2011) |

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

Thomas Streber,

                                   Plaintiff,

         v.

A.W. Chesterton Company, a corporation,
Alfa Laval, Inc., a corporation,                             Case No.
Bayer Crop Science, Inc., as successor to
Rhone-Poulenc AG Company Inc. &
Benjamin-Foster, Inc., a corporation,
Bechtel Corporation, a corporation,
Buffalo Pumps, Inc., a corporation,
CBS Corporation, a corporation,
Certainteed Corporation, a corporation,
Cornell Pump Company, a corporation,
Crane Co., a corporation,
DAP Products, Inc., Individually and as Successor
to DAP, Inc., a corporation,
Eaton Electrical, Inc., as successor to
Cutler-Hammer Inc., a corporation,
Elliott Company I, Individually and as Successor to
Elliot Turbomachinery Company, a corporation,
Flowserve US Inc, Individually and as Successor to
Worthington Pumps, Inc., a corporation,
Foster Wheeler LLC, a corporation,
Gardner Denver, a corporation,
General Electric Company, a corporation,
General Refractories Company, a corporation,
Georgia Pacific, LLC, a corporation,
Goodrich Corporation, a corporation,
Goulds Pumps, Inc., a corporation,
Honeywell International Inc., a corporation,
ITT Corporation, a corporation,
Ingersoll Rand Company, a corporation,
John Crane Inc., a corporation,
Kraft Foods Inc., a corporation,
Michelin North America, Inc., as successor to
Uniroyal, Inc., a corporation,

Minnesota Mining and Manufacturing Co., a
corporation,
Oakfabco Inc., a corporation,
Owens-Illinois Inc., a corporation,
Parker-Hannifin Corporation, a corporation,
Patterson Pump Company, a corporation,
Peerless Pump Company, a corporation,
Pentair Pump Group, Inc., Individually and as
Successor to Aurora Pumps, a corporation,
Rapid American Corporation, a corporation,
The Marley-Wylain Company a/k/a/ Weil-McLain
Company, a corporation,
Trane U.S. Inc., a corporation,
Union Carbide Corporation, a corporation,
Viking Pump Inc, a corporation,
Warren Pumps, a corporation,
Zurn Industries, a corporation,

                                    Defendants.

## COMPLAINT

Now comes the plaintiff, Thomas Streber (hereinafter "Plaintiff"), by and through his attorneys,

Cascino Vaughan Law Offices, Ltd., and complains against defendants A.W. Chesterton Company, a

corporation, Alfa Laval, Inc., a corporation, Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG

Company Inc. & Benjamin-Foster, Inc., a corporation, Bechtel Corporation, a corporation,

Buffalo Pumps, Inc., a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation,

Cornell Pump Company, a corporation, Crane Co., a corporation, DAP Products, Inc., Individually and as

Successor to DAP, Inc., a corporation, Eaton Electrical, Inc., as successor to Cutler-Hammer Inc., a

corporation, Elliott Company I, Individually and as Successor to Elliot Turbomachinery Company, a

corporation, Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc., a corporation,

Foster Wheeler LLC, a corporation, Gardner Denver, a corporation, General Electric Company, a

corporation, General Refractories Company, a corporation,

Georgia Pacific, LLC, a corporation, Goodrich Corporation, a corporation, Goulds Pumps, Inc., a

corporation, Honeywell International Inc., a corporation, ITT Corporation, a corporation,

Ingersoll Rand Company, a corporation, John Crane Inc., a corporation, Kraft Foods Inc., a corporation,

Michelin North America, Inc., as successor to Uniroyal, Inc., a corporation, as follows:

## JURISDICTION

1.   Plaintiff is an adult citizen and resident of Wisconsin and resides in Madison, Wisconsin.

2.   Defendants are all corporations, none of which is incorporated in or has its principal place of

business in the State of Wisconsin, and at all times relevant to the allegations contained herein

were engaged in the business of designing, manufacturing, mining and selling asbestos and/or

asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as

"asbestos products." Please refer to the attached Exhibit A for the state of incorporation and

principal place of business of each defendant.

3.   Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States

Code, §1332.

4.   The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000),

exclusive of interest and costs.

5.   Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6.   Plaintiff during the course of his employment as a Steamfitter at various job sites, including

those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the

asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined,

distributed, packaged, installed or otherwise placed into commerce by defendants.

7.   Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred

by workers working with or near asbestos products.

8.   Plaintiff became aware of the asbestos-related condition and that said condition was caused by

Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9.   As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been

diagnosed with bilateral pleural thickening on 12/2/2009.

10.   Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large

sums of money for medical and hospital care, and suffered losses to his personal property and

possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11.    Plaintiff brings this count for negligence against all defendants except Kraft Foods Inc. and

incorporates by reference all general allegations.

12.    It was reasonably foreseeable that Plaintiff and other workers would be working with or in the

proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13.    Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who

worked with or were exposed to the defendants' asbestos products.

14.    Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos

causes disease and or death, and that Plaintiff did not know that asbestos products were

dangerous or harmful at the time of his exposures.

15.    Each defendant breached its duty of care and was negligent, including without limitation in one

or more of the following acts or omissions:

    a.    Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b.    Failed to warn Plaintiff or others of the danger and harm of the asbestos after the
          products or equipment were installed at the premises;

    c.    Failed to investigate or test for the health effects of asbestos prior to distribution and
          sale;

    d.    Failed to instruct Plaintiff, his employers or others in the use of precautionary measures
          relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, mined, supplied, or installed unsafe asbestos-containing products or
          asbestos-insulated equipment.

16.    As a direct and proximate result of the acts and omissions of the product defendants above,

Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17.    This cause of action is asserted against the manufacturing and supplying defendants, and is not

asserted against Kraft Foods Inc.

18.   The defendants' above-described asbestos products were manufactured, supplied and installed in
      an unreasonably dangerous condition presenting dangers to the life and health of the ultimate
      users thereof and to persons in the position of the Plaintiff.

19.   At all relevant times, the defendants placed their asbestos products on the market knowing that
      they would be used without inspection for such unreasonably dangerous defects and defendants
      expected such asbestos products to reach Plaintiff and other users and consumers without
      substantial change in the condition they were in when sold.

20.   Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying
      defendants' asbestos products in the conditions in which they left the possession or control of
      such defendants and in a manner that was reasonably foreseeable and/or anticipated by such
      defendants.

21.   Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably
      dangerous in nature in that it contained asbestos, and in particular:

      a.   Was not accompanied by an adequate warning relating to the health hazards of asbestos
           products;

      b.   Was not accompanied by instructions concerning precautionary measures to be taken to
           minimize the risk of health hazards associated with asbestos products;

      c.   Was not subjected to adequate investigation regarding its hazards to health; and

      d.   Was improperly designed with, or specified for, the use of asbestos as opposed to non-
           asbestos substitutes.

22.   Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed
      by the defendants proximately caused injuries set forth above.

## COUNT III- NEGLIGENCE - PREMISES OWNER

23.   Plaintiff reasserts and realleges the above general allegations 1-22 above.

24.   This claim for negligence is brought against the following Defendant (hereinafter "Premises
      Defendant";

      a. Kraft Foods Inc.

25.   Defendant was the owner of the premises during the dates and times of Plaintiff's exposures to asbestos indicated on exhibit B.

26.   The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

27.   When Plaintiff worked at the premises, defendant knew or should have known about the health hazards of asbestos.

28.   Defendant in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Plaintiff, working at the premises.

29.   Defendant knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

30.   As the owners of the premises, defendant owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Plaintiff.

31.   Defendant breached its duty of care and was negligent by one or more of the following acts or omissions:

32.

      a.   failing to adequately warn Plaintiff of the dangers of harm from exposure to asbestos;

      b.   failing to instruct Plaintiff adequately about safety precautions for exposure to asbestos;

      c.   failing to establish adequate safety measures to protect Plaintiff from exposure to asbestos;

      d.   failing to adequately test for asbestos where Plaintiff worked;

      e.   employing any contractor which failed to take reasonable precautions against the danger of asbestos;

      f.   allowing the use of asbestos containing products at the premises;

      g.   failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

33.   As a direct and proximate result of the acts and omissions of the premise defendants above, Plaintiff was injured as described above.

## COUNT IV – DECLARATORY JUDGMENT

34. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

35. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

36. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

37. Plaintiff prays for relief as follows:

    a.   Judgment against defendants, jointly and severally, for compensatory and general damages.

    b.   Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: January 25, 2011

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue

Chicago, IL 60607
Ph: (312) 944-0600

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas Streber

**DEFENDANTS**
A.W. Chesterton Company, et al.,

**(b)** County of Residence of First Listed Plaintiff   Dane, WI
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue, Chicago, IL 60607
(312) 944-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☒ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28, United States Sec. 1332
Brief description of cause:
Asbestos Injury Occupational Exposure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
> 45,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
1-25-201 (?)

SIGNATURE OF ATTORNEY OF RECORD
Mile Caan

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

### Exhibit A
### Defendants' Home States and Principal Places of Business

| Defendant | State Headquarters | State of Principal Business |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Alfa Laval, Inc. | New Jersey | Virginia |
| Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc. | Delaware | North Carolina |
| Bechtel Corporation | Nevada | California |
| Buffalo Pumps, Inc. | Delaware | New York |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| Cornell Pump Company | Delaware | Oregon |
| Crane Co. | Delaware | Connecticut |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| Eaton Electrical, Inc., as successor to Cutler-Hammer Inc. | Delaware | Ohio |
| Elliott Company I, Individually and as Successor to Elliot Turbomachinery Company | Delaware | Pennsylvania |
| Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc. | Delaware | Texas |
| Foster Wheeler LLC | Pennsylvania | New York |
| Gardner Denver | Delaware | Illinois |
| General Electric Company | New York | Connecticut |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Georgia Pacific, LLC | Delaware | Georgia |
| Goodrich Corporation | New York | North Carolina |
| Goulds Pumps, Inc. | Delaware | New York |
| Honeywell International Inc. | Delaware | New Jersey |
| ITT Corporation | Indiana | New York |

| Defendant | State Headquarters | State of Principal Business |
|---|---|---|
| Ingersoll Rand Company | New Jersey | New Jersey |
| John Crane Inc. | Delaware | Illinois |
| Kraft Foods Inc. | Virginia | Illinois |
| Michelin North America, Inc., as successor to Uniroyal, Inc. | South Carolina | South Carolina |
| Minnesota Mining and Manufacturing Co. | Delaware | Delware |
| Oakfabco Inc. | Illinois | Illinois |
| Owens-Illinois Inc. | Delaware | Ohio |
| Parker-Hannifin Corporation | Ohio | Ohio |
| Patterson Pump Company | Ohio | Georgia |
| Peerless Pump Company | Delaware | Indiana |
| Pentair Pump Group, Inc., Individually and as Successor to Aurora Pumps | Minnesota | Minnesota |
| Rapid American Corporation | Delaware | New York |
| The Marley-Wylain Company a/k/a/ Weil-McLain Company | Delaware | North Carolina |
| Trane U.S. Inc. | Delaware | New Jersey |
| Union Carbide Corporation | New York | Texas |
| Viking Pump Inc | Delaware | Illinois |
| Warren Pumps | Delaware | New Jersey |
| Zurn Industries | Delaware | Pennsylvania |

Dbt f ;!4;22.dw.11176.t rd!!Epdvn f ou\$;!2.4!!!!Gjrfhe;!12036022!!!Qbhf !2!pg2

## Exhibit B
### Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Badger Ammunition Powder Plant | Baraboo | WI | 1976 | 1976 |
| State Capital of Wisconsin Steam Tunnels | Madison | WI | 1976 | 1978 |
| Madison Gas & Electric | Madison | WI | 1975 | 1975 |
| Oscar Mayer | Madison | WI | 1966 | 1974 |
| Steam Tunnels & Heating Plant | Madison | WI | 1970 | 1989 |
| University of Wisconsin Charter Street Heating Plant | Madison | WI | 1975 | 1989 |
| Wisconsin PTL Columbia Generating Station | Portage | WI | 1972 | 1973 |