## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DIANE ANTONELLI, Executrix for the
Estate of MICHAEL HARVEY                       :          DKT NO: CT/3:10-CV-344

                                                :

v.                                              :

                                                :

ELECTRIC BOAT CORP.                             :          March 16, 2011

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Plaintiff Michael Harvey served his complaint against the defendant Electric Boat on February 8, 2010. The return date was March 2, 2010. Unfortunately, that was also the day Mr. Harvey passed away at the age of 47.

On March 9, 2010, the defendant removed this case from the Superior Court of the State of Connecticut to the United States District Court for the District of Connecticut. Plaintiff agreed that the notice of removal was timely, and specifically reserved his right to dispute the factual averments in support of removal until further discovery was completed. (Rule 26(f) Discovery Planning Meeting Report, page 2, section II, Docket Entry No. 26)

Plaintiff filed a Motion to Substitute a Party, naming Diane Antonelli, Michael Harvey's sister, as Executrix of the Estate of Michael Harvey, along with an amended complaint. (Dkt Entry No. 22)  The Court granted the motion and accepted the amended complaint. (Dkt Entry No. 23) Shortly thereafter the parties conferred and entered into a

1

scheduling order pursuant to FRCP 26(f). (Dkt Entry No. 26) The Court ordered discovery due by August 1, 2011. (Dkt Entry No. 27)

Plaintiff made initial disclosures pursuant to FRCP 26(a). As of the filing of this memorandum the defendant has not met its obligation under the rule. Nonetheless, this case has proceeded, and plaintiff recently noticed the deposition of Gordon Harvey, Michael's father.

The defendant, whose counsel has practiced before the MDL 875 Docket, waited over one year to notify the JPML of this potential tag along action. It is respectfully submitted that the delay in notification by the defendant should preclude transfer to the MDL because the transfer will unnecessarily delay the resolution of this matter, in direct contravention to the basic tenets and principles of the MDL structure.

## BRIEF FACTUAL RECITATION

Michael Harvey is the son of Gordon Harvey. Gordon Harvey was a lagger at General Dynamics, Electric Boat, in Groton, CT, from on or about 1959 to 1995. As a lagger, the elder Mr. Harvey worked with asbestos insulation aboard submarines during new construction and overhaul. Before his death Michael Harvey testified that he never worked with asbestos. (This deposition has already been disclosed to the defendant.) Nonetheless, Mr. Harvey had indicia of asbestos exposure. Appropriate averments and charges were lodged.

**TRANSFER TO THE MDL 875 DOCKET WILL UNNECESSARILY DELAY THE RESOLUTION OF THIS MATTER**

The JPML has authority to transfer a case to the MDL "upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. 1407. Here, given the time that has elapsed between the removal of this case to the District of Connecticut and the tag along notification, discretion weighs in favor of remand, so that this case cab proceed accordingly.

Certainly, this case involves "allegations of personal injury [and] wrongful death caused by asbestos." In Re Asbestos Prod. Liab., 771 F.Supp. 415, 416 (Jud. Pan. Mult. Lit. 1991). However, remanding the case to the District of Connecticut does not "threaten the administration of justice." Id. at 418. Instead, remand would facilitate the timely resolution of this matter given that the scheduling order entered into by the parties is more than half-way finished.

In the District of Connecticut there is no "backlog" of cases that is "eroding a fundamental aspiration of our judicial system to provide equality of treatment for similarly situated persons." Id. at 419. The District of Connecticut is more than capable of overseeing the resolution of this matter, and indeed, is where this case would be tried whether transferred to the MDL or not.

When the defendant entered into the scheduling plan in August of 2010, it was well aware of the MDL, tag along actions, and the mechanisms in place for removal to the MDL 875 docket. Instead, the defendant agreed to discovery, which has commenced. Actions have been taken and notification of at least one deposition has been issued. Only now does the defendant seek to transfer this case. Whether inadvertent or not, the failure to timely notify of the JPML of this action, and the transfer now to the MDL, would unjustly delay its resolution.

The JPML specifically declined to "carve out exceptions to transfer." Id. at 422. However, that Court left open the possibility that certain matters may not be appropriate for transfer, and, section 1407(a) does not mandate removal.

Therefore, given the delay in notification, this case is such an exception, and it is respectfully requested that this case be remanded to the District of Connecticut.

RESPECTFULLY

/s/ John G. Geida, Esq. /s/
John F. Geida, Esq.
Fed Bar No ct27468
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340
T. 860-449-0341
F. 860-449-9070
jgeida@embryneusner.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically through the Court's electronic filing system. Pursuant to Court rules, all parties registered will receive notification.

RESPECTFULLY

/s/ John G. Geida, Esq. /s/
John F. Geida, Esq.
Fed Bar No ct27468
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340
T. 860-449-0341
F. 860-449-9070
jgeida@embryneusner.com