ASBESTOS

# U.S. District Court
## Western District of North Carolina (Asheville)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00294-MR

Patton v. A.O. Smith Corporation et al
Assigned to: District Judge Martin Reidinger
Demand: $100,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 12/16/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Sylvia Marie Patton**

*Individually and
as Executor of the
Estate of*
Fermon Junior Patton

represented by **William M. Graham**
Wallace & Graham
525 North Main Street
Salisbury, NC 28144
704-633-5244
Fax: 704-633-9434
Email: bgraham@wallacegraham.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.O. Smith
Corporation**

represented by **Frank J. Gordon**
Millberg, Gordon & Stewart, P.L.L.C.
1101 Haynes Street
Suite 104
Raleigh, NC 27604
919-836-0090
Fax: 919-836-8027
Email: fgordon@mgsattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Burnham**
**Corporation**

**<u>Defendant</u>**

**Burnham**
**Corporation**
*individually and as*
*successor in interest*
*to*
*other*
Kewanee Boiler
Corporation

**<u>Defendant</u>**

| | | |
|---|---|---|
| **Carrier** **Corporation** | represented by | **Tracy Edward Tomlin** Nelson, Mullins, Riley & Scarborough, LLP 100 N. Tryon St. 42nd Floor Charlotte, NC 28202 704-417-3101 Fax: 704-417-3227 Email: tracy.tomlin@nelsonmullins.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**<u>Defendant</u>**

**Crane Co.**

**<u>Defendant</u>**

| | | |
|---|---|---|
| **Crane Co.** *individually and as* *successor in interest* *to* *other* National U.S. Radiator | represented by | **Tracy Edward Tomlin** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

Case MDL No. 875   Document 6886-1   Filed 03/17/11   Page 3 of 39

**Defendant**

**Crane Co.**
*individually and as*
*successor in interest*
*to*
*other*
Pacific Steel Boiler
Co.

**Defendant**

**Crown Cork & Seal**   represented by   **Timothy W. Bouch**
**USA, Inc.**                             Leath Bouch Crawford & von Keller
                                          P.O. Box 59
                                          Charleston, SC 29402
                                          843/937-8811
                                          Fax: 843/937-0606
                                          Email: tbouch@leathbouchlaw.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel International**   represented by   **Charles Monroe Sprinkle , III**
**Corporation**                            Haynsworth Sinkler Boyd, P.A.
                                           75 Beattie Place, Eleventh Floor
                                           Greenville, SC 29601
                                           864-240-3212
                                           Fax: 864-240-3300
                                           Email: csprinkle@hsblawfirm.com
                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Fluor Daniel, Inc.,**   represented by   **Charles Monroe Sprinkle , III**
*formerly known as*                        (See above for address)
Daniel Construction                        *ATTORNEY TO BE NOTICED*
Company, Inc.

**Defendant**

**General Electric**

**Company**

**Defendant**

**General
Refractories
Company**

**Defendant**

| **Goulds Pumps, Inc.** | represented by | **Lindsay M. Peed** |
| --- | --- | --- |

Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
Charlotte Plaza
201 South College Street
Suite 2300
Charlotte, NC 28244
704-342-2588
Fax: 704-342-4379
Email:
lindsay.peed@ogletreedeakins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L. Wade , Jr.**
Ogletree Deakins Nash Smoak &
Stewart, PC
201 South College St.
Suite 2300
Charlotte, NC 28244
704-342-2588
Fax: 704-342-4379
Email: michael.wade@odnss.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| **Harsco Industrial
Patterson-Kelley**
*Division of*
Harsco Corporation | represented by | **Anthony T. Lathrop**
Moore & Van Allen
100 N. Tryon Street
Suite 4700 |
| --- | --- | --- |

Charlotte, NC 28202
704 331-3596
Fax: 704 339-5896
Email: tonylathrop@mvalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole Marie Thompson**
Moore and Van Allen
100 N. Tryon St.
Suite 4700
Charlotte, NC 28202
704-331-3579
Fax: 704-409-5676
Email: nicolethompson@mvalaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Co**

**Defendant**

| **ITT Corporation** | represented by | **Mary Eva Hayes Yoost** |
|---|---|---|
| *individually and* | | McGuire Woods, LLP |
| *as successor to* | | 100 North Tryon Street, Suite 2900 |
| Bell & Gossett | | Charlotte, NC 28202 |
| | | 704-373-8964 |
| | | Email: myoost@mcguirewoods.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| **Metropolitan Life** | represented by | **Keith E. Coltrain** |
|---|---|---|
| **Insurance Company** | | Elmore & Wall PA |
| | | 1001 Wade Ave., Ste. 423 |
| *a wholly-owned* | | Raleigh, NC 27605 |
| *subsidiary of* | | 919 865-9500 |
| *other* | | Fax: 919 865-9501 |
| Metlife Inc. | | Email: keith.coltrain@elmorewall.com |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Service
Industries, Inc.**
*formerly known as*
North Brothers
Company

**Defendant**

**Owens-Illinois, Inc**          represented by   **Robert O. Meriwether**
                                                  Nelson, Mullins, Riley &
                                                  Scarborough, LLP
                                                  1320 Main St., Suite 17
                                                  P.O. Box 11070
                                                  Columbia, SC 29201
                                                  803-799-2000
                                                  Fax: 803-256-7500
                                                  Email:
                                                  robert.meriwether@nelsonmullins.com

                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American
Corporation**                    represented by   **Carter T. Lambeth**
                                                  Johnson & Lambeth
                                                  P.O. Box 660
                                                  Wilmington, NC 28402
                                                  910-763-0481
                                                  Fax: 910-251-1276
                                                  Email: ctl@johnsonandlambeth.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Sepco Corporation**

**Defendant**

**The Alstrom
Corporation**

**Defendant**

**The H.B. Smith Co.,
Inc.**

**Defendant**

**Trane U.S. Inc.**
*formerly known as*
American Radiator &
Standard Sanitary
Corporation

**Defendant**

| | | |
|---|---|---|
| **Union Carbide Corporation** | represented by | **Charles Monroe Sprinkle , III** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Weil-McLain** | represented by | **Frank J. Gordon** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Yarway Corporation** | represented by | **Tracy Edward Tomlin** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Zurn Industries, LLC** | represented by | **Tracy Edward Tomlin** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/16/2010 | 1 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 350 receipt number 0419-1234521), filed by Sylvia Marie Patton.(Graham, William) (Entered: 12/16/2010) |
| 12/16/2010 | | Added District Judge Martin Reidinger; (pdf) (Entered: 12/16/2010) |
| 12/16/2010 | | In Re: Asbestos Products Liability Litigation - MDL #875. Notice to Clerk of MDL Panel of tag-along case. (pdf) (Entered: 12/16/2010) |
| 12/16/2010 | 2 | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos-Related Litigation, WDCP-83-1. Signed by Clerk, Frank G. Johns.. Signed by District Judge Martin Reidinger on 12/16/2010. (pdf)** (Entered: 12/16/2010) |
| 12/16/2010 | 3 | Summons Issued Electronically as to All Defendants. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (pdf) (Entered: 12/16/2010) |
| 02/02/2011 | 4 | ANSWER to 1 Complaint with Jury Demand *and to Cross Claims of Any and All Other Defendants* by Metropolitan Life Insurance Company.(Coltrain, Keith) (Entered: 02/02/2011) |
| 02/02/2011 | 5 | Corporate Disclosure Statement by Metropolitan Life Insurance Company (Coltrain, Keith) (Entered: 02/02/2011) |
| 02/08/2011 | 6 | *Carrier Corporation* ANSWER to 1 Complaint with Jury Demand by Carrier Corporation.(Tomlin, Tracy) (Entered: 02/08/2011) |
| | | |

| | | |
|---|---|---|
| 02/08/2011 | 7 | Corporate Disclosure Statement by Carrier Corporation (Tomlin, Tracy) (Entered: 02/08/2011) |
| 02/08/2011 | 8 | *Yarway Corporation* ANSWER to 1 Complaint with Jury Demand by Yarway Corporation.(Tomlin, Tracy) (Entered: 02/08/2011) |
| 02/08/2011 | 9 | Corporate Disclosure Statement by Yarway Corporation (Tomlin, Tracy) (Entered: 02/08/2011) |
| 02/08/2011 | 10 | *Zurn Industries, LLC* ANSWER to 1 Complaint with Jury Demand by Zurn Industries, LLC.(Tomlin, Tracy) (Entered: 02/08/2011) |
| 02/08/2011 | 11 | Corporate Disclosure Statement by Zurn Industries, LLC (Tomlin, Tracy) (Entered: 02/08/2011) |
| 02/09/2011 | 12 | ANSWER to 1 Complaint by Crown Cork & Seal USA, Inc..(Bouch, Timothy) (Entered: 02/09/2011) |
| 02/09/2011 | 13 | Corporate Disclosure Statement by Crown Cork & Seal USA, Inc. (Bouch, Timothy) (Entered: 02/09/2011) |
| 02/11/2011 | 14 | Deleted Document, refiled as document no. 31 to show Answer deadlines. Modified text on 2/25/2011 (ejb). NEF Regenerated. (Entered: 02/11/2011) |
| 02/15/2011 | 15 | *Entry of Appearance and* ANSWER to 1 Complaint with Jury Demand by Goulds Pumps, Inc..(Peed, Lindsay) (Entered: 02/15/2011) |
| 02/15/2011 | 16 | Corporate Disclosure Statement by Goulds Pumps, Inc. (Peed, Lindsay) (Entered: 02/15/2011) |
| 02/17/2011 | 17 | *Entry of Appearance and* ANSWER to 1 Complaint with Jury Demand by ITT Corporation.(Yoost, Mary) (Entered: 02/17/2011) |
| 02/17/2011 | 18 | Corporate Disclosure Statement by ITT Corporation (Yoost, Mary) (Entered: 02/17/2011) |
| 02/17/2011 | 19 | *Crane Co.* ANSWER to 1 Complaint with Jury Demand by Crane Co.(individually and as successor in interest to). |

| | | |
|---|---|---|
| | | (Tomlin, Tracy) (Entered: 02/17/2011) |
| 02/17/2011 | [20](#) | Corporate Disclosure Statement by Crane Co. (individually and as successor in interest to) (Tomlin, Tracy) (Entered: 02/17/2011) |
| 02/17/2011 | 21 | Deleted Document, refiled as document no. [31](#) to show Answer deadlines. Modified text on 2/25/2011 (ejb). NEF Regenerated (Entered: 02/17/2011) |
| 02/18/2011 | [22](#) | ANSWER to [1](#) Complaint with Jury Demand by A.O. Smith Corporation.(Gordon, Frank) (Entered: 02/18/2011) |
| 02/18/2011 | [23](#) | ANSWER to [1](#) Complaint with Jury Demand by Weil-McLain.(Gordon, Frank) (Entered: 02/18/2011) |
| 02/18/2011 | | In Re: Asbestos Products Liability Litigation - MDL #875. 2ND NOTICE to Clerk of MDL Panel of tag-along case. (ejb) (Entered: 02/18/2011) |
| 02/18/2011 | [24](#) | *ENTRY OF APPEARANCE AND* ANSWER to [1](#) Complaint with Jury Demand by Rapid American Corporation.(Lambeth, Carter) (Entered: 02/18/2011) |
| 02/18/2011 | [25](#) | Corporate Disclosure Statement by Rapid American Corporation (Lambeth, Carter) (Entered: 02/18/2011) |
| 02/18/2011 | [26](#) | ANSWER to [1](#) Complaint with Jury Demand by Union Carbide Corporation.(Sprinkle, Charles) (Entered: 02/18/2011) |
| 02/18/2011 | [27](#) | ANSWER to [1](#) Complaint with Jury Demand by Fluor Daniel, Inc.,.(Sprinkle, Charles) (Entered: 02/18/2011) |
| 02/18/2011 | [28](#) | ANSWER to [1](#) Complaint with Jury Demand by Daniel International Corporation.(Sprinkle, Charles) (Entered: 02/18/2011) |
| 02/18/2011 | [29](#) | ANSWER to Complaint with Jury Demand by Owens-Illinois, Inc.(Meriwether, Robert) (Entered: 02/18/2011) |
| 02/18/2011 | [30](#) | Corporate Disclosure Statement by Owens-Illinois, Inc |

| | | (Meriwether, Robert) (Entered: 02/18/2011) |
|---|---|---|
| 02/25/2011 | 31 | AFFIDAVIT of Service filed by Sylvia Marie Patton. A.O. Smith Corporation served on 12/20/2010, answer due 2/18/2011; Burnham Corporation served on 12/21/2010, answer due 2/22/2011; Burnham Corporation (individually and as successor in interest to) served on 12/21/2010, answer due 2/22/2011; Carrier Corporation served on 12/20/2010, answer due 2/18/2011; Crane Co. (individually and as successor in interest to) served on 12/21/2010, answer due 2/22/2011; Crane Co. served on 12/21/2010, answer due 2/22/2011; Crown Cork & Seal USA, Inc. served on 12/20/2010, answer due 2/18/2011; Daniel International Corporation served on 12/21/2010, answer due 2/22/2011; Fluor Daniel, Inc., served on 12/20/2010, answer due 2/18/2011; General Electric Company served on 12/20/2010, answer due 2/18/2011; General Refractories Company served on 12/20/2010, answer due 2/18/2011; Goulds Pumps, Inc. served on 12/20/2010, answer due 2/18/2011; Harsco Industrial Patterson-Kelley served on 12/21/2010, answer due 2/22/2011; ITT Corporation served on 12/20/2010, answer due 2/18/2011; Ingersoll-Rand Co served on 12/20/2010, answer due 2/18/2011; Metropolitan Life Insurance Company served on 12/21/2010, answer due 2/22/2011; National Service Industries, Inc. served on 12/20/2010, answer due 2/18/2011; Owens-Illinois, Inc served on 12/20/2010, answer due 2/18/2011; Rapid American Corporation served on 12/21/2010, answer due 2/22/2011; Sepco Corporation served on 12/20/2010, answer due 2/18/2011; The Alstrom Corporation served on 12/23/2010, answer due 2/22/2011; The H.B. Smith Co., Inc. served on 12/20/2010, answer due 2/18/2011; Trane U.S. Inc. served on 12/20/2010, answer due 2/18/2011; Union Carbide Corporation served on 12/20/2010, answer due 2/18/2011; Weil-McLain served on 12/20/2010, answer due 2/18/2011; Yarway Corporation served on 10/20/2010, answer due |

| | | 12/19/2010; Zurn Industries, LLC served on 12/20/2010, answer due 2/18/2011. (ejb) Modified on 2/25/2011 to add PDF (ejb). NEF Regenerated (Entered: 02/25/2011) |
|---|---|---|
| 03/10/2011 | 32 | NOTICE of Appearance by Michael L. Wade, Jr on behalf of Goulds Pumps, Inc. (Wade, Michael) (Entered: 03/10/2011) |
| 03/11/2011 | 33 | *Entry of Appearance and* ANSWER to 1 Complaint by Harsco Industrial Patterson-Kelley.(Lathrop, Anthony) (Entered: 03/11/2011) |
| 03/11/2011 | 34 | NOTICE of Appearance by Nicole Marie Thompson on behalf of Harsco Industrial Patterson-Kelley (Thompson, Nicole) (Entered: 03/11/2011) |
| 03/11/2011 | 35 | Corporate Disclosure Statement by Harsco Industrial Patterson-Kelley (Thompson, Nicole) (Entered: 03/11/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/17/2011 11:38:10 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-00294-MR |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : : : | Civil Action No.  MDL 875 |
| _____ | : | |
| This Document Relates to: | : | |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.: 1:10-cv-294

| | | |
|---|---|---|
| Sylvia Marie Patton, Individually and as Executor of the Estate of Fermon Junior Patton (deceased), | : : : | |
| Plaintiffs, | : | **CIVIL ACTION COMPLAINT** |
| vs. | : : | |
| A.O. Smith Corporation; | : | |
| Burnham Corporation; | : | **JURY TRIAL DEMANDED** |
| Burnham Corporation, individually and as successor in interest to Kewanee Boiler Corporation; | : : | |
| Carrier Corporation; | : | |
| Crane Co.; | : | |
| Crane Co. individually and as successor in interest to National U.S. Radiator; | : : | |
| Crane Co. individually and as successor in interest to Pacific Steel Boiler Co.; | : : | |
| CROWN Cork & Seal USA, Inc.; | : | |
| Daniel International Corporation; | : | |
| Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.; | : : | |
| General Electric Company; | : | |
| General Refractories Company; | : | |
| Goulds Pumps, Inc.; | : | |
| Harsco Industrial Patterson-Kelley, a division of Harsco Corporation; | : : | |
| Ingersoll-Rand Co; | : | |
| ITT Corporation, individually and as successor to Bell & Gossett; | : : | |
| Metropolitan Life Insurance Company, a wholly-owned subsidiary of Metlife Inc.; | : : | |
| National Service Industries, Inc. (f/k/a North Brothers Company); | : : | |
| Owens-Illinois, Inc; | : | |
| Rapid American Corporation; | : | |
| SEPCO Corporation; | : | |
| The Alstrom Corporation; | : | |

The H.B. Smith Co., Inc.;                                                  :
Trane U.S. Inc. f/k/a American Radiator & Standard          :
     Sanitary Corporation;                                      :
Union Carbide Corporation;                                            :
Weil-McLain;                                                                   :
Yarway Corporation;                                                       :
Zurn Industries, LLC                                                      :
                                                :
                    Defendants.                    :
_____

## **WRONGFUL DEATH COMPLAINT**

1.      Plaintiff, Sylvia Marie Patton, Individually and as Executor of the Estate of Fermon Junior Patton (deceased) sues the above-named defendants for compensatory and punitive damages and alleges:

2.      This action is brought pursuant to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 *et seq*., for the wrongful death of the decedent, Fermon Junior Patton, on behalf of all persons entitled to recover damages.

3.      The decedent died on June 9, 2009 in McDowell County, North Carolina.  The cause of death was Pleural Mesothelioma.  The decedent had been diagnosed with mesothelioma on or about August 25, 2008.

4.      This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## **PARTIES**

5.      The plaintiff, Sylvia Marie Patton ("Plaintiff"), is the Personal Representative of the Estate of Fermon Junior Patton, deceased, and is a citizen of the State of North Carolina.  Plaintiff was appointed Personal Representative of the Estate of Fermon Junior Patton, deceased, by the

General Court of Justice, Superior Court Division, McDowell County, North Carolina on or about June 15, 2009.  Plaintiff maintains this action on behalf of the estate pursuant to her powers under N.C. Gen. Stat. 28A-13-3.

6.      Decedent's exposure to asbestos and/or asbestos-containing products occurred during his employment at the sites listed on the attached Schedule I, which is incorporated by reference herein.

7.      The defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. At all material times, each of the named defendants mined, manufactured, processed, imported, converted, compounded, and/or sold substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or were sold, distributed, and used in North Carolina.

8.      At all times pertinent hereto, the defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said defendants.

9.      At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Decedent's employer or to such other entities so that these materials were caused to be used at the Decedent's job site.

## JURISDICTION AND VENUE

10.      This Court has personal jurisdiction over the defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or, at all material times are or have been engaged in business in the State of North Carolina.

11.     Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because Plaintiff resides in McDowell county, North Carolina and a substantial part of the events or omissions occurred in North Carolina.

12.     This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332 because the Plaintiff is a citizen of the State of North Carolina and no defendant is a citizen of the State of North Carolina.  Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Plaintiff has satisfied all conditions precedent to the filing of this action.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**NEGLIGENCE**</u>
**(Against all named Defendants except Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

14.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

15.     At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

16.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the decedent.

17.     Decedent, for a long period of time, worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

18.    During the course and scope of his employment, decedent was exposed to defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma, which ultimately resulted in death.

19.    Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products (as mentioned above) that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

20.    Decedent, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons employed as Decedent would be required to and would come into contact with and would work in close proximity to said products.

21.    Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being.  Further, defendants knew or

in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

22.     Decedent's illness, disability, and death are the direct and proximate result of the negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to decedent's body, lungs, respiratory system, skin, and health.

23.     Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     Failed to advise decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)     Failed or omitted to provide the decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers  from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)      After discovering that the asbestos exposure caused a progressive lung disease, the defendants did not inform the decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

24.      Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time that they left the control of the defendants.

25.      Defendants were negligent and breached their duty of due care to decedent by taking or failing to take the actions as previously alleged to avoid harm to the decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

26.      The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to decedent were reasonably foreseeable, or should have been reasonably foreseen by defendants.

27.      As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the decedent developed mesothelioma, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

28.      Accordingly, plaintiff has suffered injury and damages hereinafter described.

## SECOND CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY
**(Against all named Defendants except Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

29.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

30.     The defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

31.     The implied warranty made by the defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the decedent carried out his duties as a dye house mechanic working with asbestos and asbestos-containing materials, products, or equipment.

32.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, decedent developed asbestos-related illnesses, to-wit: mesothelioma, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

33.     Accordingly, plaintiff has suffered injury and damages hereinafter described.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
**(Against Defendants Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

34.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

35.     At all material times, Defendants are or were engaged in the business of supplying, installing, replacing, repairing, and/or tearing out asbestos or asbestos-containing products during the course of construction or maintenance activities at the various job-sites listed in Schedule I.

36.     Upon information and belief, Defendants entered into various contracts to perform construction, maintenance, renovation and/or asbestos abatement work at some or all of the jobsites listed in Schedule I.

37.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be used, applied, installed, repaired, or torn out in the vicinity of the Plaintiff while he was working at his various job-sites.

38.     Defendants herein, contracted, employed, retained and/or otherwise hired individuals, servants, agents, and/or employees to perform the work described herein and for which the Defendants had been hired, retained and/or contracted.

39.     Defendants herein are vicariously responsible for the negligent, willful and/or wanton acts of their employees, servants and/or agents, who, while committing such negligent, willful and/or wanton acts were acting generally within the scope of their assigned, duties and employment with said Defendant employers.

40.     In furtherance of its duties as general contractor, Defendants, by its agents, servants and/or employees, purchased, transported, cut, fitted, sawed, installed, and otherwise handled asbestos containing materials in and throughout certain jobsites identified on Schedule I.

41.     The construction, maintenance, and installation of asbestos-containing insulation and other asbestos-containing materials, occurred while the Plaintiff was employed and actively working in and throughout the plant and in close proximity to the Defendants' workers and employees.

42.     Plaintiff, for a long period of time, worked with or around and was exposed to the asbestos and asbestos-containing materials, products or equipment installed, replaced, repaired, and/or torn out by the Defendants, most of the exposure being within the State of North Carolina.

43.     During the course and scope of his employment, plaintiff has been exposed to defendants' use of asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

44.     At all material times, Defendants knew or should of have known that exposure to asbestos or asbestos-containing materials is deleterious, carcinogenic and otherwise harmful to persons exposed to asbestos fibers.

45.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to perform work as described herein in a reasonably safe manner and a duty to prevent injury to individuals, including Plaintiff, who were working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees.

46.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to warn the Plaintiff and other foreseeable individuals working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees of the dangers associated with asbestos exposure which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

47.     Plaintiff, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that were used, applied, installed, torn out, or replaced

by Defendants.  Defendants knew or should have known that persons employed as Plaintiff would be required to and would come into contact with and would work in close proximity to said products.

48.     Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they supplied, applied, installed, replaced, repaired, and/or tore out said asbestos or asbestos-containing products, materials or equipment while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being. Further, defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

49.     Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to plaintiff's body, lungs, respiratory system, skin, and health.

50.     Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     While performing their duties and obligations to provide general and/or specific plant maintenance the Defendants, their employees, agents and/or servants, handled and/or distributed asbestos-containing material in such a way as to expose the Plaintiffs herein to airborne asbestos dust and fibers.

(b)     Failed to provide a safe work environment for Plaintiff and others working in the vicinity of Defendant;

(c)    Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

(d)    Failing to properly warn the Plaintiff of the presence of airborne asbestos fibers which had been released into the air as a direct and proximate result of the defendants, their employees, agents and/or servants;

(e)    Failing to properly label areas of the plant, plant appurtenances and structures, including but not limited to, building insulation, pipes, boilers, walls, ceilings, floors and other areas as to the existence of friable or potentially friable asbestos-containing material;

(f)    Failing to take reasonable precautions to publish, disseminate or otherwise make available to Plaintiff, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Plaintiffs from overall exposure to asbestos-containing materials.

(g)    Failed to advise plaintiff of the dangerous characteristics of the asbestos and/or asbestos-containing materials, products or equipment used at Plaintiff's job-site;

(h)    Failed or omitted to provide the plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(i)    Failed and omitted to place any warnings or sufficient warnings on the containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(j)    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(k)    Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers  from asbestos and/or asbestos-containing materials, products or equipment;

(l)    Did not recommend methods to improve the work environment;

(m)    Did not use alternative products;

(n)    Continued to use a known cancer-causing product, to-wit:  asbestos;

(o)    During the time period that the Defendants constructed and/or maintained the plant at which Plaintiff worked, including its buildings and appurtenances, the Defendants, their

agents, servants, and/or employees failed to provide employees of the plant, including the Plaintiff, who were employed and working in the plant at the time, with any and/or all inadequate protection from exposure to airborne asbestos materials and fibers which were negligently released into the work area by Defendants, their employees, agents and/or servants; and

(p)     After discovering that the asbestos exposure caused a progressive lung disease, the defendants did not inform the plaintiff of the need for monitoring and periodic evaluations.

51.     At all material times, Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with exposure to asbestos or asbestos-containing products.

52.     Defendants were negligent and breached their duty of due care to plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the plaintiff and other foreseeable users, in light of the reasonably foreseeable dangers caused by the negligent use and application of the asbestos and/or asbestos-containing products, materials or equipment at issue.

53.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to plaintiff were reasonably foreseeable, or should have been reasonably foreseen by defendants.

54.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the plaintiff developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

55.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING AND/OR
### SUPERVISION OF DEFENDANT-EMPLOYEES
**(Against Defendants Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.))**

56.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

57.     That each of the Defendants herein hired, retained and/or otherwise employed individuals in order to perform the Defendants' obligations and duties at certain jobsites listed in Schedule I.

58.     Defendants herein had a duty to hire employees and supervisors who were competent and who would otherwise perform their job functions and assignments in a reasonably safe manner, and a duty to properly and adequately train its supervisors and employees in the proper and safe manner in which to perform their functions and assignments.

59.     Defendants were negligent in that they hired, retained and/or otherwise employed individuals who were untrained, incompetent, unsafe, careless, reckless and who otherwise acted in an unreasonable and unsafe manner in the performance of their job functions and assignments, including but not limited to, their purchase, transportation, installation, handling, cutting, sawing, fitting, demolition, removal and/or packaging of asbestos and asbestos-containing materials.

60.     The Defendants were negligent in that they failed to properly train, inform, equip and monitor supervisors and employees and the activities of its workers who were employed at the various sites listed on the attached Schedule I.

61.     That the transportation, installation, cutting, removal and/or otherwise handling of asbestos and asbestos-containing materials by Defendant, employees, servants and/or agents was done in such a negligent and irresponsible manner that surrounding work area at times appeared like clouds of white smoke, and that the dust-contained asbestos was like a snowstorm, clouding and fogging the entire room and work areas.

62.     The handling of asbestos-containing materials by Defendants, their responsible employees, agents and/or servants was done in such a negligent and irresponsible manner that hammers and objects of the like were used to knock asbestos insulation and materials off of pipes, boiler, ceilings, walls, and other areas.

63.     Defendants, their employees, agents and/or servants handled and worked with asbestos-containing material in such a negligent and irresponsible manner that the air surrounding said job site was not encapsulated or properly ventilated to prevent the release into surrounding areas of airborne asbestos dust and fibers into the breathing space occupied the Plaintiff.

64.     As a direct and proximate result of the Defendants negligent hiring, training and/or supervision of its employees, agents and/or servants, the Plaintiff was exposed to airborne asbestos dust and fibers causing injury.

65.     Accordingly, Plaintiff seeks damages as are hereinafter demanded.

## FIFTH CAUSE OF ACTION
## GROSS NEGLIGENCE—WILFUL, WANTON, AND RECKLESS CONDUCT
### (Against all named defendants)

66.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

67.     Decedent and others in his position worked in close proximity to the asbestos and asbestos-containing materials of the defendants, and the exposure and hazard to each of them, in decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the defendants, and each of them.

68.     The defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the decedent and others in the decedent's position, and prompted by pecuniary motives, the defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said defendants.  As a result, the decedent has been severely damaged as is set forth below.

69.     The defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

70.     The acts of the defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of decedent and others similarly situated at a time when defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including decedent and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of decedent and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

71.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer,

such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

### SIXTH CAUSE OF ACTION
### FALSE REPRESENTATION
**(Against all Defendants)**

72.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

73.     During, before, and after plaintiff's exposure to asbestos products manufactured, installed or otherwise used by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure, to plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as plaintiff, and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

74.     The foregoing representations were material conditions precedent to plaintiff's continued exposure to asbestos containing products, and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

75.     As a direct and proximate result of plaintiff's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

### SEVENTH CAUSE OF ACTION
### FAILURE TO WARN
**(Against all named Defendants except Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

76.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

77.    At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos.

78.    Defendants had a duty to warn individuals working at the Plaintiff's jobsites, including but not limited to Plaintiff, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

79.    Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff of the dangers, including but not limited to:

(a)    Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Plaintiff knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)    Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Plaintiff  knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c)    Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)    Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Plaintiff;

(e)    Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)    Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)    Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be

implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Plaintiff and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Plaintiff and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)     otherwise failing to act reasonably under the totality of the circumstances.

80.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Plaintiff's employer, and these products were used by Plaintiff's various employers.  Thus, Defendants had a duty to warn individuals working at Plaintiff's jobsites, including but not limited to the Plaintiff, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

81.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

82.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Plaintiff.  In the alternative, after the asbestos-containing products left Defendants' control, Defendant became aware of or in the exercise

of ordinary care should have known that their product posed a substantial risk of harm to a reasonably foreseeable user, such as the Plaintiff, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

83.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff to develop Mesothelioma as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

84.     As a result of the Defendants' failure to warn, the Plaintiff suffered and will continue to suffer the following injuries and damages hereinafter alleged.

<u>EIGHTH CAUSE OF ACTION</u>
<u>FAILURE TO WARN</u>
**(Against Daniel International Corporation and Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

85.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

86.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or significantly contributed to the Plaintiff's development of Mesothelioma.

87.     Defendants had a duty to warn individuals working at the Plaintiff's jobsites, including but not limited to Plaintiff, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

88.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products,

materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff of the

dangers, including but not limited to:

> (a)     Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos-containing materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;
>
> (b)     Failing to properly warn Plaintiff of the presence of airborne asbestos fibers which had been released in the air as a direct and proximate result of the defendants, their employees, agents and/or servants;
>
> (c)     Failing to properly label areas of the plant, plant appurtances and structures, including but not limited to, building insulation, pipes, boilers, walls, ceilings, floors, and other areas as to the existence of friable or potentially friable asbestos-containing material;
>
> (d)     Failing to take reasonable precautions to publish, disseminate or otherwise make available to Plaintiff, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Plaintiff from overall exposure to asbestos-containing materials.
>
> (e)     otherwise failing to act reasonably under the totality of the circumstances.

89.     Despite Defendants' knowledge of the harm and/or potential harm associated with

the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products,

materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings

and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing

products, materials, or equipment.

90.     As a direct and proximate result of the Defendants' failure to warn, the Plaintiff

suffered and will continue to suffer the irreparable harm, injury and damages, as described herein.

## DAMAGES

91.     Plaintiff incorporates by reference as if fully set forth herein the allegations

contained in the preceding paragraphs.

92.     Plaintiff files this action under and pursuant to N.C. Gen. Stat. §§28A-18-1, et. seq., and seeks to recover any and all damages allowable and incurred by the Estate of Fermon Junior Patton and all beneficiaries.

93.     As a result of the above-alleged conduct of the Defendants, the decedent developed mesothelioma and died, as a consequence of which, Plaintiff has been damaged as follows:

(a)     for hospital and medical expenses incidental to decedent's last illness;

(b)     for loss of earnings and future earning power of the decedent;

(e)     for the loss of decedent's general health, strength, and vitality;

(c)     for the loss of pecuniary contributions to the Plaintiff;

(d)     for the loss of aid, companionship and services to the Plaintiff;

(e)     for the future loss of aid, companionship and services to Plaintiff;

(f)     for the pain and suffering of the decedent;

(g)     for all other damages recoverable under said Act.

94.     Finally, as a result of the Defendants' conduct in which they acted in willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, wrongful death damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

**<u>PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u>**

Respectfully submitted,

WALLACE AND GRAHAM, P.A.

<u>/s/William M. Graham Esquire</u>
William M. Graham
NC Bar No. 17972
Cathy A. Williams
NC Bar No. 33534
Attorneys for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC  28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: bgraham@wallacegraham.com
E-Mail: cwilliams@wallacegraham.com

Date:   12/16/10

Fermon Junior Patton

SCHEDULE I
Deceased Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information


DECEASED'S OCCUPATION:

Construction,General Maintenance, Machine operator, Pipefitter, Plumber


| EMPLOYER/WORKSITE: | APPROXIMATE DATES: |
|---|---|
| Ellis Hosiery Mills - Drexel, NC | 07/01/42 - 09/30/43 |
| Newport News Naval Shipyard - Norfolk, VA | 01/01/44 - 03/01/44 |
| U S Marine Corps - Norfolk, VA | 04/01/44 - 02/26/47 |
| Drexel Enterprises Inc - Morganton, NC | 07/01/47 - 09/30/47 |
| G P Seagle Lumber - Marion, NC | 07/01/47 - 03/31/48 |
| Newport News Naval Shipyard - Norfolk, VA | 01/01/48 - 12/31/48 |
| Drexel Enterprises Inc - Morganton, NC | 01/01/48 - 12/31/48 |
| Poe Piping & Heating Company - Charlotte, NC | 10/01/48 - 03/31/50 |
| B. W. Barthalomew - Rutherfordton, NC | 01/01/49 - 03/31/49 |
| Garrison & Hopkins Co - Marion, NC | 10/01/49 - 12/31/49 |
| Cone Mills (n.k.a. International Textile Group) - Valdese, NC | 01/01/50 - 06/30/51 |
| Luther H Butler - Charlotte, NC | 01/01/50 - 03/31/50 |
| Wilson Bradshaw - | 07/01/50 - 09/30/50 |
| Kirksey & Co Inc - Morganton, NC | 04/01/51 - 06/30/55 |
| General Motors Corporation - | 04/01/55 - 09/30/56 |
| J. L. Powers - Broughton Mental Hospital - Morganton, NC | 07/01/56 - 03/31/57 |
| Kirksey & Co Inc - Morganton, NC | 07/01/57 - 09/30/57 |
| United Merchants & Mfrs Inc - Old Fort, NC | 10/01/57 - 06/30/58 |
| G S Saine Plumbing & Heating Co - Lincolnton, NC | 04/01/58 - 03/31/61 |
| Kirksey & Co Inc - Morganton, NC | 01/01/61 - 12/31/66 |
| Burke County School System - Morganton, NC | 01/01/66 - 06/05/92 |
| Duke Energy Corporation - Cherokee | 01/01/79 - 09/01/79 |
| Pinnacle Rest Home Inc - Nebo, NC | 01/01/94 - 12/31/96 |
| Lap Care Services Inc - Nebo, NC | 01/01/97 - 12/31/97 |

PRODUCTS CONTAINING ASBESTOS:

Raw Asbestos Fiber, Pipe Covering, Block, Cements, Gaskets, Refractory Materials, Boilers, Joint Compounds, Wall Board, and other asbestos containing materials.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NC DEFENDANTS LIST

A.O. Smith Corporation
The Prentice-Hall Corporation Systems, Inc.
327 Hillsborough St.
Raleigh, NC 27603

Burnham Corporation
CT Corporation System - NY
111 Eighth Ave
New York, NY 10011

Burnham Corporation, individually and as successor in interest to Kewanee Boiler Corporation
CT Corporation System - NY
111 Eighth Ave
New York, NY 10011

Carrier Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Crane Co.
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Crane Co. individually and as successor in interest to National U.S. Radiator
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Crane Co. individually and as successor in interest to Pacific Steel Boiler Co.
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

CROWN Cork & Seal USA, Inc.
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Daniel International Corporation
Registered Agent, NC Secretary of State

2 South Salisbury St.
Raleigh, NC 27601

Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

General Electric Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

General Refractories Company
1 Bala Ave. Suite 310
Bala Cynwyd, PA 19004

Goulds Pumps, Inc.
240 Fall St
Seneca Falls, NY 13148

Harsco Industrial Patterson-Kelley, a division of Harsco Corporation
The Corporation Trust Company
Corporation Trust Center 1209 Orange St.
Wilmington, DE 19801

Ingersoll-Rand Co
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

ITT Corporation, individually and as successor to Bell & Gossett
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Metropolitan Life Insurance Company, a wholly-owned subsidiary of Metlife Inc.
200 Park Ave.
New York, NY 10166

National Service Industries, Inc. (f/k/a North Brothers Company)
Corporation Service Company - GA
40 Technology Parkway S Ste 300
Norcross, GA 30092

Owens-Illinois, Inc
Managing Agent One Michael Owens Way
Perrysburg, OH 43551

Rapid American Corporation
Corporation Service Company - DE
2711 Centerville Rd Ste 400
Wilmington, DE 19808

SEPCO Corporation
CT Corporation System - CA
818 W Seventh St
Los Angeles, CA 90017

The Alstrom Corporation
c/o Declan Power, President 1408 Seabury Ave.
Bronx, NY 10461

The H.B. Smith Co., Inc.
Doretta M. Boomsma
47 Westfield Industrial Park Rd.
Westfield, MA 01085

Trane U.S. Inc. f/k/a American Radiator & Standard Sanitary Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Union Carbide Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Weil-McLain
500 Blaine St
Michigan City, IN 46360

Yarway Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Zurn Industries, LLC
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601