DIVERSITY, UNCONSENTED

## U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00068-slc
## Internal Use Only

Lantta, James v. A.W. Chesterton Company et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/25/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**James S. Lantta**

represented by **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: michaelp.cascino@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**
*a corporation*

represented by **Adam J Jagadich**
Segal, McCambridge Singer & Mahoney
Willis Tower
233 S. Wacker Drive
Suite 5500
Chicago, IL 60606
312-645-7811
Fax: 312-645-7711
Email: ajagadich@smsm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*a corporation*

**Defendant**

**Certainteed Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
Foley & Lardner LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
414-319-7364
Fax: 414-297-4900
Email: dmanna@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cornell Pump Company**
*a corporation*

**Defendant**

**Crane Co.**
*a corporation*

**Defendant**

**Flint Hills Resources, Ltd.**
*a corporation*

**Defendant**

**Foster Wheeler LLC**
*a corporation*

<u>**Defendant**</u>

**General Electric Company**
*a corporation*

<u>**Defendant**</u>

**Georgia Pacific, LLC**
*a corporation*

<u>**Defendant**</u>

**Goodrich Corporation**
*a corporation*

represented by **Michael Rosenberg**
Whyte Hirschboeck Dudek S.C.
555. E. Wells St., Ste 1900
Milwaukee, WI 53202
414-978-5631
Fax: 414-223-5000
Email: mrosenberg@whdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Goulds Pumps, Inc.**
*a corporation*

<u>**Defendant**</u>

**Ingersoll Rand Company**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**John Crane Inc.**
*a corporation*

<u>**Defendant**</u>

**Oakfabco Inc.**
*a corporation*

<u>**Defendant**</u>

**Rapid American Corporation**
*a corporation*

represented by **Mark Russell Feldmann**
Menn Law Firm, Ltd.
2501 East Enterprise Avenue
P.O. Box 785
Appleton, WI 54912-0785
920-731-6631
Fax: 920-560-4745
Email: mark-feldmann@mennlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**The Marley-Wylain Company**
*a corporation*
*also known as*
Weil-McLain Company

represented by **Edward J. McCambridge**
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, Ste 5500
Chicago, IL 60606
312-645-7800x7803
Fax: 312-645-7811
Email: EMcCambridge@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Trane U.S. Inc.**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viking Pump Inc.**
*a corporation*

**Defendant**

**Warren Pumps**
*a corporation*

**Defendant**

**Zurn Industries**
*a corporation*

represented by **Emily Zapotocny**
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, Ste 5500
Chicago, IL 60606
312-645-8438
Email: ezapotocny@smsm.com
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**James S. Lantta**

represented by **Michael P. Cascino**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**A.W. Chesterton Company**
*a corporation*

represented by **Adam J Jagadich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CBS Corporation**
*a corporation*

**Cross Defendant**

**Certainteed Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Cornell Pump Company**
*a corporation*

**Cross Defendant**

**Crane Co.**
*a corporation*

**Cross Defendant**

**Flint Hills Resources, Ltd.**
*a corporation*

**Cross Defendant**

**Foster Wheeler LLC**
*a corporation*

**Cross Defendant**

**General Electric Company**
*a corporation*

<u>Cross Defendant</u>

**Georgia Pacific, LLC**
*a corporation*

<u>Cross Defendant</u>

**Goodrich Corporation**
*a corporation*

represented by **Michael Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**Goulds Pumps, Inc.**
*a corporation*

<u>Cross Defendant</u>

**Ingersoll Rand Company**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**John Crane Inc.**
*a corporation*

<u>Cross Defendant</u>

**Oakfabco Inc.**
*a corporation*

<u>Cross Defendant</u>

**Rapid American Corporation**
*a corporation*

represented by **Mark Russell Feldmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**The Marley-Wylain Company**
*a corporation*

represented by **Edward J. McCambridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**Trane U.S. Inc.**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**Union Carbide Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**Viking Pump Inc.**
*a corporation*

<u>Cross Defendant</u>

**Warren Pumps**
*a corporation*

<u>Cross Defendant</u>

**Zurn Industries**
*a corporation*

represented by **Emily Zapotocny**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2011 | 1 | COMPLAINT against A.W. Chesterton Company, CBS Corporation, Certainteed Corporation, Cornell Pump Company, Crane Co., Flint Hills Resources, Ltd., Foster Wheeler LLC, General Electric Company, Georgia Pacific, LLC, Goodrich Corporation, Goulds Pumps, Inc., Ingersoll Rand Company, John Crane Inc., Oakfabco Inc., Rapid American Corporation, The Marley-Wylain Company, Trane U.S. Inc., Union Carbide Corporation, Viking Pump Inc., Warren Pumps and Zurn Industries, filed by James S. Lantta. Service to be completed by Waiver of Service of Summons. (Filing Fee $350, receipt number 0758-695239) (Attachments: # 1 JS-44 Civil Cover Sheet, # 2 Exhibit A - Defendants' Home States and Principal Places of Business, # 3 Exhibit B - Plaintiff's Work History) (Cascino, Michael) Added exhibit descriptions on 1/26/2011. (arw) (Entered: 01/25/2011) |
| 01/25/2011 | 2 | Notice by Plaintiff James S. Lantta. (Cascino, Michael) (Entered: 01/25/2011) |
| 01/25/2011 | 3 | Corporate Disclosure Statement by Plaintiff James S. Lantta (Cascino, Michael) (Entered: 01/25/2011) |
| 01/26/2011 | | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (arw) (Entered: 01/26/2011) |
| 01/26/2011 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (arw) (Entered: 01/26/2011) |
| 02/28/2011 | 4 | Notice of Appearance filed by Mark Russell Feldman for Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/28/2011) |
| 02/28/2011 | 5 | Certificate of Service by Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/28/2011) |
| 03/03/2011 | 6 | Notice of Appearance filed by Edward J. McCambridge for Defendant The Marley-Wylain Company (McCambridge, Edward) (Entered: 03/03/2011) |
| 03/04/2011 | 7 | Notice of Appearance filed by Emily Zapotocny for Defendant Zurn Industries (Zapotocny, Emily) (Entered: 03/04/2011) |
| 03/05/2011 | 8 | ANSWER by Defendant Certainteed Corporation. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 9 | Corporate Disclosure Statement by Defendant Certainteed Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 10 | ANSWER by Defendants Ingersoll Rand Company, Trane U.S. Inc.. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 11 | Corporate Disclosure Statement by Defendant Ingersoll Rand Company (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 12 | Corporate Disclosure Statement by Defendant Trane U.S. Inc. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 13 | ANSWER by Defendant Union Carbide Corporation. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 14 | Corporate Disclosure Statement by Defendant Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 15 | Certificate of Service by Defendants Certainteed Corporation, Ingersoll Rand Company, Trane U.S. Inc., Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/08/2011 | 16 | Notice of Appearance filed by Edward J. McCambridge for Defendant The Marley-Wylain Company (McCambridge, Edward) (Entered: 03/08/2011) |
| 03/08/2011 | 17 | MOTION TO DISMISS *Pursuant to FRCP 12(b)(6)* by Defendant The Marley-Wylain Company. Brief in Opposition due 3/29/2011. Brief in Reply due 4/8/2011. (McCambridge, Edward) (Entered: 03/08/2011) |
| 03/08/2011 | 18 | ANSWER by Defendant Goodrich Corporation. (Attachments: # 1 Certificate of Service) (Rosenberg, Michael) (Entered: 03/08/2011) |
| 03/08/2011 | 19 | Corporate Disclosure Statement by Defendant Goodrich Corporation (Rosenberg, Michael) (Entered: 03/08/2011) |
| 03/09/2011 | 20 | Notice of Appearance filed by Adam J Jagadich for Defendant A.W. Chesterton Company (Jagadich, Adam) (Entered: 03/09/2011) |
| 03/11/2011 | 21 | ANSWER, CROSSCLAIM *and Answer to All Anticipated or Filed Cross-Claims* by Defendant Cornell Pump Company, Cross Defendant Cornell Pump Company. (Gilligan, Thomas) Modified docket text on 3/14/2011 (mmo). (Entered: 03/11/2011) |
| 03/11/2011 | 22 | Corporate Disclosure Statement by Defendant Cornell Pump Company (Gilligan, Thomas) (Entered: 03/11/2011) |
| 03/14/2011 | 23 | Amended Answer to 1 Complaint by Defendant Goodrich Corporation, Cross Defendant Goodrich Corporation. (Attachments: # 1 Certificate of Service) (Rosenberg, Michael) Modified docket text on 3/15/2011 (mmo). (Entered: 03/14/2011) |

### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN

James S Lantta,

                                    Plaintiff,

     v.

A.W. Chesterton Company, a corporation,
CBS Corporation, a corporation,                                    Case No.
Certainteed Corporation, a corporation,
Cornell Pump Company, a corporation,
Crane Co., a corporation,
Flint Hills Resources, Ltd., a corporation,
Foster Wheeler LLC, a corporation,
General Electric Company, a corporation,
Georgia Pacific, LLC, a corporation,
Goodrich Corporation, a corporation,
Goulds Pumps, Inc., a corporation,
Ingersoll Rand Company, a corporation,
John Crane Inc., a corporation,
Oakfabco Inc., a corporation,
Rapid American Corporation, a corporation,
The Marley-Wylain Company a/k/a/ Weil-McLain
Company, a corporation,
Trane U.S. Inc., a corporation,
Union Carbide Corporation, a corporation,
Viking Pump Inc, a corporation,
Warren Pumps, a corporation,
Zurn Industries, a corporation,

                                    Defendants

### COMPLAINT

Now comes the plaintiff, James S Lantta (hereinafter "Plaintiff"), by and through his attorneys,

Cascino Vaughan Law Offices, Ltd., and complains against defendants A.W. Chesterton Company, a

corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, Cornell Pump

Company, a corporation, Crane Co., a corporation, Flint Hills Resources, Ltd., a corporation, Foster Wheeler

LLC, a corporation, General Electric Company, a corporation, Georgia Pacific, LLC, a corporation, Goodrich

Corporation, a corporation, Goulds Pumps, Inc., a corporation, Ingersoll Rand Company, a corporation, John

Crane Inc., a corporation, Minnesota Mining and Manufacturing Co., a corporation, Oakfabco Inc., a

corporation, Rapid American Corporation, a corporation, The Marley-Wylain Company a/k/a/ Weil-McLain
Company, a corporation, Trane U.S. Inc., a corporation, Union Carbide Corporation, a corporation, Viking
Pump Inc, a corporation, Warren Pumps, a corporation, Zurn Industries, a corporation,  as follows:

### JURISDICTION

1.      Plaintiff is an adult citizen and resident of Wisconsin and resides in Janesville, Wisconsin.

2.      Defendants are all corporations, none of which is incorporated in or has its principal place of

business in the State of Wisconsin, and at all times relevant to the allegations contained herein

were engaged in the business of designing, manufacturing, mining and selling asbestos and/or

asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as

"asbestos products."  Please refer to the attached Exhibit A for the state of incorporation and

principal place of business of each defendant.

3.      Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States

Code, §1332.

4.      The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000),

exclusive of interest and costs.

5.      Venue is proper pursuant to Title 28, United States Code, §1391.

### GENERAL ALLEGATIONS

6.      Plaintiff during the course of his employment as a Pipefitter at various job sites, including those

listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the

asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined,

distributed, packaged, installed or otherwise placed into commerce by defendants.

7.      Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred

by workers working with or near asbestos products.

8.      Plaintiff became aware of the asbestos-related condition and that said condition was caused by

Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9.      As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been

diagnosed with bilateral pleural thickening on 7/10/2010.

10.   Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large

sums of money for medical and hospital care, and suffered losses to his personal property and

possessions.

### COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11.   Plaintiff brings this count for negligence against all defendants except  Flint Hills Resources,

Ltd. and incorporates by reference all general allegations.

12.   It was reasonably foreseeable that Plaintiff and other workers would be working with or in the

proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13.   Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who

worked with or were exposed to the defendants' asbestos products.

14.   Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos

causes disease and or death, and that Plaintiff did not know that asbestos products were

dangerous or harmful at the time of his exposures.

15.   Each defendant breached its duty of care and was negligent, including without limitation in one

or more of the following acts or omissions:

    a.   Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b.   Failed to warn Plaintiff or others of the danger and harm of the asbestos after the
products or equipment were installed at the premises;

    c.   Failed to investigate or test for the health effects of asbestos prior to distribution
and sale;

    d.   Failed to instruct Plaintiff, his employers or others in the use of precautionary
measures relating to asbestos-containing products and/or asbestos-insulated
equipment; and/or

    e.   Manufactured, mined, supplied, or installed unsafe asbestos-containing products
or asbestos-insulated equipment.

16.   As a direct and proximate result of the acts and omissions of the product defendants above,

Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17. This cause of action is asserted against the manufacturing and supplying defendants, and is not asserted against Flint Hills Resources, Ltd.

18. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

19. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

20. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

21. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

   a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

   b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c. Was not subjected to adequate investigation regarding its hazards to health; and

   d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

22. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III- NEGLIGENCE - PREMISES OWNER

23. Plaintiff reasserts and realleges the above general allegations 1-24 above.

24.   This claim for negligence is brought against the following Defendant (hereinafter "Premise

Defendant";

a.  Flint Hills Resources, Ltd.

25.   Defendant was the owner of the premises during the dates and times of Plaintiff's exposures to

asbestos indicated on exhibit B.

26.   The condition of airborne dust containing asbestos insulation fibers released during the process

of applying and removing thermal insulation existed at the premises in exhibit B.

27.   When Plaintiff worked at the premises, defendants knew or should have known about the health

hazards of asbestos.

28.   Defendant in the exercise of ordinary care knew or should have known that the condition of its

property involved an unreasonable risk of harm to persons on the premises, including employees

of independent contractors such as Plaintiff, working at the premises.

29.   Defendant knew or should have known that persons on the premises would not discover or

realize the danger or would otherwise fail to protect themselves against it.

30.   As the owners of the premises, defendant owed a duty to use ordinary care to provide a

reasonably safe place for persons lawfully on the property, including Plaintiff.

31.   Defendant breached its duty of care and was negligent by one or more of the following acts or

omissions:

32.

a.   failing to adequately warn Plaintiff of the dangers of harm from exposure to
asbestos;

b.   failing to instruct Plaintiff adequately about safety precautions for exposure to
asbestos;

c.   failing to establish adequate safety measures to protect Plaintiff from exposure to
asbestos;

d.   failing to adequately test for asbestos where Plaintiff worked;

e.   employing any contractor which failed to take reasonable precautions against the
danger of asbestos;

f.      allowing the use of asbestos containing products at the premises;

g.      failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

33.   As a direct and proximate result of the acts and omissions of the premise defendant above, Plaintiff was injured as described above.

## COUNT IV – DECLARATORY JUDGMENT

34.   Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

35.   Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

36.   Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

37.   Plaintiff prays for relief as follows:

a.      Judgment against defendants, jointly and severally, for compensatory and general damages.

b.      Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: January 25, 2011

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600