**U.S. District Court**
**Western District of Wisconsin (Madison)**
**CIVIL DOCKET FOR CASE #: 3:11-cv-00077-slc**
**Internal Use Only**

Novak, Judy v. CBS Corporation et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/28/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Judy Novak**                                          represented by **Michael P. Cascino**
                                                          Cascino Vaughan Law Offices, Ltd.
                                                          220 S. Ashland Avenue
                                                          Chicago, IL 60607
                                                          312-944-0600
                                                          Fax: 312-944-1870
                                                          Email: michaelp.cascino@gmail.com
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**
*a corporation*

**Defendant**

**Owens-Illinois Inc.**
*a corporation*

**Defendant**

**Rapid American Corporation**                          represented by **Mark Russell Feldmann**
*a corporation*                                           Menn Law Firm, Ltd.
                                                          2501 East Enterprise Avenue
                                                          P.O. Box 785
                                                          Appleton, WI 54912-0785
                                                          920-731-6631
                                                          Fax: 920-560-4745
                                                          Email: mark-feldmann@mennlaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Weyerhaeuser Company**
*a corporation*

**Cross Claimant**

**Rapid American Corporation**                          represented by **Mark Russell Feldmann**
*a corporation*                                           (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**CBS Corporation**
*a corporation*

**Cross Defendant**

**Owens-Illinois Inc.**
*a corporation*

**Cross Defendant**

**Weyerhaeuser Company**

*a corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2011 | 1 | COMPLAINT against CBS Corporation, Owens-Illinois Inc., Rapid American Corporation, Weyerhaeuser Company. Service to be completed by Waiver of Service of Summons. (Filing Fee $350, receipt number 0758-697890) filed by Judy Novak. (Attachments:<br># 1 JS-44 Civil Cover Sheet,<br># 2 Exhibit A - Defendant's home states and principal places of business,<br># 3 Exhibit B - Plaintiff's work history) (Cascino, Michael) (Entered: 01/28/2011) |
| 01/28/2011 | 2 | Notice by Plaintiff Judy Novak. (Cascino, Michael) (Entered: 01/28/2011) |
| 01/28/2011 | 3 | Corporate Disclosure Statement by Plaintiff Judy Novak (Cascino, Michael) (Entered: 01/28/2011) |
| 01/31/2011 |  | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (arw) (Entered: 01/31/2011) |
| 01/31/2011 |  | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (arw) (Entered: 01/31/2011) |
| 02/28/2011 | 4 | Notice of Appearance filed by Mark Russell Feldmann for Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/28/2011) |
| 02/28/2011 | 5 | Certificate of Service by Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/28/2011) |
| 03/08/2011 | 6 | ANSWER with Jury Demand by Defendant Rapid American Corporation. (Feldmann, Mark) (Entered: 03/08/2011) |
| 03/08/2011 | 7 | Corporate Disclosure Statement by Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 03/08/2011) |
| 03/08/2011 | 8 | CROSSCLAIM against CBS Corporation, Owens-Illinois Inc., Weyerhaeuser Company, filed by Rapid American Corporation. (Feldmann, Mark) (Entered: 03/08/2011) |
| 03/08/2011 | 9 | Answer to All Cross-Claims by Cross Claimant Rapid American Corporation, Defendant Rapid American Corporation. (Feldmann, Mark) Modified on 3/10/2011 (jas). (Entered: 03/08/2011) |
| 03/08/2011 | 10 | Notice by Cross Claimant Rapid American Corporation, Defendant Rapid American Corporation *of Tag-Along Action*. (Feldmann, Mark) (Entered: 03/08/2011) |
| 03/08/2011 | 11 | Certificate of Service by Cross Claimant Rapid American Corporation, Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 03/08/2011) |
| 03/17/2011 | 12 | Letter from the Court to U.S. Judicial Panel on Multidistrict Litigation advising of possible tag-along asbestos action. (arw) (Entered: 03/17/2011) |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WISCONSIN

Judy Novak,

                        Plaintiff,

v.

CBS Corporation, a corporation,           Case No.
Owens-Illinois Inc., a corporation,
Rapid American Corporation, a corporation
Weyerhaeuser Company, a corporation,

                        Defendants.

## COMPLAINT

Now come the plaintiff, Judy Novak, (hereinafter "Plaintiff"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants, CBS Corporation, a corporation, Owens-Illinois Inc., a corporation, Rapid American Corporation, a corporation, Weyerhaeuser company, a corporation, as follows:

### JURISDICTION

1. Plaintiff Judy Novak is an adult citizen and resident of Wisconsin and resides in Marshfield, Wisconsin.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin. Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

### GENERAL ALLEGATIONS

6. Plaintiff during the course of her employment as a door core worker at various job sites, including those listed on the attached Exhibit B owned by defendants, were exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, mined, installed or otherwise placed into commerce by defendants.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff became aware of her asbestos-related conditions and that said conditions were caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, plaintiff developed and had been diagnosed with asbestos related disease and asbestos related lung cancer.

10. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to her personal property and possessions.

## COUNT I - PRODUCT LIABILITY - NEGLIGENCE

11. Plaintiff bring this count for negligence and incorporates by reference all general allegations against the following defendants;

    a. CBS Corporation.

    b. Owens-Illinois Inc.

    c. Rapid American Corporation.

12. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others

who worked with or were exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of their exposures.

15. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

   b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Plaintiff, their employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, supplied, mined, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17. Plaintiff bring this count and incorporates by reference all general allegations against the following defendants;

   a. CBS Corporation.

   b. Owens-Illinois Inc.

   c. Rapid American Corporation.

18. The defendants' above-described asbestos products were manufactured, supplied and

installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

19. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

20. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

21. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

22. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III - NEGLIGENCE - PREMISE OWNER

23. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

24. Plaintiff restates and realleges the allegations in paragraphs 1-22 above.

25. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of Plaintiff's exposures.

26. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released and contaminate the air:

   a. in the community surrounding the plant; and

   b. areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

27. The inhalation of asbestos fibers from contaminated air in the community surrounding the plant, housing, vehicles, and other places frequented by Plaintiff is unrelated to any employment relationship with defendant.

28. It was reasonably foreseeable that Plaintiff and other persons would be in proximity to the Weyerhaeuser Plant, or other locations to which the fibers were transported, and inhale airborne asbestos fibers released from the Weyerhaeuser Plant's operations.

29. Defendant had a duty to exercise reasonable care for the safety of the Plaintiff from asbestos fibers released during defendant's operations of the Weyerhaeuser plant which would foreseeably contaminate the air surrounding the plant and other locations to which the fibers were transported.

30. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

31. Plaintiff did not know that asbestos products or asbestos was so dangerous or harmful at the time of her exposures.

32. Defendant breached its duty of care and was negligent, including without limitation in

one or more of the following acts or omissions:

a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

b. Failed to adequately investigate health effects of asbestos;

c. Failed to adequately test for air levels for asbestos;

d. Failed to adequately instruct Plaintiff or others in the use of precautionary measures relating to airborne asbestos fibers;

e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos containing materials.

g. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

h. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

i. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

j. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

k. Failed to take corrective action after being put on notice of the above violations.

33. As a direct and proximate result of the acts and omissions from the premises defendant above, Plaintiff were injured as described above.

## COUNT IV - NUISANCE

34. Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

35. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-33 above.

36. Weyerhaeuser Company is responsible for the ownership and operation of the

Weyerhaeuser plant during the period of Plaintiff exposures.

37. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant.

38. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

39. Breathing uncontaminated public air is a public right.

40. The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by Plaintiff which contained public air.

41. Plaintiff and others inhaled the contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by Plaintiff.

42. The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by Plaintiff is unrelated to any employment relationship with defendant.

43. The inhalation of asbestos fibers is a health hazard.

44. The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

   a. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

   b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

   c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

   d. Exceeded other air quality standards or guidelines, including without limitation

       the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

   e. Adversely affected the health interests of the community at large; and

   f. Interfered with the public health and safety;

45. As a direct and proximate result of the nuisance, Plaintiff were injured as described above.

## COUNT V – DECLARATORY JUDGMENT

46. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

47. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

48. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

Wherefore, Plaintiff pray for relief as follows:

    a.    Judgment against defendants, jointly and severally, for compensatory and general damages.

    b.    Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by a jury of 6.


Dated: January 28, 2011


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600