BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS C. STAPLETON and | § | |
| CARLOTTA S. STAPLETON | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:11-CV-0428 |
| | § | |
| AIR & LIQUID SYSTEMS | § | |
| CORPORATION (sued individually and | § | |
| as successor by merger to BUFFALO | § | |
| PUMPS, INC.), et al. | § | |
|     Defendants. | | |

**BRIEF IN SUPPORT OF MOTION TO REINSTATE CONDITIONAL TRANSFER
ORDER UNDER FRCP 60(b)**

Comes now Plaintiffs and submit this brief in support of their Motion to Vacate the

Transfer Order (CTO-374) conditionally entered by the Panel on March 11, 2011, and made

effective by expiration of the stay on March 21, 2011. Plaintiffs move for relief from the

Conditional Transfer Order and expiration of the stay under Rule 60(b) of the Federal Rules of

Civil Procedure.

On March 21, 2011, this Panel's Conditional Transfer Order, CTO-374, became effective on expiration of the stay of said order, based on the absence of any notice of opposition having been filed within seven days of the issuance of CTO-374.

Plaintiffs request this Panel vacate CTO-374 with respect to this action, and enter a new Conditional Transfer Order subject to a stay to allow the filing of opposition, on the grounds of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1). Plaintiffs did file a Notice of Opposition to CTO-374 on March 16, 2011, two days prior to its due date, but it was inadvertently filed in the U.S. District Court for the Southern District of California, the District Court in which this action was pending at the time the Conditional Transfer Order was issued. Plaintiffs' counsel intended to file the Notice of Opposition in this Panel, but due to clerical error it was misfiled in the Southern District of California. (See attached Declarations of Paul C. Cook and Annie Caserma.) Plaintiffs attach hereto as Exhibit A a copy of the Notice of Opposition that was filed in the Southern District of California, bearing the confirmation of filing on March 16, 2011.

Also on March 16, Plaintiffs concurrently filed a cover letter with the Notice of Opposition addressed to the Clerk of this Panel, demonstrating the intent of Plaintiffs' counsel to have the document filed with this Panel. The cover letter is attached hereto as Exhibit B. It is clear the Notice of Opposition was filed with the Southern District of California as a result of clerical error, and Plaintiffs respectfully request relief from this inadvertent error under FRCP 60(b)(1).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court held that the determination of excusable neglect is an equitable matter and identified several relevant factors: the risk of

prejudice to the non-movant, the length of delay, the reason for the delay, including whether it was in control of the movant, and whether the movant acted in good faith. (*Id.* at 395-97, 113 S.Ct. 1489; *see also FG Hemisphere Associates, LLC v. Democratic Republic of Congo* 447 F.3d 835, 838, 371 U.S.App.D.C. 60, 63 (C.A.D.C.,2006).) Each of these equitable factors weighs in favor of granting Plaintiffs relief from the Conditional Transfer Order.

There is no risk of prejudice to Defendants. The stay of the Conditional Transfer Order only recently expired, on March 21, and no proceedings in the transferee court have taken place. Therefore no party has relied on or expended resources in litigating this matter in the transferee court.

There has been no delay. Plaintiffs' counsel was first made aware of a problem with the filing of the Opposition on March 21, 2011, upon receiving notice that the stay on the Conditional Transfer Order expired based on the absence of the filing of an opposition. This motion for relief is being made without delay at the earliest possible opportunity.

Finally, Plaintiffs have acted in good faith in all respects. Plaintiffs have nothing to gain by misfiling a notice of opposition in the Southern District of California, and there can be no suggestion that the inadvertent misfiling was designed to obtain an advantage. To the contrary, Plaintiffs have been placed at a distinct disadvantage by the erroneous filing.

For all of the foregoing reasons, Plaintiffs respectfully request this Panel vacate the Conditional Transfer Order (CTO-374), and enter a new Conditional Transfer Order and stay its effective date, to permit Plaintiffs opportunity to submit an opposition on the merits of vacating the Conditional Transfer Order.

Respectfully submitted,

Paul C. Cook
California State Bar No. 170901
**Waters Kraus & Paul**
222 N. Sepulveda Blvd.
Suite 1900
El Segundo, California 90245
(310) 414-8146
(310) 414-8156 Telecopier

## DECLARATION OF PAUL C. COOK IN SUPPORT OF MOTION TO TO VACATE ORDER TO TRANSFER UNDER FRCP 60(b)

I, Paul C. Cook, declare:

1.  I am an attorney licensed to practice law before the courts of the State of California and am admitted to practice in the Southern, Central and Northern U.S. District Courts in the State of California, and am an attorney in the law firm of Waters, Kraus & Paul, attorneys of record for Plaintiffs CARLOS C. STAPLETON and CARLOTTA S. STAPLETON. The facts stated in this declaration are based on my personal knowledge and if called on to testify in a court of law I would testify as set forth herein.

2.  I drafted and signed Plaintiffs' Notice of Opposition to Transfer in response to this Panel's Conditional Transfer Order, CTO-374, entered March 11, 2011. A true and correct copy of the Opposition is attached hereto as Exhibit A. The Notice of Opposition bears a caption for this Judicial Panel on Multidistrict Litigation. On March 16, 2011, I directed my legal assistant, Annie Caserma, to file the document with this Judicial Panel. I also prepared and signed a cover letter, addressed to the Clerk of this Judicial Panel, Jeffery N. Lüthi, enclosing a copy of Plaintiffs' Notice of Opposition, and directed my assistant to fax the letter and enclosure to Mr. Lüthi. The cover letter to Mr. Lüthi is attached hereto as Exhibit B.

3.  I first learned that there was a problem with the filing of Plaintiffs' Opposition on March 21, 2011, when I learned that the stay on the Conditional Transfer Order had expired based on the absence of an opposition. I was then advised by my assistant that Plaintiffs' Opposition had been filed with the U.S. District Court for the Southern District of

California, the court in which this action was pending at the time the CTO was issued.

I declare under penalty of perjury of the laws of the State of California and of the United States that the foregoing is true and correct.  Executed this 23rd day of March, 2011 at El Segundo, California.

_____
Paul C. Cook
Declarant

## DECLARATION OF ANNIE CASERMA

I, Annie Caserma, declare:

1.  I am employed as a legal assistant by the law firm of Waters, Kraus & Paul, attorneys of record for Plaintiffs CARLOS C. STAPLETON and CARLOTTA S. STAPLETON.  The facts stated in this declaration are based on my personal knowledge and if called on to testify in a court of law I would testify as set forth herein.

2.  On March 16, 2011 my supervising attorney, Paul C. Cook, provided me with Plaintiffs' Notice of Opposition to this Panel's Conditional Transfer Order, and directed me to file the Opposition with this Judicial Panel on Multidistrict Litigation. I inadvertently filed the Opposition in the U.S. District Court, Southern District of California.

I declare under penalty of perjury of the laws of the State of California and of the United States that the foregoing is true and correct.  Executed this 23 day of March, 2011 at El Segundo, California.

Annie Caserma
Declarant