# U.S. District Court
## Middle District of Louisiana (Baton Rouge)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00178-JJB -SCR

Samuel et al v Anco Insulations, Inc.

Assigned to: Judge James J. Brady

Referred to: Magistrate Judge Stephen C. Riedlinger

Case in other court: 19t Judicial District Court, East Baton Rouge, 598,984

Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 03/22/2011

Jury Demand: None

Nature of Suit: 245 Tort Product Liability

Jurisdiction: Diversity

**Plaintiff**

**Sheranda Lynn Samuel**                represented by    **Sheranda Lynn Samuel**
                                                          PRO SE

**Plaintiff**

**Opal Farr Samuel**                    represented by    **Opal Farr Samuel**
*Indivdually and on behalf of*                            PRO SE
*their deceased husband and*
*father*
*on behalf of*
Roosevelt Samuel

**Plaintiff**

**Saundra Lafredia Samuel-**            represented by    **Saundra Lafredia Samuel-**
**McGowan**                                               **McGowan**
                                                          PRO SE

**Plaintiff**

**The McCarty Corporation**

**Plaintiff**

**The Aber Company, Inc.**

**Plaintiff**

**Arrowood Indemnity
Company**

**Plaintiff**

| | | |
|---|---|---|
| **Liberty Mutual Insurance Company**<br>*as insurer of the Aber Company* | represented by | **William J. Sommers , Jr.**<br>Duncan Courington & Rydberg LLC<br>400 Poydras Street<br>Suite 1200<br>New Orleans, LA 70130<br>504-524-5566<br>Fax: 524-7887<br>Email: wsommers@duncour.com<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

**Bituminous Fire and
Marine Insurance Company**

*as insurer of B&B
Engineering and Supply Inc.*

**Plaintiff**

**The Travelers Indemnity
Company**
*as insurer of B&B
Engineering and Supply
Company, Inc.*

**Plaintiff**

**Liberty Mutual Insurance
Company**
*as insurer of B&B
Engineerign and Supply
Company, Inc.*

V.

**Defendant**

| **Liberty Mutual Insurance Company, as alleged insures of B&B** | represented by | **William J. Sommers , Jr.** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| --- | --- | --- |
| | | **Kaye N. Courington** Duncan Courington & Rydberg LLC 400 Poydras Street Suite 1200 New Orleans, LA 70130 504-524-5566 Fax: 524-7887 Email: kcourington@duncour.com *ATTORNEY TO BE NOTICED* |
| | | **Magali Ann Puente-Martin** Duncan Courington & Rydberg LLC 400 Poydras Street Suite 1200 New Orleans, LA 70130 504-524-5566 Email: mmartin@duncour.com *ATTORNEY TO BE NOTICED* |

**Defendant**

**Anco Insulations, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/22/2011 | 1 | NOTICE OF REMOVAL from 19th Judicial District Court, Case Number 598,984. (Filing fee $ 350 receipt number 053N-661765), filed by Liberty Mutual Insurance Company, as alleged insures of B&B. (Attachments: # 1 Attachment, # 2 Exhibit)(Sommers, William) (Entered: 03/22/2011) |
| 03/24/2011 | 2 | AMENDED NOTICE OF REMOVAL against Liberty Mutual Insurance Company(as insurer of the Aber Company), filed by Liberty Mutual Insurance Company(as insurer of the Aber Company). (Attachments: # 1 Exhibit)(Sommers, William) (Entered: 03/24/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/25/2011 07:34:17 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-00178-JJB - SCR |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

## U.S. District Court
## Middle District of Louisiana (Baton Rouge)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00178-JJB -SCR

Samuel et al v Anco Insulations, Inc.
Assigned to: Judge James J. Brady
Referred to: Magistrate Judge Stephen C. Riedlinger
Case in other court: 19t Judicial District Court, East Baton
                    Rouge, 598,984
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 03/22/2011
Jury Demand: None
Nature of Suit: 245 Tort Product
Liability
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 03/22/2011 | 1 | NOTICE OF REMOVAL from 19th Judicial District Court, Case Number 598,984. (Filing fee $ 350 receipt number 053N-661765), filed by Liberty Mutual Insurance Company, as alleged insures of B&B. (Attachments: # 1 Attachment, # 2 Exhibit)(Sommers, William) (Entered: 03/22/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/24/2011 13:29:19 | | | |
| PACER Login: | dc0259 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:11-cv-00178-JJB -SCR |
| Billable Pages: | 1 | Cost: | 0.08 |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OPAL FARR SAMUEL, SHERANDA | * | CIVIL ACTION |
| LYNN SAMUEL AND SAUNDRA | * | |
| LAFREDIA SAMUEL-MCGOWAN, | * | NO.: |
| INDIVIDUALLY AND ON BEHALF OF | * | |
| THEIR DECEASED HUSBAND AND | * | SECTION " " |
| FATHER, ROOSEVELT SAMUEL | * | |
| | * | |
| VERSUS | * | MAGISTRATE: |
| | * | |
| ANCO INSULATIONS, INC., ET AL. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, Defendants, Liberty Mutual Insurance Company ("Liberty Mutual"), Bituminous Fire And Marine Insurance Company ("Bituminous") and The Travelers Indemnity Company ("Travelers"), each in their capacity as alleged insurer of B&B Engineering and Supply Company, Inc. ("B&B Engineering"), (hereinafter Liberty Mutual, Bituminous and Travelers are referred to collectively as the "Removing Defendants"), provide notice of removing this case to this Court from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana based on the existence of diversity of citizenship under 28 U.S.C. §1332.

### A.    Introduction.

1.    This is an asbestos action brought by the survivors of a Texas resident, Roosevelt Samuel, against the Removing Defendants under the Louisiana Direct Action statute. Plaintiffs filed this lawsuit on February 7, 2011, but this is not the only asbestos lawsuit that the Plaintiffs

have brought.  On April 14, 2009 before they filed this case, Plaintiffs Opal Samuel and Roosevelt Samuel sued more than 100 other Defendants in Madison County, Illinois.  Roosevelt Samuel's deposition testimony in that case reveals that this action may be removed.

2.      Specifically, this case is being removed based on the existence of complete diversity under 28 U.S.C., §1332.

3.      Removing Defendants were each served on February 22, 2011.  The Removing Defendants are filing a timely Notice of Removal within thirty (30) days after Defendants were served in this matter.

4.      Before Roosevelt Samuel provided his testimony in the Madison, IL case, certain co-defendants' presence in this action was the only impediment to removal.  Removing Defendants are filing this Notice of Removal within thirty (30) days of learning a basis for Removal.

**B.      The Parties and their Citizenship.**

1.      Plaintiffs are Texas residents and the Removing Defendants are all incorporated in and/or maintain their principle places of business in the following states that are not Texas or Louisiana.

2.      Liberty Mutual is incorporated in the State of Massachusetts and maintains its principle place of business in the State of Massachusetts.

3.      Travelers is incorporated in the State of Connecticut and maintains its principle place of business in the State of Connecticut.

4.      Bituminous is incorporated in the State of Illinois and maintains its principle place of business in the State of Illinois.

2

5.     While not a removing Defendant, Arrowood Indemnity Co. f/k/a Royal Indemnity Co., Successor in Interest to Queen Insurance Co. is incorporated in Delaware and maintains its principle place of business in North Carolina.

6.     All of the remaining Texas and/or Louisiana domiciled Defendants that Plaintiffs have sued, Aber Co., Inc. ("Aber"), The McCarty Corp. ("McCarty") and Anco Insulations, Inc. ("Anco") (all alleged to be Louisiana Corporations) and B&B Engineering (a dissolved Texas Corporation) are fraudulently joined and/or are nominal parties.

**C.     Fraudulent Joinder.**

A party's state citizenship should not be considered in deciding the existence of diversity jurisdiction when "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state Defendant in state court" or when there is "outright fraud in the plaintiff's pleading of jurisdictional facts." *Laughlin v. Prudential Ins., Co.*, 882 F.2d 187, 190 (the Cir. 1989); quoting *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549, (5th Cir. 1981). The court must also ignore the domicile of nominal or formal parties, which are those who have no real interest in the litigation. *Stonebrook Tenants Ass'n Inc. v. Alpert,* 194 F.Supp 552 (D. Conn. 1961). The Louisiana and Texas Defendants have all been either fraudulently joined or are nominal parties whose citizenship this court should not consider.

## ARGUMENT

**1.     B&B Engineering.**

Plaintiffs allege that B&B Engineering is a Texas corporation. But B&B Engineering is dissolved and ceased to exist on November 17, 1971, as evidenced by the true and correct copy of the certificate of forfeiture obtained from the Texas Secretary of State that is attached as

3

**Exhibit A.**  Pursuant to Texas law, B&B Engineering cannot be sued as a dissolved corporation and its former domicile cannot be considered for purposes of determining the existence of diversity jurisdiction.   Furthermore, Plaintiffs have not taken any action to serve B&B Engineering.   There is no possibility that Plaintiffs will be able to establish a cause of action against this Defendant because Texas law provides that a dissolved corporation cannot be sued. Tex. Bus. Corp. Act. §7.12(C) ("A corporation shall not be liable for any claim other than an existing claim.  An existing claim by or against a dissolved corporation shall be extinguished unless an action or proceeding on such existing claim is brought before the expiration of a three year period following the date of dissolution.").   Plaintiffs allege that B&B Engineering is an existing corporation and does not disclose its dissolution[1]; Plaintiffs' jurisdictional allegations against B&B Engineering, is therefore fraudulent.

Furthermore, B&B Engineering is a nominal party.  B&B Engineering cannot satisfy any judgment and is unable to participate in trial.  Plaintiffs sued and served the insurers of the B&B Engineering under the Direct Action Statute.  As such, the underlying dissolved, defunct and asset-less corporation would be nominal even if it was properly named and if service could be effectuated upon it.

## 2.     Aber, McCarty and Anco.

In addition to the suit in Madison County, Illinois, Roosevelt Samuel filed an almost identical suit in 19th Judicial District Court entitled *Roosevelt Samuel v. The Aber Company, Inc., et al No.: 578-750, Section "22"*.  That suit was successfully removed to U.S. District Court for

---

[1]    28 U.S.C. §1332(c) does not change this result.  That statute commands considering only the present citizenship of the insured, starting that "such insurer shall be deemed a citizen of the state of which the underlined insured is a citizen." 28 U.S.C. §1332(c) (emphasis added).

4

the Middle District of Louisiana captioned as *Roosevelt Samuel v. Liberty Mutual Insurance Company, Bituminous Fire & Marine Insurance Co., and The Travelers Indemnity Co., solely as the alleged insurers of B&B Engineering and Supply Company of Louisiana, Inc. and B&B Engineering and Supply Company, Inc.*, USDC, Middle District, CA No.: 3:09:00448. That case was also transferred to the MDL captioned *IN RE: Asbestos Products Liability Litigation (No. VI)*, United States Judicial Panel on Multi-District Litigation. Roosevelt Samuel's deposition was also taken in that case.

Roosevelt Samuel was deposed in both the Madison County court case and the case in the MDL for over seven (7) days. During those depositions, he was questioned extensively about every possible asbestos exposure by every possible culpable party. At no time during that questioning did he ever testify that he was actually exposed to operations or products of Defendants, Aber, McCarty or Anco, all of which are alleged to be Louisiana corporations.

Roosevelt Samuel's testimony in the Madison County case and the MDL case clearly establishes that Aber, McCarty and Anco have been fraudulently joined. First, Plaintiffs have no possibility of a recovery against Aber, McCarty and Anco, as Mr. Samuel offered no evidence that he was ever exposed to asbestos through any Aber, McCarty or Anco's product or as a result of Aber, McCarty or Anco's acts or omissions. Second, the allegations against Aber, McCarty and Anco are plainly fraudulent in light of Plaintiff's testimony that he had no such exposure to or contact with Aber, McCarty or Anco, its employees or its products. Thus, Aber, McCarty and Anco's alleged Louisiana residency is not to be considered in determining the existence of diversity jurisdiction.

5

**D.    The Amount in Controversy Exceeds the Jurisdictional Limits.**

1.    On information and belief, the amount in controversy exceeds $75,000.00.

**E.    The Removal is Timely and Required Attachments are Included.**

1.    This action has been pending for less than one year and Defendants filed this Notice of Removal within thirty (30) days of service.

2.    The state trial court's docket entries and filed pleadings are attached as **Exhibit B**.

**F.    All other Defendants Consent to Removal.**

1.    All Defendants consent to this removal as evidenced by the Consent to Removal attached hereto as **Exhibit C**.

WHEREFORE, petitioners pray that further proceedings in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be discontinued and that this action be recognized as removed to and pending on the docket of the United States District Court for the Middle District of Louisiana.   Furthermore, the Removing Defendants pray that a tag along Order be entered transferring this case through the Judicial Panel on Multi District Litigation, pursuant to MDL 875, to the United States District Court for the Eastern District of Pennsylvania

6

to be assigned to the docket for the Honorable Eduardo Robreno.

Respectfully submitted:

DUNCAN, COURINGTON & RYDBERG, L.L.C.

KAYE N. COURINGTON (#18582)
WILLIAM J. SOMMERS, JR. (#12253)
MAGALI ANN PUENTE-MARTIN (#27279)
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
*Attorneys for Defendants, Liberty Mutual Insurance Company, Bituminous Fire And Marine Insurance Company, and The Travelers Indemnity Company, solely as the alleged insurers of and B&B Engineering and Supply Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2011, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel which has email addresses related to this litigation.

I also certify that I have sent a copy to plaintiff's counsel either via email or U.S. Mail.

7



# The State of Texas

## *SECRETARY OF STATE*

The undersigned, Secretary of State of the State of Texas, HEREBY CERTIFIES that the attached is a true and correct copy of the following described instruments on file in this Office:

· B & B ENGINEERING AND SUPPLY COMPANY, INC.

INVOLUNTARY DISSOLUTION                    NOVEMBER 17, 1971



*IN TESTIMONY WHEREOF, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in the City of Austin, this*

__6th__ day of __APRIL__, A.D. 19__92__

*Secretary of State*

ph





Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697

Geoffrey S. Connor
Secretary of State

## Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the document, Articles of Incorporation for B & B ENGINEERING AND SUPPLY COMPANY, INC. (filing number: 8084700), a Domestic Business Corporation, was filed in this office on August 08, 1941.

It is further certified that the entity status is INVOLUNTARILY DISSOLVED. The entity became inactive on November 17, 1971.

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on January 13, 2005.



Geoffrey S. Connor
Secretary of State

Come visit us on the internet at http://www.sos.state.tx.us/
Fax: (512) 463-5709

Phone: (512) 463-5555
Prepared by: Ila Hendricks

# East Baton Rouge Parish Clerk of Court
## Docket Report Results

**Report Selection Criteria**

Case ID: C598984
Docket Start Date:
Docket Ending Date:

**Case Description**

Case ID: C598984 - OPAL FARR SAMUEL, ETAL VS ANCO INSULATIONS, ETAL - *NON JURY-*
Filing Date: Monday, February 07, 2011
Type: DM - Damages
Status 5632 - MOTION W/OUT ORDER

**Charges**

| No charges were found. |
|---|

**Related Cases**

| No related cases were found. |
|---|

**Case Event Schedule**

| No case events where found. |
|---|

**Case Parties**

| Seq # | Assoc | End Date | Type | ID | Name | Race | Sex | Birth Date |
|---|---|---|---|---|---|---|---|---|
| 1 | 4 | | Plaintiff | @575815 | SAMUEL INDV & OBO ETAL, OPAL FARR | | | |
| Address: | THRU BRAIN F BLACKWELL ATY 9270 SIEGEN LANE STE 201 BATON ROUGE LA 70810 | | | | Aliases: *none* | | | |
| 2 | | | Defendant | ANCO | ANCO INSULATIONS INC | | | |
| Address: | THRU THOMAS E BALHOFF AGT 8440 JEFFERSON HWY STE 301 BATON ROUGE LA 70809 | | | | Aliases: *none* | | | |
| 3 | | | Judge | SD | CLARK, HON JANICE | | | |
| Address: | 19TH JUDICIAL DISTRICT COURT 300 NORTH BLVD, RM 10A BATON ROUGE LA 70802 (225)389-5012 | | | | Aliases: *none* | | | |
| 4 | | | Attorney | BR18119 | BLACKWELL, BRIAN FRANCIS | | | |
| Address: | ATTORNEY AT LAW PO BOX 84464 BATON ROUGE LA 70884 (225)769-2462 | | | | Aliases: *none* | | | |
| 5 | | | Plaintiff | @575816 | SAMUEL INDV & OBO, SHERANDA LYNN | | | |
| Address: | *unavailable* | | | | Aliases: *none* | | | |
| 6 | | | Plaintiff | @575817 | SAMUEL MCGOWAN INDV & OBO, SAUNDRA LAFREDIA | | | |
| Address: | *unavailable* | | | | Aliases: *none* | | | |
| 7 | | | Plaintiff | @575818 | SAMUEL, DECEASED ROOSEVELT | | | |
| Address: | *unavailable* | | | | Aliases: *none* | | | |
| 8 | | | Defendant | MCCARTY | MCCARTY CORPORATION | | | |

EXHIBIT 13

| | | | | | | |
|---|---|---|---|---|---|---|
| **Address:** THRU PAUL H SPAHT AGT<br>445 NORTH BLVD STE 300<br>BATON ROUGE LA 70802 | | | | **Aliases:** *none* | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9 | 14 | | Defendant | @575819 | BITUMINOUS FIRE & MARINE INSURANCE COMPANY | | |
| **Address:** THRU LA SECRETARY OF STATE<br>8585 ARCHIVES AVE<br>BATON ROUGE LA 70809 | | | | | **Aliases:** *none* | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10 | 14 | | Defendant | @575820 | THE TRAVELERS INDEMNITY COMPANY | | |
| **Address:** THRU LA SECRETARY OF STATE<br>8585 ARCHIVES AVE<br>BATON ROUGE LA 70809 | | | | | **Aliases:** *none* | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11 | | | Defendant | @575821 | ARROWOOD INDEMNITY COMAPNY | | |
| **Address:** THRU LA SECRETARY OF STATE<br>8585 ARCHIVES AVE<br>BATON ROUGE LA 70809 | | | | | **Aliases:** ROYAL INDEMNITY COMPANY | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12 | 13 | | Defendant | LIBERTY | LIBERTY MUTUAL INSURANCE COMPANY | | |
| **Address:** THRU LA SECRETARY OF STATE<br>8585 ARCHIVES AVE<br>BATON ROUGE LA 70809 | | | | | **Aliases:** *none* | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 13 | | | Attorney | BR23465 | YAEGER, ELIA DIAZ | | |
| **Address:** ATTORNEY AT LAW<br>601 POYDRAS ST STE 2775<br>NEW ORLEANS LA 70130<br>(504)568-1990 | | | | | **Aliases:** *none* | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 14 | 12 | | Attorney | BR27279 | MARTIN, MAGALI PUENTE | | |
| **Address:** DUNCAN COURINGTON RYDBERG<br>400 POYDRAS ST STE 1200<br>NEW ORLEANS LA 70130<br>(504)524-5566 | | | | | **Aliases:** *none* | | |

## Docket Entries

| Filing Date | Description | Name | Party Association |
|---|---|---|---|
| 07-Feb-2011 03:18 PM | PET/TORT INJURY | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
| **Entry:** *none* | | | |
| **Image:** Image Available - 🗎 | | **Microfilm #:** S/R 02/14/11 | |
| 14-Feb-2011 05:06 PM | CITATION | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
| **Entry:** *none* | | | |
| **Image:** Image Available - 🗎 | | **Microfilm #:** | |
| 14-Feb-2011 05:08 PM | CITATION | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
| **Entry:** *none* | | | |
| **Image:** Image Available - 🗎 | | **Microfilm #:** | |
| 14-Feb-2011 05:09 PM | CIT/SEC OF STATE | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
| **Entry:** *none* | | | |
| **Image:** Image Available - 🗎 | | **Microfilm #:** | |
| 14-Feb-2011 05:11 PM | CIT/SEC OF STATE | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
| **Entry:** *none* | | | |
| **Image:** Image Available - 🗎 | | **Microfilm #:** | |
| 14-Feb-2011 05:13 PM | CIT/SEC OF STATE | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
| **Entry:** *none* | | | |
| **Image:** Image Available - 🗎 | | **Microfilm #:** | |
| 14-Feb-2011 05:16 PM | CIT/SEC OF STATE | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
| **Entry:** *none* | | | |
| **Image:** Image Available - 🗎 | | **Microfilm #:** | |

| 14-Feb-2011 05:18 PM | CIT/SEC OF STATE | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
|---|---|---|---|
| Entry: | none | | |
| Image: | Image Available - 📄 | Microfilm #: | |

| 17-Feb-2011 01:00 PM | MAN CK/SEC OF STATE | BLACKWELL, BRIAN FRANCIS | SAMUEL, OPAL FARR |
|---|---|---|---|
| Entry: | none | | |
| Image: | | Microfilm #: | |

| 23-Feb-2011 02:59 PM | SERVICE INFORMATION | | |
|---|---|---|---|
| Entry: | Citation/MS/EBR DATE_SERVED: 2/18/2011 12:00:00 AM SERVICE TYPE: Personal Service PARTY SERVED: ANCO INSULATIONS INC SERVED BY: EAST BATON ROUGE PARISH SHERIFFS OFFICE | | |
| Image: | Image Available - 📄 | Microfilm #: | |

| 23-Feb-2011 03:59 PM | SERVICE INFORMATION | | |
|---|---|---|---|
| Entry: | Citation/MS/EBR DATE_SERVED: 2/21/2011 12:00:00 AM SERVICE TYPE: Personal Service PARTY SERVED: MCCARTY CORPORATION SERVED BY: EAST BATON ROUGE PARISH SHERIFFS OFFICE | | |
| Image: | Image Available - 📄 | Microfilm #: | |

| 24-Feb-2011 02:08 PM | SERVICE INFORMATION | | |
|---|---|---|---|
| Entry: | Cit/Thru Sec of State DATE_SERVED: 2/22/2011 12:00:00 AM SERVICE TYPE: Secretary of State PARTY SERVED: THE TRAVELERS INDEMNITY COMPANY SERVED BY: EAST BATON ROUGE PARISH SHERIFFS OFFICE | | |
| Image: | Image Available - 📄 | Microfilm #: | |

| 24-Feb-2011 02:09 PM | SERVICE INFORMATION | | |
|---|---|---|---|
| Entry: | Cit/Thru Sec of State DATE_SERVED: 2/22/2011 12:00:00 AM SERVICE TYPE: Secretary of State PARTY SERVED: ARROWOOD INDEMNITY COMAPNY SERVED BY: EAST BATON ROUGE PARISH SHERIFFS OFFICE | | |
| Image: | Image Available - 📄 | Microfilm #: | |

| 24-Feb-2011 02:10 PM | SERVICE INFORMATION | | |
|---|---|---|---|
| Entry: | Cit/Thru Sec of State DATE_SERVED: 2/22/2011 12:00:00 AM SERVICE TYPE: Secretary of State PARTY SERVED: LIBERTY MUTUAL INSURANCE COMPANY SERVED BY: EAST BATON ROUGE PARISH SHERIFFS OFFICE | | |
| Image: | Image Available - 📄 | Microfilm #: | |

| 24-Feb-2011 02:12 PM | SERVICE INFORMATION | | |
|---|---|---|---|
| Entry: | Cit/Thru Sec of State DATE_SERVED: 2/22/2011 12:00:00 AM SERVICE TYPE: Secretary of State PARTY SERVED: LIBERTY MUTUAL INSURANCE COMPANY SERVED BY: EAST BATON ROUGE PARISH SHERIFFS OFFICE | | |
| Image: | Image Available - 📄 | Microfilm #: | |

| 24-Feb-2011 02:13 PM | SERVICE INFORMATION | | |
|---|---|---|---|
| Entry: | Cit/Thru Sec of State DATE_SERVED: 2/22/2011 12:00:00 AM SERVICE TYPE: Secretary of State PARTY SERVED: BITUMINOUS FIRE & MARINE INSURANCE COMPANY SERVED BY: EAST BATON ROUGE PARISH SHERIFFS OFFICE | | |
| Image: | Image Available - 📄 | Microfilm #: | |

| 10-Mar-2011 01:36 PM | REQUEST FOR NOTICE | YAEGER, ELIA DIAZ | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|---|---|
| Entry: | none | | |
| Image: | Image Available - 📄 | Microfilm #: | S/R 03/15/11 |

| 10-Mar-2011 01:36 PM | MOTION/EXTENSION OF TIME | YAEGER, ELIA DIAZ | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|---|---|
| Entry: | none | | |
| Image: | Image Available - 📄 | Microfilm #: | S/R 03/15/11 |

| 11-Mar-2011 04:26 PM | SIGNED | YAEGER, ELIA DIAZ | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|---|---|
| Entry: | none | | |
| Image: | | Microfilm #: | |

| 18-Mar-2011 04:28 PM | REQUEST FOR NOTICE | MARTIN, MAGALI PUENTE | see pleading |
|---|---|---|---|
| Entry: | none | | |
| Image: | Image Available - 📄 | Microfilm #: | SR 03/21 |

| 18-Mar-2011 04:28 PM | MOTION W/OUT ORDER | MARTIN, MAGALI PUENTE | see pleading |
|---|---|---|---|
| Entry: | MT FOR EXTENSION OF TIME | | |

| Image: | Image Available - 📄 | | Microfilm #: | SR 03/21 |
|---|---|---|---|---|

*- record searched on 3/22/2011 9:33:15 AM -*

▶Search Home ▶New Search ▶Report Selection ▶Case Description
▶Related Cases ▶Event Schedule ▶Case Parties ▶Docket Entries

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NUMBER 598,984                              SECTION " D "

OPAL FARR SAMUEL, SHERANDA LYNN SAMUEL AND SAUNDRA LAFREDIA
SAMUEL-MCGOWAN, INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED
HUSBAND AND FATHER, ROOSEVELT SAMUEL

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED: _____       _____
                                          DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Opal Farr

Samuel, Sheranda Lynn Samuel and Saundra LaFredia Samuel-McGowan, individually

and on behalf of their deceased husband and father, Roosevelt Samuel, who with

respect offer the allegations that follow:

1.

Plaintiffs are adult resident citizens of the State of Texas who reside at the

addresses listed on Exhibit "D" attached hereto.

2.

Defendants, identified in Exhibit "B", Exhibit "B-1" and Exhibit "C" attached

hereto, are: (a) domestic corporations, (b) foreign corporations licensed to do and doing

business in this State and (c) foreign or alien insurers that are solidarily liable unto the

Plaintiffs for the claims asserted herein.  Exhibit "B", Exhibit "B-1" and Exhibit "C" set

forth a complete listing of defendants involved in the above-captioned matter, as well as

their respective agents for service of process, domiciles, and where their registered

offices and/or principal business establishments and/or primary business offices are

located as designated in their application to do business in the State.

**VENUE**

3.

This is a parish of proper venue because:

a.   The following defendants are domestic corporations that maintain their registered offices in this Parish: Anco Insulations, Inc. and The McCarty Corporation.  Pursuant to Article 42(2) of the Louisiana Code of Civil Procedure, venue is proper as to these defendants in this Parish.

b.   The following defendants are foreign or alien insurers: Arrowood Indemnity Company f/k/a Royal Indemnity Company as successor by merger to Royal Insurance Company of America formerly known as Royal Globe Insurance Company, individually and as successor by merger to Queen Insurance Company of America, Liberty Mutual Insurance Company, Bituminous Fire and Marine Insurance Company and The Travelers Indemnity Company.  Pursuant to Article 42(7) of the Louisiana Code of Civil Procedure, venue is proper in this Parish as to these defendants.

c.   Roosevelt Samuel was exposed to asbestos-containing products and materials that were applied, demolished, displaced, distributed, disturbed, fabricated, installed, purchased, removed, repaired, replaced, torn out and used by the defendants listed on Exhibit "B" and Exhibit "B-1" at, on and/or for the jobsites identified in Exhibit "A".  Plaintiffs specifically allege that these products and materials, in combination with other asbestos-containing products and materials, caused and/or contributed to Roosevelt Samuel's asbestos-related injuries.

d.   Each of the defendants listed in Exhibit "C" contributed with the defendants listed on Exhibit "B" and Exhibit "B-1" to Roosevelt Samuel's exposure to asbestos at his work sites, including but not limited to, the exposure sites located on Exhibit "A". Each of the defendants listed in Exhibit "C" is liable *in solido*, with the

defendants listed on Exhibit "B" and Exhibit "B-1" and, as such, venue is proper in this Parish for all defendants pursuant to Articles 42 and 73 of the Louisiana Code of Civil Procedure.

e.    Defendants are liable unto plaintiffs jointly, severally and in solido for the asbestos related injuries and death of Roosevelt Samuel

## BACKGROUND

4.

During various lengthy periods of time, Roosevelt Samuel suffered occupational exposure to asbestos and asbestos-containing products designed, mined, manufactured, sold, distributed, supplied, applied and/or maintained on various premises by the defendants.

5.

To the extent that they are known to Plaintiffs or have been discovered by Plaintiffs and counsel for Plaintiffs in these proceedings, other proceedings and through public sources of information, each of the defendant's asbestos and/or asbestos containing products to which Roosevelt Samuel was exposed to and/or which polluted his working environment are set forth on Exhibit "B" to this Petition. Plaintiffs did not keep a record and thus are unable to set forth specifics regarding said products; however, such specifics should be contained in defendants' records and made available to Plaintiffs through discovery.

6.

During Roosevelt Samuel's occupational exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products set forth below and identified on Exhibit "B":

| Defendant | Asbestos-Containing Products |
|---|---|
| Anco Insulations, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and |

| Defendant | Asbestos-Containing Products |
|---|---|
| | such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| The McCarty Corporation | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| The Aber Company, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Arrowood Indemnity Company f/k/a Royal Indemnity Company as successor by merger to Royal Insurance Company of America formerly known as Royal Globe Insurance Company, individually and as successor by merger to Queen Insurance Company of America as insurer of The Aber Company, Inc., a company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State. | See The Aber Company, Inc. |
| Liberty Mutual Insurance Company as insurer of The Aber Company, Inc., a company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State. | See The Aber Company, Inc |
| B. & B. Engineering and Supply Company Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Bituminous Fire and Marine Insurance Company as insurer of B. & B. Engineering and Supply Company Inc. | See B & B Engineering and Supply Company, Inc. |

| Defendant | Asbestos-Containing Products |
|-----------|------------------------------|
| The Travelers Indemnity Company as insurer of and B. & B. Engineering and Supply Company Inc. | See B & B Engineering and Supply Company, Inc. |
| Liberty Mutual Insurance Company as insurer of and B. & B. Engineering and Supply Company Inc. | See B & B Engineering and Supply Company, Inc. |

Each of the foregoing asbestos containing products was used at Roosevelt Samuel's job sites listed on Exhibit "A" where Roosevelt Samuel was exposed to such asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos"  When inhaled or otherwise ingested, asbestos causes irreparable and progressive damage that can manifest itself as asbestos-related pleural diseases, such as asbestosis, lung cancer and mesothelioma, pulmonary and bronchogenic carcinomas, gastrointestinal cancers, cardiac diseases, and other diseases and injuries.

7.

Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Roosevelt Samuel, of the health hazards inherent in the asbestos-containing products they were selling.  Instead of warning the Roosevelt Samuel and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.  Those defendants who have engaged in intentional misconduct, fraud, or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

8.

In connection with his work at, including but not limited to, Roosevelt Samuel's job sites listed on Exhibit "A" during the exposure period, Roosevelt Samuel was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that these materials were dangerous.

9.

As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, including but not limited to, the exposure sites on Exhibit "A", Roosevelt Samuel contracted and died of malignant mesothelioma.

## STRICT LIABILITY OF ASBESTOS
## MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS

10.

The defendants identified in Exhibit "B" (hereinafter "Manufacturer Defendants") were all miners, manufacturers, sellers, distributors and/or suppliers of asbestos products or were insurers of miners, manufacturers, sellers, distributors and/or suppliers of asbestos products and were engaged in or materially participated in the business of manufacturing, or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos containing products, which were expected to and did reach Roosevelt Samuel's exposure sites listed on Exhibit "A" where he was exposed to them.

11.

To the extent that they are known to Plaintiffs or have been discovered by Plaintiffs and counsel for Plaintiffs in these proceedings, other proceedings and through public sources of information, each of the Manufacturer Defendants' asbestos and/or asbestos containing products to which Roosevelt Samuel was exposed and/or which polluted his working environment are set forth on Exhibit "B" to this Petition.

12.

When the asbestos fibers used in the manufacture of the products set forth on Exhibit "B" become airborne, because of their microscopic size, they fall at a very slow rate and are "re-entrained" into the atmosphere.  All asbestos fibers are indestructible up to very high temperatures and do not disintegrate.  Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the products from which the fibers were released are no longer in use.  Asbestos fibers settle on work clothing and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing.  Thus, although Roosevelt Samuel may not have worked directly with many of the products identified on Exhibit "B", Plaintiffs show that Roosevelt Samuel was nonetheless exposed to asbestos fibers from such products as a result of the re-entrainment of such asbestos fibers at their place of employment and elsewhere.

13.

The products mined, manufactured, sold, distributed, supplied and/or used by the Manufacturer Defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Roosevelt Samuel, intended and foreseeable users and bystanders, who were exposed to these products.  These defects include, without limitation, the following:

a.     The mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b.     The mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to those who would be foreseeably exposed to them in their respective trade;

c. Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d. Lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. Failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. Failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

g. Failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. Failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. Defects in the composition and construction of these products;

j. Failure to recall these products mined, manufactured, sold, distributed and supplied;

k. Failure to properly package these products so that they could be safely transported, handled, stored or disposed of; and

l. Over-warranting the safety of these products that were manufactured, sold, supplied or used by Defendants.

14.

Pursuant to Louisiana Civil Code article 2317, the Manufacturer Defendants are liable to Plaintiffs in strict liability for things in their guarde, possession, custody or control, that have caused harm to plaintiffs, and other defects or fault as may be

revealed in discovery or at trial.

15.

The defective conditions of the Manufacturer Defendants' products and fault, as noted above, were a cause-in-fact and proximate cause of the Roosevelt Samuel's contraction of the diseases, ailments and injuries described more fully above and the damages for which Plaintiffs seek relief through these proceedings.

16.

Plaintiffs also allege that each and every one of the Manufacturer Defendants was also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Plaintiffs' injuries.

## STRICT LIABILITY AND NEGLIGENCE ACTION AGAINST THE CONTRACTOR DEFENDANTS IDENTIFIED ON EXHIBIT B-1

17.

The defendants identified on Exhibit "B-1" (hereinafter "Contractor Defendants") contracted with the owners of the jobsites identified on Exhibit "A" to perform certain activities at those jobsites prior to and/or during Roosevelt Samuel's exposure period at each such jobsite.

18.

At times, the Contractor Defendants subcontracted with others to perform a portion of the activities that they contracted with the owners of the jobsites identified on Exhibit "A" to perform.

19.

The activities conducted by the Contractor Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out and use of asbestos-containing products and materials at, on and/or for the jobsites identified in Exhibit "A."

20.

The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

21.

Roosevelt Samuel was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendants and their subcontractors.

22.

The Contractor Defendants negligently performed and/or permitted its subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

a.  By creating a work environment laden with asbestos dust in the performance of their activities;

b.  By creating an unhealthy and unsafe place for Roosevelt Samuel to work as a result of their activities;

c.  By conducting their activities without warning Roosevelt Samuel of the need for correct, adequate, and/or appropriate safety equipment;

d.  By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

e.  By failing to apprise Roosevelt Samuel of the need for periodic medical examinations as a result of Roosevelt Samuel's exposure to asbestos created by their activities;

f.  By failing to ventilate and/or properly ventilate the areas in which they performed their activities;

g.  By failing to clean up and/or properly clean up the asbestos dust created by their activities;

h.   By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiffs, who came into contact with asbestos dust as a result of their activities;

i.   By failing to warn Roosevelt Samuel of the dangers and/or risks posed by the asbestos in the atmosphere in which he was required to work;

j.   By recklessly concealing from Roosevelt Samuel and negligently failing to provide critical medical and safety information to Roosevelt Samuel regarding the safety and health risks associated with the asbestos and asbestos-containing products;

k.   By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

l.   By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

m.   By failing to properly supervise and/or monitor their work areas for compliance with safety regulations;

n.   By failing to supervise their operations and the operations of their subcontractors;

o.   By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Roosevelt Samuel and his co-employees to be exposed to asbestos, without protection, on a daily basis;

p.   By recklessly and negligently failing to disclose, warn or reveal critical medical and safety information to Roosevelt Samuel regarding asbestos hazards in general and with regard to those

specific hazards at the site;

q.    By failing to timely, adequately and safely remove asbestos hazards from the workplace;

r.    By failing to provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

s.    By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

t.    By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing and tearing out products that they knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

u.    By not warning or not providing a sufficient and/or adequate warning of the hazards created by their activities;

v.    By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the their activities;

w.    By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

x.    By failing to purchase products and materials that did not contain asbestos;

y.    By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing and tearing out products that contained asbestos;

z.    By failing to properly label products that they purchased, used,

applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced and tore out as containing asbestos; and

aa.   By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

23.

The negligent acts outlined above were a substantial contributing factor in Roosevelt Samuel's exposure to dangerous and hazardous levels of asbestos.

24.

The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Roosevelt Samuel's contraction of the diseases, ailments and injuries described more fully above and the damages for which Plaintiffs seek relief through these proceedings.

25.

Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

26.

Additionally and alternatively, the asbestos containing products, materials and things that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants and were unreasonably dangerous due to the presence of asbestos.

27.

These asbestos containing products, materials and things were defective. The unreasonably dangerous condition of these the asbestos containing products, materials and things that were in the care, custody and control of the Contractor Defendants, as well as the negligence of those defendants set forth in detail above, was a cause of the

Plaintiffs' injuries. Therefore, the Contractor Defendants are strictly liable for Plaintiffs' damages pursuant to Louisiana Civil Code article 2317.

## NEGLIGENCE ACTION
## AGAINST THE EMPLOYER DEFENDANT
## IDENTIFIED ON EXHIBIT "C"

### 28.

Plaintiffs hereby allege negligent, grossly negligent, wanton, willful and intentional misconduct on behalf of Roosevelt Samuel's employer, B. & B. Engineering and Supply Company Inc., in failing to provide and/or ensure a safe place in which to work free of hazardous concentrations of asbestos and asbestos-containing dust, as well as sending Roosevelt Samuel to work in said environments, at the facilities located on Exhibit "A".

### 29.

B. & B. Engineering and Supply Company Inc. employed Roosevelt Samuel at various times, and during such time he was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by B. & B. Engineering and Supply Company Inc.

### 30.

B. & B. Engineering and Supply Company Inc. and/or its predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually and/or delegated to them for providing Roosevelt Samuel with a safe place to work and B. & B. Engineering and Supply Company Inc. wantonly and/or negligently and/or willfully and/or intentionally failed to provide Roosevelt Samuel a safe place to work.

### 31.

The Louisiana premises on which B. & B. Engineering and Supply Company Inc. sent Roosevelt Samuel to work was unreasonably dangerous due to the presence of asbestos-containing products, which resulted in the exposure of Roosevelt Samuel to airborne asbestos fibers. Other employees of B. & B. Engineering and Supply Company

Inc. created airborne asbestos fibers by and through their work around Roosevelt Samuel. No or inadequate precautions were taken to minimize the risk of danger or warn Roosevelt Samuel of such danger. B. & B. Engineering and Supply Company Inc. knew or should have known of the presence of asbestos at said premises, and knew or should have known that the work of its employees around Roosevelt Samuel would create airborne asbestos fibers. The negligence of B. & B. Engineering and Supply Company Inc. was a cause of Roosevelt Samuel's injuries. Therefore, B. & B. Engineering and Supply Company Inc. is liable for Plaintiff's damages pursuant to Louisiana Civil Code article 2315.

32.

B. & B. Engineering and Supply Company Inc. negligently, recklessly, willfully and/or because of gross and wanton negligence, or other fault, or strict liability, failed to properly discharge their duties to Roosevelt Samuel in the following:

a.  failed to provide Roosevelt Samuel with a safe work place;

b.  failed to provide Roosevelt Samuel with safety equipment;

c.  failed to provide Roosevelt Samuel with correct, adequate, or proper safety equipment;

d.  failed to protect Roosevelt Samuel from any asbestos exposure;

e.  failed to provide Roosevelt Samuel with sufficient personal protective equipment safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

f.  failed to supervise or insure compliance with safety guidelines concerning exposure to asbestos-containing products;

g.  failed to use or misuse equipment and instrumentalities within their control which were intended to minimize Roosevelt Samuel's exposure to asbestos dust;

h.  recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to Roosevelt Samuel regarding

Page 15 of 19

asbestos hazards in general and with regard to those specific hazards at Roosevelt Samuel's work sites;

i.   recklessly concealed and negligently omitted to reveal critical medical and safety information from Roosevelt Samuel regarding the safety and health risks associated with the asbestos and asbestos-containing products at their work sites;

j.   failed to timely remove asbestos hazards from the work place;

k.   failed to properly supervise or monitor the work areas for compliance with safety regulations;

l.   failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

m.   failed to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Roosevelt Samuel's work sites;

n.   failed to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

o.   failed to properly perform or direct the removal and abatement of asbestos in place at Roosevelt Samuel's work sites.

33.

The foregoing negligent acts of the Employer Defendants were a cause-in-fact and proximate cause of the Roosevelt Samuel's contraction of the diseases, ailments and injuries described more fully above and the damages for which Plaintiffs seek relief through these proceedings.

CLAIMS AGAINST INSURERS

34.

Arrowood Indemnity Company f/k/a Royal Indemnity Company as successor by merger to Royal Insurance Company of America formerly known as Royal Globe Insurance Company individually and as successor by merger to Queen Insurance

Company of America as insurer of The Aber Company, Inc. issued policies of comprehensive general liability insurance to The Aber Company, Inc. that provide coverage for the causes of action asserted by plaintiffs against The Aber Company, Inc. As such, Arrowood Indemnity Company f/k/a Royal Indemnity Company as successor by merger to Royal Insurance Company of America formerly known as Royal Globe Insurance Company individually and as successor by merger to Queen Insurance Company of America as insurer of The Aber Company is liable for the damages alleged herein against The Aber Company, Inc., individually, jointly and *in solido*.

35.

Liberty Mutual Insurance Company as insurer of The Aber Company, Inc. issued policies of comprehensive general liability insurance to The Aber Company, Inc. that provide coverage for the causes of action asserted by plaintiffs against The Aber Company, Inc. As such, Liberty Mutual Insurance Company as insurer of The Aber Company is liable for the damages alleged herein against The Aber Company, Inc., individually, jointly and *in solido*.

36.

Bituminous Fire and Marine Insurance Company issued policies of comprehensive general liability insurance to B & B Engineering and Supply Company Inc. that provide coverage for the causes of action asserted by plaintiffs against B & B Engineering and Supply Company Inc. As such, Bituminous Fire and Marine Insurance Company is liable for the damages alleged herein against B & B Engineering and Supply Company Inc., individually, jointly and *in solido*.

37.

The Traveler's Insurance Company issued policies of comprehensive general liability insurance to B & B Engineering and Supply Company Inc. that provide coverage for the causes of action asserted by plaintiffs against B & B Engineering and Supply Company Inc. As such, The Traveler's Insurance Company is liable for the

damages alleged herein against B & B Engineering and Supply Company Inc., individually, jointly and *in solido.*

38.

Liberty Mutual Insurance Company issued policies of comprehensive general liability insurance to B & B Engineering and Supply Company Inc. that provide coverage for the causes of action asserted by plaintiff against B & B Engineering and Supply Company Inc. As such, Liberty Mutual Insurance Company is liable for the damages alleged herein against B & B Engineering and Supply Company Inc., individually, jointly and *in solido.*

## WRONGFUL DEATH/SURVIVAL ACTION CLAIMS

39.

The death of Roosevelt Samuel was due to or a consequence of Roosevelt Samuel's exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se; defective in composition or construction; defective in design; lacking suitable warnings or instructions concerning the hazards presented; and as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain of the defendants as previously alleged with more specificity in the foregoing allegations in this petition. As a direct and proximate result of the delictual conduct of the defendants, the petitioners listed on Exhibit "D" have lost the love, affection, society, support, services and future earnings of the Roosevelt Samuel and all other damages due pursuant to La. C.C. Art. 2515.2, and assert this wrongful death action against the defendants.

40.

The petitioners listed on Exhibit "D" are the statutory survivors of Roosevelt Samuel and hereby assert this survival action pursuant to La. C.C. Art. 2315.1.

41.

The federal courts lack subject matter jurisdiction over this action, as there is no

federal question or complete diversity of citizenship. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed and waived, including any claim arising from an act or omission on any federal enclave, or of any officer of the United States, or any agency or person acting under him occurring under color of such office.

**WHEREFORE,** on the basis of all of the foregoing premises set out in paragraphs 1 through 41, Plaintiffs request that defendants be served with this petition and that there be judgment against these defendants in solido in a sum sufficient to compensate Plaintiffs for the following:

a.  all past, present and future medical costs or expenses related thereto;

b.  all past, present and future lost earnings;

c.  all past, present and future mental suffering, anguish, and pain;

d.  all past, present and future physical pain and suffering;

e.  loss of consortium, love, affection, services and society;

f.  loss of quality of life; and

g.  All other forms of relief provided by law or equity together with legal interest from the date of judicial demand until paid, plus all costs of these proceedings.

Respectfully submitted:

Brian F. Blackwell (18119)
**BLACKWELL & ASSOCIATES**
9270 Siegen Lane, Suite 201
Baton Rouge, Louisiana 70810
Telephone:  (225) 769-2462
Telecopier:  (225) 769-2463
E-mail:  brian@blackwell-associates.com

CIVIL

☒ 01-DAMAGES
☐ 02-CONTRACT
☐ 03-PRISONER SUIT
☐ 04-EXECUTORY PROCESS
☐ 05-SUIT ON NOTES
☐ 06-EVICTION
☐ 07-WORKMENS COMPENSATION
☐ 08-JUDICIAL REVIEW
☐ 09-PROPERTY RIGHTS
☐ 10-INJUNCTION MANDAMUS

☐ 11-COMM. PROP. PARTITIONS
☐ 12-PUBLIC SERV. COMM.
☐ 13-OTHER PARTITIONS
☐ 14-OTHER
☐ 15-D.E.Q.
☐ 16-
☐ 17-
☐ 18-
☐ 19-
☐ 20-

Page 19 of 19

CERTIFIED TRUE COPY
014593

CERTIFIED
TRUE COPY
FEB 1 8 2011
BY
DEPUTY CLERK

**EXHIBIT "B"**

**MINER/MANUFACTURER/SELLER/SUPPLIER/DISTRIBUTOR**

Opal Farr Samuel, et al
versus
Anco Insulations, Inc., et al

The following is a non-exclusive list of the asbestos-containing products supplied by each of the following defendants to the job site(s) identified on Exhibit "A".

| Defendant | State of Incorporation | Registered Office/ Principal Business Establishment | Asbestos-Containing Products |
|---|---|---|---|
| Anco Insulations, Inc. | Louisiana | Baton Rouge, LA | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| The McCarty Corporation | Louisiana | Baton Rouge, LA | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| The Aber Company, Inc. | Louisiana | New Orleans, LA | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Arrowood Indemnity Company f/k/a Royal | Delaware | | See The Aber Company, Inc. |

| Defendant | State of Incorporation | Registered Office/ Principal Business Establishment | Asbestos-Containing Products |
|---|---|---|---|
| Indemnity Company as successor by merger to Royal Insurance Company of America f/k/a Royal Globe Insurance Company, individually and as successor by merger to Queen Insurance Company of America | | | |
| Liberty Mutual Insurance Company | Massachusetts | | See The Aber Company, Inc |
| B & B Engineering and Supply Company, Inc. | Texas | NONE | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Bituminous Fire and Marine Insurance Company | Illinois | | See B & B Engineering and Supply Company, Inc. |
| The Travelers Indemnity Company | Connecticut | | See B & B Engineering and Supply Company, Inc. |
| Liberty Mutual Insurance Company | Massachusetts | | See B & B Engineering and Supply Company, Inc. |

**EXHIBIT "B-1"**
**CONTRACTOR DEFENDANTS:**

Opal Farr Samuel, et al
versus
Anco Insulations, Inc., et al

1.    **Anco Insulations, Inc.**
State of Incorporation: Louisiana
Registered Office/Principal Business Establishment: Baton Rouge, LA
Registered Agent:
Thomas E. Balhoff
Roedel, Parsons, Koch, Frost, et al
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809-7652

2.    **The McCarty Corporation**
State of Incorporation: Louisiana
Registered Office/Principal Business Establishment: Baton Rouge, LA
Registered Agent:
Paul H. Spaht
445 North Boulevard, Suite 300
Baton Rouge, LA 70802

3.    **The Aber Company, Inc.**
State of Incorporation: Louisiana
Registered Office/Principal Business Establishment: New Orleans, LA

4.    **Arrowood Indemnity Company f/k/a Royal Indemnity Company as successor by merger to Royal Insurance Company of America f/k/a Royal Globe Insurance Company, individually and as successor by merger to Queen Insurance Company of America as insurer of The Aber Company, Inc.**
A insurance company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State.

5.    **Liberty Mutual Insurance Company as insurer of The Aber Company, Inc.**
An insurance company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State.

6.    **B. & B. Engineering and Supply Company Inc.**
State of Incorporation: Texas
Registered Office/Principal Business Establishment: None

7.    **Bituminous Fire and Marine Insurance Company as insurer of B. & B. Engineering and Supply Company Inc.**
An insurance company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State.

8.    **The Travelers Indemnity Company as insurer of B. & B. Engineering and Supply Company Inc.**
An insurance company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State.

9.    **Liberty Mutual Insurance Company as insurer of B. & B. Engineering and Supply Company Inc.**
An insurance company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State.

## EXHIBIT "C"
## EMPLOYER DEFENDANTS

Opal Farr Samuel, et al
versus
Anco Insulations, Inc., et al

1.  **B. & B. Engineering and Supply Company Inc.**
    State of Incorporation: Texas
    Registered Office/Principal Business Establishment: None

2.  **Bituminous Fire and Marine Insurance Company as insurer of B. & B. Engineering and Supply Company Inc.**
    An insurance company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State.

3.  **The Traveler's Indemnity Company as insurer of B. & B. Engineering and Supply Company Inc.**
    An insurance company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State.

4.  **Liberty Mutual Insurance Company as insurer of B. & B. Engineering and Supply Company Inc.**
    An insurance company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State.

**EXHIBIT "D"**
**WRONGFUL DEATH/SURVIVAL ACTIONS**

Opal Farr Samuel, et al
versus
Anco Insulation, Inc., et al

1.      ROOSEVELY SAMUEL, DECEDENT:
        Date of Birth:        October 25, 1932
        Date of Death:        March 20, 2010

Survivors/Petitioners(s):

Opal Farr Samuel, 6162 Westover Street, Houston, TX 77033
Surviving Spouse
SSN: 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

Sheranda Lynn Samuel, 6162 Westover Street, Houston, TX 77033
Adult Daughter
SSN: 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
Date of Birth: December 22, 1968

Saundra LaFredia Samuel-McGowan, 6162 Westover Street, Houston, TX 77033
Adult Daughter
SSN: 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
Date of Birth: April 17, 1962

1

EXHIBIT "A"

Opal Farr Samuel, et al
versus
Anco Insulation, Inc., et al

Name: Roosevelt Samuel, deceased
Social Security Number: 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
Date of Birth: October 25, 1932
Date of Death: March 20, 2010
Disease Process: Mesothelioma

| Employer | Jobsite | Location | Years |
|---|---|---|---|
| B. & B. Engineering and Supply Company Inc. | Air Products | Houston, Texas | 1965-1968 |
| B. & B. Engineering and Supply Company Inc. | Allied Signal | Houston, Texas | 1961-1966 |
| B. & B. Engineering and Supply Company Inc. | Amoco | Chocolate Bayou, Texas | 1976-1977 |
| B. & B. Engineering and Supply Company Inc. | Amoco | Texas City, Texas | 1976-1977 |
| B. & B. Engineering and Supply Company Inc. | Arco/Sinclair | Houston, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Ashland Oil | Baytown, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Ashland Oil | Beaumont, Texas | 1973-1974 |
| B. & B. Engineering and Supply Company Inc. | BASF | Freeport, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Bethlehem Steel | Houston, Texas | 1960's |
| B. & B. Engineering and Supply Company Inc. | BF Goodrich | Deer Park, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | BF Goodrich | Orange, Texas | 1970's |
| B. & B. Engineering and Supply Company Inc. | Big Three | Houston, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Big Three | Pasadena, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Celanese | Bayport, Texas | 1976-1977 |
| B. & B. Engineering and Supply Company Inc. | Celanese | Deer Park, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Champion Paper/Simpson | Pasadena, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Charter | Houston, Texas | 1972-1975 |

Page 1 of 3

| Employer | Jobsite | Location | Years |
|---|---|---|---|
| B. & B. Engineering and Supply Company Inc. | Chevron | Baytown, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Chevron | Port Arthur, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Conoco | Lake Charles, Louisiana | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Crown Central | Pasadena, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Diamond Shamrock | Deer Park, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Dow Chemical | Freeport, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | DuPont | Beaumont, Texas | 1970-1975 |
| B. & B. Engineering and Supply Company Inc. | DuPont | Orange, Texas | 1969-1974 |
| B. & B. Engineering and Supply Company Inc. | Ethyl | Pasadena, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Exxon | Baton Rouge, Louisiana | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Exxon | Baytown, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Firestone | Lake Charles, Louisiana | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | GAF | Texas City, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Goodyear | Beaumont, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Goodyear | Houston, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Goodyear | Pasadena, Texas | 1973-1977 |
| B. & B. Engineering and Supply Company Inc. | Gulf Chemical | Baytown, Texas | 1976 |
| B. & B. Engineering and Supply Company Inc. | Gulf States Utilities | Bridge City, Texas | 1971-1975 |
| B. & B. Engineering and Supply Company Inc. | Gulf USA | Port Arthur, Texas | 1971-1975 |
| B. & B. Engineering and Supply Company Inc. | Jefferson Chemical | | 1972-1975 |
| B. & B. Engineering and Supply Company Inc. | Kaiser Aluminum | Baton Rouge, Louisiana | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Lubrizol | Deer Park, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Lubrizol | Pasadena, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Lyondell | Houston, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Marathon | Texas City, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Maxwell | Houston, Texas | 1975 |
| B. & B. Engineering and Supply Company Inc. | Mobil | Beaumont, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Monsanto | Chocolate Bayou, Texas | 1962-1977 |

| Employer | Jobsite | Location | Years |
|---|---|---|---|
| B. & B. Engineering and Supply Company Inc. | Monsanto | Texas City, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Neches Butane | Port Neches, Texas | 1970-1976 |
| B. & B. Engineering and Supply Company Inc. | Olin | Beaumont, Texas | 1970-1976 |
| B. & B. Engineering and Supply Company Inc. | Olin | Houston, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Olin | Lake Charles, LA | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Olin | Pasadena, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Olin | Port Arthur, Texas | 1970-1976 |
| B. & B. Engineering and Supply Company Inc. | Oxy/Diamond | Deer Park, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Philbro | Texas City, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Phillips | Old Ocean, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Phillips | Orange, Texas | 1970-1976 |
| B. & B. Engineering and Supply Company Inc. | Phillips | Pasadena, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | PPG | Houston, Texas | 1969-1976 |
| B. & B. Engineering and Supply Company Inc. | PPG | Lake Charles, Louisiana | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Republic Oil | Texas City, Texas | 1976 |
| B. & B. Engineering and Supply Company Inc. | Reynolds | Gregory, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Shell | Deer Park, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Stauffer | Houston, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Texaco | Port Arthur, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Texaco | Port Neches, Texas | 1970-1976 |
| B. & B. Engineering and Supply Company Inc. | Texas City Refining | Texas City, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | Uncle Ben's | Houston, Texas | 1973-1975 |
| B. & B. Engineering and Supply Company Inc. | Union Carbide | Texas City, Texas | 1962-1977 |
| B. & B. Engineering and Supply Company Inc. | US Steel | Baytown, Texas | 1971-1976 |

Page 3 of 3

# STATE OF TEXAS — CERTIFICATE OF DEATH — STATE FILE NUMBER

| 1. LEGAL NAME OF DECEASED (Include AKA's if any) (First, Middle, Last) | (Maiden) | 2. DATE OF DEATH — ACTUAL OR PRESUMED |
|---|---|---|
| ROOSEVELT   SAMUEL | | 03/20/10 |

| 3. SEX | 4. DATE OF BIRTH | 5. AGE–LAST Birthday (Years) | IF UNDER 1 YR. | IF UNDER 1 DAY | 6. BIRTHPLACE (City & State or Foreign Country) |
|---|---|---|---|---|---|

| 7. SOCIAL SECURITY NUMBER | 8. MARITAL STATUS AT TIME OF DEATH ☐ Married ☐ Widowed ☐ Divorced ☐ Never Married ☐ Unknown | 9. SURVIVING SPOUSE (If wife, give name prior to first marriage) |
|---|---|---|

| 10a. RESIDENCE STREET ADDRESS | 10b. APT NO | 10c. CITY OR TOWN |
|---|---|---|

| 10b. COUNTY | 10c. STATE | 10d. ZIP CODE | 10g. INSIDE CITY LIMITS? ☐ Yes ☐ No |
|---|---|---|---|

| 11. FATHER'S NAME | 12. MOTHER'S NAME PRIOR TO FIRST MARRIAGE |
|---|---|

| IF DEATH OCCURRED IN A HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ DOA | IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: ☐ Hospice Facility ☐ Nursing Home ☐ Decedent's Home ☐ Other (Specify) | 13. PLACE OF DEATH (CHECK ONLY ONE) |
|---|---|---|

| 14. COUNTY OF DEATH | 15. CITY/TOWN, ZIP (If outside city limits, give precinct no) | 16. FACILITY NAME (If not institution, give street address) |
|---|---|---|

| 17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED | 18. MAILING ADDRESS OF INFORMANT (Street and Number, City, State, Zip Code) |
|---|---|

| 19. METHOD OF DISPOSITION ☐ Burial ☐ Cremation ☐ Donation ☐ Entombment ☐ Removal From State ☐ Other (Specify) | 20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH | 21. ☐ Unknown Section ___ Block ___ Lot ___ Space ___ |
|---|---|---|

| 22. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) | 23. LOCATION (City/Town, and State) |
|---|---|

| 24. NAME OF FUNERAL FACILITY | 25. COMPLETE ADDRESS OF FUNERAL FACILITY (Street and Number, City, State, Zip Code) |
|---|---|

26. CERTIFIER (Check only one):
☐ Certifying Physician - To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☐ Medical Examiner/Justice of the Peace - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated.

| 27. SIGNATURE OF CERTIFIER | 28. DATE CERTIFIED (Mo/Day/Yr) 03/21/10 | 29. LICENSE NUMBER L8304 | 30. TIME OF DEATH (Actual or presumed) 2:00 A.M. |
|---|---|---|---|

| 31. PRINTED NAME, ADDRESS OF CERTIFIER (Street and Number, City, State, Zip Code) Albert I. Chen, M.D., 1442 Kingwood Dr #123, Houston, Texas 77339-3040 | 32. TITLE OF CERTIFIER M.D. |
|---|---|

32. PART 1. ENTER THE CHAIN OF EVENTS — DISEASES, INJURIES, OR COMPLICATIONS — THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION, WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON EACH LINE.

| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. PROBABLE MALIGNANT MESOTHELIOMA | Approximate interval: Onset to death UNKNOWN |
|---|---|---|
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | b. Due to (or as a consequence of): | |
| | c. Due to (or as a consequence of): | |
| | d. Due to (or as a consequence of): | |

| PART II. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I. ATHEROSCLEROTIC CARDIOVASCULAR DISEASE | 34. WAS AN AUTOPSY PERFORMED? ☐ Yes ☐ No |
|---|---|
| | 35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☐ Yes ☐ No |

| 36. MANNER OF DEATH ☐ Natural ☐ Accident ☐ Suicide ☐ Homicide ☐ Pending Investigation ☐ Could not be determined | 37. DID TOBACCO CONTRIBUTE TO DEATH? ☐ Yes ☐ No ☐ Probably ☐ Unknown | 38. IF FEMALE: ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year | 39. IF TRANSPORTATION INJURY, SPECIFY: ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (Specify) |
|---|---|---|---|

| 40a. DATE OF INJURY (Mo/Day/Yr) | 40b. TIME OF INJURY | 40c. INJURY AT WORK? ☐ Yes ☐ No | 40d. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area) | 40e. COUNTY OF INJURY |
|---|---|---|---|---|

| 40f. LOCATION (Street and Number, City, State, Zip Code) |
|---|

| 41. DESCRIBE HOW INJURY OCCURRED |
|---|

| 42a. REGISTRAR FILE NO. | 42b. DATE RECEIVED BY LOCAL REGISTRAR | 42c. REGISTRAR |
|---|---|---|

INFORMATION ON BACK OF THE FORM MUST BE COMPLETED IF APPLICABLE
INFORMATION BELOW IS FOR STATISTICAL PURPOSES ONLY AND IS NOT TO BE INCLUDED ON CERTIFIED COPIES

| 43. DECEDENT'S EDUCATION (Check the box that best describes the highest degree or level of school completed at the time of death) ☐ 8th grade or less ☐ 9th – 12th grade, no diploma ☐ High school graduate or GED completed ☐ Some college credit, but no degree ☐ Associate degree (e.g. AA, AS) ☐ Bachelor's degree (e.g. BA, AB, BS) ☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA) ☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, DDS, DVM, LLB, JD) | 44. DECEDENT OF HISPANIC ORIGIN? (Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino) ☐ No, not Spanish/Hispanic/Latino ☐ Yes, Mexican, Mexican American, Chicano ☐ Yes, Puerto Rican ☐ Yes, Cuban ☐ Yes, other Spanish/Hispanic/Latino | 45. DECEDENT'S RACE (Check one or more races to indicate what the decedent considered himself or herself to be) ☐ White ☐ Black or African American ☐ American Indian or Alaska Native (Name of the enrolled or principal tribe) ☐ Asian Indian ☐ Chinese ☐ Filipino ☐ Japanese ☐ Korean ☐ Vietnamese ☐ Other Asian (Specify) ☐ Native Hawaiian ☐ Guamanian or Chamorro ☐ Samoan ☐ Other Pacific Islander (Specify) |
|---|---|---|

| 46. EVER IN U.S. ARMED FORCES? ☐ Yes ☐ No | 47. EVER A PEACE OFFICER IN THIS STATE? ☐ Yes ☐ No | 48. DECEDENT'S USUAL OCCUPATION (Indicate type of work done during most of working life. DO NOT USE RETIRED) | 49. TYPE OF BUSINESS/INDUSTRY |
|---|---|---|---|

VS-112 REV 1/2006

## SERVICE LIST

Opal Farr Samuel, et al
versus
Anco Insulations, Inc., et al

1. **Anco Insulations, Inc.**
   Through its registered agent for service of process:
   Thomas E. Balhoff
   Roedel, Parsons, Koch, Frost, et al
   8440 Jefferson Highway, Suite 301
   Baton Rouge, Louisiana 70809-7652

2. **The McCarty Corporation**
   Through its registered agent for service of process:
   Paul H. Spaht
   445 North Boulevard, Suite 300
   Baton Rouge, LA 70802

3. **Bituminous Fire and Marine Insurance Company** as insurer of B. & B.
   **Engineering and Supply Company Inc.,** an insurance company authorized to do
   and doing business in the State of Louisiana
   Through its agent for service of process:
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

4. **The Travelers Indemnity Company** as insurer of B. & B. Engineering and
   **Supply Company Inc.,** an insurance company authorized to do and doing
   business in the State of Louisiana
   Through its agent for service of process:
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

5. **Liberty Mutual Insurance Company** as insurer of B. & B. Engineering and
   **Supply Company Inc.,** an insurance company authorized to do and doing
   business in the State of Louisiana
   Through its agent for service of process:
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

6. **Arrowood Indemnity Company f/k/a Royal Indemnity Company** as successor
   by merger to Royal Insurance Company of America f/k/a Royal Globe
   Insurance Company, individually and as successor by merger to Queen
   Insurance Company of America as insurer of The Aber Company, Inc., an
   insurance company authorized to do and doing business in the State of Louisiana
   Through its agent for service of process:
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

7. **Liberty Mutual Insurance Company** as insurer of The Aber Company, Inc., an
   insurance company authorized to do and doing business in the State of Louisiana
   Through its agent for service of process:
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: 598,984                                         SECTION "D"

OPAL FARR SAMUEL, SHERANDA LYNN SAMUEL AND SAUNDRA LAFREIDA
SAMUEL-MCGOWAN, INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED
HUSBAND AND FATHER, ROOSEVELT SAMUEL

COST OK $ 30

VERSUS

ANCO INSULATIONS, INC., ET AL

DEPUTY CLERK OF COURT

FILED: _____

DEPUTY CLERK

### REQUEST FOR NOTICE

Liberty Mutual Insurance Company, solely as an alleged insurer of The Aber Company,

Inc., and its executive officers, through undersigned counsel, hereby request written notice of the

date of trial at least ten (10) days before the date fixed for trial and ten (10) days notice of all

hearings, whether on the merits or otherwise. It is further requested that written notice of signing

or rendition be provided for all orders, judgments, and interlocutory decrees, and any and all

formal steps taken by the parties herein, as provided by the Louisiana Code of Civil Procedure

articles 1572, 1913 and 1914.

Respectfully submitted,

**ELIA DIAZ-YAEGER #23465**
**KATHERINE L. OSBORNE #29503**
**LUGENBUHL, WHEATON, PECK, RANKIN**
**& HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Telefax: (504) 310-9195
**Attorneys for Liberty Mutual Insurance Company, solely as an**
**alleged insurer of The Aber Company, Inc., and its executive officers**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of

record via United States mail, postage pre-paid, electronic mail or facsimile on this 7th day of

March, 2011.

REC'D C.P.
MAR 14 2011

REC'D C.P.
MAR 10 2011

CERTIFIED TRUE COPY 438314

DEPUTY CLERK OF COURT



EBR663359

East Baton Rouge Clerk of Court                                          Page 1 of 2

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: 598,984                                                    SECTION "D"

OPAL FARR SAMUEL, SHERANDA LYNN SAMUEL AND SAUNDRA LAFREIDA
SAMUEL-MCGOWAN, INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED
HUSBAND AND FATHER, ROOSEVELT SAMUEL

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED:_____        _____
                                              DEPUTY CLERK

### EX PARTE MOTION AND ORDER FOR EXTENSION OF TIME

Liberty Mutual Insurance Company, solely as an alleged insurer of The Aber Company, Inc., and its executive officer, moves for an Order extending the time within which it must file pleadings responsive to plaintiff's Petition for Damages, for a period of 30 days until April 7, 2011 upon showing that Liberty Mutual requires additional time to formulate a response. Liberty Mutual has not previously requested an extension of time to answer.

**IT IS HEREBY ORDERED** that Liberty Mutual be and hereby is granted an extension of ~~thirty (30)~~ 15 days, ~~or until April 7, 2011,~~ in which to answer or otherwise plead.

Baton Rouge, Louisiana, this ___11___ day of March, 2011.

_____
JUDGE

Respectfully submitted,

_____
ELIA DIAZ-YAEGER, Bar No. 23465
KATHERINE OSBORNE, Bar No. 29503
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for Liberty Mutual Insurance Company, solely as an alleged insurer of The Aber Company, Inc., and its executive officers**

CERTIFIED TRUE COPY
DEPUTY CLERK OF COURT
438315

19th JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA
FILED
2011 MAR 10 AM 10:51
DEPUTY CLERK & RECORDER FOR
DOUG WELBORN
CLERK OF COURT E.B.R. PARISH


EBR663360

East Baton Rouge Clerk of Court                                            Page 2 of 2

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record via United States mail, postage pre-paid, electronic mail or facsimile on this 7th day of March, 2011.

CERTIFIED TRUE COPY

438316

DEPUTY CLERK OF COURT

19th JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA
FILED

2011 MAR 10  AM 10: 54

DOUG WELBORN
CLERK OF COURT E.B.R. PARISH

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: 598,984

SECTION "D"

OPAL FARR SAMUEL, SHERANDA LYNN SAMUEL AND SAUNDRA LAFREDIA SAMUEL-MCGOWAN, INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED HUSBAND AND FATHER, ROOSEVELT SAMUEL

VERSUS

ANCO INSULATIONS, INC., ET AL.

FILED: _____

DEPUTY CLERK

### REQUEST FOR NOTICE

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, this Honorable Court is hereby requested to give the undersigned, as counsel for Defendants, Liberty Mutual Insurance Company, Bituminous Fire And Marine Insurance Company and Travelers Indemnity Company (hereinafter "Defendants"), solely as the alleged insurers of B&B Engineering and Supply Company of Louisiana, Inc. and B&B Engineering and Supply Company, Inc. in the above-numbered and entitled cause, written notice, by mail, ten (10) days in advance of any date fixed for any trial or hearing of the case, whether on exception, rules or the merits thereof.

And, in accordance with the provisions of Articles 1914 and 1913 of the Louisiana Code of Civil Procedure, you are hereby additionally requested to immediately send the undersigned notice of any order or judgment made or rendered in this case upon the entry of any such order or judgment.

Respectfully submitted:

DUNCAN, COURINGTON & RYDBERG, L.L.C.

KAYE N. COURINGTON (#18582)
WILLIAM J. SOMMERS, JR. (#12253)
MAGALI ANN PUENTE-MARTIN (#27279)
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
*Attorneys for Defendants, Liberty Mutual Insurance Company, Bituminous Fire And Marine Insurance Company, and The Travelers Indemnity Company, solely as the alleged insurers of B&B Engineering and Supply Company of Louisiana, Inc. and B&B Engineering and Supply Company, Inc.*

CERTIFIED TRUE COPY
007233
DEPUTY CLERK OF COURT



EBR666299

East Baton Rouge Clerk of Court                                    Page 2 of 2

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via U.S. Mail, postage prepaid, and/or Email to all known counsel of record.

This ___11th___ day of March, 2011.

East Baton Rouge Clerk of Court                                                          Page 1 of 3

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.:  598,984

SECTION "D"

OPAL FARR SAMUEL, SHERANDA LYNN SAMUEL AND SAUNDRA LAFREDIA
SAMUEL-MCGOWAN, INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED
HUSBAND AND FATHER, ROOSEVELT SAMUEL

VERSUS

ANCO INSULATIONS, INC., ET AL.

FILED:_____

_____
DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME
## TO FILE RESPONSIVE PLEADINGS

**NOW INTO COURT** comes Defendants, Liberty Mutual Insurance Company,
Bituminous Fire And Marine Insurance Company and Travelers Indemnity Company
(hereinafter "Defendants"), solely as the alleged insurers of B&B Engineering and Supply
Company of Louisiana, Inc. and B&B Engineering and Supply Company, Inc. made litigant
herein, and on suggesting to the Court that mover requires additional time for further investigation.
It is respectfully requested that the Court grant an additional thirty (30) days in which to file
responsive pleadings.

Respectfully submitted:

DUNCAN, COURINGTON & RYDBERG, L.L.C.

_____
KAYE N. COURINGTON (#18582)
WILLIAM J. SOMMERS, JR. (#12253)
MAGALI ANN PUENTE-MARTIN (#27279)
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
*Attorneys for Defendants, Liberty Mutual Insurance
Company, Bituminous Fire And Marine Insurance
Company, and The Travelers Indemnity Company, solely
as the alleged insurers of B&B Engineering and Supply
Company of Louisiana, Inc. and B&B Engineering and
Supply Company, Inc.*

CERTIFIED TRUE COPY

007236

DEPUTY CLERK OF COURT

2011 MAR 18 AM 6:00

DOUG WELBORN
CLERK OF COURT EBR PARISH

EBR666300

Case MDL No. 875   Document 6915-1   Filed 03/24/11   Page 54 of 57

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via U.S.

Mail, postage prepaid, and/or Email to all known counsel of record.

This __11__ day of March, 2011.

CERTIFIED TRUE COPY

007237

DEPUTY CLERK OF COURT

DOUG WELBORN
CLERK OF COURT E.B.R. PARISH

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

OPAL FARR SAMUEL, SHERANDA     \*      CIVIL ACTION
LYNN SAMUEL AND SAUNDRA     \*
LAFREDIA SAMUEL-MCGOWAN,     \*     NO.:
INDIVIDUALLY AND ON BEHALF OF     \*
THEIR DECEASED HUSBAND AND     \*     SECTION " "
FATHER, ROOSEVELT SAMUEL     \*
    \*
VERSUS     \*     MAGISTRATE:
    \*
ANCO INSULATIONS, INC., ET AL.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENT TO REMOVAL

      **NOW INTO COURT,** through undersigned counsel, come Defendants, Aber Co., Inc.

The McCarty Corp. and Anco Insulations, Inc., who without waiving and specifically all rights,

defenses, objections and exceptions hereby consents to the removal by Liberty Mutual Insurance

Company, Bituminous Fire And Marine Insurance Company and The Travelers Indemnity

Company, each in their capacity as alleged insurer of B&B Engineering and Supply Company,

Inc. of the above captioned action from the Nineteenth Judicial District Court for the Parish of

East Baton Rouge, State of Louisiana, bearing Civil Action No.:  598,984 to this Honorable

Court.

*CONT'D ON NEXT PAGE*



Respectfully submitted,

**LUGENBUHUL, WEATON, PECK, RANKIN & HUBBARD**

*/s/ Elia Diaz Yaeger*
ELIA DIAZ-YAEGER (23465)
KATHERINE L. OSBORNE (#29503)
601 Poydras Street
Suite 2775
New Orleans, LA 70130
T: 504.568.1990
*Attorneys for Defendant, Liberty Mutual Insurance Company, solely as an alleged insurer of The Aber Company, Inc.*

**SIMON, PERAGINE, SMITH & REDFEARN**

*/s/ Susan B. Kohn*
SUSAN B. KOHN (14501
DOUGLAS KINLER (24143)
MICHAEL HAROLD (20563)
30th Floor – Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3000
T:  504.569.2030
*Attorneys for Defendant, McCarty Corporation*

**DEUTSCH, KERRIGAN & STILES, LLP**

*/s/ Margaret M. Joffe*
MARGARET M. JOFFE (17643)
A. WENDEL STOUT, III (12511)
WILLIAM C. HARRISON, JR. (06616)
THEODORE L. WHITE (20029)
DURIS L. HOLMES (17629)
DOUGLAS R. ELLIOTT (24402)
JAMIE H. BAGLIO (26326)
JENNIFER E. ADAMS (26588_
755 Magazine Street
New Orleans, Louisiana 70130
T:  504.581.5141
*Attorneys for Defendant, Anco Insulations, Inc.*

*CONT'D ON NEXT PAGE*

2

PUGH, ACCARDO, HAAS, RADECKER,
CAREY & HYMEL, L.L.C.

*/s/ Jacqueline A. Romero*
LAWRENCE G. PUGH, III, T.A. (LA Bar #17351)
JACQUELINE A. ROMERO  (LA Bar #25855)
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163-1132
Telephone:     (504) 799-4500
*Attorneys for Defendant, Arrowood Indemnity*
*Company f/k/a Royal Indemnity Company, solely*
*in its capacity as the insurer of The Aber Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2011, I have electronically filed the
foregoing with the Clerk of the Court using the CM/ECF system which will send notification of
such filing to all counsel which has email addresses related to this litigation.

I also certify that I have sent a copy to plaintiff's counsel either via email or U.S. Mail.

**PLAINTIFF'S COUNSEL (via U.S. Mail and Email:  brian@blackwell-associates.com)**
Brian F. Blackwell, Esq.
Sandra A. Jelks
Blackwell & Associates
9270 Siegen Lane
Suite 201
Baton Rouge, LA 70810