## U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00068-slc

Lantta, James v. A.W. Chesterton Company et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/25/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

#### Plaintiff

**James S. Lantta**                          represented by **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: michaelp.cascino@gmail.com
*ATTORNEY TO BE NOTICED*

V.

#### Defendant

**A.W. Chesterton Company**               represented by **Adam J Jagadich**
*a corporation*                              Segal, McCambridge Singer &
Mahoney
Willis Tower
233 S. Wacker Drive
Suite 5500
Chicago, IL 60606
312-645-7811
Fax: 312-645-7711
Email: ajagadich@smsm.com
*ATTORNEY TO BE NOTICED*

#### Defendant

**CBS Corporation**
*a corporation*

#### Defendant

**Certainteed Corporation**               represented by **Daniel Alexander Manna**
*a corporation*                              Foley & Lardner LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
414-319-7364
Fax: 414-297-4900
Email: dmanna@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cornell Pump Company**
*a corporation*

**Defendant**

**Crane Co.**
*a corporation*

represented by **Josh Lee Johanningmeier**
Godfrey & Kahn S.C.
One East Main Street
Suite 500
P.O. Box 2719
Madison, WI 53701-2719
608-257-3911x2637
Fax: 608-257-0609
Email: jjohanni@gklaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Flint Hills Resources, Ltd.**
*a corporation*

represented by **Michael W. Drumke**
Schiff Hardin Llp
6600 Sears Tower
Chicago, IL 60606
312-258-5744
Fax: 312-258-5700
Email: mdrumke@heplerbroom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler LLC**
*a corporation*

**Defendant**

**General Electric Company**
*a corporation*

**Defendant**

**Georgia Pacific, LLC**
*a corporation*

**Defendant**

**Goodrich Corporation**
*a corporation*

represented by **Michael D. Rosenberg**
Whyte Hirschboeck Dudek S.C.
555. E. Wells St., Ste 1900
Milwaukee, WI 53202
414-978-5631
Fax: 414-223-5000
Email: mrosenberg@whdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps, Inc.**
*a corporation*

represented by **Thomas Schrimpf**
Hinshaw & Culbertson Llp
100 East Wisconsin Avenue,Suite 2600
Milwaukee, WI 53202
414-276-6464
Fax: 414-276-9220
Email: tschrimpf@hinshawlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brett Barry Larsen**
Hinshaw & Culbertson Llp
100 East Wisconsin Avenue,Suite 2600
Milwaukee, WI 53202
414-225-4807
Fax: 414-276-9220
Email: blarsen@hinshawlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll Rand Company**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane Inc.**
*a corporation*

**Defendant**

**Oakfabco Inc.**
*a corporation*

represented by **Thomas Schrimpf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brett Barry Larsen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**
*a corporation*

represented by **Mark Russell Feldmann**
Menn Law Firm, Ltd.
2501 East Enterprise Avenue
P.O. Box 785
Appleton, WI 54912-0785
920-731-6631
Fax: 920-560-4745
Email: mark-feldmann@mennlaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**The Marley-Wylain Company**
*a corporation*
*also known as*
Weil-McLain Company

represented by **Edward J. McCambridge**
Segal McCambridge Singer &
Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, Ste 5500
Chicago, IL 60606
312-645-7800x7803
Fax: 312-645-7811
Email: EMcCambridge@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trane U.S. Inc.**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viking Pump Inc.**
*a corporation*

represented by **Michael D. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warren Pumps**
*a corporation*

**Defendant**

**Zurn Industries**
*a corporation*

represented by **Emily Zapotocny**
Segal McCambridge Singer &
Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, Ste 5500
Chicago, IL 60606
312-645-8438
Email: ezapotocny@smsm.com
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**James S. Lantta**

represented by **Michael P. Cascino**
(See above for address)

*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**A.W. Chesterton Company**
*a corporation*

represented by **Adam J Jagadich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CBS Corporation**
*a corporation*

**Cross Defendant**

**Certainteed Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Cornell Pump Company**
*a corporation*

**Cross Defendant**

**Crane Co.**
*a corporation*

represented by **Josh Lee Johanningmeier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Flint Hills Resources, Ltd.**
*a corporation*

**Cross Defendant**

**Foster Wheeler LLC**
*a corporation*

**Cross Defendant**

**General Electric Company**
*a corporation*

**Cross Defendant**

**Georgia Pacific, LLC**
*a corporation*

**Cross Defendant**

**Goodrich Corporation**
*a corporation*

represented by **Michael D. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Goulds Pumps, Inc.**
*a corporation*

**Cross Defendant**

**Ingersoll Rand Company**          represented by **Daniel Alexander Manna**
*a corporation*                                              (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**John Crane Inc.**
*a corporation*

**Cross Defendant**

**Oakfabco Inc.**
*a corporation*

**Cross Defendant**

**Rapid American Corporation**      represented by **Mark Russell Feldmann**
*a corporation*                                              (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**The Marley-Wylain Company**       represented by **Edward J. McCambridge**
*a corporation*                                              (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Trane U.S. Inc.**                 represented by **Daniel Alexander Manna**
*a corporation*                                              (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Union Carbide Corporation**       represented by **Daniel Alexander Manna**
*a corporation*                                              (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Viking Pump Inc.**                represented by **Michael D. Rosenberg**
*a corporation*                                              (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Warren Pumps**
*a corporation*

**Cross Defendant**

**Zurn Industries**
*a corporation*

represented by **Emily Zapotocny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Rapid American Corporation**
*a corporation*

represented by **Mark Russell Feldmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**A.W. Chesterton Company**
*a corporation*

represented by **Adam J Jagadich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CBS Corporation**
*a corporation*

**Cross Defendant**

**Certainteed Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Cornell Pump Company**
*a corporation*

**Cross Defendant**

**Crane Co.**
*a corporation*

represented by **Josh Lee Johanningmeier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Flint Hills Resources, Ltd.**
*a corporation*

**Cross Defendant**

**Foster Wheeler LLC**
*a corporation*

**Cross Defendant**

**General Electric Company**
*a corporation*

**Cross Defendant**

**Georgia Pacific, LLC**
*a corporation*

**Cross Defendant**

**Goodrich Corporation**
*a corporation*

represented by **Michael D. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Goulds Pumps, Inc.**
*a corporation*

represented by **Thomas Schrimpf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brett Barry Larsen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Ingersoll Rand Company**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**John Crane Inc.**
*a corporation*

**Cross Defendant**

**Oakfabco Inc.**
*a corporation*

represented by **Thomas Schrimpf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brett Barry Larsen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**The Marley-Wylain Company**
*a corporation*

represented by **Edward J. McCambridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Trane U.S. Inc.**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Union Carbide Corporation**
*a corporation*

represented by **Daniel Alexander Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Viking Pump Inc.**
*a corporation*

represented by **Michael D. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Warren Pumps**
*a corporation*

**Cross Defendant**

**Zurn Industries**
*a corporation*

represented by **Emily Zapotocny**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2011 | 1 | COMPLAINT against A.W. Chesterton Company, CBS Corporation, Certainteed Corporation, Cornell Pump Company, Crane Co., Flint Hills Resources, Ltd., Foster Wheeler LLC, General Electric Company, Georgia Pacific, LLC, Goodrich Corporation, Goulds Pumps, Inc., Ingersoll Rand Company, John Crane Inc., Oakfabco Inc., Rapid American Corporation, The Marley-Wylain Company, Trane U.S. Inc., Union Carbide Corporation, Viking Pump Inc., Warren Pumps and Zurn Industries, filed by James S. Lantta. Service to be completed by Waiver of Service of Summons. (Filing Fee $350, receipt number 0758-695239) (Attachments: # 1 JS-44 Civil Cover Sheet, # 2 Exhibit A - Defendants' Home States and Principal Places of Business, # 3 Exhibit B - Plaintiff's Work History) (Cascino, Michael) Added exhibit descriptions on 1/26/2011. (arw) (Entered: 01/25/2011) |
| 01/25/2011 | 2 | Notice by Plaintiff James S. Lantta. (Cascino, Michael) (Entered: 01/25/2011) |
| 01/25/2011 | 3 | Corporate Disclosure Statement by Plaintiff James S. Lantta (Cascino, Michael) (Entered: 01/25/2011) |
| 01/26/2011 | | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (arw) (Entered: 01/26/2011) |
| 01/26/2011 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (arw) (Entered: 01/26/2011) |

| 02/28/2011 | 4 | Notice of Appearance filed by Mark Russell Feldmann for Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/28/2011) |
|---|---|---|
| 02/28/2011 | 5 | Certificate of Service by Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 02/28/2011) |
| 03/03/2011 | 6 | Notice of Appearance filed by Edward J. McCambridge for Defendant The Marley-Wylain Company (McCambridge, Edward) (Entered: 03/03/2011) |
| 03/04/2011 | 7 | Notice of Appearance filed by Emily Zapotocny for Defendant Zurn Industries (Zapotocny, Emily) (Entered: 03/04/2011) |
| 03/05/2011 | 8 | ANSWER by Defendant Certainteed Corporation. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 9 | Corporate Disclosure Statement by Defendant Certainteed Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 10 | ANSWER by Defendants Ingersoll Rand Company, Trane U.S. Inc.. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 11 | Corporate Disclosure Statement by Defendant Ingersoll Rand Company (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 12 | Corporate Disclosure Statement by Defendant Trane U.S. Inc. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 13 | ANSWER by Defendant Union Carbide Corporation. (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 14 | Corporate Disclosure Statement by Defendant Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/05/2011 | 15 | Certificate of Service by Defendants Certainteed Corporation, Ingersoll Rand Company, Trane U.S. Inc., Union Carbide Corporation (Manna, Daniel) (Entered: 03/05/2011) |
| 03/08/2011 | 16 | Notice of Appearance filed by Edward J. McCambridge for Defendant The Marley-Wylain Company (McCambridge, Edward) (Entered: 03/08/2011) |
| 03/08/2011 | 17 | **MOTION TO DISMISS *Pursuant to FRCP 12(b)(6)* by Defendant The Marley-Wylain Company. Brief in Opposition due 3/29/2011. Brief in Reply due 4/8/2011. (McCambridge, Edward) (Entered: 03/08/2011) |
| 03/08/2011 | 18 | ANSWER by Defendant Goodrich Corporation. (Attachments: # 1 Certificate of Service) (Rosenberg, Michael) (Entered: 03/08/2011) |
| 03/08/2011 | 19 | Corporate Disclosure Statement by Defendant Goodrich Corporation (Rosenberg, Michael) (Entered: 03/08/2011) |
| 03/09/2011 | 20 | Notice of Appearance filed by Adam J Jagadich for Defendant A.W. Chesterton Company (Jagadich, Adam) (Entered: 03/09/2011) |
| 03/11/2011 | 21 | ANSWER, CROSSCLAIM *and Answer to All Anticipated or Filed Cross-Claims* by Defendant Cornell Pump Company, Cross Defendant Cornell Pump Company. (Gilligan, Thomas) Modified docket text on 3/14/2011 (mmo). |

| | | |
|---|---|---|
| | | (Entered: 03/11/2011) |
| 03/11/2011 | 22 | Corporate Disclosure Statement by Defendant Cornell Pump Company (Gilligan, Thomas) (Entered: 03/11/2011) |
| 03/14/2011 | 23 | Amended Answer to 1 Complaint by Defendant Goodrich Corporation, Cross Defendant Goodrich Corporation. (Attachments: # 1 Certificate of Service) (Rosenberg, Michael) Modified docket text on 3/15/2011 (mmo). (Entered: 03/14/2011) |
| 03/17/2011 | 24 | Letter from the Court to U.S. Judicial Panel on Multidistrict Litigation advising of possible tag-along asbestos action. (arw) (Entered: 03/17/2011) |
| 03/18/2011 | 25 | Notice of Appearance filed by Brett Barry Larsen for Defendants Goulds Pumps, Inc., Oakfabco Inc. (Larsen, Brett) (Entered: 03/18/2011) |
| 03/18/2011 | 26 | Notice of Appearance filed by Thomas Schrimpf for Defendants Goulds Pumps, Inc., Oakfabco Inc. (Schrimpf, Thomas) (Entered: 03/18/2011) |
| 03/18/2011 | 27 | ANSWER by Defendant Viking Pump Inc., Cross Defendant Viking Pump Inc.. (Attachments: # 1 Certificate of Service) (Rosenberg, Michael) (Entered: 03/18/2011) |
| 03/18/2011 | 28 | Corporate Disclosure Statement by Defendant Viking Pump Inc., Cross Defendant Viking Pump Inc. (Rosenberg, Michael) (Entered: 03/18/2011) |
| 03/23/2011 | 29 | ANSWER with Jury Demand by Defendant Rapid American Corporation. (Feldmann, Mark) (Entered: 03/23/2011) |
| 03/23/2011 | 30 | ANSWER to Crossclaim by Cross Defendant Rapid American Corporation. (Feldmann, Mark) (Entered: 03/23/2011) |
| 03/23/2011 | 31 | CROSSCLAIM against A.W. Chesterton Company, CBS Corporation, Certainteed Corporation, Cornell Pump Company, Crane Co., Flint Hills Resources, Ltd., Foster Wheeler LLC, General Electric Company, Georgia Pacific, LLC, Goodrich Corporation, Goulds Pumps, Inc., Ingersoll Rand Company, John Crane Inc., Oakfabco Inc., The Marley-Wylain Company, Trane U.S. Inc., Union Carbide Corporation, Viking Pump Inc., Warren Pumps, Zurn Industries, filed by Rapid American Corporation. (Feldmann, Mark) (Entered: 03/23/2011) |
| 03/23/2011 | 32 | Corporate Disclosure Statement by Defendant Rapid American Corporation, Cross Claimant Rapid American Corporation, Cross Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 03/23/2011) |
| 03/23/2011 | 33 | Notice by Defendant Rapid American Corporation, Cross Claimant Rapid American Corporation, Cross Defendant Rapid American Corporation *of Tag Along Action.* (Feldmann, Mark) (Entered: 03/23/2011) |
| 03/23/2011 | 34 | Certificate of Service by Defendant Rapid American Corporation, Cross Claimant Rapid American Corporation, Cross Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 03/23/2011) |
| 03/24/2011 | 35 | ANSWER with Jury Demand by Defendant Oakfabco Inc.. (Larsen, Brett) (Entered: 03/24/2011) |

| 03/24/2011 | 36 | Corporate Disclosure Statement by Defendant Oakfabco Inc. (Larsen, Brett) (Entered: 03/24/2011) |
|---|---|---|
| 03/25/2011 | 37 | ANSWER with Jury Demand by Defendant Crane Co., Cross Defendants Crane Co., Crane Co.. (Johanningmeier, Josh) (Entered: 03/25/2011) |
| 03/25/2011 | 38 | Corporate Disclosure Statement by Defendant Crane Co., Cross Defendants Crane Co., Crane Co. (Johanningmeier, Josh) (Entered: 03/25/2011) |
| 03/25/2011 | 39 | Notice of Appearance *of Counsel* filed by Michael W. Drumke for Defendant Flint Hills Resources, Ltd. (Attachments: # 1 Certificate of Service of Appearance of Counsel) (Drumke, Michael) (Entered: 03/25/2011) |
| 03/25/2011 | 40 | Corporate Disclosure Statement by Defendant Flint Hills Resources, Ltd. (Attachments: # 1 Certificate of Service of Corporate Disclosure Statement) (Drumke, Michael) (Entered: 03/25/2011) |
| 03/25/2011 | 41 | ANSWER with Jury Demand by Defendant Flint Hills Resources, Ltd.. (Attachments: # 1 Certificate of Service of Short Form Answer and Affirmative Defenses to Complaint) (Drumke, Michael) (Entered: 03/25/2011) |
| 03/25/2011 | 42 | Motion to Stay *Proceedings and Notice of Tag-Along Action* by Defendant Flint Hills Resources, Ltd.. Response due 4/1/2011. (Attachments: # 1 Certificate of Service of Motion to Stay Proceedings and Notice of Tag-Along Action) (Drumke, Michael) (Entered: 03/25/2011) |
| 03/25/2011 | 43 | Notice by Defendant Flint Hills Resources, Ltd. re 40 Corporate Disclosure Statement, 41 Answer, 42 Motion to Stay *Proceedings and Notice of Tag-Along Action*, 39 Notice of Appearance *of Filing*. (Attachments: # 1 Certificate of Service of Notice of Filing) (Drumke, Michael) (Entered: 03/25/2011) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/25/2011 16:27:41 | | |
| **PACER Login:** he1713 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:11-cv-00068-slc |
| **Billable Pages:** 9 | **Cost:** | 0.72 |



**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

James S Lantta,

               Plaintiff,

   v.

A.W. Chesterton Company, a corporation,
CBS Corporation, a corporation,
Certainteed Corporation, a corporation,
Cornell Pump Company, a corporation,
Crane Co., a corporation,
Flint Hills Resources, Ltd., a corporation,
Foster Wheeler LLC, a corporation,
General Electric Company, a corporation,
Georgia Pacific, LLC, a corporation,
Goodrich Corporation, a corporation,
Goulds Pumps, Inc., a corporation,
Ingersoll Rand Company, a corporation,
John Crane Inc., a corporation,
Oakfabco Inc., a corporation,
Rapid American Corporation, a corporation,
The Marley-Wylain Company a/k/a/ Weil-McLain
Company, a corporation,
Trane U.S. Inc., a corporation,
Union Carbide Corporation, a corporation,
Viking Pump Inc, a corporation,
Warren Pumps, a corporation,
Zurn Industries, a corporation,

               Defendants

Case No.

## COMPLAINT

Now comes the plaintiff, James S Lantta (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants A.W. Chesterton Company, a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, Cornell Pump Company, a corporation, Crane Co., a corporation, Flint Hills Resources, Ltd., a corporation, Foster Wheeler LLC, a corporation, General Electric Company, a corporation, Georgia Pacific, LLC, a corporation, Goodrich Corporation, a corporation, Goulds Pumps, Inc., a corporation, Ingersoll Rand Company, a corporation, John Crane Inc., a corporation, Minnesota Mining and Manufacturing Co., a corporation, Oakfabco Inc., a



corporation, Rapid American Corporation, a corporation, The Marley-Wylain Company a/k/a/ Weil-McLain
Company, a corporation, Trane U.S. Inc., a corporation, Union Carbide Corporation, a corporation, Viking
Pump Inc, a corporation, Warren Pumps, a corporation, Zurn Industries, a corporation, as follows:

## JURISDICTION

1.    Plaintiff is an adult citizen and resident of Wisconsin and resides in Janesville, Wisconsin.

2.    Defendants are all corporations, none of which is incorporated in or has its principal place of
      business in the State of Wisconsin, and at all times relevant to the allegations contained herein
      were engaged in the business of designing, manufacturing, mining and selling asbestos and/or
      asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as
      "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and
      principal place of business of each defendant.

3.    Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States
      Code, §1332.

4.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000),
      exclusive of interest and costs.

5.    Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6.    Plaintiff during the course of his employment as a Pipefitter at various job sites, including those
      listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the
      asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined,
      distributed, packaged, installed or otherwise placed into commerce by defendants.

7.    Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred
      by workers working with or near asbestos products.

8.    Plaintiff became aware of the asbestos-related condition and that said condition was caused by
      Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9.    As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been

diagnosed with bilateral pleural thickening on 7/10/2010.

10.    Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large

sums of money for medical and hospital care, and suffered losses to his personal property and

possessions.

### COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11.    Plaintiff brings this count for negligence against all defendants except Flint Hills Resources,

Ltd. and incorporates by reference all general allegations.

12.    It was reasonably foreseeable that Plaintiff and other workers would be working with or in the

proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13.    Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who

worked with or were exposed to the defendants' asbestos products.

14.    Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos

causes disease and or death, and that Plaintiff did not know that asbestos products were

dangerous or harmful at the time of his exposures.

15.    Each defendant breached its duty of care and was negligent, including without limitation in one

or more of the following acts or omissions:

      a.    Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

      b.    Failed to warn Plaintiff or others of the danger and harm of the asbestos after the
products or equipment were installed at the premises;

      c.    Failed to investigate or test for the health effects of asbestos prior to distribution
and sale;

      d.    Failed to instruct Plaintiff, his employers or others in the use of precautionary
measures relating to asbestos-containing products and/or asbestos-insulated
equipment; and/or

      e.    Manufactured, mined, supplied, or installed unsafe asbestos-containing products
or asbestos-insulated equipment.

16.    As a direct and proximate result of the acts and omissions of the product defendants above,

Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17. This cause of action is asserted against the manufacturing and supplying defendants, and is not asserted against Flint Hills Resources, Ltd.

18. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

19. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

20. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

21. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a.  Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b.  Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c.  Was not subjected to adequate investigation regarding its hazards to health; and

    d.  Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

22. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III- NEGLIGENCE - PREMISES OWNER

23. Plaintiff reasserts and realleges the above general allegations 1-24 above.



24.    This claim for negligence is brought against the following Defendant (hereinafter "Premise Defendant";

        a. Flint Hills Resources, Ltd.

25.    Defendant was the owner of the premises during the dates and times of Plaintiff's exposures to asbestos indicated on exhibit B.

26.    The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

27.    When Plaintiff worked at the premises, defendants knew or should have known about the health hazards of asbestos.

28.    Defendant in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Plaintiff, working at the premises.

29.    Defendant knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

30.    As the owners of the premises, defendant owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Plaintiff.

31.    Defendant breached its duty of care and was negligent by one or more of the following acts or omissions:

32.

        a.    failing to adequately warn Plaintiff of the dangers of harm from exposure to asbestos;

        b.    failing to instruct Plaintiff adequately about safety precautions for exposure to asbestos;

        c.    failing to establish adequate safety measures to protect Plaintiff from exposure to asbestos;

        d.    failing to adequately test for asbestos where Plaintiff worked;

        e.    employing any contractor which failed to take reasonable precautions against the danger of asbestos;

       f.       allowing the use of asbestos containing products at the premises;

       g.      failing to assign or hire personnel qualified to recognize, evaluate and control
              asbestos exposures at the premises.

33.     As a direct and proximate result of the acts and omissions of the premise defendant above,

Plaintiff was injured as described above.

## COUNT IV – DECLARATORY JUDGMENT

34.     Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin

Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis.

Stats., were enacted as part of so-called "tort reform" in 1995.

35.     Retroactive application of the 1995 legislation purporting to apply to the new versions of

§§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before

the effective date of such legislation, merely because this lawsuit was filed after the effective date

of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

36.     Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts

of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth

and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV,

§17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of

Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

37.     Plaintiff prays for relief as follows:

       a.      Judgment against defendants, jointly and severally, for compensatory and general
             damages.

       b.      Such further legal and equitable relief as the Court orders to do justice in this case; costs
             and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: January 25, 2011

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
Defendants' Home States and Principal Places of Business

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| Cornell Pump Company | Delaware | Oregon |
| Crane Co. | Delaware | Connecticut |
| Flint Hills Resources, Ltd. | Delaware | Kansas |
| Foster Wheeler LLC | Pennsylvania | New York |
| General Electric Company | New York | Connecticut |
| Georgia Pacific, LLC | Delaware | Georgia |
| Goodrich Corporation | New York | North Carolina |
| Goulds Pumps, Inc. | Delaware | New York |
| Ingersoll Rand Company | New Jersey | New Jersey |
| John Crane Inc. | Delaware | Illinois |
| Minnesota Mining and Manufacturing Co. | Delaware | Delware |
| Oakfabco Inc. | Illinois | Illinois |
| Rapid American Corporation | Delaware | New York |
| The Marley-Wylain Company a/k/a/ Weil-McLain Company | Delaware | North Carolina |
| Trane U.S. Inc. | Delaware | New Jersey |
| Union Carbide Corporation | New York | Texas |
| Viking Pump Inc | Delaware | Illinois |
| Warren Pumps | Delaware | New Jersey |
| Zurn Industries | Delaware | Pennsylvania |

**Exhibit B**
Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Hunters Point | San Francisco | CA | 1972 | 1972 |
| Jefferson Malt | Jefferson | WI | 1980 | 1980 |
| Oil Refinery | St. Paul Plant | MN | 1980 | 1981 |
| Richland | Richland | CA | 1974 | 1974 |
| United Industries | Beloit | WI | 1981 | 2003 |
| USS (General H.F.Hodges Ship) | Richmond | CA | 1972 | 1975 |
| Warner Lambert | Rockford | IL | 1983 | 1984 |
| Koch Refining | St. Paul | MN | 1980 | 1980 |
| Miller Brewery | Milwaukee | WI | 2003 | 2003 |
| General Motors | Milwaukee | WI | 1980 | 1982 |
| Fairbanks Morse | Beloit | WI | 1978 | 1979 |
| Beloit Memorial Hospital | Beloit | WI | | |

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

### BRIEFING GUIDELINES

**ARGUMENT.** The matter being briefed will be considered and decided by the court without oral argument unless a request (motion) for oral argument is filed by either party. Requests must be filed in writing and should state the reasons why oral argument is necessary, specifying those matters which the party thinks cannot be adequately presented by briefs and affidavits. The court will then decide and notify the parties whether oral argument will be sufficiently helpful to justify the expenditure of the court's time.

**BANKRUPTCY APPEALS.** Bankruptcy Rule 8009 governs the filing of briefs. Briefing commences with the date of docketing in the district court.

**BILL OF COSTS.** Objections to the Bill of Costs and brief in opposition should be filed jointly. If opposition is filed, the moving party must respond with a brief in support and the opponent a reply. This matter is normally considered and decided by the clerk without oral argument. The clerk may hold a hearing if, based on the briefs or other materials submitted by the parties, the clerk decides that there are issues present which cannot be adequately presented by briefs and affidavits. Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.

**MOTIONS FOR SUMMARY JUDGMENT.** Specific procedures for summary judgment motions before Judge Crabb and Judge Shabaz are available at www.wiwd.uscourts.gov.

**MOTIONS PURSUANT TO Fed. R. Civ. P. 12(b)(6) or 12(c).** If either party desires to present to the court matters outside of the pleadings, leave to do so must be obtained from the court by filing a request in motion format.

**MOTIONS - ALL OTHER.** Affidavits may accompany briefs. Supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Affidavits may be supplemented or opposed by depositions and answers to interrogatories or further affidavits.

**SOCIAL SECURITY APPEALS.** Section 405(g), Title 42 of the United States Code, provides the nature and standard of review by this court. Plaintiff's brief in support should specifically state the grounds of objection to the decision below and the form of relief sought. The briefs shall include a discussion of each issue, together with the appropriate citations of authority.

All references to the claimant's medical symptoms and conditions must be in clear, concise layman's language. Medical symptoms and conditions are to be included only if relevant to the issues presented. Medical and scientific language, terms, and classifications shall be used parenthetically or in a footnote following the common layman's language referring to such language, term, or condition.

NOTICE TO COUNSEL:

     To enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, counsel for a private (non-governmental) business, company, or corporation shall submit at the time of initial pleading this statement of corporate affiliations and financial interest.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

_____

               v.                       Case No. _____

_____

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

_____ makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?

       YES ☐     NO ☐

     If the answer is YES, list below and identify the parent corporation or affiliate and the relationship between it and the named party:

2.    Is there a publicly owned corporation, not a party to this case, that has a financial interest in the outcome?

       YES ☐     NO ☐

     If the answer is YES, list the identity of such corporation and the nature of the financial interest to the named party:

_____      Date:_____

10/1/07

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____,

Plaintiff,

Case No. _____

v.

_____,

Defendant.

## DECLINATION TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE

Pursuant to the court's order dated June 20, 2008, United States Magistrate Judge

Stephen Crocker has been designated to conduct all proceedings in this civil matter,

including trial and entry of final judgment.  The undersigned party declines to consent

to the assignment of Magistrate Judge Stephen Crocker for trial and disposition.

Date: _____

Signature_____

Attorney for _____

(Plaintiff, Defendant, or Pro Se)

THIS FORM SHALL **NOT** BE FILED ELECTRONICALLY.  MAIL THIS FORM
TO THE CLERK OF COURT NOT LATER THAN **THREE (3) DAYS** BEFORE
THE PRELIMINARY PRETRIAL CONFERENCE.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HONORABLE STEPHEN L. CROCKER
ORDER GOVERNING FILING OF DISPOSITIVE MOTIONS
PRIOR TO PRELIMINARY PRETRIAL CONFERENCE

---

If, prior to the preliminary pretrial conference in a civil case, any party files a dispositive motion, the following schedule shall apply. The moving party is to file and serve its brief together with the motion; the opposing party has 21 days to respond and the moving party has 10 days to reply.

BY THE COURT:

STEPHEN L. CROCKER
MAGISTRATE JUDGE

Reprinted: 9/1/07

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. _____ |
| _____ | ) |
| *Defendant* | ) |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____          _____

*District Judge's signature*

_____

*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

During Judge Shabaz's absence, 50% of all civil cases filed in this district, with the exception of social security appeals, bankruptcy appeals, federal collection and foreclosure actions and motions brought pursuant to 28 U.S.C. § 2255, will be assigned at random to United States Magistrate Judge Stephen L. Crocker for all purposes, including trials and the entry of final judgment, unless counsel advise the court in writing that they do not consent to his exercising such jurisdiction. If consent is withheld, then the case will be assigned for trial to a visiting district judge or to Chief Judge Barbara B. Crabb at the court's sole discretion, with a magistrate judge of this court presiding over all pretrial matters in the case, including preparation of proposed findings of fact and recommendations of law for dispositive motions as directed by a district judge. As 28 U.S.C. §636 provides, the parties are free to withhold their consent without any adverse substantive consequences. No judge will know which party or parties withheld consent.

1

The order entered on March 11, 2008 and docketed as #286 is rescinded.

Entered this 20th day of June, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

2

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

220 S. Ashland Ave.
Chicago, IL 60607-9940

# BUSINESS REPLY MAIL

FIRST CLASS MAIL   PERMIT NO. 94203   CHICAGO, IL

POSTAGE WILL BE PAID BY ADDRESSEE:

**CASCINO VAUGHAN LAW OFFICES LTD**

**220 S ASHLAND AVE**
**CHICAGO IL 60607-9940**

ATTN.



049J87/03411S
$01.900
02/17/2011
Mailed From 60607
US POSTAGE

Flint Hills Resources LP
C/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. ASHLAND AVENUE
CHICAGO, IL 60607-5308

RETURN SERVICE REQUESTED