BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. STAPLETON and<br>CARLOTTA S. STAPLETON<br>　　Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS<br>CORPORATION (sued individually and<br>as successor by merger to BUFFALO<br>PUMPS, INC.), et al.<br>　　Defendants. | CIVIL CASE NO. 3:11-CV-0428 |

BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER

Plaintiffs respectfully file this brief in support of their Motion to Vacate the Conditional Transfer Order (CTO-374) entered by the Judicial Panel on Multidistrict Litigation March 11, 2011, and reinstated on March 24, 2011. Pursuant to Panel Rule

7.1(f), this Brief is being filed in support of plaintiff's Motion to Vacate the Conditional Transfer Order, and his previous Notice of Opposition, deemed filed on March 16, 2011, in accordance with Panel Rule 7.1(c) (*see* notice attached as Exhibit A). This submission is being filed according to the briefing schedule specified by this Panel in its Order of March 24, 2011. For the reasons stated below, the Conditional Transfer Order should be vacated so that plaintiffs can proceed with the timely resolution of their claim in *state* court.

Plaintiffs have filed a motion for remand in the U.S. District Court for the Southern District of California, with a hearing date presently set for April 25, 2011. This was the earliest hearing date available to Plaintiffs once the matter had been removed from state court. Despite the fact that the Panel entered its Conditional Transfer Order before the district court judge was able to rule on the motion, that judge has not lost jurisdiction over the case and, therefore, can make a determination as to Plaintiff's Motions for Remand. *Faulk v. Owens-Corning Fiberglas Corp., et al.*, 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); s*ee also* Panel Rule 2.1(d); *Bartley v. Borden, Inc. et al.*, 1996 WL 68482 (E.D. La. 1996)(citing former Panel Rule 18 which stated that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

Plaintiffs' notice of opposition was deemed filed within the prescribed fifteen-day period. Therefore, transmittal of the CTO was stayed and continues to be stayed until further action by this Panel. Finally, since the case has not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, it is still pending in

2

the original district court to which they were removed. Thus, not only does the United States District Court judge retain jurisdiction to rule on the Motion for Remand before him, but he may promptly do so and preserve the plaintiff's right to a timely resolution of his claim.

Plaintiffs have sought remand on grounds that no basis for federal subject matter jurisdiction exists. Special exigency for the prompt resolution of Plaintiffs' motion for remand exists because of a unique feature of California law, under which a plaintiff who dies before his case is brought to trial loses substantial rights. Mr. Stapleton is suffering from mesothelioma, an "invariably fatal cancer . . . for which asbestos exposure is the only known cause." (*In re Patenaude*, 210 F.3d 135, 138 (3d Cir. 2000).) Mesothelioma kills its victims "generally within two years of diagnosis[,]" during which "victims invariably suffer great pain and disability." (*Georgine v. Amchem Prods. Inc.*, 83 F.3d 610, 633 (3d Cir. 1996).) Attached hereto as Exhibit B is the Declaration of Sreekanth Reddy, M.D., Mr. Stapleton's treating oncologist. Dr. Reddy confirms that Mr. Stapleton has an extremely poor prognosis, and that there is substantial medical doubt of Mr. Stapleton's survival beyond six months. (Exhibit B, Declaration of Sreekanth Reddy, M.D., ¶s 5, 8 ["Because of the nature of the disease, which is progressive, terminal and always fatal, mesothelioma patients, including Mr. Stapleton, are at risk for imminent death."].)

Because of Mr. Stapleton's grave medical condition, his case, in all likelihood, would have been set for trial in state court very soon, pursuant to California's procedure for expediting the resolution of such exigent cases. (*See Cal. Civ. Proc. Code* § 36(d) (providing the right to move for a trial preference when there is "clear and convincing

3

medical documentation which concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months").)

Plaintiffs contend, through their motion to remand, that Defendant GE's removal of this action under "federal officer" subject matter jurisdiction (42 *United States Code* § 1442(a)(1) ("Section 1442(a)(1)")) is entirely meritless. However, simply by filing its Notice of Removal, GE may well have achieved the desired delay, which will have tragic consequences because the greatest component of Mr. Stapleton's damages is his pain and suffering and, under California law, these damages will be forever lost if he passes away prior to trial. (*See Cal. Civ. Proc. Code* § 377.34 ("damages for pain, suffering, or disfigurement" are not recoverable in a decedent's cause of action); *County of Los Angeles v. Superior Court* (1999) 21 Cal. 4th 292, 295-96, 87 Cal. Rptr. 2d 441, 443-44; *see also Willis v. Gordon* (1978) 20 Cal. 3d 629, 637, 143 Cal. Rptr. 723, 728 (decedent's pain and suffering cannot be recovered by plaintiff(s) in wrongful death action).) Mr. Stapleton is entitled to a trial during his lifetime, so that he may be fully compensated for his injuries, and he cannot be deprived of that right by a baseless removal.

Plaintiffs respectfully request that their motion to vacate the CTO be granted, so that the court to which the case was removed may resolve plaintiffs' motion for remand.

Respectfully submitted,

Paul C. Cook
California State Bar No. 170901
Waters Kraus & Paul
222 N. Sepulveda Boulevard, Ste 1900
El Segundo, California 90245
(310) 414-8146
(310) 414-8156 Fax

4