AO 440 (Rev. 12/09) Summons in a Civil Action

I do hereby depute and appoint  S/1  *illegible*  # 35
my special deputy, to serve and execute the within writ.
Witness my hand this *illegible* Day of Ma d AD 201 1

# UNITED STATES DISTRICT COURT

for the

Northern District of California

11 0023819

DONALD SILVER
*Plaintiff,*

v.

FOSTER WHEELER LLC (FKA FOSTER WHEELER
CORPORATION), et al.,

*Defendants.*

Civil Action No. CV 11 0749 3

JCS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    SEE ATTACHED

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

David R. Donadio, Brayton❖Purcell LLP, 222 Rush Landing Road, Novato, California  94948-6169

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT
Richard W. Weiking

Date:                                         HELEN L. ALMCEN

_____
Signature of Clerk of Court or Deputy Clerk

1

2

<u>ATTACHMENT TO SUMMONS</u>

3

4 FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)

5

6 NORTHROP GRUMMAN SHIPBUILDING, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRAYTON⋆PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1   ALAN R. BRAYTON, ESQ., S.B. #73685
2   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON✦PURCELL LLP
3   Attorneys at Law
    222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948-6169
    (415) 898-1555
5   (415) 898-1247 (Fax No.)

6   Attorneys for Plaintiff

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  DONALD SILVER,

12              Plaintiff,                  No.  11   0749

13  vs.
                                            COMPLAINT FOR ASBESTOS
14  FOSTER WHEELER LLC (FKA FOSTER          PERSONAL INJURY/ PRODUCTS
    WHEELER CORPORATION),                   LIABILITY; DEMAND FOR JURY TRIAL
15  NORTHROP GRUMMAN
    SHIPBUILDING, INC.,
16
                Defendants.
17

18
                                 I.
19
                              PARTIES
20
        1.      Plaintiff in this action, DONALD SILVER, has sustained asbestos-related lung
21
    injuries as a result of his inhalation of asbestos fibers through his occupational exposure to
22
    asbestos.
23
        2.      Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos
24
    fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.
25
        3.      The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit**
26
    **A**, attached to Plaintiff's complaint and incorporated by reference herein.
27
        4.      All of Plaintiff's claims arise out of repeated exposure to asbestos-containing
28
    products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or

1   maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of

2   toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative,

3   progressive, incurable lung diseases.

4       5.      Plaintiff claims damages for an asbestos-related disease arising from a series of

5   occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing

6   products, when handled in the manner in which they were intended, released harmful asbestos

7   fibers which when inhaled by Plaintiff, caused serious lung disease.

8       6.      As used herein, Plaintiff shall mean the above-captioned asbestos-injured

9   Plaintiff.

10      7.      Plaintiff is informed and believes, and thereon alleges that at all times herein

11  mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole

12  proprietorships and/or other business entities organized and existing under and by virtue of the

13  laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

14  said defendants, and each of them, were and are authorized to do and are doing business in the

15  State of California, and that said defendants have regularly conducted business in the County of

16  San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

19      8.      <u>Jurisdiction</u>: Plaintiff DONALD SILVER is a citizen of the State of Oregon.

20  Defendants are each corporations incorporated under the laws of and having its principal

21  places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |

26      This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

27  between citizens of different states in which the matter in controversy exceeds, exclusive of costs

28  and interest, seventy-five thousand dollars.

9.   <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

<u>FIRST CAUSE OF ACTION</u>
(Negligence)

PLAINTIFF DONALD SILVER COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), NORTHROP GRUMMAN SHIPBUILDING, INC., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10.   At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

1 entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

2 designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

3 sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

4 rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

5 products containing asbestos. The following defendants, and each of them, are liable for the acts

6 of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

7 destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

8 of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

9 ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

10 such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

11 role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

12 originally attached to each such ALTERNATE ENTITY:

13

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC. AVONDALE SHIPYARDS, INC. CONTINENTAL MARITIME INDUSTRIES, INC. EASTERN IDAHO CONSTRUCTION COMPANY INGALLS SHIPBUILDING, INC. NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY NORTH CAROLINA SHIPBUILDING NORTHROP GRUMMAN SHIP SYSTEMS, INC. SERVICE ENGINEERING INDUSTRIES, INC. |

21      11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

22 each of them, were and are engaged in the business of researching, manufacturing, fabricating,

23 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

24 supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

25 promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

26 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

27 otherwise directing and/or facilitating the use of, or advertising a certain product, namely

28 asbestos and other products containing asbestos.

12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

///

1    15.    Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-
2 containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's
3 exposure to asbestos and asbestos-containing products is on current information as set forth at
4 various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and
5 incorporated by reference herein.

6    16.    As a direct and proximate result of the acts, omissions, and conduct of the
7 defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure
8 to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
9 or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and
10 incorporated by reference herein.

11    17.    Plaintiff is informed and believes, and thereon alleges, that progressive lung
12 disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
13 without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
14 asbestos and asbestos-containing products over a period of time.

15    18.    Plaintiff suffers from a condition related to exposure to asbestos and asbestos-
16 containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-
17 containing products presented risk of injury and/or disease.

18    19.    As a direct and proximate result of the aforesaid conduct of defendants, their
19 ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,
20 permanent injuries and/or future increased risk of injuries to their persons, body and health,
21 including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and
22 emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to
23 Plaintiff's general damage.

24    20.    As a direct and proximate result of the aforesaid conduct of the defendants, their
25 "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur
26 in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays
27 and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this
28 ///

1  time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost

2  thereof is ascertained.

3      21.    As a further direct and proximate result of the said conduct of the defendants,

4  their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature

5  and extent of which are not yet known to Plaintiff; and leave is requested to amend this

6  complaint to conform to proof at the time of trial.

7      22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

8  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

9  had full knowledge of, or should have known of, each of the acts set forth herein.

10     23.    Defendants, their "alternate entities," and each of them, are liable for the

11  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

12  and each defendant's officers, directors and managing agents participated in, authorized,

13  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

14  each of their ALTERNATE ENTITIES as set forth herein.

15     24.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

16  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious

17  disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of

18  example and by way of punishing said defendants, seeks punitive damages according to proof.

19     WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

20  each of them, as hereinafter set forth.

21                    SECOND CAUSE OF ACTION
22                      (Products Liability)

23      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

24  ACTION FOR PRODUCTS LIABILITY, PLAINTIFF DONALD SILVER COMPLAINS OF

25  DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),

26  NORTHROP GRUMMAN SHIPBUILDING, INC., THEIR "ALTERNATE ENTITIES," AND

27  EACH OF THEM, AS FOLLOWS:

28  ///

25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations contained in each paragraph of the First Cause of Action herein.

26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

27.    Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

28.    "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

29.    In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants,

1  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

2  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

3       30.   On or before 1930, and thereafter, said defendants, their ALTERNATE

4  ENTITIES and each of them, were aware that members of the general public and other "exposed

5  persons", who would come in contact with their asbestos and asbestos-containing products, had

6  no knowledge or information indicating that asbestos or asbestos-containing products could

7  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

8  members of the general public and other "exposed persons", who came in contact with asbestos

9  and asbestos-containing products, would assume, and in fact did assume, that exposure to

10 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

11 hazardous to health and human life.

12      31.   With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

13 of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

14 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

15 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

16 asbestos-containing products without attempting to protect "exposed persons" from or warn

17 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

18 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn

19 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

20 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

21 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

22 and suppressed said knowledge from "exposed persons" and members of the general public, thus

23 impliedly representing to "exposed persons" and members of the general public that asbestos and

24 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

25 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

26 representations with the knowledge of the falsity of said implied representations.

27      32.   The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

28 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

1   ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

2   manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

3   sale, inspection, installation, contracting for installation, repair, marketing, warranting,

4   rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-

5   containing products. In pursuance of said financial motivation, said defendants, their

6   ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

7   persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

8   containing products to cause injury to "exposed persons" and induced persons to work with and

9   be exposed thereto, including Plaintiff.

10       33.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE

11   ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

12   products to be safe for their intended use but that their asbestos and asbestos-containing products,

13   created an unreasonable risk of bodily harm to exposed persons.

14       34.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos

15   and various asbestos-containing products manufactured, fabricated, inadequately researched,

16   designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered

17   for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

18   marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

19   aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

20   cannot identify precisely which asbestos or asbestos-containing products caused the injuries

21   complained of herein.

22       35.    Plaintiff relied upon defendants', their "alternate entities'", and each of their

23   representations, lack of warnings, and implied warranties of fitness of asbestos and their

24   asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

25   been injured permanently as alleged herein.

26       36.    As a direct and proximate result of the actions and conduct outlined herein,

27   Plaintiff has suffered the injuries and damages previously alleged.

28   ///

1       WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

2 ENTITIES, and each of them, as hereinafter set forth.

3                              **IV.**

4                        **PRAYER**

5       WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

6 ENTITIES, and each of them in an amount to be proved at trial, as follows:

7     (a)     For Plaintiff's general damages according to proof;

8     (b)     For Plaintiff's loss of income, wages and earning potential according to proof;

9     (c)     For Plaintiff's medical and related expenses according to proof;

10     (d)     For Plaintiff's cost of suit herein;

11     (e)     For exemplary or punitive damages according to proof;

12     (f)     For damages for fraud according to proof; and

13     (g)     For such other and further relief as the Court may deem just and proper, including

14                   costs and prejudgment interest.

15

16 Dated: ___2/17/11___               BRAYTON❖PURCELL LLP

17

18                            By: _____

19                                David R. Donadio

20                                Attorneys for Plaintiff

21

22                           **JURY DEMAND**

23     Plaintiff hereby demands trial by jury of all issues of this cause.

24

25 Dated: ___2/17/11___               BRAYTON❖PURCELL LLP

26

27                            By: _____

28                                David R. Donadio
                               Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

EXHIBIT A

Plaintiff: DONALD SILVER

Plaintiff's injuries:  Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties and/or other lung damage.  Plaintiff was diagnosed with lung cancer on or about June 2010.

Retirement Status:  The injured party retired from his last place of employment at regular retirement age.  He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants.  Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Gus Tyo Contractor, Massena, NY | Apartment building, North Main St. Massena, NY; Homes, Massena, NY | Drywall Carpenter | 6/1956-9/1956 (Summer) |

Job Duties:  Plaintiff mixed, applied and sanded joint and taping compound during new construction. Plaintiff recalls supervisor and company owner, Gus Tyo, Massena, New York. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Massena Construction, Massena, NY | Saint Lawrence Seaway, Massena, NY, area | Heavy Equipment Operator | 1957 |

Job Duties:  Plaintiff drove and operated an excavator during construction of the Saint Lawrence Seaway canal. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, Great Lakes, IL | Trainee | 1957-1/1958 |
| | SHANGRI-LA (CV-38), at the following locations: | Machinists Mate | 1/1958-10/1959 |
| | WESTPAC Cruise; | | |
| | Naval Air Station, North Island, San Diego, CA; | | |
| | Puget Sound Naval Shipyard, Bremerton, WA | | 10/1959-2/1960 |

Job Duties: After completing basic training at the Naval Training Center, Great Lakes, Illinois, plaintiff worked in the fore and aft auxiliary rooms on the SHANGRI-LA, maintaining and repairing generators, compressors, valves, pumps, and related equipment and tearing insulation off equipment exteriors and related pipes to gain access. Plaintiff also maintained and repaired lifeboat engines. Plaintiff removed and replaced packing and gaskets on pumps and valves. Plaintiff removed and replaced gaskets on air compressors, emergency diesel generators, and life boat engines. At the Puget Sound Naval Shipyard in Bremerton, Washington, plaintiff was present during an overhaul of the SHANGRI-LA. Plaintiff worked in proximity to shipyard workers who were removing and replacing insulation on pipes and equipment exteriors and packing and gaskets on pumps and valves. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | LEXINGTON (CV-16), WESTPAC Cruise; | Machinists Mate | 5/1960-11/1961 |
| | Naval Repair Facility, Yokosuka, Japan; | | On and off, approx. 6 months |
| | Naval Repair Facility, Subic Bay, Philippines | | On and off, approx. 6 months |

Job Duties:  Plaintiff maintained and repaired aircraft elevators, escalators and hydraulic systems on board the LEXINGTON, tearing insulation off equipment exteriors and related pipes to gain access. Plaintiff removed and replaced gaskets on hydraulic equipment. Plaintiff removed and replaced gaskets and packing on large pumps and valves. At the Naval Repair Facilities in Yokosuka, Japan and Subic Bay, Philippines, plaintiff worked in proximity to shipyard workers who were removing and replacing insulation on pipes and equipment exteriors and packing and gaskets on pumps and valves. Plaintiff recalls Supervisor Albert Petty, California; and shipmates Howard Cornett, Washington State; and Ken Howland, Eugene, Oregon. Plaintiff currently contends he was exposed to asbestos during this employment.

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Boeing, Seattle, WA | Boeing, Seattle, WA | Laborer | Spring 1962 (Approx. 3 months) |

Job Duties: Plaintiff worked in the paint shop preparing items to be painted and packaging and transporting painted items for storage. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pacific Car & Foundry, Renton, WA | Pacific Car & Foundry, Renton, WA | Laborer | Summer 1962 (Approx. 2 months) |

Job Duties: Plaintiff cut and installed styrofoam insulation between the joists in the bottoms of refrigerator boxcars. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station, Dallas, TX | Mechanic | 11/1962-10/1964 |

Job Duties: Plaintiff maintained and repaired cars and trucks, removing and replacing brake shoes, clutches and engine gaskets. Plaintiff removed old brakes, using an air hose to clean the brake drums. Plaintiff installed new BENDIX (HONEYWELL INTERNATIONAL, INC.) and RAYBESTOS (RAYMARK INDUSTRIES, INC.) replacement brake shoes, arcing them with a BEAR (ACTUANT CORPORATION) arcing machine. Plaintiff recalls the brake shoes, clutches and gaskets were supplied by NAYLER AUTOMOTIVE in Grand Prairie, Texas. Plaintiff removed and replaced the original manufacturer's brake shoes, clutches and gaskets on at least one CHEVROLET (GENERAL MOTORS CORPORATION) car, one FORD (FORD MOTOR COMPANY) car and one CHRYSLER (CHRYSLER LLC) car. Plaintiff recalls supervisor Dick Raider, address unknown; and coworkers Charles Sharp, Olathe, Kansas; and Paul Bazar, Harlingen, Texas. Plaintiff worked in close proximity to other mechanics who were performing the same work. Plaintiff also removed and replaced gaskets on NC-5 jet starter generators. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, Great Lakes, IL | Machinists Mate (Trainee) | 10/1964-2/1965 |

Job Duties: Plaintiff completed classes to increase his skills as a Machinists Mate. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | CANISTEO (AO-99) | Equipment Operator | 3/1965-7/1965 |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1   Job Duties:  Plaintiff worked in all of the ship's pump rooms maintaining and operating the
    pumps that transferred fuel to aircraft and to other ships. Plaintiff currently contends he was
2   exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | JAMESTOWN (AGTR-3), Norfolk Naval Shipyard, Portsmouth, VA | Machinists Mate | 7/1965-8/1965 |

Job Duties: Plaintiff worked in the main engine room, where he tore down and rebuilt a
reciprocating steam engine. Plaintiff was present during a major overhaul at the Naval Air
Station in Portsmouth, Virginia. Plaintiff worked in proximity to shipyard workers who were
removing and replacing insulation on pipes and equipment exteriors and packing and gaskets on
pumps and valves. Plaintiff currently contends he was exposed to asbestos during this
employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | WACCAMAW (AO-109), Caribbean Cruise | Machinists Mate | 10/1965-11/1966 |
|  | Boston Naval Shipyard, Boston, MA |  | 10/1965-12/1965 |

Job Duties: Plaintiff worked in the engine room, maintaining and repairing engines, steam
turbines, generators, compressors, valves, pumps, and related equipment and tearing insulation
off equipment exteriors and related pipes to gain access. Plaintiff removed and replaced packing
and gaskets on pumps and valves. Plaintiff removed and replaced gaskets on air compressors,
steam turbines,  generators, and engines. At Boston Naval Shipyard in Boston, Massachusetts,
plaintiff worked in proximity to shipyard workers who were completing the work of lengthening
the ship by cutting the hull in two and adding a section between the two halves. Plaintiff recalls
coworkers Mr. Hicks, Buffalo, New York; Sidney Marchand, Boston, Massachusetts, area; and
Mr. Liptak, address unknown. Plaintiff currently contends he was exposed to asbestos during this
employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, Portsmouth, VA | Trainee | 11/1966- 3/1967 |

Job Duties: Plaintiff completed training in the repair and maintenance of air tanks for respiratory
use. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

///

///

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | CORAL SEA (CV-43), various locations, including, | Machinists Mate | 4/1967-9/1969 |
| | Hunters Point Naval Shipyard, San Francisco, CA | Machinists Mate | 4/1967-6/1967; 6/1968-9/1968; 9/1969 (Approx. 2 weeks) |
| | Naval Air Station, Alameda, CA; | Technician (Trainee) | 4/1967-6/1967 (Approx. 2 weeks) |
| | WESTPAC Cruise, including, US Navy, Tonkin Gulf, Vietnam | Technician | 7/1967-6/1968; 9/1968-4/1969 |

Job Duties: Plaintiff maintained and repaired equipment, including pumps and valves.
   At Hunters Point Naval Shipyard, plaintiff was present during a two-month overhaul in 1967. Plaintiff was in proximity to shipyard crews who removed and replaced insulation, packing and gaskets.
   At the Naval Air Station in Alameda, California, plaintiff completed additional training in liquid gas production. Plaintiff was in proximity to shipyard crews who removed and replaced insulation, packing and gaskets.
   At the US Navy base in Tonkin Gulf, Vietnam, plaintiff maintained and operated three plants manufacturing liquid gas, two for oxygen and one for nitrogen, and related cryogenerator (sub-freezing refrigeration) units. Plaintiff removed and replaced packing and gaskets in pumps and valves. Plaintiff removed and replaced gaskets in air compressor and cryogenerator units.
   Plaintiff recalls Chief Petty Officer Darsney, first name and address unknown; and coworkers Ned Geary, Tracy City, Tennessee; Ronald Phelps, address unknown; and Paul Bazar, Harlingen, Texas. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown gas station, Portland, OR | Unknown gas station, Portland, OR | Tire Repairman | 3/1970-6/1970 |

Job Duties: Plaintiff repaired tires. Plaintiff worked in proximity to mechanics who were removing and replacing brake shoes using an air hose to clean the brake drums. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Oregon State Correctional Institute, Salem, OR | Oregon State Correctional Institute, Salem, OR | Correctional Officer | 6/1970- 12/1970 |

Job Duties:  Plaintiff worked as a correctional officer. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Naval Reserves | Naval Recruiting Center, Salem, OR | Recruiter | 10/1970-12/1970 (Weekends); 12/1970-12/1979 (Full time) |

Job Duties: Plaintiff worked as a Naval recruiter. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Silver's Texaco, near Albay, OR; | Silver's Texaco, near Albay, OR; | Mechanic (Owner) | 2/1/1980-3/1981; |
| Silver's Exxon, Salem, OR | Silver's Exxon, Salem, OR | | 8/1983 |

Job Duties: Plaintiff owned and worked in a service station where he performed oil changes and removed and replaced brakes and clutches. Plaintiff installed BENDIX (HONEYWELL INTERNATIONAL, INC.) and RAYBESTOS (RAYMARK INDUSTRIES, INC.) replacement brake shoes that he purchased from DAVIS AUTO PARTS, Salem, Oregon, and STUART'S AUTO SUPPLY, Salem, Oregon. Plaintiff recalls employee Jim Batrick, Salem, Oregon, who operated the gas pumps and repaired tires. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| State of Oregon, Salem, OR | State Capitol, Salem, OR | Accountant | 1985-2001 |

Job Duties: Plaintiff worked in the payroll department of state government. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

**JS 44** (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| ONALD SILVER | FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) , et al. |

| **(b)** County of Residence of First Listed Plaintiff Oregon<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant New Jersey<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>David R. Donadio, Esq.<br>Brayton✠Purcell LLP<br>222 Rush Landing Road, JMD#03<br>Novato, California  94948-6169 | Attorneys (If Known)<br><br>E-filing |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| 1 U.S. Government<br>Plaintiff | 3 Federal Question<br>(U.S. Government Not a Party) |
| 2 U.S. Government<br>Defendant | ☒ 4 Diversity<br>(Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place<br>of Business In This State | 4 | 4 |
| Citizen of Another State | ☒ 2 | 2 | Incorporated and Principal Place<br>of Business In Another State | 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment<br>& Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted<br>Student Loans<br>(Excl. Veterans)<br>153 Recovery of Overpayment<br>of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product<br>Liability<br>320 Assault, Libel &<br>Slander<br>330 Federal Employers'<br>Liability<br>340 Marine<br>345 Marine Product<br>Liability<br>350 Motor Vehicle<br>355 Motor Vehicle<br>Product Liability<br>360 Other Personal Injury | **PERSONAL INJURY**<br>362 Personal Injury—<br>Med. Malpractice<br>365 Personal Injury —<br>Product Liability<br>☒ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal<br>Property Damage<br>385 Property Damage<br>Product Liability | 610 Agriculture<br>620 Other Food & Drug<br>625 Drug Related Seizure<br>of Property 21 USC 881<br>630 Liquor Laws<br>640 R.R. & Truck<br>650 Airline Regs.<br>660 Occupational<br>Safety/Health<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>840 Trademark | 400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and<br>Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>810 Selective Service<br>850 Securities/Commodities/<br>Exchange<br>875 Customer Challenge<br>12 USC 3410<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>895 Freedom of Information<br>Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER<br>PETITIONS** | **LABOR**<br>710 Fair Labor Standards<br>Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt.Reporting<br>& Disclosure Act<br>740 Railway Labor Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc.<br>Security Act | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 900 Appeal of Fee<br>Determination<br>Under Equal Access<br>to Justice |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 441 Voting<br>442 Employment<br>443 Housing/<br>Accommodations<br>444 Welfare<br>445 Amer. w/Disabilities -<br>Employment<br>446 Amer. w/Disabilities -<br>Other<br>440 Other Civil Rights | 510 Motions to Vacate<br>Sentence<br>**Habeas Corpus:**<br>530 General<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition | **IMMIGRATION**<br>462 Naturalization Application<br>463 Habeas Corpus –<br>Alien Detainee<br>465 Other Immigration<br>Actions | **FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff<br>or Defendant)<br>871 IRS—Third Party<br>26 USC 7609 | 950 Constitutionality of<br>State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 Original<br>Proceeding | 2 Removed from<br>State Court | 3 Remanded from<br>Appellate Court | 4 Reinstated or<br>Reopened | 5 Transferred from<br>another district<br>(specify) | 6 Multidistrict<br>Litigation | 7 Appeal to District<br>Judge from<br>Magistrate<br>Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity of Citizenship; 28 USC Section 1332

Brief description of cause: Asbestos Personal Injury

## VII. REQUESTED IN
COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE  2/18/11

SIGNATURE OF ATTORNEY OF RECORD

DAVID R. DONADIO, Brayton✠Purcell LLP, Attorney for Plaintiff

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:          U.S. Civil Statute: 47 USC 553

Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  ALAN R. BRAYTON, ESQ., S.B. #73685
2  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON❖PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
4  P.O. Box 6169
   Novato, California  94948-6169
5  (415) 898-1555
   (415) 898-1247 (Fax No.)
6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  DONALD SILVER,                        )   No.   CV 11 0749
                                          )
12            Plaintiff,                   )
                                          )
13  vs.                                   )   DECLINATION TO PROCEED BEFORE
                                          )   A MAGISTRATE JUDGE
14  FOSTER WHEELER LLC (FKA FOSTER        )   AND REQUEST FOR ASSIGNMENT TO
    WHEELER CORPORATION), et al.,         )   A UNITED STATES DISTRICT JUDGE
15                                        )
              Defendants.                 )
16  _____  )

17

18         Plaintiff hereby declines to consent to the assignment of this case to a United States

19  Magistrate Judge for trial and disposition and hereby requests the assignment of this case to a

20  United States District Judge.

21

22  Dated:  2/17/11

23                                          BRAYTON❖PURCELL LLP

24
                                            By: _____
25                                            David R. Donadio
                                              Attorneys for Plaintiff
26

27

28

K:\Injured\114981\FED\PLD\cmp.fed (pi).wpd                    1

ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

ORIGINAL
FILED
2011 FEB 18 P 12: 45
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JCS

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON✣PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiff

7

*ORIGINAL FILED*

*2011 FEB 18  P 12: 46*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA          *JCS*

10                        SAN FRANCISCO DIVISION

11  DONALD SILVER,                       )  C NV  11  0749
                                         )
12              Plaintiff,               )
                                         )
13  vs.                                  )
                                         )   CERTIFICATION OF INTERESTED
14  FOSTER WHEELER LLC (FKA FOSTER       )   ENTITIES OR PERSONS
    WHEELER CORPORATION), et al.,        )
15                                       )
                                         )
16              Defendants.              )
                                         )
17  _____

18        Pursuant to <u>Civil L.R.</u> 3-16, the undersigned certifies that as of this date, other than the

19  parties named in the Complaint, there is no such interest to report

20

21  Dated: ___2/17/11___                 BRAYTON✣PURCELL LLP

22

23                                       By: _____
24                                           David R. Donadio
                                             Attorneys for Plaintiff
25

26

27

28

K:\Injured\114981\FED\PLD\cmp fed (pi).wpd                1
                    CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON✥PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiff

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11  DONALD SILVER,                    )  C V  11  0749
                                      )
12          Plaintiff,                )
                                      )
13  vs.                               )
                                      )      NOTICE OF TAG-ALONG ACTION
14  FOSTER WHEELER LLC (FKA FOSTER    )
    WHEELER CORPORATION), et al.,     )      Multi-District Rule 7.5(e)
15                                    )
            Defendants.               )
16

17

18          PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel of Multi-District

19  Litigation entered an order transferring all asbestos pending in the federal courts to the United

20  States District Court, Eastern District of Pennsylvania, for coordinated pretrial proceedings

21  pursuant to 28 U.S.C.§1207 ("MDL Transfer Order"). The MDL Transfer Order also applies to

22  "tag-along actions," which refers to a civil action pending in a district court and involving

23  common questions of fact with actions previously transferred under Section 1407 by the Judicial

24  Panel of Multi-District Litigation pursuant to a January 17, 1991 Order to Show Cause. *See*

25  Multi-District Litigation Rules ("MDL Rule"), Rule 11.

26          Pursuant to MDL Rule 7.5(c),

27          Any party or counsel in action previously transferred under Section 1407 or under
            consideration by the Panel for transfer under section 1407 shall notify the Clerk of
28          the Panel of any potential "tag-along actions" in which that party is also named or
            in which that counsel appears.

K:\Injured\111498\FED\PLD\cmp fed (pi).wpd                1

                              NOTICE OF TAG-ALONG ACTION

1    Plaintiff hereby notifies the Court that this case is a potential "tag-along action" which

2  may be subject to transfer to the United States District Court, Eastern District of Pennsylvania.

3  Plaintiff is sending notice of the filing of this action to the Clerk of the  Judicial Panel of Multi-

4  District Litigation contemporaneous with the filing of this notice.    The Clerk of the Panel may

5  either (1) enter a conditional transfer order pursuant to the MDL Rule 7.4(a), or (2) file an order

6  to show cause why this action should not be transferred, pursuant to MDL Rule 7.5(b).

7

8  Dated: _____2|14|11_____                    BRAYTON❖PURCELL LLP

9

10                                             By: _____

11                                                 David R. Donadio
                                                   Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT OF CASE**

**TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge Joseph C. Spero.

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties in the action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT,

RICHARD W. WIEKING, CLERK

*Mary Ann Buckley*

By: Deputy Clerk

1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                        NORTHERN DISTRICT OF CALIFORNIA
8
9                                              No.  C
10          Plaintiff(s),
                                               **CONSENT TO PROCEED BEFORE A**
11     v.                                      **UNITED STATES MAGISTRATE JUDGE**
12
13          Defendant(s).
14   _____/
15      CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE
16        In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party
17   hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further
18   proceedings in the case, including trial, and order the entry of a final judgment.  Appeal from the
19   judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.
20
21   Dated: _____
22                                         _____
                                           Signature
23                                         Counsel for _____
                                           (Plaintiff, Defendant or indicate "pro se")
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No.  C

Plaintiff(s),

**DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE**

v.

Defendant(s).
                                                    /

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____

Signature_____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

2011 FEB 18 P 12: 42

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DONALD SILVER,

        Plaintiff (s),

    v.

FOSTER WHEELER,
        Defendant(s).

E-filing

No. C 11-00749 JCS

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number
of printed copies are available from the Clerk's Office for parties in cases not subject to the court's
Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties
the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern
District Of California," additional copies of which can be downloaded from the following
Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 2/18/2011 | Complaint filed | |
| 5/6/2011 | *Last day to: | |
| | • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 5/20/2011 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 5/27/2011 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO**
(Revised 11/03/08)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

**A.     STANDING ORDER RE CALENDAR AND CONFERENCES**

1.     Civil Law and Motion is heard on Fridays at 9:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.     Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3.     Case Management Conferences and Pretrial Conference are heard on Fridays at 1:30 p.m. Case Management Conferences are no longer recorded unless requested by counsel or in cases where at least one party appears pro se. Requests to appear telephonically at case management conferences must be filed and served one (1) week before the conference in accordance with Civil L.R. 16-10(a).

4.     In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed before a U.S. Magistrate Judge and a Request for Reassignment to a United States District Judge forms will be mailed to all parties. The parties are requested, within two (2) weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

5.     Parties with questions regarding all scheduling should be addressed to Judge Spero's courtroom deputy, Karen Hom at (415) 522-2035.

6.     In all "E-Filing" cases, when filing papers that require the Court to take any action (i.e. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hold punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "JCS Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Joseph C.

United States District Court
For the Northern District of California

files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

12.    To the maximum extent feasible, all party files and record should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

13.    Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

14.    Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civl P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication. (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

### DEPOSITIONS

15.    Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an alternative date and place falling within thirty (30) days of the date noticed by the party seeking the deposition.

16.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed,

United States District Court
For the Northern District of California

3

1    the witness should nevertheless answer questions relevant to the existence, extent or waiver of the
2    privilege, such as the date of a communication, who made the statement, to whom and in whose
3    presence the statement was made, other persons to whom the contents of the statement have been
4    disclosed, and the general subject matter of the statement, unless such information is itself privileged.
5    Private conferences between deponents and attorneys in the course of interrogation, including a line of
6    related questions, are improper and prohibited except for the sole purpose of determining whether a
7    privilege should be asserted.

8        **C.**    **STANDING ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

9        17.    Motions for summary judgment shall be accompanied by a joint statement of the material
10   facts not in dispute by citations to admissible evidence. The parties shall file a joint statement of
11   undisputed facts. If the parties are unable to reach complete agreement after meeting and conferring,
12   they shall file a joint statement of the undisputed facts about which they do agree. Separate statements
13   of undisputed facts shall not be filed and will not be considered by the Court.

14       **D.**    **SANCTIONS**

15       18.    Failure to comply with this Order of the Local Rules of this Court may result in
16   sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

17

18   Dated: November 3, 2008

19

20   JOSEPH C. SPERO
     United States Magistrate Judge

21

22

23

24

25

26

27

28

*United States District Court*
*For the Northern District of California*

1
2
3
4              UNITED STATES DISTRICT COURT
5            NORTHERN DISTRICT OF CALIFORNIA
6                                    Case No.   C     JCS
7      Plaintiff(s),
                                     **STANDING ORDER RE: CASE**
8      v.                            **MANAGEMENT CONFERENCE**
9
10     Defendant(s).
11   _____/
12
13        **Lead trial counsel** who will try this case are directed to confer in advance of the Case

14   Management Conference with respect to all matters contained in the **March 1, 2007 Standing**

15   **Order for all Judges of the Northern District of California** regarding Contents of the Joint Case

16   Management Conference, including a **discovery plan and discovery limits** and all other matters

17   described in Fed. R. Civ. P. 16(c), and 26(f) and Civil L.R. 16-10.  Not less than seven (7) days

18   before the conference, counsel shall file a Joint Case Management Conference Statement in

19   compliance with Local Rule 16-9.   If one or more of the parties is not represented by counsel (*a*

20   *party appearing pro se)*, the parties may file separate case management conference statements.

21   Pursuant to Civil L.R. 16-10(a) each party shall be represented at the Case Management Conference

22   by lead trial counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this

23   Order, and with authority to enter stipulations and make admissions pursuant to this Order.

24        Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all

25   parties to this action, and on any parties subsequently joined, in accordance with the provisions of

26   Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk

27   of this Court.

28

For the Northern District of California

Revised 4/22/8

1    Failure to comply with this Order, the provisions of the Federal Rules of Civil Procedure 16

2    and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (*See* Fed. R. Civ. P.

3    16(f), Civil L.R. 1-4.

4

5    Dated:  April 21, 2008

6                                                                      JOSEPH C. SPERO
                                                                       United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7
8            NOTICE OF RULE DISCONTINUING SERVICE BY MAIL
9
10          This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel
11   by mail.  If counsel wish to be served with documents generated by the Court, they must register for
12   E-filing pursuant to Local Rule 5-4 and General Order 45.
13          IT IS SO ORDERED.
14
15   Dated: May 30, 2003
16
17                                                JOSEPH C. SPERO
                                                  United States Magistrate Judge
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.   <u>Jurisdiction and Service</u>:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.   <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.   <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.   <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.   <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.   <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.   <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.   <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.   <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.   <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.   <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

-2-

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy. For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.   Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.   This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use. Related cases require an extra copy for **each** related action designated.

3.   The copy retained goes directly to the assigned Judge. Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.   In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.   The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.   The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.   The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

8.   Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.

9.   Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.   Proofs of service should be attached to the back of documents.  If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.   There are no filing fees once a case has been opened.

12.   New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents.  For Intellectual Property cases, please provide an original plus **three** copies of the <u>complaint</u>.  Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.   Copies of forms may be obtained at no charge.  They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return.  In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95**  postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.   Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office.  Written instructions are posted by the terminals.  Outside of the Clerk's Office, electronic access to dockets is available through PACER.  To obtain information or to register call 1-800-676-6851.

15.   A file viewing room is located adjacent to the reception area.  Files may be viewed in this area after signing the log sheet and presenting identification.  Files are to be returned by <u>**1:00 pm**</u>  Under no circumstances are files to be removed from the viewing room.

16.   The Clerk's Office can only accept payment by <u>**exact change or check**</u> made payable to Clerk, U.S. District Court.  No change can be made for fees or the public copy machine.

17.   Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page.  Copy cards may be purchases at the snack bar on the first floor.  Orders for copy work may be placed through Colour Drop by  phoning 415-353-5720.  Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed.  Please see attached for availability and instructions.

---

**SAN FRANCISCO**

---

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Henderson, Thelton E. | TEH | Spero, Joseph C. | JCS |
| Illston, Susan | SI | Zimmerman, Bernard | BZ |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

### SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Grewal, Paul S. | PSG |
| Whyte, Ronald M. | RMW | | |

### OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Laurel Beeler | LB |
| Jensen, D. Lowell | DLJ | Donna M. Ryu | DMR |
| Hamilton, Phyllis J. | PJH | | |
| Wilken, Claudia | CW | | |

### EUREKA

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| | | Nandor J. Vadas | NJV |

# CV 11 0749

*JCS*

# U.S. District Court Northern California
## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout. Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE. **All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

# U.S. District Court Northern California

## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled ) to the PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

## Email Guidelines

When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.
**Examples:**
The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:
**Type of Document**
**Email Subject Line Text**

Complaint Only
03-09999 CRB Complaint

Complaint and
Notice of Related Case
03-09999 CRB Complaint, Related Case

Complaint and Motion for
Temporary Restraining Order
03-09999 CRB Complaint, TRO

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.
You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.
The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.



# Hunterdon County Sheriff's Office

8 Court Street
PO Box 2900
Flemington, NJ 08822-2900
(908) 788-1166  Fax (908) 806-4624
www.co.hunterdon.nj.us/sheriff.htm

**Frederick W. Brown**
Sheriff

**Robert W. Smith**
Undersheriff

**Edward W. Davis**
Chief Warrant Officer

To Whom It May Concern:

The Sheriff of Hunterdon County, among his other duties, is responsible for the proper service of Process papers.

The Sheriff rarely institutes, or is involved in, the litigation of civil suits. The Sheriff's Office is the impartial serving arm of the Court. Through his sworn officers, the Sheriff attests that you, or a proper member of your family, were served as the law requires.

The Process papers generally advise you of the nature of the dispute and that the Plaintiff is starting an action in Court that will have to be answered.

We suggest that you read these papers carefully and contact your attorney to advise him/her that you have been served by the Sheriff's Office.

We do NOT know that facts of your dispute and therefore cannot answer any questions of a legal or technical nature; however, if we can answer any other questions, please feel free to call us at (908) 788-1166.

Our Sheriff's Officers are trained to be impartial, polite and as tactful as possible. Feel free to contact me if any problems arise.

Very truly yours,

Frederick W. Brown, Sheriff

/bm

*The Sheriff is the highest and only law enforcement official elected by you, the people of New Jersey*