IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| GEORGE AND FRANCES MALPASS | : : : | |
| v. | : : | |
| VARIOUS DEFENDANTS | : : : : : | Transferred from the Eastern District of North Carolina (Case No. 4:90-00060) E.D. PA Case No. 06-68065 |

FILED
MAR 30 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW**, this **28th** day of **March, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions.

e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

f.) The remaining viable Defendants in this case to be pursued at trial are:

1

      i. **Abex Corporation**

      ii. **Wagner Electric Corporation**

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Eastern District of North Carolina for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| TRUDY L. BRACKETT, Administratrix of the Estate of William Newell Ledford, Deceased | : : : : : | |
| v. | : : | |
| VARIOUS DEFENDANTS | : : : : | Transferred from the Western District of North Carolina (Case No. 99-00066) E.D. PA Case No. 06-69211 |

FILED MAR 30 2011 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW,** this **28th** day of **March, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions.

e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

f.) The remaining viable Defendants in this case to be

1

pursued at trial are:

    i. **Abex Corporation**

    ii. **Allied Signal**

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Western District of North Carolina for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| LUTHER AND VIRGINIA CORBIN | : : | |
| v. | : : | |
| VARIOUS DEFENDANTS | : : : : | Transferred from the District of South Carolina (Case No. 00-03042) E.D. PA Case No. 07-61540 |

FILED
MAR 30 2011
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **28th** day of **March, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions.

e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

f.) The remaining viable Defendants in this case to be pursued at trial is:

1

### i.   JR Deans Company, Inc.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the District of South Carolina for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BESTOS PRODUCTS | : | Consolidated Under |
| LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| JOHN AND REBA DELATTE | : | |
| | : | |
| v. | : | |
| | : | |
| VARIOUS DEFENDANTS | : | Transferred from the Northern District of Florida (Case No. 08-00206) |
| | : | |
| | : | E.D. PA Case No. 09-69578 |

FILED
MAR 30 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **28th** day of **March, 2011,** it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions.

e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

f.) The only remaining viable Defendant in this case to be pursued at trial is:

1

### i. Owens Illinois, Inc.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Northern District of Florida for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2