ASBST, JURY, NO_CMC

# U.S. District Court
## Southern District of Mississippi (Southern)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00412-WJG
## Internal Use Only

Odom et al v. Ford Motor Company et al            Date Filed: 09/03/2009
Assigned to: District Judge Walter J. Gex, III    Jury Demand: Both
Case in other court: Circuit Court of Copiah County,   Nature of Suit: 368 P.I. : Asbestos
    Mississippi, 09-00157                       Jurisdiction: Diversity
Cause: 28:1441 Notice of Removal-Asbestos Litigation

**Plaintiff**

**Barbara Tyson Odom**                represented by  **James D. Shannon**
*Individually and on behalf of the Estate*           SHANNON LAW FIRM, PLLC
*of Marty Lloyd Odom, deceased*                      100 W. Gallatin St.
                                                     Hazlehurst, MS 39083
                                                     601/894-2202
                                                     Fax: 601-894-5033
                                                     Email: jshannon@shannonlawfirm.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jamie N. Hardison-Edwards**
                                                     JAMIE HARDISON-EDWARDS,
                                                     ATTORNEY AT LAW, PLLC
                                                     315 East Broad Street
                                                     Monticello, MS 39654
                                                     601/587-0201
                                                     Fax: 601/587-0290
                                                     Email: jhelaw@bellsouth.net
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Corry Lloyd Odom**                  represented by  **James D. Shannon**
*Individually*                                       (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jamie N. Hardison-Edwards**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Erica Caroline Odom**               represented by  **James D. Shannon**
*Individually*                                       (See above for address)
                                                     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jamie N. Hardison-Edwards**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ford Motor Company**                    represented by   **Janika D. Polk**
KUCHLER POLK SHELL WEINER &
RICHESON
1615 Poydras Street
Suite 1300
New Orleans, LA 70112
(504)592-0691
Fax: 504/592-0696
Email: jpolk@kuchlerpolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah D. Kuchler**
ABBOTT, SIMSES & KUCHLER
400 Lafayette St., Suite 200
New Orleans, LA 70130
(504) 568-9393
Email: Deb-Kuchler@abbott-
simses.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DaimlerChrysler Corporation**

**Defendant**

**General Motors Corporation**

**Defendant**

**John Does 1-10**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/03/2009 | 1 | NOTICE OF REMOVAL by Ford Motor Company from Circuit Court of Copiah County, MS, case number 2009-0157.JURY DEMAND (Filing fee $350.00 receipt number J033621) (Attachments: # 1 Civil Cover Sheet, # 2 Lower Court's Complaint, # 3 Exhibit)(SEC) (Entered: 09/04/2009) |
| 09/04/2009 |   | (Court only) ***Set Magistrate Judge Sumner, Pending Track, Jury, Asbestos Flags (SEC) (Entered: 09/04/2009) |

| 09/09/2009 | 2 | ANSWER to Complaint with Jury Demand by Ford Motor Company.(Polk, Janika) (Entered: 09/09/2009) |
| 09/09/2009 | 3 | MOTION to Change Venue *to MDL* by Ford Motor Company (Polk, Janika) (Entered: 09/09/2009) |
| 09/11/2009 | | DOCKET ANNOTATION as to #3: Incorrect event chosen; attorney advised to refile using correct event - this document will be terminated. (SEC) (Entered: 09/11/2009) |
| 09/11/2009 | | (Court only) ***Motions terminated: 3 MOTION to Change Venue to MDL filed by Ford Motor Company. (SEC) (Entered: 09/11/2009) |
| 09/11/2009 | 4 | NOTICE *of Tag Along Action* by Ford Motor Company (Polk, Janika) (Entered: 09/11/2009) |
| 10/05/2009 | 5 | NOTICE *of Submission of State Court Record* by Ford Motor Company (Attachments: # 1 Exhibit A State Court Record, # 2 Exhibit B Attorney Certificate)(Polk, Janika) (Entered: 10/05/2009) |
| 01/29/2010 | 6 | ADMINISTRATIVE ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge F. Keith Ball for all further proceedings. Magistrate Judge James C. Sumner no longer assigned to case Signed by District Judge Henry T. Wingate on 1/29/10 (MGB) (Entered: 02/02/2010) |
| 01/29/2010 | | (Court only) ***Set Magistrate Ball Flag (MGB) (Entered: 02/02/2010) |
| 08/16/2010 | 7 | ORDER OF TRANSFER: It is hereby ordered that this case wherein plaintiffs allege damages due to exposure to asbestos is transferred to the Southern Division. Signed by District Judge Tom S. Lee on 8/14/10 (SEC) (Entered: 08/16/2010) |
| 08/16/2010 | | Case transferred in from Jackson Division on 8/16/10. Case Number 3:09-cv-532. Case assigned to District Judge Walter J. Gex, III. (JCH) (Entered: 08/17/2010) |
| 04/01/2011 | 8 | Letter sent to MDL Clerk with docket entries and notice of removal. (JCH) (Entered: 04/01/2011) |



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP - 3 2009

J. T. NOBLIN, CLERK
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | |
|---|---|
| **BARBARA TYSON ODOM, INDIVIDUALLY** * | **PLAINTIFFS** |
| **AND ON BEHALF OF THE ESTATE OF** * | |
| **MARTY LLOYD ODOM, DECEASED,** * | |
| **CORRY LLOYD ODOM, INDIVIDUALLY** * | |
| **AND ERICA CAROLINE ODOM,** * | |
| **INDIVIDUALLY** * | **CASE NO.:** |
| * | 3:09cv532 TSL-JS |
| **VS.** * | |
| * | |
| **FORD MOTOR COMPANY,** * | |
| **DAIMLERCHRYSLER CORPORATION,** * | |
| **GENERAL MOTORS CORPORATION, AND** * | **DEFENDANTS** |
| **JOHN DOES 1-10** | |

---

### <u>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441</u>

**PLEASE TAKE NOTICE** that Defendant, Ford Motor Company ("Ford"), pursuant to

28 U.S.C. § 1441, *et seq.*, and the rules of this Honorable Court, hereby files this Notice of

Removal for the removal of the proceeding entitled "*Barbara Tyson Odom, Individually and on*

*Behalf of the Estate of Marty Lloyd Odom, Deceased, Corry Lloyd Odom, Individually and Erica*

*Caroline Odom, Individually versus Ford Motor Company, DaimlerChrysler Corporation,*

*General Motors Corporation, and John Does 1-10*" pending in the Circuit Court of Copiah

County, Mississippi, bearing cause number 2009-0157, to the United States District Court for the

Southern District of Mississippi.

Ford respectfully submits that the grounds for its removal of the action are as follows:

## THE REMOVED CASE

### 1.

The removed case is one of a civil nature, filed on April 10, 2009, and arises out of a claim that alleges the Plaintiff was engaged in the course and scope of his employment in various trades and other various roles and capacities where he was required and caused to do work with and/or around Defendants' asbestos and asbestos-containing products and materials, which caused them to suffer asbestos-related diseases.[1]

### 2.

Plaintiffs seek to recover for their alleged actual, compensatory and punitive (exemplary) damages.

## PAPERS FROM THE REMOVED ACTION

### 3.

In compliance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served on Ford, is attached hereto as Exhibit "A."

## CONSENT TO REMOVAL

### 4.

Ford files this Notice of Removal and hereby consents to the removal of this action. The consent of Defendants, DaimlerChrysler Corporation, General Motors Corporation and John Does 1-10 is not required. Defendants, DaimlerChrysler Corporation and General Motors Corporation have been dismissed from this matter without prejudice by two separate Orders of the Circuit Court, which are attached hereto *in globo* as Exhibit "B." Since these Defendants are no longer parties to this action, no consent is required. Furthermore, the consent of fictitious Defendants, John Does 1-10, is not required pursuant to 28 USCA § 1441 (a), which provides that for purposes of removal the citizenship of defendants sued under fictitious names shall be disregarded.

---

[1] See Complaint at ¶19.

**THE REMOVAL IS TIMELY**

5.

Ford received through service a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based on August 5, 2009.[2] This Notice of Removal is filed within 30 days of that service and, therefore, is timely under 28 U.S.C. § 1446 (b).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

6.

Ford asserts that "it is facially apparent" from the Complaint that plaintiffs' claims "are likely" to exceed $75,000.00[3], exclusive of interest and costs.

**THE VENUE REQUIREMENT IS SATISFIED**

7.

Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

**THE BASIS FOR FEDERAL JURISDICTION**

8.

This is a civil action that falls under this Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441(b).

---

[2] Undersigned counsel has been informed by the state court that General Motors Corporation and DaimlerChrysler Corporation were also served with process on August 5, 2009.

[3] *Montgomery v. First Family Financial Services, Inc., et al,* 239 F.Supp.2d 600, 605 (S.D. Miss. 2002).

## DIVERSITY JURISDICTION EXISTS

9.

Plaintiffs are all residents of the State of Mississippi.[4]

10.

Defendant, Ford, is a Delaware Corporation with its principal place of business in Michigan. Former Defendants, DaimlerChrysler Corporation and General Motors Corporation are also non-resident corporations.

11.

The residence of fictitious Defendants, John Does 1-10, is irrelevant as it is disregarded for purposes of removal, thereby rendering their citizenship of no consequence to the removal of this action.[5] Diversity jurisdiction is satisfied.

12.

The requisite diversity between Plaintiffs and Defendant required by 28 U.S.C. § 1332 has been satisfied.[6] This matter is removable and this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## CONCLUSION

13.

Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiffs and will be filed with the Circuit Court of Copiah County, Mississippi.

---

[4] *See* Complaint at ¶ 7.

[5] *See Ward v. Roxy Investments, L.P., et al.*, 2006 WL 51189, *4 (S.D. Miss. 2006), stating, "Although plaintiff has named additional defendants, namely John Does 1-10, this court ignores these fictitious defendants pursuant to the aegis of <u>Title 28 U.S.C. § 1441 (a)</u>, which provides: "For purposes of removal the citizenship of defendants sued under fictitious names shall be disregarded."

[6] *See Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 833 (S.D. Miss. 2001).

14.

Defendant, Ford Motor Company, properly removes this matter, from the Circuit Court of Copiah County, Mississippi, the action having been assigned Civil Action No. 2009-0157, and styled *"Barbara Tyson Odom, Individually and on Behalf of the Estate of Marty Lloyd Odom, Deceased, Corry Lloyd Odom, Individually and Erica Caroline Odom, Individually versus Ford Motor Company, DaimlerChrysler Corporation, General Motors Corporation, and John Does 1-10."*

## DEMAND FOR JURY TRIAL

15.

Ford requests a trial by jury of all issues to be tried.

16.

**WHEREFORE,** Defendant, Ford Motor Company, prays that this, its Notice of Removal, be deemed good and sufficient and that the aforesaid Complaint be removed from the Circuit Court of Copiah County, Mississippi to this Honorable Court for trial and determination as provided by law. Ford respectfully requests that this Court enter such orders and issue such process as may be proper. Defendant asks this Court to proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted,

**Kuchler Polk Schell Weiner & Richeson, LLC**

**Deborah Kuchler (MS #100634)**
**Janika Polk (MS #100614)**
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Phone: (504) 592-0691
Facsimile: (504) 592-0696
**Attorneys for Ford Motor Company**

5

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of September 2009, I have forwarded a true and correct copy of the above and foregoing pleading by depositing same in the United States Mail to:

**Shannon Law Firm, PLLC**
James D. Shannon
Jamie Hardison-Edwards
100 West Gallatin Street
Hazlehurst, MS 39083
Phone: 601-894-2202
Fax: 601-894-5033

JANIKA D. POLK

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Barbara Tyson Odom, Individually and on behalf of the Estate of Marty Lloyd Odom, Deceased, Corry Lloyd Odom, Individually and Erica Caroline Odom, Individually

## DEFENDANTS
Ford Motor Company, DaimlerChrysler Corporation, General Motors Corporation, and John Does 1-10

**(b)** County of Residence of First Listed Plaintiff Copiah County, Miss. D
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Wayne County, Michigan
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**SOUTHERN DISTRICT OF MISSISSIPPI**
**SEP - 3 2009**
J. T. NOBLIN, CLERK

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James D. Shannon, Shannon Law Firm, PLLC, 100 W. Gallatin St., Hazlehurst, Mississippi 39083

Attorneys (If Known)
Janika D. Polk, Kuchler Polk Schell Weiner & Richieson, LLC., 1615 Poydras Street, Suite 1300, New Orleans, Louisiana 70112

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1441, et seq. and 28 USC 1332 Removal Based on Diversity Jurisdiction

Brief description of cause:
Complaint alleging asbestos exposure and asbestos-related injuries

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 09/02/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 03342| AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**BARBARA TYSON ODOM, INDIVIDUALLY**
**AND ON BEHALF OF THE ESTATE OF MARTY**
**LLOYD ODOM, DECEASED, CORRY LLOYD**
**ODOM, INDIVIDUALLY AND ERICA CAROLINE**
**ODOM, INDIVIDUALLY**                                                    **PLAINTIFF**

**VS.**                                                    CAUSE NO.: 2009-0157

**FORD MOTOR COMPANY,**
**DAIMLERCHRYSLER CORPORATION,**
**GENERAL MOTOR CORPORATION, AND**
**JOHN DOES 1-10**                                                    **DEFENDANTS**

### COMPLAINT
### (Jury Trial Requested)

COME NOW Plaintiffs and bring their civil action for damages resulting from exposure

to asbestos, and complaining of:

1.      Barbara Tyson Odom, Corry Lloyd Odom and Erica Caroline Odom, heirs at law

of Marty Lloyd Odom, deceased, file this their Complaint against the Defendants named herein.

2.      Defendant, Ford Motor Co. is a non-resident corporation registered to do business

in the State of Mississippi, having appointed as its agent for service of process CT Corporation,

645 Lakeland East Drive, Suite 101, Flowood Mississippi 39232.

3.      Defendant, DaimlerChrysler Corporation is a non-resident corporation registered

to do business in the State of Mississippi, having appointed as its agent for service of process CT

Corporation, 645 Lakeland East Drive, Suite 101, Flowood Mississippi 39232.

4.      Defendant, General Motors Corporation is a non-resident corporation registered to

do business in the State of Mississippi, having appointed as its agent for service of process CT

Corporation, 645 Lakeland East Drive, Suite 101, Flowood Mississippi 39232.

5.      Defendants, John Does 1-10, are entities, corporations, alliances, organizations

FILED

APR 1 0 2009

COPY

businesses, and/or individuals that designed, tested, evaluated, manufactured, mined, packaged, furnished, supplied, modified, and/or sold asbestos-containing products and/or respiratory protective gear and equipment. Upon information and belief, the John Doe defendants are resident and nonresident defendants doing business in the State of Mississippi whose identities are unknown at this time. The filing of this Complaint is a filing against all John Doe Defendants, and this Complaint will be appropriately amended in accordance with the Rules of Civil Procedure if and when the identities are ascertained.

## JURISDICTION AND VENUE

6.    Both jurisdiction and venue are proper in Copiah County, Mississippi. The Circuit Court of Copiah County, Mississippi has subject matter jurisdiction, pursuant to Article 6, §156 of the Mississippi Constitution, and/or pursuant to Mississippi Code Annotated §9-7-81. Further, the Circuit Court of Copiah County, Mississippi has jurisdiction of all the parties.

7.    Plaintiff herein does not assert, expressly or impliedly, any claims arising under any federal statute, any federal regulation, or any provision of the federal common law. Rather, Plaintiff does hereby disallow and repudiate any such claims. Consequently, there is no basis for any assertion of federal jurisdiction on the basis of a "federal question".

Furthermore, no assertion by any party of federal diversity jurisdiction would be proper in that Plaintiff is a resident of the State of Mississippi, as are Defendants, John Does 1-10. Consequently, "complete diversity" does not exist as is required for the assertion of federal diversity jurisdiction under the case of Carden v. Arkoma Associates, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017 (1990) and Strawbridge v. Curtiss, 7 U.S. 267 (1806).

8.    Venue is proper in Copiah County, Mississippi pursuant to Mississippi Code Annotated §11-11-3 and §11-11-11, and Mississippi Rules of Civil Procedure 82. The Plaintiff's

claims accrued in whole or in part in this judicial district and the Plaintiff resides in this judicial district. Some or all of aforesaid Defendants listed hereinabove are foreign corporations doing business in Mississippi and who were at all times material doing business herein and in addition making contracts with a resident of this state and committing torts in this state against a resident of this state, who was a resident of Copiah County, Mississippi, from which such acts this suit arises. Some or all of these foreign corporations doing business in Mississippi do so with no agent or representative in Mississippi and suit is filed in the county in which the Plaintiff or either of them reside.

9.      This civil action is brought pursuant to, among other things, the laws of the State of Mississippi, including but not limited to:

> A.      §11-7-13, as amended, Miss. Code of 1972, Ann. (Wrongful Death);
>
> B.      §91-7-231, Miss. Code of 1972, Ann. (Actions Accruing in Administration);
>
> C.      §91-7-233, Miss. Code of 1972, Ann. (What Action Survived to Administrator); and
>
> D.      §11-1-63, Miss. Code of 1972, Ann. ( Product Liability).

## DEFENDANTS

10.     The Defendants are sued in their present corporate name, although some Defendants are successors in interest, mere continuations or corporate reincarnations of predecessor entities engaged in the sale of asbestos products and asbestos-containing products, and/or respiratory protective devices, while other Defendants have acquired by purchase, corporate reorganization, and merger, other entities which sold asbestos products and asbestos-containing products and/or respiratory protective devices to which Plaintiff was exposed. This

action is therefore directed against not only these Defendants in their present name, but against all predecessors in interest or acquired entities of these Defendants both known and, at present, unknown which manufactured asbestos products and asbestos-containing products and/or respiratory protective devices, proximately causing injury to the Plaintiff.

11.     Defendants are proprietorships, partnerships, limited partnerships, limited liability partnerships, or corporations which are:

A.      Domestic proprietorships, partnerships, limited partnerships, limited liability partnerships, or corporations existing under and by virtue of the laws of the State of Mississippi; or

B.      Foreign proprietorships, partnerships, limited partnerships, limited liability partnerships, or corporations existing under and by virtue of the laws of the states other than the State of Mississippi, which obtained certificates of authority to transact business in Mississippi; or

C.      Foreign proprietorships, partnerships, limited partnerships, limited liability partnerships, or corporations existing under and by virtue of the laws of the states other than the State of Mississippi, which have:

1)      Transacted business in Mississippi without a certificate of authority; or

2)      Committed a tort in whole or in part within the State of Mississippi within the intention and/or meaning or Mississippi Code Annotated §13-3-57.

### Fictitious Parties

12.     In addition to Defendants named herein, there are Defendants, John Does 1-10,

whose identities are presently unknown to these Plaintiffs.

13.    These Defendants designed, tested, evaluated, manufactured, mined, packaged, furnished, supplied, modified, and/or sold asbestos-containing products and/or respiratory protective gear and equipment.

14.    Because many asbestos-containing products and/or respiratory protective gear and equipment were conspicuously marked by content, name, manufacturer, or otherwise, precise identity of these products are unknown to Plaintiffs.

15.    Plaintiffs named these unidentified Defendants as "John Doe" Defendants. Miss. R. of Civ. P. 9(h) [Fictitious Parties].

16.    Every allegation in this Complaint therefore is an allegation and a filing as of this date against each "John Doe" Defendant.

## BACKGROUND

17.    Each of the producing Defendants has at all times material to this suit, and for a long time prior thereto, entered into conspiracies with others to withhold information about the dangerous nature of asbestos and asbestos-containing products and said conspiracies had as a purpose intentional misrepresentation of the true dangers of exposure to asbestos and the asbestos-containing products, including but not limited to the risk of developing asbestos-related diseases, including but not limited to asbestosis, malignant mesothelioma, pulmonary or bronchogenic cancer, other cancers such as laryngeal, pharyngeal, esophageal, and gastro-intestinal cancers, pleural plaques or pleural thickening; intestinal lung fibrosis; cardiac and circulatory disease; various systemic diseases; and pulmonary impairment.

18.    Each of the producing Defendants has at all times material to this suit, and for a long time prior thereto, mined, manufactured, processed, imported, converted, compounded,

retailed, sold, re-sold, designed, supplied, distributed, milled, relabeled, applied, and/or required to be used substantial amounts of asbestos and asbestos-related insulation material which has been placed in the stream of commerce and sold, distributed, and used in the State of Mississippi by the Plaintiff and others. The remaining Defendants were, at all times material to this suit, and for a long time prior thereto, sellers, suppliers, and/or fabricators of the producing Defendants' asbestos-containing products and/or respiratory protective devices, parent corporation or insurance carriers which undertook research for or on behalf of the producing Defendants relative to the hazards of asbestos and asbestos-containing products and thereby acquired duties to the Plaintiff's decedent to warn of the hazards of the producing Defendants' asbestos-containing products and/or respiratory protective devices.

19.     The Plaintiff was engaged in the course and scope of his employment in various trades and other various roles and capacities where he was required and caused to work with, and/or around Defendants' asbestos and asbestos-containing products and materials, which caused them to suffer asbestos-related diseases.

20.     For many years, the Plaintiff was exposed to and/or used asbestos-containing products and/or respiratory protective devices, designed, manufactured, distributed or sold by Defendants. During all or parts of the aforementioned periods of exposure, Plaintiff worked with or was otherwise exposed to the above-mentioned asbestos-containing products and/or respiratory protective devices at various locations in Mississippi. During all or part of the periods of exposure, the Plaintiff breathed in dust containing asbestos fibers which has caused or aggravated one or more of the following diseases or conditions in the Plaintiff: asbestosis, malignant mesothelioma, pulmonary or bronchogenic cancer; laryngeal cancer; pharyngeal cancer; esophageal cancer; gastro-intestinal cancers; pleural plaques or pleural thickening;

interstitial lung fibrosis; cardiac and circulatory disease; various systemic diseases; and pulmonary impairment; increased risk and susceptibility to one or more to foregoing diseases and other illnesses; and mental anguish. These diseases have caused permanent and disabling injuries and death to the Plaintiff.

## COUNT I
## NEGLIGENCE

21.    Plaintiff incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows.

22.    The Defendants knew, or in the exercise of reasonable care should have known, that the products they sold were defective and unreasonably dangerous to the Plaintiff's health. The Defendants and each of them, are guilty of the following acts of negligence, each of which was a separate act of negligence and a proximate cause of the loss, damage, suffering, and injuries of the Plaintiff as hereinafter set forth:

> A.    Negligent failure to take any reasonable precautions or exercise reasonable care to warn the Plaintiff of the dangerous characteristics of asbestos and asbestos-containing insulation products as well as the danger and harm to which he wase exposed while handling and working around Defendants' products;

> B.    Negligent failure to provide the Plaintiff with the knowledge as to what would constitute reasonable, safe and sufficient wearing apparel and/or other proper protective equipment and appliances, if any existed, to protect the Plaintiff from being poisoned and disabled by Defendants' products.

> C.    Negligent and careless failure to safely package Defendants' products or

to adequately place any warning or sufficient warnings on the containers of said asbestos and asbestos-containing products which caused Plaintiff to come in contact with the asbestos dust and fibers contained in the products.

D.     Negligent failure or omission to take reasonable care or to take reasonable precautions to warn Plaintiff of the dangers of the products and failure to instruct Plaintiff as to the proper handling of the products and to take any reasonable precautions or to exercise any reasonable care to protect Plaintiff from harm.

E.     Negligent failure or omission to publish, adopt, and enforce a safety plan and/or safe method of handling and installing said asbestos and asbestos-containing insulation materials.

F.     Negligent failure to adequately warn, if in fact any warning was given at all, to the Plaintiff of the dangers to his health in coming in contact with and breathing said asbestos and asbestos-containing materials.

G.     Negligent failure to recommend methods to improve the work environment.

H.     Negligent failure to adequately test or to test at all and inspect the asbestos products in order to determine the dangerous nature of the products or to conduct such research or review the available literature as to determine the dangerous nature of the products and involved in their use.

I.     Negligent failure to remove or cause to be removed the asbestos and asbestos-containing products from the market or to develop other

- 8 -

alternative products upon acquiring the knowledge that such products were unreasonably dangerous and would cause disease and death.

J.     Willful and reckless continuation of use of a known carcinogen, namely asbestos and asbestos-containing products, after Defendants had been notified by medical and scientific literature and research, their own medical personnel, and others, of the dangerous and harmful effects of such materials.

K.     Negligent failure to warn Plaintiff and others who used the Defendants' products of the foreseeable danger caused by inhaling and being otherwise exposed to asbestos beyond established threshold limit value.

L.     Negligent failure to recall the products of the Defendants or to advise Plaintiff and others exposed to said products to cease all further insulation of asbestos dust, fibers, fumes and/or smoke related to asbestos and asbestos-containing products and to be examined by a physician after determining that Defendants' products were dangerous.

M.     Negligent failure to warn Plaintiff and others who used Defendants' respiratory protective devices that the devices would not and did not protect the workers from the dangerous asbestos-containing product material.

N.     Negligent failure to warn the Plaintiff and others who used Defendants' respiratory protective devices that the devices added to and increased the risk of exposure to the dangerous and toxic products.

O.     Negligent failure or omission to provide Plaintiff adequate, intelligible,

and understandable warnings and instructions concerning Defendants' respiratory protective devices which would insure that the Plaintiff would be protected.

P.    Negligent failure to adequately test or to test at all and inspect the respiratory protective devices in order to determine the dangers and unsafe nature of the devices.

Q.    Negligent failure or omission to recall the respiratory protective devices of the Defendants or to advise Plaintiff and others who used said devices that such devices did not offer sufficient protection, if any protection at all, against the dangerous materials.

R.    Negligent representation that the respiratory protective devices designed, manufactured, sold or distributed by Defendants were safe and adequate to filter asbestos despite Defendants' knowledge that such respiratory protective devices were not adequate or safe to filter asbestos and were in fact being used for such operations without warning or cautions which were inadequate for the dangers involved.

23.    Defendants knew or in the exercise of reasonable care should have known that the asbestos-containing products and/or respiratory protective devices were defective and unreasonably dangerous and that the ordinary user or consumer, including Plaintiff, could not have known the dangerous condition of the products. The acts and omissions as hereinabove described were more than common negligence and rose to and constituted gross negligence and wanton disregard on the part of the Defendants of the rights of the Plaintiff and others using the Defendants' products. As a direct and proximate result of this, the Plaintiff has been caused to

suffer severe injury, damage, loss, and death as hereinafter set forth.

24. Defendants knew or in the exercise of reasonable care should have known of the way that the respiratory protective devices were being used but yet did not take any steps to ensure the protection of the users of such devices. Despite Defendants' knowledge that the ordinary user or consumer, including Plaintiff, could not have known of the dangerous, condition and defective design of the respiratory protective devices, Defendants did not correct the product design, method of manufacturing, caution/warnings and instruction, or sales techniques and literature.

25. At all times material herein, and for a long time prior thereto, Defendants manufactured, distributed or sold asbestos-containing products and/or respiratory protective devices which were in a defective condition and unreasonably dangerous to user or consumer at the time of their manufacture, distribution, and/or sale, as defined in Restatement (Second) Torts, Miss. Code Ann. §11-1-63 and the laws of the State where exposure occurred.

26. The manufacturing, design and marketing defects of and in Defendants' asbestos-containing products and/or respiratory protective devices rendered them unreasonably dangerous and were the proximate cause of the Plaintiff's injuries.

27. Defendants, and all of them, are guilty of negligence which was the proximate cause of the Plaintiff's injuries.

28. Defendants' negligence, as described in part above, included but was not limited to the design, manufacture, distribution and sale of unreasonably dangerous asbestos-containing products and/or respiratory protective devices, the failure to warn of the dangers and use of asbestos-containing products and/or respiratory protective devices, and the failure to test the insulation products and/or respiratory protective devices or provide a substitute asbestos

containing product or respiratory protective device that was safe for use by Plaintiff and other foreseeable users.

29. Defendants' acts and omissions are of such character as to rise to the level of gross negligence.

30. In addition to the foregoing, Defendants breached their duties to the Plaintiff in at least the following respects:

    A. Defendants knew or in the exercise of reasonable care should have known that their respiratory protective devices were defective and unreasonably dangerous and such respiratory devices were not suitable for the purposes for which they were intended;

    B. Defendants knew or in the exercise of reasonable care should have known that their respiratory protective devices were defective and unreasonably dangerous and that the ordinary user or consumer, including Plaintiff, would not have known the danger of the respiratory protective devices.

    C. Defendants should have investigated and tested the respiratory protective devices to determine how the products were being used and to discover the dangerous way in which the respiratory devices were being used, or in the alternative, should have removed them from the market;

    D. Defendants should have devised a method of use for the respiratory protective devices that would have kept those using them from contracting life-threatening diseases or any other injury, or in the alternative, should have removed the respiratory protective devices from sale to the public;

    E. Plaintiff's injuries resulting in Plaintiff's disability and death were directly

- 12 -

and proximately caused by the gross negligence, omission, conscious indifference, and utter disregard for Plaintiff's welfare, by the Defendants and/or Defendants' agent, servants, employees, managers, superintendents, supervisors and officers;

F.  If each of the acts of negligence alleged by the Plaintiff did not independently constitute gross negligence, then all of the said acts of negligence combined and in the aggregate constitute gross negligence and were a proximate cause of the Plaintiff's injuries and resulting damages and death.

G.  Defendants individually and as agents of one another and as co-conspirators agreed and conspired among themselves and with other manufacturers and distributors and other person in the industry to injure Plaintiff;

H.  Defendants' acts and omissions amount to total disregard of Plaintiff's rights, constituting gross negligence as well as civil conspiracy as those terms are defined in law.

## COUNT II
## STRICT LIABILITY IN TORT

31.  Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows.

32.  The asbestos-containing products and/or respiratory protective devices designed, manufactured, distributed, sold, and/or supplied by Defendants were defective in that Defendants did not provide adequate warnings or instructions, if in fact they provided any warnings or

- 13 -

instructions at all, in light of the dangerous and life-threatening nature associated with the asbestos-containing products.

33. Defendants designed, manufactured, sold and/or supplied asbestos-containing products to the Plaintiff and others in the stream of commerce for various intended uses including insulation purposes. The asbestos-containing products and/or respiratory protective devices were defective and unreasonably dangerous taking into consideration the utility of the products and the risk involved in its use. The asbestos-containing products and/or respiratory protective devices failed to meet the reasonable expectations of the Plaintiff and others who used them.

34. Defendants failed to adequately test the asbestos-containing products and/or respiratory protective devices that were manufactured, distributed, sold, and/or supplied by the Defendants and the products were defective and unreasonably dangerous in light of same.

35. In the alternative, Defendants failed to provide timely and adequate post-marketing warnings and/or instructions after the Defendants knew of the severe dangers and risks of injury related to use of and exposure to asbestos-containing products and/or respiratory protective devices.

36. Defendants actions are and were the direct and proximate cause of the physical and mental harm, damage, injury, and economic loss that the Plaintiff has suffered as described hereinabove.

37. The Defendants are and/or were manufacturers and/or sellers of asbestos-containing products and/or respiratory protective devices which the Plaintiff used or to which the Plaintiff was exposed. At the time these asbestos-containing products and/or respiratory protective devices left the control of the Defendants, they were in a defective condition and

unreasonably dangerous to the Plaintiff and others who were intended and foreseeable users and/or bystanders. These defects included without limitation the following:

A.    These products were defective because they failed to contain adequate warnings or instructions. The products were designed in a defective manner. The products breached an express warranty or failed to conform to other express factual representation upon which the Plaintiff justifiably relied in electing to use the product.

B.    Inherent properties common to the asbestos-containing products designed, manufactured, distributed, and sold by Defendants gave the asbestos unreasonably high potential for causing respiratory diseases, cancer, and other asbestos related health problems to the Plaintiff and his household. Although such properties were known to Defendants, they were not recognized by the ordinary person with ordinary knowledge common to the community.

C.    Lack of warnings or lack of sufficient warnings by Defendants of the inherently dangerous properties of the products when used for the purpose for which they were designed, manufactured, distributed, and sold, despite the Defendants knowledge of the dangers associated with inhaling asbestos dust and fibers.

D.    Lack of instructions or lack of sufficient instructions by Defendants for eliminating or minimizing the health risks inherent in the use of the products.

E.    Lack of reasonable inspections by Defendants of Defendants' products to

- 15 -

insure that such products contained sufficient warnings of the dangerous properties of the products.

F.    Lack of tests or lack of sufficient tests by Defendants to determine the harmful effects of asbestos on intended users and bystanders such as the Plaintiff.

G.    Defective designs by Defendants calling for the inclusion of asbestos in products that do not require asbestos, and where alternative and equally suitable substances were available.

H.    Lack of warnings or lack of sufficient warning by Defendants when Defendants discovered the full extent of the dangers presented by asbestos-containing products and/or respiratory protection devices.

38.    The aforementioned defective conditions caused the asbestos-containing products and/or respiratory protective devices to be a hazardous substance and rendered the asbestos-containing products and/or respiratory protective devices unreasonably dangerous to the user or consumer such as the Plaintiff.

39.    As early as the 1920s, and continuing thereafter, Defendants as part of the asbestos industry knew of the dangers of contact with asbestos and of the causal relationship between the various diseases associated with asbestos and exposures to asbestos products. Nevertheless, the Defendants continued to manufacture, sell, and distribute asbestos and asbestos products in conjunction with other Defendants to locations where the Plaintiff worked at which substantial quantities of asbestos and asbestos products were used.

40.    At the time the asbestos-containing products left the control of the Defendants, the Defendants knew, or in light of reasonably available knowledge, should have known about

the danger that caused the damage for which recovery is sought and that the ordinary user or consumer such as the Plaintiff did not realize its dangerous condition.

41. As part of the asbestos industry, the Defendants have been and are presently possessed of a high degree of technical knowledge and expertise concerning asbestos and its use. The Plaintiff and the others using the Defendants' products did not at any time material to this cause possess the high degree of technical knowledge and expertise of the Defendants, and the Plaintiff and others relied upon the Defendants to provide them with insulation products that would not be detrimental to their health. The Defendants, having superior knowledge of the suppressed fact that exposure to asbestos caused disease among the Plaintiff and others using their products were under a duty to disclose this fact to those persons who, working with asbestos, would be exposed to the dangers of such disease.

42. Any warning or instruction given by Defendants was not an adequate product warning or instruction because it was not one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger, and that communicated sufficient information on the dangers and safe use of the asbestos-containing products and/or respiratory protective devices, taking into account the characteristics and ordinary knowledge of an ordinary consumer who purchased the asbestos-containing products and/or respiratory protective devices.

43. Accordingly, the Plaintiff was not knowledgeable of the defective condition of the asbestos-containing products and/or respiratory protective devices that was inconsistent with his safety and did not realize the danger in the condition of these products and therefore did not deliberately and voluntarily choose to expose himself to the danger in such a manner as to register assent to the continued exposure to a dangerous condition.

44.     The danger posed by the asbestos-containing products and/or respiratory protective devices was not known and was not open and obvious to the user or consumer of the asbestos-containing products, such as the Plaintiff, and should not have been known and was not open and obvious to the user or consumer of the asbestos-containing products, and/or respiratory protective devices, such as the Plaintiff, taking into account the characteristics of and the ordinary knowledge of the persons who ordinarily use or consume the asbestos-containing products.

45.     The defective and unreasonably dangerous condition of the asbestos-containing products and/or respiratory protective devices proximately caused the mental harm, damage, injury, and economic loss that the Plaintiff has suffered as described hereinabove.

**COUNT III**
**BREACH OF UNIFORM COMMERCIAL CODE**

46.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows.

47.     The Defendants were and are sellers and merchants of asbestos and/or asbestos-containing products and/or respiratory protective devices as those terms are defined in the Uniform Commercial Code and the Law of Sales.  All of the asbestos-containing products and/or respiratory protective devices placed into the stream of commerce by the Defendants reached the end product users without substantial change.   All of the products were defective and unreasonably dangerous.  These defects were a proximate cause of the Plaintiff's injuries.

**COUNT IV**
**BREACH OF WARRANTY**

48.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

here and further allege as follows.

49.     Defendants knew or in the exercise of reasonable care should have known that the asbestos-containing products and/or respiratory protective devices were defective and not suitable for the purposes for which they were intended. Defendants' products were warranted, either expressly or impliedly, to be merchantable, when in truth, they were not and Defendants breached the warranty of merchantability. Defendants' products were warranted, either expressly or impliedly, to be fit for a particular purpose when in truth, they were not and Defendants breached the warranty of fitness for a particular purpose.

50.     Defendants warranted either expressly or impliedly that asbestos and asbestos-containing products and/or respiratory protective devices were of good and merchantable quality and fit for their intended use even though Defendants knew that this was not the case.

51.     Defendants should have tested their products to ascertain the unsafe or dangerous nature of such products before offering them for sale, or in the alternative should have removed such products from the market upon ascertaining that the products would cause asbestosis and other diseases.

52.     Defendants should have devised a method of application for their products that would have prevented the Plaintiff and others using products from contracting asbestosis and other diseases, if Defendants would not remove such products from sale to the public.

53.     Plaintiff was not in a position to know or recognize the hazards and dangers associated with asbestos exposure; accordingly, the Plaintiff justifiably relied upon the representations made by Defendants concerning the use of asbestos and/or asbestos-containing products and/or respiratory protective devices.

**COUNT V**

## RES IPSA LOQUITUR

54.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows.

55.     At all times material, the design, manufacture, sale, and distribution of asbestos and asbestos-containing materials and/or respiratory protective devices with which the Plaintiff came in contact and/or used were under the exclusive control of the Defendants, their agents, servants, and employees and had Defendants not been negligent, then the Plaintiff would not have sustained his injuries.

56.     Plaintiff is entitled to recover from Defendants under the doctrine of res ipsa loquitur.

## COUNT VI
## CONSPIRACY
### (Asbestos Defendants)

57.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows.

58.     During the entire period in which the Defendants knew of the causal relationship between the various diseases and exposures to asbestos products, the Defendants continually, intentionally, systematically, and fraudulently suppressed and misrepresented the facts and completely omitted any mention to the Plaintiff and others using such products that exposure to such products would cause disease among those using such products and, prompted by pecuniary and selfish motives, individually and in conspiracy with others and through trade associations in which they were a member, deliberately, maliciously, and callously agreed and conspired among themselves and with other asbestos manufacturers and distributors and others in the industry to injure Plaintiff by:

- 20 -

A.    Concealing and withholding medical and scientific information;

B.    Misstating and misrepresenting material facts about the seriousness of asbestos-related diseases;

C.    Concealing information relative to the dangers posed by asbestos-containing products from persons who were being exposed to the inhalation of asbestos dust and fibers from asbestos products made, sold, and/or distributed by Defendants, figuring that adverse publicity would reduce their highly profitable sales.

D.    Concealing the results of research on disease and tests done on the products because they were adverse, and distorting said results to mislead persons into believing they were not adverse and were in fact safe by deleting material information from studies and reports.

E.    Disseminating misleading information.

F.    Preventing disclosure of medical and scientific information, including altering of studies and reports; terminating studies that would prove unfavorable to Defendants; and discrediting doctors and scientists who indicated that there is a relationship between asbestos and disease.

G.    Concealing claims of persons who contracted asbestos-related disease.

H.    Procuring false testimony during the litigation of claims of persons who contracted asbestos-related disease.

I.    Placing misleading information on the containers and packaging of asbestos-containing products, fearing that adequate warnings would adversely effect sales.

J.    Disseminating favorable publicity about asbestos-containing products indicating that they were safe for use in order to make a nice profit while sacrificing human lives.

K.    The Defendant conspirators' willful and intentional suppression of the risk of injuries from exposure to asbestos, as well as other related acts and omissions, constituted fraudulent concealment and/or fraudulent misrepresentation which proximately caused injury to the Plaintiff. Defendants' acts and omissions amount to a total disregard of the Plaintiff's rights and constitute civil conspiracy as defined in law.

59.    Defendants entered into a conspiracy through various trade organizations and other schemes to conceal the dangers involved in the use of their products and to attempt to affect federal legislation as well as other agencies.

60.    Defendants' conspiracy includes the communications to deceive the public, including the Plaintiff, as to the dangers involved in the use of Defendants' asbestos-containing products.

### (Respiratory Protective Device Defendants)

61.    During the entire period in which Defendants knew of the causal relationship between the various diseases and the exposure to asbestos-containing products as well as the defects in their own respiratory protective devices, the Defendants continually and intentionally systematically and fraudulently suppressed and misrepresented the facts and completely omitted any mention to the Plaintiff and others using such respiratory protective devices that such devices did not adequately protect Plaintiff and others using such devices from disease and injury caused by the asbestos-containing products. Defendants were prompted by pecuniary and selfish

- 22 -

motives individually and in conspiracy with others and through trade associations in which they were a member deliberately, maliciously and callously agreed and conspired among themselves and with other respiratory protective device manufacturers, distributors and others in the industry to injure the Plaintiff by:

    A.    Concealing and withholding medical and scientific information;

    B.    Misstating and misrepresenting material facts about the seriousness of asbestos-related disease;

    C.    Concealing information relative to the dangers posed by asbestos-containing products as well as relative to the defective condition of the respiratory protective devices from person were being exposed to the insulation of asbestos and fibers from asbestos products made solely or distributed by Defendants, and from the Plaintiff and others who used and were exposed to respiratory protective devices that were defective and wholly inadequate to protect thePlaintiff from said harm.

    D.    Concealing the results of research on disease and tests done on the products because they are adverse and distorting said results to mislead persons and into believing they were not adverse and were in fact safe by deleting material information from certain reports.

    E.    Disseminating misleading information.

62.    Defendant conspirators' acts constituted fraudulent concealment and/or a fraudulent misrepresentation directly and proximately injuring Plaintiff.

## COUNT VII
## OTHER TORTS

63.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows:

64.     Defendants were guilty of other torts including, but not limited to negligent testing; liability to third persons for negligent performance of an undertaking; misrepresentation and false advertising; negligent aiding and abetting; and violation of Restatement of Torts §402(a).

65.     In undertaking testing and study of asbestos workers and the dissemination of information, Defendants undertook duties to thePlaintiff.  Defendants failed to act reasonably and discharging these duties.  As a direct and proximate result of Defendants' failures, the Plaintiff was injured as more fully set out heretofore.  Such failures, in addition to being the negligent performance of an undertaking, also constituted gross negligence and reckless disregard of the rights and health of the Plaintiff and others.

### COUNT III
### PROXIMATE CAUSE AND DAMAGES

66.     As a direct and proximate result of the willful and reckless acts and omissions on the part of Defendants, individually and/or collectively, the Plaintiff was injured and suffered damages including severe and permanently disabling bodily injuries and death.  Plaintiff developed a disease caused by exposure to asbestos and was susceptible to other asbestos-related diseases which necessitated medical care and treatment, as a result of which he incurred necessary expenses for his medical care and treatment, and ultimately died.  The Plaintiff had been caused to suffer for the remainder of his life extensive pain, nervousness, and mental anguish, thereby greatly and permanently impairing the full enjoyment of his life.  In addition, the Plaintiff's ability to work and earn wages for himself and his family has been severely and

permanently impaired and his expected life span was greatly shortened. Such acts as hereinabove described constituted gross negligence, recklessness and wanton disregard for the rights of the Plaintiff and others using said products. The Plaintiff respectfully requests the jury to determine the value of:

A. Plaintiff's past, present, and future losses such as lost wages and wage earning capacity, expenses of medical care, monitoring expenses, and funeral costs; and

B. Compensatory losses such as loss of health, physical pain, emotional upset, mental anguish, disfigurement, disability, loss of consortium, fear of cancer, and other diseases; and

C. Loss of enjoyment of life and any and all other damages which the Plaintiff are entitled to which have not been listed herein.

## COUNT IX
## PUNITIVE DAMAGES

67. At all times relevant hereto, Defendants actually knew or should have known of the defective nature of the asbestos-containing products and/or respiratory protective devices as herein set forth, and continued to design, manufacture, market and distribute and sell these products so as to maximize sales and profits at the expense of the public's health and safety in conscious disregard of the foreseeable harm caused by these products. Defendants' acts were so intentional, grossly negligent, of a willful and wanton nature of such heedless character as to evidence an entire want of due care as to establish that their actions were a result of fraud, ill-will, recklessness, gross negligence, reckless disregard or willful and intentional disregard of the Plaintiff's health and safety. The Plaintiff, therefore, is entitled to punitive damages against each

- 25 -

Defendant.

## SUIT TIMELY FILED

68.    At no time prior to Plaintiff's diagnoses did the Plaintiff know or should he have

known the nature of his injuries and/or the cause of his injuries. Because of the latency period of

the above-described asbestos injuries and because of the active concealment by the Defendants

of the cause and effects of exposure to asbestos, the Plaintiff had only recently discovered his

injuries, prior to death. The Plaintiff discovered his diseases and/or injuries within the applicable

period of limitations. Accordingly, the Plaintiff timely brings this suit.

## CONDITIONS PRECEDENT

69.    All conditions precedent to the right of the Plaintiff to bring and maintain the

claims asserted herein have been performed, have occurred, or have been waived.

## ACTS OF AGENTS/EMPLOYEES/RATIFICATION

70.    Each act or omission by each Defendant was committed by officers, managers,

superintendents, supervisors, agents, servants, authorized representatives, or employees acting in

their capacities as a principal or vice-principal while in the course and scope of their employee

and/or with full authority of Defendants and/or such act was later ratified, approved, or adopted

by each Defendant.

## JURY DEMAND

71.    The Plaintiff demands that all issues of fact in this case be tried to a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be

caused to appear and answer herein as the law directs and that upon final hearing Plaintiff has

and recover judgment of, from, and against Defendants, jointly and severally, for a sum of

money for actual and compensatory damages and for punitive (exemplary) damages in an

amount exceeding the jurisdictional amount of this court, to be determined by a jury as the

evidence may show proper at the time of the trial, together with lawful pre-judgment and post-

judgment interest thereon and together with all costs which have accrued and which will accrue

in this civil action and for such other and further relief, both general and special, at law and

equity to which the Plaintiff may be justly entitled.

Respectfully submitted,

BARBARA TYSON ODOM, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF MARTY
LLOYD ODOM, DECEASED, CORRY LLOYD
ODOM, INDIVIDUALLY AND ERICA CAROLINE
ODOM, INDIVIDUALLY

By: _____
James D. Shannon, Attorney for Plaintiffs

**SHANNON LAW FIRM, PLLC**
James D. Shannon (MSB #6731)
Jamie Hardison-Edwards (MSB #102553)
100 West Gallatin Street
Hazlehurst, MS 39083
Phone: 601-894-2202
Fax:    601-894-5033

# VERIFIED WORK HISTORY

**I, James D. Shannon, on Behalf of Marty Lloyd Odom, Dec., SSN 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, do hereby attest that the following is a verified listing of my client's employers.**

| | |
|---|---|
| Employer: | Odom's Body Shop, Crystal Springs, Mississippi |
| Dates of Employment: | 1975-1979 |
| Supervisor or Foreman: | Terry Odom (Brother) |
| Job Description: | Painting and body work |
| Duties: | General body work including, but not limited to, grinding, sanding and painting. |
| Exposed to Asbestos?: | Yes |

| | |
|---|---|
| Employer: | Size-a-Com Delta, Crystal Springs, Mississippi |
| Dates of Employment: | 1979-1981 |
| Supervisor or Foreman: | Johnny Harris, Crystal Springs |
| Job Description: | Seismograph Company |
| Duties: | Drilling and blasting to check for oil, maintained all of the trucks and other equipment |
| Exposed to Asbestos?: | Yes |

| | |
|---|---|
| Employer: | Delta Geo Physical (Same as Size-a-Com Delta) |
| Dates of Employment: | 1981-1982 |
| Supervisor or Foreman: | Johnny Harris, Crystal Springs |
| Job Description: | Seismograph Company |
| Duties: | Drilling and blasting to check for oil, maintained all of the trucks and other equipment |
| Exposed to Asbestos?: | yes |

| | |
|---|---|
| Employer: | Berry's Body Shop, Crystal Springs, Mississippi |
| Dates of Employment: | 1982-1988 |
| Supervisor or Foreman | Mr Sidney Berry |
| Job Description: | Body shop employee and Mechanic |
| Duties: | General mechanic and body work, including, but not limited to, painting and changing brakes |
| Exposed to Asbestos?: | Yes |

| | |
|---|---|
| Employer: | Stewart's Body Shop, Hazlehurst, Mississippi |
| Dates of Employment: | 1988-1989 |
| Supervisor or Foreman: | Carey Stewart |
| Job Description: | Body shop employee and Mechanic |
| Duties: | General mechanic and body work, including, but not limited to, painting and changing brakes |
| Exposed to Asbestos? | yes |

| Employer: | Berry's Body Shop, Crystal Springs, Mississippi |
|---|---|
| Dates of Employment: | 1989-1992 |
| Supervisor or Foreman: | Mr. Sidney Berry |
| Job Description: | Body shop employee and Mechanic |
| Duties: | General mechanic and body work, including, but not limited to, painting and changing brakes |
| | Exposed to Asbestos?:          Yes |

| Employer: | L and B Wood (n/k/a Brent-Wood), Newhebron, Ms. |
|---|---|
| Dates of Employment: | 1992-1994 |
| Supervisor or Foreman: | Mickey Berry |
| Job Description: | Mechanic |
| Duties: | General mechanic work, including, but not limited to, changing brakes on the 18 wheelers. |
| Exposed to Asbestos? | Yes |

| Employer | Odoms Repair. Hazlehurst, Mississippi |
|---|---|
| Dates of Employment: | 1994-1995 |
| Supervisor or Foreman: | Sidney Odom |
| Job Description: | Mechanic |
| Duties: | General mechanic work, including, but not limited to, changing brakes |
| Exposed to Asbestos? | Yes |

| Employer: | Central Supply, Inc., Hazlehurst, Mississippi |
|---|---|
| Dates of Employment: | 1995-2001 |
| Supervisor or Foreman: | Ms. Rachel James |
| Job Description: | Mechanic |
| Duties: | Maintained all equipment on the premises and on the farm tractors, 18wheelers, vehicles, including changing brakes |
| Exposed to Asbestos? | Yes |

_James D. Shannon_

Sworn to and subscribed before me, this the 10th day of April, 2009.

_Lynn Cook_
NOTARY PUBLIC

LYNN COOK
NOTARY
PUBLIC
□-◇-◇-□
_____ COUNTY, MS

MY COMMISSION EXPIRES.
April 26, 2011

 **CT Corporation**

**Service of Process
Transmittal**
08/05/2009
CT Log Number 515242013

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

| | |
|---|---|
| **TO:** | Chris Dzbanski<br>Ford Motor Company<br>WHQ 433-E3, One American Road<br>Dearborn, MI 48126 |
| **RE:** | **Process Served in Mississippi** |
| **FOR:** | Ford Motor Company (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Barbara Tyson Odom, Individually and on behalf of the estate of Marty Lloyd Odom, Deceased, et al. Dfts. vs. Ford Motor Company et al. Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service Form, Complaint |
| **COURT/AGENCY:** | Copiah County Circuit Court, MS<br>Case # 2009-0157 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/05/2009 at 14:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | James D. Shannon<br>100 W. Gallatin St.<br>Hazlehurst, MS 39083<br>601-894-2202 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 792158064385<br>Image SOP<br>Email Notification, Chris Dzbanski CDZBANSK@FORD.COM |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232 |
| **TELEPHONE:** | 601-936-7400 |

Page 1 of 1 / JS

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

**DEFENDANT'S
EXHIBIT
4**

Book 45 Page _____

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**BARBARA TYSON ODOM, INDIVIDUALLY**                                    July Term 2009
**AND ON BEHALF OF THE ESTATE OF MARTY**
**LLOYD ODOM, DECEASED, CORRY LLOYD**
**ODOM, INDIVIDUALLY AND ERICA CAROLINE**
**ODOM, INDIVIDUALLY**                                                                **PLAINTIFFS**

**VS.**                                                                             **CAUSE NO.: 2009-0157**

**FORD MOTOR COMPANY,**
**DAIMLERCHRYSLER CORPORATION,**
**GENERAL MOTOR CORPORATION, AND**
**JOHN DOES 1-10**                                                                  **DEFENDANTS**

### ORDER

Plaintiffs Barbara Tyson Odom, Corry Lloyd Odom, and Erica Caroline Odom , having

moved for dismissal of **DAIMLERCHRYSLER CORPORATION**, also known as **Chrysler,**

**LLC** from this cause, it is therefore

ORDERED AND ADJUDGED that **DAIMLERCHRYSLER CORPORATION**, also

known as **Chrysler, LLC** is hereby dismissed from this cause without prejudice with each party

to bear its own costs.

SO ORDERED AND ADJUDGED this the 20th day of AUGUST , 2009.

_____
CIRCUIT JUDGE

SUBMITTED BY:

**SHANNON LAW FIRM, PLLC**
James D. Shannon (MSB #6731)
Jamie Hardison-Edwards (MSB #102553)
Matt Kidder (MSB #1018222)
100 West Gallatin Street
Hazlehurst, MS  39083
Phone: 601-894-2202
Fax:    601-894-5033

**FILED**

**AUG 2 1 2009**

EDNA E. STEVENS
CIRCUIT CLERK
BY Lori Henderson

DEFENDANT'S
EXHIBIT
B

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

BARBARA TYSON ODOM, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF MARTY
LLOYD ODOM, DECEASED, CORRY LLOYD
ODOM, INDIVIDUALLY AND ERICA CAROLINE
ODOM, INDIVIDUALLY                                                    PLAINTIFFS

VS.                                                    CAUSE NO.: 2009-0157

FORD MOTOR COMPANY,
DAIMLERCHRYSLER CORPORATION,
GENERAL MOTOR CORPORATION, AND
JOHN DOES 1-10                                                    DEFENDANTS

## ORDER

Plaintiffs Barbara Tyson Odom, Corry Lloyd Odom, and Erica Caroline Odom, having

moved for dismissal of **GENERAL MOTORS CORPORATION** from this cause without

prejudice, it is therefore

ORDERED AND ADJUDGED **GENERAL MOTORS CORPORATION** is hereby

dismissed from this cause without prejudice with each party to bear its own costs.

SO ORDERED AND ADJUDGED this the ___26th___ day of ___AUGUST___, 2009.

_____
CIRCUIT JUDGE

SUBMITTED BY:

**SHANNON LAW FIRM, PLLC**
James D. Shannon (MSB #6731)
Jamie Hardison-Edwards (MSB #102553)
Matt Kidder (MSB #101S222)
100 West Gallatin Street
Hazlehurst, MS 39083
Phone: 601-894-2202
Fax:  601-894-5033

**FILED**

AUG 26 2009

EDNA E. STEVENS
CIRCUIT CLERK
BY_____ D.C

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

BARBARA TYSON ODOM, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF MARTY
LLOYD ODOM, DECEASED, CORRY LLOYD
ODOM, INDIVIDUALLY AND ERICA CAROLINE
ODOM, INDIVIDUALLY                                           **PLAINTIFF**

VS.                                                    **CAUSE NO.:2009-0157**

FORD MOTOR COMPANY,
DAIMLERCHRYSLER CORPORATION,
GENERAL MOTOR CORPORATION, AND
JOHN DOES 1-10                                              **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:  **Ford Motor Co., through its registered agent for process, C.T. Corporation Systems, 645 Lakeland East Drive, Ste. 101, Flowood, Mississippi 39232.**

### NOTICE TO DEFENDANT
**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to James D. Shannon, the attorney for the Plaintiff, whose post office and mailing address is SHANNON LAW FIRM, PLLC, 100 W. Gallatin St., Hazlehurst, Mississippi 39083. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 5th day of August 2009.

EDNA STEVENS
COPIAH COUNTY CIRCUIT CLERK

_Sonia S Presley_, D. C.

P.O. BOX 467, Hazlehurst, MS 39083

# PROOF OF SERVICE

_____
[Name of Person or Entity Served]

     I, the undersigned process server, served the **SUMMONS and COMPLAINT** upon the person or entity named in the manner set forth below [process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used]:

     _____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE: By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender. _[Attach completed acknowledgment of receipt pursuant to Miss. R. Civ. P. form 1B]_

     _____ PERSONAL SERVICE. I personally delivered a copy to _____, on the _____ day of August, 2009, where I found said person in _____ County of the State of Mississippi.

     _____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said _____ within _____ County, Mississippi. I served the **SUMMONS, and COMPLAINT** on the ____ day of August, 2009, at the usual place of abode of said_____by leaving a true copy of the **SUMMONS and COMPLAINT** with _____, who is a member of the family of the person to be served, above the age of sixteen years, and willing to receive the **SUMMONS and COMPLAINT** and thereafter on the _____ day of August, 2009, I mailed (by first class mail, postage prepaid) copies to the person to be served at his or her usual place of abode where the copies were left.

     _____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. _[Attach signed return receipt or the return envelope marked "Refused."]_

     _____ I was unable to serve the **SUMMONS and COMPLAINT**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
     At the time of service I was at least 18 years of age and not a party to this action.

NAME: _____
ADDRESS: _____
     _____

PHONE NUMBER: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who, being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_____

PROCESS SERVER

Sworn to and subscribed before me, this the ____ day of August, 2009.

_____

NOTARY PUBLIC

My Commission Expires:

_____

# IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

| | |
|---|---|
| BARBARA TYSON ODOM, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MARTY LLOYD ODOM, DECEASED, CORRY LLOYD ODOM, INDIVIDUALLY AND ERICA CAROLINE ODOM, INDIVIDUALLY | PLAINTIFFS |

CAUSE NO.:2009-0157

VS.

| | |
|---|---|
| FORD MOTOR COMPANY, DAIMLERCHRYSLER CORPORATION, GENERAL MOTORS CORPORATION, AND JOHN DOES 1-10 | DEFENDANTS |

## CORPORATE DISCLOSURE STATEMENT
## FEDERAL RULE OF CIVIL PROCEDURE 7.1

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Ford Motor Company, who respectfully submits the following corporate disclosure statement in accordance with Federal rule of civil Procedure 7.1:

Ford Motor Company has no parent corporation. Ford has publicly traded domestic and foreign companies in which it owns an equity of at least 10%, but less than 100% in the following: Edelson Technology Partners III, Vastera, Inc., Ford Credit Compania Financiera S.A., Ballard Power Systems, Jiangling Motors, Limited, Mazda Motor Corporation, Auckland Auto Collection Limited (Mazda Motor Corporation and The Colonial Motor Company Limited).

Respectfully submitted,

**Kuchler Polk Schell Weiner & Richeson, LLC**

_____

**Deborah Kuchler (MS #100634)**
**Janika Polk (MS #100614)**
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Phone: (504) 592-0691
Facsimile: (504) 592-0696
**Attorneys for Ford Motor Company**

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of September 2009, I have forwarded a true and

correct copy of the above and foregoing pleading by depositing same in the United States Mail

to:

**Shannon Law Firm, PLLC**
James D. Shannon
Jamie Hardison-Edwards
100 West Gallatin Street
Hazlehurst, MS 39083
Phone: 601-894-2202
Fax: 601-894-5033

_____
**JANIKA D. POLK**

2