UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| FRANK MUMFREY | * | CIVIL ACTION |
| | * | |
| versus | * | NO. _____ |
| | * | |
| ANCO INSULATIONS, INC. ET AL. | * | JUDGE _____ |
| | * | |
| | * | MAG. JUDGE _____ |

**NOTICE OF REMOVAL**

Defendant The Sherwin-Williams Company ("Sherwin-Williams") gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal of this suit from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, as elaborated below:

1.

This is a civil action over which this Court would have original subject matter jurisdiction based on diversity of citizenship according to 28 U.S.C. § 1332, if not for Plaintiff's improper joinder of several Louisiana defendants. Therefore, this case may be removed to this Court pursuant to 28 U.S.C. § 1441.

1

2.

On or about December 2, 2010, plaintiff Frank Mumfrey, a citizen and domiciliary of the State of Louisiana, filed a Petition for Damages captioned "*Frank Mumfrey v. Anco Insulation* [sic]*, Inc., et al.*" in the Civil District Court for the Parish of Orleans, State of Louisiana, where it was docketed as Civil Action no. 2010-12080 on the docket of Division "I-14" of that Court. In his original Petition, plaintiff sought monetary damages against twenty (20) defendants for personal injuries sustained by him, which allegedly resulted from his exposure to asbestos by the defendants.

3.

Of the twenty (20) defendants originally named in the action, Anco Insulations, Inc. ["Anco"], Carruth Brothers Lumber Company, Inc. ["Carruth"] and Taylor-Seidenbach, Inc. ["Taylor"] were the only Louisiana defendants. These defendants are all retailers of products Plaintiff's petition alleges may have exposed him to asbestos, and thus his claims against them sound in non-manufacturer seller liability.

4.

Before Plaintiff can hold Anco, Carruth and Taylor liable for selling him products containing asbestos, he must first prove that he did, in fact, purchase products which contained asbestos from the retailers. In addition, Plaintiff must show that Anco, Carruth and Taylor, as alleged non-manufacturing sellers of defective products, knew or should have known that the products he allegedly purchased from them contained asbestos and failed to declare it. *See, e.g., Jackson v. Sears Authorized Retail Dealer Store*, 36,166 (La. App. 2 Cir. 6/12/02); 821 So.2d 590; *Ferruzzi, U.S.A., Inc. v. Tricon Co., Inc.*, 93-1591 (La. App. 4 Cir. 9/29/94); 645 So.2d 685; La. C.C. art. 2545. Unlike a manufacturer, a retailer of others' products is not presumed to know

of defects in the products it sells. *Spillers v. Montgomery-Ward & Co., Inc.*, 294 So.2d 803, 807 (La. 1974). Moreover, a retailer has no duty to inspect the products it sells to determine whether the products have inherent vices or defects. See, e.g., *Harris v. Atlanta Stove Works, Inc.*, 428 So.2d 1040, 1043 (La. App. 1st Cir.), *writ denied*, 434 So.2d 1106 (La. 1983).

5.

In his deposition taken March 2, 2011, Plaintiff testified that he has never heard of Anco and that he does not recall working around anyone associated with Anco. See Deposition of Frank Mumfrey, Volume II, excerpts of which are attached in globo as Exhibit 1, p. 119.

6.

In his deposition, Plaintiff also testified that although he has heard of Taylor over the years and associates the company with fiberglass insulation, he has never personally handled fiberglass insulation. He also testified that he has no reason to believe that Taylor's insulation would have contained asbestos and that he may only know Taylor from having viewed its logo in Home Depot. See Exhibit 1, pp. 119-122.

7.

In his deposition, Plaintiff also testified that although he purchased lumber and sheetrock from Carruth on a regular basis, he has no reason to believe that anything he purchased from Carruth contained asbestos. See Exhibit 1, pp. 361-62. Moreover, Carruth had not been served.

8.

Sherwin Williams alleges that Anco, Carruth and Taylor were improperly joined in this action because there is no possibility of recovery by the Plaintiff against these defendants. *See, e.g., Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 375-376 (5th Cir. 2006). Thus, their

3

citizenship is irrelevant to a determination of whether diversity jurisdiction exists under 28 U.S.C.A. § 1332.

9.

Two days after Plaintiff's deposition, perhaps aware that his testimony left him with no properly joined Louisiana defendant in the action, he filed a First Supplemental and Amending Petition, naming retailer Reilly-Benton Company, Inc. ["Reilly"], a Louisiana Corporation, as a defendant.

11.

However, in Plaintiff's deposition, he never mentioned Reilly or products associated with Reilly at all, much less as a potential cause of his asbestos exposure.

10.

Moreover, Plaintiff's responses to master discovery requests, particularly his response to Interrogatory No. 43, demonstrate that he never purchased products from Reilly. See Plaintiffs' [sic] Answers to Master Discovery Requests to all Defendants in Frank Mumfrey vs. Anco Insulation, Inc., et al., excerpts of which are attached in globo as Exhibit 2, Response to Interrogatory No. 43.

12.

Sherwin Williams alleges that Reilly was improperly joined in an attempt to defeat this Court's subject matter jurisdiction. Like Anco, Carruth and Taylor, there is no possibility of recovery by the Plaintiff against Reilly.

13.

Defendant Sherwin Williams properly files this Notice of Removal within 30 days of the March 2, 2011 deposition of Plaintiff evidencing that Anco, Carruth and Taylor were improperly

4

joined as defendants and within 30 days of service of Plaintiff's First Supplemental and Amending Petition improperly joining Reilly as a defendant.

14.

Plaintiff's petition alleges, at p. 3, ¶ 8, that he "contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure." Obviously a claim for an incurable and terminal cancer has an amount in controversy exceeding $75,000, exclusive of interest and costs. Defendant denies liability to plaintiff in any amount, but represents that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15.

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being delivered to all parties through their counsel of record and filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

16.

In accordance with 28 U.S.C. § 1446(a), attached in globo as Exhibit 3 are copies of all process, pleadings, and orders filed in the state court action and served on Sherwin-Williams in the above-referenced action.

17.

All served defendants consent to the removal of this action (except that Schlumberger has settled and UGL has filed for bankruptcy protection and therefore the suit may not proceed against it). Copies of the documents indicating the consents, settlement, and bankruptcy are attached in globo as Exhibit 4. Carruth has never been served with the Petition and service of process. Thus, Carruth, as an unserved defendant, is not required to join in this Notice of

Removal. See, e.g., *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 9 (5th Cir. 1988).

Accordingly, defendant Sherwin-Williams hereby files this Notice of Removal and asks that the above-referenced state court suit pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Court, and that this Court enter any necessary orders or process, such as dismissing the improperly joined defendants, in order that this action may proceed as if it had originally commenced in this Court.

        Respectfully submitted,

        BRADLEY MURCHISON KELLY & SHEA LLC

        /s/ David E. Redmann, Jr.
        DWIGHT C. PAULSEN III (NO. 19,729)
        DAVID E. REDMANN, JR. (NO. 23,267)
        KIMBERLY C. DELK (NO. 28,018)
        1100 Poydras St., Suite 2700
        New Orleans, LA 70163
        504-596-6300
        504-596-6301 (facsimile)
        asbestos@bradleyfirm.com

        Attorneys for The Sherwin-Williams Company

## **C E R T I F I C A T E**

Pursuant to Local Rule 5.3, I certify that a copy of the foregoing will be served on all parties or their attorneys by e-mail on or about this 1st day of April 2011.

        /s/ David E. Redmann, Jr.