## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DKT NO. 875 |

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANE ANTONELLI, Executrix for the Estate of MICHAEL HARVEY | DKT NO: CT/3:10-CV-344 |
| v. | |
| ELECTRIC BOAT CORP. | April 6, 2011 |

### AFFIDAVIT PURSUANT TO RULE 7.6(d)

John F. Geida, Esq. an attorney duly admitted to practice law in the States of Connecticut and New York, and the Federal Courts, hereby affirms:

1. I am an attorney duly admitted to practice law in the States of Connecticut and New York.

2. I submit this affidavit pursuant to 7.6(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

3. Plaintiff has not requested a suggestion of remand from the transferee district court.

4. Just prior to the JPML CTO the District Judge realized that her spouse may have worked, or still does work for, for an entity that was/is represented by the defendant's law firm.

5. On February 24, 2011, Judge Bryant issued the following Order:

        This case is ordered administratively closed to avoid inadvertent violation of the Code. The Court will entertain unopposed motions during the closure period. Notwithstanding the administrative closure of the case, any scheduling order in effect on the date of this notice remains in effect and the parties are ordered to proceed with preparation of the case for trial or other disposition in accordance with such operative scheduling order.

6. Docket entry 28 notified the parties that if the disqualification of the Judge was not waived by the parties by 4:00 p.m. on Monday, March 21, 2011, the case would be reassigned to another Judge.

7. Therefore, at this time there is no Judge to whom the plaintiff can appeal regarding the suggestion of remand.

8. Nonetheless, the parties were ordered to following the scheduling order, and, at least the plaintiff has been attempting to do so.

9. As far as the remaining discovery: Plaintiff has a few discovery requests and one request for a deposition. (Given the long history between plaintiff's law firm and the defendant, plaintiff is already in possession of much of the information necessary to prove his case.)

10. The defendant has not propounded discovery requests upon the plaintiff.

11. Unfortunately, despite the removal has caused a delay in this proceeding which plaintiff seeks to end so that she may proceed with the timely resolution of this matter.

        /s/ John F. Geida, /s/
        John F. Geida, Esq.

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically through the Court's electronic filing system. Pursuant to Court rules, all parties registered will receive notification.

                                                            RESPECTFULLY

                                                            /s/ John G. Geida, Esq. /s/
                                                            John F. Geida, Esq.
                                                            Fed Bar No ct27468
                                                            Embry & Neusner
                                                            118 Poquonnock Road
                                                            Groton, CT 06340
                                                            T. 860-449-0341
                                                            F. 860-449-9070
                                                            jgeida@embryneusner.com