R16MLD

# U.S. District Court
## Southern District of Alabama (Mobile)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00671-KD-C

Cunningham v. Honeywell International, Inc.
Assigned to: Judge Kristi K. DuBose
Referred to: Magistrate Judge William E. Cassady
Cause: 28:1332 Diversity-Product Liability

Date Filed: 12/03/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**William M. Cunningham, Jr.**
*personal representative and executor of
the estate of Rebecca C. Cunningham*

represented by **Scott O. Nelson**
Nelson & Boswell, P.A.
P.O. Drawer 1285
Pascagoula, MS 39568-1285
(228) 769-6911
Email: mlscott@cableone.net
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Honeywell International, Inc.**
*f/k/a Allied-Signal, Inc., f/k/a and
successor interest to Bendix Foundation
Brake Corporation*

represented by **Frank E. Lankford , Jr.**
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 S., Suite 200
Birmingham, AL 35223
205-251-1256
Email: fel@hfsllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Aearo Company 1**

### Defendant

**Allied-Signal, Inc.**
*and as successor in interest to Benidx
Foundation Brake Corporation*

### Defendant

**Bendix Foundation Brake Corporation**

### Defendant

**Borg-Warner**

### Defendant

**Amchem Products, Inc.**

**Defendant**
**American Optical Corporation**

**Defendant**
**Anchor Packing Company**
*TERMINATED: 03/14/2011*

**Defendant**
**A.W. Chesterton**

**Defendant**
**Cablec Corporation**

**Defendant**
**CBS Corporation**

**Defendant**
**Certainteed Corp.**

**Defendant**
**Champion International**

**Defendant**
**Charter, Inc.**
*TERMINATED: 03/14/2011*

**Defendant**
**Charter Consolidated, P.L.c.**
*TERMINATED: 03/14/2011*

**Defendant**
**Charter Consolidated Finance Limited**
*TERMINATED: 03/14/2011*

**Defendant**
**Charter Consolidated Financial Services
Limited**
*TERMINATED: 03/14/2011*

**Defendant**
**Charter Consolidated Investments
Limited**
*TERMINATED: 03/14/2011*

**Defendant**
**Charter Consolidated Services Limited**
*TERMINATED: 03/14/2011*

**Defendant**
**Collyer Insulated Wire Company**

**Defendant**

**Compudyne, Inc.**
*formerly Robintech, Inc., d/b/a York Shipley, Inc.*

**Defendant**

**Consolidated Mines Selection Company Limited**
*TERMINATED: 03/14/2011*

**Defendant**

**Crown Cork & Seal USA Co., Inc.**

**Defendant**

**Dana Corporation**

**Defendant**

**DB Riley**
*f/k/a Riley-Stoker Corporation*

**Defendant**

**Eastern Safety Equipment Co., Aearo Corporation**

**Defendant**

**E.D. Bullard Company**

**Defendant**

**E.H. O'Neil Co., Inc.**

**Defendant**

**Ericsson, Inc.**
*and its operating unity Continental Wire & Cable Company and Anaconda Power Cable*

**Defendant**

**Foseco, Inc.**
*individually and and as the wholly owned subsidary of Georgetown Holding Company, Inc. subsidary of Foseco Holding Company, Inc., foreign parent of Foseco Holding BV, Voorburg, Netherlands*

**Defendant**

**Ford Motor Company**

**Defendant**

**Foster-Wheeler Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**General Refractories Company**

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**Goodyear Tire and Rubber Company**

**Defendant**

**Gulf Belting & Gasket Co., Inc.**

**Defendant**

**IMO Industries, Inc.**
*f/k/a IMO de Laval, f/k/a Transamerica De Laval, f/k/a De Laval Turbine*

represented by **Frederick George Helmsing , Jr.**
McDowell Knight Roedder & Sledge, L.L.C.
P.O. Box 350
Mobile, AL 36601
(251) 432-5300
Fax: 2514325303
Email: fhelmsing@mcdowellknight.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian P. McCarthy**
McDowell Knight Roedder & Sledge, L.L.C.
P.O. Box 350
Mobile, AL 36601
(251) 432-5300
Fax: 2514325303
Email: bmccarthy@mcdowellknight.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Industrial Holdings Corporation**
*f/k/a The Carborundum Company*

represented by **Donald C. Partridge**
P. O. Box 22608
Jackson, MS 39225
601-974-8775
Email: partridgedc@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G. House , III**
Atchison, Crosby, Saad & Beebe, P.C.
3030 Knollwood Drive
Mobile, AL 36693
(334) 665-7200
Fax: 2516657250

Email: housejg@fpwk.com
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
200 South Lamar St., Suite 100S
Jackson, MS 39201
601-969-4297
Email: goodsonld@fpwk.com
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
Crump & Davis, P.C.
P.O. Box 22608
Jackson, MS 39225
Email: crumprm@fpwk.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Industrial Rubber and Specialty
Company**
*formerly Coastal Rubber & Gasket Co.*

<u>**Defendant**</u>

**Ingersoll-Rand Company**                    represented by **Donald C. Partridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G. House , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Insulation Engineers, Inc.**
*TERMINATED: 03/14/2011*

<u>**Defendant**</u>

**Insulation Contracting, Inc. of Alabama**
*TERMINATED: 03/14/2011*

<u>**Defendant**</u>

**Jamestown Metal and Marine Sales**

<u>**Defendant**</u>

**John Crane Company, Inc.**
*formerly John Crane Packing Company*

represented by **Frank E. Lankford , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stewart D. McCloud**
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
205-251-1193
Email: swm@hfsllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Louis M. Gerson Company, Inc.**

**Defendant**

**Maremont Corp.**

**Defendant**

**Marine Specialty Company, Inc.**

represented by **Donald C. Partridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G. House , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Minnesota Mining & Manufacturing Company**

represented by **James A. Harris , III**
Harris & Harris, LLP
2100A SouthBridge Parkway
Suite 570
Birmingham, AL 35209
205-871-5777
Email: jamey@harris-harris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mobil Oil Company**                      represented by  **Rocky W. Eaton**
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
Hattiesburg, MS 39403
601-583-2671
Email: reaton@aultmantyner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas W. Tyner**
Aultman Tyner &Ruffin Ltd.
315 Hemphill St.
Hattiesburg, MS 39401
601-583-2671
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Service Industries, Inc.**        represented by  **Donald C. Partridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G. House , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**North Brothers Company**                  represented by  **James G. House , III**
*a division of National Services Industries,*              (See above for address)
*Inc.*                                                      *ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Norton Company**

**Defendant**

**Oglebay Norton Company**

represented by **Jones Glynn Tubb**
P. O. Box 1607
Decatur, AL 35602
(256) 353-6761
Email: cel@eysterkey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Okonite Company**

**Defendant**

**Okonite Incorporated**

**Defendant**

**Owens-Illinois, Inc.**

**Defendant**

**Phelps Dodge Industries, Inc.**
*TERMINATED: 03/14/2011*

**Defendant**

**Rapid American Corporation**
*individually and as successor in interest to*
*the liability of Philip Carey Manufacturing*
*Corporation as the result of an express*
*assumption of all liabilities in the Glen*
*Allen Coraporation's 1967 merger with*
*Philip Carey Manufacturing Corporation*
*an*

**Defendant**

**Rayloc**

**Defendant**

**Reilly-Benton Company, Inc.**

**Defendant**

**Selby, Battersby & Co.**
*d/b/a S.B. Decking, Inc.*

**Defendant**

**Standard Equipment Company, Inc.**

**Defendant**

**Standard Motor Products**

represented by **Donald C. Partridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G. House , III**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Strafco**
*a/k/a General Parts, Inc.*

**Defendant**

**U.C. Realty Corp.**
*formerly MHC Holding and Land*
*Corporation, formerly Homecrafters*
*Centers, Inc., formerly Moore-Handley,*
*Inc.*

**Defendant**

**Uniroyal, Inc.**
*a/k/a Uniroyal Goodrich Tire Co., f/k/a*
*United States Rubber Company*

**Defendant**

**Uniroyal Fiber & Textire Division of**
**Uniroyal, Inc.**
*a division of Uniroyal, Inc.*
*TERMINATED: 03/22/2011*

**Defendant**

**Viacom, Inc.**
*successor by merger to CBS Corporation*
*TERMINATED: 03/22/2011*

**Defendant**

**Westinghouse Electric Corporation**

**Defendant**

**Wagner Electric**
*a/k/a Wagner Brake Products*

V.

**Non-Party**

**Zurn Industries, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 03/31/2011 | 44 | ORDER granting 39 Motion to Appear Pro Hac Vice (for Thomas W. Tyner). Signed by Magistrate Judge William E. Cassady on 3/31/11. (sdb) (Entered: 04/01/2011) |
|---|---|---|
| 03/31/2011 | 43 | Order Setting Motion Deadline re: 40 MOTION to Dismiss for Lack of Jurisdiction. Responses due by 4/14/2011. Replies due by 4/21/2011. Motion to be taken under submission on 4/22/2011. Signed by Magistrate Judge William E. Cassady on 3/31/11. copies to parties. (sdb) (Entered: 04/01/2011) |
| 03/31/2011 | 42 | ANSWER to 1 Complaint, by Minnesota Mining & Manufacturing Company. (Harris, James) (Entered: 03/31/2011) |
| 03/31/2011 | 41 | SUMMONS Returned Executed by William M. Cunningham, Jr. Amchem Products, Inc. served on 3/26/2011, answer due 4/18/2011; Borg-Warner served on 3/28/2011, answer due 4/18/2011; Collyer Insulated Wire Company served on 3/28/2011, answer due 4/18/2011; General Refractories Company served on 3/28/2011, answer due 4/18/2011; North Brothers Company served on 3/26/2011, answer due 4/18/2011; Uniroyal, Inc. served on 3/28/2011, answer due 4/18/2011; Wagner Electric served on 3/26/2011, answer due 4/18/2011. (Nelson, Scott) (Entered: 03/31/2011) |
| 03/31/2011 | 40 | MOTION to Dismiss for Lack of Jurisdiction by Industrial Holdings Corporation, Ingersoll-Rand Company, Marine Specialty Company, Inc., National Service Industries, Inc., Standard Motor Products. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Partridge, Donald) (Entered: 03/31/2011) |
| 03/31/2011 | 38 | SUMMONS Returned Executed by William M. Cunningham, Jr. A.W. Chesterton served on 3/16/2011, answer due 4/6/2011; Aearo Company 1 served on 3/16/2011, answer due 4/6/2011; Allied-Signal, Inc. served on 3/16/2011, answer due 4/6/2011; American Optical Corporation served on 3/17/2011, answer due 4/7/2011; Bendix Foundation Brake Corporation served on 3/16/2011, answer due 4/6/2011; CBS Corporation served on 3/17/2011, answer due 4/7/2011; Certainteed Corp. served on 3/16/2011, answer due 4/6/2011; Champion International served on 3/16/2011, answer due 4/6/2011; Crown Cork & Seal USA Co., Inc. served on 3/17/2011, answer due 4/7/2011; DB Riley served on 3/16/2011, answer due 4/6/2011; Dana Corporation served on 3/17/2011, answer due 4/7/2011; E.D. Bullard Company served on 3/16/2011, answer due 4/6/2011; Eastern Safety Equipment Co., Aearo Corporation served on 3/16/2011, answer due 4/6/2011; Ericsson, Inc. served on 3/16/2011, answer due 4/6/2011; Ford Motor Company served on 3/16/2011, answer due 4/6/2011; Foseco, Inc. served on 3/17/2011, answer due 4/7/2011; Foster-Wheeler Corporation served on 3/16/2011, answer due 4/6/2011; General Electric Company served on 3/16/2011, answer due 4/6/2011; Georgia-Pacific Corporation served on 3/17/2011, answer due 4/7/2011; Goodyear Tire and Rubber Company served on 3/16/2011, answer due 4/6/2011; Gulf Belting & Gasket Co., Inc. served on 3/16/2011, answer due 4/6/2011; Honeywell International, Inc. served on 3/16/2011, answer due 4/6/2011; IMO Industries, Inc. served on 3/16/2011, answer due 4/6/2011; Industrial Holdings Corporation served on 3/16/2011, answer due 4/6/2011; Industrial Rubber and Specialty Company served on 3/15/2011, answer due 4/5/2011; Ingersoll-Rand Company served on 3/16/2011, answer due 4/6/2011; Jamestown Metal and Marine Sales served on 3/17/2011, answer due 4/7/2011; John Crane Company, Inc. served on 3/16/2011, answer due 4/6/2011; Louis M. Gerson Company, Inc. served on 3/16/2011, answer due 4/6/2011; Maremont Corp. served on 3/17/2011, answer due 4/7/2011; Marine Specialty Company, Inc. served on 3/16/2011, answer due 4/6/2011; Metropolitan Life Insurance Company served on 3/16/2011, answer due 4/6/2011; Minnesota Mining & Manufacturing Company served on 3/16/2011, answer due 4/6/2011; Mobil Oil Company served on 3/16/2011, answer due 4/6/2011; National Service Industries, Inc. served on 3/17/2011, answer due 4/7/2011; Norton Company |

| | | |
|---|---|---|
| | | served on 3/16/2011, answer due 4/6/2011; Oglebay Norton Company served on 3/16/2011, answer due 4/6/2011; Okonite Company served on 3/16/2011, answer due 4/6/2011; Okonite Incorporated served on 3/17/2011, answer due 4/7/2011; Owens-Illinois, Inc. served on 3/17/2011, answer due 4/7/2011; Rapid American Corporation served on 3/17/2011, answer due 4/7/2011; Rayloc served on 3/16/2011, answer due 4/6/2011; Reilly-Benton Company, Inc. served on 3/15/2011, answer due 4/5/2011; Selby, Battersby & Co. served on 3/17/2011, answer due 4/7/2011; Standard Equipment Company, Inc. served on 3/16/2011, answer due 4/6/2011; Standard Motor Products served on 3/16/2011, answer due 4/6/2011; Strafco served on 3/16/2011, answer due 4/6/2011; U.C. Realty Corp. served on 3/17/2011, answer due 4/7/2011; Westinghouse Electric Corporation served on 3/16/2011, answer due 4/6/2011; Zurn Industries, Inc. served on 3/16/2011, answer due 4/6/2011. (Nelson, Scott) (Entered: 03/31/2011) |
| 03/30/2011 | 39 | MOTION for Thomas Tyner to Appear Pro Hac Vice by Mobil Oil Company. (Fee paid #20236) Referred to Judge William E. Cassady. (cmj) (Entered: 03/31/2011) |
| 03/30/2011 | 37 | Document endorsed NOTED by Judge Kristi K. DuBose: Corporate Disclosure Statement 32 filed by IMO Industries, Inc. A review of the corporate disclosure statement pursuant to Local Rule 3.4 has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest which would require disqualification or recusal in this action. (gcp) (Entered: 03/30/2011) |
| 03/30/2011 | 36 | ANSWER to 1 Complaint, by Oglebay Norton Company. (Tubb, Jones) (Entered: 03/30/2011) |
| 03/28/2011 | 35 | Summons Reissued as to Cablec Corporation (Alias Summons). Note to Counsel: The Summons have been re-issued. Please print copies necessary for service. (sdb) (Entered: 03/28/2011) |
| 03/28/2011 | 34 | NOTICE of Filing Proposed Summons by William M. Cunningham, Jr *ALIAS SUMMONS (CABLEC)* (Nelson, Scott) (Entered: 03/28/2011) |
| 03/28/2011 | 33 | ORDER on 32 Corporate Disclosure Statement filed by IMO Industries, Inc.. A review does not reveal any reason to believe that there are potential conflicts of interest that would require recusal in this action. Signed by Magistrate Judge William E. Cassady on 3/28/2011. copies to parties. (sdb) (Entered: 03/28/2011) |
| 03/28/2011 | 32 | Corporate Disclosure Statement filed by Defendant IMO Industries, Inc.. (Helmsing, Frederick) (Entered: 03/28/2011) |
| 03/24/2011 | 31 | ANSWER to 1 Complaint, by IMO Industries, Inc.. (Helmsing, Frederick) (Entered: 03/24/2011) |
| 03/24/2011 | 30 | Documents endorsed NOTED by Judge Kristi K. DuBose: Corporate Disclosure Statement 25 filed by Mobil Oil Company and Corporate Disclosure Statement 22 filed by Honeywell International, Inc. A review of the corporate disclosure statements pursuant to Local Rule 3.4 has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest which would require disqualification or recusal in this action. (gcp) (Entered: 03/24/2011) |
| 03/24/2011 | 28 | ORDER on 22 Corporate Disclosure Statement filed by Honeywell International, Inc.. A review does not reveal any reason to believe that there are potential conflicts of interest that would require recusal in this action.. Signed by Magistrate Judge William E. Cassady on 3/23/2011. (cmj) (Entered: 03/24/2011) |
| | | |

| | | |
|---|---|---|
| 03/24/2011 | 27 | Alias Summons Issued as to Borg-Warner, Collyer Insulated Wire Company, General Refractories Company, North Brothers Company, Uniroyal, Inc., Wagner Electric.. Note to Counsel: The Summons have been issued. Please print copies necessary for service. (cmj) (Entered: 03/24/2011) |
| 03/23/2011 | 29 | ORDER on 25 Corporate Disclosure Statement filed by Mobil Oil Company. A review does not reveal any reason to believe that there are potential conflicts of interest that would require recusal in this action.. Signed by Magistrate Judge William E. Cassady on 3/23/2011. (cmj) (Entered: 03/24/2011) |
| 03/23/2011 | 26 | Alias Summons Issued as to Amchem Products, Inc... Note to Counsel: The Summons have been issued. Please print copies necessary for service. (cmj) (Entered: 03/23/2011) |
| 03/23/2011 | 25 | Corporate Disclosure Statement filed by Defendants Mobil Oil Company, Mobil Corporation, ExxonMobil Corporation identifying Corporate Parent ExxonMobil Corporation, Corporate Parent Mobil Corporation for Mobil Oil Company.. (Eaton, Rocky) (Entered: 03/23/2011) |
| 03/23/2011 | 24 | ANSWER to 1 Complaint, by Mobil Oil Company. (Eaton, Rocky) (Entered: 03/23/2011) |
| 03/23/2011 | 23 | NOTICE of Filing Proposed Summons by William M. Cunningham, Jr *(ALIAS SUMMONS)* (Nelson, Scott) (Entered: 03/23/2011) |
| 03/23/2011 | 22 | Corporate Disclosure Statement filed by Defendant Honeywell International, Inc.. (Lankford, Frank) (Entered: 03/23/2011) |
| 03/23/2011 | 21 | NOTICE by Honeywell International, Inc. *of Tag Along Action* (Lankford, Frank) (Entered: 03/23/2011) |
| 03/23/2011 | 20 | ANSWER to 1 Complaint, by Honeywell International, Inc.. (Lankford, Frank) (Entered: 03/23/2011) |
| 03/22/2011 | 19 | Order re: 10 Notice of [Partial] Dismissal Without Prejudice as to Certain Defendants filed by William M. Cunningham, Jr.. It is ORDERED that all of the Plf's claims against Defendant Uniroyal Fiber & Textile Division of Uniroyal, Inc. and Defendant Viacom, Inc. are DISMISSED without prejudice. Signed by Judge Kristi K. DuBose on 3/22/2011. copies to parties. (sdb) (Entered: 03/22/2011) |
| 03/22/2011 | 18 | Document endorsed NOTED by Judge Kristi K. DuBose: Corporate Disclosure Statement 14 filed by John Crane Company, Inc. A review of the corporate disclosure statement pursuant to Local Rule 3.4 has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest which would require disqualification or recusal in this action. (gcp) (Entered: 03/22/2011) |
| 03/22/2011 | 17 | Document endorsed NOTED by Judge Kristi K. DuBose: Notice of Tag Along Action 12 filed by John Crane Company, Inc. (gcp) (Entered: 03/22/2011) |
| 03/22/2011 | 16 | NOTICE of Appearance by Stewart D. McCloud on behalf of John Crane Company, Inc. (McCloud, Stewart) (Entered: 03/22/2011) |
| 03/22/2011 | 15 | ORDER on 14 Corporate Disclosure Statement filed by John Crane Company, Inc.. A review does not reveal any reason to believe that there are potential conflicts of interest that would require recusal in this action.. Signed by Magistrate Judge William E. Cassady on 3/22/2011. (cmj) (Entered: 03/22/2011) |
| | | |

| 03/21/2011 | 14 | Corporate Disclosure Statement filed by Defendant John Crane Company, Inc.. (Lankford, Frank) (Entered: 03/21/2011) |
|---|---|---|
| 03/21/2011 | 13 | PRELIMINARY SCHEDULING ORDER entered. Rule 26 Meeting Report due by 5/5/2011. Signed by Magistrate Judge William E. Cassady on 3/21/2011. copies to parties. (sdb) (Entered: 03/21/2011) |
| 03/21/2011 | 12 | NOTICE by John Crane Company, Inc. *of Tag Along Action* (Lankford, Frank) (Entered: 03/21/2011) |
| 03/21/2011 | 11 | ANSWER to 1 Complaint, by John Crane Company, Inc.. (Lankford, Frank) (Entered: 03/21/2011) |
| 03/14/2011 | 10 | NOTICE by William M. Cunningham, Jr re 1 Complaint, *RULE 41(a)(1)(i) NOTICE OF DISMISSAL WITHOUT PREJUDICE AS TO CERTAIN DEFENDANTS* (Nelson, Scott) (Entered: 03/14/2011) |
| 03/14/2011 | 9 | Summons Issued as to A.W. Chesterton, Aearo Company 1, Allied-Signal, Inc., Amchem Products, Inc., American Optical Corporation, Bendix Foundation Brake Corporation, Borg-Warner, CBS Corporation, Cablec Corporation, Certainteed Corp., Champion International, Collyer Insulated Wire Company, Compudyne, Inc., Crown Cork & Seal USA Co., Inc., DB Riley, Dana Corporation, E.D. Bullard Company, E.H. O'Neil Co., Inc., Eastern Safety Equipment Co., Aearo Corporation, Ericsson, Inc., Ford Motor Company, Foseco, Inc., Foster-Wheeler Corporation, General Electric Company, General Refractories Company, Georgia-Pacific Corporation, Goodyear Tire and Rubber Company, Gulf Belting & Gasket Co., Inc., Honeywell International, Inc., IMO Industries, Inc., Industrial Holdings Corporation, Industrial Rubber and Specialty Company, Ingersoll-Rand Company, Jamestown Metal and Marine Sales, John Crane Company, Inc., Louis M. Gerson Company, Inc., Maremont Corp., Marine Specialty Company, Inc., Metropolitan Life Insurance Company, Minnesota Mining & Manufacturing Company, Mobil Oil Company, National Service Industries, Inc., North Brothers Company, Norton Company, Oglebay Norton Company, Okonite Company, Okonite Incorporated, Owens-Illinois, Inc., Rapid American Corporation, Rayloc, Reilly-Benton Company, Inc., Selby, Battersby & Co., Standard Equipment Company, Inc., Standard Motor Products, Strafco, U.C. Realty Corp., Uniroyal, Inc., Wagner Electric, Westinghouse Electric Corporation, Zurn Industries, Inc... Note to Counsel: The Summons have been issued. Please print copies necessary for service. (cmj) (Entered: 03/14/2011) |
| 03/14/2011 | 8 | ORDER DISMISSING PARTIES re: 7 Rule 41 Notice of Partial Dismissal filed by William M. Cunningham, Jr.. All of the Plaintiff's claims against the following 11 defendants are hereby DISMISSED without prejudice: Anchor Packing Company, Charter, Inc., Charter Consolidated, P.L.C., Charter Consolidated Finance Limited, Charter Consolidated Financial Services Limited, Charter Consolidated Investments Limited, Charter Consolidated Services Limited, Consolidated Mines Selection Company Limited, Insulation Engineers, Inc., Insulation Contracting, Inc. of Alabama, Phelps Dodge Industries, Inc.. Nothing herein shall be construed as dismissing any of the Plaintiff's claims against the remaining defendants. Signed by Judge Kristi K. DuBose on 3/14/2011. Copies to parties. (sdb) (Entered: 03/14/2011) |
| 03/11/2011 | 7 | NOTICE by William M. Cunningham, Jr re 1 Complaint, *RULE 41(a)(1)(i) NOTICE OF DISMISSAL WITHOUT PREJUDICE AS TO CERTAIN DEFENDANTS* (Nelson, Scott) (Entered: 03/11/2011) |
| 03/11/2011 | 6 | NOTICE of Filing Proposed Summons by William M. Cunningham, Jr *CORRECTED* |

| | | (Nelson, Scott) (Entered: 03/11/2011) |
|---|---|---|
| 03/09/2011 | 5 | Summons Issued as to Okonite Company.. Note to Counsel: The Summons have been issued. Please print copies necessary for service. (cmj) (Entered: 03/09/2011) |
| 03/09/2011 | 4 | Summons Issued as to A.W. Chesterton, Aearo Company 1, Allied-Signal, Inc., Amchem Products, Inc., American Optical Corporation, Bendix Foundation Brake Corporation, Borg-Warner, CBS Corporation, Cablec Corporation, Certainteed Corp., Champion International, Collyer Insulated Wire Company, Compudyne, Inc., Crown Cork & Seal USA Co., Inc., DB Riley, Dana Corporation, E.D. Bullard Company, E.H. O'Neil Co., Inc., Eastern Safety Equipment Co., Aearo Corporation, Ericsson, Inc., Ford Motor Company, Foseco, Inc., Foster-Wheeler Corporation, General Electric Company, General Refractories Company, Georgia-Pacific Corporation, Goodyear Tire and Rubber Company, Gulf Belting & Gasket Co., Inc., Honeywell International, Inc., IMO Industries, Inc., Industrial Rubber and Specialty Company, Ingersoll-Rand Company, Jamestown Metal and Marine Sales, John Crane Company, Inc., Louis M. Gerson Company, Inc., Maremont Corp., Marine Specialty Company, Inc., Metropolitan Life Insurance Company, Minnesota Mining & Manufacturing Company, Mobil Oil Company, National Service Industries, Inc. North Brothers Company, Norton Company, Oglebay Norton Company, Okonite Inc., Standard Equipment Company, Inc... Note to Counsel: The Summons have been issued. Please print copies necessary for service. (cmj) Modified on 3/9/2011 (cmj). Modified on 3/9/2011 (cmj). (Entered: 03/09/2011) |
| 03/09/2011 | 3 | NOTICE of Filing Proposed Summons by William M. Cunningham, Jr (Nelson, Scott) (Entered: 03/09/2011) |
| 03/07/2011 | 2 | NOTICE of Filing Proposed Summons by William M. Cunningham, Jr (Nelson, Scott) (Main Document 2 replaced on 3/9/2011) (cmj). (Entered: 03/07/2011) |
| 12/03/2010 | 1 | COMPLAINT against All Defendants ( Filing fee $350 receipt number 1128-1019733, Online Credit Card Payment), filed by William M. Cunningham, Jr. (Attachments: # 1 Exhibit A) (Nelson, Scott) (Additional attachment(s) added on 12/7/2010: # 2 Civil Cover Sheet) (sdb). (Entered: 12/03/2010) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/01/2011 09:39:57 | | | |
| **PACER Login:** | em0888 | **Client Code:** | SE-Cunningham |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-00671-KD-C |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

WILLIAM M. CUNNINGHAM, JR.
PERSONAL REPRESENTATIVE AND
EXECUTOR OF THE ESTATE OF
REBECCA C. CUNNINGHAM, DECEASED                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 10-671

AEARO COMPANY I
ALLIED-SIGNAL, INC., and as successor in interest to BENDIX FOUNDATION
     BRAKE CORPORATION
BENDIX FOUNDATION BRAKE CORPORATION
BORG-WARNER
AMCHEM PRODUCTS, INC.
AMERICAN OPTICAL CORPORATION
ANCHOR PACKING COMPANY
A. W. CHESTERTON
CABLEC CORPORATION
CBS CORPORATION
CERTAINTEED CORP.
CHAMPION INTERNATIONAL
CHARTER, INC.
CHARTER CONSOLIDATED, P.L.C.
CHARTER CONSOLIDATED FINANCE LIMITED
CHARTER CONSOLIDATED FINANCIAL SERVICES LIMITED
CHARTER CONSOLIDATED INVESTMENTS LIMITED
CHARTER CONSOLIDATED SERVICES LIMITED
COLLYER INSULATED WIRE COMPANY
COMPUDYNE, INC., FORMERLY ROBINTECH, INC.
     D/B/A YORK SHIPLEY, INC.
CONSOLIDATED MINES SELECTION COMPANY LIMITED
CROWN CORK & SEAL USA, CO., INC.
DANA CORPORATION
DB RILEY f/k/a RILEY-STOKER CORPORATION
EASTERN SAFETY EQUIPMENT CO., AEARO CORPORATION
E. D. BULLARD COMPANY
E. H. O'NEIL CO., INC.
ERICSSON, INC., and its operating unity Continental Wire & Cable Company and
     Anaconda Power Cable
FOSECO, INC., individually and as the wholly owned subsidiary of Georgetown
     Holding Company, Inc., subsidiary of Foseco Holding Company, Inc., Foreign
     Parent of Foseco Holding BV, Voorburg, Netherlands
FORD MOTOR COMPANY

1

FOSTER-WHEELER CORPORATION
GENERAL ELECTRIC COMPANY
GENERAL REFRACTORIES COMPANY
GEORGIA-PACIFIC CORPORATION
GOODYEAR TIRE AND RUBBER COMPANY
GULF BELTING & GASKET CO., INC.
HONEYWELL INTERNATIONAL, INC., f/k/a/ ALLIED-SIGNAL, INC., f/k/a and
    successor in interest to BENDIX FOUNDATION BRAKE CORPORATION
IMO INDUSTRIES, INC. f/k/a IMO De Laval, f/k/a Transamerica De Laval f/k/a
    De Laval Turbine
INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company
INDUSTRIAL RUBBER AND SPECIALTY COMPANY, formerly
    COASTAL RUBBER & GASKET CO.
INGERSOLL-RAND COMPANY
INSULATION ENGINEERS, INC.
INSULATION CONTRACTING, INC. OF ALABAMA
JAMESTOWN METAL AND MARINE SALES
JOHN CRANE COMPANY, INCORPORATED, formerly
    JOHN CRANE PACKING COMPANY
LOUIS M. GERSON COMPANY, INC.
MAREMONT CORP.
MARINE SPECIALTY COMPANY, INC.
METROPOLITAN LIFE INSURANCE COMPANY
MINNESOTA MINING & MANUFACTURING COMPANY
MOBIL OIL COMPANY
NATIONAL SERVICE INDUSTRIES, INC.
NORTH BROTHERS COMPANY, a Division of National Services Industries, Inc.
NORTON COMPANY
OGLEBAY NORTON COMPANY
OKONITE COMPANY
OKONITE INCORPORATED
OWENS-ILLINOIS, INC.
PHELPS DODGE INDUSTRIES, INC.
RAPID AMERICAN CORPORATION, individually and as successor in interest to the
    liability of Philip Carey Manufacturing Corporation as the result of an express
    assumption of all liabilities in the Glen Allen Corporation's 1967 merger with
    Philip Carey Manufacturing Corporation and the Glen Allen Corporation is the
    predecessor in interest to Rapid American Corporation
RAYLOC
REILLY-BENTON COMPANY, INC.
SELBY, BATTERSBY & CO., d/b/a S B DECKING, INC.
STANDARD EQUIPMENT COMPANY, INC.
STANDARD MOTOR PRODUCTS
STRAFCO, a/k/a General Parts, Inc.,
U.C. REALTY CORP., formerly MHC HOLDING AND LAND CORPORATION,
    formerly Homecrafters Centers, Inc., formerly Moore-Handley, Inc.

2

UNIROYAL, INC., a/k/a UNIROYAL GOODRICH TIRE CO., f/k/a
    UNITED STATES RUBBER COMPANY
UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC.,
    a division of UNIROYAL, INC.
VIACOM, INC., Successor by Merger to CBS CORPORATION
    as successor in interest to WESTINGHOUSE ELECTRIC CORPORATION
WAGNER ELECTRIC, A/K/A WAGNER BRAKE PRODUCTS
WESTINGHOUSE ELECTRIC CORPORATION
ZURN INDUSTRIES, INC.                              DEFENDANTS

## COMPLAINT

COMES NOW, William M. Cunningham, Jr., as the Personal Representative/Executor, Heir at Law, Real Party in Interest and Wrongful Death Beneficiary of The Estate of Rebecca C. Cunningham and files this Complaint for damages pursuant to Section 6-5-410 of Code of Alabama and in support thereof would show unto the Court as follows:

## PARTIES

1.    William M. Cunningham, Jr. is the Personal Representative, Heir at Law, Real Party in Interest and Wrongful Death Beneficiary of The Estate of Rebecca C. Cunningham ("Decedent"), and is the proper party to bring this cause of action pursuant to Section 6-5-410 of the Alabama Code. The Plaintiff, William M. Cunningham, Jr. having been appointed Personal Representative and Executor of the Estate of Rebecca C. Cunningham on December 19, 2008 is the proper party to bring this action. A copy of said appointment is attached hereto as Exhibit A. Rebecca C. Cunningham, Decedent, was a resident of Fairhope, Baldwin County, Alabama at the time of her death on December 3, 2008. The Decedent died due to sarcomatoid malignant peritoneal Mesothelioma, as a direct result of exposure to Defendants' toxic and poisonous asbestos-containing products. During her lifetime the Decedent was exposed to asbestos-

3

containing products due to her employment from 1972 to 1978 and her husband's employment from 1945 through 1985. The Decedent worked as a receptionist, cashier and bookkeeper at Simmons Tire Company in Fairhope, AL between 1972 and 1978 and as such had years of exposure to Defendants' asbestos-containing products, the inhalation of which is and was known by the Defendants to cause mesothelioma and death. During said employment Decedent was routinely exposed to asbestos fibers and dust due to repair or replacement work performed on brake shoes, pads, drums, linings and transmission bands, among other automotive parts. Decedent worked in close proximity on a daily basis to said repair and replacement work which released respirable asbestos fibers, dust and particles. Additionally, the Decedent was routinely and regularly exposed to asbestos containing products by virtue of her husband's, William M. Cunningham, Sr., work from 1945 through 1985. As a result of the job duties of Decedent's husband, asbestos particles and dust were transported from his respective job sites to Decedent. Throughout her marriage she came into contact with her husband on a daily basis after work, washed his work clothes and cleaned areas where his work clothes and equipment were stored. The Decedent's husband's exposure to asbestos occurred during his employment with the following employers:

| | |
|---|---|
| 1945-1951 | Bell South working at ADDSCO, Mobile, AL  (Installer) |
| 1951-1952 | U. S. Army - Stationed in Ft. Jackson, SC and Seymour, Indiana (Infantry) |
| 1957-1985 | Bell South and South Central Bell (Foreman) at the following sites: |

> Ciba Geigy, McIntosh, AL (1957-1972)
> Olin, McIntosh, AL  (1957-1972)
> Allied Paper Mill (now known as Boise Cascade) Jackson, AL
> Barry Steam Plant
> Courtaulds
> Alabama Electric Co-Op Generating Plant, Leroy, AL
> Soloman Brothers Shirt Factory, Thomasville, AL

Vanity Fair, Jackson, AL
Scotch Lumber, Fulton, AL
White-Smith Lumber, Jackson, AL

The Decedent was exposed to asbestos-containing products during her lifetime wherein she was routinely and regularly exposed to Defendants' toxic and poisonous asbestos-containing products, which ultimately caused the Decedent to suffer a slow, painful death due to Mesothelioma.

2.    The Defendants are proprietorships, partnerships, limited partnerships, limited liability partnerships and corporations and other legal entities or successors-in-interest in such proprietorships, partnerships, limited partnerships, limited liability partnerships and corporations and other legal entities, who are citizens of various States of the United States.

3.    The Defendants liable for Decedent's wrongful death are as follows:

a.    Defendant, AEARO COMPANY I, formerly known as CABOT SAFETY CORPORATION, is a Delaware Corporation and may be served with process and summons by serving its registered agent, <u>Prentice Hall Corporation, 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204</u>

b.    Defendant, ALLIED-SIGNAL, INC., and as successor in interest to BENDIX FOUNDATION BRAKE CORPORATION, is a foreign corporation and may be served with process and summons by serving agent at <u>CSC-Lawyers Incorporating SVC, Inc., 150 South Perry Street, Montgomery, AL  36104</u>.

c.    Defendant, BENDIX FOUNDATION BRAKE CORPORATION, is a foreign corporation and may be served with process and summons by serving agent at <u>CSC-Lawyers Incorporating SVC, Inc., 150 South Perry Street, Montgomery, AL 36104</u>.

d.    Defendant, BORG-WARNER, a Delaware Corporation and may be served with process and summons by serving it's registered agent <u>Fred S. Ball, Jr. and Richard A. Ball, 200 South Lawrence Street, Montgomery AL.</u>

e.   Defendant, AMCHEM PRODUCTS, INC. is a foreign corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208

f.   Defendant, AMERICAN OPTICAL CORPORATION is a corporation organized and existing under and by virtue of the laws of the State of Delaware, and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39201-2684.

g.   Defendant, ANCHOR PACKING COMPANY is a Delaware corporation and may be served with process and summons by serving its agent at The Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

h.   Defendant, A. W. CHESTERTON is a Massachusetts corporation and may be served with process and summons by serving its agent at Route 93, Middlesex Industrial Park, 225 Fallon Road, Stoneham, MA 02182.

i.   Defendant, CABLEC CORPORATION, individually and as successor in interest to Anaconda Power & Cable, is a Delaware corporation and may be served with process and summons by serving its agent at One Crossfield Avenue West, West Nyack, NY 10994.

j.   Defendant, CBS CORPORATION as Successor in interest to WESTINGHOUSE ELECTRIC CORPORATION, is a Pennsylvania corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, MS 39208.

k.   Defendant, CERTAINTEED CORP. is a Delaware corporation and may be served with process and summons by serving its agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

l.   Defendant, CHAMPION INTERNATIONAL, is a New York corporation and may be served with process and summons by serving its agent United States Corporation, 80 State Street, Albany, New York, 12207.

m.   Defendant, CHARTER, INC. is a foreign corporation and may be served with process and summons by serving its agent at 7 Hobart Place, London SW1W OHH, England.

n.   Defendant, CHARTER CONSOLIDATED, P.L.C. is a foreign corporation and may be served with process and summons by serving its agent at 7 Hobart Place, London SW1W OHH, England.

o.    Defendant, CHARTER CONSOLIDATED FINANCE LIMITED is a foreign corporation and may be served with process and summons by serving its agent at 7 Hobart Place, London SW1W OHH, England.

p.    Defendant, CHARTER CONSOLIDATED FINANCIAL SERVICES LIMITED is a foreign corporation and may be served with process and summons by serving its agent at 7 Hobart Place, London SW1W OHH, England.

q.    Defendant, CHARTER CONSOLIDATED INVESTMENTS LIMITED is a foreign corporation and may be served with process and summons by serving its agent at 7 Hobart Place, London SW1W OHH, England.

r.    Defendant, CHARTER CONSOLIDATED SERVICES LIMITED is a foreign corporation and may be served with process and summons by serving its agent at Charter House, Victoria Road, Runcorn, Cheshire WA7 5SS, England.

s.    Defendant, COLLYER INSULATED WIRE COMPANY, a Delaware Corporation

t.    Defendant, COMPUDYNE, INC., FORMERLY ROBINTECH, INC. D/B/A YORK SHIPLEY, INC., is a Delaware corporation and may be served with process and summons by serving its agent at The Company Corporation, 1313 North Market Street, Wilmington, Delaware 19801.

u.    Defendant, CONSOLIDATED MINES SELECTION COMPANY LIMITED is a foreig corporation and may be served with process and summons by serving its agent at 7 Hobart Place, London SW1W OHH, England.

v.    Defendant, CROWN CORK & SEAL USA, CO., INC., is a Mississippi corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

w.    Defendant, DANA CORPORATION is a Virginia corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208

x.    Defendant, DB RILEY f/k/a RILEY-STOKER CORPORATION, may be served with process and summons by serving its agent for service, C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

y.    Defendant, EASTERN SAFETY EQUIPMENT CO., AEARO CORPORATION, is a foreign corporation and may be served with process and summons by serving its home office, located at 90 Mechanic Street, Southbridge, MA 01550.

z.  Defendant, E. D. BULLARD COMPANY, is a California corporation, Service of process and summons upon this Defendant may be had by serving its agent, <u>Roger L. Andrews, 1898 Safety Way, Cynthiana, KY 41031-9303, by certified mail</u>.

aa.  Defendant, E. H. O'NEIL CO., INC., is a Maryland corporation and may be served with process and summons by serving <u>1405 Chippendale Road, Lutherville, Maryland 21093</u>.

bb.  Defendant, ERICSSON, INC., and its operating unity Continental Wire & Cable Company and Anaconda Power Cable is a foreign corporation and may be served with process and summons by serving its home office located at <u>730 International Parkway, Richardson, TX 75081</u>.

cc.  Defendant, FOSECO, INC., individually and as the wholly owned subsidiary of Georgetown Holding Company, Inc., subsidiary of Foseco Holding Company, Inc., Foreign Parent of Foseco Holding BV, Voorburg, Netherlands, may be served with process through its agent located at <u>20200 Sheldon Road, Cleveland, Ohio 44142</u>.

dd.  Defendant, FORD MOTOR COMPANY, a Delaware corporation and may be served with process and summons by serving its agent at <u>C. T. Corporation System, 2 North Jackson St., Suite 605, Montgomery, AL 36104</u>.

ee.  Defendant, FOSTER-WHEELER CORPORATION is a New York corporation and may be served with process and summons by serving its agent at <u>United States Corporation Co., 506 South President Street, Jackson, Mississippi 39201</u> and/or <u>14th Floor, 666 Fifth Avenue, New York, New York 10103</u>.

ff.  Defendant, GENERAL ELECTRIC COMPANY, is a New York corporation and may be served with process and summons by serving its agent <u>C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208</u>.

gg.  Defendant, GENERAL REFRACTORIES COMPANY, is a foreign corporation and may be served with process and summons by serving its home office located at <u>225 East City Lane Ave., Suite 114, Balla Cynwyd, PA 19004</u>.

hh.  Defendant, GEORGIA-PACIFIC CORPORATION, is a Georgia corporation and may be served with process and summons by serving its registered agent, <u>C. T. Corporation System, 1633 Broadway, New York, NY 10019</u>.

ii.  Defendant, GOODYEAR TIRE AND RUBBER COMPANY, is a foreign corporation and may be served with process and summons by serving its home office located at <u>1144 E. Market Street, Akron, OH 44316</u> or by serving its registered agent, <u>C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208</u>..

z.      Defendant, E. D. BULLARD COMPANY, is a California corporation, Service of process and summons upon this Defendant may be had by serving its agent, Roger L. Andrews. 1898 Safety Way. Cynthiana. KY 41031-9303. by certified mail.

aa.     Defendant, E. H. O'NEIL CO., INC., is a Maryland corporation and may be served with process and summons by serving 1405 Chippendale Road. Lutherville, Maryland 21093.

bb.     Defendant, ERICSSON, INC., and its operating unity Continental Wire & Cable Company and Anaconda Power Cable is a foreign corporation and may be served with process and summons by serving its home office located at 730 International Parkway, Richardson, TX 75081.

cc.     Defendant, FOSECO, INC., individually and as the wholly owned subsidiary of Georgetown Holding Company, Inc., subsidiary of Foseco Holding Company, Inc., Foreign Parent of Foseco Holding BV, Voorburg, Netherlands, may be served with process through its agent located at 20200 Sheldon Road. Cleveland. Ohio 44142.

dd.     Defendant, FORD MOTOR COMPANY, a Delaware corporation and may be served with process and summons by serving its agent at C. T. Corporation System. 2 North Jackson St., Suite 605. Montgomery, AL 36104.

ee.     Defendant, FOSTER-WHEELER CORPORATION is a New York corporation and may be served with process and summons by serving its agent at United States Corporation Co., 506 South President Street. Jackson, Mississippi 39201 and/or 14th Floor, 666 Fifth Avenue, New York, New York 10103.

ff.     Defendant, GENERAL ELECTRIC COMPANY, is a New York corporation and may be served with process and summons by serving its agent C. T. Corporation Systems, 631 Lakeland East Drive. Flowood, MS 39208.

gg.     Defendant, GENERAL REFRACTORIES COMPANY, is a foreign corporation and may be served with process and summons by serving its home office located at 225 East City Lane Ave., Suite 114, Balla Cynwyd, PA 19004.

hh.     Defendant, GEORGIA-PACIFIC CORPORATION, is a Georgia corporation and may be served with process and summons by serving its registered agent, C. T. Corporation System, 1633 Broadway. New York, NY 10019.

ii.     Defendant, GOODYEAR TIRE AND RUBBER COMPANY, is a foreign corporation and may be served with process and summons by serving its home office located at 1144 E. Market Street, Akron, OH 44316 or by serving its registered agent, C. T. Corporation Systems, 631 Lakeland East Drive. Flowood, MS 39208..

jj.    Defendant, GULF BELTING & GASKET CO., INC., is a Louisiana corporation, and may be served with process and summons by serving its agent, Theodore J. Bourgeois, 4612 Jeannette Dr., Metairie, LA 70003.

kk.    Defendant, HONEYWELL INTERNATIONAL, INC., f/k/a/ ALLIED-SIGNAL, INC., f/k/a and successor in interest to BENDIX FOUNDATION BRAKE CORPORATION is a Delaware corporation and may be served with process and summons by serving its agent, C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi 39201-2684.

ll.    Defendant, IMO INDUSTRIES, INC. f/k/a IMO De Laval, f/k/a Transamerica De Laval f/k/a De Laval Turbine, A Delaware Corporation, C/O Its Registered Agent: The Corporation Trust Company, The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

mm.    Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company, A Delaware Corporation, C/O Its Registered Agent: C.T. Corporation System, 111 Eighth Avenue, New York, NY 10011.

nn.    Defendant, INDUSTRIAL RUBBER AND SPECIALTY COMPANY, formerly COASTAL RUBBER & GASKET CO., is a Mississippi corporation and may be served with process and summons by serving its agent, Greg Hubert, 715 McDowell Road, Jackson, MS 39204.

oo.    Defendant, INGERSOLL-RAND COMPANY is a New Jersey corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208

pp.    Defendant, INSULATION ENGINEERS, INC. is an Alabama corporation and may be served with process and summons by serving its agent at Roy C. Coffer, Route 1, Box 169, Silverhill, Alabama 37576.

qq.    Defendant, INSULATION CONTRACTING, INC. OF ALABAMA is an Alabama corporation and may be served with process and summons by serving its agent at Secretary of State for the State of Alabama, State Capitol, Montgomery, Alabama 36130.

rr.    Defendant, JAMESTOWN METAL AND MARINE SALES, is a foreign corporation and may be served with process and summons by serving its agent at C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi 39208.

ss.    Defendant, JOHN CRANE COMPANY, INCORPORATED, formerly JOHN CRANE PACKING COMPANY, is a Delaware corporation and may be served with process and summons by serving its agent at The Corporation Trust Center, 1201 Orange Street, Wilmington, DE 19801.

tt.   Defendant, LOUIS M. GERSON COMPANY, INC. is a Maine corporation and may be served with process and summons by serving its agent at 15-F3 Sproat Street, Middleboro, Maine 02346.

uu.   Defendant, MAREMONT CORP. is a Delaware corporation and may be served with process and summons by serving its agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

vv.   Defendant, MARINE SPECIALTY COMPANY, INC., is an Alabama corporation, and may be served with process and summons by serving its registered agent, Andy Henderson, 1536 Gardner Blvd., Suite 707, Columbus, MS 39702.

ww.   Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a New York corporation and may be served with process and summons by serving its agent at Erskine W. Wells, 400 Lamar Building, 317 East Capitol Street, Jackson, MS 39205 and/or Donald Harmen, c/o Metropolitan Life Insurance Company, 1 Madison Avenue, Area 7-DE, New York, NY 10010.

xx.   Defendant, MINNESOTA MINING & MANUFACTURING COMPANY, is a Delaware corporation and may be served with process and summons by serving its agent at C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

yy.   Defendant, MOBIL OIL COMPANY, C/O Its Registered Agent: Prentice-Hall Corp. Systems, Inc., 57 Adams Avenue, Montgomery, AL  36104

zz.   Defendant, NATIONAL SERVICE INDUSTRIES, INC. is a Delaware corporation and may be served with process and summons by serving its agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.

aaa.   Defendant, NORTH BROTHERS COMPANY, a Division of National Services Industries, Inc., is a foreign corporation and may be served with process and summons by serving its agent, C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi  39208

bbb.   Defendant, NORTON COMPANY, is a foreign corporation and may be served with process and summons by servings its registered agent, Corporation Trust System, 101 Federal Street, Boston, MA 02109.

ccc.   Defendant, OGLEBAY NORTON COMPANY is a foreign corporation and may be served with process and summons by serving its home office located at 633 Battery Street, San Francisco, California 94111.

10

ddd.  Defendant, OKONITE COMPANY, is a foreign corporation and may be served with process and summons by serving Al Coppola, President, 102 Hilltop, Ramsey, NJ 07446.

eee.  Defendant, OKONITE INCORPORATED, is a Delaware corporation and may be served with process and summons by serving its registered agent for service, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

fff.  Defendant, OWENS-ILLINOIS, INC., is a Delaware corporation and may be served with process and summons by serving its registered agent for service The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801.

ggg.  Defendant, PHELPS DODGE INDUSTRIES, INC., is a foreign corporation and may be served with process and summons by serving its registered agent, Robert C. Swan, Law Department, Phelps Dodge, 2600 N. Central Avenue, Phoenix, AZ 85004-3014.

hhh.  Defendant, RAPID AMERICAN CORPORATION, individually and as successor in interest to the liability of Philip Carey Manufacturing Corporation as the result of an express assumption of all liabilities in the Glen Allen Corporation's 1967 merger with Philip Carey Manufacturing Corporation and the Glen Allen Corporation is the predecessor in interest to Rapid American Corporation, is a foreign corporation and may be served with process and summons by serving its agent at Stuart H. Aarons, 1700 Broadway, New York, NY 10019.

iii.  Defendant, RAYLOC, a division of Genuine Parts Company, a Georgia corporation and may be served with process and summons by serving its agent, Ronnie Dubose, 701 North 39th Street Birmingham, AL 35222.

jjj.  Defendant, REILLY-BENTON COMPANY, INC., is a Louisiana corporation and may be served with process and summons by serving its agent at C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi, 39208.

kkk.  Defendant, SELBY, BATTERSBY & CO., d/b/a S B DECKING, INC., is a Delaware corporation and may be served with process and summons by serving its agent at 5220 Whitby Avenue, Philadelphia, PA 19143 and/or Corporation Trust Company, The Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

lll.  Defendant, STANDARD EQUIPMENT COMPANY, INC., is a Delaware corporation and may be served with process and summons by serving its agent Burnley Davis, 75 Beauregard St., P. O. Drawer G, Mobile, AL 36601.

11

mmm. Defendant, STANDARD MOTOR PRODUCTS, a foreign corporation and may be served with process and summons by serving its agent Samuel Kaufman, One Court Square, Montgomery, AL.

nnn. Defendant, STRAFCO, a/k/a General Parts, Inc., a foreign corporation and may be served with process and summons by serving its agent Prentice Hall Corporation System, Inc., 150 S. Perry Street, Montgomery, AL 27604

ooo. Defendant, U.C. REALTY CORP., formerly MHC HOLDING AND LAND CORPORATION, formerly Homecrafters Centers, Inc., formerly Moore-Handley, Inc., is a Delaware corporation and may be served with process and summons by serving its agent at Prentice-Hall Corporation Systems, Inc., 1013 Center Road, Wilmington, DE 19805.

ppp. Defendant, UNIROYAL, INC., a/k/a UNIROYAL GOODRICH TIRE CO., f/k/a UNITED STATES RUBBER COMPANY is a Delaware corporation and may be served with process and summons by serving its agent, The Prentice Hall Corporation System, 1013 Centre Road, Wilmington, DE 19805.

qqq. Defendant, UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC., a division of UNIROYAL, INC., is a New Jersey corporation and may be served with process and summons by serving its agent at Prentice Hall Corporation Systems, 830 Bear Tavern Road, Suite 305, West Trenton, NJ 08628.

rrr. Defendant, VIACOM, INC., Successor by Merger to CBS CORPORATION as successor in interest to WESTINGHOUSE ELECTRIC CORPORATION, is a Pennsylvania Corporation and may be served with process and summons by serving its agent Gary Hunt, 19564 Linda Lane, Saucier, MS 39574.

sss. Defendant, WAGNER ELECTRIC, A/K/A WAGNER BRAKE PRODUCTS, a Delaware corporation and may be served with process and summons by serving its agent Fred S. Ball, Jr. and Richard A. Ball, 200 South Lawrence Street, Montgomery AL and/or The Corporation Company, 60 Commerce Street, Montgomery, AL 36103.

ttt. Defendant, WESTINGHOUSE ELECTRIC CORPORATION, is a Pennsylvania Corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, MS 39208.

uuu. Defendant, ZURN INDUSTRIES, INC., is a foreign corporation and may be served with process and summons by serving its agent C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

4.    In addition to Defendants named herein, there are Defendants whose

12

identities are yet unknown to Plaintiff. These Defendants also designed, tested, evaluated, manufactured, mined, developed, refurbished, fabricated, installed, assisted in the manufacturing of, packaged, furnished, supplied, distributed and/or sold asbestos and/or asbestos-containing products, many of which were not conspicuously marked by content, name, manufacturer, or otherwise, thus the precise identity of many of these products were unknown to Plaintiff. These unidentified Defendants were named by Plaintiff as "John Doe" Defendants in accordance with the relevant rules of Federal Rules of Civil Procedure and every allegation in this Complaint is an allegation and a filing as of this date against each "John Doe" Defendant. At such time as a "John Doe" Defendant may be subsequently identified, Plaintiff reserves the right to amend this Complaint with the amendment relating back to the date of the original filing.

## JURISDICTION AND VENUE

5.      The U.S. District Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332. Furthermore, the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

## BACKGROUND

6.      As used in this Complaint, the phrase "Defendants' asbestos-containing products" or the phrase "Defendants' asbestos" means use of or maintaining asbestos-containing products at Decedent's respective job site and the jobs sites of Decedent's husband and asbestos-containing products for which the Plaintiff alleges a Defendant is liable, either directly or indirectly. During all or part of the period from 1930 through the present (the "exposure period") each of the Defendants mined, designed, developed, refurbished, fabricated, installed, assisted in the manufacture, installation, specified,

evaluated, manufactured, packaged, furnished, distributed, supplied and/or sold adhesives, construction materials, insulation materials, cements, dryer felt belts, mastics, protective clothing, gaskets, blankets, refractory products, automotive products, friction products, including but not limited to brake shoes, pad, drums, linings and transmission brands, fiber and other products, or materially assisted and aided and abetted others in so doing, which substances were routinely and regularly used in and around Decedent's job site and the job sites of Decedent's husband throughout 1945-1985. Each of the aforementioned products contained fibrous, incombustible, chemical-resistant, mineral substances commonly called "asbestos." Asbestos is a highly toxic and poisonous substance, which toxicity was well known for many decades to the aforestated Defendants.

7.      The Decedent, through her employment and the employment of her husband was routinely and regularly exposed to such products in various locations throughout Alabama, South Carolina and Indiana, such that Decedent was exposed to Defendants' asbestos and Defendants' asbestos-containing products.

8.      When inhaled or otherwise ingested, Defendants' asbestos and Defendants' asbestos-containing products cause irreparable and progressive lung damage that can manifest itself in lung cancer, asbestosis, Mesothelioma, pulmonary and bronchogenic carcinoma, and cardiac disease, among other diseases and injuries and death.

9.      Each of the Defendants knew or should have known through industry, medical and scientific studies, the existence of which was unknown to the Decedent, of the health hazards to Decedent inherent in the asbestos-containing products they were

selling, installing, transporting or otherwise introducing into the work environment of Decedent and Decedent's husband. Instead of warning the Decedent, other intended users, and the general public about these dangers, the Defendants ignored or actively and fraudulently concealed such information, or condoned such concealment, and commanded, directed, advised, encouraged, aided, abetted, or conspired with others or each other in so doing in order to continue to sell asbestos-containing products for profit and avoid litigation by those who were seriously injured, and in the present case killed, from asbestos inhalation. Said conduct constitutes gross negligence and shows a callous and reckless disregard for the rights and safety of the Decedent and others, giving rise to the imposition of punitive damages against the Defendants herein.

10.    The Decedent was exposed to and inhaled or otherwise ingested significant quantities of Defendants' asbestos-containing products on a routine and regular basis, having neither knowledge nor reason to believe that asbestos was dangerous, much less deadly.

11.    As a direct and proximate contributing cause of having inhaled, ingested or otherwise being exposed to Defendants' asbestos-containing products during the exposure period, the Decedent developed mesothelioma causing her death on December 3, 2008.

12.    Plaintiff will show that as a direct and proximate cause of having inhaled, ingested or otherwise been exposed to asbestos-containing products, the Decedent developed mesothelioma resulting in her death.

13.    Because of the latency period of the Decedent's asbestos-related disease, and because of the active concealment by the Defendants of the causes and effects of

exposure to asbestos, the Plaintiff has only recently discovered the cause of the injuries resulting in Mesothelioma and death of the Decedent.

14.     This action is as a result of the death of Rebecca C. Cunningham and is brought pursuant to the wrongful death statute, § 6-5-410 (Code of Alabama, 1975).

## FIRST CLAIM – ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE

15.     Decedent incorporates by reference all preceding paragraphs in this pleading.

16.     This claim is brought pursuant to the Alabama Extended Manufacturers' Liability Doctrine.

17.     At all times pertinent, the Defendants were engaged in the business of designing, manufacturing, selling, distributing and/or marketing products.

18.     Asbestos containing products used by Decedent, others working around Decedent and by her husband were designed, manufactured, supplied, sold, distributed, and/or marketed by the Defendants.  By marketing the asbestos containing products, the Defendants represented to the Decedent, other users and bystanders and the public who justifiably relied thereon, that asbestos containing products were not dangerous and in Decedent's situation would not cause death.

19.     The asbestos containing products which are the subject of this lawsuit were expected to, and did, reach the Decedent, others working near Decedent and Decedent's husband without substantial change in the condition in which they were sold. Moreover, said asbestos containing products at the time of Decedent's exposure were without substantial change from the condition in which they were designed, manufactured, and sold.  The Defendants knew or should have known that respirable asbestos fibers were hazardous to the health of users, consumers or bystanders in that when inhaled these fibers would cause mesothelioma and death.

20.     Asbestos containing products manufactured by the Defendants were not reasonably safe for their intended use in the usual and customary manner.

21.     The subject asbestos containing products were in a defective condition and unreasonably dangerous at the time they were designed, manufactured, sold, distributed

and/or marketed by the Defendants. Defendants placed defective or unreasonably dangerous products in the stream of commerce based upon the following:

a.  The Defendants, who manufactured and sold asbestos containing products which have the potential for doing harm by their normal and intended use, failed to adequately warn of the danger posed by asbestos, which made said product defective;

b.  The Defendants failed to exercise reasonable care in warning Decedent, others working around Decedent, Decedent's husband and/or the public that asbestos containing products are likely to be dangerous when put to their intended use. Specifically, Defendants failed to adequately warn of the risks associated with exposure to asbestos when used for their intended purpose; and The Defendants defectively designed their asbestos containing products by including asbestos which is released from the normal and ordinary use of said products.

c.  The Defendants failed to exercise reasonable care in testing the safety and health effects of their asbestos containing products.

d.  The Defendants failed to exercise reasonable care in packaging their asbestos containing products.

e.  The Defendants failed to exercise care to provide knowledge of reasonable, safe, sufficient apparel and/or other protective equipment and appliances, if any existed, to protect workers and bystanders from being exposed to asbestos fibers and dust.

22.  As a proximate result of the subject asbestos containing products' defective and unreasonably dangerous condition as described herein, Decedent developed mesothelioma, suffered injury and damage causing her death on December 3, 2008.

## SECOND CLAIM – NEGLIGENCE

23.  Decedent incorporates by reference all preceding paragraphs in this pleading.

24.  At all relevant times, it was reasonably foreseeable by the Defendants that individuals as the Decedent and persons in proximity to asbestos containing products, including Decedent, would be exposed to asbestos fibers and dust by using asbestos containing products, working in proximity of others using asbestos containing products

17

and washing the clothes of, coming in contact with, or cleaning up after her husband who worked with or around asbestos containing products..

25.     The Defendants owed a duty to exercise reasonable care for the safety of the Decedent, other workers and bystanders. Because exposure to asbestos presents a risk of physical harm, all Defendants had a legal duty to exercise reasonable care for the safety of the Decedent when making representations about asbestos safety and health in warning labels, publications, and instructions for ventilation and other precautionary measures.

26.     The Defendants knew, or in the exercise of ordinary care should have known, that persons exposed to asbestos fibers and dust would act in reliance upon representations made by the Defendants about the health hazards associated with asbestos containing products and the precautionary measures required to protect against those health hazards.

27.     The Defendants knew, or in the exercise of ordinary care should have known, that asbestos fibers and dust would cause mesothelioma and death to individuals like Decedent.

28.     The Defendants breached their duty of reasonable care and were negligent, without regard to whether the acts were intentional, knowing, or reckless.

29.     Defendants failed to put adequate warning information on their products advising of the risk of injury or death and adequate instructions on how to avoid such injury or death.

30.     Defendants failed to adequately test the safety and health effects of their asbestos containing products.

31.     As a direct and proximate result of the Defendants' negligent acts and omissions, Decedent developed mesothelioma which caused her death on December 3, 2008.

### THIRD CLAIM – WANTONNESS

32.     Decedent incorporates by reference all preceding paragraphs hereof.

33.     Defendants knew that their asbestos containing products would likely or probably result in injury or death to individuals such as the Decedent due to exposure to

asbestos fibers and dust generated from the normal and ordinary use of their products. Defendants, acting consciously and deliberately, were wanton in one or more of the following respects:

a. By wantonly designing, manufacturing, selling, distributing, and marketing their asbestos containing products by including asbestos which is released from the normal and ordinary use of said products.

b. By wantonly failing to warn of the risks and hazards associated with the normal and ordinary use of asbestos containing products.

c. By wantonly failing to modify their asbestos containing products to eliminate some and/or all asbestos from said products.

d. By wantonly failing to provide knowledge of reasonable, safe, sufficient apparel and/or other protective equipment and appliances, if any existed, to protect workers and bystanders from being exposed to asbestos fibers and dust.

e. By wantonly failing to test the safety and health effects of their asbestos containing products.

34. In so acting, Defendants acted with reckless indifference, consciously committed these wrongful acts, and/or omitted their known duties to Decedent and others.

35. As a proximate result of Defendants' said wantonness, Decedent developed mesothelioma causing her death on December 3, 2008

## FOURTH CLAIM – DEFECTIVE DESIGN OF PRODUCTS

36. Decedent incorporates by reference all preceding paragraphs hereof.

37. Defendants owed a duty to foreseeable users of their products to exercise reasonable care to prevent said users from suffering injury or death. Defendants breached that duty in one or more of the following respects:

a. By negligently designing their asbestos containing products by including asbestos which is released from the normal and ordinary use of said products.

38.   As a proximate result of the subject asbestos containing products' defective and unreasonably dangerous condition as described herein, Decedent developed mesothelioma causing her death on December 3, 2008.

## FIFTH CLAIM – FAILURE TO INVESTIGATE

39.   Decedent incorporates by reference all preceding paragraphs in this pleading.

40.   Defendants during some or all relevant times, manufactured sold, or distributed asbestos containing products that were supplied to the work sites of Decedent and Decedent's husband.

41.   Decedent was exposed to asbestos from asbestos containing products manufactured and sold by the Defendants, while using the products, working in the proximity of others using the products, and washing the clothes of, coming into contact with or cleaning up after her husband who worked with or around asbestos containing products.

42.   The Defendants had the duty, as product manufacturers and sellers, to exercise reasonable care for the safety of the Decedent.

43.   These duties included the responsibility for the following safety and health matters relating to asbestos containing products:

    a.   the investigation and testing of the health hazards of asbestos;

    b.   writing and publishing adequate and timely precautionary product labels and other health and safety information; and

    c.   writing and publishing adequate and timely specifications and standards about ventilation, safety equipment, and other precautionary measures.

44.   The Defendants knew, or in the exercise of reasonable care should have known, that asbestos containing products would cause mesothelioma and death.

45.   The Defendants breached their duty of reasonable care to the Decedent (and failed to fulfill the duties stated above) and were negligent, without regard to whether the acts were intentional, knowing, or reckless.

46.     As a direct and proximate result of the Defendants' negligent acts and omissions, Decedent developed mesothelioma causing her death on December 3, 2008.

## SIXTH CLAIM - SALE OF UNREASONABLY DANGEROUS PRODUCT

47.     Decedent incorporates by reference all preceding paragraphs in this pleading.

48.     The Defendants identified above manufacture, sell, or distribute asbestos containing products that produce, or cause the production of, asbestos fibers and dust, that the products were expected to and did reach various locations in Alabama, South Carolina and Indiana without substantial change in the condition in which it was sold.

49.     Decedent exposed to asbestos fibers and dust from products sold by the seller Defendants, while using the products or working in the proximity of others using the products, that the products were expected to and did reach various locations in Alabama, South Carolina and Indiana without substantial change in the condition in which it was sold.

50.     The Defendants' products are unreasonably dangerous because, when used for their reasonably foreseeable and intended purposes, they release asbestos fibers and dust causing mesothelioma and death.

51.     The Defendants' products are defective because:

    a.     adequate and timely warnings were not provided to users that the products release respirable fibers and dust.

    b.     adequate and timely instructions were not provided to users about ventilation, safety equipment, or other precautionary measures; and

    c.     the Defendants failed to test or investigate the health hazards associated with the products.

52.     The defects in the Defendants' products existed when the products left the Defendants' control.

53.     The defects in the Defendants' products were the proximate cause of the Decedent's mesothelioma and death.

54.     At all relevant times, the Decedent had no knowledge of the defects in the Defendants' products.

## SEVENTH CLAIM – PUNITIVE DAMAGES

55.     Decedent incorporates by reference all preceding paragraphs in this pleading.

56.     Based on the preceding facts, all Defendants' actions and inactions justify the imposition of punitive damages.

## EIGHTH CLAIM – MISREPRESENTATION AND FRAUD

57.     Plaintiff incorporates by reference all preceding paragraphs in this pleading.

58.     The Defendants made false representations to Decedent and/or her employer, Decedent's husband and/or his employers and/or suppressed information from Decedent or her employer and/or Decedent's husband and/or his employers which Defendants were under an obligation to communicate.

59.     Those representations and/or suppressions were of material existing facts.

60.     Decedent and/or her employer and Decedent's husband and/or his employers relied and acted upon those representations.

61.     Decedent developed mesothelioma and died as a proximate consequence of said misrepresentations.

## NINTH CLAIM - BREACH OF WARRANTIES

62.     Plaintiff re-alleges and incorporates all of the allegations contained in all of the paragraphs above as if fully set forth herein.

63.     The Decedent reasonably relied upon the Defendants who were manufacturers, sellers, distributors or users of asbestos-containing products to exercise their skills and judgment to select and furnish goods of a suitable and reasonably safe nature and to furnish products fit for the particular purposes intended and to be supplied in a merchantable condition.

64.     Defendants and each of them breached their legal duties in that their products were not sold and furnished in a merchantable and reasonably safe condition and were not fit for the particular purpose intended in accordance with applicable law.

65.     As a direct and proximate result of the Defendants' aforesaid breaches and breaches of other legal duties owed to the Decedent sustained injuries and damages as described in this Complaint.

66.     As a direct and proximate result of the Defendants' breach of warranties, Decedent developed mesothelioma which caused her death on December 3, 2008.

### TENTH CLAIM - CONSPIRACY

67.     METROPOLITAN   LIFE   INSURANCE   COMPANY   and   other Defendants named herein, individually and as agents of one another and as co-conspirators, aided, abetted, encouraged, counseled, assisted, agreed, and conspired among themselves and with other asbestos manufacturers and distributors to injure Decedent.

68.     The conspiracy Defendants acted in the following fashion:

A.     METROPOLITAN LIFE INSURANCE COMPANY (MET LIFE) required a tangible *quid pro quo* from McGill University in the 1920's in exchange for them providing funding for a study of asbestos disease in Canadian miners. The study was never published and agents of MET LIFE materially misrepresented in the published literature this known fact.

B.     In 1932, MET LIFE, through its agents Dr. Anthony Lanza, Dr. Fellows, and others, assisted the Johns-Manville Corporation with medical examinations of over 1,000 employees of Johns-Manville's factory in Manville, New Jersey. The report of this study shows that a large percentage of the employees suffered from asbestosis,

including employees not directly involved in the manufacturing process. This 1932 medical survey was not published in the medical literature and therefore was unavailable to scientists studying the issue of asbestos disease. Further collaboration between the conspiring asbestos producers and MET LIFE officials continued this trend of intentional cover-up.

       C.     Beginning in approximately 1934, Johns-Manville Corporation, through its agents, Vandiver Brown and attorney J. C. Hobart, and conspirator Raybestos-Manhattan, through its agents, Sumner Simpson and J. Rohrbach, suggested to Dr. Lanza, Associate Medical Director of MET LIFE (insurers of Manville, Raybestos, and others), that Dr. Lanza publish a study on asbestosis in which Dr. Lanza would affirmatively misrepresent a material fact about asbestos exposure; i.e., the seriousness of the disease process, asbestosis. This was accomplished through intentional deletion of Dr. Lanza's description of asbestosis as "fatal" and through other selective editing at the behest of the asbestos industry that affirmatively misrepresented asbestos as a disease process less serious than it actually is and was then known to be. As a result, Dr. Lanza's study was published in the medical literature in this misleading fashion in 1935. The Defendants were motivated, in part, to effectuate this fraudulent misrepresentation and fraudulent non-disclosure by the desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in lawsuits involving Manville, Raybestos, and others, as well as MET LIFE, the insurer.

       D.     In 1936, conspirators American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation, Johns-Manville Corporation, Keasby & Mattison Company (then an alter-ego to conspirator Turner & Newall),

Raybestos-Manhattan, Russell Manufacturing (whose liabilities have been assumed by H. K. Porter company), Union Asbestos and Rubber Company, and United States Gypsum Company, entered into an agreement with the Saranac Laboratories. Under this agreement, these companies acquired the power to decide what information Saranac Laboratories could publish about asbestos disease and control in what form such publications were to occur. This agreement gave these conspirators power to affirmatively misrepresent the results of the work at Saranac and also gave these conspirators power to suppress material facts included in any study. On numerous occasions thereafter, the conspirators exercised their power to prevent Saranac scientists from disclosing material scientific data resulting in numerous misstatements of fact being made about scientific data resulting in numerous misstatements of fact being made at scientific meetings.

      E.    On November 11, 1948, representatives of the following conspirators met at the headquarters of Johns-Manville Corporation: American Brake Block Division of American Brake and Shoe Foundry, Gatke Corporation, Keasby & Mattison Company (then an alter-ego to conspirator Turner & Newall) Raybestos-Manhattan, Inc., Thermoid Company (whose assets and liabilities were later purchased by H. K. porter Company), Union Asbestos and Rubber Company, and U. S. Gypsum Company. U. S. Gypsum did not send a representative to the meeting, but instead authorized Vandiver Brown of Johns-Manville to represent its interest at the meeting and to take action on its behalf.

      F.    At this November 11, 1948, meeting, these Defendants and their representatives decided to exert their influence to materially alter and misrepresent

material facts about the substance of research started by Dr. Leroy Gardner at the Saranac Laboratories beginning in 1936. Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an evaluation of the health effects of asbestos in humans with a critical review of the then-existing standards of dust exposure for asbestos and asbestos-containing products.

G.    At this meeting, the Defendants intentionally and affirmatively determined that Dr. Gardner's work should be edited to specifically delete material facts about the cancer-causing propensity of asbestos and the health effects of asbestos on humans and the critique of the dust standards and then published it in the medical literature as edited by Dr. Arthur Vorwald. The acts of these Defendants were carried out by co-conspirator Defendant MET LIFE's agent, Dr. Lanza. These Defendants thereby fraudulently misrepresented the risks of asbestos exposure to the public in general and the class of persons exposed to asbestos, including the Decedent.

H.    As a direct result of influence exerted by the above-described conspirators, Dr. Vorwald published Dr. Gardner's edited work in January, 1951, in the Archives of Industrial Hygiene and Occupational Medicine (Vol. 3, No. 1), a journal of the American Medical Association. The published version stressed those portions of Gardner's work that the conspirators wished stressed, but omitted references to cancer, to human asbestosis, and to the inadequacy of the then-established threshold limit values (TLVs). Furthermore, that article made a false claim that the published report was the "complete survey" of Dr. Gardner's work. The Defendants thereby fraudulently, affirmatively, and deliberately disseminated this misleading Dr. Vorwald publication to university libraries, government officials, medical doctors, agencies, the public, and

others.

I.     Such action constituted a material affirmative misrepresentation of the total context of material facts involved in Dr. Gardner's work and resulted in creating an appearance that inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

J.     The following conspirators and others were members of the trade association known as Quebec Asbestos Mining Association: Johns-Manville Corporation, Carey-Canada (individually and as successor to Quebec Asbestos Corporation), Rapid American Corporation (successor to Philip Carey and Quebec Asbestos Corporation), National Gypsum Company (n/k/a) Asbestos Claims Management Corporation), and Turner & Newall (individually and successor to Bell Asbestos). The members of Q.A.M.A. participated in the above-described misrepresentation of the work of Dr. Gardner published by Dr. Vorwald in the AMA Archives of Industrial Health in 1951. Evidence of the Q.A.M.A., as well as correspondence from co-conspirators, indicates close monitoring of the editing process of Q.A.M.A.'s representative, Ivan Sabourin, acting on behalf of all Q.A.M.A.'s members.

K.     Defendants who were members of the Q.A.M.A. began, on or about 1950, to formulate a plan to influence public opinion about the relationship between asbestos and cancer by influencing the medical literature on this subject and then touting and disseminating this literature to the public and to organizations and legislative bodies responsible for regulatory controls of asbestos with the specific intent of misrepresenting the existing scientific information and suppressing contrary scientific data in their possession and control.

L.     This plan of misrepresentation and influence over the medical literature began on or about 1950 when the Q.A.M.A. members selected Saranac Laboratories to do an evaluation of whether cancer was related to asbestos. After a preliminary report authored by Dr. Vorwald in 1952 indicated that a cancer/asbestos relationship might exist in experimental animals, the Q.A.M.A. members refused to further fund the study and it was terminated and never publicly discussed.

M.     As a result of the termination of this study, these Defendants fraudulently withheld information from the public and affirmatively misrepresented to the public and responsible legislative and regulatory bodies that asbestos did not cause cancer, including affirmative misrepresentations by conspirators' agents Kenneth W. Smith, M.D., Paul Cartier, M.D., Arthur J. Vorwald, M.D., Anthony J. Lanza, M.D., Vandiver Brown, and Ivan Sabourin, said misrepresentations being directed to, inter alia, U. S. government officials, Canadian government officials, U.S. National Cancer Institute, other medical organizations, and the general public, including the Decedent.

N.     Subsequently, the Q.A.M.A. Defendant conspirators contracted with the Industrial Hygiene Foundation (I.H.F.) and Dr. Daniel Braun to further study the relationship between asbestos exposure, asbestosis and lung cancer. In 1957, Drs. Braun and Traun reported to the Q.A.M.A. that asbestosis did increase a worker's chances of incurring lung cancer.

0.     The Q.A.M.A. Defendants thereafter caused, in 1958, a publication of the work by Braun and Traun in which the finding regarding increased incidence of cancer in persons with asbestosis was edited out by agents of the Q.A.M.A. The published version of this study contained a conclusion that asbestos exposure did not

28

increase the incidence of lung cancer, a conclusion known by the Defendant conspirators to be patently false.

P. By falsifying and causing publication of studies concluding that asbestos exposure did not cause lung cancer and simultaneously omitted a documented finding that asbestosis did increase the risk of lung cancer, the Q.A.M.A. Defendants affirmatively misrepresented to the public and concealed from the public the extent of risk associated with inhalation of asbestos fibers.

Q. In approximately 1958, the Q.A.M.A. Defendants publicized the edited works of Drs. Braun and Traun at a symposium in an effort to fraudulently misrepresent to the public and persons exposed to asbestos that the inhalation of asbestos dust would not cause cancer.

R. The fraudulent misrepresentation beginning in 1946, as elaborated above and continuing with publication of the 1958 Braun/Traun study, influenced the standard set for the TLVs and inhibited the lowering of the threshold limit value due to the cancer risk associated with asbestos inhalation.

S. In 1967, the Q.A.M.A. Defendants determined at their trade association meeting that they would intentionally mislead consumers about the extent of risk involved in inhalation of asbestos products.

T. In 1952, a symposium regarding the health effects of asbestos was held at the Saranac Laboratories. The following conspirators were in attendance: Johns-Manville, Turner & Newall, Raybestos-Manhattan, and Q.A.M.A. members by way of their agents, Caner, Sabourin, and LeChance.

U. At this meeting, the occurrence of lung cancer and asbestosis in

product users was discussed and the carcinogenic properties of all fiber types of asbestos were also discussed. In an affirmative attempt to mislead the public about the extent of health risk associated with asbestos, and in an effort to fraudulently conceal those risks from the public, these Defendants conspired to prevent publication of the record of the 1952 Saranac Symposium and it was not published. In addition, the conspirators induced Dr. Vorwald not to announce the results of his and Dr. Gardner's animal studies showing excess cancers in animals and thereby fraudulently misrepresenting existing data, albeit secret, that could not be publicized because of the secrecy provisions contained in the 1936 Saranac agreement required by the asbestos industry members.

V.    The following conspirators were members of the Magnesia Insulation Manufacturers Association (MIMA): Philip-Carey Corporation (predecessors to Rapid American Corporation), Johns-Manville, and others.

W.    In 1955, these conspirators caused to be published the MIMA 85% Magnesia insulation Manual. This manual falsely and fraudulently misrepresented that asbestos-containing products offered no hazard to workers who used these products.

X.    The following conspirators were members of the trade organization known as the Asbestos Textile Institute (ATI): Raybestos-Manhattan, Johns-Manville, H. K. Porter, Keasby & Mattison (individually and through its alter-ego Turner & Newall), National Gypsum (n/k/a Asbestos Claims Management Corporation), and others.

Y.    In 1937, the members of the ATI received a report from W.C.L. Hemeon regarding asbestosis that suggested re-evaluation of the then-existing TLVs for asbestos exposure. These Defendants caused this report not to be published and thereby

fraudulently concealed material facts about asbestos exposure from the public and affirmatively misrepresented to the public and classes of persons exposed to asbestos that the then-existing TLV was acceptable. Thereafter, these Defendant conspirators withheld additional material information on the dust standards from The American Conference of Governmental Industrial Hygienists (ACGIH); thereby further influencing evaluation of TLVs for asbestos exposure.

Z.     In 1953, conspirator National Gypsum (n/k/a Asbestos Claims Management Corporation), through its agents, in response to an inquiry from the Indiana Division of Industrial Hygiene regarding health hazards of asbestos spray products, refused to mail a proposed response to that division indicating that respirators should be worn by applicators of the products. National Gypsum's response distorted and fraudulently misrepresented the need for applicators of asbestos spray products to wear respirators and fraudulently concealed from such applicators the need for respirators.

AA. In 1955, conspirator Johns-Manville, through its agent Kenneth W. Smith, M.D., caused to be published in the AMA Archives of Industrial Health, an article entitled "Pulmonary disability in Asbestos Workers." This published study materially altered the results of an earlier study in 1949 concerning the same set of workers. This alteration of Dr. Smith's study consisted of a fraudulent and material misrepresentation about the extent of the risk associated with asbestos inhalation.

AB. In 1955, the National Cancer Institute held a meeting at which conspirators Johns-Manville (individually and as an agent for other alleged co-conspirators) and Dr. Vorwald (as agent of co-conspirators) affirmatively misrepresented that there were no existing animal studies concerning the relationship between asbestos

31

exposure and cancer when, in fact, the conspirators were in secret possession of several studies which demonstrated that positive evidence did exist.

AC. In 1957, the members of the ATI, jointly rejected a proposed research study on cancer and asbestos and this resulted in fraudulent concealment from the public of material facts regarding asbestos exposure and also constituted an affirmative misrepresentation of the then-existing knowledge about asbestos exposure and lung cancer.

AD. In 1964, the members of the ATI met to formulate a plan for rebutting the association between lung cancer and asbestos exposure that had been recently discussed by Dr. Irving J. Selikoff. Thereafter, these members of the ATI embarked upon a campaign to further misrepresent the association between asbestos exposure and lung cancer.

AE. In 1970, through their agents, The Celotex Corporation (predecessor of Defendant Rapid American Corporation) and Carey-Canada, affirmatively misrepresented that it had been in the asbestos business since 1918 and found no reported conditions of asbestosis or lung disease. This constituted a fraudulent misrepresentation about the material facts known to these Defendants.

AF. All conspirators approved and ratified and furthered the previous conspiratorial acts of conspirators Johns-Manville, Raybestos Manhattan, and Anthony J. Lauza, M.D., acting on behalf of MET LIFE, and all alleged co-conspirators during the relevant time period and circumstances alleged above, acted as agents and co-conspirators for the other conspirators.

AG. Certain of the Defendants and/or co-conspirators, including but not

limited to Westinghouse Electric Corporation, MET LIFE, Raybestos Manhattan, Johns-Manville, were members of the Industrial Hygiene Foundation ("IHF"). The IHF touted by its industry members as an independent research agency, was used by the members of the asbestos industry to suppress the truth about asbestos and generate misleading or false scientific publications. For example, in the 1930's the IHF was contacted by the Asbestos Textile Institute to conduct a study on asbestos dust. Mr. W. C. L. Hemeon, an industrial hygienist who worked for the IHF, completed the study and forwarded his report entitled Report on Preliminary Dust Investigation for Asbestos Textile Institute in June of 1947. Mr. Hemeon's report indicated that workers exposed to less than the recommended threshold limit value for asbestos were nonetheless developing disease. The IHF never published this study and, in doing so, acted to conceal the study from the general public, including asbestos-exposed workers.

AH. As discussed infra, the IHF also assisted in the Q.A.M.A. in the publication of the edited version of the Braun report in 1958, which reported the conclusion, known to the IHF and its members to be false, that asbestos exposure did not increase the incidence of lung cancer.

AI. The activities of IHF and its members substantially assisted the co-conspirators by retarding the development of knowledge about the hazards of asbestos.

69.     As a direct and proximate result of MET LIFE's intentional publication of deceptive and misleading medical data and information as described in the preceding paragraphs, the Decedent inhaled and otherwise was exposed to and ingested hazardous asbestos dust and particles resulting in her development of mesothelioma and her death.

70.     Additionally and alternatively, as a direct and proximate result of MET

33

LIFE's and other Defendants' actions and omissions as described above, the Decedent was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Decedent by depriving the Decedent, her employers, and the general public of opportunities to be educated about the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid this deadly exposure. Because of this ignorance and intentional failure to warn on behalf of the aforementioned conspirator and co-conspirators, the Decedent was exposed to, or otherwise ingested hazardous asbestos dust resulting in her development of mesothelioma and her death.

71.     MET LIFE and other Defendants fraudulently concealed from the Decedent the alteration of its published test results, the actions and omissions and concerted design and conspiracy, all as described in the paragraphs above, until said conduct was discovered following death of the Decedent.

WHEREFORE, the Plaintiff, William C. Cunningham, Jr. as Executor and Personal Representative of the Estate of Rebecca C. Cunningham, demands judgment against the Defendants for just and adequate amount of all damages he may be entitled to under the laws of Alabama plus costs.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

BY:   /s/ Scott O. Nelson
      Scott O. Nelson (AL Bar #7825)

MAPLES & LOMAX, P.A.
2502 Market Street
Post Office Box 1368
Pascagoula, MS  39568-1368
Phone:  (228) 762-3161
Fax:  (228) 762-5768
Email: mlscott@cableone.net


**ATTORNEYS FOR DECEDENT**

THE STATE OF ALABAMA

COUNTY OF BALDWIN

COURT OF PROBATE

CASE NO. 26205

### LETTERS TESTAMENTARY

The Will of REBECCA C. CUNNINGHAM having been duly admitted to record in said county, **Letters Testamentary** are hereby granted to **WILLIAM M. CUNNINGHAM, JR.,** the Personal Representative named in said Will, who has complied with the requisitions of the law and is authorized to administer the estate. Subject to the priorities stated in Code of Alabama (1975, as amended) § 43-8-76, the said Personal Representative, acting prudently for the benefit of interested persons, has all the powers, without limitation, authorized in transactions under Code of Alabama (1975, as amended) § 43-2-843.

**WITNESS** my hand, and dated this 19th day of December, 2008.

/s/ Adrian T. Johns
JUDGE OF PROBATE

THE STATE OF ALABAMA   }
                                     }
BALDWIN COUNTY        }

I, ADRIAN T. JOHNS, Judge of Probate in and for said County and State, hereby certify that the within and foregoing is a true, correct and complete copy of the **Letters Testamentary** issued to **WILLIAM M. CUNNINGHAM, JR.** as Personal Representative of the Will of REBECCA C. CUNNINGHAM, Deceased, as the same appears of record in my office, and are still in full force and effect.

Given under my hand and seal of office, this the 19th day of December, 2008.

JUDGE OF PROBATE