ASBESTOS

# U.S. District Court
## Western District of North Carolina (Asheville)
## CIVIL DOCKET FOR CASE #: 1:11-cv-00077-MR

Moritz v. 3M Company et al                          Date Filed: 04/06/2011
Assigned to: District Judge Martin Reidinger         Jury Demand: Plaintiff
Demand: $75,000                                      Nature of Suit: 368 P.I. : Asbestos
Cause: 28:1332 Diversity-Asbestos Litigation         Jurisdiction: Diversity

**Plaintiff**

**Jean Marie Moritz**                 represented by   **William M. Graham**
*Individually and*                                     Wallace & Graham
*as Executor of the Estate of*                         525 North Main Street
Kenneth Wayne Hefner                                   Salisbury, NC 28144
                                                       704-633-5244
                                                       Fax: 704-633-9434
                                                       Email: bgraham@wallacegraham.com
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**
*formerly known as*
Minnesota Mining & Manufacturing
Company

**Defendant**

**Borg-Warner Corporation**
*as successor to*
BorgWarner Morse TEC Inc.

**Defendant**

**Dana Companies, LLC**

**Defendant**

**Ford Motor Company**
*individually and*
*doing business as*
Motorcraft

**Defendant**

**Genuine Parts Company**

**Defendant**

**Georgia-Pacific LLC,**
*formerly known as*
Georgia-Pacific Corporation

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Metropolitan Life Insurance
Company**
*a wholly owned subsidiary of
other*
Metlife Inc.

**Defendant**

**Monsanto Company**

**Defendant**

**Pneumo Abex Corporation**
*as successor to*
Abex Corporation
*formerly known as*
American Brake Shoe Company
*formerly known as*
American Brake Shoe and Foundry
Company
*other*
American Brakeblok Division
*as successor to*
American Brake Shoe and Foundry

**Defendant**

**Rapid American Corporation**

**Defendant**

**R. T. Vanderbilt Company, Inc.**

**Defendant**

**Robert Bosch LLC**

**Defendant**

**Robert Bosch North America
Corporation**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Uniroyal, Inc.**

*formerly known as*
United States Rubber Company, Inc.

**Defendant**

**National Automotive Parts
Association, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2011 | 1 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 350 receipt number 0419-1324513), filed by Jean Marie Moritz.(Graham, William) (Entered: 04/06/2011) |
| 04/07/2011 | | Case assigned to District Judge Martin Reidinger. *This is your only notice - you will not receive a separate document.*(ejb) (Entered: 04/07/2011) |
| 04/07/2011 | | In Re: Asbestos Products Liability Litigation - MDL #875. Notice to Clerk of MDL Panel of tag-along case. (ejb) (Entered: 04/07/2011) |
| 04/07/2011 | 2 | Summons Issued Electronically as to All Defendants. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (ejb) (Entered: 04/07/2011) |
| 04/07/2011 | 3 | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos-Related Litigation, WDCP-83-1. Signed by Clerk, Frank G. Johns. (ejb)** (Entered: 04/07/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/08/2011 10:07:56 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-00077-MR |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |

This Document Relates to:

Jean Marie Moritz, Individually and as Executrix of the Estate of Kenneth Wayne Hefner,

Plaintiff,

vs.

W.D.N.C. ASHEVILLE DIVISION
Civil Action No. 1:11-cv-00077

3M Company f/k/a Minnesota Mining and
    Manufacturing Company;
Borg-Warner Corporation by its Successor in
    Interest, BorgWarner Morse TEC Inc.;
Dana Companies, LLC;
Ford Motor Company, individually and d/b/a
    Motorcraft;
Genuine Parts Company;
Georgia-Pacific LLC, f/k/a Georgia-Pacific
    Corporation;
Honeywell International, Inc.;
Metropolitan Life Insurance Company, a wholly-
    owned subsidiary of Metlife Inc.
Monsanto Company;
National Automotive Parts Association, Inc.;
Pneumo Abex Corporation (successor-in-interest to
    Abex Corporation f/k/a American Brake
    Shoe Company, f/k/a American Brake Shoe
    and Foundry Company including The
    American Brakeblok Division, successor-
    by-merger to the American Brake Shoe and
    Foundry;
Rapid American Corporation;
R. T. Vanderbilt Company, Inc.;
Robert Bosch LLC;
Robert Bosch North America Corporation;
Union Carbide Corporation; and
Uniroyal, Inc., f/k/a United States Rubber Company,
    Inc.

**COMPLAINT**

Defendants

## CIVIL ACTION COMPLAINT

Jean Marie Moritz, Individually and as Executrix of the Estate of Kenneth Wayne Hefner, (deceased) sues the above-named defendants for compensatory and punitive damages and alleges:

1.     This action is brought pursuant to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 *et seq.*, for the wrongful death of the Decedent, Kenneth Wayne Hefner, on behalf of all persons entitled to recover damages.

2.     The Decedent died on August 21, 2009 in Mecklenburg County, North Carolina. The cause of death was Progressive Metastatic Malignant Mesothelioma.  The Decedent had been diagnosed with Mesothelioma on or about May 19, 2009.

3.     This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## PARTIES

4.     The plaintiff, Jean Marie Moritz ("Plaintiff"), is the Executrix of the Estate of Kenneth Wayne Hefner, deceased, and is a citizen of the State of North Carolina.  Plaintiff was appointed Executrix of the Estate of Kenneth Wayne Hefner, deceased, by the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina on or about August 31, 2009.  Plaintiff maintains this action on behalf of the estate pursuant to her powers under N.C. Gen. Stat. 28A-13-3.

5.     Decedent was exposed to Defendant's asbestos-containing products while employed at various sites listed in Schedule I attached and incorporated by reference herein.

6.      The Defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. At all material times, each of the named Defendants manufactured, processed, imported, converted, compounded, and/or sold substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or were sold, distributed, and used in North Carolina at Decedent's job sites.

7.      All of the named Defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation used, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which were sold, distributed, and used in North Carolina at the Decedent's job sites. The Decedent was exposed to various asbestos-containing products while working at various jobs, as listed on the attached Schedule I.

8.      At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

9.      At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment, to wit:  brakes, brake pads, compounds, and other friction components, either directly or indirectly to Decedent's employer or to such other entities so that these materials were caused to be used at the Decedent's job site.

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or, at all material times are or have been engaged in business in the State of North Carolina.

11.     Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because Plaintiff resides in Mecklenburg County, North Carolina and a substantial part of the events or omissions occurred in North Carolina.

12.     This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332 because the Plaintiff is a citizen of the State of North Carolina and no Defendant is a citizen of the State of North Carolina.  Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Plaintiff has satisfied all conditions precedent to the filing of this action.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

14.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

15.     At all material times, Defendants are or were manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment named above.

16.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the Decedent.

17.    Decedent, for a long period of time, worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

18.    During the course and scope of his employment, Decedent was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma, which ultimately resulted in death.

19.    Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products (as mentioned above) that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

20.    Decedent, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that were manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons such as Decedent would be required to and would come into contact with and would work in close proximity to said products.

21.    Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-

containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being.  Further, Defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

22.     Decedent's illness, disability, and death are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Decedent's body, lungs, respiratory system, skin, and health.

23.     Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     Failed to advise Decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)     Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as Decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

24.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time that they left the control of the Defendants.

25.     Defendants were negligent and breached their duty of due care to Decedent by taking or failing to take the actions as previously alleged to avoid harm to the Decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

26.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Decedent were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

27.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Decedent developed Mesothelioma, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

28.     Accordingly, plaintiff has suffered injury and damages hereinafter described.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

29.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

30.    The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

31.    The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Decedent carried out his duties as a dye house mechanic working with asbestos and asbestos-containing materials, products, or equipment.

32.    As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Decedent developed asbestos-related illnesses, to-wit: Mesothelioma, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

33.    Accordingly, plaintiff has suffered injury and damages hereinafter described.

### THIRD CAUSE OF ACTION

### GROSS NEGLIGENCE—WILFUL, WANTON, AND RECKLESS CONDUCT

34.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

35.    Decedent and others in his position worked in close proximity to the asbestos and asbestos-containing materials of the Defendants, and the exposure and hazard to each of them, in Decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

36.    The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing

products, were hazardous to the health and safety of the Decedent and others in the Decedent's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, the Decedent has been severely damaged as is set forth below.

37.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

38.     The acts of the Defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of Decedent and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Decedent and others similarly situated, and

even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Decedent and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

39.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

**FOURTH CAUSE OF ACTION**

**FALSE REPRESENTATION**

40.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

41.     During, before, and after Decedent's exposure to asbestos products manufactured by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure, to Decedent in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Decedent, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

42.     The foregoing representations were material conditions precedent to Decedent's continued exposure to asbestos containing products, and Defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Decedent was

ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

43.     As a direct and proximate result of Decedent's reliance upon Defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FIFTH CAUSE OF ACTION

## FAILURE TO WARN

44.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

45.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or significantly contributed to the Decedent's development of Mesothelioma.

46.     Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to Decedent, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

47.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Decedent of the dangers, including but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Decedent  knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Decedent;

(e)     Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)     Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures; and

(j)     otherwise failing to act reasonably under the totality of the circumstances.

48.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Decedent's employer, and these products were used by Decedent's various employers.  Thus, Defendants had a duty to warn individuals working at Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

49.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

50.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent.  In the alternative, after the asbestos-containing products left Defendants' control, Defendant became aware of or in the exercise of ordinary care should have known that their product posed a substantial risk of harm to a reasonably foreseeable user, such as the Decedent, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

51.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Decedent to develop Mesothelioma as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

52.     As a result of the Defendant corporations' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or proper instructions on the use, handling, storage of said products

caused Decedent to develop Mesothelioma, which resulted in serious injury, disablement, damage, and death.

53.     Accordingly, plaintiff has suffered injury and damages hereinafter described.

## **DAMAGES**

54.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

55.     Plaintiff files this action under and pursuant to N.C. Gen. Stat. §§28A-18-1, *et. seq.*, and seeks to recover any and all damages allowable and incurred by the Estate of Kenneth Wayne Hefner and all beneficiaries.

56.     As a result of the above-alleged conduct of the Defendants, the Decedent developed Mesothelioma and died, as a consequence of which, Plaintiff has been damaged as follows:

(a)     for hospital and medical expenses incidental to Decedent's last illness;

(b)     for loss of earnings and future earning power of the Decedent;

(e)     for the loss of Decedent's general health, strength, and vitality.

(c)     for the loss of pecuniary contributions to the Plaintiff;

(d)     for the loss of aid, companionship and services to the Plaintiff;

(e)     for the future loss of aid, companionship and services to Plaintiff;

(f)     for the pain and suffering of the Decedent;

(g)     for all other damages recoverable under said Act.

57.     Finally, as a result of the Defendants' conduct in which they acted in willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., Decedent, Plaintiff therefore seeks exemplary and punitive damages against Defendants to

punish the Defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, wrongful death damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

### PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

WALLACE AND GRAHAM, P.A.

/s/William M. Graham Esquire

William M. Graham
NC Bar No. 17972
Cathy A. Williams
NC Bar No. 33534
Attorneys for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC  28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: bgraham@wallacegraham.com
E-Mail: cwilliams@wallacegraham.com

Date:   04/06/11

Kenneth Wayne Hefner

SCHEDULE I
Deceased Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information

DECEASED'S OCCUPATION:

Brake work
Collision repair shop
Painter/body work.  Some brake work

EMPLOYER/WORKSITE:                                  APPROXIMATE DATES:

Providence Convalescent Residence Inc. -            04/01/67 - 03/31/68
MRS O L Miller -                                    10/01/67 - 12/31/67
Jordan Volkswagon Inc. - Charlotte, NC             07/01/68 - 06/30/69
AAA Carpet -                                        07/01/68 - 09/30/68
Bridgestone Americas Tire Operations LLC -         10/01/68 - 12/31/68
Town & Country Ford Inc - Charlotte, NC            04/01/69 - 09/30/72
Town & Country Ford Inc - Charlotte, NC            01/01/73 - 09/30/73
Town & Country Ford Inc - Charlotte, NC            01/01/74 - 12/31/79
Self-Employed -                                     01/01/80 - 12/31/81
Charlotte Paint & Body Shop Inc. - Charlotte, NC   01/01/81 - 12/31/07

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NC DEFENDANTS LIST

3M Company f/k/a Minnesota Mining and Manufacturing Company
CT Corporation System
150 Fayetteville St
Box 1011
Raleigh, NC 27601

Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc.
800 Warren Rd
Ithaca, NY 14850

Dana Companies, LLC
CT Corporation System
4701 Cox Rd
Ste 301
Glen Allen, VA 23060

Ford Motor Company, individually and d/b/a Motorcraft
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Genuine Parts Company
CT Corporation System
116 Pine St
Harrisburg, PA 17101

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation
CT Corporation System
150 Fayetteville St
Box 1011
Raleigh, NC 27601

Honeywell International, Inc.
Corporation Service Company
327 Hillsborough St
Raleigh, NC 27603

Metropolitan Life Insurance Company, a wholly-owned subsidiar of Metlife Inc.
200 Park Ave.
New York, NY 10166

Monsanto Company
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

National Automotive Parts Association, Inc.
The Corporation Company
30600 Telegraph Rd
Bingham Farms, MI 48025

Pneumo Abex Corporation (successor-in-interest to Abex Corporation f/k/a American Brake
        Shoe Company, f/k/a American Brake Shoe and Foundry Company including The
        American Brakeblok Division, successor-by-merger to the American Brake Shoe and
        Foundry
The Prentice-Hall Corporation Systems, Inc.
327 Hillsborough St.
Raleigh, NC 27603

Rapid American Corporation
Corporation Service Company
2711 Centerville Rd Ste 400
Wilmington, DE 19808

R. T. Vanderbilt Company, Inc.
30 Winfield St.
Norwalk, CT 06855

Robert Bosch LLC
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Robert Bosch North America Corporation
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Union Carbide Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Uniroyal, Inc. f/k/a United States Rubber Company, Inc.
70 Great Hill Rd
Naugatuck, CT 06770