# U.S. District Court
## California Northern District (Oakland)
### CIVIL DOCKET FOR CASE #: 4:11-cv-01646-DMR

Baker v. Hopeman Brothers Inc. et al
Assigned to: Magistrate Judge Donna M. Ryu
Cause: 28:1331 Fed. Question

Date Filed: 04/05/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Robert Baker**                    represented by    **Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hopeman Brothers Inc.**

**Defendant**

**Federal-Mogul Asbestos Personal
Injury Trust as Successor to Felt-
Products Manufacturing Co.**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

Arvinmeritor, Inc.

**Defendant**
Performance Industries, Inc.

**Defendant**
Maremont Corporation

**Defendant**
Pneumo Abex LLC

**Defendant**
Genuine Parts Company

**Defendant**
Actuant Corporation

**Defendant**
Hennessy Industries, Inc.

**Defendant**
Paccar Inc.

**Defendant**
Ingersoll-Rand Company

**Defendant**
Metropolitan Life Insurance
Company

**Defendant**
Tenneco Automotive Operating
Company Inc.

**Defendant**
Perfection Hy-Test Company

**Defendant**
Carquest Corporation

**Defendant**
Haldex Brake Corporation

**Defendant**
Indian Head Industries, Inc.

**Defendant**
Tenneco Inc.

**Defendant**

**General Electric Company**

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**Electric Boat Corporation**

**Defendant**

**Northrop Grumman Shipbuilding, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2011 | 6 | Declination to Proceed Before a U.S. Magistrate Judge by Robert Baker. (vlk, COURT STAFF) (Filed on 4/5/2011) (Entered: 04/07/2011) |
| 04/05/2011 | 5 | NOTICE of Tag-Along Action by Robert Baker (vlk, COURT STAFF) (Filed on 4/5/2011) (Entered: 04/07/2011) |
| 04/05/2011 | 4 | Certificate of Interested Entities by Robert Baker (vlk, COURT STAFF) (Filed on 4/5/2011) (Entered: 04/07/2011) |
| 04/05/2011 | 3 | Summons Issued as to Actuant Corporation, Arvinmeritor, Inc., CBS Corporation, Carquest Corporation, Electric Boat Corporation, Federal-Mogul Asbestos Personal Injury Trust as Successor to Felt-Products Manufacturing Co., Foster Wheeler LLC, General Electric Company, Genuine Parts Company, Haldex Brake Corporation, Hennessy Industries, Inc., Hopeman Brothers Inc., Indian Head Industries, Inc., Ingersoll-Rand Company, Maremont Corporation, Metropolitan Life Insurance Company, Northrop Grumman Shipbuilding, Inc., Paccar Inc., Perfection Hy-Test Company, Performance Industries, Inc., Pneumo Abex LLC, Tenneco Automotive Operating Company Inc., Tenneco Inc.. (vlk, COURT STAFF) (Filed on 4/5/2011) (Entered: 04/07/2011) |
| 04/05/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 7/6/2011. Case Management Conference set for 7/13/2011 01:30 PM. (Attachments: # 1 Standing Order)(vlk, COURT STAFF) (Filed on 4/5/2011) (Entered: 04/07/2011) |
| 04/05/2011 | | CASE DESIGNATED for Electronic Filing. (vlk, COURT STAFF) (Filed on 4/5/2011) (Entered: 04/07/2011) |
| 04/05/2011 | 1 | COMPLAINT with jury demand (summons issued) against Actuant Corporation, Arvinmeritor, Inc., CBS Corporation, Carquest Corporation, Electric Boat Corporation, Federal-Mogul Asbestos Personal Injury Trust as Successor to Felt-Products Manufacturing Co., Foster Wheeler LLC, General Electric Company, Genuine Parts Company, Haldex Brake Corporation, |

Hennessy Industries, Inc., Hopeman Brothers Inc., Indian Head Industries, Inc., Ingersoll-Rand Company, Maremont Corporation, Metropolitan Life Insurance Company, Northrop Grumman Shipbuilding, Inc., Paccar Inc., Perfection Hy-Test Company, Performance Industries, Inc., Pneumo Abex LLC, Tenneco Automotive Operating Company Inc., Tenneco Inc. ( Filing fee $ 350, receipt number 34611058313.). Filed byRobert Baker. (Attachments: # 1 Civil Cover Sheet)(vlk, COURT STAFF) (Filed on 4/5/2011) (Entered: 04/07/2011)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 04/08/2011 09:12:16 | | |
| PACER Login: bp0355 | Client Code: | |
| Description: Docket Report | Search Criteria: | 4:11-cv-01646-DMR |
| Billable Pages: 2 | Cost: | 0.16 |

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON✥PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT BAKER, | ) No. _____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) COMPLAINT FOR ASBESTOS |
| | ) PERSONAL INJURY/ PRODUCTS |
| HOPEMAN BROTHERS, INC., | ) LIABILITY; DEMAND FOR JURY TRIAL |
| FEDERAL-MOGUL ASBESTOS | ) |
| PERSONAL INJURY TRUST AS | ) |
| SUCCESSOR TO FELT-PRODUCTS | ) |
| MANUFACTURING CO., CBS | ) |
| CORPORATION (FKA VIACOM INC., | ) |
| FKA WESTINGHOUSE ELECTRIC | ) |
| CORPORATION), ARVINMERITOR, | ) |
| INC., PERFORMANCE INDUSTRIES, | ) |
| INC., MAREMONT CORPORATION, | ) |
| PNEUMO ABEX LLC, GENUINE PARTS | ) |
| COMPANY; ACTUANT CORPORATION; | ) |
| HENNESSY INDUSTRIES, INC.; | ) |
| PACCAR INC.; INGERSOLL-RAND | ) |
| COMPANY; METROPOLITAN LIFE | ) |
| INSURANCE COMPANY; TENNECO | ) |
| AUTOMOTIVE OPERATING COMPANY, | ) |
| INC.; PERFECTION HY-TEST | ) |
| COMPANY; CARQUEST | ) |
| CORPORATION, THE; HALDEX BRAKE | ) |
| CORPORATION; INDIAN HEAD | ) |
| INDUSTRIES, INC.; TENNECO INC.; | ) |
| GENERAL ELECTRIC COMPANY; | ) |
| FOSTER WHEELER LLC (FKA FOSTER | ) |
| WHEELER CORPORATION); ELECTRIC | ) |
| BOAT CORPORATION and NORTHROP | ) |
| GRUMMAN SHIPBUILDING, INC., | ) |
| | ) |
| Defendants. | ) |

_Brayton✥Purcell LLP_
_Attorneys at Law_
_222 Rush Landing Road_
_P O Box 6169_
_Novato, California 94948-6169_
_(415) 898-1555_

K:\Injured\22765\FED\PLD\cmp fed (pi).wpd

I.

## PARTIES

1. Plaintiff in this action, ROBERT BAKER, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.

2. Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

3. The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

4. All of Plaintiff's claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative, progressive, incurable lung diseases.

5. Plaintiff claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6. As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff.

7. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

///

1

## II.

2

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

3      8.      Jurisdiction: Plaintiff ROBERT BAKER is a citizen of the State of California.

4      Defendants are each corporations incorporated under the laws of and having its principal

5      places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| HOPEMAN BROTHERS, INC. | Virginia |
| FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO. | Delaware |
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | New York |
| ARVINMERITOR, INC. | Michigan |
| PERFORMANCE INDUSTRIES, INC. | Ohio |
| MAREMONT CORPORATION | Michigan |
| PNEUMO ABEX LLC | New Jersey |
| GENUINE PARTS COMPANY | Georgia |
| ACTUANT CORPORATION | Wisconsin |
| HENNESSY INDUSTRIES, INC. | Tennessee |
| PACCAR INC. | Washington |
| INGERSOLL-RAND COMPANY | New Jersey |
| METROPOLITAN LIFE INSURANCE COMPANY | New York |
| TENNECO AUTOMOTIVE OPERATING COMPANY, INC. | Illinois |
| PERFECTION HY-TEST COMPANY | South Carolina |
| CARQUEST CORPORATION, THE | North Carolina |
| HALDEX BRAKE CORPORATION | Missouri |
| INDIAN HEAD INDUSTRIES, INC. | North Carolina |
| TENNECO INC. | Illinois |
| GENERAL ELECTRIC COMPANY | Connecticut |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| ELECTRIC BOAT CORPORATION | Connecticut |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

| DEFENDANT | STATE |
|-----------|-------|
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |

2

3    This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

4  between citizens of different states in which the matter in controversy exceeds, exclusive of costs

5  and interest, seventy-five thousand dollars.

6    9.    Venue / Intradistrict Assignment. Venue is proper in the Northern District of

7  California and assignment to the San Francisco Division of said district is proper as a substantial

8  part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred

9  within the County of San Francisco, California, and Defendants are subject to personal

10  jurisdiction in this district at the time the action is commenced.

11

## III.

12

## CAUSES OF ACTION

13

### FIRST CAUSE OF ACTION
(Negligence)

14

15    PLAINTIFF ROBERT BAKER COMPLAINS OF DEFENDANTS HOPEMAN

16  BROTHERS, INC., FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS

17  SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO., CBS CORPORATION (FKA

18  VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), ARVINMERITOR,

19  INC., PERFORMANCE INDUSTRIES, INC., MAREMONT CORPORATION, PNEUMO

20  ABEX LLC, GENUINE PARTS COMPANY; ACTUANT CORPORATION; HENNESSY

21  INDUSTRIES, INC.; PACCAR INC.; INGERSOLL-RAND COMPANY; METROPOLITAN

22  LIFE INSURANCE COMPANY; TENNECO AUTOMOTIVE OPERATING COMPANY,

23  INC.; PERFECTION HY-TEST COMPANY; CARQUEST CORPORATION, THE; HALDEX

24  BRAKE CORPORATION; INDIAN HEAD INDUSTRIES, INC.; TENNECO INC.; GENERAL

25  ELECTRIC COMPANY; FOSTER WHEELER LLC (FKA FOSTER WHEELER

26  CORPORATION); ELECTRIC BOAT CORPORATION and NORTHROP GRUMMAN

27  SHIPBUILDING, INC., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND

28  FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

1          10.    At all times herein mentioned, each of the named defendants was the successor,
2    successor in business, successor in product line or a portion thereof, assign, predecessor,
3    predecessor in business, predecessor in product line or a portion thereof, parent, holding
4    company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole
5    or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
6    designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
7    supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
8    representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
9    warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
10   otherwise directing and/or facilitating the use of, or advertising a certain product, namely
11   asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be
12   called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious
13   conduct of each successor, successor in business, successor in product line or a portion thereof,
14   assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,
15   venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or
16   entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,
17   designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,
18   sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
19   rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
20   products containing asbestos. The following defendants, and each of them, are liable for the acts
21   of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
22   destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each
23   of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE
24   ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each
25   such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
26   role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
27   originally attached to each such ALTERNATE ENTITY:
28   ///

| | DEFENDANT | ALTERNATE ENTITY |
|---|---|---|
| 1 | | |
| 2 | HOPEMAN BROTHERS, INC. | HOPEMAN BROTHERS MARINE INTERIORS, LLC |
| 3 | FEDERAL-MOGUL ASBESTOS | FEL-PRO INCORPORATED |
| 4 | PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO. | |
| 5 | | |
| 6 | CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC. CBS CORPORATION WESTINGHOUSE ELECTRIC CORPORATION |
| 7 | | WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY |
| 8 | | B.F. STURTEVANT KPIX TELEVISION STATION |
| 9 | | PARAMOUNT COMMUNICATIONS, INC GULF & WESTERN INDUSTRIES, INC. |
| 10 | | NORTH & JUDD MANUFACTURING COMPANY |
| 11 | ARVINMERITOR, INC. | ARVIN INDUSTRIES, INC. MERITOR AUTOMOTIVE, INC. |
| 12 | | PUROLATOR PRODUCTS COMPANY, LLC ROCKWELL AUTOMOTIVE |
| 13 | | ROCKWELL STANDARD |
| 14 | PERFORMANCE INDUSTRIES, INC. | MR. GASKET COMPANY AMERICAN INDUSTRIES, INC. |
| 15 | | HURST SHIFTERS HURST CLUTCHES |
| 16 | | HAYS BRAKE CLUTCHES |
| 17 | MAREMONT CORPORATION | GRIZZLY BRAKE LININGS |
| 18 | PNEUMO ABEX LLC | PNEUMO ABEX CORPORATION ABEX CORPORATION |
| 19 | | AMERICAN BRAKE SHOE COMPANY EATON BRAKE SHOES |
| 20 | | EATON MANUFACTURING CO. AMERICAN BRAKE SHOE AND FOUNDRY COMPANY |
| 21 | | AMERICAN BRAKEBLOK, DIVISION OF AMERICAN BRAKE SHOE AND FOUNDRY CO. |
| 22 | | AMERICAN BRAKEBLOK CORPORATION AMERICAN BRAKE MATERIALS CORPORATION |
| 23 | | AMERICAN BRAKE SHOE AND FOUNDRY (DE) VELVETOUCH |
| 24 | | |
| 25 | GENUINE PARTS COMPANY (GPC) | NAPA AUTO PARTS GENUINE PARTS COMPANY OF MICHIGAN, INC. RAYLOC BRAKES |
| 26 | | AUTHORIZED MOTOR PARTS CORP. GENUINE PARTS COMPANY OF WISCONSIN, INC. |
| 27 | | AUTOMOTIVE PARTS COMPANY COLYEAR MOTOR SALES COMPANY |
| 28 | /// | |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENUINE PARTS COMPANY (GPC) (cont'd) | GENERAL AUTOMOTIVE PARTS CORPORATION<br>STANDARD UNIT PARTS CORPORATION<br>DIGERUD AUTO PARTS<br>FANCHER AUTO-TRUCK PARTS CO.<br>VALLEY AUTO<br>REDWOOD AUTO SUPPLY |
| ACTUANT CORPORATION | APPLIED POWER, INC.<br>BEAR AUTOMOTIVE SERVICE EQUIPMENT COMPANY |
| HENNESSY INDUSTRIES, INC. | AMMCO TOOLS, INC. |
| PACCAR, INC. | PETERBILT MOTORS COMPANY<br>PETERBILT TRUCK COMPANY<br>PETERBILT TRUCK CENTER, INC.<br>KENWORTH TRUCK COMPANY<br>PACIFIC CAR AND FOUNDRY COMPANY<br>KW<br>BRADEN WINCH CO. |
| INGERSOLL-RAND COMPANY | INGERSOLL-DRESSER PUMP<br>DRESSER-RAND CO.<br>PACIFIC PUMP WORKS<br>FLOWSERVE CORPORATION<br>INGERSOLL ROCK DRILL COMPANY<br>TERRY STEAM TURBINE CO.<br>WHITON MACHINE COMPANY<br>RAND DRILL COMPANY<br>RAND & WARING DRILL AND COMPRESSOR COMPANY<br>INGERSOLL-SERGEANT<br>SCHLAGE LOCK COMPANY<br>VON DUPRIN<br>THE TORRINGTON COMPANY<br>BLAW-KNOX COMPANY<br>ALDRICH PUMPS<br>HUSSMANN CORPORATION |
| TENNECO AUTOMOTIVE OPERATING COMPANY INC. | TENNECO AUTOMOTIVE, INC.<br>WALKER MANUFACTURING COMPANY<br>MONROE AUTO EQUIPMENT COMPANY<br>MONROE MUFFLER<br>NORTH AMERICAN ORIGINAL EQUIPMENT OPERATIONS, A DIVISION OF TENNECO AUTOMOTIVE, INC.<br>NORTH AMERICAN AFTERMARKET OPERATIONS, A DIVISION OF TENNECO AUTOMOTIVE, INC. |
| PERFECTION HY-TEST COMPANY | ZOOM |
| CARQUEST CORPORATION, THE | GENE'S AUTO PARTS<br>BRADSHAW AUTO PARTS OF SUGARHOUSE, INC. |
| INDIAN HEAD INDUSTRIES, INC. /// | DETROIT GASKET & MANUFACTURING COMPANY |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| TENNECO INC. | DIAMOND INTERNATIONAL CORPORATION |
| | DIAMOND LUMBER, INC. |
| | DIAMOND MATCH COMPANY, THE |
| | DIAMOND NATIONAL CORPORATION |
| | DYNOMAX MUFFLERS |
| | TENNECO CORPORATION |
| | TENNESSEE GAS & TRANSMISSION C |
| | THRUSH MUFFLERS |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC. |
| | AVONDALE SHIPYARDS, INC. |
| | CONTINENTAL MARITIME INDUSTRIES, INC. |
| | EASTERN IDAHO CONSTRUCTION COMPANY |
| | INGALLS SHIPBUILDING, INC. |
| | NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY |
| | NORTH CAROLINA SHIPBUILDING |
| | NORTHROP GRUMMAN SHIP SYSTEMS, INC. |
| | SERVICE ENGINEERING INDUSTRIES, INC. |

11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

1 to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
2 supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
3 installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
4 rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
5 and other products containing asbestos, in that said products caused personal injuries to users,
6 consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter
7 collectively called "exposed persons"), while being used in a manner that was reasonably
8 foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by
9 "exposed persons".

10     13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
11 exercise due care in the pursuance of the activities mentioned above and defendants, and each of
12 them, breached said duty of due care.

13     14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
14 have known, and intended that the aforementioned asbestos and products containing asbestos and
15 related products and equipment, would be transported by truck, rail, ship, and other common
16 carriers, that in the shipping process the products would break, crumble, or be otherwise
17 damaged; and/or that such products would be used for insulation, construction, plastering,
18 fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
19 limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
20 breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
21 release of airborne asbestos fibers, and that through such foreseeable use and/or handling
22 "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to
23 said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
24 persons working in proximity to said products, directly or through reentrainment.

25     15.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-
26 containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's
27 exposure to asbestos and asbestos-containing products is on current information as set forth at
28 various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and

1 incorporated by reference herein.

2     16.    As a direct and proximate result of the acts, omissions, and conduct of the
3 defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure
4 to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
5 or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and
6 incorporated by reference herein.

7     17.    Plaintiff is informed and believes, and thereon alleges, that progressive lung
8 disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
9 without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
10 asbestos and asbestos-containing products over a period of time.

11     18.    Plaintiff suffers from a condition related to exposure to asbestos and asbestos-
12 containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-
13 containing products presented risk of injury and/or disease.

14     19.    As a direct and proximate result of the aforesaid conduct of defendants, their
15 ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,
16 permanent injuries and/or future increased risk of injuries to their persons, body and health,
17 including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and
18 emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to
19 Plaintiff's general damage.

20     20.    As a direct and proximate result of the aforesaid conduct of the defendants, their
21 "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur
22 in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays
23 and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this
24 time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost
25 thereof is ascertained.

26     21.    As a further direct and proximate result of the said conduct of the defendants,
27 their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature
28 and extent of which are not yet known to Plaintiff; and leave is requested to amend this

1  complaint to conform to proof at the time of trial.

2      22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
3  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
4  had full knowledge of, or should have known of, each of the acts set forth herein.

5      23.    Defendants, their "alternate entities," and each of them, are liable for the
6  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
7  and each defendant's officers, directors and managing agents participated in, authorized,
8  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
9  each of their ALTERNATE ENTITIES as set forth herein.

10     24.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
11 and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
12 disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of
13 example and by way of punishing said defendants, seeks punitive damages according to proof.

14     WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
15 each of them, as hereinafter set forth.

16                          SECOND CAUSE OF ACTION
                                (Products Liability)
17

18     AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
19 ACTION FOR PRODUCTS LIABILITY, PLAINTIFF ROBERT BAKER COMPLAINS OF
20 DEFENDANTS HOPEMAN BROTHERS, INC., FEDERAL-MOGUL ASBESTOS
21 PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING
22 CO., CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC
23 CORPORATION), ARVINMERITOR, INC., PERFORMANCE INDUSTRIES, INC.,
24 MAREMONT CORPORATION, PNEUMO ABEX LLC, GENUINE PARTS COMPANY;
25 ACTUANT CORPORATION; HENNESSY INDUSTRIES, INC.; PACCAR INC.;
26 INGERSOLL-RAND COMPANY; METROPOLITAN LIFE INSURANCE COMPANY;
27 TENNECO AUTOMOTIVE OPERATING COMPANY, INC.; PERFECTION HY-TEST
28 COMPANY; CARQUEST CORPORATION, THE; HALDEX BRAKE CORPORATION;

1  INDIAN HEAD INDUSTRIES, INC.; TENNECO INC.; GENERAL ELECTRIC COMPANY;
2  FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION); ELECTRIC BOAT
3  CORPORATION and NORTHROP GRUMMAN SHIPBUILDING, INC., THEIR
4  "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

5      25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the
6  allegations contained in each paragraph of the First Cause of Action herein.

7      26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended
8  that the above-referenced asbestos and asbestos-containing products would be used by the
9  purchaser or user without inspection for defects therein or in any of their component parts and
10 without knowledge of the hazards involved in such use.

11     27.    Said asbestos and asbestos-containing products were defective and unsafe for their
12 intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The
13 defect existed in the said products at the time they left the possession of defendants, their
14 "alternate entities," and each of them. Said products did, in fact, cause personal injuries,
15 including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff
16 herein, while being used in a reasonably foreseeable manner, thereby rendering the same
17 defective, unsafe and dangerous for use.

18     28.    "Exposed persons" did not know of the substantial danger of using said products.
19 Said dangers were not readily recognizable by "exposed persons". Said defendants, their
20 ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
21 which Plaintiff and others similarly situated were exposed.

22     29.    In researching, manufacturing, fabricating, designing, modifying, testing or failing
23 to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
24 sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
25 marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
26 and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
27 did so with conscious disregard for the safety of "exposed persons" who came in contact with
28 said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

1  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
2  death resulting from exposure to asbestos or asbestos-containing products, including, but not
3  limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
4  from scientific studies performed by, at the request of, or with the assistance of, said defendants,
5  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
6  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

7       30.    On or before 1930, and thereafter, said defendants, their ALTERNATE
8  ENTITIES and each of them, were aware that members of the general public and other "exposed
9  persons", who would come in contact with their asbestos and asbestos-containing products, had
10 no knowledge or information indicating that asbestos or asbestos-containing products could
11 cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
12 members of the general public and other "exposed persons", who came in contact with asbestos
13 and asbestos-containing products, would assume, and in fact did assume, that exposure to
14 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
15 hazardous to health and human life.

16      31.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
17 of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
18 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
19 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
20 asbestos-containing products without attempting to protect "exposed persons" from or warn
21 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
22 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
23 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
24 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
25 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
26 and suppressed said knowledge from "exposed persons" and members of the general public, thus
27 impliedly representing to "exposed persons" and members of the general public that asbestos and
28 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

1    ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
2    representations with the knowledge of the falsity of said implied representations.

3        32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
4    and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
5    ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
6    manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
7    sale, inspection, installation, contracting for installation, repair, marketing, warranting,
8    rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
9    containing products. In pursuance of said financial motivation, said defendants, their
10   ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
11   persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
12   containing products to cause injury to "exposed persons" and induced persons to work with and
13   be exposed thereto, including Plaintiff.

14       33.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE
15   ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
16   products to be safe for their intended use but that their asbestos and asbestos-containing products,
17   created an unreasonable risk of bodily harm to exposed persons.

18       34.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
19   and various asbestos-containing products manufactured, fabricated, inadequately researched,
20   designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
21   for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,
22   marketed, warranted, rebranded, manufactured for others, packaged and advertised by the
23   aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff
24   cannot identify precisely which asbestos or asbestos-containing products caused the injuries
25   complained of herein.

26       35.    Plaintiff relied upon defendants', their "alternate entities'", and each of their
27   representations, lack of warnings, and implied warranties of fitness of asbestos and their
28   asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

1 | been injured permanently as alleged herein.

2 | 36. As a direct and proximate result of the actions and conduct outlined herein,

3 | Plaintiff has suffered the injuries and damages previously alleged.

4 | WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

5 | ENTITIES, and each of them, as hereinafter set forth.

6 | **IV.**

7 | **PRAYER**

8 | WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

9 | ENTITIES, and each of them in an amount to be proved at trial, as follows:

10 | (a) For Plaintiff's general damages according to proof;

11 | (b) For Plaintiff's loss of income, wages and earning potential according to proof;

12 | (c) For Plaintiff's medical and related expenses according to proof;

13 | (d) For Plaintiff's cost of suit herein;

14 | (e) For exemplary or punitive damages according to proof;

15 | (f) For damages for fraud according to proof; and

16 | (g) For such other and further relief as the Court may deem just and proper, including

17 | costs and prejudgment interest.

18 | Dated: 4|4|11                    BRAYTON❖PURCELL LLP

19 |

20 | By: _____

21 | David R. Donadio
    Attorneys for Plaintiff

22 |

23 | JURY DEMAND

Plaintiff hereby demands trial by jury of all issues of this cause.

24 | Dated: 4|4|11                    BRAYTON❖PURCELL LLP

25 |

26 | By: _____

27 | David R. Donadio
    Attorneys for Plaintiff

28 |

K:\Injured\22765\FED\PLD\cmp fed (pi).wpd                    15
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

EXHIBIT A

Plaintiff: ROBERT BAKER

Plaintiff's injuries: Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer and various other cancers. Plaintiff was diagnosed with asbestosis and asbestos-related pleural disease on or about October 1998.

Retirement Status: The Injured Party retired from his last place of employment as a result of becoming disabled due to an illness not related to asbestos. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Diamond T Trucks Orange Blossom Trail Orlando, FL | Diamond T Trucks Orange Blossom Trail Orlando, FL | Mechanics Assistant | 1962 |

Job Duties: Plaintiff performed brake work, installed clutches, and overhauled engines in heavy trucks including but not limited to the following brand: KENWORTH TRUCK CO. Plaintiff worked with and was exposed to FITZGERALD (BALLINGLANNA CORPORATION) asbestos-containing gaskets.. Plaintiff pulled the hubs and used compressed air to clean the drums of dust and debris before mounting, fitting and replacing the linings on the brake shoes. Plaintiff attached the brake linings by drilling holes and bolting them to the brake shoes. Plaintiff ground the brake linings to "fit" them to the shoe. Plaintiff performed approximately one brake job a week, he recalls that other co-workers were performing brake work on a more consistent

1  basis. Plaintiff occasionally performed repair work on clutches. Plaintiff used compressed air to
2  clean the clutch facings. Plaintiff recalls that there were approximately eight mechanic bays and
   that there was no ventilation system present. Plaintiff recalls the following supervisor: Walt
   Lashley, Orlando, Florida. Plaintiff recalls the names of the following co-workers: Walt Lashley,
3  address unknown; Paul Early, address unknown; Jack Eggbert, address unknown; and Ray, last
   name currently unknown. Plaintiff currently contends that he was exposed to asbestos during
4  this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Colonial Towne Auto Parts, Colonial Towne, FL | Colonial Towne Auto Parts, Colonial Towne, FL | Stock Clerk | 1964 |

Job Duties: Plaintiff unpacked deliveries, stocked shelves, filled orders and delivered parts to
various garages in the area. Plaintiff worked with and was exposed to asbestos-containing
WAGNER (MOOG AUTOMOTIVE, INC.) brakes, RAYBESTOS (RAYMARK INDUSTRIES,
INC.) brakes and RAYLOC (GENUINE PARTS COMPANY ) brakes. Plaintiff stocked all types
of asbestos-containing auto parts including but not limited to: clutches, brakes, and various
gaskets. When filling an order, plaintiff took the asbestos-containing parts out of the box for
inspection and dust and cleaned out the box to ensure the customer received a "presentable
package." On a daily basis, plaintiff dusted the shelves and swept the warehouse. Plaintiff recalls
that fans were often blowing during the warm months. On occasion, plaintiff assisted mechanics
with brake jobs. Plaintiff "fit" the brake shoes to the drums by using an arcing machine.
Plaintiff recalls having to clean out the bag attached to the arcing machine. Plaintiff recalls that
most of the auto parts were purchased from AMERICAN AUTO PARTS located in Colonial
Towne, Florida. Plaintiff recalls that Colonial Towne Auto Parts purchased these parts from
various suppliers and sold them under their name. Plaintiff recalls that this work was performed
on various types of American made cars and trucks. Plaintiff recalls the following supervisor:
Rolf Hussman, deceased. Plaintiff does not currently recall the names of any co-workers.
Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| P. H. Automotive Warehouse, Orlando, FL | P.H. Automotive Warehouse, Orlando, FL | Manager | 1966 |

Job Duties: Plaintiff started off working in the warehouse, receiving and stocking parts before
becoming the manager of the shipping department. Plaintiff handled and stocked parts for
American made cars and trucks including but not limited to: asbestos-containing brake parts,
clutches, and engine gaskets. Plaintiff inspected the parts and cleaned out and dusted the boxes
prior to delivery. Plaintiff swept and dusted the shop on a daily basis. Plaintiff recalls a fan
blowing on occasion. Plaintiff occasionally went to R&M MANUFACTURING, a warehouse
out of Orlando, Florida to purchase asbestos-containing brake shoes. Plaintiff recalls the
following supervisor: Bob McChoen, Florida. Plaintiff currently recalls the names of the
following co-workers: Ted, last name unknown; Robert McGowen, Florida; Cliff McGowen,
Florida; and Martha, last name unknown. Plaintiff currently contends that he was exposed to
asbestos during this employment.

27  ///

28  ///

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| National Auto Parts 1110 Colusa Vallejo, CA | National Auto Parts 1110 Colusa Vallejo, CA | Stock Clerk | 1967 |

Job Duties: Plaintiff recalls working with and being exposed to asbestos-containing RAYBESTOS (RAYMARK INDUSTRIES, INC.) brake parts. Plaintiff worked in shipping and receiving, stocking and pulling asbestos-containing parts for various American made automobiles and trucks. Plaintiff recalls the following supervisor: "Frenchie," Vallejo, California. Plaintiff currently recalls the names of the following co-workers: Dick Wanger, Vallejo, California; and Joe Rodriquez, Vallejo, California. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA | Mare Island Naval Shipyard, Shop 56 Vallejo, CA Various military vessels, including but not limited to: | Pipefitter | 1967- 1969 |
| | GUITTARO (SSN-665) | | |
| | PINTADO (SSN-672) | | |
| | BAINBRIDGE (DLGN-25) | | |
| | BAYA (AGSS-318) | | |
| | BRAINE (DD-630) | | |
| | CAIMAN (SS-323) | | |
| | CHARA (AE-31) | | |
| | CURRITUCK (AV-7) | | |
| | GRAYBACK (SSG-574) | | |
| | GUDGEON (SS-567) | | |
| | GURNARD (SSN-662) | | |
| | HAWKBILL (SSN-666) | | |
| | NEPTUNE (ARC-2) | | |
| | PERCH (APSS-313) | | |
| | PERMIT (SSN-594) | | |
| | SEGUNDO (SS-398) | | |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA (cont'd) | Mare Island Naval Shipyard, Shop 56 Vallejo, CA Various military vessels, including but not limited to: | Pipefitter | 1967- 1969 |

SWORDFISH (SSN-579)

DRUM (SSN-677)

HALIBUT (SSGN-587)

RONQUIL (SS-396)

SCAMP (SSN-588)

SEA FOX (SS-402)

SNOOK (SSN-592)

WORDEN (DLG-18)

Job Duties:  Plaintiff worked in Shop 56 at Mare Island Naval Shipyard, Vallejo, California, in addition to working aboard the above-listed vessels.  Plaintiff worked as a pipefitter and ripped out asbestos-containing insulation prior to repairing and installing pipes.  Plaintiff applied asbestos-containing insulation materials on the piping systems after repairs were made.  Plaintiff picked up, handled, swept up and discarded insulation debris.  Plaintiff worked with, and in close proximity to the following tradesmen:  electricians, welders, chippers, painters, insulators, and those working on scaffolds.  Plaintiff used the following asbestos-containing products:  cloth and insulation materials.  Plaintiff recalls dusty conditions aboard the vessels and especially within the tight machinery spaces.  Plaintiff currently does not recall the names of any supervisors.  Plaintiff recalls the names of the following co-workers:  Fred Fetty, Jr., and Mike Baker (plaintiff's brother).  Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Motor Parts and Machine Company Sanford, FL | Motor Parts and Machine Company Sanford, FL | Salesman | 1969 |

Job Duties:  Plaintiff worked with and was exposed to asbestos-containing FEL-PRO (FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.) gaskets.  Plaintiff handled various asbestos-containing parts including brake parts and clutch parts.  Plaintiff performed various duties to help his co-workers.  Plaintiff recalls preparing brake parts for installation by cleaning parts with an air hose, turning brake drums and arcing brake linings, and performing general clean up of the warehouse and mechanic bays.  Plaintiff currently does not recall the names of any supervisors.  Plaintiff currently recalls the name of the following co-worker:  Henry Sanford, address unknown.  Plaintiff currently contends that he was exposed to asbestos during this employment.
///

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Precision Auto Parts Soscol Avenue Napa, CA | Precision Auto Parts Soscol Avenue Napa, CA | Salesman (Manager) | 1970 - 1971 |

Job Duties:  Plaintiff inspected asbestos-containing  parts and cleaned out and dusted the boxes prior to delivery. Plaintiff recalls working with and being exposed to asbestos-containing WALKER (WALKER MANUFACTURING COMPANY) car exhaust systems.  Plaintiff worked with and was exposed to various asbestos-containing MAREMONT parts. Plaintiff dusted and swept the warehouse on a daily basis. Plaintiff recalls the following supervisor:  Bob Schumacher, Clear Lake, California.  Plaintiff recalls the following co-workers:  Ray Emerson, Napa, California; Bobby Erickson, Napa, California; and Mel Almendinger, address unknown. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Vallejo Auto Parts Springs Road Vallejo, CA | Vallejo Auto Parts Springs Road Vallejo, CA | Salesman | 1972 - 1973 |

Job Duties:  Plaintiff inspected asbestos-containing  parts, cleaned out and dusted the boxes prior to delivery.  Plaintiff recalls that Vallejo Auto Parts, Vallejo, California, was owned by Precision Auto Parts.  Because it was a small shop, plaintiff worked mostly alone, with a driver to perform deliveries.  Plaintiff recalls receiving and stocking auto parts, taking phone orders, pulling asbestos-containing parts and inspecting them for delivery.  Plaintiff swept and dusted the shop on a daily basis. Plaintiff recalls the following supervisor: Bob Schumacher, Clearlake, California.  Plaintiff recalls the following co-worker: Pat Hughes, Vallejo, California; John Jordan, Vallejo, California; and Mel Daniels, Concord, California.  Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Tri-City Auto Parts 23rd Street Richmond, CA | Tri-City Auto Parts 23rd Street Richmond, CA | Salesman | 1973-1974; |
| Tri-City Auto Parts 23rd Street Richmond, CA | Tri-City Auto Parts 23rd Street Richmond, CA | Manager | 1976-1977 |

Job Duties:  Plaintiff inspected asbestos-containing  parts, cleaned out and dusted the boxes prior to delivery, and dusted and swept the store.  Occasionally, plaintiff would assist in the machine shop.  Plaintiff recalls the following supervisor: John Poundstone, Martinez, California. Plaintiff recalls the following co-workers:  Jim Blackwood, Napa, California; Al Hal Shattuck, Concord, California; Clyde Gross, Richmond, California; Jerry Callen, Rodeo, California; Jack Duncan, Vacaville, California; Ray Penneyton, address unknown; John Poundstone, address unknown; Ilo Machado, address unknown; Jack, last name unknown; Al Rodriguez, address unknown; Marie Rodriguez, address unknown; and Barbara, last name unknown.  Plaintiff currently contends that he was exposed to asbestos during this employment.

///

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| El Sobrante Auto Parts, San Pablo Rd. El Sobrante, CA | El Sobrante Auto Parts, San Pablo Rd. El Sobrante, CA | Salesman | 1974 - 1975 |

Job Duties: Plaintiff inspected asbestos-containing parts, cleaned out and dusted the boxes prior to delivery, and dusted and swept the store, and assisted co-workers when needed. Plaintiff removed asbestos-containing brake and clutch products from manufacturers' packaging and cleaned off dust. Plaintiff recalls that SEAPORT AUTOMOTIVE (SEAPORT AUTOMOTIVE WAREHOUSE, INC.), Oakland, California, and C&L AUTOMOTIVE, San Francisco, California, were main suppliers of asbestos-containing brake and gasket products. Plaintiff handled FEL-PRO (FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.) gaskets, and MR. GASKET (PERFORMANCE INDUSTRIES, INC.) gaskets. Plaintiff recalls being present while machine work was performed on various brake and clutch products. Plaintiff recalls the following supervisors: John Redstreak, address unknown; Jack Nionroe, Pleasant Hill, California. Plaintiff recalls the names of the following co-workers: Jack Monroe; Clyde Gross, Richmond, California; Jim; Red; and Gerry, last names currently unknown. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Monument Car Parts Pleasant Hill, CA | Monument Car Parts Pleasant Hill, CA | Salesman | 1975-1979 |

Job Duties: Plaintiff inspected asbestos-containing parts, cleaned out and dusted the boxes prior to delivery, dusted and swept the store, and assisted co-workers when needed. Plaintiff worked the front counter, filled orders and checked car parts. Plaintiff recalls working with and handling asbestos-containing carburetor products, including gaskets, MR. GASKET (PERFORMANCE INDUSTRIES, INC.) gaskets, and MAREMONT muffler equipment. Plaintiff recalls taking these products out of manufacturer packaging and cleaning off dust debris. Plaintiff recalls inspecting parts and cleaning out the part boxes for the customers. Plaintiff dusted and swept the warehouse on a daily basis. Plaintiff does not recall the names of any supervisors. Plaintiff recalls the names of the following co-workers: George Butler, address unknown; Jim Allen, address unknown; Margaret Dougherty, address unknown; Ward, last name unknown; Pancho Elizarus, Pittsburg, California; Chuck, last name unknown; Jack Monroe (owner), address unknown; Jim Monroe (owner), address unknown; and Joe Boone, address unknown. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Clayton Road Auto Parts, Clayton Road Concord, CA | Clayton Road Auto Parts, Clayton Road Concord, CA | Salesman | 1976 |

Job Duties: Plaintiff recalls handling asbestos-containing RAYBESTOS (RAYMARK INDUSTRIES, INC.) brake pads. Plaintiff cut asbestos-containing sheet gasket material to size. Plaintiff answered phones, filled and inspected orders, cleaned out the part boxes, and stocked the parts. Plaintiff dusted and swept the store on a daily basis. Plaintiff does not recall the names of any supervisors. Plaintiff recalls the following co-workers: John Re dstreak, address unknown; Paul, last name unknown; Walt, last name unknown; Ron Parsley, address unknown;

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1  Pancho Elizarus, Pittsburg, California; Mike Morris (deceased); and Dan McFarland, addresses
   unknown. Plaintiff currently contends that he was exposed to asbestos during this employment.

2

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Phipps Auto Parts Pittsburg, CA | Phipps Auto Parts Pittsburg, CA | Salesman | 1977 |

Job Duties: Plaintiff inspected asbestos-containing parts, cleaned out and dusted the boxes prior
to delivery, and dusted and swept the store, and assisted co-workers when needed. Plaintiff
recalls being present while brake products and clutch products were resurfaced. Plaintiff recalls
working with asbestos-containing RAYBESTOS (RAYMARK INDUSTRIES, INC.) brake pads.
Plaintiff recalls removing asbestos-containing brake products and clutch products from the
manufacturers' packaging and cleaning dust from these products. Plaintiff recalls the following
supervisor: Sonny Phipps, Norfolk, Virginia. Plaintiff recalls the names of the following co-
worker : Darrel Dickerson, address unknown. Plaintiff currently contends that he was exposed to
asbestos during this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Complete Auto Parts Pittsburg, CA | Complete Auto Parts Pittsburg, CA | Salesman | 1978 - 1979 |

Job Duties: Plaintiff inspected asbestos-containing parts, cleaned out and dusted the boxes prior
to delivery, and dusted and swept the store, and assisted co-workers when needed. Plaintiff
recalls cleaning and handling asbestos-containing ZOOM (PERFECTION HY-TEST
COMPANY) brand clutch parts. Plaintiff handled and cleaned WAGNER (MOOG
AUTOMOTIVE, INC.) and RAYBESTOS (RAYMARK INDUSTRIES, INC.) products.
Plaintiff recalls being present while asbestos-containing brake and clutch products were surfaced
on an arcing grinding machine. Plaintiff recalls the following supervisor: Poncho Elizarus,
Pittsburg, California. Plaintiff recalls the following co-workers: Don and Mike, last names
unknown. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title At Time of Exposure | Year(s) of Exposure Beginning-Ending |
|---|---|---|---|
| Golden Gate Switchboard Napa, CA | Golden Gate Switchboard Napa, CA | Welder | 1980-1982 |

Job Duties: Plaintiff welded and performed refabrication work on various machinery. Plaintiff
recalls building transformers used to run large machinery in Korea; repairing various equipment
such as shears, hydraulic equipment and air compressors; and painting equipment. Plaintiff
recalls handling the following asbestos-containing products: cloth, gasket material, clutch
facings, packing, and insulation. Plaintiff recalls the following supervisor: Bob Bohnencamp,
Napa, California. Plaintiff recalls the following co-workers: Don O'Hara, Napa, California;
Jerry, last name unknown; Linda, last name unknown; Todd, last name unknown; John
Redstreak, address unknown and Paul Ellazus, address unknown. Plaintiff currently contends
that he was exposed to asbestos during this employment.

Throughout his employment in the automotive industry, plaintiff handled asbestos-containing
parts from the following manufacturers: WAGNER (MOOG AUTOMOTIVE, INC.) brake and
clutch parts; KELSEY HAYES; FEL-PRO gaskets (FEDERAL-MOGUL ASBESTOS

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1  PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING
   CO.); RAYBESTOS (RAYMARK INDUSTRIES, INC.) brakes; and NUTURN brakes
2  (tradename, TRUGARD (T&N, LTD.)); A&P Exhaust System; CAR QUEST Exhaust System;
   ARVIN Exhaust System; THRUSH Exhaust System; CAR QUEST gaskets; DETROIT gaskets;
3  PRECISION clutches; ZOOM (PERFECTION HY-TEST COMPANY) clutches; MIDLAND
   brakes; R&M brakes; WAGNER (MOOG AUTOMOTIVE, INC.) brakes; and RAY LOCK
4  (GENUINE PARTS COMPANY ) brakes. Plaintiff recalls receiving parts from the following
   suppliers: NAPA AUTO PARTS (GENUINE PARTS COMPANY ), Florida and California;
5  CENTRAL AUTO PARTS INC., Orlando, Florida; ROQUEMORE AUTOPARTS, Florida;
   C&L WAREHOUSE, San Francisco, California; SEAPORT AUTOMOTIVE WAREHOUSE,
6  Oakland, California. Plaintiff recalls that he and other mechanics used  brake arcing and grinding
   machines manufactured by VAN NORMAN (VAN NORMAN EQUIPMENT CO. INC.), BEAR
7  (ACTUANT CORPORATION) and AMMCO (HENNESSY INDUSTRIES, INC.)  which was
   blue with the AMMCO name in red letters.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL