ASBST, JMR, JURY, NO_CMC, REMOVAL

# U.S. District Court
## Southern District of Mississippi (Jackson)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00100-WJG -JMR
## Internal Use Only

Pridmore v. Crane Company et al
Assigned to: District Judge Walter J. Gex, III
Referred to: Magistrate Judge John M. Roper
Case in other court: Circuit Court of Hinds Co., MS, 251-10-00876-CIV
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 02/18/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Gayla Pridmore**
*as Personal Representative of the Estate of Toxsie Pridmore and Wrongful Death Beneficiary and Heir-at-Law of Toxsie Pridmore*

represented by **Jeffrey A. Varas**
VARAS & MORGAN
P.O. Box 886
Hazlehurst, MS 39083
601/894-4088
Fax: 601/894-4688
Email: varasoffice2@bellsouth.net
*ATTORNEY TO BE NOTICED*

**Stephen Lee Shackelford**
STEPHEN LEE SHACKELFORD, ATTORNEY
2001 Airport Road, Suite 301
Jackson, MS 39232
601/936-9631
Email: steve@stephenshackelford.com
*ATTORNEY TO BE NOTICED*

**Tom B. Scott , III**
SCOTT & SCOTT
P. O. Box 2009
Jackson, MS 39215-2009
601/353-9522
Email: sharon@scottandscott.net
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Crane Company**

represented by **Matthew P. Lachaussee**
DOGAN & WILKINSON, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

228/762-2272
Email: mbagwell@doganwilkinson.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Riley Stoker**
*d/b/a Riley, Inc.*

represented by **William C. Reeves**
BALCH & BINGHAM, LLP - Jackson
401 East Capitol Street, Suite 200
Jackson, MS 39201-2608
601/965-8176
Fax: 888/754-9494
Email: breeves@balch.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Standard**
*Individually and Successor-in-Interest to Kewanee Boilers*

represented by **Donald C. Partridge**
FORMAN, PERRY, WATKINS, KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608
(601) 960-8600
Email: partridgedc@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries, Inc.**
*f/k/a IMO Delaval, f/k/a Transamerica De Laval, f/k/a De Laval Turbine*

represented by **Cheri D. Green**
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC-Jackson
248 East Capitol St., 1400 TNB (39201)

P. O. Drawer 119
Jackson, MS 39205-0119
601/948-3101
Fax: 601-960-6902
Email: cgreen@brunini.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viacom, Inc.**
*Successor to Westinghouse Electric Corporation*

represented by **Rose Marie Wade**
EVERT WEATHERSBY HOUFF
3405 Piedmont Road, Suite 200
Atlanta, GA 30305
678-651-1200
Fax: 678-651-1201
Email: rmwade@ewhlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **Owens-Illinois, Inc.** | represented by **Jennifer Marie Studebaker**<br>FORMAN, PERRY, WATKINS,<br>KRUTZ & TARDY<br>P.O. Box 22608<br>Jackson, MS 39225-2608<br>(601) 960-8600<br>Email: studebakerjm@fpwk.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/18/2011 | 1 | NOTICE OF REMOVAL by IMO Industries, Inc. from Circuit Court of Hinds Co., MS, case number 251-10-876-CIV. ( Filing fee $ 350 receipt number 34643008239)<br><br>Pursuant to Rule L.U.Civ.R. 5(b) (1) and (2): within 14 days removing party must electronically file the entire state court record as a single filing; all nonadjudicated motion(s) and supporting memoranda must also be filed as separate entries. (Attachments: # 1 State Court Pleadings, # 2 Civil Cover Sheet)(RRL) (Entered: 02/18/2011) |
| 02/18/2011 | | (Court only) ***Set Magistrate Judge Roper/Asbestos/No CMC Held Flags. (RRL) (Entered: 02/18/2011) |
| 02/18/2011 | 2 | NOTICE *of Joinder to Removal* by Crane Company re 1 Notice of Removal,, (Lachaussee, Matthew) (Entered: 02/18/2011) |
| 02/18/2011 | 3 | State Court Record by Defendant IMO Industries, Inc. (Green, Cheri) (Entered: 02/18/2011) |
| 02/18/2011 | 4 | NOTICE *of Tag-Along Action* by IMO Industries, Inc. (Green, Cheri) (Entered: 02/18/2011) |
| 02/18/2011 | 5 | Joinder by Riley Stoker to 1 Notice of Removal,, filed by IMO Industries, Inc. (Reeves, William) (Entered: 02/18/2011) |
| 02/18/2011 | 6 | MOTION for Joinder *In IMO Industries, Inc.'s Notice of Removal* by American Standard (Partridge, Donald) (Entered: 02/18/2011) |
| 02/18/2011 | 7 | NOTICE *OF JOINDER TO REMOVAL* by Owens-Illinois, Inc. re 1 Notice of Removal,, (Studebaker, Jennifer) (Entered: 02/18/2011) |
| 02/21/2011 | 8 | ANSWER to Complaint by Viacom, Inc..(Wade, Rose) (Entered: 02/21/2011) |
| 02/21/2011 | 9 | Joinder by Viacom, Inc. to 1 Notice of Removal,, filed by IMO Industries, Inc. (Wade, Rose) (Entered: 02/21/2011) |
| 02/21/2011 | 10 | Corporate Disclosure Statement by Viacom, Inc. (Wade, Rose) (Entered: 02/21/2011) |
| 02/22/2011 | 11 | Corporate Disclosure Statement by IMO Industries, Inc. (Green, Cheri) (Entered: 02/22/2011) |

| | | |
|---|---|---|
| 02/22/2011 | | DOCKET ANNOTATION as to #2. Incorrect event chosen. This document should have been docketed as a Joinder. (MGB) (Entered: 02/22/2011) |
| 02/22/2011 | 12 | Corporate Disclosure Statement by American Standard (Partridge, Donald) (Entered: 02/22/2011) |
| 02/22/2011 | | DOCKET ANNOTATION as to #6. Incorrect event chosen. This document should have been docketed as a Joinder. (MGB) (Entered: 02/22/2011) |
| 02/22/2011 | | (Court only) ***Motions terminated: 6 MOTION for Joinder *In IMO Industries, Inc.'s Notice of Removal* filed by American Standard. (MGB) (Entered: 02/22/2011) |
| 02/22/2011 | | DOCKET ANNOTATION as to #7. Incorrect event chosen. This document should have been docketed as a Joinder. (MGB) (Entered: 02/22/2011) |
| 02/22/2011 | 13 | Joinder by Crane Company to 1 Notice of Removal,, filed by IMO Industries, Inc. (Lachaussee, Matthew) (Entered: 02/22/2011) |
| 02/22/2011 | 14 | Corporate Disclosure Statement by Riley Stoker (Reeves, William) (Entered: 02/22/2011) |
| 02/22/2011 | 15 | Joinder by American Standard to 1 Notice of Removal,, filed by IMO Industries, Inc. (Partridge, Donald) (Entered: 02/22/2011) |
| 02/24/2011 | 16 | ANSWER to Complaint by American Standard.(Partridge, Donald) (Entered: 02/24/2011) |
| 02/28/2011 | 17 | Corporate Disclosure Statement by Crane Company (Lachaussee, Matthew) (Entered: 02/28/2011) |
| 02/28/2011 | 18 | Corporate Disclosure Statement by Owens-Illinois, Inc. (Studebaker, Jennifer) (Entered: 02/28/2011) |
| 03/01/2011 | 19 | ANSWER to Complaint by IMO Industries, Inc..(Green, Cheri) (Entered: 03/01/2011) |
| 03/04/2011 | | REMARK as this matter concerns asbestos litigation, pursuant to Internal Rule 1, Amended, in the assignment of cases to Judges and Magistrate Judges, all future pleadings in this matter should reference Judge Walter J. Gex and Magistrate Judge John M. Roper and the case number as 3:11cv100WJG-JMR.. (SEC) (Entered: 03/04/2011) |
| 03/09/2011 | 20 | ANSWER to Complaint with Jury Demand by Crane Company. (Lachaussee, Matthew) (Entered: 03/09/2011) |
| 03/10/2011 | 21 | ANSWER to Complaint with Jury Demand by Riley Stoker.(Reeves, William) (Entered: 03/10/2011) |
| 03/16/2011 | 22 | MOTION to Dismiss *Based on Untimely Service of Process* by Owens-Illinois, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit Proposed Order of Dismissal)(Studebaker, Jennifer) (Entered: |

|  |  | 03/16/2011) |
|---|---|---|
| 03/16/2011 |  | DOCKET ANNOTATION as to # 22 . L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number AND a meaningful description. Attorney is advised to follow this rule in future filings. (ND) (Entered: 03/16/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



GAYLA PRIDMORE as PERSONAL REPRESENTATIVE
Of the ESTATE of TOXSIE PRIDMORE and WRONGFUL
DEATH BENEFICIARY and HEIR-AT-LAW of TOXSIE
PRIDMORE                                                                    **PLAINTIFFS**

V.                                                  CIVIL ACTION NO. 3:11 CV 100 CWR-LRA

CRANE COMPANY, RILEY STOKER
D/B/A RILEY, INC., AMERICAN STANDARD
INDIVIDUALLY AND SUCCESSOR-IN-INTEREST
TO KEWANEE BOILERS, IMO INDUSTRIES, INC. F/K/A
IMO DELAVAL F/K/A TRANSAMERICA DE LAVAL
F/K/A DE LAVAL TURBINE, VIACOM, INC. SUCCESSOR TO
WESTINGHOUSE ELECTRIC CORPORATION,
OWENS-ILLINOIS, INC.                                                **DEFENDANTS**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Imo Industries, Inc. removes this action from the Circuit Court of Hinds County, First Judicial District, Mississippi, Civil Action No. 251-10-876CIV to the United States District Court for the Southern District of Mississippi, Jackson Division. This Court has removal jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. In support of this Notice of Removal, Imo Industries, Inc. states the following:

## INTRODUCTION

1.     On October 13, 2010, Plaintiffs filed their Complaint in Circuit Court of Hinds County, First Judicial District, Mississippi, Civil Action No. 251-10-876CIV *See* Complaint, attached as Exhibit A.

01139901

2.      Defendant Imo Industries, Inc. was served with the Summons on or about February 8, 2011. A copy of the Summons and the undated return receipt for Imo are attached as Exhibit B and a copy of service is attached as Exhibit C. In addition, a copy of the Hinds County docket sheet is attached as Exhibit D. It reflects no other Defendant has been served any longer than 30 days; however, this Defendant does not represent whether any service which may have been had is proper. Crane Company and Riley Stoker were served February 8, 2011. Owens-Illinois, Inc. was served on February 14, 2011. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b), providing for removal within thirty (30) days after service of the initial pleading setting forth the claim for relief upon which an action is based.

3.      With Plaintiffs' Complaint presently pending in the Circuit Court of Hinds County Mississippi, the United States District Court for the Southern District of Mississippi, Jackson Division, is the court and division embracing the place where the action is pending in state court.

4.      True and correct copies of all process and pleadings served on Imo Industries, Inc., or otherwise, in this case prior to the filing of this Notice of Removal are attached as Exhibits A, B and E [other issued process and service information on file]. Furthermore, notice of the filing of removal is being filed with the Circuit Court of Hinds County Mississippi, as required by 28 U.S.C. § 1446(d).

5.      By filing this Notice of Removal, Imo Industries, Inc. does not waive any defenses and expressly reserves all available defenses and affirmative defenses, including but not limited to those defenses enumerated in Federal Rule of Civil Procedure 12(b) as well as statute of limitations, election of remedies etc.

## DIVERSITY JURISDICTION

6.      According to its Complaint, identified Plaintiffs are residents of Mississippi and

thus citizens of Mississippi for purposes of 28 U.S.C. §§ 1332 and 1441. The Complaint states nothing to the contrary. *See* Exhibit A at ¶ 1.

7.     Defendant Imo Industries, Inc. is incorporated in the State of Delaware and has its principal place of business in Hamilton, New Jersey.

8.     Crane Company is incorporated in the State of Delaware and has its principal place in the State of Connecticut. Riley Stoker is incorporated in the State of Massachusetts and its principal place of business is in the State of Massachusetts. Trane US, Inc. f/k/a American Standard, Inc. is incorporated in the State of Delaware with its principal place of business in the State of New Jersey. Owens-Illinois, Inc. is incorporated in the State of Ohio and its principal place of business is not Mississippi. CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in the State of New York.

9.     Plaintiffs also list as defendants, John Does at ¶ 3. However, Plaintiffs have failed to make any effort to specifically identify these John Does in the Complaint, and give no specificity as to their involvement in the allegations arising in the Complaint. Under federal law, these John Does cannot be used to destroy diversity. 28 U.S.C. §1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

10.    Thus, there is complete diversity.

11.    Plaintiffs' Complaint does not allege that the amount in controversy falls below $75,000.00. Rather, the Complaint requests the following damages and relief:

01139901                                                                                           3

44. As a direct and proximate result of all the Defendants' breaches of their duties to the Decedent as delineated in all counts above, the Decedent sustained the asbestos-related disease Mesothelioma leading to his subsequent death as set forth above, together with pain and suffering, the past need of medical treatment, medical expenses, together with past disability, loss of wage-earning capacity, lost wages, and a diminution in quality and enjoyment of life, which includes mental anguish, fear, and severe emotional distress associated with knowing that there is no cure for Mesothelioma, while awaiting his impending death. Decedent and his family suffered throughout until that sad moment.

45. With respect to the Decedent, Plaintiffs allege that they are entitled to all remedies and damages provided by the applicable State's Wrongful Death laws and/or alternatively are entitled to damages for all injuries described above occurring in Decedent's lifetimes.

46. In breaching their duties owed to the Plaintiffs, as described above, the Defendants have acted intentionally, with reckless disregard for the rights of others and with gross negligence, maliciously and/or wantonly in that the Defendants knew or should have known through data available to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended or foreseen by the Defendants, and that their aforesaid breaches of duty would result in the injuries set forth herein and damages to the Plaintiffs and Decedent, thus entitling the Plaintiffs to recover punitive or exemplary damages as allowed by law for the Defendants' intentional, reckless and outrageous conduct as set forth herein

01139901

4

> WHEREFORE, the Plaintiffs demand judgment against all Defendants, for compensatory and punitive damages in an amount to be determined by a jury and as allowed by law, for pre-judgment interest from the date of the filing of the original Complaint and post-judgment interest, attorney fees, costs and such other special damages, general and further relief as may be deemed just and appropriate.

Complaint at ¶44-46 and request for relief, Exhibit A.

12. Accordingly, the amount in controversy exceeds $75,000. Imo Industries, Inc. is entitled to removal of this action from the Circuit Court of Hinds County, First Judicial District, Mississippi.

**WHEREFORE,** Defendant Imo Industries, Inc. requests that this matter be removed to the United States District Court for the Southern District of Mississippi, Jackson Division for further proceedings and disposition. Further, Imo Industries, Inc. requests all such further relief to which it may be entitled.

This the 18th day of February, 2011.

Respectfully submitted,

**IMO INDUSTRIES, INC.**

By: _____
One of Its Attorneys

OF COUNSEL:
CHERI D. GREEN, MSB #4988
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
cgreen@brunini.com

## CERTIFICATE OF SERVICE

I, Cheri D. Green, certify that I have this day caused to be mailed, via U.S. Mail, a true and correct copy of the foregoing pleading to the following counsel of record:

Stephen L. Shackelford
3010 Lakeland Cove, Suite P
Flowood, Mississippi 39232

Jeffrey A. Varas
Post Office Box 886
Hazlehurst, Mississippi 39083

Tom B. Scott, III
Scott and Scott, Ltd.
P. O. Box 2009
Jackson, Mississippi 39215-2009

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
734 Delmas Avenue
Pascagoula, Mississippi 39568-1618

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz & Tardy
P. O. Box 22608
Jackson, MS 39225-2608

William C. Reeves
Balch & Bingham
P. O. Box 22587
Jackson, MS 39225-2587

This the 18th day of February, 2011.

/s/ Cheri D. Green