# U.S. District Court
## Northern District of Alabama (Southern)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00900-RDP

Adams et al v. 3M et al

Assigned to: Judge R David Proctor

Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 03/07/2011

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Diversity

**Plaintiff**

**Jessie J Adams**　　　　　　　　　　represented by　**Leila H Watson**
CORY WATSON CROWDER &
DEGARIS PC
2131 Magnolia Avenue
PO Box 55927
Birmingham, AL 35205
205-328-2200
Fax: 250-324-7896
Email: csach@cwcd.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joann L Adams**　　　　　　　　　　represented by　**Leila H Watson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Yolanda L Adams**　　　　　　　　　represented by　**Leila H Watson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Glen Alexander**　　　　　　　　　　represented by　**Leila H Watson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Allen**　　　　　　　　　　　represented by　**Leila H Watson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ralph W Allen**　　　　　　　　　　　represented by　**Leila H Watson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Grover Cleveland Anderson**　　　　　represented by　**Leila H Watson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**George R Anthony**                    represented by   **Leila H Watson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dorothy Armour**                      represented by   **Leila H Watson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Phillip Armstead**                    represented by   **Leila H Watson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M**
*a/k/a Minnesota Mining &
Manufacturing*

**Defendant**

**Allis Chalmers Corporation Product
Liability Trust**

**Defendant**

**American Optical Corporation**

**Defendant**

**AW Chesterton**

**Defendant**

**Buffalo Pumps Inc**

**Defendant**

**Certainteed Corporation**

**Defendant**

**Cleaver Brooks**
*a division of Aqua-Chem Inc*

**Defendant**

**Cooper Industries LLC**
*f/k/a Cooper Industries Inc.,*

*individually and as successor-in-*
*interest to Crouse-Hinds*

**Defendant**

**Crane Co**

**Defendant**

**Crown Cork & Seal Company Inc**

**Defendant**

**CSR Ltd**

**Defendant**

**Eaton Corporation**

**Defendant**

**FMC Corporation**
*individually and on behalf of its former*
*Construction Equipment Group and*
*former Peerless Pump Division, Coffin*
*Turbo Pumps, and Chicago Pump,*
*business*

**Defendant**

**Ford Motor Company**

**Defendant**

**Foster Wheeler Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**Georgia Pacific LLC**

**Defendant**

**Goodrich Corporation**
*f/k/a The BF Goodrich Company*

**Defendant**

**Goodyear Tire and Rubber Co, The**

**Defendant**

**Honeywell Inc**

**Defendant**

**Honeywell International Inc**
*f/k/a Alliedsignal Inc., successor in*
*interest to The Bendix Corporation*

**Defendant**

**Industrial Holdings Corporation**
*f/k/a The Carborundum Company*

**Defendant**

**Ingersoll Rand Company**

**Defendant**

**ITT Industries Inc**

**Defendant**

**JM Manufacturing Company Inc**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**National Service Industries Inc**
*f/k/a North Bothers Inc*

**Defendant**

**Owens Illinois Inc**

**Defendant**

**Pfizer Inc**

**Defendant**

**Pneumo Abex LLC**
*successor in interest to Abex Corporation*

**Defendant**

**Rockwell Automation**
*successor by merger to Allen-Bradley Co, LLC*

**Defendant**

**SEPCO Corporation**

**Defendant**

**Uniroyal Fiber Textile Division of Uniroyal Inc**

**Defendant**

**United States Steel Corporation**

**Defendant**

**USX Corporation**
*as successor in interest to United States Steel LLC f/k/a Tennessee Coal and Iron*

<u>Defendant</u>

**Yarway Corporation**

<u>Defendant</u>

**Zurn Industries Inc**

<u>Defendant</u>

**Federal Mogul Asbestos Personal Injury Trust**
*as successor to Felt Products Manufacturing Co., and/or the former Vellumoid Division of Federal Mogul Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2011 | 1 | COMPLAINT against 3M et al, filed by Glen Alexander, Dorothy Armour, Jessie J Adams, Ralph W Allen, Grover Cleveland Anderson, Joann L Adams, Charles Allen, George R Anthony, Phillip Armstead, Yolanda L Adams.(AVC) (Entered: 03/08/2011) |
| 03/10/2011 |  | Filing Fee Received: $350, Receipt# 1126-1355691 (ALND# B4601020958 (Watson, Leila) Modified on 3/10/2011 (AVC). (Entered: 03/10/2011) |
| 04/05/2011 | 2 | NOTICE by Jessie J Adams *of TAG-ALONG ACTION* (Watson, Leila) (Entered: 04/05/2011) |
| 04/05/2011 | 3 | NOTICE of Corporate Disclosure by Jessie J Adams (Watson, Leila) (Entered: 04/05/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/08/2011 12:05:27 | | |
| **PACER Login:** | cw0283 | **Client Code:** | 0117-09506 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-00900-RDP |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

FILED

2011 Mar-08  AM 10:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JESSIE J.  ADAMS | ) |
| JOANN L.  ADAMS | ) |
| YOLANDA L.  ADAMS | ) |
| GLEN  ALEXANDER | ) |
| CHARLES  ALLEN | ) **CIVIL ACTION NO.:** |
| RALPH W.  ALLEN | ) _____ |
| GROVER CLEVELAND  ANDERSON | ) |
| GEORGE R.  ANTHONY | ) |
| DOROTHY  ARMOUR | ) **JURY DEMAND** |
| PHILLIP  ARMSTEAD | ) |
| CLEVELAND  AUSTIN | ) |
| CHRISTINE BROWN  BANKS | ) |
| EMILY SUE  BARBER | ) |
| STANLEY EARL  BATES | ) |
| JAMES MICHAEL  BATTLES | ) |
| STEVEN P.  BEDSOLE | ) |
| RICHARD DONOVAN  BEECH | ) |
| FRANK GROVER  BEITLER | ) |
| JOSEPH  BELL | ) |
| JESSE C.  BISHOP | ) |

JERRY WAYNE  BLACK                           )
                                             )
TOMMY JEFFREY  BOHANNON                       )
                                             )
WILLIE F.  BOWDEN                            )
                                             )
JERRY MACK  BOYKIN                           )
                                             )
ROBERT E.  BRADFORD                          )
                                             )
OLLIE K.  BRAGG                              )
                                             )
JAMES EDWARD  BRANTLEY                        )
                                             )
WILLIAM FRANKLIN                             )
 BRATCHER                                    )
                                             )
THOMAS NEAL  BREWER                          )
                                             )
HATTIE D.  BRIDGES                           )
                                             )
DWIGHT  BROWN                                )
                                             )
LENARD  BROWN                                )
                                             )
REUBEN ROSS  BROWN                           )
                                             )
CHESTER M. BRYANT                            )
                                             )
MILTON  BRYANT                               )
                                             )
CHARLES ERVIN  BUCK                          )
                                             )
LEE BUDGESS                                  )
                                             )
TONY LEE  BURT                               )
                                             )
ADRIAN JAMES  BUSBY                          )
                                             )
WILLIAM MARVIN  CAFFEE                        )
                                             )
ROBERT DARNELL  CALHOUN                       )
                                             )
JULIUS W.  CALLENS                           )
                                             )

**KENNETH LANDON CALLICUTT**    )
                                )
                                )
**GUYON CALLIER,**              )
INDIVIDUALLY AND AS THE         )
ADMINISTRATOR OF THE            )
ESTATE OF **GEORGE LEWIS**      )
**CALLIER,** DECEASED           )
                                )
**DALE  CAMPBELL**              )
                                )
**FRANK EDWARD  CAMPBELL**      )
                                )
**JAMES DWIGHT  CAMPBELL**      )
                                )
**ROOSEVELT  CAMPBELL**         )
                                )
**JUANITA  CAMPBELL**           )
                                )
**DANNY E.  CAPPS**             )
                                )
**SAMUEL  CARLISLE**            )
                                )
**KEITH  CARMICHAEL**           )
                                )
**RAYFORD  CARMICHAEL**         )
                                )
**JOHN B.  CARROLL**            )
                                )
**JAMES E.  CARTER**            )
                                )
**DANNY C.  CARTER**            )
                                )
**RONALD EARMON CASTLEBERRY**   )
                                )
**EDWARD D.  CATRETT**          )
                                )
**JERRY  CENTERS**              )
                                )
**RAYMOND EDWARD CHAMBERS**     )
                                )
                                )

**CURTIS CHAPMAN**                )
                                  )
**CALVIN CHILDRESS**              )
                                  )
**DANNY CHILDRESS**               )
                                  )
**J. C. CHISM**                   )
                                  )
**CRYSTAL CHRISTY**               )
                                  )
**DEBBIE FOWLER,**                )
  INDIVIDUALLY AND AS THE         )
  ADMINISTRATRIX OF THE           )
  ESTATE OF **GARY CLARK,**       )
  DECEASED                        )
                                  )
**DARL CLARK**                    )
                                  )
**LESLIE D. CLARK**               )
                                  )
**KENNETH CLEGHORN**              )
                                  )
**DELORES CLEVELAND**             )
                                  )
**DAVID CLOUGH**                  )
                                  )
**JOHNNY B. COCKRELL**            )
                                  )
**NOAH COLE**                     )
                                  )
**GARY RUSSELL COLLIER**          )
                                  )
**KENNETH COLLINS**               )
                                  )
**HELEN MARGUERITE**              )
  **COLLINS**                     )
                                  )
**JAMES COLVIN**                  )
                                  )
**WAYNE A. CONSENTINE**           )
                                  )
**LARRY COOK**                    )
                                  )
                                  )

WESLEY CHARLES COOPER )
)
JESSIE L. CORE )
)
RICHARD DONALD COUEY )
)
LENA CRENSHAW )
)
BARBARA SUE CRUISE )
)
HOBERT CUNNINGHAM )
)
THORISE B. CUNNINGHAM )
)
JACQUELINE DAILEY )
)
THOMAS M. DAMON )
)
RICHARD DANIEL )
)
EMMITT LEE DANIELS )
)
BARBARA JEAN DANIELS )
)
ERNEST DARK )
)
GWENDOLYN DARK )
)
ROBERT MARSHALL )
DAVENPORT )
)
JOHN A. DAVIS )
)
ALFRED DAVIS )
)
BRUCE DAVIS )
)
NATHAN DAVIS )
)
JEROME DAWSON )
)
DONALD EARL DEASON )
)
CALVIN RICHARD DEMENT )
)

JAMES R. DENNIS )
)
ARVIL DOCKINS )
)
JOE NATHAN DORSEY )
)
MAE DELL DOWELL )
)
DAVID MARK DURHAM )
)
RICKY EATMON )
)
KEITH EUGENE EDWARDS )
)
MARY D. ELLENBURG )
)
MICHAEL STEVENS ESSEX )
)
BENNY JOE EVANS )
)
PEGGY ANN EVANS )
)
JAMES ERSKIN FEARN )
)
DANNY MURAL FILES )
)
SHEILA DENISE FINN )
)
ARLIN TERRELL FISHER )
)
THOMAS FOLEY )
)
TERRELL LEON )
FORTENBERRY )
)
WAYNE K. FOSTER )
)
GLEN W. FOWLER )
)
VIRGINIA ANN FRAZIER )
)
HOWARD EARL GAINES )
)
RICHARD GARNER )
)

KENNETH EDWARD  GARRARD )
)
NANNETTE H.  GAUSE )
)
HOSEA L.  GILES )
)
JAMES  GILLARD )
)
HARVEY CURTIS  GJELLSTAD )
)
EMMA W.  GLEAVES )
)
JOHNNIE MAE  GLOVER )
)
HENRY  GODIN )
)
MORRIS  GOLEMAN )
)
BILLY  GORDON )
)
SELMA INEZ  GORDON )
)
ROBERT  GOSSETT )
)
MCKENZIE H.  GRACE )
)
JOHN MARK  GREEN )
)
WILLIE JAME  GREEN )
)
SCOTT LUTHER  GREENE )
)
HENRY MILTON  GRIMES )
)
HOWARD EARL  GRINDLE )
)
WILLIAM  HACKER )
)
JOHN W.  HALL )
)
J.C.  HALL )
)
TERRY LEE  HALL )
)
)

ROBERT D.  HANSEN      )

LINDSEY  HARBOUR      )

BILLY WAYNE  HARDIN      )

CHARLES LEE  HARRELL      )

JOE LEE  HARRIS      )

LARRY S.  HARRIS      )

PAUL  HARRIS      )

ANDREW  HARVEY      )

THOMAS E.  HATCHETT      )

DANIEL R.  HAYNES      )

LEE HOLMES  HAYSLETTE      )

FRANKLIN LOUIS  HENDERSON      )

WILLIE JAMES  HENDRIX      )

JOSEPH A. HERRINGTON      )

CHARLES  HICKS      )

ROSA C.  HILL      )

KATHERINE H.  HINTON      )

JIM  HODGES      )

JOHNNY  HOLLEY      )

VIRGAL JOSEPH  HOLLINGS      )

BOBBY LEE  HOLLOWAY      )

CHARLES E.  HOLT      )

ARCHIE  HORTON                                        )
                                                     )
FRANCES J.  HORTON                                   )
                                                     )
ROBERT LEE  HOWARD                                   )
                                                     )
ROBBIE LEE  HOWARD                                   )
                                                     )
KENNETH BERNARD  HUGHES                               )
                                                     )
GLORIA TIMYTHA  HUNT                                  )
                                                     )
ELIZA P.  HURST                                       )
                                                     )
JIMMY JOE  JACKSON                                    )
                                                     )
NORRIS  JACKSON                                       )
                                                     )
WILLIE MAYES  JACKSON                                 )
                                                     )
JULIA P.  JACKSON                                     )
                                                     )
DANIEL LEE  JAMES                                     )
                                                     )
CLARENCE L.  JAMES                                    )
                                                     )
VIRGINIA PREYER  JERKINS                              )
                                                     )
JAMES H.  JETER                                       )
                                                     )
JESSE  JILES                                          )
                                                     )
BURLEIGH  JOHNSON                                     )
                                                     )
JESSIE D. JOHNSTON,                                   )
INDIVIDUALLY AND AS THE                               )
ADMINISTRATOR OF THE                                  )
ESTATE OF **ROBERT**                                  )
**JOHNSTON,** DECEASED                                )
                                                     )
DENNIS LEVERN  JOHNSTON                               )
                                                     )
RAY WILSON  JOHNSTON                                  )
                                                     )

DALLAS HARVEY  JONES )
)
JAMES L.  JONES )
)
LARRY L.  JONES )
)
OTIS  JONES )
)
ESTHER P.  JONES )
)
JIMMY  JORDAN )
)
DONNIE  JOWERS )
)
TOMMY J.  KEEL )
)
GROVER LADONNE  KELLY )
)
JAMES HAROLD  KEMP )
)
WILLIE G.  KENDRICK )
)
JOSEPH HOWARD  KERR )
)
JAMES A.  KILGORE )
)
SAMMIE  KIMBROUGH )
)
ALBERT LAMONT  KING )
)
EDDIE  KING )
)
LARRY  KNIGHT )
)
DIANE  LACEY )
)
HENRY LEE  LAFFERTY )
)
LOWELL W.  LANDERS )
)
KENNETH E.  LANKERT )
)
HERMAN GLENN  LANSDELL )
)
)

BILLY J.  LAWRENCE                    )
                                      )
BERNARD  LEWIS                        )
                                      )
ROBERT W.  LEWIS                      )
                                      )
ROY EARL  LEWIS                       )
                                      )
LINDA  LEWIS                          )
                                      )
SHARON  LEWIS                         )
                                      )
LEVAN  LIGHT                          )
                                      )
DANIEL M.  LIMBAUGH                   )
                                      )
LOUISE  LLOYD                         )
                                      )
JOHNNY  LOWERY                        )
                                      )
ELOWISE  LOWERY                       )
                                      )
ROY  MACK                             )
                                      )
BILLY  MADDOX                         )
                                      )
CECIL  MADDOX                         )
                                      )
CAROLYN JEAN  MADISON                 )
                                      )
ANDERSON  MAHAN                       )
                                      )
LEROY  MAHAN                          )
                                      )
WILLIAM  MAHAN                        )
                                      )
CHARLIE  MAJOR                        )
                                      )
MARY LOIS  MAJOR                      )
                                      )
THOMAS A.  MANNING                    )
                                      )
JIMMY LEON  MARTIN                    )
                                      )
                                      )

ESSEX EDWARD MASON                )
                                  )
DIANE ASH MASON                   )
                                  )
ODELL MASSEY                      )
                                  )
JAMES C. MATTHEWS                 )
                                  )
ARTHUR JAMES MAULL                )
                                  )
GLORIA JEAN MAULL                 )
                                  )
NELDA L. MAYES                    )
                                  )
RUFUS WOODS MCCANTS               )
                                  )
BOBBY MCCARGO                     )
                                  )
ROBERT MCCLAIN                    )
                                  )
DALE EUGENE MCCULLOUGH            )
                                  )
ROBERT CLIFTON                    )
MCCULLOUGH                        )
                                  )
CHARLES JAMES MCDUFFIE            )
                                  )
GARY WAYNE MCGALLIARD             )
                                  )
OTHA W. MCGANN                    )
                                  )
BILL MCKINNEY                     )
                                  )
HERMAN ALLEL                      )
MCLAUGHLIN                        )
                                  )
JAMES MILTON MCNEIL               )
                                  )
JOHN MCNEIL                       )
                                  )
GERALD MCPHERSON                  )
                                  )
ROBERT D. MILLWEE                 )
                                  )
                                  )

MARY  MILTON                                 )
                                             )
JOHN E.  MITCHELL                            )
                                             )
VIRGIL QUINTON  MOODY                        )
                                             )
ROBERT EARL  MOORE                           )
                                             )
HERBERT LEE  MORRISON                        )
                                             )
JOHN FRANKLIN  MORROW                        )
                                             )
VIOLA T.  MURPHY                             )
                                             )
JAMES LYNN  NABORS                           )
                                             )
DON DEVONE  NANCE                            )
                                             )
JOEL  NAPP                                   )
                                             )
GRADY HOUSTON  NELSON                        )
                                             )
JOHN LEE  NICHOLSON                          )
                                             )
DAVID BYRON  NIEHUS                          )
                                             )
LILLARD RONALD  NOBLES                       )
                                             )
STEVIE WAYNE  OLIGER                         )
                                             )
ROBERT WILLIAM  OSBURN                       )
                                             )
CECIL RAY  OSBURNE                           )
                                             )
JAMES D.  OSWALT                             )
                                             )
JOHNNY JAMES  PACKER                         )
                                             )
EDWARD RONALD  PARKER                        )
                                             )
JAMES EDWARD  PARKER                         )
                                             )
JOHNNY EARL  PATRICK                         )
                                             )
                                             )

DAVID M.  PATTERSON                )
                                   )
ROGER DARYL  PAYNE                 )
                                   )
DAVID H.  PEACOCK                  )
                                   )
WILLIAM REED  PEEPLES              )
                                   )
JOHN L.  PERRIN                    )
                                   )
WILLIAM ELLIOTT  PETERS            )
                                   )
AARON  PICKENS                     )
                                   )
WILLIE MAE  PINKSTON               )
                                   )
BILL  PORCH                        )
                                   )
ADAM CLARK  POSEY                  )
                                   )
RAY EDWARD  PRESTON                )
                                   )
JUNE MARIE  PREWITT                )
                                   )
JIMMIE D.  PRICE                   )
                                   )
TERRY WAYNE  PRICE                 )
                                   )
OBIE LEE  PRUITT                   )
                                   )
ROBERT EARL  PUGH                  )
                                   )
LARRY  RAGLAND                     )
                                   )
PHILLIP ROBIN  REYNOLDS            )
                                   )
JERRY O.  RICHARDSON               )
                                   )
JERRY  RICKLES                     )
                                   )
CHARLES GERALD                     )
 ROBERTSON                         )
                                   )
BENJAMIN L.  ROPER                 )
                                   )

ROSE MAE  ROTHSCHILD )
)
LARUE  SALTER )
)
CHARLES LEE  SAMPLES )
)
GARY  SATTERWHITE )
)
CLAY JOSEPH  SAUJON )
)
BRUCE  SEALS )
)
DENNIS ALBERT  SIMONS )
)
WILLIAM O.  SIMS )
)
CLARENCE R.  SLACK )
)
FREDDIE  SMITH )
)
JEROME V.  SMITH )
)
WILLIE E.  SMITH )
)
CLARA ANN  SMITH )
)
PAUL  SNELL )
)
CLE ERVIN  SPARKS )
)
LYNDA MOYE CARSTARPHEN )
 SPEARS )
)
ROGER  SPENCER )
)
JAMES H.  SPROUSE )
)
WILLIE  STODDARD )
)
JIMMY W.  STUDDARD )
)
OLIVE  THIGPEN )
)
CLARK M.  THOMAS )
)

LLOYD  THOMAS ) 
)
WILLIE M.  TURNER )
)
GEORGE EDWARD  VAIL )
)
ARTHUR WILLIAM  WALDREP )
)
DEXTER  WALTON )
)
JESSIE  WARD )
)
DOROTHY B.  WARE )
)
WOODROW W.  WATSON )
)
JOHNNY E.  WATSON )
)
THOMAS VANN  WEAVER )
)
STANLEY MILES  WHITLEY )
)
WILLIAM  WILKERSON )
)
JESSE M.  WILLETT )
)
ALPHONSE N.  WILLIAMS )
)
SYLVIN ODELL  WILLIAMS )
)
HUMPHREY LAMAR  WILLIS )
)
JERRY  WILSON )
)
HAROLD WALTER  WINNIE )
)
JACKIE GENE  WRIGHT )
)
WILLIAM GERALD  WRIGHT )
)
)
)
**PLAINTIFFS,** )
)
)

**VS.**                                    )
                                           )
**ASBESTOS DEFENDANTS:**                   )
                                           )
3M, a/k/a MINNESOTA MINING                 )
& MANUFACTURING                           )
                                           )
ALLIS-CHALMERS                             )
CORPORATION PRODUCT                        )
LIABILITY TRUST;                           )
                                           )
**AMERICAN OPTICAL**                       )
**CORPORATION;**                           )
                                           )
**A.W. CHESTERTON**                        )
                                           )
**BUFFALO PUMPS, INC.;**                   )
                                           )
**CERTAINTEED CORPORATION;**               )
                                           )
**CLEAVER BROOKS,** a division of          )
**AQUA-CHEM INC.;**                        )
                                           )
**COOPER INDUSTRIES, LLC,** f/k/a          )
**COOPER INDUSTRIES, INC.,**               )
individually and as successor-in-          )
interest to **CROUSE-HINDS;**              )
                                           )
**CRANE CO.;**                             )
                                           )
**CROWN, CORK, & SEAL**                    )
**COMPANY, INC.;**                         )
                                           )
**CSR, LTD.**                              )
                                           )
**EATON CORPORATION;**                     )
                                           )
**FEDERAL-MOGUL ASBESTOS**                 )
**PERSONAL INJURY TRUST** as               )
successor to **FELT PRODUCTS**             )

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    17

**MANUFACTURING CO.** and/or the
former **VELLUMOID DIVISION** of
**FEDERAL-MOGUL
CORPORATION;**

**FMC CORPORATION**, individually
and on behalf of its former
**CONTRUCTION EQUIPMENT
GROUP,** and former **PEERLESS
PUMP DIVISION, COFFIN
TURBO PUMPS,** and **CHICAGO
PUMP**, business**;**

**FORD MOTOR COMPANY;**

**FOSTER-WHEELER
CORPORATION;**

**GENERAL ELECTRIC
COMPANY;**

**GEORGIA-PACIFIC LLC;**

**GOODRICH CORPORATION**
f/k/a **THE B.F. GOODRICH
COMPANY;**

**THE GOODYEAR TIRE AND
RUBBER CO.;**

**HONEYWELL, INC.;**

**HONEYWELL INTERNATIONAL,
INC.** f/k/a **ALLIEDSIGNAL INC.,**
successor in interest to **THE BENDIX
CORPORATION;**

**INDUSTRIAL HOLDINGS
CORPORATION,** f/k/a **THE
CARBORUNDUM COMPANY;**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

|  | ) |
| **INGERSOLL-RAND COMPANY;** | ) |
|  | ) |
| **ITT INDUSTRIES INC.;** | ) |
|  | ) |
| **J-M MANUFACTURING COMPANY, INC.;** | ) |
|  | ) |
| **METROPOLITAN LIFE INSURANCE COMPANY;** | ) |
|  | ) |
| **NATIONAL SERVICE INDUSTRIES, INC.**, f/k/a **NORTH BOTHERS, INC.** | ) |
|  | ) |
| **OWENS-ILLINOIS, INC.;** | ) |
|  | ) |
| **PFIZER, INC.;** | ) |
|  | ) |
| **PNEUMO ABEX LLC,** successor in interest to **ABEX CORPORATION;** | ) |
|  | ) |
| **ROCKWELL AUTOMATION**, successor by merger to **ALLEN-BRADLEY CO., LLC;** | ) |
|  | ) |
| **SEPCO CORPORATION;** | ) |
|  | ) |
| **UNIROYAL FIBER AND TEXTILE DIVISION OF UNIROYAL, INC.;** | ) |
|  | ) |
| **UNITED STATES STEEL CORPORATION;** | ) |
|  | ) |
| **USX CORPORATION** as successor in interest to UNITED STATES STEEL, LLC,  f/k/a **TENNESSEE COAL AND IRON;** | ) |
|  | ) |

**YARWAY CORPORATION; and**  )
                                                      )

**ZURN INDUSTRIES, INC.;**  )
     )
     )
     )

**DEFENDANTS.**  )

## COMPLAINT

Plaintiffs allege and complain against the above-named Defendants, and each demands a jury trial of all issues and causes of actions:

## JURISDICTION

This Court has subject jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendants are citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 for each Plaintiff and is within the jurisdiction of the Court.

## STATUTE OF LIMITATIONS

"Federal courts sitting in diversity cases must apply the substantive laws of the states in which they sit, and statutes of limitations are considered substantive" *Van Buskirk v Cary Canadian Mines, Ltd.* 760 F.2d 481 (3rd Cir. Pa., 1985). Therefore, the Alabama Statute of limitations, and other related statutes, apply to this case.

# BACKGROUND FACTS — THE PLAINTIFFS

Plaintiff **JESSIE J. ADAMS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jessie J. Adams worked, including but not limited to: as a Construction Laborer for RJ Baggett Construction from approximately 1974 to 1980 in Mobile, AL; as a Grinder for Alabama Shipyard from approximately 1980 to 1982 in Mobile, AL; as a Grinder for Ingalls Shipbuilding from approximately 1982 to 1987 in Pascagoula, MS; around equipment in his workplace, including but not limited to: asbestos cement, boilers, drywall, electrical cable wire, felt, fireproofing, floor tiles, furnaces, insulation, joint compound, paint, pipe insulation, refractory cement, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jessie J. Adams was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **JOANN L. ADAMS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff JoAnn L. Adams worked, including but not limited to: as a Packer for Vanity Fair Sewing Factory from approximately 1972 to 1977 in Jackson, AL; as a Chemical Operator for CIBA Specialty Company from approximately 1977 to 1999 in Macintosh, AL; around equipment in her workplace, including but not limited to: boilers, compressors, electrical cable wire, electrical controls, fireproofing, furnaces, gaskets, machines, pipe insulation, switchgears, thermocouples, transmissions, valves, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff JoAnn L. Adams was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **YOLANDA L. ADAMS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Yolanda L. Adams worked, including but not limited to: as an Assembly Line Worker for National Simi Conductor from approximately 1970 to 1971 in Redwood City, CA; as a Cleaner for CIBA Specialty Company from approximately 1974 to 2007 in Macintosh, AL; around equipment in her workplace, including but not limited to: asbestos cloth, boilers, breakers, compressors, drywall, felt, insulation, joint compound, packing materials, paint, pipe insulation, pumps, transformers, welding rods, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Yolanda L. Adams was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **GLEN ALEXANDER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Glen Alexander worked, including but not limited to: as a Welder for Clark Corporation from approximately 1977 to 2009 in Helena, AL; around equipment in his workplace, including but not limited to: asbestos cement, compressors, drywall, fireproofing, gaskets, machines, paint, pipe insulation, roofing cement, shingles, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Glen Alexander was diagnosed with asbestos-related Colon Cancer on or about November 16, 2010.

Plaintiff **CHARLES ALLEN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Charles Allen worked, including but not limited to: as a Roofer for A. H. Hill from approximately 1976 to 1978 in Montgomery, AL; as a Roofer for Montgomery Roofing Company from approximately 1978 to 1980 in Montgomery, AL; as a Roofer for State Roofing & Metal from approximately 1980 to 2000 in Montgomery, AL; around equipment in

his workplace, including but not limited to: asbestos cement, ceiling tiles, ceramics, drywall, felt, floor tiles, insulation, joint compound, paint, pipe insulation, pumps, raw fiber, roofing cement, shingles, siding, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charles Allen was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **RALPH W. ALLEN**, a citizen of Michigan, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Ralph W. Allen worked, including but not limited to: as a Carpenter for Demink from approximately 1955 to 1961 in Kalamazoo, MI; as a Carpenter for Western Michigan University from approximately 1961 to 1962 in Kalamazoo, MI; as a Carpenter for Western Michigan University from approximately 1964 to 1995 in Kalamazoo, MI; around equipment in his workplace, including but not limited to: asbestos cement, brakes, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, felt,

fireproofing, floor tiles, insulation, joint compound, packing materials, paint, pipe insulation, pumps, rockwool, roofing cement, shingles, siding, switchgears, transmissions, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Ralph W. Allen was diagnosed with asbestos-related Lung Cancer on or about August 3, 2010.

Plaintiff **GROVER CLEVELAND ANDERSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Grover Cleveland Anderson worked, including but not limited to: as a Serviceman in the U.S. Army from approximately 1970 to 1970 in Fort Gordon, GA; as a Serviceman in the U.S. Army from approximately 1970 to 1970 in Jackson, SC;  as a Serviceman in the U.S. Army from approximately 1970 to 1971 in Vietnam; as a Serviceman in the U.S. Army from approximately 1971 to 1972 in Fort Rucker, AL; as a Pipefitter for Ingalls Shipbuilding from approximately 1976 to 1977 in Pascagoula, MS; as a

Pipefitter for Alabama Shipbuilding Company from approximately 1977 to 1979 in Mobile, AL; as a Pipefitter for Bender Shipbuilding from approximately 1979 to 1983 in Mobile, AL; as a Pipefitter for Avondale Shipyard from approximately 1983 to 1986 in Avondale, LA; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, electrical cable wire, felt, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, pumps, roofing cement, shingles, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Grover Cleveland Anderson was diagnosed with asbestos-related Lung Cancer on or about March 19, 2010.

Plaintiff **GEORGE R. ANTHONY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff George R. Anthony worked, including but not limited to: as a Machine Operator for Birmingham Paper Company, Inc from approximately 1960 to 1960 in Birmingham, AL; as a Laborer

for Flechbilt's Inc from approximately 1971 to 1972 in Ocala, FL; as a Installer for Royco Inc from approximately 1971 to 1979 in Ocala, FL; as a Laborer for All American Aluminum Inc. from approximately 1980 to 1981 in Ocala, FL;  as a Construction Worker for Florida Power Corp from approximately 1976 to 1988 in Crystal River, FL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, brakes, clutches, compressors, drywall, gaskets, insulation, joint compound, machines, packing materials, pipe insulation, pumps, raw fiber, thermocouples, turbines, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff George R. Anthony was diagnosed with asbestos-related Lung Cancer on or about December 7, 2009.

Plaintiff **DOROTHY ARMOUR**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Dorothy Armour worked, including but not limited to: as a Machine Operator for Adelaide Mills from

approximately 1973 to 1973 in Anniston, AL; as a Machine Operator for Blue Mountain Industries from approximatey 1974 to 1987; around equipment in her workplace, including but not limited to: asbestos cloth, ceiling tiles, drywall, felt, floor tiles, insulation, joint compound, pipe insulation, raw fiber, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dorothy Armour was diagnosed with asbestos-related Asbestosis on or about November 25, 2009.

Plaintiff **PHILLIP ARMSTEAD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Phillip Armstead worked, including but not limited to: as a Auto Mechanic for West Alabama Public Transportation from approximately 1980 to 1993 in Demopolis, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, clutches, compressors, electrical cable wire, electrical controls, furnaces, gaskets, machines, millboard, motors, refractory cement, transmissions, turbines, valves,

and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Phillip Armstead was diagnosed with asbestos-related  Asbestosis on or about September 8, 2010.

Plaintiff **CLEVELAND AUSTIN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Cleveland Austin worked, including but not limited to: as a Utilityman for Abex from approximately 1956 to 1974 in Calera, AL; around equipment in his workplace, including but not limited to: breakers, ceiling tiles, drywall, electrical cable wire, electrical controls, floor tiles, furnaces, insulation, joint compound, packing materials, paint, pipe insulation, switchgears,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Cleveland Austin was diagnosed with asbestos-related Lung Cancer on or about April 16, 2010.

Plaintiff **CHRISTINE BROWN BANKS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Christine Brown Banks worked, including but not limited to: as a Inspector for Solomon Brothers Plant from approximately 1975 to 1995 in Toxey, AL; around equipment in her workplace, including but not limited to: boilers, breakers, ceiling tiles, compressors, drywall, electrical cable wire, furnaces, insulation, machines, packing materials, pipe insulation, raw fiber, roofing cement, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Christine Brown Banks was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **EMILY SUE BARBER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Emily Sue Barber worked, including but not limited to: as a Weaver of Asbestos Fibers for Avondale Mills from approximately 1965 to 1974 in Pell City, AL; as a Technician for Barber's Alignment from approximately 1974 to 2000 in Pell City, AL; as a Machine Operator for Palm Beach Pants Factory from approximately 1974 to 1974 in Talladega, AL; around equipment in her workplace, including but not limited to: brakes, clutches, compressors, electrical cable wire, gaskets, joint compound, motors, paint, transmissions, yarn,   and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Emily Sue Barber was diagnosed with asbestos-related Colon Cancer on or about September 8, 2010.

Plaintiff **STANLEY EARL BATES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Stanley Earl Bates worked, including but not limited to: as a Machine Operator for Union Camp from approximately 1972 to 1973 in Savannah, GA; as a Crane Operator for Butler Manufacturing from approximately 1974 to 1977 in Birmingham, AL; as a Machine Operator for Southern Cement Co from approximately 1969 to 1971 in Atlanta, GA; as a Chemical Worker for Alabama Advertising from approximately 1973 to 1975 in Birmingham, AL; as a Furnace Operator for Stockham Valve & Fittings from approximately 1978 to 1982 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, breakers, ceiling tiles, drywall, floor tiles, asbestos in a foundry, furnaces, insulation, joint compound, machines, motors, packing materials, paint, pipe insulation, roofing cement, shingles, thermocouples, valves, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Stanley Earl Bates was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **JAMES MICHAEL BATTLES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Michael Battles worked, including but not limited to: as a Welder for Pullman Standard from approximately 1973 to 1980 in Bessemer, AL; as a Welder for Trinity from approximately 1984 to 1990 in Bessemer, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, millboard, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, roofing cement, shingles, siding, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Michael Battles was diagnosed with asbestos-related Lung Cancer on or about January 7, 2009.

Plaintiff **STEVEN P. BEDSOLE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Steven P. Bedsole worked, including but not limited to: as a Maintenance Mechanic for US Air Force from approximately 1973 to 1992 in Panama City, FL; as a Maintenance Mechanic for US Air Force from approximately 1973 to 1994 in Dover, DE, Biloxi, MS; around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, ceiling tiles, compressors, drywall, electrical cable wire, electrical controls, felt, floor tiles, gaskets, insulation, motors, paint, pipe insulation, pumps, roofing cement, shingles, siding, transformers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Steven P. Bedsole was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **RICHARD DONOVAN BEECH**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Richard Donovan Beech worked, including but not limited to: as a Plumber for Ellis State Hospital from approximately 1970 to 1973 in Ellisville, MS; as a Electrical Technician for Ingalls Shipyard from approximately 1973 to 1974 in Pascagoula, MS; as a Plumber for McKenzie Plumbing from approximately 1974 to 1975 in Ellisville, MS; as a Plumber for McKaskill Brothers Plumbing and Heating from approximately 1975 to 1978 in Laurel, MS; as a Plumber for Drew & Skipper Falls Mechanical from approximately 1978 to 1980 in Tuscaloosa, AL; as a Plumber for John Dill Mechanical from approximately 1980 to 1981 in Tuscaloosa, AL; as a Plumber for Jacobs Plumbing from approximately 1981 to 1983 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, ceramics, drywall, electrical cable wire, electrical controls, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, motors, paint, pipe insulation, refractory cement, shingles, transmissions,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Richard Donovan Beech was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **FRANK GROVER BEITLER**, a citizen of Florida, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Frank Grover Beitler worked, including but not limited to: as a Mechanic's Helper for Horn Brothers Shipyard from approximately 1960 to 1961 in Newport News, VA; as a Boilermaker for Yorktown Oil Refinery from approximately 1966 to 1966 in Yorktown, VA; as a Boat Operator for Roy B. Davis Company from approximately 1971 to 1987 in Paquoson, VA; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, electrical cable wire, floor tiles, insulation, packing materials, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Frank Grover Beitler was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **JOSEPH BELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Joseph Bell worked, including but not limited to: as a Operations Specialist in the U.S. Army from approximately 1980 to 1981 in Augusta, GA; as a Operations Specialist in the U.S. Army from approximately 1981 to 1982 in Germany; as a Operations Specialist in the U.S. Army from approximately 1982 to 1986 in Fort Stewart, GA; as a Insulator for Gulf Coast Insulation from approximately 1987 to 1993 in Mobile, AL; as a Materials Clerk for Home Depot from approximately 1994 to 1996 in Mobile, AL; around quipment in his workplace, including but not limited to: asbestos cement, brakes, ceiling tiles, ceramics, drywall, electrical cable wire, felt, floor tiles, insulation, joint compound, paint, roofing cement, shingles, siding, transmissions,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Joseph Bell was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **JESSE C. BISHOP**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jesse C. Bishop worked, including but not limited to: as a Engine Room Worker for U.S. Navy from approximately 1949 to 1952 in various locations includin the U.S.S. Benner DD-807; as a Assembly Line Worker for Motor Products Corp from approximately 1952 to 1953 in Detroit, MI; as a Assembly Line Worker for US Rubber Company from approximately 1953 to 1956 in Detroit, MI; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, pipe insulation, turbines, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jesse C. Bishop was diagnosed with asbestos-related Colon Cancer on or about September 30, 2010.

Plaintiff **JERRY WAYNE BLACK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jerry Wayne Black worked, including but not limited to: as a Fireroom for US Navy from approximately 1958 to 1968 in Corpus Christi, TX; as a Boiler Worker for University of Alabama from approximately 1968 to 1970 in Tuscaloosa, AL; as a Mechanic for Mustang Oil Company from approximately 1970 to 1972 in Tuscaloosa, AL; as a Boiler Plant Operator for Vetran's Hospital from approximately 1974 to 1995 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, clutches, drywall, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, motors, pipe insulation, roofing cement, transmissions,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jerry Wayne Black was diagnosed with asbestos-related Pleural Disease on or about March 24, 2010.

Plaintiff **TOMMY JEFFREY BOHANNON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Tommy Jeffrey Bohannon worked, including but not limited to: as a for Adelaide Mills from approximately 1974 to 1974 in Anniston, AL; as a Material Handler for Blue Mountain Cotton Mill from approximately 1974 to 1975 in Anniston, AL; as a Material Handler for Chicopee Manufacturing Company from approximately 1975 to 1976 in Anniston, AL; as a Material Handler for Addola Mill from approximately 1976 to 1977 in Anniston, AL; as a for ABCO from approximately 1977 to 1977 in Florence, AL; as a for Thomas Tire from approximately 1977 to 1977 in Birmingham, AL; as a for Native Textiles from approximately 1978 to 1978 in West Palm Beach, FL; as a for Midas Muffler from approximately 1982 to 1983 in Lincoln, AL; as a Mechanic for Otasco from approximately 1983 to 1984 in Anniston, AL; around equipment in his workplace, including but not limited to: brakes, breakers, clutches, drywall, electrical cable wire, electrical controls, gaskets, insulation, motors, paint, pipe insulation, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Tommy Jeffrey Bohannon was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **WILLIE F. BOWDEN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Willie F. Bowden worked, including but not limited to: as a Hydraulic Mechanic for US Navy from approximately 1971 to 1974 in Oceana, VA, Millington, TN; as a Maintenance Man for VA Hospital of Tuscaloosa from approximately 1979 to 1989  in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: breakers, ceramics, compressors, motors, pumps, switchgears, transformers,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie F. Bowden was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **JERRY MACK BOYKIN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jerry Mack Boykin worked, including but not limited to: as a Sheetrock Hanger for J.C. Aubrey from approximately 1955 to 1957 in Mobile, AL;  as a Sheetrock Hanger for Kennis Boykin from approximately 1958 to 1960 in Mobile, AL; as a Sheetrock Hanger for Calvin Gaines from approximately 1960 to 1962 in Mobile, AL; as a Sheetrock Hanger for E.J. Patrick from approximately 1962 to 1963 in Pascagoula, MS; as a Rough Necker for South Louisiana Drilling Company from approximately 1963 to 1964 in LA; as a Sheetrock Hanger for E.J. Patrick from approximately 1965 to 1969 in Pascagoula, MS; as a Sheetrock Hanger for J.P. Massey from approximately 1970 to 1976 in Pascagoula, MS;  as a Self-Employed Sheetrock Hanger from approximately 1977 to 1990 in various locations; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, drywall, electrical cable wire, felt, insulation, joint compound, paint, pipe insulation, shingles, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jerry Mack Boykin was diagnosed with asbestos-related Asbestosis on or about May 24, 2010.

Plaintiff **ROBERT E. BRADFORD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert E. Bradford worked, including but not limited to: as a Laborer for Lincoln Brass Foundry from approximately 1971 to 1972 in Lincoln, AL; as a Cement Finisher for Southeastern Construction from approximately 1972 to 1974 in Birmingham, AL; as a Iron Pourer for Shelco Foundry from approximately 1974 to 1981 in Jacksonville, AL; as a Machine Operator for Instate Lead from approximately 1982 to 1990 in Leeds, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, electrical cable wire, asbestos in a foundry, furnaces, insulation, machines, paint,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert E. Bradford was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **OLLIE K. BRAGG**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Ollie K. Bragg worked, including but not limited to: as a Serviceman in the U.S. Army from approximately 1975 to 1975 in Fort McClellan, AL; as a Maintenance Man for U.S. Army from approximately 1975 to 1978 in Fayetteville, NC; as a Electronic Technician in the U.S. Army from approximately 1978 to 1979 in Fort Rucker, AL; as a Electronic Technician for United States Army - Germany from approximately 1979 to 1982 in Germany; as a Electronic Technician in the U.S. Army from approximately 1982 to 1986 in Fort Rucker, AL; around equipment in her workplace, including but not limited to: ceramics, drywall, floor tiles, insulation, joint compound, machines, paint, pipe insulation, shingles, siding,  and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Ollie K. Bragg was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **JAMES EDWARD BRANTLEY, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Edward Brantley, Sr. worked, including but not limited to: as a Heavy Equipment Operator for Abston Coal Company from approximately 1963 to 1992 in Brookwood, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, compressors, electrical controls, felt, gaskets, joint compound, motors, pipe insulation, transmissions, turbines, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Edward Brantley, Sr. was diagnosed with asbestos-related Asbestosis on or about September 8, 2010.

Plaintiff **WILLIAM FRANKLIN BRATCHER**, a citizen of Kentucky, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William Franklin Bratcher worked, including but not limited to: as a Mixer for HK Porter from approximately

1975 to 1977 in Richmond, KY; as a Maintenance Man for Eastern Kentucky University from approximately 1977 to 1981 in Richmond, KY; as a Auto Mechanic for Self Employed from approximately 1981 to 1987 in McKeen, KY; around equipment in his workplace, including but not limited to: asbestos cement, brakes, ceramics, clutches, compressors, electrical cable wire, floor tiles, gaskets, insulation, motors, paint, pumps, refractory cement, switchgears, transmissions, valves,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William Franklin Bratcher was diagnosed with asbestos-related Lung Cancer on or about March 31, 2010.

Plaintiff **THOMAS NEAL BREWER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Thomas Neal Brewer worked, including but not limited to: as an Insulator and Drywall Applicator for Bonitz Insulation from approximately 1969 to 1987 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers,

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    16

breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, insulation, paint, pipe insulation, pumps, raw fiber, roofing cement, shingles, siding, switchgears, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Thomas Neal Brewer was diagnosed with asbestos-related Lung Cancer on or about May 28, 2010.

Plaintiff **HATTIE D. BRIDGES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Hattie D. Bridges worked, including but not limited to: as a Stocker for Simplex Shirt Factory from approximately 1974 to 1999 in Camden, AL; around equipment in her workplace, including but not limited to: asbestos cement, asbestos cloth, ceiling tiles, ceramics, drywall, felt, fireproofing, floor tiles, insulation, joint compound, packing materials, paint, raw fiber, refractory cement, rockwool, yarn,  and other

industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Hattie D. Bridges was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **DWIGHT BROWN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Dwight Brown worked, including but not limited to: as a Die Cast Operator for Ford Motor Company from approximately 1956 to 1983 in Sheffield, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, clutches, electrical cable wire, asbestos in a foundry, furnaces, motors, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dwight Brown was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **LENARD BROWN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff LeNard Brown worked, including but not limited to: as a Boiler Worker for US Steel from approximately 1971 to 1975 in Fairfield, AL; as a Technician for T.K. Company from approximately 1975 to 1978 in Huila, FL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, compressors, fireproofing, furnaces, insulation, pipe insulation, raw fiber, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff LeNard Brown was diagnosed with asbestos-related Colon Cancer on or about September 8, 2010.

Plaintiff **REUBEN ROSS BROWN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Reuben Ross Brown worked, including but not limited to: as a Maintenance Man Worker for Crippled Childrens Hospital from approximately 1952 to 1954 in Birmingham, AL; as a Electronic Technician in the U.S. Army from approximately 1954 to 1954 in various locations including: Fort Gordon, GA; and Fort Hood, TX; from; as a self-employed Heavy Equipment Operator from approximately 1954 to 1958 in Birmingham, AL; as a Heavy Equipment Operator for Moore Handley Hardware Co. from approximately 1960 to 1963 in Birmingham, AL; as a Roofer for Vulcan Roofing Company from approximately 1974 to 1982 in Birmingham, AL; as a Heavy Equipment Operator for Supreme Beverage Company from approximately 1982 to 1989 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, insulation, joint compound, paint, pipe insulation, roofing cement, shingles, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Reuben Ross Brown was diagnosed with asbestos-related Asbestosis on or about December 16, 2009.

Plaintiff **CHESTER M BRYANT**, a citizen of Illinois, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Chester M Bryant worked, including but not limited to: as a Serviceman for Navy from approximately 1968 to 1971 in Norfolk, VA; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, breakers, ceiling tiles, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, gaskets, joint compound, machines, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, switchgears, thermocouples, transformers, transmissions, turbines, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Chester M Bryant was diagnosed with asbestos-related Lung Cancer on or about March 11, 2010

Plaintiff **MILTON BRYANT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Milton Bryant worked, including but not limited to: as a Cement Mason for Chilton Co. Hospital from approximately 1959 to 1960 in Clanton, AL; as a Mixer for Dunn Construction from approximately 1965 to 1966 in Birmingham, AL; as a Forklift Operator for Blue Circle from approximately 1965 to 1995 in Calera, AL; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, furnaces, insulation, joint compound, machines, motors, packing materials, paint, pipe insulation, pumps, raw fiber, roofing cement, shingles, siding, transmissions, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Milton Bryant was diagnosed with asbestos-related Asbestosis on or about March 20, 2010.

Plaintiff **CHARLES ERVIN BUCK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Charles Ervin Buck worked, including but not limited to: as an Auto Mechanic for Five Points Service Station from approximately 1960 to 1974 in Tuscaloosa, AL; as a Packer for R L Zeiglers Packing Company from approximately 1965 to 1975 in Tuscaloosa, AL; as a Painter for TR WIlliams & Son from approximately 1975 to 1985 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, breakers, clutches, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charles Ervin Buck was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **LEE BUDGESS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Lee Budgess worked, including but not limited to: as a Loader for Rockwool Manufacturing Company from approximately 1970 to 1971 in Leeds, AL; as a Driller for Ellard Construction Company from approximately 1977 to 1982 in Irondale, AL; as a Oiler for Flanagan Excavating Company from approximately 1982 to 1993 in Birmingham, AL; around equipment in his workplace, including but not limited to: breakers, electrical cable wire, felt, floor tiles, insulation, millboard, packing materials, rockwool, shingles, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Lee Budgess was diagnosed with asbestos-related Asbestosis on or about April 2, 2010.

Plaintiff **TONY LEE BURT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Tony Lee Burt worked, including but not limited to: as a Welder for Cooper Hosiery Mills, Inc from

approximately 1977 to 1992 in Fort Payne, AL; around equipment in his workplace, including but not limited to: machines, yarn, insulation, joint compound, boilers, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Tony Lee Burt was diagnosed with asbestos-related Colon Cancer on or about October 28, 2010.

Plaintiff **ADRIAN JAMES BUSBY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Adrian James Busby worked, including but not limited to: as a Maintenance Man for Mobile Infirmary from approximately 1968 to 2006 in Mobile, AL; around equipment in his workplace, including but not limited to: paint, pipe insulation, pumps, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Adrian James Busby was diagnosed with asbestos-related Colon Cancer on or about September 8, 2010.

Plaintiff **WILLIAM MARVIN CAFFEE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William Marvin Caffee worked, including but not limited to: as a Serviceman in the U.S. Army from approximately 1963 to 1963 in Fort Gordon, GA; as a Serviceman in the U.S. Army from approximately 1963 to 1964 in Fort Carson, CO; as a Truck Driver in the U.S. Army from approximately 1964 to 1965 in Fort Wayne, AK; as a Truck Driver in the U.S. Army from approximately 1965 to 1966 in Fort Bragg, SC; as a Machine Operator for Alabama By Products from approximately 1966 to 1968 in Birmingham, AL; as a Maintenance Mechanic for American Cast Iron Pipe Co. from approximately 1969 to 1979 in Birmingham, AL; as a Maintenance Mechanic for US Steel from approximately 1979 to 2007 in Fairfield, AL; around equipment in his workplace, including but not limited to: boilers, brakes, compressors, electrical cable wire, asbestos in a foundry, furnaces, gaskets, insulation, pipe insulation, pumps, raw fiber, rockwool, turbines, valves, welding

rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William Marvin Caffee was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **ROBERT DARNELL CALHOUN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert Darnell Calhoun worked, including but not limited to: as a Machine Operator for Farm Fresh Catfish Feed Company from approximately 1970 to 1972 in Greensboro, AL; as a Steel Worker for Central Foundry from approximately 1973 to 1974 in Holt, AL; as a Machine Operator for Farm Fresh Catfish Feed Company from approximately 1974 to 1977 in Greensboro, AL; as a Mechanic for R.C. Bamberg & Bamberg Inc from approximately 1977 to 1977 in Union Town, AL; as a Operator for Alabama Aqua Farm from approximately 1978 to 1984 in Greensboro, AL; as a Machine Operator for Spartan Food Systems Inc from approximately 1984 to 1984 in Demopolis, AL; as a Mechanic for James Albert Acker Jr. from approximately

1984 to 1985 in Greensboro, AL;  around equipment in his workplace, including but not limited to: asbestos cloth, brakes, breakers, clutches, compressors, floor tiles, gaskets, motors, packing materials, turbines, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert Darnell Calhoun was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **JULIUS W. CALLENS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Julius W. Callens worked, including but not limited to: as a Pipe Layer for Hardy Corporation from approximately 1958 to 1961 in Birmingham, AL; as a Forklift Operator for Wimberly & Thomas from approximately 1972 to 1982 in Birmingham, AL; around equipment in his workplace, including but not limited to: boilers, brakes, ceiling tiles, clutches, drywall, floor tiles, paint, pipe insulation, welding rods,  and

other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Julius W. Callens was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **KENNETH LANDON CALLICUTT**, a citizen of North Carolina, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Kenneth Landon Callicutt worked, including but not limited to: as a Pipefitter for Newport News S. Building and D.D. Co. from approximately 1957 to 1962 in Newport News, VA; around equipment in his workplace, including but not limited to: asbestos cement, electrical cable wire, insulation, joint compound, paint, pipe insulation, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Kenneth Landon Callicutt was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **GUYON CALLIER'S** Decedent, **GEORGE LEWIS CALLIER**, a citizen of  prior to his death, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff George Lewis Callier worked, including but not limited to: as a Carpenter for Clark Construction Company from approximately 1965 to 1992 in Grove Hill, AL; around equipment in his workplace, including but not limited to: boilers, ceiling tiles, drywall, electrical cable wire, floor tiles, paint, pipe insulation, roofing cement, shingles, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died as the result of exposure to asbestos and asbestos-containing materials and products on or about February 19, 2009.

Plaintiff **DALE CAMPBELL**, a citizen of Michigan, contracted one or more asbestos-related diseases including Rectal Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Dale Campbell worked, including but not limited to: as a Serviceman, Technician and Painter in the United States Navy from approximately 1960 to 1964 in Earle, NJ and Newport, RI and Great Lakes, IL; as a Welder for RC Mahonns from approximately 1964 to 1965 in Detroit, MI; as a Machine Operator for Chrysler from approximately 1965 to 1979 in Detroit, MI; as a Laborer for Chain Steel from approximately 1985 to 1988 in Frazier, MI; around equipment in his workplace, including but not limited to: asbestos cement, fireproofing, asbestos in a foundry, machines, motors, paint, pipe insulation, switchgears, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dale Campbell was diagnosed with asbestos-related Rectal Cancer on or about September 9, 2010.

Plaintiff **FRANK EDWARD CAMPBELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Frank Edward Campbell worked, including but not limited to: as a Boiler Operator for US Navy from approximately 1948 to 1952 in various locations; as a Plant Worker for General American Tank Car Corp from approximately 1952 to 1953 in East Chicago, IN; as a Laborer for Lewis Mathis Company from approximately 1953 to 1954 in St. Louis, IL; as a Laborer for Robert Cupps Coal Mines from approximately 1954 to 1954 in Empire, AL; as a Boiler Operator for US Navy from approximately 1954 to 1972 in various locations;  as a Boiler Inspector for Factory Mutual from approximately 1972 to 1982 in Birmingham, AL; as a Boiler Operator for UAB Health Services from approximately 1983 to 1993 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, drywall, gaskets, insulation, pipe insulation, pumps, refractory cement, rockwool, roofing cement, transformers, valves,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Frank Edward Campbell was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **JAMES DWIGHT CAMPBELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Dwight Campbell worked, including but not limited to: as a Janitor for Champion Paper from approximately 1976 to 1981 in Courtland, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, ceiling tiles, drywall, electrical cable wire, floor tiles, insulation, pipe insulation, roofing cement, shingles, siding, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Dwight Campbell was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **JUANITA CAMPBELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Juanita Campbell worked, including but not limited to: as a Millwright for General Times Part Company from approximately 1968 to 1975 in Gadsden, AL; around equipment in her workplace, including but not limited to: asbestos cloth, breakers, ceramics, drywall, electrical cable wire, gaskets, insulation, machines, motors, packing materials, pipe insulation, refractory cement, rockwool, switchgears, transformers, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Juanita Campbell was diagnosed with asbestos-related Asbestosis on or about September 20, 2010.

Plaintiff **ROOSEVELT CAMPBELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Stomach Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Roosevelt Campbell worked, including but not limited to: as a Forklift Operator for Columbia Bedding from

approximately 1958 to 1973 in Chicago, IL; as a Construction Worker for Walsh Construction Co from approximately 1973 to 1987 in Chicago, IL; as a Machine Operator for Madden Construction from approximately 1987 to 1989 in Dothan, AL; around equipment in his workplace, including but not limited to: ceiling tiles, drywall, floor tiles, insulation, joint compound,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Roosevelt Campbell was diagnosed with asbestos-related Stomach Cancer on or about September 9, 2010.

Plaintiff **DANNY E. CAPPS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Pleural Disease.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Danny E. Capps worked, including but not limited to: as a Mechanic for Mack Truck Company from approximately 1964 to 1965 in Birmingham, AL;  as a Mechanic for Black Motor Company from approximately 1965 to 1967 in Birmingham, AL; as a Mechanic for HC Blackwell from approximately 1966 to 1974 in Adamsville, AL; as a

Construction Laborer for Jim Walter Resource from approximately 1975 to 1978 in Brookwood, AL; as a Mechanic for Kenworth Trucking from approximately 1978 to 1982 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, clutches, compressors, drywall, electrical cable wire, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, motors, packing materials, pumps, rockwool, roofing cement, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Danny E. Capps was diagnosed with asbestos-related Pleural Disease on or about August 3, 2009.


Plaintiff **SAMUEL CARLISLE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Samuel Carlisle worked, including but not limited to: as a Carpenter for the U.S. Air Force from approximately 1973 to 1973 in San Antonio, TX; as a Carpenter for U.S. Air Force

from approximately 1973 to 1977 in Plattsburgh, NY; as a Carpenter for the U.S. Air Force from approximately 1977 to 1978 in Korea; as a Carpenter for the U.S. Air Force from approximately 1978 to 1981 in Hurlburt Field, FL; as a Carpenter for the U.S. Air Force-Wethersfield from approximately 1981 to 1984 in Essex, England; around equipment in his workplace, including but not limited to: asbestos cloth, ceiling tiles, ceramics, compressors, drywall, electrical cable wire, floor tiles, gaskets, insulation, joint compound, packing materials, pipe insulation, raw fiber, roofing cement, shingles, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Samuel Carlisle was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **KEITH CARMICHAEL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Keith Carmichael worked, including but not limited to: as a Machine Operator for ACIPCO from

approximately 1973 to 1974 in Birmingham, AL; as a Serviceman for US Air Force from approximately 1974 to 1975 in Grand Forks, ND; as a Construction Laborer for Hoar Construction from approximately 1975 to 1977 in Birmingham, AL; as a Construction Laborer for Ellard Construction Company from approximately 1977 to 1982 in Irondale, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, ceiling tiles, drywall, felt, floor tiles, asbestos in a foundry, insulation, paint, pipe insulation,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Keith Carmichael was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **RAYFORD CARMICHAEL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Rayford Carmichael worked, including but not limited to: as a Laborer for Millian Blodell from approximately 1981 to 1981 in Pine Hill, AL; as a Serviceman for U.S. Army from approximately

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    38

1981 to 1985 in various locations; around equipment in his workplace, including but not limited to:   and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Rayford Carmichael was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **JOHN B. CARROLL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Pleural Disease.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John B. Carroll worked, including but not limited to: as a Saw Operator for S&L Logging Company Inc. from approximately 1969 to 1969 in Princeton, WV; as a Forklift Operator for Delta Industries Inc. from approximately 1969 to 1969 in Akron, OH; as a Saw Operator for Lens Creek Lumber Company from approximately 1969 to 1970 in Princeton, WV; as a Assembly Line Worker for GAF Corp from approximately 1971 to 1971 in Wayne, NJ; as a Saw Operator for Joseph Marion Compton from approximately 1971 to 1971 in Charleston, WV;  as a Saw Operator for Billy Thomas Lumber from approximately 1971 to 1971 in East Bank, WV; as a Heavy

Equipment Operator for The Carbon Fuel Company from approximately 1972 to 1982 in Carbon, VA; as a Heavy Equipment Operator for Beth Energy Mines from approximately 1976 to 1976 in Bethlehem, PA; as a Heavy Equipment Operator for Cedar Coal Co. from approximately 1976 to 1977 in Lancaster, OH; as a Supervisor for United Mine Workers of America, District 17 from approximately 1981 to 1983 in Charleston, WV; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, ceiling tiles, ceramics, clutches, compressors, felt, fireproofing, floor tiles, furnaces, insulation, joint compound, machines, millboard, motors, packing materials, switchgears, turbines, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John B. Carroll was diagnosed with asbestos-related Pleural Disease on or about March 15, 2010.

Plaintiff **DANNY C. CARTER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Danny C. Carter worked, including but not limited to: as a Laborer for Central Foundry from approximately 1972 to 1975 in Holt, AL; as a Laborer for Diamond Shamrock from approximately 1975 to 1978 in Deerpark, TX; as a Laborer for Tamko Asphalt from approximately 1978 to 1990 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, drywall, electrical cable wire, fireproofing, floor tiles, asbestos in a foundry, millboard, packing materials, paint, pipe insulation, refractory cement, roofing cement, shingles, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Danny C. Carter was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **JAMES E. CARTER, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James E. Carter, Jr. worked, including but not limited to: as a Laborer for Hecock Metal Roofing from

approximately 1968 to 1969 in Sylacauga, AL; as a Grinder for Shell Plant from approximately 1969 to 1969 in Sylacauga, AL; as a Laborer for Avondale Mills from approximately 1970 to 1983 in Sylacauga, AL; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, drywall, electrical cable wire, insulation, joint compound, paint, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James E. Carter, Jr. was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **RONALD EARMON CASTLEBERRY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Ronald Earmon Castleberry worked, including but not limited to: as a laborer for BEM Holding Corp from approximately 1971 to 1971 in Odessa, TX; as a laborer for Power Piping Company from approximately 1970 to 1974 in Clairton, PA; as a laborer for Fluor Daniel Services Corp from approximately 1976 to 1990 in Aliso Viejo, CA; as a

laborer for Anco Insulation, Inc. from approximately 1974 to 1976 in Baton Rouge, LA; as a   for Daniel Intl Corp from approximately 1978 to 1986 in Greenville, SC;  around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, machines, millboard, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, switchgears, thermocouples, transformers, transmissions, turbines, valves, welding rods, yarn,   and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Ronald Earmon Castleberry was diagnosed with asbestos-related Laryngeal Cancer on or about February 20, 2010.

Plaintiff **EDWARD D. CATRETT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Edward D. Catrett worked, including but not limited to: as a Boiler Worker for International Paper Mill from approximately 1966 to 1967 in Mobile, AL; as a Shipfitter for ADDSCO Shipyard from approximately 1968 to 1971 in Mobile, AL; as a Loader for Del Champs Warehouse from approximately 1973 to 1974 in Mobile, AL; as a Construction Worker for Reddoch Taylor Construction Co. from approximately 1974 to 1975 in Birmingham, AL;  as a Construction Worker for Ladner Co. from approximately 1975 to 1982 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, drywall, felt, floor tiles, insulation, joint compound, paint, pipe insulation, shingles, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Edward D. Catrett was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **JERRY CENTERS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jerry Centers worked, including but not limited to: as a Painter for Earl Shives Auto from approximately 1970 to 1970 in Chicago, IL; as a Mechanic for James Denny Motor from approximately 1971 to 1980 in Albertville, AL;  as a Heat Systems Installer for Weathered Hardware from approximately 1980 to 1980 in various locations; as a Diesel Mechanic for GC Diesel from approximately 1981 to 1983 in Atlanta, GA; as Maintenance for D & L Poultry Equipment from approximately 1983 to 1990 in Crossville, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceramics, clutches, compressors, electrical cable wire, electrical controls, asbestos in a foundry, furnaces, gaskets, insulation, machines, millboard, motors, paint, pipe insulation, pumps, refractory cement, thermocouples, transmissions, turbines, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jerry Centers was diagnosed with asbestos-related Laryngeal Cancer on or about September 9, 2010.

Plaintiff **RAYMOND EDWARD CHAMBERS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Raymond Edward Chambers worked, including but not limited to: as a Welder for Birmingham Tank Co. from approximately 1971 to 1971 in Birmingham, AL; as a Welder for Tri-Fabrication from approximately 1971 to 1973 in Birmingham, AL; as a Pipefitter for US Coast Guard from approximately 1973 to 1974 in San Francisco, CA; as a Pipefitter for US Coast Guard from approximately 1974 to 1977 in Mobile, AL; as a Grinder for Ingles Shipyard from approximately 1977 to 1977 in Pascagoula, MS; as a Pipefitter for US Coast Guard from approximately 1977 to 1979 in Portsmouth, VA,; as a Pipefitter for US Coast Guard from approximately 1981 to 1984 in San Diego, CA; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, gaskets, insulation, joint compound, machines, motors, packing materials, paint, pipe insulation, pumps, raw fiber, roofing cement, shingles, siding, switchgears, thermocouples, transformers, transmissions, turbines, valves, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Raymond Edward Chambers was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **CURTIS CHAPMAN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Curtis Chapman worked, including but not limited to: as a Machine Operator for Dunham Lumber Company from approximately 1971 to 1973 in Weogufka, AL; as a Machine Operator for Russell Mills Inc from approximately 1973 to 1974 in Alexander City, AL; as a Machine Operator for Dunham Lumber Company from approximately 1974 to 1977 in Weogufka, AL; as a Machine Operator for Kimberly Clark from approximately 1977 to 1993 in Childersburg, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, breakers, drywall, electrical cable wire, electrical controls, felt, floor tiles, gaskets, insulation, joint compound, millboard, motors, paint, pipe insulation, pumps, roofing cement, shingles, siding, transformers, transmissions, turbines, valves,

welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Curtis Chapman was diagnosed with asbestos-related asbestosis on or about June 24, 2010.

Plaintiff **CALVIN CHILDRESS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Calvin Childress worked, including but not limited to: as a Painter for Disco Aluminum from approximately 1977 to 1989 in Selma, AL; as a Grinder for Bush Hog from approximately 1989 to 1990 in Selma, AL; around equipment in his workplace, including but not limited to: boilers, brakes, breakers, asbestos in a foundry, furnaces, machines, paint, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Calvin Childress was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **DANNY CHILDRESS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Danny Childress worked, including but not limited to: as a Carpenter for Bonitz Insulation from approximately 1969 to 1973 in Birmingham, AL; as a Welder for JM Foster Company from approximately 1973 to 1975 in Fairfield, AL; as a Carpenter for Daniel International Corporation from approximately 1976 to 1978 in Selma, AL; as a Carpenter for Southeastern Porcelain from approximately 1978 to 1981 in Birmingham, AL; as a Superintendant for LS Ward from approximately 1981 to 1983 in Birmingham, AL; as a Superintendant for CN Bailey from approximately 1984 to 2003 in Bessemer, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, ceiling tiles, drywall, fireproofing, floor tiles, asbestos in a foundry, furnaces, insulation, joint compound, millboard, paint, pipe insulation, raw fiber, rockwool, roofing cement, siding, turbines, welding rods, and other industrial equipment in his workplace,

which contained significant amounts of asbestos-containing products and materials.

Plaintiff Danny Childress was diagnosed with asbestos-related Lung Cancer on or about September 9, 2010.

Plaintiff **J. C. CHISM**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff J. C. Chism worked, including but not limited to: as a Heavy Equipment Operator for Greathouse Farm from approximately 1953 to 1963 in Brent, AL; as a Forklift Operator for Olen Belcher Lumber Company from approximately 1963 to 1991 in Brent, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, motors, transmissions, yarn,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff J. C. Chism was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **CRYSTAL CHRISTY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed in her environment to asbestos-containing products produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein.

During the course of his employment, James Franklin Goddard worked, including but not limited to: as a Welder for Bremerton Naval Shipyard from approximately 1951 to 1974 in Bremerton, WA. Plaintiff Crystal Christy resided with James Franklin Goddard during this interval.

During the course of his employment, James Franklin Goddard was exposed to asbestos-containing products including but not limited to: boilers, breakers, ceramics, compressors, furnaces, gaskets, insulation, joint compound, packing materials, pipe insulation, switchgears, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing prdoucts and materials. These products produced dust that James Franklin Goddard brought home on his hair, clothes and body. Plaintiff Crystal Christy had long-term secondary exposure to airborne asbestos dust while laundering the clothing of James Franklin Goddard and performing household cleaning duties.

Plaintiff Crystal Christy was diagnosed with asbestos-related Asbestosis on or about January 20, 2010.

Plaintiff **DEBBIE FOWLER'S** Decedent, **GARY CLARK**, a citizen of North Carolina prior to his death, contracted one or more asbestos-related diseases including Mesothelioma.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, in his environment while employed, and when his mother, Dorothy Clark, brought asbestos containing dust home on her clothes, hair and body.

During the course of his employment, Plaintiff Gary Clark worked, including but not limited to: as a Mechanic for Pittman Farms from approximately 1970 to 2003 in Fairmont, NC.  Plaintiff's Decedent was also exposed to asbestos through his mother, who worked as an Assembly Line Worker for Converse, Inc. in Lumberton, NC.   Plaintiff's Decedent worked around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, drywall, floor tiles, gaskets, insulation, motors, pipe insulation, shingles, transmissions,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died as the result of exposure to asbestos and asbestos-containing materials and products on or about March 4, 2009.

Plaintiff **DARL CLARK**, a citizen of Tennessee, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Darl Clark worked, including but not limited to: as a Lineman for People's Telephone Company from approximately 1973 to 1992 in Erin, TN;  around equipment in his workplace, including but not limited to: brakes, ceiling tiles, drywall, furnaces, gaskets, insulation, motors, pipe insulation, raw fiber, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Darl Clark was diagnosed with asbestos-related Lung Cancer on or about March 18, 2010.

Plaintiff **LESLIE D. CLARK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Leslie D. Clark worked, including but not limited to: as a Serviceman for US Navy from approximately 1966 to 1966 in Great Lake, IL; as a Serviceman for US Navy from approximately 1966 to 1967 in Norfolk, VA;  as a Serviceman for US Navy from approximately 1967 to 1967 in Bainbridge, MD; as a Deck Engine Mechanic for US Navy from approximately 1967 to 1968 in Pearl Harbor, HI; as a Serviceman for US Navy from approximately 1968 to 1969 in Boston, MA; as a Inspector for Walled Lake Door Company from approximately 1971 to 1977 in Walled Lake, MI; as a Carpenter for Self Employed from approximately 1977 to 2009 in Mobile, AL; around equipment in his workplace, including but not limited to: boilers, ceiling tiles, electrical controls, fireproofing, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, pumps, roofing cement, shingles, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Leslie D. Clark was diagnosed with asbestos-related Pleural Disease on or about January 30, 2010.

Plaintiff **KENNETH CLEGHORN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Kenneth Cleghorn worked, including but not limited to: as a Specifications Supervisor in the U.S. Army from approximately 1963 to 1965 in Philadelphia, PA; as a Forklift Operator for Monsanto Chemical Company from approximately 1966 to 1994 in Everette, MA; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, ceiling tiles, electrical cable wire, furnaces, insulation, joint compound, millboard, pipe insulation, pumps, refractory cement, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Kenneth Cleghorn was diagnosed with asbestos-related Lung Cancer on or about June 10, 2010.

Plaintiff **DELORES CLEVELAND**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Delores Cleveland worked, including but not limited to: as a Laborer for Craig Air Force Base from approximately 1975 to 1978 in Selma, AL; as a Machine Operator for American Fine Wire from approximately 1978 to 1981 in Selma, AL; as a Machine Operator for The Sewing Factory from approximately 1978 to 1981 in Selma, AL; as a Machine Operator for American Apparel from approximately 1979 to 1983 in Selma, AL; as a Machine Operator for All-Lock Company from approximately 1978 to 1993 in Selma, AL; around equipment in her workplace, including but not limited to: compressors, electrical cable wire, asbestos in a foundry, joint compound, paint, pipe insulation, refractory cement, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Delores Cleveland was diagnosed with asbestos-related Asbestosis on or about February 19, 2010.

Plaintiff **DAVID CLOUGH**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use,

installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff David Clough worked, including but not limited to: as a Sandblaster Helper for Alabama Sandblasting from approximately 1964 to 1968 in Pascagoula, MS; as a Maintenance Man for Thomas Foundries from approximately 1965 to 1966 in Birmingham, AL; as a Mechanic for the US Army from approximately 1969 to 1969 in various locations including: Fort Benning, GA; Fort Jackson SC; and Fort Campbell, TN; as a Sandblaster for Thomas Foundries from approximately 1971 to 1977 in Birmingham, AL; as a Insulator for Long Lewis Hardware from approximately 1977 to 1977 in Birmingham, AL; as a Pattern Maker for Stockham Valve & Fittings from approximately 1978 to 1991 in Birmingham, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, compressors, felt, asbestos in a foundry, furnaces, insulation, motors, pipe insulation, refractory cement, rockwool, roofing cement, shingles, siding, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff David Clough was diagnosed with asbestos-related Asbestosis on or about December 23, 2009.

Plaintiff **JOHNNY B. COCKRELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Johnny B. Cockrell worked, including but not limited to: as a Inspector for Benke Manufacturing Company from approximately 1973 to 1974 in Columbus, MS; as a Grinder for Baldor Electric Company from approximately 1974 to 1998 in Columbus, MS; around equipment in his workplace, including but not limited to: drywall, electrical cable wire, floor tiles, machines, motors, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Johnny B. Cockrell was diagnosed with asbestos-related Lung Cancer on or about September 5, 2009.

Plaintiff **NOAH COLE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Esophageal Cancer. Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Noah Cole worked, including but not limited to: as a Aircraft Mechanic for US Navy from approximately 1964 to 1966 in San Diego, CA; as a Technician for US Navy from approximately 1966 to 1968 in San Diego, CA;  as a Maintenance Man for Pullman Standard from approximately 1970 to 1971 in Bessemer, AL; as a Auto Mechanic for Union 76 from approximately 1975 to 1991 in Birmingham, AL; as a Welder for Vulcan Trailers from approximately 1980 to 1982 in Pratt City, AL; as a Heavy Equipment Operator for Alabama Butane from approximately 1982 to 1992 in Tarrant City, AL; around equipment in his workplace, including but not limited to: boilers, brakes, breakers, clutches, compressors, electrical cable wire, floor tiles, asbestos in a foundry, gaskets, insulation, motors, pipe insulation, transmissions, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Noah Cole was diagnosed with asbestos-related Esophageal Cancer on or about September 9, 2010.

Plaintiff **GARY RUSSELL COLLIER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Gary Russell Collier worked, including but not limited to: as a Fireman for US Marine Corps from approximately 1966 to 1969 in various locations including: the USS Kerwin and USS Boxer; as a Millwright for Republic Steel Corp from approximately 1970 to 1984 in Birmingham, AL; as a Millwright for McWane Pipe Company from approximately 1984 to 1985 in Birmingham, AL; as a Millwright for Conteniel Machinery Movers from approximately 1985 to 1988 in Nashville, TN; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, brakes, clutches, compressors, electrical cable wire, electrical controls, fireproofing, asbestos in a foundry, furnaces, gaskets, insulation, motors, paint, pipe insulation, pumps, refractory cement, rockwool, roofing cement, turbines, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Gary Russell Collier was diagnosed with asbestos-related Laryngeal Cancer on or about September 9, 2010.

Plaintiff **HELEN MARGUERITE COLLINS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Helen Marguerite Collins worked, including but not limited to: as a Machine Operator for Montag Paper Company from approximately 1970 to 1974 in Atlanta, GA; as a Bagger for Debra Fashions from approximately 1976 to 1988 in Tuscaloosa, AL; around equipment in her workplace, including but not limited to: asbestos cloth, felt, machines, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Helen Marguerite Collins was diagnosed with asbestos-related Lung Cancer on or about December 29, 2009.

Plaintiff **KENNETH COLLINS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Kenneth Collins worked, including but not limited to: as a Serviceman for Army National Guard from approximately 1960 to 1966 in various location including: Tuscaloosa, AL; Montgomery, AL; and Selma, AL; as a Loader for Central Foundry from approximately 1961 to 1962 in Holt, AL; as a Construction Laborer and Owner for Collins Realty and Construction from approximately 1968 to 2001 in Tuscaloosa, AL; as an Abatement Worker for Bryce Mental Health Facility from approximately 1989 to 1991 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: ceiling tiles, drywall, floor tiles, asbestos in a foundry, insulation, joint compound, pipe insulation,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Kenneth Collins was diagnosed with asbestos-related Asbestosis on or about December 16, 2009.

Plaintiff **JAMES COLVIN, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Colvin, Jr. worked, including but not limited to: as a Foundry Worker for Central Foundry from approximately 1960 to 1962 in Tuscaloosa, AL; as a Construction Worker for O.S. Marker from approximately 1962 to 1972 in Tuscaloosa, AL; as a Machine Operator for BF Goodrich from approximately 1972 to 1996 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, machines, millboard, motors, paint, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, switchgears, transformers, transmissions, valves, welding rods, yarn,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Colvin, Jr. was diagnosed with asbestos-related Colon Cancer on or about September 9, 2010.

Plaintiff **WAYNE A. CONSENTINE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Wayne A. Consentine worked, including but not limited to: as a Assembly Line Worker for Buster Payne Lumber Company from approximately 1978 to 1978 in Boligee, AL; as a Technician for Thad Spree Fish Farm from approximately 1978 to 1982 in Boligee, AL; as a Heavy Equipment Operator for Foster Bill Farms from approximately 1982 to 1985 in Boligee, AL; around equipment in his workplace, including but not limited to: ceramics, felt, insulation, joint compound, paint, refractory cement, shingles, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Wayne A. Consentine was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **LARRY COOK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Larry Cook worked, including but not limited to: as a Machine Operator for Larales Textile Company from approximately 1972 to 1973 in Mobile, AL; as a Molder for Fort Wayne Foundry Corp from approximately 1974 to 1977 in Fort Wayne, IN; as a Molder for Ward Foundry from approximately 1977 to 1977 in Fort Wayne, IN; as a Molder for Central Foundry from approximately 1977 to 1981 in Atlanta, GA; as a Furnace Operator for East Point Foundry from approximately 1982 to 1986 in Atlanta, GA; around equipment in his workplace, including but not limited to: and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Larry Cook was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **WESLEY CHARLES COOPER, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Wesley Charles Cooper, Sr. worked, including but not limited to: as a Machine Operator for Morris Lumber from approximately 1966 to 1969 in Morris, AL; as a Painter for Hayes International from approximately 1969 to 1975 in Birmingham, AL; as a Mechanic for Caldwell Recker from approximately 1975 to 1976 in Warrior, AL; as a Painter for Hayes International from approximately 1976 to 1979 in Birmingham, AL;as a Machine Operator for Cullman Product from approximately 1979 to 1980 in Cullman, AL; as a Painter for Hayes International from approximately 1980 to 2004 in Birmingham, AL;  around equipment in his workplace, including but not limited to:  brakes, clutches, compressors, drywall, gaskets, insulation, joint compound, motors, paint, pipe insulation, transmissions,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Wesley Charles Cooper, Sr. was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **JESSIE L. CORE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jessie L. Core worked, including but not limited to: as a Laborer for Versa Byproducts from approximately 1970 to 1974 in Opelika, AL; as a Laborer for West Point Pepper from approximately 1970 to 1972 in West Poin, GA; around equipment in his workplace, including but not limited to: boilers, electrical cable wire, furnaces, insulation, joint compound, millboard, packing materials, paint, pipe insulation, thermocouples, transformers,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jessie L. Core was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **LENA CRENSHAW**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Lena Crenshaw worked, including but not limited to: as a Laborer for Dan River Mills from approximately 1968 to 1970 in Wetumpka, AL; as a Utilityman for Union Camp Corp from approximately 1970 to 1977 in Chapman, AL; as a Pressman for Foster Company from approximately 1978 to 1979 in Greenville, AL; as a Welder for Rheen Rudd Manufacturing Company from approximately 1979 to 1999 in Greenville, AL; around equipment in her workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, ceiling tiles, compressors, drywall, electrical cable wire, electrical controls, felt, floor tiles, furnaces, gaskets, insulation, joint compound, machines, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, roofing cement, shingles, siding, transformers, transmissions, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Lena Crenshaw was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **BARBARA SUE CRUISE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Oral Cavity Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Barbara Sue Cruise worked, including but not limited to: as a Spinner Cutter for Avondale Mills from approximately 1965 to 1970 in Alexander City, AL; as a Spinner Cutter for Avondale Mills from approximately 1970 to 1976 in Alexander City, AL; as a Spinner Cutter for TMI from approximately 1978 to 1979 in Talladega, AL; as a Spinner Cutter for Avondale Mills from approximately 1979 to 1990 in Alexander City, AL; around equipment in her workplace, including but not limited to: asbestos cloth, compressors, felt, fireproofing, asbestos in a foundry, motors, packing materials, raw fiber, yarn,  and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Barbara Sue Cruise was diagnosed with asbestos-related Oral Cavity Cancer on or about September 9, 2010.

Plaintiff **HOBERT CUNNINGHAM**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Hobert Cunningham worked, including but not limited to: as a Foreman for APAC Construction from approximately 1950 to 1994 in Oxford, AL; around equipment in his workplace, including but not limited to: asbestos cement, breakers, ceiling tiles, compressors, drywall, electrical cable wire, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, machines, motors, paint, pipe insulation, pumps, refractory cement, rockwool, roofing cement, siding, transformers, transmissions, turbines, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Hobert Cunningham was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **THORISE B. CUNNINGHAM**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Thorise B. Cunningham worked, including but not limited to: as a Shipyard Worker for Ingalls Shipyard from approximately 1974 to 1981 in Pascagoula, MS; around equipment in her workplace, including but not limited to: asbestos cement, boilers, brakes, electrical cable wire, gaskets, insulation, motors, packing materials, pipe insulation, pumps, refractory cement, transmissions, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Thorise B. Cunningham was diagnosed with asbestos-related asbestosis on or about April 2, 2010.

Plaintiff **JACQUELINE DAILEY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Jacqueline Dailey worked, including but not limited to: as a Laborer for With It California from approximately 1969 to 1970 in Los Angeles, CA; as a Laborer for W & S Lighting Fixture Company from approximately 1970 to 1972 in Los Angeles, CA; as a

Laborer for Regis Paper Company from approximately 1973 to 1974 in Lamas Vista, CA; as a Laborer for Vanity Fair from approximately 1975 to 1977 in Monroeville, AL; as a Laborer for Flex Ex Trans Corporation from approximately 1980 to 1986 in Evergreen, AL;  around equipment in her workplace, including but not limited to: insulation, gaskets, joint compound, felt, cloth, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jacqueline Dailey was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **THOMAS M. DAMON**, a citizen of Michigan, contracted one or more asbestos-related diseases including Rectal Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Thomas M. Damon worked, including but not limited to: as Gun Crew for the United States Army from approximately 1962 to 1963 in various locations; as Gun Crew for the United States Army from approximately 1963 to 1963 in Augusta, GA; as a Gun Crew for United States Army from approximately 1963 to 1965 in Europe; as an Assembly

Line Worker for Ford Motor Company - Livonia Transmission Plant from approximately 1964 to 1966 in Livonia, MI; as a Grinder for Hanlo Gage Company from approximately 1968 to 1979 in Southfield, MI; as a Grinder for Dunn Tool Company from approximately 1980 to 1983 in Livonia, MI; as a Grinder for Peerless Gage Company from approximately 1983 to 1985 in Livonia, MI; as a Grinder for Detroit Gage Company from approximately 1986 to 1986 in Detroit, MI; around equipment in his workplace, including but not limited to: brakes, drywall, felt, insulation, machines, pipe insulation, roofing cement, shingles, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Thomas M. Damon was diagnosed with asbestos-related Rectal Cancer on or about September 9, 2010.

Plaintiff **RICHARD DANIEL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Richard Daniel worked, including but not limited to: as a Loader for Fort Benning from approximately

1973 to 1975 in Atlanta, GA; as a Maintenance Man for City of Montgomery Sanitation Department from approximately 1982 to 1988 in Montgomery, AL; as a Grinder for Dana Steel Company from approximately 1988 to 1989 in Montgomery, AL; around equipment in his workplace, including but not limited to: ceiling tiles, drywall, felt, paint, roofing cement, shingles,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Richard Daniel was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **EMMITT LEE DANIELS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Emmitt Lee Daniels worked, including but not limited to: as a Maintenance Man for Prichard Housing Authority from approximately 1974 to 2009 in Prichard, AL; around equipment in his workplace, including but not limited to: and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Emmitt Lee Daniels was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **BARBARA JEAN DANIELS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed in her environment to asbestos-containing products produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein.

During the course of his employment, Howard Daniel worked, including but not limited to: as a Trackman for Birmingham Southern Railroad Company from approximately 1956 to 1956 in Birmingham, AL; as a Serviceman in the U.S. Army from approximately 1954 to 1962 in various locations; as a Laboratory Technician for US Steel from approximately 1965 to 1997 in Fairfield, AL; as a Mechanic for Woodlawn Gulf Service Station from approximately 1956 to 1961 in Birmingham, AL;

Plaintiff Barbara Jean Daniels resided with Howard Daniel during those intervals. During the course of his employment, Howard Daniel was exposed to asbestos-containing products including but not limited to: and other industrial equipment in her workplace, which contained significant amounts of asbestos-

containing prdoucts and materials.  These products produced dust that Howard Daniel brought home on her hair, clothes and body.  Barbara Jean Daniels had long-term secondary exposure to airborne asbestos dust while laundering the clothing of Howard Daniel and performing household cleaning duties.

Plaintiff Barbara Jean Daniels was diagnosed with asbestos-related Colon Cancer on or about September 9, 2010.

Plaintiff **ERNEST DARK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Ernest Dark worked, including but not limited to: as a Millwright for SCT Yarn from approximately 1965 to 1995 in Piedmont, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, breakers, compressors, electrical controls, machines, motors, packing materials, pipe insulation, pumps, raw fiber, welding rods, yarn,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Ernest Dark was diagnosed with asbestos-related Asbestosis on or about December 27, 2010.

Plaintiff **GWENDOLYN DARK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Gwendolyn Dark worked, including but not limited to: as a Fabricator for Lanett Bleachery and Dye Works from approximately 1974 to 1976 in Lanett, AL; as a Packer for Motorola, Inc. from approximately 1979 to 1983 in Schaumburg, IL; as a Machine Operator for D & S Machine Work from approximately 1982 to 1985 in Opelika, AL; around equipment in her workplace, including but not limited to: furnaces, machines, paint, pipe insulation, valves, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Gwendolyn Dark was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **ROBERT MARSHALL DAVENPORT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert Marshall Davenport worked, including but not limited to: as a Roofer for Davenport Roofing Company from approximately 1964 to 1996 in Gadsden, AL; around equipment in his workplace, including but not limited to: ceiling tiles, drywall, fireproofing, insulation, joint compound, roofing cement/felt/tar/sealant, shingles and paint and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert Marshall Davenport was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **ALFRED DAVIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Alfred Davis worked, including but not limited to: as a Brick Mason for International Bricklayer Union from approximately 1975 to 1980 in Alabama; as a Brick Mason for Alabama By Products from approximately 1977 to 1978 in Birmingham, AL; as a Brick Mason for Furnco, Foster, Correct, & Sergeant Company from approximately 1978 to 1979 in Fairfield, AL; as a Machine Operator for Jim Walters Company from approximately 1980 to 1990 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, breakers, ceiling tiles, clutches, compressors, drywall, fireproofing, furnaces, joint compound, packing materials, paint, pumps, roofing cement, shingles, switchgears, valves, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Alfred Davis was diagnosed with asbestos-related Asbestosis on or about January 30, 2010.

Plaintiff **BRUCE DAVIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Bruce Davis worked, including but not limited to: as a Mechanic for Unknown Auto Shop from approximately 1959 to 1964 in Sumter, SC; as a Mechanic for Lee's Auto Repair from approximately 1958 to 1963 in Sumter, SC;  as a Wireman for Boeing Aircraft - Renton Plant from approximately 1964 to 1972 in Renton, WA; as a Gun Crew in the U.S. Army from approximately 1966 to 1966 in Monterey, CA; as a Gun Crew for United States Army from approximately 1966 to 1967 in Ft.Hood, TX; as a Gun Crew for United States Army from approximately 1967 to 1968 in Vietman; as a Mechanic for Mecklenburg Auto from approximately 1972 to 1977 in Edgewood, WA; as a Construction Worker for John Walson Construction from approximately 1974 to 1995 in Puyallup, WA; as a Truck Driver for Pepsi from approximately 1977 to 1995 in Tacoma, WA; around equipment in his workplace, including but not limited to: asbestos cloth, brakes, ceiling tiles, clutches, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, motors, packing materials, paint, pipe insulation, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, transformers, transmissions, welding rods,  and other industrial equipment

in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Bruce Davis was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **JOHN A. DAVIS, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John A. Davis, Jr. worked, including but not limited to: as a Truck Driver for Smith Kelly Supply Company from approximately 1956 to 1960 in Mobile, AL; as a Laborer for Fortune Lingerie Company from approximately 1961 to 1961 in New York, NY; as a Laborer for Efficient Window Cleaning from approximately 1962 to 1967 in New York, NY; as a Laborer for David Fox and Son from approximately 1967 to 1970 in New York, NY; as a Laborer for Scott Paper Co from approximately 1978 to 2001 in Mobile, AL; around equipment in his workplace, including but not limited to: insulation, joint compound, clutches, motors and pipe insulation/covering and

other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John A. Davis, Jr. was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **NATHAN DAVIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Nathan Davis worked, including but not limited to: as a Mechanic in the U.S. Army from approximately 1979 to 1986 in Fort Benning, GA; as a Mechanic for South Fork from approximately 1986 to 1987 in Eutaw, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, clutches, compressors, furnaces, gaskets, machines, motors, paint, pipe insulation, transmissions, turbines, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Nathan Davis was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **JEROME DAWSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jerome Dawson worked, including but not limited to: as a Laborer for West Point-Pepperell, Inc. from approximately 1977 to 1990 in Lanett, AL; around equipment in his workplace, including but not limited to: ceiling tiles, floor tiles, paint, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jerome Dawson was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **DONALD EARL DEASON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Stomach Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Donald Earl Deason worked, including but not limited to: as a Painter for Pullman Standard from approximately 1962 to 1975 in Bessemer, AL; around equipment in his workplace, including but not limited to: asbestos cement, compressors, drywall, electrical cable wire, insulation, joint compound, packing materials, paint, pipe insulation, refractory cement, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Donald Earl Deason was diagnosed with asbestos-related Stomach Cancer on or about November 16, 2010

Plaintiff **CALVIN RICHARD DEMENT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Calvin Richard Dement worked, including but not limited to: as a Self Employed Construction Laborer from approximately 1967 to 1969 in Thomasville, AL; as a Boiler Worker for

Solomon Brothers from approximately 1969 to 1972 in Thomasville, AL; as a Warehouseman for Dumas Brothers Manufacturing from approximately 1972 to 1973 in Jackson, AL; as a Brick Layer for J & J Construction from approximately 1973 to 1979 in Mobile, AL; as a Machine Operator for Church Pews Inc from approximately 1979 to 1989 in Grove Hill, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, ceiling tiles, ceramics, drywall, electrical cable wire, felt, gaskets, insulation, millboard, pipe insulation, raw fiber, rockwool, roofing cement, shingles, siding, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Calvin Richard Dement was diagnosed with asbestos-related Colon Cancer on or about January 14, 2011.

Plaintiff **JAMES R. DENNIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James R. Dennis worked, including but not limited to: as a Welder for Burgess Mining from approximately

1981 to 1983 in Birmingham, AL; as a Welder for Canavaral Port Authority from approximately 1950 to 1956 in Cape Canavral, FL; as a Mechanic for Dennis Shell Station from approximately 1970 to 1973 in Coopers, AL; as a Welder for Duncan Manufacturing Company from approximately 1960 to 1967 in Fairfield, AL; as a Welder for Engineer Components from approximately 1979 to 1981 in Jemison, AL; as a Welder for Jake Smith Blacksmith Shop from approximately 1967 to 1970 in Montgomery, AL; as a Welder for Keystone Metal Molding from approximately 1973 to 1979 in Clanton, AL; as a Construction Worker for Watson Paving from approximately 1956 to 1960 in Coco Beach, FL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, clutches, compressors, electrical cable wire, electrical controls, gaskets, insulation, joint compound, motors, paint, pipe insulation, transmissions, turbines, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James R. Dennis was diagnosed with asbestos-related Asbestosis on or about September 9, 2010.

Plaintiff **ARVIL DOCKINS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Arvil Dockins worked, including but not limited to: as a Laborer for Nichols Construction Company from approximately 1965 to 1967 in Birmingham, AL;  as a Laborer for Holiday Mobile Homes from approximately 1967 to 1968 in Double Springs, AL; as a Painter for Powell All Steel Company from approximately 1969 to 1971 in Birmingham, AL; as a Welder for #5 Auto Parts from approximately 1973 to 1974 in Birmingham, AL; as a Truck Driver for Fayco Company from approximately 1974 to 1974 in Jasper, AL; as a Welder for Drummonds Company from approximately 1975 to 2000 in Jasper, AL; as a Welder for Tri Fab Company from approximately 1982 to 1984 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cloth, brakes, breakers, ceramics, clutches, drywall, electrical cable wire, electrical controls, floor tiles, insulation, machines, millboard, paint, pipe insulation, refractory cement, rockwool, roofing cement, shingles, siding, transmissions, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Arvil Dockins was diagnosed with asbestos-related Laryngeal Cancer on or about November 27, 2010.

Plaintiff **JOE NATHAN DORSEY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Joe Nathan Dorsey worked, including but not limited to: as a Grinder for Chevrolet from approximately 1965 to 1972 in Saginaw, MI; as a Heavy Equipment Operator for Warrior Concrete Company from approximately 1973 to 1978 in Demopolis, AL; as a Heavy Equipment Operator for Miller Lumber Company from approximately 1978 to 1985 in Demopolis, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, clutches, electrical cable wire, electrical controls, asbestos in a foundry, furnaces, gaskets, machines, motors, refractory cement, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Joe Nathan Dorsey was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **MAE DELL DOWELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Mae Dell Dowell worked, including but not limited to: as a Maintenance Man for Bibb Co. from approximately 1966 to 1968 in Percale, GA; as a Machine Operator for Phoenix Mills from approximately 1969 to 1969 in Pittsview, AL; as a Machine Operator for Opelika Mills from approximately 1969 to 1971 in Opelika, AL; as a Technician for East Alabama Medical Center from approximately 1972 to 1974 in Opelika, AL; as a Machine Operator for Ampex Corporation from approximately 1974 to 1976 in Opelika, AL; as a Painter for Diversified Products from approximately 1976 to 1976 in Opelika, AL; as a Machine Operator for Uniroyal Tire Company from approximately 1976 to 1989 in Opelika, AL; around equipment in her workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, compressors, drywall, electrical cable wire, floor tiles, furnaces, insulation, machines, motors, packing materials, paint, pipe insulation, refractory cement, roofing cement, siding, transformers, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Mae Dell Dowell was diagnosed with asbestos-related Colon Cancer on or about October 28, 2010.

Plaintiff **DAVID MARK DURHAM**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff David Mark Durham worked, including but not limited to: as a Tankerman/Tanker Utility for Brent Towing from approximately 1978 to 1979 in Greenville, MS; as a Serviceman for Fort Campbell from approximately 1975 to 1977 in Fort Campbell, KY; as a Tankerman/Tanker Utility for Southern Towing from approximately 1979 to 1981 in St. Louis, MO; as a Laborer for Watson Marine from approximately 1981 to 1988 in Baton Rouge, LA; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, breakers, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, switchgears, thermocouples, transformers, turbines, valves, welding rods, and

other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff David Mark Durham was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **RICKY EATMON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Ricky Eatmon worked, including but not limited to: as a Pipefitter for ACIPCO from approximately 1974 to 1974 in Birmingham, AL; as a Serviceman in the U.S. Army from approximately 1975 to 1975 in Jackson, SC; as a Aircraft Mechanic for Hayes Aircraft from approximately 1977 to 1984 in Birmingham, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, floor tiles, asbestos in a foundry, machines, motors, paint, pipe insulation, shingles, siding, transformers, transmissions, turbines,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Ricky Eatmon was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **KEITH EUGENE EDWARDS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Keith Eugene Edwards worked, including but not limited to: as a Tile Worker for Campbell Tile from approximately 1975 to 1977 in Huntsville, AL; as a Rip Out for Lewis Roofing from approximately 1975 to 1977 in Huntsville, AL; as a  for United States Marine Corps. from approximately 1979 to 1984 in Jacksonville, NC; around equipment in his workplace, including but not limited to: boilers, breakers, ceiling tiles, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, pumps, roofing cement, shingles, siding, thermocouples, transformers,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Keith Eugene Edwards was diagnosed with asbestos-related Colon Cancer on or about November 13, 2009

Plaintiff **MARY D. ELLENBURG**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Mary D. Ellenburg worked, including but not limited to: as a Inspector for Abbott Egg Farms from approximately 1971 to 1986 in Empire, AL; as a Inspector for Cran Packing Co. from approximately 1972 to 1973 in Morton Grove, IL; around equipment in her workplace, including but not limited to: asbestos cement, ceiling tiles, drywall, floor tiles, insulation, joint compound, paint, pipe insulation, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Mary D. Ellenburg was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **MICHAEL STEVENS ESSEX**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was

continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Michael Stevens Essex worked, including but not limited to: as a Painter for US Navy from approximately 1973 to 1988 in various locations; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, drywall, floor tiles, furnaces, gaskets, insulation, motors, packing materials, paint, pipe insulation, raw fiber, roofing cement, shingles, transmissions, valves,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Michael Stevens Essex was diagnosed with asbestos-related asbestosis on or about May 17, 2010.

Plaintiff **BENNY JOE EVANS**, a citizen of Florida, contracted one or more asbestos-related diseases including Colon Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Benny Joe Evans worked, including but not limited to: as a Forklift Operator in the U.S. Army from approximately 1968 to 1977; as a Plumber for Evans Plumbing Company from approximately 1977 to 1999 in Huntsville, AL; around equipment in his workplace, including but not limited to: boilers, ceiling tiles, ceramics, compressors, drywall, felt, floor tiles, gaskets, insulation, joint compound, pipe insulation, shingles, siding, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Benny Joe Evans was diagnosed with asbestos-related Colon Cancer on or about May 17, 2010.

Plaintiff **PEGGY ANN EVANS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Peggy Ann Evans worked, including but not limited to: as a Maintenance Man for Ingalls Shipyard from approximately 1976 to 1980 in Pascagoula, MS; as a Mechanic's Helper for Kayo

Service Station from approximately 1972 to 1976 in Mobile, AL; as a Serviceman in the U.S. Army from approximately 1962 to 1965 in Fort Manmouth, NJ; as a Materials Clerk for US Civil Service from approximately 1966 to 1972 in Fort Manmouth, NJ; around equipment in her workplace, including but not limited to: electrical cable wire, gaskets, insulation, packing materials, paint, pipe insulation, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Peggy Ann Evans was diagnosed with asbestos-related Colon Cancer on or about September 10, 2010.

Plaintiff **JAMES ERSKIN FEARN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Erskin Fearn worked, including but not limited to: as a Electronic Technician in the U.S. Army from approximately 1969 to 1973 in various locations including Fayetteville, NC; Fort Leonard Wood, MO; Fort Riley, KS; and Fort Sheridan, IL; as a Maintenance Man for 333 Sigma Corp from approximately 1973 to 1975 in Fayetteville, NC; as a

Saw Operator for R.L. Polk Lumber Company from approximately 1975 to 1977 in Nashville, TN; as a Cleaner for Bellefonte Nuclear Plant from approximately 1977 to 1979 in Scottsboro, AL; as a Electrician for International Brotherhood of Electrical Workers from approximately 1979 to 1984 in Scottsboro, AL; around equipment in his workplace, including but not limited to: breakers, ceiling tiles, electrical cable wire, insulation, switchgears, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Erskin Fearn was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **DANNY MURAL FILES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Danny Mural Files worked, including but not limited to: as a Painter for Murphy Furniture & Manufacturing Company from approximately 1977 to 2004 in Jasper, AL; around equipment in his workplace, including but not limited to: boilers, compressors, electrical cable

wire, electrical controls, insulation, joint compound, machines, motors, packing materials, paint, pipe insulation, pumps, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Danny Mural Files was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **SHEILA DENISE FINN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Sheila Denise Finn worked, including but not limited to: as a Plant Worker for Altec Inc. from approximately 1982 to 1983 in ,; as a Plant Worker for Jones Manufacturing from approximately 1983 to 1985 in Birmingham, AL; around equipment in her workplace, including but not limited to: asbestos cement, ceramics, electrical cable wire, felt, floor tiles, gaskets, packing materials, pipe insulation, refractory cement, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Sheila Denise Finn was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **ARLIN TERRELL FISHER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Arlin Terrell Fisher worked, including but not limited to: as a Machine Operator for Muscle Shoals Tool & Die from approximately 1976 to 1978 in Muscle Shoals, AL; as a Sheetrock Hanger for John Hutchins Self Employment from approximately 1972 to 2005 in Muscle Shoals, AL; as a Forklift Operator for Robbins Tire & Rubber from approximately 1984 to 1989 in Tuscumbia, AL; around equipment in his workplace, including but not limited to: asbestos cement, drywall, floor tiles, insulation, joint compound, paint, pipe insulation, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Arlin Terrell Fisher was diagnosed with asbestos-related Lung Cancer on or about March 19, 2010.

Plaintiff **THOMAS FOLEY**, a citizen of Kansas, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Thomas Foley worked, including but not limited to: as a Serviceman for U.S. Navy from approximately 1964 to 1967 in various locations including Norfolk, VA; as a Loader for Owens Corning Fiberglass from approximately 1968 to 1969 in Fairfax, KS; as a Truck Loader for Certain Teed St Gobain In from approximately 1969 to 1970 in Kansas City, KS; as a Welder for Hesston Corporation from approximately 1976 to 1977 in Kansas City, KS; around equipment in his workplace, including but not limited to: brakes, clutches, drywall, insulation, motors, pipe insulation, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Thomas Foley was diagnosed with asbestos-related Lung Cancer on or about December 17, 2009.

Plaintiff **TERRELL LEON FORTENBERRY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff

was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Terrell Leon Fortenberry worked, including but not limited to: as a Coremaker for Dixie Bronze Foundry Co from approximately 1969 to 1970 in Birmingham, AL; as a Construction Worker for Andy Kasmire from approximately 1970 to 1971 in Learned, KS; as a Plumber for M & F Plumbing from approximately 1973 to 1976 in Learned, KS; as a Equipment Operator for Moore Coal Company from approximately 1977 to 1978 in Bessemer, AL;  as a Construction Worker for Jett Construction from approximately 1977 to 1980 in Silver Springs, AL; as a Equipment Operator for Permian Construction from approximately 1981 to 1982 in Katy, TX; as a Painter for Self Employed from approximately 1983 to 1987 in Millport, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, ceiling tiles, ceramics, clutches, drywall, electrical cable wire, floor tiles, furnaces, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, roofing cement, shingles, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Terrell Leon Fortenberry was diagnosed with asbestos-related Lung Cancer on or about March 12, 2010.

Plaintiff **WAYNE K. FOSTER, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Wayne K Foster, Sr. worked, including but not limited to: as a Electrician for Miller Electric from approximately 1955 to 1980 in Tuscaloosa, AL; as a Serviceman for Tuscaloosa Air Conditioning Co. from approximately 1980 to 2009 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, breakers, ceiling tiles, compressors, drywall, electrical cable wire, electrical controls, felt, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, motors, packing materials, pipe insulation, pumps, raw fiber, rockwool, roofing cement, switchgears, thermocouples, transformers, valves, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Wayne K. Foster, Sr. was diagnosed with asbestos-related Lung Cancer on or about July 28, 2009.

Plaintiff **GLEN W. FOWLER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Glen W. Fowler worked, including but not limited to: as a Engineer for United States Navy from approximately 1946 to 1946 in Various Locations including: USS Foss DE 59; USS Jerauld APA 174; USS John W. Weeks DD 703; USS LSMR 522; USS Macon CA 132; USS Vermillion Bay; as a Boiler Technician for Alabama Dry Docks from approximately 1953 to 1953 in Mobile, AL; as a Warehouseman for Brookley Air Force Base from approximately 1954 to 1968 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, fireproofing, furnaces, insulation, joint compound, millboard, packing materials, pipe insulation, pumps, raw fiber, refractory cement, roofing cement, siding, welding rods, and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Glen W. Fowler was diagnosed with asbestos-related Asbestosis on or about January 25, 2010.

Plaintiff **VIRGINIA ANN FRAZIER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Virginia Ann Frazier worked, including but not limited to: as a Production Service Operator for Chalkline Industries from approximately 1974 to 1993 in Anniston, AL; around equipment in her workplace, including but not limited to: boilers, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Virginia Ann Frazier was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **HOWARD EARL GAINES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Howard Earl Gaines worked, including but not limited to: as a Serviceman in the U.S. Army from approximately 1951 to 1954 in Columbia, SC; as a Pipefitter's Helper for Redstone Arsenal from approximately 1956 to 1993 in Huntsville, AL; around equipment in his workplace, including but not limited to: drywall, electrical cable wire, felt, fireproofing, floor tiles, insulation, joint compound, paint, pipe insulation, refractory cement, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Howard Earl Gaines was diagnosed with asbestos-related Asbestosis on or about February 19, 2010

Plaintiff **RICHARD GARNER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Richard Garner worked, including but not limited to: as a Tile Worker for Robbins Tile Company from approximately 1964 to 1968 in Tuscumbia, AL; as a Furnace Operator for Muscle Shoals Minerals Inc from approximately 1968 to 1973 in Cherokee, AL; as a Furnace Operator for Union Carbide from approximately 1973 to 1980 in Sheffield, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, breakers, clutches, fireproofing, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, paint, pipe insulation, raw fiber, refractory cement, roofing cement, shingles, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Richard Garner was diagnosed with asbestos-related Lung Cancer on or about December 27, 2010.

Plaintiff **KENNETH EDWARD GARRARD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Kenneth Edward Garrard worked, including but not limited to: as a Technician for Austenal Dental Company from approximately 1957 to 1963 in Chicago, IL; as a Technician for Eanes Dental Lab from approximately 1963 to 1980 in Birmingham, AL; as a Machine Operator for Gadsden Ordinance Plant from approximately 1956 to 1956 in Gadsden, AL; as a Technician for Garrard Dental Lab from approximately 1980 to 1990 in Birmingham, AL; as a Radiological Technician for USS LST 1079 from approximately 1950 to 1954 in Norfolk, VA;  around equipment in his workplace, including but not limited to: asbestos cloth, insulation, joint compound, shingles and motors  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Kenneth Edward Garrard was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **NANNETTE H. GAUSE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Nannette H. Gause worked, including but not limited to: as a Technician for VA Hospital-Medical Center from approximately 1970 to 1999 in Birmingham, AL; around equipment in her workplace, including but not limited to: insulation, joint compound, shingles, roofing cement, drywall and paint and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Nannette H. Gause was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **HOSEA L. GILES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Hosea L. Giles worked, including but not limited to: as a Self-Employed Insulator from approximately 1960 to 1980 in Tuscaloosa, AL; as a Coke Handler for Jim Walter Resources from

approximately 1980 to 1992 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos in a foundry, furnaces, insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Hosea L. Giles was diagnosed with asbestos-related Lung Cancer on or about September 10, 2010.

Plaintiff **JAMES GILLARD**, a citizen of Mississippi, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Gillard worked, including but not limited to: as an Assembly Line Worker for Carrier Corporation from approximately 1968 to 2006 in Collierville, TN; around equipment in his workplace, including but not limited to: compressors, electrical cable wire, electrical controls, gaskets, insulation, paint, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Gillard was diagnosed with asbestos-related Lung Cancer on or about March 25, 2009.

Plaintiff **HARVEY CURTIS GJELLSTAD**, a citizen of Virginia, contracted one or more asbestos-related diseases including Laryngeal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Harvey Curtis Gjellstad worked, including but not limited to: as a Truck Loader for HRT Transportation from approximately 1967 to 2000 in Norfolk, VA; as a Serviceman for United States Navy from approximately 1965 to 1965 in Philadelphia, PA; as a Serviceman for United States Navy from approximately 1962 to 1966 in Yorktown, VA; as a Serviceman for United States Navy from approximately 1963 to 1964 in various locations; around equipment in his workplace, including but not limited to: boilers, fireproofing, insulation, packing materials, paint, pipe insulation, valves,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Harvey Curtis Gjellstad was diagnosed with asbestos-related Laryngeal Cancer on or about September 10, 2010.

Plaintiff **EMMA W. GLEAVES**, a citizen of North Carolina, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Emma W. Gleaves worked, including but not limited to: as a Materials Clerk for AAFES - Yokoto Air Force Base from approximately 1974 to 1976 in Japan; as a Machine Operator for Kings Point from approximately 1978 to 1986 in Fayetteville, NC; as a Machine Operator for M J Soffe Inc from approximately 1987 to 1988 in Fayetteville, NC; as a Machine Operator for Kings Point from approximately 1988 to 1990 in Fayetteville, NC; as a Machine Operator for Len How Corporation from approximately 1990 to 1999 in Fayetteville, NC; around equipment in her workplace, including but not limited to: asbestos cloth, fireproofing, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Emma W. Gleaves was diagnosed with asbestos-related Asbestosis on or about May 24, 2010.

Plaintiff **JOHNNIE MAE GLOVER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Stomach Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Johnnie Mae Glover worked, including but not limited to: as a Janitor for Wylam High School from approximately 1947 to 1950 in Birmingham, AL; as a Maintenance Man for Adams Brother Produce from approximately 1950 to 1960 in Birmingham, AL; as a Electrical Equip./Appliance Repair for Birmingham Stove & Range Co from approximately 1985 to 1995 in Birmingham, AL; around equipment in her workplace, including but not limited to: motors, paint, breaks, ceiling tile, boilers and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Johnnie Mae Glover was diagnosed with asbestos-related Stomach Cancer on or about September 10, 2010.

Plaintiff **HENRY GODIN**, a citizen of Michigan, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Henry Godin worked, including but not limited to: as a Auto Mechanic for Sinclair Gas Station from approximately 1959 to 1969 in Rochester Hills, MI; as a Millwright for General Motors from approximately 1963 to 2000 in Pontiac, MI; around equipment in his workplace, including but not limited to: brakes, millboard, pipe insulation, pumps, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Henry Godin was diagnosed with asbestos-related Lung Cancer on or about December 15, 2009.

Plaintiff **MORRIS GOLEMAN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Morris Goleman worked, including but not limited to: as a Boiler Tender in the U.S. Army from

approximately 1955 to 1957 in Columbia, SC; as a Engineer on Ship for Charles Graham from approximately 1958 to 1960 in Pacagoula, MS; as a Engineer for Graham & Sons Shipyard from approximately 1961 to 1964 in Bayou La Batre, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, millboard, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, transmissions, turbines, valves, welding rods, yarn,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Morris Goleman was diagnosed with asbestos-related Asbestosis on or about January 15, 2010.

Plaintiff **SELMA INEZ GORDON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Selma Inez Gordon worked, including but not limited to: as a Utilityman for Gulf State Steel from approximately 1977 to 2000 in Gadsedn, AL; around equipment in her workplace, including but not limited to: ceramics, fireproofing, furnaces, insulation, machines, refractory cement,   and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Selma Inez Gordon was diagnosed with asbestos-related Asbestosis on or about September 30, 2010

Plaintiff **BILLY GORDON, SR.**, a citizen of Mississippi, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Billy Gordon, Sr. worked, including but not limited to: as a Welder for Towing Company from approximately 1963 to 1963 in Greenville, MS; as a Welder for Allen Trailer Company from approximately 1963 to 1965 in Greenville, MS; as a Insulator for Louis Martin Heating & Air from approximately 1965 to 1972 in Greenville, MS; as a Sheetmetal Worker for Hitt Sheet Metal from approximately 1972 to 1975 in

Greenville, MS; as a Insulator for Gordon Heating & Air from approximately 1972 to 2003 in Greenville, MS; around equipment in his workplace, including but not limited to:  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Billy Gordon, Sr. was diagnosed with asbestos-related Lung Cancer on or about August 14, 2009.

Plaintiff **ROBERT GOSSETT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert Gossett worked, including but not limited to: as a Welder for CE Sawyers from approximately 1962 to 1974 in Birmingham, AL; as a Welder for Trifab from approximately 1975 to 1995 in Birmingham, AL; around equipment in his workplace, including but not limited to: boilers, breakers, electrical cable wire, electrical controls, fireproofing, furnaces, gaskets, insulation, machines, packing materials, paint, pipe insulation, raw fiber, rockwool, switchgears, thermocouples, transformers, welding rods,  and

other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert Gossett was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **MCKENZIE H. GRACE, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff McKenzie H. Grace, Jr. worked, including but not limited to: as a Warehouseman in the U.S. Army from approximately 1971 to 1972 in Fort Lee, VA; as a Warehouseman for General Electric from approximately 1977 to 2004 in Mobile, AL; as a Painter for Northrup Grumman Shipyard from approximately 1975 to 1977 in Pascagoula, MS; as a Warehouseman in the U.S. Army from approximately 1965 to 1966 in Oakland, CA; around equipment in his workplace, including but not limited to: breakers, ceiling tiles, electrical cable wire, electrical controls, insulation, motors, paint, switchgears, transformers, welding rods, and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff McKenzie H. Grace, Jr. was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **JOHN MARK GREEN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John Mark Green worked, including but not limited to: as a Concrete Laborer for Miller Steam Plant from approximately 1977 to 1979 in West Jefferson, AL; as a Construction Worker for Doster Construction from approximately 1979 to 1981 in Birmingham, AL; as a Boiler Worker for Union Local 559 from approximately 1978 to 1995 in AL; as a Refractory Worker for US Steel from approximately 1981 to 1982 in Fairfield, AL; around equipment in his workplace, including but not limited to: breakers, compressors, electrical cable wire, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, siding,

welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John Mark Green was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **WILLIE JAMES GREEN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Willie James Green worked, including but not limited to: as a Oven Operator for Sara Lee from approximately 1971 to 1990 in Eden, NC; around equipment in his workplace, including but not limited to: boilers, brakes, fireproofing, furnaces, machines, packing materials, raw fiber, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie James Green was diagnosed with asbestos-related Colon Cancer on or about November 27, 2010.

Plaintiff **SCOTT LUTHER GREENE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was

continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Scott Luther Greene worked, including but not limited to: as a Supervisor for Bay City Construction Company from approximately 1956 to 1962 in Mobile, AL; as a Supervisor for G & R Construction Company from approximately 1966 to 1970 in Mobile, AL; as a Concrete Laborer for Scott L. Greene & Company from approximately 1962 to 1966 in Mobile, AL; as a Concrete Laborer for Scott L. Greene & Company from approximately 1970 to 1990 in Mobile, AL; as a Boilerman for US Navy from approximately 1952 to 1952 in various locations; as a Boilerman for US Navy from approximately 1952 to 1952 in various locations; as a Boilerman for USS Lowry from approximately 1955 to 1955 in Norfolk, VA; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, drywall, felt, insulation, joint compound, pipe insulation, pumps, rockwool, roofing cement, siding, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Scott Luther Greene was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **HENRY MILTON GRIMES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Henry Milton Grimes worked, including but not limited to: as a Laborer for Anzac Contractors Inc. from approximately 1971 to 1982 in Miami, FL; as a Laborer for Atlanta New Orleans Motor Freight from approximately 1957 to 1957 in Charlotte, NC; as a Laborer for Azalea Motor Lines Inc. from approximately 1957 to 1958 in Mobile, AL; as a Laborer for Bethlehem Steel from approximately 1955 to 1956 in Bethlehem, PA; as a Laborer for Webber Construction Inc. from approximately 1966 to 1968 in Miami, FL; around equipment in his workplace, including but not limited to: insulation, joint compound, roofing tar, shingles, drywall, motors, paint and packing and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Henry Milton Grimes was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **HOWARD EARL GRINDLE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Howard Earl Grindle worked, including but not limited to: as a Mechanic for Bentley Oldsmobile from approximately 1967 to 1968 in Huntsville, AL; as a Mechanic for Redstone Arsenal from approximately 1968 to 1969 in Anniston, AL;as a Mechanic for Bentley Pontiac from approximately 1971 to 1972 in Huntsville, as a Mechanic for Stennis Garage from approximately 1970 to 1971 in Huntsville, AL;AL; as a Heavy Mobile Equipment Mechanic for Anniston Army Depot from approximately 1972 to 1977 in Anniston, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, clutches, electrical cable wire, electrical controls, felt, fireproofing, gaskets, insulation, motors, packing materials, paint, pumps, transmissions, welding rods, and other industrial

equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Howard Earl Grindle was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **WILLIAM HACKER**, a citizen of Missouri, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William Hacker worked, including but not limited to: as a Warehouse Clerk for H. T. Lee Clothing Factory from approximately 1960 to 1960 in Kansas City, KS; as a Serviceman for US Marine Corps from approximately 1960 to 1966 in ,; as a Machine Operator for Armco Steel from approximately 1968 to 1970 in Kansas City, MO; as a Warehouse Clerk for RT French from approximately 1976 to 1981 in Kansas City, MO; as a Machine Operator for Union Pacific Railroad Company from approximately 1980 to 1989 in San Francisco, CA; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, breakers, ceiling tiles, compressors, drywall, electrical cable wire, electrical controls, felt, floor tiles,

asbestos in a foundry, furnaces, gaskets, insulation, joint compound, machines, motors, packing materials, paint, pumps, rockwool, roofing cement, shingles, siding, switchgears, thermocouples, transmissions, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William Hacker was diagnosed with asbestos-related Pleural Disease on or about March 24, 2010.

Plaintiff **J.C. HALL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff J.C. Hall worked, including but not limited to: as a Cement Finisher for Narail Company from approximately 1951 to 1959 in Cullman, AL; as a Maintenance Man for Alabama Feed from approximately 1960 to 1966 in Hanceville, AL; as a Press Operator for Cullman Products from approximately 1967 to 1999 in Cullman, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, clutches, insulation, machines, paint, pipe insulation,  and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff J.C. Hall was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **JOHN W. HALL, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John W. Hall, Jr. worked, including but not limited to: as a Electrician for General Dynamics from approximately 1949 to 1951 in Fort Worth, TX; as a Serviceman for US Navy from approximately 1951 to 1954 in Little Creek, VA; as a Shipping for McKinley Iron Work from approximately 1956 to 1961 in Fort Worth, TX;  as a Mechanic for Seminole Shell Service Station from approximately 1968 to 1971 in Mobile, AL; as a Crane Operator for Empire Coke Co. from approximately 1972 to 1975 in Holt, AL; as a Supervisor for Service Express from approximately 1975 to 1978 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: brakes, clutches, electrical cable wire, electrical controls, asbestos in a foundry,

insulation, motors, pipe insulation, roofing cement, shingles, siding, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John W. Hall, Jr. was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **TERRY LEE HALL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Terry Lee Hall worked, including but not limited to: as a  for Charley Toppino & Sons Inc from approximately 1983 to 1986 in Monroe, NC; around equipment in his workplace, including but not limited to: asbestos cement, ceramics, electrical cable wire, fireproofing, floor tiles, asbestos in a foundry, insulation, machines, packing materials, paint, pipe insulation, raw fiber, refractory cement, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Terry Lee Hall was diagnosed with asbestos-related Lung Cancer on or about March 11, 2010

Plaintiff **ROBERT D. HANSEN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert D. Hansen worked, including but not limited to: as an Engineer for Alabama Highway Department from approximately 1964 to 1968 in Florence, AL; as an Engineer for TVA Browns Ferry Nuclear Plant from approximately 1968 to 1975 in Athens, AL; as a Plumber for Hansen Plumbing Company from approximately 1975 to 1978 in Rogersville, AL; as a Mechanic for Lauterdale County School System from approximately 1978 to 2004 in Florence, AL; around equipment in his workplace, including but not limited to: asbestos cloth, brakes, ceiling tiles, ceramics, clutches, compressors, electrical cable wire, gaskets, insulation, machines, motors, packing materials, raw fiber, rockwool, shingles, switchgears, thermocouples, transmissions, welding rods, and other industrial equipment in his workplace,

which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert D. Hansen was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **LINDSEY HARBOUR**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Lindsey Harbour worked, including but not limited to: as a Machine Operator for Goodyear Textile from approximately 1965 to 1966 in Cedar Town, GA; as a Maintenance Man for Anniston City Board of Education from approximately 1967 to 1971 in Anniston, AL; as a Maintenance Man for Lawtex Corporation from approximately 1971 to 1977 in Piedmont, AL; as a Maintenance Man for Garcy Corporation from approximately 1977 to 2005 in Piedmont, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, ceiling tiles, drywall, floor tiles, furnaces, insulation, machines, motors, packing materials, pipe insulation, raw fiber, welding rods, yarn, and other industrial equipment in his workplace,

which contained significant amounts of asbestos-containing products and materials.

Plaintiff Lindsey Harbour was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **BILLY WAYNE HARDIN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Billy Wayne Hardin worked, including but not limited to: as an Inspector for NY Central Railroad from approximately 1969 to 1974 in Kalamazoo, MI; as a Dockman for Holland Motor Express from approximately 1974 to 1979 in Kalamazoo, MI; as a Heavy Equipment Operator for TM Bergen Demolition from approximately 1979 to 1982 in Birmingham, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, floor tiles, gaskets, machines, motors, pumps, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Billy Wayne Hardin was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **CHARLES LEE HARRELL, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Charles Lee Harrell, Sr. worked, including but not limited to: as a Electrical Technician for US Navy from approximately 1965 to 1969 in various locations; as a Electrician Helper for Alabama Dry Dock from approximately 1969 to 1971 in Mobile, AL; as a Serviceman for US Air Force from approximately 1971 to 1988 in various locations; around equipment in his workplace, including but not limited to: breakers, ceiling tiles, clutches, electrical cable wire, electrical controls, gaskets, insulation, joint compound, pipe insulation, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charles Lee Harrell, Sr. was diagnosed with asbestos-related Laryngeal Cancer on or about September 10, 2010.

Plaintiff **JOE LEE HARRIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Joe Lee Harris worked, including but not limited to: as a Painter for Phifer Wire Plant from approximately 1970 to 2000 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: joint compound, paint,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Joe Lee Harris was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **LARRY S. HARRIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Larry S. Harris worked, including but not limited to: as a Serviceman for US Air Force from approximately 1966 to 1969 in various locations; as a Truck Driver for Texico from approximately 1969 to 202 in Birmingham, AL around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, asbestos in a foundry, furnaces, insulation, machines, motors, pipe insulation, pumps, transformers, valves,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Larry S. Harris was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **PAUL HARRIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Paul Harris worked, including but not limited to: as a Cleaner for Harper Dobbins Auto Sales from approximately 1971 to 1973 in Atlanta, GA; as a Mechanic for Lenn Costner Auto Sales from approximately 1974 to 1978 in Anniston, AL; as a Cleaner for

McKinney & McCamble Auto Sales from approximately 1978 to 1982 in Anniston, AL; as a Mechanic for Paul's Detail & Mechanic Shop from approximately 1982 to 1989 in Anniston, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, compressors, felt, floor tiles, insulation, joint compound, motors, paint, pipe insulation, roofing cement, shingles, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Paul Harris was diagnosed with asbestos-related asbestosis on or about May 17, 2010.

Plaintiff **ANDREW HARVEY**, a citizen of Mississippi, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Andrew Harvey worked, including but not limited to: as a Welder for Ingalls Shipyard from approximately 1972 to 1977 in Mobile, AL; as a Chemical Worker for Chem Fax from approximately 1980 to 1985 in Gulf Port, MS; as a Welder for Ingalls Shipyard from approximately 1985 to 1989 in Pascagoula, MS; around equipment in his

workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, machines, millboard, motors, packing materials, paint, pipe insulation, pumps, refractory cement, rockwool, roofing cement, shingles, siding, switchgears, thermocouples, transformers, transmissions, turbines, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Andrew Harvey was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **THOMAS E. HATCHETT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Thomas E. Hatchett worked, including but not limited to: as a Foundry Worker for Sylacauga Foundry from approximately 1951 to 1952 in Sylacauga, AL; as a Serviceman for United States Navy from approximately 1952 to 1956 in various locations; as a Laborer for A.E.

Burgess from approximately 1956 to 1957 in NE; as a Laborer for Kimberly Clark from approximately 1957 to 1987 in Childersburg, AL; around equipment in his workplace, including but not limited to: boilers, compressors, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, pipe insulation, pumps, transformers, turbines, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Thomas E. Hatchett was diagnosed with asbestos-related Asbestosis on or about September 10, 2010.

Plaintiff **DANIEL R. HAYNES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Daniel R. Haynes worked, including but not limited to: as a Warehouse Clerk for Moore & Handly from approximately 1956 to 1956 in Pelham, AL; as a Shipping for Safety Engineering Company from approximately 1957 to 1959 in Birmingham, AL; as a Shipping for Young & Vann from approximately 1959 to 1965 in Birmingham, AL; as a

Warehouse Clerk for Wyatt Safety Supply Company from approximately 1965 to 1992 in Homewood, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, electrical cable wire, asbestos in a foundry, furnaces, insulation, packing materials, paint, pipe insulation, rockwool, roofing cement, shingles, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Daniel R. Haynes was diagnosed with asbestos-related Asbestosis on or about March 18, 2010.

Plaintiff **LEE HOLMES HAYSLETTE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Lee Holmes Hayslette worked, including but not limited to: as a Serviceman in the U.S. Army from approximately 1957 to 1979 in various locations including Ft. McClellan, AL; Vietnam; Korea; as a Laborer for US Government (Civil Service) from approximately 1980 to 1984 in Anniston, AL; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, drywall, insulation, pipe

insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Lee Holmes Hayslette was diagnosed with asbestos-related Colon Cancer on or about January 20, 2010.

Plaintiff **FRANKLIN LOUIS HENDERSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Franklin Louis Henderson worked, including but not limited to: as a Grinder for Alabama Pipe from approximately 1960 to 1962 in Gadsden, AL; as a Serviceman in the U.S. Army from approximately 1968 to 1970 in Fort Bragg, SC; as a Serviceman for Fort Knox from approximately 1968 to 1970 in Louisville, KY; as a Grinder for M & Ace Valve from approximately 1970 to 1973 in Anniston, AL; as a Grinder for Union Foundry from approximately 1975 to 1977 in Anniston, AL; as a Sandblaster for Anchor Metals Company from approximately 1980 to 1982 in Anniston, AL; around equipment in his workplace, including but not limited to: asbestos cement, furnaces, gaskets, insulation, joint compound, paint, pipe

insulation, refractory cement, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Franklin Louis Henderson was diagnosed with asbestos-related Asbestosis on or about February 19, 2010.

Plaintiff **WILLIE JAMES HENDRIX**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Willie James Hendrix worked, including but not limited to: as a Boiler Washer for Brighton High School from approximately 1970 to 1973 in Brighton, MA; as a Mechanic for JC Penney Automotive from approximately 1973 to 1974 in Birmingham, AL; as a Serviceman for US Air Force from approximately 1974 to 1979 in various locations including Eglin, FL; England; Iceland; Korea; Japam; around equipment in his workplace, including but not limited to: boilers, brakes, clutches, drywall, fireproofing, furnaces, insulation, motors, paint, transmissions, welding rods, and

other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie James Hendrix was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **JOSEPH A HERRINGTON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Joseph A Herrington worked, including but not limited to: as a Field Worker in the U.S. Army from approximately 1953 to 1956 in various locations; as an Electrician for US Navy from approximately 1958 to 1974 in various locations; as an Electrician for Cook & Company from approximately 1974 to 1976 in Lumber City, GA; as an Electrician for Appling County High School from approximately 1976 to 1997 in Baxley, GA; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, electrical cable wire, electrical controls, gaskets, packing materials, pipe insulation, pumps, shingles, siding, turbines, valves, and other

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Joseph A. Herrington was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **CHARLES HICKS, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Charles Hicks, Sr. worked, including but not limited to: as a Insulation Worker for Rock Wool Manufacturing from approximately 1957 to 1960 in Leeds, AL; as a Grinder for Fontaine Trucking & Equipment Co. from approximately 1960 to 1971 in Birmingham, AL; as a Material Handler for Lehigh Cement Co from approximately 1973 to 2005 in Leeds, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, clutches, compressors, electrical cable wire, electrical controls, asbestos in a foundry, furnaces, gaskets, insulation, machines, motors, packing materials, paint, pipe insulation, pumps, refractory cement, rockwool, roofing cement, switchgears, thermocouples,

transformers, transmissions, turbines, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charles Hicks, Sr. was diagnosed with asbestos-related Pleural Disease on or about December 28, 2009.

Plaintiff **ROSA C. HILL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Rosa C. Hill worked, including but not limited to: as a Technician for VA Hospital-Medical Center from approximately 1970 to 1995 in Birmingham, AL; around equipment in her workplace, including but not limited to: asbestos cement, ceiling tiles, drywall, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Rosa C. Hill was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **KATHERINE H. HINTON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Katherine H. Hinton worked, including but not limited to: as a Technician for Hale Memorial Hospital from approximately 1962 to 1967 in Tuscaloosa, AL; as a Technician for Druid Regional Medical Center from approximately 1967 to 1969 in Tuscaloosa, AL; as a Technician for VA Medical Center - Tuscaloosa from approximately 1969 to 1982 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, clutches, drywall, electrical cable wire, electrical controls, floor tiles, motors, refractory cement, shingles, switchgears, thermocouples,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Katherine H. Hinton was diagnosed with asbestos-related asbestosis on or about March 03, 2010.

Plaintiff **JIM HODGES**, a citizen of Texas, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jim Hodges worked, including but not limited to: as a Field Worker for Max Vant from approximately 1977 to 1978 in Vickspring, TX; as a Drywall Applicator for Wayne Dugan from approximately 1977 to 1985 in Big Spring, TX; as a Mixer for Wilson Stucco from approximately 1978 to 1979 in Dallas, TX; as a Mixer for Rucker Butts from approximately 1979 to 1980 in Big Spring, TX; as a Construction Laborer for Price Construction from approximately 1980 to 1981 in Big Spring, TX; as a Oiler for Holace Harding from approximately 1981 to 1983 in various locations; as a Drywall Applicator for Mr. Merrill from approximately 1983 to 1984 in Big Spring, TX; as a Self-Employed Concrete Laborer from approximately 1984 to 2009 in various locations throughout TX; around equipment in his workplace, including but not limited to: asbestos cement, ceramics, drywall, electrical cable wire, electrical controls, felt, floor tiles, furnaces, insulation, joint compound, packing materials, paint, pipe insulation, roofing cement, and other industrial

equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jim Hodges was diagnosed with asbestos-related Lung Cancer on or about May 19, 2010.

Plaintiff **JOHNNY HOLLEY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Johnny Holley worked, including but not limited to: as a Pipe Layer for Lloyd Wood Construction Co. from approximately 1971 to 1978 in Tuscaloosa, AL; as a Pipe Layer for John Plott Construction Co. from approximately 1978 to 1998 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, ceramics, joint compound, paint, pipe insulation, pumps, roofing cement, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Johnny Holley was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **VIRGAL JOSEPH HOLLINGS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Silicosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Virgal Joseph Hollings worked, including but not limited to: as a Loader for Standard Furniture from approximately 1966 to 1966 in Bay Minette, AL; as a Materials Clerk for Crossfield Products from approximately 1968 to 1979 in Moss Point, MS; as a Serviceman for Miller Transport from approximately 1979 to 1983 in Mobile, AL; as a Laborer for Pretruce Fisheries from approximately 1984 to 1984 in Port Suffolk, LA; around equipment in his workplace, including but not limited to: vermiculite, ceramic brakes, ceramic brake pads, talc, silica sand, foundry cement, grinding abrasives, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Virgal Joseph Hollings was diagnosed with asbestos-related Silicosis on or about January 21, 2010.

Plaintiff **BOBBY LEE HOLLOWAY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Bobby Lee Holloway worked, including but not limited to: as a Machine Operator for West Point-Pepperell, Inc. from approximately 1966 to 2006 in Lanett, AL; around equipment in his workplace, including but not limited to: machines, motors, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Bobby Lee Holloway was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **CHARLES E. HOLT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Charles E. Holt worked, including but not limited to: as a Laborer for James Holt Construction Company

from approximately 1957 to 1999 in Birmingham, AL; as a Laborer for Holy Family Hospital from approximately 1964 to 1969 in Birmingham, AL; as a Janitor for Blue Cross Blue Shield of Alabama from approximately 1965 to 1969 in Birmingham, AL; as a Laborer for JCCEO from approximately 1969 to 1970 in Birmingham, AL; as a Laborer for Social Security Disability from approximately 1970 to 1999 in Birmingham, AL;  around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, drywall, insulation, paint, pipe insulation,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charles E. Holt was diagnosed with asbestos-related Asbestosis on or about December 23, 2009.

Plaintiff **ARCHIE HORTON, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Archie Horton, Jr. worked, including but not limited to: as a Machine Operator for Martha's Mill from approximately 1974 to 1977 in Thomaston, GA; as a Sandblaster for Ingalls

Shipbuilding from approximately 1977 to 1978 in Pascagoula, MS; as a Machine Operator for Dundee Mill from approximately 1986 to 1991 in Griffin, GA; as a Machine Operator for West Point Power House from approximately 1991 to 2007 in West Point, GA; around equipment in his workplace, including but not limited to: compressors, machines, motors, pipe insulation, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Archie Horton, Jr. was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **FRANCES J. HORTON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Frances J. Horton worked, including but not limited to: as a Machine Operator for Sylacauga Garrent Factory from approximately 1968 to 1970 in Sylacauga, AL; as a Machine Operator for Imperial Redding Sewing Plant from approximately 1974 to 1977 in Oxford, AL; as a Machine Operator for Anniston Sports Wear from approximately 1978 to 2009

in Anniston, AL; around equipment in her workplace, including but not limited to: insulation, machines, motors, pipe insulation, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Frances J. Horton was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **ROBBIE LEE HOWARD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Robbie Lee Howard worked, including but not limited to: as a Machine Operator for Anniston Sportswear from approximately 1969 to 1989 in Anniston, AL; around equipment in her workplace, including but not limited to: ceiling tiles, compressors, drywall, electrical cable wire, floor tiles, machines, packing materials, pipe insulation, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robbie Lee Howard was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **ROBERT LEE HOWARD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert Lee Howard worked, including but not limited to: as a Grinder for Birmingham Stove & Range Co from approximately 1967 to 1968 in Birmingham, AL; as a Mechanic for Bombers Brothers from approximately 1968 to 1970 in Birmingham, AL; as a Maintenance Man for Boutwell Auditorium from approximately 1970 to 1997 in Birmingham, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, electrical cable wire, electrical controls, floor tiles, insulation, motors, paint, pipe insulation, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert Lee Howard was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **KENNETH BERNARD HUGHES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Kenneth Bernard Hughes worked, including but not limited to: as a Warehouseman for City Sales Company from approximately 1972 to 1976 in Mobile, AL; as a Process Operator for International Paper Mill from approximately 1976 to 2000 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, breakers, ceiling tiles, compressors, electrical cable wire, electrical controls, felt, gaskets, insulation, joint compound, millboard, motors, packing materials, pipe insulation, pumps, raw fiber, refractory cement, switchgears, thermocouples, transformers, transmissions, turbines, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Kenneth Bernard Hughes was diagnosed with asbestos-related asbestosis on or about May 17, 2010.

Plaintiff **GLORIA TIMYTHA HUNT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Gloria Timytha Hunt worked, including but not limited to: as a Laborer for Vanity Fair Sewing Factory from approximately 1972 to 1974 in Jackson, AL; as a Laborer for East Alabama Plant from approximately 1975 to 1978 in Thomasville, AL; as a Laborer for H & A Satin from approximately 1979 to 1981 in Grove Hill, AL; as a Laborer for Soderberg Manufacturing from approximately 1982 to 1983 in Walnut, CA; around equipment in her workplace, including but not limited to: ceiling tiles, drywall, electrical cable wire, floor tiles, machines, motors, pipe insulation, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Gloria Timytha Hunt was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **ELIZA P. HURST**, a citizen of Alabama, contracted one or more asbestos-related diseases including Silicosis. Plaintiff was continually exposed to

asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Eliza P. Hurst worked, including but not limited to: as a Maintenance Man for Montgomery Board of Education from approximately 1972 to 1972 in Montgomery, AL; as a Maintenance Man for Montgomery Board of Education from approximately 1974 to 2000 in Montgomery, AL; around equipment in her workplace, including but not limited to: vermiculite, ceramic brakes, ceramic brake pads, talc, silica sand, foundry cement, grinding abrasives, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Eliza P. Hurst was diagnosed with asbestos-related Silicosis on or about November 23, 2009.

Plaintiff **JIMMY JOE JACKSON, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jimmy Joe Jackson, Sr. worked, including but not limited to: as a Demolition Worker for C & J Construction Company from approximately 1982 to 1984 in Houston, TX; as a Boiler Worker for Bridal's Mill from approximately 1984 to 1985 in Camden, AL; as a Carpenter for Chapman Design & Construction from approximately 1985 to 1986 in Camden, AL; as a Maintenance Man for Ingalls Shipyard from approximately 1986 to 2003 in Pascagoula, MS; around equipment in his workplace, including but not limited to: asbestos cement, boilers, clutches, compressors, drywall, furnaces, insulation, joint compound, machines, paint, pipe insulation, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jimmy Joe Jackson, Sr. was diagnosed with asbestos-related Asbestosis on or about December 10, 2009.

Plaintiff **JULIA P. JACKSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Julia P. Jackson worked, including but not limited to: as a Pipe Grinder for FMC Steel Plant from approximately 1980 to 1994 in Anniston, AL; around equipment in her workplace, including but not limited to: drywall, asbestos in a foundry, insulation, machines, packing materials, paint, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Julia P. Jackson was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **NORRIS JACKSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Rectal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Norris Jackson worked, including but not limited to: as a Shipyard Worker for Alabama State Docks from approximately 1967 to 1977 in Mobile, AL; as a Cement Finisher for Underwood Cement Company from approximately 1970 to 1974 in Mobile, AL; around

equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, ceiling tiles, drywall, felt, floor tiles, insulation, joint compound, motors, packing materials, paint, raw fiber, roofing cement, shingles, siding, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Norris Jackson was diagnosed with asbestos-related Rectal Cancer on or about January 06, 2010.

Plaintiff **WILLIE MAYES JACKSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Willie Mayes Jackson worked, including but not limited to: as a Brickman for General Shale Brick & Tile from approximately 1974 to 1975 in Huntsville, AL; as a Furnace Installer for Wolverine Tube from approximately 1976 to 2008 in Decatur, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, brakes, ceiling tiles, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, joint

compound, machines, millboard, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, thermocouples, transmissions, turbines, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie Mayes Jackson was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **CLARENCE L. JAMES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Silicosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Clarence L. James worked, including but not limited to: as a Machine Operator for Stannet Foundry from approximately 1969 to 1970 in Anniston, AL; as a Dockman for Bowman Trucking from approximately 1970 to 2000 in Indiana, PA; around equipment in his workplace, including but not limited to: vermiculite, ceramic brakes, ceramic brake pads, talc, silica sand, foundry cement, grinding abrasives, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Clarence L. James was diagnosed with asbestos-related Silicosis on or about January 21, 2010.

Plaintiff **DANIEL LEE JAMES, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Daniel Lee James, Jr. worked, including but not limited to: as a Construction Laborer for C.F. Halstead, Inc. from approximately 1972 to 1972 in Montgomery, AL; as a Construction Laborer for J W Snowden Construction Co. from approximately 1973 to 1974 in Hattiesburg, MS; as a Construction Laborer for A D Lovelady Building Contractor from approximately 1975 to 1975 in Plantersville, AL; as a Construction Laborer for McInnis Corporation from approximately 1976 to 1976 in Montgomery, AL; as a Construction Laborer for Farmers Mutual Exchange of Browns, Inc. from approximately 1978 to 1978 in Atlanta, GA; as a Construction Laborer for Harbert Construction Inc from approximately 1979 to 1979 in Middlesboro, KY; as a Construction Laborer for Herbert Strickland from approximately 1980 to 1980 in Minter, AL; as a Construction Laborer for McDowell Contractors from

approximately 1981 to 1982 in Dallas, TX; as a Construction Laborer for Marvin Yoder-Yoder Pulpwood from approximately 1983 to 1986 in Selma, AL; as a Construction Laborer for E.M. Weaver from approximately 1985 to 1985 in Greensburg, KY; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, insulation, joint compound, machines, millboard, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, switchgears, thermocouples, transformers, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Daniel Lee James, Jr. was diagnosed with asbestos-related Lung Cancer on or about October 6, 2009.

Plaintiff **VIRGINIA PREYER JERKINS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Virginia Preyer Jerkins worked, including but not limited to: as a Machine Operator for Camden Mills from approximately 1972 to 1972 in Camden, AL; as a Machine Operator for Simplex Factory from approximately 1974 to 1974 in Camden, AL; as a Laborer for PEG Service Station from approximately 1976 to 1977 in Camden, AL; as a Machine Operator for Dallas Uniform Inc. from approximately 1983 to 1984 in Selma, AL; as a Machine Operator for Selma Apparel from approximately 1985 to 1988 in Selma, AL; around equipment in her workplace, including but not limited to: drywall, electrical cable wire, machines, motors, packing materials, pipe insulation, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Virginia Preyer Jerkins was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **JAMES H. JETER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James H. Jeter worked, including but not limited to: as a Boiler Insulator for US Navy from approximately 1955 to 1957 in various locaitons; as a Machine Operator for Ebsco Industries from approximately 1958 to 1963 in Birmingham, AL; as a Machine Operator for Minerva Lithography from approximately 1963 to 1970 in Birmingham, AL; as a Machine Operator for Walker Printing from approximately 1970 to 1974 in Montgomery, AL; as a Machine Operator for Cather Publishing Co. from approximately 1974 to 2007 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, breakers, ceiling tiles, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, floor tiles, furnaces, gaskets, insulation, joint compound, millboard, motors, packing materials, paint, pipe insulation, rockwool, roofing cement, shingles, siding, turbines, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James H. Jeter was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **JESSE JILES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jesse Jiles worked, including but not limited to: as an Assembly Line Worker for Pepsi Cola Bottling Company from approximately 1969 to 1972 in Montgomery, AL; as a Loader for Winn Dixie from approximately 1972 to 1979 in Montgomery, AL; as a Laborer for City of Montgomery Sanitation Department from approximately 1979 to 1993 in Montgomery, AL; around equipment in his workplace, including but not limited to: brakes, clutches, compressors, electrical cable wire, gaskets, motors, packing materials, paint, pipe insulation, transmissions, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jesse Jiles was diagnosed with asbestos-related Pleural Disease on or about September 11, 2010.

Plaintiff **BURLEIGH JOHNSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Burleigh Johnson worked, including but not limited to: as a Machinist for United States Navy from approximately 1954 to 1958 in various locations; as a Machinist for US Coast Guard from approximately 1960 to 1964 in various locations; as a Inspector for Thompson Aircraft Tire Corporation from approximately 1964 to 1965 in Miami, FL; as a Salesman for Hialeah Auto Parts from approximately 1965 to 1966 in Hialeah, FL; as a Salesman for A&A Auto Parts from approximately 1966 to 1968 in Hialeah, FL; as a Machinist for Hayes Aircraft from approximately 1968 to 1970 in Birmingham, AL; as a Machinist for Hackney Corporation from approximately 1970 to 1974 in Fairfield, AL; as a Machinist for US Steel from approximately 1974 to 202 in Fairfield, AL;around equipment in his workplace, including but not limited to: boilers, brakes, ceiling tiles, clutches, electrical cable wire, floor tiles, machines, motors, pipe insulation, transmissions, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Burleigh Johnson was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **DENNIS LEVERN JOHNSTON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Dennis Levern Johnston worked, including but not limited to: as a Carpenter for Anniston Cabinent Shop from approximately 1968 to 1970 in Anniston, AL; as a Plant Worker for Classic Ribbon, Inc. from approximately 1970 to 1971 in Anniston, AL; as a Laborer for Blue Mountain Cotton Mill from approximately 1971 to 1972 in Anniston, AL; as a Carpenter for Anniston Cabinent Shop from approximately 1972 to 1974 in Anniston, AL; as a Machinist for Anniston Army Depot from approximately 1975 to 1983 in Anniston, AL; as a Rigger for Chandler Welding Corporation from approximately 1984 to 1986 in Greta, LA; around equipment in his workplace, including but not limited to: clutches, drywall, furnaces, gaskets, insulation, joint compound, machines, paint, pipe insulation, pumps, refractory cement, roofing cement, shingles, siding, switchgears, thermocouples, transformers, transmissions, turbines, valves,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dennis Levern Johnston was diagnosed with asbestos-related Laryngeal Cancer on or about December 10, 2009.

Plaintiff **RAY WILSON JOHNSTON**, a citizen of Michigan, contracted one or more asbestos-related diseases including Oral Cavity Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Ray Wilson Johnston worked, including but not limited to: as a Laborer for International Paper Company from approximately 1969 to 1970 in Mobile, AL; as a Laborer in the U.S. Army from approximately 1970 to 1970 in Fort Polk, LA and various locations; as a Laborer for Alabama Shipbuilding Company from approximately 1975 to 1978 in Mobile, AL; as a Technician for Burrough's Corporation from approximately 1979 to 1985 in Detriot, MI; as a Sheetmetal Department Worker for Detriot Public School System from approximately 1985 to 2004 in Detriot, MI; around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, ceiling tiles, ceramics, compressors, drywall, electrical cable wire, fireproofing, furnaces, gaskets, insulation, joint compound, machines, paint, pipe insulation, raw fiber, refractory cement, roofing cement, shingles, siding, thermocouples,

transformers, transmissions, turbines, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Ray Wilson Johnston was diagnosed with asbestos-related Oral Cavity Cancer on or about September 11, 2010.

Plaintiff **JESSIE D. JOHNSTON'S** Decedent, **ROBERT JOHNSTON**, a citizen of South Carolina prior to his death, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert Johnston worked, including but not limited to: as a Insulator for Ingalls Shipyard from approximately 1955 to 1974 in Pasadena, TX; as a Insulator for Shell Chemical from approximately 1965 to 1965 in Pasadena, TX; as a Insulator for Dow Chemical from approximately 1967 to 1968 in Texas City, TX; as a Welder for Cheel Welding & Machine Company from approximately 1968 to 1969 in Pascagoula, MS; as a Welder for IMF Company from approximately 1974 to 1975 in Pensacola, FL; as a Welder for Daniels Contractors from approximately 1975 to

1978 in Fairfield, SC; as a Welder for Yellow Dirt Coal Power Plant from approximately 1975 to 1975 in Douglasville, GA; as a Welder for Duke Power Company from approximately 1978 to 1980 in Charlotte, NC; as a Pipe Coverer for Bowater from approximately 1985 to 1986 in Rock Hill, SC; as a Pipe Coverer for Mechanical Industries from approximately 1994 to 1999 and 2001 to 202 in Rock Hill, SC; around equipment in his workplace, including but not limited to: asbestos cement, boilers, clutches, compressors, electrical cable wire, electrical controls, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, refractory cement, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died as the result of exposure to asbestos and asbestos-containing materials and products on or about November 12, 2009.

Plaintiff **DALLAS HARVEY JONES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Dallas Harvey Jones worked, including but not limited to: as a Shipping Clerk for Texas Boot Factory from approximately 1949 to 1961 in Lebanon, TN; as a Boiler Worker for The Methodist Publishing House from approximately 1961 to 1963 in Nashville, TN; as a Boiler Worker for Federal Reserve Bank from approximately 1963 to 1971 in Nashville, TN; as a Technician for Toledo Scales - division of Reliance Electric from approximately 1971 to 1974 in Toledo, OH; as a Boiler Worker for Mueller Co. from approximately 1974 to 2007 in Albertville, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, clutches, compressors, electrical cable wire, electrical controls, fireproofing, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, machines, motors, packing materials, paint, pipe insulation, pumps, rockwool, roofing cement, shingles, transformers, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dallas Harvey Jones was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **ESTHER P. JONES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use,

installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Esther P. Jones worked, including but not limited to: as a Machine Operator for Simplex Industries from approximately 1976 to 1999 in Camden, AL; around equipment in her workplace, including but not limited to: ceiling tiles, drywall, electrical cable wire, floor tiles, insulation, machines, motors, pipe insulation, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Esther P. Jones was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **JAMES L. JONES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James L. Jones worked, including but not limited to: as a Furnace Liner for Inland Steel from

approximately 1957 to 1960 in East Chicago, IN; as a Coal Engineer for Drummonds Company from approximately 1960 to 1978 in Jasper, AL; as a Coal Engineer for Southern Electric Generating from approximately 1966 to 1974 in Wilsonville, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, clutches, compressors, electrical cable wire, fireproofing, furnaces, insulation, joint compound, motors, packing materials, pipe insulation, pumps, rockwool, roofing cement, shingles, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James L. Jones was diagnosed with asbestos-related Asbestosis on or about April 2, 2010.

Plaintiff **LARRY L. JONES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Larry L. Jones worked, including but not limited to: as a Mechanic for Joe's Auto Mechanic Shop from approximately 1976 to 1978 in Surry, VA; as a Packer for Smithfield Packing

Company from approximately 1978 to 1981 in Smithfield, VA; as a Rigger for Newport News Naval Shipyard from approximately 1981 to 1984 in Newport News, VA; as a Maintenance Man for Daniel Construction Company from approximately 1984 to 1986 in Surry, VA; around equipment in his workplace, including but not limited to: boilers, brakes, ceramics, drywall, electrical cable wire, electrical controls, fireproofing, furnaces, gaskets, insulation, joint compound, paint, pipe insulation, pumps, raw fiber, rockwool, siding, switchgears, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Larry L. Jones was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **OTIS JONES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Otis Jones worked, including but not limited to: as an Electrician for IBEW 136 from approximately 1977 to

2006 in various locations; around equipment in his workplace, including but not limited to: ceiling tiles, drywall, electrical cable wire, electrical controls, insulation, joint compound, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Otis Jones was diagnosed with asbestos-related Asbestosis on or about November 09, 2009.

Plaintiff **JIMMY JORDAN**, a citizen of South Carolina, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jimmy Jordan worked, including but not limited to: as a Plumber for Seaboard Airlines, RR from approximately 1963 to 1971 in Charleston Heights, SC; as a Plumber for Johnson Moon Plumbing from approximately 1971 to 1974 in Florence, SC; as a Plumber for Jordan Plumbing Co from approximately 1974 to 1999 in Hartsville, SC; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, ceiling tiles, clutches, fireproofing, insulation, joint

compound, motors, pipe insulation, raw fiber, siding, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jimmy Jordan was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **DONNIE JOWERS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Rectal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Donnie Jowers worked, including but not limited to: as a Assembly Line Worker for Ford Motor Company from approximately 1972 to 1972 in Mahwah, NJ; as a Serviceman in the U.S. Army from approximately 1972 to 1972 in Fort Dix, NJ; as a Serviceman in the U.S. Army from approximately 1973 to 1973 in Fort Lee, VA; as a Serviceman in the U.S. Army from approximately 1973 to 1974 in Atlanta, GA; as a Serviceman in the U.S. Army - Korea from approximately 1974 to 1975 in Korea; as a Serviceman in the U.S. Army from approximately 1975 to 1977 in Fort Gordon, GA; as a Process Operator for Shell Chemical from approximately 1978 to 1980

in Axis, AL; as a Serviceman in the U.S. Army from approximately 1980 to 1981 in Fort McClellan, AL; as a Serviceman in the U.S. Army from approximately 1981 to 1982 in Fort Ord, CA; as a Serviceman for United States Army - Germany from approximately 1982 to 1983 in Germany; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, ceiling tiles, drywall, electrical cable wire, electrical controls, floor tiles, insulation, paint, pipe insulation, siding, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Donnie Jowers was diagnosed with asbestos-related Rectal Cancer on or about March 19, 2010.

Plaintiff **TOMMY J. KEEL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Tommy J. Keel worked, including but not limited to: as a Welder for Pullman Standard from approximately 1969 to 1970 in Bessemer, AL; as a Welder for Norris Underwood from approximately 1970 to 1970 in Irondale, AL; as a Welder for Plantation Patterns

from approximately 1970 to 1971 in Birmingham, AL; as a Brakeman for Norfolk Southern Railroad from approximately 1971 to 2006 in Irondale, AL; around equipment in his workplace, including but not limited to: brakes, clutches, electrical cable wire, gaskets, motors, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Tommy J. Keel was diagnosed with asbestos-related Asbestosis on or about September 11, 2010.

Plaintiff **GROVER LADONNE KELLY**, a citizen of Michigan, contracted one or more asbestos-related diseases including Rectal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Grover Ladonne Kelly worked, including but not limited to: as a Welder for General Welding from approximately 1966 to 1968 in Detroit, MI; as a Brake Mechanic for Scott's Garage from approximately 1966 to 1984 in Detroit, MI; as a Welder for Russell Fabricating from approximately 1971 to 1972 in Dearborn Heights, MI; as a Welder for Steel Fabricating from approximately 1978 to 1987 in Dearborn, MI; as

a Self-Employed Brake Mechanic for Grover Ladonne Kelly from approximately 1987 to 2005 in Detroit, MI; around equipment in his workplace, including but not limited to: brakes, clutches, compressors, electrical cable wire, electrical controls, gaskets, motors, paint, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Grover Ladonne Kelly was diagnosed with asbestos-related Rectal Cancer on or about September 13, 2010.

Plaintiff **JAMES HAROLD KEMP**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Harold Kemp worked, including but not limited to: as a Maintenance Man for Magic Tunnel Car Wash from approximately 1968 to 1970 in Gadsden, AL; as a Machine Operator for Quin City Chicken Plant from approximately 1970 to 1972 in Gadsden, AL; as a Maintenance Man for Spring Valley Chicken Plant from approximately 1972 to 1975 in Gadsden, AL; as a Maintenance Man for Emco Industrial from

approximately 1981 to 1985 in Gadsden, AL; as a Painter for Spurling Body Shop from approximately 1982 to 1985 in Gadsden, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, ceiling tiles, clutches, drywall, electrical cable wire, floor tiles, machines, motors, packing materials, paint, transmissions,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Harold Kemp was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **WILLIE G. KENDRICK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Willie G. Kendrick worked, including but not limited to: as a Equipment Operator in the U.S. Army from approximately 1962 to 1964 in various locations; as a Machinist for General Motors from approximately 1965 to 1993 in Buffalo, NY; around equipment in his workplace, including but not limited to: brakes, clutches, drywall, electrical cable

wire, gaskets, insulation, machines, motors, pipe insulation, transmissions, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie G. Kendrick was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **JOSEPH HOWARD KERR**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Joseph Howard Kerr worked, including but not limited to: as an Electrical Engineer for U.S. Navy from approximately 1952 to 1955 in various locations including Alamedaca, CA; Norman, OK; San Diego, CA; Memphis, TN; San Francisco, CA; USS Oriskany; USS Midway; as a Technician for Sperry Gyroscope from approximately 1956 to 1958 in Great Neck Long Island, NY; as a Field Engineer for Sperry Rand from approximately 1961 to 1963 in New York, NY; as an Electrical Engineer for NASA-Marshall Space Flight Center from approximately 1963 to 1978 in Huntsville, AL; as an Electrical Engineer for Electro-Optical Consultants Inc. from

approximately 1978 to 1982 in Huntsville, AL; as an Electrical Engineer for Boeing from approximately 1981 to 1982 in Huntsville, AL; around equipment in his workplace, including but not limited to: asbestos cement, breakers, clutches, drywall, electrical cable wire, electrical controls, fireproofing, gaskets, insulation, joint compound, pipe insulation, pumps, rockwool, roofing cement, shingles, siding, thermocouples, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Joseph Howard Kerr was diagnosed with asbestos-related Colon Cancer on or about July 29, 2010.

Plaintiff **JAMES A. KILGORE, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James A. Kilgore, Sr. worked, including but not limited to: as a Maintenance Man for United States Army from approximately 1953 to 1955 in various locations; as a Sweeper for Wayne County Road Commission from approximately 1957 to 1965 in Taylor, MI; as a Mechanic for Stu Evans from approximately 1965 to 1969 in Livonia, MI; as

an Electrician for McClouth Steel from approximately 1970 to 1978 in Trenton, MI; as an A/C Installer/Repairman for Kilgore Heating & Cooling from approximately 1978 to 1986 in Jasper, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, drywall, electrical cable wire, electrical controls, floor tiles, furnaces, insulation, motors, pipe insulation, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James A. Kilgore, Sr. was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **SAMMIE KIMBROUGH, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Sammie Kimbrough, Jr. worked, including but not limited to: as a Machine Operator for Monsanto Textiles from approximately 1961 to 1993 in Pensacola, FL; around equipment in his workplace, including but not limited to: asbestos cloth, felt, asbestos in a foundry,

raw fiber, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Sammie Kimbrough, Jr. was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **ALBERT LAMONT KING**, a citizen of South Carolina, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Albert Lamont King worked, including but not limited to: as a Boiler Technician for Great Lakes Naval Station from approximately 1964 to 1964 in Great Lakes, IL; as a Boiler Technician for US Navy from approximately 1964 to 1966 in various locations; as a Boiler Technician for US Navy from approximately 1967 to 1969 in Jacksonville, FL; as a Boiler Technician for US Navy from approximately 1967 to 1969 in Jacksonville, FL;as a Boilermaker for Detyens Shipyard from approximately 1969 to 1973 in North Charleston, SC; as a Serviceman for Fort Benning from approximately 1973 to 1978 in Atlanta, GA; around equipment in his workplace, including but not limited to: boilers, insulation, packing materials, and other

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Albert Lamont King was diagnosed with asbestos-related Colon Cancer on or about May 17, 2010.

Plaintiff **ALBERT LAMONT KING**, a citizen of South Carolina, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Albert Lamont King worked, including but not limited to: as a Boiler Technician for Great Lakes Naval Station from approximately 1964 to 1964 in Great Lakes, IL; as a Boiler Technician for US Navy from approximately 1964 to 1966 in various locations; as a Boiler Technician for US Navy from approximately 1967 to 1969 in Jacksonville, FL; as a Boiler Technician for US Navy from approximately 1967 to 1969 in Jacksonville, FL; as a Boilermaker for Detyens Shipyard from approximately 1969 to 1973 in North Charleston, SC; as a Serviceman for Fort Benning from approximately 1973 to 1978 in Atlanta, GA; around equipment in his workplace, including but not limited to: boilers, insulation, packing materials,  and other

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Albert Lamont King was diagnosed with asbestos-related Colon Cancer on or about May 17, 2010.

Plaintiff **LARRY KNIGHT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Larry Knight worked, including but not limited to: as a Painter for Ingalls Shipyard from approximately 1974 to 1980 in Pascagoula, MS; as a Painter for Bender Shipbuilding & Repair from approximately 1980 to 1982 in Mobile, AL; a Painter for Atlantic Marine Shipyard from approximately 1982 to 1982 in Mobile, AL; around equipment in his workplace, including but not limited to: compressors, paint, pumps, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Larry Knight was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **DIANE LACEY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Diane Lacey worked, including but not limited to: as a Machine Operator for Valley Mills from approximately 1973 to 1974 in Columbiana, AL; as a Packer for Valcum Binder & Cover from approximately 1974 to 1974 in Vincent, AL; as a Machine Operator for Alabaster Industrials from approximately 1975 to 1976 in Alabaster, AL; as a Machine Operator for Aqualla Yarn (T.F.I.) from approximately 1976 to 1976 in Childersburg, AL; as a Self Employed Janitor from approximately 1980 to 1988 in various locations; around equipment in her workplace, including but not limited to: breakers, electrical cable wire, electrical controls, insulation, machines, packing materials, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Diane Lacey was diagnosed with asbestos-related Asbestosis on or about April 2, 2010.

Plaintiff **HENRY LEE LAFFERTY**, a citizen of Louisiana, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Henry Lee Lafferty worked, including but not limited to: as a Boiler Technician for US Air Force from approximately 1959 to 1961 in various locations; as a Heat Systems Repairman for US Air Force from approximately 1961 to 1961 in various locations; as a Carpenter for Selig Manufacturing from approximately 1961 to 1961 in Monroe, LA; as a Fireman for City of Janesville from approximately 1962 to 1967 in Janesville, WI; as an Operations Specialist for Alameda from approximately 1968 to 1969 in Oakland, CA; as a Technician for Motorola from approximately 1969 to 1970 in Scottsdale, AZ; as an Auto Mechanic for Trail Ways from approximately 1970 to 1976 in Miami, FL; around equipment in his workplace, including but not limited to: boilers, ceiling tiles, clutches, drywall, electrical cable wire, electrical controls, fireproofing, floor tiles, furnaces, insulation, motors, paint, pipe insulation, pumps, shingles, siding, transmissions, valves,  and other industrial

equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Henry Lee Lafferty was diagnosed with asbestos-related Lung Cancer on or about September 13, 2010.

Plaintiff **LOWELL W. LANDERS, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Lowell W. Landers, Sr. worked, including but not limited to: as a Machinist for Jefferson Electric from approximately 1957 to 1982 in Bellwood, IL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, machines, millboard, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, transformers, transmissions, welding rods, and other industrial equipment in his workplace,

which contained significant amounts of asbestos-containing products and materials.

Plaintiff Lowell W. Landers, Sr. was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **KENNETH E. LANKERT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Kenneth E. Lankert worked, including but not limited to: as a Painter for Birmingham Industrial from approximately 1982 to 2005 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, switchgears, thermocouples, transformers, turbines, welding rods,   and other industrial

equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Kenneth E. Lankert was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **HERMAN GLENN LANSDELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Herman Glenn Lansdell worked, including but not limited to: as a Heavy Equipment Operator for TVA Colbert Steam Plant from approximately 1978 to 1994 in Colbert County, AL; around equipment in his workplace, including but not limited to: boilers, compressors, furnaces, insulation, paint, pipe insulation, pumps, refractory cement, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Herman Glenn Lansdell was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    2

Plaintiff **BILLY J.  LAWRENCE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Billy J.  Lawrence worked, including but not limited to: as a Pumpman for Woodward Iron from approximately 1967 to 1970 in Woodward, AL; as a Operating Engineer for Pratt Coal from approximately 1971 to 1973 in Parrish, AL; as a Pumpman for Mead Corp from approximately 1973 to 1983 in Birmingham, AL; as a Plant Operator for Drummond Coal Co. from approximately 1984 to 1997 in various locations throughout AL; around equipment in his workplace, including but not limited to: brakes, clutches, motors, packing materials, pumps, thermocouples, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Billy J. Lawrence was diagnosed with asbestos-related Lung Cancer on or about May 6, 2009.

Plaintiff **BERNARD LEWIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed

to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Bernard Lewis worked, including but not limited to: as a Casting Man for HK Porter from approximately 1969 to 1970 in Bessemer, AL; as a Maintenance Man for University Hospital from approximately 1971 to 1973 in Birmingham, AL; in a Construction Crew for Buchanon Construction Company from approximately 1973 to 1974 in Birmingham, AL; as a Foundry Worker for General Motors from approximately 1974 to 1975 in Saginaw, MI; as a Machine Operator for Clipper Brick Co from approximately 1975 to 1985 in Detroit, MI; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, ceiling tiles, drywall, electrical cable wire, electrical controls, floor tiles, asbestos in a foundry, gaskets, insulation, joint compound, motors, packing materials, paint, pipe insulation, raw fiber, refractory cement, roofing cement, shingles, transmissions, turbines, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Bernard Lewis was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **LINDA LEWIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Linda Lewis worked, including but not limited to: as a Inspector for WB Leedy & Co from approximately 1962 to 1963 in Birmingham, AL; as a Inspector for William Carter Co from approximately 1981 to 1985 in Barnesville, GA; around equipment in her workplace, including but not limited to: ceiling tiles, electrical cable wire, floor tiles, insulation, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Linda Lewis was diagnosed with asbestos-related Lung Cancer on or about February 15, 2011.

Plaintiff **ROBERT W. LEWIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert W. Lewis worked, including but not limited to: as a Mechanic for Wimpy's Carborator Service from approximately 1960 to 1975 in various locations; as a Self-Employed Mechanic from approximately 1975 to 2008 in various locations; as a Electrician Helper for Shell Chemical from approximately 1976 to 1977 in Axis, AL; as a Brake Mechanic for Massey Chevrolet from approximately 1978 to 1980 in OK; as a Roustabout for Various Oil Fields from approximately 1978 to 1984 in Chickache, OK; as a Truck Loader for Ciba Geigy Chemical Company from approximately 1985 to 1987 in Mcintosh, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, brakes, breakers, ceiling tiles, clutches, drywall, electrical cable wire, electrical controls, felt, fireproofing, asbestos in a foundry, gaskets, insulation, packing materials, pipe insulation, raw fiber, roofing cement, shingles, siding, transformers, transmissions, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert W. Lewis was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **ROY EARL LEWIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Roy Earl Lewis worked, including but not limited to: as a Insulation for U.S. Gypsum from approximately 1968 to 1975 in Birmingham, AL; as a Insulation for U.S. Mineral from approximately 1975 to 1990 in Birmingham, AL; around equipment in his workplace, including but not limited to: ceiling tiles, drywall, fireproofing, floor tiles, furnaces, insulation, machines, motors, packing materials, paint, pumps, raw fiber, refractory cement, rockwool, switchgears, transformers, turbines, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Roy Earl Lewis was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **SHARON LEWIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Sharon Lewis worked, including but not limited to: as a Operations Specialist for BellSouth Headquarters from approximately 1976 to 1992 in Birmingham, AL; around equipment in her workplace, including but not limited to: ceiling tiles, drywall, floor tiles, insulation, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Sharon Lewis was diagnosed with asbestos-related Lung Cancer on or about December 18, 2009.

Plaintiff **LEVAN LIGHT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Levan Light worked, including but not limited to: as a Painter for State of Ohio from approximately 1965 to 1965 in Fairhill, OH; as a Machinist for M. Cohen & Son's Steel Company

from approximately 1965 to 1985 in Cleveland, OH; around equipment in his workplace, including but not limited to: brakes, breakers, clutches, compressors, drywall, felt, furnaces, joint compound, machines, motors, paint, pipe insulation, roofing cement, shingles, thermocouples, transmissions, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Levan Light was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **DANIEL M. LIMBAUGH, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Daniel M. Limbaugh, Jr. worked, including but not limited to: as an Iron Worker for American Bridge Company from approximately 1974 to 1984 in Fairfield, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, brakes, ceiling tiles, clutches, fireproofing, asbestos in a foundry, furnaces, gaskets, insulation, millboard, motors, pipe insulation, rockwool, siding, transmissions, welding rods,

and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Daniel M. Limbaugh, Jr. was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **LOUISE LLOYD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Louise Lloyd worked, including but not limited to: as a Press Operator for Russell Cleaners from approximately 1959 to 1985 in Hurtsboro, AL; around equipment in his workplace, including but not limited to: boilers, ceiling tiles, drywall, floor tiles, joint compound, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Louise Lloyd was diagnosed with asbestos-related Lung Cancer on or about January 28, 2010

Plaintiff **ELOWISE LOWERY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Elowise Lowery worked, including but not limited to: as a Machine Operator for Milport Manufacturing Company from approximately 1959 to 1961 in Milport, AL; as a Machine Operator for Fayette Manufacturing Company from approximately 1961 to 1966 in Fayette, AL; as a Machine Operator for Winfield Manufacturing Company from approximately 1967 to 1970 in Winfield, AL; as a Machine Operator for Berry Manufacturing Company from approximately 1979 to 1980 in Berry, AL; as a Machine Operator for Sleeping Bag - Benton Manufacturing Company from approximately 1980 to 1984 in Fayette, AL;  around equipment in her workplace, including but not limited to: asbestos cement, ceiling tiles, drywall, electrical cable wire, felt, fireproofing, floor tiles, insulation, joint compound, packing materials, pipe insulation, shingles, siding, yarn,  and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Elowise Lowery was diagnosed with asbestos-related Asbestosis on or about March 23, 2010.

Plaintiff **JOHNNY LOWERY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Johnny Lowery worked, including but not limited to: as a Machine Operator for Hallman's Garage from approximately 1963 to 1966 in Fayette, AL; as a Machine Operator for Fayette Cotton Mill from approximately 1966 to 1999 in Fayette, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, compressors, floor tiles, insulation, machines, motors, transmissions, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Johnny Lowery was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **ROY MACK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                                        1

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Roy Mack worked, including but not limited to: as a Shipping for McMillan Bloedel Papermill Co from approximately 1974 to current in Pine Hill, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, ceiling tiles, ceramics, compressors, drywall, felt, floor tiles, gaskets, insulation, joint compound, motors, packing materials, paint, pipe insulation, pumps, roofing cement, shingles, siding, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Roy Mack was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **BILLY MADDOX**, a citizen of Alabama, contracted one or more asbestos-related diseases including Silicosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Billy Maddox worked, including but not limited to: as a Mechanic for Pierson Chevrolet from approximately 1962 to 1967 in Gadsden, AL; as a Mechanic for Bowman Transportation from approximately 1967 to 1976 in Birmingham, AL; as a Iron Worker for International Union from approximately 1976 to 1999 in Chattanooga, TN; around equipment in his workplace, including but not limited to: vermiculite, ceramic brakes, ceramic brake pads, talc, silica sand, foundry cement, grinding abrasives, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Billy Maddox was diagnosed with asbestos-related Silicosis on or about November 23, 2009

Plaintiff **CECIL MADDOX**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Cecil Maddox worked, including but not limited to: as a Serviceman in the U.S. Army from approximately 1970 to 1972 in ,; as a Painter for Ingalls Shipbuilding from approximately 1973 to

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    2

1976 in Pascagoula, MS; around equipment in his workplace, including but not limited to: asbestos cement, breakers, drywall, electrical cable wire, floor tiles, insulation, paint, pipe insulation,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Cecil Maddox was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **CAROLYN JEAN MADISON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Carolyn Jean Madison worked, including but not limited to: as a Saw Operator for Peco Plant from approximately 1976 to 1984 in Tuscaloosa, AL; as a Machine Operator for Uniroyal Goodrich from approximately 1984 to 1992 in Tuscaloosa, AL; around equipment in her workplace, including but not limited to: brakes, ceiling tiles, compressors, fireproofing, floor tiles, gaskets, machines, motors,  and other

industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Carolyn Jean Madison was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **ANDERSON MAHAN, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Anderson Mahan, Jr. worked, including but not limited to: as an Auto Mechanic in the U.S. Army from approximately 1971 to 1973 in various locations; as an Auto Mechanic for Mahan Auto Mechanic from approximately 1975 to 1997 in Birmingham, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, compressors, motors, paint, pumps, transmissions, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Anderson Mahan, Jr. was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **LEROY MAHAN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Leroy Mahan worked, including but not limited to: as a Forklift Operator for Stone Container from approximately 1978 to 1988 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cloth, ceiling tiles, clutches, drywall, electrical cable wire, electrical controls, motors, pipe insulation, transmissions,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Leroy Mahan was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **WILLIAM MAHAN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William Mahan worked, including but not limited to: as a Painter for Stockham Valve & Fittings from approximately 1972 to 1974 in Birmingham, AL; as a Grinder for General American Transportation from approximately 1973 to 1977 in Birmingham, AL; as a Grinder for Dailco Steel from approximately 1974 to 1977 in Birmingham, AL; as a Grinder for Birmingham Ornamental Iron from approximately 1978 to 1982 in Birmingham, AL; as a Self-Employed Repairman for William Mahan from approximately 1982 to 1986 in Birmingham, AL; around equipment in his workplace, including but not limited to: ceiling tiles, drywall, electrical cable wire, paint, pipe insulation, roofing cement, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William Mahan was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **CHARLIE MAJOR**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Charlie Major worked, including but not limited to: as a Grinder for General Dynamics from approximately 1966 to 1971 in San Diego, CA; as a Railroad Car Repairman for L & N Railroad from approximately 1972 to 1972 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, clutches, compressors, electrical cable wire, floor tiles, gaskets, machines, motors, paint, pipe insulation, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charlie Major was diagnosed with asbestos-related asbestosis on or about March 19, 2010.

Plaintiff **MARY LOIS MAJOR**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed in her environment to asbestos-containing products produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein.

During the course of his employment, Charlie Major worked, including but not limited to: as a Grinder for General Dynamics from approximately 1966

to 1971 in San Diego, CA; as a Grinder for L & N Railroad from approximately 1972 to 1972 in Birmingham, AL.

Plaintiff Mary Lois Major resided with Charlie Major during those intervals. During the course of his employment, Charlie Major was exposed to asbestos-containing products including but not limited to: asbestos cement, clutches, compressors, gaskets, machines, motors, paint, pipe insulation, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing prdoucts and materials. These products produced dust that Charlie Major brought home on his hair, clothes and body. Mary Lois Major had long-term secondary exposure to airborne asbestos dust while laundering the clothing of Charlie Major and performing household cleaning duties.

Plaintiff Mary Lois Major was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **THOMAS A. MANNING**, a citizen of Alabama, contracted one or more asbestos-related diseases including Rectal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Thomas A. Manning worked, including but not limited to: as a Truck Driver for Deaton Truck Lines from approximately 1973 to 1976 in Birmingham, AL; as a Truck Driver for Empire Gas from approximately 1977 to 1978 in Demopolis, AL; as a Truck Driver for Sunbelt Trucking from approximately 1979 to 1980 in Ragland, AL; as a Mechanic for Wiggins Trucking from approximately 1981 to 1982 in Ragland, AL; as a Truck Driver for ATF Trucking from approximately 1985 to 1986 in Leeds, AL; as a Truck Driver for Mitchell Transport from approximately 1983 to 1985 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: brakes, drywall, fireproofing, gaskets, insulation, joint compound, motors, pipe insulation, shingles, siding, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Thomas A. Manning was diagnosed with asbestos-related Rectal Cancer on or about March 19, 2010.

Plaintiff **JIMMY LEON MARTIN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Jimmy Leon Martin worked, including but not limited to: as a Maintenance Man for Jim Shell Gas Station from approximately 1963 to 1970 in Pelham, AL; as a Insulator for Roy Martin Construction Company from approximately 1970 to 2000 in Pelham, AL; around equipment in her workplace, including but not limited to: asbestos cement, brakes, breakers, ceiling tiles, clutches, drywall, electrical cable wire, fireproofing, floor tiles, gaskets, insulation, joint compound, motors, paint, pipe insulation, roofing cement, shingles, siding, transmissions, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jimmy Leon Martin was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **ESSEX EDWARD MASON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Essex Edward Mason worked, including but not limited to: as a Machine Operator for Dixie Specialist Refinery from approximately 1972 to 1973 in Birmingham, AL; as a Grinder for Jones Foundry from approximately 1974 to 1977 in Bessemer, AL; as a HVAC Installer for Shirley Contractors from approximately 1977 to 1978 in Bessemer, AL; as a Roofer for Birmingham Roofing Company from approximately 1978 to 1980 in Birmingham, AL; as a Battery Operator for Gene Jones Tire & Battery Company from approximately 1980 to 1985 in Birmingham, AL; as a Grinder for Birmingham Stove and Range from approximately 1985 to 1990 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, ceiling tiles, drywall, floor tiles, asbestos in a foundry, insulation, paint, pipe insulation, raw fiber, roofing cement, shingles, siding, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Essex Edward Mason was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **DIANE ASH MASON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed in her environment to asbestos-containing products produced,

manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein.

During the course of  his employment, Ceasar Bowers, Sr. worked, including but not limited to: as a Welder for Pullman Standard from approximately 1955 to 1980 in Bessemer, AL.. Plaintiff Diane Ash Mason resided with Ceasar Bowers, Sr. during this interval.

During the course of his employment, Ceasar Bowers, Sr. was exposed to asbestos-containing products including but not limited to:  boilers, brakes, electrical cable wire, gaskets, insulation, pumps, switchgears, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing prdoucts and materials. These products produced dust that Ceasar Bowers, Sr. brought home on his hair, clothes and body.  Plaintiff Diane Ash Mason had long-term secondary exposure to airborne asbestos dust while laundering the clothing of Ceasar Bowers, Sr. and performing household cleaning duties.

Plaintiff Diane Ash Mason was diagnosed with asbestos-related Lung Cancer on or about May 26, 2009.

Plaintiff **ODELL MASSEY**, a citizen of Virginia, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use,

installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Odell Massey worked, including but not limited to: as a Construction Worker for Deshun Construction Company from approximately 1975 to 1978 in Richmond, VA; as a Construction Worker for WW Nash Construction Company from approximately 1978 to 2000 in Richmond, VA; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, ceiling tiles, ceramics, drywall, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, millboard, packing materials, paint, pipe insulation, raw fiber, rockwool, roofing cement, shingles, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Odell Massey was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **JAMES C. MATTHEWS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James C. Matthews worked, including but not limited to: as a Brick Mason for L.H. Matthews Construction Company from approximately 1956 to 1959 in Clarksville, TN; as a Brick Mason for Mr. King Construction Company from approximately 1959 to 1960 in Fort Campbell, KY; as a Brick Mason for Mobley and Terry Construction Company from approximately 1960 to 1962 in Marbury, AL; as a Self Employed Brick Mason from approximately 1962 to 2000; as a Brick Mason for Bill Harrison Construction Company from approximately 1964 to 1989 in Clarksville, TN; as a Brick Mason for James Russell Construction Company from approximately 1964 to 1989 in Clarksville, TN; around equipment in his workplace, including but not limited to: asbestos cement, drywall, insulation, joint compound, paint, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James C. Matthews was diagnosed with asbestos-related Laryngeal Cancer on or about November 23, 2009

Plaintiff **ARTHUR JAMES MAULL, JR.**, a citizen of Florida, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured,

specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Arthur James Maull, Jr. worked, including but not limited to: as a Material Handler for Selma Apparel from approximately 1978 to 1979 in Selma, AL; as a Glass Worker for Assurance Glass Co from approximately 1979 to 1999 in Selma, AL; around equipment in his workplace, including but not limited to: boilers, compressors, felt, floor tiles, insulation, machines, packing materials, paint, pumps, shingles, thermocouples, transformers, welding rods, yarn,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Arthur James Maull, Jr. was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **GLORIA JEAN MAULL**, a citizen of Florida, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Gloria Jean Maull worked, including but not limited to: as a Machine Operator for Selma Apparel from approximately 1978 to 1978 in Selma, AL; as a Machine Operator for All Lock Company from approximately 1978 to 1999 in Selma, AL; around equipment in her workplace, including but not limited to: compressors, electrical cable wire, gaskets, machines, packing materials, raw fiber, switchgears, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Gloria Jean Maull was diagnosed with asbestos-related asbestosis on or about June 24, 2010.

Plaintiff **NELDA L. MAYES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Nelda L. Mayes worked, including but not limited to: as a Machine Operator for General Motors from approximately 1973 to 1993 in Framingham, MA; around equipment in her workplace, including but not limited to: boilers, brakes, ceramics, clutches,

compressors, electrical cable wire, electrical controls, fireproofing, furnaces, gaskets, machines, motors, paint, pipe insulation, pumps, raw fiber, switchgears, transmissions, valves, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Nelda L. Mayes was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **RUFUS WOODS MCCANTS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Rufus Woods McCants worked, including but not limited to: as a Cutter for Puttwood from approximately 1967 to 1969 in Raymond, AL; as a Construction Laborer for Carter Construction from approximately 1969 to 1969 in Montgomery, AL; as a Truck Loader for Montgomery City Sanitation Department from approximately 1970 to 1980 in Montgomery, AL; as a Concrete Laborer for Building Supply from approximately 1980 to 1982 in Montgomery, AL; as a Concrete Laborer for Hodges Concrete from approximately 1982 to 1991 in Montgomery, AL; around equipment in his

workplace, including but not limited to: asbestos cement, drywall, electrical cable wire, felt, floor tiles, insulation, motors, paint, pipe insulation, refractory cement, roofing cement, switchgears, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Rufus Woods McCants was diagnosed with asbestos-related Asbestosis on or about March 26, 2010.

Plaintiff **BOBBY MCCARGO**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Bobby McCargo worked, including but not limited to: as a Machine Operator for Crown Textile Mills from approximately 1971 to 1971 in Talladega, AL; as a Machine Operator for Wehadkee Yarn Mills from approximately 1972 to 1973 in Talladega, AL; as a Engineer in the U.S. Army from approximately 1973 to 1973 in Fort Polk, LA; as a Engineer in the U.S. Army from approximately 1973 to 1974 in Fort Ord, CA; as a Engineer in the U.S. Army from approximately 1974 to 1974 in Fort Campbell,

KY; as a Machine Operator for Wehadkee Yarn Mills from approximately 1976 to 1980 in Talladega, AL; as a Mason for Thomas Construction Company from approximately 1980 to 1982 in Talladega, AL; as a Maintenance Man for Crown Textile Mills from approximately 1982 to 1994 in Talladega, AL; asbestos in a foundry, machines, packing materials, raw fiber, switchgears, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Bobby McCargo was diagnosed with asbestos-related Asbestosis on or about November 13, 2009

Plaintiff **ROBERT MCCLAIN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert McClain worked, including but not limited to: as a Machine Operator for Gus Atlanta Warehouse from approximately 1962 to 1965 in Birmingham, AL; as a Aluminum Worker for Baughman Brothers Junkyard from approximately 1965 to 1967 in Birmingham, AL; as a Maintenance Man for AP Mirror from approximately 1968 to 1973 in

Birmingham, AL; as a Maintenance Man for City of Birmingham from approximately 1973 to 2003 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, furnaces, raw fiber, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert McClain was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **DALE EUGENE MCCULLOUGH**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Dale Eugene McCullough worked, including but not limited to: as a Mechanic for Fort Benning from approximately 1971 to 1977 in Columbus, GA; as a Mechanic for Fort Hood from approximately 1971 to 1977 in Camp Hood, TX; as a Mechanic for Smith and Waldrop from approximately 1977 to 1994 in Cullman, AL; around equipment in his workplace, including but not limited to: brakes, clutches, compressors, felt, gaskets, insulation, motors, paint, shingles, siding, transmissions, and other

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dale Eugene McCullough was diagnosed with asbestos-related Colon Cancer on or about May 17, 2010.

Plaintiff **ROBERT CLIFTON MCCULLOUGH**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert Clifton McCullough worked, including but not limited to: as a Ship Repairman for US Navy from approximately 1954 to 1957 in various locations; as an Auto Mechanic for Walton Motors-Chrysler Plymouth Jeep from approximately 1964 to 1977 in Skokie, IL; around equipment in his workplace, including but not limited to: brakes, clutches, compressors, gaskets, motors, paint, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert Clifton McCullough was diagnosed with asbestos-related Colon Cancer on or about September 13, 2010.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                                    2

Plaintiff **CHARLES JAMES MCDUFFIE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Charles James McDuffie worked, including but not limited to: as a Engine Room Worker for Standard Fishing Company from approximately 1949 to 1952 in Moss Point, MS; as a Blacksmith for Howard Larian Foundry from approximately 1952 to 1970 in Foley, AL; as a Construction Worker for Dawkins Construction from approximately 1952 to 1963 in Robertsdale, AL; as a Welder for Alabama Dry Dock from approximately 1963 to 1968 in Mobile, AL; as a Laborer for Myam boat from approximately 1972 to 1976 in Mobile, AL; as a Self-Employed Electrician from approximately 1976 to 1988; as a Laborer for Bill Parks from approximately 1982 to 1986 in Bon Secour, AL; around equipment in her workplace, including but not limited to: boilers, brakes, breakers, ceiling tiles, ceramics, clutches, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, asbestos in a foundry, insulation, joint compound, machines, motors, paint, pipe insulation, pumps, raw fiber, refractory cement,

rockwool, roofing cement, shingles, siding, valves, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charles James McDuffie was diagnosed with asbestos-related Laryngeal Cancer on or about November 26, 2009.

Plaintiff **GARY WAYNE MCGALLIARD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Gary Wayne McGalliard worked, including but not limited to: a Carpenter for Carpenter's Union from approximately 1968 to 1975 in various locations; as a Machine Operator for Logwoods from approximately 1975 to 1975 in Eutaw, AL; as a Lineman for Black Warrior Electric from approximately 1975 to present in Demopolis, AL; around equipment in his workplace, including but not limited to: breakers, ceiling tiles, ceramics, electrical cable wire, electrical controls, gaskets, joint compound, pipe insulation, roofing cement, shingles, transformers, welding rods, and other

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Gary Wayne McGalliard was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **OTHA W. MCGANN, JR.**, a citizen of Tennessee, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Otha W. McGann, Jr. worked, including but not limited to: as a Boilermaker for The US Navy from approximately 1958 to 1962 in various locations including the USS Wasp; as a Mechanic for Farmers Chemical Assoc from approximately 1962 to 1965 in Chattanooga, TN; as a Foreman for Athas Chemical from approximately 1965 to 1970 in Chattanooga, TN; as a Self Employed Contractor from approximately 1970 to 1983 in Rocky Face, GA; around equipment in his workplace, including but not limited to: asbestos cement, boilers, ceiling tiles, drywall, insulation, joint compound, motors, paint, pipe insulation, roofing cement, shingles, siding, transmissions, valves, welding rods,  and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Otha W. McGann, Jr. was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **BILL MCKINNEY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Bill McKinney worked, including but not limited to: as a Installer for Birmingham Gas Appliance from approximately 1957 to 1967 in Birmingham, AL; as a Installer for Self Employed from approximately 1967 to 1977 in Birmingham, AL; as a Pipefitter for US Steel from approximately 1977 to 1992 in Fairfield, AL; around equipment in his workplace, including but not limited to: boilers, brakes, breakers, ceiling tiles, clutches, compressors, electrical cable wire, electrical controls, furnaces, gaskets, insulation, joint compound, pipe insulation, pumps, thermocouples, transformers, transmissions, valves,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Bill McKinney was diagnosed with asbestos-related Asbestosis on or about February 19, 2010.

Plaintiff **HERMAN ALLEL MCLAUGHLIN**, a citizen of Michigan, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Herman Allel McLaughlin worked, including but not limited to: as a Foundry Worker for Chrysler-Winfield Foundry from approximately 1969 to 1969 in Detroit, MI; as a Mechanic for Ford Motor Company from approximately 1969 to 2000 in Dearborn, MI; around equipment in his workplace, including but not limited to: brakes, clutches, asbestos in a foundry, furnaces, machines, motors, packing materials, paint, pipe insulation, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Herman Allel McLaughlin was diagnosed with asbestos-related Asbestosis on or about September 13, 2010.

Plaintiff **JAMES MILTON MCNEIL, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff

was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Milton McNeil, Sr. worked, including but not limited to: as a Mechanic for Ryder Truck Rentals from approximately 1973 to 2006 in Montgomery, AL around equipment in his workplace, including but not limited to: brakes, clutches, compressors, electrical cable wire, gaskets, insulation, motors, paint, roofing cement, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Milton McNeil, Sr. was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **JOHN MCNEIL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John McNeil worked, including but not limited to: as a Laborer for S. A. Construction Company from approximately 1950 to 1951 in Liberty, NY; as a Laborer for Phillip Dodge Refining Corporation from approximately 1960 to 1962 in Long Island, NY; as a Mechanic for Stable & Snider Dodge Car Dealership from approximately 1963 to 1964 in Long Island, NY; as a Mechanic for ITT Continental Baking Company from approximately 1973 to 1976 in Long Island, NY; as a Mechanic for Hale Manufacturing Company/Textile from approximately 1976 to 1998 in Foley, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, clutches, drywall, asbestos in a foundry, insulation, joint compound, machines, motors, packing materials, paint, pipe insulation, refractory cement, rockwool, roofing cement, switchgears, transmissions, yarn,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John McNeil was diagnosed with asbestos-related Lung Cancer on or about September 14, 2010.

Plaintiff **GERALD MCPHERSON**, a citizen of Connecticut, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Gerald McPherson worked, including but not limited to: as a Electrical Technician for Conrail from approximately 1976 to 1980 in New Haven, CT; as a Machinist for US Navy from approximately 1970 to 1971 in Great Lakes, IL; as a Salesman for Jenson Industries from approximately 1980 to 1988 in North Haven, CT; as a Machinist for US Navy from approximately 1971 to 1974; as a Salesman for Roy Ragan Associates from approximately 1974 to 1976 in Long Island, NY;  as a Machinist for US Navy from approximately 1973 to 1974; around equipment in his workplace, including but not limited to: boilers, drywall, fireproofing, furnaces, insulation, packing materials, pipe insulation, refractory cement,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Gerald McPherson was diagnosed with asbestos-related Lung Cancer on or about March 15, 2010

Plaintiff **ROBERT D. MILLWEE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert D. Millwee worked, including but not limited to: as a Salesman for Hatfield Auto Parts from approximately 1969 to 1974 in Homewood, AL; as a Salesman for Birmingham Spring Service from approximately 1975 to   in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, clutches, electrical cable wire, insulation, joint compound, motors, packing materials, paint, pipe insulation, transmissions, turbines, valves,   and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert D. Millwee was diagnosed with asbestos-related Asbestosis on or about March 19, 2010

Plaintiff **MARY MILTON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Mary Milton worked, including but not limited to: as a Welder for Veneer Mill from approximately 1978 to 1984 in Pine Hill, AL; around equipment in her workplace, including but not limited to: boilers, ceramics, clutches, electrical controls, furnaces, insulation, machines, motors, pipe insulation, pumps, thermocouples, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Mary Milton was diagnosed with asbestos-related Asbestosis on or about May 24, 2010.

Plaintiff **JOHN E. MITCHELL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John E. Mitchell worked, including but not limited to: as a Welder for Chrysler from approximately 1968 to 1999 in Detroit, MI; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, compressors, electrical cable wire, floor tiles, joint compound, machines, motors,

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    2

paint, refractory cement, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John E. Mitchell was diagnosed with asbestos-related Asbestosis on or about April 2, 2010.

Plaintiff **VIRGIL QUINTON MOODY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Virgil Quinton Moody worked, including but not limited to: as a Gun Crew for US Navy from approximately 1944 to 1947 in various locations; as a Laborer for Russell Corporation from approximately 1947 to 1948 in Alexander City, AL; as a Laborer for Anniston Manufacturing Co from approximately 1948 to 1950 in Anniston, AL; as a Laborer for Russell Corporation from approximately 1950 to 1957 in Alexander City, AL; as a Laborer for Dan River Mill from approximately 1957 to 1960 in Danville, AL; as a Laborer for Texas Textile Mills from approximately 1960 to 1961 in Mckinney, TX; as a Laborer for Avondale Mills from

approximately 1961 to 1971 in Sylacauga, AL; as a Laborer for Flint River Textile from approximately 1971 to 1972 in Albenning, GA; around equipment in his workplace, including but not limited to: boilers, machines, yarn,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Virgil Quinton Moody was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **ROBERT EARL MOORE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Pleural Disease.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert Earl Moore worked, including but not limited to: as a Plumber for Mechanical Engineering from approximately 1972 to 1974 in Selma, AL; as a Plumber for Chance Plumbing from approximately 1974 to 1994 in Selma, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, ceiling tiles, ceramics, drywall, electrical cable wire, floor tiles, furnaces, insulation, joint compound, pipe insulation, raw fiber, rockwool, shingles, welding

rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert Earl Moore was diagnosed with asbestos-related Pleural Disease on or about July 6, 2010.

Plaintiff **HERBERT LEE MORRISON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Herbert Lee Morrison worked, including but not limited to: as a Mechanic for Warrior Tractor from approximately 1979 to 1985 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: brakes, gaskets, motors, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Herbert Lee Morrison was diagnosed with asbestos-related Lung Cancer on or about January 14, 2010.

Plaintiff **JOHN FRANKLIN MORROW**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was

continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John Franklin Morrow worked, including but not limited to: as a Insulation for Ford Motor Company from approximately 1961 to 1966 in Chicago, IL; as a Machinist for Tennessee Valley Authority/ TVA/ Sheffield from approximately 1966 to 1968 in Muscle Shoals, AL; as a Machinist for Reynolds from approximately 1968 to 1972 in Muscle Shoals, AL; as a Machinist for Tennessee Valley Chemical Plant from approximately 1972 to 1973 in Muscle Shoals, AL; as a Machinist for Reynolds from approximately 1973 to 1985 in Muscle Shoals, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, compressors, drywall, electrical cable wire, electrical controls, felt, furnaces, gaskets, insulation, joint compound, machines, millboard, motors, packing materials, pipe insulation, pumps, raw fiber, refractory cement, roofing cement, thermocouples, transformers, turbines, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John Franklin Morrow was diagnosed with asbestos-related Colon Cancer on or about June 24, 2010.

Plaintiff **VIOLA T. MURPHY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Viola T. Murphy worked, including but not limited to: as a Packer for American Apparel from approximately 1980 to 1993 in Fort Deposit, AL; around equipment in her workplace, including but not limited to: asbestos cement, boilers, brakes, ceiling tiles, ceramics, electrical cable wire, fireproofing, furnaces, gaskets, insulation, joint compound, packing materials, paint, pipe insulation, pumps, turbines, valves, welding rods, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Viola T. Murphy was diagnosed with asbestos-related Asbestosis on or about September 19, 2010.

Plaintiff **JAMES LYNN NABORS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Lynn Nabors worked, including but not limited to: as a Maintenance Man for the US Navy from approximately 1961 to 1965 in various locations including Pensacola, FL; San Diego, CA; and the USS Wasp (Cvs 18); as a Millwright for Sullivan, Long, and Haggerty from approximately 1966 to 1967 in Bessemer, AL; as a Millwright for Tennessee Valley Authority from approximately 1971 to 1977 in Chattanooga, TN; as a Millwright for US Steel from approximately 1977 to 1981 in Fairfield, AL; as a Millwright for Alabama Power from approximately 1977 to 1981 in Wilsonville, AL; as a Millwright for GA Power from approximately 1981 to 1983 in Augusta, GA; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, brakes, ceiling tiles, clutches, compressors, drywall, fireproofing, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, pipe insulation, pumps, refractory cement, roofing cement, shingles, siding, thermocouples, turbines, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Lynn Nabors was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **DON DEVONE NANCE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Don Devone Nance worked, including but not limited to: as a Gun Crew in the U.S. Army from approximately 1975 to 1978 in various locations; as a Construction Laborer for Browns Ferry Nuclear Plant from approximately 1978 to 1979 in Athens, AL; as a Boilermaker Helper for Carver Steam Plant from approximately 1979 to 1980 in Cherokee, AL; as a Concrete Laborer for Yellow Creek Nuclear Plant from approximately 1980 to 1982 in Iuka, MS; as a Foreman for Champ Paper Mill from approximately 1982 to 1983 in Courtland, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, breakers, compressors, electrical cable wire, electrical controls, asbestos in a foundry, furnaces, gaskets, millboard, motors, paint, pipe insulation, pumps, switchgears, thermocouples, transformers, turbines,

valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Don Devone Nance was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **JOEL NAPP**, a citizen of Alabama, contracted one or more asbestos-related diseases including Esophageal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Joel Napp worked, including but not limited to: as a Ship Room Operator for United States Navy from approximately 1952 to 1967 in various locations; as a Machine Operator for American Can Paper Mill/ James River from approximately 1963 to 1964 in Butler, AL; as a Self Employed Construction Laborer from approximately 1974 to 1998 in various locations; as a Supervisor for Hattiesburg-Laurel Regional Airport from approximately 1980 to 1995 in Moselle, MS; around equipment in his workplace, including but not limited to: asbestos cloth, brakes, breakers, ceiling tiles, clutches, electrical cable wire, floor tiles, gaskets, insulation, paint, pipe insulation, roofing cement, shingles, siding, thermocouples, welding rods, and

other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Joel Napp was diagnosed with asbestos-related Esophageal Cancer on or about November 09, 2010.

Plaintiff **GRADY HOUSTON NELSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Grady Houston Nelson worked, including but not limited to: as a Carpenter for Copeland Glass & Contracting from approximately 1967 to 1987 in Gadsden, AL; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, compressors, drywall, fireproofing, floor tiles, asbestos in a foundry, insulation, joint compound, millboard, paint, rockwool, roofing cement, shingles, siding, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Grady Houston Nelson was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **JOHN LEE NICHOLSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John Lee Nicholson worked, including but not limited to: as a Machine Operator for Bunchanda Lumber from approximately 1975 to 1977 in Mobile, AL; as a Maintenance Man for Scott Paper Co from approximately 1977 to 1985 in Mobile, AL; as a Machine Operator for Chickaboug Lumber from approximately 1985 to 1987 in Chickasaw, AL; as a Construction Laborer for Randy Adam Construction Company from approximately 1985 to 1994 in Mobile, AL; as a Laborer for English Shipyard from approximately 1987 to 1988 in Pascagoula, MS; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, ceiling tiles, compressors, drywall, electrical cable wire, floor tiles, insulation, pipe insulation, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John Lee Nicholson was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    1

Plaintiff **DAVID BYRON NIEHUS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff David Byron Niehus worked, including but not limited to: as an Aircraft Mechanic for United States Army from approximately 1971 to 1974 in various locations including Fort Campbell, KY; Newport News, VA; Monterey, CA; as a Steel Worker for Kaiser Steel Corp from approximately 1974 to 1982 in Fontana, CA; as an Assembler for Fairchild Aircraft from approximately 1982 to 1982 in San Antonio, TX;  as an Assembler for The Dee Howard Company from approximately 1982 to 1987 in San Antonio, TX; around equipment in his workplace, including but not limited to: boilers, brakes, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, machines, motors, paint, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff David Byron Niehus was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **LILLARD RONALD NOBLES**, a citizen of Georgia, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Lillard Ronald Nobles worked, including but not limited to: as a Machine Operator for Alpine Dairy Company from approximately 1961 to 1967 in Jacksonville, FL; as a Machine Operator for Jefferies Foods Company from approximately 1967 to 1970 in Jacksonville, FL; as a Iron Worker for Savannah Foundry Company from approximately 1970 to 1970 in Savannah, GA; as a Crane Operator for Georgia Port Authority from approximately 1970 to 1976 in Savannah, GA; as a Maintenance Man for City of Savannah from approximately 1978 to 1983 in Savannah, GA; as a Machine Operator for Derst Baking Company from approximately 1978 to 1983 in Savannah, GA; around equipment in his workplace, including but not limited to: asbestos cement, drywall, felt, fireproofing, asbestos in a foundry, furnaces, insulation, joint compound, motors, paint, pipe insulation,

siding, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Lillard Ronald Nobles was diagnosed with asbestos-related Lung Cancer on or about January 11, 2010.

Plaintiff **STEVIE WAYNE OLIGER**, a citizen of Arkansas, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Stevie Wayne Oliger worked, including but not limited to: as a Construction Laborer for Oliger Construction Company from approximately 1965 to 1999 in various locations; around equipment in his workplace, including but not limited to: asbestos cement, drywall, roofing cement, shingles, siding, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Stevie Wayne Oliger was diagnosed with asbestos-related Lung Cancer on or about February 19, 2009.

Plaintiff **ROBERT WILLIAM OSBURN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert William Osburn worked, including but not limited to: as a Moulder for Texas Steel Co from approximately 1975 to 1980 in Fort Worth, TX; as a Carpenter for SGB from approximately 1983 to 1994 in MS; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, ceiling tiles, ceramics, compressors, drywall, fireproofing, floor tiles, furnaces, insulation, joint compound, millboard, motors, pipe insulation, raw fiber, siding, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert William Osburn was diagnosed with asbestos-related Colon Cancer on or about June 24, 2010.

Plaintiff **CECIL RAY OSBURNE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Cecil Ray Osburne worked, including but not limited to: as a Fabricator for Huntsville Manufacturing from approximately 1956 to 1958 in Huntsville, AL; as a Fabricator for Solidae Blenders from approximately 1958 to 1965 in Guntersville, AL; as a Pipe Layer for Tucker Brothers Construction from approximately 1965 to 1972 in Pell City, AL; as a Machine Operator for Avondale Mills from approximately 1969 to 1971 in Birmingham, AL; as a Mechanic for Tarpley & Son from approximately 1972 to 1982 in Pell City, AL; as a Mechanic for Madlax National Trucking Company from approximately 1978 to 1980 in Ragland, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, compressors, drywall, floor tiles, gaskets, insulation, machines, motors, pipe insulation, refractory cement, roofing cement, shingles, transmissions, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Cecil Ray Osburne was diagnosed with asbestos-related Lung Cancer on or about April 01, 2010.

Plaintiff **JAMES D. OSWALT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James D. Oswalt worked, including but not limited to: as a Sandblaster for K Products from approximately 1941 to 1943 in Detroit, MI; as a Repairman for US Navy from approximately 1943 to 1946 in Oakland, CA; as a Laborer for Buzzie's Restaurant from approximately 1952 to 1975 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: boilers, compressors, asbestos in a foundry, furnaces, gaskets, machines, pumps, transformers, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James D. Oswalt was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **JOHNNY JAMES PACKER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured,

specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Johnny James Packer worked, including but not limited to: as a Equipment Operator for Hubert Pope from approximately 1957 to 1972 in Pope, AL; as a Equipment Operator for Leonard Pope from approximately 1973 to 1983 in Pope, AL; around equipment in his workplace, including but not limited to: boilers, compressors, felt, floor tiles, insulation, millboard, paint, roofing cement, shingles, siding, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Johnny James Packer was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **EDWARD RONALD PARKER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    2

During the course of his employment, Plaintiff Edward Ronald Parker worked, including but not limited to: as a Mechanic for Gross Auto Parts from approximately 1964 to 1970 in Anniston, AL; as a Mechanic for Jacksonville Auto Parts from approximately 1970 to 1978 in Jacksonville, AL; as a Mechanic for Army National Guard from approximately 1967 to 1974 in , AL; as a Mechanic for Napa Auto Parts from approximately 1978 to 1999 in Jacksonville, AL; around equipment in his workplace, including but not limited to: brakes, clutches, asbestos in a foundry, gaskets, machines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Edward Ronald Parker was diagnosed with asbestos-related Lung Cancer on or about January 30, 2010

Plaintiff **JAMES EDWARD PARKER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James Edward Parker worked, including but not limited to: as a Maintenance Man for Aerojet

Corporation from approximately 1964 to 1966 in Los Angeles, CA; as a Truck Driver for Grobel Vanline from approximately 1966 to 1968 in Anaheim, CA; as a Truck Driver for Chipman Mayflower from approximately 1968 to 1969 in Oakland, CA; as a Forklift Operator in the U.S. Army from approximately 1969 to 1971 in Monterey, CA; as a Heavy Equipment Operator for Construction Labor Services from approximately 1971 to 1977 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, gaskets, joint compound, paint, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James Edward Parker was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **JOHNNY EARL PATRICK**, a citizen of Michigan, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Johnny Earl Patrick worked, including but not limited to: as a Insulator for ACC from approximately 1979 to

1985 in Sterling Heights, MI; as a Insulator for Pink Panther Insulation Company from approximately 1980 to 1985 in MI; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, asbestos in a foundry, furnaces, insulation, joint compound, packing materials, paint, pipe insulation, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, switchgears, thermocouples, transformers, transmissions, valves, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Johnny Earl Patrick was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **DAVID M. PATTERSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff David M. Patterson worked, including but not limited to: as a Construction Laborer for MM Patterson from

approximately 1975 to 1985 in Hartselle, AL; as a Laborer for United States Postal Service from approximately 1985 to present; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, ceramics, drywall, electrical cable wire, electrical controls, felt, floor tiles, insulation, joint compound, paint, roofing cement, shingles, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff David M. Patterson was diagnosed with asbestos-related Colon Cancer on or about October 9, 2009.

Plaintiff **ROGER DARYL PAYNE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Esophageal Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Roger Daryl Payne worked, including but not limited to: as a Brake and Clutch Repairman for Peek Olds & Dar Dealer from approximately 1971 to 1974 in Decatur, AL; as a Painter for Decatur Chrysler & Plymouth from approximately 1974 to 1974 in Decatur, AL; as a Forklift Operator for AMACO from approximately 1974 to 1978 in Decatur, AL;

as a Grinder for Defco Machine Shop from approximately 1974 to 1974 in Decatur, AL; as a Painter for Day Chevrolet from approximately 1978 to 1979 in Moulton, AL; as a Grinder for Clow Pipe and Foundy from approximately 1979 to 1979 in Tarrant, AL; as a Forklift Operator for Jim Dandy from approximately 1979 to 1985 in Decatur, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, drywall, electrical cable wire, floor tiles, gaskets, insulation, joint compound, machines, motors, paint, roofing cement, shingles, siding, transmissions, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Roger Daryl Payne was diagnosed with asbestos-related Esophageal Cancer on or about November 09, 2010

Plaintiff **DAVID H. PEACOCK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff David H. Peacock worked, including but not limited to: as a Painter for US Navy from approximately 1955 to

1959 in Vietman; as a Painter for Merchant Marines from approximately 1959 to 1964 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cement, breakers, electrical cable wire, electrical controls, floor tiles, insulation, joint compound, packing materials, paint, pipe insulation, switchgears, transformers,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff David H. Peacock was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **WILLIAM REED PEEPLES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William Reed Peeples worked, including but not limited to: as a Pipe Insulator for U.S. Navy from approximately 1944 to 1964 in San Diego, CA; as a Supervisor for Modern Plastics from approximately 1964 to 1979 in Pensacola, FL; as a Supervisor for Commercial Plastics from approximately 1980 to 1987 in Pensacola, FL; around equipment in his workplace, including but not limited to:  and other industrial

equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William Reed Peeples was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **JOHN L. PERRIN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff John L. Perrin worked, including but not limited to: as a Laborer for Indian Head Mills Textile from approximately 1952 to 1963 in Cordova, AL; as an Equipment Operator for Taylor Whorton Iron & Steel Co. from approximately 1964 to 1980 in Birmingham, AL; as a Welder for Reed Steel from approximately 1981 to 1983 in Birmingham, AL; around equipment in his workplace, including but not limited to: boilers, brakes, electrical cable wire, electrical controls, furnaces, gaskets, insulation, packing materials, pipe insulation, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff John L. Perrin was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **WILLIAM ELLIOTT PETERS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Esophageal Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William Elliott Peters worked, including but not limited to: as a Foundry Worker for Southern Precision Pattern Works from approximately 1959 to 1963 in Birmingham, AL; as a Painter for Peters Manufacturing Company from approximately 1974 to 1984 in Pelham, AL; as a Maintenance Man for Jefferson County Commission from approximately 1984 to 1999 in Birmingham, AL; around equipment in his workplace, including but not limited to: compressors, fireproofing, asbestos in a foundry, furnaces, joint compound, machines, paint, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William Elliott Peters was diagnosed with asbestos-related Esophageal Cancer on or about September 25, 2009.

Plaintiff **AARON PICKENS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Aaron Pickens worked, including but not limited to: as a Tile Helper for Russell Lee Floor & Tile Company from approximately 1968 to 1980 in Tuscaloosa, AL; as a Forklift Operator for Martin Mill from approximately 1980 to 1986 in Glencoe, AL; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, ceramics, felt, floor tiles, asbestos in a foundry, roofing cement,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Aaron Pickens was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **WILLIE MAE PINKSTON**, a citizen of Virginia, contracted one or more asbestos-related diseases including Colon Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Willie Mae Pinkston worked, including but not limited to: as a Machine Operator for General Electric from approximately 1963 to 1967 in Syracuse, NY; as a Lineman for Bristol Laboratories from approximately 1968 to 1972 in Syracuse, NY; as a Lineman for Glomac Plastics from approximately 1974 to 1977 in Syracuse, NY;as a Forklift Operator for Carrier Corporation from approximately 1977 to 1980 in Syracuse, NY; around equipment in her workplace, including but not limited to: furnaces, packing materials, paint, pipe insulation, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie Mae Pinkston was diagnosed with asbestos-related Colon Cancer on or about May 17, 2010.

Plaintiff **BILL PORCH, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Bill Porch, Sr. worked, including but not limited to: as a Laborer for Georgia Marble from approximately 1956 to 1980 in Sylacauga, AL; as a Laborer for Thompson Weinman & Co., Inc. from approximately 1980 to 1996 in Sylacauga, AL; around equipment in his workplace, including but not limited to: asbestos cement, breakers, clutches, compressors, electrical cable wire, insulation, joint compound, paint, pipe insulation, refractory cement, roofing cement, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Bill Porch, Sr. was diagnosed with asbestos-related Colon Cancer on or about November 06, 2009

Plaintiff **ADAM CLARK POSEY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Adam Clark Posey worked, including but not limited to: as a Mechanic for AAMCO Service Station from approximately 1962 to 1964 in Gardendale, AL; as a Mechanic for Jim Skinner

Ford from approximately 1964 to 1968 in Birmingham, AL; as a Mechanic for Barry Steam Plant from approximately 1968 to 1992 in Bucks, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, clutches, compressors, felt, fireproofing, gaskets, insulation, joint compound, machines, motors, paint, pipe insulation, pumps, raw fiber, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Adam Clark Posey was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **RAY EDWARD PRESTON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Ray Edward Preston worked, including but not limited to: as a Roofer for Commercial Builders Inc. from approximately 1970 to 1976 in Mobile, AL; as a Carpenter for Jim Boothe Contracting from approximately 1976 to 1983 in Mobile, AL; as a Drywall

Applicator for Specality Contractors from approximately 1976 to 1979 in Theodore, AL; around equipment in his workplace, including but not limited to: ceiling tiles, drywall, felt, fireproofing, insulation, joint compound, pipe insulation, refractory cement, rockwool, roofing cement, shingles, siding, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Ray Edward Preston was diagnosed with asbestos-related Colon Cancer on or about September 14, 2010.

Plaintiff **JUNE MARIE PREWITT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff June Marie Prewitt worked, including but not limited to: as a Turnaround Man for Olympia Mills from approximately 1968 to 1974 in Tuscaloosa, AL; around equipment in her workplace, including but not limited to: insulation, machines, paint, pipe insulation, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff June Marie Prewitt was diagnosed with asbestos-related Asbestosis on or about June 10, 2010.

Plaintiff **JIMMIE D. PRICE, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jimmie D. Price, Jr. worked, including but not limited to: as a Welder for Bush Hog from approximately 1976 to 2009 in Selma, AL; as a Laborer for Cable Company from approximately 1980 to 1980 in Selma, AL; as a Welder for Zion Builders from approximately 1984 to 1984 in Montgomery, AL; around equipment in his workplace, including but not limited to: insulation, pipe insulation, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jimmie D. Price, Jr. was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **TERRY WAYNE PRICE, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was

continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Terry Wayne Price, Sr. worked, including but not limited to: as a Serviceman for Army from approximately 1978 to 1979 in Ft.Hood, TX; as a Cutter for Genesco from approximately 1982 to 1982 in Hobson City, AL; as a Foundry Worker for Lee Brass from approximately 1980 to 1981 in Anniston, AL; as a Furnace Operator for Lee Brass from approximately 1983 to 1990 in Anniston, AL; around equipment in his workplace, including but not limited to: asbestos cloth, drywall, felt, floor tiles, asbestos in a foundry, furnaces, insulation, joint compound, paint, pipe insulation, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Terry Wayne Price, Sr. was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **OBIE LEE PRUITT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Obie Lee Pruitt worked, including but not limited to: as a Painter for Best Body Shop from approximately 1953 to 1962 in Jasper, AL; as a Painter for James Gordon Paint & Body from approximately 1962 to 1964 in Jasper, AL; as a Mechanic for Edwards Chevrolet from approximately 1964 to 1972 in Birmingham, AL; as a Painter for Don Lenior from approximately 1972 to 1992 in Ensley, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, clutches, gaskets, joint compound, motors, paint, transmissions, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Obie Lee Pruitt was diagnosed with asbestos-related Colon Cancer on or about February 16, 2011.

Plaintiff **ROBERT EARL PUGH**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Robert Earl Pugh worked, including but not limited to: as a Roofer for J.H. Shelly from approximately 1961 to 1964 in Excell, AL; as a Mechanic for Phillips 66 Service Station from approximately 1965 to 1968 in South Bay, FL; as a Mechanic for Frisco Manufacturing Company from approximately 1977 to 1978 in Frisco City, AL; around equipment in his workplace, including but not limited to: brakes, ceiling tiles, clutches, drywall, electrical cable wire, floor tiles, gaskets, insulation, joint compound, paint, pipe insulation, roofing cement, shingles, siding, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Robert Earl Pugh was diagnosed with asbestos-related Asbestosis on or about October 30, 2010.

Plaintiff **LARRY RAGLAND**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Larry Ragland worked, including but not limited to: as a Machine Operator for Crown Textile from

approximately 1968 to 1969 in Talladega, AL; as a Painter for S & H Painting and Waterproofing from approximately 1969 to 1973 in Talladega, AL; as a Roofer for EL Dearmon from approximately 1973 to 1988 in Birmingham, AL; around equipment in his workplace, including but not limited to: boilers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, asbestos in a foundry, furnaces, insulation, paint, refractory cement, rockwool, roofing cement, shingles, siding, switchgears, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Larry Ragland was diagnosed with asbestos-related Lung Cancer on or about March 03, 2010

Plaintiff **PHILLIP ROBIN REYNOLDS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Silicosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Phillip Robin Reynolds worked, including but not limited to: as a Construction Worker for Jack Hartsfield at Norfolk Southern Railroad from approximately 1972 to 1979 in Birmingham,

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    4

AL; as a Storekeeper for US Navy from approximately 1979 to 1982 in various locations including: Orlando, FL; Meridian, MS; Bessemer, AL; Charleston, SC; and the USS Selelrs; as a Machine Operator for Watonga Carpet Yarn Mill from approximately 1982 to 1982 in Watonga, OK; around equipment in his workplace, including but not limited to: vermiculite, ceramic brakes, ceramic brake pads, talc, silica sand, foundry cement, grinding abrasives, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Phillip Robin Reynolds was diagnosed with asbestos-related Silicosis on or about December 10, 2009.

Plaintiff **JERRY O. RICHARDSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jerry O. Richardson worked, including but not limited to: as a Installer for Frew Rug Service from approximately 1968 to 1976 in , AL; as a Steel Worker for Birmingham Fabrication and Bolt Co from approximately 1976 to 1977 in Birmingham, AL; as

a Installer for Don's Carpet from approximately 1976 to 2001 in Trussville, AL; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, ceramics, drywall, floor tiles, furnaces, insulation, joint compound, paint, pipe insulation, refractory cement, roofing cement, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jerry O. Richardson was diagnosed with asbestos-related Lung Cancer on or about February 08, 2010

Plaintiff **JERRY RICKLES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jerry Rickles worked, including but not limited to: as a Carpenter for Carpenter's Local 1209 (f/k/a Local 109) from approximately 1964 to 1973 in Birmingham, AL; as a Construction Worker for American Management Corporation from approximately 1973 to 1999 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, ceiling tiles, ceramics, drywall, electrical cable

wire, floor tiles, furnaces, insulation, joint compound, paint, pipe insulation, roofing cement, shingles, siding, thermocouples, transformers, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jerry Rickles was diagnosed with asbestos-related Colon Cancer on or about March 19, 2010.

Plaintiff **CHARLES GERALD ROBERTSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Charles Gerald Robertson worked, including but not limited to: as a Repairman for Kirby Ford Sales from approximately 1960 to 1965 in Fort Payne, AL; as a Mechanic for Alabama National Guard from approximately 1964 to 1970 in Fort Payne, AL; as a Electrician for Kean Electric Company from approximately 1965 to 1966 in Fort Payne, AL; as a Construction Laborer for Rush Building Company from approximately 1966 to 1966 in Albertville, AL; as a Welder for General Electric Co from approximately 1966 to 1997 in Rome, GA; around equipment in his

workplace, including but not limited to: brakes, breakers, clutches, compressors, electrical cable wire, electrical controls, felt, gaskets, insulation, joint compound, motors, packing materials, paint, pipe insulation, pumps, raw fiber, roofing cement, shingles, siding, switchgears, transformers, transmissions, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charles Gerald Robertson was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **BENJAMIN L. ROPER, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Benjamin L. Roper, Jr. worked, including but not limited to: as a Pipefitter for Decatur Iron & Steel Shipyard from approximately 1945 to 1945 in Decatur, AL; as a Pipefitter for Decatur Iron & Steel from approximately 1946 to 1946 in Decatur, AL; as a Field Worker for the United States Air Force from approximately 1946 to 1970 in various locations including Edwards, CA; Montgomery, AL; Novato, CA; San

Antonio, TX; Montgomery, AL; San Bernardino, CA; San Bernardino, CA; Salina, KS; Germany; Japan; and Pakistan; around equipment in his workplace, including but not limited to: boilers, ceramics, compressors, furnaces, gaskets, insulation, joint compound, motors, pipe insulation, pumps, switchgears, thermocouples, transformers, turbines, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Benjamin L. Roper, Jr. was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **ROSE MAE ROTHSCHILD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Rose Mae Rothschild worked, including but not limited to: as a Machine Operator for Camden Mills from approximately 1969 to 1979 in Camden, AL; around equipment in her workplace, including but not limited to: asbestos cement, breakers, compressors, drywall, felt, fireproofing, floor tiles, furnaces, insulation, machines, paint, pipe

insulation, raw fiber, yarn, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Rose Mae Rothschild was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **LARUE SALTER**, a citizen of Mississippi, contracted one or more asbestos-related diseases including Stomach Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff LaRue Salter worked, including but not limited to: as a Machinist for Ingalls Shipyard from approximately 1957 to 1960 in Pascagoula, MS; as a Lineman for the United States Army from approximately 1960 to 1963 in various locations includign Columbia, SC; El Paso, TX; Korea; as a Machinist for Ingalls Shipyard from approximately 1963 to 1998 in Pascagoula, MS; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, insulation, machines, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding,

turbines, valves, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff LaRue Salter was diagnosed with asbestos-related Stomach Cancer on or about July 29, 2010.

Plaintiff **CHARLES LEE SAMPLES**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Charles Lee Samples worked, including but not limited to: as a Auto Mechanic for Richard Kelly Chevrolet from approximately 1973 to 1977 in Center Point, AL; as a Auto Mechanic for Sherman Holland Ford from approximately 1977 to 1977 in Montevallo, AL; as a Auto Mechanic for Goodyear Tire and Rubber Co. from approximately 1978 to 1989 in Gadsden, AL; around equipment in his workplace, including but not limited to: brakes, clutches, compressors, gaskets, motors, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Charles Lee Samples was diagnosed with asbestos-related Colon Cancer on or about February 16, 2011.

Plaintiff **GARY SATTERWHITE**, a citizen of Arkansas, contracted one or more asbestos-related diseases including Pleural Disease. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Gary Satterwhite worked, including but not limited to: as a Serviceman for U.S. Navy from approximately 1965 to 1968 in Alameda, CA; as a Foreman for Maltech from approximately 1975 to 1976 in Brova, MI; as a Floor Tile and Linoleum Layer for Avion Coach from approximately 1978 to 1979 in Venton Harbor, MI; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, gaskets, pipe insulation, pumps, turbines, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Gary Satterwhite was diagnosed with asbestos-related Pleural Disease on or about 05/12/2008.

Plaintiff **CLAY JOSEPH SAUJON**, a citizen of Mississippi, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Clay Joseph Saujon worked, including but not limited to: as a Boilermaker for Chem Fax from approximately 1975 to 1977 in Gulf Port, MS; as a Inventory Clerk for Mississippi Rehabilitation from approximately 1981 to 1988 in Pascagoula, MS; as a Maintenance Man for Mark IV Apartments from approximately 1990 to 1992 in Gulfport, MS; as a Foreman for Avondale Industries from approximately 1992 to 1995 in Gulfport, MS; as a Production Worker for LaValley Industrial Plastics from approximately 1995 to 1996 in Biloxi, MS;  around equipment in his workplace, including but not limited to: asbestos cloth, boilers, fireproofing, gaskets, insulation, paint, pipe insulation,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Clay Joseph Saujon was diagnosed with asbestos-related Lung Cancer on or about November 11, 2009

Plaintiff **BRUCE SEALS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Bruce Seals worked, including but not limited to: as a Maintenance Man for Talladega County Schools/Talladega Board of Educat from approximately 1982 to 1984 in Talladega, AL; as a Construction Worker for Cheaha Construction from approximately 1984 to 1985 in Munford, AL; as a Construction Worker for Wilson Brothers -- APAC from approximately 1985 to 1986 in Childersburg, AL; as a Boiler Operator for Georgia Pacific from approximately 1986 to 2008 in Talladega, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, brakes, electrical cable wire, asbestos in a foundry, insulation, pipe insulation, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Bruce Seals was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **DENNIS ALBERT SIMONS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Dennis Albert Simons worked, including but not limited to: as a Construction Worker for Builders Homes Co. from approximately 1969 to 1970 in Mobile, AL; as a Shipfitter for Ingalls Shipyard from approximately 1971 to 1972 in Pascagoula, MS; as a Serviceman for US Navy from approximately 1972 to 1973 in Great Lakes, IL; as a Serviceman for US Navy from approximately 1973 to 1973 in Quonset Point, RI; as a Serviceman for US Navy from approximately 1973 to 1975 in Mayport, FL; as a  for Southwest State Technical College from approximately 1975 to 1977 in Mobile, AL; as a Technician for Bachelors Heating and Air from approximately 1977 to 1978 in Mobile, AL  as a Technician for Savoy Heating and Air from approximately 1978 to 1978 in Mobile, AL; as a Welder for Bender Shipbuilding & Repair from approximately 1982 to 1984 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cloth, boilers, ceiling tiles, drywall, electrical cable wire, electrical controls, fireproofing, floor tiles, furnaces,

insulation, joint compound, pipe insulation, roofing cement, shingles, thermocouples, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dennis Albert Simons was diagnosed with asbestos-related Asbestosis on or about December 07, 2010.

Plaintiff **WILLIAM O. SIMS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William O. Sims worked, including but not limited to: as a Machine Operator for American Gear and Pinion Corporation from approximately 1964 to 1966 in Gadsden, AL; as a Machinist for Brad Machine Products from approximately 1966 to 1969 in Gadsden, AL; as a Machine Operator for SEI Electronics from approximately 1969 to 1970 in Huntsville, AL; as a Machine Operator for American Gear and Pinion Corporation from approximately 1971 to 1972 in Conway, SC; as an Auto Mechanic for Sims Automotive from approximately 1972 to 2008 in Gadsden, AL; around equipment

in his workplace, including but not limited to: asbestos cement, brakes, ceiling tiles, clutches, electrical cable wire, gaskets, insulation, joint compound, machines, motors, packing materials, paint, pipe insulation, pumps, rockwool, roofing cement, shingles, transmissions, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William O. Sims was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **CLARENCE R. SLACK**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Clarence R. Slack worked, including but not limited to: as a Welder for Radcliff Materials from approximately 1976 to 1976 in Mobile, AL; as a Welder for Alabama Dry Dock from approximately 1976 to 1979 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cloth, ceiling tiles, drywall, electrical cable wire, electrical controls, felt, fireproofing, asbestos in a foundry, furnaces, gaskets,

joint compound, machines, motors, packing materials, paint, pipe insulation, pumps, shingles, siding, thermocouples, transformers, turbines, valves, welding rods, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Clarence R. Slack was diagnosed with asbestos-related Asbestosis on or about July 29, 2010.

Plaintiff **CLARA ANN SMITH**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Clara Ann Smith worked, including but not limited to: as a Inspector for Kilby Steel Company from approximately 1970 to 1973 in Anniston, AL; as a Inspector for Georgia Pacific from approximately 1973 to 1976 in Talladega, AL; as a Laborer for RMC.-Hospital. from approximately 1976 to 1981 in Anniston, AL; as a Janitor for Federal Mobile from approximately 1981 to 1983 in Jacksonville, AL; as a Janitor for Janny P. Cleaning Company from approximately 1981 to 1983 in Anniston, AL; as a Quality Control Inspector for Shell Company from approximately 1986 to

1998 in Anniston, AL; around equipment in her workplace, including but not limited to: boilers, brakes, breakers, clutches, compressors, drywall, electrical cable wire, furnaces, gaskets, insulation, motors, paint, pumps, transmissions, valves, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Clara Ann Smith was diagnosed with asbestos-related Asbestosis on or about March 23, 2010.

Plaintiff **FREDDIE SMITH**, a citizen of Mississippi, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Freddie Smith worked, including but not limited to: as a Auto Mechanic for Western Auto from approximately 1968 to 1973; as a Diesel Mechanic for Illinois Central Railroad Co. from approximately 1973 to 1980 in Memphis, TN; as a Self Employed Construction Crew from approximately 1980 to 2000 at varisous construction sites; around equipment in his workplace, including but not limited to: brakes, breakers, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls,

felt, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, machines, millboard, motors, paint, pipe insulation, pumps, roofing cement, shingles, siding, thermocouples, transmissions, turbines, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Freddie Smith was diagnosed with asbestos-related Lung Cancer on or about November 03, 2009.

Plaintiff **JEROME V. SMITH**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jerome V. Smith worked, including but not limited to: as a Tool Maker for Precision Dye from approximately 1970 to 1975 in Birmingham, AL; as a Tool Maker for Birmingham Stove & Range from approximately 1975 to 1986 in Birmingham, AL; around equipment in his workplace, including but not limited to: breakers, clutches, compressors, electrical cable wire, electrical controls, asbestos in a foundry, furnaces, gaskets, insulation, paint, pipe insulation, welding rods, and other

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jerome V. Smith was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **WILLIE E. SMITH**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Willie E. Smith worked, including but not limited to: as a Machine Operator for Arctic Ice Company from approximately 1976 to 1988 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, electrical cable wire, electrical controls, insulation, joint compound, paint, pipe insulation, switchgears, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie E. Smith was diagnosed with asbestos-related Asbestosis on or about March 15, 2010.

Plaintiff **PAUL SNELL**, a citizen of Georgia, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Paul Snell worked, including but not limited to: as a Grinder for Southern Water Conditioning from approximately 1964 to 1979 in Macon, GA; as a Oiler for Utility Pole Technology (UPT) from approximately 1981 to 1984 in Willow Grove, PA;  as a Sprayer for Hansen Rock Quarry from approximately 1984 to 1984 in Bowling Brook, GA; as a Construction Laborer for APAC Construction from approximately 1984 to 1988 in Macon, GA; around equipment in his workplace, including but not limited to: gaskets, machines, paint, pipe insulation, valves,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Paul Snell was diagnosed with asbestos-related Lung Cancer on or about May 7, 2009.

Plaintiff **CLE ERVIN SPARKS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Oral Cavity Cancer.  Plaintiff was

continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Cle Ervin Sparks worked, including but not limited to: as a Carpenter for Meblin Marsh from approximately 1962 to 1965 in Jones Chapel, AL; as a Gun Crew in the U.S. Army from approximately 1965 to 1967; as a Machine Operator for Bendix Westinghouse from approximately 1967 to 1968 in Cullman, AL; as a Machine Operator for Mike Wiley & Company from approximately 1968 to 1968 in Nashville, TN; as a Welder for John Huff from approximately 1975 to 1977 in Guntersville, AL; as a Cable Puller for Pascagoula Shipyard from approximately 1977 to 1978 in Pascagoula, MS; as a Heavy Equipment Operator for Morrison-Knudson, Inc. from approximately 1979 to 1980 in , TN; as a Mechanic for Good Hope Pure Service Station from approximately 1979 to 1980 in Good Hope, AL; as a Mechanic for Cullman Exxon Service Station from approximately 1980 to 1981 in Cullman, AL; as a Welder for John Huff from approximately 1980 to 1984 in Guntersville, AL; around equipment in his workplace, including but not limited to: clutches, compressors, electrical cable wire, floor tiles, gaskets, insulation, motors, paint, pipe insulation, shingles, transmissions, welding rods, and other industrial

equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Cle Ervin Sparks was diagnosed with asbestos-related Oral Cavity Cancer on or about March 19, 2010.

Plaintiff **LYNDA MOYE CARSTARPHEN SPEARS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Lynda Moye Carstarphen Spears worked, including but not limited to: as a Machine Operator for Selma Apparel from approximately 1977 to 1980 in Selma, AL; as a Machine Operator for Shirt Factory Mill from approximately 1980 to 1983 in Camden, AL; around equipment in her workplace, including but not limited to: asbestos cloth, ceiling tiles, floor tiles, insulation, joint compound, pipe insulation, raw fiber, yarn,  and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Lynda Moye Carstarphen Spears was diagnosed with asbestos-related Asbestosis on or about December 2, 2009.

Plaintiff **ROGER SPENCER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Oral Cavity Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Roger Spencer worked, including but not limited to: as a Construction Worker for W. Newell Contractors from approximately 1972 to 1978 in Montgomery, AL; around equipment in his workplace, including but not limited to: asbestos cloth, ceiling tiles, electrical cable wire, floor tiles, insulation, joint compound, paint, pipe insulation, raw fiber, roofing cement, shingles, transmissions,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Roger Spencer was diagnosed with asbestos-related Oral Cavity Cancer on or about March 19, 2010.

Plaintiff **JAMES H. SPROUSE**, a citizen of Colorado, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by

defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff James H. Sprouse worked, including but not limited to: as a Pipefitter for National Steel from approximately 1975 to 202 in San Diego, CA; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, ceiling tiles, ceramics, compressors, drywall, fireproofing, furnaces, insulation, joint compound, motors, paint, pipe insulation, turbines, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff James H. Sprouse was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **WILLIE STODDARD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Willie Stoddard worked, including but not limited to: as a Serviceman for the United States Army from

approximately 1958 to 1958 in various locations including Fort Lee, VA; as a Serviceman for the United States Army Reserves from approximately 1958 to 1967 in Birmingham, AL and Chicago, IL; as a Machine Operator for Stone Container Corp. from approximately 1965 to 1977 in Chicago, IL; as a Machine Operator for St. Joe Paper Company from approximately 1977 to 1999 in Birmingham, AL; around equipment in his workplace, including but not limited to: boilers, brakes, furnaces, insulation, pipe insulation, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie Stoddard was diagnosed with asbestos-related Asbestosis on or about October 28, 2009.

Plaintiff **JIMMY W. STUDDARD**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jimmy W. Studdard worked, including but not limited to: as a Mechanic for Mack Riddlespure from approximately 1965 to 1975 in Oneonta, AL; as a Welder for Iron Metal Iron from

approximately 1976 to 1979 in Birmingham, AL; as a Mason for Lacky Stone Company from approximately 1980 to 2008 in Oneonta, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, brakes, ceiling tiles, clutches, compressors, drywall, asbestos in a foundry, gaskets, insulation, motors, paint, pipe insulation, raw fiber, roofing cement, shingles, siding, transmissions, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jimmy W. Studdard was diagnosed with asbestos-related Colon Cancer on or about October 30, 2010.

Plaintiff **OLIVE THIGPEN**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Olive Thigpen worked, including but not limited to: as a Warehouseman for Tennessee Valley Authority from approximately 1980 to 1996 in Decatur, AL; around equipment in her workplace, including but not limited to: asbestos cloth, breakers, clutches,

electrical cable wire, electrical controls, floor tiles, gaskets, insulation, joint compound, paint, pipe insulation, pumps, valves, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Olive Thigpen was diagnosed with asbestos-related Colon Cancer on or about June 24, 2010.

Plaintiff **CLARK M. THOMAS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Clark M. Thomas worked, including but not limited to: as a Technician for Fort Hood from approximately 1943 to 1944 in Camp Hood, TX; as a Technician in the U.S. Army from approximately 1944 to 1946 in Europe; as a Machine Operator for Government Printing Press from approximately 1946 to 1947 in Cincinnati, OH; as a Maintenance Man Worker for Snow Hill Institute from approximately 1950 to 1955 in Camden, AL; as a Maintenance Man Worker for Elberta Junior High School from approximately 1955 to 1965 in Elberta, AL; as a Maintenance Man

Worker for New Castle High School from approximately 1965 to 1967 in Birmingham, AL; as a Maintenance Man Worker for Wenonah High School from approximately 1967 to 1985 in Birmingham, AL; around equipment in his workplace, including but not limited to: breakers, electrical cable wire, electrical controls, gaskets, insulation, machines, motors, pipe insulation, switchgears, thermocouples, transformers, turbines, valves, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Clark M. Thomas was diagnosed with asbestos-related Lung Cancer on or about July 15, 2010.

Plaintiff **LLOYD THOMAS**, a citizen of Alaska, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Lloyd Thomas worked, including but not limited to: as a Heavy Duty Mechanic, Heavy Mobile Equipment Mechanic, Engineer for the United States Army from approximately 1966 to 1972 in various locations including El Paso, TX; Fort Hood, TX; Fort Leonard Wood,

MO; Anne Arudel, MD; Lawton, OK; Fort Knox, KY; Fort Polk, LA; Fort Still, OK; Korea; and Vietnam; as an Equipment Operator for Whirlpool from approximately 1971 to 1976 in Fort Smith, AR; as a Press Operator for Rheem Manufacturing Company Inc from approximately 1972 to 1972 in Fort Smith, AR; as an Auto Mechanic for Aurora Motors from approximately 1980 to 1982 in Fairbanks, AK; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, drywall, insulation, joint compound, paint, pipe insulation, shingles,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Lloyd Thomas was diagnosed with asbestos-related Lung Cancer on or about July 13, 2010.

Plaintiff **WILLIE M. TURNER**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Willie M. Turner worked, including but not limited to: as a Mechanic's Helper for Trans 155th and Broadway Service Station from approximately 1964 to 1973 in New York, NY; as a

serviceman for US Marine Corps from approximately 1966 to 1968 in various locations; as a Bricklayer for Jackson Construction from approximately 1973 to 1975 in Butler, AL; as a Machine Operator for Georgia Pacific from approximately 1975 to 2009 in Pennington, AL; around equipment in his workplace, including but not limited to: asbestos cement, ceiling tiles, drywall, electrical cable wire, insulation, joint compound, paint, pipe insulation,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Willie M. Turner was diagnosed with asbestos-related Asbestosis on or about January 25, 2010.

Plaintiff **GEORGE EDWARD VAIL**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff George Edward Vail worked, including but not limited to: as a Self Employed Construction Crew Laborer and Supervisor from approximately 1959 to 2009 at various construction sites in Bon Secour, AL; around equipment in his workplace, including but not limited to:

asbestos cloth, drywall, felt, fireproofing, insulation, paint, roofing cement, shingles, siding, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff George Edward Vail was diagnosed with asbestos-related Lung Cancer on or about June 04, 2010.

Plaintiff **ARTHUR WILLIAM WALDREP**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Arthur William Waldrep worked, including but not limited to: as a Mechanic for Waldrep Service Center from approximately 1972 to 2009 in Cherokee, AL; around equipment in his workplace, including but not limited to: asbestos cloth, brakes, breakers, clutches, electrical cable wire, electrical controls, insulation, joint compound, motors, pipe insulation, pumps, raw fiber, switchgears, transmissions, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Arthur William Waldrep was diagnosed with asbestos-related Colon Cancer on or about July 29, 2010.

Plaintiff **DEXTER WALTON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Dexter Walton worked, including but not limited to: as a Welder for Bristol Steel from approximately 1973 to 1982 in Birmingham, AL; around equipment in his workplace, including but not limited to: brakes, compressors, electrical cable wire, electrical controls, felt, gaskets, insulation, motors, paint, pumps, roofing cement, shingles, transmissions, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dexter Walton was diagnosed with asbestos-related Asbestosis on or about October 30, 2010.

Plaintiff **JESSIE WARD, SR.**, a citizen of Louisiana, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jessie Ward, Sr. worked, including but not limited to: as a Laborer for US Navy Great Lakes Naval Station from approximately 1943 to 1946 in Chicago, IL; as a Truck Driver for Costal Plant from approximately 1947 to 1947 in Shreveport, LA; as a Machine Operator for VCF from approximately 1946 to 1947 in Shreveport, LA; as a Truck Driver for Haverty Furniture Store from approximately 1948 to 1954 in Shreveport, LA; as a Press Operator for J.B. Baird from approximately 1954 to 1956 in Shreveport, LA; as a Laborer for Mid-Continent Steel from approximately 1956 to 1959 in Shreveport, LA; as a Truck Driver for Bird & Son Roofing from approximately 1959 to 1987 in Shreveport, LA;  around equipment in his workplace, including but not limited to: asbestos cement, ceramics, felt, floor tiles, insulation, joint compound, pipe insulation, shingles, siding,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jessie Ward, Sr. was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **DOROTHY B. WARE**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout her employment, and in her environment while employed.

During the course of her employment, Plaintiff Dorothy B. Ware worked, including but not limited to: as a Technician for VA Hospital-Medical Center from approximately 1969 to 1978 in Birmingham, AL; as a Technician for University Hospital from approximately 1979 to 1995 in Birmingham, AL; around equipment in her workplace, including but not limited to: breakers, ceiling tiles, electrical cable wire, electrical controls, fireproofing, floor tiles, insulation, joint compound, paint, pipe insulation, transformers, and other industrial equipment in her workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Dorothy B. Ware was diagnosed with asbestos-related Colon Cancer on or about May 17, 2010.

Plaintiff **JOHNNY E. WATSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Johnny E. Watson worked, including but not limited to: as a Laborer for Sun Chemical Plant from approximately 1968 to 1969 in various locations throughout NJ;  as a Laborer for Fredrick & Herns from approximately 1981 to 1983 in Detriot, MI; as a Machine Operator for Robertson Carshop from approximately 1983 to 1985 in Detroit, MI; as a Laborer for Bean's Automotive Shop from approximately 1989 to 1994 in Montgomery, AL; around equipment in his workplace, including but not limited to: brakes, clutches, compressors, gaskets, insulation, joint compound, motors, pumps, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Johnny E. Watson was diagnosed with asbestos-related Lung Cancer on or about May 26, 2009.

Plaintiff **WOODROW W. WATSON, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Woodrow W. Watson, Jr. worked, including but not limited to: as a Maintenance Man for Monsanto Chemical Company from approximately 1958 to 1991 in Pensacola, FL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, ceiling tiles, ceramics, compressors, gaskets, insulation, packing materials, pipe insulation, pumps, roofing cement, transmissions, turbines, valves, welding rods,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Woodrow W. Watson, Jr. was diagnosed with asbestos-related Asbestosis on or about March 16, 2010

Plaintiff **THOMAS VANN WEAVER, III**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis.  Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Thomas Vann Weaver, III worked, including but not limited to: as a Sheetmetal Worker for The Hardy

Corporation from approximately 1960 to 1963 in Birmingham, AL; as a Sheetmetal Worker for Conditioned Air Service Company from approximately 1963 to 1965 in Birmingham, AL; as a Sheetmetal Worker for National Constructors from approximately 1965 to 1965 in Birmingham, AL; as a Sheetmetal Worker for Florence HTG & AC from approximately 1965 to 1967 in Birmingham, AL; as a Sheetmetal Worker for H.L. Eskew & Son from approximately 1958 to 1960 in Homewood, AL; as a Mechanic for H&W Mechanical Contractors from approximately 1979 to 1987 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, brakes, ceiling tiles, drywall, electrical cable wire, electrical controls, furnaces, insulation, joint compound, pipe insulation, refractory cement, rockwool, roofing cement, shingles, thermocouples, valves, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Thomas Vann Weaver, III was diagnosed with asbestos-related Asbestosis on or about March 19, 2010.

Plaintiff **STANLEY MILES WHITLEY**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Stanley Miles Whitley worked, including but not limited to: as a Carpenter for Fayette Cotton Mill from approximately 1976 to 1978 in Fayette, AL; as a Laborer for Boulder Home Plant from approximately 1978 to 1978 in Winfield, AL; as a Laborer for Shiloh Mining & Coal Processors, Inc. from approximately 1979 to 1979 in Birmingham, AL; as a Machine Operator for Continental Conveyor & Equipment Company from approximately 1978 to 1980 in Winfield, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, electrical controls, felt, fireproofing, floor tiles, furnaces, gaskets, insulation, joint compound, machines, millboard, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, transmissions, welding rods, yarn,  and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Stanley Miles Whitley was diagnosed with asbestos-related Asbestosis on or about March 20, 2010.

Plaintiff **WILLIAM WILKERSON, JR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William Wilkerson, Jr. worked, including but not limited to: as a Painter for N.D. Cass Toy Plant from approximately 1972 to 1982 in Brent, AL; as a Machine Operator for International Paper Company from approximately 1982 to 202 in Tuscaloosa, AL; around equipment in his workplace, including but not limited to: asbestos cement, boilers, electrical cable wire, electrical controls, floor tiles, furnaces, insulation, machines, paint, refractory cement, shingles, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William Wilkerson, Jr. was diagnosed with asbestos-related Asbestosis on or about March 20, 2010.

Plaintiff **JESSE M. WILLETT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jesse M. Willett worked, including but not limited to: as a Tile Worker for Riley Tile from approximately 1948 to 1949 in Gadsden, AL; as a Construction Laborer for Ackerson Tile from approximately 1949 to 1951 in Birmingham, AL; as a Welder for United States Navy from approximately 1951 to 1959 in various locations including Long Beach, CA and the USS Hector Ar 7; as a Repairman for Anniston Army Depot from approximately 1961 to 1989 in Anniston, AL; as a Welder for Union Foundry from approximately 1962 to 1962 in Anniston, AL; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, brakes, ceiling tiles, ceramics, clutches, compressors, drywall, felt, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, motors, paint, rockwool, roofing cement, shingles, turbines, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jesse M. Willett was diagnosed with asbestos-related Asbestosis on or about June 24, 2010.

Plaintiff **ALPHONSE N. WILLIAMS, SR.**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Alphonse N. Williams, Sr. worked, including but not limited to: as a Laborer for the US Army at Fort Benning from approximately 1969 to 1971 in Columbus, GA; as an Inventory Clerk for the US Army from approximately 1969 to 1971 in Tacoma, WA; as a Inventory Clerk for the US Army from approximately 1969 to 1971 in Fort Rucker, AL; as a Sandblaster for Harrison Brothers Dry Dock & Repair Yard from approximately 1971 to 1973 in Mobile, AL; as a Sandblaster for Alabama Shipyard from approximately 1973 to 1976 in Mobile, AL; as a Machine Operator for Scott Paper Co from approximately 1976 to 2000 in Mobile, AL; around equipment in his workplace, including but not limited to: asbestos cloth, compressors, insulation, joint compound, paint, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Alphonse N. Williams, Sr. was diagnosed with asbestos-related Asbestosis on or about May 17, 2010.

Plaintiff **SYLVIN ODELL WILLIAMS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Sylvin Odell Williams worked, including but not limited to: as a Assembly Line Worker for Fisher Body / General Motors from approximately 1961 to 1961 in Cleveland, OH; as a Boiler Worker for B&L Maintenance from approximately 1962 to 1964 in Greenville, SC; as a Boiler Worker for Davis Mechanical Contractors from approximately 1965 to 1982 in Decator, AL; around equipment in his workplace, including but not limited to: boilers, brakes, breakers, ceiling tiles, ceramics, clutches, compressors, drywall, electrical cable wire, felt, fireproofing, floor tiles, asbestos in a foundry, furnaces, gaskets, insulation, joint compound, machines, motors, packing materials, paint, pipe insulation, pumps, raw fiber, refractory cement, rockwool, roofing cement, shingles, siding, thermocouples, transformers, transmissions, valves, welding rods, yarn, and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Sylvin Odell Williams was diagnosed with asbestos-related Lung Cancer on or about January 28, 2010

Plaintiff **HUMPHREY LAMAR WILLIS**, a citizen of Alabama, contracted one or more asbestos-related diseases including Asbestosis. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Humphrey Lamar Willis worked, including but not limited to: as a Machine Operator for Mulga Mines from approximately 1961 to 1963 in Mulga, AL; as a Grinder for Tri-State Foundry from approximately 1963 to 1968 in Cincinnatti, OH; as a Construction Laborer for Pawnee Construction Co. from approximately 1969 to 1971 in Birmingham, AL; as a Machine Operator for Mulga Coal Company from approximately 1972 to 1978 in Mulga, AL; as a Plumber for Stephens Plumbing from approximately 1973 to 1978 in Birmingham, AL; around equipment in his workplace, including but not limited to: asbestos cement, drywall, electrical cable wire, felt, asbestos in a foundry, gaskets, insulation, joint compound, motors, packing materials, paint,

pipe insulation, turbines, welding rods, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Humphrey Lamar Willis was diagnosed with asbestos-related Asbestosis on or about December 2, 2009.

Plaintiff **JERRY WILSON**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jerry Wilson worked, including but not limited to: as a Machine Operator for Dan River Mills from approximately 1967 to 1969 in Wetumpka, AL; as a Machine Operator for General Motors from approximately 1969 to 1970 in Framingham, MA; as a Truck Driver for Crystal Lake Manufacturing from approximately 1971 to 1973 in Autaugaville, AL; as a Truck Driver for Poole Truck Lines from approximately 1973 to 1978 in Evergreen, AL; as a Truck Driver for Self-Employed from approximately 1978 to 1979 in various locations; as a Truck Driver for Roadway Express, Inc. from approximately 1979 to 1984 in North Ridgeville, OH; as a Truck Driver for J. B.

Hunt Company from approximately 1984 to 1986 in Lowell, AR; around equipment in his workplace, including but not limited to: brakes, compressors, electrical cable wire, motors, pumps, shingles, transmissions, yarn, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jerry Wilson was diagnosed with asbestos-related Lung Cancer on or about February 9, 2010.

Plaintiff **HAROLD WALTER WINNIE**, a citizen of Michigan, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Harold Walter Winnie worked, including but not limited to: as a Navy Machinist for U. S. Naval Base - Underwater Ordinance from approximately 1955 to 1959 in Newport, RI; as a Mechanic and Truck Loader for Orice Bakery from approximately 1959 to 1969 in Detroit, MI; as a Press Operator for Hayes Wheel Co. from approximately 1969 to 1998 in Newport, RI; around equipment in his workplace, including but not limited to: asbestos cement, asbestos cloth, boilers, and other industrial equipment in his

workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Harold Walter Winnie was diagnosed with asbestos-related Colon Cancer on or about October 30, 2010.

Plaintiff **JACKIE GENE WRIGHT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Colon Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff Jackie Gene Wright worked, including but not limited to: as a Crane Operator for Price Brothers Concrete from approximately 1960 to 1965 in Michigan City, IN; as a Drywall Applicator for Union Hall from approximately 1966 to 1968 in Birmingham, AL; as a Maintenance Man for Hayes Aircraft from approximately 1968 to 1973 in Birmingham, AL; as a Sheetrock Hanger for Dixon Paint & Drywall from approximately 1973 to 1990 in Huntsville, AL; around equipment in his workplace, including but not limited to: ceiling tiles, compressors, drywall, electrical cable wire, fireproofing, floor tiles, insulation, joint compound, paint, pipe insulation, roofing cement, shingles, siding, welding rods,  and other

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff Jackie Gene Wright was diagnosed with asbestos-related Colon Cancer on or about June 24, 2010.

Plaintiff **WILLIAM GERALD WRIGHT**, a citizen of Alabama, contracted one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Plaintiff William Gerald Wright worked, including but not limited to: as a Cable Splicer for Bellsouth from approximately 1970 to 1999 in Jacksonville, FL; around equipment in his workplace, including but not limited to: fireproofing, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff William Gerald Wright was diagnosed with asbestos-related Lung Cancer on or about February 04, 2010

## BACKGROUND FACTS - THE DEFENDANTS

1.     The Plaintiffs adopt, allege, and incorporate herein by reference all of

the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.      The term "Manufacturer Defendant" refers to each and every one of those defendants which produced, manufactured, installed and/or specified for use asbestos-containing products, equipment and/or materials, including their own asbestos-containing products, equipment and/or materials and asbestos-containing products, equipment and/or materials produced or manufactured by others.

3.      The term "Supplier Defendant" refers to each and every one of those defendants which distributed, sold, installed and/or placed into the stream of commerce asbestos-containing products, equipment and/or materials, including their own asbestos-containing products, equipment and/or materials and asbestos-containing products, equipment and/or materials produced or manufactured by others.

4.      The term "Insurer Defendant" refers to each and every one of those defendants which insured Manufacturer and/or Supplier Defendants' companies which distributed, sold, produced, manufactured, installed, specified for use, and/or placed into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

5.      3M, a/k/a MINNESOTA MINING & MANUFACTURING  is a

Delaware Corporation with its principal place of business in Minnesota, that may be served with process by serving its registered agent at 3M Center Building 224-5N-4, St. Paul, Minnestota 55144. This defendant is being sued as a manufacturer and supplier defendant.

6.      ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST is a Delaware Corporation that maybe served with process by serving its registered agent at c/o Margaret Barr Bruemmer, Trustee, 3500 Corben Court, Madison, Wisconsin 53704. This defendant is being sued as a manufacturer and supplier defendant.

7.      **AMERICAN OPTICAL CORPORATION** is a Delaware corporation that may be served with process by serving its registered agent at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This defendant is being sued as a manufacturer and supplier defendant.

8.      A.W. CHESTERTON is a Massachusetts corporation with its principal place of business in Massachusetts, that may be served with process by serving its registered agent at 500 Unicorn Park Drive, Woburn, Massachusetts 01801-3377. This defendant is being sued as a manufacturer and supplier defendant.

9.      **BUFFALO PUMPS, INC.** is a Delaware corporation that may be

served with process by serving its registered agent at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This defendant is being sued as a manufacturer and supplier defendant.

10. **CERTAINTEED CORPORATION** is a Delaware corporation that may be served with process by serving its registered agent at The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

11. **CLEAVER BROOKS,** a division of **AQUA CHEM** is a Delaware corporation that may be served with process by serving its registered agent at The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

12. **COOPER INDUSTRIES, LLC,** f/n/a **COOPER INDUSTRIES, INC.,** individually and as successor-in-interest to **CROUSE-HINDS** is a Delaware corporation that may be served with process by serving its registered agent at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This defendant is being sued as a manufacturer and supplier defendant.

13. **CRANE CO.** is a Delaware corporation that may be served with process by serving its registered agent at Corporation Trust Company, Corporation

Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This defendant is being sued as a manufacturer and supplier defendant.

14. **CROWN, CORK, & SEAL COMPANY, INC.** is a Pennsylvania corporation that may be served with process by serving its principal place of business at One Crown Way, Philadelphia, Pennsylvania 19154. This defendant is being sued as a manufacturer and supplier defendant.

15. **CSR, LTD.** is an Australian corporation that may be served with process by serving its registered agent at its principal place of business in Australia.

16. **EATON CORPORATION** is an Ohio corporation that may be served with process by serving its registered agent at CT Corporation Systems, 1300 East 9th Street, Cleveland, Ohio 44114-1501. This defendant is being sued as a manufacturer and supplier defendant.

17. **FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST** as successor to **FELT PRODUCTS MANUFACTURING CO.** and/or the former **VELLUMOID DIVISION** of **FEDERAL-MOGUL CORPORATION** who may be served at their registered agent for service of process Wilmington Trust Company, 1100 N. Market Street, Wilmington, Delaware 19890. This defendant is being sued as a manufacturer and supplier defendant.

18. **FMC CORPORATION**, individually and on behalf of its former

**CONTRUCTION EQUIPMENT GROUP**, and former **PEERLESS PUMP DIVISION, COFFIN TURBO PUMPS**, and **CHICAGO PUMP**, business is a Delaware corporation that may be served with process by serving its registered agent at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This defendant is being sued as a manufacturer and supplier defendant.

19. **FORD MOTOR COMPANY** is a Delaware corporation that may be served with process by serving its registered agent at CT Corporation Systems, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

20. **FOSTER-WHEELER** is a Delaware corporation that may be served with process by serving its registered agent at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This defendant is being sued as a manufacturer and supplier defendant.

21. **GENERAL ELECTRIC CO.** is a New York corporation that may be served with process by serving its registered agent at CT Corporation Systems, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

22. **GEORGIA-PACIFIC LLC** is a Delaware corporation that may be served with process by serving its registered agent at CT Corporation Systems,

2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

23. **GOODRICH CORPORATION f/k/a THE B. F. GOODRICH COMPANY** is a New York corporation that may be served with process by serving its registered agent at CSC Lawyers Incorporating CSV Inc., 150 S Perry Street, Montgomery, Alabama 36104-4227. This defendant is being sued as a manufacturer and supplier defendant.

24. **THE GOODYEAR TIRE AND RUBBER CO.** is an Ohio corporation that may be served with process by serving its registered agent at CSC Lawyers Incorporating CSV Inc., 150 S Perry Street, Montgomery, Alabama 36104-4227. This defendant is being sued as a manufacturer and supplier defendant.

25. **GOULDS PUMPS INC.** is a Delaware corporation that may be served with process by serving its registered agent at CT Corporation Systems, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

26. **HONEYWELL, INC.** is a Delaware corporation that may be served with process by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This defendant is being sued as a manufacturer and supplier defendant.

27. **HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED SIGNAL INC., successor in interest to THE BENDIX CORPORATION** is a Delaware corporation that may be served with process by serving its registered agent at CSC Lawyers Incorporating CSV Inc., 150 S Perry Street, Montgomery, Alabama 36104-4227. This defendant is being sued as a manufacturer and supplier defendant.

28. **INDUSTRIAL HOLDINGS CORPORATION**, f/k/a **THE CARBORUNDUM COMPANY** is a New York corporation that may be served with process by serving its registered agent at The Prentice-Hall Corporation Sys Inc., 150 S Perry Street, Montgomery, Alabama 36104-4227. This defendant is being sued as a manufacturer and supplier defendant.

29. **INGERSOLL-RAND COMPANY** is a New Jersey corporation that may be served with process by serving its registered agent at The Corporation Company, 2000 Interstate Park Dr., Ste. 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

30. **ITT INDUSTRIES INC.** is an Indiana corporation that may be served with process by serving its registered agent at The Corporation Company, 2000 Interstate Park Dr., Ste. 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

31. **J-M MANUFACTURING COMPANY, INC.** is a Delaware

corporation that may be served with process by serving its registered agent at The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 1988. This defendant is being sued as a manufacturer and supplier defendant.

32.     **METROPOLITAN LIFE INSURANCE COMPANY** is a New York corporation that may be served with process by serving its registered agent Earnest M. Farrow, 601 Vestavia Pkwy., Suite 100, Birmingham, Alabama 35216. This defendant is being sued as an insurer defendant.

33.     **NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROTHERS, INC.** is a California corporation that may be served with process by serving its registered agent at CSC Lawyers Incorporating CSV Inc., 150 S Perry Street, Montgomery, Alabama 36104-4227. This defendant is being sued as a manufacturer and supplier defendant.

34.     **OWENS-ILLINOIS, INC.** is a Delaware corporation that may be served with process by serving its registered agent at The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 1988. This defendant is being sued as a manufacturer and supplier defendant

35.     **PFIZER, INC.** is a Delaware corporation that may be served with process by serving its registered agent at The Corporation Company, 2000

Interstate Park Dr., Ste. 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant. This defendant is being sued as a manufacturer and supplier defendant.

36. **PNEUMO ABEX LLC,** successor in interest to **ABEX CORPORATION** is a Delaware corporation that may be served with process by serving its registered agent at The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 1988. This defendant is being sued as a manufacturer and supplier defendant

37. **ROCKWELL AUTOMATION, INC. f/k/a ROCKWELL INTERNATIONAL CORP.** is a Delaware corporation that may be served with process by serving its registered agent at The Corporation Company, 2000 Interstate Park Dr., Ste. 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

38. **SEPCO CORPORATION** is a Pennsylvania corporation that may be served with process by serving its registered agent at 413 Commerce Park Drive, Cranberry, Pennsylvania 16066-6441. This defendant is being sued as a manufacturer and supplier defendant.

39. **UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC.** is a New Jersey corporation that may be served with process by serving its registered agent at 18 Nina Drive, East Hanover, New Jersey 07936-2524. This

defendant is being sued as a manufacturer and supplier defendant.

40. **UNITED STATES STEEL CORPORATION** is a Delaware corporation that may be served with process by serving its registered agent at National Registered Agents, Inc., 150 South Perry Street, Montgomery, Alabama 36104. This defendant is being sued as a manufacturer and supplier defendant.

41. **USX CORPORATION** as successor in interest to UNITED STATES STEEL, LLC, formerly known as **TENNESSEE COAL AND IRON** is a Delaware corporation who may be served with process by serving its registered agent The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 1988. This defendant is being sued as a manufacturer and supplier defendant.

42. **YARWAY CORPORATION** is a Pennsylvania corporation who may be served with process by serving its registered agent CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia, Pennsylvania 1912. This defendant is being sued as a manufacturer and supplier defendant.

43. **ZURN INDUSTRIES, INC.** is a Delaware corporation that may be served with process by serving its registered agent at The Corporation Company, 2000 Interstate Park Dr., Ste. 204, Montgomery, Alabama 36109. This defendant is being sued as a manufacturer and supplier defendant.

## DEFENDANTS' CONDUCT AND PLAINTIFFS' AND/OR PLAINTIFFS' DECEDENT'S INJURY

1.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.    The Defendants acted by and through their agents, servants, and employees, and are liable for the conduct of their agents, servants, and employees. Whenever this complaint refers to Defendants' actionable conduct, it includes the conduct of Defendants' agents, servants, and employees.

3.    Whenever this complaint refers to asbestos-containing products and/or materials, it includes, without limitation, all products and/or materials containing any amount of any form of asbestos and/or any form of talc.

4.    The Defendants, at all times relevant to this complaint, knew, or in the exercise of ordinary care should have known, that asbestos was poisonous and harmful to human beings and that asbestos-containing products and/or materials posed a serious health hazard to humans, particularly in connection with the human lungs and respiratory system but also in connection with other vital organs.

5.    Plaintiffs and/or Plaintiffs' Decedents were injured and/or died as a direct and proximate consequence of the conduct of the Defendants, which were negligent in some or all of the following respects:

        i.    Producing and/or manufacturing and placing into the stream of commerce asbestos-containing products and/or materials.

ii.      Distributing, selling, and/or placing into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

iii.     Installing asbestos-containing products and/or materials at the Worksites, including both their own asbestos-containing products and/or materials produced or manufactured by others.

iv.     Specifying the use of asbestos-containing products and/or materials on equipment, including both, equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by the Defendants, and on equipment produced, manufactured, distributed, sold, and/or placed into the stream of commerce by others.

v.     Marketing asbestos-containing products and/or materials to industries which Defendants knew, or should have known, would expose workers and their families to dust from such asbestos-containing products and/or materials.

vi.     Failing to properly design and manufacture asbestos-containing products and/or materials.

vii.      Failing to properly test asbestos-containing products and/or materials before they were released for consumer use.

viii.      Failing to develop and to utilize a substitute material for asbestos-containing products and/or materials.

ix.      Failing to specify for use on equipment safe substitutes for asbestos-containing products and/or materials.

x.      Failing to timely and adequately warn Plaintiffs and/or Plaintiffs' Decedents of the dangerous characteristics and serious health hazards associated with secondary exposure to asbestos-containing products and/or materials.

xi.      Failing to provide Plaintiffs and/or Plaintiffs' Decedents with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect the Plaintiffs and/or Plaintiffs' Decedents from being harmed and disabled by secondary exposure to asbestos-containing products and/or materials.

xii.      Failing to take precautions to protect Plaintiffs and/or Plaintiffs' Decedents from exposure to asbestos-containing products and/or materials while Plaintiffs and/or Plaintiffs' Decedents

were invitees on premises occupied, controlled, and/or owned by the Defendants.

xiii.     Failing to place timely and adequate health warnings on the containers of asbestos-containing products and/or materials, and/or on the asbestos-containing products and/or materials themselves, and/or on equipment requiring or calling for the use of asbestos-containing products and/or materials.

xiv.     Failing to take reasonable precautions or to exercise reasonable care to publish, to adopt, and to enforce a safety plan and/or safe method of handling and installing asbestos-containing products and/or materials.

xv.     Failing to recall and/or to remove from the stream of commerce asbestos-containing products and/or materials despite knowledge of their unsafe and dangerous nature.

xvi.     Engaging in a conspiracy or conspiracies to affirmatively misrepresent and/or to suppress material facts about the dangers of exposure to asbestos fibers and the seriousness of the health hazard posed by asbestos fibers.

xvii.     Specifically disregarding the safety of Plaintiffs and/or Plaintiffs' Decedents and fraudulently concealing from

Plaintiffs and/or Plaintiffs' Decedents the dangerous nature of the asbestos fibers to which Plaintiffs and/or Plaintiffs' Decedents were exposed.

xviii.    Otherwise (a) causing and/or contributing to cause Plaintiffs and/or Plaintiffs' Decedents to be exposed to asbestos-containing products and/or materials and/or (b) failing to prevent Plaintiffs and/or Plaintiffs' Decedents from being secondarily exposed to asbestos-containing products and/or materials.

6.    The Defendants' actions were negligent, reckless, and willful and wanton and constituted an outrageous disregard for the health and safety of workers and their families, including Plaintiffs and/or Plaintiffs' Decedents, who were exposed to asbestos-containing products and/or materials in his workplace.

## COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

1.    The Plaintiffs adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.    The first cause of action for personal injury and wrongful death is grounded in the Alabama Extended Manufacturer's Liability Doctrine.

3.     The asbestos-containing products and/or materials to which Plaintiffs and/or Plaintiffs' Decedents were exposed were unreasonably dangerous when applied to their intended use in the usual and customary manner in that:

    i.     The asbestos fibers contained in the asbestos-containing products and/or materials are highly carcinogenic and otherwise injurious to the tissue of the human body when inhaled into the respiratory system or ingested into the digestive system.

    ii.     The asbestos fibers contained in the asbestos-containing products and/or materials are fibrous by nature and increase in friability with exposure to heat or friction or by mere passage of time, so that such asbestos fibers are subject to being readily inhaled or ingested into the respiratory and digestive systems of person in the vicinity thereof.

4.     The Defendants caused the unreasonably dangerous asbestos-containing products and/or materials to enter the market, as a result of which Plaintiffs and/or Plaintiffs' Decedents were exposed and suffered grave and progressive bodily injuries and death.

5.     The Defendants knew or should have known in the exercise of ordinary care and diligence that the asbestos-containing products and/or materials were unreasonably dangerous. Nevertheless, the Defendants made no effort to

recall the asbestos-containing products and/or materials from any buildings, including, without limitation, the Worksites. The Defendants thus allowed Plaintiffs and/or Plaintiffs' Decedents to be exposed to the asbestos-containing products and/or materials without warning of the dangers thereof or taking preventive measures to protect Plaintiffs and/or Plaintiffs' Decedents from asbestos exposure, as a proximate result of which Plaintiffs and/or Plaintiffs' Decedents suffered grave and progressive bodily injury and death.

6.      Plaintiffs are entitled to recover damages against each Defendant under the Alabama Extended Manufacturer's Liability Doctrine in an amount to be proven at trial.

## COUNT TWO

### Negligence and Intentional Tort

1.      The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.      The second cause of action for personal injury and wrongful death is grounded in legal theories of negligence and intentional tort.

3.      The Defendants acted tortuously in concert with one another, and in some instances, intentionally, to advance, to pursue or to implement agreements concerning the misrepresentation, concealment, and/or destruction of scientific and

legal evidence concerning the health hazards of asbestos.

4.     The Defendants reached an agreement or understanding to inflict a wrong against Plaintiffs and/or Plaintiffs' Decedents and other similarly situated individuals. Moreover, the Defendants' minds met on the object or course of action, amounting to some mutual mental action coupled with intent to commit the acts which resulted in the injuries and death to Plaintiffs and/or Plaintiffs' Decedents.  In short, the Defendants hatched a preconceived plan with unity of design and purpose to misrepresent, conceal and/or destroy scientific and/or legal evidence concerning the health hazards of asbestos. They intended to engage in a course of conduct which resulted in injuries, and the course of conduct was known to them through their officers, directors, agents, servants, and managers.

5.     The Defendants' liability is joint for all of the tortious conduct and resultant injuries, as well as for the wanton behavior of each Defendant, including the wantonness of co-conspirators not sued herein.

6.     The Defendants acted in concert along with other co-conspirators not sued herein with the intent to deceive and to misinform Plaintiffs and/or Plaintiffs' Decedents and others about the health hazards of asbestos.

7.     Plaintiffs and/or Plaintiffs' Decedents and others similarly situated were the targets of the intentional acts of deception and misrepresentation.

8.     In particular, the Defendants, acting through their own medical

departments and in conjunction with those of their co-conspirators, including their trade associations, investigated the health hazards faced by workers, thereby learning, or in the exercise of reasonable care, having to learn, of the hazards of asbestos.

9.      Acting maliciously, the Defendants initially suppressed and misrepresented the results of investigations, actively concealing the information from customers, from the users of the asbestos-containing products and/or materials, from their own workers, from the employees of contractors working upon their premises, and from governmental and medical authorities. Ultimately, however, the Defendants conspired to destroy or to alter records of knowledge in order to prevent the scientific and medical evidence from being discovered by the victims of their conspiracy and to forestall regulatory efforts and legislation intended to protect innocent workers from the invisible dusty death.

10.     Each Defendant, (a) actively took part in the suppression, concealment, misrepresentation, and eventual destruction of data and evidence, and/or (b) furthered the plan or plans by cooperation, and/or (c) lent aid or encouragement to the actual wrongdoers, and/or (d) ratified and adopted the wrongdoers' acts done for their benefit.

11.     The acts of the Defendants in furtherance of their plan of deception were done intentionally or negligently, and in concert, rendering them each jointly

and severally liable for the wanton behavior of the other Defendants and co-conspirators not sued herein with whom they acted in concert.

12.     As a result of the conspiratorial acts described above, the dangers of asbestos to the human respiratory and digestive systems were hidden from industry in particular and society in general, with the consequences (a) that asbestos-containing products and/or materials were installed in virtually every plant and building in the United States and a large part of the rest of the industrialized world, (b) that safe substitutes were not developed by industry until after plants and buildings had already been made hazardous by the application or installation of numerous asbestos-containing products and/or materials, and (c) that a large number of people who have come into contact with asbestos-containing products and/or materials have become ill or died as a result of the inhalation or ingestion of asbestos fibers.

13.     Plaintiffs and/or Plaintiffs' Decedents were among those who worked in the hidden danger of asbestos, sometimes unaware of the presence of asbestos and always unaware of the carcinogenic and other adverse properties of asbestos fibers. As a proximate consequence of the conspiratorial acts of the Defendants in affirmatively misrepresenting and/or suppressing evidence concerning the carcinogenic and other adverse properties of the asbestos-containing products and/or materials, some of which were installed in or applied to the Worksites,

Plaintiffs and/or Plaintiffs' Decedents were caused to be exposed to, and was unable to protect himself from the asbestos fibers, and consequently, Plaintiffs and/or Plaintiffs' Decedents were exposed to asbestos in his work environment, and thereby suffered grave and progressive bodily injuries and death.

14.    Plaintiffs are entitled to recover damages against each Defendant under a theory of negligence and intentional tort in an amount to be proven at trial.

## COUNT THREE

### Negligence in the course of employment

1.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.    The third cause of action for personal injury and wrongful death is grounded in a legal theory of negligence and intentional tort.

3.    Plaintiffs and/or Plaintiffs' Decedents were exposed to dangerous and carcinogenic asbestos fibers.

4.    The Defendants knew or should have known that Plaintiffs and/or Plaintiffs' Decedents, in the course of their employment, were being exposed to asbestos-containing products and/or materials which would injure Plaintiffs and/or Plaintiffs' Decedents, and the Defendants owed a duty of care to Plaintiffs and/or Plaintiffs' Decedents to protect them from the dangers of exposure to the asbestos-

containing products and/or materials.

5.     The Defendants specifically disregarded the safety and health of Plaintiffs and/or Plaintiffs' Decedents and failed to protect them from the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed by (a) failing to warn Plaintiffs and/or Plaintiffs' Decedents that they was being exposed to dangerous asbestos-containing products, and by (b) failing to remove the dangerous asbestos-containing products and/or materials promptly after the Defendants became aware of their presence and the dangers thereof.

6.     The Defendants further concealed from Plaintiffs and/or Plaintiffs' Decedents the carcinogenic and other adverse effects of the asbestos fibers to which they were exposed in their work environment.

7.     As a proximate result of the conduct of the Defendants, Plaintiffs and/or Plaintiffs' Decedents were exposed to dangerous and carcinogenic asbestos fibers which caused them grave bodily injury and death.

8.     Plaintiffs are entitled to recover damages against each Defendant under a theory of negligence in the course of employment in an amount to be proven at trial.

## <u>COUNT FOUR</u>

### Fraudulent Concealment / Misrepresentation / Alteration of Medical Studies /Conspiracy /Aiding and Abetting Conspiracy

1.     The Plaintiffs adopt, allege, and incorporate herein by reference all of

the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.     The fourth cause of action for personal injury and wrongful death is grounded in a legal theory of fraudulent concealment / misrepresentation / alteration of medical studies / conspiracy / aiding and abetting conspiracy.

3.     As will be discussed below, the Defendants used a number of trade and industrial hygiene associations to further the goals of their conspiracy to control the dissemination of research and information regarding the hazards of asbestos and other substances to lend an air of independence and legitimacy to the information which was published, albeit in edited form.

4.     Defendant Metropolitan Life and other Defendants named herein, individually and/or as successors-in-interest of other corporations, and as agents of one another and as co-conspirators, aided, abetted, encouraged, counseled, assisted, agreed, and conspired among themselves and with other asbestos manufacturers and distributors to injure Plaintiffs and/or Plaintiffs' Decedents.

5.     Defendants acted in the following fashion:

     i.     Metropolitan Life Insurance Company (Met Life) required a tangible quid pro quo from McGill University in the 1920s in exchange for them providing funding for a study of asbestos disease in Canadian miners. The study was never published

and agents of Met Life materially misrepresented in the published literature the fact that asbestos miners developed asbestosis.

ii. In 1932, Met Life, through its agents Dr. Anthony Lanza, Dr. Fellows, and others, assisted the Johns-Manville Corporation with medical examinations of over 1,000 employees of Johns-Manville's factory in Manville, New Jersey. The report of this study shows that a large percentage of the employees suffered from pneumoconiosis, including asbestosis, including employees not directly involved in the manufacturing process. This 1932 medical survey was not published in the medical literature and therefore was unavailable to scientists studying the issue of asbestos disease. Further collaboration between the conspiring asbestos producers and Met Life officials continued this trend of intentional cover-up.

iii. Beginning in approximately 1934, Johns-Manville Corporation, through its agents, Vandiver Brown and attorney J. C. Hobart, and conspirator Raybestos-Manhattan, through its agents, Sumner Simpson and J. Rohrbach, suggested to Dr. Lanza, Associate Medical Director of Met Life (insurers of Manville,

Raybestos, and others), that Dr. Lanza publish a study on asbestosis in which Dr. Lanza would affirmatively misrepresent a material fact about asbestos exposure; i.e., the seriousness of the disease process, asbestosis. This was accomplished through intentional deletion of Dr. Lanza's description of asbestosis as fatal and through other selective editing at the behest of the asbestos industry that affirmatively misrepresented asbestosis as a disease process less serious than it actually is and was then known to be, and deletion of information concerning levels of exposure. As a result, Dr. Lanza's study was published in the medical literature in this misleading fashion in 1935. The Defendants were motivated, in part, to effectuate this fraudulent misrepresentation and fraudulent nondisclosure by the desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in lawsuits involving Manville, Raybestos, and others, as well as Met Life, the insurer.

iv.     In 1936, conspirators American Brake Block Corporation, Asbestos Manufacturing Company, Gatke corporation, Johns-Manville corporation, Keasby & Mattison company (then an alter-ego to conspirator Turner & Newall), Raybestos-

Manhattan, Russell Manufacturing, Thermoid Rubber co., Southern Asbestos Co., (whose liabilities have been assumed by H. K. Porter Company), Union Asbestos and Rubber company, and United States Gypsum Company, entered into an agreement with the Saranac Laboratories. Under this agreement, these companies acquired the power to decide what information Saranac Laboratories could publish about asbestos disease and control in what form such publications were to occur. This agreement gave these conspirators power to affirmatively misrepresent the results of the work at Saranac and also gave these conspirators power to suppress material facts included in any study. On numerous occasions thereafter, the conspirators exercised their power to prevent Saranac scientists from disclosing material scientific data resulting in numerous misstatements of fact being made about scientific data resulting in numerous misstatements of fact being made at scientific meetings.

v.     On November 11, 1948, representatives of the following conspirators met at the headquarters of Johns-Manville Corporation: American Brake Block Division of American

Brake and Shoe Foundry, Gatke Corporation, Keasby & Mattison Company (whose assets and liabilities were later purchased by H. K. Porter Company), Union Asbestos and Rubber Company, and U. S. Gypsum Company. U. S. Gypsum did not send a representative to the meeting, but instead authorized Vandiver Brown of Johns-Manville to represent its interest at the meeting and to take action on its behalf.

vi.  At the November 11, 1948, meeting, these Defendants and their representatives decided to exert their influence to materially alter and misrepresent material facts about the substance of research started by Dr. Leroy Gardner at the Saranac Laboratories beginning in 1936. Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an evaluation of the health effects of asbestos on humans with a critical review of the then-existing standards of dust exposure from asbestos and asbestos-containing products.

vii.  At this meeting, the Defendants intentionally and affirmatively determined that Dr. Gardner's work should be edited to specifically delete material facts about the cancer-causing propensity of asbestos and the health effects of asbestos on

humans and critique of the dust standards and then published it in the medical literature as edited by Dr. Arthur Vorwald. The acts of these Defendants were carried out by co-conspirator Defendant Met Life's agent, Dr. Lanza. These Defendants thereby fraudulently misrepresented the risks of asbestos exposure to the public in general and the class of persons exposed to asbestos, including Plaintiffs and/or Plaintiffs' Decedents.

viii. As a direct result of influence exerted by the above-described conspirators, Dr. Vorwald published Dr. Gardner's edited work in January 1951, in the Archives of Industrial Hygiene and Occupational Medicine (Vol. 3, No. 1), a journal of the American Medical Association. The published version stressed those portions of Gardner's work that the conspirators wished stressed, but omitted references to cancer, to human asbestosis, and to the inadequacy of the then-established threshold limit values (TLV's). Furthermore, that article made a false claim that the published report was the complete survey of Dr. Gardner's work. The Defendants thereby fraudulently, affirmatively, and deliberately disseminated this misleading Dr.

Vorwald publication to university libraries, government officials, medical doctors, agencies, the public, and others.

ix.  Such action constituted a material affirmative misrepresentation of the total context of material facts involved in Dr. Gardner's work and resulted in creating an appearance that the inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

x.  The following conspirators and others were members of the trade association known as Quebec Asbestos Mining Association: Johns-Manville Corporation, Carey-Canada (individually and as successor to Quebec Asbestos Corporation), Rapid American Corporation (successor to Philip Carey and Quebec Asbestos Corporation, National Gypsum Company (n/k/a Asbestos Claims Management Corporation), Flintkote, Cape Asbestos, Turner & Newall (individually and successor to Bell Asbestos). The members of Q.A.M.A. participated in the above-described misrepresentation of the work of Dr. Gardner published by Dr. Vorwald in the AMA Archives of Industrial Health in 1951. Evidence of the Q.A.M.A., as well as correspondence from Co-conspirators,

indicates close monitoring of the editing process by Q.A.M.A.'s representative, Ivan Sabourin, acting on behalf of all Q.A.M.A's members.

xi.     Defendants who were members of the Q.A.M.A. began, on or about 1950, to formulate a plan to influence public opinion about the relationship between asbestos and cancer by influencing the medical literature on this subject and then touting and disseminating this literature to the public and to organizations and legislative bodies responsible for regulatory controls of asbestos with the specific intent of misrepresenting the existing scientific information and suppressing contrary scientific data in their possession and control.

xii.    This plan of misrepresentation and influence over the medical literature began on or about 1950 when the Q.A.M.A. members selected Saranac Laboratories to do an evaluation of whether cancer was related to asbestos. After a preliminary report authored by Dr. Vorwald in 1952 indicated that a cancer/asbestos relationship might exist in experimental animals, the Q.A.M.A. members refused to further fund the study and it was terminated and never publicly discussed.

xiii.    As a result of the termination of this study, these Defendants fraudulently withheld information from the public and affirmatively misrepresented to the public and responsible legislative and regulatory bodies that asbestos did not cause cancer, including affirmative misrepresentations by conspirators' agents Kenneth W. smith, M.D., Paul Cartier, M.D., Arthur J. Vorwald, M.D., Anthony J. Lanza, M.D., Vandiver Brown, and Ivan Sabourin, said misrepresentations being directed to inter alia, U. S. Government officials, Canadian Government officials, U. S. National Cancer Institute, other medical organizations, and the general public, including Plaintiffs and/or Plaintiffs' Decedents.

xiv.    Subsequently, the Q.A.M.A. Defendant conspirators contracted with the Industrial Hygiene Foundation (I.H.F.) and Dr. Daniel Braun to further study the relationship between asbestos exposure, asbestosis and lung cancer.  In 1957, Drs. Braun and Truan reported to the Q.A.M.A. that asbestosis did increase a worker's chances of incurring lung cancer.

xv.    The Q.A.M.A. Defendants thereafter caused, in 1958, a publication of the work by Braun and Truan in which the

findings regarding increased incidence of cancer in persons with asbestosis was edited out by agents of the Q.A.M.A. The published version of this study contained a conclusion that asbestos exposure did not increase the incidence of lung cancer, a conclusion known by the Defendant conspirators to be patently false.

xvi. By falsifying and causing publication of studies concluding that the asbestos exposure did not cause lung cancer and simultaneously omitting a documented Finding that asbestosis did increase the risk of lung cancer, the Q.A.M.A. Defendants affirmatively misrepresented to the public and concealed from the public the extent of risk associated with inhalation of asbestos fibers.

xvii. In approximately 1958, the Q.A.M.A. Defendants publicized the edited works of Drs. Braun and Truan at a symposium in an effort to fraudulently misrepresent to the public and persons exposed to asbestos that the inhalation of asbestos dust would not cause cancer.

xviii. The fraudulent misrepresentation beginning in 1946, as elaborated above and continuing with publication of the 1958

Braun/Truan study, influenced the standard set for the TLVs and inhibited the lowering of the threshold limit value due to the cancer risk associated with asbestos inhalation.

xix.    In 1967, the Q.A.M.A. Defendants determined at their trade association meeting that they would intentionally mislead consumers about the extent of risk involved in inhalation of asbestos products.

xx.    In 1952, a symposium regarding the health effects of asbestos was held at the Saranac Laboratories.  The following conspirators were in attendance:  Central Mining & Investment Corporation, Johns-Manville, Turner & Newall, Raybestos-Manhattan, and Q.A.M.A. members by way of their agents, Cartier, Sabourin, and LeChance.

xxi.    At this meeting, the occurrence of lung cancer and asbestosis in product users was discussed and the carcinogenic properties of all fiber types of asbestos were also discussed.  In an affirmative attempt to mislead the public about the extent of health risk associated with asbestos, and in an effort to fraudulently conceal those risks from the public, these Defendants conspired to prevent publication of the record of his

1952 Saranac Symposium and it was not published. In addition, the conspirators induced Dr. Vorwald not to announce the results of his and Dr. Gardner's animal studies showing excess cancers in animals and thereby fraudulently misrepresenting existing data, albeit secret, that could not be publicized because of the secret provisions contained in the 1936 Saranac agreement required by the asbestos industry members.

xxii.    The following conspirators were members of the Magnesia Insulation Manufactures Association MIMA):  Philip-Carey Corporation (predecessors to Rapid American Corporation), Johns-Manville, and others.

xxiii.    In 1955, these conspirators caused to be published the MIMA 85% Magnesia insulation Manual.  This manual falsely and fraudulently misrepresented that asbestos-containing products offered no hazard to workers who used these products.

xxiv.    The following conspirators were members of the trade organization known as the Asbestos Textile Institute (ATI): Garlock, Uniroyal, Raybestos-Manhattan, Johns-Manville, H. K. Porter, Keasby & Mattison (individually and through its

alter-ego Turner & Newell), National Gypsum (n/k/a Asbestos claims Management Corporation), Cape Asbestos and others.

xxv.  In 1947, the members of the ATI, received a report from W.C.L. Hemeon regarding asbestosis that suggested re-evaluation of the then-existing TLVs for asbestos exposure. These Defendants and Metropolitan Life caused this report not to be published and thereby fraudulently concealed material facts about asbestos exposure from the public and affirmatively misrepresented to the public and classes of persons exposed to asbestos that the then-existing TLV was acceptable. Thereafter, these Defendant conspirators withheld additional material information on the dust standards from The American Conference of Governmental Industrial Hygienists (ACGIH), thereby further influencing evaluation of TLVs for asbestos exposure.

xxvi.  In 1953, conspirator National Gypsum (n/k/a Asbestos Claims Management Corporation), through its agents, in response to an inquiry from the Indiana Division of Industrial Hygiene regarding health hazards of asbestos spray products, refused to mail a proposed response to that division indicating that

respirators should be worn by applicators of the products. National Gypsum's response distorted and fraudulently misrepresented the need for applicators of asbestos spray products to wear respirators and fraudulently concealed form such applicators the need for respirators.

xxvii.  In 1955, conspirator Johns-Manville, through its agent Kenneth W. Smith, M.D., caused to be published in the AMA Archives of Industrial Health, an article entitled A Pulmonary Disability in Asbestos Workers. This published study materially altered the results of an earlier study in 1949 concerning the same set of workers. This alteration of Dr. Smith's study constituted a fraudulent and material misrepresentation about the extent of the risk associated with asbestos inhalation.

xxviii. In 1955, the National Cancer Institute held a meeting at which conspirators Johns-Manville (individually and as an agent for other alleged co-conspirators) and Dr. Vorwald (as agent of co-conspirators) affirmatively misrepresented that there were no existing animal studies concerning the relationship between asbestos exposure and cancer when, in fact, the conspirators were in secret possession of several studies which demonstrated

that positive evidence did exist.

xxix.  In 1957, the members of the ATI, jointly rejected a proposed research study on cancer and asbestos and this resulted in fraudulent concealment from the public of material facts regarding asbestos exposure and also constituted an affirmative misrepresentation of the then-existing knowledge about asbestos exposure and lung cancer.

xxx.  In 1964, the members of the ATI met to formulate a plan for rebutting the association between lung cancer and asbestos exposure that had been recently discussed by Dr. Irvin J. Selikoff.  Thereafter, these members of the ATI embarked upon a campaign to further misrepresent the association between asbestos exposure and lung cancer.

xxxi.  In 1970, through their agents, defendants The Celotex Corporation (predecessor of Rapid American Corporation) and Cary-Canada, affirmatively misrepresented that it had been in the asbestos business since 1918 and found no reported conditions of asbestosis or lung disease. This constituted a fraudulent misrepresentation about the material facts known to these Defendants.

xxxii.      All Conspirators approved and ratified and furthered the previous conspiratorial acts of conspirators Johns-Manville, Raybestos Manhattan, and Anthony J. Lanza, M.D., acting on behalf of Met Life, and all alleged co-conspirators during the relevant time period and circumstances alleged above, acted as agents and co-conspirators for the other conspirators.

xxxiii.     Certain of the Defendants and/or co-conspirators, including but not limited to Westinghouse Electric Corporation, Metropolitan Life, Raybestos Manhattan, Johns-Manville, Dresser Industries, Harbison-Walker, General Refractories, Pittsburgh Corning, PPG Industries, General Electric, Uniroyal, Owens-Illinois and Owens-Corning Fiberglas, were members of the Industrial Hygiene Foundation (AIHF). The IHF, touted by its industry members as an independent research agency, was used by the members of the asbestos industry to suppress the truth about asbestos and other substances and generate misleading or outright substances and generate misleading or outright false scientific publications. For example, in the 1940s the IHF was contacted by the Asbestos Textile Institute to conduct a study on asbestos dust. Mr. W. C. L. Hemeon, an industrial hygienist

who worked for the IHF, completed the study and forwarded the report entitled Report on Preliminary dust Investigation for Asbestos Textile Institute in June 1947. Mr. Hemeon's report indicated that workers exposed to less than the recommended threshold limit value for asbestos were nonetheless developing diseases. The IHF never published this study and, in doing so, acted to conceal the study from the general public, including asbestos-exposed workers.

xxxiv. As discussed infra, the IHF also assisted in the QAMA in the publication of the edited version of the Braum Truan report in 1958 which reported the conclusion, known to the IHF and its members to be false, that asbestos exposure did not increase the incidence of lung cancer.

xxxv. The Activities of IHF and its members substantially assisted the co-conspirators by retarding the development of knowledge about the hazards of asbestos.

xxxvi. Metropolitan Life and other co-conspirators downplayed the seriousness of the hazard of exposure to diatomaceous earth by misleading public health officials in California.

6. As a direct and proximate result of the above referenced conspirators

intentional publication of deceptive and misleading medical data and information as described in the preceding paragraphs, and upon which data the Plaintiffs and/or Plaintiffs' Decedents, and those charged with warning them reasonably relied, the Plaintiffs and/or Plaintiffs' Decedents inhaled or otherwise were exposed to and ingested hazardous dust resulting in the injuries described in this Complaint.

7.     Additionally and alternatively, as a direct and proximate result of Metropolitan Life's actions and omissions as described above, the Plaintiffs and/or Plaintiffs' Decedents were caused to remain ignorant concerning the danger of human exposure to asbestos and other substances, resulting in damage to the Plaintiffs and/or Plaintiffs' Decedents by depriving the Plaintiffs and/or Plaintiffs' Decedents, their employers, and the general public of opportunities to be aware of the hazards of asbestos and other substances exposure, and thus the opportunity to take proper safety precautions and/or avoid this exposure. Because of this ignorance and intentional failure to warn, the Plaintiffs and/or Plaintiffs' Decedents inhaled, was exposed to, or otherwise ingested hazardous asbestos dust resulting in the injuries described above.

8.     The conspirators fraudulently concealed from the Plaintiffs and/or Plaintiffs' Decedents the alteration of its published test results, the actions and omissions and concerted design and conspiracy, all as described in the paragraphs above, until the Plaintiffs and/or Plaintiffs' Decedents discovered said conduct

following these diagnoses of asbestos-related injuries.

9.      Certain of the Defendants, in addition, belong to the IHF and the AIA/NA also known as the Asbestos Information Association/North America and took part in certain activities wherein they individually and through their organization took steps to stop the dissemination of information with regard to asbestos and its hazards, took steps to influence proposed regulation of asbestos by making misleading statements regarding the health effects of asbestos and conspired to make false representations with regard to the safety and hazards of asbestos-containing products.

10.     Certain of these Defendants in the IHF, AID/NA, ATI, the Asbestosis Research Council and/or other organizations, acting individually and as members of a conspiracy and as agents of other co-conspirators took steps to fraudulently conceal and/or fraudulently misrepresent the hazards of asbestos which proximately caused injury and death to the Plaintiffs and/or Plaintiffs' Decedents in the following manner:

> i.      Published material or caused to be published material that the Defendants individually and/or through their organizations knew was false and incomplete in that the Defendants knowingly and deliberately deleted certain references to the known health hazards of asbestos and asbestos related products;

ii.   That the publication of these false and misleading reports and non-disclosure of documented reports on the health hazards of asbestos were done to maintain a favorable atmosphere for the continued sale and distribution of asbestos and asbestos related products;

iii.   That the acts were perpetrated to influence in the Defendants' favor proposed legislation to regulate asbestos exposure, and

iv.   That the acts in question were also done to provide a defense in lawsuits brought for injury and death resulting from asbestos disease.

11.   In continuing their asbestos exposure, the Plaintiffs and/or Plaintiffs' Decedents reasonably relied upon the published medical and scientific data about the purported lack of hazards of asbestos products, Defendants' false representations that their products were safe, and the lack of publicity about the hazards of asbestos, which he reasonably believed to be safe.

12.   Defendants individually, as members of a conspiracy, and as agents of other co-conspirators intended that the Plaintiffs and/or Plaintiffs' Decedents rely upon the published reports regarding the safety of asbestos and asbestos-related products, to continue their exposure to those products.

13.   Defendants individually, as members of a conspiracy, and as agents of

other co-conspirators are in a position of superior knowledge regarding the health hazards of asbestos and, therefore, the Plaintiffs and/or Plaintiffs' Decedents had a right to rely on the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos related products. This conduct was directed at all state of the United State including Alabama.

14.     Certain Defendants belonged to The Mellon Institute and the Industrial Hygiene Foundation (IHF), which were institutes whose functions included involved in research and communications to member companies regarding the health effects of inhaling asbestos dust. In 1935, The Mellon Institute conducted a meeting at which time a plan was developed where members of the asbestos industry would join together to combat publicity and dissemination of data on the hazards of asbestos.

15.     Beginning in the early 1940's, the IHF was involved in a study by W.C.L. Hemeon entitled Report of Preliminary Dust Investigation for Asbestos Textile Institute, June 1947. This study was done in connection with members of the Asbestos Textile Institute (ATI). This study found that workers exposed to less than the recommended threshold limit value for asbestos were nonetheless developing disease. The IHF never published this study and, in doing so, acted to conceal the study from the general public including asbestos-exposed workers.

16.    Beginning in the mid-1950's, the IHF and The Mellon Institute were involved in the publication of works by Dr. Braun and Mr. Truan entitled 'An epidemiological Study of Lung Cancer in Asbestos Miners.' In its original form in September, 1957, this study had concluded that workers with asbestosis had an increased incidence of lung cancer and that the Canadian government had been under-reporting cases of asbestosis.  The final published version of this study in June, 1958, deleted the conclusion that workers with asbestosis suffered an increased incidence of lung cancer and that the Canadian government had been under-reporting cases of asbestosis.  The members and agents of the IHF and The Mellon Institute, individually and through these organizations, conspired with the members of the Quebec Asbestos Mining Association (Q.A.M.A.) and their legal counsel, Ivan Sabourin, to delete the above-described information regarding asbestos and cancer.

17.    The above-described actions of the members and agents of the IHF and The Mellon Institute constituted intentional deception and fraud in actively misleading the public about the extent of the hazards connected with breathing asbestos dust.

18.    The above-described actions of the IHF and The Mellon Institute and their individual members substantially contributed to retarding the development of knowledge about the hazards of asbestos and thereby substantially contributed to

injuries suffered by the Plaintiffs and/or Plaintiffs' Decedents. The Plaintiffs and/or Plaintiffs' Decedents reserve the right to supplement these allegations once the defendants have identified all their memberships in trade organizations and the memberships of their officers, agents, employees and directors.

19.    Plaintiffs are entitled to recover damages against each Defendant under a theory of fraudulent concealment / misrepresentation / alteration of medical studies / conspiracy / aiding and abetting conspiracy in an amount to be proven at trial.

## **COUNT FIVE**

### **Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy**

1.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.    The fifth cause of action for personal injury and wrongful death is based on legal theories of product liability, combined and concurring negligence, intentional tort, and conspiracy.

3.    As a result of Defendants' actions, Plaintiffs and/or Plaintiffs' Decedents were exposed to unreasonably dangerous, defective, negligently manufactured and marketed asbestos-containing products and/or materials, which caused grave and progressive bodily injury to Plaintiffs and which proximately

caused the death of Plaintiffs' Decedents.

4. Plaintiffs assert that they have filed suit either within the applicable state statute of limitations period, and/or that their claims are timely as a matter of law pursuant to 42 U.S.C. § 9658, a provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Under this provision, the running of the state statute of limitations for applicable actions is delayed until "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). The provision " 'creates a federally mandated discovery rule for the accrual of state law claims involving releases of hazardous substances that cause or contribute to personal injury.... ' " *Kowalski v. Goodyear Tire and Rubber Co.*, 841 F. Supp. 104, 107 (W.D.N.Y. 1994)(quoting *Soo Line Ry. Co. v. B.J. Carney & Co.*, 797 1472, 1487 (D.Minn. 1992). Application of the statute to a state law cause of action does not depend on the existence of an underlying federal CERCLA action. *Id*. at 107-8.

5. Plaintiffs are entitled to recover damages against each Defendant under a theory of product liability, combined and concurring negligence, intentional tort and conspiracy in an amount to be proven at trial.

## COUNT SIX

**Wrongful Death**

1.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2.     The sixth cause of action is based on the legal theories of wrongful death.

3.     As surviving spouses and/or heirs, the Plaintiffs bring this action to recover for the wrongful death, and the full value of the life their respective decedents, George Lewis Callier, Gary Clark and Robert Johnston.  As set forth above in the preceding paragraphs of this complaint, Defendants' wrongful acts were the direct and proximate cause of the Plaintiffs' Decedents deaths.

4.     Plaintiffs are entitled to recover damages against each Defendant under a theory of wrongful death in an amount to be proven at trial.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, for punitive and exemplary damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs and/or Plaintiffs' Decedents exposure to asbestos-containing products, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both

at law and in equity to which Plaintiffs may show themselves justly entitled.

## **JURY DEMAND**

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

This 4th day of  March, 2011.

Respectfully submitted,

CORY WATSON CROWDER & DEGARIS, P.C.

/s/ Leila H. Watson
LEILA H. WATSON (AL BAR #ASB-323-S74L)
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone:  (205) 328-2200
Facsimile:   (205) 324-7896
Email:  csach@cwcd.com
Attorney for Plaintiffs