18BA

# U.S. District Court
## North Carolina Middle District (NCMD)
### CIVIL DOCKET FOR CASE #: 1:11-cv-00283-TDS -PTS
### Internal Use Only

BECK V. NORFOLK SOUTHERN RAILWAY COMPANY  
Assigned to: JUDGE THOMAS D. SCHROEDER  
Referred to: MAG/JUDGE P. TREVOR SHARP  
Case in other court: Eastern District of Pennsylvania, MDL 875  
Cause: 28:1332 Diversity-Asbestos Litigation  

Date Filed: 04/12/2011  
Jury Demand: None  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity  

## Plaintiff

**HELEN G. BECK**  
*ADMINISTRATOR OF THE ESTATE OF KENNETH WISEMAN BECK*

represented by **WILLIAM MARC GRAHAM**  
WALLACE AND GRAHAM, P.A.  
525 N. MAIN ST.  
SALISBURY, NC 28144  
704-633-5244  
Fax: 704-633-9434  
Email: bgraham@wallacegraham.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**NORFOLK SOUTHERN RAILWAY COMPANY**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2011 | 1 | COMPLAINT against NORFOLK SOUTHERN RAILWAY COMPANY (Filing fee $ 350 receipt number 0418-912513), filed by HELEN G. BECK. (GRAHAM, WILLIAM) (Entered: 04/12/2011) |
| 04/12/2011 | 2 | Summons Issued as to NORFOLK SOUTHERN RAILWAY COMPANY. (Sheets, Jamie) (Entered: 04/12/2011) |
| 04/12/2011 | 3 | Notice of Right to Consent. Counsel shall serve the attached form on all parties. (Sheets, Jamie) (Entered: 04/12/2011) |
| 04/14/2011 |  | (Court only) Set Magistrate Judge Flag for Judge P. Trevor Sharp. (Sheets, Jamie) (Entered: 04/14/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) _____ | Civil Action No. MDL 875 |
| This Document Relates to: | Civil Action No. 1:11-cv-283 |
| HELEN G. BECK, ADMINISTRATOR OF THE ESTATE OF KENNETH WISEMAN BECK, | |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NORFOLK SOUTHERN RAILWAY COMPANY, | |
| Defendant. | |

## **COMPLAINT**

Plaintiff, Helen G. Beck, Individually and as Administratrix of the estate of Kenneth Wiseman Beck, Deceased, by and through counsel of record, alleges and will show unto this Honorable court as follows:

1. The Plaintiff, Helen G. Beck, is a citizen and resident of Rowan County, North Carolina.

2. The Defendant, Norfolk Southern Railway Company, is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia, and is the successor corporation to Southern Railway, and at all relevant times, the Defendant and/or defendant's predecessors were doing business within the jurisdiction of this Court as common carriers of interstate and intrastate commerce and were engaged in interstate commerce and transportation;

and for the purpose hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business in and about Rowan County, North Carolina.

3. The Defendant, Norfolk Southern Railway Company (Defendant) is responsible for any and all acts or omissions of Norfolk Southern Railway Company and Southern Railway.

4. During the course of Decedent's employment, the Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the Decedent, were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore, the rights and liabilities of the parties were and are governed by the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.,* which Act grants this Court jurisdiction over this action.

5. During the period from 1950 through 1961, Decedent was employed by Norfolk Southern Railway Company or its predecessors first as a carman apprentice and then as an electrician, and again from 1963 through 1970 as a brakeman and conductor in Spencer, North Carolina, and was engaged in the performance of his duties in these and other capacities as an employee of the Defendant.

6. During the course of Decedent's employment with the Defendant, he was exposed to toxic substances, including but not limited to asbestos, asbestos dust and asbestos-containing products that caused him, in whole or in part, to develop the illness, mesothelioma.

7. The Decedent was diagnosed with mesothelioma on January 25, 2011, which is within three (3) years of filing this complaint. Accordingly, this action is filed within the three (3) year time period prescribed by 45 USC § 51, *et seq*.

8. At all times relevant, Decedent was unaware of the dangerous propensities of these toxic substances, including but not limited to asbestos, asbestos dust and asbestos-containing products and was unaware of the cause of his latent abnormal medical condition.

## COUNT I
### (Federal Employer's Liability Act)

9. Plaintiff realleges and incorporates the factual and jurisdictional allegations of Paragraphs 1 to 8 as if restated verbatim herein.

10. That the Defendant, by and through their duly authorized agents, servants and employees, were then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers Liability Act:

    a. in failing to provide Decedent with a reasonably safe place within which to work;

    b. in failing to furnish Decedent with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

    c. in failing to warn Decedent of the true nature and hazardous effects of the asbestos-related materials to which he was exposed;

    d. in failing to operate the locomotive repair facility in a safe and reasonable manner;

    e. in failing to provide instructions or a method for the safe use of asbestos;

    f. in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

    g. in failing to test asbestos-containing products prior to requiring employees to work with same, to determine their hazardous nature;

    h. in failing to formulate and implement a safe method of handling asbestos and asbestos-related materials and thereby exposing Decedent to concentrations sufficient to cause disease;

    i. in failing to provide Decedent with safe and proper ventilation systems in the locomotive repair facility;

  j. in allowing unsafe practices to become the standard practice;

  k. in failing to exercise reasonable care in publishing and enforcing a safety plan and method of working with or around asbestos;

  l. in failing to inquire of the suppliers of asbestos-containing products the hazardous nature of those materials;

  m. in requiring employees to work with hazardous products or materials;

  n. in failing to exercise adequate, if any, care for the health and safety of employees, including the Decedent;

  o. in failing to periodically test and examine Decedent to determine if he was subject to any ill effects of his exposure to asbestos;

  p. in failing to periodically inspect its locomotives or rail cars in order to ascertain any unsafe conditions related to asbestos;

  q. in allowing excessive dust or fumes from asbestos to exist and remain in the work area;

  r. in failing to conduct adequate, if any, industrial hygiene, epidemiological or medical studies related to asbestos and their effect on the employees of the Railroad.

  11. As a direct and proximate result, in whole or in part, of one or more of the foregoing foregoing negligent acts or omissions on the part of the Defendant, Decedent suffered exposure to toxic substances including asbestos and asbestos-containing materials that are a cause of the Decedent's injuries and ultimate death.

  12. That, as a direct and proximate result of the exposure referred to herein, Decedent suffered great pain, mental anguish, severe injuries and death. His enjoyment of life was greatly reduced as he suffered from mesothelioma. Decedent and his family were

forced to incur medical expenses by way of doctor, hospital and drug bills, as a result of this severe illness and devastating disease.

Wherefore, Plaintiff demands judgment against this Defendant for all damages allowed under the FELA in an amount to be determined by the trier of fact, and for such other and further relief as the Court may deem just and proper.

## COUNT II
### (Locomotive Inspection Act)

13. Plaintiff realleges the factual and jurisdictional allegations of Paragraphs 1 to 12 as if restated verbatim herein.

14. From 1950 through 1961, Decedent was employed by Norfolk Southern Railway Company or its predecessors first as a carman apprentice and then as an electrician, and again from 1963 through 1970 as a brakeman and conductor in Spencer, North Carolina shops, and continued in his employment in this and other capacities working in, on and about locomotives and their appurtenances, and was engaged in the performance of his duties at the time he was exposed to toxic substances including, but not limited to, asbestos.

15. At all times relevant hereto, the Defendant was engaged in interstate commerce as a common carrier by rail, by reason whereof the rights and liabilities of the parties were and are governed by the Act of Congress known as the Locomotive Inspection Act, 49 U.S.C. Section 20701, *et seq.*

16. The Defendant, by and through their agents, servants and employees, violated the Locomotive Inspection Act, in that it failed to provide Decedent with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the acts or omissions as described in Paragraph Ten (10) of Plaintiff's Complaint.

17. As a direct and proximate result of one or more of the above foregoing acts or omissions on the part of the Defendant, Decedent was forced to work on or about defective and unsafe locomotives and their appurtenances, all of which resulted in his injuries, which include but are not limited to debilitating pain, mental anguish, physical impairment, the loss of enjoyment of life, financial loss and ultimately, death.

WHEREFORE, Plaintiff demands judgment against this Defendant for all damages allowed under the FELA in an amount to be determined by the trier of fact, and for such other and further relief as the Court may deem just and proper.

### COUNT III
### (Wrongful Death)

18. Plaintiff realleges and incorporates the factual and jurisdictional allegations of Paragraphs I to 17 as if restated verbatim herein.

19. Helen G. Beck, individually and as Administratrix for the Estate of Kenneth Wiseman Beck, brings this action under the FELA to recover for the wrongful death, and the value of the life of Kenneth Wiseman Beck. As set forth above the Defendants' negligence was a direct and proximate cause of Kenneth Wiseman Beck's death.

20. WHEREFORE, Plaintiff demands judgment against these Defendants for all wrongful death damages allowed under the FELA in an amount to be determined by the trier of fact, and such other and further relief as the Court may deem just and proper.

### DAMAGES AND JURY DEMAND

WHEREFORE, Plaintiff, Helen G. Beck, individually, and as Administratrix for the Estate of Kenneth Wiseman Beck, demands judgment against the Defendant in an amount in excess of

the jurisdictional limitation and to be determined by the trier of fact, the costs of this action, and, for such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **WALLACE AND GRAHAM, P.A.**

        **ATTORNEYS FOR THE PLAINTIFF**


    BY:  /s/ Mona Lisa Wallace_____
           Mona Lisa Wallace
           N.C. Bar No. 9021


    BY:    /s/ William M. Graham_____
           William M. Graham
           N.C. Bar No. 17972
           525 North Main Street
           Salisbury, NC  28144
           (704) 633-5244
           mwallace@wallacegraham.com
           bgraham@wallacegraham.com