ASBESTOS, IAC

# U.S. District Court
# Western District of North Carolina (Asheville)
# CIVIL DOCKET FOR CASE #: 1:11−cv−00048−MR

Phillips v. Norfolk Southern Railway Company  
Assigned to: District Judge Martin Reidinger  
Demand: $75,000  
Cause: 28:1331 Fed. Question

Date Filed: 03/08/2011  
Jury Demand: Plaintiff  
Nature of Suit: 330 Federal Employer's Liability  
Jurisdiction: Federal Question

**Plaintiff**

Erik Ross Phillips     represented by    **William M. Graham**  
Wallace & Graham  
525 North Main Street  
Salisbury, NC 28144  
704−633−5244  
Fax: 704−633−9434  
Email: bgraham@wallacegraham.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Norfolk Southern Railway Company     represented by    **James M. Dedman , IV**  
Gallivan, White, & Boyd, P.A.  
P.O. Box 10589  
Greenville, SC 29603  
864−271−5436  
Fax: 864−271−7502  
Email: jdedman@gwblawfirm.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/08/2011 | 1 | 3 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 350 receipt number 0419−1295095), filed by Erik Ross Phillips.(Graham, William) (Entered: 03/08/2011) |
| 03/08/2011 | | | Case assigned to District Judge Martin Reidinger and Magistrate Judge Dennis Howell. *This is your only notice − you will not receive a separate document.*(jhg) (Entered: 03/08/2011) |
| 03/08/2011 | 2 | | Summons Issued Electronically as to Norfolk Southern Railway Company. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (jhg) (Entered: 03/08/2011) |

| | | | |
|---|---|---|---|
| 03/29/2011 | 3 | | ANSWER to 1 Complaint with Jury Demand by Norfolk Southern Railway Company.(Dedman, James) (Entered: 03/29/2011) |
| 03/29/2011 | 4 | | Corporate Disclosure Statement by Norfolk Southern Railway Company (Dedman, James) (Entered: 03/29/2011) |
| 03/31/2011 | | | NOTICE pursuant to Local Rule 16.1 you are **required** to conduct an Initial Attorney's Conference within 14 days. At the conference, the parties are **required** to discuss the issue of consent to jurisdiction of a magistrate judge in accordance with Local Rules 16.1(A) and 73.1(C). The **Certificate of Initial Attorneys Conference** should be filed within 7 days of the conference. If appropriate, a party may file a Motion to Stay the Initial Attorney's Conference. (jhg) (Entered: 03/31/2011) |
| 04/11/2011 | 5 | | MOTION to submit this case to the Judicial Panel MDL, Re: MDL Number 875, MDL Title: In Re: Asbestos Products Liability Litigation (No. VI) to transfer for coordinated or consolidated pretrial proceedings to the Eastern Dist of PA. by Erik Ross Phillips. (Attachments: # 1 Proposed Order)(Graham, William) Modified text on 4/13/2011 (ejb). (Entered: 04/11/2011) |
| 04/13/2011 | 6 | | **ORDER OF TRANSFER TO MDL 875 granting 5 Pltf's Motion to submit this case to the Judicial Panel MDL, Re: MDL Number 875, MDL Title: In Re: Asbestos Products Liability Litigation (No. VI) to transfer for coordinated or consolidated pretrial proceedings to the Eastern Dist of PA. Signed by Clerk, Frank G. Johns on 4/13/11. (ejb)** (Entered: 04/13/2011) |
| 04/13/2011 | | | NOTICE to Clerk of MDL Panel of tag−along case re: Asbestos Products Liability Litigation − MDL #875. (ejb) (Entered: 04/13/2011) |
| 04/13/2011 | | | Magistrate Judge Dennis Howell no longer assigned to case. (ejb) (Entered: 04/13/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) ) ) ) _____ ) ) ) This Document Relates to: ) ) ERIK ROSS PHILLIPS, ) ) ) Plaintiff, ) ) vs. ) ) NORFOLK SOUTHERN RAILWAY ) COMPANY, ) ) Defendant. ) ------------------------------------------------------------ ) | Civil Action No. MDL 875 Civil Action No. 1:11-cv-48 **COMPLAINT** |

COMES NOW the plaintiff named herein and alleges as follows:

1. Plaintiff is a citizen and resident of Buncombe County, North Carolina.

2. Norfolk Southern Railway Company is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia, and is the successor corporation to Southern Railway, and at all relevant times, the Defendant and/or Defendant's predecessors were doing business within the jurisdiction of this Court as common carriers of interstate and intrastate commerce and were engaged in interstate commerce and transportation.

3. Norfolk Southern Railway Company regularly and systematically conducts its business activities and affairs within Buncombe County, North Carolina.

4. This cause of action arises under the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60, the Federal Safety Appliance Act, 45 U.S.C. §§1-16, and the Locomotive Inspection Act, 47

U.S.C. §§ 20701-20703 as amended.  The courts of North Carolina have concurrent jurisdiction over this matter pursuant to 45 U.S.C. § 55.

5. Plaintiff was employed by Norfolk Southern Railway Company and worked from 1974 through 1985 as a switchman and a brake man in Old Fort, North Carolina.  During this period of time plaintiff worked in, on and around railroad cars, locomotives, locomotive steam generators and their appurtenances, locomotive repair shops and/or other shops and/or buildings, as a result of which he was exposed to asbestos dust and/or fibers.

6. At all material times, Plaintiff was engaged in the performance of his duties as an employee of the Defendant and/or Defendant's predecessor at the time in which he was exposed to asbestos dust and/or fibers.

7. At the time of his exposure to asbestos dust and/or fibers, the Plaintiff's job was in furtherance of interstate commerce.  The Plaintiff's work directly, closely and substantially affected the interstate commerce carried on by the Defendant Railroad and/or Defendant's predecessors.

8. In the performance of his duties, Plaintiff worked in, on and around railroad cars, locomotives, locomotive steam generators and their appurtenances, locomotive repair shops and/or other shops and/or buildings.

9. In the performance of his duties, Plaintiff used and/or worked around others who used and/or hauled asbestos and/or asbestos-containing products on railroad cars, locomotives and their appurtenances, and the Plaintiff was exposed to the inhalation of asbestos dust and/or fibers, resulting from the hauling and/or use of these products and/or materials.

10. While engaged in the course of his employment with the Defendant and/or Defendant's predecessors, the Plaintiff was required to work with and around toxic substances,

including but not limited to asbestos.

11. At all times relevant, Plaintiff was unaware of the dangerous propensities of asbestos and/or asbestos containing products.

12. At all times material hereto, Defendant and/or Defendant's predecessors knew or should have known that exposure to the inhalation of dust, including but not limited to, asbestos fibers was dangerous, toxic and potentially deadly.

13. At all times material hereto, Defendant and/or Defendant's predecessors knew or should have known that Plaintiff would be exposed to the inhalation of dust including, but not limited to, asbestos fibers resulting from the use of and/or handling of said products and/or said materials.

14. Despite this knowledge, Defendant and/or Defendant's predecessors:

(a) Failed to provide Plaintiff with a reasonably safe place to work;

(b) Failed to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) Failed to warn Plaintiff of the true nature and hazardous effects of asbestos containing products;

(d) Failed to operate the locomotive repair facility in a safe and reasonable manner;

(e) Failed to provide instructions or a method for the safe use of asbestos containing products;

(f) Failed to provide adequate, if any, instruction in the use and/or removal of asbestos products;

(g) Failed to test said products and/or materials prior to requiring employees to work

with the same, to determine their ultrahazardous nature;

(h) Failed to formulate and use a method of handling said products and/or materials, exposing Plaintiff to high concentrations of asbestos dust and/or;

(i) Failed to provide Plaintiff with safe and proper ventilation systems in the locomotive repair facility;

(j) Allowed unsafe practices to become the standard practice;

(k) Failed to exercise reasonable care in publishing and enforcing a safety plan and method of handling asbestos-containing products;

(l) Failed to inquire of the suppliers of asbestos of the hazardous nature(s) of asbestos;

(m) Required employees to work with ultrahazardous products and/or materials;

(n) Failed to exercise adequate, if any, care for the health and safety of employees, including the plaintiff;

(o) Failed to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to said products and/or materials;

(p) Failed to personally inspect the shops, buildings, equipment, railroad cars, locomotives, brakes, steam generators, and their appurtenances in order to ascertain any dust and/or fiber contamination;

(q) Failed to limit access to areas where these products and/or materials were being used;

(r) Failed to advise Plaintiff to shower before going home, failed to provide such shower facilities and failed to enforce the use of such facilities;

(s) Failed to advise Plaintiff to have his clothing and belongings cleaned outside of the

        home, failed to provide such cleaning services and failed to enforce the use of such services;

(t)    Failed to provide Plaintiff with separate lockers for clothing worn home to prevent such clothing from becoming contaminated with dust, including but not limited to asbestos fibers from clothing worn at work; and

(u)    Failed to test said products and/or materials prior to use by Defendant and/or Defendant's predecessors' employees.

15.    The Defendant and/or Defendant's predecessors failed to comply with the provisions and requirements of the Federal Employer's Liability Act, 45 U.S.C. § 51-60, as amended.

16.    The Defendant and/or Defendant's predecessors, through its agents, servants and employees, violated the Locomotive Boiler Inspection Act, 47 U.S.C. § 20701-20703, as amended, and Defendant and/or Defendant's predecessors failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or around.

17.    As a direct and proximate result of the above negligence and statutory violations of the Defendants and/or Defendant's predecessors, Plaintiff contracted mesothelioma, which was diagnosed on February 25, 2010. Prior to the date of diagnosis, Plaintiff neither knew of nor should have known of his injuries and/or the potential cause of those injuries.

18.    As a direct and proximate result of the negligence and statutory violations described above, Plaintiff has suffered great pain, extreme nervousness and mental anguish and believes that his illnesses are permanent in nature and that he will be forced to suffer from the same for the remainder of his live; Plaintiff has been obliged to spend various sums of money for treatment and he will be obliged to continue to do so in the future. Plaintiff, who was a strong and able-bodied

man, has sustained loss of earnings and earning capacities, and his abilities to render services society, affection, counseling and support to his families have been diminished, his life expectancy has been shortened and his enjoyment of life has been impaired. As a direct result of the negligence and statutory violations described above, Plaintiff suffers from extreme nervousness and mental anxiety.

WHEREFORE plaintiff named herein prays for judgment against the Defendant for actual damages in an amount to be determined by the trier of fact, for the costs of this action against Defendant, and for any such further relief as the Court may deem just and proper.

JURY TRIAL DEMANDED. Pursuant to Rule 38(b) of the North Carolina Rules of Civil Procedure, Plaintiff hereby requests a trial by jury.

This the 8th day of March, 2011.

           WALLACE and GRAHAM, P.A.
           Attorneys for Plaintiff


           By: /s/ Mona Lisa Wallace
           Mona Lisa Wallace
           North Carolina Bar No. 9021


           By:/s/ William M. Graham
           William M. Graham
           North Carolina Bar No. 17972

           301 North Main Street
           Salisbury, NC  28144
           704 633-5244