ADRMOP, E-Filing

# U.S. District Court
# California Northern District (Oakland)
# CIVIL DOCKET FOR CASE #: 4:11-cv-01753-PJH

| | |
|---|---|
| Juarez et al v. General Electric Company et al | Date Filed: 04/08/2011 |
| Assigned to: Hon. Phyllis J. Hamilton | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Irving Juarez**　　　　　　　　　　　represented by **Alan R. Brayton**
*as wrongful death heir of Albert Juarez*　　　　　　　Brayton Purcell LLP
*Sr.*　　　　　　　　　　　　　　　　　　　　　　222 Rush Landing Road
　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 6169
　　　　　　　　　　　　　　　　　　　　　　　　Novato, CA 94948-6169
　　　　　　　　　　　　　　　　　　　　　　　　415-898-1555
　　　　　　　　　　　　　　　　　　　　　　　　Fax: 415-898-1247
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　**David R. Donadio**
　　　　　　　　　　　　　　　　　　　　　　　　Brayton Purcell LLP
　　　　　　　　　　　　　　　　　　　　　　　　222 Rush Landing Road
　　　　　　　　　　　　　　　　　　　　　　　　Novato, CA 94948-6169
　　　　　　　　　　　　　　　　　　　　　　　　(415) 898-1555
　　　　　　　　　　　　　　　　　　　　　　　　Fax: 415-898-1247
　　　　　　　　　　　　　　　　　　　　　　　　Email: DDonadio@braytonlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Albert Juarez, Jr.**　　　　　　　　represented by **Alan R. Brayton**
*as wrongful death heir of Albert Juarez*　　　　　　　(See above for address)
*Sr.*　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　**David R. Donadio**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kim Short**　　　　　　　　　　　represented by **Alan R. Brayton**
*as Personal Representative of the*　　　　　　　　　(See above for address)
*Estate of Albert Juarez, Sr.*　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　**David R. Donadio**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Defendant**

General Electric Company

**Defendant**

CBS Corporation
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

Wayson Juarez

**Defendant**

Faith Soto

**Defendant**

Clayton Juarez

**Defendant**

Brendan Bense

**Defendant**

Koijoa Juarez

**Defendant**

Brandy Juarez

| Date Filed | # | Docket Text |
|---|---|---|
| 04/13/2011 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Phyllis J. Hamilton for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to the case. Signed by the Executive Committee on April 13, 2011. (cjl, COURT STAFF) (Filed on 4/13/2011) (Entered: 04/13/2011) |
| 04/12/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (ig, COURT STAFF) (Filed on 4/12/2011) (Entered: 04/12/2011) |
| 04/08/2011 | 6 | Declination to Proceed Before a U.S. Magistrate Judge by Albert Juarez, Jr, Irving Juarez, Kim Short. (vlk, COURT STAFF) (Filed on 4/8/2011) (Entered: 04/12/2011) |
| 04/08/2011 | 5 | Certificate of Interested Entities by Albert Juarez, Jr, Irving Juarez, Kim Short (vlk, COURT STAFF) (Filed on 4/8/2011) (Entered: 04/12/2011) |
| 04/08/2011 | 4 | NOTICE of Tag-Along Action by Albert Juarez, Jr, Irving Juarez, Kim Short (vlk, COURT STAFF) (Filed on 4/8/2011) (Entered: 04/12/2011) |

| 04/08/2011 | 3 | Summons Issued as to Brendan Bense, CBS Corporation, General Electric Company, Brandy Juarez, Clayton Juarez, Koijoa Juarez, Wayson Juarez, Faith Soto. (vlk, COURT STAFF) (Filed on 4/8/2011) (Entered: 04/12/2011) |
| --- | --- | --- |
| 04/08/2011 |  | CASE DESIGNATED for Electronic Filing. (vlk, COURT STAFF) (Filed on 4/8/2011) (Entered: 04/12/2011) |
| 04/08/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 7/13/2011. Case Management Conference set for 7/20/2011 01:30 PM. (Attachments: # 1 Standing Order)(vlk, COURT STAFF) (Filed on 4/8/2011) (Entered: 04/12/2011) |
| 04/08/2011 | 1 | COMPLAINT with jury demand (summons issued) against Brendan Bense, CBS Corporation, General Electric Company, Brandy Juarez, Clayton Juarez, Koijoa Juarez, Wayson Juarez, Faith Soto ( Filing fee $ 350, receipt number 34611058488.). Filed byKim Short, Albert Juarez, Jr, Irving Juarez. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(vlk, COURT STAFF) (Filed on 4/8/2011) (Entered: 04/12/2011) |

| PACER Service Center |||
| --- | --- | --- |
| Transaction Receipt |||
| 04/13/2011 16:55:13 |||
| PACER Login: | bp0355 | Client Code: |
| Description: | Docket Report | Search Criteria: | 4:11-cv-01753-PJH |
| Billable Pages: | 2 | Cost: | 0.16 |

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

E-filing

DMR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 11 1753

IRVING JUAREZ and ALBERT JUAREZ, JR., as Wrongful Death Heirs of ALBERT JUAREZ, SR., Deceased, and R. KIM SHORT, as Personal Representative of the Estate of ALBERT JUAREZ, SR., Deceased,

  Plaintiffs,

vs.

GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION),

  Defendants.

WAYSON JUAREZ, FAITH SOTO, CLAYTON JUAREZ, BRENDAN BENSE, KOIJOA JUAREZ, and BRANDY JUAREZ,

  Defendant heirs.

No. _____

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

I.

**PARTIES**

1. Plaintiffs in this action are the above-captioned successor-in-interest to, or the personal representative of the estate of Decedent; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as

1  "Plaintiffs." WAYSON JUAREZ, FAITH SOTO, CLAYTON JUAREZ, BRENDAN BENSE,
2  KOIJOA JUAREZ, and BRANDY JUAREZ are statutory Wrongful Death heirs of Decedent
3  ALBERT JUAREZ, SR., and are identified in the caption as nominal defendants ("Defendant
4  Heirs") as their consent to be joined as Plaintiffs could not be obtained.

5      2.    The person who sustained asbestos-related lung injuries and death as a result of
6  their inhalation of asbestos fibers through the person's occupational exposure to asbestos,
7  hereinafter "Decedent" is, with the date of death: ALBERT JUAREZ, SR. died April 11, 2010.
8  IRVING JUAREZ is the son of ALBERT JUAREZ, SR. and is hereinafter referred to as
9  "Successor-in-Interest."

10      3.    Decedent sustained an asbestos-related lung disease and death by precisely the
11  following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-
12  containing products at Decedent's jobsites. The pathogenesis of Decedent's asbestos-related
13  diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by
14  reference herein.

15      4.    All of plaintiff's claims arise out of a similar series of occurrences: repeated
16  exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants
17  and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period
18  of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent,
19  resulting in cumulative, progressive, incurable lung diseases.

20      5.    Each plaintiff claims damages for an asbestos-related disease arising from an
21  identical series of occurrences not dependent on Decedent's worksite but on the fact that
22  asbestos-containing products, when handled in the manner in which they were intended, released
23  harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease. The
24  allegations of plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature
25  of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are
26  all identical.

27      6.    Plaintiffs are informed and believe, and thereon allege, that at all times herein
28  mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole

1  proprietorships and/or other business entities organized and existing under and by virtue of the
2  laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
3  said defendants, and each of them, were and are authorized to do and are doing business in the
4  State of California, and that said defendants have regularly conducted business in the State of
5  California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7. Jurisdiction: Plaintiff IRVING JUAREZ is a citizen of the State of Oregon. Plaintiff(s) ALBERT JUAREZ, JR. are citizens of the following states, respectively: Oregon. Defendant heir WAYSON JUAREZ is a citizen of California. Defendant heir FAITH SOTO is a citizen of California. Defendant heir CLAYTON JUAREZ is a citizen of California. Defendant heir BRENDAN BENSE is a citizen of California. Defendant heir KOIJOA JUAREZ is a citizen of Hawaii. Defendant heir BRANDY JUAREZ is a citizen of Hawaii.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
| --- | --- |
| GENERAL ELECTRIC COMPANY | Connecticut |
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | New York/Delaware |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8. Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by plaintiffs herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

III.

CAUSES OF ACTION

FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF IRVING JUAREZ COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos. The following defendants, and each of them, are liable for the acts

1 of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
2 destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each
3 of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE
4 ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each
5 such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
6 role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
7 originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES |
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC.<br>CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br>WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY<br>B.F. STURTEVANT<br>KPIX TELEVISION STATION<br>PARAMOUNT COMMUNICATIONS, INC<br>GULF & WESTERN INDUSTRIES, INC.<br>NORTH & JUDD MANUFACTURING COMPANY |

19  10. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and
20 each of them, were and are engaged in the business of researching, manufacturing, fabricating,
21 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
22 supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,
23 promoting, representing, servicing, installing, contracting for installation, repairing, marketing,
24 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
25 otherwise directing and/or facilitating the use of, or advertising a certain product, namely
26 asbestos and other products containing asbestos.
27  11. At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
28 each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Decedent herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by "exposed persons."

12. Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

13. Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons," including Decedent herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

14. Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Decedent's exposure to asbestos and asbestos-containing products is on current information as set forth at

various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference herein.

15. As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Decedent as set forth in **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

16. Plaintiffs are informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

17. Decedent suffered from a condition related to exposure to asbestos and asbestos-containing products. Decedent was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

18. As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

19. As a direct and proximate result of the aforesaid conduct of the defendants, their ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value of medial care provided by Decedent's family members measured by, inter alia, the costs associated with the hiring a registered nurse, home hospice, or other service provider, the true and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and exact costs are known or at time of trial.

20. As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

1 related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,
2 from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven
3 at trial.

4     21. As a further direct and proximate result of the said conduct of the defendants,
5 their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,
6 entitlements, wages, profits, and commissions, a diminishment of earning potential, and other
7 pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is
8 requested to amend this complaint to conform to proof at the time of trial.

9     22. As a further direct and proximate result of the said conduct of the defendants,
10 their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-
11 containing products caused severe and permanent injury to Decedent, and ultimately Decedent
12 died on the date previously stated herein.

13     23. Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
14 directors and managing agents participated in, authorized, expressly and impliedly ratified, and
15 had full knowledge of, or should have known of, each of the acts set forth herein.

16     24. Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the
17 fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
18 and each defendant's officers, directors, and managing agents participated in, authorized,
19 expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
20 each of their ALTERNATE ENTITIES as set forth herein.

21     25. The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
22 and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in
23 conscious or reckless disregard and indifference to the safety, health, and rights of "exposed
24 persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive
25 damages against said defendants.

26     WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and
27 each of them, as hereinafter set forth.
28 ///

K:\Injured\115434\FED\PLD\cmp fed (wd).wpd     8
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION
(Products Liability - Survival)

PLAINTIFF IRVING JUAREZ AS SUCCESSOR-IN-INTEREST TO THE DECEDENT ALBERT JUAREZ, SR. COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

26. Plaintiffs incorporate herein by reference, as though fully set forth herein, each paragraph of the First Cause of Action herein.

27. Defendants, their "alternate entities," and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

28. Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their ALTERNATE ENTITIES, and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed persons," including Decedent herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

29. "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons." Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Decedent and others similarly situated were exposed.

30. In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

1  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,
2  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
3  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
4  did so with conscious disregard for the safety of "exposed persons" who came in contact with
5  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
6  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
7  death resulting from exposure to asbestos or asbestos-containing products, including, but not
8  limited to, asbestosis, other lung damages, and cancer. Said knowledge was obtained, in part,
9  from scientific studies performed by, at the request of, or with the assistance of, said defendants,
10 their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
11 defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

12     31.    On or before 1930, and thereafter, said defendants, their ALTERNATE
13 ENTITIES and each of them, were aware that members of the general public and other "exposed
14 persons," who would come in contact with their asbestos and asbestos-containing products, had
15 no knowledge or information indicating that asbestos or asbestos-containing products could
16 cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
17 members of the general public and other "exposed persons," who came in contact with asbestos
18 and asbestos-containing products, would assume, and in fact did assume, that exposure to
19 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
20 hazardous to health and human life.

21     32.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
22 of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
23 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
24 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
25 asbestos-containing products without attempting to protect "exposed persons" from, or warn
26 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
27 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
28 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

33. The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Decedent.

34. Plaintiffs allege that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for their intended use, but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

35. Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent suffered permanent injury and death as alleged herein.

///

36. As a direct and proximate result of the actions and conduct outlined herein, Decedent have suffered the injuries and damages herein alleged.

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

PLAINTIFF IRVING JUAREZ, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO ALBERT JUAREZ, SR. DECEASED, AND PLAINTIFF(S) ALBERT JUAREZ, JR. AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

37. Plaintiffs incorporate by reference each paragraph contained within the First Cause of Action as though fully set forth herein.

38. The heirs at law of the Decedent and their relationship to the Decedent is set forth above.

39. The individuals set forth as heirs constitute all of the surviving heirs of the Decedent.

40. As a direct and proximate result of the conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-containing products caused Decedent to develop diseases from which condition Decedent died. Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of filing the complaint.

41. At all times prior to his death, Decedent was a parent to plaintiff children.

42. As a direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss

of care, society, comfort, attention, services, and support of Decedent all to the damage of Decedent's heirs.

43. As a further direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount currently not ascertained.

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Products Liability - Wrongful Death)

PLAINTIFF IRVING JUAREZ, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO ALBERT JUAREZ, SR. DECEASED, AND PLAINTIFF(S) ALBERT JUAREZ, JR. AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

44. Plaintiffs incorporate herein by reference, as though fully set forth herein, each paragraph of the First, Second and Third Causes of Action herein.

45. As a direct and proximate result of the conduct of defendants, and each of them, Decedent's heirs have sustained the injuries and damages previously alleged.

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

### IV.

### DAMAGES AND PRAYER

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and each of them in an amount to be proved at trial in each individual case, as follows:

(a) For plaintiff's general damages according to proof;

| | | |
|---|---|---|
|1| (b) | For plaintiff's loss of income, wages and earning potential according to proof; |
|2| (c) | For plaintiff's medical and related expenses according to proof; |
|3| (d) | For plaintiff's cost of suit herein; |
|4| (e) | For exemplary or punitive damages according to proof; |
|5| (f) | For damages for fraud according to proof; and |
|6| (g) | For such other and further relief as the Court may deem just and proper, including |

costs and prejudgment interest.

Dated: 4/8/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: 4/8/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

K:\Injured\115434\FED\PLD\cmp fed (wd).wpd                    14
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1  EXHIBIT A

2  <u>Decedent</u>: ALBERT JUAREZ, SR., Deceased.

3

4  <u>Decedent's injuries</u>: Decedent was diagnosed with asbestos-related pleural disease on or about
5  2004 and lung cancer on or about 2009.

6

7  Decedent died on April 11, 2010.

8

9  <u>Retirement Status</u>:   Decedent retired from his last place of employment at regular retirement
10 age. He had therefore suffered no disability from his asbestos-related disease as "disability" is
11 defined in California Code of Civil Procedure § 340.2.

12

13 <u>Defendants:</u> Plaintiffs contends that the asbestos-containing products to which Decedent was or
14 may have been exposed to were manufactured, supplied, distributed, installed and/or contracted
15 for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following
16 times and places, and involved exposure to dust created by the contractors and the products of the
17 entities listed below.   The exposure includes, <u>but is not limited,</u> to the following presently known
18 contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | <u>TEXAS</u> (BB-35), Naval Repair Facility, Okinawa, Japan | Boilermaker | 1945-late 1940s |
| US Navy | <u>PRINCETON</u> (CV-37) | Boilermaker | Late 1940s - approx. 1950 |
| US Navy | <u>FLETCHER</u> (DDE-445) | Boilermaker | Approx. 1950-1953 |
| Camarillo State Hospital, Camarillo, CA | Camarillo State Hospital, Camarillo, CA | Plumber | 11/1967-1989 |