UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>NO VI<br><br>This Document Relates To: | MDL 875 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREW SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>3M COMPANY fka MINNESOTA MINING AND MANUFACTURING COMPANY, ALLIED PACKING & SUPPLY, INC., ASBESTOS CORPORATION, LTD., ATLANTIC RICHFIELD COMPANY, CHEVRON U.S.A. INC., CROWN CORK & SEAL COMPANY, INC. individually and as successor-in-interest to MUNDET CORK COMPANY, GENERAL ELECTRIC COMPANY, LOS ANGELES RUBBER COMPANY, METALCLAD INSULATION CORPORATION, NATIONAL STEEL AND SHIPBUILDING COMPANY, OWENS-ILLINOIS, INC., PARKER-HANNIFIN CORPORATION, As Successor-In-Interest to Sacomo Sierra, QUINTEC INDUSTRIES, INC., RAPID-AMERICAN CORPORATION, RIC-WIL, INCORPORATED, SANTA FE BRAUN, INC. as successor-in-interest to C.F. BRAUN & CO., SEQUOIA VENTURES, INC., SOUTHERN CALIFORNIA EDISON COMPANY, and DOES 1 – 800,<br><br>        Defendants. | (ASBESTOS)<br>U.S.D.C. Northern District of California<br>Case No. 4:11-cv-01073 CW<br><br>Alameda County Superior Court<br>Case No. RG10544220 |

**DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 373**

1

I. **INTRODUCTION**

Defendant NATIONAL STEEL AND SHIPBUILDING COMPANY ("NASSCO") opposes the Motion to Vacate Conditional Transfer Order 373 ("CTO-373") filed by Plaintiff WILLIAM ANDREW SMITH ("Plaintiff") in the case of *William Andrew Smith vs. 3M Company fka Minnesota Mining And Manufacturing Company, et al.*, Civil Action Number 4:11-cv-01073 CW (N.D. Cal.). This case was removed by NASSCO to the Northern District of California on March 8, 2011, based on Plaintiff's contention that he was exposed to asbestos while doing insulation work on Navy ships at NASSCO's shipyard.

*Only two days after removal*—on March 10, 2011—this Panel issued CTO-373, which conditionally transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. But for Plaintiff's objection to this transfer order, this matter would already have been sent to the Eastern District of Pennsylvania (the transfer order was to have gone in effect on March 18, 2011) for further handling), and could already have been proceeding along under Hon. Judge Eduardo Robreno's management.

Plaintiff's innuendos to the contrary, cases sent to the Asbestos MDL have been moved through the federal court system with admirable rapidity. There is no reason to expect that Mr. Smith's case would be treated any differently, and absolutely no foundation to Plaintiff's implications that he would be denied "due process" if his case were sent to the Asbestos MDL. Accordingly, to ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-373.

II. **TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.**

For both efficiency and consistency, this Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, this Panel has denied these types of motions in numerous prior asbestos cases. (See, e.g., *In re Asbestos*

*Products Liability Litigation,* 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation,* 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).)

NASSCO contends that the only factual issues germane to CTO-373 are already known and stated in Plaintiff's motion. Namely, it is contended that Plaintiff contracted mesothelioma as a result of his exposure to asbestos. (Plaintiff's Motion To Vacate, at Page 2.) This is exactly the type of asbestos personal injury case that should be transferred to MDL-875.

Although Plaintiffs have filed a motion to remand in this case, it has not yet been decided by the district court[1], but can just as easily be decided by the MDL Panel after transfer. Plaintiff's jurisdictional objection does not change this fact.

Based on NASSCO's invocation of federal jurisdiction, transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings would be appropriate. This Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. Even where, as here, Plaintiff has raised a jurisdictional issue in the California district court, a determination of that issue is well within the transferee court's authority and should be heard by them. In any event, the transfer and coordination or consolidation of cases like Mr. Smith's promotes judicial efficiency and consistency regarding the litigation and resolution of asbestos cases in the federal courts.

**A.    The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.**

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re*

---

[1] Plaintiff's Motion to Remand has been fully briefed, and a decision by the Hon. Claudia Wilken is pending. Should the case be transferred before the motion is decided, however, nothing would prevent Plaintiff from requesting that their remand motion be considered by the MDL panel.

*Ivy*, 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a motion to remand does not compromise this Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. The existence of such a pending motion in this case does not mandate a return of this case to the district court.

**B.     Transfer Promotes Judicial Efficiency and Consistency.**

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, at *2 (E.D. La., February 24, 1995).)

In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation… In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other

matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. (*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).)

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. Ill., Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane*, 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.*, 340 F. Supp. 492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. (See, e.g., *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation* (J.P.M.L. June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

Regardless of Plaintiff's contentions, the sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." (*In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).) In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case.

This panel has definitively addressed this point some time ago:

[T]here is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending,

5

or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.*, 2001 WL 980541, at *1 (J.P.M.L. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (*See*, e.g., *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); see also *In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

C.  **Transfer Does Not Deny Plaintiff Due Process**.

Finally, Plaintiff argues that transfer to the Asbestos MDL would violate his right to due process because the MDL is "tedious, slow-paced, [and] backlogged" and has an "unpredictable but almost always delayed motion practice…." (Plaintiff's Motion to Vacate, at p. 11.) Plaintiff's attempts to slander the Asbestos MDL—without citation to any relevant case authority or any factual support—must be rejected.[2]

As noted above, the Asbestos MDL was created to promote the "just and efficient conduct" of the actions transferred to it, not to interminably delay them. (See *In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) Plaintiff makes no showing that he would be deprived of "life, liberty, or property" in some meaningless time or manner if his case were to be sent to the Asbestos MDL. Mr. Smith suggests that should he pass away during the course of this litigation, he would have been deprived of his ability to obtain certain forms of damages. But, this does

---

[2] Notably, the cases cited in Plaintiff's brief that suggest the Asbestos MDL are often "significantly delayed" are not of recent vintage—*Alexander v. A.P. Green Indus. Inc.*, 44 F.Supp.2d 368 (D.Me. 1999) and *Hilbert v. McDonnell Douglas Corp.*, 529 F.Supp.2d 187 (D.Mass. 2008)—and both pre-date Judge Robreno's assumption of a managing role in the Asbestos MDL litigation in the Eastern District of Pennsylvania.

not, in and of itself, amount to a complete deprivation of a right to recover compensation for his injuries, in that his heirs would retain the right to amend the complaint to state a cause of action for wrongful death, and Mr. Smith's claims of injury due to asbestos exposure could still be vindicated in a federal trial.

Transfer of this case to the Asbestos MDL should not be blocked by an unsupported assertion of a "due process" constitutional hurdle. Accordingly, Plaintiff's motion must be denied.

### III.  CONCLUSION

For all of the reasons set forth above, and because (1) this Panel has the authority to transfer despite the pendency of Plaintiff's motion to remand; (2) the transferee district is best positioned to handle such issues in a coordinated or consolidated manner, and (3) such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiff's Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

Defendant NASSCO accordingly respectfully requests that this Panel *deny* Plaintiff's Motion to Vacate Conditional Transfer Order 373.

Dated: April 15, 2011                           BRYDON HUGO & PARKER

                                        By:    /s/ Thomas J. Moses
                                               Edward R. Hugo
                                               P. M. Bessette
                                               Thomas J. Moses
                                               Attorneys for Defendant
                                               NATIONAL STEEL AND
                                               SHIPBUILDING COMPANY
                                               BRYDON HUGO & PARKER
                                               135 Main Street, 20th Floor
                                               San Francisco, CA 94104
                                               Telephone: (415) 808-0300
                                               Facsimile: (415) 808-0333
                                               Email: tmoses@bhplaw.com
                                                      pbessette@bhplaw.com