UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (No. VI)**

| | | |
|---|---|---|
| Joanie L. Jefferson, et al. v. American Sugar Refining, Inc., et al., | ) | |
| E.D. Louisiana, C.A. No. 2:10-4442 | ) | |
| Marvin Eisenberg, et al. v. American Optical Corp., et al. | ) | MDL No. 875 |
| S.D. New York, C.A. No. 1:11-393 | ) | |
| Cathy Ann Baxley, etc. v. Advance Auto Parts Inc., | ) | |
| D. South Carolina, C.A. No. 3:10-2985 | ) | |

**TRANSFER ORDER**

**Before the Panel:**[*]   Plaintiffs in actions pending in the Eastern District of Louisiana (*Jefferson*), the Southern District of New York (*Eisenberg*), and the District of South Carolina (*Baxley*) have moved, pursuant to Rule 7.1, to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875.  Responding defendants oppose the motions to vacate.[1]

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to that district for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  We further find that transfer of these actions is appropriate for the reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products.[2]  *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L.

---

[*]   Judge John G. Heyburn II took no part in the disposition of this matter.

[1]   These defendants are:  Cooper/T. Smith Stevedoring Company (as to the *Jefferson* action), Lorillard Tobacco Company and Hollingsworth & Vose Company (as to the *Eisenberg* action), and Reliance Electric Company (as to the *Baxley* action).

[2]   We note that the transferee judge, the Honorable Eduardo C. Robreno, has established a comprehensive management plan pursuant to which all MDL No. 875 actions in which pretrial proceedings (including good-faith settlement negotiations) have been completed should be ready for remand to their transferor courts within the coming months.  We trust that all parties will continue to timely and fully comply with all orders issued by Judge Robreno, and thereby help
(continued…)

- 2 -

1991).  These actions are asbestos personal injury (*Eisenberg*) or wrongful death (*Baxley* and *Jefferson*) actions, and thus clearly fall within the MDL's ambit.

Plaintiffs in all three actions principally argue that the Panel should deny or defer transfer in order to permit the resolution of their motions for remand to state court.  As we have previously stated on multiple occasions, there is no need to delay transfer in order to accommodate such an interest.  Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so.  Indeed, in this instance, the District of South Carolina court has already denied the *Baxley* plaintiff's remand motion.

In further argument against transfer, the *Eisenberg* plaintiffs cite serious health issues involving the plaintiff husband.  Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern.  It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

David R. Hansen                    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.               Barbara S. Jones
Paul G. Barbadoro

---

[2](…continued)
ensure that this long-running litigation may be fully resolved without unnecessary delay.