# U.S. District Court
# District of South Carolina (Charleston)
# CIVIL DOCKET FOR CASE #: 2:11-cv-00891-ASB
# Internal Use Only

Tyndall et al v. ACE American Insurance Company et al  
Assigned to: Unassigned - ASB  
Cause: 28:1332 Diversity-Asbestos Litigation  

Date Filed: 04/13/2011  
Jury Demand: None  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity  

### Plaintiff

**Jammie C Tyndall**  
*individually and as personal representative of the Estate of James O Carawan along with Joyce Carawan as surviving spouse*

represented by **Christian Hancock Hartley**  
Maune Raichle Hartley French and Mudd  
PO Box 2492  
Mt Pleasant, SC 29465  
843-388-1330  
Email: chartley@mrhfmlaw.com  
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Joyce Carawan**  
*as surviving spouse*

represented by **Christian Hancock Hartley**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**ACE American Insurance Company**  
*fka Insurance Company of North America individually and as successor in interest to C G Willis Inc Willis Barge Lines Inc and or Christopher H Willis individually and dba C G Willis Inc and or Willis Barge Lines Inc a Pennsylvania Corporation*

### Defendant

**Ace Property and Casualty Insurance Company**  
*fka Insurance Company of North America individually and as successor in interest to C G Willis Inc Willis Barge Lines Inc and or Christopher H Willis individually and dba C G Willis Inc and or WIllis Barge Lines Inc A Pennsylvania Corporation*

### Defendant

**Insurance Company of America**
*Individually and as successor in interest to*
*C G Willis Inc Willis Barge Lines Inc and*
*or Christopher H Willis individually and*
*dba C G Willis and or Willis Barge Lines*
*Inc A Pennsylvania Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/13/2011 | 1 | COMPLAINT against All Defendants ( Filing fee $ 350 receipt number 0420-3321949.), filed by Joyce Carawan, Jammie C Tyndall.(jsmi, ) (Entered: 04/15/2011) |
| 04/13/2011 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (jsmi, ) (Entered: 04/15/2011) |
| 04/15/2011 | 3 | Summons Issued as to ACE American Insurance Company, Ace Property and Casualty Insurance Company, Insurance Company of America. (gpre, ) (Entered: 04/15/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAMMIE C. TYNDALL, individually and as personal representative of the ESTATE OF JAMES O. CARAWAN, along with JOYCE CARAWAN, as surviving spouse<br><br>Plaintiff,<br><br>vs.<br><br>ACE AMERICAN INSURANCE COMPANY, f/k/a Insurance Company of North America individually and as successor-in-interest to C.G. WILLIS, INC., WILLIS BARGE LINES, INC., and/or CHRISTOPHER H. WILLIS, individually and d/b/a CG Willis, Inc. and/or Willis Barge Lines, Inc.<br>A Pennsylvania Corporation<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, f/k/a Insurance Company of North America, Individually and as successor-in-interest to C.G. WILLIS, INC. WILLIS BARGE LINES, INC., and/or CHRISTOPHER H. WILLIS, individually and d/b/a CG Willis, Inc. and/or Willis Barge Lines, Inc.<br>A Pennsylvania Corporation<br><br>INSURANCE COMPANY OF AMERICA, Individually and as successor-in-interest to C.G. WILLIS, INC., WILLIS BARGE LINES, INC. and/or CHRISTOPHER H. WILLIS, individually and d/b/a C.G. Willis and/or Willis Barge Lines, Inc.<br>A Pennsylvania Corporation<br><br>Defendants. | DSC Case No.: 2:11-cv-891-ASB<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

COMES NOW, JAMMIE C. TYNDALL AND JOYCE CARAWAN, Plaintiffs in the above-captioned action, through undersigned counsel, who respectfully avers before this Honorable Court as follows:

## JURISDICTION

1. Plaintiffs are informed and believe this Action arises under and is governed by the General Maritime Law of the United States, the Merchant Marine Act of 1920, otherwise known as the Jones Act, 46 U.S.C . § 30104, Sections 15-5-90 and 15-51-10 of the South Carolina Code of Laws, all laws supplementary and amendatory thereto, and all precedent interpreting same.

2. The subject matter is also proper in this District pursuant to 28 U.S.C. § 1367 wherein this court has original jurisdiction over the admiralty, maritime causes of action, it shall have supplemental jurisdiction over all the other claims so related in this action.

3. Plaintiffs bring this action based on the negligence of certain entities exposing James O. Carawan (hereinafter "Mr. Carawan") to asbestos; thereby causing an asbestos-induced illness, namely mesothelioma, resulting from his exposure to asbestos from approximately 1971 through 1994, and resulting in his untimely death. The above named Defendants are successors-in-interest to the liabilities of the below-described entities.

## FACTS

4. CHRISTOPHER H. WILLIS (individually and d/b/a CG Willis, Inc. and/or Willis Barge Lines, Inc.) CG WILLIS, INC, and WILLIS BARGE LINES, INC. (Jointly referred to as "WILLIS") were at all times material hereto, and for sometime prior thereto and until June 2000, affiliated and indistinguishable companies engaged in the business of towing on and throughout navigable waterways of the United States; and for the purpose thereof did operate and do business in and about the Port of Charleston and the Port of Georgetown, in the State of South

2

Carolina.

5. WILLIS were the owners, operators, charterers, sub-charterers, and/or managing agents of the tug Patricia.

6. WILLIS employed Mr. Carawan between 1972 and 1994 and in the course and scope of his duties with WILLIS, Mr. Carawan sustained injuries while aboard the Patricia in the jurisdictional navigable waters of Charleston County.

7. Mr. Carawan began his employment with the WILLIS as a deckhand, and thereafter served as a member of the crew and tugboat captain of the tug Patricia.

8. As a member of the crew of the tug Patricia, Mr. Carawan contributed to the mission of said tug, i.e. to perform a variety of marine towing, pushing, and transportation related functions.

9. As a member of the crew of the tug Patricia, Mr. Carawan was more or less permanently connected to and performed a substantial portion of his work on an identifiable fleet of vessels.

10. Accordingly, Mr. Carawan was employed as a seaman within the meaning of the Jones Act, 46 U.S.C. § 30104.

11. The tug Patricia, and its various appurtenances, were constructed, maintained, and/or repaired at various times with products containing asbestos, and at all periods pertinent hereto contained asbestos.

12. Beginning in 1972, Mr. Carawan was engaged in the course of his employment with the WILLIS aboard their vessels and its facilities, and in the course of his employment he was caused to work with, and in the vicinity of, great quantities of asbestos and asbestos-containing products and materials, which caused him to become severely and permanently injured as a result of his occupational exposure to asbestos fibers.

13. At all times relevant herein, Mr. Carawan was unaware of the dangers associated with asbestos exposure and of the cause of his latent medical condition.

14. At all times relevant herein, the WILLIS, their agents, employees, predecessors, successors, and assigns, knew or should have known that asbestos causes disabling and ultimately fatal diseases and processes, including but not limited to mesothelioma.

15. Asbestos and asbestos fibers were introduced into the lungs of Mr. Carawan when he breathed the air while actually working with or in close proximity to asbestos products, his fellow crew members, and other contractors.

16. Upon information and belief, one or more of Defendants, ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY COMPANY, and/or INSURANCE COMPANY OF AMERICA, are the succesors-in-interest to the liabilities of the WILLIS, and as such are named in the Complaint in their individual capacities and as successors-in-interest to the WILLIS for the injuries sustained to Plaintiffs' Decedent.

17. After a biopsy on or about March 18, 2008, Mr. Carawan was diagnosed with mesothelioma at Craven Regional Medical Center.

18. Mr. Carawan died from this disease on April 13, 2008.

## FOR A FIRST CAUSE OF ACTION

### (Jones Act Negligence)

29. WILLIS and Defendants breached their duty of care and were negligent in that they knew or should have known that their aforementioned asbestos products were likely to cause respiratory diseases and accompanying processes in individuals exposed to said products with no warnings or adequate warnings that exposure to the same was likely to cause respiratory disease processes when they knew or in the exercise of ordinary care should have known that such

4

warnings were reasonably necessary to avoid injury to individuals, and the instant Defendants were otherwise negligent in failing to properly provide for the safety and well-being of persons such as Mr. Carawan to whom they owed a duty of ordinary care.

24. The negligence of WILLIS and Defendants, their agents, servants or employees, acting individually or concurrently, contributed in some way, however slight, to Mr. Carawan's injuries in the following respects:

- (a) Failing to provide Mr. Carawan with a reasonably safe place within which to work;

- (b) Failing to furnish Mr. Carawan with safe and suitable tools and equipment, including adequate protective masks and/ or protective inhalation devices;

- (c) Failing to warn Mr. Carawan of the true nature and hazardous effects of the asbestos-related materials;

- (d) Failing to provide instructions or a method for the safe use of asbestos;

- (e) Failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

- (f) Failing to test asbestos-containing products prior to requiring employees to work with same, to determine their ultra-hazardous nature;

- (g) Formulating and using a method of handling asbestos and asbestos-related materials that exposed Mr. Carawan to high concentrations of asbestos fibers;

- (h) Failing to provide Mr. Carawan with safe and proper ventilation systems in the vessels' repair facility;

- (i) Allowing unsafe practices to become the standard practice;

- (j) Failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products;

- (k) Failing to inquire of the suppliers of asbestos-containing products, the hazardous nature of asbestos;

- (l) Requiring employees to work with an ultra-hazardous product;

(m) Failing to exercise adequate, if any, care for the health and safety of employees, including Mr. Carawan;

(n) Failing to periodically medically test and examine Mr. Carawan to determine if he was subject to any ill effects of his exposure to asbestos-related products;

(o) Failing to periodically inspect its vessels and their appurtenances to ascertain any contamination by asbestos fibers.

(p) Exposing Mr. Carawan to asbestos products that it knew to be deadly without adequate warnings to workers such as Mr. Carawan;

(q) Failing to advise Mr. Carawan of the dangerous characteristics of asbestos and asbestos-related products;

(r) Failing or omitting to provide Mr. Carawan with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, it was in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related insulation materials;

(s) Inadequately or untimely warning, if, in fact, it warned at all, persons such as Mr. Carawan of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after it knew of the dangers and cancer-causing effects, and up until the present time;

(t) Failing to improve the work environment upon notice of the damages associated with asbestos;

(u) Failing to maintain the vessels in a condition which would prevent asbestos-related illnesses to seaman;

(v) Failing to post or observe manufacturer's warnings;

(w) Failing to comply with the legally-required duty to exercise reasonable care for the safety of Mr. Carawan; and

(x) All other instances of negligence which will be shown following discovery and the trial of this cause.

25. In addition, the WILLIS and Defendants were negligent *per se* in that they failed to insure the vessels and workplaces compiled with standards set by the Occupational Safety and Health Administration related to asbestos exposure.

26. As a proximate result of the exposure to the asbestos products, Mr. Carawan developed, suffered, and died from asbestos-related disease including mesothelioma.

27. As a proximate result of the negligence of the Defendants and Mr. Carawan's exposure to the asbestos products, Mr. Carawan suffered damages of a personal and pecuniary nature including, but not necessarily limited to, conscious pain and suffering, disability, medical expenses and other various damages.

## FOR A SECOND CAUSE OF ACTION

### (Unseaworthiness)

28. Plaintiffs restate and re-allege each and every allegation of the preceding paragraphs.

29. At and before the time of the accident, the WILLIS and Defendants owed to Mr. Carawan an absolute and non-delegable duty to provide a vessel and crew that were seaworthy.

30. The subject vessels, their personnel, and the methods, practices and procedures relating to the operation and navigation of the subject vessels were unseaworthy in that the equipment and appurtenances of the vessel contained asbestos, the crew was improperly trained to prevent asbestos-related diseases, and the crew and vessel were without adequate means and/or equipment to prevent inhalation of asbestos fibers, and therefore the vessels and their appurtenances were inadequate for their intended purpose and posed an unreasonable risk of harm to Mr. Carawan and to others similarly situated, along with other conditions of unseaworthiness which will appear more fully at the trial of this cause.

31. The above-described unseaworthiness played a substantial part in bringing about or actually causing the injuries described above and the injury was either a direct result or a reasonably probable consequence of the unseaworthiness.

32. Alternatively, the above-described conditions of unseaworthiness concurred with the

above-described act(s) of Jones Act negligence as the proximate cause of Mr. Carawan's illness and death.

## FOR A THIRD CAUSE OF ACTION

### (Maintenance and Cure)

33. Plaintiffs restate and re-allege each and every allegation contained in the above paragraphs.

34. As a seaman, Mr. Carawan was entitled to maintenance and cure, among other remedies, for an on the job injury;

35. Defendants are therefore legally obligated to pay, and Plaintiffs hereby demand immediate payment of all medical expenses related to his injuries and a stipend equivalent to the rate of maintenance applicable under the General Maritime Law until the point of his death.

## FOR A FOURTH CAUSE OF ACTION

### (Wrongful Death)

36. Plaintiffs re-allege and reiterates the preceding paragraphs as though fully set forth herein, and further alleges:

37. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the applicable standards of care by WILLIS and Defendant, Mr. Carawan suffered from severe debilitating illnesses which resulted in his death, as a result of which Mr. Carawan's statutory beneficiaries have lost his aid, comfort, support, society and companionship, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, the likes of which no person should endure, for which the Plaintiffs are entitled to

8

recover on behalf of statutory beneficiaries, actual and punitive damages pursuant to 46 U.S.C. § 30104 and South Carolina Code Ann. § 15-51-10, *et seq.,* in an amount to be determined by a jury at trial.

## FOR A FIFTH CAUSE OF ACTION

### (Survivorship)

38. Plaintiffs re-allege and reiterate the paragraphs as though fully set forth herein, and further alleges:

39. The Decedent's estate, as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of the Defendants, as aforesaid, has further incurred expenses in the form of funeral and burial expenses. The Plaintiffs are further informed and believe that the Decedent suffered fear, physical pain, suffering, and mental and emotional distress and anguish in the time before his death, for which the Decedent's estate is entitled to an award of actual and punitive damages pursuant to 46 U.S.C. § 30104 and South Carolina Code Ann. § 15-5-90 in an amount to be determined by a jury at the trial of this action.

## DAMAGES

As a result of the development of mesothelioma, and other industrial dust diseases caused by breathing Defendants' asbestos-containing products, Mr. Carawan has suffered and sustained very serious injuries to his person requiring medical treatment resulting in his death.

Mr. Carawan has further suffered great pain, extreme nervousness and mental anguish as a direct result of the aforesaid injuries.

Plaintiffs verily believe that Mr. Carawan's injuries and illnesses forced him to suffer same for the remainder of his life, that his enjoyment of life was greatly impaired and, further, that his expected life span was greatly shortened.

9

Plaintiffs allege that as a result of the aforesaid illnesses, Mr. Carawan was forced to incur large amounts of medical expenses by way of doctor and drug bills, all of Mr. Carawan's damage, compensatory and punitive in amounts to be determined by the trier of fact.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Jammie C. Tyndall, individually and as personal representative of the estate of James Carawan, and Joyce Carawan as surviving spouse demand judgment against all Defendants, in an amount greatly in excess of the minimum jurisdictional amount of this Court and in an amount sufficient to cover all compensatory damages, as well as punitive and exemplary damages, costs, attorney's fees, and pre-judgment interest in such amounts as deemed right and just to be determined by the trier of facts after a trial of this cause.

As a proximate result of the acts and/or omissions of the WILLIS and Defendants more specifically described above, Plaintiff suffers damages recognizable under the statutory and general maritime law of the United States for survival and wrongful death, which include losses from the onset of Mr. Carawan's asbestos-related medical condition. As a result of WILLIS and Defendants' negligence, unseaworthiness, and the causes of action stated herein, Plaintiff is entitled, for the benefit of the estate and James O. Carawan's beneficiaries, to damages which include:

(a) Loss of wages;

(b) Loss of wage-earning capacity;

(c) Medical expenses and damaged credit rating;

(d) Loss of services;

(c) Pain and suffering;

(f) Attendant care;

10

(g)     Mental anguish;

(h)     Loss of use and enjoyment of life;

(i)     Loss of Support;

(j)     Loss of Inheritance;

(k)     Loss of nurture;

(l)     All other damages which may be proven at the trial of this cause.


WHEREFORE, Plaintiffs pray for judgment against all Defendants for actual and punitive damages in amounts to be determined by the trier of fact, and costs.

                                              RESPECTFULLY SUBMITTED,


                                              s/Christian Hartley_____
                                              CHRISTIAN HARTLEY
                                              Maune Raichle Hartley French & Mudd, LLC
                                              Post Office Box 2492
                                              Mount Pleasant, South Carolina 29465
                                              Office: 843.388.1330
                                              Fax: 803.753.9931
                                              chartley@christianhartley.com


Mt. Pleasant, South Carolina
Dated: This 13th day April, 2011.