# U.S. District Court
## Middle District of Louisiana (Baton Rouge)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00166-BAJ -CN

Porter v. Greater Baton Rouge Port Commisson et al

Assigned to: Judge Brian A. Jackson

Referred to: Magistrate Judge Christine Noland

Case in other court:  18th Judicial District Court, 39019

Cause: 28:1441 Notice of Removal-Asbestos Litigation

Date Filed: 03/18/2011

Jury Demand: None

Nature of Suit: 340 Marine

Jurisdiction: Federal Question

**Plaintiff**

**Arthur J Porter**
       represented by   **Brian Francis Blackwell**
Blackwell & Associates
9270 Siegen Lane
Suite 201
Baton Rouge, LA 70810
225-769-2462
Fax: 225-769-2463
Email: brian@blackwell-associates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis J. Lambert , Jr.**
6513 Perkins Road
Suite 107
Baton Rouge, LA 70808
225-763-6161
Fax: 225-757-0106

**Sandra A. Jelks**
Blackwell & Associates
9270 Siegen Lane
Suite 201
Baton Rouge, LA 70810
225-769-2462
Email: sandy@blackwell-associates.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joyce Marie Porter**
       represented by   **Brian Francis Blackwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis J. Lambert , Jr.**
(See above for address)

**Sandra A. Jelks**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Greater Baton Rouge Port Commisson**     represented by   **Stephen W. Glusman**
Glusman, Broyles & Glusman
P. O. Box 2711
Baton Rouge, LA 70821-2711
225-387-5551
Fax: 225-387-5561 FAX
Email: sglusman@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Industrial Development Corporation of South
Africa, Ltd.**     represented by   **Philip C. Brickman**
Fowler, Rodriguez - NO
400 Poydras Street
30th FLoor
New Orleans, LA 70130
504-523-2600
Fax: 504-523-2705
Email: pbrickman@frvf-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonio J. Rodriguez**
Fowler Rodriguez Valdes-Fauli
400 Poydras Street, 30th Floor
New Orleans, LA 70130
504-523-2600
Fax: 504-523-2705
Email: ajr@frvf-law.com
*ATTORNEY TO BE NOTICED*

**Susan G. Keller-Garcia**
Fowler, Rodriguez & Chalos - NO
400 Poydras Street, 30th Floor
New Orleans, LA 70130
504-523-2600
Fax: 504-523-2705
Email: skgarcia@frvf-law.com
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Marion J. Bergeron**
*Executive Officer of Baton Rouge Marine
Contractors, Inc.*     represented by   **Patrick E. Costello**
Mouledoux, Bland, Legrand & Brackett
Suite 4250 One Shell Square
701 Poydras Street
New Orleans, LA 70139-4250
504-595-3000
Fax: 504-522-2121
Email: pcostello@mblb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacques P. DeGruy**
Mouledoux, Bland, Legrand & Brackett
Suite 4250 One Shell Square
701 Poydras Street
New Orleans, LA 70139-4250
504-595-3000

Fax: 504-522-2121
Email: jdegruy@mblb.com
*ATTORNEY TO BE NOTICED*

**Trevor M. Cutaiar**
Mouledoux Brand Legrand and Brackett
701 Poydras Street
Suite 4250
New Orleans, LA 70139
504-595-3000
Fax: 504-522-2121
Email: tcutaiar@mblb.com
*ATTORNEY TO BE NOTICED*

**Wilton Ellwood Bland , III**
Mouledoux, Bland, Legrand & Brackett
Suite 4250 One Shell Square
701 Poydras Street
New Orleans, LA 70139-4250
504-595-3000
Fax: 504-522-2121
Email: wbland@mblb.com
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Harold Bourque**      represented by    **Patrick E. Costello**
*Executive Officer of Baton Rouge Marine*      (See above for address)
*Contractors, Inc.*      *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

     **Jacques P. DeGruy**
     (See above for address)
     *ATTORNEY TO BE NOTICED*

     **Trevor M. Cutaiar**
     (See above for address)
     *ATTORNEY TO BE NOTICED*

     **Wilton Ellwood Bland , III**
     (See above for address)
     *ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**3M Company**
*formerly known as*
Minnesota Mining and Manufacturing Company

**ThirdParty Defendant**

**Hartford Accident and Indemnity Company**

**ThirdParty Defendant**

**McKoin Trucking Company, Inc.**

**ThirdParty Defendant**

**South African Marine Corporation, Ltd.**      represented by    **Norman Charles Sullivan , Jr.**
     Fowler, Rodriguez - NO
     400 Poydras Street

30th FLoor
New Orleans, LA 70130
504-523-2600
Fax: 504-523-2705
Email: nsullivan@frc-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Jacob Gardner , Jr.**
Fowler Rodriguez Valdes-Fauli
400 Poydras Street
30th Floor
New Orleans, LA 70130
504-830-3999
Fax: 504-830-3950
Email: jgardner@frvf-law.com
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**P&O Ports Louisiana, Inc.**              represented by    **Patrick E. Costello**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacques P. DeGruy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trevor M. Cutaiar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wilton Ellwood Bland , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Baton Rouge Marine Contractors, Inc.**    represented by    **Patrick E. Costello**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacques P. DeGruy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trevor M. Cutaiar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wilton Ellwood Bland , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Frank Beeson**
*Executive Officer of SSA Gulf, Inc.*

**ThirdParty Defendant**

**SSA Gulf, Inc.**

**ThirdParty Plaintiff**

| | | |
|---|---|---|
| **Greater Baton Rouge Port Commisson** | represented by | **Stephen W. Glusman** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

V.

**ThirdParty Defendant**

**Ramsay, Scarlett and Company, Inc.**

**ThirdParty Defendant**

**Bird Incorporated**
*also known as*
Bird & Sons, Inc.

**ThirdParty Defendant**

**Moldex**

**ThirdParty Defendant**

**Rogers Terminal and Shipping Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2011 | 1 | NOTICE OF REMOVAL from 18th Judicial District Court West Baton Rouge, Case Number 39019. (Filing fee $ 350 receipt number 053N-660568), filed by Industrial Development Corporation of South Africa, Ltd.. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Brickman, Philip) (Entered: 03/18/2011) |
| 03/18/2011 | | Case reassigned to Judge Brian A. Jackson. Judge Frank J. Polozola no longer assigned to the case. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (PAH) (Entered: 03/21/2011) |
| 03/21/2011 | 2 | NOTICE to Take Deposition of Arthur Porter (Glusman, Stephen) (Entered: 03/21/2011) |
| 03/21/2011 | 3 | AMENDED NOTICE OF REMOVAL against All Parties, filed by Industrial Development Corporation of South Africa, Ltd.. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Brickman, Philip) (Entered: 03/21/2011) |
| 03/28/2011 | 4 | ANSWER to Complaint *Third-Party Demand of the Greater Baton Rouge Port Commission* by South African Marine Corporation, Ltd..(Sullivan, Norman) (Entered: 03/28/2011) |
| 04/10/2011 | 5 | MOTION for Leave to File Supplemental and Amended Third Party Demand by Greater Baton Rouge Port Commisson. (Attachments: # 1 Proposed Pleading; Proposed Supplemental and Amended Third Party Demand, # 2 Summons to Bird Manufacturing, # 3 Summons to Moldex, # 4 Summons to Ramsay Scarlett, # 5 Summons to Rogers Terminal)(Glusman, Stephen) (Entered: 04/10/2011) |
| 04/10/2011 | | MOTION(S) REFERRED: 5 MOTION for Leave to File Supplemental and Amended Third Party Demand. This motion is now pending before the USMJ. (PAH) (Entered: 04/11/2011) |
| 04/13/2011 | 6 | ORDER: Scheduling Conference set for 7/21/2011 at 09:15 AM in chambers before Magistrate Judge Christine Noland. Status Report due by 7/7/2011.. Signed by Magistrate Judge Christine Noland on 04/13/2011. (NLT) (Entered: 04/13/2011) |

| 04/14/2011 | 🌐 7 | ORDER granting 5 MOTION for Leave to File Supplemental and Amended Third Party Demand filed by Greater Baton Rouge Port Commisson. Signed by Magistrate Judge Christine Noland on 04/14/11. (PAH) (Entered: 04/14/2011) |
|---|---|---|
| 04/14/2011 | 🌐 8 | THIRD PARTY COMPLAINT against Ramsay, Scarlett and Company, Inc., Bird Incorporated, Moldex, Rogers Terminal and Shipping Corporation, filed by Greater Baton Rouge Port Commisson.(PAH) (Entered: 04/14/2011) |
| 04/14/2011 | 🌐 9 | Summons Issued as to Bird Incorporated, Moldex, Ramsay, Scarlett and Company, Inc., Rogers Terminal and Shipping Corporation. (NOTICE: Counsel shall print and serve both the summons and all attachments in accordance with Federal Rule of Civil Procedure 4.) (PAH) (Entered: 04/14/2011) |
| 04/15/2011 | 🌐 10 | NOTICE of Appearance by Baton Rouge Marine Contractors, Inc., Marion J. Bergeron, Harold Bourque, P&O Ports Louisiana, Inc. (Attachments: # 1 Exhibit A)(Costello, Patrick) (Entered: 04/15/2011) |
| 04/15/2011 | 🌐 11 | NOTICE of Tag Along Action by Baton Rouge Marine Contractors, Inc., Marion J. Bergeron, Harold Bourque, P&O Ports Louisiana, Inc. (Costello, Patrick) (Entered: 04/15/2011) |
| 04/15/2011 | 🌐 12 | Letter to JPML Panel notifying panel of possible JPML case (JDL) (Entered: 04/15/2011) |

**Case #: 3:11-cv-00166-BAJ -CN**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARTHUR J. PORTER, ET UX** | * | **CIVIL ACTION NO.** |
| *Plaintiffs* | * | |
| | * | **DIVISION " "** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **GREATER BATON ROUGE** | * | |
| **PORT COMMISSION** | * | **SECTION ( )** |
| *Defendants* | * | |

\* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL OF THIRD-PARTY DEFENDANT, INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA, LIMITED

Industrial Development Corporation of South Africa, Limited (hereinafter "IDC") files this Notice of Removal of Civil Action No. 39019, filed in Division C, in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, and in support thereof states the grounds for removal as follows:

1.

The claims by third-party plaintiff, Cooper/T. Smith Stevedoring Company, Inc., against third-party defendant, IDC, involve matters over which the federal courts have jurisdiction pursuant to 28 U.S.C. § 1330, and, therefore, are subject to removal pursuant to 28 U.S.C. §1441(d).

2.

Specifically, IDC is a political subdivision, agency or instrumentality of a foreign state, as determined by 28 U.S.C. § 1603, and, as such, this Court has original jurisdiction over the claims herein.

3.

At all times IDC's sole shareholder has been, and is currently, the South African government.

4.

Copies of all pleadings received by IDC are attached hereto as Exhibit A.

5.

This Notice of Removal is timely because it has been filed within 30 days from the date service was attempted on IDC.

Industrial Development Corporation of South Africa, Limited hereby removes Civil Action No. 39019, filed in Division C, 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, to this Court.  A copy of this notice has been sent to the Clerk for the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, in which this action was commenced, in accordance with 28 U.S.C. § 1446(d).

2

RESPECTFULLY SUBMITTED,


/s/ Philip C. Brickman
ANTONIO J. RODRIGUEZ (No. 11375)
PHILIP C. BRICKMAN (No. 25586)
SUSAN G. KELLER-GARCIA (No. 30574)
**FOWLER RODRIGUEZ VALDES-FAULI**
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: (504)523-2600
Facsimile: (504)523-2705

*Attorneys for Industrial Development Corporation of South Africa, Limited*


## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of March, 2011, served a copy of the foregoing pleading on counsel to all parties in this proceeding, by fax, e-mail or by mailing the same by United States mail, properly addressed, with first class postage prepaid:

**Honorable Mark J. Graffeo**
Clerk of Court
Parish of West Baton Rouge
State of Louisiana
P.O. Box 107
Port Allen, Louisiana 70767

**Stephen W. Glusman**
Glusman, Broyles & Glusman, LLC
P.O. Box 2711
Baton Rouge, LA 70802
*Attorneys for The Greater Baton Rouge Port Commission*

**Marion J. "Sonny" Bergeron**
665 Belle River Road
Pierre Part, LA 70339

**Brian F. Blackwell**
**Sandra A. Jelks**
Blackwell & Associates
9270 Siegen Lane, Suite 201
Baton Rouge, LA 70810

and

**Louis J. Lambert, Jr.**
Attorney at Law
6513 Perkins Road, Suite 107
Baton Rouge, LA 70808
*Attorneys for Plaintiff*

**Harold Bourque**
209 Palm Street
Port Allen, LA 70767

3

**Andrew D. Weinstock**
**Lawrence J. Duplass**
**Jennifer M. Morris**
**Kelly Cambre Bogart**
Duplass, Zwain, Bourgeosi
Pfister & Weinstock
Three Lakeway Center Suite 2900
3838 N. Causeway Blvd
Metairie, La 70002
*Attorneys for 3M Company formerly*
*known as Minnesota Mining*
*and Manufacturing Company*

**Richard P. Sulzer**
**Robert E. Williams, IV**
Sulzer & Williams, LLC
201 Holiday Blvd., Ste. 335
Covington, La 70433
*Attorneys for SSA Gulf Terminals, Inc.*

**Norman C. Sullivan, Jr.**
**W. Jacob Gardner, Jr.**
Fowler Rodriguez Valdes-Fauli
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
*Attorneys for South African Marine*
*Corporation, Ltd.and P&O Nedlloyd, Ltd.*

**David M. Bienvenu , Jr.**
**Jennifer M. Sigler**
Taylor Porter Brooks & Phillips
P.O. Box 2471
Baton Rouge, LA 70821
*Attorneys for Mckoin Trucking Company, Inc.*

**John K. Nieset**
Christovich & Kearney, LLP
Pan American Life Building
601 Poydras Street, Suite 2300
New Orleans, LA 70130
*Attorneys for Hartford Accident & Indemnity*
*Co.*

**Frank Beeson, Jr.**
Executive Officer of Ryan
Stevedoring, through the Sunrise
Assisted Living Center
1000 Lenox Park Blvd
Atlanta, GA 30324

**Jacques P. Degruy**
**Patrick E. Costello**
**Wilton Ellwood Bland, III**
Trevor M. Cutaiar
Mouledoux Bland Legrandd & Brackett
One Shell Square, Suite 4250
701 Poydras St
New Orleans, LA 70139
*Attorneys for P&O Ports Louisiana, Inc. and*
*Baton Rouge Marine Contractors, Inc.*

/s/ Philip C. Brickman            

4

## LONG ARM CITATION
### CITATION PURSUANT TO THE PROVISIONS OF LSA-R.S. 13:3201 ET SEQ.

*ARTHUR J PORTER, ET AL*

*Versus*

*BATON ROUGE PORT COMMISSION*



*Case: 00001039019*
*Division: C*
*18th Judicial District Court*
*Parish of West Baton Rouge*
*State of Louisiana*

TO:   *INDUSTRIAL DEVELOPMENT CORP OF SOUTH AFRICA LIMITED*
      *19 FREDMAN DRIVE*
      *SANDOWN, YOHANNESBURG*
      *SOUTH AFRICA*

*YOU ARE HEREBY SUMMONED to comply with the prayer of the attached ANSWER, THIRD PARTY DEMAND AND PETITION FOR DAMAGES or file you answer thereto in writing, in the office of the Clerk of Court for the 18th Judicial District Court of the State of Louisiana, in and for the Parish of West Baton Rouge, situated at the Court House of said Parish within thirty(30) days after the filing in the record of the affidavit of the individual who either:*

> *(a) mailed the process to the defendant, showing that is was enclosed in and envelope properly addressed to the defendant, with sufficient postage affixed, and the date is was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or*

> *(b) actually delivered the process to the defendant, showing date and place, and manner of delivery, under penalty of default.*

*WITNESS, THE HONORABLE JUDGES OF SAID COURT, ON JANUARY 14, 2011*

*Kathy Waguespack*

*Deputy Clerk of Court*
*Hon. Mark J. Graffeo, Clerk of Court*
*18th JDC/West Baton Rouge*
*PO Box 107*
*Port Allen, LA 70767*

*Attorney:*
*STEPHEN GLUSMAN*

[ ORIGINAL ]



**EXHIBIT**
tabbies'
A

ARTHUR J. PORTER, *ET UX*　　　　　: NO. 39019　　　　DIVISION "C"

　　　　　　　　　　　　　　　　　: 18ᵀᴴ JUDICIAL DISTRICT COURT

VERSUS

　　　　　　　　　　　　　　　　　: PARISH OF WEST BATON ROUGE

GREATER BATON ROUGE
PORT COMMISSION　　　　　　　　: STATE OF LOUISIANA

## ANSWER, DEFENSES AND THIRD PARTY DEMAND OF
## THE GREATER BATON ROUGE PORT COMMISSION

NOW INTO COURT, through undersigned counsel, comes the Greater Baton Rouge Port Commission (hereinafter "GBRPC"), and responds to each paragraph of plaintiffs' petition, as follows:

### Paragraph 1.

The allegations of paragraph 1 are denied for lack of sufficient information to justify a belief therein.

### Paragraph 2.

In response to the allegations of paragraph 2, GBRPC admits its name and status. The remaining allegations of this Paragraph are denied for lack of sufficient information to justify a belief therein.

### Paragraphs 3.

The allegations of paragraph 3 are admitted.

### Paragraph 4.

The allegations of paragraph 4 are admitted.

### Paragraph 5.

The allegations of paragraph 5 are denied as written. However, it is admitted that in the 1960's asbestos was shipped through the Port of Baton Rouge for stockpiling by the United States Government.

### Paragraph 6.

The allegations of paragraph 6 are denied.

### Paragraph 7.

The allegations of paragraph 7 are denied for lack of sufficient information to justify a belief therein.

### Paragraph 8.

The allegations of paragraph 8 are denied for lack of sufficient information to justify a belief

therein.

### Paragraph 9.

The allegations of paragraph 9 are denied for lack of sufficient information to justify a belief therein.

### Paragraph 10.

The allegations of paragraph 10 are denied for lack of sufficient information to justify a belief therein.

### Paragraph 11.

The allegations of paragraph 11 are denied.

### Paragraph 12.

The allegations of paragraph 12 are denied for lack of sufficient information to justify a belief therein.

### Paragraph 13.

The allegations of paragraph 13 are denied.

### Paragraph 14.

The allegations of paragraph 14 are denied for lack of sufficient information to justify a belief therein.

### Paragraph 15.

The allegations of paragraph 15 are denied.

### Paragraph 16.

The allegations of paragraph 16 are denied.

### Paragraph 17.

The allegations of paragraph 17 are denied.

### Paragraph 18.

The allegations of paragraph 18 are denied.

### Paragraph 19.

The allegations of paragraph 19 are denied.

### Paragraph 20.

The allegations of paragraph 20 are denied.

### Paragraph 21.

The allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein.

### Paragraph 22.

The allegations of paragraph 22 are legal conclusions, not allegations of fact and require no answer.

### Paragraph 23.

The allegations of paragraph 23 are admitted but it is denied that Arthur Porter was exposed to asbestos at any time.

Further answering, GBRPC asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

GBRPC hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to supplement or amend its answer to assert such defenses.

### SECOND AFFIRMATIVE DEFENSE

GBRPC adopts by reference all separate defenses heretofore or hereafter pleaded by other defendants, except such separate defenses as may make any allegations of fault against GBRPC, its directors, officers, employees or insurers.

### THIRD AFFIRMATIVE DEFENSE

GBRPC contends that it is entitled to a reduction in the amount for which it may ultimately be held liable to plaintiff or any co-defendants, if any, to the full extent of the degree of fault of any and all of those persons whose fault caused or contributed to plaintiff's alleged damages, or released by plaintiff, commensurate with the laws of indemnity, comparative negligence and/or contribution.

### FOURTH AFFIRMATIVE DEFENSE

Any and all liability asserted by the plaintiff herein has been extinguished, discharged and/or released. GBRPC avers in the alternative that in the event of its liability to any of the parties to these proceedings, GBRPC is entitled to indemnity and/or contribution from those persons whose fault caused or contributed to the damages for which recovery is allowed, whether or not such persons are a party to this suit.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' suit against GBRPC is barred because The Greater Baton Rouge Port Commission is entitled to the protection of governmental immunity or exemption from liability, pursuant to La.R.S. 9:2798.1, La.R.S. 9:2800 and any and all other provisions of the Louisiana Constitution or statutory law providing for immunity or exception from liability for governmental entities.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by peremption.

## SEVENTH AFFIRMATIVE DEFENSE

GBRPC denies any and all liability to plaintiff sunder any theory of law whatsoever and alleges, in the alternative, that plaintiffs' damages, if any, were caused as a result of the contributory negligence, fault, and/or comparative negligence of the plaintiff, Arthur Porter, including but not limited to the failure to use protective equipment available to him.

## EIGHTH AFFIRMATIVE DEFENSE

GBRPC avers that no theory of strict liability can be retroactively applied against it for years prior to judicial recognition of such a theory and further avers that there is no strict liability under the facts alleged herein. Furthermore, strict liability has been repealed.

## NINTH AFFIRMATIVE DEFENSE

GBRPC avers in the alternative that plaintiff, Arthur Porter, was cognizant of and aware of the facts, circumstances, and conditions existing and consented to, permitted, acquiesced in, actively encouraged, and/or voluntarily assumed the risks. Furthermore, plaintiff's employers were sophisticated purchasers/users of the products to which plaintiff was allegedly exposed, and any failure to use precautions in the safe use of such products by such employers was the sole proximate cause of injury, if any, to plaintiff. Furthermore, such circumstances and in the context of such use at the times pertinent and given the state of scientific and technical knowledge then available, the use of such products and/or presence of such products did not constitute an unreasonable risk of harm.

## TENTH AFFIRMATIVE DEFENSE

GBRPC avers in the alternative that the plaintiff's alleged injuries occurred as a result of several events, including, but not limited to, pre-existing medical conditions, lifestyles, causes or

injuries of the body or coincidental exposures which are completely unrelated to any alleged acts or omissions on the part of GBRPC, and the existence of said pre-existing or other medical conditions, causes or injuries or coincidental exposures is specifically and affirmatively pleaded and legally and factually imputable to the plaintiff to bar or reduce any recovery herein.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any and all damages.

### TWELFTH AFFIRMATIVE DEFENSE

In the alternative, the injuries and damages complained of, if any, were the proximate result of superseding and intervening occurrences, acts, and negligence and/or acts or omissions of other persons over whom GBRPC had no control or responsibility, and to that extent their fault is affirmatively pleaded.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged injuries complained of herein were due to unavoidable circumstances and causes beyond the control of GBRPC and were not caused by any negligence, wantonness or recklessness or intentional act by GBRPC.

### FOURTEENTH AFFIRMATIVE DEFENSE

The GBRPC owed no duty to plaintiffs, the breach of which may have caused injury or damage to the plaintiffs, and alternatively complied with all duties imposed upon it by law.

### FIFTEENTH AFFIRMATIVE DEFENSE

GBRPC is not strictly liable to plaintiffs because strict liability is inapplicable; any conditions on the premises alleged were temporary and / or do not as a matter of law constitute an unreasonably dangerous condition or a defect; Moreover, at no time did the GBRPC have custody or control of the premises.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's illness was caused by conditions or substances other than exposure to asbestos.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The GBRPC could not have foreseen and did not foresee the risk injury to the plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's illness was caused by conditions or substances other than exposure to asbestos or any other substance at the Port of Greater Baton Rouge.

## NINETEENTH AFFIRMATIVE DEFENSE

No exposure of Plaintiff to asbestos at any time was caused by actions or inactions of the GBRPC.

## TWENTIETH AFFIRMATIVE DEFENSE

The Greater Baton Rouge Port Commission is entitled to the benefits of the limitations and offsets applicable to any damages, if any, herein pursuant to the statutory cap on such damages dictated by La. R.S. 13:5106.

And now, the Greater Baton Rouge Port Commission (hereinafter simply "the Port") assumes the position of third-party plaintiff, and asserts this third party demand in the alternative and represents as follows:

1.

The following parties are made third-party defendants herein:

A.  P&O PORTS LOUISIANA, INC., a domestic corporation with its principal place of business in Port Allen, Louisiana;

B.  BATON ROUGE MARINE CONTRACTORS, INC., a domestic corporation with a domiciliary address in Port Allen, Louisiana;

C.  McKOIN TRUCKING COMPANY, INC., a domestic corporation domiciled in Baton Rouge, East Baton Rouge Parish, Louisiana;

D.  3M COMPANY, formerly MINNESOTA MINING AND MANUFACTURING COMPANY, a Delaware corporation authorized to do and doing business in the State of Louisiana;

E.  The EXECUTIVE OFFICERS OF BATON ROUGE MARINE CONTRACTORS, INC., a domestic corporation with a domiciliary address in Port Allen, Louisiana, including specifically MARION J. "SONNY" BERGERON and HAROLD BOURQUE;

F.  SOUTH AFRICAN MARINE CORPORATION, LIMITED, a foreign corporation authorized to do and doing business in the State of Louisiana;

G.  INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA, LIMITED, a foreign corporation authorized to do and doing business in the State of Louisiana;

H.   SSA GULF, INC. a foreign corporation authorized to do and doing business in the State of Louisiana and legal successor to Ryan Stevedoring and/or Ryan-Walsh Stevedoring, Inc.;

I.   The EXECUTIVE OFFICERS OF SSA GULF, INC., formerly operating as Ryan Stevedoring, including FRANK BEESON, JR.

J.   HARTFORD ACCIDENT AND INDEMNITY COMPANY, A foreign insurer authorized to do and doing business in Louisiana, as insurer for Lykes Lines, Ltd.

2.

The Port has been named as defendant in the main demand herein. Plaintiff alleges that the Port was negligent in failing to provide a safe work environment for plaintiff and exposed plaintiff to asbestos and/or asbestos-containing products, all of which is more particularly set forth in plaintiff's original petition filed herein, liability for which is denied by the Port. Plaintiff in the main demand has also asserted that the Port is liable under theories of strict liability and/or premises liability.

3.

The Port has denied the allegations asserted against it by plaintiff in the main demand.

4.

In the event that the Port is found to be responsible for any sum to plaintiff, whether by judgment or compromise, then the Port states that third-party defendants are liable to the Port for all or part of the amount owed and that the Port is entitled to indemnity and/or contribution from the above named third-party defendants.

5.

Only in the event that the Port is found liable for damages allegedly sustained by plaintiff in the main demand, or in the event that the Port pays any sum to plaintiff in compromise of his claims against the Port, all of which liability is specifically denied, the Port avers specifically that it is entitled to contribution and/or indemnity from third party defendants, Lykes Lines, Ltd., South African Marine Corporation, Limited (hereinafter simply "Safmarine") and/or Industrial Development Corporation of South Africa, Limited (hereinafter simply "IDC"). Plaintiff was exposed to unreasonably dangerous asbestos cargo that was transported by Lykes Lines, Ltd. Safmarine and/or IDC and said third-party defendants failed to warn plaintiff and/or the Port of the

dangers associated with said asbestos cargo, and that as a result of said exposure, plaintiff allegedly contracted an asbestos-related disease. The exposure of plaintiff to asbestos and/or asbestos-containing cargo transported by Lykes Lines, Ltd., Safmarine and/or IDC contributed substantially to any diseases allegedly suffered by plaintiff as a result, and said third-party defendants are therefore liable to the Port pursuant to the same theories of liability asserted against the Port and other defendants named in plaintiff's original petition, which theories of liability are specifically pled as if set forth herein *in extenso*.

6.

Upon information and belief, Lykes Lines, Ltd., Safmarine and/or IDC were at all pertinent times aware of the dangers and hazards associated with exposure to asbestos, asbestos fibers and/or asbestos products. Despite such knowledge, Safmarine and IDC continued to transport large quantities of asbestos cargo into the Port of Baton Rouge, allegedly causing plaintiff to be exposed to said asbestos cargo, and failed to take any measures to protect the safety of plaintiff, failed to warn plaintiff of the dangers of said cargo, failed to warn the Port of the dangers of said cargo, failed to label the asbestos cargo as hazardous, and otherwise failed to take reasonable and necessary steps to protect the health and safety of longshoremen, including plaintiff, who were reasonably sure to come into contact with said cargo.

7.

Further, and only in the event that the Port is liable to plaintiff for any sum, all of which liability is specifically denied, the Port avers that it is entitled to contribution and/or indemnity from Lykes Lines, Ltd., Safmarine and/or IDC. as solidary obligors, because the exposure of plaintiff to asbestos and/or asbestos-containing cargo transported by Lykes Lines, Ltd., Safmarine and/or IDC contributed substantially to any diseases allegedly suffered by plaintiff as a result. Said third-party defendants are therefore liable unto plaintiff and the Port in the event the Port is liable to plaintiff for any sum pursuant to the same theories of liability asserted against the Port and other defendants named in plaintiff's original petition, which theories of liability are specifically pled as if set forth herein *in extenso*.

8.

At all pertinent times mentioned herein, Lykes Lines, Ltd., Safmarine and/or IDC had care, custody, control and *garde* of the asbestos cargo, which cargo was allegedly an unreasonably

dangerous product, the unreasonably dangerous propensities of said product being well known by Lykes Lines, Ltd., Safmarine and/or IDC, rendering them strictly liable unto plaintiff and/or the Port for damages caused by said unreasonably dangerous asbestos cargo in their care, custody, control and *garde*.

9.

While plaintiff worked at the Port of Greater Baton Rouge, he allegedly handled asbestos cargo. Such cargos were at times loaded into trucks owned by third-party defendant, McKoin Trucking Company, and McKoin's owners, employees, workers and others for which it was responsible caused and/or contributed to plaintiff's damages by allowing plaintiff to handle a dangerous product in the close confines of McKoin's tractor trailers without warning plaintiff and/or the Port of the risks of exposure to asbestos. Similarly, McKoin failed to provide plaintiff with a safe workplace and failed to protect plaintiff from harmful exposure to asbestos. Said third-party defendants are therefore liable unto plaintiff and the Port in the event the Port is liable to plaintiff for any sum pursuant to the same theories of liability asserted against the Port and other defendants named in plaintiff's original petition, which theories of liability are specifically pled as if set forth herein *in extenso*.

10.

Plaintiff allegedly unloaded sacks of asbestos from vessels and performed other cargo operations while employed by various stevedoring companies. On information and belief, plaintiff was employed by third-party defendants, P & O Ports Louisiana, Inc., Baton Rouge Marine Contractors, Inc., SSA Gulf, Inc., and/or the predecessor entities of one or more of these companies.

11.

During the time period when plaintiff was allegedly employed by third-party defendants, P & O Ports Louisiana, Inc., Baton Rouge Marine Contractors, Inc., SSA Gulf, Inc., and/or the predecessor entities of one or more of these companies, none of these third-party defendants and/or the executive officers of said third-party defendants warned plaintiff of the dangers and/or the Port of the dangers associated with working with or around asbestos. Said third-party defendants and/or the executive officers of said third-party defendants failed to provide plaintiff with appropriate safety equipment; failed to provide him with a safe workplace; failed to take appropriate steps to prevent or minimize his exposure to the asbestos which would ultimately cause his alleged asbestos-related

disease. Indeed, none of the third-party defendants identified in this third-party demand warned plaintiff and/or the Port of any of the dangers associated with using, handling or working around asbestos, or took any appropriate steps to protect plaintiff from asbestos exposure, even though they or their predecessor entities knew, or in the exercise of reasonable care, should have known of the dangerous propensities of asbestos. Said third-party defendants are therefore liable unto plaintiff and the Port in the event the Port is liable to plaintiff for any sum pursuant to the same theories of liability asserted against the Port and other defendants named in plaintiff's original petition, which theories of liability are specifically pled as if set forth herein *in extenso*.

12.

Plaintiff was not supplied with appropriate masks or other protective materials to reduce or eliminate his exposure to asbestos. Upon information and belief, the inadequate masks that were supplied to plaintiff were manufactured and distributed by third-party defendant 3M, formerly Minnesota Mining and Manufacturing Company (hereinafter simply "3M"), and these masks were defective, unreasonably dangerous for normal use, and not able to protect plaintiff from exposure to asbestos when 3M knew, or in the exercise of reasonable care should have known, that the masks were unreasonably dangerous. Further, 3M failed to warn users of its products of the product's unreasonably dangerous characteristics. Said third-party defendants are therefore liable unto plaintiff and the Port in the event the Port is liable to plaintiff for any sum pursuant to the same theories of liability asserted against the Port and other defendants named in plaintiff's original petition, which theories of liability are specifically pled as if set forth herein *in extenso*.

13.

Hartford Accident and Indemnity Company was at the times pertinent hereto insurer of Lykes Lines, Ltd., rendering it liable to third party defendant in this alternative third party demand.

14.

Each of the above named third-party defendants and their executive officers, as named or referred to above, owed a duty of care to plaintiff and delegated that responsibility to their above-named or referred to respective executive officers, who either held that responsibility by delegation or alternatively, actually undertook to provide plaintiff with a safe workplace through operational planning, supervision, instruction and warnings. Said third-party defendants are therefore liable unto

plaintiff and the Port in the event the Port is liable to plaintiff.

WHEREFORE, the Greater Baton Rouge Port Commission prays that this answer be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of defendant, the Greater Baton Rouge Port Commission, and against plaintiffs, Arthur J. Porter and Joyce Marie Porter, dismissing plaintiffs' claims against the Greater Baton Rouge Port Commission, with prejudice, at plaintiffs' cost.

Alternatively, and only in the event that judgment is rendered against it, or if a compromise is reached, the Greater Baton Rouge Port Commission prays that its Third-Party Demand be deemed good and sufficient and further, without admitting but expressly denying any liability to plaintiff, alternatively prays for judgment against the above-named third-party defendants for indemnity and contribution, only in the event that judgment is rendered against the Greater Baton Rouge Port Commission, or in the event of compromise.

Finally, the Greater Baton Rouge Port Commission prays for all general and equitable relief to which it is entitled.

Respectfully submitted,
GLUSMAN, BROYLES & GLUSMAN, LLC

By: _____
Stephen W. Glusman, TA
Bar Roll Number 6069
P.O. Box 2711
Baton Rouge, LA 70802
Telephone: (225) 387-5551
Facsimile: (225) 387-5561
E-mail: sglusman@bellsouth.net

CERTIFIED
TRUE COPY

JAN 14 2011

_____
DEPUTY CLERK
WEST BATON ROUGE PARISH

SERVICE INFORMATION:

Please serve a copy of this ANSWER, DEFENSES AND THIRD PARTY DEMAND OF THE GREATER BATON ROUGE PORT COMMISSION and the PETITION FOR DAMAGES ON:

P&O PORTS LOUISIANA, INC., through its agent for service of process, C.T. Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

BATON ROUGE MARINE CONTRACTORS, INC., through its agent for service of process, C. Gordon Starling, Jr., Wagner & Bagot, LLP, 650 Poydras St., Ste. 2660, New Orleans, LA 70130.

SSA GULF, INC., through its agent for service of process, CT Corporation, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

McKOIN TRUCKING COMPANY, INC., through its agent for service of process, Sam B.

Hynes, Jr., 18142 Perkins Road, Baton Rouge, LA 70810.

3M, formerly MINNESOTA MINING AND MANUFACTURING COMPANY, through its agent for service of process, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

MARION J. "SONNY" BERGERON, 665 Belle River Road, Pierre Part, LA 70339.

HAROLD BOURQUE, 209 Palm St., Port Allen, LA 70767.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, through the Louisiana Secretary of State.

The following will be served pursuant to La. R.S. 13:3204; please issue citation:

SOUTH AFRICAN MARINE CORPORATION, LIMITED
E-Berth
Duncan Road
Port of Capetown, Roggebaai
South Africa

INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA, LIMITED
19 Fredman Drive
Sandown, Yohannesburg
South Africa

FRANK BEESON, JR., executive officer of Ryan Stevedoring, through the Sunrise Assisted Living Center, 1000 Lenox Park Blvd., Atlanta, Ga.

## CERTIFICATE OF SERVICE

        I, the undersigned counsel, do hereby certify that a copy of the above and foregoing has been served on all counsel of record herein, by:

x  U.S. mail, first class, postage prepaid
☐ Facsimile, at the numbers indicated below
☐ Hand delivery
x  E-mail transmission

on this ____ day of _____, 2011, at Baton Rouge, Louisiana.

                                        _____
                                        Stephen W. Glusman

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 39019                                          DIVISION " C "

ARTHUR J. PORTER AND JOYCE MARIE PORTER

VERSUS

GREATER BATON ROUGE PORT COMMISSION

DATE FILED: _____        _____
                                                   DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, Arthur J. Porter and

Joyce Marie Porter, who with respect offer the allegations that follow:

1.

Plaintiffs are adult resident citizens of the State of Louisiana who reside at 1360 Avenue A,

Port Allen, Louisiana.

2.

Made defendant herein is the Greater Baton Rouge Port Commission, a political subdivision

of the State of Louisiana, with the capacity to sue and be sued.

### VENUE

3.

This action is brought in a parish of proper venue because the Greater Baton Rouge Port

Commission is political subdivision of the State of Louisiana that is located in this Parish.  Pursuant

to LSA-R.S. 13:5104(B), venue is proper in this Parish.

### BACKGROUND

4.

Asbestos has been mined in South Africa for more than a century.

5.

During the 1960's and 1970's, raw asbestos that was mined in South Africa was shipped to

the Port of Greater Baton Rouge located in Port Allen, Louisiana (hereinafter the "Port").

6.

At all times relevant hereto, the Port was owned and operated by the Greater Baton Rouge Port Commission.

7.

During various lengthy periods of time prior to December 31, 1979, Arthur J. Porter was employed as a stevedore to unload raw asbestos from vessels moored at the Port and to work on the docks at the Port.

8.

During the course of his work, Arthur J. Porter suffered occupational exposure to the raw asbestos fibers on the vessels themselves and the docks owned by, and under the care, custody and control of, the Greater Baton Rouge Port Commission.

9.

In addition, during the course of his work, Arthur J. Porter suffered occupational exposure to the raw asbestos fibers in the warehouses owned by, and under the care, custody and control of, the Greater Baton Rouge Port Commission.

10.

When inhaled or otherwise ingested, asbestos causes irreparable and progressive damage that can manifest itself as asbestos-related pleural diseases, such as asbestosis, lung cancer and mesothelioma, pulmonary and bronchogenic carcinomas, gastrointestinal cancers, cardiac diseases, and other diseases and injuries.

11.

The defendant knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiff, of the health hazards inherent in working with raw asbestos fiber.

12.

In connection with his work for various stevedoring companies at the Port, Arthur J. Porter was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that these materials were dangerous.

13.

As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working for various stevedoring companies at the Port, Arthur J. Porter contracted malignant mesothelioma.

14.

Because of the latency period of the above injuries and other injuries caused by asbestos, Arthur J. Porter has only recently discovered his injuries, and not more than one year preceding this filing of this Petition for Damages.

## STRICT LIABILITY AND NEGLIGENCE ACTION AGAINST THE GREATER BATON ROUGE PORT COMMISSION

15.

Plaintiffs allege premises liability against the Greater Baton Rouge Port Commission (hereinafter "Premise Defendant") in failing to provide a safe place in which to work free from the dangers of asbestos.

16.

The premises on which Arthur J. Porter was injured were owned by, and were in the care, custody and control of the Greater Baton Rouge Port Commission and were unreasonably dangerous due to the presence of raw asbestos fiber, which resulted in the exposure of Arthur J. Porter to airborne asbestos fibers with no precautions taken to minimize the risk of danger or warn Arthur J. Porter of such danger. The unreasonably dangerous condition of the premises and the negligence of the Greater Baton Rouge Port Commission were causes of Arthur J. Porter's injuries.

17.

When the asbestos fibers unloaded by Arthur J. Porter and stored in warehouses at the Port become airborne, because of their microscopic size, they fall at a very slow rate and are "re-entrained" into the atmosphere. All asbestos fibers are indestructible up to very high temperatures and do not disintegrate. Asbestos fibers can be found suspended in the atmosphere of a warehouse indefinitely, even many years after the bags of asbestos have been removed from the warehouse. Asbestos fibers settle on work clothing and can be carried from place to place,

even away from the work place, by the movement of the person wearing the clothing.  Thus, Arthur J. Porter shows that he was exposed to asbestos fibers from the raw asbestos as a result of the re-entrainment of such asbestos fibers at his place of employment and elsewhere.

18.

The Greater Baton Rouge Port Commission negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge its duties to Arthur J. Porter in the following:

a.   failed to provide Arthur J. Porter with a safe place within which to work;

b.   failed to provide Arthur J. Porter with safety equipment;

c.   failed to provide Arthur J. Porter with correct, adequate, or proper safety equipment;

d.   recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to Arthur J. Porter  regarding asbestos hazards in general and with regard to those specific hazards at the Port;

e.   recklessly concealed and negligently omitted to reveal critical medical and safety information from Arthur J. Porter regarding the safety and health risks associated with the asbestos at the Port;

f.   failed to timely remove asbestos hazards from the work place;

g.   failed to properly supervise or monitor the work areas for compliance with safety regulations; and

h.   failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

19.

The Greater Baton Rouge Port Commission is strictly liable for hazardous things in its *garde*, care, custody or right of control and/or any other acts or omissions as may be revealed in discovery or at trial.

20.

The above-described negligence, fault, strict liability and willful misconduct of the Greater

Baton Rouge Port Commission were a proximate cause of Arthur J. Porter's injuries and the damages suffered by Plaintiffs.

### DAMAGES SUSTAINED BY THE PLAINTIFF'S SPOUSE

21.

By reason of the Greater Baton Rouge Port Commission's fault, as described above, and because of the injuries and ill health effects suffered by the Arthur J. Porter as a result of his occupationally induced asbestos related disease, Joyce Marie Porter, has suffered loss of consortium and is entitled to damages as are reasonable within the premises.

### LACK OF FEDERAL COURT JURISDICTION

22.

The federal courts lack subject matter jurisdiction over this action, as there is no federal question or complete diversity of citizenship. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed and waived, including any claim arising from an act or omission on any federal enclave, or of any officer of the United States, or any agency or person acting under him occurring under color of such office.

### NO EXPOSURE AFTER DECEMBER 31, 1979

23.

Arthur J. Porter was not exposed to asbestos after December 31, 1979 and expressly disclaims and waives any and all claims for exposure to asbestos subsequent to December 31, 1979.

WHEREFORE, plaintiffs, Arthur J. Porter and Joyce Marie Porter, request that the Greater Baton Rouge Port Commission be served with this petition and that there be judgment in favor of Plaintiffs and against the Greater Baton Rouge Port Commission in a sum sufficient to compensate Plaintiffs for the following:

a.    all past, present and future medical costs or expenses related thereto;

b.    all past, present and future lost earnings;

c.    all past, present and future loss of retirement benefits;

d.    all past, present and future mental suffering, anguish, and pain;

e.  all past, present and future physical pain and suffering;

f.  loss of consortium, love, affection, services and society;.

g.  loss of quality of life; and

h.  all other forms of relief provided by law or equity together with legal

interest from the date of judicial demand until paid, plus costs of these

proceedings.

Respectfully submitted:

Brian F. Blackwell (18119)
Sandra A. Jelks (22088)
BLACKWELL & ASSOCIATES
9270 Siegen Lane, Suite 201
Baton Rouge, Louisiana 70810
Telephone:    (225) 769-2462
Telecopier:   (225) 769-2463
E-mail:        info@blackwell-associates.com

and

Louis J. Lambert, Jr. (07938)
Attorney at Law
6513 Perkins Road, Suite 107
Baton Rouge, Louisiana 70808
Telephone:    (225) 763-6161
Telecopier:   (225) 757-0106

PLEASE SERVE:

Greater Baton Rouge Port Commission
Through its President:
Raymond Loup
2425 Ernest Wilson Drive
Port Allen, Louisiana 70767-0380

CERTIFIED
TRUE COPY

9-2010

BY
DEPUTY CLERK
WEST BATON ROUGE PARISH

## CITATION

ARTHUR J PORTER, ET AL

Versus

BATON ROUGE PORT COMMISSION



Case: 00001039019
Division: C
18th Judicial District Court
Parish of West Baton Rouge
State of Louisiana

TO:  GREATER BATON ROUGE PORT COMMISSION
     THRU ITS PRESIDENT: RAYMOND LOUP
     2425 ERNEST WILSON DRIVE
     PORT ALLEN, LA  70767

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMANDS CONTAINED IN THE PETITION

FOR DAMAGES FILED BY PLAINTIFF IN THE ABOVE ENTITLED AND NUMBERED CAUSE, A COPY OF

WHICH ACCOMPANIES THIS CITATION, OR FILE YOUR ANSWER OR OTHER PLEADINGS IN THE

OFFICE OF THE CLERK OF COURT OF THE 18TH JUDICIAL DISTRICT COURT, FOR THE SAID

PARISH, AT THE CITY OF PORT ALLEN, LOUISIANA, WITHIN FIFTEEN (15) DAYS AFTER SERVICE

HEREOF. YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF

DEFAULT JUDGMENT AGAINST YOU.


WITNESS, THE HONORABLE JUDGE OF OUR SAID COURT, AT PORT ALLEN, LOUISIANA, on December

9, 2010.


*Kathy Waguespack*

Deputy Clerk of Court
Hon. Mark J. Graffeo, Clerk of Court
18th JDC/West Baton Rouge
PO Box 107
Port Allen, LA 70767

Attorney:
BRIAN F BLACKWELL

[ RETURN COPY ]

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ARTHUR J. PORTER, ET UX

**DEFENDANTS**
GREATER BATON ROUGE PORT COMMISSION

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Blackwell & Associates, 9270 Siegen Lane, Suite 201, Baton Rouge, LA 70810 (225) 769-2462

Attorneys (If Known)
Glusman, Broyles & Glusman, LLC, 701 North St., Baton Rouge, LA 70802 (225) 387-5551

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1441
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  3-18-11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____