# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00876-MLCF-JCW

Cardaro et al v. Aerojet General Corporation et al
Assigned to: Judge Martin L.C. Feldman
Referred to: Magistrate Judge Joseph C. Wilkinson, Jr
Case in other court: Civil District Court, Orleans Parish, 05-06700 "L"
Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 04/15/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Terry Cardaro**                     represented by **Mickey P. Landry**
Landry & Swarr, LLC
1010 Common St.
Suite 2050
New Orleans, LA 70112
504-299-1214
Email: mlandry@landryswarr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Ryan Cannella**
Landry & Swarr, LLC
1010 Common St.
Suite 2050
New Orleans, LA 70112
504-299-1214
Fax: 504-299-1215
Email:
dcannella@landryswarr.com
*ATTORNEY TO BE NOTICED*

**Frank J. Swarr**
Landry & Swarr, LLC
1010 Common St.
Suite 2050
New Orleans, LA 70112
504-299-1214
Email: fswarr@landryswarr.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jo Ann Cardaro**

represented by   **Mickey P. Landry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Ryan Cannella**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Frank J. Swarr**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Aerojet General Corporation**
*(sued individually and as*
*successor-in-interest to Johnston*
*Pump Company)*
*TERMINATED: 04/15/2011*

**Defendant**

**Agco Corporation**
*(sued individually and as*
*successor in interest to Allis-*
*Chalmers Corporation)*
*TERMINATED: 04/15/2011*

**Defendant**

**Alfa Laval Inc.**
*(sued individually and as*
*successor-in-interest to Sharples,*
*Inc., Alfa Laval Separation, Inc.*
*and De Laval Separator*
*Company)*
*TERMINATED: 04/15/2011*

**Defendant**

**Aqua-Chem, Inc.**
*TERMINATED: 04/15/2011*
*doing business as*
Cleaver-Brooks Company
*TERMINATED: 04/15/2011*

<u>**Defendant**</u>

**Babcock Borsig Power, Inc.**
*TERMINATED: 04/15/2011*
*formerly known as*
D.B. Riley, Inc.
*TERMINATED: 04/15/2011*
*formerly known as*
Riley Stoker Corporation
*TERMINATED: 04/15/2011*

<u>**Defendant**</u>

**Badger Meter, Inc.**
*TERMINATED: 04/15/2011*

<u>**Defendant**</u>

**Beach-Russ Company**
*TERMINATED: 04/15/2011*

<u>**Defendant**</u>

**Beaird Industries, Inc.**
*(sued individually and as*
*successor in interest to Maxim*
*Silencer Products)*
*TERMINATED: 04/15/2011*

<u>**Defendant**</u>

**Foster Wheeler Energy Corporation**                    represented by **John Joseph Hainkel , III**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
(504) 599-8000
Email: jhainkel@frilot.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela M. Bowlin**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
(504) 599-8000
Fax: (504) 599-8271
Email: abowlin@frilot.com
*ATTORNEY TO BE NOTICED*

**Rebecca Abbott Zotti**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
504-599-8224
Email: rzotti@frilot.com
*ATTORNEY TO BE NOTICED*

**Sheri Sport Faust**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
(504) 599-8000
Fax: (504)599-8157
Email: sfaust@frilot.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Buffalo Pumps, Inc.**
*(sued individually and as*
*successor-in-interest to Buffalo*
*Forge Company)*
*TERMINATED: 04/15/2011*

**Defendant**

**Carver Pump Company**

*TERMINATED: 04/15/2011*

<u>**Defendant**</u>

**Cooper Industries LLC**
*(sued individually ans as
successor-in-interest Gardner-
Denver, Inc.)*
*TERMINATED: 04/15/2011*

<u>**Defendant**</u>

**Crane Company**                    represented by   **Matthew Stephen Lott**
Dogan & Wilkinson, PLLC
(Pascagoula)
734 Delmas Ave.
Pascagoula, MS 39581
228-762-2272
Email: mlott@dwwattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Lee Musselman**
Dogan & Wilkinson, PLLC (New
Orleans)
1100 Poydras St.
Suite 2900
New Orleans, LA 70163
504-585-7398
Email:
tmusselman@doganwilkinson.com
*ATTORNEY TO BE NOTICED*

**William Charles McVea**
Dogan & Wilkinson, PLLC
(Pascagoula)
734 Delmas Ave.
Pascagoula, MS 39581
228-762-8109
Email:
cmcvea@doganwilkinson.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Dana Corporation**

*TERMINATED: 04/15/2011*

**Defendant**

**Durabla Manufacturing**
*TERMINATED: 04/15/2011*

**Defendant**

**Eagle Inc**
*TERMINATED: 04/15/2011*
*formerly known as*
Eagle Asbestos & Packing Co.,
Inc.
*TERMINATED: 04/15/2011*

**Defendant**

**Eaton Corporation**
*(sued individually and as*
*successor-in-interest to Waterbury*
*Tool Co.)*
*TERMINATED: 04/15/2011*

**Defendant**

**Elliott Company**
*TERMINATED: 04/15/2011*
*also known as*
Elliott Turbomachinery Company
*TERMINATED: 04/15/2011*

**Defendant**

**Enpro Industries**
*(sued individually and as*
*successor-in-interest to Fairbanks*
*Morse Engine)*
*TERMINATED: 04/15/2011*

**Defendant**

**Employers Insurance Company**
**of Wausau**
*TERMINATED: 04/15/2011*

**Defendant**

**Travelers Casualty and Surety
Company**

**Defendant**

**Entergy Louisiana, Inc.**
*TERMINATED: 04/15/2011*
*formerly known as*
Louisiana Power & Light
Company
*TERMINATED: 04/15/2011*

**Defendant**

**Fiatallis North America**
*(sued individually and as
successor-in-interest to Buda
Corporation and Allis-Chalmers
Corporation)*
*TERMINATED: 04/15/2011*

**Defendant**

**Flowserve Corporation**
*(sued individually and as
successor-in-interest to Pacific
Pumps and Durco Pumps)*
*TERMINATED: 04/15/2011*

**Defendant**

**FMC Corporation**
*(sued individually and as
successor-in-interest to Northern
Pump Company)*
*TERMINATED: 04/15/2011*

**Defendant**

**Furmanite America Inc**
*TERMINATED: 04/15/2011*

**Defendant**

**Gardner Denver, Inc.**
*TERMINATED: 04/15/2011*

**Defendant**

**Garlock Sealing Technologies,
L.L.C.**
*(sued individually and as
successor-in-interest to Garlock,
Inc.)*
*TERMINATED: 04/15/2011*

**Defendant**

**General Electric Company**
*TERMINATED: 04/15/2011*

**Defendant**

**General Motors Corporation**
*TERMINATED: 04/15/2011*

**Defendant**

**Goodyear Tire & Rubber
Company**
*(sued individually and as
successor-in-interest to Durabla
Manufacturing Co)*
*TERMINATED: 04/15/2011*

**Defendant**

**Gorman-Rupp Company**
*(sued individually and as
successor-in-interest to Patterson
Pump Company and C.H.
Wheeler)*
*TERMINATED: 04/15/2011*

**Defendant**

**Goulds Pump, Incorporated**
*TERMINATED: 04/15/2011*

**Defendant**

**Graham Manufacturing
Corporation**
*TERMINATED: 04/15/2011*


**Defendant**

**Hardie-Tynes, Inc.**
*(sued individually and as
successor-in-interest to Hardie-
Tynes Manufacturing Company)*
*TERMINATED: 04/15/2011*


**Defendant**

**Henry Technologies, Inc.**
*TERMINATED: 04/15/2011*
*formerly known as*
Henry Valve Co.
*TERMINATED: 04/15/2011*


**Defendant**

**Henry Vogt Machine Co**
*TERMINATED: 04/15/2011*


**Defendant**

**Imo Industries Inc**
*TERMINATED: 04/15/2011*


**Defendant**

**Joy Global, Inc.**
*(as successor-in-interest to
Griscom-Russell*
*TERMINATED: 04/15/2011*


**Defendant**

**Leslie Controls Inc.**
*TERMINATED: 04/15/2011*

**Defendant**

**McCarty Corporation**
*TERMINATED: 04/15/2011*
*formerly known as*
McCarty Branton, Inc.
*TERMINATED: 04/15/2011*

**Defendant**

**Metallo Gasket Company, Inc.**
*(sued individually and as*
*successor-in-interest to Goetze*
*Gasket & Packaging)*
*TERMINATED: 04/15/2011*

**Defendant**

**Metropolitan Life Insurance Co.**
*TERMINATED: 04/15/2011*

**Defendant**

**Nash Engineering Company**
*TERMINATED: 04/15/2011*

**Defendant**

**Pentair Pump Group**
*(individually and as successor-in-*
*interest to Aurora Pump)*
*TERMINATED: 04/15/2011*

**Defendant**

**Reilly Benton Company**
*TERMINATED: 04/15/2011*

**Defendant**

**Riley Power Inc.**
*TERMINATED: 04/15/2011*
*formerly known as*
Riley Stoker Corporation
*TERMINATED: 04/15/2011*

**Defendant**

**Sepco Corporation**
*TERMINATED: 04/15/2011*


**Defendant**

**Smithco Engineering, Inc.**
*(sued individually and as*
*successor-in-interest to ALCO)*
*TERMINATED: 04/15/2011*


**Defendant**

**Taylor-Seidenbach, Inc.**
*TERMINATED: 04/15/2011*


**Defendant**

**Tuthill Corporation**
*(sued individually and as*
*successor-in-interest to Kinney*
*Vacuum Company)*
*TERMINATED: 04/15/2011*


**Defendant**

**Tyco International, Inc.**
*(sued individually and as*
*successor-in-interest to Yarway*
*Corporation)*
*TERMINATED: 04/15/2011*


**Defendant**

**Uniroyal Holding, Inc.**
*TERMINATED: 04/15/2011*


**Defendant**

**Viacom Inc**
*(sued individually and as*
*successor by merger to CBS*
*Corporation, f/k/a Westeringhouse*
*Electric Corporation and as*
*successor-in-interest to B.F.*

*Sturevant)*
*TERMINATED: 04/15/2011*

**Defendant**

**Viad Corp.**
*(sued individually and as*
*successor-in-interest to Griscom-*
*Rusell Company)*
*TERMINATED: 04/15/2011*

**Defendant**

**Viking Pump**
*TERMINATED: 04/15/2011*

**Defendant**

**Warren Pumps, LLC**
*TERMINATED: 04/15/2011*

**Defendant**

**Yarway Corporation**                     represented by   **Martin James Dempsey , Jr.**
Cosmich Simmons & Brown,
PLLC
P. O. Box 22626
Jackson, MS 39225
601-863-2100
Email: jimmy@cs-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Winstol D. Carter , Jr.**
Morgan, Lewis & Bockius
(Houston)
1000 Louisiana St.
Suite 4000
Houston, TX 77002
713-890-5140
Fax: 713-890-5001
Email: wcarter@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yuba Heat Transfer Company**
*TERMINATED: 04/15/2011*


**Defendant**
**Zurn Industries, Inc.**
*TERMINATED: 04/15/2011*


**Defendant**
**Equitable Shipyard, L.L.C.**            represented by   **James R. Logan , IV**
Logan & Soileau, LLC
1010 Common St.
Suite 2910
New Orleans, LA 70112
504-522-5900
Email:
jlogan@loganandsoileau.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Defendant**
**Trinity Industries, Inc.**            represented by   **Barbara Lee Arras**
Phelps Dunbar, LLP (New
Orleans)
Canal Place
365 Canal St.
Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311
Email: arrasb@phelps.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Defendant**
**Trinity Yachts LLC**            represented by   **Stewart Foster Peck**
Lugenbuhl, Wheaton, Peck,
Rankin & Hubbard (New Orleans)
601 Poydras St.
Suite 2775
New Orleans, LA 70130
(504) 568-1990
Email: speck@lawla.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2011 | 1 | NOTICE OF REMOVAL from Civil District Court, Orleans Parish, case number 05-6700 "L" (Filing fee $ 350) filed by Foster Wheeler Energy Corporation. (Attachments: # 1 Notice of Manual Attachment, # 2 Notice of Compliance with 28:1446, # 3 Notice of Compliance with 28:1447(b))(caa, ) (Additional attachment(s) added on 4/18/2011: # 4 Civil Cover Sheet) (caa, ). (Entered: 04/18/2011) |

### PACER Service Center
#### Transaction Receipt

 **CT Corporation**

**Service of Process Transmittal**
03/16/2011
CT Log Number 518194755

**TO:**  Frederick C Wolsky
Foster Wheeler Inc.
Perryville Corporate Park
Clinton, NJ 08809

**RE:**  **Process Served in Louisiana**

**FOR:**  Foster Wheeler Energy Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Terry Cardaro and Jo Ann, Pltfs. vs. Aerojet General Corporation, etc., et al. including Foster Wheeler Energy Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Second Supplemental and Amended Petition, Exhibit(s), Motion, Certificate of Service, First Supplemental and Amended Petition, Order, Petition |
| **COURT/AGENCY:** | Orleans Civil District Court, Parish of Orleans, LA Case # 2011-6700 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/16/2011 at 08:35 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after the service |
| **ATTORNEY(S) / SENDER(S):** | Mickey P. Landry Landry & Swarr, L.L.C. 1010 Common Street Suite 2050 New Orleans, LA 70112 504-299-1214 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/16/2011, Expected Purge Date: 04/15/2011 Image SOP Email Notification, Lorraine Gibbons Lorraine_gibbons@fwc.com Email Notification, Elaine McIntosh elaine_mcintosh@fwc.com Email Notification, Frederick C Wolsky Fred_Wolsky@fwc.com Email Notification, Mike Lovitto mike_lovitto@fwc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Lisa Uttech |
| **ADDRESS:** | 5615 Corporate Blvd Suite 400B Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ATTORNEY'S NAME: Hoffman, Philip   32277
AND ADDRESS:        1010 Common St, Ste 2050
                              New Orleans    LA 70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:     2005 -- 06700          14          DIVISION: L                           SECTION: 6

CARDARO, TERRY        ETAL VERSUS AEROJET GENERAL CORPORATION          ETAL

## CITATION

TO:  FOSTER WHEELER ENERGY CORPORATION, A DELAWARE CORPORATION
     THROUGH:  THEIR AGENT: C.T. CORPORATION SYSTEM
     5615 CORPORATE BLVD., STE. 400 B

     BATON ROUGE                              LA

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
SECOND SUPPLEMENTAL AND AMENDING PETITION W/ 1ST SUPPL. & AMEND. PETITION & ORIGINAL
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

---

### ADDITIONAL INFORMATION

Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561- 8828.  This Referral Service operates in conjunction with the
New Orleans Bar Association.  If you qualify, you may be entitled to free legal assistance through the
New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

---

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA      March 11, 2011      .

Clerk's Office, Room 402, Civil Courts                    DALE N. ATKINS, Clerk of
421 Loyola Avenue                                         The Civil District Court
New Orleans, LA                                           for the Parish of Orleans
                                                          State of LA

                                                          by _Amber Darby_
                                                          **Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| SECOND SUPPLEMENTAL AND AMENDING PETITION W/ 1ST SUPPL. & AMEND. PETITION & ORIGINAL PETITION ATTACHED | SECOND SUPPLEMENTAL AND AMENDING PETITION W/ 1ST SUPPL. & AMEND. PETITION & ORIGINAL PETITION ATTACHED |
| On | On |
| FOSTER WHEELER ENERGY CORPORATION, A DELAWARE CORPORATION | FOSTER WHEELER ENERGY CORPORATION, A DELAWARE CORPORATION |
| THROUGH: THEIR AGENT: C.T. CORPORATION SYSTEM | THROUGH: THEIR AGENT: C.T. CORPORATION SYSTEM |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| Returned  same  day | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating  HIM / HER the said _____ |
| _____  No. | FOSTER WHEELER ENERGY CORPORATION, A DELAWARE CORPORATION |
| Deputy Sheriff of _____ | |
| Mileage: $_____ | |
| | being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned  same  day |
| PAPER          RETURN | _____  No. |
| _____ / _____ / | |
| SERIAL NO.    DEPUTY    PARISH | Deputy Sheriff of _____ |

FILED

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

2011 MAR 10  P 3: 01

**STATE OF LOUISIANA**

NO.   2005-6700

CIVIL
DISPIVISION "L"

**TERRY CARDARO and JO ANN CARDARO**

**VERSUS**

**AEROJET GENERAL CORPORATION (sued individually and as successor-in-interest to JOHNSTON PUMP COMPANY), ET AL**

FILED:_____          _____

DEPUTY CLERK

**SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW COME Petitioners, by and through undersigned counsel, to respectfully file this Second Supplemental and Amended Petition for Damages in the following particulars:

      1.      For the purpose of confirming the following defendant:

          A.      FOSTER WHEELER ENERGY CORPORATION
                 A Delaware Corporation
                 Through Registered Agent:
                 C.T. Corporation System
                 5615 Corporate Blvd., Suite 400 B
                 Baton Rouge, LA 70808

      2.      Petitioners reiterate all other matters contained in the Original Petition for Damages and First Amended Petition for Damages and allege same as though set forth at length herein against the above named defendant.

WHEREFORE, the petitioners pray that their Original Petition for Damages and First Amended Petition for Damages be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in favor of petitioners and against the defendants as originally prayed for herein.

Respectfully submitted,

**LANDRY SWARR & CANNELLA, L.L.C.**

_____

**MICKEY P. LANDRY, Bar No. 22817**
**FRANK J. SWARR, Bar No. 23322**
**DAVID R. CANNELLA, Bar No. 26231**
**PHILIP C. HOFFMAN, Bar No. 32277**

1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone:  (504) 299-1214
Facsimile:  (504) 299-1215

COUNSEL FOR PETITIONER

## ORDER

Let the above and foregoing Second Supplement and Amendment to the Original

Petition for Damages and First Amended Petition for Damages be filed as prayed for.

SO ORDERED this the _10th_ day of _March_, 2011.

_____
(Sgd.) KERN A. REESE
JUDGE

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

**PLEASE SERVE THE FOLLOWING DEFENDANT WITH PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES, PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES AND PLAINTIFF'S SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES:**

1.    **FOSTER WHEELER ENERGY CORPORATION,**
                          A Delaware Corporation
                          Through Registered Agent:
                          C.T. Corporation System
                          5615 Corporate Blvd., Suite 400 B
                          Baton Rouge, LA 70808

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH THE SECOND SUPPLEMENTAL AND AMENDING PETITION ONLY:**

1.    **CRANE CO.**
       By and through its attorney of record:
       Matthew Lott
       Dogan & Wilkinson, PLLC
       734 Delmas Avenue
       P.O. Box 1618
       Pascagoula, MS 39568-1618

2.    **TRAVELERS CASUALTY AND SURETY COMPANY**
       By and through its attorney of record:
       Kristopher T. Wilson
       Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
       601 Poydras Street, Ste. 2775
       New Orleans, LA 70130

3.    **GENERAL ELECTRIC COMPANY**
       By and through its attorney of record:
       John Hainkel
       Frilot, LLC
       1100 Poydras Street, Suite 3700
       New Orleans, Louisiana 70163
       Tel: 504-599-8000
       Fax: 504-599-8100

4.    **METROPOLITAN LIFE INSURANCE COMPANY,**
       By and through its attorney of record:
       Jay M. Jalenak
       Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.
       P.O. Box 3513
       Baton Rouge, LA 70821

5.    **TRINITY INDUSTRIES, INC.,**
       **through the Louisiana Long Arm Statute pursuant Article 1261(3) to-wit:**
       2525 N Stemmons Freeway
       Dallas, Texas 75207

6.    **TRINITY YACHTS, LLC**
       Stewart F. Peck
       Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
       601 Poydras Street, Suite 2775
       New Orleans, L A 70130

7.    **YARWAY CORP.**
       M. James Dempsey
       Cosmich, Simmons & Brown

101 South Congress Street
Plaza Building, Suite 400
Jackson, Mississippi 39201
Tel:  (601)863-2100
Fax: (601)863-0078



ORIGINAL
FILED
2011 JAN 26 P 4:23
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.    2005-6700                                          DIVISION "L"

TERRY CARDARO and JO ANN CARDARO

VERSUS

AEROJET GENERAL CORPORATION (sued individually and as successor-in-interest to
JOHNSTON PUMP COMPANY), ET AL

FILED: _____          _____

                                                   DEPUTY CLERK

**PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES**
**WITH INCORPORATION MOTION FOR LEAVE TO FILE**

      **COME NOW** Plaintiffs, by and through undersigned counsel, who move this Honorable

Court for leave to respectfully files this their First Supplemental and Amended Petition for Damages

solely in the following particulars:

1.    For the purpose of adding the following Defendants:

        **a)**    **TRINITY INDUSTRIES, INC.,**

        **b)**    **TRINITY YACHTS, LLC** (*sued individually and as successor-in-interest*
          *to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT
          COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.)

2.    Plaintiffs reiterate and/or adopt all other matters contained in the Original Petition for

Damages, including the prayer of its Original Petition, against all Defendants except for those

Defendants previously dismissed (it is not Plaintiffs intention to bring Defendants previously

dismissed back into the captioned matter) as if copied herein *in extenso.*

3.    Named Defendants herein are the following:

    a)  **TRINITY INDUSTRIES, INC.,** a corporation duly organized, created and existing under
      the laws of the state of Delaware, with its principal place of business in the state of Texas,
      and may be served **through the Louisiana Long Arm Statute pursuant to Article 1261(3)**

DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504-592-9100
-------------------------------------
DATE: 1/26/2011 at 16:28
CASE: 2005 - 06700  SEC: L
RECEIPT: 262869
-------------------------------------
      BAL
SUPPLEMENTAL AND/OR AMENDING PETITIO
  $    141.00  $    141.00  $   0.00
              1.00
  $    282.00  $    282.00  $   0.00
=====================================
RECEIPT TOTAL $423.00
------------
AMOUNT RECEIVED $423.00
CHANGE DUE $.00
=====================================
Check #21645 Amt. $423.00

1

1-31-11
VERIFIED
Cynthia Strombor
Deputy Clerk

to-wit: 2525 N Stemmons Freeway, Dallas, Texas 75207. This Defendant is being sued as an Employer and Premises Defendant.

b) **TRINITY YACHTS, LLC** (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), a Louisiana corporation with its principal place of business in the state of Louisiana, and with an agent for service in the State of Louisiana, may be served, to-wit: Stewart F. Peck, 601 Poydras Street, Suite 2775, New Orleans, LA 70130. This Defendant is being sued as an Employer and Premises Defendant.

4.    To add the following allegations:

1.    In connection with Terry Cardaro's work at Welder Tacker for Equitable Equipment Company in 1969, and as a mechanic/welder at various facilities owned and operated by Louisiana Power & Light Company (n/k/a Entergy Louisiana, Inc.) in or about 1977 through 1982, Plaintiff suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants.

2.    Plaintiff Terry Cardaro worked in the United States Navy as a pipefitter, shipfitter, and welder from approximately 1969 through 1977. During this time period, Plaintiff suffered repeated exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants.

3.    Before and during Plaintiff Terry Cardaro's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities listed in Paragraph 1, where Plaintiff was exposed to asbestos fibers and asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

4.    When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

5.    Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Plaintiff, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Plaintiff and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid

litigation by those who were injured from asbestos inhalation. Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

6.      As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 1 Plaintiff contracted mesothelioma.

7.      Because of the latency period between exposure to asbestos and the onset of mesothelioma, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Plaintiff has only recently discovered his injuries and just over one year preceding this filing of this their First Supplemental and Amended Petition for Damages.

## COUNT ONE
### TRINITY INDUSTRIES, INC., TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.)

8.      Defendants, TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), (hereinafter "Equitable"), are Texas and Louisiana corporations and are licensed to do and doing business in the Parish of Orleans, State of Louisiana.

9.      Defendant, Employers Insurance Company of Wausau (hereinafter "Employers"), is a foreign corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Defendant Equitable Shipyards, LLC, and as such, is also directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statutes.

10.     Defendant, Travelers Casualty and Surety Company (hereinafter "Travelers"), is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Defendant Equitable Shipyards, LLC, and as

3

such, is also directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statutes.

11.   Defendant, **EMPLOYERS INSURANCE COMPANY OF WAUSAU**, on information and belief, had in full force and effect a policy or policies of liability insurance insuring Defendant Equitable Shipyards, LLC against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, defendant **EMPLOYERS INSURANCE COMPANY OF WAUSAU**, is directly liable to Plaintiffs under the provisions of the Louisiana Revised Statues, Title 22, Section 1269.

12.   Defendant, **TRAVELERS CASUALTY AND SURETY COMPANY**, on information and belief, had in full force and effect a policy or policies of liability insurance insuring Defendant Equitable Shipyards, LLC against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, defendant, **TRAVELERS CASUALTY AND SURETY COMPANY**, is directly liable to Plaintiffs under the provisions of the Louisiana Revised Statues, Title 22, Section 1269.

**COUNT TWO**
**STRICT LIABILITY AND NEGLIGENCE**
**OF DEFENDANTS TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued**
***individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and***
**EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.)**

13.   Plaintiffs further allege strict premises liability of defendants TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), (hereinafter "Equitable"), in failing to provide Plaintiff a safe place in which to work free from the hazards of asbestos, which failure was a direct and proximate cause of Plaintiff's exposure to asbestos as described in Paragraph 1, supra.

14.   The premises in which Plaintiff's exposure to asbestos occurred or originated, as set forth in Paragraph 1, supra was owned by and in the custody of Equitable, and was unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk.  This

unreasonably dangerous condition was a direct and proximate cause of Plaintiff's injuries set forth herein.

15.    Defendants, TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to Plaintiff in the following particulars:

a.    failure to provide Plaintiff with a safe place to work;

b.    failure to provide Plaintiff with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and

c.    failure to inform or warn Plaintiff of the hazards of asbestos exposure.

These specific acts of fault were a substantial contributing factor of Plaintiff's injuries.

16.    During the course of Plaintiff's work at the Equitable facilities, the asbestos or asbestos-containing products to which contributed to Plaintiff's exposure were all within the care, custody, and control of Equitable. TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), are therefore strictly liable for Plaintiff's injuries pursuant to Louisiana Civil Code Articles 660, *et seq.*, 2315, and 2317.

### COUNT THREE
### INTENTIONAL ACTS AND FRAUD OF
### DEFENDANTS TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.)

17.    During the course of Plaintiff's employment at Equitable, (Equitable) and its predecessors in interest TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), knew that it was substantially certain to follow from its actions and inactions, outlined above, that Plaintiff would be exposed to

injurious levels of asbestos, and thereby acted intentionally under Louisiana law in exposing Plaintiff

to asbestos and causing him to contract mesothelioma.

18.     At all times throughout Plaintiff's exposure to asbestos present and used within

Equitable, Equitable and its predecessors in interest TRINITY INDUSTRIES, INC., and TRINITY

YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC.,

*and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), knew that

asbestos posed substantial health risks to those exposed to it, knew that there were specific

engineering and industrial hygiene procedures which should have been employed to reduce

exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes

and thereby injuriously expose those in the household, yet Equitable and its predecessors in interest

TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-*

*in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a*

EQUITABLE SHIPYARDS, LLC.), consciously and intentionally chose not to inform Plaintiff of

this information or implement any meaningful safety precautions, all of which was a substantial

contributing cause of Plaintiff's injuries.

19.     As Plaintiff's employer, Equitable and its predecessors in interest had a duty to fully

and properly disclose to Plaintiff the dangers associated with asbestos, yet failed to discharge that

duty by misrepresenting or suppressing the truth, through its silence and inaction, about asbestos

with the intention to obtain an unjust advantage for itself and to cause loss to Plaintiff. Due to this

fraud of Equitable and its predecessors in interest, Plaintiff agreed to and went to work for the agreed

upon wages under the misconception that he was not being exposed to a highly toxic substance while

there.

20.     The foregoing misrepresentation was a substantial contributing cause of Plaintiff's

damages.

## COUNT FOUR
## ALLEGATIONS AGAINST EMPLOYER DEFENDANTS

21.     All of the allegations contained in the previous paragraphs are realleged.

22.     The Employer Defendants were at all times relevant the employers of Terry Cardaro.

23.     Plaintiffs would show that the Employer Defendants were negligent, grossly negligent, and intentionally committed certain acts and omissions which created conditions at the workplace which were a proximate cause of his mesothelioma resulting from exposure to asbestos.

24.     In particular, Plaintiffs would show that the Employer Defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to his rights, safety and welfare and that such specific acts of negligence, gross negligence and intentional acts or omissions committed by the Employer Defendants that proximately caused mesothelioma include:

(a)     failure to provide safe equipment for Plaintiff to use;

(b)     failure to provide adequate safety measures and protection against deadly and life threatening asbestos dust, all despite Defendant's knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)     failure to adequately warn Plaintiff of the inherent dangers of asbestos contamination;

(d)     failure to provide Plaintiff a safe place to work by failing to maintain the ambient and environmental conditions of the plant in proper and safe conditions; and

(e)     failure to follow and adhere to various states and U.S. governmental statutes, regulations, and guidelines pertaining to asbestos and the exposure to asbestos of employees and others.  Such failure constituted negligence at a minimum.  Plaintiff is not making claims under federal law.

**INTENTIONAL ACTS AND FRAUD OF EMPLOYER DEFENDANTS**

25.     During the course of Petitioner's employment as a Welder Tacker for Equitable Equipment Company in 1969 and as a mechanic/welder at various facilities owned and operated by Louisiana Power & Light Company (n/k/a Entergy Louisiana, Inc.) in or about 1977 through 1982, the Defendant Employers (and their predecessors in interest) knew that it was substantially certain to follow from their actions and inactions, outlined above, that Petitioner would be exposed to injurious levels of asbestos, and thereby acted intentionally under Louisiana law in exposing Petitioner to asbestos and causing him to contract an asbestos-related injury.

26.     At all times throughout Petitioner's exposure to asbestos present and used within Equitable Equipment Company and the various facilities owned and operated by Louisiana Power & Light Company (n/k/a Entergy Louisiana, Inc.), the Defendant Employers knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that

those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet Equitable and Entergy and their predecessors in interest consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

27.     As Petitioner's employers, Equitable and Entergy and their predecessors in interest had a duty to fully and properly disclose to Petitioner the dangers associated with asbestos, yet failed to discharge that duty by misrepresenting or suppressing the truth, through their silence and inaction, about asbestos with the intention to obtain an unjust advantage for themselves and to cause loss to Petitioner. Due to this fraud and intentional acts of Equitable and Entergy and their predecessors in interest, Petitioner agreed to and went to work for the agreed upon wages under the misconception that he was not being exposed to a highly toxic substance while there.

28.     The intentional acts of Equitable and Entergy, as identified in the foregoing paragraphs, caused Plaintiff to sustain occupational exposure to asbestos such that Equitable and Entergy, based on the available scientific and medical information, knew that the result of an asbestos-related injury or disease, including but not limited to, mesothelioma, is and was substantially certain to follow from the conduct, whatever Equitable's and Entergy's desires may have been as to the result.

78.     Plaintiff specifically pleads the cause of action for Intentional Tort as expressed in *Reeves v. Structural Preservational Systems, et al.*, 98-1795 (La. 3/12/99) against the Employer Defendants, Entergy and Equitable.

29.     The foregoing intentional acts, fraud and misrepresentation was a substantial contributing cause of Petitioner's damages.

## COUNT FIVE
## ALLEGATIONS AGAINST PREMISES DEFENDANTS

30.     All of the allegations contained in the previous paragraphs are realleged.

31.     While present at premises owned by the Premises Defendants, Plaintiff was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by the Premises Defendants, who had the responsibility for such.

32.     Plaintiffs would further show Plaintiff's injuries and diseases were the result of intentional acts and/or omissions and/or negligence and/or gross negligence in the use of asbestos at Defendants' Premises.  The Premises Defendants failed to properly remove and/or abate said asbestos at these facilities during the time Plaintiff was working there.

33.     Plaintiffs would show that the Premises Defendants were negligent, grossly negligent, and/or committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in mesothelioma from exposure to asbestos.

34.     In particular, Plaintiffs would show that the Premises Defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of the Plaintiff, and that such intentional acts and omissions proximately caused Plaintiff's disease and injuries.

35.     Specific intentional acts and acts constituting negligence and gross negligence committed by the Premises Defendants that proximately caused Plaintiff's injuries and disease include:

(a)     Failure to provide safe equipment for Plaintiff to use;

(b)     Failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite the Premises Defendants knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)     Failure to adequately warn Plaintiff of the inherent dangers of asbestos contamination; and

(d)     Failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

36.     Further, failure to follow and adhere to various states and U.S. Government statutes, regulations and guidelines pertaining to asbestos and the exposure to asbestos of individuals constituted negligence at a minimum.  Plaintiff is not making claims for damages under federal law.

37.     Additionally, specific actions or omissions on the part of the Premises Defendants that proximately caused Plaintiff's injuries and illness were:

(a)     Attempting to remove asbestos dust in the workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

(b)     Failing to provide proper protective gear for individuals exposed to asbestos;

(c)     Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

9

(d)   Failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

(e)   Failing to adhere to industry safety standards and other established measures to protect workers from harm;

(f)   Failing to adequately warn of the extreme risk of danger inherent to asbestos exposure.

38.   The Premises Defendants demonstrated such an entire want of care as to establish that their acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff.

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 38, Plaintiffs request that defendants be served with this Petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Plaintiffs for the following:

a)   all past, present and future medical costs or expenses related thereto;

b)   all past, present and future lost earnings;

c)   all past, present and future mental suffering, anguish, and pain;

d)   all past, present and future physical pain and suffering;

e)   loss of quality of life;

f)   all other forms of relief provided by law or equity together with interest from the date of judicial demand until paid, and costs of these proceedings.

WHEREFORE, Plaintiffs pray that the Original Petition for Damages be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in their favor, and against Defendants.

Respectfully submitted,

*WATERS & KRAUS, LLP*

*/S/ JULIE L. CELUM*

_____
JULIE L. CELUM, TX Bar No. 24031924
*Admitted Pro Hac Vice*
3219 McKinney Avenue
Dallas, Texas 75204
Telephone:  214-357-6244
Facsimile:  214-357-7252

and

LANDRY & SWARR, LLC
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
DAVID R. CANNELLA, Bar No. 26231
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone:  504-299-1214
Facsimile:  504-299-1215

**ATTORNEYS FOR PLAINTIFFS**

**PLEASE SERVE ALL CORRESPONDANCE AND PLEADINGS ON WATERS & KRAUS, LLP**

SERVICE INSTRUCTIONS FOLLOW ON THE NEXT PAGE

11

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2005-6700                                                    DIVISION "L"

TERRY CARDARO and JO ANN CARDARO

VERSUS

AEROJET GENERAL CORPORATION (sued individually and as successor-in-interest to
JOHNSTON PUMP COMPANY), ET AL

FILED:_____          _____

                                         DEPUTY CLERK

**ORDER**

Let the above and foregoing First Supplement and Amendment to the Original Petition for

Damages be filed as prayed for.

SO ORDERED, this the _____ day of _____, 2011 New Orleans, Louisiana.

_____

J U D G E

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PLAINTIFFS' ORIGINAL
PETITION FOR DAMAGES and PLAINTIFF'S FIRST SUPPLEMENTAL AND
PETITION FOR DAMAGES:**

**TRINITY INDUSTRIES, INC.,** a corporation duly organized, created and existing under the laws
of the state of Delaware, with its principal place of business in the state of Texas, and may be served
**through the Louisiana Long Arm Statute pursuant Article 1261(3) to-wit: 2525 N Stemmons
Freeway, Dallas, Texas 75207.**
This Defendant is being sued as an Employer Defendant.

**TRINITY YACHTS, LLC** (*sued individually and as successor-in-interest to* TRINITY
INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE
SHIPYARDS, LLC.), a Louisiana corporation with its principal place of business in the state of
Louisiana, and with an agent for service in the State of Louisiana, may be served, to-wit: **Stewart F.
Peck, 601 Poydras Street, Suite 2775, New Orleans, LA 70130.**
This Defendant is being sued as an Employer Defendant

12

JAN 2 8 2011
ENTERED ON MINUTES

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH THE FIRST SUPPLEMENTAL AND AMENDING PETITION ONLY:**

1. **BUFFALO PUMPS**
   By and through its attorney of record:
   Susan L. Durham
   Wells Moore Simmons & Hubbard PLLC
   4450 Old Canton Road
   Suite 200
   Jackson, MS 39211

2. **BUFFALO PUMPS**
   William Mills
   Weber Gallagher Simpson Stapleton Fires & Newby LLP
   2000 Market Street, #1300
   Philadelphia, PA 19103

3. **COOPER INDUSTRIES, Inc.**
   By and through its attorney of record:
   Jennifer Adams
   Deutsch, Kerrigan & Stiles
   755 Magazine Street
   New Orleans, LA 70130

4. **CRANE CO.**
   By and through its attorney of record:
   Matthew Lott
   Dogan & Wilkinson, PLLC
   734 Delmas Avenue
   P.O. Box 1618
   Pascagoula, MS 39568-1618

5. **TRAVELERS CASUALTY AND SURETY COMPANY**
   By and through its attorney of record:
   Colin Sherman
   Lugenbuhl, Wheaton, Peck, Rankin
     & Hubbard
   601 Poydras Street, Ste. 2775
   New Orleans, LA 70130

6. **FIATALLIS NORTH AMERICA**
   By and through its attorney of record:
   Matthew J. Mumfrey
   McGlinchey Stafford PLLC
   643 Magazine Street
   New Orleans, LA 60643

7. **FOSTER WHEELER ENERGY CORPORATION**
   By and through its attorney of record:
   **John J. Hainkel**
   Frilot, LLC
   1100 Poydras Street
   3700 Energy Centre
   New Orleans, LA 70163

8.    **GENERAL ELECTRIC COMPANY**
By and through its attorney of record:
William Schuette
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
Four United Plaza
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

9.    **METROPOLITAN LIFE INSURANCE COMPANY,**
By and through its attorney of record:
Jay M. Jalenak
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.
P.O. Box 3513
Baton Rouge, LA 70821

10.   **TYCO INTERNATIONAL, INC.**
By and through its attorney of record:
Winstol D. Carter
Morgan Lewis & Bockius, LLP
1000 Louisiana, Suite 4200
Houston, TX 77002

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 05-6700  SECTION  DIVISION " "

TERRY CARDARO and JO ANN CARDARO

VERSUS

AEROJET GENERAL CORPORATION (sued individually and as successor-in-interest to JOHNSTON PUMP COMPANY), ET AL.

FILED: _____    _____

DEPUTY CLERK

## PETITION FOR DAMAGES

**COME NOW** Petitioners by and through undersigned counsel, who respectfully represent as follows:

1. Petitioners Terry Cardaro and Jo Ann Cadaro are adult resident citizens and domiciliaries of Saint Tammany Parish, State of Louisiana.

2. Defendants, identified in Exhibit "A" annexed hereto, are either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana that are liable unto Petitioners for the claims asserted herein.

3. Orleans Parish is a proper venue for this action pursuant to Louisiana Code of Civil Procedure Article 73, because each of the defendants listed in Exhibit "A" contributed to Terry Cardaro's exposure to asbestos and subsequent contraction of mesothelioma and therefore each is solidarily liable to Petitioners with each of its co-defendants, and defendants Eagle, Inc. and Taylor Seidenbach are domiciled in Orleans Parish.

CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE
NEW ORLEANS, LA 70112
504-592-9100
Reg. # 0          Receipt # 355334
Cash In Clk# 1    05/17/05 at 15:38
---------------------------------
1            PETITION
  1 @ $  278.50   $  278.50
2            JUDGES SUPPL COMP FUND
  1 @ $   18.50   $   18.50
1            COURT COSTS CIVIL
  1 @ $   10.00   $   10.00
7            EXTRA DEFENDANT
  1 @ $ 4,860.00  $ 4,860.00
                  ==========
Total Due  $  5,167.00
---------------------------------
Check Amount $  5,167.00
                  ==========
Change Due $      0.00

## BACKGROUND

4. In connection with Terry Cardaro's work as a mechanic/welder at various facilities owned and operated by Louisiana Power & Light Company (n/k/a Entergy Louisiana, Inc.) in or about 1977 through 1982, and as a Welder Tacker for Equitable Equipment Company in 1969, Petitioner suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants.

1

5.     Before and during Petitioner's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities listed in Paragraph 4, where Petitioners were exposed to asbestos fibers and asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

6.     When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

7.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioners, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Petitioner and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation. Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

8.     As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 4, Petitioner contracted lung cancer.

9.     Because of the latency period between exposure to asbestos and the onset of lung cancer, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Petitioner has only recently discovered his injuries and not more than one year preceding this filing of this Petition for Damages.

## STRICT LIABILITY OF ASBESTOS
## MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS

10.     The Defendants were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Paragraph 4, from which Petitioner was exposed to them.

11.     The products mined, manufactured, sold, distributed, supplied and/or used by these defendants was defective, unreasonably dangerous, and unreasonably dangerous per se, to Petitioners who were intended and foreseeable users and bystanders who were exposed to these products.  These defects include, without limitation, the following:

a)      mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b)      mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in his respective trade;

c)      lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d)      lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e)      failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f)      failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g)      failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

3

h)   failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i)   defects in the composition and construction of these products;

j)   failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k)   failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

l)   overwarranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants;

m)   are liable to Petitioner in strict liability for things in their garde, possession, custody or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner; and

n)   other defects or fault as may be revealed in discovery or at trial.

12.   The defective conditions of defendants' products and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

13.   Petitioner further alleges that each and every one of the foregoing defendants was also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

## LIABILITY OF MANUFACTURERS AND DISTRIBUTORS

14.   All of the allegations contained in the previous paragraphs are realleged.

15.   During the above-described period of employment, Petitioner was regularly exposed to asbestos and asbestos-containing products designed, manufactured, fabricated, assembled, installed, supplied, sold, marketed, distributed, warranted and/or advertised by the Manufacturer defendants, AGCO Corporation, Aqua-Chem, Inc., Babcock Borsig Power, Inc., Beach-Russ Company, Beaird Industries, Inc., Dana Corporation, Eagle, Inc., Eaton Corporation, Furmanite America, Inc. Garlock, Inc., Garlock Sealing Technologies, Inc., Graham Manufacturing Co.,The McCarty Corporation, Reilly Benton Company, Riley Power, Inc., Sepco Corporation, Taylor-Seidenbach, Inc.,and Uniroyal Holding, Inc., (hereinafter the "Manufacturer Defendants") which were used by Petitioner Terry Cardaro during construction work.

4

16.     Petitioner was exposed to the products of this defendant either by actually handling, using, sawing, cutting, employing, utilizing, or manipulating these products or was in the vicinity in which these products were being used, handled, sawed, cut, employed, utilized or manipulated, thereby forcing the petitioner to inhale asbestos fibers from these asbestos- containing products as he performed his work duties.

17.     The Manufacturer Defendants are strictly liable.  The asbestos-containing products manufactured, distributed and/or sold by these defendants were unreasonably dangerous per se, defective in construction and/or composition, defective in design, and defective because of inadequate warnings.

18.     The Manufacturer Defendants were negligent and at fault, without limitation, of the following:

   a)     The hazards associated with the products manufactured and/or distributed by the defendant outweigh the utility of the products;

   b)     The products manufactured and/or distributed by the defendant were unreasonably dangerous in construction or composition at the time they left the control of these defendants;

   c)     The defendant failed to adequately warn about the dangers relating to the use of their products;

   d)     Alternative products were available to serve the same needs or desires, with less risk of harm;

   e)     The defendant failed to design the product with less harmful consequences, which were usable at the time of the manufacture of the products;

   f)     The defendant failed to disseminate knowledge of the hazards of its own products;

   g)     The defendant was negligent and/or fraudulent for the reasons set forth in the Petition for Damages; and

   h)     Any and all other acts of negligence which may be proven at the trial of this matter.

## ALLEGATIONS AGAINST NAVAL EQUIPMENT MANUFACTURERS

19.     All of the allegations contained in the previous paragraphs are realleged.

20.     Defendants Aerojet General Corporation, Alfa Laval, Inc., Badger Meter, Inc., Buffalo Pumps, Inc., Carver Pump Company, Cooper Industries, Crane Co., Durabla Manufacturing Company, Elliott Company., Enpro Industries, Inc., Fiatallis North America, Flowserve Corporation, FMC Corporation, Gardner Denver, Inc., General Electric Company, General Motors Corporation, The Goodyear Tire And Rubber Company, The Gorman-Rupp Company, Goulds Pumps, Incorporated, Hardie-Tynes, Inc., Henry Technololgies, Inc., Henry Vogt Machine Co., IMO

5

Industries, Inc., Joy Global, Inc., Leslie Controls, Inc., Metallo Gasket Company, Inc., The Nash Engineering Company, Pentair Pump Group, Smithco Engineering, Inc., Tuthill Corporation, Tyco International, Inc.,  Viacom, Inc., Viad Corp, Viking Pump, Inc. Warren Pumps, Inc., Yarway Corporation, Yuba Heat Transfer Company, and Zurn Industries, Inc., are hereinafter referred to as the Naval Equipment Manufacturers. The Naval Equipment Manufacturers are sued only for their failure to warn of the hazards of asbestos exposure, and are not being sued on any other theory. This failure to warn renders the Naval Equipment Manufacturers liable in both in negligence, and in strict products liability for a marketing defect. Any and all theories alleged against any and all Defendants other than the above-named Naval Equipment Manufacturers are expressly not alleged against the Naval Equipment Manufacturers.

21.     In particular, the Naval Equipment Manufacturers were negligent in one or both of the following ways, these being proximate causes of Petitioner's illnesses and disabilities:

a)      in failing to timely and adequately warn Petitioner of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

b)    . in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

22.     Petitioners would also show that the Naval Equipment Manufacturers' asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products.  Petitioners would show that this marketing defect rendered such products and/or machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Naval Equipment Manufacturers.  Petitioners would show that Defendants are liable in strict product liability for this marketing defect.

23.     The Naval Equipment Manufacturers are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-

containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the injuries of Petitioner.

24.     The Naval Equipment Manufacturers knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

25.     Petitioner was unaware of the hazards and defects in the asbestos-containing products of the Naval Equipment Manufacturers, which made them unsafe for purposes of manipulation and/or installation.  Similarly, Petitioner was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

26.     During the periods that Petitioner was exposed to the asbestos-containing products and/or machinery of the Naval Equipment Manufacturers, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by the Naval Equipment Manufacturers.

27.     Further, these defendants expressly and impliedly warranted to users and/or consumers such as Petitioner that their products were reasonably fit for their intended use without endangering human life, and that their products were of merchantable quality.

28.     These Defendants breached the expressed and implied warranty in that their product was defective, which defects in their product permitted and/or caused the injuries to Petitioner using and/or being exposed to their products in a manner that was reasonably foreseeable.

29.     As a direct and proximate result of the described breaches of warranty by defendants, each of them, Petitioner sustained injuries.

30.     As a direct and proximate result of the above described acts of defendants, each of them, Petitioner sustained injuries.  Petitioner, Terry Cardaro was diagnosed with mesothelioma in July 2004.

31.     These defendants are individually, jointly, and in solido liable to the Petitioner because the asbestos-containing products designed, manufactured, assembled, fabricated, supplied,

7

sold, marketed, warranted, advertised and/or distributed by defendants were defective and unreasonably dangerous per se, and were the producing cause of injury to the petitioner. Additionally, the dust masks designed, manufactured, assembled, fabricated, supplied, sold, marketed. warranted, advertised and/or distributed by Minnesota Mining and Manufacturing Company were defective in design, composition, and/or defective because of a failure to warn, and were the producing cause of injury to Petitioner.

32.     These defendants are also liable, individually, jointly and severally, and in solido, to Petitioner for and are guilty of the following:

a)     Manufacturing a productive defective in design;

b)     Failing to properly test their products;

c)     Failing to properly warn against the dangers inherent in the use of their products;

d)     Failing to provide proper instructions in the use of its product;

e)     Failing to furnish proper wearing apparel, masks, respirators, or other devices that might reduce the dangers of the use of their products;

f)     Failing to instruct or warn of the proper safety devices so as to reduce the dangers of their products; and,

g)     Any and other acts of negligence to be shown at the trial of this matter.

### ALLEGATIONS AGAINST METROPOLITAN LIFE

33.     All of the allegations contained in the previous paragraphs are realleged herein.

34.     Defendant **METROPOLITAN LIFE INSURANCE COMPANY** rendered substantial aid and assistance to the manufacturers of asbestos containing products to which Petitioner was exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos containing products by such manufacturers which proximately caused Petitioner's illness and disability.

35.     Defendant, **METROPOLITAN LIFE INSURANCE COMPANY,** through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to the Petitioner by the testing of asbestos workers and the conduct of scientific studies.  These duties included without limitation, the duty:

(1)     to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

(2)     to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, **METROPOLITAN LIFE** knew or should have known that it was providing testing services for the ultimate protection of third persons, including the Petitioner.

36. In both conducting said tests and in publishing their alleged results, **METROPOLITAN LIFE** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. **METROPOLITAN LIFE** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

37. The Petitioner unwittingly but justifiably relied upon the thoroughness of **METROPOLITAN LIFE's** tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

38. As a direct and proximate contributing result of **METROPOLITAN LIFE's** failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the Petitioner from asbestos exposure was increased, and (ii) the Petitioner suffered the injuries described below.

39. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, **METROPOLITAN LIFE** acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Petitioner.

9

## ENTERGY LOUISIANA, INC.
### (formerly LOUISIANA POWER & LIGHT COMPANY

40.     Defendant, Entergy Louisiana, Inc. (formerly Louisiana Power & Light Company) (hereinafter "Entergy"), is a Louisiana corporation licensed to do and doing business in the Parish of Jefferson, State of Louisiana.

41.     Entergy deliberately failed to enlighten, educate, and share its knowledge with those on its premises, or make its premises safe for those working thereon, including Terry Cardaro, regarding the dangers of asbestos and exposure to asbestos containing products. Although Terry Cardaro went to work, he was unaware of the true danger of his exposure to asbestos and asbestos containing products. Thus, although he voluntarily went to work, he did not voluntarily subject himself to the dangers and ill health problems associated with exposure to asbestos and asbestos containing products, including asbestos related malignancies, such as mesothelioma.

42.     Entergy, was aware or should have been aware of the dangerous condition presented by exposure to asbestos and that Mr. Terry Cardaro would suffer from an asbestos related disease and other ill health effects as a result of this exposure, but they failed and/or willfully withheld from Mr. Terry Cardaro knowledge of the dangers to his health from exposure to asbestos fibers.

43.     Entergy, had the responsibility of providing Terry Cardaro with a safe place to work and proper safety equipment with which to conduct his work, however, they negligently failed to carry out these duties and failed to protect Terry Cardaro from the dangers of toxic fiber and dust exposure.

44.     In addition to the foregoing acts of negligence, Entergy, was and are guilty of the following acts:

a)     Failing to reveal to, and knowingly concealing critical medical information Terry Cardaro;

b)     Failing to reveal information regarding the inherent dangers involved in the use of asbestos;

c)     Failing to provide necessary protection to Terry Cardaro;

d)     Failing to train properly Entergy employees regarding health hazards associated with exposure to asbestos and the necessary safety measures applicable to handling asbestos;

e)     Failing to provide clean, respirable air and proper ventilation;

f)     Other acts which may be revealed at the trial of this matter.

10

## STRICT LIABILITY AND NEGLIGENCE
## OF DEFENDANT ENTERGY LOUISIANA, INC.

45.     Petitioner further alleges strict premise liability of defendant Entergy Louisiana, Inc. (f/k/a Louisiana Power & Light Company) (hereinafter "Entergy") in failing to provide Petitioner a safe place in which to work free from the hazards of asbestos, which failure was a direct and proximate cause of Petitioner's exposure to asbestos as described in Paragraph 4.

46.     The premises in which Petitioner's exposure to asbestos occurred or originated, as set forth in Paragraph 4, was owned by and in the custody of defendant Entergy and was unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk.  This unreasonably dangerous condition was a direct and proximate cause of Petitioner's injuries set forth herein.

47.     Entergy negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to Petitioner in the following particulars:

a)      failure to provide Petitioner with a safe place to work;

b)      failure to provide Petitioner with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and

c)      failure to inform or warn Petitioner of the hazards of asbestos exposure.

These specific acts of fault were a substantial contributing factor of Petitioner's injuries.

48.     During the course of Petitioner's work at the Entergy facilities, the asbestos or asbestos-containing products to which contributed to Petitioner's exposure were all within the care, custody, and control of Entergy.  Entergy is therefore strictly liable for Petitioner's injuries pursuant to Louisiana Civil Code Articles 660, *et seq.*, 2315, and 2317.

## INTENTIONAL ACTS AND FRAUD OF
## ENTERGY LOUISIANA, INC.

49.     During the course of Petitioner's employment at Entergy, Entergy and its predecessors in interest knew that it was substantially certain to follow from its actions and inactions,

outlined above, that Petitioner would be exposed to injurious levels of asbestos, and thereby acted intentionally under Louisiana law in exposing Petitioner to asbestos and causing him to contract lung cancer.

50.    At all times throughout Petitioner's exposure to asbestos present and used within Entergy, Entergy and its predecessors in interest knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet Entergy and its predecessors in interest consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

51.    As Petitioner's employer, Entergy and its predecessors in interest had a duty to fully and properly disclose to Petitioner the dangers associated with asbestos, yet failed to discharge that duty by misrepresenting or suppressing the truth, through its silence and inaction, about asbestos with the intention to obtain an unjust advantage for itself and to cause loss to Petitioner. Due to this fraud of Entergy and its predecessors in interest, Petitioner agreed to and went to work for the agreed upon wages under the misconception that he was not being exposed to a highly toxic substance while there.

52.    The foregoing fraud and misrepresentation was a substantial contributing cause of Petitioner's damages.

## EQUITABLE EQUIPMENT COMPANY. (formerly EQUITABLE SHIPYARDS, LLC.)

53.    Defendant, Equitable Equipment Company (formerly Equitable Shipyards, LLC) (hereinafter "Equitable"), is a Louisiana corporation licensed to do and doing business in the State of Louisiana.

54.    Defendant, Employers Insurance Company of Wausau (hereinafter "Employers"), is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Defendant Equitable Shipyards, LLC, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes.

12

55.     Defendant, Travelers Casualty and Surety Company (hereinafter "Travelers"), is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Defendant Equitable Shipyards, LLC, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes.

56.     Defendant, **EMPLOYERS INSURANCE COMPANY OF WAUSAU**, on information and belief, had in full force and effect a policy or policies of liability insurance insuring Defendant Equitable Shipyards, LLC against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, defendant **EMPLOYERS INSURANCE COMPANY OF WAUSAU**, is directly liable to petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655.

57.     Defendant, **TRAVELERS CASUALTY AND SURETY COMPANY**, on information and belief, had in full force and effect a policy or policies of liability insurance insuring Defendant Equitable Shipyards, LLC against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, defendant **TRAVELERS CASUALTY AND SURETY COMPANY**, is directly liable to petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655.

## STRICT LIABILITY AND NEGLIGENCE
## OF DEFENDANT EQUITABLE EQUIPMENT COMPANY.

58.     Petitioner further alleges strict premises liability of Equitable in failing to provide Petitioner a safe place in which to work free from the hazards of asbestos, which failure was a direct and proximate cause of Petitioner's exposure to asbestos as described in Paragraph 4.

59.     The premises in which Petitioner's exposure to asbestos occurred or originated, as set forth in Paragraph 4, was owned by and in the custody of defendant Entergy and was unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk. This unreasonably dangerous condition was a direct and proximate cause of Petitioner's injuries set forth herein.

60.     Equitable negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to Petitioner in the following particulars:

a)      failure to provide Petitioner with a safe place to work;

b)      failure to provide Petitioner with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and

c)      failure to inform or warn Petitioner of the hazards of asbestos exposure.

These specific acts of fault were a substantial contributing factor of Petitioner's injuries.

61.     During the course of Petitioner's work at the Equitable facilities, the asbestos or asbestos-containing products to which contributed to Petitioner's exposure were all within the care, custody, and control of Equitable.  Equitable is therefore strictly liable for Petitioner's injuries pursuant to Louisiana Civil Code Articles 660, *et seq.*, 2315, and 2317.

## INTENTIONAL ACTS AND FRAUD OF EQUITABLE EQUIPMENT COMPANY.

62.     During the course of Petitioner's employment at Equitable, Equitable and its predecessors in interest knew that it was substantially certain to follow from its actions and inactions, outlined above, that Petitioner would be exposed to injurious levels of asbestos, and thereby acted intentionally under Louisiana law in exposing Petitioner to asbestos and causing him to contract lung cancer.

63.     At all times throughout Petitioner's exposure to asbestos present and used within Equitable, Equitable and its predecessors in interest knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet Equitable and its predecessors in interest consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

64.     As Petitioner's employer, Equitable and its predecessors in interest had a duty to fully and properly disclose to Petitioner the dangers associated with asbestos, yet failed to discharge that

duty by misrepresenting or suppressing the truth, through its silence and inaction, about asbestos with the intention to obtain an unjust advantage for itself and to cause loss to Petitioner. Due to this fraud of Equitable and its predecessors in interest, Petitioner agreed to and went to work for the agreed upon wages under the misconception that he was not being exposed to a highly toxic substance while there.

65.     The foregoing fraud and misrepresentation was a substantial contributing cause of Petitioner's damages.

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 65, Petitioner requests that defendants be served with this Petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Petitioners for the following:

a)     all past, present and future medical costs or expenses related thereto;

b)     all past, present and future lost earnings;

c)     all past, present and future mental suffering, anguish, and pain;

d)     all past, present and future physical pain and suffering;

e)     loss of consortium, love, affection, services and society;

f)     loss of quality of life;

g)     reasonable attorneys fees; and

h)     all other forms of relief provided by law or equity together with interest from the date of judicial demand until paid, and costs of these proceedings.

**WHEREFORE** Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against the defendants as prayed for.

Respectfully submitted,

LANDRY & SWARR, LLC

MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
DAVID R. CANNELLA, Bar No. 26231
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone:  (504) 299-1214
Facsimile:   (504) 299-1215

15

A TRUE COPY

CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

WATERS & KRAUS, LLP
BRYAN C.  MISSHORE, Bar No. 17328
3219 McKinney Avenue
Dallas, TX  75204
Telephone (214) 357-6244
Facsimile (214) 357-7252

*PLEASE SERVE ALL CORRESPONDANCE AND PLEADINGS ON WATERS & KRAUS, LLP*

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS

## EXHIBIT "A"

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PLAINTIFFS' ORIGINAL
PETITION FOR DAMAGES, AND MOTION FOR ISSUANCE OF SCHEDULING ORDER
AND TRIAL DATE:

1. **AEROJET GENERAL CORPORATION** *(sued individually and as successor-in-interest to JOHNSTON PUMP COMPANY)*
An Ohio corporation authorized to do and doing business in Louisiana, with its principal place of business in California, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **P. O. Box 13222, Sacramento, CA 95813-6000**

2. **AGCO CORPORATION** *(sued individually and as successor in interest to ALLIS-CHALMERS CORPORATION)*
A corporation duly organized, created and existing under the laws of the state of New Jersey, with its principal place of business in the state of Virginia, and with an agent for service in the State of Louisiana, to-wit: **C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

3. **ALFA LAVAL, INC.,** *(sued individually and as successor-in-interest to SHARPLES, INC., ALFA LAVAL SEPARATION, INC. and DE LAVAL SEPARATOR COMPANY)*
A corporation duly organized, created and existing under the laws of the state of New Jersey, with its principal place of business in the state of Virginia, and with an agent for service in the State of Louisiana, to-wit: **C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

4. **AQUA-CHEM, INC.,** *(d/b/a CLEAVER-BROOKS COMPANY)*
A Delaware corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Wisconsin, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **11950 W. Lake Park Drive, Milwaukee, WI 53224-3019**

5. **BABCOCK BORSIG POWER, INC.,** *(f/k/a D.B. Riley, Inc., f/k/a RILEY STOKER CORPORATION)*
A Massachusetts corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Pennsylvania and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **5 Neponset Street. Worcester, PA 1606-7140**

6. **BADGER METER, INC.**
A corporation duly organized, created and existing under the laws of the state of Wisconsin, with its principal place of business in the state of Wisconsin, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

7. **BEACH-RUSS COMPANY**
A New York corporation authorized to do and doing business in Louisiana, with its principal place of business in the State of New York, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **544 Union Avenue, Brooklyn, NY 11211**

8. **BEAIRD INDUSTRIES, INC.** *(sued individually and as successor in interest to MAXIM SILENCER PRODUCTS)*
A corporation duly organized, created and existing under the laws of the state of Delaware, and with its principal place of business in Shreveport, Louisiana, and with an an agent for service in the State of Louisiana, to-wit: **C. T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

9.   **BUFFALO PUMPS, INC.** *(sued individually and as successor-in-interest to BUFFALO FORGE COMPANY)*
A Delaware corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of New York, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **874 Oliver Street, North Tonawanda, NY 14120-3298**

10.   **CARVER PUMP COMPANY**
A Delaware corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Iowa, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **2415 Park Avenue, Muscatine, Iowa 52761**

11.   **COOPER INDUSTRIES, LLC** *(sued individually and as successor-in-interest to GARDNER-DENVER, INC.)*
An Ohio corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Texas, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **600 Travis, Suite 5800, Houston, TX 77002.**

12.   **CRANE CO.**
A corporation duly organized, created and existing under the laws of the state of Delaware, with its principal place of business in the state of Connecticut, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

13.   **DANA CORPORATION**
A Virginia corporation authorized to do and doing business in Louisiana,, with its principal place of business in the state of Ohio, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **4500 Dorr Street, Toledo, OH 43615**

14.   **DURABLA MANUFACTURING**
An Ohio corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Texas, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **Steven L. Storm, 4530 E. 51st Street, Odessa, TX 79762.**

15.   **EAGLE, INC.,** *(f/k/a Eagle Asbestos & Packing Co., Inc.)*
A corporation duly organized, crated and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana, and with an agent for service in the State of Louisiana, to wit: **Lawrence G. Pugh III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, LLP, 3200 Energy Centre, 1100 Poydras Street, New Orleans, LA 70163-3200.**

16.   **EATON CORPORATION** *(sued individually and as successor-in-interest to WATERBURY TOOL CO.)*
A corporation duly organized, created and existing under the laws of the state of Ohio, with its principal place of business in Ohio, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

17.   **ELLIOTT COMPANY** *(a/k/a ELLIOTT TURBOMACHINERY COMPANY)*
A corporation duly organized, created and existing under the laws of the state of Delaware, with its principal place of business in Pennsylvania, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

18.   **ENPRO INDUSTRIES** *(sued individually and as successor-in-interest to FAIRBANKS MORSE ENGINE)*
A Pennsylvania corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of North Carolina, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **5605 Carnegie Blvd, Suite 500, Charlotte, NC 28209**

19.   **EMPLOYERS INSURANCE COMPANY OF WAUSAU**

as the insurer of Equitable Shipyards, LLC via the Direct Action Statute through:
Louisiana Secretary of State
8549 United Plaza Boulevard
Baton Rouge, Louisiana 70809

20. **TRAVELERS CASUALTY AND SURETY COMPANY**
as the insurer of Equitable Shipyards, LLC via the Direct Action Statute through:
Louisiana Secretary of State
8549 United Plaza Boulevard
Baton Rouge, Louisiana 70809

21. **ENTERGY LOUISIANA, INC.** *(f/k/a Louisiana Power & Light Company)*
A corporation duly organized, created and existing under and by virtue of the laws of the
state of Louisiana, with its principal place of business in Jefferson, Louisiana, and with an
agent for service in the State of Louisiana, to wit: **Renee W. Masinter, 639 Loyola
Avenue, New Orleans, LA 70113.**

22. **FIATALLIS NORTH AMERICA** *(sued individually and as successor-in-interest to
BUDA CORPORATION and ALLIS-CHALMERS CORPORATION)*
A Delaware corporation authorized to do and doing business in Louisiana with its
principal place of business in the state of Wisconsin, and **may be served pursuant to the
Louisiana Long Arm Statute** to wit: **700 State Street, Racine, WI 53404**

23. **FLOWSERVE CORPORATION** *(sued individually and as successor-in-interest to
PACIFIC PUMPS AND DURCO PUMPS)*
A Delaware corporation authorized to do and doing business in Louisiana, with its
principal place of business in the state of Texas, and **may be served pursuant to the
Louisiana Long Arm Statute** to wit: **222 Las Colinas Blvd , Suite 1500, Irving, TX
75039**

24. **FMC CORPORATION** *(sued individually and as successor-in-interest to NORTHERN
PUMP COMPANY)*
A corporation duly organized, created and existing under the laws of the state of
Delaware, with its principal place of business in the state of Pennsylvania, and with an
agent for service in the State of Louisiana, to-wit: **C.T. Corporation System, 8550
United Plaza Blvd., Baton Rouge, LA 70809**

25. **FURMANITE AMERICA, INC.**
A corporation duly organized, created and existing under the laws of the state of Virginia,
with its principal place of business in the state of Texas, and with an agent for service in
the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd.,
Baton Rouge, LA 70809**

26. **GARDNER DENVER, INC.**
A Delaware corporation authorized to do and doing business in Louisiana, with its
principal place of business in the state of Illinois, and **may be served pursuant to the
Louisiana Long Arm Statute** to wit: **1800 Gardner Expressway, Quincy, IL 62301**

27. **GARLOCK SEALING TECHNOLOGIES, LLC** *(sued individually and as successor-
in-interest to GARLOCK, INC.)*
A corporation duly organized and existing under the laws of the state of Delaware, with
its principal place of business in the state of New York, and with an agent for service in
the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd.,
Baton Rouge, LA 70809**

28. **GENERAL ELECTRIC COMPANY**
A corporation duly organized, created and existing under the laws of the state of New
York, with its principal place of business in the state of New York, and with an agent for
service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza
Blvd., Baton Rouge, LA 70809**

29.   **GENERAL MOTORS CORPORATION**
A corporation duly organized, created and existing under the laws of the state of Delaware, with its principal place of business in Michigan, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

30.   **THE GOODYEAR TIRE & RUBBER COMPANY** *(sued individually and as successor-in-interest to Durabla Manufacturing Co)*
A corporation duly organized, created and existing under the laws of the state of Ohio, with its principal place of business in Ohio, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

31.   **GORMAN-RUPP COMPANY** *(sued individually and as successor-in-interest to PATTERSON PUMP COMPANY and C.H. WHEELER)*
A Delaware corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Wisconsin, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **305 Bowman Street, Mansfield, OH 44903**

32.   **GOULDS PUMP, INCORPORATED**
A corporation duly organized, created and existing under the laws of the state of . Delaware, with its principal place of business in the state of New York, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

33.   **GRAHAM MANUFACTURING CORPORATION** ·
A Delaware corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of New York, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **20 Florence Avenue**

34.   **HARDIE-TYNES, INC.** *(sued individually and as successor-in-interest to HARDIE-TYNES MANUFACTURING COMPANY)*
A corporation duly organized, created and existing under the laws of the state of Alabama, with its principal place of business in the state of Alabama, and with an agent for service in the State of Louisiana, **to-wit: R.C. Overall, Jr., 5842 Perkins Road, Baton Rouge, LA 70808**

35.   **HENRY TECHNOLOGIES, INC.** *(f/k/a HENRY VALVE CO.)*
An Illinois corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Illinois, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **1060 Lake Avenue, Woodstock, IL 60098**

36.   **HENRY VOGT MACHINE CO.**
A Kentucky corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Kentucky, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **1000 W. Ormsby Avenue, Louisville, KY 40210-1885**

20

37.   **IMO INDUSTIRES, INC.**
A corporation duly organized, created and existing under the laws of the state of Delaware, with its principal place of business in New Jersey, and with an agent for service in the State of Louisiana, **to-wit: Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802-6129**

38.   **JOY GLOBAL, INC.** *(f/k/a ECOLAIRE HEAT TRANSFER and as successor-in-interest to GRISCOM-RUSSELL*
A Delaware corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Wisconsin, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: 100 E. Wisconsin Avenue, Suite 2780, Milwaukee, WI 53202

39.   **LESLIE CONTROLS, INC.**
A New Jersey corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Florida, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **12501 Telecom Drive. Tampa, FL 33637**

40.   **THE MCCARTY CORPORATION** *(f/k/a MCCARTY BRANTON, INC.)*
A corporation duly organized, crated and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana, and with an agent for service in the State of Louisiana, to wit: **Paul H. Spaht, 445 North Blvd, Suite 300, Baton Rouge, Louisiana 70802**

41.   **METALLO GASKET COMPANY, INC.** *(sued individually and as successor-in-interest to GOETZE GASKET & PACKAGING)*
A New Jersey corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of New Jersey, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **16 Bethany Street, New Brunswick, NJ 08903**

42.   **METROPOLITAN LIFE INSURANCE COMPANY,**
A corporation organized, created and existing under and by virtue of the laws of the State of New York with its principal place of business in New York, New York, and which, at all material times relevant hereto, was licensed to do and doing business in the State of Louisiana, and who can be served through the Secretary of State, 3851 Essen Lane, Baton Rouge, LA 70809

43.   **THE NASH ENGINEERING COMPANY**
A Connecticut corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Connecticut, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **9 Trefoil Drive, Trumbull, CT 06611**

44.   **PENTAIR PUMP GROUP** *(individually and as successor-in-interest to AURORA PUMP)*
A Minnesota corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Minnesota, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **5500 Wayzata Boulevard, Suite 800, Golden Valley, MN 55416-1259**

45.   **REILLY BENTON COMPANY**
A corporation duly organized, crated and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Jefferson, Louisiana, and with an agent for service in the State of Louisiana, to wit: **Bernard, Cassisa, Elliott & Davis, 1615 Metairie Road, Metairie, Louisiana 70005**

46.   **RILEY POWER, INC.,** *(F/K/A RILEY STOKER COPORATION)*
A corporation duly organized, created and existing under the laws of the state of Massachusetts, and with an agent for service in the State of Louisiana, **to-wit:** C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809

47. **SEPCO CORPORATION**, a Pennsylvania corporation
A Pennsylvania corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Pennsylvania, and **may be served pursuant to the Louisiana Long Arm Statute to wit: 750 E. Swedesford Road, Valley Forge, PA 19482**

48. **SMITHCO ENGINEERING, INC.**, *(sued individually and as successor-in-interest to ALCO)*
An Oklahoma corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Oklahoma, and **may be served pursuant to the Louisiana Long Arm Statute to wit: 6312 South. 39th West Ave, Tulsa, OK 74132**

49. **TAYLOR-SEIDENBACH, INC.**
A corporation duly organized, crated and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana, and with an agent for service in the State of Louisiana, to wit: **Ralph I. Shepard, 731 South Scott Street, New Orleans, Louisiana 70119**

50. **TUTHILL CORPORATION**, *(sued individually and as successor-in-interest to KINNEY VACUUM COMPANY)*
A corporation duly organized, created and existing under the laws of the state of Delaware, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

51. **TYCO INTERNATIONAL, INC.**, *(sued individually and as successor-in-interest to YARWAY CORPORATION)*
A Massachusetts corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of New Hampshire, and **may be served pursuant to the Louisiana Long Arm Statute to wit: One Tyco Park, Exeter, NH 03833**

52. **UNIROYAL HOLDING, INC.**
A New Jersey corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Connecticut, and **may be served pursuant to the Louisiana Long Arm Statute to wit: 70 Great Hill Road, Naugatuck, CT 06770**

53. **VIACOM, INC.**, *(sued individually and as successor by merger to CBS CORPORATION, f/k/a WESTERINGHOUSE ELECTRIC CORPORATION) (and as successor-in-interest to B.F. STUREVANT)*
A corporation duly organized, created and existing under the laws of the state of Delaware, and with an agent for service in the State of Louisiana, **to-wit: Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802-6129**

54. **VIAD CORP.** *(sued individually and as successor-in-interest to GRISCOM-RUSELL COMPANY)*
A corporation duly organized, created and existing under the laws of the state of Delaware, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

55. **VIKING PUMP**
A Delaware corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Illinois, and **may be served pursuant to the Louisiana Long Arm Statute to wit: 630 Dundee Road, Suite 400, Northbrook, IL 60065.**

56. **WARREN PUMPS, LLC**
A Delaware corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Massachusetts, and **may be served pursuant to the Louisiana Long Arm Statute to wit: 82 Bridges Ave., Warren, MA 01083**

57. **YARWAY CORPORATION**

A Pennsylvania authorized to do and doing business in Louisiana, with its principal place of business in the state of Pennsylvania, and **may be served pursuant to the Louisiana Long Arm Statute** to wit:  **CT Corporation System, 1515 Market Street, Philadelphia, PA 19102**

58.     **YUBA HEAT TRANSFER COMPANY**
An Oklahoma corporation authorized to do and doing business in Louisiana, with its principal place of business in the state of Oklahoma, and **may be served pursuant to the Louisiana Long Arm Statute** to wit: **2121 North 161st East Avenue, Tulsa OK 74116**

59.     **ZURN INDUSTRIES, INC.**
A corporation duly organized, created and existing under the laws of the state of Pennsylvania, and with an agent for service in the State of Louisiana, **to-wit: C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**