**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re: Michael Harvey Litigation**

| | | |
|---|---|---|
| MICHAEL HARVEY | : | |
| | : | District of Connecticut |
| | : | |
| v. | : | NO.:3:10-CV-344 |
| | : | |
| | : | |
| ELECTRIC BOAT CORP. | : | |

<u>**RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER**</u>

ERIC W.F. NIEDERER, an attorney duly admitted to practice law before the Courts of the State of Connecticut, affirms the following to be true under the penalty of perjury:

1. I am a of counsel to the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for defendant Electric Boat Corporation incorrectly s/h/a Electric Boat Corp. (hereinafter "Electric Boat" or "movant") in this action. I have reviewed the file maintained by my office for the instant action and as such, I am fully familiar with the facts and circumstances of this matter and application.

2. I submit this Response to plaintiff's Motion to Vacate the Conditional Transfer Order, as transfer of this case to the Multidistrict Litigation 875, In Re: Asbestos Products Liability Litigation (hereinafter "MDL 875" or "Asbestos Products Liability Litigation"), is proper as this action clearly falls within the ambit of the MDL 875. For all of the reasons set forth in more detail herein, plaintiff's motion to vacate should be

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 1 of 9

4438697.1

denied in its entirety, and this matter should be transferred to the MDL 875 without further delay.

**PROCEDURAL and FACTUAL BACKGROUND**

3.  Plaintiff Michael Harvey filed his Complaint on or about February 5, 2010, in the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut, wherein he alleges secondary exposure to asbestos when his father allegedly brought home dust on his clothes during his employment with Electric Boat as a lagger from approximately 1958 to 1996.  See Complaint, attached hereto as **Exhibit "A."**  As a result of his alleged exposure to asbestos, plaintiff was allegedly diagnosed with pleural plaques and lung cancer.  See Exhibit A.  While not disclosed in the Complaint, investigation has revealed plaintiff had an extensive smoking history.

4.  On or about March 9, 2010, Electric Boat timely filed its Notice of Removal in the United States District Court for the District of Connecticut, based upon the Federal Officer Statute and Diversity grounds.  See Harvey v. Electric Boat Corp., 10-CV-00355, Docket Sheet, a copy of which is attached hereto as **Exhibit "B"**; and Notice of Removal, a copy of which is attached hereto as **Exhibit "C."**

5.  Electric Boat fully explained in its Removal Papers that it is a government contractor for the United States Navy ("Navy") and that it is engaged in the construction and overhaul of submarines for the Navy.  All construction, overhaul, repair and/or maintenance performed by Electric Boat was performed pursuant to contracts with the Navy and in accordance with precise military specifications dictated by the Navy.  See Exhibit C, ¶¶ 11-29.

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 2 of 9

4438697.1

6. Plaintiff did not oppose Electric Boat's removal of this action to Federal Court. See Exhibit B. Plaintiff's counsel is well-versed in the asbestos litigation and has several cases pending before the MDL. Plaintiff is aware of the MDL and that cases involving asbestos exposure when removed to federal court are transferred to the MDL.

7. On March 2, 2010, plaintiff Michael Harvey passed away. See Plaintiff's Motion to Substitute Party and Amended Complaint, copies of which are attached hereto collectively as **Exhibit "D."**

8. On August 26, 2010, plaintiff filed an Amended Complaint against Electric Boat substituting Diane Antonelli, Mr. Harvey's sister, as plaintiff. See Exhibit B, Docket Entry No. 24; Exhibit D.

9. On September 9, 2010, Electric Boat filed an Answer to plaintiff's Amended Complaint. See Exhibit B, Docket Entry No. 25.

10. While the initial Complaint was filed in February of 2010, a Scheduling Order was not entered until seven (7) months later on September 15, 2010. See Exhibit B, Docket Entry No. 27. Pursuant to the Scheduling Order, discovery is to be completed by August 1, 2011.

11. On March 8, 2011, Electric Boat entered its Notice of Tag Along with the United States Judicial Panel on Multidistrict Litigation.

12. On March 9, 2011, the Panel entered a Conditional Transfer Order ("CTO") in this matter transferring the case to the United States District Court for the Eastern District of Pennsylvania to be coordinated and litigated as part of the MDL 875.

13. On March 16, plaintiff filed a Notice of Opposition to the CTO.

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 3 of 9

4438697.1

14. The briefing schedule entered by the Panel required Plaintiff's Motion to Vacate with Brief in Support due on or before March 31, 2011, with Responses due on or before April 21, 2011. On April 6, 2011, plaintiff belatedly filed a Motion in Opposition.

15. Electric Boat herein timely submits its Response. This matter should be transferred and litigated as part of the MDL 875, without further delay.

## LAW AND ARGUMENT

**I. The MDL 875 was created specifically and intentionally for the litigation of personal injury claims for alleged asbestos exposure - the very type of case at issue herein.**

16. Title 28 U.S.C. § 1407 governs the transfer of cases to the federal MDL 875. The statute provides, in pertinent part:

> (a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. ***Such transfers shall be made by the judicial panel on multidistrict litigation*** authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions**.** Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated. . . (emphasis added).

17. On July 29, 1991, pursuant to the direct authority conferred upon it by the United States Congress, this United States Judicial Panel on Multidistrict Litigation (hereinafter " the Panel") transferred thousands upon thousands of civil actions to the United States District Court for the Eastern District of Pennsylvania to be coordinated or consolidated for pretrial proceedings. See 28 U.S.C. § 1407; In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415 (J.P.M.L. 1991). All of these matters

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 4 of 9

4438697.1

involved questions of fact that were common - alleged asbestos exposures. Since 1991, over 80,000 additional cases have been transferred to the Eastern District of Pennsylvania to be litigated in what is now the MDL 875. All such actions have been assigned to the Honorable Eduardo C. Robreno.

18. The MDL 875 was specifically created to handle and address the type of matter at issue in this case – an alleged personal injury due to alleged asbestos exposure. The matter at issue in the case at bar is an alleged asbestos-related personal injury action against Electric Boat, which is a government contractor for the United States Navy. Electric Boat constructs, maintains, overhauls, and repairs military submarines for the Navy pursuant to specific and precise government contracts.

**II.     Issues related to the government contractor defense are so multifaceted and complex that they are heard by only one judge within the MDL 875.**

19. Within the MDL 875, Judge Robreno reserves issues related to the government contractor defense for himself. In fact, *in three cases currently pending in the MDL 875, all issues related to government contractor defense have been specifically reserved for Judge Robreno*, while argument on other identification issues will be heard by the Magistrate. See Donn v. A.W. Chesterton, et al., EDPA No. 10-CV-62071; McCollum v. Allen-Bradley Co., et al., EDPA No. 10-CV-65924; Lane v. Aldrich Co. Boilers, et al., EDPA No. 10-CV-67423, Order by the Court, Magistrate Hey, March 15, 2011, a copy of which is attached hereto as **Exhibit "E."**

20. The federal officer statute and government contractor defense involve legal issues of such importance that even within the forum created to administer asbestos personal injury actions, such defenses and arguments are heard by only one judge.

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 5 of 9

**4438697.1**

21.  It is evident that this matter should be transferred to the MDL 875. The MDL 875 was created precisely for this type of litigation, and even within the MDL 875, certain defenses, specifically the government contractor defense, are so involved that they are reserved for Judge Robreno.

**III. Transfer to this case to the MDL 875 will promote the just and efficient conduct of such actions.**

22.  The MDL 875 has a distinct and proven pattern of quickly and efficiently resolving cases transferred to its docket. Over the past three years, the MDL 875 has disposed of over 37,400 cases. See United States District Court Eastern District of Pennsylvania, Asbestos Products Liability Litigation: Caseload Statistics, Office of the Clerk of Court, a copy of which is attached hereto as **Exhibit "F."** *Each year more and more cases are transferred to be litigated as part of the MDL 875 Asbestos Products Liability Litigation, yet over recent years more cases have been terminated than transferred*. See Exhibit F. Based upon the plain facts, the MDL 875 is highly efficient in the disposition of such actions as the case at bar.

23.  Under Judge Robreno's guidance, the MDL 875 has instituted and fully integrated a defined and effective set of Case Management principles and procedures. See Asbestos Personal Injury Litigation in the Federal Courts: MDL-875, Eduardo C. Robreno, Presiding Judge, United States District Court for the Eastern District of Pennsylvania, as Amended February 15, 2011, a copy of which is attached hereto as **Exhibit "G."** From 2006 to 2011, these Case Management procedures have effectively reduced the number of cases transferred to the MDL 875 from 123,729 cases to approximately 18,167 currently pending. See Exhibit G, P. 20.

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 6 of 9

4438697.1

24. Quite simply, plaintiff's loose contention that transfer of this matter would delay resolution of the case is completely unfounded. Quite the opposite is true. The transfer should not delay the case progress as the MDL 875 is adept and proficient in addressing discovery in such cases in a uniform and consistent manner. Matters transferred to the MDL 875 are quickly and efficiently litigated.

25. The case at bar should be transferred to the MDL 875 as the MDL 875 was designed to coordinate and litigate the very issues involved herein – 1) the forum was created specifically for asbestos personal injury claims; 2) the forum regularly handles issues related to the federal officer statute and government contractor defense, with all of their inherent complexities and nuances; and 3) the forum is highly efficient in the disposition of its cases.

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 7 of 9

4438697.1

## CONCLUSION

WHEREFORE, DEFENDANT ELECTRIC BOAT CORP. respectfully requests the stay upon the Conditional Transfer Order be lifted and this case be transferred to be coordinated and litigated as part of the MDL 875. The MDL 875 was created specifically to litigate asbestos personal injury matters, and plaintiff herein alleges asbestos-related personal injuries. The MDL 875 regularly addresses the claims and defenses at issue herein and, as such, it is the most just and efficient forum to address, litigate, and dispose of these issues. There is absolutely no reason this matter should not be transferred to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

 /s/ Eric W.F. Niederer
Eric W.F. Niederer, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
Defendant Electric Boat Corp.
1010 Washington Blvd., 8th Fl.
Stamford, CT 06901
Telephone: (203) 388-9100
Facsimile:  (203) 388-9101
Juris No.: CT25773
Our File No.: 07411.00050

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 8 of 9

**4438697.1**

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was filed electronically through the Panel's electronic filing system on April 19, 2011, was thereby served electronically upon the parties listed below and is available for download:

John Geida, Esq.
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340

                                                /s/ Eric W.F. Niederer
                                                  Eric W.F. Niederer

Electric Boat Corp.'s Response to
Plaintiff's Motion to Vacate Conditional Transfer Order
Page 9 of 9

**4438697.1**