
**CT Corporation**

**Service of Process Transmittal**
02/08/2010
CT Log Number 516125337

**TO:** Joseph Chontos
Electric Boat Corporation
75 Eastern Point Road, Dept. 613
Groton, CT 06340-4989

**RE:** **Process Served in Connecticut**

**FOR:** Electric Boat Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Harvey, Pltf. vs. Electric Boat Corp., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/08/2010 at 11:04 |
| **APPEARANCE OR ANSWER DUE:** | 03/02/10 - summons // on or before the second day after the Return Date - file an appearance form |
| **ATTORNEY(S) / SENDER(S):** | John F. Geida, Esq. Embry & Neusner 118 Poquonnock Road Groton, CT 06340 860-449-0341 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/08/2010, Expected Purge Date: 02/13/2010 Telephone, Carol Mclellan , 860-433-8253 Image SOP Email Notification, Carol Mclellan cmclella@ebmail.gdeb.com Email Notification, Kelly A. Lewis klewis2@gdeb.com Email Notification, Joseph Chontos JCHONTOS@EBMAIL.GDEB.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Gary Scappini |
| **ADDRESS:** | One Corporate Center Floor 11 Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Page 1 of 1 / MF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1140

# SUMMONS - CIVIL
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport, CT | (203) 579-6527 | March 2, 2010 |

| [X] Judicial District  [ ] Housing Session | G.A. [ ] Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349): **Bridgeport** | Case type code (See list on page 2) Major: T   Minor: 3/20 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Embry & Neusner, 118 Poquonnock Road, Groton, CT 06340 | 102932 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| (860) 449-0341 | |

| Number of Plaintiffs: / | Number of Defendants: / | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Michael Harvey<br>Address: | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Electric Boat CORP.<br>Address: 75 Eastern Point Road, Groton, CT 06340 | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:<br>Address: | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left: John F. Geida | Date signed: 2/5/10 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

| Signed (Official taking recognizance; "X" proper box) | [ ] Commissioner of the Superior Court  [ ] Assistant Clerk | Date | Docket Number |
|---|---|---|---|

ATTEST A TRUE COPY
JOSEPH L. ANTINERELLA
CT. STATE MARSHAL

(Page 1 of 2)

RETURN DATE: March 9, 2010

| | |
|---|---|
| MICHAEL HARVEY,<br>    Plaintiff, | SUPERIOR COURT |
| | J.D. OF FAIRFILED |
| V | AT BRIDGEPORT |
| ELECTRIC BOAT CORP.,<br>    Defendant. | |

## CLAIM ON BEHALF OF MICHAEL HARVEY

### FIRST COUNT BASED ON
### NEGLIGENCE AND PRODUCTS AND PREMISES LIABILITY

1. The plaintiff, MICHAEL HARVEY, (DOB 8/24/62) is the son Gordon Harvey, (DOB 11/1/28), who was employed by General Dynamics / Electric Boat Corp., Groton, CT ("Electric Boat") from on or about 5/29/1958 to 1996, as a lagger.

2. The duties of a lagger included working in areas where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and were exposed to asbestos fibers and materials. The elder Mr. Harvey is an asbestos-related injury victim.

3. The elder Mr. Harvey was exposed to asbestos causing his clothes and body to become contaminated with asbestos-containing materials. The Plaintiff was exposed to said asbestos as a result of the asbestos dust, fibers and particles which were brought home on his father's clothes and his person.

4. The plaintiff, MICHAEL HARVEY, has been diagnosed with multiple bilateral calcified pleural plaques consistent with significant asbestos exposure.

5. Additionally, plaintiff, MICHAEL HARVEY was recently diagnosed with small cell lung cancer.

6. Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, is a corporation with its principal place of business at 75 Eastern Point Road, Groton, CT 06340. Its agent for service is: CT

1

 

Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103-3220.

7. Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, constructed, designed, assembled, installed, tested and / or sold various asbestos products, and/or products that contained asbestos. During the relevant periods of time, the defendant corporation was doing business in the State of Connecticut.

8. While the elder Mr. Harvey worked at General Dynamics, he was exposed to asbestos containing products and came in contact with asbestos fibers and dust coming from said asbestos containing products. As a result, the elder Mr. Harvey brought home asbestos fibers and dust on his person and his clothing, whereby the PLAINTIFF MICHAEL HARVEY was exposed to and inhaled the asbestos, causing his injuries.

9. As a result of the acts of the defendant and the elder Mr. Harvey's exposure to asbestos and asbestos-containing products manufactured and/or sold by defendant, the PLAINTIFF, MICHAEL HARVEY, was diagnosed as having an asbestos-related disease consisting of calcified pleural plaques and lung cancer. PLAINTIFF MICHAEL HARVEY has been treating for this disease.

10. The illness of the PLAINTIFF, MICHAEL HARVEY, is the proximate result of the negligence, recklessness and willfulness of the defendant in that it manufactured, assembled, installed and otherwise put into the stream of interstate commerce, asbestos and asbestos related insulation materials and other asbestos-containing products which the defendant knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the PLAINTIFF'S body, lungs, respiratory system, skin and health. At all times said asbestos and asbestos-related products were so intrinsically dangerous so as to necessarily expose users of the materials and the users' families to probable injury and were ultra hazardous.

11. The illness of the PLAINTIFF MICHAEL HARVEY is the direct and proximate result of the negligence, recklessness and willfulness of the defendant in that, even though the defendant knew, or, in the exercise of ordinary care, should have known, that asbestos and asbestos-containing products were deleterious, poisonous and highly harmful to the decedent's body, lungs, respiratory system, skin and health, the defendant nonetheless:

a. Failed to advise the elder Mr. Harvey of the dangerous characteristics of its asbestos, asbestos related insulation products and other asbestos-containing products;

EMBRY AND NEUSNER
P.O. BOX 1409  118 POQUONNOCK RD.  GROTON, CT 06340-1409  (860) 449-0341  JURIS NUMBER 102932

b. Failed or omitted to provide the elder Mr. Harvey, or the PLAINTIFF, with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances if, in truth, it was, in any way, able to protect him from poisoning and disabling the PLAINTIFF, as he was by exposure to such deleterious and harmful asbestos related insulation materials and other asbestos-containing products;

c. Failed and omitted to place any warnings or sufficient warnings on its asbestos, asbestos insulation materials and asbestos-containing products to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos insulation materials and other asbestos-containing products and failed to warn the elder Mr. Harvey, or the PLAINTIFF, of the risks and damages he was exposed to as a result of asbestos on the clothes, body, and person of the elder Mr. Harvey;

d. Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos insulation materials and other asbestos-containing products;

e. Inadequately warned, if, in fact, it warned at all, persons such as the elder Mr. Harvey, or the PLAINTIFF, of the dangers to their health from coming in contact with asbestos, asbestos insulation, and asbestos-containing products, and breathing said asbestos, including the special dangers of asbestos exposure to cigarette smokers;

f. Did not undertake methods to improve the work environment and to prevent exposure to asbestos;

g. Failed to properly test and investigate the safety of the asbestos the defendant was manufacturing, assembling and installing or to develop alternative products;

h. Failed to provide adequate safety instruction for persons who would reasonably and foreseeably come into contact with its products so the products could be used with safety and to advise them of ways to avoid exposing their families to the risks and dangers of asbestos;

i. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those using or being exposed to asbestos products;

3

j.  Failed to eliminate or reduce the amount of asbestos contained in its products;

k.  Continued to use a known cancer-causing product, to-wit: asbestos.

12. The defendant intentionally misrepresented that its asbestos products were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused decedent injuries as stated herein.

13. The defendant, as part of its business, manufactured, sold and delivered its asbestos-containing products into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the PLAINTIFF, without substantial change in the condition in which they were sold.

14. At all relevant times, the insulating and / or asbestos products were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the defendant.

15. The defendant expressly or impliedly warranted that said asbestos was of merchantable quality, fit and safe for the purpose for which it was manufactured, assembled, installed, sold or used.

16. The defendant breached the said warranties in that its asbestos and asbestos-containing products were not fit nor safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products, or those that were exposed to the dust coming from such products.

17. The defendant became aware of the dangers of breathing asbestos before the PLAINTIFF and the elder Mr. Harvey was exposed to defendant's asbestos products, but it intentionally and fraudulently concealed the danger from the elder Mr. Harvey, the PLAINTIFF, and the public, or conspired to do the same and intentionally misrepresented the information it caused to be published concerning the dangers of asbestos.

18. The defendant was aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing

4

products were hazardous to the health and safety of the elder Mr. Harvey, the PLAINTIFF, and other human beings.

19. The defendant, at all relevant times, consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's.

20. It was the continuing duty of the defendant to advise and warn purchasers and users, prior purchasers and prior users, and their family members of all dangers, characteristics and defects discovered subsequent to its initial marketing or sale of its asbestos and asbestos-containing products, which duty the defendant breached.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES ON BEHALF OF MICHAEL HARVEY

21. Paragraphs 1 through 20 are hereby repeated and realleged as if fully set forth.

22. The injuries and damages were caused by the defendant in that its actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the defendant knew or should have known would result.

23. The defendant, after it learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the elder Mr. Harvey or the PLAINTIFF, of the dangers of their prior exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

24. The defendant, after it learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the PLAINTIFF, the elder Mr. Harvey, and the family from the known dangers of asbestos.

Dated: 2/5/10  
Groton, CT

By: _____  
John F. Geida, Esq.  
Embry & Neusner  
118 Poquonnock Road  
P.O. Box 1409  
Groton, CT 06340  
860-449-0341  
jgeida@embryneusner.com

ATTEST:  
A TRUE COPY  
JOSEPH L. ANTINERELLA  
CT. STATE MARSHAL

5

Wherefore the plaintiffs claim against the defendant:

1. Money damages.

2. The amount in demand is greater than $15,000.00.

3. Punitive and exemplary damages.

4. Trial by Jury

5. Such other relief as the court may deem just and proper.

Dated at Groton this 5th day of February, 2010.

By: _____
John F. Geida, Esq.
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT  06340
860-449-0341
jgeida@embryneusner.com

ATTEST:
A TRUE COPY
JOSEPH L. ANTINERELLA
CT. STATE MARSHAL